---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS ONE HUNDRED FIFTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, SARAH DECKER, AT (214) 746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                    Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED FIFTIETH**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

        **PLEASE TAKE NOTICE** that on June 7, 2011, Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred fiftieth omnibus objection to

claims (the "Debtors' One Hundred Fiftieth Omnibus Objection to Claims"), and that a hearing

US_ACTIVE:\43721768\01\58399.0008

(the "Hearing") to consider the Debtors' One Hundred Fiftieth Omnibus Objection to Claims

will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **July 21, 2011 at 10:00 a.m. (Eastern

Time),** or as soon thereafter as counsel may be heard.

> **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Fiftieth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **July 7, 2011 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

                **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' One Hundred Fiftieth Omnibus Objection to Claims or any

claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' One Hundred Fiftieth Omnibus Objection to Claims, which order may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: June 7, 2011
       New York, New York

                                   /s/ Robert J. Lemons
                                   Robert J. Lemons

                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153
                                   Telephone: (212) 310-8000
                                   Facsimile: (212) 310-8007

                                   Attorneys for Debtors
                                   and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

### DEBTORS' ONE HUNDRED FIFTIETH OMNIBUS
### OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING
THIS ONE HUNDRED FIFTIETH OMNIBUS OBJECTION TO
CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE
IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE
OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED
THERETO TO DETERMINE WHETHER THIS OBJECTION
AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, SARAH DECKER, AT (214) 746-7700.**

---

US_ACTIVE:\43721768\01\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## Relief Requested

1.      The Debtors file this one hundred fiftieth omnibus objection to

claims (the "One Hundred Fiftieth Omnibus Objection to Claims"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and

expungement of the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed under the heading "*Claims*

*to be Disallowed and Expunged"* (collectively, the "Duplicative Claims") are duplicative,

either entirely or in substance, of the corresponding claims identified under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims").  The Debtors seek the

disallowance and expungement from the Court's claims register of the Duplicative

Claims and preservation of the Debtors' right to later object to any Surviving Claim on

any basis.

3.      This One Hundred Fiftieth Omnibus Objection to Claims does not

affect any of the Surviving Claims and does not constitute any admission or finding with

respect to any of the Surviving Claims.  Further, the Debtors reserve all their rights to

object on any basis to any Duplicative Claim as to which the Court does not grant the

relief requested herein.

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.      Commencing on September 15, 2008, and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2

(the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas

as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order,

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

appointment of the Examiner.  The Examiner has filed his report pursuant to section

1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Duplicative Claims Should Be Disallowed and Expunged**

9.      In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as Duplicative Claims that are either exact duplicates or are in substance duplicates of the corresponding Surviving Claims.  Specifically, the Duplicative Claims were filed by the same claimants against the same Debtors, in most instances for the same dollar amounts, and on account of the same obligations as the corresponding Surviving Claims.

10.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Accordingly, courts in the Southern District of New York

routinely disallow and expunge duplicative claims filed by the same creditor against the

same debtors.  *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL

3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best

Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y.

Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*,

148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

12.     The Debtors cannot be required to pay on the same claim more

than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson,

& Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries

for an identical injury are generally disallowed.").  Elimination of redundant claims will

also enable the Debtors to maintain a claims register that more accurately reflects the

proper claims existing against the Debtors.

13.     Accordingly, to avoid the possibility of a creditor receiving

duplicative or multiple recoveries on its claim, the Debtors request that the Court

disallow and expunge in their entirety the Duplicative Claims listed on <u>Exhibit A</u>.[1]  The

Surviving Claims will remain on the claims register subject to further objections on any

basis.

**Notice**

14.     No trustee has been appointed in these chapter 11 cases.  The

Debtors have served notice of this One Hundred Fiftieth Omnibus Objection to Claims on

(i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities

---

[1]   Where a creditor has filed different documentation in support of the Duplicative Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit A</u>;

and (vii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no

other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just.

