THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                          :     Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :     08-13555 (JMP)
                                               :
                         Debtors.              :     (Jointly Administered)
----------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED FORTY-EIGHTH OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

PLEASE TAKE NOTICE that on June 7, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred forty-eighth omnibus objection to claims (the "Debtors' One Hundred Forty-Eighth Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Debtors' One Hundred Forty-Eighth Omnibus Objection

to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **July 21, 2011 at 10:00 a.m. (Eastern**

**Time)**, or as soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Forty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **July 7, 2011 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

                **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' One Hundred Forty-Eighth Omnibus Objection to Claims or

any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' One Hundred Forty-Eighth Omnibus Objection to Claims, which order may be entered

with no further notice or opportunity to be heard offered to any party.

Dated: June 7, 2011
      New York, New York

                                /s/ Robert J. Lemons
                                Robert J. Lemons

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Debtors
                                and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED FORTY-EIGHTH OMNIBUS OBJECTION**
**TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING
THIS NOTICE OF ONE HUNDRED FORTY-EIGHTH OMNIBUS
OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS
OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE
EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### Relief Requested

1.      The Debtors file this one hundred forty-eighth omnibus objection

to claims (the "One Hundred Forty-Eighth Omnibus Objection to Claims"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed under the heading "*Claims

to be Disallowed and Expunged*" (collectively, the "Duplicative of Indenture Trustee

Claims") are substantively duplicative, in whole or in part, of the corresponding global

claims identified under the heading "*Surviving Claims*" (the "Indenture Trustee Claims").

The Indenture Trustee Claims are proofs of claim asserting general unsecured claims

filed by (i) the Wilmington Trust Company ("Wilmington Trust"), in its capacity as

indenture trustee, on behalf of itself and the holders of certain notes (the "Senior Notes")

issued pursuant to the Wilmington Indenture (as defined below), (ii) the Bank of New

York Mellon (the "Bank of New York"), in its capacity as indenture trustee, on behalf of

itself and the holders of certain notes (the "Notes") issued pursuant to the Bank of New

York Indenture (as defined below), and (iii) U.S. Bank National Association ("U.S.

Bank"), in its capacity as indenture trustee, on behalf of itself and the holders of certain

debentures (the "Debentures") issued pursuant to the U.S. Bank Indenture (as defined

below).  To the extent that the Duplicative of Indenture Trustee Claims relate to the

Senior Notes, the Notes issued under the Bank of New York Indenture, and/or the

Debentures, the Debtors seek the disallowance and expungement from the Court's claims

register of the Duplicative of Indenture Trustee Claims and preservation of the Debtors'

right to later object to the Indenture Trustee Claims on any basis.

        3.      This One Hundred Forty-Eighth Omnibus Objection to Claims

does not affect the Indenture Trustee Claims and does not constitute any admission or

finding with respect to the Indenture Trustee Claims.  Further, the Debtors reserve all

their rights to object on any basis to any Duplicative of Indenture Trustee Claim as to

which the Court does not grant the relief requested herein.

**Jurisdiction**

        4.      This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

        5.      Commencing on September 15, 2008, and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order specifically provides for the indenture trustees of certain securities, such as Wilmington Trust, the Bank of New York, and U.S. Bank, to file a global proof of claim on behalf of the individual holders of those securities.  (*See* Bar Date Order at 3-4.)

9.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## The Indenture Trustee Claims

10.     LBHI (formerly known as Shearson Lehman Brothers Holdings

Inc.) and Wilmington Trust, as successor trustee to Citibank, N.A., entered into an

indenture on September 1, 1987 (the "Wilmington Indenture").  The terms of the

Wilmington Indenture authorize the indenture trustee to file a proof of claim on behalf of

all holders of securities issued under the Wilmington Indenture.  (*See* Wilmington

Indenture attached to Claim No. 10082 as Ex. F.)

11.     On September 2, 2009, Wilmington Trust filed a proof of claim

(Claim No. 10082) on behalf of itself and the holders of the Senior Notes issued under

the Wilmington Indenture.

12.     LBHI and Bank of New York, as successor trustee to Chemical

Bank, entered into an indenture on February 1, 1996 (the "Bank of New York

Indenture").  The terms of the Bank of New York Indenture authorize the indenture

trustee to file a proof of claim on behalf of all holders of securities issued under the Bank

of New York Indenture.  (*See* Bank of New York Indenture attached to Claim No. 22122

as Ex. A.)

13.     On September 21, 2009, the Bank of New York filed proofs of

claim (Claim Nos. 21797, 21798, 21799, 21800, 21801, 21802, 21803, 21805, 22122,

and 22123) on behalf of itself and the holders of the Notes issued under the Bank of New

York Indenture.

14.     LBHI and U.S. Bank, as successor trustee to Chemical Bank,

entered into an indenture on February 1, 1996 (the "U.S. Bank Indenture").  The terms of

the U.S. Bank Indenture authorize the indenture trustee to file a proof of claim on behalf

of all holders of the Debentures issued under the U.S. Bank Indenture.  (*See* U.S. Bank

Indenture § 504, excerpt attached hereto as Exhibit B.)

15.     On September 22, 2009, U.S. Bank filed proofs of claim (Claim

Nos. 30871 and 31038) on behalf of itself and the holders of the Debentures issued under

the U.S. Bank Indenture.

## The Duplicative of Indenture Trustee Claims Should Be Disallowed and Expunged

16.     In their review of the claims filed on the claims register in these

cases and maintained by the Court-appointed claims agent, the Debtors have identified

the Duplicative of Indenture Trustee Claims on <u>Exhibit A</u> as substantively duplicative of

the Indenture Trustee Claims.  Each Duplicative of Indenture Trustee Claim was filed by

an individual claimant/noteholder and asserts a general unsecured, secured,

administrative expense, and/or priority claim relating, in whole or in part, to the Senior

Notes, the Notes, and/or the Debentures.  The Indenture Trustee Claims are general

unsecured claims filed by Wilmington Trust, the Bank of New York, and/or U.S. Bank as

indenture trustees, on behalf of the individual claimants/noteholders on account of the

securities issued under the Wilmington Indenture, the Bank of New York Indenture,

and/or the U.S. Bank Indenture.  Thus, each Duplicative of Indenture Trustee Claim

seeks to recover, in whole or in part, for the same alleged obligation and on behalf of the

same individuals as the respective Indenture Trustee Claims.

17.     A filed proof of claim is "deemed allowed, unless a party in

interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the

claim's essential allegations is asserted, the claimant has the burden to demonstrate the

validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009);

*In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

18.    Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor.  *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

19.    The Debtors cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

20.    The Duplicative of Indenture Trustee Claims should be disallowed as substantively duplicative, in whole or in part, of the Indenture Trustee Claims. Wilmington Trust, the Bank of New York, and/or U.S. Bank were the proper parties to file claims on behalf of the individual claimants/noteholders.  The terms of the Wilmington Indenture, the Bank of New York Indenture, and the U.S. Bank Indenture provide for the respective trustee filing a proof of claim on behalf of all holders of the securities issued under the Wilmington Indenture, the Bank of New York Indenture, and

the U.S. Bank Indenture.  (*See* Wilmington Indenture § 504; Bank of New York

Indenture § 504; U.S. Bank Indenture § 504.)  Moreover, the Bar Date Order specifically

states that any holder of a security listed on the Master List of Securities, which includes

the Senior Notes, the Notes, and the Debentures, need not file a proof of claim "due to the

fact that the indenture trustee for such securities will file a global proof of claim on behalf

of all holders of securities issued thereunder; []Wilmington Trust Company, US Bank

National Association, and the indenture trustee for each of the other securities included

on the Master List of Securities, each will file a global proof(s) of claim on behalf of all

holders of securities for which it is identified as Indenture Trustee on the Master List of

Securities[]. . . ."  (*See* Bar Date Order at 3-4.)  Finally, the Bankruptcy Rules provide

that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders

of securities issued pursuant to the trust instrument under which it is the trustee."  *See*

Fed. R. Bank. P. 3003(c)(5).

21.    Accordingly, to avoid the possibility of a creditor receiving

duplicative or multiple recoveries on its claim, the Debtors request that the Court

disallow and expunge the Duplicative of Indenture Trustee Claims listed on <u>Exhibit A</u> to

the extent set forth therein.  The Indenture Trustee Claims will remain on the claims

register subject to further objections on any basis.

<u>**Notice**</u>

22.    No trustee has been appointed in these chapter 11 cases.  The

Debtors have served notice of this One Hundred Forty-Eighth Omnibus Objection to

Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) each claimant listed on

Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures

set forth in the second amended order entered on June 17, 2010, governing case

management and administrative procedures for these cases [Docket No. 9635].  The

Debtors submit that no other or further notice need be provided.

23.    No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just.

Dated:  June 7, 2011
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 1 | ACOSTA, FRANK L. 2120 PARK CREEK LN UKIAH, CA 95482-9364 | 07/31/2009 | | 6812 | $53,222.00 | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22122 | $311,742,937.05 | Duplicative of Indenture Trustee Claim |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43* | |
| | | | | | | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22123 | $416,013,746.69 | |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED** | | | | | **SURVIVING CLAIMS** | | | | | |
| 2 | AHLI UNITED BANK B.S.C. P.O. BOX 2424 (BLDG. 2495) ROAD 2832 / AL SEEF DISTRICT 428 MANAMA, BAHRAIN | 12/08/2008 | 08-13555 (JMP) | 67439[1] | $15,102,042.62* | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

---

[1] Claim 67439 is being expunged solely with respect to its asserted claim totaling $15,102,042.62 for securities with CUSIP No. 52517PG21. The portion of Claim 67439 that is asserting a claim of 7,000,000 Euros for securities with ISIN No. XS0272543900 and a claim of 42,633,038 Euros for securities with ISIN No. XS0282937985 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to those portions of Claim 67439 in the future.

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 3 CEBFT RUSSELL FIXED INCOME II FUND C/O ELLIOT COHEN RUSSELL INVESTMENTS 1301 SECOND AVENUE, 18TH FLOOR SEATTLE, WA 98101 | 09/22/2009 | 08-13555 (JMP) | 33011 | $1,224,245.70 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| | | | | | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: PAMELA WIEDER, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 30871 | Undetermined | |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS**

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 4 | CROCKETT, CLYDE & DARLEE J. TTEE CROCKETT CHRTBLE RMDR UNITRUST U/A 6/27/94 FBO CAL WESTERN LAW SCHOOL 7981 PROSPECT PL LA JOLLA, CA 92037 | 08/10/2009 | | 7925 | $10,000.00 | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22122 | $311,742,937.05 | Duplicative of Indenture Trustee Claim |
| 5 | DANIELSON, PAUL T REVOCABLE LIVING TRUST 1903 N VILLAGE AVE TAMPA, FL 33612-3946 | 07/21/2009 | 08-13555 (JMP) | 5807 | $5,000.00 | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22122 | $311,742,937.05 | Duplicative of Indenture Trustee Claim |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS**

| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED** | | | | | **SURVIVING CLAIMS** | | | | | |
| 6 | DUNN, BOBBY J. 604 PALO ALTO LN CEDAR PARK, TX 78613 | 02/09/2009 | 08-13555 (JMP) | 2668 | $7,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 7 | GASTON, GARY 1919 MARSH COVE BILOXI, MS 39532 | 04/27/2009 | 08-13555 (JMP) | 3977 | $60,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | NAME | CLAIMS TO BE DISALLOWED | | | | NAME | SURVIVING CLAIMS | | | | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | |
| 8 | HSU HWEY YUN NO.3-3, ALLEY 20, LANE 125, SEC 2 FUSING S. ROAD DA-AN DISTRICT TAIPEI 106, TAIWAN, PROVINCE OF CHINA | 12/10/2008 | 08-13555 (JMP) | 1274 | $200,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 9 | JAMES E. HUTTO IRA JESSE MOORE, HUNTON & WILLIAMS LLP 1445 ROSS AVE STE 3700 DALLAS, TX 75202-2799 | 06/23/2009 | 08-13555 (JMP) | 4945 | $45,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 10 | KETCHAM, THOMAS G. (IRA) JOHN F. KETCHAM TRUST 13608 AVISTA DR. TAMPA, FL 33624 | 08/11/2009 | | 8021 | $17,505.00 | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22123 | $416,013,746.69 | Duplicative of Indenture Trustee Claim |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43* | |
| 11 | KULISH, DWAYNE 156 IVY ST KEARNY, NJ 07032 | 01/14/2009 | | 1717 | $4,600.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 12 | LEBER, LORRAINE 2745 E. DEL MAR BLVD. PASADENA, CA 91107 | 09/14/2009 | 08-13555 (JMP) | 12210 | $31,610.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 13 | REVELOTIS, DENNIS CHARLES 66 FULLER POND RD MIDDLETON, MA 01949 | 02/02/2009 | 08-13555 (JMP) | 2511 | $4,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 14 | RIC RUSSELL STRATEGIC BOND FUND C/O ELLIOT COHEN RUSSELL INVESTMENTS 1301 SECOND AVENUE, 18TH FLOOR SEATTLE, WA 98101 | 09/22/2009 | 08-13555 (JMP) | 43335[2] | $21,905,047.72 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 15 | SCHMIDT, JOSEPH W & BEATRICE 810 W. 12TH STREET RENO, NV 89503 | 08/25/2009 | | 9395 | $24,549.82 | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22123 | $416,013,746.69 | Duplicative of Indenture Trustee Claim |

---

[2] Claim 43335 is being expunged solely with respect to its asserted claim totaling $21,730,185.72 for the securities with CUSIP Nos. 5252M0FD4, 52517PSC6, 52517P5Y3, 5252M0FD4, 52517PXU0, 52517PN98, 52517PL33, 52517PK83, 52517PK67, 52517PG21, 52517P5X5, 52517P2K6. The portion of Claim 43335 that is asserting a claim of $174,862 for securities with ISIN No. XS0326006540 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 43335 in the future.

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED** | | | | | **SURVIVING CLAIMS** | | | | | |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43* | |
| 16 | SCHMIDT, JOSEPH W & BEATRICE 810 W. 12TH STREET RENO, NV 89503 | 08/25/2009 | | 9396 | $25,244.03 | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22123 | $416,013,746.69 | Duplicative of Indenture Trustee Claim |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43* | |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 17 | SE INDIAN SHRINE CLUB 503 S. HIGH STREET RISING SUN, IN 47040-1124 | 02/26/2009 | 08-13555 (JMP) | 3043 | $30,035.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 18 | TASHLIK, THEODORE WM IRA CUSTODIAN 9 OVERLOOK CIR MANHASSET, NY 11030-3933 | 10/15/2009 | 08-13555 (JMP) | 40345[3] | $1,100,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

---

[3] Claim 40345 is being expunged solely with respect to its asserted claim totaling $100,000 for securities with CUSIP No. 52517P7H8. The portion of Claim 40345 that is asserting a claim of $1,000,000 related to Libertyview Special Opportunities Fund LTD Class B (Product Reference: 9N454670/USD) is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to those portions of Claim 40345 in the future.

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 148: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 19 | TELLING, DR. FRED W 2068 COUNTRY CLUB DRIVE PORT ORANGE, FL 32128 | 04/27/2009 | 08-13555 (JMP) | 3962[4] | $989,273.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| | | | | TOTAL | $40,838,374.89 | | | | | | |

[4] Claim 3962 is being expunged solely with respect to its asserted claim totaling $792,512.85 for securities with CUSIP Nos. 524908K25, 52517P2E0, and 5252M0DH7.  The portion of Claim 3962 that is asserting a claim of $196,760.15 for securities identified as "Lehman Brothers Holding, Inc. call Warrants on Millennium Fund Due 8/3/2012" is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to those portions of Claim 3962 in the future.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
In re                                                             :          **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :          **08-13555 (JMP)**
                                                                  :
                                         **Debtors.**     :          **(Jointly Administered)**
---------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED FORTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the one hundred forty-eighth omnibus objection to claims, dated June 7,

2011 (the "One Hundred Forty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative of

Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the

corresponding Indenture Trustee Claims, all as more fully described in the One Hundred Forty-

Eighth Omnibus Objection to Claims; and due and proper notice of the One Hundred Forty-

Eighth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) the claimants listed on Exhibit A attached to the One Hundred Forty-Eighth Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Forty-Eighth Omnibus Objection to Claims.

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Forty-Eighth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Forty-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Forty-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative of Indenture Trustee Claims") are disallowed and expunged in with prejudice as set forth therein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Indenture Trustee Claims") will remain on the claims register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to the Indenture Trustee Claims, and the Debtors' rights to object to the Indenture Trustee Claims on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the One Hundred

Forty-Eighth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and

Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Indenture Trustee Claims;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE