HEARING DATE AND TIME: July 21, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 7, 2011 at 4:00 p.m. (Eastern Time)

> **THE DEBTORS' ONE HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                        :    08-13555 (JMP)
                                                                   :
                     Debtors.                                      :    (Jointly Administered)
-------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'
ONE HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO
CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

**PLEASE TAKE NOTICE** that on June 7, 2011, Lehman Brothers Holdings Inc.

("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in

possession (collectively, the "Debtors"), filed their one hundred forty-ninth omnibus objection to

US_ACTIVE:\43721860\02\58399.0008

claims (the "Debtors' One Hundred Forty-Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Forty-Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 21, 2011 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Forty-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and

Evan Fleck, Esq.); so as to be so filed and received by no later than **July 7, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Forty-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Forty-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 7, 2011
      New York, New York

                  /s/ Robert J. Lemons
                  Robert J. Lemons

                  WEIL, GOTSHAL & MANGES LLP
                  767 Fifth Avenue
                  New York, New York 10153
                  Telephone: (212) 310-8000
                  Facsimile: (212) 310-8007

                  Attorneys for Debtors
                  and Debtors in Possession

HEARING DATE AND TIME: July 21, 2011 at 10:00 a.m. (Eastern Time)
**RESPONSE DEADLINE: July 7, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,         : 08-13555 (JMP)
                                                     :
                              Debtors.               : (Jointly Administered)
---------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED FORTY-NINTH OMNIBUS OBJECTION
TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY AS EQUITY CERTAIN
FILED PROOFS OF CLAIM. PARTIES RECEIVING
THIS ONE HUNDRED FORTY-NINTH OMNIBUS
OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS
OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN
THE EXHIBIT ATTACHED THERETO TO DETERMINE
WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. Each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "Stock Claims") was filed as a general unsecured, secured, priority, or administrative expense claim pursuant to section 507(a) of title 11 of the United States Code (the "Bankruptcy Code") based, in whole or in part, on the ownership of preferred stock, common stock, or other equity interest (collectively, "Stock") in LBHI and/or alleged losses related thereto. Certain of the Stock Claims also include claims arising out of the purchase of Stock. The Debtors file this omnibus objection to reclassify the Stock Claims as equity interests because the ownership of the Stock and the related decrease in the value thereof constitutes an equity interest, but does not constitute a claim against a Debtor's estate as such term is defined in section 101 of the Bankruptcy Code. Accordingly, the Debtors file this omnibus objection, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [Docket No. 6664] to reclassify the Stock Claims as equity interests to the extent they assert claims related to Stock.

**Jurisdiction**

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

3.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010, pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

6.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and in the Procedures Order.

**The Stock Claims Should Be Reclassified as Interests**

7.     Bankruptcy Rule 3007(d)(7) provides that a debtor may file an objection, and join one or more objections in an omnibus objection, if all of the claims "are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they are interests, rather than claims." FED. R. BANKR. P. 3007(d). The Procedures Order additionally

permits the Debtors to object, on an omnibus basis, to claims that "were incorrectly classified." (Procedures Order at 2.)

### A. Stock Is an Equity Security

8. Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest. 11 U.S.C. §501(a). The Bankruptcy Code defines a "claim" as a right to payment. *Id.* at §101(5). The Bankruptcy Code definition of an "equity security," alternatively, includes a share in a corporation or similar "security," including "stock," "treasury stock," "other claim or interest commonly known as 'security'," "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security." *Id.* §§ 101(16) and 101(49)(A).

9. Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments. *See, e.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to exercise stock option portion of plan were equity security interests for purposes of determining priority).

10. As noted above, each of the Stock Claims is based, in whole or in part, on the ownership of preferred stock, common stock, or other equity interest in LBHI and, in some cases, the decrease in value of the Stock and/or claims arising out of the purchase of the Stock. Certain Stock Claims include a CUSIP number or ticker symbol for LBHI stock; others describe the basis of the claims as "common stock," "stock," "shares," "equity interests," "warrants," or using similar terms. The holders of Stock Claims are equity security holders. *See* 11 U.S.C.

§§ 101(16) and (17). They have "interests" in, but not "claims" against, the Debtors, and, accordingly, to the extent the Stock Claims seek recovery related to Stock, the Debtors hereby object to reclassify the Stock Claims as equity interests.

### B. Damages from the Purchase or Sale of an Equity Security Are Subordinated

11. Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b).

12. Courts have generally applied section 510(b) liberally. *Enron*, 341 B.R. at 162-63 ("[T]he broad applicat[ion] of section 510(b) is now quite settled."). Courts have construed the language in section 510(b) as being broad enough to include fraud, violations of securities laws, breach of contract, and related causes of action against debtors. *See, e.g., id.* at 141 (subordinating breach of contract, fraudulent inducement, and fraudulent retention claims); *In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on debtor's failure to issue its common stock to employee in exchange for his stock in another company, allegedly in violation of the parties' termination agreement, was a claim arising from the purchase or sale of the debtor's stock).

13. Certain Stock Claims assert claims arising from rescission of a purchase or sale of a security of a Debtor or its affiliate or damages arising from the purchase or sale of such security. As set forth above, section 510(b) forecloses the possibility that such Stock Claims receive equal or better treatment than valid, general unsecured claims against the Debtors. *See* 11 U.S.C. § 510(b); *Enron,* 341 B.R. at 158 ("Congress enacted § 510(b) to prevent disappointed

shareholders from . . . bootstrap[ing] their way to parity with general unsecured creditors in a bankruptcy proceeding.") (internal quotations omitted). Accordingly, to the extent applicable, the Stock Claims should be subordinated pursuant to Bankruptcy Code section 510(b) and reclassified as equity interests.[1]

### Reservation of Rights

14. The Debtors reserve all their rights to object on any other basis to any Stock Claim or any portion of any Stock Claim for which the Court does not grant the relief requested herein.

### Notice

15. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this One Hundred Forty-Ninth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A annexed hereto; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

---

[1] The Bankruptcy Code, Bankruptcy Rules and case law make clear that the Debtors do not need to commence an adversary proceeding to subordinate a Stock Claim pursuant to Bankruptcy Code section 510(b). 11 U.S.C. § 502(a); FED. R. BANKR. P. 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 7, 2011
     New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 149: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | COCKING, JOHN<br>11923 GALENTINE POINT<br>CYPRESS, TX 77429 | | Lehman No Case Asserted/All Cases Asserted | 07/20/2009 | 5623[1] | $28,072.00 |
| 2 | CUTLER, GARY A.<br>40 COLLEGE STREET, SUITE 302<br>BURLINGTON, VT 05401 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/22/2009 | 5915[2] | $2,792,500.00 |
| 3 | HECHINGER, JOHN W<br>970 WEST BROADWAY PMB 300<br>P.O. BOX 30,000<br>JACKSON, WY 83002 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18179[3] | $137,921.75 |
| 4 | MISON, ROBERT J.<br>7920 TRINITY CIRCLE UNIT 4SW<br>TINLEY PARK, IL 60487 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/03/2009 | 7221[4] | $27,065.70 |

[1] Claim 5623 is being reclassified as an equity interest solely with respect to its asserted claim totaling $14,036 for any securities other than those with CUSIP No. 52520B206.  The portion of Claim 7221 that is asserting a claim totaling $14,306 for securities with CUSIP No. 52520B206 was previously expunged pursuant to the Order Granting Debtors' Ninety-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated March 31, 2011 [Docket No. 15520].

[2] Claim 5915 is being reclassified as an equity interest solely with respect to its asserted claim totaling $1,450,000 for the securities with CUSIP Nos. 524908704, 524908886, and 524908639.  The portion of Claim 5915 that is asserting a claim totaling $1,387,500 for securities with CUSIP Nos. 525519Y209, 52520E200, and 52520X208 was previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

[3] Claim 18179 is being reclassified as an equity interest solely with respect to its asserted claim of $225.75 for securities with CUSIP No. 524908100.  The portion of Claim 18179 that is asserting a claim of $137,696 for securities identified as "WTS LEHMAN BROS HLDGS INC CALL WT LKD DE SHAW OCULUS FD ACCD INVS" is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 18179 in the future.

[4] Claim 7221 is being reclassified as an equity interest solely with respect to its asserted claim totaling $14,562.35 for any securities other than those with CUSIP No. 52519Y209.  The portion of Claim 7221 that is asserting a claim totaling $12,503.35 for securities with CUSIP No. 52519Y209 was previously expunged pursuant to the Order Granting Debtors' Ninety-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated March 31, 2011 [Docket No. 15520].

## IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 149: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 5 | MORRIS-BROGAN, LINDA<br>12434 CARRIAGE HILL DR.<br>HOUSTON, TX 77077-2908 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25535[5] | $46,190.00 |
| 6 | NOTO, LUCIO A.<br>215 OTTER ROCK DRIVE<br>GREENWICH, CT 06830 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22303[6] | $219,171.90* |
| 7 | ROYLE, ROBERT C.<br>1486 BUTT OAK ROAD<br>TOMS RIVER, NJ 08755-0813 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/24/2009 | 6105[7] | $80,000.00 |
| 8 | SBLI USA MUTUAL LIFE INSURANCE CO., INC.<br>ATTN: ROBERT DAMANTE, EVP AND CFO<br>460 WEST 34TH STREET, STE. 800<br>NEW YORK, NY 10001-2320 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/21/2009 | 1845[8] | $6,193,236.00 |

---

[5] Claim 25535 is being reclassified as an equity interest solely with respect to its asserted claim for the securities with CUSIP No. 52520W317. The portion of Claim 25535 that is asserting a claim for securities with CUSIP No. 52520X208 was previously expunged pursuant to the Order Granting Debtors' Ninety-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated March 31, 2011 [Docket No. 15520].

[6] Claim 22303 is being reclassified as an equity interest solely with respect to its asserted claim of $430 for the securities with CUSIP No. 524908100. The portion of Claim 22303 that is asserting a claim of $127,088 for securities identified as "WTS LEHMAN BROS HLDGS INC CALL WT LKD MILLENNIUM" and a claim of $91,653.90 for securities identified as "WTS LEHMAN BROS HLDGS INC CALL WT LKD DE SHAW OCULUS FD ACCD INVS" is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to those portions of Claim 22303 in the future.

[7] Claim 6105 is being reclassified as an equity interest solely with respect to its asserted claim totaling $25,000 for the securities with CUSIP No. 52520W317. The portion of Claim 6105 that is asserting a claim totaling $55,000 for securities with CUSIP Nos. 52519Y209 and 52520B206 was previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 149: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 9 | UBELHART, KAREN A<br>800 WEST END AVE<br>APT 7A<br>NEW YORK, NY 10025-5467 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30621[9] | $246,535.00 |
| | | | | | TOTAL | $9,770,692.35 |

---

[8] Claim 1845 is being reclassified as an equity interest solely with respect to its asserted claim totaling $950,561 for the securities with CUSIP Nos. 52520W317. The portion of Claim 1845 that is asserting a claim totaling $5,242,675 for securities with CUSIP Nos. 524908R44, 524908R36, 524908CM0, and 524908UB4 was previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621].

[9] Claim 30621 is being reclassified as an equity interest solely with respect to its asserted claim of $9,654 for the securities with CUSIP No. 524908100. The portion of Claim 30621 that is asserting a claim of $183,308 for securities with CUSIP No. 52520W143 and a claim of $53,573 for "Lehman Bros. MLP Opportunity Capital Partners LP" is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to those portions of Claim 30621 in the future.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'**
**ONE HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the one hundred forty-ninth omnibus objection to claims, dated June 7, 2011 (the "One Hundred Forty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, in accordance with Bankruptcy Rule 3007(d) and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to reclassify Stock Claims as equity interests, all as more fully described in the One Hundred Forty-Ninth Omnibus Objection to Claims; and due and proper notice of the One Hundred Forty-Ninth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the One Hundred Forty-Ninth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the One Hundred Forty-Ninth Omnibus Objection to Claims.

US_ACTIVE:\43721807\01\58399.0008

case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the One Hundred Forty-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Forty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Forty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto are hereby reclassified as equity interests and have the same priority as, and no greater priority than, common stock interests in LBHI as set forth therein; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the One Hundred Forty-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                                        _____
                                                        UNITED STATES BANKRUPTCY JUDGE