Presentment Date and Time: June 16, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: June 15, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): June 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
                        Debtors.                :   (Jointly Administered)
                                                :
-------------------------------------------------------------------x
```

### NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER REINSTATING CLAIM

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **June 16, 2011 at 12:00 noon (Prevailing Eastern Time)**. The Supplemental Order supplements the Order Granting Debtors' Seventy-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity), dated January 20, 2011 [Docket No. 14017], and reinstates previously reclassified claim number 34908.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **June 15, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **June 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  June 7, 2011
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time:  June 16, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline:  June 15, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  June 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                          :     Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :     08-13555 (JMP)
                                                               :
                    Debtors.                           :     (Jointly Administered)
                                                               :
------------------------------------------------------------x

## SUPPLEMENTAL ORDER REINSTATING CLAIM

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Seventy Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)*, dated December 8, 2010 [Docket No. 13328] (the "Seventy-Fourth Omnibus Objection to Claims"), against claim number 34908 (the "Claim"), which was filed by Michael Pinko L.T.D (the "Claimant");

WHEREAS the Seventy-Fourth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedures, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), to reclassify the Claim on the grounds that the Claim

was based on ownership of Debtors' stock and therefore is properly classified as an equity interest, all as more fully described in the Seventy-Fourth Omnibus Objection to Claims;

WHEREAS the Claimant did not provide Debtors notice that Claimant had filed a response to the Seventy-Fourth Omnibus Objection to Claims on January 7, 2011;

WHEREAS the Debtors similarly were unable to determine that Claimant had filed a response to the Seventy-Fourth Omnibus Objection to Claims because it was not posted on the docket until after the hearing on the Seventy-Fourth Omnibus Objection to Claim held on January 20, 2011 (the "Omnibus Hearing") to consider the relief requested in the Seventy-Fourth Omnibus Objection to Claims;

WHEREAS the Court entered an order on January 20, 2011[Docket No. 14017] granting the relief requested in the Seventy-Fourth Omnibus Objection to Claims (the "Original Order"), which, among other things, reclassified the Claim;

WHEREAS months after entry of the Original Order, the Debtors identified through a review of the docket that Claimant had filed a timely-filed response to the Seventy-Fourth Omnibus Objection to Claims as to the Claim (the "Response");

WHEREAS had the Debtors received notice of the timely-filed Response prior to the Response Deadline or Omnibus Hearing, the Debtors would have adjourned the Omnibus Hearing with respect to the Claim, before the Omnibus Hearing, so that the Claim would not have proceeded on an uncontested basis;

**IT IS HEREBY**:

  ORDERED that Epiq Systems shall be authorized and directed to immediately reinstate the Claim on the Debtors' official claims register; and it is further

  ORDERED that the Claim be added to the list of adjourned claims to be heard with respect to Debtors' Seventy-Fourth Omnibus Objection; and it is further

  ORDERED that the rights of the Debtors and any other party in interest to object to the Claim on any ground are expressly preserved and unaffected by this Supplemental Order; and it is further

  ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, 2011
   New York, New York

              UNITED STATES BANKRUPTCY JUDGE