**Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

**McCARTER & ENGLISH LLP**
245 Park Avenue
New York, NY 10167
Telephone: (212) 609-6800
Facsimile: (212) 609-6921
Eduardo J. Glas
William M. Moran
Counsel for SunCal Voluntary Debtors and
SunCal Management

**WINTHROP COUCHOT, P.C.**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
Sean A. O'Keefe – NY Bar No. 1980853, CA Bar No. 122417
Paul J. Couchot – CA Bar No. 131934
Counsel for the SunCal Voluntary Debtors

**RUS MILIBAND & SMITH, APC**
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514
Ronald Rus - CA Bar No. 67369
Joel S. Miliband – CA Bar No. 77438
Counsel for SunCal Management LLC

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | **Chapter 11** |
| | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC, et al.,** | **Jointly Administered** |
| Debtors. | |

**SUNCAL PARTIES' OPPOSITION TO MOTION OF THE DEBTORS PURSUANT TO SECTION 362(a) OF THE BANKRUPTCY CODE FOR ENFORCEMENT OF THE AUTOMATIC STAY**

86480.3

# TABLE OF CONTENTS

**PAGE**

I.      PRELIMINARY STATEMENT ................................................................................. 1

II.     FACTUAL BACKGROUND.................................................................................. 5

    A)    The Recoupment Objection ....................................................................... 5

    B)    The 502(d) Objection................................................................................. 6

    C)    The SunCal Parties' Repeated Clarifications Disavowing
           Affirmative Relief...................................................................................... 7

    D)    The Lehman Entities' Attempts to Confuse the Issues and
           Poison the Court Against the SunCal Parties................................... 8

III.    LEGAL ANALYSIS........................................................................................... 9

    A)    The Claim Objections Do Not Violate the Automatic Stay......................... 9

        1.    Claim Objections Do Not Implicate the Automatic
              Stay ................................................................................................ 9

        2.    The Recoupment Claim Objection Does Not
              Violate the Automatic Stay................................................... 15

              a.    The Recoupment Claim Objection Does
                    Not Seek Subordination .......................................... 16

              b.    The Recoupment Claim Objection States
                    a Claim for Recoupment; and Whether
                    It Does or Not Is an Issue for the
                    California Bankruptcy Court to Decide ................................. 18

        3.    The 502(d) Claim Objection Does Not Violate
               the Automatic Stay............................................................ 20

              a.    Section 502(d) Claim Objections Are
                    Defensive in Nature ............................................... 20

               b.    Section 502(d) Does Not Require an Adversary
                    Proceeding............................................................. 22

    B)    The California Bankruptcy Court Has Exclusive Jurisdiction
           Over the Claim Objections................................................................ 25

    C)    The Stay Motion Seeks Relief That Would Violate the
           SunCal Voluntary Debtors' Automatic Stay.................................. 28

IV.     CONCLUSION...................................................................................................... 30

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Buder v. United States*,
436 F.3d 936 (8th Cir. 2006) ............................................................... 15

*Carideo v. Dell, Inc.*,
706 F.Supp.2d 1122 (W.D.Wash. 2010) ............................................... 19

*Chesley v. Union Carbide Corp.*,
927 F.2d 60 (2d Cir. 1991) .................................................................. 26

*Cleveland v. Caplaw Enterprises*,
448 F.3d 518 (2d Cir. 2006) ................................................................ 17

*E\*Trade Financial Corp. v. Deutsche Bank AG*,
420 F.Supp.2d 273 (S.D.N.Y.2006) ..................................................... 19

*Enrico & Sons Contracting, Inc. v. Bridgemarket Associates*,
252 A.D.2d 429, 675 N.Y.S.2d 351 (N.Y. App. Div. 1998) .................. 15

*Gardner v. State of N.J.*,
329 U.S. 565 (1947) ....................................................................... 26, 27

*Goldin Assocs., L.L.C. v. Shared Techs.Cellular, Inc. (In re Shared Techs. Cellular, Inc.)*,
281 B.R. 804 (Bankr. D. Conn. 2002) .............................................. 22, 23

*In re America West Airlines, Inc.*,
217 F.3d 1161 (9th Cir. 2000) ............................................................. 22

*In re Barclay Bros., Inc.*,
1986 WL 15884, \*1 (Bankr.E.D.Pa. February 6, 1986) ......................... 10

*In re Bernard L. Madoff Inv. Securities, LLC*,
440 B.R. 243 (Bankr.S.D.N.Y. 2010) .................................................. 24

*In re Bridge Info. Sys., Inc.*,
293 B.R. 479 (Bankr.E.D.Mo.2003) .................................................... 20

*In re Chase & Sanborn Corp.*,
124 B.R. 368 (Bankr.S.D.Fla. 1991) .................................................... 22

*In re Coated Sales, Inc.*,
119 B.R. 452 (Bankr. S.D.N.Y. 1990) .................................................. 26

## TABLE OF AUTHORITIES

### (Continued)

*In re Dennis Ponte, Inc.,*
61 B.R. 296 (Bankr. 9th Cir.1986) .......................................................................... 28

*In re Dorner,*
343 F.3d 910 (7th Cir. 2003) ................................................................................. 11

*In re Enron Corp.,*
2003 Bankr. LEXIS 2261, at 26 (Bankr. S.D.N.Y. Jan. 13, 2003) .................................. 14, 24

*In re Financial News Network,*
158 B.R. 570 (S.D.N.Y. 1993) ...................................................................... 11, 12, 13

*In re Holford,*
896 F.2d 176 (5th Cir.1990) ................................................................................. 15

*In re Jablonski,*
70 B.R. 381 (Bankr. E.D. Pa. 1987)
*aff'd in part and remanded*, 88 B.R. 652 (E.D. Pa. 1988) ....................................... 17

*In re KF Dairies, Inc.,*
143 B.R. 734 (9th Cir. BAP 1992) .............................................................. 21, 22, 23

*In re Lambert Oil Co., Inc.,*
347 B.R. 508, n. 6 (W.D.Va. 2006) ........................................................................ 24

*In re MacDonald,*
128 B.R. 161 (Bankr. W.D. Tex. 1991) ................................................................... 28

*In re Madigan,*
270 B.R. 749 (B.A.P. 9th Cir. 2001) ...................................................................... 19

*In re McLean Industries, Inc.,*
196 B.R. 670 (S.D.N.Y. 1996) ................................................................. 20, 21, 22, 23

*In re McMahon,*
129 F.3d 93 (2d Cir. 1997) .................................................................................. 15

*In re Meade,*
1999 WL 33496001, *1 (E.D.Pa. 1999) ................................................................... 11

*In re Merrick,*
175 B.R. 333 (9th Cir. BAP 1994) ........................................................................ 12

## TABLE OF AUTHORITIES

### (Continued)

**PAGE**

*In re Mid Atlantic Fund, Inc.,*
60 B.R. 604 (Bankr.S.D.N.Y.1986) ................................................................................21, 22

*In re Midwest Agri Dev't Corp.,*
2007 WL 4868309, * 2 (Bankr. N.D. 2007)........................................................................21

*In re Midwest Serv. and Supply Co., Inc.,*
44 B.R. 262 (D.Utah 1983) ................................................................................................15

*In re Millennium Seacarriers, Inc.,*
419 F.3d 83 (2d Cir. 2005)................................................................................................27

*In re Minichello,*
120 B.R. 17 (Bankr.M.D.Pa.1990)....................................................................................22

*In re Palmdale Hills Property, LLC,*
423 B.R. 655 (9th Cir.BAP 2009) ..........................................................1, 2, 11, 12, 16, 25

*In re Parker N. Am. Corp.,*
24 F.3d 1145 (9th Cir. 1994)..........................................................................................4, 27

*In re Pizza of Hawaii, Inc.,*
761 F.2d 1374 (9th Cir.1985)............................................................................................28

*In re Popular Club Plan, Inc.,*
395 B.R. 587 (Bankr.D.N.J. 2008)....................................................................................20

*In re PRS Group,*
331 B.R. 580 (Bankr.D.Del. 2005)..........................................................................11, 13, 20

*In re Red Dot Scenic, Inc.,*
313 B.R. 181 (Bankr.S.D.N.Y. 2004) ................................................................................24

*In re Rhythms NetConnections Inc.,*
300 B.R. 404 (Bankr.S.D.N.Y. 2003) ................................................................................20

*In re S.G. Phillips Constructors, Inc.,*
45 F.3d 702 (2d Cir. 1995)........................................................................................4, 10, 27

*In re Sierra-Cal,*
210 B.R. 168 (Bankr.E.D.Cal. 1997) ................................................................................22

# TABLE OF AUTHORITIES

## (Continued)

**PAGE**

*In re Stoecker,*
  143 B.R. 118 (Bankr.N.D.Ill. 1992) ....................................................................... 22

*In re* Univ. Med.Center,
  973 F.2d 1065 (3d Cir.1992) ................................................................................ 15

*In re Village Craftsman, Inc.,*
  160 B.R. 740 (Bankr.D.N.J.1993) ........................................................................ 15

*In re Way,*
  229 B.R. 11 (9th Cir. BAP 1998) ......................................................................... 12

*In re Wheatfield Business Park,*
  308 B.R. 463 (9th Cir. BAP 2004) ................................................................... 11, 12

*In re Wildcat Constr. Co.,*
  57 B.R. 981 (Bankr. D. Vt. 1986) ........................................................................ 10

*In re Yonkers Hamilton Sanitarium, Inc.,*
  22 B.R. 427 (Bankr. S.D.N.Y. 1982) ................................................................... 15

*Justus v. Fin. News Network, Inc., (In re Fin. News Network, Inc.),*
  158 B.R. 570 (S.D.N.Y.1993) ............................................................................. 12

*Kline v. Burke Const. Co.,*
  260 U.S. 226 (1922) ............................................................................................ 27

*Lines v. Bank of Am. Nat. Trust & Sav. Ass'n,*
  743 F. Supp. 176 (S.D.N.Y. 1990) ................................................................... 17, 26

*Matter of Continental Airlines,*
  928 F.2d 127 (5th Cir. 1991) ............................................................................... 10

*Mercy Hosp. of Watertown v. New York State Dep't of Soc. Servs.,*
  171 B.R. 490 (N.D.N.Y.1994) ............................................................................. 15

*Newbery Corp. v. Fireman's Fund Ins. Co.,*
  95 F.3d 1392 (9th Cir.1996) ................................................................................ 18

*Oregon v. Harmon (In re Harmon),*
  188 B.R. 421 (9th Cir. BAP 1995) ....................................................................... 18

# TABLE OF AUTHORITIES

## (Continued)

*Patterson v. B.F. Goodrich Employees Fed. Credit Union* (*In re Patterson*),
    125 B.R. 40 (Bankr. N.D. Ala. 1990)......................................................................10

*Pinkstaff v. United States* (*In re Pinkstaff*),
    974 F.2d 113 (9th Cir.1992)................................................................................19

*Reiter v. Cooper*,
    507 U.S. 258, n. 2 (1993)..................................................................................15

*Sims v. U.S. Dept. of Health and Human Servs. (In re TLC Hosps., Inc.),*
    224 F.3d 1008 (9th Cir.2000)..............................................................................18

*Tennessee Student Assistance Corp. v. Hood,*
    541 U.S. 440, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004)....................................27

*U.S. v. Wood*,
    290 F. 109 (2d Cir. 1923)..................................................................................26

*United States Fidelity Co. v. Bray*,
    225 U.S. 205 (1912).........................................................................................26

*United States v. Inslaw, Inc.,*
    932 F.2d 1467 (D.C.Cir.1991) ...........................................................................13

*Vasile v. Dean Witter Reynolds Inc.*,
    20 F.Supp.2d 465 (E.D.N.Y. 1998)................................................................11, 13

*Vitranschart, Inc. v. Levy*,
    2000 WL 1239081,  *5 (S.D.N.Y., Aug. 31, 2000) ..............................................13

*W.G. Wade Shows, Inc.*,
    218 B.R. 625 (Bankr. M.D. Fla. 1998).................................................................26

*Washington Mutual, Inc. v. F.D.I.C.*,
    659 F.Supp.2d 152 (D.D.C.2009) .......................................................................13

*Young v. United States,*
    535 U.S. 43 (2002)..........................................................................................17

# TABLE OF AUTHORITIES

## (Continued)

**PAGE**

**STATUTES**

Section 57g of the prior Bankruptcy Act ...................................................................................... 21
11 U.S.C. § 362 ...................................................................................................................... 13, 15
11 U.S.C. § 362(a) ........................................................................................................................ 10
11 U.S.C. § 362(a)(3) ................................................................................................ 3, 10, 13, 24, 29
11 U.S.C. § 362(a)(4) .................................................................................................................... 29
11 U.S.C. § 502 ............................................................................................................................. 21
11 U.S.C. § 502(c) ........................................................................................................................ 28
11 U.S.C. § 502(d) .................................................................... 2, 4, 6, 13, 20, 21, 22, 23, 24, 25
11 U.S.C. § 506(a) .................................................................................................................. 17, 29
11 U.S.C. § 544 ............................................................................................................................. 24
11 U.S.C. § 546 ............................................................................................................................. 21
11 U.S.C. § 547 ............................................................................................................................. 24
11 U.S.C. § 548 ............................................................................................................................. 24
11 U.S.C. § 1129(a)(7) ................................................................................................................. 28
28 U.S.C. § 157(b)(2)(k) .............................................................................................................. 27
28 U.S.C. § 1334(e) ................................................................................................................ 25, 26
28 U.S.C. § 2072 .......................................................................................................................... 11

**RULES**

C.D.L. Rule 3007-1 ..................................................................................................................... 2, 5
Fed. R. Bankr. P. 3007 .......................................................................... 2, 7, 11, 15, 17, 25
Fed. R. Bankr. P. 3007(b) ....................................................................... 3, 5, 7, 11, 15, 16
Fed. R. Bankr. P. 7001 ........................................................................................... 7, 11, 16, 25
Fed. R. Bankr. P. 7001(8) ..................................................................................................... 15, 16
Fed. R. Bankr. P. 9014 ......................................................................................................... 5, 10
L.B.R. 9013-1 .................................................................................................................................. 5
Fed. R. Civ. P. 13 ......................................................................................................................... 19

**TREATISES**

4 *Collier on Bankruptcy,*
    ¶ 553.03, at 553–15 (15th ed.1995) ................................................................................. 18
4 Michael H. Goldstein et al., *Collier on Bankruptcy*
    ¶ 502.05[2][a] (Lawrence P. King ed., 15th ed. 1999) ...................................................... 22
5 *Collier, supra,*
    ¶ 553.10[1] ........................................................................................................................ 19
*Collier on Bankruptcy*
    15th Ed. Rev'd, ¶ 502.05[2][a] (2011) ............................................................................. 24

# TABLE OF AUTHORITIES

## (Continued)

**PAGE**

**OTHER AUTHORITIES**

Bankruptcy Amendments and Federal Judgeship Act of 1984,
    Pub. L. No. 98-353, 98 Stat. 333 ............................................................................... 10
H.R. Rep. No. 595,
    *reprinted in* 1978 U.S.C.C.A.N. at 6298 ................................................................. 10
Paul S. Groschadl, *Freezing and Recoupment:*
    *Methods for Circumventing the Automatic Stay?,* 5 Bankr. Devs. J. 85 (1987) .................... 10
*Pomeroy's Equity Jurisprudence*
    (4th Ed.) ss 423, 424 .............................................................................................. 17

Acton Estates LLC ("Acton"), SunCal Bickford Ranch LLC ("Bickford"), SunCal Emerald Meadows LLC ("Emerald Meadows"), Palmdale Hills Property, LLC ("Palmdale Hills"), SJD Partners, Ltd. ("SJD Partners"), SunCal Summit Valley LLC ("Summit Valley"), SCC Communities LLC ("SCC Communities"), Tesoro SF LLC ("Tesoro") (the "SunCal Voluntary Debtors"), and SunCal Management, LLC ("SunCal Management") (collectively, the "SunCal Parties"), hereby submit the following *Opposition* to the *Motion Of The Debtors Pursuant To Section 362(A) Of The Bankruptcy Code For Enforcement Of The Automatic Stay* (the "Stay Motion") filed by Lehman Brothers Holdings, Inc. ("LBHI") and Lehman Commercial Paper, Inc. ("LCPI") (together the "Lehman Debtors"). [1]

## I.

## PRELIMINARY STATEMENT

In the claim objections that are the subject of the Stay Motion, filed with the Honorable Erithe A. Smith, United States Bankruptcy Court for the Central District of California ("the California Bankruptcy Court"), the SunCal Parties *seek only disallowance of claims, and have disavowed any relief that is violative of any party's automatic stay*. If the relief they seek cannot be obtained via claim objection, then the claim objections will be overruled by the California Bankruptcy Court. By filing the Stay Motion, the Lehman Entities[2] have taken a question regarding the *merits* of the claim objections, properly decided by the California Bankruptcy Court on motion or evidentiary hearing,[3] and have sought to make it an issue for this Court. Respectfully, this request is improper and should be denied.

---

[1] All page number references to the exhibits attached to the accompanying Declaration of Sean A. O'Keefe ("O'Keefe Decl.") are to the Bates numbers at bottom right of each page.

[2] Lehman ALI, Inc. ("Lehman ALI") and LCPI. The SunCal Parties recognize that Lehman ALI is not a named movant in the Stay Motion. However, it is primarily Lehman ALI's claims that are objected to in the "Claim Objections" described below. LBHI, for its part, has filed no claims in the SunCal Debtors' cases, and has not been named in any contested matter therein. For convenience, the SunCal Parties will primarily refer herein to the "Lehman Entities" as the parties seeking the instant relief.

[3] The California Bankruptcy Court will be conducting a hearing on the Claim Objections on June 9, 2011—the day after the instant Opposition to the Stay Motion is due to be filed with this Court. The SunCal Parties reserve the right to supplement their briefing and/or present additional evidence or

The Lehman Entities have filed a series of claims (the "Lehman Claims") in the Chapter 11 cases of the SunCal Voluntary Debtors,[4] and in the related Chapter 11 cases of the SunCal Trustee Debtors[5] (collectively, the "SunCal Debtors"), pending in the California Bankruptcy Court. In response, the SunCal Parties filed two *claim objections* (the "Claim Objections"). These objections were filed in compliance with Federal Rule of Bankruptcy Procedure ("Rule") 3007 and Central District Local Rule 3007-1, which govern "claim objections," and they seek no relief outside the parameters of those rules. Case law in both the Ninth Circuit and Second Circuit is uniform in holding that claim objections do not violate the stay.

In recognition of the fact that LCPI is a debtor, and protected by the automatic stay, no relief is sought in either of the Claims Objection *other than the disallowance of the claims*. The first claim objection (as against LCPI) seeks disallowance based upon recoupment, unclean hands and unjust enrichment, all of which are classic *defenses* under both California and New York law (the "Recoupment Objection"). The second claim objection seeks disallowance on the basis of 11 U.S.C. § 502(d) (the "502(d) Objection"). Ample case law in both circuits deems such an objection purely defensive and not violative of the stay.

Moreover, since filing the Claim Objections, the SunCal Parties have *twice* clarified that by their Claim Objections, they seek only disallowance of claims, and disavow any affirmative relief that would violate the automatic stay. Nevertheless, the Lehman Entities have insisted on bringing the instant Stay Motion before this Court.

---

argument at the hearing on the Stay Motion regarding developments in the California Bankruptcy Court subsequent to the filing of this Opposition.

[4] Palmdale Hills Property LLC, SunCal Communities I LLC, SunCal Communities III LLC, SCC Palmdale LLC, Acton Estates LLC, SunCal Beaumont LLC, SunCal Emerald LLC, SunCal Johansson LLC, SunCal Bickford LLC, SunCal Summit LLC, Seven Brothers LLC, Kirby Estates LLC, SJD Partners, Ltd., SJD Development Corp., SCC Communities LLC, North Orange Del Rio LLC and Tesoro SF, LLC.

[5] Delta Coves LLC, SunCal Heartland LLC, SunCal Marblehead LLC, SunCal Northlake LLC, SunCal Oak Valley LLC, SunCal Century City LLC, SunCal PSV LLC, SunCal Torrance LLC and SunCal Oak Knoll, LLC.

Although the Lehman Entities contend that the issue presented in the Stay Motion is a "home bankruptcy court" court versus "foreign bankruptcy court" automatic stay issue, it is not— or at least, not in a sense that would favor the Lehman Entities' position.

As discussed above, a claim objection seeking disallowance is purely defensive, and does not and cannot violate the automatic stay. The only provision in 11 U.S.C. § 362(a)(3) that could have any conceivable application is 362(a)(3). (Section 362(a)(1) has no application since a claim objection can only be filed post-petition.) *The filing* of claim objections that seek only the disallowance of claims filed by the claimant in another court is not an act to "exercise control over" the property of the claimant. It is the equivalent of an "answer" to the claimant's proof of claim. Indeed, e*very case* that has addressed the issue has held that a claim objection does not violate the automatic stay of the claimant. *The SunCal Parties have been unable to find, and the Lehman Entities have failed to cite a single case to the contrary.* In fact, the Lehman Entities *themselves* acknowledged this proposition in a brief they filed in Ninth Circuit:

> [C]ourts allow debtors to *object* to creditors' claims on the basis that it is a defense against the assertion of the claim, and therefore, does not violate the creditor's automatic stay.

(Ex. "12," O'Keefe Decl.).

The Lehman Entities attempt to conjure a stay violation where none exists, by arguing that the Recoupment Objection "really" seeks subordination. This is a legal impossibility. Subordination cannot be included in a claim objection. Fed.R.Bankr.P. 3007(b). Accordingly, there is no prayer for subordination in the Recoupment Objection, and the Lehman Entities have been repeatedly advised that subordination is not being sought, either directly or indirectly, in this objection. The Recoupment Objection merely seeks a ruling reducing the amount of the secured Lehman Claims by the amount of damages suffered through a specified transaction. And the Lehman Entities are not only wrong in asserting that the SunCal Parties will be unable to meet the "same transaction" test to establish their entitlement to recoupment, but that is an issue regarding the *merits* of the Recoupment Objection, to be decided by the California Bankruptcy Court.

Likewise, the Lehman Entities' contention that a Section 502(d) claim objection violates their stay is based on *no case law*.  Rather, it is based upon the false assumption that disallowance cannot be granted within the context of Section 502(d) claim objection, without a prior liability finding *in a lawsuit*, and that such a lawsuit violates the stay. This is not the law in the Ninth Circuit, nor is it the majority position in the Second Circuit.  More to the point, the offending "lawsuit" that would trigger the stay violation has not been filed—and as the SunCal Parties have already made clear to the Lehman Entities, it *will not be* filed without relief from stay or a judicial determination of non-applicability of the stay.

The Lehman Entities' Stay Motion is not only substantively wrong, it is fundamentally improper: a ruling by this Court granting the Stay Motion would infringe upon the California Bankruptcy Court's exclusive jurisdiction over claim objections filed with that Court.  The court in which proofs of claims are filed has exclusive jurisdiction over the allowance and disallowance of those claims, since they seek recourse to property within the exclusive control of that court.  Such exclusive control over the claims allowance process is recognized in both the Ninth and Second Circuits.  As the Ninth Circuit stated in *In re Parker North American Corporation*:

> With no authority to allow or disallow [the RTC]'s claims against a bankruptcy debtor, the system falls apart.... [I]n a Chapter 11 case, [the] inability to allow a claim by [the RTC] would make plan confirmation impossible. The only option in such a situation might well be to dismiss the case.  We doubt that Congress intended such a result.

*In re Parker N. Am. Corp.*, 24 F.3d 1145, 1153 (9th Cir. 1994) (quotation omitted). This position was echoed by the Second Circuit in *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 707 (2d Cir. 1995) ("[N]othing is more directly at the core of bankruptcy administration ... than the quantification of all liabilities of the debtor.") (quotation omitted).

The SunCal Parties respectfully submit that, while this Court may be the "final arbiter" of the scope of the Lehman Debtors' automatic stay, the California Bankruptcy Court is the final arbiter over claims objections filed therein.  Because the instant Stay Motion seeks to enjoin *claim objections* pending before another bankruptcy court, it goes too far, and should be denied.

## II.

## FACTUAL BACKGROUND

A)      **The Recoupment Objection**.

On April 8, 2011, the SunCal Parties filed the Recoupment Objection in accordance with

Rule 3007, and Central District Local Rule 3007-1.[6] (Ex. "6", O'Keefe Decl.). An amended

version of this objection was filed on May 10, 2011.  (Ex. "7", O'Keefe Decl.). The prayers for

relief set forth in the Recoupment Objection (as amended) are quoted in their entirety below,

except as otherwise noted:

> A) Disallowing the following Proofs of Claim filed by Lehman ALI, Inc.
> ("Lehman ALI") and Lehman Commercial Paper, Inc. ("LCPI", and together
> with Lehman ALI, the "Lehman Entities") on the grounds that the debt
> obligation therein was eliminated by the Settlement Agreement, as that term is
> defined herein: [table omitted];
>
> B) Recouping from the secured portion of the Lehman Claims, all damages
> suffered by the Relevant SunCal Debtors on account of the breach of
> Restructuring Agreement by Lehman ALI, Inc. ("Lehman ALI"), LCPI's
> predecessor-in-interest;
>
> (C) **Offsetting from** the secured portion of the **Lehman ALI's claims** all
> damages suffered by the Relevant SunCal Debtors on account of the breach of
> Restructuring Agreement by Lehman ALI;
>
> (D) Denying the Lehman Entities any relief or recovery on the Lehman
> Claims on the grounds that they have failed to establish their burden under
> applicable law;
>
> (E) **Imposing a constructive trust on** any recovery obtained by **Lehman ALI**
> from property of the relevant SunCal Debtors in that amount necessary to
> enable the such Debtors to recover the damages owed to them by Lehman
> ALI, or imposing an equitable lien on any such recovery to accomplish this
> purpose;
>
> (F) Barring the Lehman Claims on the grounds of unclean hands and unjust
> enrichment; and

---

[6] L.R. 3007-1 provides: "An objection to claim is a 'contested matter' under FRBP 9014. Except to the
extent otherwise provided in this rule, an objection to claim must comply with LBR 9013-1 and be titled
'Motion for Order Disallowing Claim' unless the objection is to become an adversary proceeding pursuant
to FRBP 3007(b).

(G) Such further relief as the Court deems just and proper.

(Ex. "7," O'Keefe Decl., pp. 178-79) (emphasis added).

Prayer "A" seeks disallowance on the grounds that the claims were satisfied through the terms of the Settlement Agreement.  Prayer "B" seeks recoupment. The dollar-for- dollar reduction of the secured claims by the amount of damages arising from the transaction and occurrence identified in the objection. Paragraph "C" seeks to offset damages, *but only against the claims of Lehman ALI*, a non-debtor. *No offset is sought against LCPI or LBHI*. Paragraph "D" is simply a failure of proof/failure to state a claim prayer.  Paragraph "E" seeks the imposition of a constructive trust, *but only as against non-debtor Lehman ALI*; no such relief is sought against LCPI or LBHI. Paragraph "F" asserts seeks disallowance on the grounds of unclean hands and unjust enrichment, both of which are defenses, not affirmative claims, under California and New York law. *No prayer for subordination, sale, or taking of any kind is alleged in pleading against either LCPI or LBHI.*  (In fact, no relief whatsoever is sought against LBHI.)

**B)**    **The 502(d) Objection**.

On April 27, 2011, the SunCal Parties filed the 502(d) Objection in accordance with Rule 3007, and Local Rule 3007-1.  (OKeefe Decl., "10").  The Section 502(d) Objection seeks the disallowance of the Lehman Claims on the grounds that these claimants received a series of well-documented preferences and fraudulent transfers pre-petition.  The prayers for relief set forth in the 502(d) Objection (as amended) are quoted in their entirety below, except as otherwise noted:

> (A)  Disallowing, pursuant to 11 U.S.C. § 502(d), the following Proofs of Claim filed by Lehman ALI, Inc. ("Lehman ALI") and Lehman Commercial Paper, Inc. ("LCPI", and together with Lehman ALI, the "Lehman Entities")[table omitted];
>
> (B) Disallowing, pursuant to 11 U.S.C. § 502(d), all administrative claims inclusive of future administrative claims asserted by the Lehman Entities against the below named Debtors, including but not limited to the following [table omitted]: (the above referenced proofs of claim and administrative claims are collectively referred to as the "Lehman Claims"); and

(C) Such further relief as the Court deems just and proper.

(OKeefe Decl. Exhibit "10," at 643-644).  As with the Recoupment Objection, no affirmative

relief is sought against LCPI.  No relief whatsoever is sought against non-claimant LBHI.

### C)    The SunCal Parties' Repeated Clarifications Disavowing Affirmative Relief.

Notwithstanding the seemingly clear relief requested in the Claim Objections, the Lehman

Entities took the position that the Claim Objections violated LCPI's automatic stay.  Accordingly,

on May 10, 2011, in briefing on the SunCal Parties' entitlement to discovery in connection with

the Claim Objections, the SunCal Parties wrote:

> The Lehman Entities' contention that the SunCal Parties' claim objection is
> something other than a claim objection, although absurd, is easily addressed.
> **The SunCal Parties hereby state that the claim objection is that and nothing
> more and no relief is sought, or should be granted, outside the parameters of
> Federal Rule of Bankruptcy Procedure 3007. Respectfully, they cannot be
> clearer than that.**

(O'Keefe, Decl., Exh. 5, at 109:8-17).The SunCal Parties' explicit reference to Rule 3007,

entitled "Objections To Claims," was intended to make it clear that the Claim Objections were

subject to the express limitation in Rule 3007(b):

> A party in interest **shall not** include a demand for relief of a kind specified in
> Rule 7001 in an objection to the allowance of a claim, but may include the
> objection in an adversary proceeding.

Fed.R.Bankr.P. 3007(b) (emphasis added).

For the resolution of any possible doubt, the SunCal Parties reiterated their disavowal of

any affirmative relief on June 2, 2011 in their reply in support of the Recoupment Objection:

> [T]he SunCal Parties do not merely contend that the relief they are seeking is
> defensive and does not violate the stay.  Rather, if relief is affirmative and cannot
> be obtained via a claim objection, *the SunCal Parties are not seeking it.*

Recoupment Objection Reply at 10:20-22 (OKeefe Decl., Exhibit "15", at 746) (original

emphasis). By these disclaimers, the SunCal Parties intended to—and believed they had—made

clear that they were confining themselves to filing Claim Objections, and to relief properly

available pursuant thereto, in order to avoid any possible issue regarding the automatic stay.

Nevertheless, the Lehman Entities have persisted in pursuing the Stay Motion.

**D)**     **The Lehman Entities' Attempts to Confuse the Issues and Poison the Court Against the SunCal Parties**.

In the Stay Motion, the Lehman Entities assert that:

> ***Putting aside whether the relief sought by the SunCal Movants is truly defensive and outside the purview of the automatic stay***, this Court is the final arbiter of whether LCPI's stay applies. The SunCal Movants cannot, as they have done, unilaterally declare that they need not seek stay relief and charge ahead with impunity.

(Stay Motion p.1 ¶ 2) (emphasis added). The essence of this comment is that, regardless of the merits of the Stay Motion, retribution is in order because the SunCal Parties improvidently failed to consult this Court before filing the Claim Objections in the California Bankruptcy Court. The narrative of past events that the Lehman Entities have pieced together in support of this position is both inaccurate and irrelevant. The only issue that is properly before the Court is whether the automatic stay applies to the *Claim Objections* or not. As the within analysis confirms, it does not.

Nevertheless, in the face of the Lehman Entities' commentary regarding the SunCal Parties' alleged lack of respect for the Lehman Debtors' automatic stay, the SunCal Parties feel obliged to correct the record. In fact, they have taken extraordinary steps to insure that no stay violation occurred in their dealing with LCPI.

On April 8, 2011, the SunCal Parties sent a letter to the Lehman Entities' counsel inviting them to state whether they believed any aspect *of the plans and disclosure statements* filed by the SunCal Parties violated the automatic stay, and further represented that if in fact such a charge was leveled, they would immediately seek relief from this Court. (Exhibit "1," O'Keefe Decl.").

Notably, no such charge of a stay violation was made in connection with the content of the SunCal Plans and Disclosure Statements. Indeed, the Lehman Entities could not have made such an allegation, in good faith, given the express limitation in the SunCal Disclosure Statement:

**EXCEPT AS PROVIDED IN THE PURCHASE OFFER TO HOLDERS OF RELIANCE CLAIMS REFERENCED ABOVE, AS EXPLAINED IN THE DEFINITION OF THE TERM "EFFECTIVE DATE," WHICH IS THE DATE ON WHICH THIS PLAN BECOMES EFFECTIVE,** *NO ACTION PROVIDED FOR IN THIS PLAN SHALL BE TAKEN AGAINST EITHER LEHMAN COMMERCIAL PAPER, INC. ("LCPI") OR LEHMAN BROTHERS HOLDINGS, INC. ("LBHI") THAT WOULD HAVE THE EFFECT OF VIOLATING ANY APPLICABLE AUTOMATIC STAY THAT MAY EXIST IN THEIR CHAPTER 11 CASES. ANY SUCH ACTION WILL ONLY PROCEED AFTER ANY APPLICABLE STAY IS EITHER LIFTED OR DEEMED INAPPLICABLE.*

(O'Keefe Decl., Ex. "2," p. 18) (emphasis added).

In the Stay Motion, the Lehman Entities acknowledge that they accepted the representation in the SunCal Parties' letter of April 8, 2011, that "no action provided for in the [SunCal Plans] shall be taken against [LCPI] or [LBHI] that would have the effect of violating any automatic stay." Stay Motion at 14 ¶ 30 (citing Lehman Entities' letter of April 25, 2011).

The SunCal Parties did not serve a similar letter on the Lehman Entities prior to filing the Claim Objections for a very simple reason: their research confirmed that precedent in both this Circuit and in the Ninth Circuit is uniform in holding that claim objections do not violate the claimant's automatic stay. Had the SunCal Parties uncovered *even one case* to the contrary, then a good faith argument for seeking clarification regarding the application of stay might have existed, but they did not.  As discussed below, uniform case law, prior statements by this Court, and even prior assertions made by the Lehman Entities themselves all led the SunCal Parties to the same conclusion:  as long as they were willing to confine themselves to Claim Objections, and to the relief available therein, they could not and would not transgress the automatic stay.

### III.

### LEGAL ANALYSIS

A)      <u>The Claim Objections Do Not Violate the Automatic Stay</u>.

1.      <u>Claim Objections Do Not Implicate the Automatic Stay</u>.

In the Stay Motion, the Lehman Entities fail to cite what section of the automatic stay the Claim Objections purportedly violate. This is critical. Section 362(a)(1) clearly has no application:

it only bars actions "against" the debtor" that "could have been commenced" before the petition date, and claim objections can only be filed post-petition, in response to claim. *See In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 706 (2d Cir. 1995) ("[A] claim filed against the estate is a core proceeding because *it could arise only in the context of bankruptcy."*) (emphasis added).

The only subsection of Section 362(a) that could have any possible application to a claim objection is Section 362(a)(3). This section bars "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Id.*

Congress enacted section 362(a)(3) solely "to prevent dismemberment of the estate." H.R. Rep. No. 595, *reprinted in* 1978 U.S.C.C.A.N. at 6298. Although Congress amended Section 362(a)(3) in 1984, by adding the language concerning "exercis[ing] control over property of the estate," Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, 98 Stat. 333, this amendment must be construed with reference to congressional intent.[7]

A claim objection does not seek to dismember the estate of the claimant, nor does it seek to "exercise of control" over the property of the claimant. Exactly the opposite is true. The filing of a proof of claim is akin to filing a complaint. *Matter of Continental Airlines,* 928 F.2d 127, 129 (5th Cir. 1991) ("the filing of a proof of claim is analogous to the filing of a complaint in a civil action, with the bankrupt's objection the same as the answer"); *Nortex Trading Corp. v. Newfield,* 311 F.2d 163, 164 (2d Cir. 1962) ("The filing by Nortex of its proof of claim is analogous to the commencement of an action within the bankruptcy proceeding."); *In re Barclay Bros., Inc.*, 1986 WL 15884, *1 (Bankr.E.D.Pa. 1986) ("Since the filing of a proof of claim has been said to be tantamount to the filing of a complaint in a civil action, the trustee's formal objection to the claim is considered to be the answer to the claim under Bankruptcy Rule 9014.") (citing *Nortex*).[8] The

---

[7] This language was added primarily to prevent banks from freezing debtors' accounts. *See, e.g., Patterson v. B.F. Goodrich Employees Fed. Credit Union (In re Patterson)*, 125 B.R. 40, 44-45 (Bankr. N.D. Ala. 1990) (holding that § 362(a)(3), as amended, prevents such a freeze); *In re Wildcat Constr. Co.,* 57 B.R. 981, 985 (Bankr. D. Vt. 1986) (same). *See generally* Paul S. Groschadl, *Freezing and Recoupment: Methods for Circumventing the Automatic Stay?,* 5 Bankr. Devs. J. 85 (1987).

[8] The Supreme Court has consistently held that the disallowance of a claim is an act *in rem* that is not "against" anyone. *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 452 (2004) ("In this case, however, there is no need to engage in a comparative analysis to determine whether the adjudication would

claim objector is merely filing an *answer* to this complaint and thereby seeking to defend its own estate.  Such an objector does not seek affirmative recovery from the claimant.

Nor *can* a party filing a claim objection seek or obtain affirmative recovery under Rule 3007.  Rule 3007(b) provides:

> A party in interest **shall not** include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding.

Fed.R.Bankr.P. 3007(b) (emphasis added). Rule 3007(b) has the force of a statute. *In re Dorner*, 343 F.3d 910, 914 (7th Cir. 2003) ("[N]ational rules have the force of statutes."); 28 U.S.C. § 2072.  Thus, a party that objects to a claim cannot obtain affirmative relief thereby.  If affirmative relief is sought, a claim objection is not the vehicle by which to achieve it.

For this reason, every case that has addressed the issue has held that a claim objection is not subject to the automatic stay. *See In re Wheatfield Business Park*, 308 B.R. 463, 466 (9th Cir. BAP 2004); *In re Financial News Network*, 158 B.R. 570 (S.D.N.Y. 1993); *Olick v. Parker & Parsley Petroleum Co*., 145 F.3d 513, 516 (2d Cir. 1998); *Vasile v. Dean Witter Reynolds Inc*., 20 F.Supp.2d 465, 499 (E.D.N.Y. 1998) ("the primary claims raised by [debtor] are claims asserted by, and not against, the debtor, and are therefore not subject to the stay and can be immediately adjudicated."); *In re Metiom*, 301 B.R. 634, 638-639 (Bankr.S.D.N.Y. 2003); *In re PRS Group*, 331 B.R. 580, 587 (Bankr.D.Del. 2005); *In re Meade*, 1999 WL 33496001, *1 (E.D.Pa. 1999).

Notably, the BAP decision in *In re Palmdale Hills Property, LLC*, 423 B.R. 655 (9th Cir.BAP 2009), which the Lehman Entities wrongly contend supports their position, cited the *Wheatfield Business Park* and *Financial News Network* decisions with approval for the proposition that claim objections *do not* violate the stay of a debtor-claimant:

> The distinction between defensive and offensive actions affecting a debtor's estate is appropriate in determining the applicability of the automatic stay because courts have held that a debtor may defend against suits brought against it without violating a bankruptcy stay. *Justus v. Fin. News Network, Inc., (In re Fin.*

---

be an affront to States' sovereignty. As noted above, we have long held that the bankruptcy courts' exercise of *in rem* jurisdiction is not such an offense.")

*News Network, Inc.*), 158 B.R. 570, 573 (S.D.N.Y.1993) (distinguishing cases where a party "makes an active attempt to recover property" of a debtor through judicial or adversary proceedings); *In re Merrick*, 175 B.R. at 336**. In particular, courts allow debtors to object to creditors' claims on the basis that it is a defense against the assertion of the claim, and therefore, does not violate the creditor's automatic stay.** *In re Wheatfield Bus. Park, LLC*, 308 B.R. at 466.

*Palmdale Hills*, 423 B.R. at 665 (emphasis added).

*Wheatfield Business Park* involved a Chapter 11 debtor whose case was pending in the Central District of California. A creditor (the Appellant) was also a chapter 11 debtor in a proceeding pending in the Southern District of New York. *Wheatfield Business Park*, 308 B.R. at 465. The California Debtor filed a motion to disallow Creditor/Appellant's proof of claim as untimely, and the California Bankruptcy Court granted this relief, disallowing the claim, *Id.* The Creditor/Appellant appealed, asserting the applicability of its automatic stay:

> Appellant was in its own Chapter 11 bankruptcy case in New York and there had been no order granting relief from stay. In response, the [Bankruptcy] Court stated "that's of no consequence here, sir. Hi-Tech is a claimant here. That's the role of a plaintiff. The automatic stay doesn't apply to plaintiffs, or it doesn't apply when plaintiffs get automatic stays. It only applies when defendants get automatic stays."

*Id.*

The Bankruptcy Appellate Panel agreed that the creditor's automatic stay did not apply as the creditor was effectively acting in the capacity of a plaintiff, to whom the stay does not apply:

> Appellant contends that the Debtor was required to obtain relief from the automatic stay in Appellant's bankruptcy case before objecting to the claim. We disagree. The bankruptcy court correctly decided that Debtor did not violate the automatic stay in Appellant's Chapter 11 by objecting to the claim filed in Debtor's case. Appellant was the claimant, and the automatic stay does not apply under such circumstances. *In re Way,* 229 B.R. 11, 13 (9th Cir. BAP 1998); *In re Merrick,* 175 B.R. 333, 338 (9th Cir. BAP 1994).

*Wheatfield Business Park*, 308 B.R. at 466.

The BAP's citations in *Wheatfield Business Park* to *In re Merrick* and *In re Way* are also instructive. In both *Merrick* and *Way*, the debtor was a plaintiff in litigation pending in state court. The defendants sought to dismiss the action, and the plaintiff-debtor contended that such act constituted a violation of the automatic stay. The BAP in *Merrick* and *Way* held that defending against an action or claim brought by a debtor does not violate the automatic stay.

The law in the Second Circuit is to the same effect. In *In re Financial News Network,* 158 B.R. 570 (S.D.N.Y. 1993), a debtor (Kaypro) whose Chapter 11 case was pending in the Southern District of California, filed a claim in Financial News Network's Chapter 11 case in the Southern District of New York.  When Kaypro's claim was disallowed by the bankruptcy court in New York*,* Kaypro appealed contending that this relief was barred by its automatic stay in California. The District Court rejected this position, stating:

> In sum, both the language and purpose of section 362 indicate that the automatic stay in effect in the Bankruptcy Court for the Southern District of California did not preclude the New York Bankruptcy Court from sustaining FNN's objection to Kaypro's proof of claim filed in New York Bankruptcy Court. Accordingly, the Court finds that the order of the Bankruptcy Court for the Southern District of New York sustaining the objection to Kaypro's proof of claim was not a violation of the automatic stay in place in the Bankruptcy Court for the Southern District of California, and the Bankruptcy Court in New York exercised its appropriate jurisdiction to disallow Kaypro's proof of claim.

*Financial News*, 158 B.R. at 573.

Numerous other cases within the Second Circuit are in accord.  *See Olick v. Parker & Parsley Petroleum Co*., 145 F.3d 513, 516 (2d Cir. 1998) ("The automatic stay pursuant to 11 U.S.C. § 362 enjoins actions '*against* the debtor.'  In the case at bar, the opposite occurred: No party sought to recover a claim "against" Olick; rather, Olick sought to recover from the settlement fund."); *Vasile v. Dean Witter Reynolds Inc*., 20 F.Supp.2d 465, 499 (E.D.N.Y. 1998) ("the primary claims raised by [debtor] are claims asserted by, and not against, the debtor, and are therefore not subject to the stay and can be immediately adjudicated."); *In re Metiom, Inc.*, 301 B.R. 634, 638-639 (Bankr.S.D.N.Y. 2003) (§502(d) claim objection was defensive and did not violate creditor's automatic stay); *Vitranschart, Inc. v. Levy*, 2000 WL 1239081,  *5 (S.D.N.Y., Aug. 31, 2000) ("Nor does the stay apply to [debtor's] third-party complaint, cross-claims, or counterclaims, since the automatic stay provision applies only to claims 'against the debtor' and not to claims brought by the debtor against other parties"); *see also In re PRS Ins. Group*, 331 B.R. 580, 584 (Bankr.D.Del. 2005) (applying *Metiom* to Ohio stay analogous to §362(a)(3), § 502(d) claim objection was defensive and did not violate the creditor's stay); *United States v.*

*Inslaw, Inc.,* 932 F.2d 1467, 1473 (D.C.Cir.1991); *Washington Mutual, Inc. v. F.D.I.C*., 659 F.Supp.2d 152 (D.D.C.2009).

Indeed, *every case* that has addressed the issue has held that a claim objection does not violate the automatic stay of the claimant. *The SunCal Parties have been unable to find, and the Lehman Entities have failed to cite a single case to the contrary*.

Notably, in a hearing before this Court regarding whether the equitable subordination action filed by the SunCal Parties in the California Bankruptcy Court violated the stay, this Court— consistent with the all other authorities on the subject—indicated that a *claim objection* falls in a very different category than an adversary proceeding, insofar as the automatic stay was concerned, in distinguishing the case of *In re Metiom*, 301 B.R. 634 (Bankr. S.D.N.Y. 2003):

> I've read that case. It is not an equitable subordination action at all. **It's a claim objection**.

(Transcript., June 16, 2010, at p. 55, lines 25-26 ) (emphasis added).  This Court has also cited *In re Enron Corp*., 2003 Bankr. LEXIS 2261, at 26 (Bankr. S.D.N.Y. Jan. 13, 2003), with approval. The *Enron* court explained that an equitable subordination action is a distinct proceeding from a claim objection: "[E]quitable subordination **is a legally distinct proceeding** which seeks to re-prioritize the order of allowed claims based on the equities of a case, **rather than to allow or disallow the claim in the first instance**."). *Id*.

Even more notably, *the Lehman Entities themselves* have relied upon the distinction between claim objections and an adversary proceeding, and argued that *claim objections do not violate the stay*.  In briefing before the Ninth Circuit relating to the issue of whether equitable subordination violates the stay, the Lehman Entities argued as follows:

> In particular, courts allow debtors to *object* to creditors' claims on the basis that it is a **defense against the assertion of the claim, and therefore, does not violate the creditor's automatic stay**. …

> Importantly, if a debtor succeeds in a claim objection, the debtor does not recover property from the creditor." (E.R. 11, 157). **As a result, a debtor "is able to challenge (or 'defend' against) a claim without impacting a creditor's property rights."**

That the Equitable Subordination Action seeks affirmative relief is further demonstrated by the fact that a separate adversary proceeding is *required* to adjudicate the merits of an equitable subordination claim. *See* Federal Rule of Bankruptcy Procedure 7001(8); *see also* Fed. R. Bankr. P. 3007(b). *Adversary proceedings*, as the name implies, relate to proceedings commenced in the bankruptcy court that are adversary in nature in which one party seeks affirmative relief from another before a bankruptcy court sitting as a trial court over the matters in litigation before it.

(See Ex. "12," O'Keefe Decl. at [p. 40, 43 and 50 n.23 therein] (quotations omitted)).  These are crucial admissions, which should be deemed binding on the Lehman Entities.

Here, LCPI came to the SunCal Cases as a *claimant* seeking payment through the assertion of claims. The SunCal Parties have responded to these claims by objecting to the same in accordance with their rights under Rule 3007. These objections  seek relief against the claims only. On these facts, the stay has no application.

## 2.   The Recoupment Claim Objection Does Not Violate the Automatic Stay.

Even if it were somehow possible for a claim objection to violate the stay, the Recoupment Claim Objection would not.  Recoupment[9] objections, in whatever form, are not subject to the stay. *See Reiter v. Cooper*, 507 U.S. 258, 265 n. 2 (1993); *In re McMahon*, 129 F.3d 93, 96 (2d Cir. 1997) ("While a "setoff" is subject to the automatic stay provision of 11 U.S.C. § 362, a recoupment is not."); *In re Univ. Med.Center*, 973 F.2d 1065, 1079 (3d Cir.1992); *Mercy Hosp. of Watertown v. New York State Dep't of Soc. Servs.,* 171 B.R. 490, 494 (N.D.N.Y.1994); *In Re Village Craftsman, Inc.,* 160 B.R. 740, 746 (Bankr.D.N.J.1993); *In re Holford,* 896 F.2d 176 (5th Cir.1990); *In re Midwest Serv. and Supply Co., Inc.,* 44 B.R. 262 (D.Utah 1983); *In re Yonkers Hamilton Sanitarium, Inc.,* 22 B.R. 427, 435 (Bankr. S.D.N.Y. 1982).

---

[9] Recoupment is considered a defense. *Buder v. United States*, 436 F.3d 936, 938 (8th Cir. 2006) ("Equitable recoupment is an affirmative defense"); *Enrico & Sons Contracting, Inc. v. Bridgemarket Associates*, 252 A.D.2d 429, 430, 675 N.Y.S.2d 351, 352-53 (N.Y. App. Div. 1998) ("It is really a defense, as it denies the validity of plaintiff's claim in the amount claimed, and does not entitle defendants to any affirmative relief or any amounts in excess of the amount demanded by plaintiff (cite omitted)). Even when it is sought outside the parameters of a claim objection, it is not subject to the automatic stay.

### a.    The Recoupment Claim Objection Does Not Seek Subordination.

In an effort to evade the foregoing rule of law, the Lehman Entities argue that the Recoupment Objection is a disguised continuance of the equitable subordination action that is subject to the stay.  In other words, they argue that the Recoupment Objection is "really" something other than a claim objection for recoupment. This argument fails for several reasons.

First, it posits a legal impossibility. Equitable subordination can only be pursued under Rule 7001(8),[10] and Rule 3007(b) bars the inclusion of any relief in a claim objection that falls within the parameters of Rule 7001. Accordingly, either the Recoupment Objection does not include this relief, or the inclusion is a nullity. In either case, the automatic stay does not apply.

Second, it ignores the plain language of the pleading.  *Nothing* in the Recoupment Objection mentions, let alone seeks, subordination.  In an effort to confuse the issues, the Lehman Entities argue:

> The SunCal Movants may "recoup" certain alleged damage claims from the claims filed by LCPI in the SunCal Debtors' Chapter 11 case, merely by taking first dollars from a sale of LCPI's collateral.

Stay Motion at 2 ¶ 1.  But as the prayers for relief quoted herein confirm, the Recoupment Objection *does not* provide for the sale of anything. Nor does it provide for a taking of one penny from LCPI's collateral. (See Ex. "7" at pp. 178-79.)   It seeks, like any claim objection, an order disallowing particular claims, no more.[11]  As on any other motion attacking the pleading, the

---

[10] *In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 664 (B.A.P. 9th Cir. 2009) ("The bankruptcy court correctly recognized that a separate procedure was required to litigate the merits of Debtors' equitable subordination claim. *See* Rule 7001(8) (a request to subordinate an allowed claim or interest requires an adversary proceeding except when a debtor's plan provides for the relief.")).

[11] It is only the SunCal *Plan* that provides for the sale of all projects free and clear of liens.  (See Ex. "2" at 50-53.)  But as explained above, the SunCal Parties took great care to insure that the plan provisions could not be considered a stay transgression, by providing that no sale, or other relief, will occur until LCPI's automatic stay is lifted or is judicially determined not to apply.   The Lehman Entities have expressly acknowledged as much.  (See Ex. "1" and "2.")  The Recoupment Objection stands independent of the SunCal Plan.  In citing to a document *other than* the Recoupment Objection to argue that the Recoupment Objection is defective, the Lehman Entities intentionally mix apples and oranges.  This is a none too subtle attempt to provoke the ire of this Court by suggesting that the SunCal Parties are somehow resurrecting the now stayed equitable subordination action through the Recoupment Objection.

SunCal Parties' representations that they seek only disallowance must be accepted as true. *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006).

The Lehman Entities argue that the Recoupment Claim Objection seeks relief "tantamount" to subordination, because it seeks the recoupment from the secured portion of the Lehman Entities' claims—which relief, they contend, is simply unavailable via recoupment. But the Lehman Entities ignore the equitable character of recoupment.

Pursuant to 11 U.S.C. § 506(a), each of the Lehman Claims has been separated into two claims: A secured claim and an unsecured claim. If the California Bankruptcy Court finds, after a hearing on the merits, that recoupment, which is an *equitable* doctrine, applies on the facts, the court can disallow whatever claim, in the amount of the applicable damages, that it deems is appropriate to accomplish equity. *See Young v. United States,* 535 U.S. 43, 50 (2002) ("[B]ankruptcy courts ... are courts of equity and 'appl[y] the principles and rules of equity jurisprudence.'"). As the court aptly stated in *Lines v. Bank of Am. Nat. Trust & Sav. Ass'n*, 743 F. Supp. 176, 179 (S.D.N.Y. 1990): "These doctrines are necessarily flexible because equity must apply its remedies to 'whatever knavery human ingenuity can invent.'"

The relief contemplated by the Recoupment Claim Objection is neither novel nor unprecedented, as the Lehman Entities would have this Court believe. *See, e.g., In re Jablonski*, 70 B.R. 381, 390 (Bankr. E.D. Pa. 1987) *aff'd in part and remanded*, 88 B.R. 652 (E.D. Pa. 1988) (allowing recoupment against secured part of claim bifurcated under Section 506(a); the amount recouped "should be imposed in such a manner as to have the most meaningful impact on the wrongdoing creditor").[12]

Not surprisingly, the Lehman Entities do not like this potential remedy and have argued that they, not the California Bankruptcy Court, have the right to designate what claim or claims

---

[12] In determining what remedy may be appropriate to effectuate recoupment, within the limits of Rule 3007, the California Bankruptcy Court can consider the following well recognized maxim: "Equity will not suffer a wrong without a remedy**.**" 1 *Pomeroy's Equity Jurisprudence* (4th Ed.) ss 423, 424. One remedy available in the recoupment context would be to reduce the amount of the Lehman Entities secured claims by the damages that were caused by the Lehman Entities' wrongdoing, within the applicable "transaction" at issue in the recoupment defense.

will be subject to reduction and disallowance. Under their view of the law, any disallowance can only be imposed on their unsecured claims, which would leave the SunCal Parties with an empty remedy. Whether the SunCal Parties' view of the law will prevail, or whether the Lehman Entities will prevail, is an issue for another day, and it is an issue for the California Bankruptcy Court.

**b.**     **The Recoupment Claim Objection States a Claim for Recoupment; and Whether It Does or Not Is an Issue for the California Bankruptcy Court to Decide.**

Alternatively, the Lehman Entities argue that recoupment does not apply on the facts.  As explained below, this contention lacks merit; and more importantly, the *merits* of the Recoupment Objection are clearly something that must be decided by the California Bankruptcy Court.

The Lehman Entities contend that the "recoupment" alleged in the Recoupment Claim Objection is really a "setoff," and hence subject to LCPI's automatic stay.  This is erroneous. The Recoupment Claim Objection makes clear that, although setoff is sought against non-debtor Lehman ALI, recoupment is the applicable relief sought against LCPI.

The Lehman Entities argue that the SunCal Parties cannot meet the "same transaction" test for recoupment to apply.  They are wrong.  Recoupment "is the setting up of a demand arising from the *same transaction* as the plaintiff's claim or cause of action, strictly for the purpose of abatement or reduction of such claim.'" *Newbery Corp. v. Fireman's Fund Ins. Co.,* 95 F.3d 1392, 1399 (9th Cir.1996) (quoting 4 *Collier on Bankruptcy,* ¶ 553.03, at 553–15 (15th ed.1995)) (emphasis in original). It involves "netting out debt," *Oregon v. Harmon (In re Harmon),* 188 B.R. 421, 425 (9th Cir. BAP 1995). This is exactly what the SunCal Parties seek to do.

In defining the parameters of the "transaction", the Ninth Circuit applies the "logical relationship" test. *Sims v. U.S. Dept. of Health and Human Servs. (In re TLC Hosps., Inc.),* 224 F.3d 1008, 1012 (9th Cir.2000). This test has been described as follows:

> A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which

the claim rests activates additional legal rights otherwise dormant in the defendant.

*Pinkstaff v. U.S. (In re Pinkstaff),* 974 F.2d 113, 115 (9th Cir.1992). "In applying this standard, "courts have permitted a variety of obligations to be recouped against each other, **requiring only that the obligations be sufficiently interconnected so that it would be unjust to insist that one party fulfill its obligation without requiring the same of the other party**." *In re Madigan*, 270 B.R. 749, 755 (B.A.P. 9th Cir. 2001) (citing, 5 *Collier*, at ¶ 553.10[1]) (emphasis added).

Although the Lehman Entities argue that recoupment must be construed under New York law, due to a choice of law provision in their loan agreements, *this issue is for the California Bankruptcy Court to decide*. Moreover, this contention fails on the merits for two reasons. First, the choice-of-law provision relied upon by the Lehman Entities governs only the interpretation of the contract. It does not govern equitable defenses like recoupment.[13] Second, the logical relationship test is not based upon the law of any state. This is the test the Ninth Circuit employs when deciding whether counterclaims are "compulsory" under Fed. R. Civ. P. 13, and that court has decided that the recoupment should be judged under the same standard.

The "logical relationship" between the underlying loan obligations and obligations undertaken in the Restructuring Agreement and Settlement Agreement is undeniable. The latter transactions were entered into to "restructure" the existing lending relationships, by, *inter alia*, transferring ownership of *the collateral* securing these loans to new entities, and by providing a source of funding – a Lehman source of funding – to pay the vendor claims and bond obligations that were inextricably tied to this collateral. In sum, the relationship between the loans, and the

---

[13] The choice of law provision in the Restructuring Agreement is a narrow one that merely applies New York law to "this Agreement," not to all claims or defenses related to the agreement. Restructuring Agreement § 8. *See, e.g., Carideo v. Dell, Inc.,* 706 F.Supp.2d 1122, 1127 (W.D.Wash. 2010) ("Unlike the expansive language of the choice-of-law clauses at issue in [other cases], the language of the present choice-of-law clause is relatively modest in scope and does not overtly state that the clause covers a wide range of claims, disputes, or controversies, including statutory and common law claims."); *E*Trade Financial Corp. v. Deutsche Bank AG,* 420 F.Supp.2d 273, 290 (S.D.N.Y.2006) (contract provided: "'This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, applicable to contracts executed in and to be performed entirely within that state.' This language is narrow and purposefully does not apply New York law to any actions 'related to' the transaction.").

Restructuring Agreement and Settlement Agreement, was substantially more than merely "logical." By agreement, it was inextricable.  Although the Lehman Entities are welcome to contest the obvious *at the hearing on the Claim Objection*, their efforts to persuade this Court to summarily dismiss the merits of this objection should be rejected.

An argument that the Recoupment Objection fails the "same transaction" test is patently one that challenges the *merits* of the objection—and this is something that must be decided by the California Bankruptcy Court.  The SunCal Parties believe that they will be able to establish their entitlement to recoupment; the Lehman Entities do not.  But if the Lehman Entities are right, that doesn't mean the automatic stay was violated; it simply means the objection will be overruled.

### 3.        The 502(d) Claim Objection Does Not Violate the Automatic Stay.

In the Stay Motion, the Lehman Entities argue that a Section 502(d) Claim Objection falls outside the general rule that the automatic stay does not apply to claim objections. This contention fails. In fact, a claim objection under Section 502(d) falls squarely within the parameters of Rule 3007, because no affirmative relief can be granted other than disallowance of the claims.

### a.        Section 502(s) Claim Objections Are Defensive in Nature.

The cases addressing the nature of this issue confirm that a Section 502(d) claim objection is "defensive."  *See In re PRS Ins. Group, Inc.,* 331 B.R. 580, 584 (Bankr.D.Del. 2005) ("the Trustee is not seeking any 'affirmative' recovery, but merely raises the action as a 'defense' under section 502(d) to the allowance of CGIC's claim."); *In re Rhythms NetConnections Inc.*,  300 B.R. 404, 409 (Bankr.S.D.N.Y. 2003) ("The better position is that § 502(d) is in essence an affirmative defense to a creditor's claim against the estate. ") quoting *In re Bridge Info. Sys., Inc.,* 293 B.R. 479, 488 (Bankr.E.D.Mo.2003); *In re Popular Club Plan, Inc.,*  395 B.R. 587, 591 (Bankr.D.N.J. 2008) ("[Section 502(d)] has been interpreted to operate as an affirmative defense for the debtor.").  The Lehman Entities have failed to cite a single case that supports their contention that a claim objections based upon Section 502(d) is "special" and falls outside the general rule.

In *In re McLean Industries, Inc.*, 196 B.R. 670 (S.D.N.Y. 1996), the trustee that filed a claim objection in reliance on Section 502(d) *could not file a complaint* to recover the preference

at issue, because the claim was time barred pursuant to 11 U.S.C. § 546. Accordingly, the issue

before the District Court was whether (as here) the purely defensive use of Section 502(d) was

allowed. The bankruptcy court held that a Section 502(d) objection could be used in a purely

defensive way, as in where a complaint would never be filed. The District Court agreed, stating:

> Few courts have addressed the issue of whether "defensive" use may be made of
> Section 502(d). The courts that have addressed the issue have divided over it,
> although the majority have permitted defensive use of Section 502(d), following
> the well-reasoned approach of Bankruptcy Judge Abram in *In re Mid Atlantic
> Fund, Inc.,* 60 B.R. 604 (Bankr.S.D.N.Y.1986).   Judge Abram in *In re Mid
> Atlantic* examined the plain language of Section 502, its pre-Code predecessor,
> Section 57g of the prior Bankruptcy Act and the case law it spawned, and the
> policy reasons supporting defensive use of Section 502. Other courts have reached
> the same holding after engaging in a similarly searching inquiry. For the reasons
> that follow, I conclude that the Bankruptcy Court did not err in permitting
> defensive use of Section 502(d).

*McLean*, 196 B.R. at 675-676 (citations omitted).

The law in the Ninth Circuit is to the same effect; in fact, *McLean* cited the controlling

case, *In re KF Dairies, Inc.,* 143 B.R. 734, 736 (9th Cir. BAP 1992).  As in the *McLean* case, the

BAP in *KF Dairies* made it clear that the existence of recourse through an adversary was not

necessary for the disallowance of a claim based upon Section 502(d). To the contrary, the BAP

cited *In re Mid Atlantic Fund* with approval, and held:

> Section 502(d) operates to disallow claims of transferees who do not surrender
> their avoidable transfer. **It does not compel the surrender, nor permit
> affirmative relief of any kind.**

*KF Dairies*, 143 B.R. at 737 (emphasis added); *see also In re Midwest Agri Dev't Corp*., 2007

WL 4868309, * 2 (Bankr. N.D. 2007) (holding that the trustee's objection to a *secured* claim was

defensive, and expressly rejecting the contention that disallowance of a secured claim constituted

affirmative relief: "[Secured creditor] argues the trustee is not using section 502(d) defensively,

but rather, affirmatively to attempt to avoid [Secured Creditor's] perfected security interest. This

is incorrect. If the trustee were seeking affirmative relief, he would be able to seek to collect on

any judgment entered in his favor. The trustee does not seek payment or recovery on behalf of the

estate; he seeks only to prevent the payment of [Secured Creditor's] claim as a secured creditor.").[14]

Within the context of the Section 502(d) claim objection, the presiding court can decide whether or not a claim for preference recovery exists and on that basis, disallow the claim. As the courts in *McLean* and *KF Dairies* concluded, this is a purely defensive act. That is all that the SunCal Parties are seeking in the Section 502(d) Claim Objection – the defensive disallowance of the Lehman Claims. They are not seeking a penny of affirmative recovery.

### b.    Section 502(d) Does Not Require an Adversary Proceeding.

The essence of the Lehman Entities' argument boils down to this: Relief cannot be granted on a Section 502(d) claim objection without the benefit of a judgment in a separate lawsuit and the associated liability determination. These events, according to the Lehman Entities, require relief from stay. This is not the case.

In support of their contention that a Section 502(d) claim objection requires relief from stay, the Lehman Entities erroneously cite *Goldin Assocs., L.L.C. v. Shared Techs.Cellular, Inc. (In re Shared Techs. Cellular, Inc.)*, 281 B.R. 804, 807 (Bankr. D. Conn. 2002). In the *Shared Tech.* case, the trustee in a Chapter 11 case pending in Delaware, SmarTalk TeleServices, Inc.

---

[14] In the context of deciding whether a Section 502(d) claim objection could be brought notwithstanding the unavailability of affirmative relief due to the expiration of the statute of limitations, courts within the Ninth Circuit, Second Circuit, and beyond have held that the claim objection is "defensive" and therefore allowed. *See Matter of Mid Atlantic Fund, Inc.*, 60 B.R. 604, 611 (Bankr.S.D.N.Y. 1986); *In re McLean Industries, Inc.*, 184 B.R. 10, 16 (Bankr.S.D.N.Y. 1995); *In re KF Dairies, Inc.*, 143 B.R. 734, 737 - 738 (9th Cir.BAP 1992) (limitations period inapplicable to Section 502(d) claim objection; "statutory time-bars are inapplicable to matters of defense, where *no affirmative relief is sought*.") (emphasis added); *In re Sierra-Cal*, 210 B.R. 168, 173 (Bankr.E.D.Cal. 1997) ("The § 502(d) disallowance is in the nature of an affirmative defense to a proof of claim and does not provide independent authority for affirmative relief against the creditor."); *In re Chase & Sanborn Corp.*, 124 B.R. 368, 370 (Bankr.S.D.Fla. 1991) ("the trustee was permitted to use § 502(d) defensively to disallow the preferred creditor's claim even though he could not obtain an affirmative judgment for the amount of the preference due…..."); *In re Stoecker*, 143 B.R. 118, 131 (Bankr.N.D.Ill. 1992); *In re Minichello*, 120 B.R. 17, 19 (Bankr.M.D.Pa.1990); 4 Michael H. Goldstein et al., *Collier on Bankruptcy* ¶ 502.05[2][a] (Lawrence P. King ed., 15th ed. 1999) ("Most courts find that there is no prohibition against the trustee asserting section 502(d) as an affirmative defense to a claim of a creditor even if the trustee's claim is time-barred or otherwise nonrecoverable.") cited in *In re America West Airlines, Inc.*, 217 F.3d 1161, 1167 (9th Cir. 2000).

(the "SmarTalk case"), filed a preference complaint against Shared Techs. Cellular ("STC"), and also filed an objection to the claim that STC filed in the SmarTalk case.

At the time the preference complaint was filed against STC, STC was not in a bankruptcy. However, STC later filed a Chapter 7 case in the District of Connecticut. This filing forced the Trustee in the SmarTalk Case to seek relief from stay *to continue pursuing the preference adversary* in the SmarTalk Case. In response to this motion for relief from stay, the trustee in the STC case, who was opposing relief, conceded that relief from stay to obtain a determination of liability on the preference complaint was appropriate. However, the STC trustee argued that allowing *that judgment* to be used to bar any payment on STC's claim against SmarTalk in reliance on Section 502(d) was inappropriate. Accordingly, STC asked the Court to include in the grant of relief from stay a provision preventing SmarTalk from using any judgment obtained in the adversary as a basis for disallowing STC's claim, in its entirety, in the Delaware case.

In addressing the issue of relief from stay, the court in *Shared Techs.* stated that relief from stay was necessary to determine liability *in the adversary proceeding*, and further stated that, since the parties conceded that such a determination was necessary to proceed with the Section 502(d) objection, the court could place limitations on what relief could be granted in connection with the Section 502(d) objection. The *Shared Techs.* court did not state that the filing of the Section 502(d) claim objection alone violated the stay. This was not before the court.

In any event, *Shared Tech.* is not persuasive authority, since it is premised upon the assumption that a determination of liability in an adversary proceeding seeking the recovery of a preference is a necessary precondition for relief in a Section 502(d) claim objection. That is not the law in the Ninth Circuit, and there is ample case law in the Second Circuit rejecting this position. As discussed, the judicial determination necessary for relief under Section 502(d) can, and frequently is, made solely within the claim objection contested matter. An adversary filing is not necessary.  *KF Dairies*, 143 B.R. at 737; *McLean*, 196 B.R. at 675-676.

It is well established that a purely defensive claim objection can be filed based upon Section 502(d) *without the precedent, concurrent or antecedent filing of an adversary proceeding*:

Another concern is whether a claim may be disallowed under section 502(d) simply upon the assertion of a trustee as to the avoidability of a transfer to the holder of the claim or whether the trustee must have an actual "avoidance" judgment against the holder. **To assure the effectuation of the purpose of this section, a claim may be disallowed** at least temporarily and for certain purposes, subject to reconsideration, **simply upon** *the allegation of an avoidable transfer*. But to prevent abuse of this section **this initial disallowance should be made by judicial determination**, whether it be obtained in a claim objection or by some form of a declaratory judgment action.

*Collier on Bankruptcy 15th Ed. Rev'd*, ¶ 502.05[2][a] (2011) (emphasis added). *See also In re Red Dot Scenic, Inc.*, 313 B.R. 181, 186 (Bankr.S.D.N.Y. 2004) (quoting *Colliers*); *In re Lambert Oil Co., Inc.*, 347 B.R. 508, 522 n. 6 (W.D.Va. 2006) (same); *In re Bernard L. Madoff Inv. Securities, LLC*, 440 B.R. 243, 271 (Bankr.S.D.N.Y. 2010) ("while the transfers at issue have not been avoided as of this early stage, the Trustee has sufficiently alleged, as discussed above, that the Fund Defendants are 'transferee[s] of a transfer avoidable under section ... 544 ... 547, [or] 548' of the Code, an express ground for disallowance under section 502(d) of the Code."); *In re Enron Corp.*, 340 B.R. 180, 191-192 (Bankr.S.D.N.Y. 2006)[15] ("the Court must only determine whether Enron asserts a valid cause of action under section 502(d) to survive a motion to dismiss and not whether the Claims are disallowed based on the merits of the underlying avoidance actions.").

Moreover, the fact that some level of liability determination is required within the claim objection matter does not implicate the stay. Section 362(a)(3) requires an exercise of control over property of the estate. A determination in a claim objection dispute, which only results in the disallowance of a claim, does not violate this provision.

Bankruptcy courts routinely make determinations of liability within the context of claim objections. In every recoupment claim objection, the court must decide who is owed what within the context of the transaction at issue, thereby fixing the parties relative "liabilities." Yet, it is well established that recoupment does not violate the stay. This is no less true under Section 502(d).

Knowing that they are wrong on the law, the Lehman Entities' last-ditch effort is to argue that, *in this case,* the California Bankruptcy Court has ruled that an objection under Section

---

[15] Vacated on other grounds 379 B.R. 425 (S.D.N.Y. 2007).

502(d) violates the stay.  This is false.  The following snippet from the transcript of a hearing held in the equitable subordination action does not support this conclusion:

> The decision in *Lehman Commercial Paper, Inc. v. Palmdale Hills Property, LLC (In re Palmdale Hills Property, LLC),* --- B.R. --, 2009 WL 5812119 (B.A.P. 9th Cir. 2009) is binding on this Court….Under *In re Palmdale Hills Property, LLC,* the claims for relief brought against Defendant [LCPI] – namely claims 1, 5,7, *8,* and 9 – are affirmative relief and, therefore violate LCPI's automatic stay. Consequently, the first, fifth, seventh, ***eighth*** and ninth claims for relief are dismissed without prejudice to the extent that they are brought against LCPI. Plaintiffs must seek relief from LCPI's automatic stay in the United States Bankruptcy Court for the Southern District of New York in order to bring any claims against LCPI **in this adversary proceeding**.

(Ex. "13," O'Keefe Decl.) (emphasis added).

It is the SunCal Parties' belief that Judge Smith was simply stating that, after the *Palmdale* decision, a claim objection based upon Section 502(d) had to be pursued in the form of a contested matter under Rule 3007.  It could not be pursued in an adversary proceeding under Rule 7001.  Judge Smith was *not* stating in the above quote that a claim objection based upon Section 502(d), which is filed as a claim objection, violated the automatic stay. Indeed, as recently as May 13, 2011, Judge Smith stated in a tentative ruling on a related matter:

> The fact that one of the claimants, LCPI, is a debtor in its own bankruptcy case is of no consequence ***as the automatic stay does not apply to claim objections***. *See In re Palmdale Hills Property, LLC*, 423 B.R. 655, 665 (9th Cir. BAP 2010).

May 13, 2011, Tentative (O'Keefe Decl., Exh. "14") (emphasis added).

**B)    The California Bankruptcy Court Has Exclusive Jurisdiction Over the Claim Objections**.

Not only are the Lehman Entities wrong on the merits that the Claim Objections violate LCPI's or LBHI's stay, but the Stay Motion should be denied for a distinct—and arguably more important—reason.  A ruling granting the Stay Motion would be an impermissible encroachment upon the California Bankruptcy Court's exclusive jurisdiction over the claim allowance and disallowance process, including the Claim Objections.

Section 1334(e) of Title 28 provides:

The district court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction –

(1)    of all of the property, wherever located of the debtor as of the commencement of such case and of property of the estate.

28 U.S.C. § 1334(e).  Since the Lehman Claims were filed in the California Bankruptcy Court, and they seek payment from the *res* within the exclusive control of that Court, the allowance and disallowance of these claims falls within the exclusive jurisdiction of the California Bankruptcy Court court.  *See Gardner v. State of N.J.*, 329 U.S. 565, 573-74 (1947); *In re W.G. Wade Shows, Inc.*, 218 B.R. 625, 628 (Bankr. M.D. Fla. 1998) ("It can hardly be gainsaid that this Court has the exclusive jurisdiction to pass on the allowability of any claims filed by Claimants."); *In re U.S. Lines, Inc.,* 199 B.R. 476, 480 (Bankr. S.D.N.Y. 1996) ("[T]he claims allowance process is within the exclusive jurisdiction of the bankruptcy courts.").

The Lehman Entities cannot file a claim in the California Bankruptcy Court, which is a demand for payment, and then seek a ruling in another court regarding the validity of that claim. *See In re Coated Sales, Inc.,* 119 B.R. 452, 455 (Bankr. S.D.N.Y. 1990) ("As *Granfinanciera* makes clear, by submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims. Concomitantly, when the claimant invokes the equitable jurisdiction of the bankruptcy court to establish its right to participate in distribution, it cannot, thereafter, object to the court's necessary determination of any misappropriations by the claimant."). *U.S. v. Wood*, 290 F. 109, 110 (2d Cir. 1923) ("As the Supreme Court declared in *United States Fidelity Co. v. Bray*, 225 U.S. 205 [(1912)], the jurisdiction of the bankruptcy courts in all proceedings in bankruptcy 'is intended to be exclusive of all other courts,' and such proceedings include, among others, 'the determination of the preferences *and priorities to be accorded to claims* presented for allowance of payment in regular course.'") (emphasis added).

Section 1334(e) is consistent with the well-established principle that the court in possession of the *res* from which a claimant seeks payment—in this case, the properties in California—has the exclusive right to decide what claims will be allowed recourse to that *res*.

*See Chesley v. Union Carbide Corp.*, 927 F.2d 60, 66 (2d Cir. 1991) ("A common-law rule of long standing prohibits a court, whether state or federal, from assuming in rem jurisdiction over a res that is already under the in rem jurisdiction of another court.") (quotation omitted); *Kline v. Burke Const. Co.*, 260 U.S. 226 (1922).  In this case, that court is the California Bankruptcy Court.  As the Supreme Court stated in *Gardner*:

> **The whole process of proof, allowance, and distribution is, shortly speaking, an adjudication of interests claimed in a res**. It is none the less such because the claim is rejected in toto, reduced in part, given a priority inferior to that claimed, or satisfied in some way other than payment in cash. When the State becomes the actor and files a claim against the fund it waives any immunity which it otherwise might have had respecting the adjudication of the claim.

*Gardner,* 329 U.S. at 573-74 (emphasis added); *In re Millennium Seacarriers, Inc.,* 419 F.3d 83, 92 (2d Cir. 2005) ("The bankruptcy court's *in rem* jurisdiction over a debtor's estate… permits a determination of all claims that anyone, whether named in the action or not, has to the property or thing in question.  Indeed, the proceeding is 'one against the world.'") (quoting *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 448  (2004)); *see* 28 U.S.C. § 157(b)(2)(k), (all determinations of the "validity, extent, or priority of liens" are "core" proceedings.).

The Lehman Entities are also asking that this Court to deprive the California Bankruptcy Court of a critical function.  As the Ninth Circuit has stated:

> With no authority to allow or disallow [the RTC]'s claims against a bankruptcy debtor, the system falls apart.... [I]n a Chapter 11 case, [the] inability to allow a claim by [the RTC] would make plan confirmation impossible. The only option in such a situation might well be to dismiss the case. We doubt that Congress intended such a result.

*In re Parker N. Am. Corp.*, 24 F.3d 1145, 1153 (9th Cir. 1994) (quotation omitted); *see In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 705 (2d Cir. 1995) (Because *nothing is more directly at the core of bankruptcy administration ... than the quantification of all liabilities of the debtor*, the bankruptcy court's determination whether to allow or disallow a claim is a core function.") (quotation omitted; emphasis added).  The SunCal Parties would submit that the uniformity in the case law holding that the automatic stay does not bar claim objections is due in part, a recognition

of the centrality of the claims allowance/ disallowance process to any bankruptcy case. Freezing this power freezes the case.

That could not be truer than in the instant case. The Stay Motion must be viewed within the context of the ongoing plan confirmation contest in the California Bankruptcy Court. The plan of reorganization filed by the Lehman Entities (the "Lehman Plan") is premised upon the assumed validity of the Lehman Claims and the associated liens. The competing SunCal Plan (as currently being amended), offers creditors the same distribution that they would receive under the Lehman Plan. However, it also offers the creditors who were damaged by the actions of the Lehman Entities the right to share in the claim reduction that the SunCal Parties believe will result from the Claim Objections. Under 11 U.S.C. § 1129(a)(7), in order to confirm the Lehman Plan, the Lehman Entities must persuade the California Bankruptcy Court that all affected creditors will receive at least as much as they would in a Chapter 7 proceeding under the Lehman Plan. Moreover, since the Lehman Claims are subject to the Claims Objections, they will have to file a motion seeking to have these claims estimated under Section 502(c), which will necessarily require an investigation into the same basic issues raised in the Claims Objections. *See In re MacDonald*, 128 B.R. 161, 164 (Bankr. W.D. Tex. 1991) ("The estimation of an unliquidated or contingent administrative claim such as the post-petition tort claim is *essential* prior to the hearing on confirmation of a plan, in order for the court to evaluate the feasibility of the plan without unduly delaying the confirmation process.") (emphasis added); *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1382 (9th Cir.1985); *In re Dennis Ponte, Inc.,* 61 B.R. 296, 299 (Bankr. 9th Cir. 1986). By interfering with the California Bankruptcy Court's administration of the claims allowance process, this Court will also disrupt and distort the pending plan confirmation process.

C)    **The Stay Motion Seeks Relief That Would Violate the SunCal Voluntary Debtors' Automatic Sta**y.

The SunCal Debtors maintain that the filing of the Stay Motion, at least to the extent that it seeks to bar the prosecution of the Claim Objections by the SunCal Debtors, violates the SunCal Debtors' automatic stay, and they have filed a motion with the California Bankruptcy Court

seeking a ruling to that effect. Although the SunCal Parties do not seek a ruling from this Court on the merits as to whether the *SunCal Debtors'* automatic stay is violated, the fact that the Stay Motion violates their automatic stay is reason to deny the motion.

The Stay Motion seeks to deny the SunCal Debtors the right to defend their estates and assets against the prepetition claims and liens that the Lehman Entities are asserting against these properties. A property owner who is denied the right to oppose claims and liens asserted against its property - claims that seek to deprive the property owner of ownership - is effectively denied ownership of the property. This is more than the mere exercise of control required for a violation of Section 362(a)(3).

The Stay Motion also violates Section 362(a)(1) by seeking to enforce the prepetition Lehman Claims in this Court. Although the Lehman Entities will again contend that they are only seeking to enforce their stay, this argument ignores the obvious effect of the ruling they seek. If this Court prohibits the SunCal Debtors from objecting to the Lehman Claims, *which is the relief sought*, then these claims instantly obtain validity, through the judicial immunity from challenge granted by this Court.  In essence, granting the Stay Motion has the effect of a liability judgment for all practical purposes.

The Stay Motion also seeks a ruling that would violate Section 362(a)(4). Although the Lehman Entities will argue that a ruling from this Court immunizing their claims and liens from challenge is not an "act to create, perfect, or enforce any lien against property of the estate," the effect of the requested ruling would be exactly that.  Pursuant to 11 U.S.C. § 502(a), a filed claim is valid until it is the subject to an objection. If the Stay Motion is granted, the SunCal Parties will be denied the right to object to the Lehman Claims, which effectively conveys upon such claims and liens the validity and priority that asserted in these claims.

To be clear, the SunCal Parties do not contend that *any* motions filed by the Lehman Entities in this Court seeking a determination of the scope of the Lehman Debtors' stay violates the SunCal Debtors' stay. Rather, they contend that the Stay Motion in particular violates their automatic stay by 1) asking this Court to enter a ruling that would deprive the California

Bankruptcy Court of its exclusive jurisdiction over the allowance and disallowance of claims filed in that Court, through the artifice of classifying claim objections as violations of LCPI's automatic stay, 2) effectively "allowing," and for all practical purposes, "enforcing" these claims against the SunCal Voluntary Debtors, by barring these debtors from asserting defenses to the same, and 3) by arguing the merits of the claim objections in this Court, within the context of a purported stay violation motion, when these issues can only be resolved in the California Bankruptcy Court. In these respects, the Stay Motion is void.

<div align="center">

**IV.**

**<u>CONCLUSION</u>**

</div>

For the reasons stated herein, the SunCal Parties respectfully request that the Court deny the Stay Motion in its entirety.

DATED:  June 7, 2011

**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**

By:＿＿＿/s/ *Sean A. O'Keefe*＿＿＿＿＿＿＿＿＿
       Paul J. Couchot, Esq.
       Sean A. O'Keefe. Esq.
General Insolvency Counsel for Administratively
Consolidated Debtors-in-Possession

**RUS MILIBAND & SMITH**
**A PROFESSIONAL CORPORATION**

By:＿/s/ *Ronald Rus*＿＿＿＿＿＿＿＿＿＿＿＿
       Ronald Rus, Esq.
       Joel S. Miliband, Esq.
Attorneys for SunCal Management, LLC

| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al.,<br><br>                                                        Debtor(s). | CHAPTER  11<br><br>CASE NUMBER |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as:  SUNCAL PARTIES' OPPOSITION TO MOTION OF THE DEBTORS PURSUANT TO SECTION 362(a) OF THE BANKRUPTCY COURT FOR ENFORCEMENT OF THE AUTOMATIC STAY will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) the foregoing document will be served by the court via NEF and hyperlink to the document. On June 8, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2011 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 8, 2011 | Susan Connor | /s/ Susan Connor |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al., | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER |

## NEF SERVICE LIST

- Anne Marie Aaronson    aaaronson@dilworthlaw.com
- Marc Abrams    maosbny@willkie.com, mabrams@willkie.com
- Ann E. Acker    acker@chapman.com
- David J. Adler    dadler@mccarter.com
- Craig J. Albert    calbert@reitlerlaw.com
- Ana M. Alfonso    maosbny@willkie.com, aalfonso@willkie.com
- Darryl J. Alvarado    dalvarado@rgrdlaw.com, e_file_sd@rgrdlaw.com
- D. Sam Anderson    sanderson@bernsteinshur.com, acummings@bernsteinshur.com;lkubiak@bernsteinshur.com
- Carla O. Andres    candres@gklaw.com
- George Angelich    angelich.george@arentfox.com, angelich.george@arentfox.com;lane.katie@arentfox.com
- Tara B. Annweiler    tannweiler@greerherz.com
- Bruce G. Arnold    barnold@whdlaw.com
- John R. Ashmead    ashmead@sewkis.com
- Douglas Bacon    chefiling@lw.com, beth.arnold@lw.com
- Herbert Baer    rjacobs@ecf.epiqsystems.com
- Ingrid Bagby    ingrid.bagby@cwt.com,
  betty.comerro@cwt.com;michele.maman@cwt.com;tianna.jackson@cwt.com;david.kronenberg@cwt.com;jill.kaylor@cwt.com;benjamin.riskin@cwt.com
- Katrina Lynne Baker    kbaker@kramerlevin.com, mattorney@kramerlevin.com
- Helen Ball    mtaylor@ba-boult.com
- William G. Ballaine    wballaine@lcbf.com
- Andrew E. Balog    aeb@gtlaw.com
- Elizabeth Banda Calvo    rgleason@pbfcm.com, ebcalvo@pbfcm.com
- Duncan E. Barber    dbarber@bsblawyers.com
- Jean-David Barnea    jean-david.barnea@usdoj.gov
- David L. Barrack    dbarrack@fulbright.com
- Peter John Barrett    peter.barrett@kutakrock.com
- Lawrence Bass    lawrence.bass@hro.com
- Beatrice Hamza Bassey    bassey@hugheshubbard.com
- Paul M. Basta    pbasta@kirkland.com, jacob.goldfinger@kirkland.com;beth.friedman@kirkland.com
- Paul A. Batista    batista007@aol.com
- Ronald Scott Beacher    rbeacher@pryorcashman.com, docketing@pryorcashman.com
- Anne E. Beaumont    abeaumont@fklaw.com, lehmanbros@fklaw.com;vgarvey@fklaw.com
- Martin Beeler    mbeeler@cov.com
- T. Scott Belden    sbelden@kleinlaw.com, imedelli@kleinlaw.com;srucker@kleinlaw.com;kfryer@kleinlaw.com
- Christopher Robert Belmonte    cbelmonte@ssbb.com, pbosswick@ssbb.com
- Howard S. Beltzer    hbeltzer@mayerbrown.com
- Evan J. Benanti    evan.benanti@bingham.com
- Gregory M. Bentz    gbentz@polsinelli.com
- Walter Benzija    wbenzija@halperinlaw.net, lgu@halperinlaw.net
- Shaya M. Berger    bergers@dicksteinshapiro.com, managingattorneydept@dicksteinshapiro.com
- Jed I. Bergman    jbergman@kasowitz.com, courtnotices@kasowitz.com
- Jed I. Bergman    jbergman@kasowitz.com, courtnotices@kasowitz.com;smoskowitz@kasowitz.com
- Leslie Ann Berkoff    lberkoff@moritthock.com
- Ronit J. Berkovich    ronit.berkovich@weil.com
- Mark N. Berman    mberman@nixonpeabody.com
- Richard J. Bernard    rbernard@foley.com
- Darren Elliot Bernstein    bernsted@lbitrustee.com

| In re: | CHAPTER 11 |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC, et al., | |
| Debtor(s). | CASE NUMBER |

- Scott Howard Bernstein    sbernstein@hunton.com
- Daniel B. Besikof    dbesikof@loeb.com
- Riyaz G. Bhimani    rbhimani@eckertseamans.com
- Martin J. Bienenstock    martin.bienenstock@dl.com, tkarcher@dl.com;haaronson@dl.com;lsaal@dl.com
- Laurie R. Binder    binder@sewkis.com
- Robert Jeffery Black    jeffery.black@bingham.com, pat.wright@bingham.com
- Joshua R. Blackman    jBlackman@morganlewis.com
- Benjamin Blaustein    bblaustein@kelleydrye.com, KDWBankruptcyDepartment@kelleydrye.com
- Daniel S. Bleck    dbleck@mintz.com
- Elliot J. Blumenthal    elliot.blumenthal@bipc.com, elliot.blumenthal@bipc.com
- Anthony D. Boccanfuso    Anthony_Boccanfuso@aporter.com
- Carmine Boccuzzi    maofiling@cgsh.com, cboccuzzi@cgsh.com
- James Nicholas Boeving    james.n.boeving@usdoj.gov
- Phillip W. Bohl    phillip.bohl@gpmlaw.com
- Hilary B. Bonial    notice@bkcylaw.com
- Mark V. Bossi    mbossi@thompsoncoburn.com, lmckinnon@thompsoncoburn.com
- Maria A. Bove    mbove@pszjlaw.com, dharris@pszjlaw.com;mbove@pszjlaw.com
- Armen James Boyajian    jamesboyajian@gmail.com
- Jerrold Lyle Bregman    jbregman@curtis.com, ghertzberg@curtis.com
- Adam Brezine    adam.brezine@hro.com, Kerry.Moynihan@hro.com
- Timothy W. Brink    timothy.brink@dlapiper.com
- James L. Bromley    maofiling@cgsh.com
- Luke O. Brooks    lukeb@rgrdlaw.com
- Melvin A. Brosterman    mbrosterman@stroock.com, docketing@stroock.com;insolvency@stroock.com
- Mark A. Broude    mark.broude@lw.com, peter.gilhuly@lw.com
- Andrew P. Brozman    andrew.brozman@cliffordchance.com
- Robert W. Brundige    brundige@hugheshubbard.com
- Martin G. Bunin    marty.bunin@alston.com
- Spencer A. Burkholz    spenceb@rgrdlaw.com, e_file_sd@rgrdlaw.com
- Michael G. Busenkell    mbusenkell@wcsr.com, pgroff@wcsr.com
- Aaron R. Cahn    cahn@clm.com
- Daniel K. Cahn    dcahn@cahnlaw.com
- John M. Callagy    jcallagy@kelleydrye.com
- Carollynn H.G. Callari    ccallari@venable.com
- Donald F. Campbell    dcampbell@ghclaw.com
- Sarah Campbell    jdisanti@whitecase.com;mcosbny@whitecase.com
- Matthew Allen Cantor    info2@normandyhill.com
- John F. Carberry    jcarberry@cl-law.com, dsantos@cl-law.com
- Scott Cargill    scargill@lowenstein.com, msavetsky@lowenstein.com
- Roy H. Carlin    carlin@thshlaw.com
- Lawrence F. Carnevale    bankruptcy@clm.com
- James S. Carr    KDWBankruptcyDepartment@kelleydrye.com
- Daniel J. Carragher    djcarragher@daypitney.com
- Gerard Sylvester Catalanello    gcatalanello@duanemorris.com, gcatalanello@duanemorris.com
- Iskender Catto    icatto@kirkland.com
- Gabriel I. Chacon    gabriel.chacon@dol.lps.state.nj.us
- Shelley C. Chapman    maosbny@willkie.com
- Thomas E. Chase    tchase@rlrpclaw.com
- Omar-John C. Chavez    ochavez@smithstratton.com
- Pamela Rogers Chepiga    pamela.chepiga@newyork.allenovery.com, kurt.vellek@allenovery.com
- Ly S Chhay    ly.chhay@activfinancial.com

| In re: | CHAPTER  11 |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC, et al., | |
| Debtor(s). | CASE NUMBER |

- Jonathan Chi-Shoong Cho    jonathan.cho@allenovery.com
- Jennifer A. Christian    jennifer.christian@tklaw.com
- Shawn M. Christianson    schristianson@buchalter.com, cmcintire@buchalter.com
- Robert N. H. Christmas    rchristmas@nixonpeabody.com, nyc.managing.clerk@nixonpeabody.com
- Jeffrey Chubak    jchubak@dl.com
- Bruce E. Clark    clarkb@sullcrom.com, s&cmanagingclerk@sullcrom.com
- Jared Riley Clark    jared.clark@bingham.com, david.marcus@bingham.com,pat.wright@bingham.com
- Marvin E. Clements    agbanknewyork@ag.tn.gov
- Hollace T. Cohen    hollace.cohen@troutmansanders.com
- Joshua W. Cohen    jwcohen@daypitney.com
- Ronald L. Cohen    cohenr@sewkis.com
- Joshua D. Cohn    choupt@mayerbrown.com;jmarsala@mayerbrown.com
- Michael H. Cohn    mcohn@cohnroth.com, scaba@cohnroth.com
- Cassandra L. Coleman    ccoleman@garfield-county.com
- Jeffrey R. Coleman    coleman@hugheshubbard.com
- Kenneth P. Coleman    kurt.vellek@allenovery.com;jonathan.cho@allenovery.com
- Magdeline D. Coleman    donna.curcio@bipc.com
- Patrick Collins    pcollins@farrellfritz.com, ffbkmao@farrellfritz.com
- Christopher Combest    ccombest@quarles.com, fbf@quarles.com
- Dena Copulsky    dlcopulsky@hhlaw.com
- Joseph N. Cordaro    joseph.cordaro@usdoj.gov
- Kenneth Corey-Edstrom    kcoreyedstrom@larkinhoffman.com
- Patrick M. Costello    pcostello@vectislawgroup.com
- Steven Cousins    scousins@armstrongteasdale.com, jsant@armstrongteasdale.com
- David N. Crapo    dcrapo@gibbonslaw.com
- David A. Crichlow    david.crichlow@pillsburylaw.com
- Maureen A. Cronin    mao-ecf@debevoise.com
- Nicholas P. Crowell    ncrowell@sidley.com
- Leo T. Crowley    leo.crowley@pillsburylaw.com
- Walter H. Curchack    wcurchack@loeb.com, vrubinstein@loeb.com
- Louis A. Curcio    lcurcio@sonnenschein.com
- Vincent D'Agostino    vdagostino@lowenstein.com, jbecht@lowenstein.com
- Raniero D'Aversa    rdaversa@orrick.com, lmetzger@orrick.com
- Robert K. Dakis    robertdakis@quinnemanuel.com
- Michael R. Dal Lago    , bankruptcy@morrisoncohen.com
- J. Patrick Darby    pdarby@babc.com
- Andrew Rhys Davies    andrew.rhys.davies@allenovery.com, kurt.vellek@allenovery.com
- Jason C. Davis    jdavis@rgrdlaw.com, ptiffith@rgrdlaw.com
- Paul R. DeFilippo    pdefilippo@wmd-law.com, gparascondola@wmd-law.com;jgiampolo@wmd-law.com
- Louis T. DeLucia    ldelucia@schiffhardin.com, lbonilla@schiffhardin.com
- Jennifer C. DeMarco    jennifer.demarco@cliffordchance.com
- Gabriel Del Virginia, Esq.    gabriel.delvirginia@verizon.net
- John Dellaportas    dellajo@duanemorris.com
- Bradford E. Dempsey    bdempsey@faegre.com, cwilds@faegre.com
- Christopher M. Desiderio    cdesiderio@nixonpeabody.com, nyc.managing.clerk@nixonpeabody.com
- Mark W. Deveno    mark.deveno@bingham.com, pat.wright@bingham.com
- Francesco Di Pietro    francesco.dipietro@wg-law.com, gayle.eisenberg@wg-law.com
- Maria J. DiConza    diconzam@gtlaw.com, petermann@gtlaw.com;cusumanod@gtlaw.com
- Daryl L. Diesing    ddiesing@whdlaw.com, lramirez@whdlaw.com;pbartoli@whdlaw.com
- Sara Discepolo    Sara_Discepolo@verizon.net
- Caroline R. Djang    cdjang@rutan.com

| In re: | CHAPTER 11 |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC, et al., | |
| Debtor(s). | CASE NUMBER |

- Christopher R. Donoho    chris.donoho@lovells.com, scao@centerbridge.com
- Joshua Dorchak    joshua.dorchak@bingham.com
- Mark J. Dorval    mdorval@stradley.com
- Amish R. Doshi    adoshi@daypitney.com
- Amish R. Doshi    adoshi@magnozzikye.com
- Mary Joanne Dowd    dowd.mary@arentfox.com, rothleder.jeffrey@arentfox.com;campbell.andrea@arentfox.com
- Thomas Alan Draghi    tdraghi@westermanllp.com
- Dennis J. Drebsky    ddrebsky@nixonpeabody.com, nyc.managing.clerk@nixonpeabody.com
- Robert W. Dremluk    rdremluk@seyfarth.com, pbaisier@seyfarth.com,dchristian@seyfarth.com,
- Todd E. Duffy    tduffy@andersonkill.com, dnolan@andersonkill.com
- James C. Dugan    maosbny@willkie.com, jdugan@willkie.com
- Buce J. Duke    bruceduke@comcast.net
- David Dunn    ddunn@hhlaw.com;mferrara@hhlaw.com
- Matthew Dyer    BkMail@prommis.com
- David W. Dykhouse    dwdykhouse@pbwt.com, mcobankruptcy@pbwt.com
- Lawrence P. Eagel    eagel@bragarwexler.com
- Andrew B. Eckstein    aeckstein@blankrome.com, senese@blankrome.com
- Michael James Edelman    mjedelman@vedderprice.com, ecfnydocket@vedderprice.com
- Daniel Eggermann    deggermann@kramerlevin.com, mmakinde@kramerlevin.com;edaniels@kramerlevin.com
- Devon Eggert    deggert@freebornpeters.com, bkdocketing@freebornpeters.com
- Susan K. Ehlers    sehlers@armstrongteasdale.com
- Steven B. Eichel    seichel@crowell.com
- Jeremy D. Eiden    jeremy.eiden@state.mn.us
- Charles R. Ekberg    ekbergc@lanepowell.com
- Robert F. Elgidely    relgidely@gjb-law.com, gjbecf@gjb-law.com
- Erin L. Eliasen    eleliasen@stoel.com, basargent@stoel.com
- David S. Elkind    david.elkind@ropesgray.com, paul.lang@ropesgray.com
- Mark C. Ellenberg    mark.ellenberg@cwt.com, allison.dipasqua@cwt.com;betty.comerro@cwt.com
- Kristin Elliott    kelliott@kelleydrye.com
- Bertin C. Emmons    bemmons@sovereignbank.com
- Michael R. Enright    menright@rc.com
- Andrew J. Entwistle    aentwistle@entwistle-law.com, mbernard@entwistle-law.com;vcappucci@entwistle-law.com;jwhitman@entwistle-law.com;jporter@entwistle-law.com
- Scott L. Esbin    bankruptcyinfo@esbinalter.com, bankruptcyinfo@esbinalter.com
- Edward J. Estrada    eestrada@reedsmith.com
- Michael S. Etkin    metkin@lowenstein.com, mseymour@lowenstein.com;tdwatson@lowenstein.com
- William J. Factor    wfactor@wfactorlaw.com, slorber@wfactorlaw.com
- Michael A. Fagone    mfagone@bernsteinshur.com, astewart@bernsteinshur.com;lkubiak@bernsteinshur.com;sspizuoco@bernsteinshur.com
- Jessica Fainman    jessica.fainman@barclayscapital.com
- Robert Michael Farquhar    mfarquhar@winstead.com, whsu@winstead.com
- William L. Farris    farrisw@sullcrom.com, s&cmanagingclerk@sullcrom.com
- Gregg M. Ficks    gmf@cpdb.com
- Charles J. Filardi    charles@filardi-law.com, abothwell@filardi-law.com
- Steven E. Fineman    sfineman@lchb.com
- Steven J. Fink    sfink@orrick.com, nymao@orrick.com;tmitchell@orrick.com;jburke@orrick.com
- Harden Alexander Fisch    afisch@stutman.com
- Gabriel Fischbarg    fis123@yahoo.com
- Eric Fisher    fishere@dicksteinshapiro.com, managingattorneydept@dicksteinshapiro.com
- James C. Fitzpatrick    fitzpat@hugheshubbard.com

| | |
|---|---|
| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al.,<br><div align="right">Debtor(s).</div> | CHAPTER  11<br><br>CASE NUMBER |

- Steven B. Flancher     flanchers@michigan.gov
- Daniel J. Flanigan     dflanigan@polsinelli.com, tbackus@polsinelli.com
- Jonathan L. Flaxer     jflaxer@golenbock.com, eneuman@golenbock.com;mweinstein@golenbock.com
- Robert M. Fleischer     rfleischer@pryorcashman.com,
  docketing@pryorcashman.com;dstevens@pryorcashman.com
- Martin N. Flics     martin.flics@linklaters.com, shauin.wang@linklaters.com;casey.bell@linklaters.com
- Shawn Randall Fox     sfox@mcguirewoods.com, tcollins@mcguirewoods.com
- Mark A. Frankel     mfrankel@bfklaw.com;mark_frankel@yahoo.com
- Jane M. Freeberg     jfreeberg@wfw.com
- Mark Freedlander     mfreedlander@mcquirewoods.com, hhickman@mcguirewoods.com
- Rachel Freeman     rfreeman@dealysilberstein.com
- Elise Scherr Frejka     efrejka@kramerlevin.com
- Ellen A. Friedman     jquiambao@friedumspring.com
- Jeff J. Friedman     jeff.friedman@kattenlaw.com
- Kenneth Friedman     kfriedman@manatt.com
- Michael Friedman     mfriedman@rkollp.com,
  mschneider@rkollp.com;jhong@rkollp.com;dgallacher@rkollp.com
- Andrew J Frisch     afrisch@andrewfrisch.com
- Joseph Froehlich     jfroehlich@lockelord.com
- Thomas M. Gaa     tgaa@bbslaw.com, catherine@bbslaw.com
- Amanda J. Gallagher     amanda.gallagher@linklaters.com
- Alan E. Gamza     Agamza@mosessinger.com,
  dkick@mosessinger.com;dbutvick@mosessinger.com;cgresh@mosessinger.com;kkolbig@mosessinger.com
- R. Scott Garley     lduignan@gibbonslaw.com
- Samir Gebrael     sgebrael@klestadt.com
- Barry S. Gedan     gedanman@gedanlaw.com
- Karl Geercken     kgeercken@alston.com, kgeercken@alston.com;plewis@alston.com
- Lawrence V. Gelber     lawrence.gelber@srz.com
- Jan B. Geller     jbgesq@bway.net
- Katherine Geraci     geraci@thalergertler.com
- Anthony I. Giacobbe     agiacobbe@zeklaw.com
- Steven A. Ginther     sdnyecf@dor.mo.gov
- Glenn S. Gitomer     ggitomer@mkbattorneys.com
- Joseph M. Gitto     jgitto@nixonpeabody.com
- Lara O. Glaesman     lara.glaesman@leonard.com, ma.xiong@leonard.com
- Eduardo J. Glas     eglas@mccarter.com
- John P. Gleason     jgleason@gleasonkoatz.com
- Andrew K. Glenn     aglenn@kasowitz.com, courtnotices@kasowitz.com
- Larry Ivan Glick     lglick@shutts.com
- Jay M. Goffman     JGoffman@skadden.com, mmirkovi@skadden.com
- Andrew C. Gold     agold@herrick.com
- Matthew J. Gold     mgold@kkwc.com, mattgoldesq@optonline.net
- Stuart Gold     sgold@mandelbaumsalsburg.com
- Adam J. Goldberg     adam.goldberg@lw.com, alice.burke@lw.com;Kamil.redmond@lw.com
- Thomas D. Goldberg     tdgoldberg@dbh.com
- Richard M. Goldman     anthony.grossi@kirkland.com
- Seth Goldman     seth.goldman@mto.com
- Irena M. Goldstein     igoldstein@dl.com, pabelson@dl.com;lsaal@dl.com
- Brett D. Goodman     brett.goodman@troutmansanders.com, harriet.cohen@troutmansanders.com
- Todd M. Goren     tgoren@mofo.com, lmarinuzzi@mofo.com;brettmiller@mofo.com
- Andrew R. Gottesman     agottesman@secondmarket.com, gsalamone@secondmarket.com

| | |
|---|---|
| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al.,<br><div align="right">Debtor(s).</div> | CHAPTER   11<br><br>CASE NUMBER |

- Lawrence M. Gottlieb    lgesquire@lmgottlieb.com
- Christopher F. Graham    cgraham@mckennalong.com, jvargas@mckennalong.com
- Brian D. Graifman    bgraifman@gkblaw.com
- Lindsee Paige Granfield    lgranfield@cgsh.com,
  maofiling@cgsh.com;racooper@cgsh.com;gbongartz@cgsh.com;mfleming@cgsh.com;bmorag@cgsh.com;jmoss@cgsh.com;otseytkin@cgsh.com;jrietema@cgsh.com;jmsilva@cgsh.com;llipner@cgsh.com;reckenrod@cgsh.com m
- Ira S. Greene    ira.greene@hoganlovells.com, david.spinley@hoganlovells.com
- Carl M. Greenfeld    cgreenfeld@lowenstein.com
- Brian E. Greer    brian.greer@dechert.com
- Emanuel C. Grillo    egrillo@goodwinprocter.com
- Robert K. Gross    rgross@evw.com, slapriore@evw.com
- Stephen H. Gross    sgross@levettrockwood.com, kgilligan@levettrockwood.com
- Howard J. Grossman    howard.j.grossman@chase.com
- Edward P. Grosz    egrosz@reitlerlaw.com
- Steven T. Gubner    ecf@ebg-law.com
- Philip M. Guess    philg@klgates.com, rhonda.hinman@klgates.com
- Paul C. Gunther    pgunther@salans.com, nkhalatova@salans.com
- Daniel J. Guyder    daniel.guyder@allenovery.com,
  kurt.vellek@allenovery.com;jonathan.cho@allenovery.com;jessica.lubarsky@allenovery.com
- Richard F. Hahn    rfhahn@debevoise.com, jchung@debevoise.com;mao-bk-ecf@debevoise.com
- Robert R. Hall    robert.hall@azag.gov
- Terry E. Hall    tehall@bakerd.com
- Thomas J. Hall    thall@chadbourne.com
- Alan D. Halperin    ahalperin@halperinlaw.net,
  lgu@halperinlaw.net;cmitchell@halperinlaw.net;cbattaglia@halperinlaw.net
- Heidi L Hamilton    heidi@crumbielaw.com
- William Hao    william.hao@alston.com
- Carrie V. Hardman    chardman@klestadt.com
- Lee Harrington    lharrington@nixonpeabody.com
- Christopher Harris    Christopher.harris@lw.com, rachel.feld@lw.com
- Juandisha Harris    harrisj12@michigan.gov, holcombm@michigan.gov
- Lynn P. Harrison    lharrison@curtis.com,
  jdrew@curtis.com;mlischin@curtis.com;ceilbott@curtis.com;jpizzurro@curtis.com;ndelaney@curtis.com;dching@curtis.com
- Brian W. Harvey    bharvey@goodwinprocter.com, bharvey@goodwinprocter.com
- Howard R. Hawkins    howard.hawkins@cwt.com, allison.dipasqua@cwt.com;anthony.moore@cwt.com
- Patrick L. Hayden    phayden@mcguirewoods.com
- Dion W. Hayes    dhayes@mcguirewoods.com, phayden@mcguirewoods.com;kcain@mcguirewoods.com
- Nava Hazan    nhazan@mwe.com
- Patricia H. Heer    phheer@duanemorris.com, odmclean@duanemorris.com
- Douglas S. Heffer    dheffer@foley.com
- Christopher R. Heinrich    cheinrich@hslegalfirm.com
- Jay Heinrich    jheinrich@mkbllp.com
- James M. Heiser    heiser@chapman.com
- Jay S. Hellman    jsh@spallp.com
- Larry D. Henin    lhenin@eapdlaw.com
- Robin A. Henry    rhenry@bsfllp.com
- Sally M. Henry    Sally.Henry@skadden.com
- Ira L. Herman    ira.herman@tklaw.com, orlando.salcedo@tklaw.com
- Neil E. Herman    Nherman@morganlewis.com

| In re: | CHAPTER  11 |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC, et al., | |
| Debtor(s). | CASE NUMBER |

- Jennifer B. Herzog    jherzog@gklaw.com, mroufus@gklaw.com;zraiche@gklaw.com
- Paul S. Hessler    paul.hessler@linklaters.com, shauin.wang@linklaters.com
- William Heuer    wheuer@duanemorris.com
- Robert M. Hirsh    hirsh.robert@arentfox.com, constantino.nova@arentfox.com
- David J. Hoffman    djhoffman@djhoffmanlaw.com
- Evan C. Hollander    ehollander@whitecase.com, mcosbny@whitecase.com;jdisanti@whitecase.com
- Pamela Smith Holleman    pholleman@sandw.com
- Robert Neil Holtzman    rholtzman@kramerlevin.com
- Jonathan Hook    jonathan.hook@haynesboone.com,
  lenard.parkins@haynesboone.com;paul.fabsik@haynesboone.com
- Christopher J. Houpt    choupt@mayerbrown.com, jmarsala@mayerbrown.com
- Casey B. Howard    choward@lockelord.com
- Hamish Hume    hhume@bsfllp.com,
  NYC_Managing_Clerk@bsfllp.com;tbloomer@bsfllp.com;lsmith@bsfllp.com;nkemp@bsfllp.com
- Stephen C. Hunt    shunt@arnstein.com, sch.ecfnotices@gmail.com;amroot@arnstein.com
- Jay W. Hurst    jay.hurst@oag.state.tx.us
- Frederick D. Hyman    fhyman@mayerbrownrowe.com
- Jeremiah Iadevaia    jiadevaia@vladeck.com
- Adam H. Isenberg    aisenberg@saul.com
- Robbin L. Itkin    ritkin@steptoe.com, kpiper@steptoe.com,khollingsworth@steptoe.com
- Jennifer M. Jackson    jacksonj5@michigan.gov
- Steve Jakubowski    sjakubowski@colemanlawfirm.com
- Michael E. Johnson    michael.johnson@alston.com
- Robert Alan Johnson    rajohnson@akingump.com
- John J. Jolley    jay.jolley@fnf.com, thomas.roubidoux@kutakrock.com
- Roger G. Jones    rjones@bccb.com
- John E. Jureller    jjureller@klestadt.com, jjureller@klestadt.com
- Gregory O. Kaden    gkaden@goulstonstorrs.com
- William Wade Kannel    wkannel@mintz.com
- Richard S. Kanowitz    rkanowitz@cooley.com
- Alex J. Kaplan    ajkaplan@sidley.com, emcdonnell@sidley.com
- Gary Kaplan    gary.kaplan@ffhsj.com, peter.siroka@friedfrank.com
- Martin H. Kaplan    mkaplan@gkblaw.com
- Dimitri G. Karcazes    dimitri.karcazes@goldbergkohn.com
- David J. Karp    david.karp@srz.com, jonathan.blattmachr@srz.com
- Marc E Kasowitz    mkasowitz@kasowitz.com, courtnotices@kasowitz.com
- Diane J. Kasselman    dkasselman@kasselman-law.com
- Elyssa Suzanne Kates    ekates@bakerlaw.com
- Jordan Kaye    jkaye@kramerlevin.com
- Robert J. Keach    rkeach@bernsteinshur.com,
  acummings@bernsteinshur.com;sspizuoco@bernsteinshur.com;lkubiak@bernsteinshur.com;astewart@bernsteinshur.com
- Robin Elizabeth Keller    robin.keller@lovells.com, omeca.nedd@lovells.com
- Craig I. Kelley    grace@kelleylawoffice.com
- J. Michael Kelly    kellyjm@cooley.com
- Kenneth J. Kelly    kkelly@ebglaw.com, nyma@ebglaw.com
- Christopher K. Kiplok    kiplok@hugheshubbard.com
- Edward J. Kirk    edward.kirk@clydeco.us
- Paul Kizel    pkizel@lowenstein.com
- Barry R. Kleiner    dkleiner@velaw.com
- Douglas Koff    douglaskoff@paulhastings.com

| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al.,<br>Debtor(s). | CHAPTER  11<br>CASE NUMBER |
| --- | --- |

- Howard Koh    hkoh@meisterseelig.com
- Samuel S. Kohn    , dcunsolo@winston.com
- Claude F. Kolm    claude.kolm@acgov.org, jamartinez@acgov.org
- Alan Kolod    dkick@mosessinger.com
- Lawrence J. Kotler    ljkotler@duanemorris.com
- Deborah Kovsky-Apap    kovskyd@pepperlaw.com, kressk@pepperlaw.com,wisotska@pepperlaw.com,alexsym@pepperlaw.com
- Lisa J.P. Kraidin    lisa.kraidin@allenovery.com, kurt.vellek@allenovery.com
- Bennette D. Kramer    bdk@schlamstone.com
- Richard P. Krasnow    richard.krasnow@weil.com, richard.krasnow@weil.com;shai.waisman@weil.com;victoria.vron@weil.com
- Michael M. Krauss    mkrauss@faegre.com, charayda@faegre.com;cdougherty@faegre.com;mdoty@faegre.com
- Julia S. Kreher    rleek@hodgsonruss.com;jthoman@hodgsonruss.com
- J. Alex Kress    akress@riker.com
- Martin Krolewski    mkrolewski@kelleydrye.com, docketing@kelleydrye.com;BankruptcyCourt@KelleyDrye.com
- Justin A. Kuehn    kuehn@bragarwexler.com
- Greg T. Kupniewski    greg.kupniewski@flastergreenberg.com
- Paul J. Labov    plabov@eapdlaw.com
- Robinson B. Lacy    Lacyr@sullcrom.com, s&cmanagingclerk@sullcrom.com
- Darryl S. Laddin    bkrfilings@agg.com
- Michael C. Lambert    mclambert@lawpost-nyc.com
- Mark Landman    mlandman@lcbf.com
- David P. Langlois    david.langlois@sablaw.com
- Robert Laplaca    rlaplaca@levettrockwood.com
- Kevin J. Larner    klarner@riker.com
- Francis J. Lawall    lawallf@pepperlaw.com, henrys@pepperlaw.com;matourj@pepperlaw.com
- James N. Lawlor    jlawlor@wmd-law.com, jgiampolo@wmd-law.com
- David M. LeMay    dlemay@chadbourne.com
- Michael C. Ledley    mledley@wmd-law.com
- Mark G. Ledwin    mark.ledwin@wilsonelser.com
- David H. Lee    dlee@nixonpeabody.com, nyc.managing.clerk@nixonpeabody.com
- Alexander B. Lees    ablees@wlrk.com
- David S. Leinwand    dleinwand@avenuecapital.com
- Robert R. Leinwand    rrl@robinsonbrog.com, rleinwand@yahoo.com
- Robert J. Lemons    andrew.lyon@weil.com
- Stephen D. Lerner    stephen.lerner@ssd.com
- Ira M. Levee    ilevee@lowenstein.com, mseymour@lowenstein.com
- Shari D. Leventhal    shari.leventhal@ny.frb.org
- Erin S. Levin    elevin@lowenstein.com
- Richard B. Levin    rlevin@cravath.com, managing_attorneys_office@cravath.com;jmanning@cravath.com
- Jonathan Levine    bankruptcy@andrewskurth.com
- Jeffrey W. Levitan    jlevitan@proskauer.com, srutsky@proskauer.com
- Joel H. Levitin    JLevitin@cahill.com, MMcLoughlin@cahill.com;SGordon@cahill.com;Plinken@cahill.com
- Richard Levy    rlevy@pryorcashman.com
- Leo V. Leyva    lleyva@coleschotz.com
- Isabelle Liberman    iliberman@akingump.com
- Michael Liberman    mliberman@ebglaw.com, nyma@ebglaw.com
- Valdi Licul    vlicul@vladeck.com
- David Liebenstein    david.liebenstein@haynesboone.com
- Sarah E. Lieber    selieber@jonesday.com

| | |
|---|---|
| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al.,<br><br>                                    Debtor(s). | CHAPTER  11<br><br>CASE NUMBER |

- David Liebov    liebovd@sullcrom.com, S&Cmanagingclerk@sullcrom.com
- Demetra Liggins    demetra.liggins@tklaw.com
- Douglas J. Lipke    dlipke@vedderprice.com, ecfdocket@vedderprice.com
- Alan Jay Lipkin    alipkin@willkie.com, maosbny@willkie.com
- Joanne K. Lipson    jlipson@crockerlaw.com, ttracy@crockerlaw.com;nancy@crockerlaw.com
- Judy G.Z. Liu    judy.liu@dl.com, haaronson@dl.com;lsaal@dl.com
- Stephen T. Loden    sloden@diamondmccarthy.com,
  adiamond@diamondmccarthy.com;tmarkovich@diamondmccarthy.com;tpavalis@diamondmccarthy.com
- Joli A. Lofstedt    joli@crlpc.com
- Sarah K. Loomis Cave    cave@hugheshubbard.com
- Eric Lopez Schnabel    mikhailevich.jessica@dorsey.com;de.ecf@dorsey.com
- Sara E. Lorber    slorber@wfactorlaw.com
- Alexander S. Lorenzo    alexander.lorenzo@alston.com
- Daniel A. Lowenthal    dalowenthal@pbwt.com, mcobankruptcy@pbwt.com;bguiney@pbwt.com
- Mark L. Lubelsky    mark@mllassociates.com
- Donald K. Ludman    dludman@brownconnery.com
- Alan Lungen    alungen@kasowitz.com, alungen@kasowitz.com
- Kerri Anne Lyman    klyman@irell.com
- Michael C. Lynch    mlynch@kelleydrye.com, docketing@kelleydrye.com
- Bruce G. MacIntyre    bmacintyre@perkinscoie.com
- John H. Maddock    jmaddock@mcguirewoods.com, jsheerin@mcguirewoods.com
- Wendy Mager    wmager@smithstratton.com
- George E.B. Maguire    gebmaguire@debevoise.com, mao-bk-ecf@debevoise.com
- William R. Maguire    maguire@hugheshubbard.com
- William A Maher    wmaher@wmd-law.com
- John S. Mairo    jsmairo@pbnlaw.com,
  mdlaskowski@pbnlaw.com;sakelly@pbnlaw.com;lkkabse@pbnlaw.com;mpdermatis@pbnlaw.com;kdcurtin@pbnlaw.com
- Christopher J. Major    , tgorrell@rc.com
- Robert K. Malone    robert.malone@dbr.com
- Ray A. Mandlekar    e_file_sd@csgrr.com
- Beverly Weiss Manne    bmanne@tuckerlaw.com
- Julie A. Manning    bankruptcy@goodwin.com;bankruptcyparalegal@goodwin.com;egoldstein@goodwin.com
- Jacqueline Marcus    jacqueline.marcus@weil.com,
  jae.kim@weil.com;aliza.reicher@weil.com;jessica.liou@weil.com;stefanie.beyer@weil.com
- Alan E. Marder    lgomez@msek.com
- Jeffrey S. Margolin    margolin@hugheshubbard.com
- Lorenzo Marinuzzi    lmarinuzzi@mofo.com
- Scott S. Markowitz    smarkowitz@tarterkrinsky.com, kmenendez@tarterkrinsky.com
- D. Ross Martin    ross.martin@ropesgray.com, Patricia.Chen@ropesgray.com
- Rosanne Thomas Matzat
  jcerbone@hahnhessen.com;kcraner@hahnhessen.com;jzawadzki@hahnhessen.com;sthompson@hahnhessen.com;nrigano@hahnhessen.com;lschlussel@hahnhessen.com;kprimm@hahnhessen.com;jsmith@hahnhessen.com
- Laurence May    lmay@coleschotz.com
- Douglas Kirk Mayer    dkmayer@wlrk.com, calert@wlrk.com
- Sandra E. Mayerson    sandra.mayerson@ssd.com, wilfred.lancaster@ssd.com;rudy.green@ssd.com
- Kurt A. Mayr    kurt.mayr@bgllp.com
- Jil Mazer-Marino    jmazermarino@msek.com, kgiddens@msek.com
- James I. McClammy    james.mcclammy@davispolk.com
- Richard J. McCord    RMcCord@CBAH.com,
  afollett@certilmanbalin.com;cfollett@certilmanbalin.com;cglick@certilmanbalin.com

| In re: | CHAPTER 11 |
|--------|-----------|
| LEHMAN BROTHERS HOLDINGS, INC, et al., | |
| Debtor(s). | CASE NUMBER |

- Mark McDermott    Mark.McDermott@skadden.com
- Hugh M. McDonald    hmcdonald@sonnenschein.com, elsmith@sonnenschein.com;lcurcio@sonnenschein.com
- Daniel J. McGarry    dmcgarry@whdlaw.com, dkarns@whdlaw.com
- Frank McGinn    ffm@bostonbusinesslaw.com
- Lorraine S. McGowen    lmcgowen@orrick.com
- Mark E. McKane    mmckane@kirkland.com, sarah.farley@kirkland.com
- Michelle McMahon    michelle.mcmahon@bryancave.com, dortiz@bryancave.com
- Austin L. McMullen    amcmullen@babc.com
- John P. McNicholas
  william.coleman@dlapiper.com;rosemary.scariati@dlapiper.com;vincent.roldan@dlapiper.com;jeremy.johnson@dlapiper.com
- Matthew S. Melamed    MMelamed@rgrdlaw.com
- John P. Melko    jmelko@gardere.com
- Michelle A. Mendez    mmendez@hunton.com
- Michael T. Mervis    Mmervis@proskauer.com, Mmervis@proskauer.com;LSONYSB@proskauer.com
- Richard M. Meth    msteen@foxrothschild.com, mlsecf@gmail.com
- Lisa Milas    lmilas@rosicki.com, ecfnotice@rosicki.com
- Brett H. Miller    bmiller@mofo.com
- David Emanuel Miller    dmiller@rakowerlaw.com, mrakower@rakowerlaw.com
- Harvey R. Miller    harvey.miller@weil.com, garrett.fail@weil.com
- Ralph I. Miller    ralph.miller@weil.com
- W. Timothy Miller    miller@taftlaw.com, grote@taftlaw.com;docket@taftlaw.com
- Anne Miller-Hulbert    rocbkcourt@logs.com
- Jeffrey A. Mitchell    dweinberger@gibbonslaw.com;mbrech@gibbonslaw.com
- Joseph Thomas Moldovan    bankruptcy@morrisoncohen.com
- Thomas J. Moloney    maofiling@cgsh.com, tmoloney@cgsh.com;dlivshiz@cgsh.com
- Christopher R. Momjian    crmomjian@attorneygeneral.gov
- John J. Monaghan    bos-bankruptcy@hklaw.com
- Claude D. Montgomery    cmontgomery@salans.com;apabon@salans.com;nkhalatova@salans.com
- Martin A. Mooney    mmooney@deilylawfirm.com,
  tjohnson@deilylawfirm.com;bkecfactivitynotices@deilylawfirm.com
- James C. Moore    jcmoore1939@gmail.com, cjohnson@hselaw.com
- Matthew P. Morris    matthew.morris@lovells.com, hugh.hill@lovells.com;daniel.lanigan@lovells.com
- Joshua D. Morse    jmorse@dl.com, courtalert@dl.com
- Judy Hamilton Morse    judy.morse@crowedunlevy.com,
  ecf@crowedunlevy.com;donna.hinkle@crowedunlevy.com
- Eric T. Moser    eric.moser@klgates.com, kristen.serrao@klgates.com;felton.parrish@klgates.com
- Michael L. Moskowitz    mlm@weltmosk.com
- Seth A. Moskowitz    smoskowitz@kasowitz.com, courtnotices@kasowitz.com
- Monique J. Mulcare    mmulcare@mayerbrown.com
- Steven T. Mulligan    smulligan@bsblawyers.com
- Michael F. Murphy    murphym2@michigan.gov
- Jason A. Nagi    jnagi@polsinelli.com, tbackus@polsinelli.com
- David L. Neale    kjm@lnbyb.com, tma@lnbyb.com
- David Neier    dneier@winston.com, dcunsolo@winston.com
- Melissa Z. Neier    mneier@ibolaw.com
- Laura E. Neish    lneish@zuckerman.com
- Roger David Netzer    maosbny@willkie.com, rnetzer@willkie.com
- Steven H. Newman    snewman@katskykorins.com
- Philip John Nichols    pnichols@philipjohnnichols.com
- Robert E. Nies    rnies@wolffsamson.com, ecf@wolffsamson.com

| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al.,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER |
|---|---|

- Timothy F. Nixon    tnixon@gklaw.com, zraiche@gklaw.com;mroufus@gklaw.com
- Rebecca Northey    rnorthey-lbi@mhjur.com
- Richard P. Norton    rnorton@hunton.com
- Robert M. Novick    rnovick@kasowitz.com, courtnotices@kasowitz.com
- Harold S. Novikoff    hsnovikoff@wlrk.com, calert@wlrk.com
- Anne Faith O'Berry    jputnam@bermanesq.com
- Edmond P. O'Brien    eobrien@sbchlaw.com
- Brian Edward O'Connor    maosbny@willkie.com, boconnor@willkie.com
- Sean A. O'Neal    soneal@cgsh.com,
  maofiling@cgsh.com;jcroft@cgsh.com;crodriguez@cgsh.com;msercombe@cgsh.com
- Kalman Ochs    ochska@ffhsj.com
- Patrick D. Oh    patrick.oh@freshfields.com
- Sean A. Okeefe    sokeefe@winthropcouchot.com
- Jeffrey M. Olinsky    chad.valerio@db.com
- Juliana P. Oliveira    joliveira@kramerlevin.com
- Harold Olsen    holsen@stroock.com
- Matthew Olsen    molsen@morganlewis.com
- Karen Ostad    kostad@mofo.com
- Jody Michelle Oster    ECF.Oster@huntington.com
- Alec P. Ostrow    aostrow@beckerglynn.com, lmueller@beckerglynn.com;shennessey@beckerglynn.com
- Neil J. Oxford    oxford@hugheshubbard.com
- Isaac M. Pachulski    ipachulski@stutman.com
- Anthony Paduano    ap@pwlawyers.com, lw@pwlawyers.com
- R. Stephen Painter    spainter@cftc.gov
- Charles Palella    cpalella@kurzman.com
- Deryck A. Palmer    deryck.palmer@cwt.com,
  david.moura@cwt.com;wendy.kane@cwt.com;agnes.wysoczanski@cwt.com;scott.greenberg@cwt.com
- Charles N. Panzer    cpanzer@sillscummis.com
- Merritt A. Pardini
  dustin.branch@kattenlaw.com;brian.huben@kattenlaw.com;nyc.bknotices@kattenlaw.com;joni.jacobsen@kattenlaw.com;monica.mosby@kattenlaw.com
- David W. Parham    david.w.parham@bakernet.com, julia.rogic@bakermckenzie.com
- Barbra R. Parlin    barbra.parlin@hklaw.com
- Peter S. Partee    ppartee@hunton.com
- David S. Pegno    dpegno@dpklaw.com
- Alfredo R. Perez    alfredo.perez@weil.com,
  Michele.meises@weil.com;Chris.lopez@weil.com;gayle.mitchel@weil.com;manesh.shah@weil.com;michele.meises@weil.com;donald.etienne@weil.com;nicole.aliseo@weil.com;aliza.reicher@weil.com
- Robert E. Pershes    rpershes@bdblaw.com, sweires@bdblaw.com;cedwards@bdblaw.com
- Anne M. Peterson    anne.m.peterson@us.hsbc.com, lorraine.b.lubecki@us.hsbc.com
- Gregory M. Petrick    gregory.petrick@cwt.com, allison.dipasqua@cwt.com
- Deborah J. Piazza    dpiazza@abramslaw.com, rprimus@abramslaw.com
- Douglas J. Pick    dpick@picklaw.net, ezabicki@picklaw.net
- Thomas Pietrantonio    pietrantoniolaw@optonline.net
- Andrea Pincus    apincus@reedsmith.com
- Leslie A. Plaskon    leslieplaskon@paulhastings.com
- Sydney G. Platzer    splatzer@platzerlaw.com
- Frederick B. Polak    lml@ppgms.com
- John Polich    john.polich@ventura.org
- John N. Poulos    poulos@hugheshubbard.com
- Kiyam J. Poulson    kpoulson@dsnylaw.com

| | |
|---|---|
| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al.,<br><br>                                                                Debtor(s). | CHAPTER  11<br><br>CASE NUMBER |

- Constantine Pourakis    cp@stevenslee.com
- Jennifer Premisler    Jen.Premisler@cliffordchance.com
- Patricia Williams Prewitt    pwp@pattiprewittlaw.com
- William C. Price    wprice@thorpreed.com
- Madlyn Gleich Primoff    mprimoff@kayescholer.com, maosbny@kayescholer.com
- Jeffrey D. Prol    jprol@lowenstein.com
- Jacob S. Pultman    jacob.pultman@allenovery.com, kurt.vellek@allenovery.com
- Deborah Quinn    dquinn@garfield-county.com, garcoatt@garfield-county.com
- Jonathan I. Rabinowitz    jrabinowitz@rltlawfirm.com, ypalmeri@rltlawfirm.com
- Amanda Raboy    araboy@cov.com
- Paul A. Rachmuth    prachmuth@gerstensavage.com
- Randall Rainer    rrainer@wmd-law.com
- Jack A. Raisner    jar@outtengolden.com
- Kiara L. Rankin    kiara.rankin@bingham.com, angela.owens@bingham.com
- John J. Rapisardi    john.rapisardi@cwt.com, betty.comerro@cwt.com
- Craig V. Rasile    , adeboer@hunton.com,mmannering@hunton.com
- Paul L. Ratelle    pratelle@fwhtlaw.com
- Gary O. Ravert    gravert@mwe.com
- Sophia Ree    sree@lcbf.com
- Ira A. Reid    ira.a.reid@bakernet.com
- Russell Lowell Reid    rreid@sheppardmullin.com, bwolfe@sheppardmullin.com
- Steven J. Reisman    sreisman@curtis.com,
  ceilbott@curtis.com;jdrew@curtis.com;tbarnes@curtis.com;vhodeau@curtis.com;mgallagher@curtis.com;dching@curtis.com;njames@curtis.com;mgiugliano@curtis.com;hsaydah@curtis.com;jzimmer@curtis.com
- Howard D. Ressler    hressler@diamondmccarthy.com, sloden@diamondmccarthy.com
- Kenneth A. Reynolds    kreynolds@mklawnyc.com, jwalsh@mklawnyc.com;tcard@mklawnyc.com
- Alexander G. Rheaume    arheaume@riemerlaw.com, gmoss@riemerlaw.com
- Jeffrey N. Rich    jeff.rich@klgates.com, nathanael.meyers@klgates.com
- Marc E. Richards    mrichards@blankrome.com
- Paul J. Ricotta    pricotta@mintz.com
- Michael J. Riela    michael.riela@lw.com
- Fred B. Ringel    fbr@robinsonbrog.com
- Christy Rivera    crivera@chadbourne.com
- Dirk S. Roberts    dirk.roberts@ots.treas.gov
- Jennifer L. Rodburg    jennifer.rodburg@friedfrank.com,
  aaron.rothman@friedfrank.com;matthew.roose@friedfrank.com;richard.tisdale@friedfrank.com;aaron.kleinman@friedfrank.com
- Theodore O. Rogers    rogerst@sullcrom.com, s&cmanagingclerk@sullcrom.com
- William J.F. Roll    wroll@shearman.com
- William A. Rome    warome@hpplegal.com
- Jorian Rose    jlrose@venable.com
- Avrum J. Rosen    ajrlaw@aol.com,
  AJRLAW@aol.com;kberson@avrumrosenlaw.com;fkantrow@avrumrosenlaw.com;lstalker@avrumrosenlaw.com;dldobbin@avrumrosenlaw.com;gbara@avrumrosenlaw.com;emeade@avrumrosenlaw.com
- Arthur E. Rosenberg    arthur.rosenberg@hklaw.com
- Jeffrey M. Rosenberg    jeff@kleinsolomon.com
- Kermit A. Rosenberg    krosenberg@bltplaw.com
- Benjamin Rosenblum    brosenblum@jonesday.com
- Jeffrey A. Rosenthal    maofiling@cgsh.com
- Michael A. Rosenthal    mrosenthal@gibsondunn.com, jcontreras@gibsondunn.com
- Wendy Rosenthal    wendy.rosenthal@cliffordchance.com

| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al.,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER |
|---|---|

- David A. Rosenzweig    DRosenzweig@Fulbright.com
- David S. Rosner    dfliman@kasowitz.com;courtnotices@kasowitz.com
- Douglas B. Rosner    drosner@goulstonstorrs.com
- Melissa-Jean Rotini    mjr1@westchestergov.com
- Rene S. Roupinian    rroupinian@outtengolden.com
- Alex R. Rovira    arovira@sidley.com, emcdonnell@sidley.com
- Barry J Roy    broy@rltlawfirm.com, ypalmeri@rltlawfirm.com
- Kenneth Rudd    krudd@zeklaw.com
- Samuel H. Rudman    srudman@rgrdlaw.com
- Abby Rudzin    arudzin@omm.com
- Eric Litman Ruiz    eric.ruiz@davispolk.com
- Scott K. Rutsky    srutsky@proskauer.com
- Herbert K. Ryder    hryder@daypitney.com
- Jeffrey S. Sabin    jeffrey.sabin@bingham.com
- Jay G. Safer    jsafer@lockelord.com
- Chester B. Salomon    csalomon@beckerglynn.com, shennessey@beckerglynn.com;lmueller@beckerglynn.com
- Diane W. Sanders    austin.bankruptcy@publicans.com
- Jason Sanjana    jason.sanjana@lw.com
- Lori K. Sapir    lsapir@sillscummis.com
- Jeffrey L. Sapir-13    info@sapirch13tr.com
- Robert M. Sasloff    rms@robinsonbrog.com
- Paul A. Saso    psaso@gibbonslaw.com
- Joseph Cono Savino    savino@larypc.com, silvestro@larypc.com;ruda@larypc.com;fox@larypc.com;parvaneh@larypc.com;gardella@larypc.com
- Jennifer Savion    jsavion@ci.syracuse.ny.us
- Robert Scannell    rscannell@morganlewis.com
- Louis A. Scarcella    lscarcella@farrellfritz.com, ffbkmao@farrellfritz.com
- Eric A Schaffer    eschaffer@reedsmith.com, slucas@reedsmith.com
- Brian Schartz    bschartz@kirkland.com
- Jonathan D. Schiller    jschiller@bsfllp.com
- Michael L. Schleich    mschleich@fslf.com
- William H. Schorling    william.schorling@bipc.com, donna.curcio@bipc.com
- Carey D. Schreiber    cschreiber@winston.com
- Christopher P. Schueller    christopher.schueller@bipc.com, timothy.palmer@bipc.com;donna.curcio@bipc.com
- Dan Jeremy Schulman    dschulman@salans.com
- Andrea B. Schwartz    andrea.b.schwartz@usdoj.gov
- Jeffrey L. Schwartz    jcerbone@hahnhessen.com;kcraner@hahnhessen.com;sthompson@hahnhessen.com;jorbach@hahnhessen.com;jsmith@hahnhessen.com
- Matthew A. Schwartz    schwartzmatthew@sullcrom.com, s&cmanagingclerk@sullcrom.com
- Richard Schwed    rschwed@shearman.com
- Lisa M. Schweitzer    lschweitzer@cgsh.com, maofiling@cgsh.com;jmoss@cgsh.com;llipner@cgsh.com;reckenrod@cgsh.com
- Brendan M. Scott    bscott@klestadt.com
- John Scott    jlscott@reedsmith.com
- Barry N. Seidel    seidelb@butzel.com
- Howard Seife    arosenblatt@chadbourne.com
- Stephen B. Selbst    sselbst@herrick.com, courtnotices@herrick.com
- David R. Seligman    david.seligman@kirkland.com
- Andrew D. Shaffer    ashaffer@mayerbrown.com
- Joel M. Shafferman    joel@shafeldlaw.com

| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al., | CHAPTER  11 |
|---|---|
| Debtor(s). | CASE NUMBER |

- Dan Shaked     dan@shakedandposner.com
- Daniel Shamah    dshamah@omm.com
- Nolan E. Shanahan    nshanahan@coleschotz.com
- David B. Shemano    dshemano@pwkllp.com
- Thomas I. Sheridan    tsheridan@hanlyconroy.com
- Andrew Howard Sherman    asherman@sillscummis.com, asherman@sillscummis.com
- Mark Sherrill    mark.sherrill@sablaw.com
- Stephen J. Shimshak    sshimshak@paulweiss.com, sshimshak@paulweiss.com
- Michael A. Shiner    mshiner@tuckerlaw.com
- J. Christopher Shore    cshore@whitecase.com,
  jdisanti@whitecase.com;mcosbny@whitecase.com;jwinters@whitecase.com;Lindsay.Leonard@ny.whitecase.com
- Carren B. Shulman    cshulman@sheppardmullin.com, jshah@sheppardmullin.com
- Motty Shulman    MSHULMAN@BSFLLP.COM
- Patrick Sibley    psibley@pryorcashman.com, dstevens@pryorcashman.com
- Glenn E. Siegel    Glenn.Siegel@dechert.com
- Paul H. Silverman    PSilverman@mclaughlinstern.com
- Paul N. Silverstein    paulsilverstein@andrewskurth.com, jlevine@akllp.com
- Peter L. Simmons    peter.simmons@friedfrank.com
- Keith A. Simon    keith.simon@lw.com, chefiling@lw.com;beth.arnold@lw.com
- Leif T. Simonson    lsimonson@faegre.com
- Charles E. Simpson    csimpson@windelsmarx.com,
  detheridge@windelsmarx.com;mhudson@windelsmarx.com;mmartir@windelsmarx.com
- Howard G. Sloane    pfarren@cahill.com
- Thomas R. Slome    lgomez@msek.com
- Edward Smith    easmith@venable.com
- Elizabeth Page Smith    esmith@llgm.com
- John R. Smith    jrsmith@hunton.com
- Abigail Snow    asnow@ssbb.com
- Andrew T. Solomon    asolomon@sandw.com, rlombardo@sandw.com
- John Wesley Spears    john.spears@alston.com
- Arthur J. Spector    aspector@bergersingerman.com,
  byglesia@bergersingerman.com;efile@bergersingerman.com
- Mark A. Speiser    mspeiser@stroock.com, insolvency2@stroock.com
- Douglas E. Spelfogel    dspelfogel@foley.com, bmjones@foley.com
- James H.M. Sprayregen    jsprayregen@kirkland.com, wguerrieri@kirkland.com
- Marvin E. Sprouse    msprouse@jw.com, ccthomas@jw.com;kgradney@jw.com
- J. Gregory St.Clair    Chris.Dickerson@skadden.com;Elise.OConnell@skadden.com
- Katherine Stadler    kstadler@gklaw.com, zraiche@gklaw.com
- Bonnie Steingart    steinbo@ffhsj.com,
  nydocketclrk@ffhsj.com,Matthew.Roose@friedfrank.com,cedrick.mendoza-tolentino@friedfrank.com
- Jack G. Stern    jstern@bsfllp.com, NYC_Managing_Clerk@bsfllp.com
- Malani Sternstein    msternstein@sheppardmullin.com
- J. Robert Stoll    jstoll@mayerbrownrowe.com, jstoll@mayerbrownrowe.com
- Ralph M. Stone    rstone@lawssb.com
- Brent C. Strickland    bstrickland@wtplaw.com
- Harvey A. Strickon    harveystrickon@paulhastings.com
- Walter B. Stuart    walter.stuart@freshfields.com
- William S. Sugden    will.sugden@alston.com, heather.byrd@alston.com
- David A. Sullivan    david.sullivan@cliffordchance.com
- James M. Sullivan    jsullivan@mosessinger.com

| In re: | CHAPTER   11 |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC, et al., | |
| Debtor(s). | CASE NUMBER |

- Walter E. Swearingen    wswearingen@llf-law.com
- Claude Szyfer    cszyfer@stroock.com, docketing@stroock.com;insolvency@stroock.com
- Matthew S. Tamasco    mtamasco@schnader.com
- Sara M. Tapinekis    sara.tapinekis@cliffordchance.com
- Robert E. Tarcza    bobt@tglaw.net
- Charles Martin Tatelbaum    ctatelbaum@hinshawlaw.com, smerrill@hinshawlaw.com
- James Tecce    jamestecce@quinnemanuel.com
- Samuel Jason Teele    jteele@lowenstein.com, lbonito@lowenstein.com
- Jay Teitelbaum    jteitelbaum@tblawllp.com
- H. Marc Tepper    marc.tepper@bipc.com, donna.curcio@bipc.com
- Ronald M. Terenzi    rterenzi@stcwlaw.com
- April J. Theis    april.theis@azag.gov
- Richard C. Tisdale    richard.tisdale@friedfrank.com
- My Chi To    mcto@debevoise.com, mao-bk-ecf@debevoise.com
- Amit K. Trehan    atrehan@mayerbrown.com, atrehan@mayerbrown.com
- Curtis V. Trinko    ctrinko@trinko.com
- Patrick J. Trostle    ptrostle@jenner.com
- Brian Trust    btrust@mayerbrown.com
- Gerard Uzzi    guzzi@whitecase.com, mcosbny@whitecase.com;jdisanti@whitecase.com
- Jantra Van Roy    jvanroy@zeklaw.com
- Shmuel Vasser    shmuel.vasser@dechert.com
- Michael J. Venditto    mvenditto@reedsmith.com
- Raymond W. Verdi    rwvlaw@yahoo.com
- Jon C. Vigano    jvigano@schiffhardin.com
- Paul Vizcarrondo    pvizcarrondo@wlrk.com, calert@wlrk.com
- Shai Waisman    shai.waisman@weil.com,
  amanda.hendy@weil.com;jae.kim@weil.com;victoria.vron@weil.com;julio.gurdian@weil.com;michele.meises@weil.com
- Shai Waisman1    shai.waisman@weil.com
- Shai Waisman2    shai.waisman@weil.com
- Adrienne Walker    awalker@mintz.com
- Lisa L. Wallace    lwallace@mwc-law.com
- Josephine Wang    jwang@sipc.org
- Mark W. Warren    mwarren@mtb.com
- W. Clark Watson    cwatson@balch.com
- Corey R. Weber    ecf@ebg-law.com
- Jeffrey T. Wegner    jeffrey.wegner@kutakrock.com
- Chaya F. Weinberg-Brodt    chaya.weinberg@withers.us.com
- Daniel S Weinberger    dweinberger@gibbonslaw.com
- Gregg L. Weiner    weinegr@friedfrank.com, docketclerks@friedfrank.com
- Stephen L. Weinstein    sweinstein@eisemanlevine.com
- William P. Weintraub    wweintraub@fklaw.com, vgarvey@fklaw.com;gfox@fklaw.com
- Rochelle R. Weisburg    rochellew@shiboleth.com
- John W. Weiss    john.weiss@alston.com
- Elizabeth Weller    dallas.bankruptcy@publicans.com
- Mark F. Werle    eag@rsclaw.com;dmc@rsclaw.com
- David B. Wheeler    davidwheeler@mvalaw.com
- Timothy Raymond Wheeler    twheeler@lowenstein.com, lbonito@lowenstein.com;klafiura@lowenstein.com
- Lee Papachristou Whidden    lwhidden@salans.com, nkhalatova@salans.com
- Dennis J. Wickham    wickham@scmv.com, havard@scmv.com
- Monika S. Wiener    mwiener@dl.com, courtalert@dl.com

| In re:<br>LEHMAN BROTHERS HOLDINGS, INC, et al.,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER |
|---|---|

- Michael E. Wiles    mewiles@debevoise.com, mao-bk-ecf@debevoise.com
- Brady C. Williamson    bwilliamson@gklaw.com, zraiche@gklaw.com
- Deborah D. Williamson    dwilliamson@coxsmith.com, aseifert@coxsmith.com
- Eric J. Wilson    zraiche@gklaw.com
- Eric R. Wilson    KDWBankruptcyDepartment@Kelleydrye.com
- L. Matt Wilson    efile@willaw.com
- Michael G. Wilson    mwilson@hunton.com, shislop@hunton.com;candonian@hunton.com
- Stephen P Wing    spwing@iabar.org
- Eric D. Winston    ericwinston@quinnemanuel.com
- Steven R. Wirth    swirth@wmd-law.com
- Jane Rue Wittstein    jruewittstein@jonesday.com
- Amy R. Wolf    arwolf@wlrk.com, calert@wlrk.com
- Joshua Matthew Wolf    jowolf@law.nyc.gov
- Blanka K. Wolfe    bwolfe@sheppardmullin.com
- Steven Wolowitz    swolowitz@mayerbrown.com, jmarsala@mayerbrown.com
- James Addison Wright    james.wright@ropesgray.com
- Karon Y. Wright    karon.wright@co.travis.tx.us, bkecf@co.travis.tx.us
- Thomas John Wright    wrightth@sullcrom.com
- Robert C. Yan    ryan@farrellfritz.com, ffbkmao@farrellfritz.com
- David Farrington Yates    farrington.yates@snrdenton.com
- Jack Yoskowitz    yoskowitz@sewkis.com
- Jerome Zamos    zamoslaw@aol.com
- Erin Zavalkoff    ecfnydocket@vedderprice.com
- Menachem O. Zelmanovitz    mzelmanovitz@morganlewis.com
- George A. Zimmerman    brian.mcdermott@skadden.com
- N. Theodore Zink    tzink@chadbourne.com, tzink@chadbourne.com;crivera@chadbourne.com
- Peter Alan Zisser    peter.zisser@ssd.com, wilfred.lancaster@ssd.com;rudy.green@ssd.com
- Scott A. Zuber    szuber@daypitney.com, jhahn@daypitney.com
- Edward P. Zujkowski    ezujkowski@emmetmarvin.com, ezujkowski@emmetmarvin.com
- Ellen Zweig    ezweig@optonline.net
- Abraham L. Zylberberg    azylberberg@whitecase.com, mcosbny@whitecase.com;jdisanti@whitecase.com