Hearing Date and Time: June 15, 2011 at 10:00 a.m. EDT
Objection Deadline: June 8, 2011 at 4:00 p.m. EDT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.*

Debtors.

Chapter 11

Case No. 08-13555 (JMP)

Jointly Administered

## DEUTSCHE BUNDESBANK'S LIMITED OBJECTION TO THE MOTION OF THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS PURSUANT TO SECTIONS 105(a) AND 1109(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2019 AND 7026 TO ESTABLISH DISCLOSURE PROCEDURES

Deutsche Bundesbank ("Bundesbank") hereby files this limited objection (the "Limited Objection") to the *Motion of the Ad Hoc Group of Lehman Brothers Creditors Pursuant to Sections 105(a) and 1109(b) of the Bankruptcy Code and Bankruptcy Rules 2019 and 7026 to Establish Disclosure Procedures*, filed May 23, 2011 [Dkt. No. 17014] (the "Disclosure Procedures Motion" or the "Motion") by the self-styled Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group").

### INTRODUCTION

1. Bundesbank does not object to the Motion to the extent that it seeks relief that amounts to a clarification of the requirements of Rule 2019. Rule 2019 is mandatory for those entities to whom it applies, and hundreds of statements under the rule have been filed in these cases. As both the Debtors and the Ad Hoc Group have noted in prior filings, "the primary factor requiring compliance with Rule 2019 is the taking of 'collective action' by the creditors, which thereby asks [*sic*] 'the court and other parties to give their positions a degree of credibility appropriate to a unified group with large holdings.'" Debtors' Reply In Further Support Of The Motion To Compel The Ad Hoc Group Of Lehman Brothers Creditors To Comply With Federal Rule of Bankruptcy Procedure 2019, dated April 11, 2011 [Dkt. No. 15814], ¶ 2 (citing *In re*

*Northwest Airlines Corp. et al.*, 363 B.R. 701, 703 (Bankr. S.D.N.Y. 2007)); *see also* Limited Objection Of The Ad Hoc Group Of Lehman Brothers Creditors To Motion Of Lehman Brothers Holdings Inc. To Compel The Ad Hoc Group Of Lehman Brothers Creditors To Comply With Federal Rule Of Bankruptcy Procedure 2019, dated April 8, 2011 [Dkt. No. 15746], ¶ 14.

2. However, the Ad Hoc Group acknowledges that their Disclosure Procedures Motion goes well beyond the established requirements of Rule 2019 and seeks to impose broad disclosure obligations that are separate from, and in addition to, those imposed by Rule 2019.[1] These new disclosure obligations would reach any party which intends to "voice concerns in an individual capacity with respect to plan-related issues." Mot. ¶ 19. The Ad Hoc Group further acknowledges that these procedures, if ordered, would be wholly unprecedented in US bankruptcy law. In light of the unprecedented breadth and scope of the proposed procedures, as well as the fact that the proposals originated in the Ad Hoc Group's objections to the Debtors' request to enforce Rule 2019 against them, the Ad Hoc Group's attempt to clothe the Motion in the virtues of "fairness" and "transparency" rings untrue.

3. Bundesbank is a creditor in these cases and has elected to be a "Participant" in plan-related discovery pursuant to the Order Establishing Schedule And Procedures In Connection With Discovery Related To Plan Confirmation And Other Issues, dated April 14, 2011 [Dkt. No. 16003] (the "Plan Discovery Order").

4. As further described below, Bundesbank respectfully submits this Limited Objection to the Disclosure Procedures Motion because:

---

[1] Even the amendment to Rule 2019 in the form approved by the Supreme Court on April 26, 2011 does not go as far as the Ad Hoc Group's proposal would require.

      i.    Expanding disclosure requirements to creditors and their attorneys and advisors beyond the "collective action" rubric is unprecedented and unwarranted in this case; and

      ii.    Even if the universe of parties required to comply were appropriate, the proposed categories of information to be disclosed are unworkably vague.

### BUNDESBANK'S LIMITED OBJECTION

5.    The Ad Hoc Group frames the proposed disclosure procedures in two phases: <u>first</u>, by identifying the categories of parties who will be required to make new disclosures, and <u>second</u>, by identifying the types of information that such parties must disclose. *See* Mot. ¶¶ 22-23. Bundesbank's objection to each phase is described in turn below.

A.    <u>The Ad Hoc Group's Request To Expand Disclosure Requirements To Creditors And Their Attorneys And Advisors Beyond The "Collective Action" Context Should Be Rejected</u>

6.    The Disclosure Procedures Motion proposes to require parties in the following categories to make public disclosures regarding their interests:

- Any plan proponent;
- Any Participant in the plan discovery (as that term is defined in the Plan Discovery Order [Docket No. 16003]);
- Any parties acting in cooperation or concert with others whether or not represented jointly or by a single law firm or other advisors; and
- To the extent any formal plan negotiation process is ever implemented, whether by Court order, such as mediation, or by effort of the Debtors or the Creditors Committee, any party seeking to participate in any such negotiation.

*See id.* ¶ 22.

7.  As a general matter, Bundesbank does not object to any request for clarification of disclosure obligations imposed on creditors engaged in "collective action" as discussed in the *Northwest Airlines* case. However, to the extent that the Disclosure Procedures Motion seeks to impose such obligations on creditors or other parties not engaged in collective action, the Motion is unprecedented in US bankruptcy law and unwarranted in this case.

8.  The plan process is the very core of every chapter 11 case. Designed as a consensual process with the power to bind dissenting minorities and classes, it relies on active creditor involvement rather than an independent watchdog to "voice concerns" on "plan-related issues" to the Court at confirmation. Imposing the burden of complying with Rule 2019 on each creditor that elects to participate in the plan discovery and confirmation process -- solely because of that participation -- is not only without a legal basis but may also, Bundesbank submits, ultimately diminish the integrity of the plan process itself by discouraging active participation.[2]

9.  In addition, the above-quoted categories of parties affected by the Disclosure Procedures Motion is described in vague terms susceptible to overly broad interpretations. For example, to the extent that every "Participant" in plan discovery is within the purview of the Motion, this includes not only creditor-Participants but also the attorneys and any advisors identified on a creditor-Participant's notice of intent, per the order governing plan discovery. *See* Plan Discovery Order ¶ 2(a). Similarly, the term "parties" in the Motion's proposed order might also be construed to encompass any attorney or advisor "acting in cooperation or concert with others" or involved in a future plan negotiation process. This construction is supported by the fact that the Motion cites, as examples of inadequate 2019 disclosures that would presumably be remedied by the measures proposed by the Motion,

---

[2] For cause, should the circumstances warrant it, the Court may determine it has the power to require additional disclosure. This Limited Objection is addressed solely to the imposition of a "one size fits all" requirement.

statements by law firms representing multiple creditors in this case. *See* Mot. ¶¶ 16-17. This vagueness may lead to confusion and unnecessary litigation in chapter 11 cases that are already extremely complicated by any measure.

B.  The Ad Hoc Group's Proposed Categories Of Information To Be Disclosed Are Unworkably Vague

10. For each entity in the above categories, the Disclosure Procedures Motion proposes to require disclosure, at a minimum, of:

- All holdings including those of affiliates broken down on a creditor legal entity basis and Lehman legal entity basis, including material foreign affiliates;

- Whether holdings are held solely of record or beneficially and, to the extent the power to vote such holdings is not under common control, how such voting power is divided;

- The nature of the claim, e.g., whether such claim is bond debt, a derivative claim, a guarantee claim, etc., and if such claim is a guarantee claim, the nature of the underlying primary claim and the basis for asserting the guarantee;

- Whether such claim was acquired or accrued prepetition or postpetition and, if such claim was acquired postpetition, the date of purchase and the price paid;

- Any agreements, whether oral or written, regarding the governance of any group of entities working together; and

- Any arrangements or agreements, whether oral or written, with respect to the sharing of fees and costs among parties.

*See id.* ¶ 23.

11. Bundesbank objects to the above-quoted categories of information to be disclosed because they are overly vague so as to be unworkable and confusing. For example, the Motion (and its proposed order) fails to define or explain the terms "holdings", "affiliates",

"Lehman" or "claim". The Motion (and proposed order) also fails to define or explain the meaning of "the basis for asserting the guarantee" which parties will be required to disclose.

12. The vagueness of the categories of information required to be disclosed will lead to vastly different interpretations between and among parties, which will, in turn, result in disclosures of information among different parties with vastly different levels of detail and scope. Such a result increases unfairness among creditors and thus undermines the goals of "fairness" and "transparency" that are purportedly at the heart of the Ad Hoc Group's Motion.

13. If these categories, as formulated in the Motion, become required by order of the Court, they will engender conflict among interested parties in these cases. For these reasons, the Motion cannot be granted in its present form.

## CONCLUSION

14. Bundesbank respectfully submits this Limited Objection to the Ad Hoc Group's Disclosure Procedures Motion and requests that any order entered pursuant to the Motion reflect the concerns stated herein.

Dated: New York, New York  
June 8, 2011

Respectfully submitted,

_/s/ Patrick Oh_

Walter B. Stuart  
Patrick D. Oh

FRESHFIELDS BRUCKHAUS DERINGER US LLP  
520 Madison Ave, 34th Floor  
New York, New York 10022  
Tel: 212.277.4000  
Fax: 212.277.4001  
walter.stuart@freshfields.com  
patrick.oh@freshfields.com

*Attorneys for Deutsche Bundesbank*