# EXHIBIT B

April 26, 2011

Honorable John A. Boehner
Speaker of the House of Representatives
Washington, D.C. 20515

Dear Mr. Speaker:

I have the honor to submit to the Congress the amendments to the Federal Rules of Bankruptcy Procedure that have been adopted by the Supreme Court of the United States pursuant to Section 2075 of Title 28, United States Code.

Accompanying these rules are excerpts from the report of the Judicial Conference of the United States containing the Committee Notes submitted to the Court for its consideration pursuant to Section 331 of Title 28, United States Code.

Sincerely,

/s/ John G. Roberts, Jr.

April 26, 2011


Honorable Joseph R. Biden, Jr.
President, United States Senate
Washington, D.C.  20510

Dear Mr. President:

     I have the honor to submit to the Congress the amendments to the Federal
Rules of Bankruptcy Procedure that have been adopted by the Supreme Court of the
United States pursuant to Section 2075 of Title 28, United States Code.

     Accompanying these rules are excerpts from the report of the Judicial
Conference of the United States containing the Committee Notes submitted to the
Court for its consideration pursuant to Section 331 of Title 28, United States Code.

Sincerely,

/s/ John G. Roberts, Jr.

April 26, 2011

SUPREME COURT OF THE UNITED STATES

ORDERED:

1.  That the Federal Rules of Bankruptcy Procedure be, and they hereby are, amended by including therein amendments to Bankruptcy Rules 2003, 2019, 3001, 4004, and 6003, and new Rules 1004.2 and 3002.1.

[See infra., pp. __ __ __.]

2.  That the foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 2011, and shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.

3.  That THE CHIEF JUSTICE be, and hereby is, authorized to transmit to the Congress the foregoing amendments to the Federal Rules of Bankruptcy Procedure in accordance with the provisions of Section 2075 of Title 28, United States Code.

## AMENDMENTS TO THE FEDERAL
## RULES OF BANKRUPTCY PROCEDURE

### Rule 1004.2.  Petition in Chapter 15 Cases

(a) DESIGNATING   CENTER   OF   MAIN
INTERESTS.   A petition for recognition of a foreign
proceeding under chapter 15 of the Code shall state the
country where the debtor has its center of main interests.
The petition shall also identify each country in which a
foreign proceeding by, regarding, or against the debtor is
pending.

(b) CHALLENGING DESIGNATION.   The United
States trustee or a party in interest may file a motion for
a determination that the debtor's center of main interests
is other than as stated in the petition for recognition
commencing the chapter 15 case.  Unless the court orders
otherwise, the motion shall be filed no later than seven
days before the date set for the hearing on the petition.

2    FEDERAL RULES OF BANKRUPTCY PROCEDURE

The motion shall be transmitted to the United States trustee and served on the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor was a party as of the time the petition was filed, and such other entities as the court may direct.

**Rule 2003. Meeting of Creditors or Equity Security Holders**

\* \* \* \* \*

(e) ADJOURNMENT.   The meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time.   The presiding official shall promptly file a statement specifying the date and time to which the meeting is adjourned.

\* \* \* \* \*

FEDERAL RULES OF BANKRUPTCY PROCEDURE     3

**Rule 2019.   Disclosure Regarding Creditors and Equity Security Holders in Chapter 9 and Chapter 11 Cases**

(a)   DEFINITIONS.  In this rule the following terms have the meanings indicated:

(1)   "Disclosable economic interest" means any claim, interest, pledge, lien, option, participation, derivative instrument, or any other right or derivative right granting the holder an economic interest that is affected by the value, acquisition, or disposition of a claim or interest.

(2)   "Represent" or "represents" means to take a position before the court or to solicit votes regarding the confirmation of a plan on behalf of another.

(b)   DISCLOSURE BY GROUPS, COMMITTEES, AND ENTITIES.

(1)   In a chapter 9 or 11 case, a verified statement setting forth the information specified in

4     FEDERAL RULES OF BANKRUPTCY PROCEDURE

subdivision (c) of this rule shall be filed by every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another.

(2)  Unless the court orders otherwise, an entity is not required to file the verified statement described in paragraph (1) of this subdivision solely because of its status as:

(A)  an indenture trustee;

(B)  an agent for one or more other entities under an agreement for the extension of credit;

(C)  a class action representative; or

(D)  a governmental unit that is not a person.

FEDERAL RULES OF BANKRUPTCY PROCEDURE    5

(c)  INFORMATION  REQUIRED.    The  verified statement shall include:

(1)   the   pertinent   facts   and   circumstances concerning:

(A)  with respect to a group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the formation of the group or committee, including the name of each entity at whose instance the group or committee was formed or for whom the group or committee has agreed to act; or

(B)  with   respect   to   an   entity,   the employment of the entity, including the name of each creditor or equity security holder at whose instance the employment was arranged;

(2)   if not disclosed under subdivision (c)(1), with respect to an entity, and with respect to each member of a group or committee:

6    FEDERAL RULES OF BANKRUPTCY PROCEDURE

(A)  name and address;

(B) the nature and amount of each disclosable economic interest held in relation to the debtor as of the date the entity was employed or the group or committee was formed; and

(C)  with respect to each member of a group or committee that claims to represent any entity in addition to the members of the group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the date of acquisition by quarter and year of each disclosable economic interest, unless acquired more than one year before the petition was filed;

(3)  if not disclosed under subdivision (c)(1) or (c)(2), with respect to each creditor or equity security holder represented by an entity, group, or committee, other than a committee appointed under § 1102 or § 1114 of the Code:

FEDERAL RULES OF BANKRUPTCY PROCEDURE     7

(A)   name and address; and

(B)   the   nature   and   amount   of   each disclosable economic interest held in relation to the debtor as of the date of the statement; and

(4)   a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors or equity security holders.

(d)   SUPPLEMENTAL STATEMENTS.   If any fact disclosed in its most recently filed statement has changed materially, an entity, group, or committee shall file a verified supplemental statement whenever it takes a position before the court or solicits votes on the confirmation of a plan.  The supplemental statement shall set forth the material changes in the facts required by subdivision (c) to be disclosed.

8    FEDERAL RULES OF BANKRUPTCY PROCEDURE

(e)   DETERMINATION OF FAILURE TO COMPLY; SANCTIONS.

(1)   On motion of any party in interest, or on its own motion, the court may determine whether there has been a failure to comply with any provision of this rule.

(2)   If the court finds such a failure to comply, it may:

(A)   refuse to permit the entity, group, or committee to be heard or to intervene in the case;

(B)   hold invalid any authority, acceptance, rejection, or objection given, procured, or received by the entity, group, or committee; or

(C)   grant other appropriate relief.

FEDERAL RULES OF BANKRUPTCY PROCEDURE     9

**Rule 3001.  Proof of Claim**

\* \* \* \* \*

(c)  SUPPORTING INFORMATION.

(1)  *Claim Based on a Writing.*  When a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim.  If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

(2)  *Additional Requirements in an Individual Debtor Case; Sanctions for Failure to Comply.*  In a case in which the debtor is an individual:

(A)  If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

10    FEDERAL RULES OF BANKRUPTCY PROCEDURE

(B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.

(C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

FEDERAL RULES OF BANKRUPTCY PROCEDURE    11

(i)  preclude    the    holder    from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(ii)  award  other  appropriate  relief, including reasonable expenses and attorney's fees caused by the failure.

* * * * *

**Rule 3002.1.  Notice Relating to Claims Secured by Security  Interest  in  the  Debtor's  Principal Residence**

(a)  IN GENERAL.  This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan.

(b)  NOTICE OF PAYMENT CHANGES.  The holder of the claim shall file and serve on the debtor, debtor's

12    FEDERAL RULES OF BANKRUPTCY PROCEDURE

counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.

(c) NOTICE OF FEES, EXPENSES, AND CHARGES. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

(d) FORM AND CONTENT. A notice filed and served under subdivision (b) or (c) of this rule shall be prepared as prescribed by the appropriate Official Form,

FEDERAL RULES OF BANKRUPTCY PROCEDURE    13

and filed as a supplement to the holder's proof of claim.
The notice is not subject to Rule 3001(f).

(e)  DETERMINATION OF FEES, EXPENSES, OR
CHARGES.  On motion of the debtor or trustee filed
within one year after service of a notice under subdivision
(c) of this rule, the court shall, after notice and hearing,
determine whether payment of any claimed fee, expense,
or charge is required by the underlying agreement and
applicable nonbankruptcy law to cure a default or
maintain payments in accordance with § 1322(b)(5) of the
Code.

(f)  NOTICE OF FINAL CURE PAYMENT.  Within
30 days after the debtor completes all payments under the
plan, the trustee shall file and serve on the holder of the
claim, the debtor, and debtor's counsel a notice stating
that the debtor has paid in full the amount required to
cure any default on the claim.  The notice shall also

14   FEDERAL RULES OF BANKRUPTCY PROCEDURE

inform the holder of its obligation to file and serve a response under subdivision (g). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice.

(g) RESPONSE TO NOTICE OF FINAL CURE PAYMENT. Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The

FEDERAL RULES OF BANKRUPTCY PROCEDURE   15

statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

(h) DETERMINATION OF FINAL CURE AND PAYMENT. On motion of the debtor or trustee filed within 21 days after service of the statement under subdivision (g) of this rule, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts.

(i) FAILURE TO NOTIFY. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:

(1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case,

16     FEDERAL RULES OF BANKRUPTCY PROCEDURE

unless the court determines that the failure was substantially justified or is harmless; or

(2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

**Rule 4004.  Grant or Denial of Discharge**

\* \* \* \* \*

(b)  EXTENSION OF TIME.

(1)  On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge.   Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

(2)  A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge,

FEDERAL RULES OF BANKRUPTCY PROCEDURE   17

would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection.  The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

\* \* \* \* \*

**Rule 6003.  Interim and Final Relief Immediately Following the Commencement of the Case — Applications for Employment; Motions for Use, Sale, or Lease of Property; and Motions for Assumption or Assignment of Executory Contracts**

Except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting the following:

(a)   an application under Rule 2014;

(b)   a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a

18    FEDERAL RULES OF BANKRUPTCY PROCEDURE

motion to pay all or part of a claim that arose before the

filing of the petition, but not a motion under Rule 4001; or

(c)  a motion to assume or assign an executory

contract or unexpired lease in accordance with § 365.