Hearing Date and Time: June 15, 2011, at 10:00 a.m. (New York time)
Objection Deadline: June 8, 2011, at 4:00 p.m. (New York time)

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
Telephone:  (212) 756-2000
Facsimile:  (212) 593-5955
Lawrence V. Gelber
Adam L. Hirsch

Attorneys for the King Street Parties

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | **08-13555 (JMP)** |
| Debtors. | **(Jointly Administered)** |

**RESPONSE OF THE KING STREET PARTIES TO THE MOTION OF THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS PURSUANT TO SECTIONS 105(a) AND 1109(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2019 AND 7026 TO ESTABLISH DISCLOSURE PROCEDURES**

The King Street Parties[1] hereby respond to the May 23, 2011 motion of the "Ad Hoc Group of Lehman Brothers Creditors," seeking to establish and implement disclosure procedures for these chapter 11 cases [Docket No. 17014] (the "Motion"), as follows:

**Response**

1. The King Street Parties oppose the Motion to the extent it seeks disclosure of information beyond the scope of what is required by the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (as currently in effect and as proposed to be amended, the "Bankruptcy Rules"), and the local rules of this Court.

---

[1] The King Street Parties, various entities for which King Street Capital Management, L.P. serves as manager or investment manager, are "Participants" under the Court's April 14, 2011 order establishing, among other things, procedures for discovery related to plan confirmation [Docket No. 16003].

DOC ID-16640922.3

2.  Bankruptcy Rule 2019, as currently in effect, focuses its disclosure requirements on committees and groups of creditors, requiring certain disclosures by "every entity or committee representing more than one creditor or equity security holder and . . . every indenture trustee." Bankruptcy Rule 2019(a). The amendment to this rule, scheduled to become effective on December 1, 2011 ("Amended Rule 2019"), continues this exclusive focus on committees and groups of creditors by requiring disclosures by "every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another."[2] Amended Rule 2019(b)(1).

3.  The Motion seeks to broaden the scope of disclosure in these cases far beyond anything contemplated by Bankruptcy Rule 2019 or Amended Rule 2019 by requiring public disclosures from individual creditors and stakeholders, including "[a]ny Participant in the plan discovery"; "[a]ny parties acting in cooperation or concert with others whether or not represented by a single law firm or other advisors"; and "[t]o the extent any formal plan negotiation process is ever implemented, whether by Court order, such as mediation, or by effort of the Debtors or the Creditors Committee, any party seeking to participate in such negotiation." Motion, ¶ 22. The Motion fails, however, to articulate a valid legal basis for going so far beyond the scope of Bankruptcy Rule 2019 and compelling such public disclosures by a multitude of individual creditors and stakeholders.

4.  Not only does the Motion cast too wide a net, it also seeks to inappropriately expand the scope of both Bankruptcy Rule 2019 and Amended Rule 2019 by requesting public disclosure of, among other things,:

---

[2] A copy of Amended Rule 2019 is attached as Exhibit A.

- "[a]ll holdings including those of affiliates broken down on a creditor legal entity basis and Lehman legal entity basis, including material foreign affiliates";
- "[w]hether holdings are held solely of record or beneficially and, to the extent the power to vote such holdings is not under common control, how such voting power is divided";
- "[t]he nature of the claim . . . and if such claim is a guarantee claim, the nature of the underlying primary claim and the basis for asserting the guarantee"; and
- "[w]hether such claim was acquired or accrued prepetition or postpetition and, if such claim was acquired postpetition, the date of purchase and the price paid."

Motion, ¶ 23.  Much of this information is confidential and proprietary and has no relevance to any issue that is or will be before the Court, including the plan confirmation process.  Quite simply, there are no practical or legal bases for requiring public disclosure of this information by individual creditors in these cases.

## Conclusion

WHEREFORE, the King Street Parties respectfully request that the Court deny the Motion.

Dated:   New York, New York
         June 8, 2011

SCHULTE ROTH & ZABEL LLP
Attorneys for the King Street Parties

By:   /s/ Lawrence V. Gelber
      Lawrence V. Gelber
      Adam L. Hirsch
      919 Third Avenue
      New York, New York 10022
      Telephone:  (212) 756-2000
      Facsimile:  (212) 593-5955

DOC ID-16640922.3                                3