# Exhibit A

# Amended Rule 2019

FEDERAL RULES OF BANKRUPTCY PROCEDURE    3

**Rule 2019. Disclosure Regarding Creditors and Equity Security Holders in Chapter 9 and Chapter 11 Cases**

(a) DEFINITIONS. In this rule the following terms have the meanings indicated:

(1) "Disclosable economic interest" means any claim, interest, pledge, lien, option, participation, derivative instrument, or any other right or derivative right granting the holder an economic interest that is affected by the value, acquisition, or disposition of a claim or interest.

(2) "Represent" or "represents" means to take a position before the court or to solicit votes regarding the confirmation of a plan on behalf of another.

(b) DISCLOSURE BY GROUPS, COMMITTEES, AND ENTITIES.

(1) In a chapter 9 or 11 case, a verified statement setting forth the information specified in

4   FEDERAL RULES OF BANKRUPTCY PROCEDURE

subdivision (c) of this rule shall be filed by every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (B) not composed entirely of affiliates or insiders of one another.

(2)  Unless the court orders otherwise, an entity is not required to file the verified statement described in paragraph (1) of this subdivision solely because of its status as:

(A)  an indenture trustee;

(B)  an agent for one or more other entities under an agreement for the extension of credit;

(C)  a class action representative; or

(D)  a governmental unit that is not a person.

FEDERAL RULES OF BANKRUPTCY PROCEDURE    5

(c) INFORMATION REQUIRED. The verified statement shall include:

(1) the pertinent facts and circumstances concerning:

(A) with respect to a group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the formation of the group or committee, including the name of each entity at whose instance the group or committee was formed or for whom the group or committee has agreed to act; or

(B) with respect to an entity, the employment of the entity, including the name of each creditor or equity security holder at whose instance the employment was arranged;

(2) if not disclosed under subdivision (c)(1), with respect to an entity, and with respect to each member of a group or committee:

6    FEDERAL RULES OF BANKRUPTCY PROCEDURE

      (A)  name and address;

      (B)  the nature and amount of each disclosable economic interest held in relation to the debtor as of the date the entity was employed or the group or committee was formed; and

      (C)  with respect to each member of a group or committee that claims to represent any entity in addition to the members of the group or committee, other than a committee appointed under § 1102 or § 1114 of the Code, the date of acquisition by quarter and year of each disclosable economic interest, unless acquired more than one year before the petition was filed;

      (3)  if not disclosed under subdivision (c)(1) or (c)(2), with respect to each creditor or equity security holder represented by an entity, group, or committee, other than a committee appointed under § 1102 or § 1114 of the Code:

FEDERAL RULES OF BANKRUPTCY PROCEDURE 7

(A) name and address; and

(B) the nature and amount of each disclosable economic interest held in relation to the debtor as of the date of the statement; and

(4) a copy of the instrument, if any, authorizing the entity, group, or committee to act on behalf of creditors or equity security holders.

(d) SUPPLEMENTAL STATEMENTS. If any fact disclosed in its most recently filed statement has changed materially, an entity, group, or committee shall file a verified supplemental statement whenever it takes a position before the court or solicits votes on the confirmation of a plan. The supplemental statement shall set forth the material changes in the facts required by subdivision (c) to be disclosed.

8      FEDERAL RULES OF BANKRUPTCY PROCEDURE

(e)   DETERMINATION OF FAILURE TO COMPLY; SANCTIONS.

(1)   On motion of any party in interest, or on its own motion, the court may determine whether there has been a failure to comply with any provision of this rule.

(2)   If the court finds such a failure to comply, it may:

(A)   refuse to permit the entity, group, or committee to be heard or to intervene in the case;

(B)   hold invalid any authority, acceptance, rejection, or objection given, procured, or received by the entity, group, or committee; or

(C)   grant other appropriate relief.