Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline and Time: June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Claude Szyfer
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Mizuho Corporate Bank, Ltd., Mizuho Capital Markets Corporation, Nordea Bank AB (publ) (f/k/a Nordbanken AB (publ)) and Nordea Bank Finland Plc (f/k/a Merita Bank Ltd*)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
In re                                                  :    **Chapter 11**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :    Case No. 08-13555 (JMP)
                                                       :
                        Debtors.                       :    (Jointly Administered)
                                                       :
-------------------------------------------------------------- x

**LIMITED OBJECTION OF DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK, MIZUHO CORPORATE BANK, LTD., MIZUHO CAPITAL MARKETS CORPORATION, NORDEA BANK AB (publ) (F/K/A NORDBANKEN AB (publ)) AND NORDEA BANK FINLAND PLC (F/K/A MERITA BANK LTD) TO THE MOTION OF THE SO CALLED AD HOC GROUP OF LEHMAN BROTHERS CREDITORS TO ESTABLISH DISCLOSURE PROCEDURES**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Mizuho Corporate Bank, Ltd.,

Mizuho Capital Markets Corporation, Nordea Bank AB (publ) (f/k/a Nordbanken AB (publ)) and

Nordea Bank Finland Plc (f/k/a Merita Bank Ltd) (together, the "Objectors"), by and through

their undersigned counsel, as and for their limited objection (the "Limited Objection") to the

Motion of the so-called Ad Hoc Group of Lehman Brothers Creditors ("Group") to establish disclosure procedures, dated May 23, 2011 (the "Motion"), respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The Objectors are creditors herein with claims primarily arising in the derivatives arena. They are among the parties participating in discovery regarding the plans of reorganization filed by Group, the above-captioned debtors ("Debtors") and another plan proponent group, respectively (the "Plan Discovery Participants"), pursuant to a discovery protocol established by this Court in its order dated April 14, 2011.

2. In the Motion, Group asks this Court to require various parties in interest, including all Plan Discovery Participants to disclose their holdings and those of their affiliates, in each of the Lehman entities, including foreign affiliates, and other detailed confidential information about such holdings.

3. The Objectors oppose the Motion insofar as it would apply to them as Plan Discovery Participants. As creditors, the Objectors are exercising their right to obtain information regarding the various plans of reorganization and disclosure statements filed with this Court. To subject them to these disclosure obligations by virtue of such participation is burdensome, discriminatory and without basis in bankruptcy law.

## BACKGROUND

4. On July 2, 2009, this Court entered an order establishing a bar date for the filing of proofs of claim in these proceedings. [Docket No. 4271]

5. On March 15, 2010, the Debtors filed a joint plan of reorganization [Docket No 7572] and on April 14, 2010, the Debtors filed a revised joint chapter 11 plan [Docket No. 8330] and a related Disclosure Statement [Docket No. 8332].

6. On December 15, 2010, the Group filed a joint chapter 11 plan for certain of the Debtors [Docket No. 13504] and a related disclosure statement [Docket No. 13505].

7. On January 25, 2011, the Debtors filed a first amended joint chapter 11 plan [Docket No. 14150] and a related disclosure statement [Docket No. 14151].

8. On April 25, 2011, certain creditors of LBHI, various operating subsidiaries of the Debtors, and creditors of certain other affiliated entities (the "Non-Consolidation Plan Proponents") filed a joint chapter 11 plan for certain of the Debtors (the "Non-Consolidation Plan") [Docket No. 16229] and a related disclosure statement (the "Non-Consolidation Disclosure Statement") [Docket No. 16230].

9. On April 27, 2011, Group filed an amended joint chapter 11 plan for certain of the Debtors [Docket No. 16315] and a related disclosure statement [Docket No. 16316].

10. On April 14, 2011, this Court entered an order Establishing Schedule and Procedures in connection with Discovery Related to Plan Confirmation and Other Issues (the "Discovery Order") [Docket No. 16003]. The Court stated therein that "it would be in the best interests of the Debtors and all interested parties that discovery in connection with Plan Issues arising out of objections to and/or the prosecution of the [Debtors] Plan and any Alternative Plan filed in the Chapter 11 cases ("Plan Discovery"), be conducted on an efficient, expeditious and orderly manner…" Discovery Order at p. 1.

11. Pursuant to the terms of the Discovery Order, parties wishing to participate in discovery were required to file a notice of intent setting forth their claims, claim amounts and the nature of such claims and to execute agreements to abide by the terms of a protective order with respect to the information obtained through discovery.

## AGREEMENT

12. As noted by Group in the Motion, this Court already ruled at an April 13, 2011 hearing that the Group members were required to make disclosure about their respective holdings given that they were "a collection of creditors that has filed a competing plan of reorganization;" and had otherwise acted as a committee throughout the proceedings.

13. Now Group seeks to impose a detailed disclosure protocol on a whole host of other parties in interest, including the Objectors, as Plan Discovery Participants, notwithstanding that their position as individual creditors in these cases does not warrant it.

14. Group suggests that the following entities be required to make public disclosure regarding their interests:

- Any plan proponent;

- Any Participant in the plan discovery (as that term is defined in Discovery Order;

- Any parties acting in cooperation or concert with others whether or not represented jointly or by a single law firm or other advisors; and

- To the extent any formal plan negotiation process is ever implemented, whether by Court order, such as mediation, or by effort of the Debtors or the Creditors Committee, any party seeking to participate in any such negotiation.

15. With respect to the type of information sought, Group suggests that such parties be required to disclose the following:

- All holdings including those of affiliates broken down on a creditor legal entity basis and Lehman legal entity basis, including material foreign affiliates;

- Whether holdings are held solely of record or beneficially and, to the extent the power to vote such holdings is not under common control, how such voting power is divided;

- The nature of the claim, e.g. whether such claim is bond debt, a derivative claim, a guarantee claim, etc., and if such claim is a guarantee claim, the nature of the underlying primary claim and the basis for asserting the guarantee;

- Whether such claim was acquired or accrued prepetition or postpetition and, if such claim was acquired postpetition, the date of purchase and the price paid;

- Any agreements, whether oral or written, regarding the governance of any group of entities working together; and

- Any arrangements or agreements, whether oral or written, with respect to the sharing of fees and costs among parties.

16. Objectors do not quarrel with the contention that a plan proponent should make adequate disclosure about its holdings and role in these cases for the benefit of the Court and the other parties in interest. That disclosure is warranted to comply with the provisions of § 1125 of the Bankruptcy Code (the "Code"), requiring adequate information in any disclosure statement, and good faith in solicitation, and to meet the requirements for confirmation set forth in § 1129 of the Code.

17. Likewise, persons who fall within the criteria set forth in Rule 2019 of the Rules of Bankruptcy Procedure (the "Rules") should be made to comply with the provisions of that Rule.

18. However, neither these Code sections nor Rule 2019 nor any other provision of the Code or Rules requires a creditor to make the kind of disclosure sought by Group merely because it is participating in discovery regarding plans of reorganization filed.

19. Objectors filed their respective proofs of claim pursuant to the Court's Bar Order. They further filed notices of intent in accordance with the precise disclosure obligations imposed by the Court in the Discovery Order and also executed agreements to abide by the terms of a protective order as directed by the Court. Having complied with such requirements, it is Objectors' right, as creditors, to engage in plan discovery. These creditors already earned a seat at the table as evidenced by the substantial sums set forth in their proofs of claim; there should be no additional price to pay for participating in the discovery process.

20. Moreover, the kind of disclosure sought by Group regarding, for example, the holders of creditors' affiliates would require an enormous administrative undertaking for these institutions, given their global presence. By contrast, under Group's proposal, other creditors in these cases, would be exempt from the required disclosure merely because they decided to sit out of the discovery process. It would appear that targeting Plan Discovery Participants is perhaps desired to have a chilling effect on their involvement in that process.

21. Accordingly, to the extent this Court determines to impose disclosure procedures beyond those required by the Code and Rules, or already ordered by the Court, they should not be applied to the Plan Discovery Participants simply by virtue of such status.

WHEREFORE, Objectors request that this Court enter an order consistent with this Limited Objection and grant such other relief as is just and proper.

Dated: June 8, 2011
New York, New York

STROOCK & STROOCK & LAVAN LLP

/s/ Claude Szyfer
Claude Szyfer
180 Maiden Lane
New York, New York 10038
Tel: (212) 806-5400
Fax: (212) 806-6006

*Attorneys for DZ Bank AG Deutsche Zentral-Genossenschaftsbank, Mizuho Corporate Bank, Ltd., Mizuho Capital Markets Corporation, Nordea Bank AB (publ) (f/k/a Nordbanken AB (publ)) and Nordea Bank Finland Plc (f/k/a Merita Bank Ltd)*