Hearing Date and Time:  June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)

SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York  10022
Telephone:  (212) 756-2000
Facsimile:  (212) 593-5955
Adam C. Harris (AH-4641)

Attorneys for Davidson Kempner
Capital Management LLC and certain
managed funds and accounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
| | |
|---|---|
| In re  :  | Chapter 11 |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** : | 08-13555 (JMP) |
| : | |
| Debtors.  : | (Jointly Administered) |

------------------------------------------------------------ x

**OBJECTION OF DAVIDSON KEMPNER CAPITAL**
**MANAGEMENT LLC TO MOTION OF THE AD HOC GROUP**
**OF LEHMAN BROTHERS CREDITORS PURSUANT TO**
**SECTIONS 105(a) AND 1109(b) OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULES 2019 AND 7026**
<u>**TO ESTABLISH DISCLOSURE PROCEDURES**</u>

Davidson Kempner Capital Management LLC, on behalf of itself , its affiliates and certain managed funds and accounts (collectively, "DKCM"), by and through its undersigned counsel, submits this objection to the Motion of the Ad Hoc Group of Lehman Brothers Creditors Pursuant to Sections 105(a) And 1109(b) Of The Bankruptcy Code And Bankruptcy Rules 2019 And 7026 To Establish Disclosure Procedures, dated May 23, 2011 (the "Motion"), and in support thereof respectfully represents as follows:

**Preliminary Statement**

1. By the Motion, the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group") asks this Court to expand the scope of existing Rule 2019 of the Federal Rules of Bankruptcy Procedure ("Existing Rule 2019"), and to ignore the considered decisions of the Advisory Committee in recommending the adoption of an amended Bankruptcy Rule 2019 (which has now been adopted by the United States Supreme Court and approved by Congress, "Amended Rule 2019"), by substantially expanding the categories of creditors required to make disclosure and the information required to be included.

2. In particular, the Ad Hoc Group requests that disclosure obligations be imposed upon (a) any plan proponent; (b) any Participant in the plan discovery; (c) any parties acting in cooperation or concert with others whether or not represented jointly or by a single law firm or other advisors;[1] and (d) to the extent any "formal plan negotiation process" is ever implemented, any party seeking to participate in any such negotiation. Neither Existing Rule 2019 nor Amended Rule 2019 would require disclosure from all of these entities.

3. In addition, the Ad Hoc Group requests that substantial information be provided by each entity that would be subject to their disclosure requirements, including (without limitation) details regarding legal or beneficial interests in claims, voting rights, dates of acquisition of claims and pricing information. Neither Existing Rule 2019 nor Amended Rule 2019 would require disclosure of this level of detail. In fact, after careful and extended consideration of the issue, the Advisory Committee decided to *specifically exclude* from Amended Rule 2019 any requirement that parties disclose specific information regarding the dates on which claims were acquired, as well as any information on prices paid. If the requested relief is granted, the result

---

[1] This would include affiliated entities, such as Davidson Kempner Capital Management LLC and its managed funds and accounts, even if it were not cooperating or acting in concert with any unaffiliated third party.

will be the imposition of new and unsupportable hurdles to a creditor's participation in a chapter 11 case, in direct contravention of Section 1109(b) of the Bankruptcy Code. DKCM submits that there is no factual or legal justification supporting the Ad Hoc Group's request.

4. To be sure, there may be other groups of creditors or ad hoc committees in these chapter 11 cases who should be complying with Existing Rule 2019, but who have not done so. In that regard, the Ad Hoc Group may have a legitimate complaint. However, the remedy for that problem is not to ask for broad based relief that would affect creditors like DKCM – who is not subject to Existing Rule 2019 – but rather to pursue a more focused request directed at the allegedly offending parties.

## Background

5. On September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced voluntary cases for relief under chapter 11 of the Bankruptcy Code.

6. To date, three separate proposed plans of reorganization have been filed. On December 15, 2010, the Ad Hoc Group filed a joint chapter 11 plan for certain of the Debtors and a related disclosure statement (as amended on April 27, 2011, the "Ad Hoc Plan"). On January 25, 2011, the Debtors filed a first amended joint chapter 11 plan and a related disclosure statement (the "Debtors' Plan"). On April 25, 2011, certain creditors of LBHI various operating subsidiaries of the Debtors, and creditors of certain other affiliated entities (the "Non-Consolidation Plan Proponents") filed a joint chapter 11 plan for the Debtors and a related disclosure statement (the "Non-Consolidation Plan").

7. DKCM holds, directly or indirectly, significant economic interests in claims against various of the Debtors. As a result, DKCM has a substantial interest in the outcome of these

chapter 11 cases, including (without limitation) the terms of any plan of reorganization that may be confirmed.  Consistent with one of the most fundamental principles of the Bankruptcy Code and the chapter 11 reorganization process generally – the negotiation of a consensual plan of reorganization – and to protect its interest in these cases, DKCM has had, and expects to continue to have, discussions with the Debtors and other creditors regarding the Ad Hoc Plan, the Debtors' Plan, the Non-Consolidation Plan, and any other plan of reorganization that may be proposed.

8.  DKCM has reviewed the Ad Hoc Group's Motion and the purported rationale behind the request to significantly expand the universe of parties that would be required to make disclosure, as well as the information to be disclosed, and finds that rationale severely lacking.  The objectives the Ad Hoc Group seeks to achieve can be met by compliance with Existing Rule 2019 or Amended Rule 2019, where applicable, or by directed discovery against individual parties under appropriate circumstances.  There is no need for this Court to re-write the applicable Bankruptcy Code provisions and Rules of Bankruptcy Procedure.

## ARGUMENT

9.  This Court's analysis should begin, and end, with the Bankruptcy Code sections and Rules of Bankruptcy Procedures that already exist and govern the rights and disclosure obligations of the parties in these cases.  These include section 1109(b) of the Bankruptcy Code, Existing Rule 2019, and to the extent this Court believes it appropriate to take guidance from it, Amended Rule 2019 (which will become effective on December 1, 2011).

A.  **Bankruptcy Code Section 1109(b)**

10. Bankruptcy Code Section 1109(b) is clear on its face:

A party in interest, including the debtor, the trustee, a creditors' committee, and equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). Other than qualifying as a "party in interest," there are no other requirements in the Bankruptcy Code[2] for participation in a chapter 11 case, including the presentation to the Court of a position on any matter. Courts have consistently applied a broad interpretation of Section 1109(b), including what it means to be a "party in interest." See *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989); *Unofficial Comm. of Zero Coupon Noteholders v. The Grand Union Company*, 179 B.R. 56, 58-59 (D. Del. 1995); *In re Hathaway Ranch P'ship,* 116 B.R. 208, 213 (Bankr. C.D. Ca.1990).

B.  **Bankruptcy Rule 2019**

11. **Existing Rule 2019.** Existing Rule 2019 continues to govern the disclosure requirements for creditors in chapter 11 reorganization cases until Amended Rule 2019 takes effect on December 1, 2011. Existing Rule 2019 applies to "every entity or committee representing more than one creditor or equity security holder … ." FED. R. BANKR. P. 2019(a). By its terms, it does not apply to individual creditors, such as DKCM.[3]

12. Where compliance is mandated, Existing Rule 2019 requires that each covered representative entity must file a verified statement providing (a) the name and address of each creditor or equity security holder represented; (b) the nature and amount of each claim or interest

---

[2] Compliance, where applicable, with Existing Rule 2019 (discussed below) may be a condition to continuing participation by a party who is subject to that Rule. See Fed.R.Bankr.P. 2019(b).

[3] While DKCM arguably includes multiple creditors in the form of its affiliates, managed funds and accounts, all of whom are represented by a single counsel, Existing Rule 2019 was not intended to apply to these entities. This issue has been addressed and clarified in Amended Rule 2019. See Fed.R.Bankr.P. 2019(b)(1)(B).

and the time of acquisition unless it was acquired more than one year before the filing of the bankruptcy petition; and (c) the pertinent facts and circumstances regarding the employment of the representative filing the statement. 9 ALAN N. RESNICK & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 2019.02 (6th ed. 2011).  In the case of a committee, the names of the entities arranging the employment of the representative or organizing the committee must be disclosed. *Id.*  Additionally, with respect to the representative filing the statement or members of the committee, the statement must include the amounts and time of acquisition of the claims or interests owned by the entity, the amounts paid, and any sales or disposition relating to such claims or interests in the debtor. *Id.*  Lastly, if there are any subsequent material changes with regard to the facts in the statement, a supplemental statement must be filed promptly. *Id.*

13.     Upon a party's motion, or on its own, the Court may determine whether a representative entity or committee has failed to comply with Existing Rule 2019. FED. R. BANKR. P. 2019(b)(1). If the Court finds a failure to comply, the Court may refuse to permit such entity or committee to be heard further.  *Id.*

14.     **The Advisory Committee's Recommendations to Amend Existing Rule 2019**. Existing Bankruptcy Rule 2019 has long been the subject of debate and litigation, with strongly held views by both proponents and opponents as to who should be required to comply and the information they should be compelled to disclose.  After extensive review, and after consideration of both live testimony and more than 150 written comments, the Advisory Committee recommended several substantive changes to the initial proposed revisions to Existing Rule 2019.  See JUDICIAL CONF. COMM. ON RULES OF PRACTICE AND PROCEDURE, 110TH CONG., SUMMARY OF THE REPORT OF THE JUDICIAL CONFERENCE COMMITTEE ON RULES OF PRACTICE AND PROCEDURE, at 5 (2010) (the "Advisory Committee Report"). The Advisory

Committee's recommendations were adopted by the United States Supreme Court and approved by Congress.

15. For purposes of the present Motion, two aspects of the Advisory Committee Report are particularly important. First, The Advisory Committee recommended the addition of a definition of "represent" in subdivision (a)(2) to limit the application of the rule to groups, committees, and entities taking a position before the court or soliciting votes regarding the confirmation of a plan on behalf of another. This revision excludes groups, committees, and entities that are merely passive in the case. *Id.* [4] The Advisory Committee also recommended the addition of language in subdivision (b)(1) limiting covered groups, committees, and entities to those that represent or consist of multiple creditors or equity security holders acting in concert to advance their common interests, but excluding those composed entirely of affiliates or insiders of one another. *Id.* at 8.[5]

16. Second, the Advisory Committee recommended several substantive changes to Existing Rule 2019 (and the initial proposed revisions) in response to concerns expressed by the distress-debt investor community regarding disclosure of specific information regarding the date claims were acquired and the amounts paid, which distressed investors consider to be proprietary information. *Id.* at 7-8.[6] Addressing these concerns, the Advisory Committee eliminated the provision in the initial proposal specifically authorizing a court to order the disclosure of the

---

[4] The Advisory Committee found that there is no reason for a passive entity to publicly disclose its holdings merely because it retained a firm that happens to represent one or more other creditors or equity security holders. *Id.*

[5] DKCM would be excluded from compliance with Amended Rule 2019 pursuant to this provision.

[6] The initial proposed revisions to Existing Rule 2019 required the disclosure of the precise date when each disclosable economic interest was acquired, unless the acquisition was made more than one year before the filing of the bankruptcy petition, and, if directed by the court, the amount paid for each disclosable economic interest. The distressed investment community argued that disclosure of the precise acquisition date combined with market available data on pricing would result in the ability of others to determine what the prices were that had been paid for the claims. *Id.* Requiring that distressed investors reveal the acquisition price of a claim to competitors would greatly discourage investors from purchasing distressed debt and give industry participants unfair insight into their competitors' trading strategies. *Id.*

amount paid for a disclosable economic interest and modified the disclosure requirement regarding acquisition dates to require disclosure only by quarter and year. JUDICIAL CONF. COMM. ON RULES OF PRACTICE AND PROCEDURE, *supra*, at 8. According to the Advisory Committee report, this level of disclosure *is sufficient to reveal any potential conflicts of interest*. *Id.* at 7-8.[7]

17. **Amended Rule 2019.** As noted above, the Supreme Court adopted the recommendations of the Advisory Committee and approved Amended Rule 2019, which takes effect on December 1, 2011. Amended Rule 2019 will require specified disclosure from every group or committee that consists of or "represents," and every entity that "represents," multiple creditors or equity security holders who act in concert to advance their interests and not entirely composed of affiliates or insiders of one another. FED. R. BANKR. P. 2019(b)(1) (amended and effective Dec. 1, 2011).[8]

18. The amendment to Rule 2019 requires the disclosure of pertinent facts and circumstances with respect to (a) the formation a group or committee, other than those appointed under § 1102 or § 1114 of the Bankruptcy Code, and (b) the employment of the representative entity. Such facts and circumstances must include the name of each creditor or equity security holder for whom the group, committee, or entity has agreed to act on their behalf. FED. R. BANKR. P. 2019(c)(1) (amended and effective Dec. 1, 2011).

19. Where disclosure is required, the verified statement must include (a) the name and address of each entity and member of a group or committee; (b) the nature and amount of each

---

[7] If more information is required, the Advisory Committee Report makes it clear that a party could seek additional information through the use of traditional discovery. *Id.* at 8.

[8] The term "represents" is defined to mean taking a position before the court or soliciting votes with regard to the confirmation of a plan on behalf of another. FED. R. BANKR. P. 2019(a)(2) (amended and effective Dec. 1, 2011).

"disclosable economic interest"[9] held in relation to the debtor as of the date of employment or formation of the entity, group, or committee; and (c) with respect to each member of a group or committee that claims to represent any entity in addition to the members of the group or committee, the date of acquisition by quarter and year of each disclosable economic interest unless acquired more than one year before the bankruptcy petition filing. FED. R. BANKR. P. 2019(c)(2) (amended and effective Dec. 1, 2011). Each creditor or equity security holder represented by an entity, group, or committee must disclose (i) its name and address and (ii) the nature and amount of each disclosable economic interest held in relation to the debtor as of the date of the statement. FED. R. BANKR. P. 2019(c)(3) (amended and effective Dec. 1, 2011). Any material changes of facts in the statement must be submitted in a supplemental statement whenever an entity, group, or committee takes a position before the court or solicits votes on the confirmation of a plan. FED. R. BANKR. P. 2019(d) (amended and effective Dec. 1, 2011).

20.  Enforcement of the disclosure requirements may be initiated by a motion of a party in interest or by the court itself. FED. R. BANKR. P. 2019(e)(1) (amended and effective Dec. 1, 2011). The court may determine whether there has been a failure to comply with any provision of Rule 2019. If the court finds such non-compliance, it may (among other things) refuse to permit the entity, group, or committee to be heard. FED. R. BANKR. P. 2019(d)(2) (amended and effective Dec. 1, 2011).

### The Disclosure Requested by the Ad Hoc Group Goes Far Beyond What The Rules Require

21.  As the foregoing discussion demonstrates, the Ad Hoc Group's proposed set of disclosure rules goes well beyond the scope of who would be required to disclose, and what they

---

[9] Amended Rule 2019 broadly defines "disclosable economic interest" as any claim, interest, pledge, lien, option, participation, derivative instrument, or any other right or derivative right granting the holder and economic interest that is affected by the value, acquisition, or disposition of a claim or interest. FED. R. BANKR. P. 2019(a)(1) (amended and effective Dec. 1, 2011).

would be required to disclose, under either Existing Rule 2019 or Amended Rule 2019. DKCM sees no reason for this Court to grant the Ad Hoc Group's request when an appropriate statutory framework, supplemented by access to appropriate discovery, is sufficient.[10]

### Conclusion

WHEREFORE, DKCM respectfully requests that the relief requested in the Motion be denied, and that the Court grant such other and further relief as may be just.

New York, New York
June 8, 2011

                        SCHULTE ROTH & ZABEL LLP

                        By: /s/Adam C. Harris_____
                           Adam C. Harris
                        (A Member of the Firm)
                        919 Third Avenue
                        New York, New York 10022
                        Telephone: (212) 756-2000
                        Facsimile: (212) 593-5955

                        Attorneys for Davidson Kempner
                        Capital Management LLC and certain
                        managed funds and accounts

---

[10] DKCM does not believe that this Court can exercise its powers to grant the relief requested in the Motion under Section 105(a) of the Bankruptcy Code. Where a specific statutory framework exists, the exercise of the Court's equitable powers is not necessary to "carry out the provisions of … [title 11]," but rather an exercise in re-writing them.