Hearing Date and Time: June 15, 2011 at 10:00 a.m. (ET)

James H.M. Sprayregen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

—and—

David R. Seligman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel for the Liquidators of Lehman Brothers
Australia Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : |
| | : Case No. 08-13555 (JMP) |
| Debtors. | : |
| | : (Jointly Administered) |
| | : |

**LIMITED OBJECTION OF THE LIQUIDATORS OF LEHMAN BROTHERS
AUSTRALIA LIMITED TO DEBTORS' MOTION, PURSUANT TO SECTION 105(a)
OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND
STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

Stephen Parbery and Marcus Ayres, in their capacity as the court-appointed liquidators (the "Australia Liquidators") of Lehman Brothers Australia Limited ("LBA"), a company organized under the laws of Australia and a wholly-owned, indirect subsidiary of Lehman Brothers Holdings Inc. ("LBHI"), hereby file this limited objection (the "Limited Objection") to the Debtors' Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay

K&E 19123074

of Avoidance Actions and Grant Certain Related Relief [Docket No. 17195] (the "Motion").[1] In support of this Limited Objection, the Liquidators respectfully state as follows:

## BACKGROUND

1. On September 26, 2008 and pursuant to § 436a of the *Corporations Act* 2001 (Cth), the directors of LBA appointed Mr. Stephen Parbery and Mr. Neil Singleton as Joint and Several Administrators of LBA. On October 2, 2009, Justice Rares of the Federal Court of Australia ordered that LBA be placed in liquidation (proceeding no. NSD 538 of 2009). On April 14, 2011, Marcus Ayres was appointed Administrator to LBA by the Federal Court of Australia, replacing Neil Singleton, who had resigned from this position on the same date. The Australia Liquidators are fiduciaries charged with the statutory obligation to wind up and liquidate the estate for LBA for purposes of distributing the net proceeds to LBA's creditors.

2. One of the primary assets in the LBA estate are certain notes issued as part of the "Dante Programme," a structured products program arranged by Lehman Brothers International (Europe). In connection with the Dante Programme, certain special purpose entities ("SPVs") issued various series of credit-linked synthetic portfolio notes ("Notes") to investors (the "Noteholders"). The performance of the Notes are linked to various credit-default swap transactions that were executed between Lehman Brothers Special Financing, Inc. ("LBSF") and the various special purpose entities, with LBHI serving as guarantor, or credit enhancer, to LBSF. The principal obtained from the issuance of the Notes was pledged to trustees in order to serve as collateral (the "Collateral") to a) the SPVs' obligations to Noteholders pursuant to the Notes, and to b) the SPVs' obligations to LBSF pursuant to the credit-default swap transactions. The Dante Programme Notes held by LBA total a face value of AUS $17,847,000.00.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

2

3.      LBA also served as placement agent for the sale of certain Dante Programme Notes to third-party purchasers (the "Australian Noteholders").  To date, the Australian Noteholders have filed over 200 claims against LBA in Australia, in connection with LBA's role as placement agent for Dante Programme Notes, alleging *inter alia* fraud in the sale of such Notes. The quantum of damages that may be alleged by Australian Noteholders against LBA depends primary on whether the Dante Programme Notes are worth all of their face value (in which case the Australia Noteholders can allege no damages) or only some fraction of their face value.  The quantum of potential damages that may be claimed by Australian Noteholders against the LBA estate could be as high as AUS $295 million.

4.      The value of the Dante Programme Notes is principally dependent on whether the Dante Programme "Flip Clauses"—contractual provisions providing for the priority claim on Collateral as between Noteholders and LBSF—are legally enforceable.  Pursuant to the plain operation of the Flip Clauses, the chapter 11 filing of LBHI provided an event of default whereby the priority claim on the Collateral "flipped" from LBSF to Noteholders. On September 14, 2010, LBSF commenced adversary proceeding no. 10-3545 (JMP) (the "September 14 Adversary Proceeding") seeking, *inter alia*, a declaratory judgment that the Flip Clauses within certain series of Dante Programme Notes were unenforceable as *ipso facto* clauses.  This Court stayed the September 14 Adversary Proceeding, along with other Avoidance Actions, as part of its Initial Stay Order.

**LIMITED OBJECTION**

5.      The Australia Liquidators submit this Limited Objection in order to contest Debtors' Motion insofar as it seeks to extend the Stay of the September 14 Adversary Proceeding for an additional nine months.

6.      Without a legal determination as to whether the Flip Clauses at issue in the September 14 Adversary Proceeding are enforceable as *ipso facto* clauses, Australia Liquidators cannot

3

determine the value of LBA's Dante Programme Notes holdings, and thus, cannot determine the value in the LBA estate that may be distributed to LBA's creditors.

7.      Further, if the Flip Clauses are found to be legally enforceable—and thus, Dante Programme Notes are worth all or most of their face value to Noteholders—then the quantum of damages stemming from Australian Noteholders' claims against LBA in its capacity as placement agent may be significantly mitigated, if not entirely mooted.

8.      Thus, as a practical matter, Australia Liquidators are significantly curtailed in winding up the LBA estate for as long as the Flip Clauses dispute is pending.  Debtors' request to extend the Stay applicable to the Avoidance Actions, specifically, to the September 14 Adversary Proceeding, only further delays any resolution of the legal enforceability of the Flip Clauses, and thus further and significantly delays the winding up of the LBA estate.

## CONCLUSION

9.      For the foregoing reasons, the Liquidators respectfully request that the Court (a) modify the Motion such that it does not include an extension of the stay applicable to the September 14 Adversary Proceeding, and (b) grant such other and further relief as the Court deems proper.

4

| | |
|---|---|
| Dated: June 8, 2011<br>New York, New York | */s/ James H.M. Sprayregen*<br>James H.M. Sprayregen<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022-4611<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>and<br><br>David R. Seligman (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois  60654-3406<br>Telephone:  (312) 862-2000<br>Facsimile:   (312) 862-2200<br><br>*Counsel for the Liquidators of Lehman Brothers Australia Limited* |

K&E 19123074