Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Eastern Time)

Luc A. Despins
Bryan R. Kaplan
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile:  (212) 319-4090

*Counsel to CarVal Investors UK Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
**In re:**                                                   :  **Chapter 11**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                 :  Case No. 08-13555 (JMP)
                                                             :
         **Debtors.**                                        :  **(Jointly Administered)**
                                                             :
------------------------------------------------------------ x

**CARVAL INVESTORS UK LIMITED'S LIMITED OBJECTION TO MOTION OF AD HOC GROUP OF LEHMAN BROTHERS CREDITORS PURSUANT TO SECTIONS 105(a) AND 1109(b) OF BANKRUPTCY CODE AND BANKRUPTCY RULES 2019 AND 7026 TO ESTABLISH DISCLOSURE PROCEDURES**

CarVal Investors UK Limited ("CarVal"), by and through its undersigned counsel, hereby files this limited objection to the *Motion of the Ad Hoc Group of Lehman Brothers Creditors* (the "Ad Hoc Group") *Pursuant to Sections 105(a) and 1109(b) of the Bankruptcy Code and Bankruptcy Rules 2019 and 7026 to Establish Disclosure Procedures* [Docket No. 17014] (the "Motion"), and respectfully represents as follows:

1. CarVal manages funds (with the power to vote claims held by such funds) that hold claims exceeding $5 billion in the aggregate against the debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

2. In its Motion, the Ad Hoc Group requests that the Court implement uniform procedures requiring parties that intend to actively participate in plan negotiations and litigation to disclose their economic interests. Motion, ¶ 22. The implementation of blanket disclosure procedures would be extraordinary, and the Ad Hoc Group admits that it is unaware of similar procedures having been implemented in any other case. Motion, ¶ 29. Particularly troubling is that the Ad Hoc Group seeks to compel <u>individual entities</u>, <u>not groups</u>, to disclose their holdings, and singles CarVal out as an entity that should make such disclosure. Motion, ¶ 19. The Motion is fatally flawed, however, as there is no basis in the Bankruptcy Rules or the Bankruptcy Code for such relief.

3. Bankruptcy Rule 2019 does not apply to an individual entity, and the Ad Hoc Group does not even attempt to argue that it does. Rather, the Ad Hoc Group readily acknowledges the limited scope of Bankruptcy Rule 2019 through its subheading "Rule 2019 Is Not a Wholly Effective Tool for Enforcing Such Disclosures." Motion, p. 11. Bankruptcy Rule 2019 simply *cannot* be relied upon to compel an individual entity to disclose its holdings.[1]

4. The three additional sources of authority cited by the Ad Hoc Group are equally inapplicable. First, the Ad Hoc Group argues that section 1109(b) of the Bankruptcy Code permits the Court to probe the basis for a party's appearance in these Chapter 11 Cases. To the extent that such information is necessary, parties had to provide it already through the Notices of Intent to participate in plan discovery required under the Order Establishing Schedule and Procedures in Connection with Discovery related to Plan Confirmation and Other Issues entered

---

[1] Tellingly, the Debtors in their Joinder to the Motion of the Ad Hoc Group of Lehman Brothers Creditors to Establish Disclosure Procedures filed on June 7, 2011 [Docket No. 17461] (the "<u>Joinder</u>") do not join in the Ad Hoc Group's request that individual entities disclose their economic interests, for which there is no legal basis. Instead, the Debtors limit their support to the disclosure of material information by "entities subject to [Bankruptcy] Rule 2019 . . . and by all chapter 11 plan proponents," Joinder, ¶ 1, which does not apply to CarVal.

2

by the Court on April 14, 2011 [Docket No. 16003] (the "<u>Discovery Procedures Order</u>").  The Discovery Procedures Order's requirement that parties disclose the types and aggregate amounts of their claims in the Notices of Intent – which is extraordinary itself – is more than sufficient to establish standing.

5.     Second, the Ad Hoc Group contorts Bankruptcy Rule 7026, which governs discovery in contested matters, by suggesting that the rule allows the Court to require the blanket disclosure of financial data.  Nowhere does Bankruptcy Rule 7026 provide for the blanket disclosure of individual creditors' holdings, and such blanket disclosure would in fact run contrary to the orderly discovery procedures prescribed by Bankruptcy Rule 7026.  Moreover, those procedures are already being implemented in these Chapter 11 Cases through the Discovery Procedures Order.

6.     Third, the Ad Hoc Group's reliance on section 105 of the Bankruptcy Code is similarly misguided.  Section 105 provides that the Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105.  Neither the Bankruptcy Code nor the Bankruptcy Rules provide for the disclosure of an individual creditor's holdings (and, for that matter, of any of the information required by Bankruptcy Rule 2019 <u>and</u> sought by the Ad Hoc Group from CarVal).  The requested relief would not "carry out the provisions of this title" but, rather, would constitute a rewriting of them.

7.     The Ad Hoc Group attempts to divert attention from the lack of any legal basis for the requested relief by relying on the familiar refrain that it is "appropriate in light of the uniqueness of these cases."  Motion, ¶ 29.  There is no doubt that these Chapter 11 Cases are unique, but there are limits to what legal principles should be created based on this "uniqueness" concept.  The Ad Hoc Group simply cannot rewrite the Bankruptcy Code and the Bankruptcy

3

Rules, or invent statutory predicates where none exist. Numerous large cases have been administered in this district, and complicated disputes decided, without the need to circumvent the Bankruptcy Code and the Bankruptcy Rules by requiring individual creditors to disclose their holdings. *See, e.g., In re Motors Liquidation Co. (f/k/a General Motors Co.), et al.*, No. 09-50026 (REG) (Bankr. S.D.N.Y.); *In re Old Carco LLC (f/k/a Chrysler LLC), et al.*, No. 09-50002 (AJG) (Bankr. S.D.N.Y.); *In re DPH Holdings Corp. (f/k/a/ Delphi Corp.), et al.*, No. 05-44481 (RDD) (Bankr. S.D.N.Y.); *In re WorldCom, Inc., et al.*, No. 02-13533 (AJG) (Bankr. S.D.N.Y.); *In re Adelphia Commc'ns, et al.*, No. 02-41729 (REG) (Bankr. S.D.N.Y.); and *In re Enron Creditors Recovery Corp. (f/k/a Enron Corp.), et al.*, No. 01-16034 (AJG) (Bankr. S.D.N.Y.). As there is no basis in the Bankruptcy Code or the Bankruptcy Rules for requiring an individual creditor to disclose its holdings, the relief requested by the Ad Hoc Group should be denied with respect to any individual creditors such as CarVal.

*[remainder of the page left blank by intention]*

WHEREFORE, CarVal respectfully requests that this Court (i) deny the request contained in the Motion as to CarVal and (ii) grant such other and further relief as this Court deems just and appropriate.

Dated: June 8, 2011
      New York, New York

/s/ Luc A. Despins
Luc A. Despins
Bryan R. Kaplan
PAUL, HASTINGS, JANOFSKY & WALKER LLP
Park Avenue Tower
75 E. 55th Street, First Floor
New York, New York 10022
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Counsel to CarVal Investors UK Limited*