WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Gerard Uzzi (GU – 2297)
J. Christopher Shore (JCS – 6031)

Attorneys for the Ad Hoc Group
of Lehman Brothers Creditors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC., <u>et</u> <u>al.</u>,** | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |
---------------------------------------------------------------------x

**LIMITED OBJECTION OF THE AD HOC GROUP OF LEHMAN BROTHERS
CREDITORS TO DEBTORS' MOTION TO AMEND THE ORDER PURSUANT TO
SECTIONS 105(A) AND 363(B) OF THE BANKRUPTCY CODE AND
RULE 9019(A) ESTABLISHING PROCEDURES TO (I) RESTRUCTURE,
(II) MAKE NEW OR ADDITIONAL DEBT OR EQUITY INVESTMENTS IN, AND/OR
(III) ENTER INTO SETTLEMENTS AND COMPROMISES
<u>IN CONNECTION WITH EXISTING REAL ESTATE INVESTMENTS</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Group of Lehman Brothers Creditors (the "<u>Group</u>"), by and through its

undersigned counsel, files this limited objection (the "<u>Limited Objection</u>") to the Debtors'

Motion to Amend the Order Pursuant to Sections 105(a) and Section 363(b) of the Bankruptcy

Code and Bankruptcy Rule 9019(a) Establishing Procedures to (I) Restructure, (II) Make New or

Additional Debt or Equity Investments In, and/or (III) Enter Into Settlements and Compromises

in Connection with Existing Real Estate Investments (the "<u>Motion</u>") [Docket No. 17282], filed in

the chapter 11 cases of Lehman Brothers Holdings Inc. and its affiliated debtors (the "<u>Debtors</u>").

In support of its Limited Objection, the Group respectfully states as follows:

## **LIMITED OBJECTION**

1.       Throughout these cases, the Group has worked with the Debtors and the Creditors' Committee to increase transparency and, in particular, ensure that any procedures authorizing the Debtors to consummate certain transactions or enter into certain settlements without the need for further court approval include periodic, public reporting requirements that enable parties in interest to evaluate the ongoing success of such procedures and revisit such procedures, if necessary. The Group appreciates the Debtors' need to efficiently administer their estates, but also recognizes the importance of creditor participation and oversight.

2.       Indeed, when the Debtors sought entry of the Original Order, the Group filed a statement in support of the Debtors' request on the basis that the Original Order included an appropriate public reporting provision.[1] (<u>See</u> Statement of Ad Hoc Group of Lehman Brothers Creditors in Support of Motion of the Debtors for the Establishment of Procedures to (I) Restructure, (II) Make New or Additional Debt or Equity Investments in, And/OR (III) Enter Into Settlements and Compromises in Connection with Existing Real Estate Investments [Docket No. 5864]. In particular, the Original Order included the following provision:

> ORDERED that . . . the Debtors will file with the Court, on a quarterly basis beginning not later than 105 calendar days after entry of this Order, a report of all Real Estate Loan Transactions entered into by the Debtors during the prior three calendar months pursuant to these procedures, identifying (i) the number of Real Estate Loan Transactions entered into by the Debtors, (ii) with respect to each Real Estate Loan Transaction, whether such Real Estate Loan Transaction involved a Restructuring, a New Investment, a Settlement, or some combination thereof, (iii) the Mark-to-Market Carrying Value of each Real Estate Investment subject to a Real Estate Loan Transaction, and (iv) to the extent the

---

[1]       Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

> Real Estate Loan Transaction involved a New Investment, the amount of the New Investment made in connection therewith . . . .

(Original Order at 5.) This provision was subsequently modified by the Real Estate Asset Dispositions Order to require that the Debtors report only New Investments made by the Debtors in accordance with the Original Order. (Real Estate Asset Dispositions Order at 7.)

3. By the Motion, the Debtors seek to reduce the disclosures that must be made under the First Amended Order by no longer requiring the Debtors to identify the value of the Real Estate Investment underlying each New Investment, but instead will provide a range of values corresponding to the thresholds in the procedures within which the value of the Real Estate Investment underlying the New Investment falls. (Motion ¶ 12.) The Group has no objection to the substantive relief requested by the Motion, but submits that the proposed limitation on disclosure unduly restricts the ability of parties in interest to determine the ongoing effectiveness of the real estate procedures. Instead, the Group submits that the proposed disclosures should be expanded modestly to include non-ordinary course Permitted Expenditures in addition to New Investments as well as a brief description of the type of Permitted Expenditures or New Investments made and the rationale therefore. The Group believes that this will strike a fairer balance between transparency and efficiency and allow parties in interest as well as this Court to more effectively monitor the ongoing appropriateness of the procedures.

4. The Group has proposed these modifications to the Debtors and the Creditors' Committee. This objection is being filed to ensure that rights are not waived as a result of the passage of the objection deadline. The Group hopes to work with the Debtors and the Creditors' Committee to resolve this limited objection prior to the hearing on the Motion.

WHEREFORE, the Group respectfully requests that the Court grant the Motion only as modified consistent with this Limited Objection.

Dated:  June 8, 2011
New York, New York

Respectfully submitted,

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Gerard Uzzi (GU – 2297)
J. Christopher Shore (JS – 6031)

By:  /s/ Gerard Uzzi
Gerard Uzzi

ATTORNEYS FOR THE AD HOC GROUP
OF LEHMAN BROTHERS CREDITORS