Hearing Date:  June 15, 2011 at 10:00 a.m. (ET)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION OF OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS TO MOTION OF THE AD HOC GROUP OF**
**LEHMAN BROTHERS CREDITORS PURSUANT TO SECTIONS 105(a)**
**AND 1109(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULES 2019 AND 7026 TO ESTABLISH DISCLOSURE PROCEDURES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this limited objection (the "Limited Objection") to the motion of the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group"), dated May 23, 2011 [Docket No. 17014] (the "Motion"),[1] pursuant to sections 105(a) and 1109(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and rules 2019 and 7026 of the Federal Rules of Bankruptcy Procedure

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

(as amended, the "Bankruptcy Rules"), seeking entry of an order (the "Proposed Order") establishing and implementing certain uniform disclosure procedures (the "Disclosure Procedures"). In support of its Limited Objection, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1. The Committee continues to promote transparency in the Chapter 11 Cases, but it objects to implementation of procedures that would impose burdens on creditors that go well beyond what is contemplated by the Bankruptcy Code and Rules and the other disclosure-related procedures that have been approved by the Court. If the Disclosure Procedures are adopted, not only would onerous disclosure requirements be imposed on creditors otherwise not subject to disclosure obligations (whether under Rule 2019 or otherwise), but all parties in interest who fall within the overbroad reach of such procedures would be compelled to disclose far more information than currently required by statute or any Court order. Even if there were authority for the requested relief (there is not), because the proposed procedures are likely to chill creditor participation in the plan process and come at the expense of creditors' reasonable confidentiality expectations, the Motion should be denied.

## BACKGROUND

2. On March 30, 2011, the Debtors filed the Motion of Lehman Brothers Holdings Inc. to Compel the Ad Hoc Group of Lehman Brothers Creditors to Comply with Federal Rule of Bankruptcy Procedure 2019 [Docket No. 15461] (the "2019 Motion") to compel the Ad Hoc Group to make disclosures pursuant to Bankruptcy Rule 2019. In its response to the

2

2019 Motion, the Ad Hoc Group proposed that the Court adopt broad, uniform disclosure procedures in the Chapter 11 Cases.[2]

3.      During the hearing on the 2019 Motion, the Court focused on the Ad Hoc Group's compliance with the requirements of Rule 2019 and, on April 18, 2011, entered the Order Compelling the Ad Hoc Group of Lehman Brothers Creditors to Comply with Federal Rule of Bankruptcy Procedure 2019 and Related Relief [Docket No. 16107].  After the same hearing, the Court also entered the Order Establishing Schedule and Procedures In Connection with Discovery Related to Plan Confirmation and Other Issues, dated April 14, 2011 [Docket No. 16003] (the "Plan Discovery Procedures Order"), which approved the establishment and implementation of procedures governing the plan discovery process in the Chapter 11 Cases (the "Plan Discovery Procedures").

4.      By the Motion, the Ad Hoc Group requests that the following parties (the "Disclosure Parties") be required to make public disclosures regarding their interests:

  i.   any plan proponent;
  ii.  any "Participant" in plan-related discovery;[3]

---

[2]  See Limited Objection of the Ad Hoc Group of Lehman Brothers Creditors to Motion of Lehman Brothers Holdings Inc. to Compel the Ad Hoc Group of Lehman Brothers Creditors to Comply with Federal Rule Of Bankruptcy Procedure 2019, dated April 8, 2011 [Docket No. 15746].

[3]  "Participant" is defined in the Plan Discovery Procedures Order as follows:  "[a]ny creditor, party in interest, or group of creditors or parties in interest seeking to participate in Plan Discovery ('Proposed Participant') shall serve on the attorneys for the Debtors and for the [Committee] a completed 'Notice of Intent,' . . . [containing]:  (i) the name and address of the creditor or party in interest (or in the case of a group, the names and addresses of each of its members) and the name of the law firm(s) and individual attorneys representing such creditor or party in interest or group of creditors or parties in interest; and (ii) at the option of the Proposed Participant, either, (A) a list of all proof(s) of claim filed either individually or by the group provided there have not been any material changes to such proof(s) of claim since their filing, or (B) a statement setting forth the types and aggregate amount(s) of claim(s) currently held by such Proposed Participant as against each of the Debtors . . . .  In the absence of an order of the Court sustaining an objection to a Notice of Intent . . . , a Proposed Participant timely serving a Notice of Intent shall be deemed a 'Participant.'  For purposes of participation in Plan Discovery, 'Participant' shall include the attorneys and any advisors for any Participant identified on the Notice of Intent served by the Participant . . . ."

3

       iii.    any parties acting in cooperation or concert with others whether or not they are represented jointly or by a single law firm or other advisors; and

       iv.    to the extent any formal plan negotiation process is implemented, any party seeking to participate in such negotiation.

5. Additionally, the Ad Hoc Group requests that the Disclosure Parties be required, "at a minimum," to provide the following disclosure:

       i.    all holdings, including those of affiliates broken down on a creditor legal entity basis and Lehman legal entity basis, including material foreign affiliates;

       ii.    whether holdings are held solely of record or beneficially and, to the extent the power to vote such holdings is not under common control, how such voting power is divided;

       iii.    the nature of the claim and if it is a guarantee claim, the nature of the underlying primary claim and the basis for asserting the guarantee;

       iv.    whether such claim was acquired pre- or post-petition and, if such claim was acquired postpetition, the date of purchase and the price paid;

       v.    any agreements, oral or written, regarding the governance of any group of entities working together; and

       vi.    any arrangements or agreements, oral or written, with respect to the sharing of fees and costs among parties.

## **LIMITED OBJECTION**

6. The Committee appreciates the importance of broad disclosure -- both by the Debtors and their creditors -- as part of the process of assuring fundamental fairness and transparency in the chapter 11 process. However, the Ad Hoc Group seeks to implement unprecedented disclosure obligations that, in effect, would write new disclosure requirements into the Bankruptcy Code and Rules. Unlike many other circumstances in which the Court does not have the benefit of clear Congressional guidance or precedential case law, the framework for disclosure in chapter 11 cases is well established by the Bankruptcy Code and Bankruptcy Rules. See Fed. R. Bankr. P. 2019, 3016; 11 U.S.C. § 1125.

7. Specifically, Rule 2019 requires that "every entity or committee representing more than one creditor or equity security holder" file a verified statement including: (i) the name and address of the creditor or equity security holder; (ii) the nature and amount of the claim or interest and the time of acquisition thereof unless acquired more than one year prior to the bankruptcy; (iii) a recital of the pertinent facts and circumstances in connection with the employment of the entity and, in the case of a committee, the names of the entities at whose instance the employment was arranged or the committee was organized or agreed to act; (iv) with reference to the time of the employment of the entity or the organization or formation of the committee, the amounts of claims or interests owned by the entity or the members of the committee, the times when acquired, the amounts paid therefor, and any sales or other disposition thereof; and (v) a copy of any instrument whereby the entity or committee is empowered to act on behalf of creditors or equity holders. See Fed. R. Bankr. P. 2019.

8. Bankruptcy Rule 3016 requires that every proposed plan in a chapter 11 case identify the name of the entity or entities submitting such plan and be accompanied by a disclosure statement containing "adequate information" as defined in section 1125(a) of the Bankruptcy Code. See Fed. R. Bankr. P. 3016. Section 1125(a) of the Bankruptcy Code defines "adequate information" to mean information providing sufficient detail, as is "reasonably practicable" given the debtor's circumstances, that would allow a hypothetical investor typical of the holders of claims or interests of the relevant class to make an informed judgment about the plan. See 11 U.S.C. § 1125(a).

9. The foregoing provisions were designed to ensure that the chapter 11 process generally, and plan development specifically, are fair and transparent.[4] Although it is

---

[4]  See, generally, In re Northwest Airlines Corp., 363 B.R. 704, 709 (Bankr. S.D.N.Y. 2007) (stating that Rule 2019 is based on the "premise that the other shareholders have a right to know" certain information

5

within the Court's discretion to determine which parties are subject to these provisions and whether their compliance therewith is consistent with the statutory requirements, the Bankruptcy Code provisions and specific Bankruptcy Rules governing disclosure should be enforced as written. Creating a "Lehman exception" is simply not warranted.

    10. While transparency is a laudable goal, because the Disclosure Procedures are in direct conflict with creditor rights and clear statutory mandate,[5] they should be rejected. Not only do the Disclosure Procedures seek to expand the current statutory framework, they also go beyond the terms of the amended Rule 2019 with respect to both the entities that will be subject to amended Rule 2019 and the kind of information that must be disclosed.[6] The Disclosure Procedures also constitute an impermissible collateral attack on the Plan Discovery

---

  regarding the interests of an important group of creditors that has chosen to appear in a bankruptcy and play a major role); Baron & Budd P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 168 (D.N.J. 2005) ("Rule 2019 . . . seeks to ensure openness and good faith participation at a relatively early stage of a reorganization"); In re CF Holding Corp. / Colt's Mfg. Co., 145 B.R. 125, 126 (Bankr. D. Ct. 1992) ("The purpose of Rule 2019 is to further the Bankruptcy Code's goal of complete disclosure during the business reorganization process, and was designed to cover entities which, during the bankruptcy case, act in a fiduciary capacity to those they represent, but are not otherwise subject to control of the court.") (citation omitted); United Savings. Assoc. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.), 793 F.2d 1380, 1409 (5th Cir. 1986) (noting that disclosure requirements under section 1125 of the Bankruptcy Code are part of "carefully crafted scheme for creditor enfranchisement" through the plan process); In re Rodolitz Holding Corp., 187 B.R. 72 (Bankr. E.D.N.Y. 1995) ("The legislative history underlying section 1125 states that disclosure 'is the heart' of chapter 11 . . . ."); In re Cyr Bros. Meat Packing, Inc., 2 B.R. 620, 627 (Bankr. D. Me. 1980) ("Congress has again recently made it abundantly clear by its enactment of the Bankruptcy Code that reorganization under the bankruptcy laws requires full disclosure.") (citing section 1125 of the Bankruptcy Code).

[5] Contrary to the assertions of the Ad Hoc Group, neither section 1109(b) of the Bankruptcy Code (governing who may appear and be heard in a case) nor Bankruptcy Rule 7026 (setting forth general provisions governing discovery) provide a basis for the Disclosure Procedures. Further, for the reasons cited herein, the Committee does not believe there are equitable concerns rendering the Proposed Order "necessary or appropriate to carry out the provisions [of the Bankruptcy Code]" pursuant to section 105 of the Bankruptcy Code. 11 U.S.C. § 105(a).

[6] The amended Rule 2019 would not require disclosure by any individual party, nor by all persons involved in the plan process or all persons who are "cooperating" with one another. Nor is there anything in the new rule that would require the disclosure of all holdings of the Disclosure Parties and "of all affiliates broken down on a creditor legal entity basis and Lehman legal entity basis, including material foreign affiliates." Motion at 10. Finally, there is nothing in the amended Rule 2019 that requires disclosure of "voting power" or fee-sharing agreements, as sought by the Disclosure Procedures.

6

Procedures Order, requiring disclosures from "Participants" that were not contemplated by the Court or the parties that negotiated and developed the Plan Discovery Procedures.

11. In addition, the Disclosure Procedures would also present enforcement issues for the Court. Indeed, the Disclosure Procedures require disclosures from, among others, "[a]ny parties *acting in cooperation or concert* with others." Motion at 3. Applying these vague, undefined terms is likely to result in uncertainty and future disputes regarding whether any particular party is properly considered to be a Disclosure Party.

12. Further, the Ad Hoc Group seeks to prematurely compel disclosures from parties to formal plan negotiation or mediation processes that do not yet exist. If a formal plan negotiation or mediation process is implemented, appropriate procedures may be developed requiring participants to submit designated disclosures solely to the appointed, independent mediator in furtherance of the specific mediation.[7] A similar approach was followed with respect to the procedures implemented under the Plan Discovery Procedures Order, which requires specified disclosures from "Participants."[8]

13. The Committee submits that enforcing the Bankruptcy Code, the Bankruptcy Rules, the Plan Discovery Procedures Order, and any future specifically targeted orders of the Court will ensure an appropriate balancing of transparency with creditor rights. The Committee is comfortable that the Bankruptcy Code, the Bankruptcy Rules, and the Plan

---

[7] See, e.g., In re Tribune Company, et al., Case No. 08-13141 (Bankr. D. Del. 2008) (KJC) (Docket No. 5591) (court entered order appointing mediator and approving mediation procedures, requiring, among other things, mediation participants to submit information solely to mediator, not to be shared with other parties, disclosing and setting forth with specificity such party's claims against or interests in debtors).

[8] The Plan Discovery Procedures Order requires "Participants" to "serve on the attorneys for the Debtors and for the [Committee] a completed 'Notice of Intent,' . . . [containing]: (i) the name and address of the creditor or party in interest (or in the case of a group, the names and addresses of each of its members) and the name of the law firm(s) and individual attorneys representing such creditor or party in interest or group of creditors or parties in interest; and (ii) at the option of the Proposed Participant, either, (A) a list of all proof(s) of claim filed either individually or by the group provided there have not been any material changes to such proof(s) of claim since their filing, or (B) a statement setting forth the types and aggregate amount(s) of claim(s) currently held by such Proposed Participant as against each of the Debtors."

7

Discovery Procedures Order are capable of ensuring an appropriate disclosure regime in the Chapter 11 Cases.  In this regard, all parties in interest are entitled to seek, from appropriate parties, (i) the information that is required to be disclosed under Rule 2019, and (ii) disclosure under section 1125 of the Bankruptcy Code.  For these reasons, the Committee respectfully requests that the Disclosure Procedures be approved solely to the extent they are limited to the parties, and the disclosure requirements, within the scope of Bankruptcy Rules 2019 and 3016, section 1125(b) of the Bankruptcy Code, other applicable discovery rules and provisions, and the Plan Discovery Procedures Order, each as relevant.

**WHEREFORE**, the Committee respectfully requests that the Court (i) sustain the Limited Objection, (ii) limit disclosure requirements to those parties and to that information currently required by the relevant Bankruptcy Code provisions and Bankruptcy Rules governing disclosure in the bankruptcy and plan process and the Plan Discovery Procedures Order, and (iii) grant such other and further relief as it deems just.

Dated:  New York, New York
        June 8, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By:  /s/ Dennis F. Dunne
     Dennis F. Dunne
     Evan R. Fleck
     Dennis C. O'Donnell
     1 Chase Manhattan Plaza
     New York, New York 10005
     Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

8