Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                 Debtors.                     :    (Jointly Administered)
                                              :
                                              :
------------------------------------------------------------x
```

**DEBTORS' REPLY TO LIMITED OBJECTION OF THE AD HOC GROUP OF
LEHMAN BROTHERS CREDITORS TO DEBTORS' MOTION TO AMEND THE
ORDER PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY
CODE AND RULE 9019(a) ESTABLISHING PROCEDURES TO (I) RESTRUCTURE,
(II) MAKE NEW OR ADDITIONAL DEBT OR EQUITY INVESTMENTS IN,
AND/OR (III) ENTER INTO SETTLEMENTS AND COMPROMISES
IN CONNECTION WITH EXISTING REAL ESTATE INVESTMENTS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") file this reply to the limited objection (the "Limited Objection") interposed by the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group") to the *Debtors' Motion to Amend the Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) Establishing Procedures to (i) Restructure, (ii) Make New or Additional Debt and/or Equity*

*Investments in, and/or (iii) Enter into Settlements and Compromises in Connection with Existing Real Estate Investments* [Docket No. 17282] (the "Motion") and respectfully represent:

**Preliminary Statement**

1. In the Motion, the Debtors propose to make several modifications to the procedures approved by this Court authorizing the Debtors to effectuate Real Estate Loan Transactions aimed at increasing efficiency, reducing administrative burden on the Debtors, promoting clarity in the application of the procedures and maintaining an adequate and appropriate level of transparency into the Debtors' use of estate resources. It is this last attribute of the procedures, specifically with respect to the reporting requirements for New Investments (and not necessarily the proposed modifications to those reporting requirements), with which the Ad Hoc Group takes issue.

2. In their Limited Objection, the Ad Hoc Group mischaracterizes the Debtors' proposed modifications to the reporting requirements as "reduc[ing] the disclosures that must be made under the First Amended Order" and suggests that the reporting requirements that were limited by the Court in the First Amended Order be further expanded in the interests of transparency. The Ad Hoc Group argues that Debtors' proposed modifications "unduly restric[t] the ability of parties in interest to determine the ongoing effectiveness of the real estate procedures" and that the changes proposed by the Ad Hoc Group will provide additional transparency and "allow this Court and parties in interest to more effectively monitor the ongoing appropriateness of the procedures." Limited Objection at ¶ 3.

3. The Debtors fully appreciate the need for transparency and have strived to craft the various procedures and protocols in these cases to provide adequate levels of transparency, while protecting the value of the Debtors' investments and minimizing

administrative cost for the benefit of the Debtors' estates and their creditors. The Debtors' proposed modifications to the reporting requirements, which continue to require the Debtors to report all New Investments and continue to allow creditors and the Court to monitor the effectiveness and appropriateness of the procedures, do not alter the level of transparency provided for in the reporting requirements approved by the Court in the First Amended Order. The reporting requirements in the First Amended Order, as amended in the Second Amended Order, combined with various notice and approval requirements incorporated throughout the procedures provide adequate transparency.

4. Not only are the proposed procedures sufficiently transparent, but the suggestions made by the Ad Hoc Group to expand the reporting requirements would not materially increase transparency into the effectiveness of the procedures; rather, they would, for the most part, require the Debtors to publicly reveal additional information about the nature of their Real Estate Investments. To the extent the Ad Hoc Group's suggested modifications would provide any incremental transparency, such increase would be minimal and would be far outweighed by (i) the potential risks to the value of the Debtors' Real Estate Investments resulting from disclosure of additional information about the nature of the Debtors' expenditures, and (ii) the increased administrative burden that would be placed on the Debtors.

5. The relief requested by the Debtors with respect to the reporting requirements is limited in nature and would not alter the level of transparency in these cases or have any adverse effects on parties in interest. The Ad Hoc Group, on the other hand, through their Limited Objection, seeks to use this opportunity to revisit the relief previously granted by this Court in the Real Estate Asset Dispositions Order by expanding the reporting requirements in

ways that would increase the administrative burden on the Debtors and could adversely impact the value of the Debtors' Real Estate Investments.

### The Reporting Requirements in the Second Amended Order Provide Adequate Transparency into the Effectiveness and Appropriateness of the Procedures

6.      Contrary to the assertions made by the Ad Hoc Group in their Limited Objection, the Debtors' proposed modifications to the reporting requirements do not reduce the disclosures the Debtors are required to make. The Debtors' modifications merely replace one informational metric (the value of the underlying Real Estate Investment) with an alternative measure (a range of values within which the value of the underlying Real Estate Investment falls). The latter serves the same function as the former (i.e., allowing the Court and creditors to monitor whether the procedures are being used appropriately), but at the same time significantly reduces the risk of third parties being able to identify and ascertain how the Debtors value certain of their Real Estate Investments. The proposed modifications do not change the number of New Investments the Debtors are required to report, nor would they make it any more difficult for the Court or a creditor reviewing the report to determine which clause of the procedures would govern the New Investments reported. Accordingly, the Debtors' proposed modifications to the reporting requirements are limited and maintain the same level of transparency as the reporting requirements approved by the Court in the First Amended Order.

7.      The proposed procedures, combined with the general practice employed by the Debtors and the advisors to the Creditors' Committee and other information made public by the Debtors with respect to Real Estate Loan Transactions, would also provide sufficient transparency with respect to the types of Permitted Expenditures that the Ad Hoc Group suggests be included in the Debtors' quarterly reporting. As provided for in the procedures, the Debtors would be required to submit for approval to the Creditors' Committee any protective advance in

an amount greater than $5 million made by the Debtors to cure a superior loan default pursuant to clause (c) of the procedures, which protective advance would be included in the Debtors' quarterly reporting as a New Investment.

8. Notwithstanding the express requirements in the procedures, the Debtors, as a matter of practice, provide the advisors to the Creditors' Committee information about all expenditures that the Debtors propose to make in connection with their Real Estate Investments, which would include *all* protective advances, including those made for non-discretionary or emergency property-related purposes. Moreover, the monthly operating reports filed by the Debtors show an aggregate of all fundings made by the Debtors with respect to their Real Estate Investments during the period covered, providing transparency to all creditors regarding the extent of the expenditures made by the Debtors, including protective advances. As such, there is sufficient transparency built into the processes through which Real Estate Loan Transactions are conducted to obviate the need and increased administrative expense and burden of reporting the Permitted Expenditures proposed by the Ad Hoc Group.

### The Ad Hoc Group's Suggested Changes to the Reporting Requirements Would Provide Minimal, If Any, Additional Transparency, Would Put the Debtors' Real Estate Investments at Increased Risk, and Would Unnecessarily Increase Administrative Cost and Burden on the Debtors

9. In response to the limited modifications proposed by the Debtors, the Ad Hoc Group seeks to reopen the reporting requirements previously approved by the Court in their entirety and broaden the categories of reporting to require the Debtors to provide a description of the "type" of expenditures made and the Debtors' rationale for making each expenditure. First, it is unclear what information the Ad Hoc Group would have the Debtors disclose with respect to the "type" of investment made. Second, and more importantly, the disclosures proposed by the Ad Hoc Group would not provide any additional transparency to the Court or creditors as to the

Debtors' compliance with the procedures.  Information about the types of investments being made by the Debtors and the Debtors' reasons for making those investments wouldn't give creditors any indication of whether the investments were made in accordance with the procedures.  Rather, the disclosures requested by the Ad Hoc Group go to the nature of the Debtors' investments.  This is precisely the type of information that the Debtors seek to limit from public disclosure through their proposed modifications to the reporting requirements, as there is a potential for such information to be used by third parties against the Debtors' interests in the context of future dispositions of the Debtors' Real Estate Investments.  The Debtors should not be required to publish additional information about the nature of their investments that could be potentially used by third parties in a manner that would adversely affect the Debtors' ability to maximize the value of their investments.

10. Moreover, requiring the Debtors to report their rationale for every expenditure they make undermines the purpose of the procedures, which is to streamline the process by which the Debtors may effectuate Real Estate Loan Transactions.  The procedures already contain appropriate requirements for the Debtors to explain their rationale for Real Estate Loan Transactions to the Creditors' Committee and/or the Court based on predetermined thresholds.  Requiring the Debtors to describe their justifications for every investment they have made is unnecessary in light of the safeguards already in place in the procedures and would be overly burdensome to the Debtors.

11. The additional transparency sought by the Ad Hoc Group is unnecessary inasmuch as an adequate amount of information regarding Permitted Expenditures will already be disclosed through a combination of the requirements of the proposed procedures, the Debtors' general practice of disclosing all expenditures to the Creditors' Committee, and the monthly

operating reports filed by the Debtors. Accordingly, the Debtors should not be required to disclose the more detailed information requested by the Ad Hoc Group, as it would not materially increase transparency, would be potentially damaging to the Debtors, and would increase the administrative burden on the Debtors without justification.

12. For the foregoing reasons, the Debtors request that the Court overrule the Limited Objection and grant the relief requested in the Motion.

DATED: June 13, 2011
       New York, New York

    /s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession