Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez
Attorneys for Debtors
and Debtors In Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                                   :
In re                                              :   Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :   08-13555 (JMP)
                                                   :
             DEBTOR.                               :   (Jointly Administered)
                                                   :
-------------------------------------------------------------------x
```

**REPLY TO SUNCAL PARTIES' OPPOSITION MOTION OF
THE DEBTORS PURSUANT TO SECTION 362(a) OF THE
BANKRUPTCY CODE FOR ENFORCEMENT OF THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtor, Lehman

Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (together, the "Debtors"

and together with non-debtor affiliates, "Lehman"), file this reply (the "Reply") to the *SunCal

Parties' Opposition to Motion of the Debtors Pursuant to Section 362(a) of the Bankruptcy Code

for Enforcement of the Automatic Stay* (the "Opposition"), and in support thereof, the Debtors

respectfully represent:

US_ACTIVE:\43731753\03\58399.0003

## REPLY[1]

1.  The only issue before this Court is whether the SunCal Parties (as defined in the Opposition) should be required to seek relief from the automatic stay prior to taking affirmative (as opposed to defensive) actions against LCPI in the California Bankruptcy Cases. The bases of the Motion were that the SunCal Parties filed in the California Bankruptcy Court (i) the Claim Objection, which labels what it seeks as "recoupment," but in fact, as pled, seeks to re-order claim priorities, reducing "the secured portion" of LCPI's claims by any damages that the Voluntary Debtors are determined to have incurred and (ii) the 502(d) Motion, which asserts through a claim objection by motion the same affirmative claims against LCPI under section 502(d) of the Bankruptcy Code that the California Bankruptcy Court already had ruled could <u>not</u> be asserted without obtaining prior relief from LCPI's automatic stay.

2.  In their reply to the 502(d) Motion and at a status conference conducted on June 9, 2011 in the California Bankruptcy Court, the SunCal Parties modified the relief they sought vis a vis LCPI in the 502(d) Motion and advised the California Bankruptcy Court that they relief they now seek is only temporary disallowance for voting purposes of certain of LCPI's claims. Further, in their reply pleading to the California Bankruptcy Court regarding the 502(d) Motion, the SunCal Parties contend temporary disallowance already is in place due to there being a sufficiently pled motion. With that result, in their view, having been achieved, enforcement of the automatic stay in this case to preclude further prosecution of the 502(d) Motion pending stay relief from this Court should be uncontroversial.

3.  Although the SunCal Parties revised the remedy sought by their 502(d)

---

[1] Capitalized terms used in this Reply, but not otherwise defined below, shall have the meanings ascribed to them elsewhere in the *Motion of the Debtors Pursuant to Section 362(a) of the Bankruptcy Code for Enforcement of the Automatic Stay,* dated May 24, 2011 (the "<u>Motion</u>").

Motion, the SunCal Parties did not modify the recoupment remedy sought in the Claim Objection.  Contrary to the SunCal Parties' contentions, LCPI does not seek, through the Motion, to stop the SunCal Parties from seeking recoupment or from asserting a strictly defensive claim objection which is the proper province of the California Bankruptcy Court.  Nevertheless, the remedy the SunCal Parties seek through their Claim Objection – namely a reduction of what they call the "secured portion" of LCPI's claim is an affirmative, not defensive, act that requires stay relief.

4. Also contrary to the SunCal Parties' assertions, their hands are not tied; they can either elect to pursue strictly defensive recoupment remedies, dropping any request for the entitlement to "recoup" or offset from the secured portion of LCPI's claims or, alternatively, seek relief from this Court to pursue the remedies they have sought in their Claim Objection. The SunCal Parties, however, have chosen to maintain their action *as is* without seeking any additional relief.

5. In fact, the introduction of the Claim Objection states:

> The Lehman Parties' actions have caused the Relevant SunCal Debtors to suffer tens of millions, if not in excess of one hundred million dollars in damages, which will need to be quantified through discovery.  **The secured portion of the Lehman Claims should be reduced by this sum and the resulting equity should be available for unsecured creditors of the respective estates.**

Claim Objection, p. 1 (emphasis added).  Similarly, the Claim Objection later states,

> The foregoing breaches caused the Relevant SunCal Debtors to suffer millions of dollars in damages, which will need to be quantified through discovery.  **These damages can and should be recouped from the secured portion of the Lehman Claims, and the Lehman Entities should be denied the right to seek any relief on the basis of [the] Lehman Claims until the Relevant SunCal Debtors are made whole.**

Claim Objection, p. 36 (emphasis added).

6.  As noted in the Motion and acknowledged in the Opposition, it is not disputed that this Court is the primary arbiter with respect to LCPI's automatic stay. Notwithstanding this, the SunCal Parties charge on with the remedy sought in the Claim Objection- characterized in the Claim Objection as a reduction of the secured portion of LCPI's claims and in the Disclosure Statement Reply as a "first dollars" taking from proceeds of LCPI's collateral.

7.  Though the Opposition presents case law concerning the nature of recoupment, it does not adequately explain why the remedies the SunCal Parties seek are recoupment remedies.  Instead, the SunCal Parties appear to have concluded that the California Bankruptcy Court will agree with their characterization of a "recoupment" claim and if it does not, "that doesn't mean the automatic stay was violated; it simply means the objection will be overruled."  Opposition, p. 20.  The SunCal Parties should not be allowed to hide behind semantics.  The SunCal Parties should be required to obtain stay relief prior to enforcing any remedy that would reduce LCPI's secured claims (or assets in which LBHI may have an interest, as is explained in the Motion), subordinate them to unsecured creditors, or have the substantive effect of an offset.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested in the Motion, subject to the modifications described herein, overrule the Opposition, and grant such other and further relief as is just.

Dated: June 13, 2011
Houston, Texas

/s/ *Alfredo R. Perez*
Alfredo R. Pérez
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5040
Facsimile: (713) 224-9511

**Attorneys for Debtors
and Debtors in Possession**