**Hearing Date and Time:  June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time**)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
:
In re:                                                              :    Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    Case No. 08-13555 (JMP)
:
Debtors.                                   :    (Jointly Administered)
:
---------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS IN SUPPORT OF MOTION OF THE DEBTORS**
**PURSUANT TO SECTION 362(a) OF THE BANKRUPTCY CODE FOR**
**ENFORCEMENT OF THE AUTOMATIC STAY**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement in support of the Motion of the Debtors Pursuant to Section 362(a) of the Bankruptcy Code for Enforcement of the Automatic Stay [Docket No. 17061] (the "Motion").[1]

---

[1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

**STATEMENT**

1. The automatic stay in effect in LCPI's chapter 11 case should not bar the SunCal Debtors from objecting to the merits of LCPI's claims, including objections such as failure to state a claim, failure of proof, unjust enrichment and recoupment. However, the automatic stay extant in LCPI's chapter 11 case does bar the SunCal Debtors from joining prayers for affirmative relief to their objections to the merits of LCPI's claims. Thus, to the extent the SunCal Motions seek, in substance, to (i) force LCPI to turn over property to the SunCal Debtors' estates, (ii) set off the SunCal Debtors' claims against the secured portion of LCPI's claims, or (iii) satisfy the SunCal Debtors' claims with proceeds from the sale of LCPI's collateral, the automatic stay is clearly implicated.

2. This Court has warned the SunCal Movants to seek relief from the automatic stay "when there's a <u>close question</u> . . . to avoid the very severe sanctions that flow from – especially flow from willful violations of the stay." (Hr'g Tr. 19:1-25, January 30, 2009 (emphasis added) )  In addition, the Bankruptcy Appellate Panel for the Ninth Circuit has found that the SunCal Movants' attempts to equitably subordinate LCPI's claims violate the automatic stay, and this Court has denied the SunCal Movants' subsequent request for relief from the automatic stay to pursue equitable subordination. Despite those admonishments, findings and denials, the SunCal Movants, in addition to objecting to the merits of LCPI's claims, seek forms of relief that, at the very least, raise close questions regarding potential stay violations – without first seeking relief in this Court from the automatic stay.

3. Under the 502(d) Motion, the SunCal Movants seek, among other things, to disallow LCPI's claims against the SunCal Debtors on the grounds that LCPI has failed to turn over certain property that is the subject of avoidance actions which have survived motions to

2

dismiss. That prayer for relief implicates the automatic stay for at least two reasons. First, in contrast with section 502(b) of the Bankruptcy Code, which addresses the merits of a claim, section 502(d) of the Bankruptcy Code is designed to be coercive in effect, requiring creditors to turn over property to debtors' estates – regardless of the merits of such creditors' claim – or suffer disallowance of their entire claims. Campbell v. United States (In re Davis), 889 F.2d 658, 661 (5th Cir. 1989) ("The legislative history and policy behind Section 502(d) illustrates that the section is intended to have the coercive effect of insuring compliance with judicial orders.").

4.  Thus, the 502(d) Motion, on its face, seeks affirmative relief from LCPI to the extent it would force LCPI to turn over alleged fraudulent and preferential transfers to the SunCal Debtors' estates, or suffer the loss of LCPI's claim in excess of $1 billion. This Court should have the opportunity to assess the coercive effects of the 502(d) Motion and its impact on LCPI's estates and creditors, and to tailor stay relief accordingly. See Goldin Assocs., L.L.C. v. Shared Techs. Cellular, Inc. (In re Shared Techs. Cellular, Inc.), 281 B.R. 804, 808 (Bankr. D. Conn. 2002), aff'd, 293 B.R. 89 (D. Conn. 2003) (granting stay relief to permit preference action to be brought against debtor, but conditioning such relief on the judgment in such action not being used to disallow the debtor's claim).

5.  Second, the 502(d) Motion is predicated on a finding by the California Bankruptcy Court that LCPI is the recipient of "certain fraudulent transfers and preferential transfers from the [SunCal Debtors], which are avoidable pursuant to Section 544, 547, 548, 550 and 551 of the Bankruptcy Code." (502(d) Motion at 1). However, notwithstanding the availability of this relief in their own chapter 11 cases, the SunCal Movants cannot prosecute avoidance actions against LCPI without first obtaining relief from the automatic stay. See In re

3

WorldCom, Inc., 325 B.R. 511, 518 (Bankr. S.D.N.Y. 2005) (voiding preference actions filed by liquidating trust for debtors in one chapter 11 case against debtors in separate chapter 11 case without relief from the automatic stay; noting that: "In its own efforts to maximize recoveries and ensure an efficient and effective claims adjudication, the MDIP Trust benefitted from the very same protections, yet it chose to violate those protections in the Debtors cases herein.").

6. The SunCal Movants attempt to downplay this infirmity, by alleging that they are only asking the California Bankruptcy Court to find that the SunCal Movants had already made a *prima facie* case with respect to their avoidance actions prior to the re-imposition of the stay after the Bankruptcy Appellate Panel stay decision. However, the automatic stay bars both the "commencement" and the "continuation" of fraudulent transfer actions, and the use of the prior rulings of the California Bankruptcy Court for this new purpose would, in effect, entail a "continuation" of that action against LCPI. See 11 U.S.C. § 362(a).[2]

7. Under the Claim Objection, the SunCal Movants push the envelope by purporting to seek "recoupment" but, in substance, seeking relief similar to setoff or subordination. Recoupment is a common law equitable right that "may only be applied in bankruptcy where 'both debts . . . arise out of a single integrated transaction so that it would be inequitable for the debtor to enjoy the benefits of that transaction without also meeting its obligations.'" Westinghouse Credit Corp. v. D'Urso, 278 F.3d 138, 147 (2d Cir. 2002) (citations omitted). "[E]ven where the parties' claims arise from a single contract, if 'the contract itself contemplates the business to be transacted as discrete and independent units,' recoupment may

---

[2] The SunCal Movants cite In re Metiom, Inc., 301 B.R. 634 (Bankr. S.D.N.Y. 2003) for the proposition that a claim objection under section 502(d) of the Bankruptcy Code does not violate the automatic stay. However, that decision is distinguishable on a number of grounds, including: (i) the trustee in Metiom expressly waived any affirmative relief and its potential avoidance actions, and (ii) the trustee sought to disallow unsecured claims rather than secured claims.

4

not be applied." Id. (citations omitted). "[R]ecoupment operates as an exception to the requirement that debts arising post-petition may not be satisfied without obtaining relief from the automatic stay." Mercy Hosp. v. N.Y. State Dep't of Soc. Servs., 171 B.R. 490, 494 (N.D.N.Y. 1994). "However, under the doctrine of recoupment, no affirmative recovery may be permitted." Id.

8. To the extent the SunCal Debtors' claims arise from different transactions than the transactions that gave rise to the LCPI claims from which the SunCal Movants seek to recoup, recoupment is inapposite, and the SunCal Movants are seeking, in substance, to effect a setoff. Under section 362(a)(7) of the Bankruptcy Code, setoff is expressly subject to the automatic stay. Moreover, the Claim Objection suggests (although it is not clear on this point) that the SunCal Movants are seeking to recover on their claims against LCPI from the proceeds of LCPI's liens. (Claims Objection at 1, 36.) As noted above, affirmative recoveries are not permitted under the doctrine of recoupment; such relief is more akin to subordination, which the Bankruptcy Appellate Panel for the Ninth Circuit has found to violate the automatic stay.

9. At the status conference conducted on June 9, 2011 in the California Bankruptcy Court, the SunCal Movants stated that, under the Section 502(d) Motion, they are now only seeking temporary disallowance of certain of LCPI's claims for voting purposes. In addition, the SunCal Movants have elsewhere represented that the Claims Objection does not include a "prayer for subordination, sale, or taking of any kind," and, to the extent the SunCal Movants have proposed such relief under the SunCal Plan, it will not occur "until LCPI's automatic stay is lifted or is judicially determined not to apply."[3]

---

[3] SunCal Parties' Opposition to Motion of the Debtors Pursuant to Section 362(a) of the Bankruptcy Code for Enforcement of the Automatic Stay [Docket No. 17495], at 6, 16.

10. To the extent the SunCal Movants confirm to this Court that they (i) are pursuing section 502(d) disallowance of LCPI's claim solely for voting purposes; and (ii) are not seeking to recover any cash or other property under their "recoupment" claim, additional enforcement of the automatic stay may not be necessary. However, this Court remains the final arbiter of whether the automatic stay should apply with respect to specific forms of relief sought against LCPI, and it has the jurisdiction and the mandate to protect LCPI's estate by enforcing its automatic stay whenever necessary.

11. Certain elements of the relief sought by the SunCal Motions raise close questions regarding potential violations of the automatic stay, which the SunCal Debtors should have raised with this Court (as well as the California Bankruptcy Court) before moving forward with the Section 502(d) Motion and Claim Objection. The fact that the SunCal Debtors failed, as they have several times before, to seek relief from this Court calls out for a definitive response: the SunCal Debtors should be admonished, under threat of sanction, to hereafter bring all such "close questions" to the simultaneous attention of this Court and the California Bankruptcy Court, addressing, through separate motions, the request for affirmative relief to the California Bankruptcy Court and the request for confirmation that no stay violation is at issue to this Court. Given the long and difficult history of these issues in this cases, only such a bright-line standard is likely to mitigate or obviate future disputes.

WHEREFORE, the Committee respectfully requests that the Court (i) grant the Motion; and (ii) grant the Committee such other relief as is just.

Dated: New York, New York
June 13, 2011

**MILBANK, TWEED, HADLEY & McCLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

7