Hearing Date:  June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
              :
In re:        :    Chapter 11 Case No.
              :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
              :
       Debtors.    :    (Jointly Administered)
              :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
SUPPORT OF DEBTORS' MOTION TO AMEND THE ORDER PURSUANT TO
SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 9019(a) ESTABLISHING PROCEDURES TO (I) RESTRUCTURE, (II) MAKE
NEW OR ADDITIONAL DEBT OR EQUITY INVESTMENTS IN, AND/OR (III) ENTER
INTO SETTLEMENTS AND COMPROMISES IN CONNECTION WITH EXISTING
REAL ESTATE INVESTMENTS**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the

"Debtors") hereby files this statement in support of the Debtors' Motion to Amend the Order

Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a)

Establishing Procedures to (i) Restructure, (ii) Make New or Additional Debt or Equity

Investments in, and/or (iii) Enter Into Settlements and Compromises in Connection with Existing

Real Estate Investments, dated June 1, 2011 (Docket No. 17282, the "<u>Motion</u>").[1] In support of the Motion, the Committee respectfully states as follows:

## **STATEMENT**

1. Since late 2009, the Debtors have been managing numerous commercial mortgage loans, commercial mezzanine loans, residential mortgage loans, repurchase facilities, and other loans and similar facilities either owned by them or in which they have a direct or indirect debt or equity investment or other interest, in each case secured by real property or interests therein (collectively, the "<u>Real Estate Investments</u>"). The Debtors have managed the Real Estate Investments in accordance with various protocols approved by the Court, including, among others, that approved by the Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a) Establishing Procedures to (i) Restructure, (ii) Make New or Additional Debt and/or Equity Investments in, and/or (iii) Enter into Settlements and Compromises in Connection with Existing Real Estate Investments, dated November 23, 2009 [Docket No. 5912] (as amended, the "<u>Current Real Estate Protocol</u>"). The Debtors now seek to amend the Current Real Estate Protocol to clarify certain aspects thereof and better preserve the value of the Real Estate Investments.

2. The Committee supports the relief requested by the Debtors for several reasons. <u>First</u>, the proposed modifications to the Current Real Estate Protocol will help clarify the status of certain categories of expenditures (such as those relating to taxes, insurance, emergency repairs and, subject to a $5 million cap, certain default cure payments) that have been routinely paid by the Debtors over the past three years, with the Committee's involvement and consent, but as to which specific authorization had not previously existed under the Current Real Estate Protocol. This modification, which closes a drafting gap in the Current Real Estate

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

Protocol, will benefit the Debtors' unsecured creditors by minimizing the cost and delay that would result from the Debtors being required to seek approvals prior to making such ordinary course expenditures and ensuring that long-standing practice between the Debtors and the Committee is properly reflected in the Bankruptcy Court orders authorizing the real estate protocol process.

3. *Second*, the proposed modifications to the thresholds applicable to the New Investments will help the Debtors avoid the cost and delay associated with seeking Bankruptcy Court approval for the New Investments that are relatively modest in amount compared to the size of the underlying asset. Under the Current Real Estate Protocol, if the value of the underlying asset exceeds $100 million, Court approval is required for any Real Estate Loan Transaction involving the asset, including relatively small New Investments (*i.e.*, in the $5 million to $25 million range). Under the amended version of the Protocol, consideration and ultimate approval of New Investments under such circumstances will be delegated to the discretion of the Committee, with no separate Court approval required.

4. *Finally*, the proposed modification to the disclosure requirements for the quarterly reports of the New Investments will permit the Debtors not to make public the specific value of the Underlying Investments. Instead, the Debtors will only have to identify a valuation range corresponding to the thresholds set forth in the Current Real Estate Protocol. The Debtors contend, and the Committee agrees, that this will minimize the risk of third parties being able to use the Debtors' valuation information to the Debtors' detriment in potential future sale negotiations, while still providing creditors with sufficient information regarding New Investments. The Debtors are now entering a period where the sale of real estate assets (as opposed to their preservation and ongoing development) has become a priority, so the Debtors'

3

concern about the potential misuse of valuation information by investors (with respect to both large and small Lehman assets) has assumed an even greater relevance and significance.

5. As set forth in the Limited Objection of the Ad Hoc Group of Lehman Brothers Creditors to Debtors' Motion to Amend the Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019(a) Establishing Procedures to (I) Restructure, (II) Make New or Additional Debt or Equity Investments In, and/or (III) Enter Into Settlements and Compromises in Connection with Existing Real Estate Investments, dated June 8, 2011 (Docket No. 17515, the "Limited Objection"), the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group") believes that the disclosures in the Current Real Estate Protocol should be expanded to include disclosures as to non-ordinary course Permitted Expenditures in addition to New Investments, as well as to require a brief description of the type of Permitted Expenditures or New Investments made and the rationale therefore.

6. While the Committee is generally in favor of greater transparency to permit parties in interest to effectively monitor the estates' activities, the Committee believes that the Ad Hoc Group's proposal goes too far. The Committee supports the Ad Hoc Group's suggestion that the Debtors should be required to provide limited disclosure with respect to Permitted Expenditures; this is a new category of expenditures not previously provided for under the Current Real Estate Protocol. However, the Committee believes that the disclosures should be confined to the total number of transactions and the aggregate dollar amount thereof. This would not be unduly burdensome on the Debtors and would provide useful information to parties in interest.

7. The Ad Hoc Group's suggested expansion of the disclosure requirements with respect to New Investments is merely an attempt by the Ad Hoc Group to revisit the relief

4

previously granted by this Court. While a middle ground with respect to this issue may exist, as currently presented, the suggested expansion of the New Investment disclosure appears both unnecessary, as previously recognized by the Court, and contrary to the Debtors' desire to minimize the risk that third parties will be able to use such information to the Debtors' detriment as the Debtors enter a period where sales of real estate assets are likely to occur with greater frequency.

8. The Committee believes that the proposed modifications, which were discussed with and approved by the Committee, will lead to greater efficiencies in these chapter 11 cases and better preserve the value of the Real Estate Investments, thus maximizing value of the Debtors' estates for the benefit of their unsecured creditors.

## CONCLUSION

For all the foregoing reasons, the Committee respectfully requests that the Court grant (i) the relief requested in the Motion, subject to the recommendation provided herein, and (ii) such other relief as is just.

Dated:   New York, New York
         June 13, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

5