UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re                                                         :    Chapter 11
                                                              :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,                     :    Case No. 08-13555
                                                              :
                            Debtor.                           :
                                                              :
------------------------------------------------------------- x

### OPPOSITION OF INTERWIND CORP. f/k/a SKYPOWER CORP. TO DEBTORS' ONE HUNDRED THIRTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Interwind Corp. f/k/a SkyPower Corp.[1] ("Interwind") hereby submits this Opposition (the "Opposition") to the Debtors' One Hundred and Thirty-Eighth Omnibus Objection to Claims (No Liability Derivatives Claims) (the "Objection"), filed on May 16, 2011, by Lehman Brothers Holding Inc. ("LBHI") and its affiliated debtors in the above-referenced case (collectively, the "Debtors"), and respectfully represents as follows:

1. On September 21, 2009, Interwind filed proof of claim number 33430 against the Debtors (the "Interwind Claim"). In the Interwind Claim, Interwind asserted a claim in the amount of $5,398,931.04 against Lehman Brothers Special Financing, Inc. ("LBSF"), an affiliated debtor of LBHI, arising out of certain foreign exchange currency option transactions (the "Transactions") between Interwind and LBSF.[2] The Transactions matured postpetition and were documented pursuant to individual confirmations dated September 11, 2007.

---

[1] SkyPower Corp. changed its name to Interwind Corp. on November 23, 2009.

[2] The Interwind Claim asserts that the $5,398,931.04 due and owing Interwind qualifies as an administrative expense under 11 U.S.C. §503(b)(1). Only the value of the Interwind Claim is at issue in the Objection and this Opposition and Interwind herby reserves all its rights with respect to the classification of the Interwind Claim.

2. On October 21, 2009, Interwind appropriately completed and filed derivative questionnaires for each of the Transactions, along with any required supporting documents.

3. On May 16, 2011, the Debtors filed the Objection requesting entry of an order disallowing and expunging certain claims (the "Derivatives Claims"), including the Interwind Claim, on account that the Derivative Claims provide no basis for liability as to the Debtors. The Debtors argued "that based on the fair, accurate, and reasonable values of the subject Derivative Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to claimants. . .."

4. The Objection does not state a basis specific to the Interwind Claim that would support its disallowance. Furthermore, the Objection does not provide any reason why the valuation Interwind utilized in the Interwind Claim was not "fair, accurate or reasonable" or any specific valuation that would actually demonstrate that Intertwined is not owed money for the Transactions. Because the Debtors failed to even articulate a basis for their objection to the Interwind Claim, let alone present any supporting evidence, the Objection must be denied with respect to the Interwind Claim. Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), Case No. 98 Civ. 4990 (HB),1999 U.S. Dist. Lexis 3974 at *10-11 (S.D.N.Y. Mar. 31, 1999) (vacating order expunging claim because "[t]o prevail, the objector must affirmatively produce evidence to counter the creditor's claim").

5. In fact, Interwind used LBHI's own valuation of the Transactions – down to the penny –as the basis of the Interwind Claim. Given that LBHI calculated the precise value of the Transactions and determined that Interwind was in the money by an amount of

2

$5,398,931.04, the Debtors cannot now argue that the "fair, accurate and reasonable value" of the Transactions support the Debtors not owing Interwind money.

6.    Specifically, on April 28, 2009, Jonathan Williams, a senior executive at LBHI, sent an e-mail to David Bacon, the then Chief Financial Officer of Interwind, (the "LBHI E-mail") attaching a schedule of the Transactions and the "In-the-Money-Amount" in favor of Interwind. A copy of the LBHI E-mail is attached hereto as Exhibit A.[3] The LBHI E-mail states that LBHI utilized Bloomberg rates from 10:00 a.m. EST on the date of expiration of each Transaction to calculate the value of the Transactions. Using these rates, LBHI calculated and acknowledged – both in the body of the LBHI E-mail and the schedule attached to it – the value of the Transactions to be in Interwind's favor in the total amount of $5,398,931.04.

7.    Based on the foregoing, not only do the Debtors fail to properly object to the Interwind Claim, their own valuation supports LBSF owing Interwind $5,398,931.04, as is being claimed in the Interwind Claim. Accordingly, the Debtors' Objection as to the Interwind Claim should be denied.

---

[3] The LBHI E-mail also contains a schedule of other trades between LBSF and Interwind that are covered by proof of claim number 33429, which are not the subject of the Objection or this Opposition.

WHEREFORE, Interwind respectfully requests that the Court deny the Objection with respect to the Interwind Claim and grant Interwind such other and further relief as the Court deems just and proper.

Dated: June 13, 2011
New York, New York

Respectfully Submitted,

DICKSTEIN SHAPIRO LLP

By: /s/ Shaya M. Berger
Shaya M. Berger
1633 Broadway
New York, New York 10019
212-277-6746 (t)
212-277-6501(f)
bergers@dicksteinshapiro.com
Counsel for Interwind Corp.
f/k/a SkyPower Corp.

4