Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time)

**MCCARTER & ENGLISH LLP**
245 Park Avenue
New York, NY 10167
Telephone (212) 609-6800
Facsimile (212) 609-6921
Eduardo J. Glas
William M. Moran
Counsel for SunCal Voluntary Debtors and
SunCal Management

**WINTHROP COUCHOT, P.C.**
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111
Sean A. O'Keefe – NY Bar No. 1980853, CA Bar No. 122417
Paul J. Couchot – CA Bar No. 131934
Counsel for the SunCal Voluntary Debtors

**RUS MILIBAND & SMITH, APC**
2211 Michelson Drive, Seventh Floor
Irvine, California 92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514
Ronald Rus - CA Bar No. 67369
Joel S. Miliband – CA Bar No. 77438

Counsel for SunCal Management LLC

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC, et al.,**<br><br>**Debtors.** | **Chapter 11**<br>**Case No. 08-13555 (JMP)**<br>**Jointly Administered** |

**SUNCAL PARTIES' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF RULING BY UNITED STATES BANKURPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA ON  MATTERS RELATING TO MOTION OF THE DEBTORS PURSUANT TO SECTION 362(a) OF THE BANKRUPTCY CODE FOR ENFORCEMENT OF THE AUTOMATIC STAY**

64120.1

   Acton Estates LLC ("Acton"), SunCal Bickford Ranch LLC, SunCal Emerald Meadows LLC, Palmdale Hills Property, LLC, SJD Partners, Ltd., SunCal Summit Valley LLC, SCC Communities LLC, Tesoro SF LLC and SunCal Management, LLC (collectively the "SunCal Partites") hereby respectively request that the Court take judicial notice of, and consider, the attached *ORDER GRANTING SUNCAL PARTIES' MOTION FOR ORDER: 1) Clarifying Prior Rulings and Record; 2) Clarifying Jurisdiction Over Claims Objections; And 3) Enforcing The Suncal Debtors' Automatic Stay* (the "Ruling") entered by the United States Bankruptcy Court for the Central District of California on June 13, 2011. The Ruling is relevant to the issues raised and allegations made in the *Motion Of The Debtors Pursuant To Section 362(A) Of The Bankruptcy Code For Enforcement Of The Automatic Stay* (the "Stay Motion") that is set for hearing before this Court.

DATED: June 14, 2011

/s/ William M. Moran
_____
William M. Moran
McCarter & English LLP
245 Park Avenue
New York, NY 10167
Telephone (212) 609-6800
Facsimile (212) 609-6921
Counsel for SunCal Voluntary Debtors and
SunCal Management

**Exhibit 1**

| | |
|---|---|
| PAUL J. COUCHOT -- State Bar No. 131934<br>SEAN A. O'KEEFE -- State Bar No. 122417<br>**WINTHROP COUCHOT**<br>**PROFESSIONAL CORPORATION**<br>660 Newport Center Drive, Fourth Floor<br>Newport Beach, CA 92660<br>Telephone: (949) 720-4100<br>Facsimile: (949) 720-4111<br>General Insolvency Counsel for Administratively Consolidated Debtors-in-Possession | **FILED & ENTERED**<br><br>**JUN 13 2011**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY deramus  DEPUTY CLERK** |
| RONALD RUS - State Bar No. 67369<br>JOEL S. MILIBAND - State Bar No. 77438<br>**RUS MILIBAND & SMITH**<br>**A PROFESSIONAL CORPORATION**<br>2211 Michelson Drive, Seventh Floor<br>Irvine, California 92612<br>Telephone: (949) 752-7100<br>Facsimile: (949) 252-1514<br>Counsel for SunCal Management LLC | **CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>Palmdale Hills Property, LLC, and its Related Debtors.<br><br>    Jointly Administered Debtors and Debtors-in-Possession<br><br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC,<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☐ Seven Brothers LLC<br>☒ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>    *Continued on Next Page* | Case No. 8:08-bk-17206-ES<br><br>Jointly Administered With Case Nos.<br><br>8:08-bk-17209ES; 8:08-bk-17240ES; 8:08-bk-17224ES;<br>8:08-bk-17242ES; 8:08-bk-17225ES; 8:08-bk-17245ES;<br>8:08-bk-17227ES; 8:08-bk-17246ES; 8:08-bk-17230ES;<br>8:08-bk-17231ES; 8:08-bk-17236ES; 8:08-bk-17248ES;<br>8:08-bk-17249ES; 8:08-bk-17573ES; 8:08-bk-17574ES;<br>8:08-bk-17575ES; 8:08-bk-17404ES; 8:08-bk-17407ES;<br>8:08-bk-17408ES; 8:08-bk-17409ES; 8:08-bk-17458ES;<br>8:08-bk-17465ES; 8:08-bk-17470ES; 8:08-bk-17472ES;<br>and 8:08-17588ES.<br><br>Chapter 11 Cases<br><br>**ORDER GRANTING SUNCAL PARTIES' MOTION FOR ORDER:**<br><br>    **1) Clarifying Prior Rulings and Record;**<br><br>    **2) Clarifying Jurisdiction Over Claims Objections; And**<br><br>    **3) Enforcing The Suncal Debtors' Automatic Stay** |

| | | |
|---|---|---|
| 1 | *Continued from Previous Page*<br>☒ SCC Communities LLC<br>☐ North Orange Del Rio Land, LLC<br>☒ Tesoro SF, LLC<br>☒ LBL-SunCal Oak Valley, LLC<br>☒ SunCal Heartland, LLC<br>☒ LBL-SunCal Northlake, LLC<br>☒ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☒ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | DATE: June 13, 2011<br>TIME: 9:30 a.m.<br>PLACE: Courtroom 5A |

448085v1 JSM 6/10/11 1 (2882-0001)        -2-

1  On June 13, 2011, a hearing was held on that certain *Motion For Order: Clarifying Prior Rulings and Record; 2) Clarifying Jurisdiction Over Claims Objections; And 3) Enforcing The Suncal Debtors' Automatic Stay* (the "Motion") filed by Acton Estates LLC ("Acton"), SunCal Bickford Ranch LLC ("Bickford"), SunCal Emerald Meadows LLC ("Emerald Meadows"), Palmdale Hills Property, LLC ("Palmdale Hills"), SJD Partners, Ltd. ("SJD Partners"), SunCal Summit Valley LLC ("Summit Valley"), SCC Communities LLC ("SCC Communities"), Tesoro SF LLC ("Tesoro") (collectively the "Voluntary Debtors"), and SunCal Management, LLC ("SunCal Management"), as a claimant in the related Chapter 11 cases of the Trustee Debtors[1] (the "Voluntary Debtors" and the "Trustee Debtors" are collectively referred to herein as "SunCal Debtors," and the "Voluntary Debtors" and "SunCal Management" are referred to herein as the "SunCal Parties"). After due consideration of the Motion, the opposition filed thereto by Lehman Commercial Paper, Inc. ("LCPI") and Lehman Ali, Inc. ("Lehman Ali") (together the "Lehman Entities"), and for other good and adequate cause, the Court makes the following *Findings of Fact and Conclusions of Law*, and on the basis of the same grants the relief set forth in the within *Order*.

# I
## **FINDINGS OF FACT**

1.1  The Chapter 11 cases of the SunCal Voluntary Debtors,[2] and the Chapter 11 cases of the related Trustee Debtors[3] (collectively, the "SunCal Debtors") are pending before this Court.

1.2  The Lehman Entities have filed the proofs of claim described below (the "Lehman Claims") in the Chapter 11 cases of the SunCal Debtors:

---

[1] Delta Coves, SunCal Heartland, SunCal Marblehead, SunCal Northlake, SunCal Oak Valley, SunCal Century City, SunCal PSV, SunCal Torrance, and SunCal Oak Knoll.

[2] Palmdale Hills Property LLC, SunCal Communities I LLC, SunCal Communities III LLC, SCC Palmdale LLC, Acton Estates LLC, SunCal Beaumont LLC, SunCal Emerald LLC, SunCal Johansson LLC, SunCal Bickford LLC, SunCal Summit LLC, Seven Brothers LLC, Kirby Estates LLC, SJD Partners, Ltd., SJD Development Corp., SCC Communities LLC, North Orange Del Rio LLC and Tesoro SF, LLC.

[3] Delta Coves LLC, SunCal Heartland LLC, SunCal Marblehead LLC, SunCal Northlake LLC, SunCal Oak Valley LLC, SunCal Century City LLC, SunCal PSV LLC, SunCal Torrance LLC and SunCal Oak Knoll, LLC.

448085v1 JSM 6/10/11 1 (2882-0001)   -1-

| Claim No. | Relevant SunCal Debtors | Current Claim Holder[4] | Claim Amount |
|---|---|---|---|
| 6 | Acton Estates | LCPI | $343,221,391 |
| 16 | Bickford Ranch | LCPI | $343,221,391 |
| 7 | Emerald Meadows | LCPI | $343,221,391 |
| 65 | Palmdale Hills | LCPI | $287,252,096 |
| 23 | SJD Partners | Lehman ALI | $120,110,237 |
| 12 | Summit Valley | LCPI | $343,221,391 |
| 9 | SCC Communities | Lehman ALI | $ 23,795,013 |
| 7 | Tesoro | Lehman ALI | $ 23,795,013 |
| 16 | Oak Valley | LCPI | $141,630,092 |
| 6 | Northlake | LCPI | $123,654,777 |
| 12 | PSV | LCPI | $88,257,340 |
| 9 | Heartland | LCPI | $354,325,126 |
| 21 | Marblehead | LCPI | $354,325,126 |

1.3 LCPI is operating under the protection of Chapter 11 of the United States Bankruptcy Court before the United States Bankruptcy Court for the Southern District of New York (the "SDNY Court"). Lehman Ali is not operating under the protection of Chapter 11.

1.4 In response to the Lehman Claims, the SunCal Parties filed that certain *Notice Of Amended Motion And Amended Motion For Order Disallowing Certain Claims Held By Lehman Ali Inc. And Lehman Commercial Paper Inc.* (the "Recoupment Claim Objection")[5] and that certain *Motion to Disallow Claims The Moving Voluntary Debtors And Suncal Management LLCs Notice Of Motion And Motion For Order Disallowing Claims Of Lehman Ali, Inc. And Lehman Commercial Paper, Inc. Pursuant To 11 U.S.C. Section 502(d)* (the "Section 502(d) Claim Objection") (together the "Claim Objections").

1.5 The Claim Objections were filed pursuant to Federal Rule of Bankruptcy Procedure 3007 ("Rule 3007") and Central District Local Rule 3007-1 (Rule 3007-1), which govern "claim objections."

1.6 The Claim Objections seek no relief outside the limitations of Rule 3007 or Rule 3007-1.

---

[4] As set forth in more detail below, several of the underlying loans have been subject to multiple transfers before and after the petition date. Accordingly, the "current claim holder" is not necessarily the original claim holder or the entity which initially filed the proof of claim. To the extent that other Lehman affiliated entities are the holders of any of these claims, for the purposes of this Motion, such entities are included in the definition of the "Lehman Entities" and such to this Motion.

[5] This is an amended version of an earlier claim objection filed on April 8, 2011.

448085v1 JSM 6/10/11 1 (2882-0001)    -2-

1.7     Recoupment Claim Objection seeks the disallowance of the Lehman Claims filed by LCPI (the "LCPI Claims") on three defensive grounds: recoupment, unjust enrichment and unclean hands.

1.8     The Section 502(d) Claim Objection seeks the disallowance of the Lehman Claims filed by LCPI Claims in reliance on 11 U.S.C. § 502(d). It does not appear to seek any affirmative *recovery* from the Lehman Entities.

1.9     This Court has authorized the Claim Objections to proceed based upon its conclusion that Claim Objections do not violate the automatic stay of LCPI.  Nevertheless, the Court recognizes that the court presiding over LCPI's bankruptcy case in the Southern District of New York ("New York Bankruptcy Court") is the final arbiter regarding the extent, scope, and applicability of the automatic stay protecting LCPI. *In re Palmdale Hills Property, LLC*, 423 B.R. 655 (9th Cir.BAP 2009).

## II

## CONCLUSIONS OF LAW

### The Claim Objections

2.1     Section 1334(e) of Title 28 provides:

> The district court in which a case under Title 11 is commenced or is pending shall have exclusive jurisdiction –
>
> of all of the property, wherever located of the debtor as of the commencement of such case and of property of the estate.

28 U.S.C. § 1334(e).  Since the Lehman Claims were filed in this Court, and they seek payment from the *res* within the exclusive control of that Court, the allowance and disallowance of these claims falls within this Court's exclusive jurisdiction. *See Gardner v. State of N.J.*, 329 U.S. 565, 573-74 (1947); *In re W.G. Wade Shows, Inc.*, 218 B.R. 625, 628 (Bankr. M.D. Fla. 1998); *In re Millennium Seacarriers, Inc.,* 419 F.3d 83, 92 (2d Cir. 2005); *see* 28 U.S.C. § 157(b)(2)(k); *In re U.S. Lines, Inc.,* 199 B.R. 476, 480 (Bankr. S.D.N.Y. 1996).

2.2.    The power to allow and disallow claims is at the core any bankruptcy court's power and it is essential to this Court's ability to perform its statutory function. *In re Parker N.*

1   *Am. Corp.*, 24 F.3d 1145, 1153 (9th Cir. 1994); *In re S.G. Phillips Constructors, Inc.*, 45 F.3d

2   702, 707 (2d Cir. 1995).

3       2.3.    As part of its exclusive jurisdiction over the claims allowance and disallowance

4   process, this Court must determine whether a pleading filed in this Court is in fact a "claim

5   objection," or whether, as is alleged in this case, is something other than a "claim objection."

6       2.4.    As stated in the *Findings of Fact* above, after reviewing the Claim Objections, this

7   Court has concluded that the Claim Objections filed by the SunCal Parties are "claim objections"

8   within the parameters of Rule 3007.

9       2.5.    As a general rule, claim objections do not violate the automatic stay of the

10  claimant. *In re Palmdale Hills Property, LLC*, 423 B.R. 655 (9th Cir.BAP 2009)*; In re Wheatfield*

11  *Business Park*, 308 B.R. 463, 466 (9th Cir. BAP 2004); *In re Financial News Network*, 158 B.R.

12  570 (S.D.N.Y. 1993); *Olick v. Parker & Parsley Petroleum Co*., 145 F.3d 513, 516 (2d Cir.

13  1998); *Vasile v. Dean Witter Reynolds Inc*., 20 F.Supp.2d 465, 499 (E.D.N.Y. 1998); *In re*

14  *Metiom*, 301 B.R. 634, 638-639 (Bankr.S.D.N.Y. 2003); *In re PRS Ins. Group*, 331 B.R. 580, 587

15  (Bankr.D.Del. 2005); *In re Meade*, 1999 WL 33496001, 1 (E.D.Pa. 1999). *See also In re Bousa,*

16  *Inc*., 2005 WL 1176108, *4 (S.D.N.Y. 2005).

17      2.6.    The Court rejects the Lehman Entities' contention that the Recoupment Claim

18  Objection is a disguised request for equitable subordination. Pursuant to Fed.R.Bankr.P. 7001(8),

19  subordination can only be pursued through an adversary proceeding and Rule 3007(b), bars the

20  inclusion of this relief in a claim objection.

21      2.7.    The Section 502(d) Objection seeks the disallowance of the Lehman Claims. This

22  does not require a prior liability judgment. *In re America West Airlines*, Inc. 217 F.3d 1161 (9th

23  Cir. 2000). A claim objection based upon Section 502(d) can be used in a purely "defensive"

24  manner, as in this case, without the initiation of an adversary proceeding seeking the actual

25  recovery of the transfer. *In re KF Dairies, Inc.*, 143 B.R. 734, 737 (9th Cir. BAP 1992).

26      2.8.    I find no case law holding that a claim objection based upon Section 502(d), which

27  seeks only disallowance of a claim, and no recovery of the underlying transfers, violates the stay

28  of the claimant. To the contrary, the case law on point indicates that like any other "claim

objection," such an objection is filed as an "answer" to a claim, and is not in violation of the claimant's stay. *In re Metiom, Inc.*, 301 B.R. 634, 638-639 (Bankr.S.D.N.Y. 2003); *In re PRS Ins. Group*, 331 B.R. 580, 584 (Bankr.D.Del. 2005).

### Clarification of The April 12, 2010 Order

2.9     A court has the power to interpret and clarify its own orders. *Aspen Specialty Ins. Co. v. Muniz Eng'g Inc.*, CIV.A. H-05-0277, 2006 WL 1663732 (S.D. Tex. June 15, 2006). This power includes the power to ensure that "orders are interpreted and executed in the manner intended." *In re GTI Capital Holdings*, L.L.C., 399 B.R. 247, 253-54 (Bankr. D. Ariz. 2008), and to "assert ancillary jurisdiction when another court is interpreting a bankruptcy court's order." *Id*. Moreover, "bankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant in 28 U.S.C. § 1334." *In re Chateaugay Corp.*, 201 B.R. 48, 62 (Bankr.S.D.N.Y.1996), aff'd 213 B.R. 633 (S.D.N.Y.1997).

2.10    Paragraph 2 in the April 12, 2010 order (Adversary Case No. 8:09-ap-01005-ES),[6] does not hold that the automatic stay of a claimant bars the filing of a *claim objection* under Rule 3007, where disallowance is prayed for based upon Section 502(d). The April 12, 2010, was issued in the context of ruling on a motion to dismiss an adversary proceeding, and not a claim objection.  Claim objections are generally not subject to the automatic stay, and a claim objection based upon Section 502(d) that seeks only the *disallowance* of a claim, and not *recovery* of the transfer, does not, in this Court's view, violate the stay of the claimant.

---

[6] Paragraph 2 provides:

> Under *In re Palmdale Hills Property, LLC*, the claims for relief brought against Defendant Lehman Commercial Paper Inc. ("LCPI") – namely, claims 1, 5, 7, 8, and 9 – are affirmative relief and, therefore violate LCPI's automatic stay. Consequently, the first, fifth, seventh, eighth, and ninth claims for relief are dismissed without prejudice to the extent that they are brought against LCPI. Plaintiffs must seek relief from LCPI's automatic stay in the United States Bankruptcy Court for the Southern District of New York *in order to bring any claims against LCPI in this adversary proceeding*.

448085v1 JSM 6/10/11 1 (2882-0001)                    -5-

## **This Court's Exclusive Jurisdiction And The Effect of Stay Motion On The Voluntary Debtors' Automatic Stay**

2.11.    The Stay Motion appears to seek an order from the New York Bankruptcy Court barring the SunCal Parties from objecting to the claims of LCPI that have been filed against the SunCal Debtors' estates.

2.12.    Pursuant to 11 U.S.C. § 501, a properly filed and documented proof of claim has prima facie validity upon filing. If a debtor or other party-in-interest fails to object to this claim, it is deemed "allowed."[7] Accordingly, if the SunCal Parties are barred from objecting to the LCPI Claims filed against the SunCal Debtors' estates, as prayed in the Stay Motion, these claims will effectively be "allowed" by default. The allowance or disallowance of claims filed against the estates of the SunCal Debtors is the exclusive jurisdiction of this Court. The Lehman Entities cannot seek "allowance" in another Court through a motion that seeks to immunize the LCPI Claims from objection in this Court, thereby allowing these claims by default in this Court.

2.13.    To the extent that the Motion seeks to bar the Voluntary Debtors from objecting to the LCPI Claims, which are allegedly secured by liens against the Voluntary Debtors' property, such action implicates and violates the Voluntary Debtors' automatic stay. A debtor who is denied the right to oppose a disputed claim that is secured by a lien against its property, is deprived of a critical attribute of ownership – the right to defend its own property. By seeking to deprive the Voluntary Debtors of this "power to defend," the Stay Motion violates 11 U.S.C. § 362(a)(3).

2.14.    To the extent that the Stay Motion seeks to immunize its LCPI's prepetition claims from objection by obtaining a ruling in another court barring the assertion of any defense to these claims, it is effectively seeking the "allowance" its claims. This is the first step in the collection process and therefore violates 11 U.S.C. § 362(a)(1).

## **ORDER**

---

[7] The Lehman Claims are in the nature of "complaints" against the applicable SunCal Debtors, and the Claim Objections are in the nature of answers to these complaints. *Matter of Continental Airlines,* 928 F.2d 127, 129 (5th Cir. 1991); *Nortex Trading Corp. v. Newfield,* 311 F.2d 163, 164 (2d Cir. 1962); *In re Barclay Bros., Inc.*, 1986 WL 15884, 1 (Bankr.E.D.Pa. 1986).

1  Based upon the preceding *Findings of Fact* and *Conclusions of Law*, and in the interest of
2 enforcing and protecting the automatic stay of the Voluntary Debtors, the Lehman Entities are
3 ORDERED not to seek any relief in the Stay Motion that 1) addresses the <u>merits</u> of the Claim
4 Objections; and 2) violates the stay of the Voluntary Debtors by barring the Voluntary Debtors
5 from filing claim objections in this Court to the Lehman Claims filed in this Court.
6  It is further ORDERED that this Court's order of April 12, 2010 (Adversary Case No.
7 8:09-ap-01005-ES) is clarified as provided for herein.
8  ####

DATED: June 13, 2011

*Erithe A. Smith*
United States Bankruptcy Judge

448085v1 JSM 6/10/11 1 (2882-0001)   -7-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **ORDER GRANTING SUNCAL PARTIES' MOTION FOR ORDER: (1) Clarifying Prior Rulings and Record; (2) Clarifying Jurisdiction Over Claims Objections; And (3) Enforcing The Suncal Debtors' Automatic Stay** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** <u>(indicate method for each person or entity served):</u> Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 10, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

D Edward Hays on behalf of Creditor Lehman ALI, Inc. - ehays@marshackhays.com
Harry D. Hochman on behalf of Creditor Lehman ALI, Inc. - hhochman@pszjlaw.com, hhochman@pszjlaw.com
Steven J Kahn on behalf of Creditor Lehman ALI, Inc. - skahn@pszyjw.com
Henry H Oh on behalf of 3rd Party Plaintiff Joint Provisional Liquidators of Lehman RE Ltd - henry.oh@dlapiper.com, janet.curley@dlapiper.com
Robert B Orgel on behalf of Creditor Lehman ALI, Inc. - rorgel@pszjlaw.com
Malhar S Pagay on behalf of Creditor Lehman ALI, Inc. - mpagay@pszjlaw.com,
Richard Pachulski on behalf of Creditor Lehman ALI, Inc. - rpachulski@pszjlaw.com
Shai Waisman on behalf of Lehman Commercial Paper, Inc. - Shai.waisman@weil.com
Dean A Ziehl       dziehl@pszjlaw.com, dziehl@pszjlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 10, 2011 | Susan Connor | /s/ Susan Connor |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

448085v1 JSM 6/10/11 1 (2882-0001)         -8-

| | |
|---|---|
| 1 | **NOTICE OF ENTERED ORDER AND SERVICE LIST** |
| 2 | |
| 3 | Notice is given by the court that a judgment or order entitled (*specify*): **ORDER GRANTING SUNCAL PARTIES' MOTION FOR ORDER: (1) Clarifying Prior Rulings and Record; (2) Clarifying Jurisdiction Over Claims Objections; And (3) Enforcing The Suncal Debtors' Automatic Stay** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below: |
| 4 | |
| 5 | |
| 6 | **I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of June 10, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below. |
| 7 | |
| 8 | |
| 9 | |
| 10 | ☒ Service information continued on attached page |
| 11 | **II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below: |
| 12 | |
| 13 | **Palmdale Hills Property, LLC** |
| 14 | 2392 Morse Avenue<br>Irvine, CA 92614 |
| 15 | |
| 16 | ☐ Service information continued on attached page |
| 17 | **III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below: |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | ☐ Service information continued on attached page |
| 24 | |
| 25 | **ADDITIONAL SERVICE INFORMATION** (if needed): |
| 26 | |
| 27 | |
| 28 | |

448085v1 JSM 6/10/11 1 (2882-0001) -9-

| | |
|---|---|
| 1 | NEF SERVICE LIST |
| 2 | |
| 3 | • Selia M Acevedo  sacevedo@millerbarondess.com, mpritikin@millerbarondess.com |
| | • Joseph M Adams  jadams@sycr.com |
| | • Raymond H Aver  ray@averlaw.com |
| 4 | • James C Bastian  jbastian@shbllp.com |
| | • Thomas Scott Belden  sbelden@kleinlaw.com, ecf@kleinlaw.com |
| 5 | • John A Boyd  fednotice@tclaw.net |
| | • Mark Bradshaw  mbradshaw@shbllp.com |
| 6 | • Gustavo E Bravo  gbravo@smaha.com |
| | • Jeffrey W Broker  jbroker@brokerlaw.biz |
| 7 | • Brendt C Butler  bbutler@mandersonllp.com |
| | • Andrew W Caine  acaine@pszyjw.com |
| 8 | • Carollynn Callari  ccallari@venable.com |
| | • Cathrine M Castaldi  ccastaldi@rusmiliband.com |
| 9 | • Tara Castro Narayanan  tara.narayanan@msrlegal.com, lisa.king@msrlegal.com |
| | • Dan E Chambers  dchambers@jmbm.com |
| 10 | • Shirley Cho  scho@pszjlaw.com |
| | • Vonn Christenson  vrc@paynefears.com |
| 11 | • Brendan P Collins  bpcollins@bhfs.com |
| | • Vincent M Coscino  vcoscino@allenmatkins.com, emurdoch@allenmatkins.com |
| 12 | • Paul J Couchot  pcouchot@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com |
| 13 | • Jonathan S Dabbieri  dabbieri@sullivan.com, hill@sullivanhill.com;mcallister@sullivanhill.com;stein@sullivanhill.com;vidovich@sullivanhill.com |
| 14 | |
| 15 | • Ana Damonte  ana.damonte@pillsburylaw.com |
| | • Vanessa S Davila  vsd@amclaw.com |
| 16 | • Melissa Davis  mdavis@shbllp.com |
| | • Daniel Denny  ddenny@gibsondunn.com |
| 17 | • Caroline Djang  crd@jmbm.com |
| | • Donald T Dunning  ddunning@dunningLaw.com |
| 18 | • Meredith R Edelman  meredith.edelman@dlapiper.com |
| | • Joseph A Eisenberg  jae@jmbm.com |
| 19 | • Lei Lei Wang Ekvall  lekvall@wgllp.com |
| | • Richard W Esterkin  resterkin@morganlewis.com |
| 20 | • Marc C Forsythe  kmurphy@goeforlaw.com |
| | • Alan J Friedman  afriedman@irell.com |
| 21 | • Steven M Garber  steve@smgarberlaw.com |
| | • Christian J Gascou  cgascou@gascouhopkins.com |
| 22 | • Barry S Glaser  bglaser@swjlaw.com |
| 23 | • Robert P Goe  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com |
| | • Eric D Goldberg  egoldberg@stutman.com |
| 24 | • Richard H Golubow  rgolubow@winthropcouchot.com, pj@winthropcouchot.com |
| | • Michael J Gomez  mgomez@frandzel.com, efiling@frandzel.com;sking@frandzel.com |
| 25 | • Kelly C Griffith  bkemail@harrisbeach.com |
| | • Matthew Grimshaw  mgrimshaw@rutan.com |
| 26 | • Kavita Gupta  kgupta@winthropcouchot.com |
| | • Asa S Hami  ahami@morganlewis.com |
| 27 | • Michael J Hauser  michael.hauser@usdoj.gov |
| 28 | • D Edward Hays  ehays@marshackhays.com |
| | • Michael C Heinrichs  mheinrichs@omm.com |
| | • Harry D. Hochman  hhochman@pszjlaw.com, hhochman@pszjlaw.com |

448085v1 JSM 6/10/11 1 (2882-0001)                    -10-

| | |
|---|---|
| 1 | • Jonathan M Hoff    jonathan.hoff@cwt.com |
| | • Nancy Hotchkiss    nhotchkiss@trainorfairbrook.com |
| 2 | • Michelle Hribar    mhribar@rutan.com |
| | • John J Immordino    john.immordino@wilsonelser.com, raquel.burgess@wilsonelser.com |
| 3 | • Lawrence A Jacobson    laj@cohenandjacobson.com |
| | • Michael J Joyce    mjoyce@crosslaw.com |
| 4 | • Stephen M Judson    sjudson@fablaw.com |
| | • Kaleb L Judy    ecf@kleinlaw.com, kjudy@kleinlaw.com |
| 5 | • Steven J Kahn    skahn@pszyjw.com |
| | • Sheri Kanesaka    sheri.kanesaka@bryancave.com |
| 6 | • David I Katzen    katzen@ksfirm.com |
| | • Christopher W Keegan    ckeegan@kirkland.com, gdupre@kirkland.com;alevin@kirkland.com |
| 7 | • Payam Khodadadi    pkhodadadi@winthropcouchot.com, pj@winthropcouchot.com |
| | • Irene L Kiet    ikiet@hkclaw.com |
| 8 | • Claude F Kolm    claude.kolm@acgov.org |
| | • Mark J Krone    mk@amclaw.com, crs@amclaw.com;amc@amclaw.com |
| 9 | • David B Lally    davidlallylaw@gmail.com |
| | • Leib M Lerner    leib.lerner@alston.com |
| 10 | • Peter W Lianides    plianides@winthropcouchot.com, pj@winthropcouchot.com |
| | • Charles Liu    cliu@winthropcouchot.com |
| 11 | • Kerri A Lyman    klyman@irell.com |
| | • Mariam S Marshall    mmarshall@marshallramoslaw.com |
| 12 | • Robert C Martinez    rmartinez@mclex.com |
| | • Michael D May    mdmayesq@verizon.net |
| 13 | • Hutchison B Meltzer    hmeltzer@wgllp.com |
| | • Krikor J Meshefejian    kjm@lnbrb.com |
| 14 | • Joel S. Miliband    jmiliband@rusmiliband.com |
| | • James M Miller    jmiller@millerbarondess.com, vgunderson@millerbarondess.com |
| 15 | • Louis R Miller    smiller@millerbarondess.com |
| | • Randall P Mroczynski    randym@cookseylaw.com |
| 16 | |
| | • Mike D Neue    mneue@thelobelfirm.com, |
| 17 | jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com |
| | • Robert Nida    Rnida@castlelawoffice.com |
| 18 | • Henry H Oh    henry.oh@dlapiper.com, janet.curley@dlapiper.com |
| | • Sean A Okeefe    sokeefe@okeefelc.com |
| 19 | • Robert B Orgel    rorgel@pszjlaw.com, rorgel@pszjlaw.com |
| | • Malhar S Pagay    mpagay@pszjlaw.com, mpagay@pszjlaw.com |
| 20 | • Penelope Parmes    pparmes@rutan.com |
| | • Ronald B Pierce    ronald.pierce@sdma.com |
| 21 | • Katherine C Piper    kpiper@steptoe.com |
| | • Cassandra J Richey    cmartin@pprlaw.net |
| 22 | • Debra Riley    driley@allenmatkins.com |
| | • James S Riley    tgarza@sierrafunds.com |
| 23 | • Todd C. Ringstad    becky@ringstadlaw.com |
| | • R Grace Rodriguez    ecf@lorgr.com |
| 24 | • Martha E Romero    Romero@mromerolawfirm.com |
| | • Ronald Rus    rrus@rusmiliband.com |
| 25 | • John P Schafer    jschafer@mandersonllp.com |
| | • John E Schreiber    jschreiber@dl.com |
| 26 | • William D Schuster    bills@allieschuster.org |
| | • Christopher P Simon    csimon@crosslaw.com |
| 27 | • Wendy W Smith    wendy@bindermalter.com |
| 28 | • Steven M Speier    Sspeier@Squarmilner.com, ca85@ecfcbis.com |
| | • Steven M Speier (TR)    Sspeier@asrmanagement.com, ca85@ecfcbis.com |

448085v1 JSM 6/10/11 1 (2882-0001)        -11-

1
2
3
4
5
6
7
8
9
10

- Michael St James    ecf@stjames-law.com
- Michael K Sugar    msugar@irell.com
- Cathy Ta    cathy.ta@bbklaw.com, Arthur.Johnston@bbklaw.com;Kenneth.Burgess@bbklaw.com
- David A Tilem    davidtilem@tilemlaw.com, malissamurguia@tilemlaw.com;dianachau@tilemlaw.com;kmishigian@tilemlaw.com
- James E Till    jtill@thelobelfirm.com, jmattiace@thelobelfirm.com;pnelson@thelobelfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Carol G Unruh    cgunruh@sbcglobal.net
- Annie Verdries    verdries@lbbslaw.com
- Jason Wallach    jwallach@gladstonemichel.com
- Joshua D Wayser    , kim.johnson@kattenlaw.com
- Christopher T Williams    ctwilliams@venable.com, jcontreras@venable.com
- Marc J Winthrop    mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
- David M Wiseblood    dwiseblood@seyfarth.com
- Brett K Wiseman    bwiseman@aalaws.com
- Dean A Ziehl    dziehl@pszjlaw.com, dziehl@pszjlaw.com
- Marc A. Zimmerman    joshuasdaddy@att.net

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28