HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone: (212) 478-7200
Facsimile: (212) 478-7400
Edward L. Schnitzer, Esq.
Alison M. Papalexis, Esq.

- and -

BUECHLER LAW OFFICE, LLC
1828 Clarkson Street, Suite 200
Denver, Colorado 80218
Telephone: 720-381-0045
Facsimile: 720-381-0382
Kenneth J. Buechler, Esq.

*Co-Counsel for Roger Trout*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
                                            :
In re:                                      :   Chapter 11 Case No.
LEHMAN BROTHERS                             :   08-13555 (JMP)
HOLDINGS, INC., *et al.,*                   :
                             Debtors.       :   (Jointly Administered)
———————————————————————— x

## RESPONSE IN OPPOSITION TO OBJECTION TO CLAIM

Roger Trout, through his undersigned counsel, respectfully submits his Response in Opposition to Lehman Brothers Holdings, Inc. ("LBHI") and certain of its affiliates (collectively the "Debtors"), One Hundred Thirty-Sixth Omnibus Objection to Claims (Misclassified Claims)(the "Objection"), filed with this Court, and states as follows:

1. LB Rose Ranch, LLC ("Rose Ranch) is a debtor in this jointly administered bankruptcy case.

2. At the time Rose Ranch filed for relief, Rose Ranch owned real property in Garfield County, Colorado, known as the Ironbridge development (the "Ironbridge Property"). Rose Ranch is the successor to Roaring Fork

–1–

Investments, LLC ("Roaring Fork").

3. Ironbridge is located adjacent to real property owned by Roger Trout (the "Trout Property").

4. Rose Ranch and Mr. Trout are parties to several agreements concerning Ironbridge and the Trout Property, which were executed on or about June 13, 1997, including, but not limited to:

   a. an Easement and Transfer Agreement which specifies, in part, that Mr. Trout would allow a golf cart path easement through the canyon on the Trout Property in exchange for title to a residential lot along his lower property line ("Transfer Agreement");
   b. an easement agreement for a golf cart path through the canyon located on the Trout Property (the "Golf Cart Easement"); and,
   c. an easement agreement by which Roaring Fork granted Mr. Trout an access easement to the residential lot (the "Access Agreement")(the Easement and Transfer Agreement, Golf Cart Easement, and Access Agreement are collectively referred to herein as the "Easement Agreements").

5. The Easement Agreements dated June 13, 1997, were recorded with the Clerk and Recorder of Garfield County, Colorado on February 11, 1998 at Reception Number 520281.

6. The Easement Agreements are obligations that run with the Ironridge Property and the Trout Property. *See* Colo.Rev.Stat. §38-35-109 (2010).

7. Under the Easement Agreements, Rose Ranch has various convents to perform. Such covenants are continuing non-monetary obligations of Rose Ranch as the title owner of the Easements.

8. Prior to Rose Ranch's bankruptcy case, a dispute arose between Rose Ranch and Mr. Trout over the Easement Agreements.

9. Both Mr. Trout and Rose Ranch filed civil actions in the District Court, Denver County, Colorado (the "Denver Court") which were consolidated into case number 01CV4208. All claims were ultimately tried to the Court without a jury.

10. On or about July 30, 2004, the Denver Court issued its Findings of Fact, Conclusions of Law and Order (the "Trial Judgment"). A copy of the Trial Judgment is attached hereto as Exhibit A and incorporated herein by reference.

11. Under the Trial Judgment, the Denver Court entered Judgment partially in Mr. Trout's favor and against Rose Ranch, for breach of contract, specific performance, and a permanent injunction. *See* Exh. A, p. 11.

12. The Denver Court also entered orders partially in favor of Rose Ranch under the Trial Judgment. *Id.*, pp. 11-12.

13. The Trial Judgment was appealed to the Colorado Court of Appeals, case number 04CA1862 (the "Appeal").

14. On August 3, 2005, the Colorado Court of Appeals entered its Opinion in the Appeal. A copy of the Opinion from the Colorado Court of Appeals is attached hereto as Exhibit B and incorporated by reference.

15. Pursuant to the Opinion, the Colorado Court of Appeals reversed all of the orders entered by the Denver Court in favor of Rose Ranch. See Exh. B, pp. 30-31. The Colorado Court of Appeals also remanded the matter to the Denver Court for the entry of Judgment in Mr. Trout's favor and against Rose Ranch, including an award of attorney's fees under the Easement Agreements.

16. On June 20, 2008, the Denver Court entered its Order after remand of the case. A copy of the Order of June 20, 2008 is attached hereto as Exhibit C and incorporated herein by reference.

17. Pursuant to the Order, Mr. Trout was the prevailing party and entitled to his attorney's fees and costs. See Exh. C, p. 6.

18. Rose Ranch has since filed an appeal of the June 20, 2008 Order with the Colorado Court of Appeals, case number 08CA1574 (the "Second Appeal").

19. The Second Appeal was stayed by Rose Ranch's bankruptcy filing. 11 U.S.C. §362(a).

20. On or about October 26, 2009, Mr. Trout recorded that certain Transcript of Judgment, dated September 28, 2009, and signed by the Clerk of the District Court in and for the City and County of Denver, Colorado, in favor of Mr. Trout against the Roaring Fork and Rose Ranch with the Clerk and Recorder for Garfield County, Colorado, Reception No. 776842, page 1 of 60, (the "Transcript of Judgment"). A copy of the recorded Transcript of Judgment is attached hereto as Exhibit D and incorporated by reference.

21. On or about October 26, 2009, Mr. Trout recorded that certain Notice of Lien of a Judgment with the Clerk and Recorder for Garfield County, Colorado, Reception

No. 776842 (the "Notice of Lien of a Judgment"). See Exh. D, p.2.

22. Pursuant to Colo.Rev.Stat. §13-52-102, the recording of a transcript of judgment creates a lien against all real estate owned by a person against the judgment is obtained in the county in which the transcript is recorded.

23. Under Colorado law, the Transcript of Judgment created lien upon and against all real property owned by Roaring Fork and Rose Ranch located in Garfield County, Colorado, including the Ironbridge Property, when it was recorded in October 2009 (the "Judgment Lien"). *Id.*

24. Similarly, the recording of the Transcript of Judgment created an encumbrance against that Easement Agreements (the "Easement Lien"). *Id.*

25. In addition to the Easement Agreements, Mr. Trout holds the Judgment Lien and the Easement Lien against the property of Rose Ranch.

26. On or about September 21, 2009, Mr. Trout timely filed his Proof of Claim. A copy of the Proof of Claim is attached hereto as Exhibit E and incorporated herein by reference. Mr. Trout asserted that he was a secured claimant in his Proof of Claim. *Id.*

27. Mr. Trout's claim against Rose Ranch includes, but is not limited to:

| | | |
|---|---|---|
| a. | Attorney's Fees and Costs: | $588,032.55; |
| b. | Interest compounded at 18% for 1655 days between entry of judgment and bankruptcy filing[1] | $748,905.75; |
| c. | Nominal damages awarded in Trial Judgment: | $1.00 |
| d. | For a total of: | $1,336,939.30. |

28. By its Objection, the Debtors seek to reclassify Mr. Trout's claim from a secured claim to an unsecured claim.

29. 11 U.S.C. §506(a) provides for an allowed claim of a creditor secured by a lien on property in which the estate has an interest to the extent of the value of the property. Bankruptcy Courts look to the applicable state law to determine the perfection and priority of liens. *Fidelity Financial Services, Inc. v. Fink*, 522 U.S. 211, (1998).

---

[1] *See* Colo.Rev.Stat. § 13-21-101.

30. As set forth above under Colorado law, and pursuant to the Easement Agreements, the Transcript of Judgment, the Judgment, Opinion and Order, Mr. Trout holds a properly perfected secured interest in the real estate of Rose Ranch located in Garfield County, Colorado.

31. To the extent any dispute may exist over the nature, extent and validity of Mr. Trout's Proof of Claim, and/or to the extent any of the Debtors assert an opposition to such claim as a result of the Second Appeal, then this Court should lift the automatic stay pursuant to 11 U.S.C. §362(d), to permit the parties to conclude the Second Appeal. *See In re Curtis*, 40 B.R. 795, 799-800 (Bankr.D.Utah 1984).

WHEREFORE, Mr. Trout respectfully requests that this Court deny the Objection, that the Court enter an Order allowing Mr. Trout's claim as a secured claim against all property owned by Rose Ranch located in Garfield County, Colorado, and that the Court grant such other and further relief as this Court deems appropriate.

Dated: June 14, 2011

        HAHN & HESSEN LLP

        By    /s/ Edward L. Schnitzer
             Edward L. Schnitzer
             Member of the Firm

             488 Madison Avenue
             New York, New York 10022
             Telephone:  (212) 478-7200
             Facsimile:  (212) 478-7400
             Edward L. Schnitzer, Esq.
             eschnitzer@hahnhessen.com
             Alison M. Papalexis, Esq.
             apapalexis@hahnhessen.com

        -and -

        BUECHLER LAW OFFICE, LLC

             1828 Clarkson Street, Suite 200
             Denver, Colorado 80218

          Telephone: 720-381-0045
          Facsimile: 720-381-0382
          Kenneth J. Buechler, Esq.
          ken@kjblawoffice.com

          *Co-Counsel for Robert Trout*

243000/002-2479757.3