Hearing Date and Time: June 15, 2011 at 10:00 a.m. (Prevailing Eastern Time)

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway,
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert M. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)
Gary W. Dunn (gdunn@kasowitz.com)

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------ x
                                     :   Chapter 11
In re                                :   Case No. 08-13555 (JMP)
                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,:   Jointly Administered
                                     :
                          Debtors.   :
------------------------------------ x
```

**LEHMAN BROTHERS HOLDINGS, INC.'S REPLY TO GOLDMAN
SACHS GROUP, INC.'S AND GOLDMAN SACHS & CO.'S OBJECTION TO
DEBTORS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS,
AND OBJECTION TO THEIR CROSS-MOTION FOR A PROTECTIVE ORDER**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings, Inc. ("Lehman") and its affiliated debtors (collectively, the "Debtors"), as debtors and debtors in possession, supported by the accompanying declaration of Gary W. Dunn ("Dunn Reply Decl.") and affidavit of John P. Cusumano ("Cusumano Aff."), file this reply to the objection (the "Objection") of Goldman Sachs & Co. and Goldman Sachs Group, Inc. (collectively, "Goldman Sachs") to the Debtors' motion to compel Goldman Sachs to produce documents in compliance with Rule 2004 of the Federal Rules of Bankruptcy Procedure

(the "Motion") and objection to Goldman Sachs' cross-motion for a protective order.[1]

## PRELIMINARY STATEMENT

1. Although the Debtors issued their initial supplemental document request to Goldman Sachs on March 1, 2011 and the parties held a Rule 7007-1 conference with the Court one month ago, Goldman Sachs has not yet produced a single document. Instead, the largest investment bank in the United States claims that it would incur "great burden and expense" in producing documents in accordance with the timetable sought by the Debtors' Motion, in an attempt to justify its ongoing delay. In reality, the Debtors' supplemental request for production is modest, narrow in scope, and limited: (1) to a search of the e-mails and instant messages; (2) to a moderate number of custodians (thirty seven); (3) by the use of search terms designed to capture material documents; and (4) to a brief, four-month period. While the Debtors' counsel have repeatedly attempted in good faith to negotiate with Goldman Sachs over the course of three months, Goldman Sachs' ongoing failure to produce documents threatens to prejudice the Debtors in their Rule 2004 investigation, forcing the Debtors to move to compel.

## ARGUMENT

2. Contrary to Goldman Sachs' assertions, the Debtors' motion is not premature, improper, or unnecessary. The informal hearing with the Court pursuant to Local Bankruptcy Rule 7007-1 was held on May 16, 2011. (*See* Dunn Aff. ¶ 9.) As Goldman Sachs coyly admits, during that conference, "the Court expressed its view that Goldman Sachs should proceed in responding to the Supplemental Requests," and it made clear that it had little sympathy for delay. Yet as of the date that this Motion was filed, May 31, 2011 -- over two weeks after the date of

---

[1] Capitalized terms used herein, unless not otherwise defined, shall have the meanings ascribed to them in the Motion.

2

the Rule 7007-1 conference -- Goldman Sachs had only begun to run searches on the documents of the identified custodians, already three months after the request was served. (*See* Declaration ("Decl.") of Dawn Riley ¶5.) Despite Goldman Sachs' claim in its Objection that by the time the Motion was filed, it purportedly "was making diligent progress and on the verge of being able to supply a realistic production timeline," Goldman Sachs had repeatedly failed to provide the Debtors with requested dates of when it would commence and complete its production. Goldman Sachs was moving with deliberate slowness (as it had in the past), and the Debtors were forced to move to compel. (*See* Dunn Reply Decl. ¶3.)

3. Contrary to Goldman Sachs' assertions, the Debtors' Motion provides a reasonable time for Goldman Sachs to produce the requested documents. At the time that the Debtors' filed their Motion, the next possible omnibus hearing was scheduled for June 15, 2011 -- nearly five weeks after the informal conference. The Debtors have moved the Court to order Goldman Sachs to complete its production within two weeks of an order deciding the Motion. Therefore, by the time the Court issues such an order, Goldman Sachs will have had nearly seven weeks from the Rule 7007-1 conference to complete its production. The fact that Goldman Sachs continued to move slowly following that conference does not provide any basis to further prejudice the Debtors.

4. It was not until well after the instant Motion was filed that Goldman Sachs proposed a date on which it would complete its production: July 22, 2011 -- over two months from the date of the informal conference and nearly five months after the documents were initially requested. (Dunn Reply Decl. ¶4.) It is not credible that Goldman Sachs, with its substantial resources, could not produce the documents within the timeline envisioned by the Debtors' Motion, if not sooner, and its continued delay is prejudicial to the Debtors'

3

investigation. With sufficient resources applied to the task, Goldman Sachs clearly was capable of searching the documents of the relevant custodians within two weeks, leaving it four additional weeks to review the resulting 61,512 documents. (*See* Cusumano Aff. ¶¶ 2-5.)

5.  The fact that Goldman Sachs -- a company of great resources -- has taken months to respond to modest Rule 2004 discovery clearly reveals that it is seeking to run out the statute of limitations. While Goldman Sachs complains that the Debtors have not specified claims subject to an approaching statute of limitation, the Debtors are not required to divulge their legal theories in advance of litigation in order to compel a recalcitrant party to comply with Rule 2004 discovery. As Goldman Sachs' lawyers are well aware, tort claims under New York law are subject to a three-year statute of limitations. *See, e.g., Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2d Cir. 1998) ("Under New York law, the statute of limitations is three years for tort claims . . . "), *citing* C.P.L.R. § 214. Lehman's business was injured during 2008, and it filed for bankruptcy in mid-September. Similarly, while Goldman Sachs complains that "the Debtors [have not] provided even the slightest bit of evidence" of wrongdoing by Goldman Sachs, nothing in Rule 2004 requires a party to divulge its work product before it is entitled to discovery.

6.  Moreover, although Goldman Sachs claims that its "stand alone proprietary trading businesses had engaged in very limited trading in Lehman securities," that it was "generally long" Lehman securities, and that purportedly "there is no case to be made that Goldman Sachs had hastened Lehman's demise to benefit its trading position," to date, Goldman Sachs has refused to produce requested trade-by-trade data of the trading of its proprietary trading desks in Lehman securities, which would reveal how these desks were trading at times when rumors were circulating in the market. *See* Dunn Reply Decl., Ex. 1. Indeed, Goldman

4

08-13555-mg    Doc 17666    Filed 06/14/11    Entered 06/14/11 12:03:32    Main Document
              Pg 5 of 6

Sachs was more than a trader of Lehman Securities – it was a direct competitor of Lehman – and it clearly would have had a motive to harm Lehman beyond that of merely realizing trading profits.

7.      Goldman Sachs' bad faith request for fees should be denied. Again, although the Rule 7007-1 conference was held over four weeks ago and the initial document request was made over three months ago, Goldman Sachs has failed to produce even a single document in response to the supplemental request. Accordingly, Goldman Sachs has shown no basis for an award of fees. *See, e.g., In re Michalski*, 2011 Bankr. LEXIS 1987 (Bankr. N.D. Ohio Mar. 4, 2011) (denying, in part, motion to quash and denying request for reimbursement of expenses incurred in responding to subpoena, as document requests did not appear unreasonably costly or burdensome).

8.      Finally, Goldman Sachs' frivolous cross-motion for a protective order should be denied. *See, e.g., In re Parikh*, 397 B.R. 518, 525-526 (Bankr. E.D.N.Y. 2008) (Denying protective order as untimely and holding that pursuant to Rule 45, as made applicable by Bankruptcy Rule 9016, the party subject to the Rule 2004 subpoena must bring a motion to quash within 14 days of service. Alternatively, the court also held that had the motion for a protective order been timely made, it would have been denied, as "[a] Rule 2004 examination has been likened to a "fishing expedition," the scope of which is broad." *quoting In re Corso*, 328 B.R. 375, 383 (Bankr. E.D.N.Y. 2005)). If the Court orders Goldman Sachs to complete its production within two weeks, Goldman Sachs will have had nearly seven weeks from the date of the informal Rule 7007-1 conference with the Court. This is ample time for Goldman Sachs to complete its production. The granting of a protective order would simply serve to reward deliberate delay.

## CONCLUSION

Based on the foregoing, and the arguments set forth in the Debtors' Motion, the Debtors respectfully request that the Court (1) order Goldman Sachs to complete its document production by two weeks from the date of the order determining this motion and (2) deny Goldman Sachs' motion for a protective order.

Dated: June 14, 2011
New York, New York

KASOWITZ, BENSON, TORRES
& FRIEDMAN LLP

By: ___/s/ Gary W. Dunn___
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert N. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)
Gary W. Dunn (gdunn@kasowitz.com)

1633 Broadway
New York, New York 10019
Tel.: (212) 506-1700
Fax: (212) 506-1800

Special Counsel for Debtors and
Debtors in Possession