KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway,
New York, NY 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800
Marc E. Kasowitz (mkasowitz@kasowitz.com)
Michael J. Bowe (mbowe@kasowitz.com)
Robert M. Novick (rnovick@kasowitz.com)
Albert S. Mishaan (amishaan@kasowitz.com)
Gary W. Dunn (gdunn@kasowitz.com)

Special Counsel for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ x
                                                 :  Chapter 11
In re                                            :  Case No. 08-13555 (JMP)
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :  Jointly Administered
                                                 :
                    Debtors.                     :
------------------------------------------------ x

### AFFIDAVIT OF JOSEPH P. CUSUMANO

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

JOSEPH P. CUSUMANO, being duly sworn, deposes and says:

1. I am the Litigation Support Manager at Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), special counsel to Lehman Brothers Holdings, Inc. ("Lehman") and its affiliated debtors (collectively, the "Debtors"). I have has over fifteen years experience in information systems, operations management and litigation support technology. In the course of my duties as Litigation Support Manager, I lead a staff of project managers, analysts and technicians in providing electronic discovery and litigation support services to KBT&F. I regularly work directly with in-house counsel, senior executives and legal teams to effect the

collection, processing, review, and production of electronically stored information in many corporate litigation matters including white collar criminal defense; intellectual property, employment, product liability, mass tort and multi-district litigation. I also regularly consult with attorneys on electronic discovery best practices and assist in the development of discovery plans. I hold a BBA degree in Finance and an MBA degree in Computer Information Systems, both from the Zicklin School of Business at Baruch College. I submit this affidavit in support of the Debtors' Motion to Compel the Production of Documents from Goldman Sachs & Co. and Goldman Sachs Group, Inc. ("Goldman Sachs") and in opposition to Goldman Sachs' Cross-Motion for a Protective Order. I make this affidavit based on my personal knowledge and experience.

2. I have reviewed the Declaration of Dawne Riley ("Riley Decl."), which was submitted by Goldman Sachs in opposition to the Debtors' motion to compel and in support of Goldman Sachs' cross-motion for a protective order. Based on my experience in managing document productions and document reviews in complex litigation matters involving electronic discovery, I conclude that by using reasonable practices and devoting reasonably sufficient resources, Goldman Sachs could have completed, or substantially completed, its document production as of the date of the June 15, 2011 omnibus hearing.

3. Although a Rule 7007-1 conference took place on May 16, 2011, in her declaration, Ms. Riley states that Goldman Sachs did not produce data to her firm, AlphaLit, until "the last week in May." (Riley Decl. ¶ 2.) Ms. Riley also states that AlphaLit began receiving this data "on a rolling basis." (Id.) Yet, according to Ms. Riley, AlphaLit did not begin "searching the first group of documents" until May 31, 2011. (Id. ¶ 5.) Given the quantity of the data received and the processing involved, it is my opinion, based on my experience, that

2

AlphaLit could have completed running searches on the documents for attorney review no later than June 1, 2011.

4. Based on the number of documents produced by the searches, I conclude that Goldman Sachs could have completed its production of documents by the date of the June 15, 2011 hearing. If Goldman Sachs applied a team of six document reviewers to the review of the 61,512 documents responsive to the search terms, each reviewer would have to review 732 documents per day to complete the production. In my experience this rate of review is reasonable. If the production date is extended until two weeks after the date of the hearing, the production could by complete by a team of six reviewers reviewing a modest 366 documents per day.

5. Goldman Sachs' contention that it should be allowed until July 22, 2011 to complete its production is misguided. This assumes that the documents will be reviewed at a rate of 1206 documents per day if only one person were reviewing the documents. A team of six people could complete this production by reviewing only 201 documents daily -- a couple of hours work per day. Clearly, Goldman Sachs' selection of the July 22, 2011 date indicates that Goldman Sachs does not intend to devote reasonable resources to its document production.

Joseph P. Cusumano

Sworn to before me this
15th day of June, 2011

Notary Public

SUSAN L. SCHERMAN
Notary Public, State of New York
No. 01SC6209693
Qualified in New York County
Commission Expires August 3, 2013

3