United States Bankruptcy Court for the  Southern District of New York

## WITHDRAWAL OF CLAIM

| Debtor Name and Case Number: | Lehman Brothers Holdings Inc |
|---|---|
| Creditor Name and Address: | Pearse Farrell - Official Liquidator of Eurofood IFSC Limited (In Liquidation) FGS Molyneux House, Bride Street, Dublin 8, Ireland. |
| Court Claim Number (if known): | Case no of debtor (08-13555) / Claim number (30471) |
| Date Claim Filed: | 22 September 2009 |
| Total Amount of Claim Filed: | $300,263.00 |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor.  I hereby withdraw the above-referenced claim and authorize the Clerk of this Court, or their duly appointed Claims Agent, to reflect this withdrawal on the official claims register for the above-referenced Debtor.

Dated: 04 May 2011

Print Name: Pearse Farrell

Title (if applicable): Mr

---

## DEFINITIONS

**FILED / RECEIVED**

JUN 1 4 2011

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Debtor*
The person, corporation, or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

*Proof of Claim*
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

*Court, Name of Debtor and Case Number:*
Fill in the name of the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the name of the debtor in the bankruptcy case, and the bankruptcy case number. If you received a notice of the case from the court, all of this information is near the top of the notice.

*Information about Creditor:*
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

*Information identifying the Claim that is to be withdrawn:*
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

Sign and print the name and title, if any, of the creditor or other person authorized to file this  withdrawal of claim (attach copy of power of attorney, if any).

This form must be filed with the clerk of the bankruptcy court where the bankruptcy case was filed or, if applicable, with their duly appointed Claims Agent as per any procedure approved by the court in the above-referenced bankruptcy proceeding.

# FGS

**Molyneux House, Bride Street, Dublin 8, Ireland.**
**t** +353 (0) 1 418 2000 **f** +353 (0) 1 418 2044
**e** dublin@fgspartnership.com **w** www.fgspartnership.com

The United States Bankruptcy Court / Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076
USA

04 May 2011                                                          Our Ref: eurof_pgc1

**CLAIM OF EUROFOOD IFSC LIMITED (IN LIQUIDATION) (the "Company") IN RESPECT OF
SERVICES RENDERED
CASE NO OF DEBTOR (08-13555) / CLAIM NUMBER (30471)**

Dear Sir / Madam

I refer to the proof of claim form in respect of Lehman Brothers Holdings Inc ("LBHI") which was
lodged by my solicitors, Matheson Ormsby Prentice, on 22 September 2009 (a copy of the proof of
claim form is enclosed with this letter). I now wish to withdraw this claim and I enclose a withdrawal of
claim form in this regard.

**Overview of claim filed on 22 September 2009**

The claim was due on foot of the terms of an Indemnity Agreement of June 2007 between (1) Lehman
Brothers International (Europe) ("LBIE"), (2) DK Acquisition Partners and (3) myself, whereby LBIE
and DK Acquisition Partners indemnified me on a several basis in respect of Litigation Costs (as
defined in the Indemnity Agreement at clause 1.1). DK Acquisition Partners has discharged its portion
of the Indemnity Agreement. The total amount due to me from LBIE was EUR211,610.44, which at
the exchange rate of EUR0.70475:USD1.00 (the exchange rate at the time of the administration order)
amounted to USD300,263.00. I submitted the claim on 22 September 2009 on the understanding that
LBHI had guaranteed the payment of all liabilities, obligations and commitments of LBIE pursuant to
the guarantee dated 4 January 2008 and the unanimous written consent of the Executive Committee
of the board of directors of LBHI dated 9 June 2005 (copies of which were submitted by letter from my
solicitors dated 21 October 2009).

**Withdrawal of claim**

I refer to my letter dated 21 September 2009 (a copy of which is enclosed) wherein I indicated that in
the event that there were sufficient realisations in the liquidation of the Company I would be
withdrawing my claim. I confirm that the Irish High Court has granted me liberty to retain out of the
assets of the Company the sum which was due to be paid to me from LBIE, which has obviated the
necessity for me to rely on the Indemnity Agreement insofar as LBIE's contribution was concerned and

A full list of partners of FGS is available at www.fgspartnership.com

Registered to carry on audit work and authorised to carry on investment business by the Institute of Chartered Accountants
in Ireland (ICAI). Chartered Accountants Ireland is the operating name of ICAI. FGS is a member of the RSM International
network. The RSM International network is a network of independent accounting and consulting firms, each of which practise
in their own right. The RSM International network is not itself a separate legal entity in any jurisdiction.

Dublin • Belfast • Longford



**RSM International**
global excellence in audit, tax & consulting



accordingly LBHI's guarantee of LBIE's liabilities. I am withdrawing my claim on this basis. Please note that I also instructed my solicitors to withdraw my claim lodged on 5 June 2009 in the administration of LBIE. I enclose a copy of the email correspondence between my solicitors and the administrators of LBIE confirming that this claim has now been withdrawn.

I look forward to your confirmation by return that the claim has been withdrawn.

Should you require any further information in this regard, please do not hesitate to contact me.

Yours faithfully,

**PEARSE FARRELL**
**OFFICIAL LIQUIDATOR OF EUROFOOD IFSC LIMITED (IN LIQUIDATION)**

Enclosure(s):      Proof of claim form
                   Withdrawal of claim form
                   Letter dated 21 September 2009
                   Email correspondence re withdrawing claim against LBIE

21987373.2



**Molyneux House, Bride Street, Dublin 8, Ireland.**
**t** +353 (0) 1 418 2000 **f** +353 (0) 1 418 2044
**e** dublin@fgspartnership.com **w** www.fgspartnership.com

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017
United States of America

**BY HAND**

| Our Ref | Your Ref | 21 September 2009 |

Dear Sir/Madam

**CLAIM OF PEARSE FARRELL, OFFICIAL LIQUIDATOR OF EUROFOOD IFSC LIMITED (IN LIQUIDATION) (the "Company"), FGS, MOLYNEUX HOUSE, BRIDE STREET, DUBLIN 8, IRELAND IN RESPECT OF SERVICES RENDERED**

Please find enclosed a proof of claim form (the "**Proof of Claim Form**") and supporting documentation.

In addition, I enclose a copy of the Proof of Claim Form and I would be grateful if you would please acknowledge receipt of the Proof of Claim Form by signing and returning the enclosed copy in the stamped, self addressed envelope provided.

Please note that in the event that there are sufficient realisations in the liquidation of the Company, I will be withdrawing my claim set out in the Proof of Claim Form.

Should you require further information in this regard, please do not hesitate to contact me.

Regards

Yours faithfully

**PEARSE FARRELL**
**OFFICIAL LIQUIDATOR OF EUROFOOD IFSC LIMITED (IN LIQUIDATION)**

A full list of partners of FGS is available at www.fgspartnership.com

Registered to carry on audit work by the Institute of Chartered Accountants in Ireland. Authorised by the Institute of Chartered Accountants in Ireland to carry on investment business in the Republic of Ireland. FGS is an independent member firm of RSM International, an affiliation of independent accounting & consulting firms.

Dublin • Belfast • Longford



RSM International
global excellence in audit, tax & consulting

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | Case No. of Debtor 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

## PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000030471

THIS SPACE IS FOR COURT USE ONLY

---

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Pearse Farrell - Official Liquidator Eurofood IFSC Limited (In Liquidation)
FGS
Molyneaux House
Bride Street
Dublin 8
Ireland

Telephone number: +353 1 418 2000    Email Address: pfarrell@fgs.ie

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number: _____    Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

| 5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount. |
|---|

1. Amount of Claim as of Date Case Filed: $ 300,263.00

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Services performed
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FILED / RECEIVED**
FOR COURT USE ONLY
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 22 SEPTEMBER 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. X _____ PEARSE FARRELL, OFFICIAL LIQUIDATOR OF EUROFOOD IFSC LIMITED (IN LIQUIDATION) |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the term of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9).**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

Lehman Brothers Holdings Inc.,

Debtor

Chapter 11

Case No. 08-13555 (JMP)

(Jointly Administered)

### Reservation of Rights

1.      Pearse Farrell (Official Liquidator of Eurofood IFSC Limited (In Liquidation)), (the "Claimant") hereby expressly reserve the right to amend or supplement this proof of claim (the "Claim") at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims. Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

2.      This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against Lehman Brothers Holdings Inc. ("**LBHI**") and certain of its affiliates (the "**Debtors**") and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any

and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

3.     The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

4.     Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

5.     In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

## Notices

6.     All notices, communications and distributions with respect to this Claim should be sent to:

> Pearse Farrell
> Official Liquidator of Eurofood IFSC Limited (In Liquidation)
> FGS
> Bride Street
> Dublin 8
> Ireland

with copy to:

> Matheson Ormsby Prentice
> 70 Sir John Rogerson's Quay

2

Dublin 2
Ireland
Telephone  +353 (0)1 2322434
Email: niamh.counihan@mop.ie
Attention:  Niamh Counihan

3

# MATHESON ORMSBY PRENTICE

Solicitors  70 Sir John Rogerson's Quay  Dublin 2  Ireland  DX: 2 Dublin
T: +353 1 232 2000  F: +353 1 232 3333  W: www.mop.ie

Mr A V Lomas
Joint Administrator
Lehman Brothers International (Europe)
PricewaterhouseCoopers LLP
Plumtree Court
London
EC4A 4HT

**BY REGISTERED POST AND EMAIL**

| Our Ref | Your Ref | 29 June 2009 |
|---|---|---|
| TOG/NCO/629203/7 | | |

Dear Sir

**LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION) ("LBIE") AND
EUROFOOD IFSC LIMITED (IN LIQUIDATION) (the "Company")
OUR CLIENT: PEARSE FARRELL, OFFICIAL LIQUIDATOR**

We act on behalf of Pearse Farrell, Official Liquidator of the Company, who as previously advised has a claim of USD300,263.00 (to the nearest whole USD) against LBIE in respect of his fees and expenses. Please note for the avoidance of doubt that Pearse Farrell, and not the Company, is the creditor of LBIE.

Further to the online submission on 5 June 2009 on behalf of our client of a claim for USD300,263.00 against LBIE please find enclosed copies of 11 invoices of various dates (together with one credit note and a list of the invoices in chronological order, for ease of reference) (together, the "**Invoices**") and a copy of the executed indemnity agreement entered into between (1) LBIE, (2) DK Acquisition Partners LP and (3) our client (the "**Indemnity Agreement**").

The claim is due on foot of the terms of the Indemnity Agreement whereby LBIE indemnified, on a several basis, our client in respect of Litigation Costs (as defined in the Indemnity Agreement at clause 1.1). The total amount due by LBIE and DK Acquisition Partners LP on a several basis, on foot of the Indemnity Agreement is EUR423,220.89 calculated as follows; the total value of Litigation Costs amounted to EUR423,220.89, with LBIE liable for 50% thereof, totalling EUR211,610.44, which at the exchange rate of EUR0.70475:USD1.00 (the exchange rate at the time of the administration order) amounts to USD300,263.00.

Please contact Niamh Counihan (niamh.counihan@mop.ie, +353 1 232 2434) of this office should you require any further clarification or assistance in relation to the above.

Yours sincerely

*Matheson Ormsby Prentice*
**MATHESON ORMSBY PRENTICE**

**Enclosures**: Invoices and Indemnity Agreement
18769371.1

Chairman Sir Anthony O Reilly · Managing Partner  Liam Quirke · Partners· Graham Richards, Stuart Margetson, William Prentice, Roderick Ensor, James Hickey, Pauline O'Donovan, Stanley Watson, Robert Heron, Patrick Sweetman, Brian Buggy, Don McAleese, Paul Glenfield, James Scanlon, Michael Jackson, Chris Quinn, Tim Scanlon, Deirdre Morris, Helen Kelly, Sharon Daly, Ruth Hunter, Tony O'Grady, Parac Madigan, Michael O'Connor, Tara Doyle, Anne-Marie Bohan, Patrick Spicer, Turlough Galvin, Patrick Molloy, George Brady, Paul Farrell, Brid Munnelly, Robert O'Shea, Liam Flynn, Joseph Beashel, Deirdre-Ann Barr, John Dunne, Damien Keogh, Cara O'Hagan, Leanne Robson, Dualta Counihan, Barry Lynch, Lisa Broderick, Ronan McLoughlin, Niall Horgan, Deirdre Dunne, Elizabeth O'Connor, Alastair Payne, Fergus Bolster, Hilary Coveney, Christian Donagh, Bryan Dunne, Libby Garvey, Shane Hogan, Noreen Howard, Peter O'Brien, John O'Connor, Thomas Hayes, Nicola Dunleavy, Garry Ferguson, Ken Rush, Mark O'Sullivan, David Quinlan, Julie Murphy-O'Connor, Helen Noble, Alan Connell, Bonnie Costelloe, Brian Doran, John Gill · Tax Principals: Anthony Walsh, John Ryan, Catherine Galvin,

DATED      JUNE  2007

(1) LEHMAN BROTHERS INTERNATIONAL (EUROPE)

(2) DK ACQUISITION PARTNERS, LP

AND

(3) PEARSE FARRELL, OFFICIAL LIQUIDATOR OF EUROFOOD IFSC LIMITED (IN LIQUIDATION)

---

**INDEMNITY**

---

MATHESON ORMSBY PRENTICE
Solicitors for the Official Liquidator
30 Herbert Street
Dublin 2
Ireland
Ref:TOG/629203/7
TEL  + 353 1 619 9000
FAX  + 353 1 619 9010
\MOP_DUBLIN\1081532.1

M-2838759-1.2

THIS INDEMNITY is made on          May 2007

BY

(1)    Lehman Brothers International (Europe) and DK Acquisition Partners, LP (the "Indemnifiers")

IN FAVOUR OF:

(2)    Pearse Farrell, Official Liquidator of Eurofood IFSC Limited (In Liquidation), chartered accountant
       of FGS, Molyneux House, Bride Street, Dublin 8 (the "Liquidator")

WHEREAS:

1.     Pearse Farrell was appointed provisional liquidator of Eurofood IFSC Limited (the "Company") by
       order of the High Court on 27 January 2004 and appointed Official Liquidator by order of the High
       Court on 23 March 2004.

2.     Two Venezuelan Parmalat entities namely Parmalat de Venezuela CA and Industria Lactea
       Venezolona CA (collectively "Parmalat Venezuela") are two of the Company's principal debtors.

3.     The Company's claim against Parmalat Venezuela (the "Claim") arises on foot of a credit
       agreement which was entered into by the Company, Parmalat Venezuela and Bank of America
       (the "Credit Agreement"). The Credit Agreement provides for a US$80 million revolving loan and
       letter of credit facility. It is governed by English Law and provides that the Courts of England and
       the Courts of Venezuela sitting in the City of Caracas have jurisdiction to hear and determine any
       action which may arise out of or in connection with the Credit Agreement and other documents
       relating thereto (the "Venezuelan Transaction").

4.     The Liquidator wishes to prosecute the Claim in the English High Court of Justice (the "English
       Proceedings").

5.     The Indemnifiers have agreed to indemnify the Liquidator in respect of the Litigation Costs (defined
       below) subject to the terms set out in this Indemnity.

6.     Based upon the information (including legal advice) available to the Liquidator at the date hereof,
       the Liquidator estimates that the Litigation Costs should not exceed Euro 1.3 million, which sum
       does not include any adverse costs award.


NOW THIS DEED WITNESSES as follows:

1      INDEMNITY

1.1    The Indemnifiers hereby agree and undertake on a several basis (as per the percentages set out
       in the Schedule hereto) with the Liquidator to indemnify and keep the Liquidator indemnified and to
       assume all liability for any and all claims, demands, actions, proceedings, liability, damage, loss,
       charge, detriment, cost (including, for the avoidance of doubt the Liquidator's own remuneration)
       or expense (including without limitation all reasonable Irish and English legal fees, all ancillary
       costs and expenses, all or any litigation costs which may be awarded against the Liquidator
       (whether in his capacity as liquidator or against him personally or otherwise howsoever) arising
       directly or indirectly out of or in connection with or as a consequence of the English Proceedings)
       suffered, incurred or sustained by the Liquidator arising (after the date of execution of this
       Indemnity) directly or indirectly out of or in connection with or as a consequence of the Liquidator
       investigating, reviewing, instructing his legal advisors, seeking legal advice in relation to or in
       connection with the English Proceedings but excluding any losses, costs, expenses, claims,
       liabilities or demands arising out of the negligence, or negligent omission, wilful misconduct or bad
       faith of the Liquidator or his advisors and/or arising directly or indirectly out of or in connection with

Error! Unknown document property name..2

the enforcement and/or appeal of any judgement granted or order made in the English Proceedings (the "Litigation Costs").

1.2    The Liquidator shall report to the Indemnifier's solicitors, A&L Goodbody, on a weekly basis in relation to (i) the Litigation Costs incurred as of the date of each such report; (ii) the anticipated Litigation Costs to be incurred over the course of the next week; and (iii) a short written update on the English Proceedings. The Liquidator agrees that, on request from the Indemnifiers, he will attend a meeting or a conference call with the Indemnifiers (together with all appropriate advisors) to discuss the strategy of the English Proceedings and any subsequent enforcement steps, on such dates and times to be agreed by the parties to this Indemnity.

1.3    The Liquidator acknowledges and confirms that the Litigation Costs are only recoverable from the Indemnifiers pursuant and subject to the terms of this Indemnity.

2    **WARRANTY**

The Indemnifiers warrants by their execution hereof that it has the power to enter into and has duly authorised the execution and delivery of this Indemnity and that its obligations hereunder constitute legal, valid and binding obligations enforceable in accordance with its terms.

3    **PAYMENT ARRANGEMENT**

3.1    Subject to clause 3.2 below the Liquidator shall furnish the Indemnifiers with an invoice and breakdown of the Litigation Costs on each Friday following the date hereof (or on the next business day if a Bank Holiday) to be paid by the Indemnifiers and the Indemnifiers shall discharge the Litigation Costs within 30 days of the date of receipt of the relevant invoice or, if this Indemnity is terminated under Clause 4 of this Indemnity, within 30 days of the date of termination.

3.2    While the Indemnifiers will at all times act reasonably in relation to the Litigation Costs, if there is any disagreement between the Indemnifiers and the Liquidator in relation to the level of such costs or the need to incur the cost at all, the Irish solicitors acting for both parties will agree to appoint an independent legal costs accountant (the "Costs Accountant") or (where any disagreement arises in relation to any fees of the Liquidator only) an appropriate independent expert (the "Expert") to resolve the dispute. The parties shall request the Costs Accountant and/or the Expert, as appropriate, to direct whether his/her/their costs shall be payable by the Liquidator or the Indemnifier.

4    **EFFECTIVE DATE AND RELEASE**

4.1    This Indemnity shall be effective and shall remain in full force and effect until terminated by 30 days notice in writing by either party.

4.2    The Liquidator agrees to provide on termination the Indemnifiers with an invoice and breakdown of any outstanding Litigation Costs not previously paid including the costs arising directly or indirectly out of or in connection with or as a consequence of terminating this Indemnity.

4.3    The Indemnifiers agree to pay to the Liquidator on termination in accordance with Clause 3 of this Indemnity any outstanding Litigation Costs not previously paid, including costs arising directly or indirectly out of or in connection with or as a consequence of terminating this Indemnity.

5    **PROCEEDINGS**

5.1    Provided that the Liquidator is satisfied, acting reasonably and based on the legal advice he receives, that to do so is in compliance with his legal obligations as Official Liquidator, the Liquidator undertakes to prosecute the English Proceedings in a timely and efficient manner.

5.2    The Liquidator undertakes to provide a report on the progress of the English Proceedings, via his solicitors, on a weekly basis unless requested otherwise by the Indemnifiers.

5.3   Pursuant to the Order of Ms Justice Finlay Geoghegan dated 17 January 2005 ('the Order') the Liquidator agrees to repay pro rata (with Bank of America NA and any other party indemnifying the Liquidator in this liquidation) to the Indemnifiers all monies paid pursuant to this Indemnity from monies standing to the credit of the liquidation which he is so permitted by Order of the Court to retain or pay in respect of his remuneration, expenses and costs.

5.4   The parties to this Indemnity hereby agree that in the event of a termination of the Indemnity either in whole or in part that any subsequent indemnifiers of the English Proceedings will rank pari-passu to the Indemnifiers.

6   **SEVERANCE**

Each of the provisions of this Indemnity shall be severable and distinct from the others and the validity, legality or enforceability of any one or more provisions shall not affect or impair the validity and legality or enforceability of the remaining provisions.

7   **GOVERNING LAW AND JURISDICTION**

This Indemnity shall be governed by and construed in accordance with the laws of Ireland and the Indemnifier irrevocably submits to the exclusive jurisdiction of the courts of Ireland as regards any matter or claim relating to this Indemnity.

8   **NOTICE**

All notices to the Indemnifiers under this agreement should be addressed to David Baxter, A&L Goodbody, North Wall Quay, International Financial Services Centre, Dublin 1.  All notices to the Liquidator should be sent to Matheson Ormsby Prentice, 30 Herbert Street, Dublin 2 for the attention of Tony O'Grady Esq..

**IN WITNESS WHEREOF** this Indemnity has been duly executed on the date shown at the beginning of this Indemnity.

SIGNED
by
on behalf of **LEHMAN BROTHERS INTERNATIONAL (EUROPE)**
in the presence of:

Witness   _S EAN   LAWY_

Address   _25   BANK STREET, LONDON, E14 5LE_

Occupation   _SOLICITOR_

Error! Unknown document property name..2



SIGNED    *Avi V*
by
on behalf of **DK ACQUISITION PARTNERS, LP**
in the presence of:

SUZANNE B. CURL
Notary Public, State of New York
No. 02CU6161459
Witness  Qualified in New York county
Commission Expires Feb. 26, 2011

Address  65 E 55ᵗʰ St
NY NY 10022

Occupation  Attorney


SIGNED
by **PEARSE FARRELL, LIQUIDATOR**
in the presence of:

Witness    Michael Phelan

Address    c/o Molyneux House
Bride Street
Dublin 8

Occupation    Insolvency Practitioner

Error! Unknown document property name..2

**SCHEDULE**

| Indemnifiers | Percentage Share of Indemnity |
|---|---|
| Lehman Brothers (International) Europe | 50% |
| DK Acquisition Partners, LP | 50% |

Error! Unknown document property name..2

DATED       JUNE  2007

(1) LEHMAN BROTHERS INTERNATIONAL (EUROPE)

(2) DK ACQUISITION PARTNERS, LP

AND

(3) PEARSE FARRELL, OFFICIAL LIQUIDATOR OF EUROFOOD
IFSC LIMITED (IN LIQUIDATION)

---

## INDEMNITY

---

MATHESON ORMSBY PRENTICE
Solicitors for the Official Liquidator
30 Herbert Street
Dublin 2
Ireland
Ref: TOG/NCO/629203/7
TEL  + 353 1 619 9000
FAX  + 353 1 619 9010

UK1 996953v.2



**FGS**

Molyneux House, Bride Street, Dublin 8, Ireland
T: +353 (0) 1 418 2000  F: +353 (0) 1 418 2044  E: dublin@fgspartnership.com  W: www.fgspartnership.com

Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

| Invoice Date: | 24 September 2007 | Invoice No: | LBI1001 |
| | | VAT Reg. No: | IE 4573839V |

## FEE NOTE
### Foreign Source Income/Fees

| *To professional services rendered as follows:-* | VAT Rate | Euro € |
|---|---|---|
| To professional services rendered in the liquidation for the period from 1 May 2007 to 31 May 2007 | 21% | 17,278.00 |
| To Irish legal fees for the period 1 May 2007 to 31 May 2007 | 21% | 21,761.00 |
| To Irish legal out of pocket expenses | 21% | 650.13 |

| | |
|---|---|
| Total | 39,689.13 |
| VAT | 8,334.72 |
| Total Due | 48,023.85 |

With compliments

**PEARSE FARRELL**
**Official Liquidator**

Partners: Michael Blair, Graham Chisholm FCA, Derek Donohoe FCA, Pearse Farrell FCA, Richard Gardiner FCA, David Gray FCA, Eamonn Griffin FCA, Michael Keenan FCA, Deirdre Kiely, John Lyons FCA, Michael McGivern FCA, John Miskelly FCA, Jim Mulqueen FCA, Eric Munro, Tom Murray, Declan O'Hanlon, Niall Rice FCA, Aidan Scollard FCA, Gregory Sparks FCA, Declan Taite, David Watters FCA. Consultants: Rollo McClure, Martin Scully

Registered to carry on audit work by the Institute of Chartered Accountants in Ireland. Authorised by the Institute of Chartered Accountants in Ireland to carry on investment business in the Republic of Ireland.


A member of
Moores Rowland International
an association of independent
accounting firms throughout
the world

Belfast          Dublin          Longford



# FGS

Molyneux House, Bride Street, Dublin 8, Ireland
T: +353 (0) 1 418 2000  F: +353 (0) 1 418 2044  E: dublin@fgspartnership.com  W: www.fgspartnership.com

Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

| | | | |
|---|---|---|---|
| **Invoice Date:** | 24 September 2007 | **Invoice No:** | LBI1001 |
| | | **VAT Reg. No:** | IE 4573839V |

## FEE NOTE
### Foreign Source Income/Fees

| *To professional services rendered as follows:-* | VAT Rate | Euro € |
|---|---|---|
| To professional services rendered in the liquidation for the period from 1 June 2007 to 30 June 2007 | 21% | 11,034.00 |
| To Irish legal fees for the period 1 June 2007 to 30 June 2007 | 21% | 17,872.00 |
| To Irish legal out of pocket expenses | 21% | 536.16 |
| To Venezuelan legal fees | 21% | 833.94 |
| To UK legal fees | 21% | 40,383.91 |
| | | |
| | | 70,660.01 |
| Total | | 14,838.60 |
| VAT | | 85,498.61 |
| Total Due | | |

With compliments

**PEARSE FARRELL**
**Official Liquidator**

Partners: Michael Blair, Graham Chisholm FCA, Derek Donohoe FCA, Pearse Farrell FCA, Richard Gardiner FCA, David Gray FCA, Eamonn Griffin FCA, Michael Keenan FCA, Deirdra Kiely, John Lyons FCA, Michael McGivern FCA, John Miskelly FCA, Jim Mulqueen FCA, Eric Munro, Tom Murray, Declan O'Hanlon, Niall Rice FCA, Aidan Scollard FCA, Gregory Sparks FCA. Declan Taite, David Watters FCA. Consultants: Rollo McClure, Martin Scully

Registered to carry on audit work by the Institute of Chartered Accountants in Ireland. Authorised by the Institute of Chartered Accountants in Ireland to carry on investment business in the Republic of Ireland.


A member of Moores Rowland International an association of independent accounting firms throughout the world

Belfast            Dublin            Longford

Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

**Invoice Date:**   31 October 2007          **Invoice No:**   LBI1002
                                             **VAT Reg. No:**  IE 4573839V

## FEE NOTE
### Foreign Source Income/Fees

| *To professional services rendered as follows:-* | VAT Rate | Euro € |
|---|---|---|
| To professional services rendered in the liquidation for the period from 1 July 2007 to 30 September 2007 | 21% | 52,026.50 |
| To Irish legal fees for the period 1 July 2007 to 30 September 2007 | 21% | 48,416.35 |
| To Irish legal out of pocket expenses | 21% | 2,295.75 |
| To Venezuelan legal fees for the period 1 July 2007 – 30 September 2007 | 21% | 770.81 |

| | |
|---|---|
| Total | 103,509.41 |
| VAT | 21,736.98 |
| Total Due | 125,246.38 |

With compliments

**PEARSE FARRELL**
**Official Liquidator**



## FGS

Molyneux House, Bride Street, Dublin 8, Ireland
T: +353 (0) 1 418 2000  F: +353 (0) 1 418 2044  E: dublin@fgspartnership.com  W: www.fgspartnership.com

Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

| | | | |
|---|---|---|---|
| **Invoice Date:** | 30 November 2007 | **Invoice No:** | LBI1003 |
| | | **VAT Reg. No:** | IE 4573839V |

### FEE NOTE
#### Foreign Source Income/Fees

| *To professional services rendered as follows:-* | VAT Rate | Euro € |
|---|---|---|
| To professional services rendered in the liquidation for the period from 1 October 2007 to 31 October 2007 | 21% | 10,511.00 |
| To Irish legal fees for the period 1 October 2007 to 31 October 2007 | 21% | 16,475.27 |
| To Irish legal out of pocket vatable expenses | 21% | 494.25 |
| To Irish legal out of pocket non vatable expenses | 0% | 24.00 |

| | |
|---|---|
| Total | 27,504.52 |
| VAT | 5,770.91 |
| Total Due | 33,275.43 |

With compliments

**PEARSE FARRELL**
**Official Liquidator**

Partners: Michael Blair, Graham Chisholm FCA, Derek Donohoe FCA, Pearse Farrell FCA, Richard Gardiner FCA, David Gray FCA, Eamonn Griffin FCA, Michael Keenan FCA, Deirdre Kiely, John Lyons FCA, Michael McGivern FCA, John Miskelly FCA, Jim Mulqueen FCA, Eric Munro, Tom Murray, Declan O'Hanlon, Niall Rice FCA, Aidan Scollard FCA, Gregory Sparks FCA, Declan Taite, David Watters FCA. Consultants: Rollo McClure, Martin Scully

Registered to carry on audit work by the Institute of Chartered Accountants in Ireland. Authorised by the Institute of Chartered Accountants in Ireland to carry on investment business in the Republic of Ireland.





A member of
Moores Rowland International
an association of independent
accounting firms throughout

Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

| | | | |
|---|---|---|---|
| **Invoice Date:** | 18 December 2007 | **Invoice No:** | LBI1004 |
| | | **VAT Reg. No:** | IE 4573839V |

## FEE NOTE
### Foreign Source Income/Fees

| | VAT Rate | Euro € |
|---|---|---|
| *To professional services rendered as follows:-* | | |
| To professional services rendered in the liquidation for the period from 1 November 2007 to 30 November 2007 | 21% | 6,687.50 |
| To Irish legal fees for the period 1 November 2007 to 30 November 2007 | 21% | 15,098.31 |
| To Irish legal out of pocket vatable expenses | 21% | 511.75 |
| Total | | 22,297.56 |
| VAT | | 4,682.49 |
| Total Due | | 26,980.05 |

With compliments

_____

**PEARSE FARRELL**
**Official Liquidator**

Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

**Invoice Date:**      24 April 2008          **Invoice No:**      LBI1005

                                             **VAT Reg. No:**     IE 4573839V

## FEE NOTE
### Foreign Source Income/Fees

| *To professional services rendered as follows:-* | VAT Rate | Euro € |
|---|---|---|
| To professional services rendered in the liquidation for the period from 1 December 2007 to 31 December 2007 | 21% | 11,452.50 |
| To out of pocket expenses | 0% | 2,410.22 |
| To Irish legal fees for the period 1 December 2007 to 31 December 2007 | 21% | 4,463.75 |
| To Irish legal out of pocket vatable expenses | 21% | 133.91 |

| | |
|---|---|
| Total | 18,460.38 |
| VAT | 3,370.53 |
| Total Due | 21,830.91 |

With compliments

_____

**PEARSE FARRELL**
**Official Liquidator**

Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

| | | | |
|---|---|---|---|
| **Invoice Date:** | 24 April 2008 | **Invoice No:** | LBI1006 |
| | | **VAT Reg. No:** | IE 4573839V |

## FEE NOTE
### Foreign Source Income/Fees

| | VAT Rate | Euro € |
|---|---|---|
| ***To professional services rendered as follows:-*** | | |
| To UK legal fees for the period 1 October 2007 to 31 October 2007 | 21% | 44,057.02 |

| | |
|---|---|
| Total | 44,057.02 |
| VAT | 9,251.97 |
| Total Due | 53,308.99 |

With compliments

---

**PEARSE FARRELL**
**Official Liquidator**

Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

**Invoice Date:**     24 April 2008

**Invoice No:**       LBI1007
**VAT Reg. No:**      IE 4573839V

## FEE NOTE
### Foreign Source Income/Fees

| To professional services rendered as follows:- | VAT Rate | Euro € |
|---|---|---|
| To professional services rendered in the liquidation for the period from 1 January 2008 to 31 January 2008 | 21% | 13,860.00 |
| To Irish legal fees | 21% | 1,289.28 |
| To Irish legal out of pocket vatable expenses | 21% | 143.67 |
| Total | | 15,292.95 |
| VAT | | 3,211.52 |
| Total Due | | 18,504.47 |

With compliments

_____

**PEARSE FARRELL**
**Official Liquidator**



Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

| | | | |
|---|---|---|---|
| **Invoice Date:** | 24 April 2008 | **Invoice No:** | LBI1008 |
| | | **VAT Reg. No:** | IE 4573839V |

## FEE NOTE
### Foreign Source Income/Fees

| *To professional services rendered as follows:-* | VAT Rate | Euro € |
|---|---|---|
| To professional services rendered in the liquidation for the period from 1 February 2008 to 29 February 2008 | 21% | 10,890.00 |
| To non vatable out of pocket expenses | 0% | 2,263.32 |
| To Irish legal expenses | 0% | 19,965.00 |
| To UK legal fees | 21% | 5,206.27 |

| | |
|---|---|
| Total | 38,324.59 |
| VAT | 3,380.22 |
| Total Due | 41,704.81 |

With compliments

_____

**PEARSE FARRELL**
**Official Liquidator**



Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

| | | | |
|---|---|---|---|
| **Invoice Date:** | 24 April 2008 | **Invoice No:** | LBI1009 |
| | | **VAT Reg. No:** | IE 4573839V |

## FEE NOTE
### Foreign Source Income/Fees

| To professional services rendered as follows:- | VAT Rate | Euro € |
|---|---|---|
| To professional services rendered in the liquidation for the period 1 March 2008 to 31 March 2008 | 21% | 2,970.00 |

| | |
|---|---|
| Total | 2,970.00 |
| VAT | 623.70 |
| Total Due | 3,593.70 |

With compliments

_____

**PEARSE FARRELL**
**Official Liquidator**

Lehman Brothers International (Europe)
DK Acquisition Partners, LP
c/o A&L Goodbody,
International Financial Services Centre,
North Wall Quay,
Dublin 1

**Date:**         04 July 2008          **Invoice No:**     CRD 1
                                        **VAT Reg. No:**    IE 4573839V

## CREDIT NOTE
### Foreign Source Income/Fees

*To professional services rendered as follows:-*                    **Euro €**

Reduction on invoices and outlay for the period 1 January 2008 to 31        28,925.11
March 2008

Total                                                              28,925.11
VAT @ 21%                                                           5,821.20
Total Credit                                                       34,746.31

With compliments

_____
**PEARSE FARRELL**
**Official Liquidator**

**EUROFOOD IFSC LIMITED (IN LIQUIDATION)**

**List of FGS Invoices being submitted in respect of Lehman Brothers International (Europe) (In Administration)**

| Invoice No. | Invoice Date | Re Period | Amount |
|---|---|---|---|
| LBI1001 | 24 September 2007 | 1 May 2007 - 31 May 2007 | €48,023.85 |
| LBI1001 | 24 September 2007 | 1 June 2007 - 30 June 2007 | €85,498.61 |
| LBI1002 | 31 October 2007 | 1 July 2007 - 30 September 2007 | €125,246.38 |
| LBI1003 | 30 November 2007 | 1 October 2007 - 31 October 2007 | €33,275.43 |
| LBI1004 | 18 December 2007 | 1 November 2007 - 30 November 2007 | €26,980.05 |
| LBI1005 | 24 April 2008 | 1 December 2007 - 31 December 2007 | €21,830.91 |
| LBI1006 | 24 April 2008 | UK Legal fees 1 October 2007 – 31 October 2007 | €53,308.99 |
| LBI1007 | 24 April 2008 | 1 January 2008 – 31 January 2008 | €18,504.47 |
| LBI1008 | 24 April 2008 | 1 February 2008 – 29 February 2008 | €41,704.81 |
| LBI1009 | 24 April 2008 | 1 March 2008 – 31 March 2008 | €3,593.70 |
| CRD1 (Credit Note) | 04 July 2008 | 1 January 2008 – 31 March 2008 | -€34,746.31 |
| **TOTAL CLAIM BEING SUBMITTED** | | | **€423,220.89** |

- The total in respect of invoices dated May 2007 to 31 March 2008 is an amount of €423,220.89.
- DK Acquisition Partners have discharged 50% of the amount due (pursuant to the indemnity).
- Lehman Brothers International (Europe) are liable for the remaining 50% under the terms of the indemnity. Hence we are submitting a claim in the amount of €211,610.44.

18482169.1

FEB-17-2009 11:51 From:                           To:Goldman Sachs    Co    P.1/2

## GUARANTEE OF LEHMAN BROTHERS HOLDINGS INC.

To:     **Standard & Poor's Rating Services**
        **55 Water Street**
        **New York, NY 10041**

We, Lehman Brothers Holdings Inc., do hereby absolutely and unconditionally guarantee the payment by Lehman Brothers International (Europe) ("Affiliate") of all of Affiliate's liabilities, obligations and commitments (the "Guaranteed Obligations") to any counterparty of Affiliate and such counterparty's successors, endorsees and assigns (collectively, the "Beneficiaries"), as the same shall respectively become due, together with accrued interest and charges, if any, and we agree to reimburse each Beneficiary for all expenses including reasonable attorneys' fees of enforcing or obtaining or endeavoring to enforce or obtain payment thereof.

This Guarantee is absolute and unconditional without limitation as to monetary amount or duration, irrespective of the validity, regularity or enforceability of any agreement or document setting forth a Guaranteed Obligation (each a "Borrower Agreement") against Affiliate (other than as a result of the unenforceability of the applicable Borrower Agreement against the Beneficiary), any waiver or consent by any Beneficiary with respect to any provisions thereof or any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor (excluding the defenses of payment and statute of limitations, neither of which is waived); provided, however, that we shall be entitled to exercise any right that Affiliate could have exercised under the applicable Borrower Agreement to cure any default in respect of its obligations under the Borrower Agreement or to setoff, counterclaim or withhold payment in respect of any event of default or similar event in respect of a Beneficiary, but only to the extent such right is provided to Affiliate under the Borrower Agreement. We shall have no right of subrogation with respect to any payments we make under this Guarantee in connection with a Borrower Agreement until all Guaranteed Obligations of Affiliate under that Borrower Agreement are paid in full.

This Guarantee is a guarantee of payment, and not of collection, and each Beneficiary may exercise its rights hereunder against us without first having to take any action against Affiliate, or any other guarantor. We hereby waive diligence, presentment, protest, demand of any kind in connection with the delivery, acceptance, performance, default or enforcement of this Guarantee.

This Guarantee shall be binding upon us, our successors and assigns.

We further agree that this Guarantee shall continue to be effective or be reinstated, as the case may be, if at any time payment, or any part thereof, of any Guaranteed Obligation or interest thereon is rescinded or must otherwise be restored by or is recovered from a Beneficiary as a preference or fraudulent transfer under the federal Bankruptcy Code or any similar applicable state or foreign law.

hereunder to us shall be to Lehman Brothers Holdings Inc., Attention: Treasurer, at 745 Seventh Avenue, New York, New York (Facsimile No. 646-758-3334).

This Guarantee shall be governed by and construed in accordance with the laws of the State of New York without giving effect to the conflicts of laws principles thereof.

IN WITNESS WHEREOF, I have hereunto set my hand on January 4, 2008.

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name:  James J. Killerlane III
Title:   Vice President

2

## UNANIMOUS WRITTEN CONSENT OF THE

## EXECUTIVE COMMITTEE OF THE

## BOARD OF DIRECTORS OF

## LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

**RESOLVED,** that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

**RESOLVED,** that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

**RESOLVED,** that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

**RESOLVED,** that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

**FURTHER RESOLVED,** that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 7, 2005

Richard S. Fuld, Jr.                         John D. Macomber

2

06/08/2005    16:41    LEHMAN → 916467582653                    NO.504    D03

**Schedule A**
**to LBHI Unanimous Written Consent**
**dated June 9 , 2005**

|  | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3



**Molyneux House, Bride Street, Dublin 8, Ireland.**
t +353 (0) 1 418 2000  f +353 (0) 1 418 2044
e dublin@fgspartnership.com  w www.fgspartnership.com

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017
United States of America

**BY HAND**

| Our Ref | Your Ref | 21 September 2009 |
| --- | --- | --- |

Dear Sir/Madam

**CLAIM OF PEARSE FARRELL, OFFICIAL LIQUIDATOR OF EUROFOOD IFSC LIMITED (IN LIQUIDATION) (the "Company"), FGS, MOLYNEUX HOUSE, BRIDE STREET, DUBLIN 8, IRELAND IN RESPECT OF SERVICES RENDERED**

Please find enclosed a proof of claim form (the "**Proof of Claim Form**") and supporting documentation.

In addition, I enclose a copy of the Proof of Claim Form and I would be grateful if you would please acknowledge receipt of the Proof of Claim Form by signing and returning the enclosed copy in the stamped, self addressed envelope provided.

Please note that in the event that there are sufficient realisations in the liquidation of the Company, I will be withdrawing my claim set out in the Proof of Claim Form.

Should you require further information in this regard, please do not hesitate to contact me.

Regards

Yours faithfully

**PEARSE FARRELL**
**OFFICIAL LIQUIDATOR OF EUROFOOD IFSC LIMITED (IN LIQUIDATION)**

**RSM International**
global excellence in audit, tax & consulting

A full list of partners of FGS is available at www.fgspartnership.com

Registered to carry on audit work by the Institute of Chartered Accountants in Ireland. Authorised by the Institute of Chartered Accountants in Ireland to carry on investment business in the Republic of Ireland. FGS is an independent member firm of RSM International, an affiliation of independent accounting & consulting firms.

Dublin • Belfast • Longford



**H
A
N
D

D
E
L
I
V
E
R
Y**



FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

3:30

_____    _____    _____
RECEIVED BY:                              DATE                                      TIME