UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*                       :    Case No. 08-13555 (JMP)
                                                               :
         Debtors.                                              :    (Jointly Administered)
                                                               :
-------------------------------------------------------------- x

**STIPULATION AND ORDER FURTHER MODIFYING
ADEQUATE PROTECTION STIPULATION
AND PROVIDING FOR PAYMENT OF SECURED CLAIM OF
<u>SUMITOMO MITSUI BANKING CORPORATION</u>**

Lehman Brothers Holdings Inc. ("*LBHI*") and its affiliated debtor in the above referenced chapter 11 cases, Lehman Commercial Paper Inc. ("*LCPI*"), as debtors and debtors-in-possession (together, the "*Debtors*" and together with their debtor and non-debtor affiliates, "*Lehman*") and Sumitomo Mitsui Banking Corporation ("*SMBC*"), by and through their respective counsel hereby enter into this Stipulation and Order (this "*Stipulation*").

THE PARTIES HEREBY STIPULATE AND THE COURT HEREBY FINDS as follows:

A.    Commencing on September 15, 2008 (the "*LBHI Commencement Date*"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").  On October 5, 2008 (the "*LCPI Commencement Date*"), LCPI and certain other affiliates of LBHI commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

B.    Prior to the LBHI Commencement Date, LBHI and SMBC entered into a Loan and Security Agreement dated as of May 27, 2008 (the "*Loan Agreement*") pursuant to which

SMBC made loans and other financial accommodations to LBHI, the proceeds of which are stated in the Loan Agreement to be used to finance assets owned by LCPI.

C.   Pursuant to the Loan Agreement, LBHI and LCPI pledged to SMBC certain financial assets together with any and all replacements, substitutions, or distributions on or proceeds thereof (the "*Collateral*") to secure LBHI's obligations to SMBC. As of the date hereof, the Collateral includes, without limitation, two remaining loans set forth on Exhibit A which have an aggregate principal amount outstanding, as of May 31, 2011, of approximately $43.2 million (the *"Remaining Pledged Assets"*).

D.   SMBC has valid, perfected, and unavoidable first priority liens upon and security interests in the Collateral.

E.   As of the LBHI Commencement Date, the principal amount of $350,000,000, together with accrued and unpaid interest in an amount equal to $573,307.29, was outstanding under the Loan Agreement. As of May 9, 2011, as a result of the sale of Collateral, principal payments and transfers of Collateral to SMBC pursuant to the Prior Stipulations (as defined below), the principal outstanding under the Loan Agreement has been reduced to $25,565,722.42 (the "*Obligations*").

F.   On October 15, 2008, SMBC filed a Motion for an Entry of an Order Pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. 4001 Granting Relief from the Automatic Stay to Foreclose on its Collateral (the "*Motion*") [LCPI Doc. No. 17]. Objections to the Motion were resolved by entry of a Stipulation and Order Granting Adequate Protection (the "*Original Stipulation*") on December 17, 2008 [LBHI Doc. No. 2286]. Shortly thereafter, on January 16, 2009, this Court entered the Amended Stipulation and Order Granting Adequate Protection

[LBHI Doc. No. 2567] (the "*Amended Stipulation*") to facilitate the transfer of one of the loans comprising the Collateral as contemplated by the parties.

G.  The adequate protection provided to SMBC was further supplemented pursuant to the Stipulation and Order Granting Further Adequate Protection to Sumitomo Mitsui Banking Corporation, which was so ordered by the Court on June 17, 2009 [Docket No. 4007] (the "*Supplemental Stipulation*") and the Stipulation and Order Modifying Adequate Protection with Sumitomo Mitsui Banking Corporation, which was so ordered by the Court on February 9, 2010 [Docket No. 7045] (the *"Second Supplemental Stipulation"* and together with the Original Stipulation and the Amended Stipulation, the "*Prior Stipulations*"*).*  In accordance with the Prior Stipulations, the Debtors have continued to consult with SMBC regarding the Remaining Pledged Assets.

H.  The Debtors have determined that it is in the Debtors' best interests to pay SMBC the remaining balance the Obligations in order to: (1) eliminate the Debtors' obligations to pay SMBC interest at a rate of LIBOR plus 1% per annum on the Obligations, (2) obtain SMBC's release of its securities interest in the Remaining Pledged Assets and thereby allow the Debtors to make investment decisions without SMBC approval, and (3) secure the withdrawal of SMBC's proofs of claim in the amount of approximately $350 million filed against LBHI and LCPI, claim numbers 26231 and 26232.  SMBC has agreed to the payment terms proposed by the Debtors.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1.  On the Effective Date hereof, the Debtors shall be authorized to pay SMBC $25,565,722.42, plus interest accrued thereon for the period from May 31, 2011 through the

Payment Date, in full payment, settlement and satisfaction of all amounts due to SMBC under the Loan Agreement (the date of SMBC's receipt of such payment, the "*Payment Date*"). The payment to SMBC shall be made in immediately available funds by wire transfer to an account identified by SMBC.

2. On the Payment Date, SMBC's security interest in the Remaining Pledged Assets and any other Collateral shall be deemed released. Within five (5) business days of the Payment Date, SMBC will withdraw claim numbers 26231 and 26232, by executing a Withdrawal of Claim in the forms annexed hereto as <u>Exhibit B</u> and delivering them to Debtors' claims agent.

3. The Debtors are authorized and directed, without further Order of this Court, to execute and deliver, and empowered and directed to perform under, consummate and implement, the terms of this Stipulation, together with all additional documents that may be reasonably necessary or desirable to consummate the repayment to SMBC and to take all further actions as may be reasonably requested by SMBC for the purpose of performing its obligations under this Stipulation.

4. Promptly following the Payment Date, SMBC shall execute and deliver UCC termination statements and any additional documents reasonably requested by the Debtors and necessary to reflect the termination of SMBC's security interest in the Remaining Pledged Assets and any other Collateral.

5. To the extent permitted under applicable law, the terms and provisions of this Stipulation shall be binding upon the Debtors and their successors and assigns, including, but not limited to, any trustee appointed in these cases, in any superseding case or in any case related hereto, and shall survive for the benefit of SMBC and the Debtors.

6. The automatic stay imposed by Section 362 of the Bankruptcy Code shall be, and hereby is, lifted and vacated to the extent necessary, if any, to authorize the payments required hereunder and to implement and effectuate the terms and conditions of this Stipulation.

7. Except as supplemented by this Stipulation, all of the terms, conditions, covenants, provisions, representations, warranties and conditions of the Prior Stipulations shall remain in full force and effect and are hereby acknowledged, ratified, confirmed and continued as if fully restated hereby. It is the intention of the Debtors and SMBC that this Stipulation shall not constitute a novation and shall in no way adversely affect, diminish or impair the Debtors' performance of their obligations under the Prior Stipulations.

8. On and after the effectiveness of this Stipulation, each reference in the Prior Stipulations such as "this Stipulation", "hereunder", "hereof" or words of like import internally referring to the Prior Stipulations, shall mean and be a reference to the Prior Stipulations, as supplemented by this Stipulation.

9. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

10. This Stipulation can only be amended or otherwise modified by a signed writing executed by the parties hereto.

11. Each person who executes this Stipulation on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such party.

12. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

13. Notwithstanding the above, any and all pre- and post-petition claims, rights, obligations and defenses of the Debtors that they may have against each other in connection with

the subject matter of the Stipulation and the Loan Agreement are hereby reserved and not waived, relinquished or otherwise prejudiced by this Stipulation.

14. This Stipulation shall not be effective unless and until it is approved by the Bankruptcy Court (the "*Effective Date*"). If this Stipulation is not approved by the Bankruptcy Court, it shall be deemed null and void and shall not be referred to or used for any purpose by any of the parties hereto or any of the other parties in the Debtors' chapter 11 cases.

Dated: May 23, 2011
      New York, New York

**WEIL, GOTSHAL & MANGES LLP**

By: /s/ Jacqueline Marcus

767 Fifth Avenue
New York, New York 10153
Telephone: 212.310.8000
Facsimile: 212.310.8007

*Attorneys for Debtors and Debtors in Possession*

**MAYER BROWN LLP**

By: /s/ Frederick D. Hyman

1675 Broadway
New York, New York 10019
Telephone: 212.506.2500
Facsimile: 212.262.1910

*Attorneys for Sumitomo Mitsui Banking Corporation*

**SO ORDERED:**

Dated: New York, New York
      June 14, 2011

      *s/ James M. Peck*
      Honorable James M. Peck
      United States Bankruptcy Judge

# EXHIBIT A

### REMAINING PLEDGED ASSETS

| CREDIT FACILITY | FACILITY | CURRENCY | OUTSTANDING* |
|---|---|---|---|
| WEST CORPORATION | Term Loan B-2 | USD | $5,476,839.10 |
| ALTEGRITY INC. (F/K/A US INVESTIGATION SERVICES) | Term Loan | USD | $37,681,497.81 |

* As of 04/30/2011

# **EXHIBIT B**

**WITHDRAWAL OF CLAIM FORMS**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                        :    Chapter 11 Case No.
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                 :    08-13555 (JMP)
                                                             :
              **Debtors.**                                   :    (Jointly Administered)
------------------------------------------------------------------x

## WITHDRAWAL OF CLAIM

| Debtor Name and Case Number: | Lehman Commercial Paper Inc., 08-13900 |
|---|---|
| Creditor Name and Address: | Sumitomo Mitsui Banking Corporation<br>Attn Office of the General Counsel<br>277 Park Avenue<br>New York, NY 10172 |
| Claim Number (if known): | Claim no. 26231 |
| Date Claim Filed: | 09/21/2009 |
| Total Amount of Claim Filed: | $350,573,307.29 |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Debtors' claims and noticing agent to file and reflect this withdrawal on the official claims register for the above-referenced Debtor.

| Signature: | Title: |
|---|---|
| Printed Name: | Dated: |

## DEFINITIONS

*Debtor*
The person, corporation or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

*Proof of Claim*
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

*Name of Debtor and Case Number:*
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number.  A list of the Debtors and their cases numbers is provided below.

| | | | | | |
|---|---|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC | 08-13904 | Lehman Scottish Finance L.P. |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC | 08-13664 | PAMI Statler Arms LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC | 08-13902 | Lehman Brothers Financial Products Inc. |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-17331 | Merit, LLC |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC | 09-17503 | LB Somerset LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation | 09-17505 | LB Preferred Somerset LLC |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC | | |

*Information about Creditor:*
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

*Information identifying the Claim that is to be withdrawn:*
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

**Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).**

**THIS FORM MUST BE SENT TO EPIQ BANKRUPTCY SOLUTIONS LLC, THE DEBTORS' AUTHORIZED CLAIMS AND NOTICING AGENT AT:**

**Epiq Bankruptcy Solutions, LLC**
**Attn: Lehman Brothers Holdings**
**757 Third Avenue, 3rd Floor**
**New York, New York 10017**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | |
|---|---|
| In re : | Chapter 11 Case No. |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : | **08-13555 (JMP)** |
| : | |
| Debtors. : | (Jointly Administered) |

---------------------------------------------------------------------x

## WITHDRAWAL OF CLAIM

| | |
|---|---|
| Debtor Name and Case Number: | Lehman Brothers Holdings Inc., 08-13555 |
| Creditor Name and Address: | Sumitomo Mitsui Banking Corporation<br>Attn Office of the General Counsel<br>277 Park Avenue<br>New York, NY 101722 |
| Claim Number (if known): | Claim no. 26232 |
| Date Claim Filed: | 09/21/2009 |
| Total Amount of Claim Filed: | $350,573,307.29 |

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor. I hereby withdraw the above-referenced claim and authorize the Debtors' claims and noticing agent to file and reflect this withdrawal on the official claims register for the above-referenced Debtor.

| | |
|---|---|
| Signature: | Title: |
| Printed Name: | Dated: |

# DEFINITIONS

*Debtor*
The person, corporation or other entity that has filed a bankruptcy case is called the debtor.

*Creditor*
A creditor is any person, corporation, or other entity to which the debtor owed a debt.

*Proof of Claim*
A form filed with the clerk of the bankruptcy court where the bankruptcy case was filed, to tell the bankruptcy court how much the debtor owed a creditor (the amount of the creditor's claim).

## ITEMS TO BE COMPLETED ON THIS WITHDRAWAL OF CLAIM

*Name of Debtor and Case Number:*
Fill in the name of the debtor in the bankruptcy case, and the bankruptcy case number. A list of the Debtors and their cases numbers is provided below.

| | | | | | |
|---|---|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC | 08-13904 | Lehman Scottish Finance L.P. |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC | 08-13664 | PAMI Statler Arms LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC | 08-13902 | Lehman Brothers Financial Products Inc. |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-17331 | Merit, LLC |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC | 09-17503 | LB Somerset LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation | 09-17505 | LB Preferred Somerset LLC |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC | | |

*Information about Creditor:*
Complete the section giving the name and address of the creditor that was listed on the previously filed Proof of Claim form.

*Information identifying the Claim that is to be withdrawn:*
Complete the section giving the court claim number, date claim was filed and total amount of claim filed to help identify the claim that is to be withdrawn.

**Sign and print the name and title, if any, of the creditor or other person authorized to file this withdrawal of claim (attach copy of power of attorney, if any).**

**THIS FORM MUST BE SENT TO EPIQ BANKRUPTCY SOLUTIONS LLC, THE DEBTORS' AUTHORIZED CLAIMS AND NOTICING AGENT AT:**

**Epiq Bankruptcy Solutions, LLC**
**Attn: Lehman Brothers Holdings**
**757 Third Avenue, 3rd Floor**
**New York, New York 10017**