WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                         :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    08-13555 (JMP)
:
Debtors.                          :    (Jointly Administered)
:
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON JUNE 15, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following motions (collectively, the "Motions") with the Court for hearing on June 15, 2011:

- Lehman Brothers Special Financing Inc.'s Motion to Amend Order Authorizing Payment of Administrative and Legal Fees and Expenses of Certain Special Purpose Vehicles **[Docket No. 17060]**

- Motion of Lehman Brothers Holdings Inc., Pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006 and 9014, for Authorization to Assume and Assign Settlement Agreement and to Enter into Sharing Agreement with Urbanism-Coral Way, LLC  **[Docket No. 17127]**

- Motion Pursuant to Section 363 of the Bankruptcy Code for Approval of the Termination of the SASCO 2008-C2 Securitization  **[Docket No. 17130]**

2. In accordance with the Second Amended Case Management Order, June 8, 2011 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline (the "Objection Deadline") for parties to object or file responses to the Motions. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadlines have now passed and, to the best of my knowledge, no objections or other responsive pleadings to the Motions have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4. Accordingly, the Debtors respectfully request that the proposed orders granting the Motions annexed hereto as Exhibits A , B and C, and unmodified since the filing of

the Motions, be entered in accordance with the procedures described in the Second Amended Case Management Order.

    I declare that the foregoing is true and correct.

Dated: June 14, 2011
      New York, New York

                        /s/ Richard P. Krasnow
                        Richard P. Krasnow

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order – Docket No. 17060)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :     Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
                                                               :
                          Debtors.                  :     (Jointly Administered)
------------------------------------------------------------------x

**<u>AMENDED</u> ORDER GRANTING LEHMAN BROTHERS SPECIAL
FINANCING INC.'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF
THE BANKRUPTCY CODE, FOR AUTHORIZATION TO PAY ADMINISTRATIVE
AND LEGAL FEES AND EXPENSES OF CERTAIN SPECIAL PURPOSE VEHICLES**

Upon the motion, dated May 24, 2011 (the "<u>Motion</u>"), of Lehman Brothers Special Financing Inc. ("<u>LBSF</u>"), as debtor-in-possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "<u>Debtors</u>"), to amend the order, entered on March 24, 2010 [Docket No. 7787] (the "<u>Initial Order</u>"), authorizing LBSF, pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to pay administrative and legal fees and expenses of certain special purpose vehicles incorporated in the Cayman Islands (the "<u>Cayman SPVs</u>"), all as more fully described in the Motion; and upon LBSF's Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 6004 of the Bankruptcy Rules, for Authorization to Pay Administrative and Legal Fees of Certain Special Purpose Vehicles [Docket No 7230] (the "<u>Initial Motion</u>"); and upon the declaration of Robert Hershan, dated February 23, 2010, in support of the Initial Motion [Docket No. 7231]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to pay $604,994 to Maples Finance Limited and $103,242 to Maples and Calder; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to make any additional payments (the "Future Fees") on behalf of (i) the Cayman SPVs with respect to the transactions set forth in Exhibit A hereto and (ii) any Cayman SPV(s) with respect to any transaction(s) not set forth in Exhibit A hereto as deemed necessary by LBSF, in each case in accordance with the following Notice Procedures:

- Prior to paying any Future Fees, LBSF will provide written notice ("Notice") to the Creditors' Committee describing the nature and the amount of the proposed Future Fees.

2

- The Creditors' Committee will have five (5) business days from the date on which the Notice is sent to the Creditors' Committee to object to the proposed payment of such fees.  Any objection must be in writing and delivered to the attorneys for LBSF so as to be received on or before the fifth business day after the Notice is received.

- If no written objection is received by LBSF's counsel in accordance with the procedures herein, LBSF is authorized to pay the proposed Future Fees and payment shall be deemed fully authorized by the Court under the terms of the Order approving this Motion and no further notice or Court approval will be required or necessary.

- If the Creditors' Committee delivers a timely written objection to the proposed payment of the Future Fees, LBSF and the Creditors' Committee will use good faith efforts to resolve the objection.  If LBSF and the Creditors' Committee are unable to achieve consensual resolution, LBSF will not proceed with the proposed payment of the Future Fees pursuant to these procedures, but may seek Court approval of the proposed payment upon an expedited notice and hearing, subject to the Court's availability.

- Nothing in the foregoing procedures will prevent LBSF, in its sole discretion, from seeking, upon notice and hearing, the Court's approval of any proposed payment of Future Fees, including on an expedited basis; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: June __, 2011
　　　 New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit A**

| Issuer name | MFL Fees | M&C Fees | Terminated | Liquidated |
|---|---|---|---|---|
| 801 Grand CDO SPC | $ 26,717.55 | $ 17,083.73 | | |
|   801 GRAND CDO SPC SERIES 2006-1 | | | Y | Y |
|   801 GRAND CDO SPC SERIES 2006-2 | | | Y | Y |
| Penn's Landing CDO SPC | $ 27,126.82 | $ 480.09 | Y | Y |
| Securitized Product of Restructured Collateral Limited SPC | $ 27,947.36 | $ 38,770.20 | | |
|   SEGREGATED PORTFOLIO SPRC D-FORCE LLC SERIES 2007-1 | | | Y | N |
|   SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A1 | | | Y | Y |
|   SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A2 | | | Y | Y |
|   THE SERIES 2007-1 TABXSPOKE SEGREGATED PORTFOLIO - | | | Y | N |
| Copper Creek CDO SPC | $ 26,107.08 | $ 2,577.71 | Y | Y |
| Lakeview CDO SPC | $ 26,435.33 | $ 10,107.49 | | |
|   LAKEVIEW CDO 2007-2 | | | Y | Y |
|   LAKEVIEW CDO SPC 2007-1 | | | Y | Y |
|   LAKEVIEW CDO SPC 2007-3 | | | Y | Y |
|   LAKEVIEW CDO SPC SERIES 2007-4 SEGREGATED PORTFOLIO | | | Y | |
| Alta CDO SPC | $ 28,957.08 | $ 8,699.83 | | |
|   ALTA CDO 2007-1 LTD | | | Y | Y |
|   ALTA CDO SPC SERIES 2007-2 SEGREGATED PORTFOLIO | | | Y | Y |
| Greystone CDO SPC | $ 26,253.86 | $ 6,113.49 | | |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-2 | | | Y | Y |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-3 | | | Y | N |
|   GREYSTONE CDO SPC SERIES 2008-4 SEGREGATED PORTFOLIO | | | Y | N |
| Cherry Hill CDO SPC | $ 26,551.82 | $ - | | |
|   CHERRY HILL CDO SPC 2007-1 | | | Y | Y |
|   CHERRY HILL CDO SPC 2007-2 | | | Y | Y |
| Pantera Vive CDO SPC | $ 22,665.86 | $ - | Y | Y |
| Stowe CDO SPC | $ 28,149.32 | $ 15,981.55 | | |
|   STOWE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
|   STOWE CDO SPC SERIES 2008-1 SEGREGATED PORTFOLIO | | | Y | N |
|   STOWE CDO SPC SERIES 2008-2A SEGREGATED PORTFOLIO | | | Y | Y |
| Solar V CDO SPC | $ 26,104.27 | $ - | Y | Y |
| Barton Springs CDO SPC | $ 23,615.23 | $ - | | |
|   BARTON SPRINGS CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
|   BARTON SPRINGS CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Fullerton Drive CDO Limited | $ 19,610.21 | $ - | Y | Y |
| Stony Hill CDO SPC | $ 22,936.43 | $ - | N | N |
| Jefferson Valley CDO SPC | $ 22,616.77 | $ - | Y | Y |
| Tavares Square CDO Limited | $ 19,358.32 | $ - | Y | Y |
| Tradewinds II CDO SPC | $ 22,179.27 | $ - | Y | N |
| Vox Place CDO Limited | $ 19,357.67 | $ - | Y | Y |
| Blue Point CDO SPC | $ 23,617.29 | $ 2,399.09 | | |
|   BLUE POINT CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
|   BLUE POINT CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Freedom Park CDO Series 2005-1 Limited | $ 12,481.38 | $ - | Y | Y |
| Sunset Park CDO Limited SPC | $ 27,947.17 | $ - | | |
| Sunset Park CDO-M Limited SPC | $ 23,223.01 | $ - | | |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-1 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-2 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-4 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2005-3 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2005-5 | | | Y | Y |
| Sunset Park CDO Series 2005-6 Limited | $ 13,118.77 | $ - | Y | Y |
| Kings River Limited | $ 19,244.14 | $ - | Y | Y |
| Robania CDO Limited | $ 8,561.43 | $ - | Y | Y |
| Taylor Creek Limited | $ 16,036.88 | $ 1,028.52 | Y | Y |
| Crown City CDO 2005-1 Limited | $ 9,056.79 | $ - | Y | Y |
| Crown City CDO 2005-2 Limited | $ 9,016.91 | $ - | Y | Y |
| **Total** | **$ 604,994** | **$ 103,242** | | |

# **EXHIBIT B**

**(Proposed Order – Docket No. 17127)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING MOTION OF LEHMAN BROTHERS
HOLDINGS INC., PURSUANT TO SECTIONS 363 AND 365 OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 6004, 6006 AND 9014, FOR
AUTHORIZATION TO ASSUME AND ASSIGN SETTLEMENT AGREEMENT AND
TO ENTER INTO SHARING AGREEMENT WITH URBANISM-CORAL WAY, LLC**

Upon the motion, dated May 25, 2011 (the "Motion")[9] of Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors"), pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume and assign a Settlement Agreement and to enter into a Sharing Agreement with Urbanism-Coral Way LLC ("Urbanism"), all as more fully described in the Motion; and upon the Declaration of Craig Burns filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the

---

[9] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estates and its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that the Motion is granted; and it is further

        ORDERED that pursuant to sections 365(a), (b) and (f) of the Bankruptcy Code, LBHI is hereby authorized to assume the Settlement Agreement and, immediately upon assumption, assign its interests therein to Coral Way; and it is further

        ORDERED that upon assumption of the Settlement Agreement, LBHI shall promptly cure the existing nonmonetary default under the Settlement Agreement by entering into the Sharing Agreement; and it is further

        ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized and empowered to enter into the Sharing Agreement and is authorized to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take all corporate and other actions that may be necessary or appropriate to consummate all of the transactions contemplated by the Proposed Transactions without the necessity or requirement of further court proceedings or approval; and it is further

        ORDERED that upon the cure of the default and the assignment of the Settlement Agreement, Urbanism is forever barred from asserting against LBHI, or the property of LBHI, any default under or administrative expense claim based on the Settlement Agreement, whether arising before or after the assignment; and it is further

US_ACTIVE:\43686332\13\58399.0008        2

ORDERED that all parties to the Settlement Agreement shall forever be barred from asserting any objections with regard to the assumption and assignment thereof; and it is further

ORDERED that upon assumption of the Settlement Agreement and as soon as practicable after LBHI's execution of the Sharing Agreement, Urbanism shall withdraw any motion, action or other assertion based upon the Urbanism Equitable Liens or any other alleged breach or default by LBHI, including Urbanism's motion for leave to revoke consent to the Foreclosure Action, without regard to any alleged existing defaults; and it is further

ORDERED that, upon the assumption and assignment of the Settlement Agreement, LBHI shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, of all further obligations under and any liability resulting from any subsequent breach of the Settlement Agreement; and it is further

ORDERED that, upon the execution of and assignment of the Sharing Agreement, LBHI shall be relieved of all further obligations under and any liability resulting from any subsequent breach of the Sharing Agreement; and it is further

ORDERED that LBHI and/or Coral Way, as applicable, is hereby authorized to resolve, if necessary, the Alleged Encroachment by either paying Urbanism or eliminating the Alleged Encroachment, provided, however, that any decision by LBHI or Coral Way to make a payment to resolve the Alleged Encroachment shall be subject to approval from the Creditors' Committee, upon reasonable notice, if such payment has not been authorized by any other order of the Court; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h) and 6006(d), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any assumption and assignment consummated in the manner set forth herein.

Dated: June ___, 2011
       New York, New York

                                                                         UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT C**

**(Proposed Order – Docket No. 17130)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
: 
In re                                                                               :         Chapter 11 Case No.
                                                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :         08-13555 (JMP)
                                                                                         :
                         Debtors.                                          :         (Jointly Administered)
                                                                                         :
                                                                                         :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION AND 363 OF THE BANKRUPTCY CODE APPROVING THE TERMINATION OF THE SASCO 2008-C2 SECURITIZATION

Upon the motion, dated May 25, 2011 (the "Motion"), of Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Holdings Inc. ("LBHI") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman") pursuant to section 363 of the Bankruptcy Code, for approval of the termination of the SASCO 2008-C2 securitization, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Wells Fargo; (vii) the attorneys for Wachovia; (viii) the attorneys for TriMont; and (ix) all

other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI and LBHI, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion, that is granted; and it is further

ORDERED that pursuant to sections 105 and 363(b) of the Bankruptcy Code, (i) Termination Agreement is approved, and LCPI and LBHI are duly authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the transactions set forth in the Termination Agreement, including, without limitation, the payments to Wells Fargo, the Servicer and TriMont set forth in the Termination Agreement; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Agreement.

Dated: _____, 2011
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE