Hearing Date and Time: June 30, 2011 at 10:00 a.m. (ET)
Response Deadline: June 15, 2011 at 4:00 p.m. (ET)

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.
Ira M. Levee, Esq.
1251 Avenue of the Americas, 18th Floor
New York, New York 10022
212.262.6700 (Telephone)
212.262.7402 (Facsimile)

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Counsel to First Choice Power, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP) (Jointly Administered) |
| Debtors. | Re: Doc. No. 16865 |

**RESPONSE OF FIRST CHOICE POWER, L.P. TO DEBTORS'**
**ONE HUNDRED THIRTY-EIGHTH OBJECTION TO**
**CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

First Choice Power, L.P. ("FCP"), by and through its undersigned counsel, submits this response to the *Debtors' One Hundred Thirty-Eighth Omnibus Objection to Claims (No Liability Derivatives Claims)* [Doc. No. 16865] (the "Objection"), and in support thereof respectfully states:

**RELEVANT BACKGROUND**

1. In or about August 2007, FCP and Lehman Brothers Commodity Services Inc. ("LBCS") entered into an ISDA Master Agreement, dated as of July 26, 2007, as may have been amended, modified or supplemented from time to time with all schedules, exhibits and appendices (the "Master Agreement"). Simultaneously therewith, Lehman Brothers Holdings

Inc. ("LBHI") executed a Guarantee Agreement (the "Guarantee"), whereby LBHI unconditionally and irrevocably guaranteed to FCP the obligations of LBCS under the Master Agreement. Copies of the Master Agreement and Guarantee were uploaded as part of the Derivative Claim Summary and the Guarantee Claim Summary submitted in response to the Derivative Questionnaire and the Guarantee Questionnaire, in accordance with the terms of the Bar Date Order.[1]

2. On September 15, 2008 and thereafter (the "Petition Dates"), LBHI and certain of its subsidiaries, including LBCS, commenced voluntary cases under Chapter 11 of the United States Bankruptcy Code in this Court. The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Fed.R.Bankr.P. 1015(b).

3. By letter dated September 23, 2008 (the "Early Termination Date Notice"), FCP, as the non-defaulting party under the Master Agreement, notified LBCS that an Event of Default under Section 5(a)(vii) of the Master Agreement had occurred and, pursuant to Section 6(a) of the Master Agreement, FCP designated September 24, 2008, as the Early Termination Date in respect of all outstanding transactions under the Master Agreement. Pursuant to the Early Termination Date Notice, FCP reserved all of its rights under the Master Agreement. A copy of the September 23, 2008 letter was uploaded as part of the Derivative Claim Summary pursuant to the Bar Date Order.

4. By letter dated November 5, 2008 (the "Early Termination Amount Notice"), pursuant to the Master Agreement, including Section 6(d) thereof, FCP notified LBCS that FCP calculated that the amount due LBCS from FCP under the Master Agreement as a result of the early termination was $23,300,366.66 (the "Early Termination Amount"). The Early Termination Amount was fully paid to LBCS through a then outstanding Irrevocable Letter of Credit in the amount of $24 million (the "LC") that was posted as collateral in connection with

---

[1] Capitalized terms shall have the meanings ascribed to them in the Objection unless defined otherwise herein.

-2-

FCP's obligations under the Master Agreement. A copy of the November 5, 2008 letter was uploaded as part of the Derivative Claim Summary pursuant to the Bar Date Order. FCP again reserved its rights, including the right to assert any and all claims against the Debtors, arising from the Master Agreement.

5. By virtue of LBCS's post-petition drawdown of the full amount of the LC, despite the fact that the Early Termination Amount was $23,300,366.66, LBCS was overpaid post-petition in the amount of $699,633.34, plus interest, costs and attorneys' fees.

6. On July 2, 2009, this Court entered the Bar Date Order [Doc. No. 4271], which established procedures for filing proofs of claim and supporting documentation for claims based upon Derivative Contracts, such as the Master Agreement. The Bar Date Order further required that claimants complete the Derivative Claim Questionnaire and the Guarantee Claim Questionnaire (if applicable) and provide certain documentation in support of their claims arising under such Derivative Contracts. *See* Objection, ¶¶8 and 9.

7. On September 21, 2009, FCP filed (i) a proof of claim against LBCS [Claim No. 22015], seeking recovery under the Master Agreement (the "LBCS Proof of Claim"), and (ii) a proof of claim against LBHI [Claim No. 22018], seeking recovery under the Guarantee (the "LBHI Proof of Claim", collectively with the LBCS Proof of Claim, the "FCP Claims"), both in unliquidated amounts. An Addendum was attached to each proof of claim reserving FCP's rights to supplement, amend or revise the respective proof of claim as may be necessary or appropriate. The FCP Claims were filed "in an abundance of caution and to the extent that amounts due from LBCS under the ISDA Agreement [and guaranteed by LBHI] or otherwise are subsequently determined to be payable as a general unsecured claim." Addendum to the FCP Claims, ¶4.

8. On October 21, 2009, in accordance with the Bar Date Order, FCP submitted a completed Derivative Claim Summary and a Guarantee Claim Summary. The Derivative Claim Summary included the following supporting documents: the Master Agreement, the Guarantee, the Early Termination Date Notice and the Early Termination

Amount Notice (including back up for the calculation of the Early Termination Amount due LBCS). The Summaries provided that the amount of $723,914.84 was due from LBCS and from LBHI (under the Guarantee) to FCP. The amount represents the amount overdrawn by LBCS with respect to the LC, inclusive of interest and other costs through October 21, 2009. Interest has continued to accrue on the principal amount of FCP's Claims and FCP has since incurred additional costs. FCP maintains that by virtue of the post-petition overdraw on the LC, FCP has an administrative claim in the amount of the overdraw plus interest, costs and attorneys' fees. No bar date has been established for the filing of administrative claims against any of the Debtors.

9. On May 16, 2011, the Debtors filed the Objection seeking to disallow and expunge the FCP Claims because, the Debtors maintain, the FCP Claims "provide no basis of liability as to the Debtors." Objection, ¶2. The Objection further states that "[a]fter a review of [FCP's] supporting documentation and the Debtors' books and records, the Debtors have determined that based on the fair, accurate, and reasonable values of the subject Derivative Contracts (as defined herein) and the netting procedures thereunder, the Debtors do not owe any amount to [FCP], but [FCP may] owe money to the Debtors based upon such Derivative Contracts." Objection, ¶2. FCP denies owing any additional amount to the Debtors.

10. Based only on this review and no competent evidence, the Debtors seek to expunge the FCP Claims in their entirety. The Objection should be overruled.

## RESPONSE

11. Upon the proper filing of a proof of claim, which constitutes "*prima facie* evidence of the validity and amount of the claim," Fed.R.Bankr.P. 3001(f); *see also In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D. N.Y. 2009); *Carey v. Ernst*, 333 B.R. 666, 672 (Bankr. S.D. N.Y. 2005), the burden to prove that the claim is invalid shifts to the party objecting to the claim. *Carey*, 333 B.R. at 672; *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. 2008). The claim objection must be supported by "substantial evidence."

-4-

*Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.)*, 993 F.2d 915, 925 (1st Cir. 1993). If the objection satisfies that level of proof, the burden reverts back to the claimant to prove the validity of the claim. *Alper Holdings*, *supra*, at *10.

12. The Debtors have provided no "substantial evidence" sufficient to expunge the FCP Claims in their entirety.

13. As previously stated (¶7, *supra*), FCP filed the FCP Claims "in an abundance of caution . . . to the extent amounts due from LBCS [and guaranteed by LBHI] under the [Master] Agreement or otherwise are subsequently determined to be payable to [FCP] *as a general unsecured claim*." FCP Claims, Addendum, ¶4 (emphasis added).

14. Moreover, to the extent the FCP Claims are expunged pursuant to the Objection (which should not occur), it should be without prejudice to FCP's right to assert an administrative claim based upon the amounts ultimately determined to be due and owing to FCP by virtue of the post-petition overdraw. As stated in the FCP Claims and the Summaries, FCP asserts an administrative claim against both LBCS and LBHI (on the Guarantee) in the amount of $723,914.84, representing the amount overdrawn from the LC, plus interest, costs and attorneys' fees, as of October 21, 2009. Interest, costs and attorneys' fees continue to accrue until payment is made.

15. Therefore, while there is no evidentiary basis to expunge the FCP Claims, any such expungement, to the extent ultimately justified and supported by substantial evidence, should be without prejudice to, and should not impact in any way, FCP's right to assert an administrative claim based upon amounts due by virtue of the overdraw on the LC. If it is determined that the amount to be returned to FCP under the LC is not entitled to administrative status, but is a general unsecured claim (which FCP disputes), then any order entered expunging the FCP Claims should be without prejudice to FCP's right to assert such claim as a general unsecured claim.

## CONCLUSION

16. Based upon the foregoing, FCP respectfully requests entry of an Order overruling and denying the Objection and granting such other and further relief as the Court deems just and proper.

17. FCP reserves the right to supplement and/or amend this Response, and to the extent an evidentiary hearing is necessary in respect of the FCP Claims or such other claims as may be asserted by FCP, FCP reserves the right to request such a hearing.

Dated: June 15, 2011　　　　　　　　　　**LOWENSTEIN SANDLER PC**
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　By: /s/ *Michael S. Etkin*
　　　　　　　　　　　　　　　　　　　　Michael S. Etkin, Esq.
　　　　　　　　　　　　　　　　　　　　Ira M. Levee, Esq.
　　　　　　　　　　　　　　　　　　　　1251 Avenue of the Americas, 18th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10022

　　　　　　　　　　　　　　　　　　　　-- and --

　　　　　　　　　　　　　　　　　　　　65 Livingston Avenue
　　　　　　　　　　　　　　　　　　　　Roseland, New Jersey 07068
　　　　　　　　　　　　　　　　　　　　973.597.2500 (Telephone)
　　　　　　　　　　　　　　　　　　　　973.597.2400 (Facsimile)

　　　　　　　　　　　　　　　　　　　　*Counsel to First Choice Power, L.P.*