UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
------------------------------------------------------------------x

### <u>AMENDED</u> ORDER GRANTING LEHMAN BROTHERS SPECIAL FINANCING INC.'S MOTION, PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE, FOR AUTHORIZATION TO PAY ADMINISTRATIVE AND LEGAL FEES AND EXPENSES OF CERTAIN SPECIAL PURPOSE VEHICLES

Upon the motion, dated May 24, 2011 (the "<u>Motion</u>"), of Lehman Brothers Special Financing Inc. ("<u>LBSF</u>"), as debtor-in-possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "<u>Debtors</u>"), to amend the order, entered on March 24, 2010 [Docket No. 7787] (the "<u>Initial Order</u>"), authorizing LBSF, pursuant to sections 105(a) and 363(b)(1) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 6004(h) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to pay administrative and legal fees and expenses of certain special purpose vehicles incorporated in the Cayman Islands (the "<u>Cayman SPVs</u>"), all as more fully described in the Motion; and upon LBSF's Motion, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 6004 of the Bankruptcy Rules, for Authorization to Pay Administrative and Legal Fees of Certain Special Purpose Vehicles [Docket No 7230] (the "<u>Initial Motion</u>"); and upon the declaration of Robert Hershan, dated February 23, 2010, in support of the Initial Motion [Docket No. 7231]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to pay $604,994 to Maples Finance Limited and $103,242 to Maples and Calder; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code, LBSF is authorized, but not required, to make any additional payments (the "Future Fees") on behalf of (i) the Cayman SPVs with respect to the transactions set forth in Exhibit A hereto and (ii) any Cayman SPV(s) with respect to any transaction(s) not set forth in Exhibit A hereto as deemed necessary by LBSF, in each case in accordance with the following Notice Procedures:

- Prior to paying any Future Fees, LBSF will provide written notice ("Notice") to the Creditors' Committee describing the nature and the amount of the proposed Future Fees.

2

- The Creditors' Committee will have five (5) business days from the date on which the Notice is sent to the Creditors' Committee to object to the proposed payment of such fees. Any objection must be in writing and delivered to the attorneys for LBSF so as to be received on or before the fifth business day after the Notice is received.

- If no written objection is received by LBSF's counsel in accordance with the procedures herein, LBSF is authorized to pay the proposed Future Fees and payment shall be deemed fully authorized by the Court under the terms of the Order approving this Motion and no further notice or Court approval will be required or necessary.

- If the Creditors' Committee delivers a timely written objection to the proposed payment of the Future Fees, LBSF and the Creditors' Committee will use good faith efforts to resolve the objection. If LBSF and the Creditors' Committee are unable to achieve consensual resolution, LBSF will not proceed with the proposed payment of the Future Fees pursuant to these procedures, but may seek Court approval of the proposed payment upon an expedited notice and hearing, subject to the Court's availability.

- Nothing in the foregoing procedures will prevent LBSF, in its sole discretion, from seeking, upon notice and hearing, the Court's approval of any proposed payment of Future Fees, including on an expedited basis; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
         June 16, 2011

                                               *s/ James M. Peck*
                                               HONORABLE JAMES M. PECK
                                               UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

| Issuer name | MFL Fees | M&C Fees | Terminated | Liquidated |
|---|---:|---:|:---:|:---:|
| 801 Grand CDO SPC | $ 26,717.55 | $ 17,083.73 | | |
|   801 GRAND CDO SPC SERIES 2006-1 | | | Y | Y |
|   801 GRAND CDO SPC SERIES 2006-2 | | | Y | Y |
| Penn's Landing CDO SPC | $ 27,126.82 | $ 480.09 | Y | Y |
| Securitized Product of Restructured Collateral Limited SPC | $ 27,947.36 | $ 38,770.20 | | |
|   SEGREGATED PORTFOLIO SPRC D-FORCE LLC SERIES 2007-1 | | | Y | N |
|   SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A1 | | | Y | Y |
|   SECURITIZED PRODUCT OF RESTRUCTURED COLLATERAL LTD SPC - SERIES 2007-1 FEDERATION A2 | | | Y | Y |
|   THE SERIES 2007-1 TABXSPOKE SEGREGATED PORTFOLIO - | | | Y | N |
| Copper Creek CDO SPC | $ 26,107.08 | $ 2,577.71 | Y | Y |
| Lakeview CDO SPC | $ 26,435.33 | $ 10,107.49 | | |
|   LAKEVIEW CDO 2007-2 | | | Y | Y |
|   LAKEVIEW CDO SPC 2007-1 | | | Y | Y |
|   LAKEVIEW CDO SPC 2007-3 | | | Y | Y |
|   LAKEVIEW CDO SPC SERIES 2007-4 SEGREGATED PORTFOLIO | | | Y | |
| Alta CDO SPC | $ 28,957.08 | $ 8,699.83 | | |
|   ALTA CDO 2007-1 LTD | | | Y | Y |
|   ALTA CDO SPC SERIES 2007-2 SEGREGATED PORTFOLIO | | | Y | Y |
| Greystone CDO SPC | $ 26,253.86 | $ 6,113.49 | | |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-2 | | | Y | Y |
|   GREYSTONE CDO LIMITED SPC SERIES 2006-3 | | | Y | N |
|   GREYSTONE CDO SPC SERIES 2008-4 SEGREGATED PORTFOLIO | | | Y | N |
| Cherry Hill CDO SPC | $ 26,551.82 | $ - | | |
|   CHERRY HILL CDO SPC 2007-1 | | | Y | Y |
|   CHERRY HILL CDO SPC 2007-2 | | | Y | Y |
| Pantera Vive CDO SPC | $ 22,665.86 | $ - | Y | Y |
| Stowe CDO SPC | $ 28,149.32 | $ 15,981.55 | | |
|   STOWE CDO LIMITED SPC SERIES 2006-1 | | | Y | Y |
|   STOWE CDO SPC SERIES 2008-1 SEGREGATED PORTFOLIO | | | Y | N |
|   STOWE CDO SPC SERIES 2008-2A SEGREGATED PORTFOLIO | | | Y | Y |
| Solar V CDO SPC | $ 26,104.27 | $ - | Y | Y |
| Barton Springs CDO SPC | $ 23,615.23 | $ - | | |
|   BARTON SPRINGS CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
|   BARTON SPRINGS CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Fullerton Drive CDO Limited | $ 19,610.21 | $ - | Y | Y |
| Stony Hill CDO SPC | $ 22,936.43 | $ - | N | N |
| Jefferson Valley CDO SPC | $ 22,616.77 | $ - | Y | Y |
| Tavares Square CDO Limited | $ 19,358.32 | $ - | Y | Y |
| Tradewinds II CDO SPC | $ 22,179.27 | $ - | Y | N |
| Vox Place CDO Limited | $ 19,357.67 | $ - | Y | Y |
| Blue Point CDO SPC | $ 23,617.29 | $ 2,399.09 | | |
|   BLUE POINT CDO LIMITED SPC SERIES 2005-1 | | | Y | Y |
|   BLUE POINT CDO LIMITED SPC SERIES 2005-2 | | | Y | Y |
| Freedom Park CDO Series 2005-1 Limited | $ 12,481.38 | $ - | Y | Y |
| Sunset Park CDO Limited SPC | $ 27,947.17 | $ - | | |
| Sunset Park CDO-M Limited SPC | $ 23,223.01 | $ - | | |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-1 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-2 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2004-4 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2005-3 | | | Y | Y |
|   SUNSET PARK CDO LIMITED SPC SERIES 2005-5 | | | Y | Y |
| Sunset Park CDO Series 2005-6 Limited | $ 13,118.77 | $ - | Y | Y |
| Kings River Limited | $ 19,244.14 | $ - | Y | Y |
| Robania CDO Limited | $ 8,561.43 | $ - | Y | Y |
| Taylor Creek Limited | $ 16,036.88 | $ 1,028.52 | Y | Y |
| Crown City CDO 2005-1 Limited | $ 9,056.79 | $ - | Y | Y |
| Crown City CDO 2005-2 Limited | $ 9,016.91 | $ - | Y | Y |
| **Total** | **$ 604,994** | **$ 103,242** | | |