UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                              :      Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :      08-13555 (JMP)
                                                   :
                          Debtors.                 :      (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING MOTION OF LEHMAN BROTHERS HOLDINGS INC., PURSUANT TO SECTIONS 363 AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6004, 6006 AND 9014, FOR AUTHORIZATION TO ASSUME AND ASSIGN SETTLEMENT AGREEMENT AND TO ENTER INTO SHARING AGREEMENT WITH URBANISM-CORAL WAY, LLC

Upon the motion, dated May 25, 2011 (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors"), pursuant to sections 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume and assign a Settlement Agreement and to enter into a Sharing Agreement with Urbanism-Coral Way LLC ("Urbanism"), all as more fully described in the Motion; and upon the Declaration of Craig Burns filed in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estates and its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

> ORDERED that the Motion is granted; and it is further

> ORDERED that pursuant to sections 365(a), (b) and (f) of the Bankruptcy Code, LBHI is hereby authorized to assume the Settlement Agreement and, immediately upon assumption, assign its interests therein to Coral Way; and it is further

> ORDERED that upon assumption of the Settlement Agreement, LBHI shall promptly cure the existing nonmonetary default under the Settlement Agreement by entering into the Sharing Agreement; and it is further

> ORDERED that, pursuant to section 363 of the Bankruptcy Code, LBHI is authorized and empowered to enter into the Sharing Agreement and is authorized to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take all corporate and other actions that may be necessary or appropriate to consummate all of the transactions contemplated by the Proposed Transactions without the necessity or requirement of further court proceedings or approval; and it is further

> ORDERED that upon the cure of the default and the assignment of the Settlement Agreement, Urbanism is forever barred from asserting against LBHI, or the property of LBHI, any default under or administrative expense claim based on the Settlement Agreement, whether arising before or after the assignment; and it is further

ORDERED that all parties to the Settlement Agreement shall forever be barred from asserting any objections with regard to the assumption and assignment thereof; and it is further

ORDERED that upon assumption of the Settlement Agreement and as soon as practicable after LBHI's execution of the Sharing Agreement, Urbanism shall withdraw any motion, action or other assertion based upon the Urbanism Equitable Liens or any other alleged breach or default by LBHI, including Urbanism's motion for leave to revoke consent to the Foreclosure Action, without regard to any alleged existing defaults; and it is further

ORDERED that, upon the assumption and assignment of the Settlement Agreement, LBHI shall be relieved, pursuant to section 365(k) of the Bankruptcy Code, of all further obligations under and any liability resulting from any subsequent breach of the Settlement Agreement; and it is further

ORDERED that, upon the execution of and assignment of the Sharing Agreement, LBHI shall be relieved of all further obligations under and any liability resulting from any subsequent breach of the Sharing Agreement; and it is further

ORDERED that LBHI and/or Coral Way, as applicable, is hereby authorized to resolve, if necessary, the Alleged Encroachment by either paying Urbanism or eliminating the Alleged Encroachment, provided, however, that any decision by LBHI or Coral Way to make a payment to resolve the Alleged Encroachment shall be subject to approval from the Creditors' Committee, upon reasonable notice, if such payment has not been authorized by any other order of the Court; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h) and 6006(d), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any assumption and assignment consummated in the manner set forth herein.

Dated: New York, New York
       June 16, 2011

                                                    *s/ James M. Peck*
                                                    HONORABLE JAMES M. PECK
                                                    UNITED STATES BANKRUPTCY JUDGE