**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                :
**In re**                                                       :    Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                    :    08-13555 (JMP)
                                                                :
                    Debtors.                                    :    (Jointly Administered)
                                                                :
-------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND ORDER BETWEEN
VERIFONE SYSTEMS, INC. AND LEHMAN BROTHERS OTC
DERIVATIVES INC. REGARDING REJECTION OF A DERIVATIVE
<u>CONTRACT AND ALLOWANCE OF REJECTION DAMAGES CLAIM</u>**

This stipulation, agreement, and order (the "<u>Stipulation, Agreement and Order</u>") is entered into by and between the VeriFone Systems, Inc. (formerly known as VeriFone Holdings, Inc.) ("<u>VeriFone</u>") and Lehman Brothers OTC Derivatives Inc. ("<u>LOTC</u>"), as debtor and debtor in possession. LOTC and VeriFone are collectively referred to in this Stipulation, Agreement and Order as the "<u>Parties</u>" and each a "<u>Party</u>."

RECITALS

A. Commencing on September 15, 2008 (as applicable, the "<u>Commencement Date</u>") and periodically thereafter, Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and certain of its subsidiaries, including LOTC (collectively, the "<u>Debtors</u>"), commenced voluntary cases (the "<u>Chapter 11 Cases</u>") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"). LOTC commenced its Chapter 11 Case on October 3, 2008.

B. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedures ("Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.	LOTC and VeriFone are parties to a convertible note hedge transaction that is evidenced by a long form confirmation dated June 18, 2007, which supplements, forms part of and is subject to an agreement in the form of the 1992 ISDA Master Agreement (the "Convertible Note Hedge Transaction"), a copy of which is attached hereto as Exhibit A.  Pursuant to the Convertible Note Hedge Transaction, LOTC agreed to deliver VeriFone shares to VeriFone upon the terms and conditions specified in the confirmation in exchange for a premium paid to LOTC on the effective date of the Convertible Note Hedge Transaction.  LBHI acted as credit support provider for LOTC's obligations under the Convertible Note Hedge Transaction.

D.	LOTC and VeriFone are also parties to a warrant transaction that is evidenced by a long form confirmation dated June 18, 2007, which supplements, forms part of and is subject to an agreement in the form of the 1992 ISDA Master Agreement and an amendment to the Warrant Transaction dated June 21, 2007 (the "Warrant Transaction").  Pursuant to the Warrant Transaction, VeriFone agreed to deliver VeriFone shares to LOTC upon the terms and conditions specified in the confirmation in exchange for a premium paid to VeriFone on the effective date of the Warrant Transaction.

E.	The Parties agree that the Warrant Transaction has not been terminated.  LOTC intends to assign its rights and obligations under the Warrant Transaction to a third-party for a one-time cash payment to LOTC.  VeriFone objects to LOTC's attempted assignment of the Warrant Transaction.

F.	The termination of the Convertible Note Hedge Transaction is disputed by the

2

Parties.

G.   The Parties wish to compromise their differences, resolve their disagreements and avoid litigation pursuant to the terms and conditions set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1.   The recitals set forth above are incorporated as if fully set forth herein.

2.   The Convertible Note Hedge Transaction is hereby rejected by LOTC pursuant to section 365(a) of the Bankruptcy Code.

3.   Subject to paragraph 4 below and the consummation of a transaction for the assignment of LOTC's interest in the Warrant Transaction, VeriFone shall have an allowed unsubordinated non-priority general unsecured claim against LOTC only in the amount of $9,000,000 (the "Allowed Claim"), in full and complete satisfaction of all claims of VeriFone against the Debtors, including LBHI, in respect of the Convertible Note Hedge Transaction. Notwithstanding the foregoing, the treatment of the Allowed Claim shall be subject to the terms of a confirmed plan in the Debtors' Chapter 11 Cases or otherwise under the Bankruptcy Code.

4.   VeriFone agrees not to assert any objection to LOTC's assignment of the Warrant Transaction to an assignee of LOTC's choosing and to consent to and execute a novation agreement documenting such assignment on the same economic terms as the Warrant Transaction immediately upon request of LOTC. The Parties further agree that the assignment of the Warrant Transaction may be completed in accordance with and subject to the terms of the *Order Approving Consensual Assumption and Assignment of Prepetition Derivative Contracts*, entered on January 28, 2009 [Docket No. 2667].

5.   Upon the consummation of an assignment transaction for LOTC's interest in the

3

Warrant Transaction, VeriFone shall file a proof of claim against LOTC consistent with the terms of the Stipulation, Agreement and Order for the Allowed Claim (the "Proof of Claim"), which shall be deemed timely allowed and no longer subject to objection by the Debtors, their successors or assigns or any party acting on behalf of the Debtors.

6. Upon the allowance of the Proof of Claim in accordance with paragraph 5 above, each Party on behalf of itself and any other party, person or entity claiming under or through it, hereby generally releases, discharges and acquits each other Party, and their current and former agents, servants, officers, directors, shareholders, employees, subsidiaries, divisions, branches, units, affiliates, parents, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Released Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, other than the rights and obligations of the Parties set forth under this Stipulation, Agreement and Order and with respect to the Allowed Claim, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, intentional torts, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that such releasing Party ever had or claimed to have or now has or claims to have presently or at any future date, against any Released Party arising under or related to the Convertible Note Hedge Transaction. For the avoidance of doubt, the Parties are not releasing herein their rights, claims and defenses with respect to the Warrant Transaction.

7. The Debtors' and Verifone's obligations under this Stipulation, Agreement and

4

Order are subject to (a) the approval of the Bankruptcy Court and (b) the consummation of an assignment transaction for LOTC's interest in the Warrant Transaction, in each case, on or prior to July 29, 2011 or such later date as may be mutually agreed to by the Parties. In the event that (i) the Bankruptcy Court does not approve this Stipulation, Agreement and Order or (ii) an assignment transaction for LOTC's interest in the Warrant Transaction has not been consummated on or prior to July 29, 2011 or such later date as may be mutually agreed to by the Parties, this Stipulation, Agreement and Order shall be null and void and of no force and effect, it shall not have any res judicata or collateral estoppel effect against the Parties, and each of the Parties' respective interests, rights, remedies and defenses shall be restored without prejudice as if this Stipulation, Agreement and Order had never been executed. For the avoidance of doubt, no further Bankruptcy Court approval shall be required for the Parties to agree to extend the deadline to consummate a transaction for the assignment of LOTC's interest in the Warrant Transaction.

8.  Other than the Debtors with respect to paragraph 3 and a Released Party with respect to paragraph 6, this Stipulation, Agreement and Order is solely for the benefit of the Parties (and their successors and assigns) and not for any other person or entity and no such person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation, Agreement and Order.

9.  This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

10. Each person who executes the Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such

5

Party.

11. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, or facsimiles signed by the Parties here to be charged.

12. This Stipulation, Agreement and Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

13. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

| | |
|---|---|
| Dated: June 3, 2011<br>New York, New York | Dated: June 3, 2011<br>New York, New York |
| SULLIVAN & CROMWELL LLP | WEIL, GOTSHAL & MANGES LLP |
| By: /s/ Andrew G. Dietderich | By: /s/ Robert J. Lemons |
| Andrew G. Dietderich, Esq.<br>125 Broad Street<br>New York, New York 10004<br>Tel: 212-558-3830<br>Fax: 212-558-3588 | Robert J. Lemons, Esq.<br>767 Fifth Avenue<br>New York, New York 10153<br>Tel: 212-310-8000<br>Fax: 212-310-8007 |
| *Attorneys for VeriFone Systems, Inc.* | *Attorneys for the Debtors and Debtors in Possession* |

**SO ORDERED:**

Dated: New York, New York
        June 16, 2011

                                       *s/ James M. Peck*
                                       HONORABLE JAMES M. PECK
                                       UNITED STATES BANKRUPTCY JUDGE