WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER BETWEEN LEHMAN COMMERCIAL PAPER INC. AND CERTAIN SUNCAL VOLUNTARY DEBTOR ENTITIES GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Lehman Commercial Paper Inc. ("LCPI") and the Subject Voluntary Debtors[1] (the "Subject Voluntary Debtors" together with LCPI, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order and represent and agree as follows:

### RECITALS

A.  On September 15, 2008 and periodically thereafter (the "Commencement Date"), Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States

---

[1] The "Subject Voluntary Debtors" are Palmdale Hills Property, LLC, Acton Estates, LLC, SunCal Bickford Ranch LLC, SunCal Emerald Meadows, LLC, SunCal Summit Valley, LLC and Tesoro SF, LLC.

Code ("Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  The Subject Voluntary Debtors are currently debtors whose chapter 11 cases (the "California Bankruptcy Cases") are pending in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").

C.  The Parties have negotiated and filed a stipulation with the California Bankruptcy Court (a copy of which is annexed hereto as Exhibit "1") (the "California Stipulation").  The Parties request the Court modify the automatic stay, to the extent it applies.

D.  The Parties hereto have agreed to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1.  This Stipulation, Agreement and Order is hereby approved without necessity or requirement of further proceedings or Court approval.

2.  The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified solely to permit LCPI to enter into the California Stipulation and undertake any actions contemplated to be taken by LCPI in connection therewith; *provided that,* nothing in this Stipulation, Agreement and Order shall require any party hereto to enter into the California Stipulation.

3.  Except as provided in paragraph 2, and to the extent the automatic stay applies,

the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from LCPI's estate and/or assets or property of LCPI (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Notwithstanding anything to the contrary herein, this Stipulation, Agreement and Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein. Specifically, and for the avoidance of doubt, the Parties reserve all rights in connection with the Alleged Unencumbered Cash (as defined in the California Stipulation) and all aspects of pending litigation among the Parties, including, without limitation, any matters involving equitable subordination or substantive consolidation.

5. This Stipulation, Agreement and Order is solely for the benefit of the Parties and not for any other person or entity, and no such other person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation, Agreement and Order.

6. Each person who executes this Stipulation, Agreement and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

7. This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

8. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the parties hereto.

9. This Stipulation, Agreement and Order shall be effective immediately upon its

entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

      10.    The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: May 25, 2011

| **WEIL, GOTSHAL & MANGES LLP** | **WINTHROP COUCHOT PROFESSIONAL CORPORATION** |
|---|---|
| /s/ Alfredo R. Pérez | /s/ Peter W. Lianides |
| Alfredo R. Pérez | Paul J. Couchot |
| 700 Louisiana Street, Suite 1600 | Peter W. Lianides |
| Houston, Texas 77002 | 660 Newport Center Drive, Fourth Floor |
| Telephone: (713) 546-5000 | Newport Beach, CA 92660 |
| Facsimile: (713) 224-9511 | Telephone: (949) 720-4100 |
|  | Facsimile: (949)720-4111 |
| Attorneys for Debtors and Debtors in Possession | Attorneys for the Subject Voluntary Debtors |

**SO ORDERED:**

Dated: New York, New York
      June 16, 2011

                                  *s/ James M. Peck*
                            HONORABLE JAMES M. PECK
                            UNITED STATES BANKRUPTCY JUDGE

4