**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (JMP)
                                            :
                      Debtors.              :    (Jointly Administered)
                                            :
------------------------------------------------------------------x
```

**ORDER PURSUANT TO SECTIONS 363 AND 105(a) OF**
**THE BANKRUPTCY CODE GRANTING AUTHORITY TO**
**LEHMAN BROTHERS HOLDINGS INC. TO (I) SELL TWO PORTFOLIOS OF**
**GINNIE MAE REVERSE MORTGAGE LOANS TO METLIFE AND (II) ASSIGN**
**ALL RIGHTS AND DELEGATE ALL OBLIGATIONS THEREUNDER**

Upon the motion, dated May 24, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as debtor in possession (together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), for an order pursuant to sections 363 and 105(a) of title 11 of the United States Code (the "Bankruptcy Code") authorizing LBHI to (a) enter into the Sale Agreement pursuant to which LBHI will sell to MetLife (i) the unsecuritized balances of certain reverse home equity conversion mortgage loans currently in securitizations, (ii) those loans with respect to which the participation interests therein have been repurchased by LBHI prior to the execution of the Sale Agreement, and (iii) those loans with respect to which the participation interests therein are repurchased by LBHI after the execution of the Sale Agreement, but prior to the consummation of the transactions set forth in the Sale Agreement and (b) consummate the transactions contemplated in the Sale Agreement, all as more fully

---

[1] Any capitalized term used but not defined herein shall have the meaning ascribed to such term in the Motion.

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest, and that MetLife has in good faith bid upon the HECM Loans and negotiated the terms of the Sale Agreement at arms' length and is entitled to the protections of a good-faith purchaser under section 363(m) of the Bankruptcy Code, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI is authorized and empowered to enter into the Sale Agreement substantially in the form described in the Motion and filed with this Court prior to the Hearing and any ancillary and related documents and agreements and to consummate the transactions contemplated thereby; and it is further

ORDERED that LBHI is authorized and empowered to make non-substantive changes to the Sale Agreement without further approval; and it is further

ORDERED that LBHI is authorized and empowered to execute, deliver, implement, and perform any and all obligations, instruments, documents and papers, and to take any and all corporate and other actions that may be necessary or appropriate to enter into the Sale Agreement, and all other related documents and agreements; and it is further

ORDERED that LBHI is authorized and empowered to sell (a) the HMBS Loans, subject only to the participation interests in the HMBS Loans under the Securitization, (b) the Lehman Loans, and (c) the Additional Lehman Loans pursuant to the terms of the Sale Agreement, in each case free and clear of liens, claims and encumbrances other than as permitted under the Sale Agreement, with any such liens, claims or encumbrances attaching to the proceeds of the sale; and it is further

ORDERED that nothing in the Motion or in this Order shall modify or amend any terms and conditions of the Sale Agreement, or any related documents or agreements; and it is further

ORDERED that MetLife is granted the protections afforded to a good-faith purchaser of assets under section 363(m) of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that Debtors are authorized to comply with each provision of the Sale Agreement; and it is further

ORDERED that notwithstanding entry of this Order, all other rights, claims and defenses of each of the Debtors are reserved vis a vis each other with respect to the transactions contemplated by the Sale Agreement.

Dated: New York, New York
      June 16, 2011

                                       *s/ James M. Peck*
                                       HONORABLE JAMES M. PECK
                                       UNITED STATES BANKRUPTCY JUDGE