Page 1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case Nos. 08-13555(JMP)

5

6  - - - - - - - - - - - - - - - - - - - -x

7  In the Matter of:

8

9  LEHMAN BROTHERS HOLDINGS INC., et al.

10

11            Debtors.

12

13  - - - - - - - - - - - - - - - - - - - -x

14            United States Bankruptcy Court

15            One Bowling Green

16            New York, New York

17

18            June 2, 2011

19            10:06 AM

20

21  B E F O R E:

22  HON. JAMES M. PECK

23  U.S. BANKRUPTCY JUDGE

24

25

Page 2

1

2    MATTER re Objection to Proof of Claim No. 66462 of JPMorgan

3    Chase Bank, N.A. to the Extent it Asserts Claims Acquired from

4    Washington Mutual Bank, FA Post-Petition are Secured

5    (Misclassified Claim)

6

7    MATTER re Debtors' Eighth Omnibus Objection to Claims (Amended

8    and Superseded Claims)

9

10   MATTER re Debtors' Thirty-Fifth Omnibus Objection to Claims

11   (Valued Derivative Claims)

12

13   MATTER re Debtors' Sixty-Seventh Omnibus Objection to Claims

14   (Valued Derivative Claims)

15

16   MATTER re Debtors' Ninety-Fifth Omnibus Objection to Claims

17   (Valued Derivative Claims)

18

19   MATTER re Debtors' One Hundred Third Omnibus Objection to

20   Claims (Valued Derivative Claims)

21

22   MATTER re Debtors' One Hundred Sixth Omnibus Objection to

23   Claims (Amended and Superseded Claims)

24

25

Page 3

1

2    MATTER re Debtors' One Hundred Eleventh Omnibus Objection to

3    Claims (No Liability Claims)

4

5    MATTER re Debtors' One Hundred Twelfth Omnibus Objection to

6    Claims (Invalid Blocking Number LPS Claims)

7

8    MATTER re Debtors' One Hundred Seventeenth Omnibus Objection to

9    Claims (No Liability Non-Debtor Employee Claims)

10

11    MATTER re Debtors' One Hundred Eighteenth Omnibus Objection to

12    Claims (to Reclassify Proofs of Claim as Equity Interests)

13

14    MATTER re Debtors' One Hundred Nineteenth Omnibus Objection to

15    Claims (Amended and Superseded Claims)

16

17    MATTER re Debtors' One Hundred Twentieth Omnibus Objection to

18    Claims (No Blocking Number LPS Claims)

19

20    MATTER re Debtors' One Hundred Twenty-First Omnibus Objection

21    to Claims (To Reclassify Proofs of Claim as an Equity Interest)

22

23    MATTER re Debtors' One Hundred Twenty-Second Omnibus Objection

24    to Claims (No Liability Claims)

25

 1

 2   MATTER re Debtors' One Hundred Twenty-Third Omnibus Objection

 3   to Claims (Duplicative Claims)

 4

 5   MATTER re Debtors' One Hundred Twenty-Fourth Omnibus Objection

 6   to Claims (No Supporting Documentation Claims)

 7

 8   MATTER re Debtors' One Hundred Twenty-Sixth Omnibus Objection

 9   to Claims (Partially Settled Guarantee Claims)

10

11   MATTER re Debtors' One Hundred Twenty-Seventh Omnibus Objection

12   to Claims (Settled Derivatives Claims)

13

14   MATTER re Debtors' One Hundred Twenty-Eighth Omnibus Objection

15   to Claims (Settled Derivatives Claims)

16

17   MATTER re Debtors' One Hundred Twenty-Ninth Omnibus Objection

18   to Claims (No Liability Derivatives Claims)

19

20   MATTER re Debtors' One Hundred Thirtieth Omnibus Objection to

21   Claims (To Reclassify Proofs of Claim as an Equity Interest)

22

23   MATTER re Debtors' One Hundred Thirty-First Omnibus Objection

24   to Claims (To Reclassify Proofs of Claim as an Equity Interest)

25

1

2    MATTER re Debtors' One Hundred Thirty-Second Omnibus Objection

3    to Claims (Valued Derivative Claims)

4

5    MATTER re Debtors' Forty-First Omnibus Objection to Claims

6    (Late-Filed Claims)

7

8    MATTER re Debtors' Forty-Second Omnibus Objection to Claims

9    (Late-Filed Lehman Programs Securities Claims)

10

11   MATTER re Debtors' Forty-Third Omnibus Objection to Claims

12   (Late-Filed Lehman Programs Securities Claims)

13

14   MATTER re Debtors' Seventy-Fourth Omnibus Objection to Claims

15   (To Reclassify Proofs of Claim as Equity Interests)

16

17   MATTER re Debtors' Seventy-Fifth Omnibus Objection to Claims

18   (To Reclassify Proofs of Claim as Equity Interests)

19

20

21

22

23

24

25   Transcribed by:  Lisa Bar-Leib

Page 6

1

2   A P P E A R A N C E S :

3   WEIL, GOTSHAL & MANGES LLP

4        Attorneys for Debtors and Debtors-in-Possession

5        767 Fifth Avenue

6        New York, NY 10153

7

8   BY:   CHRISTINA M. TRAPANI, ESQ.

9        MARK BERNSTEIN, ESQ.

10

11  WEIL, GOTSHAL & MANGES LLP

12       Attorneys for Debtors and Debtors-in-Possession

13       200 Crescent Court

14       Suite 300

15       Dallas, TX 75201

16

17  BY:   SARAH MOORE DECKER, ESQ.

18       ERIN D. ECKOLS, ESQ.

19

20

21

22

23

24

25

**Page 7**

1

2    MILBANK, TWEED, HADLEY & MCCLOY LLP

3         Attorneys for the Official Committee of Unsecured

4          Creditors

5         One Chase Manhattan Plaza

6         New York, NY 10005

7

8    BY:   BRADLEY S. FRIEDMAN, ESQ.

9         DENNIS C. O'DONNELL, ESQ.

10

11   QUINN EMANUEL URQUHART & SULLIVAN LLP

12        Special Counsel to the Official Committee of Unsecured

13         Creditors

14        51 Madison Avenue

15        22nd Floor

16        New York, NY 10010

17

18   BY:   JAMES C. TECCE, ESQ.

19

20

21

22

23

24

25

Page 8

1

2    CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

3         Attorneys for Plaintiff Lehman Brothers Holdings Inc.

4         101 Park Avenue

5         New York, NY 10178

6

7    BY:   L.P. HARRISON 3RD, ESQ.

8         CINDI M. GIGLIO, ESQ.

9

10   STROOCK & STROOCK & LAVAN LLP

11        Attorneys for Louis Dreyfus Energy Services L.P.

12        180 Maiden Lane

13        New York, NY 10038

14

15   BY:   MERYL L. ROTHCHILD, ESQ.

16

17   VENABLE LLP

18        Attorneys for SAMPO Bank PLC

19        1270 Avenue of the Americas

20        Twenty-Fifth Floor

21        New York, NY 10020

22

23   BY:   RISHI KAPOR, ESQ.

24

25

Page 9

1

2    WACHTELL, LIPTON, ROSEN & KATZ LLP

3         Attorneys for Movant/Defendant JPMorgan Chase Bank, N.A.

4         51 West 52nd Street

5         New York, NY 10019

6

7    BY:   HAROLD S. NOVIKOFF, ESQ.

8

9    BAKER & HOSTETLER LLP

10        Attorneys for Grupo Serre Rangel

11        Washington Square

12        Suite 1100

13        1050 Connecticut Avenue, NW

14        Washington, DC 20036

15

16   BY:   DONALD A. WORKMAN, ESQ.

17        (TELEPHONICALLY)

18

19

20

21

22

23

24

25

Page 10

```
 1

 2    CHAPMAN & CUTLER LLP

 3          Attorneys for U.S. Bank, N.A.

 4          111 West Monroe Street

 5          Chicago, IL 60603

 6

 7    BY:   JAMES HEISER, ESQ.

 8          FRANKLIN H. TOP III, ESQ.

 9          (TELEPHONICALLY)

10

11    LAW OFFICE OF JAMES K. OPENSHAW

12          Attorney for California Department of Water Resources

13          9827 Fair Oaks Blvd

14          Suite B

15          Fair Oaks, CA 95628

16

17    BY:   JAMES K. OPENSHAW, ESQ.

18          (TELEPHONICALLY)

19

20

21

22

23

24

25
```

1

2    MONARD-D'HULST

3         Attorneys for Roger VanDebroek

4         Gouverneur Roppesingel 131

5         3500 Hasselt

6

7    BY:   THOMAS VANDERMISSEN, ESQ.

8         (TELEPHONICALLY)

9

10   STUTMAN, TREISTER & GLATT

11        Attorneys for Stutman, Treister & Glatt; Perry Capital

12        1901 Avenue of the Stars

13        12th Floor

14        Los Angeles, CA 90067

15

16   BY:   MICHAEL NEUMEISTER, ESQ.

17        (TELEPHONICALLY)

18

19

20

21

22

23

24

25

Page 12

1

2    ALSO APPEARING:

3    CALIFORNIA DEPARTMENT OF WATER RESOURCES

4         2033 Howe Avenue

5         Suite 220

6         Sacramento, CA 95825

7

8    BY:   RUSSELL C. MILLS, CHIEF FINANCIAL OFFICER

9         (TELEPHONICALLY)

10

11   SARAH M. FILBEE, Claimant

12        107 Maze Hill

13        London

14        SE108XQ

15        UNITED KINGDOM

16

17   BY:   SARAH M. FILBEE, PRO SE

18        (TELEPHONICALLY)

19

20   MICHALINA DEL RIO, PRO SE

21        (TELEPHONICALLY)

22   BETHEL KAY (ph.) for FLORIA YIM SHEUNG FOK, PRO SE

23        (TELEPHONICALLY)

24

25

08-13555-mg    Doc 17902    Filed 06/03/11    Entered 06/20/11 16:47:18    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 13 of 63

Page 13

1                    P R O C E E D I N G S

2              THE COURT:  Be seated, please.  Good morning.

3              MR. BERNSTEIN:  Good morning, Your Honor.  Mark

4    Bernstein from Weil Gotshal & Manges, attorneys for Lehman

5    Brothers Holdings Inc. and affiliated Chapter 11 debtors.  We

6    have on the agenda today twenty-four uncontested matters and

7    five contested matters.  The first item on the agenda, the

8    objection to the proof of claim of JPMorgan, that item is being

9    handled by Curtis Mallet.  So at this point, I'll turn the

10   podium over to Lynn Harrison of Curtis Mallet.

11             THE COURT:  Fine.

12             MR. HARRISON:  Good morning, Your Honor.

13             THE COURT:  Good morning.

14             MR. HARRISON:  If it pleases the Court, Lynn Harrison

15   of Curtis, Mallet-Prevost, Colt & Mosle, conflicts counsel for

16   the debtors and debtors-in-possession, Your Honor.  Your Honor,

17   this is the hearing on the objection to proof of claim number

18   66462 of JPMorgan Chase Bank to the extent it asserts a claim

19   acquired from Washington Mutual Bank post-petition, Your Honor.

20             Your Honor, by way of background, just briefly, as

21   Your Honor, on the 9th of -- September 9, 2008, Lehman Brothers

22   Holding executed a broad guaranty agreement purporting to

23   obligate LBHI to pay for all of its liabilities of any kind,

24   all of LBHI's subsidiaries to JPMorgan Chase or any affiliates

25   of JPMorgan Chase.  Your Honor, this agreement has come to be

08-13555-mg    Doc 17902    Filed 06/03/11    Entered 06/20/11 16:47:18    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 14 of 63

Page 14

1    known as the September guaranty.  And pursuant to the September

2    guaranty, pledges were made pursuant to that guaranty pre-

3    petition.

4         After LBHI's bankruptcy petition, JPMorgan acquired

5    the assets of Washington Mutual Bank.  And pursuant to that

6    transaction, Your Honor, acquired certain derivative contracts.

7    JPMorgan then filed a claim based on this WaMu contract and

8    applied approximately eighty million dollars worth of cash of

9    LBHI's to that claim purportedly on the basis that it was

10   covered by the September guaranty, a related security

11   agreement.

12        THE COURT:  One moment, Mr. Harrison.  There's

13   somebody who's on CourtCall who is not muted and we're hearing

14   you in the courtroom.  Without knowing who it is, I'm just

15   going to ask everybody who is listening on the phone to please

16   mute your phones now.  Thank you.

17        MR. HARRISON:  Thank you, Your Honor.

18        Your Honor, on April 15th, 2011, LBHI and certain of

19   its affiliated debtors and the creditors' committee filed a

20   claims objection seeking an order reclassifying the proof of

21   claim number 66462 of JPMorgan to the extent it asserted

22   certain derivatives related claims that JPMorgan acquired from

23   Washington Mutual after LBHI's petition date, pursuant to the

24   September guaranty.  And it also sought, Your Honor, a

25   declaration that the setoffs or application of approximately

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 15

1   eighty million dollars of cash received pre-petition and held

2   by JPMorgan pursuant to the September guaranty was improper,

3   Your Honor.

4           And, Your Honor, I'm not going to get into the details

5   of the pleadings that we filed but suffice it to say that the

6   primary gist of our argument was that I think it's well settled

7   that the rights of a creditor are fixed as of the petition

8   date.  And notwithstanding whatever transpires post-petition,

9   the priority -- the characteristics of that claim were

10  determined at the time of the petition date.  And we've cited

11  case law, Your Honor, at page 13 in paragraphs 34 and 35, with

12  respect to that particular issue.

13          Since the filing of that objection, Your Honor, we

14  have been contacted by counsel of JPMorgan Chase who has agreed

15  that the 80,313,435 dollars portion of the proof of claim

16  should be reclassified to reflect a proper classification as a

17  general unsecured claim.  The parties' agreement is reflected

18  in a revised order, Your Honor.  And I do have a copy of that

19  order.  And if Your Honor wishes, I can approach the bench and

20  hand that up.

21          THE COURT:  Yes, please.  Hand it up.

22          MR. HARRISON:  Thank you, Your Honor.

23          THE COURT:  Okay.  Thank you.

24          MR. HARRISON:  Your Honor, the only changes from the

25  original proposed order is that it now contains language as

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 16 of 63

Page 16

1    follows:  expressly preserving the debtors' right to seek fees,

2    costs or damages from JPMorgan related to the filing of the

3    WaMu claim and the right of JPMorgan to contest any such

4    request, Your Honor.  That's delineated in one of the comments

5    to the -- on the second page of the order.

6         In addition, Your Honor, it expressly preserves all

7    rights of the parties under the collateral disposition

8    agreement to which the debtors and JPMorgan are parties.  Your

9    Honor, if Your Honor has any questions, I can address those at

10   this time.  Otherwise, Your Honor, we seek the entry of that

11   particular order.

12        THE COURT:  Any comments from any party in interest.

13   I see Mr. Novikoff here.  And he's a distinguished observer.

14   So I'm going to give him a chance to either say something or

15   hold his peace, as they say.

16        MR. NOVIKOFF:  Thank you, Your Honor.  Harold

17   Novikoff, Wachtell, Lipton, Rosen & Katz, on behalf of JPMorgan

18   Chase Bank.  And, Your Honor, I essentially am largely an

19   observer this morning.  We have agreed to the order as

20   described by Mr. Harrison.  And we have agreed to the treatment

21   of this claim as an unsecured claim against LBHI.  I should

22   note for Your Honor that the acquisition of Washington Mutual

23   by JPMorgan occurred before the bankruptcy filing of LBSF which

24   was the underlying direct counterparty on the derivatives.  And

25   it does not affect the treatment of that claim.  Thank you,

08-13555-mg    Doc 17902    Filed 06/03/11    Entered 06/20/11 16:47:18    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 17 of 63

Page 17

1    Your Honor.

2            THE COURT:  Okay.  I think that makes Mr. Harrison

3    want to say something.

4            MR. HARRISON:  Yes.  Sorry, Your Honor.  Just -- I'll

5    be brief.  But all rights are reserved with respect to the

6    treatment with respect to that particular claim against LBSF.

7    This order does not address that.

8            THE COURT:  So this order speaks exclusively to the

9    claim as against LBHI.

10           MR. HARRISON:  Correct.

11           THE COURT:  And all rights are reserved as to the

12   claim --

13           MR. HARRISON:  Yes.

14           THE COURT:  -- in the same amount against LBSF.

15           MR. HARRISON:  Yes.

16           THE COURT:  Fine.  Understood.  The order is to be

17   entered.  It's approved.

18           MR. HARRISON:  Thank you very much, Your Honor.

19           THE COURT:  And you're excused.

20           MR. HARRISON:  Thank you, Your Honor.

21           MR. BERNSTEIN:  Thank you, Your Honor.  Mark Bernstein

22   again from Weil on behalf of the Lehman debtors.  At this

23   point, we'll turn to the regular omnibus objection portion of

24   the calendar.  As typical, we may take some of these out of

25   order, if that's okay with you, in order to --

08-13555-mg    Doc 17902    Filed 06/03/11    Entered 06/20/11 16:47:18    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 18 of 63

Page 18

 1            THE COURT:  I've come to expect that.

 2            MR. BERNSTEIN:  Okay.  Appreciate that.  So at this

 3    point, I'm going to turn the podium over to one of my

 4    colleagues to handle the portion of the uncontested calendar.

 5            MS. TRAPANI:  Good morning, Your Honor.  My name is

 6    Christina Trapani with Weil Gotshal here on behalf of the

 7    debtors.  I'm going to address agenda items number 3, the

 8    debtors' thirty-fifth omnibus objection, agenda item number 4,

 9    the debtors' sixty-seventh omnibus objection, agenda item

10    number 4, the debtors' ninety-fifth omnibus objection, agenda

11    item number 6, the debtors' 103rd omnibus objection and agenda

12    item number 24, the debtors' 132nd omnibus objection.  All of

13    these are uncontested matters.

14            With respect to the thirty-fifth omnibus objection,

15    since the original claims hearing on September 10th, 2010,

16    debtors have successfully settled with an additional

17    counterparty named in the thirty-fifth omnibus objection, MF

18    Global UK Limited.  And we have a proposed third supplemental

19    order reducing these claims to a settled amount

20            We therefore respectfully request that Your Honor

21    grant a third supplemental order on debtors' thirty-fifth

22    omnibus objection reducing and allowing these claims.

23            THE COURT:  It's granted as to MF Global UK Limited.

24            MS. TRAPANI:  With respect to the sixty-seventh

25    omnibus objection, since the original claims hearing on

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 19 of 63

Page 19

1   December 22nd, 2010, debtors have successfully settled with

2   three additional counterparties named in the sixty-seventh

3   omnibus objection, Advance Graphic Printing, Incorporated,

4   Halbis US Credit Alpha Master Fund and Pohjola Bank.

5        We have a proposed third supplemental order reducing

6   and reclassifying, in some instances, these claims to the

7   settled amount.  We therefore respectfully request that Your

8   Honor grant a third supplemental order on debtors' sixty-

9   seventh omnibus objection reducing and reclassifying, in some

10  instances, and allowing these claims.

11       THE COURT:  I'll enter a third supplemental order in

12  the form you've suggested.

13       MS. TRAPANI:  With respect to the ninety-fifth omnibus

14  objection, since the original claims hearing on March 31st,

15  2011, the debtors have successfully settled with one additional

16  counterparty named in the ninety-fifth omnibus objection, Louis

17  Dreyfus Energy Services Limited Partnership.  And we have a

18  proposed supplemental order reducing these claims to a settled

19  amount and reclassifying the claim against Lehman Brothers

20  Commodity Services, Incorporated.

21       THE COURT:  I'll enter an order in reference to Louis

22  Dreyfus Energy Services L.P.

23       MS. TRAPANI:  With respect to 103rd omnibus objection,

24  since the original claims hearing on April 28th, 2011, one

25  additional counterparty, Microsoft Global Finance, has failed

VERITEXT REPORTING COMPANY
212-267-6868          www.veritext.com          516-608-2400

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 20 of 63

Page 20

1   to file a response to the 103rd omnibus objection.  And we have

2   a proposed supplemental order allowing this claim in the

3   modified amount.  We therefore respectfully request that Your

4   Honor grant a supplemental order on debtors' 103rd omnibus

5   objection allowing this claim.

6        THE COURT:  Yes.  I will enter a supplemental order in

7   reference to the 103rd omnibus objection.

8        MS. TRAPANI:  Turning now to the 132nd omnibus

9   objection, Your Honor, the debtors are seeking to reduce,

10   reclassify, in some instances, and allow thirty-three claims

11   relating to eighteen counterparties.  Fifteen of these

12   counterparties failed to file any response to the 132nd omnibus

13   objection.  Debtors seek to reduce, reclassify in some

14   instances and allow the twenty-nine claims of these fifteen

15   counterparties on an uncontested basis.

16        In addition, debtors have successfully settled with

17   three counterparties named in the 132nd omnibus objection,

18   Black Diamond Offshore Ltd., Double Black Diamond Offshore Ltd.

19   and George B. Kaiser, and are seeking to reduce, reclassify and

20   allow the four claims relating to these three counterparties.

21        There are twenty-five remaining claims named in the

22   132nd omnibus objection which belong to fifteen counterparties.

23   These counterparties either filed timely responses to the 132nd

24   omnibus objection or were granted extensions to the response

25   deadline by debtors.  Settlement discussions have begun with a

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 21 of 63

Page 21

1    number of these counterparties.  Debtors respectfully request

2    that this Court adjourn the hearing as to these twenty-five

3    claims to June 30th, 2011 so that debtors may try to resolve

4    these claims with the counterparties.

5         We have an order for both the reductions and the

6    adjournments for Your Honor and respectfully request that Your

7    Honor grant debtors' 132nd omnibus objection reducing,

8    reclassifying in some instances, and allowing the thirty-three

9    claims named in Exhibit 1 therein and adjourning the twenty-

10   five claims in Exhibit 2 of our proposed order.

11        THE COURT:  The 132nd omnibus objection is granted in

12   the manner that you've described.

13        MS. TRAPANI:  Your Honor, if there are no questions, I

14   would like to turn the podium over to my colleague, Sarah

15   Decker, who will address agenda items number 2, 7, 12 and 15

16   through 20.

17        THE COURT:  Okay.  Fine.

18        MS. TRAPANI:  Thank you.

19        THE COURT:  And as you're changing positions, I'm

20   going to repeat what I said earlier about the need to mute

21   telephones for all people who are participating by CourtCall.

22   We are hearing heavy breathing.

23        MS. DECKER:  Good morning, Your Honor.  Sarah Decker

24   with Weil Gotshal for the debtors.  As Christine mentioned,

25   I'll be covering agenda items numbers 2, 7, 12 and 15 through

Page 22

1    20 in the uncontested matter section of today's agenda.

2          Agenda item number 2 is a carryover item from the

3    debtors' eighth omnibus objection to claims which Your Honor

4    previously granted.  The eighth omnibus objection sought to

5    disallow and expunge claims that were amended and superseded by

6    subsequently filed claims.  This matter is going forward today

7    solely as to the claim of Daniel Fryer, claim number 22765.

8    The objection as to all other claims was previously granted,

9    withdrawn or otherwise resolved.

10         Mr. Fryer reached out to the debtors with a concern

11   about which of his two claims should survive the objection.

12   The debtors spoke with Mr. Fryer and were able to resolve his

13   concern in the same manner as is set forth on the eighth

14   omnibus objection.  Specifically, the debtors advised Mr. Fryer

15   that while the objection seeks to disallow and expunge claim

16   number 22765, his claim number 22911 will survive and the

17   information filed in support of claim 22765 will be treated as

18   having been filed in support of 22911.  Mr. Fryer indicated

19   that his concern was resolved based on counsel's explanation.

20   Accordingly, the debtors respectfully request that the Court

21   grant the eighth omnibus objection with respect to Mr. Fryer's

22   claim number 22765.

23         THE COURT:  The eighth omnibus objection is granted

24   with respect to Mr. Fryer's claim.

25         MS. DECKER:  Thank you, Your Honor.  Agenda item

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 23

1    number 7 is a carryover item from the debtors' 106th omnibus

2    objection to claims which Your Honor heard and granted at the

3    last hearing on April 28th.  The 106th omnibus objection also

4    sought to disallow and expunge claims that were amended and

5    superseded by subsequently filed claims.  This matter is going

6    forward solely on an uncontested basis with respect to the

7    claim of Great Bay Condominium Owners Association.  The

8    objection as to all other claims was previously granted.

9            In the 106th omnibus objection, the debtors objected

10   to Great Bay's claim number 31955 as being amended and

11   superseded by a subsequently filed claim, number 62855.  And

12   Great Bay opposed the debtors' objection.  The debtors and

13   Great Bay have reached an agreement resolving the objection

14   with respect to Great Bay's claim.  The parties have executed a

15   stipulation and proposed order and I have a copy of that

16   stipulation order for Your Honor to review this morning if you

17   would like to.

18            THE COURT:  Why don't you hand that up?

19            MS. DECKER:  May I approach?

20            THE COURT:  Yes.  Thank you.

21            MS. DECKER:  The stipulation clarifies that the

22   assertions and bases for damages asserted under each of Great

23   Bay's claims will be consolidated into the surviving claim

24   number 31955.  Claim number 62855 will be expunged voluntarily.

25   Great Bay's assertion that its claim number 31955 is entitled

08-13555-mg    Doc 17902    Filed 06/03/11    Entered 06/20/11 16:47:18    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 24 of 63

Page 24

1    to priority treatment is not affected by the stipulation.  And

2    the debtors' rights to challenge Great Bay's assertion of

3    entitlement to priority and Great Bay's right to defend that

4    assertion are both reserved.

5         Accordingly, the debtors respectfully request that the

6    Court enter the stipulation and order agreed to by the parties

7    to resolve the objection with respect to Great Bay's claim.

8         THE COURT:  I will so order the stipulation with Great

9    Bay Condominium Association in the form presented.

10        MS. DECKER:  Thank you, Your Honor.  Agenda item 12 is

11   the debtors' 119th omnibus objection.  That objection seeks to

12   disallow and expunge claims that were amended and superseded by

13   subsequently filed claims.  This matter is going forward on an

14   uncontested basis only.  The debtors did not receive any formal

15   responses to this objection and all informal responses have

16   been resolved.  Accordingly, the debtors respectfully request

17   that the Court grant the 119th omnibus objection.

18        THE COURT:  The 119th omnibus objection is granted.

19        MS. DECKER:  Thank you, Your Honor.  Agenda item

20   number 15 is the 122nd omnibus objection.  That objection seeks

21   to disallow and expunge claims for which the debtors have no

22   liability.  These claims either state on their face that they

23   are against an entity that is not a debtor in these Chapter 11

24   proceedings and/or the supporting documentation establishes

25   that the claim is against a nondebtor entity.

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 25

1      The debtors received both formal and informal

2   responses to the objection which have been adjourned or

3   otherwise resolved.  The debtors are proceeding only with

4   respect to the uncontested claims objections this morning and,

5   accordingly, the debtors respectfully request that the Court

6   grant the 122nd omnibus objection.

7      THE COURT:  The 122nd omnibus objection is granted as

8   to the uncontested objections.

9      MS. DECKER:  Thank you, Your Honor.  Agenda item

10   number 16 is the 123rd omnibus objection.  That objection seeks

11   to disallow and expunge claims that are duplicative, either

12   exactly or in substance, of other claims filed by the same

13   claimant on the claims register.  Specifically, these claims

14   are filed by the same claimant against the same debtors and, in

15   most instances, for the same dollar amount and on account of

16   the same obligations.  The debtors are proceeding only with

17   respect to the uncontested claims objections that have not been

18   adjourned or otherwise resolved.  Accordingly, the debtors

19   respectfully request that the Court grant the 123rd omnibus

20   objection.

21      THE COURT:  The 123rd omnibus objection is granted

22   with respect to the uncontested claims.

23      MS. DECKER:  Thank you, Your Honor.  Agenda item

24   number 17 is the 124th omnibus objection.  That objection seeks

25   to disallow and expunge claims that violate this Court's bar

Page 26

1    date order as they were submitted without any supporting

2    documentation.  The debtors have resolved all of the informal

3    and formal responses that were received and we are thus

4    proceeding uncontested.  The one formal response, that of

5    Richard Tessmer, was resolved by the debtors agreeing to

6    withdraw the objection to that claim and the debtors have

7    notified the claimant that we are doing so.

8           We are thus proceeding with the 124th omnibus

9    objection on an uncontested basis and respectfully request that

10   the Court grant the 124th omnibus objection.

11          THE COURT:  the 124th omnibus objection is granted.

12          MS. DECKER:  Thank you, Your Honor.  Agenda item

13   number 18 is the 126th omnibus objection to claims.  This

14   objection seeks to allow a portion of certain guaranty claims

15   consistent with the parties' agreement while permitting the

16   remaining portion of those claims to remain on the claims

17   register pending resolution.  Notwithstanding anything to the

18   contrary in the objection, the total claim value of the

19   asserted claim is not being reduced.  Rather, the claims are

20   simply being bifurcated to reflect that a portion of the claim

21   has been resolved and allowed while the remaining portion of

22   the claim remains unresolved and pending on the claims

23   register.

24          The debtors and the claimants have discussed the

25   nature of the 126th omnibus objection and, specifically, the

Page 27

1    fact that such claims are being bifurcated.  Further, the

2    parties have agreed to minimal changes to the order.  And I

3    Have a blackline of that order if Your Honor would care to see

4    it.

5            THE COURT:  Yes.  I would like to see it.

6            MS. DECKER:  May I approach?

7            THE COURT:  Yes.  Thank you.

8            MS. DECKER:  The debtors are proceeding on an

9    uncontested basis with respect to the 126th omnibus objection.

10   Unless Your Honor has any questions about the order or the

11   objection, the debtors respectfully request that the Court

12   grant the 126th omnibus objection to claims.

13           THE COURT:  The 126th omnibus objection to claims is

14   granted in accordance with the form of order you've presented

15   to me.

16           MS. DECKER:  Thank you, Your Honor.  Agenda item

17   number 19 is the debtors' 127th omnibus objection to claims.

18   This objection seeks the modification and allowance of claims

19   to which the parties have reached an agreement with respect to

20   the claim amount, classification and/or debtor entity that is

21   not reflected on the claimant proof of claim.  The omnibus

22   objection seeks to modify the claims to conform to the parties'

23   agreement.

24           The debtors received only one response to the 127th

25   omnibus objection which has been adjourned while the parties

Page 28

1    continue to work towards a resolution.  We are thus proceeding

2    on an uncontested basis today.  The debtors respectfully

3    request that the Court grant the 127th omnibus objection to

4    claims.

5            THE COURT:  The 127th omnibus objection to claims is

6    granted on an uncontested basis.

7            MS. DECKER:  Thank you, Your Honor.  Agenda item

8    number 20 is the 128th omnibus objection.  That objection seeks

9    the disallowance and expungement of derivatives claims that

10   have been settled between the parties either with a payment to

11   the debtors, with no amounts being due between the parties or

12   with the counterparty being granted an allowed claim against

13   one or more debtors in exchange for a release of its other

14   derivatives claims that the claimant has asserted relating

15   thereto.

16           The 128th omnibus objection is seeking to expunge the

17   claims as necessary to effectuate the parties' agreement.  The

18   debtors did not receive any responses to the 128th omnibus

19   objection and are proceeding uncontested.  Accordingly, the

20   debtors respectfully request that the Court grant the 128th

21   omnibus objection to claims.

22           THE COURT:  The 128th omnibus objection to claims is

23   granted.

24           MS. DECKER:  Thank you, Your Honor.  At this time, I'd

25   like to turn the podium back over to my colleague, Mark

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 29

1   Bernstein.  Mark is going to address the remaining uncontested

2   portion of today's hearing.

3           THE COURT:  All right.  Thank you.

4           MS. DECKER:  Thank you.

5           MR. BERNSTEIN:  Thanks.  Mark Bernstein, Weil, Gotshal

6   & Manges, on behalf of the Lehman debtors.  As Sarah indicated,

7   I'll address the remaining uncontested portion of the agenda.

8   The first one I'm going to address is the 111th omnibus

9   objection.  The debtors had initially thought that we had a

10  resolution with the two claimants that we were going to go

11  forward with today.  However, we're still working out some

12  additional language that they've requested in the order.  So at

13  this time, we've agreed to adjourn this until the next claims

14  hearing and hopefully we'll have it resolved at that time.

15          THE COURT:  Fine.  So that'll be adjourned to June

16  30th?

17          MR. BERNSTEIN:  June 30th, yes.

18          THE COURT:  All right.

19          MR. BERNSTEIN:  The next one I'm going to address is

20  the 112th omnibus objection.  This relates to two claims that

21  were filed with respect to Lehman program securities but had

22  invalid blocking numbers.  As Your Honor recalls, the blocking

23  number requirement in the bar date order was necessary for

24  these securities in order for the debtors to verify ownership

25  of the securities and avoid making duplicative payments.  These

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 30 of 63

Page 30

1    parties had requested additional time to investigate this

2    matter when we had initially had the hearing on this.  Their

3    objection deadline has subsequently passed and they did not

4    file any responses.  As a result, this is going forward on an

5    uncontested basis and we request the Court grant the 112th

6    omnibus objection with respect to these two particular parties.

7            THE COURT:  It's approved.

8            MR. BERNSTEIN:  Thank you.  The 117th omnibus

9    objection relates to claims that were filed by various former

10   employees of the Lehman enterprise for wages, commissions,

11   bonuses, unused vacation days and the like.  Lehman has

12   searched its records and determined that these employees were

13   not employees of any of the Chapter 11 debtors and none of the

14   debtors are responsible for these payments.

15           A number of responses were received to this objection.

16   The debtors have adjourned the objection with respect to all

17   those responses and we're going forward today solely on an

18   uncontested basis.  We respectfully request that the Court

19   grant the 117th omnibus objection.

20           THE COURT:  The 117th omnibus objection is granted on

21   an uncontested basis.

22           MR. BERNSTEIN:  Thank you.  I'm going to skip the

23   118th and come back to that when I get to the end since it's

24   similar to the 130th and 131st.  I think we can take those

25   three together.

08-13555-mg    Doc 17902    Filed 06/03/11    Entered 06/20/11 16:47:18    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 31 of 63

Page 31

1          THE COURT:  Just one moment.  For the third time in

2     this morning's hearing, I'm interrupting counsel to request

3     that parties who are participating on the telephone mute their

4     lines.  If this keeps up, I may make it a requirement that

5     everybody appear in person and that we'll just discontinue

6     CourtCall.  It's absolutely required that there be no

7     interruption of the proceedings in this courtroom.  Please mute

8     your phones or hang up.  Okay.  Thank you.

9          MR. BERNSTEIN:  The next objection is the 120th

10    omnibus objection.  Similar to the 112th, these parties filed

11    claims based on Lehman program securities.  However, these

12    parties did not include any blocking number on their claim.

13    The blocking number was a requirement of the bar date order, a

14    necessity to evaluate the claims.  This matter is going forward

15    solely on an uncontested basis and we request Your Honor grant

16    the 120th omnibus objection.

17          THE COURT:  The 120th omnibus objection to claims is

18    granted.

19          MR. BERNSTEIN:  Thank you, Your Honor.  The 121st

20    omnibus objection is an objection to claims filed based on the

21    ownership of common stock of Lehman Brothers Holdings Inc.  The

22    claims assert that they have a claim based on the ownership of

23    the stock and the loss of the value of such stock.  Since such

24    claims are based entirely upon the ownership or the value of

25    common stock, these claims should be appropriately classified

Page 32

1    as equity interest in Lehman Brothers Holdings Inc. and not

2    claims.  Therefore this objection requests their

3    reclassification.

4           No responses were received.  We respectfully request

5    that Your Honor grant the 121st omnibus objection.

6           THE COURT:  The 121st omnibus objection is granted.

7           MR. BERNSTEIN:  Thank you, Your Honor.  The 129th

8    omnibus objection relates to derivative claims that were filed

9    against the debtors.  The debtors have reviewed these claims

10   and these derivative contracts and determined that actually the

11   debtors are owed money on these contracts and there are no

12   amounts owed to these claimants.

13          A few responses were received.  The debtors are

14   continuing to work with those claimants to discuss these

15   contracts.   This matter is going forward on an uncontested

16   basis as to all other claimants who did object.  And we

17   respectfully request Your Honor grant this 129th omnibus

18   objection.

19          THE COURT:  The 129th omnibus objection is granted on

20   an uncontested basis.

21          MR. BERNSTEIN:  Thank you.  The final three I will be

22   handling today are the 118th, 130th and 131st omnibus

23   objections.  These all relate to claims filed against the

24   debtors based on restricted stock units, contingent stock

25   awards, stock options or other equity awards held by former

Page 33

1    employees of Lehman Brothers.

2         The various equity awards are provided to the employee

3    -- they provided the employees with the right to receive common

4    stock in Lehman Brothers Holdings Inc. at some point in the

5    future.

6         There were a number of responses filed to these

7    omnibus objections.  The debtors are reviewing those responses.

8    And while we continue to do that, we have adjourned all of

9    those matters to a later date.  As such, we're going forward

10   today only on an uncontested basis, parties who didn't respond.

11   We believe the law is that these should be treated as equity

12   interest in the debtors.  And therefore, we request that these

13   claims be classified as equity interest.

14        As such, we respectfully request Your Honor grant the

15   118th, 130th and 131st omnibus objections.

16        THE COURT:  Those three omnibus objections are granted

17   on an uncontested basis.

18        MR. BERNSTEIN:  Thank you, Your Honor.  That concludes

19   the uncontested portion of the agenda.  And I will turn the

20   podium over to Erin Eckols to handle the contested portion.

21        THE COURT:  All right.  Thank you.

22        MR. BERNSTEIN:  Thank you.

23        MS. ECKOLS:  Good morning, Your Honor.  Erin Eckols

24   with Weil Gotshal for the debtors.  As Mr. Bernstein noted, I

25   will be handling the contested items on today's agenda which

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 34 of 63

Page 34

1    are items 25 through 29.  These are all carryover items from

2    prior omnis.

3            Agenda items 25 through 27 are carryover items from

4    the 41st, 42nd and 43rd omnibus objections which sought to

5    disallow any claims that were filed after the applicable bar

6    date.  Because agenda items 25 through 27 present the same

7    issue, I plan to address them together unless Your Honor

8    objects to me doing so.

9            THE COURT:  No.  That's fine.  You can address them

10   together.

11           MS. ECKOLS:  Today the debtors are proceeding as to

12   one claim on the 41st omnibus objection, six claims on the 42nd

13   omnibus objection and three claims on the 43rd omnibus

14   objection.  The claims at issue are set forth on Exhibit A to

15   the reply brief filed by the debtors at docket entry 17202.

16           As Your Honor has recognized in his prior decisions,

17   enforcement of the bar date in these Chapter 11 cases is

18   critically important.  Here, strict application of the bar date

19   is warranted and the ten claims at issue should be disallowed

20   and expunged as untimely.

21           The claims at issue were sent internationally via

22   first-class mail six days or less prior to the applicable bar

23   date.  Eight of the claims were mailed from Hong Kong, two of

24   the claims were mailed from Spain.  The claimants provide no

25   legal argument as to why their claim should be exempted from

Page 35

1    the Court-ordered deadline.  Instead, the claimants assert that

2    their claim should be deemed timely because they were put into

3    the mail prior to the applicable bar date.

4         This argument fails under the clear dictate of the bar

5    date order which unambiguously required that claims be actually

6    received on or before the applicable bar date.  Simply

7    depositing the claim in the mail is insufficient.

8         The claimants' argument that postmarking their claim

9    before the applicable bar date renders their claims timely also

10   fails under the governing case law.  Importantly, the claimants

11   have not set forth an excusable neglect argument under

12   Bankruptcy Rule 9006(b) or analyzed any of the governing

13   Pioneer factors.  The claimants have the burden of establishing

14   excusable neglect and they have not and cannot meet that

15   burden.  Nevertheless, the debtors address the excusable

16   neglect issue in their reply brief and, as set forth therein,

17   the claimants cannot satisfy the hard line excusable neglect

18   standard followed in the Second Circuit.

19        There are four factors established under Pioneer for

20   applying the excusable neglect standard.  First, the danger of

21   prejudice to the debtors; second, the length of delay and its

22   potential impact on judicial proceedings; third, the reason for

23   the delay including whether it was within the reasonable

24   control of the claimant; and four, whether the movant acted in

25   good faith.

1        Each of the Pioneer factors is briefed in the debtors'

2   reply and they strongly favor the debtors' position that the

3   claimants do not qualify for an excusable neglect exemption.

4   Because each of the arguments has been briefed, I will focus on

5   the most important factor in the excusable neglect analysis

6   which is the reason why a particular claim was untimely.

7        The key consideration is whether the untimeliness was

8   within the claimant's control.  Here, the untimeliness was

9   entirely within the claimant's control and was a result of the

10  claimant's decision to, first, wait until shortly before the

11  bar date to mail their claim from a foreign country, Hong Kong

12  and Spain; and, two, to select first-class international mail,

13  a very slow class of mail without any guaranteed window of

14  delivery.  Given the claimants' delay in mailing the claims

15  until less than a week prior to the deadlines and selection of

16  a slow delivery method, they could not have reasonably expected

17  that their claims would arrive from Hong Kong and Spain by the

18  deadlines.  The untimeliness of the claims was entirely within

19  the claimants' control and that they do not meet the high bar

20  established for claiming excusable neglect.  The claimants

21  could have mailed their claim sooner.  They could have chosen a

22  faster class of mail or use a carrier with a guaranteed

23  delivery window, such as UPS, DHL or Federal Express, and they

24  chose not to do so.

25        Accordingly, the debtors respectfully request that the

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 37 of 63

Page 37

1   forty-first, forty-second and forty-third omnibus objections be

2   granted as applicable to the claims set forth on Exhibit A to

3   the debtors' reply brief.

4          THE COURT:  Let me find out if there are any claimants

5   affected by the forty-first, forty-second and forty-third

6   omnibus objection to claims who are either in court today or on

7   the telephone and who wish to respond to the argument that has

8   just been made.

9          MR. KAY (ph.):  (TELEPHONICALLY):  Your Honor?  Yes.

10         THE COURT:  I hear a voice but I can't tell who you

11  are.

12         MR. KAY:  Your Honor, my name is Bethel Kay (ph.)

13  (indiscernible) for Yim Shueng Floria.  My ID claim numbers

14  65031, 65032 and 65033.  I'm calling from Hong Kong actually.

15  In fact, in my letter, I have explained that I posted

16  (indiscernible) on September 18, 2009, well before the deadline

17  of seven weeks before the deadline of 2nd November, 2009.  It

18  normally takes less than a week for a letter from Hong Kong to

19  New York.  (Indiscernible) seven weeks.  And also I attached

20  here to the court a post stamp of 22nd of September, 2009.  I

21  posted a letter seven weeks before.  So the agents, EPIQ --

22  EPIQ Bankruptcy Solution agent should be able to submit my form

23  earlier to the court.  So it is totally unfair for me that they

24  have rejected my claims on these three claims.

25         THE COURT:  Can you tell me a little bit about your

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 38 of 63

Page 38

1    claims and what they consist of?

2            MR. KAY:  It is concerning Lehman Brothers.  There are

3    three claims.  One is 100K; another is another 100K.  The third

4    one is 50K (indiscernible) of Lehman Brothers.

5            THE COURT:  And are these claims filed in their

6    individual capacity or on behalf of an entity?

7            MR. KAY:  It's a professional investment.

8            THE COURT:  And --

9            MR. KAY:  I'm a professional investor.  I'm not a

10   company.

11           THE COURT:  And you are a resident of Hong Kong?

12           MR. KAY:  Yes.  I'm a resident of Hong Kong.  I tried

13   my best to send the letter seven weeks before the deadline

14   post-date.  From Hong Kong to New York it's very convenient as

15   a post-date.  Usually it takes less than one week.  We have a

16   lot of correspondence.  It's very common.  And at that time

17   it's not a busy time.  It's September, not busy like other

18   season.  So I don't know why it's taking so long for the

19   (indiscernible) agent which I have to send to them something to

20   the court.  In fact, I check on the internet that they filed a

21   case on 6th of November 2009 with the court which is twelve

22   days after the deadline.

23           THE COURT:  Did you give any consideration to using an

24   international currier service that would assure delivery prior

25   to the expiration of the bar date?

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 39 of 63

Page 39

1          MR. KAY:  In fact, I have around several reasons.

2     It's very safe.  And in fact, the post office, the P.O. Box

3     (indiscernible) which I post in is a P.O. Box which is not an

4     address.  So that means I have to go there.  Also put inside a

5     P.O. Box for that particular issue, EPIQ Bankruptcy Solution

6     agents to take out from the P.O. Box to submit to the court.

7     So this part of the event is out of my control, totally out of

8     my control, even I deliver by hand (indiscernible)to formally

9     submit to the court.  I don't have another choice.

10          THE COURT:  I'm having some difficulty in

11     understanding what you just said.  Are you saying that because

12     you were sending this to a post office box that you were unable

13     to use a international courier service such as DHL or Federal

14     Express?

15          MR. KAY:  In fact, they are using the same ones.

16     (Indiscernible) are not the difference.  It's the time that

17     company submits to the court is when the court received on

18     November 6, 2009 which is (indiscernible).  I suppose my post

19     arriving in the P.O. Box some time in September.  The reason I

20     don't now that particular forms was submitted to the court

21     sometime in November which is beyond the 2nd of November

22     deadline. I don't think it's a postal issue because when I send

23     the letter in 18th of September, the letter should have arrived

24     in the U.S. Post Office postal P.O. Box by the end of September

25     anyway.  So it's a matter of that company how to arrange for

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 40

1     the delivery, for the pickup and delivery and the submission to

2     the court before the deadline which is beyond my control.  Even

3     I personally hand in that one (indiscernible) by whomever in

4     the system.

5              THE COURT:  I'm not understanding precisely what

6     you've said.  In what respect was this beyond your control?

7              MR. KAY:  Sorry?

8              THE COURT:  How was this beyond your control?

9              MR. KAY:  I have (indiscernible) who send in the

10    complete form well before the deadline, more than seven weeks.

11    So normally, it takes a week from Hong Kong to New York, the

12    post-date.  And the post office delivered to the United States

13    station.  It's not (indiscernible) post-date like that.

14             THE COURT:  Do you have anything more you want to add?

15             MR. KAY:  Yes, Your Honor.  I just want to have the

16    Court's approval to have my claims allowed.

17             THE COURT:  Okay.  Let me find out if there's anyone

18    else who's on the telephone who wishes to be heard on this

19    question.

20             MR. KAY:  Thank you, Your Honor.

21             THE COURT:  Is there anyone else who wishes to be

22    heard?  All right.  We have one party that is the subject of

23    this objection.  And I'm not sure which of the omnibus

24    objections this claim falls under.  Which one is it?

25             MS. ECKOLS:  It's the forty-third omnibus objection.

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 41 of 63

Page 41

1    And if I could have an opportunity to briefly respond.

2              THE COURT:  Yes.  I'm going to give you that

3    opportunity.  Because the forty-first and the forty-second

4    omnibus objections have not been responded to during today's

5    hearing, those objections are granted.  And we'll just deal

6    with the forty-third.

7              MS. ECKOLS:  Thank you, Your Honor.  Unfortunately, I

8    don't believe I can pronounce the claimant's name.  So I'm just

9    going to refer to as claim numbers which he indicated were

10   65305, 65306 and 65307.

11             These claims were dated on October 27th of 2009 and

12   were only submitted and deposited in the mail system six days

13   prior to the applicable November 2nd, 2009 bar date.  Given

14   that these claims were coming all the way from Hong Kong,

15   putting them in the mail and choosing regular first-class mail,

16   it was unreasonable to expect that they would be received in

17   New York and clear customs prior to the applicable bar date.

18             As far as the point regarding using an international

19   courier such as FedEx or DHL or UPS, we had many claimants who

20   managed to send their claim that way.  There was a street

21   address provided in the bar date order if the parties wanted to

22   use an overnight courier service.

23             Given that the claimant could have deposited their

24   claim in the mail earlier and could have selected an alternate

25   method, even international express mail if he didn't want to

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 42

1    use an overnight courier, the untimeliness of the claims was

2    entirely within his control.  And thus, we believe he does not

3    meet the excusable neglect standard and that is claims should

4    be disallowed and expunged under the forty-third omnibus

5    objection.

6              THE COURT:  Do your records reflect when these claims

7    were actually received?

8              MS. ECKOLS:  Yes, Your Honor.  They were received on

9    November 10, 2009.  They were received roughly thirteen days

10    after they were mailed.

11              THE COURT:  So that even -- this is one of the

12    problems I'm having.  And I was actually dwelling on this issue

13    in chambers before coming out.  And it's interesting that we

14    have to now focus on it because it gets to the question of

15    whether one can ever reasonably rely upon the postal service,

16    whether it's domestic or international, in efforts to comply

17    with a bard date that mandates receipt by a certain specified

18    date.  And here, given the fact that the actual delay was

19    almost two weeks from the date of mailing, even if this

20    particular claimant had filed the claim by mail ten days before

21    the bar date, that would have been insufficient.  So it raises

22    a question in my mind as to whether one can ever rely upon the

23    mail from Hong Kong when sending something to the United States

24    if it's supposed to arrive by a date certain.  And that gets

25    into the question of reasonable conduct on the part of the

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 43 of 63

Page 43

1    claimant to comply with the bar date.  Here, the fact that it

2    was six days, in effect, is irrelevant.  It could have been

3    ten; it could have been twelve and it still would have been too

4    late.

5              So I'd be interested in your response to this very

6    general question.  Can you ever timely file a claim by mail?

7    Can you ever be safe doing that if the bar date depends upon

8    receipt?

9              MS. ECKOLS:  Well, as far as whether you can be safe,

10   I think I'd rather address it as or state that thousands of

11   people managed to put their claim in the mail and it was

12   received timely.

13             THE COURT:  Understood.

14             MS. ECKOLS:  Now the vagaries of the mail system do

15   occasionally result in some -- and they could result in some

16   extraordinary delays.  This thirteen days from Hong Kong does

17   not, in fact, appear to be an unreasonable amount of time for

18   the mail to come in.  And in fact, the Hong Kong postal system

19   does put some rough guidelines for parties, not a guarantee,

20   but that they -- to look for when they mail their claims as far

21   as receipt.  And for claims to arrive in the U.S., the minimum

22   calendar days would have been seven.  So the claimant wouldn't

23   even have made it under that.  The Hong Kong post office and

24   the standards that they publish that we attached to our reply

25   brief indicate that the Hong Kong post office thinks it will

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 44

1   take at least five to sixteen working day for a piece of mail

2   to make it to the United States.  So five working days, seven

3   calendar days.  This claimant was still out of time.

4          If there is an issue with respect to what is something

5   that looks unreasonably long time in the mail, that is

6   something that the debtors are certainly looking at.  And quite

7   frankly, the debtors have really struggled with the same issue

8   that you raised:  how do you apply something reasonable and

9   treat claimants consistently and fairly given the fact that

10  sometimes mail is uncertain.  Now the easiest way to have done

11  this would have been to use something with a guaranteed form of

12  delivery.  But the bar date order did not require people to

13  select that method.

14         So it is something that we do struggle with.  But we

15  submit that dropping your claim via first-class regular mail

16  six days before the bar date from Hong Kong is simply not

17  reasonable.  It was not going to make it there in time.

18         THE COURT:  Okay.  I'm going to grant the objection

19  with respect to the claim that we've been -- well, the three

20  claims that we've been discussing, the first one being 65306,

21  principally on the basis that the reason for the delay was

22  substantially within the control of the claimant inasmuch as

23  dropping a claim in the mail in Hong Kong amends to a form of

24  proof of claim roulette.  There is no assurance whatsoever

25  based upon the published data that a claim mailed on any

Page 45

1   particular day prior to the bar date with assurance will be

2   delivered by the specified date.  Now while that raises some

3   questions as to burden on the part of the claimant in having to

4   either mail the proof of claim substantially ahead of the proof

5   of claim bar date or by means of guaranteed delivery through

6   overnight courier, nonetheless, this is something that is

7   subject to the claimant's control.

8           Consistent with applicable case law in the Second

9   Circuit and my own decision in the Lehman Brothers case last

10  year, we apply a fairly strict approach to the enforcement of

11  proof of claim bar dates in this circuit.  And excusable

12  neglect is a very difficult standard to meet.  Under the

13  circumstances, while I appreciate the claimant's dilemma, the

14  claim is disallowed on the basis of its untimely delivery.  And

15  I'll entertain an order that's consistent with these remarks.

16          MS. ECKOLS:  Thank you, Your Honor.  Moving to agenda

17  item 28, which is the seventy-fourth omnibus objection, a

18  carryover item from that omni -- and the seventy-fourth omnibus

19  objection sought to reclassify certain proofs of claim as

20  equity interest.  And Your Honor previously granted that

21  omnibus objection as to the vast majority of claims at a prior

22  hearing.

23          Today we are proceeding as to six claims on a

24  contested basis.  Claim 4737 by Bowaut, Inc.; claim 10262 by

25  Sandra Stolk; claim 10261 by Herman Stolk; claim 6157 by Gloria

Page 46

1    Stainkamp; and claim 63353 and 63354 by Peter Thompson.

2           The six claims at issue are all based on the ownership

3    of LBHI preferred stock and thus should be reclassified as

4    equity interest in the debtors and subordinated pursuant to

5    Section 510(b) of the Bankruptcy Code.

6           As set forth in the seventy-fourth omnibus objection,

7    the holders of equity securities in the debtors have an

8    interest in but not a claim against the debtors.  Stock is an

9    equity security under Sections 101.16 and 101.49(a) of the

10   Bankruptcy Code which defines an equity security as, among

11   other things, stock or a share in a corporation.

12          Moreover, Section 510(b) requires that claims seeking

13   damages from the purchase or sale of securities, such as stock,

14   in the debtors be subordinated.  It forecloses the possibility

15   that disappointed shareholders, like the holders of the six

16   claims at issue, receive equal or better treatment than the

17   holders of valid general unsecured claims.

18          Three of the claimants, Bowaut, Inc., Herman Stolk and

19   Sandra Stolk, held LBHI's 6.5 percent Cumulative Preferred

20   Stock Series F and argue that their preferred stock should be

21   treated as a debt instrument instead of an equity security.

22   For the reasons set forth in the debtors' reply brief, filed at

23   docket entry 17147, the claimants attempt to recharacterize

24   their investment in LBHI as debt fails.

25          Under the applicable facts and law, Series F preferred

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 47

1    stock is an equity instrument not a debt instrument and the

2    claimant should be treated as shareholders.  Courts generally

3    treat preferred stock as an equity interest and the

4    determination of whether preferred stock is a debt or equity

5    instrument is based on the terms of the stock.  Courts look at

6    several factors including the name given to the instrument, the

7    intent of the parties, the presence or absence of a fixed

8    maturity date, the right to enforce payment of principal or

9    interest, the presence or absence of voting rights, the status

10   of the contribution in relation to the regular corporate

11   contributors and certainty of payment in the event of the

12   corporation's insolvency or liquidation.

13         Courts have relied most heavily on the certainty of

14   payment factor and where there is not certainty of payment,

15   preferred stock has been treated as equity.

16         Here, the characteristic of the Series F preferred

17   stock establishes that it is properly characterized as an

18   equity interest.  Importantly, the Series F preferred stock had

19   no guarantied right of payment such as a principal or interest

20   payment.  The payment of dividends was contingent upon (1)LBHI

21   declaring a dividend; and (2)there being funds legally

22   available for payment of a dividend.

23         Other factors further establish that the Series F

24   preferred stock is properly classified as equity.  The name of

25   the instrument, it was named preferred stock; the intent of the

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 48 of 63

Page 48

1   parties, as demonstrated by the fact that this preferred stock

2   was structured so that dividends were paid when declared by

3   LBHI instead of a debt instrument with set principal and

4   interest payments.  There was no fixed maturity date but an

5   optional redemption date; there were the existence of voting

6   rights for the Series F preferred stockholders.  In certain

7   circumstances, the holders of that stock had a right to vote

8   with other holders of preferred stock to elect directors to

9   LBHI.  And before taking certain actions, LBHI had to obtain

10  the vote of at least sixty-six and two-thirds percent of the

11  Series F preferred stockholders.  Moreover, the Series F

12  preferred stock was ranked equally with LBHI's Series C, D and

13  E preferred stock issuances.

14          Finally, in the event of a liquidation or dissolution,

15  the holders of a Series F preferred stock would only be

16  entitled to payment from "assets available for distribution to

17  stockholders".  And they would share on a pro rata basis with

18  holders of any other preferred stock ranking equally with the

19  Series F preferred stock.

20          Accordingly, the Series F preferred stock must be

21  treated as the parties intended, as stock in LBHI, and these

22  shareholders should not be allowed to bootstrap their way to

23  parody with general unsecured creditors.

24          The holders of the other three claims at issue today,

25  Gloria Stainkamp and Peter Thompson, set forth no legal

1    argument for objecting to the classification of their proofs of

2    claim as equity.  Ms. Stainkamp states that she is opposing

3    reclassification of her claim in equity in order to keep

4    herself in the game.  This is not a legally valid reason for

5    treating her other than what she is:  a disappointed holder of

6    LBHI equity interest.

7            Mr. Thompson provides even less information as to the

8    basis for his opposition.  His response is limited to the

9    single statement that Lehman Brother's Holdings Inc. misstated

10   their financial statements.  Even if one gave a very generous

11   interpretation to Mr. Thompson's response and assumed that Mr.

12   Thompson was trying to assert that his claim is for fraud

13   related to the ownership of LBHI stock and that's exempt from

14   Section 510(b) subordination provision, Mr. Thompson's argument

15   would fail.

16           The law in this circuit is very clear.  Under the

17   Enron and WorldCom decisions, at 341 B.R. 141 and 329 B.R. 10,

18   respectively, claims for fraud in the purchase or ownership of

19   stock fall squarely within Section 510(b) and must be

20   subordinated.  Accordingly, Ms. Stainkamp and Mr. Thompson's

21   opposition should be overruled.

22           In summary, while it would be more advantageous for

23   Ms. Stainkamp, Mr. Thompson, Mr. and Mrs. Stolk and Bowaut,

24   Inc. to avoid classification of their claims as equity, that is

25   not a legally valid basis for treating these claimants as other

1     than what they are:  shareholders in LBHI.  Thus, the debtors

2     respectfully request that the Court grant the seventy-fourth

3     omnibus objection as to their claim.

4              And, Your Honor, I know that Ms. Stainkamp is present

5     today and may wish to make a statement.  The debtors are not

6     certain as to whether any of the other affected claimants are

7     present today.

8              THE COURT:  Let's find out.  Are there any affected

9     claimants either present in person or by telephone who wish to

10    be heard?  There's one person here.  Is there anyone on the

11    telephone?  I hear no response.  There's one person who's

12    coming forward.  And I gather she's the only person who wishes

13    to be heard at this point.

14             MS. STAINKAMP:  Your Honor, Gloria Stainkamp.  I have

15    a problem with timing as well.  I purchased 16,000 dollars of

16    securities of callable -- it's all here -- from Lehman

17    Brothers.  On the 5th September '08, a new problem came up so

18    fast that in any other dealing -- I know I've had stock

19    cognizant at the time that if there's a rise and a fall, that

20    only makes me feel how awful the market degenerated to such a

21    way that in five, six, seven days, everything's gone.

22             THE COURT:  What is it that you bought?  What's the

23    security that you bought?

24             MS. STAINKAMP:  Well, I -- it's a funny name, Lehman

25    Brothers HLDG -- I imagine Holdings -- Floating Rate Perpetual

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 51

1    Callable.  This was offered that day by the salesman.  And this

2    gentleman that I've had exchanges with said, oh, Lehman

3    Brothers.  That's the best thing you could get.  It's a new

4    offering.  And I said, okay, take my money.  Okay.  I'll go for

5    it.  The reputation was there.  That's what kills me on this

6    that I get so duped for five days and it was gone.  And that's

7    my problem and I'm stuck with it.  But thank you for hearing

8    me.

9            THE COURT:  Okay.  I think regrettably you are stuck

10   with it.  And I can't speak to what other claims or remedies

11   you may have in connection with the transaction.  But insofar

12   as I'm being asked to consider an objection to a proof of claim

13   because what you really have is an equity interest in the

14   company and not a claim that is entitled to be treated along

15   with all other unsecured claims, I really don't have much

16   choice.  The debtors make a very powerful argument that all

17   that you have is an equity interest.  I think they're right.

18   And given the debt claims in this bankruptcy case, it's clear

19   that equity interests will not recover anything because in the

20   order of priority in bankruptcy, equity comes at the bottom of

21   the heap.

22           Under the circumstances, it is not foreseeable that

23   you will recover anything from the bankruptcy case.  Whether or

24   not you have any claims against parties that induced you to

25   purchase this security ten days prior to the bankruptcy, I

Page 52

1    don't know.  I make no comment on that one way or the other.

2           I do know, however, that the newspapers, wire services

3    and cable television networks that dealt with business issues

4    were very active during the month of September 2008 in

5    commenting on the growing financial crisis.  And except for the

6    more sophisticated, it was probably not a good idea to be

7    acquiring securities of any financial firm at that time.

8           Under the circumstances, I regret that I must grant

9    the objection and I wish you well.

10          MS. ECKOLS:  Thank you, Your Honor.  Is the objection

11   granted as to all the other claimants as well?

12          THE COURT:  The objection is granted as to all the

13   others including the Stolks who appear not to be present in

14   court or on the telephone.  They have raised a more

15   sophisticated question which is whether or not preferred stock

16   under certain circumstances might be recharacterized as a debt

17   instrument.  But for all the reasons that have been advanced

18   both in oral argument and in the omnibus reply docketed at

19   17147, this preferred stock is exactly what it purports to be:

20   preferred stock.  And no cause has been shown for reclassifying

21   it as a debt instrument.  Under the circumstances, all of these

22   objections at docket -- excuse me -- at agenda number 28 and 29

23   are granted.

24          MS. ECKOLS:  Thank you, Your Honor.

25          THE COURT:  Is there any more for today?

08-13555-mg    Doc 17902    Filed 06/03/11    Entered 06/20/11 16:47:18    Main Document
Pg 53 of 63
LEHMAN BROTHERS HOLDINGS INC., et al.

Page 53

1          MS. ECKOLS:  No.  Agenda item 29 was actually a couple

2     of other claimants.

3          THE COURT:  Oh, I'm sorry.  It's all 28?

4          MS. ECKOLS:  Yes.

5          THE COURT:  Then I misspoke.  It's the reclassi --

6     it's number 28.

7          MS. ECKOLS:  Okay.  I'm going to move on to agenda

8     item 29 --

9          THE COURT:  Fine.

10          MS. ECKOLS:  -- at this point.

11          THE COURT:  I thought we were doing them all together.

12          MS. ECKOLS:  These present slightly different issues

13     so I separated them out.  This is a carryover item from the

14     seventy-fifth omnibus objection which, again, seeks to

15     reclassify proofs of claim as equity interest.  Today we are

16     proceeding as to claim 479 by Robert Zito and claim 34424 by

17     Lucky Asia Trading Limited.  Mr. Zito and Lucky Asia's claims

18     are based on ownership of LBHI common stock.  As discussed in

19     the seventy-fifth omni, which Your Honor previously granted the

20     holders of the debtors' stock are entitled to an equity

21     interest in but not a claim against the debtors.

22          In Mr. Zito's opposition to the seventy-fifth omni, he

23     argues that his claim should not be classified as equity

24     because, one, he is seeking to recover for the diminution in

25     value of his common stock due to the debtors' alleged fraud;

08-13555-mg    Doc 17902    Filed 06/03/11    Entered 06/20/11 16:47:18    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 54 of 63

Page 54

1   and, two, that his claim is entitled to priority treatment

2   under Section 507(a)(5) of the Bankruptcy Code as contributions

3   to an employee benefit plan.

4           As discussed in the debtors' reply brief at docket

5   number 17204, both of Mr. Zito's arguments fail.  First, Mr.

6   Zito's claim is for loss and stock value due to alleged fraud

7   falls squarely within the scope of Section 510(b).  Courts have

8   broadly construed the scope of Section 510(b) to include claims

9   such as Mr. Zito's for fraudulent inducement in the purchase

10  and fraudulent retention in the maintenance of a debtor's

11  stock.

12          Second, the issue of whether Mr. Zito's claim,

13  assuming he had one as opposed to an equity interest, would be

14  subject to priority treatment under Section 507(a)(5) is

15  irrelevant to the question of whether Mr. Zito should be

16  treated as a shareholder in LBHI.  Claims for stock held in

17  retirement accounts are still considered equity interest

18  subject to Section 510(b).  Regardless, Mr. Zito would not

19  qualify for priority treatment under Section 507(a)(5) which

20  covers claims for contributions to employee benefit plans for

21  services rendered within 180 days of the petition date.

22          Section 507(a)(5) is for the benefit of a debtor's

23  employees and is designed to cover employee compensation such

24  as fringe benefits that are beyond the wage and salary that is

25  granted priority under Section 507(a)(4).

08-13555-mg    Doc 17902    Filed 06/03/11    Entered 06/20/11 16:47:18    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 55 of 63

Page 55

1          Mr. Zito in no way qualifies for priority treatment

2     under Section 507(a)(5).  He was not an employee of the debtors

3     or any Lehman-related entity and thus he could not be seeking

4     recovery for services rendered to the debtors.  His claim

5     arises from common stock that he purchased and held in an

6     individual retirement account.  Mr. Zito's claim is not based

7     on an obligation of the debtors to make a contribution to any

8     employee benefit plan.  Accordingly, Mr. Zito's claim directly

9     arises from the ownership of LBHI common stock and he should be

10    treated equally to all the other shareholders in LBHI.

11         Regarding the claim of Lucky Asia Trading Limited,

12    that claim should also be reclassified as equity.  Lucky Asia

13    provided no argument for its opposition to the seventy-fifth

14    omnibus objection.  Instead, it simply stated that it strongly

15    opposed to the classification of its claim as equity.  This is

16    not a valid basis.

17         The debtors attempted to contact Lucky Asia several

18    times but received no response.  In our last correspondence,

19    the debtors advised Lucky Asia that if we do not receive any

20    communication from them by May 15th that we would proceed at

21    today's hearing on the assumption that it continued to oppose

22    the debtors' objection.  The debtors have not received any

23    response from Lucky Asia and thus we are proceeding today.

24         Lucky Asia's claim is for common stock of LBHI and

25    there is no reason to treat Lucky Asia any different from the

1    holders of LBHI common stock.  Accordingly, his claim should be

2    classified as equity.

3          For these reasons, the debtors respectfully request

4    that the objections of Robert Zito and Lucky Asia Trading

5    Limited be overruled and that the seventy-fifth omnibus

6    objection be granted as to their respective claims.

7          THE COURT:  Are either of the claimants present or on

8    the telephone?  Apparently not.  The objection is granted as to

9    both.

10         MS. ECKOLS:  Thank you, Your Honor.  And that

11   concludes the items going forward on today's agenda.

12         THE COURT:  Fine.  We are adjourned.  Thank you.

13         MR. POLICH (TELEPHONICALLY):  Good morning, Your

14   Honor.  May I interrupt via CourtCall?

15         THE COURT:  Well, we're adjourned.  Who are you?

16         MR. POLICH:  Your Honor, my name is John Polich.  I

17   represent the Ventura County Treasurer tax collector.  And

18   perhaps there was a continuance that I am not aware of.  But I

19   had thought there would be a hearing this morning on item -- or

20   claim number 65230 that relates to the fortieth omnibus

21   objection by the debtors.

22         THE COURT:  Well, I tell you, there's a lot of

23   confusion in the room right now.  People are standing and

24   you're talking and I'm halfway out the door.

25         MR. POLICH:  I apologize, Your Honor.  I was waiting

08-13555-mg   Doc 17902   Filed 06/03/11   Entered 06/20/11 16:47:18   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 57 of 63

Page 57

1    and I thought my matter would be taken up at that time.

2          THE COURT:  Well, first of all, let -- everybody can

3    sit down who is standing.  And I don't know whether or not this

4    is a matter for today's hearing or something for counsel to

5    discuss on a private telephone call.

6          MS. ECKOLS:  Your Honor, any matters that were on

7    omnibus objection 40 were adjourned to June 30th and a notice

8    of adjournment was, I believe, filed a week or two ago and was

9    overnighted -- served via overnight mail.  And furthermore, the

10   agenda reflects the adjournment of the fortieth omnibus

11   objection and lists out the claims thereto.

12         MR. POLICH:  Okay.  Thank you very much.  I was

13   misinformed about the date and we will be joining you again on

14   the 30th.

15         THE COURT:  Okay.  And when you do, be sure to have

16   your phone muted during the hearing 'cause I can tell you're

17   the telltale breather.

18         MR. POLICH:  The breather?  Oh, my apologies for that,

19   Your Honor.

20         THE COURT:  Okay.  That's fine.  That's my detective

21   work.  All right.  Thank you.  We really are adjourned this

22   time.

23         MR. POLICH:  For any later (indiscernible)?

24         THE COURT:  You can talk to the claimant on this line

25   if you want, but I'm out the door.  We're adjourned.

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 58

1          (Whereupon these proceedings were concluded at 11:17 a.m.)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 59

1

2                          I N D E X

3

4                         R U L I N G S

5

6    DESCRIPTION                                    PAGE      LINE

7    Stipulation entered into between the parties     17        17

8    re objection to proof of claim number 66462 of

9    JPMorgan Chase Bank to the extent it asserts a

10   claim acquired from Washington Mutual Bank

11   post-petition approved

12   Debtors' thirty-fifth omnibus objection to       18        23

13   claims granted with respect to the MF Global

14   UK Limited claim

15   Debtors' sixty-seventh omnibus objection to      19        11

16   claims granted with respect to the claims of

17   Advance Graphic Printing, Incorporated, Halbis

18   US Credit Alpha Master Fund and Pohjola Bank

19   Debtors' ninety-fifth omnibus objection to       19        21

20   claims granted with respect to the claims of

21   Louis Dreyfus Energy Services L.P.

22   Debtors' 103rd omnibus objection to claims       20         6

23   granted with respect to the claim of

24   Microsoft Global Finance granted

25

Page 60

1

2                        I N D E X, cont'd

3

4                        R U L I N G S

5

6    DESCRIPTION                                  PAGE    LINE

7    Debtors' 132nd omnibus objection to claims     21      11

8    granted with respect to the thirty-three

9    claims named in Exhibit 1 of debtors'

10   proposed order

11   Debtors' eighth omnibus objection to claims    22      24

12   granted with respect to the claim of Daniel

13   Fryer

14   Stipulation entered into between the parties re  24      8

15   debtors' 106th omnibus objection to claims with

16   respect to the claim of Great Bay Condominium

17   Owners Association so ordered

18   Debtors' 119th omnibus objection to claims     24      18

19   granted as to the uncontested objections

20   Debtors' 122nd omnibus objection to claims     25      7

21   granted as to the uncontested objections

22   Debtors' 123rd omnibus objection to claims     25      21

23   granted as to the uncontested objections

24

25

                                                            Page 61

1                    I N D E X, cont'd

2

3                    R U L I N G S

4

5    DESCRIPTION                              PAGE    LINE

6    Debtors' 124th omnibus objection to claims    26      11

7    granted; debtors have withdrawn their

8    objection with respect to claim of Richard

9    Tessmer

10   Debtors' 126th omnibus objection to claims    27      14

11   granted in accordance with form of order

12   presented to the Court

13   Debtors' 127th omnibus objection to claims    28       6

14   granted as to the uncontested objections

15   Debtors' 128th omnibus objection to claims    28      23

16   granted

17   Debtors' 112th omnibus objection to claims    30       7

18   granted with respect to claims of Bawag

19   P.S.K. Versicherung AG and Eduardo

20   Cauterucci, Adriana M. Perilli & Maria F.

21   Cauterucci

22   Debtors' 117th omnibus objection to claims    30      20

23   granted on an uncontested basis

24   Debtors' 120th omnibus objection to claims    31      18

25   granted on an uncontested basis

1

2                          I N D E X, cont'd

3

4                          R U L I N G S

5

6     DESCRIPTION                                    PAGE      LINE

7     Debtors' 121st omnibus objection to claims      32         6

8     granted

9     Debtors' 129th omnibus objection to claims      32        20

10    granted on an uncontested basis

11    Debtors' forty-first omnibus objection to       40        10

12    claims granted

13    Debtors' forty-second omnibus objection to      40        10

14    claims granted

15    Debtors' forty-third omnibus objection to       43        23

16    claims granted; three claims of Floria Fok

17    Yim Sheung disallowed due to its untimeliness

18    Debtors' seventy-fourth omnibus objection to    51        14

19    claims granted

20    Debtors' seventy-fifth omnibus objection to     55        13

21    claims granted

22

23

24

25

Page 63

1

2                         C E R T I F I C A T I O N

3

4    I, Lisa Bar-Leib, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6
     Lisa Bar-Leib   Digitally signed by Lisa Bar-Leib
                      DN: cn=Lisa Bar-Leib, o, ou,
                      email=digital1@veritext.com,
7                     c=US
                      Date: 2011.06.03 15:14:52 -04'00'

8    LISA BAR-LEIB

9    AAERT Certified Electronic Transcriber (CET**D-486)

10

11

12   Veritext

13   200 Old Country Road

14   Suite 580

15   Mineola, NY 11501

16

17   Date:  June 3, 2011

18

19

20

21

22

23

24

25