**Attention of :**

The chambers of the Honourable James M. Peck,
Courtroom 601,
One Bowling Green,
New York, New York 10004, United States of America

Attorneys for the Debtors,
Weil, Gotshal & Manges LLP,
767 Fifth Avenue,
New York, New York, 10153, United States of America
(Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.)

The Office of the United States Trustee for Region 2,
33 Whitehall Street, 21st Floor,
New York, New York 10004, United States of America
(Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.)

The attorneys for the official committee of unsecured creditors appointed in these cases,
Milbank, Tweed, Hadley & McCloy LLP,
1 Chase Manahattan Plaza,
New York, New York 10005, United States of America
(Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.);

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re                                                  :
                                                       :
LEHMAN BROTHERS HOLDINGS INC., et al.,                 :   Case No 08-13555 (JMP)
                                                       :   Chapter 11
Debtors                                                :
                                                       :   Hearing Date:
                                                       :   June 30, 2011 10:00 AM

---

OBJECTION OF CHRISTIANE SCHUSTER TO DEBTORS' ONE HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Christiane Schuster ("Claimant") hereby responds to the Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (to Reclassify Proofs of Claims as Equity Interest) (the "Objection") as follows:-

1.  The claim subject to the Objection was filed as Claim No. 11369 ("Subject Claim") and represents deferred compensation provided to Claimant in the form of Restricted Stock Units ("RSUs"). The amount of the Claim is based on the amount of compensation withheld from Claimant at the time that the respective RSUs were granted.

2.  The granting of Restricted Stock Units (RSUs) was an integral and substantial component of regular employee compensation and acted to reduce the cash compensation that would otherwise have been paid to the employee. The fact that the number of RSUs was calculated by direct reference to the employee's compensation, and resulted in a dollar-for-dollar reduction in the amount of compensation that would have otherwise been payable in the form of cash, is one important distinction between an RSU and a stock option. The number of RSUs granted to an employee was generally determined based on a formula that derived from a set percentage of the aggregate compensation amount payable to the employee, and the value of Lehman Brothers Holdings, Inc. ("LEH") common stock at the time of grant. However, the employee was not provided with stock in LEH or any other security in LEH at the time of the grant. The essential terms of the RSUs were that LEH would deliver shares in exchange for the RSUs only upon the occurrence of vesting conditions several years after the date of the RSU grant; however, under certain conditions, such as a friendly change of control, LEH would delivery cash to the employees.

3.  Because they were delivered as compensation for services rendered, the RSUs constituted a right to payment, and comes within the Bankruptcy Code definition of "claim". The New York State Supreme Court has described such type of award as a form of "incentive compensation". See Guiry v. Goldman Sachs. Co. 814 N.Y.S2d 617 (1st Dep't 2006). Claimant submits that the RSUs are a form of property more similar to a loan from the employee which the employer could, under certain conditions, repay in the form of shares,

than they are to a share of LEH itself since holders RSUs were not considered shareholders of LEH under the terms of the RSUs and the holder could not sell or pledge the RSUs at any time.

4. The RSUs were not "equity securities" as defined under the Bankruptcy Code. The terms of the Debtors' RSU plan make it clear that the RSUs could not be sold, traded or pledged during the vesting period. They did not represent a present share in LEH or a similar security, or constitute a warrant or right to purchase shares of LEH in the future. The only condition to the future conversion of RSUs into LEH was the occurrence of vesting conditions and the holder of an RSU unit was not required to take any further action, such as the payment of a purchase price, or exercise an option, as is the case with stock options or warrants. At most, the RSUs constituted a "right to convert" into equity securities of Lehman upon the occurrence of the vesting conditions, but such right to convert is specifically excluded from the Bankruptcy Code definition of equity securities. 11 U.S.C. § 101(16)(c) ("equity security means warrants or right, <u>other than a right to convert</u>, to purchase, sell, or subscribe to a share") (emphasis added).

5. Claimant is not aware that her RSUs were subject to the subordination agreements described in paragraph 15 of the Objection which notes that such agreements only relate to "certain" of the equity awards covered by the Objection. In any case, the Subject Claim is based on the amount of compensation withheld from Claimant at the time that the RSU was granted, rather than damages arising from the failure to deliver shares of LEH. Furthermore, Claimant submits that the execution of subordination agreements in certain cases suggests that LEH considered the rights arising from RSUs to be claims rather than common stock.

6. Claimant does not believe that the claim arising from the withheld compensation in the form of RSUs is subject to Section 510(b) of the Bankruptcy Code. That section only applies to claims arising from the purchase or sale of a "security of the debtor or of an affiliate of the debtor". The RSUs do not constitute securities of the Debtor or an affiliate, and do not carry with them rights such as direct voting or transferability that are inherent in securities of a corporation. As mentioned, at most the RSUs constitute a right to convert into securities of Lehman, but such quality is specifically excluded from the Bankruptcy Code definition of equity security. For that reason, the cases cited by the Debtors which relate to claims arising from the purchase of stock or warrants of a debtor or the failure to deliver stock or warrants of a debtor are not applicable. The Enron case cited by Debtors is not applicable because that case related to unexercised options to purchase common stock and the Court specifically noted that its conclusions only applied to stock options similar to those presented. *See In re* Enron Corp., 341 B.R. 141, 143 n.3. (Bankr. S.D.N.Y. 2006). As noted, the RSUs were not options to purchase the stock of LEH, and Claimant is not seeking damages for failure to deliver such stock. Rather, the Subject Claim is based on the right to payment arising from the compensation for services rendered that was withheld at the time of the RSU grant.

7. Claimant requests that in the event that the Subject Claim is determined by the Court to be subject to Section 510(b), the Claim should not be disallowed as proposed in the Objection, but should be so classified as a claim subject to 510(b).

8. Claimant preserves all rights with respect to the Subject Claim and any other claims that Claimant may have in the bankruptcy cases.

9. Claimant wishes to attend the Hearing on 30 June 2011 by telephone given she resides in the United Kingdom.

10. Claimant reserves sole authority to reconcile, settle or otherwise resolve the claim. Claimant's details for correspondence: Christiane Schuster, Flat 5, 25 Elvaston Place, London SW7 5NL, United Kingdom. Telephone +447525624956.

---------------------------
Christiane Schuster