Robin E. Keller, Esq.
Scott W. Reynolds, Esq.
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
Telephone:   (212) 919-3000
Facsimile:    (212) 919-3200

*Attorneys for Piney Branch Park Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

**RESPONSE OF PINEY BRANCH PARK INC. TO**
**DEBTORS' ONE HUNDRED THIRTY-SECOND OMNIBUS OBJECTION**
**TO CLAIMS (VALUED DERIVATIVE CLAIMS – CLAIM NOS. 21216 and 21150)**

Piney Branch Park Inc. ("**PBP**"), by and through its undersigned counsel, hereby submits this response (the "**Response**") to the *Debtors' One Hundred Thirty-Second Omnibus Objection to Claims (Valued Derivative Claims)* [Docket No. 16117] (the "**Objection**"). In support of this Response, PBP respectfully states as follows:

**BACKGROUND**

1.    On March 22, 2007, PBP, an investment fund managed by QVT Financial LP, and Lehman Brothers Commodity Services Inc. ("**LBCS**") entered into an ISDA Master Agreement and the Schedules and Confirmation to the ISDA Master Agreement and the related Credit Support Annex (the "**PBP ISDA Master Agreement**"), a copy of which is attached to the Claims filed by PBP. Lehman Brothers Holdings Inc. ("**LBHI**") unconditionally guaranteed the

\\\NY - 002509/000004 - 2322313 v6

obligations of LBCS under the PBP ISDA Master Agreement pursuant to the *Guarantee of Lehman Brothers Holdings Inc.* dated March 23, 2007 (the "**LBHI/PBP Guarantee**"). Pursuant to the PBP ISDA Master Agreement, PBP entered into uranium swap contracts with LBCS, including forward contracts due in September through December, 2008.

2. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates, including LBCS (collectively, the "**Debtors**"), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), thereby triggering events of default under Section 5(a)(vii) of the PBP ISDA Master Agreement and entitling the PBP to terminate the PBP ISDA Master Agreement.

3. By letters dated September 15, 2008, PBP provided to LBCS notices specifying the events of default and designating September 15, 2008 as the Early Termination Date with respect to all outstanding transactions under the PBP ISDA Master Agreement (the "**Notice of Default & Early Termination**"). Subsequently, PBP provided to LBCS Statements of Calculations as required by the PBP ISDA Master Agreement, which Statements of Calculations subsequently were revised by PBP (the "**Statements of Calculations**").

4. On July 2, 2009, this Court entered the *Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "**Bar Date Order**").

## The PBP Claims

5. On or about September 21, 2009, in connection with the PBP ISDA Master Agreement, the LBHI/PBP Guarantee and the Statements of Calculations, PBP timely filed the following claims against LBCS with respect to the PBP ISDA Master Agreement and against

2

\\\NY - 002509/000004 - 2322313 v6

LBHI with respect to the LBHI/PBP Guarantee (the "**PBP Claims**"):

- Claim No. 21216 against LBCS in the amount of $3,496,091.00 (plus unliquidated amounts including interest and legal fees)

- Claim No. 21150 against LBHI in the amount of $3,496,091.00 (plus unliquidated amounts including interest and legal fees)

6.   Pursuant to the terms of the Bar Date Order, on October 21, 2009, PBP timely completed and uploaded the required Derivative Questionnaires and Guarantee Questionnaires in connection with the PBP Claims (together, the "**Questionnaires**").

7.   PBP submitted the following supporting documentation when it uploaded the Questionnaires: copies of the PBP ISDA Master Agreement, the Guarantee, the Notice of Default & Early Termination, the Statements of Calculations, and detailed analyses providing information about the claim amount.

8.   Starting in early 2010, PBP voluntarily engaged in discussions with LBCS representatives and provided extensive additional information regarding the nature, amount and methodology of calculation of its claims, with a view towards resolving any dispute with respect to the PBP Claims.  In June 2010, PBP discovered that certain collateral had been double-counted, which affected the amount of the PBP Claims.  PBP informed LBCS of the error and agreed to reduce the amount of each of the PBP Claims to $1,908,591.00 – the amount of the Claims after correction of the double-counting error.

9.   Notwithstanding PBP's good-faith efforts to resolve disputes regarding the PBP Claims and its extensive documentation of the reasonable basis for its calculations under the ISDA documents and through market evidence, on April 18, 2011, the Debtors filed the Objection seeking reduction of the PBP Claims against LBCS and allowance of the

3

PBP Claims against LBHI at the reduced amount of $1,713,296.36, solely based on the Debtors' assertion that "the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values" of the PBP Claims as determined by the Debtors. Objection ¶ 2 and ¶ 11. The Debtors submitted no documentary or other evidence in support of the Objection.

10. Further, the Debtors did not address the unliquidated claims set forth in the PBP Claims. For example, in accordance with Section 11 of the PBP ISDA Master Agreement, PBP expressly claimed legal fees and costs incurred with enforcement of its rights under the PBP ISDA Master Agreement and indicated that a statement of all amounts due and owning under the PBP ISDA Master Agreement would be presented to LBCS upon request. See Rider to Claim No. 21205 ¶ 10.

11. The approximately $195,000 differential between the PBP and LBCS numbers remains due to a continuing dispute about the proper approach to valuing PBP's Claims.

12. Despite the fact that, except for a single trade by PBP, there was no trading activity whatsoever in the relevant uranium futures contracts on the days immediately after the commencement of the Debtors' chapter 11 cases, LBCS relies for its valuation of PBP's Claims on demonstrably incorrect, stale, hypothetical exchange pricing. PBP relies instead on the actual price at which it sold one position, and on actual bids provided by a reputable inter-dealer broker with respect to its other positions.

## ARGUMENT

### A. Applicable Legal Standard

13. A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") constitutes prima facie evidence of the

4

validity of the claim. *See* Fed. R. Bankr. P. 3001(f); *See also In re DJK Residential LLC,* 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); *In re Alper Holdings USA,* 2008 Bankr. LEXIS 86 at *9 (Bankr. S.D.N.Y. 2008); *In re MarketXT Holdings Corp.,* 2007 Bankr. LEXIS 740 at *17 n.8 (Bankr. S.D.N.Y. 2007).

14.     If a party in interest files an objection to the proof of claim, the burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. *In re Alper Holdings USA,* 2008 Bankr. LEXIS 86 at *9; *In re Adelphia Communs. Corp.*, 2007 Bankr. LEXIS 660 * 15 (Bankr. S.D.N.Y., Feb 20, 2007). Specifically, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency. *DJK Residential,* 416 B.R. at 104; *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-174 (3d Cir. 1992), quoting *In re Holm*, 931 F. 2d 620, 623 (9th Cir. 1991). Thus, the burden of proof does not shift to PBP until the objector has first met its burden of production by providing sufficient evidence to overcome the prima facie validity of the claim. *Id.* "Mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's prima facie evidence. *See Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at * 3-4 (S.D.N.Y. March 31, 1999).

**B.     The Debtors Have Failed to Meet Their Burden of Production.**

15.     The Debtors provide no evidence to support their Objection as to the PBP Claims. The bald assertion that the Claims are "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records" is insufficient. Beyond the reduction already agreed to by PBP, the Debtors ask this Court to reduce the PBP Claims without reference to any specific

5

reason for doing so.  Their unsubstantiated statement does not constitute "evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency."  *See Alper Holdings USA,* 2008 Bankr. LEXIS 86 at *10; *DJK Residential,* 416 B.R. at 104.

16.   Similarly, the Debtors have also failed to offer any concrete support as to why the price quotations utilized by PBP were an invalid basis to calculate the loss under the applicable termination provisions of the PBP ISDA Master Agreement.  In contrast, PBP gave the Debtors further supporting documentation and other market-based information to support the basis for its Close-out Amount calculation.

17.   For the reasons set forth above, the Objection does not negate the prima facie validity of the Claims and should be denied.

**C.   PBP Has Met Its Burden of Proving the Validity of Its Claims.**

18.   Should the Court find that the Debtors' unsupported Objection has transferred the burden of proof to PBP, PBP respectfully submits that it already has met that burden.  The PBP Claims, the Questionnaires (complete with all relevant supporting documentation) and the additional supporting documentation subsequently provided by the PBP to the Debtors during the course of the claims filing process pursuant to the Bar Date Order and the subsequent negotiation with the Debtors constitute more than sufficient evidence of the accuracy and validity of the amount of the Claims.

19.   The Claims were calculated according to the contractually agreed upon methodologies and the Debtors have provided no justification for deviating from those terms. Indeed, PBP even adjusted the amount of its claims during the course of its discussions with LBCS to correct certain double-counting issues discovered upon further analysis of the PBP

6

Claims.  PBP calculated the Close-out Amount with reference to an actual replacement trade and to actual bids from an inter-dealer broker (one of the few sources of liquidity in an almost-entirely illiquid market), consistent with the terms of the PBP ISDA Master Agreement.  Subsequent analysis by PBP has yielded no basis for further reducing PBP's Claims as provided for in the Objection.  Further, the allowed amount of the Claims should also reflect the outstanding legal fees owed to PBP under the PBP ISDA Master Agreement.  *See Ogle v. Fidelity & Deposit Co. of Maryland*, 586 F.3d 143 (2d Cir. 2009), cert. denied, 2010 WL 531913 (U.S. 2010) (Bankruptcy Code allows an unsecured creditor to collect post-petition attorney's fees authorized by a pre-petition contract that is valid under state law).

20.    In the event this Court finds that PBP has not met their ultimate burden of proof as to the validity of the Claims, PBP: (a) requests discovery from the Debtors as to their valuation of the Claims; (b) reserves the right to supplement or otherwise amend this response to the Objection; and (c) requests, if necessary, a full evidentiary hearing pursuant to Rule 9014(e) of the Bankruptcy Rules and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amounts of the Claims.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

For the foregoing reasons, PBP respectfully request that this Court: (a) overrule the Objection; (b) allow each of the PBP Claims in the amounts set forth in Annex 1 attached hereto, plus amounts yet to be liquidated; and (c) grant such other, further relief as this Court may deem just and proper.

Dated: June 21, 2011
New York, New York

**HOGAN LOVELLS US LLP**

By: /s/ Robin E. Keller

Robin E. Keller
Scott W. Reynolds
875 Third Avenue
New York, New York 10022
Telephone: (212) 919-3000
Facsimile: (212) 919-3200
Email: robin.keller@hoganlovells.com
scott.reynolds@hoganlovells.com

*Attorneys for Piney Branch Park Inc.*