Kathleen Arnold and
Timothy A. Cotten, Creditors
9543 North Side Drive
Owings, Maryland 20736
Phone: 410.257.5283
Plaintiff, Pro Se Creditors
Related Case, AP. No. 11-01540



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

| | |
|---|---|
| **In re** : | |
| : | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC., et. al.** : | |
| : | |
| **Debtor,** : | **Case No. 08-13555 (JMP)** |
| : | **Jointly Administered** |

--------------------------------------------------------x

TO THE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

### OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS) HEARING ON DEBTORS' ONE HUNDRED THIRTY-SIXTH OMNIBUS

**NOW COMES CREDITORS,** Kathleen Arnold and Timothy A. Cotten, in their

"Objection to Claims (Misclassified Claims" and says:

### JURISDICTION

2.      The Debtor LBHI is currently operating its businesses as debtor in possession

pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      Through these bankruptcy proceedings Trustees have been appointed for

liquidation purposes of the debtors assets that included non-debtor assets to which

DIP is seeking by proposed plan of April 25, 2011, to obtain discharge of all claims

against Debtor and his Debtor-Controlled-Affiliates, compromising creditors

substantial rights and that will cause detrimental harm.

4.      This objection constitutes a core proceeding under 28 U.S.C. § 157(b)(2).

1

5.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

6.      This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a), because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## MATERIAL FACTS

8.      Creditors on about, August 23, 2003 closed a loan secured by their property with a completely unrelated lender.

9.      On or about August 25, 2003 creditors were contacted and offered a loan that purported to be "***better then the fixed rate, 30 year conv. loan***" closed by creditors the day before with the totally unrelated lender, reasonably relying on the proffers made to creditors sufficiently so, they canceled a "***Closed Loan with an Unrelated Lender***".

10.     Based on proffers made to plaintiff creditors, those which were sufficient enough to cause them to cancel the loan they had closed to accept *the better* loan they were offered, the loan proffers which induced plaintiffs to refuse the loan they had just closed on and settled the day before with the unrelated lender.

11.     Plaintiff creditors note further that their neighbor directly across the street from their home in an almost similarly improved, sold their home in a distressed divorce sale, listing their property within 6+/- months from creditors closing in on their loan. Their neighbors were dissolving their marriage and at eight am listed their

2

home and by noon, had fifteen offers by noon and accepted a contract final offer of $ 325,000 before five pm, noting further, this was during the start of the boom period of a bubble smoking real estate market where plaintiffs home is located.

12.    At this time in 2003, creditor plaintiffs had amassed significant equity in their property due to significant improvements to their home over the years as well as the start of the increasing values of the real estate markets nationally.

13.    Plaintiff creditors claims involve a credit transaction secured by their real property in which they were mislead, and deceived as plead in their Adversary Complaint *AP. No. 11-01540*

14.    Creditors attempted to rescind the loan or repudiate the loan for just causes when a solution appeared hopeless on August 6. 2006.

15.    Creditors had arranged financing to refinance out of the loan however were never provided a payoff statement and ultimately the Debtors-Controlled-Affiliates caused the  offer to expire on or about May 30, 2007.  The markets were further showing slowing due to the bubble.

16.    As alleged in Creditor Plaintiffs complaint, the fraudulent intent of the complained of U.C.C. § 3-407 Alterations, to their instrument was furthered by fraudulent acceleration on November 24, 2004, for purported loan default, which simply never existed.

17.    Instead, insiders LBB and ALS, Debtors-Controlled-Affiliates, thefts of plaintiffs mortgage payments and refusal to apply and accept timely, continued, tendered payments, making clear it was never the payments they wanted but instead,

3

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

the property was the underlying motivation and intent as to the fraudulent acceleration.

18.    Relevant to Bankruptcy creditors claims and adversary matters, these are matters as to the instruments *"Time of Perfection"* matters, specifically, the particular occurrences in which purported transfers for bankruptcy purposes occurred and are triable matters of material facts as to *federal characterization as to plaintiffs instrument,* and plaintiff creditors Negotiable Instrument claims alleged in their Adversary Compliant, Claims No. 1 and 2, filed in these matters, see Attached Exhibits, CD with case files, (Attached Exhibits and Adversary Case AP. No. 11-01540 JMP, plaintiffs filed Exhibits provided by CD are incorporated by referenced hereafter).

19.    Creditors Arnold and Cotten, specifically allege, "the Non-Perfection of the Instrument" in accord to Maryland Recording Regulations, (the Contract as a Security is Governed by NY law and the recording of the instruments necessary to "Achieve a Valid Perfected Certificate of Title", pursuant to U.C.C. Title § 9-303, is governed by State Law applies there).

20.    Plaintiffs dutifully paid the instrument regardless of the Debtor-Controlled-Affiliates, LBB and ALS wonton disregard for contract and the U.C.C. Alterations to the Instrument and Parties, Duties, Obligations as to the payment sums and knowingly and purposely miscalculated the loan itself as purportedly, according to the Debtor-Controlled-Affiliates, and their agents, plaintiffs loan was Hybrid, Payment Option ARM, 5/1, (the liar loan as Wall Street Likes to Portray the Consumers as the "Liar

4

Deadbeats", no one else was going to lend to, facts that simply are not so here as discussed further below).

21.    Plaintiff s were disclosed a 30 year, Un-Insured, Conv. Loan, therefore due to the Instruments Fraudulent and Material Alterations, was never the loan computed according to the risk associated with the instrument or, "The Benefit of Bargain".

22.    Plaintiffs monthly payments when the alterations were done as said was purported to be $ 1,959.00, two hundred less then the fully amortized loan plaintiffs had closed on, but this was no "Liar Loan" wherein the payments were some low, low, low teaser starter rate, that part of the bargain was further robbed from plaintiffs as if they were going to take on such inherent risk, after they refused once before from Debtor-Controlled-Affiliates, a same offer, creditors wanted and expected the benefit of the bargain, that is what they were going to get in return for the equity in their property and the risk taken.

23.    As the Debtor-Controlled-Affiliates, fraudulent acceleration of the instrument on November 2004, just less then 14 months from the loan closing was devised to ensure,(of course no listened because their was substantial equity in creditors property with the funny money value rising as accounted by the Debtor-Controlled-Affiliates, to $ 500,000. almost $ 185,000 in bubble funny money equity that creditors, if they thought the need, could have cashed out and paid the loan off completely and left with a sizeable chunk of change.

24.    Additionally, in the two years leading up to the loan transaction, Mr. Cotten, due to no fault of his own, had been hit head-on in his company truck by an uninsured driver who was distracted by her five children in the car.

25.     Creditors did accumulate Workers Comp. Expenses and the loss of Mr. Cottens almost $ 80,000, annual salary during that time however Cotten had been released for work by the doctors just prior to the closing of the loan and Cottens lawyers were in the process of obtaining his almost two years of back pay and medical expenses.

26.     Sadly Cotten was forced to accept substantially less, about 1/3 due to the need to retain lawyers and deal with the fraudulent acceleration and foreclosure by Debtor-Controlled-Affiliates.

## GENUINE ISSUES OF MATERIAL FACT EXIST REQUIRING DECISIONS AND RESOLUTION BEFORE A DECISION CAN BE CONCLUDED AS TO CORRECT CLASSIFICATION OF CREDITOR-NON-CUSTOMER-CLAIMS

27.     Plaintiffs attempt to lay these very complex matters of material fact out as logically as possible.

28.     These facts contained herein sustain plaintiff creditors "Objection to Claims Misclassified, Debtors One Hundred Thirty-Sixth Omnibus.

29.     Plaintiffs claims, while designated as Non-customer creditor claims, are due to be treated as priority claims pursuant to Bankr. § 523, as will be discussed in length below, but first material facts here must be resolved because they involve substantial rights that will be affected by the Debtors Proposed Plain of April 25, 2011, that provides for discharge of liabilities for Non-Debtor Affiliates and Controlled Affiliates of all pre- petition claims affected plaintiffs creditors legal rights substantially.

30.     The first issue at hand is the need to determine liability as to LBHI Debtor-Controlled-Entities and the materially false and misleading financial disclosures

6

provided in the District Courts of Maryland by the Debtor-Controlled-Entities, see Attached Exhibits No.s 4 in their Malicious Prosecution of Removal Case No.s 07-cv-02722-RWT, 07-cv-02617-RWT and the corresponding Exhibits 1-3, FRCP 103.3 Disclosures filed by the Debtors-Controlled-Affiliates.

40.    Next genuine issues of material facts whether a particular occurrence is a transfer for bankruptcy purposes as a matter of federal characterization. McKenzie v. Irving Trust Co., 323 U.S. 365, 369-70, 65 S.Ct. 405, 406, 89 L.Ed. 305 (1945). Creditors assert State law, in turn, supplies the determination of the time and method of perfection. See id.; Evans v. Valley West Shopping Center, Inc., 567 F.2d 358, 360 (9th Cir.1978) (per curiam).

41.    Because Plaintiffs creditors are alleging the Negotiable Instrument was Not Negotiated as the Debtor-Controlled-Affiliates attested to in proceedings, and testimony in these judicial proceedings, the Debtor-Controlled-Affiliates informed the courts plaintiffs creditor loan was purchased by their servicing agent as plead in the complaint and as contradicted by the debtor, see their See Debtors, March 30, 2011, LBHI 7012(b) at ¶ Second Paragraph, 4 Line, of Page 9, "LBHI is not the "Current Holder", we are talking about purportedly Bona Fide Purchasers first and Debtor preposterously goes on to allege nothing other then "Transfor/Transferee. What is more, if LBHI repurchased the instrument, would be in direct violation of remoteness and finality of the purported security transaction. Fact is no evidence supports any of the debtors defenses that are without merit.

42.    Because of sloppy recording of the instrument and failure of the Debtor-Controlled-Affiliates to follow Black Letter U.C.C. Laws as to Recording of an

Instrument sold as a Security, along the specific Recording Requirements, as to all those contracts of benefit, and the Servicing and Pooling, the Master Pooling trust contracts and, the lack of sufficiently Negotiated Assignments/Indorsments/Sales and Purchases, and those Allonges Affixed to the Instrument, the creditors instrument cannot come into the debtors estate by SIPA,(as the Debtor and Debtor-Controlled-Affiliates have lead the SIPA trustee to possibly assume in error for the following Genuine Issues of Material Fact:

43. **Pursuant to Bankr. § 544(a)(3), SIPA *"Trustee as Lien Creditor and as Successor to Certain Creditors and Purchaser's*:** Regardless, even if there was a purported "Bona Fide Purchaser", (Creditors are and remain in Peaceable Possession of their Real Property Subject these Claims). Moreover, the law would not permit the SIPA Trustee to Take Possession of the Property or Exercise Power Over the property in the estate, because the Debtor-Controlled-Affiliates, or the Debtor, failed to Perfect Certificate of Title, U.C.C. Title § 9.

44. The debtors provide no law in support of the baseless arguments U.C.C. Title 3 does not apply to them. As much as they wish so, these facts are simply unfounded and therefore a determination as to these Genuine Issues of Material Fact.

45. Plaintiffs are Consumer Borrowers as defined under U.C.C. § 3-103.(2), Consumer Definitions; and U.C.C. § 9-109 Classification of Goods: "Consumer Goods

46. The Contracts, Pooling and Servicing Agreements and Trust are governed by New York Laws, and the Perfection and Recording is governed by Maryland laws.

47.     Accordingly, and as mandated further pursuant to plaintiffs Creditors "State Recording and Perfection of Instruments" and further governed by Title § 9-303 Mandating the State Recording Regulations and Requirements in Which the Real Property is Located, that being Maryland, Mandates and Governs Instruments Perfection and as plead in plaintiff Creditors Adversary Complaint U.C.C. Title § 9-303 and the Maryland Real Property      Codes § 7-101(a)(b)(c), "When Deed Absolute in Terms to be Considered a Mortgage"; "Assignment of Mortgages as Security"; "Certain Security Interest Perfected", and, Md. Real Property Code, § 3-101 Deed Absolute and, § 15-102.(1).

48.     It appears to plaintiff creditors these honorable courts have approved SIPA liquidation of LBI and LBB and have consolidated those Debtor-Controlled-Affiliates, with the Debtor in his proposed plan seeking to extinguish all claims prior to entry of the order of relief in their proposed plan, that, if achieved, will serve to terminate rights of plaintiff creditors that are substantial and will cause extreme disadvantage to this class of creditor claims.

49.     **Pursuant to Bankr. § 545(1)(F)(2) Statutory Liens, First Become Effective; Because the Debtor-Controlled-Affiliates, LBB and ALS, failed to "Perfect Certificate of Title", "Perfection" is at issue, noting nothing has become "Effective" pursuant to § 545(1)(F),** at the time of an execution against property of the debtor levied at the instance of an entity other than the holder of such statutory lien; and **(2)** is not perfected or enforceable at the time of the commencement of the case against a Bona Fide Purchaser that purchases such property at the time of the

9

commencement of the case, whether or not such a purchaser exist: Perfection is again the issue here pursuant to U.C.C. Title § 9, as stated above.

**50**    While Debtors attempt to dismiss the importance of not properly negotiating the instrument in according to established law of New York Trust, (the trust is governed by NY Law) and Contract Law and Maryland Real Property laws, with no evidence provided in support of their baseless arguments as plaintiffs creditors plead correctly and that remains a "Genuine Issue of Material Facts.

**51.**    Plaintiff Creditors believe the debtor and Debtor-Controlled-Affiliates purported plaintiffs loan as a Customer Account of the Servicers Parent Corporation and has the account identified with the Altered Loan number subject to plaintiff creditors claims, but assumes the SIPA transfer related to plaintiffs real property for this objection, means securities which were held for the account of a customer on the filing date by or on behalf of the debtor and which on the filing date were registered in the name of the customer, (or were in the process of being purportedly so registered pursuant to instructions from the debtor, but does not include securities registered in the name of the customer which, by endorsement or otherwise, of negotiable form however, are further "Genuine Issues of Material Facts" those which in the name of justice, must be arrested first and forefront, because regardless, and devoid of Debtor or Debtor-Controlled-Affiliates proving up the Securities in the Chain as required and that, no matter how many times the debtors call the sky red, it is still blue and "Perfection remains and Issue.

52.    The questions of whether a particular occurrence is a transfer for bankruptcy purposes is a matter of federal characterization. McKenzie v. Irving Trust Co., 323

U.S. 365, 369-70, 65 S.Ct. 405, 406, 89 L.Ed. 305 (1945). State law, in turn, supplies the determination of the time and method of perfection, and are, doubtless, "Genuine Issues of Material Facts".

53.    "Time Transfer", Pursuant to  Bankr. § 548, "Genuine Issues of Material Facts", based on creditors recorded instruments as evidenced in their adversary compliant, as for the Debtor LBHI and both § 7012(b) Motions, while the debtor and his Debtor-Controlled-Affiliates, allege transfers, sales, negotiations and a hodgepodge of things occurred in plaintiffs loan, all of which they seek to deflect any hands in, they claim it was their "Loan Servicer"(No evidence documents the testimony the loan was purportedly sold to their Affiliate agent/servicers but it is clear transfers have occurred and LBHI debtor provides no evidence of any of these transfers, of recording of those contracts for benefit, ( no one is servicing or "Holding" plaintiff creditors loan for free of charge as debtor suggest in their § 7012(b) motions.

54.    Debtors are attempting to eschew Bankr. § 548, the statutory development of time of transfer for Bankr. § 548(d) purposes underscores the conclusion that the enforcement of a valid lien was not intended to be covered by § 548. The first appearance of a section pinpointing time of transfer for fraudulent conveyance purposes was in Sec. 67d of the 1938 Chandler Act. That section read:

55.    For the purposes of this subdivision d, a transfer shall be deemed to have been made at the time when it became so far perfected......emphases added, that no bona fide purchaser from the debtor could thereafter have acquired any rights in the property so transferred superior, to the rights of the transferee therein, but, if such

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

transfer is not so perfected prior to the filing of the petition initiating a proceeding under this Bankr. Act, it shall be deemed to have been made immediately before the filing of such petition and ti this plaintiff creditors contend, due to "No Evidenced Submitted in Support of Debtor and Debtor-Controlled-Affiliates.

56.    In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To preclude summary judgment, the dispute about a material fact must also be "genuine". It is unrealistic, though be it the Debtor and the Debtors-Controlled-Affiliates contentions there are "No "Genuine Issues of Material Facts", is contradicted by their own pleadings.

57.    The modern law of fraudulent conveyances finds its origins in the 1570 English enactment of 13 Eliz., ch. 5. See 4 Collier, Collier on Bankruptcy, p 67.29 (14th ed. 1978); 4 H. Remington, Remington on Bankruptcy, Sec. 1638 (rev. ed. 1957). The statute was passed for the protection of creditors, and gave the creditors, inter alia, the power to avoid conveyances and transfers made with the intent and purpose to hinder, delay or defraud creditors. The American codification of this bankruptcy law was set forth in the Bankruptcy Act of 1898. A review of Sec. 67e of the 1898 Act demonstrates that it dealt only with conveyances made with actual intent to defraud, that cannot be clearer hear barring evidence by the Debtor and his Debtor-Controlled-Affiliates.

58.    These statutes instead provide authority for the proposition that conveyances are set aside when there is actual fraud or a situation indicative of fraud.

59.    Pursuant to 11 U.S.C. Sec. § 67d(5) (repealed 1978). This formula for determining time of transfer remains significantly unchanged in Bankr. § 548(d)(1).

The Uniform Fraudulent Conveyance Act, progenitor of the constructive fraudulent conveyance statutes, contained no comparable provision defining time of transfer. This raises the question why Congress added such a provision.

60.    The legislative history, which demonstrates that by defining transfer for fraudulent conveyance purposes in terms of time of perfection, Congress effected two purposes: (1) time of perfection served as the pivotal point in computing the reach-back period during which the bankruptcy trustee could set aside fraudulent conveyances; and (2) a secret, i.e., unperfected transfer would not escape the trustee's avoidance powers by the trustee's failure to attack it within the reach-back period, since an unperfected transfer was not deemed a transfer for Sec. 67d purposes. See H.R.Rep. No. 1409, 75th Cong., 1st Sess. 31-34 (1937).

61.    For purposes of Bankr. § 548(a)(2), nothing indicates a transfer was perfected under Maryland law. The security interest took the form of a deed of trust, and under Maryland Law, perfection of a deed of trust occurs upon proper execution and recordation and because they are lacking and infirmed at best, Debtor bears the responsibility of carrying their burden of proof onto these courts as to lawful perfection.

62.    Moreover the Bankr. definition of transfer set out in 11 U.S.C. Sec. 1(30) of the Bankruptcy Act:

63.    "Transfer" shall include the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without   judicial

13

proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise; the retention of a security title to property delivered to a debtor shall be deemed a transfer suffered by such debtor.

64.    The Debtors and his Debtor-Controlled-Affiliates, seek through their challenges that these courts expand this honorable courts arsenal of bankruptcy powers for the debtor, who seeks a right to avoid and ignore, binding, regulatory recording statutes of the state of Maryland. The instruments plaintiff creditors have submitted are devoid of any evidence as any negotiations under the instrument and thus must be substantiated by some form of material evidence, none has been provided.

65.    Plaintiffs have not had the enormous amounts of time necessary to comb thru all of the debtors MOR's over the past 2.5 years but a sampling of the last 1.5 years, in conjunction with LBHI proposed Chapter 11 plan confirms conclusively the debtor intends to extinguish all claims against the debtor and his "Debtor-Controlled Affiliates" and that this Door "Swings One-Way Only", with discharges through the proposed plan of creditor pre-petition claims however, single sided, allowing the debtor to return to "Status Qua" of All his purported pre-petition claims Upon Entry of Discharge Order pursuant to the proposed Ch. 11 plan.

66.    Because the Debtors Proposed Plan seeks to Extinguish All Pre-Petition Creditor Claims for Non-Debtor Entities/Customers, Affiliates, Debtor Controlled Affiliates and seeks to terminate those liens secured by residential, purportedly negotiated instruments, effectually allowing a pass thru for Non-Debtors who were Instruments of Frauds and in effect further extends relief to Non-Debtor Entities,

seeking to shed their legal liabilities for wrongdoings against this class of creditor,(No Category Was Noted in Proposed Plan 11 or MOR's), and violates that class of creditors rights because it further seeks to absolve those Debtor-Controlled-Affiliates, Pre-Petition Claims in Toto while retaining all claims against every creditor.

67.     Plaintiffs claims pursuant to Bankr. § 510(b), "***Exception Applies, Security is Commons Stock***",(what the debtor is looking to repackage in proposed plan), and Plaintiffs claims arise from ***Rescission Regarding a Purchase and Sale Transaction "of the debtor or affiliates of the debtor***, arising from the ***Purchase or Sale of Such Security,*** (Affiliates with their Agents, Affirmed the Sale of Plaintiffs Loan to Affiliates and their Affiliates), or for ***reimbursement or contribution*** allowed under section § 502,  on account of such claim, shall be subordinated to all claims in interest, that are senior to or equal the claims or interest represented by such security, ***except that if such security is common stock,*** such claim has the same priority of as common stock.

68.     Plaintiffs § 509 Claims of Co-Debtor are priority claims that are not "Unsecured Claims" pursuant to Debtors Causes to Reclassify Plaintiffs Claims pursuant to § 506(b).

69.     Plaintiffs maintain they have a right pursuant § 510 Subordination (a), the loan instrument is a bilateral contract that is enforceable under non-bankruptcy law, pursuant to, (using Maryland Laws Regarding Contracts of Specialty here, the instrument is recorded in Md.), and, NY Law for PSA MSP and Securities Contracts of Defeasance, and Both NY and Md. as necessary under U.C.C. Title § 9), Md. Courts Jud. Pro. Code Ann. § 5-102.

70.    Pursuant to Maryland Specialties Warranties Treatment, Md. Courts Jud. Pro.

Code Ann. § 5-102(1)(2)(5), Maryland Courts Decisions defining "specialty", is to be

followed by their District Federal Courts, pursuant to construction said term, see

General Petro. Corp. v. Seaboard Terms. Corp., 19F. Supp. 882(D. Md. 1937), and

applies here.

71.    Plaintiffs pursuant to:

1)  Specific Exceptions § 523(a)(2)(B)((i)(iii)(B)(4)(A)(15)(B)(19)(A)(i)(B)(i);

2)  Plaintiffs allege Common Fraud in their Claims due Exception to

Discharge,    Pursuant to § 523(a)(2)(B)use of statement in writing, see

Attached Exhibits 1-4;

3)  (i) that was false;

4)  (iii)  plaintiffs reasonably relied on the loan offered, that which induced

them   to cancel the closed loan with an unrelated lender to accept debtors

Direct-Controlled-Affiliates representations to plaintiffs detriment, and;

5)  (B)Plaintiffs were detained, delayed, restrained, oppressed, frustrated and

obstructed from due justice repeatedly by Debtor-Controlled-Affiliates from

filing timely request for determination of claims due to frauds;

6)  (4) fraud, and defalcation while acting as fiduciary, Debtor-Controlled-

Affiliates Who Are Non-Debtors and are fittingly here in these matters

properly claimed by plaintiffs to be held subject to § 510 stated above herein, (including misleading, inaccurate and knowingly wrong financial disclosures pursuant FRCP 103.3 by Debtor-Controlled Entities, so Plaintiffs would be kept in the dark about the sale and transfer of Debtors-Controlled-Affiliates and that plaintiffs claims were to be extinguished thereafter as debtor as so detailed in his proposed plan), and;

7) (A) such debt/claim is assigned to another Entity/Debtors-Controlled-Affiliates and (15) Not of the kind described in paragraph (5) of this section and due determination further in accordance to Maryland State Real Estate Recording laws pursuant to U.C.C. Title § 9, territorial laws with the instrument subject here failing compliance with Maryland State Laws, Perfection of Certificate of Title and (B) Allowing debtor LBHI with, through and by his Debtor-Controlled-Entities circumvent their Frauds would substantially undermined the integrity of the courts, justice and in this instant case according to Congressional Mandates under BAPCPA Act of 2005 Fraud Prevention Act,(requires no showing of fraud under FCRP § 9 or §10 and, (19) that plaintiffs claims are for violation of (A)(i) Maryland Recording Regulations governed by Negotiable Instruments U.C.C. Title § 9 Regulations Pursuant to Maryland *U.C.C.* **Title § 9-303 and the Maryland Real Property Codes § 7-101(a)(b)(c), "When Deed Absolute in Terms to be Considered a Mortgage"; "Assignment of Mortgages as Security"; "Certain Security Interest Perfected", and, Md. Real Property Code, § 3-101 Deed Absolute**

and, § 15-102.(1) and (B) Results from (i) the Debtors-Controlled Affiliates Caused Malicious Prosecution of Removal pursuant to U.S.C. 28 § 1441(a) by means of Common Law Fraud, Deceit, AND Manipulation in connection with Plaintiffs real property and as discussed further below and contained in the amended complaint filed under their **Case No. 11-01540-JPM.**

72.    **Time Transfer Issues that are Genuine Issues of Material Facts as to Malicious Prosecution of Removal to Federal Courts:**

73.    Pursuit to Exhibits No. 4, Attached, last page Certification, No. 6, Debtor-Controlled-Affiliates argued creditors claims arouse in Bankruptcy but indicated contrary and otherwise on their Rule 11 Disclosures. What is more Debtor LBHI bases his arguments to dismiss for SMJ on contradicted, statements.

74.    The originating case, the "Malicious Prosecution of Foreclosure Action", was filed on 01/14/2005, Case No. 04-0-05-000046 FC, CitiMortgage Inc. et. al., vs. Arnold and Cotten, Calvert County Circuit Court of Maryland, What the debtor and his controlled affiliates are attempting to convolute is the Fraudulent Foreclosure action was filed for CitiMortgages Clients, Holders in Due Course, Debtor-Controlled-Affiliates, LBB and ALS, what is more, the purported trustee deed that was recorded was not recorded until June of 2006, not January 14, 2005, when the Debtors-Controlled-Affiliates ordered, so no proof at all exist the debtors agent CitiMortgage was anything other then "Holder" and is why Time Transfers must be established first and foremost.

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

75.    An Appeal ensued in the Maryland Court of Special Appeals, No. 2719, September Term, 2006.

76.    The appeal in this matter was brought Debtor-Controlled-Affiliates Failure to Prosecute the Foreclosure Action from Case No. 04-0-05-000046 FC.

77.    The reasons provided in the appeal for refusal to prosecute the foreclosure lawsuit was that the "client in of the action, ***no longer sought to foreclose petitioners property at that time***" *and therefore should not be forced to pursue a foreclosure action on which their clients have since "Changed Their Minds".*

78.    This appeal of the foreclosure action drug on from January 2007 through November 2008, wherein the Debtor-Controlled-Affiliates continued refusal to prosecute their originating foreclosure claims filed in their malicious prosecution of foreclosure.

79.    The arguments contended their clients, should not be forced to have to prosecute the foreclosure claims as clients in those actions being, Lehman Brother Bank, FSB and Aurora Loan Services, (LBB) and  (ALS), were the clients who did not wish to proceed with the foreclosure action against petitioners property and therefore did not want to be forced to prosecute claims they initiated in petitioners Circuit Courts of Calvert County Maryland as the "True and Original Plaintiffs", not the "True and Original Defendants, Plaintiff Creditors".

80.    What was not made known to the Appeal Courts or, The United States District Courts of Maryland, is that in this appeal, while petitioners had filed their affirmative, counter defense actions, the debtors-controlled-affiliates, for who where at all times

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

hereafter and forever there again, the "*original, true plaintiff parties*" in both the

foreclosure case and its appeal cases.

81.    Amazingly debtors-controlled-affiliates, came down with amnesia and

deciding to turncoat instead into *Chameleon Defendants*, and, then, while fighting

the appeal as "*Plaintiff, True and Original Plaintiffs*", proceed to fraudulently

remove plaintiff creditors case to federal courts, claiming fraudulently, wantonly and

knowingly, status right by way of being what they never could be and for who they

attested they were now, the "Defendants" pursuant to U.S.C. 28 1441(a), see Attached

Exhibits No. 4, affidavits swearing they are the true defendants.  Notably the

defendant debtors even point out the fact the case was not one that could be removed

to federal courts, yet they removed fraudulently, then stated they were but we/the,

pitiable defendants, moaning to the courts they were just "Minding their Business

Your Honor when out of the blue those vexatious Pro se plaintiffs covered then in a

plethora of lawsuits, facts that are simply not true and were never true and still are not

true.

82.    These malicious acts were accomplished by aid turncoat of their true plaintiff

party capacity position of "True Plaintiffs", by patent untruths and outright

misrepresentations as to legal capacity made by affidavits submitted on behalf of the

Debtors-Controlled-Affiliates.

83.    Creditors appealed their patent refusals to prosecute their fraudulent

foreclosure because creditors had a right to bring their counter defense complaints for

injuries arising from the malicious and fraudulent foreclosure actions and were to

obtain their due Redress of Causes, litigated to their just ends and, as justly due to be

20

litigated in their local court forum, Calvert County Maryland, and not to be forced

into a foreign, federal court forum as petitioners were fraudulently forced into by the

malicious removal of their cases to federal court forum.

84.    Creditors exercised their defenses and of course, repeatedly and timely

motioned for their Demand for Remand within statutory permitted times to the courts

in objection to their cases being improvidently removed and removed for malicious

purposes to detain, delay and defraud further petitioners just as these action so did

accomplish.

85.    Even though creditors properly and timely notice for demand of remand

orders, as contrived by the calculated "Omissions of the Related Cases" from the

Federal Case Intake Forms", petitioners suffered prejudicial case damage by the

Removal Case Intake Forms Omissions submitted on every removal, (from August

2007 thru November 2008, the Debtors-Controlled-Affiliates Left out of Removal

Forms, Omitting by Intention, their Ongoing Appeal from the Originating Foreclosure

Action, 0//14/2005, Case No. 04-0-05-000046 FC, and, the Appeal in the Maryland

Court of Special Appeals, No. 2719, September Term, 2006, Decided on November

27, 2008).

86.    Not once did the Debtors-Controlled-Affiliates honestly disclose the related,

first, original, foreclosure action their servicing agent filed on their behalf, drawing

again the attention where it is rightly due here, that being the foreclosure action was

filed on 1/2005 and the purported Trustees Deed was not Recorded until a year and

half later on June 2006 so without doubt the Debtor-Controlled-Affiliates, LBB and

ALS were the "Clients Who did Not Want to Proceed with the Foreclosure at that time.

87.    The calculated damage caused by the repeated and patent "Omission of the Related Cases, Case No. 04-0-05-000046 FC and Appeal No. 2719, required to be disclosed by Debtor-Controlled-Affiliates, and was Not to be Omitted but was supposed to be Submitted and disclosed and listed on the Civil Cover Sheets of the Fraudulent Removals, see Attached Exhibits 4, substantiating that the "Open, Ongoing Foreclosure Case, as of the time filing these fraudulent removals, was still pending and was then appealed during same said times of the malicious removals, from October 2007, thru November 2008.

88.    Worse yet, Both Cases were Related Actions and Active in the Appeals Court of Maryland and were due to be listed pursuant to FRCP 11 and clearly is prima facie evidence of the frauds complained of by creditors and gives reasonable inferences of prima facie evidence for Bankr. 523 complaints in creditors case.

89.    Had these Omissions Not Been Made but instead Been Made Known to the District Courts of Maryland, the Courts would have clearly seen they in fact lacked Constitutional Authority to Preside on the Removals, particularly given the claims further did not "Arise Under Title 11" as debtor LBHI falsely portrayed in their 7012(b) and creditors would have been sparred and saved the added resulting prejudicial damages;  those being, misleading the courts as to who the litigant **instigators** were and those very real and damming, prejudices of the court and those net affects of these omissions on petitioners case claims.

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

90.    The Debtor-Controlled-Affiliates, LBB and ALS on the other hand, sought fit to harass, detain, delay, defraud, and otherwise obstruct creditors from litigating their counterclaim injuries from the fraudulent foreclosure action in their state county courts where these actions were due to be litigated and were not due to ever be removed by law.

91.    Creditors filed their affirmative counterclaims thereto and while those counterclaims undertook federal causes of action defenses, those counter defense federal causes of action, specifically were not allowed to be subjected to removal statutes to federal courts whatsoever based on an "Arising Under Theory".

92.    Creditors fraudulent removal issues claims fall closer to the tree in which creditors claims are related to removal party capacity, those being "defendants only" possess *capacity* to avail to removal remedy, Debtor-Controlled-Affiliates were never "Defendants" in any form as defined under Congressional Removal Statutes but yet to creditors absolute detriment, Debtor-Controlled-Affiliates fraudulently assumed said role by Chameleon Defendant Defense strategy to pander sympathy of the courts, that which they definitely received wrongfully so at that.

93.    While CitiMortgage Inc., may have facially appeared to have filed the fraudulent foreclosure action in foreclosure matter, they were merely the loan servicer and by no means, the "Real Parties of Interest", pursuant to "Federal Rule 17(a), as correctly and accurately in contradiction of contentions being maintained in Debtors LBHI 7012(b) motions, the recorded purported Trustees Deed proves those very facts.

94.    Debtor-Controlled-Affiliates fraudulently pushed Creditors into foreclosure then refused to prosecute the action.

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

95.    As the recorded substitution of trustee recording exemplifies these facts, CitiMortgage Inc. on 1/15/2005, the first foreclosure action, at all times relevant thereto was acting at the direction of his clients, Debtor-Controlled-Affiliates, LBB and ALS, who were the "Holders in Due Course", if not Lehman Brothers Holding Inc., was in fact the real Holder in Due Course, given ultimately, nothing was ever transferred to the trust by LBB, though these issues are Material Facts that are Genuine and due investigation.

96.    To bring us to this point in time, while the appeal litigation to the originating foreclosure action ensued, Creditors filed their second affirmative, counter complaint that which was then Maliciously Removed to the Federal District Courts and the Affidavits and Financial Disclosures provided therein brings us to the current state of things, the submitted affidavits and financial disclosures on the behalf of their clients ALS and LBB and it is of known testimony and evidence relied on pursuant to rule 11.

97.    Debtor LBHI, financial party disclosures provided were false and untrue in every aspect as to LBHI and his Debtor-Controlled-Affiliates clients, LBB and ALS, and those Affidavits made pursuant to U.S.C. 28 1441,(a), Party with Capacity to Remove.

98.    One of the many case numbers assigned to creditors fraudulently removed civil actions was Case No. 07-CV-2617, as it relates to Debtor-Controlled-Affiliates Removal Case, Case No. 07-CV-02722.

99.    As planned by maliciously upsetting petitioners litigation and forcing them into a federal forum and forcing them to attempt to obtain federal litigation lawyers, 6

in total, and to have to endure the added expense, delay and harm caused creditors in

further need to re-interpret creditors state law case claims to federal rules and

procedures otherwise petitioners were never due to be forced to litigate their claims in

a very complex, Federal Setting, designed to procedurally ensure petitioners case

claims would be further prejudiced, just as they were, due to debtors claiming they

were the "True and Original Defendants".

100.    The false claims as to their being "True and Original Defendants", debtors

Debtor-Controlled-Affiliates, ALS and LBB pandered and proclaimed to those courts

creditors where in fact the *trouble makers and that petitioners were the "True*

*Plaintiffs"* who filed the originating causes of action, facts that wrongfully turned the

position of the judicial tables and upset the balance of judicial scales against creditors,

just as was planned by the Chameleon Defendant Removal Defense fraud Debtor with

by and through his Debtor-Controlled-Affiliates ALS and LBB.

101.    The appeal has ensued from the fraudulently removed case and other third-

party litigation has also ensued further, all of which has caused additionally to the

petitioners, further delay and expense and does not serve justice in any way to have

consumers who were paying their loan contracts, correctly, timely and abidingly by

said contract, foreclosed against without judicial cause and further allow those very

consumers to be harassed by institutions claiming false interest and sums due and

owed that are and were in fact not due and owed but were perpetrating fraudulent

conversion of petitioners property.

## CONCLUSION

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

**WHEREFORE CREDITORS PRAY** this honorable issues an order to postpone any decision as to Claims Status and Orders necessary resolve of the above "Genuine Issues of Material Facts" as justice so allows as well as all and other relief this honorable court deems necessary to carry out justice under Tile 11 as to delay, and harm and hinder creditors have sustained and, allows the claims as secured, priority claims as they are due to be so classified.

Respectfully submitted,

Timothy A. Cotten and Kathleen Arnold, Pro Se Creditors,
9543 North Side Drive
Owings, MD 20736
410-257-5283

## CERTIFICATION OF SERVICE

We, Kathleen Arnold and Timothy A. Cotten, Pro Se , Creditors, hereby certify that a true and correct copy of the above-referenced Objection to Claims (Misclassified Claims) and Exhibits, were served upon the following parties by prepaid, first class United States Mail, Certified Restricted Receipt prepaid or other, like, approved and prescribe method to the following:

United States Bankruptcy Court,
Southern District of New York
The Honorable Judge Peck,
One Bowling Green, Courtroom 601
New York, NY  10004-1408

U.S. Trustee, Region 2,
Attn: Hope-Davis, Gasparini and Schwartz, Esqs.
33 Whitehall Street, 21st Floor
New York, NY 10004

Milbank, Tweed, Hadley & McCloy LLP
Attn:  Dunne, O'Donnell, Fleck Esqs.
1 Chase Manhattan Plaza
New York, New York 10005

Weil Gotshal's and Manges, LLP
Attn: Robert J. Lemons, Mark Bernstein, Esq.
767 Fifth Avenue
New York, NY 10153

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

## CASES

1) Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

2) Evans v. Valley West Shopping Center, Inc., 567 F.2d 358, 360 (9th Cir.1978);

3) General Petro. Corp. v. Seaboard Terms. Corp., 19F. Supp. 882(D. Md. 1937);

4) McKenzie v. Irving Trust Co., 323 U.S. 365, 369-70, 65 S.Ct. 405, 406, 89 L.Ed. 305 (1945);

5) Nev.Rev.Stat. Sec. 111.353; Aladdin Heating Corp. v. Trustees of Central States, 93 Nev. 257, 258, 262, 563 P.2d 82, 83, 86.

## FEDERAL STATUTES

FCRP § 9 or §10 and, (19)

FRCP 103.3

## STATUTES - BANKRUPTCY

§ 509

§ 510(b)

§ 523

§ 544(a)(3)

§ 545(1)(F)(2)

§ 548

§ 7012(b)

## STATUTES - NEW YORK

U.C.C. § 3-103.(2)

U.C.C. § 3-407

U.C.C. § 9-109

U.C.C. Title § 9-303

## STATUTES - MARYLNAD

Md. Real Property Code, § 3-101

Md. Courts Jud. Pro. Code Ann. § 5-102.

Md Real Property Codes § 7-101(a)(b)(c)

Md. Real Property Code § 15-102.(1)

# **EXHIBITS**

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

*Kathleen Arnold and*
*Timothy A. Cotten, Creditors*
*9543 North Side Drive*
*Owings, Maryland 20736*
*Phone: 410.257.5283*
*Plaintiff, Pro Se Creditors*
*Related Case, AP. No. 11-01540*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------x
In re                               :
                                    :    Chapter 11
LEHMAN BROTHERS HOLDINGS INC., et. al. :
                                    :
            Debtor,                 :    Case No. 08-13555 (JMP)
                                    :    Jointly Administered
----------------------------------x

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

**OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)**
**HEARING ON DEBTORS' ONE HUNDRED THIRTY-SIXTH OMNIBUS**

**EXHIBITS**

1.    LBHI, 2007, 3rd. Quarter Financial Disclosures substantiating Debtor-Controlled-
Affiliates Submitted Misleading and False Financial Disclosure Statements when made
on October 1, 2007.
   a.  Debtor withheld the restructuring they had done and continued to withhold these
       material financial disclosure until March 24, 2010, as noted in Exhibits No. 3.

# LEHMAN BROTHERS

## Company Overview

*Third Quarter 2007*

**Confidential Treatment Requested By Lehman Brothers Holdings, Inc.**

**LBEX-LL 2165164**

I

## Lehman Brothers

**Summary Corporate Structure**
(Showing Guaranteed Subsidiaries)
Note: Interim holding companies may have been omitted



Key:
G=Guaranteed by Lehman Brothers Holdings, Inc. ("LBHI")

---

| LEHMAN BROTHERS – Company Descriptions |
|---|

### Summarized Organization Chart

Lehman Brothers is an innovator in global finance, focused on serving the financial needs of corporations, governments and municipalities, institutional clients, and high-net-worth individuals worldwide. Founded in 1850, Lehman Brothers maintains leadership positions in equity and fixed income sales, trading and research, investment banking, private equity and private client services. The Firm is headquartered in New York, London and Tokyo and operates in a network of offices around the world. Lehman Brothers is publicly traded on the NYSE, under the symbol "LEH."

#### PRINCIPAL NORTH AMERICAN ENTITIES

**Lehman Brothers Holdings Inc. ("LBHI")**
**Incorporated in Delaware**

LBHI is the ultimate parent company with assets of $659 billion, and long term capital of $142 billion at August 31, 2007.

LBHI was incorporated in December 1983 as a vehicle to source long term funding for the Group and to provide funding for the daily working capital needs for the unregulated subsidiaries within the Lehman Group. In that capacity, LBHI serves as a clearinghouse for internally and externally generated funds.

LBHI funds its activities through a combination of master notes, commercial paper ("CP"), bank credit facilities and other money market related instruments, medium and long-term debt, and a three-year, $2.0 billion committed, unsecured flexible cash capital facility. LBHI has a medium term note ("MTN") program rated A/A1/AA- by S&P, Moody's, and Fitch respectively. LBHI and LBI share a $9 billion CP program rated A-1/P1/F1+ for LBHI and LBI, by S&P, Moody's, and Fitch respectively. LBHI also shares a $100 billion multi-currency Euro Medium-Term Note ("EMTN") Program rated A+/A1/AA- by S&P, Moody's, and Fitch respectively and a $3 billion multi-currency Euro CP program with Lehman Brothers Treasury Co. BV (The Netherlands) ("BV"), Lehman Brothers Bankhaus AG (Germany) and Lehman Brothers Holdings Plc. (London).

**Lehman Brothers Inc. ("LBI")**
**Incorporated in Delaware**

LBI is a wholly-owned subsidiary of LBHI. It is registered as a broker/dealer and is one of the largest full-line securities firms in the world, serving institutions, governments and high-net-worth investors in the U.S., European, and Asian financial markets. Its primary activities include securities trading as principal and agent, securities underwriting, investment and merchant banking, and financial advisory services.

LBI is also one of the "primary dealers" in United States Government securities. As a primary dealer, LBI buys, sells and finances government securities directly with the Federal Reserve Bank of New York as part of the Bank's open market activities. LBI's daily trading inventory positions in United States government and agency securities are financed largely through the use of repurchase agreements.

## LEHMAN BROTHERS – Company Descriptions (continued)

LBI funds its activities through many of the sources utilized by LBHI, including the $9 billion CP program referred to above.  LBI's CP is rated A-1/P1/F1+ by S&P, Moody's, and Fitch respectively.

**Lehman Brothers Bancorp, Inc.**
**Incorporated in Delaware**

Lehman Brothers Bancorp, Inc. is a holding company.  It holds the stock of Lehman Brothers Bank, FSB, Lehman Brothers Commercial Bank, Lehman Brothers Trust Company NA (fka NB Trust Company NA) and Lehman Brothers Trust Company (Delaware) (fka NB Trust Company Delaware).

**Lehman Brothers Commercial Bank**
**Incorporated in Utah**

Lehman Brothers Commercial Bank is a state chartered industrial bank, whose deposits are insured by the Federal Deposit Insurance Corporation ("FDIC").  It primarily originates commercial and industrial loans, commercial real estate loans, warehouse loans, and interest rate products and funds itself through bank deposits. LBCB is wholly owned by Lehman Bancorp, Inc., a Delaware Corporation, which in turn is wholly owned by LBHI.

**Lehman Brothers Commercial Corporation ("LBCC")**
**Incorporated in Delaware**

LBCC is a wholly-owned subsidiary of LBHI.  LBCC activities include OTC foreign exchange spot, forward and options trading  LBCC benefits from a full guarantee by LBHI.

**Lehman Commercial Paper Inc. ("LCPI")**
**Incorporated in New York**

LCPI is a wholly-owned subsidiary of LBI and primarily engages in the origination and trading of secured and unsecured loans.  As part of these activities, LCPI provides warehouse loans secured by mortgage loans and other assets.  LCPI funds itself through repurchase agreements, bank credit facilities and borrowings from LBHI

**Lehman Brothers Special Financing Inc. ("LBSF")**
**Incorporated in Delaware**

LBSF, a wholly-owned subsidiary of LBI, is Lehman Brothers' principal dealer in a broad range of OTC derivative products including interest rate, currency, credit and mortgage derivatives  LBSF benefits from a full guarantee by LBHI

**Lehman Brothers Financial Products Inc. ("LBFP")**

## LEHMAN BROTHERS – Company Descriptions (continued)

Incorporated in Delaware

LBFP is a Triple-A rated special purpose subsidiary that is a stand-alone OTC derivative products company. LBFP has an enhanced continuation structure to ensure that OTC derivative obligations will be fulfilled to maturity.

**Lehman Brothers Derivative Products Inc. ("LBDP")**
**Incorporated in Delaware**

Like LBFP, LBDP is also a Triple-A rated special purpose subsidiary that is a stand-alone OTC derivative products company.  LBDP has a termination structure to ensure that the value of its OTC derivative obligations will be paid promptly following the termination of LBDP.

**Lehman Brothers OTC Derivatives Inc. ("LOTC")**
**Incorporated in Delaware**

LOTC, a wholly-owned and fully guaranteed subsidiary of LBHI, is a limited purpose, regulated broker-dealer.  LOTC operates under special regulations that limit its activities to eligible OTC derivative instruments and risk mitigating transactions in exchange for the ability to calculate its regulatory capital requirement based on Value at Risk models.  Generally, these risk based calculations better align capital requirements with the economic risk associated with trading strategies than traditional haircut based regulatory capital calculations used by fully regulated broker dealers  Due to the unique and relatively new methods of regulatory capital calculation, LOTC is subject to regular regulatory reporting, strict internal control requirements as well as an annual review by its regulator, the Securities and Exchange Commission.

**Lehman Re Ltd.**
**Incorporated in Bermuda**

Lehman Re Ltd  is a wholly-owned subsidiary of LBHI.  It is a unique combination of reinsurance and capital markets technology which provides a comprehensive suite of finite reinsurance and structured financial products  Lehman Re offers customized products organized around four areas: finite & structured financial solutions, property catastrophe reinsurance, and life annuity reinsurance. Lehman Re has an A+ rating by A.M. Best Co.

**Lehman Brothers Commodity Services**
**Incorporated in Delaware**

Lehman Brothers Commodity Services Inc. is a Delaware corporation with its principal place of business in New York, New York; it is a wholly-owned subsidiary of Lehman Brothers Special Financing Inc. and an indirect subsidiary of Lehman Brothers Holdings Inc. Lehman Brothers

## LEHMAN BROTHERS – Company Descriptions (continued)

Commodity Services has global trading capability in oil, natural gas and power markets. The business actively trades in all major financial energy products including futures, swaps, options, and structured products tailored to help clients manage exposures to the energy markets.

**Lehman Brothers Bank, FSB**
**Incorporated in USA**

Lehman Brothers Bank, FSB is a federally chartered savings bank, whose deposits are insured by the Federal Deposit Insurance Corporation ("FDIC"). It primarily originates and purchases residential mortgage loans and funds itself through bank deposits and Federal Home Loan Bank advances. LBB is wholly owned by Lehman Bancorp, Inc., a Delaware Corporation, which in turn is wholly owned by LBHI.

**Neuberger Berman Inc. ("NB")**
**Incorporated in Delaware**

Neuberger Berman Inc., a wholly owned subsidiary of Lehman Brothers Holdings Inc., is, through its subsidiaries, an investment advisory company with $140 billion in assets under management as of August 31st, 2007. Since 1939, the firm has provided clients with a broad range of investment products, services and strategies for individuals, families, and taxable and non-taxable institutions. The Company engages in wealth management services, including private asset management, tax and financial planning, and personal and institutional trust services, mutual funds, institutional management and alternative investments

**Aurora Loan Services LLC ("ALS")**
**Incorporated in Delaware**

Aurora Loan Services LLC is a wholly owned subsidiary of Lehman Brothers Bank, FSB. It is one of the country's leading companies with over 2,000 employees nationally. It specializes in 1st and 2nd mortgages from mortgage bankers on a servicing released basis It is one of the main sources of real estate loans used for the mortgage securitization business of Lehman Brothers

### U.K. BASED OPERATIONS

**Lehman Brothers International (Europe) ("LBIE")**
**Incorporated in the U.K.**

Incorporated in September 1990, LBIE's activities include trading and broking fixed income financial instruments, syndicating and underwriting new security issues, and stockbroking in relation to securities in many major and some emerging markets around the world. LBIE is authorized by the Financial Services Authority, and is a member of the London Stock Exchange and various continental European exchanges. LBIE benefits from a full guarantee from LBHI. The principal sources of funding include repurchase agreements, equity finance, secured bank lines and funding from to

## LEHMAN BROTHERS – Company Descriptions (continued)

other Lehman group entities. LBIE has branches in Amsterdam, Dubai, Frankfurt, Madrid, Milan, Paris, Qatar, Seoul, Stockholm, Tel Aviv, Zurich and a representative office in Geneva.

**Lehman Brothers Europe Ltd. ("LBEL")**
**Incorporated in the U.K.**

Incorporated in March 2000, LBEL engages in investment banking and corporate finance activities as well as arranging derivatives transactions as agent for various other Lehman Brothers group companies. LBEL is authorized by the Financial Services Authority. LBEL has a branch in Milan.

**Lehman Brothers Asset Management (Europe) Limited**
**Incorporated in the U.K.**
LBAMEL, based in London, was incorporated in May 2005. LBAMEL is authorized and regulated by the UK Financial Services Authority and is registered in England and Wales. LBAMEL offers a broad range of products for institutional and High Net Worth clients. Capabilities cover the risk/return spectrum in traditional asset classes as well as alternative investment strategies, including quant funds, hedge funds, commodity futures funds, and private equity funds.

**Lehman Brothers Ltd.**
**Incorporated in the U.K.**
This is the U.K. service company whose principal functions are accounting and payroll.

### CONTINENTAL EUROPEAN OPERATIONS

**Banque Lehman Brothers S.A. ("BLB")**
**Incorporated in France**

BLB is a fully-licensed French bank and finance company. It is engaged in investment banking activities (mergers & acquisitions and corporate finance).

**Lehman Brothers Finance S.A. ("LBFSA")**
**Incorporated in Switzerland**

LBFSA is a direct and fully guaranteed subsidiary of LBHI. It is the entity through which the Firm conducts a substantial portion of its equity derivatives business. LBFSA is an unregulated entity whose permitted activities are limited to a) Execution of OTC derivatives (i.e., options, forwards and swaps) on different underlyings, b) Issuance of warrants and certificates; c) Trading of securities and listed derivatives is only permitted to the

## LEHMAN BROTHERS – Company Descriptions (continued)

extent this is hedging the risk on the derivative portfolio, d) Securities borrowing/lending or repos are only permitted with other Lehman Brothers' entities and related to settlement or financing of securities holding positions (Note: borrowing of Swiss securities is forbidden)

**Lehman Brothers Bankhaus AG ("LBBAG")**
Incorporated in Germany

LBBAG, is a fully-licensed German bank, engaging in traditional bank lending and financing activities as well as investment banking activities (mergers & acquisitions and corporate finance). It is a licensed commercial bank incorporated under the German Stock Corporation Act and regulated by the German Federal Regulator. As a member of the Association of German Banks it participates in the German Depositors Protection Fund which insures deposits from non-bank customers. The bank finances itself primarily using unsecured and secured money market facilities. LBBAG is wholly owned by Lehman Brothers Verwaltungs- und Beteiligungsgesellschaft mbH, which is wholly owned by LBHI. LBBAG benefits from a full guarantee from LBHI. LBBAG has a $2 billion committed, unsecured flexible cash capital facility provided by a syndicate of relationship banks. The bank has a branch office in London.

**Lehman Brothers Luxembourg S.A. ("LB Lux")**
Incorporated in Luxembourg

LB Lux is a wholly-owned subsidiary of Lehman Brothers Holdings Inc. It acts as a conduit for stock loan and repo transactions between Lehman entities or with a counterparty. All such transactions are fully guaranteed by LBHI

**Lehman Brothers Treasury Co. BV (The Netherlands) ("BV")**
Incorporated in The Netherlands

Incorporated in March 1995, BV is a Dutch registered subsidiary of Lehman Brothers UK Holdings (Delaware) Inc. and its Eurodebt issuances are guaranteed by Lehman Brothers Holdings Inc. BV's primary objective is to raise funds for European-based businesses. In addition, BV also acts as a funding vehicle under the Firm's $60 billion EuroMTN program. The firm is a fully guaranteed subsidiary of Lehman Brothers Holdings, Inc.

**Lehman Brothers Equity Finance S.A. (Luxembourg)**
Incorporated in Luxembourg

Lehman Brothers (Luxembourg) Equity Finance. S.A. was incorporated on the 8th June 2004. Is a subsidiary of Lehman Brothers Holdings Inc. Delaware, USA. Its principal activities are the issuance of certificates which may be of any kind relating to any domestic or foreign securities or similar transactions, hedged by derivatives with other group companies.

7

Confidential Treatment Requested By Lehman Brothers Holdings, Inc.                    LBEX-LL 2165171

---

## LEHMAN BROTHERS – Company Descriptions (continued)

**Lehman Brothers Securities N.V.**
Incorporated in Netherlands

Lehman Brothers Securities N.V. ("LBS") was set up on October 31st, 2003 and is a fully owned subsidiary of Lehman Brothers Asia Holdings Ltd. incorporated as a limited liability company (a 'Naamloze Vennootschap, or N.V.) under the laws of the Netherlands Antilles. It is also a fully guaranteed subsidiary of LBHI It is primarily involved with issuing securities, such as warrants, certificates and debt instruments, linked to the performance of equities, funds, indices, foreign exchange, fixed income, commodities, real estate or other assets

**ASIA/PACIFIC OPERATIONS**

**Lehman Brothers Asia Holdings Limited ("LBAH")**
Incorporated in Hong Kong

LBAH is a fully guaranteed subsidiary of LBHI. It is also the Firm's principal non-Japan Asian fund raising vehicle, relying on both internal and external funding sources LBAH is an exempted leveraged foreign exchange trader

**Lehman Brothers Holdings Japan Inc. ("LBHJ")**
Incorporated in Japan

LBHJ is a fully guaranteed subsidiary of LBHI, and is a regional holding company for Lehman Brothers' regulated subsidiaries in Japan.

**Lehman Brothers Japan Inc. ("LBJI")**
Incorporated in Japan

LBJI, which was established as a Cayman Islands entity and opened the Tokyo Office in April 1986, has converted into a Japan incorporated company (KK). LBJI is a regulated broker-dealer or securities company and is also a primary dealer in Japanese Government Bonds (JGB). LBJI is a member of the Tokyo Stock Exchange, the Osaka Securities Exchange, the JASDAQ Exchange, the JASDAQ Exchange, the Tokyo Financial Exchange, the Tokyo Commodity Exchange. JASDEC and JGBCC, and benefits from a full guarantee from LBHI.

**Lehman Brothers Securities Asia Limited**
Incorporated in Hong Kong

Licensed by the Hong Kong Securities and Future Commission for regulated activity Type 1 to deal in securities, this entity deals in Hong Kong equity agency trading for LB affiliates and is a trading member of the Stock Exchange of Hong Kong. Lehman Brothers Securities Asia Limited is fully guaranteed by LBHI. LBSAL is an exempted leveraged foreign exchange trader

Confidential Treatment Requested By Lehman Brothers Holdings, Inc.                    LBEX-LL 2165172

## LEHMAN BROTHERS – Company Descriptions (continued)

**Lehman Brothers Asia Capital Company**
**Incorporated in Hong Kong**

Lehman Brothers Asia Capital Company engages in trading Japanese fixed income and equity and related products.  As this entity has a significant deficit in its balance sheet and is not a guaranteed subsidiary, it should not deal with non-LB counterparties.

**Lehman Brothers Asia Limited ("LBAL")**
**Incorporated in Hong Kong**

Lehman Brothers Asia Limited is licensed by the Hong Kong Securities and Futures Commission for various regulated activities namely dealing in securities and futures and advising on securities and corporate finance.  LBAL is also accepted by the Stock Exchange of Hong Kong to act as a sponsor for Hong Kong IPO transactions.  LBAL is a fully guaranteed subsidiary of LBI.  LBAL is an exempted leveraged foreign exchange trader

**Lehman Brothers PTE Ltd. ("PTE Ltd.")**
**Incorporated in Singapore**

PTE Ltd. holds a license for trading in futures contracts issued by the Monetary Authority of Singapore and is a corporate clearing member of the Singapore Exchange Derivatives Trading Limited ("SGX-DT").  PTE Ltd. is a fully guaranteed subsidiary of LBHI.

**Lehman Brothers Futures Asia Limited ("LBFA")**
**Incorporated in Hong Kong**

LBFA is a clearing member of the Hong Kong Futures Exchange and is licensed by the Hong Kong Securities and Futures Commission to deal in futures.

**Lehman Brothers Commercial Corporation Asia Limited ("LBCCA")**
**Incorporated in Hong Kong**

LBCCA principally engages in trading of fixed income and equities, as well as related products on a principal basis    It has a money lender license in Hong Kong.  LBCCA is a fully guaranteed subsidiary of LBHI.  LBCCA is an exempted leveraged foreign exchange trader

9

Confidential Treatment Requested By Lehman Brothers Holdings, Inc.

## LEHMAN BROTHERS – Financial Highlights

**Flagship Facilities**

| | | |
|---|---|---|
| LBHI Committed Facility | – | 3 year US$2.0B committed facility extended by a syndicate of 57 banks |
| LBBAG Committed Facility | – | 3 year US$2.5B committed facility extended by a syndicate of 38 banks |

**US Medium Term Note Program**

**WKSI Program (Unlimited)**
New York          Lehman Brothers Holdings Inc.

**European Medium Term Note Program**

**Shared $100 billion Program**
| | |
|---|---|
| London | Lehman Brothers Holdings Inc. |
| Frankfurt | Lehman Brothers Bankhaus AG |
| Netherlands | Lehman Brothers Treasury Co. BV |

**Commercial Paper Programs**

**Shared $9 billion Program**
| | |
|---|---|
| New York | Lehman Brothers Holdings Inc. |
| | Lehman Brothers Inc. |

**Shared $3 billion Program**
| | |
|---|---|
| Netherlands | Lehman Brothers Treasury Co. BV |
| London | Lehman Brothers Holdings Inc. |
| | Lehman Brothers Holdings Plc. |

**$119.99 billion of Long-Term Debt Maturing in:**[*]

| 2008 | $15.83 billion | 2011 | $11 89 billion |
|---|---|---|---|
| 2009 | $18.24 billion | 2011 thereafter | $56 93 billion |
| 2010 | $17.09 billion | | |

[*] Long-term debt maturities include $9.6 billion of extendibles, which are shown at their earliest maturity dates

10

Confidential Treatment Requested By Lehman Brothers Holdings, Inc.

## LEHMAN BROTHERS – Personnel

| NEW YORK: | Chris O'Meara | 212 526 9295 | Managing Director, CFO |
|---|---|---|---|
| | Paolo Tonucci | 212-526-2813 | Managing Director, Global Treasurer |
| | Ari Axelrod | 212-320-4486 | SVP, Head of Financial Planning and Analysis |
| | Julie Boyle | 212 320 6323 | SVP, Global Head of Creditor Relations; President & CEO, Lehman Brothers Commercial Bank |
| | Dan Fleming | 201-499-6770 | SVP, Head of Global Cash Management |
| | Nabill Younis | 212-320-4982 | SVP, Global Head of Asset and Liability Management |
| | Emil Cornejo | 212-320-4495 | SVP, Creditor Relations |
| | Steve Engel | 212-528-6236 | SVP, Global Treasury Funding Desk |
| | Janet Birney | 212-320-4489 | SVP, Global Head of Network Management |
| | Amberish Ratanghayra | 212-320-4976 | VP, Senior Relationship Manager, Creditor Relations |
| | Karen von Radler | 212-320-4981 | VP, Senior Relationship Manager, Creditor Relations |
| LONDON: | Andrew Wright | 44-20-7102-1175 | Managing Director, European CFO |
| | Carlo Pellerani | 44-20-7102-6309 | Managing Director, International Treasurer |
| | Dave Rushton | 44-20-7102-2091 | SVP, Head of European Asset & Liability Management |
| | Hou Rees | 44-20-7102-2107 | SVP, European Head of Creditor Relations |
| | Geoff Spouder | 44-20-7102-6803 | VP, Head of Network Management Europe |
| | Joseph Igoe | 44 20 710 25489 | VP, Relationship Manager, Creditor Relations |
| | Olga Santos-Canelles | 44 20 7102-9044 | AVP, Relationship Manager, Creditor Relations |
| ASIA: | Enrico Corsalini | 81-3-6440-5260 | Managing Director, Asia CFO |
| | Herbert Moos | 81-3-6440-5060 | SVP, Asia Treasurer |
| | Gregory Ito | 81-3-6440-5062 | SVP, Head of Asset & Liability Management Asia |
| | Nittaya Hongrapipat | 66-2-687-5822 | VP, Thailand Treasurer |
| | Ian Walker | 81-3-6440-5059 | VP, Head of Cash Management Asia |
| | Pierre Mengal | 81-3-6440-5063 | VP, Head Creditor Relations and Network Management |
| | Tatsushi Kishimoto | 81-3-6440-5142 | VP, Senior Relationship Manager, Creditor Relations and Network Management |
| | Nigel Watters | 81-3-6440-5075 | VP, Senior Relationship Manager, Creditor Relations and Network Management |
| | Indranil Ghosh | 91 22 4057 4020 | VP, India Treasurer |

11

Confidential Treatment Requested By Lehman Brothers Holdings, Inc.          LBEX-LL 2165175

## LEHMAN BROTHERS - Ratings

| | LBHI | LBI | Last Rating Actions | Outlook |
|---|---|---|---|---|
| **Moody's Investor Services** | | | October 2003 Ratings Upgrade | |
| Short-term | P-1 | P-1 | | |
| Long-term | A1 | Aa3 | | Positive |
| **Standard & Poor's Rating Services** | | | October 2005 Ratings Upgrade | |
| Short-term | A-1 | A-1+ | | |
| Long-term | A+ | AA- | | Stable |
| **Fitch Ratings** | | | | |
| Short-term | F-1+ | F-1– | July 2005 Ratings Upgrade | |
| Long-term | AA- | AA- | June 2007 Ratings Upgrade | Stable |
| **Dominion Bond Rating Service** | | | | |
| Short-term | R-1 (middle) | R-1 (middle) | | |
| Long-term | A (high) | AA (low) | | Positive |

12

Confidential Treatment Requested By Lehman Brothers Holdings, Inc.          LBEX-LL 2165176

*Kathleen Arnold and*
*Timothy A. Cotten, Creditors*
*9543 North Side Drive*
*Owings, Maryland 20736*
*Phone: 410.257.5283*
*Plaintiff, Pro Se Creditors*
*Related Case, AP. No. 11-01540*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | |
|---|---|
| **In re** : | |
| : | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC., et. al.** : | |
| : | |
| **Debtor,** : | **Case No. 08-13555 (JMP)** |
| : | **Jointly Administered** |

-------------------------------------------------------x

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

## OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)
## HEARING ON DEBTORS' ONE HUNDRED THIRTY-SIXTH OMNIBUS

### EXHIBITS

2.    LBHI, October 12, 2007, Financial Disclosures substantiating Debtor-Controlled-Affiliates Submitted Misleading and False Financial Disclosure Statements withholding and further never making said disclosure until March 24, 2010, as noted in Exhibits No. 3.

a.  Creditors not knowing the LBHI Debtor-Controlled-Affiliates had made false and misleading disclosures but did note they had not filed them in the August 2008 Malicious Removal Actions and LBHI Debtor-Controlled-Affiliates fought vehemently to avoid having to resubmit said disclosures upon Creditors objections.,(Creditors had first knowledge of Misstatements on March 24, 2010, when filed for the first time in the Appeal Action from Malicious Removals.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

KATHLEEN ARNOLD, *et al.*,

    Plaintiffs,

v.                                              Civil Action No.: 8:07-CV-2722 (RWT)

CITIMORTGAGE, INC., *et al.*,

    Defendants.

## DEFENDANT LEHMAN BROTHERS BANK, F.S.B.'S
## DISCLOSURE OF AFFILIATIONS AND FINANCIAL INTEREST

In accordance with Rule 103.3 of the Local Rules of the United States District Court for

the District of Maryland, defendant Lehman Brothers Bank, F.S.B. ("Lehman") submits the

following disclosure:

    1.    Lehman is a wholly-owned subsidiary of Lehman Brothers, Inc.

    2.    Lehman Brothers, Inc., is a wholly-owned subsidiary of Lehman Brothers

Holdings, Inc.

    3.    Lehman Brothers Holdings, Inc., is a publicly held entity.

                        Respectfully submitted,

                        WEINER BRODSKY SIDMAN KIDER PC

        By:    /s/ David M. Souders
               David M. Souders (Bar No. 15102)
               Bruce A. Alexander (Bar No. 0287)
               Sandra B. Vipond (Bar No. 15761)
               1300 Nineteenth Street, NW, Fifth Floor
               Washington, DC  20036
               (202) 628-2000 (telephone)
               (202) 628-2011 (facsimile)

Attorneys for Defendants Aurora Loan Services
LLC, CitiMortgage, Inc., Lehman Brothers Bank,
F.S.B., and Mortgage Electronic Registration
Systems, Inc.

Dated:  October 12, 2007

F:\96065\037\Lehman Bros Corporate Disclosure Statement.doc

### CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of October, 2007, a copy of the foregoing Lehman

Brothers Bank F.S.B.'s Disclosure of Affiliations and Financial Interest was served upon the

following:

<u>Via first class mail, postage prepaid</u>:

    Kathleen Arnold
    9543 North Side Drive
    Owings, MD 20736

    Timothy A. Cotten
    9543 North Side Drive
    Owings, MD 20736

    Samuel I. White, Esq.
    Samuel I. White, P.C.
    122 N. Alfred Street, Second Floor
    Alexandria, VA 22314

    Thomas P. Dore, Esq.
    Covahey, Boozer, Devan & Dore, P.A.
    606 Baltimore Avenue, Suite 302
    Towson, MD 21204

    Martin Dennis, Esq.
    10333 Southern Maryland Boulevard
    Dunkirk, MD 20754

    John H. Harman, Esq.
    8905 Fairview Road, Suite 600
    Silver Spring, MD 20910

<u>Via electronic filing</u>:

    Glenn A. Cline, Esq.
    Ballard Spahr Andrews & Ingersoll, LLP
    300 East Lombard Street, 18th Floor
    Baltimore, MD 21202

                By:    <u>/s/ David M. Souders</u>
                        David M. Souders (Bar No. 15102)

Case 8:07-cv-02722-RWT   Document 14   Filed 10/12/07   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

KATHLEEN ARNOLD, *et al.*,

        Plaintiffs,

    v.

CITIMORTGAGE, INC., *et al.*,

        Defendants.

Civil Action No.: 8:07-CV-2722 (RWT)

**DEFENDANT AURORA LOAN SERVICES LLC'S**
**DISCLOSURE OF AFFILIATIONS AND FINANCIAL INTEREST**

In accordance with Rule 103.3 of the Local Rules of the United States District Court for the District of Maryland, defendant Aurora Loan Services LLC ("Aurora") submits the following disclosure:

1.    Aurora is a wholly-owned subsidiary of Lehman Brothers Bank.

2.    Lehman Brothers Bank is a wholly-owned subsidiary of Lehman Brothers, Inc.

3.    Lehman Brothers, Inc., is a wholly-owned subsidiary of Lehman Brothers Holdings, Inc.

4.    Lehman Brothers Holdings, Inc., is a publicly held entity.

Respectfully submitted,

WEINER BRODSKY SIDMAN KIDER PC

By:    */s/ David M. Souders*
       David M. Souders (Bar No. 15102)
       Bruce A. Alexander (Bar No. 0287)
       Sandra B. Vipond (Bar No. 15761)
       1300 Nineteenth Street, NW, Fifth Floor
       Washington, DC 20036
       (202) 628-2000 (telephone)
       (202) 628-2011 (facsimile)

---

Case 8:07-cv-02722-RWT   Document 14   Filed 10/12/07   Page 2 of 3

Attorneys for Defendants Aurora Loan Services LLC, CitiMortgage, Inc., Lehman Brothers Bank, F.S.B., and Mortgage Electronic Registration Systems, Inc.

Dated: October 12, 2007

F:\9606?\037\Aurora Loan Services LLC Corporate Disclosure Statement.doc

Case 8:07-cv-02722-RWT   Document 14   Filed 10/12/07   Page 3 of 3

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of October, 2007, a copy of the foregoing Aurora

Loan Services LLC's Disclosure of Affiliations and Financial Interest was served upon the

following:

Via first class mail, postage prepaid:

    Kathleen Arnold
    9543 North Side Drive
    Owings, MD 20736

    Timothy A. Cotten
    9543 North Side Drive
    Owings, MD 20736

    Samuel I. White, Esq.
    Samuel I. White, P.C.
    122 N. Alfred Street, Second Floor
    Alexandria, VA 22314

    Thomas P. Dore, Esq.
    Covahey, Boozer, Devan & Dore, P.A.
    606 Baltimore Avenue, Suite 302
    Towson, MD 21204

    Martin Dennis, Esq.
    10333 Southern Maryland Boulevard
    Dunkirk, MD 20754

    John H. Harman, Esq.
    8905 Fairview Road, Suite 600
    Silver Spring, MD 20910

Via electronic filing:

    Glenn A. Cline, Esq.
    Ballard Spahr Andrews & Ingersoll, LLP
    300 East Lombard Street, 18th Floor
    Baltimore, MD 21202

            By:    /s/ David M. Souders
                    David M. Souders (Bar No. 15102)

*Cotten & Arnold et. al., Creditors v. Lehman Brothers Holding Inc. - Objection to Claims (Misclassified Claims)*

*Kathleen Arnold and*
*Timothy A. Cotten, Creditors*
*9543 North Side Drive*
*Owings, Maryland 20736*
*Phone: 410.257.5283*
*Plaintiff, Pro Se Creditors*
*Related Case, AP. No. 11-01540*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
**In re**                                                     :
                                                              :        **Chapter 11**
**LEHMAN BROTHERS HOLDINGS INC., et. al.** :
                                                              :
               **Debtor,**                                    :        **Case No. 08-13555 (JMP)**
                                                              :        **Jointly Administered**
-----------------------------------------------------------x

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

## OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)
## HEARING ON DEBTORS' ONE HUNDRED THIRTY-SIXTH OMNIBUS

## EXHIBITS

3.      LBHI, March 24, 2010, Financial Disclosures substantiating Debtor-Controlled-
Affiliates continued to mislead the courts for one year and half, failing to ever update the
disclosures and making the same said materially wrong and misleading financial
disclosures repeatedly from October 2007 to November 25, 2008.

1

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

|  |  |
|---|---|
| KATHLEEN ARNOLD, *et al.*,<br><br>      Appellants,<br><br>      v.<br><br>CITIMORTGAGE, INC., *et al.*,<br><br>      Appellees. | No.: 10-1233 |

**EXHIBIT A TO LEHMAN BROTHERS BANK FSB
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS**

In accordance with Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1,

appellee Lehman Brothers Bank FSB ("Lehman") submits the following disclosure:

1.     Lehman is a wholly-owned subsidiary of Lehman Brothers Bancorp, Inc.

2.     Lehman Brothers Bancorp, Inc., is a wholly-owned direct subsidiary of Lehman

      Brothers Holdings, Inc.

3.     Lehman Brothers Holdings, Inc., is presently in bankruptcy.

                  Respectfully submitted,
                  WEINER BRODSKY SIDMAN KIDER PC

By:    */s/ Sandra B. Vipond*
          David M. Souders
          Sandra B. Vipond
          1300 Nineteenth Street, NW, Fifth Floor
          Washington, DC  20036

          Attorneys for Appellees CitiMortgage, Inc.,
          Lehman Brothers Bank FSB, Aurora Loan Services,
          LLC, Mortgage Electronic Registration Systems,
          Inc., and Samuel I. White, P.C.

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
### DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Only one form needs to be completed for a party even if the party is represented by more than one attorney. Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case. Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements. Counsel has a continuing duty to update this information.

No. __10-1233__    Caption: __Kathleen Arnold, et al. v. CitiMortgage, Inc., et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Lehman Bros. Bank FSB__ who is _____ __Appellee__ _____, makes the following disclosure:
(name of party/amicus)          (appellant/appellee/amicus)

1.  Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
2.  Does party/amicus have any parent corporations? ☑ YES ☐ NO
    If yes, identify all parent corporations, including grandparent and great-grandparent corporations:
    **See Exhibit A**
3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
    If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))? ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
    If yes, identify any trustee and the members of any creditors' committee:

## CERTIFICATE OF SERVICE
*****************************

I certify that on __March 24, 2010__ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Kathleen Arnold
9543 North Side Drive
Owings, MD 20736
Appellant

Timothy A. Cotten
9543 North Side Drive
Owings, MD 20736
Appellant

__s/Sandra Vipond__                              __March 24, 2010__
(signature)                                          (date)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KATHLEEN ARNOLD, *et al.*,

        Appellants,

        v.

CITIMORTGAGE, INC., *et al.*,

        Appellees.

No.: 10-1233

## EXHIBIT A TO AURORA LOAN SERVICES, LLC'S
## DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

In accordance with Federal Rule of Appellate Procedure 26.1 and Local Rule 26.1,

appellee Aurora Loan Services, LLC ("Aurora") submits the following disclosure:

1.     Aurora is a wholly-owned subsidiary of Aurora Bank FSB, formerly known as Lehman Brothers Bank FSB.

2.     Lehman Brothers Bank FSB is a wholly-owned subsidiary of Lehman Brothers Bancorp, Inc.

3.     Lehman Brothers Bancorp, Inc., is a wholly-owned subsidiary of Lehman Brothers Holdings, Inc.

4.     Lehman Brothers Holdings, Inc., is currently in bankruptcy.

        Respectfully submitted,
        WEINER BRODSKY SIDMAN KIDER PC

By:    /s/ Sandra B. Vipond
        David M. Souders
        Sandra B. Vipond
        1300 Nineteenth Street, NW, Fifth Floor
        Washington, DC 20036

        Attorneys for Appellees CitiMortgage, Inc.,
        Lehman Brothers Bank FSB, Aurora Loan Services,
        LLC, Mortgage Electronic Registration Systems,
        Inc., and Samuel I. White, P.C.

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
### DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Only one form needs to be completed for a party even if the party is represented by more than one attorney. Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case. Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements. Counsel has a continuing duty to update this information.

No. __10-1233__    Caption: __Kathleen Arnold, et al. v. CitiMortgage Inc., et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Aurora Loan Services, LLC__ who is _____Appellee_____, makes the following disclosure:
(name of party/amicus)          (appellant/appellee/amicus)

1.  Is party/amicus a publicly held corporation or other publicly held entity? ☐YES ☑NO
2.  Does party/amicus have any parent corporations? ☑YES ☐NO
    If yes, identify all parent corporations, including grandparent and great-grandparent corporations:
    See Exhibit A
3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐YES ☑NO
    If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))? ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question) ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding? ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

## CERTIFICATE OF SERVICE
****************************

I certify that on __March 24, 2010__ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Kathleen Arnold                     Timothy A. Cotten
9543 North Side Drive               9543 North Side Drive
Owings, MD 20736                    Owings, MD 20736
Appellant                          Appellant


s/Sandra Vipond                              March 24, 2010
_____                   _____
(signature)                                    (date)

*Kathleen Arnold and*
*Timothy A. Cotten, Creditors*
*9543 North Side Drive*
*Owings, Maryland  20736*
*Phone: 410.257.5283*
*Plaintiff, Pro Se Creditors*
*Related Case, AP. No.  11-01540*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**In re**                                                           :
                                                                     :        **Chapter 11**
**LEHMAN BROTHERS HOLDINGS INC., et. al. :**
                                                                     :
                **Debtor,**                            :        **Case No. 08-13555 (JMP)**
                                                                     :        **Jointly Administered**
------------------------------------------------------------x

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

### OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)
### HEARING ON DEBTORS' ONE HUNDRED THIRTY-SIXTH OMNIBUS

### EXHIBITS

4.      LBHI, Fraudulent and Malicious Removal and Untruths as to Debtor-Controlled-
Affiliate being Original Defendants, Pursuant to U.S.C. 28 1441.

1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kathleen Arnold and Timothy Cotten | CitiMortgage Incorporated, et al. |

| (b) County of Residence of First Listed Plaintiff **Calvert** | County of Residence of First Listed Defendant _____ |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Plaintiffs, Pro Se, 9543 North Side Drive Owings, MD 20736 | David Souders, Bruce Alexander, Sandra Vipond, Weiner Brodsky Sidman Kider PC, 1300 19th Street, Ste 500, Washington, DC 20036 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1601, 1681, 1692, 12 U.S.C. §§ 2601
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Roger W. Titus   DOCKET NUMBER 07-CV-02617

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10/5/07 | Sandra B. Vipond |

### FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

KATHLEEN ARNOLD
9543 North Side Drive
Owings, MD 20736
(Calvert County)

and

TIMOTHY A. COTTEN
9543 North Side Drive
Owings, MD 20736
(Calvert County)

          Plaintiffs,

      v.

CITIMORTGAGE, INC.
1000 Technology Drive, MS 140
O'Fallon, MO 63304

AURORA LOAN SERVICES, LLC
2711 Centerville Road, Suite 400
Wilmington, DE 19808

WELLS FARGO HOME MORTGAGE, INC.
1595 Spruce Street
Riverside, CA 92507

CONGRESSIONAL FUNDING USA, LLC
77 S. Washington Street, Suite 205
Rockville, MD 20850
(Montgomery County)

STEWART TITLE GROUP, LLC
609 Global Way, Suite 122
Linthicum Heights, MD 21090
(Anne Arundel County)

Civil Action No.:

---

MARTIN DENNIS, ESQ.
10333 Southern Maryland Boulevard, Suite 201
Dunkirk, MD 20754
(Calvert County)

MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC.
1000 Technology Drive
O'Fallon, MO 63368

RANDA S. AZZAM, SUBSTITUTE TRUSTEE
209 Business Park Drive
Virginia Beach, VA 23462

ROBERT FRAZIER, SUBSTITUTE TRUSTEE
209 Business Park Drive
Virginia Beach, VA 23462

DANIEL J. PESACHOWITZ, SUBSTITUTE
TRUSTEE
209 Business Park Drive
Virginia Beach, VA 23462

and

LEHMAN BROTHERS BANK, F.S.B.
745 Seventh Avenue, 24th Floor
New York, NY 10019,

          Defendants.

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1331, 1441, and 1446, defendants Aurora Loan Services LLC

("Aurora"), CitiMortgage, Inc. ("CitiMortgage"), Lehman Brothers Bank, F.S.B. ("Lehman"), and

Mortgage Electronic Registration Systems, Inc. ("MERS"), hereby remove the above-captioned lawsuit

from the Circuit Court for Calvert County, Maryland, where it is currently pending, to the United States

District Court for the District of Maryland, Southern Division. As grounds for the removal of this case, Aurora, CitiMortgage, Lehman, and MERS state as follows:

1.     On or about August 6, 2007, plaintiffs Kathleen Arnold and Timothy A. Cotten (collectively, "plaintiffs"), commenced this action against defendants Aurora, CitiMortgage, Lehman, and MERS, among others, by filing a Complaint in the Circuit Court for Calvert County, Maryland, Case No. 04-C-07-001044.

2.     Though not entirely clear, the Complaint appears to arise out of the origination and servicing of a mortgage loan that plaintiffs obtained on or about September 15, 2003.

3.     In their 175-page Complaint, plaintiffs purport to allege fourteen claims against Aurora, CitiMortgage, Lehman, MERS and seven other defendants for alleged violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), Truth-in-Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), as well as various state laws.

4.     This civil action is one over which the United States District Court for the District of Maryland has original jurisdiction pursuant to 28 U.S.C. § 1331 in that the Complaint presents federal questions. Specifically, plaintiffs assert violations of the FDCPA, RESPA, TILA and FCRA.

5.     Given the existence of federal questions, Aurora, CitiMortgage, Lehman, and MERS are entitled to remove this action pursuant to 28 U.S.C. § 1441(b).

6.     This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) because it is being filed within thirty days of each of the removing defendants' receipt of a summons and the Complaint. Aurora, CitiMortgage, Lehman, and MERS each received a summons and copy of the Complaint on September 10, 2007.

7.     Upon information and belief, all of the other served defendants in this action consent to removal.

8.     The Circuit Court for Calvert County, Maryland, is located within the District of Maryland, Southern Division and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 100(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9.     In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon defendants is attached hereto as Exhibit A.

10.     Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Aurora, CitiMortgage, Lehman and MERS shall furnish written notice thereof to plaintiffs, and shall file and serve a copy of this Notice with the Clerk of the Circuit Court for Calvert County, Maryland.

Respectfully submitted,

WEINER BRODSKY SIDMAN KIDER PC

By:  _____
       David M. Souders (Bar No. 15102)
       Bruce A. Alexander (Bar No. 0287)
       Sandra B. Vipond (Bar No. 15761)
       1300 Nineteenth Street, NW, Fifth Floor
       Washington, DC 20036
       (202) 628-2000 (telephone)
       (202) 628-2011 (facsimile)

       Attorneys for Defendants Aurora Loan Services, LLC,
       CitiMortgage, Inc., Lehman Brothers Bank, F.S.B., and
       Mortgage Electronic Registration Systems, Inc.

Dated:  October 5, 2007

F:\96063\037\Notice of Removal (Federal Court).doc

Case 8:07-cv-02722-RWT    Document 1    Filed 10/05/07    Page 5 of 5

## CERTIFICATE OF SERVICE

I hereby certify that, on this _6_ th day of October, 2007, a copy of the foregoing Notice of

Removal of Action was served via first class mail, postage prepaid, upon the following pro se plaintiffs:

Kathleen Arnold
9543 North Side Drive
Owings, MD 20736

Timothy A. Cotten
9543 North Side Drive
Owings, MD 20736

_Suzanne M. Moreno_
Suzanne M. Moreno