**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
:
In re                                                            :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
:
                    Debtors.                 :    (Jointly Administered)
:
------------------------------------------------------------------------x

## SUPPLEMENTAL ORDER REINSTATING CLAIM

      WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Seventy Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)*, dated December 8, 2010 [Docket No. 13328] (the "Seventy-Fourth Omnibus Objection to Claims"), against claim number 34908 (the "Claim"), which was filed by Michael Pinko L.T.D (the "Claimant");

      WHEREAS the Seventy-Fourth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedures, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), to reclassify the Claim on the grounds that the Claim was based on ownership of Debtors' stock and therefore is properly classified as an equity interest, all as more fully described in the Seventy-Fourth Omnibus Objection to Claims;

WHEREAS the Claimant did not provide Debtors notice that Claimant had filed a response to the Seventy-Fourth Omnibus Objection to Claims on January 7, 2011;

WHEREAS the Debtors similarly were unable to determine that Claimant had filed a response to the Seventy-Fourth Omnibus Objection to Claims because it was not posted on the docket until after the hearing on the Seventy-Fourth Omnibus Objection to Claim held on January 20, 2011 (the "Omnibus Hearing") to consider the relief requested in the Seventy-Fourth Omnibus Objection to Claims;

WHEREAS the Court entered an order on January 20, 2011[Docket No. 14017] granting the relief requested in the Seventy-Fourth Omnibus Objection to Claims (the "Original Order"), which, among other things, reclassified the Claim;

WHEREAS months after entry of the Original Order, the Debtors identified through a review of the docket that Claimant had filed a timely-filed response to the Seventy-Fourth Omnibus Objection to Claims as to the Claim (the "Response");

WHEREAS had the Debtors received notice of the timely-filed Response prior to the Response Deadline or Omnibus Hearing, the Debtors would have adjourned the Omnibus Hearing with respect to the Claim, before the Omnibus Hearing, so that the Claim would not have proceeded on an uncontested basis;

**IT IS HEREBY**:

ORDERED that Epiq Systems shall be authorized and directed to immediately reinstate the Claim on the Debtors' official claims register; and it is further

ORDERED that the Claim be added to the list of adjourned claims to be heard with respect to Debtors' Seventy-Fourth Omnibus Objection; and it is further

2

ORDERED that the rights of the Debtors and any other party in interest to object to the Claim on any ground are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: New York, New York
       June 22, 2011

                                      *s/ James M. Peck*
                                      Honorable James M. Peck
                                      United States Bankruptcy Judge