B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re Lehman Brothers Holdings, Inc.                      Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of a portion of the claim as referenced in this evidence and notice.

| Morgan Stanley & Co. International plc | Kaupthing Bank hf. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Morgan Stanley & Co. International plc
25, Cabot Square,
Canary Wharf,
London E14 4QA

Court Claim # (if known): 58475

Amount of Claim: $181,152,897.20

Amount of Claim Transferred: $181,018,317.76

Date Claim Filed: 30th October 2009

With a copy to:
Richards Kibbe & Orbe L.L.P.
One World Financial Center
New York, NY 10281-1003
Fax: 212-530-1801
Attn: Managing Clerk

Phone:  + 44 207 677 7974
E-mail:  lndistressed@morganstanley.com

Phone: + 212 530 1800

Last Four Digits of Acct #: n/a

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct. #: _____

572171.1/153-05435

<u>Wire Instructions:</u>

## <u>USD    PAYMENT INSTRUCTIONS:</u>

TO:                    CHASE MANHATTAN
NEW YORK, NY
SWIFT:              CHASUS33
ACCOUNT NAME:    MORGAN STANLEY &
CO.    INTERNATIONAL plc
SWIFT:              MSLNGB2X
ACCOUNT NUMBER: 066617758
REF:                  Fixed Income


Last Four Digits of Acct #: _____


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MORGAN STANLEY & CO. INTERNATIONAL PLC**

                    BRIAN CRIPPS
                    Authorised Signatory
By: _____        Date: ____15·6·2011_____
      Transferee/Transferee's Agent

*Penalty for making a false statement:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 Y.S.C. §§ 152 & 3571.

572171.1/153-05435

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Kaupthing Bank hf.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Morgan Stanley & Co. International plc** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **US$24,817,943.93** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **58475** filed by or on behalf of Kaupthing Bank hf. on behalf of and in its capacity as authorised representative of accountholders listed on Exhibit A of the Proof of Claim and transferred under Document Number **17415** to Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed by the Seller on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **15** day of June 2011.

**SELLER**
**KAUPTHING BANK HF.**

By: _David Stefansson_
Name: DAVID STEFANSSON
Title: MANAGING DIRECTOR.

Resolution Committee
Borgartún 26
IS-105 Reykjavik, Iceland
Attention: Örn Gudmundsson

**PURCHASER**
**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By: _Brian Cripps_
Name:
Title:       BRIAN CRIPPS
          Authorised Signatory

25, Cabot Square
Canary Wharf
London E14 4QA
E- mail: lndistressed@morganstanley.com

Schedule 1

Transferred Claims

Purchased Claim

$24,817,943.93 of XS0289028085 claim of US$181,018,317.76 (the outstanding amount of the portion of the Proof of Claim being transferred as of **15** June 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount & Accrued Interest | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury CO. BV Program Securities Bonds – Asian FX Basket Quanto Note | XS0289028085 (blocking no.6044584) | Lehman Brothers Treasury CO. BV | Lehman Brothers Holdings Inc | SEK 165,970,000.00 principal | N/A | 14 May 2010 |

**AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM**
**LEHMAN PROGRAM SECURITY**

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

1.       For value received, the adequacy and sufficiency of which are hereby acknowledged, **Kaupthing Bank hf.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Morgan Stanley & Co. International plc** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **US$32,946,542.06** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **58475** filed by or on behalf of Kaupthing Bank hf. on behalf of and in its capacity as authorised representative of accountholders listed on Exhibit A of the Proof of Claim and transferred under Document Number **17415** to Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.       Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed by the Seller on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.       Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15 day of June 2011.

**SELLER**
**KAUPTHING BANK HF.**

By: _David Stefansson_
Name: DAVID STEFANSSON
Title: MANAGING DIRECTOR.

Resolution Committee
Borgartún 26
IS-105 Reykjavik, Iceland
Attention: Örn Gudmundsson

**PURCHASER**
**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By: _____
Name:    BRIAN C.
Title:    Authorised Sig......

25, Cabot Square
Canary Wharf
London E14 4QA
E- mail: lndistressed@morganstanley.com

Schedule 1

Transferred Claims

Purchased Claim

$32,946,542.06 of XS0292822771 claim of US$181,018,317.76 (the outstanding amount of the portion of the Proof of Claim being transferred as of **15** June 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount & Accrued Interest | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury CO. BV Program Securities Bonds – Asian FX Basket Quanto Note | XS0292822771 (blocking no.6044581) | Lehman Brothers Treasury CO. BV | Lehman Brothers Holdings Inc | SEK 220,330,000.00 principal | N/A | 11 June 2010 |

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Kaupthing Bank hf.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Morgan Stanley & Co. International plc** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **US$47,315,140.19** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **58475** filed by or on behalf of Kaupthing Bank hf. on behalf of and in its capacity as authorised representative of accountholders listed on Exhibit A of the Proof of Claim and transferred under Document Number **17415** to Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed by the Seller on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **15** day of June 2011.

**SELLER**
**KAUPTHING BANK HF.**

By: _David Stefánsson_
Name: DAVID STEFANSSON
Title: MANAGING DIRECTOR.

Resolution Committee
Borgartún 26
IS-105 Reykjavik, Iceland
Attention: Örn Gudmundsson

**PURCHASER**
**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By: _Brian Cripps_
Name:       BRIAN CRIPPS
Title:       Authorised Signatory

25, Cabot Square
Canary Wharf
London E14 4QA
E- mail: lndistressed@morganstanley.com

Schedule 1

Transferred Claims

Purchased Claim

$47,315,140.19 of XS0277538681 claim of US$181,018,317.76 (the outstanding amount of the portion of the Proof of Claim being transferred as of 15 June 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount & Accrued Interest | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury CO. BV Program Securities Bonds – Asian FX Basket Quanto Note | XS0277538681 (blocking no.6044583) | Lehman Brothers Treasury CO. BV | Lehman Brothers Holdings Inc | SEK 316,420,000.00 principal | N/A | 2 March 2010 |

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

**TO:**      **THE DEBTOR AND THE BANKRUPTCY COURT**

1.       For value received, the adequacy and sufficiency of which are hereby acknowledged, **Kaupthing Bank hf.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Morgan Stanley & Co. International plc** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **US$75,938,691.59** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **58475** filed by or on behalf of Kaupthing Bank hf. on behalf of and in its capacity as authorised representative of accountholders listed on Exhibit A of the Proof of Claim and transferred under Document Number **17415** to Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, and (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.       Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed by the Seller on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.       Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15 day of June 2011.

**SELLER**
**KAUPTHING BANK HF.**

By: _David Stefansson_
Name: DAVID STEFANSSON
Title: MANAGING DIRECTOR.

Resolution Committee
Borgartún 26
IS-105 Reykjavik, Iceland
Attention: Örn Gudmundsson

**PURCHASER**
**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By: _____
Name:
Title:
        BRIAN CRIPPS
        Authorised Signatory

25, Cabot Square
Canary Wharf
London E14 4QA
E- mail: lndistressed@morganstanley.com

Schedule 1

Transferred Claims

Purchased Claim

$75,938,691.59 of XS0282145969 claim of US$181,018,317.76 (the outstanding amount of the portion of the Proof of Claim being transferred as of 15 June 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount & Accrued Interest | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury CO. BV Program Securities Bonds – Asian FX Basket Quanto Note | XS0282145969 (blocking no.6044585) | Lehman Brothers Treasury CO. BV | Lehman Brothers Holdings Inc | SEK 507,840,000.00 principal | N/A | 12 April 2010 |

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | |
|---|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000058475

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

T!

**Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)**

Kaupthing Bank hf.
Resolution Committee
Attn: Pál Ryfors
Borgartún 19
IS-105 Reykjavik, Iceland

with a copy to: Mark Berman, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
Phone: 617-345-1000

Telephone number: +46 8 791 46 23   Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**

Note: the payee specified herein, Ålandsbanken Sverige AB ("Ålandsbanken"), cannot be changed without the prior written consent of Ålandsbanken.

Ålandsbanken Sverige AB (publ)
Attn: Operations
Stureplan 19
107 81 Stockholm, Sweden

Telephone number:       Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**1.** Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** See attached.                **(Required)**

☐   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

**2.** Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See attached.                **(Required)**

**3.** Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See attached.                **(Required)**

**4.** Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

90078                **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| | **FOR COURT USE ONLY** |
|---|---|

**FILED / RECEIVED**

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. 10/26/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Kaupthing Bank hf, by Pál Ryfors, Chief Executive Officer of Kaupthing Sverige AB |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.<br><br>Debtors. | Chapter 11<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |

## ADDENDUM TO PROOF OF CLAIM

Name of Debtor Against Which Claims are Asserted:

    Lehman Brothers Holdings Inc. (the "Debtor").

Case Number of Debtor Against Which Claims are Asserted:

    08-13555 (JMP).

Name of Creditor:

    Kaupthing Bank hf files this proof of claim on behalf of and in its capacity as authorized representative for the accountholders listed in Exhibit A attached hereto (the "Creditors") and incorporated herein by reference. Pål Ryfors, the chief executive officer of Kaupthing Sverige AB, is authorized to sign this proof of claim on behalf of Kaupthing Bank hf pursuant to a power of attorney, a copy of which is attached hereto as Exhibit B.

Address where notices should be sent:

| | | |
|---|---|---|
| Resolution Committee<br>Attn: Pål Ryfors<br>Kaupthing Bank hf.<br>Borgartún 19<br>IS-105 Reykjavik<br>Iceland | With a copy to: | Mark N. Berman, Esq.<br>Nixon Peabody LLP<br>100 Summer Street<br>Boston, MA 02110<br>Telephone: (617) 345-1000<br>e-mail: mberman@nixonpeabody.com |

12757782.4

<u>Address where payment should be sent:</u>

> Ålandsbanken Sverige AB (publ)
> Attn: Operations
> Stureplan 19
> 107 81 Stockholm, Sweden

The payee specified herein, Ålandsbanken Sverige AB ("<u>Ålandsbanken</u>"), has entered

into pledge agreements, pursuant to which any payment on the Notes (as defined below) are to

be made to Ålandsbanken.  Consequently, the payee specified in this proof of claim cannot be

changed without the prior written consent of Ålandsbanken.

I.     **<u>SUMMARY OF CLAIMS</u>**

Reference is made to the following:

1. Final Terms dated November 27, 2006 (the "<u>VOTM I Final Terms</u>") relating to Lehman Brothers Treasury Co. B.V. (the "<u>Obligor</u>") Issue of up to SEK 1,000,000,000 Quanto FX Basket-Linked Notes due 2010 (the "<u>VOTM I Notes</u>") guaranteed by Lehman Brothers Holdings Inc. under the U.S. $60,000,000,000 Euro Medium-Term Note Program. · A copy of the VOTM I Final Terms is attached hereto as <u>Exhibit C</u>.  Pursuant to the terms and conditions of the VOTM I Final Terms and the Base Prospectus dated as of August 9, 2006 (as the same may be supplemented, modified or amended from time to time, the "<u>Base Prospectus</u>"), the Debtor guaranteed the obligations of the Obligor under the VOTM I Notes.  The VOTM I Notes were assigned ISIN Code XS0277538681;

2. Final Terms dated April 8, 2007 (the "<u>VOTM II Final Terms</u>") relating to Lehman Brothers Treasury Co. B.V. Issue of up to SEK 2,000,000,000 Quanto FX Basket-Linked Notes due 2010 (the "<u>VOTM II Notes</u>") guaranteed by Lehman Brothers Holdings Inc. under the U.S. $60,000,000,000 Euro Medium-Term Note Program.  A copy of the VOTM II Final Terms is attached hereto as <u>Exhibit D</u>.  Pursuant to the terms and conditions of the VOTM II Final Terms and the Base Prospectus, the Debtor guaranteed the obligations of the Obligor under the VOTM II Notes.  The VOTM II Notes were assigned ISIN Code XS0282145969;

3. Final Terms dated February 21, 2007 (the "<u>VOTM III Final Terms</u>") relating to Lehman Brothers Treasury Co. B.V. Issue of up to SEK 1,000,000,000 Quanto FX Basket-Linked Notes due May 2010 (the "<u>VOTM III Notes</u>") guaranteed by Lehman Brothers Holdings Inc. under the U.S. $60,000,000,000 Euro Medium-Term Note Program.  A copy of the VOTM III Final Terms is attached hereto as <u>Exhibit E</u>.  Pursuant to the terms and conditions of the VOTM III Final Terms and the Base Prospectus, the Debtor guaranteed

2

the obligations of the Obligor under the VOTM III Notes. The VOTM III Notes were assigned ISIN Code XS0289028085; and

4. Final Terms dated June 11, 2007 (the "VOTM IV Final Terms", and together with the VOTM I Final Terms, the VOTM II Final Terms and the VOTM III Final Terms, the "Final Terms") relating to Lehman Brothers Treasury Co. B.V. Issue of up to SEK 2,000,000,000 Quanto FX Basket-Linked Notes due 2010 (the "VOTM IV Notes", and together with the VOTM I Notes, the VOTM II Notes and the VOTM III Notes, the "Notes") guaranteed by Lehman Brothers Holdings Inc. under the U.S. $60,000,000,000 Euro Medium-Term Note Program. A copy of the VOTM IV Final Terms is attached hereto as Exhibit F. Pursuant to the terms and conditions of the VOTM IV Final Terms and the Base Prospectus, the Debtor guaranteed the obligations of the Obligor under the VOTM IV Notes. The VOTM IV Notes were assigned ISIN Code XS0292822771.

The Creditors currently hold Notes in the principal amounts set forth opposite their respective names in Exhibit A. Such amounts have been converted to U.S. Dollars using an exchange rate of 6.6875 SEK/USD, the applicable exchange rate in effect as of September 15, 2008, the date that the Debtor commenced its voluntary case under chapter 11 of the Bankruptcy Code. The claims set forth on Exhibit A do not include interest or fees and expenses (including without limitation, attorneys' fees and expenses) incurred in connection with the filing of this proof of claim.

The Creditors reserve the right to amend any and all amounts set forth on Exhibit A as necessary. Claims asserted herein are asserted to the fullest extent permitted under the Final Terms, the Base Prospectus and applicable law.

Pursuant to the Unanimous Written Consent of the Executive Committee of the Board of Directors of the Debtor, dated June 9, 2005 (the "Guarantee"), the Debtor guaranteed the payment of all liabilities, obligations and commitments of Lehman Brothers Treasury Co. B.V. A copy of the Guarantee is attached hereto as Exhibit G. The Creditors thus assert their claims with respect to the securities issued by Lehman Brothers Treasury Co. B.V. against the Debtor

on the basis of the Guarantee and any other guarantees, contractual or otherwise, by the Debtor

for the benefit of Lehman Brothers Treasury Co. B.V.

## II.    RESERVATION OF RIGHTS

The Creditors reserve the right (a) subject to the requirement that Ålandsbanken must

consent in writing to any changes to the payee information set forth herein, to amend and/or

supplement this proof of claim at any time, including after any bar date, and in any manner; and

(b) to file additional proofs of claim for any additional claim against the Debtor which may be

based on the same or additional documents or grounds of liability. This proof of claim is not a

waiver of any claim or claims by the Creditors. This claim is not subject to any setoff or

counterclaim rights by the Debtors.

The filing of this proof of claim is not and shall not be deemed or construed as: (a) a

waiver or release by the Creditors of any rights against any person, entity or property; (b) a

consent by the Creditors to the jurisdiction of this Court or any other court with respect to

proceedings, if any, commenced in any case against or otherwise involving the Creditors; (c) a

waiver or release of the Creditors' right to trial by jury in this Court or any other court in any

proceeding as to any and all matters so triable herein, whether or not the same be designated

legal or private rights or in any case, controversy or proceeding related hereto, notwithstanding

the designation or not of such matters as core proceedings pursuant to 28 U.S.C. § 157, and

whether such jury trial right is pursuant to the statute or the United States Constitution; (d) a

consent by the Creditors to a jury trial in this Court or any other court in any proceeding as to

any and all matters so triable herein or in any case, controversy or proceeding related hereto

pursuant to 28 U.S.C. § 157 or otherwise; (e) a waiver or release of the Creditors' right to have

any and all final orders in any and all non-core matters or proceedings entered on after *de novo*

review by a judge of the United States District Court; (f) a waiver of the right to move to

withdraw the reference with respect to the subject matter of this proof of claim, any objection

thereto or other proceeding which may be commenced in this case or otherwise involving the

Creditors; (g) an election of remedies; or (h) a waiver of any rights, claim or claims, actions or

defenses, setoffs, recoupments or other matters to which the Creditors are entitled under any

agreements, at law, in equity or under the United States Constitution.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                    :

In re                          :        Chapter 11

                                   :
LEHMAN BROTHERS HOLDINGS INC.,   :        Case No. 08-13555 (JMP)
                                   :
                                   :        Jointly Administered

                     Debtor        :
------------------------------------------------------------x

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

<table>
<tr><td>Kaupthing Bank hf.</td><td>Kaupthing Bank hf. on behalf of and in its capacity as authorized representative of accountholders listed on <strong><u>Exhibit A</u></strong> to the attached Proof of Claim*</td></tr>
<tr><td>Name of Transferee</td><td>Name of Transferor</td></tr>
</table>

Name and Address where notices to transferee should be sent:

    Kaupthing Bank hf.
    Resolution Committee
    Attn: Örn Guðmundsson
    Borgartún 26
    IS-105 Reykjavik, Iceland

Court Claim # (if known): 58475

Amount of Claim: $181,152,897.20

(see **Exhibit A** of attached Proof of Claim)

Amount of Claim Transferred: $181,018,317.76*

Date Claim Filed: October 30, 2009

Phone: +354 - 4446100

Last Four Digits of Acct #: _____

Phone: _____

Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above):

    Ålandsbanken Sverige AB (publ)
    Attn: Operations
    Stureplan 19
    107 81 Stockholm, Sweden

Phone: _____

Last Four Digits of Acct #: _____

       The documentation evidencing the transfer of claims from the accountholders listed on **Exhibit A** of the attached Proof of Claim is voluminous and is therefore not included in this Partial Transfer of Claim. Such documentation will be made available upon request.

\* The following portions of Claim #58475 are excluded from this Partial Transfer of Claim:

| Last name | First name | Lehman Brothers Debtor | Description of Security | ISIN | Blocking Number | Amount of claim (in $USD as of 9/15/08) | Pantsatt volym/lån |
|---|---|---|---|---|---|---|---|
| BÄCKMAN | DANIEL | Lehman Brothers Holdings Inc. | Valutaobligation Tillväxtmarknader 1 | XS0277538681 | 6044583 | $44,859.81 | 300,000.00 |
| CARLBRAND | DORIS | Lehman Brothers Holdings Inc. | Valutaobligation Tillväxtmarknader 3 | XS0289028085 | 6044584 | $44,859.81 | 300,000.00 |
| SCHAGERHOLM | ALF | Lehman Brothers Holdings Inc. | Valutaobligation Tillväxtmarknader 3 | XS0289028085 | 6044584 | $44,859.81 | 300,000.00 |
| TOTAL: | | | | | | $134,579.44 | 900,000.00 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**Kaupthing Bank hf.**

By: _____     _____     Date: June 6, 2011

Steinar Þór Guðgeirsson          Jóhannes Rúnar Jóhannsson
Resolution Committee / Transferee's Agent     Resolution Committee
of Kaupthing Bank hf.            of Kaupthing Bank hf.

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

13470885 6

2