# Agreement and evidence of transfer of claim
## Lehman Program Security

RECEIVED JUN 17 2011 U.S. BANKRUPTCY COURT SDNY

TO: THE DEBTOR AND THE BANKRUPTY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **TARGOBANK AG & Co. KGaA f/k/a Citibank Privatkunden AG & Co. KGaA** ("Transferor") hereby unconditionally and irrevocably transfers and assigns to

    Mr. Guenter Schipp
    name of customer

    (the "Transferee"), as of the date hereof, an undivided interest, to the extent of $ 7,100.50 , which is equal to 0.001498786 % and as specified in Schedule 1 attached hereto (the "Transferred Claim"), in Transferor's right, title and interest in and to, or arising under or in connection with Proof of Claim Number 55404 filed by or on behalf of

    Mr. Guenter Schipp
    name of customer

    (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), but only to the extent related to the Transferred Claim. For the avoidance of doubt, the Transferred Claim will not encompass Transferor's rights, title or interests in and to and arising in relation to the Proof of Claim or the security or securities except to the extent of $ 7,100.50 , which is equal to 0.001498786 % and as specified in Schedule 1 attached hereto.

2. Transferor hereby waives any objection to the transfer of the Transferred Claim to Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee. Transferor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Transferee.

3. Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with German law, excluding any conflict of laws provisions (Kollisionsrecht). Particular allowance shall be made for the fact that this Agreement is to be used to comply with certain requirements relevant under US Federal Law or the laws of the State of New York.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 13 th day of May 2011.

**TARGOBANK AG & Co. KGaA f/k/a
Citibank Privatkunden AG & Co. KGaA** on behalf of

| Mr. Guenter Schipp | | Mr. Guenter Schipp |
|---|---|---|
| name of customer | | name of customer |
| By _(signature)_ | _(signature)_ | By X _(signature)_ |
| Name Mr. Oliver Stuempges | Mr. Theo Peters | Name Mr. Guenter Schipp |
| Title Area Director | Area Manager | Title |
| Kasernenstr. 10 | | Hottelner Weg 55 |
| address | | address |
| 40213 Duesseldorf, Germany | | 31137 Hildesheim, Germany |
| city, state, zip | | city, state, zip |

# Transferred Claim

$ 7,100.50 of $ 473,750,188 (the outstanding amount of the Proof of Claim as of

13 May 2011

date of Agreement and Evidence of Transfer) together with accrued and unpaid interest.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Maturity | Amount together with accrued and unpaid interest (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BR.TR.BO.E.N12SX5E | DE000A0S1160 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $ 7,100.50 | ---------------- | 7 December 2012 | $ 7,100.50 |

B 210A (Form 210A) (12/09)

# United States Bankruptcy Court

In re Lehman Brothers Holdings Inc. et al.        ,    Case No. Chapter 11 08-13555 (JMP) (Jointly Administered)

### Transfer of claim other than for security

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U. S. C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Mr. Guenter Schipp | TARGOBANK AG & Co. KGaA |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to Transferee should be sent:

Mr. Guenter Schipp

Hottelner Weg 55, 31137 Hildesheim, Germany

Phone: + 49 (0)5121 516903

Last Four Digits of Acct #:

Court Claim # (if known): 55404

Amount of Claim: $ 7,100.50

Date Claim Filed: 29 October 2009

Phone: +49 (0)203 347 5703

Last Four Digits of Acct #:

Name and Address where notices to Transferee should be sent: (if different from above):

Phone:

Last Four Digits of Acct #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By X _____    Date  24.05.2011
       Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U. S. C. §§ 152 & 3571.

## Anhang „Wichtige Informationen"

**Sachstand bei den Ansprüchen aus meinen Lehman-Wertpapieren**
Die TARGOBANK hat unter anderem die Ansprüche aus den im Antrag genannten Wertpapieren im Insolvenzverfahren der Lehman Brothers Holdings Inc. (LBHI) in New York als Treuhänder angemeldet. Aus technischen Gründen sind Ihre Ansprüche gegenüber LBHI dementsprechend derzeit unter dem Namen der TARGOBANK in der Insolvenztabelle¹ von LBHI registriert.

Ist Lehman Brothers Treasury Co. B. V. (LBT) in den Niederlanden Emittentin der betroffenen Lehman-Wertpapiere, ist es möglich, dass Sie auch Ansprüche gegen LBT haben. Bitte beachten Sie, dass die TARGOBANK diese zusätzlichen Ansprüche gegenüber LBT bisher **nicht** angemeldet hat und dies auch in Zukunft **nicht** tun wird. Sämtliche Ansprüche gegenüber LBT in anderen Insolvenzverfahren in den Niederlanden sind daher, insbesondere nach vollzogenem Depotübertrag, von Ihnen eigenverantwortlich, selbstständig und insbesondere unabhängig von der TARGOBANK wahrzunehmen. Bitte holen Sie auch hier gegebenenfalls geeigneten Rat ein.

**Ihre zukünftige Rolle als Gläubiger im Insolvenzverfahren von LBHI**
Aufgrund von US-insolvenzrechtlichen Besonderheiten erfordert der Depotübertrag in Bezug auf Ihre Ansprüche gegenüber LBHI die Ersetzung der TARGOBANK als Insolvenzgläubigerin in der Insolvenztabelle von LBHI durch Sie, den Depotinhaber. Von nun an nehmen **Sie selbst** die Stellung eines Gläubigers in diesem Insolvenzverfahren ein. Sie müssen daher ab der Ersetzung der TARGOBANK durch Sie in der Insolvenztabelle alle Rechte, aber auch alle Pflichten und Obliegenheiten eines Gläubigers im Insolvenzverfahren von LBHI eigenverantwortlich, selbstständig und insbesondere unabhängig von der TARGOBANK wahrnehmen. Bitte beachten Sie, dass die Nichtwahrnehmung von Rechten, Pflichten und Obliegenheiten im Insolvenzverfahren von LBHI dazu führen kann, dass bisher angemeldete Ansprüche gegen LBHI vollständig erlöschen können.

Die Verfolgung von Ansprüchen in Insolvenzverfahren in den USA unterscheidet sich stark von der Verfolgung von Ansprüchen in einem deutschen Insolvenzverfahren und kann gegebenenfalls deutlich schwieriger sein. So erfordert die Verfolgung von Ansprüchen in den USA insbesondere ein aktives Beobachten des Verfahrens sowie vorliegend gegebenenfalls ein aktives Handeln in New York, USA. Hierfür sind insbesondere Kenntnisse des auf dieses Verfahren anwendbaren Insolvenzrechts des Staates New York unabdingbar. Vor diesem Hintergrund möchten wir Sie nochmals darauf hinweisen, dass die Einholung von geeignetem Rat (gegebenenfalls bei einem New Yorker Prozessanwalt) notwendig sein kann.

**Notice-Verfahren**
Das US-amerikanische Recht sieht im Insolvenzverfahren von LBHI für die Ersetzung von Gläubigern das sog. „Notice-Verfahren" zur Anzeige eines Gläubigerwechsels vor. Hiernach muss die Anzeige eines Gläubigerwechsels durch den neuen Gläubiger, somit im vorliegenden *Fall durch Sie, vorgenommen werden*. Bitte beachten Sie, dass die TARGOBANK keinen Einfluss darauf hat, ob und zu welchem Zeitpunkt das Insolvenzgericht im Insolvenzverfahren von LBHI den Gläubigerwechsel tatsächlich vermerkt. Die TARGOBANK kann und wird dies auch **nicht** kontrollieren.

**Ablauf des Depotübertrags und Ersetzung in der LBHI-Insolvenztabelle**
Der Ablauf des Depotübertrags und die im Hinblick auf die entsprechenden Lehman-Wertpapiere beantragte Ersetzung der TARGOBANK in der Insolvenztabelle von LBHI durch Sie ist wie folgt:

1. Sie erhalten von der TARGOBANK folgende bereits ausgefüllten Unterlagen:
   a) diesen „Antrag auf Übertrag von Lehman-Wertpapieren – Version B"
   b) das Dokument „Form 210A" nebst einer unverbindlichen Übersetzung (bitte englische Version unterzeichnen)
   c) das Dokument „Evidence of Transfer of Claim – Version B" nebst einer unverbindlichen Übersetzung

2. Sie leiten diesen Antrag sowie die Dokumente *Form 210A* und *Evidence of Transfer of Claim – Version B* um etwaige noch fehlende Angaben ergänzt, gegebenenfalls korrigiert und unterschrieben an die TARGOBANK zurück.

3. Die TARGOBANK unterzieht die ausgefüllten Dokumente einer Plausibilitätsprüfung und unterzeichnet das Dokument *Evidence of Transfer of Claim – Version B*.

4. Die TARGOBANK stellt die gesamte Dokumentation für das Notice-Verfahren zusammen und schickt Ihnen die gesamte Dokumentation inklusive eines bereits an die für das Notice-Verfahren zuständige Stelle in New York adressierten Briefumschlags zu. Bitte beachten Sie, dass Änderungen an diesen Dokumenten ab diesem Zeitpunkt nur noch in Abstimmung mit der und nur durch die TARGOBANK vorgenommen werden dürfen.

5. Sie reichen die gesamte Dokumentation zum Notice-Verfahren bei der von der TARGOBANK bezeichneten Stelle in New York mittels internationalen Einschreibens mit internationalem Rückschein oder einem vergleichbaren Zugangsnachweis **selbst** ein.

   **Die Adresse lautet wie folgt:**
   United States Bankruptcy Court
   Southern District of New York
   Attention: Clerk's Office
   One Bowling Green
   New York, NY 10004-1408
   USA

   Die Kosten für den Versand sind von Ihnen zu tragen. Mit der Einreichung der Unterlagen beim United States Bankruptcy Court übernehmen Sie entsprechend den Anforderungen des US-Insolvenzrechts auch die strafrechtlich bewehrte Garantie für die Richtigkeit der in *Form 210A* enthaltenen Erklärung. Ein in diesem Zusammenhang mögliches Risiko besteht für Sie insbesondere, wenn Sie die durch die TARGOBANK geprüften Dokumente im Nachhinein nochmals ändern.

6. Sie übermitteln der TARGOBANK eine Kopie des internationalen Rückscheins oder des vergleichbaren Zugangsnachweises.

7. Die TARGOBANK überträgt nach Erhalt dieses Zugangsnachweises die betroffenen Lehman-Wertpapiere in das von Ihnen im Antrag benannte neue Depot. Der Depotübertrag ist damit in Deutschland abgeschlossen.

Im Insolvenzverfahren von LBHI in New York ist der weitere Ablauf wie folgt:

8. Nach Eingang der gesamten Dokumentation zum Notice-Verfahren bei der zuständigen Stelle in New York stellt der *Clerk of the Bankruptcy Court* (vergleichbar einem Rechtspfleger) Ihnen und der TARGOBANK eine Mitteilung über die im Hinblick auf Ihre Lehman-Wertpapiere beantragte Ersetzung der TARGOBANK durch Sie in der Insolvenztabelle (die sog. Notice) zu.

9. Die Notice enthält eine Aufforderung des *Clerk of the Bankruptcy Court*, der Ersetzung der TARGOBANK durch Sie als neuen Gläubiger in der Insolvenztabelle zu widersprechen, sollte für Sie ein berechtigtes Interesse an einem solchen Widerspruch bestehen. Ein Widerspruch hat zur Folge, dass die Ersetzung der TARGOBANK durch Sie in der Insolvenztabelle unterbleibt. Daher sollten Sie von diesem Widerspruchsrecht **keinen** Gebrauch machen.

10. Der *Clerk of the Bankruptcy Court* wartet 21 Tage ab und prüft, ob in dieser Zeit ein Widerspruch gegen die von ihm versandte Notice bei ihm eingeht. Geht kein Widerspruch ein, trägt er Sie in Bezug auf die betroffenen Lehman-Wertpapiere anstelle der TARGOBANK in die Insolvenztabelle ein. Wann dies genau geschieht, kann nicht unmittelbar festgestellt werden. Auf die Eintragung und den Eintragungszeitpunkt hat die TARGOBANK keinen Einfluss.

**Rolle der TARGOBANK nach Depotübertrag und Ersetzung in der LBHI-Insolvenztabelle**
Der Depotübertrag und die Ersetzung der TARGOBANK in der Insolvenztabelle führen zum einen dazu, dass das Treuhandverhältnis zwischen der TARGOBANK und Ihnen in Bezug auf die betroffenen Wertpapiere endet.

Faktisch führt es aber auch dazu, dass die TARGOBANK keinerlei Bezug mehr zu den betroffenen Lehman-Wertpapieren hat. Sie verliert somit jede Möglichkeit, in den Insolvenzverfahren von LBT und/oder LBHI Ihre Interessen in Bezug auf diese Lehman-Wertpapiere wahrzunehmen.

Darüber hinaus werden von den Insolvenzverwaltern auch keinerlei Zahlungen von etwaigen Ausschüttungen aus den Insolvenzmassen von LBT sowie LBHI mehr an die TARGOBANK geleistet werden. Sollten derartige Ausschüttungen vorgenommen werden, erhalten Sie diese nicht über die TARGOBANK.

---

(1) Die Insolvenztabelle wird zumeist auch als *Claims Register* bezeichnet.