Presentment Date and Time: June 29, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: June 28, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): June 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :   08-13555 (JMP)
                                                            :
                                  Debtors.                  :   (Jointly Administered)
------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER WITH RESPECT TO SECOND SERVICES EXTENSION AMENDMENT TO TRANSITION SERVICES AGREEMENT

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation and agreed order with respect to a second services extension amendment to a certain transition services agreement (the "Stipulation and Agreed Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **June 29, 2011 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Stipulation and Agreed Order shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) Chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., and Garrett Fail, Esq.; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq.; and (v) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Lindsee P. Granfield, Esq., and, Lisa M. Schweitzer, Esq., so as to be filed and received no later than **June 28, 2011 at 11:00 a.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Stipulation and Agreed Order is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed prior to the Objection Deadline, a hearing (the "Hearing") will be held to consider the Stipulation and Agreed Order on **June 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 22, 2011
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    Case No. 08-13555 (JMP)
                                                :
Debtors.                                        :    (Jointly Administered)
                                                :
----------------------------------------------------------------x

### STIPULATION AND AGREED ORDER WITH RESPECT TO SECOND SERVICES EXTENSION AMENDMENT TO TRANSITION SERVICES AGREEMENT

WHEREAS, commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its Affiliates[1] commenced cases before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which cases are proceeding under jointly administered case number 08-13555 (JMP) (the "Chapter 11 Cases", and the debtors in such cases, the "Chapter 11 Debtors");

WHEREAS, Barclays Capital Inc. ("BarCap"), LBHI, Lehman Brothers Inc. ("LBI"), and LB 745 LLC entered into an Asset Purchase Agreement dated September 16, 2008 (as clarified and amended, the "APA");

WHEREAS, BarCap and LBHI have entered into that certain Transition Services Agreement, dated September 22, 2008 (the "LBHI TSA") that was authorized by the Bankruptcy Court pursuant to the Sale Order;

WHEREAS, LBHI and BarCap agreed to extend the provision by BarCap of certain

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second TSA Services Extension Amendment (as defined below).

specified services, pursuant to the terms and conditions of that certain letter amendment, dated as of February 23, 2011 (the "First Letter Amendment", and the LBHI TSA as amended thereby, the "Amended LBHI TSA");

WHEREAS, the First Letter Amendment was authorized and approved by the Bankruptcy Court pursuant to that Stipulation and Agreed Order with Respect to Services Extension Amendment to Transition Services Agreement, entered on March 2, 2011 [Docket No. 14747];

WHEREAS, the Amended LBHI TSA is shortly due to expire by its terms;

WHEREAS, the parties hereto, subject to Bankruptcy Court approval hereof, seek to amend the Amended LBHI TSA to further extend the provision by BarCap of certain specified services, pursuant to the terms and conditions of that certain letter amendment, dated as of June 22, 2011, attached hereto as Exhibit 1 (the "Second TSA Services Extension Amendment").

**THE PARTIES, SUBJECT TO BANKRUPTCY COURT APPROVAL HEREOF, BY AND THROUGH THEIR RESPECTIVE ATTORNEYS, HEREBY STIPULATE, AGREE AND, UPON ENTRY BY THE BANKRUPTCY COURT, IT SHALL BE ORDERED THAT:**

1. Upon entry of this Stipulation and Agreed Order, the Second TSA Services Extension Amendment is hereby approved, and to the extent required, the Chapter 11 Debtors are further authorized to deliver, implement, and perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Second TSA Services Extension Amendment and perform any and all obligations contemplated therein.

2. For the avoidance of doubt, claims asserted by BarCap arising under the Second TSA Services Extension Amendment shall constitute costs and expenses of the administration of

the relevant Chapter 11 Debtor's or Chapter 11 Debtors' estate(s) pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code.

3.  Nothing in this Stipulation and Agreed Order or the Second TSA Services Extension Amendment shall (a) bind, be collateral estoppel, res judicata or otherwise prejudice any matter in the Chapter 11 Cases, the SIPA liquidation proceeding for LBI (the "LBI Case"), the Adversary Proceedings or any order or appeal from any order therein (other than the matters expressly addressed in the Second TSA Services Extension Amendment and the performance thereof); (b) impair or modify the rights and remedies of BarCap (or any Affiliate of BarCap) or any defenses of James W. Giddens as trustee for the liquidation of LBI under SIPA (the "Trustee"), LBI or any of the Chapter 11 Debtors or their Affiliates in respect of any claims that have been asserted, or may be asserted, by BarCap (or any Affiliates of BarCap) against LBI (or the Trustee as trustee for LBI), the Chapter 11 Debtors, their respective present or former Affiliates, or any third parties, with respect to any matter (other than the matters expressly addressed in the Second TSA Services Extension Amendment and the performance thereof) in the Chapter 11 Cases or in the LBI Case, the Adversary Proceedings, or any order or appeal taken from any order therein, and for the avoidance of doubt, all rights of BarCap and its Affiliates to (i) seek the dismissal, denial or other relief with respect to the Rule 60 Motions and/or dismissal or other relief in connection with the Adversary Proceedings, or (ii) seek enforcement of the Sale Order and secure delivery of any allegedly undelivered assets thereunder, including without limitation, pursuant to the Enforcement Motion, are hereby reserved; (c) impair or modify any rights and remedies of the Trustee, LBI or any of the Chapter 11 Debtors or any defenses of BarCap or its Affiliates in respect of or arising out of any claims that have been asserted or may be asserted against BarCap (or any Affiliates of BarCap), and

3

related recoveries, and any order or appeal taken from any order therein including, for the avoidance of doubt, (i) any claims and recoveries that are the subject of, related to or arise out of one or more of the Rule 60 Motions, (ii) any claims that are the subject of, related to or arise out of any of the Adversary Proceedings, or (iii) any claims relating to claimed shortfalls in LBI's compliance with customer protection rules.

4. The failure to specifically describe or include in this Stipulation and Agreed Order any particular provision of the Second TSA Services Extension Amendment shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court and the parties that the Chapter 11 Debtors are authorized to perform under the Second TSA Services Extension Amendment in its entirety.

5. Each person who executes this Stipulation and Agreed Order on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on behalf of such party.

6. This Stipulation and Agreed Order shall be binding on all parties in interest and their respective successors and assigns, including without limitation, any Chapter 7 or Chapter 11 trustees, and any plan agent, administrator or trustee no matter how denominated.

7. Notwithstanding anything to the contrary in the Federal Rules of Bankruptcy Procedure (including without limitation Rule 6004(h)), this Stipulation and Agreed Order shall take effect immediately upon entry.

8. This Stipulation and Agreed Order shall be interpreted, construed, and enforced exclusively in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order and the Second TSA Services Extension Amendment.

[Remainder of this page is intentionally left blank]

**AGREED TO:**

Dated: June 22, 2011
      New York, New York

| | |
|---|---|
| /s/ Jacqueline Marcus | /s/ Lindsee P. Granfield |
| Jacqueline Marcus, Esq. | Lindsee P. Granfield, Esq. |
| Garrett Fail, Esq. | Lisa M. Schweitzer, Esq. |
| | |
| WEIL, GOTSHAL & MANGES LLP | CLEARY GOTTLIEB STEEN & |
| 767 Fifth Avenue | HAMILTON LLP |
| New York, New York 10153 | One Liberty Plaza |
| Telephone: (212) 310-8000 | New York, NY 10006 |
| Facsimile: (212) 310-8007 | Telephone: (212) 225-2000 |
| | Facsimile: (212) 225-3999 |
| | |
| *Attorneys for the Chapter 11 Debtors and Debtors in Possession* | *Attorneys for Barclays Capital, Inc.* |

**SO ORDERED:**

Dated: June __, 2011
      New York, New York

                                                                               UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

EXECUTION VERSION

Barclays Capital Inc.
745 Seventh Avenue
New York, NY 10019

June 22, 2011 (the "**Execution Date**")

Lehman Brothers Holdings Inc.
1271 Sixth Avenue
New York, NY 10020
Attention: Leonard Cohen

Ladies and Gentlemen:

Reference is made to the Transition Services Agreement between Lehman Brothers Holdings Inc. ("**LBHI**") and Barclays Capital, Inc. ("**BarCap**," together with LBHI, the "**Parties**") dated September 22, 2008, as amended by the TSA Amendment No. 1 between LBHI, James W. Giddens as Trustee (the "**Trustee**") for the liquidation of the assets of Lehman Brothers Inc. ("**LBI**") and BarCap dated February 22, 2011 (such amendment, the "**Access Amendment**") and as extended by the Letter Amendment between LBHI and BarCap dated February 23, 2011 (the "**First Letter Amendment**") (as amended, the "**TSA**").

LBHI and BarCap wish to further extend the provision of certain specified services by amending the TSA according to the provisions of this letter amendment (the "**Second Letter Amendment**"). Therefore as of the Execution Date, subject to entry of the Approval Order (as defined below) by the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") in the jointly administered cases of LBHI and certain of its affiliates pending under Case No. 08-13555 (the "**Chapter 11 Cases**") and effective as of July 1, 2011 (the "**Effective Date**"), BarCap and LBHI hereby amend the TSA and agree as follows:

1. All terms not defined herein shall have the meaning set forth in the TSA.

2. The services set forth on Exhibit A hereto shall be deemed "**Letter Amendment Services**" pursuant to this Second Letter Amendment.

3. Notwithstanding anything to the contrary in Section 8.01(a) of the TSA, the Letter Amendment Services shall continue to be provided by BarCap from the period commencing on July 1, 2011 through the earlier of (a) September 30, 2011 or (b) termination of all Letter Amendment Services pursuant to Article 8 of the TSA (other than pursuant to Section 8.01(a)(x)-(z)) (the "**Termination Date**"), provided that the Domain Name Services (as defined in Exhibit A) (but no other Letter Amendment Services) shall continue until March 22, 2015, and all the provisions of this Second Letter Amendment shall continue to apply thereto until such date. The TSA expired on March 22, 2011, other than in respect of the Letter Amendment Services (both as set forth herein and in the First Letter Amendment) and the Access as set forth and defined in the Access Amendment. Notwithstanding anything to the contrary herein or in the TSA, the Letter Amendment Services shall constitute BarCap Services and shall be subject to all of the terms and conditions of the TSA applicable to BarCap Services. From and after the Termination Date,

BarCap shall have no further obligation to provide the Letter Amendment Services, other than the Domain Name Services.

4. Notwithstanding anything in the TSA to the contrary (including without limitation Sections 4.01(a)(ii) (the first (ii) of that provision), 8.01(b), 8.01(c) and 8.02) (a)(i) Schedule 1 hereto shall set out the Service Charges for all Letter Amendment Services (except the Domain Name Services) as of and after July 1, 2011 through and including September 30, 2011 (the "**Extension Period**") and (ii) Exhibit A hereto shall set out the Website Charges (as defined therein) through and including March 22, 2015, and (b) LBHI agrees to pay the Service Charges for the full Extension Period, regardless of whether the Letter Amendment Services are required by any Recipient for the entire Extension Period or whether Recipient terminates this Second Letter Amendment or any Letter Amendment Service prior to the end of the Extension Period. For the avoidance of doubt, the Service Charges hereunder shall be for the Services listed in Exhibit A and Access Charges (as defined in the Access Amendment) under the Access Amendment shall be for Access provided thereunder, provided that Website Charges shall be treated in accordance with Exhibit A hereto.

5. Notwithstanding Section 4.01(b) of the TSA, BarCap may deliver an invoice to LBHI (i) thirty (30) days in advance for the Service Charges due to BarCap under this Second Letter Amendment for the amounts set forth in Schedule 1 hereto, and in each case such payment shall be made within thirty (30) days after receipt of such invoice, provided, however, that subject to entry by the Bankruptcy Court of the Approval Order, the Service Charges for the month of July 2011 shall be due and payable no later than July 8, 2011. Notwithstanding the foregoing, the Website Charges, if any, shall be invoiced under and pursuant to the Access Amendment. BarCap shall be under no obligation to perform the Letter Amendment Services unless such timely payments are made by LBHI.

6. Notwithstanding anything to the contrary in Section 9.10 of the TSA, neither this Second Letter Amendment nor the TSA, may be assigned by (i) LBHI without the express written consent of BarCap or (ii) BarCap without the express written consent of LBHI. Notwithstanding the foregoing, (a) LBHI may assign this Second Letter Amendment to a single successor or Affiliate pursuant to a chapter 11 plan with the written consent of BarCap, which consent shall not be unreasonably withheld, and (b) BarCap may assign this Second Letter Amendment without the prior written consent of LBHI to an Affiliate of BarCap or in connection with any merger, consolidation, reorganization, or sale of substantially all of the assets relating to the Business, provided that such assignee agrees in writing to be bound by the terms and conditions of this Second Letter Amendment (including as it relates to the rights granted to LBHI).

Additional Provisions

1. By signing below, LBHI represents and warrants that subject to entry of the Approval Order, it is authorized to enter into and perform under this Second Letter Amendment with binding effect on behalf of LBHI. LBHI acknowledges and agrees that (a) to its knowledge the Services performed prior to and including the Execution Date have been performed in accordance with the terms of the TSA and (b) it is not aware of any claims under the TSA.

2. LBHI hereby acknowledges and agrees that to the extent that there are any issues arising out of any modification made pursuant to Paragraph 2 under the section entitled "Additional Provisions" of the First Letter Amendment to the method by which the LDAP database is populated with certain

2

employee- and/or user-related information, any costs associated with such modification and rectification of such issues shall be LBHI's responsibility and paid by LBHI, shall be in addition to the Service Charges hereunder, and shall be charged at the rates, and handled in accordance with the protocols, set forth in the Access Amendment.

3. For the purposes of this Section 3:

"**Rule 60 Motions**" shall mean the motions of the Trustee, LBHI and the Official Committee of Unsecured Creditors of LBHI for relief pursuant to Fed. R. Civ. P. 60 or otherwise with respect to the Sale Orders, comprised of (i) docket entries 5148, 5149, 5150, 5151, 5154, 5156, 5169, 5170, 5171, 5172, and 5173 in the Chapter 11 Cases, and (ii) docket entries 1682, 1683,1684, 1685, 1686, 1687, 1688, 1689, and 1702 in the LBI Case;

"**Adversary Proceedings**" shall mean, collectively, those cases proceeding before the Bankruptcy Court under case numbers Adv. Pro. 09-01732 (JMP), Adv. Pro. 09-01731 (JMP) and 09-01733 (JMP);

"**Sale Order**" shall mean, collectively, (i) that certain Order Under 11 U.S.C. Sections 105(a), 363 and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, and 6006 Authorizing and Approving (A) the Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, entered by the Bankruptcy Court on September 20, 2008 at Docket Item 258 in Case No. 08-13555 (JMP), and (ii) that certain Order Approving and Incorporating by Reference for the Purposes of this Proceeding, an Order Authorizing the Sale of Purchased Assets and Other Relief in the Lehman Brothers Holdings, Inc. Chapter 11 Proceeding, entered by the Bankruptcy Court on September 20, 2008 at Docket Item 69 in Case No. 08-1420 (JMP); and

"**Enforcement Motion**" shall mean the Motion of BCI to Enforce the Sale Order and Secure Delivery of All Undelivered Assets, dated as of January 29, 2010 (docket entry 6814 in the Chapter 11 Cases and docket entry 2581 in the LBI Case), together with any other pleadings filed or otherwise submitted by BarCap in support thereof.

Nothing in this Amendment shall (a) bind, be collateral estoppel, res judicata or otherwise prejudice any matter in the Chapter 11 Cases, Adversary Proceedings or any order or appeal taken from any order therein; (b) impair or modify the rights and remedies of BarCap (or any Affiliate of BarCap) or any defenses of the Trustee, LBI or any of the Chapter 11 Debtors or their Affiliates in respect of any claims that have been asserted, or may be asserted, by BarCap (or any Affiliates of BarCap) against LBI (or the Trustee as trustee for LBI), the debtors in the Chapter 11 Cases (the "**Chapter 11 Debtors**"), their respective present or former Affiliates, or any third parties, with respect to any matter (other than the matters expressly addressed in this Amendment and the performance thereof) in the Chapter 11 Cases, the Adversary Proceedings, or any order or appeal taken from any order therein, and for the avoidance of doubt, all rights of BarCap and its Affiliates to (i) seek the dismissal, denial or other relief with respect to of the Rule 60 Motions and/or dismissal or other relief in connection with the Adversary Proceedings, or (ii) seek enforcement of the Sale Order and secure delivery of any allegedly undelivered assets thereunder, including without limitation, pursuant to the Enforcement Motion, are hereby reserved; (c) impair or modify any rights and remedies of any of the Chapter 11 Debtors or any defenses of BarCap or its Affiliates in respect of or arising out of any claims that have been asserted, or may be asserted against BarCap (or any Affiliates of BarCap), and related recoveries, and any order or appeal taken from any order entered in connection therewith, including, for the avoidance of doubt, (i) any claims and recoveries that are the subject of, related to or arise out of one or more of the Rule 60

Motions, (ii) any claims that are the subject of, related to or arise out of any of the Adversary Proceedings, or (iii) any claims relating to claimed shortfalls in compliance with customer protection rules.

4. Except as otherwise expressly set forth herein, the respective rights and obligations of BarCap and LBHI set forth in the TSA and the DAA (as defined below), as applicable, shall remain in full force and effect, and this Second Letter Amendment shall not be construed to grant (a) any additional rights to any applications, data or services to LBHI or (b) any rights to any other entity to receive or use any applications, data or services. This Second Letter Amendment shall not constitute an amendment or waiver of any provision of the TSA, except as expressly set forth herein. As of the Effective Date, the TSA shall thereupon be deemed to be amended and supplemented as hereinabove set forth as fully and with the same effect as if the amendments and supplements made hereby were originally set forth in the TSA, and this Second Letter Amendment and the TSA shall henceforth be read, taken and construed as one and the same instrument, but such amendments and supplements shall not operate so as to render invalid or improper any action heretofore taken under the TSA. In the event of any inconsistency between this Second Letter Amendment and the TSA with respect to the matters set forth herein, this Second Letter Amendment shall take precedence, but otherwise the terms and conditions of the remainder of the TSA shall continue to apply with respect to the terms of this Second Letter Amendment. References to the TSA in any agreements or other documents to which BarCap and LBHI are parties, or amendments thereto, shall be deemed to mean the TSA as amended by this Second Letter Amendment, except as may otherwise be expressly agreed upon by the parties.

5. LBHI acknowledges and agrees that LBHI shall be responsible for, and BarCap shall be entitled to invoice LBHI for, BarCap's reasonable out-of-pocket costs and expenses (including, without limitation, attorney's fees) incurred in connection with this Second Letter Amendment.

6. Promptly following execution hereof, LBHI shall seek entry by the Bankruptcy Court of a stipulated order, in form and substance acceptable to BarCap, providing, among other things, authorization and approval for LBHI to enter into and perform under this Second Letter Amendment (such stipulated order, the "**Approval Order**"). For the avoidance of doubt, such Approval Order may be submitted to the Bankruptcy Court on notice of presentment. Each of the Parties shall cooperate, assist and consult with one another in connection with such efforts to obtain entry of the Approval Order. Notwithstanding any provision of this Amendment to the contrary, the obligations of the Parties under this paragraph are binding and effective on and from the Execution Date. If approval of this Second Letter Amendment is denied by the Bankruptcy Court, or the Approval Order is not entered on or before July 1, 2011, each of the Parties reserves all of their respective rights regarding the subject matter hereof, and this Second Letter Amendment shall be void ab initio, with no further force and effect.

7. Each party hereto covenants and agrees that, without any additional consideration, it shall execute and deliver any further legal instruments and perform any acts that are or may become reasonably necessary to effectuate this Second Letter Amendment.

8. For the avoidance of doubt, (a) the Letter Agreement regarding data access between Lehman Brothers Holdings Inc. and BarCap dated September 18, 2009 (the "**DAA**") shall continue in full force and effect pursuant to its terms, and Sections 1 through 6 thereof shall govern the Letter Amendment Services hereunder and (b) any agreement(s) between BarCap and LBHI that refer to or address the expiration or termination of the TSA (including the Access Amendment) shall refer to or address March 22, 2011 as the date of such expiration or termination, irrespective of whether Letter Amendment Services are being provided.

4

9. This Second Letter Amendment may be executed in one or more counterparts, all of which, with respect to a particular document, shall be considered one and the same instrument and an original. An electronic copy of a signature received in Portable Document Format (PDF) or a copy of a signature received via a fax machine shall be deemed to be of the same force and effect as an original signature on an original executed document.

Please countersign this letter in the space indicated below to acknowledge your agreement to and acceptance of the foregoing terms.

Yours sincerely,

BARCLAYS CAPITAL INC.

By: _____
    Name:
    Title:    Gerard S. LaRocca
              President
              Barclays Capital, Inc.

ACKNOWLEDGED AND AGREED

LEHMAN BROTHERS HOLDINGS INC.

By: _____
    Name:
    Title:

Please countersign this letter in the space indicated below to acknowledge your agreement to and acceptance of the foregoing terms.

Yours sincerely,

BARCLAYS CAPITAL INC.

By: _____
    Name:
    Title:

ACKNOWLEDGED AND AGREED

LEHMAN BROTHERS HOLDINGS INC.

By: _____
    Name: DANIEL EHRMANN
    Title:

6

# Exhibit A

The Letter Amendment Services shall consist of:

1.  The Services listed on the attached spreadsheet, where the "List of Applications Requested by the TSA Counterparty" shall be the applications set forth in the table below; and

"List of Applications Requested by the TSA Counterparty"

| |
|---|
| Summit |
| Lens |
| HJM |
| RAT |
| Rosetta |
| OptModel |
| FI Midas |
| SnM |
| Equity Derivatives Soft Data (Equity Midas) |
| Muni Suite Muni Deriv |
| SmartTicket |

2.  Using commercially reasonable efforts to, until March 22, 2015, retain the www.lehman.com domain name and maintain redirects consistent with past practice and update and/or change the website at www.lehman.com (such retention, maintenance, updating and changing, the "**Domain Name Services**"). All requests for updates or changes to the website at www.lehman.com shall be treated and charged as if they were a request for Access to an SME under and in accordance with the rates and protocols set forth in the Access Amendment (such charges, "**Website Charges**"). BarCap shall have no liability to LBHI or any of its Affiliates in connection with the Domain Name Services or failure to maintain the Domain Name Services or any threats, claims, disputes or proceedings related thereto.

7

## Schedule 1

|     | Period | Service Charges |
| --- | --- | --- |
| 1.  | July 1, 2011 through July 31, 2011 | $827,899 |
| 2.  | August 1, 2011 through August 31, 2011 | $827,899 |
| 3.  | September 1, 2011 through September 30, 2011 | $827,899 |