**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re:**                                                        :    **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC., et al.**                         :    **08-13555 (JMP)**
                                                                  :
                         **Debtors.**                             :    **(Jointly Administered)**
                                                                  :
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER BETWEEN
LEHMAN BROTHERS HOLDINGS INC. AND CERTAIN CLAIMANTS TO
REVIVE PORTIONS OF PREVIOUSLY DISALLOWED AND EXPUNGED CLAIMS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and each of the claimants that are listed on Exhibit A and signatories hereto (the "Claimants" and, together with LBHI, the "Parties"), hereby enter into this Stipulation, Agreement and Order and represent and agree as follows:

RECITALS

A.   Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, as applicable, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.   By order dated July 2, 2009, the Court established September 22, 2009 at 5:00 p.m. as the deadline (the "Bar Date") for the filing of proofs of claim based on prepetition claim against the Debtors.

C.   Each of the Claimants timely filed proofs of claim against LBHI asserting claims based on both (i) certain debt securities issued by LBHI (the "Debt Securities") and (ii) certain warrants issued or guaranteed by LBHI (the "Warrants"). Certain of the claims include claims based on Warrants issued by Malachite 2006-1 Trust (the "Malachite Warrants"). The Debtors do not have any liability for the payments to the holders of the Malachite Warrants. The claims filed by the Claimants that are the subject of this Stipulation, Agreement and Order are set forth on Exhibit A annexed hereto (the "Claims").

D.   The indenture trustee for each of the Debt Securities that is the subject of the Claims also filed a proof claim seeking to recover amounts owed on the Debt Securities. The claims filed by the indenture trustees are filed on behalf of all holders of the Debt Securities. The Warrants do not include an indenture trustee, and therefore there was no global claim filed on behalf of all holders of the Warrants.

E.   The Debtors included the Claims on either the twenty-first or fifty-third omnibus objection to claims,[1] which expunged the Claims entirely as duplicative of the claims filed by indenture trustees. The Claimants did not respond formally or informally to the omnibus objections to the Claims. Pursuant to the *Order Granting Debtors' Twenty First Omnibus Objection to Claims* [Docket No. 11506] and *Order Granting Debtors' Fifty Third Omnibus Objection to Claims* [Docket No. 13618] (the "Orders"), the Claims were disallowed and expunged in their entirety.

---

[1] Claims 6510, 6671, 7318, 7319 and 7320 were included on the twenty-first omnibus objection to claims. Claim 10212 was included on the fifty-third omnibus objection to claims.

F.     However, inasmuch as a portion of the Claims relates to the Warrants, the Claims should not have been disallowed and expunged in their entirety, but rather only the portion relating to the Debt Securities should have been disallowed and expunged pursuant to the Orders.

G.     The Parties hereto have agreed to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

STIPULATION

1.     The Recitals form an integral part of this Stipulation, Agreement and Order and are incorporated fully here.

2.     The Claims shall be revived and reinstated on the Debtors' official claims register (the "Claims Register") solely to the extent such claims are asserted based on the Warrants, other than the Malachite Warrants (the "Revived Claims"). The amount of each Revived Claim that shall be reflected on the Claims Register is set forth on Exhibit A annexed hereto. This Stipulation, Agreement and Order shall not have any affect on any portions of the Claims other than the Revived Claims, including the portions relating to the Debt Securities and the Malachite Warrants, which shall remain disallowed and expunged pursuant to the Orders.

3.     The rights of the Debtors and any other party in interest to object to the Revived Claims on any ground are expressly preserved and unaffected by this Stipulation, Agreement and Order.

4. This Stipulation, Agreement and Order shall not become effective against the Parties unless and until it is "so ordered" by the Court.

5. This Stipulation, Agreement and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

6. Each person who executes this Stipulation, Agreement and Order represents that he or she has the authority to execute this document on behalf of his or her respective client(s).

7. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies or facsimiles signed by the party hereto to be charged.

8.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: June 7, 2011

| **WEIL, GOTSHAL & MANGES LLP** | **VICKIE A. DAVIS, ATTORNEY AT LAW** |
|---|---|
| /s/ Robert J. Lemons | /s/ Vickie A. Davis |
| Robert J. Lemons | Vickie A. Davis |
| 767 Fifth Avenue | Ky. Bar #85516 |
| New York, New York 10153 | 9089 State Route 109 |
| Telephone: (212) 310-8000 | Sturgis, Kentucky 42459 |
| Facsimile: (212) 310-8007 | Cellular: 270-952-5033 |
| | Facsimile: 714-276-6175 |
| Attorneys for Debtors and Debtors in Possession | Attorney for MMB, LLC, Rockriver, LLC, and Lovenest, LLC |

**ROBERT TRUEL AND AMY TRUEL**

/s/ Robert Truel

/s/ Amy Truel

**ROBERT BRYN DOLE AND SUSAN BALDRY DOLE**

/s/ Robert Bryn Dole

/s/ Susan Baldry Dole

**GRANTHAM WINFREY**

/s/ Grantham Winfrey

**SO ORDERED:**

Dated: New York, New York
        June 23, 2011

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

Exhibit A

| Claimant | Claim Number | Filed Amount of Claim | Portion of Filed Amount Relating to Debt Securities and Malachite warrants | Portion of Filed Amount Relating to Warrants To Be Revived |
|---|---|---|---|---|
| Bob and Amy Truel Community Property | 6510 | $236,315 | $143,755 | $92,560 |
| Robert Bryn Dole and Susan Baldry Dole Community Property | 6671 | $360,673.45 | $203,138.15 | $157,535.30 |
| MMB LLC | 7318 | $713,257 | $637,524.20 | $75,732.80 |
| Lovenest LLC | 7319 | $713,257 | $637,524.20 | $75,732.80 |
| RockRiver LLC | 7320 | $713,257 | $637,524.20 | $75,732.80 |
| Grantham Winfrey | 10212 | $316,722.41 | $225,929.11 | $90,793.30 |