# **APPENDIX III**

**MERRILL LYNCH PORTFOLIO MANAGEMENT, INC.**
**MERRILL LYNCH CAPITAL SERVICES, INC.**
**NEW YORK, NEW YORK**

May 9, 2011

Lehman Brothers Holdings Inc.
1271 Sixth Avenue
New York, New York  10020
Attention:  Locke R. McMurray, Esq.

Lehman Brothers Special Financing Inc.
1271 Sixth Avenue
New York, New York  10020
Attention:  Locke R. McMurray, Esq.

Re:   Release of Security Interests of Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI") in that certain Housing Project known as Brampton Court Apartments

Ladies and Gentlemen:

Pursuant to our letter to you dated April 27, 2011 (the "Letter"), we requested that LBSF and LBHI execute certain notices, releases and other documents (the "Releases") in connection with the housing project located in Broward County, Florida and commonly known as the Brampton Court Apartments (the "Brampton Court Project") and as permitted by the Stipulation. Capitalized terms used but not defined herein shall have the meaning set forth in the Letter.

As noted in the Letter, AHF has agreed, and is presently under contract, to sell the Brampton Court Project and to use the proceeds thereof to satisfy a portion of its obligations relating to the Senior Bonds.  Any proposed buyer will only purchase the Brampton Court Project if it is delivered free and clear of the liens on the Brampton Court Project that secure the Bonds (including the Subordinate Bonds), the Senior Swap Agreement and the Subordinate Swap Agreement.

Since the liens on, and security interests in, the Projects securing the Subordinate Bonds and the Subordinate Swap Agreement are subordinate in all respects to the liens and security interests securing the Senior Bonds and the Senior Swap Agreement, the proposed sale of the Brampton Court Project is an arm's length transaction with an unrelated third party buyer, and all of the proceeds of the proposed sale will be applied against senior obligations, we do not believe that the Subordinate Lenders' security will be negatively affected by the proposed sale.  In

4820-2400-8969.2
Lehman Release (Swap Lien) (Brampton Court)

addition, given the existence of a Default Period, under Section 2(d) of the Subordination Agreement, the Subordinate Lenders are required to execute and deliver all instruments or acknowledge all acts requested by Merrill. Under Section 3 of the Subordination Agreement, "within five (5) Business Days after request by Merrill, such Subordinate Lenders shall do, execute, acknowledge and deliver all and every such further acts, deeds, conveyances and instruments (in recordable form if requested) as Merrill may reasonably request for the better assuring and evidencing of the foregoing subordinations and agreements."

It has been five (5) Business Days since our request and we have failed to receive the requested Releases. Pursuant to a phone call last week from Ron Dooley, your advisor, we were informed that you did not believe you were required to execute the Releases. We do not believe that is a correct interpretation of the Subordination Agreement. In any event, we see no benefit to you or your creditors in delaying the proposed sale. The Brampton Court Project has been extensively marketed for the previous six (6) months and the current offer from a third party purchaser is an arms length offer for full value. All proceeds will go to pay down senior indebtedness in accordance with the terms of the Subordination Agreement.

Please return the Releases by no later than Thursday, May 12, 2011 or we will be forced to exercise any and all additional remedies available under the transaction documents and as permitted by the Stipulation in order to facilitate the proposed sale, including recovery of any amounts lost as a result of the failure to close on the proposed sale of the Brampton Court Project because of your breach of the terms of the Subordination Agreement and your bad faith and unreasonable refusal to act pursuant to the terms thereof.

Please contact Dan Nussbaum at 212-449-0679 or our counsel, David A. Nix, Esq., at Kutak Rock LLP, 404-222-4600, if you have any questions.

Very truly yours,

Merrill Lynch Capital Services, Inc.

By: _____
Name: Daniel Nussbaum
Title: Authorized Signatory

Merrill Lynch Portfolio Management, Inc.

By: _____
Name: Daniel Nussbaum
Title: Authorized Signatory

4820-2400-8969.2
Lehman Release (Swap Lien) (Brampton Court)