**Objection Deadline: June 24, 2011 at 4:00 p.m.**
**Hearing Date: September 28, 2011 at 10:00 a.m.**

Alex R. Rovira
Noam M. Besdin
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel For Lighthouse Investment Partners, LLC,*
*Investment Manager to LMA SPC For And On Behalf of*
*MAP I Segregated Portfolio*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No: |
| | 08-13555 (JMP) |
| Lehman Brothers Holdings Inc., et. al. | (Jointly Administered) |
| Debtors. | |

**LIMITED RESPONSE OF LMA SPC, FOR AND ON BEHALF OF**
**MAP I SEGREGATED PORTFOLIO, TO THE DEBTORS' ONE HUNDRED**
**THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**

TO:   THE HONORABLE JAMES M. PECK
        UNITED STATES BANKRUPTCY JUDGE:

LMA SPC for and on behalf of MAP I Segregated Portfolio ("MAP I"), by its undersigned counsel, hereby files this Response (the "Response") to that certain One Hundred Thirty-Sixth Omnibus Objection to Claims dated May 16, 2011 (the "Objection") with respect to MAP I's Claim Number 26895 (the "Claim"), and respectfully states as follows:

**RELEVANT BACKGROUND**

1. On or about April 13, 2006, MAP I and various Lehman entities, including Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers International Europe ("LBIE"), Lehman Brothers Special Financing ("LBSF") and Lehman Brothers Inc. ("LBI," and

collectively with LBHI, LBSF and LBIE, the "Lehman Entities") entered into that certain Customer Account Prime Brokerage Agreement (the "PB Agreement").[1] In addition, on April 13, 2006, MAP I and LBIE entered into that certain Global Master Securities Lending Agreement (as amended, supplemented or otherwise modified from time to time, and including all annexes, schedules, exhibits, confirmations and any related agreements and other documents, collectively, the "GMSLA"), as well as a Margin Lending Agreement (the "MLA").

2. Pursuant to the PB Agreement, LBIE was authorized to open and maintain certain accounts for and on behalf of MAP I (the "LBIE Accounts"). In the ordinary course of its business as MAP I's broker-dealer, LBIE acquired and/or held cash and/or securities for or on behalf of MAP I prior to the Petition Date (as defined below), including equities, bonds and convertible securities (collectively, the "Securities"), in MAP I's LBIE Accounts.

3. However, upon information and belief, for internal cash management and other reasons of the Lehman Entities, certain of MAP I's cash and/or securities that were meant to be settled in the LBIE Accounts may have instead been routed through an LBHI account. Upon information and belief, approximately $4 million of MAP I's cash and/or securities that were intended to settle in MAP I's LBIE Accounts, failed to settle in such accounts and may have settled in an account of LBHI. Accordingly, as much as approximately $4 million of MAP I's cash and/or securities may currently be held by LBHI.

4. In addition, as a result of various corporations' actions, including but not limited to, mergers, cash takeovers, stock takeovers, hybrid takeovers, dividends, coupons and one-time special dividends (each a "Corporate Action" and collectively, the "Corporate Actions"), cash was generated, payable to MAP I in respect of the Securities. In many instances, the fully paid long equity securities that MAP I owned, and which LBIE held in the Accounts,

---

[1] Map I will provide a copy of the PB Agreement upon request by a party in interest.

2

cannot be returned to MAP I as part of a standard, general distribution to clients because such securities were the subject of a Corporate Action and cash proceeds were paid by the acquiring firm as consideration for that Corporate Action. Such cash proceeds on account of the Securities subject to Corporate Actions were to be paid to MAP I's LBIE Accounts for the benefit of MAP I. However, upon information and belief, some or all of such cash proceeds may have been routed through an LBHI account and were never transferred to MAP I's LBIE Accounts. Accordingly, these cash proceeds of the Corporate Actions may currently be held by LBHI.

5. MAP I did not open or maintain any accounts directly with LBHI and, pursuant to the PB Agreement, LBHI can at best be seen as an agent or sub-custodian of LBIE with respect to LBIE's obligations to MAP I, as set forth under the PB Agreement. Any cash and/or securities meant for MAP I's LBIE Accounts that have been erroneously trapped at an LBHI account or accounts would have settled in the LBIE Accounts for the benefit of MAP I, and would have been afforded protection and priority as client assets (and possibly as trust property) pursuant to English law (and the Claims Resolution Agreement between MAP I and the LBIE Administrators).

6. On September 15, 2008 (the "Petition Date"), LBHI and certain of its affiliates commenced the above-captioned chapter 11 cases. On September 15, 2008, LBIE was placed into Administration proceedings in the United Kingdom pursuant to the Insolvency Act of 1986.

7. On September 22, 2009, MAP I timely filed the Claim against LBHI, asserting, among other things, a general unsecured claim in the amount of not less than approximately $11,389,593.13 pursuant to LBHI's guarantees of LBIE's liabilities and

3

obligations to MAP I.[2]  In addition, the Claim asserted an unliquidated claim for any and all cash and/or securities of MAP I that are currently held by, or in possession or control of, LBHI because of, among other things, intercompany transfers between the Lehman Entities

8.  On May 16, 2011, LBHI filed the Objection, identifying the Claim as "misclassified" and listing MAP I's unliquidated claim against LBHI as "undetermined."

## RESPONSE[3]

### I.  MAP I'S CASH AND/OR SECURITIES CURRENTLY HELD BY LBHI ARE NOT PROPERTY OF THE ESTATE

9.  To the extent that any of MAP I's cash and/or securities are currently held by LBHI, such cash and/or securities are not property of the estate because LBHI does not have any equitable interest in such property.  Pursuant to section 541 of the Bankruptcy Code, while a debtor's legal and equitable interests in property constitute "property of the estate," any property in which the debtor holds only legal title, but no equitable interest, does *not* become property of the estate beyond the limited extent of the debtor's legal title to such property.  See In re Howard's Appliance Corp., 874 F.2d 88 (2d Cir. 1989) (citing United States v. Whiting Pools, Inc., 462 U.S. 198, 204 n. 8 (1983)); see also In re Sharon Steel Corp., 41 F.3d 92, 95 (3d Cir. 1994).

10.  As discussed above, MAP I's cash and/or securities were supposed to have been settled in the LBIE Accounts, where they would have received the protection and benefits of segregation and priority, as client assets (or trust property) under English law (or the Claims Resolution Agreement).  MAP I should not lose the benefit of such segregation and priority

---

[2] The Objection does not address the liquidated general unsecured claim of approximately $11.3 million which was also included in the Claim regarding LBHI's guarantees of LBIE's liabilities and obligations.  To date, LBHI has not objected to these amounts.

[3] MAP I is agreeable to structuring a solution in conjunction with the Debtors and their professionals that effectively ascertains, reconciles and returns MAP I's cash and/or securities improperly held at LBHI in an attempt to resolve the Claim thereby avoiding an adversary proceeding.

4

simply because such cash and/or securities were erroneously trapped at an LBHI account or accounts. At no point did MAP I instruct that its cash and/or securities be deposited at LBHI instead of being placed in MAP I's LBIE Accounts. The transfer of any of MAP I's cash and/or securities through an LBHI account occurred without MAP I's knowledge or consent. Therefore, LBHI has no equitable interest in any of MAP I's cash and/or securities that it may currently hold, and any such cash and/or securities is not property of the estate.

11. The only legal interest LBHI may have in MAP I's cash and/or securities is in its possession of such cash and/or securities, but such possession was obtained solely due to the treasury function or other intercompany cash management that LBHI, upon information and belief, performed for its subsidiaries. Mere control over property does not constitute ownership because "[l]ogically, property in which the Debtor has no interest would never become property of the bankruptcy estate." In re Graphics Technology Inc., 306 B.R. 634-35 (B.A.P. 8th Cir. 2004) ("It is axiomatic that a mere possessor of the property of another, without more, cannot obtain legal title.") As such, courts have held that when funds are received by a debtor from a third party and are intended for a particular creditor, those funds "do not belong to the debtor because the debtor does not control the funds and the debtor's estate is not diminished." In re Pioneer Commercial Funding Corp., 140 B.R. 951, 956 (Bankr. S.D.N.Y. 1992) (citing Grubb v. General Contract Purchase Corp., 94 F.2d 70 (2d Cir. 1938)).

12. Here, the intended beneficiary of any cash and/or securities meant for the LBIE Accounts was MAP I. LBHI should not receive a windfall of such cash and/or securities when it has no legal or equitable interest in such property.

## II. ANY OF MAP I'S CASH AND/OR SECURITIES CURRENTLY HELD BY LBHI SHOULD BE HELD IN TRUST FOR MAP I

13. Moreover, to the extent that MAP I's cash and/or securities were received and are improperly held by LBHI because of Lehman's internal cash management system, those

5

cash and/or securities should be held in constructive trust for MAP I and should be treated as a secured claim. When a debtor's actions give rise to the establishment of a constructive trust, such that the debtor holds only technical legal title to the *res* in question, that property belongs to the ultimate beneficiary of the trust, and not to the debtor's estate: "Congress plainly excluded property of others held by the debtor in trust" from property of the estate. Whiting Pools, 462 U.S. at 205 n. 10.

14. A constructive trust is appropriately imposed when "property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" and therefore equitably treated as a trustee. Brand v. Brand, 811 F.2d 74, 77 (2d Cir. 1987). While some courts have rejected the concept that the bankruptcy estate is subject to the imposition of a constructive trust arising under state law, this Circuit has not adopted the notion that bankruptcy law trumps state constructive trust law. See e.g., Howard's, 874 F.2d at 93; In re Koreag, Controle et Revision S.A., 961 F.2d 341, 352 (2d Cir. 1992) (instructing lower court to impose constructive trust over debtor's estate pursuant to state law analysis); see also In re Flanagan, 293 B.R. 102, 108 (Bankr. D. Conn. 2003) ("The imposition of constructive trusts by bankruptcy courts posses a solid legal basis in this Circuit.").

15. The ultimate effect of a constructive trust in bankruptcy is to take the *res* out of the debtor's estate and to elevate the constructive claimant ahead of other creditors. See Howard's, 874 F.2d at 93 (imposing a constructive trust on the bankruptcy estate, excluding trust property from bankruptcy estate and holding that the debtor's interest in the trust assets was subordinate to the beneficiaries of the trust); Koreag, 961 F.2d at 352. Bankruptcy courts have, upon finding the existence of a constructive trust under applicable state law, treated the trust beneficiary's claim itself as a secured claim. See e.g., In re Schneider, 2006 Bankr. LEXIS 525 (Bankr. M.D. Fla. Feb. 6, 2006). Accordingly, any of MAP I's cash and/or securities held by

LBHI are held in trust for MAP I, and the Court should treat MAP I's claim for any cash and/or securities held by LBHI as a secured claim.

### III.    EQUITY FAVORS THE RETURN OF MAP I'S PROPERTY AND/OR TREATMENT OF THE CLAIM AS A SECURED CLAIM

18.     It is well-recognized that bankruptcy courts are "courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process." In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1994).  Here, the Lehman Entities routed cash and/or securities meant for MAP I's Accounts at LBIE through LBHI for their own internal purposes.  This arrangement was never expressly disclosed to MAP I, and at no time did MAP I instruct any of the Lehman Entities to deposit its cash and/or securities in an LBHI account, nor did MAP I ever open an account with LBHI.  Instead of settling in the LBIE Accounts, MAP I's funds have been frozen at LBHI.  To permit LBHI to retain any funds that were undisputedly meant to be held in the LBIE Accounts would contradict all principles of equity.  Such an outcome defeats the intent and purpose of the PB Agreement to establish a prime brokerage relationship with LBIE, and would provide a windfall to LBHI.  Accordingly, this Court should recognize that to the extent any of MAP I's cash and/or securities held by LBHI are held in trust for MAP I, those cash and/or securities should be treated as secured claims and in so doing, "exercise its equitable powers to ensure that substantial justice is achieved." In re Johns-Manville Corp., 440 B.R. 604, 614 (Bankr. S.D.N.Y. 2010) (citing Pepper v. Litton, 308 U.S. 295, 304-05 (1939)).

### RESERVATION OF RIGHTS

19.     MAP I hereby reserves all of its rights, privileges, remedies and benefits with respect to the claims asserted herein. Nothing herein shall be deemed or otherwise relied upon as a waiver of any of its rights, privileges and remedies under applicable law.

20. In addition, MAP I hereby reserves the right to amend, alter, revise or supplement this Response, and reserves its right to file any pleading necessary in support of its Claim and/or a more fulsome response to the Objection or any other subsequent filing. Nothing herein shall be deemed a waiver of any procedural or substantive rights with respect to the Claim, all of which are hereby reserved.

WHEREFORE, MAP I respectfully reserves all of its rights with respect to the Claim against LBHI, as well as any action it chooses to bring against LBHI in furtherance of the Claim, and requests that the Court overrule the Objection, treat the Claim as a secured claim, and award such further relief as this Court deems just and proper.

Dated: June 24, 2011
      New York, New York

Respectfully submitted,

**SIDLEY AUSTIN LLP**

/s/ Alex R. Rovira
Alex R. Rovira
Noam M. Besdin
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5959

*Counsel For Lighthouse Investment Partners, LLC, Investment Manager to LMA SPC For And On Behalf of MAP I Segregated Portfolio*