REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' REPLY TO U.S. BANK'S RESPONSE TO DEBTORS'**
**NINETY-EIGHTH, NINETY-NINTH, AND ONE HUNDRED AND NINTH**
**OMNIBUS OBJECTIONS TO CLAIMS (INSUFFICIENT DOCUMENTATION)**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"),

file this reply (the "Reply") to the response, ECF No. 16891 (the "Response"), filed by U.S.

Bank National Association ("U.S. Bank") as trustee opposing the Debtors' Ninety-Eighth,

Ninety-Ninth, and One Hundred Ninth Omnibus Objections to Claims (Insufficient

Documentation) (collectively, the "Omnibus Objections"),[1] ECF Nos. 14493, 14494, and15008,

and respectfully represent as follows:

**Preliminary Statement**

1.      As set forth in the Omnibus Objections, U.S. Bank's claims for damages

sustained due to defects in residential mortgage loans acquired from the Debtors should be

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Omnibus Objections.

disallowed and expunged because they do not include documentation that enables the Debtors to evaluate the claims and violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases, ECF No. 4271 (the "Bar Date Order").  Consequently, U.S. Bank's claims do not constitute valid *prima facie* claims.

2.      The Bar Date Order specifically requires that "each Proof of Claim must:  . . . (vi) include supporting documentation or an explanation as to why documentation is not available . . . ." (Bar Date Ord. at 6 (emphasis added).)  U.S. Bank was specifically provided notice of these requirements pursuant to the Bar Date Notice, which included instructions as to how to complete proof of claim forms and a warning that failure to comply with those instructions would result in their claims being barred.  (*See* Bar Date Order at 4, 6.)  For the past ten months, the Debtors have repeatedly requested summary information which the Debtors could use to evaluate the validity of U.S. Bank's claims.  Not until the Debtors filed the Omnibus Objections based on insufficient documentation did U.S. Bank provide any loan-level support for its claims, and even then it provided support for a mere 26% of its loan pool.

3.      U.S. Bank's Response speculates possible obligations owed by the Debtors to U.S. Bank under the transaction documents governing the securitization of residential mortgage loans encompassed by the claims, but it provides no factual support for such speculations. Nothing in the Bankruptcy Code or this Court's procedures permits the filing of claims that lack factual and legal support.  Other than for approximately 26% of its loans, U.S. Bank's claims do not identify a breach by the Debtors and none meet the initial pleading requirements of the Bar Date Order.  As this Court is aware, U.S. Bank has had nearly three years since the commencement of these chapter 11 cases to plead facts supporting its claims, yet it has failed to do so.  As a consequence, the Debtors have been forced to expend estate resources in opposition

2

to claims that have no basis.  The Omnibus Objections should be granted and the claims filed by

U.S. Bank should be disallowed and expunged to the extent that U.S. Bank has not provided any

support for their claims.

### U.S. Bank's Claims

4.      U.S. Bank, as trustee, has asserted claims for its entire securities population in

which the Debtors acted as seller and depositor. The claims population is mainly made up of

claims based on residential mortgage-backed securities (the "RMBS Claims") and claims based

on securities composed of pieces, or tranches, of residential mortgage-backed securities (the

"Resecuritization Claims").  In general, U.S. Bank argues that it is entitled to payment from the

estate because (a) the underlying residential mortgage loans in those securities are defective and

the Debtors are obligated to indemnify U.S. Bank for losses it sustained as a result; (b) the

Debtors did not provide complete mortgage loan files when they sold the loans and they have an

obligation to repurchase those loans; and (c) the Debtors breached obligations contained in the

resecuritization agreements.

5.      U.S. Bank has recently agreed to withdraw 438 RMBS Claims that were

duplicative of other RMBS Claims filed by U.S. Bank.[2]  After the withdrawal of these

duplicative claims, there remain outstanding insufficient documentation objections as to thirty-

seven RMBS Claims, seventy-nine Resecuritization Claims, and 1 "omnibus" claim.  The thirty-

seven RMBS Claims contain two separate elements: (1) allegations that the Debtors breached

representations and warranties in the underlying loan purchase agreements and trust agreements

(the "Governing Agreements") because the underlying loans were faulty in some way (the

"Representations and Warranties Claims"); and (2) allegations that the Debtors failed to deliver

---

[2] As of the date of this filing, U.S. Bank has not withdrawn the 438 claims.  The Debtors expect these
claims will be withdrawn before the hearing on June 30, 2011.

553973

to the custodian and/or cure faulty loan documents, such as a missing page (the "Document Exceptions Claims").[3]

6.    U.S. Bank did not attach sufficient information to its claims to enable the Debtors to determine the type, validity, or amount of U.S. Bank's claims.  The Debtors repeatedly asked U.S. Bank for such information but received nothing supporting U.S. Bank's claims until the Debtors had filed a number of objections to those claims.  (*See* Declaration of Keri Reed ("Reed Decl.") at ¶¶ 5-7.)  On February 14, 2011, the Debtors objected to 552 of U.S. Bank's claims in the Ninety-Eighth and Ninety-Ninth Omnibus Objections.  One month later, the Debtors objected to three more U.S. Bank claims in the One Hundred Ninth Omnibus Objection.  These objections were all based solely on the ground of insufficient documentation, pursuant to this Court's Order of January 14, 2010. (*See* ECF No. 6664 ("Objection Procedures Order") at 2 (permitting objections on the ground of "insufficient documentation").)

7.    On February 22, 2011, U.S. Bank finally provided some support for its claims.  However, U.S. Bank claimed that the Debtors breached representations and warranties for only 727 loans or .07% of approximately the one million loans encompassed by the RMBS Claims.  U.S. Bank also provided data in support of its Document Exception Claims on May 26 and 27, 2011, identifying document exceptions with respect to only 26% of its entire loan universe.  Similarly, the Resecuritization Claims allege that the Debtors have breached some element of the controlling trust or administration agreement.  However, U.S. Bank has not been able to articulate one single instance where the Debtors breached the controlling agreements.  As discussed below, to the extent these claims are unsupported, they should be expunged.

---

[3] Although U.S. Bank is now trustee for some claims previously filed by Bank of America National Association, which the Debtors objected to in the Ninety-Seventh Omnibus Objection, the Debtors are not addressing those claims at this time.  This Reply goes solely to the 555 U.S. Bank claims the Debtors objected to in the Ninety-Eighth, Ninety-Ninth, and One Hundred Ninth Omnibus Objections.

553973

## U.S. Bank's Claims Are Not Entitled to a Presumption of Validity

8.      U.S. Bank asserts that its claims are *prima facie* valid. A proof of claim is entitled to a presumption of validity only if the claim is "executed and filed in accordance with [the Bankruptcy] rules." Fed. R. Bankr. P. 3001(f).  Rule 3001(c) requires a claimant to attach any writing upon which a claim is based to the claim itself. Fed. R. Bankr. P. 3001(c) ("When a claim . . . is based on a writing, the original or a duplicate shall be filed with the proof of claim.").  Similarly, the Bar Date Order provides that "each Proof of Claim must . . . set forth with specificity the legal and factual basis for the alleged claim." Therefore, a claimant who fails to provide the required documentation has not acted in accordance with the Bankruptcy Rules and is not entitled to a presumption of validity with respect to its claim.

9.      Courts in the Second Circuit and elsewhere recognize that failure to support a claim with the documentation mandated by Rule 3001(c) deprives the claim of the presumption of validity. *See In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) ("Failure to attach the documentation required by Rule 3001 will result in the loss of the *prima facie* validity of the claim."); *In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn. 2007) ("If . . . the claimant fails to allege facts in the proof of claim that are sufficient to support the claim, *e.g.*, by failing to attach sufficient documentation to comply with Fed. R. Bankr. P. 3001(c), . . . [the claim] is . . . deprived of any *prima facie* validity which it could otherwise have obtained." (quotations omitted)); *see also In re DePugh*, 409 B.R. 125, 135 (Bankr. S.D. Tex. 2009) ("If . . . an unsecured creditor files a proof of claim that fails to comply with Bankruptcy Rule 3001, the Debtor has no evidentiary burden to overcome . . . ."). If the documents are voluminous, a bankruptcy court may permit a claimant to attach a summary of the documents to the claim in

5

lieu of the documents themselves, so long as the documents are made available to the debtor.

The proof of claim form approved by this Court permits a party to attach a summary of the

documents upon which a claim is based.  *See* ECF No. 4271; *see also* Official Form 10.

10.    By its own admission, U.S. Bank's claims are "based on" mortgage loans and

loan documents, within the meaning of Rule 3001(c).  *See, e.g.*, POC 20592 at 3 (recognizing

that "mortgage loans . . . [give] rise to this Proof of Claim").  A court in this District recently

noted that "in the mortgage context, the creditor may initially attach only a summary of its claim,

containing the debtor's name, account number, the prepetition account balance, interest rate, and

a breakdown of the interest charges, finance charges, and other fees that make up the balance of

the debt," however, "[u]pon request of the Debtor, the Creditor has an obligation to provide

additional documentation underlying its summary . . . ."  *Minbatiwalla*, 424 B.R. at 117.

11.    As mentioned above, the Debtors have repeatedly requested loan-level support for

U.S. Bank's claims. Reed Decl. at ¶¶ 5-7. However, upon Debtors' many requests for U.S. Bank

to provide support for its Representations and Warranties Claims, U.S. Bank provided

summaries for only 727 loans, and Debtors have identified an additional twenty-five loans with

alleged breaches on their own.  U.S. Bank also recently provided Debtors with Document

Exception Claim data for 26% of its loans but conceded that it had not vetted them for

materiality or harm, two of the elements required for any liability to arise.[4]  As for the remaining

loans in U.S. Bank's claim universe, U.S. Bank has provided no data or documentation to

---

[4] Because these loans are scattered throughout U.S. Bank's proofs of claim, the Debtors seek to partially
expunge many of U.S. Bank's claims. For example, POC No. 20513 contains 5 loans with identified
breaches of representations and warranties and 9,611 loans with document exception data. Thus, the
Debtors seek to expunge the remaining portions of POC No. 20513 (33,108 loans out of a total of
42,719), limiting POC No. 20513 to the 5 loans with breach information and the 9,611 loans with
document exception data.  To that end, and for the ease of the Court, the Debtors have attached two
schedules to this Reply: Schedule I contains all proofs of claim for which the Debtors are seeking
complete expungement, and Schedule II lists all proofs of claim for which the Debtors are seeking partial
expungement.

support its claims.  Without providing this information U.S. Bank has not complied with

Bankruptcy Rule 3001, and the Debtors are unable to determine whether they are liable for the

claims asserted by U.S. Bank.  U.S. Bank is not entitled to any *prima facie* validity with respect

to the portions of its claims for which it has not provided support.

12.     U.S. Bank cites nonbinding opinions in support of its argument for *prima facie*

validity for its claims.  Several of these cases were considered and explicitly rejected in *Porter*, a

district court case from Connecticut.  *Compare* ECF No. 16891 at 12-13 (citing *In re Moreno*,

341 B.R. 813 (Bankr. S.D. Fla. 2006); *In re Dove-Nation*, 318 B.R. 147 (8th Cir. B.A.P. 2004);

and *In re Cluff*, 313 B.R. 323 (Bankr. D. Utah 2004)) *with Porter*, 374 B.R. at 482 (citing

*Moreno* and stating that "this court deems that approach to be too rigid") *and Porter*, 374 B.R. at

483 (citing *Dove-Nation* and *Cluff*, and "reject[ing] that view").  In *Minbatiwalla*, the bankruptcy

court explicitly adopted the reasoning of *Porter* as it relates to insufficient document objections.

*Minbatiwalla*, 424 B.R. at 119 ("This Court agrees with the rationale of Judge Weil in *Porter* . . .

.").  Therefore, the more recent and relevant case law unambiguously supports the Debtors'

position that insufficient documentation deprives a proof of claim of its presumptive validity.

### U.S. Bank Has the Burden to Establish the Validity of the RMBS Claims

13.     Without the presumption of validity, the burden of establishing the claims'

validity rests on U.S. Bank.  *See In re Feinberg*, 442 B.R. 215, 221-22 (Bankr. S.D.N.Y. 2010)

(recognizing that failure to provide sufficient documentation "shifts the burden to [claimant] to

sustain the burden of persuasion by a preponderance of evidence to establish the validity and

amount of the claim"); *Porter*, 374 B.R. at 483 (recognizing that when the presumption of

validity does not apply to a proof of claim, "the burden of production is on the creditor").  While

U.S. Bank argues that the Debtors have the burden of providing evidence to rebut its claims, this

7

argument is nonsensical.  Without the provision of the loan documents by U.S. Bank or evidence

supporting their claim, the Debtors have no information with which to rebut the claims' validity.

Courts in the Southern District of New York and elsewhere have rejected U.S. Bank's circular

logic.  *See Minbatiwalla*, 424 B.R. at 119 ("[A]bsent adequate documentation, the proof of claim

is not sufficient for the objector to concede the validity of a claim.");  *Porter*, 374 B.R. at 482

("[A]n Insufficient Doc. Objection fairly can be read to object on the grounds that the proof of

claim is insufficient (when taken together with the objector's then-existing knowledge base) for

the objector to concede the validity of the claim asserted.").  U.S. Bank thus bears the burden of

establishing that its claims are valid despite a lack of factual support.

### U.S. Bank Has Not Provided Sufficient Information to Establish the Validity of its Claims

14.     U.S. Bank's RMBS Claims have two components.  First, the Representation and

Warranties Claims assert that the Debtors, as sellers of the underlying loans, made

representations and warranties regarding the quality of the underlying loans to U.S. Bank—for

example, representing that the borrower did not lie about his income or debts.  Under the

Governing Agreements, U.S. Bank is entitled to indemnification for losses stemming from

breaches of these representations and warranties in some instances.  Second, the Document

Exception Claims assert that under the Governing Agreements, the Debtors had the obligation to

provide the trustee or the trustee's appointed custodian with complete loan files and to cure any

faults, called "exceptions," in the documents, such as a missing page or a copy instead of the

original.  If the exception could not be cured and it materially affected the quality of the loan,

U.S. Bank argues that the Debtors may be obligated to buy back the loan.

### A.      Representations and Warranties Claims

15.     U.S. Bank has failed to provide breach information for the vast majority of its

8

loan population, and its arguments that it should not be required to provide breach information

are unavailing.  In order for the Debtors' liability under the Governing Agreements to be

triggered, U.S. Bank must plead that the Debtors breached a representation or warranty, that such

a breach was material, that U.S. Bank provided notice of the breach to the Debtors, that U.S.

Bank suffered damages as a result of the breach, and that any breach that occurred was in fact

warranted by the Debtor against which U.S. Bank asserts its claim.  *See* Declaration of Zachary

Trumpp ("Trumpp Decl.") at Ex. A, § 2.04.  The fact that these proceedings are occurring in

bankruptcy court does not relieve U.S. Bank or any other claimant from proving an entitlement

to the relief it is requesting under applicable non-bankruptcy law.  *See In re Chateaugay Corp.*,

53 F.3d 478, 497 (2d Cir. 1995) ("A claim exists only if before the filing of the bankruptcy

petition, the relationship between the debtor and the creditor contained *all of the elements*

necessary to give rise to a legal obligation—'a right to payment'—under the relevant non-

bankruptcy law." (emphasis added, some quotations omitted)).

16.    U.S. Bank has been actively involved in mortgage loan repurchase litigation for

the past four years and has had almost three years since the commencement of these cases to

identify Representations and Warranties Claims.  During that time, it has found breaches in only

727 loans, or .07% of approximately one million loans within the transactions embraced by its

RMBS Claims.  The Debtors have identified twenty-five more in the forty-two transactions for

which it has the right to obtain this kind of information from the master servicer.  The omitted

information is essential for the Debtors to be able to "evaluat[e] the claim's validity."  *O'Brien*,

440 B.R. at 665.  This is made clear by a preliminary analysis of the .07% loans with an alleged

breach.  Thirty-eight of those loans are transferor-originated loans for which the Debtors have no

liability under the Governing Agreements.  Moreover, the Debtors have indemnification rights

9

against third parties for many of these loans, and loan-level breach information is essential to allow the Debtors to pursue indemnification for the benefit of the estate. The Debtors' requests for breach information are therefore both reasonable and essential.

17.      The problem with U.S. Bank's indiscriminately-filed claims is not only lack of information but also U.S. Bank's attempt to demand payment on loans for which it *knows* there is no breach.  As recently as April 25, 2011, U.S. Bank was telling its certificateholders in at least sixty RMBSs at issue:



| | STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2007-BC2 | Contact: Beth Nally Account Administrator 617-603-6882 beth.nally@usbank.com |
|---|---|---|
| Distribution Date: Apr 25, 2011 | MATERIAL BREACHES REPORT | |

# U.S. Bank National Association in its respective capacity under the transaction documents is not aware of any material breaches. #

Rather than identify breaches of representations and warranties for which the Debtors are liable, U.S. Bank dumped all of its loans into claims without vetting them to determine whether there is actual liability, and it failed to seek recovery from the transferors, who are solely liable for a number of the alleged breaches, but instead sought to impose that liability on the Debtors.

## B.      Document Exception Claims

18.      On May 25, 2011, U.S. Bank provided the Debtors with documentation alleging Document Exception Claims as to 26% of its loan universe.  The Debtors are currently examining the data provided by U.S. Bank to determine whether the document exceptions noted by U.S. Bank give rise to Debtor liability, as the trust agreements state that SASCO and U.S. Bank must agree that the document exception caused a loss in order for SASCO to be liable.  *See* Trumpp Decl. at Ex. A at § 2.02(c) (holding Depositor liable for document exception claims only "if, as determined by the Depositor, upon mutual agreement with the Trustee each acting in good

553973

faith, absent such Material Defect, such loss would not have been incurred").  While the Debtors'

preliminary review suggests that the Debtors will not bear liability for many of these loans

because there is no showing of harm or causation as required by the trust agreements, *see id*., the

Debtors concede that the documentation is now sufficient (though exceedingly burdensome for

lack of claimant vetting) for the Debtors to analyze the document exception claims for those

transactions.

19.      However, there is no allegation of document exception liability for the remaining

74% of the loans embraced by U.S. Bank's claim. Therefore, any claim based on those loans

should be expunged as unsupported.

### C.      Resecuritization Claims

20.      Finally, U.S. Bank has filed seventy-nine proofs of claim regarding two types of

Resecuritization transactions, and has failed to provide support for these claims.  Although the

structures of the Resecuritization transactions vary, they all involve creating new securities out of

other, pre-existing RMBS certificates.  Generally, the Resecuritization Claims assert that LBHI

or SASCO breached the relevant Resecuritization agreements; however, U.S. Bank has not

articulated how the Debtors breached these agreements, or even what provisions of the

agreements were breached.  Nor has U.S. Bank provided the Debtors with any information to

substantiate its claims in the twenty-one months since U.S. Bank filed its claims.  Furthermore,

U.S. Bank's response ignored these claims altogether.  The Debtors remain in the dark as to

whether these claims possess any merit.  As with the claims discussed above, the Debtors lack

the information necessary to evaluate these claims.  The claims therefore are not entitled to a

presumption of validity.  *See Minbatiwalla*, 424 B.R. at 119 ("[A]bsent adequate documentation,

the proof of claim is not sufficient for the objector to concede the validity of a claim.").

11

Accordingly, these seventy-nine claims should be expunged in their entirety.

### U.S. Bank's Arguments That It Should Not
### Be Required to Provide Documentation Are Unavailing

21.     U.S. Bank also argues that Aurora Loan Services, LLC, a non-debtor subsidiary

of LBHI that serves as master servicer for many (though not all) of the loans within U.S. Bank's

claims, should be able to provide the Debtors with the loan-level information it requires to

evaluate the validity of the loans by virtue of the Debtors' relationship with Aurora.  This

argument reflects a basic misunderstanding of the relative rights and obligations of the parties.

Aurora is contractually obligated to respond to requests for information from trustees like U.S.

Bank, but in most cases is not even permitted to provide the information directly to the Debtors

because the Debtors no longer own the loans at issue.  Aurora has declined to give the requested

information to the Debtors because it is not contractually authorized to do so. *See* Trumpp Decl.

at ¶ 11.

22.     With respect to forty-two of the 226 trust agreements at issue, the depositor,

SASCO, does have the right to request loan information from the master servicer.  The Debtors

have in fact requested information for thirty-five of these transactions where Aurora was the

master servicer, and have discovered twenty-five breaches in addition to the 727 identified by

U.S. Bank.  *See id.*   The Debtors do not have access to further information regarding potential

breaches, if any, for the additional 184 securitizations that are the subject of U.S. Bank's claims.

*See id.*  Thus, U.S. Bank's claim that the Debtors have ready access to all loan-level information

is incorrect.

23.     U.S. Bank also contends that it should not have to provide any factual support for

its claims because the Debtors could simply develop a formula based on historical losses suffered

by similar trusts to pay out the claims.  Such a protocol would make no sense here, however,

because unlike the protocols referenced in U.S. Bank's Response, the Debtors here are not ultimately liable for all of the loans with U.S. Bank as trustee. Even if U.S. Bank could establish breaches of representations and warranties, the Debtors are not liable for loans purchased from bulk lenders ("Transferor-Originated Loans") so long as the representations allegedly breached were made by the Transferor. The Debtors are only potentially liable for loans either originated or underwritten by LBHI subsidiaries or loans purchased by LBHI subsidiaries pursuant to standardized contracts ("Bank-Owned Loans").[5]

24.    The Debtors have examined their records and determined that thirty-eight of the 727 loans for which U.S. Bank identified a breach are Transferor-Originated Loans. *See* Reed Decl. at ¶ 10. By failing to differentiate between Transferor-Originated and Bank-Owned Loans, U.S. Bank sued the wrong party and is consequently forcing the needless expenditure of estate assets.

25.    U.S. Bank's protocol proposition is nothing more than an attempt to avoid incurring the cost and effort of identifying loans for which there is an actionable breach, something they are required to do in order to request payment from the Debtors. U.S. Bank has

---

[5] The mortgage loans that are the subject of U.S. Bank's claims were originated and sold to LBHI in three ways:

(1) Bulk lenders, typically large mortgage companies, sold pools of loans to LBHI through Lehman Brothers Bank, FSB ("LBB") (n/k/a Aurora Bank). *See* Trumpp Decl. at 4. This secondary market channel was known as the "bulk channel," and the securitization documents refer to bulk channel sellers as "Transferors." *Id.*

(2) Smaller lenders sold loans to LBHI through LBB on a more fluid basis pursuant to standardized loan purchase agreements that incorporated Aurora Loan Services' Sellers' Guide. *Id.* at 5. These originators are known as "correspondents," and the secondary market channel through which LBHI bought their loans was called the "correspondent channel." In addition, LBB contracted with a number of mortgage brokers who referred loan application packages to LBB for underwriting and funding in LBB's name and were later sold to LBHI. This line of business was called the "broker channel." *Id.*

(3) A smaller number of loans were originated directly by LBHI subsidiaries. These loans are also identified in the securitization documents as bank-originated.

13

the burden of establishing the validity of its claims, and U.S. Bank offers no explanation as to

why the estate—and, ultimately, other creditors—should bear the expense of determining the

validity of U.S. Bank's claims when U.S. Bank has not even provided basic information in

support of its claims.  *See Minbatiwalla*, 424 B.R. at 120 ("Where a debtor is forced to incur

attorneys' fees objecting to deficient proofs of claim . . . it is not only the debtor that bears these

costs but also every other unsecured creditor, as every penny used to pay a debtor's attorney's

priority claim for fees necessarily reduces the amount available to pay other creditors."

(quotations omitted)).  U.S. Bank's efforts to shift responsibility for proving its claims to the

Debtors are thus unavailing, as the Debtors are not in possession of the breach information a

claimant in U.S. Bank's position is required to provide under the Bar Date Order.

## U.S. Bank's Claims Should Be Disallowed

26.     U.S. Bank's failure to provide sufficient documentation should result in the

disallowance of its unsupported claims. The Objection Procedures Order issued by this Court

provides, in pertinent part:

> ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule
> 3007, the Debtors and other parties in interest are hereby authorized, in addition
> to those grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims
> Objections to claims seeking reduction, reclassification and/or *disallowance* of
> claims on one or more of the following grounds . . . :
>
> . . .
>
> d)   the Claims do not include *sufficient documentation* to ascertain the validity of
>      the Claim . . . .

(Objection Procedures Order at 2 (emphasis added).)[6]

27.     In addition, the bankruptcy court has recently recognized that insufficient

---

[6] In its response, U.S. Bank claims that the Debtors assert a "books and records" objection in addition to
the insufficient documentation objections. Response at 13. However, the objections only assert an
insufficient documentation objection. *See* Ex. A to 98th, 99th, and 109th Objections.

14

documentation provides a valid reason for disallowing a claim.  In *Minbatiwalla*, JP Morgan Chase Bank National Association asserted a secured claim against real estate owned by the debtor, attaching only a two-page statement that contained a summary of the principal, interest, and late charges allegedly owed by the debtor.  424 B.R. at 108.  The debtor believed a different entity held the mortgage and requested additional documentation from JP Morgan Chase to support its claim.  *Id.* The bank did not provide the requested information.  *Id.*

28.     The court concluded that "Chase's failure to attach documentation . . . and respond to the Debtor's information requests is fatal to" its claim.  *Id.* at 118.  Although "[s]ection 502(b) does not identify 'insufficient documentation' as a basis to disallow a claim[,] [c]ourts in this Circuit have sustained 'insufficient documentation objections' resulting in the disallowance of claims." *Id.* at 118-19 (citing *Porter*, 374 B.R. at 480).  The court agreed with the rationale of *Porter*, holding "that in certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b), because absent adequate documentation, the proof of claims is not sufficient for the objector to concede the validity of a claim." *Id.* at 119.  Applying that rule, the *Minbatiwalla* court held that, even though the claimant had attached to its proof of claim the case number, last name of the debtor, part of the loan number, and a summary of the principal, interest, and late charges, "the Debtor requested additional information from the claimant . . . and has received no documents as of the date of the hearing on the claim objection." *Id.* at 120.  On this basis, the court disallowed the claim.[7]  *Id.*

29.     In this case, U.S. Bank provided even less evidence than the claimant in

---

[7] Because the debtor had stated on his Schedule D that another party held a lien on the property in roughly the same amount, the court concluded that "it appears a lien exists on the Property" and thus gave JP Morgan Chase leave to refile the claim with supporting documentation establishing that it held the note and mortgage. *Id.*

553973

*Minbatiwalla*, as U.S. Bank has not provided *any* facts to support the portions of the proofs of claim at issue.  In addition, while U.S. Bank has remained in a dialogue with the Debtors regarding the provision of additional data, it ultimately has not provided the loan information requested.  Therefore, the Court should disallow U.S. Bank's claims on the ground that U.S. Bank has failed to support them.

### Conclusion

30.    U.S. Bank thus seeks to receive a distribution of estate assets without providing the Debtors or the Court with basic facts substantiating their claims. Such a position "subverts the fundamental process by which the American legal system is based—that a claimant must come forward with at least some evidence that its claims are valid before collecting their due." *DePugh*, 409 B.R. at 136. U.S. Bank has not adequately pleaded or supported its claims as required by this Court and the Bankruptcy Rules. Therefore, the unsupported claims should be disallowed.

WHEREFORE, for the reasons set forth above and in the Omnibus Objections, the Debtors respectfully request that the Court enter an order disallowing and the claims submitted by U.S. Bank to the extent they are unsupported and grant such other and further relief as the Court may deem just and appropriate.

Dated: June 28, 2011
New York, New York

/s/ Michael A.  Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Debtors
and Debtors in Possession

553973

## SCHEDULE I

## DISALLOWED CLAIMS

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 19860, 19861, 19862, 19863, 19864, 19865, 19866, 19867, 19868, 19869, 19870, 19871, 19872, 19873, 19874, 19875, 19876, 19877, 19878, 19879, 19880, 19881, 19882, 19883, 19884, 19885, 19886, 20360, 20361, 20362, 20364, 20367, 20368, 20369, 20370, 20371, 20372, 20373, 20374, 20375, 20376, 20377, 20378, 20379, 20380, 20390, 20391, 20392, 20393, 20395, 20399, 20403, 20404, 20405, 20406, 20407, 20408, 20411, 20412, 20413, 20414, 20416, 20418, 20423, 20426, 20440, 20442, 20444, 20445, 20446, 20447, 20448, 20449, 20450, 20451, 20453, 20458, 20460, 20459, 20462, 20463, 20464, 20465, 20466, 20467, 20468, 20469, 20470, 20471, 20472, 20473, 20474, 20475, 20476, 20477, 20478, 20479, 20480, 20481, 20482, 20483, 20484, 20485, 20486, 20487, 20488, 20489, 20490, 20491, 20492, 20493, 20494, 20496, 20500, 20501, 20502, 20503, 20504, 20505, 20506, 20517, 20519, 23059, 23066, 23078, 23079, 23090, 23091, 23095, 23096, 23097, 23099, 23105, 23107, 23109, 23110, 23111, 23112, 23113, 23114, 23115, 23121, 23122, 23123, 23124, 23125, 23126, 23127, 23128, 23129, 23130, 23131, 23132, 23133, 23134, 23135, 23136, 23137, 23138, 23139, 23140, 23141, 23142, 23143, 23144, 23145, 23146, 23147, 23148, 23149, 23151, 23152, 23153, 23155, 23156, 23157, 23159, 23161, 23162, 23163, 23164, 23166, 23167, 23168, 23170, 23175, 23177, 23183, 23199, 23202, 23203, 23204, 23205, 23206, 23207, 23208, 23212, 23214, 23251, 23252, 23253, 23257, 23265, 23266, 23267, 23269, 23273, 23276, 23278, 23279, 23280, 23281, 23283, 23284, 23285, 23287, 23288, 23289, 23290, 23291, 23292, 23293, 23294, 23295, 23298, 23299, 23301, 23302, 23303, 23304, 23305, 23306, 23307, 23308, 23309, 23310, 23311, 23313, 23315, |

| Claimant Name | Claim Number |
|---|---|
| | 23316, 23317, 23318, 23319, 23320, 23321, 23322, 23324, 23325, 23326, 23327, 23328, 23329, 23332, 23333, 23334, 23335, 23336, 23338, 23339, 23340, 23341, 23342, 23343, 23344, 23345, 23346, 23347, 23348, 23349, 23350, 23351, 23352, 23353, 23354, 23355, 23356, 23358, 23359, 23360, 23377, 23378, 23395, 23411, 23412, 23413, 23414, 27151, 31013, 31024 |

## SCHEDULE II

## DISALLOWED CLAIMS EXCEPT AS TO CERTAIN LOANS*[1]

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 20363, 20532, 20533<br>*1054 Loans |
| U.S. Bank National Association | 20365, 20584, 20585<br>*614 Loans |
| U.S. Bank National Association | 20366, 20584, 20585<br>*675 Loans |
| U.S. Bank National Association | 20394, 23075, 20592, 20593<br>*806 Loans |
| U.S. Bank National Association | 20396, 23071, 20592, 20593<br>*388 Loans |
| U.S. Bank National Association | 20397, 23073, 20592, 20593<br>*460 Loans |
| U.S. Bank National Association | 20398, 23072, 20592, 20593<br>*694 Loans |
| U.S. Bank National Association | 20400, 23069, 20592, 20593<br>*279 Loans |
| U.S. Bank National Association | 20401, 23068, 20592, 20593<br>*432 Loans |
| U.S. Bank National Association | 20402, 23067, 20592, 20593<br>*247 Loans |
| U.S. Bank National Association | 20409, 23060, 20594, 20595<br>*3398 Loans |
| U.S. Bank National Association | 20410, 23224, 20515, 20516<br>*1598 Loans |
| U.S. Bank National Association | 20415, 23250, 20594, 20595<br>*322 Loans |
| U.S. Bank National Association | 20417, 23248, 20594, 20595<br>*317 Loans |
| U.S. Bank National Association | 20422, 20594, 20595<br>*627 Loans |

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 20427, 23098, 20594, 20595<br>*63 Loans |
| U.S. Bank National Association | 20428, 20594, 20595<br>*1641 Loans |
| U.S. Bank National Association | 20429, 20594, 20595<br>*2801 Loans |
| U.S. Bank National Association | 20430, 20594, 20595<br>*684 Loans |
| U.S. Bank National Association | 20431, 23094, 20594, 20595<br>*384 Loans |
| U.S. Bank National Association | 20432, 23093, 20594, 20595<br>*445 Loans |
| U.S. Bank National Association | 20433, 23092, 20594, 20595<br>*597 Loans |
| U.S. Bank National Association | 20434, 20594, 20595<br>*3520 Loans |
| U.S. Bank National Association | 20435, 20594, 20595<br>*4415 Loans |
| U.S. Bank National Association | 20436, 23089, 20594, 20595<br>*2896 Loans |
| U.S. Bank National Association | 20437, 23088, 20594, 20595<br>*920 Loans |
| U.S. Bank National Association | 20438, 23087, 20596, 20510<br>*2023 Loans |
| U.S. Bank National Association | 20439, 23086, 20596, 20510<br>*48 Loans |
| U.S. Bank National Association | 20441, 23084, 20511, 20512<br>*1770 Loans |
| U.S. Bank National Association | 20443, 23368, 20511, 20512<br>*1777 Loans |
| U.S. Bank National Association | 20452, 20511, 20512<br>*804 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011. The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 20454, 20511, 20512<br>*1774 Loans |
| U.S. Bank National Association | 20455, 20511, 20512<br>*1990 Loans |
| U.S. Bank National Association | 20456, 20511, 20512<br>*841 Loans |
| U.S. Bank National Association | 20457, 23264, 20511, 20512<br>*1916 Loans |
| U.S. Bank National Association | 20461, 23260, 20511, 20512<br>*2842 Loans |
| U.S. Bank National Association | 20495<br>*296 Loans |
| U.S. Bank National Association | 20497<br>*165 Loans |
| U.S. Bank National Association | 20507<br>*1275 Loans |
| U.S. Bank National Association | 20508<br>*153 Loans |
| U.S. Bank National Association | 20518<br>*2 Loans |
| U.S. Bank National Association | 23031, 20515, 20516<br>*394 Loans |
| U.S. Bank National Association | 23032, 20515, 20516<br>*211 Loans |
| U.S. Bank National Association | 23033, 20515, 20516<br>*286 Loans |
| U.S. Bank National Association | 23034, 20515, 20516<br>*167 Loans |
| U.S. Bank National Association | 23035, 20515, 20516<br>*410 Loans |
| U.S. Bank National Association | 23036, 20515, 20516<br>*1130 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011.  The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23037, 20515, 20516<br>*37 Loans |
| U.S. Bank National Association | 23038, 20515, 20516<br>*4150 Loans |
| U.S. Bank National Association | 23039, 23330, 20515, 20516<br>*2682 Loans |
| U.S. Bank National Association | 23040, 23331, 20515, 20516<br>*2697 Loans |
| U.S. Bank National Association | 23041, 20515, 20516<br>*574 Loans |
| U.S. Bank National Association | 23042, 20515, 20516<br>*537 Loans |
| U.S. Bank National Association | 23043, 20515, 20516<br>*413 Loans |
| U.S. Bank National Association | 23044, 20515, 20516<br>*304 Loans |
| U.S. Bank National Association | 23045, 20515, 20516<br>*160 Loans |
| U.S. Bank National Association | 23046, 23337, 20515, 20516<br>*6 Loans |
| U.S. Bank National Association | 23047, 20515, 20516<br>*7 Loans |
| U.S. Bank National Association | 23048, 20515, 20516<br>*850 Loans |
| U.S. Bank National Association | 23049, 20515, 20516<br>*175 Loans |
| U.S. Bank National Association | 23050, 20515, 20516<br>*8 Loans |
| U.S. Bank National Association | 23051, 20515, 20516<br>*100 Loans |
| U.S. Bank National Association | 23052, 20515, 20516<br>*3221 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011.  The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

4

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23053, 20515, 20516<br>*3492 Loans |
| U.S. Bank National Association | 23054, 20515, 20516<br>*31 Loans |
| U.S. Bank National Association | 23055, 20515, 20516<br>*47 Loans |
| U.S. Bank National Association | 23056, 20515, 20516<br>*33 Loans |
| U.S. Bank National Association | 23057, 20515, 20516<br>*36 Loans |
| U.S. Bank National Association | 23058, 20594, 20595<br>*3290 Loans |
| U.S. Bank National Association | 23060, 20594, 20595<br>*3396 Loans |
| U.S. Bank National Association | 23061, 20594, 20595<br>*1910 Loans |
| U.S. Bank National Association | 23062, 20594, 20595<br>*2740 Loans |
| U.S. Bank National Association | 23063, 20594, 20595<br>*947 Loans |
| U.S. Bank National Association | 23064, 20594, 20595<br>*3349 Loans |
| U.S. Bank National Association | 23065, 20594, 20595<br>*111 Loans |
| U.S. Bank National Association | 23070, 20592, 20593<br>*104 Loans |
| U.S. Bank National Association | 23074, 20592, 20593<br>*42 Loans |
| U.S. Bank National Association | 23076, 20592, 20593<br>*461 Loans |
| U.S. Bank National Association | 23077, 20590, 20591<br>*5277 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011.  The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

5

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23083, 20511, 20512<br>*2112 Loans |
| U.S. Bank National Association | 23085, 20511, 20512<br>*3074 Loans |
| U.S. Bank National Association | 23103, 20485, 20585<br>*2135 Loans |
| U.S. Bank National Association | 23104, 20584, 20585<br>*733 Loans |
| U.S. Bank National Association | 23106, 20584, 20585<br>*1883 Loans |
| U.S. Bank National Association | 23108, 20584, 20585<br>*304 Loans |
| U.S. Bank National Association | 23150, 23375, 20513, 20514<br>*36 Loans |
| U.S. Bank National Association | 23154, 23379, 20513, 20514<br>*238 Loans |
| U.S. Bank National Association | 23158, 23383, 20513, 20514<br>*465 Loans |
| U.S. Bank National Association | 23160, 23385, 20513, 20514<br>*1556 Loans |
| U.S. Bank National Association | 23165, 23390, 20513, 20514<br>*382 Loans |
| U.S. Bank National Association | 23169, 20584, 20585<br>*814 Loans |
| U.S. Bank National Association | 23171, 20532, 20533<br>*1868 Loans |
| U.S. Bank National Association | 23172, 20532, 20533<br>*1679 Loans |
| U.S. Bank National Association | 23173, 20532, 20533<br>*1116 Loans |
| U.S. Bank National Association | 23174, 20515, 20516<br>*14 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011. The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

| **Claimant Name** | **Claim Number** |
|---|---|
| U.S. Bank National Association | 23176, 20515, 20516<br>*769 Loans |
| U.S. Bank National Association | 23178, 20515, 20516<br>*4 Loans |
| U.S. Bank National Association | 23179, 20515, 20516<br>*8 Loans |
| U.S. Bank National Association | 23180, 20515, 20516<br>*1177 Loans |
| U.S. Bank National Association | 23181, 20515, 20516<br>*9 Loans |
| U.S. Bank National Association | 23182, 20515, 20516<br>*64 Loans |
| U.S. Bank National Association | 23184, 20515, 20516<br>*63 Loans |
| U.S. Bank National Association | 23185, 20515, 20516<br>*398 Loans |
| U.S. Bank National Association | 23186, 20515, 20516<br>*202 Loans |
| U.S. Bank National Association | 23187, 20515, 20516<br>*315 Loans |
| U.S. Bank National Association | 23188, 20515, 20516<br>*156 Loans |
| U.S. Bank National Association | 23189, 20515, 20516<br>*2767 Loans |
| U.S. Bank National Association | 23190, 20515, 20516<br>*4358 Loans |
| U.S. Bank National Association | 23191, 20515, 20516<br>*2293 Loans |
| U.S. Bank National Association | 23192, 20515, 20516<br>*287 Loans |
| U.S. Bank National Association | 23193, 20515, 20516<br>*308 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011.  The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23194, 20515, 20516<br>*528 Loans |
| U.S. Bank National Association | 23195, 20515, 20516<br>*609 Loans |
| U.S. Bank National Association | 23196, 20515, 20516<br>*1211 Loans |
| U.S. Bank National Association | 23197, 23314, 20515, 20516<br>*3473 Loans |
| U.S. Bank National Association | 23198, 20515, 20516<br>*152 Loans |
| U.S. Bank National Association | 23200, 20515, 20516<br>*519 Loans |
| U.S. Bank National Association | 23201, 23323, 20515, 20516<br>*365 Loans |
| U.S. Bank National Association | 23209, 20515, 20516<br>*1889 Loans |
| U.S. Bank National Association | 23210, 20515, 20516<br>*24 Loans |
| U.S. Bank National Association | 23211, 20515, 20516<br>*991 Loans |
| U.S. Bank National Association | 23213, 20515, 20516<br>*2033 Loans |
| U.S. Bank National Association | 23215, 20515, 20516<br>*1400 Loans |
| U.S. Bank National Association | 23216, 20515, 20516<br>*2467 Loans |
| U.S. Bank National Association | 23217, 20515, 20516<br>*1357 Loans |
| U.S. Bank National Association | 23218, 23286, 20515, 20516<br>*427 Loans |
| U.S. Bank National Association | 23219, 20515, 20516<br>*363 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011.  The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23220, 20515, 20516<br>*9076 Loans |
| U.S. Bank National Association | 23221, 20515, 20516<br>*10464 Loans |
| U.S. Bank National Association | 23222, 20515, 20516<br>*5510 Loans |
| U.S. Bank National Association | 23223, 20515, 20516<br>*234 Loans |
| U.S. Bank National Association | 23225, 20515, 20516<br>*716 Loans |
| U.S. Bank National Association | 23226, 20515, 20516<br>*850 Loans |
| U.S. Bank National Association | 23227, 20515, 20516<br>*707 Loans |
| U.S. Bank National Association | 23234, 20586, 20587<br>*5646 Loans |
| U.S. Bank National Association | 23235, 20586, 20587<br>*116 Loans |
| U.S. Bank National Association | 23236, 20586, 20587<br>*439 Loans |
| U.S. Bank National Association | 23237, 20586, 20587<br>*591 Loans |
| U.S. Bank National Association | 23238, 20586, 20587<br>*489 Loans |
| U.S. Bank National Association | 23239, 20586, 20587<br>*619 Loans |
| U.S. Bank National Association | 23240, 20586, 20587<br>*570 Loans |
| U.S. Bank National Association | 23241, 20586, 20587<br>*747 Loans |
| U.S. Bank National Association | 23242, 20586, 20587<br>*597 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011.  The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23243, 20484, 20485<br>*479 Loans |
| U.S. Bank National Association | 23244, 20584, 20585<br>*304 Loans |
| U.S. Bank National Association | 23245, 20594, 20595<br>*552 Loans |
| U.S. Bank National Association | 23246, 20594, 20595<br>*506 Loans |
| U.S. Bank National Association | 23247, 20594, 20595<br>*322 Loans |
| U.S. Bank National Association | 23249, 20594, 20595<br>*785 Loans |
| U.S. Bank National Association | 23254, 20513, 20514<br>*432 Loans |
| U.S. Bank National Association | 23255, 20513, 20514<br>*471 Loans |
| U.S. Bank National Association | 23256, 20513, 20514<br>*165 Loans |
| U.S. Bank National Association | 23258, 20511, 20512<br>*4238 Loans |
| U.S. Bank National Association | 23259, 20511, 20512<br>*1075 Loans |
| U.S. Bank National Association | 23261, 20511, 20512<br>*4005 Loans |
| U.S. Bank National Association | 23262, 20511, 20512<br>*1959 Loans |
| U.S. Bank National Association | 23263, 20511, 20512<br>*1816 Loans |
| U.S. Bank National Association | 23268, 20511, 20512<br>*1393 Loans |
| U.S. Bank National Association | 23270, 20511, 20512<br>*816 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011.  The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23271, 20594, 20595<br>*2550 Loans |
| U.S. Bank National Association | 23272, 20594, 20595<br>*1765 Loans |
| U.S. Bank National Association | 23274, 20515, 20516<br>*2219 Loans |
| U.S. Bank National Association | 23275, 20515, 20516<br>*5645 Loans |
| U.S. Bank National Association | 23277, 20515, 20516<br>*630 Loans |
| U.S. Bank National Association | 23282, 20515, 20516<br>*197 Loans |
| U.S. Bank National Association | 23296, 23297, 20515, 20516<br>*1 Loan |
| U.S. Bank National Association | 23312, 20515, 20516<br>*1428 Loans |
| U.S. Bank National Association | 23357, 20515, 20516<br>*43 Loans |
| U.S. Bank National Association | 23361, 20511, 20512<br>*353 Loans |
| U.S. Bank National Association | 23362, 20511, 20512<br>*466 Loans |
| U.S. Bank National Association | 23363, 20511, 20512<br>*1043 Loans |
| U.S. Bank National Association | 23364, 20511, 20512<br>*721 Loans |
| U.S. Bank National Association | 23365, 20511, 20512<br>*2230 Loans |
| U.S. Bank National Association | 23366, 20511, 20512<br>*1743 Loans |
| U.S. Bank National Association | 23367, 20511, 20512<br>*2000 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011. The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

11

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23369, 20515, 20516<br>*293 Loans |
| U.S. Bank National Association | 23370, 20515, 20516<br>*113 Loans |
| U.S. Bank National Association | 23371, 20515, 20516<br>*303 Loans |
| U.S. Bank National Association | 23372, 20515, 20516<br>*361 Loans |
| U.S. Bank National Association | 23373, 20515, 20516<br>*92 Loans |
| U.S. Bank National Association | 23374, 20515, 20516<br>*94 Loans |
| U.S. Bank National Association | 23376, 20513, 20514<br>*234 Loans |
| U.S. Bank National Association | 23380<br>*146 Loans |
| U.S. Bank National Association | 23381, 20513, 20514<br>*978 Loans |
| U.S. Bank National Association | 23382, 20513, 20514<br>*320 Loans |
| U.S. Bank National Association | 23384, 20513, 20514<br>*721 Loans |
| U.S. Bank National Association | 23386, 20513, 20514<br>*404 Loans |
| U.S. Bank National Association | 23387, 20513, 20514<br>*1011 Loans |
| U.S. Bank National Association | 23388, 20513, 20514<br>*139 Loans |
| U.S. Bank National Association | 23389, 20513, 20514<br>*328 Loans |
| U.S. Bank National Association | 23391, 20513, 20514<br>*1009 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011. The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23392, 20513, 20514<br>*141 Loans |
| U.S. Bank National Association | 23393, 20513, 20514<br>*440 Loans |
| U.S. Bank National Association | 23394, 20515, 20516<br>*457 Loans |
| U.S. Bank National Association | 23396, 20515, 20516<br>*831 Loans |
| U.S. Bank National Association | 23397, 20515, 20516<br>*894 Loans |
| U.S. Bank National Association | 23398, 20515, 20516<br>*976 Loans |
| U.S. Bank National Association | 23399, 23300, 20515, 20516<br>*670 Loans |
| U.S. Bank National Association | 23400, 20515, 20516<br>*688 Loans |
| U.S. Bank National Association | 23401<br>*1594 Loans |
| U.S. Bank National Association | 23402, 20515, 20516<br>*822 Loans |
| U.S. Bank National Association | 23403, 20515, 20516<br>*1787 Loans |
| U.S. Bank National Association | 23404, 20515, 20516<br>*3329 Loans |
| U.S. Bank National Association | 23405, 20515, 20516<br>*1289 Loans |
| U.S. Bank National Association | 23406, 20515, 20516<br>*931 Loans |
| U.S. Bank National Association | 23407, 20515, 20516<br>*945 Loans |
| U.S. Bank National Association | 23408, 20515, 20516<br>*13759 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011. The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.

| Claimant Name | Claim Number |
|---|---|
| U.S. Bank National Association | 23409, 20515, 20516<br>*5211 Loans |
| U.S. Bank National Association | 23410, 20515, 20516<br>*3402 Loans |
| U.S. Bank National Association | 27161<br>*Claim 27161 is an omnibus catch-all claim related to numerous trusts and transactions that may or may not also relate to a corresponding individual claim by USB.  Debtors seek disallowance of claim 27161 solely to the extent that any corresponding individual claims are ultimately disallowed. |
| U.S. Bank National Association | 27163, 20515, 20516<br>*34 Loans |

[1] Disallow claims except as to those certain loans for which Claimant USB provided data to Debtors on March 4, 2011, April 19, 2011, May 26, 2011 and May 27, 2011.  The number of loans listed for each Proof of Claim entry in the table below represents the number of loans for which Claimant provided loan-level data for the transaction subject of the Proof of Claim.