Form 210A

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,                    Case No. 08-13555(JMP)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**IAB LIMITED**
Name of Transferee

**KNOWLE LIMITED**
Name of Transferor

Name and Address where notices to transferee should be sent:

Clarendon House
2 Church Street
Hamilton HM 11, Bermuda
Attn: Elizabeth Denman, Director

Phone: +1-441-278-7842
Email: elizabeth.denman@conyersdill.com
Last Four Digits of Acct. #:

Court Claim # (if known): 10690
Amount of Claim: $1,092,235.74
Date Claim Filed: September 8, 2009

Phone: +1-441-278-7842
Last Four Digits of Acct.#:

**\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***

Name and Address where transferee payments should be sent (if different from above):

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

IAB LIMITED
By: _____   Date: 27 Jun 2011
Elizabeth Denman, Authorized Signatory

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# EXHIBIT A

Proof of Claim

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000010690 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Knowle Limited<br>Rosebank Centre, 11 Bermudiana Road<br>Pembroke HM08, Bermuda<br>Attn: Elizabeth Denman, Director<br>Telephone number: 441-278-7842<br>Email Address: Elizabeth.denman@conyersdillandpearman.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ | **NOTICE OF SCHEDULED CLAIM:**<br>Your Claim is scheduled by the indicated Debtor as: |
|---|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:           Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. | |

1. **Amount of Claim as of Date Case Filed:** $ See Attached
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☒ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☒ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See Attached
   (See instruction #2 on reverse side.)
3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)
4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:    ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____ Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____
6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)
7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
   **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
   If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
- ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

**Amount entitled to priority:**
$ _____

**FOR COURT USE ONLY**
SEP - 8 2009

| Date:<br>August 31, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Name: Elizabeth Denman<br>Title: Director |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NY:8780309.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                  Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*      Case No. 08-13555 (JMP)

                                                                    (Jointly Administered)

                                  Debtors.
-----------------------------------------------------------x

## ANNEX A TO PROOF OF CLAIM OF
## KNOWLE LIMITED

1. **Claimant.** Knowle Limited (the "**Claimant**") hereby files the accompanying proof of claim (the "**Proof of Claim**") against Lehman Brothers Holdings Inc., the debtor and debtor in possession in the above-referenced chapter 11 case (the "**Debtor**"). The Claimant holds a claim against the Debtor arising from certain transactions that occurred prior to September 15, 2008 (the "**Petition Date**"), as described more fully below.

2. **Transactions Between the Parties.** The Claimant and Lehman Brothers International (Europe) ("**LBIE**") are party to: (i) the 1992 ISDA Master Agreement (including the Schedule thereto), dated as of June 11, 2002, as amended on January 14, 2005 (the "**Master Agreement**") and any and all other amendments, ancillary agreements and documents relating thereto; (ii) the Amended and Restated International Prime Brokerage Agreement, dated February 15, 2008 between LBIE, the Claimant and De Putron Fund Management (Guernsey) Limited (the "**PB Agreement**") and any and all other amendments, ancillary agreements and documents relating thereto; and (iii) the Cross Margining and Netting Agreement, dated May 20, 2008 between LBIE and the Claimant (the "**Netting Agreement**" and, collectively with the Master Agreement and

the PB Agreement, the "**Agreements**") and any and all other amendments, ancillary agreements and documents relating thereto. Terms used but not defined herein have the respective meanings ascribed to such terms in the relevant Agreement. The Claimant also has the benefit of the Guarantee issued by the Debtor in favor of the Claimant in respect of the obligations of LBIE under the Master Agreement (the "**Guarantee**"). In connection with the Agreements and the Guarantee, the Claimant has delivered to LBIE the following documents: (i) notice, dated September 16, 2008, that an Event of Default had occurred and was continuing under the terms of the Master Agreement and designating September 16, 2008 as the Early Termination Date; and (ii) notice under Section 6(d) of the Master Agreement, dated September 24, 2008 (as revised by notice dated October 15, 2008), pursuant to which the Claimant notified LBIE of the amount due and payable by LBIE pursuant to the terms of the Agreements. Pursuant to the Guarantee, the Debtor unconditionally guaranteed to the Claimant the payment of all obligations of LBIE under the Master Agreement when and as such amounts become due and payable. The Debtor also fully guaranteed the payment of all liabilities, obligations and commitments of, among other Lehman entities, LBIE, pursuant to board resolutions adopted by the Executive Committee of the Debtor's Board of Directors, including but not limited to, those certain resolutions adopted by unanimous written consent on June 9, 2005 and the Guarantee of Lehman Brothers Holdings Inc., dated January 4, 2008, under which the Debtor (i) absolutely and unconditionally guaranteed, to any counterparty of LBIE and such counterparty's successors, endorsees and assigns (collectively, the "**Beneficiaries**"), the payment by LBIE of all of its liabilities, obligations and commitments as the same shall become due, together with accrued

interest and charges, if any, and (ii) agreed to reimburse each Beneficiary for all expenses, including reasonable attorneys' fees of enforcing, obtaining or endeavoring to enforce or obtain such payment. LBIE has defaulted on its obligations under the Agreements and, pursuant to the above described guarantees, the Claimant hereby asserts this claim in the amount set forth in paragraph 3 below. The Claimant will upload or cause to be uploaded the principal documents which evidence the claims set forth below under separate cover to the Debtors' website, www.lehman-claims.com, on or before October 22, 2009 at 5:00 p.m. (ET). The claimant will also upload or cause to be uploaded a completed Guarantee Questionnaire and Derivative Questionnaire relating to the claims set forth below to the Debtors' website www.lehman-claims.com, on or before October 22, 2009 at 5:00 p.m. (ET).

3. Claim.    As of the Petition Date, the Claimant has a claim against the Debtor in the aggregated liquidated amount of $1,092,235.74 (the "**Claim**"), in respect of the net amount owing to the Claimant, *plus* all other interest, fees, costs and expenses, to the extent allowed under applicable law, which are owed by the Debtor pursuant to the Agreement. An itemization of the amounts due and owing to the Claimant are set forth on Exhibit 1 attached hereto.

4. Security Interests and Priority Status. The Claim is filed as a general unsecured claim, without any prejudice to any and all rights of the Claimant to assert that any portion of the Claim is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code.

5. <u>Claims, Counterclaims, Setoffs and Defenses.</u> The Claim is not subject to any known claims, counterclaims, setoffs or defenses by the Debtor. The Claimant also reserves any and all rights of setoff and recoupment that the Claimant or any of its affiliates may have against the Debtor or its related entities.

6. <u>Reservation of Rights.</u> The execution and filing of this Proof of Claim is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any other entity or person liable for all or any part of the Claim asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of its right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of Claimant's rights to assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a waiver of Claimant's rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or its affiliates.

7. <u>Amendments.</u> The Claimant expressly reserves its right to file any separate or additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly

so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

## Exhibit 1

| Loss Amount Under Master Agreement | USD $ 435,848.46 |
|---|---|
| Expenses incurred pursuant to Section 11 of the Master Agreement up to August 25, 2009 | USD $ 51,565.10 |
| Amount Owed Under PB Agreement | USD $ 604,822.18 |
| **Total** | USD $ 1,092,235.74 |

# ALLEN & OVERY

By FEDEX First Overnight (Email confirmation requested)

James W. Giddens, Trustee
Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Inc. Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

Allen & Overy LLP
1221 Avenue of the Americas
New York NY 10020

Tel             212 610 6300
Fax             212 610 6399
Direct line     212 756 1187
victor.waingort@allenovery.com

Our ref          35069-00039/NY:8906162.1

September 4, 2009

**Knowle Limited - PROOF OF CLAIM AGAINST LEHMAN BROTHERS HOLDINGS INC., ("LBHI") or an affiliated debtor.**

To James W. Giddens, Trustee:

Enclosed please find two copies (one original signature; one photocopy) of the proof of claim hereby filed by Knowle Limited against LBHI and/or one of its affiliated debtors. Please retain the original copy and return to us the photocopy (time-stamped as "RECEIVED") in the enclosed self-addressed stamped envelope.

Kind regards,

Victor Waingort

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763. It is regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional law firm with lawyers admitted to practice in a variety of jurisdictions. A list of the members of Allen & Overy LLP and their professional qualifications is open to inspection at its registered office, One Bishops Square, London, E1 6AD and at the above address. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications.

Allen & Overy LLP or an affiliated undertaking has an office in each of: Abu Dhabi, Amsterdam, Antwerp, Bangkok, Beijing, Bratislava, Brussels, Bucharest (associated office), Budapest, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, London, Luxembourg, Madrid, Mannheim, Milan, Moscow, Munich, New York, Paris, Prague, Riyadh (associated office), Rome, São Paulo, Shanghai, Singapore, Tokyo and Warsaw.

FedEx Ship Manager - Print Your Label(s)                                    Page 1 of 1






From: Origin ID: QNYA (212) 756-1111
Steve Gray
ALLEN AND OVERY, LLP
1221 6TH AVENUE
21ST FLOOR
NEW YORK, NY 10020

Ship Date: 04SEP09
ActWgt: 1.0 LB
CAD: 5589878/INET9060
Account#: S *********

Delivery Address Bar Code

SHIP TO: (646) 344-6673      BILL SENDER

James W. Giddens, Esq.
Epiq Bankruptcy Solutions, LLC
757 3RD AVE FRNT 3

NEW YORK, NY 10017

Ref # 35069-00039
Invoice #
PO #
Dept #

RECEIVED
SEP - 8 2009

TRK# 7979 0996 8428      TUE - 08SEP    A1
0201                     FIRST OVERNIGHT

E9 OGSA                  10017
                         NY-US
                         EWR

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.
Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site Map |
This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995- 2009 FedEx

https://www.fedex.com/shipping/shipAction.handle?method=doContinue                    9/4/2009

## **EXHIBIT B**

Evidence of Transfer from Transferor to Transferee

## LBHI EVIDENCE OF TRANSFER OF LBHI CLAIM

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

Knowle Limited, a limited company organized under the laws of Bermuda, with offices located at Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda ("SELLER"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of a Claims Transfer Agreement dated 16 June 2011, does hereby certify that it has unconditionally and irrevocably sold, transferred, assigned, granted and conveyed to IAB Limited, its successors and assigns, with offices located at Clarendon House, 2 Church Street, Hamilton HM 11, Bermuda ("BUYER"), all right, title, interest, claims (as such term is defined in Section 101(5) of Title 11 of the United States Code (the "U.S. Bankruptcy Code")) and causes of action in and to, or arising under Proof of Claim Number 10690 in the amount of $1,092,235.74 filed on behalf of the Seller (the "Transferred Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (the "Debtor").

SELLER hereby waives any objection to the transfer of the Transferred Claim to BUYER on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the U.S. Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of SELLER by BUYER for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claim. SELLER acknowledges and understands, and hereby stipulates that an order of the Court may be entered without further notice to SELLER transferring to BUYER the Transferred Claim, recognizing BUYER as the sole owner and holder of the Transferred Claim, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to BUYER.

IN WITNESS WHEREOF, dated as of the 16 day of June, 2011.

SELLER:

...................................
Name:
Title:    Elizabeth M. Denman
KNOWLE LIMITED    Director

BUYER

...................................
Name:
Title:    Elizabeth M. Denman
IAB LIMITED    Director