Presentment Date and Time: July 6, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: July 5, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): July 21, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Ralph I. Miller
Penny P. Reid

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re**                                             :          Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,          :          08-13555 (JMP)
:
Debtors.                             :          (Jointly Administered)
:
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER REINSTATING CLAIM**

   **PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **July 6, 2011 at 12:00 noon (Prevailing Eastern Time)**. The Supplemental Order supplements the Order Granting Debtors' Sixty-Third Omnibus Objection to Claims (Valued Derivative Claims), dated December 2, 2010 [Docket No. 13164], and reinstates previously reduced and allowed claim number 14329.

   **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **July 5, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **July 21, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

   **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 28, 2011
      New York, New York

                      /s/ Robert J. Lemons
                      Robert J. Lemons

                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007

                      Attorneys for Debtors
                      and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Ralph I. Miller
Penny P. Reid

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
: 
Debtors. : **(Jointly Administered)**
:
------------------------------------------------------------------x

## SUPPLEMENTAL ORDER REINSTATING CLAIM

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Sixty-Third Omnibus Objection to Claims (Valued Derivative Claims)*, dated October 13, 2010 [Docket No. 11978] (the "Sixty-Third Omnibus Objection to Claims"), against claim number 14329 (the "Claim"), which was filed by China Development Ind Bank (the "Claimant");

WHEREAS the Sixty-Third Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedures, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), to

reduce and allow the Claim on the grounds that the amount listed on Claimant's proof of claim was greater than the fair, accurate, and reasonable values determined by the Debtors after a review of Claimant's supporting documentation and the Debtors books and records, as more fully described in the Sixty-Third Omnibus Objection to Claims;

WHEREAS the Debtors did not receive a response to the Sixty-Third Omnibus Objection to Claims on behalf of the Claim prior to the deadline to respond to such objection, which was November 15, 2010 at 4:00 p.m. (Prevailing Eastern Time) (the "Response Deadline");

WHEREAS the Court held a hearing on December 1, 2010 (the "Omnibus Hearing") to consider the relief requested in the Sixty-Third Omnibus Objection to Claims;

WHEREAS the Court entered an order on December 2, 2010 [Docket No. 13164] granting the relief requested in the Sixty-Third Omnibus Objection to Claims (the "Original Order"), which, among other things, reduced and allowed the Claim;

WHEREAS Claimant never received from the court-approved claims and noticing agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), a service copy of the Sixty-Third Omnibus Objection to Claims due to an error in the service address;

WHEREAS had Claimant received service of the Sixty-Third Omnibus Objection to Claims Claimant would have filed a Response by the Response Deadline or requested an extension to the Response Deadline pending negotiations with the Debtors;

**IT IS HEREBY**:

ORDERED that Epiq shall be authorized and directed to immediately reinstate the Claim on the Debtors' official claims register; and it is further

ORDERED that the rights of the Debtors and any other party in interest to object to the Claim on any ground are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE