WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
                       Debtors.                 :   (Jointly Administered)
-------------------------------------------------------------------x
```

**DECLARATION OF ROBERT HERSHAN
IN SUPPORT OF MOTION PURSUANT TO SECTIONS
105(a) AND 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULES 6006, 9014 AND 9019 FOR AUTHORIZATION TO (I) TERMINATE
AND SETTLE OR (II) REJECT CERTAIN PREPETITION DERIVATIVES
CONTRACTS  WITH TRUSTS FOR WHICH U.S. BANK NATIONAL
<u>ASSOCIATION SERVES AS INDENTURE TRUSTEE AND RELATED RELIEF</u>**

Pursuant to 28 U.S.C. § 1746, I, Robert Hershan, declare:

1.　　I am over the age of 18 years and make these statements of my own personal knowledge, following my review of the business records of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, with LBHI, the "<u>Debtors</u>"), including specifically, Lehman Brothers Special Financing Inc. ("<u>LBSF</u>"), and/or my consultation with employees of the Debtors.  If called to testify, I could testify to the truth of the matters set forth herein.

2.　　I submit this Declaration in support of the *Motion Pursuant to Sections 105(a) and 365 of the Bankruptcy Code and Bankruptcy Rules 6006, 9014 and 9019 For Authorization to (I) Terminate and Settle or (II) Reject Certain Prepetition Derivatives Contracts*

*With Trusts For Which U.S. Bank National Association Serves as Indenture Trustee and Related Relief* (the "Motion").

3. I am Managing Director with Alvarez & Marsal North America, LLC. I was assigned to the Lehman matter in September 2008. One of my primary areas of responsibility includes managing a portfolio of the Debtors' derivatives transactions with counterparties that are special purpose entities.

4. I am familiar with LBSF's interests in the derivatives contracts (the "Derivatives Contracts") set forth on Exhibit A ("Exhibit A") and Exhibit B ("Exhibit B") annexed to the Motion with the various trusts and special purpose vehicles (collectively, the "Trusts"). U.S. Bank National Association serves as indenture trustee (in such capacity, the "Trustee") for each of the Trusts. The Motion accurately reflects the terms of the Derivatives Contracts.

5. Since September 15, 2008, the date on which LBHI commenced its chapter 11 case, the Debtors have diligently sought to unwind their derivative contracts and crystallize amounts payable by the Debtors. Fixing the amount of unliquidated claims filed against the Debtors will assist the Debtors in preparing their chapter 11 plan and estimating distributions to creditors.

6. Under the terms of the Derivatives Contracts that the Debtors are seeking to terminate and settle pursuant to the Motion (the "Settled Derivatives Contracts"), other than repayment of certain amounts advanced by the Debtors, the Debtors are not entitled to receive any further payments from the Trusts, but, rather can only owe amounts to the Trusts. The Debtors' payment obligations under some of the Derivative Contracts are tied to One Month LIBOR rates. If One Month LIBOR increases dramatically in the future, the Debtors' liabilities

could increase. The Debtors obligations under other Derivatives Contracts are linked to the timing of payments by borrowers under certain mortgage loans. If the borrowers fail to make or defer certain interest payments on the mortgage loans, LBSF's obligations could increase.

7. In order to fix in amount the Debtors' liability under the Settled Derivatives Contracts and limit any increase in damages that could be claimed by the Trusts, the Debtors determined it would be prudent to terminate the Settled Derivatives Contracts and settle the amounts owed by LBSF thereunder. The Debtors and the Trustee have agreed that the Settled Derivatives Contracts should be terminated as of the dates set forth on Exhibit A to the Motion (the "Termination Date"). The Debtors calculated the amounts due to the Trusts under the Settled Derivative Contracts in accordance with the terms thereof. Such amounts, excluding the amounts of fees and expenses owed to the Trusts under the terms of the Settled Derivatives Contracts, have been reviewed and determined to be fair to the Trusts by an independent third party engaged by the Trustee. The total amount owed to each Trust under the terms of the Settled Derivatives Contracts is set forth on Exhibit A to the Motion (the "Settlement Amounts"). After consultation with various employees of the Debtors and attorneys for the Debtors, I believe that the termination of the Settled Derivatives Contracts at this time and agreeing to the Settlement Amounts are in the best interests of the Debtors, their estates and creditors.

8. The claims against LBSF and LBHI that would be allowed claims pursuant to the proposed order were timely filed and filed in accordance with the Bar Date Order. The Excluded Guarantee Claims filed by the Trustee against LBHI did not comply with certain provisions of the Bar Date Order, and therefore would not be allowed pursuant to the proposed order. As a result of the termination and settlement of the Settled Derivatives

Contracts, the Debtors have agreed that certain of the Claims will be allowed in the Settlement Amounts to the extent provided in Exhibit A.

9. The Trustee did not file any claims relating to the Derivatives Contract set forth on Exhibit B to the Motion (the "Rejected Derivatives Contract"). The Rejected Derivatives Contract is an ISDA Master Agreement pursuant to which two interest rate cap transactions were entered into. Pursuant to one of the caps, the Trust is obligated to make periodic payments to LBSF and LBSF is obligated to make payments to the Trust to the extent One-Month LIBOR exceeds a certain rate. It is in the Debtors best interests to reject the Rejected Derivatives Contract and prevent LBSF from accruing any additional liabilities if interest rates were to increase dramatically. The amount due to the Trust as of the rejection date is set forth on Exhibit B to the Motion. The amount, excludes the amounts of fees and expenses owed to the Trust under the terms of the Rejected Derivatives Contract to LBSF. The Damage Amount has been reviewed and determined to be fair to the Trust by an independent third party engaged by the Trustee.

10. I am aware that the Debtors are authorized to terminate and settle the Settled Derivatives Contracts with consenting counterparties pursuant to *Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts* [Docket No. 2257]. I have been advised that the Trustee has requested that the holders of securities issued by the Trusts provide instruction with respect to settling the Derivative Contracts, but has not been directed by the requisite number or amount of holders to terminate and settle the Settled Derivatives Contracts or agree to the damage amount with respect to the Rejected Derivatives Contract. The Trustee, has agreed to the terms of the proposed termination and settlement of the Settled

Derivatives Contracts, including the Settlement Amounts and rejection of the Rejected Derivatives Contract, including the Damage Amount, subject to the filing of the Motion, which provides the Trustee, the Trusts and the holders of the securities issued by the Trusts with notice of, and an opportunity to object to, the proposed termination and settlement or rejection of the Derivatives Contracts.

11. In my business judgment, (i) the termination of the Settled Derivatives Contracts at this time and the allowance of the Claims in the respective Settlement Amounts and (ii) the rejection of the Rejected Derivatives Contract at this time and fixing the rejection damages at the Damage Amount are in the best interest of the Debtors, their estates and their creditors.

12. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 28th day of June 2011.

/s/ Robert Hershan
Robert Hershan