**Proposed Hearing Date and Time: August 30, 2011 at 10:00 p.m. (Eastern Time)**
**Proposed Objection Deadline:  August 11, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                          :
**In re**                                  :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08 - 13555 (JMP)**
                                          :
                    **Debtors.**           :        **(Jointly Administered)**
                                          :
---------------------------------------------------------------------x

**AMENDED MOTION (I) FOR APPROVAL**
**OF THE DISCLOSURE STATEMENT AND THE FORM**
**AND MANNER OF NOTICE OF THE DISCLOSURE STATEMENT HEARING, (II)**
**ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING**
**A CONFIRMATION HEARING, AND (IV) ESTABLISHING NOTICE AND OBJECTION**
**PROCEDURES FOR CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11 PLAN**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and,

collectively with their non-debtor affiliates, "Lehman") respectfully state:

**Relief Requested**

1.      Pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002, 3017, 3018, 3020, 9013, 9014 and

9021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1,

3017-1, 3018-1, 3020-1, 9013-1 and 9021-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District of New York (the "Local Rules"), the Debtors seek

approval of their Proposed Disclosure Statement (as defined below) (the "Motion") and entry of

the Proposed Disclosure Statement Order, attached as Annex A, that –

(a)      approves the Proposed Disclosure Statement as compliant with section 1125 of the Bankruptcy Code;

(b)      approves the notice that was served of the Disclosure Statement Hearing (as defined below);

(c)      approves solicitation procedures, which, inter alia, –

   (1)   establish [**August 1, 2011**] as the record date for claimant/creditors and equity interest holders to vote or otherwise receive a notice of non-voting status (the "Record Date");

   (2)   establish the form of ballots substantially in the forms attached to the Proposed Disclosure Statement Order as Exhibits 3A-3E (collectively, the "Ballots"); and

   (3)   establish the notice to claimant/creditors and equity interest holders not entitled to vote advising them of their non-voting status substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 4 (the "Notice of Non-Voting Status");

(d)      establishes [**September 16, 2011**] as the deadline for objecting to claims for voting purposes and provides for procedures for temporary allowance of certain claims solely for voting purposes;

(e)      approves procedures for consideration of confirmation of the Plan (as defined below), which, inter alia, –

   (1)   establish the notice of the hearing to consider confirmation of the Plan substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 2 (the "Confirmation Hearing Notice");

(2)     establish **[November 4, 2011] at 4:00 p.m.] (Eastern Time)** as the date by which objections or responses to the confirmation of the Plan must be filed and received (the "Plan Objection Deadline");

(3)     establish **[November 4, 2011] at 4:00 p.m.] (Eastern Time)** as the date by which Epiq (as defined below) must receive a ballot for such ballot to be counted (the "Voting Deadline"); and

(4)     schedule the hearing to consider confirmation of the Plan to be held on **[TBD at 10:00 a.m.] (Eastern Time)** (the "Confirmation Hearing").

2.     The key dates pertinent to the instant Motion are summarized below:[1]

|  | Date |
|---|---|
| Record Date | [August 1, 2011] |
| Deadline for Objections/Responses to Proposed Disclosure Statement | August 11, 2011 |
| Deadline for Replies to Objections/Responses to Proposed Disclosure Statement | August 23, 2011 |
| Disclosure Statement Hearing | August 30, 2011 |
| Solicitation Package Assembly and Service Period | [September 1, 2011 – September 23, 2011][2] |
| Deadline for Objections to Claims for Voting Purposes | [September 16, 2011] |
| Deadline for Filing of Temporary Allowance Request Motions | [October 7, 2011] |
| Deadline for Objections/Responses to Temporary Allowance Request Motions | [October 14, 2011] |
| Deadline for Replies to Objections/Responses to Temporary Allowance Request Motions | [October 21, 2011] |
| Voting Deadline | [November 4, 2011] |
| Deadline for Objections/Responses to Confirmation of the Plan | [November 4, 2011] |
| Deadline for Entry of Order Granting Temporary Allowance Request Motions | [November 4, 2011] |
| Deadline for Filing Voting Certification | [TBD] |
| Deadline for Replies to Objections/Responses to Confirmation of Plan | [November 21, 2011] |
| Confirmation Hearing | [TBD] |

---

[1] With the exception of the dates relating to the Proposed Disclosure Statement, the dates in this table and in the Motion are bracketed so as to indicate that they are either proposed dates or suggested time periods. The dates in brackets have not been set or approved by the Court. Defined terms in this table shall have the definitions ascribed to them in the Motion.

[2] In the event the Debtors' agent is unable to complete service by [September 23, 2011], the Debtors reserve the right to seek extra time from the Court to complete service.

3.      Exhibits cited or referred to in the Motion are as follows:

| | Exhibit |
|---|---|
| **Proposed Disclosure Statement Order** | Annex A |
| Proposed Disclosure Statement | ECF No. 18125 |
| Plan | Exhibit 1 to the Proposed Disclosure Statement |
| **Disclosure Statement Notice** | Exhibit 1 to the Proposed Disclosure Statement Order |
| **Confirmation Hearing Notice** | Exhibit 2 to the Proposed Disclosure Statement Order |
| **Ballots** | |
| General Ballot A Form | Exhibit 3A to the Proposed Disclosure Statement Order |
| General Ballot B Form (Convenience Claim Election) | Exhibit 3B to the Proposed Disclosure Statement Order |
| Secured Claim Ballot Form | Exhibit 3C to the Proposed Disclosure Statement Order |
| Beneficial Ballot Form | Exhibit 3D to the Proposed Disclosure Statement Order |
| Master Ballot Form | Exhibit 3E to the Proposed Disclosure Statement Order |
| **Notice of Non-Voting Status** | Exhibit 4 to the Proposed Disclosure Statement Order |

## Background

4.      Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries each commenced with this Court voluntary cases (the "Chapter 11 Cases") under the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI"), the regulated broker/dealer subsidiary of LBHI.  James W. Giddens, Esq. is the trustee

("SIPC Trustee") appointed by the Securities Investor Protection Corporation on that date.  The

LBI SIPA case was referred to this Court and is being administered by the SIPC Trustee as a

parallel case with the Chapter 11 Cases.

7.      On January 19, 2009, with the support of the Debtors, the U.S. Trustee

appointed Anton R. Valukas, a senior partner of Jenner & Block, a Chicago based law firm, as

the examiner in these Chapter 11 Cases (the "Examiner").  The appointment of the Examiner was

approved on January 20, 2009 [ECF No. 2583].  The Examiner filed his report (over 2,200 pages

plus exhibits) pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No.

7531].  The report is accessible at lehmanreport.jenner.com.

8.      On March 15, 2010, the Debtors filed a proposed Joint Chapter 11 Plan for

LBHI and its Affiliated Debtors.  On April 14, 2010 and January 25, 2011, respectively, the

Debtors filed revised proposed chapter 11 plans.  On June 29, 2011, the Debtors filed the Second

Amended Joint Chapter 11 Plan [ECF No. 18124] (as it may be further amended or modified, the

"Plan") and their proposed Disclosure Statement Pursuant to Section 1125 of the Bankruptcy

Code (as it may be amended or modified, the "Proposed Disclosure Statement").  Information

regarding the Debtors' businesses, capital structures, and the circumstances leading to the

commencement of these Chapter 11 Cases is contained in the Proposed Disclosure Statement.

9.      The Plan, which was filed with the support of the Creditors' Committee

and certain other creditors,  proposes an economic resolution of the many and multi-faceted

issues arising as to claims of creditors of the Debtors in the largest bankruptcy cases ever

commenced in the United States.  The Plan incorporates proposed treatment of inter-Debtor,

Debtor-creditor and inter-creditor issues designed to achieve a global, economical, expeditious,

and efficient resolution of the extraordinarily complex issues presented by the Debtors'

businesses.  A primary objective of the Plan is to provide a reasonable, fair resolution of the

issues and avoid the potential enormous costs and extended time that may otherwise result if it is

necessary to fully prosecute and litigate the conflicting positions and claims that may be asserted

by contending parties.  Accordingly, the Plan proposes compromises and particular treatments

for certain classes of claims to achieve the economic fairness, expedition, and economy that will

inure to the benefit of all parties in interest.

## Jurisdiction

10.    This Court has subject matter jurisdiction to consider and determine the

Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## The Motion

**I.    The Proposed Disclosure Statement**

**A.    Approval of the Disclosure Statement**

11.    Pursuant to section 1125 of the Bankruptcy Code, a plan proponent must

provide holders of impaired claims with "adequate information" regarding a debtor's proposed

chapter 11 plan.  Section 1125(a)(1) of the Bankruptcy Code provides as follows:

> "[A]dequate information" means information of a kind, and in
> sufficient detail, as far as is reasonably practicable in light of the
> nature and history of the debtor and the condition of the debtor's
> books and records, including a discussion of the potential material
> Federal tax consequences of the plan to the debtor, any successor
> to the debtor, and a hypothetical investor typical of the holders of
> claims or interests in the case, that would enable such hypothetical
> investor of the relevant class to make an informed judgment about
> the plan . . . .

12.    A debtor's disclosure statement must, as a whole, provide adequate information to permit holders of claims or equity interests in the case to make an "informed judgment" about the plan.

13.    The bankruptcy court has broad discretion to determine the adequacy of the information contained in a disclosure statement. The determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the particular facts and circumstances of each case.

14.    The Proposed Disclosure Statement contains adequate information as to each Debtor, including, but not limited to, a discussion of:

(a)    an overview of the Plan (Arts. II.A and X.);

(b)    the operation of the Debtors' businesses (Art. III.B and Exhibit 19);

(c)    the interrelationships of the Debtors (Art. III.B and Exhibits 8A and 8B);

(d)    significant events that occurred during the Chapter 11 Cases (Art. IV.E and Exhibits 14A and 18);

(e)    (i) the indebtedness of the Debtors, (ii) the status of pending claims, and (iii) administrative expenses (Arts. V. and X.C and Exhibits 2A, 2B, 6, and 9)

(f)    an explanation of the available assets and their estimated value (Art. X.K and Exhibits 2B and 4);

(g)    a liquidation analysis under Chapter 7 (Art. XVI.B and Exhibit 5);

(h)    the requirements for confirmation of the Plan (Art. XI);

(i)    the Debtors' post-confirmation governance and management (Art. XII.);

(j)    risk factors relating to the Debtors and the Plan (Art. XIV.);

(k)    information as to tax consequences potentially resulting from consummation of the Plan (Art. XV.);

(l)    the alternatives to the confirmation and consummation of the Plan (Arts. IV.F and XVI. and Exhibit 16).

The Proposed Disclosure Statement is compliant with the requirements of section 1125 of the Bankruptcy Code and should be approved.

### B.    Approval of the Notice of Disclosure Statement Hearing

15.    Subject to the granting of the Motion, the hearing to consider, <u>inter alia</u>, approval of the Proposed Disclosure Statement is scheduled for **[August 30, 2011] at 10:00 a.m. (Eastern Time)** (the "<u>Disclosure Statement Hearing</u>").

16.    Rule 3017(a) of the Bankruptcy Rules provides as follows:

[A]fter a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto. The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission and any party in interest who requests in writing a copy of the statement or plan.

17.    Bankruptcy Rule 2002(b) and (d) requires notice to all creditors, indenture trustees, and shareholders of the time established for filing objections to, and the hearing to consider the approval of, a disclosure statement. The Debtors propose to serve the notices relating to the Disclosure Statement Hearing and the established dates for filing objections or responses to approval of the Proposed Disclosure Statement (the "<u>Disclosure Statement Notice</u>"), substantially in the form of and annexed to the Proposed Disclosure Statement Order as <u>Exhibit 1</u>, at least twenty-eight (28) calendar days prior to the Disclosure Statement Objection Deadline (as defined below) by electronic and/or first class mail on: (i) the U.S. Trustee; (ii) all parties entitled to notice pursuant to the order of the court implementing notice procedures (the "<u>Case</u>

Management Order");[3] (iii) the Securities and Exchange Commission (the "SEC"); (iv) the

District Director of the Internal Revenue Service for the Southern District of New York (the

"IRS"); (v) the United States Attorney for the Southern District of New York (the "DOJ"), and

(vi) any other known holders of claims against or equity interests in the Debtors.

18.     In accordance with Bankruptcy Rule 3017(a), the Debtors will provide, by

electronic and/or first class mail, a copy of the Proposed Disclosure Statement and the Plan to (i)

the U.S. Trustee; (ii) the SEC; (iii) attorneys for the Creditors' Committee; and (iv) all parties on

the Master Service List in these Chapter 11 Cases.

19.     The Debtors will provide copies of the Proposed Disclosure Statement and

Plan to any party in interest who specifically requests such documents in the manner specified in

the Disclosure Statement Notice and Bankruptcy Rule 3017(a).  Unless a specific request is

made for printed hard copies, all such documents will be provided in CD-ROM format.  Copies

of the Proposed Disclosure Statement and Plan also are on file with the Office of the Clerk of the

Court for review during normal business hours and accessible from the Debtors' claims agent's

website at www.lehman-docket.com.

   **C.**    **Approval of Procedures for the
        Filing of Objections to the Disclosure Statement**

20.     The proposed deadline to file objections or responses to the Motion is

**[August 11, 2011] at 4:00 p.m. (Eastern Time)** (the "Disclosure Statement Objection

Deadline").  The Debtors propose that the following procedures be implemented for parties to

object or respond to the Motion (the "Disclosure Statement Objection Procedures").

---

[3] *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated June 17, 2010 [ECF No. 9635].

21.     Objections and responses, if any, to the Motion, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Rules, and the Case Management Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by each objecting party/(ies) against the Debtor(s), and (e) state with particularity the legal and factual bases relied upon for the objection or response.

22.     Registered users of the Court's case filing system must electronically file their respective objections or responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004, Courtroom 601), in accordance with General Order M-182 – Electronic Means for Filing, Signing, and Verification of Documents, dated June 26, 1997 ("General Order M-182").

23.     Any objections or responses must also be served upon the following parties so as to be received by such parties no later than the Disclosure Statement Objection Deadline:  (i) the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, supra; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, Lori R. Fife, and Alfredo R. Pérez, attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Creditors' Committee (collectively, the "Notice Parties").

24. Objections and responses to the Proposed Disclosure Statement must be filed and served by the Disclosure Statement Objection Deadline to provide sufficient time before the Disclosure Statement Hearing for the Court, the Debtors, and other parties in interest to consider such objections and responses and to reply thereto if appropriate. The proposed Disclosure Statement Objection Procedures comply with Bankruptcy Rule 3017(a) and should be approved.

25. If any objections or responses are interposed to approval of the Disclosure Statement, the Debtors request the opportunity to file and serve, as appropriate, replies or an omnibus reply to any such objections no later than [**August 23, 2011**].

## II.    The Solicitation Procedures

26. In connection with the Proposed Disclosure Statement and Plan, the Debtors propose the following solicitation and balloting procedures. For the purposes of implementing the proposed procedures, the Debtors have retained Epiq Bankruptcy Solutions, LLC ("Epiq") to act as claims, solicitation, and balloting agent.[4]

### A.    Parties Entitled to Vote

27. The Debtors have filed schedules of assets and liabilities (collectively, and as may be amended, the "Schedules")[5] and obtained an order dated July 2, 2009 (the "Bar Date Order")[6] that set (1) September 22, 2009 at 5:00 p.m. (Eastern Time) as the deadline for the

---

[4] *Order Pursuant to 28 U.S.C. § 156(c) and Local Rule 5075-1(a) (i) Authorizing the Employment of Epiq Bankruptcy Solutions, LLC as Claims and Noticing Agent for the Debtor, and (ii) Appointing Epiq Bankruptcy Solutions, LLC as Agent of the Bankruptcy Court*, dated September 16, 2008 [ECF No. 50].

[5] The Debtors' amended Schedules were docketed as follows: ECF Nos. 3918, 3920, 3921, 3924, 3925, 3926, 3927, 3930, 3932, 3933, 3934, 3936, 3937, 3938, 3939, 3941, 3943, 3945, 7095, 7097, 7099.

[6] *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form*, dated July 2, 2009 [ECF No. 4271].

filing of proofs of claim (the "General Bar Date"), and (2) November 2, 2009 at 5:00 p.m.

(Eastern Time) as the deadline for parties holding "Lehman Program Securities"[7] ("LPS") to file

proofs of claim (the "LPS Bar Date" and, together with the General Bar Date, the "Bar Dates").

The Bar Dates have passed.  Pursuant to that certain *Stipulation, Agreement and Order between*

*the Debtors and the Signatories to the Cross-Border Insolvency Protocol with Respect to the Bar*

*Date Order*, entered on August 25, 2009 [ECF No. 4928], the Bar Date with respect to the

Debtors' "Foreign Protocol Signatories"[8], was extended to November 2, 2009.  That extension

date also has passed. [9]

      28.    Claimant/creditors who have timely filed proofs of claim or have been

scheduled by the Debtors and are classified in the Plan (collectively, the "Voting Classes") as set

forth in the table below may vote unless –

---

[7] As set forth in the Bar Date Order, "Lehman Program Securities" are any securities issued by the Debtors or any of the Debtors' affiliates to investors located outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" as of July 17, 2009 at 5:00 p.m. (Eastern Time).  Lehman Program Securities actually issued by LBHI are hereinafter referred to as "LBHI Issued LPS."

[8] The "Foreign Protocol Signatories" are:  Lehman Brothers Treasury Co. B.V.; Lehman Brothers Asia Holdings Limited (In Liquidation); Lehman Brothers Asia Limited (In Liquidation); Lehman Brothers Futures Asia Limited (In Liquidation); Lehman Brothers Securities Asia Limited (In Liquidation); LBQ Hong Kong Funding Limited (In Liquidation); Lehman Brothers Nominees (H.K.) Limited (In Liquidation); Lehman Brothers Asia Capital Company (In Liquidation); Lehman Brothers Commercial Corporation Asia Limited (In Liquidation); Lehman Brothers Investments Pte. Ltd. (In Creditors' Voluntary Liquidation); Lehman Brothers Finance Asia Ptd. Ltd. (In Creditors' Voluntary Liquidation); Lehman Brothers Commodities Pte. Ltd. (In Creditors' Voluntary Liquidation); Lehman Brothers Pacific Holdings Pte. Ltd. (In Creditors' Voluntary Liquidation); Sail Investors Pte. Ltd. (In Creditors' Voluntary Liquidation); Lehman Brothers Asia Pacifica Holdings Pte. Ltd. (In Creditors' Voluntary Liquidation); Lehman Brothers Bankhaus AG (in Insolvenz); Lehman Brothers Australia Granica Pty Limited (Administrators Appointed); Lehman Brothers Real Estate Australia Commercial Pty Limited (Administrators Appointed); Lehman Brothers Australia Finance Pty Limited (Administrators Appointed); Lehman Brothers Australia Holdings Pty Limited (Administrators Appointed); LBHV 1 Pty Limited (Administrators Appointed); HV 1 Pty Limited (Administrators Appointed); HV 2 Pty Limited (Administrators Appointed); Lehman Brothers Inc.; Lehman Brothers Securities N.V.; and Lehman Brothers Finance AG, in Liquidation, a/k/a Lehman Brothers Finance SA, in Liquidation.

[9] As set forth in the *Stipulation, Agreement and Order between the Debtors and the Internal Revenue Service*, dated December 14, 2010 [ECF No. 13452], the deadline for the IRS to file its amended proof of claim is September 30, 2011.

(a)  as of the Record Date, the outstanding amount of such claim is not greater than zero ($0.00);

(b)  as of the Record Date, such claim has been disallowed or expunged;

(c)  the Debtors scheduled such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by the General Bar Date or the LPS Bar Date, as applicable, or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline;

(d)  such claim is subject to an objection, including, but not limited to, an objection pursuant to section 502(d) of the Bankruptcy Code, by [**September 16, 2011**] (defined in paragraph 32 hereof as the Voting Purposes Objection Deadline); or

(e)  such claim (whether scheduled or pursuant to a filed proof of claim) is based on a public security issued by LBHI; *provided, however*, that a holder of a public security issued by LBHI that is entitled to vote as of the Record Date, either because (i) a proof of claim has been filed by the indenture trustee on behalf of the issuance or (ii) such security is an LBHI Issued LPS, shall vote in accordance with the procedures described in paragraph 56-57 below as to public securities

(collectively, the "Voting Creditors").

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| **Classes of Claims in LBHI** | | | |
| LBHI Class 1 | Priority Non-Tax Claims | Impaired | Yes |
| LBHI Class 2 | Secured Claims | Impaired | Yes |
| LBHI Class 3 | Senior Unsecured Claims | Impaired | Yes |
| LBHI Class 4A | Senior Affiliate Claims | Impaired | Yes |
| LBHI Class 4B | Senior Affiliate Guarantee Claims | Impaired | Yes |
| LBHI Class 5 | Senior Third-Party Guarantee Claims | Impaired | Yes |
| LBHI Class 6A | Convenience Claims | Impaired | Yes |
| LBHI Class 6B | Convenience Guarantee Claims | Impaired | Yes |
| LBHI Class 7 | General Unsecured Claims | Impaired | Yes |
| LBHI Class 8 | Affiliate Claims | Impaired | Yes |
| LBHI Class 9A | Third-Party Guarantee Claims other than of the Racers Trusts | Impaired | Yes |
| LBHI Class 9B | Third-Party Guarantee Claims of the Racers Trusts | Impaired | Yes |

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| **Classes of Claims in LCPI** | | | |
| Class 1 | Priority Non-Tax Claims | Impaired | Yes |
| Class 2 | Secured Claims | Impaired | Yes |
| Class 3 | Convenience Claims | Impaired | Yes |
| Class 4A | General Unsecured Claims other than those of Designated Entities[10] | Impaired | Yes |
| Class 4B | General Unsecured Claims of Designated Entities | Impaired | Yes |
| Class 5A | Affiliate Claims of LBHI | Impaired | Yes |
| Class 5B | Affiliate Claims of Participating Subsidiary Debtors | Impaired | Yes |
| Class 5C | Affiliate Claims of Affiliates other than LBHI and Participating Subsidiary Debtors | Impaired | Yes |
| **Classes of Claims in LBSF** | | | |
| Class 1 | Priority Non-Tax Claims | Impaired | Yes |
| Class 2 | Secured Claims | Impaired | Yes |
| Class 3 | Convenience Claims | Impaired | Yes |
| Class 4A | General Unsecured Claims other than those of the Racers Trusts | Impaired | Yes |
| Class 4B | General Unsecured Claims of the Racers Trusts | Impaired | Yes |
| Class 5A | Affiliate Claims of LBHI | Impaired | Yes |
| Class 5B | Affiliate Claims of Participating Subsidiary Debtors | Impaired | Yes |
| Class 5C | Affiliate Claims of Affiliates other than LBHI and Participating Subsidiary Debtors | Impaired | Yes |
| **Classes of Claims in Participating Subsidiary Debtors other than LBSF and LCPI[11]** | | | |
| Class 1 | Priority Non-Tax Claims | Impaired | Yes |
| Class 2 | Secured Claims | Impaired | Yes |
| Class 3 | Convenience Claims | Impaired | Yes |
| Class 4 | General Unsecured Claims | Impaired | Yes |
| Class 5A | Affiliate Claims of LBHI | Impaired | Yes |
| Class 5B | Affiliate Claims of Participating Subsidiary Debtors | Impaired | Yes |
| Class 5C | Affiliate Claims other than those of Participating Debtors | Impaired | Yes |

---

[10] "Designated Entity" means, as applicable, Restructured Assets with Enhanced Returns 2007-7-MM Trust, Restructured Assets with Enhanced Returns Series 2007-A Trust, and Fenway Capital, LLC.

[11] "Participating Subsidiary Debtor" means, as applicable, Lehman Commercial Paper Inc.; Lehman Brothers Commodities Services Inc.; Lehman Brothers Special Financing Inc.; Lehman Brothers OTC Derivatives Inc.; or Lehman Brothers Commercial Corporation.

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| Classes of Claims in Non-Participating Subsidiary Debtors[12] | | | |
| Class 1 | Priority Non-Tax Claims | Impaired | Yes |
| Class 2 | Secured Claims | Impaired | Yes |
| Class 3 | General Unsecured Claims | Impaired | Yes |
| Class 4A | Affiliate Claims of LBHI | Impaired | Yes |
| Class 4B | Affiliate Claims other than those of LBHI | Impaired | Yes |

29.    Claimant/creditors who are not included in the Debtors' Schedules and who have not timely filed a proof of claim by the applicable Bar Date will not be entitled to vote.

30.    To the extent that the Plan provides no recovery to certain classes of claims and equity interests, such classes will be deemed to have rejected the Plan.

31.    The following classes of claimant/creditors and equity interest holders are not entitled to vote (the "Non-Voting Impaired Classes"):

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| LBHI | | | |
| LBHI Class 10A | Subordinated Class 10A Claims | Impaired | No (deemed to reject) |
| LBHI Class 10B | Subordinated Class 10B Claims | Impaired | No (deemed to reject) |
| LBHI Class 10C | Subordinated Class 10C Claims | Impaired | No (deemed to reject) |
| LBHI Class 11 | Section 510(b) Claims | Impaired | No (deemed to reject) |
| LBHI Class 12 | Equity Interests | Impaired | No (deemed to reject) |
| Participating Subsidiary Debtors | | | |
| Class 6 | Equity Interests | Impaired | No (deemed to reject) |
| Non-Participating Subsidiary Debtors | | | |
| Class 5 | Equity Interests | Impaired | No (deemed to reject) |

## B.    Objections to Claims for Voting Purposes Only

32.    The proposed deadline for filing and serving objections, if any, to claims solely for purposes of determining which claimant/creditors are entitled to vote to accept or

---

[12] "Non-Participating Subsidiary Debtor" means, as applicable, LB 745 LLC; PAMI Statler Arms LLC; Lehman Brothers Derivative Products Inc; Lehman Brothers Financial Products Inc.; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Lehman Scottish Finance L.P.; Luxembourg Residential Properties Loan Finance S.a.r.l.; BNC Mortgage LLC; LB Rose Ranch LLC; Structured Asset Securities Corporation; LB 2080 Kalakaua Owners LLC; Merit, LLC; LB Preferred Somerset LLC; LB Somerset LLC; Lehman Brothers Derivative Products Inc.; or Lehman Brothers Financial Products Inc.

reject the Plan ("Objections for Voting Purposes") is [**September 16, 2011**] (the "Voting Purposes Objection Deadline"). The Voting Purposes Objection Deadline is for the limited purpose of entitlement to vote to accept or reject the Plan. This deadline is not intended to be applicable or relevant to any other potential objections to the allowance of any claim or equity interest.

### C.    Temporary Allowance of Claims for Voting Purposes

33.    Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow [any] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." The following proposed procedures provide a fair and reasonable voting process for all claimant/creditors.

34.    For voting purposes, it is proposed that each claim within the Voting Classes be temporarily allowed in an amount equal to the amount of the claim as set forth in (a) the Schedules or (b) the filed proof of claim as reflected in the claims register maintained by Epiq as of the Record Date, subject to the following exceptions:

(a)    If an order is entered by the Bankruptcy Court authorizing the Debtors to calculate the amount of claims based on structured securities issued or guaranteed by LBHI in accordance with specified valuation methodologies, such claims will be allowed in the amount determined in accordance with such valuation methodologies;

(b)    If a proof of claim was timely filed in accordance with the applicable procedures set forth in the Bar Date Order, in an amount that is liquidated, non-contingent, and undisputed, such claim will be temporarily allowed in the amount set forth in the proof of claim, unless such claim is disputed as set forth in subparagraph (g) below;

(c)    If a claim for which a proof of claim has been timely filed is contingent or unliquidated (as determined on the face of the proof of claim or after a review of the supporting documentation by the Debtors or their agent, in consultation with the Creditors' Committee), the claimant/creditor will be allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(d)     If a claim has been allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(e)     If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or the LPS Bar Date, as applicable, or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim will be disallowed for voting purposes;

(f)     If a claim is (i) listed in the Schedules or represented by a timely filed proof of claim as contingent, unliquidated, or disputed in part, or (ii) determined by the Debtors or their agent, in consultation with the Creditors' Committee, to be contingent, unliquidated, or disputed in part, such claim will be temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only;

(g)     Notwithstanding anything to the contrary contained herein, if an unsecured claim for which a proof of claim has been timely filed also contains a secured claim in an unliquidated amount based solely on a reservation of a right of setoff, the claimant/creditor will only be entitled to vote the unsecured claim in the applicable unsecured Plan class and will not be entitled to vote the secured claim in the otherwise applicable secured Plan class.

(h)     If the Debtors have filed an objection to a claim no later than the Voting Purposes Objection Deadline, such claim will be temporarily disallowed for voting purposes, except as otherwise ordered by the Court; *provided, however*, that if the Debtors' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim will be temporarily allowed for voting purposes in the reduced amount and/or as reclassified, except as otherwise ordered by the Court before the Voting Deadline;

(i)     If a claim is allowed pursuant to an order of the Court on or before [**November 4, 2011**], then such claimant/creditor will be entitled to vote to accept or reject the Plan in accordance with the terms of such order;

(j)     Notwithstanding anything to the contrary contained herein, any claimant/creditor who has filed a claim that is duplicative of another claim(s) within the same Voting Class, as determined by the Debtors or their agent, in consultation with the Creditors' Committee, shall be provided with only one Solicitation Package (as defined below) and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claim(s).

35.     If any claimant/creditor elects to challenge the disallowance or classification of its claim for voting purposes, such claimant/creditor shall file with the Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including the temporary allowance or reclassification of its claim for voting purposes.  The claimant/creditor's Ballot will not be counted, unless temporarily allowed by an order entered on or before [**November 4, 2011**] or as otherwise ordered by the Court.  To provide a process as to any such motions, the following procedures are proposed:

(a)     All Temporary Allowance Request Motions must be filed and served on or before the [14th] day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection, if any, as to the specific claim, but in no event later than [**October 7, 2011**];

(b)     All objections and responses to Temporary Allowance Request Motions must be filed and served on or before [**October 14, 2011**];

(c)     A claimant/creditor may file a reply to any objection or response to its motion on or before [**October 21, 2011**];

(d)     Any order temporarily allowing such claims must be entered on or before [**November 4, 2011**] or as otherwise ordered by the Court.

36.     The Debtors and a claimant/creditor may agree and stipulate to treatment of specific claims for voting purposes only pursuant to a notice of presentment that is filed and served in lieu of filing other pleadings by the Debtors or the claimant/creditor (the "Stipulations").

37.     Temporary Allowance Request Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) set forth the name of the claimant/creditor(s) pursuing the Temporary Allowance Request Motion; (d) set forth the name(s) of the Debtor(s) against whom the claim(s) is/are asserted; (e) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary

Allowance Request Motion; and (f) be filed and served in accordance with the Case Management

Order, in each case so as to be received by the Notice Parties (with a copy to the chambers of the

Honorable James M. Peck, United States Bankruptcy Judge, <u>supra</u>) no later than [**October 7,**

**2011**].  Temporary Allowance Request Motions not compliant with the foregoing will not be

considered by the Court and deemed denied except as otherwise ordered by the Court.

38.    Any claimant/creditor timely filing and serving a Temporary Allowance

Request Motion shall be provided with a Ballot and shall be allowed to cast a provisional vote to

accept or reject the Plan on or before the Voting Deadline, pending a determination of such

motion by the Court.

39.    If the Debtors and such claimant/creditor are unable to resolve the issues

raised by the Temporary Allowance Request Motion prior to the Voting Deadline, such

Temporary Allowance Request Motion shall be considered by the Court at such time as it shall

direct.  At such hearing, the Court shall determine whether the provisional Ballot should be

allowed to any extent for voting purposes and the amount(s) of the claim(s) that may be voted.

**D.    The Record Date**

40.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting

votes in connection with the confirmation of a plan of reorganization, "creditors and equity

security holders shall include holders of stock, bonds, debentures, notes and other securities of

record on the date the order approving the disclosure statement is entered or another date fixed

by the court, for cause, after notice and a hearing."  Bankruptcy Rule 3018(a) provides:  "A plan

may be accepted or rejected in accordance with § 1126 of the Code within the time fixed by the

Court pursuant to Rule 3017."

41.     For purposes of determining the claimant/creditors entitled to vote to accept or reject the Plan and also establish the Record Date for determining which claimant/creditors and equity interest holders are entitled to receive a Notice of Non-Voting Status, the Debtors request that the Court retroactively establish **[August 1, 2011]** as the Record Date.[13]

42.     The retroactive establishment of the Record Date is appropriate to facilitate the determination of which claimant/creditors are entitled to vote to accept or reject the Plan or, in the case of holders of claims and equity interests in the Non-Voting Impaired Classes, to receive the Notice of Non-Voting Status.

### E.     Approving Solicitation Packages and Procedures for Distribution Thereof

43.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of solicitation and providing adequate notice of the hearing on confirmation:

> Upon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)     the plan or a court-approved summary of the plan;
>
> (2)     the disclosure statement approved by the court;
>
> (3)     notice of the time within which acceptances and rejections of the plan may be filed; and

---

[13] With respect to claims based on securities issued by LBHI (including LBHI Issued LPS), the security-holders list maintained by the indenture trustee and the list of participants as of the Record Date provided by The Depository Trust Company ("DTC"), Euroclear Bank, Clearstream Bank, or other applicable depository will be used to make this determination.  The Debtors expect that DTC will arrange for its participants to vote by providing a Record Date listing of participants entitled to vote, and the Debtor will rely on such listing.  In addition, international depositories, such as Euroclear and Clearstream, will validate the Record Date positions of their respective participants that submit votes to Epiq.  Such participants will be authorized to vote their Record Date positions held in the name of such securities clearing agencies.

(4)     any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

44.     In addition, notice of the time established for filing and service of objections and the hearing on confirmation will be sent to all claimant/creditors entitled to vote in accordance with Bankruptcy Rule 2002(b), together with a form of ballot conforming to Official Bankruptcy Form No. 14, as modified to reflect the amount and nature of the claimant/creditor's claim, will be sent to claimant/creditors entitled to vote on the plan.[14]

45.     After approval of the Proposed Disclosure Statement (as approved, the "Disclosure Statement") pursuant to section 1125 of the Bankruptcy Code, the Debtors will assemble or cause to be assembled appropriate solicitation packages (the "Solicitation Packages") containing the materials described below or as otherwise ordered by the Court and will transmit or cause the Solicitation Packages to be transmitted by no later than [**September 23, 2011**] or as soon thereafter as reasonably practicable (the "Service Period") to (a) the U.S. Trustee, (b) attorneys for the Creditors' Committee; (c) the SEC; (d) the IRS, (e) the DOJ, (f) any other party requesting service of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002, (g) all claimant/creditors who are listed on the Debtors' Schedules or who have filed a proof of claim by the General Bar Date or the LPS Bar Date, as applicable, and (h) all known equity interest holders.

46.     In accordance with Rule 3017(d), each Solicitation Package shall contain a copy of –

(a)     the Disclosure Statement Order (i.e., the Proposed Disclosure Statement Order, as approved by the Court) without attachments;

---

[14] Official Bankruptcy Form No. 14 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

(b)    the Confirmation Hearing Notice;

(c)    the Disclosure Statement, including the Plan as an attachment; and

(d)    if the recipient is a Voting Creditor or Voting Nominee (as defined below), a Ballot in the form described below, and, as appropriate, a postage-prepaid envelope; **OR**

(e)    notwithstanding the foregoing, if the recipient is a holder of claim or equity interest in a Non-Voting Impaired Class, then **only** a Notice of Non-Voting Status, in the form described below, and the Confirmation Hearing Notice; and

(f)    such other materials as may be ordered or permitted by the Court.

47.    In the interests of economy, the Solicitation Packages will be in a CD-ROM format (with the exception of Ballots and the Confirmation Hearing Notice, which will be provided in printed hard copies) instead of printed hard copies.  Nonetheless, if requested, in writing, by a claimant/creditor or equity interest holder, printed hard copies will be provided to such person.

48.    For Disclosure Statement Notices returned as undeliverable, the Debtors' request that the Court waive the strict notice provisions of Bankruptcy Rules 2002(b) and 3017(d) unless a new mailing address is provided to the Debtors or their agent before the end of the Service Period.

49.    The Debtors' also request authority to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, and related documents without further order of the Court, including, without limitation, ministerial changes to correct typographical and grammatical errors, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to mailing as may be appropriate.

50.    The Confirmation Hearing Notice will be published (substantially in the form attached to the Proposed Disclosure Statement Order as <u>Exhibit 2</u>) in the national and

global editions of the *Wall Street Journal*, the *Financial Times,* the national edition of *The New York Times*, and the *Times of London* once within ten (10) business days after entry of the Order. In addition, unless otherwise determined by the Court or the Debtors, in consultation with the Creditors' Committee, the Debtors will publish, not later than sixty (60) days prior to the Confirmation Hearing, the Confirmation Hearing Notice (translated into the appropriate language, if necessary) in national newspapers in each of Germany, the Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Australia, and Japan.

51.    The proposed notice and service procedures are adequate and sufficient for the purposes of section 1125 of the Bankruptcy Code. They should be approved.

### F.    Approving Forms Of Ballots

52.    Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Distribution will be made to certain claimant/creditors, as described below, of one or more Ballots substantially in the forms annexed to the Proposed Disclosure Statement Order as <u>Exhibits 3A-3E</u>. The forms for the Ballots are based on Official Form No. 14, but have been modified to address the particular aspects of these Chapter 11 Cases, to include certain additional information that may be relevant and appropriate for each class of claims entitled to vote.

53.    Except for (i) claims that arise from ownership of a public debt security issued by LBHI, or (ii) a claim of a Designated Entity, holders of claims against any of the Debtors in the classes set forth below will receive a Ballot substantially in the form annexed to the Proposed Disclosure Statement Order as <u>Exhibit 3A</u> ("<u>General Ballot A</u>"), which may be non-substantively marked and identified to the specific class of claimant/creditors.

(a)    Priority Non-Tax Claims (LBHI Class 1, Participating Subsidiary Debtor Class 1, Non-Participating Subsidiary Debtor Class 1)

(b)    Senior Affiliate Claims (LBHI Class 4A)

(c)    Senior Affiliate Guarantee Claims (LBHI Class 4B)

(d)    Convenience Claims and Convenience Guarantee Claims (LBHI Class 6A-6B, Participating Subsidiary Debtor Class 3)

(e)    Third-Party Guarantee Claims of the Racers Trusts (LBHI Class 9B)

(f)    General Unsecured Claims (Non-Participating Subsidiary Debtor Class 3)

(g)    General Unsecured Claims of Designated Entities Against LCPI (LCPI Class 4B)

(h)    General Unsecured Claims of the Racers Trusts Against LBSF (LBSF Class 4B)

(i)    Affiliate Claims (LBHI Class 8, Participating Subsidiary Debtor Classes 5A-5C, Non-Participating Debtors Classes 4A-4B)

54.    Except for claims that arise from ownership of a debt security, holders of claims against LBHI and any of the Participating Subsidiary Debtors in the classes set forth below will receive a Ballot substantially in the form annexed to the Proposed Disclosure Statement Order as Exhibit 3B ("General Ballot B" and together with General Ballot A, the "General Ballots"), which Ballot may be non-substantively marked and identified to the specific class of claimant/creditors.  The primary difference between General Ballot A and General Ballot B is that General Ballot B provides recipients with an election to be treated as a Convenience Claim or a Convenience Guarantee Claim.

(a)    Senior Unsecured Claims (LBHI Class 3)

(b)    Senior Third-Party Guarantee Claims (LBHI Class 5)

(c)    General Unsecured Claims (LBHI Class 7, Participating Subsidiary Debtors other than LCPI and LBSF Class 4)

(d)    General Unsecured Claims other than those of Designated Entities (LCPI Class 4A)

(e)    General Unsecured Claims other than those of the Racers Trusts (LBSF Class 4A)

(f)    Third-Party Guarantee Claims other than of the Racers Trusts (LBHI Class 9A)

55.    Holders of Secured Claims against any of the Debtors (LBHI Class 2, Participating Subsidiary Debtor Class 2, and Non-Participating Subsidiary Debtor Class 2) will receive a Ballot substantially in the form annexed to the Proposed Disclosure Statement Order as Exhibit 3C (the "Secured Claim Ballot"), which may be non-substantively marked and identified to the specific class of claimant/creditors.

56.    Ballots to be provided to holders of debt securities issued by LBHI within LBHI Class 3 (Senior Unsecured Claims) will be in substantially the same form as the General Ballot; *provided, **however***, that entities that hold a claim as a nominee for the benefit of one or more beneficial holders (collectively, the "Voting Nominees") will be provided with (a) Solicitation Packages for each beneficial holder represented by the Voting Nominee, which will contain a Ballot substantially in the form annexed to the Proposed Disclosure Statement Order as Exhibit 3D (the "Beneficial Ballot") and (b) a master ballot, substantially in the form annexed to the Proposed Disclosure Statement Order as Exhibit 3E (the "Master Ballot").[15]  Both the form of Master Ballot and the form of Beneficial Ballot may be non-substantively marked and identified to the specific class of claimant/creditors.[16]  The holder of a claim based on a debt

---

[15] To the extent there are any public securities held through international depositories (such as Euroclear or Clearstream), Epiq will distribute the Solicitation Packages and Master Ballots to such international depositories via electronic transmission as required by such international depositories.  The international depositories will then distribute the Solicitation Packages and Master Ballots to Voting Nominees and beneficial holders, as appropriate, in accordance with their customary practices and obtain acceptances or rejections also in accordance with their customary practices.

[16] In accordance with customary public security solicitation procedures, the Master Ballots will be distributed to Voting Nominees approximately seven (7) calendar days after the initial distribution of the Solicitation Packages containing Beneficial Ballots to the Voting Nominees.

security within LBHI Class 3 (Senior Unsecured Claims) (i) that did not appear on the Master

List of Securities (as defined in the Bar Date Notice) and (ii) for which an indenture trustee did

not file a proof of claim, will be responsible for submitting the General Ballot on account of such

claim and should not rely on a Voting Nominee to process any votes with respect to such debt

security.

57.    A Voting Nominee will have two options as to acceptance or rejection of

the Plan.  The Voting Nominee may elect to (a) "prevalidate" the Beneficial Ballot, i.e., forward

the Solicitation Package to the beneficial holder, and instruct the beneficial holder to return the

executed Beneficial Ballot to Epiq, or (b) forward the Solicitation Package to the beneficial

holder with instructions for the beneficial holder to return the executed Beneficial Ballot to the

Voting Nominee.  To be "prevalidated," a Beneficial Ballot must be executed by the Voting

Nominee and state the amount of the underlying securities, with the corresponding account

numbers.  If the Voting Nominee elects option (b), upon return of the Beneficial Ballots, the

Voting Nominee shall tabulate the Beneficial Ballots on a Master Ballot and return the Master

Ballot to Epiq.  In either instance, the Voting Nominee shall provide the beneficial holder with

the appropriate materials within [**seven (7) business days**] of receipt of the Solicitation

Packages.[17]

---

[17] As there are a significant number of debt securities entitled to vote on the Plan, at the option of the Voting
Nominee, beneficial holders may relay votes or voting instructions electronically to the Voting Nominee or the
entity preparing the Master Ballot on such Voting Nominee's behalf, and Voting Nominees may use their customary
procedures for obtaining such votes electronically.  Correspondingly, the Beneficial Ballots will provide that
"*Submission of electronic instructions to your Voting Nominee (if permitted by such Voting Nominee) shall have the
same effect as if you had completed and returned a physical Ballot.  By making an electronic submission, you are
representing that you reviewed the Ballot in its entirety and have received a copy of the Plan and Disclosure
Statement for your review and consideration.*"  In addition, the entity preparing the Master Ballot will be required to
retain submitted votes for the same period of time they would be required to retain a physical Ballot under
applicable law or pursuant to any contractual obligation.  Voting Nominees will relay votes in one of the following
ways:  (1) hard copy Master Ballot with all voting information contained therein; (2) hard copy Master Ballot with a
hard copy schedule of the voted accounts being transmitted; (3) hard copy Master Ballot with a summary total and
CD-ROM with an Excel file containing the voted accounts being transmitted; or (4) in the case of a Voting Nominee
not in the United States, via email with an attached Excel file containing the voted accounts being transmitted.  In

58. The Debtors will reimburse each Voting Nominee for its documented, reasonable and customary out-of-pocket external costs and expenses associated with distribution of the Solicitation Packages and tabulation of the Beneficial Ballots.

59. For the holders of claims in LBHI Class 5 (Senior Third-Party Guarantee Claims) based on LPS that were not issued by LBHI, but rather were issued by affiliates of LBHI, a General Ballot will be provided that may be non-substantively marked and identified to the specific class of claimant/creditors; ***provided***, ***however***, that to the extent a nominee receives a General Ballot in connection with a claim in LBHI Class 5 (Senior Third-Party Guarantee Claims) filed on behalf of one or more underlying holders, such nominee may utilize a copy of such General Ballot to obtain the votes of such underlying holders and will be entitled to submit the General Ballot with an attached schedule, the form of which will be provided by Epiq upon request, to detail the votes of such underlying holders, and Epiq will tabulate such General Ballot in accordance with the attached schedule and in an amount not to exceed the amount of the applicable claim.  The form of General Ballot and the form of attached schedule may be non-substantively marked and identified to the specific class of claimant/creditors.  Nominee, as used in this paragraph, shall include (i) any bank, broker, custodian, or other party that is the record holder of any LPS and (ii) any indenture trustee for any LPS that were not issued by LBHI, that filed a proof of claim based on an alleged guarantee of such LPS on behalf of the beneficial holders thereof.  Parties that filed proofs of claim for which there is no nominee will be responsible for filing their individual Ballots.

60. The procedures described adequately and sufficiently recognize the complex structures relating to the public securities and, also, facilitate transmission of

---

addition, the foregoing procedures will apply to a nominee submitting a General Ballot in LBHI Class 5 (Senior Third-Party Guarantee Claims) with an attached schedule that details the votes of underlying holders.

solicitation materials to the holders of the publicly traded bondholder claims.  The procedures

afford bondholders and similarly situated claimant/creditors a fair, informed and reasonable

opportunity to vote to accept or reject the Plan.

61.    The table below summarizes the type of Ballots the Debtors generally

anticipate sending to the Voting Creditors.

| Class | Description | Ballot(s)[18] |
|---|---|---|
| **Claimant/Creditors of LBHI** | | |
| LBHI Class 1 | Priority Non-Tax Claims | General Ballot A |
| LBHI Class 2 | Secured Claims | Secured Claim Ballot |
| LBHI Class 3 | Senior Unsecured Claims | General Ballot B or, if Claim arises from ownership of a debt security, Master Ballot / Beneficial Ballots |
| LBHI Class 4A | Senior Affiliate Claims | General Ballot A |
| LBHI Class 4B | Senior Affiliate Guarantee Claims | General Ballot A |
| LBHI Class 5 | Senior Third-Party Guarantee Claims | General Ballot B |
| LBHI Class 6A | Convenience Claims | General Ballot A |
| LBHI Class 6B | Convenience Guarantee Claims | General Ballot A |
| LBHI Class 7 | General Unsecured Claims | General Ballot B |
| LBHI Class 8 | Affiliate Claims | General Ballot A |
| LBHI Class 9A | Third-Party Guarantee Claims other than of the Racers Trusts | General Ballot B |
| LBHI Class 9B | Third-Party Guarantee Claims of the Racers Trusts | General Ballot A |
| **Claimant/Creditor of LCPI** | | |
| Class 1 | Priority Non-Tax Claims | General Ballot A |
| Class 2 | Secured Claims | Secured Claim Ballot |
| Class 3 | Convenience Claims | General Ballot A |
| Class 4A | General Unsecured Claims other than those of Designated Entities | General Ballot B |
| Class 4B | General Unsecured Claims of Designated Entities | General Ballot A |
| Class 5A | Affiliate Claims of LBHI | General Ballot A |
| Class 5B | Affiliate Claims of Participating Subsidiary Debtors | General Ballot A |
| Class 5C | Affiliate Claims of Affiliates other than LBHI and Participating Subsidiary Debtors | General Ballot A |
| **Claimant/Creditor of LBSF** | | |
| Class 1 | Priority Non-Tax Claims | General Ballot A |
| Class 2 | Secured Claims | Secured Claim Ballot |
| Class 3 | Convenience Claims | General Ballot A |
| Class 4A | General Unsecured Claims other than those of the Racers Trusts | General Ballot B |
| Class 4B | General Unsecured Claims of the Racers Trusts | General Ballot A |
| Class 5A | Affiliate Claims of LBHI | General Ballot A |
| Class 5B | Affiliate Claims of Participating Subsidiary Debtors | General Ballot A |

---

[18] As discussed above, recipients of General Ballot A do not have the option to elect convenience class treatment. Holders of Convenience Claims (LBHI Class 6A, Participating Subsidiary Debtor Class 3) and Convenience Guarantee Claims (LBHI Class 6B) already receive convenience class treatment and, accordingly, do not require an election.

| Class | Description | Ballot(s)[18] |
|---|---|---|
| Class 5C | Affiliate Claims of Affiliates other than LBHI and Participating Subsidiary Debtors | General Ballot A |
| **Claimant/Creditors of Participating Subsidiary Debtors Other than LCPI and LBSF** | | |
| Class 1 | Priority Non-Tax Claims | General Ballot A |
| Class 2 | Secured Claims | Secured Claim Ballot |
| Class 3 | Convenience Claims | General Ballot A |
| Class 4 | General Unsecured Claims | General Ballot B |
| Class 5A | Affiliate Claims of LBHI | General Ballot A |
| Class 5B | Affiliate Claims of Participating Subsidiary Debtors | General Ballot A |
| Class 5C | Affiliate Claims of Affiliates other than Participating Debtors and LBHI | General Ballot A |
| **Claimant/Creditors of Non-Participating Subsidiary Debtors** | | |
| Class 1 | Priority Non-Tax Claims | General Ballot A |
| Class 2 | Secured Claims | Secured Claim Ballot |
| Class 3 | General Unsecured Claims | General Ballot A |
| Class 4A | Affiliate Claims of LBHI | General Ballot A |
| Class 4B | Affiliate Claims of Affiliates other than LBHI | General Ballot A |

62.    To holders of claims and equity interests in the Non-Voting Impaired Classes, a Notice of Non-Voting Status, substantially in the form attached to the Proposed Disclosure Statement Order as Exhibit 4, will be served upon such parties, together with the Confirmation Hearing Notice.

## G.    The Voting Deadline

63.    Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall set a time within which the holders of claims or equity interests may accept or reject a plan.  Substantial completion of the transmissions of the Solicitation Packages will occur by the end of the Service Period (i.e., **[September 23, 2011]**).  Based on such schedule, the Debtors propose that in order to be counted as a vote to accept or reject the Plan, each General Ballot, Secured Claim Ballot, and Master Ballot[19] must be properly

---

[19] The timing for submission of Beneficial Ballots is addressed in paragraph 57.

executed, completed, and delivered to Epiq by (i) mail, (ii) courier, or (iii) hand delivery, so that it is actually received by Epiq no later than **4:00 p.m. (Eastern Time) on [November 4, 2011]**, which is the Voting Deadline.

64.    Authority is requested to extend, for any reason deemed appropriate by the Debtors, the time during which Ballots may be accepted and included in tabulations from any claimant/creditor or class of claimant/creditors.  Such extensions may be made by the Debtors, in consultation with the Creditors' Committee, by oral or written notice to Epiq.  Any instance in which the Voting Deadline is extended shall be highlighted and listed in the Voting Certification filed by Epiq.

65.    The proposed solicitation period is a sufficient and adequate period within which claimant/creditors may make informed decisions to accept or reject the Plan.

**H.    Tabulation Procedures**

66.    The following procedures will apply with respect to tabulating Ballots:

(a)    Whenever a claimant/creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b)    The following Ballots will not be counted:

(1)    Any Ballot that is completed, executed, and timely returned to Epiq, but does not indicate either an acceptance or rejection of the Plan;

(2)    Any Ballot that is completed, executed, and timely returned to Epiq, but indicates both an acceptance and a rejection of the Plan;

(3)    Any Ballot received after the Voting Deadline unless an extension of the Voting Deadline was granted in writing as to such Ballot;

(4)    Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant/creditor;

(5)     Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(6)     Any unsigned Ballot; or

(7)     Any Ballot transmitted to Epiq by facsimile or other means not specifically approved by the Disclosure Statement Order.

(c)     A claimant/creditor who is determined by the Debtors, in consultation with the Creditors' Committee, to have traded claims within the same class for the purpose of creating separate claims for voting purposes and determination of numerosity will be entitled to only one vote in the aggregate dollar amount of all such claims.

67.     The following additional procedures shall apply with respect to tabulating

Master Ballots:

(a)     votes cast by holders of debt securities through Voting Nominees will be applied to the applicable positions held by such Voting Nominees as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Voting Nominee shall not be counted in excess of the amount of debt securities held by such Voting Nominee as of the Record Date;

(b)     if conflicting votes or "over-votes" are submitted by a Voting Nominee, the Debtors shall use reasonable efforts to reconcile discrepancies with the Voting Nominee;

(c)     if over-votes are submitted by a Voting Nominee which are not reconciled prior to the preparation of the Voting Certification (as defined below), the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Voting Nominee, but only to the extent of the Voting Nominee's Record Date position in the debt securities;

(d)     for the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its debt securities; any principal amounts thus voted will be thereafter adjusted by Epiq, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(e)     a single Voting Nominee may complete and deliver to Epiq multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master

Ballots.  If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior Master Ballot.

68.    The Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that (i) any such waivers shall be documented in the Vote Certification (as defined below), and (ii) neither the Debtors, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the Vote Certification, nor will any of them incur any liability for failure to provide such notification.

69.    For the purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 (not applicable to publicly traded notes, bonds, and debentures) shall be recognized unless documentation evidencing such transfer was filed with the Court on or before the Record Date.

70.    <u>Withdrawal of Vote</u>.  Any claimant/creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw, subject to any rights of the Debtors or the Creditors' Committee to contest the validity of any such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to Epiq, at any time prior to the Voting Deadline; *provided, however*, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification to be filed by Epiq.  A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be executed by the withdrawing claimant/creditor, (c) contain a certification that the withdrawing claimant/creditor owns the claim(s) and possesses the right to withdraw the Ballot and (d) be received by Epiq prior to the Voting Deadline.

71.    <u>Changing Votes</u>.  Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting

Deadline, the last properly completed Ballot or Master Ballot received prior to the Voting

Deadline shall be deemed to reflect the voter's intent and will supersede any prior Ballots or

Master Ballots, as the case may be, without prejudice to the any rights of the Debtors or the

Creditors' Committee to object to the validity or allowance for voting purposes of the later Ballot

or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and,

if the objection is sustained, to count the next-most recent properly completed Ballot or Master

Ballot received by Epiq for all purposes; *provided*, *however*, that as to any instance in which a

vote is changed by the filing of a superseding Ballot, the Voting Certification to be filed by Epiq

shall indicate the changing of the particular vote.

   72. <u>No Division of Claims or Votes</u>.  Except as set forth below and as it may

relate to the procedures applicable to Master Ballots or as set forth in paragraph 59 above, each

claimant who votes must vote the full amount of each claim in any one class either to accept or

reject the Plan, and, therefore:  (i) separate claims held by a single creditor in any one class will

be aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy

Code, as if such creditor held one claim against the Debtors in such class, (ii) such creditor will

receive a single Ballot with respect to all of its claims in such class; and (iii) the votes related to

such claims will be treated as a single vote to accept or reject the Plan.  Notwithstanding

anything to the contrary herein, separate ballots will be provided, and the votes of creditors will

not be aggregated, in the event that:  (x) separate claims held by a single creditor were acquired

from other creditors after the Commencement Date or (y) separate Ballots are requested by a

claimant/creditor in a Temporary Allowance Request Motion prior to the deadline set forth in

paragraph 35 for filing any such motion and such motion is approved by the court prior to the

voting deadline.

73.    <u>Certification of Vote</u>.  Notwithstanding Local Rule 3018-1(a), Epiq shall file its voting certification (the "<u>Voting Certification</u>") on or before [**TBD**].  Such Voting Certification shall list, <u>inter</u> <u>alia</u>, all instances in which (i) Ballots were withdrawn, (ii) votes were changed by the filing of superseding Ballots, and (iii) the Voting Deadline was extended.

74.    The Voting Certification shall be served on all parties listed on the master service list maintained by the Debtors in these cases (in accordance with the Case Management Order), and the Voting Certification shall be posted on the case website as soon as practicable after such Voting Certification is filed.

75.    Epiq should be authorized (but not required) in its discretion to contact claimant/creditors that submit incomplete or otherwise deficient Ballots to afford such claimant/creditors an opportunity to cure such deficiencies.

## III.    **The Confirmation Hearing**

76.    Bankruptcy Rule 3017(c) provides that "on or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."  In accordance with Bankruptcy Rules 2002(b) and 3017(c), it is requested that the Confirmation Hearing be scheduled for [**TBD at 10:00 a.m.**] (**Eastern Time**).  The Confirmation Hearing Notice will note that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.  The proposed date for the Confirmation Hearing is in compliance with the Bankruptcy Rules and the Local Rules.

A.    **Confirmation Hearing Notice**

77.    Bankruptcy Rules 2002(b) and (d) require not less than 28 days' notice to all claimant/creditors and equity interest holders of the time set for filing objections and the hearing to consider confirmation of a chapter 11 plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."

78.    In accordance with these procedural rules, the Debtors propose to provide to all claimant/creditors and equity interest holders, together with their Solicitation Packages, a copy of the Confirmation Hearing Notice setting forth (i) the Voting Deadline, (ii) the Plan Objection Deadline and procedures for filing objections and responses to confirmation of the Plan, and (iii) the time, date, and place of the Confirmation Hearing.

79.    The proposed procedures will provide parties in interest with substantially more than 28 days' notice of the Plan Objection Deadline and Confirmation Hearing, and accordingly, should be approved.

B.    **Objection Procedures**

80.    The Debtors propose that the Plan Objection Deadline be **[November 4, 2011 at 4:00 p.m.] (Eastern Time).**

81.    Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Rules, and the Case Management Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objecting party/(ies) against the Debtors, and (e) state with particularity the legal and factual bases relied upon for the objection or response.

82.    Registered users of the Court's case filing system must electronically file any objections and responses.  All other parties in interest must file objections and responses on

a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft

Word or any other Windows-based word processing format (with a hard copy delivered directly

to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, <u>supra</u>), in

accordance with General Order M-182.

83.    Any objections or responses also should be served upon and received by

the Notice Parties no later than the Plan Objection Deadline.

84.    The Confirmation Hearing Notice will provide parties in interest with

more than thirty (30) days' notice of the proposed Plan Objection Deadline.  The Plan Objection

Deadline will afford the Debtors and other parties in interest adequate and sufficient time to

consider the objections and responses, if any, to file replies, and to propose Plan modifications, if

appropriate, as well as to provide the Court with sufficient time to consider any such pleadings in

preparation for the Confirmation Hearing.

85.    The Debtors request the opportunity to file and serve, as appropriate,

replies or an omnibus reply on or before [**November 21, 2011 at 12:00 noon**] **(Eastern Time**) to

objections or responses that may be served and filed.

86.    Objections to confirmation of the Plan not timely filed and served in

accordance with the provisions of any order granting the Motion shall not be considered by the

Court and will be denied and overruled unless otherwise ordered by the Court.

87.    The proposed procedures pursuant to Bankruptcy Rule 3020 for filing

objections and responses to the Plan and replies, if any, are fair and reasonable and in the best

interests of the Debtors' Chapter 11 Cases.

WHEREFORE the Debtors respectfully request approval of the Disclosure

Statement and that all of the relief requested by this Motion be granted together with such other

and further relief as is just.

Dated: June 29, 2011
New York, New York

/s/ Alfredo R. Pérez

Harvey R. Miller
Lori R. Fife
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

and

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

## **Annex A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                        :

In re                               :       **Chapter 11 Case No.**
                                          :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :      **08 - 13555 (JMP)**
                                          :

        **Debtors.**                    :       **(Jointly Administered)**
                                          :
-------------------------------------------------------------------x

**ORDER (I) APPROVING THE PROPOSED DISCLOSURE STATEMENT AND THE
FORM AND MANNER OF NOTICE OF THE DISCLOSURE STATEMENT
HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES,
(III) SCHEDULING A CONFIRMATION HEARING, AND
(IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
<u>CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11 PLAN</u>**

Upon the motion (the "<u>Motion</u>")[1] dated June 29, 2011 of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "<u>Debtors</u>" and, together with their non-debtor

affiliates, "<u>Lehman</u>"), pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 3017, 3018, 3020, 9013, 9014 and

9021 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 2002-1,

3017-1, 3018-1, 3020-1, 9013-1 and 9021-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>"), for an order (i)

approving the Debtors' proposed Disclosure Statement (the "<u>Proposed Disclosure Statement</u>")

for the Debtors' Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the

"<u>Plan</u>") and the form and manner of notice of the hearing to consider the Proposed Disclosure

Statement; (ii) establishing solicitation and voting procedures; (iii) scheduling a confirmation

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

hearing; and (iv) establishing notice and objection procedures for objections, if any, to

confirmation of the Plan, all as more fully described in the Motion; and the Court having held a

hearing to consider the relief requested (the "Hearing") with the appearances of all interested

parties having been noted; and upon all of the proceedings had before the Court; and after due

consideration, it is

ORDERED, FOUND, ADJUDGED AND DECREED:

### Jurisdiction and Venue

A.      Consideration of the Motion and the relief requested therein is a core

proceeding pursuant to 28 U.S.C. § 157(b).

B.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

C.      The Court has jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the

United States District Court for the Southern District of New York, dated July 10, 1984 (Ward,

Acting C.J.).

### The Disclosure Statement

D.      As to each of the Debtors, the Proposed Disclosure Statement contains

adequate information within the meaning of section 1125 of the Bankruptcy Code, and no further

information is necessary.

### Balloting and Voting Procedures

E.      The procedures, set forth below, for the solicitation and tabulation of votes

to accept or reject the Plan provide for a fair and equitable voting process and are consistent with

sections 1125 and 1126 of the Bankruptcy Code.

2

*Ballots*

F.     The forms of the ballots substantially in the forms annexed hereto as

<u>Exhibits 3A-3E</u> (collectively, the "<u>Ballots</u>"), including all voting instructions provided therein,

are consistent with Official Form No. 14, address the particular needs of these chapter 11 cases,

and provide adequate information and instructions for each entity entitled to vote to accept or

reject the Plan.  No further information or instructions are necessary.

*Parties Entitled to Vote*

G.     Claims in LBHI Class 1 (Priority Non-Tax Claims), LBHI Class 2

(Secured Claims), LBHI Class 3 (Senior Unsecured Claims), LBHI Class 4A (Senior Affiliate

Claims), LBHI Class 4B (Senior Affiliate Guarantee Claims), LBHI Class 5 (Senior Third-Party

Guarantee Claims), LBHI Class 6A (Convenience Claims), LBHI Class 6B (Convenience

Guarantee Claims), LBHI Class 7 (General Unsecured Claims), LBHI Class 8 (Affiliate Claims),

LBHI Class 9A (Third-Party Guarantee Claims other than of the Racers Trusts), LBHI Class 9B

(Third-Party Guarantee Claims of the Racers Trusts), Participating Subsidiary Debtor[2] Class 1

(Priority Non-Tax Claims), Participating Subsidiary Debtor Class 2 (Secured Claims),

Participating Subsidiary Debtor Class 3 (Convenience Claims), Participating Subsidiary Debtor,

other than Lehman Commercial Paper Inc. ("<u>LCPI</u>") and Lehman Brothers Special Financing

Inc. ("<u>LBSF</u>"), Class 4 (General Unsecured Claims), Participating Subsidiary Debtor Class 5A

(Affiliate Claims of LBHI), Participating Subsidiary Debtor Class 5B (Affiliate Claims of

Participating Subsidiary Debtors), Participating Subsidiary Debtor Class 5C (Affiliate Claims of

Affiliates other than LBHI and Participating Subsidiary Debtors), LCPI Class 4A (General

---

[2] "<u>Participating Subsidiary Debtor</u>" means, as applicable, Lehman Commercial Paper Inc.; Lehman Brothers
Commodities Services Inc.; Lehman Brothers Special Financing Inc.; Lehman Brothers OTC Derivatives Inc.; or
Lehman Brothers Commercial Corporation.

Unsecured Claims other than those of Designated Entities[3]), LCPI Class 4B (General Unsecured

Claims of Designated Entities), LBSF Class 4A (General Unsecured Claims other than those of

the Racers Trusts), LBSF Class 4B (General Unsecured Claims of the Racers Trusts), Non-

Participating Subsidiary Debtor[4] Class 1 (Priority Non-Tax Claims), Non-Participating

Subsidiary Debtor Class 2 (Secured Claims), Non-Participating Subsidiary Debtor Class 3

(General Unsecured Claims), Non-Participating Subsidiary Debtor Class 4A (Affiliate Claims of

LBHI), and Non-Participating Subsidiary Debtor Class 4B (Affiliate Claims of Affiliates other

than LBHI) are impaired and, accordingly, holders of such claims are entitled to vote on account

of such claims (collectively, "Voting Creditors" and the classes containing such Voting Creditors

defined as, collectively, "Voting Classes").

### Parties Not Entitled to Vote

H.      LBHI Class 10A (Subordinated Class 10A Claims), LBHI Class 10B

(Subordinated Class 10B Claims), LBHI Class 10C (Subordinated Class 10C Claims), LBHI

Class 11 (Section 510(b) Claims), LBHI Class 12 (Equity Interests), Participating Subsidiary

Debtor Class 6 (Equity Interests), and Non-Participating Debtor Class 5 (Equity Interests) under

the Plan (the "Non-Voting Impaired Classes") will not receive or retain any property under the

Plan and, accordingly, holders of such claims and equity interests are deemed to have rejected

the Plan and are not entitled to vote on account of such claims or equity interests.

---

[3] "Designated Entity" means, as applicable, Restructured Assets with Enhanced Returns 2007-7-MM Trust, Restructured Assets with Enhanced Returns Series 2007-A Trust, and Fenway Capital, LLC.

[4] "Non-Participating Subsidiary Debtor" means, as applicable, LB 745 LLC; PAMI Statler Arms LLC; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Lehman Scottish Finance L.P.; Luxembourg Residential Properties Loan Finance S.a.r.l.; BNC Mortgage LLC; LB Rose Ranch LLC; Structured Asset Securities Corporation; LB 2080 Kalakaua Owners LLC; Merit, LLC; LB Preferred Somerset LLC; LB Somerset LLC; Lehman Brothers Derivative Products Inc.; or Lehman Brothers Financial Products Inc.

### *Notice of Non-Voting Status*

I.      The Notice of Non-Voting Status, substantially in the form annexed hereto as <u>Exhibit 4</u>, complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and, together with the Confirmation Hearing Notice, provide adequate notice to holders of claims and equity interests in the Non-Voting Impaired Classes of their non-voting status.  No further notice is necessary.

### *Plan and Solicitation Notice*

J.      The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and all related matters.

K.      The period, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable and sufficient period of time for Voting Creditors to make an informed decision whether to accept or reject the Plan and timely return Ballots evidencing such decision.

### **The Confirmation Hearing**

L.      The procedures, set forth below, regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") and for filing objections or responses to the Plan, provide due, proper, and adequate notice and comply with Bankruptcy Rules 2002 and 3017.

### **Disclosure Statement Notice**

M.      Actual notice of the Hearing and the deadline for filing objections or responses to the Proposed Disclosure Statement (the "<u>Disclosure Statement Notice</u>") was provided to the Notice Parties and any other known holders of claims against or equity interests

5

in the Debtors, and such notice constitutes good and sufficient notice to all interested parties and no further notice is necessary.

N.      The form and manner of notice of the time set for filing objections or responses to, and the time, date, and place of, the Hearing to consider the approval of the Disclosure Statement was adequate and complies with due process.

O.      All notices to be provided pursuant to the procedures hereby approved constitute good and sufficient notice to all parties in interest as to all matters relating to the Proposed Disclosure Statement and the Confirmation Hearing and no other or further notice need be provided.

P.      The Motion establishes just and sufficient cause to grant the relief requested.

NOW, THEREFORE:

1.      The Motion is granted as hereafter set forth.

**Disclosure Statement**

2.      The Disclosure Statement as proposed by each of the Debtors is **APPROVED**.

3.      All objections to the Proposed Disclosure Statement that have not been withdrawn or resolved previously or at the Hearing hereby are overruled.

**Solicitation and Voting Procedures**

4.      The deadline for filing and serving objections, if any, to claims solely for purposes of determining which claimant/creditors are entitled to vote to accept or reject the Plan ("Objections for Voting Purposes") is **[September 16, 2011]** (the "Voting Purposes Objection Deadline").  The Voting Purposes Objection Deadline is for the limited purpose of entitlement to

vote to accept or reject the Plan.  This deadline is <u>not</u> applicable or relevant to any other potential objections to the allowance of any claim or equity interest.

### *Temporary Allowance of Claims*

5.     Solely for purposes of voting to accept or reject the Plan, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each claim within the Voting Classes is temporarily allowed in an amount equal to the amount of the claim as set forth in (a) the Schedules or (b) the filed proof of claim as reflected in the claims register maintained by Epiq as of the Record Date, subject to the following exceptions:

(a)     If an order is entered by this Court authorizing the Debtors to calculate the amount of claims based on structured securities issued or guaranteed by LBHI in accordance with specified valuation methodologies, such claims will be allowed in the amount determined in accordance with such valuation methodologies

(b)     If a proof of claim was timely filed in accordance with the applicable procedures set forth in the Bar Date Order, in an amount that is liquidated, non-contingent, and undisputed, such claim is temporarily allowed in the amount set forth in the proof of claim, unless such claim is disputed as set forth in subparagraph (g) below;

(c)     If a claim for which a proof of claim has been timely filed is contingent or unliquidated (as determined on the face of the claim or after a review of the supporting documentation by the Debtors or their agent, in consultation with the Creditors' Committee), the claimant/creditor is allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(d)     If a claim has been allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(e)     If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or the LPS Bar Date, as applicable, or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline such claim is disallowed for voting purposes;

(f)    If a claim is (i) listed in the Schedules or represented by a timely filed proof of claim as contingent, unliquidated, or disputed in part, or (ii) determined by the Debtors or their agent, in consultation with the Creditors' Committee, to be contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only;

(g)    Notwithstanding anything to the contrary contained herein, if an unsecured claim for which a proof of claim has been timely filed also contains a secured claim in an unliquidated amount based solely on a reservation of a right of setoff, the claimant/creditor is only entitled to vote the unsecured claim in the applicable unsecured Plan class and is not entitled to vote the secured claim in the otherwise applicable secured Plan class.

(h)    If the Debtors have filed an objection to a claim no later than the Voting Purposes Objection Deadline, such claim is temporarily disallowed for voting purposes, except as otherwise ordered by the Court; *provided, however*, that if the Debtors' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim is temporarily allowed for voting purposes in the reduced amount and/or as reclassified, except as otherwise ordered by the Court before the Voting Deadline;

(i)    If a claim is allowed pursuant to an order of the Court on or before [**November 4, 2011**], then such claimant/creditor will be entitled to vote to accept or reject the Plan in accordance with the terms of such order;

(j)    Notwithstanding anything to the contrary contained herein, any claimant/creditor who has filed a claim that is duplicative of another claim(s) within the same Voting Class, as determined by the Debtors or their agent, in consultation with the Creditors' Committee, shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claim(s).

6.    If any claimant/creditor elects to challenge the disallowance or classification of its claim for voting purposes, such claimant/creditor may file with this Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including the temporary allowance or reclassification of its claim for voting purposes.  The claimant/creditor's Ballot shall not be counted, unless temporarily allowed by an order entered on or before [**November 4, 2011**] or as

otherwise ordered by the Court.  The following procedures shall apply to any Temporary

Allowance Request Motions:

(1)    All Temporary Allowance Request Motions shall be filed and served on or before the [14th] day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection, if any, as to that specific claim, but in no event later than [**October 7, 2011**];

(2)    All objections and responses to Temporary Allowance Request Motions shall be filed and served on or before [**October 14, 2011**];

(3)    A claimant/creditor may file a reply to any objection or response to its motion on or before [**October 21, 2011**];

(4)    Any order temporarily allowing such claims shall be entered on or before [**November 4, 2011**] or as otherwise ordered by the Court.

7.    The Debtors and a claimant/creditor may agree and stipulate to treatment of specific claims for voting purposes only pursuant to a notice of presentment that is filed and served in lieu of filing other pleadings by the Debtors or the claimant/creditor (the "Stipulations").

8.    Temporary Allowance Request Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) set forth the name of the claimant/creditor(s) pursuing the Temporary Allowance Request Motion; (d) set forth the name of the Debtor(s) against which the claim(s) is/are asserted; (e) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (f) be filed and served in accordance with the Case Management Order, in each case so as to be received by the Notice Parties (with a copy to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004, Courtroom 601) no later than [**October 7, 2011**].  Temporary Allowance Request Motions not compliant with the foregoing shall not be considered by the Court and deemed denied except as otherwise ordered by the Court.

9.      Any claimant/creditor timely filing and serving a Temporary Allowance Request Motion shall be provided with a Ballot and shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline, pending a final determination of such motion by the Court.

10.     If the Debtors and such claimant/creditor are unable to resolve the issues raised by the Temporary Allowance Request Motion prior to the Voting Deadline, such Temporary Allowance Request Motion shall be considered by the Court at such time as the Court shall direct.  At such hearing, the Court shall determine whether the provisional Ballot should be allowed to any extent for voting purposes and the amount(s) of the claim(s) that may be voted.

### The Record Date

11.     The Record Date is [**August 1, 2011**].

### Solicitation Packages

12.     The Debtors shall assemble, or cause to be assembled, the Solicitation Packages and shall transmit, or cause to be transmitted, the Solicitation Packages by [**September 23, 2011**] or as soon thereafter as reasonably practicable (the "Service Period") to (a) the U.S. Trustee, (b) attorneys for the Creditors' Committee; (c) the SEC; (d) the IRS, (e) the DOJ, (f) any other party requesting service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002, (g) all claimant/creditors who are listed on the Debtors' Schedules or who have filed a Proof of Claim by the General Bar Date or the LPS Bar Date, as applicable, and (h) all known equity interest holders.

13.     Each Solicitation Package shall contain a copy of –

(a)      the Disclosure Statement Order (without attachments);

(b)      the Confirmation Hearing Notice;

(c)    the Disclosure Statement, including the Plan as an attachment;

(d)    if the recipient is a Voting Creditor or Voting Nominee, a Ballot in the form described below, and, as appropriate, a postage-prepaid envelope; **OR**

(e)    notwithstanding the foregoing, if the recipient is a holder of claim or equity interest in a Non-Voting Impaired Class, then **only** a Notice of Non-Voting Status and the Confirmation Hearing Notice; and

(f)    such other materials as may be ordered or permitted by the Court.

14.    The Solicitation Packages are **APPROVED**.

15.    The Debtors may transmit the Solicitation Packages (with the exception of Ballots and the Confirmation Hearing Notice, which will be provided in printed hard copy) in a CD-ROM format instead of printed hard copies.  If requested, in writing, by a claimant/creditor or equity interest holder, printed hard copies shall be provided to such person.

16.    For Disclosure Statement Notices returned as undeliverable, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the end of the Service Period, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

17.    The Debtors shall publish the Confirmation Hearing Notice (substantially in the form attached hereto as Exhibit 2) in the national and global editions of the *Wall Street Journal*, the *Financial Times*, the national edition of *The New York Times*, and the *Times of London* once within ten (10) business days after entry of this Order.  In addition, unless otherwise determined by the Court or the Debtors, in consultation with the Creditors'

11

Committee, the Debtors shall publish, not later than sixty (60) days prior to the Confirmation

Hearing, the Confirmation Hearing Notice (translated into the appropriate language, if necessary)

in national newspaper in each of Germany, The Netherlands (in English), Switzerland,

Luxembourg, United Kingdom, Hong Kong, Australia, and Japan.

> *Ballots*

> 18.    The forms of Ballots are **APPROVED**.

> 19.    The Voting Deadline is **[November 4, 2011] at 4:00 p.m. (Eastern**

**Time)**.

> 20.    To be counted as a vote to accept or reject the Plan, each General Ballot,

Secured Claim Ballot, and Master Ballot must be properly executed, completed, and delivered to

Epiq by (i) mail, (ii) courier, or (iii) personal delivery, so that it is <u>actually</u> <u>received</u> by Epiq no

later than the Voting Deadline.[5]

> 21.    Except for claims that arise from ownership of a debt security, holders of

claims against any of the Debtors in the classes set forth below shall receive a Ballot

substantially in the form annexed to the Proposed Disclosure Statement Order as <u>Exhibit 3A</u>

---

[5] As there are a significant number of debt securities entitled to vote on the Plan, at the option of the Voting Nominee, beneficial holders may relay votes or voting instructions electronically to the Voting Nominee or the entity preparing the Master Ballot on such Voting Nominee's behalf, and Voting Nominees may use their customary procedures for obtaining such votes electronically.  Correspondingly, the Beneficial Ballots shall provide that "*Submission of electronic instructions to your Voting Nominee (if permitted by such Voting Nominee) shall have the same effect as if you had completed and returned a physical Ballot.  By making an electronic submission, you are representing that you reviewed the Ballot in its entirety and have received a copy of the Plan and Disclosure Statement for your review and consideration.*"  In addition, the entity preparing the Master Ballot shall be required to retain submitted votes for the same period of time they would be required to retain a physical Ballot under applicable law or pursuant to any contractual obligation.  Voting Nominees shall relay votes in one of the following ways:  (1) hard copy Master Ballot with all voting information contained therein; (2) hard copy Master Ballot with a hard copy schedule of the voted accounts being transmitted; (3) hard copy Master Ballot with a summary total and CD-ROM with an Excel file containing the voted accounts being transmitted; or (4) in the case of a Voting Nominee not in the United States, via email with an attached Excel file containing the voted accounts being transmitted.  In addition, the foregoing procedures shall apply to a nominee submitting a General Ballot in LBHI Class 5 (Senior Third-Party Guarantee Claims) with an attached schedule that details the votes of underlying holders.

("General Ballot A"), which may be non-substantively marked and identified to the specific class

of claimant/creditors.

    (a)    Priority Non-Tax Claims (LBHI Class 1, Participating Subsidiary Debtor Class 1, Non-Participating Subsidiary Debtor Class 1)

    (b)    Senior Affiliate Claims (LBHI Class 4A)

    (c)    Senior Affiliate Guarantee Claims (LBHI Class 4B)

    (d)    Convenience Claims and Convenience Guarantee Claims (LBHI Class 6A-6B, Participating Subsidiary Debtor Class 3)

    (e)    Third-Party Guarantee Claims of the Racers Trusts (LBHI Class 9B)

    (f)    General Unsecured Claims of Designated Entities Against LCPI (LCPI Class 4B)

    (g)    General Unsecured Claims of the Racers Trusts Against LBSF (LBSF Class 4B)

    (h)    General Unsecured (Non-Participating Subsidiary Debtor Class 3)

    (i)    Affiliate Claims (LBHI Class 8, Participating Subsidiary Debtor Classes 5A-5C, Non-Participating Debtors Classes 4A-4B)

22.    Except for claims that arise from ownership of a debt security, holders of

claims against LBHI and any of the Participating Subsidiary Debtors in the classes set forth

below shall receive a Ballot substantially in the form annexed to the Proposed Disclosure

Statement Order as Exhibit 3B ("General Ballot B" and together with General Ballot A, the

"General Ballots"), containing an election to be treated as a Convenience Claim or a

Convenience Guarantee Claim, which Ballot may be non-substantively marked and identified to

the specific class of claimant/creditors.

    (a)    Senior Unsecured Claims (LBHI Class 3)

    (b)    Senior Third-Party Guarantee Claims (LBHI Class 5)

    (c)    General Unsecured (LBHI Class 7, Participating Subsidiary Debtors other than LCPI and LBSF Class 4)

13

(d)      General Unsecured Claims other than those of the Racers Trusts (LBSF Class 4A)

(e)      General Unsecured Claims other than those of Designated Entities (LCPI Class 4A)

(f)      Third-Party Guarantee Claims other than of the Racers Trusts (LBHI Class 9A)

23.      Holders of Secured Claims against any of the Debtors (LBHI Class 2, Participating Subsidiary Debtors Class 2, and Non-Participating Subsidiary Debtor Class 2) shall receive a Ballot substantially in the form annexed hereto as Exhibit 3C (the "Secured Claim Ballot"), which may be non-substantively marked and identified to the specific class of claimant/creditors.

24.      Ballots to be provided to holders of debt securities of LBHI within LBHI Class 3 (Senior Unsecured Claims) shall be in substantially the same form as the General Ballot; ***provided***, ***however***, that entities that hold a claim as a nominee for the benefit of one or more beneficial holders (collectively, the "Voting Nominees") shall be provided with (a) Solicitation Packages for each beneficial holder represented by the Voting Nominee, which shall contain a Ballot substantially in the form annexed to the Proposed Disclosure Statement Order as Exhibit 3D (the "Beneficial Ballot") and (b) a master ballot, substantially in the form annexed to the Proposed Disclosure Statement Order as Exhibit 3E (the "Master Ballot").[6]  Both the form of Master Ballot and the form of Beneficial Ballot may be non-substantively marked and identified

---

[6] To the extent there are any public securities held through international depositories (such as Euroclear or Clearstream), Epiq shall distribute the Solicitation Packages and Master Ballots to such international depositories via electronic transmission as required by such international depositories.  The international depositories shall then distribute the Solicitation Packages and Master Ballots to Voting Nominees and beneficial holders, as appropriate, in accordance with their customary practices and obtain acceptances or rejections also in accordance with their customary practices.

to the specific class of claimant/creditors.[7]  The holder of a claim based on a debt security within

LBHI Class 3 (Senior Unsecured Claims) (i) that did not appear on the Master List of Securities

(as defined in the Bar Date Notice) and (ii) for which an indenture trustee did not file a proof of

claim, shall be responsible for submitting the General Ballot on account of such claim and should

not rely on a Voting Nominee to process any votes with respect to such debt security.

       25.     A Voting Nominee shall have two options as to acceptance or rejection of

the Plan.  The Voting Nominee may elect to (a) "prevalidate" the Beneficial Ballot, _i.e._, forward

the Solicitation Package to the beneficial holder, and instruct the beneficial holder to return the

executed Beneficial Ballot to Epiq, or (b) forward the Solicitation Package to the beneficial

holder with instructions for the beneficial holder to return the Beneficial Ballot to the Voting

Nominee.  To be "prevalidated," a Beneficial Ballot shall be executed by the Voting Nominee

and state the amount of the underlying securities, with the corresponding account numbers.  If

the Voting Nominee elects option (b), upon return of the Beneficial Ballots, the Voting Nominee

shall tabulate the Beneficial Ballots on a Master Ballot and return the Master Ballot to Epiq.  In

either instance, the Voting Nominee shall provide the beneficial holder with the appropriate

materials within [**seven (7) business days**] of receipt of the Solicitation Packages.

       26.     The Debtors shall reimburse each Voting Nominee for its documented,

reasonable and customary out-of-pocket external costs and expenses associated with distribution

of the Solicitation Packages and tabulation of the Beneficial Ballots.

       27.     For the holders of claims in LBHI Class 5A (Senior Third-Party Guarantee

Claims) based on LPS that were not issued by LBHI, but rather were issued by affiliates of

---

[7] In accordance with customary public security solicitation procedures, the Master Ballots shall be distributed to Voting Nominees approximately [seven (7) calendar days] after the initial distribution of the Solicitation Packages containing Beneficial Ballots to the Voting Nominees.

LBHI, a General Ballot shall be provided that may be non-substantively marked and identified to the specific class of claimant/creditors; ***provided***, ***however***, that to the extent a nominee receives a General Ballot in connection with a claim in LBHI Class 5A (Senior Third-Party Guarantee Claims) filed on behalf of one or more underlying holders, such nominee may utilize a copy of such General Ballot to obtain the votes of such underlying holders and shall be entitled to submit the General Ballot with an attached schedule, the form of which will be provided by Epiq upon request, to detail the votes of such underlying holders, and Epiq shall tabulate such General Ballot in accordance with the attached schedule and in an amount not to exceed the amount of the applicable claim.  The form of General Ballot and the form of attached schedule may be non-substantively marked and identified to the specific class of claimant/creditors.  Nominee, as used in this paragraph, shall include (i) any bank, broker, custodian, or other party that is the record holder of any LPS and (ii) any indenture trustee for any LPS that were not issued by LBHI, that filed a proof of claim based on an alleged guarantee of such LPS on behalf of the beneficial holders thereof.  Parties that filed proofs of claim for which there is no nominee will be responsible for filing their individual Ballots.

28.    Authority is granted to extend, for any reason deemed appropriate by the Debtors, the time during which Ballots may be accepted and included in tabulations from any claimant/creditor or class of claimant/creditors.  Such extensions shall be made by the Debtors, in consultation with the Creditors' Committee, by oral or written notice to Epiq.  Any instance in which the Voting Deadline is extended shall be highlighted and listed in the Voting Certification filed by Epiq.

### *Notice of Non-Voting Status*

29.    The Notice of Non-Voting Status is **APPROVED**.

16

*Tabulation Procedures*

30.     The following procedures for tabulating Ballots are **APPROVED**:

(a)     Whenever a claimant/creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last properly received Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b)     The following Ballots shall not be counted:

(1)     Any Ballot that is completed, executed, and timely returned to Epiq, but does not indicate either an acceptance or rejection of the Plan;

(2)     Any Ballot that is completed, executed, and timely returned to Epiq, but indicates both an acceptance and a rejection of the Plan;

(3)     Any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing as to such Ballot;

(4)     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant/creditor;

(5)     Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(6)     Any unsigned Ballot; or

(7)     Any Ballot transmitted to Epiq by facsimile or other means not specifically approved hereby.

(c)     A claimant/creditor who is determined by the Debtors, in consultation with the Creditors' Committee, to have traded claims within the same class for the purpose of creating separate claims for voting purposes and determination of numerosity shall be entitled to only one vote in the aggregate dollar amount of all such claims.

31.     The following additional procedures shall apply with respect to tabulating

Master Ballots:

(a)     votes cast by holders of debt securities through Voting Nominees shall be applied to the applicable positions held by such Voting Nominees as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee shall not be counted in excess of the

17

amount of debt securities held by such Voting Nominee as of the Record Date;

(b)     if conflicting votes or "over-votes" are submitted by a Voting Nominee, the Debtors shall use reasonable efforts to reconcile discrepancies with the Voting Nominee;

(c)     if over-votes are submitted by a Voting Nominee which are not reconciled prior to the preparation of the Voting Certification, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Voting Nominee, but only to the extent of the Voting Nominee's Record Date position in the debt securities;

(d)     for the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its debt securities; any principal amounts thus voted will be thereafter adjusted by Epiq, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(e)     a single Voting Nominee may complete and deliver to Epiq multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior Master Ballot.

32.     The Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that (i) any such waivers shall be documented in the Vote Certification (as defined below), and (ii) neither the Debtors, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the Vote Certification, nor will any of them incur any liability for failure to provide such notification.

33.     For the purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 (not applicable to publicly traded notes, bonds, and debentures) shall be

18

recognized unless documentation evidencing such transfer was filed with the Court on or before the Record Date.

34.    <u>Withdrawal of Vote</u>.  Any claimant/creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw, subject to any rights of the Debtors or the Creditors' Committee to contest the validity of any such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to Epiq, at any time prior to the Voting Deadline; *provided, however*, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification to be filed by Epiq.  A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be executed by the withdrawing claimant/creditor, (c) contain a certification that the withdrawing claimant/creditor owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn and (d) be received by Epiq prior to the Voting Deadline.

35.    <u>Changing Votes</u>.  Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last properly completed Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and shall supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to any rights of the Debtors or the Creditors' Committee to object to the validity or allowance for voting purposes of the later Ballot or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the next-most recent properly completed Ballot or Master Ballot received by Epiq for all purposes; *provided, however*, that as to any instance in which a

vote is changed by the filing of a superseding Ballot, the Voting Certification to be filed by Epiq shall indicate the changing of the particular vote.

36.     <u>No Division of Claims or Votes</u>.  Except as set forth below and as it may relate to the procedures applicable to Master Ballots or as set forth in paragraph 27 above, each claimant who votes must vote the full amount of each claim in any one class either to accept or reject the Plan, and, therefore:  (i) separate claims held by a single creditor in any one class shall be aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one claim against the Debtors in such class, (ii) such creditor shall receive a single Ballot with respect to all of its claims in such class; and (iii) the votes related to such claims shall be treated as a single vote to accept or reject the Plan.  Notwithstanding anything to the contrary herein, separate ballots shall be provided, and the votes of creditors shall not be aggregated, in the event that:  (x) separate claims held by a single creditor were acquired from other creditors after the Commencement Date or (y) separate Ballots are requested by a claimant/creditor in a Temporary Allowance Request Motion prior to the deadline set forth in paragraph 6 for filing any such motion and such motion is approved by the court prior to the voting deadline.

37.     <u>Certification of Vote</u>.  Notwithstanding Local Rule 3018-1(a), Epiq shall file its voting certification (the "<u>Voting Certification</u>") on or before [**TBD**].  Such Voting Certification shall list, <u>inter</u> <u>alia</u>, all instances in which (i) Ballots were withdrawn, (ii) votes were changed by the filing of superseding Ballots, and (iii) the Voting Deadline was extended.

38.     Epiq is authorized (but not required) in its discretion to contact claimant/creditors that submit incomplete or otherwise deficient Ballots to afford such claimant/creditors an opportunity to cure such deficiencies.

**The Confirmation Hearing**

39.     The Confirmation Hearing shall be held at **[10:00 a.m.] (Eastern Time)** **on [TBD]**.  The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.

40.     The notice of the confirmation hearing substantially in the form annexed hereto as <u>Exhibit 2</u> (the "<u>Confirmation Hearing Notice</u>") is **APPROVED**.

41.     The Plan Objection Deadline is **[November 4, 2011 at 4:00 p.m.]** **(Eastern Time).**

42.     Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Rules, and the Case Management Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objecting party/(ies) against the Debtors, and (e) state with particularity the legal and factual bases relied upon for the objection or response.

43.     Registered users of the Court's case filing system must electronically file any objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, <u>supra</u>), in accordance with General Order M-182.

44.     Any objections or responses shall also be served upon and received by the Notice Parties no later than the Plan Objection Deadline.

21

45.     Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Order shall not be considered by the Court and shall be denied and overruled unless otherwise ordered by the Court.

46.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, and related documents without further order of the Court, including, without limitation, ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to mailing as may be appropriate.

Dated:  _____, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Disclosure Statement Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** <u>et</u> <u>al.</u>, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------- x

**NOTICE OF HEARING TO CONSIDER APPROVAL OF DEBTORS' DISCLOSURE**
**STATEMENT AND ANY QUALIFYING DISCLOSURE STATEMENT**

TO PARTIES IN INTEREST IN THE FOLLOWING CHAPTER 11 CASES:

**<u>Name of Debtors and Case Numbers</u>**

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08 -13555 (JMP) |
| Lehman Commercial Paper Inc. | 08 -13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08 -13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08 -13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08 -13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08 -13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08 -13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08 -13902 (JMP) |
| LB 745 LLC | 08 -13600 (JMP) |
| PAMI Statler Arms LLC | 08 -13664 (JMP) |
| CES Aviation LLC | 08 -13905 (JMP) |
| CES Aviation V LLC | 08 -13906 (JMP) |
| CES Aviation IX LLC | 08 -13907 (JMP) |
| East Dover Limited | 08 -13908 (JMP) |
| Lehman Scottish Finance L.P. | 08 -13904 (JMP) |
| Luxembourg Residential Properties Loan Finance | 09 -10108 (JMP) |
| BNC Mortgage LLC | 09 -10137 (JMP) |
| LB Rose Ranch LLC | 09 -10560 (JMP) |
| Structured Asset Securities Corporation | 09 -10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09 -12516 (JMP) |
| Merit, LLC | 09 -17331 (JMP) |
| LB Preferred Somerset LLC | 09 -17505 (JPM) |
| LB Somerset LLC | 09 -17503 (JMP) |

PLEASE TAKE NOTICE THAT on June 29, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") filed the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Debtors' Plan") and the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (as it may be amended, the "Debtors' Disclosure Statement") with respect to the Plan, pursuant to section 1125 of title 11 of the United States Code (the "Bankruptcy Code").

PLEASE TAKE FURTHER NOTICE THAT other plan proponents have filed or may file, as applicable, an alternative plan and disclosure statement with respect to some or all of the Debtors (as may be amended, each a "Qualifying Plan" and "Qualifying Disclosure Statement," respectively).

PLEASE TAKE FURTHER NOTICE THAT:

1.      A hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10014, on **August 30, 2011 at 10 a.m. (Eastern Time)]** (the "Disclosure Statement Hearing") to consider the entry of an order, among other things, determining whether the Debtors' Disclosure Statement and any Qualifying Disclosure Statements contain "adequate information" within the meaning ascribed to such term in section 1125 of the Bankruptcy Code and approving the Disclosure Statement and any Qualifying Disclosure Statements.

2.      Any party in interest wishing to obtain a copy of the Debtors' Disclosure Statement, any Qualifying Disclosure Statement, the Debtors' Plan or any Qualifying Plan may request such copy, in writing, from **Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, 757 Third Avenue, 3rd Floor, New York, New York 10017**.  Interested parties may also examine such disclosure statements and plans free of charge at www.lehman-docket.com.  In addition, such disclosure statements and plans are on file with the Bankruptcy Court and may be examined by accessing the Bankruptcy Court's website: www.nysb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

3.      Objections and responses, if any, to approval of the Debtors' Disclosure Statement or any Qualifying Disclosure Statement must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, and the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated June 17, 2010 [Docket No. 9635], (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by each objecting party/(ies) against the Debtor(s), (e) state with particularity the legal and factual bases relied upon for the objection or response, and (f) be filed, together with proof of service, with the Bankruptcy Court and served **so that they are actually received by the following parties no later than August 11,**

2

**2011 at 4:00 p.m. (Eastern Time)**: (i) the **chambers of the Honorable James M. Peck, United States Bankruptcy Judge**, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) **Weil Gotshal & Manges LLP**, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, Esq., Lori R. Fife, Esq., and Alfredo R. Pérez, Esq., attorneys for the Debtors; (iii) the **Office of the United States Trustee** for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.; (iv) **Milbank, Tweed, Hadley & McCloy LLP**, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors; (v) and respective attorney for each of the plan proponents of any Qualifying Plan.

**IF AN OBJECTION OR RESPONSE TO APPROVAL OF THE DEBTORS' DISCLOSURE STATEMENT OR ANY ALTERNATIVE DISCLOSURE STATEMENT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT AND ANY QUALIFYING DISCLOSURE STATEMENT, AS APPLICABLE, AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

4.      Any party in interest that is entitled to vote on the related plan(s) will receive a copy of the disclosure statement, the plan and various documents related thereto, unless otherwise ordered by the Bankruptcy Court.

5.      If the Disclosure Statement Hearing is adjourned, the Debtors or applicable plan proponent shall file a notice with the Bankruptcy Court and serve such notice on all parties on the Master Service List.

DATED:  [DATE], 2011
         New York, New York

**<u>Exhibit 2</u>**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                     :

In re                                :     **Chapter 11 Case No.**
                                                     :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**
                                                   :

                 **Debtors.**          :    **(Jointly Administered)**
                                                   :

---------------------------------------------------------------------x

### NOTICE OF (i) APPROVAL OF DISCLOSURE STATEMENT; (ii) ESTABLISHMENT OF RECORD DATE; (iii) HEARING ON CONFIRMATION OF THE PLAN AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN; AND (iv) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

TO PARTIES IN INTEREST IN THE FOLLOWING CHAPTER 11 CASES:

### Name of Debtors and Case Numbers

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

PLEASE TAKE NOTICE that:

1. ***Approval of Disclosure Statement.*** On [_____], 2011, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (the "Order"), approving the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (as approved, the "Disclosure Statement")[1] in the above-referenced chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors in possession (collectively, the "Debtors"). The Order authorizes the Debtors to solicit votes to accept or reject the Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (as it may be further amended, the "Plan"), a copy of which is annexed as Exhibit A to the Disclosure Statement.

2. ***Confirmation Hearing.*** A hearing (the "Confirmation Hearing") to consider the confirmation of the Plan will be held at **10:00 a.m. (Eastern Time) on [**_____**]** before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be adjourned or continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3. ***Record Date for Voting Purposes.*** The following claimant/creditors who hold claims against the Debtors on [August 1, 2011] (the "Record Date") are entitled to vote on the Plan:

   a) holders, as of the Record Date, of claims listed on the Debtors' schedules of liabilities, to the extent that such claims (i) are listed in an amount greater than zero and are not identified as contingent, unliquidated or disputed, and (ii) have not been superseded by a timely filed proof of claim; and

   b) holders as of the Record Date, of claims, to the extent that such claims (i) are the subject of timely filed proofs of claim, (ii) are filed in an amount greater than zero, (iii) have not been disallowed, expunged, or disqualified by an order of the Bankruptcy Court prior to the Record Date, and (iv) are not the subject of any pending claim objection as of [September 16, 2011], unless a Temporary Allowance Request Motion (as defined below) has been filed and granted by the Bankruptcy Court on or before [November 4, 2011] or as may be ordered by the Bankruptcy Court.

4. ***Voting Deadline.*** All votes to accept or reject the Plan must be actually received by the Debtors' voting and tabulation agent, Epiq Bankruptcy Solutions, LLC, by no later than 4:00 p.m. (Eastern Time) on [November 4, 2011] (the "Voting Deadline"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement.

<table>
<tr><td>If sent by mail:</td><td>If sent by hand delivery or courier:</td></tr>
</table>

|  |  |
|---|---|
| Epiq Bankruptcy Solutions, LLC | Epiq Bankruptcy Solutions, LLC |
| Attn: Lehman Ballot Processing Center | Attn: Lehman Ballot Processing Center |
| FDR Station, P.O. Box 5014 | 757 Third Avenue, 3rd Floor |
| New York, New York 10150-5014 | New York, New York 10017 |

5.    ***Parties in Interest Not Entitled to Vote***.  Holders of Subordinated Class 10A Claims, Subordinated Class 10B Claims, Subordinated Class 10C Claims, and Section 510(b) Claims against LBHI and holders of Equity Interests in the Debtors are not entitled to vote and will not receive a ballot.  Holders of such claims and equity interests are deemed to reject the Plan and will receive a Notice of Non-Voting Status rather than a Ballot.  If you have timely filed a proof of claim and disagree with the Debtors' classification of or objection to your claim and believe that you should be entitled to vote on the Plan, then you must serve on the parties identified in paragraph 6 below and file with the Bankruptcy Court (with a copy to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004, Courtroom 601) a motion (a "Temporary Allowance Request Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your claim for purposes of voting to accept or reject the Plan.  All Temporary Allowance Request Motions must be filed on or before the [14th] day after the later of (i) service of this notice and (ii) service of notice of an objection, if any, as to your claim, but in no event later than [October 7, 2011].  As to any claimant/creditor filing a Temporary Allowance Request Motion, such claimant/creditor's Ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court.  Claimant/creditors may contact Epiq Bankruptcy Solutions, LLC at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**, to receive an appropriate Ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.  Temporary Allowance Request Motions not compliant with the foregoing will not be considered by the Bankruptcy Court and deemed denied except as otherwise ordered by the Bankruptcy Court.

6.    ***Objections to Confirmation***.

The deadline to object or respond to confirmation of the Plan is [**November 4, 2011 at 4:00 p.m.**] (**Eastern Time**) (the "Plan Objection Deadline").

Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, and the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated June 17, 2010 [Docket No. 9635], (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objecting party/(ies) against the Debtors, and (e) state with particularity the legal and factual bases relied upon for the objection or response.

Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly

to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, <u>supra</u>), in accordance with General Order M-182.

Any objections or responses must also be served upon the following parties so as to be received by no later than the Plan Objection Deadline: (i) the **chambers of the Honorable James M. Peck, United States Bankruptcy Judge,** <u>supra</u>; (ii) **Weil Gotshal & Manges LLP**, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, Esq., Lori R. Fife, Esq. and Alfredo R. Pérez, Esq., attorneys for the Debtors; (iii) the **Office of the United States Trustee** for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.; (iv) **Milbank, Tweed, Hadley & McCloy LLP**, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors.

**IF ANY OBJECTION OR RESPONSE TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

7. ***Parties That Will Not Be Treated as Creditors***.  Any holder of a claim that is scheduled in the Debtors' schedules of assets and liabilities, statements of financial affairs and schedules of executory contracts and unexpired leases at $0.00, or in an unknown amount, or as disputed, contingent, or unliquidated, and that has not filed a timely proof of claim shall not be treated as a creditor with respect to such claim for purposes of receiving distributions under the Plan.

8. ***Additional Information***.  Any party in interest wishing to obtain a copy of the Disclosure Statement and the Plan may request such copy, in writing, from **Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, 757 Third Avenue, 3rd Floor, New York, New York 10017**.  Interested parties may also examine the Disclosure Statement and the Plan free of charge at <u>www.lehman-docket.com</u>.  In addition, the Disclosure Statement and the Plan are on file with the Bankruptcy Court and may be examined by accessing the Bankruptcy Court's website: <u>www.nysb.uscourts.gov</u>.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: <u>www.pacer.psc.uscourts.gov</u>.

9. ***Executory Contracts and Unexpired Leases.***

   a) ***Cure of Defaults for Assumed Executory Contracts and Unexpired Leases***:  Except to the extent that different treatment has been agreed to by the non-debtor party or parties to any executory contract or unexpired lease (each, a "<u>Counterparty</u>") listed on Schedules [___] of the Plan Supplement as being assumed pursuant to Section [___] of the Plan, the Debtors will, within at least [___] days prior to the later of (a) the hearing on the Debtors' motion for assumption or assumption and assignment and (b) the Confirmation Hearing, file with the Bankruptcy Court and serve by first class mail on each applicable Counterparty, a notice, which shall include the cure amount as to such Counterparty's executory contract or unexpired lease to be assumed as set forth on Schedule [_____].  **If you are a Counterparty to an executory contract or unexpired lease to be assumed or assumed and assigned by the Debtors, you must file and serve any objection to the assumption or the cure amounts listed by the Debtors on the above-referenced schedule by the Plan Objection Deadline.**  If there are any such objections filed, the Bankruptcy Court will hold a hearing on a date to be set by the Bankruptcy Court.  The Debtors retain their rights to reject any of their

executory contracts or unexpired leases that are subject to a dispute concerning the amounts necessary to cure any defaults as of the Effective Date.

b) ***Bar Date for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan***: Proofs of claim for damages arising out of the rejection of an executory contract or unexpired lease pursuant to Section [__] of the Plan must be filed with the Bankruptcy Court and served upon the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, Esq., Lori R. Fife, Esq. and Alfredo R. Pérez, Esq., no later than [_____] days after the later of (a) notice of entry of an order approving the rejection of such executory contract or unexpired lease, (b) notice of entry of any order confirming the Plan, (c) notice of an amendment to Schedules [___] of the Plan Supplement (solely with respect to the party directly affected by such modification), or (d) notice of the Debtors' election to reject under Section [_____] of the Plan. **All such proofs of claim not filed within such time will be forever barred from assertion against the Debtors and their estates or the Liquidating Trust and their property.**

DATED: [DATE], 2011
　　　　New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit 3A

**General Ballot A Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                          :
              Debtors.                    :    **(Jointly Administered)**
                                          :
-------------------------------------------------------------------x

**BALLOT FOR SECOND AMENDED JOINT CHAPTER 11 PLAN OF**
**LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**
**BALLOT FOR [_____] CLAIMS**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), each of which is identified below, are soliciting votes with respect to the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the "Plan"), from the holders of certain claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**.

This Ballot is to be used for voting by holders of [_____] Claims.  **In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, FDR Station, P.O. Box 5014, New York, New York 10150-5014, by no later than 4:00 p.m. (Eastern Time) on [October 14], 2011 (the "Voting Deadline"), unless such time is extended by the Debtors.**

This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of claims or distribution.

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Amount of [_____] Claim(s).**  For purposes of voting to accept or reject the

Plan, as of [August 1], 2011 (the "Record Date") the undersigned was a holder of [_____]

Claim(s) (the "Claim(s)") in the aggregate amount set forth below.

| |
|---|
| Class: _____ |
| |
| Claim Amount: $_____ |
| |
| Debtor: _____ |

[BALLOT CODE]
General Ballot A Form

ITEM 2.  **Vote on the Plan.**  The undersigned holder of the Claim(s) identified in Item 1 above hereby votes to:

<u>Check one box:</u>  ☐  Accept the Plan

☐  Reject the Plan

ITEM 3. **Important Tax Information Required – Potential Withholding.** Distributions to holders of Claims by the Debtors or a liquidating trustee, and any subsequent amounts received by the Debtors or a liquidating trust allocable to a holder, are subject to any applicable tax withholding.

Under U.S. federal income tax law, interest and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable backup withholding rate (currently 28%). Backup withholding generally applies if the holder (a) fails to furnish its social security number or other taxpayer identification number ("***TIN***"), (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is its correct number and that it is a United States person that is not subject to backup withholding. Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax and the appropriate information is supplied to the IRS. Certain persons are exempt from backup withholding, including, in certain circumstances, corporations and financial institutions.

In addition, in the case of any holders of claims or beneficiaries of a liquidating trust that are *not* U.S. persons, the Debtors or the trustee of the liquidating trust may be required to withhold up to 30% of the income or proceeds allocable to such persons, depending on the circumstances (including whether the type of income is subject to a lower treaty rate). Such withholding is not necessarily dependent (particularly in the case of a liquidating trust) on the distribution of cash or other proceeds. The Debtors or the trustee of the liquidating trust may also place such withholding in an escrow pending a determination as to whether the withholding is required under applicable law.

To avoid unnecessary withholding, **each U.S. holder is required to properly complete and return the Substitute Form W-9 included at the end of this Ballot,** certifying that such holder is a U.S. person, that the TIN provided is correct, and that such holder is not subject to backup withholding, as per its instructions. Exempt persons should indicate their exempt status on the Substitute Form W-9 as per its instructions. **Each non-U.S. holder is required to complete and return the applicable IRS Form W-8** (W-8BEN, W-8ECI or W-8IMY, as applicable), signed under penalties of perjury, certifying the holder's foreign status. These forms may be obtained from the IRS website (*http://www.irs.gov*). Holders should consult their tax advisors as to any qualification for exemption from backup withholding, or a lower rate of U.S. withholding under an applicable treaty or exemption, and the procedure for obtaining such exemption.

ITEM 4.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Debtors' Disclosure Statement for the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated June 29, 2011 (as it may be amended or modified, the "<u>Disclosure Statement</u>"), including all exhibits thereto. The undersigned certifies that (i) it is the holder of the Claim identified in Item 1 above or (ii) it has full power and authority to vote to accept or reject the Plan on behalf of the holder of the Claim identified in Item 1 above. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

[BALLOT CODE]
General Ballot A Form

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

Name of Debtors and Case Numbers

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

[BALLOT CODE]
General Ballot A Form

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR HOLDERS OF [_____] CLAIMS**

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the "Plan").  The terms of the Plan are described in the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated June 29, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto.  All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed to such terms in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.      The Plan will be accepted by a class if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in such class voting on the Plan.  In the event that your class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of claims in your class and all other classes of claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtors will be bound by the terms of the confirmed Plan and the transactions contemplated thereby, whether or not they vote to accept the Plan and whether or not they vote on the Plan at all.

3.      **To have your vote counted, you must complete, sign, and return this Ballot to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is received by the Voting Agent by no later than 4:00 p.m. (Eastern Time) on [November 4], 2011 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.**  Ballots must be delivered either by mail with the enclosed envelope or to the Voting Agent at the following address:

<u>If by mail:</u>

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
FDR STATION, P.O. BOX 5014
NEW YORK, NEW YORK 10150-5014

<u>If by hand delivery or courier:</u>

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017

**Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

4.      To properly complete the Ballot, you must follow the procedures described below:

    a.   make sure that the information contained in Item 1 is correct;

    b.   if you have a Claim identified in Item 1, cast your vote to accept or reject the Plan by checking the appropriate box in Item 2;

    c.   if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing (and, if requested, submit satisfactory evidence of

[BALLOT CODE]
General Ballot A Form

your authority to so act, <u>e.g.</u>, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.  if you also hold claim(s) in a class other than the class specified in Item 1, you may receive more than one Ballot, each labeled for a different class of claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot;

e.  if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

f.  provide your name and mailing address;

g.  sign and date your Ballot; and

h.  return your Ballot with an original signature to the Voting Agent.


IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

[BALLOT CODE]
General Ballot A Form

**TO BE COMPLETED BY ALL U.S. HOLDERS**

PAYOR:

| **SUBSTITUTE**<br><br>**Form W-9**<br><br>**Department of the Treasury Internal Revenue Service (IRS)**<br><br>**Request for Taxpayer Identification Number (TIN) and Certification** | **Name:**<br><br>**Address:**<br><br>_____<br>_____<br>_____<br>_____ | **Check appropriate box:**<br><br>Individual/Sole Proprietor ☐<br>Partnership ☐<br>Limited Liability Company ☐<br>  enter tax classification:<br>  (S = S Corporation,<br>  C = Corporation, P = Partnership) ____<br>Corporation ☐<br>Other (specify) ☐<br>_____<br>_____ |
|---|---|---|
| | **PART I.** Please provide your taxpayer identification number in the space at right. If awaiting TIN, write "Applied For" in space at right and complete the Certificate of Awaiting Taxpayer Identification Number below. | SSN or EIN:<br><br>_____ |
| | **PART II:** For Payees exempt from backup withholding, see the enclosed "Guidelines for Certification of Taxpayer Identification Number on Substitute Form W-9" and complete as instructed therein.   Exempt from Backup Withholding ☐ | |
| | **PART III: CERTIFICATION** Under penalties of perjury, I certify that:<br><br>(1)   The number shown on this form is my correct Taxpayer Identification Number (or, as indicated, I am waiting for a number to be issued to me);<br>(2)   I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and<br>(3)   I am a U.S. citizen or other U.S. person (including a U.S. resident alien).<br><br>**Certification Instructions**—You must cross out item (2) above if you have been notified by the IRS that you are subject to backup withholding because you have failed to report all interest or dividends on your tax return. However, if after being notified by the IRS that you were subject to backup withholding you received another notification from the IRS that you are no longer subject to backup withholding, do not cross out item (2). | |

Signature: _____ Date: _____, 2011

**YOU MUST COMPLETE THE FOLLOWING CERTIFICATE**
**IF YOU WROTE "APPLIED FOR" IN PART I**
**OF THIS SUBSTITUTE FORM W-9 CERTIFICATE**

---

**CERTIFICATE OF AWAITING TAXPAYER IDENTIFICATION NUMBER**

     I certify under penalties of perjury that a taxpayer identification number has not been issued to me, and either (a) I have mailed or delivered an application to receive a taxpayer identification number to the appropriate Internal Revenue Service Center or Social Security Administration Office or (b) I intend to mail or deliver an application in the near future. I understand that if I do not provide my Taxpayer Identification Number by the time of payment, 28% of all reportable payments made to me will be withheld.

Signature: _____ Date: _____

---

NOTE:    **FAILURE TO COMPLETE AND RETURN THIS FORM MAY RESULT IN BACKUP WITHHOLDING OF 28% OF ANY PAYMENTS MADE TO YOU PURSUANT TO THE PLAN.  PLEASE REVIEW THE ENCLOSED GUIDELINES FOR CERTIFICATION OF TAXPAYER IDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9 FOR ADDITIONAL DETAILS.**

[BALLOT CODE]
General Ballot A Form

## GUIDELINES FOR CERTIFICATION OF TAXPAYER
## IDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9

**Guidelines for Determining the Proper Identification Number to Give the Payer**—Social Security numbers have nine digits separated by two hyphens: i.e., 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. Employer identification numbers have nine digits separated by only one hyphen: i.e., 00-0000000. The table below will help determine the number to give the payer.

| For this type of account | Give the NAME and SOCIAL SECURITY number of: | For this type of account | Give the NAME and EMPLOYER IDENTIFICATION number of: |
|---|---|---|---|
| 1.  An individual | The individual | 6.  Sole proprietorship or disregarded entity not owned by an individual | The owner |
| 2.  Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account(1) | 7.  A valid trust, estate, or pension trust | The legal entity(4) |
| 3.  Custodian account of a minor (Uniform Gift to Minors Act) | The minor(2) | 8.  Corporate or LLC electing corporate status on Form 8832 | The corporation |
| 4.  a.  The usual revocable savings trust (grantor is also trustee) | The grantor-trustee(1) | 9.  Association, club, religious, charitable, educational or other tax exempt organization | The organization |
| b.  So-called trust account that is not a legal or valid trust under state law | The actual owner(1) | 10. Partnership or multimember LLC | The partnership |
| 5.  Sole proprietorship or disregarded entity owned by an individual | The owner(3) | 11. A broker or registered nominee | The broker or nominee |
| | | 12. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district or prison) that receives agricultural program payments | The public entity |

(1)  List first and circle the name of the person whose number you furnish. If only one person on a joint account has a social security number, that person's number must be furnished.

(2)  Circle the minor's name and furnish the minor's social security number.

(3)  If you are an individual, you must show your individual name and you may also enter your business or "DBA" name. You may use either your social security number or employer identification number (if you have one), but the IRS encourages you to use your social security number.

(4)  List first and circle the name of the trust, estate or pension trust. (Do not furnish the identifying number of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

[BALLOT CODE]
General Ballot A Form

**How to Obtain a TIN**

If you do not have a taxpayer identification number or you do not know your number, obtain Form SS-5, Application for a Social Security Number Card, at the local office of the Social Security Administration (or the website www.ssa.gov) and apply for a social security number, or obtain Form W-7, Application for IRS Individual Taxpayer Identification Number, or Form SS-4, Application for Employer Identification Number, at the local office of the Internal Revenue Service ("_IRS_") (or the website www.irs.gov) and apply for an individual taxpayer identification number or employer identification number, as applicable.

CAUTION:  A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.

**Payees Exempt from Backup Withholding**

Payees specifically exempted from backup withholding on all payments include the following:

1.  An organization exempt from tax under section 501(a) of the Internal Revenue IRC of 1986, as amended (the "_IRC_"), an individual retirement plan, or a custodial account under section 403(b)(7) of the IRC if the account satisfies the requirements of section 401(f)(2) of the IRC.

2.  The United States or any of its agencies or instrumentalities.

3.  A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities.

4.  A foreign government or any of its political subdivisions, agencies or instrumentalities.

5.  An international organization or any of its agencies or instrumentalities.

Other payees that may be exempt from backup withholding include:

6.  A corporation.

7.  A foreign central bank of issue.

8.  A dealer in securities or commodities required to register in the United States, the District of Columbia or a possession of the United States.

9.  A futures commission merchant registered with the Commodity Futures Trading Commission.

10. A real estate investment trust.

11. An entity registered at all times during the tax year under the Investment Company Act of 1940, as amended.

12. A common trust fund operated by a bank under section 584(a) of the IRC.

13. A financial institution.

14. A middleman known in the investment community as a nominee or custodian.

15. A trust exempt from tax under section 664 of the IRC or described in section 4947 of the IRC.

Payments of dividends and patronage dividends not generally subject to backup withholding include the following:

- Payments to nonresident aliens subject to withholding under section 1441 of the IRC.

[BALLOT CODE]
General Ballot A Form

- Payments to partnerships not engaged in a trade or business in the United States and that have at least one non-resident alien partner.

- Payments of patronage dividends not paid in money.

- Payments made by certain foreign organizations.

The chart below shows two of the types of payments that may be exempt from backup withholding. The chart applies to the exempt recipients listed above, 1 through 15.

| IF the payment is for ... | THEN the payment is exempt for ... |
|---|---|
| Interest and dividend payments | All exempt recipients except for 9 |
| Broker transactions | Exempt recipients 1 through 13; also, a person who regularly acts as a broker and who is registered under the Investment Advisers Act of 1940, as amended |

**Exempt payees should file the Substitute Form W-9 to avoid possible erroneous backup withholding.** ENTER YOUR NAME ON THE APPROPRIATE LINE AND CHECK THE APPROPRIATE BOX FOR YOUR STATUS, THEN CHECK THE "EXEMPT PAYEE" BOX, SIGN AND DATE THE FORM, AND RETURN IT TO THE PAYER. Foreign payees who are not subject to backup withholding should complete the appropriate IRS Form W-8 and return it to the payer.

[BALLOT CODE]
General Ballot A Form

**Privacy Act Notice**

Section 6109 of the IRC requires most recipients of dividend, interest or other payments to give their correct taxpayer identification numbers to payers who must report the payments to the IRS. The IRS uses the numbers for identification purposes and to help verify the accuracy of tax returns. It may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, the District of Columbia and U.S. possessions to carry out their tax laws. It may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, and to federal law enforcement and intelligence agencies to combat terrorism.

Payees must provide payers with their taxpayer identification numbers whether or not they are required to file tax returns. Payers must generally withhold 28% of taxable interest, dividend and certain other payments to a payee who does not furnish a taxpayer identification number to a payer. Certain penalties may also apply.

**Penalties**

1. **Penalty for Failure to Furnish Taxpayer Identification Number** — If you fail to furnish your correct taxpayer identification number to a payer, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

2. **Civil Penalty for False Information With Respect to Withholding** — If you make a false statement with no reasonable basis which results in no imposition of backup withholding, you are subject to a penalty of $500.

3. **Criminal Penalty for Falsifying Information** — Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

4. **Misuse of TINs —** If the requestor discloses or uses TINs in violation of federal law, the requestor may be subject to civil and criminal penalties.

**FOR ADDITIONAL INFORMATION, CONTACT YOUR TAX CONSULTANT OR
THE INTERNAL REVENUE SERVICE.**

[BALLOT CODE]
General Ballot A Form

## Exhibit 3B

**General Ballot B Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                         :

In re                               :     **Chapter 11 Case No.**

                                         :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :     **08-13555 (JMP)**

                                         :

                 **Debtors.**         :     **(Jointly Administered)**

                                         :
-------------------------------------------------------------------x

**BALLOT FOR SECOND AMENDED JOINT CHAPTER 11 PLAN OF**
**LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

**BALLOT FOR [_____] CLAIMS**

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), each of which is identified below, are soliciting votes with respect to the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the "Plan"), from the holders of certain claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**.

        This Ballot is to be used for voting by holders of [_____] Claims.  **In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, FDR Station, P.O. Box 5014, New York, New York 10150-5014, by no later than 4:00 p.m. (Eastern Time) on [November 4], 2011 (the "Voting Deadline"), unless such time is extended by the Debtors.**

        This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of claims or distribution.

        PLEASE COMPLETE THE FOLLOWING:

        ITEM 1.  **Amount of [_____] Claim(s).**  For purposes of voting to accept or reject the

Plan, as of [August 1], 2011 (the "Record Date") the undersigned was a holder of [_____]

Claim(s) (the "Claim(s)") in the aggregate amount set forth below.

Class:        _____

Claim Amount:  $_____

Debtor:      _____

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

ITEM 2.  **Vote on the Plan.**  The undersigned holder of the Claim(s) identified in Item 1 above hereby votes to:

<u>Check one box</u>:    ☐    Accept the Plan

☐    Reject the Plan

ITEM 3.  **OPTIONAL – Convenience Class Election.**  By checking the box below, you elect to have your Claim (if Allowed) reduced to $50,000 and be treated as a Convenience Claim against the Debtors, meaning that you will receive your Distribution in full on the Effective Date of the Plan or such later date when your Claim is Allowed, or as soon thereafter as is practicable.

☐    Elect to have Claim treated as a Convenience Claim

ITEM 4.  **Important Tax Information Required – Potential Withholding.**  Distributions to holders of Claims by the Debtors or a liquidating trustee, and any subsequent amounts received by the Debtors or a liquidating trust allocable to a holder, are subject to any applicable tax withholding.

Under U.S. federal income tax law, interest and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable backup withholding rate (currently 28%). Backup withholding generally applies if the holder (a) fails to furnish its social security number or other taxpayer identification number ("**_TIN_**"), (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is its correct number and that it is a United States person that is not subject to backup withholding. Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax and the appropriate information is supplied to the IRS. Certain persons are exempt from backup withholding, including, in certain circumstances, corporations and financial institutions.

In addition, in the case of any holders of claims or beneficiaries of a liquidating trust that are *not* U.S. persons, the Debtors or the trustee of the liquidating trust may be required to withhold up to 30% of the income or proceeds allocable to such persons, depending on the circumstances (including whether the type of income is subject to a lower treaty rate). Such withholding is not necessarily dependent (particularly in the case of a liquidating trust) on the distribution of cash or other proceeds. The Debtors or the trustee of the liquidating trust may also place such withholding in an escrow pending a determination as to whether the withholding is required under applicable law.

To avoid unnecessary withholding, **each U.S. holder is required to properly complete and return the Substitute Form W-9 included at the end of this Ballot,** certifying that such holder is a U.S. person, that the TIN provided is correct, and that such holder is not subject to backup withholding, as per its instructions. Exempt persons should indicate their exempt status on the Substitute Form W-9 as per its instructions. **Each non-U.S. holder is required to complete and return the applicable IRS Form W-8** (W-8BEN, W-8ECI or W-8IMY, as applicable), signed under penalties of perjury, certifying the holder's foreign status. These forms may be obtained from the IRS website (*http://www.irs.gov*). Holders should consult their tax advisors as to any qualification for exemption from backup withholding, or a lower rate of U.S. withholding under an applicable treaty or exemption, and the procedure for obtaining such exemption.

ITEM 5.  **Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated June 29, 2011 (as it may be amended or modified, the "<u>Disclosure Statement</u>"), including all exhibits thereto. The undersigned certifies that (i) it is the holder of the Claim identified in Item 1 above or (ii) it has full power and authority to vote to accept or reject the Plan on behalf of the holder of the Claim identified in Item 1 above. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

<u>Name of Debtors and Case Numbers</u>

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

4

**VOTING INSTRUCTIONS FOR COMPLETING THE**
**BALLOT FOR HOLDERS OF [_____] CLAIMS**

1.　　This Ballot is submitted to you to solicit your vote to accept or reject the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the "Plan").  The terms of the Plan are described in the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated June 29, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto.  All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed to such terms in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.　　The Plan will be accepted by a class if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in such class voting on the Plan.  In the event that your class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of claims in your class and all other classes of claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtors will be bound by the terms of the confirmed Plan and the transactions contemplated thereby, whether or not they vote to accept the Plan and whether or not they vote on the Plan at all.

3.　　**To have your vote counted, you must complete, sign, and return this Ballot to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is received by the Voting Agent by no later than 4:00 p.m. (Eastern Time) on [November 4], 2011 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.**  Ballots must be delivered either by mail with the enclosed envelope or to the Voting Agent at the following address:

<div align="center">

If by mail:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
FDR STATION, P.O. BOX 5014
NEW YORK, NEW YORK 10150-5014

If by hand delivery or courier:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017

</div>

**Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

4.　　To properly complete the Ballot, you must follow the procedures described below:

　　a.　make sure that the information contained in Item 1 is correct;

　　b.　if you have a Claim identified in Item 1, cast your vote to accept or reject the Plan by checking the appropriate box in Item 2;

　　c.　if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing (and, if requested, submit satisfactory evidence of

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

your authority to so act, <u>e.g.</u>, a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.   if you also hold claim(s) in a class other than the class specified in Item 1, you may receive more than one Ballot, each labeled for a different class of claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot;

e.   if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

f.   provide your name and mailing address;

g.   sign and date your Ballot; and

h.   return your Ballot with an original signature to the Voting Agent.


   IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

**TO BE COMPLETED BY ALL U.S. HOLDERS**

PAYOR:

| SUBSTITUTE<br><br>Form **W-9**<br><br>Department of the Treasury Internal Revenue Service (IRS)<br><br>Request for Taxpayer Identification Number (TIN) and Certification | Name: _____<br><br>Address:<br>_____<br>_____<br>_____<br>_____ | Check appropriate box:<br><br>Individual/Sole Proprietor ☐<br>Partnership ☐<br>Limited Liability Company ☐<br>  enter tax classification:<br>  (S = S Corporation,<br>  C = Corporation, P = Partnership) ____<br>Corporation ☐<br>Other (specify) ☐<br>_____<br>_____ |
|---|---|---|
| | **PART I.**   Please provide your taxpayer identification number in the space at right. If awaiting TIN, write "Applied For" in space at right and complete the Certificate of Awaiting Taxpayer Identification Number below. | SSN or EIN:<br><br>_____ |
| | **PART II:** For Payees exempt from backup withholding, see the enclosed "Guidelines for Certification of Taxpayer Identification Number on Substitute Form W-9" and complete as instructed therein.        Exempt from Backup Withholding ☐ | |
| | **PART III:  CERTIFICATION** Under penalties of perjury, I certify that:<br><br>(1)   The number shown on this form is my correct Taxpayer Identification Number (or, as indicated, I am waiting for a number to be issued to me);<br>(2)   I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and<br>(3)   I am a U.S. citizen or other U.S. person (including a U.S. resident alien).<br><br>**Certification Instructions**—You must cross out item (2) above if you have been notified by the IRS that you are subject to backup withholding because you have failed to report all interest or dividends on your tax return. However, if after being notified by the IRS that you were subject to backup withholding you received another notification from the IRS that you are no longer subject to backup withholding, do not cross out item (2). | |
| Signature: _____   Date: _____, 2011 | | |

**YOU MUST COMPLETE THE FOLLOWING CERTIFICATE**
**IF YOU WROTE "APPLIED FOR" IN PART I**
**OF THIS SUBSTITUTE FORM W-9 CERTIFICATE**

---

**CERTIFICATE OF AWAITING TAXPAYER IDENTIFICATION NUMBER**

        I certify under penalties of perjury that a taxpayer identification number has not been issued to me, and either (a) I have mailed or delivered an application to receive a taxpayer identification number to the appropriate Internal Revenue Service Center or Social Security Administration Office or (b) I intend to mail or deliver an application in the near future. I understand that if I do not provide my Taxpayer Identification Number by the time of payment, 28% of all reportable payments made to me will be withheld.

Signature: _____   Date: _____

---

NOTE:    **FAILURE TO COMPLETE AND RETURN THIS FORM MAY RESULT IN BACKUP WITHHOLDING OF 28% OF ANY PAYMENTS MADE TO YOU PURSUANT TO THE PLAN.  PLEASE REVIEW THE ENCLOSED GUIDELINES FOR CERTIFICATION OF TAXPAYER IDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9 FOR ADDITIONAL DETAILS.**

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

## GUIDELINES FOR CERTIFICATION OF TAXPAYER
## IDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9

**Guidelines for Determining the Proper Identification Number to Give the Payer**—Social Security numbers have nine digits separated by two hyphens: i.e., 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. Employer identification numbers have nine digits separated by only one hyphen: i.e., 00-0000000. The table below will help determine the number to give the payer.

| For this type of account | Give the NAME and SOCIAL SECURITY number of: | For this type of account | Give the NAME and EMPLOYER IDENTIFICATION number of: |
|---|---|---|---|
| 1.   An individual | The individual | 6.   Sole proprietorship or disregarded entity not owned by an individual | The owner |
| 2.   Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account(1) | 7.   A valid trust, estate, or pension trust | The legal entity(4) |
| 3.   Custodian account of a minor (Uniform Gift to Minors Act) | The minor(2) | 8.   Corporate or LLC electing corporate status on Form 8832 | The corporation |
| 4.   a.   The usual revocable savings trust (grantor is also trustee) | The grantor-trustee(1) | 9.   Association, club, religious, charitable, educational or other tax exempt organization | The organization |
| b.   So-called trust account that is not a legal or valid trust under state law | The actual owner(1) | 10.   Partnership or multimember LLC | The partnership |
| 5.   Sole proprietorship or disregarded entity owned by an individual | The owner(3) | 11.   A broker or registered nominee | The broker or nominee |
| | | 12.   Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district or prison) that receives agricultural program payments | The public entity |

(1)   List first and circle the name of the person whose number you furnish. If only one person on a joint account has a social security number, that person's number must be furnished.

(2)   Circle the minor's name and furnish the minor's social security number.

(3)   If you are an individual, you must show your individual name and you may also enter your business or "DBA" name. You may use either your social security number or employer identification number (if you have one), but the IRS encourages you to use your social security number.

(4)   List first and circle the name of the trust, estate or pension trust. (Do not furnish the identifying number of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

4

**How to Obtain a TIN**

If you do not have a taxpayer identification number or you do not know your number, obtain Form SS-5, Application for a Social Security Number Card, at the local office of the Social Security Administration (or the website www.ssa.gov) and apply for a social security number, or obtain Form W-7, Application for IRS Individual Taxpayer Identification Number, or Form SS-4, Application for Employer Identification Number, at the local office of the Internal Revenue Service ("_IRS_") (or the website www.irs.gov) and apply for an individual taxpayer identification number or employer identification number, as applicable.

CAUTION:  A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.

**Payees Exempt from Backup Withholding**

Payees specifically exempted from backup withholding on all payments include the following:

16.   An organization exempt from tax under section 501(a) of the Internal Revenue IRC of 1986, as amended (the "_IRC_"), an individual retirement plan, or a custodial account under section 403(b)(7) of the IRC if the account satisfies the requirements of section 401(f)(2) of the IRC.

17.   The United States or any of its agencies or instrumentalities.

18.   A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities.

19.   A foreign government or any of its political subdivisions, agencies or instrumentalities.

20.   An international organization or any of its agencies or instrumentalities.

Other payees that may be exempt from backup withholding include:

21.   A corporation.

22.   A foreign central bank of issue.

23.   A dealer in securities or commodities required to register in the United States, the District of Columbia or a possession of the United States.

24.   A futures commission merchant registered with the Commodity Futures Trading Commission.

25.   A real estate investment trust.

26.   An entity registered at all times during the tax year under the Investment Company Act of 1940, as amended.

27.   A common trust fund operated by a bank under section 584(a) of the IRC.

28.   A financial institution.

29.   A middleman known in the investment community as a nominee or custodian.

30.   A trust exempt from tax under section 664 of the IRC or described in section 4947 of the IRC.

Payments of dividends and patronage dividends not generally subject to backup withholding include the following:

- Payments to nonresident aliens subject to withholding under section 1441 of the IRC.

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

5

- Payments to partnerships not engaged in a trade or business in the United States and that have at least one non-resident alien partner.

- Payments of patronage dividends not paid in money.

- Payments made by certain foreign organizations.

The chart below shows two of the types of payments that may be exempt from backup withholding. The chart applies to the exempt recipients listed above, 1 through 15.

| IF the payment is for ... | THEN the payment is exempt for ... |
|---|---|
| Interest and dividend payments | All exempt recipients except for 9 |
| Broker transactions | Exempt recipients 1 through 13; also, a person who regularly acts as a broker and who is registered under the Investment Advisers Act of 1940, as amended |

**Exempt payees should file the Substitute Form W-9 to avoid possible erroneous backup withholding.** ENTER YOUR NAME ON THE APPROPRIATE LINE AND CHECK THE APPROPRIATE BOX FOR YOUR STATUS, THEN CHECK THE "EXEMPT PAYEE" BOX, SIGN AND DATE THE FORM, AND RETURN IT TO THE PAYER. Foreign payees who are not subject to backup withholding should complete the appropriate IRS Form W-8 and return it to the payer.

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

**Privacy Act Notice**

Section 6109 of the IRC requires most recipients of dividend, interest or other payments to give their correct taxpayer identification numbers to payers who must report the payments to the IRS. The IRS uses the numbers for identification purposes and to help verify the accuracy of tax returns. It may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, the District of Columbia and U.S. possessions to carry out their tax laws. It may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, and to federal law enforcement and intelligence agencies to combat terrorism.

Payees must provide payers with their taxpayer identification numbers whether or not they are required to file tax returns. Payers must generally withhold 28% of taxable interest, dividend and certain other payments to a payee who does not furnish a taxpayer identification number to a payer. Certain penalties may also apply.

**Penalties**

5. **Penalty for Failure to Furnish Taxpayer Identification Number** — If you fail to furnish your correct taxpayer identification number to a payer, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

6. **Civil Penalty for False Information With Respect to Withholding** — If you make a false statement with no reasonable basis which results in no imposition of backup withholding, you are subject to a penalty of $500.

7. **Criminal Penalty for Falsifying Information** — Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

8. **Misuse of TINs** — If the requestor discloses or uses TINs in violation of federal law, the requestor may be subject to civil and criminal penalties.

**FOR ADDITIONAL INFORMATION, CONTACT YOUR TAX CONSULTANT OR
THE INTERNAL REVENUE SERVICE.**

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

7

**<u>Exhibit 3C</u>**

**Secured Ballot Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (JMP)**
                                              :
                        **Debtors.**           :    **(Jointly Administered)**
                                              :
------------------------------------------------------------------x

**BALLOT FOR SECOND AMENDED JOINT CHAPTER 11 PLAN OF**
**LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

**BALLOT FOR CLASS 2 SECURED CLAIMS**

       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), each of which is identified below, are soliciting votes with respect to the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the "Plan"), from the holders of certain claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**.

       This Ballot is to be used for voting by holders of Class 2 Secured Claims.  **In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, FDR Station, P.O. Box 5014, New York, New York 10150-5014, by no later than 4:00 p.m. (Eastern Time) on [November 4], 2011 (the "Voting Deadline"), unless such time is extended by the Debtors.**

       This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of claims or distribution.

       PLEASE COMPLETE THE FOLLOWING:

       ITEM 1.  **Amount of Class 2 Secured Claim(s).**  For purposes of voting to accept or reject the Plan, as of [August 1], 2011 (the "Record Date") the undersigned was a holder of Class 2 Secured Claim(s) in the aggregate amount set forth below.

| | |
|---|---|
| Class 2 Claim(s): | $_____ |
| Debtor: | _____ |

[BALLOT CODE]
Class 2 Ballot

ITEM 2. **Vote on the Plan.** The undersigned holder of Secured Claim(s) identified in Item 1 above hereby votes to:

<u>Check one box:</u>　　　☐　　　Accept the Plan

　　　　　　　　　　　☐　　　Reject the Plan

ITEM 3. **Important Tax Information Required – Potential Withholding.** Distributions to holders of Claims by the Debtors or a liquidating trustee, and any subsequent amounts received by the Debtors or a liquidating trust allocable to a holder, are subject to any applicable tax withholding.

Under U.S. federal income tax law, interest and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable backup withholding rate (currently 28%). Backup withholding generally applies if the holder (a) fails to furnish its social security number or other taxpayer identification number ("**_TIN_**"), (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is its correct number and that it is a United States person that is not subject to backup withholding. Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax and the appropriate information is supplied to the IRS. Certain persons are exempt from backup withholding, including, in certain circumstances, corporations and financial institutions.

In addition, in the case of any holders of claims or beneficiaries of a liquidating trust that are *not* U.S. persons, the Debtors or the trustee of the liquidating trust may be required to withhold up to 30% of the income or proceeds allocable to such persons, depending on the circumstances (including whether the type of income is subject to a lower treaty rate). Such withholding is not necessarily dependent (particularly in the case of a liquidating trust) on the distribution of cash or other proceeds. The Debtors or the trustee of the liquidating trust may also place such withholding in an escrow pending a determination as to whether the withholding is required under applicable law.

To avoid unnecessary withholding, **each U.S. holder is required to properly complete and return the Substitute Form W-9 included at the end of this Ballot,** certifying that such holder is a U.S. person, that the TIN provided is correct, and that such holder is not subject to backup withholding, as per its instructions. Exempt persons should indicate their exempt status on the Substitute Form W-9 as per its instructions. **Each non-U.S. holder is required to complete and return the applicable IRS Form W-8** (W-8BEN, W-8ECI or W-8IMY, as applicable), signed under penalties of perjury, certifying the holder's foreign status. These forms may be obtained from the IRS website (*http:/www.irs.gov*). Holders should consult their tax advisors as to any qualification for exemption from backup withholding, or a lower rate of U.S. withholding under an applicable treaty or exemption, and the procedure for obtaining such exemption.

ITEM 4. **Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code for the Plan, dated June 29, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto. The undersigned certifies that (i) it is the holder of the Secured Claim identified in Item 1 above or (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

[BALLOT CODE]
Class 2 Ballot

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

### Name of Debtors and Case Numbers

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

[BALLOT CODE]
Class 2 Ballot

## VOTING INSTRUCTIONS FOR COMPLETING THE
## BALLOT FOR HOLDERS OF CLASS 2 SECURED CLAIMS

5.      This Ballot is submitted to you to solicit your vote to accept or reject the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the "Plan").  The terms of the Plan are described in the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code for the Plan, dated June 29, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto.  All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed to such terms in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

6.      The Plan will be accepted by a class if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in such class voting on the Plan.  In the event that such class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of claims in such class and all other classes of claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtors will be bound by the terms of the confirmed Plan and the transactions contemplated thereby, whether or not they vote to accept the Plan and whether or not they vote on the Plan at all.

7.      **To have your vote counted, you must complete, sign, and return this Ballot to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is received by the Voting Agent by no later than 4:00 p.m. (Eastern Time) on [November 4], 2011 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.**  Ballots must be delivered either by mail with the enclosed envelope or to the Voting Agent at the following address:

<div align="center">

If by mail:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
FDR STATION, P.O. BOX 5014
NEW YORK, NEW YORK 10150-5014

If by hand delivery or courier:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017

</div>

**Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

8.      To properly complete the Ballot, you must follow the procedures described below:

    a.    make sure that the information contained in Item 1 is correct;

    b.    if you have a Secured Claim identified in Item 1, cast your vote to accept or reject the Plan by checking the appropriate box in Item 2;

    c.    if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing (and, if requested, submit satisfactory evidence of

[BALLOT CODE]
Class 2 Ballot

your authority to so act, e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

d.   if you also hold claims in a class other than the classes specified in Item 1, you may receive more than one Ballot, labeled for a different class of claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot;

e.   if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

f.   provide your name and mailing address;

g.   sign and date your Ballot; and

h.   return your Ballot with an original signature to the Voting Agent.


IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

[BALLOT CODE]
Class 2 Ballot

**TO BE COMPLETED BY ALL U.S. HOLDERS**

PAYOR:

| SUBSTITUTE<br><br>Form **W-9**<br><br>**Department of the Treasury<br>Internal Revenue Service<br>(IRS)**<br><br>**Request for Taxpayer<br>Identification Number<br>(TIN) and Certification** | Name:<br><br><br>Address:<br><br>_____<br><br>_____<br><br>_____<br><br>_____ | Check appropriate box:<br><br>Individual/Sole Proprietor ☐<br>Partnership ☐<br>Limited Liability Company ☐<br>    enter tax classification:<br>    (S = S Corporation,<br>    C = Corporation, P = Partnership) ____<br>Corporation ☐<br>Other (specify) ☐<br>_____<br><br>_____ |
| | PART I.    Please provide your taxpayer identification number in the space at right. If awaiting TIN, write "Applied For" in space at right and complete the Certificate of Awaiting Taxpayer Identification Number below. | SSN or EIN:<br><br><br>_____ |
| | PART II:  For Payees exempt from backup withholding, see the enclosed "Guidelines for Certification of Taxpayer Identification Number on Substitute Form W-9" and complete as instructed therein.      Exempt from Backup Withholding ☐ | |
| | PART III:  **CERTIFICATION** Under penalties of perjury, I certify that:<br><br>(1)   The number shown on this form is my correct Taxpayer Identification Number (or, as indicated, I am waiting for a number to be issued to me);<br>(2)   I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and<br>(3)   I am a U.S. citizen or other U.S. person (including a U.S. resident alien).<br><br>**Certification Instructions**—You must cross out item (2) above if you have been notified by the IRS that you are subject to backup withholding because you have failed to report all interest or dividends on your tax return. However, if after being notified by the IRS that you were subject to backup withholding you received another notification from the IRS that you are no longer subject to backup withholding, do not cross out item (2). | |
| | Signature: _____ Date: _____, 2011 | |

**YOU MUST COMPLETE THE FOLLOWING CERTIFICATE<br>IF YOU WROTE "APPLIED FOR" IN PART I<br>OF THIS SUBSTITUTE FORM W-9 CERTIFICATE**

| **CERTIFICATE OF AWAITING TAXPAYER IDENTIFICATION NUMBER** |
| --- |
|        I certify under penalties of perjury that a taxpayer identification number has not been issued to me, and either (a) I have mailed or delivered an application to receive a taxpayer identification number to the appropriate Internal Revenue Service Center or Social Security Administration Office or (b) I intend to mail or deliver an application in the near future. I understand that if I do not provide my Taxpayer Identification Number by the time of payment, 28% of all reportable payments made to me will be withheld.<br><br>Signature: _____ Date: _____ |

**NOTE:    FAILURE TO COMPLETE AND RETURN THIS FORM MAY RESULT IN BACKUP WITHHOLDING OF 28% OF ANY PAYMENTS MADE TO YOU PURSUANT TO THE PLAN.  PLEASE REVIEW THE ENCLOSED GUIDELINES FOR CERTIFICATION OF TAXPAYER IDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9 FOR ADDITIONAL DETAILS.**

[BALLOT CODE]
Class 2 Ballot

## GUIDELINES FOR CERTIFICATION OF TAXPAYER
## IDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9

**Guidelines for Determining the Proper Identification Number to Give the Payer**—Social Security numbers have nine digits separated by two hyphens: i.e., 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. Employer identification numbers have nine digits separated by only one hyphen: i.e., 00-0000000. The table below will help determine the number to give the payer.

| For this type of account | Give the NAME and SOCIAL SECURITY number of: | For this type of account | Give the NAME and EMPLOYER IDENTIFICATION number of: |
|---|---|---|---|
| 1.  An individual | The individual | 6.  Sole proprietorship or disregarded entity not owned by an individual | The owner |
| 2.  Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account(1) | 7.  A valid trust, estate, or pension trust | The legal entity(4) |
| 3.  Custodian account of a minor (Uniform Gift to Minors Act) | The minor(2) | 8.  Corporate or LLC electing corporate status on Form 8832 | The corporation |
| 4.   a.  The usual revocable savings trust (grantor is also trustee) | The grantor-trustee(1) | 9.  Association, club, religious, charitable, educational or other tax exempt organization | The organization |
| b.  So-called trust account that is not a legal or valid trust under state law | The actual owner(1) | 10. Partnership or multimember LLC | The partnership |
| 5.  Sole proprietorship or disregarded entity owned by an individual | The owner(3) | 11. A broker or registered nominee | The broker or nominee |
| | | 12. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district or prison) that receives agricultural program payments | The public entity |

(1)  List first and circle the name of the person whose number you furnish. If only one person on a joint account has a social security number, that person's number must be furnished.

(2)  Circle the minor's name and furnish the minor's social security number.

(3)  If you are an individual, you must show your individual name and you may also enter your business or "DBA" name. You may use either your social security number or employer identification number (if you have one), but the IRS encourages you to use your social security number.

(4)  List first and circle the name of the trust, estate or pension trust. (Do not furnish the identifying number of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

[BALLOT CODE]
Class 2 Ballot

4

**How to Obtain a TIN**

If you do not have a taxpayer identification number or you do not know your number, obtain Form SS-5, Application for a Social Security Number Card, at the local office of the Social Security Administration (or the website www.ssa.gov) and apply for a social security number, or obtain Form W-7, Application for IRS Individual Taxpayer Identification Number, or Form SS-4, Application for Employer Identification Number, at the local office of the Internal Revenue Service ("_IRS_") (or the website www.irs.gov) and apply for an individual taxpayer identification number or employer identification number, as applicable.

CAUTION:  A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.

**Payees Exempt from Backup Withholding**

Payees specifically exempted from backup withholding on all payments include the following:

31.  An organization exempt from tax under section 501(a) of the Internal Revenue IRC of 1986, as amended (the "_IRC_"), an individual retirement plan, or a custodial account under section 403(b)(7) of the IRC if the account satisfies the requirements of section 401(f)(2) of the IRC.

32.  The United States or any of its agencies or instrumentalities.

33.  A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities.

34.  A foreign government or any of its political subdivisions, agencies or instrumentalities.

35.  An international organization or any of its agencies or instrumentalities.

Other payees that may be exempt from backup withholding include:

36.  A corporation.

37.  A foreign central bank of issue.

38.  A dealer in securities or commodities required to register in the United States, the District of Columbia or a possession of the United States.

39.  A futures commission merchant registered with the Commodity Futures Trading Commission.

40.  A real estate investment trust.

41.  An entity registered at all times during the tax year under the Investment Company Act of 1940, as amended.

42.  A common trust fund operated by a bank under section 584(a) of the IRC.

43.  A financial institution.

44.  A middleman known in the investment community as a nominee or custodian.

45.  A trust exempt from tax under section 664 of the IRC or described in section 4947 of the IRC.

Payments of dividends and patronage dividends not generally subject to backup withholding include the following:

•       Payments to nonresident aliens subject to withholding under section 1441 of the IRC.

[BALLOT CODE]
Class 2 Ballot

5

- Payments to partnerships not engaged in a trade or business in the United States and that have at least one non-resident alien partner.

- Payments of patronage dividends not paid in money.

- Payments made by certain foreign organizations.

The chart below shows two of the types of payments that may be exempt from backup withholding. The chart applies to the exempt recipients listed above, 1 through 15.

| IF the payment is for ... | THEN the payment is exempt for ... |
|---|---|
| Interest and dividend payments | All exempt recipients except for 9 |
| Broker transactions | Exempt recipients 1 through 13; also, a person who regularly acts as a broker and who is registered under the Investment Advisers Act of 1940, as amended |

**Exempt payees should file the Substitute Form W-9 to avoid possible erroneous backup withholding.** ENTER YOUR NAME ON THE APPROPRIATE LINE AND CHECK THE APPROPRIATE BOX FOR YOUR STATUS, THEN CHECK THE "EXEMPT PAYEE" BOX, SIGN AND DATE THE FORM, AND RETURN IT TO THE PAYER. Foreign payees who are not subject to backup withholding should complete the appropriate IRS Form W-8 and return it to the payer.

[BALLOT CODE]
Class 2 Ballot

**Privacy Act Notice**

Section 6109 of the IRC requires most recipients of dividend, interest or other payments to give their correct taxpayer identification numbers to payers who must report the payments to the IRS. The IRS uses the numbers for identification purposes and to help verify the accuracy of tax returns. It may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, the District of Columbia and U.S. possessions to carry out their tax laws. It may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, and to federal law enforcement and intelligence agencies to combat terrorism.

Payees must provide payers with their taxpayer identification numbers whether or not they are required to file tax returns. Payers must generally withhold 28% of taxable interest, dividend and certain other payments to a payee who does not furnish a taxpayer identification number to a payer. Certain penalties may also apply.

**Penalties**

9. **Penalty for Failure to Furnish Taxpayer Identification Number** — If you fail to furnish your correct taxpayer identification number to a payer, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

10. **Civil Penalty for False Information With Respect to Withholding** — If you make a false statement with no reasonable basis which results in no imposition of backup withholding, you are subject to a penalty of $500.

11. **Criminal Penalty for Falsifying Information** — Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

12. **Misuse of TINs —** If the requestor discloses or uses TINs in violation of federal law, the requestor may be subject to civil and criminal penalties.

**FOR ADDITIONAL INFORMATION, CONTACT YOUR TAX CONSULTANT OR
THE INTERNAL REVENUE SERVICE.**

[BALLOT CODE]
Class 2 Ballot

## <u>Exhibit 3D</u>

**Beneficial Ballot Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re                                                     :     Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :     **08-13555 (JMP)**
:
Debtors.                          :     **(Jointly Administered)**
:
-------------------------------------------------------------------x

**BENEFICIAL BALLOT FOR SECOND AMENDED JOINT CHAPTER 11 PLAN**
**OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

**BENEFICIAL BALLOT FOR UNSECURED NOTE CLAIMS**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), each of which is identified below, are soliciting votes with respect to the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the "Plan"), from the holders of certain claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**.

**This Beneficial Ballot is to be used for voting by the record holders or beneficial holders of the unsecured notes identified by your broker, bank or other nominee (each of the foregoing, a "Voting Nominee") on Exhibit A attached hereto or otherwise on this Beneficial Ballot (the "Unsecured Notes").  In order for your vote to be counted, the Beneficial Ballot (or the Master Ballot cast on your behalf must be returned to the Voting Agent) must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent by no later than 4:00 p.m. (Eastern Time) on [November 4], 2011 (the "Voting Deadline"), unless such time is extended by the Debtors.  IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR VOTING NOMINEE, YOU MAY RETURN YOUR BALLOT USING THE ENVELOPE PROVIDED.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO RECEIVE YOUR BALLOT AND PROCESS YOUR VOTE ON A MASTER BALLOT SUCH THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.  Please see Exhibit A to this Beneficial Ballot for a list of Unsecured Notes (including the corresponding CUSIP(s)/ISIN(s) and applicable Plan class).**

**Submission of electronic instructions to your Voting Nominee (if permitted by such Voting Nominee) shall have the same effect as if you had completed and returned a physical Ballot.  By making an electronic submission, you are representing that you reviewed the Beneficial Ballot in its entirety and have received a copy of the Plan and Disclosure Statement for your review and consideration.**

PLEASE COMPLETE THE FOLLOWING:

ITEM 1.  **Principal Amount of Unsecured Notes.**  The undersigned hereby certifies that as of [August 1],

2011 (the "Record Date"), the undersigned was the beneficial holder (or authorized signatory for a beneficial

holder), or the Voting Nominee of a beneficial holder, of Unsecured Notes in the following unpaid principal amount

[BALLOT CODE]              [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

(insert amount in box below).  If your Unsecured Notes are held by a Voting Nominee on your behalf and you do

not know the amount of Unsecured Notes held, please contact your Voting Nominee immediately.

<div style="border:1px solid">
Principal amount: _____
</div>

ITEM 2.  **Vote on the Plan.**  The beneficial holder of Unsecured Notes identified in Item 1 above hereby votes to:

Check one box:    ☐    Accept the Plan

☐    Reject the Plan

ITEM 3.  **Certification as to Unsecured Notes held in Additional Accounts.**  By completing and returning this Beneficial Ballot, the beneficial holder certifies that either (1) it has not submitted any other Beneficial Ballots for other Unsecured Notes held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Unsecured Notes for which it has submitted additional Beneficial Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED BENEFICIAL BALLOTS OTHER THAN THIS BENEFICIAL BALLOT

| Account Number | Name of Holder[2] | Amount of Other Claims Voted | Type of Claim Voted | CUSIP/ISIN of Other Claims Voted (if applicable) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

ITEM 4. **Important Tax Information Required – Potential Withholding.** Distributions to holders of Claims by the Debtors or a liquidating trustee, and any subsequent amounts received by the Debtors or a liquidating trust allocable to a holder, are subject to any applicable tax withholding.

Under U.S. federal income tax law, interest and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable backup withholding rate (currently 28%). Backup withholding generally applies if the holder (a) fails to furnish its social security number or other taxpayer identification number ("***TIN***"), (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is its correct number and that it is a United States person that is not subject to backup withholding.  Backup withholding is not an additional tax but merely an advance payment, which may be refunded to the extent it results in an overpayment of tax and the appropriate information is supplied to the IRS.  Certain persons are exempt from backup withholding, including, in certain circumstances, corporations and financial institutions.

In addition, in the case of any holders of claims or beneficiaries of a liquidating trust that are *not* U.S. persons, the Debtors or the trustee of the liquidating trust may be required to withhold up to 30% of the income or proceeds allocable to such persons, depending on the circumstances (including whether the type of income is subject to a lower treaty rate).  Such withholding is not necessarily dependent (particularly in the case of a liquidating trust) on the distribution of cash or other proceeds.  The Debtors or the trustee of the liquidating trust may also place such withholding in an escrow pending a determination as to whether the withholding is required under applicable law.

To avoid unnecessary withholding, **each U.S. holder is required to properly complete and return the Substitute Form W-9 included at the end of this Ballot,** certifying that such holder is a U.S. person, that the TIN

---

[2] Insert your name if the Unsecured Notes are held by you in record name or, if held in street name, insert the name of your Voting Nominee.

[BALLOT CODE]                    [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

provided is correct, and that such holder is not subject to backup withholding, as per its instructions.  Exempt persons should indicate their exempt status on the Substitute Form W-9 as per its instructions.  **Each non-U.S. holder is required to complete and return the applicable IRS Form W-8** (W-8BEN, W-8ECI or W-8IMY, as applicable), signed under penalties of perjury, certifying the holder's foreign status.  These forms may be obtained from the IRS website (*http://www.irs.gov*).  Holders should consult their tax advisors as to any qualification for exemption from backup withholding, or a lower rate of U.S. withholding under an applicable treaty or exemption, and the procedure for obtaining such exemption.

ITEM 5.  **Acknowledgements and Certification.**  By returning this Beneficial Ballot, the beneficial holder of the Unsecured Notes identified in Item 1 above (a) acknowledges that it has been provided with a copy of the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code for the Plan, dated June 29, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto; (b) certifies that (i) it is the holder of the Unsecured Notes identified in Item 1 above or (ii) it has full power and authority to vote to accept or reject the Plan; and (c) further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

[BALLOT CODE]                    [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

Name of Debtors and Case Numbers

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

[BALLOT CODE]            [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

### VOTING INSTRUCTIONS FOR COMPLETING THE
### BENEFICIAL BALLOT FOR HOLDERS OF UNSECURED NOTE CLAIMS

9.  This Beneficial Ballot is submitted to you to solicit your vote to accept or reject the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the "Plan").  The terms of the Plan are described in the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code for the Plan, dated June 29, 2011 (as it may be further amended or modified, the "Disclosure Statement").  All capitalized terms used but not defined herein or in the Beneficial Ballot have the meanings ascribed to such terms in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL BALLOT.**

10.  The Plan will be accepted by a class if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in such class voting on the Plan.  In the event that your class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of claims in your class and all other classes of claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtors will be bound by the terms of the confirmed Plan and the transactions contemplated thereby, whether or not they vote to accept the Plan and whether or not they vote on the Plan at all.

11.  **To have your vote counted, you must complete, sign, and return this Beneficial Ballot in the envelope provided or as otherwise directed by your Voting Nominee.  The deadline by which your vote must be** <u>received</u> **by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") is 4:00 p.m. (Eastern Time) on [November 4], 2011 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.  IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR VOTING NOMINEE, YOU MAY RETURN YOUR BALLOT USING THE ENVELOPE PROVIDED. PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO RECEIVE YOUR BALLOT AND PROCESS YOUR VOTE ON A MASTER BALLOT SUCH THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

    **Beneficial Ballots will not be accepted by the Voting Agent by telecopy, facsimile, or other electronic means of transmission.**

12.  To properly complete the Beneficial Ballot, you must follow the procedures described below:

    a.  make sure that the information contained in Item 1 is correct;

    b.  if you have a claim identified in Item 1, cast your vote to accept or reject the Plan by checking the appropriate box in Item 2;

    c.  provide the information required by Item 3, if applicable to you;

    d.  if you are completing this Beneficial Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing (and, if requested, submit satisfactory evidence of your authority to so act, _e.g._, a power of attorney or a certified copy of board resolutions authorizing you to so act);

    e.  if you also hold claims in a class other than the class specified in Item 1, you may receive more than one Ballot, labeled for a different class of claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot;

[BALLOT CODE]          [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

f.   if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

g.   provide your name and mailing address;

h.   sign and date your Ballot; and

i.   return your Ballot with an original signature using the enclosed pre-addressed return envelope.

**PLEASE NOTE:**

**The Beneficial Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**  Holders should not surrender, at this time, certificates representing their securities.  Neither the Debtors nor the Voting Agent will accept delivery of any such certificates surrendered together with the Beneficial Ballot.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

[BALLOT CODE]            [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

## EXHIBIT A

*Your Voting Nominee may have checked a box below to indicate the Unsecured Notes to which this Beneficial Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Ballot.*

| UNSECURED NOTES | | |
|---|---|---|
| Class | Class Description | CUSIP(s)/ISIN(s) |
| | | |
| | | |
| | | |
| | | |

[BALLOT CODE]            [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

**TO BE COMPLETED BY ALL U.S. HOLDERS**

PAYOR:

| SUBSTITUTE<br><br>Form **W-9**<br><br>**Department of the Treasury Internal Revenue Service (IRS)**<br><br>**Request for Taxpayer Identification Number (TIN) and Certification** | Name:<br><br>Address:<br><br>_____<br><br>_____<br><br>_____<br><br>_____ | Check appropriate box:<br><br>Individual/Sole Proprietor ☐<br>Partnership ☐<br>Limited Liability Company ☐<br>　enter tax classification:<br>　(S = S Corporation,<br>　C = Corporation, P = Partnership) ____<br>Corporation ☐<br>Other (specify) ☐<br>_____<br>_____ |
|---|---|---|
| | **PART I.**　Please provide your taxpayer identification number in the space at right. If awaiting TIN, write "Applied For" in space at right and complete the Certificate of Awaiting Taxpayer Identification Number below. | SSN or EIN:<br><br>_____ |
| | **PART II:** For Payees exempt from backup withholding, see the enclosed "Guidelines for Certification of Taxpayer Identification Number on Substitute Form W-9" and complete as instructed therein.　　Exempt from Backup Withholding ☐ | |
| | **PART III:  CERTIFICATION** Under penalties of perjury, I certify that:<br><br>(1)　The number shown on this form is my correct Taxpayer Identification Number (or, as indicated, I am waiting for a number to be issued to me);<br>(2)　I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and<br>(3)　I am a U.S. citizen or other U.S. person (including a U.S. resident alien).<br><br>**Certification Instructions**—You must cross out item (2) above if you have been notified by the IRS that you are subject to backup withholding because you have failed to report all interest or dividends on your tax return. However, if after being notified by the IRS that you were subject to backup withholding you received another notification from the IRS that you are no longer subject to backup withholding, do not cross out item (2). | |
| Signature: _____ Date: _____, 2011 | | |

**YOU MUST COMPLETE THE FOLLOWING CERTIFICATE
IF YOU WROTE "APPLIED FOR" IN PART I
OF THIS SUBSTITUTE FORM W-9 CERTIFICATE**

| **CERTIFICATE OF AWAITING TAXPAYER IDENTIFICATION NUMBER** |
|---|
| 　　　　I certify under penalties of perjury that a taxpayer identification number has not been issued to me, and either (a) I have mailed or delivered an application to receive a taxpayer identification number to the appropriate Internal Revenue Service Center or Social Security Administration Office or (b) I intend to mail or deliver an application in the near future. I understand that if I do not provide my Taxpayer Identification Number by the time of payment, 28% of all reportable payments made to me will be withheld.<br><br>Signature: _____ Date: _____ |

**NOTE:**　**FAILURE TO COMPLETE AND RETURN THIS FORM MAY RESULT IN BACKUP WITHHOLDING OF 28% OF ANY PAYMENTS MADE TO YOU PURSUANT TO THE PLAN.  PLEASE REVIEW THE ENCLOSED GUIDELINES FOR CERTIFICATION OF TAXPAYER IDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9 FOR ADDITIONAL DETAILS.**

[BALLOT CODE]　　　　　[CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

## GUIDELINES FOR CERTIFICATION OF TAXPAYER
## IDENTIFICATION NUMBER ON SUBSTITUTE FORM W-9

**Guidelines for Determining the Proper Identification Number to Give the Payer**—Social Security numbers have nine digits separated by two hyphens: i.e., 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. Employer identification numbers have nine digits separated by only one hyphen: i.e., 00-0000000. The table below will help determine the number to give the payer.

| For this type of account | Give the NAME and SOCIAL SECURITY number of: | For this type of account | Give the NAME and EMPLOYER IDENTIFICATION number of: |
|---|---|---|---|
| 1. An individual | The individual | 6. Sole proprietorship or disregarded entity not owned by an individual | The owner |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account(1) | 7. A valid trust, estate, or pension trust | The legal entity(4) |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor(2) | 8. Corporate or LLC electing corporate status on Form 8832 | The corporation |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee(1) | 9. Association, club, religious, charitable, educational or other tax exempt organization | The organization |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner(1) | 10. Partnership or multimember LLC | The partnership |
| 5. Sole proprietorship or disregarded entity owned by an individual | The owner(3) | 11. A broker or registered nominee | The broker or nominee |
| | | 12. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district or prison) that receives agricultural program payments | The public entity |

(1) List first and circle the name of the person whose number you furnish. If only one person on a joint account has a social security number, that person's number must be furnished.

(2) Circle the minor's name and furnish the minor's social security number.

(3) If you are an individual, you must show your individual name and you may also enter your business or "DBA" name. You may use either your social security number or employer identification number (if you have one), but the IRS encourages you to use your social security number.

(4) List first and circle the name of the trust, estate or pension trust. (Do not furnish the identifying number of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

[BALLOT CODE]            [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

**How to Obtain a TIN**

If you do not have a taxpayer identification number or you do not know your number, obtain Form SS-5, Application for a Social Security Number Card, at the local office of the Social Security Administration (or the website www.ssa.gov) and apply for a social security number, or obtain Form W-7, Application for IRS Individual Taxpayer Identification Number, or Form SS-4, Application for Employer Identification Number, at the local office of the Internal Revenue Service ("IRS") (or the website www.irs.gov) and apply for an individual taxpayer identification number or employer identification number, as applicable.

CAUTION:  A disregarded domestic entity that has a foreign owner must use the appropriate Form W-8.

**Payees Exempt from Backup Withholding**

Payees specifically exempted from backup withholding on all payments include the following:

46.    An organization exempt from tax under section 501(a) of the Internal Revenue IRC of 1986, as amended (the "IRC"), an individual retirement plan, or a custodial account under section 403(b)(7) of the IRC if the account satisfies the requirements of section 401(f)(2) of the IRC.

47.    The United States or any of its agencies or instrumentalities.

48.    A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities.

49.    A foreign government or any of its political subdivisions, agencies or instrumentalities.

50.    An international organization or any of its agencies or instrumentalities.

Other payees that may be exempt from backup withholding include:

51.    A corporation.

52.    A foreign central bank of issue.

53.    A dealer in securities or commodities required to register in the United States, the District of Columbia or a possession of the United States.

54.    A futures commission merchant registered with the Commodity Futures Trading Commission.

55.    A real estate investment trust.

56.    An entity registered at all times during the tax year under the Investment Company Act of 1940, as amended.

57.    A common trust fund operated by a bank under section 584(a) of the IRC.

58.    A financial institution.

59.    A middleman known in the investment community as a nominee or custodian.

60.    A trust exempt from tax under section 664 of the IRC or described in section 4947 of the IRC.

Payments of dividends and patronage dividends not generally subject to backup withholding include the following:

- Payments to nonresident aliens subject to withholding under section 1441 of the IRC.

[BALLOT CODE]              [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

- Payments to partnerships not engaged in a trade or business in the United States and that have at least one non-resident alien partner.

- Payments of patronage dividends not paid in money.

- Payments made by certain foreign organizations.

The chart below shows two of the types of payments that may be exempt from backup withholding. The chart applies to the exempt recipients listed above, 1 through 15.

| IF the payment is for ... | THEN the payment is exempt for ... |
|---|---|
| Interest and dividend payments | All exempt recipients except for 9 |
| Broker transactions | Exempt recipients 1 through 13; also, a person who regularly acts as a broker and who is registered under the Investment Advisers Act of 1940, as amended |

**Exempt payees should file the Substitute Form W-9 to avoid possible erroneous backup withholding.** ENTER YOUR NAME ON THE APPROPRIATE LINE AND CHECK THE APPROPRIATE BOX FOR YOUR STATUS, THEN CHECK THE "EXEMPT PAYEE" BOX, SIGN AND DATE THE FORM, AND RETURN IT TO THE PAYER. Foreign payees who are not subject to backup withholding should complete the appropriate IRS Form W-8 and return it to the payer.

[BALLOT CODE]          [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

**Privacy Act Notice**

Section 6109 of the IRC requires most recipients of dividend, interest or other payments to give their correct taxpayer identification numbers to payers who must report the payments to the IRS. The IRS uses the numbers for identification purposes and to help verify the accuracy of tax returns. It may also provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, the District of Columbia and U.S. possessions to carry out their tax laws. It may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, and to federal law enforcement and intelligence agencies to combat terrorism.

Payees must provide payers with their taxpayer identification numbers whether or not they are required to file tax returns. Payers must generally withhold 28% of taxable interest, dividend and certain other payments to a payee who does not furnish a taxpayer identification number to a payer. Certain penalties may also apply.

**Penalties**

13. **Penalty for Failure to Furnish Taxpayer Identification Number** — If you fail to furnish your correct taxpayer identification number to a payer, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

14. **Civil Penalty for False Information With Respect to Withholding** — If you make a false statement with no reasonable basis which results in no imposition of backup withholding, you are subject to a penalty of $500.

15. **Criminal Penalty for Falsifying Information** — Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

16. **Misuse of TINs —** If the requestor discloses or uses TINs in violation of federal law, the requestor may be subject to civil and criminal penalties.

**FOR ADDITIONAL INFORMATION, CONTACT YOUR TAX CONSULTANT OR
THE INTERNAL REVENUE SERVICE.**

[BALLOT CODE]        [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

**<u>Exhibit 3E</u>**

**Master Ballot Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
:
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
-----------------------------------------------------------------------x

### MASTER BALLOT FOR SECOND AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS

### MASTER BALLOT FOR UNSECURED NOTE CLAIMS

On June 29, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), each of which is identified below, filed the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, (as it may be further amended or modified, the "Plan") and the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. Pursuant to Section 1125 of the Bankruptcy Code, (as it may be amended or modified, the "Disclosure Statement"), with respect thereto. Copies of the Plan and Disclosure Statement are enclosed. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan. If you have any questions on how to properly complete this Master Ballot, please call Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at (646) 282-2400.

**This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Voting Nominee"); or as the proxy holder of a Voting Nominee or beneficial holder of the unsecured notes indicated by you on Exhibit A attached hereto (the "Unsecured Notes"), to transmit to the Voting Agent the votes of the beneficial holders in respect of their Unsecured Notes to accept or reject the Plan. Please see Exhibit A to this Master Ballot for a list of Unsecured Notes (including the corresponding CUSIP(s)/ISIN(s) and applicable classes).**

PLEASE COMPLETE THE FOLLOWING:

**Item 1. Certification of Authority to Vote.** The undersigned certifies that as of [August 1], 2011 (the Record Date), the undersigned (please check appropriate box):

☐ Is a broker, bank, or other nominee for the beneficial holders of the aggregate principal amount of the Unsecured Notes indicated on Exhibit A attached hereto or otherwise on this Master Ballot in the aggregate principal amount listed in Item 2 below, and is the registered holder or Voting Nominee of such securities, or

☐ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder or Voting Nominee of the aggregate principal amount of Unsecured Notes listed in Item 2 below, or

☐ Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial holder, that is the registered holder or Voting Nominee of the aggregate principal amount of Unsecured Notes listed in Item 2 below,

[MASTER BALLOT CODE]                    [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial holders of the Unsecured Notes described in Item 2.

**Item 2. Vote.** The undersigned transmits the following votes of beneficial holders in respect of their Unsecured Notes, and certifies that the following beneficial holders of the Unsecured Notes, as identified by their respective customer account numbers set forth below, are beneficial holders of such securities as of [August 1, 2011], the Record Date, and have delivered to the undersigned, as Voting Nominee, properly executed Beneficial Ballots casting such votes. Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table. Please note each beneficial holder must vote <u>all</u> of his, her, or its Unsecured Notes to accept <u>or</u> to reject the Plan and may <u>not</u> split such vote.

| Your Customer Account Number for Each Beneficial Holder of Voting Unsecured Notes | Principal Amount of Unsecured Notes Voted to ACCEPT or REJECT Plan* | |
|---|---|---|
| | ACCEPT | REJECT |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| TOTALS: | | |

\*    In order to vote on the Plan, the beneficial holder must have checked a box in item 2 to ACCEPT or REJECT the Plan on its individual Beneficial Ballot. If the beneficial holder did not check a box, or checked both boxes, in Item 2 on its individual Beneficial Ballot, by order of the Bankruptcy Court its vote will not be counted.

[MASTER BALLOT CODE]          [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

**Item 3. Certification as to Transcription of Information from Item 3 as to Unsecured Notes Voted Through Other Beneficial Ballots.** The undersigned certifies that the undersigned has transcribed in the following table the information provided by beneficial holders in Item 3 of the beneficial holder's original Beneficial Ballot, identifying any Unsecured Notes for which such beneficial holders have submitted other Beneficial Ballots other than to the undersigned:

| YOUR Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Beneficial Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL BALLOTS: | | | | |
|---|---|---|---|---|---|
| | Account Number | Name of Beneficial Holder | Amount of Other Claims Voted | Type of Claims Voted | CUSIP/ISIN of Other Claims Voted (if applicable) |
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |

[MASTER BALLOT CODE]                    [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

**Item 4.  Certification.**  By signing this Master Ballot, the undersigned certifies that each beneficial holder of the Unsecured Notes listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Name of Voting Nominee:

_____
(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Voting Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (____)_____
(Including Area Code)

Email Address: _____

Date Completed:_____

[MASTER BALLOT CODE]            [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

Name of Debtors and Case Numbers

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

[MASTER BALLOT CODE]          [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

**VOTING DEADLINE/VOTING AGENT:**

      **The Voting Deadline is 4:00 p.m. (Eastern Time) on [November 4], 2011, unless extended by the Debtors.** To have the vote of the beneficial holder(s) for whom you act as Voting Nominee count, you must complete, sign, and return the Master Ballot so that it is actually received by the Voting Agent before the Voting Deadline. The Voting Agent is:

<div align="center">

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017

</div>

**HOW TO VOTE:**

      If you are both the registered holder <u>and</u> the beneficial holder of any principal amount of Unsecured Notes and you wish to vote such Unsecured Notes, you may complete, execute, and return to the Voting Agent <u>either</u> an individual Beneficial Ballot or a Master Ballot.

      **If you are transmitting the votes of any beneficial holders of Unsecured Notes other than yourself, you may <u>either</u>:**

1.     "Prevalidate" the individual Beneficial Ballot contained in the solicitation package and then forward the solicitation package with such prevalidated Ballot to the beneficial holder of the Unsecured Notes for voting within five (5) business days after receipt of the solicitation package, with the beneficial holder then returning its individual Beneficial Ballot directly to the Voting Agent in the return envelope provided in the solicitation package. A Voting Nominee "prevalidates" a Beneficial Ballot by completing Item 1, and fully executing Item 4, and indicating thereon the appropriate account numbers through which the beneficial holder's holdings are derived and the depository participant number of the Voting Nominee.

<div align="center">OR</div>

2.     Forward the solicitation package to the beneficial holder of the Unsecured Notes for voting along with a return envelope provided by and addressed to you, with the beneficial holder then returning the individual Beneficial Ballot to you. In such case, you, as the Voting Nominee, will tabulate the votes of all of your respective beneficial holders on this Master Ballot, in accordance with these instructions, and then return the Master Ballot to the Voting Agent. You should advise your beneficial holders to return their individual Beneficial Ballots to you by a date calculated to allow you to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Voting Agent by the Voting Deadline.

      With respect to all Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.     Check the appropriate box in Item 1 on the Master Ballot;

b.     Indicate the votes to accept or reject the Plan in Item 2 of the Master Ballot, as transmitted to you by the beneficial holders of the Unsecured Notes. To identify such beneficial holders without disclosing their names, please use the customer account number assigned by you to each such beneficial holder, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate

[MASTER BALLOT CODE]           [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

list of each beneficial holder and the assigned number). **IMPORTANT: EACH BENEFICIAL HOLDER MUST VOTE <u>ALL</u> OF HIS, HER, OR ITS UNSECURED NOTES <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PLAN, AND MAY NOT SPLIT SUCH VOTE. IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.** Any Beneficial Ballot that does not indicate acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan, by order of the Bankruptcy Court will not be counted, so you should not include their votes in your tabulation;

c.    Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each beneficial holder in Item 3 of each properly completed Beneficial Ballot relating to other Unsecured Notes voted;

d.    Review the certification in Item 4 of the Master Ballot;

e.    Sign and date the Master Ballot, and provide the remaining information requested;

f.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

g.    Contact the Voting Agent if you need any additional information; and

h.    Deliver the completed, executed Master Ballot so as to be <u>received</u> by the Voting Agent before the Voting Deadline. For each completed, executed Beneficial Ballot returned to you by a beneficial holder, either forward such Beneficial Ballot (along with your Master Ballot) to the Voting Agent or retain such Beneficial Ballot in your files for one (1) year from the Voting Deadline.

**PLEASE NOTE:**

**The Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.** Holders should not surrender, at this time, certificates representing their securities. Neither the Debtors nor the Voting Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

No Beneficial Ballot nor Master Ballot shall constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

No fees, commissions, or other remuneration will be payable to any Voting Nominee for soliciting votes on the Plan. The Debtors will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to the beneficial holders of Unsecured Notes held by you as a Voting Nominee or in a fiduciary capacity and in tabulating the Beneficial Ballots.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2400. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

[MASTER BALLOT CODE]                    [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

2

## EXHIBIT A

*Please check ONE box below to indicate the Notes to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):*

| UNSECURED NOTES | | |
|---|---|---|
| **Class** | **Class Description** | **CUSIP(s)/ISIN(s)** |
| | | |
| | | |
| | | |
| | | |
| | | |

## **Exhibit 4**

**Notice of Non-Voting Status**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
                    Debtors.                        :    (Jointly Administered)
                                                    :
----------------------------------------------------------------------x

### NOTICE OF NON-VOTING STATUS TO
### CLASS [ ] CLAIMS AND CLASS [ ] EQUITY INTERESTS

PLEASE TAKE NOTICE THAT on [_____], 2011, the United States Bankruptcy Court for the Southern District of New York approved the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated June 29, 2011 (as it may be amended or modified, the "Disclosure Statement"), filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"). The Debtors are soliciting votes with respect to the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated June 29, 2011 (as it may be further amended or modified, the "Plan"), from holders of claims and equity interests who are (or may be) entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST, OR EQUITY INTEREST(S) IN, THE DEBTORS. THEREFORE, PURSUANT TO SECTION 1126(g) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (i) DEEMED TO HAVE REJECTED THE PLAN AND (ii) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR EQUITY INTEREST(S), OR IF YOU WISH TO OBTAIN A COPY OF THE PLAN AND DISCLOSURE STATEMENT, YOU MAY REQUEST SUCH COPY, IN WRITING, FROM THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, ATTN: LEHMAN BALLOT PROCESSING CENTER, 757 THIRD AVENUE, 3RD FLOOR, NEW YORK, NEW YORK 10017, OR BY TELEPHONE AT 1-866-879-0688 (domestic) or 1-503-597-7691 (international), OR YOU MAY VIEW THE PLAN AND DISCLOSURE STATEMENT BY ACCESSING EITHER WWW.LEHMAN-DOCKET.COM, OR THE COURT'S WEBSITE: WWW.NYSB.USCOURTS.GOV. NOTE THAT A PACER PASSWORD AND LOGIN ARE NEEDED TO ACCESS DOCUMENTS ON THE COURT'S WEBSITE (HTTP://WWW.PACER.PSC.USCOURTS.GOV).**