Hearing Date and Time:  July 20, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  July 13, 2011 at 4:00 p.m. (Prevailing Eastern Time)

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:   (212) 755-7306
Lisa G. Laukitis

-and-

555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539
Philip E. Cook

*Attorneys for Roland Hansalik, George Barclay Perry
and Joseph Arena*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lehman Brothers Holdings Inc., *et al.*, | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF MOTION, PURSUANT TO SECTION 362 OF
THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, FOR AN ORDER
MODIFYING THE AUTOMATIC STAY TO ALLOW PAYMENT OF A
JUDGMENT UNDER THE DIRECTORS AND OFFICERS
INSURANCE POLICIES ISSUED TO THE DEBTORS**

PLEASE TAKE NOTICE that, pursuant to the attached Motion (the "Motion"), Roland

Hansalik, George Barclay Perry and Joseph Arena (collectively, the "Insured Persons") hereby

seek entry of an order, in substantially the form of the proposed order attached as Exhibit A to

the Motion, lifting the automatic stay in these cases, to the extent applicable and necessary, to

facilitate payment under certain of the directors and officers insurance policies issued to the

1

Debtors of an award entered against the Insured Persons by the Financial Industry Regulatory Authority.

PLEASE TAKE FURTHER NOTICE that a hearing on the relief requested in the Motion will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on July 20, 2011 at 10:00 a.m., prevailing eastern time (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon each of the following, so as to be filed and received by no later than July 13, 2011 at 4:00 p.m., prevailing eastern time (the "Objection Deadline"):  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York,  10004, Courtroom 601; (ii) counsel for the Insured Persons: Jones Day, 555 South Flower Street, 50th Floor, Los Angeles, California  90071, Attn: Philip E. Cook, and Jones Day, 222 East 41st Street, New York, New York  10017, Attn:  Lisa G. Laukitis and Lance E. Miller; (iii) counsel for the Debtor:  Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York  10153, Attn:  Richard P. Krasnow; (iv) the Office of the United

2

States Trustee for the Southern District of New York:  33 Whitehall Street, 21st Floor, New York, New York  10004, Attn:  Tracy Hope Davis, Esq., Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., and Linda Riffkin, Esq.; (v) counsel for the Official Committee of Unsecured Creditors:  Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York  10005, Attn:  Dennis F. Dunne, Esq., Evan Fleck, Esq., and Dennis O'Donnell, Esq.; (vi) counsel for Zurich American Insurance Co.:  Bailey Cavalieri LLC, One Columbus, 10 West Broad Street, Suite 2100, Columbus, Ohio  43215-3422, Attn: Thomas E. Geyer, Esq., and (vii) counsel for ACE Bermuda Insurance Ltd.:  Walker Wilcox Matousek LLP, 225 West Washington Street, Chicago, Illinois  60606, Attn:  James Huberty, Esq.

      PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested therein shall be deemed unopposed, and may be granted by the Bankruptcy Court without a hearing.

      PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated:  June 29, 2011  
New York, New York

          */s/ Lisa G. Laukitis*  
Lisa G. Laukitis  
JONES DAY  
222 East 41st Street  
New York, New York 10017  
Telephone:  (212) 326-3939  
Facsimile:  (212) 755-7306

Counsel for the Insured Persons

3

Hearing Date and Time: July 20, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: July 13, 2011 at 4:00 p.m. (Prevailing Eastern Time)

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Lisa G. Laukitis

-and-

555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Philip E. Cook

*Attorneys for Roland Hansalik, George Barclay Perry
and Joseph Arena*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY
CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY
TO ALLOW PAYMENT OF A JUDGMENT UNDER THE DIRECTORS
AND OFFICERS INSURANCE POLICIES ISSUED TO THE DEBTORS**

**TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:**

Roland Hansalik, George Barclay Perry and Joseph Arena (collectively, the "Insured

Persons"), hereby seek an order, in substantially the form of the proposed order attached as

Exhibit A, lifting the automatic stay in these cases, to the extent applicable and necessary, to

facilitate payment under certain of the Debtors' insurance policies of an award entered against

1

the Insured Persons, as more specifically described below.  In support of this Motion, the Insured Persons respectfully represent as follows:

**PRELIMINARY STATEMENT**

1. In their capacity as former officers and employees of the Debtors, the Insured Persons have been defending against a securities claim filed with the Financial Industry Regulatory Authority ("FINRA") by former Lehman Brothers Inc. customer U.S. Airways, Inc. ("US Airways"). Neither the Debtors nor the D&O Insurers (as defined below) have disputed that this FINRA Proceeding is covered by the D&O Policies (as defined below).  Indeed, on at least four (4) prior occasions, this Court entered "comfort orders" lifting the automatic stay under sections 362(a) and 362(d) of the Bankruptcy Code (to the extent it applies and such an order was necessary) in order to allow payment under the D&O Policies of, *inter alia*, the Insured Persons' defense costs (collectively, the "Comfort Orders").[1]  The Insured Persons are not the only former directors, officers or employees facing securities claims initiated by former customers of the Debtors, and the Court has already entered three separate Comfort Orders

---

[1] *See Order Granting Debtors' Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Advancement Under Directors And Officers And Fiduciary Liability Insurance Policies* [Dkt. No. 3220] (authorizing payment of defense costs under the primary layer of the D&O Policies); *Order Granting Debtors' Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Advancement Under Directors And Officers Insurance Policy By Federal Insurance Company (Chubb)* [Dkt. No. 5906] (authorizing payment of defense costs under the second layer of the D&O Policies); *Order Granting Debtors' Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Advancement Under Directors And Officers Insurance Policies By Continental Casualty Company, Certain Underwriters At Lloyd's London And U.S. Specialty Insurance Company* [Dkt. No. 10945] (authorizing payment of defense costs under the third, fourth, and fifth layers of the D&O Policies); *Order Granting Debtors' Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Advancement Under (I) 2007-2008 Directors And Officers Insurance Policies By Zurich American Insurance Company, Ace Bermuda Insurance Ltd. And St. Paul Mercury Insurance Company, And (II) 2008-2009 Directors And Officers Insurance Policies By XL Specialty Insurance Company And Federal Insurance Company* [Dkt. No. 12896] (authorizing payment of defense costs under the sixth, seventh, and eighth layers of the D&O Policies).

authorizing payment of settlements under the D&O Policies to resolve claims similar to those against the Insured Persons that are the subject of this Motion.[2]

2.  The FINRA arbitration panel has now entered an award against the Insured Persons, jointly and severally, for $15 million (the "Award"), a copy of which is attached as Exhibit B.

3.  The Insured Persons believe the Award is covered by the D&O Policies and anticipate that the D&O Insurers will pay the Award upon entry of a further Comfort Order. As with the prior Comfort Orders issued by the Court, the Insured Persons seek to assure the D&O Insurers (as defined below) whose policy proceeds are the subject of this Motion that they can make payment of the Award under the D&O Policies without concern that, if and to the extent that the automatic stay is otherwise applicable, they are violating the automatic stay.

4.  Granting the relief requested by this Motion is unlikely to have any adverse effect on the Debtor's estate and creditors because, among other things, the interests of the Debtor in the proceeds of the D&O Policies, if any, is expressly subordinate to the interest of the Insured Persons. Specifically, the applicable insurance policies provide that the Debtors have rights to the insurance proceeds only after the insured individuals are fully reimbursed for any "Loss."

---

[2] *See Order Granting Debtors' Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Settlement Payment Under Directors And Officers Insurance Policies* [Dkt. No. 6297] (authorizing, to the extent necessary, payment under the D&O Policies of a settlement resolving claims relating to a former client's purchase of auction-rate securities); *Order Granting Debtors' Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Settlement Payment Under Directors And Officers Insurance Policy* [Dkt. 12895] (authorizing, to the extent necessary, payment under the D&O Policies of settlements resolving claims pending before FINRA and the Second Circuit Court of Appeals for unsuitability and failure to supervise); *Order Granting Debtors' Motion, Pursuant To Section 362 Of The Bankruptcy Code And Bankruptcy Rules 9019 And 4001, For An Order (I) Modifying The Automatic Stay To Allow Settlement Payment Under Directors And Officers Insurance Policies And (II) Approving An Agreement And Release* [Dkt. No. 13929] (authorizing, to the extent necessary, payment under the D&O Policies of settlements resolving a FINRA proceeding for securities law violations relating to the purchase of auction rate securities).

3

## JURISDICTION

5.      This Court has jurisdiction to consider and determine the present Motion pursuant to 28 U.S.C. § 1334. If, and to the extent that, the automatic stay applies to the subject matter of this Motion, this is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.      Lehman Brothers Holding Inc. and various of its subsidiaries (collectively, the "Debtors") commenced these chapter 11 bankruptcy cases through the filing of voluntary petitions for bankruptcy relief on September 15, 2008, and periodically thereafter (collectively, the "Petition Dates").

The D&O Insurance Policies

7.      As the Debtors have explained in previous motions for Comfort Orders, pursuant to their advancement and indemnification obligations expressed in their by-laws and certificates of incorporation, the Debtors purchased primary and excess directors and officers liability insurance, which provides coverage for the Debtors' current and former officers, directors, and employees in connection with civil, criminal, regulatory and other actions and investigations. For claims made during the 2007-2008 policy period, the Debtors purchased a primary policy and sixteen excess policies for total directors' and officers' liability insurance coverage of $250 million (collectively, the "D&O Policies") from, among others (collectively, the "D&O Insurers"): (1) XL Specialty Insurance Company ("XL") (as the primary insurer with limits of liability of $20 million); (2) Federal Insurance Company (first excess insurer with limits of $15 million, providing coverage between $20 million and $35 million); (3) Continental Casualty Company (second excess insurer with limits of $10 million, providing coverage between $35 million and $45 million); (4) Certain Underwriters at Lloyd's London and London Market Company (third excess insurer with limits of $10 million, providing coverage between

4

$45 million and $55 million); (5) U.S. Specialty Insurance Company (fourth excess insurer with limits of $15 million, providing coverage between $55 million and $70 million); (6) Zurich American Insurance Company ("Zurich") (fifth excess insurer with limits of $15 million, providing coverage between $70 million and $85 million); and (7) ACE Bermuda Insurance Ltd. ("ACE Bermuda") (sixth excess insurer with limits of $25 million, providing coverage between $85 million and $110 million). The Insured Persons understand that the primary and first through fourth excess layers of the D&O Policies have been exhausted, and that payments currently are being made by the fifth excess insurer, Zurich.[3]

8. The D&O Policies contain a "Priority of Payments Endorsement," which requires that proceeds must first be used to pay loss incurred by directors and officers and other insured individuals, before they can be used to pay loss incurred by the Debtors (the "Subordination Clause").

The FINRA Proceedings

9. On December 10, 2009, US Airways, a former customer of the Debtors, commenced a FINRA Proceeding by filing a claim against the Insured Persons relating to the purchase and sale of certain auction rate securities. Following over 16 days of evidentiary hearings and subsequent deliberation, a FINRA arbitration panel entered the Award against the Insured Persons on May 27, 2011, which is final.[4] In anticipation of this Motion, by agreement dated June 23, 2011 between US Airways and the Insured Persons, the date by which payment of

---

[3] Copies of the primary D&O Policy, together with the Zurich and ACE Bermuda policies (among others), were attached to the *Debtors' Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Advancement Under (I) 2007-2008 Directors And Individual Defendants Insurance Policies By Zurich American Insurance Company, Ace Bermuda Insurance Ltd. And St. Paul Mercury Insurance Company, And (II) 2008-2009 Directors And Individual Defendants Insurance Policies By XL Specialty Insurance Company And Federal Insurance Company* [Dkt. No. 12369] (the "Zurich Comfort Motion"), and are incorporated herein by reference.

[4] Pursuant to Rule 12904(b) of the FINRA Code of Arbitration Procedure, a FINRA award is "final and not subject to review or appeal."

the Award must be made to US Airways in order to avoid the imposition of various sanctions under FINRA rules has been extended from June 27, 2011 to August 3, 2011.[5]

10. Since entry of the Comfort Orders, Zurich has paid the Insured Persons' defense costs incurred in connection with the FINRA Proceeding. Neither Zurich nor ACE Bermuda have stated an intention to dispute coverage of the Award under the D&O Policies and it is the Insured Persons' belief that they will make payment upon entry of a Comfort Order.

### RELIEF REQUESTED

11. The Insured Persons hereby request the entry of an order, in substantially the form attached hereto as Exhibit A, (i) lifting the automatic stay (to the extent it applies) in order to facilitate and allow payment of the Award under the D&O Policies, and (ii) waiving the requirements of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.[6]

### BASIS FOR THE RELIEF REQUESTED

12. Through the Comfort Orders, the Court has already granted relief that is similar or identical to that sought in this Motion. The basis for those Comfort Orders, as stated by the Debtors themselves (*e.g.*, Zurich Comfort Motion, ¶¶ 23-30 (proceeds of the D&O Policies are not property of the estate)), applies equally here.

13. Section 362(a)(3) of the Bankruptcy Code provides for an automatic stay of any action seeking to obtain possession or exercise control over property of the bankruptcy estate. 11

---

[5] All monetary awards are required to be paid within thirty (30) days unless a motion to vacate the award is filed. Awards that are not paid within thirty days both (i) accrue interest, and (ii) may be grounds for expedited suspension proceedings for a respondent's trading license. *See* FINRA Code of Arb. Pr. Rules 12904(j) and 9554(a).

[6] Given that Zurich has been paying the Insured Persons' defense costs for the FINRA proceeding, and that neither Zurich nor ACE Bermuda have expressed any intention to dispute that the Award is covered under the Policies, the Insured Persons do not understand there to be any coverage dispute relating to the Award. Nevertheless, to be clear, the Insured Persons are *not* seeking a determination by this Court that the Award must be paid under the D&O Policies. To the extent the D&O Insurers may at some point dispute coverage, the relief requested herein will merely allow the parties to address that dispute in an appropriate forum under applicable non-bankruptcy law without any question that such action would violate the automatic stay.

6

U.S.C. § 362(a)(3).  Although insurance policies maintained by a debtor generally are considered property of the estate and subject to the automatic stay, courts recognize that property of the estate does *not* include insurance *proceeds* which are payable solely to a third party (such as payments to officers and directors under an executive insurance policy).  *See, e.g., In re Adelphia Communications Corp.*, 298 B.R. 49, 53 (S.D.N.Y. 2003) (insurance proceeds not property of the estate in the absence of any suggestion that debtors were entitled to indemnification rights under the policy); *In re Allied Digital Techs., Corp.*, 306 B.R. 505, 510 (Bankr. D. Del. 2004) (proceeds of a directors' and officers' insurance policy not property of the estate where the debtor's indemnification rights were speculative and direct coverage under the policy was hypothetical); *In re First Cent. Fin. Corp.*, 238 B.R. 9, 16 (Bankr. E.D.N.Y. 1999) (insurance proceeds not property of the estate where the debtors did not have indemnification rights).

14. Whether a debtor has tangible rights under an insurance policy, which could bring policy proceeds into the bankruptcy estate, depends largely on the "language and scope of the policy at issue." *Allied Digital*, 306 B.R. at 509.  Here, the Subordination Clauses in the D&O Policies subordinates any potential rights of the Debtors to proceeds payable to other beneficiaries, including the Insured Persons.

15. The Subordination Clauses are enforceable contractual provisions intended to benefit the Insured Persons.  *See In re Enron Corp.*, Bankr. No. 01-16034 (Bankr. S.D.N.Y. Apr. 11, 2002) [Dkt. No. 3278] (holding that priority of payment provisions are enforceable contractual rights).  Because the Debtors purchased the D&O Policies primarily to provide insurance coverage to their officers and directors, including the Insured Persons, any rights the Debtor may have in residual proceeds is speculative.  Thus, the proceeds of the D&O Policies are not property of the estate and are not subject to the automatic stay.

7

16. Even if the proceeds of the D&O Policies were to be determined to be property of the estate, cause exists under section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to allow payment of the Award. Lifting the automatic would not harm the estate because, under the Subordination Clause in the D&O Policies, any rights the Debtor might have to the proceeds of the D&O Policies are contractually subordinated to the Insured Persons' rights to such proceeds.

17. In sum, the Insured Persons submit that the automatic stay in these cases does not apply to payment of the Award under the D&O Policies. Alternatively, if this Court were to find that the Debtor has some interest in the proceeds of the D&O Policies, the Insured Persons submit that any such interest is nominal only and cause exists to lift the automatic stay pursuant to section 362(d) of the Bankruptcy Code to allow the D&O Insurers to pay the Award.

## WAIVER OF BANKRUPTCY RULE 4001(A)(3)

18. In light of the impending deadline for the Insured Persons to satisfy the Award, the Insured Persons request that the order granting this Motion be made effective immediately.

## NOTICE

19. No trustee has been appointed in these cases. Concurrently with the filing of this Motion, pursuant to the *Second Amended Order Pursuant To Section 105(a) Of The Bankruptcy Code And Bankruptcy Rules 1015(c) And 9007 Implementing Certain Notice And Case Management Procedures* [Dkt. No. 9635], the Insured Persons are serving notice of this Motion on (1) counsel for the Debtors; (2) the United States Trustee; (3) counsel for the Official Committee of Unsecured Creditors; (4) the Securities and Exchange Commission; (5) the Internal Revenue Service; (6) the United States Attorney for the Southern District of New York; (7) all parties who have requested notice in these chapter 11 cases; and (8) counsel for each of

8

the D&O Insurers from whom payment for the Award is sought. The Insured Persons submit that no other or further notice is required.

WHEREFORE, the Insured Persons respectfully request that the Court grant the relief requested herein and enter an order in substantially the form of the proposed order attached hereto as Exhibit A.

Dated: June 29, 2011  
New York, New York

*/s/ Lisa G. Laukitis*  
Lisa G. Laukitis  
JONES DAY  
222 East 41st Street  
New York, New York 10017  
Telephone: (212) 326-3939  
Facsimile: (212) 755-7306  

Counsel for the Insured Persons

# **EXHIBIT A**

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Lisa G. Laukitis

-and-

555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Philip E. Cook

*Attorneys for Roland Hansalik, George Barclay Perry, and Joseph Arena*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al.*,, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**ORDER, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW PAYMENT OF A JUDGMENT UNDER THE DIRECTORS AND OFFICERS INSURANCE POLICIES ISSUED TO THE DEBTORS**

Upon the motion, dated June 29, 2011 (the "Motion") of Roland Hansalik, George Barclay Perry and Joseph Arena (collectively, the "Insured Persons"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay (to the extent applicable and necessary) to allow payment of an award entered by an arbitration panel appointed by the Financial Industry Regulatory Authority against the Insured Persons for $15.0 million (the "Award") under the directors' and officers' liability insurance

1

policies issued to the Debtors for claims made during the 2007-2008 policy period (collectively, the "D&O Policies"); upon finding that the Court has jurisdiction to consider the Motion and grant the relief requested therein pursuant to 28 U.S.C. §§ 157(b) and 1334; upon finding that notice of the Motion was appropriate in all respects; upon consideration of the Motion and any objections thereto, and just cause appearing;

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion is GRANTED;

2. Pursuant to sections 105(a), 362(a), and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified and/or lifted to allow the Insured Persons to seek and obtain, and to allow the insurance carriers for the D&O Policies (including without limitation Zurich American Insurance Company and ACE Bermuda Insurance Ltd.) (collectively, the "D&O Insurers") to pay, without further order of the Court, the Award under the D&O Policies.

3. Nothing in this Order shall modify, alter or accelerate the rights and obligations of the D&O Insurers, the Debtors, or the Insured Persons provided for under the terms and conditions of the D&O Policies.

4. Nothing in this Order shall constitute a determination that the proceeds of the D&O Policies are property of the Debtors' estate, and the rights of all parties in interest to assert that the proceeds of the D&O Policies are, or are not, property of the Debtors' estates are hereby preserved.

5. This Order shall be effective immediately; the fourteen-day stay provided under Bankruptcy Rule 4001(a)(3) is hereby waived.

  6. This Court shall retain jurisdiction over all matters arising from or relating to implementation of this Order.

Dated: July __, 2011
New York, New York       HONORABLE JAMES M. PECK
                 UNITED STATES BANKRUPTCY JUDGE

NYI-4382304v3