UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                     :    Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    Case No. 08-13555 (JMP)
:
Debtors.                            :    (Jointly Administered)
:
---------------------------------------------------------------x

### STIPULATION AND AGREED ORDER
### WITH RESPECT TO SECOND SERVICES EXTENSION
### AMENDMENT TO TRANSITION SERVICES AGREEMENT

WHEREAS, commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its Affiliates[1] commenced cases before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which cases are proceeding under jointly administered case number 08-13555 (JMP) (the "Chapter 11 Cases", and the debtors in such cases, the "Chapter 11 Debtors");

WHEREAS, Barclays Capital Inc. ("BarCap"), LBHI, Lehman Brothers Inc. ("LBI"), and LB 745 LLC entered into an Asset Purchase Agreement dated September 16, 2008 (as clarified and amended, the "APA");

WHEREAS, BarCap and LBHI have entered into that certain Transition Services Agreement, dated September 22, 2008 (the "LBHI TSA") that was authorized by the Bankruptcy Court pursuant to the Sale Order;

WHEREAS, LBHI and BarCap agreed to extend the provision by BarCap of certain

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Second TSA Services Extension Amendment (as defined below).

specified services, pursuant to the terms and conditions of that certain letter amendment, dated as of February 23, 2011 (the "First Letter Amendment", and the LBHI TSA as amended thereby, the "Amended LBHI TSA");

WHEREAS, the First Letter Amendment was authorized and approved by the Bankruptcy Court pursuant to that Stipulation and Agreed Order with Respect to Services Extension Amendment to Transition Services Agreement, entered on March 2, 2011 [Docket No. 14747];

WHEREAS, the Amended LBHI TSA is shortly due to expire by its terms;

WHEREAS, the parties hereto, subject to Bankruptcy Court approval hereof, seek to amend the Amended LBHI TSA to further extend the provision by BarCap of certain specified services, pursuant to the terms and conditions of that certain letter amendment, dated as of June 22, 2011, attached hereto as Exhibit 1 (the "Second TSA Services Extension Amendment").

**THE PARTIES, SUBJECT TO BANKRUPTCY COURT APPROVAL HEREOF, BY AND THROUGH THEIR RESPECTIVE ATTORNEYS, HEREBY STIPULATE, AGREE AND, UPON ENTRY BY THE BANKRUPTCY COURT, IT SHALL BE ORDERED THAT:**

1. Upon entry of this Stipulation and Agreed Order, the Second TSA Services Extension Amendment is hereby approved, and to the extent required, the Chapter 11 Debtors are further authorized to deliver, implement, and perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Second TSA Services Extension Amendment and perform any and all obligations contemplated therein.

2. For the avoidance of doubt, claims asserted by BarCap arising under the Second TSA Services Extension Amendment shall constitute costs and expenses of the administration of

the relevant Chapter 11 Debtor's or Chapter 11 Debtors' estate(s) pursuant to Sections 503(b) and 507(a)(2) of the Bankruptcy Code.

   3.  Nothing in this Stipulation and Agreed Order or the Second TSA Services Extension Amendment shall (a) bind, be collateral estoppel, res judicata or otherwise prejudice any matter in the Chapter 11 Cases, the SIPA liquidation proceeding for LBI (the "LBI Case"), the Adversary Proceedings or any order or appeal from any order therein (other than the matters expressly addressed in the Second TSA Services Extension Amendment and the performance thereof); (b) impair or modify the rights and remedies of BarCap (or any Affiliate of BarCap) or any defenses of James W. Giddens as trustee for the liquidation of LBI under SIPA (the "Trustee"), LBI or any of the Chapter 11 Debtors or their Affiliates in respect of any claims that have been asserted, or may be asserted, by BarCap (or any Affiliates of BarCap) against LBI (or the Trustee as trustee for LBI), the Chapter 11 Debtors, their respective present or former Affiliates, or any third parties, with respect to any matter (other than the matters expressly addressed in the Second TSA Services Extension Amendment and the performance thereof) in the Chapter 11 Cases or in the LBI Case, the Adversary Proceedings, or any order or appeal taken from any order therein, and for the avoidance of doubt, all rights of BarCap and its Affiliates to (i) seek the dismissal, denial or other relief with respect to the Rule 60 Motions and/or dismissal or other relief in connection with the Adversary Proceedings, or (ii) seek enforcement of the Sale Order and secure delivery of any allegedly undelivered assets thereunder, including without limitation, pursuant to the Enforcement Motion, are hereby reserved; (c) impair or modify any rights and remedies of the Trustee, LBI or any of the Chapter 11 Debtors or any defenses of BarCap or its Affiliates in respect of or arising out of any claims that have been asserted or may be asserted against BarCap (or any Affiliates of BarCap), and

related recoveries, and any order or appeal taken from any order therein including, for the avoidance of doubt, (i) any claims and recoveries that are the subject of, related to or arise out of one or more of the Rule 60 Motions, (ii) any claims that are the subject of, related to or arise out of any of the Adversary Proceedings, or (iii) any claims relating to claimed shortfalls in LBI's compliance with customer protection rules.

4. The failure to specifically describe or include in this Stipulation and Agreed Order any particular provision of the Second TSA Services Extension Amendment shall not diminish or impair the effectiveness of such provision, it being the intent of the Bankruptcy Court and the parties that the Chapter 11 Debtors are authorized to perform under the Second TSA Services Extension Amendment in its entirety.

5. Each person who executes this Stipulation and Agreed Order on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation and Agreed Order on behalf of such party.

6. This Stipulation and Agreed Order shall be binding on all parties in interest and their respective successors and assigns, including without limitation, any Chapter 7 or Chapter 11 trustees, and any plan agent, administrator or trustee no matter how denominated.

7. Notwithstanding anything to the contrary in the Federal Rules of Bankruptcy Procedure (including without limitation Rule 6004(h)), this Stipulation and Agreed Order shall take effect immediately upon entry.

8. This Stipulation and Agreed Order shall be interpreted, construed, and enforced exclusively in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies.

9. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Agreed Order and the Second TSA Services Extension Amendment.

[Remainder of this page is intentionally left blank]

**AGREED TO:**

Dated: June 22, 2011
      New York, New York

| | |
|---|---|
| /s/ Jacqueline Marcus_____ | /s/ Lindsee P. Granfield_____ |
| Jacqueline Marcus, Esq. | Lindsee P. Granfield, Esq. |
| Garrett Fail, Esq. | Lisa M. Schweitzer, Esq. |
| | |
| WEIL, GOTSHAL & MANGES LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
| 767 Fifth Avenue | One Liberty Plaza |
| New York, New York 10153 | New York, NY 10006 |
| Telephone: (212) 310-8000 | Telephone: (212) 225-2000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 225-3999 |
| | |
| *Attorneys for the Chapter 11 Debtors and Debtors in Possession* | *Attorneys for Barclays Capital, Inc.* |

**SO ORDERED:**

Dated: New York, New York
      June 30, 2011

                                        *s/ James M. Peck*
                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE