**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                          :      **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :      **08-13555 (JMP)**
                                               :
                                  **Debtors.** :      **(Jointly Administered)**
--------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'**
**ONE HUNDRED THIRTY-THIRD OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the one hundred thirty-third omnibus objection to claims, dated May 3,

2011 (the "One Hundred Thirty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664], seeking to reclassify Compensation Claims as common

equity interests in the LBHI, all as more fully described in the One Hundred Thirty-Third

Omnibus Objection to Claims; and due and proper notice of the One Hundred Thirty-Third

Omnibus Objection to Claims having been provided to: (i) each claimant listed on Exhibit A; (ii)

the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and

Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the

Southern District of New York, and (vii) all other parties entitled to notice in accordance with

the procedures set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures for these cases [Docket No. 9635]; and it appearing

that no other or further notice need be provided; and the Court having found and determined that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the One Hundred Thirty-Third Omnibus Objection to Claims.

the relief requested in the One Hundred Thirty-Third Omnibus Objection to Claims is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the One Hundred Thirty-Third Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the relief requested in the One Hundred Thirty-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Claims to be Reclassified*" have the same priority as, and no greater priority than, common

stock interests in LBHI; and it is further

ORDERED that the Debtors have adjourned the hearing on the One Hundred

Thirtieth Omnibus Objection to Claims to September 28, 2011 with respect to the claims listed

on Exhibit 2 annexed hereto; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to

modify the claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the One Hundred Thirty-Third Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
         June 30, 2011

_s/ James M. Peck_
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE