UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                : Chapter 11 Case No.
                                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   : 08-13555 (JMP)
                                                                     :
                    Debtors.                                 : (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (PARTIALLY SETTLED GUARANTEE CLAIMS)

Upon the one hundred forty-seventh omnibus objection to claims, dated May 16, 2011 (the "One Hundred Forty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to partially reduce (in certain instances), reclassify (in certain instances), and allow the LBSF/LBCC Portion of the Partially Settled Guarantee Claims on the grounds that the Debtors and claimants have agreed upon a claim amount and a classification for the LBSF/LBCC Portion of each Partially Settled Guarantee Claim, all as more fully described in the One Hundred Forty-Seventh Omnibus Objection to Claims; and due and proper notice of the One Hundred Forty-Seventh Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims.

to the One Hundred Forty-Seventh Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Forty-Seventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Forty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Forty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the LBSF/LBCC Portion of each Partially Settled Guarantee Claim listed on Exhibit 1 annexed hereto is hereby allowed solely as to the classification and amount that is set forth on Exhibit 1 under the column headings *"Allowed Portion of Claim – Class"* and *"Allowed Portion of Claim – Amount"*; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) the Non-LBSF/LBCC Portion of each Partially Settled Guarantee Claim that is set forth on Exhibit 1 under the column heading *"Unresolved Portion of Claim"* and (ii) any claim listed on Exhibit A to the One Hundred Forty-Seventh Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       June 30, 2011

      *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE