UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :    08-13555 (JMP)
                                                         :
            Debtors.                                     :    (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Upon the one hundred thirty-fourth omnibus objection to claims, dated May 3, 2011 (the "One Hundred Thirty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to reclassify Compensation Claims as common equity interests in the LBHI, all as more fully described in the One Hundred Thirty-Fourth Omnibus Objection to Claims; and due and proper notice of the One Hundred Thirty-Fourth Omnibus Objection to Claims having been provided to: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the One Hundred Thirty-Fourth Omnibus Objection to Claims.

determined that the relief requested in the One Hundred Thirty-Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Thirty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Thirty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Reclassified*" have the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that the Debtors have adjourned the hearing on the One Hundred Thirtieth Omnibus Objection to Claims to September 28, 2011 with respect to the claims listed on Exhibit 2 annexed hereto; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

2

3

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the One Hundred Thirty-Fourth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      June 30, 2011

                                          *s/ James M. Peck*
                                          HONORABLE JAMES M. PECK
                                          UNITED STATES BANKRUPTCY JUDGE