Presentment Date and Time: July 20, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: July 20, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                                                              :            **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :            **08-13555 (JMP)**
:
**Debtors.**       :            **(Jointly Administered)**
:
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTION 327(e)**
**OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO**
**MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING**
**MOULTON BELLINGHAM PC, AS SPECIAL COUNSEL TO**
**THE DEBTORS, EFFECTIVE AS OF MARCH 1, 2011**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application

(the "Application") of Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated

debtors in the above-captioned chapter 11 cases, as debtors in possession, the "Debtors"),

pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), and

Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule

2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules"), to modify the procedures for compensating and reimbursing Moulton Bellingham PC, as

special counsel to the Debtors, effective as of March 1, 2011, all as more fully described in the

Application, to the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **July 20, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), and served in accordance with General Order M-399 and on: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Moulton Bellingham PC, P.O. Box 2559, Billings, Montana 59103, Attn: Doug James **so as to be so filed and received by no later than July 20, 2011 at 11:00 a.m. (prevailing Eastern Time)** (the

"Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 6, 2011
     New York, New York

             /s/ Richard P. Krasnow
             Richard P. Krasnow

             WEIL GOTSHAL & MANGES LLP
             767 Fifth Avenue
             New York, New York 10153
             Telephone: (212) 310-8000
             Facsimile: (212) 310-8007

             Attorneys for the Debtors
             and Debtors in Possession

Presentment Date and Time: July 20, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: July 20, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                              :
In re                                         :        **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                              :
                          **Debtors.**         :        **(Jointly Administered)**
                                              :
---------------------------------------------------------------x

## APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING MOULTON BELLINGHAM PC, AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF MARCH 1, 2011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors in possession (together, the "Debtors" and collectively with their non-debtor affiliates, "Lehman"), file this Application to employ Moulton Bellingham PC ("Moulton Bellingham") as special counsel and respectfully represent:

### Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this

Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy</u> <u>Code</u>"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for Region 2 (the "<u>U.S.</u> <u>Trustee</u>") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

3.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "<u>Examiner</u>") and by order, dated January 20, 2009, ECF No. 2583, the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010, ECF No. 7531.

4.        On July 1, 2011, the Debtors filed a second amended joint chapter 11 plan and disclosure statement, ECF Nos. 18204 and 18205.

**<u>Jurisdiction</u>**

2.        This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**<u>Lehman's Business</u>**

7.        Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has

been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008, ECF No. 2.

### Relief Requested

9.     The Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), to modify the procedures for compensating and reimbursing Moulton Bellingham as special counsel to the Debtors, effective as of March 1, 2011.  Specifically, Moulton Bellingham has been engaged with respect to the following matters: (i) foreclosure litigation in the United States District Court for the District of Montana; (ii) the defense of lender liability claims asserted in United States District Court for the District of Montana and before the United States Bankruptcy Court for the District of Montana; (iii) Montana state law issues relating to deed in lieu of foreclosure actions, transfers of regulated beverage licenses, transfers of miscellaneous resort licenses, and the transfer of ownership of the assets of a regulated utility company; (iv) Montana employment law issues, (v) Montana real estate transactions; and (vi) other bankruptcy related matters and litigation before the United States Bankruptcy Court for the District of Montana (collectively, the "Representative Matters").

10.     Moulton Bellingham has already been retained as an "Ordinary Course

Professional" (as hereinafter defined below) since December 2009 and this application is solely intended to put in place a different payment mechanism with respect to Moulton Bellingham's fees and expenses incurred in providing those legal services it has heretofore been providing.

### Moulton Bellingham As Ordinary Course Professional

12.     Moulton Bellingham has previously been providing legal services with respect to the Representative Matters, on behalf of the Debtors, as a professional utilized in the ordinary course ("Ordinary Course Professional") in these chapter 11 cases, in accordance with this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25 2010, ECF No. 7822, (the "Amended OCP Order").  Pursuant to the procedures set forth in the Amended OCP Order, such retention became effective upon the filing of the Affidavit of and Disclosure Statement of Doug James on Behalf of Moulton Bellingham, ECF No. 6023, and the expiration of the relevant objection period.

13.     The Amended OCP Order authorizes the Debtors to pay compensation to and reimburse the expenses of Ordinary Course Professionals in the full amount billed by such Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices." As more fully discussed in the affidavit of Doug James, sworn to on June 30, 2011 (the "James Affidavit"), a copy of which is attached hereto as Exhibit A, pursuant to the Amended OCP Order, Moulton Bellingham provided services to the Debtors and was compensated for those services upon the presentation of detailed invoices indicating the nature of the services rendered, which were calculated in accordance with Moulton Bellingham's

4

standard billing practices.

14.    The Amended OCP Order further provides "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period") and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."

15.    To date, the Debtors have paid Moulton Bellingham PC approximately $833,301.66 for services rendered through February 28, 2011.  Moulton Bellingham and the Debtors anticipate that Moulton Bellingham's fees with respect to the Representative Matters during the balance of the chapter 11 cases will exceed said $1 million compensation cap for Ordinary Course Professionals (the "OCP Cap").  Accordingly, the Debtors now seek to retain Moulton Bellingham as special counsel in accordance with the Amended OCP Order and pursuant to section 327(e) of the Bankruptcy Code, the purpose of which is to simply put in place a different mechanism for the processing of its charges.

## Qualifications of Moulton Bellingham PC

16.    As described in the James Affidavit, Moulton Bellingham has extensive knowledge and experience with real estate foreclosures, bankruptcy litigation, and Montana state law issues, including but not limited to employment issues, real estate transfers, beverage licenses transfers, and regulated utility companies.  Moulton Bellingham is a leading litigation and Bankruptcy firm that has represented Debtors and their affiliates in these types of matters since June, 2009.  In addition, Moulton Bellingham's litigation professionals frequently represent individuals and business entities in a wide range of litigation matters including representing

financial institutions with respect to a wide variety of bank matters, such as prosecution of claims relating to promissory notes and attendant security instruments, guarantees, and otherwise against financial obligors.  Additionally, Moulton Bellingham actively engages in the defense of liability actions against lenders in a variety of contexts.

17.    The Debtors believe that in light of Moulton Bellingham's ongoing representation of the Debtors with respect to the Representative Matters, Moulton Bellingham is uniquely able to continue to represent them with respect to those matters in an efficient and effective manner.  If the Debtors are required to retain counsel other than Moulton Bellingham with respect to the Representative Matters, the Debtors, their estates, and all parties in interest will be unduly prejudiced by the time and expense necessary to enable such other counsel to become familiar with these matters.

## Scope Of Services To Be Provided

18.    Subject to further order of this Court, it is proposed that Moulton Bellingham be employed to continue to advise the Debtors with respect to the Representative Matters.

19.    Furthermore, the Debtors request that the modification of the procedures for compensating and reimbursing Moulton Bellingham be made effective as of March 1, 2011, to ensure that Moulton Bellingham is compensated for all of its services to the Debtors.  Establishing March 1, 2011, as the date of Moulton Bellingham's retention as special counsel in these cases will enable Moulton Bellingham to smoothly transition its billing practices and procedures from its prior retention as an Ordinary Course Professional and will enable Moulton Bellingham to be compensated for all of its services rendered to the Debtors which provided value to the Debtors' estates.

**Professional Compensation**

20.    The Debtors propose to pay Moulton Bellingham its customary hourly rates for services rendered that are in effect from time to time, as set forth in the James Affidavit, and to reimburse Moulton Bellingham according to its customary reimbursement policies, in accordance with sections 330(a) and 331 of the Bankruptcy Code.

21.    Moulton Bellingham has informed the Debtors that the current hourly billing rates for Moulton Bellingham partners range from $210/hour to $310/hour; its associates' rates range from $150/hr to $205/hour; and its paralegals and other non-lawyer professionals' rates are $140/hour.  Moulton Bellingham informed the Debtors that the hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted from time to time and in accordance with Moulton Bellingham's established practices and procedures.  The Debtors believe such rates are reasonable and comparable to the rates other firms charge for similar services.

22.    The Debtors understand that in connection with the reimbursement of reasonable and necessary expenses, it is Moulton Bellingham's policy to charge its clients for expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other telephone charges, delivery service, and other expenses incurred in providing professional services.

23.    All of Moulton Bellingham's fees and expenses incurred during these chapter 11 cases will be subject to approval of the Court upon proper application by Moulton Bellingham in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals,

ECF No. 15997, and this Court's Order Amending the Fee Protocol, ECF No. 15998.

### Basis For Relief

22.     The Debtor's knowledge, information, and belief regarding the matters set forth in

this Application are based on and made in reliance upon the James Affidavit.

23.     The retention of Moulton Bellingham under the terms described herein is

appropriate under Bankruptcy Code sections 327(e) and 1107(b). Section 327(e) provides for the

appointment of special counsel where the proposed counsel does not possess any interest materially

adverse to the debtor with regard to the matter(s) that will be handled by counsel. Section 327(e)

provides:

> The trustee, with the court's approval, may employ, for a
> specified special purpose, other than to represent the trustee in
> conducting the case, an attorney that has represented the debtor,
> if in the best interest of the estate, and if such attorney does
> not represent or hold any interest adverse to the debtor or to
> the estate with respect to the matter on which such attorney is
> to be employed.

11 U.S.C. § 327(e). Moreover, Section 1107(b) provides that "a person is not disqualified for

employment under section 327 of this title by a debtor in possession solely because of such

person's employment by or representation of the debtor before the commencement of the case." 11

U.S.C. § 1107(b).

24.     Accordingly, Section 327(e) of the Bankruptcy Code authorizes the retention of

counsel who previously represented a debtor prepetition provided that: (a) the appointment is in

the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the

estate with respect to the matter for which counsel is to be employed; and (c) the specified

special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.,* 174 B.R. 497 (N.D. Ill. 1994); *In re AroChem Corp.,* 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained,* there is no conflict and the representation can stand"). As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to Moulton Bellingham, which has already been retained as an Ordinary Course Professional, and that, therefore, its retention, which is solely intended to put in place a different payment mechanism with respect to their charges, should be approved under section 327(e) of the Bankruptcy Code.

### The Employment and Retention of
### Moulton Bellingham is in the Best Interests of the Estates

25.     As detailed above, the Debtors retained Moulton Bellingham with respect to the Representative Matters pursuant to the procedures set forth in the Amended OCP Order and Moulton Bellingham has been actively providing such services to the benefit of the Debtors, their estates and creditors.  Over the course of its post-petition representation of LBHI, LCPI and their affiliates, Moulton Bellingham has become familiar with the relevant business personnel and operations, as well as the legal matters described in this Application and in the James Affidavit.  The Debtors believe that the employment of Moulton Bellingham as special counsel for the Debtors will enable the Debtors to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with the matters described above. Additionally, the Debtors submit that Moulton Bellingham is well qualified to act as special counsel with respect to the Representative Matters.

27.     For these reasons, the Debtors submit that the employment of Moulton Bellingham is in the best interests of the Debtors, their estates, and creditors.

### Moulton Bellingham Holds No Interest
### Materially Adverse to the Debtors or the Debtors' Estates

28.    To the best of the Debtors' knowledge, and except as may be set forth in the James Affidavit, Moulton Bellingham does not represent or hold any interest adverse to the Debtors, their creditors, any other parties in interest herein, or their respective attorneys or accountants, or the U.S. Trustee, with respect to the matters as to which Moulton Bellingham is to be employed, except as may be set forth in the James Affidavit. *See In re AroChem,* 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention). The Debtors have been informed that Moulton Bellingham will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Moulton Bellingham will supplement its disclosure to the Court.

29.    Moulton Bellingham is not a prepetition creditor of the Debtors.

30.    Based on the foregoing and the disclosures set forth in the James Affidavit, the Debtors submit that Moulton Bellingham does not hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to the matters on which Moulton Bellingham is to be employed.

### Moulton Bellingham Will Not
### Conduct The Debtors' Bankruptcy Case

31.    By separate applications, the Debtors have sought the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel.  By contrast, Moulton Bellingham's postpetition work is limited to the Representative Matters.  None of these matters involve the conduct of the bankruptcy cases themselves.  Additionally, because Moulton Bellingham is

10

not serving as the Debtors' general bankruptcy counsel, the Debtors believe that Moulton Bellingham is not serving as the Debtors' general bankruptcy counsel, the Debtors believe that Moulton Bellingham has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by Moulton Bellingham will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors.  It is the Debtors understanding that Moulton Bellingham will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

32.    As described above, the Debtors' proposed retention of Moulton Bellingham as special counsel to the Debtors falls squarely within the scope of and purpose for which Congress enacted section 327(e).  As stated above, the Debtors do not believe that Moulton Bellingham holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which Moulton Bellingham is proposed to be retained.  Accordingly, the Debtors submit that the retention of Moulton Bellingham with respect to the Representative Matters is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

### Notice

33.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Application in accordance with the procedures set forth in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Moulton Bellingham; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

34.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: July 6, 2011
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
And Debtors in Possession

## EXHIBIT A

**(James Affidavit)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                          :
**In re**                                 :      **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :      **08-13555 (JMP)**
                                          :
                      **Debtors.**        :      **(Jointly Administered)**
                                          :
-------------------------------------------------------------------x

**AFFIDAVIT OF DOUG JAMES FILED ON BEHALF OF
MOULTON BELLINGHAM PC IN SUPPORT OF DEBTORS'
APPLICATION PURSUANT TO SECTIONS 327(e) AND 328 (a) OF THE
BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY
AND RETAIN MOULTON BELLINGHAM PC AS SPECIAL COUNSEL TO DEBTORS**

STATE OF MONTANA           )
                           ) ss:
COUNTY OF YELLOWSTONE      )

Doug James, being duly sworn, states the following based upon personal

knowledge and review of relevant documents:

1.      I am a shareholder of the law firm  Moulton Bellingham PC ("Moulton

Bellingham" or "Firm"), located at 27 N. 27th Street, Suite 1900, Billings, Montana 59101and

am admitted to practice law in: (a) the State of Montana;  (b) the United States District Court

for the District of Montana; (d) the United States Court of Appeals for the Ninth Circuit; .

2.      I submit this affidavit in support of the application dated July 6,

2011 (the "Application") seeking authorization to employ Moulton Bellingham as special

counsel to Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc.

("LCPI") and its affiliated debtors in the above-captioned Chapter 11 cases, as debtors and

debtors in possession (collectively "Debtors") for certain litigation matters relating  to

collection efforts in the state of Montana, including bankruptcy cases and related lender

liability adversary case.

3.     All facts set forth in this affidavit are based upon my personal knowledge or information I obtained from others at Moulton Bellingham regarding conflict matters. The statements herein regarding conflicts are based in part on a review of the conflicts checklist provided to Moulton Bellingham by Weil Gotshal & Manges LLP ("WGM"), the Debtors' general bankruptcy counsel, setting forth certain creditors and other parties in interest relating to Debtors ("<u>Conflicts Checklist</u>").

4.     The Conflict Checklist was reviewed for conflicts by: (i) persons within Moulton Bellingham responsible for maintaining records of the Firm's representations, with the assistance of an attorney at Moulton Bellingham; and (ii) the Firm's Billing Department personnel.  The conflicts checklist was also provided to everyone in the firm including all attorneys and paralegals.  Based on the foregoing review, if I were called upon to testify, I could and would testify competently to the facts set forth herein.

5.     I am authorized to submit this affidavit on behalf of Moulton Bellingham.

### Moulton Bellingham's Services

6.     In or around June 2009 I began representing LCPI, in connection with a State District Court foreclosure action.  In November of 2009, some of the Defendants filed nine separate Chapter 11 Bankruptcy cases before the United States Bankruptcy Court for the District of Montana.   Our representation has included representing LCPI and LBHI in connection with the State Court Foreclosure Action, the nine related Chapter 11 Bankruptcy cases and related Adversary litigation involving multiple Lender liability claims.  Additionally, our representation has included representation of LBHI in connection with other collection efforts which have involved issues relating to Montana employment law, the transfer of

regulated beverage licenses, the transfer of assets of a regulated public utility company, the transfer of miscellaneous resort related licenses, and Montana real estate issues.

7.      My efforts in this regard as well as the efforts of other lawyers at the Firm over the past two years have focused upon the defense of multiple lender liability claims, the collection of obligations owed to LCPI and LBHI, and Montana law issues related to the transfer of collateral assets to Lehman of Lehman related entities.

8.      To maximize recovery for the estate, LBHI and LCPI have asked that Moulton Bellingham PC continue its representation in such matters.

9.      Moulton Bellingham PC has extensive knowledge and experience in representing parties in connection with lender liability claims, Montana foreclosure law, bankruptcy litigation, employment law, the transfer of regulated beverage licenses and utility assets, Montana real estate law, and the transfer of resort related licenses.

10.     Moulton Bellingham PC is a leading mortgage, litigation, real estate, and Bankruptcy firm that has represented LBHI and LCPI, its affiliates.

### "Connections" of Moulton Bellingham

11.     To the best of my knowledge, neither Moulton Bellingham nor I have any "connection" with Debtors, their creditors, any other parties in interest herein, their respective attorneys or accountants, or the Office of the United States Trustee for the Southern District of New York ("UST"), except as stated herein.   As described herein, Moulton Bellingham has been and is involved in certain matters involving certain creditors and other parties in interest; however, the matters are unrelated to the Representative Matters for which Moulton Bellingham has been retained by the Debtors. See *In re AroChem*, 176 F.3d at 622

(emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).

12.    It is my understanding Debtors have retained, among others, the following professionals: **Weil Gotshal & Manges LLP** as general bankruptcy counsel; **Curtis, Mallet-Prevost, Colt & Mosle LLP** as conflicts counsel; and **Alvarez & Marsal North America LLC** as restructuring advisor of those professionals. To the best of my knowledge, after investigation, I do not believe attorneys at Moulton Bellingham have a "connection" with these professionals. Through an email, all attorneys in the firm were asked to disclose any connection with these firms and no connection was identified.

13.    Debtors are a large global enterprise involving perhaps thousands of interested parties. Moulton Bellingham may have represented, currently represent, or in the future represent entities that are interested parties in matters unrelated to the Debtors. Persons within Moulton Bellingham who handle conflicts checks have reviewed the matters for which the Firm has been engaged for "connections" to any of the persons or entities identified in the Conflicts Checklist. For more than twenty years, Moulton Bellingham has maintained records that identify firm clients as well as adverse parties. The persons at Moulton Bellingham responsible for handling conflicts checks reviewed approximately twenty years of Moulton Bellingham's records and identified no matters in which any Lehman entity was listed or identified as an adverse party. Additionally, the conflict checklist was e-mailed to all attorneys, paralegals, and staff in the firm for their personal review. The foregoing review identified the matters described below, none of which include a Lehman entity or any of the representative matters for which Moulton Bellingham has been retained.

14.    The Firm's search results indicate Moulton Bellingham does not currently

represent any of the persons or entities identified in the Conflicts Checklist with only the

following limited exceptions:

   a. Representation of Countrywide Home Loans, Inc. in connection with Montana
      State Court proceedings including: Pilgeram –v– Countrywide Home Loans, Inc.,
      Cause No. DV 09-948A, pending before Montana's Eleventh Judicial District
      Court, in and for Flathead County; Plum –v– Countrywide Home Loans, Inc.,
      Cause No. DV09-48B, pending before Montana's Eighteenth Judicial District
      Court, in and for Gallatin County; and Standley –v– Countrywide Home Loans,
      Inc., Cause No. BDV 08-1346 pending before Montana's Eighth Judicial District
      Court, in and for Cascade County.

   b. Representation of Pawnee Leasing Corp. in the bankruptcy case of Joseph K.
      Powell and Powell Farms before the United States Bankruptcy Court for the
      District of Montana, Case No. 11-60171, wherein the lessor was Blue Chip
      Funding, Inc. [Representation terminated June 2011].

   c. Representation of Rocky Mountain College of Billings, Montana, a/k/a RMC, in
      various matters.

   d. Representation of James M. Ballentine in a commercial transaction in 2010.
      [Representation terminated].

   e. Representation of Level 3 Communications, LLC in a commercial transaction in
      2008. [Representation terminated].

   f. Representation of Wells Fargo Bank, N.A. and U.S. Bank, N. A. in various
      bankruptcy court and district court matters within the State of Montana, none of
      which involve any Lehman entity;

   g. Representation of Farmers Insurance, which is owned by Zurich American
      Insurance Co. in Montana matters;

   h. Representation of various entities insured by Chartis, a successor to an AIG entity
      on matters within the State of Montana.

   i. Representation of Principal Life Insurance Co. in Montana.

   j. Representation of Sun Life Assurance Co. in a matter in Montana.
      [Representation terminated].

    k.  Representation of RBC Dain Rauscher, Inc. on an employment matter.
[Representation terminated].

    l.  Representation of Bank of America in various Montana State District Court cases,
none of which involve a Lehman entity.

15.    Moulton Bellingham has not been and is not currently adverse to the Debtors or
their affiliates.

16.    Some of the banks, companies, investment funds, or other entities and their
affiliates that have been or may be solicited in connection with the sales of assets in the
bankruptcy cases may be clients of Moulton Bellingham in unrelated matters, although
Moulton Bellingham is not at present representing any such client in connection with any such
transaction with the Debtors.

17.    Moulton Bellingham may also represent, in matters unrelated to the Debtors,
persons or entities who may be considered competitors of the Debtors.

18.    Moulton Bellingham will not represent any party whose interest would be
adverse to the Debtors or their estates with respect to the matters for which Moulton Bellingham
is being retained hereunder. Moulton Bellingham will conduct an ongoing review of its
files to ensure that no disqualifying circumstances arise and, if any new relevant facts or
relationships are discovered, Moulton Bellingham will supplement its disclosure to the Court.

**Securities Ownership**

19.    An email was sent to all attorneys at the Firm requesting that they disclose
any ownership of securities of the Debtors (excluding by means of accounts over which the
attorneys hold legal authority but do not have investment discretion, mutual fund holdings
and other similar diversified investment vehicles). In response to such query, no attorneys

indicated that they or others in their households owned securities of the Debtors.

20.    Since the Commencement Date, Moulton Bellingham has represented LBHI pursuant to the OCP Order. Post-petition Moulton Bellingham has billed LBHI the sum of $991,576.60 through April 30, 2011, (representing $949,106.75 in fees and $42,469.85 in costs). As of May 17, 2011, LBHI has paid Moulton Bellingham PC post-petition the sum of $833,301.66. The total amount outstanding as of April 30, 2011, bill is $201,883.38.

21.    Moulton Bellingham does not believe it has rendered "services ... in contemplation of, or in connection with the case" within the meaning of section 239(a) of the Bankruptcy Code.

### Fees and Engagement

22.    Moulton Bellingham's hourly rates and billing policies are based on market conditions among certain firms of a size, location, and practice comparable to the Firm's. The 2011 hourly rates of Moulton Bellingham's shareholders range from $210/hour to $310/hour; its associates' rates range from $150/hr to $205/hour; and its paralegals and other non-lawyer professionals' rates are $140/hour.   These rates are subject to adjustments at such time as Moulton Bellingham modifies such rates for other clients.

23.    Moulton Bellingham intends to apply for compensation for professional services rendered in connection with these Chapter 11 cases subject to approval of the Bankruptcy Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Moulton Bellingham. To the extent that Moulton Bellingham had in place prior to the Commencement Date any special fee arrangement with respect to any matter, that arrangement will remain in place for that matter.

24.    The name of each attorney and paralegal working on matters for LBHI and the

billing rate of each such individual will be reflected in the periodic fee applications filed by or on behalf of Moulton Bellingham.

25.    The hourly rates set forth above are set at a level designed to fairly compensate Moulton Bellingham for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are subject to periodic adjustments to reflect economic and other conditions.

26.    Moulton Bellingham's general policy is to charge clients for certain expenses and disbursements incurred in connection with the client's case, including photocopying, filing and recording fees, courier and messenger charges, travel expenses, computerized research charges, document retrieval, transcription costs, long-distance telephone calls, as well as non-ordinary overhead and other out-of-pocket expense. Moulton Bellingham understands other law firms comparable to it in size, location, and practice also has a general policy to charge clients for such expenses and disbursements incurred in connection with such client's case.

27.    Moulton Bellingham maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in connection with providing services to its clients in accordance with the fee guidelines for this district.

28.    Moulton Bellingham recognizes it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and order of this Court. Moulton Bellingham has reviewed the fee application guidelines promulgated by the UST and will comply with them.

29.    Other than as set forth above, there is no proposed arrangement between the Debtors and Moulton Bellingham for compensation to be paid in these chapter 11 cases.

Moulton Bellingham has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(l) of the Bankruptcy Code.

30.    The foregoing constitutes the statement of Moulton Bellingham pursuant to sections 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 (b).

Dated this 30th day of June, 2011.

FURTHER AFFIANT SAYETH NOT.

DOUG JAMES

STATE OF MONTANA        )
                        :ss.
COUNTY OF YELLOWSTONE    )

On this 30th day of June, 2011, before me, the undersigned, a Notary Public for the State of Montana, personally appeared DOUG JAMES, known to me to be the person(s) whose name is subscribed to the within instrument, and acknowledged to me that he, subscribed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal the day and year in this certificate first above written.

Signature

Luanne Struss
Print or Type Name
Notary Public for the State of Montana
Residing at Billings , Montana
My Commission Expires: 10/17/2012
MM/DD/YYYY

(SEAL)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                                   :
In re                                              :    **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    **08-13555 (JMP)**
                                                   :
                          **Debtors.**             :    **(Jointly Administered)**
                                                   :
---------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(e) OF**
**THE BANKRUPTCY CODE AND RULE 2014 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING**
**THE  MODIFICATION OF THE PROCEDURES FOR COMPENSATING**
**AND REIMBURSING MOULTON BELLINGHAM PC, AS SPECIAL COUNSEL**
**TO THE DEBTORS, EFFECTIVE AS OF MARCH 1, 2011**

Upon consideration of the application, dated July 6, 2011 (the "Application"),[1] of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned

chapter 11 cases, as debtors in possession (collectively, the "Debtors"), pursuant to section

327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the

procedures for compensating and reimbursing Moulton Bellingham PC ("Moulton Bellingham")

as special counsel to the Debtors, effective as of March 1, 2011; and upon the affidavit of Doug

James, Esq. (the " James Affidavit"), filed in support of the Application; and the Court being

satisfied, based on the representations made in the Application and the Calisher Affidavit, that

Moulton Bellingham represents no interest adverse to the Debtors or the Debtors' estates with

respect to the matters upon which it is to be engaged, under section 327(e) of the Bankruptcy

Code as modified by section 1107(b); and the Court having jurisdiction to consider the

Application and Capitalized terms that are used but not defined in this order have the meanings

---
[1]  Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the
    Application.

ascribed to them in the Application.  The relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting

C.J.); and consideration of the Application and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been

provided in accordance with the procedures set forth in the second amended order entered June

17, 2010 governing case management and administrative procedures, ECF No. 9635, to (i) the

United States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New

York; (vi) Moulton Bellingham and (vii) all parties who have requested notice in these chapter

11 cases, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Application is in the best interests of

the Debtors, their estates and their creditors, and all parties in interest and that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Moulton Bellingham as special counsel to the

Debtors on the terms set forth in the Application and this order, for the Representative Matters

identified in the Application and in accordance with Moulton Bellingham's customary rates in

effect from time to time and its disbursement policies; and it is further

ORDERED that Moulton Bellingham shall, solely with respect to fees and expenses to be paid to Moulton Bellingham in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, ECF No. 15997, and the Court's Order Amending the Fee Protocol, ECF No. 15998; and it is further

ORDERED, that Moulton Bellingham shall be reimbursed only for reasonable and necessary expenses as provided by the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, and the United States Trustee Fee Guidelines; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  July __, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE