Hearing Date and Time: July 21, 2011 at 10:00 a.m. (Eastern Time)
Response Deadline: July 7, 2011 at 4:00 p.m. (Eastern Time)

Craig J. Albert
REITLER KAILAS & ROSENBLATT LLC
885 Third Avenue, 20th Floor
New York, NY 10022
Tel.:   (212) 209-3050
Fax:   (212) 371-5500
*Attorneys for Edward J. Agostini Living Trust*
*Dated May 12, 2000, Sylvia Agostini Living*
*Trust Dated May 12, 2000, and*
*Edward J. Agostini and Sylvia Agostini*
*as Joint Tenants with Right of Survivorship*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re:                                                                                    Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.,              Case No. 08-13555 (JMP)

                          Debtors.                                  (Jointly Administered)
------------------------------------------------------------------------x

## RESPONSE OF THE AGOSTINI CLAIMANTS TO
## THE DEBTORS' ONE HUNDRED FORTY-THIRD
## OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      The Edward J. Agostini Living Trust Dated May 12, 2000 (named herein as "Ed Agostini Living Trust DTD 5/12/2000"), the Sylvia Agostini Living Trust Dated May 12, 2000, and Edward J. Agostini and Sylvia Agostini as Joint Tenants with Right of Survivorship (named herein as "Edward J. Agostini and Sylvia Agostini JTWROS")[1] (collectively, the "Agostini Claimants") hereby submit this response to the Debtors' One Hundred Forty-Third Omnibus

---

[1] This response relates to Claim Nos. 67228, 67229, 67230, 67231, 67232 and 67233.

127319

Objection to Claims (Late-Filed Claims) [Docket No. 16856] (the "Claims Objection"), and in support thereof, respectfully represents as follows:

Background and Summary

1. By the Claims Objection, Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-captioned cases (collectively, the "Debtors") seek an order disallowing and expunging certain claims, including Claim Nos. 67228, 67229, 67230, 67231, 67232 and 67233 (the "Agostini Claims") on the ground that the claims were filed after the applicable Bar Date, as set forth in the Bar Date Order of July 2, 2009. *See* Claims Objection, ¶ 2. The sole basis asserted is that the Agostini Claimants' claims were filed after September 22, 2009. *See* Claims Objection, ¶¶ 8, 14.

2. The Agostini Claims were not filed late. These claims relate to wholly executory contracts that were not rejected. The Bar Date Order expressly provides that no proof of claim was required by September 22, 2009. The claims were also listed on the Debtor's Schedules, were not scheduled as "disputed," "contingent," or "unliquidated," and the Agostini Claimants do not dispute the amount, priority or nature of the claim set forth in the Schedules. The Bar Date Order expressly provides that no proof of claim is required at all for such claims.

Facts

3. Each of the Agostini Claimants was a party to both (i) a forward derivatives contract as documented in a Confirmation with Lehman Brothers OTC Derivatives, Inc. ("LOTC"), dated as of May 7, 2007 and (ii) a guarantee contract with LBHI, dated as of April 19, 2007. The derivative contracts at issue were in turn governed by a form of ISDA Master Agreement dated as of April 19, 2007 and a form of ISDA Credit Support Annex dated as of April 19, 2007.

2

4. The forward derivatives contracts that the Agostini Claimants made obligated them to sell certain United Parcel Service Class B common shares to be delivered in May 2011. They received an initial payment for those shares in May 2007. There would be a second payment in May 2011, the amount of which the payor or which would not be determined until May 2011. In addition, the Agostini Claimant were required to deliver 50,000 shares of United Parcel Service Class B common shares to LOTC in May 2007 as collateral, and they did deliver that collateral.

5. The Valuation Date for each forward derivatives contract was May 2, 2011. On that date, the market price of United Parcel Service Class B common shares would determine the parties' final delivery obligations to one another. As of September 22, 2009, therefore, no performance by LOTC was yet due; the contract remained executory.

6. The Valuation Date under the contracts has now passed and the contracts have not been rejected. Based upon the formula set forth in the parties' agreements, the Agostini Claimants are required to deliver less than 50,000 United Parcel Service Class B common shares, and LOTC is holding those shares – and more – today. Indeed, LOTC is holding both the shares that it is owed plus at least 3,592 shares that belong to the Agostini Claimants, and that are not part of the Debtor's Estate. (The number to be delivered is subject to a further adjustment upward to account for dividends on the collateral that that the Debtors have not forwarded to Agostini Claimants during the pendency of these bankruptcy cases.)

<u>Argument</u>

7. Section 2 of the Bar Date Order stated that

You need not file a Proof of Claim if

(1) Your claim is listed on the Schedules and (i) is not described as "disputed," "contingent," or "unliquidated," and (ii) you do not dispute the amount, priority or nature of the claim set forth in the Schedules . . .

3

> If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing a Proof of Claim.

8.  Section 3 of the Bar Date Order established a separate deadline for executory contracts. It provides that

> Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

9.  The Agostini Claimants' claims against LOTC were listed on Schedule G of LOTC's schedules and were not described as "disputed," "contingent," or "unliquidated," and the Agostini Claimants do not dispute the amount, priority or nature of the claim set forth in the Schedules. Accordingly, under the plain terms of the Bar Date Order, the Agostini Claimants were not required to file proofs of claim against LOTC by September 22, 2009. Furthermore, the claims are deemed filed under 11 U.S.C. § 1111(a), which provides that

> (a) A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521 (1) or 1106 (a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated.

10. Presumably LBHI failed to list the Agostini Claimants on its schedules for the same reason that the Agostini Claimants had no need to file a proof of claim against LBHI. As of September 22, 2009, no performance was yet due from LOTC and therefore there was no basis for a guarantee claim against LBHI.

11. Even today, neither LOTC nor LBHI has not rejected the contracts at issue. No proof of claim is yet due under the plain language of Section 3; a proof of claim will not be due until forty-five days following the effective date of such rejection, and that rejection may never come.

4

12.     Solely as a matter of precaution, the Agostini Claimants attempted to file what could be filed in connection with the online Derivatives Questionnaire and the online Guarantee Questionnaire. With respect to the former, the Derivatives Questionnaire process ceased when the question "Have the derivative contracts matured or been terminated?" was answered "No." No further information was requested in the electronic system. With respect to the latter, counsel's attempts to upload any documents failed, perhaps because no guarantee could yet be called upon.

13.     In order to assure that there was at least some record of the Agostini Claimants' executory transaction on record, the Agostini Claimants filed proof of claim forms on December 2, 2010 referencing the underlying contractual obligation and guarantee, and making clear that no proof of claim form was yet due.

## CONCLUSION

WHEREFORE, the Agostini Claimants respectfully request that the Court deny the Claim Objection with respect to the Agostini Claims, deem the Agostini Claims to be timely filed, and grant such other and further relief as this Court deems just, proper and equitable.

Dated:  New York, New York
        July 6, 2011

                                    Respectfully submitted,

                                    REITLER KAILAS & ROSENBLATT LLC
                                    /s/ Craig J. Albert
                            By:     _____
                                    Craig J. Albert
                                    885 Third Avenue, 20th Floor
                                    New York, New York 10022
                                    (212) 209-3050
                                    *Attorneys for Edward J. Agostini Living Trust Dated May 12, 2000, Sylvia Agostini Living Trust Dated May 12, 2000, and Edward J. Agostini and Sylvia Agostini as Joint Tenants with Right of Survivorship*

5