Sabin Willett
Andrew C. Phelan
Evan J. Benanti
Eric Heining
BINGHAM McCUTCHEN LLP
One Federal Street
Boston, MA 02110
(617) 951-8000

*Counsel for Plaintiff State Street Bank and Trust Company*

Howard B. Comet
Denise Alvarez
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
(212) 310-8000

*Counsel for Defendant Lehman Commercial Paper Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>　　　　　Debtor.<br>_____ | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |
| In re<br><br>LEHMAN COMMERCIAL PAPER INC.,<br><br>　　　　　Debtor.<br>_____ | Chapter 11 Case No.<br><br>08-13900 (JMP) |
| STATE STREET BANK AND TRUST COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　　　　　v.<br><br>LEHMAN COMMERCIAL PAPER INC.,<br><br>　　　　　Defendant. | Adv. Proc. No. 08-01743 |

A/74371539.1

### ELEVENTH STIPULATION PARTIALLY RESOLVING
### DISPUTES RAISED IN ADVERSARY PROCEEDING

Plaintiff STATE STREET BANK AND TRUST COMPANY (the "Buyer") and defendant LEHMAN COMMERCIAL PAPER INC. (the "Seller"), hereby stipulate and agree as follows.

### RECITALS

WHEREAS, Buyer on November 19, 2008 brought this adversary proceeding for declaratory and other relief (the "Adversary Proceeding") and filed in connection therewith an Adversary Complaint and a certain Motion For Partial Summary Judgment and Motion for Relief from Rule 7056 Notice Period; and

WHEREAS, prior to the commencement of the Adversary Proceeding, certain disputes had arisen between the Seller and the Buyer with respect to certain loans identified in paragraph 134 of the Adversary Complaint (the "Loans"); and

WHEREAS, the parties thereafter negotiated in good faith to effect a compromise of their legal rights, claims, defenses, and remedies with regard to the Loans and otherwise; and

WHEREAS, without any admission of fault or liability by any party, the parties have now entered into, and wish to obtain this Court's approval of, the Assignment and Assumption Agreement set out as Schedule 1 to this Stipulation (the "Agreement"), which relates to a specific Loan (the Loan subject to the Agreement, the "Specified Loan"), and have reserved all of their rights, claims, defenses and remedies with regard to each Loan that is not the Specified Loan; and

WHEREAS, the parties have agreed that, for the Specified Loan, the Seller sold the Assigned Interest to the Buyer, effective as of a date (the "Assignment Date"), all as provided in the Agreement; and

WHEREAS, the parties now wish to (a) stipulate as to the ownership of the Assigned Interest for the Specified Loan, (b) reduce the scope of the disputes that may remain at issue in the Adversary Proceeding, (c) continue negotiating with a view to agreeing on terms by which any dispute as to the one remaining Loan may become subject to an assignment and assumption agreement or otherwise resolved, and (d) otherwise reserve all of their rights and remedies, and to that end have entered into the Agreement.

NOW THEREFORE, the parties hereby stipulate and agree that:

1. The Agreement is valid and binding on the parties thereto.

2. With regard to the Specified Loan, Seller shall take any and all actions that Buyer shall reasonably request to further evidence or confirm Buyer's ownership interest in the Assigned Interest thereof, including, without limitation, notifying each obligor on such Specified Loan to make all payments thereon as directed by Buyer, confirming to any lending agent on a Specified Loan that is a syndicated loan that Buyer is the owner of the Assigned Interest in such Specified Loan, and delivering, assigning or otherwise transferring to Buyer any interest in any collateral held by Seller securing the obligations in respect of any Specified Loan to the extent included in the Assigned Interest. Buyer is authorized to file or record any assignments of Uniform Commercial Code financing statements naming Seller as a secured party and covering any interest in any collateral for a Specified Loan to the extent included in the Assigned Interest,

and Seller will assign to Buyer any real estate mortgage or deed of trust securing the obligations in respect of any Specified Loan to the extent included in the Assigned Interest.

3. Any obligor on a Specified Loan that makes a payment on or in respect of the Specified Loan to or as directed by Buyer shall be discharged on the obligation to the extent of the payment. If Seller shall receive any payment on a Specified Loan, Seller shall hold the payment in trust for the benefit of Buyer and shall promptly deliver the payment to Buyer in the identical form received together with any necessary endorsements. Any amendment, waiver or other modification of the terms of any Specified Loan, properly executed by and between the Buyer, its successors or assigns and the obligor will be binding on the parties thereto and the Buyer, its successors and assigns. The obligor may rely upon the terms of the Specified Loan as so amended, waived or modified without any approval or other involvement of Seller.

4. The parties will continue to negotiate in good faith concerning the Loans that are not Specified Loans, and may agree to extend scheduling deadlines in this Adversary Proceeding pursuant to prior stipulations approved by the Court on January 28, February 24, March 10, March 26, April 7, May 1, May 27, and June 25, 2009, or if they mutually agree that further extensions are likely to further reduce the scope of their disputes. All parties reserve their respective rights in the event that further negotiations do not yield additional compromises.

5. The Court will retain jurisdiction of this matter including, without limitation, the power to enforce the terms of this Stipulation and enter such further orders as may be necessary and appropriate to carry out its terms.

- 5 -

| **STATE STREET BANK AND TRUST COMPANY** | **LEHMAN COMMERCIAL PAPER INC. and agreed to by LEHMAN BROTHERS HOLDINGS INC.,** |
|---|---|
| *By its attorneys,* | *By their attorneys,* |
| /s/  Andrew C. Phelan | /s/  Howard B. Comet |
| Sabin Willett (*admitted pro hac vice*)<br>Andrew C. Phelan (*admitted pro hac vice*)<br>Evan J. Benanti<br>Eric Heining (*admitted pro hac vice*)<br>BINGHAM McCUTCHEN LLP<br>One Federal Street<br>Boston, MA 02110<br>(617) 951-8000 | Howard B. Comet<br>Denise Alvarez<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8000 |

**SO ORDERED.**

Dated: _____, 2011

_____
James M. Peck
United States Bankruptcy Judge

# SCHEDULE 1

**(300 South Wacker)**

## ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (this "<u>Assignment</u>") is made as of June 16, 2011 (the "<u>Execution Date</u>") but effective as of the Assignment Date (as hereinafter defined), and is entered into by and between LEHMAN COMMERCIAL PAPER INC. (the "<u>Assignor</u>"), and STATE STREET BANK AND TRUST COMPANY (the "<u>Assignee</u>").

## RECITALS

A.  Assignee acquired all right, title and interest in and to the Assigned Interest (as defined below) from Assignor pursuant to the terms and conditions of the Repo Documents (as defined below).

B.  The Loan (as defined in the Loan Agreement identified below) was fully funded as of the Assignment Date.

C.  The parties desire to confirm and evidence the assignments and assumptions set forth in this Assignment.

NOW, THEREFORE, in consideration of the mutual promises and covenants herein contained, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

## AGREEMENT

1.  <u>Certain Capitalized Terms</u>.  The terms "Agent," "Lender," "Loan," and "Person" as used herein shall have the meanings given to them in the Loan Agreement identified below in Section 6 (the "<u>Loan Agreement</u>").

2.  <u>Standard Terms and Conditions</u>.  The Standard Terms and Conditions set forth in Annex 1 attached hereto are hereby agreed to and incorporated herein by reference and made a part of this Assignment as if set forth herein in full.

3.  <u>Assignment</u>.

(a)  The Assignor hereby irrevocably confirms that, pursuant to the Repo Documents, Assignee's acquisition of the Assigned Interest from Assignor occurred prior to the Assignment Date (as defined below); but such Assigned Interest was, prior to the Assignment Date, subject to Assignor's contractual rights to repurchase the Assigned Interest and other contractual rights with respect to the management of, and receipt of principal, interest and other income derived from, the Assigned Interest to the extent set forth in the Repo Documents.  The Assignor, Assignee and Lehman Brothers Holdings Inc. ("<u>LBHI</u>") also specifically confirm that the assignment of the Assigned Interest is without recourse and without representation or warranty express or implied of any kind whatsoever (other than as specifically set forth herein or in any of the Repo Documents).

A/72832359.3

(b)     Subject to Section 3(c) below, the "Assigned Interest" means (i) all rights of the Lender under the Loan Agreement and the other documents and instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below (including, without limitation, any letters of credit and/or guarantees to the extent applicable), and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as Lender) against any Person whether known or unknown, arising under or in connection with the Loan Agreement or any of the other documents or instruments delivered pursuant thereto or in any way based on or related to any of the foregoing, including, but not limited to, contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity, related to the rights sold and assigned described in clause (i) above.

(c)     The Assigned Interest shall exclude all claims, suits, causes of action and any other right of the Assignor (in its capacity as Lender) against Assignor or any of its affiliates or any of their respective officers, directors, members, shareholders, employees, agents or counsel solely in Assignor's or its affiliates' capacity as Lender; provided, however, if any claim, counterclaim, suit, cause of action or other proceeding, or any defense, setoff or rescission or other legal or equitable right or remedy, is alleged or brought by any party against Assignee or its successors or assigns on account of or arising from obligations or liabilities not assumed by the Assignee hereunder, including, but not limited to, acts or omissions of Assignor or its Affiliates in its capacity as Lender (and to the extent Assignee has not colluded with such claimant to avoid the effect of such exclusion in favor of Assignor), Assignee and its successors and assigns shall have and hereby reserve the right to sue, join, proceed or make any claim or counterclaim against Assignor or any of its affiliates or any of their respective officers, directors, members, shareholders, employees, agents or counsel in connection therewith.

(d)     Nothing in this Assignment shall limit, nullify, affect or waive any claim, suit, cause of action or any other right (i) against any borrower, guarantor, pledgor, endorser or indemnitor or other party directly or indirectly liable under Loan Agreement or any of the other documents or instruments delivered pursuant thereto, or any of its affiliates or any of their respective officers, directors, members, partners, shareholders, employees, agents or counsel ("Borrower Parties"), (ii) against any lender, agent, trustee, servicer or participant other than Lender, or (iii) that Assignee may have against Assignor or its affiliates or any lender, agent, trustee or other party under the Repo Documents.

4.     Assumption.  Assignee hereby irrevocably assumes from the Assignor, from and after the Assignment Date, all of the Assignor's duties, obligations and liabilities as a Lender under (x) the Loan Agreement and (y) if any, under the other documents and instruments delivered pursuant thereto described on Schedule 2 attached hereto and incorporated herein by reference (collectively, the "Loan Assumption Documents"), to the extent related to the amount and percentage interest identified below (the "Assumed Interest"); provided however, that, notwithstanding anything to the contrary in this Assignment, Assignee shall not and does not assume any obligation or liability with respect to the Assumed Interest or the Loan Assumption Documents to the extent such obligation or liability arose or accrued prior to the Assignment Date or arises out of any act, or omission of a known duty, of Assignor, its assigns, lenders, creditors, trustees, agents, servicers, representatives, officers, directors, employees or affiliates.

A/72832359.3

5. <u>Recourse</u>. The assignment made pursuant to this Assignment is being made without recourse, representation or warranty to the Assignor except as expressly provided in this Assignment or the Repo Documents.

6. <u>Description of the Loan</u>.

(a) Assignor: LEHMAN COMMERCIAL PAPER INC.

(b) Assignee: STATE STREET BANK AND TRUST COMPANY

(c) Borrower: SOUTH WACKER FINANCIAL MEZZANINE, LLC

(d) Agent: Not applicable

(e) Loan Agreement: The Mezzanine Loan Agreement, dated as of July 28, 2005, between Broadway 300 S. Wacker Mezz, LLC, Borrower's predecessor-in-interest ("Original Borrower"), and Lehman Brothers Bank, FSB (n/k/a Aurora Bank FSB) ("<u>LBB</u>"), predecessor-in-interest to LBHI, predecessor-in-interest to Assignor, as amended by that certain First Amendment to Mezzanine Loan Agreement, dated as of October 25, 2005, by and between LBB and Original Borrower, and as assumed by the Borrower pursuant to a Mezzanine Loan Assumption and Substitution Agreement, dated as of September 15, 2006, by and among Original Borrower, Broadway Investment REIT, Broadway Investment Domestic REIT, Borrower, HGGP Capital, LLC, HGGP Capital II, LLC, HGGP Capital III, LLC and LBB. Assignee acknowledges receipt of a copy of the Loan Agreement.

(f) Percentage Interest:

| Maximum Original Aggregate Amount of Commitment/Loan for all Lenders | Principal Amount of Commitment/Loan Assigned as of Assignment Date | Percentage Assigned of Commitment/Loan |
|---|---|---|
| $8,500,000.00 | $4,500,000.00 | 100% |

(g) Assignment Date: September 17, 2008

7. <u>Repo Documents</u>.

(a) Neither this Assignment nor any of the other Assignment Documents (as defined in the Standard Terms and Conditions) waives, alters, modifies, or otherwise amends that certain Master Repurchase Agreement, dated as of May 1, 2007, by and between Assignor and Assignee (together with any amendments, supplements, or confirmations thereto, the "<u>Repo Agreement</u>"), or any of the other documents or instruments executed and/or delivered by Assignee in connection with the Repo Agreement (collectively, with the Repo Agreement, the "<u>Repo Documents</u>"). Assignor and Assignee acknowledge and agree that the Repo Documents are and remain in full force and effect, unmodified, enforceable in accordance with their terms and shall remain in full force and effect unless and until amended or modified by a written agreement (and

3

A/72832359.3

only to the extent provided therein) executed hereafter in accordance with the provisions of the Repo Documents.  In addition, each of Assignor and Assignee hereby otherwise reserves all of its respective rights, remedies, claims and defenses, available at law or in equity, and under the Repo Documents.

(b)    Notwithstanding the foregoing, and consistent with Section 3, the parties agree that this Assignment confirms and memorializes an effective, valid and final transfer of all of the Assigned Interest to Assignee under the Repo Documents, free and clear of all of Assignor's rights including, without limitation, the right to repurchase the Assigned Interest and other reserved rights with respect to the management of, and receipt of principal, interest and other income derived from, the Assigned Interest as set forth in the Repo Documents (provided, however, that Assignor's rights under applicable law to any payments in excess of those to which Assignee is entitled under the Repo Documents, if any, shall not be affected by this sentence). No party shall challenge, directly or indirectly, the effectiveness and validity of the transfer of all of the Assigned Interest to Assignee as aforesaid.  By its joinder herein, LBHI agrees that it does not have, and will not claim or assert, any ownership interest or other rights with respect to all of the Assigned Interest, and LBHI consents to, accepts and acknowledges the assignment and assumption and the other terms and conditions set forth in this Assignment.

(c)    The provisions of this Section 7 shall survive the execution and delivery of this Assignment.

**SIGNATURES ON FOLLOWING PAGE**

4

A/72832359.3

The terms set forth in this Assignment are hereby agreed to by:

ASSIGNOR:

LEHMAN COMMERCIAL PAPER INC., a New York corporation, as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____

Name: _____ Jeffrey Fitts _____
         Authorized Signatory

Title: _____


ASSIGNEE:

STATE STREET BANK AND TRUST COMPANY

By: _____

Name: _____

Title: _____


Signature Page to 300 South Wacker Assignment and Assumption

5

A/72832359.3

The terms set forth in this Assignment are hereby agreed to by:

ASSIGNOR:

LEHMAN COMMERCIAL PAPER INC., a New York corporation, as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____

Name: _____

Title: _____

ASSIGNEE:

STATE STREET BANK AND TRUST COMPANY

By: *[signature]*

Name: **Paul J. Selian**
        **Executive Vice President**
Title: _____

Signature Page to 300 South Wacker Assignment and Assumption

5

A/72832359.3

Consented to and Accepted by:

LEHMAN BROTHERS HOLDINGS INC., a Delaware corporation, as debtor and debtor in possession in its Chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: _____ Jeffrey Fitts
Title: _____ Authorized Signatory

Signature Page to 300 South Wacker Assignment and Assumption

A/72832359.3

## ANNEX 1 TO ASSIGNMENT AND ASSUMPTION

## STANDARD TERMS AND CONDITIONS FOR

## ASSIGNMENT AND ASSUMPTION

1.   Confirmations.

1.1   Assignor.  The Assignor confirms that it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and the other documents executed by Assignor contemporaneously herewith (collectively, with this Assignment, the "Assignment Documents") and to consummate the transactions contemplated hereby and thereby and that the signatory of this Assignment and the other Assignment Documents executed by Assignor is duly authorized to execute and deliver this Assignment and the other Assignment Documents on behalf of Assignor.  Assignor agrees that it will execute and deliver to Assignee such further assurances as Assignee may from time to time reasonably request and which are reasonably acceptable in form and substance to Assignor to further the intent and purpose of this Assignment and the other Assignment Documents, to confirm to Assignee the assignments made herein and in the Assignment Documents.

1.2.   Assignee.  The Assignee confirms that it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and the other Assignment Documents and to consummate the transactions contemplated hereby and thereby and to become a Lender under the Loan Agreement and that the signatory of this Assignment and the other Assignment Documents executed by Assignee is duly authorized to execute and deliver the Assignment Documents on behalf of Assignee. The Assignee further confirms that it is a Qualified Transferee (as said term is defined in the Intercreditor Agreement, dated as of July 28, 2005, by and between Lehman Brothers Bank, FSB (n/k/a Aurora Bank FSB) and Lehman Brothers Bank, FSB (n/k/a Aurora Bank FSB)).

1.3   Assignee's Address for Notices, etc.  Attached hereto as Schedule 1 is all contact information, address, account and other administrative information relating to the Assignee.

2.   Payments.  From and after the Assignment Date, the Assignor, Agent and LBHI shall severally and not jointly make all payments actually received by such party in respect of the Assigned Interest (including payments of principal, interest, fees and other amounts) to the Assignee whether such amounts have accrued prior to or on or after the Assignment Date.

3.   General Provisions.  The confirmations of Assignor and Assignee shall survive the execution and delivery of this Assignment.  This Assignment shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and assigns.  This Assignment may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Assignment by telecopy or electronic transmittal shall be effective as delivery of a manually executed counterpart of this Assignment.  This Assignment shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to the principles of conflicts of law that would require the application of the laws of a jurisdiction other than New York.

A/72832359.3

# SCHEDULE 1 TO ASSIGNMENT AND ASSUMPTION

Notice Address of Assignee:

State Street Bank and Trust Company
1 Lincoln Street
Boston, MA 02111
Attention: Paul Selian
Telephone: (617) 664-0374
Facsimile: (617) 664-3555

With a Copy to:

State Street Bank and Trust Company
Copley Place (Tower 1, Floor 2)
100 Huntington Avenue
Boston, MA 02116
Attention: Bruce Denneen, Vice President and Senior Counsel
Telephone: (617) 937-9865
Facsimile: (617) 664-5650

Wire Instructions of Assignee:

Wachovia Bank, N.A.
Atlanta, GA
ABA # 061000227
Credit: TriMont Real Estate Advisors, Inc. Clearing Account
Account: 2000025192043
Reference: 1171601 – 300 South Wacker

A/72832359.3

## SCHEDULE 2 TO ASSIGNMENT AND ASSUMPTION

## LIST OF LOAN ASSUMPTION DOCUMENTS

1.  Mezzanine Loan Agreement, dated as of July 28, 2005, between Broadway 300 S. Wacker Mezz LLC ("Original Borrower") and Lehman Brothers Bank, FSB n/k/a Aurora Bank FSB ("LBBF"), as assumed by Borrower pursuant to a Mezzanine Loan Assumption and Substitution Agreement, dated as of September 15, 2006, by and among LBBF, Original Borrower, Broadway Investment REIT, Broadway Investment Domestic REIT, South Wacker Financial Mezzanine, LLC ("Borrower"), HGGP Capital, LLC, HGGP Capital II, LLC and HGGP Capital III, LLC (the "Assumption and Substitution Agreement").

2.  Promissory Note, dated July 28, 2005, in the amount of $8,500,000.00 made by Original Borrower, in favor of LBBF, as assumed by Borrower pursuant to the Assumption and Substitution Agreement.

3.  Pledge and Security Agreement, dated as of September 15, 2006, made by Borrower in favor of LBBF and Acknowledgement and Consent dated September 15, 2006 made by Borrower to and for the benefit of LBBF.

4.  Confirmation Statement and Instruction Agreement, dated July 28, 2005, made by Broadway 300 S. Wacker Fee LLC and acknowledged and agreed to by Original Borrower and LBBF.

5.  First Amendment to Mezzanine Loan Agreement, dated as of October 25, 2005, by and between Original Borrower and LBBF, as assumed by Borrower pursuant to the Assumption and Substitution Agreement.

6.  Intercreditor Agreement, dated as of July 28, 2005, by and between LBBF, as senior lender, and LBBF, as mezzanine lender.

7.  Guaranty of Recourse Obligations of Borrower, dated as of July 28, 2005, made by Broadway Investment Domestic REIT and Broadway Investment REIT (collectively, "Original Guarantors") to LBBF.

8.  Environmental Indemnity Agreement, dated as of July 28, 2005, made by Original Guarantors to LBBF.

9.  Environmental Indemnity Agreement, dated as of September 15, 2006, made by Borrower, HGGP Capital, LLC, HGGP Capital II, LLC and HGGP Capital III, LLC (collectively, "Guarantors") in favor of LBBF.

10. Guaranty of Recourse Obligations of Borrower, dated as of September 15, 2006, made by Guarantors in favor of LBBF.

11. Subordination of Management Agreement, dated as of July 28, 2005, made by Original Borrower in favor of LBBF and acknowledged and consented to by Broadway Real Estate Services, LLC.

A/72832359.3

12.     Subordination of Management Agreement, dated as of September 15, 2006, made by Borrower in favor of LBBF and acknowledged and consented to by Lincoln Property Company Commercial, Inc.

13.     Eagle 9 UCC Insurance Policy No. E9006107, dated August 15, 2006, and issued by First American Title Insurance Company to LBBF.

Schedule 1-2

A/72832359.3