WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11 Case No.** |
| | **:** | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | **:** | **08-13555 (JMP)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |

------------------------------------------------------------------x

## NOTICE OF DEBTORS' MOTION FOR
## (i) APPROVAL OF STIPULATION AND ORDER REGARDING
## CHAPTER 11 PLANS AND (ii) STAY OF RELATED DISCOVERY

**PLEASE TAKE NOTICE** that on July 6, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed a Motion for (i) Approval of Stipulation and Order Regarding Chapter 11 Plans and (ii) Stay of Related Discovery (the "Motion"), and that a hearing (the "Hearing") to consider the Motion will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 20, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller and Lori R. Fife); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Elisabetta Gasparini and Andrea B. Schwartz); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Dennis O'Donnell and Evan Fleck); so as to be so filed and received by no later than **July 15, 2011 at 12:00 p.m. (Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  July 6, 2011
      New York, New York

                         /s/ Harvey R. Miller
                         Harvey R. Miller
                         Lori R. Fife

                         WEIL, GOTSHAL & MANGES LLP
                         767 Fifth Avenue
                         New York, New York 10153
                         Telephone: (212) 310-8000
                         Facsimile: (212) 310-8007

                         Attorneys for Debtors
                         and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11 Case No.** |
| | **:** | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | **:** | **08-13555 (JMP)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' MOTION FOR (i) APPROVAL OF STIPULATION AND ORDER
REGARDING CHAPTER 11 PLANS AND (ii) STAY OF RELATED DISCOVERY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), file this

motion (the "Motion") and respectfully state:

**Preliminary Statement**

1. On July 1, 2011, the Debtors filed their proposed second amended joint

chapter 11 plan (the "Debtors' Plan") and related disclosure statement (the "Debtors' Disclosure

Statement"). The Debtors' Plan has the support of the Debtors' largest foreign and domestic

creditors holding more than $100 billion in claims, and thirty (30) large creditors executed plan

support agreements. As a result, substantially all of the proponents of both alternative proposed

chapter 11 plans that were filed in these cases have agreed to hold in abeyance the prosecution of such alternative plans.

2.      The consensus supporting the Debtors' Plan will foster the Debtors' goal of an efficient, expeditious and economical confirmation process.  In furtherance of that objective, members of the Steering Committee (the "Ad Hoc Group Members") of the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group") and the overwhelming majority of the Non-Consolidation Plan Proponents (collectively and together with the Debtors, the "Parties") who executed plan support agreements have agreed, *inter alia*, subject to the terms of the Stipulation and Order attached as Exhibit A hereto (the "Stipulation"), to (i) hold in abeyance and not prosecute their proposed alternative chapter 11 plans so long as there has been no "Termination Event," and (ii) stay any discovery pursuant to the Discovery Protocol Order (defined below).

3.      The Stipulation is in the best interests of the Debtors and all parties in interest.  A provision of the plan support agreements is that the Stipulation must be approved by July 29, 2011.  Accordingly, the Debtors and other Parties request such approval and the stay of discovery pursuant to the Discovery Protocol Order.

## Background

4.      Commencing on September 15, 2008 and periodically thereafter, the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    On March 15 and April 14, 2010, the Debtors filed proposed joint chapter 11 plans [Docket No. 7572 and 8330], and on April 14, 2010, the Debtors filed a related proposed disclosure statement [Docket No. 8332].  On January 25, 2011, the Debtors filed a proposed first amended joint chapter 11 plan [Docket No. 14150] and related disclosure statement [Docket No. 14151].  On June 29, 2011, the Debtors filed a proposed second amended joint chapter 11 plan [Docket No. 18124] and related disclosure statement [Docket No. 18125].

6.    On December 15, 2010, the Ad Hoc Group filed a proposed joint substantively consolidating chapter 11 plan [Docket No. 13504] and related disclosure statement [Docket No. 13505] for certain of the Debtors.  On April 27, 2011, the Ad Hoc Group filed a proposed amended joint substantively consolidating chapter 11 plan [Docket No.16315] (the "Ad Hoc Plan") and related disclosure statement [Docket No.16316] (the "Ad Hoc Disclosure Statement") for certain of the Debtors.

7.    On April 25, 2011, the Non-Consolidation Plan Proponents filed a proposed joint chapter 11 plan [Docket No. 16229] (the "Non-Consolidation Plan") and related disclosure statement [Docket No. 16230] (the "Non-Consolidation Disclosure Statement") for certain of the Debtors.

8.    On April 14, 2011, an Order Establishing Schedule and Procedures in Connection with Discovery Related to Plan Confirmation and Other Issues [Docket No. 16003] (the "Discovery Protocol Order") was entered.  The Discovery Protocol Order governs all discovery in connection with the proposed filed chapter 11 plans and disclosure statements by the Debtors and the participants under that protocol.  Discovery pursuant to the Discovery Protocol Order is in its initial stages involving document production among the participants.

9.     On July 1, 2011, after weeks of intense negotiations among the Debtors and their largest creditors, plan support agreements were agreed to and executed.  With the support referred to above, the Debtors filed the Debtors' Plan [Docket No. 18204] and related Debtors' Disclosure Statement [Docket No. 18205] with the support of those creditors.

## **The Stipulation**[1]

10.     Pursuant to the Stipulation, the Ad Hoc Group Members agree to hold in abeyance and not to prosecute or seek confirmation of the Ad Hoc Group Plan or seek approval of the Ad Hoc Group Disclosure Statement subject to the terms of the Stipulation.  Likewise, the Non-Consolidation Plan Proponent Parties agree to hold in abeyance and not to prosecute or seek confirmation of the Non-Consolidation Plan or seek approval of the Non-Consolidation Disclosure Statement subject to the terms of the Stipulation.  Each of the Parties agrees to stay all discovery currently pending against any of the other Parties pursuant to the Discovery Protocol Order, and to not commence any other discovery against any other Party related to the Debtors' Plan, Debtors' Disclosure Statement, the Ad Hoc Group Plan, the Ad Hoc Group Disclosure Statement, the Non-Consolidation Plan, or the Non-Consolidation Disclosure Statement.  One condition of the Stipulation is that within five (5) business days after the Effective Date of the Stipulation, which has occurred, the Debtors seek approval of the Stipulation and a stay of the Discovery Protocol Order.

11.     Each of the creditors party to the Stipulation is entitled to declare a "Termination Event" under the Stipulation under certain circumstances.  If a Termination Event has been declared prior to the approval of the Debtors' Disclosure Statement, the Debtors will

---

[1] This summary is qualified in its entirety by the terms of the Stipulation.  To the extent there are any inconsistencies between this summary and the Stipulation, the terms of the Stipulation shall control.

adjourn the hearing pursuant to section 1125 of the Bankruptcy Code for approval of the Debtors' Disclosure Statement to a date that is at least 25 days after the Termination Event. If a Termination Event has been declared subsequent to approval of the Debtors' Disclosure Statement, the Debtors will request a determination from the Court on not less than 25 days notice that the Termination Event shall not require resolicitation before they may proceed with the confirmation hearing of the Debtors' Plan and each other Party shall be entitled to oppose such request. If the Debtors' request is denied and the Court directs resolicitation and approval of a further modified disclosure statement to provide adequate information to creditors entitled to vote on the Plan, the Debtors' right to pursue sequencing of the solicitation and confirmation process and the rights of each other Party to oppose such sequencing shall be fully preserved. Further, if a plan support agreement is terminated in accordance with its terms, the terminating Party will be permitted to reinstate or pursue any and all discovery as to which they would be entitled under the Federal Rules of Civil Procedure, Bankruptcy Rules or any other applicable rule, law or Court order and the non-terminating Parties may pursue any and all such discovery against the terminating Party.

12.     Approval of the Stipulation, including the Debtors' obligations in the event a Termination Event is declared, is an important condition to the non-Debtor Parties' consent to hold in abeyance the pursuit of their respective chapter 11 plans while the Debtors seek to confirm the Debtors' Plan. In addition, if the Stipulation is not approved, each of the non-Debtor Parties will have the right to terminate their respective plan support agreement. Accordingly, the terms of the Stipulation, including the Debtors' obligations in the event a Termination is declared, are material to each non-Debtor Parties' decision to support the global settlements encompassed in the Debtors' Plan.

## Relief Requested

13. The Stipulation suspends potential extensive and costly litigation over competing plans and manifold issues. It inures to the benefit of all economic stakeholders. If the Debtors' Plan is confirmed the suspended potential litigation will expire. The Stipulation is consistent with the overall objectives of chapter 11, e.g. achieving a consensual plan in an efficient and economic manner. The Debtors and all parties to the Stipulation urgently request that the Stipulation be approved. A stay of discovery pursuant to the Discovery Protocol Order pending further order of the Court will enable the parties to avoid costly and protracted proceedings that may become academic if the Debtors' Plan is confirmed. A stay of discovery pursuant to the Discovery Protocol Order will not prejudice any substantive rights of any party and, yet, benefit the efficient administration of the chapter 11 cases.

## Approval of the Stipulation is Within the Court's Discretion

14. Section 105(d)(2) of the Bankruptcy Code expressly grants bankruptcy courts broad discretion to issue orders in connection with the administration and processing of chapter 11 plans to ensure the expeditious and efficient management of chapter 11 cases. The bankruptcy court has "substantial flexibility and latitude…to designate, or adjust, the Chapter 11 plan, disclosure statement, and confirmation time lines and procedure" to promote the efficient and economic administration of a chapter 11 case based upon the particular facts and circumstances of the case before it. *In re Aspen Limousine Serv. Inc.*, 187 B.R. 989, 995 (Bankr. D. Colo. 1995), *aff'd*, *In re Aspen Limousine Serv. Inc.*, 193 B.R. 325 (D. Colo. 1996). The Court should exercise its discretion to approve the Stipulation and in the best interest of the administration of the Debtors' chapter 11 cases.

## <u>Notice</u>

15.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Official Service List (as defined in the Discovery Protocol Order); and (vii) all parties who have requested notice in these chapter 11 cases.  No other or further notice need be provided.

16.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors request that the Motion be granted in all respects and that they be granted such other and further relief as is just.

Dated:  July 6, 2011
          New York, New York

/s/ Harvey R. Miller
Harvey R. Miller
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------------- x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (JMP)
                                               :
                        Debtors.               :    (Jointly Administered)
------------------------------------------------------------------- X
```

## STIPULATION AND ORDER

This Stipulation (the "Stipulation and Order"), as of June 30, 2011, is made and entered into by and among Lehman Brothers Holdings Inc. and its debtor affiliates (the "Debtors"), the undersigned members of the Ad Hoc Group of Lehman Brothers Creditors that comprise the Steering Committee of such group (as amended or supplemented from time to time, the "Ad Hoc Group Members"), and the undersigned Non-Consolidation Plan Proponents (as amended or supplemented from time to time, the "Non-Consolidation Plan Proponents" and, together with the Ad Hoc Group Members, the "Creditors"). The Debtors, each of the Ad Hoc Group Members, and each of the Non-Consolidation Plan Proponents shall each be referred to individually as a "Party" and collectively as the "Parties." Terms used but not defined herein shall have the meaning ascribed to such terms in the Modified Plan (as defined below).

WHEREAS, on September 15, 2008 and on various dates thereafter, each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly administered under Case Number 08-13555 (JMP) (together, the "Chapter 11 Cases" and each, a "Chapter 11 Case");

WHEREAS, on January 25, 2011, the Debtors filed the First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [Docket No. 14150] (the "Debtors' Plan"), and the related Debtors' Disclosure Statement for First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code [Docket No. 14151] (the "Debtors' Disclosure Statement");

WHEREAS, on April 25, 2011, the Non-Consolidation Plan Proponents filed their proposed Joint Chapter 11 Plan for Lehman Brothers Holdings Inc. and its Affiliated Debtors Other than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC [Docket No. 16229] (the "Non-Consolidation Plan"), and the related Disclosure Statement for the Joint Chapter 11 Plan for Lehman Brothers Holdings Inc. and its

Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC [Docket No. 16230] (the "Non-Consolidation Disclosure Statement");

WHEREAS, on April 27, 2011, the Ad Hoc Group Members filed their proposed Amended Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC [Docket No.16315] (the "Ad Hoc Group Plan"), and the related Disclosure Statement for the Amended Joint Substantively Consolidating Chapter 11 Plan for Lehman Brothers Holdings Inc. and Certain of its Affiliated Debtors Other Than Merit, LLC, LB Somerset LLC and LB Preferred Somerset LLC [Docket No.16316] (the "Ad Hoc Group Disclosure Statement");

WHEREAS, on April 14, 2011, the Bankruptcy Court entered the Order Establishing Schedule and Procedures in Connection with Discovery Related to Plan Confirmation and Other Issues [Docket No. 16003] (the "Discovery Protocol Order");

WHEREAS, on April 21, 2011, the Bankruptcy Court entered the Order Establishing Schedule for Disclosure Statement Hearing and Related Deadlines for Alternative Disclosure Statements and Plans and Approving Form and Manner of Notice of Disclosure Statement Hearing. [Docket No. 16180];

WHEREAS, on June 30, 2011, the Non-Consolidation Plan Proponents, the Ad Hoc Group Members and the Debtors entered into Plan Support Agreements (the "Plan Support Agreements") pursuant to which the Creditors agreed, among other things, to support the Debtors' Plan and the Debtors' Disclosure Statement (attached to the Plan Support Agreements, the "Modified Plan" and the "Modified Disclosure Statement" in each case including the schedules and attachments thereto), subject to the terms of the applicable Plan Support Agreements;

NOW, THEREFORE, in consideration of the agreements and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  No later than five (5) business days after the Effective Date, the Debtors shall file a motion seeking (i) approval of this Stipulation and Order, and (ii) a stay of discovery pursuant to the Discovery Protocol Order, each in form reasonably acceptable to the Ad Hoc Group Members and the Non-Consolidation Plan Proponents.

2.  Upon the Effective Date, each of the Parties agree (i) to stay any and all discovery currently pending against any of the other Parties pursuant to the Discovery Protocol Order, (ii) that each other Party's obligation to respond to any such discovery is stayed, and (iii) not to commence any other discovery against any other Party related to the Modified Plan, Modified Disclosure Statement, the Ad Hoc Group Plan, the Ad Hoc Group Disclosure Statement, the Non-Consolidation Plan, or the Non-Consolidation Disclosure Statement; *provided* that in the event a Party terminates a Plan Support Agreement in accordance with its terms, such terminating Party, upon three (3)

business days notice, may pursue any and all discovery as to which they would be entitled under the Federal Rules of Civil Procedure, the Federal Bankruptcy Rules of Procedure or any other applicable rule, law or court order and the non-terminating Parties may pursue any and all such discovery against the terminating Party.

3. Each Ad Hoc Group Member agrees to hold in abeyance and shall not (i) prosecute or seek confirmation of the Ad Hoc Group Plan, (ii) seek approval of the Ad Hoc Group Disclosure Statement, or (iii) assist or encourage any other person or entity from pursuing such actions, unless and until a Termination Event (as defined below) shall have occurred and, except as provided in Paragraph 6 hereof, the Requisite Ad Hoc Group Members (as defined below) shall have declared a Termination Event under this Stipulation and Order.

4. Each LBSF Non-Consolidation Plan Proponent (as defined below) agrees to hold in abeyance and shall not (i) prosecute or seek confirmation of the Non-Consolidation Plan, (ii) seek approval of the Non-Consolidation Disclosure Statement, or (iii) assist or encourage any other person or entity from pursuing such actions, unless and until a Termination Event shall have occurred and, except as provided in Paragraph 6 hereof, the Requisite LBSF Non-Consolidation Plan Proponents (as defined below) shall have declared a Termination Event under this Stipulation and Order.

5. Each LBT Non-Consolidation Plan Proponent (as defined below) agrees to hold in abeyance and shall not (i) prosecute or seek confirmation of the Non-Consolidation Plan, (ii) seek approval of the Non-Consolidation Disclosure Statement, or (iii) assist or encourage any other person or entity from pursuing such actions, unless and until a Termination Event shall have occurred and, except as provided in Paragraph 6 hereof, the Requisite LBT Non-Consolidation Plan Proponents (as defined below) shall have declared a Termination Event under this Stipulation and Order.

6. Each of the Creditors shall have the right, at its election and in its sole discretion, to declare a "Termination Event" under this Stipulation and Order upon three (3) business days by written notice to each of the other Parties if any of the following events occurs:

(a) the occurrence of a final nonappealable order denying approval (i) of the Modified Disclosure Statement or (ii) confirmation of the Modified Plan; *provided* that Creditor shall not have the right to terminate this Agreement pursuant to this clause (a) if the court declines to approve the Modified Disclosure Statement or denies confirmation of the Modified Plan subject only to modifications to the Modified Disclosure Statement or Modified Plan that would not provide the Creditor with a right to terminate the Plan Support Agreement; or

(b) the Modified Plan shall not have become effective on or before March 31, 2012.

7.      The Requisite Ad Hoc Group Members shall have the right, at their election in their sole discretion, to declare a "<u>Termination Event</u>" under this Stipulation and Order upon three (3) business days written notice to each of the other Parties if the Plan Support Agreement executed by the Ad Hoc Group Members has been terminated by the Requisite Ad Hoc Group Members pursuant to Section 4.03(iii) thereof only with respect to Senior Unsecured Claims against LBHI.

8.      The Requisite LBSF Non-Consolidation Plan Proponents shall have the right, at their election in their sole discretion, to declare a "<u>Termination Event</u>" under this Stipulation and Order upon three (3) business days written notice to each of the other Parties if the Plan Support Agreement executed by the LBSF Non-Consolidation Plan Proponents has been terminated by the Requisite LBSF Non-Consolidation Plan Proponents pursuant to Section 4.03(iii) thereof only with respect to General Unsecured Claims against LBSF in Class 4A of the Modified Plan or related Guarantee Claims against LBHI.

9.      The Requisite LBT Non-Consolidation Plan Proponents shall have the right, at their election in their sole discretion, to declare a "<u>Termination Event</u>" under this Stipulation and Order upon three (3) business days written notice to each of the other Parties if the Plan Support Agreement executed by the LBT Non-Consolidation Plan Proponents has been terminated by the Requisite LBT Non-Consolidation Plan Proponents pursuant to Section 4.03(iii) thereof only with respect to Senior Third-Party Guarantee Claims against LBHI or the Senior Affiliate Claim of LBT against LBHI.

10.     If a Termination Event has been declared in accordance with this Stipulation and Order, (a) prior to the approval of the Modified Disclosure Statement, then the Debtors agree to adjourn the hearing pursuant to section 1125 of the Bankruptcy Code for approval of the Modified Disclosure Statement to a date that is at least 25 days after the Termination Event or (b) subsequent to approval of the Modified Disclosure Statement, then the Debtors shall request a determination from the Bankruptcy Court on not less than 25 days notice that the Termination Event shall not require resolicitation before they may proceed with the confirmation hearing of the Modified Plan and each LBSF Non-Consolidation Plan Proponent, LBT Non-Consolidation Plan Proponent, and Ad Hoc Group Member shall be entitled to oppose such request. If the Debtors' request is denied and the Bankruptcy Court directs resolicitation and approval of a further modified disclosure statement to provide adequate information to creditors entitled to vote on the Plan, the Debtors' right to pursue sequencing of the solicitation and confirmation process and the rights of each LBSF Non-Consolidation Plan Proponent, LBT Non-Consolidation Plan Proponent, and Ad Hoc Group Member to oppose such sequencing shall be fully preserved.

11.     Nothing in this Stipulation and Order prevents any Party from seeking by motion or otherwise a determination by the Court that a Termination Event has not occurred or that the Stipulation and Order remains in full force and effect.

12.     For purposes of this Stipulation and Order:

(a)     "Effective Date" means the date upon which this Stipulation and Order is fully executed by the Parties.

(b)     "LBHI" means Lehman Brothers Holdings Inc.

(c)     "LBSF" means Lehman Brothers Special Financing Inc.

(d)     "LBSF Non-Consolidation Plan Proponents" means each of the entities identified on Schedule I hereto

(e)     "LBT" means Lehman Brothers Treasury Co. B.V.

(f)     "LBT Non-Consolidation Plan Proponents" means each of the entities listed on Schedule II hereto.

(g)     "Requisite Ad Hoc Group Members" means the Ad Hoc Group Members holding a majority of the aggregate amount of Senior Unsecured Claims against Lehman Brothers Holdings Inc. held by all Ad Hoc Group Members, as of any date of determination.

(h)     "Requisite LBSF Non-Consolidation Plan Proponents" means the LBSF Non-Consolidation Plan Proponents holding a majority of the aggregate amount of claims against LBSF held by all LBSF Non-Consolidation Plan Proponents, as of any date of determination (based upon the amount of claims asserted by such Non-Consolidation Plan Proponent in a proof of claim as of such date).

(i)     "Requisite LBT Non-Consolidation Plan Proponents" means the LBT Non-Consolidation Plan Proponents holding a majority in the aggregate amount of claims against LBT of all LBT Non-Consolidation Plan Proponents, as of any date of determination (based upon the amount of claims asserted by such Non-Consolidation Plan Proponent in a proof of claim as of such date).

13.     Miscellaneous Provisions

(a)     Upon the occurrence of the Effective Date of the Modified Plan, the Parties shall not have any further rights or obligations under this Stipulation and Order.

(b)     No rights or obligations of any Party under this Stipulation and Order may be assigned or transferred to any other entity.  In the event that (i) the Ad Hoc Group Members' aggregate holdings of Senior Unsecured Claims against LBHI are less than 60% of the aggregate amount of such Claims beneficially owned by the Ad Hoc Group Members as of the date hereof, the Ad Hoc Group Members shall have no further right to declare a Termination Event under this Stipulation and Order, (ii) the LBSF Non-Consolidation Plan Proponents' aggregate holdings of Derivative Claims against LBSF (and related Guarantee Claims against LBHI) are less than 60% of the aggregate amount

of such Claims beneficially owned by LBSF Non-Consolidation Plan Proponents as of the date hereof, the Non-Consolidation Plan Proponents shall have no further right to declare a Termination Event under this Stipulation and Order, and (iii) the LBT Non-Consolidation Plan Proponents' aggregate holdings of Senior Third-Party Guarantee Claims against LBHI are less than 60% of the aggregate amount of such Claims beneficially owned by the LBT Non-Consolidation Plan Proponents as of the date hereof, the LBT Non-Consolidation Plan Proponents shall have no further right to declare a Termination Event under this Stipulation and Order. Concurrently with a declaration of a Termination Event, the Requisite Ad Hoc Group Members, the Requisite Non-Consolidation Plan Proponents or the Requisite LBT Non-Consolidation Plan Proponents declaring the Termination Event shall provide to the Debtors, on a confidential basis, a schedule as of such date of the total dollar amount of the Claims beneficially owned by such Creditors.

(c)     All notices and other communications given or made pursuant to this Stipulation and Order shall be deemed given if in writing and if sent by confirmed electronic mail, facsimile, courier, or by registered or certified mail (return receipt requested) to the following addresses and facsimile numbers:

To the Debtors at:
1271 Avenue of the Americas, 39th Floor
New York, New York 10020
Attn: Daniel J. Ehrmann
Facsimile: (646) 834-0874
Email: dehrmann@alvarezandmarsal.com

With a copy (which shall not constitute notice) to:
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Lori R. Fife, Esq.
Facsimile: (212) 310-8007
Email: lori.fife@weil.com

To the Ad Hoc Group Members at:
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036-2787
Attn: Gerard H. Uzzi
Facsimile: (212) 354-8113
E-Mail:guzzi@ny.whitecase.com

To the Non-Consolidation Plan Proponents at:
the addresses identified for the Non-Consolidation Plan Proponents on the applicable signature pages hereto,

or to such other address as may have been furnished by a Party to the other Party by notice given in accordance with the requirements set forth above. Any notice given by delivery, mail or courier shall be effective when received. Any notice given by facsimile or electronic mail shall be effective upon oral or machine confirmation of transmission.

(d)     Other than the Plan Support Agreements, this Stipulation and Order constitutes the entire and only agreement of the Parties concerning the subject matter hereof. This Stipulation and Order supersedes and replaces any and all prior or contemporaneous verbal or written agreements between the Parties concerning the subject matter hereof. The Parties acknowledge that this Stipulation and Order is not being executed in reliance on any verbal or written agreement, promise or representation not contained herein or therein.

(e)     Nothing in this Stipulation and Order shall limit in any way the right of the Creditors to participate in the Debtors' Chapter 11 Cases; *provided* that such participation does not violate and is not inconsistent with the terms of this Stipulation and Order. If this Stipulation and Order is terminated for any reason, the Parties fully reserve any and all of their rights.

(f)     Except as expressly provided herein, this Stipulation and Order and all communications and negotiations among the Parties with respect hereto are without waiver of or prejudice to the Parties' rights and remedies and the Parties hereby reserve all claims, defenses and positions that they may have with respect to each other or any other person or entity. The Parties further agree and represent that neither this Stipulation and Order, nor any of the terms hereof, nor any negotiations or proceedings in connection herewith, shall constitute or be construed as or be deemed to be evidence of an admission on the part of any Party of any liability or wrongdoing whatsoever, or the truth or untruth, or merit or lack of merit, of any claim or defense of any Party, nor shall this Stipulation and Order, or any of the terms hereof, or any negotiations or proceedings in connection herewith, or any performance or forbearance hereunder, be referenced, offered or received in evidence, or used in any proceeding against any Party or its affiliates, except with respect to the effectuation and enforcement of this Stipulation and Order.

(g)     This Stipulation and Order may not be modified or amended orally. This Stipulation and Order only may be modified or amended by a writing signed by a duly authorized representative of each Party hereto; provided, however, any member of the Ad Hoc Group of Lehman Brothers Creditors and any Non-Consolidation Plan Proponent and any other creditor that has executed or executes a conforming Plan Support Agreement may elect to be added as a Party for purposes of Paragraph 2 hereof by delivering notice to each Party to this Stipulation and Order without the need for a further writing signed by each Party. Any waiver of compliance with any term or provision of this Stipulation and Order on the part of either Party must be provided in a writing signed by the other Party. No waiver of any breach of any term or provision of this Stipulation and Order shall be construed as a waiver of any subsequent breach

(h)     This Stipulation and Order may be executed in counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement.  The signatures of each of the Parties need not appear on the same counterpart.  A facsimile or imaged copy of any signature shall be as valid as the original.

(i)     If any term or other provision of this Stipulation and Order is invalid, illegal or incapable of being enforced, all other terms and provisions of this Stipulation and Order shall nevertheless remain in full force and effect so long as the economic or legal substance of the transactions contemplated hereby is not affected in any manner material and adverse to any of the Parties hereto.  Upon any determination that any term or other provision is invalid, illegal, or incapable of being enforced, each Party shall negotiate in good faith to modify this Stipulation and Order so as to effect the original intent of this Stipulation and Order as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

(j)     EACH OF THE PARTIES HERETO HEREBY AGREES NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND HEREBY KNOWINGLY, VOLUNTARILY, INTENTIONALLY, UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THIS STIPULATION AND ORDER OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH OR IN RESPECT OF ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENT (WHETHER VERBAL OR WRITTEN) OR ACTION OF ANY PARTY OR ARISING OUT OF ANY EXERCISE BY ANY PARTY OF ITS RESPECTIVE RIGHTS UNDER THIS STIPULATION AND ORDER OR IN ANY WAY RELATING TO THE TRANSACTIONS CONTEMPLATED HEREBY (INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO ANY ACTION TO RESCIND OR CANCEL THIS STIPULATION AND ORDER AND WITH RESPECT TO ANY CLAIM OR DEFENSE ASSERTING THAT THIS STIPULATION AND ORDER WAS FRAUDULENTLY INDUCED OR IS OTHERWISE VOID OR VOIDABLE). THIS WAIVER OF RIGHT TO TRIAL BY JURY IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE. EACH OF THE PARTIES HERETO IS HEREBY AUTHORIZED TO FILE A COPY OF THIS PARAGRAPH 13(j) IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.  THIS WAIVER OF JURY TRIAL IS A MATERIAL INDUCEMENT FOR THE PARTIES HERETO TO ENTER INTO THIS AGREEMENT.

(k)     This Stipulation and Order shall be governed by, and construed and enforced in accordance with, the internal laws of the State of New York, without giving effect to its conflicts of law principles.

(l)     Any suit, action or proceeding against the Debtors or Creditors or any of their respective assets arising out of or under this Stipulation and Order shall be brought in the Bankruptcy Court, and each of the Parties hereby irrevocably and unconditionally submits to the exclusive jurisdiction of such court over the subject matter of any such suit, action, proceeding, dispute or controversy arising from or under this Stipulation and Order.  Each of the Parties irrevocably waives and agrees not to raise any objection it might now or hereafter have to venue or jurisdiction with respect to any such suit, action or proceeding with respect to this Stipulation and Order including any objection that the Bankruptcy Court is an inconvenient forum or that there is any other suit, action or proceeding in any other place relating in whole or in part to the same subject matter.

[SIGNATURE PAGES TO FOLLOW]

IN WITNESS WHEREOF, each Party by his or its duly authorized representative has executed this Agreement as of the date first written above:

LEHMAN BROTHERS HOLDINGS INC., LEHMAN COMMERCIAL PAPER INC., LEHMAN BROTHERS COMMODITY SERVICES INC., LEHMAN BROTHERS SPECIAL FINANCING INC., LEHMAN OTC DERIVATIVES INC., LEHMAN BROTHERS COMMERCIAL CORPORATION, LB 745 LLC, PAMI STATLER ARMS LLC, CES AVIATION LLC, CES AVIATION V LLC, CES AVIATION IX LLC, LEHMAN SCOTTISH FINANCE L.P., BNC MORTGAGE LLC, LB ROSE RANCH LLC, STRUCTURED ASSET SECURITIES CORPORATION, LB 2080 KALAKAUA OWNERS LLC, MERIT LLC, LB PREFERRED SOMERSET LLC, LB SOMERSET LLC, as Debtors and Debtors in Possession

By: _____
Name: Lori R. Fife
Title: Attorney for the Debtors and Debtors in Possession

LEHMAN BROTHERS DERIVATIVES PRODUCTS INC., LEHMAN BROTHERS FINANCIAL PRODUCTS INC., EAST DOVER LIMITED, LUXEMBOURG RESIDENTIAL PROPERTIES LOAN FINANCE S.A.R.L., as Debtors and Debtors in Possession

By: _____
Name: Lori R. Fife
Title: Attorney for the Debtors and Debtors in Possession

BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 705-7000
Facsimile: (212) 752-5378
Joshua Dorchak
Joshua.dorchak@bingham.com


By: _____
    Joshua Dorchak
    A Member of the Firm

*(Attorneys for Deutsche Bank AG)*

BROWN RUDNICK LLP
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Facsimile: (617) 856-8201
Steven B. Levine
slevine@brownrudnick.com

By: _____
Steven B. Levine
A Member of the Firm

*(Attorneys for Cyrus Capital Partners, LP, Silver Point Capital,
L.P., and York Capital Management Global Advisors, LLC)*

CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Howard R. Hawkins, Jr.
Howard.Hawkins@cwt.com

- and -

700 Sixth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400
Mark C. Ellenberg
Mark.Ellenberg@cwt.com
Peter Friedman
Peter.Friedman@cwt.com

By: _____
        Mark C. Ellenberg
        A Member of the Firm

*(Attorneys for Morgan Stanley & Co. International plc. and Morgan Stanley Capital Services Inc.)*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Thomas J. Moloney
tmoloney@cgsh.com
Sean A. O'Neal
soneal@cgsh.com

By: _____

Sean A. O'Neal
A Member of the Firm

(*Attorneys for Goldman Sachs Bank USA, and Goldman Sachs International*)

CRAVATH SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700
Richard Levin
RLevin *a* cravath.com

By: _____
     Richard Levin
     A Member of the Firm

(*Attorneys for Credit Suisse International*)

DEWEY LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333
Irena M. Goldstein
igoldstein@DeweyLeBoeuf.com

By: _____

Irena M. Goldstein
A Member of the Firm

(*Attorneys for The Royal Bank of Scotland plc*)

DEWEY & LEBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 621-6000
Facsimile: (213) 621-6100
Bruce Bennett
bbennett@dl.com
Monika S. Wiener
mwiener@dl.com

By: _____
    Monika S. Wiener
    Counsel

*(Attorneys for certain funds managed by and/or affiliated with: Angelo, Gordon & Co., L.P., Contrarian Capital Management, LLC, Goldentree Asset Management, LP, Hayman Capital Management, LP, Knighthead Capital Management, LLC, Mount Kellett Capital Management, and Oaktree Capital Management, L.P.)*

WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 11036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Gerard Uzzi
guzzi@whitecase.com
J. Christopher Shore
cshore@whitecase.com

By: _____
Gerard Uzzi
A Member of the Firm

*(Attorneys for the Ad Hoc Group Members in their capacity
as the Steering Committee for the Ad Hoc Group of Lehman
Brothers Creditors)*

SO ORDERED this _____ day of _____ 2011

_____
UNITED STATES BANKRUPTCY JUDGE

<u>Schedule I</u>
<u>List of LBSF Non-Consolidation Plan Proponents</u>

Credit Suisse International
Deutsche Bank AG
Goldman Sachs Bank USA (successor by merger to Goldman Sachs Capital Markets, L.P.)
Goldman Sachs International
Morgan Stanley & Co. International plc.
Morgan Stanley Capital Services Inc.
The Royal Bank of Scotland plc

<u>Schedule II</u>
<u>List of LBT Non-Consolidation Plan Proponents</u>

Angelo, Gordon & Co., L.P.
Contrarian Capital Management, LLC
Cyrus Capital Partners, LP
Goldentree Asset Management, LP
Hayman Capital Management, LP
Knighthead Capital Management, LLC
Mount Kellett Capital Management
Silver Point Capital, L.P.
York Capital Management Global Advisors, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                           :

In re                                   :         **Chapter 11 Case No.**
                                             :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                             :

                       **Debtors.**           :         **(Jointly Administered)**
                                             :

-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION FOR**
**(i) APPROVAL OF STIPULATION AND ORDER REGARDING**
**CHAPTER 11 PLANS AND (ii) STAY OF RELATED DISCOVERY**

Upon the motion, dated July 6, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in

possession (the "Debtors"), for an order (i) approving a stipulation and order among the Debtors

and various creditors regarding chapter 11 plans filed in these cases and (ii) staying discovery

under the Discovery Protocol Order, all as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided in accordance with the procedures set forth in the second amended order entered on

June 17, 2010 governing case management and administrative procedures for these cases, ECF

No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Official Service List (as defined in the Discovery Protocol Order); and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and all parties in interest and the administration of the chapter 11 cases; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted and the Stipulation be, and the same hereby is approved; and it is further

ORDERED that the implementation of the Discovery Protocol Order and all proceedings thereunder are stayed pending further order of the Court.

Dated: July __, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE