Objection Deadline Date and Time: July 7, 2011 at 4:00 p.m. (as extended)
Hearing Date and Time: July 21, 2011 at 10:00 a.m.

GREENBERG TRAURIG, LLP
Maria DiConza, Esq.
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: diconzam@gtlaw.com

*Attorneys for Optique Pty Ltd ATF Optique Super Pension Fund*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
:
**In re:** : Chapter 11
:
**LEHMAN BROTHERS HOLDINGS, INC.,** : Case No. 08-13555 (JMP)
**et al.**,
:
**Debtors.** : (Jointly Administered)
:
------------------------------------------------------------- x

**RESPONSE OF OPTIQUE PTY LTD ATF OPTIQUE SUPER PENSION FUND (CLAIM NUMBER 5712) TO DEBTORS' ONE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Optique Pty Ltd ATF Optique Super Pension Fund ("Optique"), by and through its undersigned counsel, hereby submits its response (the "Response"), with respect to proof of claim number 5712, to the *Debtors' One Hundred Twentieth Omnibus Objection to Claims (No Blocking Number LPS Claims)* (the "Objection"), filed by the above-captioned debtors and debtors-in-possession on April 15, 2011 [Docket No. 16074]. The facts and circumstances supporting this Response are set forth in the declaration of Keith Masnick (the "Masnick

NY241,298,973v5

Declaration"), which is attached hereto as Exhibit "A" and incorporated herein by reference. In further support of its Response, Optique respectfully states as follows:

**Response**

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Subsequently, eighteen (18) additional affiliates of LBHI (together with LBHI, the "Debtors") filed voluntary petitions for relief in the Bankruptcy Court. These cases are being jointly administered for procedural purposes before Judge James M. Peck as Case No. 08-13555.

2. As of the Petition Date, Optique was the holder of certain Lehman Brothers Global Notes due June 15, 2009 (ISIN XS0305158031) (the "Notes"), issued by Lehman affiliate Lehman Brothers Treasury Co. B.V. ("LBT") and guaranteed by LBHI, in the aggregate principal amount of AUD 100,000.00. The Notes are listed as a Lehman Program Security (defined below) and appear on the LBT bankruptcy trustee's website as a security issued by LBT. The relevant portion of the LBT bankruptcy trustee's website is attached to the Masnick Declaration as Exhibit "1".

3. Optique filed a claim on account of the Notes with Epiq Bankruptcy Solutions, LLC ("Epiq"), the Debtors' claims agent, which was received by Epiq on November 12, 2008, nearly a year before the Bar Date (defined below), and assigned proof of claim number 602 ("Claim No. 602"), a copy of which is attached to the Masnick Declaration as Exhibit "2". On June 30, 2009, Epiq mailed Optique an "Acknowledgment of Receipt of Proof of Claim" with respect to Claim No. 602.

2

4.     On July 2, 2009, the Bankruptcy Court entered an *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order, among other things, established November 2, 2009 (the "Bar Date") as the last date and time for each person or entity to file a proof of claim based on securities issued by the Debtors or one of the Debtors' affiliates outside of the United States, which is identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" (the "Lehman Program Securities"). In addition, the Bar Date Order required that claims for Lehman Program Securities include a blocking number issued by an applicable clearing agency. The Notes were classified as Lehman Program Securities on the Debtors' website.

5.     Upon receipt of a standard proof of claim form following entry of the Bar Date Order, Optique timely re-filed its claim on account of the Notes, which claim was received by Epiq on July 20, 2009 and assigned proof of claim number 5712 ("Claim No. 5712").[1] Claim No. 5712 was filed on the standard proof of claim form approved by the Bankruptcy Court under the Bar Date Order, rather than the Lehman Program Securities proof of claim form, and contained an attachment confirming Optique's ownership of the Notes as of September 30, 2008. A copy of Claim No. 5712 is attached to the Masnick Declaration as Exhibit "3".[2] Claim No. 5712 did not contain a blocking number associated with Optique's holding of the Notes, as

---

[1] Upon receipt of a proof of claim form relating to three affiliated Debtors whose chapter 11 cases were filed in December 2009, Optique submitted a proof of claim on account of the Notes which was received by Epiq on June 1, 2010 and assigned proof of claim number 66716 ("Claim No. 66716"). However, Claim No. 66716 has been expunged by the Bankruptcy Court and Claim No. 5712, which is subject to this Objection, has not been expunged.

[2] By order dated May 26, 2010, Claim No. 602 was expunged as amended by Claim No. 5712.

3

Optique did not understand that it needed to take affirmative steps to obtain a blocking number after having received an acknowledgment from Epiq that its claim had been received.

6. On April 15, 2011, the Debtors filed the Objection. In the Objection, the Debtors object to Claim No. 5712 solely on the grounds that it failed to provide a blocking number. The Objection states that the purpose of requiring claimants to obtain a blocking number is to "confirm the ownership and amount of a particular security for purposes of the proof of claim based on a Lehman Program Security." See Objection, ¶ 11. Thus, the blocking number was required to prevent the Debtors from making multiple distributions on the same obligation. See id.

7. Notwithstanding that Optique did not obtain a blocking number relating to the Notes, Optique has never transferred ownership of the Notes and, at all times relevant to Claim No. 5712, Optique owned the underlying Notes. Indeed, Optique continues to own the Notes at the present time. Holding statements confirming Optique's ownership of the Notes at all relevant times are attached to the Masnick Declaration as Exhibit "4". Optique never authorized any other party to file a proof of claim related to the Notes.

8. Optique has further obtained a letter from ANZ Banking Group Ltd., the custodian of the Notes, which confirms that ANZ Banking Group Ltd. has held the Notes in their custody on behalf of Optique since November 14, 2008. A copy of this letter, together with a holding statement reflecting Optique's current ownership of the Notes, is attached to the Masnick Declaration as Exhibit "5". Optique remains the holder of record of the Notes in the Clearstream system. Optique is investigating whether it can obtain a blocking number at this time.

9. Optique is aware that the Bankruptcy Court has previously addressed issues relating to a creditor's failure to include a blocking number in its proof of claim. See

October 27, 2010 Hearing Transcript ("10/27 Tr."), 14:9 - 41:12.  In addressing this issue, the Bankruptcy Court recognized that there are instances where "good faith attempts to comply coupled with confusion can lead to an excuse."  10/27 Tr. 38: 21-2.  Optique believes that its diligent efforts to file a proof of claim constitute "good faith attempts" sufficient to prevent Claim No. 5712 from being expunged solely due to its failure to obtain a blocking number.  This is not a situation where Optique "willfully held [a blocking number] back because [it] thought it was a stupid requirement."  10/27 Tr. 40: 11-12.  Rather, this is a situation where a foreign creditor holding a small claim has made diligent efforts to file a proof of claim in these cases, as demonstrated by the fact that Optique has filed three proofs of claim on account of the Notes.

10. Indeed, after receiving an "Acknowledgement of Receipt of Proof of Claim" from Epiq, Optique was confused by the notice that it received following entry of the Bar Date Order.  Optique did not understand that it was required to take additional affirmative steps to obtain a blocking number and file a Lehman Program Securities proof of claim form containing such blocking number to prevent its claim from being expunged.  Rather, Optique believed that these additional requirements were inapplicable because it had already received acknowledgement of its claim from the Debtors' claims agent.

11. Claim No. 5712 was timely filed and clearly states the basis and amount of the claim against LBHI.  Moreover, the Debtors have listed the Notes as Lehman Program Securities on account of which they are liable and LBT has acknowledged the Notes on its bankruptcy trustee's website.  It is undisputed that the Debtors (and LBT) owe a debt on account of the Notes.  Instead, this is a situation where, solely for purposes of administrative convenience, the Debtors seek to disallow Claim No. 5712 because it failed to satisfy a technical requirement under the Bar Date Order.

12. Optique submits that, under these facts and circumstances, the failure to obtain a blocking number and include it with Claim No. 5712 should be found to constitute harmless error. Claim No. 5712 should not be expunged merely because Optique did not include a blocking number on its otherwise timely and proper proof of claim form. Neither the Debtors nor any other party in interest have been prejudiced by the submission of Claim No. 5712 without a blocking number. On the other hand, Optique will be significantly prejudiced if the Objection is sustained. Thus, expunging Claim No. 5712 solely because it did not include a blocking number is not warranted under the circumstances.

13. Claim No. 5712 clearly and unambiguously satisfies the requirements for a proof of claim under Rule 3001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Optique has provided the Debtors with an explicit demand setting forth the nature and amount of its claim, as well as its intent to hold LBHI liable. Claim No. 5712's sole deficiency is the absence of a blocking number. Although the Bar Date Order requires blocking numbers for proofs of claim filed on account of Lehman Program Securities, they are not essential to the legal sufficiency of a proof of claim under the Bankruptcy Rules. Considerations of equity clearly weigh in favor of Optique, and expungement of Claim No. 5712 is not warranted under the present circumstances.

WHEREFORE, Optique respectfully requests that this Bankruptcy Court (i) deny the Objection with respect to Claim No. 5712, and (ii) grant such other and further relief as may be just and proper.

Dated: July 7, 2011  
      New York, New York

GREENBERG TRAURIG, LLP

By: */s/ Maria DiConza*  
Maria DiConza, Esq.  
MetLife Building  
200 Park Avenue  
New York, New York 10166  
Telephone: (212) 801-9200  
Facsimile: (212) 801-6400  
Email: diconzam@gtlaw.com

*Attorneys for Optique Pty Ltd ATF*  
*Optique Super Pension Fund*