UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
::
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
----------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.  TO:  Banca Infrastrutture Innovazione e Sviluppo S.p.A ("Transferor")
Viale dell'Arte, 21 -00144
Rome, Italy
Phone: + 39 06 67124111
Fax: + 39 06 67124134

2.  Please take notice that the transfer of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 58077 (attached as Exhibit A hereto), has been transferred to:

Barclays Bank PLC ("Transferee")
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Email:  daniel.crowley@barclayscapital.com
        daniel.miranda@barclayscapital.com

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the claim should be sent to the Transferee as provided in Exhibit C hereto.

3.  No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--  **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

--  **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

--      Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4.      If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                                CLERK

-----------------------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2009.

INTERNAL CONTROL NO._____

Copy: (check) Claims Agent\_\_  Transferee\_\_  Debtors' Attorney\_\_

_____
Deputy Clerk

**EXHIBIT A**

[Proof of Claim]

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| In re:<br>   Lehman Brothers Holdings Inc., *et al.*,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000058077<br> |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | THIS SPACE IS FOR ~~~~ |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)   Telephone number: +44 20 7 964 8781<br><br>Diamond Finance PLC Series 2007-2<br>c/o BNY Corporate Trustee Services              Michael J. Venditto<br>One Canada Square          with copy to:    Reed Smith LLP<br>London  E14  5 AL                              599 Lexington Avenue<br>England                                         New York, NY 10022<br><br>Email Address: dagemea@bnymellon.com    mvenditto@reedsmith.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br>**Court Claim Number:** _____ (*If known*)<br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)  Telephone number:<br><br><br>Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ 50,085,000.00** (Required)

☐   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates. **International Securities Identification Number (ISIN): XS0284379350** (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates. **Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number: Euroclear Bank Electronic Reference Number 6056786** (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers. **Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: Euroclear Bank 14038** (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br><br>FILED / RECEIVED<br>OCT 3 0 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date.<br>29/10/09  [signature]  **Zaira Jehangir**<br>                **Authorised Signatory**<br>SENIOR ASSOCIATE | |

EMEA 105

## Addendum to the Proof of Claim filed by
## Diamond Finance Public Limited Company
## relating to 2007-2

1. BNY Corporate Trustee Services Limited, f/k/a J.P. Morgan Corporate Trustee Services Limited (hereinafter, the "Trustee") acts as the trustee for the holders of notes issued under the Multi Issuer Secured Obligation Programme of Dante Finance PLC and other Specified Companies (the "Dante MISOP Programme") arranged by Lehman Brothers International (Europe) pursuant to a trust deed originally entered into on October 10, 2002 with Dante Finance PLC, as amended and restated on July 21, 2006, as supplemented by the Supplemental Trust Deed and Drawdown Agreement, dated January 26, 2007 and amended by the Deed of Amendment, dated March 5, 2007, and amended by the Second Deed of Amendment, dated May 23, 2007, and amended by Third Deed of Amendment dated July 11, 2007, as may be further amended and restated from time to time (the "Principal Trust Deed").

2. Diamond Finance Public Limited Company ("Issuer") acceded to the Dante MISOP Programme by executing a deed of accession dated July 21, 2006, as the same may have been amended and restated from time to time (the "Deed of Accession").

3. The Trustee files this proof of claim on behalf of the Issuer pursuant to the authority under the Principal Trust Deed and the Deed of Accession to protect the interests of investors and to preserve claims of the Issuer and the investors with respect to the Lehman Program Securities ("Program Securities") identified in this proof of claim. The Trustee currently holds these Program Securities in its capacity as Trustee.

4. The Trustee asserts this claim in its capacity as Trustee pursuant to the authority delegated to the trustee under the Dante MISOP Programme documents.

5. The Trustee reserves the right to amend, modify or supplement this proof of claim as additional information becomes available. The filing of this proof of claim is not a waiver of any substantive right or claim nor a consent to the jurisdiction of the Bankruptcy Court for any purpose other than this proof of claim; and, the Trustee reserves any and all rights, defenses, claims and causes of action.

**HAND DELIVERY**

RECEIVED BY: TP  
DATE: 10/30  
TIME: 3:49

## **EXHIBIT B**

[Executed Evidence of Transfer of Claim]

### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   Pursuant to the provisions of this Agreement and Evidence of Transfer of Claim ("Agreement"), **Banca Infrastrutture Innovazione e Sviluppo S.p.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of each of the **nominal amounts** specified in Schedule 1 attached hereto (the "Purchased Claims"), in Seller's right, title and interest in and to each of Proofs of Claim Number 58073 / 58075 / 58076 / 58077, each originally filed by or on behalf of **Diamond Finance Plc Series 2007-2 c/o BNY Corporate Trustee Services** (each a "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claims, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claims or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claims, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation or guaranty relating to or evidencing the Purchased Claims, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller or predecessor-in-title (each, a "Prior Seller") acquired the rights underlying or constituting a part of the Purchased Claims, but only to the extent related to the Purchased Claims, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claims and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller or any Prior Seller related to or in connection with the Transferred Claims.

2.   As consideration for the transfer under 1) above, the Purchaser shall pay to the Seller the purchase price specified in Schedule 2 (the "Purchase Price") by means of settlement via the Euroclear/Clearstream account specified by Purchaser in Schedule 3 below within 3 business days of the date of this Agreement (the "Payment Deadline"). It is understood, for the avoidance of doubts, that all obligations of the Seller to transfer the Transferred Claims to the Purchaser under this Agreement are subject to and conditional upon receipt by Seller of the Purchase Price within the Payment Deadline.

3.   Further to receipt of the Purchase Price above, Seller shall promptly (but in any event no later than five (5) business days from receipt thereof) notify Purchaser of any payments, distributions or proceeds received by Seller in respect of the Transferred Claims, and Seller shall remit the same to Purchaser, by means of wire transfer, to the account of Purchaser specified at such time by Purchaser. Seller shall transfer, as soon as practicable after the date hereof, to Purchaser each Purchased Security to the Euroclear/Clearstream account specified by Purchaser in Schedule 3 below. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

4.   Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement; (e) each Proof of Claim includes, respectively, each the

Purchased Claim specified in Schedule 1 attached hereto, (f) neither Seller nor any Prior Seller of the Purchased Security has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense, subordination or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security and, as of the date of this Agreement, the Purchased Securities have been accelerated.

5. Purchaser hereby represents, warrants and undertakes to Seller that it: (a) is duly authorized and empowered to execute and perform its obligations under this Agreement (b) is aware that the Purchase Price may differ both in kind and amount from any distributions ultimately made pursuant to any plan of reorganization confirmed by the Court in the Proceedings or any other applicable bankruptcy court in any other relevant bankruptcy case (c) shall have no recourse to Seller in respect of the purchase of the Transferred Claims, except as expressly stated in this Agreement and (d) is able to bear the economic risks associated with the purchase of the Transferred Rights.

6. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

7. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Each of Seller and Purchaser hereby agrees to indemnify, defend and hold the other party, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from the breach by Purchaser or Seller (as the case may be) of its representations and warranties made herein.

8. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8th day of February 2011.

**Barclays Bank PLC**

By: _____
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

**Banca Infrastrutture Innovazione e Sviluppo S.p.A.**

By: _____
Name: Ezio Dosa
Title: Head of Finance

Viale dell'Arte, 21 -00144
Roma (RM), Italy

Schedule 1

Transferred Claims

Purchased Claims

$164,565,000.00 or 100% of each Claim 58073 / 58075 / 58076 / 58077 which totals 164,565,000.00 (the total outstanding amount of each Purchased Claim as of February 8, 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| EUR 35,000,000 Lehman Brothers Treasury Co. B.V. Notes (Linked to Slovak Republic) | (ISIN: XS0284381257) | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 35,000,000.00 | 20 December 2026 | USD 50,085,000.00 |
| EUR 35,000,000 Lehman Brothers Treasury Co. B.V. Notes (Linked to Czech Republic) | (ISIN: XS0284379350) | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 35,000,000.00 | 20 December 2026 | USD 50,085,000.00 |
| EUR 25,000,000 Lehman Brothers Treasury Co. B.V. (Linked to the Republic of Lithuania | (ISIN:XS0284375283) | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 25,000,000.00 | 20 December 2026 | USD 35,775,000.00 |
| EUR 20,000,000 Lehman Treasury Co. B.V. Notes (Linked to Estonia) | (ISIN: XS0284376760) | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 20,000,000.00 | 20 December 2026 | USD 28,620,000.00 |

Schedule 1-1

08-13555-mg    Doc 18367    Filed 07/08/11    Entered 07/08/11 11:17:14    Main Document
Pg 12 of 13

Schedule 2

Purchase Price

Purchase Price: EUR 115,000,000 * 30% = EUR 34,500,000.00

Schedule 3

Account Details

| BUYER | SELLER | ACCOUNT DETAILS |
|---|---|---|
| INTESA SANPAOLO S.p.A | Clearstream Banking SA Luxembourg | Intesa Sanpaolo S.p.A. |
| | Head Office<br>67A Grande Duchesse Charlotte<br>1567 Luxembourg | account 11037 |
| Swift BCITITMM | swift CEDELULLXXX | {possible segregated accounts} |

**SELLER'S WIRE INSTRUCTIONS:**

**Clearstream Luxembourg**

**BUYER'S WIRE INSTRUCTIONS:**
Clearstream account:   34797