HEARING DATE AND TIME: August 25, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 10, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                               :   Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :   08-13555 (JMP)
                                                    :
            Debtors.                                :   (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED FIFTY-EIGHTH
OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

    **PLEASE TAKE NOTICE** that on July 11, 2011, Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred fifty-eighth omnibus objection

to claims (the "Debtors' One Hundred Fifty-Eighth Omnibus Objection to Claims"), and that a

1

hearing (the "Hearing") to consider the Debtors' One Hundred Fifty-Eighth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 25, 2011, at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Fifty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabeth Gasparini, Esq., and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **August 10, 2011, at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Fifty-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Fifty-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 11, 2011
      New York, New York

                      /s/ Robert J. Lemons
                      Robert J. Lemons

                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007

                      Attorneys for Debtors
                      and Debtors in Possession

**HEARING DATE AND TIME: August 25, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 10, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

### DEBTORS' ONE HUNDRED FIFTY-EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

1. The Debtors file this one hundred fifty-eighth omnibus objection to claims (the "One Hundred Fifty-Eighth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "Late-Filed Claims") and have determined that the Late-Filed Claims violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as these claims were filed after the applicable bar date. Because the Late-Filed Claims fail to comply with the Bar Date Order, the Debtors request that they be disallowed and expunged in their entirety.

3. The Debtors reserve all their rights to object on any basis to any Late-Filed Claims as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

US_ACTIVE:\43754174\01\58399.0008        2

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On July 2, 2009, this Court entered the Bar Date Order, which established, among other things, September 22, 2009 at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date") as the deadline to file proofs of claim against the Debtors, except for claims arising from Lehman Programs Securities (as such term was defined in the Bar Date Order). (Bar Date Ord. at 2, 12.) The Bar Date Order established November 2, 2009 (the "Securities Programs Bar Date") as the deadline to file proofs of claim arising from securities included on the Lehman Programs Securities List ("Securities Programs Proofs of Claim"). (*Id.* at 12.) As such, holders of Lehman Programs Securities were provided an additional 40 days (for a total of four months from entry of the Bar Date Order) to file their proofs of claim.

9. The Bar Date Order expressly provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order . . . shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." (*Id.* at 9-10.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com. In order to be timely-filed, proofs of claim must have been "**actually received**" on or before the General Bar Date. (*Id.* at 3 (emphasis in original).)

10. Claimants received notice of the Bar Date Order via mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) The Bar Date Notice, which was also published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, notified claimants that proofs of claim against the Debtors must be received on or before the General Bar Date. (Bar Date Notice at 1, 3.) The Bar Date Notice also prominently stated the General Bar Date and in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) . . . ." (*Id.* at 6.) While only 35 days of notice of a bar date is recommended by the Second Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United States Bankruptcy Court for the Southern District of New York, in this case, the Debtors provided creditors more than 71 days' notice of the General Bar Date. The General Bar Date occurred more than a year after the Commencement Date, and 82 days after the entry of the Bar Date Order, providing ample time for creditors to determine, prepare, and file their claims against the Debtors.

11. In addition, notice of the Securities Programs Bar Date (the "Securities Programs Bar Date Notice") was widely published and disseminated. Pursuant to the Bar Date Order, the Program Securities Bar Date Notice was published by the Debtors in ten languages, plus seven translations for local dialects, and in twenty-six newspapers in eighteen countries, including in each of Italy, Spain, France, Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Austria, Greece, Brazil, Argentina, Australia, and Japan. (Bar Date Ord. at 14.) The Programs Securities Bar Date Notice was also provided to Euroclear, Clearstream, and similar clearing systems, as well as to the issuers of the Lehman Programs Securities, which were to distribute the notice to the holders of Lehman Programs Securities.

12. The Securities Programs Bar Date Notice expressly warned that "[S]ecurities Programs Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Securities Programs Bar Date." (Secs. Programs Bar Date Notice at 2 (emphasis in original).) It also warned claimants in bold-face type that "[a]ny holder of a claim based on a Lehman Programs Security who fails to file a Securities Programs Proof of Claim in accordance with the Bar Date Order on or before the Securities Programs Bar Date . . . will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Securities Programs Proof of Claim with respect to such claim) against LBHI [and] the other Debtors and their estates . . . ." (*Id.* at 3.)

13. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Late-Filed Claims Should Be Disallowed and Expunged**

14.     In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as claims that should be disallowed and expunged because they failed to comply with the General Bar Date or the Securities Programs Bar Date, as applicable.

15.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(1).

16.     "Bar dates are 'critically important to the administration of a successful chapter 11 case.'" (Memorandum Decision Denying Motions for Leave to File Late Claims [Docket No. 9150], *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010) (quoting *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)).) A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process." *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991). A bar date enables debtors to determine with reasonable promptness, efficiency, and finality what claims will be made against their estates—a determination without which they cannot effectively reorganize. *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995). Accordingly, bar dates are strictly enforced in the Second Circuit. *See id.*; *In re Lehman Bros. Holdings, Inc.*,

433 B.R. at 119-20; *In re Musicland Holding Corp.*, 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

17. The Bar Date Order specifically requires proofs of claim to be **actually received** on or before the General Bar Date or the Securities Programs Bar Date, as applicable. (Bar Date Order at 2, 3.) Claimants were provided notice of the Bar Date Order, including the deadline to file proofs of claim and a warning that failure to comply with the applicable bar date would result in their claims being barred. (*See* Bar Date Notice at 1, 4, 6; Secs. Programs Bar Date Notice at 2.) Nevertheless, the holders of the Late-Filed Claims filed their proofs of claim after the General Bar Date or the Securities Programs Bar Date, as applicable.

18. Because the Late-Filed Claims violate the Bar Date Order and are thus untimely, the Debtors request that the Court disallow and expunge in their entirety the Late-Filed Claims listed on Exhibit A.

**Notice**

19. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this One Hundred Fifty-Eighth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

20. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 11, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 158: EXHIBIT A – LATE-FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ADA, DEGAN<br>97, VIALE EUROPA<br>ROMA, 00144<br>ITALY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2009 | 34486 | $14,616.76 | Late-Filed Claim |
| 2 | BORENSTEIN, ROBERTA<br>18 WINDY RIDGE PLACE<br>MILTON, CT 06897 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2009 | 34411 | $172,014.67 | Late-Filed Claim |
| 3 | CAPELOTO, MICHAEL J. AND CLAUDIA, TRUSTEES<br>C/O MIDFIRST PRIVATE BANK<br>3030 E. CAMELBACK ROAD<br>PHOENIX, AZ 85016 | | Lehman No Case Asserted/All Cases Asserted | 06/02/2011 | 67515 | $68,600.00 | Late-Filed Claim |
| 4 | CAPELOTO, MICHAEL J. AND CLAUDIA, TRUSTEES<br>C/O MIDFIRST PRIVATE BANK<br>3030 E. CAMELBACK ROAD<br>PHOENIX, AZ 85016 | | Lehman No Case Asserted/All Cases Asserted | 06/02/2011 | 67516 | $210,104.38 | Late-Filed Claim |
| 5 | CAVANNA, MARIO<br>27 RUE EDOUARD SCOFFIER<br>NICE, 06300<br>FRANCE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/16/2010 | 66536 | $21,226.50 | Late-Filed Claim |
| 6 | CIMB INVESTMENT BANK<br>ATTN: WAH, LEE CHENG<br>9TH FLOOR, COMMERCE SQUARE<br>JALAN SEMANTAN, DAMANSARA HEIGHTS<br>KUALA LUMPUR, 50490<br>MALAYSIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/02/2009 | 35992 | $19,003.00* | Late-Filed Claim |
| 7 | COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF REVENUE<br>P.O. BOX 9564<br>BOSTON, MA 02114-9564 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/08/2011 | 67521 | $576,088.39 | Late-Filed Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 158: EXHIBIT A – LATE-FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 8 | CONRAD O'BRIAN PC (V. CIESLIK)<br>1515 MARKET STREET, 16TH FLOOR<br>PHILADELPHIA, PA 19102 | 09-10137 (JMP) | BNC Mortgage LLC | 04/12/2010 | 66541 | $3,637.50 | Late-Filed Claim |
| 9 | DEFINED RETURNS LIMITED FOR AND ON BEHALF OF UNDERLYING INVESTORS<br>C/O GRANT THORNTON UK LLP<br>30 FINSBURY SQUARE<br>LONDON, EC2P 2YO<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/30/2009 | 59121 | $4,685,725.58 | Late-Filed Claim |
| 10 | DETOURNAY, PIERRE<br>20A, BD EMMANUEL SERVAIS<br>LUXEMBOURG, L 2535<br>LUXEMBOURG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/12/2010 | 66608 | $14,321.00 | Late-Filed Claim |
| 11 | EPPERSON, TOM<br>2220 HEATHERMOOR HILL DRIVE<br>MARIETTA, GA 30062 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/20/2011 | 67499 | $75,000.00 | Late-Filed Claim |
| 12 | EVERGREEN LAW GROUP<br>SUNGGONGHWAE BUILDING<br>3-7, JEONG-DONG, JUNG-GU<br>SEOUL, 100-120<br>KOREA, REPUBLIC OF | 09-17331 (JMP) | Merit, LLC | 07/14/2010 | 66943 | $58,524.30 | Late-Filed Claim |
| 13 | FLORIAN INVESTMENTS NO. 1 LIMITED<br>ATTN: SANDRA RICHARDSON AS DIRECTOR<br>85 MERRION SQUARE<br>DUBLIN, 2<br>IRELAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/21/2009 | 42897 | Undetermined | Late-Filed Claim |
| 14 | FOCHT, DEBORAH E<br>530 E LAUREL ROAD<br>NOKOMIS, FL 34275 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2009 | 34381 | $1,104,000.00* | Late-Filed Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 158: EXHIBIT A – LATE-FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 15 | FOCHT, DEBORAH E.<br>530 E. LAUREL ROAD<br>NOKOMIS, FL 34275 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 10/21/2009 | 42915 | $1,104,000.00* | Late-Filed Claim |
| 16 | FOCHT, DEBORAH E.<br>530 E. LAUREL ROAD<br>NOKOMIS, FL 34275 | 08-13899 (JMP) | Lehman Brothers Derivative Products Inc. | 10/21/2009 | 42916 | $1,104,000.00* | Late-Filed Claim |
| 17 | GREEN, VIRGINIA G.<br>287 RIVIERA DRIVE<br>LORELADIES, NJ 08008-6153 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/06/2011 | 67520 | $6,302.46 | Late-Filed Claim |
| 18 | HARRER, RUPERT<br>MUHLTERCH 1-4<br>FRANEKIRCHEN, 7132<br>AUSTRIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/05/2009 | 64863 | $37,087.50 | Late-Filed Claim |
| 19 | HEYNE, ULLA<br>KOMMANDANTENSTR. 4<br>BERLIN, 12205<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/30/2009 | 67511 | $6,999.51 | Late-Filed Claim |
| 20 | LIMBECK, GERLINDE<br>WINDEGASSE 5<br>NICKELSDORF, 2425<br>AUSTRIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/05/2009 | 64864 | $74,175.00 | Late-Filed Claim |
| 21 | MALPASS, EILEEN R<br>2 THE HEIGHTS<br>LOUGHTON<br>ESSEX, IG10 1RN<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/30/2009 | 59263 | $48,652.00 | Late-Filed Claim |
| 22 | MALPASS, EILEEN ROSEMARY<br>2 THE HEIGHTS<br>LOUGHTON<br>ESSEX, IG10 1RN<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/30/2009 | 59264 | $48,652.00 | Late-Filed Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 158: EXHIBIT A – LATE-FILED CLAIMS

|  | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 23 | MANY, ANITA<br>SONNENRAIN 10B<br>WILEN B. WOLLERAU, 8832<br>SWITZERLAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/06/2010 | 67240 | $108,580.00 | Late-Filed Claim |
| 24 | NEW YORK CITY DEPARTMENT OF FINANCE<br>59 MAIDEN LANE<br>NEW YORK, NY 10038 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/23/2011 | 67540 | $185.73 | Late-Filed Claim |
| 25 | PENSIONS FOR SAKRINGSAKTIEBOLAGET VERITAS<br>C/O AKITA BANK PLC<br>MANNERHEIMINTIE 14<br>HELSINKI, FIN-00100<br>FINLAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/24/2011 | 67509 | $2,830,200.00 | Late-Filed Claim |
| 26 | SOUKHOPALOV, SERGEI & LARISSA<br>UBS FINANCIAL SERVICES<br>ATTN: THOMAS COURTNEY<br>1251 AVE OF THE AMERICAS, 2ND FL<br>NEW YORK, NY 10020 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/01/2011 | 67517 | $106,828.55 | Late-Filed Claim |
| 27 | TREMONT, SAMUEL J.<br>729 BERQUIST DR<br>BALLWIN, MO 63011 | | Lehman No Case Asserted/All Cases Asserted | 06/06/2011 | 67518 | $5,000.00 | Late-Filed Claim |
| 28 | WEISSENBACK, MICHAEL<br>HAUPTSTR 3<br>DONNERSKIRCHEN, 7082<br>AUSTRIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/05/2009 | 64862 | $14,835.00 | Late-Filed Claim |
| | | | | | TOTAL | $12,518,359.83 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                   :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :    08-13555 (JMP)
                                                        :
                    Debtors.                            :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED FIFTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the one hundred fifty-eighth omnibus objection to claims, dated July 11, 2011 (the "One Hundred Fifty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the General Bar Date or Securities Programs Bar Date, as applicable, all as more fully described in the One Hundred Fifty-Eighth Omnibus Objection to Claims; and due and proper notice of the One Hundred Fifty-Eighth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the One Hundred Fifty-Eighth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Fifty-Eighth Omnibus Objection to Claims.

US_ACTIVE:\43754275\01\58399.0008

with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Fifty-Eighth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Fifty-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Fifty-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Late-Filed Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the One Hundred Fifty-Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                                              UNITED STATES BANKRUPTCY JUDGE