HEARING DATE AND TIME: August 25, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 10, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SIXTY-FIRST**
**OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

        **PLEASE TAKE NOTICE** that on July 11, 2011, Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred sixty-first omnibus objection to

claims (the "Debtors' One Hundred Sixty-First Omnibus Objection to Claims"), and that a

1

hearing (the "Hearing") to consider the Debtors' One Hundred Sixty-First Omnibus Objection to

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **August 25, 2011 at 10:00 a.m. (Eastern

Time)**, or as soon thereafter as counsel may be heard.

     **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Sixty-First Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

US_ACTIVE:\43754314\01\58399.0008

Evan Fleck, Esq.); so as to be so filed and received by no later than **August 10, 2011 at 4:00**

**p.m. (Eastern Time)** (the "Response Deadline").

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' One Hundred Sixty-First Omnibus Objection to Claims or

any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' One Hundred Sixty-First Omnibus Objection to Claims, which order may be entered

with no further notice or opportunity to be heard offered to any party.

Dated: July 11, 2011
   New York, New York

          /s/ Robert J. Lemons
          Robert J. Lemons

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

US_ACTIVE:\43754314\01\58399.0008

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| -------------------------------------------------------------------x | | |
| **In re** | **:** | **Chapter 11 Case No.** |
| | **:** | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | **:** | **08-13555 (JMP)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |
| -------------------------------------------------------------------x | | |

**DEBTORS' ONE HUNDRED SIXTY-FIRST OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS ONE HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

US_ACTIVE:\43754314\01\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent as follows:

### Relief Requested

1.      The Debtors file this one hundred sixty-first omnibus objection to

claims (the "One Hundred Sixty-First Omnibus Objection to Claims"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively,

the "Settled Derivatives Claims") should be disallowed and expunged, to the extent set

forth therein, as contrary to the settlements that the parties have entered into.  Pursuant to

this Court's order approving procedures for the settlement or assumption and assignment

of prepetition derivatives contracts (the "December Order") [Docket No. 2257], claimants

and the Debtors have negotiated settlements of disputes related to derivatives claims.

These settlements provide for resolution of the derivatives claims with a payment to the

Debtors, with no amounts being due between the parties, or with the counterparty being

granted a single allowed derivatives claim against one or more Debtor counterparties for

2

a release of all other derivatives claims the claimant has asserted related thereto.  The

settlements are reflected in executed termination agreements among the relevant parties

or have been agreed to by the relevant parties in other writings.  The proofs of claim

being objected to are not consistent with such settlements as they seek to recover amounts

based on prepetition derivatives contracts for which the applicable Debtor does not have

liability.  The Debtors, therefore, request that the Court disallow and expunge the Settled

Derivatives Claims.[1]

## Jurisdiction

3.       This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.       Commencing on September 15, 2008, and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated

for procedural purposes only and are being jointly administered pursuant to Bankruptcy

Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

5.       On September 17, 2008, the United States Trustee for Region 2

(the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code (the "Creditors' Committee").

---

[1] As set forth on Exhibit A, the Debtors are only seeking to partially disallow and expunge claim 13725 in
accordance with the terms of the parties' settlement, with the unresolved portion remaining active on the
claims register subject to the Debtors' right to object in the future.

US_ACTIVE:\43754314\01\58399.0008

6.    On December 16, 2008, the Court entered the December Order, which approved and established specific procedures by which the Debtors could settle claims arising from the termination of prepetition derivatives contracts.

7.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Settled Derivatives Claims Should Be Disallowed and Expunged**

9.    In their review of the claims filed on the claims register in these cases, the Debtors have identified the claims on Exhibit A as being claims for which the Debtors specifically negotiated a settlement with the claimants for a payment to the Debtors, for zero dollars, or for a single recovery against one or more Debtors in exchange for a release of all other related derivatives claims.  The Settled Derivatives Claims are not consistent with the settlements.

10.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009);

4

*In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.    Pursuant to the December Order, the Debtors engaged in negotiations with certain claimants that had filed proofs of claim against the Debtors asserting obligations based on prepetition derivatives contracts.  The Debtors and these claimants negotiated and agreed that these derivatives claims would be resolved by (i) no amounts being due between the parties, (ii) the claimants making a payment to the Debtors, or (iii) the claimant having a single allowed claim against one or more Debtor counterparties in exchange for a release of all other derivatives claims that it has asserted related thereto.  The agreements are reflected in an executed termination agreement or other writing.  In order to properly reflect the Debtors' and claimants' agreements, the Debtors request that the Court disallow and expunge the Settled Derivatives Claims listed on Exhibit A to the extent set forth therein.

### Notice

12.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this One Hundred Sixty-First Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case

5

management and administrative procedures for these cases [Docket No. 9635].  The

Debtors submit that no other or further notice need be provided.

13.     No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated: July 11, 2011
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

6

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 161: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | AIRCRAFT FINANCE TRUST ATTN: ROBERT PERKINS 1100 NORTH MARKET STREET FIRST FLOOR PLAZA - DROP CODE 1605 WILMINGTON, DE 19890 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23551 | $386,713.19* | Settled Derivatives Claim |
| 2 | AIRCRAFT FINANCE TRUST ATTN: ROBERT PERKINS 1100 NORTH MARKET STREET FIRST FLOOR PLAZA - DROP CODE 1605 WILMINGTON, DE 19890 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23552 | $386,713.19* | Settled Derivatives Claim |
| 3 | AUSTRALIA & NEW ZEALAND BANKING GROUP LIMITED ATTN: ALEX GOGARTY 100 QUEEN STREET MELBOURNE, VIC 3000 AUSTRALIA | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 29532 | $33,496,057.55 | Settled Derivatives Claim |
| 4 | AUSTRALIA AND NEW ZEALAND BANKING GROUP LIMITED ATTN: ALEX FOGARTY 100 QUEEN STREET MELBOURNE VIC 3000, AUSTRALIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30047 | $33,496,057.55* | Settled Derivatives Claim |
| 5 | DANTE FINANCE PUBLIC LIMITED COMPANY SERIES 2002-01 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANAJAY JOBANPUTRA, VP, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 29737 | $17,434,282.79 | Settled Derivatives Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 161: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | DEUTSCHE BANK TRUST COMPANY AMERICAS AS SECURITY TRUSTEE OF AIRCRAFT FINANCE TRUST C/O RICHARD C. PEDONE, AMANDA D. DARWIN NIXON PEABODY LLP 100 SUMMER STREET BOSTON, MA 02110 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 18535 | Undetermined | Settled Derivatives Claim |
| 7 | DEUTSCHE BANK TRUST COMPANY AMERICAS AS SECURITY TRUSTEE OF AIRCRAFT FINANCE TRUST C/O RICHARD C. PEDONE, AMANDA D. DARWIN NIXON PEABODY LLP 100 SUMMER STREET BOSTON, MA 02110 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18536 | $78,755.19* | Settled Derivatives Claim |
| 8 | FRANK RUSSELL US BOND FUND C/O WESTERN ASSET MANAGEMENT COMPANY ATTN: LEGAL DEPT W-1488 385 E. COLORADO BLVD. PASADENA, CA 91101 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 21099 | $126,313.52 | Settled Derivatives Claim |
| 9 | GRANITE FINANCE LIMITED HSBC HOUSE ATTN: THE DIRECTORS 68 WEST BAY ROAD GEORGETOWN, GRAND CAYMAN, KY1-1102 CAYMAN ISLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27827 | Undetermined | Settled Derivatives Claim |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 161: EXHIBIT A – SETTLED DERIVATIVES CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | GRANITE FINANCE LIMITED HSBC HOUSE ATTN: THE DIRECTORS 68 WEST BAY ROAD GEORGETOWN, GRAND CAYMAN, KY1-1102 CAYMAN ISLANDS | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 27829 | Undetermined | Settled Derivatives Claim |
| 11 | JEANES HOSPITAL MARC FELLER DILWORTH PAXSON, LLP 1500 MARKET ST. SUITE 3500E PHILADELPHIA, PA 19102 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/16/2009 | 14362 | $1,774,661.20 | Settled Derivatives Claim |
| 12 | JEANES HOSPITAL MARC FELLER DILWORTH PAXSON, LLP 1500 MARKET ST. SUITE 3500E PHILADELPHIA, PA 19102 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14363 | $1,774,661.20 | Settled Derivatives Claim |
| 13 | JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES 135 W 50TH ST FL 6 NEW YORK, NY 10020-1201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/13/2009 | 8154 | $1,688,434.00* | Settled Derivatives Claim |
| 14 | JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES,INC. 120 WEST 57TH STREET NEW YORK, NY 10019 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 08/13/2009 | 8155 | $1,688,434.00* | Settled Derivatives Claim |

**\* - Indicates claim contains unliquidated and/or undetermined amounts**

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 161: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 15 | PENSION BENEFIT GUARANTY CORPORATION ATTN: TERENCE DUNN C/O PRUDENTIAL INVESTMENT MANAGEMENT, INC. PO BOX 32339 GATEWAY CENTER 2, 3RD FLOOR NEWARK, NJ 07102 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16861 | $479,345.92* | Settled Derivatives Claim |
| 16 | PENSION BENEFIT GUARANTY CORPORATION ATTN: TERENCE DUNN C/O PRUDENTIAL INVESTMENT MANAGEMENT, INC. PO BOX 32339 GATEWAY CENTER 2, 3RD FLOOR NEWARK, NJ 07102 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 16862 | $479,345.92* | Settled Derivatives Claim |
| 17 | PETRACA FINANCE PUBLIC LIMITED COMPANY SERIES 2002-01 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANJAY JOBANPUTRA, VP, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 10/16/2009 | 40713 | $17,478,145.49 | Settled Derivatives Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)


OMNIBUS OBJECTION 161: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 18 | STATE OF INDIANA (MAJOR MOVES CONSTRUCTION FUND) C/O RICHARD MOURDOCK, TREASURER OF THE STATE OF INDIANA 200 WEST WASHINGTON STREET, SUITE 242 INDIANAPOLIS, IN 46204-2792 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13725[1] | $5,972,733.04* | Settled Derivatives Claim |
| 19 | TEMPLE PHYSICIANS, INC. MARC FELLER DILWORTH PAXSON, LLP 1500 MARKET ST., SUITE 350E PHILADELPHIA, PA 19102 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14366 | $1,774,661.20 | Settled Derivatives Claim |
| 20 | TEMPLE UNIVERSITY HOSPITAL MARC FELLER DILWORTH PAXSON, LLP 1500 MARKET ST., SUITE 350E PHILADELPHIA, PA 19102 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14368 | $1,774,661.20 | Settled Derivatives Claim |

[1] Claim 13725 is being expunged solely with respect to its asserted claim totaling $4,851,783.04 for foreign currency exchange transactions with Lehman Brothers Special Financing, Inc.  The portion of Claim 13725 that is asserting a claim totaling $1,120,950 for securities with ISIN No. CH0026985082 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 13725 in the future.

**\* - Indicates claim contains unliquidated and/or undetermined amounts**

## IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 161: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 21 | WELLS FARGO BANK, NATIONAL ASSOCIATION, NOT INDIVIDUALLY BUT SOLELY IN CAPACITY AS TRUSTEE OF THE STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, SERIES 2008-6 C/O MARY SOHLBERG MAC N9311-161 MINNEAPOLIS, MN 55479 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 24771 | $79,891.93 | Settled Derivatives Claim |
| | | | | | TOTAL | $120,369,868.08 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | **:** | **Chapter 11 Case No.** |
|  | **:** |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,** | **:** | **08-13555 (JMP)** |
|  | **:** |  |
| **Debtors.** | **:** | **(Jointly Administered)** |

-----------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the one hundred sixty-first omnibus objection to claims, dated

July 11, 2011 (the "One Hundred Sixty-First Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases,

as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking

disallowance and expungement of the Settled Derivatives Claims on the grounds that the

Debtors and claimants have agreed that the Settled Derivatives Claims seek recovery of

monies for which the applicable Debtors are not liable, all as more fully described in the

One Hundred Sixty-First Omnibus Objection to Claims; and due and proper notice of the

One Hundred Sixty-First Omnibus Objection to Claims having been provided to (i) the

U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney

for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Sixty-First Omnibus Objection to Claims.

the One Hundred Sixty-First Omnibus Objection to Claims; and (vii) all other parties

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010, governing case management and administrative procedures for

these cases [Docket No. 9635]; and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the One

Hundred Sixty-First Omnibus Objection to Claims is in the best interests of the Debtors,

their estates, creditors, and all parties in interest and that the legal and factual bases set

forth in the One Hundred Sixty-First Omnibus Objection to Claims establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

ORDERED that the relief requested in the One Hundred Sixty-First

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

Settled Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and

expunged with prejudice to the extent set forth therein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Settled Derivatives Claims listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the

One Hundred Sixty-First Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

US_ACTIVE:\43754321\03\58399.0008

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3