> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SIXTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)**

PLEASE TAKE NOTICE that on July 11, 2011, Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred sixty-fourth omnibus objection

to claims (the "Debtors' One Hundred Sixty-Fourth Omnibus Objection to Claims"), and that a

1

hearing (the "Hearing") to consider the Debtors' One Hundred Sixty-Fourth Omnibus Objection

to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **August 25, 2011 at 10:00 a.m. (Eastern

Time),** or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Sixty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Lee J.

Goldberg, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **August 10, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Sixty-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Sixty-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 11, 2011
      New York, New York

                          /s/ Robert J. Lemons
                          Robert J. Lemons

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Debtors
                          and Debtors in Possession

US_ACTIVE:\43759330\01\58399.0003

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                    Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' ONE HUNDRED SIXTY-FOURTH**
**OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

## Relief Requested

1.    The Debtors file this one hundred sixty-fourth omnibus objection to claims (the "One Hundred Sixty-Fourth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto which are duplicative of other filed claims based on Lehman Programs Securities.

2.    The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative LPS Claims") which generally were filed by the beneficial holders of Lehman Programs Securities are substantively duplicative, in whole or in part, of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") which generally were filed by a bank, broker or other party on behalf of the beneficial holders of the same Lehman Programs Securities.

3.    This One Hundred Sixty-Fourth Omnibus Objection to Claims does not affect the Surviving Claims and does not constitute any admission or finding with respect to the Surviving Claims.  Further, the Debtors reserve all their rights to object on any other basis to any Duplicative LPS Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **Background**

5.    Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [ECF No. 7531].

8.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9.    On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order").  The Bar Date Order set forth specific alternative claim filing procedures (the "Lehman Programs Securities Procedures") that apply to the "filing of any

and all claims (including claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates [to investors] located outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading 'Lehman Programs Securities' (any such security, a 'Lehman Program Security') . . . ." (Bar Date Order at 12).  The Lehman Programs Securities Procedures resulted from extensive negotiations among the Debtors, the Creditors' Committee, the issuers of Lehman Programs Securities, Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream"), and a large group of creditors.

        10.      The Bar Date Order set forth the Lehman Programs Securities Procedures that specifically required, among other things, that claims for Lehman Programs Securities "include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number" (a "Blocking Number").  (*Id.* at 13).  Each Blocking Number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Program Security in a specific amount.  The issuance of a Blocking Number prevented the holder of a Lehman Program Security from trading that security through November 2, 2009 (the "Lehman Programs Securities Bar Date") and is utilized by the Debtors to reconcile such claims.

        11.      The Lehman Programs Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security; therefore, there was uncertainty among some security holders as to the appropriate and authorized party to file such claims.  To address such uncertainty, the Lehman Programs Securities Procedures provided flexibility regarding the identity of the party authorized to file such claims ("claims based on any Lehman Programs Securities shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b).")

(Bar Date Order at 14).  Claims based on Lehman Programs Securities were filed by beneficial

holders of such security and/or banks, brokers, custodians or other parties on behalf of the

beneficial holders.

### The Duplicative LPS Claims Should Be Disallowed and Expunged

12.     The Debtors reviewed claims based on Lehman Programs Securities.

Using the Blocking Numbers, the International Security Identification Numbers ("ISIN"),

notional amounts, and other information provided on the claims, the Debtors identified that in

certain cases, duplicative claims were filed in respect of a particular security.  In such cases, the

beneficial holder of the security filed a claim based on its holdings, and another party (including,

without limitation, a beneficial holder's bank, broker or other agent) also filed a claim on behalf

of such holder based on the same security.

13.     Each Duplicative LPS Claim seeks to recover, in whole or in part, for the

same alleged obligation and on behalf of the same individual as the Surviving Claim.  To avoid

paying out distributions twice on the same obligation, this objection seeks to expunge the

Duplicative LPS Claims.

14.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See

In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor.  *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

16.     Further, the Debtors cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

17.     The Duplicative LPS Claims should be disallowed as substantively duplicative, in whole or in part, of the Surviving Claims.  For the sake of administrative efficiency and in the interest of reducing expenses relating to the administration of these claims, the Debtors are generally seeking to expunge claims filed by the beneficial holders of Lehman Programs Securities and deem the claims of the banks, brokers, custodians or other parties filed on behalf of the beneficial holders as the Surviving Claims.  Any distribution that is made on the Surviving Claims will be made to the bank, broker, custodian or other party, and such party will then be responsible for remitting such distributions to the applicable beneficial holders of the Lehman Programs Securities.  Such procedures will enable the Debtors to communicate with fewer parties regarding a determination of the allowed amount of such claims and to make distributions to fewer parties on account of such claims.  Notwithstanding anything in this

paragraph, if the claim filed by a beneficial holder includes a valid Blocking Number, but a claim filed by another party on account of the same security on behalf of such beneficial holder does not include a valid Blocking Number, the Debtors are seeking to disallow and expunge the claim of such other party as duplicative and deem the claim of the beneficial holder as the Surviving Claim.

18.     Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge the Duplicative LPS Claims listed on Exhibit A to the extent set forth therein.  The Surviving Claims will remain on the claims register subject to further objections on any basis.

### Notice

19.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this One Hundred Sixty-Fourth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Debtors submit that no other or further notice need be provided.

20.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: July 11, 2011
       New York, New York

                              /s/ Robert J. Lemons
                              Robert J. Lemons

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | ASPECTA ASSURANCES INTERNATIONAL SA GOLDBELL 1 5, RUE EUGENE RUPPERT , L-2453 LUXEMBOURG | 09/18/2009 | 08-13555 (JMP) | 17590 | $2,570,932.00 | ING LUXEMBOURG 52, ROUTE D'ESCH , L-2965 LUXEMBOURG | 10/22/2009 | 08-13555 (JMP) | 44153 | $2,570,932.00 |
| 2 | ASPECTA ASSURANCES INTERNATIONAL SA GOLDBELL 1 5, RUE EUGENE RUPPERT , L-2453 LUXEMBOURG | 09/18/2009 | 08-13555 (JMP) | 17591 | $169,285.98 | ING LUXEMBOURG 52, ROUTE D'ESCH , L-2965 LUXEMBOURG | 10/22/2009 | 08-13555 (JMP) | 44138 | $169,285.98 |
| 3 | AVIVA LIFE S.P.A. C/O MARK D. SHERRILL SUTHERLAND ASBILL & BRENNAN LLP 1275 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 | 05/08/2009 | 08-13555 (JMP) | 4200 | $4,293,197.72 | BANCA DELLE MARCHE S.P.A. VIA GHISLIERI, 6 JESI (AN), 60035 ITALY | 10/29/2009 | 08-13555 (JMP) | 55554 | $4,293,197.72 |
| 4 | BEISEL-DVAXLER, JLONA FRIEDHOTSTR 36 MECKESHEIM, 74909 GERMANY | 09/24/2009 | 08-13555 (JMP) | 34830 | $14,175.00 | JOBST, MARTIN GUSTAV - HEINEMANN- RING 82 MUENCHEN, D-81739 GERMANY | 10/19/2009 | 08-13555 (JMP) | 41628 | $14,175.00 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 5 **CITY OF BLUE MOUNTAINS LOCKED BAG 1005 KATOOMBA, NSW 2780 AUSTRIA** | 10/19/2009 | 08-13555 (JMP) | 41296 | $206,425.00 | **BLUE MOUNTAINS CITY COUNCIL C/ AMANDA BANTON PIPER ALDERMAN, LEVEL 23 GOVERNOR MACQUARIE TOWER - 1 FARRER PLACE SYDNEY, NSW 2000 AUSTRALIA** | 11/02/2009 | 08-13555 (JMP) | 61132 | $206,425.00 |
| 6 **DEUTSCHE BANK AG, LONDON BRANCH TRANSFEROR: ASPECTA ASSURANCES INTERNATIONAL SA ATTN:PHILIPP ROEVER WINCHESTER HOUSE, 1 GREAT WINCHESTER STREET LONDON, EC2N2DB UNITED KINGDOM** | 09/18/2009 | 08-13555 (JMP) | 17592 | $6,780,480.00 | **DEUTSCHE BANK AG, LONDON BRANCH (UK) TRANSFEROR: ING LUXEMBOURG ATTN: PHILIPP ROEVER WINCHESTER HOUSE, 1 GREAT WINCHESTER ST LONDON, EC2N 2DB UNITED KINGDOM** | 10/22/2009 | 08-13555 (JMP) | 44149 | $6,780,480.00 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 7 | DUNCAN, GARY BREWIN DOLPHIN LTD 2ND FLOOR, KINGSGATE HOUSE ST HELIER JERSEY, JE2 3QB UNITED KINGDOM | 10/19/2009 | 08-13555 (JMP) | 41206 | $1,560,873.85 | BREWIN NOMINEES LTD TIME CENTRAL GALLOWGATE NEWCASTLE UPON TYNE, NE1 4SR UNITED KINGDOM | 11/02/2009 | 08-13555 (JMP) | 63652 | $1,560,873.85 |
| 8 | JONES, ADRIAN BREWIN DOLPHIN LIMITED 2ND FLOOR, KINGSGATE HOUSE ST HELIER JERSEY, JE2 3QB UNITED KINGDOM | 10/19/2009 | 08-13555 (JMP) | 41204 | $1,560,873.85 | BREWIN NOMINEES LTD TIME CENTRAL GALLOWGATE NEWCASTLE UPON TYNE, NE1 4SR UNITED KINGDOM | 11/02/2009 | 08-13555 (JMP) | 63652 | $1,560,873.85 |
| 9 | SMART, P. C/O BREWIN DOLPHIN LTD 2ND FLOOR, KINGSGATE HOUSE ST HELIER JERSEY, JE2 3QB UNITED KINGDOM | 10/19/2009 | 08-13555 (JMP) | 41205 | $1,560,873.85 | BREWIN NOMINEES LTD TIME CENTRAL GALLOWGATE NEWCASTLE UPON TYNE, NE1 4SR UNITED KINGDOM | 11/02/2009 | 08-13555 (JMP) | 63652 | $1,560,873.85 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 10 | ULLRICH, KATHARINA ALLSCHWILERWEG 61 BINNINGEN, 4102 SWITZERLAND | 10/19/2009 | 08-13555 (JMP) | 40970 | $22,301.52 | SCHWALLER, RUDOLF MISSIONSSTRASSE 53 BASEL, CH 4055 SWITZERLAND | 10/19/2009 | 08-13555 (JMP) | 42123 | $22,301.52 |
| 11 | SCHAFFNER-WUTHRICH, SUSI C/O LINDTLAW ADVOKATUR HAUPTSTRASSE 39 KREUZLINGEN, CH-8280 SWITZERLAND | 10/09/2009 | 08-13555 (JMP) | 37231 | $51,510.40 | SCHLATTER, MATHIAS OBERDORFSTRASSE 1 8112  OTELFINGEN, SWITZERLAND | 10/07/2009 | 08-13555 (JMP) | 36864 | $51,510.40 |
| 12 | SEEMANN-HAMM, ELISABETH WEIDLINGERSTRASSE 53/5/7 KLOSTERNEUBURG, 4-3400 AUSTRIA | 09/28/2009 | 08-13555 (JMP) | 35297 | $0.00* | WIESER, ELEONORE LUITHOLDSTRASSE 1/II MONDSEE, 5310 AUSTRIA | 09/21/2009 | 08-13555 (JMP) | 24508 | $0.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 13 | GEIDE, HANS UNTERLINDAU 43 FRANKFURT, 60323 GERMANY | 10/13/2009 | 08-13555 (JMP) | 37584 | $0.00* | WHITE & CASE LLP ATTN: RA MICHAEL RUETZEL BOCKENHEIMER LANDSTRASSE 20 FRANKFURT AM MAIN, 60323 GERMANY | 10/30/2009 | 08-13555 (JMP) | 60631 | $0.00* |
| 14 | STADTSPARKASSE WERMELSKIRCHEN ATTN: STEFAN SCHMITT TELEGRAFENSTRASSE 5-9 WERMELSKIRCHEN, 42929 GERMANY | 10/30/2009 | 08-13555 (JMP) | 60573 | $0.00* | WHITE & CASE LLP ATTN: RA MICHAEL RUETZEL BOCKENHEIMER LANDSTRASSE 20 FRANKFURT AM MAIN, 60323 GERMANY | 10/30/2009 | 08-13555 (JMP) | 60631 | $0.00* |
| 15 | KREISSPARKASSE HEINSBERG ATTN: UDO MITSCH HERMANN-JOSEF-GORMANNS-STR. 14-16 ERKELENZ, 41812 GERMANY | 10/30/2009 | 08-13555 (JMP) | 60569 | $0.00* | WHITE & CASE LLP ATTN: RA MICHAEL RUETZEL BOCKENHEIMER LANDSTRASSE 20 FRANKFURT AM MAIN, 60323 GERMANY | 10/30/2009 | 08-13555 (JMP) | 60631 | $0.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 16 | REASEGUROS CREDITO Y CAUCION, S.A.U. C/O KEVIN M. ECKHARDT, HUNTON & WILLIAMS LLP 1111 BRICKELL AVE., SUITE 2500 MIAMI, FL 33131 | 04/28/2009 | 08-13555 (JMP) | 4002[1] | $0.00* | UBS AG ATTN: BERT GUQUA, ESQ. 677 WASHINGTON BLVD. STAMFORD, CT 06901 | 10/28/2009 | 08-13555 (JMP) | 50309 | $0.00* |
| | | | | | | TRANSFERRED TO: GRUSS GLOBAL INVESTORS MASTER FUND, LTD TRANSFEROR: UBS AG C/O GRUSS ASSET MANAGEMENT LP ATTN: MICHAEL MONTICCIOLO 667 MADISON AVENUE, THIRD FLOOR NEW YORK, NY 10065 | | | | Undetermined |
| | | | | | | TRANSFERRED TO: GRUSS GLOBAL INVESTORS MASTER FUND (ENHANCED) LTD TRANSFEROR: UBS AG C/O GRUSS ASSET MANAGEMENT LP ATTN: MICHAEL MONTICCIOLO 667 MADISON AVENUE, THIRD FLOOR NEW YORK, NY 10065 | | | | Undetermined |

[1] Claim 4002 is being expunged solely with respect to its asserted claim, in undetermined amount, for securities with ISIN Nos. XS0128857413 and XS0205185456.  The portion of Claim 4002 that is asserting a claim, in undetermined amount, for securities with ISIN Nos. XS0213416141, XS0216921741, XS0218304458, and XS0232364868 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to those portions of Claim 4002 in the future.

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | **SURVIVING CLAIMS** | | | |
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| | | | | | TRANSFERRED TO: QUANTUM PARTNERS LTD TRANSFEROR: UBS AG C/O SOROS FUND MANAGEMENT LLPC ATTN: JAY SCHOENFARBER 888 SEVENTH AVE, 33RD FL NEW YORK, NY 10106 | | | | Undetermined |
| | | | | | TRANSFERRED TO: THE VARDE FUND VIII, LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $135,000.00 |
| | | | | | TRANSFERRED TO: VARDE INVESTMENT PARTNERS LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $112,000.00 |
| | | | | | TRANSFERRED TO: VARDE INVESTMENT PARTNERS (OFFSHORE) MASTER LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $52,000.00 |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| | | | | | TRANSFERRED TO: THE VARDE FUND LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $33,000.00 |
| | | | | | TRANSFERRED TO: THE VARDE FUND IX LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $334,000.00 |
| | | | | | TRANSFERRED TO: THE VARDE FUND IX-A LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $43,000.00 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| | | | | | TRANSFERRED TO: THE VARDE FUND V-B LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $11,000.00 |
| | | | | | TRANSFERRED TO: THE VARDE FUND VI-A LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $19,000.00 |
| | | | | | TRANSFERRED TO: THE VARDE FUND VII-B LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $5,000.00 |
| | | | | | TRANSFERRED TO: THE VARDE FUND X (MASTER) LP TRANSFEROR: UBS AG ATTN: EDWINA PJ STEFFER 8500 NORMANDALE LAKE BLVD, STE 1500 MINNEAPOLIS, MN 55437 | | | | $256,000.00 |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | **SURVIVING CLAIMS** | | | |
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| | | | | | TRANSFERRED TO: CONTRARIAN FUNDS, LLC TRANSFEROR: UBS AG ATTN: ALISA MUMOLA 411 WEST PUTNAM AVENUE, SUITE 425 GREENWICH, CT 06830 | | | | $1,900,000.00 |
| | | | | | TRANSFERRED TO: CRESCENT 1 L.P. TRANSFEROR: UBS AG C/O CYRUS CAPITAL PARTNERS, L.P. 399 PARK AVENUE, 39TH FLOOR NEW YORK, NY 10022 | | | | Undetermined |
| | | | | | TRANSFERRED TO: CYRUS OPPORTUNITIES MASTER FUND II, LTD. TRANSFEROR: UBS AG C/O CYRUS CAPITAL PARTNERS, L.P. 399 PARK AVENUE, 39TH FLOOR NEW YORK, NY 10022 | | | | Undetermined |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 164: EXHIBIT A – DUPLICATIVE LPS CLAIMS**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | **SURVIVING CLAIMS** | | | |
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| | | | | | TRANSFERRED TO: CRS FUND LTD. TRANSFEROR: UBS AG C/O CYRUS CAPITAL PARTNERS, L.P. 399 PARK AVENUE, 39TH FLOOR NEW YORK, NY 10022 | | | | Undetermined |
| | | | | | TRANSFERRED TO: CYRUS SELECT OPPS. MASTER FUND, LTD. TRANSFEROR: UBS AG C/O CYRUS CAPITAL PARTNERS, L.P. 399 PARK AVENUE, 39TH FLOOR NEW YORK, NY 10022 | | | | Undetermined |
| | | **TOTAL** | | **$14,622,165.58** | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                   :          **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :          **08-13555 (JMP)**
                                                        :
                                         **Debtors.**   :          **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

Upon the one hundred sixty-fourth omnibus objection to claims, dated July 11, 2011 (the "One Hundred Sixty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge the Duplicative LPS Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the One Hundred Sixty-Fourth Omnibus Objection to Claims; and due and proper notice of the One Hundred Sixty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Sixty-Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Sixty-Fourth Omnibus Objection to Claims.

set forth in the One Hundred Sixty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Sixty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (*i.e.*, the Duplicative LPS Claims) are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative LPS Claims shall be treated as having been filed in support of the corresponding Surviving Claims; and is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative LPS Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative LPS Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative LPS Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE