**Hearing Date: July 20, 2011, at 10:00 a.m. (Eastern Time)**
**Response Deadline: July 13, 2011 at 4:00 p.m. (Eastern Time)**

HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Telephone: (212) 659-4963
Facsimile: (212) 884-9546
Minyao Wang (NY Bar# 4744314)

*Attorneys for the Steven G. Holder Living Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Lehman Brothers Holdings Inc., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------x

**LIMITED OBJECTION OF THE STEVEN G. HOLDER LIVING TRUST TO
THE AMENDED MOTION PURSUANT TO SECTIONS 105(a) AND 502(b) OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR APPROVAL
OF PROCEDURES FOR DETERMINING THE ALLOWED AMOUNT OF
CLAIMS FILED BASED ON STRUCTURED SECURITIES ISSUED OR
<u>GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC.</u>**

The Steven G. Holder Living Trust (the "<u>Holder Trust</u>"), by and through its undersigned counsel, hereby files this limited objection (the "<u>Objection</u>") to the Lehman Brothers Holdings Inc. ("<u>LBHI</u>") *Amended Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* (the "<u>Motion</u>")[1] and respectfully represents as follows:

---
[1] Docket No. 18127.

**Preliminary Statement**

While the Holder Trust understands the need to efficiently reconcile a large number of claims in the above-captioned cases (the "Cases"), the claims procedures currently proposed in the Motion (the "Structured Securities Procedures") are inappropriate for a number of reasons. Specifically, the Structured Securities Procedures would (1) potentially require claimants to litigate their entire claim to reach an allowed amount of their claim only to be forced to re-litigate the same claim later in the Cases if the Debtors' current plan is not confirmed; (2) force claimants to devote sufficient resources to negotiating and litigating their claims so that an allowed amount can be determined for the purposes of voting and distribution, but would not finally resolve the claims because LBHI asks to reserve certain potential claim objections even after a final allowed amount of the claim is determined through the Structured Securities Procedures; and (3) give the Debtors unilateral authority to modify the Maximum Allowable Amount of each Structured Security or Proposed Allowed Claim Amounts (as defined in the Motion) to correct "manifest errors" in the application of LBHI's proposed valuation methodologies without explaining what constitutes a "manifest error" or when or how LBHI would be permitted to correct them.

**Background**

1.      On or about January 30, 2009, the Holder Trust timely filed proof of claim number 2228 (the "Holder Trust Claim") against the LBHI estate asserting a claim related to warrants purchased by the Holder Trust. As of the petition date, these warrants, listed as "WTS Lehman Bros. Hldgs Inc. Call WT LKD Millennium" in the December 2008 brokerage account statement, were still owned by the Holder Trust. Additional information regarding this claim can be found in the Holder Trust's proof of claim documents.

2. On June 29, 2011, the above-captioned debtors (the "Debtors") filed the *Second Amended Joint Chapter 11 Plan* (the "Current Plan")[2] and the *Disclosure Statement to the Debtors Second Amended Joint Chapter 11 Plan*.[3]

3. On June 29, 2011, LBHI also filed the Motion proposing that certain claims (the "Structured Securities Claims") be resolved for voting and distribution purposes pursuant to the Structured Securities Procedures, as described in the Motion. Exhibit A to the Motion identifies the Holder Trust Claim as being one of the Structured Securities Claims.

### Limited Objections

4. While the Holder Trust does not object to some form of streamlined process to address disagreements over the amounts of the Structured Securities Claims, it is inappropriate to ask each holder of Structured Securities Claims to negotiate in good faith with LBHI over the amount of their claims without offering the possibility of reaching a final resolution of the claims in those negotiations.

**I. If the Current Plan is not ultimately confirmed, all holders of Structured Securities Claims face the possibility of being forced to litigate claims twice.**

5. LBHI makes it quite clear in the Motion that "[t]o the extent the Plan is not confirmed, the Proposed Allowed Claim Amounts may no longer have any effect and the Debtors reserve the right to object to the Structured Securities Claims on all grounds."[4] What is particularly troubling about this statement is that LBHI explicitly incorporates the normal claim objection process—including Claims ADR or proceeding to a Merits Hearing—into the Structured Securities Procedures but still asks for an absolute reservation of the right to object to Structured Securities Claims on all grounds if the Current Plan is not confirmed.

---

[2] Docket No. 18124.
[3] Docket No. 18125.
[4] Motion at ¶ 12.

3

6.      At a minimum, LBHI should clarify that while the Proposed Allowed Claim Amounts under the Structured Securities Procedures may no longer have any effect if the Current Plan is not confirmed, the allowance or resolution of a Structured Securities Claim after (1) good faith negotiations between the Debtors and claimants regarding the amounts of claims, (2) the Claims ADR process, or (3) claims litigation will not be disturbed if the Current Plan is not confirmed.

**II.     Even if holders of the Structured Securities Claims engage in the Structured Securities Procedures in good faith, they may be asked to defend their claim again later.**

7.      The Motion repeatedly states that its goal is to establish procedures to determine the amounts of the Structured Securities Claims "for the purposes of voting and distributions under the Plan." However, even if holders of the Structured Securities Claims devote sufficient resources to this process to resolve any disputes with LBHI and determine the allowed amounts of their claims, LBHI still attempts to preserve a number of potential objections to the Structured Securities Claims. As LBHI states in the Motion, "[t]he Debtors reserve the right to object to the Structured Securities Claims at any time, including, after such claims have been allowed for the purposes of voting and distributions under the Plan, on the grounds that such claims do not include a blocking number or include an invalid blocking number, are duplicative of other claims, have been amended or superseded, or otherwise do not comply with the provisions of the Bar Date Order."[5]

8.      If the purpose of the Structured Securities Procedures is to establish the allowed amount of claims for the purposes of voting *and* distributions, it does not make sense that the final agreed-upon claim amount after the Structured Securities Procedures could be subject to further objection. Similar to the previous objection, the Holder Trust objects to being asked to

---

[5] Motion at ¶ 27.

4

devote resources to negotiate and potentially litigate an allowed amount for a claim that it may be asked to negotiate and potentially litigate in the future.

### III. LBHI does not adequately define "manifest error" as used in the Structured Securities Procedures.

9. LBHI states "the Debtors reserve the right to modify the Maximum Allowable Amount of each Structured Security or Proposed Allowed Claim in order to correct any manifest errors (including inconsistent application of these principles) in the application of the Structured Securities Valuation Methodologies," but LBHI provides no explanation for *when* these manifest errors may be corrected, *how* they may be corrected, or what constitutes "manifest error." LBHI must provide some boundaries on this right to "correct any manifest errors" in order to properly analyze its propriety.

### Conclusion

10. Under the proposed Structured Securities Procedures, the holders of Structured Securities must comply with the Structured Securities Procedures despite the fact that (1) resources devoted to the process may be wasted if the Current Plan is not confirmed, (2) the negotiated or litigated claim amount that results from the Structured Securities Procedures is subject to later attack, and (3) LBHI may, apparently at any time, correct "manifest error" in the application of the Structured Securities Valuation Methodologies without explaining what impact that could have on past negotiations or agreements. The Structured Securities Procedures are unreasonable as proposed and should not be approved by this Court.

WHEREFORE, the Holder Trust respectfully requests that the Court enter an order (i) denying the Motion and (ii) granting such other and further relief as is just and proper.

Dated: July 12, 2011
      New York, New York

           */s/ Minyao Wang*
           **HAYNES AND BOONE, LLP**
           30 Rockefeller Plaza, 26th Floor
           New York, New York 10112
           Telephone: (212) 659-4963
           Facsimile: (212) 884-9546
           Minyao Wang (NY Bar# 4744314)

           *Attorneys for the Steven G. Holder Living Trust*