**Presentment Date and Time:  July 26, 2011 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  July 26, 2011 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed):  August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :   08-13555 (JMP)
                                              :
                            Debtors.          :   (Jointly Administered)
                                              :
------------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EXPAND THE SCOPE OF RETENTION OF CB RICHARD ELLIS, INC. AS A REAL ESTATE CONSULTANT, EFFECTIVE AS OF JUNE 8, 2011

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

supplemental application (the "Supplemental Application") of Lehman Brothers Holdings Inc.

("LBHI") and its affiliated debtors, including Lehman Commercial Paper Inc., in the above-

captioned chapter 11 cases (collectively, the "Debtors") pursuant to sections 327(a) and 328(a) of

title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), for authorization to expand the scope of retention of CB Richard Ellis,

Inc. ("CBRE") as a real estate consultant, effective as of June 8, 2011, all as more fully described

in the Supplemental Application, to the Honorable James M. Peck, United States Bankruptcy

Judge, for approval and signature on **July 26, 2011 at 12:00 p.m. noon (Prevailing Eastern Time)**.

   **PLEASE TAKE FURTHER NOTICE** that objections to the Supplemental Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn:  Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn:  Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) CB Richard Ellis, Inc., 200 Park Avenue, New York, NY 10166, Attn:  Linda E. Lindman, Esq. **so as to be so filed and received by no later than July 26, 2011 at 11:00 a.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **August 17, 2011, at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408.  If an objection is filed the objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 12, 2011
     New York, New York

               /s/ Richard P. Krasnow
               Richard P. Krasnow

               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007

               Attorneys for Debtors
               and Debtors in Possession

**Presentment Date and Time:  July 26, 2011 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  July 26, 2011 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed):  August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                      Debtors.            :    (Jointly Administered)
                                          :
-------------------------------------------------------------------x
```

**SUPPLEMENTAL APPLICATION OF THE**
**DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a)**
**OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO**
**EXPAND THE SCOPE OF RETENTION OF CB RICHARD ELLIS, INC.**
**AS A REAL ESTATE CONSULTANT EFFECTIVE AS OF JUNE 8, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), together with its affiliated debtors,

including Lehman Commercial Paper Inc. ("LCPI"), in the above-captioned chapter 11 cases, as

debtors in possession (the "Debtors" and, collectively with their non-debtor affiliates,

"Lehman"), file this Supplemental Application and respectfully represent:

### Background

1.     Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LCPI,

commenced with this Court voluntary cases under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009, ECF No. 2583, the Court approved the U.S. Trustee's appointment of the Examiner.

On March 11, 2010, the Examiner filed its report with the Court, ECF No. 7531.

4.      On July 1, 2011, the Debtors filed a second amended joint chapter 11 plan

and disclosure statement, ECF Nos. 18204 and 18205.

### Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

2

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Applications and Applications, filed on September 15, 2008, ECF No. 2.

## Request for Relief

8.      The Debtors requests entry of an order, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York, to expand the scope of CB Richard Ellis' ("CBRE") retention as a real estate consultant.  Specifically, the Debtors seek to engage CBRE to perform necessary real estate consulting and appraisal services in connection with twelve (12) separate loan positions (collectively, the "Loans") consisting of either mortgage loans (or specific interests in mortgage loans) secured by one or more real estate projects and/or other collateral, or mezzanine loans (or specific interests in mezzanine loans) secured by equity pledges in entities that own one or more real estate projects and/or other collateral.

## Retention of CBRE

9.      CBRE has previously been providing real estate, valuation and appraisal services, on behalf of the Debtors, as a professional in these chapter 11 cases.  By an order dated August 5, 2009, ECF No. 4711, (the "Initial Retention Order"), the Court approved the retention and employment of CBRE to perform real estate consulting services for LBHI in accordance with the terms and conditions set forth in an agreement between LBHI and CBRE, dated July 15, 2009, with respect to LBHI's acquisition (including by renegotiation or amendment at its current location(s)) whether by lease, sublease, assignment, purchase or otherwise, of approximately 150,000 square feet of leased rental space for general office use by LBHI in New York City,

3

ECF No. 4447.  By an order dated January 13, 2010, ECF No. 6644, (the "Supplemental Retention Order", and together with the Initial Retention Order, the "Retention Orders") the scope of CBRE's retention was expanded to include providing the Debtors the necessary real estate consulting, marketing and brokerage services with respect to LBHI's leasehold interest in the 7th floor of the building located at 85 Tenth Avenue, New York, New York.  During these chapter 11 cases, CBRE has also provided real estate consulting, appraisal, marketing and brokerage services for non-debtor affiliates.

### The Loans

10.    LCPI and Danske Bank A/S, London Branch ("Danske") and certain of their respective affiliates are parties to a Master Repurchase Agreement, dated as of August 30, 1999 (as amended from time to time, the "MRA").  In connection with the MRA and certain committed repurchase facility agreements, the Loans and certain residential and mortgage loans (collectively, the "Repo Assets") were transferred to Danske subject to LCPI's right and obligation to repurchase such Repo Assets as provided in the MRA.  Also in connection with the MRA, LCPI, Danske and The Bank of New York (as successor to JPMorgan Chase Bank, N.A.) entered into the Tri-Party Custody Agreement, dated as of April 21, 2006 (the "Custody Agreement").

11.    Subsequent to LBHI's chapter 11 filing, Danske sent a letter to LCPI on September 23, 2008 (the "Default Date") declaring that an event of default had occurred under the MRA and the Custody Agreement.  After the Default Date and pursuant to the terms of the MRA, all but one of the Loans were expressly assigned to Danske.  Danske has filed claims against LCPI, and pursuant to a guarantee provided by LBHI to Danske, LBHI, asserting a deficiency claim pursuant to the MRA (Claim Nos. 19487 and 17247).

4

12.     The Debtors have employed CBRE to perform certain real estate appraisal services, further discussed in the supplemental declaration of Kyle Redfearn, Managing Director of the Financial & Tax Reporting Services practice of CBRE, executed July 11, 2011, and a copy of which is attached hereto as Exhibit A (the "Supplemental Redfearn Declaration"), to assist the Debtors with determining the value of the Loans (and the real estate collateral directly or indirectly securing the Loans (collectively, the "Projects")) as of the Default Date for purposes of determining any deficiency amount that may be owed to Danske under the MRA.

### Scope of Services

13.     CBRE has agreed to provide appraisals with respect to the Loans.  The valuation of the Loans may depend, partly or entirely, on the valuations of the Projects. Accordingly, CBRE has agreed to provide appraisals of each of the Projects as part of the valuation of each Loan (the appraisal of the Loans and Projects being collectively referred to as the "Appraisal Services").  The scope of the work identified for the Appraisal Services primarily involves (i) property inspections for each of the Projects; (ii) a debt market overview as well as commentary and data points from various sources as to yield rates associated with whole loans; (iii) research of relevant market data, consideration of highest and best use and consideration of the appropriate generally accepted valuation approaches; and (iv) preparation of reports that include both the Loans and Project valuations.   Additionally, the Loan valuations will include an analysis of loan payoff projections and reflect the related risk in the yield rates based on times such as loan-to-value ratio, debt coverage ratio, collateral value and performance, and the strength of the guarantor.

### CBRE's Expanded Retention

14.     Section 327(a) provides, in relevant part, that a debtor "with the court's approval, may employ. . . professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist" the debtor in fulfilling its duties under the Bankruptcy Code.

15.     As described in the Supplemental Redfearn Declaration, CBRE is the global leader in real estate brokerage and other related services and has extensive experience in providing strategic commercial real estate advice to clients, including those involved in distressed situations.  Additionally, for many years, CBRE has provided real estate services to LBHI and its affiliates and, therefore, is intimately familiar with the Debtors' business operations and personnel.  CBRE has indicated a desire and willingness to act in the Debtors' chapter 11 cases and render the necessary Appraisal Services, as described herein, and to subject itself to the jurisdiction of the Court.  Accordingly, the Debtors submit that CBRE remains well-qualified to advise the Debtors and that the retention of CBRE on the terms and conditions set forth herein is necessary and appropriate, is in the best interest of its estate, creditors, and all other parties in interest, and should be granted in all respects.

### CBRE is Disinterested

16.     Based upon the information provided in the Supplemental Redfearn Declaration, to the best of the Debtors' knowledge, information and belief, neither CBRE nor any professional employee of CBRE has any connection with or any interest adverse to the Debtors, its creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the Supplemental Redfearn Declaration.   Based upon the Supplemental Redfearn Declaration, the Debtors submit that CBRE is a "disinterested person,"

6

as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section

1107(b) of the Bankruptcy Code.  The Debtors have been informed that CBRE will conduct an

ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new

relevant facts or relationships are discovered, CBRE will supplement its disclosure to the Court.

## Compensation Arrangement

17.    Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain

CBRE on reasonable terms and conditions.  Section 328 of the Bankruptcy Code provides, in

relevant part, that a debtor "with the court's approval, may employ or authorize the employment

of a professional person under section 327. . . on any reasonable terms and conditions of

employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on

a contingent fee basis."  11 U.S.C. § 328(a).

18.    As recognized by numerous courts, Congress intended section 328(a) to

enable debtors to retain professionals pursuant to specific fee arrangements to be determined at

the time of the court's approval of the retention, subject to reversal only if the terms are found to

be improvident in light of "developments not capable of being anticipated at the time of the

fixing of such terms and conditions." 11 U.S.C. § 328(a); *see also Donaldson, Lufkin & Jenrette

Sec. Corp. v. Nat'l Gypsum co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862-3 (5th Cir. 1997)

("If the most competent professionals are to be available for complicated capital restructuring

and the development of successful corporate reorganization, they must know what they will

receive for their expertise and commitment.").  Accordingly, section 328 permits the

compensation of professionals, including real estate brokers, on terms that reflect the nature of

their services and market conditions.

19.    LCPI and CBRE have agreed that the following fees will be payable to

CBRE for the Appraisal Services (the "Proposed Compensation"):[1]

| Loan | | Professional Fees | | | Timing (Days) | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | Summary | Self-Contained | Add to Each Report Type for Existing Valuations | Projects | Finish Loan Work | Total |
| 1200 Main Street | | $15,000 | $17,000 | $2,250 | 30 | 14 | 44 |
| The Lodge at Rancho Mirage | | $22,000 | $24,000 | $2,250 | 30 | 14 | 44 |
| 10000 Santa Monica Boulevard | | $9,500 | $10,500 | $2,250 | 21 | 14 | 35 |
| 1133 Westchester Avenue | | $9,000 | $10,000 | $2,250 | 21 | 14 | 35 |
| Cabo San Lucas | | $31,000 | $38,000 | $2,250 | 30 | 14 | 44 |
| Playa Pelicano | | $24,000 | $29,000 | $2,250 | 38 | 6 | 44 |
| Knickerbocker Hotel | | $14,000 | $15,000 | $2,250 | 30 | 14 | 44 |
| Windsor Boulevard | | $13,500 | $14,000 | $2,250 | 30 | 14 | 44 |
| Riande Miami Beach | | $12,000 | $14,000 | $2,250 | 30 | 14 | 44 |
| Snowmass - A Note | | $38,000 | $42,000 | $2,250 | 30 | 14 | 44 |
| Smowmass - B Note | | Fees and Timing Incl. w/ A-Note | | | | | |
| | | | | | | | |
| Project Trois | Loan Portion of Analysis | $10,000 | $10,000 | $2,250 | | | |
| | 100 Wall Street | $11,000 | $12,000 | $2,250 | 30 | 14 | 44 |
| | 116 Huntington, Boston | $4,000 | $6,000 | $2,250 | 30 | 14 | 44 |
| | Bay Colony, Waltham, MA | $10,000 | $12,000 | $2,250 | 30 | 14 | 44 |
| | Greensboro, Tysons Corner | $9,500 | $10,000 | $2,250 | 30 | 14 | 44 |
| | Fairfax, VA | $6,500 | $7,000 | $2,250 | 30 | 14 | 44 |
| | One Sansome, SF, CA | $7,000 | $8,000 | $2,250 | 21 | 14 | 35 |
| | 50 Beale, SF, CA | $7,000 | $8,000 | $2,250 | 21 | 14 | 35 |
| | 100 California, SF, CA | $6,000 | $7,000 | $2,250 | 21 | 14 | 35 |
| | 120 Howard, SF, CA | $6,000 | $7,000 | $2,250 | 21 | 14 | 35 |
| | 1000 Wilshire, LA, CA | $8,500 | $9,500 | $2,250 | 30 | 14 | 44 |
| | | | | | | | |
| | Fees without Existing Valuations | $273,500 | $310,000 | | | | |
| | Existing Valuations Fees | $47,250 | $47,250 | | | | |
| | Total Fees Per Report Option | $320,750 | $357,250 | | | | |

20.    In the event that any of CBRE's valuation experts associated with the

Appraisal Services are needed for testimony, a deposition or other court proceeding, CBRE's

compensation for time related to the preparation, travel and testimony will be paid on an hourly

basis, at the following rates:

| | |
| --- | --- |
| Senior Managing Director | $500 |
| Managing Director | $450 |
| Director | $450 |
| Senior Vice President | $400 |
| Vice President | $400 |

---

[1] The following table summarizes CBRE's fees and delivery schedule for the Appraisal Services.  CBRE's fees
include both the valuation of the Projects and the Loans with the exception of Project Trois, for which the fees for
the Loan appraisal is separate from the Project appraisals.

|                  |        |
|------------------|--------|
| Senior Appraiser | $350   |
| Appraiser        | $300   |

21.     LCPI has agreed to reimburse CBRE for direct travel expenses that are anticipated to be incurred and are in addition to the Proposed Compensation.  The Projects for which travel costs are expected include those described as Cabo San Lucas and Playa Pelicano.

22.     The Proposed Compensation reflects (i) the nature of the services provided by CBRE and (ii) the fee structure provisions typically utilized by CBRE and other real estate and consulting firms, which do not bill their clients on an hourly basis for services like the Appraisal Services.  The fee structure is also consistent with CBRE's normal and customary billing practices.  Considering the services that CBRE will provide and the market prices for CBRE's services, the Debtors submit that the Proposed Compensation is reasonable under the standards set forth in section 328(a) of the Bankruptcy Code and fulfill the requirements of Rule 2014-1 of the Local Rules.  Thus, the Debtors request approval of the Proposed Compensation and reimbursement of reasonable expenses, pursuant to section 328(a) of the Bankruptcy Code.

23.     As set forth in the Supplemental Redfearn Declaration, CBRE has not shared or agreed to share any of its Proposed Compensation in connection with this matter with any other person, as permitted by section 504 of the Bankruptcy Code.

**Fee Applications**

24.     In light of CBRE's fee structure, the Debtors respectfully request that the Court approve the Proposed Compensation as detailed herein, without requiring CBRE to file fee applications or fee statements with the Court pursuant to sections 330 and 331 of the Bankruptcy Code.  The Debtors submit that the scope and nature of the Appraisal Services and the Proposed Compensation is both reasonable and practical.  Furthermore, pursuant to the Retention Orders,

this Court has previously granted CBRE relief from submitting periodic fee applications and

approved a similar procedure to that described below.  Comparable to CBRE's previous

situations warranting such relief, the Proposed Compensation is a fixed fee structure with

compensation only paid upon completion of the Appraisal Services.  Accordingly, LCPI

proposes that CBRE's compensation with respect to the Appraisal Services be governed by the

following procedure (the "Compensation Procedure"):

- LCPI will request the Court's allowance of CBRE's Proposed Compensation by filing a notice after consummation of the Appraisal Services setting forth the compensation to be paid to CBRE with respect thereto (the "Compensation Notice") and serving the Compensation Notice on all parties entitled to receive notice in these cases pursuant to the procedures set forth in the Case Management Order (as defined below).

- Parties will have ten (10) days after the filing of the Compensation Notice to file an objection to any portion of the Proposed Compensation and serve the objection on LCPI and CBRE.  Any objection to the Compensation Notice shall set forth the amount of the Proposed Compensation to which the party is objecting and the reasons for the objection.

- If no party timely files and serves an objection to the Compensation Notice, LCPI shall be authorized to pay the Proposed Compensation to CBRE without further notice or authorization from the Court;

- If any party files a timely objection to the Compensation Notice, LCPI shall be authorized to pay, without further notice or authorization from the Court, (i) any portion of the Proposed Compensation and/or reimbursable expenses to which any party filing the objection has not objected and (ii) any portion of the Proposed Compensation and/or reimbursable expenses to which LCPI, CBRE, and the objecting party or parties have agreed in writing may be paid. If LCPI, CBRE, and the objecting party or parties are unable to resolve the objection, LCPI or CBRE may schedule a hearing for the Court to determine the objection.

25.    LCPI submits that, with respect to the Appraisal Services, the

Compensation Procedure is practical and affords the Court and other parties in interest an

opportunity to review the propriety of the Proposed Compensation.  Further, the Court would be

relieved from the administrative burden of reviewing CBRE's fee application.  Accordingly, the

Debtors respectfully request that the Court approve the Proposed Compensation with respect to the Appraisal Services.

### Notice

26.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Supplemental Application in accordance with the procedures set forth in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635 (the "Case Management Order"), on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) CBRE; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

27.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: July 12, 2011
         New York, New York

                                        /s/ Richard P. Krasnow
                                        Richard P. Krasnow

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

## EXHIBIT A

**(Supplemental Declaration of Kyle Redfearn)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

In re                                                     :        Chapter 11
                                                          :
                                                          :
Lehman Brothers Holdings Inc., *et al.*                   :        Case No. 08-13555 (JMP)
                                                          :
                              Debtors.                    :        Jointly Administered
                                                          :
                                                          :
---------------------------------------------------------- x

### DECLARATION OF KYLE REDFEARN IN SUPPORT
### OF THE SUPPLEMENTAL APPLICATION TO EXPAND THE
### RETENTION OF CB RICHARD ELLIS INC.
### AS REAL ESTATE CONSULTANT FOR THE DEBTORS

I, Kyle Redfearn, make this Declaration under 28 U.S.C. § 1746 and state:

1.       I am the Managing Director, Financial & Tax Reporting Services of CB Richard

Ellis, Inc. ("CBRE"), a professional real estate services firm.   I submit this Declaration on

behalf of CBRE in support of the supplemental application   (the "Supplemental Application")

of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, including Lehman

Commercial Paper Inc. ("LCPI") in the above captioned chapter 11 cases (collectively, the

"Debtors"), for entry of an order, pursuant to sections 327(a) and 328 of title 11 of the United

States Code (the "Bankruptcy Code") authorizing the Debtors to (i) expand their engagement of

CBRE as real estate consultant to provide appraisals (collectively, the "Loan Appraisals") with

respect to twelve separate loan positions (collectively, the "Loans") and appraisals of the various

real estate collateral directly or indirectly securing the Loans (collectively, the "Project

Appraisals" and, together with the Loan Appraisals, the "Appraisals") and (ii) to compensate

CBRE for its services in connection therewith.   Except as otherwise indicated, all facts set forth

in this Declaration are based upon my personal knowledge, my review of relevant documents, or

are based upon knowledge obtained from employees of CBRE reporting to me that are derived in the course of their duties.

2.      On July 15, 2009 and December 14, 2009, Mitchell E. Rudin, President and CEO of the New York Tri-State Region of CBRE submitted a Declaration and Supplemental Declaration, respectively, to this Court (collectively the "<u>First and Supplemental CBRE Declarations</u>") in support of the Debtors' retention of CBRE as a real estate consultant for two different assignments in New York, New York.    The First and Supplemental CBRE Declarations are incorporated into this Declaration by reference.

### CBRE's Disinterestedness

3.      In connection with the First and Supplemental CBRE Declarations, the Debtors initially provided CBRE a master conflicts list with the names of more than 3200 entities consisting of, among other things, debtors, debtor affiliates, creditors and other interested parties (the "<u>Initial Master Conflicts List</u>") and subsequently provided CBRE with an updated list of interested parties which is attached hereto as <u>Schedule A</u> (the "<u>Updated Interested Parties</u>") of individuals or institutions in the following categories:

(a)      LBHI, affiliates and related entities, including certain affiliates that are debtors before this Court;

(b)      former LBHI entities;

(c)      the Debtors' 50 largest bondholders;

(d)      the Debtors' Largest Unsecured Creditors other than bondholders;

(e)      the Debtors' significant leases;

(f)      the Debtors' secured creditors;

(g)      government and state regulatory agencies;

(h)      members of ad hoc or unofficial creditors' committees;

(i)    significant stockholders in the Debtors;

(j)    LBHI's current and former (up to three years) directors and officers;

(k)    the underwriting investment bankers for the Debtors' securities;

(l)    potential parties in interest;

(m)    the Debtors' and affiliates' outside directors' affiliations;

(n)    professionals retained by the Debtors;

(o)    litigation claimants;

(p)    the largest holders of the Debtors' trade debt;

(q)    professionals retained by significant creditor groups;

(r)    utilities servicing the Debtors and affiliates;

(s)    committee members

(t)    selected counterparties to the Debtors' and affiliates' derivative contracts; and

(u)    principal investments.

4.    In preparing this Declaration and to check and clear potential conflicts of interest with regard to LCPI, its affiliates and related entities, including certain affiliates that are debtors before this Court, as well as to determine all "connections" to LCPI, its creditors, other parties in interest, its respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee, I caused a set of procedures developed by CBRE to be used, which included (i) sending memos to line of business leaders, managers, senior executives and accounting and revenue recognition personnel worldwide, (ii) researching CBRE's client databases to determine whether CBRE had any relationships with the parties described in Paragraph 3 of this Declaration and (iii) sent memos and asked the Valuation and Advisory Services appraisers to check their files and asked for their knowledge and recollection.   In connection with the First

and Supplemental CBRE Declarations, CBRE searched (i) for the Debtors, for the period commencing on January 1, 2007 through November 29, 2009, and (ii) for the remainder of the parties on the Updated Interested Parties list that did not appear on the Initial Master Conflicts List (the "New Interested Parties"), for the period commencing on January 1, 2007 through April 15, 2009.

5.    In connection with this Declaration, CBRE conducted a similar search   (a) from November 30, 2009 to April 11, 2010 for the Debtors, (b) from April 16, 2009 to April 11, 2010 for the parties listed in Paragraph 3(b) through 3(u), excluding Paragraph 3(e), 3(j) and 3(m) and (c) from June 1, 2009 to a current date for (I) the property addresses described in Schedule A-1, which properties directly or indirectly secure the Loans (the "Appraisal Projects") and (II) the borrowers, guarantors and pledgors associated with each of the Loans and Appraisal Projects, as described in Schedule A-2 for such Loans.

6.    To the extent that the above described processes in Paragraph 5(a) and 5(b) revealed any connections with the Debtors, affiliates or related entities for the period searched, any such connections are described in Schedule B attached hereto which sets forth the names of these entities, such entities' relationship to the Debtors and a brief description of the services being provided by CBRE with respect to such entities.   As detailed on Schedule B, CBRE has provided one or more of the following services to the Debtors, affiliates or related entities: (i) property management services, (ii) valuation and advisory services; (iii) brokerage services, and (iv) project management.   Schedule B also lists the Debtor or affiliate entity to which CBRE provided services, the dates on which such services were provided and a description of the services provided. To the extent that the above described process in Paragraph 5(c) revealed any connections with the Appraisal Projects and the borrowers, guarantors and pledgors for the period searched, any such connections are described in Schedule B-1 and Schedule B-2

7.     To the extent that the processes in Paragraph 5(a) and 5(b) revealed any connections with any parties that appear in the categories listed in Paragraphs 3(b) through 3(u), excluding Paragraphs 3(e), 3(j) and 3(m) above, attached hereto as <u>Schedule C</u> is a listing of the parties for whom CBRE provided one or more of the following services:

(a)     Arbitration Services

(b)     Asset Services

(c)     Brokerage Services

(d)     Capital Markets - Debt and Equity Financing

(e)     Capital Markets - Loan Sales

(f)     Capital Markets - Loan Servicing

(g)     Capital Markets - Investment Properties Institutional Group

(h)     Capital Markets - Private Client Group

(i)     Corporate Advisory

(j)     Cost Segregation

(k)     Expert Witness Services

(l)     Facilities Management

(m)     Healthcare Services

(n)     Industrial Services

(o)     Labor Analytics

(p)     Project Management/Construction Management

(q)     Rating and Taxation Services

(r)     Restructuring Services Group

(s)     Retail Services

(t)     Sale/Leaseback

(u)     Strategic Consulting

(v)     Transaction Management and Lease Administration

(w)      Valuation and Advisory Services

(x)      Workplace/Workforce Strategies

8.      In preparing this Declaration, CBRE became aware of several additional connections with LCPI and its affiliates where LCPI and its affiliates were either a lender or an owner of property for which appraisal and valuation services were performed by CBRE. A copy of the additional connections is attached as <u>Schedule D</u>.  However, none of the appraisal and valuation work listed on <u>Schedule D</u> involved either the Appraisal Projects or was work performed by any member of the appraisal and valuation team that will conduct the Appraisals.

9.      Except as set forth herein or disclosed on <u>Schedule B</u>, <u>Schedule B-1</u>, <u>Schedule B-2</u>, <u>Schedule C</u> and <u>Schedule D</u> attached hereto, and based upon the information available to me, neither I, nor CBRE, insofar as I have been able to ascertain, holds or represents any interest adverse to LCPI or its estate in the matters upon which CBRE is to be employed.   Based upon the information available to me, I believe that CBRE is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code in that, except as set forth in this Declaration:   (a) CBRE has no connection with LCPI, its affiliates and related entities, including certain affiliates that are debtors before this Court, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, (b) CBRE is not a creditor, equity security holder or insider of LCPI, (c) CBRE is not and was not, since January 1, 2007, a director, officer or employee of the Debtors and (d) CBRE does not have an interest materially adverse to the Debtors, its respective estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

10.     CBRE has approximately 30,000 employees across the globe.  It is possible that certain employees of CBRE may have business associations with any of the parties or hold securities of the Debtors or interests in mutual funds or other investment vehicles that may own securities of the Debtors.

11.     Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because LCPI and the other Debtors are a large enterprise with thousands of creditors and other relationships, and because CBRE is a global firm performing a variety of real estate related services, CBRE is unable to state with certainty that every client representation or other connection of CBRE has been disclosed.  In this regard, if CBRE discovers additional information that requires disclosure, CBRE will file supplemental disclosures with the Court.

### Professional Compensation

12.     Subject to Court approval, LCPI and CBRE have agreed that CBRE will be compensated on a service fee basis, as more fully described in the Supplemental Application.

13.     Pursuant to the procedures described in the Supplemental Application, CBRE shall submit all invoices and payment requests in accordance with the requirements of the Bankruptcy Code and any relevant order of this Court.

14.     To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor CBRE has received or been promised any compensation in connection with LCPI's chapter 11 case, other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.   CBRE has agreed not to share compensation received in connection with these cases with any other entity.   The proposed retention of CBRE is not prohibited by Bankruptcy Rule 5002.

15.     This declaration is provided in accordance with Bankruptcy Rule 2014.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on:  ___7/11/2011_____          By: _____

                                                                                Kyle Redfearn

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re                                                       :        Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
:
Debtors.                   :        (Jointly Administered)
:
-------------------------------------------------------------------x

## ORDER EXPANDING THE SCOPE OF RETENTION OF CB RICHARD ELLIS, INC., AS THE DEBTORS' REAL ESTATE CONSULTANT PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, EFFECTIVE AS OF JUNE 8, 2011

Upon consideration of the supplemental application, dated July 12, 2011 (the

"Supplemental Application"),[1] of  Lehman Brothers Holdings Inc. ("LBHI") and its affiliated

debtors, including Lehman Commercial Paper Inc. ("LCPI"), in the above-captioned chapter 11

cases (together, the "Debtors") pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of

the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of

Bankruptcy Procedure, for authorization to expand the scope of retention of CB Richard Ellis,

Inc. ("CBRE") as a real estate consultant, effective as of June 8, 2011, all as more fully set forth

in the Supplemental Application; and upon consideration of the supplemental declaration of Kyle

Redfearn, Managing Director of the Financial & Tax Reporting Services practice of CBRE,

executed July 11, 2011, filed in support of the Supplemental Application, a copy of which is

attached to the Supplemental Application as Exhibit A; and the Court having jurisdiction to

consider the Supplemental Application and the relief requested therein in accordance with 28

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Supplemental Application and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

Supplemental Application having been provided in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) CBRE; and (vii) all parties who have requested notice in these chapter 11 cases, and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Supplemental Application is in the best interests of the

Debtors, their estates and their creditors, and all parties in interest and that the legal and factual

bases set forth in the Supplemental Application establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Supplemental Application is approved as set forth herein; and

it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code,

the Debtors are authorized to expand the scope of the employment and retention of CBRE as

their real estate consultant on the terms and conditions generally described in the Supplemental

Application, and LCPI is authorized to enter into an engagement letter with CBRE consistent

therewith; and it is further

2

ORDERED that CBRE will not be required to file interim fee applications

pursuant to sections 330 and 331 of the Bankruptcy Code, and that CBRE will be compensated

for the Appraisal Services pursuant to the following procedures:

- LCPI will request the Court's allowance of CBRE's Proposed Compensation by filing a notice after consummation of the Appraisal Services setting forth the compensation to be paid to CBRE with respect thereto (the "Compensation Notice") and serving the Compensation Notice on all parties entitled to receive notice in these cases pursuant to the procedures set forth in the Case Management Order.

- Parties will have ten (10) days after the filing of the Compensation Notice to file an objection to any portion of the Proposed Compensation and serve the objection on LCPI and CBRE. Any objection to the Compensation Notice shall set forth the amount of the Proposed Compensation to which the party is objecting and the reasons for the objection.

- If no party timely files and serves an objection to the Compensation Notice, LCPI shall be authorized to pay the Proposed Compensation to CBRE without further notice or authorization from the Court.

- If any party files a timely objection to the Compensation Notice, LCPI shall be authorized to pay, without further notice or authorization from the Court, (i) any portion of the Proposed Compensation and/or reimbursable expenses to which any party filing the objection has not objected and (ii) any portion of the Proposed Compensation and/or reimbursable expenses to which LCPI, CBRE, and the objecting party or parties have agreed in writing may be paid. If LCPI, CBRE, and the objecting party or parties are unable to resolve the objection, LCPI or CBRE may schedule a hearing for the Court to determine the objection; and it is further

ORDERED that the Proposed Compensation arrangement is hereby approved and

CBRE shall be subject to the standard of review provided in section 328(a) of the Bankruptcy

Code, and not subject to any other standard of review under section 330 of the Bankruptcy Code;

and it is further;

ORDERED that, notwithstanding the foregoing, the United States Trustee retains

all rights to object to fees payable to CBRE in connection with the Appraisal Services based on

the reasonableness standard provided for in section 330 of the Bankruptcy Code;

3

ORDERED that to the extent this Order is inconsistent with the Supplemental

Application, this Order shall govern; and it is further

ORDERED that this Court will retain jurisdiction to construe and enforce this

Order.


Dated: July ___, 2011
      New York, New York


                                       _____
                                       UNITED STATES BANKRUPTCY JUDGE