Presentment Date and Time: July 19, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline:  July 18, 2011 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  July 20, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re**                                                          :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (JMP)**
:
**Debtors.**                            :    **(Jointly Administered)**
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION AND**
**ORDER REGARDING (1) TRANSFER AND TURNOVER OF**
**CERTAIN DEPOSITS, (2) PRESERVATION OF CITIBANK'S SETOFF**
**RIGHTS, IF ANY, IN RESPECT OF DEPOSITS TRANSFERRED OR TURNED OVER,**
**(3) MAINTENANCE OF CERTAIN DEPOSIT ACCOUNTS, (4) INDEMNIFICATION**
**OF CITIBANK IN RESPECT OF ANY THIRD PARTY CLAIMS ARISING**
**FROM THE TURNOVER OF DEPOSITS AND (5) PAYMENT OF ACCOUNT FEES**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

stipulation and order (the "Stipulation and Agreed Order") to the Honorable James M. Peck,

United States Bankruptcy Judge, for approval and signature on **July 19, 2011 at 12:00 noon**

**(Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation

and Agreed Order shall be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the

Southern District of New York, shall set forth the name of the objecting party, the basis for the

objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon: (i) Chambers of the Honorable James

M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii)

Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Lori R.

Fife, Esq. and Sunny Singh, Esq., attorneys for the Debtors; (iii) the Office of the United States

Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy

Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank,

Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn:

Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq., attorneys for the

Creditors' Committee; and (v) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of

the Americas, New York, New York 10019-6064, Attn: Stephen J. Shimshak, Esq., attorneys for

Citigroup, Inc. and its Respective Affiliates and Subsidiaries, including, without limitation,

Citibank, N.A., so as to be filed and received no later than **July 18, 2011 at 4:00 p.m.**

**(Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Stipulation and

Agreed Order is not received by the Objection Deadline, the relief requested shall be deemed

unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a

hearing.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed prior to the Objection Deadline, a hearing (the "Hearing") will be held to consider the Stipulation and Agreed Order on **July 20, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 12, 2011
    New York, New York

/s/ Lori R. Fife
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
                                          :
In re:                                    :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS, INC., et al.    :   08-13555 (JMP)
                         Debtors.         :
                                          :   (Jointly Administered)
------------------------------------------------------------- x
```

**STIPULATION AND ORDER REGARDING (1) TRANSFER AND TURNOVER OF CERTAIN DEPOSITS, (2) PRESERVATION OF CITIBANK'S SETOFF RIGHTS, IF ANY, IN RESPECT OF DEPOSITS TRANSFERRED OR TURNED OVER, (3) MAINTENANCE OF CERTAIN DEPOSIT ACCOUNTS, (4) INDEMNIFICATION OF CITIBANK IN RESPECT OF ANY THIRD PARTY CLAIMS ARISING FROM THE TURNOVER OF DEPOSITS AND (5) PAYMENT OF ACCOUNT FEES**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors as debtors and debtors-in-possession (together with LBHI, the "Debtors"), certain non-debtor affiliates controlled by the Debtors (the "Non-Debtor Affiliates," and together with the Debtors, "Lehman"), and Citigroup, Inc. and its respective affiliates and subsidiaries, including, without limitation, Citibank, N.A. (collectively, "Citibank"),[1] by and through their respective attorneys, hereby stipulate as follows:

RECITALS

A.      On September 15, 2008, LBHI, and periodically thereafter, certain of its subsidiaries, filed with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This Court has consolidated those cases for procedural purposes only, and is jointly administering them pursuant to Fed. R. Bankr. P. 1015(b). The Debtors continue to operate their businesses and manage their

_____

[1]    For convenience, and as the context may require, Citibank and Lehman shall each be referred to individually as a "Party" and collectively as the "Parties."

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

B.    Lehman currently maintains various deposit accounts (the "Deposit Accounts") at

Citibank against which Citibank asserts rights of netting, offset, recoupment, or other

claims of right in respect of claims held by Citibank and arising (i) before the

commencement of these cases, as to any prepetition deposits (the "Prepetition Deposits")

and (ii) thereafter, as to any postpetition deposits (the "Postpetition Deposits")

(collectively, the  "Setoff Rights").[2]

C.    Since the commencement of these cases, the Parties have consented to several

orders to facilitate administration of the Debtors' Deposit Accounts at Citibank and to

generally preserve the Parties' rights.[3]  Among other things, Citibank has turned over

certain Postpetition Deposits to the Debtors and transferred certain Prepetition Deposits

to interest-bearing accounts.

---

[2]    Lehman also maintains certain other deposit accounts at Citibank that were
established after the commencement of the Debtors' chapter 11 cases and are subject
to the terms of a letter agreement, dated November 18, 2008, as amended from time
to time, among Citibank, LBHI and certain affiliates of LBHI governing the rights of
the parties with respect to such deposit accounts.

[3]    On September 22, 2008, the Court entered an *Order Pursuant to Section 105 of the
Bankruptcy Code Confirming Status of Citibank Clearing Advances* (the "Citibank
Clearing Order") [Docket No. 284].  On April 15, 2009, the Court "So-Ordered" a
*Stipulation and Order Authorizing (1) Transfer of Certain Prepetition Deposits, and
(2) Preservation of Citibank's Setoff Rights, if any, in Respect of Amounts
Transferred* (the "First Prepetition Deposits Stipulation") [Docket No. 3372], among
the Debtors and Citibank.  On April 15, 2009, the Court "So-Ordered" a *Stipulation
and Order Authorizing (1) Turnover of Postpetition Deposits with Citibank, and (2)
Indemnification of Citibank in Respect of Any Third Party Claims Arising From the
Turnover of Postpetition Deposits* (the "Postpetition Deposits Stipulation") [Docket
No. 3373], among the Debtors and Citibank.  On April 6, 2010, the Court "So-
Ordered" a *Stipulation and Order Authorizing (1) Transfer of Certain Prepetition
Deposits, and (2) Preservation of Citibank's Setoff Rights, if any, in Respect of
Amounts Transferred* (the "Second Prepetition Deposits Stipulation")  [Docket No.
8099], among the Debtors and Citibank.

D.      Lehman and Citibank recently agreed that Citibank would turn over certain

Prepetition Deposits that Citibank does not presently believe remain subject to its Setoff

Rights.

E.      Lehman represents and warrants that one or more Debtors owns the Foreign

Deposit Accounts (defined below) on Schedule 1 and the Deposit Accounts identified on

Schedule 2.  Lehman represents and warrants that one or more Non-Debtor Affiliates

owns the Deposit Accounts identified on Schedule 3 and that the Non-Debtor Affiliates

are not in a bankruptcy, reorganization, liquidation, or other insolvency proceeding or

administration.

F.      The Parties seek to avoid the cost and expense of litigation over certain of the

Deposit Accounts while preserving their respective legal rights.

G.      Third parties may assert claims against Citibank relating to the turnover by

Citibank of deposits to or on the direction of Lehman.

H.      Citibank and Lehman have agreed to Citibank's transfer and turnover to Lehman

of certain Prepetition Deposits on the terms and conditions set forth herein.

## AGREEMENT

NOW THEREFORE, the Parties hereto, by and through their respective

attorneys, hereby agree as follows:

1.      The Parties incorporate the Recitals herein as part of their agreement.

### *Transfer of Certain Foreign Deposits*

2.      The Parties shall cooperate with each other (including, without limitation, seeking

to obtain all necessary regulatory and governmental approvals and consents, domestic or

foreign) to (i) convert to U.S. dollars the Prepetition Deposits identified in Column 2 of

Schedule 1 and after conversion (ii) transfer such Prepetition Deposits from the Deposit

Accounts identified in Column 2 of Schedule 1 (each, a "<u>Foreign Deposit Account</u>") to

the Deposit Accounts at Citibank identified in Column 5 of <u>Schedule 1</u> (each, a "<u>Transfer</u>

<u>Account</u>").[4]  Income or interest shall be paid on the balance in each Transfer Account.

All income or interest earned on the Transfer Accounts shall constitute property of the

individual Debtor's estate.

### *Turnover of Certain Deposits*

3.      Subject to payment of account fees in accordance with Paragraphs 5 and 6 of this

Stipulation, the Parties shall cooperate with each other (including, without limitation,

seeking to obtain all necessary regulatory and governmental approvals and consents,

domestic or foreign) to, within fourteen (14) business days of a request by Lehman, turn

over to or on the direction of Lehman (the date of each separate turnover, a "<u>Transfer</u>

<u>Date</u>"), and, where applicable, convert to U.S. dollars:

> (i) any deposits in the Foreign Deposit Accounts identified on <u>Schedule 1</u> in
>
> excess of the Prepetition Deposits identified in Column 4 of <u>Schedule 1</u>;
>
> (ii) following the transfers described in Paragraph 2, all deposits in excess of
>
> $13 million from Lehman Brothers Commodity Services Account #3087-0154
>
> (the "<u>Excess LBCS Deposits</u>");
>
> (iii) all deposits in the Deposit Accounts identified on <u>Schedule 2</u>;
>
> (iv) all deposits in the Deposit Accounts identified on <u>Schedule 3</u>; and
>
> (v) close any Deposit Account with a zero balance.

Citibank shall wire the funds to be released (the "<u>Released Funds</u>") to or on the direction

of Lehman in accordance with the wire instructions provided by Lehman.

---

[4]     Where necessary to effectuate this Stipulation, Lehman hereby requests Citibank to open one
or more Transfer Accounts.

*__Continued Hold on Certain Deposit Accounts__*

4.      Citibank will continue to maintain as its collateral the cash (including any interest or income earned thereon) in the Deposit Accounts identified on <u>Schedule 4</u>, including but not limited to the Prepetition Deposits transferred pursuant to Paragraph 2 of this Stipulation, but excluding the Excess LBCS Deposits that Citibank shall turn over from Account #3087-0154 to or on the direction of Lehman Brothers Commodity Services pursuant to Paragraph 3(ii) of this Stipulation.

*__Payment of Account Fees__*

5.      Before turning over Prepetition Deposits to any Debtor, subject to receipt of sufficient detail regarding and Lehman's advance approval of the amount of account fees (which approval shall not be unreasonably withheld), Citibank shall have the right without further leave of the Bankruptcy Court to set off against such Prepetition Deposits any claims in respect of reasonable prepetition account fees owing by the relevant Debtor to Citibank.  Before turning over any deposits from a Deposit Account of a Non-Debtor Affiliate, subject to receipt of sufficient detail regarding and Lehman's advance approval of the amount of account fees (which approval shall not be unreasonably withheld), Citibank shall have the right without further leave of the Bankruptcy Court to set off against such deposits any and all claims in respect of reasonable account fees owing by the relevant Non-Debtor Affiliate to Citibank.

6.      Subject to receipt of sufficient detail regarding and Lehman's advance approval of the amount of account fees (which approval shall not be unreasonably withheld), all postpetition claims in respect of reasonable account fees shall be allowed without further leave of the Bankruptcy Court and shall be paid by the Debtors as an ordinary course administrative priority expense claims.

5

7.      The Parties shall cooperate with each other to agree upon the amount of account

fees payable in accordance with Paragraphs 5 and 6 above within twenty-five (25)

business days of this Stipulation having become effective.

### *Reservation of Rights*

8.      Nothing in this Stipulation shall alter the effect or enforceability of the Citibank

Clearing Order, the First Prepetition Deposits Stipulation, the Postpetition Deposits

Stipulation, or the Second Prepetition Deposits Stipulation.

9.      Citibank shall have no greater or lesser Setoff Rights (and the Debtors shall have

no greater or lesser rights to dispute and object to the Setoff Rights) against the Prepetition

Deposits, and any income or interest earned thereon, after the transfer of the Prepetition

Deposits to the Transfer Accounts than Citibank possessed against the Prepetition

Deposits, and would have possessed against interest or income earned thereon, when held

in the Foreign Deposit Accounts identified in Schedule 1; *provided*, *however*, that Citibank

fully reserves the right to select which foreign Prepetition Deposits shall be deemed to

remain in Transfer Account #3087-0154 following the turnover of deposits to Lehman

Brothers Commodity Services under Paragraph 3(ii) of this Stipulation.

10.      Nothing contained herein shall constitute an agreement or admission by Citibank or

any Debtor or Non-Debtor Affiliate as to the existence of any Setoff Right in favor of

Citibank of any kind whatsoever, or constitute a finding by this Court of the existence of

any such Setoff Right or similar right.  Neither the delivery of the Released Funds by

Citibank to Lehman nor the passage of time shall result in a waiver of, or release of any

claim by Citibank for adequate protection of the Setoff Rights, if any, in respect of such

Released Funds or the right to seek an administrative expense claim in respect of such

Setoff Rights, if any, including, without limitation, under sections 507(b), 507(a)(2), or

6

503(b) of the Bankruptcy Code.  Lehman shall retain all rights to dispute or object to any claim asserted by Citibank for adequate protection or administrative priority with respect to the Setoff Rights, if any.

11.    Nothing contained herein shall prejudice or be deemed to prejudice (i) any right of Citibank to set off against any Deposit Account without seeking relief from the automatic stay in accordance with, *inter alia*, sections 362(b)(6), 362(b)(7), and/or 362(b)(17) of the Bankruptcy Code or any appellate rights of Citibank, including without limitation, the right to seek a stay of any order terminating Citibank's maintenance of the Deposit Accounts identified on <u>Schedule 4</u>, and (ii) any rights, claims, defenses, obligations, and challenges any party in interest may have with respect thereto.

12.    Nothing contained herein shall be a waiver of or be deemed to be a waiver of (i) any of Citibank's rights, including, without limitation, the right of Citibank to request relief from the automatic stay to exercise its Setoff Rights against the Deposit Accounts, and (ii) any rights, claims, defenses, obligations, and challenges any party in interest may have with respect thereto.

13.    Nothing contained herein shall constitute or be deemed a waiver of each of the Parties' rights, claims and defenses with respect to any claims each Party might have against the other, including, without limitation, (i) any proofs of claim filed by Citibank against the Debtors and the Debtors' rights to object to, oppose, or otherwise dispute such claims, and (ii) the Debtors' claims to recover the funds posted in the Deposit Accounts identified in <u>Schedule 4</u> and Citibank's rights to object to, oppose, or otherwise dispute such claims.  Each of the Parties' rights with respect thereto are fully preserved.

### _Indemnification_

14.    From and after the first Transfer Date, each Debtor and Non-Debtor Affiliate (severally and not jointly) hereby agrees to and shall indemnify, defend, and hold harmless Citibank from and against any and all claims asserted by any third party (each a "Third Party Claim"), to the extent that any such claim arises, in whole or in part, from Citibank's turnover of deposits to such Debtor or Non-Debtor Affiliate or, at such Debtor's or Non-Debtor Affiliate's direction, to a third party.  Upon Citibank's receipt of a Third Party Claim, Citibank shall promptly, after obtaining knowledge of such Third Party Claim, notify Lehman in writing (including by e-mail transmission to the undersigned attorneys for the Debtors) of such Third Party Claim in reasonable detail; provided, however, that no delay on the part of Citibank in providing such notice shall relieve any Debtor or Non-Debtor Affiliate of its obligation hereunder unless (and then only to the extent) that such Debtor or Non-Debtor Affiliate is thereby damaged.  The Debtors and Non-Debtor Affiliates shall have the right, at their election, to take over the defense or settlement of any such Third Party Claim, at their own expense, by giving Citibank written notice thereof (including by e-mail transmission to the undersigned attorneys for Citibank) not later than fourteen (14) days after Lehman's receipt of such notice or at any time thereafter upon the reimbursement by Lehman of any and all expenses incurred by Citibank in respect of such defense prior to Lehman's taking over such defense.

15.    Any Debtor or Non-Debtor Affiliate that assumes the defense of any Third Party Claim may retain competent attorneys of its choosing to defend such claim and Citibank authorizes any such Debtor or Non-Debtor Affiliate to consent to a settlement or entry of judgment in connection with such Third Party Claim without Citibank's prior consent,

8

provided, however, that a condition to any such settlement shall be a complete release of Citibank with respect to such Third Party Claim.  If any Debtor or Non-Debtor Affiliate assumes the defense of any Third Party Claim, Citibank shall have the right, at Citibank's expense and without any right of indemnification hereunder, to participate in but not control any such defense, including the retention of attorneys of Citibank's choosing. Notwithstanding a Debtor's or Non-Debtor Affiliate's assumption of the defense of any Third Party Claim, Citibank may (a) with written consent of such Debtor or Non-Debtor Affiliate, pay or settle such Third Party Claim, without waiving its right to indemnification hereunder; and (b) without written consent of such Debtor or Non-Debtor Affiliate and without any right to indemnification hereunder, pay or settle such Third Party Claim.

16.     If a Debtor or Non-Debtor Affiliate does not assume the defense of any Third Party Claim, then Citibank may defend against, or enter into any settlement or entry of judgment in connection with such Third Party Claim in any matter that Citibank deems reasonably appropriate, without waiving any right to indemnification hereunder.  In the circumstance of the Debtor's election not to assume the defense of any Third Party Claim, the Debtor or Non-Debtor Affiliate may, at its option and expense, participate in, but not control, such defense.  The Parties shall cooperate in defending any Third Party Claim and the Party conducting such defense shall have reasonable access to the books, records and personnel in the possession and control of the other Party.

### *Miscellaneous*

17.     Although the Parties have attempted to identify in this Stipulation all Lehman Deposit Accounts with current cash balances, no Party shall be prejudiced in the event that any Lehman Deposit Account, whether known or unknown, has been omitted from

Schedules 1, 2, 3, or 4.  The Parties shall use reasonable efforts to agree on a treatment

for any such Deposit Account consistent with this Stipulation and reserve the right to

seek to amend or supplement this Stipulation in accordance with Paragraph 21 below to

include any such Deposit Account(s).

18.     The terms and conditions of this Stipulation, and the Parties' respective

obligations hereunder, shall become effective only upon entry of this Order, and this

Order becoming a final order, not subject to appeal, rehearing, or other consideration.

19.     This Stipulation and Order shall be binding upon and inure solely to the benefit of

the Parties hereto and their respective successors and permitted assigns, including any

subsequent trustee elected or appointed for the Debtors.  Nothing contained herein,

express or implied, is intended to or shall confer upon any other person or entity any legal

or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this

Stipulation.

20.     Citibank consents to this Court's jurisdiction solely for the purpose of the

enforcement of this Stipulation and Order.

21.     No amendment, waiver, or modification of any provision of this Stipulation and

Order shall be effective unless the same shall be in writing and signed by Citibank and

the Debtors.

22.     This Stipulation may be executed in two or more counterparts, each of which shall

be deemed an original, but which together shall constitute one and the same instrument.

This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or

PDF signatures will be deemed to be as valid as an original signature whether or not

confirmed by delivering the original signatures in person, by courier, or by mail.

23.    This Stipulation shall be governed by and shall be interpreted in accordance with

the laws of the State of New York, except to the extent that the Bankruptcy Code applies,

without regard to principles of conflicts of laws that would require the application of laws

of another jurisdiction.

Dated: New York, New York
       July 12, 2011

By:  /s/ Stephen J. Shimshak
Stephen J. Shimshak
(sshimshak@paulweiss.com)
Douglas R. Davis
(ddavis@paulweiss.com)
Claudia L. Hammerman
(chammerman@paulweiss.com)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Citigroup, Inc. and its Respective
Affiliates and Subsidiaries, including, without
limitation, Citibank, N.A.*

By:  /s/ Lori R. Fife
Lori R. Fife
(lori.fife@weil.com)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings, Inc.
and its Affiliated Debtors and Debtors-in-
Possession*

SO ORDERED this___day of _____, 2011

_____
UNITED STATES BANKRUPTCY JUDGE

11

## SCHEDULE 1
### (Foreign Deposit Accounts)

| (1) Debtor | (2) Foreign Deposit Account | (3) Citibank Branch/Affiliate | (4) Prepetition Deposits (LCY) | (5) Transfer Account |
|---|---|---|---|---|
| Lehman Brothers Commodity Services Inc. | 20154-77006 | Citibank, N.A. – Canada Branch (formerly Citibank Canada) | 6,846,583.51 (CAD) | 3087-0154 |
| Lehman Brothers Commodity Services Inc. | 1599-25404 | Citibank Japan Ltd. | 2,094,837,117.00 (JPY) | 3087-0154 |
| Lehman Brothers Commodity Services Inc. | 5013-30019 | Citibank, N.A. – Johannesburg Branch | 86.48 (ZAR) | 3082-6292 |
| Lehman Brothers Commodity Services Inc. | 1122-8102 | Citibank, N.A. – London (Canada Square) Branch | 153,556.52 (EUR) | 3082-6292 |
| Lehman Brothers Commodity Services Inc. | 1122-8110 | Citibank, N.A. – London (Canada Square) Branch | 49,962.81 (GBP) | 3082-6292 |
| Lehman Brothers Commodity Services Inc. | 2310-25006 | Citibank, N.A. – Sydney Branch | 930,367.07 (AUD) | 3082-6292 |
| Lehman Brothers Commodity Services Inc. | 2022-92003 | Citibank Europe Plc – Hungary Branch | 43,856,111.00 (HUF) | 3087-0154 |
| Lehman Brothers Holdings Inc. | 972-0006 | Banco Nacional de Mexico S.A. | 42,777.14 (MXN) | 3087-0189 |
| Lehman Brothers Holdings Inc. | 3007-59009 | Bank Handlowy w Warszawie S.A. | 6,452,152.77 (PLN) | 3087-0189 |
| Lehman Brothers Holdings Inc. | 9180-3003 | Citibank A.S. – Istanbul Branch | 1,321,136.25 (TRY) | 3087-0189 |
| Lehman Brothers Holdings Inc. | 2014-92017 | Citibank Europe plc – Prague Branch | 12,167,431.02 (CZK) | 3087-0189 |
| Lehman Brothers Holdings Inc. | 2064-41054 | Citibank, N.A. – Sydney Branch | 3,589,621.21 (AUD) | 3082-6233 |
| Lehman Brothers Holdings Inc. | 2018-34007 | Citibank Europe Plc – Hungary Branch | 57,740,365.00 (HUF) | 3087-0189 |

## SCHEDULE 2
### (Debtor Accounts)

| Debtor | Deposit Account | Citibank Branch/Affiliate |
|---|---|---|
| CES Aviation IX LLC | 3066-4297 | Citibank, N.A. – New York Branch |
| CES Aviation IX LLC | 3082-6364 | Citibank, N.A. – New York Branch |
| CES Aviation LLC | 3049-7636 | Citibank, N.A. – New York Branch |
| CES Aviation LLC | 3082-6276 | Citibank, N.A. – New York Branch |
| CES Aviation V LLC | 3056-8123 | Citibank, N.A. – New York Branch |
| CES Aviation V LLC | 3082-6313 | Citibank, N.A. – New York Branch |
| Lehman Brothers Commercial Corp. | 3054-5087 | Citibank, N.A. – New York Branch |
| Lehman Brothers Commodity Services Inc. | 3076-8547 | Citibank, N.A. – New York Branch |
| Lehman Brothers Commodity Services Inc. | 3077-4322 | Citibank, N.A. – New York Branch |
| Lehman Brothers Commodity Services Inc | 5057-44004 | Bank Handlowy w Warszawie S.A. |
| Lehman Brothers Commodity Services Inc. | 1129-1769 | Citibank, N.A. – London (Canada Square) Branch |
| Lehman Brothers Derivative Products Inc. | 1103-7420 | Citibank, N.A. – London (Canada Square) Branch |
| Lehman Brothers Financial Products Inc. | 8013713 | Citibank, N.A. – London (Canada Square) Branch |
| Lehman Brothers Holdings Inc. | 1195-3788 | Citibank, N.A. – London (Canada Square) Branch |
| Lehman Brothers Holdings Inc. | 3057-3934 | Citibank, N.A. – New York Branch |
| Lehman Brothers Holdings Inc. | 3062-2222 | Citibank, N.A. – New York Branch |
| Lehman Brothers Holdings Inc. | 3077-5763 | Citibank, N.A. – New York Branch |
| Lehman Brothers Holdings Inc. | 4005-57519 | Citibank Maghreb – Casablanca Branch |
| Lehman Brothers Holdings Inc. | 4061-5202 | Citibank, N.A. – New York Branch |
| Lehman Brothers Holdings Inc. | 4061-5501 | Citibank, N.A. – New York Branch |
| Lehman Brothers Holdings Inc. | 4074-3925 | Citibank, N.A. – New York Branch |
| Lehman Brothers Special Financing Inc. | 1074-750001 | Citibank Korea Inc. |
| Lehman Brothers Special Financing Inc. | 3062-6522 | Citibank, N.A. – New York Branch |
| Lehman Brothers Special Financing Inc. | 5107-475003 | Citibank Korea Inc. |
| Lehman Brothers Special Financing Inc. | 7325-2016 | Citibank del Peru S.A. |
| Lehman Brothers Special Financing Inc. | 9657-5400 | Citibank del Peru S.A. |
| Lehman Commercial Paper Inc. | 3043-4133 | Citibank, N.A. – New York Branch |
| Lehman Commercial Paper Inc. | 3043-4141 | Citibank, N.A. – New York Branch |
| Lehman Commercial Paper Inc. | 3077-5608 | Citibank, N.A. – New York Branch |
| Lehman Commercial Paper Inc. | 3082-6241 | Citibank, N.A. – New York Branch |

**SCHEDULE 2**
**(Debtor Accounts)**

| Debtor | Deposit Account | Citibank Branch/Affiliate |
|--------|-----------------|---------------------------|
| Lehman Commercial Paper Inc. | 4061-5659 | Citibank, N.A. – New York Branch |
| Lehman Scottish Finance L.P. | 1137-5105 | Citibank, N.A. – London (Canada Square) Branch |
| Luxembourg Residential Properties Loan Finance | 2009-52001 | Citibank International plc – Luxembourg Branch |
| Nopelo Mexico S DE RL DE CV | 2314-85015 | Banco Nacional de Mexico S.A. |

**SCHEDULE 3**
**(Non-Debtor Accounts)**

| Non-Debtor Affiliate | Deposit Account | Citibank Branch/Affiliate |
|---|---|---|
| CES Aviation II LLC | 3049-7644 | Citibank, N.A. – New York Branch |
| GCRE (Cayman) Inc. | 1586-49608 | Citibank Japan Ltd. |
| GCRE (Korea) Inc. | 5002-136009 | Citibank Korea Inc. |
| GCRE (Korea) Inc. | 5002-136017 | Citibank Korea Inc. |
| GKI Commercial Real Estate I Ltd. | 5002-446008 | Citibank Korea Inc. |
| GKI Commercial Real Estate I Ltd. | 5002-446016 | Citibank Korea Inc. |
| GKI Commercial Real Estate II Ltd. | 5002-447004 | Citibank Korea Inc. |
| GKI Commercial Real Estate II Ltd. | 5002-447012 | Citibank Korea Inc. |
| GKI Korea Development Ltd. | 5031-029009 | Citibank Korea Inc. |
| GKI Korea Development Ltd. | 1031-02922401 | Citibank Korea Inc. |
| GKI Korea Ltd. | 5002-461007 | Citibank Korea Inc. |
| GKI Korea Ltd. | 5002-461015 | Citibank Korea Inc. |
| GL Commercial Real Estate I LLC | 129909 | Citibank, N.A. – Guam Branch |
| GL Commercial Real Estate I LLC | 129917 | Citibank, N.A. – Guam Branch |
| Hyperion Real Estate Inc. | 7561-50006 | Citibank, N.A. – Makati Branch |
| Kenari Investment Holdings Inc. | 5001-413025[*] | Citibank Korea Inc. |
| Kenari Investment Holdings Inc. | 1001-41392401[*] | Citibank Korea Inc. |
| LB I Group Inc. | 3073-2747 | Citibank, N.A. – New York Branch |
| LB I Group Inc. | 3075-1905 | Citibank, N.A. – New York Branch |
| LB Sino Investment 1 Pte Ltd. | 8530-44008 | Citibank, N.A. – Singapore Branch |
| LB Sino Investment 1 Pte Ltd. | 8530-44016 | Citibank, N.A. – Singapore Branch |
| LB South East Asia Investments Pte Ltd. | 8530-43001 | Citibank, N.A. – Singapore Branch |
| LB South East Asia Investments Pte Ltd. | 5756-880006 | Citibank, N.A. – Makati Branch |
| LB South East Asia Investments Pte Ltd. | 5756-880014 | Citibank, N.A. – Makati Branch |
| Lehman ALI Inc. | 4061-0006 | Citibank, N.A. – New York Branch |

[*] Funds periodically invested in new certificate of deposit ("CD") accounts, which are deemed to be incorporated into Schedule 3.

## SCHEDULE 3
### (Non-Debtor Accounts)

| Non-Debtor Affiliate | Deposit Account | Citibank Branch/Affiliate |
|---|---|---|
| Lehman Brothers Australia Securities Pty Ltd. | 3002-14002 | Citibank, N.A. – Sydney Branch |
| Lehman Brothers Australia Securities Pty Ltd. | 3002-14029 | Citibank, N.A. – Sydney Branch |
| Lehman Brothers Australia Securities Pty Ltd. | 3002-14037 | Citibank, N.A. – Sydney Branch |
| Lehman Brothers HY Opportunities Korea | 5002-135002[*] | Citibank Korea Inc. |
| Lehman Brothers HY Opportunities Korea | 5002-135029 | Citibank Korea Inc. |
| Lehman Brothers Luxembourg Investments Sarl | 5002-452008 | Citibank Korea Inc. |
| Lehman Brothers Luxembourg Investments Sarl | 5002-452016 | Citibank Korea Inc. |
| Lehman Brothers Pass-Through Securities Inc. | 4061-2335 | Citibank, N.A. – New York Branch |
| Lehman Housing Capital Inc. | 4080-3692 | Citibank, N.A. – New York Branch |
| Leveraged Loan Trading Holdings Inc. | 8320-0660052 | Citibank, N.A. – Palm Beach Branch |
| Leveraged Loan Trading Holdings Partners | 3200-660049 | Citibank, N.A. – Palm Beach Branch |
| Libertus Jutaku Loan K.K. | 1599-59015 | Citibank Japan Ltd. |
| Lunar Alpha TMK L.P. | 5159-567402 | Citibank Japan Ltd. |
| Lunar Beta TMK L.P. | 5159-568409 | Citibank Japan Ltd. |
| Lunar Gamma Holdings LLC | 5160-312418 | Citibank Japan Ltd. |
| Luxembourg ELN Securitization S.a.r.l. | 2503-27001 | Citibank International plc – Luxembourg Branch |
| Luxembourg Finance S.a.r.l. | 2005-36001 | Citibank International plc – Luxembourg Branch |
| Luxembourg Residential Properties Loan Finance 2 S.a.r.l. | 2009-88001 | Citibank International plc – Luxembourg Branch |
| Luxembourg Trading Finance S.a.r.l. | 2006-52001 | Citibank International plc – Luxembourg Branch |
| Maewha K-Stars Ltd | 1051-41072401[*] | Citibank Korea Inc. |
| Maewha K-Stars Ltd. | 5141-00001 | Citibank Korea Inc. |
| Maewha K-Stars Ltd. | 5051-410094 | Citibank Korea Inc. |
| Marcy Ltd. | 1121-3474 | Citibank, N.A. – London (Canada Square) Branch |
| Marcy Ltd. | 3056-8211 | Citibank, N.A. – New York Branch |
| Nopelo Mexico S DE RL DE CV | 3072-8617 | Citibank, N.A. – New York Branch |
| Pelican Saga Sdn. Bhd. | 1811-02004 | Citibank Berhad (Malaysia) |

[*]    Funds periodically invested in new certificate of deposit ("CD") accounts, which are deemed to be incorporated into Schedule 3.

**SCHEDULE 3**
**(Non-Debtor Accounts)**

| **Non-Debtor Affiliate** | **Deposit Account** | **Citibank Branch/Affiliate** |
|---|---|---|
| Property Asset Management Inc. | 4061-1551 | Citibank, N.A. – New York Branch |
| Revival Fund Management Korea LLC | 5001-459009 | Citibank Korea Inc. |
| Revival Fund Management Korea LLC | 5001-459017 | Citibank Korea Inc. |
| Revival Fund Management Korea LLC | 5001-459025 | Citibank Korea Inc. |
| Saturn Investments Inc. | 7561-48001 | Citibank, N.A. – Makati Branch |
| SOGKI Development Inc. | 3072-2258 | Citibank, N.A. – New York Branch |
| Structured Asset Securities Corp. II | 3052-9925 | Citibank, N.A. – New York Branch |
| Thai Development Fund | 5854-000537 | Citibank, N.A. – Bangkok Branch |
| TL I Asset Management Company Ltd. | 5036-044006 | Citibank (Taiwan) Ltd. |
| TL III Asset Management Company Ltd. | 5439-862019 | Citibank (Taiwan) Ltd. |
| Wharf Reinsurance Inc. | 3057-8604 | Citibank, N.A. – New York Branch |
| Zarus Investments LLC | 5159-577017 | Citibank Japan Ltd. |

**SCHEDULE 4**
**(Debtor Accounts to Remain at Citi)**

| Debtor | Deposit Account | Citibank Branch/Affiliate |
|---|---|---|
| Lehman Brothers Commercial Corp. | 3082-6356 | Citibank, N.A. – New York Branch |
| Lehman Brothers Commodity Services Inc. | 3082-6292 | Citibank, N.A. – New York Branch |
| Lehman Brothers Commodity Services Inc. | 3087-0154[**] | Citibank, N.A. – New York Branch |
| Lehman Brothers Holdings Inc. | 204354 | Citibank, N.A. – New York Branch |
| Lehman Brothers Holdings Inc. | 3082-6233 | Citibank, N.A. – New York Branch |
| Lehman Brothers Holdings Inc. | 3087-0189[**] | Citibank, N.A. – New York Branch |
| Lehman Brothers Special Financing Inc. | 3082-6305 | Citibank, N.A. – New York Branch |

---

[**]    Includes deposits transferred from Citibank, N.A. affiliates.