**ZUCKERMAN SPAEDER LLP**
Laura E. Neish
1540 Broadway, Suite 1604
New York, NY 10036
(212) 704-9600
      -and-
Nelson C. Cohen
Virginia Whitehill Guldi
1800 M Street, N.W., Suite 1000
Washington, DC 20036
(202) 778-1800

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC. et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**OBJECTION OF THE STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF INVESTMENT TO MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW PAYMENT OF A JUDGMENT UNDER THE DIRECTORS AND OFFICERS INSURANCE POLICIES ISSUED TO THE DEBTORS**

The State of New Jersey, Department of Treasury, Division of Investment ("NJ DOI"), by its undersigned counsel, hereby objects to the Motion of Roland Hansalik, George Barclay Perry and Joseph Arena Pursuant to Section 362 of the Bankruptcy Code, for an Order Modifying the Automatic Stay to Allow Payment Under Directors and Officers Insurance Policies Issued to the Debtors (the "Motion"). In support of this objection, NJ DOI states as follows:

2155846.1

## BACKGROUND

1. NJ DOI is the plaintiff in a litigation pending before the United States District Court for the Southern District of New York (the "NY District Court") Docket No. 10-CV-05201-LAK, against Ernst & Young LLP and various individuals (collectively, the "Defendants"), some of whom are former officers and directors of Lehman Brothers Holdings Inc. and certain of its affiliated debtors (collectively the "Debtors"). Although none of the Defendants in the litigation are Debtors, the NJ DOI litigation has been stayed by Order of the NY District Court apparently so as to provide an orderly and fair resolution of the claims of all parties thereto.[1]

2. As a result of the stay imposed by the NY District Court, NJ DOI is prevented from reducing its claims against the Defendants to a judgment. Without a judgment, NJ DOI can not make a claim on the insurance policies which are the subject of the current motion.

3. NJ DOI is aware of numerous, similar litigation claims pending before other courts around the country. The damage awards in these litigations likely will exceed the policy limits on the Debtors' insurance policies. NJ DOI is concerned that, although the insurance policies provide substantial coverage, they will not be sufficient to fully satisfy all of the litigation claims. As a result, the individuals and entities who serendipitously reach a final judgment before other claimants will receive the full benefit of the insurance policies while other plaintiffs are left with nothing.[2]

---

[1] Although the Debtors are not Defendants in the SDNY Litigation, NJ DOI has independent standing in this matter pursuant to section 1109 of the Bankruptcy Code. In addition to its unliquidated claims against the Debtors' insurance policies from the SDNY Litigation, NJ DOI has asserted separate and distinct claims against the Debtors for which proofs of claim were timely filed.

[2] NJ DOI acknowledges that other claims previously have received payment from the Debtor's insurance policies. *See Order Granting Debtors' Motion Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Settlement Payment Under Directors and Officers Insurance Policies*

**ARGUMENT**

The Bankruptcy Code was designed to facilitate equality of distribution among similarly situated creditors. *Musso v. Ostashko*, 468 F.2d 99, 104 (2d Cir. 2006) (quoting 5 Collier on Bankruptcy ¶ 541.01 (15th ed. Rev. 2005)). The automatic stay is a critical part of this policy because it prevents creditors from dismantling the estate in a piecemeal fashion. Granting relief from the automatic stay in order to allow this group of alleged creditors to reach the insurance proceeds at this time will undercut this overarching policy.

Courts agree that insurance policies are generally considered property of the estate. There is, however, disagreement among courts regarding whether the proceeds of those policies are property of the estate.[3] Generally, the determination of whether the proceeds are property of the estate must be analyzed in light of the facts of each case. *In re Brunswick Baptist Church,* Dist. Ct. Case. No. 1:05-CV-1085, slip op. (N.D.N.Y. Jan. 16, 2007) (citing *Ochs v. Lipson,* 99 CV-6730 (TCP) (E.D.N.Y. Mar. 2, 2000)); *see also, In re Sfuzzi, Inc.,* 191 B.R. 664, 668 (Bankr. N.D. Tex. 1996); *In re CyberMedica, Inc.,* 280 B.R. 12, 17 (Bankr. D. Mass. 2002). Courts have expressed particular concern about insurance proceeds where it appears that the claims will be

---

[DKT. No. 6297] (authorizing payment of $1,675,000); *Order Granting Debtors' Motion Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Settlement Payment Under Directors and Officers Insurance Policies* [DKT. No. 12895] (authorizing payment of $10,000,000); *Order Granting Debtors' Motion Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Settlement Payment Under Directors and Officers Insurance Policies* [DKT. No. 13929] (authorizing payment of $975,000). The present motion seeks authority to pay another $15,000,000. This piecemeal consumption of the insurance policies puts all litigation creditors at risk that funds will not be available to pay their claims when they are finally permitted to liquidate them.

[3]    NJ DOI believes that the legal morass created by severing the ownership of an insurance policy from the actual proceeds is but a red herring because section 362(a)(3) enjoins all efforts to "obtain possession of property from the estate." 11 U.S.C. §362(a)(3). Even if the proceeds of the insurance policies are not "property of the estate" they are the proceeds of estate property - the insurance policies. Therefore, the right to payment from the insurance policies is "property from the estate" to which the automatic stay applies.

competing for a limited pool of assets. In fact, the present situation is more akin to a case involving mass tort claims than the typical case involving director and officer liability.[4]

> [T]he decisions by several courts to include the proceeds as property of the estate appear to be motivated by a concern that the court would not otherwise be able to prevent a free-for-all against the insurer outside the bankruptcy proceeding. There was also a threat that, unless the policy proceeds were marshalled in the bankruptcy proceeding, they would not cover plaintiffs' claims and would expose the debtor's estate.

*In re Sfuzzi, Inc.,* 191 B.R. at 666-67. Because the District Court has stayed its litigation, NJ DOI is prevented from liquidating its claims against the Defendants, a necessary requisite for NJ DOI to apply for a share of the insurance proceeds. As a result, NJ DOI and other similar claimants are precluded from sharing in the insurance proceeds at this time. This result is inherently inequitable because the claimants have no control over the process by which the claims will be liquidated.

Under section 105 of the Bankruptcy Code, this Court has the authority to fashion appropriate relief to protect the interest of all potential claimants. To do so, the proceeds of the insurance policies must be held until such time as the body of potential claims may be assessed and the claimants who have valid claims are allowed to ratably share those limited proceeds.[5]

---

[4] Typically, the cases discussing the directors and officers insurance policy proceeds involve the estate competing with the insureds for coverage. Specifically, a debtor may typically object to payment of the insureds' legal expenses because such payments would reduce the amount available for recovery in the event the estate ultimately prevailed on claims it has. These cases are simply inapposite to the present situation where many claimants may not have the benefit of the insurance proceeds without intervention by this Court.

[5] In the cases cited in the Debtor's motion, the estate itself was competing with the creditors for the application of insurance proceeds. In those instances, the courts had the opportunity to "equalize" later distributions in the event claims exceeded the policy limits. *See In re Boston Regional Medical Center, Inc.,* 285 B.R. 87, 97 n.11 (Bankr. D. Mass. 2002). This case is different because the various claimants are distinct entities. Presumably after payment of the insurance claims there will be no way for the Court to equalize the distributions among these claimants at a later date.

2155846.1

WHEREFORE, the State of New Jersey, Department of Treasury, Division of Investment respectfully requests that the motion for relief from the automatic stay be denied and that the Court grant such other or further relief as is just and proper under the circumstances.

Dated: Washington, D.C.
       July 13, 2011

ZUCKERMAN SPAEDER LLP

s/ Laura E. Neish
Laura E. Neish
1540 Broadway, Suite 1604
New York, NY 10036
(212) 704-9600
    - and -
Nelson C. Cohen
Virginia Whitehill Guldi
1800 M Street, Suite 1000
Washington, DC 20036
(202) 778-1800

*Attorneys for State of New Jersey, Department of Treasury, Division of Investment*

Of Counsel:

Merrill G. Davidoff, Esquire
Lawrence J. Lederer, Esquire
Robin Switzenbaum, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

 - and -

Peter S. Pearlman, Esquire
Cohn Lifland Pearlman Herrmann & Knopf LLP
Park 80 Plaza West-One
Saddle Brook, NJ 07663
Telephone: (201) 845-9600
Facsimile: (201) 845-9423

2155846.1