**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>Debtor.<br>_____ | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |
| In re<br><br>LEHMAN COMMERCIAL PAPER INC.,<br><br>Debtor.<br>_____ | Chapter 11 Case No.<br><br>08-13900 (JMP) |
| STATE STREET BANK AND TRUST COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LEHMAN COMMERCIAL PAPER INC.,<br><br>Defendant. | Adv. Proc. No. 08-01743 |

**ELEVENTH STIPULATION PARTIALLY RESOLVING**
**DISPUTES RAISED IN ADVERSARY PROCEEDING**

Plaintiff STATE STREET BANK AND TRUST COMPANY (the "Buyer") and defendant LEHMAN COMMERCIAL PAPER INC. (the "Seller"), hereby stipulate and agree as follows.

**RECITALS**

WHEREAS, Buyer on November 19, 2008 brought this adversary proceeding for declaratory and other relief (the "Adversary Proceeding") and filed in connection therewith an Adversary Complaint and a certain Motion For Partial Summary Judgment and Motion for Relief from Rule 7056 Notice Period; and

WHEREAS, prior to the commencement of the Adversary Proceeding, certain disputes had arisen between the Seller and the Buyer with respect to certain loans identified in paragraph 134 of the Adversary Complaint (the "Loans"); and

WHEREAS, the parties thereafter negotiated in good faith to effect a compromise of their legal rights, claims, defenses, and remedies with regard to the Loans and otherwise; and

WHEREAS, without any admission of fault or liability by any party, the parties have now entered into, and wish to obtain this Court's approval of, the Assignment and Assumption Agreement set out as Schedule 1 to this Stipulation (the "Agreement"), which relates to a specific Loan (the Loan subject to the Agreement, the "Specified Loan"), and have reserved all of their rights, claims, defenses and remedies with regard to each Loan that is not the Specified Loan; and

WHEREAS, the parties have agreed that, for the Specified Loan, the Seller sold the Assigned Interest to the Buyer, effective as of a date (the "Assignment Date"), all as provided in the Agreement; and

WHEREAS, the parties now wish to (a) stipulate as to the ownership of the Assigned Interest for the Specified Loan, (b) reduce the scope of the disputes that may remain at issue in the Adversary Proceeding, (c) continue negotiating with a view to agreeing on terms by which any dispute as to the one remaining Loan may become subject to an assignment and assumption agreement or otherwise resolved, and (d) otherwise reserve all of their rights and remedies, and to that end have entered into the Agreement.

NOW THEREFORE, the parties hereby stipulate and agree that:

- 2 -

1. The Agreement is valid and binding on the parties thereto.

2. With regard to the Specified Loan, Seller shall take any and all actions that Buyer shall reasonably request to further evidence or confirm Buyer's ownership interest in the Assigned Interest thereof, including, without limitation, notifying each obligor on such Specified Loan to make all payments thereon as directed by Buyer, confirming to any lending agent on a Specified Loan that is a syndicated loan that Buyer is the owner of the Assigned Interest in such Specified Loan, and delivering, assigning or otherwise transferring to Buyer any interest in any collateral held by Seller securing the obligations in respect of any Specified Loan to the extent included in the Assigned Interest. Buyer is authorized to file or record any assignments of Uniform Commercial Code financing statements naming Seller as a secured party and covering any interest in any collateral for a Specified Loan to the extent included in the Assigned Interest, and Seller will assign to Buyer any real estate mortgage or deed of trust securing the obligations in respect of any Specified Loan to the extent included in the Assigned Interest.

3. Any obligor on a Specified Loan that makes a payment on or in respect of the Specified Loan to or as directed by Buyer shall be discharged on the obligation to the extent of the payment. If Seller shall receive any payment on a Specified Loan, Seller shall hold the payment in trust for the benefit of Buyer and shall promptly deliver the payment to Buyer in the identical form received together with any necessary endorsements. Any amendment, waiver or other modification of the terms of any Specified Loan, properly executed by and between the Buyer, its successors or assigns and the obligor will be binding on the parties thereto and the Buyer, its successors and assigns. The obligor may rely upon the terms of the Specified Loan as so amended, waived or modified without any approval or other involvement of Seller.

- 3 -

4. The parties will continue to negotiate in good faith concerning the Loans that are not Specified Loans, and may agree to extend scheduling deadlines in this Adversary Proceeding pursuant to prior stipulations approved by the Court on January 28, February 24, March 10, March 26, April 7, May 1, May 27, and June 25, 2009, or if they mutually agree that further extensions are likely to further reduce the scope of their disputes. All parties reserve their respective rights in the event that further negotiations do not yield additional compromises.

5. The Court will retain jurisdiction of this matter including, without limitation, the power to enforce the terms of this Stipulation and enter such further orders as may be necessary and appropriate to carry out its terms.

| **STATE STREET BANK AND TRUST COMPANY** | **LEHMAN COMMERCIAL PAPER INC. and agreed to by LEHMAN BROTHERS HOLDINGS INC.,** |
|---|---|
| *By its attorneys,* | *By their attorneys,* |
| /s/ Andrew C. Phelan | /s/ Howard B. Comet |
| Sabin Willett (*admitted pro hac vice*)<br>Andrew C. Phelan (*admitted pro hac vice*)<br>Evan J. Benanti<br>Eric Heining (*admitted pro hac vice*)<br>BINGHAM McCUTCHEN LLP<br>One Federal Street<br>Boston, MA 02110<br>(617) 951-8000 | Howard B. Comet<br>Denise Alvarez<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>(212) 310-8000 |

**SO ORDERED:**

Dated: New York, New York
       July 13, 2011

　　　　　　　　　　　　　　　　　　　　*s/ James M. Peck*
　　　　　　　　　　　　　　　　　　　　Honorable James M. Peck
　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge