CHRIS STOVIC  Pro Se
435 Greeves St.
Kane, PA 16735
1-814-837-7046
       Creditor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRIC OF NEW YORK

------------------------------------------------------------x
In re:                                                       :
                                                             :    Chapter 11
LEHMAN BROTHERS HOLDING INC., et al.                         :
                                                             :    Case No. 08-13555(JMP)
                                                             :
                                         Debtor              :    (Jointly Administered)
                                                             :
------------------------------------------------------------x

RECEIVED JUL -7 2011 U.S. BANKRUPTCY COURT, SDNY

## MOTION FOR AN ORDER FOR IMMEDIATE PAYMENT

In RE: MOTION to OBJECT of reclassifying our INDENTURE by the Debtor in Possession, from Secured to Unsecured claim, the court erred in its decision and the the Debtor in Possession BREACHED its DUTY under the TERMS and CONDITIONS set in the
PROSPECTUS SUPPLEMENT (TO PROSPECTUS DATED AUGUST 11, 1997)250,000,000
LEHMAN BROTHERS HOLDINGS INC.
7.20% NOTES DUE 2009

WHEREAS We request that the court revisit its decision for "immediate payment."

### I  FACTS STATEMENTS ARGUMENTS

1   The Senior Notes we purchased were and are book entry.

2   We did not have nor request for the Prospectus at the time.

3   I did request for the Prospectus and received the Prospectus from our Broker July 1, 2011.

4   Though I have filed number of MOTIONS with the court, I did not know of other specific terms than maturity date, believing that the Debtor in Possession would comply with the terms and conditions set in the prospectus.

5   The Brief of January 24, 2009 was accurate, confirms the TERMS and CONDITIONS as close as possible to the prospectus.

6  The Prospectus states: "The Notes will mature on August 15, 2009. The Notes may not be redeemed prior to maturity and are not subject to any sinking fund." Under the TERM of the maturity date and the ranking system of S & P and Moody it was sufficient and specific for us to make a purchase.

True, the LBHI Senior Notes were not in default for they did not mature till August 15, 2009
INTEREST PAYABLE FEBRUARY 15 AND AUGUST 15

7  It is clearly stated in the PROSPECTUS SUPPLEMENT(TO PROSPECTUS DATED AUGUST 11, 1997)

" In the event

(a) of any insolvency or bankruptcy proceedings, or reorganization in respect of Holdings..."

"(b) that (i) a default shall have occurred with respect to the payment of principal of or interest on or other monetary amounts and payable on any Senior Debt (other than a default in the payment of principal of or interest or other monetary amounts due and payable) with respect to any Senior Debt, permitting the holder or holders thereof to accelerate the maturity thereof..." and

" (c) that the principal of and accrued interest on the Subordinated Debt shall have been declared due and payable upon an Event of Default under the Subordinated Indenture..."

"the holders of all Senior Debt shall first be entitled to receive payment of the full amount unpaid thereon in cash before the holders of any of the Subordinated Debt are entitled to receive a payment on account of the principal, premium, if any, or interest, if any, on such Subordinated Debt."

8  At the heart is the "Indenture affords holders of Debt Securities protection in the event of a highly leveraged transaction, reorganization, restructuring, merger or other similar transaction involving the Company that may adversely affect holders of Debt Securities."

9  In Court hearing date June 3, 2009 of the Bankruptcy court pertaining to the
"MOTION OF DEBTOR AND DEBTOR IN POSSESSION FOR AN ORDER, PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING DISCOVERY FROM BARCLAYS CAPITAL, INC. states, purported assumption of up to $4.25 billion in liabilities,"

On page 5, ITEM 10, "An integral component of the Sale Transaction, to Barklays Bank PLC was genuine, adequate and fair consideration for the asset purchase as approved by the Court;" and

ITEM 12. "Accordingly, on September 20, 2008, the Court entered an order (the "Sale Order") approving the Sale Transaction, including the assumed liabilities."

10  The sale transaction confirms it was <u>highly leveraged transaction, reorganization, restructuring, merger</u> or other similar transaction involving the Company that may adversely affect holders of Debt Securities" - the Senior Notes 7.20%

11  After the approval of "the petition and the court order" thereafter the Debtor sold - transfer the most profitable business to Barklays it was "highly leveraged transaction" and the court overseeing the Debtor operation failed to compel the Debtor to comply with the condition, terms etc. as set in the Prospectus." The debtor had " immediately available funds" for full payment and should have deposited the funds in the holders account same day.

12  The Notes were purchase on a promise; "Promise is a contractual obligation" that the notes <u>will be paid in full</u> "in an event of <u>insolvency, reorganization</u>" of the "<u>immediately available funds</u>."

13  SALE OF ASSETS

   "<u>Holdings may, without the consent of any Holders of Outstanding Debt Securities,... transfer or lease its assets substantially... to, any Person,.... provided that (i) the Person (if other than Holdings) formed by such consolidation or.. which acquires or leases the assets of Holdings substantially... is organized under the laws of any United States jurisdiction and assumes Holdings' obligations on the Debt Securities.</u>"

14  It was the Debtor in Possession duty, responsibilities to comply with the terms, condition of the Prospectus that is, the Purchaser is required to "assume holdings' obligation on Debt Securities," pertaining to the Senior Notes of 7.20%.

15  The Debtor in Possession breach the duties, responsibility under the terms, condition, contract as set in the Prospectus.

16  At the heart of a Principal protected Notes is the guarantee. Typically, PPNs guarantee 100% of invested capital, as the note is held to maturity. in the case of LBHI "to accelerate the maturity thereof.. "

It means, regardless of market conditions, investors receive back all money they invested;

The Fact that "The Notes <u>may not be redeemed</u> to maturity and are not subject to any sinking fund;

"<u>Permitting the holder or holders thereof to accelerate the maturity thereof...</u>"as stated in

Item 3(b) of the "POSPECTUS SUPPLEMENT."

17  Under the " PROSPECTUS SUPPLEMENT (TO PROSPECTUS DATED AUGUST 11, 1997)

The Lehman Brothers Holding Inc. was "<u>insolvent and in bankruptcy proceedings, reorganization permitting the holder or holders thereof to accelerate the maturity thereof</u>...ITEM 3(b)" that means before "the

maturity date August 15, 2009."  ("The Notes mature on August 15, 2009.")

18  The most important indicator of Notes bond's potential to insolvency, reorganization is its ranking by

one or both of the two most recognized bond-rating services;

19  As late as August 26, 2008 the Senior Notes 7.20% were rated by these reputable rating agency S & P "A"

and Moody "A2";

20  The Debor in Possession has engaged in "re- rating the Notes 7.20% as Plain Vanilla - FIXED," as

"Unsecured Nonpriority claims." This in fact is Representation, contrary of the Prospectus.

The Prospectus states "ANY REPRESENTATION TO THE CONTRARY IS CRIMINAL OFFENSE."

21  The Priority are clearly stated in the prospectus; Please let me briefly state them as per prospectus for
Senior Notes 7.20%, they are:

   a. Insolvency, Reorganization, Bankruptcy
   b. Permitting the holder or holders thereof to accelerate the maturity thereof.
   c. Guarantee Principal Protection 100%- - highly leveraged transaction
   d. highly leveraged transaction - Senior Notes will be paid immediately
   e. in immediately available funds
   f. will be paid in full
   g. The funds will be deposited same day of the "highly leveraged transaction"

22  Moody's Investors Service and Standard & Poor's are the two premiere bond-rating services; I have used

their ranking system for over 35 years; If one of these services does not rate a bond, I would pass on it.

I have no doubt of their expertise and understanding in their capacities and capability to rate a debt.

23  For the 7.20% Senior Notes, Prospectus state, the Sr. Note holders "shall first be entitled to receive **payment**

of the full amount unpaid thereon in cash before the holders of any of the Subordinated Debt are entitled to receive a payment on account of the principal..." It does not state 21.4%. after see EXIBIT 1.

It does not state after bonuses are paid, after disclosure statement is approved etc.

24  Under PROSPECTUS SUPPLEMENT(TO PROSPECTUS DATED AUGUST 11, 1997)

"LIMITATION ON LIENS" states,

" So long as any Debt Securities remain outstanding,... <u>Holdings will not, permit any Designated Subsidiary (as defined below), directly or indirectly, to create, issue, assume, incur or guarantee any indebtedness</u> for..." Clearly any Indebtedness issued to the "PROSPECTUS SUPPLEMENT(TO PROSPECTUS DATED AUGUST 11, 1997) is in violation of the Senior Note holders rights.

25  The Guarantee the principal protections 100% (PPN) are clearly stated, "The Note holders of "Senior Debt shall first be entitled to receive payment **of the full amount** unpaid thereon in cash..."

26  The facts verifies, that our indentures are not only secured but should have been paid as soon as the transaction was completed with Barklay's.

27  The PROSPECTUS sets the terms and the condition for promise of a contract under which the Debtor sold the instruments. Promise of the Sr. notes is a binding contract under the terms and the conditions set, either that be verbal, by hand shack or written as stated in the prospectus, that it will be paid in full; "

"U.C.C. Sec.3-108(b) Draft is payable on demand."
(c) The Indenture is payable at a fixed date payable on demand.
It is also payable before a fixed date as stated, <u>permitting the holder or holders thereof to accelerate the maturity thereof...</u>
If demand for payment is not made before that date becomes payable as defined in the "prospectus."

28  CONSIDERATION. The consideration constitutes reasonably equivalent value of fair consideration as the case is (as those terms are defined in each of the Uniform Fraudulent transfer Act, Uniform Fraudulent Conveyance Act, Bankruptcy code Section 548 and fair consideration under Bankruptcy code and under the laws of United States and any state.

29  "LBHI schedule F" creditors holding Unsecured Nonpriority Claims list our claim Cusip 524908BQ2 as

Plain Vanilla - FIXED meaning worthless. The Debtor and the underwriters were selling the Senior Notes as

S & P "A" Meaning "Strong Capacity to meet financial commitment" and

Moody "A2" Meaning Subject to "low credit risk".

Clearly, "misrepresentation" and Entrapment in violation of the prospectus.

"ANY REPRESENTATION TO THE CONTRARY IS CRIMINAL OFFENSE."

```
                                                              AMOUNT OF      PRINICPAL
        UNDERWRITER                                             NOTES
    -------------------                                       ----------
<S>                                                                         <C>
Lehman Brothers Inc..........................................          $   31,250,000
ABN AMRO Chicago Corporation.................................              31,250,000
Bear, Stearns & Co. Inc......................................              31,250,000
First Chicago Capital Markets, Inc...........................              31,250,000
First Union Capital Markets Corp.............................              31,250,000
HSBC Securities, Inc.........................................              31,250,000
NationsBanc Capital Markets, Inc.............................              31,250,000
UBS Securities LLC...........................................              31,250,000
                                                                          ----------
     Total...................................................          $  250,000,000
```

30  " The Company has agreed to indemnify the Underwriters against certain liabilities, including liabilities under the Securities Act of 1933."

31  The Debtor is in delusion believing that the Senior Notes were not protected.

32  The Trustee failed to protect the Note holders under the terms and Conditions as set in the prospectus.

33  My first request for payment was stated in the BRIEF of January 24, 2009.

## II CONCLUSION

34  The court erred in its decisions by reclassifying the claim from secured to unsecured.

35  The weapon of "Gold digger"... is the action for Breach of Promise".

36  To impair the obligation of the TERMS CONDITIONS of a contract of the Senior Notes - prospectus, within prohibition of Article I, Section 10, U.S. Constitution, is to weaken it, lessen, or make it worse in any respect, and any law which changes the intention and legal effect of the parties, giving to creditors less, or which imposes condition not included in the prospectus.

37  Debtor in Possessions, Trustees, Bankruptcy Courts - "party of two or more in partnership conspiring"

to inflict financial and economic harm on the citizens of the land.

38  The facts, statements, records, documents aver the truth, are clearly stated and unambiguous and the court must give its decision for the creditor - Movant.

### III  RELIEF

a. The injured party must be placed in as good a position as he would have been if the TERMS and CONDITIONS of the - PROSPECTUS, contract, agreement, laws have been performed as agreed.

b. The court should expedite the relief due to Breach of duty, responsibilities and negligence.

c. I am requesting the court to issue an order to compel the debtor to immediately indemnify the creditors C. or N. Stovic.

d. To compel the Debtor to immediately deposit the funds in our account with Zions Direct, One South Main 17th Floor, Salt Lake City, UT84133. Telephone No. 1-800-524-8875.

e. Any other relief as the court deems proper for fees, expenses and time.

f. Due to Financial, health and other personal problems I will not be present at a hearing.

Respectfully,

*Chris Stovic*
Chris Stovic, Pro Se

July 5, 2011

# PROOF OF SERVICE

The undersigned hereby certifies that a copy of the forgoing Motion was served upon the party in the manner indicated below, which service is in compliance with Bankruptcy Rule 9006 (e)- Time of service.

<u>Service by ordinary First Class, U.S. Mail addressed as follow:</u>

July 5, 2011

Respectfully,

*Chris Stovic*

Chris Stovic, Pro Se
435 Greeves St.
Kane, PA 16735
(814) 837-7046

cc: **Weil Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153

# EXHIBIT 1

# CONFIRMATION

MAIL TO:

¶ 020360 XPVL1MT2 000000
CHRIS STOVIC AND NANCY STOVIC
TONY STOVIC & RAMONA BALKE
& MARIJANA STOVIC
435 GREEVES
KANE PA 16735-1517

FOR THE ACCOUNT OF:

CHRIS STOVIC AND NANCY STOVIC
TONY STOVIC & RAMONA BALKE
& MARIJANA STOVIC
435 GREEVES
KANE PA 16735-1517

ACCOUNT NUMBER: AC5-013647
ACCOUNT TYPE: 1

YOUR ACCOUNT EXECUTIVE:
ZIONS DIRECT
A.E. NUMBER: 0ZD

**YOU BOUGHT:**

LEHMAN BROTHERS HLDGS SR NTS INT RATE 7.200%
MATURITY 08/15/2009 DATED 08/19/1997 BOOK ENTRY ONLY
1ST CPN DTE 02/15/98 CPN PMT SEMI ANNUAL ON FEB 15 AND AUG 15
MOODY RATING A2 S & P RATING A

| TRADE DATE: | 08-21-08 |
|---|---|
| PROCESS DATE: | 08-21-08 |
| SETTLEMENT DATE: | 08-26-08 |
| CUSIP NUMBER: | 524908-BQ-2 |
| SYMBOL: | LEH.HF |

WE CONFIRM THE BELOW TRADE(S), SUBJECT TO THE TERMS AND CONDITIONS SET FORTH ON THIS CONFIRMATION

| TRADE NUMBER | QUANTITY | PRICE | PRINCIPAL | INTEREST | COMMISSION COMM EQUIV | SERVICE CHARGE | TRANS. FEE | NET AMOUNT USD | CPTY |
|---|---|---|---|---|---|---|---|---|---|
| Y43546 | 10,000 | 99.875 | 9,987.50 | 22.00 | 10.95 | | | 10,020.45 | 1 |
| YIELD | 7.213% TO | MATURITY | | | | | | | |

INVESTMENT PRODUCTS OFFERED THROUGH ZIONS DIRECT:
* ARE NOT DEPOSITS, OBLIGATIONS OF OR GUARANTEED BY A BANK;
* ARE NOT INSURED BY THE FDIC; AND,
* ARE SUBJECT TO INVESTMENT RISK (PRINCIPAL FLUCTUATIONS), INCLUDING THE POSSIBLE LOSS OF THE PRINCIPAL INVESTED.
NOTE: BANK CDS AND RESERVE INSURED DEPOSITS ARE FDIC INSURED AND BANK GUARANTEED.

| TOTALS | 10,000 | | 9,987.50 | 22.00 | 10.95 | | | 10,020.45 | |
|---|---|---|---|---|---|---|---|---|---|

THIS CONFIRMATION IS AN ADVICE NOT AN INVOICE. REMITTANCE OR SECURITIES ARE DUE ON OR BEFORE SETTLEMENT DATE.

SEE TERMS AND CONDITIONS AND EXPLANATION OF CODED SYMBOLS RELATING TO THIS CONFIRMATION. ON OTHER THAN ROUND LOTS (NORMALLY 100 SHARES) IF DIF APPEARS ABOVE AN ODD-LOT DIFFERENTIAL HAS BEEN CHARGED IN CONNECTION WITH THIS TRANSACTION. THE AMOUNT OF SUCH DIFFERENTIAL WILL BE FURNISHED UPON REQUEST. CLEARING THROUGH PERSHING LLC, A SUBSIDIARY OF THE BANK OF NEW YORK MELLON CORPORATION. MEMBER FINRA, NYSE, SIPC. ONE PERSHING PLAZA, JERSEY CITY, NJ 07399

**Standard & Poot's**

**What do the letter ratings mean?**

The general meaning of our credit rating opinions is summarized below.

'AAA'—Extremely strong capacity to meet financial commitments. Highest Rating.

'AA'—Very strong capacity to meet financial commitments.

'A'—Strong capacity to meet financial commitments.

'BBB'—Adequate capacity to meet financial commitments, but more subject to adverse economic conditions.

'BBB-'—Considered lowest investment grade by market participants.

'BB+'—Considered highest speculative grade by market participants.

'BB'—Less vulnerable in the near-term but faces major ongoing uncertainties to adverse business, financial and economic conditions.

'B'—More vulnerable to adverse business, financial and economic conditions but currently has the capacity to meet financial commitments.

'CCC'—Currently vulnerable and dependent on favorable business, financial and economic conditions to meet financial commitments.

'CC'—Currently highly vulnerable.

'C'—Currently highly vulnerable obligations and other defined circumstances.

'D'—Payment default on financial commitments.

Note: Ratings from 'AA' to 'CCC' may be modified by the addition of a plus (+) or minus (-) sign to show relative standing within the major rating categories.

Specific ratings are also available from Standard & Poor's Ratings Desk by emailing ratings_request@standardandpoors.com

top

**Moody's ratings**

## Long-term obligation ratings

**Investment grade**

**Aaa**: Moody judges obligations rated Aaa to be the highest quality.

**Aa (Aa1, Aa2, Aa3)**: Moody judges obligations rated Aa to be high quality, with "very low credit risk."

**A (A1, A2, A3)**: Moody judges obligations rated A as "upper-medium grade", subject to "low credit risk."

**Baa1, Baa2, Baa3**: Moody judges obligations rated Baa to be "moderate credit risk".

**Speculative grade** (also known as "High Yield" or "Junk").

**Ba1, Ba2, Ba3**: Moody judges obligations rated Ba to have "questionable credit quality."

**B1, B2, B3**: Moody judges obligations rated B as speculative and "subject to high credit risk".

**Caa1, Caa2, Caa3**: Moody judges obligations rated Caa as of "poor standing and are subject to very high credit risk".

**Ca**: Moody judges obligations rated Ca as "highly speculative."

**C**: Moody judges obligations rated C as "the lowest rated class of bonds and are typically in default."

Lehman Brothers Holdings Inc.

Schedule F:
Creditors Holding Unsecured Nonpriority Claims
Debt

08-13555 (JMP)

| Agent/Trustee Name | CUSIP Number | Address 1 | Address 2 | City | State | Zip | Country | Date claim was incurred and consideration for claim | Contingent | Unliquidated | Disputed | Current Notional Amount (USD) | Accrued Interest (USD) | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Citibank, NA | 52517P5C1 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - 3ML FRN RESTRUCTURE OF MTN0244A EXTENDIBLE | N | N | N | $ 220,000,000.00 | Undetermined | $ 220,000,000.00 |
| Citibank, NA | 52517PE23 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - 3Y FRN | N | N | N | $ 472,980,000.00 | Undetermined | $ 472,980,000.00 |
| Citibank, NA | 52517PC41 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - 3Y FRN | N | N | N | $ 150,000,000.00 | Undetermined | $ 150,000,000.00 |
| Citibank, NA | 52517PG39 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - 3YR FLOATING RATE NOTE | N | N | N | $ 330,000,000.00 | Undetermined | $ 330,000,000.00 |
| Citibank, NA | 52517PG21 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - 3YR FLOATING RATE NOTE | N | N | N | $ 866,060,000.00 | Undetermined | $ 866,060,000.00 |
| Citibank, NA | 52517PK63 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - 3YR FRN | N | N | N | $ 852,435,000.00 | Undetermined | $ 852,435,000.00 |
| Citibank, NA | 52517PVU2 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - 5YR MTN GLOBAL | N | N | N | $ 451,384,000.00 | Undetermined | $ 451,384,000.00 |
| Citibank, NA | 52520WDF5 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - BONY NOMY EXTENSION (AGAIN) | N | N | N | $ 175,000,000.00 | Undetermined | $ 175,000,000.00 |
| Citibank, NA | 52520WDK4 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - EXTENDIBLE RESTRUCTURE 1ML +17 19 | N | N | N | $ 97,200,000.00 | Undetermined | $ 97,200,000.00 |
| Citibank, NA | 52490BRG2 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - FIXED | N | N | N | $ 221,605,000.00 | Undetermined | $ 221,605,000.00 |
| Citibank, NA | 52517PQ46 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - GLOBAL 2Y FRN | N | N | N | $ 913,240,000.00 | Undetermined | $ 913,240,000.00 |
| Citibank, NA | 52517PQ61 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - GLOBAL 2YR FRN | N | N | N | $ 396,578,000.00 | Undetermined | $ 396,578,000.00 |
| Citibank, NA | 52517PQ53 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - GLOBAL 2YR FRN | N | N | N | $ 604,500,000.00 | Undetermined | $ 604,500,000.00 |
| Citibank, NA | 52517PW56 | 399 Park Avenue | | New York | NY | 10043 | UNITED STATES | Current Portion of Long Term Debt - Plain Vanilla - GLOBAL 2YR FRN | N | N | N | $ 645,000,000.00 | Undetermined | $ 645,000,000.00 |