JOSEPH L. FOX, ESQ., (JF2313)
Attorney for
Procesos Controlados Se De CV,
         Respondent/Creditor
60 East 42nd Street, Suite 2231
New York, New York 10165
(212) 949-8300

**Return Date: July 21, 2011**
**Time:**      **10:00 a.m.**

**Subject Claim No. 2821**
**Procesos Controlados Se De CV,**
        **Claimant**
**Date Filed: February 13. 2009**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                           Chapter 11

LEHMAN BROTHERS HOLDINGS INC.,      Case No. 08-13555 (jmp)

                 Debtor.
-------------------------------------------------------X

## RESPONSE OF PROCESOS CONTROLADOS SE DE CV IN OPPOSITION TO DEBTORS' NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS) <u>WITH RESPECT TO CLAIM NO. 2821</u>

    Procesos Controlados Se De CV. ("PROCESOS"), through its undersigned counsel, hereby responds in opposition to the Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking Number LPS Claims) (the "<u>Objection</u>") and respectfully states as follows:

<u>Discussion</u>

A.    <u>The Proofs of Claim</u>

    1.    On or about February 13, 2009, PROCESOS timely filed with Epiq Bankruptcy Solutions, LLC, the Debtors' claims agent, a proof of claim (the "<u>Proof of Claim</u>") that is at issue in the Debtor's Objection. *See* Exhibit A. This Proof of Claim is as follows:

- Claim No. 2821 in the amount of $203,600.00;

    2.    The Proof of Claim was filed on the Official Form 10, a standard Proof of Claim form.

1

3.      The Proof of Claim was filed on or about February 13, 2009 before the entry of the

Bar Date Order which was approved by the Court on July 2, 2009.

4.      In the Bar Date Order several proof of claim forms were attached. The Bar Date

Order, with exhibits, is attached hereto as Exhibit "B." The first Proof of Claim form that was

attached to the Bar Date Order noted that if a claim is based on a derivative contract or

guarantee, additional information had to be provided through an on-line questionnaire. *See*

Exhibit C of the Bar Date Order. Although the first form approved by the Court identified those

two types of claims for different treatment, it said nothing at all about Lehman Program

Securities claims. The form itself made no reference to "blocking numbers," let alone explain

what a blocking number is. Because PROCESOS completed and filed its Proof of Claim based

on Official Form 10, the standard proof of claim form, which was similar to the proof of claims

attached to the Bar Date Order as Exhibit B, a blocking number was not provided.

5.      As reflected in the Certification of Raymundo Bonilla Ramirez, general manger of

Procesos, annexed hereto, PROCESOS switched broker-dealers after the filing of the Proof of

Claim and before the obtaining of blocking numbers and therefore, no blocking number was

secured. Notwithstanding, PROCESOS held the note on the date of the filing of the petition and

remains the holder of the note until this time.

B.      **The Bar Date Order**

7.      In the thirty-two page document that comprises the Bar Date Order and the

Exhibits thereto, the need for obtaining a "blocking number" is addressed in one sentence. On

page 13, at paragraph (c), subsection (vi), the need to obtain a blocking number is noted. *See*

Exhibit B at p. 13. That section of the Bar Date Order begins on page 12. It provides for a later

bar date than the general bar date for unsecured claims – November 2, 2009 as compared with

2

September 22, 2009 – for Lehman Program Securities (hereinafter, "LPS") claims. *See id.* at p.

12. It also authorized the Debtors to create and mail, at some time in the future, an LPS bar date

notice and claim form. *See id.*

8.    Subparagraph (l), however, states that "nothing in this Order shall impose a duty

or obligation on any party to any agreement related to any [LPS] to file a claim beyond whatever

duty or obligation currently exists in the applicable agreements for the [LPS] or applicable law."

*See id.* at p. 14, ¶ (l). Finally, paragraph (n) states that "other than as specifically provided in

paragraphs (a) through (m)" on pages 12-15:

> "[A]ll provisions of this Order apply to holders of claims under any [LPS]
> and holders of claims based on such [LPS] are required to comply with all
> provisions of this Order[.]" *See id.* at p. 15, ¶ (n).

9.    Nowhere does the Bar Date Order state in plain terms that a properly filed

"Exhibit B" Proof of Claim[1] form would be insufficient for the proper assertion of an LPS claim.

To the contrary, at page 2 the Bar Date Order states:

> ORDERED that *all* Proofs of Claim filed against the Debtors *must*
> substantially conform *to the form attached as Exhibit B hereto*
> ("Proof of Claim Form") and must be received on or before the Bar
> Date . . . .

*See id.* at p. 2 (emphasis added); *see also id* at p. 6, 1st full ¶ (requiring that "each Proof of Claim

must: . . . conform substantially with the Proof of Claim Form" and not requiring blocking

numbers for any Proofs of Claim). This paragraph does not say "all Proofs of Claim filed against

the Debtors *other than* those for LPS claims, or derivative claims, or guarantee claims . . . ." It

does not say "*except for* LPS claims." It does not reference subsequent subparagraphs in the Bar

Date Order and say "*except* as is set forth at page 12, paragraphs (a) through (n) . . . ." Nowhere

---

[1] The Exhibit "B" proof of claim form is not substantially different from the standard proof of claim Form 10 except to the extent of the references to the Questionnaire and indentifying this as a Lehman Brothers proof of claim form.

does the Bar Date Order say that filing a Proof of Claim on the form that was attached to the

Order itself, would *not* be sufficient regardless of whether the underlying claim qualified as an

LPS claim.[2]

C.    **The Claim Objection**

10.    Here, the failure to obtain and include a blocking number – something that was

not required by Exhibit B -- is the only basis for disallowance asserted in the Objection.[3]

11.    The Debtors state in the Objection that the purpose of requiring claimants to

obtain a blocking number was to prevent the underlying security from being traded through the

period ending November 2, 2009, and to enable the Debtors to confirm the ownership and

amount of a particular security. *See* Objection, ¶ 10. Absent a blocking number, there was "a

risk" of multiple claims being asserted if the underlying Note was traded.

> The issuance of a blocking number *prevented the holder of a Lehman Program Security from trading that security through November 2, 2009*[.] The blocking number requirement was necessary because the Lehman Program Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security, but rather *individual holders* of such securities (or custodians thereof) would be filing claims based on such securities. Accordingly, the blocking number requirement provided the only mechanism for the Debtors to confirm the ownership and amount of a particular security for purposes of the Securities Program Proof of Claim. Absent the blocking number requirement and temporary restriction on trading, *the risk would*

---

[2] The closest the Bar Date Order comes to addressing the "dueling requirements" of the general Proof of Claim requirements and the LPS requirements, is on page 12 where the relevant lead-in paragraph states "notwithstanding anything to the contrary contained in this Order, the following procedures apply [to LPS claims]." *See* Exhibit B at p. 12. Even here, there is nothing to indicate that the procedures that followed were mandatory and displaced or overrode the requirement that "all Proofs of Claim filed against the Debtors must substantially conform to the form attached as Exhibit B hereto" provided at pages 2 and 6 of the Bar Date Order, cited above.

[3] The Debtors reserved the right to assert additional and different objections in the future.

*exist* that the Debtors would make distributions in excess of the
outstanding amount of the Lehman Program Securities and
multiple distributions on the same obligation.
Objection at ¶ 10 (emphasis supplied).[4]

### i.    PROCESOS Owned and still Owns the Notes

12.    PROCESOS did not obtain a blocking number for the Proof of Claim that is

challenged through the Objection. However, PROCESOS has owned the securities underlying the

Proof of Claim for the period of time pinpointed by the Debtors. *See* Declaration of Raymundo

Bonilla Ramirez, annexed hereto as Exhibit C. Indeed, PROCESOS owned the relevant

securities *prior* to September 15, 2008 (the Petition Date), and PROCESOS *still* owns those

securities today. *Id.* Those securities have *never left* PROCESOS's ownership during the entire

intervening period of time. *Id.*

13.    PROCESOS respectfully requests that on these facts – where the underlying Notes

*have always been,* and *continue to be,* in PROCESOS's ownership in the same custodial account –

PROCESOS's inadvertent failure to obtain a blocking number and include it with the Proof of

Claim be found to constitute harmless error. Neither the Debtors nor any other party has been

prejudiced by this oversight. Indeed, the "risk" and harm with which the Debtors were

concerned, never came to be with respect to PROCESOS's Proof of Claim, although admittedly

not because the blocking number procedure was adhered to; rather, the risk and harm were

avoided on the merits and underlying facts because the underlying securities have not moved.

---

[4] It should be noted that despite the importance now given to blocking
numbers, there was no mention of a blocking number requirement in the
Debtors' underlying motion to set a bar date. *See* Docket No. 3654 (May 26,
2009). Indeed, a blocking number requirement was not included in the original
form of proposed order, and does not appear to have been included in
subsequent proposed orders (*see* Docket Nos. 4113, June 23, 2009; No. 4205,
June 29, 2009), until the final version was submitted to the Court for entry
(*see* Docket No. 4271, July 2, 2009).

# ARGUMENT

14.     In reply, the Debtors are likely to assert that permitting claims to remain valid and pending despite the failure of a creditor to obtain a blocking number, will: (i) open the "floodgates" to claim litigation and (ii) will unnecessarily require the Debtors to review a large number of claims to determine whether they are, in fact, valid.

## A.     The "Floodgates"Argument Favors PROCESOS

15.     The floodgates argument is a two-way street: through this one Objection alone the Debtors have sought the disallowance of *more than $150 million* in claims based on the mere failure to obtain blocking numbers, without any assertion that any of those underlying claims are, in fact, invalid. Although the Debtors have valid concerns about the manageability of the claims allowance and diligence process, creditors, too, have equally if not more valid and substantial concerns about the allowance of valid claims: substantively valid claims should not be disallowed when filed before a claims bar date. The logistical labyrinth for claims filing advocated by the Debtors as necessary in these cases is being used as a sword rather than a shield. PROCESOS respectfully submits that when a floodgates argument is considered, the primary interests that should be protected are those of creditors holding substantively valid claims as compared with those seeking a windfall. *See Travelers Cas. & Surety Co. of Am. v. Pac. Gas & Electr. Co.*, 549 U.S. 443, 449-50 (2007) (hereinafter "*Travelers*"). Particularly where notes are involved – the *validity* and *enforceability* of which is not contested, and the *outstanding amount* of which *is known to the Debtors* – these considerations weigh heavily in favor of claim allowance.

16.     Moreover, undertaking a review of all claims filed in the Debtors' cases is an obligation the Debtors cannot escape. It is an obligation that is present in every chapter 11 case,

and the Debtors are and have been undertaking a substantive claims analysis in these chapter 11 cases (as is evident from the Objection). *See* 11 U.S.C. §§ 704(a)(5); 1106(a)(1); 1107(a). In undertaking that analysis, the Debtors are guided by statute: 11 U.S.C. § 502.

B.    **The Statutes**

17.    The statute provides in subsection (a) that claims filed are deemed allowed absent objection. 11 U.S.C. § 502(a). The statute also identifies specific grounds for the disallowance of claims. *See id.* at (b). The grounds for disallowance, as set out in the statute, are limited. *See Travelers*, 549 U.S. at 449 ("But even where a party in interest objects, the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)").

18.    Here, there are only two sections of the statute that can arguably be called into question: §§ 502(b)(1) (claim is unenforceable against the debtor) and (b)(9) (a proof of claim was not timely filed).

19.    With respect to § 502(b)(1), the Supreme Court has explained that "[t]his provision is most naturally understood to provide that, with limited exceptions, any defense to a claim that is available outside of the bankruptcy context is also available in bankruptcy." *Travelers*, 549 U.S. at 450 (citing 4 COLLIER ON BANKRUPTCY ¶ 502.03[2][b], p. 502-22 (rev. 15th ed. 2006); *see also* 4 COLLIER ON BANKRUPTCY ¶ 502.03[2][b], p. 502-21 — 502-22 (16th ed. 2010) (dismissing statutory mandate and scope). On the facts presented through the Objection, those principles do not apply. The failure to obtain a blocking number for a limited period of time is not a defense to payment on the notes.

20.    With respect to § 502(b)(9), the statute addresses the timeliness of proof of claim filings. 11 U.S.C. § 502(b)(9). The Collier treatise makes clear that § 502(b)(9) objections do

indeed address *timeliness*, rather than substantive matters relating to the validity of the underlying claim. 4 COLLIER ON BANKRUPTCY ¶ 502.03[10][a], p. 502-49 (16th ed. 2010) ("This provision was designed to overrule case law holding that tardily filed claims were allowable"). Here, the statute is not implicated because (i) the Objection does not challenge PROCESOS's Proofs of Claim for timeliness and (ii) in fact, PROCESOS's claims were timely filed (they were filed in advance of the September 22, 2009 bar date).

21.    In effect, the Debtors have sought to create, whole cloth, a new ground for disallowance that is not contained in the statute. The Supreme Court has rejected that approach, and has made clear that the limited reasons for which a claim can be disallowed, are set out in the statute. *Travelers*, 549 U.S. at 449 ("But even where a party in interest objects, the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b).").

22.    Thus, viewed alongside the statutory text of § 502(b), it is evident that the reasons for which the Debtors seek to *disallow* PROCESOS's claims do not fall within the scope of the statute and, accordingly, cannot serve as a basis for disallowance. *See Travelers*, 549 U.S. at 449.[5]

C.    **The Bankruptcy Rules**

23.    The Federal Rules of Bankruptcy Procedure (each a "Rule," and together, the "Bankruptcy Rules"), too, are relevant to analysis of the relief sought through the Objection.

---

[5] *Stoll v. Gottlieb*, 305 U.S. 165 (1938), and its progeny, including *Travelers Indemn. Co. v. Bailey*, 129 S. Ct. 2195 (2009), are not to the contrary. This case does not involve a collateral attack on jurisdiction or an injunction. Moreover, in order to achieve disallowance here, the Debtors must affirmatively demonstrate that the requirements of § 502(b) are met, regardless of any claims filing procedures that have been put in place. *See* 11 U.S.C. § 502(b).

Rule 3001(a) addresses the "form and content" of a proof of claim. Fed. R. Bankr. P. 3001(a). The Rule provides: A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form. Fed. R. Bankr. P. 3001(a).[6]

24.    The Collier treatise, however, makes clear that the "conform substantially" language was intended to *include as properly filed* the claims of some creditors that, in one way or another, *did not* conform to the Rules. *See* 9 COLLIER ON BANKRUPTCY ¶ 3001.03, pp. 3001-8 – 3001-9 (16th ed. 2010) (noting that the form "requires limited information" for a valid proof of claim), ¶ 3001.04, pp. 3001-11 – 3001-12 (discussing amendment of claims to provide additional information), and ¶ 3001.05, pp. 3001-12 – 3001-15 (noting that even where an initial filing is so deficient that it cannot fairly be characterized as a "proof of claim," but is nonetheless viewed as an "informal proof of claim," courts will often allow it and, after that, even allow the "informal proof of claim" to be amended). There is nothing in the statutes or Rules to indicate that the "conform substantially" language was intended to permit Debtors to impose *additional* requirements on creditors; to the contrary, the fair inference to be drawn from the text of the statutes, Rules and treatise commentary is that the "conform substantially" language was intended to provide additional protections *in favor of creditors* and in favor of the *allowance* of claims. It is a Rule designed to guarantee *in*clusion, not *ex*clusion; it is a shield for creditors, not a sword for debtors. *See In re Stoecker*, 5 F.3d 1022, 1026-28 (7th Cir. 1993) (refusing to permit disallowance of claim for "hypertechnical" reasons and limiting the application of Rule 3001 in

---

[6] Note that the LPS claim filing instructions state that the Bar Date Order does not "impose a duty or obligation on any party . . . to file a claim beyond what duty or obligation currently exists in . . . applicable law." *See* Order at p. 14, ¶ (l). There is no blocking number requirement under Rule 3001, in the official proof of claim form, or under state law.

the claim disallowance context). Here, the Debtors seek to rely on a procedural device to achieve the disallowance of claims. There is nothing in Rule 3001 that permits such action. The Debtors implemented this procedural device by *adding* and imposing *additional* claim filing requirements to the official proof of claim form. Even then, in doing so, the Debtors did not state in plain language that filing the Proof of Claim form that was attached to the Bar Date Order would not be sufficient in all cases – to the contrary, the Bar Date Order affirmatively required that "all Proofs of Claim . . . must substantially conform to the form attached as Exhibit B hereto[.]"

25.    Through this procedural maneuver, the Debtors seek the disallowance of claims for reasons *other than* those set out in the statute – § 502(b). There is nothing in the statute to support the Debtors' request, and as recently as *Travelers*, the Supreme Court adhered to and affirmed the limitations on disallowance as set out in the statute. *See Travelers*, 549 U.S. at 449 ("But even where a party in interest objects, the court 'shall allow' the claim '*except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)*.") (emphasis supplied). The statutory mandate cannot be brushed aside as the Debtors request, and cannot be overcome by a procedural maneuver premised on Rule 3001.

26.    Section 105(a)'s catch-all provision cannot cure these defects. *See* 11 U.S.C. §105(a) ("may issue any order . . . ."). Although the power granted under § 105(a) is broad, it cannot be used as authority for something that is *contrary* to what is otherwise provided in the statutory text. The Collier treatise underscores this limitation:

> Section 105 does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code or mandates of other state and federal statutes. As aptly put by one court, section 105 does not "authorize bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity."

*See* 2 Collier on Bankruptcy ¶ 105.01[2], p. 105-6 (16th ed. 2010) (internal footnotes omitted).

Yet, the disallowance of claims for the single reason set forth in the Objection is contrary to

§502(b) and is otherwise without basis in the Bankruptcy Code. By suggesting that the blocking

number requirement is a basis for the disallowance of claims, the Debtors have in effect asked

the Court to create a new substantive right. The Debtors' request cannot be upheld as a valid use

of § 105(a). To the extent the Court finds it necessary, PROCESOS respectfully requests leave to

amend its Proofs of Claim.

27.    PROCESOS respectfully submits that in order to protect the valid interests of

creditors whose proofs of claim did not contain blocking numbers, but which were otherwise

timely filed in accordance with the Bar Date Order, the Debtors should be required to investigate

whether or not the underlying claim is valid, and use the results of *that* analysis as the basis for

allowance or disallowance. The risk identified by the Debtors through the Objection was that the

Debtors might end up paying twice on a given claim if it were not properly tracked. Here,

PROCESOS is able to demonstrate that it owned the underlying securities that formed the basis of

its claims: (i) in the prepetition period, (ii) in the period between the petition date and November

2, 2009 (the date through which blocking number securities could not be traded), and (iii) in the

period from November 2, 2009 through the present. None of the securities have ever been moved

out of their respective accounts. On these facts, PROCESOS respectfully submits that it is not

such an onerous burden to be placed on the Debtors and their professionals to have to analyze

PROCESOS's Proof of Claim, based on in-hand securities, on the merits.

**WHEREFORE**, PROCESOS respectfully requests that the Court deny the Objection as it relates to the Proof of Claim No. 2821and grant such other and further relief as it deems just and proper.

Dated: New York, New York
      July 13, 2011

                                        Joseph L. Fox, Esq.
                                        Attorneys for:
                                        Procesos Controlados Se De CV,
                                        Creditor

                                        By: _____
                                            Joseph L. Fox (JF2313)
                                        60 East 42nd Street, Suite 2231
                                        New York, New York 10165
                                        (212) 949-8300

To:     Weil Gotschal & Manges, LLP
           Attn:   Shai Waisman, Esq.
                  Mark Bernstein, Esq.
           767 Fifth Avenue
           New York, New York 10153

           Milbank Tweed Hadley & McCloy LLP
           Counsel for Committee of Unsecured Creditors
           Attn: Dennis F. Dunne, Esq.
           1 Chase Manhattan Plaza
           New York, NY 10005

           Office of the United States Trustee
           Attn:   Tracy Hope Davis, Esq.
                  Elisabetta Gasparini, Esq.
           33 Whitehall Street, 21st Floor
           New York, NY 10004

**Exhibit "A"**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers Holdings Inc. | Case Number:<br>08-13555 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>PROCESOS CONTROLADOS SA DE CV | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>c/o Joseph L. Fox, Esq.<br>60 East 42nd Street, Suite 2231<br>New York, New York 10165<br>Telephone number:<br>(212) 949-8300 | Court Claim Number:_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**  $            203,600.00<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**  Corporate Guarantee of Note<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>3a. Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other<br>Describe:<br><br>Value of Property:$_____  Annual Interest Rate____%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>If any: $_____  Basis for perfection:_____<br><br>Amount of Secured Claim: $_____  Amount Unsecured: $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies<br>orders, invoices, itemized statements of<br>You may also attach a summary. Attach<br>a security interest. You may also attach<br><br>DO NOT SEND ORIGINAL DOCUME<br>SCANNING.<br><br>If the documents are not available, please explain: | Amount entitled to priority:<br><br>$_____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment. |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)         0000002821

| | |
|---|---|
| Date:<br>12 16 08<br><br>→ X R Bonilla | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |

FOR COURT USE ONLY

FEB 13 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

RAYMUNDO BONILLA RAMIREZ

# VectorGlobal WMG, Inc.

Wealth Management Group

OFFICE SERVICING YOUR ACCOUNT
475 Fifth Avenue, 15th Floor
New York, NY 10017
TEL: (212) 407-5500

CLEARANCE AGENT
Bear, Stearns Securities Corp.,
A wholly-owned subsidiary of JPMorgan Chase & Co.,
One Metrotech Center North
Brooklyn, New York 11201-3859
(212) 272-1000

Page 1 of 1

PROCESOS CONTROLADOS SA DE CV
CERRO DEL TZIRATE 24
COL LAS AMERICAS
QUERETARO QUERETARO 76121
MEXICO

## CONFIRMATION
## WE ARE PLEASED TO CONFIRM THE FOLLOWING TRANSACTION(S)

Processing Date: 8/15/08

Account Number: 487-20003   U03

FIXED INCOME

| Trade Date | Settlement Date | Bought/Sold | Description | Symbol/CUSIP | Quantity | Price | Money Type | Money Amount | Type | | Trade Number |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/15/08 As of Trade | 08/22/08 | Bought | ***LEHMAN   BROS TREASURY AMC_TAX_TB - LBT RCN DUE 10/22/2008 MATURITY DATE 10/22/2008 DATED DATE 08/22/08 AS OF 08/15/08 PROSPECTUS/ENCLOSED OR UNDER SEPARATE MAIL G20008160XXX   I S 080818 PRIVATE PLACEMENT OFFERING CIRCULAR AND PRICING SUPPLEMENT TO FOLLOW SOLICITED 0.00%   COUPON RATE NOT RATED BY MOODY'S/S&P | N52150693 | 200,000 | 100.00 | Principal  200,000.00 NET AMOUNT  200,000.00 | Cash | 7 | C | 40371 |

Please address all communications to the firm and not to individuals and kindly mention your account number.

IMPORTANT DISCLOSURES: Pursuant to a Referral Agreement, VectorGlobal WMG, Inc. remits a portion of the commissions earned on each transaction to Vector Casa de Bolsa, S.A. de C.V. A copy of the Referral Agreement may be obtained from VectorGlobal WMG, Inc. upon request.

027  01/20  PR  000001  000003          001  001  C PR  AFPRINT  08/15/08 21:45  146  000033

PROCESOS CONTROLADOS SA DE CV

CERRO DEL TZIRATE 24
COL LAS AMERICAS
QUERETARO QUERETARO 76121
MEXICO

Amount of Claim: $203600

Account #: 487-20003-U03

Amount: $200000

Issuer: LEHMAN BROS TREASURY

Issue Date: 08/22/08

ID No.: 5BDRMD4

Underlying: AMX, TMX, TB - LBT RCN

Maturity Date: 10/22/08

Interest: 0.108

Interest through 9/19/08: $3600

Claim Information: 200,000  ***LEHMAN BROS TREASURY        0.000  H 08/22/08
5BDRMD4
     AMX, TMX, TB - LBT RCN DUE        200,000 SB
     DUE 10/22/08 INT 10.800%              $3,600 interest

# JOSEPH L. FOX
### ATTORNEY AT LAW

THE LINCOLN BUILDING
60 EAST 42ND STREET
SUITE 2231
NEW YORK, NEW YORK 10165
TEL: (212) 949-8300
FAX: (212) 684-1428
E-MAIL: jfox@joefoxlaw.com

February 13, 2009

**BY HAND**

Epiq Bankruptcy Solutions, LLC
Attn:   Lehman Brothers Holding Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

Re:    Lehman Brothers Holdings Inc.
         Chapter 11
         Case No. 08-13555-jmp

FILED / RECEIVED

FEB 13 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Dear Sir or Madam:

Enclosed please find seventy-three (73) Proofs of Claim for various creditors in the above referenced case. Please file theses proofs of claim, time-stamp the extra copy and return to the undersigned.

If you have any questions please do not hesitate to call.

HAND DELIVERY

Very truly yours,

Joseph L. Fox

**Exhibit "B"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                              :
                              Debtors.        :    (Jointly Administered)
                                              :
                                              :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 502(b)(9) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3003(c)(3) ESTABLISHING THE DEADLINE FOR FILING PROOFS OF CLAIM, APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND APPROVING THE PROOF OF CLAIM FORM

Upon the motion, dated May 26, 2009 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. and its affiliates, as debtors and debtors in possession in the above referenced

chapter 11 cases (collectively, the "Debtors"),[2] pursuant to sections 502(b)(9) of the Bankruptcy

Code and Bankruptcy Rule 3003(c)(3) seeking an order (i) establishing the deadline for filing

proofs of claim, (ii) approving the form and manner of notice thereof and (iii) approving the

proof of claim form, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Motion.

[2] Lehman Brothers Holdings Inc. (08-13555); LB 745 LLC (08-13600); PAMI Statler Arms LLC (08-13664); Lehman Brothers Commodity Services Inc. (08-13885); Lehman Brothers Special Financing Inc. (08-13888); Lehman Brothers OTC Derivatives Inc, (08-13893); Lehman Brothers Derivatives Products Inc. (08-13899); Lehman Commercial Paper Inc. (08-13900); Lehman Brothers Commercial Corporation (08-13901); Lehman Brothers Financial Products Inc. (08-13902); Lehman Scottish Finance L.P. (08-13904); CES Aviation LLC (08-13905); CES Aviation V LLC (08-13906); CES Aviation IX LLC (08-13907); East Dover Limited (08-13908); Luxembourg Residential Properties Loan Finance S.a.r.l. (09-10108); BNC Mortgage LLC (09-10137); Structured Asset Securities Corporation (09-10558); LB Rose Ranch LLC (09-10560); and LB Kalakaua Owners LLC (09-12516).

the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the

Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and

due and proper notice of the Motion having been provided to the Notice Parties; and it appearing

that no other or further notice need be provided; and the Court having determined that the relief

sought in the Motion is in the best interests of the Debtors, its creditors and all parties in interest;

and upon the record of the hearings held on June 24, 2009 and June 29, 2009; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Rule 3003(c)(3) of the Bankruptcy Rules, and except

as otherwise provided herein, **September 22, 2009, at 5:00 p.m. (prevailing Eastern Time)** is

established as the deadline (the "Bar Date") for each person or entity (including, without

limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental

unit) to file proofs of claim (each a "Proof of Claim") based on prepetition claims (as defined in

section 101(5) of the Bankruptcy Code) against the Debtors; and it is further

ORDERED that all Proofs of Claim filed against the Debtors must substantially

conform to the form attached as Exhibit B hereto ("Proof of Claim Form") and must be received

on or before the Bar Date by the official noticing and claims agent in the Debtors' chapter 11

cases, Epiq Bankruptcy Solutions, LLC ("Epiq") or the Court.  The original Proof of Claim Form

should be sent to the following address:

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims
Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

     or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims
Processing
One Bowling Green
New York, New York 10004

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5286
New York, New York  10150-5076

; and it is further

ORDERED that Proofs of Claim will be deemed timely filed only if **actually received** by Epiq or the Court on or before the Bar Date; and it is further

ORDERED that neither the Court nor Epiq shall be required to accept Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission; and it is further

ORDERED that the following persons or entities are **not** required to file a Proof of Claim on or before the Bar Date:

(a)     any person or entity whose claim is listed on the Schedules and (i) whose claim is **not** described as "disputed," "contingent," or "unliquidated," and (ii) who does not dispute the amount, priority or nature of the claim set forth in the Schedules;

(b)     any person or entity whose claim has been paid in full by the Debtors;

3

(c)    any person or entity that holds an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided, however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(d)    any person or entity that holds a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(e)    any holder of a claim for which a separate deadline is fixed by this Court;

(f)    any holder of a claim who has already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided, however**, any holder that has filed a Proof of Claim based on a Derivative Contract or a Guarantee on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantees;

(g)    any holder of any claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy, insolvency proceeding or similar proceeding, in a foreign jurisdiction; **provided, however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(h)    any holder of a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided, however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

4

(i)      any entity included on the Exempt Entities List available on the Debtors'
website http://www.lehman-docket.com (the "Exempt Entities List") and
any subsidiary for which the entity on the Exempt Entities List owns at
least a fifty percent equity interest in such subsidiary, specifically
excluding any subsidiary that is in a bankruptcy, insolvency or similar
proceeding in a foreign jurisdiction and Lehman Brothers Inc.;

and it is further

ORDERED that, any holder of a security that is not listed on the Master List of

Securities may request that a security be added to the Master List of Securities by completing the

form entitled "Inquiry Regarding Security Not on Master List of Securities" available on the

Debtors' website http://www.lehman-docket.com and submitting it to the Debtors as directed on

such form on or prior to August 5, 2009. The Debtors will investigate the inquiry and within 15

days of the receipt of such inquiry, the Debtors will (x) add the security to the Master List of

Securities (if appropriate) or (y) provide an explanation solely to the party submitting such

inquiry as to why the security will not be added to the Master List of Securities. The Master List

of Securities listed on the website shall be **final** as of August 20, 2009; and it is further

ORDERED that any security that is listed on the Master List of Securities is not a

Derivative Contract and the holders of such security are not required to complete the Derivative

Questionnaire on account of such security; and it is further

ORDERED that a holder (or any other party authorized under the Bankruptcy

Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a

security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such

Debtor based on the Guarantee and complete the Guarantee Questionnaire; and it is further

ORDERED that any person or entity that holds a claim arising from the rejection

of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by

the later of (i) the Bar Date and (ii) the date which is forty-five (45) days following the effective

date of such rejection or be forever barred from doing so; and it is further

ORDERED that each Proof of Claim must: (i) be written in the English language;

(ii) be denominated in lawful currency of the United States; (iii) conform substantially with the

Proof of Claim Form; (iv) state the name and case number of the specific Debtor against which it

is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include

supporting documentation or an explanation as to why documentation is not available; and (vii)

be signed by the claimant or by an authorized agent of the claimant; and it is further

ORDERED that for the purposes of this Order, the term "Derivative Contract"

shall mean any contract that is any of (i) a "swap agreement" as such term is defined in section

101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section

101(25) of the Bankruptcy Code; provided that a cash-market purchase or sale of a security or

loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement

cycle for the relevant market), exchange-traded future or option, securities loan transaction,

repurchase agreement in respect of securities or loans, and any guarantee or reimbursement

obligations which would otherwise be included in the definition of "swap agreement" or

"forward contract" pursuant to the definition of such terms in the Bankruptcy Code shall not be

considered a Derivative Contract for the purposes of this definition; provided further that, any

notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not

limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman

Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and

Lehman Brothers (Luxembourg) Equity Finance S.A.) shall not be considered "Derivatives

Contracts" within the meaning of this Order; and it is further

6

ORDERED that each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must:

(a)    on or before the Bar Date, fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)    check the appropriate box on the Proof of Claim;

(c)    on or before **October 22, 2009, at 5:00 pm (prevailing Eastern Time)** (the "Questionnaire Deadline"), log on to http://www.lehman-claims.com, enter the unique identification number included (the "Unique ID Number") on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Derivative Questionnaire, substantially in the form attached as Exhibit C hereto (the "Derivative Questionnaire"); and

(d)    on or before the Questionnaire Deadline, electronically upload supporting documentation on the website (as required in the Derivative Questionnaire), rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that each holder of a claim against a Debtor based on amounts owed pursuant to a promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance (a "Guarantee") must:

(a)    on or before the Bar Date fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)    on or before the Bar Date check the appropriate box on the Proof of Claim;

(c)    on or before the Questionnaire Deadline (**October 22, 2009, at 5:00 pm (prevailing Eastern Time)**), log on to http://www.lehman-claims.com, enter the Unique ID Number included on the Proof of Claim mailed to such holder by the Debtors and complete the electronic Guarantee Questionnaire, substantially in the form attached as Exhibit D hereto (the "Guarantee Questionnaire"); and

(d)    on or before the Questionnaire Deadline, electronically upload supporting documentation and evidence of the underlying claim amount on the

7

website, as required in the Guarantee Questionnaire, rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that, each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must:

(a)     on or before the Bar Date, fill-out and return a Proof of Claim in the same manner as all other claimants;

(b)     check both boxes on the Proof of Claim that such claim is based on a Derivative Contract and based on a Guarantee;

(c)     on or before the Questionnaire Deadline (**October 22, 2009, at 5:00 pm (prevailing Eastern Time)**), log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website (as required in the Guarantee Questionnaire), rather than attaching such documents to the Proof of Claim; and

(d)     on or before the Questionnaire Deadline, log on to http://www.lehman-claims.com, enter the Unique ID Number of the Proof of Claim and complete the electronic Derivative Questionnaire and electronically upload supporting documentation on the website (as required in the Derivative Questionnaire), rather than attaching such documents to the Proof of Claim;

and it is further

ORDERED that if a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the documentation required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date; and it is further

ORDERED that if a holder files a Proof of Claim based on a Derivative Contract or a Guarantee that does not have a Unique ID Number, such holder shall comply with the

procedures set forth in the prior three paragraphs, except that instead of entering a Unique ID

Number on the website, such holder shall instead indicate on the website that they filed a Proof

of Claim that did not have a Unique ID Number; and it is further

ORDERED that entities affiliated with the Debtors that are the subject of a

bankruptcy, insolvency proceeding or similar proceeding in a foreign jurisdiction that file a claim

against a Debtor shall not be required to complete the Derivative Questionnaire; and it is further

ORDERED that the information submitted on the website http://www.lehman-

claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the

website other than by the party that submitted such information, the Debtors, the Creditors'

Committee and their respective advisors and counsel; and it is further

ORDERED that the website http://www.lehman-claims.com and the information

submitted thereon will remain accessible by the party that submitted such information following

the Bar Date and the information submitted on the website will be subject to the same rules and

standards as amendments and supplements to proofs of claim; and it is further

ORDERED that if a holder asserts a claim against more than one Debtor or has

claims against different Debtors, a separate Proof of Claim must be filed with respect to each

Debtor; and it is further

ORDERED that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim

against the Debtors who is required, but fails to file a proof of such claim in accordance with the

Bar Date Order on or before the Bar Date, <u>specifically</u>, including filling out the Derivative

Questionnaire or the Guarantee Questionnaire and uploading required information to the website

<u>http://www.lehman-claims.com</u> (which Derivative Questionnaire or Guarantee Questionnaire

shall not be required to be completed until the Questionnaire Deadline), specifying the applicable

Debtor and other requirements set forth herein, shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such holder shall not be permitted to vote to accept or reject any chapter 11 plan filed in these chapter 11 cases, or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim; and it is further

ORDERED that notice of the entry of this Order and of the Bar Date in substantially the form attached as <u>Exhibit A</u> hereto (the "<u>Bar Date Notice</u>"), which Bar Date Notice are approved in all respects, shall be deemed good, adequate, and sufficient notice if it is served by deposit in the United States mail, first class postage prepaid, on or before July 8, 2009 upon:

(a)    the U.S. Trustee;

(b)    attorneys for the Creditors' Committee;

(c)    all known holders of claims listed on the Schedules at the addresses stated therein;

(d)    all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated after September 1, 2006 and (iii) all of the Debtors' retirees;

(e)    all parties known to the Debtors as having potential claims against the Debtors' estates;

(f)    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein;

(g)    all parties to litigation with the Debtors (as of the date of the entry of the Bar Date Order);

(h)    the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange

10

Commission and any other required governmental units (a list of such
agencies is available from the Office of the Clerk of the Court); and

(i)        all parties who have requested notice pursuant to Bankruptcy Rule 2002;

and it is further

ORDERED that the Debtors shall mail one or more Proof of Claim Forms (as

appropriate) to all parties listed in the preceding paragraph, each with a Unique ID Number

printed on the form, together with instructions for filing a Proof of Claim, except that the Proof

of Claim Form shall be omitted from any mailing to holders of LBHI securities that are on the

Master List of Securities; and it is further

ORDERED that, pursuant to Bankruptcy Rules 2002(f) and (*l*), the Debtors shall

publish the notice substantially in the form of the Bar Date Notice once in <u>The New York Times</u>

(International Edition), <u>The Wall Street Journal</u> (International Edition) and <u>The Financial Times</u>,

each at least forty-five (45) days prior to the Bar Date, which publication is hereby approved in

all respects and shall be deemed good, adequate, and sufficient publication notice of the Bar Date

and the procedures for filing Proofs of Claim in these cases; and it is further

ORDERED that, if the Debtors amend or supplement their Schedules subsequent

to the date hereof, the Debtors shall give notice of any amendment or supplement to the holders

of claims affected thereby, and such holders shall be required to file Proofs of Claim in respect of

their claims prior to the later of (i) the Bar Date and (ii) thirty (30) days from the date on which

such notice is given, or be forever barred from doing so; and it is further

ORDERED that Proofs of Claims may only be filed by parties that are authorized

to file such claims in accordance with Bankruptcy Code and the Bankruptcy Rules; and it is

further

ORDERED that any current or former affiliate of the Debtors, other than affiliates listed on the Exempt Entities List, that has a claim (as defined in section 101(5) of the Bankruptcy Code) against any of the Debtors that arose prior to the applicable Commencement Date must file a Proof of Claim in accordance with this Order or be forever barred from doing so; and it is further

ORDERED that (other than stipulations, agreements and orders entered into by the Debtors with JPMorgan Chase Bank, N.A, Pacific Investment Management Company LLC and the Internal Revenue Service) the Debtors shall not enter into any stipulations or agreements that modify the procedures set forth in this Order for the filing of Proofs of Claim based on Derivative Contracts (including the completion of the Derivative Questionnaire) without either the consent of the Creditors' Committee or the approval of the Court; and it is further

ORDERED that notwithstanding anything to the contrary contained in this Order, the following procedures apply to the filing of any and all claims (including any claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading "Lehman Programs Securities" (any such security, a "Lehman Program Security") as of July 17, 2009 at 5:00 pm (prevailing Eastern Time):

    (a)    **November 2, 2009, at 5:00 p.m. (prevailing Eastern Time)** is established as the deadline (the "Securities Programs Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) (the "Filing Entities" and each a "Filing Entity") to file proofs of claim based on any Lehman Program Security;

    (b)    the Debtors, in coordination with the Creditors' Committee, are authorized to, and will, create a notice of the Securities Programs Bar Date (the "Securities Programs Bar Date Notice") and a proof of claim form (the "Securities Programs Proof of Claim Form") as necessary to provide notice of the Securities Programs Bar Date;

12

(c)     the Debtors are authorized to, and will, translate the Securities Programs Bar
        Date Notice into relevant foreign languages; it being understood that claims
        submitted in respect of any Lehman Program Security must: (i) be written in
        the English language; (ii) to the extent a claim amount is reflected thereon, be
        denominated in lawful currency of the United States using the exchange rate
        as applicable as of September 15, 2008; (iii) conform substantially with the
        Securities Programs Proof of Claim Form; (iv) state the name and case
        number of the specific Debtor against which it is filed; (v) identify the
        International Securities Identification Number ("ISIN") and/or Committee on
        Uniform Securities Identification Procedures ("CUSIP") number, as
        applicable, for each Lehman Program Security; (vi) include either a Euroclear
        electronic instruction reference number or a Clearstream blocking reference
        number; (vii) be signed by the Filing Entity or by an authorized agent of the
        Filing Entity; and (viii) be submitted in hard copy form with an original
        signature;

(d)     the Debtors shall publish on http://www.lehman-docket.com a proposed list
        of "Lehman Programs Securities," to include at a minimum issuances under
        (i) that certain U.S.$100,000,000,000 Euro Medium Term-Note Program, (ii)
        that certain U.S.$4,000,000,000 German Note Issuance Programme, as
        described in a certain Base Prospectus, dated August 28, 2007, (iii) the Swiss
        Certificates Programme, as described in a certain Programme Prospectus,
        dated November 29, 2007 and (iv) the Italian Inflation Linked Notes, dated
        December 2005 – December 2017, which list will include the ISIN and/or
        CUSIP, as applicable, for each Lehman Program Security, no later than July
        6, 2009 at 5:00 pm (prevailing Eastern Time), and the Debtors, the Creditors'
        Committee, the account holders or holders of any Lehman Program Security
        that identify themselves in writing to the Debtors, and the trustees for Lehman
        Brothers Treasury Co. B.V. and other applicable foreign proceedings will
        work in good faith to agree on a list of "Lehman Programs Securities" by no
        later than July 13, 2009;

(e)     in the event there are any disputes concerning the contents of the list of
        "Lehman Program Securities," the Court may consider such disputes on an
        expedited basis with notice to the disputing parties;

(f)     notice of the entry of this Order, of the Bar Date and of the Securities
        Programs Bar Date in the form of the Securities Programs Bar Date Notice
        shall be deemed good, adequate, and sufficient notice if (i) it is  served by
        deposit in the United States mail, first class postage prepaid, and/or delivered
        by electronic mail on or before July 27, 2009 upon (1) the U.S. Trustee, (2)
        Euroclear, Clearstream and the Depository Trust Company and other similar
        clearing systems, as applicable (collectively, the "Clearing Systems") and (3)
        each of the issuers (and their representative or administrator) of the Lehman
        Program Securities (the "Issuers"), and (ii) the Debtors request that the
        Clearing Systems and the Issuers promptly distribute the Securities Program

Bar Date Notice to the account holders and/or holders of any Lehman Program Security;

(g) pursuant to Bankruptcy Rules 2002(f) and (l), the Debtors shall publish notice (translated into the appropriate language, if necessary) substantially in the form of the Securities Programs Bar Date Notice at least once in one leading national newspaper in each of Italy, Spain, France, Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Austria, Greece, Brazil, Argentina, Australia and Japan, each at least sixty (60) days prior to the Securities Programs Bar Date, which publication notice hereby is approved in all respects and shall be deemed good, adequate, and sufficient notice of the Bar Date and the Securities Programs Bar Date and the procedures for filing Proofs of Claim and Securities Programs Proofs of Claim in these cases;

(h) any person or entity that files a claim based on both (i) a Lehman Program Security and (ii) any other claim, is not required to complete the Guarantee Questionnaire or Derivative Questionnaire in respect of the portion of the claim that relates to such Lehman Program Security, but is required to complete the Guarantee Questionnaire and Derivative Questionnaire, as applicable, prior to the Questionnaire Deadline with respect to all other claims that are not based on a Lehman Program Security;

(i) persons or entities that file claims based on any Lehman Program Security are not required to attach or submit any documentation supporting any claim based on such Lehman Program Security; provided however that, the Debtors reserve the right to seek production of all documentation required by Bankruptcy Rule 3001(c) as part of the claims reconciliation process;

(j) claims based on any Lehman Program Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b);

(k) a Filing Entity that files a claim based on any Lehman Program Security, by filing such claim, for the purposes of U.S. Bankruptcy proceedings, consents to and hereby is deemed to be the claimant for the purpose of receiving notices and distributions, if any, except as otherwise provided in a confirmation order related to a plan, and responding to any objection interposed as to such claim.  For the avoidance of doubt, a Filing Entity that files a claim on behalf of multiple account holders or holders of any Lehman Program Security shall not be required to provide identifying information for such account holders or holders of any Lehman Program Security;

(l) nothing in this Order shall impose a duty or obligation on any party to any agreement related to any Lehman Program Security to file a claim beyond whatever duty or obligation currently exists in the applicable agreements for the Lehman Program Security or applicable law;

14

(m)    nothing in this Order shall prevent a holder of a Lehman Program Security that has filed a proof of claim from buying or selling claims based on a Lehman Program Security in a manner consistent with the applicable clearing system practice; and

(n)    other than as specifically provided in clauses (a) through (m) above, all provisions of this Order apply to holders of claims under any Lehman Program Security and holders of claims based on such Lehman Program Security are required to comply with all provisions of this Order;

and it is further

ORDERED that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED that the Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED that notification of the relief granted by this Order as provided herein and in the Motion is fair and reasonable and will provide good, sufficient, and proper notice to all creditors of their obligations in connection with claims they may have against the Debtors in these chapter 11 cases; and it is further

ORDERED that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing the date by which holders of claims **not** subject to the Bar Date established herein must file such claims against the Debtors or be forever barred from voting upon any chapter 11 plan of the Debtors, from receiving any payment or distribution of property from the Debtors, Debtors' estates, or their successors or assigns with respect to such claims, and from asserting such claims against the Debtors.

Dated: New York, New York
       July 2, 2009

                                    *s/ James M. Peck*
                                    UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

### Notice of Bar Date

US_ACTIVE:\21002323\11\21002323_11.DOC\.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :      08-13555 (JMP)
                                          :
                          Debtors.        :      (Jointly Administered)
                                          :
                                          :
------------------------------------------------------------------x

                    NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH
CLAIMS AGAINST THE DEBTOR LISTED BELOW:

        PLEASE TAKE NOTICE THAT, on July 2, 2009, the United States Bankruptcy Court for the Southern
District of New York (the "Court"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc.
and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases
(collectively, the "Debtors"), entered an order (the "Bar Date Order") establishing **September 22, 2009, at 5:00
p.m. (prevailing Eastern Time)** as the last date and time for each person or entity (including, without limitation,
individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim ("Proof of Claim") based
on prepetition claims against the Debtors (the "Bar Date"). The Bar Date Order, the Bar Date and the procedures set
forth below for the filing of Proofs of Claim apply to all claims against the Debtors (other than those set forth below
as being specifically excluded) that arose prior to the applicable Commencement Date (the "Commencement Date"),
the date on which the Debtors commenced their case under chapter 11 of title 11 of the United States Code (the
"Bankruptcy Code"), as set forth in Schedule A hereto.

        If you have any questions with respect to this Notice, please feel free to contact the Debtors' court-
approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at (866)-879-0688.

        A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY
QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.
PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.

        Some parties are required to file a Proof of Claim in order to preserve their claim against the
Debtors. Other parties are not required to file a Proof of Claim in order to preserve their claim against the
Debtors. The following is a summary explanation of each.

1.      WHO MUST FILE A PROOF OF CLAIM

        You **MUST** file a **Proof of Claim** to share in the Debtors' estates if you have a claim that arose prior to the
applicable Commencement Date, and it is not one of the other types of claims described in Section 2 below. Acts or
omissions of the Debtors that arose before the applicable Commencement Date, may give rise to claims against the
Debtors that must be filed by the Bar Date, notwithstanding that such claims may not have matured or become fixed
or liquidated prior to the applicable Commencement Date. Pursuant to section 101(5) of the Bankruptcy Code and
as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment,
liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or
unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to
payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured,
unmatured, disputed, undisputed, secured, or unsecured.

2.    **WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

You need not file a Proof of Claim if:

(1) Your claim is listed on the Schedules and (i) is **not** described as "disputed," "contingent," or "unliquidated," and (ii) you do **not** dispute the amount, priority or nature of the claim set forth in the Schedules;

(2) Your claim has been paid in full by the Debtors;

(3) You hold an interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; **provided**, **however**, that interest holders who wish to assert claims (as opposed to ownership interests) against the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies;

(4) You hold a claim that has been allowed by an order of this Court entered on or before the Bar Date;

(5) You hold a claim for which a separate deadline is fixed by this Court;

(6) You hold a claim for which you have already properly filed a Proof of Claim with the Clerk of the Court or Debtors' court-approved claims agent, Epiq, against the Debtors utilizing a claim form which substantially conforms to the Proof of Claim Form; **provided**, **however**, any holder that has filed a Proof of Claim based on a Derivative Contract (as defined below) or a Guarantee (as defined below) on or prior to the Bar Date, is required to amend such Proof of Claim to conform to the procedures set forth in this Motion for the filing of Proofs of Claims based on Derivative Contracts and Guarantee;

(7) You hold a claim solely against (i) Lehman Brothers Inc. or (ii) any other entity affiliated with the Debtors that is involved in a bankruptcy or insolvency proceeding or similar proceeding, in foreign jurisdiction; **provided**, **however**, if such claim is based on an obligation guaranteed by a Debtor, the holder of such claim must file a Proof of Claim on or before the Bar Date;

(8) You hold a security listed on the Master List of Securities available on the Debtors' website http://www.lehman-docket.com (the "Master List of Securities") due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities); **provided**, **however**, that security holders who wish to assert claims against the Debtors arising out of or relating to the sale, issuance, or distribution of a security, must file Proofs of Claim on or before the Bar Date, unless another exception identified herein applies; and

(9) You are an entity included on the Exempt Entities List available on the Debtors' website http://www.lehman-docket.com (the "Exempt Entities List") and any subsidiary for which the entity on the Exempt Entities List owns at least a fifty percent equity interest in such subsidiary, specifically excluding any subsidiary that is in a bankruptcy, insolvency or similar proceeding in a foreign jurisdiction and Lehman Brothers Inc.

If your claim falls within any of the above categories, your rights as the holder of such claim will be preserved without you filing of a Proof of Claim. Any other person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust or governmental entity) that has a claim against a Debtor must file a Proof of Claim, as described herein, before the Bar Date.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS OR THE COURT BELIEVE THAT YOU HAVE A CLAIM. MANY PARTIES ARE REQUIRED TO BE SERVED WITH THIS NOTICE AND IT IS REQUIRED TO REACH A BROAD AUDIENCE OF POTENTIAL CLAIMANTS.**

---

**SPECIAL NOTE TO HOLDERS OF LEHMAN SECURITIES**

Holders of securities are **NOT** required to file a proof of claim on account of their ownership if, and only if, such security is listed on the Debtors' Master List of Securities because such security was issued under an indenture pursuant to which an indenture trustee will file a global proof of claim on behalf of all holders of securities issued thereunder; (Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will each file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities). The Master List of Securities is available for review at http://www.lehman-docket.com. The list is fully searchable by code (CUSIP or ISIN) or by security description.

If you do not see your security listed on the Master List of Securities and you have a question about the Master List of Securities, please download the form entitled "Inquiry Regarding Security Not on Master List of Securities," and complete and return it as directed on the form prior to August 5, 2009.

Inquiries will be investigated, and within 15 days of the Debtors receipt of such inquiry, either the security will either be added to the Master List of Securities (if appropriate), or, if you have provided contact information, you will be notified that the security is not being added to the Master List of Securities and given further information.

The Master List of Securities shall be finalized on August 20, 2009 and not subject to further change.

A Proof of Claim form is being included with the Bar Date Notices being served on holders of LBHI securities other than to holders of securities that are on the Master List of Securities.

IF YOU BELIEVE YOU HAVE A CLAIM AGAINST **LBHI** OTHER THAN ON ACCOUNT OF YOUR LEHMAN SECURITIES OWNERSHIP, YOU MUST FILE A PROOF OF CLAIM FORM, AS DIRECTED IN THIS BAR DATE NOTICE. A COPY OF THE PROOF OF CLAIM FORM IS AVAILABLE AT HTTP://WWW.LEHMAN-DOCKET.COM.

---

3.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date, and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so.

4.      **WHEN AND WHERE TO FILE**

All Proofs of Claim must be filed so as to be **actually received** on or before the Bar Date at the following address:

If by overnight mail, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

If by first-class mail, to:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5286
New York, New York  10150-5076

If by hand delivery, to:

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

                or

Clerk of the United States Bankruptcy Court
Attn: Lehman Brothers Holdings Claims Processing
One Bowling Green
New York, New York 10004

Proofs of Claim will be deemed timely filed only if **actually** **received** by Epiq or the Court on or before the Bar Date.  Proofs of Claim may **not** be delivered by facsimile, telecopy, or electronic mail transmission.

In the event the Debtors amend their Schedules to (a) designate a claim as disputed, contingent, unliquidated or undetermined, (b) change the amount of a claim reflected therein, or (c) add a claim that was not listed on the Schedules or remove a claim that was listed on the Schedules, then, and in such event, the Debtors will notify the affected claimant be notified of such amendment and be granted thirty (30) days from the date of such notification within which to file a claim or be forever barred from doing so.

**5.      WHAT TO FILE**

        If you file a Proof of Claim, your filed Proof of Claim must: (i) be written the English language; (ii) be denominated in the lawful currency of the United States; (iii) conform substantially with the form attached to this notice (the "Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) set forth with specificity the legal and factual basis for the alleged claim; (vi) include supporting documentation or an explanation as to why documentation is not available; and (vii) be signed by the claimant or by an authorized agent of the claimant.

If you are asserting a claim against more than one Debtor or have claims against different Debtors, a separate Proof of Claim must be filed with respect to each such Debtor.

**EXCEPT AS SET FORTH IN THE FOLLOWING THREE PARAGRAPHS, YOU SHOULD ATTACH TO YOUR COMPLETED PROOF OF CLAIM FORM COPIES OF ANY WRITINGS UPON WHICH YOUR CLAIM IS BASED. IF THE DOCUMENTS ARE VOLUMINOUS, ATTACH A SUMMARY.**

**CLAIMS BASED ON DERIVATIVE CONTRACTS**

**IF YOU FILE A PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A DERIVATIVE CONTRACT, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS EXHIBIT C TO THE BAR DATE ORDER (THE "DERIVATIVE QUESTIONNAIRE") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.**

**A "DERIVATIVE CONTRACT" IS A CONTRACT THAT IS ANY OF (I) A "SWAP AGREEMENT" AS SUCH TERM IS DEFINED IN SECTION 101(53B) OF THE BANKRUPTCY CODE OR (II) A "FORWARD CONTRACT" AS SUCH TERM IS DEFINED IN SECTION 101(25) OF THE BANKRUPTCY CODE.  A CASH-MARKET PURCHASE OR SALE OF A SECURITY OR LOAN (I.E. ANY PURCHASE OR SALE OF A SECURITY OR LOAN FOR SETTLEMENT WITHIN THE STANDARD SETTLEMENT CYCLE FOR THE RELEVANT MARKET), EXCHANGE-TRADED FUTURE OR OPTION, SECURITIES LOAN TRANSACTION, REPURCHASE AGREEMENT IN RESPECT OF SECURITIES OR LOANS, AND ANY GUARANTEE OR REIMBURSEMENT OBLIGATIONS WHICH WOULD OTHERWISE BE INCLUDED IN THE DEFINITION OF "SWAP AGREEMENT"**

OR "FORWARD CONTRACT" PURSUANT TO THE DEFINITION OF SUCH TERMS IN THE BANKRUPTCY CODE <u>SHALL NOT BE CONSIDERED</u> A DERIVATIVE CONTRACT FOR THE PURPOSES OF THIS DEFINITION NOR SHALL ANY NOTES, BONDS, OR OTHER SECURITIES ISSUED BY THE DEBTORS OR THEIR AFFILIATES (INCLUDING, BUT NOT LIMITED TO, LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS TREASURY CO. B.V., LEHMAN BROTHERS BANKHAUS AG, LEHMAN BROTHERS HOLDINGS PLC, LEHMAN BROTHERS SECURITIES N.V., AND LEHMAN BROTHERS (LUXEMBOURG) EQUITY FINANCE S.A.).

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

<u>CLAIMS BASED ON A DEBTOR'S GUARANTEE</u>

IF YOU FILE A PROOF OF CLAIM BASED ON A GUARANTEE, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING THE APPROPRIATE BOX ON THE PROOF OF CLAIM AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE SUBSTANTIALLY IN THE FORM ATTACHED AS <u>EXHIBIT D</u> TO THE BAR DATE ORDER (THE "<u>GUARANTEE QUESTIONNAIRE</u>") AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION AND EVIDENCE OF THE UNDERLYING CLAIM AMOUNT ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

A "GUARANTEE" IS A PROMISE, REPRESENTATION OR AGREEMENT TO ANSWER FOR THE PAYMENT OF SOME DEBT OR THE PERFORMANCE OF SOME DUTY IN CASE OF THE FAILURE OF ANOTHER PERSON OR ENTITY WHO IS LIABLE IN THE FIRST INSTANCE.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

<u>CLAIMS BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT WITH A NON-DEBTOR</u>

IF YOU FILE A PROOF OF CLAIM BASED ON A DEBTOR'S GUARANTEE OF A DERIVATIVE CONTRACT ENTERED INTO WITH A NON-DEBTOR, YOU MUST: (A) ON OR BEFORE THE BAR DATE, FILL-OUT AND RETURN A PROOF OF CLAIM FORM IN THE SAME MANNER AS ALL OTHER CLAIMANTS INCLUDING CHECKING BOTH BOXES ON THE PROOF OF CLAIM THAT SUCH CLAIM IS BASED ON BOTH A DERIVATIVE CONTRACT AND BASED ON A GUARANTEE AND (B) ON OR BEFORE THE QUESTIONNAIRE DEADLINE, LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC GUARANTEE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE GUARANTEE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM AND LOG ON TO http://www.lehman-claims.com, ENTER THE UNIQUE IDENTIFICATION NUMBER INCLUDED ON THE PROOF OF CLAIM FORM MAILED TO SUCH HOLDER BY THE DEBTORS AND COMPLETE THE ELECTRONIC DERIVATIVE QUESTIONNAIRE AND ELECTRONICALLY UPLOAD SUPPORTING DOCUMENTATION ON THE WEBSITE (AS REQUIRED IN THE DERIVATIVE QUESTIONNAIRE), RATHER THAN ATTACHING SUCH DOCUMENTS TO THE PROOF OF CLAIM FORM.

THE "QUESTIONNAIRE DEADLINE" IS OCTOBER 22, 2009, AT 5:00 PM (PREVAILING EASTERN TIME).

If a holder is required to complete the Derivative Questionnaire or Guarantee Questionnaire, such holder need only submit the documentation required by the applicable Questionnaire by the Questionnaire Deadline and need not submit the documentation required by the applicable Questionnaire with such holder's Proof of Claim by the Bar Date.

If any holder files a Proof of Claim based on a Derivative Contract or a Guarantee which for any reason does not have a Unique ID Number, such holder shall still be required to comply with the procedures set forth in the prior two paragraphs, except that instead of entering a Unique ID Number on the website, such holder shall instead indicate on the website that they filed a Proof of Claim that did not have a Unique ID Number.

A holder (or any other party authorized under the Bankruptcy Code and the Bankruptcy Rules to submit a Proof of Claim on behalf of such holder) of a security that is guaranteed by a Debtor shall be required to file a Proof of Claim against such Debtor based on the Guarantee and complete the Guarantee Questionnaire.

Any security that is listed on the Master List of Securities is not a Derivative Contract and the holders of such security are not required to complete the Derivative Questionnaire on account of such security.

The information submitted on the website http://www.lehman-claims.com in respect of Derivative Contracts and Guarantees will not be accessible on the website other than by the party that submitted such information and the Debtors and the Creditors' Committee and their respective advisors and counsel.

The website http://www.lehman-claims.com and the information submitted thereon will remain accessible by the party that submitted such information following the Bar Date and the information submitted on the website will be subject to the same rules and standards as amendments and supplements to proofs of claim.

6.    **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE OR COMPLETE THE DERIVATIVE QUESTIONNAIRE PRIOR TO THE QUESTIONNAIRE DEADLINE**

**Except with respect to claims of the type set forth in Section 2 above, any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date, specifically, including filling out the Derivative Questionnaire (if applicable) or the Guarantee Questionnaire (if applicable) and uploading required information to the website http://www.lehman-claims.com (which Derivative Questionnaire or Guarantee Questionnaire shall not be required to be completed until the Questionnaire Deadline), specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim) against the Debtors and their estates, and their property will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

7.    **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtors in the Schedules. Copies of the Schedules may be examined by interested parties on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the Internet at http://www.lehman-docket.com and www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.). Copies of the Schedules may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

DATED:      June ___, 2009                                    BY ORDER OF THE COURT
            New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000
Lori R. Fife
Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Schedule A

| Debtor | Case Number | Commencement Date |
|--------|-------------|-------------------|
| Lehman Brothers Holdings Inc. | 08-13555 | September 15, 2008 |
| LB 745 LLC | 08-13600 | September 16, 2008 |
| PAMI Statler Arms LLC | 08-13664 | September 23, 2008 |
| Lehman Brothers Commodity Services Inc. | 08-13885 | October 3, 2008 |
| Lehman Brothers Special Financing Inc. | 08-13888 | October 3, 2008 |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 | October 3, 2008 |
| Lehman Brothers Derivatives Products Inc. | 08-13899 | October 5, 2008 |
| Lehman Commercial Paper Inc | 08-13900 | October 5, 2008 |
| Lehman Brothers Commercial Corporation | 08-13901 | October 5, 2008 |
| Lehman Brothers Financial Products Inc. | 08-13902 | October 5, 2008 |
| Lehman Scottish Finance L.P. | 08-13904 | October 5, 2008; |
| CES Aviation LLC | 08-13905 | October 5, 2008 |
| CES Aviation V LLC | 08-13906 | October 5, 2008 |
| CES Aviation IX LLC | 08-13907 | October 5, 2008 |
| East Dover Limited | 08-13908 | October 5, 2008 |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 | January 7, 2009 |
| BNC Mortgage LLC | 09-10137 | January 9, 2009 |
| Structured Asset Securities Corporation | 09-10558 | February 9, 2009 |
| LB Rose Ranch LLC | 09-10560 | February 9, 2009 |
| LB 2080 Kalakaua Owners LLC | 09-12516 | April 23, 2009 |

## Exhibit B

**Proof of Claim Form**

| | PROOF OF CLAIM |
|---|---|

*United States Bankruptcy Court/Southern District of New York*

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Telephone number:          Email Address:

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
   (*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

1.   **Amount of Claim as of Date Case Filed:** $_____
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐   Check this box if all or part of your claim is based on a Derivative Contract.*
☐   Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐   Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2.   **Basis for Claim:**_____
       (See instruction #2 on reverse side.)

3.   **Last four digits of any number by which creditor identifies debtor:**_____
       **3a. Debtor may have scheduled account as:**_____
             (See instruction #3a on reverse side.)

4.   **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate     ☐ Motor Vehicle     ☐ Other
Describe:_____
Value of Property: $_____   Annual Interest Rate_____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection:_____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

5.   **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

6.   **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
       (See instruction #6 on reverse side.)

7.   **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.   **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest.  *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), a repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.)

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

### Exhibit C

### Derivative Questionnaire

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form. As such, criminal penalties apply for making a false statement. The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

YOU MUST COMPLETE ONE DERIVATIVE QUESTIONNAIRE PER PROOF OF CLAIM BASED ON AMOUNTS OWED PURSUANT TO A MASTER AGREEMENT. IF A MASTER AGREEMENT DOES NOT EXIST, YOU MUST COMPLETE ONE DERIVATIVE QUESTIONNAIRE PER DERIVATIVE CONTRACT.

General:

Name of Debtor (drop down of Lehman entities):

Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:

**1. Is the Debtor identified above (i) a counterparty to the derivative contract or (ii) a guarantor or credit support provider? Please identify the counterparties, guarantors and/or credit support providers to the derivative contract.**

**2. Have Termination Agreement(s) related to the allowance of a claim in respect of derivatives been entered into with the debtor?**

If Yes---Enter the amount of the derivative claim $_____

Please attach Termination Agreement and go to ___(end).

If No, proceed to #3.

**3. Have the derivatives matured or been terminated?**

If Yes--Enter the derivative claim amount and each line item included in the calculation thereof on the provided table and provide the information in 4.

If No, STOP HERE.  For Derivative Contracts that have not matured or been terminated, you do not need to complete the rest of the Derivative Questionnaire or submit any of the documents or information requested below.

4. a. <u>Documentation of Transactions.</u>   Please provide copies of all master agreements and schedules thereto, netting agreements, credit support agreements, guarantees and other agreements (other than confirmations) evidencing the transactions, in each case that relate to the claim.

b. <u>Termination Notice.</u>  Please provide a copy of the termination notice, including evidence supporting delivery date of the termination notice.

c. <u>Valuation Statement.</u> Please provide a copy of the valuation statement.  Please identify any collateral that has been posted by any party in connection with the transactions and any claims of set-off against other transactions reflected in the claim.

d. <u>Individual Trade Level Detail.</u>  Please provide with respect to each transaction (i) the valuation date (to the extent not included in your valuation statement) and value and (ii) details for the purpose of identifying and reconciling each transaction (e.g. including, as applicable, trade id, electronic trade reference id, trade type, product, trade date, reference obligation or reference entity, factor and original contract notional amount, quantity/unit of measure, currency,  price or strike price, buy/sell, call or put, cap or floor, effective date, and maturity date. (For the avoidance of doubt, you are not required to submit each and every one of the foregoing)).  Please provide this information in Microsoft Excel format.

e. <u>Trade Valuation Methodology and Quotations.</u>  Please check the box next to each valuation methodology used to support the claim (if multiple methodologies were used, please check multiple boxes and identify the trade population listed in clause d. above to which each valuation method applies):

\_\_\_\_ ISDA Master Agreements Specifying Market Quotation Methodology:  If not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

\_\_\_\_ ISDA Master Agreements Specifying Loss Methodology.  To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

\_\_\_\_ ISDA Master Agreements Specifying Close-Out Amount Methodology.  To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

\_\_\_\_ ISDA Master Agreements Specifying Any Other Methodology.  To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

\_\_\_\_ Non-ISDA Master Agreements. To the extent applicable, if not already provided in the valuation statement, provide the date and identity of and quotations received from Reference Market-makers or other persons (i.e. name of institution) concerning the transactions.

\_\_\_\_ Replacement Transactions:  If you replaced a terminated transaction with a transaction with the same economic terms as the terminated transaction, provide documentation evidencing such replacement transaction and the quotation(s) used, including specifying any cash (or other consideration) paid or received by or to any person to replace the transactions, the name of each entity that effectuated a replacement and when any such transactions were effected.

f. Unpaid Amounts.   Please specify any unpaid amounts and interest accrued thereon included in calculation of any amounts due with respect to the transactions.

g. Collateral.  Please provide CUSIP/ISIN for collateral listed, if applicable, or other information that reasonably identifies collateral reflected in the claim calculation and the valuation of such collateral.  Please provide this information in Microsoft Excel format.

h. Other costs.

       i.     If claim includes other costs, please include a schedule that lists each such cost by vendor and indicates the service provided and amount paid.

      ii.    If claim includes interest charges, please provide calculation in Microsoft Excel format of interest including principal amount, interest rate, term and assumptions.

### Exhibit D

### Guarantee Questionnaire

*Please note that information stated on or uploaded on this website is being submitted as part of the Proof of Claim form. As such, criminal penalties apply for making a false statement. The penalty for presenting fraudulent claim is a fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

General:_____

Name of Creditor:

Name and address where notices should be sent:

Creditor contact person and phone number:

Name and address where payment should be sent if different from above:

_____

1. Name of Debtor, or other entity, against which you have a direct claim (the "Obligor"):

2. If such Obligor is in a bankruptcy or insolvency proceeding, administration, receivership, conservatorship, liquidation or similar proceeding (and is not a Debtor in these chapter 11 cases), please provide the proof of claim and any attachments thereto filed against such Obligor or describe the claim against such Obligor if a proof of claim has not yet been filed.

3. List the agreement(s) under which your claim arises against the Obligor and, unless you have uploaded information in compliance with question 4a of the Derivative Questionnaire, provide documentation evidencing your claim and supporting the calculation of the claim amount.*

4. Amount of claim against Obligor: $_____.

5. Name of Debtor that guarantees the payment/obligations of the Obligor against which you have a direct claim (the "Guarantor"):

6. Please upload the specific promise, representation and/or agreement(s) (including any corporate resolutions) under which your claim arises against the Guarantor and describe the obligations/performance that is guaranteed. If you do not have possession of such document, please upload a written explanation of such guarantee in reasonable detail. You do not need to comply with this question if you have uploaded information in compliance with question 4a of the Derivative Questionnaire.

7. Amount of claim against the Guarantor: $_____.

* Pursuant to Federal Rule of Bankruptcy Procedure 3001(c), if your claim is based on a written agreement, you are required to attach a copy of the writing evidencing such agreement.

**Exhibit "C"**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:                                                Chapter 11

LEHMAN BROTHERS HOLDING INC., *et al.,*                Case No. 08 – 13555 (JMP)

                              Debtor(s).              (Jointly Administered)

-------------------------------------------------------------------x

## <u>DECLARATION OF RAYMUNDO BONILLA RAMIREZ</u>

I, Raymundo Bonilla Ramirez, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.      I am the General Director of *Procesos Controlados* S.A. DE C.V., with an office in Cerro Del Tzirate 24, Col. Las Americas, Queretaro, Queretaro, Mexico. I am familiar with *Procesos Controlados* S.A. DE C.V.'s ("Procesos") claim in the bankruptcy case of Lehman Brothers Holdings, Inc. (the "Debtor"), and the proof of claim submitted in connection with that claim.

2.      I hereby submit this declaration (the "Declaration") in support of Procesos' Response in Opposition to the Debtor's Ninety-Second Omnibus Objection to Claims (the "Objection"). Except as is set forth below, I have personal knowledge of the matters set forth in this Declaration.

3.      On or about February 13, 2009, Procesos timely filed with Epiq Bankruptcy Solutions, LLC, the Debtors' claims agent, one proof of claim ("Proof of Claim") that is at issue in the Debtor's Objection. This Proof of Claim is: Claim No. 2821 in the amount of $203,600.00.

4.      The Proof of Claim was filed on a standard proof of claim form prior to the entry of the Bar Date Order approved by the Court on July 2, 2009. The Proof of Claim did not provide a blocking number as required by the Bar Date Order.

5.      At all times relevant to the Proof of Claim and the Objection, Procesos owned the Note underlying the Proof of Claim with Pershing LLC as its custodian. Indeed, Procesos owned the Note prior to the Debtor's September 15, 2008 bankruptcy filing and still owns it today. The Note has never left Procesos' ownership.

6.      The problem with obtaining a Blocking Number is that at the time of filing of the Proof of Claim Procesos was using VectorGlobal WMG ("Vector") as its broker-dealer. Vector made arrangements to have the Proof of Claim filed. Thereafter, the account was transferred to Monex Casa de Bolsa as its broker-dealer. Since it was no longer being serviced by VectorGlobal when it obtained the blocking numbers for its customers, a blocking number was not obtained.

7.      As noted above, the purpose of the blocking number was served insomuch as Procesos held the note at the time of filing and still holds the note today and therefore would be no harm to Debtor by allowing this Claim. The rejection of this Claim, however, would cause substantial and serious harm to Procesos for no good, legitimate reason.

8.      Procesos respectfully requests that on these facts – where the underlying Note has always been, and continues to be owned by Procesos – that the Court find Procesos' inadvertent failure to obtain a blocking number and include it with the Proof of Claim, be found to constitute harmless error. Procesos respectfully requests that the relief sought in the Objection be denied as relates to Procesos' Proof of Claim.

Dated: July 12, 2011

_Raymundo Bonilla Ramirez_
_for Procesos Controlados S.A. DE C.V._

2