Schiller & Knapp, LLP
950 New Loudon Road
Latham, New York 12110
ws 3360

UNITED STATES BANKRUPTCY COURT
~~SOUTHERN DISTRICT OF NEW YORK~~

| | |
|---|---|
| In re: | **MEMORANDUM OF LAW** |
| **Lehman Brothers Holdings Inc.,** | Case No. 08-13555-jmp<br>Chapter 11 |
| Debtors | HON. JAMES M. PECK |

_____

## FACTS

This Chapter 11 Bankruptcy case is before the Court on motion of Wells Fargo Bank, NA, d/b/a America's Servicing Company as Servicer for U.S. Bank National Association, as Trustee under the Trust Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-11 (hereinafter "The Trust") a secured creditor, for relief from the automatic stay.

On September 14, 2005, Royden Yasuo Ginoza and Susan Sun He Ginoza borrowed $457,653.00 from BNC Mortgage, Inc. The indebtedness was evidenced by a note, which was secured by a mortgage on the aforesaid real property. The mortgage was held by Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") as nominee for BNC Mortgage, Inc. Said mortgage was later assigned to The Trust

A subordinate mortgage is held by Mortgage Electronic Registration Systems, Inc. as nominee for BNC Mortgage, Inc. Upon information and belief, BNC Mortgage, Inc. is a division of Lehman Brothers Holding, Inc.

Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in this Court on September 15, 2008.

According to the affidavit of Charles Higgins, a vice president of loan documentation with The Trust, the borrowers are in default under the terms of the note and mortgage held by The Trust. In order to proceed with a foreclosure action, The Trust must name all subordinate lien holders, including the Debtor, it its foreclosure action. By reason of the bankruptcy filing by the Debtor, the Trust is stayed from proceeding with its foreclosure action against the borrowers.

## POINT I

Bankruptcy Code Section 362(d) provides that:

> "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
> (A) The debtor does not have any equity in such property; and
>
> (B) Such property is not necessary to an effective reorganization; or  .. ."

The debtor's failure to make regular mortgage payments as they become due constitutes "cause" to lift the automatic stay. *In re Taylor,* 151 B.R. 646 (E.D.N.Y. 1993); *In re Davis*, 64 B.R. 358 (Bankr.S.D.N.Y.1986), holding that a debtor's failure to make mortgage payments after confirmation of the Chapter 13 Plan is sufficient grounds for lifting the stay

without any further inquiry into adequate protection.

In this case, the Borrowers have failed to make the payment to The Trust and Debtor holds a subordinate mortgage and must be named in the foreclosure action thereby constituting "cause" to lift the automatic stay.

DATED: July 13, 2011

                                        Yours, etc.

                                        SCHILLER & KNAPP, LLP

                                By: */s/ William B. Schiller*
                                    William B. Schiller, Esq. (ws 3360)
                                    Local Counsel for McCalla, Raymer, LLC
                                    Attorneys for Wells Fargo Bank, N.A., et al.
                                    950 New Loudon Road, Suite 300
                                    Latham, New York  12110
                                    (518) 786-9069