**Hearing Date and Time:  July 20, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  July 15, 2011 at 12:00 p.m. (Prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Michael S. Stamer
Philip C. Dublin
Abid Qureshi

*Counsel for Centerbridge Credit Advisors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

---------------------------------------------------------------------- x

**RESPONSE OF CENTERBRIDGE CREDIT ADVISORS LLC**
**TO DEBTORS' MOTION FOR (i) APPROVAL OF STIPULATION AND ORDER**
**REGARDING CHAPTER 11 PLANS AND (ii) STAY OF RELATED DISCOVERY**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Centerbridge Credit Advisors LLC, solely on behalf of funds managed by itself and its affiliates (collectively, "Centerbridge"), by and through its undersigned counsel, submits this response (the "Response") to the Debtors' Motion for (i) Approval of Stipulation and Order Regarding Chapter 11 Plans and (ii) Stay of Related Discovery [Docket No. 18306] (the "Motion").  In support of this Response, Centerbridge respectfully represents as follows:

**RESPONSE**

1.     By the Motion, the Debtors seek approval of a stipulation (the "Stipulation") to (i) hold in abeyance the competing plan process that was unfolding in these cases and (ii) stay all

discovery pursuant to the Discovery Protocol Order.[1] The Debtors seek this relief because they have reached "settlements" with many of the competing plan proponents and such parties have signed plan support agreements (the "Plan Support Agreement Parties") that the Motion states require the Debtors' to seek such relief.[2] While Centerbridge does not oppose the relief requested in the Motion, it files this Response to advise the Court that despite the purported "consensus" supporting the Debtors' Plan, Centerbridge and it believes numerous other creditors (i) do not believe that the new Plan is confirmable, (ii) will be opposing its confirmation and (iii) intend to undertake discovery with respect thereto. Indeed, after consultation with the Debtors, Centerbridge and the Debtors have agreed that Centerbridge will pursue its discovery in accordance with applicable federal rules after consultation with the Debtors as to scheduling and whatever additional requirements or procedures may be agreed by the parties or required by the Court.

2.      The Plan that the Debtors have agreed to with the Plan Support Agreement Parties is the product of horse trading principally among the most vocal objectors to the prior version of the Debtors' Plan. And the "settlements" with these parties reflected in the Plan primarily result from the Debtors siphoning value away from other creditors, including creditors of LCPI, for the benefit of the Plan Support Agreement Parties. One glaring example of the flawed construct for the Plan is that it disregards, in its entirety, an order of this Court mandating the allowance and treatment of certain claims initially owned by Lehman Brothers Bankhaus AG ("Bankhaus"), which are now beneficially owned by a number of third parties including Centerbridge.

3.      As the Court may recall, in January 2010, the Debtors and Bankhaus negotiated a

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.
[2] Exhibit 20 to the Debtors' Disclosure Statement lists 30 creditors as having signed plan support agreements. Copies of the plan support agreements have not been filed with the Court and the terms of the plan support agreements have not been disclosed.

2

settlement (the "Bankhaus Claims Settlement") of, among other things, the allowance of certain claims held by Bankhaus against Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper, Inc. ("LCPI"). See Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Authorization and Approval of a Settlement Agreement with the Insolvency Administrator of Lehman Brothers Bankhaus AG (in Insolvenz) [Docket No. 6303]. Pursuant to the Bankhaus Claims Settlement, which was approved by an order of this Court on January 14, 2010 [Docket No. 6665] (the "Bankhaus Settlement Order"), Bankhaus was granted (i) an allowed general unsecured claim against LCPI in the amount of $1,015,000,000 (the "Allowed LCPI Claim") and (ii) an allowed general unsecured claim against LBHI in the amount of $1,380,900,000 (the "Allowed LBHI Claim" and, together with the Allowed LCPI Claim, the "Allowed Claims"). See Bankhaus Settlement Order at 3. The Bankhaus Settlement Order expressly provides that "the Allowed Claims shall be treated in a like manner to that of *other general unsecured claims against LBHI and LCPI and receive treatment and distribution on account of such claims equal to that of other general unsecured claims against LBHI and LCPI* ...." Id. at 4 (emphasis added). In that regard, consistent with the terms of the Bankhaus Settlement Order, the January 2011 version of the Debtors' Disclosure Statement included a detailed discussion of the Allowed Claims and their required treatment as general unsecured claims against both LBHI and LCPI under the Debtors' Plan. See Debtors' Disclosure Statement for First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code [Docket No. 14151] at 47 ("The Lehman Parties also agreed that certain Claims of Bankhaus with respect to other participations will be Allowed as general unsecured Claims against LCPI, in the amount of $1,015,500,000 ... and against LBHI, in the amount of

3

$1,380,900,000 ...").

4.  Now, however, despite the plain, unambiguous terms of the Bankhaus Settlement Order that the Allowed Claims are to be treated like other general unsecured claims against LBHI and LCPI, which was again reaffirmed by the Debtors' in Exhibit 14A to the Disclosure Statement,[3] the Debtors have classified the Allowed Claims as intercompany affiliate claims which receive worse treatment than general unsecured claims. Pursuant to the terms of the "settlement" Plan, the Allowed LBHI Claim has been separately classified from other general unsecured claims against LBHI and is projected to receive an estimated recovery of only 15.2%, while other general unsecured claims against LBHI are projected to receive a much higher estimated recovery of 19.9%. See Recovery Analysis for LBHI attached to the Disclosure Statement as Exhibit 4. Similarly, the Allowed LCPI Claim has been separately classified from other general unsecured claims against LCPI and is projected to receive an estimated recovery of only 52.1% while other general unsecured claims against LCPI are projected to receive a much higher estimated recovery of 55.7%. See Recovery Analysis for LCPI attached to the Disclosure Statement as Exhibit 4. There can be no dispute that the differences in the foregoing estimated recovery percentages are material and that the Debtors' Plan violates the express terms of the Bankhaus Settlement Order.[4]

5.  It is clear that the Debtors deviated from the Bankhaus Settlement Order and the prior version of their Plan because they needed value to subsidize the "settlements" that they have reached with the Plan Support Agreement Parties. Centerbridge does not fault the Debtors

---

[3] Conspicuously, the detailed discussion of the Allowed Claims has been deleted from the main body of the Disclosure Statement and relegated to Exhibit 14A on page 450 of a 530-page Disclosure Statement package. See Disclosure Statement Exhibit 14A.

[4] Upon information and belief, the Debtors will attempt to argue that the Allowed Claims are properly classified and treated because the affiliate claims' classes in the Plan are unsecured claims. This argument is unsupportable. Among other things, it would render the provisions of the Bankhaus Settlement Order requiring the Allowed Claims receive treatment and distribution on account of such claims equal to that of other general unsecured claims against LBHI and LCPI meaningless.

4

or their professionals for trying to negotiate settlements with as many creditors as possible; indeed, chapter 11 is generally about consensus building. But those settlements cannot be funded with consideration that rightfully belongs to the holders of the Allowed Claims. This inappropriate reallocation of value away from the holders of the Allowed Claims to the Plan Support Agreement Parties is just one of numerous provisions in the proposed Plan that cannot withstand scrutiny.[5]

6.  Centerbridge is sympathetic to the Debtors' plight as corralling many creditor groups to agree on a consensual plan is no easy task. The Debtors, however, cannot abandon the interests of one creditor constituency (i.e., the holders of the Allowed Claims or other creditors at LCPI) to obtain another creditor constituency's support for their Plan. Thus, while Centerbridge does not oppose the specific relief requested in the Motion, Plan-related discovery still will be necessary to ensure that all creditors are treated fairly and receive the recoveries for which they are justly and legally entitled.

Dated:    New York, New York
          July 15, 2011

                                        AKIN GUMP STRAUSS HAUER & FELD LLP

                                        By:    /s/ *Philip C. Dubli*n
                                               Michael S. Stamer
                                               Philip C. Dublin
                                               Abid Qureshi
                                               Akin Gump Strauss Hauer & Feld LLP

---

[5] A non-exhaustive list of additional problems with the new Plan is as follows: (i) the absence of an appropriate settlement of the claims of LCPI on account of the LBHI's inappropriate retention of LCPI's collateral following the termination of secured intercompany repurchase transactions where the underlying assets retained by LBHI deteriorated by over $1 billion while such assets were within LBHI's control; (ii) the absence of an appropriate settlement of the claims of LCPI on account of LCPI's preferential transfer of notes relating to a series of securitization vehicles to LBHI during the 90 days prior to LCPI filing for chapter 11 in exchange for a reduction of LBHI's intercompany claim against LCPI; (iii) the absence of an appropriate settlement of the claims of LCPI on account of LBHI's continued usurpation of corporate opportunities during the chapter 11 cases where LBHI bought notes in securitization vehicles at a discount and did not provide LCPI the same opportunity; (iv) the apparent increase in the amount of allowed claims in favor of the Plan Support Agreement Parties; (v) the inappropriate value shift from LCPI creditors to LBHI creditors in connection with the "substantive consolidation" settlement when there is no material risk of LCPI being substantively consolidated with LBHI; and (vi) the reallocation of administrative expenses for the benefit of certain subsidiary Debtors, such as LBSF, and not LCPI.

One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
mstamer@akingump.com
pdublin@akingump.com
aqureshi@akingump.com

*Counsel for Centerbridge Credit Advisors LLC*