Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
:
In re:                                                              :    Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,                              :    08-13555 (JMP)
                                                                    :
                                        Debtors.                    :    (Jointly Administered)
                                                                    :
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF DEBTORS' OBJECTION TO MOTION OF MERRILL LYNCH
PORTFOLIO MANAGEMENT, INC. AND MERRILL LYNCH CAPITAL
SERVICES, INC. FOR ENTRY OF AN ORDER COMPELLING SPECIFIC
PERFORMANCE OF SUBORDINATION AGREEMENT TERMS**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors"), hereby files this statement in support of the Debtors' objection, filed on July 13, 2011 [Docket No. 18486] (the "Objection"), to the Motion of Merrill Lynch Portfolio Management, Inc. and Merrill Lynch Capital Services, Inc. (together, "Merrill") for Entry of an Order Compelling Specific Performance of Subordination Agreement Terms [Docket No. 18033] (the "Motion"),[1] and in support thereof, respectfully states as follows:

---

[1] Capitalized terms not otherwise defined have the meanings ascribed to them in the Motion.

**STATEMENT**

1. The Committee supports the Debtors' opposition to the relief sought in the Motion for all the reasons set forth in the Objection, including, without limitation, on the grounds that the requested relief is procedurally improper, not supported by the terms of the Subordination Agreement, and not conducive to a global settlement of the parties' respective interests in the Brampton Project and the Other Projects (collectively, the "Projects").

2. As a threshold matter, Merrill has already obtained from the Court relief from the automatic stay to allow it to enforce its rights under the Subordination Agreement in connection with the Brampton Project. (Stipulation, ¶ 2). Accordingly, Merrill should seek to enforce such rights in the venue where the Projects are located and whose laws govern the Subordination Agreement: Florida.

3. The Committee also agrees with the Debtors that the Motion is procedurally improper. The relief Merrill seeks – an order of the Court forcing the Debtors to release their mortgages on the Brampton Project – constitutes equitable relief in the form of specific performance of the alleged terms of the Subordination Agreement. Such relief is properly sought through an adversary proceeding. See FED. R. BANKR. P. 7001(7); In re Rodolitz Holding Corp., No. 89–80785, 1994 WL 511720, at *2 (Bankr. E.D.N.Y. Sept. 16, 1994) (denying cross-motion for specific performance, solely on procedural grounds, for lack of authority to obtain such relief by motion in lieu of adversary proceeding).

4. In the event the Court decides to entertain the Motion at this juncture, the Committee submits that the relevant terms of the Subordination Agreement are ambiguous. While the Subordination Agreement expressly authorizes the release of Merrill's mortgages, it is

silent with respect to any authority to release the Debtors' mortgages. Given this ambiguity, the parties are entitled to discovery to ascertain the original intent of these terms.

5. The Committee further concurs in the Debtors' position that there is no basis for the Motion's request that the Debtors' estates be taxed with Merrill's costs in connection with the Motion. Any request for payment of Merrill's attorney's fees and expenses should be denied.

6. Finally, the Committee respectfully submits that Merrill and the Debtors should be encouraged to reach a global settlement with respect to the Projects that will enable Merrill to liquidate its interests in the Projects, while also protecting the Debtors' interests and preserving value for the Debtors' estates and creditors.

## CONCLUSION

For all the reasons set forth herein and in the Objection, the Committee respectfully requests that the Court (i) sustain the Objection, and (ii) grant the Committee such other relief as is just.

Dated:  New York, New York
July 15, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By:  /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.