JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Lisa G. Laukitis

-and-

555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Philip E. Cook

*Attorneys for Roland Hansalik, George Barclay Perry
and Joseph Arena*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**REPLY TO OBJECTION TO INSURED PERSONS' MOTION FOR AN
ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW PAYMENT
OF A JUDGMENT UNDER THE DEBTORS' DIRECTORS AND
OFFICERS INSURANCE POLICIES ISSUED TO THE DEBTORS**

**TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:**

Movants Roland Hansalik, George Barclay Perry and Joseph Arena (collectively, the

"Insured Persons") submit this reply to the objection (dated July 13, 2011, Docket No. 18467)

(the "Objection") of the State of New Jersey, Department of Treasury, Division of Investment

("NJ Investment Division") to the Insured Persons' Motion for an Order Modifying the

Automatic Stay to Allow Payment of a Final Award Under the Directors and Officers Insurance

Policies Issued to the Debtors (the "Motion"), and state as follows:

1

1.  At the request of the Debtors' insurers and out of an abundance of caution, the Insured Persons filed the Motion to obtain a comfort order authorizing the use of proceeds from Debtors' directors and officers liability insurance (the "D&O Policies") to pay a final award issued by a FINRA arbitration panel against the Insured Persons, jointly and severally, for $15 million (the "Award").

2.  The Debtors support the Motion to have the Award paid from proceeds of the D&O Policies,[1] and no other creditor of the estate has objected to the comfort order sought by the Motion.

3.  The NJ Investment Division's Objection should be overruled for a number of reasons. First, this Court has ordered similar relief a number of times in the past without any objection from the NJ Investment Division.[2] Second, the Award is a final and binding adjudication that is not appealable. In contrast, the NJ Investment Division has only unproven claims against some of Debtors' former officers and directors. Because New York law provides a "first in time, first in right" basis for distributing insurance proceeds according to priority of judgment, the D&O Insurers have a current legal obligation to pay the Award and the Insured Persons will be severely prejudiced if they do not. Third, contrary to the NJ Investment Division's contention, the proceeds of the D&O Policies are not the property of the estate. Yet even if the proceeds of the D&O Policies were to be deemed the property of the estate, good cause exits to lift the stay to allow the D&O Insurers to pay the Award.

---

[1] *See* Statement of Lehman Brothers Holdings Inc. In Support of Motion of Roland Hansalik, George Barclay Perry and Joseph Arena for an Order Modifying the Automatic Stay to Allow Payment of Judgment under the Directors and Officers Insurance Policies issued to the Debtors [filed Jul. 13, 2011, Docket No. 18468].

[2] Only one other objection to the entry of any of the comfort orders sought from the Court has ever been submitted; it came from a group of related entities who similarly claimed that they would be harmed by diminution of the D&O Policies' proceeds. The Court overruled that objection and permitted payment of insurance proceeds to settle a claim similar to that brought against the Insured Persons [Dec. 17, 2009 Order, Docket No. 6297].

## ARGUMENT

4. As set forth in the Motion, this Court has on four occasions entered "comfort orders" allowing payment of D&O Policy proceeds to pay defense costs for the Insured Persons and other insureds. *See* Motion at ¶ 2. In addition, this Court has on three occasions entered comfort orders allowing payment of D&O Policy proceeds to resolve claims similar to those brought against the Insured Persons. *Id.* at ¶ 3. Although the NJ Investment Division has not objected to the entry of any of these previous seven comfort orders, it now objects to the relief sought by the Motion based on concerns about diminution of the proceeds of the D&O Policies.

5. At bottom, the NJ Investment Division Objection is grounded solely on the possibility that: (a) its litigation claims against other insureds will at some point be successful, and (b) there will, at that time, be insufficient assets to satisfy the judgment it expects to obtain. In contrast to the NJ Investment Division's speculation, the Insured Persons currently have a final, binding and enforceable award issued against them and the D&O Insurers currently have a legal obligation under the terms of their insurance policies to pay the Award.

6. In New York, when judgments are obtained against an insured in different actions, insurance proceeds must be distributed on a first-come, first-served basis according to priority of judgment; courts may not require insureds with a litigated judgment to share with other insureds that do not yet have a judgment against them. *Allstate Ins. Co. v. Russell*, 788 N.Y.S.2d 401, 402 (N.Y. App. Div. 2004) ("As long as it does not act in bad faith, an insurer has no duty to pay out claims ratably and/or consolidate them."); *Gerdes v. Travelers Ins. Co.*, 440 N.Y.S.2d 976, 978 (N.Y. Sup. Ct. 1981) (multiple claimants should be paid on a "first in time, first in right" basis, and the court should not enjoin payment on all judgments until after all claims are reduced to judgment); *Richter v. Vitale*, 299 N.Y.S.2d 293, 296 (N.Y. Sup. Ct. 1969)

("Generally, insurance proceeds are distributed on a first-come-first-served basis according to priority of judgment."); *David v. Bauman*, 24 Misc.2d 67, 68-69 (N.Y. Sup. Ct. 1960) (courts may not require insureds with a litigated judgment to share insurance proceeds with claimants who have not yet secured a judgment because to do so "would be for [them] either to rewrite defendant's insurance policy or to engage in judicial legislation.").

7.  Applying the "first in time, first in right" insurance law of New York, this bankruptcy court has held that "one claimant [against insurance proceeds] cannot prevent another from settling just because the settlement might diminish or exhaust the insurance proceeds." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 498 (Bankr. S.D.N.Y. 1991), citing *Gerdes v. Travelers Ins. Co.*, 440 N.Y.S.2d 976, 978 (1981). The court reasoned that requiring insurers to wait until *all* contingent claims are reduced to judgment before paying *any* liquidated claim or to allocate insurance proceeds among all possible insureds (or claimants) would be "contrary to the policy of encouraging compromise and speedy settlement, and [would turn] legal common sense on its head." *Id*. (citation omitted).

8.  Further, as the NJ Investment Division states in its Objection, the Bankruptcy Code is designed to facilitate equality among *similarly situated* creditors. *See* Objection at p. 3 (citing *Musso v. Ostashko*, 468 F.2d 99, 104 (2d Cir. 2006) (emphasis added). Yet the NJ Investment Division is not similarly situated with the Insured Persons. The Insured Persons have a binding legal obligation to pay the Award, and to do so promptly. In contrast, the NJ Investment Division only has an unproven claim against certain former directors and officers of Debtors and, by its own admission, is not even close to obtaining a final judgment.[3]

---

[3] It should be of no concern to this Court that the court in which the NJ Investment Division's claim is pending has issued a stay. To the extent that the NJ Investment Division believes it is prejudiced by that stay, it should express its concerns to the court where its filed its claims, and not here through its Objection.

4

Moreover, whether the NJ Investment Division can prevail on its claims against the former officers and directors is uncertain, and so its interests in proceeds of the D&O Policies is purely speculative. Irrespective of the reasons, the NJ Investment Division does not have a liquidated claim and the Court should deny its request that all D&O Policies' proceeds be held until such time as the NJ Investment Division (and, presumably, all others suing persons insured under the D&O Policies) might finally obtain a judgment.

9. The bulk of NJ Investment Division's argument relates to whether the proceeds of D&O Policies are the property of the Debtors' estate. The Insured Persons' position (and that of the Debtors)—that the proceeds are not property of the Debtors' estate—is set forth in the instant Motion,[4] as well as in prior motions filed in this matter. Importantly here, the D&O Policies do not provide *the Debtors* with coverage for claims against *the Debtors*. The D&O Polices only: (a) provide direct coverage to the directors and officers (the "Side A" coverage), and (b) reimburse the Debtors, but only to the extent the Debtors first pay (or indemnify) directors and officers for claims which would be covered directly by Side A coverage (the "Side B" coverage).[5] Thus, the express purpose of the D&O Policies is to protect directors and officers, such as the Insured Persons—not the Debtors. *See In re Cybermedica, Inc.*, 280 B.R. 12, 17 (Bankr. D. Mass. 2002), citing *Ochs v. Lipson (In re First Central Financial Corp.)*, 238 B.R. 9, 16 (Bankr. E.D.N.Y. 1999) ("In essence and at its core, a D&O policy remains a safeguard of officer and director interest and not a vehicle for corporate protection").

---

[4] *See* Motion at ¶¶ 12-15.

[5] Although the D&O Policies did at one time provide coverage for the Debtors (known as "Side C" coverage), that coverage was eliminated by endorsement pre-petition. *See* XL Specialty Ins. Co. Policy at Endorsement No. 9, dated May 16, 2007, titled "Delete Insuring Agreement (C) Endorsement" ("Section I Insuring Agreement (C) of the Policy is deleted in its entirety and all reference in the Policy to Insuring Agreement (C) are deleted.") [attached to Docket No. 12369].

10. The cases that the NJ Investment Division relies on in its Objection—none of which is binding on this Court—are inapposite. If anything, their holdings and rationale support granting the Insured Persons' Motion. First, the NJ Investment Division's attempt to compare the circumstances here to mass tort cases, arguing that "the present situation is more akin to a case involving mass tort claims than the typical case involving director and officer liability[,]" (Objection at p. 4), is patently wrong. Mass tort cases are brought against a company, and its general liability policies cover the company for its tort liabilities to others. Such was the case in both *In re Sfuzzi, Inc.,* 191 B.R. 664, 668 (Bankr. N.D. Tex. 1996) and *In re Brunswick Baptist Church*, Dist. Ct. Case. No. 1:05-CV-1085, slip op. (Bankr. N.D.N.Y. Jan. 16, 2007), relied upon by the NJ Investment Division, both of which address an estate's interest in general liability policies—and not directors and officers liability policies. And despite its dubious applicability here, *In re Sfuzzi, Inc.* holds that insurance proceeds, even of the general liability policy before the court there, were *not* the property of the estate. *In re Sfuzzi, Inc.,* 191 B.R. at 668.[6]

11. In contrast here, the legal proceedings that are covered by the D&O Policies are brought against individual insureds, for whose protection the D&O Policies were purchased, and not against the Debtors. Buttressing the legal principal that "a D & O policy remains a safeguard of officer and director interests and not a vehicle for corporate protection," *In re Cybermedica, Inc.*, 280 B.R. at 17, the deletion of Side C coverage (*see* note 5, *supra*) and the Subordination Clause that prioritizes claims to coverage and first requires payment of insurance proceeds to individual insureds (*see* Motion at ¶¶8, 16) confirms the estate's lack of interest in the proceeds

---

[6] As to Objector's other general liability case, because the policy at issue covered claims brought against the debtor by individuals injured during construction of a new facility, the *In re Brunswick Baptist Church* court found that the insurance policy was the debtor's only substantial property and use of the insurance proceeds was essential for the effective reorganization of the estate. Case. No. 1:05-CV-1085, 2007 WL 160749 at *6. Neither of those circumstances exist here.

6

of the D&O Policies. Finally, "when the liability policy provides the debtor with indemnification coverage but indemnification either has not occurred, is hypothetical, or speculative, the proceeds are not property of the bankruptcy estate." *In re Allied Digital Techs, Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004); *see also Youngstown Osteopathic Hosp. Ass'n v. Ventresco* (*In re Youngstown Osteopathic Hosp. Ass'n*), 271 B.R. 544, 550 (Bankr. N.D. Ohio 2002) (finding policy proceeds were not property of the bankruptcy estate where there was no entity coverage and the debtor had not paid any defense costs such that it was not entitled to reimbursement).

12. Alternatively, even if the proceeds of the D&O Policies were deemed to be the property of estate, good cause exists under section 362(d)(1) of the Bankruptcy Code to lift the automatic stay to allow payment of the Award. Lifting the stay will not harm the estate, yet is essential to the Insured Persons, who are in immediate need of the funds. For instance, in another case cited by the NJ Investment Division, the bankruptcy court in *In re Cybermedica, Inc*. lifted the automatic stay to permit the payment of directors' and officers' defense costs from insurance proceeds. 280 B.R. 12, 18 (Bankr. D. Mass. 2002). There, the court concluded that the directors and officers were in immediate need of their "contractual right" to policy proceeds (as are the Insured Persons here); in comparison, the harm to the debtors was speculative, "less severe than the opposing harm," and the entity had no direct coverage. *Id.* (citing with approval *Executive Risk Indem., Inc. v. Boston Regional Med. Ctr., Inc. (In re Boston Regional Med. Ctr., Inc.)*, Case No. 99-10860 (Bankr. D. Mass. Apr. 2, 2002); *see also In re Allied Digital Techs, Corp.*, 306 B.R. 505, 513 (Bankr. D. Del. 2004) (lifting the automatic stay to allow payment of policy proceeds to directors and officers after finding policy proceeds were property of the estate). Here, the Insured Persons are in immediate need of the insurance proceeds; the deadline

7

to pay the Award is August 3, 2011. If not paid by then, the Insured Persons will be personally liable for the amount, which would be an extreme financial hardship for them, and FINRA has the power to impose additional sanctions after August 3, 2011, including suspension of the Insured Persons' statutory registrations. And paying the Award through the D&O Policies' proceeds eliminates the possibility that the Insured Persons would otherwise seek indemnity from the Debtors.

## **MODIFICATIONS TO THE PROPOSED ORDER**

13. At the request of the Debtors, the Insured Persons have made certain modifications to the proposed order. A blackline of the order showing changes made to the proposed order submitted as Exhibit A to the Motion is attached hereto as Exhibit A to this Reply.

WHEREFORE, for all of the foregoing reasons and authorities, as well as those set forth in the Motion, the Insured Persons respectfully request that the Court overrule the Objection, grant the relief requested in the Motion, and enter an order in substantially the same form as that attached hereto as Exhibit A.

July 18, 2011                              /s/ Lisa G. Laukitis

                                                Lisa G. Laukitis
                                                JONES DAY
                                                222 East 41st Street
                                                New York, New York  10017
                                                Telephone:     (212) 326-3939
                                                Facsimile:     (212) 755-7306

                                                Philip E. Cook
                                                JONES DAY
                                                555 South Flower Street, 50th Floor
                                                Los Angeles, California  90071
                                                Telephone:     (213) 489-3939
                                                Facsimile:     (213) 243-2539

                                                Counsel for Insured Persons *Roland Hansalik, George Barclay Perry and Joseph Arena*

LAI-3142902v2

**EXHIBIT A**

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Lisa G. Laukitis

-and-

555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Philip E. Cook

*Attorneys for Roland Hansalik, George Barclay Perry,
and Joseph Arena*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **Lehman Brothers Holdings Inc., *et al.*,** | **Case No. 08-13555 (JMP)** |
| Debtors. | **Jointly Administered** |

**ORDER, PURSUANT TO SECTION 362 OF THE BANKRUPTCY
CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY
TO ALLOW PAYMENT OF A JUDGMENT UNDER THE DIRECTORS
AND OFFICERS INSURANCE POLICIES ISSUED TO THE DEBTORS**

Upon the motion, dated June 29, 2011 (the "Motion") of Roland Hansalik, George Barclay Perry and Joseph Arena (collectively, the "Insured Persons"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay (to the extent applicable and necessary) to allow payment of an award entered by an arbitration panel appointed by the Financial Industry Regulatory Authority against the Insured Persons for $15.0

million (the "Award") under the directors' and officers' liability insurance policies issued to the Debtors for claims made during the 2007-2008 policy period (collectively, the "D&O Policies"); upon finding that the Court has jurisdiction to consider the Motion and grant the relief requested therein pursuant to 28 U.S.C. §§ 157(b) and 1334; upon finding that notice of the Motion was appropriate in all respects; upon consideration of the Motion and any objections thereto, and just cause appearing;

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion**, as modified herein,** is GRANTED;

2. Pursuant to sections 105(a), 362(a), and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified and/or lifted to allow the Insured Persons to seek and obtain, and to allow the insurance carriers for the D&O Policies (including without limitation Zurich American Insurance Company and ACE Bermuda Insurance Ltd.) (collectively, the "D&O Insurers") to pay, without further order of the Court, the Award under the D&O Policies.

3. Nothing in this Order shall modify, alter or accelerate the rights and obligations of the D&O Insurers, the Debtors, or the Insured Persons provided for under the terms and conditions of the D&O Policies.  **All rights and defenses that the parties to the D&O Policies would otherwise have are reserved.**

4. Nothing in this Order shall constitute a determination that the proceeds of the D&O Policies are property of the Debtors' estate, and the rights of all parties in interest to assert that the proceeds of the D&O Policies are, or are not, property of the Debtors' estates are hereby preserved.

5. **Nothing contained herein may be deemed to be, or construed as, a determination regarding:  (a) the existence of any connection or relationship between U.S.**

**Airways, Inc. or any of its affiliates (collectively, "US Airways") and any of the Debtors, (b) the validity or enforceability of any claim or cause of action asserted by US Airways against any of the Debtors, or (c) any other matter involving US Airways and the Debtors, and all rights of the Debtors to object to, or otherwise contest, any claim or cause of action asserted by US Airways against the Debtors for any reason are expressly reserved.**

5̶**6**.    This Order shall be effective immediately; the fourteen-day stay provided under Bankruptcy Rule 4001(a)(3) is hereby waived.

6̶**7**.    This Court shall retain jurisdiction over all matters arising from or relating to implementation of this Order.

Dated:  July __, 2011
New York, New York

HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

NYI-4386200v1