B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                     Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Citigroup Global Markets Inc. | ESAF – Espirito Santo Fundos de |
|---|---|
| Name of Transferee | Investimento Mobiliarios, S.A. |
| | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Global Markets Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Marc Heimowitz
Phone: 212-723-1058
Email: marc.heimowitz@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Court Claim # (if known): 63572
Total Amount of Claim Filed: $20,234,144.75
Amount of Claim Transferred: $5,660,400.00
ISIN/CUSIP: XS02317898004
Blocking Number: 6048386
Date Claim Filed: November 2, 2009

Phone: 212.735.3000
Last Four Digits of Acct #: _____

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: 7/18/11
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                          Case No. 08-13555

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 63572 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor.  As evidence of the transfer of that claim, the transferee filed a Partial Transfer of Claim Other than for Security in the clerk's office of this court on July 18, 2011.

| ESAF – Espirito Santo Fundos de Investimento Mobiliarios, S.A. | Citigroup Global Markets Inc. |
|---|---|
| Name of Transferor | Name of Transferee |

Address of Alleged Transferor:

ESAF
AV Alvares Cabral, 41
1250-015 Lisboa, Portugal
Attn:  Antonio Jose Carapinha
Phone:  212.735.3000
Email:  acarapinha@esaf.pt

With a copy to:
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036
Attn:  Andrew Thau
Phone:  212.735.3000
Email:  andrew.thau@skadden.com

Address of Transferee:

Citigroup Global Markets Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn:  Marc Heimowitz
Phone:  212-723-1058
Email:  marc.heimowitz@citi.com

With a copy to:
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn:  Douglas R. Davis
Phone:  212-373-3000
Email:  ddavis@paulweiss.com

| | ~ DEADLINE TO OBJECT TO TRANSFER ~ |
|---|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, [        ]
("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Citigroup Global Markets Inc.
(the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the
extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right,
title and interest in and to Proof of Claim Number [ ] filed by or on behalf of Seller (the "Proof of Claim") against
Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States
Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555
(JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without
limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property,
which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents,
agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or
give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation,
pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in
Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature
whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim,
(iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting
documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and
under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations
underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c)
any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred
Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased
Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and
timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's
order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of
Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities"
available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title
to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations,
or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to
execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes
the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or
omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect
of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other
unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the
books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice
or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the
Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by
Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect
to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of
Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges
and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller
transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the
Transferred Claims, and directing that all payments or distributions of money or property in respect of the
Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery
and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.
Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27th day of June 2011.

**ESAF**

By: _____
Name: João Zorro
Title: Head of Fixed Income

Av Alvares Cabral 41
1250, Lisbon

**Citigroup Global Markets Inc.**

By: _____
Name: Marc Heimowitz
Title: Managing Director

390 Greenwich Street
New York, NY 10013

**Schedule 1**

**Transferred Claims**

**Purchased Claim**

24.44% of the the outstanding amount of the Proof of Claim as of June 27, 2011

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | |
|---|---|---|---|---|---|
| LEH Var 07-07/24 | XS0317898004 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 4.000.000€ | 5,660,400 USD |

Schedule 1 1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000063572 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>ESAF - Espírito Santo Fundos de Investimento Mobiliarios, S.A., AV Alvares Cabral, 41, 1250-015 Lisboa, Portugal; Att: António José Carapinha (acarapinha@esaf.pt) -and- Andrew Thau, Skadden Arps Slate Meagher & Flom LLP, 4 Times Square, New York, NY 10036; andrew.thau@skadden.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(If known)<br><br>Filed on: _____ |
|---|---|
| Telephone number: (212) 735-3000    Email Address: See above | |
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number: (212) 735-3000    Email Address: See above | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

**1.** Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** See addendum _____ **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

**2.** Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See addendum    **(Required)**

**3.** Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See addendum    **(Required)**

**4.** Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See addendum    **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**
**FILED / RECEIVED**
NOV 0 2 2009
**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date.<br><br>28-10-2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>_(DIRECTOR)_    _(DIRECTOR)_ |
|---|---|

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
: 
In re                              :   Chapter 11
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   Case No. 08-13555 (JMP)
: 
                Debtors.       :   (Jointly Administered)
: 
-------------------------------------------------------------------x

### ADDENDUM TO PROOF OF CLAIM OF
### ESAF – ESPIRITO SANTO FUNDOS DE INVESTIMENTO MOBILIÁRIOS, S.A. IN RESPECT OF LEHMAN PROGRAM SECURITIES

ESAF - Espirito Santo Fundos de Investimento Mobiliários, S.A. (the "Claimant")
hereby asserts claims (the "Claims") against Lehman Brothers Holdings Inc. ("LBHI"), a debtor
and debtor-in-possession in the above-captioned bankruptcy cases, as set forth in the attached
official proof of claim form, this addendum and the schedule hereto (collectively, the "Proof of
Claim").

**Background**

1.      On September 15, 2008 (the "Petition Date"), LBHI and certain of its affiliates
(collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United
States Code, as amended (the "Bankruptcy Code").

**Claims Based on Lehman Program Securities**

2.      The Claimant's Claims are based on one or more "Lehman Program Securities,"
as such term is defined in the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and
Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the*

*Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date
Order").

3.      As provided in the Bar Date Order, the Claimant is not required to (a) attach any
additional supporting documentation for the Claims to this Proof of Claim or (b) complete a
derivative or guarantee questionnaire with respect to Claims arising from Lehman Program
Securities.

**The Program Securities**

4.      The Claimant's Claims are based on certain Lehman Program Securities issued by
LBHI and/or one or more affiliates of LBHI (collectively, in such capacity, the "Issuers"), as
indicated on Schedule A attached hereto.

5.      As required under the Bar Date Order, the Claimant has set forth in Schedule A
hereto (a) the amount of each of its Claims relating to the Claimant's Lehman Program Securities
in United States dollars (using an exchange rate, if applicable, as of September 15, 2008); (b) the
ISIN and/or CUSIP for the Claimant's Lehman Program Securities; (c) the relevant Euroclear
electronic reference number(s) and/or Clearstream blocking reference number(s) for the
Claimant's Lehman Program Securities; and (d) the Clearstream bank, Euroclear bank, or other
depositary participant account number related to the Claimant's Lehman Program Securities.

6.      To the extent that LBHI is not the Issuer of the Lehman Program Securities, LBHI
has issued one or more unconditional and irrevocable guarantees (the "Transaction Guarantees")
of payment of all amounts due under specific Lehman Program Securities issued by LBHI's
affiliates. Upon information and belief, all, or substantially all, of the Lehman Program
Securities issued by LBHI's affiliates have the benefit of one or more Transaction Guarantee.

2

7.      Further, LBHI guaranteed all obligations of particular issuers of Lehman Program Securities (the "General Guarantees," and together with the Transaction Guarantees, the "Guarantees").[1] The General Guarantees are further evidenced by the inclusion of the relevant Issuers in the "Corporate Guarantee" portion of LBHI's Schedule F. *See Amended Schedules of Assets and Liabilities for Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. filed June 15, 2009) [Dkt. No. 3918].

8.      Pursuant to the applicable Guarantees, LBHI provided the Claimant an unconditional guarantee of payment of the guaranteed Claims when due, with no requirement that the Claimant first pursue the guaranteed Claims against the relevant Issuer or any other entity.

9.      To the extent that the Guarantees require that a demand be served upon LBHI, this Proof of Claim shall constitute such a demand.

**The Claims**

10.     The Claimant has Claims against LBHI as the Issuer and/or under the relevant Guarantees for the sums set forth in Schedule A of:  (a) a principal amount reflecting the value of the Lehman Program Securities as of the Petition Date; *plus* (b) reasonable legal and other costs; *plus* (c) accrued interest, at the applicable rate, on any amounts owing to the Claimant.  Such accrued interest and costs continue to accrue.

---

[1]    The General Guarantees are evidenced by, *inter alia*, (a) that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, dated as of June 9, 2005  (relating to the obligations of various entities, including, without limitation, Lehman Brothers Finance S.A., Lehman Brothers Holdings Plc, Lehman Brothers (Luxembourg) Equity Finance S.A., Lehman Brothers International (Europe), Lehman Brothers Securities N.V., and Lehman Brothers Treasury Co. B.V.); (b) that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, dated as of August 21, 2009 (relating to the obligations of Lehman Brothers (Luxembourg) S.A.); and (c) that certain guarantee by LBHI, dated as of January 4, 2008 (relating to the obligations of Lehman Brothers International (Europe)).

801421.02-London Server 1A                                                MSW - Draft October 29, 2009 - 10:10 AM

11.     Except as otherwise set forth in this Proof of Claim, the Claims are filed as general unsecured claims without prejudice to any and all rights of the Claimant to assert that the Claims, or any portion thereof, are secured or entitled to administrative expense priority under Bankruptcy Code sections 503 and/or 507.  Upon information and belief, no judgment has been rendered on the Claims.

12.     The amount of all payments on the Claims has been credited and deducted for the purpose of making this Proof of Claim.

13.     Upon information and belief, no portion of the Claims is subject to any setoffs, defenses or counterclaims by the Debtors or the Issuers or any other entity, except as otherwise described herein.  To the extent that the Debtors, or the Issuers or any other entity, take any action that would give rise to a right of setoff or recoupment, a counterclaim or other rights or claims in favor of the Claimant against the Debtors or the Issuers or any other entity, the Claimant reserves all of its respective rights.

**Reservations of Rights**

14.     Additionally, Claimant reserves the right to: (a) amend, update, or supplement this Proof of Claim (including, without limitation, to add additional amounts due and owing) at any time and in any respect; (b) file additional proofs of claim; and (c) file a request for payment of administrative or priority expenses in accordance with Bankruptcy Code sections 503 and 507.

15.     By filing this Proof of Claim, the Claimant: (a) does not submit to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim; (b) does not waive (and expressly reserves) all of its procedural and substantive defenses, counterclaims and objections (including without limitation, the right of setoff, recoupment or any similar right, remedy or defense) to any objection to the Claims or any claim that may be asserted against the

4

Claimant by the Debtors, their estates, any successor to the Debtors, the Issuers (or their administrators or any successor(s) thereto) or any other person, including, without limitation, any defense based upon the lack of jurisdiction of this Court to entertain any such claim; (c) does not waive (and expressly reserves) any right to any security held by or on behalf of the Claimant or any right of the Claimant to claim specific assets or any other claim, right, or right of action that the Claimant has or might have against the Debtors, their estates, any successor to the Debtors, the Issuers (or their administrators or any successor(s) thereto) or any other person, whether such claim, right, or right of action arises prior to, upon, or after the Petition Date; and (d) does not waive (and expressly reserves) any and all other rights that the Claimant may have pursuant to applicable law or agreement.

16.    Nothing contained in this Proof of Claim shall be deemed an admission by the Claimant.  The Claimant expressly reserves the right to withdraw this Proof of Claim as if it had never been filed.

**Notices**

17.    All notices, objections or other communications relating to this Proof of Claim

should be addressed and sent to:

António José Carapinha
ESAF Fundos Investimento Mobiliários S.A.
AV Alvares Cabral, 41
1250-015 LISBOA
Portugal
Tel: +35 121 381 0800
Email: acarapinha@esaf.pt

-and-

N.Lynn Hiestand
Andrew M. Thau
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036
Tel:  (212) 735-3000
Fax:  (212) 735-2000
E-mail:  lynn.hiestand@skadden.com
andrew.thau@skadden.com

## SCHEDULE A

| ISIN/CUSIP | Issuer | Depositary Participant Account Number | Blocking Number | Principal Amount (USD) | Accrued Interest (USD) | Costs (USD) | Amount of Claim (USD) |
|---|---|---|---|---|---|---|---|
| XS0224346592 | LBHI | Euroclear 93798 | 6048381 | 9,198,150 | Not less than 75,847.94 | Not less than 4,000 | Not less than 20,234,144.75 |
| XS0288579260 | LBHI | | 6048385 | 990,570 | Not less than 1,397.80 | | |
| XS0300055547 | LBHI | | 6048394 | 4,245,300 | Not less than 21,743.01 | | |
| XS0317898004 | Lehman Brothers Treasury Co. B.V. | | 6048386 | 5,660,400 | Not less than 36,736 | | |

7

MSW - Draft October 29, 2009 - 10:10 AM

801421.02-London Server 1A

**H
A
N
D**

**D
E
L
I
V
E
R
Y**

FILED / RECEIVED

NOV 0 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

NK
_____
RECEIVED BY:

_____
DATE

10:45
_____
TIME