WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                    Debtors.              :    (Jointly Administered)
                                          :
----------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a)**
**AND 363 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO (I) EXPAND**
**THE SCOPE OF LEGAL COSTS THAT THEY MAY ADVANCE TO FORMER**
**EMPLOYEES AND (II) ADVANCE LEGAL COSTS TO CURRENT DIRECTORS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice

and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in

the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"),

filed the Debtors' Motion Pursuant to Section 105(a) and 363 of the Bankruptcy Code for

Authorization to (I) Expand the Scope of Legal Costs That They May Advance to Former

Employees and (II) Advance Legal Costs to Current Directors [ECF No. 18118] (the

"Motion") with this Court on June 28, 2011.

2.       In accordance with the Second Amended Case Management Order,

July 13, 2011 at 4:00 p.m. (Prevailing Eastern Time), was established as the deadline for

parties to object or file a response to the Motion (the "Objection Deadline").  The Second

Amended Case Management Order provides that pleadings may be granted without a hearing,

provided that no objections have been filed prior to the relevant Objection Deadline and the

attorney for the entity who filed the pleading complies with the relevant procedural and notice

requirements.

3.       The Objection Deadline has now passed and, to the best of my

knowledge, no objection or other responsive pleading to the Motion have been filed with the

Court on the docket of the above-referenced cases in accordance with the procedures set forth

in the Second Amended Case Management Order, nor has any objection or other responsive

pleading with respect to the Motion been served on Debtors' counsel.

4.       Accordingly, for the reasons set forth in the Motion, the Debtors

respectfully request that the proposed Order annexed hereto as Exhibit A, and

unmodified since the filing of the Motion, be entered in accordance with the procedures

described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: July 19, 2011
New York, New York

 /s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                  :
In re                                             :    **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*      :    **08-13555 (JMP)**
                                                  :
              **Debtors.**                        :    **(Jointly Administered)**
                                                  :
--------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO (I) EXPAND THE SCOPE OF LEGAL COSTS THAT THEY MAY ADVANCE TO FORMER EMPLOYEES AND (II) TO ADVANCE LEGAL COSTS TO CURRENT DIRECTORS

Upon the motion, dated June 28, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (the "Debtors"), pursuant to sections 105(a) and 363(b)(1) of title 11 to the

United States Code (the "Bankruptcy Code"), for an order authorizing the Debtors to (i) expand

the scope of legal costs that they may advance to former employees and (ii) to advance legal

costs to current directors, all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

accordance with the procedures set forth in accordance with the procedures set forth in the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

second amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties

who have requested notice in these chapter 11 cases, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest

and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the scope of the Legal Costs Fund is expanded to include

potential and actual litigation with the Debtors' insurers regarding coverage disputes, as more

fully set forth in the Motion; and it is further

ORDERED that pursuant to sections 105(a) and 363(b)(1), the Debtors are

authorized to advance funds for the Current Directors' Costs Fund subject to the conditions

stated immediately below; and it is further

ORDERED that before the legal costs of the any of the Current Directors are paid:

(i) that each of the applicable Current Directors execute (a) a written affirmation of the Current

Director's belief that he or she has conducted himself or herself in good faith and reasonably

believed that such conduct was in the best interests of the Debtors, and (b) a written undertaking

to repay the Debtors legal costs paid by the Debtors if it is determined that the Current Director

has acted in bad faith; and (ii) the fees and expenses of the various law firms representing the

Current Directors must be reviewed for reasonableness by the Debtors and the Creditors'

Committee; and it is further

ORDERED that nothing in this Order or the Motion nor the payment of legal costs by the Debtors shall prejudice any claims or rights that the Debtors or Current Directors may have against any insurance provider with respect to the legal costs incurred by the Current Directors and paid by the Debtors pursuant to this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July __, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE