JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Lisa G. Laukitis

-and-

555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Philip E. Cook

*Attorneys for Roland Hansalik, George Barclay Perry and Joseph Arena*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING EXHIBIT B TO MOTION, PURSUANT TO
SECTION 362 OF THE BANKRUPTCY CODE AND RULE 4001
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE,
FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO
ALLOW PAYMENT OF A JUDGMENT UNDER THE DIRECTORS
AND OFFICERS INSURANCE POLICIES ISSUED TO THE DEBTORS**

PLEASE TAKE NOTICE that, Roland Hansalik, George Barclay Perry and Joseph Arena are hereby filing Exhibit B to the Motion, Pursuant to Section 362 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure, for an Order Modifying the Automatic Stay to Allow Payment of a Judgment Under the Directors and Officers Insurance Policies Issued to the Debtors (Docket No. 18157) (the "Motion"), which was inadvertently omitted at the time the Motion was filed.

Dated: July 19, 2011
New York, New York

/s/ Lisa G. Laukitis

Lisa G. Laukitis
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:     (212) 326-3939
Facsimile:     (212) 755-7306

Philip E. Cook
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, California  90071
Telephone:     (213) 489-3939
Facsimile:     (213) 243-2539

*Counsel for Insured Persons Roland Hansalik, George Barclay Perry and Joseph Arena*

**EXHIBIT B**

# FINrA

Financial Industry Regulatory Authority

VIA MAIL AND FACSIMILE

May 27, 2011

Philip E. Cook, Esq.
Jones Day
555 S Flower St., 50th Floor
Los Angeles, CA 90071

Subject: FINRA Dispute Resolution Arbitration Number 09-06905
US Airways, Inc. v. Roland Hansalik, Lars Jacobson, George Barclay Perry and Joseph Arena

Dear Mr. Cook:

In accordance with the Code of Arbitration Procedure I enclose the decision reached by the arbitrator(s) in the above-referenced matter.

## Responsibility to Pay Monetary Award

Pursuant to the Code of Arbitration Procedure[1] the responsible party must pay any monetary awards within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. If an award is not paid within 30 days, the responsible party must pay post-judgment interest at the legal rate or as provided in the award by the arbitrator(s).

## Tracking Payment of Award

FINRA Dispute Resolution has implemented a system of monitoring and tracking compliance with arbitration awards by members and associated persons. We request prevailing claimants to notify us in writing when their awards have not been paid within 30 days of receipt of the award, and require member firms to certify in writing that they have complied with awards against them or their associated persons.

Written notification concerning award compliance or lack thereof must be directed to:

Avichai Badash
FINRA Dispute Resolution
One Liberty Plaza

---

[1] Customer Code Rule 12904
Industry Code Rule 13904
Old Code Rule 10330(h)

Investor protection. Market integrity.
Dispute Resolution
Northeast Regional Office
One Liberty Plaza
165 Broadway
27th Floor
New York, NY
10006-1404
t 212 858 4200
f 301 527 4873
www.finra.org

165 Broadway, 52nd Floor
New York, NY 10006
212-858-4325 (tel) 301-527-4739 (fax)

### Expedited Suspension Proceedings for Non-Payment of Awards

Members and associated persons who do not comply with an award in a timely manner are subject to expedited suspension proceedings as set forth in Rule 9554.

### Right to File Motion to Vacate Award

All awards are **final** and are not subject to review or appeal by the arbitration panel or by FINRA Dispute Resolution. Any party wishing to challenge the award must make a motion to vacate the award **in a federal or state court** of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. Parties and counsel should consult federal and state statutes and case law to determine the appropriate court, standards, and time limitations in their individual circumstances. FINRA Dispute Resolution is not authorized to provide legal advice concerning a motion to vacate.

A motion to vacate, confirm, or modify an arbitration award is a matter only between the parties to the arbitration. FINRA Dispute Resolution is not a proper party to post-award motions and should not be named as a party to any post-award motion. However, for cases filed on or after April 12, 2004, if the award contains expungement relief, or if a party seeks expungement relief in court, there may be a duty to name FINRA as a party as provided in Rule 2080.

### Questions Concerning Award

Please direct any questions regarding this award to me. Please note that requests for disciplinary referrals as well as the panels' decisions on the requests, will not be reflected in awards. **The parties must not contact the arbitrators directly.**

### Forum Fees

You will receive under separate cover an invoice that reflects the fees assessed and any outstanding balance or refund due. **Fees are due and payable to FINRA Dispute Resolution upon receipt of the invoice and remitted to the address specified on the invoice.**

Any applicable refunds will also be sent under separate cover approximately 45 days after the case closes. Pursuant to the Code of Arbitration Procedure, "Any refunds of fees or costs incurred under the Code will be paid directly to the named parties, even if a non-party made payment on behalf of the named parties."[2]

All questions regarding payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

### Arbitration Evaluation

---

[2] Customer Code Rule 12902(e)
   Industry Code Rule 13902(e)

As a service organization, the primary goals of FINRA Dispute Resolution are the integrity of its process and the satisfaction of its clients. To ensure that we are meeting your needs and satisfying our commitment to you, **we need to hear from you.** If you have not already done so, please take the time to complete an evaluation of our services, the process, and the arbitrator(s) assigned to your case. For your convenience, we have now made it possible for you to evaluate our services using the Internet. Please direct your Web browser to http://www.finra.org/arbevaluation.

If you do not have Internet access, or have difficulty completing the evaluation form online, we will send a hard copy evaluation form to you. The completed evaluation form should be mailed in to the address indicated below. If you need a hard copy of the evaluation form, please contact the undersigned. Whenever possible, however, we encourage you to use the new online version, as it will help us to review your feedback in a more expeditious manner. Your feedback is a valuable and necessary component in our efforts to serve you better.

Very truly yours,

Bola Aguda
Case Administrator
Phone: 212-858-4200
Fax:    301-527-4904
NEProcessingCenter@finra.org


BA:adg:_C09A
idr: 05/24/2011


RECIPIENTS:
    Michael J. Baratz, Esq., US Airways, Inc.
    Steptoe & Johnson LLP, 1330 Connecticut Avenue NW, Washington, DC 20036

    Philip E. Cook, Esq., Roland Hansalik
    Jones Day, 555 S Flower St., 50th Floor, Los Angeles, CA 90071

    Philip E. Cook, Esq., George B. Perry
    Jones Day, 555 S Flower St., 50th Floor, Los Angeles, CA 90071

    Philip E. Cook, Esq., Lars P. Jacobson
    Jones Day, 555 S Flower St., 50th Floor, Los Angeles, CA 90071

    Philip E. Cook, Esq., Joseph L. Arena
    Jones Day, 555 S Flower St., 50th Floor, Los Angeles, CA 90071

# Award
# FINRA Dispute Resolution

In the Matter of the Arbitration Between:

US Airways, Inc. (Claimant) v. Roland Hansalik, Lars Jacobson, George Barclay Perry, and Joseph Arena (Respondents)

Case Number: 09-06905                    Hearing Site: New York, New York

Nature of the Dispute: Customer vs. Associated Persons.

## REPRESENTATION OF PARTIES

Claimant US Airways, Inc., hereinafter referred to as "Claimant": Stephen Davidson, Esq., and Michael J. Baratz, Esq., Steptoe & Johnson LLP, Washington, D.C.

Respondents Ronald Hansalik ("Hansalik"), Lars Jacobson ("Jacobson"), George Barclay Perry ("Perry"), and Joseph Arena ("Arena"), hereinafter collectively referred to as "Respondents": Phillip E. Cook, Esq., Jones Day, Los Angeles, CA.

## CASE INFORMATION

Amended Statement of Claim filed on or about: December 23, 2009.
Claimant signed the Submission Agreement: December 1, 2009.

Joint Statement of Answer filed by Respondents on or about: March 2, 2010.
Hansalik signed the Submission Agreement: March 1, 2010.
Jacobson signed the Submission Agreement: February 25, 2010.
Perry signed the Submission Agreement: February 25, 2010.
Arena signed the Submission Agreement: February 25, 2010.

## CASE SUMMARY

Claimant asserted the following causes of action: unsuitability, unauthorized purchases, negligent misrepresentation, negligence, gross negligence, failure to supervise, and breach of fiduciary duty. The causes of action relate to unspecified auction rate securities.

Unless specifically admitted in their Answer, Respondents denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimant requested compensatory damages in an amount to be determined at arbitration that includes all illiquid securities in Claimant's account at par, totaling $134.6 million, special and other money damages, including the difference between par and the market price secured upon redemption of any securities at issue in this matter, punitive damages in the amount of $403.8 million, interest at the rate of 9%

05-27-2011 02:30pm From- T-884 P.006/013 F-101
08-13555-mg    Doc 18634    Filed 07/19/11    Entered 07/19/11 16:07:40    Main Document
Pg 8 of 15

FINRA Dispute Resolution
Arbitration No. 09-06905
Award Page 2 of 5

per annum, attorneys' fees, costs, and such other relief as is just, fair, and equitable.

At the close of the hearing, Claimant requested compensatory damages in the amount of $91.235 million or lesser amounts based on alternative calculations and theories of damages.

Respondents requested that Claimant's claims be dismissed with prejudice, costs, attorneys' fees, and that this matter be expunged from their CRD records.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

Claimant initially filed a Statement of Claim on or about December 11, 2009. It filed an Amended Statement of Claim on or about December 23, 2009 replacing the original Statement of Claim. The original Statement of Claim was not served on the Respondents and not considered by the Panel.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Hansalik, Perry, and Arena are jointly and severally liable for and shall pay to Claimant compensatory damages in the amount of $15,000,000.00 (Fifteen Million dollars).

2. Claimant's claims against Jacobson are denied in their entirety.

3. Respondents' requests for expungement are denied.

4. Any and all relief not specifically addressed herein, including punitive damages, is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
FINRA Dispute Resolution assessed a filing fee* for each claim:
    Initial claim filing fee    = $1,800.00

*The filing fee is made up of a non-refundable and a refundable portion.

05-27-2011 02:31pm From- T-884 P.007/013 F-101
08-13555-mg    Doc 18634    Filed 07/19/11    Entered 07/19/11 16:07:40    Main Document
Pg 9 of 15

FINRA Dispute Resolution
Arbitration No. 09-06905
Award Page 3 of 5

### Discovery-Related Motion Fees

Fees apply for each decision rendered on a discovery-related motion.

One (1) Decision on discovery-related motion on the papers
with (1) one arbitrator @ $200.00                                                            = $ 200.00

Claimant submitted (1) one discovery-related motion
Total Discovery-Related Motion Fees                                                          = $ 200.00

1.  The Panel has assessed $100.00 of the discovery-related motion fees to Claimant.
2.  The Panel has assessed $100.00 of the discovery-related motion fees jointly and severally to Hansalik, Perry, and Arena.

### Hearing Session Fees and Assessments

The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Four (4) Pre-hearing sessions with Panel @ $1,200.00                      =$ 4,800.00
Pre-hearing conferences:   July, 27, 2010       1 session
                           February 9, 2011     1 session
                           February 18, 2011    1 session
                           March 1, 2011        1 session

Thirty-four (34) Hearing sessions @ $1,200.00                             =$40,800.00
Hearing Dates:             March 28, 2011       2 sessions
                           March 29, 2011       2 sessions
                           March 30, 2011       2 sessions
                           March 31, 2011       2 sessions
                           April 1, 2011        2 sessions
                           April 4, 2011        2 sessions
                           April 5, 2011        2 sessions
                           April 6, 2011        2 sessions
                           April 28, 2011       2 sessions
                           April 29, 2011       2 sessions
                           May 2, 2011          2 sessions
                           May 3, 2011          2 sessions
                           May 4, 2011          2 sessions
                           May 5, 2011          2 sessions
                           May 6, 2011          2 sessions
                           May 10, 2011         2 sessions
                           May 11, 2011         2 sessions

Total Hearing Session Fees                                                =$45,600.00

FINRA Dispute Resolution
Arbitration No. 09-06905
Award Page 4 of 5

1. The Panel has assessed $22,800.00 of the hearing session fees to Claimant.
2. The Panel has assessed $22,800.00 of the hearing session fees jointly and severally to Hansalik, Perry, and Arena.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

FINRA Dispute Resolution
Arbitration No. 09-06905
Award Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| Marguerite B. Filson | – | Public Arbitrator, Presiding Chairperson |
| Maya Steinitz | – | Public Arbitrator |
| Sally J. Sancimino | – | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____                                    _____
Marguerite B. Filson                                                                        Signature Date
Public Arbitrator, Presiding Chairperson


_____                                    5/26/2011
Maya Steinitz                                                                              Signature Date
Public Arbitrator


_____                                    _____
Sally J. Sancimino                                                                         Signature Date
Non-Public Arbitrator


May 27, 2011
_____
Date of Service (For FINRA Dispute Resolution use only)

FINRA Dispute Resolution
Arbitration No. 09-06905
Award Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| Marguerite B. Filson | - | Public Arbitrator, Presiding Chairperson |
| Maya Steinitz | - | Public Arbitrator |
| Sally J. Sancimino | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument which is my award.

**Concurring Arbitrators' Signatures**

_____                              _____
Marguerite B. Filson                                                                Signature Date
Public Arbitrator, Presiding Chairperson


_____                              _____
Maya Steinitz                                                                           Signature Date
Public Arbitrator

*[signed]*                                                                                5/26/11
_____                              _____
Sally J. Sancimino                                                                    Signature Date
Non-Public Arbitrator


May 27, 2011
_____
Date of Service (For FINRA Dispute Resolution use only)

# FINRA

Financial Industry Regulatory Authority

VIA MAIL AND FACSIMILE

May 27, 2011

Philip E. Cook, Esq.
Jones Day
555 S Flower St., 50th Floor
Los Angeles, CA 90071

Subject: FINRA Dispute Resolution Arbitration Number 09-06905
US Airways, Inc. v. Roland Hansalik, Lars Jacobson, George Barclay Perry and Joseph Arena

Dear Mr. Cook:

An arbitration Panel issued the enclosed award ordering you, or your client(s), to pay monetary damages or provide other relief to a party in the above-referenced matter.

Please be aware that the Code of Arbitration Procedure[1] provides as follows:

> All monetary awards shall be paid within thirty (30) days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award: (1) if not paid within thirty (30) days of receipt, (2) if the award is the subject of a motion to vacate which is denied, or (3) as specified by the arbitrator(s) in the award. Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

FINRA Dispute Resolution has implemented a system of monitoring and tracking compliance with arbitration awards by members and associated persons. Therefore, we request prevailing claimants to notify us in writing when their awards have not been paid within 30 days of receipt of the award, and require member firms to certify in writing that they have complied with awards against them or their associated persons.

**Members must notify FINRA Dispute Resolution in writing, within 30 days of receipt of the award, whether or not they or their associated persons have complied with the award. The 30-day period ends on:** June 27, 2011 Associated persons who have changed employment since the arbitration claim was filed are required to notify FINRA Dispute Resolution directly

---

[1]Customer Code Rule 12904(i)
Industry Code Rule 13904(i)
Old Code Rule 10330(h)

Investor protection. Market integrity.   Dispute Resolution        One Liberty Plaza    t  212 858 4200
                                         Northeast Regional Office 165 Broadway        f  301 527 4873
                                                                   27th Floor          www.finra.org
                                                                   New York, NY
                                                                   10006-1404

regarding the payment status of any awards against them. Please review Notice to Members 00-55 for more information on the notification requirement and the sanctions for noncompliance.

All awards are **final** and are not subject to review or appeal by the arbitration panel or by FINRA Dispute Resolution. Any party wishing to challenge the award must make a motion to vacate the award **in a federal or state court** of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. Parties and counsel should consult federal and state statutes and case law to determine the appropriate court, standards, and time limitations in their individual circumstances. A motion to vacate, confirm, or modify an arbitration award is a matter only between the parties to the arbitration. FINRA Dispute Resolution is not a proper party to post-award motions and should not be named as a party to any post-award motion.

Please direct any questions regarding this award to me. **The parties must not contact the arbitrators directly.**

Please forward any questions or correspondence concerning the monitoring and tracking of arbitration awards and/or payment of awards to:

> Avichai Badash
> FINRA Dispute Resolution
> One Liberty Plaza
> 165 Broadway, 52nd floor
> New York, NY, 10006

You may also contact him by telephone at 212-858-4325, fax at 301-527-4739, or e-mail at avichai.badash@finra.org.

Very truly yours,

Bola Aguda
Case Administrator
Phone:  212-858-4200
Fax:    301-527-4904
NEProcessingCenter@finra.org


BA:adg  LC09X
idr: 09/16/2009

CC:
    Michael J. Baratz, Esq., US Airways, Inc.
    Steptoe & Johnson LLP, 1330 Connecticut Avenue NW, Washington, DC 20036

RECIPIENTS:
    Philip E. Cook, Esq., George B. Perry
    Jones Day, 555 S Flower St., 50th Floor, Los Angeles, CA 90071

Philip E. Cook, Esq., Roland Hansalik
Jones Day, 555 S Flower St., 50th Floor, Los Angeles, CA 90071

Philip E. Cook, Esq., Joseph L. Arena
Jones Day, 555 S Flower St., 50th Floor, Los Angeles, CA 90071