BERGER & MONTAGUE, P.C.
Merrill G. Davidoff, Esquire
Lawrence J. Lederer, Esquire
Robin Switzenbaum, Esquire
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
     -and-
ZUCKERMAN SPAEDER LLP
Laura E. Neish (LN-0040)
1540 Broadway, Suite 1604
New York, NY 10036
(212) 704-9600
     -and-
Nelson C. Cohen
Virginia Whitehill Guldi
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036
(202) 778-1800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**RESPONSE OF THE STATE OF NEW JERSEY TO MOVANTS' REPLY TO OBJECTION OF THE STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF INVESTMENT TO MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW PAYMENT OF A JUDGMENT UNDER THE <u>DIRECTORS AND OFFICERS INSURANCE POLICIES ISSUED TO THE DEBTORS</u>**

The Insureds' opposition to New Jersey's objection omits the procedural background which was a *direct result* of the Insureds' conduct.

New Jersey filed its complaint in the Superior Court of New Jersey, Mercer County, on March 17, 2009 (cover page attached as Exhibit 1). Eighteen (18) of Lehman's officers and directors, covered by the subject policies, were named as defendants.[1]

On April 6, 2009, the director and officer Insureds' counsel caused New Jersey's action to be removed to the United States District Court for the District of New Jersey, citing as the basis for removal that the action was "related to" Lehman's bankruptcy case and citing 28 U.S.C. Section 1334(b). (See Exhibit 2.)

New Jersey unsuccessfully moved to remand the matter to state court, which motion was denied by the district court on June 25, 2009. (See Exhibit 3.)

The Third Circuit Court of Appeals declined to hear New Jersey's appeal because it was deemed to be a "collateral Order" not appealable under 28 U.S.C. Section 1291, on May 17, 2010. (see Exhibit 4).

Meanwhile, the Insureds (many of whom are defendants in New Jersey's Action), by counsel, had filed a suggestion to the Judicial Panel on Multidistrict Litigation ("JPML") that the Panel issue a Conditional Transfer Order ("CTO"). The JPML did issue the CTO, which was stayed during the pendency of the remand proceedings, but which Order was effectuated after the Third Circuit declined to hear New Jersey's appeal. As a result, New Jersey's action was transferred to the United States District Court for the Southern District of New York, MDL 2017 (Kaplan, J.) for coordinated pretrial proceedings.

Finally, under preexisting orders, Judge Kaplan had effectively stayed all of the "tag-along" or "opt-out" actions, including New Jersey's later-arriving transferred action, See Exhibits 5 and 6 [MDL 2017 Pretrial Order No. 1 and Pretrial Order No. 5]. New Jersey's

---

[1] The Complaint was amended, once, on April 13, 2011, in MDL No. 2017.

2

prosecution of its case has, thus, effectively been stayed for nearly two and one-half years as a *direct result* of the Insureds', their counsel's, and their insurers' actions.

It comes with ill grace for the Insureds to criticize New Jersey when policy insureds removed New Jersey's case from state court, successfully opposed remand as "related to" Lehman's bankruptcy, and then successfully sought a stay of proceedings from the MDL transferee Court, during the pendency of which, upon information and belief, as much as 50% of the aggregate insurance proceeds have been depleted, mostly by defense costs.

Finally, attached as Exhibit 7 is a December, 2009 Order by Judge Kaplan explaining the Court's refusal to lift the stay of discovery in a motion filed by the class action claimants. As is evident from scrutiny of the Order, the assumptions underlying Judge Kaplan's declination to lift the stay are no longer applicable, as the policy proceeds have steadily been depleted to the detriment of at least twenty-eight (28) opt-out claimant cases (including New Jersey's) as well as class action claimants asserting Securities Law claims for a whole array of Lehman securities.[2] See e.g. Exhibit 7, pages 2-3.

---

[2] The fact that New Jersey affirmatively acquiesced to at least one prior motion for payment of defense costs shows that New Jersey has not been unreasonable or obstructionist here. But the immense depletion of the policies for defense costs, and now for settlements, has reached the point where there is a clear and overwhelming risk that nothing will be left for innocent claimants who bought Lehman securities in good faith and were blameless in the losses they suffered.

The depletion of the policies, which is robbing innocent claimants of funds from which at least some portion of their damages could be recovered, must cease. New Jersey respectfully requests that this Court arrest that depletion now.

Dated: July 19, 2011

BERGER & MONTAGUE, P.C.

Merrill G. Davidoff, Esquire
Lawrence J. Lederer, Esquire
Robin Switzenbaum, Esquire
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604

ZUCKERMAN SPAEDER LLP

/s/ Laura Neish
Laura Neish
1540 Broadway, Suite 1604
New York, NY 10036
(212) 704-9600
        -and-
Nelson C. Cohen
Virginia Whitehill Guldi
1800 M Street, Suite 1000
Washington, D.C. 20036
(202) 778-1800

*Attorneys for the State of New Jersey, Department of Treasury, Division of Investment*

Of Counsel:

Peter S. Pearlman, Esquire
Cohn Lifland Pearlman Herrmann
 & Knopf LLP
Park 80 Plaza West-One
Saddle Brook, NJ 07663
Telephone: (201) 845-9600
Facsimile: (201) 845-9423

4