# Exhibit 2

**SILLS CUMMIS & GROSS P.C.**
Jeffrey J. Greenbaum
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000

*Attorneys for Defendants Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Ian Lowitt, David Goldfarb, Herbert H. McDade, III, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber*

**SIMPSON THACHER & BARTLETT LLP**
Michael J. Chepiga
Mary Elizabeth McGarry
Eric M. Albert
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000

RECEIVED APR 0 7 2009

*Attorneys for Defendants Christopher M. O'Meara, Ian Lowitt, David Goldfarb, Thomas Russo, Mark Walsh, Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber*

**ALLEN & OVERY LLP**
Patricia Hynes
Todd Fishman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300

*Attorneys for Defendant Richard S. Fuld, Jr.*

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: MERCER COUNTY
DOCKET NO.: L-67709

| | |
|---|---|
| THE STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF INVESTMENT,<br><br>    Plaintiff,<br><br>v.<br><br>RICHARD S. FULD, JR., CHRISTOPHER M. O'MEARA, JOSEPH M. GREGORY, ERIN CALLAN, IAN LOWITT, DAVID GOLDFARB, HERBERT H. MCDADE, III, THOMAS RUSSO, MARK WALSH, MICHAEL AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, CHRISTOPHER GENT, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, and ERNST & YOUNG LLP,<br><br>    Defendants. | **Civil Action**<br><br><br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

To: Clerk of the Superior Court for the
   State of New Jersey, County of Mercer
   Mercer County Civil Courthouse
   175 S. Broad Street
   P.O. Box 8068
   Trenton, New Jersey 08650

PLEASE TAKE NOTICE that on April 6, 2009, Defendants Richard S. Fuld, Jr.,

Christopher M. O'Meara, Joseph M. Gregory, Ian Lowitt, David Goldfarb, Herbert H. McDade,

2

III, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman and John D. Macomber, pursuant to federal law, filed with the Clerk of the United States District Court for the District of New Jersey a Notice of Removal pursuant to 28 U.S.C. §§ 1334(b), 1367, 1441, 1446 and 1452.

A copy of the Notice of Removal is attached to this Notice and is served and filed herewith.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By: _____
JEFFREY J. GREENBAUM

*Attorneys for Defendants Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Ian Lowitt, David Goldfarb, Herbert H. McDade, III, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber*

SIMPSON THACHER & BARTLETT LLP
Michael J. Chepiga
Mary Elizabeth McGarry
Eric M. Albert
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000

*Attorneys for Defendants Christopher M. O'Meara, Joseph M. Gregory, Ian Lowitt, David Goldfarb, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber*

ALLEN & OVERY LLP
Patricia Hynes
Todd Fishman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300

*Attorneys for Defendant Richard S. Fuld, Jr.*

Dated: April 6, 2009

4

## CERTIFICATION OF SERVICE

BONNIE S. SCHWAB, of full age, certifies and states as follows:

1. I am Managing Clerk of the law firm of Sills Cummis & Gross, P.C., attorneys for the Individual Defendants in the action captioned MER-L-677-09, *The State of New Jersey v. Richard Fuld, Jr., et al.*

2. On April 6, 2009, I served by Federal Express for priority overnight delivery a true and correct copy of the annexed Notice of Filing of Notice of Removal upon counsel for plaintiffs at the addresses listed below:

Cohn Lifland Pearlman Herrmann & Knopf LLP
Peter S. Pearlman
Jeffrey W. Herrman
Park 80 Plaza West-One
Saddle Brook, New Jersey 07663
Telephone: (201) 845-9600

Berger & Montague, P.C.
Merrill G. Davidoff
Lawrence Lederer
Robin Switzenbaum
David Anziska
1622 Locust St.
Philadelphia, PA 19103
Telephone: (215) 875-3000

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By: _____
BONNIE S. SCHWAB

Dated: April 6, 2009

# EXHIBIT A

**SILLS CUMMIS & GROSS P.C.**
Jeffrey J. Greenbaum
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000

*Attorneys for Defendants Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Ian Lowitt, David Goldfarb, Herbert H. McDade, III, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber*

**SIMPSON THACHER & BARTLETT LLP**
Michael J. Chepiga
Mary Elizabeth McGarry
Eric M. Albert
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000

*Attorneys for Defendants Christopher M. O'Meara, Ian Lowitt, David Goldfarb, Thomas Russo, Mark Walsh, Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber*

**ALLEN & OVERY LLP**
Patricia Hynes
Todd Fishman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300

*Attorneys for Defendant Richard S. Fuld, Jr.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THE STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF INVESTMENT, | : | Civil Action No. _____ |
| | : | Removed from: |
| Plaintiff, | : | Superior Court of New Jersey, Law Division, Mercer County |
| v. | : | |
| | : | Docket No. L-67709 |
| RICHARD S. FULD, JR., CHRISTOPHER M. O'MEARA, JOSEPH M. GREGORY, ERIN CALLAN, IAN LOWITT, DAVID GOLDFARB, HERBERT H. MCDADE, III, THOMAS RUSSO, MARK WALSH, MICHAEL AINSLIE, JOHN F. AKERS, ROGER S. BERLIND, THOMAS H. CRUIKSHANK, MARSHA JOHNSON EVANS, CHRISTOPHER GENT, ROLAND A. HERNANDEZ, HENRY KAUFMAN, JOHN D. MACOMBER, and ERNST & YOUNG LLP, | : | **NOTICE OF REMOVAL** |
| | : | (Electronically Filed Document) |
| Defendants. | : | |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES
      DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:

    Cohn Lifland Pearlman Herrmann & Knopf LLP
    Peter S. Pearlman
    Jeffrey W. Herrman
    Park 80 Plaza West-One
    Saddle Brook, New Jersey 07663
    Telephone: (201) 845-9600

    Berger & Montague, P.C.
    Merrill G. Davidoff
    Lawrence Lederer
    Robin Switzenbaum
    David Anziska
    1622 Locust St.
    Philadelphia, PA 19103
    Telephone: (215) 875-3000

*Attorneys for Plaintiff*

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1334(b), 1367, 1441, 1446 and 1452, Defendants Richard S. Fuld, Jr. (of Connecticut), Christopher M. O'Meara (of New York), Joseph M. Gregory (of New York), Ian Lowitt (of New York), David Goldfarb (of New York), Herbert H. McDade, III (of New York), Thomas Russo (of New York), Mark Walsh (of New York), Michael Ainslie (of Florida), John F. Akers (of Connecticut), Roger S. Berlind (of New York), Thomas H. Cruikshank (of Texas), Marsha Johnson Evans (of Florida), Sir Christopher Gent (of the United Kingdom), Roland A. Hernandez (of California), Henry Kaufman (of Bergen County, New Jersey) and John D. Macomber (of the District of Columbia) (collectively, the "Removing Defendants"), each with a mailing address at Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, New York NY 10020, hereby remove from the Superior Court of the State of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey, the entire above-captioned civil action, and all claims and causes of action therein, brought by Plaintiff The State of New Jersey, Department of Treasury, Division of Investment ("NJ DOI"), located at P.O. Box 290, Trenton, NJ 08625-1290.[1]

As grounds for removal, Removing Defendants state as follows:

1.    On or about March 17, 2009, Plaintiff NJ DOI filed this action in the Superior Court of the State of New Jersey, Law Division, Mercer County. This case was assigned docket number L-67709.[2]

---

[1] By removing this matter, Removing Defendants do not waive, and expressly preserve, any and all defenses that they may have, including, but not limited to, lack of personal jurisdiction.

[2] This action is similar to other actions that the Judicial Panel on Multidistrict Litigation ("JPML") has centralized in the Southern District of New York and that are proceeding under the caption *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 08 Civ. 5523 (LAK) (S.D.N.Y.). As stated by the JPML, these actions "[a]ll . . . share factual questions relating to whether defendants allegedly made materially false and/or

2. No Removing Defendant was served earlier than March 24, 2009.

3. The undersigned is informed and believes that Defendant Ernst & Young LLP was served with the summons and complaint on March 26, 2009, and that Ernst & Young LLP joins in this removal of this action.

4. The undersigned is informed and believes that Defendant Erin Callan has not been served but consents to this Notice and to the removal of this action to the United States District Court for the District of New Jersey.

5. This Notice is being timely filed under 28 U.S.C. § 1446(b).

6. Plaintiff NJ DOI alleges that it purchased "approximately $182 million worth of Lehman securities" from Lehman Brothers, Inc., and "lost in excess of $118 million" on such purchases as a result of Defendants' "wrongdoing". *See* Complaint ¶ 25. Plaintiff alleges that it purchased the Lehman notes in reliance on Defendants' misrepresentations and omissions. Complaint ¶¶ 1-3. Plaintiff asserts causes of action for violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, violations of Section 14(a) of the New Jersey Uniform Securities Law, and state law claims for negligent misrepresentation, fraud, aiding and abetting fraud, and breach of fiduciary duty. *See* Complaint ¶¶ 274, 291, 304, 377, 387, 398, 407, 415.

7. Removal is appropriate here because this Court maintains bankruptcy "related to" jurisdiction, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a), and supplemental jurisdiction under 28 U.S.C. § 1367 for any claims or parties not subject to jurisdiction under § 1334.

---

misleading statements which had a negative impact on Lehman Brothers securities" and "[c]entralization . . . eliminate[s] duplicative discovery; avoid[s] inconsistent pretrial rulings . . . ; and conserve[s] the resources of the parties, their counsel and the judiciary." *In re Lehman Brothers Holdings, Inc., Sec. & Employee Retirement Income Security Act (ERISA) Litig.*, MDL No. 2017, 2009 WL 413602, at *1 (J.P.M.L. Feb. 9, 2009). Removing Defendants intend to file a tag-along notice with respect to this action with the JPML promptly.

**Bankruptcy "Related To" Jurisdiction**

8.  On September 15, 2008, Lehman Brothers Holdings Inc. ("Lehman"), the issuer of the securities that are the subject of this action and the corporation for which the Individual Defendants serve or served as officers and/or directors, filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (the "Lehman Bankruptcy Proceeding"). *See* Complaint ¶¶ 5, 23. The Lehman Bankruptcy Proceedings are currently pending before U.S. Bankruptcy Judge James M. Peck.

9.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b), which provides that United States district courts shall have jurisdiction over all civil proceedings "related to cases under title 11 [the United States Bankruptcy Code]." Because this action is "related to" a case under Chapter 11, namely the Lehman Bankruptcy Proceedings, this action may be removed to this Court by Defendants under 28 U.S.C. § 1452(a), which provides for removal of an action to a district court if it has original jurisdiction under section 1334.

10. This action is "related to" the Lehman Bankruptcy Proceedings, and therefore removable to this Court pursuant to 28 U.S.C. § 1452(a), because the outcome of this case will have a conceivable effect on the Lehman bankruptcy estate. An action is "related to" a bankruptcy proceeding if *"the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."* *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

11. An action is "related to" a bankruptcy proceeding even when the claims are between third parties. *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) (resolving a circuit split

by holding that a dispute between parties other than the debtor may be "related to" bankruptcy although the debtor has no interest in the property over which the parties are in dispute).

12. This action relates to Lehman's bankruptcy estate because (i) Lehman was the issuer of the securities that are the subject of the action, (ii) certain Defendants have claims to advancement of defense costs and expenses and for indemnification from Lehman under Lehman's By-Laws in the event a judgment is entered against them in this action,[3] (iii) at least certain, if not all, Defendants have claims to contribution from Lehman in the event a judgment is entered against them in this action, and (iv) certain Defendants have rights to coverage under directors' and officers' insurance policies issued to Lehman. On March 25, 2009, the court in the Lehman Bankruptcy Proceeding entered an order permitting the issuers of directors' and officers' insurance policies to Lehman to pay or advance defense costs and expenses to current and former directors and officers of Lehman, such as Removing Defendants.

13. Courts have regularly found that third party proceedings are "related to" bankruptcy proceedings when the defendants have claims for indemnification or contribution against the debtor estate or claims to coverage under insurance provided by the bankrupt corporation. *See In re Allegheny Health*, 383 F.3d 169, 176 n. 7 (3d Cir. 2004) (district court had "related to" jurisdiction where defendant had indemnity claim against debtor for defense against third-party claims); *Belcufine v. Aloe*, 112 F.3d 633, 636-37 (3d Cir. 1997) (contractual indemnification claims between directors of a company and the company itself gave rise to "related to" jurisdiction); *In re Worldcom, Inc. Sec. Litig.*, 293 B.R. 308, 321 (S.D.N.Y. 2003) ("Because the effect of contribution claims on the bankruptcy estate is at the very least 'conceivable,' the . . . action is related to the bankruptcy and subject to the jurisdiction of this

6

Court."); *Kennilworth Partners II LP v. Crisman*, No. 00-CV-3218, 2001 WL 30534, at *3 (N.D. Cal. Jan. 3, 2001) (holding that case is "related to" a bankruptcy where "any recovery by plaintiff would be subject to defendants' indemnification claims under [the bankrupt corporation's] by laws and claims for coverage under the [bankrupt] corporation's directors' and officers' insurance policy); *In re Masterwear Corp.*, 241 B.R. 511, 516-17 (Bankr. S.D.N.Y. 1999) (holding that "related to" jurisdiction existed where defendants "may ultimately be entitled to recover some or all of their legal fees and expenses from [the bankrupt corporation] under [its] bylaws").

14.     For any claims or parties not subject to jurisdiction under 28 U.S.C. § 1334, supplemental jurisdiction lies under 28 U.S.C. § 1367 because all claims against all parties in this case form part of the same case or controversy.

**Other Procedural Requirements**

15.     This is not a core proceeding under 28 U.S.C. § 157(b). Removing Defendants do not consent to entry of final orders or judgment by any bankruptcy judge.

16.     Pursuant to 28 U.S.C. § 1446(a), Exhibit A includes a copy of all process, pleadings and orders served upon Removing Defendants, namely the track assignment notice, civil case information statement, summons and complaint.

17.     Removing Defendants will promptly serve a copy of the Notice of Removal on Plaintiff's counsel and file with the Clerk of the Superior Court of the State of New Jersey, Law Division, Mercer County, a Notice of Filing of Notice of Removal pursuant to 28 U.S.C. § 1446(d).

---

[3]     *See* Del. Code Ann. tit. 8, § 145 (authorizing indemnification of directors, officers, employees and agents of corporation).

18. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 and Bankruptcy Rule 9011.

WHEREFORE, the Removing Defendants remove this action in its entirety from the Superior Court of the State of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

By: s/ Jeffrey J. Greenbaum
    JEFFREY J. GREENBAUM

*Attorneys for Defendants Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Ian Lowitt, David Goldfarb, Herbert H. McDade, III, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber*

SIMPSON THACHER & BARTLETT LLP
Michael J. Chepiga
Mary Elizabeth McGarry
Eric M. Albert
425 Lexington Avenue
New York, New York 10017-3954
Telephone: (212) 455-2000

*Attorneys for Defendants Christopher M. O'Meara, Joseph M. Gregory, Ian Lowitt, David Goldfarb, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber*

8

ALLEN & OVERY LLP
Patricia Hynes
Todd Fishman
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300

*Attorneys for Defendant Richard S. Fuld, Jr.*

Dated: April 6, 2009

## CERTIFICATE OF SERVICE

I certify that on this 6th day of April, 2009, I electronically filed the annexed Notice of Removal with the Clerk of the Court by using the CM/ECF system, a true and correct copy of which will be served by Federal Express for priority overnight delivery upon the following:

Cohn Lifland Pearlman Herrmann & Knopf LLP
Peter S. Pearlman
Jeffrey W. Herrman
Park 80 Plaza West-One
Saddle Brook, New Jersey 07663
Telephone: (201) 845-9600

Berger & Montague, P.C.
Merrill G. Davidoff
Lawrence Lederer
Robin Switzenbaum
David Anziska
1622 Locust St.
Philadelphia, PA 19103
Telephone: (215) 875-3000
*Attorneys for Plaintiffs*

                                                /s/ Jeffrey J. Greenbaum
                                                JEFFREY J. GREENBAUM