# Exhibit 3

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| STATE OF NEW JERSEY, DEPARTMENT OF TREASURY, DIVISION OF INVESTMENT, | : : : : | Civ. No. 09-1629 (AET) **MEMORANDUM & ORDER** |
| Plaintiff, | : : | |
| v. | : : | |
| RICHARD FULD, et al., | : : : | |
| Defendants. | : : | |

THOMPSON, U.S.D.J.

This matter is before the Court upon Plaintiff's Motion to Remand [11] and Defendants' Motion to Stay [14]. The Court has decided these motions based upon the submissions of the parties, and held oral arguments on Plaintiff's motion on June 11, 2009. For the reasons stated below, Plaintiff's motion is denied and Defendants' motion is denied as moot.

BACKGROUND

A. Factual Background

This matter arises out of Plaintiff's purchases of securities from Lehman Brothers ("Lehman"). Before its September 2008 Bankruptcy, Lehman was a global financial services firm. Around 2002 or 2003, Lehman amplified its Mortgage Backed Securities ("MBS") practice by securitizing and selling commercial and residential mortgages. In 2007, the housing market, upon which Lehman built its MBS practice, began what eventually became a severe downturn.

Lehman's assets depleted severely, at which point, Plaintiff contends Lehman's former directors and officers, and the accounting firm of Ernst & Young, LLP (collectively "Defendants"), approached Plaintiff with offerings to purchase MBS in April and June 2008–in an effort to raise capital. Plaintiff contends that during Summer 2008, unbeknownst to Plaintiff, Lehman's financial troubles precipitated. In fact, on September 15, 2008, Lehman filed for bankruptcy protection in the Southern District of New York under Chapter 11 of the Bankruptcy Code.

B. Procedural Background

On March 17, 2009, Plaintiff filed suit in the Superior Court of New Jersey, Mercer County, against Defendants alleging three counts of violations of the Securities Act of 1933 and four counts alleging violations of state laws. On April 6, 2009, Defendants filed a Notice of Removal [1], pursuant to 28 U.S.C. §§ 1334(b), 1367, 1441, 1446, 1452(a). On April 22, 2009, Plaintiff filed a Motion to Remand [11]. On April 24, 2009, Defendants filed a Motion to Stay [14] the matter, pending a ruling from the Multi-District Litigation ("MDL") Panel's decision to hear the matter in the Southern District of New York ("S.D.N.Y.").

On April 29, 2009, the Court held a telephonic conference denying Defendants' application to suspend briefing on the Remand Motion, suspended briefing on the Stay Motion, and directed briefing on the Remand Motion to continue. On April 30, 2009, the MDL Panel issued a Conditional Transfer Order ("CTO") conditionally transferring the matter to the S.D.N.Y. On May 14, 2009, Plaintiff filed an objection to the CTO. On June 11, 2009, the Court held oral arguments on Plaintiff's motion.

DISCUSSION

Plaintiff advocates remand for three reasons: (a) the Securities Act bars removal; (b) the federal courts lack bankruptcy jurisdiction because the Defendants' indemnification and

contribution claims are not sufficiently "related-to" Lehman's bankruptcy proceedings; and, (c) the Court should refrain from exercising jurisdiction under the discretionary abstention statute.

A.     Plaintiff's arguments based on the Securities Act.

Plaintiff contends the Securities Act of 1933 ("Securities Act") bars removal of this case. Section 22(a) of the Securities Act states "no case arising under this Act and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. §77v(a). Defendants contend removal based on Section 1452(a) is proper, notwithstanding Section 22(a)'s apparent bar. Section 1452(a) explains that a "party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334." 28 U.S.C. § 1452(a). Section 1334 explains that the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [of the Bankruptcy Code], or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Defendants argue against remand because the sole circuit court to decide the issue reached a conclusion opposite to Plaintiff's argument.

In support of its position, Plaintiff points to U.S. Industries v. Cregg, 540 F.2d 142 (3d Cir. 1976). Cregg dealt with a Delaware corporation and its wholly owned Florida subsidiary that commenced an action in Delaware against a Florida resident. In that case, to obtain jurisdiction, Plaintiff moved for and obtained a sequestration order seizing Defendant's shares in a corporation. The Third Circuit ruled that the single fact of statutory situs of stock was not a sufficient contact with Delaware to support jurisdiction over a defendant in a suit arising out of transactions unrelated to the suit. Therefore, removal was improper and that case was remanded. Id. Plaintiff also cites five other authorities (four district court cases, and one secondary

authority) that purportedly support its proposition. However, none of Plaintiff's cited authorities are factually congruent to the instant case and are all distinguishable.

In support of their argument against remand, Defendants direct the Court to the only circuit court to have ruled on an analogous case, Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 108 (2d Cir. 2004). In Worldcom, the Second Circuit held that the conflict between Section 22(a)'s anti-removal statute and bankruptcy removal, pursuant to Section 1452(a), is resolved in favor of bankruptcy removal. Id. at 90.

Though the Third Circuit has not ruled on the issue, the Second Circuit's ruling, employing reasoning adoptable to this Court, coupled with the absence of any controlling authority in this jurisdiction, counsels the Court to conclude that removal was permissible.

B.  Plaintiff's arguments that Defendants' indemnification and contribution claims are not sufficiently "related-to" Lehman's Bankruptcy Proceedings.

Plaintiff next contends that jurisdiction in this Court is improper because the individually-named Defendants' indemnification and contribution claims are not sufficiently "related-to" Lehman's bankruptcy. Plaintiff contends that the instant action did not arise under or is insufficiently related to the administration of the bankruptcy case. The Court disagrees.

"A proceeding is related to a bankruptcy if the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)(emphasis added). The Third Circuit has ruled that "a key word in the test is 'conceivable.' Certainty or even likelihood is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action of the handling and administration of the bankrupt estate." Halper v. Halper, 164 F.3d, 830, 837 (3d Cir. 1999).

Defendants claim this requirement is met because their indemnification claims impact Lehman's bankruptcy estate. Plaintiff contends Defendants' indemnification claims against Lehman are purely contingent on the outcome of another lawsuit, and therefore are not of sufficient relation to confer jurisdiction in this Court.

Plaintiff argues that only if an indemnification claim has matured and does not require further litigation, can it be the basis of "related-to" jurisdiction. In support of its argument, Plaintiff cites the Third Circuit's holding In re Allegheny Health Educ. & Research Fdn. 383 F.3d 169, 175 n7 (3d Cir. 2004). However, the Allegheny Health court simply stated that if the claim can have an immediate effect on the bankruptcy estate, it has matured, and can confer "related-to" jurisdiction. Id. In Belcufine v. Aloe, the Third Circuit found a district court had proper jurisdiction when the district court concluded that the existence of an indemnification claim could conceivably have an effect on a bankruptcy estate and therefore satisfied the "related-to" test. 112 F.3d 633, 636 (3d Cir. 1997). In Stoe v. Flaherty, the Third Circuit embraced its holding from Belcufine, finding that "related-to" jurisdiction existed because indemnification claims could conceivably have an effect on the bankruptcy estate. 436 F.3d 209, 218-10 (3d Cir. 2006).

The indemnification language in Belcufine giving rise to "related-to" jurisdiction states, as follows:

> The corporation shall indemnify any director or officer of the corporation who was, or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit or proceeding, whether civil, criminal, administrative or investigation (other than an action by or in the right of the corporation) by reason of the fact that he is or was an authorized representative of the corporation (which for the purposes of this Article VIII shall mean a director, officer, employer or agent of the corporation, or a person who is or was serving at the request of the corporation as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust or other enterprise) against expenses (including attorney's fees) judgments, fines and amounts paid in settlement actually and

reasonably incurred by him in connection with such action, suit or proceeding if he acted in good faith and in the manner he reasonably believed to be in, or opposed to, the best interests of the corporation and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful.

In this case, Lehman's by-laws clearly evince intent to indemnify persons based on their connection to Lehman:

> The Corporation . . . *shall indemnify* . . . any person . . . who was or is made a party to or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding (including any appeal thereof), whether civil, criminal, administrative, regulatory or investigative in nature . . . by reason of the fact that such person is or was a director, officer, employee or agent of the Corporation . . . *against expenses (including attorneys' fees and disbursements), costs, judgments,* fines, penalties and *amounts paid in settlement* actually and reasonably incurred by such person in connection with such action, suit or proceeding if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the Corporation. . . . Expenses and costs incurred by any present or former director or officer of the Corporation in defending a civil, criminal, administrative, regulatory or investigative action, suit or proceeding *shall . . . be paid by the Corporation in advance of the final disposition of such action*, suit or proceeding upon receipt of an undertaking in writing by or on behalf of such person to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified in respect of such costs and expenses by the Corporation as authorized by this Article.

The word "shall" makes indemnification mandatory and employs language that the Third Circuit found supportive of "related-to" jurisdiction in <u>Belcufine</u>.

The indemnification language from Lehman's agreement with Defendants is not different from the agreement the Third Circuit found conferring "related-to" jurisdiction in <u>Belcufine</u>. The text of the agreement makes indemnification certain by using broad affirmative language that is likely to have an impact on Lehman's bankruptcy estate. These facts, coupled with the Third Circuit's prior instructions to broadly construe "conceivably" and find related-to jurisdiction when "it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or

freedom of action of the handling and administration of the bankrupt estate," counsel in favor of finding jurisdiction in this Court.

C.   Plaintiff's arguments based on discretionary abstention.

The Court finds Plaintiff's arguments for discretionary abstention and equitable remand both unpersuasive and insufficient to overcome the above issue analysis.

## CONCLUSION

For the reasons given above, and for good cause shown,

IT IS on this 24th day of June, 2009,

ORDERED that Plaintiff's Motion to Remand [11] is DENIED; and it is further

ORDERED that Defendants' Motion to Stay [14] is DENIED as moot.

                                                    s/ Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.