WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (JMP)
                                            :
                Debtors.                     :    (Jointly Administered)
                                            :
----------------------------------------------------------------x
```

**NOTICE OF REVISED PROPOSED ORDER PURSUANT
TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9019 FOR AUTHORITY TO
(I) ENTER INTO THE THIRD AMENDED JOINT CHAPTER 11 PLAN
PROPOSED BY THE LEHMAN CREDITORS AND THE SUNCAL TRUSTEE
ON BEHALF OF THE SUNCAL INVOLUNTARY DEBTORS IN EIGHT OF
THE SUNCAL INVOLUNTARY DEBTORS' CASES; (II) ENTER INTO THE THIRD
AMENDED JOINT CHAPTER 11 PLAN PROPOSED BY THE LEHMAN LENDERS
IN ELEVEN OF THE SUNCAL VOLUNTARY DEBTORS' CASES; AND (III)
PARTICIPATE IN ANY AUCTION OF THE SUNCAL DEBTORS' ASSETS**

        PLEASE TAKE NOTICE that in connection with the hearing to be held on July
20, 2011 at 10:00 a.m. with respect to the motion (the "Motion")[1] [ECF No. 18122] of Lehman
Commercial Paper Inc. ("LCPI") and its affiliated debtors in the above-referenced chapter 11
cases (together, the "Debtors"), pursuant to section 363 of title 11 of the United States Code and
Rule 9019 of the Federal Rules of Bankruptcy Procedure for an order authorizing LCPI to (i)
enter into, along with Lehman ALI and certain of LCPI's other non-debtor affiliates, the third
amended joint chapter 11 plan being jointly proposed with the SunCal Trustee in the chapter 11
cases of eight of the SunCal Involuntary Debtors; (ii) enter into the third amended joint chapter

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion. Since the
filing of the Motion the Second Amended Lehman/Trustee TD Plan and the Second Amended Lehman VD Plan
have been amended, as further discussed in the supplemental declaration of Alfredo R. Pérez in connection with the
Motion, filed with the Court on July 18, 2011 [ECF No. 18612].

11 plan being jointly proposed with Lehman ALI in the chapter 11 cases of eleven of the SunCal Voluntary Debtors; and (iii) participate in any auction of the SunCal Debtors' Assets, the Debtors hereby file a revised form of order approving the Motion.

PLEASE TAKE FURTHER NOTICE that attached hereto as <u>Exhibit A</u> is a clean copy of the revised form of order granting the Motion.  Attached hereto as <u>Exhibit B</u> is a blacklined copy of the revised form of order granting the Motion, marked to reflect modifications made to the proposed order annexed to the Motion.

Dated:  July 19, 2011
      New York, New York

/s/ Alfredo R. Pérez
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit A</u>**
**(Revised Proposed Order - Clean)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                          :
In re                                                     :          Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :          08-13555 (JMP)
                                                          :
                              Debtors.                    :          (Jointly Administered)
                                                          :
-------------------------------------------------------------------x


### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR AUTHORITY TO (I) ENTER INTO THE THIRD AMENDED JOINT CHAPTER 11 PLAN PROPOSED BY THE LEHMAN CREDITORS AND THE SUNCAL TRUSTEE ON BEHALF OF THE SUNCAL INVOLUNTARY DEBTORS IN EIGHT OF THE SUNCAL INVOLUNTARY DEBTORS' CASES; (II) ENTER INTO THE THIRD AMENDED JOINT CHAPTER 11 PLAN PROPOSED BY THE LEHMAN LENDERS IN ELEVEN OF THE SUNCAL VOLUNTARY DEBTORS' CASES; AND (III) <u>PARTICIPATE IN ANY AUCTION OF THE SUNCAL DEBTORS' ASSETS</u>

Upon the motion (the "<u>Motion</u>"),[1] of Lehman Brothers Holdings Inc. ("<u>LBHI</u>")

and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman

Commercial Paper Inc. ("<u>LCPI</u>"), as debtors (the "<u>Debtors</u>"), pursuant to section 363 of title 11

of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for an order authorizing LCPI to (i) enter into,

along with Lehman ALI and certain of LCPI's other non-debtor affiliates, the third amended

joint chapter 11 plan being jointly proposed with the SunCal Trustee in the chapter 11 cases of

eight of the SunCal Involuntary Debtors; (ii) enter into the third amended joint chapter 11 plan

being jointly proposed with Lehman ALI in the chapter 11 cases of eleven of the SunCal

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion. Since the filing of the Motion the Second Amended Lehman/Trustee TD Plan and the Second Amended Lehman VD Plan have been amended, as further discussed in the supplemental declaration of Alfredo R. Pérez in connection with the Motion, filed with the Court on July 18, 2011, ECF No. 18612.

Voluntary Debtors; and (iii) directly or with LBHI through any of their debtor or non-debtor affiliates or subsidiaries, to participate in any auction of the SunCal Debtors' assets, all as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the SunCal Trustee; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are duly authorized, but not directed, to (i) enter into the Third Amended Lehman/Trustee TD Plan and consummate all of the transactions contemplated thereunder, as described in the Motion; (iii) execute and deliver such documents, instruments, certificates

agreements and to take such other actions as may be reasonably necessary to consummate the

transactions contemplated under the Third Amended Lehman/Trustee TD Plan, and (iv) consent

to any amendment, restatement, waiver, supplement or other modification of any of the

documents contemplated under the Third Amended Lehman/Trustee TD Plan, it being

understood that any actions described in this paragraph taken by the Debtors or their affiliates

may be taken without the necessity of (x) any further court proceedings or approval or (y) any

consent of any third party, and shall be conclusive and binding in all respects on all parties in

interest in these cases; and it is further

ORDERED that the Debtors are authorized, but not directed, to make all

payments contemplated under the Third Amended Lehman/Trustee TD Plan, as described in the

Motion, subject to the terms of the Third Amended Lehman/Trustee TD Plan; *provided*,

*however*, that if, prior to such plan's effective date, the Lehman Creditors' good faith estimate of

the amount of the funding the Lehman Creditors could be required to provide exceeds $55

million, plus the amount of the administrative loans any of them made after August 10, 2010, the

Debtors will consult with and obtain the consent of the Creditors' Committee prior to

determining whether to consummate the Third Amended Lehman/Trustee TD Plan; and it is

further

ORDERED pursuant to section 363 of the Bankruptcy Code, the Debtors are duly

authorized, but not directed, to (i) enter into the Third Amended Lehman VD Plan and

consummate all of the transactions contemplated thereunder, as described in the Motion; (ii)

execute and deliver such documents, instruments, certificates agreements and to take such other

actions as may be reasonably necessary to consummate the transactions contemplated under the

Third Amended Lehman VD Plan, and (iv) consent to any amendment, restatement, waiver,

supplement or other modification of any of the documents contemplated under the Third

Amended Lehman VD Plan, it being understood that any actions described in this paragraph

taken by the Debtors or their affiliates may be taken without the necessity of (x) any further court

proceedings or approval or (y) any consent of any third party, and shall be conclusive and

binding in all respects on all parties in interest in these cases; and it is further

ORDERED that the Debtors are authorized, but not directed, to make all

payments contemplated under the SunCal VD Plan, as described in the Motion, subject to the

terms of the SunCal VD Plan; *provided*, *however*, that if, prior to such plan's effective date,

either (a) the Lehman Lenders' good faith estimate of the amount of funding the Lehman

Lenders could be required to provide under the plan exceeds $22 million with respect to the

Group I Debtors or (b) the Lehman Lenders' good faith estimate of "Allowed Senior Claims" (as

defined in the Third Amended Lehman VD Plan) exceeds $3 million with respect to the Group II

Debtors, the Debtors will consult with and obtain the consent of the Creditors' Committee prior

to determining whether to consummate the Third Amended Lehman VD Plan; and it is further

ORDERED that the LCPI and/or LBHI may cash bid in the SunCal Property

Auction or any market sale of the SunCal Properties, *provided, however*, any such cash bids are

subject to the business judgment of the Debtors' Board of Directors and the consent of the

Creditors' Committee; and it is further

ORDERED that LBHI may provide for the LBHI Plan Funding, *provided* that, the

allocation of costs and benefits between LBHI and LCPI in connection with the funding of the

Third Amended Lehman/Trustee TD Plan and Third Amended Lehman VD Plan (together, the

"Lehman Plans") is preserved for determination at a later date; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LCPI, LBHI, or any other Lehman entity that is party to the SunCal Plans, that such Lehman entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties, and the Debtors are hereby authorized and directed to execute such further documents to evidence such reservations; and it is further

ORDERED that nothing contained in the Lehman Plans, the SunCal Plans or in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or any Lehman Creditor, that such entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties; and it is further

ORDERED that any and all pre- and post-petition claims, rights and obligations that the Debtors may have against each other in connection with the subject matter of the Motion or the transactions contemplated by the Lehman Plans and the SunCal Plans are hereby fully preserved and shall not be prejudiced by the entry of this Order; and it is further

ORDERED that the allocation of costs and benefits between or among the Debtors and non-Debtor affiliates in connection with the SunCal Plans is preserved; and it is further

ORDERED that the SunCal Plans may be modified, amended or supplemented by the proponents thereof without further order of the Court, and any agreements, documents or other instruments related to the SunCal Plans, documents or other instruments may be modified,

amended or supplemented by the parties thereto, in a writing signed by such parties, and in

accordance with the terms thereof, in consultation with the Creditors' Committee and without

further order of the Court, *provided* that, in each case, any such modification, amendment or

supplement does not have a material adverse effect on the Debtors' estates; and it is further

          ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.


Dated: July __, 2011
      New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**
**(Marked Revised Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                           :

**In re**                            :          **Chapter 11 Case No.**
                                           :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :          **08-13555 (JMP)**
                                           :

                          **Debtors.**          :          **(Jointly Administered)**
                                           :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT
TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9019 FOR AUTHORITY TO
(I) ENTER INTO THE ~~SECOND~~THIRD AMENDED JOINT CHAPTER 11 PLAN
PROPOSED BY THE LEHMAN CREDITORS AND THE SUNCAL TRUSTEE
ON BEHALF OF THE SUNCAL INVOLUNTARY DEBTORS IN EIGHT OF
THE SUNCAL INVOLUNTARY DEBTORS' CASES; (II) ENTER INTO THE
~~SECOND~~THIRD AMENDED JOINT CHAPTER 11 PLAN PROPOSED BY THE
LEHMAN LENDERS
IN ELEVEN OF THE SUNCAL VOLUNTARY DEBTORS' CASES; AND (III)
PARTICIPATE IN ANY AUCTION OF THE SUNCAL DEBTORS' ASSETS**

Upon the motion (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI")

and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman

Commercial Paper Inc. ("LCPI"), as debtors (the "Debtors"), pursuant to section 363 of title 11

of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for an order authorizing LCPI to (i) enter into,

along with Lehman ALI and certain of LCPI's other non-debtor affiliates, the ~~second~~third

amended joint chapter 11 plan being jointly proposed with the SunCal Trustee in the chapter 11

cases of eight of the SunCal Involuntary Debtors; (ii) enter into the ~~second~~third amended joint

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion. Since the filing of the Motion the Second Amended Lehman/Trustee TD Plan and the Second Amended Lehman VD Plan have been amended, as further discussed in the supplemental declaration of Alfredo R. Pérez in connection with the Motion, filed with the Court on July 18, 2011, ECF No. 18612.

chapter 11 plan being jointly proposed with Lehman ALI in the chapter 11 cases of eleven of the

SunCal Voluntary Debtors; and (iii) directly or with LBHI through any of their debtor or non-

debtor affiliates or subsidiaries, to participate in any auction of the SunCal Debtors' assets, all as

more particularly described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion having been provided in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures for these cases, ECF No. 9635, on (i) the U.S.

Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) counsel to the SunCal Trustee; and (vii) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates and creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefore, it is

> ORDERED that the Motion is granted as provided herein; and it is further

> ORDERED that, pursuant to section 363 of the Bankruptcy Code and Bankruptcy

Rule 9019, the Debtors are duly authorized, but not directed, to (i) enter into the ~~Second~~Third

Amended Lehman/Trustee TD Plan and consummate all of the transactions contemplated

thereunder, as described in the Motion; (iii) execute and deliver such documents, instruments,

certificates agreements and to take such other actions as may be reasonably necessary to

consummate the transactions contemplated under the ~~Second~~Third Amended Lehman/Trustee

TD Plan, and (iv) consent to any amendment, restatement, waiver, supplement or other

modification of any of the documents contemplated under the ~~Second~~Third Amended

Lehman/Trustee TD Plan, it being understood that any actions described in this paragraph taken

by the Debtors or their affiliates may be taken without the necessity of (x) any further court

proceedings or approval or (y) any consent of any third party, and shall be conclusive and

binding in all respects on all parties in interest in these cases; and it is further

ORDERED that the Debtors are authorized, but not directed, to make all

payments contemplated under the ~~Second~~Third Amended Lehman/Trustee TD Plan, as described

in the Motion, subject to the terms of the ~~Second~~Third Amended Lehman/Trustee TD Plan;

*provided*, *however*, that if, prior to such plan's effective date, the Lehman Creditors' good faith

estimate of the amount of the funding the Lehman Creditors could be required to provide

exceeds $55 million, plus the amount of the administrative loans any of them made after August

10, 2010, the Debtors will consult with and obtain the consent of the Creditors' Committee prior

to determining whether to consummate the ~~Second~~Third Amended Lehman/Trustee TD Plan;

and it is further

ORDERED pursuant to section 363 of the Bankruptcy Code, the Debtors are duly

authorized, but not directed, to (i) enter into the ~~Second~~Third Amended Lehman VD Plan and

consummate all of the transactions contemplated thereunder, as described in the Motion; (ii)

execute and deliver such documents, instruments, certificates agreements and to take such other

actions as may be reasonably necessary to consummate the transactions contemplated under the

~~Second~~Third Amended Lehman VD Plan, and (iv) consent to any amendment, restatement,

waiver, supplement or other modification of any of the documents contemplated under the

~~Second~~Third Amended Lehman VD Plan, it being understood that any actions described in this

paragraph taken by the Debtors or their affiliates may be taken without the necessity of (x) any

further court proceedings or approval or (y) any consent of any third party, and shall be

conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that the Debtors are authorized, but not directed, to make all

payments contemplated under the SunCal VD Plan, as described in the Motion, subject to the

terms of the SunCal VD Plan; *provided*, *however*, that if, prior to such plan's effective date,

either (a) the Lehman Lenders' good faith estimate of the amount of funding the Lehman

Lenders could be required to provide under the plan exceeds $22 million with respect to the

Group I Debtors or (b) the Lehman Lenders' good faith estimate of "Allowed Senior Claims" (as

defined in the ~~Second~~Third Amended Lehman VD Plan) exceeds $3 million with respect to the

Group II Debtors, the Debtors will consult with and obtain the consent of the Creditors'

Committee prior to determining whether to consummate the ~~Second~~Third Amended Lehman VD

Plan; and it is further

ORDERED that the LCPI and/or LBHI may cash bid in the SunCal Property

Auction or any market sale of the SunCal Properties, *provided, however*, any such cash bids are

subject to the business judgment of the Debtors' Board of Directors and the consent of the

Creditors' Committee; and it is further

ORDERED that LBHI may provide for the LBHI Plan Funding*, provided that, the

allocation of costs and benefits between LBHI and LCPI in connection with the funding of the*

Third Amended Lehman/Trustee TD Plan and Third Amended Lehman VD Plan (together, the "Lehman Plans") is preserved for determination at a later date; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LCPI, LBHI, or any other Lehman entity that is party to the SunCal Plans, that such Lehman entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties, and the Debtors are hereby authorized and directed to execute such further documents to evidence such reservations; and it is further

ORDERED that nothing contained in the Lehman Plans, the SunCal Plans or in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI or any Lehman Creditor, that such entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties; and it is further

ORDERED that any and all pre- and post-petition claims, rights and obligations that the Debtors may have against each other in connection with the subject matter of the Motion or the transactions contemplated by the Lehman Plans and the SunCal Plans are hereby fully preserved and shall not be prejudiced by the entry of this Order; and it is further

ORDERED that the allocation of costs and benefits between or among the Debtors and non-Debtor affiliates in connection with the SunCal Plans is preserved; and it is further

ORDERED that the SunCal Plans may be modified, amended or supplemented by

the proponents thereof without further order of the Court, and any agreements, documents or

other instruments related to the SunCal Plans, documents or other instruments may be modified,

amended or supplemented by the parties thereto, in a writing signed by such parties, and in

accordance with the terms thereof, in consultation with the Creditors' Committee and without

further order of the Court, *provided* that, in each case, any such modification, amendment or

supplement does not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order.


Dated: July __, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE