UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                               :
                    Debtors.                           :    (Jointly Administered)
-------------------------------------------------------------------x

## ORDER AUTHORIZING THE DEBTORS TO (I) TERMINATE AND SETTLE OR (II) REJECT CERTAIN PREPETITION DERIVATIVES CONTRACTS WITH TRUSTS FOR WHICH U.S. BANK NATIONAL ASSOCIATION SERVES AS INDENTURE TRUSTEE AND RELATED RELIEF

Upon the motion dated June 27, 2011 (the "Motion") of Lehman Brothers Special Financing Inc. ("LBSF"), as debtor and debtor-in-possession, together with Lehman Brothers Holdings Inc. ("LBHI") and their affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105(a) and 365 of the Bankruptcy Code[1] and Bankruptcy Rule 6006, 9014 and 9019, for authorization to (i) terminate and settle or (ii) reject certain prepetition derivatives contracts and related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635], and it appearing that no other or further notice need be provided; and a hearing having been held to consider the Motion; and upon the Court's consideration of the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion and the record of the hearing to consider the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor, it is

ADJUDGED, FOUND AND DETERMINED:

A.  The relief sought in the Motion is in the best interests of the Debtors and their estates and creditors, holders of notes, certificates or investments in the Trusts, and all parties in interest, and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.

B.  U.S. Bank, in its capacity as Trustee, provided reasonable notice of the Motion to holders of notes, certificates or other investments in the Trusts.

C.  The compromises set forth in the Motion are fair and reasonable and there is no bona fide basis for any claims or actions against the Debtors or U.S. Bank, as Trustee or in its individual capacity, arising out of the participation in the negotiation and implementation of the relief requested in the Motion.

NOW, THEREFORE, IT IS:

ORDERED that, the Motion is granted; and it is further

ORDERED that the Settled Derivatives Contracts are hereby terminated as of the applicable date set forth on Exhibit A to the Motion (the "Termination Date") and, other than the Settled Derivatives Claims, the Debtors and the Trusts shall have no further rights, obligations or liabilities of any kind, nature and character whatsoever arising under or related to the Settled Derivatives Contracts other than as set forth herein; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Rejected Derivatives Contract is hereby rejected; and it is further

ORDERED that, in accordance with section 562 of the Bankruptcy Code, the Settled Derivatives Claims against LBSF and the Guarantee Claims against LBHI shall be allowed in the Settlement Amounts set forth in <u>Exhibit A</u> annexed to the Motion; <u>provided, however</u>, that the aggregate recovery of a Trust from LBSF and LBHI together in respect of its Claims shall not exceed its respective allowed Derivatives Claim; and it is further

ORDERED that the allowed Claims set forth in <u>Exhibit A</u> annexed to the Motion are in full and complete satisfaction of (i) the Claims and all claims of the Trusts against LBSF, LBHI and any other Debtor in connection with the Settled Derivatives Contracts and (ii) all claims of LBSF, LBHI and any other Debtor against the Trusts in connection with the Settled Derivatives Contracts.  Neither the Trusts nor the Debtors shall have any right to assert any other claims or claim amounts under their respective Settled Derivatives Contracts; *provided, however*, that this Order shall not affect the Excluded Guarantee Claim in any respect and the Debtors and the Trustee reserve all rights and defenses with respect thereto; and it is further

ORDERED that all holders of notes, certificates or other investments in the Trusts are bound by, and deemed to have consented to, the termination of the Settled Derivatives Contracts, the settlement of the Settled Derivatives Contracts in the Settlement Amounts and the terms of this Order; and it is further

ORDERED that the Debtors, U.S. Bank, as Trustee or in its individual capacity, and their respective legal counsel and/or financial advisors shall not have any liability for any claims, demands, suits, actions or causes of action arising out of the participation in the negotiation and implementation of the relief requested in the Motion and holders of the relevant securities issued by the Trusts shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing claims in any way related to the matters that are the

subject of this Motion against U.S. Bank individually or as Trustee and the Debtors; and it is further

ORDERED that, pursuant to section 562(a) of the Bankruptcy Code, any claim for damages arising as a result of the Debtors' rejection of the Rejected Derivatives Contract shall be allowed against LBSF in the Damage Amount set forth on Exhibit B to the Motion; and it is further

ORDERED that the Damage Amount set forth in Exhibit B annexed to the Motion is in full and complete satisfaction of (i) the applicable Trust against LBSF and any other Debtor in connection with the Rejected Derivatives Contract and any guarantee thereof and (ii) all claims of LBSF and any other Debtor against the applicable Trust in connection with the Rejected Derivatives Contract. Neither the applicable Trust nor the Debtors shall have any right to assert any other claims or claim amounts under their respective Rejected Derivatives Contract or any guarantee thereof; and it is further

ORDERED that, pursuant to Bankruptcy Rules 6006(g) and 9014, the rejection by the Debtors of the Rejected Derivatives Contract constitutes a separate contested matter, and any objection, stay or appeal with respect to the Rejected Derivatives Contract shall not affect the applicability or finality of this Order with respect to the other Derivatives Contracts covered hereby; and it is further

ORDERED that the terms of this Order are effective and enforceable as of the date of this Order; and it is further

ORDERED that Epiq Systems, Inc., the Debtors' court-appointed claims and noticing agent, is authorized and directed to modify the Debtors' official claims registry to reflect the relief provided herein; and it is further

ORDERED that the Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       July 21, 2011

                                             *s/ James M. Peck*
                                             HONORABLE JAMES M. PECK
                                             UNITED STATES BANKRUPTCY JUDGE