UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                        :

In re                                        :        Chapter 11 Case No.
                                          :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                          :

                         Debtors.             :        (Jointly Administered)
                                            :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT
TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY
CODE FOR AUTHORIZATION TO (I) EXPAND THE SCOPE OF
LEGAL COSTS THAT THEY MAY ADVANCE TO FORMER EMPLOYEES
AND (II) TO ADVANCE LEGAL COSTS TO CURRENT DIRECTORS**

Upon the motion, dated June 28, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (the "Debtors"), pursuant to sections 105(a) and 363(b)(1) of title 11 to the United States Code (the "Bankruptcy Code"), for an order authorizing the Debtors to (i) expand the scope of legal costs that they may advance to former employees and (ii) to advance legal costs to current directors, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in accordance with the procedures set forth in the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the relief sought in the Motion being in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the scope of the Legal Costs Fund is expanded to include potential and actual litigation with the Debtors' insurers regarding coverage disputes, as more fully set forth in the Motion; and it is further

ORDERED that pursuant to sections 105(a) and 363(b)(1), the Debtors are authorized to advance funds for the Current Directors' Costs Fund subject to the conditions stated immediately below; and it is further

ORDERED that before the legal costs of the any of the Current Directors are paid: (i) that each of the applicable Current Directors execute (a) a written affirmation of the Current Director's belief that he or she has conducted himself or herself in good faith and reasonably believed that such conduct was in the best interests of the Debtors, and (b) a written undertaking to repay the Debtors legal costs paid by the Debtors if it is determined that the Current Director has acted in bad faith; and (ii) the fees and expenses of the various law firms representing the Current Directors must be reviewed for reasonableness by the Debtors and the Creditors' Committee; and it is further

ORDERED that nothing in this Order or the Motion nor the payment of legal costs by the Debtors shall prejudice any claims or rights that the Debtors or Current Directors may have against any insurance provider with respect to the legal costs incurred by the Current Directors and paid by the Debtors pursuant to this Order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       July 21, 2011

                                    *s/ James M. Peck*
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE