IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS<br>HOLDINGS, INC., et al.,<br><br>Debtors. | Case No. 08-13555 (JMP)<br><br>Chapter 11<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF EVANGELICAL CHRISTIAN
CREDIT UNION PURSUANT TO SECTION 362(d) OF THE
BANKRUPTCY CODE FOR RELIEF FROM THE AUTOMATIC STAY**

Upon the motion, dated April 26, 2011 (the "**Motion**"),[1] of Evangelical Christian Credit Union ("**ECCU**") for entry of an order terminating the automatic stay pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") with respect to the approximately 22 acres of expansion land located at 3260 Rubidoux Boulevard in Riverside, California (the "**Property**"), as fully described in the Deed of Trust on which Lehman Commercial Paper Inc. (the "**Debtor**", and together with Lehman Brothers Holdings Inc. and its affiliated debtors and debtors-in-possession, "**Lehman**") holds a subordinate lien to permit ECCU to exercise its state law remedies; and the *Declaration of Michael Boblit in support of Motion of Evangelical Christian Credit Union For Relief from the Automatic Stay* (the "**Boblit Declaration**"); and the Court having read and considered the Motion, objections to the Motion, if any, and arguments of any counsel appearing regarding the relief requested in the Motion at any hearing on the Motion, the Court finds and determines the following:

---

[1] Terms capitalized but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

  A. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

  B. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

  C. The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334.

  D. Due and proper notice of the Motion has been provided and no further notice is necessary.

  E. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

  F. The relief granted herein is in the best interests of the Debtor, its estate, creditors, and all parties in interest.

  Therefore, it is hereby ORDERED that:

  1. The Motion is GRANTED in all respects and as set forth below. Objections to the Motion, if any, that have not been withdrawn are hereby overruled.

  2. The automatic stay in effect in Lehman's bankruptcy cases is hereby terminated in favor of ECCU to permit ECCU to exercise any and all rights it may have under the Loan Documents and state law with respect to the Property without further Court order.

  3. This Order shall be effective immediately upon entry and the modification of the automatic stay shall not be stayed by operation of Rule 4001 of the Bankruptcy Rules.

4. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: New York, New York
July 21, 2011

                                                *s/ James M. Peck*
                                                HONORABLE JAMES M. PECK
                                                UNITED STATES BANKRUPTCY JUDGE