JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Lisa G. Laukitis

-and-

555 South Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
Philip E. Cook

*Attorneys for Roland Hansalik, George Barclay Perry, and Joseph Arena*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **Lehman Brothers Holdings Inc., *et al.*,** | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**ORDER, PURSUANT TO SECTION 362 OF THE BANKRUPTCY
CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY
TO ALLOW PAYMENT OF A JUDGMENT UNDER THE DIRECTORS
AND OFFICERS INSURANCE POLICIES ISSUED TO THE DEBTORS**

Upon the motion, dated June 29, 2011 (the "Motion") of Roland Hansalik, George Barclay Perry and Joseph Arena (collectively, the "Insured Persons"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay (to the extent applicable and necessary) to allow payment of an award entered by an arbitration panel appointed by the Financial Industry Regulatory Authority against the Insured

Persons for $15.0 million (the "Award") under the directors' and officers' liability insurance policies issued to the Debtors for claims made during the 2007-2008 policy period (collectively, the "D&O Policies"); upon finding that the Court has jurisdiction to consider the Motion and grant the relief requested therein pursuant to 28 U.S.C. §§ 157(b) and 1334; upon finding that notice of the Motion was appropriate in all respects; upon consideration of the Motion and any objections thereto, and just cause appearing;

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The Motion, as modified herein, is GRANTED;

2. Pursuant to sections 105(a), 362(a), and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified and/or lifted to allow the Insured Persons to seek and obtain, and to allow the insurance carriers for the D&O Policies (including without limitation Zurich American Insurance Company and ACE Bermuda Insurance Ltd.) (collectively, the "D&O Insurers") to pay, without further order of the Court, the Award under the D&O Policies.

3. Nothing in this Order shall modify, alter or accelerate the rights and obligations of the D&O Insurers, the Debtors, or the Insured Persons provided for under the terms and conditions of the D&O Policies. All rights and defenses that the parties to the D&O Policies would otherwise have are reserved.

4. Nothing in this Order shall constitute a determination that the proceeds of the D&O Policies are property of the Debtors' estate, and the rights of all parties in interest to assert that the proceeds of the D&O Policies are, or are not, property of the Debtors' estates are hereby preserved.

5. Nothing contained herein may be deemed to be, or construed as, a determination regarding: (a) the existence of any connection or relationship between U.S. Airways, Inc. or any of its affiliates (collectively, "US Airways") and any of the Debtors, (b) the validity or enforceability of any claim or cause of action asserted by US Airways against any of the Debtors, or (c) any other matter involving US Airways and the Debtors, and all rights of the Debtors to object to, or otherwise contest, any claim or cause of action asserted by US Airways against the Debtors for any reason are expressly reserved.

6. This Order shall be effective immediately; the fourteen-day stay provided under Bankruptcy Rule 4001(a)(3) is hereby waived.

7. This Court shall retain jurisdiction over all matters arising from or relating to implementation of this Order.

Dated: New York, New York
July 21, 2011

*s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE