UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                                :    Chapter 11 Case No.
                                                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :    08-13555 (JMP)
                                                                                        :
                            Debtors.                                      :    (Jointly Administered)
-------------------------------------------------------------------x

### FIFTH SUPPLEMENTAL ORDER GRANTING DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the sixty-seventh omnibus objection to claims, dated November 3, 2010 (the "Sixty- Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), clarify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records; that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim; and that the Debtor against whom the claim is asserted, in certain instances, has been determined by the Debtors to be in need of clarification after a review of the claimants' supporting documentation; all as more fully described in the Sixty-Seventh Omnibus Objection to Claims;

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Sixty-Seventh Omnibus Objection to Claims.

and due and proper notice of the Sixty-Seventh Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Sixty-Seventh Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9653]; and it appearing that no other or further notice need be provided; and upon the resolution of the Response of Lloyds TSB Bank PLC to Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. 13201], including Proof of Claim numbers 17729 and 17730 filed by Lloyds TSB Bank Plc, these claims having been objected to in Debtors' Sixty-Seventh Omnibus Objection to Claims; and a hearing having been held on July 21, 2011; and the Court having found and determined that the relief sought in the Sixty-Seventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Sixty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

      ORDERED that the relief requested in the Sixty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that each Valued Derivative Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under the column heading "Modified Claim Amount," and reclassified to the classification listed under the column heading "Modified Class"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Sixty-Seventh Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u>, annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      July 21, 2011                       *s/ James M. Peck*
                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE