UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
                                                )
In re:                                          )  Chapter 11
                                                )
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        )  Case No. 08-13555 (JMP)
                                                )
                                                )
                                                )
                                                )
         Debtors                                )  (Jointly Administered)
---------------------------------------------------------------------x

# PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| RBS Securities Inc.<br>Name of Transferee | Greenlight Capital, L.P.<br>Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>The Royal Bank of Scotland plc<br>600 Washington Blvd.<br>Stamford, CT 06901<br>Attention: Jeffery Farkas<br><br>With a copy to:<br>Andrews Kurth LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>Attn: David Hoyt | **Case No. 08-13555**<br>Court Claim # (if known): 67474 (amending Claim No. 55796)<br>Amount of Claim: $1,731,809.35<br>Debtor: Lehman Brothers Holdings Inc. |

NYC:230439.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Greenlight Capital, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **RBS Securities Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) a 100% undivided interest, to the extent of each principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55796** and the amended Proof of Claim, Number **67474**, each filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of "Lehman Programs Securities" of a similar nature.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

NYC:228537.1

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12 day of July 2011.

| GREENLIGHT REINSURANCE, LTD. | RBS SECURITIES INC. |
|---|---|
| By: /s/ Harry Brandler | By: /s/ Jon Weiss |
| Name: Harry Brandler | Name: Jon Weiss |
| Title: CFO of DME Advisors, L.P., its Investment Advisor | Title: Managing Director |
| c/o DME Advisors, L.P. | Address |
| 140 East 45th Street, 24th Floor | 600 Washington Boulevard, |
| New York, NY 10017 | Stamford, CT, 06901, USA |
| Attn: Harry Brandler | Attn: Jeffrey Farkas |
| | Tel: +1 203 897 6841 |

NYC:228531.1

Schedule 1

Transferred Claims

Purchased Claim

$1,731,809.35* of the total outstanding amount of the Proof of Claim as of July 13, 2011.

Lehman Programs Securities to which Transfer Relates

|   | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 1 | MXN 3YR FIXED | XS0264737726 | Lehman Brothers Treasury Co. B.V. ("LBT") | Lehman Brothers Holdings Inc. ("LBHI") | MXN 15,200,000.00 (USD $1,437,284.26) | 22-Nov-2009 | To be determined* |
| 2 | 10YR NC3M CALLABLE INDEX LINKED NOTE | XS0353349045 | LBT | LBHI | USD $13,800.00 | 31-Mar-2018 | To be determined* |
| 3 | 10YN NC3M CALLABLE LIBOR RANGE | XS0352111289 | LBT | LBHI | USD $37,200.00 | 26-Mar-2018 | To be determined* |
| 4 | 10Y NC3M CALLABLE LIBOR RANGE ACCRUAL NOTE | XS0339479841 | LBT | LBHI | USD $16,000.00 | 31-Jan-2018 | To be determined* |
| 5 | 6YR CHF DOMESTIC | CH0029197156 | LBT | LBHI | CHF 63,200.00 (USD $56,458.84 | 14-Mar-2013 | To be determined* |
| 6 | ITALIAN INFLATION LINKED NOTE | XS0176153350 | LBT | LBHI | EUR 22,900.00 (USD $32,460.75) | 10-Oct-2013 | To be determined* |
| 7 | 10Y NC3M CALLABLE LIBOR RANGE ACCRUAL NOTE | XS0336952337 | LBT | LBHI | USD $100,900.00 | 3-Jan-2018 | To be determined* |
| 8 | INFLATION LINKED 1.5 * CPI | XS0244093927 | LBT | LBHI | EUR 26,600.00 (USD $37,705.50) | 1-Mar-2012 | To be determined* |

These claims are based on amounts owed by Lehman Brothers Holdings Inc. as the guarantor of certain claims against Lehman Brothers Treasury Co. B.V., a debtor in insolvency proceedings with the Amsterdam District Court (the "Dutch Proceeding").

* Such amount shall be increased by any accrued interest, any enhanced returns on principal, recognized claim differential from the corresponding claims in the Dutch Proceeding and expenses to the extent permitted by the governing documents and applicable law.

NYC:228537.1                                                     Schedule 1–1