B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                          Case No. **08-13555**

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**ALDEN GLOBAL DISTRESSED OPPORTUNITIES MASTER FUND L.P.**
Name of Transferee

**ILLIQUIDX LIMITED**
Name of Transferor

Name and Address where notices to transferee should be sent:

**Chris Schofield**
**Alden Global Capital**
**885 Third Avenue**
**New York, New York 10022**
**Phone: 212-418-6862**
**Email: CSchofield@smithnyc.com**

Court Claim # (if known): 42026
Total Amount of Claim Filed:
USD $ 2,000,000.00
Amount of Claim Transferred:
USD $ 2,000,000.00
ISIN/CUSIP: XS0328586606
Date Claim Filed: 19 October 2009

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____                          Date: 7/21/2011
Transferee/Transferee's Agent
Jason Pecora
Managing Director - Operations
Alden Global Capital

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Form 210B (12/09)**

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                     **Case No. 08-13555**

### NOTICE OF TRANSFER OF CLAIM
### OTHER THAN FOR SECURITY

Claim No. **42026** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the clerk's office of this court on ..................

| | |
|---|---|
| **ILLIQUIDX LIMITED** | **ALDEN GLOBAL DISTRESSED OPPORTUNITIES MASTER FUND LP** |
| Name of Alleged Transferor | Name of Transferee |
| | |
| Address of Alleged Transferor: | Address of Transferee: |
| **Illiquidx Ltd** | **Alden Global Capital** |
| **107-111 Fleet Street** | **885 Third Avenue** |
| **London EC4A 2AB** | **New York, New York 10022** |
| **United Kingdom** | **Chris Scholfield** |
| **Phone:** | **Phone: 212-418-6862** |
| **Email:** | **Email: CScholfield@smithnyc.com** |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                          _____
                                          CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Illiquidx Ltd. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Alden Global Distressed Opportunities Master Fund, LP (the "Purchaser"), under the condition set out in clause 7 and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 42026 filed by or on behalf of Best Worth Assets Limited ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto together with all rights and claims of the Seller against the issuer of each Purchased Security in respect thereof.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and

hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Each of Seller and Purchaser agrees that the delivery obligations of the Seller under this Agreement and Evidence of Transfer of Claim are subject to receipt by the Seller of the relevant purchase price. In the event that such prior purchase is not successfully completed, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20th day of June, 2011.

BUYER
Alden Global Distressed Opportunities Master Fund, LP
By:
Name: Jason Pecora
Title: Managing Director - Operations Alden Global Capital
Telephone:
Email:

SELLER
Illiquidx Ltd.
80 Fleet Street London EC4Y 1EL
UNITED KINGDOM
By:
Name: Celestino Amore
Title: *Managing Director*
Telephone: +44 207-832-0181
Email: amore@illiquidx.com

**SCHEDULE 1**

**Transferred Claims**

Purchased Claim

100% of US$ 2,000,000.00 which is the equivalent of US$ 2,000,000.00 (the outstanding amount of ISIN/CUSIP XS0328586606 as described in the Proof of Claim as of 20th day of June, 2011), plus all accrued interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | U.S. $ Amount claimed in Proof of Claim with respect to Lehman Programs Securities to which Transfer relates |
|---|---|---|---|---|---|---|---|
| Issue of USD2,000,000 equity-linked notes, due November 2009 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$100,000,000,000 Euro Medium-Term Note Program | XS0328586606 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 100% of the ISIN/CUSIP XS0328586606 under the Proof of Claim, which is US$ 2,000,000, plus all accrued interest, fees and recoveries due. | Formula-linked interest | 6th of November 2009 | US$ 2,000,000.00 , plus all accrued interest, fees and recoveries due. |