**Hearing Date and Time: August 10, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: August 10, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | HUGHES HUBBARD & REED LLP |
| 767 Fifth Avenue | One Battery Park Plaza |
| New York, New York 10153 | New York, New York 10004 |
| Telephone: (212) 310-8000 | Telephone: (212) 837-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 422-4726 |
| Richard P. Krasnow | David W. Wiltenburg |
| | Jeffrey S. Margolin |
| Attorneys for Debtors | |
| and Debtors in Possession | Attorneys for James W. Giddens, Esq., |
| | as Trustee for the SIPA Liquidation of |
| | the Business of Lehman Brothers Inc. |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re                                                :        Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :        08-13555 (JMP)
:
Debtors.        :        **(Jointly Administered)**
-------------------------------------------------------------------x
:
In re                                                :        Case No.
:
**LEHMAN BROTHERS INC.**,                            :        08-01420 (JMP) (SIPA)
:
Debtor.        :
-------------------------------------------------------------------x

**NOTICE OF JOINT MOTION PURSUANT TO SECTIONS**
**105(a) OF THE BANKRUPTCY CODE AND RULE 9019**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO**
**APPROVE SETTLEMENT AGREEMENT BETWEEN LEHMAN**
**BROTHERS  HOLDINGS INC., AND JAMES W. GIDDENS, AS**
**TRUSTEE FOR LEHMAN BROTHERS INC., REGARDING LEHMAN BROTHERS**
**UNCLAIMED FUNDS IN COURT REGISTRY AND RELATED RELIEF**

PLEASE TAKE NOTICE that a hearing to consider the annexed Motion (the

"Motion") of Lehman Brothers Holdings Inc. ("LBHI") and James W. Giddens, Trustee for the

SIPA Liquidation of Lehman Brothers Inc. (the "SIPA Trustee"), for authorization and approval,

pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and

rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of a

settlement agreement, all as more fully described in the Motion, will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **August 17, 2011 at 10:00 a.m. (Prevailing**

**Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies

delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil,

Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Richard P.

Krasnow, Esq. and Amanda M. Hendy, Esq., attorneys for the Debtors; (iii) the Office of the

United States Trustee for the Southern District of New York (the "U.S. Trustee"), 33 Whitehall

Street, 21st Floor, New York, New York 10004 Attn:  Tracy Hope Davis, Esq., Elisabetta G.

Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1

Chase Manhattan Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in the Debtors' chapter 11 cases; (v) Hughes Hubbard & Reed LLP, One

Battery Park Plaza, New York, New York 10004, Attn:  David W. Wiltenburg Esq., Jeffrey S.

Margolin, Esq., attorneys for the SIPA Trustee; and (vi) any person or entity with a

particularized interest in the Motion, so as to be so filed and received by no later than **August 10,**

**2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 26, 2011
     New York, New York

| /s/  Richard P. Krasnow | /s/  David W. Wiltenburg |
|---|---|
| Richard P. Krasnow | David W. Wiltenburg |
| | Jeffrey S. Margolin |
| WEIL, GOTSHAL & MANGES LLP | HUGHES HUBBARD & REED LLP |
| 767 Fifth Avenue | One Battery Park Plaza |
| New York, New York 10153 | New York, New York 10004 |
| Telephone: (212) 310-8000 | Telephone: (212) 837-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 422-4726 |
| | |
| Attorneys for Debtors | Attorneys for James W. Giddens, Esq., |
| and Debtors in Possession | as Trustee for the SIPA Liquidation of |
| | the Business of Lehman Brothers Inc. |

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
David W. Wiltenburg
Jeffrey S. Margolin

Attorneys for James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of
the Business of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         :        **08-13555 (JMP)**
                                                    :
                         **Debtors.**                :        **(Jointly Administered)**
                                                    :
-------------------------------------------------------------------x
                                                    :
In re                                               :        **SIPA Case No.**
                                                    :
**LEHMAN BROTHERS INC.,**                            :        **08-01420 (JMP)**
                                                    :
                         **Debtor.**                 :
-------------------------------------------------------------------x

**JOINT MOTION PURSUANT TO SECTIONS**
**105(a) OF THE BANKRUPTCY CODE AND RULE 9019**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO**
**APPROVE SETTLEMENT AGREEMENT BETWEEN LEHMAN**
**BROTHERS HOLDINGS INC., AND JAMES W. GIDDENS, AS**
**TRUSTEE FOR LEHMAN BROTHERS INC., REGARDING LEHMAN BROTHERS**
**UNCLAIMED FUNDS IN COURT REGISTRY AND RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI," together with its affiliated debtors in

the above-referenced chapter 11 cases, the "Debtors," and collectively with their non-debtor

affiliates within their direct or indirect control, the "LBHI Entities") and James W. Giddens (the

"SIPA Trustee"), Trustee for the SIPA Liquidation of Lehman Brothers Inc. ("LBI"), under the

Securities Investor Protection Act of 1970, as amended ("SIPA") respectfully represent:

## PRELIMINARY STATEMENT

1.    The New York State Comptroller Office of Unclaimed Funds

(the "NYS OUF") has caused to be deposited $14,550,313.40 in Lehman Brothers Unclaimed

Funds (as defined below) in the Clerk of Court's registry (the "Registry"), which monies are

claimed by the LBHI Entities and the SIPA Trustee, on behalf of LBI.[1]  After negotiations, the

LBHI Entities and the SIPA Trustee have reached an agreement to allocate and distribute the

Lehman Brothers Unclaimed Funds in a straight-forward and equitable manner whereby

$13,157,964.41will be allocated to LBI and $1,315,471.69 to the LBHI Entities as set forth in the

Settlement Agreement, dated July 26, 2011 between the parties, a copy of which is annexed

hereto as Exhibit A (the "Settlement Agreement").  The parties have also agreed to a mechanism

to eliminate the need for future Court intervention related to potential additional distributions of

Lehman Brothers Unclaimed Funds from the NYS OUF (the "Future Distributions").  Pursuant

to Bankruptcy Code Section 105(a)[2] and Bankruptcy Rule 9019, LBHI and the SIPA Trustee

respectfully request that the Court approve the Settlement Agreement and authorize the parties to

effectuate the distribution of Lehman Brothers Unclaimed Funds for the benefit of LBI's

customers and creditors and the LBHI's creditors.

---

1.    A de minimis amount of interest has accrued on these funds in the Court's Registry.

2.    Bankruptcy Code section 105(a) is made applicable to the SIPA Proceeding pursuant to SIPA sections 78fff(b) and 78fff-1(a).

## JURISDICTION

2.      As to the Chapter 11 Cases (as defined below), the Court has subject

matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and this is

a core proceeding pursuant to 28 U.S.C. § 157(b).  As to the SIPA Proceeding (as defined

below), the Court has subject matter jurisdiction to consider and determine this matter pursuant

to SIPA § 78eee(b)(4) and venue is proper before this Court pursuant to SIPA § 78eee(a)(3) and

SIPA § 78aa.

## BACKGROUND

3.      Commencing on September 15, 2008 (the "Commencement Date") and

periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court

voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code

(the "Bankruptcy Code").  The Chapter 11 Cases have been consolidated for procedural purposes

only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for the Southern

District of New York appointed the statutory committee of unsecured creditors in the Chapter 11

Cases pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.      On September 19, 2008, the Honorable Gerard E. Lynch, United States

District Court, Southern District of New York, entered the Order Commencing Liquidation of

LBI (the "LBI Liquidation Order," LBI Docket No. 1), finding that LBI's customers were in

need of protection and commencing liquidation of LBI pursuant to the provisions of SIPA, in the

case captioned *Securities Investor Protection Corp. v. Lehman Brothers Inc.*, Case No. 08-CIV-

8119 (GEL).   The LBI Liquidation Order, <u>inter alia</u>, (i) appointed James W. Giddens trustee for

the liquidation of the business of LBI pursuant to SIPA § 78eee(b)(3); and (ii) removed this case

to this Court pursuant to SIPA § 78eee(b)(4), in the case captioned *In re Lehman Brothers Inc.*,

Case No. 08-01420 (JMP).

**Lehman Brothers Unclaimed Funds**.

6.      Prior to the commencement of the Chapter 11 Cases and the filing of the

SIPA Proceeding, the NYS OUF held abandoned cash and securities in the name of LBI and of

the LBHI Entities pursuant to the New York State Abandoned Property Law.

7.      On September 23, 2010, the Bankruptcy Court so-ordered the Stipulation

and Order Regarding Lehman Brothers Unclaimed Funds (the "<u>NY State Stipulation</u>," LBI

Docket No. 3719).[3]   Pursuant to the NY State Stipulation, the NYS OUF caused to be deposited

$13,207,191.47, representing cash and the proceeds of securities in the NYS OUF's possession

on or before July 31, 2010.  These funds continue in the Court's Registry, subject to further order

of the Court allocating the Funds among LBI and the LBHI Entities.

8.      The NYS OUF caused to be deposited in the Registry an additional

$1,343,121.93, representing cash and the proceeds of securities coming into the NYS OUF's

possession after July 31, 2010.

9.      The total amount of funds deposited by the NYS OUF in the Registry,

subject to the claims of the LBHI Entities and the SIPA Trustee, is $14,550,313.40 (collectively,

the "<u>Lehman Brothers Unclaimed Funds</u>").

---

3.   Summaries of the agreements contained herein are qualified entirely by the terms of such agreement.  In case of
     any conflict between this Motion and any agreement referenced herein, the terms of such agreement govern.

10.     On November 18, 2010, the Court so-ordered the Stipulation and Order Between Lehman Brothers Holdings Inc. and the Trustee Regarding Interim Distribution from Lehman Brothers Unclaimed Funds in Court Registry (the "Distribution Stipulation," LBI Docket No. 3899) providing an immediate release of $750,000 of Lehman Brothers Unclaimed Funds held in the Registry to the LBI estate in order for the SIPA Trustee to remit such funds to Unclaimed Property Recovery Services, Inc. ("UPRS") in accordance with its agreement with the SIPA Trustee.[4]  The Distribution Stipulation further provided that these released funds shall be deducted from any Lehman Brothers Unclaimed Funds ultimately determined to be property of the LBI estate.

**The Allocation of Lehman Brothers Unclaimed Funds and Terms of Settlement**.

11.     The LBHI Entities and the SIPA Trustee, on behalf of LBI, have asserted claims against the Lehman Brothers Unclaimed Funds.  The reports generated by the NYS OUF in connection with the Lehman Brothers Unclaimed Funds (the "Reports") consist of extensive itemized lists, with many thousands of line items making up the approximately $14.6 million now on deposit in the Registry.  Certain line items unambiguously denote Lehman Brothers Unclaimed Funds allocable to LBI and the LBHI Entities.  However, numerous other line items list "Lehman" or "Lehman Brothers" and others list historical corporate names that would require additional research at significant time and expense to trace such Funds to either LBI or the LBHI Entities (the "Requires Significant Research Category").

---

4.  LBI entered into a series of contracts with UPRS, dated May 28, 1996, September 18, 1997, March 23, 1998 and January 14, 1997 to attempt to facilitate the return of Lehman Brothers Unclaimed Funds.  On May 25, 2010, the Bankruptcy Court so-ordered the Stipulation and Order Regarding Unclaimed Property Recovery Services, Inc.'s Agreements with Lehman Brothers Inc. (LBI Docket No. 3313) resolving issues related to amounts owed under such contracts and related matters.

12.    Based on the Reports, the initial breakdown of Lehman Brothers

Unclaimed Funds in the Registry into the foregoing categories is as follows:

| NYS OUF Categories | Allocation |
|---|---|
| LBI | $10,902,089.68 |
| LBHI | $18,886.89 |
| Requires Significant Research Category | $3,629,336.83 |
| TOTAL | $14,550,313.40 |

(*See* Declaration of Katharine M. Southard, Esq. annexed hereto as Exhibit B (the "Southard Decl.") at ¶ 4).

13.    Prior to entering into the Settlement Agreement, the parties conducted a

targeted analysis of the information contained in the Reports. LBHI identified, and the SIPA

Trustee confirmed, 71 entries, totaling $570,990.70, initially allocated to LBI or the Requires

Significant Research Category that listed LBHI or a subsidiary of LBHI in the "Account Title"

field. Aside from LBHI, the following subsidiaries of LBHI were identified: E.F. Hutton Group,

LB745 Leaseco I LLC, LB Real Estate Capital, LB1 Group, Lehman Brothers Latin America

Limited, Lehman Brothers Limited, Lehman Brothers Global Services Limited, Lehman

Brothers/Rosecliff, Inc., Lehman Commercial Paper, Inc., Lehman Capital Corporation, Lehman

Pass-Through Securities, Inc., Lehman Realty Corporation and Shearson Lehman Commercial

Paper. LBHI identified several entries, totaling $66,827.47, initially allocated to LBI or the

Requires Significant Research Category, that listed other entities ("Other Entities") not under the

control of the LBHI Entities or LBI. (*See* Southard Decl. at ¶ 6 and Declaration of Steven J.

Cohn annexed hereto as Exhibit C (the "Cohn Decl.") at ¶ 5). LBHI also identified entries

totaling $10,049.83 allocated to Lehman Brothers International Europe ("LBIE"). (*See* Southard

Decl. at ¶ 6 and Cohn Decl. at ¶ 5).

14.    The parties were not able to reach a conclusive determination with respect

to the majority of the line items classified in the Requires Significant Research Category. In

many instances, the Reports do not provide enough information to enable the parties to

determine the proper allocation based on their corporate records and, as a result, the parties

would have to contact each entity responsible for depositing the Funds with the NYS OUF for

more information regarding the respective deposits.  (*See* <u>Cohn Decl.</u> at ¶ 6).  Given the

administrative burden and expense that would be incurred by LBHI and the SIPA Trustee to

conduct further investigation of such line items and the potential that it would likely not result in

a conclusive determination, the parties commenced negotiations regarding a potential

compromise.  (<u>Cohn Decl.</u> at ¶ 6).

      15.    After extensive, arm's-length negotiations, LBHI and the SIPA Trustee

have arrived at the following proposed compromise of the Lehman Brothers Unclaimed Funds,

as set forth in the Settlement Agreement:

- Based on the Reports, a total of $11,420,842.08 of the $14,550,313.40 of Lehman Brothers Unclaimed Funds shall be allocated to LBI;

- Based on the Reports and documentation provided by the LBHI Entities, a total of $570,990.70 of the $14,550,313.40 of the Lehman Brothers Unclaimed Funds shall be allocated to the LBHI Entities;

- Certain line items in the Reports, totaling $10,049.83, allocated to LBIE, shall be paid to LBHI, which shall promptly remit such funds to LBIE;

- Certain line items in the Reports, totaling $66,827.47, initially allocated to either LBI or the Requires Significant Research Category, denote corporate names of other entities ("<u>Other Entities</u>") outside the control of both the LBHI Entities and LBI and, thus, neither LBI nor the LBHI Entities shall be credited such Funds and the SIPA Trustee shall promptly remit such funds to the NYS OUF; and

- Line items of the Reports that list in the "Account Title" field "Lehman" or "Lehman Brothers" or corporate names that would require additional research, at significant time and expense to the Trustee and the LBHI Entities, are part of the Requires Significant Research Category and shall be allocated in the manner whereby LBI shall receive 70% and LBHI shall receive 30% of such Funds; and

- To the extent interest has accrued on the Lehman Brothers Unclaimed Funds in the Registry, such accrued interest shall be allocated and paid upon the later of the

effectiveness of the Settlement Agreement or receipt of the funds in a manner whereby LBI shall receive 70% thereof and LBHI shall receive 30% thereof.

(Southard Decl. ¶¶ 6-7, 9, Cohn Decl. ¶ 6).

16.     The proposed compromise would result in the breakdown of Lehman

Brothers Unclaimed Funds in the Registry into the various categories is as follows:

| Categories | Allocation |
|---|---|
| LBI | $11,420,842.08 |
| LBHI Entities | $570,990.70 |
| LBIE | $10,049.83 |
| Requires Significant Research Category | 70% to LBI = $1,737,122.33 30% to LBHI = $744,480.99 |
| Other Entities | $66,827.47 |

Thus, the final allocation of the Lehman Brothers Unclaimed Funds would be as follows:

| LBI | $13,157,964.41[5] |
|---|---|
| LBHI Entities | $1,315,471.69 |
| LBIE | $10,049.83 |
| Other Entities | $66,827.47 |

(Southard Decl. ¶ 8, Cohn Decl. ¶ 6).

17.     The Settlement Agreement also provides that, upon receipt by the Trustee

of a Future Distribution, the Trustee shall promptly provide LBHI with a written notice (the

"Notice") identifying the line items denoting Lehman Brothers Unclaimed Funds allocable to

LBI, the LBHI Entities, the Requires Significant Research Category, or Other Entities, if any,

which Notice shall be binding upon the Parties unless within 60 days of receipt of such Notice,

or such other time as the Parties may agree, LBHI notifies the Trustee in writing that it objects to

the Trustee's allocations as set forth in the Notice.   Such objection shall be resolved by the

---

5.   Pursuant to the Distribution Stipulation, $750,000 of this amount has already been distributed to the Trustee and remitted to UPRS in accordance with the UPRS Stipulation.

Bankruptcy Court or by the Parties without the need for further court approval. The Trustee

shall return to the NYS OUF all Future Distributions denoting Lehman Brothers Unclaimed

Funds allocable to Other Entities. The Settlement Agreement further provides that all funds

allocated to LBIE shall be paid to LBHI, which, in turn, will promptly remit such funds to LBIE.

## RELIEF REQUESTED

18.    In order to reach an accurate and equitable determination of claims as to

the Lehman Brothers Unclaimed Funds, LBHI and the SIPA Trustee seek Court approval of the

Settlement Agreement. To consummate the transactions therein, LBHI and SIPA Trustee request

that the Court enter an order directing the Clerk of the Court to release from the Registry the

Lehman Brothers Unclaimed Funds to the SIPA Trustee and the NYS OUF to make Future

Distributions of Lehman Brothers Unclaimed Funds to the SIPA Trustee, in each case for

allocation and distribution by the SIPA Trustee in accordance with the terms of the Settlement

Agreement.

## ARGUMENT

**The Settlement Agreement is Fair and Equitable and Falls Well Within the Range of
Reasonableness.**

19.    LBHI and the SIPA Trustee's entry into the Settlement Agreement is in

the best interest of their respective estates, and should be approved under Bankruptcy Rule 9019.

Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a

hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). In

ruling on a motion pursuant to rule 9019(a), a court must find that the proposed settlement is fair

and equitable and is in the best interests of the estate or estates. *Protective Comm. for Indep.*

*Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v.*

*Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere*

*Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

20.    The decision to approve a particular settlement lies within the sound

discretion of the bankruptcy court.  *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).  It is

the responsibility of a court to examine a settlement and determine whether it "falls below the

lowest point in the range of reasonableness."  *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d

599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

Additionally, a court may exercise its discretion "in light of the general public policy favoring

settlements."  *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

21.    While a court must "evaluate … all … factors relevant to a fair and full

assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court

does not need to conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*,

699 F.2d at 608, nor does the court need to conduct a full independent investigation.  *In re*

*Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991).

22.    The court may give weight to the informed judgment of the trustee or

debtor in possession that a compromise is fair and equitable.  *In re Purofied Down Prods. Corp.*,

150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr.

S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for

the Trustee's, but only that I test his choice for reasonableness…. If the Trustee chooses one of

two reasonable choices, I must approve that choice, even if, all things being equal, I would have

selected the other").  Moreover, "the bankruptcy judge does not have to decide the numerous

questions of law and fact…. The court need only canvass the settlement to determine whether it

is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations

omitted).

23.    In the instant case, weighing the reasonableness factors for purposes of

Bankruptcy Rule 9019, the Settlement Agreement satisfies the standard for approval.

- <u>First</u>, the Settlement Agreement provides for the orderly allocation of line items of Unclaimed Funds claimed by the LBHI Entities and the SIPA Trustee, on behalf of LBI, which are part of the Requires Significant Research Category, without requiring the SIPA Trustee and LBHI to spend time and resources on further research.

- <u>Second</u>, the proposed Settlement Agreement is the product of a negotiated, arms'-length effort to allocate the Lehman Brothers Unclaimed Funds in an equitable manner.

- <u>Third</u>, the 70%/30% allocation of the Lehman Brothers Unclaimed Funds line items that are part of the Requires Significant Research Category is an appropriate exercise of LBHI's and the SIPA Trustee's business judgment. Besides the time and expense incurred, such research, in many instances, would not likely result in a conclusive allocation of such Funds among, but not limited to, the LBHI Entities and LBI. LBHI and the SIPA Trustee desire to distribute the Lehman Brothers Unclaimed Funds in a manner that resolves all outstanding claims and liabilities arising from and related to the Lehman Brothers Unclaimed Funds and believe that the 70%/30% allocation facilitates the orderly release of the Funds from the Registry and is in the best interest of their respective estates.

- <u>Fourth</u>, litigation regarding the allocation of the Lehman Brothers Unclaimed Funds would be expensive and protracted, and would divert significant resources and attention of both LBHI and the SIPA Trustee and their respective counsel and staff.

(Cohn Decl. ¶ 6-7).

24.    Accordingly, the Settlement Agreement falls well above the "lowest

point" in the range of reasonableness and is in the best interests of the LBHI's and LBI's

respective estates, creditors, and other parties in interest. In connection with the Settlement

Agreement, LBHI and the SIPA Trustee respectfully request that the Court order that the Clerk

of the Court release the Lehman Brothers Unclaimed Funds and all interest accrued thereto to the

SIPA Trustee so that the Settlement Agreement may be effectuated.

**Future Distributions of Lehman Brothers Unclaimed Funds**.

25.    Pursuant to section 105(a) of the Bankruptcy Code, LBHI and the SIPA

Trustee seek an order of the Bankruptcy Court directing the NYS OUF to make all Future

Distributions of Lehman Brothers Unclaimed Funds to the SIPA Trustee on an annual basis.

Upon receipt by the SIPA Trustee of a Future Distribution, the SIPA Trustee shall allocate and

distribute such Funds in accordance with the terms of the Settlement Agreement.[6]

26.    Section 105(a) of the Bankruptcy Code provides, in pertinent part, that a

bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to

carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a).  Under section 105(a),

the Court has expansive equitable power to fashion any order or decree that is in the interest of

preserving or protecting the value of a debtor's assets.  *See, e.g.*, *Comm. of Equity Sec. Holders

v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge

must have substantial freedom to tailor his orders to meet differing circumstances.").

27.    Rather than *ad hoc* distributions from the NYS OUF, LBHI and SIPA

Trustee believe that an annual distribution, likely to occur for several years, pursuant to Court

order will streamline the recovery for the respective estates of Lehman Brothers Unclaimed

Funds and further reduce administrative expense.

---

6.    As provided in the Settlement Agreement, the SIPA Trustee shall promptly provide LBHI with the Notice,
which Notice shall be binding upon the parties unless within 60 days of receipt of such Notice, or such other
time as the parties may agree, LBHI notifies the SIPA Trustee in writing that it objects to the SIPA Trustee's
allocations as set forth in the Notice.  Such objection shall be resolved by the Bankruptcy Court or by the parties
without the need for further court approval.  The SIPA Trustee shall return to the NYS OUF all Future
Distributions denoting Lehman Brothers Unclaimed Funds allocable to Other Entities.

## NOTICE

28.    LBHI has served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases (LBHI Docket No. 9635) on:  (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the NYS OUF; and (vii) all parties who have requested notice in the Chapter 11 Cases.  The SIPA Trustee has served Notice of this Motion in accordance with the Court's Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures and Related Relief entered by the Court on July 13, 2010 (LBI Docket No. 3466) on:  (i) the NYS OUF; (ii) UPRS; and (iii) all parties who have requested notice in the SIPA Proceeding.  LBHI and the SIPA Trustee submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

29.    No previous request for the relief sought herein has been made by LBHI

or the SIPA Trustee to this or any other court.

**CONCLUSION**

WHEREFORE LBHI and the SIPA Trustee respectfully request that the Court

enter the proposed Order annexed hereto as Exhibit D, approving the Settlement Agreement and

granting such additional and further relief as the Court deems just.

Dated: July 26, 2011
          New York, New York

/s/ Richard P. Krasnow                              /s/ David W. Wiltenburg

Richard P. Krasnow                                   David W. Wiltenburg
                                                                  Jeffrey S. Margolin
WEIL, GOTSHAL & MANGES LLP          HUGHES HUBBARD & REED LLP
767 Fifth Avenue                                       One Battery Park Plaza
New York, New York 10153                      New York, New York 10004
Telephone: (212) 310-8000                      Telephone: (212) 837-6000
Facsimile: (212) 310-8007                        Facsimile: (212) 422-4726

Attorneys for Debtors                              Attorneys for James W. Giddens, Esq.,
and Debtors in Possession                       as Trustee for the SIPA Liquidation of
                                                                  the Business of Lehman Brothers Inc.

## Exhibit A

## SETTLEMENT AGREEMENT BETWEEN LEHMAN BROTHERS HOLDINGS INC., AND JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN BROTHERS INC., REGARDING <u>LEHMAN BROTHERS UNCLAIMED FUNDS IN COURT REGISTRY</u>

THIS SETTLEMENT AGREEMENT (the "<u>Settlement Agreement</u>") is made as of July 26, 2011, between James W. Giddens (the "<u>Trustee</u>"), as Trustee for the liquidation of Lehman Brothers Inc. ("<u>LBI</u>") under the Securities Investor Protection Act of 1970 ("<u>SIPA</u>"), and Lehman Brothers Holdings Inc. ("<u>LBHI</u>").  For convenience, and as the context may require, the Trustee and LBHI shall each be referred to individually as a "<u>Party</u>" and collectively as the "<u>Parties</u>."

## <u>RECITALS</u>

WHEREAS, beginning on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, with their non-debtor affiliates within their direct or indirect control (other than LBI as defined below), the "<u>LBHI Entities</u>") commenced with the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Chapter 11 Cases</u>");

WHEREAS, on September 19, 2008, a proceeding was commenced under SIPA (the "<u>SIPA Proceeding</u>") with respect to LBI and the Trustee was appointed to administer LBI's estate;

WHEREAS, on May 25, 2010, the Bankruptcy Court so-ordered the Stipulation and Order Regarding Unclaimed Property Recovery Services, Inc.'s ("<u>UPRS</u>") Agreements with Lehman Brothers Inc. (the "<u>UPRS Stipulation</u>," LBI Docket No. 3313);

WHEREAS, on September 23, 2010, the Bankruptcy Court so-ordered the Stipulation and Order Regarding Lehman Brothers Unclaimed Funds (the "<u>NY State Stipulation</u>," LBI Docket No. 3719);

WHEREAS, pursuant to the NY State Stipulation, the New York State Comptroller Office of Unclaimed Funds (the "<u>NYS OUF</u>") caused to be deposited $13,207,191.47, consisting of abandoned cash and securities that the NYS OUF identified as being in the name of LBI and the LBHI Entities and that the NYS OUF believes could be validly claimed by, and paid over to LBI or the LBHI Entities or their lawful successors in the NYS OUF's possession on or before July 31, 2010, with the Clerk of the Court's registry (the "<u>Registry</u>"), subject to further order of the Bankruptcy Court allocating the Funds among LBI and the LBHI Entities;

WHEREAS, the NYS OUF caused to be deposited an additional $1,343,121.93, for a total of $14,550,313.40, consisting of abandoned cash and securities that the NYS OUF identified as being in the name of LBI, LBHI, "Lehman," "Lehman Brothers," or other corporate names and that the NYS OUF believes could be validly claimed by, and paid over to LBI or the LBHI Entities or their lawful successors in the NYS OUF's possession after July 31, 2010;

WHEREAS, the Trustee and LBHI have, for purposes of reconciliation and allocation, agreed to treat all funds deposited by the NYS OUF, totaling $14,550,313.40, in the Registry

described herein (collectively, the "Lehman Brothers Unclaimed Funds") and all interest accrued thereto in the manner as provided for in this Settlement Agreement;

WHEREAS, based on the reports generated by the NYS OUF in connection with the Lehman Brothers Unclaimed Funds (collectively, the "Reports"), certain line items properly denoted Lehman Brothers Unclaimed Funds allocable to LBI and the LBHI Entities, but many listed "Lehman," "Lehman Brothers," or corporate names that would require additional research at significant time and expense to the Trustee and the LBHI Entities (the "Requires Significant Research Category");

WHEREAS, based on the reports generated by the NYS OUF, the Trustee believed the overall distribution of the Lehman Brothers Unclaimed Funds in the Registry to be as follows:

| NYS OUF Categories | Allocation |
|---|---:|
| LBI | $10,902,089.68 |
| LBHI | $18,886.89 |
| Requires Significant Research Category | $3,629,336.83 |
| TOTAL | $14,550,313.40 |

WHEREAS, on November 18, 2010, the Bankruptcy Court so-ordered the Stipulation and Order Between Lehman Brothers Holdings Inc. and the Trustee Regarding Interim Distribution from Lehman Brothers Unclaimed Funds in Court Registry (the "Distribution Stipulation," LBI Docket No. 3899) whereby, the Bankruptcy Court ordered an immediate release of $750,000 of Lehman Brothers Unclaimed Funds held in the Registry to the LBI estate in order for the Trustee to remit such funds to UPRS in accordance with the UPRS Stipulation;

WHEREAS, the Distribution Stipulation further provided that these released funds shall be deducted from any Lehman Brothers Unclaimed Funds ultimately determined to be property of the LBI estate pursuant to a Bankruptcy Court approved agreement between the Trustee and LBHI or by Bankruptcy Court order;

WHEREAS, the Parties desire to distribute the Lehman Brothers Unclaimed Funds in a manner that resolves all outstanding claims and liabilities between the Parties arising from and related to the Lehman Brothers Unclaimed Funds; and

WHEREAS, the Parties believe that this Settlement Agreement facilitates the orderly release of the Lehman Brothers Unclaimed Funds from the Registry and is in best interest of the Parties' respective estates.

NOW THEREFORE, in consideration of the promises and mutual covenants, benefits and detriments contained herein, intending to be legally bound, the Parties do hereby agree as follows:

## SETTLEMENT

1.      <u>Disposition of Lehman Brothers Unclaimed Funds</u>.  On the "Effective Date" (as defined in Paragraph 9), this Settlement Agreement fully and finally settles and disposes of all claims of the Parties related to the Lehman Brothers Unclaimed Funds.

2.      <u>Allocation of Lehman Brothers Unclaimed Funds</u>.  The Parties hereby agree (as provided in the chart below) that:

      (a)      Based on the Reports, a total of $11,420,842.08 of the $14,550,313.40 of Lehman Brothers Unclaimed Funds shall be allocated to LBI;

      (b)      Based on the Reports and documentation provided by the LBHI Entities, a total of $570,990.70 of the $14,550,313.40 of Lehman Brothers Unclaimed Funds shall be allocated to the LBHI Entities;

      (c)      Certain line items in the Reports, totaling $10,049.83, allocated to Lehman Brothers International Europe ("<u>LBIE</u>"), shall be paid to LBHI, which shall promptly remit such funds to LBIE;

      (d)      Certain line items in the Reports, totaling $66,827.47, initially allocated to either LBI or the Requires Significant Research Category, denote corporate names of other entities ("<u>Other Entities</u>") outside the control of both the LBHI Entities and LBI and, thus, neither LBI nor the LBHI Entities shall be credited such Funds and the Trustee shall promptly remit such funds to the NYS OUF; and

      (e)      Line items of the Reports that list in the "Account Title" field "Lehman" or "Lehman Brothers" or corporate names that would require additional research, at significant time and expense to the Trustee and the LBHI Entities, are part of the Requires Significant Research Category and shall be allocated in the manner whereby LBI shall receive 70% and LBHI shall receive 30% of such Funds.

| Categories | Allocation |
|---|---|
| LBI | $11,420,842.08 |
| LBHI Entities | $570,990.70 |
| LBIE | $10,049.83 |
| Requires Significant Research Category | 70% to LBI = $1,737,122.33<br>30% to LBHI = $744,480.99 |
| Other Entities | $66,827.47 |
| TOTAL | $14,550,313.40 |

3.     <u>Reallocation of Certain Lehman Brothers Unclaimed Funds</u>.  The Parties further agree that the below chart represents the final allocation of the Lehman Brothers Unclaimed Funds currently held in the Registry:

| LBI | $13,157,964.41[1] |
|---|---|
| LBHI Entities | $1,315,471.69 |
| LBIE | $10,049.83 |
| Other Entities | $66,827.47 |
| TOTAL | $14,550,313.40 |

4.     <u>Interest on Lehman Brothers Unclaimed Funds</u>.  To the extent interest has accrued on the Lehman Brothers Unclaimed Funds in the Registry, such accrued interest shall be allocated and paid upon the later of the effectiveness of this Settlement Agreement or receipt of the funds in a manner whereby LBI shall receive 70% thereof and LBHI shall receive 30% thereof.

5.     <u>Rule 9019 Approval</u>.  The Parties will jointly move the Bankruptcy Court in the Chapter 11 Cases and SIPA Proceeding for an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving this Settlement Agreement and directing (i) for the immediate release of the Lehman Brothers Unclaimed Funds and any interest accrued thereto held in the Registry and (ii) the NYS OUF to make all future distributions ("<u>Future Distributions</u>"), if any, of Lehman Brothers Unclaimed Funds to the Trustee on an annual basis, which Funds the Trustee shall distribute to LBI and/or the LBHI Entities in accordance with the terms of this Settlement Agreement (the "<u>9019 Motion</u>").

6.     <u>Future Distributions from the NYS OUF</u>.  Upon receipt by the Trustee of a Future Distribution, the Trustee shall promptly provide LBHI with a written notice (the "<u>Notice</u>") identifying the line items denoting Lehman Brothers Unclaimed Funds allocable to LBI, the LBHI Entities, the Requires Significant Research Category, or Other Entities, if any, which Notice shall be binding upon the Parties unless within 60 days of receipt of such Notice, or such other time as the Parties may agree, LBHI notifies the Trustee in writing that it objects to the Trustee's allocations as set forth in the Notice.   Such objection shall be resolved by the Bankruptcy Court or by the Parties without the need for further court approval.  The Trustee shall return to the NYS OUF all Future Distributions denoting Lehman Brothers Unclaimed Funds allocable to Other Entities.

7.     <u>Releases</u>.  The Parties, on behalf of themselves and their respective estates, absolutely and unconditionally release and discharge each other and their respective agents, servants, employees, attorneys, other professionals and consultants, shareholders, members, directors, officers, affiliates, successors and assigns solely with respect to any and all liability in connection with the Lehman Brothers Unclaimed Funds in the Registry.  For the avoidance of

---

1.   Pursuant to the Distribution Stipulation, $750,000 of this amount has already been distributed to the Trustee and remitted to UPRS in accordance with the UPRS Stipulation.

doubt, except as expressly set forth herein, rights, defenses and/or counterclaims of Parties hereto with respect to any other claims each might have against the other are fully preserved.

8.    <u>Conditions to Effectiveness</u>.  Except as provided in Paragraph 6, the Settlement Agreement will become effective on the date (the "<u>Effective Date</u>") of the last of the following to occur:

      (a)      An order, in the form submitted with the 9019 Motion, or such order as is otherwise satisfactory to the Parties, approving this Settlement Agreement having been entered by the Bankruptcy Court, and having become a final order; and

      (b)      The Parties receipt of the Lehman Brothers Unclaimed Funds and any interest accrued thereto from the Registry in accordance with the terms and allocation provided for in this Settlement Agreement.

9.    <u>Counterparts</u>.  This Settlement Agreement may be signed in counterparts which, when taken as a whole, shall constitute one and the same document; and faxed signatures shall be deemed originals.

10.    <u>Successors and Assigns</u>.  This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

11.    <u>Captions</u>.  The captions of this Settlement Agreement are for convenience only and are not a part of this Settlement Agreement and do not in any way limit or amplify the terms and provisions of this Settlement Agreement and shall have no effect on its interpretation

12.    <u>Authority to Execute</u>.  Each individual signing this stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is authorized to execute this stipulation in his/her representative capacity, as reflected below and on behalf of the party indicated.

13.    <u>Governing Law</u>.  This Settlement Agreement shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or SIPA apply, without regard to New York's rules governing conflicts of laws.

14.    <u>Jurisdiction</u>.  Without limiting any Party's right to appeal any order of the Bankruptcy Court, (i) the Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms of the Settlement Agreement and to decide any claims or disputes which may arise or result from, or be connected with, the Settlement Agreement, any breach or default hereunder, or the transactions contemplated hereby, and (ii) any and all proceedings related to the foregoing shall be filed and maintained only in the Bankruptcy Court, and the Parties hereto hereby consent to and submit to the jurisdiction and venue of the Bankruptcy Court; provided, however, that if the Bankruptcy Court does not have or abstains from exercising such jurisdiction, the parties hereto agree to unconditionally and irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York sitting in New York County or the Commercial Division, Civil Branch of the Supreme Court of the State of New York sitting in

New York County and any appellate court having jurisdiction over an appeal from any thereof, for the resolution of any such claim or dispute. The Parties hereby irrevocably waive, to the fullest extent permitted by applicable law, any objection which they may now or hereafter have to the laying of venue of any such dispute brought in such court or any defense of inconvenient forum for the maintenance of such dispute. The Settlement Agreement (and any claims or disputes arising out of or related hereto or to the transactions contemplated hereby or to the inducement of any party to enter herein, whether for breach of contract, tortious conduct or otherwise, and whether predicated on common law, statute or otherwise) shall in all respects be governed by, and construed in accordance with, the laws of the State of New York, including all matters of construction, validity and performance, in each case without reference to any conflict of law principles that might lead to the application of the laws of any other jurisdiction, except to the extent that the laws of the State of New York are superseded by title 11 of the United States Code.

15.     IN WITNESS WHEREOF THE PARTIES HERETO have hereby executed this Settlement Agreement on the date indicated in the first paragraph of this Settlement Agreement.

> **JAMES W. GIDDENS, AS TRUSTEE FOR THE LIQUIDATION OF LEHMAN BROTHERS INC. UNDER THE SECURITIES INVESTOR PROTECTION ACT**
>
> **BY: HUGHES HUBBARD & REED LLP, COUNSEL FOR THE TRUSTEE**
>
> By:_____
>      Name:
>
> **LEHMAN BROTHERS HOLDINGS INC.**
>
> By:_____
>      Name:
>      Title:

New York County and any appellate court having jurisdiction over an appeal from any thereof, for the resolution of any such claim or dispute. The Parties hereby irrevocably waive, to the fullest extent permitted by applicable law, any objection which they may now or hereafter have to the laying of venue of any such dispute brought in such court or any defense of inconvenient forum for the maintenance of such dispute. The Settlement Agreement (and any claims or disputes arising out of or related hereto or to the transactions contemplated hereby or to the inducement of any party to enter herein, whether for breach of contract, tortious conduct or otherwise, and whether predicated on common law, statute or otherwise) shall in all respects be governed by, and construed in accordance with, the laws of the State of New York, including all matters of construction, validity and performance, in each case without reference to any conflict of law principles that might lead to the application of the laws of any other jurisdiction, except to the extent that the laws of the State of New York are superseded by title 11 of the United States Code.

15.    IN WITNESS WHEREOF THE PARTIES HERETO have hereby executed this Settlement Agreement on the date indicated in the first paragraph of this Settlement Agreement.

**JAMES W. GIDDENS, AS TRUSTEE FOR THE LIQUIDATION OF LEHMAN BROTHERS INC. UNDER THE SECURITIES INVESTOR PROTECTION ACT**

**BY: HUGHES HUBBARD & REED LLP, COUNSEL FOR THE TRUSTEE**

By:_____
    Name:

**LEHMAN BROTHERS HOLDINGS INC.**

By:_____
    Name:    STEVEN COHN
    Title:    Co-Treasurer

**<u>Exhibit B</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                            :
In re                                       :        Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                            :
                        Debtors.            :        (Jointly Administered)
------------------------------------------------------------------x
                                            :
In re                                       :        Case No.
                                            :
LEHMAN BROTHERS INC.,                       :        08-01420 (JMP) (SIPA)
                                            :
                        Debtor.             :
------------------------------------------------------------------x

DECLARATION OF KATHARINE M. SOUTHARD, ESQ IN SUPPORT OF JOINT
MOTION PURSUANT TO SECTIONS 105(a) OF THE BANKRUPTCY CODE AND RULE
9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO APPROVE
SETTLEMENT AGREEMENT BETWEEN LEHMAN BROTHERS HOLDINGS INC.,
AND JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN BROTHERS INC.,
REGARDING LEHMAN BROTHERS UNCLAIMED FUNDS
IN COURT REGISTRY AND RELATED RELIEF

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        I, KATHARINE M. SOUTHARD, declare as follows:

        1.        I am associated with the firm of Hughes Hubbard & Reed LLP ("Hughes

Hubbard"), attorneys for James W. Giddens (the "SIPA Trustee") as trustee for the liquidation of

Lehman Brothers Inc. ("LBI").

        2.        I submit this declaration in support of the Joint Motion to Approve

Settlement Agreement Between Lehman Brothers Holdings Inc., and James W. Giddens, as

Trustee for Lehman Brothers Inc., Regarding Lehman Brothers Unclaimed Funds in Court

Registry and Related Relief (the "Motion").[1]  Hughes Hubbard is counsel to the Trustee in this

action, and I have participated in the matters set forth herein.

3.       The LBHI Entities and the SIPA Trustee, on behalf of LBI, have asserted

claims against the Lehman Brothers Unclaimed Funds.  The reports generated by the NYS OUF,

in connection with the Lehman Brothers Unclaimed Funds (the "Reports") consist of extensive

itemized lists, with many thousands of line items making up the approximately $14.6 million

now on deposit in the Registry.  Certain line items unambiguously denote Lehman Brothers

Unclaimed Funds allocable to LBI and the LBHI Entities.  However, numerous other line items

list "Lehman" or "Lehman Brothers" and others list historical corporate names that would

require additional research at significant time and expense to trace such Funds to either LBI or

the LBHI Entities (the "Requires Significant Research Category").

4.       The overall distribution of the Lehman Brothers Unclaimed Funds in the

Registry is as follows:

| NYS OUF Categories | Allocation |
|---|---|
| LBI | $10,902,089.68 |
| LBHI | $18,886.89 |
| Requires Significant Research Category | $3,629,336.83 |
| TOTAL | $14,550,313.40 |

5.       Rather than expend time and expense on a line-by-line analysis of the

thousands of entries contained in the Reports, the LBHI Entities and the SIPA Trustee conducted

targeted analysis of the Reports and engaged in extensive, arm's-length negotiations.

6.       As a result of such analysis, the LBHI Entities identified, and the SIPA

Trustee confirmed, 71 Unclaimed Funds entries totaling $570,990.70 that listed either LBHI or a

---

1.   Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion.

subsidiary of LBHI in the "Account Title" field.  The LBHI Entities and the SIPA Trustee agreed

that all amounts related to LBHI's subsidiaries shall be aggregated to LBHI and LBHI shall

credit the amounts to the respective LBHI subsidiaries.  LBHI also identified, and the SIPA

Trustee confirmed, 10 Unclaimed Funds entries totaling $10,049.83, allocated to Lehman

Brothers International Europe ("LBIE").  Finally, LBHI identified, and the SIPA Trustee

confirmed, several entries, totaling $66,827.47, that denoted corporate names of other entities

("Other Entities") outside the control of both the LBHI Entities and LBI, and, thus, neither the

LBHI Entities nor LBI shall be credited such Funds and the SIPA Trustee shall promptly remit

such funds to the NYS OUF.  Based on the foregoing, a total of $11,420,842.08 of the

$14,550,313.40 of the Lehman Brothers Unclaimed Funds shall be allocated to LBI.

       7.     After negotiations between the parties, the Requires Significant Research

Category shall be allocated in the manner whereby LBI shall receive 70% and LBHI shall

receive 30% of such Unclaimed Funds.

       8.     Thereby, based upon the analysis and negotiations described above, the

final allocation of the Lehman Brothers Unclaimed Funds would be as follows:

| Categories | Allocation |
| --- | --- |
| LBI | $11,420,842.08 |
| LBHI Entities | $570,990.70 |
| LBIE | $10,049.83 |
| Requires Significant Research Category | 70% to LBI = $1,737,122.33<br>30% to LBHI = $744,480.99 |
| Other Entities | $66,827.47 |
| TOTAL | $14,550,313.40 |

| LBI | $13,157,964.41[2] |
|---|---|
| LBHI Entities | $1,315,471.69 |
| LBIE | $10,049.83 |
| Other Entities | $66,827.47 |
| TOTAL | $14,550,313.40 |

9.    To the extent interest has accrued on the Lehman Brothers Unclaimed Funds in the Registry, such accrued interest shall be allocated and paid upon the later of the effectiveness of the Settlement Agreement or receipt of the funds in a manner whereby LBI shall receive 70% thereof and LBHI shall receive 30% thereof.

Executed on:  July 26, 2011
New York, New York

/s/ Katharine M. Southard
Katharine M. Southard

---

2.    Pursuant to the Distribution Stipulation, $750,000 of this amount has already been distributed to the Trustee and remitted to UPRS in accordance with the UPRS Stipulation.

**<u>Exhibit C</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
                                            :
In re                                       :    **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                            :
                    Debtors.                :    **(Jointly Administered)**
--------------------------------------------------------------------x
                                            :
In re                                       :    **Case No.**
                                            :
**LEHMAN BROTHERS INC.,**                        :    **08-01420 (JMP) (SIPA)**
                                            :
                    Debtor.                 :
--------------------------------------------------------------------x

**DECLARATION OF STEVEN J. COHN IN SUPPORT OF
JOINT MOTION PURSUANT TO SECTIONS 105(a) OF
THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE TO APPROVE SETTLEMENT AGREEMENT
BETWEEN LEHMAN BROTHERS HOLDINGS INC., AND JAMES W. GIDDENS,
AS TRUSTEE FOR LEHMAN BROTHERS INC., REGARDING LEHMAN
BROTHERS UNCLAIMED FUNDS IN COURT REGISTRY AND RELATED RELIEF**

Pursuant to 28 U.S.C. § 1746, I, Steven J. Cohn, declare:

1.      I am over 18 years of age and I can testify to the following facts based on

my personal knowledge, my review of the business records of Lehman Brothers Holdings Inc.

("LBHI"), and/or my consultation with employees of Alvarez & Marsal North America, LLC

("A&M") and LBHI.

2.      I submit this declaration in support of the Joint Motion to Approve

Settlement Agreement Between LBHI and James W. Giddens, as Trustee for Lehman Brothers

Inc., Regarding Lehman Brothers Unclaimed Funds in Court Registry and Related Relief

(the "<u>Motion</u>").[1]  I have reviewed a copy of the Motion, and I adopt the representations contained

therein, as if set forth in full and at length in this Declaration.

3.      I am a Managing Director of A&M.  A&M has been providing

restructuring and general operational and managerial services to LBHI and its affiliated debtors

(together, the "<u>Debtors</u>") in connection with the above-referenced chapter 11 cases.  I was

assigned to the Debtors' cases on or about September 2008.  I am the Co-Treasurer of LBHI and

certain of its subsidiaries.  My responsibilities include, but are not limited to, overall supervision

of cash management, treasury operations, payroll, accounts payable, and certain employee

matters.

4.      In that role, I have participated in the analysis of the reports generated by

the NYS OUF regarding the Lehman Brothers Unclaimed Funds and the allocation of such

Funds between LBI, the LBHI Entities, LBIE, and the Other Entities.  I was also one of the

primary representatives for the LBHI Entities in the negotiation of the compromise allocation of

the Lehman Brothers Unclaimed Funds, as set forth in the Settlement Agreement.

5.      The initial allocation of Lehman Brothers Unclaimed Funds based on the

reports generated by the NYS OUF is set forth in the Motion.  Prior to entering into the

Settlement Agreement, LBHI conducted extensive research and investigation of the numerous

line items, including those in the Requires Significant Research Category.  LBHI identified 71

entries, totaling $570,990.70, initially allocated to LBI, LBHI, or the Requires Significant

Research Category that listed either LBHI or a subsidiary of LBHI in the "Account Title" field.

The SIPA Trustee and LBHI agreed that such amounts should be allocated to the respective

---

1.    Capitalized terms used herein but not defined shall have the meaning ascribed to them in the Motion.

LBHI Entities.  LBHI also identified several entries, totaling $66,827.47, initially allocated to

LBI or the Requires Significant Research Category that listed Other Entities in the "Account

Title" field.  Finally, LBHI identified entries totaling $10,049.83 allocated to LBIE.

6.     LBHI, however, was not able to reach a conclusive determination of the

Lehman Brothers Unclaimed Funds in the Requires Significant Research Category because, in

many instances, the descriptions in the reports provided by the NYS OUF do not provide enough

information for LBHI to determine the proper recipient based on their corporate records.  Rather,

in such instances, LBHI would have to contact each entity responsible for depositing the Funds

with the NYS OUF for more information regarding the respective deposits.  Given the

administrative burden and expense that would be incurred by LBHI and the SIPA Trustee to

conduct such further investigation on the thousands of relatively small amounts identified by

NYS OUF, the uncertainty as to whether or not such entities would have the requisite

information, and the potential that it would not likely result in a conclusive determination, as

well as the expense and protracted nature attendant to any litigation regarding allocation of such

Funds, LBHI and the SIPA Trustee commenced arm's-length negotiations with regard to a

potential compromise.  Those negotiations resulted in a compromise allocation of the Lehman

Brothers Unclaimed Funds, the terms of which are set forth in the Settlement Agreement.

Generally, the settlement provides that line items generated by the NYS OUF's reporting that are

in the Requires Significant Research Category, shall be allocated 70% to LBI and 30% to LBHI

and, that, to the extent interest has accrued on the Lehman Brothers Unclaimed Funds in the

Registry, such accrued interest shall be allocated and paid upon the later of the effectiveness of

the Settlement Agreement or receipt of the funds in a manner whereby LBI shall receive 70%

thereof and LBHI shall receive 30% thereof.  Neither LBI nor the LBHI Entities will be credited

with the Lehman Brothers Unclaimed Funds of Other Entities; but, rather, LBI will return such Funds to the NYS OUF.  All funds allocated to LBIE shall be paid to LBHI, which will promptly remit such funds to LBIE.  The proposed compromise relating to the Lehman Brothers Unclaimed Funds would result in the allocation of $13,157,964.41 to LBI and $1,315,471.69 to the LBHI Entities.

7.    LBHI believes that the settlement is in the best interests of LBHI's estate and creditors.  The settlement was negotiated at arm's-length and represents a fair resolution that will maximize recovery to LBHI's constituents.  Accordingly, I, on behalf of the LBHI's estate, believe that the settlement enumerated in the Motion is reasonable and in the best interests of LBHI's estate and request its approval by the Court.

Executed on this 26th day of July, 2011

/s/ Steven J. Cohn

Steven J. Cohn

## Exhibit D

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re                                                              :          **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*     :          **08-13555 (JMP)**
:
Debtors.                          :          **(Jointly Administered)**
-------------------------------------------------------------------x
:
In re                                                              :          **SIPA Case No.**
:
**LEHMAN BROTHERS INC.,**                            :          **08-01420 (JMP)**
:
Debtor.                           :
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND RULE**
**9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING**
**SETTLEMENT AGREEMENT BETWEEN LEHMAN BROTHERS HOLDINGS INC.,**
**AND JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN BROTHERS INC.,**
**REGARDING LEHMAN BROTHERS UNCLAIMED FUNDS**
**IN COURT REGISTRY AND RELATED RELIEF**

Upon the motion, dated July 26, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and James W. Giddens, Trustee for the SIPA Liquidation of Lehman

Brothers Inc. (the "SIPA Trustee"), for authorization and approval, pursuant to Sections 105(a)

of title 11 of the United State Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), of a Settlement Agreement, and to enter an

order for approval of the Settlement Agreement, all as more fully described in the Motion; and

the Court having jurisdiction in the Chapter 11 Cases to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

---

1.    Capitalized terms used but not defined in this Order have the meanings ascribed to them in the Motion.

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein in the Chapter 11 Cases being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue as to the Chapter 11 Cases being proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief

requested in the SIPA Proceeding pursuant to SIPA § 78eee(b)(4); and venue as to the SIPA

Proceeding being proper before this Court pursuant to SIPA §§ 78eee(a)(3) and 78aa; and due

and proper notice of the Motion having been provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, LBI, their

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefore, it is

**ORDERED** that the Motion is granted in all respects; and it is further

**ORDERED** that the Settlement Agreement is authorized and approved pursuant

to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED** that LBHI and the SIPA Trustee are authorized to take any and all

actions reasonably necessary to consummate the Settlement Agreement and perform any and all

obligations contemplated therein; and it is further

**ORDERED** that the Clerk of the Court shall distribute the Lehman Brothers

Unclaimed Funds and all interest accrued thereto through the date of distribution to the SIPA

Trustee so that the SIPA Trustee shall effectuate the allocation and distribution of the Lehman

Brothers Unclaimed Funds pursuant to the terms of the Settlement Agreement and this Order;

and it is further

**ORDERED** that the New York State Comptroller Office of Unclaimed Funds (the "NYS OUF") shall make all future distributions of Lehman Brothers Unclaimed Funds to the SIPA Trustee on an annual basis and the SIPA Trustee shall promptly allocate and distribute such Funds, as further described in the Settlement Agreement, and the SIPA Trustee and the LBHI Entities shall hold the NYS OUF harmless upon receipt by the SIPA Trustee of each such distribution; and it is further

**ORDERED** that, upon receipt by Unclaimed Property Recovery Services, Inc. ("UPRS") of a final distribution of Lehman Brothers Unclaimed Property pursuant to the UPRS Stipulation, the SIPA Trustee's obligations under the UPRS Stipulation shall be deemed fully and forever satisfied and UPRS shall have no further claim arising from or relating to any portion of the Lehman Brothers Unclaimed Funds or any future distribution to LBI or the Debtors from the NYS OUF; and it is further

**ORDERED** the Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Settlement Agreement and resolve disputes thereunder and (ii) implement and enforce the provisions of this Order; and it is further

**ORDERED** that all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits; and it is further

**ORDERED** that the failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the implementation of the transactions contemplated in the Settlement Agreement be approved in its entirety; and it is further

**ORDERED** that this Order shall be effective and enforceable immediately upon

entry.


Dated: _____, 2011
          New York, New York


_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE