UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                   :

In re                                                  :        Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        08-13555 (JMP)
                                                  :
                    Debtors.                 :        (Jointly Administered)
                                                  :
-------------------------------------------------------------------x

**STIPULATION, AGREEMENT, AND
ORDER BETWEEN TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA AND LEHMAN BROTHERS
HOLDINGS INC. REGARDING THE DEBTORS' ONE HUNDRED
THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS WITH RESPECT TO
THE CLAIM OF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

        This stipulation, agreement, and order (the "Stipulation, Agreement and Order") is entered into by and between the Travelers Casualty and Surety Company of America ("Travelers") and Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors in possession (collectively, the "Debtors"). Travelers and the Debtors are collectively referred to in this Stipulation, Agreement and Order as the "Parties" and each a "Party."

RECITALS

        A.     Commencing on September 15, 2008 (as applicable, the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

        B.     The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of

1

Bankruptcy Procedure ("Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C. By order dated July 2, 2009, the Court established September 22, 2009 at 5:00 p.m. (Prevailing Eastern Time) as the last date and time for each person or entity to file a proof of claim based on prepetition claims against the Debtors (the "Bar Date").

D. On September 26, 2008, Travelers submitted a proof of claim, which claim was assigned claim number 36 (the "Claim"), against LBHI.  The Claim is related to certain surety bonds that were issued by Travelers prior to the Commencement Date with respect to certain obligations of the Debtors or their affiliates (the "Prepetition Bonds").  The Claim was asserted as a secured claim.

E. On May 16, 2011, the Debtors filed the Debtors' One Hundred Thirty-Sixth Omnibus Objection to Claims (Misclassified Claims) seeking to reclassify the Claim from a secured to an unsecured claim (the "Objection") [Docket No. 16867].

F. On August 27, 2009, the Court entered an order Authorizing LBHI to Grant First Priority Liens in Cash Collateral Posted in Connection with a Surety Bond Agreement with Travelers (the "Cash Collateral Order") [Docket No. 4984].  Pursuant to the Cash Collateral Order, LBHI was authorized to grant first priority liens to Travelers in a cash securities account under the control of Travelers of up to $10 million (the "Postpetition Collateral") to secure LBHI's entry into a postpetition revolving surety bond facility with Travelers (the "Postpetition Facility"), all as more fully described in LBHI's Motion Authorizing LBHI to Enter into a Revolving Surety Bond Facility Agreement and to Grant First Priority Liens in Cash Collateral to Travelers, filed August 11, 2009 [Docket No. 4769].

G. The Parties have agreed to resolve the Objection and clarify the Parties' positions as to the Claim and the Postpetition Collateral pursuant to the terms and conditions set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1. The recitals set forth above are incorporated as if fully set forth herein.

2. The Claim is hereby reclassified as a general unsecured nonpriority claim. Except as set forth herein, this Stipulation, Agreement, and Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to further object to or defend against any objection are fully preserved as to, the Claim.

3. Travelers agrees and acknowledges that (i) the Postpetition Collateral does not secure and cannot be used to satisfy the Claim or any other prepetition obligation or liability, including by way of setoff, and (ii) it will not, nor will it permit its affiliates to, setoff, appropriate or apply the Postpetition Collateral against any amount payable by the Debtors that arose prepetition, including any amounts owing in relation to the Prepetition Bonds, and Travelers hereby waives any and all rights to do so. Nothing contained herein shall prejudice, however, Traveler's rights in the Postpetition Collateral with respect to the Postpetition Facility or otherwise in accordance with the terms of the Cash Collateral Order.

4. Upon approval of this Stipulation, Agreement, and Order by the Court, the Debtors' Court-appointed claims agent is authorized and directed to reclassify the Claim as a general unsecured nonpriority claim.

5. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

3

6. Each person who executes the Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

7. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, or facsimiles signed by the Parties here to be charged.

8. This Stipulation, Agreement and Order shall be interpreted, construed and enforced exclusively in accordance with the laws of the State of New York.

9.      The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

| | |
|---|---|
| Dated: June 20, 2011<br>New York, New York | Dated: June 21, 2011<br>New York, New York |
| TRAVELERS CASUALTY & SURETY COMPANY | WEIL, GOTSHAL & MANGES LLP |
| By: /s/ Robert G. Lavitt | By: /s/ Robert J. Lemons |
| Robert G. Lavitt, Esq.<br>One Tower Square, S102A<br>Hartford, CT 06183<br>Tel: 860-277-4001<br>Fax: 888-201-5608 | Robert J. Lemons, Esq.<br>767 Fifth Avenue<br>New York, New York 10153<br>Tel: 212-310-8000<br>Fax: 212-310-8007 |
| *Attorney for Travelers Casualty & Surety Company* | *Attorneys for the Debtors and Debtors in Possession* |

**SO ORDERED:**

Dated: New York, New York
       July 27, 2011

                                  *s/ James M. Peck*
                                  Honorable James M. Peck
                                  United States Bankruptcy Judge