WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------x

*EX PARTE* **MOTION PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 FOR AUTHORIZATION TO FILE THE LIST OF MANAGED ASSETS ON SCHEDULE A TO THE ASSET MANAGEMENT AGREEMENT BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND WCAS│FRASER SULLIVAN INVESTMENT MANAGEMENT, LLC UNDER SEAL**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI"), and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), submit this motion (the "Motion") for authorization to file under seal Schedule A to the Asset Management Agreement Between Lehman Brothers Holding Inc. and WCAS│Fraser Sullivan Investment Management, LLC ("Fraser Sullivan"), dated as of July 26, 2011 (the "Asset Management Agreement") that will be attached as Exhibit A to the *Debtors' Motion Pursuant To Sections 105 And 363 Of The Bankruptcy Code And Federal Rule Of Bankruptcy Procedure 6004 For Authorization To (I) Enter Into An Asset Management Agreement For The Management Of The Debtors' Commercial*

US_ACTIVE:\43764760\08\58399.0003

*Loan Portfolio And (II) Sell Commercial Loans To Special Purpose Entities In Connection With The Issuance Of Collateralized Loan Obligations* (the "Related Motion"). In support of this Motion, the Debtors respectfully represents as follows:

**Preliminary Statement**

1. As set forth more fully in the Related Motion, the Debtors will seek court approval of the Asset Management Agreement under which the Debtors will hire Fraser Sullivan to manage a portfolio of commercial loans that are listed on Schedule A to the Asset Management Agreement (collectively, the "Managed Assets"). Due to the confidential information contained on Schedule A to the Asset Management Agreement ("Schedule A"), and the substantial harm that the Debtors may suffer if Schedule A becomes a matter of public record, the Debtors seek entry of the proposed order, attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtors to file Schedule A under seal.

**Background**

2. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

5. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. On March 11, 2010, the Examiner filed its report with the Court [Docket No. 7531].

6. On July 1, 2011, the Debtors filed their second amended joint chapter 11 plan pursuant to section 1121 of the Bankruptcy Code [Docket No. 18204] and related disclosure statement pursuant to section 1125 of the Bankruptcy Code [Docket No. 18205]. A hearing for the approval of the disclosure statement is scheduled for August 30, 2011.

## Jurisdiction

7. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

## Lehman's Business

8. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9. In the ordinary course of business, prior to the Commencement Date, LCPI and LBHI engaged in originating, administering, syndicating, and trading commercial

loans. LCPI and LBHI often acted as lenders, syndication agents and/or administrative agents of commercial loans. In addition, LCPI and LBHI purchased and sold loans originated by other financial institutions. The portion of the Managed Assets owned by LCPI and LBHI includes term loans as well as revolving loan commitments.

10. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Relief Requested

11. By this Motion, the Debtors seek entry of an order authorizing the Debtors, in accordance with section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, to file Schedule A under seal, and directing that Schedule A shall remain confidential and under seal, and shall not be made available to any party other than the Court and (a) the U.S. Trustee, (b) the Creditors' Committee and its advisors, and (c) Fraser Sullivan (the "Limited Notice Parties"); *provided, however,* that after the effective date of the Asset Management Agreement (the "AMA Effective Date"), the Debtors and Fraser Sullivan may disclose Schedule A as required in connection with the securitization of the loans as contemplated by the Asset Management Agreement and as otherwise permitted by the Asset Management Agreement. The Debtors further request that the Court determine that the service of the Related Motion with a redacted version of Schedule A to all parties other than the Limited Notice Parties shall be sufficient notice of the Related Motion.

**Basis For Relief Requested**

12. Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion, such as the Related Motion, be filed under seal. Specifically, section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, "[o]n motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." FED. R. BANK. P. 9018.

13. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003); *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994) (holding that a bankruptcy court is required to seal "documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").

14. Once the Court determines that a party in interest is seeking protection of information that falls within section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Orion*, 21 F.3d at 27. Moreover, a court has broad authority to issue an order under Bankruptcy Rule 9018. *See In re Global Crossing*, 295 B.R. at 724 ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – any order which justice requires. The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.") (internal citations omitted).

15. Schedule A sets forth the following information with respect to the Managed Assets: the name of the borrower, the name of the facility, the funded portion of the loan and the amount of any unfunded commitment with respect to the loan. Public disclosure of Schedule A would harm the commercial interests of the Debtors as all loan market participants would know how much of each loan position the Debtors own. This knowledge in particular would harm the value of the Debtors' larger loan positions as market participants could be less likely to bid competitively if they know how much the Debtors own. The value of the Debtors' positions in the Managed Assets and Fraser Sullivan's ability to manage the commercial loan portfolio effectively, would be adversely affected if other participants in the loan trading markets were aware of the specifics regarding the holdings of the Debtors and their non-Debtor affiliates. Moreover, in the unlikely event that the Court does not approve the Asset Management Agreement, the Debtors' ability to pursue alternative strategies with respect to the Managed Assets would be compromised if Schedule A were public. As a result, public disclosure of

Schedule A could negatively affect the Debtors' recoveries on account of the loans that comprise the Managed Assets.

16. Prior to filing the Related Motion, the Debtors have kept the specific information regarding their commercial loan portfolio confidential and have only provided the information to parties who have signed non-disclosure agreements that limited their ability to utilize the confidential information. Schedule A includes the type of information that merits protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Consequently, the Debtors seek to protect this information by filing Schedule A under seal, and keeping such documents from being made available to any party other than the Court and the Limited Notice Parties, absent the agreement of the Debtors and Fraser Sullivan.

### Reason For Proceeding on an *Ex Parte* Basis

17. The Debtors are proceeding on an *ex parte* basis, as opposed to by notice and a hearing, because the Debtors need to file the Related Motion on or before Wednesday, July 28, 2011 in order to have the Related Motion considered by the Court at the August 17 omnibus hearing.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court enter the Proposed Order and grant the Debtors such other and further relief as it deems just and proper.

Dated: July 26, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

**Proposed Order**

US_ACTIVE:\43764760\08\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                        :   Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (JMP)
                                                             :
                                    Debtors.            :   (Jointly Administered)
------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 AUTHORIZING THE DEBTORS TO FILE THE LIST OF MANAGED ASSETS ON SCHEDULE A TO THE ASSET MANAGEMENT AGREEMENT BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND WCAS│FRASER SULLIVAN INVESTMENT MANAGEMENT, LLC UNDER SEAL

Upon the motion, dated July 26, 2011 (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 107(b) of the Bankruptcy Code[1] and Bankruptcy Rule 9018, authorizing the Debtors to file under seal Schedule A to the Asset Management Agreement, dated as of July 26, 2011 that will be attached as Exhibit A to the *Debtors' Motion Pursuant To Sections 105 And 363 Of The Bankruptcy Code And Federal Rule Of Bankruptcy Procedure 6004 For Authorization To (I) Enter Into An Asset Management Agreement For The Management Of The Debtors' Commercial Loan Portfolio And (II) Sell Commercial Loans To Special Purpose Entities In Connection With The Issuance Of Collateralized Loan Obligations* (the "Related Motion"), all as more fully described in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates and their creditors and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to file Schedule A under seal by delivering such documents to Chambers and to the Clerk of the Court's attention with a letter referencing this Order; and it is further

ORDERED that Schedule A shall remain under seal and confidential and shall not be made available to any party other than the Court and the Limited Notice Parties; *provided however*, that after the AMA Effective Date, the Debtors and Fraser Sullivan may agree to disclose Schedule A as required in connection with the securitization of the loans as contemplated by the Asset Management Agreement and as otherwise permitted by the Asset Management Agreement; and it is further

ORDERED that if the Court does not enter the order approving the Related Motion, Schedule A will continue to remain confidential and under seal; and it is further

ORDERED that the Limited Notice Parties, including the parties that they represent, shall be bound by this Order, shall at all times keep Schedule A strictly confidential, and shall not disclose the contents of Schedule A to any party, except as otherwise agreed by the Debtors and Fraser Sullivan; and it is further

ORDERED that service of the Related Motion with a redacted version of Schedule A shall be deemed good and sufficient notice of the Related Motion to all parties other than the Limited Notice Parties; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: July __, 2011
       New York, New York

                                                THE HONORABLE JAMES M. PECK
                                                UNITED STATES BANKRUPTCY JUDGE