UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              :     Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     08-13555 (JMP)
                                                                   :
                             Debtors.                     :     (Jointly Administered)
-------------------------------------------------------------------x

ORDER PURSUANT TO SECTION 107 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018
AUTHORIZING THE DEBTORS TO FILE THE LIST OF MANAGED
ASSETS ON SCHEDULE A TO THE ASSET MANAGEMENT AGREEMENT
BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND WCAS│FRASER
SULLIVAN INVESTMENT MANAGEMENT, LLC UNDER SEAL

Upon the motion, dated July 26, 2011 (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 107(b) of the Bankruptcy Code[1] and Bankruptcy Rule 9018, authorizing the Debtors to file under seal Schedule A to the Asset Management Agreement, dated as of July 26, 2011 that will be attached as Exhibit A to the *Debtors' Motion Pursuant To Sections 105 And 363 Of The Bankruptcy Code And Federal Rule Of Bankruptcy Procedure 6004 For Authorization To (I) Enter Into An Asset Management Agreement For The Management Of The Debtors' Commercial Loan Portfolio And (II) Sell Commercial Loans To Special Purpose Entities In Connection With The Issuance Of Collateralized Loan Obligations* (the "Related Motion"), all as more fully described in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief sought in the Motion is in the best interests of the Debtors, their estates and their creditors and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to file Schedule A under seal by delivering such documents to Chambers and to the Clerk of the Court's attention with a letter referencing this Order; and it is further

ORDERED that Schedule A shall remain under seal and confidential and shall not be made available to any party other than the Court and the Limited Notice Parties; *provided however*, that after the AMA Effective Date, the Debtors and Fraser Sullivan may agree to disclose Schedule A as required in connection with the securitization of the loans as contemplated by the Asset Management Agreement and as otherwise permitted by the Asset Management Agreement; and it is further

ORDERED that if the Court does not enter the order approving the Related Motion, Schedule A will continue to remain confidential and under seal; and it is further

ORDERED that the Limited Notice Parties, including the parties that they represent, shall be bound by this Order, shall at all times keep Schedule A strictly confidential, and shall not disclose the contents of Schedule A to any party, except as otherwise agreed by the Debtors and Fraser Sullivan; and it is further

ORDERED that service of the Related Motion with a redacted version of Schedule A shall be deemed good and sufficient notice of the Related Motion to all parties other than the Limited Notice Parties; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: New York, New York
      July 27, 2011

                                        *s/ James M. Peck*
                                        Honorable James M. Peck
                                        United States Bankruptcy Judge