**Presentment Date and Time: August 10, 2011 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: August 10, 2011 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                  :
**In re**                                                         :    **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                                  :
                                            **Debtors.**          :    **(Jointly Administered)**
                                                                  :
-------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EXPAND THE SCOPE OF RETENTION OF CB RICHARD ELLIS, INC. AS A REAL ESTATE CONSULTANT

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

supplemental application (the "Supplemental Application") of Lehman Brothers Holdings Inc.

("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the

"Debtors") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code and Rule

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization

to expand the scope of retention of CB Richard Ellis, Inc. as a real estate consultant, all as more

fully described in the Supplemental Application, to the Honorable James M. Peck, United States

Bankruptcy Judge, for approval and signature on **August 10, 2011 at 12:00 p.m. noon
(Prevailing Eastern Time)**.

    **PLEASE TAKE FURTHER NOTICE** that objections to the Supplemental

Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules

of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the

objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the

Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with two hard copies delivered

directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck,

One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York, 10153, Attn:  Richard P. Krasnow, Esq., attorneys

for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st

Floor, New York, New York, 10004, Attn:  Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and

Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York, 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these

cases; and (v) CB Richard Ellis, Inc., 200 Park Avenue, New York, NY 10166, Attn:  Linda E.

Lindman, Esq. **so as to be so filed and received by no later than August 10, 2011 at 11:00 a.m.
(Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **August 17, 2011, at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408.  If an objection is filed the objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 27, 2011
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　/s/ Richard P. Krasnow
　　　　　　　　　　　　　　　　　　　　Richard P. Krasnow

　　　　　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10153
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 310-8000
　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　　　　　　Attorneys for Debtors
　　　　　　　　　　　　　　　　　　　　and Debtors in Possession

**Presentment Date and Time:  August 10, 2011 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  August 10, 2011 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed):  August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
|  | : |  |
| --- | --- | --- |
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------------------x

**SUPPLEMENTAL APPLICATION OF THE**
**DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a)**
**OF THE BANKRUPTCY CODE AND RULE 2014 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR**
**AUTHORIZATION TO EXPAND THE SCOPE OF RETENTION OF**
**CB RICHARD ELLIS, INC. AS A REAL ESTATE CONSULTANT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

captioned chapter 11 cases, as debtors in possession (the "Debtors" and, collectively with their

non-debtor affiliates, "Lehman"), file this Supplemental Application and respectfully represent:

**Background**

1.    Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. On March 11, 2010, the Examiner filed its report with the Court [ECF No. 7531].

4.      On July 1, 2011, the Debtors filed a second amended joint chapter 11 plan and disclosure statement [ECF Nos. 18204 and 18205].

### Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is

2

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Applications and

Applications, filed on September 15, 2008 [ECF No. 2].

### Request for Relief

8.      The Debtors requests entry of an order, pursuant to sections 327(a) and

328(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the

Local Bankruptcy Rules for the Southern District of New York, to expand the scope of CB

Richard Ellis' ("CBRE") retention as a real estate consultant.  Specifically, the Debtors seek to

engage CBRE to perform necessary real estate consulting and appraisal services in connection

with the real property located at 1000 Wilshire Boulevard, Los Angeles, California (the

"Property").

### Retention of CBRE

9.      CBRE has previously been providing real estate, valuation and appraisal

services, on behalf of the Debtors, as a professional in these chapter 11 cases.  By an order dated

August 5, 2009  [ECF No. 4711] (the "Initial Retention Order"), the Court approved the retention

and employment of CBRE to perform real estate consulting services for LBHI in accordance

with the terms and conditions set forth in an agreement between LBHI and CBRE, dated July 15,

2009, with respect to LBHI's acquisition (including by renegotiation or amendment at its current

location(s)) whether by lease, sublease, assignment, purchase or otherwise, of approximately

150,000 square feet of leased rental space for general office use by LBHI in New York City

[ECF No. 4447].  By an order dated January 13, 2010 [ECF No. 6644]  (the "Supplemental

Retention Order", and together with the Initial Retention Order, the "Retention Orders"), the

scope of CBRE's retention was expanded to include providing the Debtors the necessary real

estate consulting, marketing and brokerage services with respect to LBHI's leasehold interest in

3

the 7th floor of the building located at 85 Tenth Avenue, New York, New York.  On July 12,

2011, the Debtors filed a supplemental application to expand the scope of CBRE's retention to

include providing necessary real estate consulting and appraisal services in connection with

twelve (12) separate loan positions consisting of either mortgage loans (or specific interests in

mortgage loans) secured by one or more real estate projects and/or other collateral, or mezzanine

loans (or specific interests in mezzanine loans) secured by equity pledges in entities that own one

or more real estate projects and/or other collateral.  During these chapter 11 cases, CBRE has

also provided real estate consulting, appraisal, marketing and brokerage services for non-debtor

affiliates.

## The Loan and the Property

10.    LBHI is the owner and holder of a loan (the "Loan") secured by a deed of

trust encumbering the Property (the "Deed of Trust").  The Loan is currently in default. LBHI

seeks to appraise the Property in connection with a potential foreclosure of the Deed of Trust

and/or the exercise of its other remedies in connection with the Loan.

## Scope of Services

11.    CBRE has agreed to provide an appraisal of the market value of the

Property.  The scope of the work identified for the appraisal services primarily involves (i)

research of relevant market data, consideration of highest and best use and consideration of the

appropriate generally accepted valuation approaches; and (ii) preparation of an appraisal report

with a market value conclusion (collectively, the "Services").

## CBRE's Expanded Retention

12.    Section 327(a) provides, in relevant part, that a debtor "with the court's

approval, may employ. . . professional persons, that do not hold or represent an interest adverse

to the estate, and that are disinterested persons, to represent or assist" the debtor in fulfilling its

duties under the Bankruptcy Code.

13.     The Debtors believe that CBRE is the global leader in real estate

brokerage and other related services and has extensive experience in providing strategic

commercial real estate advice to clients, including those involved in distressed situations.

Additionally, for many years, CBRE has provided real estate services to LBHI and its affiliates

and, therefore, is intimately familiar with the Debtors' business operations and personnel.  CBRE

has indicated a desire and willingness to act in the Debtors' chapter 11 cases and render the

necessary Services, as described herein, and to subject itself to the jurisdiction of the Court.

Accordingly, the Debtors submit that CBRE remains well-qualified to advise the Debtors and

that the retention of CBRE on the terms and conditions set forth herein is necessary and

appropriate, is in the best interest of its estate, creditors, and all other parties in interest, and

should be granted in all respects.

## **CBRE is Disinterested**

14.     As described in the declaration of Kyle Redfearn, Managing Director of

the Financial & Tax Reporting Services practice of CBRE, executed July 26, 2011, attached

hereto as Exhibit A (the "Redfearn Declaration"), CBRE is currently the exclusive listing agent

for the current owner of the Property and in such capacity is responsible for marketing the

Property to prospective lessees and securing lessees.  CBRE is not involved with listing the

Property for sale or providing any other services.  The Debtors anticipate that a foreclosure of the

Deed of Trust will be consensual and the current owner of the Property is aware of their

determination to obtain an appraisal of the Property from CBRE.  The Debtors have also been

informed that, although CBRE does not believe a conflict exists, it will screen those professional

employees who have served and are currently serving as listing agent for the Property to ensure

that such employees will not be involved in any capacity with nor privy to any confidential

information or material documents pertaining to CBRE providing the Services.  Accordingly,

based upon the information provided in the Redfearn Declaration, to the best of the Debtors'

knowledge, information and belief, neither CBRE nor any professional employee of CBRE has

any connection with or any interest adverse to the Debtors, its creditors, or any other party in

interest, or their respective attorneys and accountants, except as may be set forth in the Redfearn

Declaration.

15.     Based upon the Redfearn Declaration, the Debtors submit that CBRE is a

"disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code, as

modified by section 1107(b) of the Bankruptcy Code.  The Debtors have been informed that

CBRE will conduct an ongoing review of its files to ensure that no disqualifying circumstances

arise, and if any new relevant facts or relationships are discovered, CBRE will supplement its

disclosure to the Court.

### Compensation Arrangement

16.     Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain

CBRE on reasonable terms and conditions.  Section 328 of the Bankruptcy Code provides, in

relevant part, that a debtor "with the court's approval, may employ or authorize the employment

of a professional person under section 327. . . on any reasonable terms and conditions of

employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on

a contingent fee basis."  11 U.S.C. § 328(a).

17.     As recognized by numerous courts, Congress intended section 328(a) to

enable debtors to retain professionals pursuant to specific fee arrangements to be determined at

the time of the court's approval of the retention, subject to reversal only if the terms are found to

be improvident in light of "developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a); *see also Donaldson, Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862-3 (5th Cir. 1997) ("If the most competent professionals are to be available for complicated capital restructuring and the development of successful corporate reorganization, they must know what they will receive for their expertise and commitment.").  Accordingly, section 328 permits the compensation of professionals, including real estate brokers, on terms that reflect the nature of their services and market conditions.

18.     LBHI and CBRE have agreed that LBHI will compensate CBRE for the Services for a flat fee of $6,000 (the "Proposed Compensation"), which includes all out-of-pocket expenses.

19.     In the event that any of CBRE's valuation experts associated with the Services are needed for testimony, a deposition or other court proceeding, CBRE's compensation for time related to the preparation, travel and testimony will be paid on an hourly basis, at the following rates:

| | |
|---|---|
| Senior Managing Director | $500 |
| Managing Director | $450 |
| Director | $450 |
| Senior Vice President | $400 |
| Vice President | $400 |
| Senior Appraiser | $350 |
| Appraiser | $300 |

7

20.     The Proposed Compensation reflects (i) the nature of the services provided by CBRE and (ii) the fee structure provisions typically utilized by CBRE and other real estate and consulting firms, which do not bill their clients on an hourly basis for similar services.  The fee structure is also consistent with CBRE's normal and customary billing practices.  Considering the services that CBRE will provide and the market prices for CBRE's services, the Debtors submit that the Proposed Compensation is reasonable under the standards set forth in section 328(a) of the Bankruptcy Code and fulfill the requirements of Rule 2014-1 of the Local Rules.  Thus, the Debtors request approval of the Proposed Compensation pursuant to section 328(a) of the Bankruptcy Code.

21.     As set forth in the Redfearn Declaration, CBRE has not shared or agreed to share any of its Proposed Compensation in connection with this matter with any other person, as permitted by section 504 of the Bankruptcy Code.

## Fee Applications

22.     In light of CBRE's fixed fee structure, the Debtors respectfully request that the Court approve the Proposed Compensation as detailed herein without requiring CBRE to file fee applications or fee statements with the Court pursuant to sections 330 and 331 of the Bankruptcy Code.  The Debtors submit that the scope and nature of the Services and the Proposed Compensation is therefor both reasonable and practical.  Furthermore, pursuant to the Retention Orders, this Court has previously granted CBRE relief from submitting periodic fee applications and approved a similar procedure to that described below.  Comparable to CBRE's previous situations warranting such relief, the Proposed Compensation is a fixed fee structure with compensation only paid upon completion of the Services.  Accordingly, LBHI proposes that

CBRE's compensation with respect to the Services be governed by the following procedure (the

"Compensation Procedure"):

- LBHI will request the Court's allowance of CBRE's Proposed Compensation by filing a notice after consummation of the Services setting forth the compensation to be paid to CBRE with respect thereto (the "Compensation Notice") and serving the Compensation Notice on all parties entitled to receive notice in these cases pursuant to the procedures set forth in the Case Management Order (as defined below).

- Parties will have ten (10) days after the filing of the Compensation Notice to file an objection to any portion of the Proposed Compensation and serve the objection on LBHI and CBRE. Any objection to the Compensation Notice shall set forth the amount of the Proposed Compensation to which the party is objecting and the reasons for the objection.

- If no party timely files and serves an objection to the Compensation Notice, LBHI shall be authorized to pay the Proposed Compensation to CBRE without further notice or authorization from the Court;

- If any party files a timely objection to the Compensation Notice, LBHI shall be authorized to pay, without further notice or authorization from the Court, (i) any portion of the Proposed Compensation to which any party filing the objection has not objected and (ii) any portion of the Proposed Compensation to which LBHI, CBRE, and the objecting party or parties have agreed in writing may be paid. If LBHI, CBRE, and the objecting party or parties are unable to resolve the objection, LBHI or CBRE may schedule a hearing for the Court to determine the objection.

23.     LBHI submits that, with respect to the Services, the Compensation

Procedure is practical and affords the Court and other parties in interest an opportunity to review

the propriety of the Proposed Compensation. Further, the Court would be relieved from the

administrative burden of reviewing CBRE's fee application. Accordingly, the Debtors

respectfully request that the Court approve the Proposed Compensation with respect to the

Services.

## Notice

24.     No trustee has been appointed in these chapter 11 cases. The Debtors

have served notice of this Supplemental Application in accordance with the procedures set forth

in accordance with the procedures set forth in the second amended order entered on June 17,

2010 governing case management and administrative procedures for these cases [ECF No. 9635]

(the "Case Management Order"), on (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; (vi) CBRE; and (vii) all

parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or

further notice need be provided.

      25.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

      WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: July 27, 2011
     New York, New York

               /s/ Richard P. Krasnow
               Richard P. Krasnow

               WEIL, GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007

               Attorneys for Debtors
               and Debtors in Possession

**<u>EXHIBIT A</u>**

**(Declaration of Kyle Redfearn)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ x
                                                       :
In re                                                  :    Chapter 11
                                                       :
Lehman Brothers Holdings Inc., et al.                  :    Case No. 08-13555 (JMP)
                                                       :
                              Debtors.                 :    Jointly Administered
                                                       :
                                                       :
------------------------------------------------------ x
```

## DECLARATION OF KYLE REDFEARN IN SUPPORT
## OF THE SUPPLEMENTAL APPLICATION TO EXPAND THE
## RETENTION OF CB RICHARD ELLIS INC.
## AS REAL ESTATE CONSULTANT FOR THE DEBTORS

I, Kyle Redfearn, make this Declaration under 28 U.S.C. § 1746 and state:

1.      I am Managing Director of the Financial & Tax Reporting Services of CB Richard Ellis, Inc. ("CBRE"), a professional real estate services firm.   I submit this supplemental declaration on behalf of CBRE in support of the supplemental application (the "Supplemental Application") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above captioned chapter 11 cases (together, the "Debtors"), for entry of an order, pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code") authorizing the Debtors to (i) expand their engagement of CBRE as real estate consultant to provide an appraisal with respect to the real property located at 1000 Wilshire Boulevard, Los Angeles, California (the "Property") and (ii) to compensate CBRE for its services in connection therewith.   Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or are based upon knowledge obtained from employees of CBRE reporting to me that are derived in the course of their duties.

2.      On July 15, 2009 and December 14, 2009, Mitchell E. Rudin, President and CEO of the New York Tri-State Region of CBRE submitted a declaration and supplemental

declaration, respectively, to the Court (together, the "First and Supplemental CBRE Declarations") in support of the Debtors' retention of CBRE as a real estate consultant for two different assignments in New York, New York [ECF Nos. 4447 and 6376].    On July 12, 2011, I submitted a declaration to the Court [ECF No. 18637] with respect to providing appraisal services to the Debtors in connection with twelve (12) separate loan positions consisting of either mortgage loans (or specific interests in mortgage loans) secured by one or more real estate projects and/or other collateral, or mezzanine loans (or specific interests in mezzanine loans) secured by equity pledges in entities that own one or more real estate projects and/or other collateral (the "Initial Redfearn Declaration").    The Initial Redfearn Declaration was supplemented on July 19, 2011 to provide the schedules of disclosures referenced in the Initial Redfearn Declaration (the "Supplemental Redfearn Declaration") [ECF No. 18637].    The First and Supplemental CBRE Declarations and the Initial Redfearn Declaration and Supplemental Redfearn Declaration are incorporated in this Declaration by reference.

## Scope of Services

3.    The Debtors seek to retain CBRE to perform an appraisal of the Property for internal decision making and such other purposes the Debtors deem necessary and appropriate. CBRE has that the scope of the work identified for the appraisal services shall primarily involve (i) research of relevant market data, consideration of highest and best use and consideration of the appropriate generally accepted valuation approaches; and (ii) preparation of an appraisal report with a market value conclusion (collectively, the "Services").

## CBRE's Disinterestedness

4.    Based upon the information available to me, the procedures performed to check and clear potential conflicts of interest in connection with the Initial Redfearn Declaration and Supplemental Redfearn Declaration, and the connections revealed, I believe that CBRE is a

"disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code in that, except as set forth in this Declaration:   (a) CBRE has no connection with LBHI, its affiliates and related entities, including certain affiliates that are debtors before this Court, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee or any other party with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, (b) CBRE is not a creditor, equity security holder or insider of LBHI, (c) CBRE is not and was not, since January 1, 2007, a director, officer or employee of the Debtors and (d) CBRE does not have an interest materially adverse to the Debtors, its respective estate or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.

     5.    As disclosed in <u>Schedule B-1</u> attached to the Supplemental Redfearn Declaration, CBRE currently serves as the exclusive listing agent for the owner/borrower of the Property. Such services are contracted to expire on July 31, 2011, and are not performed by any member of the appraisal and valuation team that will conduct the Services.   It is my understanding that the Debtors anticipate that a foreclosure of the Deed of Trust will be consensual and the current owner of the Property is aware of their determination to obtain an appraisal of the Property from CBRE.   Consequently, CBRE believes that the services rendered for the owner/borrower of the Property are not adverse to the Debtors' estates.   Further, none of the professional employees who have provided or are currently providing services in connection with the disclosed listing duties will be privy to any confidential information or material documents pertaining to CBRE providing the Services.

     6.    Except as set forth herein or disclosed on <u>Schedule B</u>, <u>Schedule B-1</u>, <u>Schedule B-2</u>, <u>Schedule C</u> and <u>Schedule D</u> attached to the Supplemental Redfearn Declaration, and based

upon the information available to me, neither I, nor CBRE, insofar as I have been able to ascertain, holds or represents any interest adverse to LBHI or its estate in the matters upon which CBRE is to be employed.

7.    CBRE has approximately 30,000 employees across the globe.   It is possible that certain employees of CBRE may have business associations with any of the parties or hold securities of the Debtors or interests in mutual funds or other investment vehicles that may own securities of the Debtors.

8.    Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because LBHI and the other Debtors are a large enterprise with thousands of creditors and other relationships, and because CBRE is a global firm performing a variety of real estate related services, CBRE is unable to state with certainty that every client representation or other connection of CBRE has been disclosed.   In this regard, if CBRE discovers additional information that requires disclosure, CBRE will file supplemental disclosures with the Court.

## **Professional Compensation**

9.    Subject to Court approval, LBHI and CBRE have agreed that CBRE will be compensated on a service fee basis, as more fully described in the Supplemental Application.

10.    Pursuant to the procedures described in the Supplemental Application, CBRE shall submit all invoices and payment requests in accordance with the requirements of the Bankruptcy Code and any relevant order of this Court.

11.    To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor CBRE has received or been promised any compensation in connection with LBHI's chapter 11 case, other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.   CBRE has agreed not to share compensation received

in connection with these cases with any other entity.    The proposed retention of CBRE is not prohibited by Bankruptcy Rule 5002.

12.    This declaration is provided in accordance with Bankruptcy Rule 2014.

I declare under penalty of perjury that the foregoing statements are true and correct.


Executed on:    __July 26, 2011____    By: _____
                                                          Kyle Redfearn

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                :
In re                                                           :        **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,      :        **08-13555 (JMP)**
                                                                :
                                    **Debtors.**                :        **(Jointly Administered)**
                                                                :
-------------------------------------------------------------------x

**ORDER EXPANDING THE SCOPE OF**
**RETENTION OF CB RICHARD ELLIS, INC., AS**
**THE DEBTORS' REAL ESTATE CONSULTANT PURSUANT**
**TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND**
**RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon consideration of the supplemental application, dated July 27, 2011 (the

"Supplemental Application"),[1] of  Lehman Brothers Holdings Inc. ("LBHI") and its affiliated

debtors in the above-captioned chapter 11 cases (together, the "Debtors") pursuant to sections

327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for authorization to expand the

scope of retention of CB Richard Ellis, Inc. ("CBRE") as a real estate consultant, all as more

fully set forth in the Supplemental Application; and upon consideration of the declaration of

Kyle Redfearn, Managing Director of the Financial & Tax Reporting Services practice of CBRE,

executed July 26, 2011, filed in support of the Supplemental Application and attached to the

Supplemental Application as Exhibit A; and the Court having jurisdiction to consider the

Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District

of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

and consideration of the Supplemental Application and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application having

been provided in accordance with the procedures set forth in the second amended order entered

on June 17, 2010 governing case management and administrative procedures for these cases

[ECF No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; (vi) CBRE; and (vii) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Supplemental

Application is in the best interests of the Debtors, their estates and their creditors, and all parties

in interest and that the legal and factual bases set forth in the Supplemental Application establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Supplemental Application is approved as set forth herein; and

it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code,

the Debtors are authorized to expand the scope of the employment and retention of CBRE as

their real estate consultant on the terms and conditions generally described in the Supplemental

Application, and LBHI is authorized to enter into an engagement letter with CBRE consistent

therewith; and it is further

ORDERED that CBRE will not be required to file interim fee applications

pursuant to sections 330 and 331 of the Bankruptcy Code, and that CBRE will be compensated

for the Services pursuant to the following procedures:

- LBHI will request the Court's allowance of CBRE's Proposed Compensation by filing a notice after consummation of the Services setting forth the compensation to be paid to CBRE with respect thereto (the "Compensation Notice") and serving the Compensation Notice on all parties entitled to receive notice in these cases pursuant to the procedures set forth in the Case Management Order.

- Parties will have ten (10) days after the filing of the Compensation Notice to file an objection to any portion of the Proposed Compensation and serve the objection on LBHI and CBRE.  Any objection to the Compensation Notice shall set forth the amount of the Proposed Compensation to which the party is objecting and the reasons for the objection.

- If no party timely files and serves an objection to the Compensation Notice, LBHI shall be authorized to pay the Proposed Compensation to CBRE without further notice or authorization from the Court.

- If any party files a timely objection to the Compensation Notice, LBHI shall be authorized to pay, without further notice or authorization from the Court, (i) any portion of the Proposed Compensation to which any party filing the objection has not objected and (ii) any portion of the Proposed Compensation to which LBHI, CBRE, and the objecting party or parties have agreed in writing may be paid.  If LBHI, CBRE, and the objecting party or parties are unable to resolve the objection, LBHI or CBRE may schedule a hearing for the Court to determine the objection; and it is further

ORDERED that the Proposed Compensation, as described in the Supplemental

Application, is hereby approved and CBRE shall be subject to the standard of review provided in

section 328(a) of the Bankruptcy Code, and not subject to any other standard of review under

section 330 of the Bankruptcy Code; and it is further;

ORDERED that, notwithstanding the foregoing, the United States Trustee retains

all rights to object to fees payable to CBRE in connection with the Services based on the

reasonableness standard provided for in section 330 of the Bankruptcy Code;

3

ORDERED that to the extent this Order is inconsistent with the Supplemental

Application, this Order shall govern; and it is further

ORDERED that this Court will retain jurisdiction to construe and enforce this

Order.


Dated: August __, 2011
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE