UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO RULE 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE (Lehman Brothers Holdings Inc., Debtor, Case No. 08-13555) or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Baupost Group Securities, L.L.C.                     Citigroup Global Markets Inc.
_____                      _____
Name of Transferee                                   Name of Transferor

$111,774,651.00                                      55402
_____                      _____
Proof of Claim Amount                                Proof of Claim Number

$109,697,046.00 (98.14% of $111,774,651.00)
_____
Amount of Claim Transferred

You are hereby requested to make all future payments and distributions, and give all notices and other communications, in respect of the Claim to the Transferee at the address below.

TRANSFEREE:   Baupost Group Securities, L.L.C.
Address:      c/o Ropes & Gray LLP
              1211 Avenue of the Americas
              New York, NY 10036-8704
              Attn: Adam Reiss

I declare under penalty of perjury that the information provided in this evidence and notice is true and correct to the best of my knowledge and belief.

By:

By: _____  Date: 7-27-11

Name: Jonathan Reisman
Title: Counsel for Transferee

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citigroup Global Markets Inc.** ("Seller") acting on behalf of one or more of its customers (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to **Baupost Group Securities LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55402** filed by or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's or Customer's right, title and interest in, to and under the transfer agreements, if any, under which Seller or Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's and/or Customer's right, title and interest in, to and under any right or remedy of Seller, Customer or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller's Customer is the beneficial owner of the Purchased Securities relating to the Purchased Claims and specified in Schedule 1 attached hereto; (d) Seller or its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (e) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (f) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (g) Seller nor its Customer have engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated; and (h) as of the date of this Agreement, Seller, Customer, or any prior seller has not received notice of any full or partial redemption, has no knowledge of the existence of any full or partial redemption, and has not received any payment in relation to any full or partial redemption in respect of the Purchased Securities identified by ISINs XS0313102377, XS0341528965 and XS0355896944.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.

Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than the third (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the tenth (10th) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), or via another settlement method aggreable to Purchaser and Seller as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York with respect to proceedings arising under this agreement or related to its interpretation or enforcement. Each party hereto consents to service of process with respect to proceedings arising under this agreement or related to its interpretation or enforcement, by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 1st day of August 2010.

**CITIGROUP GLOBAL MARKETS INC.**

By: _____
Name: Rohit Bansal
Title: Managing Director

390 Greenwich Street
New York, NY 10013

**BAUPOST GROUP SECURITIES LLC**

By: _____
Name: James F. Mooney
Title: Managing Director

10 St. James Avenue, Suite 1700
Boston, MA 02116

Schedule 1

Transferred Claims

Purchased Claim

98.14% -- $109,697,046 of $111,774,651 (the outstanding amount of the Proof of Claim as of August 1, 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|
| STRADDLE EUROSTOXX 50 NOTE | XS0258411239 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 1,144,000 EUR / 1,624,594 USD | 7-Sep-2010 |
| DJ EUROSTOXX 50 INDEX | XS0267879475 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 1,940,000 EUR / 2,754,994 USD | 13-Oct-2010 |
| EUROSTOXX STRADDLE NOTE | XS0267365442 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 9,737,000 EUR / 13,827,514 USD | 30-Nov-2010 |
| AUTO-CALLABLE ABSOLUTE PERFORMER NOTE | XS0276859609 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2,404,000 EUR / 3,413,920 USD | 5-Jan-2011 |
| ABSOLUTE PERMORMER NOTE | XS0283319837 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 10,080,000 EUR / 14,314,608 USD | 6-Apr-2011 |
| ABSOLUTE PERFORMER NOTE | XS0296894669 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 7,331,000 EUR / 10,410,753 USD | 6-Jul-2011 |
| AUTO REDEEMER WORST OF NOTE | XS0313102377 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 9,975,000 EUR / 14,165,498 USD | 7-Sep-2012 |
| AUTOREDEEMER WORST OF NOTE LINKED TO A BASKET OF | XS0319193396 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 11,405,000 EUR / 16,196,241 USD | 8-Oct-2012 |
| CAPITAL PROTECTED NOTE | XS0338960262 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2,498,000 EUR / 3,547,410 USD | 7-Feb-2012 |
| CAPITAL PROTECTED NOTE LINKD TO SX5E | XS0338941551 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2,086,000 EUR / 2,962,329 USD | 7-Feb-2012 |
| CAPITAL PROTECTD NT 100% PROTECTD | XS0342523197 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3,120,000 EUR / 4,430,712 USD | 7-Mar-2012 |
| CAPITAL PROTECTED ELN | XS0341528965 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 5,451,000 EUR / 7,740,965 USD | 7-Apr-2010 |
| CAPITAL PROTECTED NOTE | XS0348646919 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 4,159,000 EUR / 5,906,196 USD | 9-Apr-2012 |
| CAPITAL PROTECTED ELN DJ EUROSTOXX 50 | XS0355896944 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 2,825,000 EUR / 4,011,783 USD | 7-Jun-2010 |
| AUTO REDEEMER NOTE | XS0323353499 | Lehman Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 3,091,000 EUR / 4,389,529 USD | 22-Jun-2009 |