Presentment Date and Time: August 9, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: August 8, 2011 at 4:00 p.m.. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
**In re**                                                : Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,             : 08-13555 (JMP)
                                                         :
                     Debtors.                            : (Jointly Administered)
                                                         :
                                                         :
----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER
PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL
ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT ALTERNATIVE DISPUTE
RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER
DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE
COUNTERPARTIES**

   **PLEASE TAKE NOTICE** that the undersigned will present the annexed Debtors' proposed Supplemental Order Pursuant to Section 105(A) of the Bankruptcy Code and General Order M-390 for Authorization to Implement Alternative Dispute Resolution Procedures for Affirmative Claims of Debtors under Derivatives Transactions with Special Purpose Vehicle Counterparties (the "Supplemental Order") on **August 9, 2011 at 2:00 p.m. (Prevailing Eastern Time).**

   **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **August 8, 2011 at 2:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States

US_ACTIVE:\43759833\01\58399.0008

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 28, 2011
  New York, New York

/s/ Richard W. Slack
Richard W. Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
------------------------------------------------------------------x
```

**SUPPLEMENTAL ORDER**
**PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND**
**GENERAL ORDER M-390 FOR AUTHORIZATION TO IMPLEMENT**
**ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE**
**CLAIMS OF DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH**
**<u>SPECIAL PURPOSE VEHICLE COUNTERPARTIES</u>**

Upon the motion, dated November 24, 2010, of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "<u>Debtors</u>" and, together with their non-debtor affiliates, "<u>Lehman</u>"), for an order approving alternative dispute resolution procedures for affirmative claims of Debtors under derivatives contracts with special purpose vehicle counterparties [Docket No. 13009] (the "<u>Motion</u>,"), all as more fully described in the Motion; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held on February 16, 2011 to consider the relief requested in the Motion; and an order having been entered on March 3, 2011 [Docket No. 14789] granting the relief requested in the Motion (the "<u>SPV ADR Order</u>"), the Debtors file this supplemental order to modify the scope of the term "SPV" as used in the SPV ADR Order to exclude two

specific counterparties; and the Court having previously found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted therein; and after due deliberation and sufficient cause appearing therefor, it is

        ORDERED that counterparties Commerces de la République S.A.S. and Residences de la République S.A.S. (the "Républiques") are excluded from the SPV ADR Order; and it is further

        ORDERED that, for the avoidance of doubt, the Républiques remain subject to the original Derivatives ADR Order; and it further

        ORDERED that all terms of the SPV ADR Order shall otherwise continue to apply and remain in full force and effect without modification.

Dated: July ___, 2011
       New York, New York

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE