Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,

Case No. 08-13555 (JMP)
(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| Deutsche Bank AG, London Branch | CNP Assurances |

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Simon Glennie
E-mail:
simon.glennie@db.com/kairi.james@db.com

Court Claim # (if known):  63595
Amount of Claim: USD 687,072,283.70 (amount transferred: USD 42,729,000.00 (plus any accrued interest) of ISIN XS0356444827)
Date Claim Filed: 2 November 2009

Tel: N/A

Last Four Digits of Acct. #:  N/A

Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____       Date: ___26 July 2011___

Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

*PARTIAL Transfer of LBHI Claim # 63595*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, CNP Assurances ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Deutsche Bank AG, London Branch (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, for consideration paid by Purchaser to Seller (the "Purchase Price") (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to such portion of Proof of Claim Number 63595 filed by or behalf of the Seller (the "Proof of Claim") as is specified in Schedule 1 attached hereto (the "Purchased Claim") against Lehman Brothers Holdings, Inc., as Guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    For the avoidance of doubt, other than recourse (including indemnification) for the breach of an express representation or warranty set forth in this Agreement, there shall be no recourse against Seller (including any adjustment to the Purchase Price), and the Seller shall have no obligation to refund any amounts (or incur any liability) for any disallowance of any Proof of Claim (or reduction of the amount of any Proof of Claim) ultimately allowed in the Proceedings pursuant to a court order.

4.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

DB Ref: 8173

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

5. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein. For the avoidance of doubt, Seller's indemnification is limited solely to the representations and warranties expressly stated herein.

6. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _15_ day of _July_ 2011.

**CNP ASSURANCES**

By: _____
Name:
Title:

CNP Assurances
Directeur Général Adjoint
4 Place Raoul Dautry
75716 Paris Cedex 15
Attention: Antoine LISSOWSKI
Tel: 33 01 42 18 92 01
Email: antoine.lissowski@cnp.fr

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____
Name:
Title: Ross Miller
       Director

Deutsche Bank AG, London
1 Great Winchester Street
London
EC2N 2DB

Michael Sutton
Managing Director

DB Ref: 8373

<u>Schedule 1</u>

<u>Transferred Claims</u>

<u>Purchased Claim</u>

100% of the claim that is referenced in line item number 16 of the Proof of Claim as highlighted in the copy of the Proof of Claim attached at Schedule 2 and relating to the Purchased Security described below (including, for the avoidance of doubt, any accrued interest or any other amounts accruing to the Purchased Security).

<u>Lehman Programs Securities to which Transfer Relates</u>

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Amount of Accrued Interest up to September 15, 2008 | Total Claim Amount |
|---|---|---|---|---|---|---|---|
| Notes issued under the Euro Medium-Term Note Program | XS0356444827 | CA60973 CA60978 CA60864 CA60863 CA60974 CA60975 | Lehman Brothers Treasury Company BV | Lehman Brothers Holdings Inc. | $42,729,000.00 (EUR 30,000,000.00) | USD 1,277,597.10 (EUR 897,000.00) | $44,006,597.10 |

Schedule 1 -1

DB Ref: 8173

Schedule 2

Copy of Proof of Claim 63595

Schedule 1-1

DB Ref: 8173

<table>
<tr><td>

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

</td><td>

**LEHMAN SECURITIES PROGRAMS
PROOF OF CLAIM**

</td></tr>
</table>

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)       0000063595

*THIS SPACE IS FOR COURT USE ONLY*

---

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

CNP Assurances
Direction des Investissements
Responsable Service Systèmes d'information et administration
4 Place Raoul Dautry, 75716 Paris Cedex 15
Attention: Antoine Fromenteze
Telephone number: +33 (0)1 42 18 93 57   Email Address: antoine.fromenteze@cnp.fr

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on: _____

---

Name and address where payment should be sent (if different from above)

Telephone number:               Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

---

**1.** Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** see attachment _____ **(Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

**2.** Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** see attachment_____ **(Required)**

**3.** Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

see attachment _____ **(Required)**

**4.** Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

see attachment _____ **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FILED/RECEIVED
NOV 0 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

---

| Date.<br>29-10-2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>803-331(,2 18 92 01      Antoine LISSOWSKI<br>DGA FINANCE |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | |
|---|---|
| Lehman Brothers Holdings Inc., *et al.* | Chapter 11 |
| | Case No. 08-13555 (JMP) |
| Debtors | Jointly Administered |

### ATTACHMENT TO PROOF OF CLAIM OF CNP ASSURANCES

CNP Assurances ("CNP" or "Claimant") by an authorized representative submits this attachment to the proof of claim (the "Claim") against Lehman Brothers Holdings Inc. ("LBHI").

#### CNP's Claim

1.       CNP submits this Claim with respect to certain securities issued or guaranteed by LBHI and as set forth on the Lehman Programs Securities list posted by LBHI on July 17, 2009 in accordance with the Bar Order. Such Lehman Programs Securities include:

| ISIN | BLOCKING NUMBER | PARTICIPANT ACCOUNT NUMBER | PRINCIPAL AMOUNT OF ISSUE HELD | AMOUNT OF ACCRUED INTEREST UP TO SEPTEMBER 15, 2008 | CLAIM AMOUNT (USD) |
|---|---|---|---|---|---|
| XS0128857413 | CA60300 CA60303 | 11207 | USD 37,031,800 (EUR 26,000,000) | USD 827,889 (EUR 581,260.27) | 37,859,689 |
| XS0183944643 | CA60276 | 11207 | USD 42,729,000 (EUR 30,000,000) | USD 1,351,231.46 (EUR 948,698.63) | 44,080,231.46 |

| | | | USD | USD | |
|---|---|---|---|---|---|
| XS0252834576 | CA60965 CA60963 CA60969 CA60966 | 11207 | USD 60,247,890 (EUR 42,300,000) | USD 884,736.13 (EUR 621,172.60) | 61,132,626.13 |
| XS0300055547 | CA60548 | 11207 | USD 14,243,000 (EUR 10,000,000) | USD 18,501.07 (EUR 12,989.59) | 14,261,501.07 |
| XS0307745744 | CA60835 | 11207 | USD 21,364,500 (EUR 15,000,000) | USD 239,984.79 (EUR 168,493.15) | 21,604,484.79 |
| XS0360789951 | CA60972 | 11207 | USD 28,486,000 (EUR 20,000,000) | USD 550,677.31 (EUR 386,630.14) | 29,036,677.31 |
| XS0364971225 | CA60970 | 11207 | USD 28,486,000 (EUR 20,000,000) | USD 472,258.85 (EUR 331,572.60) | 28,958,258.85 |
| XS0213454829 | CA60855 | 11207 | USD 21,364,500 (EUR 15,000,000) | USD 466,717.91 (EUR 327,682.31) | 21,831,217.91 |
| XS0218614567 | CA60810 CA60806 CA60832 CA60829 | 11207 | USD 21,364,500 (EUR 15,000,000) | USD 536,453.82 (EUR 376,643.84) | 21,900,953.82 |
| XS0223158386 | CA60759 | 11207 | USD 42,729,000 (EUR 30,000,000) | USD 558,045.68 (EUR 391,803.47) | 43,287,045.68 |
| XS0233752145 | CA60791 CA60793 CA60789 | 11207 | USD 14,243,000 (EUR 10,000,000) | USD 494,006.08 (EUR 346,841.31) | 14,737,006.08 |
| XS0255988817 | CA60805 CA60807 | 11207 | USD 71,215,000 (EUR 50,000,000) | USD 1,481,742.22 (EUR 1,040,330.14) | 72,696,742.22 |

| | | | | | |
|---|---|---|---|---|---|
| XS0283497005 | CA60326 CA60333 CA60320 CA60327 CA60335 | 11207 | USD 98,276,700 (EUR 69,000,000) | USD 2,738,060.16 (EUR 1,922,390.06) | 101,014,760.16 |
| XS0330837773 | CA60809 CA60813 CA60812 CA60811 | 11207 | USD 56,972,000 (EUR 40,000,000) | USD 2,102,810.94 (EUR 1,476,382.04) | 59,074,810.94 |
| XS0356444660 | CA60849 CA60848 CA60847 CA60845 CA60844 | 11207 | USD 48,426,200 (EUR 34,000,000) | USD 1,729,275.92 (EUR 1,214,123.37) | 50,155,475.92 |
| XS0356444827 | CA60973 CA60978 CA60864 CA60863 CA60974 CA60975 | 11207 | USD 42,729,000 (EUR 30,000,000) | USD 1,277,597.1 (EUR 897,000.00) | 44,006,597.1 |
| XS0170856115 | CA60959 | 11207 | USD 21,364,500 (EUR 15,000,000) | USD 69,705.26 (EUR 48,940.01) | 21,434,205.26 |
| TOTAL: | ----- | ----- | ----- | ----- | 687,072,283.7 |

## Reservation of Rights

2.      Claimant expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims.  Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

3.　　This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against LBHI and its affiliated debtors (the "Debtors") and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

4.　　The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

5.　　Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

6.　　In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

<u>Notices</u>

7.　　All notices, communications and distributions with respect to this Claim should be sent to:

CNP Assurances
Direction des Investissements
Responsable Service Systèmes d'information et administration
4 Place Raoul Dautry
75716 Paris Cedex 15
Telephone:    +33 (0)1 42 18 93 57
Attention:    Antoine Fromenteze

With a copy to:

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Telephone:    (212) 878-8000
Attention:    Jennifer C. DeMarco, Esq.
              Jennifer B. Premisler, Esq.

**H
A
N
D

D
E
L
I
V
E
R
Y**

FILED / RECEIVED

NOV 0 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

NK
RECEIVED BY:

DATE

12:40
TIME