Presentment Date and Time: August 12, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: August 12, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

-------------------------------------------------------------------x
                                         :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN DECHERT LLP AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO JUNE 21, 2011

**PLEASE TAKE NOTICE** that the undersigned will present the annexed supplemental application (the "Supplemental Application") of the Debtors pursuant to Section 327(e) of title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the scope of Dechert LLP's retention as special counsel to the Debtors, *nunc pro tunc* to June 21, 2011, as more fully described in the Supplemental Application, to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **August 12, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

16571573

**PLEASE TAKE FURTHER NOTICE** that objections to the Supplemental Application, if any, shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., and Linda Riffkin, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036-6797, Attn:  Adam J. Wasserman, Esq. and Brian E. Greer, Esq., **so as to be so filed and received by no later than August 12, 2011 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **August 17, 2011 at 10:00 a.m. (Prevailing Eastern**

**Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable

James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

10004-1408.  If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  July 29, 2011
         New York, New York

                              /s/ Richard P. Krasnow
                              Richard P. Krasnow
                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone:  (212) 310-8000
                              Facsimile:  (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

Presentment Date and Time: August 12, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: August 12, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :     **08-13555 (JMP)**
                                          :
                      **Debtors.**        :        **(Jointly Administered)**
                                          :
------------------------------------------------------------------x

**SUPPLEMENTAL APPLICATION OF THE DEBTORS**
**PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE**
**AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO EMPLOY AND RETAIN DECHERT LLP AS SPECIAL**
**COUNSEL TO THE DEBTORS,** *NUNC PRO TUNC* **TO JUNE 21, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession

(together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this

supplemental application (the "Supplemental Application") of the Debtors pursuant to Section

327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the

16571573

scope of Dechert LLP's ("Dechert") retention as special counsel to the Debtors, *nunc pro tunc* to June 21, 2011 as set forth herein and respectfully represent:

## Jurisdiction

1.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

2.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

5.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the Chapter 11 Cases (the "Examiner") and by order dated January 20, 2009 [ECF No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No. 7531].

6.      On July 1, 2011, the Debtors filed a second amended joint chapter 11 plan and disclosure statement [ECF Nos. 18204 and 18205].

### Lehman's Business

7.      Prior to the events leading up to these Chapter 11 Cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these Chapter 11 Cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

### Retention of Dechert

9.      On June 1, 2010, the Debtors submitted (a) the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP, as Special Counsel to the Debtors, Nunc Pro Tunc to March 1, 2010 [ECF No. 9395] (the "Initial Application", together with the Supplemental Application, the "Applications"), and (b) the supporting declaration of Katherine A. Burroughs of Dechert (the "Initial Declaration").

10.     On June 22, 2010, the Court entered an order [ECF No. 9724] (the "Retention Order") approving the Initial Application and authorizing the Debtors to employ and retain Dechert as special counsel to the Debtors with respect to certain matters described in the Initial Application generally relating to certain real estate financings, transactions, workouts

and loan restructurings, including enforcement of remedies (collectively, the "Initial Representative Matters").

11.    As disclosed in the Initial Declaration, Dechert represents certain current and former Independent Directors of LBHI in connection with, among other things, various investigative and litigation matters unrelated to Dechert's representation of the Debtors as special counsel (the "Initial Independent Directors Representation").   Such current and former Independent Directors are: Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Jerry A. Grundhofer, Roland A. Hernandez, Henry Kaufman, and John D. Macomber (the "Independent Directors").  Dechert has been paid by the Debtors' primary 2007-2008 insurance policy purchased from XL Specialty Insurance Company plus additional excess coverage for total directors' and officers' liability insurance coverage up to $250 million (collectively, the "D&O Policy") for certain work relating to the Initial Independent Directors Representation.

### Relief Requested

12.    The Debtors seek authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to modify the scope of Dechert's retention as special counsel, previously approved by the Retention Order, to include legal services with respect to the representation of those Independent Directors that have been issued deposition subpoenas, asked to submit to certain depositions or may otherwise be called to testify in connection with the adversary proceeding in these Chapter 11 Cases, *Lehman Brothers Holdings Inc. and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Case No. 10-03266 (JMP) (the "Adversary

Proceeding"), *nunc pro tunc* to June 21, 2011 (the "Additional Independent Directors'
Representation").

## Basis for Relief Requested

13.    Subject to further order of this Court, it is proposed that Dechert's
retention as special counsel, previously approved by the Retention Order, be modified to
include legal services with respect to the Additional Independent Directors Representation,
*nunc pro tunc* to June 21, 2011. Although Dechert's retention and obligations under the
Additional Independent Directors Representation would run exclusively to the Independent
Directors, Dechert's fees would be paid by the Debtor's estates.  Accordingly, the expansion of
Dechert's retention under the terms described herein is appropriate under Bankruptcy Code
sections 327(e) and 1107.  Section 327(e) provides for the appointment of special counsel
where the proposed counsel does not possess any interest that is materially adverse to the debtor
with regard to the matter that will be handled by counsel.  Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified
> special purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best
> interest of the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

14.    Accordingly, section 327(e) of the Bankruptcy Code authorizes the
retention of counsel who previously represented a debtor prepetition provided that: (a) the
appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest
adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the
specified special purpose for which counsel is being retained does not rise to the level of
conducting the bankruptcy case for the debtor in possession.  *See In re AroChem Corp.*, 176
F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the

8

interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994).  As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to Dechert and that, therefore, its expanded retention should be approved under section 327(e) of the Bankruptcy Code.

**The Employment and Retention of Dechert
With Respect to the Additional Independent
Directors Representation is in the Best Interests of the Estates**

15.    As described in the supplemental declaration of Adam J. Wasserman in Support of the Supplemental Application, attached hereto as Exhibit 1 (the "Supplemental Declaration," together with the Initial Declaration, the "Declarations"), Dechert is a large international law firm and has substantial experience in all aspects of litigation matters, including bankruptcy litigation, complex commercial litigation, securities litigation and white collar litigation.  While Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), the Debtors' conflicts counsel, is representing them in connection with the Adversary Proceeding, the Debtors have concluded that the retention of Dechert with respect to the Additional Independent Directors Representation would be in the best interest of the Debtors' estates.

16.    As discussed above, Dechert has been previously retained as counsel to the Independent Directors in connection with the Initial Independent Directors Representation.  It is the Debtors' understanding that the depositions of certain Independent Directors in the Adversary Proceeding will concern, *inter alia*, those Independent Directors' knowledge and understanding of prepetition events leading up to LBHI's bankruptcy filing.  The group of Dechert attorneys handling the Additional Independent Directors Representation have, in connection with the Initial Independent Directors Representation, already worked extensively

9

with each of the Independent Directors in connection with those prepetition events.  In light of

Dechert's previous and extensive representation of the Independent Directors in connection with

the Initial Independent Directors Representation, familiarity with the facts and circumstances

relevant to the Adversary Proceeding, the fact that the Independent Directors do not have any

interest in the Adversary Proceeding adverse to the Debtors, and Dechert's current representation

of the Independent Directors, the Debtors believe that Dechert's retention with respect to the

Additional Independent Directors Representation would, *inter alia*, be cost-efficient.

Accordingly, the Debtors have concluded that Dechert is both well-qualified and uniquely able to

provide services relating to the Additional Independent Directors Representation, and that

Dechert's retention would be in the best interest of the Debtors' estates, their creditors and other

parties in interest.

**Dechert Holds No Interest Adverse to
the Debtors or the Debtors' Estates With
<u>Respect to the Additional Independent Directors Representation</u>**

17.    The Debtors' knowledge, information and belief regarding the matters set

forth in this Supplemental Application are based on and made in reliance upon the Declarations.

18.    Dechert has informed the Debtors that it does not represent or hold any

interest adverse to the Debtors or the Debtors' estates with respect to the Additional Independent

Directors Representation.  *See In re AroChem*, 176 F. 3d 610, 622 (2d. Cir. 1999) (emphasizing

that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only

with respect to the scope of the proposed retention).   The Debtors have also been informed that

Dechert will continue to update its conflicts disclosures contained in the Declarations and other

supporting documentation filed in connection with the Applications in accordance with the

Bankruptcy Rules, the Local Rules, any orders of this Court, and Dechert's past practices and

established conflicts procedures relating to chapter 11 proceedings.  Accordingly, the Debtors

10

submit that expanding the scope of Dechert's retention with respect to the Additional Independent Directors Representation is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

## Dechert Will Not
## Conduct The Debtors' Bankruptcy Case

19.     By separate applications, the Debtors have sought the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis as conflicts counsel.  By contrast, Dechert's postpetition work would be limited to the Initial Independent Directors Representation and Additional Independent Directors Representation.  None of these matters involve the conduct of the bankruptcy cases themselves.  Additionally, because Dechert is not serving as the Debtors' general bankruptcy counsel, the Debtors believe that Dechert has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by Dechert will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors.  It is the Debtors understanding that Dechert will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

## Professional Compensation

20.     The Debtors propose to pay Dechert its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Supplemental Declaration, and to reimburse Dechert according to its customary reimbursement policies, in accordance with sections 330(a) and 331 of the Bankruptcy Code.

21.     Dechert has informed the Debtors that the current hourly billing rates for Dechert partners range from $550/hour to $1,140/hour; its counsel rates range from $545/hour to $1,010/hour; its associates' rates range from $420/hour to $685/hour; its paralegals range from $110/hour to $310/hour and its other non-lawyer professionals' rates range from $40/hour to $155/hour.  Dechert informed the Debtors that the hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted from time to time and in accordance with Dechert's established practices and procedures.  The Debtors believe such rates are reasonable and comparable to the rates other firms charge for similar services.

22.     The Debtors understand that in connection with the reimbursement of reasonable and necessary expenses, it is Dechert's policy to charge its clients for expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other telephone charges, delivery service, and other expenses incurred in providing professional services.

23.     All of Dechert's fees and expenses incurred during these chapter 11 cases will be subject to approval of the Court upon proper application by Dechert in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], and this Court's Order Amending the Fee Protocol [ECF No. 15998].

### *Nunc Pro Tunc* **Approval is Warranted**

12

24.     The Debtors' request that Dechert's retention be made effective *nunc pro tunc* to June 21, 2011 to allow Dechert to be compensated for work performed on behalf of the Debtors on or after June 21, 2011 (the date when Dechert first received notice of the request by the defendant in the Adversary Proceeding for depositions of certain of the Independent Directors), but prior to the submission of this Supplemental Application.  As discussed further in the Supplemental Declaration, exigent circumstances existed that warranted Dechert immediately commencing services to the Independent Directors for the Additional Independent Directors Representation, such as the immediate need to respond to requests that Dechert accept service of deposition subpoenas for certain of the Independent Directors in connection with the Adversary Proceeding and begin preparing for those depositions.  The Debtors believe it was in the best interests of the estates for Dechert to commence providing services to the Independent Directors in connection with the Additional Independent Directors Representation immediately, with the understanding that the Debtors would seek *nunc pro tunc* authorization to expand the scope of Dechert's retention.

25.     The Debtors submit that retroactive approval is warranted as Dechert provided necessary services to the Debtors and such services are of value to the estate and all parties in interest.  *See In re Hasset, Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving nunc pro tunc retention application and recognizing that "nunc pro tunc applications are disfavored in this Circuit but have been permitted when the attorney performs services of 'value' to the estate" (internal citations omitted)); *see also In re Motors Liquidation Company*¸ 438 B.R. 365 (Bankr. S.D.N.Y. 2010) (stating that in exercising its discretion regarding the existence of "extraordinary circumstances," a bankruptcy court considers factors such as . . . whether the applicant was under time pressure to begin service without approval); *In re Jarvis*, 53 F.3d 416

(1st Cir. 1995) (finding that a bankruptcy court may grant post facto application if employment meets statutory requirements and delay results from extraordinary circumstances); *Matter of Arkansas Co. Inc.*, 798 F.2d. 645 (3d Cir. 1986) (opining that bankruptcy courts have discretion in extraordinary circumstances to retroactively approve a professional's employment).

26.    A delay in the provision of legal services relating to the Additional Independent Directors Representation could, under the circumstances, have resulted in immediate and potentially significant prejudice to the Debtors and their estates by, *inter alia*, increasing the burden on certain of the Independent Directors and LBHI's estate.  Suspension of services could have delayed efforts for the benefit of the estates.

27.    The global nature and complexity of these Chapter 11 Cases and often times need for professionals to immediately provide services as a result of the exigencies of circumstances, warrants retroactive approval.  This Court has granted *nunc pro tunc* approval of the retention of numerous other professionals in these cases.  *See*, *e.g.*, *Order Granting Application to Employ and Retain Sonnenschein Nath & Rosenthal LLP, as Special Counsel To The Debtors, Nunc Pro Tunc to January 1, 2010* [ECF No. 10949]; *Order Granting Motion of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Amend the Order Approving Retention of Bingham McCutchen LLP as Special Counsel to the Debtors, Nunc Pro Tunc to the Engagement Date* [ECF No. 7491]; *Order Authorizing the Employment and Retention of Sutherland Asbill & Brennan LLP as Special Tax Counsel, Nunc Pro Tunc to April 1, 2010* [ECF No. 8846]*; Order Authorizing Retention And Employment Of Richard Sheldon, Queens Counsel For Limited Purposes Nunc Pro Tunc to June 23, 2009* [ECF No. 4763]*; Order Authorizing the Employment*

*and Retention of Simpson, Thacher & Bartlett LLP as Special Counsel to the Debtors, Nunc Pro Tunc to the Commencement Date* [ECF No. 1658].

28.     The Debtors have consulted with the Creditors' Committee regarding the proposed expansion of the scope of legal services to be provided as set forth in this Supplemental Application *nunc pro tunc* to June 21, 2011 and the Creditors' Committee does not object.

29.     For the foregoing reasons, the proposed relief requested in this Supplemental Application is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

## Notice

30.     No trustee has been appointed in these Chapter 11 Cases.  The Debtors have served notice of this Supplemental Application in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Dechert; and (vii) all parties who have requested notice in these Chapter 11 Cases.  The Debtors submit that no other or further notice need be provided.

31.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:    New York, New York
          July 29, 2011

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

## EXHIBIT 1

**Supplemental Declaration**

16571573

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------  x
In re                                          :       Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :       08-13555 (JMP)
                                               :
              Debtors.                         :       (Jointly Administered)
                                               :
                                               :
-----------------------------------------------------------  x

## DECLARATION OF ADAM J. WASSERMAN IN SUPPORT OF SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN DECHERT LLP AS SPECIAL COUNSEL TO THE DEBTORS, NUNC PRO TUNC TO JUNE 21, 2011

I, Adam J. Wasserman, declare and state as follows:

1.       I am member of the law firm of Dechert LLP ("Dechert"). I am admitted to practice law in the Courts of the State of New York and am a member in good standing of the bar of the United States District Court for the Southern District of New York.

2.       I submit this declaration (this "Supplemental Declaration"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), in support of the Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedures for Authorization to Employ and Retain Dechert LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc* to June 21, 2011 (the "Supplemental Application")[1] filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession

---

[1]    Capitalized terms used but not defined herein shall have the meanings set forth in the Supplemental Application.

16571791

in the above referenced chapter 11 cases (together, the "Debtors") to modify the scope of Dechert's retention as special counsel to the Debtors to include additional matters, *nunc pro tunc* to June 21, 2011.  Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts set forth herein based on, *inter alia*, my knowledge of these chapter 11 cases, review of documents referred to in this Supplemental Declaration, and/or other information provided by my firm.  Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Supplemental Declaration on behalf of Dechert.

3.     On June 1, 2010, Katherine A. Burroughs, a partner at Dechert, submitted a declaration (the "Initial Declaration") in support of the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP, as Special Counsel to the Debtors, Nunc Pro Tunc to March 1, 2010 [ECF No. 9395] (the "Initial Application", together with the Supplemental Application, the "Applications").

4.     On  June 22, 2010, the United States Bankruptcy Court for the Southern District of New York entered an order approving the Initial Application and authorizing the Debtors to employ and retain Dechert as special counsel to the Debtors with respect to the Representative Matters [ECF No. 9724] (the "Retention Order").

5.     In the Initial Application, Dechert disclosed that it represents certain current and former Independent Directors of LBHI in connection with, among other things, various investigative and litigation matters unrelated to Dechert's representation of the Debtors as special counsel (the "Initial Independent Directors Representation").  Such current and former Independent Directors are: Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H.

Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Jerry A. Grundhofer, Roland A. Hernandez, Henry Kaufman, and John D. Macomber (the "Independent Directors"). Dechert has been paid by the Debtors' primary 2007-2008 insurance policy purchased from XL Specialty Insurance Company plus additional excess coverage for total directors' and officers' liability insurance coverage up to $250 million (collectively, the "D&O Policy") for certain work relating to the Initial Independent Directors Representation.

6.      On August 16, 2010, Dechert submitted the First Interim Fee Application of Dechert LLP, as 327(e) Special Counsel, for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During the Period March 1, 2010 through May 31, 2010 [ECF No. 10768] seeking actual, reasonable, and necessary (i) professional fees in the amount of $624,268.85 for services performed and (ii) expense reimbursement in the amount of $11,199.34 for expenses incurred.

7.      On December 10, 2010, Dechert submitted the Supplemental Declaration of Katherine A. Burroughs on Behalf of Dechert LLP [ECF No. 13383] (the "Supplemental Disclosure"), with respect to the Initial Application.

8.      On January 6, 2011, Dechert submitted the Second Interim Fee Application of Dechert LLP, as 327(e) Special Counsel, for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During the Period June 1, 2010 through September 30, 2010 [ECF No. 13814] seeking actual, reasonable, and necessary (i) professional fees in the amount of $1,003,591.25 for services performed and (ii) expense reimbursement in the amount of $9,683.37 for expenses incurred.

9.      On April 7, 2011, Dechert submitted the Second Supplemental Declaration of Katherine A. Burroughs on Behalf of Dechert LLP [ECF No. 15707] (the "Second

3

Supplemental Disclosure", together with the Initial Declaration and Supplemental Disclosure, the "Prior Disclosures"), with respect to the Initial Application.[2]

10.    On April 15, 2011, Dechert submitted the Third Application of Dechert LLP, as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2010 through January 31, 2011 [ECF No. 16082] seeking actual, reasonable and necessary (i) professional fees in the amount of $867,568.55 for services performed and (ii) expense reimbursement in the amount of $13,669.12 for expenses incurred.

11.    Dechert has extensive knowledge and experience in representing the Debtors, other Lehman non-debtor affiliates, and the Independent Directors in various matters. Dechert is an international law firm with more than 800 attorneys. Dechert has offices in New York, Philadelphia, Washington, D.C., Boston, Charlotte, Princeton, Hartford, Orange County, Silicon Valley, San Francisco, Austin and Los Angeles, as well as London, Paris, Luxembourg, Brussels, Moscow, Munich, Dublin, Hong Kong, and Beijing. Dechert has substantial experience in virtually all aspects of the law that may arise in its representation in connection with the Additional Independent Directors Representation (defined below), including extensive experience in bankruptcy litigation, complex commercial litigation, securities litigation, and white collar litigation.

---

[2]    In addition to the Prior Disclosures, pursuant to the Order Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business [ECF No. 1394], Dechert filed: (i) the Affidavit and Disclosure Statement of Katherine A. Burroughs, on behalf of Dechert LLP [ECF No. 2599] on January 22, 2009; (ii) the Supplemental Affidavit and Disclosure Statement of Katherine A. Burroughs, on behalf of Dechert LLP [ECF No. 3361] on April 14, 2009 and [ECF No. 3398] on April 20, 2009; (iii) the Supplemental Affidavit and Disclosure Statement of Katherine A. Burroughs, on behalf of Dechert LLP [ECF No. 4154] on June 24, 2009; (iv) the Third Supplemental Affidavit and Disclosure Statement of Katherine A. Burroughs, on behalf of Dechert LLP [ECF No. 4358] on July 13, 2009; and (v) the Fourth Supplemental Affidavit of Katherine A. Burroughs, on behalf of Dechert LLP [ECF No. 4915] on August 24, 2009, which are collectively incorporated herein by reference (the "OCP Disclosures").

12.    Dechert has represented the Independent Directors in connection with various investigative and litigation matters for years.  Dechert is familiar with the facts and circumstances of the adversary proceeding in these chapter 11 cases, *Lehman Brothers Holdings Inc. and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Case No. 10-03266 (JMP) (the "Adversary Proceeding"), in which several of the Independent Directors have been issued deposition subpoenas or otherwise asked to submit to certain depositions, or may otherwise be called to testify (the "Additional Independent Directors Representation").

13.    We believe that Dechert is well-qualified and uniquely positioned to provide services relating to the Additional Independent Directors Representation.  As discussed above, Dechert has been previously retained as counsel to the Independent Directors in connection with the Initial Independent Directors Representation.  It is my understanding that the depositions of certain Independent Directors in the Adversary Proceeding will concern, *inter alia*, those Independent Directors' knowledge and understanding of prepetition events leading up to LBHI's bankruptcy filing.   The group of Dechert attorneys handling the Additional Independent Directors Representation have, in connection with the Initial Independent Directors Representation, already worked extensively with the Independent Directors in connection with, *inter alia*, their knowledge and understanding of prepetition events.  Accordingly, we believe that Dechert's retention with respect to the Additional Independent Directors Representation would, *inter alia*, be cost-efficient and in the best interest of the Debtors' estates.

14.    We believe it was appropriate under the circumstances, and in the best interests of the estates, for Dechert to commence providing services to the Independent Directors for the Additional Independent Directors Representation immediately, as of June 21, 2011, in

order to respond to requests that Dechert accept service of deposition subpoenas for certain of the Independent Directors in connection with the Adversary Proceeding and begin preparing for those depositions. Dechert provided these services immediately, with the understanding the Debtors should seek *nunc pro tunc* authorization to expand the scope of Dechert's retention.

15.    A delay in the provision of legal services relating to the Additional Independent Directors Representation could, under the circumstances, have resulted in potentially significant prejudice to the Debtors and their estates by, *inter alia*, increasing the burden on certain of the Independent Directors and LBHI's estate. Indeed, no reasonable purpose would have been served for Dechert to suspend the provision of legal services to the Independent Directors, particularly since the suspension of services could have delayed efforts to benefit the LBHI estate.

### Conflict Disclosures

16.    As set forth in the Applications, the Prior Disclosures and other supporting documentation filed in connection with the Applications, Dechert periodically conducts investigations to check and clear potential conflicts of interest in these cases, as well as to determine all "connections" to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee. Dechert conducts investigations to determine whether it has or had any relationships at any time during the past two years with entities contained on the list, as revised from time to time, provided to Dechert by Weil, Gotshal & Manges LLP, the Debtors' general bankruptcy counsel.

17.    As part of its ongoing disclosure responsibilities under Rule 2014 of the Federal Rules of Bankruptcy Procedures, in addition to the Prior Disclosures made in connection

with the Applications and other supporting documentation filed in connection with the Applications, Dechert researched its client database for the past two years (the "Supplemental Conflicts Search") to determine whether Dechert has an adverse interest in connection with the Additional Independent Directors Representation.

18.    The entities included in the Supplemental Conflicts Search are identified on Exhibit A attached hereto and incorporated herein by reference (the "Additional Parties"). To the extent that the Supplemental Conflicts Search indicated that Dechert has been employed within the past two years or currently is employed by any of the Additional Parties in representation unrelated to these chapter 11 cases, the identities of those entities are set forth on Exhibit B attached hereto and incorporated herein by reference. Exhibit B also identifies any affiliates of the Additional Parties that Dechert currently is employed by or has been employed by within the past two years. Dechert's investigation of its relationships with these Additional Parties indicted that Dechert does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Additional Independent Directors Representation. Further disclosures based on subsequent information will be made in future supplemental disclosures, as appropriate.

19.    Dechert most recently updated its disclosures on or about April 7, 2011 and will continue to update the disclosures contained in the Prior Disclosures, including with respect to any subsequently identified parties directly involved with the Additional Independent Directors Representation.

20.    I have been informed by Dechert's accounting department that current hourly billing rates for Dechert partners range from $550/hour to $1,140/hour; its counsel rates range from $545/hour to $1,010/hour; its associates' rates range from $420/hour to $685/hour. I

have been further informed that the current hourly billing rates for Dechert paralegals range from $110/hour to $310/hour and its other non-lawyer professionals' rates range from $40/hour to $155/hour.

21.    Dechert recognizes that it will be required to submit applications for interim and/or final allowance of compensation pursuant to section 330 and 331 of the Bankruptcy Code and the rules of this Court.    Dechert has reviewed the fee application guidelines promulgated by the U.S. Trustee and will comply with them.

22.    To the best of my knowledge, information, and belief, Dechert does not hold or represent an interest adverse to the Debtors or their respective estates in the matters for which Dechert is proposed to be retained.    Accordingly, I believe that Dechert satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

23.    No promises have been received by Dechert or any member or associate thereof as to payment or compensation in connection with the work proposed in the Additional Independent Directors Representation, *nunc pro tunc*, to June 21, 2011, other than in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules.[3]  Dechert has no

---

[3]    The Supplemental Application seeks to expand the scope of Dechert's retention to include the Additional Independent Directors Representation.    Dechert's services in connection with the Additional Independent Directors Representation would be compensated by the estate.    As discussed, Dechert also represents the Independent Directors in connection with the Initial Independent Directors Representation where it has been compensated for certain work through the Debtors' D&O Policy.

agreement with any other entity to share with such entity any compensation received by Dechert.

24.    The foregoing constitutes the statement of Dechert pursuant to sections 327(e) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: July 28, 2011

_____
Adam J. Wasserman

## <u>EXHIBIT A</u>

### Additional Parties in Interest

JP Morgan

## EXHIBIT B

### Supplemental Disclosure of Representation

### Representation Unrelated to Debtors' Chapter 11 Cases

Set forth below are the parties who Dechert currently represents or formerly represented, within the past two years, in matters unrelated to the Debtors' chapter 11 cases.

| CLIENT NAME | RELATIONSHIP TO JP MORGAN |
|---|---|
| Prodigy Health Group | JP Morgan subsidiary holds a minority stake |
| Travelport Limited | JP Morgan subsidiary holds a minority stake |
| Carlson Wagonlit B.V. | JP Morgan subsidiary owns 45% |
| NCO Group, Inc. | JP Morgan subsidiary |
| J.P. Morgan Funds | Marketing name for the asset management business of JP Morgan Chase & Co. |
| J.P. Morgan Investment Management Inc. | JP Morgan Chase & Co. wholly owned subsidiary |
| JF China Region Fund, Inc. | JP Morgan subsidiary |
| Sherrerd, Estate of John J.F. | JP Morgan Trust Company of Delaware is a co-client |
| Chase Home Finance LLC | JP Morgan subsidiary |
| JP Morgan Chase & Co | n/a |
| JP Morgan Securities | JP Morgan Chase & Co. wholly owned subsidiary |
| One Equity Partners, LLC | JP Morgan subsidiary |
| Vertrue Incorporated | JP Morgan subsidiary owned |
| H/2 Capital Partners | JP Morgan is a co-client |
| JP Morgan | n/a |

| CLIENT NAME | RELATIONSHIP TO JP MORGAN |
|---|---|
| Rhodia, Inc. | JP Morgan holds 5% stake |
| Primopiso Acquisition S.A.R.L. | JP Morgan Private Equity is a shareholder |
| JP Morgan – WA, f/k/a Bank One Corporation | JPMorgan Chase & Co. and Bank One Corporation officially merged on July 1, 2004 |
| Henry W. Breyer | JP Morgan Chase Bank is a trustee |
| Barclays Capital | JP Morgan Securities is a co-client |
| Chase Manhattan Mortgage Corporation | JP Morgan subsidiary |
| JP Morgan Trust Company | JP Morgan subsidiary |
| CWT Global B.V. | JP Morgan subsidiary is a co-client |
| JP Morgan Securities Inc. – BB | JP Morgan subsidiary |
| Travel Acquisitions Holdings, LLC | Subsidiary of a company that is 45% owned by JP Morgan subsidiary |
| CWT Swerige Holdings AB | JP Morgan subsidiary is a co-client |
| Bear Stearns & Company, Inc. | JP Morgan subsidiary |
| Morgan Stanley & Co., Inc. | JP Morgan and JP Morgan subsidiary are co-clients |

Dechert has also represented current and/or former officers and/or directors of JP Morgan and/or its affiliates in connection with unrelated litigation matters.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                   :
In re                             :        Chapter 11 Case No.
                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        08-13555 (JMP)
                                     :
                     Debtors.     :        (Jointly Administered)
                                     :
------------------------------------------------------------------x

**ORDER GRANTING SUPPLEMENTAL
APPLICATION OF THE DEBTORS, PURSUANT
TO SECTION 327(e) OF THE BANKRUPTCY CODE
AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE, TO EXPAND THE SCOPE OF DECHERT LLP'S RETENTION
AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO JUNE 21, 2011**

Upon the supplemental application, dated July 29, 2011 (the "Supplemental
Application"), of Lehman Brothers Holdings Inc., ("LBHI") and its affiliated debtors in
the above- referenced chapter 11 cases, as debtors and debtors in possession (together,
the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code
(the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure
(the "Bankruptcy Rules") for entry of an order authorizing and approving the expansion
of Dechert LLP's ("Dechert") retention as special counsel, *nunc pro tunc* to
June 21, 2011, with respect to the Additional Independent Directors Representation,[1] as
more fully described in the Supplemental Application; and upon the Declaration of Adam
J. Wasserman (the "Supplemental Declaration"), filed in support of the Supplemental
Application; and the Court being satisfied, based on the Representation made in the
Supplemental Application and the Supplemental Declaration, that, except as provided

---

[1]      Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in
the Supplemental Application.

therein, Dechert represents no interest adverse to the Debtors or the Debtors' estates with respect to the Additional Independent Directors Representation upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application having been provided in accordance with the procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Dechert LLP; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Supplemental Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Supplemental Application is approved as set forth herein; and it is further

ORDERED that Dechert's obligations under the Additional Independent Directors Representation shall run solely to the Independent Directors; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to expand the scope of the employment and retention of Dechert as special counsel to the Debtors on the terms set forth in the Supplemental Application and this Order, effective *nunc pro tunc* to June 21, 2011 with respect to the Additional Independent Directors Representation identified in the Supplemental Application; and it is further

ORDERED that Dechert shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997] and the Court's Order Amending the Fee Protocol [ECF No. 15998]; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

3

ORDERED that the Court shall retain jurisdiction to hear and determine

all matters arising from the implementation of this Order.

Dated: August ___, 2011
      New York, New York

                     _____

                     HONORABLE JAMES M. PECK
                     UNITED STATES BANKRUPTCY JUDGE