B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc., et al. ,    Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| The Liverpool Limited Partnership | Goldman, Sachs & Co. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

c/o Elliott Management Corporation
712 Fifth Ave., 35th Fl, New York, NY 10019
Attn: Michael Stephan
Phone: (212) 974-6000
Last Four Digits of Acct #: _____

Court Claim # (if known): 63595
Amount of Claim: $34,762,036.40*
Date Claim Filed: 11/02/2009

Phone: (212) 357-6240
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

*plus additional amounts as set forth in the proof of claim

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

THE LIVERPOOL LIMITED PARTNERSHIP
By: Liverpool Associates Ltd.
as General Partner
Transferee/Transferee's Agent

Date: July 29, 2011

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

By: _____
Elliot Greenberg, Vice-President

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, GOLDMAN, SACHS & CO. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to THE LIVERPOOL LIMITED PARTNERSHIP (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, for consideration paid by Purchaser to Seller (the "Purchase Price") (a) an undivided interest, to the extent specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the claim evidenced by Proof of Claim Number 63595 filed by or on behalf of CNP Assurances ("CNP"), Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller and any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing and proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller and/or prior sellers related to or in connection with the Transferred Claims or the Proceedings. The Transferred Claim was transferred from CNP as evidenced at docket 18728.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither CNP nor Seller has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured unsubordinated claims.

3.    For the avoidance of doubt, other than recourse (including indemnification) for the breach of an express representation, warranty, covenant and/or indemnity set forth in this Agreement or as otherwise may be permitted pursuant to applicable laws, there shall be no recourse against Seller (including any adjustment to the Purchase Price), and the Seller shall have no obligation to refund any amounts (or incur any liability) for any disallowance of any Proof of Claim (or reduction of the amount of any Proof of Claim) ultimately allowed in the Proceedings pursuant to a court order.

674292v.2

4.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file as soon as practicable after the date hereof (but in any event on no later than then third (3rd) business day following the date hereof) a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

5.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from the breach of Seller's representations, warranties, covenants and agreements made herein. For the avoidance of doubt, Seller's indemnification is limited solely to the representations, warranties, covenants and indemnities expressly stated herein and all rights and remedies against it as permitted under applicable law.

6.  Seller shall promptly (but in any event no later than three (3) business days after receipt by Seller or six (6) business days after receipt by CNP) remit any payments, distributions or proceeds received by Seller or CNP, as the case may be, in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof (but in any event on no later than third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing CNP to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing CNP to act), as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

674292v.2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 29 day of July 2011.

| GOLDMAN, SACHS & CO. | THE LIVERPOOL LIMITED PARTNERSHIP |
|---|---|
| | By: Liverpool Associates Ltd. as General Partner |
| By: _____ | |
| Name: DENNIS LAFFERTY | By: _____ |
| Title: MD | Name: |
| | Title: |
| 30 Hudson Street, 36th Floor | |
| Jersey City, NJ 07302 | C/o Elliott Management Corporation |
| Fax: 212-428-1243 | 712 Fifth Avenue, 35th Floor |
| Contact: Andrew Caditz | New York, N.Y. 10019 |
| Phone: 212-357-6240 | Attn: Michael Stephan |
| Email: Andrew.Caditz@gs.com | Tel: 212-478-2310 |

674292v.2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 29 day of July 2011.

**GOLDMAN, SACHS & CO.**

By:_____
Name:
Title:

30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

**THE LIVERPOOL LIMITED PARTNERSHIP**
By: Liverpool Associates Ltd. as General Partner

By:_____
Name: ELLIOT GREENBERG
Title: VICE PRESIDENT

C/o Elliott Management Corporation
712 Fifth Avenue, 35th Floor
New York, N.Y. 10019
Attn: Michael Stephan
Tel: 212-478-2310

674292v.2

Schedule 1

## Transferred Claims

Purchased Claim

(1) 40% of XS0223158386 = USD 17,314,818.27 of USD 43,287,045.68 (the outstanding amount of XS0223158386 as described in the Proof of Claim) and

(2) 24% of XS0255988817 = USD 17,447,218.13 of USD 72,696,742.22 (the outstanding amount of XS0255988817 as described in the Proof of Claim), which equals

(Total) 5.05944385% of the Proof of Claim = USD 34,762,036.40 of USD 687,072,283.70 (the outstanding amount of the Proof of Claim).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Accrued Amount (as of Proof of Claim Filing Date) | Total Amount |
|---|---|---|---|---|---|---|
| Lehman Program Security | XS0223158386 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 12,000,000.00 (equivalent to USD 17,091,600.00) | EUR 156,721.39 (equivalent to USD 223,218.27) | USD 17,314,818.27 |
| Lehman Program Security | XS0255988817 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 12,000,000.00 (equivalent to USD 17,091,600.00) | EUR 249,679.23 (equivalent to USD 355,618.13) | USD 17,447,218.13 |
|  |  |  |  |  | Total | USD 34,762,036.40 |

674292v.2