**GIBSON, DUNN & CRUTCHER LLP**
Wayne P.J. McArdle
Telephone House
2-4 Temple Avenue
London EC4Y 0HB
Telephone: +44 (0)20 7071-4000
Facsimile: +44 (0)20 7070-4244

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
:
In re                                                          :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC., et al.**    :    08-13555 (JMP)
:
Debtors                                 :    (Jointly Administered)
:
:
----------------------------------------------------------------------x

**THIS CERTIFICATION APPLIES TO:**

  **X**    All Debtors

**SUPPLEMENTAL CERTIFICATION UNDER
GUIDELINES IN RESPECT OF APPLICATION OF
GIBSON, DUNN & CRUTCHER LLP, AS 327(e) PROFESSIONALS,
FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FROM OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

I, Wayne P.J. McArdle, hereby certify that:

1.  I am a partner with the applicant firm, Gibson, Dunn & Crutcher LLP ("Gibson Dunn"). I submit this supplemental certification in accordance with the *Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on April 19, 1995 (the "Local Guidelines"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996 (the "UST Guidelines"), this Court's *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy*

*Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Docket No. 4165] (the "Interim Compensation Order"), and this Court's *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651] (the "Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines").

2. This supplemental certification is made in respect to Gibson Dunn's application, dated May 31, 2011 (the "Application"), as amended by the amended fourth application dated 1 August 2011 (the "Amended Application"), for interim compensation and reimbursement of expenses for the period from October 1, 2011 through January 31, 2011 (the "Compensation Period"), in accordance with the Guidelines.

3. In respect of Section A.1 of the Local Guidelines, I certify that:

   a. I have read the Application, and the Amended Application;

   b. I have examined the computerized records of the time spent by all Gibson Dunn attorneys and paraprofessionals in connection with its representation of the Debtors for the Compensation Period set out in Exhibit E to the Application, and set out in Exhibit A to the Amended Application.

   c. I have made inquiries of the Gibson Dunn attorneys and paraprofessionals set out in Exhibit E to the Application and Exhibit A to the Amended Application (other than those Gibson Dunn timekeepers who are no longer with Gibson Dunn at this time) to ensure that each of them has recorded their time strictly in accordance with the Guidelines including, in particular, the requirement to record time in tenths of an hour. Each such Gibson Dunn attorney and paraprofessional has confirmed to me in writing that (i) he or she has recorded time as it appears in Exhibit E in tenths of an hour, (ii) he or she recorded his or her actual time spent on a task, (iii) he or she did not knowingly round his or her time to the nearest half-hour or hour unless he or she actually was within three (3) minutes or less of a half-hour or hour (in accordance with standard rounding procedures) and (iv) to the extent he or she unknowingly or accidentally rounded time to the nearest half-hour or hour, he or she was equally as likely to round down to the nearest half-hour or hour as he or she was to round up to the nearest half-hour or hour.

2

  d.  to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines;

  e.  the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Gibson Dunn and generally accepted by Gibson Dunn's clients; and

  f.  in providing a reimbursable service, Gibson Dunn does not make a profit on that service, whether the service is performed by Gibson Dunn in-house or through a third party.

  4. In respect of Section A.2 of the Local Guidelines, I certify that Gibson Dunn has provided the Debtors and the official committee of unsecured creditors with a statement of its fees and disbursements accrued during the previous month for all months during the Compensation Period.

  5. In respect of Section A.3 of the Local Guidelines, I certify that the Debtors, the Creditors' Committee, the chairman of the Fee Committee (as defined in the Fee Protocol Order), and the United States Trustee for the Southern District of New York will receive a copy of this Supplemental Certificate.

Dated: August 2, 2011       **GIBSON, DUNN & CRUTCHER LLP**
   London, England

                /s/ Wayne P.J. McArdle
                By: Wayne P.J. McArdle
                Telephone House
                2-4 Temple Avenue
                London EC4Y 0HB
                Telephone: +44 (0)20 7071-4000
                Facsimile: +44 (0)20 7070-4244

                Special Counsel to the Debtors
                and Debtors in Possession