**GIBSON, DUNN & CRUTCHER LLP**
Wayne P.J. McArdle
Telephone House
2-4 Temple Avenue
London EC4Y 0HB
Telephone: +44 (0)20 7071-4000
Facsimile: +44 (0)20 7070-4244

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
                                                  :
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC., et al.**          :        **08-13555 (JMP)**
                                                  :
                          **Debtors**              :        **(Jointly Administered)**
                                                  :
                                                  :
--------------------------------------------------------------------x

**THIS APPLICATION APPLIES TO:**

 **X**   All Debtors

**SUPPLEMENTAL DECLARATION OF**
**WAYNE MCARDLE IN CONNECTION WITH AN ORDER**
**PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF GIBSON, DUNN & CRUTCHER LLP, AS**
**SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO SEPTEMBER 1, 2009**

I, Wayne McArdle, declare and state as follows:

**FOUNDATION**

1.      I am a partner in the law firm of Gibson, Dunn & Crutcher LLP ("Gibson Dunn").  I submit this Supplemental Declaration in connection with the *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of Gibson, Dunn & Crutcher LLP, as Special Counsel to the Debtors, Nunc Pro Tunc to September 1, 2009* [Docket No. 9857] (the "Retention Order").  Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts set forth herein.

## SUPPLEMENTAL DISCLOSURES

2.        Pursuant to the Retention Order, Gibson Dunn was retained as special counsel to provide legal services with respect to certain real estate matters.  One such matter (the "Lower Thames Matter") entailed providing legal advice to a joint venture (the "Joint Venture") between Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors").  The Lower Thames Matter is discussed in greater detail in Gibson Dunn's *Amended Third Application of Gibson, Dunn & Crutcher LLP, As A 327(e) Professional, For Allowance of Interim Compensation For Services Rendered and For Reimbursement of Actual and Necessary Expenses Incurred From June 1, 2010 Through September 30, 2010* [Docket No. 13465] (the "Amendment"), a copy of which (excluding any exhibits contained therein) is attached hereto as Exhibit A and, as it pertains to the Lower Thames Matter, is incorporated herein by reference.  Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Amendment.

3.        Although Gibson Dunn originally represented the Joint Venture, and not the Debtors, and Gibson Dunn originally billed the Joint Venture, and not the Debtors, as described in the Amendment, the Debtors and other shareholders of the Joint Venture came to an agreement that 25% of the work originally billed to the Joint Venture would be billed to the Debtors (the "Fee Arrangements").  The Fee Arrangement only applied to the disputed past services discussed in the Amendment and has no force and effect going forward.  Unfortunately, the Fee Agreement was not set forth in a formal written and executed instrument.  However, e-mails detailing the informal arrangement between the Debtors, Mr. McArdle, and the other shareholders of the Joint Venture and their representatives are attached hereto as Exhibits B.

2

4.      Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury of the laws

of the United States that the foregoing is true and correct to the best of my knowledge,

information, and belief.


Executed:       August 2,2011
                London, England

                                        /s/ Wayne P.J. McArdle
                                        By: Wayne P.J. McArdle

Exhibit A

The Amendment

(attached hereto)

**GIBSON, DUNN & CRUTCHER LLP**
Wayne P.J. McArdle
Telephone House
2-4 Temple Avenue
London EC4Y 0HB
Telephone: +44 (0)20 7071-4000
Facsimile: +44 (0)20 7070-4244

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                          :
In re                                     :     Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.     :     08-13555 (JMP)
                                          :
                      Debtors             :     (Jointly Administered)
                                          :
                                          :
-------------------------------------------------------------------x
```

**THIS APPLICATION APPLIES TO:**

 **X**   All Debtors

**AMENDED THIRD APPLICATION OF GIBSON, DUNN & CRUTCHER
LLP, AS A 327(e) PROFESSIONAL, FOR ALLOWANCE OF INTERIM
COMPENSATION FOR SERVICES RENDERED AND
FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM JUNE 1, 2010 THROUGH SEPTEMBER 30, 2010**

Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), a professional providing services to

Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), files pursuant to

sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), this amended

application (the "Application") for interim allowance of compensation for professional services

performed by Gibson Dunn for the period from June 1, 2010 through September 30, 2010 (the

"Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during

the Compensation Period.  Gibson Dunn respectfully represents:

## AMENDMENTS

1.        On December 14, 2010, Gibson Dunn filed its *Third Application of Gibson, Dunn &
Crutcher LLP, As A 327(e) Professional, For Allowance of Interim Compensation For Services
Rendered and For Reimbursement of Actual and Necessary Expenses Incurred From June 1, 2010
Through September 30, 2010* [Docket No. 13465] (the "Prior Application") seeking interim
allowance of compensation for professional services performed by Gibson Dunn during the
Compensation Period.  This amended Application partially relates to work performed during the
Compensation Period in connection with Lower Thames Sarl ("Lower Thames"), a joint venture
between LBHI, Resolution Properties and Connah Limited (the "Joint Venture").  Gibson Dunn
advised the Debtors on all matters related to the Joint Venture.  This advice included (i) the
preparation and negotiation of the joint venture agreement, (ii) advice on the acquisition of a loan by
Lower Thames, (iii) advice on the steps needed to be taken to enforce the security under the loan,
and (iv) advice on related matters.  The shareholders of Lower Thames had initially agreed that the
legal fees and expenses incurred by Gibson Dunn in connection with the preparation of the joint
venture agreement and other matters, such as enforcement, would be billed to Lower Thames, and
the Debtors instructed Gibson Dunn to bill Lower Thames for all of its legal fees incurred in
connection with the preparation and negotiation of the Joint Venture Agreement and related matters
such as enforcement.  Subsequent to the filing of the Prior Application, the Debtors and the other
shareholders of Lower Thames agreed that only a portion of Gibson Dunn's fees incurred in
connection with the preparation and negotiation of the Joint Venture Agreement and related matters
such as enforcement should in fact be borne by Lower Thames.  Accordingly, Gibson Dunn was
instructed to reverse the bill previously sent to Lower Thames, to allocate some of the time to the
Debtors, and to bill the remainder to Lower Thames.  The services rendered during the

Compensation Period that the Debtors and the other shareholders of Lower Thames have agreed

should be paid for by LBHI are described in <u>Exhibit 1</u>.  Therefore, Gibson Dunn hereby amends its

Prior Application to include in its request for compensation for necessary professional services

rendered to the Debtors during the Compensation Period the services described in <u>Exhibit 1</u>, for

which Gibson Dunn seeks compensation in the amount of $10,407.46.

2.       In addition, a third party has agreed to pay Gibson Dunn's fees incurred rendering the

services described in <u>Exhibit 2</u>.  Therefore, Gibson Dunn hereby amends its Prior Application to

reduce its prior request for compensation for necessary professional services rendered to the Debtors

during the Compensation Period by the amount set forth in <u>Exhibit 2</u>, $107,498.00.

3.       Accordingly, Gibson Dunn hereby amends its Prior Application to reduce its prior

request for compensation for necessary professional services rendered to the Debtors during the

Compensation Period by a total of $97,090.54, from $793,428.99 to $696,338.45.


Dated:        April 14, 2011                    **GIBSON, DUNN & CRUTCHER LLP**
              London, England


                                                /s/ Wayne P.J. McArdle
                                                By: Wayne P.J. McArdle
                                                Telephone House
                                                2-4 Temple Avenue
                                                London EC4Y 0HB
                                                Telephone: +44 (0)20 7071-4000
                                                Facsimile: +44 (0)20 7070-4244

                                                Special Counsel to the Debtors and
                                                Debtors in Possession

Exhibit B

Fee Arrangement Emails

(attached hereto)

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
Telephone House 2-4 Temple Avenue, London, EC4Y 0HB
Tel +44 (0)20 7071 4237 • Fax +44 (0)20 7070 9237
WMcArdle@gibsondunn.com • www.gibsondunn.com

*Gibson, Dunn & Crutcher LLP is a limited liability partnership registered in Delaware. Regulated by the Solicitors Regulation Authority (Number 324652).*

---

**From:** Coles, Paul [mailto:Paul.Coles@lamcollc.co.uk]
**Sent:** 08 February 2011 16:29
**To:** McArdle, Wayne PJ
**Cc:** Charles Tutt
**Subject:** FW: QBH Billing

Wayne

We have agreed to split it so that 75% of the JVA and DD time will be payable by the JV and the remainder going onto the LBHI bill

Please can you send a bill to Charles for the 75% please

Many thanks

Paul

---

**From:** Paul Coles
**Sent:** 14 December 2010 13:36
**To:** 'Charles Tutt'
**Subject:** FW: QBH Billing

Charles following on from our conversation please see below and attached

On going through this I think it makes sense that LBHI picks up everything other than the JVA and DD time

Kind regards

Paul

---

**From:** Coote, Christine E. [mailto:CCoote@gibsondunn.com] **On Behalf Of** McArdle, Wayne PJ
**Sent:** 25 November 2010 15:20
**To:** Paul Coles
**Cc:** Coote, Christine E.
**Subject:** QBH Billing

Paul,

I have been through the QBH bill rendered to Lower Thames, as well as time billed or to be billed to LBHI directly in respect of QBH.

I believe the agreement was that Gibson Dunn would be able to recover from Lower Thames the time it incurred drafting/negotiating the Joint Venture Agreement.  Here is what my analysis shows (and I have attached summaries for your information):

Of the £121,000 billed to Lower Thames, £86,000 is directly related to the JVA (you will recall that there were two versions of the JVA required to be prepared and analysed).  The remaining time (approximately £35,000) relates to related tasks.  There is an argument that some or all of this time should be billed to LBHI, insofar as it perhaps did not "benefit" Lower Thames (in the same manner as the JVA drafting time).  For example, we reviewed the Development Management Agreement.  Presumably Herbert Smith had reviewed the DMA on behalf of its client, Resolution.  Thus, I can see that you might accept that our review of the DMA was for LBHI.

You will see that we have incurred time of about £18,000 on QBH that has been billed to LBHI.

Please give me a call to discuss.  Specifically, I would appreciate your views on what portion of the non-JVA time can properly be billed to Lower Thames.  To the extent that it cannot be billed to Lower Thames, we could move it over to an LBHI file, but need to do that as soon as possible (given the nature of LBHI billing procedures).

Kind regards,

**Wayne McArdle**
Partner

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
Telephone House 2-4 Temple Avenue, London, EC4Y 0HB
Tel +44 (0)20 7071 4237 • Fax +44 (0)20 7070 9237
WMcArdle@gibsondunn.com • www.gibsondunn.com

*Gibson, Dunn & Crutcher LLP is a limited liability partnership registered in Delaware. Regulated by the Solicitors Regulation Authority (Number 324652)*

<<80177_1.XLS>> <<80187_1.XLS>>

===========================================================================
This message may contain confidential and privileged information.  If it has
been sent to you in error, please reply to advise the sender of the error and
then immediately delete this message.
===========================================================================

This email and any attachment and/or other item transmitted with it are intended solely for the use of the designated recipient(s) named above and may contain confidential and/or privileged material. Any unauthorised review, copying, disclosure, distribution or use is not permitted. If you are not the intended recipient of this email please notify the sender immediately and delete the email and attachments. Email transmission cannot be guaranteed to be secure or error-free. Unless otherwise stated, no representation is made in relation to any information in this email or any attachment transmitted with it, including, without limitation, whether it is complete or accurate and nor should it be relied upon as such. All such information is subject to change without notice.

LAMCO Services Ltd (formerly LBHI Services Ltd) is registered in England and Wales with registered number 06743029. The registered office is 1 Royal Exchange Avenue, London EC3V 3LT