Presentment Date and Time: August 16, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: August 15, 2011 at 12:00 noon. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                                         :   **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                      :   **08-13555 (JMP)**
                                                                  :
                    **Debtors.**                                  :   **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER
BETWEEN LEHMAN COMMERCIAL PAPER INC. AND PIPER JAFFRAY & CO.
REGARDING SETTLEMENT OF CLAIMS AND TURNOVER OF CERTAIN SHARES**

     **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order between Lehman Commercial Paper Inc. ("LCPI") as debtor and debtor-in-possession and Piper Jaffray & Co. ("Piper Jaffray") regarding settlement of claims (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **August 16, 2011 at 12:00 noon (Prevailing Eastern Time).**

     **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **August 15, 2011 at 12:00 noon (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

     **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 4, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Presentment Date and Time: August 16, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: August 15, 2011 at 12:00 noon. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): August 17, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
: 
In re                                                         :   **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :   **08-13555 (JMP)**
                                                              :
            Debtors.                                     :   **(Jointly Administered)**
-------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER BETWEEN
LEHMAN COMMERCIAL PAPER INC. AND PIPER JAFFRAY & CO.
REGARDING SETTLEMENT OF CLAIMS AND TURNOVER OF CERTAIN SHARES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper Inc. ("LCPI"), as debtor and debtor in possession, and Piper Jaffray & Co. ("Piper Jaffray," and together with LCPI, the "Parties"), by and through their respective attorneys, hereby stipulate and agree as follows:

**RECITALS:**

A. On October 5, 2008 (the "Commencement Date"), LCPI commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). LCPI's chapter 11 case has been consolidated with the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its debtor affiliates (collectively, the "Debtors"). LCPI continues to operate its businesses and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate (the "SIPA Trustee").

C. Prior to the Commencement Date, LCPI and Piper Jaffray entered into an Operating Agreement, dated April 9, 2007, pursuant to which they formed LPJ Aircraft Finance LLC ("LPJ Aircraft"). LCPI is the Managing Member of LPJ Aircraft and has an 81.43% interest therein; Piper Jaffray is a Member of LPJ Aircraft and has an 18.57% interest therein. LPJ Aircraft was formed to purchase property that was distributed to certain holders of certain pass through certificates issued in connection with the NWA Pass-Through Trust Series 1997-1. The property that was distributed to LPJ Aircraft included aircraft of Northwest Airlines Inc. ("NWA") and certain bankruptcy claims against NWA.

D. LCPI, acting on behalf of LPJ Aircraft, sold all of the aircraft owned by LPJ Aircraft, and LCPI also received distributions of shares of NWA (now Delta Airlines Corporation ("Delta")) in respect of LPJ Aircraft's claims against NWA.

E. Prior to the Commencement Date, LCPI deposited all of the shares of NWA received on behalf of LPJ Aircraft in an account maintained at its affiliate, LBI, account number 931-15503-14 (the "LBI Account"). In addition, LCPI deposited all cash collected by LPJ Aircraft in a bank account in the name of LCPI.

F. On September 21, 2009, Piper Jaffray filed a proof of claim against LCPI, which was assigned claim number 23770 by the Debtors' court-approved claims and noticing agent (the "Claims Agent"), asserting a claim in the amount of not less than $2,367,551.05 and other unliquidated amounts allegedly owed by LCPI to Piper Jaffray (the "Piper Jaffray LCPI Claim"). In addition, on or about January 13, 2009, Piper Jaffray filed a claim with the SIPA

Trustee against LBI denominated by the SIPA Trustee as Claim No. 900006436 (the "Piper Jaffray LBI Claim," and together with the Piper Jaffray LCPI Claim, the "Piper Jaffray Claims").

G. LCPI has determined that it owes Piper Jaffray the sum of $2,132,470.00 representing its share of the cash at LPJ Aircraft. In addition, LCPI has determined that it owes Piper Jaffray 64,852 Delta shares, 29,261 of which are in the LBI Account (the "LBI Piper Shares") and 35,591 of which were distributed to LCPI subsequent to the Commencement Date and currently are held in a DTC account at Citibank, N.A. in the name of LCPI, account number 204243.

H. Since the Commencement Date, LCPI has made efforts to get the SIPA Trustee to release the LBI Piper Shares, as well as the 278,412 Delta shares that are in the LBI Account and that are allocable to LCPI (the "LBI LCPI Shares"). The SIPA Trustee has refused to release the LBI Piper Shares and the LBI LCPI Shares (collectively, the "LBI Shares") and has issued a notice of determination with respect to the claims filed by LCPI and Piper Jaffray for such shares denying such claims.

I. After good faith, arms'-length negotiations, the Parties have agreed to resolve the issues between them regarding the Piper Jaffray Claims pursuant to the terms and conditions set forth in this stipulation, agreement and order (the "Stipulation, Agreement and Order").

**IT IS HEREBY STIPULATED AND AGREED** by and between LCPI and Piper Jaffray, through their undersigned attorneys, and upon court approval herefor, it shall be **ORDERED** that:

1. The Recitals set forth above shall form an integral part of this Stipulation, Agreement and Order and are incorporated fully herein.

2. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date"). In the event that this Stipulation, Agreement and Order is not approved by the Court, the Parties reserve all of their respective rights with respect to the Piper Jaffray Claims, the LBI Piper Shares, the LBI LCPI Shares and all other matters pertaining to LPJ Aircraft.

3. Upon the Effective Date, the Piper Jaffray LCPI Claim shall be allowed as an unsecured claim in the amount of $2,368,021.05 (the "Allowed Claim"), and Piper Jaffray shall be deemed to authorize LCPI to provide a copy of this Stipulation, Agreement and Order to the Claims Agent and direct the Claims Agent to update the claims registry accordingly.

4. Upon the Effective Date, LCPI shall deliver to Piper Jaffray 35,591 shares of Delta from the shares that LCPI currently has in its possession.

5. LCPI agrees that, in the event there are any more distributions of Delta shares to LPJ Aircraft after the Effective Date, LCPI shall promptly remit to Piper Jaffray 18.57% of such shares, subject to rounding up or down to avoid dealing with fractional shares.

6. Within 10 days of the Effective Date, Piper Jaffray shall assign the Piper Jaffray LBI Claim to LCPI and shall be deemed to have relinquished any right to the LBI Piper Shares and any claim in lieu thereof. Piper Jaffray shall provide reasonable assistance to LCPI to ensure that any distributions from LBI in respect of the Piper Jaffray LBI Claim, whether in cash or shares of stock, shall be solely for the account of LCPI and shall be distributed to LCPI.

7. Other than the right to receive distributions on account of the Allowed Claim and its rights under section 5 hereof, upon the Effective Date, Piper Jaffray and its affiliates, successors and assigns, and their past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators,

executors, trustees and attorneys (collectively, the "Piper Jaffray Parties"), shall have no further right to payment from the Debtors, their affiliates, their estates or their respective successors or assigns (collectively, the "Debtor Parties") on account of the Piper Jaffray LCPI Claim.  Except as set forth in this Stipulation, Agreement and Order, the Piper Jaffray Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action of whatever nature (collectively, the "Piper Jaffray Released Claims") against any of the Debtor Parties relating to LPJ Aircraft, the Piper Jaffray LCPI Claim, and/or the LBI Shares, and are hereby barred from asserting any and all Piper Jaffray Released Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation, Agreement and Order.

8.    Upon the Effective Date, the Debtors, the affiliates controlled by the Debtors, and their respective successors and assigns, and their past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "LCPI Parties"), irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action of whatever nature (collectively, the "LCPI Released Claims") against Piper Jaffray relating to LPJ Aircraft, the Piper Jaffray LBI Claim, and/or the LBI Shares, and are hereby barred from asserting any and all LCPI Released Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation, Agreement and Order.

9. This Stipulation, Agreement and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

10. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

11. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

12. Each person who executes this Stipulation, Agreement and Order represents that he or she is duly authorized to do so on behalf of the respective Party or Parties hereto and that each such party has full knowledge and has consented to this Stipulation, Agreement and Order.

13. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto to be charged.

14. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the releases in Paragraphs 7 and 8. Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

15. This Stipulation, Agreement and Order shall be governed by and interpreted in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflict of laws that would require the application of laws of another jurisdiction.

16. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: August 4, 2011
   New York, New York

            /s/ David Neier
            David Neier

            WINSTON & STRAWN LLP
            200 Park Avenue
            New York, NY 10166-4193
            Telephone: (212) 294-5318
            Facsimile: (212) 294-4700

            Attorneys for Piper Jaffray & Co.

Dated: August 4, 2011
   New York, New York

            /s/ Jacqueline Marcus
            Jacqueline Marcus

            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, New York 10153
            Telephone: (212) 310-8000
            Facsimile: (212) 310-8007

            Attorneys for Debtors
            and Debtors in Possession

SO ORDERED, this
___ day of August, 2011 in New York

_____
United States Bankruptcy Judge