Page 1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case No. 08-13555-jmp

5   - - - - - - - - - - - - - - - - - - - - - -x

6   In the Matter of:

7

8   LEHMAN BROTHERS HOLDINGS, INC. ET AL.

9

10           Debtors.

11

12   - - - - - - - - - - - - - - - - - - - - - -x

13

14               U.S. Bankruptcy Court

15               One Bowling Green

16               New York, New York

17

18               July 21, 2011

19               10:03 AM

20

21   B E F O R E:

22   HON. JAMES M. PECK

23   U.S. BANKRUPTCY JUDGE

24

25

1

2    Debtors' One Hundred Twenty-Ninth Omnibus Objection to Claims

3     (No Liability Derivatives Claims)

4

5    Debtors' One Hundred Fifty-Sixth Omnibus Objection to Claims

6     (No Liability Derivatives Claims)

7

8    Debtors' One Hundred Forty-Eighth Omnibus Objection to Claims

9     (Duplicative of Indenture trustee Claims)

10

11    Debtors' One Hundred Forty-Ninth Omnibus Objection to Claims

12     (To Reclassify Proofs of Claim as Equity Interests)

13

14    Debtors' One Hundred Fiftieth Omnibus Objection to Claims

15     (Duplicative Claims)

16

17    Debtors' One Hundred Fifty-First Omnibus Objection to Claims

18     (No Liability Claims)

19

20    Debtors' One Hundred Fifty-Second Omnibus Objection to Claims

21     (Amended and Superseded Claims)

22

23    Debtors' One Hundred Fifty-Third Omnibus Objection to Claims

24     (Settled Derivatives Claims)

25

Page 3

1   Debtors' One Hundred Fifty-Fourth Omnibus Objection to Claims

2   (Settled Derivatives Claims)

3

4   Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued

5   Derivative Claims)

6

7   Debtors' One Hundred Third Omnibus Objection to Claims (Valued

8   Derivative Claims)

9

10   Debtors' One Hundred Fifty-Fifth Omnibus Objection to Claims

11   (Valued Derivative Claims)

12

13   Debtors' Fortieth Omnibus Objection to Claims (Late-Filed

14   Claims)

15

16   Debtors' Forty-First Omnibus Objection to Claims (Late-Filed

17   Claims)

18

19   Debtors' One Hundred Twenty-Second Omnibus Objection to Claims

20   (No Liability Claims)

21

22   First Motion of Mark Glasser to Extend Time for Claim

23

24

25   Transcribed by:  Shelia Watkins

Page 4

1

2    A P P E A R A N C E S :

3    WEIL, GOTSHAL & MANGES LLP

4            Attorneys for Debtors

5            767 Fifth Avenue

6            New York, NY 10153

7

8    BY:   MARK I. BERNSTEIN, ESQ.

9            TERESA C. BRADY, ESQ.

10

11

12   WEIL, GOTSHAL & MANGES LLP

13           Attorneys for Debtors

14           200 Crescent Court

15           Suite 300

16           Dallas, TX 75201

17

18   BY:   ERIN D. ECKOLS, ESQ.

19

20

21

22

23

24

25

Page 5

```
 1

 2    MILBANK, TWEED, HADLEY & MCCLOY LLP

 3         Attorneys for UCC

 4         One Chase Manhattan Plaza

 5         New York, NY 10005

 6

 7    BY:   BRADLEY SCOTT FRIEDMAN, ESQ.

 8         DENNIS C. O'DONNELL, ESQ.

 9

10

11    CHAPMAN AND CUTLER LLP

12         Attorneys for U.S. Bank National Association as trustee

13         330 Madison Avenue

14         34th Floor

15         New York, NY 10017

16

17    BY:   CRAIG M. PRICE, ESQ.

18

19

20    ALSO PRESENT:

21         PAOLA BIRASCHI, In Propria Persona (TELEPHONICALLY)

22         MARK GLASSER, In Propria Persona

23         JAMES K. OPENSHAW, Department of Water Resources State of

24              California (TELEPHONICALLY)

25         GURDIP REHAL, Department of Water Resources State of
```

Page 6

1

2   ALSO PRESENT (cont.):

3                California (TELEPHONICALLY)

4        DANIELLE TINANT, In Propria Persona (TELEPHONICALLY)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 7

1                    P R O C E E D I N G S

2              THE COURT:  Be seated, please.  Good morning.

3              MR. BERNSTEIN:  Good morning, Your Honor, Mark

4    Bernstein from Weil, Gotshal & Manges on behalf of the Lehman

5    Chapter 11 debtors.  We're here today for a claims hearing.  We

6    have twelve uncontested items and four contested items on the

7    agenda.

8              Unlike past hearings, we've ordered the agenda in

9    such a way that we can take them in the order of the items on

10   the agenda this time.

11             THE COURT:  Well, that'll make this less confusing for

12   me.

13             MR. BERNSTEIN:  That was certainly our goal, so I hope

14   so.

15             THE COURT:  I hope.  We'll see if we actually achieve

16   it.

17             MR. BERNSTEIN:  (Laughter)  Okay.  The first item on

18   the agenda is the 129th omnibus to claims.  This is a carryover

19   item from a prior hearing.

20             This relates to derivative contracts for which the

21   debtors have determined that they do not have any liability,

22   and in fact they are likely owed money on these contracts.  The

23   objection deadline for HSBC for seven claims that are filed as

24   indentured trustee was extended beyond the initial objection

25   deadline.  They have not filed any responses, and their

Page 8

1    deadline has now passed; therefore, we're going forward today

2    on an uncontested basis and request Your Honor grant the 129th

3    with respect to the seven HSBC claims.

4            THE COURT:  Okay.

5            MR. BERNSTEIN:  The 156 is the same type objection to

6    derivative contracts, so the debtors believe they're in the

7    money.  The debtors received a number of responses to this

8    objection.  They have adjourned the hearing with respect to all

9    claims for which we did receive responses.  And again, we're

10   only going forward uncontested, and we respectfully request

11   Your Honor grant the 156 omnibus objection.

12           THE COURT:  It's granted on an uncontested basis.

13           MR. BERNSTEIN:  Thank you.  At this point, I'm going

14   to turn the podium over to Erin Eckols.

15           MS. ECKOLS:  Good morning, Your Honor.

16           THE COURT:  Good morning.

17           MS. ECKOLS:  Erin Eckols for the debtors, I'm going to

18   be handling the uncontested agenda items 3 through 9.  Agenda

19   item 3 is the 148th omnibus objection.  It seeks to disallow

20   and expunge individual noteholder claims that are duplicative

21   of the claims filed by Wilmington Trust, Bank of New York

22   Mellon, and/or U.S. Bank National Association as indentured

23   trustee for certain notes and debentures.

24           The debtors did not receive any responses to the

25   objection and respectfully request that the Court grant the

Page 9

1    debtors' 148th omnibus objection.

2             THE COURT:  The 148th omnibus objection is granted.

3             MS. ECKOLS:  Thank you.  Agenda item 4 is the 149th

4    omnibus objection.  It seeks to reclassify as equity interests

5    proofs of claim that are based on the ownership of stock in the

6    debtors.

7             Stock is an equity security under the Bankruptcy Code,

8    and the holders of the stock claims are equity security holders

9    with interest but not claims against the debtors.  Moreover, to

10   the extent that the holders of the stock claim seek to recover

11   damages arising from the purchase or sale of their stock,

12   section 5.10(b) of the Bankruptcy Code requires that those

13   claims have the same priority as common equity in the Lehman

14   Brothers Holdings, Inc.  The debtors did not receive any

15   responses to the objection and respectfully request that the

16   Court grant the debtors' 149th omnibus objection.

17            THE COURT:  The 149th omnibus objection is granted.

18            MS. ECKOLS:  Your Honor, agenda item number 5 is the

19   150th omnibus objection.  That objection seeks to disallow and

20   expunge claims that are duplicative either exactly or in

21   substance of other claims filed by the same claimant on the

22   claims register.  The debtors did not receive any responses to

23   the objection and respectfully request that the Court grant the

24   debtors' 150th omnibus objection.

25            THE COURT:  The 150th omnibus objection is granted.

1          MS. ECKOLS:  Moving to agenda item number 6, this is

2     the debtors' 151st omnibus objection.  It seeks to disallow and

3     expunge claims for which the debtors have no liability.  These

4     claims either state on their face that they are against an

5     entity that is not a debtor in these Chapter 11 proceedings,

6     and/or the supporting documentation establishes that the claim

7     is against a non-debtor entity.

8          The debtors received one formal response which has

9     been resolved, and certain claims have been adjourned.  The

10    debtors are proceeding today as to the balance of the claims on

11    an uncontested basis, and respectfully request that the Court

12    grant the debtors' 151st omnibus objection.

13         THE COURT:  151st omnibus objection to claims is

14    granted on an uncontested basis.

15         MS. ECKOLS:  Thank you, Your Honor.  Agenda item

16    number 7 is the debtors' 152nd omnibus objection.  It seeks to

17    disallow and expunge claims that were amended and superseded by

18    subsequently filed claims.

19         The debtors received a statement of no objection by

20    the Newcastle City Council.  The debtors also received two

21    formal responses, both of which have been adjourned.

22    Accordingly, the debtors are proceeding uncontested and

23    respectfully request that the Court grant the debtors' 152nd

24    omnibus objection.

25         THE COURT:  152nd omnibus objection to claims is

LEHMAN BROTHERS HOLDINGS, INC.

Page 11

1    granted on an uncontested basis.

2         MS. ECKOLS:  Thank you, Your Honor.  Moving to agenda

3    item number 8, which is the debtors' 153rd omnibus objection,

4    this omni seeks the modification and allowance of claims for

5    which the parties reach an agreement with respect to the claim

6    amount, classification, and/or debtor entity that is not

7    reflected on the claimant's proof of claim.  The omnibus

8    objection is seeking to modify those claims to conform to the

9    parties' agreement.

10        The debtors did not receive any formal responses, and

11   all informal responses have been resolved.  Accordingly, the

12   debtors respectfully request that the Court grant the debtors'

13   153rd omnibus objection.

14        THE COURT:  The 153rd omnibus objection to claims is

15   granted.

16        MS. ECKOLS:  Thank you, Your Honor.  Moving to agenda

17   item number 9, this is the debtors' 154th omnibus objection.

18   It seeks the disallowance and expungement of derivative claims

19   that have been settled between the parties with either a

20   payment to the debtors, with no amounts being due between the

21   parties, or with the claimant being granted a single allowed

22   claim against certain debtors with a release of all other

23   claims related thereto.  The omnibus objection is seeking to

24   expunge those derivative claims to effectuate the parties'

25   agreement.

1        The debtors did not receive any responses to the

2     objection and respectfully request that the Court grant the

3     debtors' 154th omnibus objection.

4        THE COURT:  The debtors' 154th omnibus objection is

5     granted.

6        MS. ECKOLS:  Thank you, Your Honor.  And now I'm going

7     to turn the podium over to Teresa Brady to complete the

8     uncontested agenda items for today.

9        THE COURT:  All right.  Thank you.

10       MS. BRADY:  Good morning, Your Honor, Teresa --

11       THE COURT:  Good morning.

12    MS. BRADY:  -- Brady from Weil, Gotshal & Manges on

13    behalf of the debtors.  I will be addressing agenda items 10,

14    11, and 12.  Each of these omnibus objections seek to reduce

15    and allow value derivative claims on a non-consensual basis,

16    and each of these omnibus objections are going forward

17    uncontested this morning.

18       Turning to agenda item number 10, this is the sixty-

19    seventh objection which was filed last year in November

20    objecting to a 128 claims.  The debtors have successfully

21    resolved more than half of these claims, and we continue to

22    attempt to settle the balance of the claims on the sixty-

23    seventh omnibus objection.  The debtors previously adjourned

24    the remaining balance of the claims from this omni to next

25    month's hearing scheduled for August 25th.  But in the last few

Page 13

1    days, we have successfully resolved two additional claims with

2    the counterparty Lloyds TSB Bank, and Lloyds has agreed that

3    the debtors should continue today -- proceed with the two

4    settled claims on an uncontested basis.

5         We, therefore, respectfully request that Your Honor grant

6    the sixty-seventh omnibus objection which would reduce and

7    allow Lloyds TSB claims 17729 and 17730 to their settled

8    amounts.

9         THE COURT:  It's granted.

10        MS. BRADY:  Thank you, Your Honor.  Turning to agenda

11   item number 11, this is the 103rd omnibus objection.  This

12   objection was filed on March 14th, 2011 objecting to forty-nine

13   claims.  The debtors have successfully resolved all but six of

14   these claims, and we had previously adjourned these remaining

15   outstanding claims until next month's hearing on August the

16   25th; however, in the last few days, the debtors have also

17   successfully resolved two additional claims from this omnibus

18   objection, which were filed by the counterparty Iberdrola

19   Generación, and this counterparty has agreed that debtors

20   should proceed today with these two settled claims on an

21   uncontested basis.

22        We, therefore, respectfully request that Your Honor

23   grant the 103rd omnibus objection which would reduce and allow

24   Iberdrola Generación's claim numbers 15112 and 15114 to their

25   settled amounts.

Page 14

1            THE COURT:  It's granted.

2            MS. BRADY:  Thank you, Your Honor.  Finally, turning

3    to agenda item number 12, this is the 155th omnibus objection

4    which was filed on June 7th, 2011 objecting to forty-two

5    claims.  The debtors have successfully resolved two claims

6    filed by the counterparty Horizon II International Limited.

7            The debtors are also in ongoing negotiations with a

8    number of counterparties holding sixteen claims listed in this

9    omnibus objection, and these claims have been adjourned until

10   next month's hearing scheduled for August 25th.  With respect

11   to the remaining twenty-four claims on the 155th omnibus

12   objection, the debtors failed to receive any formal response to

13   its objection.  We, therefore, respectfully request that Your

14   Honor grant the 155th omnibus objection which would reduce and

15   allow the settled Horizon II International Limited claims, and

16   which would reduce and allow the remaining twenty-four claims

17   for which no timely response was received.

18           THE COURT:  The 155th omnibus objection to claims is

19   granted on an uncontested basis.  Thank you.

20           MS. BRADY:  Thank you, Your Honor.  Unless Your Honor

21   has any further questions, I'd like to turn the podium back

22   over to my colleague, Erin Eckols.

23           THE COURT:  I have no further questions.  Thank you.

24           MS. ECKOLS:  Your Honor, Erin Eckols again for the

25   debtors.  I'm going to be handling the contested agenda items

LEHMAN BROTHERS HOLDINGS, INC.

Page 15

1    13, 14, and 15.  Agenda items 13 and 14 are carryover items

2    from the fortieth and forty-first omnibus objections, which

3    both sought to disallow and expunge claims that were filed

4    after the September 22nd, 2009 bar date.  Because these agenda

5    items presented the same issue, I plan to address them together

6    unless Your Honor has an objection.

7           THE COURT:  No objection.

8           MS. ECKOLS:  Today the debtors are proceeding as to

9    six claims on the fortieth omnibus objection and two claims on

10   the forty-first omnibus objection.  The claims at issue are set

11   forth on Exhibit A to the reply brief filed by the debtors at

12   docket entry 18589.  As Your Honor has recognized in prior

13   decisions, enforcement of the bar date in these Chapter 11

14   cases is critically important.

15          Here strict application of the bar dates is warranted,

16   and the eight claims at issue should be disallowed and expunged

17   as untimely.  The claims were sent internationally from Canada

18   via first class mail only four calendar days before the bar

19   date.  The claimants provided no legal argument as to why their

20   claims should be exempted from the Court-ordered deadline.

21   Instead, the claimants assert that their claims should be

22   deemed timely because they were put into the mail prior to the

23   bar date.  This argument fails under the clear dictates of the

24   bar date order which unambiguously provided that claims must be

25   received on or before the bar date.  Simply dropping the claim

Page 16

1    in the mail is not sufficient under the bar date order.

2          The claimants' argument that postmarking their claim

3    before the applicable bar date renders their claim timely also

4    fails under the governing case law.  Importantly, the claimants

5    have not set forth an excusable neglect argument under

6    bankruptcy rule 9006(b) or analyze the pioneer factors.  The

7    claimants have the burden of establishing excusable neglect,

8    and they have not and cannot meet that burden; however, the

9    debtors have addressed the excusable neglect standard in their

10   reply brief, and as set forth therein the claimants cannot

11   satisfy the high bar for excusable neglect followed in the 2nd

12   Circuit.

13         The four factors established under pioneer for

14   applying the excusable neglect standard include the danger of

15   prejudice to the debtors; the length of delay and its potential

16   impact on judicial proceedings; the reason for the delay

17   including whether it was within the reasonable control of the

18   claimant; and whether the movant acted in good faith.  Each of

19   the pioneer factors is briefed in the debtors' reply, but today

20   I wanted to focus the -- on the most important factor which is

21   the reason for the delay.

22         The key consideration is whether the untimeliness was

23   within the claimants' control.  Here the untimeliness was

24   entirely within the claimants' control, and was a result of the

25   claimant's decision to wait until four days prior to the bar

Page 17

1    date to mail their claims internationally from Canada, and to

2    select first class mail, the slowest class of mail, without any

3    guaranteed window of delivery.  Given the claimants' delay in

4    mailing the claims, and the selection of a slow delivery

5    method, they could not have reasonably expected that their

6    claims would arrive from Canada on or before the bar date,

7    particularly in light of the guidance provided by the Canadian

8    postal service.

9         The Canadian postal service provides on its website

10   general guidelines for the expected time it will take for first

11   class mail to arrive in the United States.  These guidelines,

12   which are not guaranteed, state that it will generally take

13   between four and six business days for first class mail to

14   reach the United States.  These claimants waited until two

15   business days, or four calendar days, prior to the bar date to

16   mail their claims, and under the information provided by the

17   Canadian post office, they should not have reasonably expected

18   their claims to arrive in the United States timely.

19        Because the untimeliness of the claims was entirely

20   within the claimants' control, they do not need the high bar

21   established for claiming excusable neglect.  The claimants

22   could have mailed their claims sooner; they could have chosen a

23   faster class of mail service, or they could have used a service

24   with a guaranteed delivery window, such as UPS, DHL, FedEx.

25   They chose not to do so.  Accordingly, the debtors respectfully

1    request that the fortieth and forty-first omnibus objections be

2    granted as applicable to the claim set forth on Exhibit A to

3    the debtors' reply brief.

4          THE COURT:  Are any of the claimants in Court or on

5    the telephone who wish to be heard?

6          MS. BIRASCHI:  Yes.

7          THE COURT:  If you wish to be heard, you're going to

8    have to speak up.

9          MS. BIRASCHI:  Thank you, Your Honor.  My name is

10   Paola Biraschi, and I would like to oppose disallowance of my

11   claim, number 34980, which was received after the 22nd of

12   September 2009 bar date.  I posted my letter from the UK, and

13   my understanding is that the courts in England and Wales

14   recognize that the sequences in delays can occur in the postage

15   of documents which are out of the control of the person sending

16   documents to another.  They recognize the need for uncertainty,

17   and have developed rules about when documents should be deemed

18   to be not be delivered.  The rules are specific to provisions

19   which deal with the issue of delayed delivery.  The general

20   position is that delivery is deemed to have been affected at

21   the time the letter will be delivered in the order and course

22   of post.

23          I posted my letter in Canary Wharf near Lehman

24   Brothers offices in London, and I was told by the post office

25   clerk that the letter would arrive by the 22nd of September,

Page 19

1   2009.  I therefore, in good faith, expected the letter to

2   arrive on time.  Now with insight and if I were ever in this

3   situation again, I should have arranged for a courier to

4   deliver the documents, or send them by registered post.

5        My faith in the UK post office was clearly misplaced.

6   I had no control over how efficiently the post office delivered

7   my letter.  I had no reason to think my letter would not arrive

8   on time.

9        Not to allow me to be listed as one of the creditors,

10  and therefore potentially receive some funds would seem to be

11  unjustly punishing me for the vagaries of the U.K. post office

12  over which I had absolutely no control.  I, therefore, would

13  like to oppose the disallowance of my claim.

14       THE COURT:  All right.  Thank you.  Let me just ask if

15  there is anyone else who is appearing by telephone who wishes

16  to be heard on the subject of late delivery of claims.

17       I hear no further response.  I'll give the debtors'

18  lawyer an opportunity to respond to the argument that was just

19  made.

20       MS. ECKOLS:  Thank you, Your Honor.  I caught that

21  individual's claim number, 34980, but unfortunately was not

22  able to catch their name, but that claim is actually not up

23  today, and is not part of the debtors' reply brief.  It's not

24  in any one of the claims that I was discussing today.

25       THE COURT:  Well, you have a preview of her argument,

LEHMAN BROTHERS HOLDINGS, INC.

Page 20

1    then.

2              MS. ECKOLS:  I do.

3              THE COURT:  Is there an omnibus objection that relates

4    to claim 34980?

5              MS. ECKOLS:  My suspicion is that there is one and

6    that it is probably one that was on the fortieth or forty-first

7    omnibus objection that has been adjourned.

8              THE COURT:  All right.  Since it is not a matter

9    that's actually ripe for adjudication today, I'll take no

10   position with respect to the argument that has just been made,

11   and recognize that the individual claimant who is participating

12   in this hearing from London will be making the same argument

13   presumably next time.  It may be of some use for debtors'

14   counsel to obtain contact information for this individual to

15   see if either an agreement can be reached or some understanding

16   can be reached regarding the treatment of this claim.  I say

17   that only because, for all practical purposes, the individual

18   involved has presented her argument.  I know what the debtors'

19   response is to that argument because it is the same substantive

20   argument that has been made in reference to the claims that are

21   on for today, but I would like to avoid the inconvenience to

22   this individual of having to participate in another contested

23   hearing if that's possible.

24             MS. ECKOLS:  I understand, Your Honor.

25             THE COURT:  So I am not ruling today with respect to

1    claim number 34980, but I am treating the fortieth omnibus,

2    objection to claims and the forty-first omnibus objection to

3    claims with respect to those claims that have been identified

4    for today's hearing as uncontested, and I am granting both of

5    the objections.

6        MS. ECKOLS:  Thank you, Your Honor.  Moving onto

7    agenda item number 15, which is carryover item from the

8    debtors' 122nd omnibus objection, the 122nd omnibus objection

9    seeks to disallow and expunge claims for which the debtors have

10   no liability as evidence on the face of the claim, or by the

11   supporting documentation submitted therewith.  Today the

12   debtors are proceeding as to claim 10931 submitted by Orestes

13   Lugo, and are seeking to expunge the portion of Mr. Lugo's

14   claim that is seeking to recover for securities with ISIN

15   number U.S. 524908be79.  That security was identified as being

16   issued by Lehman Brothers, Inc. which is not a debtor in these

17   Chapter 11 proceedings, but is subject to a separate

18   liquidation proceeding under the Securities Investor Protection

19   Act.

20       Mr. Lugo submitted a response to the debtors'

21   objection, but it provides no legal argument or basis for

22   denying the relief sought.  Mr. Lugo does not address or

23   dispute that the portion of the claim that the debtors are

24   seeking to expunge is for a security issued by LBI.

25   Accordingly, the debtors do not have liability for the portion

Page 22

1    of Mr. Lugo's claim seeking to recover for the securities with

2    number U.S.524908BE79, and respectfully request that the Court

3    grant the 122nd omnibus objection to expunge that portion of

4    the claim.

5            THE COURT:  Let me inquire if Mr. Lugo is present in

6    Court or on the telephone.

7            I hear no response.  I did read the papers filed by

8    Mr. Lugo, which include a reference to the circumstances

9    surrounding his purchase of the security and certain statements

10   made by employees of Lehman that induced him, according to his

11   letter, to hold onto the securities notwithstanding some of his

12   concerns about the financial condition of Lehman Brothers.  The

13   letter does not amount to a legally cognizable response to the

14   objection, which is an objection predicated upon there being no

15   liability for this claim.

16           As a result, I overrule the response of Mr. Lugo to

17   the extent it is deemed a formal objection to the disallowance

18   of his claim, and I grant the debtors' 122nd omnibus objection

19   as it relates to Mr. Lugo's claim.

20           MS. ECKOLS:  Thank you, Your Honor.  And now I am

21   going to turn the podium over to Mark Bernstein to take up the

22   last contested agenda item.

23           THE COURT:  All right.

24           MR. BERNSTEIN:  Your Honor, Mark Bernstein again from

25   Weil on behalf of the Lehman debtors.  The last item on the

1    agenda is the evidentiary hearing that Mr. Glasser had

2    requested with respect to a motion that he had filed a while

3    back seeking to -- seeking leave to file a late claim in these

4    cases.  We had an initial hearing on his motion, and Your Honor

5    granted him leave to seek an evidentiary hearing.  I believe

6    Mr. Glasser is in the Courtroom today and is ready to proceed

7    on the -- with an evidentiary hearing with respect to his

8    motion.

9            THE COURT:  Mr. Glasser, why don't you come forward.

10           Before we proceed, let me just review with you and

11   with debtors' counsel the procedural history, and see how we're

12   going to proceed today.  At the last omnibus claims hearing, I

13   granted a motion of your counsel to withdraw as counsel.  That

14   was unopposed by you.  And I take it that at this moment you do

15   not have an attorney to represent you, is that correct?

16           MR. GLASSER:  No, I do not

17           THE COURT:  Do you have any desire to retain an

18   attorney?

19           MR. GLASSER:  At this point, no, unless you recommend

20   it.

21           THE COURT:  I always recommend having counsel if a

22   party can afford it or can obtain counsel through pro bono

23   legal services.  Parties are almost always better represented

24   in court by a lawyer than they are able to represent

25   themselves.  But I take it that you prefer at this point to

1    proceed on your own, is that correct?

2              MR. GLASSER:  I guess so, Your Honor.

3              THE COURT:  All right.  What is it that you wish to

4    present in terms of evidence, and are you prepared to do that

5    today?

6              MR. GLASSER:  I believe so.

7              THE COURT:  All right.  Well, you're going to be in

8    the awkward position, then, of having to be sworn, get on the

9    witness stand, and expose yourself to cross-examination, and to

10   present what you believe to be relevant evidence in support of

11   your position.  Are you prepared to do that?

12             MR. GLASSER:  May I ask for an adjournment?  I'm not

13   positive.  I think I am, but I'm not sure.  I mean I'm a little

14   bit -- you know, a little bit confused because I'm not familiar

15   with all these procedures.

16             THE COURT:  I don't want you to be at a disadvantage,

17   but I'm going to note that this matter has been adjourned on

18   repeat occasions --

19             MR. GLASSER:  Yes.

20             THE COURT:  -- and represents one of the oldest

21   unresolved claims objections on our docket.  I'm going to give

22   you an opportunity to better prepare yourself for what is to

23   happen here by adjourning this to the August 25 omnibus claims

24   hearing.  Will you be in New York then?

25             MR. GLASSER:  Yes, I will.  I'll make sure.

1          THE COURT:  Fine.  You have a choice:  you can either

2     proceed at that point, or if you decide not to proceed, the

3     objection to your claim will be granted.

4          MR. GLASSER:  Okay.

5          THE COURT:  So it's your burden to demonstrate why it

6     is that your claim notwithstanding the fact that it is late

7     should nonetheless be allowed.

8          MR. GLASSER:  Your Honor, with all due respect, some

9     of the delays were due to health matters.  I had bypass surgery

10    last year in July and I was not available.

11         THE COURT:  The issues surrounding the adjournments

12    that have taken place today are unrelated to the substance to

13    be presented.  The substance goes to the entitlement that you

14    alleged to file a late claim based upon excusable neglect. and

15    the standards for that have been well-established in case law

16    and in earlier hearings.  I know you don't have lawyers

17    representing you, but you're going to need to demonstrate how

18    as an employee of Lehman -- and I understand that you

19    transferred to Barclays?

20         MR. GLASSER:  Yes.

21         THE COURT:  You did not know about the bar date for

22    purposes of complying with the filing of a claim, particularly

23    since, as I recall the papers, you had an apartment at which

24    mail was received on your behalf at various times.  It makes

25    the problems of proof fairly significant from your perspective,

LEHMAN BROTHERS HOLDINGS, INC.

Page 26

1    so do the best you can in preparing, and we'll hear from you

2    again on August 25.

3              MR. GLASSER:  Ten o'clock in the morning, this Court?

4              THE COURT:  We start at ten o'clock.

5              MR. GLASSER:  Okay.

6              THE COURT:  And we'll see you at that time.

7              MR. GLASSER:  Thank you very much.

8              THE COURT:  We'll adjourning until then.

9          (Whereupon these proceedings were concluded at 10:31 AM)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 27

```
1

2                        I N D E X

3

4                         RULINGS

5                                              Page      Line

6    Debtors' 129th Omnibus Objection to Claims,    8        4

7    Granted

8

9    Debtors' 156th Omnibus Objection to Claims     8        12

10   Granted

11

12   Debtors' 148th Omnibus Objection to Claims,    9        2

13   Granted

14

15   Debtors' 149th Omnibus Objection to Claims,    9        17

16   Granted

17

18   Debtors' 150th Omnibus Objection to Claims,    9        25

19   Granted

20

21   Debtors' 151st Omnibus Objection to Claims,    10       13

22   Granted

23

24   Debtors' 152nd Omnibus Objection to Claims,    10       25

25   Granted
```

Page 28

1

2                          I N D E X (cont.)

3

4                          RULINGS (cont.)

5                                                Page      Line

6    Debtors' 153rd Omnibus Objection to Claims,   11        14

7    Granted

8

9    Debtors' 154th Omnibus Objection to Claims,   12        4

10   Granted

11

12   Debtors' Sixty-Seventh Omnibus Objection to   13        9

13   Claims, Granted

14

15   Debtors' 103rd Omnibus Objection to Claims,   14        1

16   Granted

17

18   Debtors' 155th Omnibus Objection to Claims,   14        18

19   Granted

20

21   Debtors' Fortieth Omnibus Objection to        20        25

22   Claims, Granted except in regards to claim

23   number 34980

24

25

                                                              Page 29

1

2                              I N D E X (cont.)

3

4                              RULINGS (cont.)

5                                              Page      Line

6   Debtors' Forty-First Omnibus Objection to    20        25

7   Claims, Granted except in regards to claim

8   number 34980

9

10  Debtors' 122nd Omnibus Objection to Claims,   22        16

11  Granted

12

13  First Motion of Mark Glasser to Extend Time   24        16

14  for Claim, Granted

15

16

17

18

19

20

21

22

23

24

25

Page 30

1

2                    C E R T I F I C A T I O N

3

4    I, Shelia Watkins, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6

7    Shelia                  Digitally signed by Shelia Watkins
                             DN: cn=Shelia Watkins, c=US, o=Veritext
                             Reason: I am the author of this document
8    Watkins                 Date: 2011.07.22 15:47:11 -04'00'

9    SHELIA WATKINS

10

11

12   Veritext

13   200 Old Country Road

14   Suite 580

15   Mineola, NY 11501

16

17   Date:  July 21, 2011

18

19

20

21

22

23

24

25