HEARING DATE AND TIME: August 25, 2011 at 10:00 a.m. (Eastern Time)

Douglas P. Bartner
Solomon J. Noh
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorneys for OZ Europe Master Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.    :   Case No. 08 – 13555 (JMP)
                                                             :
         Debtors.                                            :
                                                             :
-------------------------------------------------------------x
```

**RESPONSE OF OZ EUROPE MASTER FUND, LTD. TO DEBTORS'
ONE HUNDRED SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS
(VALUED DERIVATIVE CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

OZ Europe Master Fund, Ltd. ("OZ"), by and through its undersigned counsel, submits this response ("Response") to the Debtors' One Hundred Sixty-Second Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. 18405], dated July 11, 2011 (the "Objection"). In support of its Response, OZ respectfully states as follows:

**Background**

1. On March 10, 2008, OZ and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border) (as amended, supplemented or otherwise modified from time to time, and including all schedules,

NYDOCS03/931390.1

annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered into in connection therewith, the "Master Agreement").[1] Lehman Brothers Holdings Inc. ("LBHI") unconditionally guaranteed the obligations of LBSF under the Master Agreement pursuant to the Guarantee of Lehman Brothers Holdings Inc., dated as of March 18, 2008.

2. Beginning on September 15, 2008 and periodically thereafter, LBHI and certain of its affiliates (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. Because LBHI served as the Credit Support Provider[2] under the Master Agreement, the LBHI chapter 11 filing constituted an Event of Default under Section 5(a)(vii) of the Master Agreement. In the exercise of its rights under section 560 of the Bankruptcy Code and Section 6(a) of the Master Agreement, on September 15, 2008, OZ sent LBSF a notice terminating the Master Agreement and designating September 15, 2008 as the Early Termination Date.

4. Pursuant to Section 6(d) of the Master Agreement, on October 31, 2008, OZ sent LBSF a calculation statement of the early termination payments due under the Master Agreement (the "Calculation Statement").

---

[1] Pursuant to the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors [Docket No. 8474], dated as of April 19, 2010, all of the information OZ submitted in connection with the Proofs of Claim and Questionnaires are part of the record and OZ need not resubmit them in connection with this Response.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Master Agreement.

2

5.    On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

6.    Pursuant to the Bar Date Order, on September 22, 2009, OZ filed (i) a proof of claim (Proof of Claim Number 31534) against LBSF for no less than $85,789.91 in early termination payments plus no less than $25,000 in professional fees (the "LBSF Proof of Claim"), and (ii) a proof of claim (Proof of Claim Number 31523) against LBHI for no less than $85,789.91 in early termination payments plus no less than $25,000 in professional fees (the "LBHI Proof of Claim" and, together with the LBSF Proof of Claim, the "Proofs of Claim").  On October 22, 2009, OZ submitted a derivative questionnaire with respect to the LBSF Proof of Claim (the "LBSF Derivative Questionnaire") and a guarantee questionnaire with respect to the LBHI Proof of Claim (the "LBHI Guarantee Questionnaire" and, together with the LBSF Derivative Questionnaire, the "Questionnaires").

## Argument

7.    OZ does not dispute that it should not be allowed to recover more than the true value of its claims.  *See Objection* ¶ 16.  OZ disputes that the Debtors' valuation of OZ's claims is the true value of the claims.  Further, OZ disputes the Debtors' allegations in the Objection and reasserts that the proper amounts of its claims are the amounts asserted in OZ's Proofs of Claim.

**A.**    **OZ Calculated the Amounts in the Proofs of Claim as Required by the Master Agreement**

8.    The Master Agreement provides that: "On or as soon as reasonably practicable following the occurrence of an Early Termination Date, each party will make the calculation on its part, if any, contemplated by Section 6(e) and will provide to the other party a

3

statement . . . showing, in reasonable detail, such calculations . . . ." Master Agreement, Section 6(d)(i).

9. Pursuant to Section 6(e) of the Master Agreement, OZ and LBSF selected the "Market Quotation" methodology of calculating the amount due following an Early Termination Date. Under the Market Quotation methodology, the Non-defaulting Party is required to obtain at least three quotations from Reference Market-makers for the amount that would be paid to the Non-defaulting Party (or the amount that would have to be paid by the Non-defaulting Party) to enter into replacement transactions "that would have the effect of preserving for [the Non-defaulting Party] the economic equivalent" of the transactions if they had not been terminated. *See* Master Agreement, Section 14. If fewer than three quotations are obtained, it will be deemed that Market Quotation in respect of such transactions cannot be determined and the Non-defaulting Party can then calculate the Settlement Amount under the "Loss" methodology. *Id.* Under the Loss methodology, the Non-defaulting Party will determine the amount that it reasonably believes in good faith to be its total losses and costs in connection with the terminated transactions. *Id.*

10. OZ has complied with all of the requirements set forth in Section 6(e) of the Master Agreement. As detailed in the Calculation Statement, OZ sought quotations from at least three Reference Market-makers with respect to each of the terminated transactions, but did not receive at least three quotations. As a result, OZ used the Loss methodology as provided by Section 14 of the Master Agreement.

11. In addition, under the Market Quotation and the Loss methodologies, the *Non-defaulting Party* is to determine the Settlement Amount due and payable in respect of the early termination of the Master Agreement. The Non-defaulting Party in this case is OZ, not

4

LBSF. Therefore, LBSF, as the Defaulting Party, is not entitled to calculate the Settlement Amount and the calculations set forth in the Objection do not constitute the true value of the claims. Therefore, the Objection should be overruled.

### B. The Debtors Do Not Provide Any Evidence To Dispute The Amount of the Claims

12. Moreover, the Debtors have not carried their burden of proof in objecting to OZ's claims. Contrary to the Debtors' assertion, "[a] proof of claim is prima facie evidence of the validity and amount of a claim." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Comms. Corp.*, Ch. 11 Case No. 02- 41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007). The burden rests on the objector, the Debtors, to "bear[] the initial burden of persuasion" and to "offer[] sufficient evidence to overcome the prima facie validity of the claim." *Id.*

13. The Debtors have not provided any evidence to dispute the amount of OZ's claims. They do not address any of the terms of the Master Agreement in their Objection. Instead, the Objection only discusses the general process the Debtors undertook to reconcile the claims that resulted in their conclusion that the amounts in OZ's Proofs of Claim should be reduced. Neither the Debtors' general claims reconciliation process nor their conclusion is supported by the terms of the Master Agreement.

14. Furthermore, the only provisions of the Objection that approach any substantive criticism of OZ's Proofs of Claim are variations of the statement: "the amounts listed on the proofs of claim are greater than the fair, accurate and reasonable values determined by the Debtors." *See* Objection ¶¶ 2, 11, 13. The Debtors do not provide any data or calculation methodologies in support of this position. The repetition of these cursory statements does not make them true nor does it transform these statements into evidence.

NYDOCS03/931390.1

15. Because the Debtors have failed to meet their initial burden of persuasion and have not provided sufficient evidence to overcome the prima facie validity of OZ's Proofs of Claim, these claims remain prima facie valid. Therefore, the Debtors' Objection should be overruled.

16. To the extent the Bankruptcy Court does not overrule the Objection, OZ reserves the right to seek discovery and to request a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amount of OZ's claims.

WHEREFORE, OZ respectfully requests that the Bankruptcy Court (i) overrule the Objection as it pertains to OZ's Proofs of Claim, and (ii) grant OZ such further relief as the Bankruptcy Court deems just.

Dated: New York, New York
August 5, 2011

SHEARMAN & STERLING LLP

By: s/ Douglas P. Bartner
Douglas P. Bartner
Solomon J. Noh
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

*Attorneys for OZ Europe Master Fund, Ltd.*