Hearing Date: August 9, 2011

**BROWN RUDNICK LLP**
Steven B. Levine
Peter J.M. Declercq
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Fax: (617) 856-8201

-and-

**DEWEY & LEBOEUF LLP**
Bruce Bennett
Monika S. Wiener
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
Telephone: (213) 621-6000
Fax: (213) 621-6100

*Counsel to the Undersigned Holders of Notes
Issued by Lehman Brothers Treasury Company B.V.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **Lehman Brothers Holdings, Inc.,** | ) | **Case No. 08-13555 (JMP)** |
| *et al.*, | ) | |
| | ) | **(Jointly Administered)** |
| **Debtors** | ) | |

**JOINT STATEMENT OF CERTAIN HOLDERS OF NOTES ISSUED BY LEHMAN
BROTHERS TREASURY COMPANY B.V. AND GUARANTEED BY LEHMAN
BROTHERS HOLDINGS INC. IN SUPPORT OF DEBTORS' AMENDED
MOTION FOR APPROVAL OF PROCEDURES FOR DETERMINING
THE ALLOWED AMOUNT OF CLAIMS FILED BASED ON
STRUCTURED SECURITIES ISSUED OR GUARANTEED
BY LEHMAN BROTHERS HOLDINGS INC.**

The undersigned, who are holders (or investment advisors or managers for a fund or other

entity which is a beneficial holder) of certain notes (such notes, the "LBT-Issued Notes" and the

undersigned holders thereof, the "Noteholders")[1] issued by Lehman Brothers Treasury Company B.V. ("LBT"), a non-Debtor that is subject to Dutch insolvency proceedings, and guaranteed by Lehman Brothers Holdings, Inc. ("LBHI"), submit this joint statement in support (the "Statement") of the above-captioned debtors' (the "Debtors") *Amended Motion pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures for Determining the Allowed Amount of Claims Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [Dkt. No. 18127] (the "Motion"), and respectfully state as follows:

## STATEMENT

1. By the Motion, the Debtors are seeking to establish procedures for efficiently reconciling and establishing the allowed amount of thousands of Structured Securities Claims for the purposes of voting and distributions under the Debtors' Second Amended Joint Chapter 11 Plan [Dkt. No. 18124] (the "Plan").[2] In essence, the proposed procedures utilize the Structured Securities Valuation Methodologies set forth in Exhibit 11 to the proposed disclosure statement that was filed with the Plan (the "SSVM") as a starting point for valuation of all Structured Securities Claims, subject to the opportunity of individual claimants to object to the proposed treatment of their claims.[3]

---

[1] Brown Rudnick LLP and Dewey & LeBoeuf LLP represent the undersigned Noteholders appearing in their respective signature blocks below individually and solely in respect of their LBT-Issued Notes, and not in respect to any other claims such Noteholders may hold against the Debtors and their affiliates.

[2] Capitalized terms not otherwise defined herein shall have the meaning given them in the Debtors' Motion.

[3] Although they support the Motion (the applicability of which is limited to the Plan filed by the Debtors), the Noteholders reserve their right to contest the application of Section 502(c) estimation procedures to valuation of the Structured Securities Claims in connection with any other plan.

2

2. The Noteholders collectively hold a wide variety of LBT-Issued Notes, ranging from conventional "plain vanilla" notes, which provide for repayment of a specified principal amount on a date certain and bear interest at fixed rate, to notes under which the amount due to the investor is derived from or linked to the performance of an underlying asset or group of assets (collectively, an "Underlying Index") and is calculated based upon a complex mathematical formula.[4] The Noteholders support the use of the SSVM to value their Structured Securities Claims because it is more administratively efficient than any other alternative and provides for a consistent and unbiased treatment of Structured Securities Claims.

3. Absent approval of the proposed procedures, determining the amount of principal and interest due under the terms of the LBT-Issued Notes and other Structured Securities would be an expensive, time-consuming, and contentious process requiring hundreds of individualized calculations based upon various complex mathematical formulas contained in the notes. See Motion ¶ 14; Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its affiliated debtors pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement") pp. 43, 44; Disclosure Statement Exhibit 11. This could lead to thousands of claims objection hearings, each of which could turn into a valuation trial. The expense and delay resulting from this litigation would reduce the recoveries to holders of Structured Securities and other creditors.

4. The Noteholders believe that the SSVM constitutes a reasonable and feasible way to value the Structured Securities for purposes of voting and distribution under the Debtors' Plan and thereby avoid years of litigation. In their view, the SSVM is generally reliable and fair

---

[4] The Underlying Index may consist of global indices, single stocks, currencies, interest rates and various credit derivative instruments and baskets of various of the foregoing securities. In certain cases, principal and/or interest due under a Structured Security is partially or wholly protected from a decline in the value of the Underlying Index.

3

because it is based on the Debtors' prepetition internal mark-to-markets practices in use for several years prior to the Commencement Date (performed in the ordinary course of the Debtors' business for regulatory and capital purposes, and not by potential litigants in connection with the Debtors' Chapter 11 Cases).[5]  <u>See</u> Disclosure Statement at 43.  As a result, certain of the Noteholders have signed Plan Support Agreements ("<u>PSA</u>"), which are contingent upon the adoption and use of the SSVM to value their Structured Securities Claims; and further, the Plan provides for the use of the SSVM to value Structured Securities Claims of those who signed PSAs.  <u>See</u> Motion, ¶¶ 12-13; <u>see also</u> Plan §§ 6.5, 12.1(a), Disclosure Statement p. 5.

5. It should be stressed, however, that the Motion itself is procedural in nature and does not seek to make the SSVM binding on any holder of a Structured Security.[6]  The Motion states that "The Debtors are not seeking approval of the methodology utilized to calculate the Proposed Claim Amount" (as defined in the Motion).  <u>See</u> Motion ¶ 13.  Rather, the rights of all holders of Structured Securities who are not PSA signatories to object to the use of the SSVM to value their claims or to the Proposed Claim Amount for particular claims as calculated by the Debtors is fully preserved.

---

[5] The Official Creditors' Committee's Response to the Motion states that the Debtors have agreed to correct certain "manifest errors" that the Committee contends are "systemic" for certain categories of notes. While the Noteholders recognize the need to correct certain obvious errors in the previously published maximum claim amounts for each ISIN, the Noteholders are unaware of any "systemic" errors, and reserve all rights with respect to any modifications that may be made to the previously published maximum claim amounts, whether on the basis of "manifest error" or otherwise.

[6] As noted above, the Debtors have separately committed under the Plan and under certain PSAs to apply the SSVM for purposes of valuing Structured Securities Claims of PSA signatories if the Plan is confirmed, subject to correction of any manifest errors in the proposed claim amounts.

4

## CONCLUSION

Accordingly, for the foregoing reasons, the Noteholders respectfully request that the Court grant (i) the relief requested in the Debtors' Motion and (ii) such other relief as is just.

Dated: August 5, 2011
      New York, New York

Respectfully submitted,

***Certain funds and accounts managed by*** **:**

**CYRUS CAPITAL PARTNERS, LP**
**GLG ORE HILL LLC**
**SILVER POINT CAPITAL, LP**
**VÄRDE PARTNERS, INC.**

**By their Attorneys,**

**BROWN RUDNICK LLP**

By: /s/ Steven B. Levine
Steven B. Levine
Peter J.M. Declercq
One Financial Center
Boston, MA 02111
(617) 856-8200
(617) 856-8201 (fax)

*Counsel to the Identified Holders of Notes Issued By Lehman Brothers Treasury Company B.V.*

Dated: August 5, 2011
New York, New York

Respectfully submitted,

***Certain funds managed by:***

**ANGELO, GORDON & CO., L.P.
CONTRARIAN CAPITAL MANAGEMENT, LLC
GOLDENTREE ASSET MANAGEMENT, LP
HAYMAN CAPITAL MANAGEMENT, LP
KNIGHTHEAD CAPITAL MANAGEMENT, LLC
MOUNT KELLET CAPITAL MANAGEMENT
OAKTREE CAPITAL MANAGEMENT, L.P.**

**By their Attorneys,**

**DEWEY & LEBOEUF LLP**

By:  /s/ Bruce Bennett
Bruce Bennett
Monika S. Wiener
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
(213) 621-6000
(213) 621-6100 (fax)

*Counsel to the Identified Holders of Notes Issued By
Lehman Brothers Treasury Company B.V.*

# 1841465