UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                               :

In re                                                            :      Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :      08-13555 (JMP)
                                                           :
                    Debtors.              :      (Jointly Administered)
                                                           :
------------------------------------------------------------------x

**ORDER EXPANDING THE SCOPE OF RETENTION
OF CB RICHARD ELLIS, INC., AS THE DEBTORS' REAL ESTATE
CONSULTANT PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE
BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, EFFECTIVE AS OF JUNE 8, 2011**

Upon consideration of the supplemental application, dated July 12, 2011 (the "Supplemental Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, including Lehman Commercial Paper Inc. ("LCPI"), in the above-captioned chapter 11 cases (together, the "Debtors") pursuant to sections 327(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure, for authorization to expand the scope of retention of CB Richard Ellis, Inc. ("CBRE") as a real estate consultant, effective as of June 8, 2011, all as more fully set forth in the Supplemental Application; and upon consideration of the supplemental declaration of Kyle Redfearn, Managing Director of the Financial & Tax Reporting Services practice of CBRE, executed July 11, 2011, filed in support of the Supplemental Application, a copy of which is attached to the Supplemental Application as Exhibit A; and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Supplemental Application having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) CBRE; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Supplemental Application is in the best interests of the Debtors, their estates and their creditors, and all parties in interest and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Supplemental Application is approved as set forth herein; and it is further

ORDERED that, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors are authorized to expand the scope of the employment and retention of CBRE as their real estate consultant on the terms and conditions generally described in the Supplemental Application, and LCPI is authorized to enter into an engagement letter with CBRE consistent therewith; and it is further

ORDERED that CBRE will not be required to file interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, and that CBRE will be compensated for the Appraisal Services pursuant to the following procedures:

- LCPI will request the Court's allowance of CBRE's Proposed Compensation by filing a notice after consummation of the Appraisal Services setting forth the compensation to be paid to CBRE with respect thereto (the "Compensation Notice") and serving the Compensation Notice on all parties entitled to receive notice in these cases pursuant to the procedures set forth in the Case Management Order.

- Parties will have ten (10) days after the filing of the Compensation Notice to file an objection to any portion of the Proposed Compensation and serve the objection on LCPI and CBRE. Any objection to the Compensation Notice shall set forth the amount of the Proposed Compensation to which the party is objecting and the reasons for the objection.

- If no party timely files and serves an objection to the Compensation Notice, LCPI shall be authorized to pay the Proposed Compensation to CBRE without further notice or authorization from the Court.

- If any party files a timely objection to the Compensation Notice, LCPI shall be authorized to pay, without further notice or authorization from the Court, (i) any portion of the Proposed Compensation and/or reimbursable expenses to which any party filing the objection has not objected and (ii) any portion of the Proposed Compensation and/or reimbursable expenses to which LCPI, CBRE, and the objecting party or parties have agreed in writing may be paid. If LCPI, CBRE, and the objecting party or parties are unable to resolve the objection, LCPI or CBRE may schedule a hearing for the Court to determine the objection; and it is further

ORDERED that the Proposed Compensation arrangement is hereby approved and CBRE shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review under section 330 of the Bankruptcy Code; and it is further;

ORDERED that, notwithstanding the foregoing, the United States Trustee retains all rights to object to fees payable to CBRE in connection with the Appraisal Services based on the reasonableness standard provided for in section 330 of the Bankruptcy Code;

ORDERED that to the extent this Order is inconsistent with the Supplemental Application, this Order shall govern; and it is further

ORDERED that this Court will retain jurisdiction to construe and enforce this Order.

Dated: New York, New York
       August 8, 2011

                                              *s/ James M. Peck*
                                            UNITED STATES BANKRUPTCY JUDGE