UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                         :

In re                            :         **Chapter 11 Case No.**

                                           :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :         **08-13555 (JMP)**

                                           :

                 **Debtors.**       :         **(Jointly Administered)**

                                           :

-------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER BETWEEN
BNC MORTGAGE LLC AND U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY
WITH REGARD TO CERTAIN REAL PROPERTY LOCATED IN HONOLULU, HAWAII**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order")

is entered into by and between BNC Mortgage LLC ("BNC") and its affiliated debtors in the

above referenced chapter 11 cases (the "Debtors"), as debtors and debtors in possession, and

U.S. Bank National Association, as Trustee ("U.S. Bank") for the Structured Asset Investment

Loan Trust, 2006-BNC3 ("SAIL 2006-BNC3").

**RECITALS**

        A.    On September 15, 2008 and periodically thereafter, Lehman Brothers

Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary

cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

        B.    On January 9, 2009, BNC, an indirect subsidiary of LBHI, commenced

with this Court a voluntary case under chapter 11 of the Bankruptcy Code.

C.    U.S. Bank represents that it is the current holder of a mortgage (the "Mortgage") executed on June 2, 2006 by Romeo Fernandez Andres, Jr. and Melicia Magsandie Tabuyo Ulep (the "Borrowers") as mortgagors in favor of BNC[1], and transferred to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for BNC, as security for the repayment of the original principal sum of $584,000 due under a note.    The Mortgage granted MERS, as nominee for BNC, a security interest in certain real property located at 1182 Manuwa Dr., Honolulu, Hawaii 96818 (Legal Description: TMK (1) 1-1-024-003) (the "Property").    U.S. Bank also represents that the Mortgage was assigned to U.S. Bank.    U.S. Bank further represents that it is the Trustee for SAIL 2006-BNC3, and that SAIL 2006-BNC3 is the current holder of the Note.

D.    The Debtors have determined that there was also a junior lien on the Property (the Second Mortgage") held by MERS, as nominee for BNC Mortgage, Inc., securing the repayment of $146,000.00 due under a note.

E.    U.S. Bank represents that it initiated a foreclosure proceeding against the Property in the Circuit Court of the First Circuit, State of Hawaii on November 9, 2009 (the "Foreclosure Proceeding").

F.    The Debtors have reviewed BNC's records and determined that BNC previously transferred its interests in the Mortgage and the Second Mortgage to Lehman Brothers Bank, FSB (n/k/a Aurora Bank FSB) on or about July 24, 2006, and that, thereafter, the Mortgage and the Second Mortgage were further transferred to LBHI on or about August 25, 2006, then to Structured Asset Securities Corporation ("SASCO"), a debtor in the above

---

[1]  BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity.    BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc."    On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC."    BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

referenced chapter 11 cases on or about August 25, 2006, and finally to SAIL 2006-BNC3, a

non-debtor securitization trust on or about August 25, 2006.    As a result of the above-described

transfers, neither BNC nor any of the other Debtors held a direct interest in the Mortgage or the

Second Mortgagee as of the Commencement Date.

G.    Due to the Debtors' usage of MERS as nominee, however, a record of

the BNC's former interest in the Mortgage and the Second Mortgages may remain on the local

property records, creating an impediment to U.S. Bank's acquisition of insurable title to the

Property.

H.    Accordingly, and out of an abundance of caution, U.S. Bank seeks entry of

an order partially modifying the automatic stay extant in BNC's chapter 11 case pursuant to

section 362 of the Bankruptcy Code in order to allow U.S. Bank to exercise its non-bankruptcy

rights and remedies as to the Property including, but not limited to, foreclosure.

I.    In light of the foregoing, and to ensure that U.S. Bank is not prohibited

from exercising its rights with respect to the Property, BNC and U.S. Bank (each a "<u>Party</u>" and

together, the "<u>Parties</u>") have agreed, subject to approval of this Court, to the terms set forth

below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE
INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY
STIPULATED AND AGREED, BY AND BETWEEN BNC AND U.S. BANK, THROUGH
THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT
SHALL BE ORDERED THAT:**

This Stipulation, Agreement and Order shall have no force or effect unless and

until approved by the Court (the "<u>Effective Date</u>").

1.    Upon the Effective Date, to the extent that the automatic stay is applicable,

it shall be modified with respect to the interests of U.S. Bank, its successors and assigns in the

Property and U.S. Bank, its successors and/or their assigns shall be permitted to exercise their rights under applicable non-bankruptcy law against the Property.

　　　　　2.　　　　Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the Debtors' estates and/or assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

　　　　　3.　　　　This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

　　　　　4.　　　　Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

　　　　　5.　　　　This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

　　　　　6.　　　　This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.


Dated: July 15, 2011
　　　　Honolulu, Hawaii

　　　　　　　　　　　　　　　　　/s/ Thomas J. Berger
　　　　　　　　　　　　　　　　　Steven T. Iwamura
　　　　　　　　　　　　　　　　　Thomas J. Berger

　　　　　　　　　　　　　　　　　Clay, Chapman, Iwamura, Pulice & Nervell
　　　　　　　　　　　　　　　　　700 Bishop Street, Suite 2100

Honolulu, Hawaii 96813
Telephone: (808) 535-8400
Facsimile:

Attorneys U.S. Bank National Association, as Trustee

Dated: July 15, 2011
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
        August 8, 2011

_s/ James M. Peck_
Honorable James M. Peck
United States Bankruptcy Judge