Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,
Case No. 08-13555 (JMP)
(**Jointly Administered**)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Name of Transferee</u>

Deutsche Bank AG, London Branch

<u>Name of Transferor</u>

Sabretooth Master Fund, LP

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Philipp Roever
E-mail:  philipp.roever@db.com

Court Claim # (if known):   15535
Amount of Claim: $14,970,834.15
Date Claim Filed: September 17, 2009

Tel: N/A

Last Four Digits of Acct. #:  N/A

Last Four Digits of Acct. #:  N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____
Transferee/Transferee's Agent

Date:   July __ , 2011

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

| | |
|---|---|
| TO: | United States Bankruptcy Court for the<br>Southern District of New York<br>Attn: Clerk |
| AND TO: | Lehman Brothers Holdings Inc |
| CASE NAME: | In re Lehman Brothers Holdings Inc., *et al.*, |
| CASE NO. | Chapter 11, Case No. 08-13555 (JMP) (Jointly administered) |
| CLAIM NO. | 15535 **(In Part – See Below)** |
| DESCRIPTION<br>OF CLAIM<br>SUBJECT TO<br>TRANSFER: | **This Evidence of Transfer of Claim relates to the transfer of an undivided interest to the extent only of $5,443,939.69 (comprising of $5,157,818.18 in respect of the principal amount and $286,121.51 in respect of interest) or a 36.3636% share (the "Transferred Portion") of the above claim which has been filed against the Debtor in the Bankruptcy Court in the amount of $14,970,834.15 (comprising of $14,184,000.00 principal amount and $786,834.15 interest) (the "Claim").** |

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **Sabretooth Master Fund, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof and on the further terms set forth in (and incorporated by reference in) a transaction confirmation between Seller and Purchaser with a trade date of 23 March 2011 (the "Sale Agreement"):

(a) to the extent of the Transferred Portion only, all of Seller's right, title and interest in and to Proof of Claim Number 15535  filed by or on behalf of Seller's predecessor in interest (a copy of which is attached at Schedule 1 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., as guarantor of certain loan notes (*Schuldscheine*) issued by Lehman Brothers Bankhaus AG (in insolvency) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor");

(b) to the extent of the Transferred Portion only, all rights and benefits of Seller relating to or arising from the Proof of Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Proof of Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Proof of Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Proof of Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Proof of Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Proof of Claim, but only to the extent related to the Proof of Claim; and

(c) any and all proceeds of any of the foregoing,

(collectively, as described in clauses (a), (b), and (c), the "Transferred Claims").

2.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the

books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

3.      All representations, warranties, covenants and indemnities (including those contained in the Sale Agreement) shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

4.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.

5.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

6.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ⎽⎽th day of June 2011.

DEUTSCHE BANK AG, LONDON BRANCH

By:
Name: Ross Miller
Title: Director                    Michael Sutton
                                   Managing Director
Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

SABRETOOTH MASTER FUND, L.P.

By:
Name:   Benjamin Baker
Title:   Chief Financial Officer

c/o Sabretooth Capital Management, LLC
405 Lexington Avenue, 50th Floor
New York, NY 10174
Phone: (212) 542-9198
Fax: (212) 542-9181

15535

## SCHEDULE ONE

### Copy of Proof of Claim 15535

(for Loan Notes (*Schuldscheine*) # 001399)

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings Inc. | 08-13555 |

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)              0000015535

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

UNIQUE IDENTIFICATION NUMBER: 1000093499
DEUTSCHE POSTBANK INTERNATIONAL S.A.
PB FINANCE CENTER
18-20 PARC D'ACTIVITÉ SYRDALL
L-5365 MUNSBACH
LUXEMBOURG

Telephone number: see Attachment A   Email Address: see Attachment A

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
   (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____   Email Address: _____

**1.   Amount of Claim as of Date Case Filed:** $ 14,970,834.15

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** Guaranteed Bonded Loan to Lehman Brothers Bankhaus AG, Frankfurt/Main, Germany
(See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** 1399
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4.   Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

SEP 1 7 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 16 Sept 2009 | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Julia Spanier           Thomas N Leger

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | | |
|---|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the creditor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the claim.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments must be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

<u>ATTACHMENT A TO CLAIM OF DEUTSCHE POSTBANK INTERNATIONAL S.A.</u>

The claimant, Deutsche Postbank International S.A. (**"Claimant"**), a Luxembourg corporation, is duly authorized and empowered to make this claim.

This attachment is intended to provide background information relating to a claim by Claimant against Lehman Brothers Holding Inc. ("<u>LBHI</u>") for a total amount of $ 14,970,834.15 (the "<u>Claim Amount</u>").

Claimant's claim against LBHI relates to the guarantee by LBHI of the obligations of Lehman Brothers Bankhaus AG, Frankfurt/Main, Germany, against which Claimant has a claim relating to a Bonded Loan dated 06 October 1999 that was terminated due to insolvency of Lehman Brothers Bankhaus AG.

The Bonded Loan dated 06 October 1999 was formerly entered into between DSL Bank Deutsche Siedlungs- und Landesrentenbank, Bonn, Germany, and Lehman Brothers Bankhaus AG. The claim was devolved from DSL Bank Deutsche Siedlungs- und Landesrentenbank, Bonn, Germany, to its legal successor Deutsche Postbank AG. Deutsche Postbank AG assigned the claim to WestLB AG, Düsseldorf, Germany. West LBAG, Düsseldorf, Germany assigned the claim to the Claimant, finally.

Claimant hereby reserves the right to withdraw, amend, clarify, modify or supplement this claim to assert additional claims or additional grounds for its claims. Claimant also reserves all rights accruing to it against LBHI, and the filing of this claim is not intended to be and shall not be construed as (i) an election of remedy or (ii) a waiver or limitation of any rights of Claimant. Claimant reserves the right to supplement this claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this claim for any reason whatsoever.

This claim shall not be deemed to be a waiver of Claimant's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Claimant expressly reserves.

This claim is in addition to, and does not supersede, any other claim or Proof of Claim filed or to be filed by Claimant against LBHI or any other affiliate of LBHI.

Any notices in connection with this claim should be addressed to Claimant at the address below:

|  |  |  |
|---|---|---|
| Address: | Deutsche Postbank International S.A. | |
| | PB Finance Center | |
| | 18-20 Parc d'Activité Syrdall | |
| | L-5365 Munsbach | |
| | Luxembourg | |
| Attn: | Legal Department: Julia Spanier  /  Christoph Wagner | |
| Tel: | + 352 349 531 - 205 | + 352 349 531 - 209 |
| E-mail: | julia.spanier@postbank.lu | christoph.wagner@postbank.lu |

_16 Sept 2009_

Julia Spanier
(Legal Counsel)

Thomas Meyer

**Attachment B**

to the Proof of Claim of Deutsche Postbank International S.A., UIN 1000093499, filed with LBHI by September 22, 2009

**Obligor: Lehman Brothers Bankhaus AG**

| Bonded Loan Nr. | Issuer | Currency | Nominal Value EUR | Nominal Value US$ | Interest % p.a. | Accrued Interest EUR 12.11.2008 (including) | Interest Amount US$ (total) | Total Claim US$ (Nominal + Interest) |
|---|---|---|---|---|---|---|---|---|
| 001399 | Lehman Brothers Bankhaus AG | EUR | 10.000.000,00 | 14,184,000.00 | 5,885 | 649.768,49 | 921,631.63 | 15,105,631.63 |

**Guarantor: Lehman Brothers Holdings Inc.**

| Bonded Loan Nr. | Guarantor to Bonded Loan | Currency | Nominal Value EUR | Nominal Value US$ | Interest % p.a. | Accrued Interest EUR 14.09.2008 (including) | Interest Amount US$ (total) | Total Claim US$ (Nominal + Interest) |
|---|---|---|---|---|---|---|---|---|
| 001399 | Lehman Brothers Holdings Inc. | EUR | 10.000.000,00 | 14,184,000.00 | 5,885 | 554.733,61 | 786,834.15 | 14,970,834.15 |

Deutsche Postbank International S.A. reserves all rights and nothing herein shall be construed as an admission or waiver of any rights or claims that Deutsche Postbank International S.A. may be entitled to assert, especially but not limited to claim default interest for the time period after September 15, 2008.



### *Summary for Attachments C to E*

**ATTACHMENT C to CLAIM of DEUTSCHE POSTBANK INTERNATIONAL S.A.**

Copy of Bonded Loan Indenture as of 6 October 1999 – devolved to Deutsche Postbank International S.A. by legal succession from DEUTSCHE POSTBANK AG after DSL Bank Deutsche Siedlungs- und Landesrentenbank and assignment from DEUTSCHE POSTBANK AG to WestLB AG and thereafter from WestLB AG to DEUTSCHE POSTBANK INTERNATIONAL S.A.

**ATTACHMENT D to CLAIM of DEUTSCHE POSTBANK INTERNATIONAL S.A.**

Guarantee of LEHMAN BROTHERS HOLDINGS INC.

**ATTACHMENT E to CLAIM of DEUTSCHE POSTBANK INTERNATIONAL S.A.**

Screenshot documenting exchange rate EUR / USD as of 15 Sept 2008

Supporting documentation was uploaded on http://www.lehman-claims.com, e.g. to the legal succession and assignments described in Attachment A

Deutsche Postbank
International S.A., Luxembourg
PB Finance Center
18-20, Parc d' Activité Syrdall
L-5365 Munsbach

Telephone:(0 03 52) 34 95 31-1

Postal Address
Deutsche Postbank International S.A.
L-2966 Luxemburg

Postbank Saarbrücken
Bank Code 590 100 66
Account No. 5380-663

Administrative Board: Horst Küpker, Vorsitzender
Managment:        Christoph Schmitz
                  Jochen Begas
                  Tobias Gansäuer

Deutsche Postbank International
Société Anonyme

*6020201015 + S 35YOSO...* *Postbank International S.A. by legal/succession and assignment*

# LEHMAN BROTHERS BANKHAUS AG

## SCHULDSCHEIN

### 001399

Lehman Brothers Bankhaus AG
Grüneburgweg 18
60322 Frankfurt am Main
("Darlehensnehmerin")

erklärt hiermit, von

DSL Bank
Deutsche Siedlungs- und Landesrentenbank
Kennedyallee 62-70
53175 Bonn
("Darlehensgeberin")

ein Darlehen in Höhe von

**EUR 10.000.000,--**
(in Worten: Euro zehn Millionen)

zu den folgenden Bedingungen erhalten zu haben:

(1)     Die Auszahlung des Darlehens erfolgt am 6. Oktober 1999 auf das Konto der
        Lehman Brothers Bankhaus AG bei der Landeszentralbank, Frankfurt

                Ktn. Nr.:      500 093 09
                BLZ:           500 000 00

(2)     Das Darlehen ist vom Tag der Auszahlung, dem 6. Oktober 1999 (einschließ-
        lich), bis zum Tag der Fälligkeit des Kapitals, dem 6. Oktober 2009 (aus-
        schließlich), mit 5,885 % p.a. zu verzinsen. Die Zinsen sind jährlich nachträg-
        lich am 6. Oktober, erstmals am 6. Oktober 2000, fällig. Die Zinsen werden
        auf der Grundlage act/act berechnet.

(3)     Das Darlehen ist am 6. Oktober 2009 zum Nennbetrag zurückzuzahlen.

(4)     Zins- und Tilgungszahlungen erfolgen kosfenfrei für die Darlehensgeberin
        durch Überweisung auf das Konto Nr. 6020201015 der Darlehensgeberin bei
        der DSL Bank, Bonn (BLZ 380 107 00).

(5)     Das Darlehen ist, abgesehen von den in Ziffer (6) genannten Fällen, beider-
        seits nicht vorzeitig kündbar.

...../2

(6)     Die Darlehensnehmerin ist verpflichtet, der Darlehensgeberin spätestens 6 Monate nach dem Bilanzstichtag unaufgefordert die zur laufenden Prüfung der wirtschaftlichen Verhältnisse gem. § 18 KWG erforderlichen testierten Jahresabschlüsse zuzüglich Anhang und Lagebericht sowie ggfs. Konzernabschluß vorzulegen oder - sofern dies nicht möglich ist - ihr innerhalb der Frist ohne weitere Aufforderung zunächst vorläufige Jahresabschlußzahlen und weitere Unterlagen zu überlassen, die umfassend Aufschluß über die wirtschaftliche Situation der Darlehensnehmerin geben.

Die Darlehensgeberin ist berechtigt, das Darlehen durch Kündigung ohne Einhaltung einer Frist durch eingeschriebenen Brief vorzeitig fällig zu stellen und Rückzahlung zum Nennbetrag einschließlich aufgelaufener Zinsen bis zum Tag der Rückzahlung (ausschließlich) zu verlangen, wenn eines der folgenden Ereignisse eintritt:

(a)    Die Darlehensnehmerin ist mit einer Zinszahlung länger als vier Wochen im Rückstand.

(b)    Die Darlehensnehmerin scheidet, aus welchem Grund auch immer, aus dem Einlagensicherungsfond des Bundesverbandes deutscher Banken e.V., Köln, aus und ist nicht Mitglied einer vergleichbaren Einlagensicherungseinrichtung.

(c)    Die Darlehensnehmerin hält die Bedingungen der Darlehenszusage oder sonstige, ihr vertraglich obliegende wesentliche Verpflichtungen nicht ein.

(d)    Die Darlehensnehmerin legt nicht innerhalb der in Ziffer 6 genannten Frist die dort aufgeführten Unterlagen zur Prüfung der wirtschaftlichen Verhältnisse vor und erfüllt ihre Verpflichtung auch nicht innerhalb einer von der Darlehensgeberin gesetzten Nachfrist. Bei Nachfristsetzung ist auf die Kündigungsmöglichkeit der Darlehensgeberin hinzuweisen.

(7)     Im Falle einer Kündigung des Darlehens aus wichtigem Grund kann die Darlehensgeberin eine Entschädigung in Höhe des Schadens beanspruchen, der ihr infolge der vorzeitigen Fälligkeit des Darlehens für die Zeit von der Fälligkeit bis zum Ende der vereinbarten Laufzeit entsteht.

(8)     Die Abtretung der Darlehensforderung ist mit Zustimmung der Darlehensnehmerin zulässig. Die Zustimmung kann nur aus wichtigem Grund verweigert werden.

(9)     Die Darlehensnehmerin verzichtet gegenüber der Darlehensgeberin uneingeschränkt auch im Vergleichs- und Konkursfalle auf jede Aufrechnung sowie die Ausübung von Pfandrechten, Zurückbehaltungsrechten und sonstigen Rechten, durch welche die Forderungen aus diesem Darlehen beeinträchtigt werden können.

.../3

SCHULDSCHEIN 001399                                                      Seite 5

(10)    Die Darlehensgeberin hat bei Auszahlung des Darlehens eine Ausfertigung
        dieses Schuldscheins erhalten. Die Ausfertigung ist nach Rückzahlung des
        Darlehens und Zahlung aller Zinsen an die Darlehensnehmerin zurückzu-
        geben.

(11)    Werden geschuldete Leistungen (Kapital, Zinsen, Nebenleistungen u.a.) am
        Fälligkeitstage nicht gezahlt, so ist der Rückstand für die Dauer der Säumnis
        mit jährlich 4 % über dem jeweiligen Basiszins gemäß Artikel 1 § 1 Euro-EG
        bzw. dem Zinssatz der durch oder aufgrund eines Gesetzes an die Stelle des
        Basiszinssatzes tritt, zu verzinsen; bei nicht rechtzeitiger Rückzahlung gekün-
        digten Darlehenskapitals ist bis zum Ende der vereinbarten Zinsbindungsdauer
        mindestens der vereinbarte Darlehenszins zu zahlen. Die Darlehensgeberin
        behält sich vor, den im Einzelfall entstandenen Verzugsschaden geltend zu
        machen. Der Darlehensnehmerin bleibt der Nachweis vorbehalten, ein Scha-
        den sei nicht entstanden oder wesentlich niedriger als die Pauschale.

(12)    Änderungen dieses Schuldscheins bedürfen der Schriftform.

(13)    Erfüllungsort und Gerichtsstand ist Frankfurt am Main.

(14)    Sollte eine der Bestimmungen dieses Darlehens unwirksam sein oder werden,
        so bleibt die Wirksamkeit der übrigen Bestimmungen hiervon unberührt.
        Anstelle der unwirksamen Bestimmung soll eine dem wirtschaftlichen Zweck
        der unwirksamen Bestimmung soweit wie rechtlich möglich entsprechende
        Regelung gelten.

Frankfurt am Main, den 6. Oktober 1999

LEHMAN BROTHERS BANKHAUS
    AKTIENGESELLSCHAFT

Frank Oliver Zeitz            Christian Fischer

Unterschriften gemäß
Unterschriftenverzeichnis
und Reg. Ausz/g geprüft
Datum        Unterschrift

*Anlage 1*

28. SEP. 2008 23:00    LEHMAN BROTHERS +49 69 153076499                NR. 907   S. 7



E-2279-211102-LC

## GUARANTEE

THIS GUARANTEE is dated as of November 21, 2002 and is by Lehman Brothers Holdings Inc., a Delaware corporation (the "**Guarantor**") in favor of Lehman Brothers Bankhaus A.G., a company incorporated under the laws of the Federal Republic of Germany ("**LBB**" which expression shall include its successors and assigns) and any Counterparty (as defined below).

The Guarantor desires to unconditionally guarantee LBB's obligations to Counterparties (the "**Obligations**") as set forth in this Guarantee.

Accordingly, in consideration of the benefits accruing to the Guarantor from LBB's becoming obligated to Counterparties, the mutual promises contained in this Guarantee and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Guarantor and LBB hereby agree as follows:

1. <u>Definitions</u>.

    The following terms shall have the following meanings:

    "**Counterparty**" means any Person that is entitled to payment by LBB.

    "**Person**" means any individual, partnership, limited liability company, corporation, trust, joint stock company, unincorporated organization, joint venture, association, company, business trust or other entity or any government or agency, instrumentality or political subdivision of a government.

2. <u>Representation and Warranties</u>.

    The Guarantor represents and warrants that this Guarantee has been duly authorized, executed and delivered by the Guarantor and that this Guarantee constitutes a valid and legally binding obligation of the Guarantor enforceable in accordance with its terms, subject, as to enforcement, to bankruptcy, insolvency, reorganization and other laws of general applicability relating to or affecting creditors' rights affecting the Guarantor and to general equity principles.

3. <u>Payment Obligations</u>.

    If LBB fails to make any payment to a Counterparty, the Guarantor will following the request of the Counterparty promptly pay directly to the Counterparty the amount of funds that LBB was required to pay and did not pay the Counterparty under the Obligation. Any payment by the Guarantor to the Counterparty shall discharge and satisfy, by a like amount, any obligation of LBB to the Counterparty. Each of the Guarantor and LBB acknowledges and agrees that each Counterparty is an express third-party beneficiary of this Guarantee. No

Page 1 of 5

20 SEP. 2008 23:00     LEHMAN BROTHERS +49 69 153376499              NR. 907    S. 8

other persons or entities, other than the parties hereto and Counterparties, shall
have any rights, directly or indirectly, under or pursuant to this Guarantee.

4.    Waiver of Subrogation.

The Guarantor waives any and all rights that the Guarantee may have with respect
to LBB as a result of making any payment under this Guarantee, including,
without limitation, any right of subrogation, set off or counterclaim. The
Guarantor understands and agrees that LBB shall have no obligations to it as a
result of any payment made under this Guarantee.

5.    Nature of Obligations, Non Performance; Waivers.

The obligations of the Guarantor under Section 3 of this Guarantee are continuing
and irrevocable and the Guarantor waives all other defenses to payment
hereunder. Without limiting the foregoing, the failure by LBB to perform its
obligations under any agreement or instrument under which it is a party or by
which it is bound or the bankruptcy of LBB shall not affect the Guarantor's
obligations under this Guarantee. The Guarantor waives any failure or delay on
the part of the Counterparty in asserting or enforcing any of its rights or making
any claims or demands under this Guarantee. The Guarantor acknowledges and
agrees that this Guarantee is one of payment and not of collection.

6.    Rank of Obligations.

The Guarantor warrants and agrees that the payment obligations of the Guarantor
that may arise under Section 3 of this Guarantee constitute irrevocable,
unconditional, unsecured and unsubordinated obligations of the Guarantor and
rank pari passu with all other unsecured and unsubordinated obligations of the
Guarantor.

7.    Reinstatement.

If any payment by LBB that would be an Obligation of the Guarantor if not for
such payment by LBB is voided (an "Avoidance Event") under any bankruptcy or
other insolvency-related law of any jurisdiction to which LBB may be or become
subject, and, as a result of such Avoidance Event, the applicable Counterparty (or
any assignee(s) or successor(s) in interest thereof) is required to return such
voided payment, or any portion of such voided payment (an "Avoided Payment"),
the Guarantor will pay the amount of the Avoided Payment out of funds of the
Guarantor within three business days of receipt by the Guarantor of a certified
copy of a final non-appealable order of a court or other governmental body having
jurisdiction, or such other written evidence as shall be reasonably acceptable to
the Guarantor, with respect to such Avoided Payment (specifying the amount and
required manner of repayment thereof), either (i) directly to such court or other
governmental body having jurisdiction or (ii) upon presentation of evidence

reasonably satisfactory to the Guarantor that the applicable Counterparty (or, if applicable, any assignee(s) or successor(s) in interest thereof) has repaid such amount in satisfaction of the legal requirements relating thereto, to such Counterparty (or, if applicable, any assignee(s) or successor(s) in interest thereof). This Guarantee, and the obligations of the Guarantor hereunder, shall be deemed reinstated if and to the extent required to give effect to the obligation of the Guarantor to pay any Avoided Payment in accordance with the preceding sentence.

8.    Termination; Amendment.

This Guarantee may be amended or terminated at any time by written amendment or agreement signed by all parties executing this Guarantee provided, however, that no such amendment may adversely affect the rights, whether absolute or contingent, of any Counterparty that shall have accrued or which may accrue under any agreement or instrument, other than any rights with respect to any Obligation agreed to after the date that Counterparty has received notice of such amendment; and provided further that no such termination shall be effective with respect to any agreement or instrument agreed to prior to Counterparty's receipt of notice of such termination until such time as all such Obligations theretofore agreed to or incurred by LBB shall either no longer be outstanding or be satisfied in full.

9.    Notices.

All notices or demands on the Guarantor shall be deemed effective when received, shall be in writing and shall be delivered by hand or by registered mail, or by facsimile transmission promptly confirmed by registered mail, addressed to the Guarantor at:

If to the Guarantor:    Lehman Brothers Holdings Inc.
                        745 Seventh Avenue
                        New York, NY 10019
                        Attention:    Corporate Counsel
                        Telephone:    (212) 526-0858
                        Facsimile:    (212) 520-0176

If to LBB:              Lehman Brothers Bankhaus A.G.
                        Rathenauplatz 1
                        D-60313, Frankfurt Am Main, Germany
                        Attention:    Legal Counsel
                        Telephone:    +49-69-15307-6401
                        Facsimile:    +49-69-15307-6499

Page 3 of 5

20. SEP. 2009 23:00    LEHMAN BROTHERS +49 69 153076499              NR. 987    S. 19

Any such notice or demand shall be deemed to have been received:

(a)    if sent by telefax, with a confirmed receipt of transmission from the receiving machine, on the day on which transmitted; and

(b)    in the case of a written notice given by hand or by courier, on the day of actual delivery.

10.    Assignment; Successors.

Neither this Guarantee nor any rights or obligations hereunder may be assigned, transferred or delegated to any other Person or entity, and any such assignment, transfer or delegation shall be null and void, provided however that any Counterparty may assign their rights and interest and obligations hereunder to an assignee or transferee to which they have transferred their interest and obligations under any agreement or instrument in which the Counterparty and Guarantor are parties pursuant to the provisions thereof. This Guarantee shall be binding upon the Guarantor and upon its successors.

11.    Withholding Taxes.

Any payments to a Counterparty under this Guarantee shall be free of all withholding, stamp and other taxes and other governmental charges of any nature whatsoever. If any withholding is required, the Guarantor will pay the same to the appropriate governmental body and pay such additional amount to the Counterparty which, after deduction of any withholding, stamp or other taxes or other governmental charge of any nature whatsoever imposed with respect to the payment of such additional amount, shall result in the Counterparty receiving an amount equal to the amount that otherwise would have been payable had there been no such withholding.

12.    Governing Law.

(a)    This Guarantee shall be governed and construed in accordance with the substantive law of the State of New York, without regard to conflicts of law principles.

(b)    The Guarantor irrevocably submits to the non-exclusive jurisdiction of the courts of New York City.

(c)    LBB irrevocably appoints LBHI in relation to proceedings in State of New York as its agent to receive service of any legal processes on its behalf in connection with this Guarantee without excluding any other means of service permitted by the law of the relevant jurisdiction.

20. SEP. 2008 23:00       LEHMAN BROT-ERS +49 69 153076499              NR. 907   S. 11

IN WITNESS WHEREOF, this Guarantee has been duly executed as of the date first above written.


LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name: Oliver Budde
Title: Vice President



LEHMAN BROTHERS BANKHAUS A.G.

By: _____          _____
Name: Helmut Olivier                          Frank Oliver Zeitz
Title: Member of the Managing Board            Prokurist


Page 5 of 5

*Attachment E*

12:30 30SEP08                    EUROFX/1                GE99604            EUROFX/SEP1
EuroFX: MEAN prices for SEP 2008              ***

| DAY | EURUSD | EURJPY | EURGBP | EURCHF | EURCAD | EURSEK | EURNOK | EURDKK | MTH |
|-----|--------|--------|--------|--------|--------|--------|--------|--------|-----|
| 01  | 1.4619 | 157.73 | 0.8111 | 1.6064 | 1.5566 | 9.4700 | 7.9650 | 7.4571 | SEP |
| 02  | 1.4494 | 157.67 | 0.8135 | 1.6100 | 1.5515 | 9.4566 | 7.9988 | 7.4575 | SEP |
| 03  | 1.4415 | 156.78 | 0.8135 | 1.6063 | 1.5532 | 9.4700 | 8.0068 | 7.4564 | SEP |
| 04  | 1.4470 | 156.84 | 0.8134 | 1.6029 | 1.5372 | 9.4868 | 8.0260 | 7.4560 | SEP |
| 05  | 1.4205 | 150.93 | 0.8076 | 1.5869 | 1.5146 | 9.4870 | 8.0030 | 7.4553 | SEP |
| 06  |        |        |        |        |        |        |        |        | SEP |
| 07  |        |        |        |        |        |        |        |        | SEP |
| 08  | 1.4221 | 154.76 | 0.8069 | 1.6054 | 1.5132 | 9.4578 | 7.9968 | 7.4566 | SEP |
| 09  | 1.4176 | 153.15 | 0.8031 | 1.6004 | 1.5044 | 9.4629 | 8.0139 | 7.4569 | SEP |
| 10  | 1.4096 | 151.38 | 0.8027 | 1.5963 | 1.5077 | 9.5150 | 8.0557 | 7.4572 | SEP |
| 11  | 1.3942 | 148.95 | 0.7964 | 1.5877 | 1.4981 | 9.5160 | 8.0957 | 7.4569 | SEP |
| 12  | 1.4094 | 151.34 | 0.7967 | 1.6019 | 1.5109 | 9.5154 | 8.1152 | 7.4561 | SEP |
| 13  |        |        |        |        |        |        |        |        | SEP |
| 14  |        |        |        |        |        |        |        |        | SEP |
| 15  | 1.4184 | 149.45 | 0.7927 | 1.5885 | 1.5234 | 9.5715 | 8.1815 | 7.4577 | SEP |
| 16  | 1.4172 | 147.65 | 0.7961 | 1.5782 | 1.5228 | 9.6515 | 8.2582 | 7.4586 | SEP |
| 17  | 1.4191 | 150.34 | 0.7944 | 1.5917 | 1.5114 | 9.6030 | 8.2699 | 7.4600 | SEP |
| 18  | 1.4490 | 151.61 | 0.7948 | 1.5846 | 1.5387 | 9.6012 | 8.3332 | 7.4600 | SEP |
| 19  | 1.4221 | 152.95 | 0.7907 | 1.5966 | 1.5161 | 9.5459 | 8.2624 | 7.4604 | SEP |

Deutsche Postbank International Luxemburg
Société Anonyme



# UNTERSCHRIFTENVERZEICHNIS

August 2009

# LIST OF AUTHORISED SIGNATORIES

August 2009

# LISTE DES SIGNATURES AUTORISEES

Août 2009

Deutsche Postbank International Luxemburg
Société Anonyme

 **Postbank**

Sehr geehrte Damen,
sehr geehrte Herren,

wir gestatten uns, Ihnen das Unterschriftenverzeichnis unserer Gesellschaft zu überreichen.
Zur rechtsverbindlichen Zeichnung sind jeweils zwei Unterschriften erforderlich.

Die rechtsverbindliche Zeichnung für die Deutsche Postbank International Luxemburg erfolgt mit zwei
Unterschriften der in diesem Verzeichnis aufgeführten Personen, wobei Personen mit B-Vollmacht nur
gemeinsam mit einer Person mit Vollmacht A zeichnen dürfen.

Abweichungen von dieser Regelung sind nur möglich, wenn auf dem verwendeten Vordruck ein
entsprechender Hinweis eingedruckt oder per EDV-Aufdruck angebracht ist.

Dieses Unterschriftenverzeichnis ist ab August 2009 gültig.

Luxemburg, August 2009

*******************************

Ladies an Gentlemen,

we are pleased to submit to you our List of Authorised Signatories. The corporation will be legally bound by
joint signatures of two officers.

Legal and binding signatures for Deutsche Postbank International Luxembourg can only be made by
signatories named in this list, whereby holders of a B-signature may only sign jointly with a person holding a
signature of category A.

Any deviations from these rules are only possible if a note to this effect is printed or displayed by EDP
imprint on the respective form.

The List of Authorised Signatories is valid as of August 2009.

Luxembourg, August 2009

*******************************

Mesdames, Messieurs,

Nous avons l´honneur de vous remettre notre liste des signatures autorisées. Notre société n´est
valablement engagée vis-à-vis des tiers que par deux signatures collectives.

Deux signatures des personnes dont les noms sont énumérés dans la présente liste sont requises pour
engager juridiquement la Deutsche Postbank International Luxembourg. Les mandataires de la catégorie B
ne peuvent signer que conjointement avec un membre de la catégorie A.

Aucune dérogation de ces règles n´est possible que si une mention à cet effet a été imprimée ou apportée
par ordinateur sur le formulaire respectif.

Cette liste des signatures autorisées est valide à partir de Août 2009.

Luxembourg, Août 2009

Deutsche Postbank International Luxemburg
Société Anonyme



Verwaltungsrat

Board of Directors

Conseil d` Administration

| Küpker, Horst<br>Vorsitzender | | A |
|---|---|---|
| Kauther, Dr. Ralf | | A |
| Meyer Dr., Michael | | A |
| Schmitz, Christoph | | A |

Deutsche Postbank International Luxemburg
Société Anonyme



Geschäftsleitung

Management

Gestion de direction

| Begas, Jochen | | A |
|---|---|---|
| Schmitz, Christoph | | A |
| Gansäuer, Tobias | | A |

Deutsche Postbank International Luxemburg
Société Anonyme



Mitarbeiter mit Unterschriftsvollmacht

Members with signature

Membres

| Brandt, Hubertus | | A |
|---|---|---|
| Craemer Dr., Margret | | A |
| Czogalla, Kerstin | | A |
| Dähmlow, Dominic | | A |
| Eppers, Irene | | A |
| Fuhs, Elmar | | A |
| Griebler, Bernd | | A |
| Große, Jürgen | | A |
| Großekathöfer Klaus | | A |
| Hahn-Teusch, Ute | | A |
| Laudwein, Peter | | A |
| Leuck, Frank | | A |

·Deutsche Postbank International Luxemburg
Société Anonyme

 **Postbank**

| Meyer, Jürgen | | A |
|---|---|---|
| Mittné, Winfried | | A |
| Pfleger, Thomas | | A |
| Reichert, Anke | | A |
| Ringler, Matthias | | A |
| Schaaf, Jean-Marie | | A |
| Schares, Stefan | | A |
| Schermuly, Ralf | | A |
| Schwarz, Dirk | | A |
| Steffen, Markus | | A |
| Ulrich, Joachim | | A |

Deutsche Postbank International Luxemburg
Société Anonyme



| Dahlke, Holger | | B |
|---|---|---|
| Demmeler, Anja | | B |
| Frischkemuth, Sandra | | B |
| Flassig, Tina | | B |
| Gerasch, Frank | | B |
| Gronimus, Thomas | | B |
| Halnais, Gilbert | | B |
| Hamel, Andreas | | B |
| Hermes, Achim | | B |
| Himmel, Cornelia | | B |
| Hörth, Günther | | B |
| Jerusalem, Wilhelm | | B |
| Kroll Kay-Michael | | B |
| Kühn, Diana | | B |

Deutsche Postbank International Luxemburg
Société Anonyme



| Lemm Esther | | B |
|---|---|---|
| Lutz Jürgen | | B |
| Maier, Jutta | | B |
| Masi, Giuliano | | B |
| Mielke, Maria | | B |
| Sartoris, Eugen | | B |
| Schaaf Marita | | B |
| Schaanning-Thielen, Florentine | | B |
| Scheuren, Elmar | | B |
| Schumacher, André | | B |
| Spanier, Julia | | B |
| Tarento, Elisabeth | | B |
| Truppel, Marion | | B |
| van Laarhoven, Lukas | | B |

Deutsche Postbank International Luxemburg
Société Anonyme



| Wagner, Christoph | | B |
|---|---|---|
| Wenzel, Michael | | B |
| Ziwes, Oliver | | B |

Deutsche Postbank International S.A., Luxemburg

 **Postbank**

**Epiq Bankruptcy Solutions, LLC**
Attn: Lehman Brothers Holdings
Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017
United States

| | |
|---|---|
| Our reference | Legal/JSP |
| Telephone | 00 352 / 34 95 31-205 |
| Date | 16 September 2009 |
| Subject | **Lehman Brothers Holdings Inc. (Case No. 08-13555) – Proof of Claim** |

Dear Sir or Madam,

Deutsche Postbank International S.A. has got a claim against Lehman Brohters Bankhaus AG, Frankfurt/Main, Germany, resulting from a terminated bonded loan contract. This claim is guaranteed by Lehman Brothers Holdings Inc. We therefore filed a proof of claim against Lehman Brothers Holdings Inc.

We hereby deliver the Proof of Claim Form and attach redacted copies of support-ing documents and will upload supporting documentation to http://lehman-claims.com until 22 October 2009.

If further documents are needed in order to substantiate the claim, we would kindly ask you to notify us accordingly.

Kind regards,

Deutsche Postbank International S.A.

Julia Spanier

Attachments
- Proof of Claim Form
- Attachment A (Summary and address for notices)
- Attachment B (Calculation)
- Summary for Attachments C, D, E
- Attachment C (Copy of Bonded Loan Indenture)
- Attachment D (Guarantee of LBHI)
- Attachment E (Screenshot Exchange Rate EUR/USD)
- List of Authorised Signatories of Deutsche Postbank International S.A.

Deutsche Postbank
International S.A., Luxembourg
PB Finance Center
18-20, Parc d' Activité Syrdall
L-5365 Munsbach

Telephone (0 03 52) 34 95 31-1

Postal Address
Deutsche Postbank International S.A.
L-2966 Luxemburg

Postbank Saarbrücken
Bank Code 590 100 66
Account No. 5380-663

Administrative Board: Horst Küpker, Vorsitzender
Managment:      Christoph Schmitz
                Jochen Begas
                Tobias Gansäuer

Deutsche Postbank International
Société Anonyme



**EXPRESS WORLDWIDE**

**DOX**

_DHL_

From DEUTSCHE POSTBANK INTERNATIONAL
Nathalie Antoë 349531313
PB Finance Center
18-20 Parc d'Activité Syrdall
5365 Munsbach
LU Luxembourg

Origin
**LUX**

To
Epiq Bankruptcy Solutions, LLC
Lehman Brothers Holdings
Claims Processing
757 Third Avenue, 3 rd Floor
**10017 New York New York**
**US United States of America**

Phone:
0000

**US-TSS-0A**

Day    Time

Ref code
Account No   367035687

Piece Weight: **0.5 kg**
Pickup date: 2009-09-16

Piece
**1/1**

Content / Commerce Control Statement / RC
Document
Service        : DDU
Imp/Exp Type : permanent

Customs Value :  0.00 EUR

WAYBILL 95 3414 3791

r2LlUS10017+42000000

(JJJD01 2011 1262 9090 4662

**RECEIVED**

SEP 17 2009