Hearing Date:  August 25, 2011, at 10:00 a.m.

David B. Shemano (DS 1224)
PEITZMAN, WEG & KEMPINSKY LLP
10100 Santa Monica Boulevard, Suite 1450
Los Angeles, CA 90067
Telephone: (310) 552-3100
Facsimile: (310) 552-3101

Attorneys for Cascade Investment, L.L.C.

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
|  | : |  |
| In re: | : | **Chapter 11 Case** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** | : | **Case No. 08-13555 (JMP)** |
| *et al.,* | : |  |
|  | : | **(Jointly Administered)** |
|  | : |  |
| Debtors | : |  |

-----------------------------------------------------------x

## LIMITED OBJECTION OF CASCADE INVESTMENT, L.L.C. TO DEBTORS' ONE HUNDRED SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Cascade Investment, L.L.C.  ("Cascade") hereby submits its limited objection to the Debtors' one hundred sixty-second omnibus objection to claims (the "Objection").

1.      As of September 2008, Cascade was the counterparty under three derivative, or "swap," transactions with Lehman Brothers Special Finance, Inc. ("LBSF"), which were governed by an ISDA Master Agreement.  LBSF's obligations under the ISDA Master Agreement were guaranteed by Lehman Brothers Holding, Inc. ("LBHI") pursuant to a separate guarantee.  As a consequence of the Debtors' bankruptcy filings, the transactions were terminated by Cascade.

2.      On September 21, 2009, Cascade filed a proof of claim against LBSF for the amount of $11,707,287.49, and a separate proof of claim against Lehman Brothers Holding, Inc.

("LBHI") for the same amount (collectively, the "Cascade Claims").  Copies of the proofs of claim are attached as Exhibits A and B, respectively.

3.      Pursuant to the Objection, the Debtors request an Order determining that the Cascade Claims are "Unsecured" in the amount of $11,493,489.50.

4.      The Debtors and Cascade have worked cooperatively to liquidate the amount of the Cascade Claims and Cascade does not object to entry of an Order determining that the Cascade Claims are in the amount of $11,493,489.50.  Furthermore, Cascade does not object to entry of an Order determining that the Cascade Claims are "Unsecured," provided the proposed reservation of rights language set forth below is included in the Order.

5.      Pursuant to the prepetition agreements between the parties, Cascade delivered to LBSF possession of and a security interest in a $6.3 million United States Treasury Bill (the "Treasury Bill") owned by Cascade to secure Cascade's obligations to LBSF under the agreements.  Notwithstanding that Cascade was entitled to return of the Treasury Bill prior to LBSF's bankruptcy filing, the Treasury Bill (or the proceeds thereof) has never been returned to Cascade.  The rights and claims of Cascade against the Debtors regarding the Treasury Bill remain unresolved.

6.      Paragraph 19 of Cascade's proofs of claim provides the following regarding the Treasury Bill:

> 19.      In filing this Proof of Claim, the Company does not waive or release any claim, right or cause of action to assert that any collateral pledged to LBSF pursuant to the Master Agreement or otherwise (including that certain $6,300,000 treasury bill CUSIP 912795H95), and any proceeds thereof, was and remains the property of the Company or to seek recovery of the same.  Moreover, nothing herein is an acknowledgement or admission by the Company that any such collateral (or proceeds thereof) was or is the property of LBSF or its affiliates or successors.

7.      Because the Treasury Bill secured the Debtors' claims against Cascade, and did not secure Cascade's claims against the Debtors, Cascade agrees that the Cascade Claims against the Debtors in the amount of $11,493,489.50, which amount is inclusive of Cascade's monetary

claim against the Debtors for the amount of the unreturned Treasury Bill, are properly characterized as "Unsecured" at this time.  However, Cascade's agreement that the Cascade Claims are "Unsecured" in the amount of $11,493,489.50 is not intended to waive, release or otherwise prejudice any rights and claims Cascade may have in the Treasury Bill itself (or the proceeds thereof), including the right to assert that the Treasury Bill (or the proceeds thereof) is Cascade's property that must be returned to Cascade and/or that the Debtors' failure postpetition to return the Treasury Bill (or the proceeds thereof) creates an administrative expense claim in favor of Cascade against the Debtors.[1]

8.      Therefore, Cascade requests that the following language be included in the Order granting the Objection:

> Nothing in this Order shall waive, release or otherwise prejudice any right or claim Cascade may have against the Debtors relating to any collateral pledged to the Debtors by Cascade, including that certain $6,300,000 treasury bill CUSIP 912795H95, and any proceeds thereof, including any right or claim that (a) such pledged collateral was and remains the property of Cascade and was not and is not the property of the Debtors, and (b) the failure of the Debtors' to return such pledged collateral postpetition creates an administrative expense claim in favor of Cascade against the Debtors.

Dated:  Los Angeles, California
        August 10, 2011                          PEITZMAN, WEG & KEMPINSKY LLP


                                                 By:    /s/ David B. Shemano
                                                        David B. Shemano
                                                        10100 Santa Monica Blvd., Ste. 1450
                                                        Los Angeles, CA 90067
                                                        (310) 552-3100

                                                 Attorneys for Cascade Investment, L.L.C.

---

[1] Cascade acknowledges that if it ever recovered some or all of the Treasury Bill, the proceeds thereof, or payment on account of an administrative expense claim, the allowed amount of the general unsecured claim would be correspondingly reduced.

# EXHIBIT A

| *United States Bankruptcy Court/Southern District of New York* | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Bros. Special Financing Inc. | 08-13888 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Cascade Investment, L.L.C.
2365 Carillon Point
Kirkland, WA 98033
Attn: General Counsel

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
   (If known)

Filed on: _____

Telephone number: (425) 889-7900     Email Address: legal@bgi-group.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____     Email Address: _____

**1. Amount of Claim as of Date Case Filed:** $ See Schedule A

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** ISDA Master Agreement as referenced in Schedule A
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 9140 ⊞
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____ Basis for perfection: _____
**Amount of Secured Claim:** $ _____   **Amount Unsecured:** $ _____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$ _____

**FOR COURT USE ONLY**

| **Date:** 9/18/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   Laurie Smiley   General Counsel |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | | |
|---|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), and any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re | ) Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | ) 08-13555 (JMP) |
| Debtors. | ) (Jointly Administered) |

---

**SCHEDULE A TO PROOF OF CLAIM OF
CASCADE INVESTMENT, L.L.C.**

The undersigned is an authorized signatory of Cascade Investment, L.L.C. (the "Company"), having an address at 2365 Carillon Point, Kirkland, WA 98033, and duly authorized to execute and file this claim on behalf of the Company (the "Claim"). In support of the Claim, the Company represents as follows:

**Background**

Master Agreement

    1. The Company and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border), dated as of December 9, 2002 (the "ISDA Agreement"), as amended and supplemented by schedules (the "Schedules", and collectively with the ISDA Agreement, the "Master Agreement").

    2. Lehman Brothers Holdings Inc. ("LBHI") provided a guarantee to the Company as credit support in connection with the Master Agreement (the "Guarantee"). Under the Guarantee, LBHI unconditionally guaranteed to the Company "the due and punctual payment of all amounts payable by [LBSF] under each Transaction when and as [LBSF's] obligations thereunder shall become due and payable in accordance with the terms of the [Master]

1

SCHEDULE A TO PROOF OF CLAIM

Agreement." Guarantee, ¶ (a). LBHI further agreed, "upon written demand by [the Company],

to pay or cause to be paid any such amounts punctually when and as the same shall become due

and payable." Id. The Guarantee is a guarantee of payment, not a guarantee of collection. Id., at

¶ (b).

Bankruptcy Cases

3. LBHI filed a petition under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court") on September 15, 2008 (the "Petition Date"). LBSF filed a

petition under chapter 11 of the Bankruptcy Code on October 3, 2008.

## Basis of Claim

4. Part 4(g) of the Schedules defines the "Credit Support Provider" under the Master

Agreement as LBHI. An event of default thus occurred under Section 5(a)(vii) of the Master

Agreement when LBHI filed a bankruptcy petition on the Petition Date.

5. Section 6(a) of the ISDA Agreement provides that if an event of default occurs, the

non-defaulting party may notify the defaulting party that it is terminating all outstanding

transactions. After the Petition Date, the Company sent LBSF a notice of early termination

designating September 15, 2008 as the "Early Termination Date" in respect of all outstanding

transactions under the Master Agreement (the "Early Termination Notice"). The Company

accordingly terminated all outstanding transactions under the Master Agreement as of the Early

Termination Date.

6. The Company sent LBSF a Statement of Calculations (the "Calculation Statements")

on September 17, 2008, notifying LBSF of the amount due to the Company under the Master

Agreement. As described in the Calculation Statement, LBSF was and remains indebted to the

SCHEDULE A TO PROOF OF CLAIM

Company under the Master Agreement in the total amount of $11,708,287.49 (the "Claim Amount").

7.    As of the date of the filing of this Claim, the Company has not received any payment on account of any portion of the Claim Amount from LBSF.  The Company accordingly asserts this Claim against LBSF under the Master Agreement for the full Claim Amount (in addition to asserting a similar claim under the Guarantees against LBHI, which claim is the subject of a separate proof of claim).

8.    The Claim is evidenced by various documents and instruments, including (without limitation) the Master Agreement, the Guarantee, the Early Termination Notice, and the Calculation Statement, all of which will be submitted with the Derivative Questionnaire and/or the Guarantee Questionnaire.  The Company reserves the right to attach, produce, and/or rely upon additional documents supporting its Claim or additional documents that may become available after further investigation or discovery.

9.    No judgment has been rendered on account of the Claim.

10.    The amounts of all payments on the Claim have been credited and deducted for the purpose of making this Claim.

11.    The Claim is filed as an unsecured claim.

12.    All notices and distributions in respect of the Claim should be forwarded to:

> Cascade Investment, L.L.C.
> 2365 Carillon Point
> Kirkland, WA 98033
> Attn:  General Counsel

13.    This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount which has become due or is to become due with respect to the transactions under the Master Agreement.  The provisions of the Guarantee and Master Agreement and transaction

SCHEDULE A TO PROOF OF CLAIM

documents are expressly incorporated herein by reference, whether or not summarized or identified specifically in this Proof of Claim.

14. The filing of this Proof of Claim is not and should not be construed to be a waiver of the right to claim interest in an amount to be proven.

15. The Company reserves all rights and remedies under the Guarantee and Master Agreement (including, but not limited to, its rights pursuant to Section 11 (Expenses) of the ISDA Agreement and any right of set-off and/or recoupment) and any other agreements between or among LBSF or LBHI and the Company and/or the Company's affiliates, or applicable law, and any failure of the Company to exercise remedies pursuant thereto shall not, and shall not be deemed to, waive, abandon, discontinue, or preclude the exercise of any of its respective rights, powers, privileges, or remedies thereunder or under applicable law, including without limitation any rights, powers, privileges, or remedies relating to other existing or future defaults or event of default thereunder.

16. The Company reserves the right to amend or supplement this Proof of Claim (and any related Derivatives Questionnaire or Guarantee Questionnaire) at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify, or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any unliquidated claim. The Company further reserves the right to assert additional claims with respect to other transactions and obligations.

17. In filing this Proof of Claim, the Company does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Guarantee and Master Agreement and transactions thereunder and as otherwise specified herein, and does not consent to the jurisdiction of this Court to adjudicate

SCHEDULE A TO PROOF OF CLAIM

any other matter relating to the Guarantee and Master Agreement and transactions thereunder or the rights and remedies of the Company.

18. This Proof of Claim is filed under the compulsion of the bar date established in this proceeding and is filed, among other reasons, to protect the Company from forfeiture of claims by reason of said bar date. Filing of this Proof of Claim is not and shall not be deemed or construed as a waiver or release of the Company's rights against any person, entity, or property (including, without limitation, any person, or entity that is or may become a debtor in a case pending in this Court) or any other right, remedy, claim, or defense of the Company whatsoever.

19. In filing this Proof of Claim, the Company does not waive or release any claim, right or cause of action to assert that any collateral pledged to LBSF pursuant to the Master Agreement or otherwise (including that certain $6,300,000 treasury bill CUSIP 912795H95), and any proceeds thereof, was and remains the property of the Company or to seek recovery of the same. Moreover, nothing herein is an acknowledgement or admission by the Company that any such collateral (or proceeds thereof) was or is the property of LBSF or its affiliates or successors.

[The remainder of this page is intentionally left blank.]

SCHEDULE A TO PROOF OF CLAIM

CASCADE INVESTMENT, L.L.C.

September 18, 2009

By:  Laurie Smiley
Title:  General Counsel

# EXHIBIT B

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Bros. Holdings  Inc. | 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000021730

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Cascade Investment, L.L.C.
2365 Carillon Point
Kirkland, WA 98033
Attn:  General Counsel

Telephone number:  (425) 889-7900   Email Address: legal@bgi-group.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
  *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

1. **Amount of Claim as of Date Case Filed:** $ See Schedule A _____

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee and ISDA Master Agreement as referenced in Schedule A
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 9140 _____
   3a. **Debtor may have scheduled account as:** _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

SEP 2 1 2009

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date: 9/18/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    Laurie Smiley   General Counsel |
|---|---|

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, exchange agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 Case No. |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) 08-13555 (JMP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**SCHEDULE A TO PROOF OF CLAIM OF
CASCADE INVESTMENT, L.L.C.**

The undersigned is an authorized signatory of Cascade Investment, L.L.C. (the "Company"), having an address at 2365 Carillon Point, Kirkland, WA 98033, and duly authorized to execute and file this claim on behalf of the Company (the "Claim"). In support of the Claim, the Company represents as follows:

**Background**

Master Agreement

1. The Company and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border), dated as of December 9, 2002 (the "ISDA Agreement"), as amended and supplemented by schedules (the "Schedules", and collectively with the ISDA Agreement, the "Master Agreement").

2. Lehman Brothers Holdings Inc. ("LBHI") provided a guarantee to the Company as credit support in connection with the Master Agreement (the "Guarantee"). Under the Guarantee, LBHI unconditionally guaranteed to the Company "the due and punctual payment of all amounts payable by [LBSF] under each Transaction when and as [LBSF's] obligations thereunder shall become due and payable in accordance with the terms of the [Master]

1

Agreement." Guarantee, ¶ (a). LBHI further agreed, "upon written demand by [the Company],

to pay or cause to be paid any such amounts punctually when and as the same shall become due

and payable." Id. The Guarantee is a guarantee of payment, not a guarantee of collection. Id., at

¶ (b).

Bankruptcy Cases

3. LBHI filed a petition under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court") on September 15, 2008 (the "Petition Date"). LBSF filed a

petition under chapter 11 of the Bankruptcy Code on October 3, 2008.

## Basis of Claim

4. Part 4(g) of the Schedules defines the "Credit Support Provider" under the Master

Agreement as LBHI. An event of default thus occurred under Section 5(a)(vii) of the Master

Agreement when LBHI filed a bankruptcy petition on the Petition Date.

5. Section 6(a) of the ISDA Agreement provides that if an event of default occurs, the

non-defaulting party may notify the defaulting party that it is terminating all outstanding

transactions. After the Petition Date, the Company sent LBSF a notice of early termination

designating September 15, 2008 as the "Early Termination Date" in respect of all outstanding

transactions under the Master Agreement (the "Early Termination Notice"). The Company

accordingly terminated all outstanding transactions under the Master Agreement as of the Early

Termination Date.

6. The Company sent LBSF a Statement of Calculations (the "Calculation Statements")

on September 17, 2008, notifying LBSF of the amount due to the Company under the Master

Agreement. As described in the Calculation Statement, LBSF was and remains indebted to the

SCHEDULE A TO PROOF OF CLAIM

Company under the Master Agreement in the total amount of $11,708,287.49 (the "Claim Amount").

7. As of the date of the filing of this Claim, the Company has not received any payment on account of any portion of the Claim Amount from LBSF. The Company accordingly asserts this Claim against LBHI under the Guarantee for the full Claim Amount (in addition to asserting a similar claim under the Master Agreement against LBSF, which claim is the subject of a separate proof of claim). LBHI is indebted to the Company for the entire Claim Amount pursuant to LBHI's unconditional guarantee to Company of "the due and punctual payment of all amounts payable by [LBSF] under each Transaction when and as [LBSF's] obligations thereunder shall become due and payable in accordance with the terms of the [Master] Agreement" Guarantee, ¶ (a) (emphasis added). Further, because the Guarantee is a guarantee of payment, not guarantees of collection, the Company is not required to take any action with respect to LBSF as a condition precedent to LBHI's obligation to pay the Claim Amount.

8. The Claim is evidenced by various documents and instruments, including (without limitation) the Master Agreement, the Guarantee, the Early Termination Notice, and the Calculation Statement, all of which will be submitted with the Derivative Questionnaire and/or the Guarantee Questionnaire. The Company reserves the right to attach, produce, and/or rely upon additional documents supporting its Claim or additional documents that may become available after further investigation or discovery.

9. No judgment has been rendered on account of the Claim.

10. The amounts of all payments on the Claim have been credited and deducted for the purpose of making this Claim.

11. The Claim is filed as an unsecured claim.

3

SCHEDULE A TO PROOF OF CLAIM

12. All notices and distributions in respect of the Claim should be forwarded to:

> Cascade Investment, L.L.C.
> 2365 Carillon Point
> Kirkland, WA 98033
> Attn: General Counsel

13. This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount which has become due or is to become due with respect to the transactions under the Master Agreement. The provisions of the Guarantee and Master Agreement and transaction documents are expressly incorporated herein by reference, whether or not summarized or identified specifically in this Proof of Claim.

14. The filing of this Proof of Claim is not and should not be construed to be a waiver of the right to claim interest in an amount to be proven.

15. The Company reserves all rights and remedies under the Guarantee and Master Agreement (including, but not limited to, its rights pursuant to Section 11 (Expenses) of the ISDA Agreement and any right of set-off and/or recoupment) and any other agreements between or among LBSF or LBHI and the Company and/or the Company's affiliates, or applicable law, and any failure of the Company to exercise remedies pursuant thereto shall not, and shall not be deemed to, waive, abandon, discontinue, or preclude the exercise of any of its respective rights, powers, privileges, or remedies thereunder or under applicable law, including without limitation any rights, powers, privileges, or remedies relating to other existing or future defaults or event of default thereunder.

16. The Company reserves the right to amend or supplement this Proof of Claim (and any related Derivatives Questionnaire or Guarantee Questionnaire) at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify, or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any

## SCHEDULE A TO PROOF OF CLAIM

unliquidated claim. The Company further reserves the right to assert additional claims with respect to other transactions and obligations.

17. In filing this Proof of Claim, the Company does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Guarantee and Master Agreement and transactions thereunder and as otherwise specified herein, and does not consent to the jurisdiction of this Court to adjudicate any other matter relating to the Guarantee and Master Agreement and transactions thereunder or the rights and remedies of the Company.

18. This Proof of Claim is filed under the compulsion of the bar date established in this proceeding and is filed, among other reasons, to protect the Company from forfeiture of claims by reason of said bar date. Filing of this Proof of Claim is not and shall not be deemed or construed as a waiver or release of the Company's rights against any person, entity, or property (including, without limitation, any person, or entity that is or may become a debtor in a case pending in this Court) or any other right, remedy, claim, or defense of the Company whatsoever.

19. In filing this Proof of Claim, the Company does not waive or release any claim, right or cause of action to assert that any collateral pledged to LBSF pursuant to the Master Agreement or otherwise (including that certain $6,300,000 treasury bill CUSIP 912795H95), and any proceeds thereof, was and remains the property of the Company or to seek recovery of the same. Moreover, nothing herein is an acknowledgement or admission by the Company that any such collateral (or proceeds thereof) was or is the property of LBSF or its affiliates or successors.


[The remainder of this page is intentionally left blank.]

SCHEDULE A TO PROOF OF CLAIM

CASCADE INVESTMENT, L.L.C.

September 18, 2009

By:  Laurie Smiley
Title:  General Counsel