Hearing date and time: August 25, 2011 at 10:00 a.m. (Eastern Time)
Response Deadline: August 10, 2011 at 4:00 p.m. (Eastern Time)

HARRIS BEACH PLLC
One Park Place, 4th Floor
300 South State Street
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331
David M. Capriotti

Attorneys for Claimants
F.F. Thompson Foundation Inc. and
Frederick Ferris Thompson Hospital

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :    08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al.,             :
                                                   :    (Jointly Administered)
                                        Debtors.   :
------------------------------------------------------------x

**RESPONSE TO DEBTORS' OBJECTION TO CLAIMS OF F.F. THOMPSON FOUNDATION INC. AND THE FREDERICK FERRIS THOMPSON HOSPITAL**

The F.F. Thompson Foundation Inc. and the Frederick Ferris Thompson Hospital (the "Claimants") through their counsel, Harris Beach PLLC, respectfully submit this Response to the Debtors' Objection to Allowance of Certain Claims Pursuant to 11 U.S.C. §502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure, and represent to the Court as follows:

1.   On or about July 11, 2011, the Debtors filed a One Hundred Sixty-Third Omnibus Objection to Claims (the "Objection"). In that Objection, the Debtors objected to the following claims:

(i)   F.F. Thompson Foundation Inc. Claim No. 14722; $508,639.58;

(ii)  F.F. Thompson Foundation Inc. Claim No. 14725; $508,639.58;

(iii)  Frederick Ferris Thompson Hospital Claim No. 14723; $508,639.58; and

(iv)  Frederick Ferris Thompson Hospital Claim No. 14724; $508,639.58; (collectively, the "Claims").

2.  In the Objection, the Debtors state that they "have examined the proofs of claim" and "have determined that the no liability derivative claims should be disallowed and expunged on the basis that they provide no basis of liability as to the Debtors". (See Objection at paragraphs 2 and 11.)

3.  The Debtors further state that they "developed and utilized a thorough multi-step process to review the claims" and have determined that they do not owe any of the Claimants money, and therefore request that the Court disallow and expunge the Claims.

4.  For the reasons that follow, the Debtors' Objection regarding the Claims should be denied in its entirety.

## BACKGROUND REGARDING THE CLAIMS

5.  Attached hereto as Exhibit "A" is a copy of the relevant sections of ISDA Master Agreement (the "Derivative Contract") and Guarantee (the "Guarantee") dated as of August 14, 2003 (collectively the "Agreements") that provide the underlying contractual basis for the Claims. The Derivative Contract was between the Fredrick Ferris Thompson Hospital and Lehman Brothers Special Financing Inc. The Derivative Contract was guaranteed by F.F. Thompson Foundation, Inc. (see Exhibit "E" of Derivative Contract). Thus, the Claimants are both entitled to file claims and receive distributions in these cases until the total amount due is paid in full.

6. Attached hereto as Exhibit "B" are the four proofs of claim timely filed by the Claimants (the "Claims") along with the documentation attached in support of the Claims. As can be seen from Exhibit "B," there is a Detailed Statement of Calculation attached to the Claims that clearly identifies how the amount of the Claims were determined.

## BURDEN OF PROOF

7. Pursuant to 11 U.S.C. §502, a proof of claim is deemed allowed unless a party in interest objects. Upon objection and after notice and a hearing, the court shall allow the claim except to the extent that the claim is unenforceable against the debtor. 11 U.S.C. §502(b)(1).

8. A proof of claim filed in accordance with the rules shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).

9. The burden of proof is on the objecting party to produce evidence sufficient to rebut the validity of the claim. This requires evidence "equivalent in probative value to that of the creditor to rebut the *prima facie* effect of the proof of claim." *In re VTN, Inc.*, 69 B.R. 1005 (Bankr. S.D. Fla. 1987), *citing In re DeLorean Motor Co. Litigation*, 59 B.R. 329 (Bankr. E.D. Mich. 1986).

10. The Debtors have not met their burden of proving that the Claims do not demonstrate any basis of liability as to the Debtors and have provided no documentation or argument to the Court to contradict the Claims as filed.

11. Accordingly, the Claims are entitled to *prima facie* validity.

12. In order to successfully object to a claim that is entitled to *prima facie* validity, the objecting party must introduce sufficient evidence to rebut the validity. In

order to rebut the *prima facie* validity of a claim, the objecting party must produce "evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim." *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985).

13.     Put another way, "the claimant will prevail unless the objecting party produces evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *In re Eads*, 417 B.R. 728, 746 (Bankr. E.D. Tex. 2009) (*citing Lundell v. Anchor Const. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1041 (9th Cir. 2000); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2nd Cir. BAP 2000)).

14.     Here, Debtor's have not produced even a scintilla of evidence to refute the evidence submitted in Claimants' claims.

15.     Rather, it is uncontroverted that the Claims were timely filed and provided detailed calculations of the damages resulting from the terminated Agreements. The Statement of Calculation attached to the Claims was prepared by Christopher J. Everett ("Everett") working with Claimants and Claimants' counsel, and outlined the process used to calculate the amount of the Claims. An Affidavit of Everett is being filed simultaneously herewith to further describe that process and is incorporated herewith (the "Everett Affidavit").

16.     As outlined in the Everett Affidavit, he has special knowledge in investment banking, derivative agreements and interest rate swaps. The process and formulas required to calculate the damages upon the termination of the Agreements were carefully followed in preparing the Claims. This evidence clearly demonstrates the Claims are entitled to *prima facie* validity.

17. As mentioned above, Debtors have wholly failed to provide any basis questioning the legal sufficiency or the computation of the Claims against the Debtors. The Debtors have not submitted any evidence to support the Objection sufficient to rebut the validity of the Claims. The Debtors have simply not sustained their burden of proof, having only provided conclusory statements to support their requests to expunge the claims.

18. The Claims are filed to recover the full liability of the Debtors under the Derivative Agreement and corresponding Guarantee.

19. If the Debtors had properly raised a dispute regarding the liability or amount of the Claims, those issues can be resolved by this Court after expert testimony and an evidentiary hearing. However, the Debtors have not even met their minimum evidentiary burden to rebut the validity of the Claims. As a result, their Objection should be overruled and denied in its entirety.

20. It should be noted that the Claimants have been involved in the Tier 2 alternative dispute resolution procedures pursuant to this Court's Order dated September 27, 2010. The Claimants have provided the Debtors with extensive information and verification of its calculations. To date, the Debtors have not provided Claimants with reliable information to dispute the amount of the Claims. The Debtors have instead chosen to move forward with the Objection to the Claims.

21. The Claimants remain ready and willing to engage in further discussions with the Debtors regarding the allowance of these Claims. In the alternative, the Claimants respectfully request that this Court conduct an evidentiary hearing to have the amount of the claims established.

22. Claimants recognize that the two (2) Claims filed in the Lehman Brothers Holding, Inc., case no. 08-13555, may appear to be duplicative of the Claims filed in the Lehman Brothers Special Financing Inc., case no. 08-13888. Clamaints recognize they may not be entitled to recover against both Debtors. Thus, once both Claims are properly allowed in the Lehman Brothers Special Financing case, the Claims filed in the main case of Lehman Brothers Holding, Inc. will be withdrawn.

23. Nothing contained herein shall be deemed to be a waiver by the Claimants of any rights they may have under applicable law and the Claimants reserve the right to amend and supplement this Response, and to object or otherwise respond to additional pleadings on any grounds outlined herein and any other grounds available.

WHEREFORE, Claimants respectfully request that the Court issue an Order denying the Claim Objections as set forth herein, and granting such other and further relief as to the Court may seem just and proper.

Dated: August ___, 2011
Syracuse, New York

_____
David M. Capriotti, Esq.
Lee E. Woodard, Esq.
HARRIS BEACH PLLC
One Park Place, 4th Floor
300 South State Street
Syracuse, New York 13202
Telephone: (315) 423-7100
Facsimile: (315) 422-9331

Attorneys for Claimants
F.F. Thompson Foundation Inc. and
Frederick Ferris Thompson Hospital