# EXHIBIT "B"

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

In Re:
Lehman Brothers Holdings Inc., et al.
Debtors.

Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

UNIQUE IDENTIFICATION NUMBER: 1000093509

Name of Debtor Against Which Claim is Held | Case No. of Debtor
Lehman Brothers Holdings Inc., et al. | 08-13555

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Program Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (CREDITOR-DBF,CREDNUM)CREDNUM # 1000093509*****
The F.F. Thompson Foundation, Inc.
ATTN:CHIEF FINANCIAL OFFICER
C/O FREDERICK FERRIS THOMPSON HOSPITAL
350 PARRISH STREET
CANANDAIGUA, NY 14424

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:
(If known)

Filed on: _____

Telephone number: (585)396-6280     mark.prunoske@thompsonhealth.org
Email Address:

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:     Email Address:

1. Amount of Claim as of Date Case Filed: $ $508,639.58
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Derivative Contract/ Guarantee
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 17 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date:
9/15/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Deborah K. Weymouth, FACHE,
Executive V.P. & Chief Operating Officer

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW). IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

# DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009

**INFORMATION**

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## RESERVATION OF RIGHTS

Claimant reserves its right to file an Amended Proof of Claim or Administrative Expense Claim setting forth the amount and classification of its claim, including additional accrued interest and attorneys fees and costs, or any other amounts recoverable under the applicable documents.

HARRIS BEACH PLLC
ATTORNEYS AT LAW

228787 1130950.1

## ANNEX D

## STATEMENT OF CALCULATION

1) On or about, September 14, 2008, Holdings filed a voluntary petition for Chapter 11 reorganization with the U.S. Bankruptcy Court for the Southern District of New York. As a result of an Event of Default with respect to Party A resulting from the above mentioned filings by Holdings, all derivatives transactions entered into by Party B with Party A were terminated as prescribed by the Agreement. Party B designated October 31, 2008, as the Early Termination Date.

2) Party B retained Cain Brothers to schedule a competitive bid process for a new interest rate swap to replace the Terminated Transaction with Party A.

3) The method of calculating damages under the Agreement is Second Method, Market Quotation. Thus, the amount payable with respect to the Early Termination Date is equal to the absolute value of (a) the sum of the Settlement Amount and the Unpaid Amounts owing to Party B less (b) the Unpaid Amounts owing to Party A.

4) To comply with the requirements of the Agreement, Party B sent bid requests, including the related Confirmation and ISDA documents, along with credit material to the following dealers, each of whom qualified under the definition of "Reference Market-maker" in Section 12 of the Agreement and the terms of Part 1(h) of the Schedule to the Agreement: Bank of America, Citigroup, Deutsche Bank, JPMorgan, Key Bank, Morgan Stanley, and Wells Fargo.

5) Seven bids were solicited and two bids were received. On October 31, 2008, Party B received actionable bids from Deutsche Bank and Morgan Stanley for the replacement of the Terminated Transaction. However, Morgan Stanley's bid was disregarded as a quotation as it removed the $1,000,000 cap on Party B's Credit Support Amount and therefore did not preserve the economics of the Terminated Transaction.

6) Because Party B did not receive three qualifying actionable bids for the replacement swap, a Market Quotation could not be determined. Therefore, under Section 12 of the Agreement, the Settlement Amount for the transaction is Party B's Loss, that is, the amount Party B determines in good faith to be its total losses and costs in connection with the termination, including the cost of reestablishing any hedge. Party B may determine its Loss by reference to quotations from one or more dealers.

7) Please see below for a summary of the one qualifying actionable quotation Party B received along with the accrued interest through October 31, 2008, the Early Termination Date.

| | |
|---|---|
| Deutsche Bank Bid (Payable to Party B) | $(103,000.00) |
| Plus:  Accrued Interest: | (11,433.80) |
| Total: | $(114,433.80) |

8) Party B declares the amount of the Deutsche Bank response to be a fair reflection of market value on the Early Termination Date. Accordingly, in accordance with the terms of the Agreement, Party B has calculated the Loss (without reference to Unpaid Amounts) to be $(114,433.80).

9) Pursuant to Section 2(a)(iii) of the Agreement, Party B withheld its October 3, 2008 payment amount of $18,880.07. This amount equals an Unpaid Amount to Party A.

10) The Payment on Early Termination payable by Party B to Party A is $133,313.87 calculated as:

| | |
|---|---|
| Loss Amount | $(114,433.80) |
| Plus: Unpaid Amount owing to Party B | 0.00 |
| Less: Unpaid Amount owing to Party A | 18,880.07 |
| Payment on Early Termination | $(133,313.87) |

11) Pursuant to Sections 6(e) and 9 of the Agreement, Party B estimates that its legal fees incurred by reason of the Event of Default and termination of the Transaction ("Reimbursable Expenses) will be $5,000.00. The Net Amount Payable is therefore $128,313.87, calculated as:

| | |
|---|---|
| Payment on Early Termination | $133,313.87 |
| Less: Reimbursable Expenses | 5,000.00 |
| Net Amount Payable: | $128,313.87 |

12) Pursuant to Section 6(d)(ii) the Net Amount Payable, together with interest thereon from (and including) the Early Termination Date to (but excluding) the date such amount is paid, is due on the effective date of this notice. Such interest amount is calculated at the Default Rate, which is defined as USD LIBOR-BBA (with a Designated Maturity of one month) plus 1.00%. Such interest will be calculated on the basis of daily compounding and the actual number of days elapsed. In accordance with these provisions, and based on a payment date of November 7, 2008, Party B has calculated the total Balance Owing payable by Party B to Party A, including interest, as $128,394.53.

| Date | Beginning Balance | Default Rate | Ending Balance |
|---|---|---|---|
| 10/31/2008 | $128,313.87 | 3.58125% | $128,326.43 |
| 11/1/2008 | $128,326.43 | 3.58125% | $128,338.98 |
| 11/2/2008 | $128,338.98 | 3.58125% | $128,351.54 |
| 11/3/2008 | $128,351.54 | 3.35750% | $128,363.31 |
| 11/4/2008 | $128,363.31 | 3.17750% | $128,374.46 |
| 11/5/2008 | $128,374.46 | 2.95625% | $128,384.83 |
| 11/6/2008 | $128,384.83 | 2.76750% | $128,394.53 |

13) As of the date of this notice, Party A had failed to transfer the following Posted Collateral and Interest Amount to Party B as prescribed under Paragraph 8(b)(iii) of the Agreement (the "Collateral"):

| CUSIP | Description | Coupon | Maturity Date | Quantity | Principal Value | Accrued Interest | Cash Equivalent Value |
|---|---|---|---|---|---|---|---|
| 912810DX3 | US Treasury | 7.500% | 11/15/2016 | 50,000 | $60,720.42 | $1,752.72 | $62,473.14 |
| 9128276J6 | US Treasury | 5.750% | 8/15/2010 | 50,000 | 53,867.33 | 625.00 | 54,492.33 |
| 9128276T4 | US Treasury | 5.000% | 2/15/2011 | 50,000 | 54,078.21 | 543.48 | 54,621.69 |
| 9128277L0 | US Treasury | 4.875% | 2/15/2012 | 20,000 | 21,915.72 | 211.96 | 22,127.68 |
| 912828BH2 | US Treasury | 4.250% | 8/15/2013 | 35,000 | 37,510.18 | 323.37 | 37,833.55 |
| 9128275G3 | US Treasury | 5.500% | 5/15/2009 | 130,000 | 132,965.34 | 3,341.85 | 136,307.19 |
| | US Dollars | | | 268,782 | 268,782.00 | 396.53 | 269,178.53 |
| Total | | | | | $629,839.20 | $7,194.91 | $637,034.11 |

14)    Pursuant to Paragraph 8(b)(iv)(A) of Exhibit G of the Schedule of the Agreement, Party B hereby elects to set-off the Balance Owing against the Collateral resulting in a Net Balance Owing of $0.00 and a remaining Collateral amount of $508,649.28 (the "Remaining Collateral"), calculated as:

| | |
|---|---|
| Collateral | $637,034.11 |
| Less: Balance Owing to Party A | 128,394.53 |
| Remaining Collateral: | $508,639.58 |

15)    The Remaining Collateral is hereby identified as follows:

| CUSIP | Description | Coupon | Maturity Date | Quantity | Principal Value | Accrued Interest | Cash Equivalent Value |
|---|---|---|---|---|---|---|---|
| 912810DX3 | US Treasury | 7.500% | 11/15/2016 | 50,000 | $60,720.42 | $1,752.72 | $62,473.14 |
| 9128276J6 | US Treasury | 5.750% | 8/15/2010 | 50,000 | 53,867.33 | 625.00 | 54,492.33 |
| 9128276T4 | US Treasury | 5.000% | 2/15/2011 | 50,000 | 54,078.21 | 543.48 | 54,621.69 |
| 9128277L0 | US Treasury | 4.875% | 2/15/2012 | 20,000 | 21,915.72 | 211.96 | 22,127.68 |
| 912828BH2 | US Treasury | 4.250% | 8/15/2013 | 35,000 | 37,510.18 | 323.37 | 37,833.55 |
| 9128275G3 | US Treasury | 5.500% | 5/15/2009 | 130,000 | 132,965.34 | 3,341.85 | 136,307.19 |
| | US Dollars | | | 140,784 | 140,784.00 | 0.00 | 140,784.00 |
| Total | | | | | $501,841.20 | $6,798.38 | $508,639.58 |

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center | | |

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al.<br>Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Special Financing Inc. | 08-13888 |

UNIQUE IDENTIFICATION NUMBER: 1000093509

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Program Securities (See definition on reverse side).

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000093509******
The Frederick Ferris Thompson Hospital
ATTN:CHIEF FINANCIAL OFFICER
C/O FREDERICK FERRIS THOMPSON HOSPITAL
350 PARRISH STREET
CANANDAIGUA, NY 14424

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: (585)396-6280    Email Address: mark.prunoske@thompsonhealth.org

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____    Email Address: _____

**1.** Amount of Claim as of Date Case Filed: $ $508,639.58

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.** Basis for Claim: Derivative Contract
(See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

**4.** Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

Describe: _____

Value of Property: $ _____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

**6.** Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _____
(See instruction #6 on reverse side.)

**7.** Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8.** Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: _____

**5.** Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 17 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/15/09   Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Deborah K. Weymouth, FACHE,
Executive V.P. & Chief Operating Officer

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2, Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## ___DEFINITIONS___

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc. Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## ___INFORMATION___

**Acknowledgment of Filling of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## RESERVATION OF RIGHTS

Claimant reserves its right to file an Amended Proof of Claim or Administrative Expense Claim setting forth the amount and classification of its claim, including additional accrued interest and attorneys fees and costs, or any other amounts recoverable under the applicable documents.

## ANNEX D

### STATEMENT OF CALCULATION

1) On or about, September 14, 2008, Holdings filed a voluntary petition for Chapter 11 reorganization with the U.S. Bankruptcy Court for the Southern District of New York. As a result of an Event of Default with respect to Party A resulting from the above mentioned filings by Holdings, all derivatives transactions entered into by Party B with Party A were terminated as prescribed by the Agreement. Party B designated October 31, 2008, as the Early Termination Date.

2) Party B retained Cain Brothers to schedule a competitive bid process for a new interest rate swap to replace the Terminated Transaction with Party A.

3) The method of calculating damages under the Agreement is Second Method, Market Quotation. Thus, the amount payable with respect to the Early Termination Date is equal to the absolute value of (a) the sum of the Settlement Amount and the Unpaid Amounts owing to Party B less (b) the Unpaid Amounts owing to Party A.

4) To comply with the requirements of the Agreement, Party B sent bid requests, including the related Confirmation and ISDA documents, along with credit material to the following dealers, each of whom qualified under the definition of "Reference Market-maker" in Section 12 of the Agreement and the terms of Part 1(h) of the Schedule to the Agreement: Bank of America, Citigroup, Deutsche Bank, JPMorgan, Key Bank, Morgan Stanley, and Wells Fargo.

5) Seven bids were solicited and two bids were received. On October 31, 2008, Party B received actionable bids from Deutsche Bank and Morgan Stanley for the replacement of the Terminated Transaction. However, Morgan Stanley's bid was disregarded as a quotation as it removed the $1,000,000 cap on Party B's Credit Support Amount and therefore did not preserve the economics of the Terminated Transaction.

6) Because Party B did not receive three qualifying actionable bids for the replacement swap, a Market Quotation could not be determined. Therefore, under Section 12 of the Agreement, the Settlement Amount for the transaction is Party B's Loss, that is, the amount Party B determines in good faith to be its total losses and costs in connection with the termination, including the cost of reestablishing any hedge. Party B may determine its Loss by reference to quotations from one or more dealers.

7) Please see below for a summary of the one qualifying actionable quotation Party B received along with the accrued interest through October 31, 2008, the Early Termination Date.

| | |
|---|---|
| Deutsche Bank Bid (Payable to Party B) | $(103,000.00) |
| Plus:  Accrued Interest: | (11,433.80) |
| Total: | $(114,433.80) |

8) Party B declares the amount of the Deutsche Bank response to be a fair reflection of market value on the Early Termination Date. Accordingly, in accordance with the terms of the Agreement, Party B has calculated the Loss (without reference to Unpaid Amounts) to be $(114,433.80).

9) Pursuant to Section 2(a)(iii) of the Agreement, Party B withheld its October 3, 2008 payment amount of $18,880.07. This amount equals an Unpaid Amount to Party A.

10) The Payment on Early Termination payable by Party B to Party A is $133,313.87 calculated as:

| | |
|---|---|
| Loss Amount | $(114,433.80) |
| Plus: Unpaid Amount owing to Party B | 0.00 |
| Less: Unpaid Amount owing to Party A | 18,880.07 |
| Payment on Early Termination | $(133,313.87) |

11) Pursuant to Sections 6(e) and 9 of the Agreement, Party B estimates that its legal fees incurred by reason of the Event of Default and termination of the Transaction ("Reimbursable Expenses) will be $5,000.00. The Net Amount Payable is therefore $128,313.87, calculated as:

| | |
|---|---|
| Payment on Early Termination | $133,313.87 |
| Less: Reimbursable Expenses | 5,000.00 |
| Net Amount Payable: | $128,313.87 |

12) Pursuant to Section 6(d)(ii) the Net Amount Payable, together with interest thereon from (and including) the Early Termination Date to (but excluding) the date such amount is paid, is due on the effective date of this notice. Such interest amount is calculated at the Default Rate, which is defined as USD LIBOR-BBA (with a Designated Maturity of one month) plus 1.00%. Such interest will be calculated on the basis of daily compounding and the actual number of days elapsed. In accordance with these provisions, and based on a payment date of November 7, 2008, Party B has calculated the total Balance Owing payable by Party B to Party A, including interest, as $128,394.53.

| Date | Beginning Balance | Default Rate | Ending Balance |
|---|---|---|---|
| 10/31/2008 | $128,313.87 | 3.58125% | $128,326.43 |
| 11/1/2008 | $128,326.43 | 3.58125% | $128,338.98 |
| 11/2/2008 | $128,338.98 | 3.58125% | $128,351.54 |
| 11/3/2008 | $128,351.54 | 3.35750% | $128,363.31 |
| 11/4/2008 | $128,363.31 | 3.17750% | $128,374.46 |
| 11/5/2008 | $128,374.46 | 2.95625% | $128,384.83 |
| 11/6/2008 | $128,384.83 | 2.76750% | $128,394.53 |

13) As of the date of this notice, Party A had failed to transfer the following Posted Collateral and Interest Amount to Party B as prescribed under Paragraph 8(b)(iii) of the Agreement (the "Collateral"):

| CUSIP | Description | Coupon | Maturity Date | Quantity | Principal Value | Accrued Interest | Cash Equivalent Value |
|---|---|---|---|---|---|---|---|
| 912810DX3 | US Treasury | 7.500% | 11/15/2016 | 50,000 | $60,720.42 | $1,752.72 | $62,473.14 |
| 912827GJ6 | US Treasury | 5.750% | 8/15/2010 | 50,000 | 53,867.33 | 625.00 | 54,492.33 |
| 9128276T4 | US Treasury | 5.000% | 2/15/2011 | 50,000 | 54,078.21 | 543.48 | 54,621.69 |
| 9128277L0 | US Treasury | 4.875% | 2/15/2012 | 20,000 | 21,915.72 | 211.96 | 22,127.68 |
| 912828BH2 | US Treasury | 4.250% | 8/15/2013 | 35,000 | 37,510.18 | 323.37 | 37,833.55 |
| 9128275O3 | US Treasury | 5.500% | 5/15/2009 | 130,000 | 132,965.34 | 3,341.85 | 136,307.19 |
| | US Dollars | | | 268,782 | 268,782.00 | 396.53 | 269,178.53 |
| Total | | | | | $629,839.20 | $7,194.91 | $637,034.11 |

14) Pursuant to Paragraph 8(b)(iv)(A) of Exhibit G of the Schedule of the Agreement, Party B hereby elects to set-off the Balance Owing against the Collateral resulting in a Net Balance Owing of $0.00 and a remaining Collateral amount of $508,649.28 (the "Remaining Collateral"), calculated as:

| | |
|---|---|
| Collateral | $637,034.11 |
| Less: Balance Owing to Party A | 128,394.53 |
| Remaining Collateral: | $508,639.58 |

15) The Remaining Collateral is hereby identified as follows:

| CUSIP | Description | Coupon | Maturity Date | Quantity | Principal Value | Accrued Interest | Cash Equivalent Value |
|---|---|---|---|---|---|---|---|
| 912810DX3 | US Treasury | 7.500% | 11/15/2016 | 50,000 | $60,720.42 | $1,752.72 | $62,473.14 |
| 9128276J6 | US Treasury | 5.750% | 8/15/2010 | 50,000 | 53,867.33 | 625.00 | 54,492.33 |
| 9128276T4 | US Treasury | 5.000% | 2/15/2011 | 50,000 | 54,078.21 | 543.48 | 54,621.69 |
| 9128277L0 | US Treasury | 4.875% | 2/15/2012 | 20,000 | 21,915.72 | 211.96 | 22,127.68 |
| 912828BH2 | US Treasury | 4.250% | 8/15/2013 | 35,000 | 37,510.18 | 323.37 | 37,833.55 |
| 9128275G3 | US Treasury | 5.500% | 5/15/2009 | 130,000 | 132,965.34 | 3,341.85 | 136,307.19 |
| | US Dollars | | | 140,784 | 140,784.00 | 0.00 | 140,784.00 |
| Total | | | | | $501,841.20 | $6,798.38 | $508,639.58 |

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 1000093509 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holding Inc., et al. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities. (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (CREDITOR.DBF,CREDNUM) CREDNUM # 1000093509*****
The Frederick Ferris Thompson Hospital
ATTN:CHIEF FINANCIAL OFFICER
C/O FREDERICK FERRIS THOMPSON HOSPITAL
350 PARRISH STREET
CANANDAIGUA, NY 14424

mark.prunoske@thompsonhealth.org

Telephone number: (585)396-6280   Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (If different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____   Email Address: _____

1. Amount of Claim as of Date Case Filed: $ **$508,639.58** _____
If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☒ Check this box if this claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. Basis for Claim: **Derivative Contract** _____
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(c). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**SEP 17 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date:<br>9/15/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Deborah K. Weymouth, FACHE,<br>Executive V.P. & Chief Operating Officer |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW). IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Holdings N.V. and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Program Securities**
Lehman Program Securities means those securities included on the Lehman Program Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## RESERVATION OF RIGHTS

Claimant reserves its right to file an Amended Proof of Claim or Administrative Expense Claim setting forth the amount and classification of its claim, including additional accrued interest and attorneys fees and costs, or any other amounts recoverable under the applicable documents.

## ANNEX D

## STATEMENT OF CALCULATION

1) On or about, September 14, 2008, Holdings filed a voluntary petition for Chapter 11 reorganization with the U.S. Bankruptcy Court for the Southern District of New York. As a result of an Event of Default with respect to Party A resulting from the above mentioned filings by Holdings, all derivatives transactions entered into by Party B with Party A were terminated as prescribed by the Agreement. Party B designated October 31, 2008, as the Early Termination Date.

2) Party B retained Cain Brothers to schedule a competitive bid process for a new interest rate swap to replace the Terminated Transaction with Party A.

3) The method of calculating damages under the Agreement is Second Method, Market Quotation. Thus, the amount payable with respect to the Early Termination Date is equal to the absolute value of (a) the sum of the Settlement Amount and the Unpaid Amounts owing to Party B less (b) the Unpaid Amounts owing to Party A.

4) To comply with the requirements of the Agreement, Party B sent bid requests, including the related Confirmation and ISDA documents, along with credit material to the following dealers, each of whom qualified under the definition of "Reference Market-maker" in Section 12 of the Agreement and the terms of Part 1(h) of the Schedule to the Agreement: Bank of America, Citigroup, Deutsche Bank, JPMorgan, Key Bank, Morgan Stanley, and Wells Fargo.

5) Seven bids were solicited and two bids were received. On October 31, 2008, Party B received actionable bids from Deutsche Bank and Morgan Stanley for the replacement of the Terminated Transaction. However, Morgan Stanley's bid was disregarded as a quotation as it removed the $1,000,000 cap on Party B's Credit Support Amount and therefore did not preserve the economics of the Terminated Transaction.

6) Because Party B did not receive three qualifying actionable bids for the replacement swap, a Market Quotation could not be determined. Therefore, under Section 12 of the Agreement, the Settlement Amount for the transaction is Party B's Loss, that is, the amount Party B determines in good faith to be its total losses and costs in connection with the termination, including the cost of reestablishing any hedge. Party B may determine its Loss by reference to quotations from one or more dealers.

7) Please see below for a summary of the one qualifying actionable quotation Party B received along with the accrued interest through October 31, 2008, the Early Termination Date.

| | |
|---|---|
| Deutsche Bank Bid (Payable to Party B) | $(103,000.00) |
| Plus: Accrued Interest: | (11,433.80) |
| Total: | $(114,433.80) |

8) Party B declares the amount of the Deutsche Bank response to be a fair reflection of market value on the Early Termination Date. Accordingly, in accordance with the terms of the Agreement, Party B has calculated the Loss (without reference to Unpaid Amounts) to be $(114,433.80).

9) Pursuant to Section 2(a)(iii) of the Agreement, Party B withheld its October 3, 2008 payment amount of $18,880.07. This amount equals an Unpaid Amount to Party A.

10)    The Payment on Early Termination payable by Party B to Party A is $133,313.87 calculated as:

| | |
|---|---|
| Loss Amount | $(114,433.80) |
| Plus:  Unpaid Amount owing to Party B | 0.00 |
| Less:  Unpaid Amount owing to Party A | 18,880.07 |
| Payment on Early Termination | $(133,313.87) |

11)    Pursuant to Sections 6(e) and 9 of the Agreement, Party B estimates that its legal fees incurred by reason of the Event of Default and termination of the Transaction ("Reimbursable Expenses) will be $5,000.00. The Net Amount Payable is therefore $128,313.87, calculated as:

| | |
|---|---|
| Payment on Early Termination | $133,313.87 |
| Less:  Reimbursable Expenses | 5,000.00 |
| Net Amount Payable: | $128,313.87 |

12)    Pursuant to Section 6(d)(ii) the Net Amount Payable, together with interest thereon from (and including) the Early Termination Date to (but excluding) the date such amount is paid, is due on the effective date of this notice.  Such interest amount is calculated at the Default Rate, which is defined as USD LIBOR-BBA (with a Designated Maturity of one month) plus 1.00%.  Such interest will be calculated on the basis of daily compounding and the actual number of days elapsed.  In accordance with these provisions, and based on a payment date of November 7, 2008, Party B has calculated the total Balance Owing payable by Party B to Party A, including interest, as $128,394.53.

| Date | Beginning Balance | Default Rate | Ending Balance |
|---|---|---|---|
| 10/31/2008 | $128,313.87 | 3.58125% | $128,326.43 |
| 11/1/2008 | $128,326.43 | 3.58125% | $128,338.98 |
| 11/2/2008 | $128,338.98 | 3.58125% | $128,351.54 |
| 11/3/2008 | $128,351.54 | 3.35750% | $128,363.31 |
| 11/4/2008 | $128,363.31 | 3.17750% | $128,374.46 |
| 11/5/2008 | $128,374.46 | 2.95625% | $128,384.83 |
| 11/6/2008 | $128,384.83 | 2.76750% | $128,394.53 |

13)    As of the date of this notice, Party A had failed to transfer the following Posted Collateral and Interest Amount to Party B as prescribed under Paragraph 8(b)(iii) of the Agreement (the "Collateral"):

| CUSIP | Description | Coupon | Maturity Date | Quantity | Principal Value | Accrued Interest | Cash Equivalent Value |
|---|---|---|---|---|---|---|---|
| 912810DX3 | US Treasury | 7.500% | 11/15/2016 | 50,000 | $60,720.42 | $1,752.72 | $62,473.14 |
| 9128276J6 | US Treasury | 5.750% | 8/15/2010 | 50,000 | 53,867.33 | 625.00 | 54,492.33 |
| 9128276T4 | US Treasury | 5.000% | 2/15/2011 | 50,000 | 54,078.21 | 543.48 | 54,621.69 |
| 9128277L0 | US Treasury | 4.875% | 2/15/2012 | 20,000 | 21,915.72 | 211.96 | 22,127.68 |
| 91282BBH2 | US Treasury | 4.250% | 8/15/2013 | 35,000 | 37,510.18 | 323.37 | 37,833.55 |
| 912827503 | US Treasury | 5.500% | 5/15/2009 | 130,000 | 132,965.34 | 3,341.85 | 136,307.19 |
| | US Dollars | | | 268,782 | 268,782.00 | 396.53 | 269,178.53 |
| Total | | | | | $629,839.20 | $7,194.91 | $637,034.11 |

14)    Pursuant to Paragraph 8(b)(iv)(A) of Exhibit G of the Schedule of the Agreement, Party B hereby elects to set-off the Balance Owing against the Collateral resulting in a Net Balance Owing of $0.00 and a remaining Collateral amount of $508,649.28 (the "Remaining Collateral"), calculated as:

|  |  |
|---|---|
| Collateral | $637,034.11 |
| Less: Balance Owing to Party A | 128,394.53 |
| Remaining Collateral: | $508,639.58 |

15)    The Remaining Collateral is hereby identified as follows:

| CUSIP | Description | Coupon | Maturity Date | Quantity | Principal Value | Accrued Interest | Cash Equivalent Value |
|---|---|---|---|---|---|---|---|
| 912810DX3 | US Treasury | 7.500% | 11/15/2016 | 50,000 | $60,720.42 | $1,752.72 | $62,473.14 |
| 9128276J6 | US Treasury | 5.750% | 8/15/2010 | 50,000 | 53,867.33 | 625.00 | 54,492.33 |
| 9128276T4 | US Treasury | 5.000% | 2/15/2011 | 50,000 | 54,078.21 | 543.48 | 54,621.69 |
| 9128277L0 | US Treasury | 4.875% | 2/15/2012 | 20,000 | 21,915.72 | 211.96 | 22,127.68 |
| 912828BH2 | US Treasury | 4.250% | 8/15/2013 | 35,000 | 37,510.18 | 323.37 | 37,833.55 |
| 9128275G3 | US Treasury | 5.500% | 5/15/2009 | 130,000 | 132,965.34 | 3,341.85 | 136,307.19 |
|  | US Dollars |  |  | 140,784 | 140,784.00 | 0.00 | 140,784.00 |
| Total |  |  |  |  | $501,841.20 | $6,798.38 | $508,639.58 |

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 | |
|---|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) | |
| Debtors. | (Jointly Administered) | |

**UNIQUE IDENTIFICATION NUMBER: 1000093509**

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Brothers Special Financing Inc. | 08-13888 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side).

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000093509******
The F.F. Thompson Foundation, Inc.
ATTN:CHIEF FINANCIAL OFFICER
C/O FREDERICK FERRIS THOMPSON HOSPITAL
350 PARRISH STREET
CANANDAIGUA, NY 14424

mark.prunoske@thompsonhealth.org

Telephone number: (585)396-6280   Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:   Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.  Amount of Claim as of Date Case Filed:** $ _508,639.58_

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

**2.  Basis for Claim:**   Derivative Contract/ Guarantee
(See instruction #2 on reverse side.)

**3.  Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4.  Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

**5.  Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

**6.  Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7.  Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**8.  Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 17 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/15/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Deborah K. Weymouth, FACHE,
Executive V.P. & Chief Operating Officer

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Brothers Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## ___DEFINITIONS___

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Inc. Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Bankhaus N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## ___INFORMATION___

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## RESERVATION OF RIGHTS

Claimant reserves its right to file an Amended Proof of Claim or Administrative Expense Claim setting forth the amount and classification of its claim, including additional accrued interest and attorneys fees and costs, or any other amounts recoverable under the applicable documents.

**ANNEX D**

**STATEMENT OF CALCULATION**

1) On or about, September 14, 2008, Holdings filed a voluntary petition for Chapter 11 reorganization with the U.S. Bankruptcy Court for the Southern District of New York. As a result of an Event of Default with respect to Party A resulting from the above mentioned filings by Holdings, all derivatives transactions entered into by Party B with Party A were terminated as prescribed by the Agreement. Party B designated October 31, 2008, as the Early Termination Date.

2) Party B retained Cain Brothers to schedule a competitive bid process for a new interest rate swap to replace the Terminated Transaction with Party A.

3) The method of calculating damages under the Agreement is Second Method, Market Quotation. Thus, the amount payable with respect to the Early Termination Date is equal to the absolute value of (a) the sum of the Settlement Amount and the Unpaid Amounts owing to Party B less (b) the Unpaid Amounts owing to Party A.

4) To comply with the requirements of the Agreement, Party B sent bid requests, including the related Confirmation and ISDA documents, along with credit material to the following dealers, each of whom qualified under the definition of "Reference Market-maker" in Section 12 of the Agreement and the terms of Part 1(h) of the Schedule to the Agreement: Bank of America, Citigroup, Deutsche Bank, JPMorgan, Key Bank, Morgan Stanley, and Wells Fargo.

5) Seven bids were solicited and two bids were received. On October 31, 2008, Party B received actionable bids from Deutsche Bank and Morgan Stanley for the replacement of the Terminated Transaction. However, Morgan Stanley's bid was disregarded as a quotation as it removed the $1,000,000 cap on Party B's Credit Support Amount and therefore did not preserve the economics of the Terminated Transaction.

6) Because Party B did not receive three qualifying actionable bids for the replacement swap, a Market Quotation could not be determined. Therefore, under Section 12 of the Agreement, the Settlement Amount for the transaction is Party B's Loss, that is, the amount Party B determines in good faith to be its total losses and costs in connection with the termination, including the cost of reestablishing any hedge. Party B may determine its Loss by reference to quotations from one or more dealers.

7) Please see below for a summary of the one qualifying actionable quotation Party B received along with the accrued interest through October 31, 2008, the Early Termination Date.

| | |
|---|---|
| Deutsche Bank Bid (Payable to Party B) | $(103,000.00) |
| Plus: Accrued Interest: | (11,433.80) |
| Total: | $(114,433.80) |

8) Party B declares the amount of the Deutsche Bank response to be a fair reflection of market value on the Early Termination Date. Accordingly, in accordance with the terms of the Agreement, Party B has calculated the Loss (without reference to Unpaid Amounts) to be $(114,433.80).

9) Pursuant to Section 2(a)(iii) of the Agreement, Party B withheld its October 3, 2008 payment amount of $18,880.07. This amount equals an Unpaid Amount to Party A.

10)    The Payment on Early Termination payable by Party B to Party A is $133,313.87 calculated as:

| | |
|---|---|
| Loss Amount | $(114,433.80) |
| Plus: Unpaid Amount owing to Party B | 0.00 |
| Less: Unpaid Amount owing to Party A | 18,880.07 |
| Payment on Early Termination | $(133,313.87) |

11)    Pursuant to Sections 6(e) and 9 of the Agreement, Party B estimates that its legal fees incurred by reason of the Event of Default and termination of the Transaction ("Reimbursable Expenses) will be $5,000.00. The Net Amount Payable is therefore $128,313.87, calculated as:

| | |
|---|---|
| Payment on Early Termination | $133,313.87 |
| Less: Reimbursable Expenses | 5,000.00 |
| Net Amount Payable: | $128,313.87 |

12)    Pursuant to Section 6(d)(ii) the Net Amount Payable, together with interest thereon from (and including) the Early Termination Date to (but excluding) the date such amount is paid, is due on the effective date of this notice. Such interest amount is calculated at the Default Rate, which is defined as USD LIBOR-BBA (with a Designated Maturity of one month) plus 1.00%. Such interest will be calculated on the basis of daily compounding and the actual number of days elapsed. In accordance with these provisions, and based on a payment date of November 7, 2008, Party B has calculated the total Balance Owing payable by Party B to Party A, including interest, as $128,394.53.

| Date | Beginning Balance | Default Rate | Ending Balance |
|---|---|---|---|
| 10/31/2008 | $128,313.87 | 3.58125% | $128,326.43 |
| 11/1/2008 | $128,326.43 | 3.58125% | $128,338.98 |
| 11/2/2008 | $128,338.98 | 3.58125% | $128,351.54 |
| 11/3/2008 | $128,351.54 | 3.35750% | $128,363.31 |
| 11/4/2008 | $128,363.31 | 3.17750% | $128,374.46 |
| 11/5/2008 | $128,374.46 | 2.95625% | $128,384.83 |
| 11/6/2008 | $128,384.83 | 2.76750% | $128,394.53 |

13)    As of the date of this notice, Party A had failed to transfer the following Posted Collateral and Interest Amount to Party B as prescribed under Paragraph 8(b)(iii) of the Agreement (the "Collateral"):

| CUSIP | Description | Coupon | Maturity Date | Quantity | Principal Value | Accrued Interest | Cash Equivalent Value |
|---|---|---|---|---|---|---|---|
| 912810DX3 | US Treasury | 7.500% | 11/15/2016 | 50,000 | $60,720.42 | $1,752.72 | $62,473.14 |
| 9128276J6 | US Treasury | 5.750% | 8/15/2010 | 50,000 | 53,867.33 | 625.00 | 54,492.33 |
| 9128276T4 | US Treasury | 5.000% | 2/15/2011 | 50,000 | 54,078.21 | 543.48 | 54,621.69 |
| 9128277L0 | US Treasury | 4.875% | 2/15/2012 | 20,000 | 21,915.72 | 211.96 | 22,127.68 |
| 912828BH2 | US Treasury | 4.250% | 8/15/2013 | 35,000 | 37,510.18 | 323.37 | 37,833.55 |
| 9128275G3 | US Treasury | 5.500% | 5/15/2009 | 130,000 | 132,965.34 | 3,341.85 | 136,307.19 |
| | US Dollars | | | 268,782 | 268,782.00 | 396.53 | 269,178.53 |
| Total | | | | | $629,839.20 | $7,194.91 | $637,034.11 |

14) Pursuant to Paragraph 8(b)(iv)(A) of Exhibit G of the Schedule of the Agreement, Party B hereby elects to set-off the Balance Owing against the Collateral resulting in a Net Balance Owing of $0.00 and a remaining Collateral amount of $508,649.28 (the "Remaining Collateral"), calculated as:

| | |
|---|---|
| Collateral | $637,034.11 |
| Less: Balance Owing to Party A | 128,394.53 |
| Remaining Collateral: | $508,639.58 |

15) The Remaining Collateral is hereby identified as follows:

| CUSIP | Description | Coupon | Maturity Date | Quantity | Principal Value | Accrued Interest | Cash Equivalent Value |
|---|---|---|---|---|---|---|---|
| 912810DX3 | US Treasury | 7.500% | 11/15/2016 | 50,000 | $60,720.42 | $1,752.72 | $62,473.14 |
| 9128276J6 | US Treasury | 5.750% | 8/15/2010 | 50,000 | 53,867.33 | 625.00 | 54,492.33 |
| 9128276T4 | US Treasury | 5.000% | 2/15/2011 | 50,000 | 54,078.21 | 543.48 | 54,621.69 |
| 9128277L0 | US Treasury | 4.875% | 2/15/2012 | 20,000 | 21,915.72 | 211.96 | 22,127.68 |
| 912828BH2 | US Treasury | 4.250% | 8/15/2013 | 35,000 | 37,510.18 | 323.37 | 37,833.55 |
| 9128275G3 | US Treasury | 5.500% | 5/15/2009 | 130,000 | 132,965.34 | 3,341.85 | 136,307.19 |
| | US Dollars | | | 140,784 | 140,784.00 | 0.00 | 140,784.00 |
| Total | | | | | $501,841.20 | $6,798.38 | $508,639.58 |