**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
:
In re                                                                              :    Chapter 11 Case No.
                                                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                                                                          :
                  Debtors.                     :    (Jointly Administered)
                                                                                          :
                                                                                          :
-----------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105(a) AND 502(b) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING
PROCEDURES FOR THE DETERMINATION OF THE ALLOWED
AMOUNT OF CLAIMS FILED BASED ON STRUCTURED SECURITIES
ISSUED OR GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC.**

Upon the motion, dated June 29, 2011 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman") pursuant to sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019, for approval of procedures determining the allowed amount of claims filed based on Structured Securities[1] issued or guaranteed by LBHI , all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and a hearing (the "Hearing") having been held on August 9, 2011 to consider the relief requested in the Motion; and it being represented that the relief sought in the Motion is in the best interests of LBHI, its estate and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted to the extent set forth herein; and it is further

ORDERED that, pursuant to sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the following procedures (the "Structured Securities Claim Determination Procedures") are approved for the determination of the allowed amount of the portion of the Structured Securities Claims included on Exhibit 1 attached hereto (the "Structured Securities Claims") that are based on Structured Securities for the purposes of voting and distributions under the Debtors' Plan (as such may be amended, modified or supplemented) (the "Plan"):

(a) <u>Notice of Proposed Allowed Claim Amount</u>: On or prior to August 15, 2011, the Debtors shall publish on www.lehman-docket.com a list of each Structured Security Claim and the corresponding the Proposed Allowed Claim Amount calculated using the Structured Securities Valuation Methodology and a copy of the statement of the Creditors' Committee in response to the Motion (the "<u>Creditors' Committee Statement</u>"). In addition, on or prior to August 24, 2011, the Debtors shall send to each holder of a Structured Securities Claim included on the official claims register ("<u>Claims Register</u>") on August 1, 2011 a notice substantially in the form annexed as <u>Exhibit D</u> to the Motion (the "<u>Notice of Proposed Allowed Claim Amount</u>"), which shall include a reference to a copy of the Creditors' Committee Statement located on the Debtors' website, by overnight mail delivery, fax or email (where available) to each Claimant (and any known attorneys for such Claimant that have appeared in these cases) at the address set forth on the Proof of Claim or relevant claim transfer notice, as applicable.

(b) <u>Claimant's Response to Proposed Allowed Claim Amount</u>: If any holder of a Structured Securities Claim disputes the Proposed Allowed Claim Amount, then such holder must deliver a written response (a "<u>Response</u>"), so that such Response is <u>actually received</u> no later than 60 days after the delivery of the Notice of Proposed Allowed Claim Amount (the "<u>Response Deadline</u>") to LBHI at 1271 Avenue of the Americas, New York, NY 10020 (Attn: Holly Clack and Tina Pederson), with copies to Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153 (Attn: Alfredo R. Perez, Esq. and Mark Bernstein, Esq.) and Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Evan R. Fleck, Esq. and Matthew Brod, Esq.); *provided* that the Debtors may in their reasonable discretion extend such Response Deadline with respect to any Structured Securities Claims. Any such Response must specify the grounds for such dispute. Notwithstanding the foregoing, to the extent any Claimant makes a reasonable request for information from the Debtors as to the claim filed by the Claimant, the Debtors agree to continue as they have been doing, to respond to such requests in good faith.

(c) <u>Claim Allowance</u>. To the extent that any Claimant does not timely deliver a Response as set forth above on or prior to the Response Deadline, (1) such Claimant will be deemed to have consented to the Proposed Allowed Claim Amount for the portion of their claim based on Structured Securities for purposes of voting and

3

      distributions under the Plan and (2) Epiq Bankruptcy Solutions, LLC, as the Court-appointed claims agent (the "Claims Agent") shall be authorized to modify the Claims Register to reflect the Proposed Allowed Claim Amount and to reflect that for the portion of their claim based on Structured Securities such claim is deemed allowed in such amount for the purposes of voting and distributions under the Plan.

  (d) Claims ADR. If the Debtors and a Claimant are unable to consensually resolve any timely delivered Response, the Motion shall be deemed to be an objection to such claim and the claim shall be deemed to be a "Contested Claim" as such term is defined in the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures For Claims Against Debtors* [Docket No. 8474] (the "Claims ADR Order"), and the Debtors may commence the ADR Procedures or schedule a Merits Hearing (as such terms are defined in the Claims ADR Order) in accordance with the provisions of the Claims ADR Order.

and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the compromise of the amounts of the portion of the Structured Securities Claims based on Structured Securities at the Proposed Allowed Claim Amounts, or such other amount agreed to between the Debtors and the applicable Claimant are approved; and it is further

ORDERED that, providing the Notice of Proposed Allowed Claim Amount to each Claimant (and any attorneys that have appeared in this case on behalf of such Claimants) at the address set forth on the Structured Securities Claims or at such other or additional address as Claimants have requested in writing is fair, reasonable and proper notice to the Claimants regarding the Debtor's request to allow the Structured Securities Claims for the purposes of voting and distribution under the Plan; and it is further

4

ORDERED that the Debtors are authorized to take any and all steps necessary and appropriate to implement the Structured Securities Claim Determination Procedures; and it is further

ORDERED that the Structured Securities Claim Determination Procedures do not affect of modify the rights of any holder of a Structured Securities Claim under the terms of the Structured Securities or their rights to dispute or challenge the Proposed Allowed Claim Amount or to defend the previously asserted claim amount; and it is further

ORDERED that, notwithstanding anything herein, the Debtors reserve the right to object to the Structured Securities Claims at any time, including, after such claims have been allowed for the purposes of voting and distributions under the Plan, on the grounds that such claims do not include a blocking number or include an invalid blocking number, are duplicative of other claims, have been amended and superseded, or otherwise do not comply with the provisions of the Bar Date Order; and it is further

ORDERED, that the Debtors reserve the right to modify the Maximum Allowable Amount of each Structured Security or Proposed Allowed Claim Amounts in order to correct any manifest errors (including inconsistent application of these principles) in the application of the Structured Securities Valuation Methodologies; and it is further

ORDERED, that nothing contained herein shall preclude any party in interest from using the Proposed Allowed Claim Amount or such other amount at which a Structured Securities Claim may be deemed allowed pursuant to the Structured Securities Claim Valuation Procedures as the allowed amount of a Structured Securities Claim for

5

purposes of voting and distribution in connection with any alternative chapter 11 plan now pending before the Court or that may be subsequently filed in the Debtors' chapter 11 cases by any party in interest (it being understood that all parties reserve their rights with respect thereto); and it is further

ORDERED that within the (10) business days following the Response Deadline, the Debtors will file with the Court a notice identifying (i) each Structured Securities Claim and Structured Security, identified by the International Securities Identification Number, for which timely Responses were received by the Debtors and (ii) a list of Structured Securities Claims for which the Response Deadline has been extended; and it is further

ORDERED that notwithstanding anything contained herein, any portions of the Structured Securities Claims that are based on Structured Securities that are beneficially owned by an entity that is an affiliate of the Debtors shall not be subject to this Order or the procedures set forth herein in any respect and this Order shall not have any affect on the allowed amount of such portion of the Structured Securities Claims; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the relief granted herein.

Dated: New York, New York
      August 10, 2011

                                                    *s/ James M. Peck*
                                                  Honorable James M. Peck
                                                  United States Bankruptcy Judge