Momo-o, Matsuo & Namba
Kojimachi Diamond Building 6F
4-1 Kojimachi, Chiyoda-ku
Tokyo 102-0083 JAPAN
Tel: 81-3-3288-2080
Fax: 81-3-3288-2081

Special Counsel to Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
                                    :

**In re**                                 :        **Chapter 11 Case No.**
                                      :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :       **08-13555 (JMP)**
                                      :

                        **Debtors.**     :        **(Jointly Administered)**
                                      :

                                      :
-----------------------------------------------------x

**SUMMARY STATEMENT FOR FOURTH INTERIM APPLICATION OF**
**MOMO-O, MATSUO & NAMBA, AS 327(e) SPECIAL COUNSEL TO THE**
**DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE AND**
**PAYMENT OF COMPENSATION FOR SERVICES**
**RENDERED AND REIMBURSEMENT OF**
**EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2011 TO MAY 31, 2011**

Name of Applicant:                     Momo-o, Matsuo & Namba

Role in Case:                            Special Counsel to Debtors and
                                          Debtors in Possession

Date of Retention:                    *Nunc pro tunc* to February 1, 2010

Period for Which Compensation
and Reimbursement are Sought:         February 1, 2011 to May 31, 2011

Amount of Professional Fees Sought

as Actual, Reasonable, and Necessary:    $163,277.25 (being the equivalent amount of JPY13,392,000)[1]

Amount of Expense Reimbursement
Sought as Actual,
Reasonable, and Necessary:    $233.80 (JPY19,176)

Total Amount Sought:    **$163,511.05 (JPY13,411,176)**

Payments received in accordance with
Ordinary Course Professional Order
during Compensation Period on account
of <u>fees</u> prior to retention pursuant to
Special Counsel Order:    $0

Payments received in accordance with
Ordinary Course Professional Order
during Compensation Period on account
of <u>expenses</u> prior to retention pursuant to
Special Counsel Order:    $0

This is an:    Interim Fee Application

Prior Applications:    3

Aggregate Amount Paid to Date:    80% of fees and 100% of expenses sought per this Application

---

[1]   Pursuant to the Bankruptcy Court General Order 388, all amounts hereinafter are set out in U.S. dollars and additionally in the conversion amount in Japanese yen at the exchange rate of 82.02 Japanese yen per U.S. dollar as reconciled from the currency exchange rate applicable on the last day of each respective month at issue (February 28, 2011: JPY82.63 per USD; March 31, 2011: JPY82.78 per USD; April 29, 2011: JPY81.20 per USD; and May 31, 2011: JPY81.49 per USD) as quoted by xrates.com at <http://www.x-rates.com/d/JPY/USD/data120.html >.

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL
FOR PERIOD FROM FEBRUARY 1, 2011 TO MAY 31, 2011**

Below is a list of each individual at Momo-o, Matsuo & Namba who has performed work
during the Interim Period, as defined later herein, on behalf of the Debtors, the position of
each such individual in the Firm, the year of admittance to practice of each individual, his
or her hourly billing rate, the aggregate time expended by each individual during the
Interim Period, and the amount of Momo-o, Matsuo & Namba fees attributable to each
individual during the Interim Period.

| Name of Professional & Title | Year Admitted to Practice | Billing Rate in USD | Billing Rate in JPY | Total Hours Billed | Fee Totals in USD | Fee Totals in JPY |
|---|---|---|---|---|---|---|
| Shigeaki Momo-o, Partner | 1966 | 731.53 | 60,000 | 75 | 54,864.67 | 4,500,000 |
| Junya Naito, Partner | 1991 | 609.61 | 50,000 | 128.7 | 78,456.47 | 6,435,000 |
| Tsuyoshi Suzuki, Associate | 2003 | 365.76 | 30,000 | 3.6 | 1,316.75 | 108,000 |
| Kaori Maeda, Associate | 2009 | 365.76 | 30,000 | 3.9 | 1,426.48 | 117,000 |
| Hirotoshi Kakumoto, Associate | 2009 | 365.76 | 30,000 | 56 | 20,482.81 | 1,680,000 |
| Peter Tyksinski, Foreign Associate | 2003 | 365.76 | 30,000 | 18.4 | 6,730.07 | 552,000 |
| TIME CHARGES TOTAL | | | | 285.6 | 163,277.25 | 13,392,000 |

Is the time spent in preparing Fee Applications included in the total hours described in
the Application:

X Yes  No

**Total Professional Hours: 285.6**
**Total Paraprofessional Hours: 0**
**Total Hours: 285.6**
**Total Fee Amount: $163,277.25 (JPY13,392,000)**
**Blended Rate: $467.36 (JPY38,333)**

Momo-o, Matsuo & Namba
Kojimachi Diamond Building 6F
4-1 Kojimachi, Chiyoda-ku
Tokyo 102-0083 JAPAN
Tel: 81-3-3288-2080
Fax: 81-3-3288-2081

Special Counsel to Debtors
And Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------x
                                              :
**In re**                                     :   **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC., *et al.*,**   :   **08-13555 (JMP)**
                                              :
                      **Debtors.**            :   **(Jointly Administered)**
                                              :
                                              :
----------------------------------------------x

**FOURTH INTERIM APPLICATION OF**
**MOMO-O, MATSUO & NAMBA, AS 327(e) SPECIAL COUNSEL TO THE**
**DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE AND**
**PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**FROM FEBRUARY 1, 2011 TO MAY 31, 2011**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Momo-o, Matsuo & Namba ("MMN" or "Firm"), special counsel for Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases

(collectively, the "Debtors"), submits this fourth interim application (the "Application")

seeking (a) allowance of compensation for professional services rendered by MMN to the

Debtors in the amount of $163,277.25 (JPY13,392,000), and (b) reimbursement of actual and necessary charges and disbursements incurred by MMN in the rendition of required professional services on behalf of the Debtors in the amount of $233.80 (JPY19,176), in each case for the period from February 1, 2011 through May 31, 2011 (the "Compensation Period") pursuant to Section 330(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), General Order M-151, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines"), and the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly Compensation of Professionals, entered in these cases on June 25, 2009 (the "Interim Compensation Order" and, collectively with the UST Guidelines and the Local Guidelines, the "Guidelines"). In support of this Application, MMN respectfully represents as follows:

## Jurisdiction and Venue

1.      This court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and

the other Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate. On January 19, 2009, the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

5.      On November 5, 2008, the Court entered an order establishing procedures for interim monthly compensation and reimbursement of expenses of professionals (the "Original Interim Compensation Order"). On November 19, 2008, the Court amended the Original Interim Compensation Order (the "First Amended Interim Compensation Order"). On March 13, 2009, the Court amended the First Amended Interim Compensation Order (the "Second Amended Interim Compensation Order"). On June 25, 2009, the Court amended the Second Amended Interim Compensation Order (the "Third Amended Interim Compensation Order" or the "Interim Compensation Order"). This Interim Application is submitted in accordance with the Interim Compensation Order, which is annexed hereto as Exhibit A.

6.      On May 26, 2009, the Court appointed a fee committee (the "Fee Committee"), and approved a protocol to govern the review and payment of fees and reimbursement of expenses of professionals retained by the Debtors' estates (the "Fee Protocol").    Pursuant to the Fee Protocol, on August 3, 2008, the Fee Committee submitted its Fee Committee Report Pertaining to the First Interim Fee Applications of All Retained Professionals, which provides, *inter alia*, additional guidelines regarding compensation procedures for professionals retained in these cases (the "Fee Committee Guidelines").

### Retention of MMN

7.      On July 22, 2010, the Debtors filed their Application pursuant to section 327(e) of title 11 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for Authorization to Employ and Retain MMN as special counsel to the Debtors, effective *nunc pro tunc* to February 1, 2010 (the "Engagement Date") with respect to the Representative Matters, as defined later herein.

8.      In the above special counsel application to the Court to employ and retain MMN dated July 22, 2010 [Docket No. 10374] ("Special Counsel Application"), it was stated that MMN had determined that it had reached and exceeded the $1 million compensation cap for Ordinary Course Professionals during the "Chapter 11 Period" [see ¶ 12].    More specifically, it was stated that as of February 1, 2010, MMN had incurred fees and expenses totaling approximately $1,105,268.66 [see ¶ 12].

9.      On August 5, 2010, the Court entered the Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of MMN as Special

Counsel to the Debtors, *nunc pro tunc* to the Engagement Date [Docket No. 10647] (the "Retention Order"). A copy of the Retention Order is annexed hereto as Exhibit B.

10.     Pursuant to the Retention Order, MMN has been retained to continue its engagement as local counsel in Tokyo, Japan acting as attorney for the Debtors including LBHI in the Civil Rehabilitation proceedings for Lehman Brothers Holdings Japan Inc. ("LBHJ"), Lehman Brothers Commercial Mortgage Inc. ("LBCM") and Sunrise Finance Inc. ("Sunrise") (those three Civil Rehabilitation companies are referred to as "Civil Rehabilitation Companies") at the Tokyo District Court, Tokyo, Japan ("Representative Matters"). In the Representative Matters, MMN has maintained close contact with and provided advice to Alvarez & Marsal North America, LLC ("A&M"), the Debtors' Chief Restructuring Officers, and Weil, Gotshal and Manges LLP ("WGM"), the Debtors' general bankruptcy counsel.

A narrative summary of the specific work MMN is performing for LBHI, A&M and WGM is as follows:

a)      Advise A&M and WGM (which acts on behalf of LBHI, creditor of the Civil Rehabilitation Debtor Sunrise Finance) on the Immediate Appeal by Shinsei Bank against the Tokyo District Court's decision to approve the Civil Rehabilitation Plan submitted by Sunrise Finance (Civil Rehabilitation Debtor);

b)      Advise A&M, which acts on behalf of the shareholder of LBC Y.K. (PAMI), on the distribution of LBC Y.K. assets to creditors (LBHI is the ultimate parent company of LBC Y.K.);

c)      Represent LBC Y.K. in the filing by Sunrise Finance for
Commencement of Bankruptcy Proceedings for LBC Y.K. at the Tokyo
District Court;

d)      Represent and advise A&M on the negotiation with Sunrise Finance on
the share transfer and distribution of shareholder's value of LBC Y.K.;

e)      Advise LBHI and WGM on the participation agreement between
JPMorgan Chase Bank for JPMorgan's Sunrise Finance/LBHJ claims;
and

f)      Advise LBHI on claims by Japanese entities (LBJ, LBCM, etc.) filed
with LBHI.

### Relief Requested

11.    Prefixed to this Interim Application is the cover sheet required by the UST
Guidelines, which includes a schedule setting forth the names of all MMN professionals
who have performed services for which compensation is sought, the person's position in
the Firm, and the year each lawyer was first admitted to practice law.   In addition, the
schedule sets forth for each person (a) the hourly rate during the Interim Period, (b) the
total hours billed during the Interim Period, and (c) the total compensation for such hours.
The rate for each of the individuals listed in the before mentioned cover sheet is equal to
the billing rate for such individuals time for similar services to clients in connection with
other similar matters.   MMN believes that these rates are equal to or less than the rates
charged by professionals with similar experience.

12.    By this Interim Application, MMN seeks allowance in full of interim
compensation for professional services rendered to the Debtors during the Interim Period

in the aggregate amount of $163,277.25 (JPY13,392,000), and for reimbursement of actual and necessary charges and disbursements incurred during the Interim Period in connection with such services in the aggregate amount of $233.80 (JPY19,176).

13.    This Interim Application is filed in accordance with the Interim Compensation Order.   The Debtors have incurred fees of $163,277.25 (JPY13,392,000) for services rendered over 285.6 hours by MMN during the Interim Period, resulting in a blended hourly rate of approximately $467.36 (JPY38,333).

14.    For services rendered for the period from and including February 1, 2011 through February 28, 2011 (the "February 2011 Statement Period"), MMN seeks allowance in full of compensation for professional services rendered to the Debtors, in accordance with the Interim Compensation Order, amounting to $52,901.73 (JPY4,339,000), representing one hundred percent (100%) of the total fees incurred by the Debtors for services rendered for the February 2011 Statement Period.   MMN respectfully requests that the Court enter an order allowing interim compensation of $52,901.73 (JPY4,339,000) to MMN for professional services rendered as special counsel to the Debtors during the February 2011 Statement Period, authorizing and directing the Debtors to pay to MMN any and all unpaid amounts for the February 2011 Statement Period.

15.    For services rendered for the period from and including March 1, 2011 through March 31, 2011 (the "March 2011 Statement Period"), MMN seeks allowance in full of compensation for professional services rendered to the Debtors, in accordance with the Interim Compensation Order, amounting to $26,261.89 (JPY2,154,000), representing one hundred percent (100%) of the total fees incurred by the Debtors for

services rendered for the March 2011 Statement Period. MMN respectfully request that the Court enter an order allowing interim compensation of $26,261.89 (JPY2,154,000) to MMN for professional services rendered as special counsel to the Debtors during the March 2011 Statement Period, authorizing and directing the Debtors to pay to MMN any and all unpaid amounts for the March 2011 Statement Period.

16.     For services rendered for the period from and including April 1, 2011 through April 30, 2011 (the "April 2011 Statement Period"), MMN seeks allowance in full of compensation for professional services rendered to the Debtors, in accordance with the Interim Compensation Order, amounting to $38,661.30 (JPY3,171,000), representing one hundred percent (100%) of the total fees incurred by the Debtors for services rendered for the April 2011 Statement Period. MMN respectfully request that the Court enter an order allowing interim compensation of $38,661.30 (JPY3,171,000) to MMN for professional services rendered as special counsel to the Debtors during the April 2011 Statement Period, authorizing and directing the Debtors to pay to MMN any and all unpaid amounts for the April 2011 Statement Period.

17.     For services rendered for the period from and including May 1, 2011 through May 31, 2011 (the "May 2011 Statement Period"), MMN seeks allowance in full of compensation for professional services rendered to the Debtors, in accordance with the Interim Compensation Order, amounting to $45,452.33 (JPY3,728,000), representing one hundred percent (100%) of the total fees incurred by the Debtors for services rendered for the May 2011 Statement Period. MMN respectfully request that the Court enter an order allowing interim compensation of $45,452.33 (JPY3,728,000) to MMN for professional services rendered as special counsel to the Debtors during the May 2011

Statement Period, authorizing and directing the Debtors to pay to MMN any and all unpaid amounts for the May 2011 Statement Period.

18.    MMN has annexed to the Interim Application, as <u>Exhibit C</u>, a copy of the invoices for the February 2011, March 2011, April 2011 and May 2011 Statement Periods, together with the respective summary sheet belonging to each of the before mentioned respective statement periods.   Attached to each invoice are the relevant daily time records listing the name of the individual performing the services, the date on which the services were performed, and the amount of time spent performing the services.

19.    The services performed and expenses incurred by MMN during the Interim Period were provided only on behalf of and rendered a benefit to Debtors.

20.    In sum, pursuant to this Interim Application, MMN hereby seeks allowance and compensation from the Debtors' estates of the following:

(a)    Compensation for professional services rendered during the Interim Period in the aggregate amount of $163,277.25 (JPY13,392,000); and

(b)    Reimbursement of disbursements and expenses incurred during the Interim Period in the aggregate amount of $233.80 (JPY19,176).

21.    Annexed hereto, as <u>Exhibit D</u>, is the certification of Junya Naito, Partner of MMN, with respect to the Interim Application pursuant to the Local Guidelines.

22.    MMN submits that the services it rendered as detailed in ¶ 10 above were both essential and beneficial to the Debtors' estate and were performed efficiently, economically and effectively and in a manner commensurate with the complexity, importance and nature of the problems, issues and tasks involved in the Representative Matters.   Moreover, the Firm's request for compensation is reasonable in light of the

nature, extent, and value of its services to the Debtors.  Accordingly, approval of the compensation for professional services sought herein is warranted.

23.    All services for which MMN seeks compensation were performed for and on behalf of the Debtors.   No agreement or understanding exists between the Firm and any other person for the sharing of compensation to be received for the services rendered in connection with the Firm's representation of the Debtors.   No action prohibited by Section 504 of the Bankruptcy Code has been, or will be, made by MMN.   See the Affidavit of Junya Naito dated December 12, 2008, annexed hereto as Exhibit E.

<strong>Expenses Incurred by MMN</strong>

24.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code.   The total amount of the expenses for the Interim Period is $233.80 (JPY19,176), as detailed in the attached Exhibit C.   As set forth above, MMN seeks reimbursement for expenses incurred in rendering services to the Debtors during the Interim Period in the amount of $233.80 (JPY19,176).

<strong>The Requested Compensation Should be Allowed</strong>

25.    Section 330 of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 or 1103 of the Bankruptcy Code:

(a)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(b)    reimbursement for actual, necessary expenses.  11 U.S.C. § 330(a)(1).

Section 330(a)(3)(A) further provides the following standards for the Court's review of a

fee application.

26.    In determining the amount of reasonable compensation to be awarded, the

court shall consider the nature, the extent, and the value of such services, taking into

account all relevant factors, including:

(a)    the time spent on such services;

(b)    the rates charges for such services;

(c)    whether the services were necessary to the administration of, or beneficial

at the time the service was rendered toward the completion of, a case under this title;

(d)    whether the services were performed within a reasonable amount of time

commensurate with the complexity, importance, and nature of the problem, issue, or task

addressed; and

(e)    whether the compensation is reasonable, based on the customary

compensation charged by comparably skilled practitioners in cases other than cases under

this title.   11 U.S.C. § 330(a)(3)(A).

27.    MMN respectfully submits that it has satisfied the requirements for the

allowance of the compensation and reimbursement of expenses sought herein.   The

services described above, at the time they were provided, were necessary and beneficial

to the administration of the Debtors' chapter 11 cases.   MMN's services were

consistently performed in a timely manner, commensurate with the complexity of the

issues facing the Debtors and the nature and importance of the problems, issues, and tasks

of the Representative Matters.   Further, the compensation sought by MMN is reasonable

because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

## Statements of MMN Pursuant to Bankruptcy Rule 2016(a)

28.    MMN has submitted monthly statements during the Interim Period in accordance with the Interim Compensation Order, which is annexed hereto as <u>Exhibit A</u>.

29.    No agreement or understanding exists between the Firm and any other person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of MMN. All of the services for which compensation is sought in the Interim Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

## Notice

30. .   Notice of this Interim Application and its exhibits will be given to (a) the Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors' Committee; and (e) the Fee Committee. MMN respectfully submits that no other or further notice is required.

## Voluntary Reduction of Fees or Disbursements

31.    The Firm acknowledges that, pursuant to the Local Guidelines, it is required to identify all voluntary reductions or writeoffs. No voluntary reductions or writeoffs are taken on this Interim Application.

WHEREFORE, MMN respectfully request that the Court enter an order: (a) allowing Interim compensation of $163,277.25 (JPY13,392,000) to MMN for professional services rendered as special counsel for the Debtors during the Interim Period, plus reimbursement of actual and necessary expenses incurred in the sum of $233.80 (JPY19,176), in connection with MMN's services during the Interim Period; (b) authorizing and directing the Debtors to pay to MMN any and all unpaid amounts for the Interim Period in the total amount of $163,511.05 (JPY13,411,176); and (c) granting to MMN such other and further relief as the Court may deem proper.

[Signature page to **FOURTH INTERIM APPLICATION OF MOMO-O, MATSUO & NAMBA, AS 327(e) SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2011 TO MAY 31, 2011**]

Dated: August 15, 2011                          Momo-o, Matsuo & Namba


                                                /s/ Junya Naito

                                                Junya Naito
                                                Momo-o, Matsuo & Namba
                                                Kojimachi Diamond Building 6F
                                                4-1 Kojimachi, Chiyoda-ku
                                                Tokyo 102-0083 JAPAN
                                                Tel: 81-3-3288-2080
                                                Fax: 81-3-3288-2081

**<u>Exhibit A</u>**

**INTERIM COMPENSATION ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————————x
                                    :

**In re**                             :        **Chapter 11 Case No.**
                                      :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                      :

                       **Debtors.**         :        **(Jointly Administered)**
                                      :
———————————————————————————x

### THIRD AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed June 13, 2009 (the "Third Amended Order"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to establish procedures for interim monthly compensation and reimbursement of expenses of professionals (the "Professionals"), all as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October 11, 2008 (the "Motion") [Docket No. 833] and the notice of presentment of the proposed Third Amended Order; and the Court having jurisdiction to consider the proposed Third Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the proposed Third Amended Order and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the proposed

Third Amended Order having been provided in accordance with the procedures set forth in the

amended order entered February 13, 2009 governing case management and administrative

procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; and (vi) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court

having entered an amended order, dated March 13, 2009 (the "Second Amended Order")

[Docket No. 3102], governing the procedures for interim monthly compensation and

reimbursement of expenses of professionals; and the Court concluded that there is cause to make

certain amendments to the Second Amended Order; and the Court having found and determined

that the relief sought in the proposed Third Amended Order is in the best interests of the Debtors,

their estates and creditors, and all parties in interest and that the legal and factual bases set forth

in the Motion and the proposed Third Amended Order establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Second Amended Order is superseded in its entirety by this

Third Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court

authorizing the retention of specific Professionals, all Professionals in these cases may seek

2

monthly compensation in accordance with the following procedures (the "Interim Compensation

Procedures"):

(a)    On or before the **thirtieth (30th)** day of each month following the month for
which compensation is sought, each professional seeking compensation, other
than a professional retained as an ordinary course professional, will serve a
monthly statement (the "Monthly Statement"), by hand or overnight delivery on
(i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor,
New York, New York, 10020 (Attn: John Suckow and David Coles); (ii) Weil,
Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153
(Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1
Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne,
Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors'
Committee; (iv) the Office of the United States Trustee for the Southern District
of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004
(Attn: Andy Velez-Rivera, Esq. and Tracy Hope Davis, Esq.); and (v) Feinberg
Rozen, LLP, The Willard Office Building, 1455 Pennsylvania Avenue, NW, Suite
390, Washington, DC 20004-1008 (Attn: Kenneth R. Feinberg, Esq.),
Chairperson of the Fee Committee (as defined in the Order Appointing a Fee
Committee and Approving a Fee Application Protocol, dated May 26, 2009
[Docket No. 3651]) (the "Notice Parties").

(b)    The Monthly Statement need not be filed with the Court and a courtesy copy need
not be delivered to chambers since this Motion is not intended to alter the fee
application requirements outlined in sections 330 and 331 of the Bankruptcy Code
and since professionals are still required to serve and file interim and final
applications for approval of fees and expenses in accordance with the relevant
provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules
for the United States Bankruptcy Court for the Southern District of New York
(the "Local Rules").

(c)    Each Monthly Statement must contain a list of the individuals and their respective
titles (e.g., attorney, paralegal, etc.) who provided services during the statement
period, their respective billing rates, the aggregate hours spent by each individual,
a reasonably detailed breakdown of the fees and expenses incurred (no
professional should seek reimbursement of an expense that would otherwise not
be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and
April 21, 1995 or the United States Trustee Guidelines for Reviewing
Applications for Compensation and Reimbursement of Expenses Filed under 11
U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time
entries for each individual in increments of tenths (1/10) of an hour or as close
thereto as practicable.

(d)    Each Notice Party shall have at least **fifteen (15)** days after receiving the Monthly
Statement to review the statement and, if the Notice Party objects to the
compensation or reimbursement sought in a particular statement, such Notice

3

Party shall, no later than **the forty-fifth (45th)** day following the month for which compensation is sought, serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)     At the expiration of the **forty-five (45)** day period, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)     If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)     If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)     All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)     The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

(j)     Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "Interim Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date

4

through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention, and otherwise in accordance with the procedures set forth in this Motion.

(k)     The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals. At least 30 days prior to such hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all retained professionals, setting forth the time, date and location of the fee hearing, the Interim Fee Period applications cover and the objection deadline. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)     The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)     Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; *provided, however,* that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

; and it is further

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

ORDERED that any party may object to requests for payments made pursuant to this Third Amended Order, or move to modify or vacate all or certain provisions of this Third Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; *provided, however*, that the inclusion in this Third Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that all time periods set forth in this Third Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's amended order entered on February 13, 2009 governing case management and administrative procedures for these cases [Docket No. 2837] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York
         June 25, 2009

                                   *s/ James M. Peck*
                                   UNITED STATES BANKRUPTCY JUDGE

6

**Exhibit B**

**RETENTION ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------x
                               :

**In re**                               :        **Chapter 11 Case No.**
                               :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                               :

                **Debtors.**         :        **(Jointly Administered)**
                               :

--------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF MOMO-O, MATSUO & NAMBA, AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC TO FEBRUARY 1, 2010*

Upon consideration of the application, dated July 22, 2010 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 327(e) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to employ and retain Momo-o, Matsuo & Namba ("MMN") as special counsel to the Debtors, effective *nunc pro tunc to February 1, 2010,* all as more fully described in the Application; and upon the declaration of Junya Naito (the "Naito Declaration"), filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Naito Declaration, that MMN represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107; and the Court having jurisdiction to consider

---

[1]    Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New

York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; and (v) the United States Attorney for the Southern District of New

York, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Application is in the best interests of the

Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases

set forth in the Application establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain MMN as special counsel to the Debtors, effective *nun

pro tunc* to February 1, 2010, on the terms set forth in the Application and this order for the

Representative Matters identified in the Application and in accordance with MMN's customary

rates in effect from time to time and its disbursement policies; and it is further

ORDERED that MMN shall, solely with respect to fees and expenses paid to

MMN by the Debtors (as opposed to non-debtor entities) in excess of $1 million, apply for

compensation and reimbursement of expenses in accordance with the procedures set forth in

sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and

orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that

have been or may be fixed by order of this Court, including but not limited to the Court's Third

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy

Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of

Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee

Committee and Approving a Fee Protocol [Docket No. 3651].


Dated: New York, New York
       August 5, 2010

                                        s/ James M. Peck
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit C</u>**

**INVOICES FEBRUARY 2011, MARCH 2011, APRIL 2011 AND MAY 2011[2]**

---

[2]  Due to the volume of the invoices and the expense descriptions at issue, these materials are not being filed with the Court.   However, copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Official Fee Committee.

**Exhibit D**

**CERTIFICATION OF Junya Naito**

Momo-o, Matsuo & Namba
Kojimachi Diamond Building 6F
4-1 Kojimachi, Chiyoda-ku
Tokyo 102-0083 JAPAN
Tel: 81-3-3288-2080
Fax: 81-3-3288-2081

Special Counsel to Debtors
And Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
                               :

**In re**                          :          **Chapter 11 Case No.**
                               :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :          **08-13555 (JMP)**
                               :

                  **Debtors.**          :          **(Jointly Administered)**
                               :
                               :
-----------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES**
**FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF**
**FOURTH INTERIM APPLICATION OF MOMO-O, MATSUO & NAMBA FOR**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF**
**EXPENSES AS 327(e) SPECIAL COUNSEL TO THE DEBTORS**
**FOR THE PERIOD FROM FEBRUARY 1, 2011 TO MAY 31, 2011**

I, Junya Naito, certify as follows:

       1.      I am a partner in the law firm of Momo-o, Matsuo & Namba ("MMN").

I submit this certification with respect to the Fourth Interim Application (the

"Application") of MMN, special counsel for the debtors in possession in the above-

captioned cases (the "Debtors"), for allowance of compensation for professional services

rendered, and reimbursement of actual and necessary expenses incurred, for the period

from February 1, 2011 to May 31, 2011.

2.      I make this certification in accordance with General Order M-151, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on April 19, 1995 (the "Local Guidelines").

3.      In connection therewith, I hereby certify that

(a) I have read the Application;

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") except as specifically noted therein;

(c) except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates customarily employed by MMN and generally accepted by MMN's clients; and

(d) in providing a reimbursable service, MMN does not make a profit on that service, whether the service is performed by MMN in house or through a third party.

4.      I certify that the Debtors, counsel for the Debtors, counsel for the statutory creditors' committee, the U.S. Trustee for the Southern District of New York, and the Fee Committee have been provided with a statement of MMN's fees and disbursements accrued during the previous months.

Dated: August 15, 2011

Respectfully submitted,


/s/ Junya Naito

Junya Naito
Momo-o, Matsuo & Namba
Kojimachi Diamond Building 6F
4-1 Kojimachi, Chiyoda-ku
Tokyo 102-0083 JAPAN
Tel: 81-3-3288-2080
Fax: 81-3-3288-2081

SPECIAL COUNSEL FOR THE
DEBTORS IN POSSESSION

**Exhibit E**

**AFFIDAVIT of Junya Naito**



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

| | |
|---|---|
| In re | : |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : |
| | : |
| Debtors. | : |
| | : |
| | : |

Chapter 11 Case No.

08-13555 (JMP)

(Jointly Administered)

---------------------------------------------------x

### AFFIDAVIT AND DISCLOSURE STATEMENT OF JUNYA NAITO,

### ON BEHALF OF MOMO-O, MATSUO & NAMBA

JUNYA NAITO, being duly sworn, upon his oath, deposes and says:

1.       I am a Partner of Momo-o, Matsuo & Namba, located at Kojimachi
Diamond Building 6F, 4-1 Kojimachi, Chiyoda-ku, Tokyo 102-0083, Japan (the "Firm").

2.       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the
above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"
and, collectively with their non-debtor affiliates, "Lehman"), have requested that the Firm
provide legal services to the Debtors in connection with Japanese civil rehabilitation
proceedings, and the Firm has consented to provide such services.

3.       The Firm may have performed services in the past and may perform
services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties
in interest in the Debtors' chapter 11 cases.    As part of its customary practice, the Firm is
retained in cases, proceedings, and transactions involving many different parties, some of whom
may represent or be claimants or employees of the Debtors, or other parties in interest in these




chapter 11 cases.   Contemporaneous to the Firm's representation of LBHI in Civil

Rehabilitation proceedings at the Tokyo District Court, the Firm also advises TV Asahi

Corporation ("TVA") in its claim as creditor to LBHI, Lehman Brothers Treasury Co. B.V. and

Lehman Brothers Japan, Inc. ("LBJ").   This representation is unrelated to the specific matter

for which the Firm has been engaged.   TVA's claim is based upon a "Note" in the amount of

JPY1 billion issued by LBJ and guaranteed by LBHI which TVA purchased from LBJ.   The

Firm, however, will not represent TVA in its filing of any Proof of Claim in relation to the Note

against LBHI.   Rather, U.S. counsel for TVA will represent TVA in its filing of any Proof of

Claim against LBHI.   Further, the Firm has obtained a consent to such contemporaneous

representation from both LBHI and TVA and it is in compliance with all local laws and/or rules

of professional conduct regarding conflicts of interest.   Other than the proceeding, the Firm

does not perform services for any such person in connection with these chapter 11 cases.   In

addition, the Firm does not have any relationship with any such person, their attorneys, or

accountants that would be adverse to the Debtors or their estates.

 

        4.      Neither I, nor any principal of, or professional employed by the Firm has

agreed to share or will share any portion of the compensation to be received from the Debtors

with any other person other than the principals and regular employees of the Firm.


        5.      Neither I, nor any principal of, or professional employed by the Firm,

insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors

or their estates.


                                2





6.    The Debtors does not owe the Firm for prepetition services.

7.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.[1]

By: _____

Junya Naito,
Partner
Momo-o, Matsuo & Namba

Subscribed and sworn to before me
this 10th day of December 2008

_____
Notary Public

Notary : MOTOHARU  FURUKAWA

---

[1]  If necessary.

3



嘱託人

平成２０年登簿第　　２６　　号

## 認　証

　嘱　託　人　桃尾・松尾・難波法律事務所（所在　東京都千代田区麹町４−１麹町ダイヤモンドビル６階）弁護士　内藤順也は、法定の手続に従って、本公証人の面前で、この証書の記載が真実であることを宣誓した上、これに署名した。

　よって、これを認証する。

　　平成２０年　　１２月１０　　日、本公証人役場において
　　東京都千代田区麹町５丁目２番地１
　　東京法務局所属

　　　　　公証人
　　　　　Notary



　　　　　　　MOTOHARU FURUKAWA

## 証　明

　上記署名は、東京法務局所属公証人の署名に相違ないものであり、かつ、その押印は、真実のものであることを証明する。

　　平成２０年　１２月１０日

　　東京法務局長

五十嵐義治

## APOSTILLE
### (Convention de La Haye du 5 octobre 1961)

1. Country:　JAPAN
   This public document
2. has been signed by　　MOTOHARU FURUKAWA
3. acting in the capacity of Notary of the Tokyo Legal Affairs Bureau
4. bears the seal/stamp of　MOTOHARU FURUKAWA , Notary
   Certified
5. at Tokyo　　　　　　6.　　１０th　December　２００８
7. by the Ministry of Foreign Affairs
8. 08-№ 041346
9. Seal/stamp:　　　　　　　10. Signature



　　　　　　　　　　　　Kazutoyo OYABE
　　　　　　　　　　　For the Minister for Foreign Affairs

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                      :

In re                            :        Chapter 11 Case
No.

                                        :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :       08-13555 (JMP)

                                        :

                 Debtors.        :       (Jointly Administered)
                                        :

                                        :
-------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN
BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively,
the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

      Weil, Gotshal & Manges LLP
      767 Fifth Avenue
      New York, New York 10153
      Attn:      Jennifer Sapp
             Christopher Stauble

All questions **must** be answered.   Please use "none," "not applicable," or "N/A," as
appropriate.   If more space is needed, please complete on a separate page and attach.

    1.      Name and address of firm:

          Momo-o, Matsuo & Namba

          Kojimachi Diamond Building 6F

          4-1 Kojimachi, Chiyoda-ku

          Tokyo 102-0083 Japan

    2.      Date of retention:    November 28, 2008

3.    Type of services provided (accounting, legal, etc.):

Legal _____

_____

_____

4.    Brief description of services to be provided:

Legal representation of Lehman Brothers Holdings Inc. in connection with

Civil Rehabilitation proceedings for Lehman Brothers Holdings Japan Inc.

and the related three companies at the Tokyo District Court, Tokyo, Japan.

5.    Arrangements for compensation (hourly, contingent, etc.)

Hourly _____

(a)    Average hourly rate (if applicable):

JPY60,000 _____

(b)    Estimated average monthly compensation based on prepetition
retention (if firm was employed prepetition):

N/A _____

6.    Prepetition claims against the Debtors held by the firm:

Amount of claim:    N/A

Date claim arose:    _____

Source of Claim:    _____

7.    Prepetition claims against the Debtors held individually by any member,
associate, or professional employee of the firm:

Name:   N/A

Status:    _____

Amount of Claim:    $_____

Date claim arose:    _____

4

Source of claim: _____

_____

8.      Stock of the Debtors currently held by the firm:

Kind of shares:    N/A

No. of shares: _____

9.      Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name:    N/A

Status: _____

Kind of shares: _____

No. of shares: _____

10.     Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

Contemporaneous to the Firm's representation of LBHI in Civil

Rehabilitation proceedings at the Tokyo District Court, the Firm also

advises TV Asahi Corporation ("TVA") in its claim as creditor to LBHI,

Lehman Brothers Treasury Co. B.V. and Lehman Brothers Japan, Inc.

("LBJ").   This representation is unrelated to the specific matter for which

the Firm has been engaged. TVA's claim is based upon a "Note" in the

amount of JPY1 billion issued by LBJ and guaranteed by LBHI which

TVA purchased from LBJ.    The Firm, however, will not represent TVA

in its filing of any Proof of Claim in relation to the Note against LBHI.

Rather, U.S. counsel for TVA will represent TVA in its filing of any Proof

of Claim against LBHI.    Further, the Firm has obtained a consent to such

5

contemporaneous representation from both LBHI and TVA and it is in

compliance with all local laws and/or rules of professional conduct

regarding conflicts of interest.

11.    Name of individual completing this form:

Junya Naito

6