**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
                                                  :
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.* :        **08-13555 (JMP)**
                                                  :
      **Debtors.**                                :        **(Jointly Administered)**
                                                  :
-------------------------------------------------------------------------x

**SUMMARY STATEMENT FOR EIGHTH INTERIM FEE**
**APPLICATION OF BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE**
**DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

| | |
|---|---|
| **Name of Applicant:** | Bingham McCutchen LLP |
| **Time Periods:** | February 1, 2011, through May 31, 2011 |
| **Role in the Case:** | Bingham McCutchen LLP is Retained as Special Counsel to the Debtors Under Section 327(e) of the Bankruptcy Code |
| **Current Application:** | Total Fees Requested:  $1,919,507.31<br>Total Expenses Requested:  $144,616.38 |
| **Prior Applications:** | First Interim Fee Application Dated April 9, 2009<br>Second Interim Fee Application Dated August 14, 2009<br>Third Interim Fee Application Dated December 14, 2009<br>Fourth Interim Fee Application Dated April 16, 2010<br>Fifth Interim Fee Application Dated August 16, 2010<br>Sixth Interim Fee Application Dated December 14, 2010<br>Seventh Interim Fee Application Dated May 31, 2011 |
| **This Application is:** | ___X___ Interim _____ Final |

## Professional Hours Billed During Eighth Interim Fee Period[1]

| Partners and Of Counsel | | | | |
|---|---|---|---|---|
| Timekeeper | Admission Date | Position | Total Hours Billed | Amount Billed |
| Blanchard, Hartman | 1994 | Partner | 289.60 | 210,495.50 |
| Bowers, Chris | 1999 | Partner | 158.70 | 134,514.00 |
| Buch, Ronald L. | 1993 | Partner | 85.70 | 76,763.50 |
| Buddhdev, Sheena | 1999 | Of Counsel | 33.70 | 24,095.50 |
| Carpenter-Holmes, Amy | 1998 | Partner | 0.10 | 78.50 |
| Dillon, Sheri A. | 1999 | Partner | 96.00 | 87,095.25 |
| Greer, Stefanie | 2002 | Of Counsel | 3.10 | 2,139.00 |
| Gross, Robert J. | 1998 | Partner | 21.90 | 16,425.00 |
| Johnson, Jeffrey R. | 1993 | Partner | 25.10 | 21,335.00 |
| Katcher, Bob | 1978 | Partner | 0.70 | 717.50 |
| Levy, Michael N. | 1991 | Partner | 50.10 | 45,785.25 |
| Leyva, Natan J. | 2000 | Partner | 5.90 | 5,280.50 |
| Madan, Raj | 1993 | Partner | 171.60 | 156,134.00 |
| McGrath, James C. | 1993 | Partner | 7.40 | 5,032.00 |
| | | | 949.60 | $785,890.50 |

| Associates, Staff Attorneys and Contract Attorneys | | | | |
|---|---|---|---|---|
| Timekeeper | Admission Date | Position | Total Hours Billed | Amount Billed |
| Bahar, Ardrelle | 2001 | Staff Attorney | 12.50 | 4,625.00 |
| Banvard, Honor | 2008 | Associate | 28.30 | 15,706.50 |
| El-Mallawany, Deana | 2008 | Associate | 23.40 | 14,274.00 |
| Hagan, Robert Patrick | 2008 | Associate | 19.10 | 12,224.00 |
| Kummer, Michael | 2009 | Associate | 23.10 | 12,358.50 |
| Leonard, Bob | 2007 | Associate | 58.40 | 33,885.50 |
| Lo, Audrey | 2007 | Associate | 7.30 | 4,453.00 |
| Lu, Karen | 2007 | Associate | 15.30 | 9,333.00 |
| Margulies, Oren P. | 2007 | Associate | 4.90 | 3,136.00 |
| Martin, Elizabeth | 2004 | Counsel | 10.40 | 7,436.00 |
| Martin, Alexis | 2010 | Associate | 13.10 | 6,419.00 |
| Mezei, Saul | 2003 | Associate | 100.40 | 64,256.00 |
| Murdock, John | 1999 | Staff Attorney | 4.00 | 1,480.00 |
| Otero, Kevin | 2005 | Counsel | 26.20 | 15,663.00 |
| Peppelman, David J. | 2008 | Associate | 47.50 | 28,975.00 |
| Rankin, Kiara L. | 2007 | Associate | 698.90 | 412,787.00 |
| Schatz, Brian D. | 2009 | Associate | 4.10 | 2,009.00 |
| Stults, Kevin R. | 2005 | Associate | 239.10 | 158,354.50 |

---

[1] For billing rates for individual professionals and paraprofessionals, please see Exhibit B.

| Associates, Staff Attorneys and Contract Attorneys | | | | |
|---|---|---|---|---|
| Timekeeper | Admission Date | Position | Total Hours Billed | Amount Billed |
| Sundar, Smitha | 2010 | Associate | 33.60 | 16,464.00 |
| Taylor, Victoria | 2008 | Associate | 40.90 | 24,278.00 |
| Tidwell, Royce | 2007 | Associate | 74.90 | 44,774.00 |
| Ussing, C. Terrell | N/A | Summer Associate | 10.10 | 0.00 |
| Wacker, Nathan P. | 2010 | Associate | 359.50 | 158,700.00 |
| Wideman, Lauren B. | 2009 | Associate | 94.00 | 45,447.50 |
| Wilkins, Nicholas | 2011 | Associate | 154.70 | 71,162.00 |
| | | | 2,103.70 | $1,168,200.50 |

| Paraprofessionals - Paralegal and Library | | | | |
|---|---|---|---|---|
| Timekeeper | Admission Date | Position | Total Hours Billed | Amount Billed |
| Abdel-Nour, Francesca | N/A | Paralegal | 10.20 | 2,550.00 |
| Bohls, Dawn | N/A | Research Spec. | 9.60 | 3,312.00 |
| Capato, Gina M. | N/A | Paralegal | 23.80 | 8,449.00 |
| Carrera, Alex | N/A | Paralegal | 2.00 | 560.00 |
| Dalton, Sarah | N/A | Paralegal | 12.40 | 2,666.00 |
| Dana, Anne M. | N/A | Research Spec. | 0.20 | 47.00 |
| Hensel, Jeannie H. | N/A | Paralegal | 82.50 | 21,690.50 |
| Humphreys, Amber | N/A | Research Spec. | 2.40 | 480.00 |
| Kehoe, Paul T. | N/A | Paralegal | 0.30 | 106.50 |
| Murray, Ann C. | N/A | Paralegal | 0.40 | 142.00 |
| Newton, Rebecca | N/A | Research Spec. | 0.50 | 132.50 |
| Obach, Andrew | N/A | Paralegal | 42.30 | 9,094.50 |
| Owens, Angela M. | N/A | Paralegal | 115.20 | 30,044.00 |
| Plegge, Lisa Doussard | N/A | Paralegal | 2.10 | 745.50 |
| Ross, Mark | N/A | Paralegal | 5.50 | 1,705.00 |
| Sloan, Charles | N/A | Paralegal | 138.00 | 20,700.00 |
| Trevicano, Luisa | N/A | Paralegal | 1.00 | 280.00 |
| Wingard, Adam | N/A | Paralegal | 62.20 | 9,952.00 |
| Ziegler, Julie E. | N/A | Paralegal | 89.10 | 20,493.00 |
| | | | 599.70 | $133,149.50 |

| Paraprofessionals - Litigation Support | | | | |
|---|---|---|---|---|
| Timekeeper | Admission Date | Position | Total Hours Billed | Amount Billed |
| Metcalfe, Jonathon | N/A | Litigation Support | 7.50 | 2,617.50 |
| Neal, Stephen | N/A | Litigation Support | 0.30 | 79.50 |
| Zukowski, Todd | N/A | Litigation Support | 4.00 | 940.00 |
| | | | 11.80 | $3,637.00 |

| Summary of Professionals and Paraprofessionals | | | |
|---|---|---|---|
| Professional Title | Blended Rate | Hours Billed | Total Compensation |
| Partner and Of Counsel | $827.60 | 949.60 | $785,890.50 |
| Associate and Staff Attorney | $555.31 | 2,103.70 | $1,168,200.50 |
| Paraprofessional - Paralegal | $222.03 | 599.70 | $133,149.50 |
| Paraprofessional - Litigation Support | $308.22 | 11.80 | $3,637.00 |
| Subtotal of Fees Accrued | | 3,664.80 | $2,090,877.50 |
| Less Applicable Credit Due from the Sixth Interim Fee Period | | | ($169,637.69) |
| Less Voluntary Reductions Taken at the time of Filing the Eighth Interim Fee Application | | | ($1,732.50) |
| Total Fees Requested | | | $1,919,507.31 |

## Professional Services Rendered by Category During Eighth Interim Fee Period

| Matter Number | Description | Hours | Fees |
|---|---|---|---|
| 343744 | Miscellaneous Litigation | 137.1 | $101,266.25 |
| 1101400015 | Various Shelf Matters | 92.9 | $59,273.00 |
| 1101400397 | Matter 397 | 5.8 | $5,424.50 |
| 1101400402 | Matter 402 | 244.1 | $151,036.50 |
| 1101400474 | Matter 474 | 2,486.30 | $1,374,407.50 |
| 1101400502 | Matter 502 | 2.8 | $2,053.00 |
| 1101400561 | Matter 561 | 29.2 | $22,236.50 |
| 1101400667 | Matter 667 | 78 | $58,837.50 |
| 1101400750 | Matter 750 | 244 | $133,359.00 |
| 1101400798 | Matter 798 | 2.7 | $1,809.00 |
| 1101400901 | Responding to Fee Committee Requests | 62.5 | $36,809.50 |
| 1101400902 | Fee Application Preparation | 146.6 | $53,555.00 |
| 1101400903 | Retention Issues | 2.4 | $1,567.50 |
| 1101400910 | Matter 910 | 98 | $66,462.25 |
| 1101400911 | Matter 911 | 32.4 | $22,780.50 |
| Subtotal of Fees Accrued | | 3,664.80 | $2,090,877.50 |
| Less Applicable Credit Due from Fifth Interim Fee Period | | | ($169,637.69) |
| Less Voluntary Reductions Taken in the Eighth Interim Fee Application | | | ($1,732.50) |
| Total Fees Requested | | | $1,919,507.31 |

## Expenses Incurred During Eighth Interim Fee Period

| Expense Category | Actual Amount |
|---|---|
| Consulting | 78,339.56 |
| Court Costs | 63.63 |
| Depositions and Transcripts | 554.39 |
| Filing Fees | 1,569.50 |
| Ground Transportation | 225.14 |
| Index/Binding | 510.59 |
| Library Retrieval Services | 301.04 |
| Long Distance Telephone | 372.05 |
| Meals: Client Meeting | 2,656.35 |
| Online Legal Research | 15,168.93 |
| Other Electronic Research | 1,685.22 |
| Overnight/Express Delivery | 1,813.78 |
| Photocopies | 3,712.90 |
| Photocopies: Color | 49.80 |
| Scanning | 411.80 |
| Teleconference | 59.69 |
| Travel: Air Transportation | 40,877.60 |
| Travel: Coach Services | 9,249.10 |
| Travel: Ground Transportation | 711.91 |
| Travel: Lodging | 20,953.14 |
| Travel: Meals | 458.26 |
| Travel: Parking | 342.00 |
| Travel: Rail Transportation | 6,689.19 |
| **Subtotal of Expenses Incurred** | **$186,775.57** |
| **Less Voluntary Reductions Taken in Monthly Statements** | **($41,787.14)** |
| **Less Additional Voluntary Reductions Taken in Eighth Interim Fee Application** | **($372.05)** |
| **Total Expenses Requested** | **$144,616.38** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x
                                            :
In re                                       :        **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.* :        **08-13555 (JMP)**
                                            :
        **Debtors.**                        :        **(Jointly Administered)**
                                            :
-----------------------------------------------------------------------x

## EIGHTH INTERIM FEE APPLICATION OF BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Bingham McCutchen LLP ("Bingham"), special counsel for Lehman Brothers

Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases

(collectively, the "Debtors"), files its Eighth Interim Fee Application (the "Application") seeking

compensation for professional services rendered and reimbursement of actual and necessary

expenses incurred in connection with its representation of the Debtors from February 1, 2011

through May 31, 2011 (the "Eighth Interim Fee Period"), pursuant to sections 330 and 331 of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Application, Bingham

respectfully states as follows:

## Background

### A.      The Chapter 11 Cases

           1.        Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

           2.        On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

           3.        On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

           4.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

           5.        On January 24, 2011, the Court entered an order modifying the composition of the fee committee (the "Fee Committee") that had previously been appointed in

these chapter 11 cases [Docket No. 14117]. On April 14, 2011, the Court entered an order approving a revised fee protocol (the "Fee Protocol") setting forth certain procedures and guidelines with respect to the fees and expenses of retained professionals in these cases [Docket No. 15998].

6.      On January 25, 2011, the Debtors filed the first amended joint chapter 11 plan and disclosure statement [Docket Nos. 14150 and 14151].

7.      On July 1, 2011, the Debtors filed the second amended joint chapter 11 plan and disclosure statement [Docket Nos. 18204 and 18205].

**B.    The Debtors' Businesses**

8.      Prior to the events leading up to these Chapter 11 Cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide.

9.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these Chapter 11 Cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Jurisdiction

10.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

3

11.    The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). By this Application, Bingham respectfully seeks Court approval and allowance for compensation for fees requested for professional services rendered to the Debtors during the Eighth Interim Fee Period in the aggregate amount of $1,919,507.31 and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate amount of $144,616.38.

## Basis for Relief

### A.    Bingham's Retention

12.    On August 14, 2009,[1] the Debtors filed an Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Bingham McCutchen LLP as Special Counsel, *nunc pro tunc*, to August 1, 2009 [Docket No. 4811]. The application was approved by order dated August 25, 2009 [Docket No. 4927].[2] In connection therewith, Bingham filed the Supplemental Declaration of Rajiv Madan on Behalf of Bingham McCutchen Pursuant to Sections 327, 328(a), 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules [Docket No. 4636] (the "August Declaration"). Since the

---

[1] Bingham combined with McKee Nelson LLP ("McKee"), effective August 1, 2009. McKee was previously retained by the Debtors for the tax and securitization matters. As of August 1, 2009, all McKee attorneys who represented the Debtors in their Chapter 11 Cases became attorneys at Bingham.

[2] On February 19, 2010, the Debtors filed a Motion Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Amend the Order Approving Retention of Bingham McCutchen LLP as Special Counsel to the Debtors, *nunc pro tunc*, to the Engagement Date [Docket No. 7175], in connection with a supplemental litigation matter. Bingham's retention by the Debtors for the supplemental litigation matter was approved by Court Order on March 9, 2010 [Docket No. 7491].

filing of the August Declaration, Bingham has filed additional supplemental disclosures with the Court. [Docket Nos. 5602, 8684, 9332, 10294, 11860, 13361, 15204 and 17278].

**B.**   **Compensation**

13.   On April 9, 2009, McKee filed its First Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from September 15, 2008, through January 31, 2009 (the "First Interim Fee Application") [Docket No. 3318], in the amounts of $2,727,562.00 and $105,916.85, respectively.   The Court granted the First Interim Fee Application, awarding $2,454,805.80 in fees and $105,916.85 in expenses, by order dated August 13, 2009, reflecting a 50% reduction of the initial 20% holdback of fees [Docket No. 4795].  On August 20, 2009, Bingham received these amounts pursuant to the Court's order.  On September 25, 2009, the Court awarded Bingham the remaining holdback for the First Interim Fee Period [Docket No. 5274], and Bingham received this remaining holdback amount of $272,756.20 on October 20, 2009.

14.   On August 14, 2009, Bingham filed its Second Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2009, through May 31, 2009 (the "Second Interim Fee Application") [Docket No. 4810], in the amounts of $2,967,972.25 and $171,034.92, respectively.  By order dated September 25, 2009, the Court granted the Second Interim Fee Application, awarding $2,671,175.03 in fees and $171,034.92 in expenses, reflecting a 50% reduction in the initial 20% holdback of fees [Docket No. 5274].  Bingham received these amounts on October 20, 2009.  The Court's order awarding the remaining 10% holdback was conditioned on receiving a final recommendation by the Fee

5

Committee of potential deductions. On December 23, 2009, the Court entered an order awarding

$210,379.05 of the remaining holdback for the Second Interim Fee Period, determined after

applying the Fee Committee's final recommended deductions to the outstanding amounts

[Docket No. 6354]. Bingham received payment of $210,379.05 pursuant to the Court's Order on

December 30, 2009. Bingham has reserved its rights to challenge the Fee Committee's final

recommended deductions.

15.    On December 14, 2009, Bingham filed its Third Interim Fee Application

seeking Court approval and allowance for compensation for fees accrued for professional

services rendered to the Debtors and reimbursement of actual and necessary expenses incurred

from June 1, 2009, through September 30, 2009 (the "Third Interim Fee Application") [Docket

No. 6177], in the amounts of $2,674,901.00 and $108,636.71, respectively. On April 9, 2010,

the Court entered an order Granting Applications for the Allowances of Interim Compensation

for the Period of June 1, 2009, through September 30, 2009, for Professional Services Performed

and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No.

8211], awarding Bingham $2,594,831.51 in fees and $107,213.40 in expenses, determined after

applying the Fee Committee's final recommended deductions to the requested amounts.

Bingham has reserved its rights to challenge the Fee Committee's final recommended

deductions.

16.    On April 16, 2010, Bingham filed its Fourth Interim Fee Application

seeking Court approval and allowance for compensation for professional services rendered to the

Debtors and reimbursement of actual and necessary expenses incurred from October 1, 2009

through January 31, 2010 (the "Fourth Interim Fee Application") [Docket No. 8387], in the

amounts of $2,605,491.77 and $97,483.70, respectively. On September 9, 2010, the Court

entered an order Granting Applications for the Allowances of Interim Compensation for the Period of October 1, 2009, through January 31, 2010, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 11237], awarding Bingham $2,485,041.94 in fees and $87,857.38 in expenses, determined after applying the Fee Committee's final recommended deductions to the requested amounts. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

17.    On August 16, 2010, Bingham filed its Fifth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2010, through May 31, 2010 (the "Fifth Interim Fee Application") [Docket No. 10759], in the amounts of $2,746,440.48 and $103,873.32, respectively. On March 21, 2011, the Fee Committee issued its final recommended reductions to Bingham's Fifth Interim Fee Application, recommending a reduction of $129,901.04 for fees accrued for professional services rendered and $510.31 for actual and necessary expenses incurred. On May 12, 2011, the Court entered an order Granting Applications for the Allowances of Interim Compensation for the Period of February 1, 2010 to May 30, 2010, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 16972], awarding Bingham $2,616,539.44 in fees and $103,363.01 in expenses, determined after applying the Fee Committee's final recommended deductions to the requested amounts. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

18.    On December 14, 2010, Bingham filed its Sixth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the

Debtors and reimbursement of actual and necessary expenses incurred from June 1, 2010, through September 30, 2010 (the "Sixth Interim Fee Application") [Docket No. 13447], in the aggregate of $2,042,918.90 and $188,198.37, respectively. On March 21, 2011, the Fee Committee issued its final recommended reductions to Bingham's Fifth Interim Fee Application, recommending a reduction of $129,901.04 for fees accrued for professional services rendered and $510.31 for actual and necessary expenses incurred. On August 1, 2011 the parties filed a Stipulation between Bingham McCutchen LLP and the Fee Committee regarding the Sixth Interim Application of Bingham McCutchen LLP, Special Counsel to the Debtors, for the Compensation and Expenses for the Period June 1, 2010 through September 30, 2010 [Docket No. 18974], stipulating that Bingham be awarded $2,010,384.15 in fees and $187,655.49 in expenses.

19.    On May 31, 2011, Bingham filed its Seventh Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from October 1, 2010, through January 31, 2011 (the "Seventh Interim Fee Application") [Docket No. 17237], in the aggregate of $1,683,554.39 and $206,529.67, respectively. This Fee Application is currently pending before the Court.

## C.    Applicable Authority

20.    This Application has been prepared in accordance with:    (a) the Administrative Order Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, approved by the Board of Judges on April 19, 1995 (the "Local Guidelines"); (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

issued January 30, 1996 (the "UST Guidelines"); and (c) the Fourth Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals, dated April 14, 2011 [Docket No. 15997] (the "Interim Fee Order," and

collectively with the Local Guidelines and the UST Guidelines, the "Guidelines"). Pursuant to

the Guidelines, a certification regarding compliance with the same is attached hereto as Exhibit

A.

21.    In preparing this Application, Bingham has also reviewed and considered

the Fee Committee Reports Pertaining to the Interim Fee Applications of All Retained

Professionals (the "Committee Reports") [Docket Nos. 4655, 5104, 6165, 7498, 10947 and

18603 respectively].  Bingham has also received specific guidance from the Fee Committee in

connection with the Fee Applications previously submitted and has considered such guidance in

preparing this Application.

### Fees and Expenses

22.    During the Eighth Interim Fee Period, Bingham accrued fees for professional services rendered in the aggregate of $2,090,877.50[3] and incurred expenses in the aggregate of $186,775.57.[4] Bingham professionals and paraprofessionals expended a total of 3,664.80 hours for which compensation is requested. Bingham's requests for compensation in the monthly fee statements are broken down as follows:

| Period Covered | Hours | Requested | | Received | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | |
| 2/1/2011 - 2/28/2011 | 953.9 | $611,805.50 | $30,367.93 | $489,444.40 | $30,367.93 | $122,361.10 | $0.00 |
| 3/1/2011 - 3/31/2011 | 1106.9 | $655,100.75 | $72,059.99 | $524,080.60 | $72,059.99 | $131,020.15 | $0.00 |
| 4/1/2011 - 4/30/2011 | 645.5 | $379,611.75 | $29,054.71 | $303,689.40 | $29,054.71 | $75,922.35 | $0.00 |
| 5/1/2011 - 5/31/2011 | 958.5 | $444,359.50 | $13,505.80 | $355,487.60 | $13,505.80 | $88,871.90 | $0.00 |
| Subtotals | 3,664.80 | $2,090,877.50 | $144,988.43 | $1,672,702.00 | $144,988.43 | $418,175.50 | $0.00 |
| Voluntary Reduction Taken in Eighth Interim Fee Application | | ($1,732.50) | ($372.05) | | | ($1,732.50) | ($372.05) |
| Less Applicable Credit Due from Sixth Interim Fee Period | | ($169,637.69) | | | | ($169,637.69) | |
| Totals: | | $1,919,507.31 | $144,616.38 | $1,672,702.00 | $144,988.43 | $246,805.31 | ($372.05) |

23.    Other than pursuant to the Interim Fee Order, Bingham has not received payment or promises of payment from any source for services rendered or to be rendered in these Chapter 11 Cases during the Eighth Interim Fee Period. There is no agreement or understanding between Bingham and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases. Bingham has not

---

[3] The amount of fees requested in this Fee Application is $1,919,507.31. The difference between the amount of fees requested and the amount of fees accrued in monthly statements for this time period reflects a credit of $169,637.69 due Lehman from a prior fee period and a voluntary reduction of $1,732.50 made at the time of the filing of this Application. Additionally, Bingham voluntarily reduced its fees at the time of filing its monthly statements by $73,981.00 consistent with Fee Committee guidance providing for billing non-working travel time at 50% of regular rates.

[4] Bingham voluntarily reduced its requested expenses at the time of filing its monthly statements in the amount of $41,787.14 to comply with guidelines issued by the Fee Committee. Bingham further reduced its requested expenses by $372.05 at the time of filing of this Application.

received a security retainer or advance payment for fees and expenses incurred in connection with its representation of the Debtors in these Chapter 11 Cases.

24.    Bingham charged its fees in these Chapter 11 Cases in accordance with billing rates and procedures in effect during the Eighth Interim Fee Period and as set forth in the Retention Application.    The rates charged by Bingham for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are the same as or less than the rates charged by Bingham for professional services rendered in comparable non-bankruptcy related matters.

25.    Pursuant to the Guidelines, attached hereto as Exhibit B is a schedule setting forth all Bingham professionals and paraprofessionals who performed services during the Eighth Interim Fee Period, the position of each professional at Bingham during the Eighth Interim Fee Period, the date of bar admission for each professional if applicable, the hours worked by each professional and paraprofessional, and the hourly rate of each professional and paraprofessional.    Such fees are reasonable and based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases.

26.    Pursuant to the Guidelines, attached hereto as Exhibit B1 is a schedule identifying each timekeeper at Bingham providing services on each matter with the timekeeper's hours and fees for the project during the Eighth Interim Fee Period.    To protect confidentiality and maintain attorney-client privilege and work product protection over the advice Bingham has provided to the Debtors, Bingham has used matter numbers in lieu of substantive matter names.

27.    Pursuant to the Guidelines, attached hereto as Exhibit C is a summary of Bingham's time records billed during the Eighth Interim Fee Period, utilizing the project categories as described below.    Detailed records of the hours expended and associated fees by

11

professionals and paraprofessionals during the Eighth Interim Fee Period are attached hereto as Exhibits C1-C4. To protect confidentiality and maintain attorney-client privilege and work product protection over the advice Bingham has provided to the Debtors, Bingham has redacted its time entry and expense descriptions. Similarly, Bingham has used matter numbers in lieu of substantive matter names.

28.    Pursuant to the Guidelines, attached hereto as Exhibit D is a categorical summary of the expenses billed during the Eighth Interim Fee Period. Detailed records of the expenses billed during the Eighth Interim Fee Period are attached hereto within Exhibits C1-C4.

29.    To the extent that time or expense charges for services rendered or expenses incurred relate to the Eighth Interim Fee Period, but were not processed prior to the preparation of the Application, Bingham reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## Voluntary Reductions

30.    Responding to and in its efforts to comply with guidance received from the Fee Committee, Bingham previously took voluntary reductions for fees incurred in the amount of $73,981.00 and expenses incurred in the amount of $41,787.14 when it submitted its monthly statements for the Eighth Interim Fee Period. Additionally, Bingham is taking voluntary reductions for fees incurred in the amount of $1,732.50 and expenses incurred in the amount of $372.05 at the time of filing this Application.

## Summary of Services

31.    In accordance with the Retention Order, Bingham provided such services as were necessary and appropriate in order to advise the Debtors regarding tax controversy and certain securitization and capital markets matters in the course of these Chapter 11 Cases. The full scope and breadth of the services rendered during the Eighth Interim Fee Period is reflected

in the monthly statements, which have been provided to the Notice Parties (as defined in the

Interim Fee Order) and incorporated herein as <u>Exhibits C1-C4</u>. The following is a summary by

category of the significant professional services rendered by Bingham during the Eighth Interim

Fee Period:

        a.      <u>1997-2000 Refund Claims</u>

        Bingham professionals and paraprofessionals rendered services in connection

with pursuing a resolution of the remaining two issues included in Debtors' claims for refund

from the Internal Revenue Service (the "<u>IRS</u>") of taxes, penalties, and interest paid for the 1997-

2000 tax years (the "<u>1997-2000 Refund Claims</u>"), both of which are also disputed in certain tax

years from 2001 through 2008. Pursuit of an administrative resolution continues for one issue,

and the other issue has proceeded to litigation. During the Eighth Interim Fee Period, Bingham

professionals and paraprofessionals continued to develop the factual positions in preparation for

settlement meetings in pursuit of an administrative resolution for one matter, and rendered

services in connection with the litigation on the other matter for which no administrative

resolution could be reached. These processes entailed coordination with the Creditors'

Committee and the SIPC Trustee administering LBI's estate. In addition, Bingham professionals

conducted other tasks and projects not specifically enumerated in order to preserve

confidentiality and protect privileged information. These services are noted in <u>Exhibits C1-C4</u>

under Matter Codes 474 and 910. Upon request, Bingham will provide further information

regarding the matters and specific services provided.

        b.      <u>2001-2007 Audit Issues</u>

        The IRS audit of Debtors' 2001-2007 tax years has progressed to an issue

resolution phase, involving approximately 20 significant issues, some of which are carryover

issues from those included in the 1997-2000 Refund Claims (the "2001-2007 Audit Issues").
During the Eighth Interim Fee Period, Bingham professionals participated in numerous meetings
and teleconferences with the IRS regarding the 2001-2007 Audit Issues, continued to develop the
facts and the legal grounds for recovery relating to each unresolved matter, drafted legal and
factual memoranda with respect to the issues raised, analyzed positions in preparation for
settlement negotiations, brought certain issues to successful resolution, and prepared settlement
documents reflecting those resolutions.    These processes entailed coordination with the
Creditors' Committee and the SIPC Trustee administering LBI's estate.  Bingham professionals
also conducted other tasks and projects not specifically enumerated in order to preserve
confidentiality and protect privileged information. These services are noted in Exhibits C1-C4
under Matter Codes 397, 402, 474, 502, 667, 798, and 910.  Upon request, Bingham will provide
further information regarding the matters and specific services provided.

<ol type="c" start="3"><li>Transaction Audits</li></ol>

Bingham professionals and paraprofessionals advised on and helped manage two
other of Debtors' ongoing IRS audits involving specific aspects of Debtors' business activities
(the "Transaction Audits").  These services are noted in Exhibits C1-C4 under Matter Codes 561
and 750.  In addition to audit management, Bingham professionals researched and analyzed
transaction data to further develop factual and legal arguments on the Debtors' behalf, drafted
legal memoranda with respect to the issues raised, prepared document productions and responses
to IRS requests, participated in numerous meetings and teleconferences with the IRS, met with
witnesses to prepare for interviews, analyzed positions in preparation for settlement negotiations,
brought certain issues to successful resolution, and prepared settlement documents reflecting that
resolution.  This process entailed coordination with the Creditors' Committee and the SIPC

Trustee administering LBI's estate. Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information. Upon request, Bingham will provide further information regarding the matters and specific services provided.

      d.      <u>Non-Matter Specific Tax Services</u>

This category pertains to Bingham professionals and paraprofessionals rendering generally applicable tax controversy advice in these proceedings. These services are noted in <u>Exhibits C1-C4</u> under Matter Codes 402 and 911. Bingham professionals discussed procedure with the Debtors' tax department to position the various matters for litigation or resolution in appeals, performed ongoing management of the issues related to the audits, including coordination with the Debtors and the IRS, developed and analyzed the global procedure for resolution of the various issues subject to the audits, including legal research on the effects of the bankruptcy proceedings on these procedures, and analyzed and prepared various tax calculations. This process entailed coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate. Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information. Upon request, Bingham will provide further information regarding the matters and specific services provided.

      e.      <u>Securitization and Capital Markets Matters</u>

Bingham professionals and paraprofessionals rendered services in connection with certain securitization and capital markets matters. These services are noted in <u>Exhibits C1-C4</u> under Matter Code 015. Specifically, Bingham professionals and paraprofessionals drafted compliance opinions required under certain securitization documents, tracked and filed UCC

continuation statements, renewed service of process agents, handled a variety of deal document issues, including waterfalls, derivative issues, and filing requirements, and handled various filing requirements and associated issues under related securities laws and regulations. In addition, Bingham professionals and paraprofessionals conducted any other securitization or capital markets matters requested by the Debtors in relation to the foregoing.

f.    Supplemental Litigation Matter

Bingham professionals and paraprofessionals rendered services in connection with the supplemental litigation matter. These services are noted in Exhibit C1-C4 under Matter Code 343744. Specifically, Bingham professionals and paraprofessionals reviewed relevant materials and conferred with counsel for LBHI and other represented parties in connection with responding to requests for information concerning the supplemental litigation matter. Upon request, Bingham will provide further information regarding the matter and specific services provided.

g.    Retention Application Preparation

Bingham professionals and paraprofessionals conducted conflicts searches and submitted supplemental declarations related thereto during the Eighth Interim Fee Period. These services are noted in Exhibits C1-C3 under Matter Code 903.

h.    Fee Application Preparation

The billing procedures required by the Guidelines and the Fee Committee in this case have required significant effort on the part of certain professionals and paraprofessionals to ensure compliance with the same. Specifically, Bingham professionals and paraprofessionals have reviewed the detailed time entries for privilege and confidentiality, prepared detailed and summary schedules of fees and expenses incurred, and drafted the narratives and schedules

included in Bingham's monthly statements. During the Eighth Interim Fee Period, Bingham professionals and paraprofessionals also prepared the Seventh Interim Fee Application and supporting exhibits. Based on guidance received from the Fee Committee, Bingham has voluntarily reduced its fees for time spent on billing activities in this Application. These services are noted in Exhibits C1-C4 under Matter Code 902.

   i.  Responding to Fee Committee Requests

   During the Eighth Interim Fee Period, Bingham professionals and paraprofessionals analyzed the revised procedures set forth by the reconstituted Fee Committee, responded to requests by the Fee Committee for historical data, corresponded with the Fee Committee on a variety of issues including the protection of privileged information, and prepared budgets per the Fee Committee's and Debtors' request. These services are noted in Exhibits C1-C4 under Matter Code 901.

   32.  The foregoing professional services performed by Bingham were necessary and appropriate to the administration of the Debtors' Chapter 11 Cases. The professional services performed by Bingham were in the best interest of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed in an efficient manner.

   33.  The professional services performed by Bingham on behalf of the Debtors during the Eighth Interim Fee Period required an aggregate expenditure of 3,664.80 recorded hours by Bingham professionals and paraprofessionals. Of the aggregate time expended, 949.60 recorded hours were expended by partners, of counsel and counsel, 2,103.70 recorded hours were expended by associates and staff attorneys, and 611.50 recorded hours were expended by

paraprofessionals and litigation technology support analysts of Bingham. During the Eighth Interim Fee Period, Bingham billed the Debtors for time expended by professionals and paraprofessionals based on Bingham's regular hourly rates.

## Actual and Necessary Expenses

34.    As set forth in Exhibit D, Bingham is requesting $144,616.38 for expenses incurred in providing professional services during the Eighth Interim Fee Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified to serve the needs of the Debtors, their estates, and creditors, and Bingham made every effort to minimize its expenses in these cases. As more fully described in Exhibits C1-C4, Bingham seeks reimbursement for various categories of expenses, including: Consulting, Court Costs, Depositions and Transcripts, Filing Fees, Ground Transportation, Index/Binding, Library Retrieval Services, Meals: Client Meeting, Online Legal Research, Other Electronic Research, Overnight/Express Delivery, Photocopies, Photocopies: Color, Scanning, Teleconference, Travel: Air Transportation, Travel: Coach Services, Travel: Ground Transportation, Travel: Lodging, Travel: Meals, Travel: Parking, Travel: Rail Transportation. All entries in Exhibits C1-C4 are in accordance with the Guidelines.

## The Requested Compensation Should Be Allowed

35.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> > (A)     the time spent on such services;
> >
> > (B)     the rates charged for such services;
> >
> > (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> >
> > (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> >
> > (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> >
> > (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

36.     The services for which Bingham seeks compensation and the expenditures for which Bingham seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates and their rehabilitation and reorganization effort.

37.     All of Bingham's professionals who rendered services in these proceedings made a deliberate effort to avoid unnecessary duplication of work and time expended.  In certain instances, however, conferences and/or collaboration were necessary among Bingham's professionals.

38.    Whenever possible, Bingham sought to minimize the costs of its services to the Debtors by utilizing talented junior professionals, without sacrifice to the quality of the services rendered. At the request of Debtors, due to the complexity and magnitude of certain issues and the specific expertise of certain attorneys, Bingham utilized more senior professionals as it was determined it would create greater efficiencies and therefore be more cost-effective.

39.    Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

40.    In sum, the services rendered by Bingham were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Notice

41.     Notice of this Application will be served on August 15, 2011, in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these Chapter 11 Cases.  Notice will also be given to each of the retained professionals in these Chapter 11 Cases.  Bingham submits that no other or further notice need be provided.

## Conclusion

WHEREFORE Bingham respectfully requests that the Court enter an order (i) awarding Bingham interim compensation from the Debtors for fees accrued for actual and necessary professional services rendered during the Eighth Interim Fee Period in the aggregate amount of $1,919,507.31, (ii) allowing Bingham interim reimbursement for actual and necessary expenses incurred during the Eighth Interim Fee Period in the aggregate amount of $144,616.38, (iii) holding that the allowance of such interim compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Bingham's right to seek additional compensation for services performed and expenses incurred during the Eighth Interim Fee Period which were not processed at the time of this Application; and (iv) granting Bingham such other and further relief as it deems just and proper.

Dated: August 15, 2011
      Washington, D.C.

Rajiv Madan, Esq.
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

Special Counsel for the Debtors
and Debtors in Possession