**Hearing Date: August 17, 2011 at 10:00 a.m. (ET)**

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
: 
In re:                                                            :        Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,                            :        08-13555 (JMP)
                                                                  :
                         Debtors.                                 :        (Jointly Administered)
                                                                  :
----------------------------------------------------------------- X

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**IN SUPPORT OF MOTION OF LEHMAN BROTHERS HOLDINGS INC.**
**AND LEHMAN COMMERCIAL PAPER INC. PURSUANT TO SECTION 363**
**OF THE BANKRUPTCY CODE FOR AUTHORITY TO SELL INTEREST IN**
**ROSSLYN SYNDICATION PARTNERS JV LP**

The Official Committee of Unsecured Creditors (the "Committee") appointed in

the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in

possession (collectively, the "Debtors"), hereby files this statement in support of the motion by

LBHI and Lehman Commercial Paper, Inc. ("LCPI" and, together with LBHI, the "Movants") ,

dated July 26, 2011 [Docket No. 18794] (the "Motion"),[1] pursuant to section 363 of title 11 of

the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), for

(i) LBHI to authorize its non-Debtor affiliate, Rosslyn LB Syndication Partner LLC, to sell its

---

[1]     All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

limited partner interest (the "LP Interest") in Rosslyn Syndication Partners JV LP (the "Joint Venture"), and (ii) LCPI to issue a guarantee in connection therewith.

## STATEMENT

1.  The Committee supports the relief requested in the Motion.  As discussed in the Motion, the Committee has been working with the Debtors and their advisors to determine the best method and timing of monetizing the LP Interest.  In May 2010, the Debtors, with the Committee's consent, obtained authority to, among other things, transfer approximately $206 million to the Joint Venture to repay certain mortgage loans.  This transaction enabled the Joint Venture to retain the Credit Facility which has below market financing terms, thus increased the marketability of the Joint Venture and preserving optionality with respect to the Movants' investment therein.

2.  The Committee agrees with the Movants that the commercial real estate and capital markets have significantly recovered, and that retaining the LP Interest will not provide the Movants' estates with sufficiently increased value on a risk-adjusted basis.  Thus, the Committee agrees that the timing is right to monetize the LP Interest.

3.  Although the Committee's advisors believe that a Court-approved auction process is usually necessary for sales of the Debtors' significant assets, the Committee's advisors agree that such a process may be dispensed with here because, among other things, (i) in light of the robust marketing process run by Eastdil, any additional marketing of the LP Interest would be duplicative and could prove detrimental to the deal actually on the table; (ii) there is a real risk that the Potential Purchaser might walk away if a further process were conducted; and (iii) any other potential purchaser may have difficulties satisfying the JV Partners' complex consent rights.  Moreover, the Committee's advisors have insisted that the Movants must consider, in accordance with their fiduciary duties, any higher and better offers that may emerge before the

hearing on the Motion.  Finally, the Committee's advisors have secured the Debtors' assurances that (i) the procedures applicable to the current sale, without a stalking horse or auction process, shall not serve as a precedent for the sale of other significant assets; and (ii) future sales of significant assets will be conducted through a Bankruptcy Court-approved auction process absent compelling circumstances.

4.    Further, the Committee's advisors believe that the LCPI Guarantee is reasonable.  First, the LCPI Guarantee is capped at an amount not to exceed $15 million with the limited exception of actual fraud.  The scope of the LCPI Guarantee is consistent with what sellers typically provide in these types of real estate transactions.  Second, LCPI is the appropriate party to provide a guarantee in connection with the sale, because LCPI is deemed to have an ownership interest in the LP Interest.  The LP Interest is one of the underlying assets of the RACERS structure.  Pursuant to the *Order Pursuant to Section 363 of the Bankruptcy Code Amending the RACERS Transaction Documents and Terminating Certain RACERS Transaction Documents* [Docket No. 10943] (the "RACERS Order"), dated August 19, 2010, the Bankruptcy Court deemed LCPI to be the owner of the underlying assets in the RACERS structure and authorized LCPI to dispose of such assets.  Finally, in the unlikely event that the LCPI Guarantee is ever called, the reservation of rights in the RACERS Order and the order on the Motion ensures that any payments by LCPI on the LCPI Guarantee will be reimbursed, on a ratable basis, by any other Lehman entity with an interest in the LP Interest.

[Remainder of Page Intentionally Left Blank]

## **CONCLUSION**

For the foregoing reasons, the Committee respectfully requests that the Court

(i) grant the relief requested in the Motion; and (ii) grant such other relief as is just.

Dated: New York, New York
       August 15, 2011

**MILBANK, TWEED, HADLEY & M\<sup>c\</sup>CLOY LLP**

By:    /s/ Dennis F. Dunne
       Dennis F. Dunne
       Evan R. Fleck
       Dennis C. O'Donnell

       1 Chase Manhattan Plaza
       New York, New York 10005

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.