JONES DAY
Robert W. Gaffey
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :      Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :      08-13555 (JMP)
                                         :
                       Debtors.          :      (Jointly Administered)
                                         :
-------------------------------------------------------------------x
```

### EIGHTH INTERIM APPLICATION OF JONES DAY, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2011 THROUGH MAY 31, 2011

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | Lehman Brothers Holdings Inc. and its affiliated debtors |
| Date of Retention Order: | February 25, 2009 (effective *nunc pro tunc* to the Engagement Dates, as defined in the Retention Application (as such term is defined below))[1] |
| Period for Which Compensation and Reimbursement are Sought | February 1, 2011 to May 31, 2011 |
| Amount of Professional Fees Sought as Actual, Reasonable, and Necessary: | $6,209,821.90 |

---

[1]    Jones Day's retention was subsequently expanded by various supplemental retention orders entered by the Court.

Name of Applicant:      <u>Jones Day</u>

Amount of Expense Reimbursement Sought as Actual,    <u>$107,229.25</u>
Reasonable, and Necessary:

Total Amount Sought:    <u>$6,317,015.15</u>

This is an/a: <u>X</u> Interim ___ Final Application.

Total Amount Received for this Application:    <u>$4,108,992.52</u>

Total Amount Received for All Prior Applications:    <u>$45,139,989.19</u>

Aggregate Amount Paid to Date:    <u>$49,248,981.71</u>

**<u>Total Compensation and Expenses Previously Requested and Awarded:</u>**

| Dated | Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees[2] | Approved Expenses |
|---|---|---|---|---|---|---|
| 04/09/09 | 04/09/09 | 09/18/08 – 01/31/09 | $1,258,056.00 | $10,425.76 | $1,258,056.00 | $10,425.76 |
| 08/14/09 | 08/14/09 | 02/01/09 – 05/31/09 | $4,119,794.00 | $130,667.42 | $4,095,167.00 | $127,483.94 |
| 12/15/09 | 12/15/09 | 06/01/09 – 09/30/09 | $8,787,718.20 | $413,222.52 | $8,613,937.88 | $305,416.91 |
| 05/10/10 | 05/10/10 | 10/01/09 – 01/31/10 | $9,143,140.60 | $266,470.81 | $8,534,767.56 | $199,731.20 |
| 08/16/10 | 08/16/10 | 02/01/10 – 05/31/10 | $12,925,764.10 | $361,198.39 | $12,748,365.64 | $348,623.74 |
| 12/14/10 | 12/14/10 | 06/01/10 – 09/30/10 | $11,570,294.70 | $369,641.54 | $11,444,909.57 | $369,641.54 |
| 06/01/11 | 06/01/11 | 10/1/10 – 01/31/11 | $6,729,469.37 | $255,545.32 | Not yet determined. | Not yet determined. |

---

[2]    The "Approved Fees" do not include certain of those fees ("<u>Disputed Fees</u>") in respect of which the Fee Committee (as defined below) has raised certain objections, which objections are disputed by Jones Day. Jones Day and the Fee Committee have agreed to defer presenting the Disputed Fees to this Court for ruling until a later date.

## COMPENSATION PERIOD

## FEBRUARY 1, 2011 THROUGH MAY 31, 2011

| Name | Year | Rate | Compensation Period Hours | Compensation Period Fees |
|------|------|------|---------------------------|--------------------------|
| **Partner** | | | | |
| P D LEAKE | 1989 | 925.00 | 6.50 | $6,012.50 |
| R H ENGMAN | 1997 | 800.00 | 10.90 | $8,720.00 |
| I C SEOW | 1991 | 700.00 | 46.20 | $32,340.00 |
| T R GEREMIA | 1999 | 725.00 | 164.80 | $119,480.00 |
| Y MORI | 1983 | 650.00 | 1.20 | $780.00 |
| W J HINE | 1996 | 725.00 | 190.00 | $137,750.00 |
| V KAMMEL | 1994 | 725.00 | 2.90 | $2,102.50 |
| A S WARTER SISITSKY | 1997 | 725.00 | 724.40 | $525,190.00 |
| E W SEDLAK | 1984 | 725.00 | 9.30 | $6,742.50 |
| E T KENNEDY | 1993 | 850.00 | 10.10 | $8,585.00 |
| H INA | 1996 | 600.00 | 4.30 | $2,580.00 |
| C J AHERN | 1990 | 700.00 | 4.90 | $3,430.00 |
| V GATTI | 1994 | 750.00 | 0.30 | $225.00 |
| V SPIRO | 1989 | 800.00 | 45.00 | $36,000.00 |
| R SATO | 1992 | 650.00 | 1.90 | $1,235.00 |
| K UMINO | 1987 | 725.00 | 8.00 | $5,800.00 |
| M P BROWN | 1993 | 925.00 | 96.00 | $88,800.00 |
| P J BENVENUTTI | 1974 | 800.00 | 17.30 | $13,840.00 |
| L G LAUKITIS | 1999 | 750.00 | 4.00 | $3,000.00 |
| J S TELPNER | 1984 | 850.00 | 296.20 | $251,770.00 |
| P J HOSER | 1982 | 675.00 | 2.80 | $1,890.00 |
| T V SCHAFFER | | 675.00 | 11.70 | $7,897.50 |
| T A CITERA | 1996 | 750.00 | 207.80 | $155,850.00 |
| R S GROSS | 1986 | 800.00 | 8.50 | $6,800.00 |
| S OGULLUK | 1999 | 675.00 | 246.30 | $166,252.50 |
| G S ARDEN | 1986 | 800.00 | 48.70 | $38,960.00 |
| M A CODY | 1996 | 725.00 | 26.10 | $18,922.50 |
| W E BRYSON | 1984 | 575.00 | 17.90 | $10,292.50 |
| J RUE WITTSTEIN | 1985 | 800.00 | 34.50 | $27,600.00 |
| L A RUSSO | 1980 | 725.00 | 0.50 | $362.50 |
| E H EVANS | 1990 | 850.00 | 13.50 | $11,475.00 |
| H LENNOX | 1992 | 775.00 | 8.50 | $6,587.50 |

| Name | Year | Rate | Compensation Period Hours | Compensation Period Fees |
|---|---|---|---|---|
| E J NALBANTIAN | 1983 | 880.00 | 197.70 | $173,976.00 |
| J K KANE | 1991 | 775.00 | 19.00 | $14,725.00 |
| R W GAFFEY | 1982 | 850.00 | 258.40 | $219,640.00 |
| C E BLACK | 1998 | 675.00 | 108.30 | $73,102.50 |
| J W TAMBE | 1992 | 800.00 | 227.20 | $181,760.00 |
| D J KATES | 1995 | 650.00 | 23.70 | $15,405.00 |
| G M GORDON | 1980 | 850.00 | 9.00 | $7,650.00 |
| C P LIU | 1996 | 500.00 | 33.50 | $16,750.00 |
| M K SISITSKY | 1971 | 825.00 | 69.50 | $57,337.50 |
| R C MICHELETTO | 1988 | 825.00 | 15.80 | $13,035.00 |
| T L OLEY | 1999 | 625.00 | 9.80 | $6,125.00 |
| **Partner Total:** | | | **3242.90** | **$2,486,778.50** |
| | | | | |
| **Of Counsel** | | | | |
| A T KHO | 1997 | 840.00 | 90.50 | $76,020.00 |
| C M KIM | 1987 | 925.00 | 90.70 | $83,897.50 |
| E H TERRITT | 1996 | 840.00 | 56.20 | $47,208.00 |
| L ASSAYA | 1995 | 700.00 | 1.90 | $1,330.00 |
| **Of Counsel Total:** | | | **239.30** | **$208,455.50** |
| | | | | |
| **Counsel** | | | | |
| L W SAWYER | 1998 | 625.00 | 135.80 | $84,875.00 |
| **Counsel Total:** | | | **135.80** | **$84,875.00** |
| | | | | |
| **Associate** | | | | |
| R S BARR | 2004 | 675.00 | 84.10 | $56,767.50 |
| K A CARRERO | 2004 | 525.00 | 16.90 | $8,872.50 |
| S E LIEBER | 2003 | 525.00 | 422.20 | $221,655.00 |
| T A WILSON | 2003 | 500.00 | 0.50 | $250.00 |
| S A TURK | 2008 | 375.00 | 190.30 | $71,362.50 |
| S C TIPI | 2005 | 500.00 | 180.70 | $90,350.00 |
| M D SILBERFARB | 2005 | 500.00 | 417.90 | $208,950.00 |
| J R WEARE | 2005 | 725.00 | 56.10 | $40,672.50 |
| J L DEL MEDICO | 2006 | 475.00 | 0.80 | $380.00 |
| N P LEBIODA | 2006 | 575.00 | 370.90 | $213,267.50 |
| L M POLLACK | 2006 | 450.00 | 266.70 | $120,015.00 |
| A P VAN VOORHEES | 2006 | 450.00 | 18.20 | $8,190.00 |
| N DAVIES | | 540.00 | 0.30 | $162.00 |

| Name | Year | Rate | Compensation Period Hours | Compensation Period Fees |
|---|---|---|---|---|
| P WILKINSON | 1992 | 450.00 | 122.60 | $55,170.00 |
| M W LO | 2003 | 400.00 | 49.90 | $19,960.00 |
| E S ROMANINSKY | 2004 | 500.00 | 5.20 | $2,600.00 |
| T YAKO | 2005 | 400.00 | 1.00 | $400.00 |
| A P MCBRIDE | 2007 | 425.00 | 418.90 | $178,032.50 |
| J J O'NEIL | 2007 | 525.00 | 45.70 | $23,992.50 |
| C SEETOO | 2008 | 250.00 | 11.50 | $2,875.00 |
| B ROSENBLUM | 2005 | 625.00 | 334.20 | $208,875.00 |
| N YADAVA | 2008 | 375.00 | 45.40 | $17,025.00 |
| C R BARKER | 2008 | 375.00 | 4.40 | $1,650.00 |
| B A CRAWFORD | 2008 | 400.00 | 41.40 | $16,560.00 |
| H GOITOM | 2008 | 475.00 | 177.20 | $84,170.00 |
| P B GREEN | 2008 | 375.00 | 688.60 | $258,225.00 |
| M M MACHALANI | 2008 | 375.00 | 5.50 | $2,062.50 |
| J F O'BRIEN | 2008 | 375.00 | 18.80 | $7,050.00 |
| M PARLIKAD | 2008 | 375.00 | 162.50 | $60,937.50 |
| M REZNIK | 2008 | 375.00 | 200.20 | $75,075.00 |
| N C KAMPHAUS | 2008 | 475.00 | 21.30 | $10,117.50 |
| J H CHASE | 2008 | 375.00 | 12.90 | $4,837.50 |
| K MAMEDOVA | 2008 | 375.00 | 43.70 | $16,387.50 |
| M O THAYER | 2009 | 350.00 | 459.30 | $160,755.00 |
| H THOMPSON | 2005 | 475.00 | 25.10 | $11,922.50 |
| D M SYPHARD | 2005 | 425.00 | 0.80 | $340.00 |
| H YOSHIOKA | 2007 | 350.00 | 1.50 | $525.00 |
| D B FOSTER | 2006 | 375.00 | 13.00 | $4,875.00 |
| J M TILLER | 2006 | 500.00 | 1.80 | $900.00 |
| Y TAKATAMA | 2007 | 350.00 | 16.50 | $5,775.00 |
| L M BUONOME | 2009 | 425.00 | 45.40 | $19,295.00 |
| D R CULHANE | 2009 | 425.00 | 65.50 | $27,837.50 |
| M J DAILEY | 2009 | 350.00 | 215.60 | $75,460.00 |
| E G GREENBERG | 2009 | 350.00 | 319.30 | $111,755.00 |
| D G MARKS | 2009 | 425.00 | 362.40 | $154,020.00 |
| L E NELSON | 2009 | 425.00 | 22.90 | $9,732.50 |
| C E WELLS | 2009 | 350.00 | 8.00 | $2,800.00 |
| M S CHOW | 2009 | 350.00 | 293.10 | $102,585.00 |
| E P STEPHENS | 2009 | 350.00 | 408.40 | $142,940.00 |
| B R HULET | 2009 | 350.00 | 88.20 | $30,870.00 |
| P T BRABANT | 2004 | 400.00 | 80.40 | $32,160.00 |

| Name | Year | Rate | Compensation Period Hours | Compensation Period Fees |
|---|---|---|---|---|
| A B CONCEPCION | 2005 | 450.00 | 2.60 | $1,170.00 |
| J KIM | 2010 | 300.00 | 59.10 | $17,730.00 |
| J LIN | 2004 | 375.00 | 2.30 | $862.50 |
| N KANEKO | 2008 | 325.00 | 3.00 | $975.00 |
| E G SHELSTON | 2010 | 275.00 | 29.90 | $8,405.00 |
| T FUNO | 2008 | 325.00 | 12.90 | $4,192.50 |
| K KAWASAKI | 2008 | 325.00 | 2.00 | $650.00 |
| S A GRIFFIN | 2000 | 700.00 | 22.10 | $15,470.00 |
| S GOTO | 2003 | 450.00 | 8.50 | $3,825.00 |
| L M YEMM | 2010 | 325.00 | 82.00 | $26,650.00 |
| I HSU | 2010 | 325.00 | 10.00 | $3,250.00 |
| C HOHL | 2009 | 224.00 | 50.90 | $11,401.60 |
| Y MASUDA | 1996 | 525.00 | 6.60 | $3,465.00 |
| S CHAKRAVORTTY | 2006 | 575.00 | 12.50 | $7,187.50 |
| T J NESTLER | 2006 | 450.00 | 9.50 | $4,275.00 |
| M F HERMAN | 2003 | 525.00 | 32.00 | $16,800.00 |
| C HASSALL | 2010 | 225.00 | 1.20 | $270.00 |
| N J LU | 2006 | 325.00 | 45.30 | $14,722.50 |
| N W HADDAD | 2007 | 375.00 | 19.90 | $7,462.50 |
| T TAKAHASHI | 2010 | 270.00 | 24.80 | $6,696.00 |
| N ABDUL-CADER | 2011 | 224.00 | 3.70 | $828.80 |
| **Associate Total:** | | | **7304.50** | **$3,137,733.40** |
| | | | | |
| **Staff Attorney** | | | | |
| L C FISCHER | 1996 | 300.00 | 289.50 | $86,850.00 |
| A YANG | 2009 | 200.00 | 74.30 | $14,860.00 |
| C CHIEN | 2005 | 225.00 | 90.50 | $20,362.50 |
| **Staff Attorney Total:** | | | **454.30** | **$122,072.50** |
| | | | | |
| **Law Clerk** | | | | |
| C CHAN | | 250.00 | 1.00 | $250.00 |
| J L CERRUTI | 2010 | 325.00 | 66.10 | $21,482.50 |
| E HO | | 250.00 | 147.50 | $36,875.00 |
| H HAWTHORNE | | 260.00 | 1.10 | $286.00 |
| G YUEN | | 250.00 | 78.20 | $19,550.00 |
| **Law Clerk Total:** | | | **293.90** | **$78,443.50** |
| | | | | |

| | | | | |
|---|---|---|---|---|
| **Legal Researcher** | | | | |
| F C NG | | 150.00 | 30.20 | $4,530.00 |
| **Legal Researcher Total:** | | | **30.20** | **$4,530.00** |
| | | | | |
| **Paraprofessional** | | | | |
| T E SOLOMON | | 250.00 | 10.60 | $2,650.00 |
| A J RAY | | 250.00 | 8.80 | $2,200.00 |
| D M HIRTZEL | | 275.00 | 1.50 | $412.50 |
| M E HEMANN | | 200.00 | 7.40 | $1,480.00 |
| J ENTNER | | 285.00 | 9.50 | $2,707.50 |
| V BANSON | | 160.00 | 1.00 | $160.00 |
| S BRYAN | | 275.00 | 0.60 | $165.00 |
| M B STONE | | 275.00 | 8.10 | $2,227.50 |
| A D SAMUELSON | | 250.00 | 86.30 | $21,575.00 |
| D H YI | | 250.00 | 20.90 | $5,225.00 |
| M S LATZMAN | | 250.00 | 7.50 | $1,875.00 |
| L J O'HARA | | 175.00 | 2.00 | $350.00 |
| **Paraprofessional Total:** | | | **164.20** | **$41,027.50** |
| | | | | |
| **Legal Support** | | | | |
| R LOK | | 185.00 | 11.50 | $2,127.50 |
| S FERRY | | 250.00 | 19.40 | $4,850.00 |
| **Legal Support Total:** | | | **30.90** | **$6,977.50** |
| | | | | |
| **Project Assistant** | | | | |
| A A DEBRAH-DWAMENA | | 175.00 | 60.40 | $10,570.00 |
| K P ENGLERT | | 175.00 | 218.50 | $38,237.50 |
| **Project Assistant Total:** | | | **278.90** | **$48,807.50** |
| **Grand Total** | | | **12174.90** | **$6,209,821.90** |

7

## COMPENSATION PERIOD

## FEBRUARY 1, 2011 THROUGH MAY 31, 2011

## (BY JONES DAY MATTER)

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| **Asia Pacific (125426-600001)** | | |
| **Partner** | | |
| CHRISTOPHER AHERN | 4.90 | $3,430.00 |
| WILLIAM BRYSON | 17.90 | $10,292.50 |
| ROBERT GAFFEY | 2.10 | $1,785.00 |
| PHILIP HOSER | 2.80 | $1,890.00 |
| CHUNG-PING LIU | 33.50 | $16,750.00 |
| YUICHIRO MORI | 1.20 | $780.00 |
| RIKA SATO | 1.90 | $1,235.00 |
| ERIC SEDLAK | 9.30 | $6,742.50 |
| IAIN SEOW | 46.20 | $32,340.00 |
| **Partner Total:** | **119.80** | **$75,245.00** |
| | | |
| **Of Counsel** | | |
| CHRISTINE KIM | 90.70 | $83,897.50 |
| **Of Counsel Total:** | **90.70** | **$83,897.50** |
| | | |
| **Associate** | | |
| ROSS BARR | 84.10 | $56,767.50 |
| PETER BRABANT | 80.40 | $32,160.00 |
| LAUREN BUONOME | 40.00 | $17,000.00 |
| TETSUYA FUNO | 12.90 | $4,192.50 |
| JI UNG KIM | 59.10 | $17,730.00 |
| JESSICA LIN | 2.30 | $862.50 |
| MING WEI LO | 49.90 | $19,960.00 |

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| JENNIFER O'NEIL | 45.70 | $23,992.50 |
| BENJAMIN ROSENBLUM | 0.20 | $125.00 |
| CHIAHENG SEETOO | 11.50 | $2,875.00 |
| EMMA SHELSTON | 29.90 | $8,405.00 |
| TOSHIAKI TAKAHASHI | 24.80 | $6,696.00 |
| YASUNOBU TAKATAMA | 13.50 | $4,725.00 |
| PETER WILKINSON | 122.60 | $55,170.00 |
| **Associate Total:** | **576.90** | **$250,661.00** |
| | | |
| **Staff Attorney** | | |
| ALEX YANG | 74.30 | $14,860.00 |
| CINDY CHIEN | 90.50 | $20,362.50 |
| **Staff Attorney Total:** | **164.80** | **$35,222.50** |
| | | |
| **Paraprofessional** | | |
| CARISSA CHAN | 1.00 | $250.00 |
| HENRY HAWTHORNE | 1.10 | $286.00 |
| EDITH HO | 147.50 | $36,875.00 |
| GIGI YUEN | 78.20 | $19,550.00 |
| ROGER LOK | 11.50 | $2,127.50 |
| FLORENCE NG | 30.20 | $4,530.00 |
| LOUISE O'HARA | 2.00 | $350.00 |
| **Paraprofessional Total:** | **271.50** | **$63,968.50** |
| | | |
| **Grand Total for Asia Pacific** | **1223.70** | **$508,994.50** |
| **Barclays (125426-600002)** | | |
| **Partner** | | |
| ROBERT GAFFEY | 199.50 | $169,575.00 |
| TODD GEREMIA | 4.30 | $3,117.50 |
| WILLIAM HINE | 121.10 | $87,797.50 |

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| LISA LAUKITIS | 4.00 | $3,000.00 |
| PAUL LEAKE | 6.50 | $6,012.50 |
| TRACY SCHAFFER | 11.70 | $7,897.50 |
| JAYANT TAMBE | 8.60 | $6,880.00 |
| **Partner Total:** | **355.70** | **$284,280.00** |
| **Associate** | | |
| KELLY CARRERO | 16.90 | $8,872.50 |
| BRIDGET CRAWFORD | 41.40 | $16,560.00 |
| MICHAEL DAILEY | 47.60 | $16,660.00 |
| JENNIFER DEL MEDICO | 0.80 | $380.00 |
| PAUL GREEN | 21.30 | $7,987.50 |
| BENJAMIN ROSENBLUM | 9.90 | $6,187.50 |
| ERIC STEPHENS | 57.00 | $19,950.00 |
| SUSAN TURK | 83.50 | $31,312.50 |
| **Associate Total:** | **278.40** | **$107,910.00** |
| | | |
| **Paraprofessional** | | |
| MATTHEW LATZMAN | 7.50 | $1,875.00 |
| BRETT STONE | 1.00 | $275.00 |
| KEVIN ENGLERT | 58.10 | $10,167.50 |
| **Paraprofessional Total:** | **66.60** | **$12,317.50** |
| | | |
| **Grand Total for Barclays** | **700.70** | **$404,507.50** |
| **Derivative Transactions (125426-600004) (_London_)** | | |
| **Partner** | | |
| MICHAEL BROWN | 96.00 | $88,800.00 |
| VOLKER KAMMEL | 2.90 | $2,102.50 |
| EDWARD NALBANTIAN | 197.70 | $173,976.00 |
| AVIVA WARTER SISITSKY | 4.10 | $2,972.50 |
| **Partner Total:** | **300.70** | **$267,851.00** |

| Of Counsel | | |
|---|---|---|
| LAURENT ASSAYA | 1.90 | $1,330.00 |
| AMY KHO | 90.50 | $76,020.00 |
| ELIZABETH TERRITT | 56.20 | $47,208.00 |
| **Of Counsel Total:** | **148.60** | **$124,558.00** |

| Associate | | |
|---|---|---|
| NOURA ABDUL-CADER | 3.70 | $828.80 |
| SATARUPA CHAKRAVORTY | 12.50 | $7,187.50 |
| NICHOLAS DAVIES | 0.30 | $162.00 |
| CALLUM HASSALL | 1.20 | $270.00 |
| CHRISTINE HOHL | 50.90 | $11,401.60 |
| MAHESH PARLIKAD | 2.40 | $900.00 |
| JUSTIN WEARE | 56.10 | $40,672.50 |
| **Associate Total:** | **127.10** | **$61,422.40** |
| | | |
| Paraprofessional | | |
| JULIAN ENTNER | 9.50 | $2,707.50 |
| VICKY BANSON | 1.00 | $160.00 |
| **Paraprofessional Total:** | **10.50** | **$2,867.50** |
| | | |
| **Grand Total for Derivative Transactions (London)** | **586.90** | **$456,698.90** |
| **Metropolitan Pier and Exposition Authority (089600-605002)** | | |
| Partner | | |
| MARK CODY | 6.70 | $4,857.50 |
| DAVID KATES | 4.60 | $2,990.00 |
| JANE RUE WITTSTEIN | 18.60 | $14,880.00 |
| **Partner Total:** | **29.90** | **$22,727.50** |

| Associate | | |
|---|---|---|
| DOROTHY FOSTER | 13.00 | $4,875.00 |
| HABEN GOITOM | 74.10 | $35,197.50 |
| JOSEPH TILLER | 1.80 | $900.00 |
| **Associate Total:** | **88.90** | **$40,972.50** |
| | | |
| **Grand Total for Metropolitan Pier and Exposition Authority** | **118.80** | **$63,700.00** |
| **Derivatives (089600-016075) (*New York*)** | | |
| Partner | | |
| GLENN ARDEN | 48.70 | $38,960.00 |
| CARL BLACK | 52.30 | $35,302.50 |
| TONI-ANN CITERA | 207.80 | $155,850.00 |
| MARK CODY | 19.40 | $14,065.00 |
| ROBERT GAFFEY | 7.00 | $5,950.00 |
| TODD GEREMIA | 127.40 | $92,365.00 |
| GREGORY GORDON | 9.00 | $7,650.00 |
| RONALD GROSS | 8.50 | $6,800.00 |
| HIROKAZU INA | 4.30 | $2,580.00 |
| DAVID KATES | 19.10 | $12,415.00 |
| HEATHER LENNOX | 8.50 | $6,587.50 |
| SEVAN OGULLUK | 246.30 | $166,252.50 |
| TRACY OLEY | 9.80 | $6,125.00 |
| JANE RUE WITTSTEIN | 15.90 | $12,720.00 |
| LEE RUSSO | 0.50 | $362.50 |
| MARK SISITSKY | 69.50 | $57,337.50 |
| JAYANT TAMBE | 218.60 | $174,880.00 |
| JOEL TELPNER | 296.20 | $251,770.00 |
| KAORU UMINO | 8.00 | $5,800.00 |
| AVIVA WARTER SISITSKY | 720.30 | $522,217.50 |
| **Partner Total:** | **2097.10** | **$1,575,990.00** |

| **Counsel** | | |
|---|---|---|
| LAURA SAWYER | 135.80 | $84,875.00 |
| **Of Counsel Total:** | **135.80** | **$84,875.00** |
| | | |
| **Associate** | | |
| CHRISTOPHER BARKER | 4.40 | $1,650.00 |
| LAUREN BUONOME | 5.40 | $2,295.00 |
| JOHN CHASE | 12.90 | $4,837.50 |
| MATTHEW CHOW | 293.10 | $102,585.00 |
| ARNOLDO CONCEPCION | 2.60 | $1,170.00 |
| DANIEL CULHANE | 59.70 | $25,372.50 |
| MICHAEL DAILEY | 168.00 | $58,800.00 |
| HABEN GOITOM | 103.10 | $48,972.50 |
| SHINGO GOTO | 8.50 | $3,825.00 |
| BART GREEN | 81.50 | $30,562.50 |
| PAUL GREEN | 585.80 | $219,675.00 |
| ELIZABETH GREENBERG | 319.30 | $111,755.00 |
| I-HENG HSU | 10.00 | $3,250.00 |
| BRIANA HULET | 88.20 | $30,870.00 |
| NICHOLAS KAMPHAUS | 21.30 | $10,117.50 |
| NAHO KANEKO | 3.00 | $975.00 |
| KUNIHIRO KAWASAKI | 2.00 | $650.00 |
| NATHAN LEBIODA | 322.10 | $185,207.50 |
| SARAH LIEBER | 422.20 | $221,655.00 |
| NANCY LU | 43.20 | $14,040.00 |
| MICHELE MACHALANI | 5.50 | $2,062.50 |
| KAMILLA MAMEDOVA | 43.70 | $16,387.50 |
| DAVID MARKS | 362.40 | $154,020.00 |
| YOSHITAKE MASUDA | 6.60 | $3,465.00 |
| ALEXANDER MCBRIDE | 418.90 | $178,032.50 |
| LAIRD NELSON | 22.90 | $9,732.50 |
| MAHESH PARLIKAD | 160.10 | $60,037.50 |

| | | |
|---|---|---|
| LEE POLLACK | 266.70 | $120,015.00 |
| MIRIAM REZNIK | 200.20 | $75,075.00 |
| EMILY ROMANINSKY | 5.20 | $2,600.00 |
| BENJAMIN ROSENBLUM | 322.50 | $201,562.50 |
| MICHAEL SILBERFARB | 417.90 | $208,950.00 |
| ERIC STEPHENS | 281.10 | $98,385.00 |
| YASUNOBU TAKATAMA | 3.00 | $1,050.00 |
| MICHAEL THAYER | 459.30 | $160,755.00 |
| STELA TIPI | 180.70 | $90,350.00 |
| SUSAN TURK | 70.60 | $26,475.00 |
| ALEXANDER VAN VOORHEES | 18.20 | $8,190.00 |
| CLAIRE WELLS | 8.00 | $2,800.00 |
| THOMAS WILSON | 0.20 | $100.00 |
| NIDHI YADAVA | 37.10 | $13,912.50 |
| TAKAKO YAKO | 1.00 | $400.00 |
| LISA YEMM | 82.00 | $26,650.00 |
| HIROYUKI YOSHIOKA | 1.50 | $525.00 |
| **Associate Total:** | **5931.60** | **$2,539,797.50** |
| | | |
| **Staff Attorney** | | |
| LYNNE FISCHER | 289.50 | $86,850.00 |
| **Staff Attorney Total:** | **289.50** | **$86,850.00** |
| | | |
| **Paraprofessional** | | |
| JORDAN CERRUTI | 66.10 | $21,482.50 |
| STEPHEN FERRY | 19.40 | $4,850.00 |
| MARY HEMANN | 7.40 | $1,480.00 |
| ANDRE RAY | 8.80 | $2,200.00 |
| ANDREW SAMUELSON | 86.30 | $21,575.00 |
| TIMOTHY SOLOMON | 10.60 | $2,650.00 |
| BRETT STONE | 4.40 | $1,210.00 |

| | | |
|---|---|---|
| DANIEL YI | 16.30 | $4,075.00 |
| ADOBEA DEBRAH-DWAMENA | 60.40 | $10,570.00 |
| KEVIN ENGLERT | 160.40 | $28,070.00 |
| **Paraprofessional Total:** | **440.10** | **$98,162.50** |
| | | |
| **Grand Total for Derivatives (New York)** | **8894.10** | **$4,385,675.00** |
| **Greenbrier Minerals LLC (125426-635001)** | | |
| **Partner** | | |
| RICHARD ENGMAN | 10.90 | $8,720.00 |
| **Partner Total:** | **10.90** | **$8,720.00** |
| | | |
| **Associate** | | |
| BENJAMIN ROSENBLUM | 0.10 | $62.50 |
| SCOTT GRIFFIN | 22.10 | $15,470.00 |
| **Associate Total:** | **22.20** | **$15,532.50** |
| | | |
| **Paraprofessional** | | |
| BRETT STONE | 2.70 | $742.50 |
| DANIEL YI | 0.90 | $225.00 |
| **Paraprofessional Total:** | **3.60** | **$967.50** |
| | | |
| **Grand Total for Greenbrier Minerals LLC** | **36.70** | **$25,220.00** |
| **Chicago Mercantile Exchange (125426-685001)** | | |
| **Partner** | | |
| ROBERT GAFFEY | 49.80 | $42,330.00 |
| TODD GEREMIA | 33.10 | $23,997.50 |
| WILLIAM HINE | 68.90 | $49,952.50 |
| **Partner Total:** | **151.80** | **$116,280.00** |
| | | |

| Associate | | |
|---|---|---|
| NICHOLAS HADDAD | 19.90 | $7,462.50 |
| BENJAMIN ROSENBLUM | 0.70 | $437.50 |
| ERIC STEPHENS | 70.30 | $24,605.00 |
| SUSAN TURK | 36.20 | $13,575.00 |
| **Associate Total:** | **127.10** | **$46,080.00** |
| | | |
| **Grand Total for Chicago Mercantile Exchange** | **278.90** | **$162,360.00** |
| **Norton Gold Fields Limited (089600-016076)** | | |
| Partner | | |
| CARL BLACK | 2.50 | $1,687.50 |
| VANESSA SPIRO | 45.00 | $36,000.00 |
| **Partner Total:** | **47.50** | **$37,687.50** |
| Associate | | |
| BENJAMIN ROSENBLUM | 0.80 | $500.00 |
| HEATHER THOMPSON | 25.10 | $11,922.50 |
| **Associate Total:** | **25.90** | **$12,422.50** |
| | | |
| **Grand Total for Norton Gold Fields Limited** | **73.40** | **$50,110.00** |
| **Aircraft Dispositions (125426-600005)** | | |
| Partner | | |
| ELIZABETH EVANS | 13.50 | $11,475.00 |
| VICTOR GATTI | 0.30 | $225.00 |
| **Partner Total:** | **13.80** | **$11,700.00** |
| | | |
| Associate | | |
| MICHELLE HERMAN | 32.00 | $16,800.00 |
| TIMOTHY NESTLER | 9.50 | $4,275.00 |
| **Counsel Total:** | **41.50** | **$21,075.00** |

| **Paraprofessional** | | |
|---|---|---|
| SOPHIA BRYAN | 0.60 | $165.00 |
| **Paraprofessional Total:** | **0.60** | **$165.00** |
| | | |
| **Grand Total for Aircraft Dispositions** | **55.90** | **$32,940.00** |
| **Non-Derivative Avoidance Actions (125426-600006)** | | |
| **Partner** | | |
| CARL BLACK | 11.70 | $7,897.50 |
| **Partner Total:** | **11.70** | **$7,897.50** |
| | | |
| **Associate** | | |
| NATHAN LEBIODA | 11.00 | $6,325.00 |
| NANCY LU | 2.10 | $682.50 |
| THOMAS WILSON | 0.30 | $150.00 |
| **Associate Total:** | **13.40** | **$7,157.50** |
| **Grand Total for Non-Derivative Avoidance Actions** | **25.10** | **$15,055.00** |
| **CEIDCO/Kontrabecki (593926-600001)** | | |
| **Partner** | | |
| PETER BENVENUTTI | 17.30 | $13,840.00 |
| **Partner Total:** | **17.30** | **$13,840.00** |
| | | |
| **Grand Total for CEIDCO/Kontrabecki** | **17.30** | **$13,840.00** |

| Quadrant (593926-600002) | | |
|---|---|---|
| **Partner** | | |
| CARL BLACK | 41.80 | 28,215.00 |
| JOHN KANE | 19.00 | 14,725.00 |
| EDWARD KENNEDY | 10.10 | 8,585.00 |
| ROBERT MICHELETTO | 15.80 | 13,035.00 |
| **Partner Total:** | **87.70** | **$64,560.00** |
| | | |
| **Associate** | | |
| DANIEL CULHANE | 5.80 | 2,465.00 |
| NATHAN LEBIODA | 37.80 | 21,735.00 |
| JEROME O'BRIEN | 18.80 | 7,050.00 |
| DANIEL SYPHARD | 0.80 | 340.00 |
| NIDHI YADAVA | 8.30 | 3,112.50 |
| **Associate Total:** | **71.50** | **$34,702.50** |
| | | |
| **Paraprofessional** | | |
| DENISE HIRTZEL | 1.50 | $412.50 |
| DANIEL YI | 3.70 | $925.00 |
| **Paraprofessional Total:** | **5.20** | **$1,337.50** |
| | | |
| **Grand Total for Quadrant** | **163.40** | **100,600.00** |

JONES DAY
Robert W. Gaffey
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------------x
```
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
```
----------------------------------------------------------------------x
```

**EIGHTH INTERIM APPLICATION**
**OF JONES DAY, SPECIAL COUNSEL TO**
**THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING**
**ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**FOR THE PERIOD FROM FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Jones Day, special counsel for Lehman Brothers Holdings Inc. and its affiliated

debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), submits this eighth

interim application (the "Application") seeking (a) allowance of compensation for professional

services rendered by Jones Day to the Debtors in the amount of $6,209,821.90, and

(b) reimbursement of actual and necessary charges and disbursements incurred by Jones Day in

the rendition of required professional services on behalf of the Debtors in the amount of

NYI- 4388783v6

$107,229.25,[3] in each case for the period from February 1, 2011 through May 31, 2011

(the "Compensation Period"), pursuant to section 330(a) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), General Order M-151, Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

(the "Local Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of

the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals, entered in these cases on April

14, 2011 [Docket No. 15997] (the "Interim Compensation Order").  In support of this

Application, Jones Day respectfully represents as follows.

### Background

1.      Commencing on September 15, 2008 and periodically thereafter

(as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the

other Debtors commenced with the United States Bankruptcy Court of the Southern District of

New York (the "Court") voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors'

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

---

[3]      Such amounts reflect voluntary reductions made by Jones Day in the aggregate amount of $129,668.20 on
account of fees and expenses incurred during the Compensation Period.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.  On January 19, 2009,

the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court

approved the U.S. Trustee's appointment of the Examiner.

4.      On May 26, 2009, the Court appointed a fee committee (the "Fee

Committee"), and approved a protocol to govern the review and payment of fees and

reimbursement of expenses of professionals retained by the Debtors' estates, (as amended the

"Fee Protocol").  The Fee Committee was authorized to perform the duties described in the Fee

Protocol, including, among others, implementing procedures to effectively monitor the fees of

the Retained Professionals (as defined in the Fee Protocol) and reducing inefficiency by

establishing measures to avoid duplication of effort, overstaffing, the rendering of unnecessary

services, and the incurrence of excessive or inappropriate expenses by Retained Professionals.

Since its appointment, the Fee Committee has intermittently issued guidelines with respect to the

fees and expenses of the Retained Professionals (the "Fee Committee Guidelines", together with

the UST Guidelines, the Local Guidelines and the Interim Compensation Order, the

"Guidelines").

**Jurisdiction and Venue**

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6.      Pursuant to this Application, Jones Day seeks allowance of the following:

(a) compensation for professional services rendered during the Compensation Period in the

aggregate amount of $6,209,821.90; and (b) reimbursement of expenses incurred in connection

with such services in the aggregate amount of $107,229.25.

7.      During the Compensation Period, Jones Day attorneys and

paraprofessionals expended a total of 12,174.90 hours for which compensation is requested.

8.      Prefixed to this Application is the cover sheet required by the UST

Guidelines, which includes a schedule setting forth the names of all Jones Day professionals and

paraprofessionals who have performed services for which compensation is sought, the person's

position in the firm, and the year in which each attorney was first admitted to practice law.  In

addition, the schedule sets forth for each person (a) the hourly rate during the Compensation

Period, (b) the total hours billed for which compensation is sought, and (c) the total

compensation for such hours.

9.      Also prefixed to this Application is the summary sheet, requested by the

Fee Committee, showing, for each Jones Day matter, the timekeepers who provided services

(including their hours and fees) and the Jones Day matter and corresponding matter number to

which the relevant services apply.

4

10.     Annexed hereto as Exhibit "A" is a summary of the services rendered by Jones Day for which compensation is sought by project category.  Annexed hereto as Exhibit "B" is a listing of the detailed time entries of Jones Day professionals and paraprofessionals with respect to the compensation requested.[4]  Annexed hereto as Exhibit "C" is a summary of the types of expenses for which reimbursement is sought.  Annexed hereto as Exhibit "D" is a detailed itemization of such expenses.  Annexed hereto as Exhibit "E"  is a chart, per the UST Guidelines and Fee Committee Guidelines, listing (a) all hearings/ outside meetings/ depositions, etc. attended by more than one Jones Day timekeeper during the Compensation Period; (b) all Jones Day timekeepers at such event; and (c) the reasons why all such timekeepers' attendance at such hearings/ outside meetings/ depositions was necessary.  Annexed hereto as Exhibit "F" is the certification of Robert W. Gaffey with respect to the Application pursuant to the Local Guidelines.

## Jones Day's Retention

11.     On February 4, 2009, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtor, *nunc pro tunc* to the Engagement Dates (Docket No. 2725) (the "Retention Application").

12.     On February 25, 2009, the Court entered the Amended Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Jones Day as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement Dates (Docket No. 2925) (the "Retention Order").

---

[4]     Due to the voluminous nature of such documents, Jones Day's detailed time and expense records (Exhibits B and D hereto) are not being filed herewith, but, consistent with the Interim Compensation Order, are being provided to the Court and the Notice Parties (as defined herein).  The Notice Parties have previously received such records under the Interim Compensation Order.

13.    During the period of May 2009 through June 2011, the Court entered

seven further orders granting additional supplemental retention applications under which Jones

Day's scope of retention under the Retention Order was subsequently expanded.

**Payments Received by Jones Day in**
**Accordance with the Interim Compensation Order**

14.    On June 25, 2009, the Court entered the Interim Compensation Order,

which superseded the amended order dated March 13, 2009 in its entirety.  Pursuant to the

Interim Compensation Order, the Court established procedures for the Debtors' payment of

interim compensation and reimbursement of expenses of professionals retained in these chapter

11 cases.

15.    During the Compensation Period, Jones Day served a notice of monthly

fee and expense invoice for each monthly period from February 1, 2011 through May 31, 2011

(collectively, the "Monthly Statements").  Because no objections were filed to any of the

Monthly Statements, the Debtors made the following payments to Jones Day in respect of certain

of the Monthly Statements pursuant to the Interim Compensation Order:

| Periods | Fees Requested | Expenses Requested | Payment Dates | Payment Amount[5] |
|---|---|---|---|---|
| February 2011 | $1,355,837.00 | $22,401.40 | April 26, 2011 | $1,107,071.00 |
| March 2011 | $1,911,443.70 | $21,926.60 | June 13, 2011 | $1,551,081.56 |
| April 2011 | $1,779,577.40 | $27,178.04 | July 26, 2011 | $1,450,839.96 |
| May 2011 | $1,172,842.80 | $35,723.21 | Not Yet Determined | Not Yet Determined |

---

[5]    Payments were made on account of 80% of fees and 100% of expenses requested.

## Summary of Services Rendered by Jones Day

16.    Below is a summary of the major activities performed during the

Compensation Period by Jones Day professionals and paraprofessionals in assisting the Debtors

with their chapter 11 cases and other restructuring-related activities, categorized by region[6] and

sub-categorized by matter where appropriate.  More detailed descriptions of the services

rendered by Jones Day are included in the Monthly Statements and Exhibit B hereto.  In

accordance with the UST Guidelines, a summary of the hours and amounts billed during the

Compensation Period by each timekeeper, as well as each timekeeper's position, hourly rate and,

if applicable, the year in which each timekeeper was first licensed to practice law, is set out in

the cover sheet prefixed to this Application.

*Asia Pacific*

17.    During the Compensation Period, Jones Day professionals and

paraprofessionals attended to numerous case administration tasks and commercial issues arising

from the restructuring of various entities across the Asia Pacific region and globally.  Such tasks

included liaising and coordinating across a number of Jones Day's offices in various jurisdictions,

compiling and serving of Monthly Statements, preparing monthly budget estimates, preparing

Jones Day's seventh interim fee application, responding to the Fee Committee's questions and

requests and dealing with conflict and similar issues arising from time to time and other issues as

more specifically set forth below.

*Australia*

18.    During the Compensation Period, the services rendered by Jones Day

professionals and paraprofessionals in Australia included assisting and advising the Debtors with

---

[6]    Categorizing the various services provided to the Debtors by Jones Day by region was previously approved by both the Debtors and the Fee Committee.

respect to insolvency proceedings in relation to Lehman Brothers Australia Limited (In Liquidation) ("LBA").  Such services included assisting and advising the Debtors in relation to settlement options proposed by the liquidators of LBA for claims against LBA and non-Australian Lehman entities, and providing updates on the status of class action proceedings against LBA in the Federal Court of Australia.  Jones Day professionals and paraprofessionals also advised the Debtors in relation to setting aside a subpoena in the Federal Court of Australia which effected the Debtors' interests.

*Hong Kong*

19.     During the Compensation Period, Jones Day professionals in Hong Kong advised the Debtors in relation to the refiling of their proof of debts against Lehman Brothers Asia Holdings Limited.

*Japan*

20.     During the Compensation Period, Jones Day professionals obtained and analyzed the copies of court documents to identify developments in the civil rehabilitation proceedings, conducting legal research on civil rehabilitation law, drafting memoranda in relation to reorganization matters, preparing and filing various documents with the local court, assisting the Debtors and other Lehman entities under the control of the Debtors in Japan in asserting claims in the Japanese Civil Rehabilitation proceedings of Lehman Brothers Japan KK ("LBJ"), Lehman Brothers Commercial Mortgage KK ("LBCM") and Sunrise Finance KK ("Sunrise").  During the Compensation Period, Jones Day professionals also advised (i) the Debtors and other Lehman entities under the control of the Debtors in Japan on the contents of the proposed rehabilitation plans of LBJ, LBCM and Sunrise and associated claim submissions,

motions for assessment and payment processing issues, and (ii) the Debtors on operational

matters associated with the winding down of operations in Japan.

During the Compensation Period, Jones Day professionals liaised with local

counsel and other professionals regarding Japanese legal and commercial issues and assisted in

the drafting of the relevant transaction documents.

*Malaysia*

21.     During the Compensation Period, Jones Day professionals advised

Lehman Brothers Pan Asian Investments Limited on its settlement arrangement in connection

with certain litigation instituted in the courts of Malaysia, including the reviewing and drafting of

the settlement agreement and related ancillary document.

*Taiwan*

22.     During the Compensation Period, the services rendered by Jones Day

professionals in Taiwan were attributed to TL I Asset Management Company Limited ("TL I"),

TL II Asset Management Company Limited and TL III Asset Management Company Limited

("TL III").  Such services included advising Lehman entities with respect to the disposal and

liquidation of assets and repayment of debts, drafting letters, agreements and other

correspondence and documents with or to banks, creditors, debtors and governmental authorities,

attending to matters relating to mortgage foreclosure and default disputes with banks and debtors,

litigation, and representing Lehman entities in negotiations with various third parties and in

respect of changes to the corporate registrations as required.

23.     Particularly, Jones Day has assisted TL III to claim compensation against

its contractual parties in Yilan development project, and to negotiate with its largest creditor

bank, Hua-Nan Bank, in relation to the disposal of Yilan investment during the past few months.

In addition, Jones Day also assisted TL I and TL III to negotiate with their contractual

counterparty and Hua-Nan Bank in relation to the closing of Xiu-Gang Land sale.

*Thailand*

24.     The services rendered by Jones Day professionals in Thailand during the

Compensation Period included assisting LBHI and its subsidiaries in managing LBHI's Thailand

real estate and other assets.  This involved advising LBHI and its subsidiaries on investment,

financing issues, and various settlement and disposal (and post-disposal) strategies.  With respect

to the disposal strategy and implementation of the sales process, Jones Day drafted and

negotiated all key transaction documents and has been an integral part of the team from the

inception of the sales process.

25.     Jones Day has researched the financing structures for a number of LBHI

assets in Thailand, in particular reviewing the extent to which security has been granted over

LBHI's assets as a result of its debt obligations.

26.     Jones Day liaised with local counsel and other professionals on Thai legal

issues affecting the LBHI asset portfolio in Thailand and advised on compliance issues with

regards to Thai laws on financing and resulting security issues as well as providing general

bankruptcy and insolvency advice.

**London**

*Derivatives*

27.     In September 2009, Jones Day professionals in London were retained to

advise the Debtors on derivatives documentation matters arising from the occurrence of credit

events with respect to various "Reference Obligations" referenced in credit derivatives and

synthetic CDO documentation to which the Debtors are party, including the exercise or performance of their respective rights and obligations under such documentation.

28.      During the Compensation Period, Jones Day reviewed and analyzed the documentation for certain CDO structures and the related swap transaction and provided advice to the Debtors regarding potential rights of termination and recovery arising from marked to market trigger events in the financing structure.  Jones Day developed a proposed strategy for effecting a termination in the context of the documentation and a potential judicial challenge.

29.      During the Compensation Period, Jones Day also advised on the termination and settlement of derivatives transactions involving the Debtors related to a series of fifteen securitization structures.  Jones Day reviewed and analyzed the transaction documents and prepared and negotiated settlement agreements with the Debtors' counterparties with respect to each securitization structure.

30.      Jones Day also advised on the termination of a derivative transaction against a non-performing counterparty.  Jones Day is assisting the Debtors to recover amounts owed to them by the counterparty through foreign court proceedings.

31.      Jones Day has also represented the Debtors in the settlement of outstanding FX and Forward FX transactions (and related valuation issues) under English and New York law, including under circumstances where such transactions are either undocumented, subject to or deemed subject to ISDA Master or other market documentation.

32.      During the Compensation Period, Jones Day also provided contentious advice relating to valuation of termination and settlement of five derivatives transactions and the valuation disputes thereto involving the Debtors, including corresponding with counterparties, assisting with negotiations and progressing settlement of valuation disputes via the ADR process.

Jones Day also advised in detail on issues relating to the interpretation of certain notification

provisions in a series of derivative transactions under English law.

### Chicago

*Metropolitan Pier and Exposition Authority*

33.     Prior to the Petition Date, Lehman Brothers Special Financing, Inc.

entered into a Debt Service Deposit Agreement (the "<u>Agreement</u>") for certain tax exempt bonds

(the "<u>Bonds</u>") issued by the Metropolitan Pier and Exposition Authority of Illinois (the

"<u>Authority</u>").  After the Petition Date, the Authority issued additional capital appreciation bonds,

the proceeds of which were used to refund certain of the Bonds in advance of their stated

maturity.

34.     During the Compensation Period, Jones Day professionals reviewed the

actions taken by the Authority pursuant to the Agreement and the indenture for the Bonds.  In

particular, Jones Day further analyzed the Agreement, the indenture and nine supplements to the

indenture for the Bonds, other relevant transaction documents, communications and publically

available information relevant to the refunding of the Bonds.  Jones Day further conducted a

broad range of research relating to aspects of relevant state and federal laws, and provided advice

to the Debtors on any possible recourse that the Debtors may have for the refunding of the Bonds.

### New York

*Barclays*

35.     During the Compensation Period, Jones Day continued its representation

as special counsel to the Debtors regarding claims or other remedies arising from the asset

purchase agreement between Debtors and Barclays, executed September 16, 2008, and approved

by the Court by order entered September 20, 2008 (the "<u>Sale Order</u>").

36.    The trial of the Rule 60(b) proceedings relating to the Sale Order continued through October and November 2010.  During the Compensation Period, Jones Day examined and advised the Debtors regarding post-decision options and remedies after the issuance of the Court's February 22, 2011 decision on the 60(b) motion, saw to the submission of orders regarding the implementation of the decision, attended hearings before the Court regarding post-decision issues, and developed and filed summary judgment motions, based upon the findings in the February 22 decision and the record of the trial on the Rule 60(b) motion seeking recover from Barclays of unpaid consideration required to be paid under the Asset Purchase Agreement.

*Derivatives*

37.    During the Compensation Period, Jones Day continued to advise the Debtors with regard to certain derivative transactions with Prudential Global, Inc.  Specifically, Jones Day crafted and implemented strategy and represented the Debtors in settlement negotiations, which resulted in the settlement of certain claims asserted in this dispute.  Jones Day continues to represent the Debtors with regard to the remaining claims, which are currently in litigation before the Court.

38.    During the Compensation Period, Jones Day continued to advise the Debtors regarding transactions under three separate ISDA Master Agreements between the Debtors and Nomura entities including valuation issues pertaining to Icelandic bank reference entities.  This matter is currently in litigation before the Court, but is stayed pending settlement negotiations.  During the Compensation Period, Jones Day reviewed a significant number of documents received from the Nomura entities, and reviewed and produced documents from the

Debtors as well.   Jones Day also negotiated discovery issues with counsel for the Nomura

entities, scheduled depositions, and continued to craft strategy.

39.    In addition to the foregoing litigation matters, during the Compensation

Period, Jones Day represented the Debtors in alternative dispute resolution ("ADR") proceedings

with five derivative counterparties.  Specifically, Jones Day led three of the foregoing ADR

proceedings through mediation.  Of these three matters, two settled at the mediation and resulted

in considerable sums being returned to the estate. The third matter remains in ADR.  Jones Day

also settled an additional derivatives matter in its early ADR stages, prior to entry into formal

mediation.  Jones Day also continues to represent the Debtors in an ADR proceeding that, as of

the Compensation Period, had not yet entered formal mediation.

40.    In addition to the foregoing ADR matters, during the Compensation

Period, Jones Day continued to counsel the Debtors concerning various derivatives and other

complex structured products entered into with multiple counterparties including interest rate

swaps, credit default swaps, total return swaps, foreign currency swaps, multi-currency cross

border swaps, accelerated share repurchase transactions and other financial products.  With

regard to these matters, Jones Day analyzed relevant transaction documents and communications,

conducted a broad range of research relating to all aspects of relevant state and federal laws,

drafted legal memoranda and crafted strategies for matters headed to ADR.  Jones Day continues

to advise the Debtors on derivatives issues pertaining to collateral and margin posting, valuation

and reconciliation, as well as unique provisions specific to counter-party swaps.

41.    With regard to certain other derivatives transactions, during the

Compensation Period, Jones Day drafted and served pre-litigation discovery requests.  Jones Day

also interviewed witnesses with knowledge relevant to the transactions at issue and continued its

14

factual investigation into the claims asserted.  During the Compensation Period, Jones Day also reviewed documents produced pursuant to pre-litigation discovery requests it drafted and served during the previous compensation period.

*Greenbrier*

42.    During the Compensation Period, Jones Day continued to advise the Debtors in connection with the workout and restructuring of certain loans and investments involving Greenbrier Minerals LLC ("Greenbrier"). Services rendered by Jones Day professionals included, among others, advising the Debtors in relation to Lehman Commercial Paper Inc. ("LCPI"), particularly, as it relates to LCPI's settlement strategy in connection with its disputes with Greenbrier, as well as a sharing arrangement with respect to a potential sale of Greenbrier's assets.  In connection with such advice, Jones Day professionals (i) participated in numerous teleconferences and meetings with the Debtors and Greenbrier regarding the terms of a settlement and sharing arrangement, and the negotiation of issues relating thereto; (ii) conducted substantial review and revision of the settlement agreement and sharing arrangement proposed by counsel to Greenbrier; and (iii) finalized pleadings and related documents necessary for court approval of the settlement agreement and sharing arrangement.

*Chicago Mercantile Exchange*

43.    During the Compensation Period, Jones Day professionals continued to examine the facts and legal issues surrounding the close out of certain Lehman positions on the Chicago Mercantile Exchange ("CME") shortly before the bankruptcy filing.  Services rendered included review of pertinent documents, research regarding potential claims and standing to assert such claims, and communications with the SIPA Trustee for LBI concerning his dealings with the CME in regard to such potential claims.

*Norton*

44.     During the Compensation Period, Jones Day professionals assisted and advised Lehman Brothers Commercial Corporation in connection with post-closing matters pertaining to the Norton Gold Senior Secured Note and to the proposed sale of certain collateral and amendments to documents relating thereto.

*Aircraft Dispositions*

45.     During the Compensation Period, Jones Day advised the Debtors and certain subsidiaries of the Debtors on aircraft dispositions and drafted the relevant transaction documents related thereto.  Jones Day also negotiated with the lenders under a certain indenture estate established by the Debtors in the settlement of a contract dispute between the Debtors and Aeroturbine, Inc., and drafted the lender consent related thereto.

*Non-Derivative Avoidance Actions*

46.     During the Compensation Period, Jones Day assisted the Debtors in obtaining an extension of their tolling agreements with Pricewaterhouse Coopers and Natixis Financial Products.  In addition, Jones Day assisted the Debtors in its negotiations with Natixis Financial Products regarding  potential avoidance actions.

*Quadrant*

47.     During the Compensation period, Jones Day assisted the Debtors in negotiating, documenting, obtaining court approval of, and closing the sale of LBHI's minority interest in Quadrant Structured Products Ltd., a Cayman Islands limited company, for $90 million.

*San Francisco*

48.    The history of the San Francisco – Kontrabecki Matter, which was pending in the U.S. Bankruptcy Court in San Francisco, has been summarized in prior interim applications.

49.    As described in the seventh interim application, the litigation was settled through a judicial settlement conference in early November 2010.  The essential terms of the settlement provide for full mutual releases, and for LBHI neither to receive nor pay any settlement amounts.  The settlement was approved by the San Francisco bankruptcy court in December 2010, and all proceedings have been dismissed.

50.    During the Compensation Period, Jones Day professionals and paraprofessionals provided limited services related to implementation of the settlement and responding to post-settlement communications and requests for information from the adverse party and representatives of LBHI.  While some additional services of a similar limited nature may be required, the matter is essentially concluded.

### Expenses Incurred by Jones Day

51.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code.  Accordingly, Jones Day seeks reimbursement for expenses incurred in rendering services to the Debtors during the Compensation Period.  The total amount of the expenses is $107,229.25 for the Compensation Period, as summarized in the attached Exhibit "C" and detailed in the attached Exhibit "D".

52.     In accordance with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and the Guidelines, Jones Day maintains the following policies with respect

to expenses for which reimbursement is sought herein:

(a)     No amortization of the cost of any investment, equipment, or capital outlay is included in the expenses.  In addition, for those items or services that Jones Day purchased or contracted from a third party (such as outside copy services), Jones Day seeks reimbursement only for the exact amount billed to Jones Day by the third party vendor and paid by Jones Day to the third party vendor.

(b)     Black and white photocopying by Jones Day was charged at 10 cents per page.[7]  Color photocopying by Jones Day was charged at 50 cents per page.  To the extent practicable, Jones Day utilized less expensive outside copying services.

(c)     Telecopying by Jones Day was charged to the Debtors at the cost of the long distance call required to send the facsimile.  The firm did not impose any charge to the Debtors for local facsimiles, inbound facsimiles, interoffice facsimiles or facsimiles costing less than $1.00.

(d)     Meal charges incurred during travel charged to the Debtors for Jones Day personnel were limited to $40 per person.

(e)     Working meals and overtime meals for Jones Day personnel working past 8:00 p.m. were limited to $20 per person.

(f)     Coach airfares charged to the Debtors for Jones Day personnel were associated with out of town travel, meetings with the Debtors or other parties in these chapter 11 cases.

(g)     Taxi fares for overtime travel home after 8:00 p.m. were limited to $100.

(h)     Fees for hotel accommodation charged to the Debtors for Jones Day personnel were not in excess of $500 per night.

(i)     No staff overtime, word processing, proofreading charges or other "overhead" have been charged to the Debtors.

---

[7]     As disclosed and agreed to by the Fee Committee, Jones Day charges the Debtors at cost for duplication charges for obtaining court records at the Tokyo District Court.

18

### **The Requested Compensation Should Be Allowed**

53.    Section 330 of the Bankruptcy Code provides that the Court may award a

professional person employed under section 327 or 1103 of the Bankruptcy Code:

> (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Section 330(a)(3)(A) further provides the following standards for the

Court's review of a fee application:

> In determining the amount of reasonable compensation to be awarded, the court shall
>
> consider the nature, the extent, and the value of such services, taking into account all
>
> relevant factors, including--
>
> > (A)    the time spent on such services;
> >
> > (B)    the rates charged for such services;
> >
> > (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
> >
> > (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> >
> > (E)    whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

54.    Jones Day respectfully submits that it has satisfied the requirements for

the allowance of the compensation and reimbursement of expenses sought herein.  The services

19

described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases. Jones Day's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought by Jones Day is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

### Statements of Jones Day Pursuant to Bankruptcy Rule 2016(a)

55.     Pursuant to the Interim Compensation Order, Jones Day has submitted the Monthly Statements to (a) the Debtors, (b) counsel to the Debtors, Weil, Gotshal & Manges, LLP, (c) counsel to Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, (d) the U.S. Trustee, (e) the Fee Committee, (f) counsel to the Fee Committee, and (g) BrownGreer PLC (collectively the "Notice Parties"), during the Compensation Period with respect to the Debtors' chapter 11 cases, as follows: (a) from February 1, 2011 through February 28, 2011 – fees of $1,355,837.00 and expenses of $22,401.40; (b) from March 1, 2011 through March 31, 2011 – fees of $1,911,443.70 and expenses of $21,926.60; (c) from April 1, 2011 through April 30, 2011 – fees of $1,779,577.40 and expenses of $27,178.04, and (d) from May 1, 2011 through May 31, 2011 – fees of $1,172,842.80 and expenses of $35,723.21.[8]

56.     In total, therefore, Jones Day has submitted Monthly Statements for fees of $6,219,700.90 and expenses of $107,229.25 during the Compensation Period, and hereby seeks interim approval of $6,209,821.90 of such fees and $107,229.25 in reimbursement of such expenses under this Application.

---

[8]     Please refer to paragraph 16 hereof for a further explanation of the fees included in each of the above described Monthly Statements.

57.    Jones Day has received such payment from the Debtors relating to fees and expenses in the Monthly Statements on account of services provided during the Compensation Period as described in paragraph 15 above.

58.    No agreement or understanding exists between Jones Day and any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Jones Day.  All of the services for which compensation is sought in this Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

59.    Prior to the filing of this Application, Jones Day received no objections to any of the Monthly Statements provided under the Interim Compensation Order from the Debtors, the Fee Committee or anyone else.

### Notice

60.    Notice of this Application and its exhibits will be given to (a) the Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Committee; (e) the Fee Committee and its counsel; and (f) as requested by the Fee Committee, BrownGreer PLC.  Jones Day respectfully submits that no other or further notice is required.

WHEREFORE, Jones Day respectfully requests that the Court (a) enter an order allowing interim compensation of $6,209,821.90 to Jones Day for professional services rendered as special counsel for the Debtor during the Compensation Period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of $107,229.25 in connection with Jones Day's services during the Compensation Period, (b) authorize and direct the Debtors to pay

to Jones Day any and all unpaid, invoiced amounts for the Compensation Period; and (c) grant to

Jones Day such other and further relief as the Court may deem proper.


Dated: August 15, 2011
      New York, New York

                    */s/* Robert W. Gaffey
                        Robert W. Gaffey
                        Ross S. Barr
                        JONES DAY
                        222 East 41st Street
                        New York, New York 10017-6702
                        Telephone:  (222) 326 3939
                        Facsimile:  (212) 755 7306

                        SPECIAL COUNSEL TO THE DEBTORS IN
                        POSSESSION

EXHIBIT "A"

**SUMMARY OF SERVICES BY PROJECT CATEGORY FOR SERVICES RENDERED
BY JONES DAY ON BEHALF OF THE DEBTORS
FROM FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

| Project Category | Total Hours by Project | Total Fees by Project (USD) |
|---|---:|---:|
| Asia Pacific | 1223.70 | $508,994.50 |
| Chicago | 118.80 | $63,700.00 |
| London | 586.90 | $456,698.90 |
| New York | 10228.20 | $5,176,467.50 |
| San Francisco | 17.30 | $13,840.00 |
| **Total** | **12174.90** | **$6,219,700.90** |

## CURRENT FEE PERIOD: FEBRUARY 1, 2011 THROUGH MAY 31, 2011

Case No.: 08-13555 (JMP)

Case Name: In re LEHMAN BROTHERS HOLDINGS INC., *et al.*, Debtors.

| APPLICANT | DATE/DOCUMENT NO. OF APPLICATION | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|-----------|----------------------------------|----------------|--------------|--------------------|------------------|
| Jones Day | August 15, 2011 | [$6,209,821.90] | [          ] | [$107,229.25] | [          ] |

**EXHIBIT "B"**

**SERVED ON NOTICE PARTIES UNDER INTERIM COMPENSATION ORDER**

EXHIBIT "C"

### ACTUAL AND NECESSARY DISBURSEMENTS INCURRED
### BY JONES DAY ON BEHALF OF THE DEBTORS
### FROM FEBRUARY 1, 2011 THROUGH MAY 31, 2011

| Disbursement Description | Amount Billed (USD) |
|---|---:|
| Attorney Fees | 970.50 |
| Bank Charges | 0.27 |
| Cash Advance | 8.00 |
| Certified Document Charges | 232.16 |
| Computerized Research Services | 837.07 |
| Conference Charges | 1,154.34 |
| Courier Services | 554.66 |
| Court Costs | 1,010.07 |
| Document Reproduction Charges | 9,600.42 |
| Federal Express Charges | 221.72 |
| Filing Fees and Related | 368.47 |
| General Communication Charges | 341.30 |
| General Internal Services | 72.00 |
| Lexis Search Fees | 3,335.75 |
| Litigation Expenses | 16.52 |
| Local Authority Search Fee | 45.02 |
| Local Transportation | 78.31 |
| Long Distance | 877.08 |
| Miscellaneous Expenses | 16,404.67 |
| Postage Charges | 30.26 |
| Printing Charges | 2,076.98 |
| Publication Expenses | 90.00 |
| Travel - Air Fare | 597.47 |
| Travel - Car Rental Charges | 104.45 |
| Travel - Food and Beverage Expenses | 1,890.97 |
| Travel - Hotel Charges | 278.90 |
| Travel - Other Costs | -204.68 |
| Travel - Taxi Charges | 5,210.17 |
| United Parcel Service Charges | 333.97 |
| Video and Electronic Expenses | 3,972.35 |
| Westlaw Search Fees | 57,350.08 |
| Witness Fees | -630.00 |
| | |
| **Total Disbursements** | **255,655.32** |

**EXHIBIT "D"**

**SERVED ON NOTICE PARTIES UNDER INTERIM COMPENSATION ORDER**

**EXHIBIT E**

**Multiple Timekeepers Attending Same Hearing/Outside Meeting/Deposition (8th Interim Fee Application)**

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Joel Telpner<br>Michael Thayer<br>Stela Tipi<br>Aviva Warter Sisitsky | 2/14/11 | (RFC) Interview of former Lehman employee | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction. His expert presence was necessary to provide technical background information for the interview and provide substantive questions regarding the structure of the transaction. Thayer was required to attend in order to memorialize the interview and provide general and substantive support. Tipi was required to attend because she was conducting the interview of the former Lehman employee. Warter Sisitsky is the lead partner for this matter and attended to guide questions relating to the claims in this dispute. Each participant provided significant responsibilities and expertise critical to the RFC dispute. |
| Sarah Lieber<br>Sevan Ogulluk<br>Jayant Tambe | 3/30/11 | (Prudential) Meeting with client in preparation for mediation session | This was an all hands preparation session for a major mediation. Tambe is the lead derivatives partner and led the mediation session. Ogullk was the partner in charge of this counterparty and responsible for the day to day management of the case and strategy. Lieber was the senior associate responsible for the preparation of all presentations, materials and briefs necessary for the mediation. All three were critical in developing the client's mediation strategy. |
| Ron Gross<br>Sarah Lieber<br>Sevan Ogulluk<br>Jayant Tambe | 3/31/11 | (Prudential) Mediation session | This was an all day mediation that resulted in a significant recovery for the Debtors' estates. Gross was the Uniform Commercial Code expert necessary to opine on and argue security interest issues. Tambe is the lead derivatives partner and led the mediation. Ogullk was the partner in charge of this counterparty and responsible for the day to day management of the case and strategy. Lieber was the senior associate responsible for the preparation of all presentations, materials and briefs necessary for the mediation. All four were critical in implementing the client's mediation strategy. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Sarah Lieber<br>Sevan Ogulluk<br>Jayant Tambe | 3/30/11 | (Prudential) Meeting with client in preparation for mediation session | This was an all hands preparation session for a major mediation. Tambe is the lead derivatives partner and led the mediation session. Ogullk was the partner in charge of this counterparty and responsible for the day to day management of the case and strategy. Lieber was the senior associate responsible for the preparation of all presentations, materials and briefs necessary for the mediation. All three were critical in developing the client's mediation strategy. |
| Ron Gross<br>Sarah Lieber<br>Sevan Ogulluk<br>Jayant Tambe | 3/31/11 | (Prudential) Mediation session | This was an all day mediation that resulted in a significant recovery for the Debtors' estates. Gross was the Uniform Commercial Code expert necessary to opine on and argue security interest issues. Tambe is the lead derivatives partner and led the mediation. Ogullk was the partner in charge of this counterparty and responsible for the day to day management of the case and strategy. Lieber was the senior associate responsible for the preparation of all presentations, materials and briefs necessary for the mediation. All four were critical in implementing the client's mediation strategy. |
| Cindy Chien<br>Ming-Wei Lo | 4/01/11 | (TLIII) Attend mediation hearing | Ming-Wei Lo was responsible for leading the mediation. Cindy Chien was the junior attorney responsible for preparation of all presentations, materials and documents necessary for the mediation. Both attorneys were necessary for implementing the client's mediation strategy. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Todd Geremia Paul Green Michael Silberfarb Jayant Tambe Joel Telpner Michael Thayer | 4/7/11 | (Intel) Client meeting regarding mediation | Geremia drafted the mediation brief and was present to answer any questions regarding the brief. Green was responsible for providing the client with an understanding of the ultimate disposition of the securities underlying the counterparty dispute. Silberfarb was responsible for informing the client about the status of the dispute as well as the status of mediation preparation. Tambe is the lead derivatives partner and led the mediation preparation session. Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction and answered specific questions concerning the swap underlying the counterparty dispute. Thayer was the junior associate required to attend in order to memorialize the meeting and provide general and substantive support. Warter Sistsky is the junior partner on this matter and attended to guide questions relating to the claims in this dispute. Each participant provided significant contributions and expertise critical to the counterparty dispute. |
| Robert Gaffey Tracy Schaffer | 4/11/11 | Chambers conference with Judge Peck regarding 60(b) orders | Gaffey was the lead partner and addressed the Court at the chambers conference on behalf of LBHI concerning (i) a stipulation to dismiss various claims in the adversary compliant and (ii) entry of the Court's decision and order. Schaffer was the junior partner responsible for assisting Gaffey at the conference with respect various issues related to the stipulation and entry of the Court's decision and order. |
| Jayant Tambe Toni Ann Citera | 4/27/11 | (BMO) Client meeting | Citera was the junior partner and attended to provide litigation advice regarding valuation of underlying swap. Tambe is the lead derivatives partner and led the client meeting |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Matthew Chow<br>Todd Geremia<br>Bart Green<br>Mahesh Parlikad<br>Benjamin Rosenblum<br>Jayant Tambe<br>Joel Telpner<br>Aviva Warter Sisitsky | 5/3/11 | (Asurion) Mediation preparation session with client | Tambe is in charge of the entire derivatives strategy and advised and responded to specific client questions.  Warter Sisitsky was the lead lawyer of the mediation.  Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided answers to technical questions regarding the swap.  Rosenblum provided bankruptcy advice to the client.  Geremia was the drafter of the mediation brief and provided advice concerning the mediation brief.  Chow was the junior associate responsible for incorporating revisions to the slide deck as provided by the client.  Parlikad was the junior associate who drafted a portion of the mediation brief and was responsible for providing further detail regarding the governing facts and case law in this dispute.  Green was the junior associate who provided additional edits to the presentation materials. |
| Michael Silberfarb<br>Benjamin Rosenblum<br>Jayant Tambe<br>Joel Telpner<br>Michael Thayer<br>Aviva Warter Sisitsky | 5/3/11 | (Intel) Mediation preparation meeting with client | Tambe and Warter Sisitsky were co-leaders of the mediation preparation session.  Rosenblum provided bankruptcy advice to the client. Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided answers to technical questions regarding the swap.  Silberfarb is the mid-level associate who provided revisions to the mediation slides.  Thayer is the junior associate who addressed any issues arising from the documents which would be used in mediation. |
| Todd Geremia<br>Bart Green<br>Jayant Tambe<br>Joel Telpner<br>Michael Thayer<br>Aviva Warter Sisitsky | 5/4/11 | (Intel) Mediation session | Tambe and Warter Sisitsky were co-leaders of the mediation session.  Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided answers to technical questions regarding the swap.  Geremia was the drafter of the mediation brief and provided advice concerning the mediation brief.  Green and Thayer are junior associates responsible for presentation materials and documents. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Todd Geremia<br>Mahesh Parlikad<br>Aviva Warter Sisitsky | 5/6/11 | (Asurion) Mediation session | Warter Sisitsky was the lead lawyer of the mediation. Geremia answered questions relating to the mediation brief and related case law.  Parlikad was the junior associate who prepared the presentation materials and documents and provided comments on the relevant case law. |
| Robert Gaffey<br>William Hine | 5/9/11 | Hearing before Judge Peck regarding post-decision orders and proposed summary judgment motion | Gaffey was the lead lawyer who was responsible for presenting the issues to the Court.  Hine was to be the principal draftsman of the summary judgment motion and was needed to provide additional detail regarding this motion, if requested, by the Court. |
| Joel Telpner<br>Stela Tipi<br>Aviva Warter Sisitsky | 5/9/11 | (RFC) Settlement meeting with client and counterparty affiliate | Warter Sisitsky was the lead partner at the settlement meeting. Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and answered questions concerning the transactional documents and provided support with respect to technical derivatives issues.  Tipi was the mid-level associate responsible for providing comments concerning the relevant case law and documents. |
| Toni Citera<br>Aviva Warter Sisitsky | 5/11/11 | (Credit Suisse) Meeting with client and counterparty | Citera was the partner responsible for providing litigation advice. Warter Sisitsky was the partner responsible for providing derivatives advice. |
| Benjamin Rosenblum<br>Jayant Tambe<br>Joel Telpner<br>Stela Tipi<br>Aviva Warter Sisitsky | 5/18/11 | (RFC) Settlement meeting with client and counterparty | Tambe is in charge of the entire derivatives strategy and co-led the settlement meeting with opposing counsel.  Warter Sisitsky co-led the settlement meeting with opposing counsel.  Rosenblum provided bankruptcy advice to the client.  Tipi was the mid-level associate responsible for providing comments and support with respect to the relevant case law and documents. |
| Alex McBride<br>Lauri Sawyer<br>Jayant Tambe | 5/20/11 | (Rosslyn) Mediation preparation meeting with client | Tambe is in charge of the entire derivatives strategy and was the partner that co-led the mediation. Sawyer is the counsel that co-led the mediation.  McBride was the junior associate who prepared the presentation materials and documents. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Alex McBride<br>Lauri Sawyer<br>Jayant Tambe | 5/24/11 | (Rosslyn) Mediation session | Tambe is in charge of the entire derivatives strategy and was the partner that co-led the mediation. Sawyer is the counsel that co-led the mediation.  McBride was the junior associate who prepared the presentation materials and documents. |

**EXHIBIT "F"**

JONES DAY
Robert W. Gaffey
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel for the Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

<u>**CERTIFICATION OF ROBERT W. GAFFEY**</u>

I, Robert W. Gaffey, certify as follows:

1.      I am a partner in the law firm of Jones Day.  I submit this certification with respect to the application (the "<u>Application</u>")[1] of Jones Day, special counsel for the debtors in possession in the above-captioned cases (the "<u>Debtors</u>"), for allowance of compensation for professional services rendered, and reimbursement of actual and necessary expenses incurred, for the period from February 1, 2011 through May 31, 2011.

2.      I make this certification in accordance with General Order M-151, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on April 19, 1995 (the "<u>Local Guidelines</u>").

---

[1]      Unless otherwise defined herein, all capitalized terms used herein shall have the meanings set forth in the Application.

3.      In connection therewith, I hereby certify that

(a)      I have read the Application;

(b)      to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") except as specifically noted therein;

(c)      except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates customarily employed by Jones Day and generally accepted by Jones Day's clients; and

(d)      in providing a reimbursable service, Jones Day does not make a profit on that service, whether the service is performed by Jones Day in house or through a third party.

Dated:  August 15, 2011                    Respectfully submitted,
        New York, New York

                                          /s/ Robert W. Gaffey_____  _
                                          Robert W. Gaffey
                                          JONES DAY
                                          222 East 41st Street
                                          New York, New York 10017
                                          Telephone: (212) 326-3939
                                          Facsimile: (212) 755-7306

                                          SPECIAL COUNSEL FOR THE DEBTORS IN
                                          POSSESSION