**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
::
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
----------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LB 745 LLC AND RAYMOND HERNANDEZ**
**PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

LB 745 LLC ("LB 745"), as debtor and debtor-in-possession, and Raymond Hernandez ("Plaintiff"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") and represent and agree as follows:

RECITALS:

A. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). LB 745 commenced its chapter 11 case on September 16, 2008. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate

their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. Plaintiff alleges that, on December 13, 2007, he sustained certain injuries (the "Incident") from a handrail that was located in the N/R train station under the building located at 745 7th Avenue, New York, New York (the "Premises"). Plaintiff further alleges that LB 745 was owner of the Premises at the time of the Incident.

C. LB 745 is one of the beneficiaries of a commercial general liability policy (the "Policy")[1] issued by American Home Assurance Company (the "Insurer"), which covers, among other things, claims arising from bodily injury. Under the terms of the Policy, the Insurer provides "first-dollar coverage" and is thus obligated to defend against Plaintiff's claims and, to the extent that LB 745 receives an unfavorable verdict, to pay Plaintiff's damages, subject to certain terms and conditions, up to the limits of the Policy.

D. On July 2, 2009, this Court entered an order pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) establishing, among other things, September 22, 2009 (the "Bar Date") as the deadline for parties in interest to file proofs of claim against LB 745 and certain of the other Debtors [Docket No. 4271].

E. Plaintiff did not file a proof of claim in the Chapter 11 Case prior to the Bar Date.

---

[1] Primary policy number is GL 159-55-43, effective 09/30/2007 through 09/30/2008.

F. The automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") has prevented Plaintiff from bringing an action against LB 745 on account of the Incident.

G. Plaintiff has requested that LB 745 consent to relief from the Automatic Stay for the limited purpose of allowing Plaintiff to name LB 745 as a nominal defendant in an action in the Supreme Court for the State of New York, New York County seeking damages in connection with the Incident (the "State Court Action"). In connection therewith, Plaintiff has expressly agreed to limit his recovery, if any, to the extent of the insurance proceeds that may be payable directly to Plaintiff under the Policy (the "Insurance Proceeds").

H. In light of the foregoing, LB 745 and Plaintiff (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to modify the Automatic Stay for the limited purpose of allowing Plaintiff to name LB 745 as nominal defendant in the State Court Action and/or settle the State Court Action.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** by and between the Parties, through their undersigned counsel, that:

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay extant in LB 745's case under chapter 11 of the Bankruptcy Code is hereby modified solely to the extent necessary to permit the Plaintiff (i) to commence and prosecute the State Court Action against LB 745 and/or the Insurer, and (ii) to settle the State Court Action with the Insurer, if appropriate; provided, however, that the provisions of the Automatic Stay,

including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against LB 745 that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from LB 745's estate and/or assets or property of LB 745 (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.     Notwithstanding LB 745's consent to the limited relief described herein, Plaintiff hereby forever waives and releases any and all Claims (as such term is defined in section 101(5) of the Bankruptcy Code), liabilities, causes of action, demands, and damages of whatever kind or nature, whether known or unknown, arising before or after the commencement of these chapter 11 cases from or in relation to the Incident against LB 745 or any other Debtor in the above-captioned chapter 11 cases or their affiliates, except to the extent that such Claim is covered by the Policy and such Insurance Proceeds might be payable directly to Plaintiff under the Policy and hereby waives any and all rights to any recovery arising from or in relation to the Incident that exceeds the Insurance Proceeds available under the Policy.  For the avoidance of doubt, Plaintiff's waiver herein shall not act as a waiver of claims that Plaintiff might have against any parties that are not Debtors or non-Debtor affiliates.

4.     The limited relief set forth herein shall not be construed as an admission of liability by LB 745 of any claim or cause of action arising from or in relation to the Incident or any other matter.

5. The Parties agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this STIPULATION, AGREEMENT AND ORDER.

6. This STIPULATION, AGREEMENT AND ORDER can only be amended or otherwise modified by a signed writing executed by the Parties.

7. The person who executes this STIPULATION, AGREEMENT AND ORDER by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this STIPULATION, AGREEMENT AND ORDER on behalf of such Party.

8. This STIPULATION, AGREEMENT AND ORDER may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this STIPULATION, AGREEMENT AND ORDER to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

9. This STIPULATION, AGREEMENT AND ORDER is subject to the approval of the Court and upon such approval shall inure to the benefit of the parties hereto and their respective successors and assigns.

[Remainder of this page is intentionally left blank]

10. This STIPULATION, AGREEMENT AND ORDER shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: June 22, 2011
       New York, New York

/s/ Andrew Bokar
Andrew Bokar
GREENSTEIN & MILBAUER, LLP
1825 Park Avenue
New York, New York 10035
Telephone: (212) 685-8500
Facsimile: (770) 424-1408

Attorneys for Raymond Hernandez

Dated: June 22, 2011
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
      August 15, 2011

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge