WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                     :

In re                                           :        Chapter 11 Case No.
                                                     :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        08-13555 (JMP)
                                                     :

                            **Debtors.**             :        **(Jointly Administered)**

------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER BETWEEN**
**BNC MORTGAGE LLC AND WELLS FARGO BANK, N.A., AS**
**TRUSTEE, PROVIDING FOR RELIEF FROM THE AUTOMATIC**
<u>**STAY WITH REGARD TO CERTAIN REAL PROPERTY LOCATED IN HAWAII**</u>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        This Stipulation, Agreement and Order (the "<u>Stipulation, Agreement and Order</u>") is entered into by BNC Mortgage LLC ("<u>BNC</u>"), as debtor and debtor-in-possession, and Wells Fargo Bank, N.A. ("<u>Wells Fargo</u>"), d/b/a America's Servicing Company as Servicer for U.S. Bank National Association, as Trustee under the Trust Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-11 (the "<u>SAIL 2005-11 Trust</u>").

**RECITALS**

        A.    On September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). BNC commenced its Chapter 11 Case on January 9, 2009.

        B.    On July 13, 2011, Wells Fargo filed a motion for relief from the automatic stay in the Chapter 11 Cases with respect to certain real property located at 118 Papahi LP, Kahului, HI (the "Motion") [ECF No. 18516].

        C.    Wells Fargo represents that it is the current holder of a mortgage executed on September 14, 2005 by Royden Yasuo Ginoza and Susan Sun He Ginoza in favor of BNC Mortgage, Inc.[1] (the "Ginoza Mortgage"), and transferred to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for BNC Mortgage Inc., as security for the repayment of the original principal sum of $457,653 due under a note. The Ginoza Mortgage granted MERS, as nominee for BNC Mortgage, Inc., a security interest in the Kahului Property. The Ginoza Mortgage was assigned to Wells Fargo by an instrument, dated November 9, 2009.

        D.    The Debtors have determined that they do not hold a direct interest in the Ginoza Mortgage.

        E.    Wells Fargo also represents that there was a junior lien on the Kahului Property (the "Ginoza Second Mortgage") held by MERS, as nominee for BNC Mortgage, Inc.

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity. BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc." On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC." BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

   F. BNC has determined that it transferred its interest in the Ginoza Second Mortgage to Lehman Brothers Bank, FSB (n/k/a Aurora Bank, FSB) on or about October 21, 2005, and that, thereafter, the Ginoza Second Mortgage was further transferred to LBHI, then to Structured Asset Securities Corporation ("SASCO"), a debtor in the above referenced chapter 11 cases, and finally to SAIL 2005-11, a non-debtor securitization trust. As a result of the above-described transfers, neither BNC nor any of the other Debtors currently holds a direct interest in the Ginoza Second Mortgage.

   G. Due to BNC's usage of MERS as its nominee, however, BNC's former interest in the Ginoza Second Mortgage remains on the local property records, creating an impediment to Wells Fargo's acquisition of insurable title to the Kahului Property.

   H. Accordingly, and out of an abundance of caution, Wells Fargo seeks entry of an order partially modifying the automatic stay extant in BNC's chapter 11 case pursuant to section 362 of the Bankruptcy Code in order to allow Wells Fargo to exercise its non-bankruptcy rights and remedies as to the Kahului Property including, but not limited to, foreclosure.

   I. In light of the foregoing, and to ensure that Wells Fargo is not prohibited from exercising its rights with respect to the Kahului Property, BNC and Wells Fargo (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to resolve the issue on the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN BNC AND WELLS FARGO, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

   1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, to the extent that the automatic stay is applicable, it shall be modified with respect to Wells Fargo's interest in the Kahului Property and Wells Fargo shall be permitted to exercise its rights under applicable non-bankruptcy law against the Kahului Property.

3. Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Upon the Effective Date, the Motion shall be deemed withdrawn.

5. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

6. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

7. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

8. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: July 26, 2011
       Latham, New York

/s/ William B. Schiller
William B. Schiller

SCHILLER & KNAPP, LLP
Local Counsel for McCalla, Raymer, LLC
Attorneys for Wells Fargo Bank, N.A., *et al.*
950 New Loudon Road
Latham, New York 12110
Telephone: (518) 786-9069
Facsimile: (518) 786-1246

Attorneys for Wells Fargo Bank, N.A. d/b/a America's Servicing company as Servicer for U.S. Bank National Association, as Trustee under the Trust Agreement for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2005-11

Dated: July 28, 2011
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
       August 15, 2011

    s/ James M. Peck
Honorable James M. Peck
United States Bankruptcy Judge