JONES DAY
Robert W. Gaffey
William J. Hine
Todd R. Geremia
Lisa G. Laukitis
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

Attorneys for Lehman Brothers Holdings Inc.


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*                    :    Case No. 08-13555 (JMP)
                                                            :
                                       Debtors.             :    (Jointly Administered)
------------------------------------------------------------X
                                                            :
                                                            :
In re                                                       :
                                                            :
LEHMAN BROTHERS INC.,                                       :    Case No. 08-01420 (JMP) SIPA
                                                            :
                                       Debtor.              :
------------------------------------X


## STIPULATION AND ORDER

WHEREAS, the following motions have been filed with the Court by Lehman Brothers

Holdings Inc. ("LBHI" or the "Debtor"); James W. Giddens (the "Trustee"), as Trustee for the

SIPA liquidation of Lehman Brothers Inc. ("LBI"); and the Official Committee of Unsecured

Creditors (the "Committee" and, collectively with LBHI and the Trustee, "Movants") seeking,

*inter alia*, modifications of (i) the Court's Order Under 11 U.S.C. §§ 105(a), 363, and 365 and

Federal Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the

Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and

Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008, or (ii) the

Court's Order Approving, and Incorporating by Reference for Purposes of this Proceeding, an

Order Authorizing the Sale of Purchased Assets and Other Relief in the Lehman Brothers

Holdings Inc. Chapter 11 Proceeding; or both such Orders (individually or collectively, the "Sale

Order"):

> (1) Debtor's Motion for An Order, Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2008 Sale Order and Granting Other Relief, dated September 15, 2009 ("LBHI's Motion");

> (2) The Trustee's Motion for Relief Pursuant to the Sale Order or, Alternatively, for Certain Limited Relief Under Rule 60(b), dated September 15, 2009 ("Trustee's Motion"); and

> (3) Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Pursuant to 11 U.S.C. §§ 105(a), Fed. R. Civ. P. 60(b), and Fed. R. Bankr. P. 9024, For Relief From Order Under 11 U.S.C. §§ 105(a), 363 and 365 and Federal Rule of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008 (and Related SIPA Sale Order) and Joinder In Debtor's and SIPA Trustee's Motions for an Order Under Rule 60(b) to Modify Sale Order ("Committee's Motion");

> (4) Motion of Lehman Brothers Holdings Inc., Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Modifying The SIPA Sale Order and Joinder in Official Committee of Unsecured Creditors' Motion for Relief From SIPA Sale Order ("LBHI's Joinder"); and

> (5) The Trustee's Motion to Join in Debtors' Motion for an Order Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2009 Sale Order and Granting Other Relief ("The Trustee's Joinder," and collectively with the above-referenced motions, the "Rule 60 Motions").

> WHEREAS, pursuant to Paragraph 1 of the Scheduling Order concerning Certain

Motions Filed by LBHI, the Trustee, and the Committee, "so ordered" by the Court on

October 27, 2009, the following adversary complaints have also been filed with the Court:

> (A) Lehman Brothers Holdings Inc., v. Barclays Capital, Inc., Adv. Proc. No. 09-01731 (JMP) ("LBHI's Adversary Complaint");

(B) James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc., v. Barclays Capital Inc., Adv. Proc. No. 09-01732 (JMP) ("Trustee's Adversary Complaint"); and

(C) The Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. v. Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc., Adv. Proc. No. 09-01733 (JMP) ("Committee's Adversary Complaint" and collectively with the above-referenced adversary complaints, the "Rule 60 Movants' Adversary Complaints").

WHEREAS, LBHI and Barclays have stipulated, and the Court has "so ordered," that Counts I (aiding and abetting breach of fiduciary duty), II (breach of contract), VII (unjust enrichment) and VIII (conversion) set forth in LBHI's Adversary Complaint (collectively, the "Remaining LBHI Claims") were stayed and "shall not be resolved through resolution of the Rule 60(b) Motions" (a copy of such stipulation is attached hereto as Exhibit A);

WHEREAS, LBHI and Barclays further stipulated, and the Court "so ordered," that the agreed-upon stay of LBHI's Counts I, II, VII and VIII was "without prejudice to any party's ability to seek resolution of those claims through motions informed by or based on the Court's prior resolution of the Rule 60 Motions" (Exhibit A ¶ 4);

WHEREAS, the Court has issued its Opinion On Motions Seeking Modification of the Sale Order Pursuant to Rule 60(b), the Trustee's Motion for Relief Under the SIPA Sale Order, Barclays' Cross Motion to Enforce the Sale Orders and Adjudication of Related Adversary Proceedings, dated February 22, 2011 (the "Opinion") deciding the Rule 60 Motions and making factual findings with respect thereto;

WHEREAS, the Court's determinations in connection with the Rule 60 Motions have informed the parties as to the viability of certain of the Remaining LBHI Claims; and

WHEREAS, on May 18, 2011, LBHI filed a Motion for Summary Judgment On Count II of Its Adversary Complaint ("LBHI's Summary Judgment Motion"), to which Barclays responded on June 22, 2011, and which will be argued on September 7, 2011.

IT IS HEREBY STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS ORDERED THAT:

1.      Counts I (aiding and abetting breach of fiduciary duty), VII (unjust enrichment) and VIII (conversion) of LBHI's Adversary Complaint are hereby dismissed with prejudice based on the record developed during the evidentiary hearing on the Rule 60 Motions and the Court's Opinion, and this Stipulation and Order shall become effective on the same day as the Court issues the other orders implementing its February 22, 2011 Opinion.

2.      Notwithstanding the fact that LBHI's claims under and Summary Judgment Motion concerning Count II of its Adversary Complaint have yet to be decided by this Court, there is no just reason for delay of any appeals relating to other aspects of the Opinion or any orders issued by the Court in connection with the Opinion and the Rule 60(b) Motions (including the expected Order noted in paragraph 1 above), and therefore the parties agree that any such orders shall be deemed final and immediately appealable pursuant to Federal Rule of Civil Procedure 54(b).

Dated: New York, NY
       July 13, 2011

By:  s/ William J. Hine                          By:  s/ Jonathan D. Schiller
     Robert W. Gaffey                                 Jonathan D. Schiller
     William J. Hine                                  Hamish P.M. Hume
JONES DAY                                        BOIES SCHILLER & FLEXNER LLP
222 East 41st Street                             575 Lexington Avenue
New York, New York  10017-6702                   New York, NY  10022
(212) 326-3939                                   (212) 446-2300
*Attorneys for Lehman Brothers Holdings Inc.*

Hamish P.M. Hume
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Ave., N.W.
Suite 800
Washington, D.C. 20015
(202) 237-2727

*Attorneys for Barclays Capital Inc.*

**SO ORDERED:**

Dated: New York, New York
      August 15, 2011

          *s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                  :
In re:                                            :
                                                  :
LEHMAN BROTHERS INC.,                             :   Case No. 08-01420 (JMP)
                                                  :
                        Debtor.                   :   (SIPA)
                                                  :
-----------------------------------------------------------------x
-----------------------------------------------------------------x
JAMES W. GIDDENS, as TRUSTEE for the SIPA :
LIQUIDATION of LEHMAN BROTHERS INC.,      :
                                                  :
                        Plaintiff,                :   Adv. Proc. No. 09-01732 (JMP)
v.                                                :
                                                  :
BARCLAYS CAPITAL INC.                             :
                                                  x
                        Defendant.
-----------------------------------------------------------------
```

## STIPULATION AND ORDER BETWEEN THE DEBTORS, TRUSTEE, COMMITTEE AND BARCLAYS CAPITAL INC. CONCERNING CERTAIN CLAIMS MADE IN ADVERSARY COMPLAINTS FILED BY LBHI, SIPA TRUSTEE AND CREDITORS COMMITTEE

WHEREAS, the following motions have been filed with the Court seeking, *inter*

*alia*, modifications of (i) the Court's Order Under 11 U.S.C. §§ 105(a), 363, and 365 and Federal

Rules of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) the Sale of

Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and

Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008, or (ii) the

Court's Order Approving, and Incorporating by Reference for Purposes of this Proceeding, an

Order Authorizing the Sale of Purchased Assets and Other Relief in the Lehman Brothers

Holdings Inc. Chapter 11 Proceeding; or both such Orders (individually or collectively, the "Sale

Order"):

(1) Debtor's Motion for An Order, Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2008 Sale Order and Granting Other Relief, dated September 15, 2009 ("LBHI's Motion");

(2) The Trustee's Motion for Relief Pursuant to the Sale Order or, Alternatively, for Certain Limited Relief Under Rule 60(b), dated September 15, 2009 ("Trustee's Motion"); and

(3) Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., Pursuant to 11 U.S.C. §§ 105(a), Fed. R. Civ. P. 60(b), and Fed. R. Bankr. P. 9024, For Relief From Order Under 11 U.S.C. §§ 105(a), 363 and 365 and Federal Rule of Bankruptcy Procedure 2002, 6004 and 6006 Authorizing and Approving (A) Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, dated September 20, 2008 (and Related SIPA Sale Order) and Joinder In Debtor's and SIPA Trustee's Motions for an Order Under Rule 60(b) to Modify Sale Order ("Committee's Motion");

(4) Motion of Lehman Brothers Holdings Inc., Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. P. 9024, Modifying The SIPA Sale Order and Joinder in Official Committee of Unsecured Creditors' Motion for Relief From SIPA Sale Order ("LBHI's Joinder"); and

(5) The Trustee's Motion to Join in Debtors' Motion for an Order Pursuant to Fed. R. Civ. P. 60 and Fed. R. Bankr. 9024, Modifying the September 20, 2009 Sale Order and Granting Other Relief ("LBI's Joinder," and collectively with the above-referenced motions, the "Rule 60 Motions").

WHEREAS, pursuant to paragraph 1 of the Scheduling Order concerning Certain

Motions Filed by LBHI, SIPA Trustee and Creditors Committee "so ordered" by the Court on

October 27, 2009, the following adversary complaints have also been filed with the Court:

(A) Lehman Brothers Holdings Inc., v. Barclays Capital, Inc., Adv. Proc. No. 09-01731 (JMP) ("LBHI's Adversary Complaint");

(B) James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc., v. Barclays Capital Inc., Adv. Proc. No. 09-01732 (JMP) ("Trustee's Adversary Complaint"); and

(C) The Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.v. Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC, and Barclays Capital Inc., Adv. Proc. No. 09-01733 (JMP) ("Committee's Adversary Complaint," and collectively with the above-referenced adversary complaints, the "Rule 60 Movants' Adversary Complaints").

WHEREAS, pursuant to paragraph 1 of the Scheduling Order concerning Certain

Motions Filed by LBHI, SIPA Trustee and Creditors Committee "so ordered" by the Court on

October 27, 2009, the parties have met and conferred on November 25, 2009 and on December
1, 2009 to attempt to agree upon which claims in the Rule 60 Movants' Adversary Complaints
shall be resolved through the resolution of the Rule 60 Motions and which claims shall be stayed
pending such resolution.

WHEREAS, counsel for Barclays Capital Inc. ("Barclays"), Lehman Brothers
Holdings Inc. ("LBHI"), James W. Giddens, as Trustee for the SIPA liquidation of Lehman
Brothers Inc. (the "Trustee"), and the Official Committee of Unsecured Creditors of Lehman
Brothers Holdings Inc., et al. ("Creditors Committee") have agreed that certain claims made in
the Rule 60 Movants' Adversary Complaints shall necessarily be resolved through the resolution
of the Rule 60 Motions, while certain other claims made in the Rule 60 Movants' Adversary
Complaints may not be resolved through the resolution of the Rule 60 Motions, but may instead
require further adjudication.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT
APPROVAL HEREOF, IT IS ORDERED THAT:

1. All claims made in the Rule 60 Movants' Adversary Complaints are stayed for
purposes of any formal response deadlines or other deadlines governing adversary proceedings
set forth in the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, or
Local Rules of the United States Bankruptcy Court for the Southern District of New
York.Barclays, LBHI and the Trustee consent to the Creditors Committee's intervention in this
adversary proceeding.  The Creditors Committee will have any and all rights that are available to
it as a party in interest to intervene in the adversary proceedings initiated by LBHI's Adversary
Complaint and the Trustee's Adversary Complaint under Rule 24 of the Federal Rules of Civil
Procedure as made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure.

2. The following claims made in the Rule 60 Movants' Adversary Complaints

shall be resolved through the resolution of the Rule 60 Motions because the issues raised by

those claims are also raised by the Rule 60 Motions; accordingly, the parties' Rule 60 briefs,

including the Rule 60 Motions, shall be treated as dispositive motions, and any evidentiary

hearing that is required by the Court to resolve the Rule 60 Motions shall also be used to resolve

these claims:

Claims made in LBHI's Adversary Complaint: Count III (Unauthorized Post-
Petition Transfers – Bankruptcy Code § 549); Count IV (Recovery of Avoided
Transfers – Bankruptcy Code § 550); Count V (Recovery of Excess Collateral on
Liquidation of Repurchase Agreement – Bankruptcy Code § 542 and 559); Count
VI (Disallowance of Claims Under Bankruptcy Code § 502(d)); and Count IX
(Declaratory Judgment – 28 U.S.C. §§ 2201, 2202).

Claims made in the Trustee's Adversary Complaint: Count I (Declaratory
Judgment under 28 U.S.C. § 2201 - DTCC Clearance Box Assets); Count II
(Declaratory Judgment under 28 U.S.C. § 2201- OCC Margin and Clearing
Funds); Count III (Declaratory Judgment under 28 U.S.C. § 2201 - Funds at Other
Exchanges); Count IV (Declaratory Judgment under 28 U.S.C. § 2201 - $769
Million in Rule 15c3-3 Securities Or Substantially Similar Securities); Count V
(Avoidance of Transfers and Recovery of Property under §§ 549 and 550 of the
Bankruptcy Code); Count VII (Turnover of Property under § 542 of the
Bankruptcy Code); Count VIII (Recovery of Approximately $1.1 Billion in
DTCC Clearance Box Securities under § 548 of the Bankruptcy Code); Count IX
(Fraudulent Conveyance under § 273 of the New York Debtor & Creditor Law, as
made applicable by § 544(b) of the Bankruptcy Code); Count X (Recovery of the
Excess Value of the Repo Securities under §§ 559 and 542 of the Bankruptcy
Code); and Count XIV (Disallowance of Claims under § 502(d) of the Bankruptcy
Code).

Claims made in the Committee's Adversary Complaint: Count I (Declaratory
Judgment as to Clarification Letter pursuant to 28 U.S.C. §§ 2201, 2202); Count
II (Accounting); and Count III (Attorneys' Fees, 28 U.S.C. § 2202).

3. The following claims made in the Rule 60 Movants' Adversary Complaints

shall not be resolved through the resolution of the Rule 60 Motions; any response (whether by

4

Answer or motion) to these claims shall be due thirty (30) days after entry by the Court of an

order resolving the Rule 60 Motions or such other time as the Court may determine:

> Claims made in LBHI's Adversary Complaint: Count I (Aiding and Abetting
> Breach of Fiduciary Duty); Count II (Breach of Contract); Count VII (Unjust
> Enrichment); and Count VIII (Conversion).
>
> Claims made in the Trustee's Adversary Complaint: Count VI (Avoidance of
> Transfer and Return of Customer Property under SIPA); Count XI (Breach of
> Contract); Count XII (Conversion – Money Had and Received); and Count XIII
> (Aiding and Abetting Breach of Fiduciary Duty).

    4.   The stay of claims referenced in paragraph 3, above, is without prejudice to

any party's ability to seek resolution of those claims through motions informed by or based on

the Court's prior resolution of the Rule 60 Motions.

    5.   Subject to an exception for Count VI (Avoidance of Transfer and Return of

Customer Property under SIPA) in the Trustee's Adversary Complaint, the stay of claims

referenced in paragraph 3, above, shall not operate to delay delivery or return of any assets that

the Court orders to be delivered or returned as part of its resolution of the Rule 60 Motions. This

paragraph is without prejudice to any party's ability to seek an appeal or a stay pending appeal or

to seek immediate enforcement of the Court's order resolving the Rule 60 motions regardless of

the stay of Count VI, on the ground that the Court's order requires dismissal of that claim.

Dated: New York, New York
        December 18, 2009

By:  _s/Hamish P.M. Hume_
     Jonathan D. Schiller
     Hamish P.M. Hume
     Jack G. Stern
BOIES, SCHILLER & FLEXNER LLP
     575 Lexington Avenue
     New York, NY 10022
     (212) 446-2300

Attorneys for Barclays Capital Inc.

By:  _s/James Tecce_
     James Tecce
     Erica Taggart
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
     51 Madison Avenue
     New York, NY 10010
     (212) 849-7000

Special Counsel to the Official Committee
of Unsecured Creditors of Lehman
Brothers Holdings, Inc., et al.

By:  _s/Robert W. Gaffey_
     Robert W. Gaffey
     William J. Hine
JONES DAY
     222 East 41st Street
     New York, NY 10017
     (212) 326-3939

Special Counsel to Debtors and Debtors in
Possession

By:  _s/Neil J. Oxford_
     William R. Maguire
     Seth D. Rothman
     Neil J. Oxford
HUGHES HUBBARD & REED LLP
     One Battery Park Plaza
     New York, New York 10004
     (212) 837-6000

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.

**SO ORDERED:**

Dated: New York, New York
        January 13, 2010

                    _s/ James M. Peck_
                    HONORABLE JAMES M. PECK
                    UNITED STATES BANKRUPTCY JUDGE