UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                   :

In re:                             :        Chapter 11

                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :        Case No. 08-13555 (JMP)
                                   :
                  Debtors.        :        (Jointly Administered)

                                   :
-------------------------------------------------------------x

## EIGHTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Professional Services to: | THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS, INC., et al. |
| Date of Retention: | September 17, 2008 |
| Period for which compensation and reimbursement is sought: | February 1, 2011 to May 31, 2011 |
| Amount requested in this fee app [(a)] | |
|     Compensation requested: | $12,195,343.08 |
|     Expense reimbursement requested: | $189,309.44 |

This is an (a): __X__ Interim ____Final Application

---

[(a)]   Refer to Exhibit C for previous fee requests.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------x
                                              :
                                              :
        In re:                                :    Chapter 11
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    Case No. 08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
                                              :
-------------------------------------------------------------x
```

### EIGHTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES FOR SERVICES RENDERED IN THE CASE FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisor to the Official

Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc.

("LBHI"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases

(collectively, the "Debtors" or the "Company") and, together with their non-debtor affiliates,

("Lehman"), hereby submits its eighth application pursuant to 11 U.S.C. §§330 and 331 for an

interim allowance of compensation for services rendered and for reimbursement of expenses

incurred in these cases.

### INTRODUCTION

1.      By this application, FTI seeks an eighth interim allowance of

compensation for professional services rendered as financial advisors to the Committee for the

period February 1, 2011 through and including May 31, 2011 (the "Eighth Interim Period") in

the amount of $12,195,343.08, representing 25,161.7 hours in professional services, and actual

and necessary expenses of $189,309.44. In support of this application, the Applicant represents as follows:

2.     This application is submitted pursuant to the terms of the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses for Professionals and Committee Members dated April 14, 2011 (the "Administrative Fee Order"). FTI is seeking the interim award and the full payment, without any holdback of fees, of $12,195,343.08 in fees and $189,309.44 for reimbursement of its expenses relating to services rendered on behalf of the Committee during the Eighth Interim Period.

## BACKGROUND

3.     On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have continued in the management and operation of their businesses and properties as debtors-in-possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.     On September 17, 2008, the United States Trustee for the Southern District of New York appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5.     On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.     By an Order dated November 21, 2008 ("Retention Order"), the United States Bankruptcy Court for the Southern District of New York authorized and approved the

Committee's retention of FTI *nunc pro tunc* to September 17, 2008. FTI also filed its First

Supplemental Affidavit of Michael Eisenband in Support of Application for an Order for

Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured

Creditors on January 23, 2009, a Second Supplemental Affidavit on April 6, 2009, a Third

Supplemental Affidavit on June 19, 2009, a Fourth Supplemental Affidavit on April 15, 2010, a

Fifth Supplemental Affidavit on November 23, 2010 and a Sixth Supplemental Affidavit dated

April 29, 2011.

## SUMMARY OF SERVICES RENDERED

7.     The Debtors' chapter 11 cases have presented numerous complex issues

that had to be addressed in order to preserve and maximize value for unsecured creditors. The

Retention Order authorizes FTI to render essential financial advisory services to the Official

Committee of Unsecured Creditors, which included, but were not limited to the following

services during the Eighth Interim Period:

### PCD 0800 Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee

During the Eight Interim Period, the Committee held weekly (and in some weeks, twice

weekly) conference calls and monthly in person meetings in advance of in person meetings with

the Debtors. FTI worked with Committee counsel in the preparation and presentation of

extensive materials for our callS with both the full Committee and the Committee co-chairs to

discuss, among other things, updates on derivative positions, real estate positions, cash balances,

intercompany balances, substantive consolidation, asset management alternatives, LAMCO, the

Plan of Reorganization ("POR"), claims analysis, proposed affiliate settlements, litigation, and

other key issues. During this period, the Committee also held separate weekly conference calls

devoted to POR issues.  FTI also attended three in person meeting with the Debtor and the

Committee on February 8, 2011, March 17, 2011 and May 4, 2011.

## PCD 1100 LBI/SIPC Coordination and Issues

FTI devoted time to monitoring, evaluating, and analyzing LBI's claim reconciliation

process.  This included a review of the customer and general estate claims filed by the Debtors

with the LBI administration to determine potential recoveries for both customer and general

estate claims, the characterization and priority of claims and potential netting of claims.  FTI also

analyzed LBI's claims (including repurchase claims) filed against the Debtors to determine

whether there were duplicates, erroneous filings, and whether amounts should be netted down.

Further, FTI analyzed various scenarios for valuation of the ALI PIK note to assess potential

impacts to the Debtor estates.    FTI also performed due diligence of the LBI settlement with

JPM Chase and participated in a meeting to discuss the settlement with representatives of LBI,

the Debtors and the Committee.

## PCD 1200 Cash Management

FTI reviewed the Company's cash and short-term investment position on a weekly and

monthly basis.  FTI attended regular meetings with Alvarez & Marsal ("A&M") to discuss the

actual cash flow results and prepared reports to the Committee with details of the Debtors'

current cash and short-term investment position.  During this period, FTI performed the review

of the December 2010, January 2011, February 2011, March 2011 and April 2011 monthly cash

reports and presented a summary of the results to the Committee.  FTI also reviewed and

analyzed the 5 year cash flow forecast contained in the Disclosure Statement focusing on

projected receipts by asset class, operating expenses and cost allocation methodology.  FTI also

reviewed the cash movements related to the Company's 12/31/2010 year end cost allocations.

These services aided the Committee in obtaining a complete understanding of the Company's

cash flows by entity, and areas that needed to be evaluated further (e.g., potential capital calls,

hedging opportunities, etc.) in order to ensure that sufficient liquidity was maintained.

## PCD 1400 Employee/ERISA/Benefits/Pension Issues

At the request of the Committee, FTI reviewed the Debtors' asset management business

plan and the related cost structure, particularly the employee related costs, associated with the

proposed LAMCO alternative.   FTI reviewed historical headcount, fully loaded employee costs,

and staffing trends and then assessed the headcount plans in light of the anticipated asset

monetization timeframes.   We also developed a cost/benefit analysis in connection with

potential strategic alternatives (such as potentially outsourcing certain asset management

functions vs. continuing to perform these functions within the LAMCO structure).  FTI's

analysis and recommendations were presented to the Committee to aid with its assessment of

certain decisions concerning ongoing asset management alternatives.  Work in this project code

also included the on-going review of the estate wind down plan with respect to employees,

including contract extensions, retention, recruiting and compensation programs.

## PCD 1800 Tax Issues

FTI worked with the Debtors and their professionals to analyze the consequences of the

proposed NYS settlement.  FTI also consulted with the Debtors on modeling the tax

consequences of the POR and determining the consequences if the IRS decides that cancellation

of indebtedness must be realized upon the effective date of the POR.  To facilitate the calculation

of the impact of intercompany claim treatment, FTI recommended that potential claims by the

IRS or state tax authorities be separated into specific subsidiary-by-subsidiary liabilities and be

reflected before the use of consolidated tax attributes.  FTI also participated in weekly tax conference calls with the Debtors.

## PCD 2100 Intercompany Issues

During the Eight Interim Period, FTI individuals worked with the Debtors to roll forward intercompany balances from the Petition Date, accounting for accrued interest and foreign currency adjustments.  In addition, FTI revised the intercompany matrix for updated balances between Lehman entities to feed into the Committee's Creditor recovery model. FTI worked extensively with Debtor personnel to review intercompany balance adjustments and reconcile the intercompany matrix to the Debtors' monthly balance sheets and Disclosure Statement.

FTI also analyzed the intercompany and guarantee claim components of proposed settlement agreements between the Debtors and certain foreign affiliates including, but not limited to, Bankhaus, LBIE and other UK entities.  Additionally, FTI reviewed and analyzed the treatment of intercompany claims that arose from repurchase agreements and also assisted with the preparation of due diligence requests related to intercompany matters for the plan confirmation discovery process.

## PCD 2300 Real Estate Matters

The Lehman Real Estate Portfolio ("Portfolio") includes positions in hundreds of financial assets encumbering properties and development projects located in North America, Europe, and Asia. The Portfolio, which has invested capital in the tens of billions of dollars, has many significant and complex projects, some of which have more than a billion dollars invested in them individually. The investment positions that the Debtors maintain are extremely varied across all levels of the projects' capital structure.

FTI met with A&M and legacy Lehman real estate employees ("Asset Managers") on a regular basis to review mandates, proposals, and strategies aimed at maximizing recovery from the wind down of the Portfolio. The most pressing issues typically pertained to the various motions that had been filed in bankruptcy court requiring the Committee's endorsement with respect to funding certain operating shortfalls, restructuring legacy capital structures, and implementing sales/marketing procedures. Toward that end, FTI met with the Asset Managers to validate relevant property-level and overall financial assumptions used in projecting cash flows and recoveries; and, presented its findings on a regular basis to both the Committee's Real Estate Sub-Committee and, where appropriate, the full Committee. Most notably, FTI analyzed the costs and benefits of the Debtors' proposal to form a joint venture with a capable land developer to harvest its investments in various development sites located in the Southwestern United States.

FTI was also invited by the Debtors for an in-person review and tour of various properties located in Europe that serve as collateral for financial assets, in which Lehman maintains direct and indirect economic interests. Finally, FTI also completed a full and detailed review of Lehman's re-underwriting of the Portfolio, as marked in December 31, 2010, preparing materials for presentation to the Real Estate Sub-Committee.


## PCD 2500 Derivatives/SWAP Agreement Issues

FTI participated in regular settlement adjudication meetings with the A&M and Lehman Derivative teams to discuss proposed derivatives settlements, and met regularly with Derivatives Co-Heads, counterparty teams and front office valuation employees to discuss strategies in connection with managing the wind-down of the derivatives portfolio. FTI worked with the applicable transactors and traders before and after the settlement adjudication meetings to discuss

relevant settlement issues, provide strategic guidance in negotiations with counterparties and independently assess the value of the derivative products and appropriate settlement amounts for certain transactions. FTI also reviewed numerous derivative portfolios of derivative counterparties that have been designated for Alternative Dispute Resolution ("ADR"). This review entails analysis of the disputed issues, valuation, and providing feedback to Committee counsel and the Derivatives Sub-Committee, as necessary. In connection with derivative claim objections, FTI has reviewed the valuation of the underlying derivatives portfolio and appropriateness of the closeout process. In addition, FTI has been involved in reviewing valuations of numerous intercompany and "Big Bank" derivative relationships.

FTI also has two employees working directly with the Debtors. The first works in the Debtors' front office and is focused on the valuation of interest rate derivatives. The second works on the Debtors' Big Bank derivative team and is focused on reconciliation and valuation of Big Bank derivative populations.

## PCD 2800 International Insolvency Issues

FTI reviewed the reports issued by PwC on the progress of the Lehman entities in the U.K. Administration process for the period to March 2011 and continued to monitor developments with respect to the Financial Support Direction issued against certain Lehman entities, and the subsequent appeal process.

## PCD 2900 Schedules/Statement of Financial Affairs/Other Reporting Issues

FTI spent time reviewing the June 30, 2010 Monthly Operating Report ("MOR) and the December 31, 2010 MOR including analyzing changes in key asset and liability balances. FTI also participated in meetings with the Debtors to review drafts of the MOR's, any new disclosures and to understand any key variances between prior reports before they were filed.

FTI also reviewed and analyzed the Debtors cost allocation methodology including the review of
the actual allocations as of June 30, 2010 and December 31, 2010.

## PCD 3500 Plan of Reorganization/Plan Confirmation/Plan Implementation

During the Eight Interim Period, FTI continued its extensive review of POR issues.   On
January 25, 2011, the Debtors filed the First Amended Plan of Reorganization ("the Debtors
Amended Plan") and the Amended Disclosure Statement.   FTI performed due diligence on the
new economic provisions in the plan and the Disclosure Statement exhibits and provided
comments to counsel and the Debtors.   During this period, FTI continued to review alternatives
proposed by the various ad hoc groups to settle certain issues, including substantive
consolidation, the level of intercompany and guarantee claims, the treatment of structured note
claims, etc.   FTI also participated in the development of the plan discovery protocol including
assisting with the preparation of a comprehensive document request list for all participants.

## PCD 3700 Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues

FTI worked with the Debtors' Claims Resolution Team to understand their efforts to
reconcile, object to, estimate values, and resolve proofs of claims filed against the Debtors in
these Chapter 11 proceedings.   To-date, creditors have filed over 67,000 proofs of claim in these
cases, each requiring reconciliation, and analysis.   FTI has reviewed summaries of the filed
claims by category as well as certain individual claims filed to determine their validity. The
Debtors have filed over 160 omnibus objections to date which FTI has reviewed in advance of
their filing with the Court.   FTI analyzed significant differences between filed clams and
adjusted claims for purposes of the claims estimates in the Disclosure Statement including a
review of claim level detail for certain significant claims.   FTI also reviewed materials related to

10

the reconciliation of the Residential Mortgage Backed Securities ("RMBS") claims and held

meetings with A&M to discuss same.

FTI continued its review and analysis of the affiliate guarantee claims during this

period. As part of this analysis, FTI continued to engage in meetings and calls with the Debtors

to understand any changes to the claims and the estimates set forth in the Disclosure Statement.

FTI also reviewed and analyzed claim settlement proposals with numerous foreign affiliates,

including Bankhaus and LBIE, regarding their affiliate guarantee claims, provided feedback to

the Debtors and made presentations to the Committee regarding these proposals. FTI also

reviewed the status of significant 3rd party guarantee claims settlement negotiations with

Bankhaus as the primary obligor.

In regards to the Structured Securities Claims, claims that are based on structured

securities issued or guaranteed by LBHI, FTI performed due diligence on Debtors' proposed

procedures, including valuation of the guarantee claims of investors in European Medium Term

Notes and other structured products, including (i) review and analysis of the Debtors' proposed

methodology; (ii) selection of a random sample of structured securities for review; (iii) valuation

of structured securities in the statistically selected, and; (iv) review and analysis of the Debtors'

revaluation of certain structured securities.

## PCD 3900 Non-Derivative Adversary Proceedings Preparation and Litigation

In connection with forensic projects requested by counsel, FTI continued its review of

relevant documents produced pursuant to Rule 2004 that were maintained in two document

repositories (Relativity and Stratify) with a combined population of approximately 4.5 million

documents. FTI performed additional keyword searches and reviewed approximately 98,000

documents deemed responsive to specific searches. FTI performed research to assess the viability of potential claims against certain parties. Other tasks included additional financial analyses using the Debtor's financial records of relevant transactions, researching relevant accounting, and auditing literature, drafting memos for counsel summarizing the findings of forensic projects, and the preparation of materials for presentations to the Committee.

## PCD 4600 Firms Own Billing/Fee Application

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order. Time in this category includes preparing the Monthly Fee Statements for the fee periods of January 2011 through April 2011, as well as the time spent preparing the Seventh Interim Application of FTI Consulting, Inc. for Allowance of Compensation and for Reimbursement of Expenses.

## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

8.      All of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee, and not on behalf of any other entity. FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtors' chapter 11 cases and maximization of value. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically.

9.      During the Eighth Interim Period, FTI professionals expended an aggregate of 25,161.7 hours in rendering services on behalf of the Committee for a total fee of $12,195,343.08. FTI submits that its fee is reasonable for the work performed in these cases and the results obtained.

10.    FTI incurred out-of-pocket expenses of $189,309.44 in connection with the rendition of the professional services described above during this Eighth Interim Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases. All air travel to and from the Debtors' location was necessary and billed at coach rates. Additionally, FTI voluntarily reduced all travel time by 50% during the Eighth Interim Period.

## APPLICATION

11.    This Application is made by FTI in accordance with the Guidelines adopted by the Executive Office for the United States Trustees and the Administrative Order. Pursuant to this application, FTI has attached the following exhibits:

A.    Exhibit A -- – Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of Eighth Application of FTI Consulting, Inc;

B.    Exhibit B -- Retention Order dated November 21, 2008 authorizing the employment and retention of FTI Consulting, Inc. effective as of September 17, 2008 to provide professional services as Financial Advisors to the Official Committee of Unsecured Creditors;

C.    Exhibit C -- Summary of billings and collections for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Interim Periods;

D.    Exhibit D -- Summary of time and fees by professional;

E.    Exhibit E -- Summary of time by task code;

F.    Exhibit F -- Summary of out of pocket expenses by category;

G.    Exhibit G[1]  --  Detail of time by task codes, including detailed time entry

by professional with description of task performed;

      H.      <u>Exhibit H</u>[1] – Detail of expenses by category and professional incurred during the Eighth Interim Period.

      12.      No prior application has been made to this or any other Court for the relief requested herein for the Eighth Interim Period.

---

[1] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; (iv) the Debtors; (v) counsel for the Committee; and (vi) the Fee Committee.

## CONCLUSION

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

    a.   approving the allowance of $12,195,343.08 for compensation for services rendered during the Eighth Interim Period, and reimbursement of $189,309.44 for out of pocket expenses,

    b.   directing the payment of such fees by the Debtors, and

    c.   granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       August 15, 2011

FTI Consulting, Inc.
Financial Advisors to the Official Committee of Unsecured Creditors

By: _____

KARIN JACOBSON
Notary Public, State of New York
No. 31-4900115
Qualified in New York County
Commission Expires Oct. 19, 20 _13_

Samuel Star
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 841-9368

# EXHIBIT

## "A"
## Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                   :

In re:                                 :          Chapter 11 Case No.
                                                   :

LEHMAN BROTHERS HOLDINGS INC., et al.,  :         08-13555 (JMP)
                                                   :

                 Debtors.           :          (Jointly Administered)
                                                   :
------------------------------------------------------------ x

### CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF EIGHTH APPLICATION OF FTI CONSULTING, INC., FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM <u>FEBRUARY 1, 2011 THROUGH AND INCLUDING MAY 31, 2011</u>

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's eight application for allowance of compensation for services rendered and

for reimbursement of expenses, dated August 15, 2011 (the "Application"), for the period of

February 1, 2011 through and including May 31, 2011 (the "Eighth Interim Period") as follows:

1.    I am the professional designated by FTI in respect of compliance with the
Guidelines.

2.    I make this certification in support of the Application, for interim
compensation and reimbursement of expenses for the Eighth Interim Period, in accordance with
the Local Guidelines.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

    a.    I have read the Application.

    b.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

    c.    Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

    d.    In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

4.    In respect of section B.2 of the Local Guidelines, I certify that FTI has
provided statements of FTI's fees and disbursements previously accrued, by filing and serving
monthly statements in accordance with the Administrative Fee Order (as defined in the
Application).

5.    In respect of section B.3 of the Local Guidelines, I certify that copies of
the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors,
(d) counsel for the Committee (e) the Office of the United States Trustee and the (f) the Fee
Committee.

Dated:        New York, New York
              August 15, 2011                FTI Consulting, Inc.
                                             Financial Advisors to the Official Committee
                                             Of Unsecured Creditors

                                             By: _____

KARIN JACOBSON                               Samuel Star
Notary Public, State of New York             Senior Managing Director
No. 31-4900115                               Three Times Square
Qualified in New York County                 New York, NY  10036
Commission Expires Oct. 19, 2013             (212) 841-9368

# EXHIBIT

## "B"
## Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                                :
               Debtors.                         :    (Jointly Administered)
------------------------------------------------------------x

**FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014,
AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND
RETENTION OF  FTI CONSULTING INC., AS FINANCIAL ADVISOR
TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN
BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 17, 2008**

Upon the application, dated October 21, 2008 (the "Application"), of the

Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the

above-captioned jointly administered chapter 11 cases of Lehman Brothers Holdings Inc., and

its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order

authorizing the Creditors' Committee to retain and employ FTI Consulting Inc. ("FTI"),

effective as of September 17, 2008, as financial advisor for the Creditors' Committee in the

above-captioned cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local

Bankruptcy Rules for the District of New York (the "Local Rules"); and the Court having

considered the Affidavit of Michael Eisenband, sworn to October 21, 2008 (the "Eisenband

Affidavit"), in connection with the Application; and the Court being satisfied based on the

representations in the Application and the Eisenband Affidavit, that FTI does not represent any

other entity having an adverse interest in connection with the case within the meaning of

section 1103(b) of the Bankruptcy Code and is "disinterested" as defined in section 101(14) of

the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of

Cases to Bankruptcy Judges of the United States District Court for the Southern District of

New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for

objections to the Application having expired on October 31, 2008, except for the United States

Trustee and the Debtors, whose respective time to object was extended on consent until

November 13, 2008; and, with no objections having been timely filed by any party; and the

Court having entered an Interim Order (the "Interim Order") dated November 5, 2008 (Docket

No. 1405), approving the Application on an interim basis without objection; and no objection

having been timely made or filed by either the Debtors, the United States Trustee, or any other

party; and due and proper notice of the Application, the Interim Order, and the hearing to

consider entry of a final order approving the Application having been provided as approved in

the Interim Order; and it appearing that no other or further notice need be provided; and the

Court having reviewed the Application; and the Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court, and after due deliberation and sufficient

cause appearing therefor, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it

is further

ORDERED, that all compensation and reimbursement of expenses to be paid to

FTI, shall be subject to prior approval of this Court in accordance with the requirements under

§§ 330 and 331 of the Bankruptcy Code and the order of this Court which establishes

procedures for monthly compensation and reimbursement of expenses; and it is further

ORDERED, that without limiting the rights of the United States Trustee to

object to FTI's interim or final fee applications and without limiting the requirement that all

compensation and reimbursement of expenses to be paid to FTI shall be subject to prior

approval of this Court, in each instance as set forth in this Order, the Completion Fee (as

defined in the Application), to the extent approved by the Court, shall be an expense of the

administration of the above-captioned chapter 11 cases, payable, following conversion of such

cases to a case under Chapter 7 of Title 11 of the United States Code, in the same order of

priority as other allowed chapter 11 administrative expenses; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the

Engagement shall be made by means of an application (interim or final as the case may be) and

shall be subject to review by the Court to ensure that payment of such indemnity conforms to

the terms of the Engagement and is reasonable based upon the circumstances of the litigation

or settlement in respect of which indemnity is sought, provided, however, that in no event shall

FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if

any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a

representative of the estate, asserts a claim for, and a court determines by final order that such

claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees

pursuant to the terms of the Engagement, the invoices and supporting time records from such

3

attorneys shall be included in FTI's own application and such invoices and time records shall

be subject to the United States Trustee's guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court under the standards of sections 330 and

331 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement or

the Application, this Order shall govern; and it is further

ORDERED that this court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

Dated: New York, New York
       November 21, 2008

                              s/ James M. Peck
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT

## "C"
## Monthly Billing and Collection Summary

EXHIBIT C
LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
SUMMARY OF FEES & EXPENSES BY MONTH
*FOR THE EIGHTH INTERIM PERIOD FEBRUARY 1, 2011 TO MAY 31, 2011*

| | February 1, 2011 - February 28, 2011 | March 1, 2011 - March 31, 2011 | April 1, 2011 - April 30, 2011 | May 1, 2011 - May 31, 2011 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 3,020,808.71 | $ 3,551,646.50 | $ 2,890,308.64 | $ 2,819,815.23 | 12,282,579.08 |
| Travel Reduction (50%) | (11,823.00) | (27,432.50) | (30,208.75) | (17,771.75) | (87,236.00) |
| Billed | $ 3,008,985.71 | $ 3,524,214.00 | $ 2,860,099.89 | $ 2,802,043.48 | 12,195,343.08 |
| Paid | (2,407,188.57) | (2,819,371.20) | (2,288,079.91) | - | (7,514,639.68) |
| Unpaid | $ 601,797.14 | $ 704,842.80 | $ 572,019.98 | $ 2,802,043.48 | 4,680,703.40 |
| | | | | | |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 46,021.99 | $ 48,904.99 | $ 52,100.67 | $ 42,281.79 | 189,309.44 |
| Paid | (46,021.99) | (48,904.99) | (52,100.67) | - | (147,027.65) |
| Unpaid | $ - | $ - | $ - | $ 42,281.79 | 42,281.79 |
| | | | | | |
| **TOTAL** | | | | | |
| Incurred | $ 3,066,830.70 | $ 3,600,551.49 | $ 2,942,409.31 | $ 2,862,097.02 | 12,471,888.52 |
| Total Travel Reduction | (11,823.00) | (27,432.50) | (30,208.75) | (17,771.75) | (87,236.00) |
| Billed | $ 3,055,007.70 | $ 3,573,118.99 | $ 2,912,200.56 | $ 2,844,325.27 | 12,384,652.52 |
| Paid | (2,453,210.56) | (2,868,276.19) | (2,340,180.58) | - | (7,661,667.33) |
| Unpaid | $ 601,797.14 | $ 704,842.80 | $ 572,019.98 | $ 2,844,325.27 | 4,722,985.19 |
| Total Unpaid | $ 601,797.14 | $ 704,842.80 | $ 572,019.98 | $ 2,844,325.27 | 4,722,985.19 |

EXHIBIT C
LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
SUMMARY OF FEES & EXPENSES

### FOR THE FIRST INTERIM PERIOD SEPTEMBER 17, 2008 TO JANUARY 31, 2009

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| First Interim Period | $ 5,261,715.61 | $ 148,515.81 | $ 5,218,571.36 | $ 148,329.28 | $ 5,410,231.42 | $ 5,366,900.64 |

### FOR THE SECOND INTERIM PERIOD FEBRUARY 1, 2009 TO MAY 31, 2009

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Second Interim Period | $ 6,690,011.59 | $ 231,881.68 | $ 6,654,303.20 | $ 231,539.58 | $ 6,921,893.27 | $ 6,885,842.78 |

### FOR THE THIRD INTERIM PERIOD JUNE 1, 2009 TO SEPTEMBER 30, 2009

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Third Interim Period | $ 7,684,069.40 | $ 211,418.60 | $ 7,673,489.59 | $ 210,974.27 | $ 7,895,488.00 | $ 7,884,463.86 |

### FOR THE FOURTH INTERIM PERIOD OCTOBER 1, 2009 TO JANUARY 31, 2010

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Fourth Interim Period | $ 9,500,022.29 | $ 199,398.23 | $ 9,456,017.76 | $ 147,441.07 | $ 9,699,420.52 | $ 9,603,458.83 |

### FOR THE FIFTH INTERIM PERIOD FEBRUARY 1, 2010 TO MAY 31, 2010

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Fifth Interim Period | $ 9,684,055.45 | $ 89,869.95 | $ 9,658,001.00 | $ 83,174.45 | $ 9,773,925.40 | $ 9,741,175.45 |

### FOR THE SIXTH INTERIM PERIOD JUNE 1, 2010 TO SEPTEMBER 30, 2010

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded[1] | Total Expenses Awarded[1] | Total Requested | Total Awarded[1] |
|---|---|---|---|---|---|---|
| Sixth Interim Period | $ 13,364,786.17 | $ 65,183.44 | $ - | $ - | $ 13,429,969.61 | $ - |

### FOR THE SEVENTH INTERIM PERIOD OCTOBER 1, 2010 TO JANUARY 1, 2011

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded[1] | Total Expenses Awarded[1] | Total Requested | Total Awarded[1] |
|---|---|---|---|---|---|---|
| Seventh Interim Period | $ 12,727,735.75 | $ 186,351.60 | $ - | $ - | $ 12,914,087.35 | $ - |

(1) Pending discussion with Fee Committee

# EXHIBIT

## "D"
## Summary of Time and Fees by Professional

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Alsarraf, Tamara | Consultant | $280.00 | 308.5 | $86,380.00 |
| Appell, Wesley | Director | $605.00 *(2)* | 125.1 | $75,685.50 |
| Appell, Wesley | Senior Consultant | $530.00 | 94.2 | $49,926.00 |
| Bauer, Michael | Director | $425.00 | 178.8 | $75,990.00 |
| Baumkirchner, Michael | Managing Director | $695.00 *(2)* | 374.9 | $260,555.50 |
| Baumkirchner, Michael | Director | $675.00 | 365.5 | $246,712.50 |
| Bergin, Richard | Managing Director | $575.00 | 793.1 | $456,032.50 |
| Bertelsen, Eric | Senior Consultant | $460.00 | 10.8 | $4,968.00 |
| Bossard, Kelly | Managing Director | $550.00 | 75.9 | $41,745.00 |
| Brodwin, Jahn | Senior Managing Director | $750.00 | 33.1 | $24,825.00 |
| Castellano, Joseph | Senior Managing Director | $640.00 | 54.8 | $35,072.00 |
| Chan, Stanley | Director | $465.00 | 814.8 | $378,882.00 |
| Chin, Clara | Director | $500.00 | 140.3 | $70,150.00 |
| Costanzo, Thomas | Senior Consultant | $320.00 *(2)* | 321.7 | $102,944.00 |
| Costanzo, Thomas | Consultant | $290.00 | 432.5 | $125,425.00 |
| Darefsky, Robert J | Senior Managing Director | $895.00 | 223.0 | $199,585.00 |
| Dave, Meghna | Consultant | $270.00 | 122.6 | $33,102.00 |
| de Lastic, Christopher | Senior Consultant | $350.00 | 745.9 | $261,065.00 |
| Dean, Christopher | Director | $675.00 | 705.7 | $476,347.50 |
| Dewar, Mark | Senior Managing Director | $1,050.05 *(1)* | 6.0 | $6,300.30 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Diamond, Charles | Managing Director | $545.00 | 34.8 | $18,966.00 |
| Diaz, Matthew | Managing Director | $745.00 | 4.4 | $3,278.00 |
| Djordjevic, Nikola | Director | $465.00 | 343.8 | $159,867.00 |
| Djordjevic, Luka | Consultant | $250.00 | 21.0 | $5,250.00 |
| Eisenband, Michael | Senior Managing Director | $895.00 | 391.5 | $350,392.50 |
| Feldman, Andrew | Consultant | $290.00 | 354.2 | $102,718.00 |
| Fontana, Andrew | Consultant | $270.00 | 5.5 | $1,485.00 |
| Foo, Sandy | Senior Consultant | $530.00 | 50.1 | $26,553.00 |
| French, Jennifer | Director | $675.00 | 565.3 | $381,577.50 |
| Friedland, Scott D. | Senior Managing Director | $660.00 | 306.9 | $202,554.00 |
| Glaser, Justin | Senior Consultant | $375.00 | 2.0 | $750.00 |
| Gosselin, Patrick | Senior Consultant | $500.00 | 427.1 | $213,550.00 |
| Greenberg, Mark | Managing Director | $745.00 | 486.7 | $362,591.50 |
| Gregory, Lauren | Consultant | $315.00 | 784.4 | $247,086.00 |
| Hain, Danielle | Managing Director | $745.00 | 368.8 | $274,756.00 |
| Heinz, Peter | Consultant | $455.00 | 603.3 | $274,501.50 |
| Hellmund-Mora, Marili | Associate | $250.00 | 12.3 | $3,075.00 |
| Henn, Timothy | Consultant | $380.00 | 888.9 | $337,782.00 |
| Hofstad, Ivo J | Director | $450.00 | 0.5 | $225.00 |
| Joffe, Steven | Senior Managing Director | $895.00 | 84.0 | $75,180.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Johnston, Bonnie | Paraprofessional | $210.00 | 379.2 | $79,632.00 |
| Kennedy, Jason | Managing Director | $725.00 | 47.7 | $34,582.50 |
| Kim, Jae | Senior Consultant | $425.00 | 515.2 | $218,960.00 |
| Kim, Hansol | Managing Director | $695.00 | 108.7 | $75,546.50 |
| Koch, Rachel | Director | $465.00 | 38.6 | $17,949.00 |
| Kocica, Anthony | Director | $400.00 | 4.0 | $1,600.00 |
| Korsman, Lynn | Senior Consultant | $530.00 | 520.5 | $275,865.00 |
| Kwak, Michael | Director | $440.00 | 428.1 | $188,364.00 |
| Larson, Ellen | Managing Director | $745.00 | 3.0 | $2,235.00 |
| Lau, King | Director | $500.00 | 24.6 | $12,300.00 |
| Leka, Florian | Director | $465.00 | 682.5 | $317,362.50 |
| Lyman, Scott | Director | $640.00 | 860.0 | $550,400.00 |
| Mackie, Kristen | Director | $350.00 | 395.8 | $138,530.00 |
| Majerle, Robin | Senior Consultant | $455.00 | 671.2 | $305,396.00 |
| McGannon, Jeremy | Director | $435.00 | 10.1 | $4,393.50 |
| Mercer, Gregory | Senior Consultant | $300.00 *(2)* | 130.6 | $39,180.00 |
| Mercer, Gregory | Senior Consultant | $290.00 | 267.5 | $77,575.00 |
| Meyers, Glenn | Managing Director | $575.00 | 5.4 | $3,105.00 |
| Mikulka, Gregory | Consultant | $250.00 | 785.8 | $196,450.00 |
| Mordecai, David K.A. | Economic Consultant | $1,000.00 | 45.0 | $45,000.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Ng, William | Director | $605.00 | 352.2 | $213,081.00 |
| Ng, William | Senior Consultant | $530.00 | 355.1 | $188,203.00 |
| Nitz, Scott | Senior Consultant | $495.00 [2] | 803.8 | $397,881.00 |
| Rauch, Adam | Consultant | $315.00 | 780.8 | $245,952.00 |
| Rees, Thomas | Managing Director | $540.00 | 113.7 | $61,398.00 |
| Rickelton, Lisa | Director | $899.77 [1] | 37.1 | $33,381.63 |
| Rizvi, Tabish | Managing Director | $675.00 | 657.4 | $443,745.00 |
| Rodriguez, Yolanda | Paraprofessional | $200.00 | 44.1 | $8,820.00 |
| Ruta, Dustin | Director | $470.00 | 36.4 | $17,108.00 |
| Saitta JR, George | Director | $500.00 | 100.0 | $50,000.00 |
| Sampath, Vijay | Managing Dir | $575.00 | 27.0 | $15,525.00 |
| Shah, Mili | Consultant | $250.00 | 754.8 | $188,700.00 |
| Simpson, Chaz | Director | $470.00 | 16.5 | $7,755.00 |
| Siris, John | Managing Director | $745.00 | 215.9 | $160,845.50 |
| Sloane, Raymond | Senior Managing Director | $660.00 | 90.6 | $59,796.00 |
| Spinella, Joseph | Managing Director | $575.00 | 86.5 | $49,737.50 |
| Star, Samuel | Senior Managing Director | $895.00 | 116.3 | $104,088.50 |
| Suh, Joseph | Director | $520.00 | 63.9 | $33,228.00 |
| Swanson, David | Director | $640.00 | 365.9 | $234,176.00 |
| Szymik, Filip | Senior Consultant | $460.00 [2] | 322.8 | $148,488.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Szymik, Filip | Consultant | $380.00 | 435.5 | $165,490.00 |
| Tantleff, Alan | Managing Director | $745.00 | 56.0 | $41,720.00 |
| Thomas, Monique | Director | $425.00 *(2)* | 128.9 | $54,782.50 |
| Thomas, Monique | Senior Consultant | $400.00 | 161.0 | $64,400.00 |
| Tully, Conor | Senior Managing Director | $800.00 | 267.4 | $213,920.00 |
| Ulin, Karl | Director | $640.00 | 339.7 | $217,408.00 |
| Wang, Luda | Consultant | $580.14 | 15.3 | $8,876.14 |
| Wang, Jennifer | Senior Consultant | $290.00 | 514.5 | $149,205.00 |
| Worth, Tristram | Consultant | $210.00 | 315.9 | $66,339.00 |
| Yozzo, John | Managing Director | $545.00 | 0.5 | $272.50 |
| | **Grand Total** | | **25,161.7** | **$12,282,579.08** |
| | *Less: 50% Travel Reduction* | | | **($ 87,236.00)** |
| | **Net Grand Total** | | | **$12,195,343.08** |

*(1)*
Blended rate based on GBP to USD exchange rate for each month during Eighth Interim period as identified in the Monthly Fee Statements.

*(2)*
Bill Rate increased effective April 1, 2011.

# EXHIBIT

## "E"
## Summary of Time by Task Code

**EXHIBIT E**
### LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555
### SUMMARY OF FEES BY TASK DESCRIPTION
*FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 0100 | General Case Administration | 3.4 | $2,383.00 |
| 0300 | Project Monitoring/Court Calendar & Docket Maintenance | 4.3 | $3,459.00 |
| 0400 | Hearings and Court Communications | 0.8 | $716.00 |
| 0500 | Non-Working Travel | 328.1 | $174,472.00 |
| 0700 | Communications with Debtors | 26.5 | $22,765.50 |
| 0800 | Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee | 394.7 | $307,496.05 |
| 1100 | LBI/SIPC Coordination and Issues | 237.3 | $163,234.00 |
| 1200 | Cash Management | 276.9 | $172,666.50 |
| 1400 | Employee/ERISA/Benefits/Pension Issues | 225.4 | $149,336.00 |
| 1800 | Tax Issues | 89.5 | $79,799.50 |
| 2000 | Other General Business Operation Issues | 3.1 | $2,120.50 |
| 2100 | Intercompany Issues | 856.1 | $560,956.50 |
| 2300 | Real Estate Matters | 3,631.0 | $1,892,341.00 |
| 2400 | Private Equity | 2.6 | $2,213.00 |
| 2500 | Derivatives/SWAP Agreement Issues (Including Derivatives-Related Adversary Proceedings, Alternative Dispute Resolution, and Claims Reconciliation and Litigation) | 7,471.7 | $3,698,623.50 |
| 2600 | Loans/Investments | 10.5 | $8,578.50 |
| 2800 | International Insolvency Issues | 82.2 | $67,973.53 |
| 2900 | Schedules/Statement of Financial Affairs/Other Reporting Issues | 190.1 | $111,180.00 |
| 3500 | Plan of Reorganization/Plan Confirmation/Plan Implementation | 797.8 | $564,948.00 |
| 3700 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 9,232.4 | $3,691,800.50 |
| 3900 | Non-Derivative Adversary Proceedings Preparation and Litigation | 698.5 | $395,003.50 |
| 4600 | Firm's Own Billing/Fee Applications | 567.4 | $189,827.00 |
| 4700 | Firm's Own Retention Issues | 31.4 | $20,686.00 |
| | **Grand Total** | 25,161.7 | $12,282,579.08 |
| | *Less: 50% Travel Reduction* | | ($ 87,236.00) |
| | **Net Grand Total** | | $12,195,343.08 |

Page 1 of 1

# EXHIBIT

## "F"
## Expenses by Category

**EXHIBIT F**
**LEHMAN BROTHRS HOLDING, INC. CASE NO. 08-13555**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011*

| *Expense Category* | *Total Expenses* |
|---|---|
| Airfare | $52,756.25 |
| Lodging | $57,010.86 |
| Meals | $10,057.24 |
| Transportation | $18,683.11 |
| Other | $50,801.98 [1] |
| *Total* | **$189,309.44** |

*(1) Other included primarily online hosting fees for data related to the JPM subpoena.*

*Page 1 of 1*