**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi Eilbott Giglio
Email: sreisman@curtis.com
            lharrison@curtis.com
            cgiglio@curtis.com

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **Case No. 08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------------x

**EIGHTH INTERIM APPLICATION OF CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP AS CONFLICTS COUNSEL FOR THE DEBTORS AND
DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT
OF ACTUAL AND NECESSARY EXPENSES INCURRED
FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

**SUMMARY OF CURRENT FEE APPLICATION**

| | |
|---|---|
| Name of Applicant: | Curtis, Mallet-Prevost, Colt & Mosle LLP |
| Authorized to Provide Professional Services To: | Debtors and Debtors In Possession |
| Retention Date: | November 21, 2008 *nunc pro tunc* to September 26, 2008 |

| Period for Which Compensation and Reimbursement is Sought: | February 1, 2011 through May 31, 2011 |
|---|---|
| Amount of Compensation Requested: | $    7,174,392.00 |
| Amount of Expense Reimbursement Requested: | $       247,998.44 |
| Total Compensation and Expense Reimbursement Requested: | $    7,422,390.44 |
| Blended Rate for Attorneys: | $           514.72 |
| Blended Rate for all Professionals and Paraprofessionals: | $           465.45 |

## PRIOR FEE APPLICATION(S)

| Period Covered | Requested | | Awarded | |
|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses |
| First 09/15/08 – 01/31/09 | $4,611,589.50 | $151,402.02 | $4,605,112.00 | $151,402.02 |
| Second 02/01/09 – 05/31/09 | $4,230,132.50 | $164,681.90 | $4,216,398.50 | $132,363.87 |
| Third 06/01/09 – 09/30/09 | $4,664,248.00 | $188,127.18 | $4,551,471.48 | $151,898.05 |
| Fourth 10/01/09 – 01/31/10 | $3,396,981.50 | $87,448.45 | $3,237,003.32 | $60,332.68 |
| Fifth 02/01/10 – 05/31/10 | $3,546,135.00 | $135,181.82 | $3,440,334.85 | $113,036.80 |
| Sixth 06/01/10 – 09/30/10 | $4,727,258.00 | $198,520.63 | To Be Determined | To Be Determined |
| Seventh 10/01/10 – 01/01/11 | $6,409,513.60 | $164,980.24 | To Be Determined | To Be Determined |

9991595

## Exhibits to Current Fee Application

The following exhibits are attached hereto and incorporated herein by reference:

Exhibit "A"    Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of Eighth Interim Application of Curtis, Mallet-Prevost, Colt & Mosle LLP for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses

Exhibit "B"    By-Timekeeper Summary of Hours Devoted and Compensation Sought (includes billing rate and year of admission to practice) for Eighth Interim Compensation Period

Exhibit "C"    Summary of Expenses for Eighth Interim Compensation Period

Exhibit "D"    Summary of Hours Devoted and Compensation Sought by Work Task Code for Eighth Interim Compensation Period

Exhibit "E"    By-Work Task Code Summary of Hours Devoted and Compensation Sought by Timekeeper for Eighth Interim Compensation Period

9991595

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi Eilbott Giglio
Email:  sreisman@curtis.com
         lharrison@curtis.com
         cgiglio@curtis.com

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| | : | **Chapter 11** |
| **In re:** | : | |
| | : | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |
| | : | |

-----------------------------------------------------------------x

**EIGHTH INTERIM APPLICATION OF CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP AS CONFLICTS COUNSEL FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**FOR THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), as conflicts counsel for

Lehman Brothers Holdings Inc., and its direct and indirect debtor subsidiaries, as debtors and

debtors in possession (collectively, the "Debtors"), respectfully submits this application (the

"Application") for allowance of interim compensation for professional services rendered for the

period February 1, 2011 through and including May 31, 2011 (the "Compensation Period"), and

for reimbursement of its actual and necessary expenses incurred in connection with such

services.  In support of this Application, Curtis respectfully represents as follows:

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

1.      This Application has been prepared in accordance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals entered by the Court on April

14, 2011 (the "Compensation Order," collectively with the Local Guidelines and UST

Guidelines, the "Guidelines").  Pursuant to the Local Guidelines, a certification regarding

compliance with the Guidelines is attached hereto as "**Exhibit A**."[1]

2.      Curtis attorneys and paraprofessionals expended a total of 15,280.50 hours

representing the Debtors during the Compensation Period for which the firm requests

compensation.  Curtis seeks allowance of interim compensation for services rendered to the

Debtors in the amount of $7,174,392.00, representing 100% of fees incurred during the

---

[1] As to contested matters, existing litigation, or possible additional litigation to be brought by, or against, the Debtors, adversary proceedings, and other actions or threatened actions, this Fee Application shall not constitute or be construed as an admission of any fact or any issue of liability, nor shall it constitute a stipulation, or a waiver, but rather as statements made without prejudice to the Debtors' rights and interests in these chapter 11 cases.

-2-

Compensation Period, and for reimbursement of $247,998.44, representing 100% of the actual and necessary expenses incurred during the Compensation Period.[2]

3.      During the Compensation Period, other than pursuant to the Administrative Order, Curtis has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered in this Application.  There is no agreement or understanding between Curtis and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

4.      In accordance with the Administrative Order, Curtis has received payments totaling $1,443,690.80 for the Compensation Period, which consists of $1,391,605.20 representing 80% of the fees incurred from February 1, 2011 through February 28, 2011, and $52,085.60 representing 100% of the expenses incurred during the same period.  Curtis has yet to receive compensation for March, April and May 2011.

5.      The fees charged by Curtis in these cases are billed in accordance with Curtis' existing billing rates and procedures in effect during the Compensation Period.  The rates Curtis charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates Curtis charges for professional and paraprofessional services rendered in non-bankruptcy-related matters.[3]  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

6.      Pursuant to the UST Guidelines, annexed hereto as "**Exhibit B**" is a schedule setting forth all Curtis professionals and paraprofessionals who have performed

---

[2] As discussed herein, certain fees and expenses have been voluntarily reduced as a courtesy to the Debtors.
[3] In instances where professionals spent less than one hour working on the Debtors' cases during a single month within the Compensation Period, Curtis has written off the time as a courtesy to the Debtors.

9991595

services in these chapter 11 cases during the Compensation Period, the capacity in which each

such individual is employed by Curtis, the hourly billing rate charged by Curtis for services

performed by such individual, the aggregate number of hours expended in these proceedings and

fees billed therefor, and, if applicable, the year in which each professional was first licensed to

practice law.

7.     Annexed hereto as "**Exhibit C**" is a schedule specifying the categories of

expenses for which Curtis is seeking reimbursement, and the total amount for each such expense

category.

8.     Pursuant to Section II.D of the UST Guidelines, annexed hereto as

"**Exhibit D**" are summaries of Curtis' time records billed during the Compensation Period by

project categories.

9.     Annexed hereto as "**Exhibit E**" are summaries of Curtis time records

billed during the Compensation Period by timekeeper within each project category.

10.    Curtis maintains computerized records of the time spent by all Curtis

attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11

cases.  Subject to redaction for the attorney-client privilege where necessary to protect the

Debtors' estates,[4] copies of these computerized records have been furnished to the Court, the

attorneys for the official committee of unsecured creditors (the "Creditors' Committee"), the

Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"),

and the committee appointed pursuant to the Order Appointing Fee Committee and Approving

---

[4] Where necessary, Curtis professionals and paraprofessionals have limited the level of detail in their time entries to
protect certain confidential information of the Debtors.  This is done in the best interest of the Debtors' estate.
Curtis will provide additional information pertaining to time entries in the appropriate circumstances, provided that
the necessary precautions are taken, including, but not limited to, a protective order of the court.

9991595

Fee Protocol, dated May 27, 2009 [Docket No. 3651] (the "Fee Committee"), in the format

specified by the UST Guidelines.

11.    To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Compensation Period, but were not processed prior to the

preparation of this Application, Curtis reserves the right to request compensation for such

services and reimbursement of such expenses in a future application.

12.    Curtis has provided the Debtors, the U.S. Trustee, lead counsel to the

Debtors, the Creditors' Committee, the Fee Committee and counsel to the Fee Committee with

monthly fee statements for professional services rendered and expenses incurred on behalf of the

Debtors, along with detailed reports of time entries and expenses.  Pursuant to such statements,

and in accordance with the Administrative Order, Curtis has requested that the Debtors pay

Curtis 80% of its fees for professional services and 100% of the expenses.  By this Application,

Curtis requests the release of any "holdback" of fees for professional services rendered during

the Compensation Period.[5]

## BACKGROUND

13.    Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), the Debtors and certain of its direct and indirect

subsidiaries commenced with this Court voluntary cases for relief under chapter 11 of title 11 of

the United States Code, as amended (the "Bankruptcy Code").  The Debtors are continuing to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

---

[5] The requested release of the holdback for the Compensation Period will not affect the holdback for any subsequent
periods.

9991595

14.    On September 17, 2008, pursuant to section 1102 of the Bankruptcy Code, the U.S. Trustee appointed the Creditors' Committee.

15.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

## RETENTION OF CURTIS

16.    Curtis was retained by the Debtors as of September 26, 2008 to serve as conflicts counsel for the Debtors.  Among other matters, Curtis is responsible for handling all bankruptcy-, corporate- and litigation-related matters where lead counsel for the Debtors, Weil, Gotshal & Manges LLP ("WGM"), or other counsel for the Debtors, has an actual or perceived conflict of interest, and to perform discrete duties as assigned by WGM and other Debtors' counsel that could be handled more efficiently by Curtis.

17.    Pursuant to the Order of the Court, dated November 21, 2008, the Debtors were authorized to retain Curtis as their conflicts counsel to render legal services in the prosecution of their chapter 11 cases.

18.    Since its retention, Curtis has coordinated its efforts with WGM so that their work is complementary and not duplicative.  WGM and Curtis have experience working as debtors' general bankruptcy counsel and conflicts counsel, respectively, for large bankruptcy cases previously pending before this Court.  *See In re Silicon Graphics, Inc., et al.*, Case No. 06-10977 (ALG) (Bankr. S.D.N.Y. 2006) and *In re Parmalat Finanziaria S.p.A., et al.*, Case No. 04-14268 (RDD) (Bankr. S.D.N.Y. 2004).  As a result of these experiences and the continued efforts of WGM and Curtis, the assignment of tasks is being maintained efficiently and with a clear delineation of duties.

-6-

19.    In addition, Curtis is presently acting or has recently acted as conflicts counsel in *In re Caribe Media, Inc., et al.*, Case No. 11-11387 (KG) (Bankr. D. Del. 2011), *In re Sbarro, Inc.*, Case No. 11-11527 (SCC) (Bankr. S.D.N.Y. 2011), *In re CIT Group Inc., et al.*, Case No. 09-16565 (ALG) (Bankr. S.D.N.Y. 2009), *In re The Reader's Digest, Inc., et al.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. 2009), *In re Lear Corporation*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. 2009), *In re Charter Communications, Inc., et al.*, Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. 2009), *In re Star Tribune Holdings Corporation*, Case No. 09-10244 (RDD) (Bankr. S.D.N.Y. 2009) and *In re Bally Total Fitness of Greater New York, Inc.*, Case No. 08-14818 (BRL) (Bankr. S.D.N.Y. 2008).

20.    The work encompassed by this Application for which Curtis seeks compensation was performed efficiently and at a reasonable cost to the estates. All of the work summarized in this Application was performed in a manner to ensure minimal duplication of services and an effort to keep the administration expenses to a minimum.

## SUMMARY OF SERVICES RENDERED BY CURTIS DURING THE COMPENSATION PERIOD

21.    During the Compensation Period, Curtis performed substantial services for the Debtors. These services were necessary to effectively administer the chapter 11 cases.

22.    In accordance with the Guidelines and Curtis' internal billing procedures, Curtis has established separate matter numbers and matter names for distinct project categories in these chapter 11 cases. Listed below is a summary, by matter name, of services provided by Curtis during the Compensation Period:

23.    **General Case Administration.** A total of 84.40 hours of services was performed and Curtis is seeking allowance of $20,046 in fees. This matter covers a variety of tasks performed by Curtis professionals that relate to the smooth and efficient administration of

the chapter 11 cases.  Among other things, during the Compensation Period, Curtis professionals

reviewed documents applicable to the chapter 11 cases, researched current developments

relevant to the chapter 11 cases, and created and maintained a comprehensive calendar of

pertinent deadlines, hearings and meetings.

24.     **General Case Strategy Meetings.**  A total of 161.60 hours of services

was performed and Curtis is seeking allowance of $97,638 in fees.  This matter covers time spent

by professionals at weekly meetings where attorneys working on various matters relating to the

Debtors' estates discussed recent developments.  Generally, each attorney present at such

meetings provided expertise in a specific area of law relevant to the Debtors' cases and/or

provided a factual update on a particular aspect of the Debtors' cases.  In light of the highly

complex and varied nature of the Debtors' cases, such meetings are critical to the smooth

operation and prosecution of the Debtors' chapter 11 cases.

25.     **Project Monitoring/Court Calendar & Docket Maintenance.**  A total

of 110.40 hours of services was performed and Curtis is seeking allowance of $37,954 in fees.

With respect to this matter, Curtis professionals monitored the docket for pleadings filed in the

chapter 11 cases, the SIPA Proceeding and various adversary proceedings.  Due to the high

volume of documents filed in the Debtors' cases, docket monitoring was generally conducted on

a daily basis by attorneys familiar with the Debtors' cases.  Such close monitoring is necessary

for Curtis to stay apprised of the happenings in the cases and proceedings involving the Debtors,

especially with respect to pleadings filed by potential conflict parties.

26.     **Hearings and Court Communications.**  A total of 11.30 hours of

services was performed and Curtis is seeking allowance of $4,884.50 in fees.  With respect to

this matter, Curtis professionals prepared for and attended hearings in the chapter 11 cases,

including the monthly omnibus hearings and hearings with respect to the Rule 60(b) motions in

connection with Barclays Capital Inc. It is necessary that Curtis professionals attend hearings to stay appraised of issues in the Debtors' cases, particularly with respect to litigation that is relevant to matters that Curtis is handling.

27.    **LBI/SIPC Coordination and Issues.** A total of 231.30 hours of services was performed and Curtis is seeking allowance of $142,280 in fees. During the Compensation Period, Curtis professionals liaised with LBI on various issues, including, but not limited to, the treatment and ongoing administration of certain assets that LBHI received as a subrogee of JPMorgan Chase Bank, N.A.'s ("JPMorgan") claims under the Collateral Disposition Agreement ("CDA"), and coordinating the prosecution of certain adversary proceedings. Furthermore, Curtis professionals extensively reviewed the proposed settlement agreement between LBI and JPMorgan.

28.    **Derivatives/Swap Agreement Issues.** A total of 2,122.70 hours of services was performed and Curtis is seeking allowance of $1,276,588.50 in fees. During the Compensation Period, Curtis continued to address various activities and conduct analyses of the legal documentation related to certain credit swaps with Syncora Guarantee, Inc., as well as certain CDO structures, including Pyxis ABS CDO-2007-1, Ltd.; Pebble Creek LCDO 2007-2, Ltd.; Pebble Creek LCDO 2007-2, LLC; Ceago ABS CDO 2007-1, Ltd; and Ceago ABS CDO 2007-1, LLC. In this respect, Curtis extensively corresponded both internally and externally in order to successfully negotiate a settlement in the Ceago matter. Curtis also reviewed and analyzed certain derivatives contracts with JPMorgan and its affiliates and subsidiaries. Finally, Curtis conducted diligence related to demands for collateral made prior to the Commencement Date, purportedly related to novations of derivatives contracts with various counterparties.

29.    During the Compensation Period, Curtis professionals who provided services concerning the forgoing matters would periodically convene to update one another on

-9-

the specific matters in which they were involved.  The discussions at these meetings were conducted at a higher level of detail than would have been possible in meetings with the entire Lehman team.  For example, at these meetings, Cutis professionals often discussed settlement scenarios, analyzed legal issues common to multiple derivatives transactions, and coordinated efforts among professionals working on the various derivatives transactions.  Curtis attorneys also strategized with attorneys from WGM to discuss the relationship between the discrete matters Curtis is handling and the overall case.

30.    **Loans/Investments.**  A total of 163.60 hours of services was performed and Curtis is seeking allowance of $97,077 in fees.  With respect to this matter, Curtis professionals continued to analyze and review numerous structured finance vehicles.

31.    **Non-Derivative Automatic Stay/Safe Harbor Issues.**  A total of 24.40 hours of services was performed and Curtis is seeking allowance of $9,822 in fees.  During the Compensation Period, Curtis professionals continued to analyze the impact of the safe harbors on various causes of action that the Debtors are pursuing.  In that regard, attorneys reviewed recent case law addressing the safe harbor provisions.

32.    **Plan of Reorganization/Plan Confirmation/Plan Implementation.**  A total of 13.80 hours of services was performed and Curtis is seeking allowance of $9,308 in fees.  During the Compensation Period, Curtis professionals reviewed the plans of reorganization filed by various parties in interest, namely the Debtors, the Non-Consolidation Plan Proponents, and the Ad Hoc Group of Lehman Brothers Creditors.

33.    **Disclosure Statement/Solicitation/Voting.**  A total of 37.40 hours of services was performed and Curtis is seeking allowance of $19,199 in fees.  During the Compensation Period, Curtis professionals reviewed and provided commentary on drafts of the

9991595

Debtors' disclosure statement, particularly with respect to the litigation with JPMorgan and the CDA.

34.     **Non-Derivative Claims Reconciliation, Estimation, Litigation and Alternative Dispute Resolution, and Bar Date Issues.**  A total of 935 hours of services was performed and Curtis is seeking allowance of $484,324.50 in fees.  During the Compensation Period, Curtis professionals extensively analyzed claims filed by JPMorgan and its affiliates. Curtis professionals also continued the process of drafting objections to certain claims filed by JPMorgan.  In that regard, Curtis successfully objected in part to a proof of claim asserted by JPMorgan related to an ISDA Agreement that JPMorgan had acquired from Washington Mutual Bank FA post-petition.  As a result of this objection, a claim of approximately $80 million was reclassified from a secured claim to a general unsecured claim.

35.     During the Compensation Period, Curtis professionals tasked with analyzing JPMorgan's claims against the Debtors would periodically convene among themselves and telephonically with conflicts counsel for the Official Committee of Unsecured Creditors Quinn Emmanuel Urquhart & Sullivan, LLP ("Quinn") to discuss such issues.  Often, more than one claim objection was discussed at a particular meeting.  Because the claims asserted by JPMorgan were based on varying legal theories, the attendance and input of multiple Curtis professionals with expertise in distinct areas of law was necessary.  Further, the attendance of bankruptcy professionals at these meetings was always necessary, particularly for their insight into the claim objection process.

36.     **Other Bankruptcy Motions and Matters.**  A total of 110.10 hours of services was performed and Curtis is seeking allowance of $59,365 in fees.  During the Compensation Period, Curtis professionals rigorously analyzed pleadings filed in various

-11-

proceedings to discern potential impact on significant legal issues, including derivatives, *ipso facto* provisions, and setoff.

37.    **Non-Derivative Adversary Proceedings Preparation and Litigation.**  A total of 10,791.90 hours of services was performed and Curtis is seeking allowance of $4,718,019 in fees.  With respect to this matter, the primary tasks performed by Curtis professionals relate to the litigation commenced against JPMorgan.  As this Court is aware, on May 26, 2010, Curtis filed the adversary proceeding styled *Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Pro. No. 10-03266, in which LBHI is seeking a judgment that LBHI is entitled to void certain agreements entered into between LBHI and JPMorgan prior to LBHI's Commencement Date on the grounds that such agreements were fraudulent transfers and/or unenforceable under state law.  LBHI further seeks to recover billions in cash collateral, certain securities collateral posted to JPMorgan, and damages occasioned by JPMorgan's wrongful conduct under bankruptcy and state law theories.  During the Compensation Period, Curtis addressed a variety of issues arising in connection with the adversary proceeding, including, but not limited to, ongoing discovery and the analysis of JPMorgan's motion to dismiss the adversary proceeding.  In that regard, on March 4, 2011, Curtis professionals drafted a response addressing the brief filed by the International Swaps and Derivatives Association, Inc. and the Securities Industry and Financial Markets Association as *amici curiae* in support of JPMorgan's motion to dismiss the adversary proceeding.  Further, Curtis professionals extensively prepared for oral argument before the Bankruptcy Court on JPMorgan's motion to dismiss the adversary proceeding, which occurred on May 10, 2011.  This matter is currently pending before the Bankruptcy Court.

38.    Curtis professionals also provided services in relation to defending against JPMorgan's counterclaims in the adversary proceeding.  More specifically, Curtis professionals

-12-

extensively review JPMorgan's amended counterclaims. Curtis professionals also drafted and filed a motion to dismiss JPMorgan's amended counterclaims on April 4, 2011.

39.    During the Compensation Period, Curtis professionals who provided services relating to the adversary proceeding would periodically confer among themselves and telephonically with Quinn regarding the progress of the litigation. Curtis and Quinn often engaged in highly-detailed conversations regarding various aspects of the prosecution of the adversary proceeding. For example, the following topics were frequently discussed at these conferences: the process of interviewing and retaining expert witnesses, the division of labor in deposition-taking, and substantive highlights from depositions already taken.

40.    In addition, Curtis professionals continued to prosecute other adversary proceedings and potential causes of action against vendors that received payments prior to the Debtors' petition dates.

41.    Finally, Curtis continued investigating Lehman's prepetition relationship with Citibank, N.A. ("Citibank"). In particular, Curtis professionals reviewed pleadings in LBI's adversary proceeding against Citibank, styled *Lehman Brothers Inc. v. Citibank N.A., et al.*, Adv. Pro. No. 11-01681, in which the SIPA Trustee seeks to recover $1.3 billion from Citibank on behalf of LBI.

42.    **Non-Bankruptcy Litigation.** A total of 261.20 hours of services was performed and Curtis is seeking allowance of $129,064.50. In connection with this matter, Curtis professionals continued to address various matters on behalf of Executive Monetary Management, Inc., a non-debtor affiliate of the Debtors, as a defendant in connection with a state court matter brought by Stowaways, LLC and certain of its affiliates. More specifically, Curtis professionals responded to plaintiff's discovery requests, participated in settlement negotiations,

-13-

and drafted a settlement agreement. During the Compensation Period, Curtis professionals also provided services related to the Archstone arbitration. After LBHI was issued a document subpoena by the claimants in the Archstone arbitration, Curtis professionals provided services with respect to LBHI's response to the subpoena.

43.    **2004 Issues.** A total of .60 hours of services was performed and Curtis is seeking allowance of $450. In connection with this matter, Curtis attorneys continued to address issues related to documentation provided by Canadian Imperial Bank of Commerce in connection with a Master ISDA Agreement.

44.    **Proprietary Retention/Billing/Fee Applications.** A total of 219.80 hours of services was performed and Curtis is seeking allowance of $68,372 in fees. As described more fully above, in connection with this matter, Curtis professionals prepared Interim Fee Applications, prepared monthly budgets and responded to inquiries from the Fee Committee.[6]

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

45.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. *See* 11 U.S.C. § 331. The awarding of interim compensation should be based on the circumstances of the particular case. *In re Nana Daly's Pub., Ltd.*, 67 B.R. 782, 787 (Bankr. E.D.N.Y. 1986).

46.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11

---

[6] While Curtis professionals also prepared and served monthly Fee Statements in accordance with the Guidelines, Curtis is not seeking compensation for those services.

U.S.C. § 330(a)(1). The Court has broad discretion in determining whether to allow

compensation and determining the amount of compensation. *In re XO Commc'ns, Inc.*, 323 B.R.

330, 339 (Bankr. S.D.N.Y. 2005); *In re Nine Assocs., Inc.*, 76 B.R. 943, 944 (Bankr. S.D.N.Y.

1987).

   47. Section 330 of the Bankruptcy Code also sets forth the criteria for the

award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration
> of, or beneficial at the time at which the service was
> rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable
> amount of time commensurate with the complexity,
> importance, and nature of the problem, issue, or task
> addressed; and
>
> (E) whether the compensation is reasonable based on the
> customary compensation charged by comparably skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

   48. Courts within the Second Circuit have employed the "lodestar approach"

for calculating judicial awards of compensation to attorneys. The lodestar approach was

articulated by the Second Circuit in *New York State Ass'n for Retarded Children, Inc. v. Carey*,

711 F.2d 1136 (2d Cir. 1983). The lodestar method of determining reasonable compensation

involves multiplying the hours spent on a case, based on attorney time records, by a reasonable

hourly rate of compensation for each attorney based on prevailing market rates for private law

-15-

firms performing services for non-governmental clients. *In re McLean Industries, Inc.*, 88 B.R. 36, 39 (Bankr. S.D.N.Y. 1988). Once calculated, this lodestar figure may be adjusted upward or downward to take into account the facts of the particular case. *In re Baldwin United Corp.*, 79 B.R. 321, 347 (Bankr. S.D. Ohio 1987). Factors regarding the difficulty, complexity and contingent nature of the case may thereafter be employed to arrive at a reasonable and just compensation in excess of the lodestar figure. *In re Stable Mews Assocs.*, 49 B.R. 395, 398 (Bankr. S.D.N.Y. 1985); *In re Chriss*, 38 B.R. 655, 657 (Bankr. S.D.N.Y. 1984).

49.    In the instant case, Curtis respectfully submits that the services for which it seeks compensation in this Application meet or exceed the standards set forth in section 330 of the Bankruptcy Code as applied by bankruptcy courts in this Circuit to determine the reasonableness of professional fees sought from a debtor's estate. Curtis also respectfully submits that the services provided to the Debtors during the Compensation Period were necessary and beneficial to the Debtors' efforts to maximize the value of their estates. The professional services that Curtis rendered were focused on pursuing an efficient reorganization and/or liquidation of the Debtors' businesses that maximizes the value of the estates and recovery to creditors. Except as otherwise set forth herein, Curtis' rates charged to the Debtors are identical to the rates charged by Curtis for comparable services in a non-chapter 11 context. Such services were not only necessary to benefit the Debtors' estates, but also to enhance potential recovery to creditors. Accordingly, Curtis further submits that the compensation requested herein is reasonable and warranted in light of the nature, extent and value of such services to the Debtors, their estates and all parties in interest.

9991595

## FEES AND ACTUAL AND NECESSARY DISBURSEMENTS OF CURTIS

50.    Curtis devoted 15,280.50 hours of actual recorded time during the Compensation Period resulting in time charges of $7,174,392. The amount of $5,978,699.64[7] remains unpaid as of the date of this Application. By this Application, Curtis also requests release of the 20% holdback from the Sixth and Seventh Interim Compensation Periods.

51.    Throughout the Compensation Period, Curtis sought to assign projects in this case to partners, associates and paraprofessionals who could most efficiently and expeditiously handle the tasks at hand. Curtis respectfully submits that the legal services reflected in this Application are fair and reasonable and are commensurate with the quality of services provided herein. The blended rate for services performed by all Curtis professionals and paraprofessionals during the Compensation Period is $465.45. The blended rate for services performed by Curtis attorneys during the Compensation Period is $514.72.

52.    In addition to the fees sought for legal services, Curtis has incurred $247,998.44 in out-of-pocket expenses and disbursements during the Compensation Period directly attributable to the representation of the Debtors.

53.    No part of the compensation to be received pursuant to this Application will be shared with any other person or firm, and no other agreements, either express or implied, to share any compensation received as attorneys for the Debtors has been, or will be, made by Curtis.

---

[7] This amount reflects the 20% holdback from February 2011 as well outstanding payment from March 2011, April 2011, and May 2011.

9991595

## NOTICE

54.     A copy of this Application has been submitted to:  (i) the Debtors; (ii) lead bankruptcy counsel for the Debtors; (iii) counsel for the Creditors' Committee; (iv) the U.S. Trustee; and (v) counsel for the Fee Committee.

## CONCLUSION

**WHEREFORE**, Curtis respectfully requests that this Application be granted and that it be awarded an allowance of $7,174,392 for legal services rendered to the Debtors during the Compensation Period, and $247,998.44  for reimbursement of expenses, and that the Debtors be allowed to pay such amounts to the extent not previously paid, together with such other and further relief be granted as may be just and proper.

Dated:    August 15, 2011
          New York, New York

Respectfully submitted,

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:  _/s/ Steven J. Reisman_
       Steven J. Reisman
       L. P. Harrison 3rd
       Cindi Eilbott Giglio
    101 Park Avenue
    New York, NY  10178-0061
    Telephone:  (212) 696-6000
    Facsimile:  (212) 697-1559
    Email:    sreisman@curtis.com
              lharrison@curtis.com
              cgiglio@curtis.com

*Conflicts Counsel for the Debtors and
Debtors in Possession*

9991595

## EXHIBIT A

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| | : | **Chapter 11** |
| **In re:** | : | |
| | : | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | |
| | : | **(Jointly Administered)** |
| **Debtors.** | : | |
| | : | |

---------------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS IN RESPECT OF EIGHTH INTERIM APPLICATION OF CURTIS,
MALLET-PREVOST, COLT & MOSLE LLP AS CONFLICTS COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR
THE PERIOD FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

I, L. P. Harrison 3rd, hereby certify that:

1.  I am a partner with the applicant firm, Curtis, Mallet-Prevost, Colt & Mosle

LLP ("Curtis"), with primary responsibility for the chapter 11 cases of Lehman Brothers

Holdings Inc., and its direct and indirect subsidiaries, as debtors and debtors in possession

(collectively, the "Debtors"), in respect of compliance with the Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Fourth

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy

Rule 2016(a) Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals (the "Compensation Order," collectively with the Local Guidelines

and UST Guidelines, the "Guidelines").

2.    This certification is made in respect of Curtis' application, dated August 15,

2011 (the "Application"), for interim compensation and reimbursement of expenses for the

period commencing February 1, 2011, through and including May 31, 2011 (the "Compensation

Period") in accordance with the Guidelines.

3.    In respect of section A.1 of the Local Guidelines, I certify that:

- I have read the Application;

- to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

- the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Curtis and generally accepted by Curtis' clients; and

- in providing a reimbursable service, Curtis does not make a profit on that service, whether the service is performed by Curtis in house or through a third party.

4.    In respect of section A.2 of the Local Guidelines, I certify that Curtis has

provided the Debtors, counsel for the statutory committee of unsecured creditors appointed in

these cases (the "Creditors' Committee"), the United States Trustee for the Southern District of

New York (the "U.S. Trustee") and the Committee appointed pursuant to the Order Appointing

9991595

Fee Committee and Approving Fee Protocol, dated May 27, 2009 [Docket No. 3651] (the "Fee Committee"), with a statement of Curtis' fees and disbursements on a monthly basis.

     5.   In respect of section A.3 of the Local Guidelines, I certify that the Debtors, counsel for the Creditors' Committee, lead bankruptcy counsel for the Debtors, the U.S. Trustee, and counsel for the Fee Committee are each being provided with a copy of the Application more than 14 days before the hearing on the Application.

Dated:    New York, New York
           August 15, 2011


                                     */s/ L. P. Harrison 3rd*
                                       L. P. Harrison 3rd

9991595

## EXHIBIT B

## SUMMARY OF EIGHTH INTERIM FEE APPLICATION OF CURTIS, MALLET-PREVOST, COLT & MOSLE LLP FOR SERVICES RENDERED FOR THE EIGHTH INTERIM COMPENSATION PERIOD, FEBRUARY 1, 2011 TO MAY 31, 2011

| NAME OF PROFESSIONAL | DEPARTMENT[1] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| L. P. Harrison 3rd | RIG – 1984 | $830 | 792.50 | $657,775.00 |
| T. Barry Kingham | L – 1969 | $830 | 1.00 | $830.00 |
| Jeffrey N. Ostrager | C – 1981 | $830 | .30[2] | $249.00 |
| Joseph D. Pizzurro | L – 1977 | $830 | 383.00 | $317,890.00 |
| Steven J. Reisman | RIG – 1991 | $830 | 12.90 | $10,707.00 |
| Turner P. Smith | L – 1980 | $830 | 188.00 | $156,040.00 |
| Nancy E. Delaney | L – 1989 | $785 | 468.40 | $367,694.00 |
| Daniel R. Lenihan | C – 1982 | $785 | 239.50 | $188,007.50 |
| Michael J. Moscato | L – 1982 | $785 | 628.00 | $492,980.00 |
| Andrew H. Seiden | C – 1993 | $785 | 399.30 | $313,450.50 |
| Victor L. Zimmermann | C – 1978 | $730 | 4.50 | $3,285.00 |
| **TOTAL PARTNERS** | | | **3,117.40** | **$2,508,908.00** |
| **COUNSEL** | | | | |
| Myles K. Bartley | L – 1999 | $625 | 379.30 | $237,062.50 |
| Susan F. Pollack | C – 1967 | $625 | 388.00 | $242,500.00 |
| Marjena Elizabeth Anderson | C – N/A[3] | $560 | 13.80 | $7,728.00 |
| **TOTAL COUNSEL** | | | **781.10** | **$487,290.50** |
| **ASSOCIATES** | | | | |
| James V. Drew | RIG – 2002 | $590 | 6.40 | $3,776.00 |
| Timothy N. McCabe | L – 2002 | $590 | 132.80 | $78,352.00 |
| Susana M. Namnum | C – 1996 | $590 | 397.90 | $234,761.00 |
| Peter J. Behmke | L – 2005 | $550 | 714.80 | $393,140.00 |
| Andrew Zinman | L – 1996 | $550 | 542.30 | $298,265.00 |
| Benjamin Lowin | C – 2006 | $510 | 52.30 | $26,673.00 |
| Bradley Doline | C – 2007 | $470 | 120.90 | $56,823.00 |
| Cindi Eilbott Giglio | RIG – 2007 | $470 | 767.50 | $360,725.00 |
| Veronique Hodeau | RIG– 2007 | $470 | 1.40 | $658.00 |
| Joseph Clyne | L – 1984 | $450 | 7.20[2] | $3,240.00 |
| Julie W. Arkush | L – 2008 | $425 | 135.30 | $57,502.50 |
| Dario Avram | C – 2008 | $425 | 2.00 | $850.00 |
| Louisa A. Fennell | L – 2008 | $425 | 638.70 | $271,447.50 |
| Nicholas James | RIG – 2008 | $425 | 4.30 | $1,827.50 |
| Andrew M. Smith | C – 2008 | $425 | 89.50 | $38,037.50 |
| Peter Josef Buenger | RIG – 2010 | $385 | 136.20 | $52,437.00 |

---

[1] C – Corporate; L – Litigation; RE – Real Estate; RIG – Restructuring and Insolvency Group; T – Tax.
[2] In instances where a professional spent less than one hour (across all matter numbers) working on the Debtors' cases during a single month within the Compensation Period, Curtis has written off the time as a courtesy to the Debtors.
[3] Marjena Elizabeth Anderson is admitted to practice in England and Wales and reports from Curtis' London office.

9991595

| NAME OF PROFESSIONAL | DEPARTMENT[1] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Dienna Ching | RIG – 2009 | $385 | 576.70 | $222,029.50 |
| Shafiq Perry | C – 2009 | $385 | 393.80 | $151,613.00 |
| Brian White | L – 2009 | $385 | 3.00 | $1,155.00 |
| Massimo Giugliano | RIG – 2009 | $345 | 300.20 | $103,569.00 |
| Joshua Holt | C – 2010 | $345 | 20.10[4] | $6,934.50 |
| Josh Joyce | L – 2010 | $345 | 721.90 | $249,055.50 |
| Chang Jung | C – 2010 | $345 | 152.80 | $52,716.00 |
| Andrew Kaspersen | L – 2010 | $345 | 561.50 | $193,717.50 |
| Matthew Lischin | RIG – 2010 | $345 | 783.10 | $270,169.50 |
| Sara Sherrod | C – 2010 | $345 | 89.40 | $30,843.00 |
| Alex Siegal | C – 2010 | $345 | 103.70 | $35,776.50 |
| Brendan Snowden | C – 2010 | $345 | 46.00 | $15,870.00 |
| Jasper Cacananta | C – * | $300 | 33.90 | $10,170.00 |
| Heather Hiznay | RIG – * | $300 | 450.40 | $135,120.00 |
| Nicole Mazanitis | L – 2011 | $300 | 217.40 | $65,220.00 |
| Mitch McGuffey | L – * | $300 | 643.30 | $192,990.00 |
| Gary Moy | L – * | $300 | 117.90[4] | $35,370.00 |
| Morgan Nighan | L – 2011 | $300 | 94.20 | $28,260.00 |
| Shawna-Gay White | C – 2010 | $300 | 27.60[4] | $8,280.00 |
| **TOTAL ASSOCIATES** | | | **9,086.40** | **$3,687,374.00** |
| **PARAPROFESSIONALS** | | | | |
| Neal Goodman | L | $260 | 355.10 | $92,326.00 |
| Georgia Faust | RIG | $230 | 408.90 | $94,047.00 |
| Katerina Mantell | RIG | $230 | 177.00 | $40,710.00 |
| Jamie Ogilvie | C | $230 | 6.50 | $1,495.00 |
| Alejandro Montenegro | RIG | $230 | 24.60 | $5,658.00 |
| Nicole Perkins | L | $230 | 608.00 | $139,840.00 |
| Martine Read | RIG | $230 | 57.40 | $13,202.00 |
| Susan Kindya-Culley | L | $220 | 304.30 | $66,946.00 |
| Stephanie Morales | RIG | $220 | 43.60 | $9,592.00 |
| Brianna Hill | L | $210 | 5.80 | $1,218.00 |
| Michael Malavarca | L | $200 | 233.00 | $46,600.00 |
| Javier Lopez | L | $175 | 42.50 | $7,437.50 |
| Patrick Romero | L | $175 | 202.80 | $35,490.00 |
| Boris Lamptey | L | $165 | 149.40 | $24,651.00 |
| **TOTAL PARAPROFESSIONALS** | | | **2,618.90** | **579,212.50** |
| **SUBTOTAL** | | | 15,603.80 | $7,262,785.00 |
| **Less 100% discount where professionals spent less than one hour working on the Debtors' cases** | | | — | (1,086.00) |
| **Less reduction in Matter No. 4500[5]** | | | (323.30) | (87,307.00) |
| **TOTAL** | | | **15,280.50** | **$7,174,392.00** |

---

[4] In instances where a professional spent less than one hour (across all mater numbers) working on the Debtors' cases during a single month within the Compensation Period, Curtis has written off the time as a courtesy to the Debtors.

\* Professional has passed the New York Bar examination and is pending admission.

[5] Curtis is voluntarily reducing compensation requested under Matter No. 4500 for services provided in relation to the preparation of monthly fee statements.

-2-

9991595

| TOTALS | | | |
| --- | --- | --- | --- |
| **PROFESSIONALS** | **BLENDED RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
| Partners | $804.73 | **3,117.40** | **$2,508,659.00** |
| Counsel | $623.85 | **781.10** | **$487,290.50** |
| Associates | $405.72 | **9,086.40** | **$3,686,537.00** |
| Paraprofessionals | $221.17 | **2,618.90** | **$579,212.50** |

9991595

## EXHIBIT C

### EXPENSE SUMMARY FOR CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
### FOR THE EIGHTH INTERIM COMPENSATION PERIOD,
### FEBRUARY 1, 2011 TO MAY 31, 2011

| DESCRIPTION | AMOUNT |
|---|---|
| Color Copies | $      660.50 |
| Courier | 5,320.07 |
| Depositions/Transcripts | 21,919.93 |
| Duplicating | 25,392.94 |
| Lexis/Westlaw | 109,108.43 |
| Long Distance Telephone | 101.25 |
| Meals Expense | 10,168.08 |
| Miscellaneous Disbursements | 417.87 |
| Pacer | 993.52 |
| Postage | 22.57 |
| Search Fees | 1,085.60 |
| Subpoena Fee | 13,900.00 |
| Telephone Audio Conference | 1,682.94 |
| Telephone Expense | 80.92 |
| Translation Expense | 2,272.20 |
| Transportation Expense | 6,372.38 |
| Travel | 4,432.58 |
| Word Processing | 44,757.24 |
| SUBTOTAL: | $248,689.02 |
| Less Voluntary Deduction[1] | (690.58) |
| **TOTAL:** | **$247,998.44** |

---

[1] Curtis has voluntarily reduced the requested amount in the expense categories of Long Distance Telephone, Meals Expense, and Transportation Expense, corresponding to certain expenses that were billed in February 2011 and March 2011.

## EXHIBIT D

### COMPENSATION BY WORK TASK CODE FOR SERVICES RENDERED BY CURTIS, MALLET-PREVOST, COLT & MOSLE LLP FOR THE EIGHTH INTERIM COMPENSATION PERIOD, FEBRUARY 1, 2011 TO MAY 31, 2011

| WORK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| Matter No. 100 | General Case Administration | 84.40 | $20,046.00 |
| Matter No. 200 | General Case Strategy Meetings | 161.60 | $97,638.00 |
| Matter No. 300 | Project Monitoring/Court Calendar & Docket Maintenance | 110.40 | $37,954.00 |
| Matter No. 400 | Hearings and Court Communications | 11.30 | $4,884.50 |
| Matter No. 1100 | LBI/SIPC Coordination and Issues | 231.30 | $142,280.00 |
| Matter No. 2400 | Derivatives/Swap Agreement Issues | 2,122.70 | $1,276,795.50 |
| Matter No. 2500 | Loans/Investments | 163.60 | $97,077.00 |
| Matter No. 2900 | Non-Derivative Automatic Stay/Safe Harbor Issues | 24.40 | $9,822.00 |
| Matter No. 3400 | Plan of Reorganization/Plan Confirmation/Plan Implementation | 13.80 | $9,308.00 |
| Matter No. 3500 | Disclosure Statement/Solicitation/Voting | 37.40 | $19,199.00 |
| Matter No. 3600 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 935.00 | $484,573.50 |
| Matter No. 3700 | Other Bankruptcy Motions and Matters | 111.10 | $59,365.00 |
| Matter No. 3800 | Non-Derivative Adversary Proceedings Preparation and Litigation | 10,791.90 | $4,718,559.00 |
| Matter No. 3900 | Non-Bankruptcy Litigation | 261.20 | $129,154.50 |
| Matter No. 4000 | 2004 Issues | .60 | $450.00 |
| Matter No. 4500 | Proprietary Retention/Billing/Fee Applications | 543.10 | $155,679.00 |
| SUBTOTAL | | 15,603.80 | $7,262,785.00 |
| Less 100% discount where professionals spent less than one hour working on the Debtors' cases[1] | | — | (1,086.00) |
| Less reduction in Matter No. 4500[2] | | (323.30) | (87,307.00) |
| **TOTAL** | | **15,280.50** | **$7,174,392.00** |

---

[1] In instances where professionals spent less than one hour (across all matter numbers) working on the Debtors' cases during a single month within the Compensation Period, Curtis has written off the time as a courtesy to the Debtors.

[2] Curtis is voluntarily reducing compensation requested under Matter No. 4500 for services provided in relation to the preparation of monthly fee statements.

9991595

**EXHIBIT E**

**BY-WORK TASK CODE SUMMARY OF HOURS DEVOTED AND
COMPENSATION SOUGHT BY TIMEKEEPER FOR THE EIGHTH INTERIM
STATEMENT PERIOD, FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

**GENERAL CASE ADMINISTRATION
MATTER NO. 100**

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $830.00 | 1.30 | $    1,079.00 |
| **TOTAL PARTNERS** | | **1.30** | **$   1,079.00** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $230.00 | 1.90 | $     437.00 |
| Katerina Mantell | 230.00 | 57.90 | 13,317.00 |
| Alejandro Montenegro | 230.00 | 1.10 | 253.00 |
| Martine Read | 230.00 | 7.60 | 1748.00 |
| Stephanie Morales | 220.00 | 14.60 | 3,212.00 |
| **TOTAL PARAPROFESSIONALS** | | **83.10** | **$18,967.00** |
| | | | |
| **TOTAL** | | **84.40** | **$20,046.00** |

## GENERAL CASE STRATEGY MEETINGS
## MATTER NO. 200

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | 9.80 | $    8,134.00 |
| Joseph D. Pizzurro | 830.00 | 8.10 | 6,723.00 |
| Turner P. Smith | 830.00 | 5.90 | 4,897.00 |
| Nancy E. Delaney | 785.00 | 6.20 | 4,867.00 |
| Daniel R. Lenihan | 785.00 | 8.80 | 6,908.00 |
| Michael J. Moscato | 785.00 | 13.90 | 10,911.50 |
| Andrew H. Seiden | 785.00 | 8.20 | 6,437.00 |
| **TOTAL PARTNERS** | | **60.90** | **$  48,877.50** |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | $    625.00 | 8.70 | $    5,437.50 |
| Susan F. Pollack | 625.00 | 9.00 | 5,625.00 |
| **TOTAL COUNSEL** | | **17.70** | **$  11,062.50** |
| | | | |
| **ASSOCIATES** | | | |
| Timothy N. McCabe | $    590.00 | 11.50 | $    6,785.00 |
| Susana Namnum | 590.00 | 9.10 | 5,369.00 |
| Peter J. Behmke | 550.00 | 8.00 | 4,400.00 |
| Bradley H. Doline | 470.00 | 5.60 | 2,632.00 |
| Cindi M. Giglio | 470.00 | 8.60 | 4,042.00 |
| Peter Josef Buenger | 385.00 | 7.90 | 3,041.50 |
| Dienna Ching | 385.00 | 7.10 | 2,733.50 |
| Shafiq Perry | 385.00 | 8.80 | 3,388.00 |
| Chang Jung | 345.00 | .90 | 310.50 |
| Matthew Lischin | 345.00 | 7.70 | 2,656.50 |
| Heather Hiznay | 300.00 | 7.80 | 2,340.00 |
| **TOTAL ASSOCIATES** | | **83.00** | **$  37,698.00** |
| | | | |
| **TOTAL** | | **161.60** | **$  97,638.00** |

## PROJECT MONITORING/COURT CALENDAR & DOCKET MAINTENANCE
## MATTER NO. 300

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | .30 | $        249.00 |
| **TOTAL PARTNERS** | | **.30** | **$        249.00** |
| | | | |
| **ASSOCIATES** | | | |
| Cindi M. Giglio | 470.00 | 4.40 | $      2,068.00 |
| Dienna Ching | 385.00 | 71.50 | 27,527.50 |
| Matthew Lischin | 345.00 | 2.30 | 793.50 |
| **TOTAL ASSOCIATES** | | **78.20** | **$    30,389.00** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $    230.00 | .30 | $          69.00 |
| Alejandro Montenegro | 230.00 | 15.00 | 3,450.00 |
| Nicole Perkins | 230.00 | 11.00 | 2,530.00 |
| Martine Read | 230.00 | 3.50 | 805.00 |
| Stephanie Morales | 220.00 | 2.10 | 462.00 |
| **TOTAL PARAPROFESSIONALS** | | **31.90** | **$      7,316.00** |
| | | | |
| **TOTAL** | | **110.40** | **$    37,954.00** |

9991595

## HEARINGS & COURT COMMUNICATIONS
## MATTER NO. 400

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 1.20 | $      996.00 |
| **TOTAL PARTNERS** | | **1.20** | **$      996.00** |
| | | | |
| **ASSOCIATES** | | | |
| Peter Josef Buenger | 385.00 | 3.20 | $   1,232.00 |
| Dienna Ching | 385.00 | 6.90 | 2,656.50 |
| **TOTAL ASSOCIATES** | | **10.10** | **$   3,888.50** |
| | | | |
| **TOTAL** | | **11.30** | **$   4,884.50** |

-4-

## LBI/SIPC COORDINATION AND ISSUES
### MATTER NO. 1100

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | 62.00 | $    51,460.00 |
| Joseph D. Pizzurro | 830.00 | 8.30 | 6,889.00 |
| Turner P. Smith | 830.00 | .40 | 332.00 |
| Nancy E. Delaney | 785.00 | 4.50 | 3,532.50 |
| Michael J. Moscato | 785.00 | .30 | 235.50 |
| Andrew H. Seiden | 785.00 | 17.00 | 13,345.00 |
| **TOTAL PARTNERS** | | **92.50** | **$    75,794.00** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | 625.00 | 41.10 | $    25,687.50 |
| **TOTAL COUNSEL** | | **41.10** | **$    25,687.50** |
| | | | |
| **ASSOCIATES** | | | |
| Peter J. Behmke | 550.00 | .70 | 385.00 |
| Cindi M. Giglio | 470.00 | 45.80 | 21,526.00 |
| Dienna Ching | 385.00 | 32.30 | 12,435.50 |
| Shafiq Perry | 385.00 | 1.60 | 616.00 |
| Matthew Lischin | 345.00 | 15.60 | 5,382.00 |
| Heather Hiznay | 300.00 | .90 | 270.00 |
| **TOTAL ASSOCIATES** | | **96.90** | **$    40,614.50** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $    230.00 | .80 | $    184.00 |
| **TOTAL PARAPROFESSIONALS** | | **.80** | **$    184.00** |
| | | | |
| **TOTAL** | | **231.30** | **$    142,280.00** |

9991595

## DERIVATIVES/SWAP AGREEMENT ISSUES
## MATTER NO. 2400

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | 194.40 | $   161,352.00 |
| Joseph D. Pizzurro | 830.00 | 3.00 | 2,490.00 |
| Turner P. Smith | 830.00 | 118.40 | 98,272.00 |
| Nancy E. Delaney | 785.00 | 20.10 | 15,778.50 |
| Daniel R. Lenihan | 785.00 | 123.10 | 96,633.50 |
| Michael J. Moscato | 785.00 | 7.20 | 5,652.00 |
| Andrew H. Seiden | 785.00 | 207.90 | 163,201.50 |
| **TOTAL PARTNERS** | | **674.10** | **$  543,379.50** |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | $    625.00 | 261.40 | $   163,375.00 |
| Susan F. Pollack | 625.00 | 62.60 | 39,125.00 |
| **TOTAL COUNSEL** | | **324.00** | **$  202,500.00** |
| | | | |
| **ASSOCIATES** | | | |
| Timothy N. McCabe | $    590.00 | 64.60 | $    38,114.00 |
| Susana Namnum | 590.00 | 378.80 | 223,492.00 |
| Peter J. Behmke | 550.00 | 5.40 | 2,970.00 |
| Benjamin Lowin | 510.00 | .30 | 153.00 |
| Bradley H. Doline | 470.00 | 105.40 | 49,538.00 |
| Cindi M. Giglio | 470.00 | 77.00 | 36,190.00 |
| Joseph Clyne | 450.00 | .10 | 45.00 |
| Peter Josef Buenger | 385.00 | 3.70 | 1,424.50 |
| Dienna Ching | 385.00 | 61.30 | 23,600.50 |
| Shafiq Perry | 385.00 | 252.30 | 97,135.50 |
| Massimo Giugliano | 345.00 | .40 | 138.00 |
| Joshua Holt | 345.00 | .60[*] | 207.00 |
| Chang Jung | 345.00 | 83.80 | 28,911.00 |
| Andrew Kaspersen | 345.00 | 47.60 | 16,422.00 |
| Matthew Lischin | 345.00 | 1.20 | 414.00 |
| Mitch McGuffey | 300.00 | 1.80 | 540.00 |

[*] The timekeeper provided services to the Debtors' estates totaling less than one hour (across all matter numbers) during at least one month of the Compensation Period.

9991595

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| Morgan Nighan | 300.00 | 24.90 | 7,470.00 |
| Shawna-Gay White | 300.00 | 9.10 | 2,730.00 |
| **TOTAL ASSOCIATES** | | **1,118.30** | **$ 529,494.50** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Katerina Mantell | $   230.00 | 3.00 | $      690.00 |
| Alejandro Montenegro | 230.00 | 2.30 | 529.00 |
| Nicole Perkins | 230.00 | .50 | 115.00 |
| Patrick Romero | 175.00 | .50 | 87.50 |
| **TOTAL PARAPROFESSIONALS** | | **6.30** | **$      1,421.50** |
| | | | |
| SUBTOTAL | | 2,122.70 | $1,276,795.50 |
| Less 100% discount where professionals spent less than one hour working on the Debtors' cases | | — | (207.00) |
| **TOTAL** | | **2,122.70** | **$1,276,588.50** |

9991595

## LOANS/INVESTMENTS
## MATTER NO. 2500

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | 24.60 | $    20,418.00 |
| Daniel R. Lenihan | 785.00 | 1.40 | 1,099.00 |
| Michael J. Moscato | 785.00 | 4.20 | 3,297.00 |
| Andrew H. Seiden | 785.00 | 46.70 | 36,659.50 |
| **TOTAL PARTNERS** | | **76.90** | **$    61,473.50** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | 625.00 | 4.30 | 2,687.50 |
| **TOTAL COUNSEL** | | **4.30** | **$    2,687.50** |
| | | | |
| **ASSOCIATES** | | | |
| Susana Namnum | $    590.00 | 9.30 | $    5,487.00 |
| Cindi M. Giglio | 470.00 | 8.10 | 3,807.00 |
| Dienna Ching | 385.00 | .80 | 308.00 |
| Shafiq Perry | 385.00 | 43.30 | 16,670.50 |
| Joshua Holt | 345.00 | 4.10 | 1,414.50 |
| Andrew Kaspersen | 345.00 | 4.20 | 1,449.00 |
| Shawna-Gay White | 300.00 | 12.60 | 3,780.00 |
| **TOTAL ASSOCIATES** | | **82.40** | **$    32,916.00** |
| | | | |
| **TOTAL** | | **163.60** | **$    97,077.00** |

9991595

## NON-DERIVATIVE AUTOMATIC STAY/SAFE HARBOR ISSUES
## <u>MATTER NO. 2900</u>

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | .40 | $        332.00 |
| **TOTAL PARTNERS** | | **.40** | **$        332.00** |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | 625.00 | .50 | 312.50 |
| **TOTAL COUNSEL** | | **.50** | **$        312.50** |
| | | | |
| **ASSOCIATES** | | | |
| Cindi M. Giglio | 470.00 | 2.00 | 940.00 |
| Peter Josef Buenger | 385.00 | 2.90 | 1,116.50 |
| Dienna Ching | 385.00 | 17.60 | 6,776.00 |
| Massimo Giugliano | 345.00 | 1.00 | 345.00 |
| **TOTAL ASSOCIATES** | | **23.50** | **$     9,177.50** |
| | | | |
| **TOTAL** | | **24.40** | **$     9,822.00** |

9991595

## PLAN OF REORANIZATION/PLAN CONFIRMATION/PLAN IMPLEMENTATION
### MATTER NO. 3400

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $ 830.00 | 7.80 | $ 6,474.00 |
| Andrew H. Seiden | 785.00 | 2.00 | 1,570.00 |
| **TOTAL PARTNERS** | | **9.80** | **$ 8,044.00** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | 625.00 | .40 | 250.00 |
| **TOTAL COUNSEL** | | **.40** | **$ 250.00** |
| | | | |
| **ASSOCIATES** | | | |
| Dienna Ching | 385.00 | 1.20 | 462.00 |
| **TOTAL ASSOCIATES** | | **1.20** | **$ 462.00** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Katerina Mantell | 230.00 | 2.00 | 460.00 |
| Alejandro Montenegro | 230.00 | .40 | 92.00 |
| **TOTAL PARAPROFESSIONALS** | | **2.40** | **$ 552.00** |
| | | | |
| **TOTAL** | | **13.80** | **$ 9,308.00** |

-10-

### DISCLOSURE STATEMENT/SOLICITATION/VOTING
### MATTER NO. 3500

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $ 830.00 | 3.00 | $ 2,490.00 |
| Andrew H. Seiden | 785.00 | 8.50 | 6,672.50 |
| **TOTAL PARTNERS** | | **11.50** | **$ 9,162.50** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | $ 625.00 | .20 | $ 125.00 |
| **TOTAL COUNSEL** | | **.20** | **$ 125.00** |
| | | | |
| **ASSOCIATES** | | | |
| Cindi M. Giglio | $ 470.00 | 1.00 | $ 470.00 |
| Shafiq Perry | 385.00 | 23.90 | 9,201.50 |
| Heather Hiznay | 300.00 | .80 | 240.00 |
| **TOTAL ASSOCIATES** | | **25.70** | **$ 9,911.50** |
| | | | |
| **TOTAL** | | **37.40** | **$ 19,199.00** |

9991595

**NON-DERIVATIVE CLAIMS RECONCILIATION, ESTIMATION, LITIGATION, AND
ALTERNATIVE DISPUTE RESOLUTION AND BAR DATE ISSUES
MATTER NO. 3600**

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | 96.90 | $    80,427.00 |
| Joseph D. Pizzurro | 830.00 | 37.20 | 30,876.00 |
| Jeffrey Ostrager | 830.00 | .30[*] | 249.00 |
| Nancy E. Delaney | 785.00 | 18.00 | 14,130.00 |
| Daniel R. Lenihan | 785.00 | 74.80 | 58,718.00 |
| Michael J. Moscato | 785.00 | 13.00 | 10,205.00 |
| Andrew H. Seiden | 785.00 | 9.60 | 7,536.00 |
| **TOTAL PARTNERS** | | **249.80** | **$  202,141.00** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | $    625.00 | 96.80 | $    60,500.00 |
| **TOTAL COUNSEL** | | **96.80** | **$    60,500.00** |
| | | | |
| **ASSOCIATES** | | | |
| Peter J. Behmke | $    550.00 | 19.90 | $    10,945.00 |
| Cindi M. Giglio | 470.00 | 127.10 | 59,737.00 |
| Andrew Smith | 425.00 | 79.90 | 33,957.50 |
| Dienna Ching | 385.00 | 14.40 | 5,544.00 |
| Massimo Giugliano | 345.00 | 15.20 | 5,244.00 |
| Matthew Lischin | 345.00 | 202.80 | 69,966.00 |
| Heather Hiznay | 300.00 | 87.60 | 26,280.00 |
| Nicole Mazanitis | 300.00 | 5.50 | 1,650.00 |
| Shawna-Gay White | 300.00 | 5.30 | 1,590.00 |
| **TOTAL ASSOCIATES** | | **557.70** | **$  214,913.50** |

---

[*] The timekeeper provided services to the Debtors' estates totaling less than one hour (across all matter numbers) during at least one month of the Compensation Period.

-12-

9991595

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $  230.00 | 4.70 | $     1,081.00 |
| Katerina Mantell | 230.00 | 10.70 | 2,461.00 |
| Martine Read | 230.00 | 11.10 | 2,553.00 |
| Stephanie Morales | 220.00 | 4.20 | 924.00 |
| **TOTAL PARAPROFESSIONALS** | | **30.70** | **$     7,019.00** |
| | | | |
| SUBTOTAL | | 935.00 | $  484,573.50 |
| Less 100% discount where professionals spent less than one hour working on the Debtors' cases | | — | (249.00) |
| **TOTAL** | | **935.00** | **$  484,324.50** |

9991595

## OTHER BANKRUPTCY MOTIONS & MATTERS
## MATTER NO. 3700

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | 7.40 | $      6,142.00 |
| Joseph D. Pizzurro | 830.00 | 1.10 | 913.00 |
| Turner P. Smith | 830.00 | .40 | 332.00 |
| Andrew H. Seiden | 785.00 | 28.20 | 22,137.00 |
| **TOTAL PARTNERS** | | **37.10** | **$    29,524.00** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | $    625.00 | 27.50 | $    17,187.50 |
| **TOTAL COUNSEL** | | **27.50** | **$    17,187.50** |
| | | | |
| **ASSOCIATES** | | | |
| Cindi M. Giglio | $    470.00 | 1.50 | $        705.00 |
| Joseph F. Clyne | 450.00 | .80 | 360.00 |
| Dienna Ching | 385.00 | 6.10 | 2,348.50 |
| Joshua Holt | 345.00 | 1.40 | 483.00 |
| Heather Hiznay | 300.00 | 5.30 | 1,590.00 |
| Shawna-Gay White | 300.00 | .50 | 150.00 |
| **TOTAL ASSOCIATES** | | **15.60** | **$      5,636.50** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Stephanie Morales | $    220.00 | 9.00 | $      1,980.00 |
| Martine Read | 230.00 | 21.90 | 5,037.00 |
| **TOTAL PARAPROFESSIONALS** | | **30.90** | **$      7,017.00** |
| | | | |
| **TOTAL** | | **111.10** | **$    59,365.00** |

-14-

## NON-DERIVATIVE ADVERSARY PROCEEDINGS
## PREPARATION AND LITIGATION
## MATTER NO. 3800

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 361.50 | $   300,045.00 |
| T. Barry Kingham | 830.00 | 1.00 | 830.00 |
| Joseph D. Pizzurro | 830.00 | 325.30 | 269,999.00 |
| Steven J. Reisman | 830.00 | 1.10 | 913.00 |
| Turner P. Smith | 830.00 | 55.90 | 46,397.00 |
| Nancy E. Delaney | 785.00 | 419.60 | 329,386.00 |
| Daniel R. Lenihan | 785.00 | 30.20 | 23,707.00 |
| Michael J. Moscato | 785.00 | 589.40 | 462,679.00 |
| Andrew H. Seiden | 785.00 | 63.60 | 49,926.00 |
| Victor Zimmerman | 730.00 | 4.50 | 3,285.00 |
| **TOTAL PARTNERS** | | **1,852.10** | **$1,487,167.00** |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | $   625.00 | 42.90 | $    26,812.50 |
| Susan F. Pollack | 625.00 | 146.10 | 91,312.50 |
| Marjena Elizabeth Anderson | 560.00 | 13.80 | 7,728.00 |
| **TOTAL COUNSEL** | | **202.80** | **$ 125,853.00** |
| | | | |
| **ASSOCIATES** | | | |
| James V. Drew | $   590.00 | 6.40 | $     3,776.00 |
| Timothy N. McCabe | 590.00 | 56.50 | 33,335.00 |
| Susana Namnum | 590.00 | .70 | 413.00 |
| Peter J. Behmke | 550.00 | 677.70 | 372,735.00 |
| Andrew B. Zinman | 550.00 | 542.30 | 298,265.00 |
| Benjamin Lowin | 510.00 | 52.00 | 26,520.00 |
| Bradley H. Doline | 470.00 | .30 | 141.00 |
| Cindi M. Giglio | 470.00 | 453.10 | 212,957.00 |

9991595

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| Veronique Hodeau | 470.00 | 1.40 | 658.00 |
| Joseph F. Clyne | 450.00 | 4.30[*] | 1,935.00 |
| Julie Arkush | 425.00 | 10.00 | 4,250.00 |
| Dario Avram | 425.00 | 2.00 | 850.00 |
| Louisa Fennell | 425.00 | 638.70 | 271,447.50 |
| Andrew Smith | 425.00 | 9.60 | 4,080.00 |
| Peter Josef Buenger | 385.00 | 118.50 | 45,622.50 |
| Dienna Ching | 385.00 | 337.10 | 129,783.50 |
| Shafiq Perry | 385.00 | 63.90 | 24,601.50 |
| Massimo Giugliano | 345.00 | 283.60 | 97,842.00 |
| Joshua Holt | 345.00 | 14.00 | 4,830.00 |
| Josh Joyce | 345.00 | 721.90 | 249,055.50 |
| Chang Jung | 345.00 | 68.10 | 23,494.50 |
| Andrew Kaspersen | 345.00 | 509.70 | 175,846.50 |
| Matthew Lischin | 345.00 | 553.50 | 190,957.50 |
| Sara Sherrod | 345.00 | 89.40 | 30,843.00 |
| Alex Siegal | 345.00 | 103.70 | 35,776.50 |
| Brendan Snowden | 345.00 | 46.00 | 15,870.00 |
| Heather Hiznay | 300.00 | 310.70 | 93,210.00 |
| Jasper Cacananta | 300.00 | 33.90 | 10,170.00 |
| Nicole Mazanitis | 300.00 | 211.90 | 63,570.00 |
| Mitch McGuffey | 300.00 | 641.50 | 192,450.00 |
| Gary Moy | 300.00 | 110.90[*] | 33,270.00 |
| Morgan Nighan | 300.00 | 69.30 | 20,790.00 |
| Shawna-Gay White | 300.00 | .10[*] | 30.00 |
| **TOTAL ASSOCIATES** | | **6,742.70** | **$2,669,375.50** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Neal Goodman | $  260.00 | 351.90 | $   91,494.00 |
| Georgia Faust | 230.00 | 33.50 | 7,705.00 |
| Katerina Mantell | 230.00 | 63.40 | 14,582.00 |

[*] The timekeeper provided services to the Debtors' estates totaling less than one hour (across all matter numbers) during at least one month of the Compensation Period.

9991595

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| Alejandro Montenegro | 230.00 | 3.80 | 874.00 |
| Jamie Ogilvie | 230.00 | 6.50 | 1,495.00 |
| Nicole Perkins | 230.00 | 596.00 | 137,080.00 |
| Martine Read | 230.00 | 2.00 | 460.00 |
| Susan Kindya-Culley | 220.00 | 304.30 | 66,946.00 |
| Stephanie Morales | 220.00 | 11.70 | 2,574.00 |
| Michael Malavarca | 200.00 | 229.50 | 45,900.00 |
| Patrick Romero | 175.00 | 199.80 | 34,965.00 |
| Javier Lopez | 175.00 | 42.50 | 7,437.50 |
| Boris Lamptey | 165.00 | 149.40 | 24,651.00 |
| **TOTAL PARAPROFESSIONALS** | | **1,994.30** | **$  436,163.50** |
| | | | |
| SUBTOTAL | | 10,791.90 | $4,718,559.00 |
| Less 100% discount where professionals spent less than one hour working on the Debtors' cases | | — | (540.00) |
| **TOTAL** | | **10,791.90** | **$4,718,019.00** |

-17-

9991595

## NON-BANKRUPTCY LITIGATION
## MATTER NO. 3900

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 6.50 | $    5,395.00 |
| Turner P. Smith | 830.00 | 7.00 | 5,810.00 |
| Daniel R. Lenihan | 785.00 | 1.20 | 942.00 |
| Andrew H. Seiden | 785.00 | 7.60 | 5,966.00 |
| **TOTAL PARTNERS** | | **22.30** | **$   18,113.00** |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | $   625.00 | 65.80 | $   41,125.00 |
| **TOTAL COUNSEL** | | **65.80** | **$   41,125.00** |
| | | | |
| **ASSOCIATES** | | | |
| Peter J. Behmke | $   550.00 | 3.10 | $    1,705.00 |
| Bradley H. Doline | 470.00 | 9.60 | 4,512.00 |
| Joseph F. Clyne | 450.00 | 2.00[*] | 900.00 |
| Julie Arkush | 425.00 | 125.30 | 53,252.50 |
| Nicholas James | 425.00 | 4.30 | 1,827.50 |
| Dienna Ching | 385.00 | 2.60 | 1,001.00 |
| Brian White | 385.00 | 3.00 | 1,155.00 |
| Gary Moy | 300.00 | 7.00 | 2,100.00 |
| **TOTAL ASSOCIATES** | | **156.90** | **$   66,453.00** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Neal Goodman | $   260.00 | 3.20 | $      832.00 |
| Georgia Faust | 230.00 | .70 | 161.00 |
| Nicole Perkins | 230.00 | .50 | 115.00 |
| Brianna Hill | 210.00 | 5.80 | 1,218.00 |
| Michael Malavarca | 200.00 | 3.50 | 700.00 |
| Patrick Romero | 175.00 | 2.50 | 437.50 |

[*] The timekeeper provided services to the Debtors' estates totaling less than one hour (across all matter numbers) during at least one month of the Compensation Period.

9991595

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **TOTAL PARAPROFESSIONALS** | | **16.20** | **$    3,463.50** |
| | | | |
| SUBTOTAL | | 261.20 | $  129,154.50 |
| Less 100% discount where professionals spent less than one hour working on the Debtors' cases | | — | (90.00) |
| **TOTAL** | | **261.20** | **$  129,064.50** |

9991595

**EXAMINER ISSUES**
**MATTER NO. 4000**

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | .40 | $      332.00 |
| **TOTAL PARTNERS** | | **.40** | **$      332.00** |
|  | | | |
| **ASSOCIATES** | | | |
| Timothy N. McCabe | $   590.00 | .20 | $      118.00 |
| **TOTAL ASSOCIATES** | | **.20** | **$      118.00** |
|  | | | |
| **TOTAL** | | **.60** | **$      450.00** |

-20-

## PROPRIETARY RETENTION/BILLING/FEE APPLICATIONS
## MATTER NO. 4500

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $ 830.00 | 15.00 | $ 12,450.00 |
| Steven J. Reisman | 830.00 | 11.80 | 9,794.00 |
| **TOTAL PARTNERS** | | **26.80** | **$ 22,244.00** |
| | | | |
| **ASSOCIATES** | | | |
| Cindi M. Giglio | $ 470.00 | 38.90 | $ 18,283.00 |
| Dienna Ching | 385.00 | 17.80 | 6,853.00 |
| Heather Hiznay | 300.00 | 37.30 | 11,190.00 |
| **TOTAL ASSOCIATES** | | **94.00** | **$ 36,326.00** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $ 230.00 | 367.00 | $ 84,410.00 |
| Katerina Mantell | 230.00 | 40.00 | 9,200.00 |
| Alejandro Montenegro | 230.00 | 2.00 | 460.00 |
| Martine Read | 230.00 | 11.30 | 2,599.00 |
| Stephanie Morales | 220.00 | 2.00 | 440.00 |
| **TOTAL PARAPROFESSIONALS** | | **422.30** | **$ 97,109.00** |
| | | | |
| SUBTOTAL | | 543.10 | $ 155,679.00 |
| Less Reduction[1] | | (323.30) | (87,307.00) |
| **TOTAL** | | 219.80 | $ 68,372.00 |

---

[1] Curtis is voluntarily reducing compensation requested under Matter No. 4500 for services provided in relation to the preparation of monthly fee statements.

9991595