**Hearing Date:  TBD**
**Objection Deadline: TBD**

Richard Sheldon
3-4 South Square
Gray's Inn
London, England
WC1R 5HP
Telephone:  (020) 7696-9900

Special U.K. Counsel for Official Committee of
Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :        Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :        08-13555 (JMP)
                                                             :
                                    Debtors.                 :        (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**COVER SHEET TO FOURTH APPLICATION OF RICHARD SHELDON, QUEEN'S COUNSEL, SPECIAL U.K. COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM OCTOBER 1, 2010 THROUGH AND INCLUDING MAY 31, 2011**

| | |
|---|---|
| Name of Applicant: | Richard Sheldon |
| Role in Case: | Special U.K. Counsel to Committee |
| Date of Retention: | June 23, 2009 |
| Period for Which Compensation and Reimbursement are Sought: | October 1, 2010 through and including May 31, 2011 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | £84,305.00 ($136,285.76) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | £0.00 ($0.00) |

Professionals Providing Services:

| Name | Year First Admitted to Practice | Hours Billed in Current Application | Hourly Rate | Total Fees Sought in Application (100%) |
|---|---|---|---|---|
| Richard Sheldon | 1979 | 129.7 | £650.00 | £84,305.00 ($136,285.76) |

Richard Sheldon
3-4 South Square
Gray's Inn
London, England
WC1R 5HP
Telephone:  (020) 7696-9900

Special U.K. Counsel for Official Committee of
Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :          Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :          08-13555 (JMP)
                                                             :
                              Debtors.                       :          (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**FOURTH APPLICATION OF RICHARD SHELDON, QUEEN'S COUNSEL,**
**SPECIAL U.K. COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS, FOR INTERIM APPROVAL AND ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING**
**PERIOD FROM OCTOBER 1, 2010 THROUGH AND INCLUDING MAY 31, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

   Richard Sheldon, Queen's Counsel ("Sheldon"), Special U.K. Counsel to the

Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors"), pursuant to sections 328(a) and 1103 of chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rules 2014,

2016(a), and 5002 of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule

2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules"), the Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases adopted by the Court on June 24, 1991 (as amended April 21, 1995 and November 25, 2009, the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation And Reimbursement Of Expenses of Professionals, dated April 14, 2011 (the "Interim Compensation Order") [Docket No. 15997], and the guidelines (the "Fee Committee Guidelines") contained in the Fee Committee Report Pertaining to the Fourth Interim Fee Applications of All Retained Professionals, dated August 20, 2010 (the "Fee Committee Report" and, together with all of the foregoing, the "Applicable Rules and Guidelines"), hereby submits his application (the "Application") for the allowance of interim compensation for professional services rendered from October 1, 2010 through and including May 31, 2011 (the "Fourth Interim Compensation Period"),[1] and for reimbursement of expenses incurred in connection with such services during the same period, and in support thereof respectfully represents as follows:

## I.

## INTRODUCTION

**A.    Background**

1.    Bankruptcy Filing.  On September 15, 2008 (the "Petition Date"), and periodically thereafter, the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for procedural purposes and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The

---

[1]    Given the *de minimis* amount of fees incurred during the period from October 1, 2010 through January 31, 2011, for the sake of efficiency, allowance of interim compensation therefor is sought in this Application.

Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Creditors' Committee.  On September 17, 2008, the United States Trustee appointed the Committee and authorized it to retain counsel.

3.      Fee Committee.  On May 26, 2009, the Court appointed a fee committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") in the Chapter 11 Cases.  On January 24, 2011, the Court approved the Fee Committee's recommendation to appoint Richard A. Gitlin as the successor Independent Member on the Fee Committee.  By motion dated March 11, 2011, the Fee Committee sought authorization to amend the Fee Protocol, which the Court granted on April 14, 2011 (the "Amended Fee Protocol") [Docket No. 15998].

4.      Jurisdiction.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code. Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit "A."

**B.      Retention of Sheldon and Billing History**

5.      Authorization for Sheldon's Retention.  On August 11, 2009, by issuing the Order Pursuant To 11 U.S.C. §§ 328(a) And 1103, Fed. R. Bankr. P. 2014, 2016(a), And 5002, And Local Rule 2014-1 Authorizing Retention And Employment Of Richard Sheldon, Queen's Counsel, For Limited Purposes, By The Official Committee Of Unsecured Creditors, *Nunc Pro Tunc* To June 23, 2009 (the "Retention Order"), the Court authorized Sheldon's

retention as Special U.K. Counsel for the Committee.  The Retention Order authorized Sheldon

to receive compensation pursuant to the Applicable Rules and Guidelines.

6.    <u>First Interim Fee Application</u>.  On April 14, 2010, Sheldon filed his First

Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official

Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation

For Services Rendered And For Reimbursement Of Expenses During Period From June 1, 2009

Through And Including January 31, 2010 [Docket No. 8327] (the "<u>First Interim Fee</u>

<u>Application</u>").  In the First Interim Fee Application, Sheldon requested (i) allowance of

compensation for professional services rendered during the period from June 1, 2009 through

and including January 31, 2010 (the "<u>First Interim Compensation Period</u>") in the total amount

of £84,435.00 ($134,985.04), and (ii) reimbursement of his actual and necessary expenses

incurred during the First Interim Compensation Period in the amount of £12.03 ($19.83).

Pursuant to the Interim Compensation Order, Sheldon has received payment in the amount of

£84,435.00 ($134,985.04) in respect of fees and expenses incurred under the First Interim Fee

Application, which payment applies in part to fees and expenses incurred during the First

Interim Compensation Period and in part to fees and expenses incurred during the Second

Interim Compensation Period (defined below).[2]  On December 23, 2010, the Court entered an

order granting the First Interim Fee Application [Docket No. 13657].

7.    <u>Second Interim Fee Application</u>.  On August 16, 2010, Sheldon filed his

Second Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official

---

[2]    Under the Second Interim Fee Application, Sheldon sought to apply, to payment in respect of fees and
expenses incurred during the Second Interim Compensation Period, £4,680.00 ($7,046.68) (the "<u>Applied</u>
<u>Fees</u>") of the amounts paid pursuant to the third fee statement for the period from October 6, 2009 through
and including February 19, 2010 (the "<u>Third Fee Statement</u>").  The Applied Fees represent 80% of fees
incurred (£5,850.00) and 100% of expenses (£0.00) for the period from February 1, 2010 through and
including February 19, 2010.  This Court provided interim approval of the Applied Fees pursuant to the
May 12, 2011 order approving the Second Interim Fee Application.

Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation

For Services Rendered And For Reimbursement Of Expenses During Period From February 1,

2010 Through And Including May 31, 2010 [Docket No. 10800] (the "Second Interim Fee

Application").  In the Second Interim Fee Application, Sheldon requested (i) allowance of

compensation for professional services rendered during the period from February 1, 2010

through and including May 31, 2010 (the "Second Interim Compensation Period") in the total

amount of £10,725.00 ($16,794.28).[3]  Pursuant to the Interim Compensation Order, Sheldon has

received payment in the amount of £10,725.00 ($16,794.28) (including the Applied Fees) in

respect of fees incurred during the Second Interim Compensation Period.  Sheldon did not incur

any expenses during the Second Interim Compensation Period.  On May 12, 2011, the Court

entered an order granting the Second Interim Fee Application [Docket No. 16979].

8.    Third Interim Fee Application.  On December 14, 2010, Sheldon filed his

Third Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official

Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation

For Services Rendered And For Reimbursement Of Expenses During Period From June 1, 2010

Through And Including September 30, 2010 [Docket No. 13492] (the "Third Interim Fee

Application").  In the Third Interim Fee Application, Sheldon requested (i) allowance of

compensation for professional services rendered during the period from June 1, 2010 through

and including September 30, 2010 (the "Third Interim Compensation Period") in the total

amount of £3,250.00 ($5,107.70).  Pursuant to the Interim Compensation Order, Sheldon has

received payment in the amount of £2,600.00 ($4,086.16) in respect of fees incurred during the

Third Interim Compensation Period.  Sheldon did not incur any expenses during the Third

---

[3]    This figure includes compensation requested pursuant to the Third Fee Statement and incurred during the
Second Interim Compensation Period, in the amount of £5,850.00 ($8,805.35).

Interim Compensation Period. No hearing has yet been scheduled with respect to the Third Interim Fee Application.

9.      Application. This Application is Sheldon's fourth interim application for approval and allowance of compensation and reimbursement of expenses. As authorized by the Interim Compensation Order, during the Fourth Interim Compensation Period, Sheldon submitted monthly fee statements to the Debtors and the other requisite notice parties, as follows:

(a)      On May 18, 2011, Sheldon served his sixth fee statement for the period from December 15, 2010 through and including April 14, 2011 (the "Sixth Fee Statement"). The Sixth Fee Statement sought[4] (i) interim allowance of £77,675.00 ($125,584.94) (100%) as compensation for services rendered, and (ii) payment of 80% of compensation requested, according to the procedures set forth in the Interim Compensation Order. Sheldon did not request reimbursement of any expenses. As of the date hereof, Sheldon has received a total of £60,669.23 ($98,090.01), which represents payment for approximately 78% of the fees incurred pursuant to the Sixth Fee Statement.

(b)      On July 14, 2011, Sheldon served his seventh fee statement for the period from May 18, 2011 through and including May 31, 2011 (the "Seventh Fee Statement"). The Seventh Fee Statement sought[5] (i) interim allowance of £6,630.00 ($10,700.82) (100%) as compensation for services rendered, and (ii) payment of 80% of compensation requested, according to the procedures set forth in the Interim Compensation Order. Sheldon did not request reimbursement of any expenses. As of the date hereof, Sheldon has received no payment with respect to the Seventh Fee Statement.

## II.

## APPLICATION

10.      By this Application, in accordance with the Retention Order, Sheldon submits the Application for approval and interim allowance of (a) £84,305.00 ($136,285.76) (100%) as compensation for the professional services rendered by him, as Special U.K. Counsel

---

[4]      The May 18, 2011 5:00 p.m. (ET) fixed rate of exchange published by Bloomberg in New York was 1.6168 U.S. dollars per British pound.

[5]      The July 14, 2011 5:00 p.m. (ET) fixed rate of exchange published by Bloomberg in New York was 1.6140 U.S. dollars per British pound.

for the Committee, during the Fourth Interim Compensation Period, and (b) reimbursement of

£0.00 ($0.00) (100%) of expenses incurred by him in connection with such services during the

Fourth Interim Compensation Period—for a total award of £84,305.00 ($136,285.76).[6]

11.     Sheldon rendered to the Committee all services for which compensation

is sought solely in connection with the Chapter 11 Cases, in furtherance of the duties and

functions of the Committee.

12.     As described above, Sheldon has received partial payment in respect of

fees incurred during the Fourth Interim Compensation Period.  Therefore, in addition to seeking

interim allowance of the amounts already paid, he seeks authorization for the Debtors to make a

total payment of £84,305.00 ($136,285.76) pursuant to this Application, which amount

represents the portion of Sheldon's fees for legal services rendered and expenses incurred

during the Fourth Interim Compensation Period that were not previously paid to him pursuant to

the Fee Statements.

13.     The fees sought by this Application reflect an aggregate of 129.7 hours of

attorney time spent and recorded in performing services for the Committee during the Fourth

Interim Compensation Period, at an hourly rate of £650.[7]

14.     Sheldon maintains computerized records of the time expended in the

rendering of the professional services required by the Committee.  These records are maintained

---

[6]     Sheldon reserves the right to apply for approval and allowance of additional compensation for services
        rendered, and reimbursement of expenses incurred but not billed during the Fourth Interim Compensation
        Period.  Sheldon also reserves the right to seek payment of any and all unpaid fees and expenses.  Pursuant
        to the Bankruptcy Court's December 21, 2010 Order Establishing Procedures For Monthly Compensation
        And Reimbursement Of Expenses Of Professionals (amending General Order M-388) ("General Order M-
        412"), all fee amounts for which approval is sought herein are set out in U.S. dollars, calculated as of the
        dates of their respective fee statements; accordingly, we have not re-calculated such amounts as of the date
        of this Application.

[7]     As only one attorney has performed all services for which compensation is sought, blended rates are
        inapplicable and not provided herein.

in the ordinary course of Sheldon's practice.  The compensation requested by Sheldon is based

on the customary compensation charged by comparably skilled practitioners in cases other than

cases under the Bankruptcy Code.

15.    Attached hereto as Exhibit "B" are time entry records broken down in

tenths of an hour, based on the U.S. Trustee Guidelines, setting forth a detailed description of

services performed by Sheldon on behalf of the Committee.[8]  For the convenience of the Court

and the parties in interest, these services are also summarized below.

16.    Sheldon also maintains computerized records of all expenses incurred in

connection with the performance of professional services.  A summary of the expenses for

which reimbursement is sought, including a detailed description of these expenses, is typically

attached hereto as Exhibit "C;" however, as no expenses were incurred during the Fourth

Interim Compensation Period, no summary of expenses is provided.

## III.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

17.    As Sheldon was retained for a limited purpose, specifically, in connection

with certain matters pending before the U.K. courts, his services have reasonably been allocated

to two billing categories in connection with these cases:

| | |
|---|---|
| 02100 | Intercompany Issues |
| 02500 | Derivatives/Swap Agreement Issues |

The following summary is intended only to highlight key services rendered by him during the

Fourth Interim Compensation Period on behalf of the Committee, and is not meant to be a

detailed description of all of the work performed.  Detailed descriptions of the services provided

---

[8]    Consistent with the Interim Compensation Order, these materials (and the records of expenses typically
attached as Exhibit "C" hereto) are not being filed with the Court, but copies thereof have been delivered
(as applicable) to: (i) the Court; (ii) the U.S. Trustee; (iii) the Debtors; (iv) counsel for the Debtors; and (v)
the members of the Fee Committee.

by Sheldon and the time expended performing such services are set forth in Exhibit "B" hereto.

18.     During the Fourth Compensation Period, Sheldon advised the Committee with respect to English law, including but not limited to potential claims and defenses relevant to the following agreements and proceedings (the "U.K. Proceedings") in the U.K. High Court of Justice, Chancery Division (the "High Court"): (i) the effect of insolvency set-off on the intercompany agreement, dated as of November 1, 2000, between LBHI and Lehman Brothers International (Europe) ("LBIE") pursuant to which LBIE purported to assign to LBHI its receivables against Lehman Brothers Inc.; and (ii) Lehman Brothers Special Financing Inc.'s appeal from the judgments of the High Court and the U.K. Court of Appeal (Civil Division) in Belmont Park Investments Pty Limited v. BNY Corporate Trustee Services Limited and Lehman Brothers Special Financing Inc. concerning "flip clauses" designed to reorder payment priorities in bankruptcies. Sheldon monitored developments in the U.K. Proceedings and coordinated with and advised other Committee professionals with respect to issues arising in these proceedings. Additionally, Sheldon reviewed and analyzed documents related to these proceedings.

19.     The professional services rendered by Sheldon have required a high degree of professional competence and expertise to address, with skill and dispatch, the complex issues requiring evaluation and action during the pendency of the U.K. Proceedings. Sheldon respectfully submits that the services rendered by him to the Committee were necessary and appropriate in connection with the administration of the Chapter 11 Cases, were performed efficiently, effectively, and economically, and that the results obtained to date have benefited the unsecured creditors of the Debtors' estates. Compensation for the services

performed, as requested, is commensurate with the complexity, importance and nature of the

problems, issues, or tasks involved.

## IV.

## ALLOWANCE OF COMPENSATION

20.     The allowance of interim compensation for services rendered and

reimbursement of expenses in bankruptcy cases is expressly provided for in section 331 of the

Bankruptcy Code:[9]

> Any professional person . . . may apply to the court not more than once
> every 120 days after an order for relief in a case under this title, or more
> often if the court permits, for such compensation for services rendered . . .
> as is provided under section 330 of this title.

11 U.S.C. § 331.

21.     With respect to the level of compensation, section 330(a)(1)(A) of the

Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person,

"reasonable compensation for actual, necessary services rendered."   Section 330(a)(3), in turn,

provides that:

> In determining the amount of reasonable compensation to be awarded to
> . . . [a] professional person, the court shall consider the nature, the extent,
> and the value of such services, taking into account all relevant factors,
> including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or
>         beneficial at the time which the service was rendered toward the
>         completion of, a case under this title;

---

[9]     While Sheldon was retained pursuant to Bankruptcy Code sections 328(a) and 1103, the Retention Order
provides that he is to be compensated in accordance with Bankruptcy Code sections 330 and 331.

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

    (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22.    In the instant case, Sheldon respectfully submits that the services for which he seeks compensation in this Application were necessary for, and beneficial to, the functioning of the Committee and the unsecured creditors of the Debtors' estates, and were consistently performed in a timely manner, commensurate with the complexity, importance, and nature of the issues involved.  The total time spent by Sheldon during the Fourth Interim Compensation Period was 129.7 hours, which has a fair market value of £84,305.00 ($136,285.76).  Whenever possible, Sheldon sought to minimize the costs of his services to the Committee by performing the work more efficiently and by minimizing disbursements.

## V.

## **EXPENSES**

23.    Sheldon has incurred a total of £0.00 ($0.00) in expenses in connection with representing the Committee during the Fourth Interim Compensation Period.  As no expenses were incurred, no summary or detailed description thereof is provided.  Throughout the Fourth Interim Compensation Period, Richard Sheldon has been keenly aware of cost considerations and has tried to minimize the expenses charged to the Debtors' estates.

## VI.

## <u>NOTICE</u>

24.    Notice of this Application has been given to (a) the Court, (b) the

Debtors, (c) counsel for the Debtors, (d) the Office of the United States Trustee, and (e) the

members of the Fee Committee.

## VII.

## <u>CONCLUSION</u>

WHEREFORE, Sheldon respectfully requests the Court enter an order

conforming to the amounts set forth in Fee Schedule A(1), attached hereto as Exhibit "D,"

(i) allowing him (a) interim compensation for 100% of professional services rendered as Special

U.K. Counsel to the Committee during the Fourth Interim Compensation Period in the amount of

£84,305.00 ($136,285.76) and (b) reimbursement of 100% of expenses incurred in connection

with rendering such services in the amount of £0.00 ($0.00), for a total award of £84,305.00

($136,285.76); (ii) authorizing and directing the Debtors to pay to Sheldon £84,305.00

($136,285.76); and (iii) granting such further relief as is just.

Dated: London, England
        August 15, 2011


By: /s/ Richard Sheldon
Richard Sheldon
3-4 South Square
Gray's Inn
London, England
WC1R 5HP
Telephone:  (020) 7696-9900

Special U.K. Counsel for Official Committee
of Unsecured Creditors of Lehman Brothers
Holdings Inc., <u>et al.</u>

## EXHIBIT A

**Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                             :
In re:                                                       :          Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>,  :          08-13555 (JMP)
                                                             :
                          Debtors.                           :          (Jointly Administered)
                                                             :
------------------------------------------------------------- x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF FOURTH APPLICATION OF
RICHARD SHELDON, QUEEN'S COUNSEL, SPECIAL U.K. COUNSEL TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD
<u>FROM OCTOBER 1, 2010 THROUGH AND INCLUDING MAY 31, 2011</u>**

Pursuant to the Guidelines for Fees and Disbursements for Professionals in Southern

District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and amended

April 21, 1995 and November 25, 2009 (together, the "<u>Local Guidelines</u>"), and the United States

Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>U.S. Trustee</u>

<u>Guidelines</u>" and, together with the Local Guidelines, the "<u>Guidelines</u>"), the undersigned, Richard

Sheldon, Queen's Counsel ("<u>Richard Sheldon</u>"), special U.K. counsel to the Official Committee

of Unsecured Creditors (the "<u>Committee</u>") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), hereby certifies

with respect to his fourth application for allowance of compensation for services rendered and

for reimbursement of expenses, dated August 15, 2011 (the "<u>Fourth Interim Fee Application</u>"),

for the period of October 1, 2010 through and including May 31, 2011 (the "<u>Fourth Interim</u>

<u>Compensation Period</u>") as follows:

1.      I am the designated professional in respect of compliance with the Guidelines.

2.      I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Fourth Interim Compensation Period, in accordance with the Local Guidelines.

3.      In respect of section A.1 of the Local Guidelines, I certify that:

   a.      I have read the Application.

   b.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

   c.      Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by me and generally accepted by my clients.

   d.      In providing a reimbursable service, I do not make a profit on that service, whether the service is performed by me in-house or through a third party.

4.      In respect of section A.2 of the Local Guidelines, I certify that I have provided statements of fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Interim Compensation Order (as defined in the Fourth Interim Fee Application), except that the intermittent nature of requested services has at times precluded filing fee statements within the time periods established in the Interim Compensation Order.

5.      In respect of section A.3 of the Local Guidelines, I certify that copies of the Fourth Interim Fee Application are being provided to (a) the Court, (b) the Debtors, (c)

counsel for the Debtors, (d) the Office of the United States Trustee, and (e) the members of the

Fee Committee.

6.       I certify that the Fourth Interim Fee Application for interim compensation

and reimbursement of expenses for the Fourth Interim Compensation Period has been prepared

in accordance with the Applicable Rules and Guidelines (as defined in the Fourth Interim Fee

Application).

Dated:        London, England
              August 15, 2011


                              By: /s/ Richard Sheldon
                              Richard Sheldon

## EXHIBIT B

**Time Entries**[*]

---

[*] Consistent with the Interim Compensation Order, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the U.S. Trustee; (iii) the Debtors; (iv) counsel for the Debtors; and (v) the members of the Fee Committee.

## EXHIBIT C

## Expenses[*]

---

[*]    Consistent with the Interim Compensation Order, as no expenses were incurred during the Fourth Interim Compensation Period, no summary of expenses has been provided.

## **EXHIBIT D**

Fee Schedule A(1)

CASE NO.:  08-13555 (JMP) (Jointly Administered)

CASE NAME:  SPECIAL U.K. COUNSEL TO OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., et al.

| FIRST INTERIM FEE PERIOD* JUNE 1, 2009 – JANUARY 31, 2010 | | | | | | | |
|---|---|---|---|---|---|---|---|
| APPLICANT | DATE/DOCKET NO. OF APPLICATION | FEES REQUESTED | FEES ALLOWED (INCLUDING FEES HELD BACK) | FEES HELD BACK | FEES PAYABLE BY DEBTOR | EXPENSES REQUESTED | EXPENSES ALLOWED |
| Richard Sheldon | 4/14/2010 Docket No. 8327 | £84,435.00 ($134,985.04) | £84,435.00 ($134,985.04) | £16,887.00 ($26,997.01) | £16,887.00 ($26,997.01) | £12.03 ($19.83) | £12.03 ($19.83) |

| SECOND INTERIM FEE PERIOD* FEBRUARY 1, 2010 – MAY 31, 2010 | | | | | | | |
|---|---|---|---|---|---|---|---|
| APPLICANT | DATE/DOCKET NO. OF APPLICATION | FEES REQUESTED | FEES ALLOWED (INCLUDING FEES HELD BACK) | FEES HELD BACK | FEES PAYABLE BY DEBTOR | EXPENSES REQUESTED | EXPENSES ALLOWED |
| Richard Sheldon | 8/16/2010 Docket No. 10800 | £10,725.00 ($16,442.11) | £10,725.00 ($16,442.11) | £2,145.00 ($3,288.41) | £2,145.00 ($3,288.41) | £0.00 ($0.00) | £0.00 ($0.00) |

---

\* The U.S. dollar figures herein reflect, in aggregate, conversion based upon the applicable exchange rate in the Fee Statements, which is consistent with the Interim Compensation Order and its requirement that amounts requested in a monthly fee statement be paid following a fifteen-day period.

| THIRD INTERIM FEE PERIOD* JUNE 1, 2010 – SEPTEMBER 30, 2010 | | | | | | | |
|---|---|---|---|---|---|---|---|
| APPLICANT | DATE/DOCKET NO. OF APPLICATION | FEES REQUESTED | FEES ALLOWED (INCLUDING FEES HELD BACK) | FEES HELD BACK | FEES PAYABLE BY DEBTOR | EXPENSES REQUESTED | EXPENSES ALLOWED |
| Richard Sheldon | 12/14/2010 Docket No. 13492 | £3,250.00 ($5,107.70) | — | £650.00 ($1,021.54) | — | £0.00 ($0.00) | — |

| FOURTH INTERIM FEE PERIOD* OCTOBER 1, 2010 – MAY 31, 2011 | | | | | | | |
|---|---|---|---|---|---|---|---|
| APPLICANT | DATE/DOCKET NO. OF APPLICATION | FEES REQUESTED | FEES ALLOWED (INCLUDING FEES HELD BACK) | FEES HELD BACK | FEES PAYABLE BY DEBTOR | EXPENSES REQUESTED | EXPENSES ALLOWED |
| Richard Sheldon | 8/15/2011 Docket No. _____ | £84,305.00 ($136,285.76) | — | £16,861.00 ($27,257.15) | — | £0.00 ($0.00) | — |

---

*   The U.S. dollar figures herein reflect, in aggregate, conversion based upon the applicable exchange rate in the Fee Statements, which is consistent with the Interim Compensation Order and its requirement that amounts requested in a monthly fee statement be paid following a fifteen-day period.