**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Special Counsel for
Lehman Brothers Holdings Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :     Chapter 11 Case
                                          :     No. 08-13555 (JMP)
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     JOINTLY ADMINISTERED
                                          :
                        Debtors.          :
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## APPLICATION OF
## WINDELS MARX LANE & MITTENDORF, LLP,
## FOR AN INTERIM AWARD OF COMPENSATION AND
## REIMBURSEMENT OF EXPENSES FOR THE PERIOD
## FEBRUARY 1, 2011 THROUGH MAY 31, 2011


| | |
|---|---|
| Fees Sought as Actual, Reasonable and Necessary: | $353,410.50 |
| Expenses Sought as Actual, Reasonable and Necessary: | $4,182.95 |
| | |
| Aggregate Amount Paid for the Period: | $286,911.35 |
| Fees Held Back for the Period: | $70,682.10 |
| | |
| Total Amount Sought for Approval: | $357,593.45 |

| Name of Professional | Year Admitted | Hours Engaged During Period | Rate(s) | Total | Fees Charged for Similar Work in Bankruptcy Matter and Percentage Received | | Time Records Submitted |
|---|---|---|---|---|---|---|---|
| **Partner** | | | | | | | |
| David L. Glanz | 1980 | 1.50 | $515 | $772.50 | Same | 100% | Yes |
| William C. Cagney | 1977 | 0.40 | $480 | $192.00 | Same | 100% | Yes |
| Alan J. Landzberg | 1978 | 0.40 | $525 | $210.00 | Same | 100% | Yes |
| Alan Nisselson | 1977 | 0.90 | $635 | $571.50 | Same | 100% | Yes |
| Mark A. Slama | 1987 | 115.30 | $480 | $55,344.00 | Same | 100% | Yes |
| Robert A. Rossi | 1989 | 90.10 | $560 | $50,456.00 | Same | 100% | Yes |
| John Holden | 1997 | 68.10 | $445 | $30,304.50 | Same | 100% | Yes |
| Edward E Shea | 1961 | 1.40 | $535 | $749.00 | Same | 100% | Yes |
| Wayne S. Cook, Jr. | 1999 | 86.10 | $450 | $38,745.00 | Same | 100% | Yes |
| **Special Counsel** | | | | | Same | 100% | Yes |
| Clifford H. Stein | 1981 | 12.40 | $475 | $5,890.00 | Same | 100% | Yes |
| Deborah H. Bindler | 1981 | 55.90 | $450 | $25,155.00 | Same | 100% | Yes |
| Thomas A. Banahan | 1980 | 34.20 | $515 | $17,613.00 | Same | 100% | Yes |
| **Associate** | | | | | Same | 100% | Yes |
| Carrie E. Foote | 2002 | 102.70 | $380 | $39,026.00 | Same | 100% | Yes |
| Christina J. Sorbera | 2007 | 23.90 | $280 | $6,692.00 | Same | 100% | Yes |
| Derek Etheridge | 2004 | 4.90 | $360 | $1,764.00 | Same | 100% | Yes |
| James Tracy | 2007 | 0.60 | $320 | $192.00 | Same | 100% | Yes |
| Kaylie S. Lotzof | 2010 | 0.50 | $270 | $135.00 | Same | 100% | Yes |
| Richard Zoffinger | 2001 | 52.10 | $390 | $20,319.00 | Same | 100% | Yes |
| Samuel Mizrahi | 1993 | 75.00 | $395 | $29,625.00 | Same | 100% | Yes |
| Seth R. Hoffman | 2004 | 29.90 | $350 | $10,465.00 | Same | 100% | Yes |
| Robert G. Wilk | 1985 | 4.70 | $390 | $1,833.00 | Same | 100% | Yes |
| **Legal Assistants/Law Clerks** | | | | | | | |
| Anna Cote | | 3.60 | $250 | $900.00 | Same | 100% | Yes |
| Joel L. Solomon | | 2.20 | $235 | $517.00 | Same | 100% | Yes |
| Lana Dubiago | | 18.10 | $190 | $3,439.00 | Same | 100% | Yes |
| Michael Hudson | | 3.30 | $195 | $643.50 | Same | 100% | Yes |
| Paul Goldsmith | | 52.70 | $225 | $11,857.50 | Same | 100% | Yes |
| Total | | 840.90 | | $353,410.50 | | | |
| Blended hourly rate: | | | $420 | | | | |

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Special Counsel for
Lehman Brothers Holdings Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  | : |  |
|---|---|---|
| In re: | : | Chapter 11 Case<br>No. 08-13555 (JMP) |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | <u>JOINTLY ADMINISTERED</u> |
|  | : |  |
| Debtors. | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## APPLICATION OF
## WINDELS MARX LANE & MITTENDORF, LLP,
## FOR AN INTERIM AWARD OF COMPENSATION AND
## REIMBURSEMENT OF EXPENSES FOR THE PERIOD
## <u>FEBRUARY 1, 2011 THROUGH MAY 31, 2011</u>

TO:   **HONORABLE JAMES M. PECK,**
      **UNITED STATES BANKRUPTCY JUDGE**

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or "Applicant"), special

counsel to Lehman Brothers Holdings Inc., ("LBHI") and its affiliated debtors in the above

referenced chapter 11 cases, (collectively referred to as "Lehman" or the "Debtors"), makes this

Application pursuant to sections 330(a) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines"), General Order M-151, Amended Guidelines for Fees and Disbursements for

Professionals in the Southern District of New York Bankruptcy Cases (the "Local Guidelines"),

and the *Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and*

*Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and*

*Reimbursement of Expenses of Professionals* (the "Interim Compensation Order"), for an

allowance and approval of compensation for professional services rendered to the Debtors (the

"Application") in the amount of $353,410.50 incurred during the period February 1, 2011

through May 31, 2011 (the "Period"), reimbursement of disbursements incurred during the

Period in the amount of $4,182.95, and release of holdbacks in the amount of $70,682.10 for a

total award of compensation and reimbursement of disbursements of $357,593.45.

## BACKGROUND

1.      On September 15, 2008 and periodically thereafter (the "Commencement Date"),

LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the Bankruptcy

Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and

are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors

are authorized to operate their businesses and manage their properties as debtors-in-possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant

to section 1102 of the Bankruptcy Code (the "Creditors Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities

Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc., ("LBI"). A

trustee appointed under SIPA is administering LBI's estate. On January 19, 2009, the U.S.

Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

### Jurisdiction and Venue

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

5.    Pursuant to this Application, Windels Marx hereby seeks allowance of the following: (a) compensation for professional services rendered during the Period in the aggregate amount of $353,410.50; and (b) reimbursement of expenses incurred in connection with such services in the aggregate amount of $4,182.95.

6.    During the Period, Windels Marx attorneys and paraprofessionals expended a total of 840.90 hours for which compensation is requested.

7.    Prefixed to this Application is the cover sheet required by the UST Guidelines, which includes a schedule setting forth the names of all Windels Marx professionals and paraprofessionals who have performed services for which compensation is sought, the person's position in the firm, and the year each attorney was first admitted to practice law.  In addition, the schedule sets forth for each person (a) the hourly rate(s) during the Period, (b) the total hours billed for which compensation is sought, and (c) the total compensation for such hours.

### Windels Marx's Retention

8.    Windels Marx is a full service law firm with a broad-based general legal practice centering on corporate, banking, litigation, real estate and other major business practice areas. The Debtors originally retained Windels Marx in 1993 to provide ongoing advice to the company

in connection with various real estate transactions. Windels Marx has continued to provide these services to the Debtors up to and through the Commencement Date.

9.      On October 13, 2008, the Debtors' filed a motion (the "Ordinary Course Professional Motion") seeking authorization pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, to retain, *nunc pro tunc* to the Commencement Date, professionals utilized in the ordinary course of business (the "Ordinary Course Professionals") without the submission of separate retention applications and the issuance of separate retention orders for each individual professional. Windels Marx was originally designated as an Ordinary Course Professional by Order dated November 5, 2008 (the "Ordinary Course Professional Order").

10.      On August 14, 2009, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ Windels Marx as Special Counsel to the Debtors, nunc pro tunc to the Engagement Date[1] (the "Retention Application) due to the existence of a $1 million annual compensation cap for Ordinary Course Professionals that Windels Marx was in danger of exceeding.

11.      On August 25, 2009, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Windels Marx as Special Counsel to the Debtors, nunc pro tunc to the Engagement Date (the "Retention Order"), a copy of which is annexed hereto as Exhibit "A".

12.      On June 25, 2009, the Court entered the Interim Compensation Order, which superseded the second amended order dated March 13, 2009 in its entirety. Pursuant to the

---

[1] The Engagement Date is a defined term incorporated herein by reference to the Application of the Debtors Pursuant to sections 327(e) and 328 (a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Windels Marx Lane & Mittendorf, LLP, as Special Counsel to the Debtors, Nunc Pro Tunc to the Engagement Date, filed on August 14, 2009.

Interim Compensation Order, the Court established procedures for the Debtors' payment of

interim compensation and reimbursement of expenses of professionals retained in these chapter

11 cases.

**Services Rendered By Windels Marx**
**During The Interim Period**

13.      This Application is made by Windels Marx for an allowance of fair and

reasonable compensation for professional services rendered by it on behalf of the Debtors during

the Period, consistent with the results achieved, the time, labor and expertise brought to bear on

the problems presented and other related factors and for reimbursement of actual and necessary

out-of-pocket expenses incurred in the rendition of such professional services during the Period.

The amounts sought for compensation for professional services are at the hourly rates

customarily charged by Windels Marx for legal services rendered by the respective professional

or paraprofessional and are reasonable and customary for firms of Windels Marx's size and

expertise in the New York City and Metropolitan areas.

14.      For the convenience of this Court, and in accordance with the UST Guidelines, a

summary of the total hours worked during the Period by each professional and paraprofessional

for whose services compensation is being sought, together with a recitation of the hourly billing

rate for each person and the total compensation sought for each person's services in each

individual matter, is annexed hereto as Exhibit "B".

15.      Windels Marx regularly maintains records of time expended in the rendition of all

professional services and records of costs and expenses incurred on behalf of the Debtors.  These

records were made substantially concurrent with the rendition of the professional services.  All

such records are available for inspection.  (A copy of the time records, in chronological order and

segregated by individual matter, relating to Windels Marx's representation of the Debtors during the Period, is annexed hereto as Exhibits "C").

16.    Windels Marx has opened a file bearing a separate client number for the Debtors. The Debtors' client number is 303694. All time and disbursements are billed to independent matters within the general client number. The following is a summary description of the services rendered by Windels Marx in each of the following matters on behalf of the Debtors during the Period:

## WSG Hollywood - 2016

17.    Applicant represented LBHI in connection with a first mortgage on a property in Hollywood Florida. Applicant examined the status of the asset and reviewed possible courses of

## 350 West Broadway Construction Loan - 2088

18.    Applicant advised LBHI regarding the possible foreclosure of an existing mortgage loan and the drafting of a pre-negotiation agreement and protective advance correspondence.   In addition, Applicant prepared final closing CD for mortgage loan.

## Bankruptcy – 2179

19.    Applicant uses this matter number to record time charges incurred in connection with the preparation of Windels Marx's fee applications, reviewing documents filed in LBHI's chapter 11 case that are relevant to Windels Marx's representation of the Debtor and conferring with Debtor's counsel regarding issues connected to the bankruptcy case.

## Monument Issues - 2181

20.    This matter involves the potential workout of nearly twenty (20) different projects in which LBHI holds either equity or debt in various projects in the Washington, DC/Virginia region. Representation involves an omnibus term sheet and a pre-negotiation agreement and other ancillary matters related thereto. Representation also includes a modification of a line of

credit from LBHI to borrower and a restructure of the overall relationships between LBHI and borrower.

## Moonlight Basin Enforcement - 2184

21.    Applicant represented LBHI in the negotiation of a forbearance agreement for an existing mortgage on developed real property located in Montana and a related mezzanine facility and ancillary matters related thereto. Applicant prepared for eventual foreclosure proceedings, including commencement of drafting foreclosure papers and coordination with local counsel.

## Hudson Yards - 2185

22.    Applicant represented LBHI in possible foreclosure of existing mortgage loan and drafting of pre-negotiation agreement and protective advance correspondence.    Applicant participated in conferences with LBHI in connection with finalization of pre-negotiation agreement.

## 25/45 Broad Street - 2192

23.    Applicant represented Lehman in enforcement action to recover Lehman's loans at (A) 25 Broad Street, New York, New York, consisting of (i) $100 million in mezzanine loans, and (ii) $278 million in mortgage loans apportioned among a senior acquisition mortgage loan, a building loan and a project loan, and (B) at 45 Broad Street, New York, New York, consisting of (i) a $37,705,711 first mortgage loan, and (ii) $11,467,283 second mortgage loan.    Two separate foreclosure actions were commenced in New York State Supreme Court in February 2009, to foreclose on the mortgages encumbering both properties.

## Northgate Foreclosure – 2203

24.    Applicant represented LBHI in a foreclosure action on real property situated in Prince George County, Maryland. Applicant prepared foreclosure papers in coordination with

local counsel and participated in numerous conference calls with LBHI, borrower and local counsel.

## Lyon Issues - 2205

25.    Applicant reviewed certain loan documents between Debtor and Lyon in connection with possible cross defaults thereunder.  Applicant also prepared extension of the terms of loan on the LaCraw transaction.   Applicant also prepared and negotiated amendment to co-lender agreement governing one loan in the portfolio.  Applicant participated in numerous conference calls with LBHI, borrower and co-lender.

## On the Avenue - 2207

26.    Applicant represented LBHI in connection with the exercise by LBHI of its remedies as lender.  Applicant provided advice to LBHI regarding such remedies and participated in conference calls with LBHI and Trimont.

## Sweetwater – 303694/2211

27.    Applicant represented LBHI in the review of pleadings and various matters related to a dispute between the insuring title company, the local municipality and LBHI's equity partner concerning a boundary dispute.

## Riande Loan Sale – 303694/2228

28.    Applicant represented LBHI in connection with conducting an auction and the subsequent sale of a mezzanine loan held by applicant.

## 215 Brazilian Loan Sale – 303694/2236

29.    Applicant represented LBHI in connection with the sale of loan held by applicant.

## St. Sophia  – 303694/2245

30.    Applicant represented LBHI in connection with joint venture on REO property in Telluride Colorado.

## Services

31.    Professional services rendered by Windels Marx have necessarily been time consuming. However, all of the services for which compensation has been requested were rendered in connection with the performance by Windels Marx of the duties prescribed for it under the Retention Order and as real estate counsel for the Debtors.

32.    Windels Marx believes that the award of compensation requested in the within Application is fair and reasonable. Windels Marx requests that this Court award all fees sought in the within Application at Windels Marx's normal hourly rates, the total value of which is $353,410.50.[2]

## Disbursements

33.    Windels Marx is also requesting reimbursement of actual and necessary expenses incurred on behalf of the Debtors during the Period in the amount of $4,182.95 as well as the release of fees subject to a holdback in accordance with the Interim Compensation Order in the amount of $70,682.10. The total amount of compensation for legal services rendered, reimbursement of disbursements and fees subject to a holdback totals $357,593.45.

## Standards For Allowance Of Compensation

34.    Windels Marx submits that for the reasons set forth in detail above, the professional services rendered by Windels Marx on behalf of the Debtors during the Period were necessary and reasonable.

35.    Section 330 of the Bankruptcy Code authorizes compensation for reimbursement of expenses of professionals in cases arising under the Bankruptcy Code and provides, in pertinent part, as follows:

---

[2] This amount reflects fees paid in accordance with the Interim Compensation Order coupled with fees that were subject to a holdback.

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to… a professional person employed under section 327 or 1103 –

(A)    reasonable compensation for actual, necessary services rendered by…professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses.

(2)  The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

(3)  In determining the amount of reasonable compensation to be awarded to…professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)  the time spent on such services;

(B)  the rates charged for such services;

(C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A)  Except as provided in subparagraph (B), the court shall not allow compensation for --
(i) unnecessary duplication of services; or

      (ii) services that were not --

        (I) reasonably likely to benefit the Debtors' estate;

or

        (II) necessary to the administration of the case.

11 U.S.C. §330(a).

   36.  In considering an application for compensation made by a professional, the initial

inquiry is whether the services for which compensation are sought were necessary. *See, e.g., In*

*re Keene Corp.*, 205 B.R. 690, 696 (S.D.N.Y. 1997); *In re Harshbarger*, 205 B.R. 109 (S.D.

Ohio 1996); *In re Lederman Enterprises, Inc.*, 997 F.2d 1321 (10th Cir. 1993); *In re*

*International Coins & Currency, Inc.*, 22 B.R. 127 (D. Vt. 1982). The term "necessary services"

has been interpreted by the majority of courts, including this Court, to signify services that

resulted in a benefit to the estate. *In re Lederman Enterprises, Inc.*, 997 F.2d 1321, 1323 (10th

Cir. 1993); *In re Keene Corp.*, 205 B.R. at 696; *In re Engel*, 190 B.R. 206, 209 (Bankr. D.N.Y.

1995). Services "reasonably likely to benefit the Debtors' estate, are compensable." Section

330(a)(4)(A); *In re JLM, Inc.*, 210 B.R. 19 (BAP 2d Cir. 1997); *see also In re Keene Corp.*, 205

B.R. at 696, quoting *3 Collier on Bankruptcy*, ¶330.03[3], at 330-26 (the services at issue must at

least provide the estate with "an opportunity commensurate with cost" to be compensable).

   37.  In calculating whether the fees sought are reasonable, Courts determine the

lodestar amount. *See, Pennsylvania v. Delaware Valley Citizen's Council For Clean Air,* 483

U.S. 711, at 725-26 (1987); *In re United States Football League v. National Football League*,

887 F. 2d 408, 413 (2d Cir. 1989), cert. denied 493 U.S. 1071 (1990); *In re Drexel Burnham*

*Lambert Group, Inc.*, 133 B.R. 13, 22 (Bankr. S.D.N.Y. 1991) ("It is now well settled that the

'lodestar' method of fee calculation . . . is the method to be used to determine a 'reasonable'

attorney fee in all the federal courts, including the bankruptcy courts."); *In the Matter of Cena's*

*Fine Furniture, Inc.,* 109 B.R. 575, 581 (E.D.N.Y. 1990). The lodestar amount represents "the number of hours reasonably worked on a case multiplied by a reasonable hourly rate." *Wells v. Bowen,* 855 F.2d 37, 43 (2d Cir. 1988).

38.     In determining the proper allowance of compensation for professionals, a court generally looks to the (a) time and labor required, (b) novelty and difficulty of questions involved, (c) requisite skills, (d) customary fee, (e) whether fee is fixed or contingent, (f) results obtained, (g) nature and length of professional relationship, (h) awards in similar cases, and (i) professional standing, ability and expertise of the law firm. *See, e.g., In the Matter of Cena's Fine Furniture, Inc.,* 109 B.R. 575, 580-581 (E.D.N.Y. 1990); *In re Wonder Corp. of America,* 82 B.R. 186, 191 (D. Conn. 1988).

(a)     Time and Labor Required.

The time and labor required to represent the Debtors during the Period has been significant. The matters handled by Windels Marx and the efforts undertaken by Windels Marx in the representation of the Debtors are fully set forth above and in the time entries annexed hereto.

(b)     Skills Requisite to Perform Legal Services,
        Experience, Reputation and Ability of Windels Marx.

Windels Marx believes that its expertise in the areas of real estate and transactional analysis has substantially contributed to results achieved.

(c)     The Customary Fee.

Windels Marx submits that the fee it seeks is not unusual given the size and complexity of Debtors' business, the benefits conferred on the Debtors' estates, the time expended and is commensurate with what other attorneys of comparable experience and expertise charge on a regular basis.

(d)    Whether Fee is Fixed or Contingent.

Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under section 327 of the Code are contingent upon approval by the Court.

(e)    Results Obtained.

Windels Marx consistently achieves results that the Debtors find favorable and continue to work toward that end.

(f)    Nature and Length of Professional Relationship.

Windels Marx has counseled, advised and represented the Debtors from their retention in 1993 through the current date.

(g)    Awards in Similar Cases.

Comparable firms have been awarded fees in numerous chapter 11 cases under the Bankruptcy Code by this and other bankruptcy courts predicated upon the same criteria and resulting in awards comparable to that now requested.

(h)    Professional Standing, Ability and Expertise of
        Windels Marx Attorneys.

A)    James J. Thomas - James J. Thomas is a Partner at Windels Marx and is a member of the Firm's Real Estate Practice Group. Mr. Thomas' practice focuses on capital markets financing and equity investments.

B)    Robert A. Rossi - Robert A. Rossi is a Partner at Windels Marx and is a member of several Practice Groups, including Real Estate; Corporate & Securities; Financial Transactions and International.  Mr. Rossi focuses on joint ventures, real estate transactions and mergers and acquisitions.  Mr. Rossi regularly represents both institutional clients and closely held entities in real estate, corporate and securities transactions.

39.    As Windels Marx's time records reflect, where practicable, associate attorneys were used in the representation of the Debtors. Those associate attorneys had varying levels of experience and were assigned to handle specific tasks on the basis of that experience.

### Statements of Windels Marx Pursuant to Bankruptcy Rule 2016(a)

40.    Pursuant to the Interim Compensation Order, Windels Marx has submitted its Monthly Statements to (i) the Debtors, (ii) counsel to the Debtors, Weil, Gotshal & Manges, LLP, (iii) counsel to the official committee of unsecured creditors (the "Committee"), Milbank, Tweed, Hadley & McCloy LLP, (iv) the U.S. Trustee, and (v) Chairperson of the Fee Committee (as per order of the Court on January 24, 2010), Godfrey & Kahn, with respect to the Period during the Debtors' chapter 11 cases, as follows: (a) from February 1, 2011 through February 28, 2011 – fees of $126,566.00 and expenses of $642.62; (b) from March 1, 2011 through March 31, 2011 – fees of $97,753.50 and expenses of $1,434.33; (c) from April 1, 2011 through April 30, 2011 – fees of $67,976.50 and expenses of $1,476.30; and (d) from May 1, 2011 through May 31, 2011 – fees of $61,114.50 and expenses of $629.70.

41.    In accordance with paragraph (e) of the Interim Compensation Procedures (as defined in the Interim Compensation Order), Windels Marx has received 80% of the fees requested in each Monthly Statement totaling $282,728.40 and $100% of the expenses identified in each Monthly Statements totaling $4,182.95 in expenses to date.

42.    The amount of fees accrued during the Period that have yet to be paid represents the 20% holdback required under the Interim Compensation Order. Windels Marx hereby requests the release and payment of all fees subject to a holdback for the Period in the amount of $70,682.10.


### [INTENTIONALLY LEFT BLANK]

WHEREFORE, Windels Marx Lane & Mittendorf, LLP requests that an order be entered providing for an allowance and approval of (i) compensation for professional services rendered by Windels Marx as attorneys for the Debtor, in the amount of $282,728.40, plus reimbursement of actual and necessary disbursements in the amount of $4,182.95 and a release of holdbacks in the amount of $70,682.10 for a total of $357,593.45 and (ii) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      August 15, 2011

Respectfully submitted,

**WINDELS MARX LANE & MITTENDORF, LLP**

By: _____
          **Robert A. Rossi**

156 West 56th Street
New York, New York 10019
(212) 237-1000

Attorneys for Lehman Brothers Holdings Inc., *et al*., Debtors-in-Possession

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Special Counsel for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
In re:                                                    :        Chapter 11 Case No.
                                                          :        08-13555 (JMP)
                                                          :
LEHMAN BROTHERS HOLDINGS INC., et al,                     :        <u>JOINTLY ADMINISTERED</u>
                                                          :
                                                          :
                          Debtors.                        :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>CERTIFICATION OF PROFESSIONAL</u>

Robert A. Rossi, a member of the firm of Windels Marx Lane & Mittendorf, LLP,

("Applicant"), attorneys authorized to provide legal services as Special Counsel to Lehman

Brothers Holdings, Inc. ("LBHI"), and its affiliated debtors in the above referenced chapter 11

cases and partner in charge of this matter, hereby certifies as follows:

I have read the foregoing application (the "Application");

To the best of my knowledge, information and belief, formed after reasonable inquiry, the

Application substantially complies with the mandatory guidelines of this Court for fees and

disbursements for professionals (the "Guidelines");

To the best of my knowledge, information and belief, formed after reasonable inquiry, the

{10658271;1}

fees and disbursements sought in the Application fall within the Guidelines, except as

specifically noted in this Certification and Application;

Except to the extent prohibited by the Guidelines, the fees and disbursements sought in

the Application are billed at rates and in accordance with practices customarily employed by

Applicant and generally accepted by Applicant's clients;

LBHI has been provided with a copy of the original invoices which are the subject of the

Application ("Invoices") prior to the date set by the Court or any applicable rules for filing fee

applications, has reviewed the Invoices and has approved them.

The Disbursements requested to be reimbursed in the Application;

      a.  do not include any amount of profit for Applicant;

      b.  do not include the amortization of the cost of any investment, equipment or

      capital out lay; and

      c.  to the extent provided by a third party vendor only include the amount billed to

      Applicant by the third-party vendor and paid by the Applicant to such vendor.


Dated: New York, New York             Respectfully submitted,
       August 15, 2011

                              WINDELS MARX LANE & MITTENDORF, LLP
                              *Special Counsel for Lehman Brothers*
                              *Holdings, Inc., et al.*

                              Robert A. Rossi
                              A Member of the Firm
                              156 West 56th Street
                              New York, New York 10019
                              (212) 237-1000

{10658271:1}

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                     :

In re                              :      Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :      08-13555 (JMP)

                  Debtors.       :      (Jointly Administered)

-------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 327(E) AND 328(A) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF WINDELS MARX LANE & MITTENDORF, LLP, AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO THE ENGAGEMENT DATE

Upon consideration of the application, dated August 14, 2009 (the "Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ and retain Windels Marx Lane & Mittendorf, LLP ("Windels Marx") as special counsel to the Debtors *nunc pro tunc* to the Engagement Date; and upon the Declaration of Robert A. Rossi, Esq., partner of Windels Marx (the "Rossi Declaration"), filed in support of the Application; and the Court being satisfied, based on the representations made in the Application and the Rossi Declaration, that Windels Marx represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); a and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Windels Marx as special counsel to the Debtors on the terms set forth in the Application and this order, effective *nunc pro tunc* to the Engagement Date, for the Representative Matters identified in the Application and in accordance with Windels Marx's customary rates in effect from time to time and its disbursement policies; and it is further

2

ORDERED that Windels Marx shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: New York, New York
      August 25, 2009

                                          _s/ James M. Peck_
                                          UNITED STATES BANKRUPTCY JUDGE

3

# EXHIBIT B

Lehman Brothers Holdings, Inc.
Summary of Attorney Hours for the Period February 1, 2011 through February 28, 2011

### WSG Hollywood – 303694/2016

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| David L. Glanz | 515 | 0.20 | 103.00 |
| **Total Services** | | | **$103.00** |

### Bankruptcy – 303694/2179

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Derek Etheridge | 360 | 4.90 | 1764.00 |
| Robert A. Rossi | 560 | 2.50 | 1400.00 |
| **Total Services** | | | **$3164.00** |

### Monument Issues – 303694/2181

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Paul Goldsmith | 225 | 3.00 | 675.00 |
| Wayne S. Cook, Jr. | 450 | 2.60 | 1170.00 |
| **Total Services** | | | **$1845.00** |

### Moonlight Basin – 303694/2184

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Deborah Bindler | 450 | 40.00 | 18000.00 |
| John Holden | 445 | 67.90 | 30,215.50 |
| Wayne S. Cook, Jr. | 450 | 45.60 | 20,520.00 |
| Paul Goldsmith | 225 | 6.50 | 1462.50 |
| Kaylie S. Lotzof | 270 | 0.50 | 135.00 |
| James Tracey | 320 | 0.60 | 192.00 |
| **Total Services** | | | **$70,525.00** |

### 25/45 Broad Street – 303694/2192

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Michael Hudson | 195 | 1.0 | 195.00 |
| Mark A. Slama | 480 | 37.70 | 18096.00 |
| Lana Dubiago | 190 | 6.70 | 1273.00 |
| Sam Mizrahi | 395 | 6.50 | 2567.50 |
| Christina Sorbera | 280 | 4.10 | 1148.00 |
| **Total Services** | | | **$23,279.50** |

{10658314:1}

### Northgate Foreclosure – 303694/22053

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Carrie E. Foote | 380 | 1.00 | 380.00 |
| Wayne S. Cook, Jr. | 450 | 0.60 | 270.00 |
| **Total Services** | | | **$650.00** |

### Lyon Issues – 303694/2205

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 3.90 | 2184.00 |
| Thomas A. Banahan | 515 | 1.50 | 772.50 |
| Carrie E. Foote | 380 | 40.60 | 15428.00 |
| Wayne S. Cook, Jr. | 450 | 1.80 | 810.00 |
| Paul Goldsmith | 225 | 6.50 | 1462.50 |
| Seth R. Hoffman | 350 | 9.20 | 3220.00 |
| **Total Services** | | | **$23,877.00** |

### Sweetwater Disposition – 303694/2211

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Deborah Bindler | 450 | 1.10 | 495.00 |
| **Total Services** | | | **$495.00** |

### 215 Brazilian Loan Sale – 303694/2236

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Wayne S. Cook, Jr. | 450 | 3.80 | 1710.00 |
| Paul Goldsmith | 225 | 0.50 | 112.50 |
| Seth R. Hoffman | 350 | 2.30 | 805.00 |
| **Total Services** | | | **2627.50** |

Lehman Brothers Holdings, Inc.
Summary of Attorney Hours for the Period March 1, 2011 through March 31, 2011

### Bankruptcy – 303694/2179

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 1.00 | 560.00 |
| **Total Services** | | | **$560.00** |

### Monument Issues – 303694/2181

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Wayne S. Cook, Jr. | 450 | 1.10 | 495.00 |
| **Total Services** | | | **$495.00** |

### Moonlight Basin – 303694/2184

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Deborah H. Bindler | 450 | 0.20 | 90.00 |
| Wayne S. Cook, Jr. | 450 | 2.60 | 1170.00 |
| John Holden | 445 | 0.20 | 89.00 |
| Paul Goldsmith | 225 | 1.20 | 270.00 |
| **Total Services** | | | **$1619.00** |

### 25/45 Broad Street – 303694/2192

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Thomas A. Banahan | 515 | 25.90 | 13338.50 |
| Mark A. Slama | 480 | 31.10 | 14928.00 |
| Sam Mizrahi | 395 | 47.00 | 18565.00 |
| Christina Sorbera | 280 | 15.20 | 4256.00 |
| Alan Nisselson | 635 | 0.90 | 571.50.00 |
| Joel L. Solomon | 235 | 2.20 | 517.00 |
| **Total Services** | | | **$52176.00** |

### Lyon Issues – 303694/2205

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 2.50 | 1400.00 |
| Carrie E. Foote | 380 | 11.40 | 4332.00 |
| Wayne S. Cook, Jr. | 450 | 3.00 | 1350.00 |
| Paul Goldsmith | 225 | 5.70 | 1282.50 |
| **Total Services** | | | **$8364.50** |

{10658314:1}

### Sweetwater Disposition – 303694/2211

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Deborah Bindler | 450 | 2.00 | 900.00 |
| **Total Services** | | | **$900.00** |

### Riande Loan Sale – 303694/2228

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 6.70 | 3752.00 |
| Alan Landzberg | 525 | 0.40 | 210.00 |
| Anna Cote | 250 | 0.80 | 200.00 |
| Paul Goldsmith | 225 | 2.60 | 585.00 |
| Wayne S. Cook, Jr. | 450 | 3.80 | 1710.00 |
| Seth Hoffman | 350 | 5.90 | 2065.00 |
| **Total Services** | | | **$8522.00** |

### Brazilian Loan Sale – 303694/2236

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Wayne S. Cook, Jr. | 450 | 16.60 | 7470.00 |
| Robert A. Rossi | 560 | 0.30 | 168.00 |
| Anna Cote | 250 | 2.80 | 700.00 |
| Paul Goldsmith | 225 | 1.80 | 405.00 |
| Seth Hoffman | 350 | 9.00 | 3150.00 |
| **Total Services** | | | **$11893.00** |

### St. Sophia – 303694/2246

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 10.80 | 6048.00 |
| Richard Zoffinger | 390 | 18.40 | 7176.00 |
| **Total Services** | | | **$13224.00** |

{10658314:1}

Lehman Brothers Holdings, Inc.
Summary of Attorney Hours for the Period April 1, 2011 through April 30, 2011

### 350 West Broadway – 303694/2088

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Thomas A Banahan | 515 | 0.60 | 309.00 |
| Robert A. Rossi | 560 | 11.00 | 6160.00 |
| David L. Glanz | 515 | 1.30 | 669.50 |
| Carrie E. Foote | 380 | 5.30 | 2014.00 |
| **Total Services** | | | **$9152.50** |

### Bankruptcy – 303694/2179

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 2.10 | 1176.00 |
| **Total Services** | | | **$1176.00** |

### Monument Issues – 303694/2184

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Deborah Bindler | 450 | 2.40 | 540.00 |
| **Total Services** | | | **$540.00** |

### 25/45 Broad Street – 303694/2192

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Thomas A. Banahan | 515 | 3.10 | 1596.50 |
| Michael Hudson | 195 | 1.00 | 195.00 |
| Mark A. Slama | 480 | 22.70 | 10896.00 |
| Lana Dubiago | 190 | 3.00 | 570.00 |
| Samuel Mizrahi | 395 | 18.80 | 7426.00 |
| **Total Services** | | | **$20683.50** |

### Lyon Issues – 303694/2205

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 7.90 | 4424.00 |
| Richard Zoffinger | 390 | 4.90 | 1911.00 |
| Carrie E. Foote | 380 | 20.90 | 7942.00 |
| Wayne S. Cook | 450 | 3.20 | 1440.00 |
| Paul Goldsmith | 225 | 5.30 | 1192.50 |
| Seth R. Hoffman | 350 | 2.70 | 945.00 |
| **Total Services** | | | **17854.50** |

### Sweetwater Disposition – 303694/2211

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Deborah Bindler | 450 | 5.70 | 2565.00 |
| William C. Cagney | 480 | 0.40 | 192.00 |
| Robert G. Wilk | 390 | 0.20 | 78.000 |
| **Total Services** | | | **$2835.00** |

### St. Sophia – 303694/2245

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 14.10 | 7896.00 |
| Richard Zoffinger | 390 | 20.10 | 7839.00 |
| **Total Services** | | | **$15735.00** |

{10658314:1}

Lehman Brothers Holdings, Inc.
Summary of Attorney Hours for the Period May 1, 2011 through May 31, 2011

### 350 West Broadway – 303694/2088

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 2.40 | 1344.00 |
| Clifford H. Stein | 475 | 12.40 | 5890.00 |
| **Total Services** | | | **$7234.00** |

### Hudson Yards – 303694/2185

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Edward E. Shea | 535 | 1.40 | 749.00 |
| **Total Services** | | | **$749.00** |

### 25/45 Broad Street – 303694/2192

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Thomas A. Banahan | 515 | 3.10 | 1596.50 |
| Michael Hudson | 195 | 1.30 | 253.50 |
| Mark A. Slama | 480 | 23.80 | 11424.00 |
| Lana Dubiago | 190 | 8.40 | 1596.00 |
| Sam Mizrahi | 395 | 2.70 | 1066.50 |
| Christina Sorbera | 280 | 4.60 | 1288.00 |
| **Total Services** | | | **$17224.50** |

### Lyon Issues – 303694/2211

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 2.10 | 1176.00 |
| Carrie E. Foote | 380 | 23.50 | 8930.00 |
| Paul Goldsmith | 225 | 14.30 | 3217.50 |
| **Total Services** | | | **$13323.50** |

### On The Avenue – 303694/2207

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Wayne S. Cook, Jr. | 450 | 1.40 | 630.00 |
| Paul Goldsmith | 225 | 2.90 | 652.50 |
| **Total Services** | | | **$1282.50** |

{10658314:1}

### Sweetwater Disposition – 303694/2211

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Deborah Bindler | 450 | 6.90 | 3105.00 |
| Robert G. Wilk | 390 | 4.50 | 1755.00 |
| **Total Services** | | | **$4860** |

### 215 Brazilian Loan Sale – 303694/2236

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Seth Hoffman | 350 | 0.80 | 280.00 |
| **Total Services** | | | **$280.00** |

### St. Sophia – 303694/2245

| Attorney | Rate | Hours | Value |
|---|---|---|---|
| Robert A. Rossi | 560 | 22.80 | 12768.00 |
| Richard Zoffinger | 390 | 8.70 | 3393.00 |
| **Total Services** | | | **$16161.00** |

{10658314:1}