Carolyn H. Rosenberg
REED SMITH LLP
10 S. Wacker Drive
Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

*Special Counsel for Lehman Brothers Holdings, Inc.
and its affiliated Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
: 
In re                                                        : Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  : Case No. 08-13555 (JMP)
                                                             :
                    Debtors                                  : (Jointly Administered)
                                                             :
-------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Professional Services to: | The Debtors and Debtors in Possession |
| Date of Retention: | June 1, 2010, *nunc pro tunc* |
| Period for which compensation and reimbursement is sought: | March 1, 2011 through May 31, 2011 |
| Amount of Compensation sought as actual, reasonable and necessary: | $174,090.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $7,152.42 |
| This is a(n): | Third Interim Fee Application |

The total time expended for preparation of this application is approximately 6.0 hours, and the corresponding compensation is not included herein but will be requested in a future application of Reed Smith LLP for compensation and reimbursement of expenses.

US_ACTIVE-106435870.1

## PRIOR APPLICATIONS

| APPLICANT | APPLICATION FILING DATE AND DOCKET NUMBER | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|---|---|---|---|---|---|
| Reed Smith LLP | First Interim Application Docket No. 13481 | $418,202.00 | TBD | $4,832.33 | TBD |
| Reed Smith LLP | Second Interim Application Docket No. 17341 | $217,287.50 | TBD | $5,517.90 | TBD |

## COMPENSATION BY PROFESSIONAL

| NAME, DEPARTMENT AND LOCATION | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Carolyn H. Rosenberg, Litigation – Insurance Recovery, Chicago | 1982 | $725.00 | 98.3 | $71,267.50 |
| Stephen T. Bobo - Financial Industry, Chicago | 1982 | $600.00 | 4.5 | $2,700.00 |
| Mark S. Hersh, Litigation – Insurance Recovery, Chicago | 1983 | $580.00 | 83.5 | $48,430.00 |
| J. Andrew Moss, Litigation – Insurance Recovery, Chicago | 1999 | $500.00 | 80.8 | $40,400.00 |
| | Total Partners: | | 267.1 | $162,797.50 |
| **ASSOCIATES** | | | | |
| Ann E. Pille, Financial Industry, Chicago | 2004 | $390.00 | 0.4 | $156.00 |
| Yisroel Hiller, Litigation – Insurance Recovery, Chicago | 2005 | $430.00 | 9.3 | $4,155.00 |
| | Total Associates: | | 9.7 | $4,155.00 |
| **PARAPROFESSIONALS** | | | | |
| James Schad, Litigation – Insurance Recovery, Chicago | n/a | $280.00 | 0.3 | $84.00 |
| Jane Ann Conway Gross, Litigation – Insurance Recovery, Chicago | n/a | $250.00 | 9.8 | $2,450.00 |
| Elizabeth Anne Arundel, Financial Industry, Chicago | n/a | $240.00 | 17.9 | $4,296.00 |
| Enrique Sanroman | n/a | $220.00 | 1.4 | $308.00 |
| | Total Paraprofessionals: | | 29.4 | $7,138.00 |
| | | Blended Hourly Rate | | $568.55 |
| | | **Totals:** | **306.2** | **$174,090.50** |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| 1300 Insurance Coverage and Insurance Matters | 285.7 | $164,739.00 |
| 4600 Firm's Own Billing/Fee Applications | 26.5 | $9,351.50 |
| **TOTAL** | **312.2** | **$174,090.50** |

## EXPENSE SUMMARY

| Expense Category | Dec. | Jan. | Feb. | Total |
|---|---:|---:|---:|---:|
| Outside Database, Pacer | $0.00 | $0.00 | $3.68 | $3.68 |
| Legal Research, Westlaw/Lexis | $0.00 | $113.76 | $582.21 | $695.97 |
| Lodging Expense | $0.00 | $3,422.91 | $0.00 | $3,422.91 |
| Internet | $0.00 | $44.88 | $0.00 | $44.85 |
| Air Travel Expense | $0.00 | $1,316.90 | $79.00 | $1,395.90 |
| Telephone Expense | $30.00 | $0.00 | $0.00 | $30.00 |
| Taxi Expense | $0.00 | $726.40 | $85.00 | $811.40 |
| Meals | $0.00 | $592.53 | $9.03 | $601.56 |
| Courier Service | $73.38 | $0.00 | $72.77 | $146.15 |
| **Total Disbursements** | $103.37 | $6,217.35 | $831.69 | **$7,152.42** |

Carolyn H. Rosenberg
REED SMITH LLP
10 S. Wacker Drive
Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

*Special Counsel for Lehman Brothers Holdings, Inc.
and its affiliated Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :   Case No. 08-13555 (JMP)
                                                             :
               Debtors                                       :   (Jointly Administered)
                                                             :
-------------------------------------------------------------x
```

**THIRD INTERIM APPLICATION OF REED SMITH LLP,
SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD MARCH 1, 2011 THROUGH MAY 31, 2011**

Reed Smith LLP ("Reed Smith") hereby submits its Third Interim Application of Reed Smith LLP, Special Counsel to the Debtors and Debtors in Possession (the "Debtors"), for Allowance of Compensation and Reimbursement of Expenses for the period March 1, 2011 through May 31, 2011 (the "Application") pursuant to 11 U.S.C. §§ 327, 328, 329, 330 and 331, Federal Rule of Bankruptcy Procedure 2016, the Fourth Amended Order Pursuant To Sections 105(A) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Compensation Order"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the

US_ACTIVE-106435870.1

United States Trustees pursuant to 28 U.S.C. § 586(a)(3)(A). By this Application, Reed Smith, as special counsel to the Debtors in these cases, seeks interim approval and payment of compensation for legal services performed and expenses incurred during the period commencing March 1, 2011 through May 31, 2011 (the "Compensation Period"). In support hereof, Reed Smith respectfully represents the following:

## I.  FACTUAL BACKGROUND

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and, by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code

- 2 -

on March 11, 2010 [Docket No. 7531].  On July 13, 2010, the Court entered an order discharging the Examiner and his professionals.

5. On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") and approving a fee protocol (the "Fee Protocol") to make recommendations with respect to fees and expenses of retained professionals in these chapter 11 cases [Docket No. 3651].

6. This is the Third application Reed Smith for allowance of compensation and for reimbursement of expenses; two prior applications have been filed.

## EMPLOYMENT OF REED SMITH LLP

7. On June 22, 2010, the Debtors filed the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Reed Smith LLP, as Special Counsel to the Debtors [Docket No. 9722] (the "Retention Application").

8. On July 21, 2010, the Court entered an Order Authorizing the Employment and Retention of Reed Smith Order Pursuant To Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of Reed Smith LLP, as Special Counsel to The Debtors [Docket No. 10343] ("Retention Order").  A true and correct copy of the Retention Order is attached hereto as **Exhibit A.**

9. On September 21, 2010, the Court approved the Stipulation Amending the Effective Date of the Employment and Retention of Reed Smith LLP as Special Counsel to the Debtors *nunc pro tunc* to June 1, 2010 [Docket No. 11499] (the "Stipulation").  A true and correct copy of the Stipulation is attached hereto as **Exhibit B.**

- 3 -

10. Pursuant to the Retention Order, the Debtors were authorized pursuant to Section 327(e) of the Bankruptcy Code to employ and retain Reed Smith as special counsel to the Debtors on the terms set forth in the Retention Application for the special purpose of insurance recovery matters as identified in the Retention Application and in accordance with Reed Smith's customary rates in effect.

## II. COMPENSATION AND REIMBURSEMENT OF EXPENSES

11. Reed Smith submits this Application for the allowance of reasonable compensation for actual and necessary professional services provided to the Debtors in these cases, and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Debtors during the Compensation Period. All included services and costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Debtors during the Compensation Period.

12. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Administrative Order," and together with the Local Guidelines and the U.S. Trustee Guidelines, the "Guidelines"). Reed Smith seeks to comply with the directions provided by the Fee Committee and will provide a copy of this Application to the Fee Committee.

13. In connection with services performed, Reed Smith billed a total of $174,090.50[1] in fees and incurred $7,152.42 in expenses on behalf of the Debtors during the Compensation Period.

14. By this Application, Reed Smith seeks: (a) interim allowance of compensation in the amount of $174,090.50 for legal services rendered during the Compensation Period, and (b) reimbursement in the amount of $7,152.42 for expenses incurred during the Compensation Period.

15. For the Court's review, a summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Debtors during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as **Exhibit C**.

16. All Reed Smith professionals and paraprofessionals rendering services to the debtors bill and continue to bill at their customary billing rates that were in effect as of Reed Smith's retention *nunc pro tunc* on June 1, 2010.

17. In addition, **Exhibit C** contains detailed time entries reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

18. **Exhibit C** also contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period. Reed Smith has incurred out-of-pocket expenses during the Compensation Period in the amount of $7,152.42. This sum is broken down into categories of charges, including, among other things, telephone charges, travel and lodging charges, postage

---

[1] Reed Smith has voluntarily reduced 12.75 hours representing $5,161.50 of billable work.

- 5 -

and photocopying charges and legal research charges.  Reed Smith's rate for in-house duplication is $0.10 per page.  Reed Smith also uses outside duplication services for large photocopy work.

### III. ANALYSIS AND NARRATIVE DESCRIPTION SERVICES RENDERED AND TIME EXPENDED

19. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional employed by any such person." *See* 11 U.S.C. § 330(a)(1)(A).  The attorneys requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Court that the services performed and fees incurred were reasonable.

20. In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including:  (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy filed: and (F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.  *See* 11 U.S.C. § 330(a)(3)(A)-(F).

- 6 -

21. With respect to the time and labor expended by Reed Smith in these cases, as set forth in **Exhibit C**, during the Compensation Period, Reed Smith rendered professional services in the aggregate amount of $174,090.50. Reed Smith believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of the Debtors, and the time expended, organized by project task categories, as follows:

### A. SPECIAL INSURANCE COVERAGE COUNSEL

22. During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*: (1) evaluation and analysis of D&O insurance coverage, particularly with regard to insurance that may be available to respond to pending and future claims against directors and officers; (2) advising and counseling the Debtors regarding potential insurance recovery under primary and excess D&O insurance policies issued to the Debtors in connection with claims made against directors and officers; (3) preparation of substantive correspondence and substantive documents as necessary with regard to potential D&O insurance recovery for claims made against the directors and officers; (4) appearing and representing the interests of the Debtors with respect to D&O insurance recovery issues at meetings between the Debtors, representatives of the directors and officers and representatives of the D&O insurers; and (5) appearing and representing the interests of the Debtors with respect to D&O insurance recovery issues at alternative dispute resolution proceedings between claimants and the directors and officers. Reed Smith seeks compensation for 285.7 hours of reasonable and necessary legal services performed for Special Insurance Coverage matters during the Compensation Period in the total amount of $164,739.00.

23. During the compensation period, the following Reed Smith professionals and paraprofessionals performed services under this category: Stephen T. Bobo, Jane Ann Conway-Gross, Mark S. Hersh, Yisroel Hiller, J. Andrew Moss, Ann E. Pille, James Schad and Carolyn H. Rosenberg.

24. Reed Smith believes that its rates are market rates within the range charged by other counsel in this marketplace for similar Chapter 11 cases. The billing rates set forth in Reed Smith's Summary Sheet pursuant to U.S. Trustee Guidelines (the "Summary") represent customary rates routinely billed to the firm's many clients. (*See* Exhibit A). Moreover, the Retention Application and the accompanying Declarations in Support of the Retention Application stated that Reed Smith would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

25. Further, the Debtors sought to retain Reed Smith as special counsel due to its extensive experience and knowledge in the field of D&O insurance recovery matters on behalf of policyholders in the financial services industry, and because of its expertise, experience and knowledge practicing in matters that are likely to arise in these cases before this Court.

    B.    **FIRM'S OWN BILLING/FEE APPLICATIONS**

26. In connection with the work performed on behalf of the Debtors, Reed Smith prepared and submitted its Seventh monthly statement, Eighth monthly statement, and Ninth monthly statement and its Second Interim Fee Application seeking interim allowance of

compensation and reimbursement of expenses. Reed Smith seeks compensation for 26.5 hours of reasonable and necessary legal services performed during the Compensation Period in connection with fee statements and fee applications in the total amount of $9,351.50.

27. During the compensation period, the following Reed Smith professionals and paraprofessionals performed services under this category: Elizabeth Anne Arundel, J. Andrew Moss, Carolyn H. Rosenberg and Enrique Sanroman.

28. As shown in the Summary, this Application covers the period from March 1, 2011 through May 31, 2011. Every effort was made to include all fees and expenses from the Compensation Period in this Application. Some fees and/or expenses from the Compensation Period might not be included in this Application due to delays in processing time and receipt of invoices for expenses and/or for preparation of the instant application subsequent to the Compensation Period. Accordingly, Reed Smith reserves the right to make further applications to the Court for allowance of fees and expenses not included herein.

29. Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of the Local Guidelines, the U.S. Trustee Guidelines, and the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. A true and correct copy of the Certification of Carolyn H. Rosenberg is attached hereto as **Exhibit D**.

WHEREFORE, Reed Smith respectfully requests monthly interim allowance of compensation for professional services rendered in the amount of $174,090.50 and reimbursement of expenses in the amount of $7,152.42 for the period March 1, 2011 through May 31, 2011 and payment according to the procedures set forth in the Compensation Order.

Dated: August 15, 2011
       Chicago, Illinois

Respectfully submitted,

REED SMITH LLP

By: /s/ Carolyn H. Rosenberg
Carolyn H. Rosenberg
10 S. Wacker Drive
Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

*Special Counsel for Lehman Brothers Holdings, Inc. and its affiliated Debtors and Debtors in Possession*