PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**SEVENTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Role in Case: | Special Counsel to Debtors |
| Date of Retention: | February 25, 2009 |
| Period for which Compensation and Reimbursement is Sought: | February 1, 2011 through May 31, 2011 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 625,068.78 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 18,905.03 |
| Total Amount Sought: | $ 643,973.81 |

This is a/n:  __X__  Interim  _____  Final Application.

DOCS_NY:24971.3 52063-001

Prior Applications:                      First-Sixth Interim Applications

Total Amount Received for the
Interim Period:                          $ 71,076.68

**Total Compensation and Expenses Previously Requested and Awarded:**

| Application | Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|---|
| First | 08/14/09 | February 2009 – May 2009 | $189,797.67 | $6,538.14 | $181,564.17 | $6,538.14 |
| Second | 12/14/09 | June 2009 – September 2009 | $432,763.22 | $13,510.21 | $430,099.27 | $12,858.05 |
| Third | 04/16/10 | October 2009 – January 2010 | $454,706.30 | $6,844.14 | $338,678.45 | $5,876.14 |
| Fourth | 08/17/10 | February 2010 – May 2010 | $469,354.86 | $3,843.96 | $350,611.11 | $2,688.24 |
| Fifth | 12/14/10 | June 2010 – September 2010 | $421,357.98 | $11,077.86 | N/A | N/A |
| Sixth | 04/15/11 | October 2010 – January 2011 | $454,632.83 | $29,107.78 | N/A | N/A |

## SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD FROM FEBRUARY 1, 2011 THROUGH MAY 31, 2011

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Richard M. Pachulski, Partner | 1979 | $950.00 | 421.90 | $400,805.00 |
| Richard M. Pachulski, Partner | 1979 | $475.00 | 10.90 | $5,177.50 |
| Dean A. Ziehl, Partner | 1978 | $895.00 | 356.60 | $319,157.00 |
| Dean A. Ziehl, Partner | 1978 | $447.50 | 8.00 | $3,580.00 |
| Robert B. Orgel, Partner | 1981 | $850.00 | 528.30 | $449,055.00 |
| Henry C. Kevane, Partner | 1986 | $795.00 | 0.20 | $159.00 |
| Andrew W. Caine, Partner | 1989 | $825.00 | 0.90 | $742.50 |
| James K.T. Hunter, Of Counsel | 1988 | $725.00 | 2.60 | $1,885.00 |
| Steven J. Kahn, Of Counsel | 1977 | $725.00 | 278.10 | $201,622.50 |
| Steven J. Kahn, Of Counsel | 1977 | $362.50 | 10.6 | $3,842.50 |
| Daryl G. Parker, Of Counsel | 1970 | $725.00 | 54.10 | $39,222.50 |
| Nina L. Hong, Partner | 1996 | $575.00 | 19.70 | $11,327.50 |
| Shirley S. Cho, Of Counsel | 1997 | $650.00 | 2.20 | $1,430.00 |
| Harry Hochman, Of Counsel | 1987 | $650.00 | 320.20 | $208,130.00 |
| Malhar S. Pagay, Partner | 1997 | $595.00 | 0.40 | $238.00 |
| Jonathan J. Kim, Of Counsel | 1995 | $595.00 | 99.5 | $59,202.50 |

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Maria A Bove, Of Counsel | 2001 | $625.00 | 213.3 | $133,312.50 |
| Maria A Bove, Of Counsel | 2001 | $312.50 | 0.90 | $281.25 |
| John W. Lucas, Associate | 2005 | $495.00 | 224.60 | $111,177.00 |
| Jason H. Rosell, Associate | 2010 | $395.00 | 8.00 | $3,160.00 |
| Leslie A. Forrester, Paralegal | N/A | $275.00 | 2.90 | $797.50 |
| Denise A. Harris, Paralegal | N/A | $255.00 | 29.40 | $7,497.00 |
| Mike A. Matteo, Paralegal | N/A | $220.00 | 1.70 | $374.00 |
| Jorge E. Rojas, Paralegal | N/A | $250.00 | 17.50 | $4,375.00 |
| Shawn A. Quinlivan, Paralegal | N/A | $255.00 | 14.10 | $3,595.50 |
| TIME CHARGES TOTAL: | | | 2,626.60 | $1,970,146.25 |

Total Hours:                                    2,626.60

Blended Hourly Rate:                 $750.07
(Attorneys and Paralegals)

Blended Hourly Rate:                 $762.79
(Attorneys)

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**SEVENTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM
FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

TO:    THE HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE:

Pachulski Stang Ziehl & Jones LLP ("PSZJ"), special counsel for Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases

(collectively, the "Debtors"), submits this seventh interim application (the "Interim Application")

seeking allowance of (a) compensation for professional services rendered by PSZJ to the Debtors

in the amount of $625,068.78, and (b) reimbursement of actual and necessary charges and

disbursements incurred by PSZJ in the rendition of required professional services on behalf of

the Debtors in the amount of $18,905.03, in each case for the period from February 1, 2011

through May 31, 2011 (the "Interim Period") pursuant to section 330(a) of title 11 of the United

DOCS_NY:24971.3 52063-001

States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the

"Local Guidelines"), the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] entered on

April 14, 2011 (the "Interim Compensation Order"), and the Fee Committee Guidelines (as

defined below and, collectively with the UST Guidelines, the Local Guidelines and the Interim

Compensation Order, the "Guidelines").  In support of this Interim Application, PSZJ

respectfully represents as follows:

## Background

1.    Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the other

Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

2.       On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.       On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").   A trustee appointed under SIPA is administering LBI's estate.  On January 19, 2009,

the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court

approved the U.S. Trustee's appointment of the Examiner.

4.       On May 26, 2009, the Court entered an order appointing a fee committee

(the "Fee Committee") and approving a fee protocol (the "Fee Protocol").  On April 14, 2011,

the Court entered the Order Amending the Fee Protocol [Docket No. 15998].  Pursuant to the Fee

Protocol, the Fee Committee subsequently has submitted additional reports, which provide, *inter*

*alia*, additional guidelines regarding compensation procedures for professionals retained in these

cases (the "Fee Committee Guidelines").

## Jurisdiction and Venue

5.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Retention of PSZJ

6.       On June 3, 2009, the Debtors filed their Application Pursuant to Sections

327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for

Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to

LBHI and Lehman Commercial Paper, Inc. ("LCPI"), effective *nunc pro tunc* to February 25,

2009 (the "Engagement Date") with respect to the matters arising in the chapter 11 cases (the

"SunCal Chapter 11 Cases") of Palmdale Hills Property, LLC, *et al.* (collectively, the "SunCal

Debtors"), which are pending in the Bankruptcy Court for the Central District of California (the

"California Bankruptcy Court") under jointly administered Case No. 08-17206.[1]

      7.      On June 17, 2009, the Court entered the Order Pursuant to Sections 327(e)

and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Pachulski

Stang Ziehl & Jones LLP as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement

Date (the "Retention Order").

      8.      Pursuant to the Retention Order, PSZJ has been retained with respect to

the following matters (collectively, the "Representative Matters"): (i) representing the Lehman

Entities (defined below) in relation to any issues arising with respect to any disclosure

statement(s) and plan(s) of reorganization filed by the SunCal Debtors and the Lehman Entities

in the SunCal Chapter 11 Cases, including pending and anticipated litigation with respect

---

[1] The SunCal Debtors consist of (i) the following 17 debtors (collectively, the "SunCal Voluntary Debtors"): Palmdale Hills Property, LLC (Main Case No. 08-17206-ES) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES); and (ii) the following 9 debtors the (collectively, the "SunCal Trustee Debtors"): SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).  On or about January 15, 2009, the California Bankruptcy Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the chapter 11 trustee for the Trustee Debtors (the "SunCal Chapter 11 Trustee").

thereto; (ii) representing the Lehman Entities in relation to prosecuting or defending various

other motions, appeals, and other matters arising in the SunCal Chapter 11 Cases to protect the

Lehman Entities' rights; and (iii) representing the Lehman Entities in litigation pending against

them in the California Bankruptcy Court.  PSZJ's services are limited to matters in the California

Bankruptcy Court and any appellate courts with respect to appeals arising in connection with the

Representative Matters, and PSZJ will not represent the Lehman Entities with respect to matters

pending or that may arise in this Court, other than matters pertaining to PSZJ's employment and

matters arising in connection with the SunCal Chapter 11 Cases.

9.    In connection with certain of the Representative Matters, PSZJ is also

representing the following non-debtor affiliates of LBHI and LCPI:  Lehman ALI, Inc.;

Northlake Holdings LLC; OVC Holdings LLC; LV Pacific Point LLC; LBREP II/Suncal Land

Fund Member, LLC; Oak Valley, LLC; SCLV Northlake, LLC; and LB/L DUC III Master LLC

(collectively with LCPI, the "Lehman Entities").  *See* Declaration of Dean A. Ziehl in Support of

Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of

the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Pachulski

Stang Ziehl & Jones LLP as Special Counsel to the Debtors at ¶5.  As described fully below,

PSZJ is seeking compensation separately from the foregoing non-debtor affiliates for services

provided on their behalf in connection with certain of the Representative Matters during the

Interim Period.  *See id.*

### Relief Requested

10.    Prefixed to this Interim Application is the cover sheet required by the UST

Guidelines, which includes a schedule setting forth the names of all PSZJ professionals and

paraprofessionals who have performed services for which compensation is sought, the person's position in the firm, and the year each attorney was first admitted to practice law. In addition, the schedule sets forth for each person (a) the hourly rate(s) during the Interim Period, (b) the total hours billed during the Interim Period, and (c) the total compensation for such hours.

11. Prepetition certain Lehman Entities made various loans to certain SunCal Debtors and certain of their non-debtor affiliates pursuant to various separate loan agreements (collectively, the "Lehman Loans"). Over $2.0 billion, including accrued interest, is owed on the Lehman Loans.

12. PSZJ previously requested compensation from the Court for professional services and reimbursement of expenses in its first interim application dated August 14, 2009 (the "First Interim Fee Application"). On September 25, 2009, the Court entered an order approving PSZJ's First Interim Fee Application, and on April 9, 2010 entered an amended order with respect to such application.

13. In addition, PSZJ previously requested compensation from the Court for professional services and reimbursement of expenses in its second interim application dated December 14, 2009 (the "Second Interim Fee Application"). On April 9, 2010, the Court entered an order approving the Second Interim Fee Application, subject to certain reductions requested by the Fee Committee.

14. On April 16, 2010, PSZJ filed its third interim application (the "Third Interim Application"). On September 7, 2010, the Court entered an order approving the Third Interim Application, subject to certain reductions requested by the Fee Committee.

15.     On August 17, 2010, PSZJ filed its fourth interim application (the "Fourth Interim Application"). On September 7, 2010, the Court entered an order approving the Fourth Interim Application, subject to certain reductions requested by the Fee Committee.

16.     On December 14, 2010, PSZJ filed its fifth interim fee application (the "Fifth Interim Application"). As of the date of the filing of this Interim Application, the Court has not ruled on the Fifth Interim Application.

17.     On April 15, 2011, PSZJ filed its sixth interim fee application (the "Sixth Interim Application"). As of the date of the filing of this Interim Application, the Court has not ruled on the Sixth Interim Application.

18.     By this Interim Application, PSZJ seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Interim Period in the aggregate amount of $625,068.78, and for reimbursement of actual, necessary expenses incurred during the Interim Period in connection with such services in the aggregate amount of $18,905.03.

19.     In accordance with the Interim Compensation Order, PSZJ has received payments totaling $71,076.68 ($67,804.38 of which is for services rendered and $3,272.30 of which is for reimbursement of expenses) for the Interim Period. By this Interim Application, PSZJ seeks payment of the remaining $572,897.13, which amount consists of: (i) the Court-ordered 20% holdback of PSZJ requested fees for the month of February 2011 in the total

amount of $16,951.10; and (ii) the unpaid amounts for the months of March through May 2011

in the total amount of $555,946.03.[2]

20.    During the Interim Period, PSZJ attorneys and paraprofessionals expended

a total of 2,626.60 hours for services provided in connection with the Representative Matters,

and incurred fees in the total amount of $1,970,146.25 and expenses in the total amount of

$63,016.88 in connection with such services.    The foregoing fees and expenses reflect voluntary

reductions taken during the Interim Period for fees in the amount of $31,577.50 and for expenses

in the amount of $3,113.15.

21.    Certain of the services performed by PSZJ during the Interim Period were

provided on behalf of and rendered a benefit only to LCPI.    In particular, these services consist

of those performed in connection with certain appeals as described below and other matters

arising in the SunCal Chapter 11 Cases affecting the automatic stay as it applies to LCPI.

Annexed hereto as Exhibit A is a summary of the services by project category rendered by PSZJ

during the month of March 2011 for the benefit of LCPI only and for which compensation is

sought from the Debtors' estates.    No such services were provided during the month of February

2011.    In compliance with the request of the Fee Committee received on April 12, 2011, PSZJ

has created a separate matter number 002 for services performed solely for the benefit of LCPI,

and began recording time to such matter on April 1, 2011.    The invoices for matter number 002

are attached hereto in Exhibit E.    PSZJ is seeking compensation from the Debtors' estates in

connection with fees incurred for services performed during the Interim Period solely on behalf

---

[2] As of the date of the filing of this Application, PSZJ has not been paid any amount in connection with fees and
expenses for the months of March through May 2011.

of and for the benefit of LCPI in the total amount of $48,607.00, as set forth in <u>Exhibit A</u> and in the invoices for matter number 002 attached hereto in <u>Exhibit E</u>.

22.     In addition, due to the nature of the matters pending in the SunCal Debtors' Chapter 11 Cases, certain of the services performed and expenses incurred by PSZJ during the Interim Period were provided on behalf of and rendered a benefit to all of the Lehman Entities, including LCPI. PSZJ has allocated the fees and expenses for such services between the Debtors' estates, on the one hand, and the nondebtor affiliates on the other hand, in accordance with the applicable loan balances attributed to the loans extended by each respective Lehman Entity to each respective SunCal Debtor. Pursuant to such allocation, 30% of fees and expenses incurred by PSZJ are attributable to the Debtors' estates and 70% of fees and expenses incurred by PSZJ are attributable to the nondebtor Lehman Entities.

23.     Accordingly, during the Interim Period, (a) of the total fees in the amount of $1,921,539.25 incurred for the benefit of all the Lehman Entities (including LCPI), PSZJ seeks compensation in the amount of $576,461.78 from the Debtors' estates, and (b) of the total expenses in the amount of $63,016.88 incurred for the benefit of all Lehman Entities (including LCPI), PSZJ seeks compensation in the amount of $18,905.03 from the Debtors' estates. PSZJ has sought payment from the nondebtor Lehman Entities for the remaining fees and expenses it incurred during the Interim Period in the amount of $1,389,189.22, and has not yet received payment pursuant to such requests as of the date hereof.

24.     In sum, pursuant to this Interim Application, PSZJ hereby seeks allowance and compensation from the Debtors' estates of the following: (a) compensation for professional services rendered during the Interim Period in the aggregate amount of $625,068.78 (*i.e.,*

$576,461.78  plus $48,607.00); and (b) reimbursement of expenses incurred during the Interim

Period in connection with such services in the aggregate amount of $18,905.03.

25.    Annexed hereto as Exhibit B is a summary of all services rendered by

PSZJ during the Interim Period by project category.  Annexed hereto as Exhibit C is a summary

of time charges and hourly rates by professional.  Annexed hereto as Exhibit D is a summary of

the types of expenses for which reimbursement is sought. Annexed hereto as Exhibit E is a

listing of the detailed time entries of PSZJ professionals and paraprofessionals for matter

numbers 001 and 002, by project category, with respect to the compensation requested as well as

a detailed itemization of expenses for which reimbursement is sought.  Annexed hereto as

Exhibit F is the certification of Dean A. Ziehl with respect to the Interim Application pursuant to

the Local Guidelines.

## Summary of Services Rendered

26.    The names of the partners and associates of PSZJ who have rendered

professional services in this case during the Interim Period, and the paralegals who provided

services to these attorneys during the Interim Period, are set forth in the attached Exhibit C.

27.    PSZJ, by and through the above-named persons, has prepared and assisted

in the preparation of various pleadings submitted to the California Bankruptcy Court, the Ninth

Circuit Bankruptcy Appellate Panel (the "9th Cir. BAP"), and the United States Court of Appeals

for the Ninth Circuit (the "9th Circuit") for consideration, advised the Debtors on a regular basis

with respect to various matters in connection with the SunCal Chapter 11 Cases, and performed

all necessary professional services which are described and narrated in detail below.

## Summary of Services by Categories

28.    The services rendered by PSZJ during the Interim Period can be grouped into the categories set forth below.  PSZJ attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit E.  Exhibit E identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    General Case Administration [Code 0100]

29.    Time billed in this category relates to reviewing the dockets for filings and the status of various matters in the SunCal Chapter 11 Cases, reviewing pleadings, proofs of claim and various other documents in connection with such cases, and participating in meetings and weekly conference calls regarding the status of such matters.

Fees:  $11,545.50        Total hours:  12.9

### B.    General Case Strategy Meetings [Code 0200]

30.    Time billed in this category relates to the preparation for and participation in meetings with the Lehman Entities, Lehman Entities' professionals, and counsel for other constituencies in the SunCal Chapter 11 Cases regarding various pending matters in the SunCal Chapter 11 Cases.

Fees:  $135,849.00        Total hours:  159.7

C.    **Calendar and Docket Maintenance [Code 0300]**

      31.    Time billed in this category relates to the review of pleadings filed on the

docket for the SunCal Chapter 11 Cases.

Fees:  $850.00          Total hours:    1.2

D.    **Hearings and Court Communications [Code 0400]**

      32.    Time billed in this category relates to communicating with the California

Bankruptcy Court regarding filings and scheduling matters in the SunCal Chapter 11 Cases.

Fees:  $976.00          Total hours:    1.4

E.    **Non-working Travel [Code 0500]**

      33.    Time billed in this category relates to travel to this Court for conferences

with the Fee Committee and professionals, travel to the California Bankruptcy Court for hearings

and travel to/from Los Angeles, California and Napa, California to attend the California

Bankruptcy Court-ordered global mediation scheduled in the SunCal Chapter 11 Cases (as

described more fully below).  All non-working travel is billed at one-half of the attorney's

regular rate.

Fees:  $12,881.25          Total hours:    30.4

F.    **Cash Management [Code 1200]**

      34.    Time billed in this category relates to reviewing the SunCal Debtors'

operating reports and related bank account information in connection with monitoring the

Lehman Entities' cash collateral.

Fees:  $1,342.50          Total hours:    1.5

**G.**     **Other General Business Operations [2000]**

35.     Time billed in this category relates to the maintenance of insurance on the real estate projects owned by the SunCal Debtors, which were pledged as collateral for the Lehman Loans.

Fees:   $187.50            Total hours:   0.3

**H.**     **Real Estate Matters [Code 2300]**

36.     Time billed in this category relates to meetings and correspondence related to and analyzing issues with respect to the "Pacific Point Project" formerly owned by one of the SunCal Debtors and subject to interests asserted by the Lehman Entities, including issues with respect to the sale of such property.

Fees:   $10,941.50        Total hours:   11.6

**I.**     **Loans/Investments [Code 2600]**

37.     Time billed in this category relates to services provided in connection with the review and analysis of the Lehman Loans.

Fees:   $325.00            Total hours:   0.5

**J.**     **Non-Derivative Stay/Safe Harbor [Code 3000]**

Time billed in this category relates to analysis of issues impacting LCPI's automatic stay in the SunCal Chapter 11 Cases and research for, correspondence related to, and preparation of pleadings regarding the implication of LCPI's automatic stay to matters pending in the SunCal Chapter 11 Cases, including the implication of LCPI's automatic stay with respect to plans of reorganization and claims objections filed by the SunCal Debtors and LCPI's motion to enforce its automatic stay [Docket No. 17061] filed in the above-captioned cases.

Fees:  $24,055.00          Total hours:   32.4

**K.**    **Non-Derivative Contracts [Code 3200]**

   38. Time billed to this category relates to conferences attended and the review

and analysis of the SunCal Debtors' executory contracts to be assumed or rejected under plans of

reorganization proposed by the Lehman Entities in the SunCal Chapter 11 Cases, and the review

of documents and conferences with respect to a motion [Docket No. 1999] filed in the SunCal

Chapter 11 cases by Lennar Centex Del Rio Partners LLC to compel SunCal Debtor North

Orange Del Rio Land, LLC ("Del Rio") to assume or reject a purchase agreement.

Fees:  $5,805.50          Total hours:   7.5

**L.**    **DIP Financing [Code 3300]**

   39. Time billed in this category relates to negotiations concerning (a)

postpetition financing provided by the Lehman Entities to the SunCal Trustee Debtors for use by

such debtors in maintaining their estates' real property projects and to pay professional and

related fees and (b) the use of cash collateral by the SunCal Voluntary Debtors, and the

preparation of motions, stipulations and orders in connection therewith.

Fees:  $24,516.00          Total hours:   34.6

**M.**    **Plan of Reorganization [Code 3500]**

   40. Time billed in this category relates to (a) research and analysis of claims

filed in the SunCal Chapter 11 Cases for the purpose of classification of same and the

determination of proposed distributions under the Lehman Entities' proposed plans of

reorganization in the SunCal Chapter 11 Cases, (b) research for and preparation of analyses with

respect to strategies and risks associated with the Lehman Entities' sponsored plans of

reorganization in the SunCal Chapter 11 Cases, (c) research for, meetings in connection with,

correspondence related to, and the preparation of the (i) the amended Lehman Entities'

competing plan of reorganization with respect to eight of the SunCal Trustee Debtors filed in the

SunCal Chapter 11 Cases and term sheets therefor and (ii) the amended Lehman Entities'

competing plan with respect to the SunCal Voluntary Debtors filed in the SunCal Chapter 11

Cases and term sheets therefor, (d) assistance with research for and preparation of a motion filed

in the above-captioned cases [Docket No. 18122] to obtain authority for LCPI to enter into the

plans of reorganization sponsored by it and certain other Lehman Entities in the SunCal Chapter

11 Cases and to submit cash bids for collateral proposed to be sold under the SunCal Debtors'

competing plans of reorganization, (e) meetings concerning, research for, and preparation of the

Lehman Entities' opposition to the SunCal Debtors' motion [Docket No. 2039] to stay the

confirmation process with respect to the Lehman Entities' plans of reorganization, or, in the

alternative, to compel discovery with respect to the SunCal Debtors' objections to the Lehman

Entities' claims in the SunCal Chapter 11 Cases, and (f) review and analysis of plans of

reorganization and amendments thereto filed by the SunCal Debtors.

Fees:   $303,902.75        Total hours:   359.65

**N.      Disclosure Statement/Voting [Code 3600]**

41.      Time billed in this category relates to (a) research for, meetings in

connection with, correspondence related to, and the preparation of the (i) amended Lehman

Entities' disclosure statement with respect to the amended Lehman Entities' competing plan of

reorganization for eight of the SunCal Trustee Debtors filed in the SunCal Chapter 11 Cases and

(ii) the amended Lehman Entities' disclosure statement with respect to the amended Lehman

Entities' competing plan for the SunCal Voluntary Debtors filed in the SunCal Chapter 11 Cases,

(b) preparation of two amended motions to approve solicitation procedures, ballots and notices

with respect to the Lehman Entities' two proposed plans of reorganization, (c) review and

analysis of disclosure statements and amendments thereto filed by the SunCal Debtors, (d)

research for and preparation of the opposition to the SunCal Debtors' disclosure statements, and

(e) meetings concerning, research for, and preparation of replies to the multiple objections to the

Lehman Entities' two disclosure statements and motions to approve solicitation procedures.

Fees:    $345,720.50          Total hours:    454.3

**O.      Non-Derivative Claims Issues [Code 3700]**

          42.      Time billed in this category relates to (a) correspondence regarding,

research for and the preparation of objections to the motion [Docket No. 1976] (the "SunCal

Claim Objections") filed by the SunCal Voluntary Debtors and SunCal Management, LLC

("SunCal Management") to disallow the Lehman Entities' claims pursuant to section 502(d) of

the Bankruptcy Code, (b) correspondence regarding, research for, and preparation of the

objection to the SunCal Voluntary Debtors' and SunCal Management's motion to compel

discovery or, in the alternative, stay confirmation of the Lehman Entities' plans [Docket No.

2039],[3] (c) correspondence regarding, research for, and preparation of the Lehman Entities'

motion to stay the SunCal Claim Objections, the ex parte application for an emergency hearing

thereon, and declarations in support thereof, (d) continued, extensive analysis of proofs of claim

filed against each of the 26 SunCal Debtors, including claims filed by vendors and sureties Bond

---

[3] Due to the fact that this motion involves both plan confirmation and claim objection issues, certain time entries related to such motion are also found under category 3500 as set forth in paragraph 40.

Safeguard Insurance Co. ("Bond Safeguard") and Arch Insurance Company ("Arch") in connection with prepetition performance and payment bonds issued to the SunCal Debtors and correspondence with respect thereto, (e) research for and the preparation of omnibus objections to late, duplicate, amended and incorrectly filed claims against the SunCal Voluntary Debtors, (f) analysis of and preparation of objections to claims filed in the SunCal Debtors' cases by insiders of the SunCal Debtors, including claims filed by SunCal Management and SCC Acquisitions, Inc. ("SCC Acquisitions") seeking the payment of property management fees, and discovery in connection therewith, (g) preparation of documents for the transfers of claims of Kiewit and Pinnick, (h) drafting memoranda regarding claims analyses for the mediator in the California Bankruptcy Court-ordered mediation, (i) review of documents and correspondence relating to unauthorized payments made to creditors by Del Rio (as discussed in paragraph 46), (j) review of documents concerning the transfer of certain insider claims and the transfer of certain bonded claims to Arch, (k) conferences and research regarding the motion (the "Emerald Meadows 9019 Motion") [Docket No. 1821] by SunCal Emerald Meadows, LLC pursuant to Bankruptcy Rule 9019 to approve settlements with claimants Rubidoux 60, LLC, EMR Residential Properties, LLC, Mitchell Ogron, Life Church Of God In Christ, Moses Green and David Sandoval, (l) review of the motion [Docket No. 1810] by WEC Corporation to reconsider the disallowance of its claim, correspondence related thereto, and the preparation of an objection thereto, and (m) correspondence with Weil Gotshal & Manges LLP ("WGM"), the SunCal Chapter 11 Trustee, the Lehman Entities and various claimants with respect to the foregoing.

Fees:   $706,637.50        Total hours:   1,011.2

**P.**    **Other Motions and Matters [Code 3800]**

43.    Time billed in this category relates to services provided in connection with the review of and preparation of oppositions to various motions filed by the SunCal Debtors in the SunCal Chapter 11 Cases, including the motion filed by the SunCal Voluntary Debtors requesting a discretionary stay of all proceedings in the SunCal Chapter 11 Cases, the Emerald Meadows 9019 Motion, and the review of employment applications and fee statements filed in the SunCal Chapter 11 Cases to determine whether to object thereto. Services in this category also relate to the global mediation[4] ordered by the California Bankruptcy Court, including preparing various preparatory summaries of claims filed against the SunCal Debtors, correspondence with other participants, conducting discovery and handling discovery disputes, and attendance at the mediation sessions in Napa, California. In addition, in connection with the foregoing, PSZJ, among other things, (a) prepared for and participated in various meetings with professionals regarding the foregoing matters and overall strategy and planning with respect to pending litigation in the SunCal Chapter 11 Cases, (b) reviewed documents produced by Del Rio in connection with the Del Rio 2004 Order and objections by Del Rio and SunCal Management to discovery requests issued pursuant to the Del Rio 2004 Order (as further described in paragraph 46), (c) prepared for hearings, and (d) performed research for and prepared various pleadings. Lastly, this category includes research and analysis of potential SunCal Debtor avoidance actions in light of the expiration of the tolling period with respect to the two-year

---

[4] Pursuant to the California Bankruptcy Court's order entered on November 17, 2010 in connection with the discretionary stay requested by the SunCal Voluntary Debtors, the California Bankruptcy Court ordered various parties (including, without limitation, the Lehman Entities, SunCal Debtors, Arch, Bond Safeguard, the SunCal creditors' committees, Bruce Elieff, SunCal Management and SunCal Acquisitions) to participate in global mediation regarding the various pending disputes in the SunCal Chapter 11 Cases.

statute of limitations period and correspondence with respect to the further extension of such

tolling period.

Fees: $183,097.50        Total hours:   217.4

## Q.    Non-Derivative Litigation [Code 3900]

44.    Time billed in this category relates to the services performed by PSZJ in

connection with the action captioned *Palmdale Hills Property, LLC v. Lehman ALI, Inc., et al.*,

Adv. P. 09-01005 (the "Equitable Subordination Action") and the preparation of an as yet unfiled

declaratory relief action.[5]

Fees: $45,380.00        Total hours:   60.4

## R.    Non-Bankruptcy Litigation [Code 4000]

45.    Time billed in this category relates to:  (a)(i) the review of the complaint

and related documents filed in the action captioned *Acton Estates, LLC v. Lehman ALI, Inc., et

al.*, Case No. 30-2011-00460847-CU-BC-CJC commenced in the Superior Court of California,

County of Orange, and removed to the California Bankruptcy Court as Adv. Pro. 11-1212-ES,

(ii) research with respect to the defense of such action and the plaintiff's demand for a jury trial,

(iii) research for and preparation of a petition for removal of such action to the California

Bankruptcy Court, and (iv) research for and preparation of a motion to dismiss such action; and

(b) meetings with respect to and research regarding the state court action commenced by Bond

Safeguard against Bruce Elieff, the nondebtor principal of the SunCal Debtors and the impact of

---

[5] Due to the confidential nature of time entries associated therewith, such entries have been redacted in the filed
version of this Interim Application.  Unredacted copies are being provided to the service parties.

such action on the cross-indemnity claims asserted by Bond Safeguard against the SunCal

Debtors.

Fees:  $69,012.50          Total hours:    90.1

**S.      2004 Issues [Code 4100]**

      46.    Time billed in this category relates to (a) meetings regarding, research for,

and the preparation of a motion (the "Del Rio 2004 Motion") [Docket No. 1960] pursuant to

Bankruptcy Rule 2004 for the examination of, and production of documents by, Del Rio and

SunCal Management with respect to unauthorized payments made by Del Rio to creditors of Del

Rio from Community Facilities District Bond proceeds in which certain of the Lehman Entities

claim an interest, (b) handling discovery disputes with respect to the order granting the Del Rio

2004 Motion (the "Del Rio 2004 Order") and correspondence with WGM and opposing counsel

with respect thereto, (c) preparation of subpoenas issued under the Del Rio 2004 Order, and (d)

the preparation of a motion [Docket No. 2226] to compel compliance with the Del Rio 2004

Order.

Fees:  $34,934.00          Total hours:    43.6

**T.      Appeals [Code 4200]**

      47.    Time billed in this category relates to the preparation of pleadings,

correspondence with WGM, preparation for hearings and related services in connection with the

appeals (the "Appeals") of various orders of the California Bankruptcy Court and the 9th Cir.

BAP as follows:

    (a)    9th Cir. BAP Nos. 09-1100 through 09-1107 relate to appeals to the Bankruptcy

            Appellate Panel for the Ninth Circuit of several orders entered by the California

Bankruptcy Court denying various motions for relief from the automatic stay filed by LCPI and Lehman ALI in the SunCal Chapter 11 Cases.  LCPI and Lehman ALI appealed aspects of the orders impacting the automatic stay applicable to LCPI.

(b)    Case No. 10-6004 pending in the 9th Circuit relates to the appeal by the SunCal Debtors of the decision by the 9th Cir. BAP in the 9th Cir. BAP appeals set forth above in subsection (a), which decision reversed the California Bankruptcy Court.

(c)    9th Cir. BAP No. 10-1007 relates to the consolidated cross-appeals to the 9th Circuit of the Lehman Entities and the SunCal Debtors of the California Bankruptcy Court's order providing, among other things, that the Lehman Entities were authorized to file proofs of claim in the SunCal Chapter 11 Cases as agents of Fenway.

(d)    9th Cir. BAP No. 09-1121 relates to the appeal to the 9th Cir. BAP of an order entered by the California Bankruptcy Court granting the SunCal Debtors' motion for leave to file a second amended complaint to, among other things, name LCPI as a defendant in the Equitable Subordination Action.

Fees:  $5,031.50          Total hours:    6.3

**U.    <u>Examiner Issues [Code 4500]</u>**

48.    Time billed in this category relates to examiner issues in the SunCal Chapter 11 Cases.[6]

---

[6] Due to the confidential nature of time entries associated therewith, such entries have been redacted in the filed version of this Interim Application.  Unredacted copies are being provided to the service parties.

Fees:  $12,992.00          Total hours:    17.7

## V.    PSZJ Fees [Code 4600]

49.    Time billed in this category relates to the preparation of interim fee

applications and responses to Fee Committee reports and related services.

Fees:  $27,392.25          Total hours:    61.75

## W.    PSZJ Retention [Code 4700]

50.    Time billed in this category relates to conferences with respect to, research

for, and preparation of PSZJ's application to expand the scope of services provided to the

Debtors.

Fees:  $6,771.00          Total hours:    10.8

### Expenses Incurred by PSZJ

51.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual,

necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy

Code.  The total amount of the expenses is $63,016.88 for the Interim Period, as detailed in the

attached Exhibit D.  As set forth above in paragraph 23, PSZJ seeks reimbursement for expenses

incurred in rendering services to the Debtors during the Interim Period in the amount of

$18,905.03.

52.    In accordance with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and the Guidelines, PSZJ maintains the following policies with respect to

expenses for which reimbursement is sought herein:

(a)    No amortization of the cost of any investment, equipment, or capital
outlay is included in the expenses. In addition, for those items or services
that PSZJ purchased or contracted from a third party (such as outside copy

services), PSZJ seeks reimbursement only for the exact amount billed to PSZJ by the third party vendor and paid by PSZJ to the third party vendor.

(b)     Photocopying by PSZJ was charged at 10 cents per page. To the extent practicable, PSZJ utilized less expensive outside copying services.

(c)     Telecopying by PSZJ was charged to its clients at the cost of the long distance call required to send the facsimile. The firm did not impose any charge to its clients for local facsimiles, inbound facsimiles, interoffice facsimiles or facsimiles costing less than $1.00.

(d)     Meals charged to the Debtors for PSZJ personnel were associated with out of town travel, working meetings, or dinner for PSZJ professionals working past 8:00 p.m.  All meals have been written down to $20 per person.

(e)     The time pressures associated with the services rendered by PSZJ frequently required PSZJ's professionals and paraprofessionals to devote substantial amounts of time during the evenings and on weekends. PSZJ has not charged the Debtors for secretarial and other staff overtime expense associated with such after-hours work.

**The Requested Compensation Should Be Allowed**

53.     Section 330 of the Bankruptcy Code provides that the Court may award a

professional person employed under section 327 or 1103 of the Bankruptcy Code:

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1).

11 U.S.C. § 330(a)(1).

54.     In determining the amount of reasonable compensation to be awarded, the

court shall consider the nature, the extent, and the value of such services, taking into account all

relevant factors, including—

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

55.    PSZJ respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein. The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases. PSZJ's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought by PSZJ is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

### Statements of PSZJ Pursuant to Bankruptcy Rule 2016(a)

56.    PSZJ has received a total of $71,076.68 from the Debtors relating to fees and expenses on account of services provided by PSZJ for the benefit of the Debtors during the Interim Period.

57.    No agreement or understanding exists between PSZJ and any third person

for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code

and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among

partners of PSZJ.  All of the services for which compensation is sought in this Interim

Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the

request of, or on behalf of, any other person or entity.

### Notice

58.    Notice of this Interim Application and its exhibits will be given to (a) the

Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors'

Committee; and (e) the Fee Committee.  PSZJ respectfully submits that no other or further notice

is required.

WHEREFORE, PSZJ respectfully requests that the Court enter an order:

(a) allowing interim compensation of $625,068.78 to PSZJ for professional services rendered as

special counsel for the Debtors during the Interim Period, plus reimbursement of actual and

necessary charges and disbursements incurred in the sum of $18,905.03 in connection with

PSZJ's services during the Interim Period; (b) authorizing and directing the Debtors to pay to

PSZJ the amount of $572,897.13, which consists of (i) the unpaid amount held back for the

month of February 2011 in the total amount of $16,951.10; and (ii) fees and expenses incurred

from March through May 2011 in the total amount of $555,946.03, and (c) granting to PSZJ such

other and further relief as the Court may deem proper.

Dated:   August 15, 2011          PACHULSKI STANG ZIEHL & JONES LLP

By      */s/ Dean A. Ziehl* _____
       Richard M. Pachulski
       Dean A. Ziehl
       Maria A. Bove
       780 Third Avenue, 36th Floor
       New York, NY 10017
       Telephone: 212.561.7700
       Facsimile:  212.561.777