KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz
Michael J. Bowe
Robert M. Novick
Albert S. Mishaan

*Special Counsel for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

------------------------------x

# SUMMARY OF FOURTH INTERIM APPLICATION OF KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM <u>FEBRUARY 1, 2011 THROUGH MAY 31, 2011</u>

# SUMMARY SHEET

| | |
|---|---|
| **Name of Applicant** | Kasowitz, Benson, Torres & Friedman LLP |
| **Authorized to Provide Professional Services to** | Debtors and Debtors in Possession |
| **Date of Retention** | January 28, 2010 (*nunc pro tunc* to January 6, 2010) |
| **Compensation Period** | February 1, 2011 through May 31, 2011 |
| **Fees Incurred for Counsel** | $730,681.00[1] |
| **Expenses Incurred** | $16,476.19[2] |
| **Prior Interim Applications Filed** | **First Interim Fee Application**, filed August 16, 2010, for the period from February 1, 2010 through and including May 31, 2010[3] [Docket No. 10787] **Total Fees Requested:** $186,714.5 **Total Expenses Requested:** $125,292.82 **Total Fee Allowed:** Pending **Total Expenses Allowed:** Pending |
| | **Second Interim Fee Application**, filed December 14, 2010, for the period June 1, 2010 through and including September 30, 2010 [Docket No. 13469] **Total Fees Requested:** $203,130.00 **Total Expenses Requested:** $7,221.58 **Total Fees Allowed:** Pending **Total Expenses Allowed:** Pending |

---

[1] This amount includes the 20% of such fees held back pursuant to the Compensation Order (defined below). Moreover, this amount is net of a voluntary reduction of $83,859.00, deducted from fees for the month of May 2011 and reflected on the May 2011 monthly fee statement.

[2] This amount reflects the effective of a voluntary reduction of $8.53 taken for long distance telephone calls, per agreement with the Fee Committee.

[3] Includes *de minimis* fees incurred in January 2010.

2

|  |  |
|---|---|
|  | **Third Interim Fee Application**, filed June 2, 2011, for the period October 1, 2010 through and including January 31, 2011 [Docket No. 17345]<br>**Total Fees Requested:** $175,910.50<br>**Total Expenses Requested:** $61,991.94<br>**Total Fees Allowed:** Pending<br>**Total Expenses Allowed:** Pending |
| **Blended Hourly Rate for Fees Incurred During Compensation Period** | $336.48 |
| **Blended Hourly Rate for Fees Incurred During Compensation Period (Attorneys Only)** | $422.33 |

**Hours, Rates and Fees for Services Rendered During the Fourth Interim Fee Period**

| Name of Professional | Year Admitted | Title | Rate 2011 | Total Hours | Total Amount |
|---|---|---|---|---|---|
| Michael J. Bowe | 1993 | Partner | $750 | 30.80 | 23,100.00 |
| Marc E. Kasowitz | 1978 | Partner | $1,000 | 1.50 | 1,500.00 |
| Albert Mishaan | 1995 | Partner | $685 | 3.90 | 2,671.50 |
| Robert M. Novick | 1994 | Partner | $775 | 2.30 | 1,782.50 |
| Gary W. Dunn | 1990 | Associate | $450 | 670.20 | 301,590.00 |
| Anna L. Felix | 2007 | Associate | $275 | 119.60 | 32,890.00 |
| Benjamin S. Goldstein | 2009 (NJ) | Associate | $275 | 148.40 | 40,810.00 |
| Jennifer S. Recine | 2004 | Associate | $435 | 0.70 | 304.50 |
| Stefan R. Stoyanov | 2004 | Associate | $480 | 68.40 | 32,832.00 |
| Michelle J. Vladimirsky | 2007 | Associate | $360 | 75.30 | 26,355.00 |
| Karina Aiello Rocha | 2006 | Staff Attorney | $300 | 178.00 | 53,400.00 |
| Matthew Cowherd | 2007 | Staff Attorney | $265 | 153.70 | 40,730.50 |
| Jorge Diaz | 2000 | Staff Attorney | $375 | 68.80 | 25,800.00 |
| Manjit Kalirao | 2005 | Staff Attorney | $300 | 92.10 | 27,630.00 |
| Dara J. Kaufman | 2004 | Staff Attorney | $325 | 67.00 | 21,775.00 |
| J. John Kim | 2005 | Staff Attorney | $395 | 9.30 | 3,673.50 |
| Patrick Moore | 2002 | Staff Attorney | $375 | 238.70 | 89,512.50 |
| Gregory S. Berry | N/A | Law Clerk | $275 | 34.10 | 9,377.50 |
| Aneta Naumova Brzova | N/A | Law Clerk | $175 | 307.30 | 53,777.50 |
| Thomas J. Albuquerque | N/A | Lit. Support | $175 | 4.00 | 700.00 |
| Michael Birnbaum | N/A | Paralegal | $165 | 6.40 | 1,056.00 |
| Tina Bui | N/A | Paralegal | $165 | 73.60 | 12,144.00 |
| Christine F. Gleitsmann | N/A | Paralegal | $225 | 3.30 | 742.50 |
| Gabriel Irizarry | N/A | Paralegal | $165 | 54.60 | 9,009.00 |
| Lianne S. Roberge | N/A | Paralegal | $195 | 2.50 | 487.50 |
| Richard M. LaRosa | N/A | Managing Clerk | $225 | 0.50 | 112.50 |
| Jack W. Morrison | N/A | Managing Clerk | $130 | 5.30 | 689.00 |
| Francisco J. Velez | N/A | Managing Clerk | $175 | 0.50 | 87.50 |
| SUBTOTAL: | | | | 2,420.80 | $814,540.00 |
| **Less Voluntary Reduction of May 2011 Fees** | | | | | ($83,859.00) |
| **Total Fees Requested** | | | | | $730,681.00 |

4

KASOWITZ, BENSON, TORRES
  & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
(212) 506-1700
Marc E. Kasowitz
Michael J. Bowe
Robert M. Novick
Albert S. Mishaan

*Special Counsel for Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

------------------------------------x

**FOURTH INTERIM APPLICATION OF
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP, SPECIAL COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM
FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

Kasowitz, Benson, Torres & Friedman LLP ("KBT&F"), special counsel to Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), hereby submits this application (the "Fourth Interim Application" or the "Application"), pursuant to sections 330 and 331 of Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for

5

allowance of interim compensation for professional services rendered in the amount of $730,681.00, and reimbursement of actual, reasonable, and necessary out-of-pocket expenses incurred in the amount of $16,476.19 during the period beginning February 1, 2011 through and including May 31, 2011 (the "Interim Fee Period"), and, in support thereof, respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear and determine the Fourth Interim Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein include 11 U.S.C. §§ 330(a) and 331.

## GENERAL BACKGROUND

2. Commencing on September 15, 2008, and periodically thereafter (the "Petition Date"), the Debtors commenced the within cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are operating their business and managing their properties as debtors in possession.

3. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

5. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009,

the Court approved the U.S. Trustee's appointment of the Examiner. On March 11, 2010, the Examiner issued his report pursuant to section 1106(b) of the Bankruptcy Code. On July 13, 2010, the Court entered an order discharging the Examiner and his professionals.

6. On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") to make recommendations with respect to fees and expenses of retained professionals in these cases.

7. On January 24, 2011, the Court entered an order modifying the composition of the Fee Committee. On April 14, 2011, the Court entered an order approving a revised fee protocol (as modified, the "Fee Protocol").

8. On January 25, 2011, the Debtors filed a first amended joint chapter 11 plan and disclosure statement [Docket Nos. 14150 and 14151].

## RETENTION OF KBT&F

9. On January 11, 2010, the Debtors, pursuant to sections 327(e) and 328(a) of title 11 of the Bankruptcy Code, filed an application for authorization to employ and retain, *nunc pro tunc* to January 6, 2010 (the "Engagement Date"), KBT&F as special counsel (the "Debtors' Application").

10. On January 28, 2010, this Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kasowitz, Benson, Torres & Friedman LLP as Special Counsel, *Nunc Pro Tunc* to the Engagement Date (the "Retention Order").

11. The Retention Order authorizes KBT&F to represent the Debtors in the investigation of "third parties who may have, prior to the Commencement Date, taken actions or made statements that interfered with, and damaged, the Debtors' business (the "Illegal Activity"); and (2) to commence litigation and prosecute, with the Debtors' authorization, third

7

parties who have engaged in Illegal Activity."

## MONTHLY FEE STATEMENTS AND QUARTERLY APPLICATIONS

12.  KBT&F seeks allowance of interim compensation for professional services rendered to the Debtors during the Interim Fee Period in the amount of $730,681.00 (including payment of the 20% of such fees previously "held back"), and reasonable out-of-pocket expenses in the amount of $16,476.19. During the Interim Fee Period, KBT&F professionals and paraprofessionals expended a total of 2,420.80 hours.[4]

13.  This Application has been prepared in accordance with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 20, 1991 and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (together, the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the *Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals*, dated April 14, 2011 [Docket No. 15997] (the "Compensation Order," and together with the Local Guidelines and the UST Guidelines, the "Guidelines"). Annexed hereto as "Exhibit A" is a certification regarding compliance with the Guidelines.

14.  The Compensation Order established a procedure for, *inter alia*, the payment of interim fees and expenses to professionals employed by the Debtors on a monthly basis. KBT&F prepared and served fee statements in accordance with the Compensation Order on a

---

[4] Although KBT&F expended such hours, KBT&F voluntarily reduced its fees, as discussed below.

8

monthly basis.

15. This Application is KBT&F's fourth interim fee application and through which KBT&F seeks payment of interim compensation and reimbursement of expenses for services rendered to the Debtors in amounts that have been invoiced to the Debtors for the period from February 1, 2011 through May 31, 2011. Pursuant to the Fee Protocol, KBT&F is providing a copy of this Application to the Fee Committee.

16. For the period February 1, 2011 through and including May 31, 2011, KBT&F submitted four monthly fee statements (the "Monthly Fee Statements"). Through the Monthly Fee Statements, KBT&F requested and was paid interim fee compensation in the amount of $584,544.80 (representing 80% of the fees billed by KBT&F from February 1, 2011 through May 31, 2011), and expenses incurred in the total amount of $16,484.72 (100% of the expenses billed by KBT&F from February 1, 2011 through May 31, 2011).

17. There is no agreement or understanding between KBT&F and any other person for the sharing of compensation to be received for services rendered in these cases.

18. KBT&F's fees in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures. The rates KBT&F charges for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are the same rates KBT&F charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive legal market.

19. KBT&F has not billed time for work performed by summer associates.

20. Pursuant to the UST Guidelines, the Summary Sheet filed in connection with

this Application sets forth the number of hours expended by each attorney and paraprofessional of KBT&F who rendered services to the Debtors, their respective hourly rates, and the year in which each KBT&F attorney was first admitted to practice in New York.

21. Annexed hereto as "Exhibit B" is a schedule specifying the categories of expenses for which KBT&F is seeking reimbursement and the total amount for each expense category. Annexed hereto as "Exhibit B-1" are schedules specifying categories of expenses using project categories hereinafter described.

22. Annexed hereto as "Exhibit C" is a summary of KBT&F's time records billed during the Interim Fee Period using "project categories" hereinafter described. Annexed hereto as "Exhibit C-1" are summaries of KBT&F's time records billed during the Interim Fee Period using "project categories", broken down by attorney.

23. KBT&F maintains contemporaneously created computerized records of the time spent by all KBT&F attorneys and paraprofessionals in connection with the representation of the Debtors in these cases.[5]

## SUMMARY OF SERVICES RENDERED BY KBT&F DURING THE INTERIM FEE PERIOD

24. The professional services that KBT&F rendered during the Interim Fee Period are grouped into "project categories" that are described below.

### a. Project Monitoring/Court Calendar & Docket Maintenance (Task Code - 0300)

**(Fees: $4,323.00; Hours Billed: 26.20; Expenses: $48.44)**

25. Time billed to this matter during the Interim Fee Period reflects time spent by

---

[5] Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) Chambers; (ii) the United States Trustee; (iii) bankruptcy counsel for Debtors; and (iv) the Fee Committee.

10

KBT&F reviewing pleadings and documents filed on the docket in connection with KBT&F's ongoing investigation of possible claims by the Debtors against third parties. Furthermore, this category includes substantive time spent in connection with the organization and maintenance of files and evidence related to KBT&F's ongoing investigation of possible claims by the Debtors against third parties and the monitoring of the Court's calendar and docket.

### b. Equity Holders/Motions/Hearings/Communications (Task Code - 1000)

**(Fees: $776.50; Hours Billed: 5.80; Expenses: $0)**

26. This category includes time spent by KBT&F's managing attorney's office advising on local rules regarding filing and service of pleadings, as well performing filing and service of such pleadings.

### c. Rule 2004 Discovery Issues (Task Code - 4100)

**(Fees: $797,388.00; Hours Billed: 2,356.80; Expenses: $16,332.40[6])**

27. Time billed to this category during the Interim Fee Period reflects work done in furtherance of the investigation commenced by KBT&F on behalf of the Debtors into whether the Debtors have pre-petition claims against third parties arising from wrongful interference with, and damage to, the Debtors' business. In furtherance of this investigation, KBT&F, among other things, spent time negotiating and drafting confidentiality stipulations regarding the production of documents with potential targets.

28. KBT&F also spent time reviewing documents, conducting factual research, and analyzing evidence discovered to date. This effort included conducting legal and factual research regarding certain rumors and analyzing the legal ramifications of those rumors, and

---

[6] KBT&F, as per agreement with the Fee Committee, has deducted $8.53 originally charged for long distance telephone calls.

11

possible claims arising from them. Much time was spent researching potential causes of action to be brought against targets, as well as legal research pertaining to damages incurred.

29. This category also includes time KBT&F spent conferring with Debtors regarding preparation for any Rule 2004 document production received by KBT&F, as well as background research in connection with Lehman's collapse. This includes additional factual research into potential witnesses and interviewing former management of Lehman.

30. Finally, this category includes time spent preparing a motion to compel production of documents from Goldman Sachs, as well as numerous hours spent in discussion with counsel for Goldman Sachs regarding production of documents.

### d. Firm's Own Billing/Fee Applications
### (Task Code - 4600)

### (Fees: $12,052.50; Hours Billed: 32.00; Expenses: $95.35)

31. The majority of time billed to this matter during the Interim Fee Period reflects time KBT&F spent in responding to requests for information and other concerns of the Fee Committee in connection with previous interim fee statements. This category also includes time spend preparing and drafting KBT&F's Monthly Fee Statements, as well as time spent preparing KBT&F's Third Interim Fee Application.

## DISBURSEMENTS

32. In connection with the provision of the legal services detailed in the Exhibits hereto and summarized above, KBT&F has incurred out-of-pocket disbursements during the Interim Fee Period in the amount of $16,476.19. This amount is broken down into categories of charges, as set forth in Exhibit B and Exhibit B-1, which summarizes the expenses incurred for the Interim Fee Period.

33. Expenses billed during the Interim Fee Period include professional investigative services ($13,029.38) provided by the KBTF Group, LLC (the "KBTF Group"). The KBTF Group investigators, at the direction of counsel, investigated and interviewed witnesses and developed contacts and sources with potential knowledge of material information related to possible claims. The investigative services provided by the KBTF Group included traveling to and attending meetings in furtherance of the investigation. Attached hereto as Exhibit D are invoices for the services provided by the KBT&F Group.

34. KBT&F only seeks reimbursement at actual cost for disbursements incurred both in-house and from third party vendors. With respect to photocopying expenses, KBT&F charges $.10 per page. With respect to facsimile expenses, KBT&F excludes charges for incoming facsimiles and includes charges for outgoing facsimiles at applicable toll charge rates only. These charges are intended to cover KBT&F's direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into KBT&F hourly billing rates. Only clients who actually use photocopying, facsimile, and other office services of the types set forth in Exhibit B are separately charged for such services, and only to the extent utilized.

35. Expenses for automated legal research and the searching of official records were also incurred. On several occasions, mailing charges were incurred. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors.

**INTERIM COMPENSATION AND REIMBURSEMENT IS WARRANTED**

36. The professional services performed by KBT&F were actual, necessary and appropriate to the administration of the Debtors' chapter 11 cases and were in the best interests of the Debtors and their stakeholders.

13

37. Section 331 of the Bankruptcy Code allows a bankruptcy court to authorize interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title . . . not more than once every 120 days after an order for relief in a case under this title . . . ."

38. Section 330(a)(1)(A) and (B) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered" and "reimbursement for actual, necessary expenses." Section 330(a)(3)(A), in turn, provides that:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A. the time spent on such services;
> B. the rates charged for such services;
> C. whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> E. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3)(A).

39. KBT&F respectfully submits that the elements governing awards of compensation justify the allowance request.

### a. The Time and Labor Required

40. The professional services rendered by KBT&F required the continuous expenditure of substantial time and effort, under time pressures that sometimes required the performance of services late into the evening and, on a number of occasions, over weekends and holidays. The services rendered required a high degree of professional competence and expertise

in order to be administered with skill and dispatch. During the Interim Fee Period, 425.60 recorded hours were expended by KBT&F's partners, associates, and legal assistants in providing the requested professional services. KBT&F's hourly billing rates, as set out in the Application Summary, are computed at the rates KBT&F regularly charges its hourly clients.

### b. The Necessity of the Services and the Benefit to the Estate

41.    KBT&F's services are essential to the investigation, and possible prosecution, of potentially valuable pre-petition claims against third parties who may have sought to wrongfully exploit the Debtors and profit from the resultant harm. Any such claims would constitute valuable assets of the Debtors' estate, and KBT&F's services are vital to the identification and preservation of these assets.

### c. The Novelty and Difficulty of the Issues Presented in this Case

42.    KBT&F's services of necessity involve the investigation of sophisticated third parties and intricate fact patterns. Among the difficulties posed by this investigation is the fact that any wrongdoers have a strong incentive to conceal their malfeasance, and the development of claims against them will necessarily pose an array of complex and novel legal issues.

### d. The Experience, Reputation and Ability of the Attorneys

43.    KBT&F has extensive experience in the areas of insolvency and complex commercial litigation. KBT&F's services on behalf of the Debtors have been rendered in a highly efficient manner by attorneys who have achieved a high degree of expertise in these areas. The skill and competency of the KBT&F attorneys who have represented the Debtors have ensured that these cases have been administered in the most efficient and expeditious manner.

## NOTICE

44.    Notice of this Application, as set forth in the Compensation Order, has been

15

given to (a) the Debtors, (b) counsel for the Debtors, (c) the Office of the United States Trustee, (d) Counsel for the Official Committee of Unsecured Creditors, and (e) the Fee Committee.

45. No other or prior application or motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

46. WHEREFORE, for all of the foregoing reasons, KBT&F respectfully requests that this Court issue an order substantially in the form of the proposed form of order attached hereto as Exhibit E: (i) allowing compensation for professional legal services rendered as Special Counsel for the Debtors in the amount of $730,681.00 for the Interim Fee Period; (ii) allowing reimbursement for actual and necessary expenses incurred in the amount of $16,476.19 for the Interim Fee Period; and grant such other and further relief as this Court may deem necessary and appropriate.

Dated: August 15, 2011
      New York, New York

                                   KASOWITZ, BENSON, TORRES
                                   & FRIEDMAN LLP

                                   By:  /s/ Robert M. Novick
                                           Marc E. Kasowitz
                                           Michael J. Bowe
                                           Robert M. Novick
                                           Albert S. Mishaan
                                           1633 Broadway
                                           New York, New York 10019
                                           (212) 506-1700

                                           *Special Counsel for the Debtors*
                                           *and Debtors-in-Possession*