WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------x

DECLARATION OF GREGORY H. CHASTAIN
IN SUPPORT OF DEBTORS' MOTION PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 9019 FOR APPROVAL OF A SETTLEMENT
AND COMPROMISE AMONG LEHMAN BROTHERS HOLDINGS INC., LEHMAN
COMMERCIAL PAPER INC., AND STATE STREET BANK AND TRUST COMPANY

Pursuant to 28 U.S.C. § 1746, I, Gregory H. Chastain, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge. If called to testify, I could testify to the truth of the matters set forth herein.

2. I submit this declaration in support of the *Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of a Settlement and Compromise Among Lehman Brothers Holdings Inc., Lehman Commercial Paper Inc., and State Street Bank and Trust Company* (the "Motion"),[1] dated July 27, ECF No. 18542.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

3. I am a Senior Director with Alvarez & Marsal Real Estate Advisory Services, LLC ("A&M") and have more than 17 years of real estate advisory experience. I have worked at A&M for approximately six years and have been on assignment at the Debtors since 2008. Prior to joining A&M, I was a Senior Manager with Deloitte LLP in its Financial Advisory Services practice group, focused on real estate. I received a bachelor's degree from Millsaps College and a *juris doctor* from the University of Texas School of Law.

4. In my current capacity at Lehman, I work directly with the co-heads of Lehman's Real Estate Group, am a member of Lehman's real estate executive committee and my responsibilities include financial reporting and implementing Lehman's real estate strategies. I have knowledge of, or have worked with or overseen Lehman employees who have knowledge of, the discussions related to the transactions discussed in the Motion and in this Declaration. It is in my business judgment that the relief requested in the Motion is in the best interests of the Debtors and their estates.

5. On May 1, 2007, LCPI and State Street entered into the MRA, and LBHI guaranteed LCPI's obligations thereunder. Pursuant to the MRA, LCPI, as Seller, sold the Purchased Assets to State Street, as Buyer, for a purchase price of $1 billion, and LCPI agreed to repurchase the Purchased Assets on a date certain for a purchase price of $1 billion plus the Price Differential. State Street has alleged that between September 10 and September 16, 2008, LCPI breached the MRA by failing to pay the required daily Price Differential in an amount no less than $520,000, which breach constituted an event of default under the MRA. Pursuant to the MRA, State Street alleges that it became entitled to LCPI's ownership interest in the Purchased Assets and the Price Differential.

6. State Street filed the Deficiency Claims to recover amounts allegedly owing to State Street under the MRA and the related Guarantee and commenced the Adversary Proceeding with respect to State Street's alleged rights under the MRA and the Guarantee. State Street and the Debtors have been involved in ongoing disputes regarding the Deficiency Claims and the relief sought in the Adversary Proceeding. After extensive, arms'-length and good-faith negotiations, the Debtors and State Street arrived at a settlement, which is set forth in the Settlement Agreement.

7. In order to resolve the disputes between the Parties regarding the Deficiency Claims and certain other disputes relating to the Purchased Assets, and to avoid protracted, costly, and uncertain litigation, the Parties have entered into the Settlement Agreement. The Settlement Agreement principally provides for (i) the reduction and allowance of the Deficiency Claims asserted by State Street against both LCPI and LBHI, as general, unsecured, non-priority claims, each in the fixed, liquidated amount of $400 million, a reduction of approximately 37% from the amount asserted by State Street; (ii) withdrawal with prejudice of the Adversary Proceeding; (iii) the sale of the ProLogis Loan, one of the Purchased Assets; and (iv) mutual releases.

8. The Lehman Parties' entry into the Settlement Agreement is in their best interests. The Lehman Parties may have substantial liabilities arising out of the Deficiency Claims, and the Settlement Agreement obviates costly and protracted litigation with State Street, which would require significant expenditures of both time and resources by the Lehman Parties and their professionals.

9. The Settlement Agreement allows the Deficiency Claims in the amount of $400 million, which amount is significantly below the approximately $638 million asserted by

State Street with respect to the Deficiency Claims. When considered in light of the other benefits of the Settlement Agreement, and based upon the Debtors' analysis of the loan attributes, property information, loan performance and collateral values with respect to the Purchased Assets, the amount of the Deficiency Claims to be allowed pursuant to the Settlement Agreement is reasonable.

10. The Debtors and their non-Debtor affiliates will benefit from the purchase or pay-off of the ProLogis Loan because they will be able to entertain restructuring alternatives for ProLogis and its affiliates without the necessity for State Street's consent, which the Debtors believe may materially enhance the value of their existing holdings.

I declare under penalty of perjury under the laws of the Unites States that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of August 2011.

_____
Gregory H. Chastain