# EXHIBIT 1

**Letter of Intent
dated June 1, 2007**

DOCSNY-475441v1

June 1, 2007

Mr. Kerry Adler
Chief Executive Officer
SkyPower Corporation
250 Yonge Street, 16th Floor
Toronto, Ontario, Canada
M5B 2L7

*RE: Letter of Intent*

Dear Mr. Adler:

This letter confirms the agreement of Lehman Brothers and certain of its affiliates ("Lehman"), Kerry Adler ("Adler") as an owner of shares in and having the right to exercise "drag" rights on all other shareholders (collectively with Adler, the "Selling Shareholders") of SkyPower Corporation ("SkyPower" or the "Company" and collectively with Lehman and Selling Shareholders, the "Parties") and the Company to enter into a transaction (the "Transaction") pursuant to which Lehman will (1) acquire a 50% interest in an acquisition vehicle ("Acquisitionco") which in turn will acquire 100% of the Selling Shareholders' interests in SkyPower and (2) subject to Lehman's project by project approval rights, fund the equity investment necessary to complete development of the Company's proposed projects. The Transaction is based on a "pre-money" valuation at U.S. $ 175 million for the wind and solar businesses of the Company, and all other assets of the Company (including working capital and cash on the balance sheet), with the 50% of the existing shares to be acquired for a total consideration of U.S. $ 87.5 million. All financial terms herein shall be stated in U.S.$, and currency risk shall be with the Selling Shareholders. The terms of the Transaction are as set forth in the attached documents: (1) the draft Stock Purchase Agreement (the "SPA") among Lehman, Acquisitionco, the Company, the Selling Shareholders and the Company's option and warrant holders, which will include an agreement by the Company to pay (a) the fees of Marathon Capital, Genuity Capital and legal expenses of the Company, in an aggregate amount not to exceed U.S.$6 million and (b) fees and expenses (including legal and outside consultants) of Lehman Brothers, not to exceed U.S.$1.5 million; (2) the Term Sheet for Shareholders Agreement (the "Shareholder Agreement") to Govern Acquisitionco and its Subsidiaries; (3) a Memo (the "Memo") dated June 1, 2007 by Goodmans LLP re Proposed Investment in SkyPower Corp.; and (4) termsheets regarding employment agreements and stock option plans (the "Employment Agreements"). The Parties agree to negotiate in good faith and as promptly as practicable the finalization of the definitive documents for the Transaction consistent with the Memo, including the SPA, the Shareholder Agreement and the Employment Agreements (collectively, the "Transaction Documents"). The execution of the Transaction Documents, and the closing of the Transaction, are subject to the negotiation in good faith and completion of the Transaction Documents, the preparation by the Company of the Disclosure Schedule and acceptance thereof by Lehman, the satisfaction of the conditions precedent set forth in the Transaction Documents (except to the extent waived or modified by this letter), and the absence of any material adverse change after the date hereof on, or the discovery or disclosure of any information after the date hereof that is materially and adversely inconsistent with any information disclosed to Lehman prior to the date hereof with respect to, the business, condition (financial or otherwise), assets, properties, liabilities, results of operations or prospects of SkyPower and its subsidiaries or the validity or enforceability in any material respect of



any Transaction Document. For the purpose of the foregoing, an event or circumstance (or an inconsistency in information) shall be considered "material and adverse" only if (1) the aggregate effect thereof shall, in the reasonable judgment of Lehman Brothers, diminish the value of the Company and its subsidiaries on a consolidated basis by more than U.S.$15 million or (2) involve the termination or prospective termination of the employment of any of the members of the management team. Lehman confirms that the due diligence reports required by it of its third party advisors have been completed. Adler confirms that he will exercise his "drag" rights on all other Selling Shareholders of the Company to effect the Transaction.

Non-Disclosure

This letter, its substance and the Transaction may not be disclosed to any third-party or circulated or referred to publicly (subject to the section on press releases below) without the Company's and Lehman's prior written consent except where such disclosure is required by law, and except that this letter may be disclosed (i) to the Company's and Lehman's management and boards of directors and other professional advisors in connection with the Transaction and (ii) to the extent required for the legitimate business needs of SkyPower or Lehman.

Conflicts of Interest

You acknowledge that Lehman, its other funds and/or any of its other affiliates (collectively, the "Lehman Entities") may be providing other services (including, without limitation, financial advisory services) to other entities or persons in respect of which you and/or your affiliates may have conflicting interests; you also acknowledge that the Lehman Entities have no obligation to use in connection with the Transaction contemplated by this letter agreement, or to furnish to you or any of your affiliates, confidential information obtained from other entities or persons.

Exclusivity/Non-Exclusivity

Lehman shall have a period of exclusivity (the "Exclusivity Period") ending on the earlier of the date of execution of the Transaction Documents and June 11, 2007. During the Exclusivity Period, each of Adler and the Company shall not, nor shall it permit any of its affiliates or its or their officers, directors, employees, advisors, consultants or other representatives or agents to, directly or indirectly, (i) take any action to solicit, initiate, encourage or otherwise facilitate the making of any offer or proposal for, or indication of interest in, any acquisition of, or investment in, the Company or any of its affiliates (or any securities or assets thereof), other than with Lehman and its representatives, or (ii) continue any existing discussions or negotiations with respect to, or otherwise respond to, any such offer, proposal or indication of interest. The Company shall notify Lehman immediately in writing of any such inquiry, offer, proposal or indication of interest. The Company acknowledges that the terms of this paragraph are in consideration for the time and expense to be committed by Lehman in evaluating and negotiating the Transaction.

Termination / Binding Provisions of This Letter

This letter agreement shall terminate upon the earlier to occur of (i) execution of the Transaction Documents or (ii) June 11, 2007. The obligations of the Company as set forth in this letter agreement shall be binding on the Company and Adler upon countersignature of this letter agreement and shall survive any termination of this letter and any investment in and/or purchase of the Company's securities by Lehman.

Jurisdiction

The Company and Adler hereby agree that any suit or proceeding arising out of or relating to this letter shall be made in the Federal or state courts in the Borough of Manhattan in The City of New York and hereby consent to exclusive jurisdiction and venue in such courts and waive any objection of



-2-

defense they may have based upon lack of personal jurisdiction, improper venue or inconvenient forum.

Press Releases/Public Announcements

The Company and Lehman Brothers agree to cooperate and work together in developing press releases and public announcements regarding the Transaction. Lehman shall have the right to review and approve any press releases by the Company, and the Company shall have the right to review and comment on any press releases by Lehman Brothers. The Company and Lehman agree to issue the attached press release.

Other

This letter agreement contains the entire understanding and agreement of the parties hereto and supersedes all prior agreements, understandings and negotiations among the parties hereto relating to the subject matter hereof. The invalidity or unenforceability of any of the provisions of this letter agreement shall not affect the validity or enforceability of any other provisions hereof, which shall remain in full force and effect. The terms and provisions of this letter agreement shall be binding on any successor of any party hereto, as if it were a party to this letter agreement. All or any part of Lehman's rights hereunder may be assigned by Lehman at any time to an affiliate of Lehman, without the consent of SkyPower, after which all references to Lehman with respect to this letter agreement shall be deemed to be to such affiliate, provided that Lehman Brothers will not be released from its obligations under this letter agreement without the consent of SkyPower. Adler and SkyPower may not assign, delegate or otherwise transfer its rights, duties or obligations hereunder without the prior written consent of Lehman, which consent may be withheld in Lehman's sole discretion. This letter agreement is made solely for the benefit of the parties hereto and may not be relied upon or enforced by any other person. This letter agreement may be amended or modified only by a writing signed by the parties hereto. This letter agreement may be executed in one or more counterparts, all of which, taken together, shall constitute one and the same agreement. Time shall be of the essence whenever and wherever a date or period of time is prescribed or referred to in this letter agreement. This letter agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to the conflicts of laws principles thereof.

*** Remainder of Page Intentionally Left Blank ***

If the above is acceptable, please so confirm by signing and returning the enclosed copy of this letter to the undersigned.

Very truly yours,

LEHMAN BROTHERS INC.

By: _____
Name: JOHN VEECH
Title: MANAGING DIRECTOR

Accepted and agreed to June  , 2007:

SKYPOWER CORPORATION

By: _____
Name: Kerry Adler
Title: Chief Executive Officer

By: _____
Name: Kerry Adler

-4-

If the above is acceptable, please so confirm by signing and returning the enclosed copy of this letter to the undersigned.

Very truly yours,

LEHMAN BROTHERS INC.

By: _____
Name:
Title:

Accepted and agreed to June , 2007:

SKYPOWER CORPORATION

By: _____
Name: Kerry Adler
Title: Chief Executive Officer

By: _____
Name: Kerry Adler

- 4 -