**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
                                                    :
**In re**                                           :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :    **08-13555 (JMP)**
                                                    :
                            **Debtors.**            :    **(Jointly Administered)**
                                                    :
----------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC. TO SELL INTEREST IN ROSSLYN SYNDICATION PARTNERS JV LP

Upon the motion, dated July 26, 2011 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI") and their affiliated

debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession

(the "Debtors"), pursuant to sections 105 and 363 of title 11 of the United States Code

(the "Bankruptcy Code") for authority to authorize their non-Debtor subsidiary to enter

into a purchase and sale agreement which provides for the private sale of the LP Interest[1]

in the Joint Venture and to enter into any and all related agreements and consummate any

and all related transactions in connection with such sale, all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration

of the Motion and the relief requested therein being a core proceeding pursuant to 28

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion.

U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided in accordance

with the procedures set forth in the second amended order entered June 17, 2010

governing case management and administrative procedures [ECF No. 9635] to (i) the

United States Trustee for Region 2; (ii) the attorneys for the Official Committee of

Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) counsel to the Potential Purchaser, and (vii) all parties who have requested notice in

these chapter 11 cases, and it appearing that no other or further notice need be provided;

and no objection to the Motion having been filed; and a hearing (the "Hearing") having

been held on August 17, 2011 to consider the relief requested in the Motion; and the

Court having found and determined that (a) the Debtors adequately marketed the LP

Interest and a private sale of the LP Interest is appropriate under the circumstances; (b)

the consideration being exchanged for the LP Interest is fair and reasonable under the

Bankruptcy Code, the laws of the United States, and all states, territories, and the District

of Columbia; (c) the relief sought in the Motion is in the best interests of the Debtors,

their respective estates and creditors, and all parties in interest and (d) the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy

Code, the Debtors are authorized to cause their non-Debtor subsidiary to enter into the

PSA and the LCPI Guarantee according to terms substantially similar to those set forth in

the Motion, which provides for the sale of the LP Interest in the Joint Venture; and it is

further

ORDERED that the Debtors are authorized to execute, deliver, implement

and fully perform any and all obligations, instruments, documents and papers and take

any and all actions reasonably necessary or appropriate to consummate the transactions

contemplated by the PSA and the LCPI Guarantee and to perform any and all obligations

contemplated therein; and it is further

ORDERED that the Debtors are authorized to cause their subsidiary to

execute, deliver, implement and fully perform any and all obligations, instruments,

documents and papers and to take any and all actions reasonably necessary or appropriate

to consummate the transactions contemplated by the PSA and the LCPI Guarantee, and to

perform any and all obligations contemplated therein; and it is further

ORDERED that the Debtors are authorized to amend, modify, or

supplement any of the terms of the PSA, the LCPI Guarantee or related transactions

documents, without the necessity of further Court proceeding or approval and without the

consent of any other party except for those required by such documents, except to the

extent that such changes have a material adverse effect on the estates of the Debtors; and

it is further

ORDERED that following the close of the transactions contemplated by

the PSA, none of the Debtors will have any continuing right, title, or interest in the LP

Interest (and to the extent the Debtors previously had any such right, title or interest, it is

hereby unconditionally released in consideration of the transaction set forth in the PSA)

and that any such right, title or interest that existed will attach to the proceeds of the sale of the LP Interest; and it is further

ORDERED that the LCPI is authorized and empowered to enter into the LCPI Guarantee and to take any and all action required thereunder and pursuant to the terms thereof; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that notwithstanding entry of this Order, all other rights, claims and defenses of each of the Debtors are reserved vis a vis each other with respect to the transactions contemplated by the PSA or the LCPI Guarantee; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: New York, New York
         August 17, 2011


            _s/ James M. Peck_____
            UNITED STATES BANKRUPTCY JUDGE