**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                    :

In re                           :      **Chapter 11 Case No.**
                                      :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :      **08-13555 (JMP)**
                                      :

                   **Debtors.**        :      **(Jointly Administered)**
                                      :

-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. AND LEHMAN COMMERCIAL PAPER INC. (I) TO CREATE TWO AUDITABLE CREDIT-WORTHY GUARNTORS, (II) TO CONTRIBUTE $50 MILLION TO EACH ENTITY, AND (III) TO MAKE  FUTURE CONTRIBUTION OF UP TO $50 MILLION TO EACH SUCH ENTITY, IF NECESSARY

Upon the motion, dated July 26, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (the "Debtors"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") for authority to (i) create two entities to be auditable credit-worthy guarantors, (ii) deposit into each such entity, as capital contributions, up to $50 million in cash to serve as guarantor for typical non-recourse carve outs, and (iii) without further Court approval, and only if necessary, deposit into each such entity, as capital contributions, an additional $50 million in cash, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New

---

[1] Terms not defined herein shall have the meaning ascribed to them in the Motion.

York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Borrowers and the Guarantor and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code, each of LBHI and LCPI are authorized and empowered to establish a direct subsidiary entity to serve as a guarantor for non-recourse loan carve outs as set forth in the Motion (each, a "Subsidiary Guarantor" and, together, the "Subsidiary Guarantors"); and it is further

2

ORDERED that each of LBHI and LCPI is authorized and empowered to contribute up to $50 million as a capital contribution to each such Subsidiary Guarantor; and it is further

ORDERED that each of LBHI and LCPI are authorized and empowered, without further authority of this Court, to contribute an additional $50 million as a further capital contribution to each Subsidiary Guarantor, if necessary for such entity to meet the required net worth tests; and it is further

ORDERED that each of LBHI and LCPI are authorized and empowered to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to establish the Subsidiary Guarantors; and it is further

ORDERED that each of LBHI and LCPI are authorized and empowered to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to make the capital contributions to each Subsidiary Guarantor as authorized by this Order; and it is further

ORDERED that each Subsidiary Guarantor will invest any and all funds held by such Subsidiary Guarantor in accordance with the Investment Guidelines Order entered in these chapter 11 cases [ECF No. 3048]; and it is further

ORDERED that upon dissolution of each Subsidiary Guarantor, any and all funds remaining in such Subsidiary Guarantor will flow back to its respective corporate parent; and it is further

3

ORDERED that the Debtors will provide notice to, and obtain the consent of, the Creditors' Committee of any guarantee issued by either of the Subsidiary Guarantors; provided, however, that the Debtors may, in their sole and absolute discretion, provide notice to the Creditors' Committee of the exercise of any remedies under any loans which the Debtors reasonably believe will result in the need for such a guarantee. The timing and type of such notice will be in accordance with the notice procedures for "Real Estate Loan Transactions" as set forth in the Real Estate Protocols Order [ECF No. 5912]; and it is further

ORDERED that if the Creditors' Committee receives notice of, and does not object to, the Debtors exercising remedies under any loan which the Debtors reasonably believe will result in the need for a guarantee from either of the Subsidiary Guarantors, the Creditors' Committee will be deemed to have consented to the issuance of such guarantee; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that notwithstanding entry of this Order, all other rights, claims and defenses of each of the Debtors are reserved vis a vis each other with respect to the transactions contemplated by this Motion; and it is further.

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      August 17, 2011

                                     _s/ James M. Peck_____
                                     UNITED STATES BANKRUPTCY JUDGE