**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    08-13555 (JMP)
                                                                  :
                       Debtors.                                   :    (Jointly Administered)
------------------------------------------------------------------x
                                                                  :
In re                                                             :    SIPA Case No.
                                                                  :
LEHMAN BROTHERS INC.,                                             :    08-01420 (JMP)
                                                                  :
                       Debtor.                                    :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
APPROVING SETTLEMENT AGREEMENT BETWEEN LEHMAN BROTHERS
HOLDINGS INC., AND JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN
BROTHERS INC., REGARDING LEHMAN BROTHERS UNCLAIMED FUNDS
IN COURT REGISTRY AND RELATED RELIEF**

Upon the motion, dated July 26, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc. (the "SIPA Trustee"), for authorization and approval, pursuant to Sections 105(a) of title 11 of the United State Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of a Settlement Agreement, and to enter an order for approval of the Settlement Agreement, all as more fully described in the Motion; and the Court having jurisdiction in the Chapter 11 Cases to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

---

[1] Capitalized terms used but not defined in this Order have the meanings ascribed to them in the Motion.

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein in the Chapter 11 Cases being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue as to the Chapter 11 Cases being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested in the SIPA Proceeding pursuant to SIPA § 78eee(b)(4); and venue as to the SIPA Proceeding being proper before this Court pursuant to SIPA §§ 78eee(a)(3) and 78aa; and due and proper notice of the Motion having been provided; and no objections to the Motion having been filed; and the Court having found and determined that the relief sought in the Motion appears to be in the best interests of the Debtors, LBI, their estates and creditors, and all parties in interest, it is

**ORDERED** that the Motion is granted in all respects; and it is further

**ORDERED** that the Settlement Agreement is authorized and approved pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED** that LBHI and the SIPA Trustee are authorized to take any and all actions reasonably necessary to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

**ORDERED** that the Clerk of the Court shall distribute the Lehman Brothers Unclaimed Funds and all interest accrued thereto through the date of distribution to the SIPA Trustee so that the SIPA Trustee shall effectuate the allocation and distribution of the Lehman Brothers Unclaimed Funds pursuant to the terms of the Settlement Agreement and this Order; and it is further

2

**ORDERED** that the New York State Comptroller Office of Unclaimed Funds (the "NYS OUF") shall make all future distributions of Lehman Brothers Unclaimed Funds to the SIPA Trustee on an annual basis and the SIPA Trustee shall promptly allocate and distribute such Funds, as further described in the Settlement Agreement, and the SIPA Trustee and the LBHI Entities shall hold the NYS OUF harmless upon receipt by the SIPA Trustee of each such distribution; and it is further

**ORDERED** that, upon receipt by Unclaimed Property Recovery Services, Inc. ("UPRS") of a final distribution of Lehman Brothers Unclaimed Property pursuant to the UPRS Stipulation, the SIPA Trustee's obligations under the UPRS Stipulation shall be deemed fully and forever satisfied and UPRS shall have no further claim arising from or relating to any portion of the Lehman Brothers Unclaimed Funds or any future distribution to LBI or the Debtors from the NYS OUF; and it is further

**ORDERED** the Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Settlement Agreement and resolve disputes thereunder and (ii) implement and enforce the provisions of this Order; and it is further

**ORDERED** that the failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the implementation of the transactions contemplated in the Settlement Agreement be approved in its entirety; and it is further

**ORDERED** that this Order shall be effective and enforceable immediately upon entry.

Dated: New York, New York
       August 17, 2011

                                          *s/ James M. Peck*
                                      UNITED STATES BANKRUPTCY JUDGE

4