UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                               :
                         Debtors.                              :    (Jointly Administered)
-------------------------------------------------------------------x

## ORDER GRANTING MOTION FOR AUTHORIZATION
## TO REJECT CERTAIN EXECUTORY CONTRACTS

Upon the motion dated August 2, 2011 (the "Motion") of Lehman Brothers Special Financing Inc. ("LBSF"), as debtor and debtor-in-possession (together with Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to section 365(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing LBSF's rejection of the contracts listed on the Schedule annexed hereto, including all transactions thereunder (the "Contracts"), and (ii) approving procedures for any claims that may be asserted as a result of such rejection, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each counterparty (the "Counterparty") and trustee (the "Trustee") to the Contracts; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; no objections to the Motion having been filed; the relief sought in the Motion appears to be in the best interests of the Debtors, their estates and creditors, and all parties in interest, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Contracts are hereby rejected; and it is further

ORDERED that the Debtors shall have the option to deliver to each Counterparty within ten (10) business days of the date hereof a statement that describes in reasonable detail the calculations used to determine the damages arising under the applicable Contract as a result of LBSF's rejection (the "Damages Calculation"); and it is further

ORDERED that if the Debtors do not deliver a Damages Calculation within ten (10) days of the date hereof or a Counterparty disputes the amount of damages set forth in the Damages Calculation, such Counterparty shall be required to file a proof of claim in compliance with the terms of the Bar Date Order[1] for damages arising under the Contract by no later than forty-five (45) days after the date hereof; provided, however, that if a Counterparty has already timely filed a proof of claim in compliance with the Bar Date Order for damages arising under such Contract, such Counterparty does not need to file an additional proof of claim to dispute the

---

[1] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof, and Approving the Proof of Claim Form, entered on July 2, 2009 [ECF No. 4271] (the "Bar Date Order").

amount of the damages set forth in the Damages Calculation or in the event that the Debtors do not deliver a Damages Calculation; and it is further

ORDERED that if a Counterparty (a) timely filed a proof of claim in accordance with the Bar Date Order or (b) timely files a proof of claim no later than forty-five (45) days from the date hereof, then (i) such Counterparty and the Debtors will each have the ability to assert all rights and objections in respect of claims arising under the applicable Contract and (ii) any party in interest will have the right to object to such proofs of claim arising under the Contract; and it is further

ORDERED that if the Debtors timely deliver a Damages Calculation and a Counterparty does not timely file, or has not already timely filed, a proof of claim in compliance with the terms established by the Bar Date Order for damages arising under the Contract, then such Counterparty will be deemed to have an allowed non-priority general unsecured claim against LBSF in the amount set forth in the Damages Calculation (subject to the treatment of such claims under a confirmed chapter 11 plan for the Debtors), and the Counterparty will have no right to assert any other claims or claim amounts under the Contract against any Debtor; and it is further

ORDERED that if the Debtors do not timely deliver a Damages Calculation and a Counterparty did not timely file a proof of claim in accordance with the Bar Date Order and does not timely file a proof of claim in compliance with the terms of the Bar Date Order no later than forty-five (45) days from the date hereof, then such Counterparty will not be allowed any claim against the Debtors in respect of the Contract; and it if further

ORDERED that, pursuant to Bankruptcy Rules 6006(g) and 9014, the rejection by the Debtors of each Contract constitutes a separate contested matter, and any objection, stay or

appeal with respect to a particular Contract or Contracts shall not affect the applicability or finality of this Order with respect to the other Contracts covered hereby; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       August 17, 2011

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE

# Schedule

### (Rejected Contracts)

| | **Counterparty (CP ID)** | **Trustee** | **Contact Information** | **Contract** | **Scheduled Termination Date** |
|---|---|---|---|---|---|
| 1 | Delaware River Port Authority (Lehman ID 063009LE22LBSF) | Commerce Bank, National Association | To the Issuer:<br>Delaware River Port Authority<br>One Port Center, 8th Floor<br>Two Riverside Drive, P.O. Box 1949<br>Camden, NJ 08101<br>Attention:  Chief Financial Officer<br>            James White<br><br>To the Trustee:<br>Commerce Bank, National Association<br>336 Route 70 East, 2nd Floor<br>Marlton, NJ 08053<br>Attention:  Corporate Trust Services –<br>            Kenneth R. Nilson | Reserve Fund Agreement, dated December 27, 2001 related to $128,395,000 of Delaware River Port Authority Port District Project Refunding Bonds, Series A of 2001 and $31,180,000 of Delaware River Port Authority Port District Project Bonds, Series B 2001 | 1/1/2027 |
| 2 | Public Power Generation Agency (Lehman ID 020107POWELBSF) | Wells Fargo Bank, N.A. | To the Issuer:<br>Public Power Generation Agency<br>1111 O Street, Suite 20<br>Lincoln, NE 68509-5124<br>Attention:  Bill Leung<br><br>To the Trustee:<br>Wells Fargo Bank, N.A.<br>MAC N8032-042<br>1248 'O' Street, 4th Floor<br>Lincoln, NE 68508<br>Attention: Richard K. Debuse II | Reserve Fund Agreement, dated February 21, 2007 related to $504,720,000 Public Power Generation Agency Whelan Energy Center Unit 2 Revenue Bonds, 2007 Series A | 7/1/2041 |