UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE
BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 2002 AND 6004 AUTHORIZING THE DEBTORS
TO (I) ENTER INTO AN ASSET MANAGEMENT AGREEMENT FOR
THE MANAGEMENT OF THE DEBTORS' COMMERCIAL LOAN PORTFOLIO
AND (II) SELL COMMERCIAL LOANS TO SPECIAL PURPOSE ENTITIES IN
CONNECTION WITH THE ISSUANCE OF COLLATERALIZED LOAN OBLIGATIONS**

Upon the motion, dated July 27, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI") and their affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 authorizing the Debtors to enter into the Asset Management Agreement and to sell commercial loans to issuers of collateralized loan obligations, and related relief, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

a reasonable opportunity to object or be heard regarding the Motion having been afforded to all such parties; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and their creditors and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is GRANTED to the extent provided herein; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, the Asset Management Agreement is approved and the Debtors are authorized to take all actions contemplated thereby; and it is further

ORDERED that as and when the Debtors determine it is appropriate, the Debtors are authorized to sell loans to CLO Issuers (or to one or more subsidiaries of the Debtors that will sell the loans to the CLO Issuers), and to take all other actions necessary, and pay all other fees and expenses necessary to form the CLO Issuers and execute one or more CLO transactions; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the Debtors' right, title, and interest in the loans sold to the CLO Issuers shall be sold to the CLO Issuers free and clear of any and all liens, claims, and encumbrances; and it is further

ORDERED that upon the purchase of the loans from the Debtors, or one or more subsidiaries of the Debtors, on the terms set forth on Schedule C to the Asset Purchase Agreement, the CLO Issuers will be good faith purchasers and are granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code and consummation of the sales of the loans shall not be affected by reversal or modification on any appeal of this Order; and it is further

ORDERED that the Debtors are authorized to perform all obligations under the Asset Management Agreement and any agreements related to the creation and execution of the CLOs and to execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Asset Management Agreement and the CLO transactions and the provisions of this Order; and it is further

ORDERED that the respective rights and obligations of each of the Debtors and their non-Debtor affiliates regarding their loans shall be preserved in the transactions contemplated by the Asset Management Agreement; specifically, for each loan beneficially owned by a Debtor or a non-Debtor affiliate, such entity shall (a) continue to be entitled to receive collections of principal or interest or other proceeds from such loans that are Non-CLO Assets, (b) retain the decision making authority for any actions for which Fraser Sullivan is required to seek approval from Lehman, (c) be entitled to receive the portion of the consideration paid by any CLO Issuer that relates to its loans, (d) continue to be obligated for any future funding obligations, and (e) be obligated to pay its proportionate share of the fees payable to and expenses of Fraser Sullivan incurred in connection with, and calculated pursuant to, the Asset Management Agreement; and it is further

ORDERED that until the effective date of the Second Amended Plan, the Debtors will continue to comply with the existing protocols that require the Debtors to provide notice and/or obtain the consent of the Creditors' Committee prior to entering into certain types of specified transactions; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h) is hereby waived and this Order shall be immediately effective and enforceable.

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.


Dated: New York, New York
      August 17, 2011

                                *s/ James M. Peck*
                                Honorable James M. Peck
                                United States Bankruptcy Judge