DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Marshall S. Huebner
James H.R. Windels
Brian M. Resnick
Rajesh S. James

LINKLATERS LLP
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Martin Flics
Paul S. Hessler

*Attorneys for the UK Affiliates*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In Re: | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STATEMENT AND RESERVATION OF RIGHTS
OF THE UK AFFILIATES IN CONNECTION
WITH THE DEBTORS' DISCLOSURE STATEMENT FOR THE
SECOND AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE

The UK Administration Companies,[1] acting through their respective administrators,[2] and the UK Liquidation Companies,[3] acting through their respective liquidators[4] (such Companies collectively, the "UK Affiliates"), file this statement and reservation of rights in connection with the Debtors' Disclosure Statement (the "Disclosure Statement") for the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (as may be amended, supplemented or otherwise modified, the "Plan").[5]

**STATEMENT**

1. The UK Affiliates and the Debtors continue to work assiduously to resolve all issues outstanding among them. A global compromise would resolve the UK Affiliates' substantial issues with respect to the confirmability of the Plan. As a result of extended discussions and to obviate the filing of an objection by the UK Affiliates to the approval of the Disclosure Statement, the Debtors agreed to two important amendments to the Plan. These agreed amendments, which are wholly independent of whether the parties are able to resolve the other issues outstanding among them, are as follows:

---

[1] As used herein, "UK Administration Companies" means Lehman Brothers International (Europe); Lehman Brothers Limited; Lehman Brothers Holdings PLC; LB UK Re Holdings Limited; Storm Funding Limited; Mable Commercial Funding Limited; Lehman Brothers Europe Limited; Lehman Brothers UK Holdings Ltd; LB UK Financing Ltd; LB SF No. 1; Cherry Tree Mortgages Limited; Lehman Brothers Lease and Financing (No 1) Limited; Zestdew Limited; Monaco NPL (No. 1) Limited; Lehman Commercial Mortgage Conduit Limited; LB RE Financing No. 3 Limited; Lehman Brothers (PTG) Limited; Eldon Street Holdings Limited; LB Holdings Intermediate 2 Limited; and Thayer Properties Limited (each in administration).

[2] The Joint Administrators of the UK Administration Companies are Anthony Victor Lomas, Steven Anthony Pearson, Dan Yoram Schwarzmann, Michael John Andrew Jervis, and Derek Anthony Howell.

[3] As used herein, "UK Liquidation Companies" means Eldon Street (Cube) Limited; Eldon Street (Raven) Limited; Lehman Brothers Equity (Nominees No 7) Limited; Platform Home Mortgage Securities No 4 Limited; Platform Commercial Mortgage Limited; Lehman Brothers (Indonesia) Limited; Grace Hotels Limited; LBO Investments Limited; LBQ Funding (UK) Limited; and LB Lomond Investments Limited.

[4] The Joint Liquidators of the UK Liquidation Companies are Derek Anthony Howell and Ian Oakley-Smith.

[5] Capitalized terms used, but not defined, herein have the meanings ascribed to them in the Disclosure Statement.

- No distributions under the Plan on account of any allowed claims of any UK Affiliate against any Debtor shall be withheld pursuant to Section 8.15 of the Plan.

- Section 8.4 of the Plan will be modified as set forth below:

8.4  <u>Disputed Claims Reserve</u>.  From and after the Effective Date, and until such time as all Disputed Claims have been compromised and settled or determined by Final Order, the Plan Administrator shall, consistent with and subject to section 1123(a)(4) of the Bankruptcy Code, retain <u>and reserve</u> from Available Cash an aggregate amount equal to the Pro Rata Share of the Distributions that would have been made to each holder of a Disputed Claim if such Disputed Claim were an Allowed Claim against such Debtor in an amount equal to the least of (a) the filed amount of such Disputed Claim, (b) the amount determined, to the extent permitted by the Bankruptcy Code and Bankruptcy Rules, by the Bankruptcy Court for purposes of fixing the <u>reserve</u> amount ~~to be retained~~ for such Disputed Claim, and (c) such other amount as may be agreed upon by the holder of such Disputed Claim and the Plan Administrator.  On the date of the first Distribution that is at least forty-five (45) days <u>(or such fewer days as may be agreed between the applicable Debtor and the holder of the applicable Disputed Claim)</u> after the date <u>on which</u> a Disputed Claim becomes an Allowed Claim against a Debtor, such Debtor shall remit to the holder of such Allowed Claim Available Cash equal to the ~~lesser of (i) the~~ amount that would have been distributed <u>from the Effective Date through and including the date of such Distribution</u> on account of such Allowed Claim <u>had such Claim been Allowed as of the Effective Date, together with any interest earned on the lesser of (i) such amount</u> and (ii) the amount ~~retained~~<u>reserved</u> with respect to such Claim pursuant to this provision, in each case~~, together with any interest earned on the Distributions retained on such amount,~~ but only to the extent that such interest is attributable to the amount of the Allowed Claim<u>; *provided*, that (x) such amount shall be paid first out of the Available Cash reserved on account of such Allowed Claim and second out of Available Cash other than Available Cash reserved on account of other Disputed Claims and (y) if the amount available for Distribution pursuant to the foregoing clause (x) is insufficient to remit all Distributions required to be made to such holder pursuant to this sentence, such holder shall receive the amount of such insufficiency on the next subsequent date(s) of Distribution before the holders of any other Claims against such Debtor receive any further Distributions out of Available Cash (other than Available Cash reserved on account of other Disputed Claims) from such Debtor</u>.  To the extent that a Disputed Claim against a Debtor is ~~not Allowed~~<u>disallowed by Final Order</u> or becomes an Allowed Claim in an amount less than the amount ~~retained~~<u>reserved</u> with respect to such Claim pursuant to this provision, the amount that would have been distributed on account of such Disputed Claim, or the excess of the amount of Available Cash that would have been distributed on account of such Disputed Claim over the amount of Available Cash actually distributed on account of such Disputed Claim, shall become Available Cash for Distributions to the holders of Allowed Claims.  Nothing in this Section 8.4 of the Plan shall preclude any holder of a Disputed Claim from seeking, on notice to the Plan Administrator, an order of the Bankruptcy Court in respect of or relating to the amount ~~retained~~<u>reserved</u> with respect to such holder's Disputed Claim.  Unless otherwise ordered

3

> by the Bankruptcy Court, Available Cash ~~retained~~<u>reserved</u> on account of Disputed Claims shall not be used by, on behalf of or for the benefit of a Debtor for operating expenses, costs or any purpose other than as set forth in this section. If the Plan Administrator determines, in its sole discretion, that the value of a Debtor's assets (other than such Debtor's Available Cash) exceeds the amount of Available Cash necessary to be retained pursuant to this section on account of Disputed Claims against such Debtor, the Plan Administrator may, subject to Bankruptcy Court approval, <u>on proper notice to all holders of Disputed Claims against such Debtor,</u> release such Available Cash for Distribution to holders of Allowed Claims and retain, in lieu thereof, such Debtor's non-Cash assets to satisfy its Disputed Claims if such Claims become Allowed Claims.

While the next amended plan will incorporate these two changes, the UK Affiliates reserve all of their rights with respect to the Plan, specifically including the last sentence of Section 8.4.

2.   Both the professionals and principals of the UK Affiliates and the Debtors continue to devote significant time and resources to the issues outstanding among them, the resolution of which would obviate the need for the UK Affiliates to contest confirmation of the Plan or litigate extremely complex claim issues. Currently, however, the UK Affiliates continue to have substantial concerns regarding several aspects of the Plan, including the terms on which the Plan purports to compromise and settle substantive consolidation and other issues. If the UK Affiliates and the Debtors are not able to settle the matters between them, the UK Affiliates will lay all of these issues out for the Court in connection with the confirmation process.

3.   Rather than burden the Court and the docket at present with a premature disquisition on issues that hopefully will be settled, the UK Affiliates will continue to focus on trying to reach a global compromise, and on the substantial discovery and other preparation needed if such a compromise is not reached. In this regard, Debtors' counsel has specifically confirmed that by not opposing entry of the disclosure statement approval order, the UK Affiliates have not waived their rights to argue that the confirmation hearing must be adjourned.

**RESERVATION OF RIGHTS**

The UK Affiliates expressly and fully reserve all of their rights with respect to the Plan, including to object to confirmation of the Plan on any grounds, to seek discovery and an adjournment with respect to the same, and to introduce evidence at any hearing relating to the Plan.

Dated: New York, New York
August 17, 2011

DAVIS POLK & WARDWELL LLP

By: /s/ Marshall S. Huebner
Marshall S. Huebner
James H.R. Windels
Brian M. Resnick
Rajesh S. James

450 Lexington Avenue
New York, New York 10017
(212) 450-4000

LINKLATERS LLP
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9000
Facsimile: (212) 903-9100
Martin Flics
Paul S. Hessler

*Attorneys for the UK Affiliates*