UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:   Lehman Brothers Holdings Inc.          Case No. 08-13555 (JMP)
                                                Court ID (Court Use Only) _____

NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY
PURSUANT TO BANKRUPTCY RULE 3001(E)(2)

CLAIMS HAVE BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111(a). Pursuant to Bankruptcy Rule 3001(e)(2), Transferee hereby gives notice of the transfer, other than for security, of the claims referenced herein.

| Name of Transferee: | Name of Transferor: |
|---|---|
| State Street Bank and Trust Company | Wellington Trust Company, N.A. Multiple Common Trust Funds Trust – Commodities Portfolio |
| Notices to Transferee should be sent to:<br><br>State Street Bank and Trust Company<br>1 Lincoln Street, SFC 32<br>Boston, MA 02111<br>Attention: Kevin Courtney | Court Record Address of the Transferor:<br>(Court use only) |
| Last Four Digits of Acct.#: | Last Four Digits of Acct.#: |
| Name and Address where transferee payments should be sent (if different from above): | Name and Current Address of Transferor<br><br>Wellington Trust Company, N.A. Multiple Common Trust Funds Trust – Commodities Portfolio<br>c/o Wellington Management Company, LLP<br>280 Congress Street<br>Boston, MA 02210<br>Attention: Donald Caiazza |
| Claim Amount:<br>No less than $282,939.14 | |
| Court Claim No. (if known):<br>15841 | |
| Date Claim Filed:<br>September 17, 2009 | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.
By: _____          Date: 8-16-11
    Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 &3571.*

As set forth in the paragraph 3 of the attached Agreement and Evidence of Transfer of Claim, Transferor has waived to the fullest extent permitted by law any notice or right to notice of hearing under Bankruptcy Rule 3001(e).

A/74489215.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:          United States Bankruptcy Court for the
                Southern District of New York (the "Bankruptcy Court")
                Attn: Clerk

AND TO:     Lehman Brothers Holdings Inc. (the "Debtor")

CASE NAME:  In re Lehman Brothers Holdings Inc., et al.,

CASE NO.     Chapter 11, Case No. 08-13555 (JMP)

CLAIM NO.    15841

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, Wellington Trust Company, N.A. Multiple Common Trust Funds Trust - Commodities Portfolio, c/o Wellington Management Company, LLP, 280 Congress Street, Boston, MA 02210 ("Assignor"), hereby unconditionally and irrevocably sells, transfers and assigns to State Street Bank and Trust Company, 1 Lincoln Street SFC 32, Boston, MA 02111 ("Assignee"), and Assignee hereby agrees to purchase, as of the date hereof, (a) Assignor's right, title and interest in and to Proof of Claim Number 15841 filed by or on behalf of Assignor (a copy of which is attached as Schedule 1 hereto) (the "Proof of Claim") against Lehman Brothers Holdings Inc. (the "Assigned Claim"), as debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Assignor relating to the Assigned Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Assigned Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Assigned Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Assigned Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Assigned Claim, and (iv) any and all of Assignor's right, title and interest in, to and under the transfer agreements, if any, under which Assignor or any prior assignor acquired the rights and obligations underlying or constituting a part of the Assigned Claim, but only to the extent related to the Assigned Claim, and (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims").

2.     Assignor hereby represents and warrants to Assignee, that: (a) the Proof of Claim and the Guarantee Questionnaire relating thereto were duly and timely filed; (b) the Proof of Claim relates to the Debtor's guarantee of obligations of Lehman Brothers Special Financing Inc. ("LBSF") under or pursuant to a certain ISDA Master Agreement dated as of June 14, 2007 (as amended, modified, or supplemented from time to time and together with all schedules, exhibits and annexes thereto, the "ISDA") between LBSF and each of the parties listed on Exhibit A to the ISDA, separately (including Assignor) (each, a "Party B"), executed by Wellington Management Company, LLP, as investment adviser to and on behalf of each Party B, including Assignor; (c) based solely on the Court's Order Granting Debtors' Eighty-Third Omnibus Objection to Claims (Settled Derivative Claims), dated March 3, 2011 (the "Order"), the Assigned Claim has been allowed in the amount and classification and against the Debtor as set forth in the Order; (d) Assignor owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Assignor or against Assignor; (e) Assignor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; and (f) Assignor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Assignee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

A/74317819.6

3.  Assignor hereby waives any objection to the transfer of the Transferred Claims to Assignee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Assignor by Assignee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Assignee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Assignor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Assignor transferring to Assignee the Transferred Claims, recognizing Assignee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Assignee.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Assignee shall be entitled to transfer its rights hereunder without any notice to or the consent of Assignor. Assignor hereby agrees to indemnify, defend and hold Assignee, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Assignor's breach of its representations and warranties made herein.

5.  Assignor shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Assignor in respect of the Transferred Claims to Assignee.

6.  Each of Assignor and Assignee agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments, and (b) take or cause to be taken all such other and further actions, as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim.

7.  Assignor's and Assignee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the Commonwealth of Massachusetts (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Assignor and Assignee each submit to the jurisdiction of the courts located in the County of Suffolk in the Commonwealth of Massachusetts. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Remainder of page intentionally left blank]

A/74317819.6

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of July 2011.

| WELLINGTON TRUST COMPANY, N.A. MULTIPLE COMMON TRUST FUNDS TRUST - COMMODITIES PORTFOLIO | STATE STREET BANK AND TRUST COMPANY |
|---|---|
| By: Wellington Management Company, LLP as Investment Advisor<br>By: *[signature]*<br>Name:<br>Title:<br>**Donald M. Caiazza**<br>**Vice President & Counsel**<br>Wellington Trust Company, N.A. Multiple Common Trust Funds Trust - Commodities Portfolio<br>c/o Wellington Management Company, LLP<br>280 Congress Street<br>Boston, MA 02210<br>Attention: Donald Caiazza | By: *[signature]*<br>Name: Kevin L. Courtney<br>Title: Vice President and Senior Managing Counsel<br>State Street Bank and Trust Company<br>1776 Heritage Drive<br>JAB5N<br>North Quincy, MA 02111<br>Attention: Kevin L. Courtney, Senior Managing Counsel |

A/74317819.6

Schedule 1

Copy of Proof of Claim Number 15841

A/74317819.6

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000015841 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
Wellington Trust Company, N.A.
Multiple Common Trust Funds Trust -
Commodities Portfolio
c/o Wellington Management Company, LLP
75 State Street
Boston, Massachusetts 02109
Attn: Donald Caiazza
Telephone number: (617) 790-7314    Email Address: dcaiazza@wellington.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

**Name and address where payment should be sent (if different from above)**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____    Email Address: _____

1. **Amount of Claim as of Date Case Filed:** $ No less than US$282,939.14 - See Appendix
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee of Derivative Contract - See Appendix
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9/16/2009
Signature: /s/ [signature] Vice President
Sara Lou Sherman

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

FOR COURT USE ONLY
FILED / RECEIVED
SEP 17 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

## Appendix

This Proof of Claim (this "**Claim**") is filed by Wellington Trust Company, N.A. Multiple Common Trust Funds Trust - Commodities Portfolio ("**Claimant**") against Lehman Brothers Holdings Inc. (the "**Debtor**").

This Claim includes several distinct claims that arise from the Debtor's guarantee (the "**Guarantee**") of the obligations of Lehman Brothers Special Financing Inc. ("**LBSF**") under or pursuant to a certain ISDA Master Agreement dated as of June 14, 2007 (as amended, modified, or supplemented from time to time and together with all schedules, exhibits and annexes thereto, the "**ISDA**") between LBSF and each of the parties listed on Exhibit A to the ISDA, separately (including Claimant) (each, a "**Party B**"), executed by Wellington Management Company, LLP, as investment adviser to and on behalf of each Party B ("**Wellington**"), including Claimant. Wellington, as investment adviser on behalf of Claimant, terminated the ISDA by delivering to LBSF a certain Termination Notice and Designation of Early Termination Date, dated September 15, 2008 (the "**Notice**"). Claimant's claims are categorized and summarized below.

As this Claim is based on amounts owed by the Debtor to Claimant pursuant to a Guarantee, Claimant is not required to attach supporting documentation to this Claim. Claimant incorporates herein by reference (i) the Guarantee Questionnaire (including any amendments thereof) that will be submitted by Claimant in connection with the Guarantee, (ii) Claimant's proof of claim against LBSF in connection with the ISDA, and (iii) the Derivative Questionnaire (including any amendments thereof) that will be submitted by Claimant in connection with the ISDA.

### Summary of Claims Subject to the Guarantee

1. **Posted Collateral:** Claim for the value of Claimant's assets posted by Claimant as Posted Collateral (as defined in the ISDA), together with the interest amount accrued thereon:

**Amount:**    **No less than US$282,939.14[1]**

2. **Interest:** Claim for payment of interest during the period from the Early Termination Date (as described in the Notice) to the time of payment, to the extent permitted by applicable law.

**Amount:**    **To be determined**

3. **Expenses:** Claim for reimbursement of all reasonable out-of-pocket expenses, including, without limitation, legal fees and collection costs, incurred by Claimant by reason of the early termination of the ISDA.

**Amount:**    **To be determined**

**Total Amount for All Claims: No less than US$282,939.14, plus amounts to be determined.**

### Reservation of Rights

This Claim is filed under the compulsion of the bar date established in these chapter 11 proceedings and is filed to protect Claimant from forfeiture of claims by reason of said bar date. Claimant reserves its right to amend and/or supplement this Claim for the purposes and to the extent permitted by applicable law.

---

[1] This amount consists of no less than: (i) US$280,000 of Posted Collateral; and (ii) US$2,939.14 of accrued interest as of the Early Termination Date.

A/73139132.1

Claimant reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted against Claimant by the Debtor, including, without limitation, any rights of setoff and/or recoupment not expressly asserted above. Claimant further reserves all of its rights as against the other debtors in these chapter 11 proceedings.

Claimant further reserves all rights accruing to it, and the filing of this Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of Claimant's rights against any person, entity, or property (including, without limitation, the Debtor or any other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Claimant to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver, release, or limitation of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies; or (viii) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

### Notices

Copies of all notices, communications and distributions with respect to this Claim should be sent to the contact person identified on the Claim form with a copy of any such notice, communication, or distribution delivered to:

> Bingham McCutchen LLP
> 2020 K Street, NW
> Washington, DC 20006
> Attn: Ranan Well, Esq.
> Tel: 202-373-6728
> Fax: 202-373-6001
> ranan.well@bingham.com

**HAND DELIVERY**

_____  _____  _____
RECEIVED BY:     9/17/09    305
                 DATE       TIME