Hearing Date and Time: September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 7, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :    08-13555 (JMP)
                                                                  :
                            Debtors.                              :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

## NOTICE OF DEBTORS' MOTION
## PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
## CODE AND BANKRUPTCY RULE 9019 FOR AUTHORIZATION TO
## MODIFY SETTLEMENT WITH RESPECT TO VARIABLE FUNDING TRUSTS

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Special Financing Inc. ("LBSF," and together with LBHI, LCPI, and their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") pursuant to section 105(a) of title 11 of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the terms of a settlement with respect to certain transactions involving two securitization trusts, Variable Funding Trust 2007-1 and Variable Funding Trust 2008-1, solely as among the Debtors, as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by

US_ACTIVE:\43575629\12\58399.0003

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; (v) Bingham McCutchen LLP, 399 Park Avenue, New York, New York 10022, Attn: Steven Wilamowsky, Esq., attorneys for The Metropolitan Life Insurance Company; and (vi) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **September 7, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

          **PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

          **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 19, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 7, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re  : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
-----------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR AUTHORIZATION
TO MODIFY SETTLEMENT WITH RESPECT TO VARIABLE FUNDING TRUSTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI" and, together with LBHI and their affiliated debtors in the above-referenced chapter 11 cases, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this motion (the "Motion") and respectfully represent:

**Preliminary Statement**

1. On May 13, 2009, the Court approved a settlement (the "Settlement") between LCPI and The Metropolitan Life Insurance Company ("MetLife") pursuant to the *Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019*

*Authorizing LCPI to Settle Dispute with MetLife* [Docket No. 3558] (the "Settlement Order"). The Settlement relates to, among other things, Variable Funding Trust 2007-1 ("VFT 2007") and Variable Funding Trust 2008-1 ("VFT 2008" and, together with VFT 2007, the "Trusts"), each a securitization trust that served as a financing facility. MetLife purchased from each of the Trusts notes that were secured by mortgage loans or participations in corporate loans sold or assigned to the Trusts by LCPI. A key term of the Settlement was the Trusts' payment of the notes using cash provided by LCPI. As part of the Settlement, all parties, including LBHI and LCPI, released certain claims against one another relating to the Trusts.

2.  Pursuant to the Settlement Order and the *Order Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing Debtor to Prepay Notes Issued by Variable Funding Trusts*, dated February 23, 2010 [Docket No. 7220] (the "Prepayment Order"), LCPI disbursed approximately $471 million in the aggregate to prepay the notes issued by the Trusts. In May 2010, the Trusts were terminated, and the majority of the mortgage loans and participations in corporate loans held by the Trusts were transferred to LCPI. Since the termination of the Trusts, the Debtors have determined that the intercompany treatment of the Settlement was not appropriate. Consequently, the Debtors seek to modify the Settlement, solely as among the Debtors, as further described herein.[1]

**Relief Requested**

3.  By this motion, the Debtors seek authorization to modify the terms of the Settlement pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy

---

[1] The modifications to the Settlement will not affect the rights of any parties, including MetLife, other than LBHI and LCPI.

Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as described herein.

### Jurisdiction

4.   This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

5.   Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.   On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.   On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

8.   On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 [Docket No. 7531].

9. On July 1, 2011, the Debtors filed their Second Amended Joint Chapter 11 Plan [Docket No. 18204] (the "Second Amended Plan") and a related disclosure statement pursuant to section 1125 of the Bankruptcy Code [Docket No. 18205] (the "Disclosure Statement").

10. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## The Trusts[2]

### A. The VFT 2007 Trust

11. VFT 2007, a Delaware statutory trust, entered into a Note Purchase Agreement, dated as of November 30, 2007 (as amended, the "2007 Note Purchase Agreement") with MetLife, pursuant to which VFT 2007 issued to MetLife certain notes (as amended, the "2007 Notes"), and MetLife agreed to provide a variable rate senior secured revolving credit facility to VFT 2007 in an aggregate principal amount of up to $500 million. LBHI guaranteed the repayment of the 2007 Notes pursuant to a Guaranty, dated as of November 30, 2007 (the "2007 Guaranty").

---

[2] Additional facts regarding the Settlement and Lehman's relationship with the Trusts are set forth in the Debtors' Motion for Entry of an Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing LCPI to Settle Dispute with MetLife, dated March 2, 2009 [Docket No. 2978] and are incorporated herein by reference.

12. LCPI sold and assigned certain mortgage loans (the "Mortgage Loans") to VFT 2007, and such Mortgage Loans, in turn, were pledged as collateral for the 2007 Notes. Under the terms of the 2007 Note Purchase Agreement, the value of the Mortgage Loans was required to exceed the outstanding principal amount of the 2007 Notes, as further provided therein. LCPI was the legal and beneficial owner of certificates issued by VFT 2007 that conferred upon LCPI the right to receive any residual interest in VFT 2007 after the 2007 Notes were paid in full.

13. In connection with the issuance of the 2007 Notes, Lehman Brothers Special Financing, Inc. ("LBSF") entered into multiple swap agreements (the "VFT 2007 Swaps") with VFT 2007 with respect to certain payments on the 2007 Notes.

**B. The VFT 2008 Trust.**

14. VFT 2008, a Delaware statutory trust, entered into a Note Purchase Agreement, dated as of May 9, 2008 (the "2008 Note Purchase Agreement" and, together with the 2007 Note Purchase Agreement, the "Note Purchase Agreements") with MetLife, pursuant to which VFT 2008 issued to MetLife certain notes (the "2008 Notes" and, together with the 2007 Notes, the "Notes"), and MetLife agreed to provide a variable rate senior secured revolving credit facility to VFT 2008 in an aggregate principal amount of up to $500 million. LBHI guaranteed the repayment of the 2008 Notes pursuant to a Guaranty, dated as of May 9, 2008 (the "2008 Guarantee" and, together with the 2007 Guarantee, the "Guarantees"). LCPI sold and assigned participations (the "Participations" and, together with the Mortgage Loans and the other collateral securing the 2007 Notes and/or the 2008 Notes from time to time, the "Collateral") in certain specific corporate loans (the "Corporate Loans") to VFT 2008. The Participations were, in turn, pledged as collateral for the 2008 Notes. Under the terms of the 2008 Note Purchase

Agreement, the value of the Participations must at all times exceed the outstanding principal amount of the 2008 Notes, as further provided therein. LCPI was the legal and beneficial owner of the certificates issued by VFT 2008 that conferred on LCPI the right to receive any residual interest in VFT 2008 after the 2008 Notes were paid in full. Provisions in the Note Purchase Agreements, and the respective related transaction agreements (collectively, the "Transaction Documents" and, as amended pursuant to the Settlement, the "Amended Transaction Documents") provide that the 2007 Notes and the 2008 Notes are cross-collateralized.

15. In connection with the issuance of the 2008 Notes, LBSF entered into multiple swap agreements (the "VFT 2008 Swaps" and, together with the VFT 2007 Swaps, the "VFT Swaps") with VFT 2008 with respect to certain payments on the 2008 Notes.

### C. The Settlement.

16. On May 13, 2009, the Court entered the Settlement Order, which authorized LCPI to enter into the Settlement with MetLife. The Settlement resolved certain of the disputes of MetLife and LCPI regarding the Trusts. MetLife and LCPI finalized and executed the Amended Transaction Documents and, on October 14, 2009, filed copies of such documents with the Court [Docket No. 5495].

17. Pursuant to the Settlement, the maturity date of each of the Notes was extended. Additionally, the Settlement provided for the termination of the VFT Swaps.

18. In December 2009, LCPI made a cash contribution to VFT 2007 in the amount of approximately $115.5 million, and VFT 2007 applied the entire amount of LCPI's cash contribution to pay down the amounts due under the 2007 Notes. On February 23, 2010, the Court entered the Prepayment Order. Pursuant to the Prepayment Order, in March 2010, LCPI made a cash contribution to VFT 2007 in the amount of approximately $261 million and to

VFT 2008 in the amount of approximately $94.5 million. Each of the Trusts subsequently applied the entire amount of their respective cash contributions from LCPI to pay off the entire outstanding amount of the Notes it issued. In total, LCPI contributed approximately $376 million to VFT 2007 to pay off the 2007 Notes and approximately $94.5 million to VFT 2008 to pay off the 2008 Notes.

19. LBHI, LCPI, the Trusts, and MetLife, among others, are party to two Termination Agreements, each dated as of June 24, 2010 (the "Termination Agreements"). The Termination Agreements collectively provided for the termination of the Trusts and certain related agreements and collectively provided that each of the parties thereto released claims against one another in connection with the Trusts. Upon the termination of the Trusts, the Collateral held by each Trust was transferred to LCPI and/or a non-Debtor affiliate.[3] The aggregate fair market value of the Collateral transferred to LCPI and/or its non-Debtor affiliates, as of December 31, 2010, was approximately $520 million and cash collected with respect to the Collateral through March 31, 2011 amounted to approximately $114 million.

### D. LBHI's Prepetition Cash Collateral Payments.

20. Pursuant to the applicable Note Purchase Agreement, each of the Trusts was required to maintain a minimum amount of Collateral to secure the Notes it issued. During 2008, the value of the Collateral held by each of the Trusts was insufficient to meet the requirements set forth in the applicable Note Purchase Agreements, either because LCPI sold and transferred the underlying Collateral for other business purposes, or due to a decrease in market

---

[3] Pursuant to the *Order pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing the Transfer of Loans from Variable Funding Trust 2007-1 to Non-Debtor Affiliates*, dated May 13, 2010 [Docket No. 8537], LCPI caused the transfer of certain of the Mortgage Loans to a non-Debtor affiliate. The remainder of the Collateral has been transferred to LCPI.

value. Because it was guarantor of the Notes issued by each Trust pursuant to the applicable Guaranty, LBHI ensured that the respective Trusts complied with the Collateral adequacy requirements under the applicable Note Purchase Agreement. As a result, prior to LBHI's Commencement Date, LBHI posted cash (the "Cash Collateral") in the aggregate amount of approximately $1 million, net of repayments, with VFT 2007 and in the aggregate amount of approximately $220 million, with VFT 2008 to satisfy the collateral requirements under each Note Purchase Agreement. Subsequent to LBHI's Commencement Date, MetLife applied the Cash Collateral to reduce the outstanding balance of the Notes pursuant to the terms of the Settlement.

21. The Settlement was originally contemplated and approved in the early stages of these large and complex cases. At the time the Debtors entered into the Settlement and effectuated the terms thereof, the Debtors were unaware that LBHI had posted the Cash Collateral on behalf of the Trusts. However, subsequently, as the Debtors reviewed their books and records as part of the preparation of monthly operating reports, the Debtors realized that LBHI had posted the Cash Collateral to the Trusts. The Debtors and their professionals conducted diligence to confirm that LBHI posted the Cash Collateral and found that the Debtors had treated the posting of the Cash Collateral as a receivable on LBHI's books and records from the applicable Trust. The Debtors further determined that the Cash Collateral was routinely provided, depending on the movement of loans in and out of the Trusts. As a result, the Debtors have determined that, upon the prepayment of the Notes and absent entry into the releases provided under the Termination Agreements, LBHI would have a secured claim against the Trusts, as a subrogee of MetLife, in amount equal to the $221 million of Cash Collateral it posted.

**The Modified Settlement**

22. To take into account LBHI's potential rights to certain of the assets transferred to LCPI, the Debtors seek to modify the Settlement (the "<u>Modified Settlement</u>"), solely as among the Debtors, to compensate LBHI for the Cash Collateral that it posted. To accomplish that objective, the Debtors propose to modify the allocation of proceeds from the liquidation of the Collateral. Notwithstanding the modification of the Settlement, the Modified Settlement will not affect the rights of any parties, including MetLife, other than LBHI and LCPI.

23. Under the Modified Settlement, LCPI would be first in priority to receive proceeds from the liquidation of Collateral, up to the amount of $471 million, to reimburse LCPI for the amounts it expended to pay off the Notes. LBHI would then receive the next $221 million of proceeds from the liquidation of the Collateral, in satisfaction of LBHI's claims against the Trusts relating to the posting of the Cash Collateral. Finally, LCPI would be entitled to receive residual proceeds above the $692 million of aggregate proceeds from the liquidation of the Collateral on account of LCPI's ownership of certificates issued by the Trusts. The Debtors expect that there will be more than $692 million of proceeds from the liquidation of the Collateral, and therefore, LCPI will receive some distribution in respect of its residual interest in the Trusts.

24. The Disclosure Statement and the recovery analysis performed by the Debtors, which underlies many of the Plan Support Agreements entered into in connection with the Second Amended Plan, take into account the terms of the Modified Settlement. As a consequence, approval of the Modified Settlement will not require any changes to the Disclosure

Statement, nor will it disrupt the significant consensus that the Debtors have already achieved with respect to the Second Amended Plan.

### The Modified Settlement Meets the Legal Standard Established Under Rule 9019 and is in the Best Interests of the Debtors' Estates

25. The Debtors submit that the Modified Settlement is in the Debtors' best interests and should be approved under Rule 9019 of the Bankruptcy Rules. Bankruptcy Rule 9019 provides, in part, that "[o]n motion by the [debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019(a). Bankruptcy Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). A decision to accept or reject a compromise or settlement is within the sound discretion of the Court. *Drexel Burnham Lambert Group*, 134 B.R. at 505; *see also* 9 COLLIER ON BANKRUPTCY ¶ 9019.02 (15th ed. rev. 2001). The settlement need not result in the best possible outcome for the debtor, but must not "fall below the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 143-44 (Bankr. E.D.N.Y. 1997). Indeed, courts have long considered compromises to be "a normal part of the process of reorganization." *TMT Trailer Ferry*, 390 U.S. at 424 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939).

26.     The decision to approve a particular compromise lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998). However, the analysis must focus on the question of whether a particular compromise is "fair and equitable, . . . and [ ] in the best interest of the estate." *In re Best Products Co.*, 168 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted). While a court must evaluate "all . . . factors relevant to a full and fair assessment of the wisdom of the proposed compromise," *TMT Trailer Ferry*, 390 U.S. at 424, a court need not conduct a "mini-trial" of the merits of the claims being settled, or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 505. "The bankruptcy judge does not have to decide the numerous questions of law and fact. . . . The court need only canvass the settlement to determine whether it is within the acceptable range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

27.     The court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522-23 (S.D.N.Y. 1993); *accord In re Ashford Hotels, Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness. . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.") (internal citations omitted).

28. Significantly, there is no requirement that "the value of the compromise …be dollar-for-dollar the equivalent of the claim." *Ionosphere Clubs, Inc.*, 156 B.R. at 427. Instead, "there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Id.* at 427-28 (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 n.2 (2nd Cir. 1974)).

29. The Modified Settlement provides the best framework for preserving LCPI's interests in the transactions related to the Trusts, as contemplated under the Settlement, while also allowing LBHI to recover its Cash Collateral payments. Under the original terms of the Settlement, LCPI was the only Debtor that stood to benefit, notwithstanding that LBHI provided $221 million in Cash Collateral for the benefit of the Trusts and, as a result of its corresponding subrogation rights, should have been treated as a secured creditor of the Trusts. The Modified Settlement reflects the fact that, prior to the effectuation of the Settlement, LBHI was entitled to priority of payment. However, it also reflects the recognition that LCPI would not have funded the $471 million used to prepay the Notes merely to protect is residual interest in the Trust. Thus, the Debtors have agreed that it is appropriate to reimburse LCPI for the $471 million it paid subsequent to the Commencement Date. After such reimbursement, the new waterfall of payments recognizes the respective rights of LBHI and LCPI.

30. The Debtors believe that such terms are fair and reasonable under the circumstances. Absent modification of the Settlement, LBHI's estate would be deemed to have released any claim to the Collateral, notwithstanding the fact that LBHI's estate had the superior interest therein to the extent of the Cash Collateral.

31.     The Modified Settlement has been discussed with the Creditors' Committee and its professionals. The Debtors do not anticipate any objection to this Motion or the Modified Settlement from the Creditors' Committee.

32.     Accordingly, in light of the respective rights of LBHI and LCPI and the corresponding benefit for the Debtors' reorganization, the Modified Settlement is in the best interests of the Debtors' estates and their creditors.

**Notice**

33.     No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the United States Trustee for Region 2; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for MetLife; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors

submit that no other or further notice need be provided.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: August 19, 2011
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                             :

In re                                                          :         Chapter 11 Case No.
                                                            :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (JMP)
                                                            :

                        Debtors.                   :         (Jointly Administered)
                                                            :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019 AUTHORIZING THE MODIFICATION
OF SETTLEMENT WITH RESPECT TO VARIABLE FUNDING TRUSTS**

        Upon the motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Special Financing Inc. ("LBSF" and, together with LBHI, LCPI and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to enter into a transaction (the ("Modified Settlement") modifying the terms of the settlement (the "Settlement") with respect to certain transactions involving Variable Funding Trust 2007-1 and Variable Funding Trust 2008-1 entered into between LCPI and The Metropolitan Life Insurance Company ("MetLife") pursuant to the *Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing LCPI to Settle Dispute with MetLife* [Docket No. 3558] (the "Settlement Order"), as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for MetLife and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI, LCPI, and LBSF are authorized to effectuate the Modified Settlement as described in the Motion and consummate all of the transactions contemplated thereunder, and to take such other actions as may be reasonably necessary to consummate such transactions, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of any further court proceedings or approval; and it is further

ORDERED that nothing in the Motion or herein shall be construed as affecting any rights of any parties, including MetLife, other than LBHI and LCPI arising from or relating to any transactions related to the Settlement or the Modified Settlement; and it is further

ORDERED that to the extent of any conflict between the provisions of this Order and (i) the Settlement Order; (ii) the *Order Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing Lehman Commercial Paper Inc. to Purchase Fairpoint Participation*, dated October 16, 2009 [Docket No. 5551]; (iii) the *Order Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing Debtor to Prepay Notes Issued by Variable Funding Trusts*, dated February 23, 2010 [Docket No. 7220]; or (iv) the *Order pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing the Transfer of Loans from Variable Funding Trust 2007-1 to Non-Debtor Affiliates*, dated May 13, 2010 [Docket No. 8537], the provisions of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: September __, 2010
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE