Hearing Date and Time: September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: September 7, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                                      :    **Chapter 11 Case No.**
                                                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :    **08-13555 (JMP)**
                                                                                :
                                    Debtors.                       :    **(Jointly Administered)**
                                                                                :
------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), FOR AN
EXTENSION OF DEADLINE FOR SERVICE OF AVOIDANCE ACTION COMPLAINT**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") for an extension of the deadline to effect service of process of an avoidance action complaint, as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

US_ACTIVE:\43787597\10\58399.0003

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received no later than **September 7, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 19, 2011
      New York, New York

                         /s/ Jacqueline Marcus
                        Jacqueline Marcus

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

Hearing Date and Time:  September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  September 7, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                         :    Chapter 11 Case No.
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    08-13555 (JMP)
                                                              :
                              Debtors.                        :    (Jointly Administered)
                                                              :
----------------------------------------------------------------x

**DEBTORS' MOTION, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULE 7004(a)(1), FOR AN EXTENSION
OF DEADLINE FOR SERVICE OF AVOIDANCE ACTION COMPLAINT**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors," and collectively with their non-Debtor affiliates, "Lehman"), submit this motion (the "Motion"), and respectfully represent:

**Preliminary Statement**

1. On September 15, 2010, the Debtors filed a motion seeking a stay (the "Initial Stay Motion")[1] of 50 adversary actions in which the Debtors sought to avoid or recover

---

[1] *See Debtors' Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Stay Avoidance Actions and Grant Certain Related Relief* [ECF No. 11389].

US_ACTIVE:\43787597\10\58399.0003

significant transfers with respect to over 230 transactions (collectively, the "Avoidance Actions"). As the Debtors explained in the Initial Stay Motion, the Avoidance Actions were commenced due to an impending statute of limitations deadline. Although the Debtors made every effort to minimize the number of adversary proceedings that had to be initiated by seeking tolling agreements, the number of parties and transactions involved presented enormous practical difficulties forcing the Debtors to file the 50 complaints.

2. Pursuant to the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [ECF No. 12199] (the "Initial Stay Order"), the Court stayed all Avoidance Actions for nine (9) months (the "Initial Stay"). In addition, the Initial Stay Order extended the Debtors' deadline to effect service on defendants to Avoidance Actions ("Avoidance Action Defendants") to 180 days after the filing of a complaint, without prejudice to the Debtors' right to seek further extensions. On March 3, 2011, the Court entered the *Order Granting Extension of Deadline for Service of Avoidance Actions to June 30, 2011* [ECF No. 14779].

3. During the Initial Stay, the Debtors made substantial progress in both consensually resolving Avoidance Actions and successfully effecting service on the majority of Avoidance Action Defendants. On May 27, 2011, the Debtors filed a motion seeking an extension of the Initial Stay (the "Stay Extension Motion")[2] so as to continue their efforts toward consensually resolving the Avoidance Actions, while avoiding the enormous costs and burdens to all parties and the Court associated with prematurely pursuing active litigation in the Avoidance Actions.

---

[2] *See Debtors' Motion, Pursuant Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to Extend Stay of Avoidance Actions and Grant Certain Related Relief* [ECF No. 17195].

4. Pursuant to the *Order Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011 [ECF No. 17763] (the "Stay Extension Order"), the Court granted the Stay Extension Motion and extended the Initial Stay for six (6) months until January 20, 2012 (together with the Initial Stay, the "Stay"). The Court also granted the Debtors' request to extend the deadline for service of process until the later of August 30, 2011 or the time otherwise prescribed by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), without prejudice to the Debtors' ability to request further extensions.

5. Until now, in order to conserve estate assets, the Debtors have elected to hold off on effecting service on defendants in the Avoidance Action styled as *Lehman Commercial Paper Inc. v. BlueBay Asset Management Plc et al.*, Adv. Case No. 10-03831 (JMP) (the "BlueBay Action"). The BlueBay Action involves twelve Avoidance Action Defendants that are located in foreign jurisdictions (the "BlueBay Defendants"). In light of the impending expiration of the service deadline, as well as the fact that the Debtors' chapter 11 cases are drawing to a close, the Debtors believe it is appropriate to serve the BlueBay Defendants at this time.

6. Accordingly, the Debtors seek to extend the service deadline for the BlueBay Defendants to November 30, 2011 so as to ensure that service is effected. Given the fact that the BlueBay Action currently is stayed until January 20, 2012, this brief extension of the service deadline will not delay the resolution of the BlueBay Action, nor will it cause prejudice to the BlueBay Defendants.

## Jurisdiction

7. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Relief Requested**

8.  Pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Bankruptcy Rule 7004(a)(1), the Debtors request that the deadline to effect service on the BlueBay Defendants be extended to November 30, 2011, without prejudice to the Debtors' ability to request further extensions. This relief will not alter the Stay granted by the Stay Extension Order, nor does it otherwise prejudice the BlueBay Defendants because even those parties who have been served are not required to answer or otherwise respond until the termination of the Stay.[3]

**The Court Should Exercise its Discretion and Issue the Extension**

9.  The Federal Rules of Civil Procedure state that where a plaintiff shows good cause, "the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "In determining whether a plaintiff has shown good cause, courts in this Circuit consider whether the (1) plaintiff made reasonable efforts to serve the defendant and (2) defendant was prejudiced by the delay in service." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nig.*, 265 F.R.D. 106, 118 (S.D.N.Y. 2010) (citation omitted). Moreover, it is well-settled that courts readily extend service of process deadlines where defendants reside in foreign jurisdictions. "There is no time limit by which service must be effected on a defendant in a foreign country pursuant to Rule 4(f)." *Id.* at n.2 (citation omitted). "Courts have used a flexible due diligence standard in determining whether service of process under Rule 4(f) is

---

[3] On July 19, 2011, the Debtors filed a *Notice of Entry of Order Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)* in the BlueBay Action [ECF No. 8].

timely." *United States SEC v. Shehyn*, 2008 U.S. Dist. LEXIS 108951, at *10 (S.D.N.Y. Nov. 28, 2008) (internal citations and quotations omitted).

10. The Debtors have served the summons and complaint on the attorneys for the BlueBay Defendants. The BlueBay Defendants' attorneys, however, have refused to accept service of process.

11. The Debtors have engaged Legal Language Services ("LLS") as their agent for service of process abroad, and with the assistance of LLS, the Debtors are in the process of serving the manager for the BlueBay Defendants in accordance with the *Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* (the "Hague Service Convention").[4] LLS estimates that it will take as long as six (6) weeks to effect service on the manager for the BlueBay Defendants.

12. In addition, to the extent that each of the BlueBay Defendants needs to be served individually the Debtors may need additional time to complete their diligence in locating the proper service location for such defendants.

13. The BlueBay Defendants will not be prejudiced by a potential delay in service as such defendants already have knowledge of the BlueBay Action; indeed, their attorneys have communicated with the Debtors' attorneys regarding the BlueBay Action. Moreover, as set forth in the Stay Extension Order, the Stay already has been extended for a period of six (6) months to January 20, 2012. The existence of the Stay obviates any potential prejudice this brief extension of the service deadline conceivably could have on the BlueBay Defendants.

---

[4] The United Kingdom, where the manager for the BlueBay Defendants will be served, is a signatory to the Hague Service Convention.

14. Given the August 30, 2011 deadline for effecting service, the Debtors have sought from the Court, contemporaneously herewith, a bridge order extending the deadline for effecting service until such time as the Court has entered an order determining the Motion.

### Notice

15. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties

who have requested notice in these chapter 11 cases; and (vii) the BlueBay Defendants or their agents or representatives.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  August 19, 2011
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------x

## ORDER GRANTING EXTENSION OF DEADLINE
## FOR SERVICE OF CERTAIN AVOIDANCE ACTION COMPLAINTS

Upon the motion, dated August 19, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code and Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, for an extension of the deadline to effect service of process of an avoidance action complaint to November 30, 2011, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having entered the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2011 [ECF No. 12199]; and the Court having

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

US_ACTIVE:\43787597\10\58399.0003

entered the *Order Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011 [ECF No. 17763]; and the Court having entered the *Bridge Order Extending the Deadline for Service of Certain Avoidance Action Complaints*, dated August __, 2011 [ECF No. _____]; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) the BlueBay Defendants or their agents or representatives, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors shall have until November 30, 2011, to effect service on the BlueBay Defendants, without prejudice to the Debtors' ability to request further extensions; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

3

      ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  September __, 2011
           New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE