Presentment Date and Time: August 26, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: August 25, 2011 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                                    :        Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        08-13555 (JMP)
:
                                    Debtors.             :        (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION BETWEEN LEHMAN BROTHERS HOLDINGS INC., LEHMAN BROTHERS BANCORP INC., WOODLANDS COMMERCIAL BANK, METLIFE BANK, N.A. AND PNC BANK, NATIONAL ASSOCIATION REGARDING ESCROWED FUNDS IN CONNECTION WITH TRANSFER OF CERTAIN NEGOTIABLE MASTER CERTIFICATES OF DEPOSIT**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation between Lehman Brothers Holdings Inc., Lehman Brothers Bancorp Inc., Woodlands Commercial Bank, MetLife Bank, N.A. and PNC Bank, National Association, regarding escrowed funds in connection with the transfer of certain negotiable Master Certificates of Deposit (the "Stipulation") to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **August 26, 2011 at 12:00 noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of

US_ACTIVE:\43788786\01\58399.0003

New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) Chambers of the Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Alfredo R. Perez, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq., attorneys for the Creditors' Committee, so as to be filed and received no later than **August 25, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

        **PLEASE TAKE FURTHER NOTICE** that if an objection to the Stipulation is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

        **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed prior to the Objection Deadline, a hearing (the "Hearing") will be held to consider the Stipulation on **September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 19, 2011
      New York, New York

/s/ Alfredo R. Perez
Alfredo R. Perez

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# STIPULATION

This stipulation (the "Stipulation") is made as of this 19th day of August 2011, by and among Lehman Brothers Holdings Inc., a Delaware corporation ("LBHI"), Lehman Brothers Bancorp Inc., a Delaware corporation and subsidiary of LBHI ("Bancorp"), Woodlands Commercial Bank (f/k/a Lehman Brothers Commercial Bank), a Utah industrial bank and an indirect subsidiary of LBHI ("Woodlands"), MetLife Bank, N.A., a national banking association ("MetLife") and PNC Bank, National Association ("PNC," and collectively with LBHI, Bancorp, Woodlands and MetLife, the "Parties" or in the singular as a "Party").

**WHEREAS**, on September 15, 2008 (the "Filing Date"), LBHI filed a petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") commencing a case under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code");

**WHEREAS**, in addition to LBHI, certain affiliates of LBHI also filed petitions in the Bankruptcy Court under the Bankruptcy Code in September and October of 2008 and subsequently, with all such cases being jointly administered by the Bankruptcy Court (collectively, the "Bankruptcy Cases");

**WHEREAS**, Bancorp is a non-debtor, wholly-owned subsidiary of LBHI, and Woodlands is a non-debtor, wholly-owned subsidiary of Bancorp and an indirect wholly-owned subsidiary of LBHI;

**WHEREAS**, in connection with the Bankruptcy Cases, Woodlands asserted claims regarding (a) the allocation of certain tax liabilities and benefits, (b) certain interest rate derivative transactions, (c) various forward purchase arrangements involving securities issued by municipalities and public or quasi-public entities, (d) a participation interest in a certain mortgage loan, (e) certain credit and interest rate hedging arrangements, (f) certain fee arrangements, (g) intercompany transactions with Woodlands, (h) the funding commitment associated with a participation interest sold to LCPI in a syndicated financing facility, (i) certain other participation interests in loans and funding commitments sold to LBHI and LCPI, and (j) obligations to indemnify Woodlands pursuant to certain intercompany agreements and in respect of litigation in which Woodlands may be liable to third parties for obligations of LBHI or other affiliates of LBHI, which claims were disputed by LBHI and its affiliates (collectively, the "Woodlands Claims");

**WHEREAS**, pursuant to that certain Settlement Agreement, dated as of November 30, 2010 (the "Settlement Agreement"), LBHI and certain of its debtor and non-debtor affiliated entities, including Bancorp, resolved and settled the Woodlands Claims, and entered into certain additional agreements and undertakings in connection with the resolution of said parties various intercompany arrangements;

**WHEREAS**, in connection with the Settlement Agreement, LBHI, Bancorp and Woodlands entered into that certain Capital Maintenance Agreement, dated November 30, 2010, together with the Federal Deposit Insurance Corporation and the Utah Department of Financial Institutions (the "Capital Maintenance Agreement");

**WHEREAS**, pursuant to the Settlement Agreement and the Capital Maintenance Agreement, LBHI, Bancorp and Woodlands agreed that prior to May 31, 2012, Woodlands would wind down its assets and liabilities, and that during said wind down period, LBHI, Bancorp and Woodlands were authorized to market Woodlands and its assets and liabilities to one or more unaffiliated third parties;

**WHEREAS**, the Settlement Agreement, and the obligations of the parties thereto, including in respect of the Capital Maintenance Agreement, was approved by order of the Bankruptcy Court entered on September 23, 2010, and, pursuant to said order, LBHI was authorized to perform on the Capital Maintenance Agreement;

**WHEREAS**, in furtherance of the wind down of its assets and liabilities as required by the Settlement Agreement and the Capital Maintenance Agreement, Woodlands has agreed to transfer and assign all of its rights in, and obligations with respect to, certain negotiable Master Certificates of Deposit (the "Master Certificates") representing individual certificates of deposit (the "CDs"), all as set forth and provided for in that certain Deposit Assignment and Assumption Agreement of even date herewith entered into by and between MetLife, as acquirer, and Woodlands, as seller (the "Deposit Assignment Agreement");

**WHEREAS**, in accordance with the terms and conditions of the Deposit Assignment Agreement, Woodlands has agreed to place $15 million (the "Escrowed Funds") in escrow in order to secure certain obligations and undertakings of Woodlands owing to MetLife and any of its employees, officers, directors, agents and affiliates under the Deposit Assignment Agreement, including in respect of any claims that may arise with respect to the CDs for the period prior to the transfer of the CDs to MetLife, all as more specifically provided for in the Deposit Assignment Agreement;

**WHEREAS**, in order to effectuate the escrow of the Escrowed Funds as contemplated by the Deposit Assignment Agreement, Woodlands and MetLife have entered into that certain Escrow Agreement of even date herewith (the "Escrow Agreement") by and among MetLife, Woodlands and PNC, as escrow agent (the "Escrow Agent") for purposes of holding and disbursing the Escrowed Funds as provided for therein;

**WHEREAS**, MetLife, as acquirer of the CDs represented by the Master Certificates, and PNC, as Escrow Agent, have requested assurances that the Escrowed Funds will, in all events, be held and disbursed only pursuant to and in accordance with the specific terms and conditions of the Escrow Agreement, and that neither LBHI nor any of its affiliated debtor entities, or Bancorp, will assert any rights or interests in or to the Escrowed Funds, or seek any turnover, payment or disbursement of the Escrowed Funds, other than strictly in accordance with the terms of the Escrow Agreement and the Deposit Assignment Agreement, such that the Escrowed Funds shall only be available and distributable as specifically provided for, and in accordance with, the terms and conditions of the Escrow Agreement;

**WHEREAS**, in consideration of MetLife's entry into and performance under the Deposit Assignment Agreement and the Escrow Agreement, and PNC's agreement to act as Escrow Agent under the Escrow Agreement, LBHI and Bancorp wish to confirm (1) their consent and agreement to the transfer and assignment of the CDs represented by the Master Certificates to

2

MetLife pursuant to the Deposit Assignment Agreement, and (2) agreement that they will not assert any rights to or interest in the Escrowed Funds except as provided in the Escrow Agreement, and that the Escrowed Funds shall be held and disbursed by the Escrow Agent only as provided for, and in accordance with, the terms and conditions of the Escrow Agreement.

**NOW, THEREFORE**, in consideration of the undertakings, agreements and other consideration provided for herein, the receipt and sufficiency of which is hereby acknowledged, and the satisfaction of the other conditions set forth in Section 7 hereof, the Parties hereby agree as follows:

1. The recitals set forth above are incorporated herein in all respects;

2. LBHI and Bancorp hereby consent and agree (i) to the transfer and assignment of all right, title and interest of Woodlands to the CDs represented by the Master Certificates, all as provided for in the Deposit Assignment Agreement, and (ii) to the delivery of the Escrowed Funds to PNC, as Escrow Agent, to be held and disbursed only in accordance with the terms and conditions of the Escrow Agreement.

3. LBHI and Bancorp further confirm and agree that they shall not assert any rights to or interest in the Escrowed Funds, and that the Escrowed Funds shall be held by the Escrow Agent and disbursed only as provided for, and in accordance with, the terms and conditions of the Escrow Agreement.

4. **Further Assurances**. Each Party shall use its commercially reasonable efforts after the Effective Date to execute and deliver such instruments, certifications and other documents, and to take such other actions, as may be reasonably requested by another Party, in order to perfect or confirm or give effect to the agreements and undertakings provided by this Stipulation.

5. **Representations**. Each of the Parties hereby represents (and in the case of LBHI upon entry of this Stipulation by the Bankruptcy Court) to the other Parties as follows:

    (i) It is duly organized, validly existing and in good standing under the laws of the jurisdiction of its incorporation, and has the requisite corporate power and authority to execute and deliver this Stipulation and to perform its obligations hereunder, and it has taken all necessary action to authorize such execution, delivery and performance.

    (ii) This Stipulation has been duly executed and delivered by it and constitutes a legal, valid and binding obligation of it enforceable in accordance with its terms.

6. **Governing Law**. To the extent not governed by the Bankruptcy Code, this Stipulation shall be governed by, and interpreted in accordance with, the laws of the State of New York applicable to contracts made and to be performed in that State without reference to its conflict of laws rules. The Parties agree that the appropriate and exclusive forum for any disputes arising out of this Stipulation shall be the Bankruptcy Court, or if such court will not hear any such suit, the United States District Court for the Southern District of New York, and

3

the Parties hereto irrevocably consent to the exclusive jurisdiction of such courts, and agree to comply with all requirements necessary to give such courts' jurisdiction.

7. **Effective Date**. The obligations of the Parties under this Stipulation are subject to (i) the execution and delivery of each of the Deposit Assignment Agreement and the Escrow Agreement by all parties thereto, (ii) the receipt by PNC, as Escrow Agent, of the Escrowed Funds and (iii) the entry of an order of the Bankruptcy Court approving this Stipulation, which may include the Bankruptcy Court's "SO ORDERED" execution of this Stipulation, which shall become final absent an appeal within fourteen (14) days after the entry of such order or "SO ORDERED" Stipulation. Except as the Parties may otherwise agree, this Stipulation shall become effective on the date (the "Effective Date") when Woodlands notifies the other Parties in writing that the preceding three events have occurred.

8. **Notices**. All instructions, notices and other communications hereunder must be in writing and shall be deemed to have been duly given, if delivered by hand, mailed by first class, certified mail, return receipt requested, postage prepaid, facsimile or electronic address and addressed as set forth on the signature page hereto. All notices and communications hereunder shall be in writing and shall be deemed to be duly given as of the date sent in the case of registered mail, return receipt requested, or certified mail, postage prepaid, or upon delivery in the case of personal delivery or delivery by overnight courier, or upon successful facsimile or other electronic transmission as indicated by voice or electronic confirmation to the address below.

(a) If to LBHI:

Lehman Brothers Holdings Inc.
1270 Avenue of the Americas
New York, New York 10019
Facsimile: (646) 285-9325
Attn: Doug Lambert

(b) If to Bancorp:

Lehman Brothers Bancorp
1270 Avenue of the Americas
New York, New York 10019
Facsimile: (646) 285-9325
Attn: Doug Lambert

(c) If to MetLife:

MetLife Bank, N.A.
Attention: Legal Department
334 Madison Avenue
P.O. Box 1949
Convent Station, New Jersey 07962-1949

(d)     If to Woodlands:

Woodlands Commercial Bank
4001 S. 700 East, Suite 410
Salt Lake City, UT  84107
Facsimile: (801) 264-6901
Attn: Chief Executive Officer

(e)     If to PNC:

PNC Bank, National Association
Attention: Rose Provins
620 Liberty Avenue, 7th Floor
Pittsburgh, PA  15222
Facsimile Number: (412) 762-7034

with a copy to:

PNC Bank Legal Department
1600 Market Street, 28th Floor
One PNC Plaza
249 Fifth Avenue
Pittsburgh, PA 15222

9. **Counterparts**. This Stipulation may be executed and delivered by the Parties in multiple counterparts, no one of which needs to be signed by all Parties, each of which shall be deemed to be an original but all of which together shall constitute but one and the same agreement. It is the intent of the Parties that the copy signed by any Party shall be fully enforceable against said Party.

10. **Entire Agreement**. This Stipulation, together with the Deposit Assignment Agreement and the Escrow Agreement and other documents executed in connection therewith, constitutes the entire agreement among the Parties concerning the subject matter hereof, and supersede any prior or contemporaneous representations, statements, understandings or agreements concerning the subject matter of this Stipulation.

11. **Modifications**. This Stipulation may not be modified, amended or terminated except by written agreement executed by all of the Parties.

12. **Successors and Assigns**. On the Effective Date, the terms of this Stipulation shall be binding on and inure to the benefit of the Parties and their respective successors and assigns.

13. **Headings**. The headings of the sections and subsections of this Stipulation are for convenience and reference only and shall not affect the construction of this Stipulation.

14. **Judicial Interpretation**. Should any provision of this Stipulation require judicial interpretation, it is agreed that a court interpreting or construing the same shall not apply a

presumption that the terms hereof shall be more strictly construed against any Party by reason of the rule of construction that a document is to be construed more strictly against the party who itself or through its agent prepared the same, it being agreed that all Parties have participated in the preparation of this Stipulation.

[*remainder of page intentionally left blank; signature page follows*]

**IN WITNESS WHEREOF** the parties, by duly authorized persons, have executed this Stipulation as of the date first written above.

LEHMAN BROTHERS HOLDINGS INC.

By: /s/ Douglas Lambert
    Name: Douglas Lambert
    Title: Senior Vice-President

LEHMAN BROTHERS BANCORP

By: /s/ Douglas Lambert
    Name: Douglas Lambert
    Title: Vice-President

WOODLANDS COMMERCIAL BANK

By: /s/ Julie M. Boyle
    Name: Julie M. Boyle
    Title: President/ Chief Executive Officer

METLIFE BANK, N.A.

By: /s/ Michael C. Hlushak
    Name: Michael C. Hlushak
    Title: Vice President

PNC BANK, NATIONAL ASSOCIATION

By: /s/ Alex Schneider
    Name: Alex Schneider
    Title: RM-AVP

7

SO ORDERED:

New York, New York

_____, 2011          _____
                                         Honorable James M. Peck
                                         United States Bankruptcy Judge