HEARING DATE AND TIME: October 5, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 PM (Eastern Time)

---

**THE DEBTORS' ONE HUNDRED SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :    08-13555 (JMP)
                                                       :
                        Debtors.                       :    (Jointly Administered)
-------------------------------------------------------------------x

**NOTICE OF HEARING ON THE DEBTORS'
ONE HUNDRED SEVENTY-EIGHTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY 401(k) CLAIMS)**

**PLEASE TAKE NOTICE** that on August 19, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (collectively, the "Debtors"), filed their one hundred seventy-eighth omnibus objection to claims (the "Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Seventy-Eighth

US_ACTIVE:\43782639\03\58399.0008

Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 AM (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **September 20, 2011 at 4:00 PM (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 19, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: October 5, 2011 at 10:00 AM (Eastern Time)**
**RESPONSE DEADLINE: September 20, 2011 at 4:00 PM (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                     :    Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                          :
                     Debtors.                             :    (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED SEVENTY-EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY 401(k) CLAIMS)**

---

**THE DEBTORS' ONE HUNDRED SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OBJECTION SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

1

US_ACTIVE:\43782639\03\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), respectfully represent as follows:

### Relief Requested

1. The Debtors file this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which the Debtors have no liability.

2. The proofs of claim listed on Exhibit A annexed hereto (collectively, the "401(k) Claims") were filed against the Debtors purportedly asserting claims for either the entire amount of the claimant's 401(k) savings plan or the loss of value in the claimant's 401(k) savings plan shortly before the Debtors filed for bankruptcy. The Debtors have no liability for the value of the claimants' 401(k) savings plan and no liability for any loss in the value of the claimants' 401(k) savings plan.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4. Commencing on September 15, 2008, and periodically thereafter, (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

2

this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

7. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The 401(k) Claims Should Be Disallowed and Expunged**

8. Once objected to, a filed proof of claim is no longer "deemed allowed." 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed … is deemed allowed, unless a party in interest … objects."). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

3

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

9. In their review of the claims filed on the claims register in these chapter 11 cases, the Debtors have identified the 401(k) Claims as asserting claims for either the entire amount of the claimant's 401(k) savings plan or the loss of value in the claimant's 401(k) savings plan shortly before the Debtors filed for bankruptcy. The claimants' 401(k) savings plans contain a variety of financial products, including stocks and bonds that were issued by companies unrelated to the Debtors and funds that are in no way connected to the Debtors. The 401(k) savings plans may also contain common stock in LBHI. The 401(k) Claims do not assert rights as owner of LBHI stock but merely assert claims for a decrease in the value of claimants' entire 401(k) account. Furthermore, although market disruption around the time of the Debtors' bankruptcy may have led to a decline in the value of the 401(k) savings plan, a decrease in the value of the claimant's savings does not give rise to a valid claim against the Debtors.

10. The liabilities asserted in the 401(k) Claims are not claims against any Debtor in these chapter 11 cases. Unless the 401(k) Claims are disallowed and expunged, parties who do not hold valid claims against the Debtors' estates may nonetheless recover from the Debtors. The Debtors respectfully request the Court enter an order disallowing and expunging the 401(k) Claims in their entirety.

**Reservation of Rights**

11. The Debtors reserve all their rights to object on any other basis to any 401(k) Claim as to which the relief requested herein is not granted.

**Notice**

12. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this objection, in accordance with the procedures set forth in the second

4

amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], on: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee for Region 2; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 19, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

5

**Exhibit A**

US_ACTIVE:\43782639\03\58399.0008

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 178: EXHIBIT A - NO LIABILITY 401(k) CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ALLEN, MARCIA<br>362 THIRD STREET<br>APT 1<br>JERSEY CITY, NJ 07302-2206 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24156 | $4,387.16 | No Liability |
| 2 | AMOROSO, MICHAEL<br>9405 LINDEN BLVD<br>OZONE PARK, NY 11417 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 22111 | Undetermined | No Liability |
| 3 | BENSON, BETH A.<br>4 MAGNOLIA COURT<br>SPRING LAKE, NJ 07762 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32484 | $256,675.00 | No Liability |
| 4 | BRUNNER, BRUCE D<br>7711 BROOK SPRINGS DR<br>HOUSTON, TX 77095 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31916 | $68,120,054.77 | No Liability |
| 5 | CHAVDAROV, LYNN TROST<br>137 N MOHLER DR<br>ANAHEIM HILLS, CA 92808-1042 | | Lehman No Case Asserted/All Cases Asserted | 08/10/2009 | 7883 | $7,798.27 | No Liability |
| 6 | CHIRIACO, KRISTEN L.<br>63 EMILY ROAD<br>FAR HILLS, NJ 07931 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18161 | $644.04 | No Liability |
| 7 | COIRO-TIMMER,ANTONELLA<br>1911 ADAMS AVENUE<br>W. ISLIP, NY 11795 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/10/2009 | 11283 | $30,000.00* | No Liability |
| 8 | DECKER, SHELLEY<br>2461 N. TERRELL<br>MESA, AZ 85207 | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 19711 | $22,000.00* | No Liability |
| 9 | DOUGLAS,DOROTHEA<br>177-11 136TH AVE<br>APT PH<br>JAMAICA, NY 11434-4013 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15265 | $39,581.46 | No Liability |
| 10 | DOWLING, MICHAEL J.<br>19 EVERGREEN LANE<br>PEARL RIVER, NY 10913 | | Lehman No Case Asserted/All Cases Asserted | 09/19/2009 | 19579 | Undetermined | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 178: EXHIBIT A - NO LIABILITY 401(k) CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 11 | GRINN, INESSA<br>29 DELMAR AVENUE<br>GLEN ROCK, NJ 07452 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 33607 | $22,918.03 | No Liability |
| 12 | HAMILTON, GLORIA A.<br>10550 US HIGHWAY 50<br>DODGE CITY, KS 67801-6526 | | Lehman No Case Asserted/All Cases Asserted | 09/15/2009 | 12948 | Undetermined | No Liability |
| 13 | KHAN, ZAMEER H.<br>25-GREEN ACRES AVENUE<br>EAST BRUNSWICK, NJ 08816 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/02/2009 | 10127 | $68,923.54 | No Liability |
| 14 | LEE, CHRISTOPHER W<br>22 CARLTON DRIVE<br>MASSAPEQUA, NY 11758 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 26281 | $20,071.72 | No Liability |
| 15 | LIBERATOS, STAMATOULA<br>22 CARLTON DRIVE<br>MASSAPEQUA, NY 11758 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 26279 | $15,013.57 | No Liability |
| 16 | LIEBERMAN, STEVEN<br>13 FILMONT DRIVE<br>NEW CITY, NY 10956 | | Lehman No Case Asserted/All Cases Asserted | 09/17/2009 | 14835 | $8,683.99 | No Liability |
| 17 | LUNA, DAISY<br>34-30 58TH STREET<br>WOODSIDE, NY 11377 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29908 | Undetermined | No Liability |
| 18 | MOLINA, GUILLERMO<br>1914 LINDEN STREET<br>3L<br>RIDGEWOOD, NY 11385 | | Lehman No Case Asserted/All Cases Asserted | 07/15/2009 | 5376 | $2,424.79 | No Liability |
| 19 | MORAGNE, SHARON<br>552 ROSEDALE AVENUE<br>APT N-13<br>BRONX, NY 10473 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 21357 | Undetermined | No Liability |
| 20 | O'BRIEN, BARRY J.<br>22 MEADOWBROOK ROAD<br>SHORT HILLS, NJ 07078 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32336 | $2,014.66 | No Liability |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 178: EXHIBIT A - NO LIABILITY 401(k) CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 21 | PHELPS, CONSTANCE D. 1234 INDIAN PLACE NORTH BRUNSWICK, NJ 08902 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16211 | $16,636.94 | No Liability |
| 22 | RAMNARAIN, LILAWATTI 59 MOORE STREET NEW HYDE PARK, NY 11040 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15402 | $70,253.51 | No Liability |
| 23 | STAKKESTAD, TOVE 256 SAN REMO DR JUPITER, FL 33458-8730 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 26101 | $300.00 | No Liability |
| 24 | TOLMAN, MARC 6935 PERDIDO BAY TERRACE LAKE WORTH, FL 33463 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31987 | $9,000.00 | No Liability |
| 25 | ULYANENKO, SERGEY 345 EAST 93RD STREET APT 25H NEW YORK, NY 10128 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 26199 | $25,950.00 | No Liability |
| 26 | VIVEKANAND, DEODAT 94-15 113TH STREET SOUTH RICHMOND, NY 11419-1108 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/11/2009 | 7996 | $90,240.46 | No Liability |
| 27 | WALSH, KEVIN M 10 GREENWOOD AVE STATEN ISLAND, NY 10301-3404 | | Lehman No Case Asserted/All Cases Asserted | 08/20/2009 | 8779 | $100,000.00 | No Liability |
| 28 | WEINER, JASON 2919 GRAND AVE BALDWIN, NY 11510 | | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13401 | $37,265.82 | No Liability |
| 29 | WEINRIB, KARA ABRAMSON 1050 SMITH MANOR BLVD WEST ORANGE, NJ 07052 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21324 | Undetermined | No Liability |
| 30 | ZAJKOWSKI, RENATA 5 ROTARY LANE SUMMIT, NJ 07901 | | Lehman No Case Asserted/All Cases Asserted | 08/21/2009 | 8977 | $15,213.03 | No Liability |

## IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 178: EXHIBIT A - NO LIABILITY 401(k) CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 31 | ZAKI-BASTA, SANDRA<br>130 MYRTLE AVE # 7G<br>STAMFORD, CT 06902 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29453 | $16,000.00 | No Liability |
| | | | | | TOTAL | $69,002,050.76 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                              :   Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :   08-13555 (JMP)
                                                                   :
                        Debtors.                                   :   (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY 401(k) CLAIMS)

Upon the one hundred seventy-eighth omnibus objection to claims, dated August 19, 2011 (the "Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking the disallowance and expungement of the 401(k) Claims on the basis that the Debtors have no liability for such claims, all as more fully described in the Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims; and due and proper notice of the Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors'

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims.

One Hundred Seventy-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to reflect the 401(k) Claims as disallowed and expunged pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2