HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO MODIFY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                      :    Chapter 11 Case No.
                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :    08-13555 (JMP)
                                           :
                     Debtors.              :    (Jointly Administered)
----------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SIXTY-FIFTH
OMNIBUS OBJECTION TO CLAIMS (INCONSISTENT DEBTOR CLAIMS)**

**PLEASE TAKE NOTICE** that on August 19, 2011, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred sixty-fifth omnibus objection to

claims (the "Debtors' One Hundred Sixty-Fifth Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Debtors' One Hundred Sixty-Fifth Omnibus Objection to

US_ACTIVE:\43780709\02\58399.0008

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Sixty-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **September 20, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Sixty-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Sixty-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 19, 2011
      New York, New York

    /s/ Robert J. Lemons
    Robert J. Lemons

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                              :      Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :      08-13555 (JMP)
                                                   :
                         Debtors.                  :      (Jointly Administered)
-------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED SIXTY-FIFTH OMNIBUS**
**<u>OBJECTION TO CLAIMS (INCONSISTENT DEBTOR CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO MODIFY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

US_ACTIVE:\43780709\02\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1.  The Debtors file this one hundred sixty-fifth omnibus objection to claims (the "One Hundred Sixty-Fifth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking modification of the claims listed on Exhibit A annexed hereto.

2.  The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "Inconsistent Debtor Claims") and have determined that the Inconsistent Debtor Claims violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as they fail to appropriately identify the Debtor against which the claim is asserted. In certain instances, the holders of the Inconsistent Debtor Claims submitted claims, including questionnaires, with Debtors and/or case numbers that do not match. In other instances, the holders of the Inconsistent Debtor Claims appear to be asserting a guarantee claim against LBHI for a non-debtor's obligation but named the non-debtor entity in the "Debtor" box on the claim form instead of LBHI. Accordingly, the Debtors request that the Inconsistent Debtor Claims be

modified to reflect that they are asserted against LBHI as set forth on <u>Exhibit A</u> under the column heading "*Modified Debtor/Case Number.*"

3. The Debtors reserve all their rights to object on any basis to the Inconsistent Debtor Claims.

## **Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for Region 2 (the "<u>U.S. Trustee</u>") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "<u>Examiner</u>") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On July 2, 2009, this Court entered the Bar Date Order, which requires, among other things, that "each Proof of Claim must: . . . (iv) state the name and case number of

the specific Debtor against which it is filed . . . ." (Bar Date Order at 6.) The reverse side of the proof of claim form states in all capital letters that "YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM." (*Id.* at Ex. B.) Below that statement, each Debtor was listed with its associated case number. (*Id.*) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

        9.      Claimants received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) In the Bar Date Notice, which also was published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, claimants were specifically instructed that "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (iv) state the name and case number of the specific Debtor against which it is filed." (Bar Date Notice at 4.) Claimants who filed a proof of claim prior to entry of the Bar Date Order were instructed that they need not file a new claim if their proof of claim substantially conformed to the Court-approved proof of claim form, which form clearly sets forth the requirement that claimants provide the name of the debtor and the case number. (*Id.* at 2.)[1]

        10.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

---

[1] The Bankruptcy Rule's Official Form 10, the standardized proof of claim form, also requires claimants to state the name of the Debtor and its associated case number.

### The Inconsistent Debtor Claims Should Be Modified

11. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the Inconsistent Debtor Claims as claims that should be modified on the claims register to reflect the Debtor against which it appears the claim was intended to be asserted. For the Inconsistent Debtor Claims, that Debtor is LBHI.

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. The Bar Date Order specifically requires that "each Proof of Claim ***must***: . . . (iv) state the name and case number of the specific Debtor against which it is filed." (Bar Date Order at 6 (emphasis added).) The Bankruptcy Rules' official proof of claim form also includes this standard requirement. Claimants were also specifically provided notice of the Bar Date Order's requirement that they must specify the Debtor against which they have a claim via the Bar Date Notice. The Bar Date Notice included instructions on how to complete the proof of claim forms and a warning that failure to comply with those instructions would result in claims being barred. (*See* Bar Date Notice at 4, 6.)[2]

---

[2] Claimants were also notified that they needed to submit new proofs of claim if their claims submitted prior to the Bar Date Order did not substantially conform to the Court-approved proof of claim form, which clearly set forth the requirement that the claim needed to be filed as against a specific debtor. (*See id.* at 2.)

14. The holders of the Inconsistent Debtor Claims provided conflicting identifications of the Debtor and/or case number against which their claims are asserted or identified their claim as a guarantee claim against LBHI but wrote the name of the purportedly guaranteed entity in the "Debtor" box on the claim form instead of LBHI. Because the Inconsistent Debtor Claims do not satisfy the Bar Date Order's requirement to identify the Debtor with specificity, those claims should be docketed to the Debtor and case number against which it appears the claimant intended to assert a claim. In each instance, that Debtor is LBHI. The modification will allow the claims register to more accurately reflect the claims asserted against the Debtors' estates and provide certainty to the Debtors in that regard. Accordingly, the Debtors request that the Inconsistent Debtor Claims be modified on the claims register to reflect that they are asserted against LBHI, as set forth on Exhibit A under the column "*Modified Debtor/Case Number*."

**Notice**

15. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this One Hundred Sixty-Fifth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: August 19, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

### IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 165: EXHIBIT A – INCONSISTENT DEBTOR CLAIMS

| | NAME | CLAIM # | FILED DATE | TOTAL CLAIM DOLLARS | ASSERTED CASE NUMBER | ASSERTED DEBTOR | MODIFIED DEBTOR/CASE NUMBER |
|---|---|---|---|---|---|---|---|
| 1 | DILLON, DAVID<br>33 SIR JOHN ROGERSON'S QUAY<br>DUBLIN 2,<br>IRELAND | 24214 | 09/21/2009 | $16,957,667.43 | 08-13905 (JMP) | Lehman Brothers Holdings, Inc. | Lehman Brothers Holdings, Inc. / 08-13555 (JMP) |
| 2 | LBSP HOLDINGS (IRELAND) I PLC<br>33 SIR JOHN ROGERSON'S QUAY<br>DUBLIN 2,<br>IRELAND | 24212 | 09/21/2009 | $16,413,271.00 | 08-13905 (JMP) | Lehman Brothers Holdings, Inc. | Lehman Brothers Holdings, Inc. / 08-13555 (JMP) |
| 3 | OPAL FINANCE HOLDINGS IRELAND LIMITED<br>33 SIR JOHN ROGERSON'S QUAY<br>DUBLIN 2,<br>IRELAND | 24216 | 09/21/2009 | $13,049,475.80 | 08-13905 (JMP) | Lehman Brothers Holdings, Inc. | Lehman Brothers Holdings, Inc. / 08-13555 (JMP) |
| 4 | TIERNAN, LORCAN, KEHER, BRIAN, BROUGHAN, JOHN<br>IN CAPACITY AS DIRECTORS OF OPAL FINANCE HOLDINGS IRELAND LIMITED<br>33 SIR JOHN ROGERSON'S QUAY<br>DUBLIN 2,<br>IRELAND | 24217 | 09/21/2009 | $13,049,475.80 | 08-13905 (JMP) | Lehman Brothers Holdings, Inc. | Lehman Brothers Holdings, Inc. / 08-13555 (JMP) |
| 5 | TUDOR TRUST LIMITED<br>33 SIR JOHN ROGERSON'S QUAY<br>DUBLIN 2,<br>IRELAND | 24218 | 09/21/2009 | $13,049,475.80 | 08-13905 (JMP) | Lehman Brothers Holdings, Inc. | Lehman Brothers Holdings, Inc. / 08-13555 (JMP) |
| 6 | HY INVESTMENTS (IRELAND) LIMITED<br>33 SIR JOHN ROGERSON'S QUAY<br>DUBLIN 2,<br>IRELAND | 24211 | 09/21/2009 | $3,943,740.07 | 08-13905 (JMP) | Lehman Brothers Holdings, Inc. | Lehman Brothers Holdings, Inc. / 08-13555 (JMP) |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 165: EXHIBIT A – INCONSISTENT DEBTOR CLAIMS

| | NAME | CLAIM # | FILED DATE | TOTAL CLAIM DOLLARS | ASSERTED CASE NUMBER | ASSERTED DEBTOR | MODIFIED DEBTOR/CASE NUMBER |
|---|---|---|---|---|---|---|---|
| 7 | LBSP LIMITED<br>33 SIR JOHN ROGERSON'S QUAY<br>DUBLIN 2,<br>IRELAND | 24215 | 09/21/2009 | $554,395.45 | 08-13905 (JMP) | Lehman Brothers Holdings, Inc. | Lehman Brothers Holdings, Inc. / 08-13555 (JMP) |
| 8 | KPMB ROMANIA SRL<br>VICTORIA BUSINESS PARK<br>DN1 BUCURESTI PLOIESTI NR. 69-71<br>SECTOR 1<br>P.O. BOX 18-191<br>BUCURESTI, 013685<br>ROMANIA | 9629 | 08/28/2009 | $35,474.00 | 08-13905 (JMP) | Lehman Brothers Holdings, Inc. | Lehman Brothers Holdings, Inc. / 08-13555 (JMP) |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                        :    08-13555 (JMP)
                                                                :
                      Debtors.                                  :    (Jointly Administered)
----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (INCONSISTENT DEBTOR CLAIMS)

Upon the one hundred sixty-fifth omnibus objection to claims, dated August 19, 2011 (the "One Hundred Sixty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking modification of the Inconsistent Debtor Claims on the grounds that those claims have not appropriately identified the Debtor entity against which the claim is asserted, all as more fully described in the One Hundred Sixty-Fifth Omnibus Objection to Claims; and due and proper notice of the One Hundred Sixty-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the One Hundred Sixty-Fifth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Sixty-Fifth Omnibus Objection to Claims.

US_ACTIVE:\43780716\01\58399.0008

the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Sixty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Sixty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Sixty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Inconsistent Debtor Claim listed on <u>Exhibit 1</u> annexed hereto is hereby modified to be a claim against LBHI as set forth on <u>Exhibit 1</u> under the column heading *"Modified Debtor/Case Number"*; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to modify the Inconsistent Debtor Claims on <u>Exhibit 1</u> annexed hereto pursuant to this Order; and it is further

ORDERED that the Inconsistent Debtor Claims are deemed to have been filed against LBHI, and the holders of the Inconsistent Debtor Claims are precluded from asserting that the Inconsistent Debtor Claims were, or should be, asserted against any Debtor other than LBHI; and it is further

ORDERED that nothing in this Order constitutes any admission or finding with respect to any of the Inconsistent Debtor Claims, and the Debtors' rights to object to the Inconsistent Debtor Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

2

validity, allowance, or disallowance of, and all rights to object and defend on any basis, except as set forth herein, are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the One Hundred Sixty-Fifth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) any Inconsistent Debtor Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                             _____
                                             UNITED STATES BANKRUPTCY JUDGE