HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                :    Chapter 11 Case No.
                                     :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                     :
                 Debtors.            :    (Jointly Administered)
------------------------------------------------------------------x
```

NOTICE OF HEARING ON
DEBTORS' ONE HUNDRED SIXTY-SIXTH OMNIBUS
<u>OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)</u>

PLEASE TAKE NOTICE that on August 19, 2011, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "<u>Debtors</u>"), filed their one hundred sixty-sixth omnibus objection to

claims (the "Debtors' One Hundred Sixty-Sixth Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Debtors' One Hundred Sixty-Sixth Omnibus Objection to

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 a.m. (Eastern

Time),** or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Sixty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg,

Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and

(iv) attorneys for the official committee of unsecured creditors appointed in these cases,

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be

so filed and received by no later than **September 20, 2011 at 4:00 p.m. (Eastern Time)** (the

"Response Deadline").

        **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' One Hundred Sixty-Sixth Omnibus Objection to Claims or

any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' One Hundred Sixty-Sixth Omnibus Objection to Claims, which order may be entered

with no further notice or opportunity to be heard offered to any party.

Dated: August 19, 2011
      New York, New York

                    /s/ Robert J. Lemons
                    Robert J. Lemons

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                   :      Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :      08-13555 (JMP)
                                        :
                        Debtors.        :      (Jointly Administered)
------------------------------------------------------------------x
```

**DEBTORS' ONE HUNDRED SIXTY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1.      The Debtors file this one hundred sixty-sixth omnibus objection to claims (the "One Hundred Sixty-Sixth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "No Supporting Documentation Claims") and have determined that the No Supporting Documentation Claims violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as they were submitted with no supporting documentation and no explanation as to why such documentation was unavailable.  Therefore, the No Supporting Documentation Claims do not constitute valid *prima facie* claims, and the Debtors request they be disallowed and expunged in their entirety.

3.      The Debtors reserve all their rights to object on any basis to any No Supporting Documentation Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.        Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The

Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.        On September 17, 2008, the United States Trustee for Region 2 (the "U.S.

Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of

the Bankruptcy Code (the "Creditors' Committee").

7.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated

January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the

Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy

Code [Docket No. 7531].

8.        On July 2, 2009, this Court entered the Bar Date Order, which requires,

among other things, that "each Proof of Claim must:  . . . (vi) include supporting documentation

or an explanation as to why documentation is not available."  (Bar Date Order at 6.)  The

supporting documentation requirement was specifically set forth on the face of the Court-

approved proof of claim form.  (*Id.* at Ex. B.)  Furthermore, the Bar Date Order provides that

"any holder of a claim against the Debtors who is required, but fails to file a proof of such claim

in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable

Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined

from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)."

(*Id.* at 9-10.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-

docket.com.

        9.      Claimants also received notice of the Bar Date Order by mail.  (*See* Notice

of Deadlines for Filing Proofs of Claim (the "Bar Date Notice")).)  In the Bar Date Notice, which

also was published in The New York Times (International Edition), The Wall Street Journal

(International Edition), and The Financial Times, claimants were specifically instructed that "[i]f

you file a Proof of Claim, your filed Proof of Claim must: . . . (vi) include supporting

documentation or an explanation as to why documentation is not available."  (Bar Date Notice at

4.)

        10.     Claimants who filed a proof of claim prior to entry of the Bar Date Order

were instructed that they need not file a new claim if their proof of claim substantially conformed

to the Court-approved proof of claim form, which form clearly set forth the requirement that

claimants provide supporting documentation with their claim form or an explanation as to why

such documentation is unavailable.  (*Id.* at 2.)[1]  The Bar Date Notice also prominently stated in

bold-face type that **"any creditor who fails to file a Proof of Claim in accordance with the**

**Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other**

**requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes**

**to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting**

---

[1] The Bankruptcy Rule's Official Form 10, the standardized proof of claim form, also requires claimants to attach supporting documentation or explain why said documentation is not available.

such claim (and from filing a Proof of Claim with respect to such claim)." (*Id.* at 6 (emphasis in original).)

11.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The No Supporting Documentation Claims Should Be Disallowed and Expunged

12.    In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as claims that should be disallowed and expunged on the basis that they do not include any supporting documentation or an explanation as to why such documentation is unavailable and, therefore, do not constitute valid *prima facie* claims.

13.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.    The Bar Date Order specifically requires that "each Proof of Claim ***must***: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6 (emphasis added).)  This requirement for proofs of claim is not a unique one.  Indeed, this Court and others in the Southern District of New York have entered similar orders requiring that proofs of claim include supporting documentation or an explanation as to why documentation is unavailable.  (*See* Oct. 20, 2009 Order [Dkt. No. 316] at 6, *In re*

*Finlay Enterprises, Inc.*, No. 09-14873 (JMP) (Peck, J.); *see also* Oct. 14, 2009 Order at 2-3, *In re AGT Crunch Acquisition LLC, et al.*, No. 09-12889 (REG) (Gerber, J.).)  The Bankruptcy Rules' official proof of claim form also includes this standard requirement.  However, the No Supporting Documentation Claims did not include any supporting documentation or an explanation as to the unavailability of documentation.

15.    Claimants were specifically provided notice of the Bar Date Order's supporting documentation requirement via the Bar Date Notice.  The Bar Date Notice included instructions on how to complete the proof of claim forms and a warning that failure to comply with those instructions would result in claims being barred.  (*See* Bar Date Notice at 4, 6.) Claimants were also notified that they needed to submit new proofs of claim if their claims submitted prior to the Bar Date Order did not substantially conform to the Court-approved proof of claim form, which clearly set forth the supporting documentation requirement.  (*See id.* at 2.) Nevertheless, the No Supporting Documentation Claims were submitted without the required supporting documentation or an explanation as to why such documentation is unavailable.

16.    Because the No Supporting Documentation Claims fail to comply with the Bar Date Order's specific direction that claims include supporting documentation or an explanation as to why such documentation is unavailable, and, therefore, do not constitute valid *prima facie* claims, the Debtors request that the Court disallow and expunge in their entirety the No Supporting Documentation Claims listed on Exhibit A.

### Notice

17.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this One Hundred Sixty-Sixth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered on

June 17, 2010 governing case management and administrative procedures for these cases

[Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

        18.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

        WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated:  August 19, 2011
        New York, New York

                                        /s/ Robert J. Lemons
                                        Robert J. Lemons

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Debtors
                                        and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 166: EXHIBIT A – NO SUPPORTING DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | DOW AGROSCIENCES THE DOW CHEMICAL COMPANY AV. SAN MARTIN # 1800 EDIFICIO TACUARAL 2O. PISO OF. 205 BARRIO NORTE EQUIPETROL BOLIVIA | 08-13555 (JMP) | 10/21/2009 | 43191 | $100,000.00* | No Supporting Documentation Claim |
| 2 | GODAU, MANUELA GRILLENWEG 27 LEVERKUSEN, D-51381 GERMANY | 08-13555 (JMP) | 11/02/2009 | 61290 | $3,537.75 | No Supporting Documentation Claim |
| 3 | KEPPEL CREDIT UNION CO-OPERATIVE LTD BLOCK 1 JALAN BUKIT MERAH #01-4532 SINGAPORE, 150 001 SINGAPORE | 08-13555 (JMP) | 09/28/2009 | 35082 | $349,846.07 | No Supporting Documentation Claim |
| 4 | LANGER, DETLEF MELCHIORSTRASSE 15 KOLN, 50670 GERMANY | 08-13555 (JMP) | 10/13/2009 | 37648 | $417.20 | No Supporting Documentation Claim |
| 5 | MORIN, PAUL P. POST OFFICE BOX 040093 BROOKLYN, NY 11204-0093 | 08-13555 (JMP) | 01/29/2009 | 2190 | $1,000.00 | No Supporting Documentation Claim |
| 6 | SEAFIELD ASSOCIATES LIMITED OFFSHORE INCORPORATIONS CENTRE P.O. BOX 957 ROAD TOWN TORTOLA, VIRGIN ISLANDS (BRITISH) | 08-13555 (JMP) | 10/21/2009 | 43044 | $300,000.00* | No Supporting Documentation Claim |
| 7 | SINGAPORE CREDIT CO-OPERATIVES LEAGUE LTD BLOCK 1 JALAN BUKIT MERAH # 01-4532 SINGAPORE, 150001 SINGAPORE | 08-13555 (JMP) | 09/28/2009 | 35080 | $349,846.07 | No Supporting Documentation Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 166: EXHIBIT A – NO SUPPORTING DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 8 | SINGAPORE CREDIT CO-OPERATIVES LEAGUE LTD BLOCK 1 JALAN BUKIT MERAH # 01-4532 SINGAPORE, 150001 SINGAPORE | 08-13555 (JMP) | 09/28/2009 | 35081 | $524,769.10 | No Supporting Documentation Claim |
| 9 | WRIGHT, FINLAY & ZAK, LLP 4665 MACARTHUR COURT, SUITE 280 NEWPORT BEACH, CA 92660 | 09-10137 (JMP) | 07/13/2009 | 5296 | $5,567.45 | No Supporting Documentation Claim |
| | | | | TOTAL | $1,634,983.64 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :         **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :         **08-13555 (JMP)**
                                                         :
                               **Debtors.**              :         **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)

Upon the one hundred sixty-sixth omnibus objection to claims, dated August 19,

2011 (the "One Hundred Sixty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Supporting

Documentation Claims on the grounds that such claims fail to comply with the Bar Date Order's

specific direction that claims include supporting documentation or an explanation as to why such

documentation is unavailable, and, therefore, do not constitute valid *prima facie* claims, all as

more fully described in the One Hundred Sixty-Sixth Omnibus Objection to Claims; and due and

proper notice of the One Hundred Sixty-Sixth Omnibus Objection to Claims having been

provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' One Hundred Sixty-Sixth Omnibus Objection to Claims.

to the One Hundred Sixty-Sixth Omnibus Objection to Claims; and (vii) all other parties entitled

to notice in accordance with the procedures set forth in the second amended order entered on

June 17, 2010, governing case management and administrative procedures for these cases

[Docket No. 9635]; and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the One Hundred Sixty-Sixth

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the One Hundred Sixty-Sixth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Sixty-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Supporting Documentation Claims")

are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the No Supporting Documentation Claims listed on Exhibit 1 annexed hereto; and

it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the One Hundred

Sixty-Sixth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE