HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :    08-13555 (JMP)
                                                         :
                            Debtors.                     :    (Jointly Administered)
-------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)

**PLEASE TAKE NOTICE** that on August 19, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred seventieth omnibus objection to claims (the "Debtors' One Hundred Seventieth Omnibus Objection to Claims"), and that a

US_ACTIVE:\43780767\02\58399.0008

hearing (the "Hearing") to consider the Debtors' One Hundred Seventieth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Seventieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **September 20, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Seventieth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Seventieth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 19, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              : Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           : 08-13555 (JMP)
                                                   :
                    Debtors.                       : (Jointly Administered)
------------------------------------------------------------------x

### DEBTORS' ONE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR ON THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

US_ACTIVE:\43780767\02\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

    1.  The Debtors file this one hundred seventieth omnibus objection to claims (the "One Hundred Seventieth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

    2.  The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed thereon (collectively, the "No Blocking Number LPS Claims") violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. Specifically, the No Blocking Number LPS Claims are claims based on at least one Lehman Program Security (as defined in the Bar Date Order and further below) for which an electronic instruction reference number or a blocking reference number has not been provided, as required by the Bar Date Order. Accordingly, and to that extent, the Debtors request the disallowance and expungement of the No Blocking Number LPS Claims.

    3.  The Debtors reserve all their rights to object on any other basis to any No Blocking Number LPS Claims as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9. On July 2, 2009, this Court entered the Bar Date Order, which set forth specific alternative claim filing procedures (the "Lehman Programs Securities Procedures") that

"apply to the filing of any and all claims (including claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading 'Lehman Programs Securities' (any such security, a '<u>Lehman Program Security</u>')." (Bar Date Ord. at 12.) The Lehman Programs Securities Procedures resulted from extensive negotiations among the Debtors, the Creditors' Committee, the issuers of Lehman Programs Securities, Euroclear Bank ("<u>Euroclear</u>"), Clearstream Bank ("<u>Clearstream</u>"), and a large group of creditors.

10. The Bar Date Order set forth the Lehman Programs Securities Procedures that specifically required, among other things, that claims for Lehman Programs Securities "include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number" (a "<u>Blocking Number</u>"). (*Id.* at 13.) Each Blocking Number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Program Security in a specific amount. The issuance of a Blocking Number prevented the holder of a Lehman Program Security from trading that security through November 2, 2009 (the "<u>Securities Programs Bar Date</u>") and is utilized by the Debtors to reconcile such claims.

11. The Blocking Number requirement was necessary because the Lehman Programs Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security, but rather individual holders of such securities (or custodians thereof) would be filing claims based on such securities. Accordingly, the blocking number requirement provided the only mechanism for the Debtors to confirm the ownership and amount of a particular security for purposes of the proof of claim based on a Lehman Program Security. Absent the blocking number requirement and temporary restriction on trading, the risk would

exist that the Debtors would make distributions in excess of the outstanding amount of the Lehman Programs Securities and multiple distributions on the same obligation.

12. Moreover, the Bar Date Order warned that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order . . . shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)." (Bar Date Order at 9-10.)[1] A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

13. Because the Lehman Programs Securities were widely held by investors around the world, the Lehman Programs Securities Procedures provided that notice of the Securities Programs Bar Date (the "Securities Programs Bar Date Notice") would be widely published and disseminated. Pursuant to the Bar Date Order, the Securities Programs Bar Date Notice was published by the Debtors in ten languages, plus seven translations for local dialects, in twenty-six newspapers in eighteen countries.[2] The Securities Programs Bar Date Notice was also provided to Euroclear, Clearstream, and similar clearing systems as well as to the issuers of the Lehman Programs Securities with a request that those entities distribute the notice to the holders of Lehman Programs Securities.

14. The Securities Programs Bar Date Notice included a "**Special Note Regarding Blocking Numbers**" instructing that "[e]ach Securities Program Proof of Claim must

---

[1] The Bar Date Order also stated that, "other than specifically provided in clauses (a) through (m) above [setting forth the procedures to file claims by holders of a Lehman Program Security], all provisions of this Order apply to holders of claims under any Lehman Program Security and holders of claims based on such Lehman Program Security are required to comply with all provisions of this Order." (Bar Date Order at 15.)

[2] The Bar Date Order specified that "the Debtors shall publish notice (translated into the appropriate language, if necessary) substantially in the form of the Securities Programs Bar Date Notice at least once in one leading national newspaper in each of Italy, Spain, France, Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Mexico, Belgium, Austria, Greece, Brazil, Argentina, Australia, and Japan." (Bar Date Order at 14.)

include either a Euroclear Electronic Instruction Reference Number, a Clearstream Blocking Reference Number, or other depository blocking reference number, as appropriate . . . with respect to each Lehman Programs Security for which such Securities Program Proof of Claim is filed." (Secs. Programs Bar Date Notice at 3.)[3]  It also warned claimants in bold-face type that "[a]ny holder of a claim based on a Lehman Programs Security who fails to file a Securities Programs Proof of Claim in accordance with the Bar Date Order on or before the Securities Programs Bar Date . . . will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Securities Programs Proof of Claim with respect to such claim) against LBHI [and] the other Debtors and their estates." (*Id.* at 3.)

### The No Blocking Number LPS Claims Should Be Disallowed and Expunged

15.   In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as being claims based on at least one Lehman Programs Security for which the required Blocking Number is absent.  In reviewing claims based on Lehman Programs Securities, the Debtors must reconcile the Blocking Number provided on the proof of claim form with the lists of issued Blocking Numbers provided to the Debtors by the various clearing agencies.  Such a reconciliation confirms the ownership of a security by the claimant on the Securities Programs Bar Date.  The Debtors, despite their diligent efforts, have been unable to identify a valid Blocking Number issued by a clearing agency for each security claimed on the No Blocking Number LPS Claims.  The No Blocking Number LPS Claims do not provide any evidence regarding the ownership of such claimed securities and do not comply with the provisions of the Bar Date Order.

---

[3]   The Securities Programs Bar Date Notice established October 23, 2009, as the deadline to request a Blocking Number.  (Secs. Programs Bar Date Notice at 3.)

16. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

17. The No Blocking Number LPS Claims fail to comply with the specific directions in the Bar Date Order and the Securities Programs Bar Date Notice that each claim based on a Lehman Program Security include a Blocking Number issued by Euroclear, Clearstream or other relevant depository. (*See* Bar Date Order at 13; Secs. Programs Bar Date Notice at 3.) The Blocking Number requirement in the Lehman Programs Securities Procedures was specifically and extensively negotiated and is a critical safeguard against duplicative or excess distributions on Lehman Programs Securities. Without confirming a valid and unique Blocking Number associated with each and every Lehman Program Security, the Debtors have no way of verifying the ownership and amount of a particular security. The widely distributed Securities Programs Bar Date Notice informed holders of Lehman Programs Securities of the Blocking Number requirement and expressly warned that failure to comply would result in their claims being barred. (*See* Secs. Programs Bar Date Notice at 3.) Nevertheless, these claimants filed the No Blocking Number LPS Claims without the required blocking number for each of the Lehman Programs Securities claimed.

18. Accordingly, the Debtors request that the Court disallow and expunge with prejudice the No Blocking Number LPS Claims listed on <u>Exhibit A</u> to the extent set forth therein.

**Notice**

19. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this One Hundred Seventieth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

20. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: August 19, 2011
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 170: EXHIBIT A – NO BLOCKING NUMBER LPS CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BANQUE SAFDIE SA<br>ATTN: MICHEL KISFALVDY<br>1, RUE DE LA TOUR-DE-L'ILE<br>PO BOX 5415-1211<br>GENEVA 11, 1204<br>SWITZERLAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/02/2009 | 65272[1] | $4,969,571.76 | No Blocking Number LPS Claim |
| 2 | BELLAIR DEVELOPMENT GROUP, S.A.<br>ATTN: JOSE GREGORIA CASTILLEJOS<br>48 EAST ST. BELLA VISTA<br>SUCRA BUILDING<br>PANANMA CITY,<br>PANAMA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/02/2009 | 62724 | $2,264,500.00* | No Blocking Number LPS Claim |
| 3 | CAPITAL BANK GRAWE GRUPPE<br>BRANDHOFGASSE 22<br>GRAZ, A-8010<br>AUSTRIA<br><br>TRANSFERRED TO: YORVIK PARTNERS LLP<br>TRANSFEROR: CAPITAL BANK GRAWE GRUPPE<br>11 IRONMONGER LANE<br>LONDON, EC2V 8EY<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 03/03/2010 | 66356[2] | $4,163,981.52<br><br>$824,985.00 | No Blocking Number LPS Claim |

---

[1] Claim 65272 is being expunged solely with respect to its asserted claim totaling $326,268.22 for securities with ISIN Nos. XS0264674549 and XS0271141565. The remainder of Claim 65272 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to the remaining portions of Claim 65272 in the future.

[2] Claim 66356 is being expunged solely with respect to its asserted claim totaling $5,670.00 for securities with ISIN No. DE000A0TLKY4. The remainder of Claim 66356 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to the remaining portions of Claim 66356 in the future.

\* - Indicates claim contains unliquidated and/or undetermined amounts                    Page 1 of 4

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 170: EXHIBIT A – NO BLOCKING NUMBER LPS CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 4 | CENTRAL BANCO UNIVERSAL<br>ATTN: ALEJANDRO GOMEZ SIGALA<br>EDIFICIO CENTRAL E.A.P.<br>AVE. SAN FELIPE, ENTRE 1A AND 2A<br>TRANSVERSAL, LA CASTELLANA<br>CARACAS,<br>VENEZUELA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/02/2009 | 62725[3] | $72,106,043.06 | No Blocking Number LPS Claim |
| 5 | CORETH, MAXIMILIAN<br>C/O ROBERT K. GROSS, ESQ.<br>EATON & VAN WINKLE LLP<br>3 PARK AVENUE<br>16TH FLOOR<br>NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/02/2009 | 62747 | $3,000,000.00* | No Blocking Number LPS Claim |
| 6 | CORNER BANCA SA<br>VIA CANOVA 16<br>LUGANO, 6900<br>SWITZERLAND | | Lehman No Case Asserted/All Cases Asserted | 09/04/2009 | 10360[4] | $238,231.68 | No Blocking Number LPS Claim |

---

[3] Claim 62725 is being expunged solely with respect to its asserted claim totaling $26,021,586.22 for securities with ISIN Nos. XS0354643016, XS035465227, XS0336336960, XS0366314226, and XS0366401031. The portion of Claim 62725 asserting a claim totaling $46,084,456.84 for securities with ISIN No. XS0336336531 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 66356 in the future.

[4] Claim 10360 is being expunged solely with respect to its asserted claim totaling $10,605.21 for securities with ISIN No. XS0282978666. The portion of Claim 10360 that is asserting a claim totaling $7.44 for securities with ISIN No. US5249081002 was previously reclassifed as an equity interest pursuant to the Order Granting Debtors' One Hundred Forty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests), dated June 30, 2011 [Docket No. 18184]. The portion of Claim 10360 that is asserting a claim of $2,590.00 for securities with CUSIP No. 524908CM0 was previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621]. The portion of Claim 10360 that is asserting a claim totaling $225,029.03 for securities with ISIN Nos. CH0026915527, XS0179304869, XS0183944643, XS0193035358, XS0205185456, and XS0213899510 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 10360 in the future.

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 170: EXHIBIT A – NO BLOCKING NUMBER LPS CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 7 | ENDA HARDIMAN TELECOM PENSIONS FUND, THE REF BDO SIMPSON XAVIER FINANCIAL SERVICES LTD BEAUX LANE HOUSE MERCER STREET LOWER DUBLIN 2, IRELAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/20/2009 | 42641[5] | $522,722.00 | No Blocking Number LPS Claim |
| 8 | GOMEZ FLORES, MA. DE LA PAZ/ MA.DEL REFUGIO GOMEZ FLORES/ SALVADOR GOMEZ FLORES CARR. LAGOS-SAN LUIS POTOSI KM 3 INT. 1 LAGOS DE MORENO JALISCO, 47400 MEXICO | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/19/2009 | 6473 | $1,000,000.00 | No Blocking Number LPS Claim |
| 9 | GONZALEZ, ALFREDO PONS AVD. DE LAS AMERICAS 9,7 2A MALAGA, 29006 SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/05/2009 | 8242 | Undetermined | No Blocking Number LPS Claim |
| 10 | HOERNECKE, CHRISTINE APARTADO 80 VILLAJOYOSA, E-03570 SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/24/2009 | 34817 | $7,000.00 | No Blocking Number LPS Claim |

---

[5] Claim 42641 is being expunged solely with respect to its asserted claim totaling $373,372.86 for securities with ISIN No. XS0176801537. The portion of Claim 42641 asserting a claim totaling $149,349.14 for securities with ISIN No. XS0181619072 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to the remaining portions of Claim 42641 in the future.

## IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 170: EXHIBIT A – NO BLOCKING NUMBER LPS CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 11 | ILDEFONSO-MARIANA, JOSE I ALDACO GUERRERO - JTWROS C/O JOSEPH L. FOX, ESQ. 60 EAST 42ND STREET, SUITE 2231 NEW YORK, NY 10165 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/13/2009 | 2814 | $205,320.00 | No Blocking Number LPS Claim |
| 12 | ILDEFONSO-MARIANA, JOSE I ALDACO GUERRERO - JTWROS C/O JOSEPH L. FOX, ESQ. 60 EAST 42ND STREET, SUITE 2231 NEW YORK, NY 10165 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/13/2009 | 2815 | $210,625.00 | No Blocking Number LPS Claim |
| 13 | LAMPRECHT, FRANZ GUENTHER VON-STAUFFENBERG-STRASSE 41 D-82008 UNTERHACHING, GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2009 | 34688 | Undetermined | No Blocking Number LPS Claim |
| 14 | MARCH, ILDFONSO LACASTA CL MANILA 51 1-2 BARCELONA, 08034 SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/01/2009 | 5059 | Undetermined | No Blocking Number LPS Claim |
| 15 | PFAU, JULIANE KOENIGSALLE 51A BERLIN, 14193 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/27/2009 | 49654 | $70,000.00 | No Blocking Number LPS Claim |
| 16 | TODINI, GIOVANNA VIA MAURIZIO QUADRIO, 15 ROME, 00152 ITALY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/03/2009 | 64323 | $120,000.00 | No Blocking Number LPS Claim |
| | | | | | TOTAL | $89,702,980.02 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             :      Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :      08-13555 (JMP)
                                                                  :
                        Debtors.                          :      (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)

Upon the one hundred seventieth omnibus objection to claims, dated August 19, 2011 (the "One Hundred Seventieth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement, in whole or in part, of the No Blocking Number LPS Claims on the grounds that the Bar Date Order required that such claims include an electronic instruction reference number or a blocking reference number, all as more fully described in the One Hundred Seventieth Omnibus Objection to Claims; and due and proper notice of the One Hundred Seventieth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the One Hundred Seventieth Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Seventieth Omnibus Objection to Claims.

US_ACTIVE:\43780777\02\58399.0008

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Seventieth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Seventieth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Seventieth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Blocking Number LPS Claims") are disallowed and expunged with prejudice as set forth in Exhibit 1; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the No Blocking Number LPS Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the One Hundred Seventieth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
       New York, New York

                                            UNITED STATES BANKRUPTCY JUDGE