---

**THE DEBTORS' ONE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'
ONE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION TO
CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

        **PLEASE TAKE NOTICE** that on August 19, 2011, Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their one hundred seventy-fourth

omnibus objection to claims (the "Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and

Evan Fleck, Esq.); so as to be so filed and received by no later than **September 20, 2011 at 4:00**

**p.m. (prevailing Eastern Time)** (the "Response Deadline").

                **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims

or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims, which order may be

entered with no further notice or opportunity to be heard offered to any party.

Dated: August 19, 2011
      New York, New York

                                 /s/ Robert J. Lemons
                                 Robert J. Lemons

                                 WEIL, GOTSHAL & MANGES LLP
                                 767 Fifth Avenue
                                 New York, New York 10153
                                 Telephone: (212) 310-8000
                                 Facsimile: (212) 310-8007

                                 Attorneys for Debtors
                                 and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                             :       Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :       08-13555 (JMP)
                                                  :
                            Debtors.              :       (Jointly Administered)
-------------------------------------------------------------------x

### DEBTORS' ONE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

THIS OBJECTION SEEKS TO RECLASSIFY AS EQUITY CERTAIN
FILED PROOFS OF CLAIM.  PARTIES RECEIVING
THIS ONE HUNDRED SEVENTY-FOURTH OMNIBUS
OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS
OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN
THE EXHIBIT ATTACHED THERETO TO DETERMINE
WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Relief Requested

1.    Each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "Stock Claims") was filed as a general unsecured, secured, priority, or administrative expense claim pursuant to section 507(a) of title 11 of the United States Code (the "Bankruptcy Code") based on the ownership of preferred stock, common stock, or other equity interest (collectively, "Stock") in LBHI and/or alleged losses related thereto.  Certain of the Stock Claims also include claims arising out of the purchase of Stock.  Many of the Stock Claims were filed by former employees on account of stock in LBHI held as part of a 401(k) or retirement portfolio.  The Debtors file this omnibus objection to reclassify the Stock Claims as equity interests because the ownership of the Stock and the related decrease in the value thereof constitutes an equity interest, but does not constitute a "claim" against a Debtor's estate as such term is defined in section 101 of the Bankruptcy Code.  Accordingly, the Debtors file this omnibus objection, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [Docket No. 6664] to reclassify the Stock Claims as equity interests.

### Jurisdiction

2.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

3.        Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.        On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner"), and, by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

6.        On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and in the Procedures Order.

**The Stock Claims Should Be Reclassified as Interests**

7.        Bankruptcy Rule 3007(d)(7) provides that a debtor may file an objection, and join one or more objections in an omnibus objection, if all of the claims "are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they are interests, rather than claims." FED. R. BANKR. P. 3007(d).  The Procedures Order additionally

permits the Debtors to object, on an omnibus basis, to claims that "were incorrectly classified." (Procedures Order at 2.)

### A.    Stock Is an Equity Security

8.      Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest.  11 U.S.C. §501(a). The Bankruptcy Code defines a "claim" as a right to payment.  *Id.* at §101(5).  The Bankruptcy Code definition of an "equity security," alternatively, includes a share in a corporation or similar "security," including "stock," "treasury stock," "other claim or interest commonly known as 'security,'" "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security."  *Id.* at §§ 101(16) and 101(49)(A).

9.      Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments.  *See, e.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to exercise stock option portion of plan were equity security interests for purposes of determining priority).

10.     As noted above, each of the Stock Claims is based on the ownership of preferred stock, common stock, or other equity interest in LBHI and, in some cases, the decrease in value of the Stock and/or claims arising out of the purchase of the Stock.  Certain Stock Claims include a CUSIP number or ticker symbol for LBHI stock; others describe the basis of the claims as "common stock," "stock," "shares," "equity interests" or the like.  The holders of Stock Claims are equity security holders.  *See* 11 U.S.C. §§ 101(16) and (17).  They have

"interests" but not "claims" against the Debtors, and, accordingly, the Debtors hereby object to reclassify the Stock Claims as equity interests.

**B.        Damages from the Purchase or Sale of an Equity Security Are Subordinated**

11.    Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.  11 U.S.C. § 510(b).

12.    Courts generally have applied section 510(b) liberally.  *Enron*, 341 B.R. at 162-63 ("[T]he broad applicat[ion] of section 510(b) is now quite settled.").  Courts have construed the language in section 510(b) as being broad enough to include fraud, violations of securities laws, breach of contract, and related causes of action against debtors.  *See, e.g., id.* at 141 (subordinating breach of contract, fraudulent inducement, and fraudulent retention claims); *In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on debtor's failure to issue its common stock to employee in exchange for his stock in another company, allegedly in violation of the parties' termination agreement, was a claim arising from the purchase or sale of the debtor's stock).

13.    Certain Stock Claims assert claims arising from rescission of a purchase or sale of a security of a Debtor or its affiliate or damages arising from the purchase or sale of such security.  As set forth above, section 510(b) forecloses the possibility that such Stock Claims receive equal or better treatment than valid, general unsecured claims against the Debtors.  *See* 11 U.S.C. § 510(b); *Enron,* 341 B.R. at 158 ("Congress enacted § 510(b) to prevent disappointed shareholders from . . . bootstrap[ing] their way to parity with general unsecured creditors in a

bankruptcy proceeding.") (internal quotations omitted).  Accordingly, to the extent applicable, the Stock Claims should be subordinated pursuant to Bankruptcy Code section 510(b) and reclassified as equity interests.[1]

## Reservation of Rights

14.    The Debtors reserve all their rights to object on any basis to any Stock Claim or any portion of any Stock Claim for which the Court does not grant the relief requested herein.

## Notice

15.    No trustee has been appointed in these chapter 11 cases.  Notice of the Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims has been provided to: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee for Region 2; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, in accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order.  The Debtors submit that such notice is sufficient and no other or further notice need be provided.

16.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

---

[1] The Bankruptcy Code, Bankruptcy Rules and case law make clear that the Debtors do not need to commence an adversary proceeding to subordinate a Stock Claim pursuant to Bankruptcy Code section 510(b).  11 U.S.C. § 502(a); Fed. R. Bankr. P. 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: August 19, 2011
      New York, New York

                     /s/ Robert J. Lemons
                     Robert J. Lemons

                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Debtors
                     and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 174 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIMS AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | BONCIMINO, STEVEN<br>31 HIGHLAWN AVENUE<br>BROOKLYN, NY 11223-2403 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31408 | $11,169.83* |
| 2 | BORYNACK, STEPHANIE<br>1160 FIFTH AVENUE<br>APT 203<br>NEW YORK, NY 10029 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/16/2009 | 5465 | $139.00* |
| 3 | BYERS, KIMBERLEE<br>10656 CEDARCREST CIRCLE<br>HIGHLANDS RANCH, CO 80130 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2375 | $1,354.06 |
| 4 | BYERS, LUCAS<br>10656 CEDARCREST CIRCLE<br>HIGHLANDS RANCH, CO 80130 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2380 | $4,488.93 |
| 5 | CARTWRIGHT,SALLY<br>59 WINDERMERE ROAD<br>MUSWELL HILL<br>LONDON, N10 2RD<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30468 | $46,291.57* |
| 6 | DE VILLE, GARETH<br>7 NORTHUMBERLAND AVE<br>GIDEA PARK<br>ESSEX, RM11 2MJ<br>UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 22764 | $3,186.15 |
| 7 | HARVEY,E ANN<br>11 OAK ST.<br>APT 23<br>STATEN ISLAND, NY 10305-1751 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/02/2009 | 10123 | $6,720.00 |
| 8 | HOROWITZ, DAVID B.<br>7 GLEN DRIVE<br>HARRISON, NY 10528 | | Lehman No Case Asserted/All Cases Asserted | 08/04/2009 | 7345 | Undetermined |

08-13555-mg    Doc 19390    Filed 08/19/11    Entered 08/19/11 17:20:38    Main Document
Pg 13 of 17

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 174 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIMS AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 9 | KENDALL, MARILYN M<br>4885 WAGONTRAIL CT<br>PARKER, CO 80134-5215 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/03/2009 | 65819 | $7,654.82 |
| 10 | KIRBY, ANDREW LEO<br>L3 SCENIC VILLAS<br>18 SCENIC VILLA DRIVE<br>POKFULAM,<br>HONG KONG | | Lehman No Case Asserted/All Cases Asserted | 07/27/2009 | 6777 | Undetermined |
| 11 | LIPSCHITZ, BETH STEIN<br>203 WEST 90TH STREET<br>APT. 6B<br>NEW YORK, NY 10024 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18203 | $4.68 |
| 12 | MARSHALL, NIKKI A.<br>12 THOMAS ROAD<br>WESTPORT, CT 06880 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 23722 | $166,054.90 |
| 13 | MCCLAIN, LISA<br>800 WEST END AVENUE<br>NEW YORK, NY 10025-5467 | | Lehman No Case Asserted/All Cases Asserted | 08/03/2009 | 7160 | $82,189.93 |
| 14 | MCKENZIE, LISA JULIE<br>88 BLAKE ROAD<br>NEW SOUTHGATE<br>LONDON, N11 2AL<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/02/2008 | 79 | $4,462.70 |
| 15 | MERH, UTKARSH<br>888 8TH AVENUE<br>19T<br>NEW YORK, NY 10019 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 29948 | $4,355.00 |
| 16 | MERRIMAN, SHAWNDA D.<br>567 KRYPTONITE DR.<br>CASTLE ROCK, CO 80108 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 7456 | $5,337.29 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 174 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIMS AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 17 | MORZARIA, RAGINI<br>7 EDWINA GARDENS<br>REDBRIDGE,ESSEX, IG4 5BS<br>UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 10/05/2009 | 36225 | $132,475.33 |
| 18 | NANCARROW, PAUL<br>50 BAKER ST<br>POTTERS BAR<br>HERTS, EN6 2EB<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/27/2009 | 48869 | $100,000.00 |
| 19 | NICHOLLS, SHARON<br>14 WHITMORE CRESCENT<br>CHELMSFORD<br>ESSEX, CM2 6YN<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/11/2009 | 11429 | $1,100.00 |
| 20 | PALMIERI, BARBARA A.<br>41 ASCOT DRIVE<br>FREEHOLD, NJ 07728 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/07/2009 | 7983 | $140,600.00 |
| 21 | PENN, LISA T.<br>96 OLRON  CRESCENT<br>KENT<br>BEXLEYHEATH, DA6 8JZ<br>UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/10/2009 | 11105 | $13,255.00 |
| 22 | PHILLIPS, LAWRENCE E. (DECEASED)<br>374 HAMILTON ROAD<br>RIDGEWOOD, NJ 07450 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31703 | $98,928.00 |
| 23 | RONDELE, ELISABETH<br>61 RUE DU MAL DE LATTRE DE TASSIGNY<br>ALFORTVILLE, 94140<br>FRANCE | | Lehman No Case Asserted/All Cases Asserted | 08/31/2009 | 9926 | Undetermined |
| 24 | SPADARO,LYNN<br>4 MOHAWK TRAIL<br>WESTFIELD, NJ 07090 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/05/2009 | 7429 | $35,871.13 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 174 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIMS AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 25 | STANTON, NANCY J.<br>4 ANDING AVENUE<br>N. MERRICK, NY 11566 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/27/2009 | 9557 | $103,855.94 |
| 26 | SZABO, ZOLTAN<br>9591 PEARL CIRCLE # 104<br>PARKER, CO 80134 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/02/2009 | 3333 | $11,464.15 |
| 27 | TAKANO, NAO<br>8080 S. SAN JUAN RANGE RD.<br>LITTLETON, CO 80127 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/30/2009 | 2543 | $8,122.61 |
| 28 | TRELLES, CAESAR A.<br>4 FIRETHORNE ROAD<br>OLD BRIDGE, NJ 088 | | Lehman No Case Asserted/All Cases Asserted | 08/03/2009 | 7308 | $70,736.83 |
| | | | | | TOTAL | $1,059,817.85 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                       :
                              **Debtors.**             :        **(Jointly Administered)**
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'**
**ONE HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the one hundred seventy-fourth omnibus objection to claims, dated August

19, 2011, (the "Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession, in accordance with Rule 3007(d) of the Federal

Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim [Docket No. 6664], seeking to reclassify Stock Claims as

common equity interests in the LBHI, all as more fully described in the Debtors' One Hundred

Seventy-Fourth Omnibus Objection to Claims; and due and proper notice of the Debtors' One

Hundred Seventy-Fourth Omnibus Objection to Claims having been provided, and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief requested in the Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the Debtors' One Hundred Seventy-Fourth Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefore, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the One Hundred Seventy-Fourth Omnibus Objection to Claims.

ORDERED that the relief requested in the Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Reclassified*" are reclassified as equity interests having the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the One Hundred Seventy-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE