HEARING DATE AND TIME: October 5, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 PM (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' ONE HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY PENSION CLAIMS)

**PLEASE TAKE NOTICE** that on August 19, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred seventy-fifth omnibus objection to claims (the "Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Seventy-Fifth Omnibus

US_ACTIVE:\43787182\02\58399.0008

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 AM (prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **September 20, 2011 at 4:00 PM (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  August 19, 2011
        New York, New York

        /s/ Robert J. Lemons
        Robert J. Lemons

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for Debtors
        and Debtors in Possession

**HEARING DATE AND TIME: October 5, 2011 at 10:00 AM (Eastern Time)**
**RESPONSE DEADLINE: September 20, 2011 at 4:00 PM (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (JMP)
                                               :
                        Debtors.               :    (Jointly Administered)
------------------------------------------------------------------x
```

**DEBTORS' ONE HUNDRED SEVENTY-FIFTH OMNIBUS**
**<u>OBJECTION TO CLAIMS (NO LIABILITY PENSION CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

1

US_ACTIVE:\43787182\02\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Relief Requested

1.  The Debtors file this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which the Debtors have no liability.

2.  The proofs of claim listed on Exhibit A annexed hereto (collectively, the "Pension Claims") were filed against the Debtors based upon certain pension benefits allegedly owing by the Debtors to former employees of the Lehman enterprise. Pursuant to Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and a settlement with the Pension Benefit Guaranty Corporation (the "PBGC"), the Debtors have no liability for any pension-related obligations, and thus, no liability for the Pension Claims.

### Jurisdiction

3.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.  Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

2

this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for Region 2 (the "<u>U.S. Trustee</u>") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("<u>SIPA</u>") with respect to Lehman Brothers Inc. ("<u>LBI</u>"). A trustee appointed under SIPA (the "<u>SIPC Trustee</u>") is administering LBI's estate.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "<u>Examiner</u>") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Pension Claims Should Be Disallowed and Expunged**

9. On June 3, 2009, this Court approved a settlement agreement with the PBGC (the "<u>PBGC Settlement</u>") regarding the LBHI Retirement Plan (the "<u>Plan</u>") [Docket No. 3751]. The PBGC Settlement provides for the termination of the Plan and the appointment of

3

the PBGC as statutory trustee of the Plan. Under the PBGC Settlement, the Plan termination date was December 12, 2008, and all benefit accruals ceased as of that date. The PBGC assumed full responsibility to pay pension benefits in accordance with ERISA. The amount of pension benefits payable by the PBGC is subject to the limits set forth in ERISA. In their review of the claims filed on the claims register in these chapter 11 cases, the Debtors have identified the Pension Claims as claims based upon pension-related obligations related to the LBHI Retirement Plan.

10. As a consequence of the termination of the Plan and pursuant to § 4062(a) & (b) of ERISA, LBHI was only liable to the PBGC for "the total amount of the unfunded benefit liabilities" and is not redundantly liable to any other party for claims arising under the terminated Plan. 29 U.S.C. § 1362. Therefore, under ERISA, the claimants do not have a legal right to assert a claim or collect any amounts from the Debtors in respect of amounts due under the terminated Plan.

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

4

12. The liabilities asserted in the Pension Claims are not liabilities of LBHI or any other Debtor in these chapter 11 cases. Unless the Pension Claims are disallowed and expunged, parties who do not hold valid claims against the Debtors' estates will nonetheless recover from the Debtors. Thus, the Debtors respectfully request the Court enter an order disallowing and expunging the Pension Claims in their entirety.

## Reservation of Rights

13. The Debtors reserve all their rights to object on any basis to any Pension Claim or any portion of any Pension Claim for which the Court does not grant the relief requested herein.

**Notice**

14. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this objection, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], on: (i) each claimant listed on <u>Exhibit A</u>; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 19, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

US_ACTIVE:\43787182\02\58399.0008

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 175: EXHIBIT A – NO LIABILITY PENSION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ABBASI, FAYAD<br>141 E 56TH ST APT 2G<br>NEW YORK, NY 10022 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 29972 | $115,468.00 | No Liability - Pension Claim |
| 2 | AMBRULEVICH, JOHN<br>13 MARDEN WAY<br>DURHAM, NH 03824-2125 | | Lehman No Case Asserted/All Cases Asserted | 07/24/2009 | 6149 | $6,384.24 | No Liability - Pension Claim |
| 3 | BOUCHER, MAAREN<br>1451 TAYLOR ST. #4<br>SAN FRANCISCO, CA 94133 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30719 | $69,806.40 | No Liability - Pension Claim |
| 4 | BROOKS, CHERI LYNN (FORMERLY KUICK)<br>1870 SOMERSET LANE<br>WHEATON, IL 60189 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32293 | Undetermined | No Liability - Pension Claim |
| 5 | BYERS, KIMBERLEE<br>10656 CEDARCREST CIRCLE<br>HIGHLANDS RANCH, CO 80130 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2374 | $200.11 | No Liability - Pension Claim |
| 6 | BYERS, LUCAS<br>10656 CEDARCREST CIRCLE<br>HIGHLANDS RANCH, CO 80130 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2382 | $325.68* | No Liability - Pension Claim |
| 7 | CAMILLI-BERNAT, MARY<br>JESSICA GROSSARTH<br>PULLMAN & COMLEY, LLC<br>850 MAIN STREET, 8TH FLOOR<br>BRIDGEPORT, CT 06604 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2149 | Undetermined | No Liability - Pension Claim |
| 8 | CASSINARI, CARMELA<br>18 SWAN COURT<br>GLEN COVE, NY 11542 | 08-13905 (JMP) | CES Aviation LLC | 09/01/2009 | 10071 | $887.46* | No Liability - Pension Claim |
| 9 | DEIBLER, DANIELLE<br>25 MIRALOMA DR.<br>SAN FRANCISCO, CA 94127 | 08-13905 (JMP) | CES Aviation LLC | 09/22/2009 | 31177 | $24,834.03 | No Liability - Pension Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 175: EXHIBIT A – NO LIABILITY PENSION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | DERIEG, MICAH<br>10233 URAVAN ST.<br>COMMERCE CITY, CO 80022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2388 | $88.09 | No Liability - Pension Claim |
| 11 | DETWILER, PETER M. AND LINDA<br>PO BOX 58<br>LEBANON, NJ 08833 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/08/2009 | 1627 | Undetermined | No Liability - Pension Claim |
| 12 | FU, TIANNA<br>25 BANK ST APT 205G<br>WHITE PLAINS, NY 10606-7002 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29433 | $7,000.00 | No Liability - Pension Claim |
| 13 | GUERRA, ROBERTO<br>260 WESTCHESTER AVENUE<br>THORNWOOD, NY 10594 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28448 | Undetermined | No Liability - Pension Claim |
| 14 | HAHN, BRIAN<br>12 EAST SCOTT STREET, APT # 5<br>CHICAGO, IL 60610 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 29538 | $357,096.00 | No Liability - Pension Claim |
| 15 | HAYNES, SUSAN M.<br>108 SAGAMORE ROAD<br>3G<br>TUCKAHOE, NY 10707 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28688 | Undetermined | No Liability - Pension Claim |
| 16 | INGRAM, EARON M.<br>1455 S. IVY WAY<br>DENVER, CO 80224 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2330 | $241.64* | No Liability - Pension Claim |
| 17 | JACOBSON, BRETTE<br>1207 HEMPSTEAD AVENUE<br>S. HEMPSTEAD, NY 11550 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25261 | $60,000.00 | No Liability - Pension Claim |
| 18 | JONES, BRIAN<br>605 THIRD AVENUE, 39TH FLOOR<br>NEW YORK, NY 10158 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28384 | Undetermined | No Liability - Pension Claim |
| 19 | KENNEY, JUDITH ANN<br>40 WEST 77TH ST # 11D<br>NEW YORK, NY 10024 | | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13927 | $520,030.00 | No Liability - Pension Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 175: EXHIBIT A – NO LIABILITY PENSION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 20 | KLONSKY, DANIEL S.<br>34 FLAMINGO ROAD<br>ROSLYN, NY 11576 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23913 | $384,000.00 | No Liability - Pension Claim |
| 21 | KREINER, DANIEL<br>410 SEVENTH AVENUE<br>APARTMENT 3 R<br>BROOKLYN, NY 11215 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 22981 | Undetermined | No Liability - Pension Claim |
| 22 | LEE, PEGGY J<br>62 MANHATTAN AVE<br>APT 3R<br>BROOKLYN, NY 11206 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/30/2009 | 6766 | $60,252.39 | No Liability - Pension Claim |
| 23 | LENHART, DEBORAH A.<br>16494 E. POWERS AVENUE<br>CENTENNIAL, CO 80015 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2368 | $540.27* | No Liability - Pension Claim |
| 24 | LI, XIU WEN<br>50-48 208 STREET<br>BAYSIDE, NY 11364 | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 17084 | Undetermined | No Liability - Pension Claim |
| 25 | LOOS, RICHARD JR.<br>129 CYPRESS DRIVE<br>NEWARK, DE 19713 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31748 | Undetermined | No Liability - Pension Claim |
| 26 | LUM, JENNIFER M.<br>67-47 197TH STREET<br>FRESH MEADOWS, NY 11365 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 23897 | $51,170.00 | No Liability - Pension Claim |
| 27 | MERH, UTKARSH<br>888 8TH AVENUE<br>19T<br>NEW YORK, NY 10019 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 29949 | Undetermined | No Liability - Pension Claim |
| 28 | OLDS, MICHELE LYNN<br>8475 LIVERPOOL CIRCLE<br>LITTLETON, CO 80125 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2384 | $390.41* | No Liability - Pension Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 175: EXHIBIT A – NO LIABILITY PENSION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 29 | PADGETT, MILDRED<br>183 FRIENDSHIP DRIVE<br>HARTWELL, GA 30643 | | Lehman No Case Asserted/All Cases Asserted | 07/27/2009 | 6447 | $3,999.96 | No Liability - Pension Claim |
| 30 | PADVA, ADI<br>375 SOUTH END AVE APT 15 A<br>NEW YORK, NY 10280 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28592 | Undetermined | No Liability - Pension Claim |
| 31 | RENDE, KENNETH<br>9 MONTROSE AVE<br>BABYLON, NY 11702 | | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13925 | $361,893.00 | No Liability - Pension Claim |
| 32 | REYNOLDS, WILLIAM<br>243 TIMBERLINE TRACE<br>LONGWOOD, FL 32750 | | Lehman No Case Asserted/All Cases Asserted | 09/17/2009 | 15428 | Undetermined | No Liability - Pension Claim |
| 33 | ROBB, MICHAEL A.<br>1117 PORTAL AVENUE<br>OAKLAND, CA 94610 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 32480 | $98,114.40 | No Liability - Pension Claim |
| 34 | RUTIGLIANO, JASON<br>64 MERCER ST<br>APT 8<br>JERSEY CITY, NJ 07302 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15280 | $94,006.80 | No Liability - Pension Claim |
| 35 | SANTANGELO, MICHAEL A.<br>231 AMBER STREET<br>STATEN ISLAND, NY 10306 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/30/2009 | 6737 | $576.50* | No Liability - Pension Claim |
| 36 | SHIGEKAWA, STEVE<br>605 THIRD AVENUE, 39TH FLOOR<br>NEW YORK, NY 10158 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28381 | Undetermined | No Liability - Pension Claim |
| 37 | STANFIELD, EARLANE<br>118-82 METROPOLITAN AVE APT 7C<br>KEW GARDENS, NY 11415 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29459 | Undetermined | No Liability - Pension Claim |
| 38 | STEVENSON, AUTUMN LYN<br>11857 E. FAIR AVE.<br>GREENWOOD VILLAGE, CO 80111 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2360 | $312.20* | No Liability - Pension Claim |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 175: EXHIBIT A – NO LIABILITY PENSION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 39 | STIEFEL, STEPHANIE J<br>15 CENTRAL PARK WEST #28B<br>NEW YORK, NY 10023 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21710 | Undetermined | No Liability - Pension Claim |
| 40 | SULZBURGH, CRAIG H<br>349 EAST 85TH STREET<br>3E<br>NEW YORK, NY 10028 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 20181 | $15,000.00 | No Liability - Pension Claim |
| 41 | SZABO, ZOLTAN<br>9591 PEARL CIRCLE # 104<br>PARKER, CO 80134 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/02/2009 | 3334 | $242.92* | No Liability - Pension Claim |
| 42 | TAKANO, NAO<br>8080 S. SAN JUAN RANGE RD.<br>LITTLETON, CO 80127 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/30/2009 | 2542 | $294.41* | No Liability - Pension Claim |
| 43 | TEASDALE, ELIZABETH REGAN<br>104 CHARLTON STREET APT 5W<br>NEW YORK, NY 10014 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28626 | Undetermined | No Liability - Pension Claim |
| 44 | TINSLEY, ROBERT<br>311 LODGE DR<br>GREENWOOD, SC 29646 | 08-13905 (JMP) | CES Aviation LLC | 08/06/2009 | 7543 | Undetermined | No Liability - Pension Claim |
| 45 | VACCARO, LAUREN<br>70 INDALE AVENUE<br>STATEN ISLAND, NY 10309 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29074 | Undetermined | No Liability - Pension Claim |
| 46 | WEINSTEIN, ERIC<br>15 MAYFLOWER ROAD<br>SCARSDALE, NY 10583 | 08-13905 (JMP) | CES Aviation LLC | 09/21/2009 | 22650 | Undetermined | No Liability - Pension Claim |
| 47 | ZAKI-BASTA, SANDRA<br>130 MYRTLE AVE # 7G<br>STAMFORD, CT 06902 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29454 | $53,155.20* | No Liability - Pension Claim |
| | | | | | TOTAL | $2,286,310.11 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                   :   Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :   08-13555 (JMP)
                                                        :
            Debtors.                                    :   (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' ONE HUNDRED SEVENTY-FIFTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY PENSION CLAIMS)**

Upon the one hundred seventy-fifth omnibus objection to claims, dated August 19, 2011, (the "Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking the disallowance and expungement of the Pension Claims on the basis that the Debtors have no liability for such claims, all as more fully described in the Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims; and due and proper notice of the Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors'

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims.

US_ACTIVE:\43787182\02\58399.0008

One Hundred Seventy-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to reflect the Pension Claims as disallowed and expunged pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2