---

**THE DEBTORS' ONE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE  WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
|  |  |
|---|---|
| In re | :     **Chapter 11 Case No.** |
|  | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | :     **08-13555 (JMP)** |
|  | : |
| Debtors. | :     **(Jointly Administered)** |

------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS'
### ONE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO
### CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

     **PLEASE TAKE NOTICE** that on August 19, 2011, Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their one hundred seventy-sixth

omnibus objection to claims (the "One Hundred Seventy-Sixth Omnibus Objection to Claims"),

and that a hearing (the "Hearing") to consider the One Hundred Seventy-Sixth Omnibus

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 AM**

**(prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

   **PLEASE TAKE FURTHER NOTICE** that any responses to the One Hundred

Seventy-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and

Evan Fleck, Esq.); so as to be so filed and received by no later than **September 20, 2011 at 4:00 PM (prevailing Eastern Time)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and served with respect to the One Hundred Seventy-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the One Hundred Seventy-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 19, 2011
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
In re                                             :    Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :    08-13555 (JMP)
                                                  :
                      Debtors.                    :    (Jointly Administered)
--------------------------------------------------------------------x

## DEBTORS' ONE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
### (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

> **THIS OBJECTION SEEKS TO RECLASSIFY
> AS EQUITY CERTAIN FILED PROOFS OF CLAIM.
> PARTIES RECEIVING THIS ONE HUNDRED SEVENTY-SIXTH
> OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW
> THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S)
> AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION
> AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE
> WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT
> DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Relief Requested

1.    The commencement of the Debtors' chapter 11 cases has impacted parties in interest around the globe, including the Debtors' prepetition counterparties, customers, and investors.  Prepetition employees of the Debtors and their affiliates have, most certainly, also been affected.  The Debtors attempted to minimize the impact on employees by, among other things, preserving more than 10,000 jobs through various asset sales and by transferring funds to establish a health care trust to backstop certain medical benefits.  Unfortunately, as a result of the dramatic collapse of the Lehman enterprise, employees, like investors, could not be made whole for all of their damages and the nature of some of their compensation – in the form of restricted stock units or contingent stock awards – requires that their recovery be subordinated to claims against the Debtors.  The law permits no other outcome.

2.    The proofs of claim listed on Exhibit A annexed hereto (collectively, the "Compensation Claims") were filed by current and/or former employees of the Debtors and/or their affiliates on the basis of either restricted stock units, contingent stock awards, stock options, or other equity-related compensation (together, the "Equity Awards").  The Equity Awards were compensation awards which, among other things, provided the employee with the right to shares of LBHI common stock on a future date upon the satisfaction of certain conditions.  Certain of the Equity Awards were distributed or vested, while others were not distributed or unvested.

3.      The ownership of the Equity Awards constitutes an equity interest in a

Debtor, but does not constitute a claim against a Debtor's estate as such term is defined in

section 101 of title 11 of the United States Code (the "Bankruptcy Code").  Accordingly, the

Debtors file this omnibus objection, in accordance with Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim (the "Procedures Order") [Docket No. 6664]

to reclassify the Compensation Claims as equity interests.

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The

Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S.

Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of

the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner"), and, by order, dated

January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the

Examiner.  The Examiner filed its report with the Court on March 11, 2010 pursuant to section

1106(b) of the Bankruptcy Code [Docket No. 7531].

8.    On January 14, 2010, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a

time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those

additional grounds set forth in the Procedures Order.

### The Equity Awards Are Not Claims

9.    The Debtors continue their review of the claims filed on the claims

register in these cases and maintained by the Court-appointed claims agent.  As indicated on

Exhibit A, certain of the Compensation Claims were improperly filed as secured or general

unsecured claims and others were improperly filed as claims having priority pursuant to section

507(a) of the Bankruptcy Code.  Each of the Compensation Claims must be reclassified as an

equity interest.

10.    Both the Bankruptcy Rules and the Procedures Order provide grounds to

object to the Compensation Claims.  Bankruptcy Rule 3007(d)(7) provides that a debtor may file

an objection, and join one or more objections in an omnibus objection, if all of the claims "are

based solely on the grounds that the claims should be disallowed, in whole or in part, because …

they are interests, rather than claims."  FED. R. BANKR. P. 3007(d).  The Procedures Order

additionally permits the Debtors to object, on an omnibus basis, to claims that "were incorrectly

classified."  Procedures Order at 2.

11.    Once objected to, a filed proof of claim is no longer "deemed allowed."

11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed … is deemed allowed, unless a

party in interest … objects.").  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

## The Compensation Claims Should Be Reclassified as Interests

### A.   The Compensation Claims Are for Equity Securities.

12.     Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest. 11 U.S.C. §501(a). The Bankruptcy Code defines a "claim" as a right to payment. *Id.* at §101(5). The Bankruptcy Code definition of an "equity security," alternatively, includes a share in a corporation or similar "security," including "stock," "treasury stock," "other claim or interest commonly known as 'security,'" "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security." *Id.* at §§ 101(16) and 101(49)(A).

13.     Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments. *E.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to exercise stock option portion of plan were equity security interests for purposes of determining priority).

14.     The Equity Awards provided grantees with a right to acquire common stock in LBHI upon satisfaction of certain conditions precedent, similar to stock options or the

right to exercise stock options.  As a result, the Equity Awards fall within the definition of

"equity securities" under the Bankruptcy Code.  Because each of the Compensation Claims is

based on the ownership of the Equity Awards, the Debtors hereby object to reclassify the

Compensation Claims as equity interests.

**B.    Subordination Provisions Present in Certain of the Agreements
Are Enforceable Pursuant to Bankruptcy Code Section 510(a).**

15.    Notwithstanding that the Compensation Claims must be reclassified as

equity securities, Agreements governing certain of the Equity Awards (the "Agreements")

provide that, in the event of a bankruptcy of LBHI, all claims arising from, in connection with, or

in any way relating to, any failure of LBHI to deliver shares of common stock shall have the

same priority as, and no greater priority than, common stock interests in LBHI.  These

Agreements advised grantees that:

> All of [their] claims arising from, in connection with, or in any
> way relating to, any failure of [LBHI] to deliver to [them], or to a
> subsidiary for delivery by such subsidiary to [them], shares of
> Common Stock on the date when such shares are due to be
> delivered under this Agreement in satisfaction of each Unit granted
> to you shall be deemed, in the event of a bankruptcy of [LBHI], to
> be claims for damages arising from the purchase or sale of
> Common Stock of [LBHI], within the meaning of section 510(b) of
> the Bankruptcy Code and shall have in such bankruptcy the same
> priority as, and no greater priority than, common stock interests in
> [LBHI].

See, *e.g.*, 2003 and 2004 Equity Award Program Agreement, ¶ 10.

16.    Section 510(a) of the Bankruptcy Code provides that "[a] subordination

agreement is enforceable … to the same extent that such agreement is enforceable under

applicable nonbankruptcy law."  11 U.S.C. § 510(a).  Courts have routinely held that the

"enforcement of lawful subordination agreements by Bankruptcy Courts does not offend the

policy of equal distribution of the bankrupt's estate."  *In re Leasing Consultants, Inc.* 2 B.R. 165,

168 (Bankr. N.Y. 1980), *citing In re Credit Industrial Corp.*, 366 F.2d 402, 407 (2d Cir. 1966).

Under general contract law principles, when a subordination agreement is unambiguous, the

parties' rights are governed exclusively by that agreement.  *In re Leasing Consultants, Inc.*,

2 B.R. at 169.

17.    Compensation Claims arising out of agreements with subordination

provisions similar to the one referred to above should have the same priority as common equity

interests in LBHI, and the Court should reclassify such claims as interests.[1]  Holders of such

Compensation Claims do not have claims against the Debtors.

### C.    Bankruptcy Code Section 510(b) Mandates that the Compensation Claims Have the Same Priority as Common Equity of LBHI.

18.    Another reason the Compensation Claims must be treated as equity is that

section 510(b) of the Bankruptcy Code provides that for purposes of distribution, a claim for

damages arising from the purchase or sale of a security shall have the same priority as the

security.  11 U.S.C. § 510(b).

19.    As noted above, the Equity Awards fall within the Bankruptcy Code

definition of "security."  In addition, the grant of the Equity Awards constitutes a "purchase or

sale" of a security.  "Courts interpreting section 510(b) have read the term 'purchase' broadly

and have included within its scope grants of stock and stock options as compensation."  *In re*

*Wireless Corporation, Inc.* 384 B.R. 713, 718 (Bankr. D. Del. 2008).  In *Wireless Corporation*,

for example, the Delaware Bankruptcy Court held that the debtor's grant of an equity

compensation package, consisting of shares of stock and warrants, constituted a "purchase or

---

[1] The Bankruptcy Code, Bankruptcy Rules and case law make clear that the Debtors do not need to commence an adversary proceeding either to enforce a subordination agreement pursuant to Bankruptcy Code section 510(a) or to seek to subordinate a Compensation Claim pursuant to Bankruptcy Code section 510(b).  FED. R. BANKR. P 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

sale" of a security.  *See also In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006)

(holding that claim based on debtor's failure to issue its common stock to employee in exchange

for his stock in another company, allegedly in violation of the parties' termination agreement,

was a claim arising from the purchase or sale of the debtor's stock.); *In re Touch Am. Holding,*

*Inc.*, 381 B.R. 95, 104 (Bankr. D. Del. 2008) (holding that claims based on stock received as

matching contribution under an ERISA plan likewise constituted a "purchase or sale" of

securities).

   20.  In *Enron*, employees filed claims asserting a right to payment for damages

in connection with unexercised stock options they had received during the course of their

employment.  The Court held that it was clear that a stock option was a "security" as that term

was defined in section 510(b) of the Bankruptcy Code.  *Enron*, 341 B.R. at 150.  The Court

further found that, "[w]hile it is true that the Claimants did not purchase the stock options on the

open market, they nonetheless exchanged value for the options: here, their labor.  Such exchange

falls under a broad reading of the term 'purchase.'"  *Id.* at 151 (citing *Frankum v. Int'l Wireless*

*Communications Holdings, Inc.* (*In re Int'l Wireless Communications Holdings, Inc.*), 279 B.R.

463 (D. Del. 2002) ("That Appellants received the Debtors' stock as part of a compensation

package does not preclude the transfer from being characterized as a purchase/sale of the

Debtors' stock.")).  This was true even where the employees "never elected to receive stock

options, but rather were required to take a minimum percentage of their annual bonus in stock

option form."  *Id.*  The Court found flaws in the employees' argument that they did not

"purchase" the stock options, because there was no voluntary exchange of goods, services or

currency:

   Although implicit, there is nonetheless a bargain and exchange of
   value.  Here, the exchange is made not at the time of payment but

prior to employment. If these Claimants were required to receive a portion of their compensation as options, that was a condition of employment the Claimants willingly accepted in return for their labor. These Claimants, thus, "purchased" the stock options with their labor.

*Id.*

21.    The Court in *Enron* further concluded that "claims alleging the fraudulently induced election of stock options as part of a compensation package are claims 'arising from' the purchase of a security and should thus be subordinated pursuant to section 510(b)." *Id.* "[P]hysical possession of the security is not required for a claim based upon that security to be subordinated." *Id.* at 163 (citing *American Broad. Sys. v. Nugent (In re Betacom of Phoenix, Inc.)*, 240 F.3d 823 at 829-30 (9th Cir. 2001) (finding that "[n]othing in § 510(b)'s text requires a subordinated claimant to be a shareholder.")).

22.    Like it did in *Enron*, the Court should find that the Equity Awards in this case are equity interests and the Compensation Claims arise from the purchase and sale of securities. As the Court found in *Enron*, neither the fact that Equity Awards were a form of compensation for services performed, nor the fact that claimants asserting Compensation Claims could not opt to receive compensation in cash in lieu of Equity Awards converts the Compensation Claims into claims for debt. Any portion of a Compensation Claim alleging the claimant was induced to accept or retain its Equity Awards should similarly be subordinated pursuant to section 510(b) of the Bankruptcy Code.

### Reservation of Rights

23.    The Debtors reserve all their rights to object on any basis to any Compensation Claim or any portion of any Compensation Claim for which the Court does not grant the relief requested herein.

## Notice

24.      No trustee has been appointed in these chapter 11 cases.  Notice of this

One Hundred Seventy-Sixth Omnibus Objection to Claims has been provided to: (i) each

claimant listed on Exhibit A; (ii) the U.S. Trustee for Region 2; (iii) the attorneys for the

Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue

Service; and (vi) the United States Attorney for the Southern District of New York, in

accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and

Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management

Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order.  The Debtors

submit that such notice is sufficient and no other or further notice need be provided.

25.      No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated:  August 19, 2011
          New York, New York

                                                /s/ Robert J. Lemons
                                                Robert J. Lemons

                                                WEIL, GOTSHAL & MANGES LLP
                                                767 Fifth Avenue
                                                New York, New York 10153
                                                Telephone: (212) 310-8000
                                                Facsimile: (212) 310-8007

                                                Attorneys for Debtors
                                                and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | ANDREE, KEVIN<br>10 ARROWWOOD DRIVE<br>HAMILTON, NJ 08690 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21373 | $33,836.00 |
| 2 | ANDREWS, COLLETTE<br>710 VALLEY STREET<br>MAPLEWOOD, NJ 07040 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 36944 | $14,261.00 |
| 3 | ASHE, KATHLEEN M<br>219 TRENTON BLVD<br>SEA GIRT, NJ 08750 | | Lehman No Case Asserted/All Cases Asserted | 09/14/2009 | 12143 | $11,500.00 |
| 4 | BAER, NORBERT<br>194 ASCAN AVENUE<br>FOREST HILLS, NY 11375 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28086 | Undetermined |
| 5 | BAXTER, SUSAN EVELYN<br>8 EXETER MEWS<br>LONDON, SW61PW<br>UNITED KINGDOM | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 02/25/2009 | 3016 | $28,007.27 |
| 6 | BRAND, JAMES G.<br>375 BLYTHE ROAD<br>RIVERSIDE, IL 60546 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/15/2009 | 13045 | $11,119.00 |
| 7 | BRANDT, GARY G.<br>12353 SOUTHHAMPTON DRIVE<br>BISHOPVILLE, MD 21813 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17843 | $1,713,462.00 |
| 8 | BRAY, ANTHONY<br>13 CO-OPERATIVE ST<br>SPRINGHEAD<br>LANCS<br>OLDHAM, 0L45TH<br>UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 24453 | $851,000.00 |
| 9 | BRENNAN, TERRY<br>PEAR TREE LODGE, BLACKNESS LANE<br>WOKING SURREY, GU22 7SB<br>UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/14/2009 | 12235 | $84,000.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 10 | BROWN, MELVILLE M. JR. 9516 FAIRCREST DRIVE DALLAS, TX 75238 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/31/2009 | 9856 | $15,504.92 |
| 11 | BUTTON, JEAN C. FLAT 1, 22 HERMON HILL WANSTEAD LONDON, E11 2AP UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/11/2009 | 11516 | $21,296.00 |
| 12 | CALHOUN, JOHN W. III 532 PEACHTREE BATTLE AVE, NW ATLANTA, GA 30305 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19255 | $200,000.00 |
| 13 | CALLIES, GUILLEMETTE 16 BIS, RUE SOYER NEUILLY-SUR-SEINE, F92200 FRANCE | | Lehman No Case Asserted/All Cases Asserted | 07/20/2009 | 5733 | $12,482.00 |
| 14 | CALUS, DENISE 9 CLYDE CRESCENT UPMINSTER ESSEX, RM14 1SS UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/15/2009 | 12974 | $13,096.34 |
| 15 | CANTELUPE, JAMES 1822 NORTH FREMONT CHICAGO, IL 60614 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13294 | $370,896.09 |
| 16 | CARAFI, PEDRO AV. URUGUAY 3241 UF 35 SAN FERNANDO (1644) BUENOS AIRES, ARGENTINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24299 | $145,122.97 |
| 17 | CARLOS, BONZON 260 WEST 54TH ST. APT 45E NEW YORK, NY 10019 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/03/2009 | 7289 | $152,059.06 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 18 | CARLSON, RAYMOND M. 59 LONGVIEW ROAD PORT WASHINGTON, NY 11050 | | Lehman No Case Asserted/All Cases Asserted | 08/10/2009 | 7800 | $66,309.32 |
| 19 | CARTIER, ANNE MICHELE 16-16 160TH STREET WHITESTONE, NY 11357 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 20278 | $6,721.00 |
| 20 | CASRIEL, LYLE 2 FIFTH AVENUE, APT. 5G NEW YORK, NY 10011 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/30/2009 | 2212 | $8,995.56 |
| 21 | CHASE, LANDRETH PO BOX 426 LOCUST VALLEY, NY 11560 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/11/2009 | 8013 | $3,780,043.00 |
| 22 | CHIPMAN, SANDS 5635 SOUTHWESTERN DALLAS, TX 75209 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30743 | $66,777.64 |
| 23 | CHRISTOPHER, STEVENS 17310 HALEY FALLS LANE HOUSTON, TX 77095 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/03/2009 | 7230 | $80,000.00 |
| 24 | COHEN, DARIAN J. 5035 WAGNER WAY OAK PARK, CA 91377 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16153 | $428,550.00 |
| 25 | COHEN, MICHAEL C 9 MEADOWS WOODS ROAD LAKE SUCCESS, NY 11020 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30001 | $100,945.71 |
| 26 | COHEN, PABLO ORTIZ DE OCAMPO 2655 PISO 7 DTO 1 BUENOS AIRES, 1425 ARGENTINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25424 | $6,179.58 |
| 27 | CONNOLLY, THOMAS J. 3545 BRIDLE CREEK DRIVE SUWANEE, GA 30024 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/06/2009 | 5129 | $128,761.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 28 | CONNOLLY, THOMAS J. 3545 BRIDLE CREEK DRIVE SUWANEE, GA 30024 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/06/2009 | 5130 | $7,694.00 |
| 29 | COQUIS POWER, LAURA FORMERLY LAURA STILLMAN FLAT 6, 1A GROSVENOR GARDENS LONDON, SW1 0BD UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 08/10/2009 | 7843 | $115,845.41 |
| 30 | D'ALOIA, LOUIS 268 FERNHEAD AVE MONROE TOWNSHIP, NJ 08831 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/03/2009 | 10193 | $15,080.12 |
| 31 | DA SILVA, ANTONIO R. 3 TAMARA CT CENTEREACH, NY 11720 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17311 | $23,002.00 |
| 32 | DELMONTE, GREGORY 5 SADDLE BROOK DR HO HO KUS, NJ 07423-1315 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25494 | $288,903.67 |
| 33 | DONOFRIO, JAMES 21 PENBROOK LOOP STATEN ISLAND, NY 10309 | | Lehman No Case Asserted/All Cases Asserted | 09/17/2009 | 15585 | $1,232.00 |
| 34 | DUDA, MICHAEL 380 92ND ST. APT. D9 BROOKLYN, NY 11209 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31872 | $1,091.38 |
| 35 | FORTUNE, JANICE K 4500 PARK COURT BELLAIRE, TX 77401 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15557 | $100,000.00 |
| 36 | FOSTER, BENJAMIN 814 TULIP LN NAPERVILLE, IL 60540-7333 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19196 | $20,744.46 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 37 | FU, TIANNA<br>25 COUNTY CENTER ROAD<br>APT A-12<br>WHITE PLAINS, NY 10607 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28742 | $19,568.00 |
| 38 | GASPARRO, PAUL<br>105 STUYVESANT AVE<br>RYE, NY 10580 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/30/2009 | 2335 | $900,568.01 |
| 39 | GILFENBAUM, AMY S<br>2 HORATIO ST. APT.5L<br>NEW YORK, NY 10014 | | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13970 | $51,750.31 |
| 40 | GLADSTONE, ABBEY H.<br>9130 BAYBURY LN<br>WEST PALM BCH, FL 33411-1890 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/15/2009 | 12660 | $482,241.44 |
| 41 | GOODWYN, RICHARD B. JR.<br>8 NORTH ROHALLION DRIVE<br>RUMSON, NJ 07760 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/24/2009 | 9112 | $6,483.21 |
| 42 | GRAVES, JOSEPH T.<br>28940 N SKYCREST DR.<br>MUNDELEIN, IL 60060 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25560 | $355,495.00 |
| 43 | GREENSPAN, NEIL<br>200 RIVERSIDE BLVD<br>APT 4M<br>NEW YORK, NY 10069 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16225 | $18,677.33* |
| 44 | GREGORY, JOSEPH<br>26 LLOYD HAVEN DRIVE<br>HUNTINGTON, NY 11743 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/29/2009 | 4645 | $232,999,548.71 |
| 45 | GUERRON, JORGE<br>3 TUDOR PLACE<br>MANALAPAN, NJ 07726 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17310 | $8,836.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 46 | HALLS, DEBORAH G. 32 KIMBERLEY ROAD WALTHAMSTOW, E17 5EE UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/20/2009 | 8820 | $741.00 |
| 47 | HOLLAND, ROBERT L. 176 ROUND HILL RD GREENWICH, CT 06831 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/21/2009 | 8969 | $706,200.00 |
| 48 | HORNE, CATHY 3510 GARDEN MIST CIR AUBURN, GA 30011-2375 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18309 | Undetermined |
| 49 | HUIDOBRO, JORGE MARIANO DEL ARCA 249 SAN FERNANDO - 1646 BUENOS AIRES, ARGENTINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22268 | $12,866.18 |
| 50 | JACOBSON, LARS P. 909 15TH ST. HERMOSA BEACH, CA 90254 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24335 | $408,027.05 |
| 51 | JOHNSON, BENJAMIN P. 820 WEST OAKDALE #1 CHICAGO, IL 60657 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13292 | $7,762.50 |
| 52 | JUNDANIAN, GREGORY 56 GLENRIDGE ROAD DEDHAM, MA 02026 | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 16239 | $73,305.00 |
| 53 | KARETSKY, MARC I. 435 EAST 57TH STREET 8A NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29888 | $310,747.00 |
| 54 | KENNEDY, KATHRYN 3030 N. CLIFTON AVE. CHICAGO, IL 606 | | Lehman No Case Asserted/All Cases Asserted | 09/14/2009 | 12151 | $39,535.13 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 55 | KHER, YOGESH<br>10 HASKEL DRIVE<br>PRINCETON JUNCTION, NJ 08550 | | Lehman No Case Asserted/All Cases Asserted | 01/30/2009 | 2229 | $31,136.00 |
| 56 | KIEN KOTCHER, LAURI<br>250 EAST 87TH ST, APT 16F<br>NEW YORK, NY 10128 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/10/2009 | 2684 | $2,066.06 |
| 57 | KOLLYDAS, PETER<br>28 COLERIDGE DR<br>MARLBORO, NJ 07746 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/28/2009 | 6499 | $29,251.00 |
| 58 | KOLLYDAS, PETER<br>28 COLERIDGE DR<br>MARLBORO, NJ 07746 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/28/2009 | 6501 | $7,130.00 |
| 59 | KONNO, KENJI<br>6-18-2-801 SHIMOUMA SETAGAYAKU<br>TOKYO,<br>JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/01/2009 | 4680 | $311,961.99 |
| 60 | LAMAR, MARIO<br>21 PRINCESS COURT<br>STAMFORD, CT 06903 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/06/2009 | 7467 | $150,089.32 |
| 61 | LAURIE, KEVIN<br>90 ARRANDALE ROAD<br>ROCKVILLE CENTRE, NY 11570 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18191 | $542,738.14 |
| 62 | LAURINO, JOHN<br>2360 LINDENMERE DRIVE<br>MERRICK, NY 11566 | | Lehman No Case Asserted/All Cases Asserted | 09/17/2009 | 15274 | $65,426.73 |
| 63 | LEACH, EVERETT<br>125 QUEENS AVENUE<br>ELMONT, NY 11003 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31669 | $37,923.07 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 64 | LEE, JOHN DONG HYUN<br>2-1002 SEOCHO SAMSUNG GARDEN SUITE<br>SEOCHO-DONG 1326, SEOCHO-GU<br>SEOUL,<br>KOREA, REPUBLIC OF | | Lehman No Case Asserted/All Cases Asserted | 09/14/2009 | 12059 | $18,077.79 |
| 65 | LEE, MICHAEL<br>47 AMAGANSETT DRIVE<br>MORGANVILLE, NJ 07751 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/13/2009 | 8219 | $1,050.00 |
| 66 | LEE, PETER C.<br>1512 ISABELLA ST<br>WILMETTE, IL 60091 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14857 | $7,852.75 |
| 67 | LEVENTANT, LILIYA<br>74 OTTAWA RD S<br>MARLBORO, NJ 07746-1246 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27957 | $14,393.00 |
| 68 | LEVY, DORIAN A<br>25 W 75TH STREET<br>APT 3B<br>NEW YORK, NY 10023 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 29469 | $67,251.37 |
| 69 | LIOTTI, FABIO<br>74 YORK MANSIONS<br>PRINCE OF WALES DRIVE<br>LONDON, SW11 4BW<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15120 | $3,519,222.00 |
| 70 | LUCAS, JEROME D.<br>87 WHITE HILL ROAD<br>COLD SPRING HARBOR, NY 11724 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29546 | $101,791.52 |
| 71 | LUGTU, JONATHAN<br>142 BREWSTER AVE<br>PISCATAWAY, NJ 08854-2229 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21371 | $6,752.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 72 | MACDONALD, ROBERTO JUAN IBERA 164 1609 BOULOGNE PROVINCIA DE BUENOS AIRES, ARGENTINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25551 | $17,699.20 |
| 73 | MAITIN, ROBERT 121 FOREST DR. SHORT HILLS, NJ 07078 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/04/2009 | 4766 | $171,096.97 |
| 74 | MANCILLA, DAVID H 11 GUINEA HOLLOW ROAD LEBANON, NJ 08833 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30390 | $211,326.95 |
| 75 | MANNING, MARJORIE R. 511 E SADDLE RIVER RD. RIDGEWOOD, NJ 07450 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/13/2009 | 2831 | $536,095.22 |
| 76 | MARCUS, LISA 131 DEVRIESE COURT TENAFLY, NJ 07670 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16329 | $529,200.00 |
| 77 | MCCLELLAN, RYAN 444 HERMOSA AVENUE, #101 HERMOSA BEACH, CA 90254 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18225 | $55,014.47 |
| 78 | MCCOOEY, KEVIN C. 315 EAST 68TH STREET APT 8T NEW YORK, NY 10021 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/04/2009 | 10370 | $378,851.13 |
| 79 | MCGREGOR,FRANK 10 LEE COURT PLAINSBORO, NJ 08536 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/02/2009 | 10116 | $45,938.00 |
| 80 | MCLAUGHLIN, MARY D 84 BASEVI WAY GREENWICH REACH LONDON, SE8 3JS UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/21/2009 | 8907 | $16,049.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 81 | MCMAHON, JOANNE PATRICIA<br>7B, 22 EAST 36TH STREET<br>NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28277 | $189,412.08 |
| 82 | MEEK, MARY<br>4043 FAIRWAY DRIVE<br>WILMETTE, IL 60091 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 32396 | $5,700.00* |
| 83 | MERRIMAN, HUW W.<br>WELLBROOK HOUSE<br>FIR TOLL ROAD<br>MAYFIELD, TN20 6NF<br>UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 26033 | Undetermined |
| 84 | MERRIMAN, SHAWNDA D.<br>567 KRYPTONITE DR.<br>CASTLE ROCK, CO 80108 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 7457 | $6,120.36 |
| 85 | MICHAEL, RONEMOUS<br>5215 LACREEK LANE<br>SPRING, TX 77379 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/31/2009 | 6847 | $60,000.00 |
| 86 | MILLER, CHRISTINA X.<br>100 DUDLEY STREER<br>APT 2341<br>JERSEY CITY, NJ 07302 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31196 | $23,633.00 |
| 87 | MORAN, BRIAN M.<br>139 S TRYON ST UNIT 4B<br>CHARLOTTE, NC 202022142 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 32310 | $150,000.00 |
| 88 | MULLER, ERIK W.<br>137 WOOSTER ST.<br>APT 5A<br>NEW YORK, NY 10012 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/24/2009 | 6138 | $208,658.51 |
| 89 | MURPHY, KEVIN C.<br>4 ATHERTON RD<br>WINCHESTER, MA 01890 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/31/2009 | 9768 | $138,639.63 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

|  | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 90 | MURRAY, BRYAN J. 243 N. PLEASANT AVE. RIDGEWOOD, NJ 07450 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/14/2009 | 4331 | $86,103.00 |
| 91 | NAJAR, JOSEF 36 EAST 72ND STREET NEW YORK, NY 10021 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18910 | $6,363.69 |
| 92 | NANGIA, SAMIR 245 E 24TH ST APT 5G NEW YORK, NY 10010-3825 |  | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 14308 | $218,399.00 |
| 93 | NICORA, GUSTAVO FEDERICO GUIDO 1612 PISO 13 1016  BUENOS AIRES, ARGENTINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22743 | $19,162.04 |
| 94 | O'HARA, EMMETT 32 WEST LANE BAY SHORE, NY 11706 |  | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27281 | $143,482.33 |
| 95 | O'KEEFE, SEAN B. 660 SHERWOOD RD HO HO KUS, NJ 07423 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14649 | $202,434.59 |
| 96 | ORLOSKY, JASON 25 GLENBROOK ROAD, APT. 606 STAMFORD, CT 06902 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 26119 | $3,864.00 |
| 97 | OWEN, KEVIN HUGH 1451 MOUNTAIN BLVD OAKLAND, CA 94611 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/03/2009 | 4754 | $420,549.00 |
| 98 | PAGDIWALLA, ASHA 169 E 88TH STREET APT 4 NEW YORK, NY 10128 |  | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30078 | $7,475.01 |
| 99 | PALCHYNSKY, JOHN N. 32 HILLDALE ROAD PINE BROOK, NJ 07058 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2009 | 34713 | $36,447.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 100 | PETTIT-BREINGAN, LARA<br>7A LOCUST LANE<br>HUNTINGTON, NY 11743 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31712 | Undetermined |
| 101 | PLASKETT, RODNEY A.<br>40 BIRCHWOOD LANE<br>HARTSDALE, NY 10530 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/01/2009 | 5063 | $62,290.47 |
| 102 | PUSKULDJIAN, PAUL A.<br>50 ROOSEVELT AVE<br>GLEN HEAD, NY 11545 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/22/2009 | 5858 | $120,809.00 |
| 103 | RAFFAELE, DIANE<br>144 E 84TH STREET APT 6G<br>NEW YORK, NY 10028 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/26/2009 | 9409 | $7,751.00 |
| 104 | RODRIGUEZ, JUAN<br>LIDO 30<br>MADRID, 28043<br>SPAIN | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 22754 | $144,000.00 |
| 105 | RODRIGUEZ-COLON, ELIZABETH<br>URB, DOS PINOS<br>784 CALLE LINCE<br>SAN JUAN, PR 00923 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2009 | 34490 | Undetermined |
| 106 | RODRIGUEZ-GENTA, IGNACIO MARTIN<br>MALAVAR 976<br>1632 VICENTE LOPEZ<br>BUENOS AIRES,<br>ARGENTINA | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 24437 | $43,459.00 |
| 107 | SAHLMAN, WILLIAM W.<br>179 BERGEN ST.<br>BROOKLYN, NY 11217 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29527 | $421,527.00 |
| 108 | SAKS, ROGER<br>64 TWIN BROOKS RD<br>SADDLE RIVER, NJ 07458 | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 19077 | $3,736,268.27 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 109 | SALVATORE, JULIANNE<br>309 101ST STREET<br>BROOKLYN, NY 11209 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/08/2009 | 10632 | $160,850.00 |
| 110 | SARKAR, AMIT K<br>78 LANSDOWNE RD<br>NOTTINGHILL<br>LONDON, W112LS<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/24/2009 | 34872 | $3,076,963.23 |
| 111 | SCHLATTE, KONRAD<br>22, MOSSBURY ROAD<br>LONDON, SW 11 2PB<br>UNITED KINGDOM | 08-13905 (JMP) | CES Aviation LLC | 09/22/2009 | 30733 | Undetermined |
| 112 | SECRIST III, DELBERT<br>2015 LEEWARD LN<br>NEWPORT BEACH, CA 926603806 | | Lehman No Case Asserted/All Cases Asserted | 09/14/2009 | 12230 | $16,872.01 |
| 113 | SHAFIR, MARK G.<br>145 E 92ND ST # 8A<br>NEW YORK, NY 10128-2431 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30426 | $40,895,308.00 |
| 114 | SHENTON, JOSEPH W. JR.<br>200 CHURCH RD<br>WINNETKA, IL 60093-3944 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13293 | $421,020.09 |
| 115 | SHERR, DAVID N<br>43 GARDEN ROAD<br>SCARSDALE, NY 10583 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27437 | Undetermined |
| 116 | SMEJKAL, FRANK<br>1305 BEVERLY STREET<br>HOUSTON, TX 77008 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2009 | 34672 | $78,000.00 |
| 117 | SMITH, JAMES P.<br>50 CAMBRIDGE DR<br>SHORT HILLS, NJ 07078 | | Lehman No Case Asserted/All Cases Asserted | 09/23/2009 | 34565 | $614,929.39 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 118 | SMITH, ROBERT DAVID<br>635 W 42ND ST # 2E<br>NEW YORK, NY 10036 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22928 | $5,277.21 |
| 119 | STACK, RONALD A.<br>22 SHOREWOOD DRIVE<br>SANDS POINT, NY 11050 | | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13430 | $4,406,999.00 |
| 120 | STANDFORD-BUTLER, DEBORAH<br>26 CORNEILUIS WAY<br>SOMERSET, NJ 08873 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28568 | $4,423.69 |
| 121 | SYPECK, ROBERT S<br>15 HIGHLAND AVE<br>FAIR HAVEN, NJ 07704 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29470 | $537,508.38 |
| 122 | TAKIL, GURCAN<br>161 BLUE HERON CT<br>HOLMDEL, NJ 07733 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18934 | $300,746.71 |
| 123 | TALBOT, BRIAN<br>15 CATHEDRAL AVENUE<br>GARDEN CITY, NY 11530 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15083 [1] | $692,289.00 |
| 124 | THAW, MITCHELL D.<br>53 MAPLE AVENUE NORTH<br>WESTPORT, CT 06880 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14034 | $56,027.90 |
| 125 | THORNTON, MATTHEW<br>514 WILLOW RD<br>WINNETKA, IL 60093-4134 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15753 | $95,345.00 |
| 126 | TOBIN, PAUL G.<br>20 E. CEDAR ST., 4E<br>CHICAGO, IL 60611 | | Lehman No Case Asserted/All Cases Asserted | 09/10/2009 | 11122 | $496,168.87 |

[1] Claim 15083 is being reclassified as an equity interest solely with respect to its asserted claims for Equity Awards in the amount of $692,289. All other portions of Claim 15083 were previously expunged pursuant to the Order Granting Debtors' Fifty-Third Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated 11/10/2010, ECF. No. 12681.

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 127 | TUIL, LAURENT<br>FLAT 4<br>FORDIE HOUSE<br>82 SLOANE STREET<br>LONDON, SW1X 9PA<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32257 | $79,650.72 |
| 128 | VENKATESH, PRASANA<br>17 EVELYN ROAD<br>APT 20-05<br>309306<br>SINGAPORE | | Lehman No Case Asserted/All Cases Asserted | 08/06/2009 | 7477 | $181,619.00 |
| 129 | VERMA, DIVYA<br>3195 ASHER RD<br>ANN ARBOR, MI 48104-4170 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29706 | $2,072.00 |
| 130 | VOJTA,MARJORIE C.<br>4412 COTTONWOOD<br>SCOTTSBLUFF, NE 69361 | | Lehman No Case Asserted/All Cases Asserted | 07/17/2009 | 5568 [2] | $7,583.74 |
| 131 | WALLACE, MICHAEL P.<br>2000 AVENUE OF THE STARS<br>7TH FLOOR, NORTH<br>LOS ANGELES, CA 90067 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22290 | $27,710.00 |
| 132 | WARDELL, JEFFERY K.<br>2255 BUSH STREET #1<br>SAN FRANCISCO, CA 94115 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 24545 | $50,638.80 |
| 133 | WARREN, ANGUS<br>27 ANTROBUS ROAD<br>LONDON, W4 5HY<br>UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 16274 | $128,206.00 |

[2] Claim 5568 is being reclassified as an equity interest solely with respect to its asserted claim for Equity Awards in the amount of $7,583.74.  All other portions of Claim 5568 were previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated 12/22/2010, ECF. No. 13621.

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 176 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 134 | WEILL, THIERRY<br>FLAT 3, 95 AVENUE ROAD<br>NW86HY<br>UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 32231 | $107,008.00 |
| 135 | WHITTEMORE, ERLE TODD<br>6179 E. OTERO DR.<br>CENTENNIAL, CO 80112 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2389 | $90,640.96 |
| 136 | WINTHROP, DEREK A.<br>203 EAST 72ND ST<br>APT 5D<br>NEW YORK, NY 10021 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31922 | $64,113.00 |
| 137 | WOODTHORPE, JAMES W<br>44 HOLMEWOOD RIDGE<br>LANGTON GREEN,<br>KENT, TN3 0ED<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 34207 | $11,473.50 |
| 138 | ZAMEER, KHAN H.<br>25-GREEN ACRES AVENUE<br>EAST BRUNSWICK, NJ 08816 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30753 | $7,221.00 |
| 139 | ZAVOLTA, FRANCESCA M.<br>311 WEST 76TH STREET<br>APARTMENT 3<br>NEW YORK, NY 10023 | | Lehman No Case Asserted/All Cases Asserted | 09/19/2009 | 19567 | $333,957.91 |
| | | | | | TOTAL | $311,615,425.14 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                            :        **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                                 :
                        **Debtors.**                             :        **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'**
**ONE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the one hundred seventy-sixth omnibus objection to claims, dated August

19, 2011, (the "One Hundred Seventy-Sixth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession, in accordance with Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 6664], seeking to reclassify Compensation Claims as

common equity interests in the LBHI, all as more fully described in the One Hundred Seventy-

Sixth Omnibus Objection to Claims; and due and proper notice of the One Hundred Seventy-

Sixth Omnibus Objection to Claims having been provided; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

requested in the One Hundred Seventy-Sixth Omnibus Objection to Claims is in the best interests

of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the One Hundred Seventy-Sixth Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefore, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the One Hundred Seventy-Sixth Omnibus Objection to Claims.

ORDERED that the relief requested in the One Hundred Seventy-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Reclassified*" are reclassified as equity interests having the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the One Hundred Seventy-Sixth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE