> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :      Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :      **08-13555 (JMP)**
                                                   :
                        Debtors.                   :      **(Jointly Administered)**
------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

      **PLEASE TAKE NOTICE** that on August 19, 2011, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred eighty-first omnibus objection to

claims (the "Debtors' One Hundred Eighty-First Omnibus Objection to Claims"), and that a

hearing (the "<u>Hearing</u>") to consider the Debtors' One Hundred Eighty-First Omnibus Objection

to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 a.m. (Eastern**

**Time),** or as soon thereafter as counsel may be heard.

  **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Eighty-First Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **September 20, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and served with respect to the Debtors' One Hundred Eighty-First Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Eighty-First Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 19, 2011
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

3

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                              :      Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :      08-13555 (JMP)
                                                   :
                                  Debtors.          :      (Jointly Administered)
-----------------------------------------------------------------x

DEBTORS' ONE HUNDRED EIGHTY-FIRST
OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

   Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors, in the above-

referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"),

respectfully represent as follows:

## Relief Requested

1.      The Debtors file this one hundred Eighty-First omnibus objection to claims (the "One Hundred Eighty-First Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases, ECF No. 6664 (the "Procedures Order"), seeking to disallow and expunge the claims listed on Exhibit A annexed hereto which are duplicative of other filed claims based on Lehman Programs Securities (as defined herein).

2.      The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative LPS Claims") which generally were filed by the beneficial holders of Lehman Programs Securities are substantively duplicative, in whole or in part, of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims").

3.      This One Hundred Eighty-First Omnibus Objection to Claims does not affect the Surviving Claims and does not constitute any admission or finding with respect to the Surviving Claims.  Further, the Debtors reserve all their rights to object on any other basis to any Duplicative LPS Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI
and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the
Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural
purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The
Debtors are authorized to operate their businesses and manage their properties as debtors in
possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern
District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured
creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as
Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January
20, 2009, ECF No. 2583, the Court approved the U.S. Trustee's appointment of the Examiner.
The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code, ECF No.
7531.

8.      On January 14, 2010, the Court entered the Procedures Order, which
authorizes the Debtors, among other things, to file omnibus objections to no more than 500
claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and
those additional grounds set forth in the Procedures Order.

9.      On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9)
of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing
Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of
Claim Form (the "Bar Date Order").  The Bar Date Order set forth specific alternative claim
filing procedures (the "Lehman Programs Securities Procedures") that apply to the "filing of any

and all claims (including claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates [to investors] located outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading 'Lehman Programs Securities' (any such security, a 'Lehman Program Security') . . . ." (Bar Date Order at 12.)  The Lehman Programs Securities Procedures resulted from extensive negotiations among the Debtors, the Creditors' Committee, the issuers of Lehman Programs Securities, Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream"), and a large group of creditors.

   10. The Bar Date Order set forth the Lehman Programs Securities Procedures that specifically required, among other things, that claims for Lehman Programs Securities "include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number" (a "Blocking Number").  (*Id.* at 13.)  Each Blocking Number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Program Security in a specific amount.  The issuance of a Blocking Number prevented the holder of a Lehman Program Security from trading that security through November 2, 2009 (the "Lehman Programs Securities Bar Date") and is utilized by the Debtors to reconcile such claims.

   11. The Lehman Programs Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security; therefore, there was uncertainty among some security holders as to the appropriate and authorized party to file such claims.  To address such uncertainty, the Lehman Programs Securities Procedures provided flexibility regarding the identity of the party authorized to file such claims ("claims based on any Lehman Programs Securities shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b).")

(Bar Date Order at 14.)  Claims based on Lehman Programs Securities were filed by beneficial holders of such security and/or banks, brokers, custodians or other parties on behalf of the beneficial holders.

### The Duplicative LPS Claims Should Be Disallowed and Expunged

12.    The Debtors reviewed claims based on Lehman Programs Securities. Using the Blocking Numbers, the International Security Identification Numbers ("ISIN"), notional amounts, and other information provided on the claims, the Debtors identified that in certain cases, duplicative claims were filed in respect of a particular security.  The Duplicative Lehman Programs Securities Claims are either exact duplicates or in substance duplicates of the corresponding Surviving Claims.  In many instances, the Duplicative LPS Claims and the Surviving Claims were filed by affiliated or related persons or entities against the same Debtors, often for the same dollar amounts, and on account of the same securities.  In other cases, the beneficial holder of the security filed a claim based on its holdings, and another party (including, without limitation, a beneficial holder's bank, broker or other agent) also filed a claim on behalf of such holder based on the same security.

13.    Each Duplicative LPS Claim seeks to recover, in whole or in part, for the same alleged obligation as the Surviving Claim.  To avoid paying out distributions twice on the same obligation, this objection seeks to expunge the Duplicative LPS Claims.

14.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g., In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim); *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim).

16.     Further, the Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

17.     The Duplicative LPS Claims should be disallowed as substantively duplicative, in whole or in part, of the Surviving Claims. With respect to the Duplicative LPS Claims filed by beneficial holders that are duplicative of claims filed by record holders, for the sake of administrative efficiency and in the interest of reducing expenses relating to the administration of these claims, the Debtors are generally seeking to expunge claims filed by the beneficial holders and deem the claims of the banks, brokers, custodians or other parties filed on behalf of the beneficial holders as the Surviving Claims. Any distribution that is made on the Surviving Claims will be made to the bank, broker, custodian or other party, and such party will

then be responsible for remitting such distributions to the applicable beneficial holders of the

Lehman Programs Securities.  Such procedures will enable the Debtors to communicate with

fewer parties regarding a determination of the allowed amount of such claims and to make

distributions to fewer parties on account of such claims.  Notwithstanding anything in this

paragraph, if the claim filed by a beneficial holder includes a valid Blocking Number, but a claim

filed by another party on account of the same security on behalf of such beneficial holder does

not include a valid Blocking Number, the Debtors are seeking to disallow and expunge the claim

of such other party as duplicative and deem the claim of the beneficial holder as the Surviving

Claim.

18.     With respect to duplicative claims filed by related or affiliated beneficial

holders, the Debtors decided on a case-by-case basis which claim should survive based on the

facts and circumstances of the claims.  Where the claims are identical except for the identities of

the claimants, the Debtors have elected to keep the earlier-filed claim as the Surviving Claim.

Where the claims are not completely identical, the Debtors generally have elected to keep as the

Surviving Claim the claim with more information or a higher claimed amount.

19.     Accordingly, to avoid the possibility of a creditor receiving duplicative or

multiple recoveries on its claim, the Debtors request that the Court disallow and expunge the

Duplicative LPS Claims listed on <u>Exhibit A</u> to the extent set forth therein.  The Surviving Claims

will remain on the claims register subject to further objections on any basis.

<u>**Notice**</u>

20.     No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this One Hundred Eighty-First Omnibus Objection to Claims on (i) the

U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) each claimant listed on <u>Exhibit A</u> under the heading "*Claims to be Disallowed and Expunged*," and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635.  The Debtors submit that no other or further notice need be provided.

21.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: August 19, 2011
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | **SURVIVING CLAIMS** | | | |
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | ASPEN INSURANCE UK LIMITEDATTN: STEPHEN ROSE 30 FENCHURCH STREET LONDON, EC3M 3BD UNITED KINGDOM | | 08-13555 (JMP) | 13098[1] | $21,712,700.00 | MORGAN STANLEY & CO. INTERNATIONAL PLC TRANSFEROR: ALLIANCEBERNSTEIN FOR BENEFIT OF ASPEN INSURANCE UK LIMITED (AIUKGIA) 25, CABOT SQUARE CANARY WHARF LONDON, E14 4QA UNITED KINGDOM | | 08-13555 (JMP) | 42266 | $1,797,745.00 |
| 2 | ASPEN INSURANCE UK LIMITEDATTN: STEPHEN ROSE 30 FENCHURCH STREET LONDON, EC3M 3BD UNITED KINGDOM | | 08-13555 (JMP) | 66396 | $1,787,700.00 | MORGAN STANLEY & CO. INTERNATIONAL PLC TRANSFEROR: ALLIANCEBERNSTEIN FOR BENEFIT OF ASPEN INSURANCE UK LIMITED (AIUKGIA) 25, CABOT SQUARE CANARY WHARF LONDON, E14 4QA UNITED KINGDOM | | 08-13555 (JMP) | 42266 | $1,797,745.00 |

---

[1] Claim 13098 is being expunged solely with respect to its asserted claim of $1,787,700.00 for the securities with ISIN No. XS0251195847. The remainder of Claim 13098 asserting a claim totaling $19,925,000.00 for other securities was previously expunged pursuant to the Order Granting Debtors' One Hundred Fortieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) dated June 30, 2011, ECF No. 18179.

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 3 | CONTRARIAN CAPITAL MANAGEMENT, LLC411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | | 5010 | $111,873,100.18 | CONTRARIAN CAPITAL FUND 1, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49493 | $102,252,722.83 |
| | | | | | | CCM PENSION-A, LLC 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49498 | $16,232,368.42 |
| | | | | | | CONTRARIAN CAPITAL SENIOR SECURED, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49496 | $16,168,740.78 |
| | | | | | | CONTRARIAN CAPITAL TRADE CLAIMS, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49494 | $14,245,341.79 |
| | | | | | | CONTRARIAN LONG SHORT, LP 411 WEST PUTNAM AVENU SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49495 | $10,884,741.11 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| | | | | | CONTRARIAN ADVANTAGE MASTER FUND LIMITED 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49492 | $5,113,175.25 |
| | | | | | CCM PENSION-C, LLC 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49500 | $4,954,539.11 |
| | | | | | CONTRARIAN EMERGING MARKETS, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49497 | $3,490,427.91 |
| | | | | | CCM PENSION-B, LLC 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49499 | $2,585,704.23 |
| | | | | | CONTRARIAN SOCIALLY RESPONSIBLE, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49501 | $1,600,764.14 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 4 | CONTRARIAN CAPITAL MANAGEMENT, LLC411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | | 5011 | $20,000,000.00 | CONTRARIAN CAPITAL FUND 1, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49493 | $102,252,722.83 |
| | | | | | | CCM PENSION-A, LLC 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49498 | $16,232,368.42 |
| | | | | | | CONTRARIAN CAPITAL SENIOR SECURED, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49496 | $16,168,740.78 |
| | | | | | | CONTRARIAN CAPITAL TRADE CLAIMS, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49494 | $14,245,341.79 |
| | | | | | | CONTRARIAN LONG SHORT, LP 411 WEST PUTNAM AVENU SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49495 | $10,884,741.11 |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | **SURVIVING CLAIMS** | | | |
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| | | | | | CONTRARIAN ADVANTAGE MASTER FUND LIMITED 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49492 | $5,113,175.25 |
| | | | | | CCM PENSION-C, LLC 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49500 | $4,954,539.11 |
| | | | | | CONTRARIAN EMERGING MARKETS, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49497 | $3,490,427.91 |
| | | | | | CCM PENSION-B, LLC 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49499 | $2,585,704.23 |
| | | | | | CONTRARIAN SOCIALLY RESPONSIBLE, LP 411 WEST PUTNAM AVENUE SUITE 425 GREENWICH, CT 06830 | | 08-13555 (JMP) | 49501 | $1,600,764.14 |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | **SURVIVING CLAIMS** | | | |
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 5 | DEFINED RETURNS LIMITED ON BEHALF OF UNDERLYING INVESTORS(IN ADMINISTRATION) C/O GRANT THORNTON UK LLP 30 FINSBURY SQUARE LONDON, EC2P 2YO UNITED KINGDOM | | 08-13555 (JMP) | 59120 | $62,011,874.40 | BREWIN NOMINEES LTD TIME CENTRAL GALLOWGATE NEWCASTLE UPON TYNE, NE1 4SR UNITED KINGDOM | | 08-13555 (JMP) | 63614 | $0.00 |
| 6 | DORSCHUG, HENRIETTESILCHERWE G 31 ELCHINGEN, 89275 GERMANY | | 08-13555 (JMP) | 39591 | $42,558.00 | WHITE & CASE LLP ATTN: RA MICHAEL RUETZEL BOCKENHEIMER LANDSTRASSE 20 FRANKFURT AM MAIN, 60323 GERMANY | | 08-13555 (JMP) | 60631 | $0.00 |
| 7 | ETHIAS SAATTN: THE CFO; DEPARTEMENT FINANCES 1006 RUE DES CROISIER 24 LIEGE, 4000 BELGIUM | | 08-13555 (JMP) | 59789 | $220,399,520.00 | DEXIA BANK SA ATTN: KARINE DRIESEN, IN-HOUSE COUNSEL BOULEVARD PACHECO 44 BRUSSELS, 1000 BELGIUM | | 08-13555 (JMP) | 59788 | $220,399,520.00 |
| 8 | GAVIN, YVANROUTE DE SULLENS 10 VILLARS-STE-CROIX, 1029 SWITZERLAND | | 08-13555 (JMP) | 49940 | $5,670.00 | GAVIN, ANITA RUE DES FONTAINES 1 VILLARS-TIERCELIN, 1058 SWITZERLAND | | 08-13555 (JMP) | 41365 | $5,670.00 |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS | | | |
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 9 | HAUVILLE, BSOUTH JUNIORS 558A ANZAC PARADE KINGSFORD SYDNEY, NSW, 2032 AUSTRALIA | | 08-13555 (JMP) | 795 | $0.00 | AGGREGATING TRUST 10, LLC C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30222 | $1,149,405.00 |
| | | | | | | AGGREGATING TRUST 3, LLC C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30218 | $423,465.00 |
| | | | | | | AGGREGATING TRUST 8, LLC C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30220 | $258,112.00 |
| | | | | | | AGGREGATING TRUST 4, LLC C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30297 | $233,914.00 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| | | | | | AGGREGATING TRUST 1, LLC C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30213 | $185,518.00 |
| | | | | | AGGREGATING TRUST 7, LLC C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30219 | $157,287.00 |
| | | | | | AGGREGATING TRUST 5, L.L.C. C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30298 | $92,759.00 |
| | | | | | AGGREGATING TRUST 9, LLC C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30221 | $80,660.00 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| | | | | | | AGGREGATING TRUST 2, LLC C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30212 | $76,627.00 |
| | | | | | | AGGREGATING TRUST 6, L.L.C. C/O ROPES & GRAY LLP ATTN: JEFFREY R. KATZ PRUDENTIAL TOWER 800 BOYLSTON STREET BOSTON, MA 02199-3600 | | 08-13555 (JMP) | 30299 | $64,528.00 |
| 10 | HOFSTAETTER, STEFANHADNWEG 12 EBENTHAL, 9065 AUSTRIA | | 08-13555 (JMP) | 48679 | $163,794.50 | GRUBER, PETER & IRMGARD GARTENWEG 12 GROSSLOBMING, 8734 AUSTRIA | | 08-13555 (JMP) | 48838 | $28,486.00 |
| 11 | IPC-CAPITAL STRATEGY XIIC/O IPCONCEPT FUND MANAGEMENT S.A. ATTN MATTHIAS SCHIRPKE 4, RUE THOMAS EDISON , L-1445 LUXEMBOURG | | 08-13555 (JMP) | 63593 | $36,303.94 | IPCONCEPT FUND MANAGEMENT S.A. IPC-CAPITAL STRATEGY XII 4. RUE THOMAS EDISON LUXEMBOURG, L-1445 LUXEMBOURG | | 08-13555 (JMP) | 43821 | $69,611.85 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 12 | LOBBE-HERMANSC/O NABER PC 300 CENTRAL AVENUE SUITE 320 GREAT FALLS, MT 59401 | | 08-13555 (JMP) | 67262 | $18,804.01 | LOBBE-HERMANNS, ANDREA C/O NABER PC 300 CENTRAL AVENUE SUITE 320 GREAT FALLS, MT 59401 | | 08-13555 (JMP) | 57813 | $18,804.01 |
| 13 | PEERAER, SJEFLOONSEBAAN 82 B VUGHT, 5263 CP NETHERLANDS | | 08-13555 (JMP) | 59884 | $141,510.00 | BRUGGEN, PEERAER-VAN LOONSEBAAN 82 B VUGHT, 5263 CP NETHERLANDS | | 08-13555 (JMP) | 41652 | $172,030.00 |
| 14 | ROETHER, THOMASSCHWEICKERW EG 2 SCHWAEBISCH HALL, 74523 GERMANY | | 08-13555 (JMP) | 43374 | $220,115.50 | ROETHER, THOMAS SCHWEICKERWEG 2 SCHWAEBISCH HALL, 74523 GERMANY | | 08-13555 (JMP) | 43369 | $220,115.50 |
| 15 | SCHWERDTFEGEN, WOLFGANG AND ANNETTEAM HAMMBACH 1 DORSTEN, 46284 GERMANY | | 08-13555 (JMP) | 35203 | $8,517.89 | SCHWERDTFEGER, MARVIN C/O NABER PC 300 CENTRAL AVENUE SUITE 320 GREAT FALLS, MT 59401 | | 08-13555 (JMP) | 57822 | $8,678.77 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 181: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 16 | TADA, KATSUMIC/O SHINSEI BANK LIMITED ATTN: AKIRA OISHI DEPUTY GENERAL MANAGER, WEALTH MANAGEMENT DIVISION 1-8 INCHISAIWAICHO 2 CHOME CHIYODA KU TOKYO, 100-8501 JAPAN | | 08-13555 (JMP) | 60870 | $18,939,518.21 | SHINSEI BANK, LIMITED AS COLLATERAL ASSIGNEE ATTN: AKIRA OISHI DEPUTY GENERAL MANAGER, WEALTH MANAGEMENT DIVISION 4-3 NIHONBASHI-MUROMACHI 2-CHROME CHUO-KU, TOKYO, 103-8303 JAPAN | | 08-13555 (JMP) | 60869 | $18,939,518.21 |
| 17 | TODAKA MINING CO., LTD.6-7 GONOMOTO-MACHI TSUKUMI CITY OITA PREF, JAPAN | | 08-13555 (JMP) | 67255 | $8,337,965.54 | TODAKA MINING CO., LTD. 6-7 GONOMOTO-MACHI TSUKUMI CITY OITA PREF, JAPAN | | 08-13555 (JMP) | 67254 | $10,571,653.12 |
| | | | | TOTAL | $465,699,652.17 | | | | | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

----------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

Upon the one hundred eighty-first omnibus objection to claims, dated August 19, 2011 (the "One Hundred Eighty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim, ECF No. 6664 (the "Procedures Order"), to disallow and expunge the Duplicative LPS Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the One Hundred Eighty-First Omnibus Objection to Claims; and due and proper notice of the One Hundred Eighty-First Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Eighty-First Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Eighty-First Omnibus Objection to Claims.

set forth in the One Hundred Eighty-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Eighty-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (*i.e.*, the Duplicative LPS Claims) are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative LPS Claims shall be treated as having been filed in support of the corresponding Surviving Claims; and is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative LPS Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative LPS Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative LPS Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE