---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE ONE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8093.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Penny P. Reid
Ralph I. Miller

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED EIGHTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

   **PLEASE TAKE NOTICE** that on August 19, 2011, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their one hundred eighty-second omnibus

objection to claims (the "Debtors' One Hundred Eighty-Second Omnibus Objection to Claims"),

and that a hearing (the "Hearing") to consider the Debtors' One Hundred Eighty-Second

Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at**

**10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Eighty-Second Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert Lemons, Esq., Penny Reid,

Esq., and Ralph Miller, Esq.); (iii) the Office of the United States Trustee for the Southern

District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn:

Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official

committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than

**September 20, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

          **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Eighty-Second Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Eighty-Second Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 19, 2011
      New York, New York

          /s/ Robert J. Lemons
          Robert J. Lemons
          Penny P. Reid
          Ralph I. Miller

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

**HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Penny P. Reid
Ralph I. Miller

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                               :        Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :        08-13555 (JMP)
                                                    :
                          Debtors.                  :        (Jointly Administered)
-------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED EIGHTY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8093.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### **Relief Requested**

        1.    The Debtors file this one hundred eighty-second omnibus objection

to claims (the "One Hundred Eighty-Second Omnibus Objection to Claims") pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking entry of an order reducing, reclassifying (in certain instances), and allowing the

claims listed on Exhibit A annexed hereto.

        2.    The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively,

the "Valued Derivative Claims") should be reduced, reclassified (in certain instances),

and allowed on the basis that the amounts listed on the proofs of claim are greater than

the fair, accurate, and reasonable values determined by the Debtors after a review of the

claimant's supporting documentation and the Debtors' books and records; and that the

claim classifications, in certain instances, improperly assert secured, administrative

expenses or priority claims.  The Debtors, therefore, request that the Court reduce, as

appropriate, each such claim to the amount listed on Exhibit A under the column heading

"*Modified Amount*"; reclassify, as appropriate, each claim to the classification listed under the column heading "*Modified Class*"; and allow each such claim only to the extent of such modified amount and classification.

3.      The Debtors reserve all their rights to object on any other basis to any Valued Derivative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order,

3

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

       8.     On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ."  (Bar Date Ord. at 7.)  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ."  (*Id.* at 8.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

       9.     Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract.  Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee.

10.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Valued Derivative Claims Should be Reduced, Reclassified and Allowed**

11.    In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as being claims that should be reduced, reclassified (in certain instances), and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records; and that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim.

12.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.    The Valued Derivative Claims listed on Exhibit A should be reduced and allowed in the amount listed on Exhibit A under the column heading "*Modified Amount*" because the asserted claim amount is greater than the fair, accurate,

5

and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records. In certain instances, the Valued Derivative Claims listed on <u>Exhibit A</u> should be reclassified to the classifications listed under column heading "*Modified Class*" because the classifications are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim.

14.    The Debtors have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors and based on a Derivative Contract[1] ("<u>Derivative Claims</u>") in order to determine the fair, accurate, and reasonable value of such claims, and the proper classification of such claims, for purposes of settlement (the "<u>Proposed Settlement Amount and Classification</u>").  In order to determine the Proposed Settlement Amount and Classification, the Debtors:  (i) collect and review documents related to the relevant Derivative Claim including, but not limited to, the relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments already received, made, or missed; and (iii) review the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]  In their efforts to

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Ord. at 6.)

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the

determine the Proposed Settlement Amount and Classification, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

15.    Once the Debtors have determined the Proposed Settlement Amount and Classification with respect to a particular Derivative Claim, it is presented to the Debtors' Settlement Adjudication Committee (the "Committee") for final approval. The Committee, comprised of senior management of the Debtors and Alvarez & Marsal, reviews the work done to arrive at the Proposed Settlement Amount and Classification and approves or disapproves the Proposed Settlement Amount and Classification.  If the Proposed Settlement Amount and Classification presented to the Committee is less than the amount included in the corresponding Derivative Claim, or different from the classification included in the corresponding Derivative Claim, the Debtors will seek approval to object to such claim.

16.    The Debtors have undertaken this lengthy process with respect to each of the Valued Derivative Claims listed on Exhibit A, and have concluded that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant; and that the Valued Derivative Claim (in certain instances) should be reclassified from a secured, administrative expense or priority claim, to an unsecured claim.  Despite the Debtors' efforts at negotiating this Proposed Settlement Amount and Classification, the Debtors and the holders of the

---

Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

Valued Derivative Claims have reached an impasse.  Holders of the Valued Derivative

Claims should not be allowed to recover more than the true and proper value of their

claims, nor should the holders of the Valued Derivative Claims be allowed secured,

administrative expenses or priority claims when they hold general unsecured claims.

Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these

claims, the Debtors request that the Court reduce each Valued Derivative Claim to the

amount listed on Exhibit A under the column heading "*Modified Amount*" and allow each

such claim only to the extent of such modified amount.  In addition, the Debtors request

that the Court reclassify the Valued Derivative Claims listed on Exhibit A to the

classifications listed under the column heading "*Modified Class*" to reflect that the

classifications in the specified claims are improperly identified as secured, administrative

expenses or priority claims on claimants' proofs of claim and such claims are reclassified

as general unsecured claims.

## Notice

17.    No trustee has been appointed in these chapter 11 cases.  The

Debtors have served notice of this One Hundred Eighty-Second Omnibus Objection to

Claims on:  (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) the claimants listed on

Exhibit A attached to this One Hundred Eighty-Second Omnibus Objection to Claims;

and (vii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

8

administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no

other or further notice need be provided.

      18.    No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

      WHEREFORE the Debtors respectfully request entry of an order granting

the relief requested herein and such other and further relief as is just.

Dated:  August 19, 2011
     New York, New York

            /s/ Robert J. Lemons           
            Robert J. Lemons
            Penny P. Reid
            Ralph I. Miller

            WEIL, GOTSHAL & MANGES LLP
            767 Fifth Avenue
            New York, New York 10153
            Telephone: (212) 310-8000
            Facsimile: (212) 310-8007

            Attorneys for Debtors
            and Debtors in Possession

# EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 182: EXHIBIT A – VALUED DERIVATIVES CLAIM**

| | NAME | CLAIM # | FILED DATE | DEBTOR (ASSERTED) | CLASS (ASSERTED) | AMOUNT (ASSERTED) | DEBTOR (MODIFIED) | CLASS (MODIFIED) | AMOUNT (MODIFIED) |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ACCESS GROUP, INC 2007-A INTEREST RATE CAP C/O GEOFFREY S. GOODMAN, ESQ FOLEY & LARDNER LLP 321 NORTH CLARK STREET, SUITE 2800 CHICAGO, IL 60654 | 31630 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured<br><br>Subtotal | Undetermined Undetermined<br><br>Undetermined | Lehman Brothers Special Financing Inc. | Unsecured | $3,500.00 |
| 2 | ACCESS GROUP, INC. 2007-A INTEREST RATE CAP C/O GEOFFREY S. GOODMAN, ESQ. FOLEY & LARDNER LLP 321 NORTH CLARK STREET, SUITE 2800 CHICAGO, IL 60654 | 32023 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $3,500.00 |
| 3 | ANNIE E. CASEY FOUNDATION, THE C/O BANK OF NEW YORK MELLON, THE ATTN: CHRISTINE CARR SMITH 50 FREMONT STREET, SUITE 1600 SAN FRANCISCO, CA 94015 | 22041 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,885,637.27* | Lehman Brothers Special Financing Inc. | Unsecured | $1,885,637.27 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 182: EXHIBIT A – VALUED DERIVATIVES CLAIM

| | NAME | CLAIM # | FILED DATE | DEBTOR (ASSERTED) | CLASS (ASSERTED) | AMOUNT (ASSERTED) | DEBTOR (MODIFIED) | CLASS (MODIFIED) | AMOUNT (MODIFIED) |
|---|------|---------|------------|--------|-------|--------|--------|-------|--------|
| 4 | ANNIE E. CASEY FOUNDATION, THE C/O BANK OF NEW YORK MELLON, THE ATTN: CHRISTINE CARR SMITH 50 FREMONT STREET, SUITE 1600 SAN FRANCISCO, CA 94015 | 22042 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,885,637.27* | Lehman Brothers Holdings Inc. | Unsecured | $1,885,637.27 |
| 5 | ARES ENHANCED CREDIT OPPORTUNITIES MASTER FUND LP STATE STREET BANK ATTN: JONATHAN LONG 200 CLARENDON STREET, 6TH FLOOR BOSTON, MA 02116 | 21851 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $22,635,513.41 | Lehman Brothers Special Financing Inc. | Unsecured | $22,507,308.76 |
| 6 | CASPIAN CAPITAL PARTNERS LP C/O MARINER INVESTMENT GROUP LLC ATTN: JOHN C. KELTY 500 MAMARONECK AVENUE, SUITE 101 HARRISON, NY 10528 | 26223 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,002,581.95* | Lehman Brothers Special Financing Inc. | Unsecured | $1,199,681.95 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 182: EXHIBIT A – VALUED DERIVATIVES CLAIM

| | NAME | CLAIM # | FILED DATE | DEBTOR (ASSERTED) | CLASS (ASSERTED) | AMOUNT (ASSERTED) | DEBTOR (MODIFIED) | CLASS (MODIFIED) | AMOUNT (MODIFIED) |
|---|---|---|---|---|---|---|---|---|---|
| 7 | CATHOLIC HEALTHCARE WEST ATTN: JEAN W. HAM, DIRECTOR OF DEBT MANAGEMENT 185 BERRY STREET, SUITE 300 SAN FRANCISCO, CA 94107 | 67145 | 10/25/2010 | Lehman Brothers Special Financing Inc. | Unsecured | $18,717,643.65 | Lehman Brothers Special Financing Inc. | Unsecured | $13,101,419.00 |
| 8 | CHINA DEVELOPMENT IND BANK ATTN: OPERATION DEPARTMENT, BEATRICE CHOU, NANCY LIANG, ALVIE CHUANG CHINA DEVELOPMENT INDUSTRIAL BANK 125 NANJING EAST ROAD, SECTION 5 TAIPEI, 10504 REPUBLIC OF CHINA | 14329 | 09/16/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $485,733.00 | Lehman Brothers Special Financing Inc. | Unsecured | $121,528.72 |
| 9 | COUNTY OF DUPAGE, ILLINOIS, THE ATTN: FREDERIC BACKFIELD 421 NORTH COUNTY FARM RD. WHEATON, IL 60187 | 19235 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,901,750.00* | Lehman Brothers Holdings Inc. | Unsecured | $1,405,943.14 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 182: EXHIBIT A – VALUED DERIVATIVES CLAIM

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 10 | COUNTY OF DUPAGE, ILLINOIS, THE ATTN: FREDERIC BACKFIELD 421 NORTH COUNTY FARM RD. WHEATON, IL 60187 | 19236 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,901,750.00* | Lehman Brothers Special Financing Inc. | Unsecured | $1,405,943.14 |
| 11 | EFG EUROBANK ERGASIAS SA C/O K&L GATES LLP ATTN: JEFFREY N. RICH, ESQ. 599 LEXINGTON AVENUE NEW YORK, NY 10022 | 26246 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured Subtotal | $1,498,211.02 $1,468,630.42 $2,966,841.44 | Lehman Brothers Special Financing Inc. | Unsecured | $362,745.12 |
| 12 | INVESCO VAN KAMPEN EQUITY AND INCOME FUND TRANSFEROR: VAN KAMPEN EQUITY AND INCOME FUND C/O INVESCO, LTD; STRADLEY RONON STEVENS & YOUNG, LLP PAUL A. PATTERSON, ESQ. & JULIE M. MURPHY, ESQ. 2600 ONE COMMERCE SQUARE PHILADELPHIA, PA 19103 | 27104 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $810,393.00* | Lehman Brothers Special Financing Inc. | Unsecured | $810,393.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 182: EXHIBIT A – VALUED DERIVATIVES CLAIM

| | NAME | CLAIM # | FILED DATE | DEBTOR (ASSERTED) | CLASS | AMOUNT | DEBTOR (MODIFIED) | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 13 | MARINER OPPORTUNITIES FUND LP ATTN: JOHN KELTY C/O MARINER INVESTMENT GROUP, LLC 500 MAMARONECK AVENUE, SUITE 101 HARRISON, NY 10528 | 23766 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,168,674.82* | Lehman Brothers Special Financing Inc. | Unsecured | $1,355,743.57 |
| 14 | MTR CORPORATION LIMITED MTR HEADQUARTERS BUILDING, TELFORD PLAZA KOWLOON BAY ATTN: MS. GILLIAN MELLER, LEGAL MANAGER - GENERAL KOWLOON, HONG KONG | 14613 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $923,008.00* | Lehman Brothers Holdings Inc. | Unsecured | $800,000.00 |
| 15 | MTR CORPORATION LIMITED ATTN: MS. GILL MELLER, LEGAL MANAGER-GENERAL MTR HEADQUARTERS BUILDING, TELFORD PLAZA KOWLOON BAY, KOWLOON, HONG KONG | 14632 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Secured Unsecured<br><br>Subtotal | Undetermined $901,520.00*<br><br>Undetermined | Lehman Brothers Special Financing Inc. | Unsecured | $800,000.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 182: EXHIBIT A – VALUED DERIVATIVES CLAIM

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 16 | NEW YORK CITY MUNICIPAL WATER FINANCE AUTHORITY ATTN: THOMAS PAOLICELLI, EXECUTIVE DIRECTOR 75 PARK PLACE NEW YORK, NY 10007 | 42909 | 10/21/2009 | Lehman Brothers Special Financing Inc. | Secured | $16,155,404.00* | Lehman Brothers Special Financing Inc. | Unsecured | $11,835,680.00 |
| 17 | PENNSYLVANIA CONVENTION CENTER AUTHORITY, THE MADELINE APOLLO VICE PRESIDENT OF FINANCE ONE CONVENTION CENTER PLACE 1101 ARCH STREET PHILADELPHIA, PA 19107-2299 | 3589 | 04/01/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $8,275,462.00 | Lehman Brothers Special Financing Inc. | Unsecured | $7,342,912.77 |
| 18 | PRU ALPHA FIXED INCOME OPPORTUNITY MASTER FUND I LP ATTN: TERENCE DUNN PO BOX 32339 GATEWAY CENTER 2, 3RD FLOOR NEWARK, NJ 07102 | 16855 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $9,174,597.13* | Lehman Brothers Special Financing Inc. | Unsecured | $8,445,254.61 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 182: EXHIBIT A – VALUED DERIVATIVES CLAIM

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 19 | PRU ALPHA FIXED INCOME OPPORTUNITY MASTER FUND I LP ATTN: TERENCE DUNN PO BOX 32339 GATEWAY CENTER 2, 3RD FLOOR NEWARK, NJ 07102 | 16859 | 09/18/2009 | Lehman Brothers Holdings Inc. | Secured Unsecured<br><br>Subtotal | Undetermined $9,174,597.13*<br><br>Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $8,445,254.61 |
| 20 | PULSAR RE, LTD. CANON'S COURT 22 VICTORIA STREET ATTN: SUSAN FURMAN HAMILTON, HM 12 BERMUDA | 12711 | 09/15/2009 | Lehman Brothers Special Financing Inc. | Secured | $1,175,000.00 | Lehman Brothers Special Financing Inc. | Unsecured | $450,000.00 |
| 21 | ROBECO FIXED INCOME STRATEGIES SPC IN RESPOECT OF SEGREGATED PORTFOLIO A ATTN: MR. A. KLEP & MR. M. STOFFERS COOLSINGEL 120 3011  AG  ROTTERDAM, NETHERLANDS | 14413 | 09/16/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,103,152.32* | Lehman Brothers Holdings Inc. | Unsecured | $1,079,927.31 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 182: EXHIBIT A – VALUED DERIVATIVES CLAIM

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 22 | ROBECO FIXED INCOME STRATEGIES SPC, IN RESPECT OF SEGREGATED PORFOLIO A ATTN: MR. A. KLEP & MR. M. STOFFERS COOLSINGEL 120 3011 AG ROTTERDAM, NETHERLANDS | 14409 | 09/16/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,103,152.32* | Lehman Brothers Special Financing Inc. | Unsecured | $1,079,927.31 |
| 23 | STEVEN G. HOLDER LIVING TRUST C/O ROBERT D. ALBERGOTTI HAYNES & BOONE LLP 2323 VICTORY AVENUE, SUITE 700 DALLAS, TX 75219 | 16482 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,287,433.00* | Lehman Brothers Special Financing Inc. | Unsecured | $2,000,000.00 |
| 24 | WINDERMERE PRIVATE PLACEMENT I S.A. C/O TMF MANAGEMENT LUXEMBOURG S.A. ATTN: FREDERIC LAHAYE 1 ALLEE SCHEFFER LUXEMBOURG, L-2520 LUXEMBOURG | 34226 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,786,463.46* | Lehman Brothers Holdings Inc. | Unsecured | $176,780.87 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 182: EXHIBIT A – VALUED DERIVATIVES CLAIM

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 25 | WINDERMERE PRIVATE PLACEMENT I S.A. C/O TMF MANAGEMENT LUXEMBOURG S.A. ATTN: FREDERIC LAHAYE 1 ALLEE SCHEFFER LUXEMBOURG, L-2520 LUXEMBOURG | 34227 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,786,463.46* | Lehman Brothers Special Financing Inc. | Unsecured | $176,780.87 |
| | | | | | TOTAL | $115,208,408.63 | | TOTAL | $88,681,499.29 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :        **08-13555 (JMP)**
                                                    :
                          **Debtors.**              :        **(Jointly Administered)**
---------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the one hundred eighty-second omnibus objection to claims, dated

August 19, 2011 (the "One Hundred Eighty-Second Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter

11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the

"Procedures Order"), seeking to reduce, reclassify (in certain instances), and allow the

Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are

greater than the fair, accurate, and reasonable values determined by the Debtors after a

review of the claimants' supporting documentation and the Debtors' books and records,

and that the classifications (in certain instances) are improperly identified as secured,

administrative expenses or priority claims on claimants' proofs of claim, all as more fully

described in the One Hundred Eighty-Second Omnibus Objection to Claims; and due and

proper notice of the One Hundred Eighty-Second Omnibus Objection to Claims having

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Debtors' One Hundred Eighty-Second Omnibus Objection to Claims.

been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the

United States Attorney for the Southern District of New York; (vi) the claimants listed on

Exhibit A attached to the One Hundred Eighty-Second Omnibus Objection to Claims;

and (vii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9653]; and it appearing that no

other or further notice need be provided; and the Court having found and determined that

the relief sought in the One Hundred Eighty-Second Omnibus Objection to Claims is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the One Hundred Eighty-Second Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Eighty-Second

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount" and reclassified to the classification listed under

the column heading "Modified Class"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the One

Hundred Eighty-Second Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2011
　　　　New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE