HEARING DATE AND TIME: October 5, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 PM (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' ONE HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
|---|---|---|
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY EMPLOYEE CLAIMS)

**PLEASE TAKE NOTICE** that on August 19, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred seventy-third omnibus objection to claims (the "Debtors' One Hundred Seventy-Third Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Seventy-Third

Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 AM (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Seventy-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **September 20, 2011 at 4:00 PM (prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Seventy-Third Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Seventy-Third Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 19, 2011
      New York, New York

                            /s/ Robert J. Lemons
                            Robert J. Lemons

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

**HEARING DATE AND TIME: October 5, 2011 at 10:00 AM (Eastern Time)**
**RESPONSE DEADLINE: September 20, 2011 at 4:00 PM (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED SEVENTY-THIRD OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY EMPLOYEE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED SEVENTY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

1

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Relief Requested

1. The Debtors file this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which the Debtors have no liability.

2. The proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Employee Claims") were filed against the Debtors asserting claims for deferred compensation arising out of the claimants' employment with the Debtors, the Debtors' non-Debtor affiliates, or the corporate predecessors to the Debtors or their non-Debtor affiliates. The Debtors have no liability for the compensation-related obligations asserted in the No Liability Employee Claims, and nothing in the Debtors' records, nor in the No Liability Employee Claims, indicates any grounds for liability by any of the Debtors for the deferred compensation claims asserted in the No Liability Employee Claims.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

4. Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

3

### The No Liability Employee Claims Should Be Disallowed and Expunged

9.   Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10.   In their review of the claims filed on the claims register in these chapter 11 cases, the Debtors have identified the No Liability Employee Claims as asserting claims for deferred compensation. Many of the No Liability Employee Claims are based on one or more deferred compensation plans, retirement plans, or deferred compensation agreements entered into or assumed by LBI or other non-Debtor entities. Specific deferred compensation plans identified as bases for claims in the No Liability Employee Claims include, among others, the following: the LBI Executive and Select Employees Plan; the Shearson/American Express Inc. Supplemental Retirement Plan; the Shearson Lehman Brothers Inc. Voluntary Deferred Compensation Plan; the Shearson Lehman Brothers Inc. Deferred Compensation Plan for Financial Consultants; the Shearson Lehman Brothers Inc. LDCP Agreements; the Shearson Lehman Hutton Mortgage Corporation Deferred Compensation Plan; and the Shearson Lehman Brothers Inc. E.F. Hutton Partnership Award Plan (collectively, the "Deferred Compensation Plans"). Copies of the plan documents governing these deferred compensation plans are annexed hereto as <u>Exhibit B</u>. Other No Liability Employee Claims merely state that they are claims for

4

"deferred compensation" but do not identify a specific Deferred Compensation Plan as a basis for the claims. These claims do not provide any further explanation or documentation.

11. A small minority of the No Liability Employee Claims assert that LBHI's alleged deferred compensation obligations are secured by property of the Debtors or based on a guarantee. These proofs of claim, however, do not provide any explanation or documentation to support classifying such claims as secured or based on a guarantee.

12. The Debtors reviewed their records and determined that most of the claimants submitting No Liability Employee Claims were not employees of the Debtors. Moreover, none of the Debtors was ever a party to the Deferred Compensation Plans that form the basis of many of the No Liability Employee Claims, nor did the Debtors ever assume liability for such Deferred Compensation Plans. Nothing in the Debtors' records, nor in the No Liability Employee Claims, indicates any ground for liability by any of the Debtors for the No Liability Employee Claims. Many of the No Liability Employee Claims attached letters and account statements sent by non-Debtor entities evidencing amounts owing to the claimants under the Deferred Compensation Plans; however, a claim against a non-Debtor entity does not result in a claim against, nor a right to payment from, the Debtors.

13. The liabilities asserted in the No Liability Employee Claims are not claims against LBHI or any other Debtor in these chapter 11 cases. Unless the No Liability Employee Claims are disallowed and expunged, parties who do not hold valid claims against the Debtors' estates may nonetheless recover from the Debtors. The Debtors respectfully request the Court enter an order disallowing and expunging the No Liability Employee Claims in their entirety.

## Reservation of Rights

14. The Debtors reserve all their rights to object on any basis to any No Liability Employee Claim or any portion of any No Liability Employee Claim for which the Court does not grant the relief requested herein.

## Notice

15. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of the Debtors' One Hundred Seventy-Third Omnibus Objection to Claims, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], on: (i) each claimant listed on <u>Exhibit A</u>; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 19, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

7