**EXHIBIT B**

## ILLUSTRATION OF PAYMENTS

## PURSUANT TO SUBPARAGRAPH 2(a)

The projected payments illustrated in this Exhibit are estimated figures which are subject to later adjustment to account for variations in the interest crediting rate. The rate used to calculate these estimates is the Moody's Crediting Rate for 1989, plus an additional 3 percentage points (12.50%) projected forward to August 9, 2001.

ESTIMATED
ANNUAL
BENEFIT PAYABLE

■

EXHIBIT C

## DEFINITION OF TOTAL DISABILITY FOR PURPOSES OF DEFERRED COMPENSATION AGREEMENT

"Total disability" means incapacity of Employee resulting from bodily injury or disease which prevents Employee from performing substantially all of the work pertaining to the Employee's occupation or any other occupation for which Employee is or may be suited by education, training or experience (the entire and irrecoverable loss of the sight of both eyes or the loss of any two extremities by severance through or above the wrist or ankle joints shall be accepted as constituting total disability), provided that (a) the total disability must (i) have been existing for four months and (ii) not have resulted directly from injuries (x) willfully and intentionally self-inflicted or (y) while Employee was in the military, naval or air force of any country at war, or any auxiliary or civilian non-combatant unit serving with such forces, and (b) Employee has provided such written proof of Employee's total disability as Employer has requested from time to time.

8.  <u>Parties to Agreement</u>  This agreement is between Employee and Shearson Lehman or a subsidiary or affiliate of Shearson Lehman for which Shearson Lehman is acting as agent hereunder, whichever is Employee's actual employer as of the date hereof. If Employee's actual employer changes from Shearson Lehman to a subsidiary or affiliate of Shearson Lehman or from a subsidiary or affiliate of Shearson Lehman to Shearson Lehman or another subsidiary or affiliate of Shearson Lehman, thereafter Employee's employer for purposes of this agreement shall be the new employer.

9.  <u>Binding Effect</u>  This agreement shall be binding upon Employee and Employee's heirs and legal representatives and upon Shearson Lehman and Shearson Lehman's successors and assigns. Employee's rights hereunder, including rights to receive payments, are not assignable.

SHEARSON LEHMAN BROTHERS INC.

By: ███████████████

EMPLOYEE

███████████████

NAME:

5

**EXHIBIT D**

## DESIGNATION OF BENEFICIARY

Pursuant to paragraph 5 of the Deferred Compensation Amendment Agreement dated September 1, 1990 between Shearson Lehman and me, I request that any amount payable to me at or after the time of my death be paid to the following designated beneficiary or beneficiaries as follows:

| Name Of Beneficiary | Relationship To Me | Address Of Beneficiary | % Of Amount To Be Paid To Beneficiary |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

If the foregoing designated beneficiary or one or more of the beneficiaries predeceases me, I request that any amount payable to such designated beneficiary or beneficiaries be paid to the following contingent beneficiary or beneficiaries as follows:

| Name of Contingent Beneficiary | Relationship To Me | Address of Contingent Beneficiary | % of Amount To Be Paid To Contingent Beneficiary |
|---|---|---|---|
| [redacted] | [redacted] | [redacted] | [redacted] |

_____
Date

_____
Signature

**EXHIBIT E**

American Express Company Guarantee of Certain SLH Deferred Compensation Payments (as approved by the American Express Company Board of Directors on June 25, 1990)

The Guarantee shall be subject to these provisions:

1. The Guarantee shall cover payments that become payable under the Plans (as defined) during a period of ten years beginning as of the Effective Time of the Merger, on account balances (whether vested or unvested) as of the Effective Time of the Merger, plus interest-equivalents that will accrue on such account balances during the ten years, except as otherwise provided for in this Exhibit.

2. Excluded from the Guarantee are account balances of participants (i) who are not current, active employees of SLH or its affiliates at the Effective Time of the Merger, (ii) whose employment terminates during the period of the Guarantee for any reason other than death, disability, retirement or involuntary termination without cause or (iii) who, during the period of the Guarantee, violate the Code of Conduct of American Express Company and its subsidiaries, as applicable, or violate any applicable code of conduct or other policies (that relate to matters such as, business ethics, compliance with laws and regulations, and proprietary information and trade secrets).

3. Excluded from the Guarantee are new monies deferred under the Plans after the Effective Time of the Merger and future interest-equivalents credited on such monies.

4. In order to be eligible for the Guarantee, a participant in the ESEP and the Lehman Program must elect to accept certain amendments to the ESEP and the Lehman Program as approved by the Compensation, Benefits and Nominating Committee of the Company.

5. An exception to the 10-year time limit on the Guarantee is under the ESEP and the Lehman Program (as they will be amended), where a participant may elect 10 annual installment payments beginning in 2001, with the Guarantee covering the account balance for such participant as of the tenth anniversary of the Effective Time of the Merger. The Guarantee on such amount shall expire upon the first date installment payments totaling such guaranteed amount have been made to such a participant.

6. Amexco retains the right to be released from the Guarantee, without recourse by the participants, to the extent it causes an unaffiliated, creditworthy entity to assume the Guarantee in the event of significant changes in legislative, regulatory, tax or accounting conditions.

7. Amexco retains the right to be released from the Guarantee, without recourse by the participants, in the event of, and effective immediately prior to, any amendment or termination of one or more of the Plans or related documents during the period of the Guarantee, which amendment or termination has not been approved in writing by the Chief Executive Officer, the President or an Executive Vice President of the Company.

8. The Chief Executive Officer or the General Counsel of the Company are authorized to interpret, construe and administer the terms and conditions of the Guarantee.

| Office Phone No. | PRINT First Name, Initial, Last Name | |
|---|---|---|
| ██████ | ████████████████ | |
| ment or Branch | ████████████ | Maiden Name |

LEHMAN BROTHERS KUHN LOEB
DEFERRED COMPENSATION PLAN(S) (LDCP)
IRREVOCABLE ELECTION FORM

**INSTRUCTIONS:**

Set forth below are four alternatives Shearson Lehman Brothers Inc. ("Shearson Lehman") is offering to you as an eligible participant in LDCP. By selecting <u>one</u> of the alternatives, you will determine the circumstances under which your participation in LDCP will continue in the future. Each alternative is fully explained in the LDCP summary of alternative amendments enclosed with this form, and you are urged to study all of the alternatives carefully.

Once you have read the summary description and inserted the information requested in the caption above, select <u>one option</u> by checking the box applicable to your choice - do not check more than one box. **This election is binding and irrevocable, and your LDCP deferred compensation agreement(s) will be amended (where applicable) based upon your election.**

If you participate in <u>more than one</u> LDCP deferred compensation agreement ("LDCP Agreement") and you elect one of the amendments to LDCP (Option 2, 3 or 4), the amendment will apply to <u>all</u> of your LDCP Agreements <u>except</u> those under which you are currently receiving payments.

Shearson Lehman will amend your LDCP Agreement(s) to conform with your election (where applicable) and will send you the amendments for execution. Any participant who does not sign and return on a timely basis (i) this election form and (ii) the LDCP amendments will be deemed to have elected Option 1 - namely to remain in the original LDCP.

**Completed election forms must be received by Shearson Lehman no later than November 1, 1990, 5:00 P.M. New York City time - no exceptions will be allowed. Copies sent by facsimile or telecopier will not be accepted.**

<u>Check One Box Below</u>:

Option 1.    (Original LDCP Option)

I agree to remain in the original LDCP with <u>no amendments</u> to my LDCP Agreement(s) and no American Express Company guarantee.

Option 2.    (Retirement Option - 15 installments)

I agree to the following amendments to all my LDCP Agreement(s) not currently in payment status:

(a) The rate used to annually credit interest on my LDCP deferred compensation account(s) will be an adjustable rate (adjusted annually) based on the published "Moody's Corporate Bond Yield Average" plus an additional 3 percentage points (the "Moody's Crediting Rate").

(b) All amounts credited to my LDCP deferred compensation account(s) will be payable, commencing at retirement (as defined in the amended agreement), in 15 substantially equal, annual installments (subject to variations in the Moody's Crediting Rate).

(c) Upon termination of my employment with Shearson Lehman (or its affiliates) for any reason <u>other than</u> disability, retirement, or death, all amounts credited to my deferred compensation account(s) will be payable as soon as practicable in one lump sum.

(d) The total amount of any death payments that may become payable under my LDCP Agreement(s) shall be determined according to the amended LDCP Agreement(s), which will include <u>a projected</u> Moody's Crediting Rate to be used in determining death payments.

(e) Subject to certain limitations, American Express Company will guarantee the collection of all payments under my LDCP Agreement(s), subject to my eligibility for the guarantee in the future.

Option 3.  (Lump Sum 2000 Option)

I agree to the following amendments to all my LDCP Agreement(s) not currently in payment status:

(a) The rate used to annually credit interest on my LDCP deferred compensation account(s) will be an adjustable rate (adjusted annually) based on the Moody's Crediting Rate.

(b) All amounts credited to my LDCP deferred compensation account(s) will be payable in one lump sum on the earlier of (i) August 9, 2000 or (ii) the termination of my employment with Shearson Lehman (or its affiliates) for any reason, <u>other than</u> disability.

(c) The lump sum death payment that may become payable under my LDCP Agreement(s) shall be equal to the <u>projected</u> amount I would have received (in one lump

2

sum) on August 9, 2000. See Option 2(d) above concerning the determination of the death payment.

(d) The amount of each disability payment under my LDCP Agreement(s) shall remain <u>unchanged</u>. However, disability payments would be made only up to the date any of my LDCP deferred compensation account(s) is paid as provided under paragraph 3(b) above.

(e) Subject to certain limitations, American Express Company will guarantee the collection of all payments under my LDCP Agreement(s), subject to my eligibility for the guarantee in the future.

Option 4. (Ten Annual Installments Option)

I agree to the following amendments to all my LDCP Agreement(s) not currently in payment status:

(a) The rate used to annually credit interest on my LDCP deferred compensation account(s) will be an adjustable rate (adjusted annually) based on the Moody's Crediting Rate.

(b) All amounts credited to my LDCP deferred compensation account(s) will be payable in 10 substantially equal, annual installments commencing on the earlier of (i) August 9, 2001 or (ii) termination of my employment with Shearson Lehman (or its affiliates) as a result of death or retirement.

(c) All amounts credited to my LDCP deferred compensation account(s) will be payable in one lump sum upon termination of my employment with Shearson Lehman (or its affiliates) for any reason, other than retirement, death, or disability.

(d) The total amount of any death payments that may become payable under my LDCP Agreement(s) shall be determined according to the amended LDCP Agreement(s), which will include the <u>projected</u> amount I would have received commencing on August 9, 2001. See Option 2(d) above concerning the determination of death payments.

(e) The amount of each disability payment under my LDCP Agreement(s) shall remain <u>unchanged</u>. However, disability payments would be made only up to the date any of my LDCP deferred compensation account(s) commences payment as provided under paragraph 4(b).

(f) Subject to certain limitations, American Express

3

Company will guarantee the collection of all amounts credited to my LDCP deferred compensation account(s) <u>as of August 9, 2000</u> and payable in installments, subject to my eligibility for the guarantee in the future. Each installment payment will be deemed to consist entirely of the LDCP account balance(s) as of August 9, 2000 until the guaranteed amount is fully paid out. The guarantee will <u>not</u> apply to interest earnings on my LDCP deferred compensation account(s) after August 9, 2000.

LDCP Participant

Signature

Please Print Name

Date: _____

---

Return this completed form in the enclosed, self-addressed envelope to Shearson Lehman Brothers Inc.
Pension-Deferred Compensation Department
388 Greenwich Street, 7th Floor
New York, New York 10013

4

# Deferred Compensation Agreement Amendment
# The Retirement Option

WHEREAS, Shearson Lehman Brothers Inc. ("Shearson Lehman") is the successor in interest to Lehman Brothers Kuhn Loeb Incorporated and its predecessors ("LBKLI"); and

WHEREAS, LBKLI for itself and as agent for certain of its subsidiaries entered into, from time to time, certain deferred compensation agreements with its employees (collectively the "LDCP Agreements"); and

WHEREAS, ▮▮▮▮▮▮▮▮▮▮▮ ("Employee") entered into 1 LDCP Agreement(s) with LBKLI; and

WHEREAS, Shearson Lehman for itself and as agent for certain of its subsidiaries has offered and Employee has accepted certain amendments to the LDCP Agreement(s).

NOW THEREFORE, it is agreed as follows:

1. <u>Deferred Compensation</u>  Certain compensation, the aggregate amount of which is set forth in Exhibit A to this agreement, has been deferred according to the terms and conditions of one or more previous LDCP Agreement(s). All of such compensation (and credited interest) will continue to be deferred according to the terms and conditions of this agreement and the LDCP Agreement(s) to the extent still applicable.

2. <u>Retirement Payments</u>

    (a)   If Employee is living on the date that the payments to Employee provided for in this subparagraph (a) are to commence, Shearson Lehman shall make fifteen substantially equal, annual payments to Employee or Employee's designated beneficiary as follows:

        (i)   The first of these payments shall be made on the date that Employee retires at age 65 (or, if later, his actual retirement from Shearson

1

Lehman) or on any earlier date of employment termination after Employee reaches age 55 and, subject to the consent of the Administrative Committee of Board of Directors of Shearson Lehman ("Administrative Committee"), submission of an irrevocable letter by the Employee designating the date payments should commence. If the Administrative Committee does not consent to the Employee's designated date of commencement, the payments will commence as soon as practicable after such termination.

(ii) The remaining fourteen payments shall be made on the fourteen succeeding anniversary dates of the date such payments commence as provided in clause (i) above.

(iii) If these payments commence when Employee reaches age 65, the amount of each payment shall be approximately the amount specified in Exhibit B to this agreement.[1] Payments which commence either after or before age 65 shall be determined in a similar manner.

(b) If Employee dies prior to the date that payments to Employee provided for in subparagraph (a) above are to commence, Shearson Lehman shall make fifteen substantially equal, annual payments to Employee's designated beneficiary in an amount equal to the sum of (i) the value of the Employee's deferred compensation account at the beginning of the month in which death occurs and (ii) the projected increase in the date of death value of the account up to age 65 and over the installment payment period based upon the Moody's Crediting Rate in effect for the last full calendar year before death. The first of these payments shall be made as soon as practicable after Shearson Lehman receives appropriate notice and proof of Employee's death, and the remaining payments shall be made on the fourteen succeeding anniversary dates of the first of such payments.

(c) If Employee becomes totally disabled (as defined in one or more of his

---

[1] The payments set forth in Exhibit B are estimated figures which are subject to later adjustment to account for variations in the interest crediting rate. For purposes of this agreement, the interest crediting rate for any calendar year will be the published Moody's Corporate Bond Yield Average, plus an additional 3 percentage points (the "Moody's Crediting Rate").

2

respective LDCP Agreement(s), each definition of which is attached hereto as Exhibit C) prior to retirement, in addition to any other disability benefits to which Employee may be entitled Shearson Lehman shall pay Employee the amounts set forth in each of his LDCP Agreement(s) from the date Employee ceases to be an employee under such LDCP Agreement(s) because of total disability until the earlier of Employee's death or the date the payments to Employee provided for in subparagraph (a) above are to commence but in no event after attainment of age 65.

3.   <u>Payments Prior to Retirement, Death or Disability</u>    If Employee's employment with Shearson Lehman terminates for any reason other than death, disability or retirement, Shearson Lehman shall have no obligation of any kind under the LDCP Agreement(s) or hereunder except to pay Employee, in a single lump sum as promptly as practicable after termination, the value of Employee's deferred compensation account (described in subparagraph 4(a)) as of August 31, 1990, plus all interest accrued thereon at the Moody's Crediting Rate beginning on September 1, 1990 through the last day of the month preceding payment.

4.   <u>Miscellaneous Provisions</u>    Employee understands and agrees that:

(a)   Shearson Lehman shall establish a deferred compensation account to which will be credited all amounts of deferred compensation under the LDCP Agreement(s) and all interest credited thereon.

(b)   Shearson Lehman is not assuring Employee of continued employment by Shearson Lehman during all or any part of the period covered by this agreement or otherwise.

(c)   This agreement and all other LDCP Agreement(s) which became effective previously shall be interpreted and construed by the Administrative Committee and the determination of the Administrative Committee as to any disputed question shall be conclusive.

(d)   Any controversy arising out of this agreement or the LDCP Agreement(s) shall be settled by arbitration pursuant to the Constitution and Rules of the New York Stock Exchange, Inc.

3

(e)     Any provisions of the LDCP Agreement(s) which are not amended by this agreement shall remain in full force and effect. However, any inconsistencies or ambiguities between this agreement and the LDCP Agreement(s) shall be resolved by the provisions and interpretations of this agreement.

5.    Beneficiary Designation     Employee may designate a beneficiary or beneficiaries entitled to receive any of the payments to be made by Shearson Lehman hereunder if Employee dies. This designation, which is attached hereto as Exhibit D, may be revoked or changed by Employee at any time. Any such designation, revocation or change shall be in writing, signed by Employee and delivered to Shearson Lehman. If Employee does not designate a beneficiary (or contingent beneficiary) to which payments are to be made after the death of Employee, or if any designated beneficiary (or contingent beneficiary) for payments does not survive Employee, payments by Shearson Lehman subsequent to the death of Employee shall be made to Employee's estate. If a designated beneficiary (or contingent beneficiary) survives Employee but dies prior to the completion of the payments contemplated to be made hereunder to such beneficiary, the unpaid portion of those payments shall be paid by Shearson Lehman to the designated beneficiary's estate or if applicable to the contingent beneficiary's estate.

6.    American Express Company Guarantee    Attached hereto as Exhibit E is a copy of the American Express Company guarantee which will apply in certain circumstances to the collection by the participant of his deferred compensation payments due under this agreement amending the LDCP Agreement(s). The provisions of such guarantee will be governed solely by reference to the terms of Exhibit E as approved by the American Express Company board of directors.

7.    Effective Date     Upon proper execution by the parties, this agreement shall become effective as of September 1, 1990.

8.    Parties to Agreement    This agreement is between Employee and Shearson Lehman or a subsidiary or affiliate of Shearson Lehman for which Shearson Lehman is acting as agent hereunder, whichever is Employee's actual employer as of the date hereof. If Employee's actual employer changes from Shearson Lehman to a subsidiary or affiliate

4

of Shearson Lehman or from a subsidiary or affiliate of Shearson Lehman to Shearson Lehman or another subsidiary or affiliate of Shearson Lehman, thereafter Employee's employer for purposes of this agreement shall be the new employer.

9.   <u>Binding Effect</u>   This agreement shall be binding upon Employee and Employee's heirs and legal representatives and upon Shearson Lehman and Shearson Lehman's successors and assigns. Employee's rights hereunder, including rights to receive payments, are not assignable.

**SHEARSON LEHMAN BROTHERS INC.**

By: _____

EMPLOYEE

_____
NAME: ███████████████

5

<u>EXHIBIT A</u>

NAME: ███████████████

1. TOTAL AMOUNT DEFERRED UNDER THE

   LDCP PLAN #2             

       TOTAL