HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' ONE HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JAE KIM, AT (212) 310-8150.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                        :    Chapter 11 Case No.
                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :    08-13555 (JMP)
                                             :
                    Debtors.                 :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED EIGHTY-THIRD
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CMBS CLAIMS)**

**PLEASE TAKE NOTICE** that on August 22, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred eighty-third omnibus objection to claims (the "Debtors' One Hundred Eighty-Third Omnibus Objection to Claims"), and that a

US_ACTIVE:\43746037\04\58399.0008

hearing (the "Hearing") to consider the Debtors' One Hundred Eighty-Third Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Eighty-Third Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **September 20, 2011 at 4:00 p.m. (Eastern**

**Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Eighty-Third Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Eighty-Third Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 22, 2011
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                          :     Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :     08-13555 (JMP)
                                               :
                       Debtors.                :     (Jointly Administered)
---------------------------------------------------------------x

**DEBTORS' ONE HUNDRED EIGHTY-THIRD**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CMBS CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE DEBTORS' ONE HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JAE KIM, AT (212) 310-8150.**

---

US_ACTIVE:\43746037\04\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Preliminary Statement**

1. The proofs of claim listed on Exhibit A attached hereto (the "No Liability CMBS Claims") should be disallowed and expunged because the Debtors have no contractual relationship, privity, or other obligation with or to the claimants and, therefore, have no liability for the claims.

2. The No Liability CMBS Claims are all filed by holders of securities (the "Security Holders") that are issued by non-debtor securitization trusts (the "Trusts"). These securitization trusts purchased commercial mortgage loans from the Debtors and issued securities collateralized by receipts of payments of interest or principal on the loans. The Debtors did not issue the securities to the Security Holders and are not liable for any payments to the holders of such securities or any other obligations of the Trusts. Accordingly, the Debtors have no liability to the Security Holders.

**Relief Requested**

3. The Debtors file this one hundred eighty-third omnibus objection to claims (the "One Hundred Eighty-Third Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the

"Procedures Order"), ECF No. 6664, seeking the disallowance and expungement of the No Liability CMBS Claims on the grounds that the Debtors have no liability for said claims.

4. The Debtors reserve all their rights to object on any basis to any No Liability CMBS Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

6. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

8. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009, ECF No. 2583, the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code, ECF No. 7531.

9. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The No Liability CMBS Claims Should Be Disallowed and Expunged

10. The No Liability CMBS Claims should be disallowed and expunged because there is no contractual relationship between the Security Holders and the Debtors, and the Debtors do not have any liability to the Security Holders.

11. The Debtors sold commercial mortgage loans to the Trusts pursuant to certain loan sale agreements (the "Loan Sale Agreements"). The Security Holders are not party to the Loan Sale Agreements and nothing in any of the Loan Sale Agreements provide any basis for any Security Holder to assert a claim against the Debtors. The Security Holders, as holders of securities issued by the Trusts and pursuant to the indentures, trust agreements, or other documents governing the securities (the "Governing Agreements"), are creditors of the Trusts only. The Governing Agreements do not provide any basis for the Security Holders to assert a claim against the Debtors. There is simply no legal basis for the Security Holders to be entitled to assert a claim against the Debtors.

12. Section 502(b)(1) of the Bankruptcy Code provides that a claim is deemed allowed except to the extent that it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A claim is defined as a "right to payment." 11 U.S.C. § 101(5). The Security Holders have no contractual relationship with, and thus no enforceable right to payment against, the Debtors. If the Debtors have any liability arising out of the Loan Sale Agreements, then that liability is only to the Trusts, the party with whom the Loan Sale Agreements were entered into.

13. Unless the No Liability CMBS Claims are disallowed and expunged, the potential exists for recoveries by parties that do not hold valid claims against the Debtors'

estates.  Thus, the Debtors request that the Court enter an order disallowing and expunging the No Liability CMBS Claims listed on Exhibit A.

### Notice

14.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this One Hundred Eighty-Third Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for Region 2; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635.  The Debtors submit that no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  August 22, 2011
        New York, New York

/s/ Robert J. Lemons
Robert. J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# Exhibit A

**Exhibit A**

## IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 183: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32209 | $280,920.00 | No Liability Claim |
| 2 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67201 | $208,180.00 | No Liability Claim |
| 3 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67202 | $901,898.00 | No Liability Claim |
| 4 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67203 | $849,418.00 | No Liability Claim |
| 5 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67204 | $684,508.00 | No Liability Claim |
| 6 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67205 | $802,988.00 | No Liability Claim |
| 7 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67206 | $2,529,600.00 | No Liability Claim |
| 8 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67207 | $1,975,000.00 | No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 183: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 9 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67208 | $1,540,000.00 | No Liability Claim |
| 10 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67209 | $819,310.00 | No Liability Claim |
| 11 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67211 | $909,516.00 | No Liability Claim |
| 12 | BOILERMAKER-BLACKSMITH NATL PENSION TR<br>756 MINNESOTA AVE<br>KANSAS CITY, KS 66101 | 09-10558 (JMP) | Structured Asset Securities Corporation | 11/16/2010 | 67212 | $2,051,348.00 | No Liability Claim |
| 13 | CAIXAGEST CURTO PRAZO<br>EDIFICIO CAIXA GERAL DE DEPOSITO<br>AV JOAO XXI, NO63 - 2 PISO<br>LISBON, 1000-300<br>PORTUGAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56485 | $2,789,090.35 | No Liability Claim |
| 14 | CAIXAGEST MOEDA<br>EDIFICIO CAIXA GERAL DE DEPOSITO<br>AV JOAO XXI, NO63 - 2 PISO<br>LISBON, 1000-300<br>PORTUGAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56486 | $6,972,725.87 | No Liability Claim |
| 15 | CAIXAGEST RENDA MENSAL<br>EDIFICIO CAIXA GERAL DE DEPOSITO<br>AV JOAO XXI, NO63 - 2 PISO<br>LISBON, 1000-300<br>PORTUGAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56487 | $11,156,361.39 | No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 183: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 16 | CAIXAGEST RENDIMENTO<br>EDIFICIO CAIXA GERAL DE DEPOSITO<br>AV JOAO XXI, NO63 - 2 PISO<br>LISBON, 1000-300<br>PORTUGAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56488 | $11,853,633.98 | No Liability Claim |
| 17 | CAIXAGEST TESOURARIA<br>EDIFICIO CAIXA GERAL DE DEPOSITO<br>AV JOAO XXI, NO63 - 2 PISO<br>LISBON, 1000-300<br>PORTUGAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56489 | $6,972,725.87 | No Liability Claim |
| 18 | FP CAIXA REFORMA ACTIVA<br>EDIFICIO CAIXA GERAL DE DEPOSITO<br>AV JOAO XXI, NO63-2 PISO<br>LISBON, 1000-300<br>PORTUGAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/29/2009 | 56484 | $2,091,817.76 | No Liability Claim |
| 19 | INTER-LOCAL PENSION FUND, THE<br>455 KEHO BLVD.<br>SUITE 100<br>CAROL STREAM, IL 60188 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/22/2009 | 31735 | Undetermined | No Liability Claim |
| 20 | INTER-LOCAL PENSION FUND, THE<br>455 KEHOE BLVD.<br>SUITE 100<br>CAROL STREAM, IL 60188 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31736 | Undetermined | No Liability Claim |
| 21 | PHOENIX EDGE SERIES FUND: PHOENIX<br>STRATEGIC ALLOCATION SERIES<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST.  8TH FLOOR<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 20773 | Undetermined | No Liability Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 183: EXHIBIT A – NO LIABILITY CLAIMS

|    | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|----|------|-------------|-------------|------------|---------|---------------------|----------------------------------|
| 22 | PHOENIX EDGE SERIES FUND: PHOENIX MULTI-SECTOR FIXED INCOME SERIES<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST. 8TH FLOOR<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26169 | Undetermined | No Liability Claim |
| 23 | PHOENIX EDGE SERIES FUND: PHX MULTI-SECTOR SHORT TERM BOND SERIES<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST. 8TH FLOOR<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26151 | Undetermined | No Liability Claim |
| 24 | PLUMBERS LOCAL 98 DEFINED BENEFIT FUND<br>700 TOWER DR.<br>TROY, MI 48098 |  | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 32053 | $559,615.91 | No Liability Claim |
| 25 | VIRTUS BALANCED ALLOCATION FUND<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST., 8TH FL<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26165 | Undetermined | No Liability Claim |
| 26 | VIRTUS BALANCED FUND<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST., 8TH FL<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26170 | Undetermined | No Liability Claim |
| 27 | VIRTUS CORE BOND FUND<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST., 8TH FL<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26168 | Undetermined | No Liability Claim |
| 28 | VIRTUS INCOME & GROWTH FUND<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST., 8TH FL<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26171 | Undetermined | No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 183: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 29 | VIRTUS INSTITUTIONAL BOND FUND<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST., 8TH FL<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26167 | Undetermined | No Liability Claim |
| 30 | VIRTUS MULTI-SECTOR FIXED INCOME FUND<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST., 8TH FL<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26173 | Undetermined | No Liability Claim |
| 31 | VIRTUS MULTI-SECTOR SHORT TERM BOND FUND<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST., 8TH FL<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26174 | Undetermined | No Liability Claim |
| 32 | VIRTUS SHORT / INTERMEDIATE BOND FUND<br>ATTN: JENNIFER KEARNS<br>100 PEARL ST., 8TH FL<br>HARTFORD, CT 06103 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/21/2009 | 26177 | Undetermined | No Liability Claim |
| | | | | | TOTAL | $55,948,657.13 | |

HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                              :     Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :     08-13555 (JMP)
                                                                   :
            Debtors.                                               :     (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CMBS CLAIMS)

Upon the one hundred eighty-third omnibus objection to claims, dated August 22, 2011 (the "One Hundred Eighty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim, ECF No. 6664 (the "Procedures Order"), seeking disallowance and expungement of the No Liability CMBS Claims on the grounds that they assert claims for which the Debtors have no liability, all as more fully described in the One Hundred Eighty-Third Omnibus Objection to Claims; and due and proper notice of the One Hundred Eighty-Third Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for Region 2; (vi) the claimants listed on Exhibit A attached to the One Hundred Eighty-Third Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Eighty-Third Omnibus Objection to Claims.

order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635; and the Court having found and determined that the relief sought in the One Hundred Eighty-Third Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Eighty-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Eighty-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability CMBS Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Liability CMBS Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the One Hundred Eighty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE