**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
**In re**                                                        :    **Chapter 11**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                     :    **Case No. 08-13555 (JMP)**
                                                                 :
          **Debtors.**                                           :    **(Jointly Administered)**
                                                                 :
---------------------------------------------------------------- x

**NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO BANKRUPTCY RULE 3001(e)(2)**

  1.  To:

> **Nomura Securities Co., Ltd.** (the "Transferor")
> Attn: Toshihiko Matsuura
> Managing Director, Transaction Legal Dept.
> 2-2-2 Otemachi, Chiyodaku
> Tokyo, Japan

  2.  Please take notice of the transfer in the amount of $2,383,750 plus all accrued interest, fees, and other recoveries due in respect of your claim against Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 57936 (which is attached hereto as Exhibit A) (the "Claim"), to:

> **The Royal Bank of Scotland plc** (the "Transferee")
> Attn: John Katsikoumbas
> 135 Bishopsgate
> London, EC2M 3UR
> United Kingdom
> Tel: +44 207 085 7778
> E-mail: john.katsikoumbas@rbs.com

  3.  An Evidence of Transfer of the Claim is attached hereto as Exhibit B. All notices and distributions to the Transferee in respect of the Claim should be sent in accordance with the instructions attached hereto as Exhibit C.

  4.  The Transferor has waived all notice and hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure. In addition, the Transferor has stipulated that an order may be entered recognizing its partial transfer and sale of the Claim as an unconditional sale and assignment.

# **EXHIBIT A**

# **PROOF OF CLAIM**

08-13555-mg    Doc 19412    Filed 08/22/11    Entered 08/22/11 16:36:27    Main Document
Pg 2 of 9

| | |
|---|---|
| **United States Bankruptcy Court/Southern District of New York**<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |

| In re:<br>Lehman Brothers Holdings Inc., *et al.*,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000057936

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) Telephone number:

Ruby Finance PLC Series 2004-2
c/o BNY Corporate Trustee Services        with copy to:    Michael J. Venditto
One Canada Square                                         Reed Smith LLP
London E14 5AL                                            599 Lexington Avenue
England                                                   New York, NY 10022

Email Address: dagemea @bnymellon.com            mvenditto@reedsmith.com

☐ Check this box to indicate that this claim amends a previously filed claim.
**Court Claim Number:** _____ (*If known*)
Filed on: _____

Name and address where payment should be sent (if different from above) Telephone number:

Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ **4,767,500.00** (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates. **International Securities Identification Number (ISIN): XS0186349535** (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates. **Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number: 6056787** (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers. **Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: 14037** (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

**FILED / RECEIVED**

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 10/8/09

[signature] Grace Mulvihill

EMEA 155

## Addendum to the Proof of Claim filed for
## Ruby Finance PLC relating to
## Series 2004-2

1.  BNY Corporate Trustee Services Limited, f/k/a J.P. Morgan Corporate Trustee Services Limited (hereinafter, the "Trustee") acts as the trustee for the holders of notes issued under the Multi Issuer Secured Obligation Programme of Dante Finance PLC and other Specified Companies (the "Dante MISOP Programme") arranged by Lehman Brothers International (Europe) pursuant to a trust deed originally entered into on October 10, 2002 with Dante Finance PLC, as amended and restated on January 30, 2004, and supplemented by the Supplemental Trust Deed and Drawdown Agreement on March 4, 2004 (the "Principal Trust Deed").

2.  Ruby Finance PLC ("Issuer") acceded to the Dante MISOP Programme by executing a deed of accession dated January 30, 2004, as the same may have been amended and restated from time to time (the "Deed of Accession").

3.  The Trustee files this proof of claim on behalf of the Issuer pursuant to the authority under the Principal Trust Deed and the Deed of Accession to protect the interests of investors and to preserve claims of the Issuer and the investors with respect to the Lehman Program Securities ("Program Securities") identified in this proof of claim. The Trustee currently holds these Program Securities in its capacity as Trustee.

4.  The Trustee asserts this claim in its capacity as Trustee pursuant to the authority delegated to the trustee under the Dante MISOP Programme documents.

5.  The Trustee reserves the right to amend, modify or supplement this proof of claim as additional information becomes available. The filing of this proof of claim is not a waiver of any substantive right or claim nor a consent to the jurisdiction of the Bankruptcy Court for any purpose other than this proof of claim; and, the Trustee reserves any and all rights, defenses, claims and causes of action.

# **EXHIBIT B**

**EVIDENCE OF TRANSFER OF CLAIM**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **NOMURA SECURITIES CO., LTD.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **THE ROYAL BANK SCOTLAND plc** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest claim relating to ISIN XS0186349535, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 57936 filed by or on behalf of **RUBY FINANCE PUBLIC LIMITED COMPANY** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser

shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 17 day of Aug 20011.

NOMURA SECURITIES CO., LTD.
By: _____
Name:
Title: **Toshihiko Matsuura**
Managing Director
Transaction Legal Dept.
Nomura Securities Co., Ltd.
2-2-2 Otemachi, Chiyodaku,
Tokyo, JAPAN

THE ROYAL BANK OF SCOTLAND plc
By: _____
Name:
Title:

The Royal Bank of Scotland plc
135 Bishopsgate
London EC2M 3UR

Schedule 1

Transferred Claims

Purchased Claim

100% of $2,383,750.00 of $$2,383,750.00 (the outstanding amount of the Proof of Claim as of the date of the *Agreement and Evidence of Transfer*

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| JPY 500 M FRN Series MTN1970 Notes Due 21 March 2011 | XS0186349535 | Lehman Brothers Treasury BV | Lehman Brothers Holding Inc | JPY 250,000,000 | Floating Rate Note | 21 March 2011 | All accrued interest, fees and other recoveries due |

Schedule 1-1

# **EXHIBIT C**

<u>Addresses for Notices</u>:

The Royal Bank of Scotland plc
Attn: John Katsikoumbas
135 Bishopsgate
London, EC2M 3UR
United Kingdom
Tel: +44 207 085 7778
E-mail: john.katsikoumbas@rbs.com

    - and -

Dewey & LeBoeuf LLP
Attn: Irena M. Goldstein
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 259-8000
E-mail: igoldstein@dl.com

<u>Wire Instructions (USD Instructions)</u>:

| | |
|---|---|
| Bank: | JP Morgan Chase Bank, New York |
| Swift: | CHASUS33 |
| Account Number: | 400759136 |
| Swift: | RBOSGB2LGLO - Royal Bank of Scotland GLO, London |
| Reference: | Global Lending Operations / Nomura Trade Claim No. 57936 |