HEARING DATE AND TIME: October 5, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: September 21, 2011 at 4:00 PM (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM FILED BY WESTERNBANK PUERTO RICO.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MARK BERNSTEIN, AT 212-310-8778.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :   08-13555 (JMP)
                                                   :
                              Debtors.             :   (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'**
**ONE HUNDRED ONE HUNDRED EIGHTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (CLAIMS OF WESTERNBANK PUERTO RICO)**

**PLEASE TAKE NOTICE** that on August 22, Lehman Brothers Holdings Inc.

("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in

possession (collectively, the "Debtors"), filed their one hundred eighty-fourth omnibus objection

to claims (the "Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Debtors' One Hundred Eighty-Fourth Omnibus

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **October 5, 2011 at 10:00 AM (prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq.); so as to be so filed and received by no later than **September 21, 2011 at 4:00 PM (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims or

any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims, which order may be entered

with no further notice or opportunity to be heard offered to any party.

Dated: August 22, 2011
       New York, New York

                                     /s/ Robert J. Lemons
                                     Robert J. Lemons

                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for Debtors
                                     and Debtors in Possession

**HEARING DATE AND TIME: October 5, 2011 at 10:00 AM (Eastern Time)**
**RESPONSE DEADLINE: September 21, 2011 at 4:00 PM (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,             :   08-13555 (JMP)
                                                   :
                        Debtors.                   :   (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' ONE HUNDRED EIGHTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (CLAIMS OF WESTERNBANK PUERTO RICO)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM FILED BY WESTERNBANK PUERTO RICO.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MARK BERNSTEIN, AT 212-310-8778.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

1. The Debtors file this omnibus objection to claims (the "One Hundred Eighty-Fourth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the

1

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims asserted by Westernbank Puerto Rico ("Westernbank") for which the Debtors have no liability.

2. The proofs of claim listed on Exhibit A (collectively, the "Westernbank Claims") were filed against the Debtors by Westernbank based upon alleged liabilities of Lehman Brothers Inc. ("LBI") to Westernbank. The Westernbank Claims are based on transactions involving a repurchase agreement (the "Repurchase Agreement") between Westernbank and LBI pursuant to which LBI purchased securities from Westernbank, subject to Westernbank's obligation to repurchase the securities at a later date. Westernbank asserts that the securities related to the Repurchase Agreement may have been sold by LBI to Barclays Bank PLC pursuant to a repurchase agreement between LBI and Barclays Bank PLC ("Barclays"), entered into on September 18, 2008 (the "Barclays Repo"). The Westernbank Claims further assert that consideration paid by Barclays for assets of LBI acquired in connection with its purchase of Lehman's North American capital markets and investment banking businesses pursuant to the Asset Purchase Agreement, dated as of September 16, 2008 (the "APA") may have been diverted to the Debtors. Westernbank provides no support or evidence for these assertions in the claims it filed against 20 Debtors in the amount of approximately $140 million each.

3. The sale of Lehman's North American capital markets and investment banking businesses to Barclays, and the allocation of consideration paid by Barclays, was approved by the Court on September 19, 2008 [Docket No. 258] (the "Sale Order").

Furthermore, after a 37-day evidentiary hearing, the Court denied the motions of the Debtors, the SIPC Trustee (as defined below) and the Creditors' Committee (as defined below) seeking reconsideration of the Sale Order. Notwithstanding the foregoing, even if consideration paid by Barclays was inappropriately allocated between the Debtors and LBI, such claim belongs solely to LBI. Westernbank, as an alleged creditor of LBI, does not have standing to raise such a claim or to recover any amounts from the Debtors on such grounds. Therefore, Westernbank's claims against the Debtors should be disallowed and expunged.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI. A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

3

8. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

9. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## The Westernbank Claims Should Be Disallowed and Expunged

10. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. In their review of the claims filed on the claims register in these chapter 11 cases, the Debtors have identified the Westernbank Claims as claims for which the Debtors are not liable. The Westernbank Claims are based on alleged liability of LBI under the Repurchase Agreement between Westernbank and LBI whereby LBI was obligated to resell to Westernbank, and Westernbank was obligated to repurchase from LBI certain securities. None of the Debtors

4

is a party to the Repurchase Agreement and, as such, no liability of the Debtors arises under the agreement.

12. Westernbank asserts claims of approximately $140 million against 20 of the Debtors to preserve its alleged right to recover from the Debtors to the extent any consideration paid by Barclays in connection with either the APA or the Barclays Repo was "diverted to" the Debtors.

13. But, Westernbank is not entitled to collect any amounts from the Debtors for several reasons. *First*, none of the Debtors is a party to the Repurchase Agreement and therefore the Debtors have no liability for the asserted obligations of LBI. *Second*, there is no indication that the Debtors received consideration under the APA that could be attributed to LBI assets or securities governed by the Repurchase Agreement. *Third*, the APA was approved by the Court pursuant to the Sale Order. In addition, matters relating to the Sale Order have been subject to further litigation, after which the Court refused to modify the Sale Order. Further, even if the Debtors received consideration under the APA or the Barclays Repo, any potential claim against the Debtors would belong solely to LBI. Westernbank is a creditor of LBI. Even if LBI did have a claim against a Debtor, Westernbank is not entitled to recover from the Debtors on such ground.

14. Unless the Westernbank Claims are disallowed and expunged, parties who do not hold valid claims against the Debtors' estates may nonetheless recover from the Debtors. The Debtors respectfully request the Court enter an order disallowing and expunging the Westernbank Claims in their entirety.

**Reservation of Rights**

15.  The Debtors reserve all rights to object on any basis to any No Liability Claim as to which the relief requested herein is not granted.

**Notice**

16.  No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Westernbank, and (viii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 22, 2011
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

6

# EXHIBIT A

| Claim Number | Claimant | Debtor | Date | Amount of Claim |
|---|---|---|---|---|
| 16302 | Westernbank Puerto Rico | Lehman Brothers Derivative Products Inc. | 9/18/2009 | $139,276,230.40 |
| 16303 | Westernbank Puerto Rico | Lehman Commercial Paper Inc. | 9/18/2009 | $139,276,230.40 |
| 16304 | Westernbank Puerto Rico | Lehman Brothers Commercial Corporation | 9/18/2009 | $139,276,230.40 |
| 16305 | Westernbank Puerto Rico | Lehman Brothers Financial Products Inc. | 9/18/2009 | $139,276,230.40 |
| 16306 | Westernbank Puerto Rico | Lehman Scottish Finance L.P. | 9/18/2009 | $139,276,230.40 |
| 16307 | Westernbank Puerto Rico | CES Aviation LLC | 9/18/2009 | $139,276,230.40 |
| 16308 | Westernbank Puerto Rico | CES Aviation V LLC | 9/18/2009 | $139,276,230.40 |
| 16309 | Westernbank Puerto Rico | CES Aviation IX LLC | 9/18/2009 | $139,276,230.40 |
| 16310 | Westernbank Puerto Rico | East Dover Limited | 9/18/2009 | $139,276,230.40 |
| 16311 | Westernbank Puerto Rico | Luxembourg Residential Properties Loan Finance S.a.r.l. | 9/18/2009 | $139,276,230.40 |
| 16312 | Westernbank Puerto Rico | BNC Mortgage LLC | 9/18/2009 | $139,276,230.40 |
| 16313 | Westernbank Puerto Rico | Structured Assets Securities Corporation | 9/18/2009 | $139,276,230.40 |
| 16314 | Westernbank Puerto Rico | LB Rose Ranch LLC | 9/18/2009 | $139,276,230.40 |
| 16315 | Westernbank Puerto Rico | LB 2080 Kalakaua Owners LLC | 9/18/2009 | $139,276,230.40 |
| 16483 | Westernbank Puerto Rico | Lehman Brothers Holdings Inc. | 9/18/2009 | $139,276,230.40 |
| 16484 | Westernbank Puerto Rico | LB 745 LLC | 9/18/2009 | $139,276,230.40 |
| 16485 | Westernbank Puerto Rico | PAMI Stater Arms LLC | 9/18/2009 | $139,276,230.40 |
| 16486 | Westernbank Puerto Rico | Lehman Brothers Commodity Services Inc. | 9/18/2009 | $139,276,230.40 |
| 16487 | Westernbank Puerto Rico | Lehman Brothers Special Financing Inc. | 9/18/2009 | $139,276,230.40 |
| 16488 | Westernbank Puerto Rico | Lehman Brothers OTC Derivatives Inc. | 9/18/2009 | $139,276,230.40 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                   :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :    08-13555 (JMP)
                                                        :
                    Debtors.                            :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' ONE HUNDRED EIGHTY-FOURTH OMNIBUS
OBJECTION TO CLAIMS (CLAIMS OF WESTERNBANK PUERTO RICO)**

Upon the one hundred eighty-fourth omnibus objection to claims, dated August 22, 2011 (the "Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Westernbank Claims on the basis that the Debtors have no liability for such claims, all as more fully described in the Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims; and due and proper notice of the Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors'

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims.

2

One Hundred Eighty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' One Hundred Eighty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Westernbank Claims are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to reflect the Westernbank Claims as disallowed and expunged pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: July_____, 2011
       New York, New York

3