**Form 210A (12/09)**

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings, Inc.                    Case No. 08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| SecondMarket, Inc. | Carnegie Bank A/S |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to the transferee should be sent:
SecondMarket, Inc.
Attn. Andrew Gottesman
26 Broadway, 12th Floor
New York, NY 10004

Court Claim # (if known): 50055
Amount of Claim as Filed: $37,087,154
Amount of Claim Transferred: $4,059,712
Date Claim Filed: 10/27/2009

Phone: 212-825-1052
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above):
SecondMarket, Inc.
Attn. Gina Guarnaccia
26 Broadway, 12th Floor
New York, NY 10004

Phone: 212-668-4103
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _[signature]_                                    Date: 8/23/2011
Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

AGREEMENT AND EVIDENCE OF TRANSFER
OF CLAIM LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Carnegie Bank A/S**, as agent for its customers as specified at Schedule 2 hereto ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **SecondMarket, Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent as specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50055 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule

3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.   Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.   Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.   Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). **By signing this Agreement, Seller and Purchaser agree that all controversies arising under or relating to this Agreement between Seller and Purchaser, and any of their respective successors or assigns, and any of their officers, directors, employees or agents, whether arising prior to, on, or subsequent to the date hereof, shall be finally settled by binding arbitration conducted in the English language at the facilities of the Financial Industry Regulatory Authority (FINRA) located in New York, NY USA, before an arbitration panel appointed by FINRA and pursuant to the FINRA Code of Arbitration Procedure, which is incorporated by reference herein. The award of the arbitrators, or of the majority of them, shall be final, and judgment upon the award rendered may be entered in any court having competent jurisdiction.** Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

2

AGREEMENT AND EVIDENCE OF TRANSFER Carnigie to SM w Schedules - final



8. Carnegie Bank represents that it is authorized by the Sellers to enter into the transactions contemplated hereby, and that any and all governmental or regulatory licenses, approvals, registrations or permissions required under applicable law in order for Carnegie Bank to conduct the transactions contemplated hereby have been granted or issued and are in full force and effect.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 4 day of ~~June~~ August, 2011.

**CARNEGIE BANK**, A/S as agent for
its customers as specified at Schedule 2 hereto,
and for itself for purposes of Paragraph 8.

By: _____
Name: Claus Gregersen        Allan Juhl Jensen
Title: CEO                   Head of Private Banking

Address:
Overgaden Neden Vandet 9 B
DK-1414 København K

**SECONDMARKET, INC.**

By: _____
Name: Chris C. Chakford
Title: Managing Director

Address:
26 Broadway, Floor 12
New York, New York 10004
USA

3

AGREEMENT AND EVIDENCE OF TRANSFER Carnigie to SM w Schedules - final

## SCHEDULE 1

Transferred Claims

Purchased Claim

$4,059,712 of $37,087,154 (the outstanding amount of the Proof of Claim as of June 20, 2011) together with interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| DKK 71,570,000 FX Linked Notes | DK0030068242 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD $1,518,085 (DKK 8,000,000) | FX-linked Interest | December 16, 2010 | USD $173,463 (DKK 914,111) |
| DKK 108,530,000 Index-Linked Notes relating to the Dow Jones Eurostoxx 50® Index | DK0030072194 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD $2,125,317 (DKK 11,200,000) | Index-linked Interest | December 17, 2009 | USD $242,847 (DKK 1,279,756) |

AGREEMENT AND EVIDENCE OF TRANSFER Carnegie to SM - 0719:1