**Hearing Date and Time: September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: September 7, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Andrew J. Levander
Kathleen N. Massey
Adam J. Wasserman

Attorneys for Michael Ainslie, John F. Akers, Roger S.
Berlind, Thomas H. Cruikshank, Marsha Johnson Evans,
Sir Christopher Gent, Roland A. Hernandez, Henry
Kaufman and John D. Macomber

*[Also filed by Richard S. Fuld, Jr., Christopher
M. O'Meara, Joseph M. Gregory, Erin Callan, Ian T.
Lowitt, David Goldfarb, Herbert McDade, III,
Thomas Russo and Mark Walsh]*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x
                                       :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

--------------------------------------------------------------x

## NOTICE OF INSURED PERSONS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY TO SETTLE THE NEW JERSEY ACTION

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Richard S.

Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Erin Callan, Ian T. Lowitt, David

Goldfarb, Herbert H. McDade, III, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers,

Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland

A. Hernandez, Henry Kaufman and John D. Macomber (collectively, the "Insured Persons"), for

relief from the automatic stay, to the extent applicable, to permit the third-party insurers of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases (the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") to

make payments in connection with a certain settlement agreement, all as more fully described in

the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge,

at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601,

One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **September 14,**

**2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York,

shall set forth the name of the objecting party, the basis for the objection and the specific grounds

thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order

M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy

Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in

Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing

format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Dechert LLP, 1095 Avenue of the Americas, New York, New York, 10036,

Attn: Adam J. Wasserman, Esq., attorneys for Michael Ainslie, John F. Akers, Roger S. Berlind,

Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez,

Henry Kaufman and John D. Macomber; (iii) Allen & Overy LLP, 1221 Avenue of the

Americas, New York, New York, 10020, Attn: Patricia M. Hynes, Esq., attorneys for Richard S.

Fuld, Jr.; (iv) Sills Cummis & Gross, LLP, 30 Rockefeller Plaza, New York, New York, 10112,

Attn: Jeffrey J. Greenbaum, Esq., attorneys for Christopher M. O'Meara, Joseph M. Gregory, Ian

T. Lowitt, David Goldfarb, Herbert McDade, III and Thomas Russo; (v) Proskauer Rose, 11

Times Square, New York, New York, 10036, Attn: Robert J. Cleary, Esq., attorneys for Erin

Callan; (vi) Spears & Imes LLP, 51 Madison Avenue, New York, New York, 10010, Attn: David

Spears, Esq., attorneys for Mark Walsh; (vii) Weil Gotshal & Manges LLP, 767 Fifth Avenue,

New York, New York 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (viii)

the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Andy Velez-

Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., and Linda Riffkin, Esq.; (ix)

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq., attorneys for

the official committee of unsecured creditors appointed in these cases; (x) Walker Wilcox

Matousek LLP, 225 W. Washington Street, Chicago, Illinois 60606, Attn: James Huberty, Esq.

and Paul F. Matousek, Esq., attorneys ACE Bermuda Insurance Ltd.; and (xi) Bailey Cavalieri

LLC, One Columbus, 10 West Broad St. Suite 2100, Columbus, Ohio 43215, Attn: Thomas E.

Geyer, Esq. and Robert Eblin, Esq., attorneys for St. Paul Mercury Insurance Company, so as to

be so filed and received by no later than **September 7, 2011 at 4:00 p.m. (Prevailing Eastern**

**Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 24, 2011
     New York, New York

DECHERT LLP
Andrew J. Levander
Kathleen N. Massey
Adam J. Wasserman

1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-8099

Attorneys for Michael Ainslie, John F.
Akers, Roger S. Berlind, Thomas H.
Cruikshank, Marsha Johnson Evans, Sir
Christopher Gent, Roland A. Hernandez,
Henry Kaufman and John Macomber

ALLEN & OVERY LLP
Patricia M. Hynes
Todd S. Fishman
Molly C. Spieczny

1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

Attorneys for Richard S. Fuld, Jr.

*Jeffrey J. Greenbaum*

SILLS CUMMIS & GROSS, P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb

30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

Attorneys for Christopher M. O'Meara,
Joseph M. Gregory, Ian T. Lowitt, David
Goldfarb, Herbert H. McDade, III, and
Thomas Russo

*Mark E. Davidson*

PROSKAUER ROSE
Robert J. Cleary
Mark E. Davidson
Seth David Fier

11 Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Attorneys for Erin Callan

*David Spears*

SPEARS & IMES LLP
David Spears
Laurie F. Richardson

51 Madison Avenue
New York, New York 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849

Attorneys for Mark Walsh

14207289.1.LITIGATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                      :

**In re**                             :           **Chapter 11 Case No.**

                                       :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :          **08-13555 (JMP)**

                                       :

                    **Debtors**         :           **(Jointly Administered)**

                                       :

-------------------------------------------------------------------x

## [PROPOSED] ORDER GRANTING INSURED PERSONS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY <u>TO SETTLE THE NEW JERSEY ACTION</u>

Upon the motion, dated August 24, 2011 (the "<u>Motion</u>"), of Richard S. Fuld, Jr.,

Christopher M. O'Meara, Joseph M. Gregory, Erin Callan, Ian T. Lowitt, David Goldfarb,

Herbert H. McDade, III, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers, Roger S.

Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A.

Hernandez, Henry Kaufman and John D. Macomber (collectively, the "<u>Insured Persons</u>"),

pursuant to section 362(d) of title 11 to the United States Code (the "<u>Bankruptcy Code</u>") and

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for an

order modifying the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the

extent applicable, to allow the Excess Policy Insurers[1] to make a payments in connection with

the terms of a settlement agreement and supplemental stipulation (the "<u>Settlement Agreement</u>")

relating to the action *The State of New Jersey, Department of Treasury, Division of Investment v.*

*Fuld et al.*, No. 10 Civ. 05201 (LAK), as more fully described in the Motion; and the Court

having jurisdiction to consider the Motion and the relief requested therein in accordance with 28

---

[1]       Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided in accordance with the procedures set forth in the second amended order entered on

June 17, 2010, governing case management and administrative procedures for these cases

[Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Debtors; (iii) the attorneys for the Official Committee of Unsecured Creditors;

(iv) attorneys for New Jersey; (v) the Securities and Exchange Commission; (vi) the Internal

Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii)

all parties who have requested notice in these chapter 11 cases; and (ix) attorneys for ACE

Bermuda and St. Paul Mercury, and it appearing that no other or further notice need be provided;

and a hearing having been held to consider the relief requested in the Motion; and the Court

having found and determined that the relief sought in the Motion is in the best interests of the

Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; that modifying the

automatic stay will not harm the Debtors' estates, and that any rights the Debtors have to the

proceeds are contractually subordinated to the rights of the individual Insureds pursuant to the

priority of payments clause; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Motion is granted; and it is further

2

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow the Excess Policy Insurers to pay the Settlement Amount provided for in the Settlement Agreement on behalf of the Insured Persons in accordance with the terms of the Excess Insurance Policies; and it is further

ORDERED that the Insured Persons and the Debtors are authorized to execute all documentation necessary to allow the Excess Policy Insurers to fund the Settlement Amount on behalf of the Insured Persons pursuant to the Settlement Agreement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Excess Policy Insurers, the Debtors or the Insured Persons provided for under the terms and conditions of the Excess Insurance Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and defenses with respect to the Excess Insurance Policies that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: September ___, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

14207299.1.LITIGATION

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Andrew J. Levander
Kathleen N. Massey
Adam J. Wasserman

Attorneys for Michael Ainslie, John F. Akers, Roger S.
Berlind, Thomas H. Cruikshank, Marsha Johnson Evans,
Sir Christopher Gent, Roland A. Hernandez, Henry
Kaufman and John D. Macomber

[*Also filed by Richard S. Fuld, Jr., Christopher
M. O'Meara, Joseph M. Gregory, Erin Callan, Ian T.
Lowitt, David Goldfarb, Herbert McDade, III,
Thomas Russo and Mark Walsh*]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                  :

In re                                 :        Chapter 11 Case No.
                                    :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)

                Debtors.        :        (Jointly Administered)
                                    :
-------------------------------------------------------x

## INSURED PERSONS' MOTION, PURSUANT TO
## SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER
## MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT
## PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY
## TO SETTLE THE NEW JERSEY ACTION

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Erin Callan,

Ian T. Lowitt, David Goldfarb, Herbert H. McDade, III, Thomas Russo, Mark Walsh, Michael

Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir

Christopher Gent, Roland A. Hernandez, Henry Kaufman and John D. Macomber (collectively,

the "Insured Persons"), former and current officers and directors of Lehman Brothers Holdings

Inc. ("LBHI") and/or its affiliated debtors in the above-referenced chapter 11 cases (the

"Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this motion and

respectfully represent:

### Preliminary Statement

1.        On nine prior occasions, the Court has modified the automatic stay

provided for under section 362(a) of title 11 of the United States Code (the "Bankruptcy Code"),

to the extent applicable, to remove any impediments to payment by certain of the Debtors'

insurers of directors and officers coverage of a judgment, settlement amounts or defense costs or

fees that current or former directors, officers, and employees of the Debtors incurred or were

incurring as defendants in ongoing lawsuits, arbitration proceedings, and regulatory or other

investigations.[1]  By this Motion, the Insured Persons seek identical relief to assure ACE

Bermuda Insurance Ltd. subscribing to policy number LEHM-11742D ("ACE Bermuda"), the

Debtors' sixth level excess insurer under the Debtors' 2007-2008 directors' and officers' liability

insurance program or, if ACE Bermuda has exhausted its applicable limits of liability, St. Paul

Mercury Insurance Company subscribing to policy number 590CM2698 ("St. Paul Mercury");

---

[1] *See* Orders dated March 25, 2009 [Docket No. 3220] (modifying the automatic stay to allow advancement of defense costs with respect to XL Specialty Insurance Company); November 23, 2009 [Docket No. 5906] (modifying the automatic stay to allow payment of settlement amounts by XL Specialty Insurance Company and Federal Insurance Company); December 17, 2009 [Docket No. 6297] (modifying the automatic stay to allow payment of settlement amounts by XL Specialty Insurance Company and Federal Insurance Company); August 20, 2010 [Docket No. 10945] (modifying the automatic stay to allow advancement of defense costs with respect to Continental Casualty Company, Certain Underwriters at Lloyd's, London and London Market Company, and U.S. Specialty Insurance Company (HCC)); November 18, 2010 [Docket No. 12896] (modifying the automatic stay to allow advancement of defense costs with respect to Zurich American Insurance Company, ACE Bermuda Insurance Ltd, St. Paul Mercury Insurance Company, XL Specialty Insurance Company and Federal Insurance Company); November 18, 2010 [Docket No. 12895] (modifying the automatic stay to allow payment of settlement amounts by Certain Underwriters at Lloyd's, London and London Market Company); January 13, 2011 [Docket No. 13929] (modifying the automatic stay to allow payment of settlement amount by U.S. Specialty Insurance Company and Zurich American Insurance Company); March 23, 2011 [Docket No. 15277] (modifying the automatic stay to allow payment of settlement amounts by Zurich American Insurance Company); July 21, 2011 [Docket No. 18691] (modifying the automatic stay to allow payment of an arbitral award by Zurich American Insurance Company and ACE Bermuda Insurance Ltd.) (collectively, the "Prior Stay Orders").

the Debtors' seventh level excess insurer under the Debtors' 2007-2008 directors' and officers'

liability insurance program or, if St. Paul Mercury has exhausted its applicable limits of liability,

the appropriate subsequent insurer or insurers that are paying under the Debtors' 2007-2008

directors' and officers' liability insurance program (together with ACE Bermuda and St. Paul

Mercury, the "Excess Policy Insurers"),[2] that they are authorized to make a settlement payment

in the amount of $8,250,000 (the "Settlement Amount") in connection with a settlement

agreement between the State of New Jersey, Department of Treasury, Division of Investment

("New Jersey") and the Insured Persons, in the action *The State of New Jersey, Department of*

*Treasury, Division of Investment v. Richard S. Fuld, Jr., et al.*, 10 Civ. 05201 (LAK), pending in

the United States District Court for the Southern District of New York (the "New Jersey

Action"), without concern that, if the automatic stay is otherwise applicable, they are violating

the automatic stay.

    2.      For Claims[3] made against individual Insureds during the period from May

16, 2007 to May 16, 2008 (the "Policy Period"), the Debtors purchased a primary D&O

insurance policy from XL Specialty Insurance Company ("XL," and said policy the "2007-2008

Primary D&O Policy") plus additional excess insurance coverage for this period from a number

of other carriers of up to $250 million in the aggregate.  The excess policies, including the

policies of the Excess Policy Insurers (the "Excess Insurance Policies"), are all "follow form"

policies governed by the terms, conditions, limitations and exclusions of the 2007-2008 Primary

---

[2] Copies of the primary D&O Policy, together with the ACE Bermuda and St. Paul Mercury policies (among others), were attached to the *Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code, For An Order Modifying the Automatic Stay To Allow Advancement Under (I) 2007 2007-2008 Directors And Individual Defendants Insurance Policies By Zurich American Insurance Company, Ace Bermuda Insurance Ltd. And St. Paul Mercury Insurance Company, And (II) 2008-2009 Directors And Individual Defendants Insurance Policies By XL Specialty Insurance Company And Federal Insurance Company* [Docket No. 12369] (the "Zurich Comfort Motion"), and are incorporated herein by reference.

[3] Capitalized terms that are used but not otherwise defined herein shall have the meanings ascribed to them in the Excess Insurance Policies.

D&O Policy, and subject to additional independent terms and conditions set forth in the Excess

Insurance Policies, such as Limits of Liability, and attach only after all Loss within the

respective Limits of Liability of the underlying policies have been paid.

3.       Confirming the Excess Policy Insurers' ability to make the proposed

settlement payment is in the best interests of the Debtors' estates and creditors because, *inter

alia*, the interests of the Debtors' estates, if any, in the proceeds of the Excess Insurance Policies

are expressly subordinate to the interest of the individual Insureds.  Specifically, the Excess

Insurance Policies provide that the Debtors have a right to the insurance proceeds only after the

individual Insureds are fully reimbursed for any "Loss," including defense costs and settlement

payments.  As such, granting the relief requested by this Motion is unlikely to have any adverse

effect on the Debtors' estates and creditors.  Moreover, validating that the Excess Policy Insurers

are authorized to fund certain settlement payments without violating the automatic stay will also

eliminate or reduce potential indemnification claims that may be asserted against the Debtors.

Accordingly, granting the relief requested herein is in the best interest of the Debtors' estates and

creditors.

### Background

4.       Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced

voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The

Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being

jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

4

5.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

7.    On July 1, 2011, the Debtors filed a second amended joint chapter 11 plan and disclosure statement [Docket Nos. 18204 and 18205].

8.    The New Jersey Action was originally filed in New Jersey state court, captioned *The State of New Jersey, Department of Treasury, Division of Investment v. Richard S. Fuld, Jr., et al.*, Case No. MER-L-677-09 (Superior Court of New Jersey, Law Division, Mercer County). The action was subsequently removed to the U.S. District Court for the District of New Jersey, in an action captioned *The State of New Jersey, Department of Treasury, Division of Investment v. Richard S. Fuld, Jr., et al.*, No. 09-cv-1629 (AET) (D.N.J.). It was then transferred to the U.S. District Court for the Southern District of New York ("District Court") pursuant to a transfer order from the Judicial Panel on Multidistrict Litigation, in an action captioned *The State of New Jersey, Department of Treasury, Division of Investment v. Richard S. Fuld, Jr., et al.*, No. 10-cv-05201-LAK (S.D.N.Y). The action was then coordinated with the master MDL case, *In re: Lehman Brothers Securities and ERISA Litigation*, Master Docket No. 09 MD 2017 (LAK) (S.D.N.Y.), for pretrial proceedings. A First Amended Complaint was filed in the New Jersey Action on or about April 13, 2011.

9.      The settlement agreement between New Jersey and the Insured Persons is conditioned upon, *inter alia*, the Bankruptcy Court entering a Final order authorizing relief from the automatic stay.

## Jurisdiction

10.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

11.      The Insured Persons seek the entry of an order granting relief from the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent that it applies, to allow the Excess Policy Insurers to pay the Settlement Amount of $8,250,000 solely from the available proceeds of the Excess Insurance Policies in accordance with the terms of a settlement agreement (the "Settlement Agreement") between New Jersey and the Insured Persons (together, the "New Jersey Settling Parties"), subject to the terms of the Excess Insurance Policies.

## Waiver of Bankruptcy Rule 4001(A)(3)

12.      As the proceeds of the D&O Policies are finite and, as this Court has observed, these finite proceeds of the D&O Policies may be claimed on a first-come, first-served basis, the Insured Persons request that the Court waive the requirements of Bankruptcy Rule 4001(a)(3) and direct that the order granting the requested relief be effective immediately.

## The Debtors' Directors and Officers Liability Insurance Policies

13.      Pursuant to, inter alia, their advancement and indemnification obligations expressed in their by-laws and certificate of incorporation, the Debtors purchased primary and excess directors' and officers' liability ("D&O") insurance, which provides coverage for the

6

Debtors' current and former officers, directors, and employees in connection with civil, criminal, regulatory and other actions and investigations.

14.        Subject to the terms, conditions, limitations and exclusions of the Excess Insurance Policies, the Excess Policy Insurers cover Loss (defined as Defense Expenses, settlements and judgments, among other things) of $40 million in excess of $85 million incurred as a result of Claims made during the Policy Period for Wrongful Acts allegedly committed by individual Insureds Persons in their capacity as directors, officers, and/or employees of LBHI and certain of its subsidiaries.[4]  Coverage under Insuring Agreement (A) ("Side A") of the Excess Insurance Policies is immediately available to Insured Persons under the Excess Insurance Policies for any Loss resulting from Claims made against them that cannot be advanced or indemnified by the Debtors by reason of their financial insolvency.

15.        Furthermore, the Excess Insurance Policies contain "Priority of Payments" provisions, which provide that when competing claims for coverage under both Insuring Agreement (A) for non-indemnifiable loss, as described above, and Insuring Agreement (B) are made under the Excess Insurance Policies, "the Insurer shall pay that Loss, if any, which the Insurer may be liable to pay on behalf of the Insured Persons under Insuring Agreement (A)... ." Thus, the Excess Insurance Policies, by virtue of Insuring Agreement (A) and the Priority of Payments provisions, provide for the immediate payment of the Settlement Amount on behalf of the individual Insureds ahead of any payment that may be made to the Debtors.

---

[4] As the sixth excess insurer for the Policy Period, ACE Bermuda provides coverage of $25 million in excess of $85 million.  As the seventh excess insurer for the Policy Period, St. Paul Mercury Insurance Company subscribing to policy number 590CM2698 ("St. Paul Mercury") provides coverage of $15 million in excess of $110 million.

## The Action

16.     Both prior to and after the collapse of the Lehman enterprise in September 2008, various securities actions were commenced against certain current and former officers and directors of Lehman in both federal and state courts.

17.     Plaintiff in the New Jersey Action is the State of New Jersey, Department of Treasury, Division of Investment. According to its Amended Complaint, the Division of Investment is one of the largest managers of public pension funds in the United States, and manages investments for at least seven major retirement systems for New Jersey public employees.

18.     The New Jersey Action alleges, *inter alia*, misrepresentations and omissions in Lehman offering materials and/or securities filings, and asserts claims for violations of the Securities Act of 1933 and for violations of New Jersey statutory and common law seeking approximately $192 million in damages. *The State of New Jersey, Department of Treasury, Division of Investment v. Richard S. Fuld, Jr., et al.*, 10 Civ. 05201 (LAK), [Docket No. 89], Am. Compl. ¶ 1.

19.     Neither LBHI nor any of the other Debtors is named as a defendant in the New Jersey Action and none of the Debtors are party to the settlements.

## The Settlement Agreement

20.     In connection with the New Jersey Action, to eliminate the uncertainties, burden, and expense of further litigation, without any admission or concession of any fault, liability, or wrongdoing, the New Jersey Settling Parties, through arms-length negotiations, have agreed to settle all disputes outstanding between them under the terms and conditions set forth in

8

the Settlement Agreement and a supplemental stipulation. The relevant terms of the Settlement

Agreement and supplemental stipulation, as they relate to the Debtors, are as follows:[5]

    (i)    the effectiveness of the Settlement Agreement is subject to entry of an order in the Chapter 11 Cases granting relief from the automatic stay to permit the Excess Policy Insurers to pay the Settlement Amount;

    (ii)    payment of the Settlement Amount of $8,250,000 into an escrow account within ten days following the entry of an order in the Chapter 11 Cases granting the requested relief from the automatic stay;

    (iii)    payment of the Settlement Amount of $8,250,000 from the escrow account to New Jersey within a specific time period following the entry of (a) a final order granting the requested relief from the automatic stay, and (b) a final order barring claims for contribution or indemnification against any Insured Person and the other Releasees based upon, arising from, relating to, or in connection with the New Jersey Released Claims;

    (iv)    dismissal of New Jersey's prior bankruptcy appeal that was commenced on July 20, 2011 [Docket No. 18676] pursuant to the Stipulation Dismissing Appeal filed on July 29, 2011 [Docket No. 18901];

    (v)    the exchange of certain documents and financial information; and

    (vi)    mutual releases between New Jersey and the Insured Persons and other releasees and dismissal with prejudice of all claims against the Insured Persons.

### Cause Exists to Grant the Relief Requested

21.    Pursuant to the Prior Stay Orders, this Court has granted the relief sought

in this Motion, based on rights and obligations *vis-à-vis* the Debtors and the Insured Persons that

are governed by the same terms and conditions as the as the Excess Insurers Policies.

Accordingly, because cause to modify the automatic stay was found to exist under the Prior Stay

Orders, *a fortiori*, such cause exists here as well. If, however, the Insured Persons must

---

[5] To the extent there is an inconsistency between this summary and the Settlement Agreement, the terms of the Settlement Agreement shall control. A copy of the Settlement Agreement has not been attached to this Motion because the Debtors are not parties thereto and the provisions thereof that are relevant to the Debtors are those described in paragraph 20 hereof with respect to the payment of the Settlement Amount from proceeds of the Excess Insurance Policies.

independently demonstrate that such cause exists to allow the Excess Policy Insurers to pay the

Settlement Amount, as described below, it is beyond peradventure that such a modification of the

automatic stay is warranted.

A.      The Proceeds Are Not Property of the Estate

22.     Section 362(a)(3) of the Bankruptcy Code provides for an automatic stay

of any action seeking to obtain possession or exercise control over property of the bankruptcy

estate. It is well settled that insurance policies are property of the estate and covered by the

automatic stay provisions of the Bankruptcy Code. *See MacArthur Co. v. Johns-Manville Corp.,*

837 F.2d 89 (2d Cir 1988). However, courts have distinguished between ownership of a policy

and ownership of the *proceeds* of a policy. While courts have not been uniform in their analysis,

where a policy provides for payment only to a third party – such as payments to officers and

directors under an executive insurance policy – or where the debtor has a right of coverage or

indemnification, but such right is hypothetical or speculative, courts have held that the proceeds

of such policy are not property of the bankruptcy estate. *See, e.g., In re Adelphia Commc'ns*

*Corp.,* 298 B.R. 49, 53 (S.D.N.Y. 2003) (holding that insurance proceeds were not property of

the estate where it had not been suggested that debtors had made any payment for which they

may be entitled to indemnification under policy or that any such payments were then

contemplated); *In re Allied Digital Techs., Corp.,* 306 B.R. 505, 510 (Bankr. D. Del. 2004)

(holding that proceeds of D&O insurance policy were not property of the estate where debtor's

indemnification right under the policy was speculative and direct coverage of debtor under

policy was hypothetical); *In re La World Exposition, Inc.,* 832 F.2d 1391, 1401 (5th Cir. 1987)

(holding that proceeds of a D&O policy belonged only to the officers and directors and,

therefore, were not property of the estate); *In re World Health Alternatives, Inc.,* 369 B.R. 805,

809 (Bankr. D. Del. 2007) (when proceeds of a policy are payable to the directors and officers

10

and not the estate, the proceeds are not property of the estate); *See In re First Cent. Fin. Corp.*, 238 B.R. 9, 18 (Bankr. E.D.N.Y. 1999) (holding that circumstances that may give rise to entity coverage were highly remote and therefore proceeds were not property of estate).

23.    In determining whether proceeds are property of the estate, courts review the "language and scope of the policy at issue." *Allied Digital*, 306 B.R. at 509. See also *In re CyberMedica, Inc.*, 280 B.R. 12, 16 (Bankr. D. Mass. 2002); *In re Jones*, 179 B.R. 450, 455 (Bankr. E.D. Pa. 1995) (respective rights of debtors and non-debtors to insurance proceeds "must be ascertained by reference to the parties' contractual rights pursuant to the interpretation of the pertinent contractual provisions under applicable state law").

24.    The Excess Insurance Policies contain an unambiguous priority of payments endorsement that expressly subordinate any potential rights of the Debtors to proceeds payable under the Excess Insurance Policies to the rights of the individual Insureds. The priority of payment endorsements is an enforceable contractual provision and should be upheld for the benefit of the individual Insureds as intended. *See In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. Apr. 11, 2002) [Docket No. 3278] (holding that priority of payment provision was an enforceable contractual right).[6]

25.    Consistent with the purpose of such policies, the Debtors purchased the Excess Insurance Policies primarily to provide insurance coverage to their officers and directors, including the Insured Persons. *See In re First Cent. Fin. Corp.*, 238 B.R. 9, 16 (Bankr. E.D.N.Y. 1999) ("In essence and at its core, a D&O Policy remains a safeguard of officer and director interests and not a vehicle for corporate protection."). The Debtors' speculative rights to any residual proceeds, which would be payable only in the event that the Debtors indemnified the

---

[6] A copy of the Court's bench ruling in *Enron* is attached hereto at <u>Exhibit A</u>.

11

individual Insureds and which are subject to an express contractual subordination provision, should not alter the conclusion that the proceeds should not constitute property of the Debtors' estates.

B.     Cause Exists to Modify the Automatic Stay, to the Extent
       That it Applies, to Allow Payment of the Settlement Amount.

       26.     Even if the proceeds from the Excess Insurance Policies are determined to be property of the estate, "cause" exists under section 362(d)(1) of the Bankruptcy Code to modify the automatic stay to allow for the payment of the Settlement Amount as required under the Excess Insurance Policies.  It is not uncommon for courts to grant stay relief to allow payment of settlement costs to directors and officers, especially when there is no evidence that direct coverage of the debtor will be necessary.  *See Allied Digital*, 306 B.R. at 513.

       27.     Allowing the Excess Policy Insurers to pay the Settlement Amount will, in fact, benefit the Debtors' estates.  The Debtors have an obligation under their by-laws to advance the settlement costs incurred by the individual Insureds, including the Insured Persons.  If the Excess Policy Insurers are barred from advancing the Settlement Amount due to the enforcement of the automatic stay, the Insured Persons may assert indemnification claims against the Debtors for such amounts.[7]  Consequently, payment of the Settlement Amount under the Excess Insurance Policies will reduce or eliminate the claims that the Insured Persons could assert against the Debtors.

---

[7] Many of the Insured Persons have filed protective claims against LBHI for indemnification and advancement of defense costs (*See, e.g.*, Proof of Claim Nos. 4645, 4646, 4860, 7388, 7389, 7390, 7391, 7392, 32550 [Mr. Gregory]; 12843 [Mr. Goldfarb]; 13060 [Mr. Russo]; 16194 [Mr. Fuld]; 19433 [Mr. O'Meara]; 24721 [Mr. McDade]; 29624 [Mr. Walsh]; 66183 [Mr. Hernandez]; 66184 [Mr. Macomber]; 66185 [Mr. Cruikshank]; 66188 [Mr. Kaufman]; 66189 [Ms. Evans]; 66192 [Mr. Akers]; 66193 [Mr. Ainslie]).

28.    Modifying the automatic stay will not harm the Debtors' estates. As explained above, any rights the Debtors have to the proceeds are contractually subordinated to the rights of the individual Insureds pursuant to the priority of payments clause.

29.    Alternatively, if this Court finds that the Debtors have some interest in the proceeds of the Excess Insurance Policies, the Insured Persons submit that any such interest is nominal and in any event cannot be determined until the Insured Persons' losses have been quantified and paid. Accordingly, cause exists to modify the automatic stay pursuant to section 362(d) of the Bankruptcy Code, to the extent it applies, to allow the Excess Policy Insurers to make payment of the Settlement Amount pursuant to the terms of the Settlement Agreement and subject to the terms of the Excess Insurance Policies.

30.    In making this Motion, neither the Debtors, the Insured Persons, nor the Excess Policy Insurers are waiving any of their respective rights under the Excess Insurance Policies or any other insurance policy. In addition, the Insured Persons are not seeking a determination of the Excess Policy Insurers' obligation to pay any settlement costs under the Excess Insurance Policies. Rather, the Insured Persons seek only the entry of an order modifying the automatic stay, to the extent applicable, to allow the Excess Policy Insurers to make payment of the Settlement Amount.

**Notice**

31.    No trustee has been appointed in these cases. The Insured Persons have served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Debtors; (iii) the attorneys for the Creditors' Committee; (iii) attorneys for New Jersey; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the

13

Southern District of New York; (vii) all parties who have requested notice in these chapter 11 cases; and (viii) attorneys for ACE Bermuda and St. Paul Mercury. The Insured Persons submit that no other or further notice need be provided.

WHEREFORE the Insured Persons respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: August 24, 2011
      New York, New York

                                         DECHERT LLP
                                         Andrew J. Levander
                                         Kathleen N. Massey
                                         Adam J. Wasserman

                                         1095 Avenue of the Americas
                                       New York, New York 10036
                                       Telephone: (212) 698-3500
                                       Facsimile: (212) 698-8099

                                       Attorneys for Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman and John Macomber


                                       ALLEN & OVERY LLP
                                       Patricia M. Hynes
                                       Todd S. Fishman
                                        Molly C. Spieczny

                                       1221 Avenue of the Americas
                                       New York, New York 10020
                                       Telephone: (212) 610-6300
                                       Facsimile: (212) 610-6399

                                       Attorneys for Richard S. Fuld, Jr.

14

SILLS CUMMIS & GROSS, P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb

30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

Attorneys for Christopher M. O'Meara,
Joseph M. Gregory, Ian T. Lowitt, David
Goldfarb, Herbert H. McDade, III, and
Thomas Russo

PROSKAUER ROSE
Robert J. Cleary
Mark E. Davidson
Seth David Fier

11 Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Attorneys for Erin Callan

SPEARS & IMES LLP
David Spears
Laurie F. Richardson

51 Madison Avenue
New York, New York 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849

Attorneys for Mark Walsh

14207303.1.LITIGATION

**EXHIBIT A**

**(*Enron* Bench Ruling)**

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

In the Matter of:

ENRON CORP., ET AL.,

Case No.

01-16034

        Debtor.

------------------------------------------x


        April 11, 2002

        2:00 p.m.

        United States Custom House

        One Bowling Green

        New York, New York


B E F O R E:

        HON. ARTHUR J. GONZALEZ, U.S. BANKRUPTCY JUDGE


Ruling in reference to:  One, the schedules; two,
exclusivity; and three, the D&O insurance issue


Reported by:

Linda D. Noto, RPR, CSR

2

ENRON CORP., ET AL.,

A p p e a r a n c e s:

WEIL, GOTSHAL & MANGES, LLP
       Attorneys for Debtors
       767 Fifth Avenue
       New York, New York 10153-0119

BY:    MARTIN J. BIENENSTOCK, ESQ.
              - and -
       RICHARD L. LEVINE, ESQ.
              - and -
       HANS S. HWANG, ESQ.

WEIL, GOTSHAL & MANGES, LLP
       Attorneys for Debtors
       1501 K Street, N.W., Suite 100
       Washington, D.C. 20005
BY:    DAVID R. BERZ, ESQ.

WEIL, GOTSHAL & MANGES, LLP
       Attorneys for Debtors
       700 Louisiana, Suite 1600
       Houston, Texas 77002
BY:    STEPHEN T. LODEN, ESQ.

OFFICE OF THE ATTORNEY GENERAL - STATE OF TEXAS
       JOHN CORNYN
       Post Office Box 12548
       Austin, Texas 78711-2548
BY:    JEFF BOYD, DEPUTY ATTORNEY
       GENERAL FOR LITIGATION
              - and -
       HAL F. MORRIS, ASSISTANT ATTORNEY
       GENERAL - SENIOR ATTORNEY
       BANKRUPTCY & COLLECTIONS DIVISION

3

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

THOMPSON & KNIGHT LLP
      Attorneys for Dunhill Group
      1700 Pacific Avenue, Suite 3300
      Dallas, Texas 75201
BY:   DAVID M. BENNETT, ESQ.


CARRINGTON COLEMAN SLOMAN & BLUMENTHAL L.L.P.
      Attorneys for Kenneth Lay
      200 Crescent Court, Suite 1500
      Dallas, Texas 75201-1848
BY:   RUSSELL F. NELMS, ESQ.


CADWALADER, WICKERSHAM & TAFT
      Attorneys for PG&E
      100 Maiden Lane
      New York, New York 10038
BY:   EDWARD A. SMITH, ESQ.

4

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

CLIFFORD CHANCE ROGERS & WELLS LLP
        Attorneys for PE&E, GTN
        200 Park Avenue
        New York, New York 10166-0153
BY:    WENDY ROSENTHAL, ESQ.


REED SMITH LLP
        Attorneys for The Wiser Oil Company
        375 Park Avenue, 17th Floor
        New York, New York 10152
BY:    DEBORAH A. REPEROWITZ, ESQ.


McCLAIN & SIEGEL, P.C.
        Attorneys for The Employment
        Related Issues Committee
        909 Fannin, Suite 4050
        Houston, Texas 77010


BY:    DAVID McCLAIN, ESQ.

5

ENRON CORP., ET AL.,
A p p e a r a n c e s:  (Continued)

KRONISH LIEB WEINER & HELLMAN, LLP
        Attorneys for The Employee
        Related Issues Committee
        1114 Avenue of the Americas
        New York, New York 10036-7798

BY:    RONALD R. SUSSMAN, ESQ.


BARRY A. BROWN, ESQ.
        Attorney for Upstream Energy Services
        as agent for the gas producers
        The Arena Tower, Suite 1100
        7322 Southwest Freeway
        Houston, Texas 77074


ARTER & HADDEN, LLP
        Attorneys for AEGIS Insurance
        101 West Broad Street, Suite 2100
        Columbus, Ohio  43215-3422

BY:    DAN A. BAILEY, ESQ.

6

ENRON CORP., ET AL.,

A p p e a r a n c e s:  (Continued)

PHILLIPS NIZER, LLP
        Attorneys for AEGIS
        600 Old Country Road
        Garden City, New York  11530-2011
BY:   LOUIS A. SCARCELLA, ESQ.


TOGUT, SEGAL & SEGAL LLP
        Attorneys for Enron et al
        One Penn Plaza
        New York, New York  10119
BY:   FRANK A. OSWALD, ESQ.
            -and-
        SCOTT RATNER, ESQ.


NICKENS, LAWLESS & FLACK, L.L.P.
        Attorneys for Officers Regarding
        Insurance Carriers
        1000 Louisiana Street, Suite 5360
        Houston, Texas 77002


BY:   JACK C. NICKENS, ESQ.

7

ENRON CORP., ET AL.,
A p p e a r a n c e s:  (Continued)

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
 Attorneys for Appaloosa Management L.P.,
 Oaktree Capital Management, LLC,
 Angelo Gordon & Co., L.P.,
 Elliott Associates, L.P.
 1633 Broadway
 New York, New York  10019-6799

BY: RICHARD F. CASHER, ESQ.

GOLUB & GOLUB, LLP
 Attorneys for Rio Piedras
 225 Broadway, Suite 1515
 New York, New York  10007

BY: CHRISTOPHER P. BRUNDAGE, ESQ.
  - and -
 FRANK JAKLITSCH, ESQ.

MILBANK, TWEED, HADLEY & MCCLOY LLP
 Attorneys for Official Comm. of the
 Unsecured Creditors Committee
 1 Chase Manhattan Plaza
 New York, New York  10005-1413
BY: LUC A. DESPINS, ESQ.
  - and -
 MATTHEW BARR, ESQ.

8

ENRON CORP., ET AL.,

A p p e a r a n c e s:  (Continued)


DALTON GOTTO SAMSON & KILGARD
        Attorneys for Tittle
        Suite 900, National Bank Plaza
        3101 N. Central Avenue
        Phoenix, Arizona   85012

BY:   GARY A. GOTTO, ESQ.


ENTWISTLE & CAPPUCCI LLP
        Attorneys for Florida State Board
        of Administration
        200 Park Avenue
        New York, New York   10171-1499
BY:   ANDREW J. ENTWISTLE, ESQ.


GIBBS & BRUNS, L.L.P.
        Attorneys for Enron Outside Directors
        1100 Louisiana, Suite 5300
        Houston, Texas   77002
BY:   ROBERT MADDEN, ESQ.

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

GENOVESE JOBLOVE & BATTISTA, P.A.
        Attorneys for Class Claimants
        in Houston Action
        Bank of America Tower
        100 Southeast Second Street, 36th Floor
        Miami, Florida  33131
BY:   CRAIG P. RIEDERS, ESQ.
            - and -
      JOHN GENOVESE, ESQ.


TONKON TORP LLP
        Attorneys for Ken L. Harrison
        1600 Pioneer Tower
        888 SW Fifth Avenue
        Portland, Oregon  97204


BY:   ZACHARY W.L. WRIGHT, ESQ.


SHEARMAN & STERLING
        Attorneys for Citigroup
        599 Lexington Avenue
        New York, New York  10022-6069


BY:   FREDRIC SOSNICK, ESQ.

10

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

DAVIS POLK & WARDWELL
         Attorneys for JP Morgan Chase Bank
         450 Lexington Avenue
         New York, New York  10017
BY:   MARSHALL SCOTT HUEBNER, ESQ.


ROPES & GRAY
         Attorneys for Present and Former
         Outside Directors
         One International Place
         Boston, Massachusetts  02110-2624


BY:   WILLIAM F. MCCARTHY, ESQ.


APPEARING TELEPHONICALLY
         NEBENZAHL KOHN DAVIS & LEFF LLP
             ALBERT DAVIES, ESQ.
             MERTON RANDEL DAVIES, ESQ.
         WOLLMUTH, MAHER & DEUTSCH LLP
             KIRSTIN PETERSON, ESQ.


         VORYS, SATER, SEYMOUR & PEASE
             JONATHAN AIREY, ESQ.
         WEIL, GOTSHAL & MANGES LLP
             MARGARITA COALE, ESQ.


         ROPES, GRAY
             GREG KADEN, ESQ.

11

1              ENRON CORP., ET AL.,

2              THE COURT:  Please be seated.

3              All right.  My recollection, if I

4    left something out I'll have to go back in and get

5    some more papers, but my recollection is that

6    there are three decisions I have to read into the

7    record:  One, the schedules; two, exclusivity; and

8    three, the D&O insurance issue.

9              Was there anything else that I

10   reserved on this morning?

11             All right.  I'll deal first with

12   exclusivity and then I'll read a decision with

13   respect to the D&O.  And when I deal with

14   exclusivity, I'll deal as well with the schedules.

15             Cause exists to extend the Debtors

16   exclusive periods as to all the Debtors.

17             With respect to ENA, the Court will

18   do the following:  One, extend ENA's exclusive

19   period to August 31st, 2002; two, sua sponte

20   expand the ENA Examiner's role to that of the

21   facilitator of a plan in the ENA case and direct

22   him to file a report regarding the status of those

23   efforts including a recommendation as to any

24   further extension of ENA's exclusivity; three,

25   such report shall be filed on or before July 26,

12

1                    ENRON CORP., ET AL.,

2      2002.

3                    With respect to the other Enron

4      Debtors, the exclusive period is extended as

5      requested by the Debtor and the Committee for the

6      six-month period sought.

7                    With respect to the schedules, the

8      Court grants the Debtors' request for the

9      additional 60 days and the related relief sought.

10     And the Debtor is to serve an order with respect

11     to both of those issues, and obviously settle it

12     upon the ENA Examiner with respect to the

13     exclusivity issue.

14                   Regarding the AEGIS motion and the

15     outside directors.  Concerning the motions filed

16     by AEGIS and the outside directors to lift the

17     automatic stay to allow AEGIS to pay amounts under

18     the AEGIS D&O Policy and the AEGIS Fiduciary and

19     Employee Benefit Liability Policy, first, as set

20     forth by the Movants, their motion to lift the

21     stay is the procedurally correct method to have

22     this matter presented to the Court.

23                   Therefore, currently at issue is

24     the payment of the defense costs incurred by the

25     officers and directors.

13

```
 1              ENRON CORP., ET AL.,

 2              The D&O Policy provides for

 3    coverage of the directors and officers,

 4    indemnification coverage for the Debtor, and

 5    entity coverage for the Debtor.

 6              Pursuant to the terms of the D&O

 7    Policy, the directors have a right to advancement

 8    of defense costs under a priority of payments

 9    endorsement.

10              The Debtors' entity coverage and

11    its indemnification coverage are expressly

12    subordinated to the rights of the directors and

13    officers under the AEGIS D&O policy.

14              As the Debtors' property rights are

15    defined by state law, it is that law that governs

16    the contractual obligation; thus, any directors

17    and officers currently due defense costs covered

18    by the policy must be paid from the proceeds of

19    the policy first.  The Debtors are then entitled

20    to have their own claims for defense costs paid.

21              The Debtors note the importance of

22    providing the officers and directors with this

23    type of coverage.  The Debtors assert that the

24    Debtor, itself, is entitled to currently-due

25    defense costs and will seek payment once the
```

2ace9960-508a-11d6-bfa1-0050da59f9be

1          ENRON CORP., ET AL.,

2    directors and officers receive payments for the

3    amounts currently due them.

4              With respect to the payment of

5    officers and directors' defense costs, to the

6    extent that any such payments would negatively

7    impact the Debtors' interest in the proceeds of

8    the D&O policy, that result is dictated by the

9    negotiated terms of the policy.

10             As certain officers and directors

11   may have present rights to payment of defense

12   costs, the fact that certain parties may in the

13   future assert claims and potentially become

14   entitled to payment from the insurance policies

15   does not preclude those who are currently entitled

16   to payment from receiving it.

17             In any case, the parties are bound

18   by the contractual provisions of the policy.  The

19   Debtors' interest in the policy is limited by its

20   contractual provisions including a priority

21   advancement and payment obligations contained in

22   those policies.  The Court cannot rewrite the

23   provisions of the contract.

24             The Objectants acknowledge the

25   terms of the contract.  Some of the Objectants

15

1                    ENRON CORP., ET AL.,

2    argue that because AEGIS and the outside directors

3    are seeking to invoke this Court's jurisdiction

4    concerning the lifting of the stay, that gives

5    this Court leeway to set conditions upon which the

6    stay would be lifted.  However, in this case, any

7    such action would result in changing the terms of

8    the contract.

9                    The Court finds that, while

10   exercising jurisdiction concerning the issue of

11   lifting the stay, it should not exercise

12   jurisdiction over the terms of the contract and

13   will not interfere with those terms.

14                    Under the AEGIS Fiduciary Policy,

15   the coverage afforded the relevant Debtors is

16   co-extensive with the coverage afforded the

17   individual insureds.  However, that policy

18   provides a special $10 million fund earmarked for

19   defense costs.

20                    Payment from that fund will protect

21   the coverage that is available for payment of

22   settlements and judgements.  Moreover, payment

23   from the special funds requires written approval

24   from the Debtor.  These two aspects protect the

25   Debtors' interest.

16

1              ENRON CORP., ET AL.,

2              In addition, the Debtors have

3     referenced the estates' interest in having

4     individual defendants vigorously defend themselves

5     in light of the potential for vicarious liability.

6              The Debtors also have asserted that

7     the payment of the individual claimants' defense

8     cost from the special $10 million fund should not

9     limit the availability of proceeds that may be

10    required by the Debtor.

11             Based upon the pleadings filed and

12    the record of this hearing, the Court finds that

13    because of the entity coverage, the stay is

14    implicated.  However, the Debtors' interest appear

15    minimal.

16             Moreover, the Debtors' interest

17    should not be expanded by this Court.  They should

18    receive no greater protection than their contract

19    rights afford them.

20             The Court finds cause to lift the

21    stay and grant the motion to permit the parties to

22    exercise their contractual rights under the D&O

23    Policy.

24             In addition, the Court grants the

25    motion to lift the automatic stay to the extent

212-867-8220      Doyle Reporting, Inc.   Doylerpt1@aol.com

2ace9960-508a-11d6-bfa1-0050da59f9be

17

1                    ENRON CORP., ET AL.,

2    that the individual insureds and the Debtors may

3    exercise their contractual rights against the

4    $10 million special fund portion of the Fiduciary

5    Policy.

6                    The Movants shall settle an order

7    upon the appropriate parties.

8                    We will begin again, I think, at

9    2:30.  Thank you.

10

11                   (Time noted:  2:05 p.m.)

12                             oOo

13

14

15

16

17

18

19

20

21

22

23

24

25

212-867-8220         Doyle Reporting, Inc.   Doylerpt1@aol.com

2ace9960-508a-11d6-bfa1-0050da59f9be

18

C E R T I F I C A T E

STATE OF NEW YORK      )

                          )SS.:

COUNTY OF NEW YORK      )

         I, LINDA D. NOTO, a Certified

Shorthand Reporter, Registered

Professional Reporter and Notary Public

within and for the State of New York, do

hereby certify:

         I reported the proceedings in the

within entitled matter, and that the

within transcript is a true record of

such proceedings.

         I further certify that I am not

related, by blood or marriage, to any of

the parties in this matter and that I am

in no way interested in the outcome of

this matter.

         IN WITNESS WHEREOF, I have hereunto

set my hand this 11th day of April, 2002.

                  _Linda D. Noto_

                LINDA D. NOTO, C.S.R., R.P.R.

                License Number XI 01887 - N.J.

                License Number 001002 - N.Y.

212-867-8220      Doyle Reporting, Inc.    Doylerpt1@aol.com

2ace9960-508a-11d6-bfa1-0050da59f9be