**Hearing Date and Time: August 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' <u>AMENDED</u> RESPONSE TO OBJECTIONS TO**
**APPROVAL OF PROPOSED DISCLOSURE STATEMENT**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings, Inc. ("<u>LBHI</u>") and its affiliated debtors in the above

referenced chapter 11 cases (collectively, the "<u>Debtors</u>") file this omnibus response (the

"<u>Response</u>") to the objections interposed to their amended motion ("<u>Motion</u>") pursuant to 11

U.S.C. §1125, dated June 29, 2011, ECF No. 18126, for approval of their disclosure statement

("<u>Disclosure Statement</u>") and solicitation procedures in connection with the Debtors' second

amended joint chapter 11 plan ("<u>Plan</u>"), and respectfully represent:

## Preliminary Statement

1.      It is almost three years since the worldwide financial crisis engulfed

Lehman and resulted in the commencement by the Debtors of the largest and most complex

chapter 11 cases ever filed in the United States, followed by over 80 independent but related

foreign insolvency proceedings around the globe.  The chaos that ensued was unprecedented and

presented the potential for highly fractious proceedings permeated by years of extended,

complex and expensive litigation among competing interests and entities.  Through the concerted

efforts of the Debtors, the Official Committee of Unsecured Creditors ("UCC"), the separate ad

hoc groups that emerged during the past three years, foreign insolvency representatives and a

great number of individual parties in interest, that potential undesirable scenario may be avoided.

Lehman now stands on the verge of achieving the principle objective of chapter 11, the

implementation of a consensual joint Plan.  Incorporated in the Plan is an array of compromises

that were negotiated heavily and at arms' length among the Debtors and their vast and diverse

creditor constituencies.  These compromises represent the foundation of the Plan as filed on July

1, 2011, ECF No. 18204.

2.      On July 1, 2011, the Debtors filed their proposed Disclosure Statement,

ECF No. 18205, consisting of 144 pages exclusive of exhibits and attachments, and served notice

of the initial hearing required pursuant to section 1125 of the Bankruptcy Code for the approval

of the Disclosure Statement and the related solicitation procedures on more than 110,000

claimants and other parties in interest in these chapter 11 cases.  As a result of the Herculean

efforts that were made in the negotiations leading up to the filing of the Plan and thereafter, only

18 objections to the approval of the Disclosure Statement have been filed (collectively, the

"Objections" and the objecting parties, the "Objectors"), and three joinders thereto.  The Debtors

reviewed potential objections that were proposed by certain claimants and each of the Objections

that were originally filed.  In an effort to facilitate the process, the Debtors and their

professionals have sought to confer with many of the potential objectors and the Objectors to

resolve through modifications, where appropriate, those comments and Objections directed to the

adequacy of the information contained in the Disclosure Statement.  A relatively high level of

success was achieved.  The Debtors propose to amend the Disclosure Statement and the Plan as

set forth in Exhibit A annexed hereto, to expedite the process, obviate unnecessary pleadings and

time and to effect approval of the Disclosure Statement, and move these chapter 11 cases

forward to the time when distributions to holders of allowed claims will be imminent.

3.      Other continuing Objections, as more fully described hereafter, constitute

Objections directed to the confirmation of the Plan, or make statements relating to the particular

parochial interests and dissatisfaction of the particular Objector.  They bear no relevance to the

adequacy of disclosure or the standards set forth in section 1125(a)(1) of the Bankruptcy Code

for approval of the Disclosure Statement and related solicitation procedures.

4.      The Disclosure Statement, as amended and filed on August 24, 2011,

ECF. No [19484], contains adequate information consistent with and as required by section

1125(a)(1) of the Bankruptcy Code.[1]  The approval of the Disclosure Statement and the related

solicitation procedures is actively supported by the UCC and creditors of the Debtors holding

asserted claims in excess of $100 billion.  Among the huge number of impaired entities asserting

claims against the Debtors, there are only 21 claimants objecting to the approval of the

Disclosure Statement and the commencement of the process that will bring these chapter 11

cases to a successful conclusion.  The Disclosure Statement provides adequate information to

---

[1]      A comparison of the Disclosure Statement filed on July 1, 2011 to the amended Disclosure Statement filed
on August 24, 2011 is annexed hereto as Exhibit B (the "Blackline").

enable "a hypothetical investor typical of the holders of claims or interests in the case(s)…to make an informed judgment about the plan…"  Accordingly, the remaining Objections to the Motion should be overruled.  As for the Objections to the confirmation of the Plan: they are not properly before the Court and should be deferred, if pursued, for determination at the confirmation hearing.  The Motion for the approval of the Disclosure Statement and the related solicitation procedures, as described in the Motion, should be granted.

A.    **Objections Directed to Plan Confirmation Should Not Be Determined At This Time**

5.    The following Objections (and joinders thereto) focus on the compromises that have been proposed by the Debtors and incorporated into the Plan:

    a.    Objection of Bundesverband deutscher Banken e.V., ECF No. 19147;

    b.    Objection of Deutsche Bundesbank, ECF No. 19163;

    c.    Objection of Mason Capital Management, LLC, ECF No. 19151;

    d.    Objection of the United States Trustee, ECF No. 19157;

    e.    Objection of Centerbridge Credit Advisors LLC, ECF No. 19254;

        (i)  Joinder of Anchorage Capital Group, LLC, ECF No. 19261;

        (ii) Joinder of Monarch Alternative Capital LP, ECF No. 19262;

    f.    Objection of Danske Bank A/S, London Branch, ECF No. 19257;

    g.    Objection of Wells Fargo Bank Northwest, ECF No. 19295;

        (i)  Joinder of OMX Timber Finance Investments II, LLC, ECF No. 19297.

Generally, these Objections state either that the Bankruptcy Court lacks authority to implement the Plan compromises, or that the justification for the Plan compromises is inadequate.  Patently, these are objections to a central provision of the Plan; they are confirmation objections, and consistent with the applicable legal principles, they should be deferred to the confirmation

hearing.  The Debtors will demonstrate at the confirmation hearing that the compromises and

settlements incorporated in the Plan are fair and reasonable and do not "fall below the lowest

point in the range of reasonableness." *In re W.T Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); s*ee

also Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,

390 U.S. 414 (1968).

6.     Additional Objections, as set forth below, also assert, *inter alia*, objections

to the confirmability of the Plan, and likewise such Objections should be deferred to the

confirmation hearing:

| Objections Directed To Other Confirmation Issues | |
|---|---|
| **Objecting Party** | **Objection Summary** |
| **Fidelity National Title Insurance Compan**y, ECF No. 19162 | <ul><li>The Bankruptcy Court lacks subject matter jurisdiction to hear and consider defenses to coverage.</li><li>*Stern v. Marshall* limits the jurisdiction of the Bankruptcy Court to hear state law issues.</li><li>The assumption and assignment procedures of the Plan are not adequate.</li></ul> |
| **Deutsche Bundesbank**, ECF No. 19163 | <ul><li>The Plan's classification scheme is not adequately justified.</li></ul> |
| **LibertyView et. al.**, ECF No. 19167 | <ul><li>The notice procedures set forth in section 8.10 of the Plan for allowance of setoff by the Debtors are improper.</li><li>The injunction against claimants' right of setoff in sections 13.3 and 13.5 of the Plan is not justified.</li><li>The Debtors' subrogation rights under section 8.14 of the Plan should not be effective until the guaranteed creditors are paid in full.</li></ul> |
| **Lead plaintiff in the consolidated securities class action entitled** *In re Lehman Brothers Mortgage Backed Securities Litigation*, ECF No. 19169<br>**Lead plaintiffs in the consolidated securities class action entitled** *In re Lehman Brothers Equity/Debt Securities Litigation*, ECF No. 19171 | <ul><li>The Plan should provide a protocol for the preservation and/or destruction of documents.</li><li>An extension of stays or injunctions beyond the Effective Date is not justified.</li><li>The Plan should permit plaintiffs to assert claims against the Debtors solely to the extent of available insurance coverage, irrespective of any injunctions, discharge or distribution under the Plan.</li></ul> |

| | |
|---|---|
| | • The Plan release and injunction provisions are overly broad.<br><br>• The classification of certain subordinated §510(b) claims is improper. |
| **Sumitomo Mitsui Banking Corporation**, ECF No. 19170 | • The assumptions underlying the liquidation analysis may not be reasonable. |
| **PricewaterhouseCoopers AG, Zurich**, ECF No. 19172 | • Section 8.15 of the Plan violates section 1123(a)(4) of the Bankruptcy Code and principles of comity.<br><br>• Section 8.4 of the Plan provides for disparate treatment of claims within the same class.<br><br>• The rights of the Debtors' affiliates to set off their guarantee claims may be impinged by provisions of the Plan, including section 13.5. |
| **Centerbridge Credit Advisors LLC**, ECF No. 19254<br><br>*Joinders:*<br><br>**Anchorage Capital Group, LLC**, ECF No. 19261<br><br>**Monarch Alternative Capital LP**, ECF No. 19262 | • The classification and treatment of the Bankhaus Claims is not adequately justified. |
| **Tommy Tewalt** (Pro Se), ECF No.19121 | • Objects to existence of more senior classes.<br><br>• Asserts that the valuation statements are inaccurate. |
| **Gary A. Cutler** (Pro Se), ECF No. 19122 | • Objects to existence of more senior classes.<br><br>• Asserts that the valuation statements are inaccurate. |
| **Wells Fargo Bank Northwest (trustee for OMX Timber Finance II, LLC)**, ECF No. 19295<br><br>*Joinder*:<br><br>**OMX Timber Finance Investments II, LLC**, ECF No. 19297 | • The Plan improperly classifies claimant's claim as a guarantee claim. |

## B. The Requirements of Section 1125

7. The primary determination to be made in connection with post-petition disclosure and solicitation pursuant to section 1125 of the Bankruptcy Code is whether the proposed disclosure statement contains "adequate information" to enable the "hypothetical investor" described in that section to make an informed judgment to accept or reject the plan. The purpose of a disclosure statement approval hearing is not to determine the confirmability of

a proposed chapter 11 plan but, rather, the adequacy of the information set forth in the disclosure statement. Confirmation issues and challenges are not ripe for determination as part of a section 1125 approval hearing. Such issues and challenges are properly resolved at a hearing to consider confirmation of the plan in accordance with the procedures governing the confirmation hearing. *See In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988) ("*care must be taken to ensure that the hearing on the disclosure statement does not turn into a confirmation hearing*, due process considerations are protected and objections are restricted to those defects that could not be cured by voting") (emphasis added); *In re CRIIMI MAE, Inc.*, 251 B.R. 796, 799 (Bankr. D. Md. 2000) ("objections to confirmation of the plan, as opposed to the adequacy of disclosure of information in the Disclosure Statement, would not be heard and determined at the [disclosure statement] [h]earing"); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 172 (Bankr. S.D. Ohio 1988) ("[i]f creditors oppose their treatment in the plan, but the Disclosure Statement contains adequate information, issues respecting the plan's confirmability will await the hearing on confirmation"); *In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) ("the Court will not look behind the disclosure statement to decide [confirmation] issues at the hearing on the adequacy of the disclosure statement"); *In re Featherworks Corp., Inc.*, 45 B.R. 455, 457 (Bankr. E.D.N.Y. 1984). In approving the adequacy of the disclosure statement the *Featherworks* court held that it was "too early before the hearing on confirmation to conclude that the present plan cannot be confirmed. *That determination must await examination of the evidence offered at the hearing on confirmation*." *Id.* at 457 (emphasis added).

8.       It is well settled law that issues with respect to the approval of compromises and settlements embodied in a chapter 11 plan should be decided at the

confirmation hearing. *In re Watervillle Timeshare Group*, 67 B.R. 412 (Bankr. D.N.H. 1986).

As in *In re Waterville Timeshare Group*, all parties in interest in these chapter 11 cases will have

an opportunity to object to the Plan's compromises at the confirmation hearing. In that

connection, the *Watervillle* court stated:

> Much of the conflict between the objecting general partners and
> the Chapter 11 trustee revolves around the wisdom of *the*
> *compromise with Columbia University that is an integral part of*
> *the pending Joint Plan.* The actual settlement agreement is
> attached to the plan and will go out with the disclosure materials to
> the parties in interest. The objecting partners believe that the
> suspended litigation with Columbia University should be pursued
> to obtain a subordination of their claim. *However, the wisdom of*
> *that compromise will be a prime issue at the confirmation hearing*
> *on the Joint Plan, and the objecting partners as well as any other*
> *party in interest will have a full opportunity to voice and have*
> *heard their objections to the compromise at that time.*

*Id.* at 414 (emphasis added). The *Watervillle* Court recognized the inherent limitations of a

disclosure statement hearing, observing that "approval of a disclosure statement is an

interlocutory action in the progress of a chapter 11 reorganization effort leading to a

confirmation hearing at which all parties have ample opportunity to object to confirmation of the

plan." 67 B.R. at 413. The same Court continued that section 1125(a) excludes from a

disclosure statement hearing those strategic objections designed to "delay and hobble the efforts

of the [plan proponent] to put a plan before the court." *Id.* at 414. This is precisely what certain

Objectors may be seeking to do by filing Objections that are substantively Objections to the

confirmation of the Plan.

      9.      The power to compromise and settle claims as part of a chapter 11 plan

with Bankruptcy Court approval is beyond dispute. *See* 11 U.S.C. § 1123(b)(3); *In re Texaco*

*Inc.*, 84 B.R. 893, 901 (Bankr. S.D.N.Y. 1988); *United States v. AWECO, Inc. (In re AWECO,*

*Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984). The details of the Plan compromises are set forth at

considerable length in the Disclosure Statement.  *See* Disclosure Statement §§ X.A.,

"*Considerations Regarding the Chapter 11 Plan*"; *X.B.1.*, "*Description of the Plan and*

*Compromise of Substantive Consolidation and Related Issues*"; X.B.4., "*Plan Negotiations With*

*Certain Creditors*."  The information provided in the Disclosure Statement is adequate to enable

claimants to make an informed judgment to accept or reject the Plan without waiving or

releasing any right to object to the confirmation of the Plan and the compromises included and

integrated into the Plan.  It will be the Debtors' burden to establish at the confirmation hearing

that the compromises are in the best interests of the Debtors and their creditors and compliant

with the Bankruptcy Code and governing legal principles.

**C.    The Liquidation Analysis Is Appropriate**

10.    The Objection of the Deutsche Bundesbank contends (i) that the

Liquidation Analysis in the Disclosure Statement should not take into account the compromises

included in the Plan and (ii) that the Debtors also should include a liquidation analysis assuming

substantive consolidation.  Objection of Deutsche Bundesbank at ¶ 7.

11.    Both arguments are contrary to the applicable authorities within this

District and the plain language of the Bankruptcy Code.  The Liquidation Analysis properly

reflects the compromises incorporated in the Plan.  As courts in this and other districts have

consistently held, for purposes of evaluating a chapter 11 plan, the disclosed liquidation analysis

should be prepared using the same or substantially similar assumptions as used in the proposed

plan to enable creditors to compare the potential results under the Plan and alternatively, under

chapter 7 of the Bankruptcy Code.  *See*, *e.g.*, *In re Adelphia Commc'ns Corp.*, 368 B.R. 140,

252-55 (Bankr. S.D.N.Y. 2007) ("it is reasonable to assume that a chapter 7 trustee would adopt

settlements similar to the Settlement . . . embodied within the Plan in order to avoid the risks,

length, cost and uncertainties of litigation," thus, "[c]omparing the estimated recovery for each

impaired creditor under the Plan with its estimated recovery in a hypothetical chapter 7 case

requires examining . . . the Settlement embodied in the Plan."); *In re Enron Corp.*, ch. 11 Case

No. 01-16034, 2004 Bankr. Lexis 2549, at *116 (Bankr. S.D.N.Y. 2004), (holding that the

debtors' liquidation analysis appropriately assumed "that the many issues resolved by the

[chapter 11 plan's] global compromise would remain and require resolution in a conversion to

chapter 7, [and] . . . it is more useful for [c]reditors to compare estimated recoveries using the

same assumptions regarding these issues."); *see also In re Capmark Fin. Group Inc.*, 438 B.R.

471, 513 (Bankr. D. Del. 2010) (holding that the settlement embodied in the plan would also be

applied in the chapter 7 context because "if a claim is settled in a chapter 11 plan, once the court

determines that the settlement should be approved, the court will assume the same settlement

would be made in chapter 7 for purposes of applying section 1129(a)(7)").

> 12.    Objections that the Disclosure Statement must include information as to

other possible or alternative plans are ill-founded.  Section 1125 of the Bankruptcy Code

expressly provides that a Disclosure Statement "need not include such information about any

other possible or proposed plan." 11 U.S.C. § 1125(a)(1).  The only plan being proposed is the

Debtors' Plan.  Thus, the Debtors are not required to assume a substantive consolidation in the

Liquidation Analysis for the purposes of their Plan.  *See In re Charter Commc'ns*, 419 B.R. 221

(Bankr. S.D.N.Y. 2009) (finding that the chapter 11 cases have not been substantively

consolidated and such consolidation may not be inferred); *In re WorldCom, Inc.*, 2003 Bankr.

LEXIS 1401 (Bankr. S.D.N.Y. 2003) (stating that "the [d]ebtors are not obligated to provide

information regarding any other possible or proposed plan of reorganization"); *Kirk v. Texaco

Inc.*, 82 B.R. 678, 684 (S.D.N.Y. 1988) (stating that "[a]ppellants could not oppose the

Disclosure Statement successfully merely by citing its failure to discuss some other possible plan, such as one in which releases would not be given"). Therefore, such Objections should be overruled.

**D.    The Debtors' Proposed Solicitation
       Procedures Are Appropriate And Consistent With Section 1125**

13.    PricewaterhouseCoopers AG, Zürich ("PwC") and Danske Bank each object to certain proposed solicitation procedures governing the provisional allowance of disputed claims for voting purposes, as set forth in paragraph 5 of the order (the "Solicitation Procedures Order") proposed by the Motion. *See* Objection of PricewaterhouseCoopers as liquidator for Lehman Brothers Finance, ECF. No. 19172, at ¶ 36 and Objection of Danske Bank A/S, ECF No. 19257 at ¶ 16.

14.    The relevant provisions of the proposed Solicitation Procedures Order provide:

> (c) If a claim for which a proof of claim has been timely filed is contingent or unliquidated (as determined on the face of the proof of claim or after a review of the supporting documentation by the Debtors or their agent, in consultation with the Creditors' Committee) the claimant/creditor will be allowed to cast one vote valued at one dollar ($1.00) for voting purposes only.
> …
> (f) If a claim is (i) listed in the Schedules or represented by a timely filed proof of claim as contingent, unliquidated, or disputed in part, or (ii) determined by the Debtors or their agent, in consultation with the Creditors' Committee, to be contingent, unliquidated, or disputed in part, such claim will be temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only.

Solicitation Procedures Order at ¶ 5.

15.    PwC and Danske assert that the above procedures do not provide creditors with (i) notice regarding the provisional allowance and amount of their claims for voting

purposes or (ii) the opportunity to object to the provisional allowance of their claim.  PwC

Objection at ¶ 36, Danske Bank Objection at ¶ 16.  Paragraph 5 of the Solicitation Procedures

Order does not negate pre-existing notice requirements pursuant to Rule 3018, which provides

that "the court after notice and a hearing may temporarily allow [a] claim or interest in an

amount which the court deems proper for the purpose of accepting or rejecting a plan."  *See* Fed.

R. Bankr. P. 3018(a).  Paragraph 6 of the Solicitation Procedures Order also provides a

procedure by which "any claimant/creditor [may elect] to challenge the disallowance or

classification of its claim for voting purposes" by filing a Temporary Allowance Request Motion

"pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including

the temporary allowance or reclassification of its claim for voting purposes."

      16.     PwC also asserts that the Debtors' proposed timeline does not allow

sufficient time for discovery.  PwC does not specify why the proposed procedures do not allow

sufficient time for its discovery.  The chapter 11 cases have been pending for almost three years.

Holders of allowed claims are patiently awaiting receipt of distributions.  Reasonable expedition

in the processing of the Plan is appropriate.  No other claimant has complained that the proposed

timetable for discovery is too constrictive.  The proposed timetable is ample and does not

preclude PwC from applying to the Court for appropriate relief if the circumstances warrant.

      17.     The Solicitation Procedures provide a clear, efficient process for

establishing claims for voting purposes, while affording creditors the protection of Temporary

Allowance Request Motions.  The Debtors' proposed Solicitation Procedures therefore are

appropriate and should be approved.

E.    <u>**The Disclosure Statement And Related Solicitation Procedures Should Be Approved**</u>

18.    The Objections to approval of the Disclosure Statement and related solicitation procedures are ill-founded, or constitute confirmation objections, and should be denied and overruled without prejudice to the claimants' rights to prosecute confirmation objections as appropriate at any confirmation hearing.  It is in the best interests of the Debtors, their creditors and all parties in interest that the Disclosure Statement and Solicitation Procedures be approved.  Approval of the Disclosure Statement and Solicitation Procedures will enable the Debtors promptly to proceed to seek the confirmation and consummation of the Plan (with distributions to holders of allowed claims against the Debtors) and the expeditious closing of the administration of these chapter 11 cases.

Dated:  New York, New York
        August 24, 2011

/s/ Harvey R. Miller
Harvey R. Miller
Lori R. Fife
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## **Exhibit A**

**Debtors' Responses to Objections**

US_ACTIVE:\43792627\02\58399.0008

**Debtors' Responses to Objections to Approval of Proposed Disclosure Statement**

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **1. Wilmington Trust Company**, ECF No. 19149 | 1. The Disclosure Statement does not provide a basis on which creditors can conclude that claim values derived by the Debtors using the Structured Securities Valuation Methodologies are reasonable.<br><br>2. The Disclosure Statement should include the Committee's conclusions regarding the Structured Securities Valuation Methodologies.<br><br>3. The Disclosure Statement should be revised to expressly state that Wilmington's Global Proof of Claim is not subject to the Structured Securities Procedures Order. | Based upon the additional language incorporated into the Disclosure Statement as set forth on pp. 49 – 51 of the Blackline, Wilmington Trust Company has agreed to withdraw its objection. |
| **2. LibertyView et. al.**, ECF No. 19167 | 1. The notice procedures set forth in section 8.10 of the Plan for allowance of setoff by the Debtors are improper.<br><br>2. The injunction against claimants' right of setoff in sections 13.3 and 13.5 of the Plan is not justified.<br><br>3. The Debtors' subrogation rights under section 8.14 of the Plan should not be effective until the guaranteed creditors are paid in full. | 1. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>2. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>3. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. |

Exhibit A-1

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **3. Lead plaintiff in the consolidated securities class action entitled *In re Lehman Brothers Mortgage Backed Securities Litigation*, ECF No. 19169**<br><br>**4. Lead plaintiffs in the consolidated securities class action entitled *In re Lehman Brothers Equity/Debt Securities Litigation*, ECF No. 19171** | 1. The Plan should provide a protocol for the preservation and/or destruction of documents.<br><br>2. An extension of stays or injunctions beyond the Effective Date is not justified.<br><br>3. The Plan release and injunction provisions are overly broad.<br><br>4. The Plan should permit plaintiffs to assert claims against the Debtors solely to the extent of available insurance coverage, irrespective of any injunctions, discharge or distribution under the Plan.<br><br>5. The Disclosure Statement does not provide any basis for the extension of stays or injunctions for a period beyond the Effective Date and such extension is inappropriate and prejudicial to Lead Plaintiffs. Furthermore, the Disclosure Statement fails to adequately describe available insurance as it relates to the Lead Plaintiffs' and the putative class' claims asserted in the Debtors' cases and in the litigation or disclose whether the Plan intends to deny Lead Plaintiffs and the Class the right to proceed with their claims against the Debtors solely to the extent of available insurance coverage, irrespective of any injunctions, discharge or distribution under the Plan.<br><br>6. The Disclosure Statement fails to provide a description of the Objector's litigation, including its current status and its potential impact on the estate.<br><br>7. The classification of certain subordinated §510(b) claims is improper. | 1. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>2. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>3. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>4. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. Nevertheless, the Debtors have included the language set forth on p. 87 of the Blackline.<br><br>5. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. Nevertheless, the Debtors have included the language set forth on p. 87 of the Blackline.<br><br>6. These actions have been stayed against the Debtors. At the claimants' request, the Debtors have included a description of the litigation to the Disclosure Statement as set forth on p. 87 of the Blackline.<br><br>7. Section 510(b) claims that arise from the purchase of debt securities are classified in LBHI Class 11, whereas section 510(b) claims that arise from the purchase of equity securities are classified in LBHI Class 12 as equity interests, all consistent with section 510(b) of the Bankruptcy Code. *See* Disclosure Statement §§ X.C.2.a(xvi) and X.C.2.a(xvii). The classification of these claims is proper. |

US_ACTIVE:\43792627\02\58399.0008

Exhibit A-2

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **5. PricewaterhouseCoopers AG, Zurich**, ECF No. 19172 | 1. Section 8.15 of the Plan violates section 1123(a)(4) of the Bankruptcy Code and principles of comity. <br><br> 2. Section 8.4 of the Plan provides for disparate treatment of claims within the same class. <br><br> 3. The rights of the Debtors' affiliates to set off their guarantee claims may be impinged by provisions of the Plan, including section 13.5. <br><br> 4. The proposed timeline does not allow sufficient time for discovery. <br><br> 5. The proposed solicitation procedures do not provide claimants with appropriate notice and the opportunity to object to the Debtors' election to disallow a portion of their claim for voting purposes. | 1. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. <br><br> 2. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. <br><br> 3. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. <br><br> 4. The objection does not specify why the proposed timeline is inadequate. *See* Debtors' Response ¶ 16. <br><br> 5. Paragraph 5 of the Solicitation Procedures Order does not negate pre-exisiting notice requirements pursuant to Rule 3018. *See* Debtors' Response ¶¶ 13 – 15. |
| **6. Fidelity National Title Insurance Company**, ECF No. 19162 | 1. The Debtors have failed to identify the insurance policies to be assumed and the terms of the proposed assumption of those insurance policies. <br><br> 2. *Stern v. Marshall* limits the jurisdiction of the Bankruptcy Court to hear state law issues. <br><br> 3. The assumption and assignment procedures of the Plan are not adequate. | 1. To the extent that any of the Debtors' insurance policies constitute executory contracts, such contracts shall be deemed assumed under the Plan. *See* Disclosure Statement § X.F.4., "Treatment of Executory Contracts and Unexpired Leases." The procedure is consistent with procedures in other major chapter 11 cases. <br><br> 2. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. <br><br> 3. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. |

Exhibit A-3

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **7. Bundesverband deutscher Banken e.V.**, ECF No. 19147 | 1. The Disclosure Statement does not provide an analysis of the risk of substantive consolidation on an entity-by-entity basis, and does not explain why a 20% Plan Adjustment represents a fair compromise for all Third-Party Guarantee Claims.<br><br>2. The risks associated with the Debtors' projected recoveries are not disclosed.<br><br>3. The Disclosure Statement should state whether projected recoveries reflect present valuing of future distributions.<br><br>4. The Disclosure Statement should provide analysis of how variations in projected asset realizations would effect recoveries.<br><br>5. The standards necessary to obtain approval of the Plan's compromises are not fully stated. | 1. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>2. The Debtors have included in the Disclosure Statement their best estimates of recoveries based on the information available to them. The Disclosure Statement provides adequate and extensive information concerning the risks and general assumptions associated both with the Debtors' estimates of allowed claims, *see* Disclosure Statement Exhibit 6, and the recovery analysis for each Debtor, *see* Disclosure Statement Exhibit 4.<br><br>3. Present value discounts have not been applied or considered in the preparation of the recovery analysis or the liquidation analysis. The Debtors have included the language set forth on p. 5-1 of Exhibit 5 of the Blackline.<br><br>4. The Debtors have included in the Disclosure Statement their best estimates of recoveries based on the information available to them, and should not be required to speculate on possible variations or acts that may occur in the future that may affect asset values.<br><br>5. The applicable legal standard is adequately described in Disclosure Statement § X.B.c, "The Settlement and Compromise is in the Best Interests of the Economic Stakeholders." |

Exhibit A-4

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **8. Deutsche Bundesbank**, ECF No. 19163 | 1. The Liquidation Analysis should not take into account the compromises and settlements included in the Plan and, and should include a liquidation analysis assuming substantive consolidation.<br><br>2. The Disclosure Statement should either confirm that no time-value of money discount has been applied in a chapter 7 liquidation, or alternatively, use the same discount for the recovery analysis under the Plan.<br><br>3. The Disclosure Statement should disclose that the Debtors may be required to litigate substantive consolidation in order to obtain approval of the Plan's settlement of substantive consolidation.<br><br>4. The Plan's classification scheme is not adequately justified. | 1. The Liquidation Analysis properly reflects the compromises incorporated in the Plan.  As courts in this and other districts have consistently held, for purposes of evaluating a chapter 11 plan, the disclosed liquidation analysis should be prepared using the same or substantially similar assumptions as used in the proposed plan to enable creditors to compare the potential results under the Plan and alternatively, under chapter 7 of the Bankruptcy Code.  *See* Debtors Response ¶¶ 10 – 12.<br><br>2. The Debtors did not apply any present value discounts to estimated cash proceeds in the Liquidation Analysis set forth in Exhibit 5 of the Disclosure Statement.  The Debtors have included the language set forth on p. 5-1 of Exhibit 5 of the Blackline.<br><br>3. Approval of the Plan compromises under Rule 9019 does not require a full litigation or mini-trial, and determination of issues relating to substantive consolidation.  *See* Disclosure Statement § X.B.c, "The Settlement and Compromise is in the Best Interests of the Economic Stakeholders."<br><br>4. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. |

Exhibit A-5

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **9. Sumitomo Mitsui Banking Corporation**, ECF 19170 | 1. The assumptions underlying the Liquidation Analysis should be shown to be reasonable. <br><br> 2. The terms of the Debtors' settlement agreements with derivatives counterparties have not been disclosed. In addition, the "framework" is no longer an element of the Plan. <br><br> 3. A formula for the allocation of costs and expenses among estates should be provided. <br><br> 4. The Disclosure Statement provides inadequate information regarding which claims will be challenged, and why LBT guarantees claims will not be challenged. <br><br> 5. More information should be provided regarding the proposed treatment of Intercompany-Only Repurchase Transactions. <br><br> 6. The Disclosure Statement provides inadequate information about the nature of LAMCO's compensation and how it will be allocated. <br><br> 7. The Plan is "patently" unconfirmable because it redistributes value from LBSF to LBSF's equityholder, LBHI. | 1. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. <br><br> 2. The framework has been filed and published on www.lehman-docket.com. The settlements are final and were consummated pursuant to the Court's Order Pursuant To Sections 105 and 365 of the Bankruptcy Code To Establish Procedures For The Settlement Or Assumption And Assignment of Prepetition Derivative Contracts, entered on December 16, 2008, ECF No. 2257. The Debtors have provided aggregate amounts of derivatives claims that have been settled with certain of the creditors asserting the most significant derivatives claims. *See* Disclosure Statement § V.E., "Claims Based on Derivatives Contracts." <br><br> 3. The Debtor Allocation Agreement will be included in the Plan Supplement. The Debtors will file the Plan Supplement at least 10 days before the voting deadline pursuant to section 15.5 of the Plan. *See* Disclosure Statement § X.J.11., "Plan Supplement." <br><br> 4. Claims reconciliation is an ongoing process that will extend beyond the effective date of a confirmed plan. Section 1125 does not require a plan proponent to specify objections that may be interposed to the allowance or disallowance of individual claims. <br><br> 5. In addition to the detailed description of the internal repurchase agreements and related claims set forth in section VIII – "Treatment of Internal Repurchase Agreements" – of the Disclosure Statement, the Debtors have included the language set forth on pp. 43 – 47 of the Blackline. <br><br> 6. LAMCO's post-effective functions and compensation will be determined by the Boards of Directors of the entities who may engage LAMCO. *See* Disclosure Statement § IX. <br><br> 7. Issues as to the consequences of the Plan Adjustment, and compliance with the Absolute Priority Rule, are manifestly confirmation issues and not § 1125(a)(1) issues. The Plan complies with the Absolute Priority Rule. Sumitomo mischaracterizes the Plan Adjustment, which redistributes value not directly to LBHI, but rather, to certain creditors of LBHI who would be the prime beneficiaries of substantive consolidation as part of the overall proposed compromises to be considered at the confirmation hearing. Contrary to Sumitomo's assertion, no value is to be reallocated directly to LBHI *on account of LBHI's prepetition equity interest* in any of the Subsidiary Debtors and as such, the Absolute Priority Rule is not violated. The Plan is not patently unconfirmable. |

Exhibit A-6

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **10. Centerbridge Credit Advisors LLC**, ECF No. 19254<br><br>*Joinders:*<br><br>**11. Anchorage Capital Group, L.L.C.**, ECF No. 19261<br><br>**12. Monarch Alternative Capital LP**, ECF No. 19262 | 1. The classification and treatment of the Bankhaus Claims is not adequately justified.[2]<br><br>2. The Plan Adjustments are not adequately justified.<br><br>3. The Disclosure Statement does not contain adequate disclosure regarding the transfer of certain assets from LCPI to LBHI prior to LCPI's bankruptcy filing and related potential preference claims.<br><br>4. Part VIII of the Disclosure Statement states that LCPI has a security interest in $2.25 bil. of assets held by LBHI subject to certain repos, but does not (and must) disclose why (i) LBHI continues to hold these assets and (ii) LCPI did not take possession of the assets when they were worth $2.25 bil.  Also, the Disclosure Statement provides inadequate disclosure on the calculation of LCPI's deficiency claim.<br><br>5. Contains inadequate disclosure for the reallocation of administrative expenses to benefit certain Debtor-subsidiaries and not others.<br><br>6. Provides no explanation or justification for LBHI's purchase of notes issues by Spruce, Verano, and SASCO.<br><br>7. Contains no discussion regarding the transfer of assets from LCPI to certain special purpose entities, including SASCO, Spruce, Verano, and Pine, and whether such entities properly perfected their liens in the transferred assets.<br><br>8. The Debtors must show a strong likelihood of substantive consolidation in order to justify the Plan's settlement of substantive consolidation. | 1. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>2. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>3. The Debtors have included the language set forth on pp. 43 – 47 of the Blackline.<br><br>4. The Debtors have included the language set forth on pp. 43 – 47 of the Blackline.<br><br>5. The Debtors The Debtors have included the language set forth on pp. 43 – 47 of the Blackline.<br><br>6. The Debtors The Debtors have included the language set forth on pp. 43 – 47 of the Blackline.<br><br>7. The Debtors The Debtors have included the language set forth on pp. 43 – 47 of the Blackline.<br><br>8. Approval of the Plan compromises under Rule 9019 does not require a full litigation or mini-trial, and determination of issues relating to substantive consolidation.  *See* Disclosure Statement § X.B.c, "The Settlement and Compromise is in the Best Interests of the Economic Stakeholders." |

---

[2]   Although objections to classification should not be considered until the confirmation hearing, the Debtors submit that Centerbridge lacks standing to object to the classification of the Bankhaus Claims.  As a purchaser of proceeds of the Bankhaus Claims held by Deutsche Bank AG ("Deutsche Bank"), Centerbridge is not in privity with and is not a creditor of the Debtors with respect to such claims.  *See In re Okura & Co.*, 249 B.R. 596, 608 (Bankr. S.D.N.Y. 2000 ("The courts are generally in agreement that a transfer of an undivided interest and participation in the context of a true participation does not allow the participant to assert a claim against the borrower.").  As a creditor of Deutsche Bank and not the Debtors, Centerbridge is not a "party in interest" that can object to the Disclosure Statement and Plan on account of the Bankhaus Claims.  *See* 11 U.S.C. § 1129(b) ("A party in interest may object to confirmation of a plan."); *Southern Blvd., Inc. v. Martin Paint Stores.*, 207 B.R. 57, 61 (S.D.N.Y. 1997) (holding that a creditor of a debtor's creditor is not a party in interest); *see also Krys. v. Official Comm. of Unsecured Creditors of Refco., Inc. (In re Refco Inc.,)*, 505 F.3d 109, 110 (2d Cir. 2007) (holding that investors of a debtor's creditor are not "parties in interest" within the meaning of § 1109(b)).  Nor can Centerbridge, as holder of unrelated claims against the Debtors, object on behalf of Deutsche Bank.  *See In re Teligent, Inc.*, 417 B.R. 197, 210 (Bankr. S.D.N.Y. 2009) ("A party in interest cannot raise the rights of a third party even though it has a financial stake in the case.").  Significantly, the Debtors are *not* parties to, and have never previously been provided a copy of, the Bankhaus Sale and Assignment Agreement, and Centerbridge has selectively cited from such agreement.  Any objection by Centerbridge in respect of the Bankhaus Claims should be rejected.

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **13. Danske Bank A/S, London Branch**, ECF No. 19257 | The Disclosure Statement does not provide adequate information regarding:<br><br>1. The factors and considerations leading to the Plan's compromises.<br><br>2. The PSA Parties' claims and interests.<br><br>3. The valuation of various claims of LCPI against LBHI.<br><br>4. The maximum recoveries for LBHI bondholders, which result from a redistribution from LCPI creditors to LBHI, and how such recoveries compare to recovery under a substantive consolidation plan.<br><br>5. Determination of LCPI's preference claim against LBHI for the transfer of securitized notes.<br><br>6. The risks of substantive consolidation with respect to LCPI.<br><br>7. The Disclosure Statement should disclose that the Debtors may need to prove that substantive consolidation is appropriate.<br><br>8. Danske also opposes the claim estimation procedures for voting purposes and submits that a timely filed proof of claim should be allowed in the amount of the timely filed claim. | 1. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>2. The names of PSA Parties are set forth on Exhibit 20 of the Disclosure Statement, and the claims filed by the PSA Parties are publicly available on the claims register at www.lehman-docket.com.<br><br>3. The Debtors have included the language set forth on pp. 43 – 47 of the Blackline.<br><br>4. Section 1125 of the Bankruptcy Code expressly provides that a disclosure statement "need not include such information about any other possible or proposed plan." 11 U.S.C. § 1125(a)(1). *See* Debtor's Response ¶ 12.<br><br>5. The Debtors have included the language set forth on pp. 43 – 47 of the Blackline.<br><br>6. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>7. Approval of the Plan compromises under Rule 9019 does not require a full litigation or mini-trial, and determination of issues relating to substantive consolidation. *See* Disclosure Statement § X.B.c, "The Settlement and Compromise is in the Best Interests of the Economic Stakeholders."<br><br>8. Paragraph 5 of the Solicitation Procedures Order does not negate pre-exisiting notice requirements pursuant to Rule 3018. *See* Debtors' Response ¶¶ 13 – 15. |
| **14. Mason Capital Management, LLC**<br><br>Filed 8/11/2011<br><br>ECF No. 19151 | 1. The Disclosure Statement does not provide the information necessary for Mason to ascertain whether there is a 20% risk of substantive consolidation for foreign entities such as Lehman Brothers Treasury Co. B.V. ("<u>LBT</u>").<br><br>2. The Disclosure Statement does not disclose the authority for the proposition that a bankruptcy court may order an inter-creditor wealth transfer in purposed settlement of a risk of substantive consolidation.<br><br>3. The Disclosure Statement does not explain why Mason and other LBT noteholders do not share in the Plan Adjustment. | 1. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>2. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>3. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. |

Exhibit A-8

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **15. Wells Fargo Bank Northwest (trustee for OMX Timber Finance II, LLC)**, ECF No. 19295<br><br>*Joinder*:<br><br>**OMX Timber Finance Investments II, LLC**, ECF No. 19297 | 1. The Plan improperly classifies claimant's claim as a guarantee claim.<br><br>2. Claimant's claim cannot be impaired by the substantive consolidation settlement because the claim has no risk of substantive consolidation. | 1. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9.<br><br>2. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. |
| **16. United States Trustee**, ECF No. 19157 | Disclosure Statement contains inadequate information re:<br><br>1. The Plan Overview's discussion of the contemplated liquidation, extent thereof, and time permitted for the liquidation to occur under the Plan;<br><br>2. The Debtors' future plans for LAMCO and its employees;<br><br>3. The Debtors' current financial condition, including current balance sheets;<br><br>4. The formation of, and justification for, the Plan Trust;<br><br>5. The justification for the proposed retention by Equity Holders of their Equity Interests when General Unsecured Creditors are not being paid in full;<br><br>6. The justification for the plan adjustments and the automatic reallocations of distributions, among others, from senior creditors to junior creditors;<br><br>7. The Fee Committee and the contemplated role thereof post-confirmation;<br><br>8. The professional fees that the Debtors have incurred to date and the amount anticipated through the Effective Date;<br><br>9. The justification for payment by the Debtors of fees incurred by professionals (including lawyers) engaged by the indenture trustees and individual members of the UCC;<br><br>10. The risks to creditors if the Debtors' dispute with the SIPA Trustee concerning the PIK Note or the IP PIK Note is not resolved favorably to the Debtors;<br><br>11. The differences between the competing plans and the pros and cons of each;<br><br>12. The Securitization Structures; | 1. The Debtors have included the language to the Plan Overview as set forth on p. 2 of the Blackline.<br><br>2. LAMCO's post-effective functions and compensation will be determined by the Boards of Directors of the entities who may engage LAMCO. *See* Disclosure Statement § IX. The Debtors have included the language set forth on p. 57 of the Blackline.<br><br>3. The recovery analysis in the Disclosure Statement reflects all of the information available to the Debtors through the end of May 2011. The Debtors have included the language set forth on p. 34 of the Blackline.<br><br>4. The purpose of the Plan Trust is to preserve certain tax attributes that will enable the Debtors to maximize assets and thereby recoveries to creditors. The Debtors have included the language set forth on p. 130 of the Blackline.<br><br>5. The purpose of the proposed retention of Equity Interests is to preserve certain tax attributes that will enable the Debtors to maximize assets and thereby recoveries to creditors. Creditors must be satisfied in full before equity realizes any value. The Debtors have included the language set forth on p. 131 of the Blackline.<br><br>6. This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. In addition, the Plan does not provide for reallocations of distributions from senior to junior creditors.<br><br>7. The Debtors have included the language set forth on pp. 22 – 23 of the Blackline.<br><br>8. The Debtors have included the language set forth on pp. 132 – 133 of the Blackline. |

Exhibit A-9

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| | 13. The Guarantee Claims and the impact that the "likely litigation" will have upon creditors; | 9. This Plan provision is a result of the negotiations among the Debtors, their creditors, and the UCC. To resolve this objection the Debtors have included the language set forth on p. 102 of the Blackline. |
| | 14. Transactions/relationships with LBIE and the impact the resolution of these proceedings will have upon the Debtors' creditors; | 10. It is the Debtors' view that the outcome of these discussions and the resolution of the values, if any, of the notes will not have a material impact on recoveries to creditors of LBHI. The Debtors have included the language set forth on p. 24 of the Blackline. |
| | 15. The Fenway Claim; | 11. There is only one plan being proposed at this time. Section 1125 of the Bankruptcy Code expressly provides that a disclosure statement "need not include such information about any other possible or proposed plan." 11 U.S.C. § 1125(a)(1). *See* Debtor's Response ¶ 12. |
| | 16. The amount of Administrative Expense Claims that will be paid on the Effective Date; | |
| | 17. The Plan Administrator, including the justification for appointing LBHI; | |
| | 18. The justification for imposing an additional requirement solely upon creditors holding Allowed Claims in amounts less than $500.00 in order to receive their distributions; | 12. The Debtors have discussed the Securitization Structured in detail in section IV.H, "Securitization Structures," of the Disclosure Statement. The Debtors have included the language set forth on p. 39 – 40 of the Blackline. |
| | 19. The proposed non-debtor third-party releases, exculpation provisions, limitations of liability and injunction; | 13. The Debtors' estimates of what claims will ultimately be allowed, and the assumptions underlying such estimates, are set forth in Exhibit 6 of the Disclosure Statement and the Annexes thereto. The Debtors have included the language set forth on p. 49 of the Blackline. |
| | 20. The legal justification for the proposed discharge of the Debtors; | |
| | 21. The justification for the proposed limitation of liability of the Plan Administrator | 14. A description of the legal proceedings involving the Debtors and LBIE is set forth in section VII of the Disclosure Statement. In addition, the Debtors' estimates of what claims will ultimately be allowed, as set forth in the Annexes to Exhibit 6 of the Disclosure Statement, reflect certain assumptions relating to these proceedings. The Debtors have included the language set forth on p. 54 of the Blackline. |
| | 22. The Debtors' proposed exemption from transfer taxes; | |
| | 23. The justification for including UST fees together with Administrative Expense Claims and the Debtors' obligation to pay UST Fees through entry of a final decree, dismissal or conversion of each Chapter 11 case; | |
| | 24. The justification for the Debtors' Proposed Exemption/Modification Of The Post- Confirmation Reporting Required By Section 1106(7) of the Bankruptcy Code, Local Bankruptcy Rule 3021-1 and the UST Chapter 11 Operating Guidelines; | 15. Although it is not a significant claim, the Debtors have included a description of the Fenway Claim to the Disclosure Statement as set forth on p. 59 of the Blackline. |
| | | 16. The Debtors have included the language set forth on p. 76 of the Blackline. |
| | 25. The Debtors' proposed modifications of § 1129 providing that payments be made "as soon [after the Effective Date] as is practicable." | 17. The provision appointing LBHI as the Plan Administrator is the result of the Debtors' negotiations with their creditors, and is a result of three years of LBHI's effective management of the Debtors' assets. The Debtors have included the language set forth on p. 128 of the Blackline. |
| | 26. The United States Trustee objects to the Motion because the Debtors seek, without authorization, to retain Epiq as their solicitation and voting agent. | |
| | | 18. This provision is included in the Plan for administrative |

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| | | convenience. |
| | | 19. These releases are appropriate pursuant to section 1125(e). The Debtors have included the language set forth on p. 112 of the Blackline. |
| | | 20. The proposed discharge is necessary in order to maximize the value of the Debtors' assets. |
| | | 21. The Debtors have included the language set forth on p. 101 of the Blackline. |
| | | 22. The Plan provision is adequate and no further disclosure is required by section 1125. |
| | | 23. The Plan will recognize that charges of the United States Trustee constitute statutory charges and not administrative expense claims. The Debtors have included the language set forth on p. 122 of the Blackline. |
| | | 24. The Debtors have included the language set forth on p. 122 of the Blackline. |
| | | 25. The Plan provision takes into account the practicalities that are inherent in the administration of these cases and is consistent with general practice in large chapter 11 cases. |
| | | 26. The Debtors have agreed to file an application on expedited notice to retain Epiq as their solicitation and voting agent as of September 1, 2011. |
| | | In addition, the Debtors have included the language set forth on p. 19 of the Blackline. |
| **18. Chris Stovic (Pro Se)**, ECF No. 19099 | 1. Alleges Debtors breached the terms of a debt instrument he holds. | 1. This objection relates to claims allowance rather than to the adequacy of the information contained in the Disclosure Statement. |
| **19. Linda Neufeld (Pro Se)**, ECF No. 19100 | 1. The Disclosure Statement contains many financial inconsistencies and questionable asset valuations. In addition, the Disclosure Statement only includes estimated recoveries, not final numbers.<br><br>2. There are "inconsistencies" between the Debtors' First and Second Amended Disclosure Statements, including changes to Classification.<br><br>3. The Disclosure Statement contains insufficient tax information. | 1. The Debtors have included in the Disclosure Statement their best estimates of recoveries based on the information available to them.<br><br>2. The Debtors Second Amended Plan is the governing document.<br><br>3. The information contained in the Disclosure Statement is based on the best information available to the Debtors at the time of the preparation of their analysis. Objector should consult her own tax advisors. |

| Objecting Party | Objection Summary | Debtors' Response |
|---|---|---|
| **20. Tommy Tewalt** (Pro Se), ECF No.19121 | 1.  Objects to existence of more senior classes.  <br> 2.  Asserts that the valuation statements are inaccurate. | 1.  This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. <br> 2.  This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. |
| **21. Gary A. Cutler** (Pro Se), ECF No. 19122 | 1.  Objects to existence of more senior classes. <br> 2.  Asserts that the valuation statements are inaccurate. | 1.  This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. <br> 2.  This is a confirmation objection that should be deferred to the confirmation hearing. *See* Debtors' Response ¶¶ 5 – 9. |

Exhibit A-12

**<u>Exhibit B</u>**

**Blackline**