**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                   :
                    Debtors.                                :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED FIFTY-NINTH OMNIBUS OBJECTION TO CLAIMS (INVALID BLOCKING NUMBER LPS CLAIMS)

Upon the one hundred fifty-ninth omnibus objection to claims, dated July 11, 2011 (the "One Hundred Fifty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), disallowance and expungement of the Invalid Blocking Number LPS Claims to the extent that such claims fail to include a valid electronic instruction reference number or a blocking reference number as required by the Bar Date Order, all as more fully described in the One Hundred Fifty-Ninth Omnibus Objection to Claims; and due and proper notice of the One Hundred Fifty-Ninth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the One Hundred Fifty-Ninth Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the One Hundred Fifty-Ninth Omnibus Objection to Claims.

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Fifty-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Fifty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Fifty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto (collectively, the "<u>Invalid Blocking Number LPS Claims</u>") are disallowed and expunged with prejudice to the extent set forth therein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Invalid Blocking Number LPS Claims listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that the Debtors have withdrawn without prejudice the One Hundred Fifty-Ninth Omnibus Objection to Claims with respect to the claims listed on <u>Exhibit 2</u> annexed hereto; and it is further

ORDERED that the Debtors have adjourned to October 5, 2011 (or as may be further adjourned by the Debtors) the One Hundred Fifty-Ninth Omnibus Objection to Claims with respect to the claims listed on <u>Exhibit 3</u> annexed hereto; and it is further

3

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> annexed to the One Hundred Fifty-Ninth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      August 25, 2011            *s/ James M. Peck*
                                        Honorable James M. Peck
                                        United States Bankruptcy Judge