UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                  :        Chapter 11 Case No.
                                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :        08-13555 (JMP)
                                                                           :
                          Debtors.                                 :        (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SIXTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

Upon the one hundred sixty-fourth omnibus objection to claims, dated July 11, 2011 (the "One Hundred Sixty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge the Duplicative LPS Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the One Hundred Sixty-Fourth Omnibus Objection to Claims; and due and proper notice of the One Hundred Sixty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Sixty-Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Sixty-Fourth Omnibus Objection to Claims.

set forth in the One Hundred Sixty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Sixty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (*i.e.*, the Duplicative LPS Claims) are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the objections to the claims listed on Exhibit 2 annexed hereto are withdrawn without prejudice; and it is further

ORDERED that the Debtors have adjourned to October 5, 2011 (or as may be further adjourned by the Debtors) the One Hundred Sixty-Fourth Omnibus Objection to Claims with respect to the claims listed on Exhibit 3 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative LPS Claims shall be treated as having been filed in support of the corresponding Surviving Claims; and is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative LPS Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative LPS Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative LPS Claim in these

chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
August 25, 2011        _s/ James M. Peck_
                       Honorable James M. Peck
                       United States Bankruptcy Judge