WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11 Case No.** |
| | **:** | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | **:** | **08-13555 (JMP)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |

-------------------------------------------------------------------x

*EX PARTE* **MOTION PURSUANT TO SECTION 107 OF THE BANKRUPTCY**
**CODE AND BANKRUPTCY RULE 9018 FOR AUTHORIZATION TO FILE UNDER**
**SEAL PORTIONS OF THE MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**IMPROPERLY WITHHELD AS PRIVILEGED BY GIANTS STADIUM LLC,**
**AND EXHIBITS ATTACHED TO THE ACCOMPANYING**
**DECLARATION OF MICHAEL J. FIRESTONE**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing Inc. ("LBSF") and Lehman Brothers

Holdings Inc. ("LBHI"), as debtors in possession (collectively, the "Debtors"), submit this

motion (the "Motion") for authorization to file under seal portions of the Motion to Compel

Production of Documents Improperly Withheld as Privileged by Giants Stadium LLC (the

"Motion to Compel"), and certain exhibits to the accompanying Declaration of Michael J.

Firestone (the "Firestone Decl."). In support of this Motion, the Debtors respectfully represent

as follows:

## Preliminary Statement

1.      As set forth more fully in the Related Motion, the Debtors will move to

compel production by Giants Stadium LLC ("Giants Stadium"), an interest rate swap

counterparty of LBSF and the subject of a subpoena served pursuant to Bankruptcy Rule 2004,

of certain documents withheld by Giants Stadium on the grounds of the attorney-client privilege

and work-product doctrine.  The Motion to Compel, and the accompanying Firestone Decl. filed

in support, reference numerous documents produced by Giants Stadium pursuant to a stipulation

governing the production of confidential materials (the "Stipulation") entered into with Debtors.

Pursuant to that Stipulation, the Debtors must either obtain consent from Giants Stadium, or

obtain a sealing order, prior to filing any materials designated "Confidential" by the producing

party (the "Confidential Materials").  The Debtors have obtained Giants Stadium's consent to

publicly file a number of the documents which were previously designated confidential.  Giants

Stadium requests that certain other documents, however, be filed under seal.  Accordingly, the

Debtors seek entry of the proposed order, attached hereto as Exhibit A (the "Proposed Order"),

authorizing the Debtors to file certain exhibits attached to the Firestone Decl., and those portions

of the Motion to Compel and the Firestone Decl. referring to those exhibits, under seal.

## Background

2.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

5.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. On March 11, 2010, the Examiner filed its report with the Court [Docket No. 7531].

6.  On July 1, 2011, the Debtors filed their second amended joint chapter 11 plan pursuant to section 1121 of the Bankruptcy Code [Docket No. 18204] and related disclosure statement pursuant to section 1125 of the Bankruptcy Code [Docket No. 18205]. A hearing for the approval of the disclosure statement is scheduled for August 30, 2011.

## Jurisdiction

7.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

## Lehman's Business

8.  Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9.       Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008 [Docket No. 2].

### The Debtors' Motion to Compel

10.       As set forth in the Motion to Compel, Giants Stadium entered into

derivative transactions (the "Transactions") with LBSF.  Following LBHI's bankruptcy, Giants

Stadium terminated the Transactions, and on September 22, 2009, filed proofs of claim against

the Debtors in the amount of $301,804,617.14.  In order to investigate Giants Stadium's claim,

on May 19, 2010, the Debtors served a subpoena for the production of documents (the

"Subpoena") on Giants Stadium, pursuant to Rule 2004 and the Court's November 23, 2009

Order (the "Rule 2004 Order"), granting the Debtors authority to issue subpoenas for the

production of documents.  The Debtors' investigation of Giants Stadium's claim continues.

11.       On or about August 3, 2010, the Debtors and Giants Stadium entered into

the Stipulation, which permits Giants Stadium to designate as "Confidential" documents which it

produces pursuant to the Subpoena, as well as any deposition testimony taken from Giants

Stadium in connection with the Rule 2004 Order (i.e., the Confidential Materials).  Under the

Stipulation, Giants Stadium may designate as "Confidential" any materials that it in good faith

believes contain "(a) a trade secret or other confidential research, development or sensitive

commercial information protected by Rule 26 of the Federal Rules of Civil Procedure, (b)

information subject by law or by contract to a legally protected right of privacy, or (c)

information which Giants Stadium is legally obligated to keep confidential, as reasonably

determined by Giants Stadium." Stipulation, at ¶ 4. (A copy of the Stipulation is attached as Exhibit B hereto.)

12.    The Stipulation also provides that Confidential Materials "shall not be filed with the Court, absent consent of the producing Party, or to the extent consent is not obtained, unless the Party seeking to file 'confidential' materials first obtains from the Court an appropriate sealing order pursuant to Section 107 of the United States Bankruptcy Code or, to the extent that the Court declines to enter a sealing order, the Party seeking to file 'confidential' materials obtains relief from the Court from this Stipulation, enabling such materials to be filed as part of the public record." Id., at ¶ 12.

13.    Giants Stadium produced privilege and redaction logs (the "Logs") which indicate that Giants Stadium has withheld certain communications (the "Withheld Communications"), between its counsel Sullivan & Cromwell LLP, and its financial advisor Goldman, Sachs & Co., pursuant to the attorney-client privilege and work-product doctrine. The Debtors maintain that the attorney-client privilege and work product-doctrine do not apply to the Withheld Communications; the parties have been unable to resolve their differences, and Debtors therefore will bring the Motion to Compel in order to obtain an *in camera* review of the Withheld Communications by the Court, so as to determine whether they should be produced by Giants Stadium.

14.    In support of their argument that the attorney-client privilege and work-product doctrine are inapplicable to the Withheld Communications, Debtors refer to, and quote from, numerous Confidential Materials in the Motion to Compel. The Debtors also cite excerpts from the deposition of Christine Procops, Giants Stadium's chief financial officer, which was taken pursuant to the Rule 2004 Order on May 25, 2011. Certain portions of Ms. Procops'

deposition testimony has similarly been designated "Confidential" by Giants Stadium.  Copies of

the Confidential Materials referred to in the Motion to Compel, including relevant excerpts from

the Procops Transcript, are attached to the Firestone Decl.  (For the Court's convenience,

substantially final copies of the Motion to Compel and the Firestone Decl. have been delivered to

chambers with this Motion.)

15.    On August 18, 2011, Debtors sought consent from Giants Stadium to

publicly file the Confidential Materials.  Giants Stadium consented to Debtors publicly filing

certain documents which it had previously designated confidential, but requested that Debtors

file under seal portions of Exhibits B and C, and Exhibits D, E, F, H, I, J, and M to the Firestone

Decl. (the "Confidential Exhibits"), which include (i) certain documents produced by Giants

Stadium, (ii) the Logs, and (iii) a list of individuals identified on the Logs, as well as the

organizations which with they are affiliated.

## Relief Requested

16.    By this Motion, the Debtors seek entry of an order authorizing the

Debtors, in accordance with section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018,

to file under seal (i) the Confidential Exhibits, and (ii) those portions of the Motion to Compel

and the Firestone Decl. which refer to the Confidential Exhibits, and directing that those

materials shall remain confidential and under seal, and shall not be made available to any party

other than the Court and (a) the U.S. Trustee, (b) the Creditors' Committee and its advisors, and

(c) Giants Stadium (the "Limited Notice Parties"); *provided, however,* that Giants Stadium may

at any time request that the seal be lifted and/or at its own discretion, disclose the Confidential

Materials at issue.

## Basis For Relief Requested

17.     Section 107(b) of the Bankruptcy Code allows a court to direct that

documents filed in connection with a motion, such as the Related Motion, be filed under seal.

Specifically, section 107(b) provides, in relevant part:

> (b)     On request of a party in interest, the bankruptcy court shall, and
> on the bankruptcy court's own motion, the bankruptcy court
> may -
>
> (1)     protect an entity with respect to a trade secret or
> confidential research, development, or commercial
> information . . . .

11 U.S.C. § 107(b).  Bankruptcy Rule 9018 establishes the procedure by which a party in interest

may obtain a protective order authorizing the filing of a document under seal pursuant to section

107(b) of the Bankruptcy Code.  Rule 9018 provides, in relevant part, "[o]n motion or its own

initiative, with or without notice, the court may make any order which justice requires (1) to

protect the estate or any entity in respect of a trade secret or other confidential research,

development, or commercial information . . . ." FED. R. BANK. P. 9018.

18.     Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are

designed to "protect business entities from disclosure of information that could reasonably be

expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725

(Bankr. S.D.N.Y. 2003); *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re

Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994) (holding that a bankruptcy court is required

to seal "documentary information filed in court that does not rise to the level of a trade secret but

that is so critical to the operations of the entity seeking the protective order that its disclosure

will unfairly benefit that entity's competitors.").

19.     Pursuant to their obligations under the Stipulation, the Debtors must seek a

sealing order from the Court in order to file the Confidential Exhibits along with the Motion to

Compel.[1]  The Confidential Exhibits referenced in the Motion to Compel and attached to the

Firestone Decl. which Giants Stadium has requested be filed under seal are essential to Debtors'

arguments that the Withheld Communications are not protected by the attorney-client privilege

and work-product doctrine, and the Debtors believe that the Court would be aided in its

consideration of the Motion to Compel by reviewing such materials.

20.     To the extent the Court declines to enter the Order, the Debtors request

that the Court grant them relief from that provision of the Stipulation requiring that Confidential

Materials be filed under seal.  See Stipulation, ¶ 12 ("[T]o the extent that the Court declines to

enter a sealing order, the Party seeking to file 'Confidential' materials [may file the Confidential

Materials publicly if it] obtains relief from the Court from this Stipulation, enabling such

materials to be filed as part of the public record.").

21.     In accordance with Bankruptcy Rule 9018, this Motion does not require

notice.  The Debtors have, however, advised Giants Stadium of this Motion.

---

[1] Debtors do not take any position with respect to Giants Stadium's decision to designate such
materials "Confidential" under the Stipulation.

22.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court enter the Proposed

Order and grant the Debtors such other and further relief as it deems just and proper.

Dated: August 25, 2011
New York, New York

/s/Richard W. Slack
Richard W. Slack

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                  :       **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :       **08-13555 (JMP)**
                                                       :
                     **Debtors.**               :       **(Jointly Administered)**
--------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 107 OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018**
**AUTHORIZING THE DEBTORS TO FILE UNDER SEAL PORTIONS OF THE**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**IMPROPERLY WITHHELD AS PRIVILEGED BY GIANTS STADIUM LLC,**
**AND EXHIBITS ATTACHED TO THE ACCOMPANYING**
**DECLARATION OF MICHAEL J. FIRESTONE**

Upon the motion, dated August 24, 2011 (the "Motion") of Lehman Brothers

Special Financing Inc. ("LBSF") and Lehman Brothers Holdings Inc. ("LBHI"), as debtors in

possession (collectively, the "Debtors"), pursuant to section 107(b) of the Bankruptcy Code[1] and

Bankruptcy Rule 9018, authorizing the Debtors to file under seal portions of (i) the Motion to

Compel Production of Documents Improperly Withheld as Privileged by Giants Stadium LLC

(the "Motion to Compel"), (ii) portions of the accompanying Declaration of Michael J. Firestone

(the "Firestone Decl."), and (iii) portions of Exhibits B and C, and Exhibits D, E, F, H, I, J, and

M (the "Confidential Exhibits") to the Firestone Decl., all as more fully described in the Motion;

and the Court having reviewed the Motion; and the Court having jurisdiction to consider the

Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the
Motion.

consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

found that the relief sought in the Motion is in the best interests of the Debtors, their estates and

their creditors and that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to file portions of the Motion to

Compel, the Firestone Decl. and the Confidential Exhibits to the accompanying Firestone Decl.

under seal by delivering such documents to Chambers and to the Clerk of the Court's attention

with a letter referencing this Order; and it is further

ORDERED that materials subject to this Order shall remain under seal and

confidential and shall not be made available to any party other than the Court and the Limited

Notice Parties; *provided however*, that Giants Stadium may at any time request that the seal be

lifted and/or at its own discretion, disclose the materials at issue; and it is further

ORDERED that the Limited Notice Parties, including the parties that they

represent, shall be bound by this Order, shall at all times keep the materials subject to this Order

strictly confidential, and shall not disclose their contents to any party, except as otherwise agreed

by the Debtors and Giants Stadium and as otherwise provided for in the preceding paragraph;

and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising

from the interpretation or implementation of this Order.


Dated: August 25, 2011
New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Stipulation Governing the Production of Confidential Materials**

US_ACTIVE:\43776206\02\58399.0008

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
In re                                          :      Chapter 11
                                               :      Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :
                                               :      Jointly Administered
                        Debtors.               :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### STIPULATION GOVERNING THE PRODUCTION
### OF CONFIDENTIAL MATERIALS

In connection with Lehman Brothers Holdings, Inc. and Lehman Brothers Special

Financing, Inc.'s ("Debtors") subpoena (the "Subpoena") directed at Giants Stadium LLC

("Giants Stadium," and with Debtors, the "Parties") dated May 19, 2010 and served pursuant to

the November 23, 2009 order (the "Order") of the United States Bankruptcy Court for the

Southern District of New York granting the Debtors authority to issue subpoenas for the

production of documents and authorizing the examination of persons and entities in the Chapter

11 proceeding captioned *In re Lehman Brothers Holdings Inc., et al.* (Case No. 08-13555) (the

"Bankruptcy Case"), the Parties hereby stipulate and agree, through their undersigned counsel of

record, to the following Stipulation Governing the Production of Confidential Materials (the

"Stipulation"):

1.      This Stipulation shall govern the designation and handling of any

document, deposition testimony, electronic data, interrogatory response, response to requests for

admissions, expert report or other information disclosed or produced by or on behalf of Giants

Stadium to Debtors in response to the Subpoena or to any other subpoena issued by Debtors

pursuant to the Order (the "Discovery Materials").

2.    "Document" or "Documents" shall have the meaning set forth in Rule 26.3(c)(2) of the Local Rules of the United States District Court for the Southern District of New York.

3.    "Person" or "Persons" shall have the meaning set forth in Rule 26.3(c)(6) of the Local Rules of the United States District Court for the Southern District of New York.

4.    Giants Stadium may designate any Discovery Materials as "CONFIDENTIAL" pursuant to this Stipulation by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent. Designation of Discovery Materials as "CONFIDENTIAL" shall be based on a good faith belief by Giants Stadium that such materials contain (a) a trade secret or other confidential research, development or sensitive commercial information protected by Rule 26 of the Federal Rules of Civil Procedure, (b) information subject by law or by contract to a legally protected right of privacy, or (c) information which Giants Stadium is legally obligated to keep confidential, as reasonably determined by Giants Stadium.

5.    Except as set forth herein or in any order of the Court, Discovery Materials designated "CONFIDENTIAL" and any part of the information contained in those Discovery Materials shall not be delivered, exhibited or disclosed, directly or indirectly, to persons other than:

(a) the Court and persons employed by it or appointed by it, including mediators;

(b) court reporters, videographers or other qualified persons taking testimony;

2

(c) the Parties, including their current employees, consultants, advisors, parents, subsidiaries and affiliates, and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings, Inc. (the "Committee"), as well as the Committee's consultants, advisors, and counsel;

(d) counsel retained by the Parties hereto, and the paralegal, clerical and secretarial staff employed by such counsel;

(e) independent copying and computer services firms, or their employees, retained to copy or index any Discovery Materials;

(f) actual or potential party or non-party fact witnesses, provided there is a reasonable basis to believe that the fact witness may give relevant testimony regarding the designated Discovery Materials;

(g) expert witnesses at or in preparation for deposition or trial, provided there is a reasonable basis to believe the witness may give relevant testimony regarding the designated Discovery Materials;

(h) persons identified on the face of the Discovery Materials as having authored or previously received the Discovery Materials; and

(i) such other persons as Giants Stadium and Debtors may agree upon in writing or as ordered by the Court and further provided that nothing herein shall prevent or prejudice a Party from seeking to enlarge the recipients of Confidential information herein by making such a motion with the Court.

6.    Also, Giants Stadium may designate as "CONFIDENTIAL" any Discovery Materials produced by any other non-party consultant or advisor to Giants Stadium, to the extent that the Discovery Materials produced satisfy the standards set forth in paragraph 4 above as to Giants Stadium.

3

7.    All "CONFIDENTIAL" Discovery Materials may be used by the Parties in connection with the Bankruptcy Case, or any litigation, dispute, proceeding, or mediation arising under, or in connection with, the derivative transaction(s) (the "Transactions") entered into by Giants Stadium and Lehman Brothers Special Financing, Inc. under the standard form 1992 ISDA Master Agreements, dated July 27, 2007.

8.    Any Party wishing to designate as "CONFIDENTIAL" portions or all of any deposition testimony may do so on the record during the deposition, or within ten (10) business days after receipt of the final deposition transcript by providing written notice of the designation to the other Party and any other affected person(s).  The Party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as "CONFIDENTIAL" are appropriately marked and sealed by the reporter.  The Parties shall avoid designating entire transcripts as "CONFIDENTIAL" where only a portion thereof qualifies for such protection, and, to the extent reasonably practicable, only those portions that qualify for protection should be so designated.  To the extent that deposition testimony later designated "CONFIDENTIAL" is disclosed by a Party prior to the other Party's designation of that testimony, such disclosure shall not constitute a breach of this Stipulation, but such testimony shall thereafter be deemed "CONFIDENTIAL" for all purposes as if it had been so designated at the time it was given.  To the extent that transcripts of deposition testimony given prior to the date of this Stipulation already have been designated by agreement of two or more parties hereto as CONFIDENTIAL in their entirety, nothing herein shall be construed to, or shall, change such designation or in any way reduce the protections that it affords.

9.    Discovery Materials previously designated "CONFIDENTIAL" that are marked as exhibits during a deposition shall be treated by the Parties as "CONFIDENTIAL."

4

10.    Whenever Discovery Materials designated as "CONFIDENTIAL" are to be discussed or disclosed in a deposition, any Party discussing or disclosing such Discovery Materials must first exclude from the room any person who is not entitled to receive or review such material under this Stipulation.

11.    Any Discovery Materials that are inadvertently produced, after the entry of this Stipulation, without a "CONFIDENTIAL" designation may be subsequently redesignated by the producing Party as "CONFIDENTIAL" upon written notice making such designations by specific reference to the Bates numbers of documents previously produced.  No person shall be liable for disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of the written notice described in the previous sentence.

12.    "CONFIDENTIAL" Discovery Materials shall not be filed with the Court, absent consent of the producing Party or, to the extent consent is not obtained, unless the Party seeking to file "CONFIDENTIAL" materials first obtains from the Court an appropriate sealing order pursuant to Section 107 of the United States Bankruptcy Code or, to the extent that the Court declines to enter a sealing order, the Party seeking to file "CONFIDENTIAL" materials obtains relief from the Court from this Stipulation, enabling such materials to be filed as part of the public record.

13.    The Parties agree that all persons employed by either Giants Stadium or Debtors who are given access to protected Discovery Materials will be instructed that such persons and the Parties are bound by the terms of this Stipulation.

14.    All persons described in paragraphs 5(f), (g), and (h), and any other party who attends a deposition or Rule 2004 examination in connection with the Subpoena and is not

identified in paragraph 5, must read and agree to be bound by this Stipulation before they are given access to protected Discovery Materials. Additionally, in the event the protected Discovery Materials are used at a Rule 2004 examination, portions of the transcript of such examination shall also be treated as "CONFIDENTIAL," pursuant to this Stipulation, to the extent that said portions discuss the protected Discovery Materials.

15.    The provisions of this Stipulation, insofar as they restrict the disclosure and use of "CONFIDENTIAL" Discovery Materials, shall continue to be binding on all parties and persons subject to the terms of this Stipulation, as well as undersigned counsel, notwithstanding the final termination of the Bankruptcy Case or any adversarial proceedings commenced in connection with the Transactions.

16.    If any Party receives a subpoena seeking, or court order requiring, the production or disclosure of any "CONFIDENTIAL" Discovery Materials received from another Party, that Party shall give written notice to the producing Party within five (5) business days of receipt of such subpoena or court order, and in no event less than five (5) business days prior to the time for production of such Discovery Materials pursuant to the subpoena or court order, if possible. If such written notice cannot be made, the Party receiving the subpoena must immediately give notice to counsel for the producing Party by telephone. In no event shall production or disclosure be made before notice is given, unless the Party receiving the subpoena or court order is prohibited by law or regulatory order from providing such notice. The purpose of this paragraph is to provide the producing Party the opportunity to intervene at its own expense to object to the production of such Discovery Materials.

17.    Any Party may object at any time to the designation of any document as "CONFIDENTIAL" made by the other Party. Any such objection must be in writing to the

6

designating Party and the objecting Party must request a meeting to attempt to resolve the

dispute.  If the dispute is not resolved through this meet-and-confer process, the objecting Party

may seek appropriate relief from the Court on an expedited basis.  The designating Party shall

have the burden to demonstrate that the Discovery Materials that are the subject of any motion

before the Court were properly designated pursuant to this Stipulation and applicable law.  In the

event that a large number of such Discovery Materials are in dispute, the Parties shall use their

best efforts to agree upon a reasonable amount of time during which any Party may move the

Court for appropriate relief.  Any disputed Discovery Materials shall be treated in accordance

with their designation under this Stipulation until the Court rules otherwise.

18.    The inadvertent production of any document or other disclosure of any

document or information that the producing Party contends is subject to the attorney-client

privilege, work-product doctrine or any other privilege or immunity from disclosure shall not be

deemed a waiver in whole or in part of the claim of privilege or protection, either as to the

specific document or the information disclosed or as to any other document or information

relating thereto.  Within five (5) business days after the discovery of the inadvertent production,

the producing Party shall provide written notice to the receiving Party that privileged documents

or information have been inadvertently produced or disclosed and request the return of such

documents or information.  Any document or portion of transcript, including all copies thereof,

constituting or containing information as to which notice of inadvertent production is given shall

be returned within five (5) business days of such demand.

19.    If any Party objects to a claim of privilege or a claim of inadvertent

production given pursuant to the preceding paragraph, it shall so notify the other Party in writing.

The Parties shall attempt to resolve the dispute amicably within the five (5) business days

following such written notice.  If the dispute is not resolved, the Party claiming privilege or inadvertent production may move the Court for appropriate relief concerning the document(s) at issue.  From the time of the notification of inadvertent production, any documents or information as to which notice is given shall be deemed and treated as privileged and shall not be used for any purpose until the Court enters an order ruling otherwise, or until the Parties otherwise agree.

20.    Upon the later of (a) termination of this Stipulation, (b) the termination of all litigation or proceedings, including mediations, commenced in connection with the Transactions or (c) the resolution of all disputes between the Parties relating to the Transactions (whichever occurs latest), Giants Stadium may request the destruction or the return of all copies of all Discovery Materials produced in connection with the Rule 2004 Discovery, except those filed with the Court.  If such a request is made in writing, the recipient of such a request shall have thirty (30) days in which to (a) return all copies of the Discovery Materials, if that is the request, or (b) destroy all copies of the Discovery Materials, if that is the request, and, if the Discovery Materials are destroyed, to certify in writing that such destruction has occurred. Nothing herein shall prevent the Parties from maintaining a set of documents and pleadings filed with the Court even if those filed documents and pleadings were filed under seal and contain Confidential information.

21.    Nothing in this Stipulation shall limit Giants Stadium's use of its own documents or prevent it from disclosing its own "CONFIDENTIAL" information to any person. Such disclosures shall not affect any "CONFIDENTIAL" designations made pursuant to the terms of this Stipulation so long as disclosure is made in a manner in which is reasonably calculated to maintain the confidentiality of the information.

8

22.     The failure to designate Discovery Materials as "CONFIDENTIAL" shall not constitute a waiver of any claim outside of the Rule 2004 Discovery process or related litigation that such materials contain trade secrets or proprietary business information, or are otherwise confidential.

23.     Nothing in this Stipulation shall relieve a Party of its obligations under the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure or under any future stipulations and orders, regarding the production of documents or the making of timely responses to discovery requests.

24.     This Stipulation may be signed in counterparts.

25.     The Parties agree to be bound by the terms of this Stipulation upon the signing of the Stipulation by their respective undersigned counsel.

9

Nothing in this Stipulation shall prejudice the right of either Debtors or Giants Stadium to apply to the Court for appropriate relief.

IT IS HEREBY STIPULATED AND AGREED:

Date:_____8 / 3 / 10_____

WEIL, GOTSHAL & MANGES LLP

By:_____
    Richard W. Slack, Esq.
    Michael Firestone, Esq.
    767 Fifth Avenue
    New York, New York  10153
    Telephone:  (212) 310-8000

*Counsel for Lehman Brothers Holdings, Inc.* and *Lehman Brothers Special Financing, Inc.*

SULLIVAN & CROMWELL LLP

By:_____
    Bruce E. Clark, Esq.
    125 Broad Street
    New York, New York 10004
    Telephone:  (212) 558-4000

*Counsel for Giants Stadium LLC*

10