**Hearing Date and Time: Sept. 14, 2011, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: Sept. 7, 2011, at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark

*Attorney for Giants Stadium LLC*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |
|---|---|
| | : |
| In re | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

_____

### NOTICE OF MOTION OF GIANTS STADIUM LLC FOR LEAVE
### TO PARTICIPATE IN DEBTORS' DEPOSITION OF ROBERT TAYLOR

**PLEASE TAKE NOTICE** that, on September 14, 2011, at 10:00 a.m.

(prevailing Eastern Time), or as soon thereafter as the matter may be heard, before the

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the

United States Bankruptcy Court, Southern District of New York, One Bowling Green,

New York, New York, 10004, Giants Stadium LLC ("Giants Stadium") will move for

entry of an order (the "Motion") granting leave to participate in the Rule 2004 deposition

of Mr. Robert Taylor, which Lehman Brothers Holding Inc. ("LBHI") and Lehman

Brothers Special Financing Inc. ("LBSF") (together, the "Debtors") have subpoenaed for

September 27, 2011.

**PLEASE TAKE FURTHER NOTICE** that any objection or response to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and (i) shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General Order M-242 and the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format ("PDF"), WordPerfect, or any other Windows-based word processing format; and (ii) a hardcopy of such objection or response shall be served in accordance with General Order M-242, upon (A) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (B) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard W. Slack, Esq., Michael J. Firestone, Esq., Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (C) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); (D) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases; (E) the attorneys for any other official committee(s) appointed in these cases, and (F) Sullivan & Cromwell LLP, 125 Broad Street, New York, New York (Attn: Bruce

E. Clark, Esq.), attorneys for Giants Stadium, so as to be actually filed and received no later than September 7, 2011 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

   **PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

   **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
   August 30, 2011

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By: /s/_____
   Bruce E. Clark
   SULLIVAN & CROMWELL LLP
   125 Broad Street
   New York, New York 10004
   Telephone: (212) 558-4000
   Facsimile: (212) 558-3588

   *Attorney for Giants Stadium LLC*

**Hearing Date and Time: Sept. 14, 2011, at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: Sept. 7, 2011, at 4:00 p.m. (Prevailing Eastern Time)**

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark

*Attorney for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | : |
| In re | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

**MOTION OF GIANTS STADIUM LLC FOR LEAVE**
**TO PARTICIPATE IN DEBTORS' DEPOSITION OF ROBERT TAYLOR**

Giants Stadium LLC ("Giants Stadium") hereby moves this Court for an
order, pursuant to 11 U.S.C. § 105(a), 11 U.S.C. § 1109(b), and/or Rules 2004 and
9029(b) of the Federal Rules of Bankruptcy Procedure, directing that Lehman Brothers
Holding Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF")
(collectively, the "Debtors") allow counsel for Giants Stadium to participate in the
deposition of Mr. Robert Taylor, which Debtors have subpoenaed for September 27,
2011 (the "Motion").

INTRODUCTION

1.      Giants Stadium is the company that financed approximately 50% of the costs of construction of the New Meadowlands Stadium (the "Stadium") and manages the interests in New Meadowlands Stadium associated with The New York Football Giants.

2.      The cornerstone to financing Giants Stadium's share of the construction costs of the Stadium was two 40-year, auction-rate swap transactions sold to Giants Stadium by the Debtors (collectively, the "Transactions").    The Transactions were designed by the Debtors and effectively locked in a fixed cost of financing for Giants Stadium for 40-years, regardless of project or market risks, on favorable economic and other business terms.

3.      LBSF and LBHI breached these Transactions when LBHI filed for bankruptcy protection.    Giants Stadium prepared a statement of loss pursuant to the applicable documentation, and filed a timely proof of claim which it has been pursuing since 2008.

4.      The Debtors have not objected to Giants Stadium's claims.    Nor have the Debtors met or conferred on the claims' substance.    Instead, the Debtors have sought discovery, including the production of 63,500 pages of documents and a deposition by the Debtors of Christine Procops, Chief Financial Officer of Giants Stadium.

5.      On August 10, 2011, the Debtors noticed a subpoena directed to Mr. Robert Taylor, the former Lehman employee responsible for LBSF's negotiation of the ISDA Master Agreements governing the Transactions and for Lehman's relationship with Giants Stadium, for examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure.

6.      Because Mr. Taylor played an important part in the Transactions, which form the basis of Giants Stadium's claims against the estate, Giants Stadium should be permitted to attend and participate in Mr. Taylor's deposition, which is scheduled to occur on September 27, 2011.

7.      Giants Stadium has asked the Debtors if they would agree to Giants Stadium's counsel attending and participating in Mr. Taylor's deposition.  On August 23, 2011, the Debtors indicated that they would not object if Giants Stadium's counsel attended Mr. Taylor's deposition, but that Debtors do not agree to allow Giants Stadium's counsel to ask questions.

8.      Debtors' refusal to allow Giants Stadium to participate in Mr. Taylor's deposition is a mystifying and needless waste of resources.  There are two primary reasons why, in order to protect its claim, Giants Stadium must be afforded the opportunity to examine this fact witness;

a.      *First*, Giants Stadium must have the opportunity to clarify any testimony elicited from Mr. Taylor.  The sensitive of the Debtors' questions noticed for testimony (*see* Exhibit A, attached)—including questions about communications between Taylor and Giants Stadium or Giants Stadium's counsel—underscore the need for both parties to participate in Mr. Taylor's deposition.

b.      *Second*, Giants Stadium's claims are likely to proceed to mediation or even further proceedings, and it is important for Giants Stadium to have an equal opportunity to elicit information from Mr. Taylor to use in mediation.  Unilateral discovery will not create a fair and accurate record for mediation and will make it more difficult for the parties to resolve the claims.

## BACKGROUND

9.      On July 27, 2007, Giants Stadium and LBSF entered into the Transactions as described in two ISDA Master Agreements.   LBHI guaranteed LBSF's obligations under the ISDA Master Agreements.   Mr. Taylor was primarily responsible for LBSF's negotiation, execution, and conduct of the Transactions.

10.     LBHI and LBSF filed Chapter 11 petitions on September 15, 2008, and October 3, 2008, respectively.   LBHI's bankruptcy filing was an "Event of Default" under the ISDA Master Agreements, and on September 18, 2008, Giants Stadium exercised its rights to terminate the Transactions.   Mr. Taylor served as one of Giants Stadium's contacts at LBSF with respect to termination of the Transactions.   Giants Stadium then filed Proofs of Claim against LBSF and LBHI, in the amount of $301,804,617.14, arising from the September 18, 2008 termination of the Transactions.

11.     Debtors have not yet objected to Giants Stadium's claims, and have instead used Rule 2004's broad non-adversarial examination rules to engage in an aggressive, one-sided discovery process over the past fifteen months.   Debtors pursued broad demands for the production of Giants Stadium documents and noticed the deposition of Ms. Christine Procops, an employee of Giants Stadium, for deposition.

12.     Giants Stadium complied with both demands.   To date, Giants Stadium has produced over 63,500 pages of documents.   On May 25, 2011, Ms. Procops provided deposition testimony, including testimony on conversations and interactions that Giants Stadium had with Mr. Taylor relevant to the termination of the Transactions and the value of the Transactions to Giants Stadium.   The deposition comprised more than seven hours of litigious, strategically framed questions typical of an adversary proceeding rather

than a neutral examination.  Nonetheless, on August 10, 2011, Debtors demanded, via a new subpoena, that Giants Stadium produce a representative to answer the same questions Debtors had spent all of May 25, 2011, pursuing with Ms. Procops.

13.    Also on August 10, 2011, Debtors noticed a subpoena directed to Mr. Taylor, instructing him to testify not only on the Transactions and the underlying agreements, but also on his communications with Giants Stadium; Giants Stadium's lawyers, Sullivan & Cromwell LLP; and Goldman Sachs, which assisted Sullivan & Cromwell LLP in advising Giants Stadium.  (*See* Exhibit A, attached.)

14.    In addition, Debtors' counsel has informed Giants Stadium that the Debtors intend to move to compel Giants Stadium to produce documents it had withheld under attorney-client privilege.

15.    Faced with what is effectively one-sided, pre-trial discovery, Giants Stadium sought specific information that it deemed important pursuant to a limited Rule 2004 discovery request, filed on April 14, 2011.  The Debtors have opposed producing a single document in response.

16.    Counsel for Giants Stadium and for the Debtors met and conferred over various discovery issues on August 16 and August 23, 2011.  Counsel for the Debtors indicated that they would not object to Giants Stadium's counsel attending Mr. Taylor's deposition but would not allow counsel to ask him any questions, requiring Giants Stadium to make this motion.

<u>JURISDICTION AND VENUE</u>

17.    The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in this Motion are 11 U.S.C. § 105(a), 11 U.S.C. § 1109(b), and Rules 2004 and 9029(b) of the Federal Rules of Bankruptcy Procedure.

## RELIEF REQUESTED

18.     Giants Stadium requests the entry of an order pursuant to 11 U.S.C. § 105(a) and/or Rule 2004 to the effect that Giants Stadium may attend and participate in the Debtors' examination of Mr. Taylor on September 27, 2011.  In the alternative, Giants Stadium requests an order pursuant to Rule 2004 directing the examination of Mr. Taylor by Giants Stadium.

## ARGUMENT

19.     Giants Stadium is entitled to examine Mr. Taylor under the broad permissions of Rule 2004.  Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  Creditors are "parties-in-interest" and may conduct Rule 2004 discovery.  11 U.S.C. § 1109(b); *see, e.g.*, *In re Cacioli*, 463 F.3d 229, 233 (2d Cir. 2006).  The scope of Rule 2004 discovery includes the debtor's "acts, conduct, or property or . . . liabilities" and "any matter which may affect the administration of the debtor's estate."  Fed. R. Bankr. P. 2004(b).  In addition, "courts may authorize the examination of third parties that possess knowledge of" these matters.  *In re Enron*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).  Under Rule 2004, "good cause" for an examination is shown "if the examination is necessary to establish the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice."  *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702

(Bankr. S.D.N.Y. 1991) (finding creditor FDIC had good cause to participate in debtors'

Rule 2004 discovery process).

20.     Mr. Taylor is a fact witness to the events surrounding the negotiation and

termination of the Transactions—the basis of Giants Stadium's claims—and LBSF's

conduct under the ISDA Master Agreements.  Because Mr. Taylor's testimony relates to

Giants Stadium's claim against the Debtors' estate, the discovery necessarily relates to

the "liabilities of the debtor" and "administration of the debtor's estate."  *See* Fed. R.

Bankr. P. 2004(b).  It is important that Giants Stadium be able to ask questions to clarify

the record, refresh the witness's recollection or explore relevant questions of fact that

arise in the deposition but are left unexplored by the Debtors.  This would be true in any

event, but in fairness especially so given the prospect of a mediation process that Debtors

have used repeatedly to resolve derivative claims.

21.     In the interest of conserving the resources of all parties and promoting

judicial economy, Giants Stadium should be permitted to participate fully in the Debtors'

deposition of Mr. Taylor and cross-examine him.[1]  This would avoid wasteful duplication

of effort and would reduce the likelihood that Mr. Taylor would need to be deposed

separately by Giants Stadium.  Indeed, Debtors' refusal to consent to Giants Stadium's

---

[1]     The Court may grant this relief pursuant to its broad equitable powers to issue
orders "appropriate to carrying out the provisions of" the Bankruptcy Code (including
Rule 2004) or to facilitate reorganization. *See* 11 U.S.C. § 105(a); *Adelphia Commc'ns
Corp.* v. *The America Channel (In re Adelphia Commc'ms Corp.)*, 345 B.R. 69, 85
(Bankr. S.D.N.Y. 2006); *see also In re Drexel Burnham Lambert Group*, 123 B.R. at 711
(noting court may fashion rules for Rule 2004 discovery in its discretion).  Under Rule
9029(b), the Court may also "regulate practice" in conformity with federal law and other
bankruptcy rules where there is no controlling law.  Fed. R. Bankr. P. 9029(b); *cf. In re
Almatis B.V.*, No. 10-12308, 2010 WL 4877868, *4 (Bankr. S.D.N.Y. Nov. 24, 2010)
(Rule 2004 examinations not governed by procedural safeguards of Rule 26 of the
Federal Rules of Civil Procedure).

participation in the Taylor deposition undermines its claim to be operating non-adversarially under the embrace of Rule 2004.

22.     It is highly prejudicial to Giants Stadium for Debtors to elicit what is likely to be relevant factual testimony from Mr. Taylor without providing Giants Stadium an opportunity to elicit clarifications, corrections, or alternative interpretations of that testimony.  On the other hand, the Debtors would suffer no prejudice from the relief that Giants Stadium requests from the court—and in fact they could only benefit from a more complete and accurate understanding of the facts surrounding Giants Stadium's claim. *See In re Drexel Burnham Lambert Group*, 123 B.R. at 712 ("It is not the debtors' . . . function to prevent discovery of a claim, but rather one of their functions as fiduciaries is to see that substantial justice is provided to all estate claimants.").

23.     The balance of equities thus favors Giants Stadium's requested relief.

### NO PRIOR REQUEST

24.     No prior Motion for the relief requested herein has been made to this or any other court.

### WAIVER OF MEMORANDUM OF LAW

25.     As there are no novel issues of law relating to the Motion, Giants Stadium requests that the Court waive the requirement that Giants Stadium file a separate memorandum of law in support of the Motion.

### CONCLUSION

**WHEREFORE**, for the reasons stated herein, Giants Stadium respectfully requests that the Court enter an Order, pursuant to Rule 2004, in the form attached hereto as Exhibit B: (i) allowing Giants Stadium's counsel to attend and participate in

Mr. Taylor's deposition, and specifically to allow cross-examination; or, in the alternative, (ii) authorizing the issuance by Giants Stadium of one or more subpoenas compelling Mr. Taylor's appearance for examination at the same time and place; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 30, 2011

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:  /s/_____

Bruce E. Clark
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Attorney for Giants Stadium LLC*

**EXHIBIT A**

FORM 254-Subpoena in for Rule 2004 Examination (12/06)

# United States Bankruptcy Court

Southern _____ DISTRICT OF_____ New York

In re Lehman Brothers Holdings Inc., et al.,

**SUBPOENA FOR RULE 2004 EXAMINATION**

Debtor

Case No. <u>08-13555(JMP)</u>_____

Chapter <u>11</u>_____

To:
Robert Taylor
Care of Jennifer Parkinson
Barclays Bank PLC
745 Seventh Avenue
New York, NY 10019

☒ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Fed. R. Bankr. P., at the place, date, and time specified below, by an individual or individual(s) with knowledge of the matters and documents set forth in Exhibit A Attached Hereto. A copy of the court order authorizing the examination is also attached.

| PLACE<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153 | DATE AND TIME<br>September 27, 2011 at 9:30AM |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below.

## Topics for Testimony Requested By Exhibit A Attached Hereto

| PLACE | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE<br>8 / 10 / 11 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard W. Slack, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153; (212) 310-8000

FORM 254  Subpoena in for Rule 2004 Examination (12/06)

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:.

(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or

tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause

(c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the

information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A

## DEFINITIONS

The terms used herein shall have the meanings ascribed to them in the definitions set forth below.

1.      "Barclays" shall mean Barclays PLC and any of its affiliates.

2.      "Bonds" shall mean the $650,000,000 Project Revenue Bonds, Series 2007A (Auction Rate Securities), Subseries 2007A-1, 2007A-2, 2007A-3, 2007A-4, 2007A-5, 2007A-6, and 2007A-7, originally issued by Giants Stadium as of August 1, 2007.

3.      "Calculation Statements" shall mean the letters, and any attachments or schedules thereto, from Giants Stadium to LBSF, dated October 2, 2008.

4.      "Concerning" shall have the meaning set forth in Southern District of New York Local Civil Rule 26.3(c)(7).

5.      "Confirmations" shall mean the two amended and restated confirmations executed by Giants Stadium and LBSF, dated August 16, 2007.

6.      "Debtor" or "Debtors" shall mean LBHI and/or LBSF and/or any of their affiliates (including, but not limited to, LBI), and any person or entity acting on the Debtors' behalf or under their control.

7.      "Financing Transaction" shall mean shall mean any transaction(s) either considered or entered into by Giants Stadium to replace, refinance, or restructure the Bonds, and/or finance or refinance an open-air NFL stadium, whether or not the terms of such transaction(s) are identical to the transaction(s) relating to the Bonds.

8.      "Giants Stadium" shall mean Giants Stadium LLC and any person or entity acting on its behalf or under its control, including any of its former or current officers,

agents, advisors (such as Goldman, Sachs & Co.), counsel (such as Sullivan & Cromwell LLP), subsidiaries, affiliates, predecessors, successors, or representatives.

      9.     "Indenture Agreement" shall mean that certain Indenture of Trust, dated as of August 1, 2007, between Giants Stadium LLC, a New Jersey limited liability company, and The Bank of New York, a New York banking corporation, as trustee.

      10.     "LBHI" shall mean Lehman Brothers Holdings Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

      11.     "LBSF" shall mean Lehman Brothers Special Financing Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

      12.     "LBI" shall mean Lehman Brothers Inc. and any person or entity acting on its behalf or under its control, including any of its former or current officers, agents, subsidiaries, affiliates, predecessors, successors, or representatives.

      13.     "Master Agreement" shall mean any of the following: (i) the standard form 1992 ISDA Master Agreement and the schedule thereto, entered into by Giants Stadium and LBSF as of July 27, 2007, and insured by Financial Guaranty Insurance Company; and/or (ii) the standard form 1992 ISDA Master Agreement and the schedule thereto, entered into by Giants Stadium and LBSF as of July 27, 2007, and insured by Financial Security Assurance, Inc.

      14.     "Replacement Transaction" shall mean any transaction entered into by Giants Stadium to replace, or establish a hedge in lieu of, the Transactions following their termination, whether or not the terms of such Replacement Transaction are identical to the terms of the Transactions.

15.    "Transactions" shall mean any of the transactions, entered into pursuant to the Master Agreement, purportedly terminated by Giants Stadium in the Termination Letters.

16.    "Termination Letters" shall mean the letters from Giants Stadium to LBSF dated September 18, 2008 purporting to terminate the Transactions.

17.    "Third Supplemental Indenture" shall mean that certain Third Supplemental Indenture of Trust, dated as of September 18, 2008, between Giants Stadium LLC, a New Jersey limited liability company, and The Bank of New York Mellon, a New York banking corporation, as trustee under the Indenture Agreement, as supplemented by the First Supplemental Indenture of Trust, dated as of August 1, 2007 and by the Second Supplemental Indenture of Trust, dated as of May 15, 2008.

18.    "You" shall mean Robert Taylor.

19.    The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request all documents which might otherwise be considered to be outside of that scope.

20.    The word "each" shall mean both "each" and "every", and the word "every" shall mean both "each" and "every," as appropriate in order to bring within the scope of this Request documents which might otherwise be beyond its scope.

## RELEVANT TIME PERIOD

Unless otherwise stated, the relevant time period for each of the following topics is from and including January 1, 2006 through the present, unless otherwise indicated within the requests below.

## MATTERS FOR DEPOSITION TESTIMONY

1.    All communications by You with Giants Stadium.

2.      All communications by You with Goldman Sachs concerning Giants Stadium.

3.      All communications by You with Sullivan & Cromwell or any other lawyers representing Giants Stadium concerning Giants Stadium.

4.      The relationship between LBHI, LBSF, LBI and Giants Stadium.

5.      The relationship between Barclays and Giants Stadium after September 15, 2008.

6.      The negotiation, execution, and meaning of the (i) Master Agreement, (ii) Confirmations, (iii) Termination Letters, (iv) Calculation Letters, (v) Indenture Agreement, and (vi) Third Supplemental Indenture.

7.      The performance of any party under any or all of the (i) Master Agreement, (ii) Confirmations, (iii) Termination Letters, (iv) Calculation Letters, (v) Indenture Agreement, and (vi) Third Supplemental Indenture.

8.      Any valuation of the Transactions (whether performed by the Debtors or by some other party), both prior to and following September 18, 2008.

9.      Any auctions held in connection with the Bonds.

10.     The Bonds, including, but not limited to, their financing and valuation, and any trading of the Bonds.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
------------------------------------------------------------x

### ORDER GRANTING THE DEBTORS AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES

Upon the motion, dated November 4, 2009 (the "Motion"), of Lehman

Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant

to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing the

Debtors to issue subpoenas for the production of documents and the examination of

persons and entities that have information relevant to the administration of the Debtors'

estates, including without limitation, the Debtors' former employees, lenders, investors,

creditors and counterparties to transactions with Debtors, as more fully set forth in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested

therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of

Cases to Bankruptcy Court Judges of the District Court for the Southern District of New

York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due

and proper notice of the Motion having been provided, and it appearing that no other or

further notice need be provided; and the Court having reviewed the Motion; and approval

of the relief requested in the Motion being within the sound discretion of the Court; and

the Court having determined that the relief sought in the Motion is in the best interests of

the Debtors, their creditors and all parties in interest; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and upon all of the proceedings had before the Court and after due

deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, pursuant to Bankruptcy Rule

2004, to issue such subpoenas as may be necessary to compel the production of

documents and the testimony of witnesses in connection with the administration of these

cases; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor,

witnesses shall have thirty (30) days from the service of a subpoena to either (1) begin

production on a rolling basis, which production shall be completed prior to the later of

seventy-five (75) days from the service of a subpoena or such other date agreed to by the

Debtor and the witness, to the Debtor of responsive documents requested in the Debtor's

subpoena, other than those documents withheld under a claim of privilege or (2) serve on

the Debtor any objections to the subpoena; and it is further

ORDERED that, if the Debtor and an objecting witness cannot resolve the

objection within ten (10) days following the date such objection is served on the Debtor

(or such later date agreed to by the Debtor and the witness), the witness shall either (i)

2

produce responsive documents in accordance with this Order or (ii) file the objection

with the Court and promptly schedule a hearing; and it is further

ORDERED that, unless otherwise agreed to by the applicable Debtor, if a

witness withholds any documents from the production based upon a claim of privilege,

such witness is directed to provide counsel for the Debtor with a privilege log, containing

the information required under Bankruptcy Rule 7026, within ten (10) days following the

completion of the production of documents; and it is further

ORDERED that, the witness is directed to submit to oral examination

upon reasonable notice and, absent other agreement with the Debtor, within thirty (30)

days of the date of the service of a deposition subpoena upon such witness (unless such

subpoena is the subject of an objection); and it is further

ORDERED that, nothing herein shall limit the rights of any witness or any

other party under applicable law to object to or oppose any subpoena the Debtors may

serve upon such witness; and it is further

ORDERED that, in accordance with Bankruptcy Rules 2004 and 9016, the

Clerk of this Court shall issue subpoenas, signed, but otherwise in blank, as requested by

the Debtors; and it is further

ORDERED that the Debtors shall serve each subpoena and a copy of this

Order on the party subject to the subpoena, with a copy to (i) the Securities and Exchange

Commission; (ii) the Internal Revenue Service; (iii) the United States Attorney for the

Southern District of New York and (iv) counsel for the party subject to such subpoena

that has appeared in these cases; and it is further

3

ORDERED that within three (3) days following the service of a subpoena, the Debtors shall file with the Court notice of each subpoena, naming the witness and setting forth the date, time and place of any examination; and it is further

ORDERED that, notwithstanding the request for certain documents or information in a subpoena, witnesses shall not be required to produce to the Debtors any documents or information that have been previously provided to the Debtors by a witness either in connection with the claims filing process or otherwise; and it is further

ORDERED that, the Debtors shall not serve a subpoena pursuant this Order on any party for any documents or information or for an oral examination related to a derivative contract for which such party has received a Derivatives ADR Package pursuant to the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts* [Docket No. 5207] and such mediation has not yet been terminated by the mediator; and it is further

ORDERED that the Debtors shall file with the Court an affidavit or declaration of service for each subpoena it serves; and it is further

ORDERED that, this Court shall retain jurisdiction to resolve any disputes arising or related to this Order including any discovery disputes that may arise between or among the parties and to interpret, implement and enforce the provisions of this Order; and it is further

ORDERED that, this Order is without prejudice to the Debtors' right to

file further motions seeking additional documents and testimony pursuant to Bankruptcy

Rule 2004(a) or any other applicable law.

Dated: New York, New York
       November 23, 2009

                                    s/ James M. Peck
                                    _____
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

|                                           |   |                          |
|-------------------------------------------|---|--------------------------|
|                                           | : |                          |
| In re                                     | : | Chapter 11               |
|                                           | : |                          |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*,  | : | Case No. 08-13555 (JMP)  |
|                                           | : |                          |
| Debtors.                                  | : | Jointly Administered     |
|                                           | : |                          |

_____

### ORDER ON MOTION OF GIANTS STADIUM LLC FOR LEAVE
### TO PARTICIPATE IN DEBTORS' DEPOSITION OF ROBERT TAYLOR

Upon the motion (the "Motion") of Giants Stadium LLC ("Giants Stadium") for the entry of an order, pursuant to 11 U.S.C. § 105(a), 11 U.S.C. § 1109(b) and Rules 2004 and 9029(b) of the Federal Rules of Bankruptcy Procedure, (i) allowing Giants Stadium's counsel to attend and participate in Mr. Taylor's deposition, and specifically to allow cross-examination; or, in the alternative, (ii) authorizing the issuance by Giants Stadium of one or more subpoenas compelling Mr. Taylor's appearance for examination; and upon consideration of the Motion; and due and appropriate notice of the Motion having been given, it is hereby **ORDERED** that:

1.      The Motion is GRANTED.

2.      The Debtors are instructed to allow Giants Stadium to attend and participate in their deposition of Robert Taylor, scheduled for September 27, 2011, to the same extent a litigant would be permitted to participate in the deposition of a third-party witness under the Federal Rules of Civil Procedure.

3.      Robert Taylor shall make himself available for a deposition by Giants Stadium on September 27, 2011, commencing at 9:30 a.m. (prevailing Eastern Time), at

the offices of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York,

New York 10153, or at such other date, time, or place as Giants Stadium may agree.

     4.     Giants Stadium is authorized to issue subpoenas, pursuant to Federal Rule

of Bankruptcy Procedure 9016, as necessary for the above-ordered deposition.

Dated: _____, 2011
     New York, New York

                   _____
                   THE HONORABLE JAMES M. PECK
                   UNITED STATES BANKRUPTCY JUDGE