Dated: June 7, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 150: EXHIBIT A – DUPLICATIVE CLAIMS**

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | CLARK, MONICA DIAZ 941 ORANGE AVE - 403 CORONADO, CA 92118 | 11/20/2009 | 08-13555 (JMP) | 65637 | $100,000.00 | DIAZ CLARK, MONICA 941 ORANGE AVE # 403 CORONADO, CA 92118 | 10/27/2009 | 08-13555 (JMP) | 49486 | $100,000.00 |
| 2 | FREIGE, OUSSAMA & ADELINE ATALLAH FREIJ BUILDING, JAFETH STREET HAMRA 3RD FLOOR BEIRUT, LEBANON | 11/02/2009 | 08-13555 (JMP) | 62886 | $10,766.10 | FREIGE, OUSSAMA AND ADELINE ATALLAH FREIJ BUILDING JAFETH STREET HAMRA 3RD FLOOR BEIRUT, LEBANON | 10/22/2009 | 08-13555 (JMP) | 44250 | $10,766.10 |
| 3 | OLIVE TREE HOLDINGS, LLC 45 BROADWAY, 25TH FLOOR NEW YORK, NY 10006 | 09/18/2009 | 08-13555 (JMP) | 18284 | Undetermined | OLIVE TREE HOLDINGS, LLC 45 BROADWAY, 25TH FLOOR NEW YORK, NY 10006 | 09/18/2009 | 08-13555 (JMP) | 16334 | Undetermined |
| 4 | OLIVE TREE HOLDINGS, LLC 45 BROADWAY, 25TH FLOOR NEW YORK, NY 10006 | 09/18/2009 | 08-13555 (JMP) | 18608 | Undetermined | OLIVE TREE HOLDINGS, LLC 45 BROADWAY, 25TH FLOOR NEW YORK, NY 10006 | 09/18/2009 | 08-13555 (JMP) | 18270 | Undetermined |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 4

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 150: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 5 | PIMCO JAPAN LOW DURATION ALPHA FUND REGATTA OFFICE PARK WINDWARD 1, FIRST FLOOR P.O. BOX 31371 , KY1-1206 CAYMAN ISLANDS | 09/22/2009 | 08-13555 (JMP) | 31762 | $487,972.83 | PIMCO JAPAN LOW DURATION ALPHA FUND REGATTA OFFICE PARK WINDWARD 1, FIRST FLOOR P.O. BOX 31371 , KY1-1206 CAYMAN ISLANDS | 09/22/2009 | 08-13555 (JMP) | 32445 | $487,972.83 |
| 6 | RACE, ERIC C/O STEVEN EICHEL CROWELL & MORING LLP 590 MADISON AVENUE, 20TH FLOOR NEW YORK, NY 10022 | 09/22/2009 | 08-13555 (JMP) | 27327 | $52,575.00* | RACE, ERIC C/O STEVEN EICHEL CROWELL & MORING LLP 590 MADISON AVENUE, 20TH FLOOR NEW YORK, NY 10022 | 09/18/2009 | 08-13555 (JMP) | 17254 | $52,575.00* |
| 7 | RAIFFEISEN BANK RT ATTN: ZSUZSANNA VARGE BIRONE RAIFFEISEN BANK ZRT 6 AKADEMIA U BUDAPEST, 1054 HUNGARY | 09/15/2009 | 08-13888 (JMP) | 13033 | $1,396,952.00 | RAIFFEISEN BANK RT ATTN: MRS ZSUZSANNA VARGE BIRONE RAIFFEISEN BANK ZRT 6 AKADEMIA U BUDAPEST, 1054 HUNGARY | 09/15/2009 | 08-13888 (JMP) | 13017 | $1,396,952.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

### IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 150: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 8 | RAIFFEISEN BANK RT ATTN: MRS ZSUZSANNA VARGE BIRONE RAIFFEISEN BANK ZRT 6 AKADEMIA U BUDAPEST, 1054 HUNGARY | 09/15/2009 | 08-13888 (JMP) | 13110 | $1,396,952.00 | RAIFFEISEN BANK RT ATTN: MRS ZSUZSANNA VARGE BIRONE RAIFFEISEN BANK ZRT 6 AKADEMIA U BUDAPEST, 1054 HUNGARY | 09/15/2009 | 08-13888 (JMP) | 13017 | $1,396,952.00 |
| 9 | SINGAPORE AIRLINES LIMITED C/O J. MONAGHAN, ESQ. HOLLAND & KNIGHT LLP 10 ST. JAMES AVENUE BOSTON, MA 02116 | 09/21/2009 | 08-13555 (JMP) | 24145 | $23,045,516.90 | SINGAPORE AIRLINES LIMITED C/O JOHN J. MONAGHAN, ESQ. HOLLAND & KNIGHT LLP 10 ST. JAMES AVENUE BOSTON, MA 02116 | 12/04/2008 | 08-13555 (JMP) | 1207 | $23,045,516.90 |
| 10 | SORRENTINO, RENE KLOSTERDAMM 73 DELMENHORST, 27749 GERMANY | 11/02/2009 | 08-13555 (JMP) | 61240 | $106,507.50 | SOMENTINO, RENE KLOSTERDAMM 73 DELMENHORST, 27749 GERMANY | 10/28/2009 | 08-13555 (JMP) | 50745 | $106,507.50 |
| 11 | TALBOT FAMILY LIMITED PARTNERSHIP 15 CATHEDRAL AVENUE GARDEN CITY, NY 11530 | 09/17/2009 | 08-13555 (JMP) | 15215 | Undetermined | TALBOT FAMILY LIMITED PARTNERSHIP 15 CATHEDRAL AVENUE GARDEN CITY, NY 11530 | 09/17/2009 | 08-13555 (JMP) | 15214 | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 150: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 12 | TONG WING YIU ROOM 1204, SHING WING HOUSE, YUE SHING COURT SHATIN NEW TERRITORIES, HONG KONG | 10/30/2009 | 08-13555 (JMP) | 60797 | $100,000.00* | TONG WING YIU ROOM 1204, SHING WING HOUSE, YUE SHING COURT SHATIN NEW TERRITORIES, HONG KONG | 10/30/2009 | 08-13555 (JMP) | 57195 | $100,000.00* |
| 13 | WELLS FARGO BANK, NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY IN ITS CAPACITY AS TRUSTEE OF THE STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-11 C/O MARY SOHLBERG MAC N9311-161 MINNEAPOLIS, MN 55479 | 09/21/2009 | 09-10558 (JMP) | 24804 | Undetermined | WELLS FARGO BANK, NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY IN ITS CAPACITY AS TRUSTEE OF THE STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-11 C/O MARY SOHLBERG MAC N9311-161 MINNEAPOLIS, MN 55479 | 09/21/2009 | 09-10558 (JMP) | 24817 | Undetermined |

TOTAL        $26,697,242.33

* - Indicates claim contains unliquidated and/or undetermined amounts

Page 4 of 4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :        **08-13555 (JMP)**
                                                               :
                        Debtors.                  :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED FIFTIETH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the one hundred fiftieth omnibus objection to claims, dated June 7, 2011

(the "One Hundred Fiftieth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative

Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims,

either exactly or in substance, all as more fully described in the One Hundred Fiftieth Omnibus

Objection to Claims; and due and proper notice of the One Hundred Fiftieth Omnibus Objection

to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on

Exhibit A attached to the One Hundred Fiftieth Omnibus Objection to Claims; and (vii) all other

parties entitled to notice in accordance with the procedures set forth in the second amended order

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Fiftieth Omnibus Objection to Claims.

entered on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and

the Court having found and determined that the relief sought in the One Hundred Fiftieth

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the One Hundred Fiftieth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Fiftieth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Debtors' right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative Claims, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the corresponding Surviving Claims; and it is further

US_ACTIVE:\43721739\01\58399.0008                    2

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the One Hundred Fiftieth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE