**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
In re                                            :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :    **08 - 13555 (JMP)**
:
     **Debtors.**                             :    **(Jointly Administered)**
:
-------------------------------------------------------------------x

### ORDER (I) APPROVING THE PROPOSED DISCLOSURE STATEMENT AND THE FORM AND MANNER OF NOTICE OF THE DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING A CONFIRMATION HEARING, AND (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR <u>CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11 PLAN</u>

Upon the motion (the "<u>Motion</u>")[1] dated June 29, 2011 of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "<u>Debtors</u>" and, together with their non-debtor

affiliates, "<u>Lehman</u>"), pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 3017, 3018, 3020, 9013, 9014 and

9021 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 2002-1,

3017-1, 3018-1, 3020-1, 9013-1 and 9021-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>"), for an order (i)

approving the Debtors' proposed Disclosure Statement (the "<u>Proposed Disclosure Statement</u>")

for the Debtors' Revised Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings

Inc. and its Affiliated Debtors, dated August 24, 2011 (as it may be further amended or modified,

the "<u>Plan</u>") and the form and manner of notice of the hearing to consider the Proposed Disclosure

Statement; (ii) establishing solicitation and voting procedures; (iii) scheduling a confirmation

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

hearing; and (iv) establishing notice and objection procedures for objections, if any, to confirmation of the Plan, all as more fully described in the Motion; and upon the Supplement to the Motion, dated July 13, 2011 [ECF No. 18497]; and the Court having held a hearing to consider the relief requested (the "Hearing") with the appearances of all interested parties having been noted; and upon all of the proceedings had before the Court; and after due consideration, it is

ORDERED, FOUND, ADJUDGED AND DECREED:

**Jurisdiction and Venue**

A.      Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

B.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

**The Disclosure Statement**

D.      As to each of the Debtors, the Proposed Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code, and no further information is necessary.

**Balloting and Voting Procedures**

E.      The procedures, set forth below, for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with sections 1125 and 1126 of the Bankruptcy Code.

*Ballots*

F.     The forms of the ballots substantially in the forms annexed hereto as Exhibits 3A-3E (collectively, the "Ballots"), including all voting instructions provided therein, are consistent with Official Form No. 14, address the particular needs of these chapter 11 cases, and provide adequate information and instructions for each entity entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

*Parties Entitled to Vote*

G.     Claims in LBHI Class 1 (Priority Non-Tax Claims), LBHI Class 2 (Secured Claims), LBHI Class 3 (Senior Unsecured Claims), LBHI Class 4A (Senior Affiliate Claims), LBHI Class 4B (Senior Affiliate Guarantee Claims), LBHI Class 5 (Senior Third-Party Guarantee Claims), LBHI Class 6A (Convenience Claims), LBHI Class 6B (Convenience Guarantee Claims), LBHI Class 7 (General Unsecured Claims), LBHI Class 8 (Affiliate Claims), LBHI Class 9A (Third-Party Guarantee Claims other than of the Racers Trusts), LBHI Class 9B (Third-Party Guarantee Claims of the Racers Trusts), Participating Subsidiary Debtor[2] Class 1 (Priority Non-Tax Claims), Participating Subsidiary Debtor Class 2 (Secured Claims), Participating Subsidiary Debtor Class 3 (Convenience Claims), Participating Subsidiary Debtor, other than Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Special Financing Inc. ("LBSF"), Class 4 (General Unsecured Claims), Participating Subsidiary Debtor Class 5A (Affiliate Claims of LBHI), Participating Subsidiary Debtor Class 5B (Affiliate Claims of Participating Subsidiary Debtors), Participating Subsidiary Debtor Class 5C (Affiliate Claims of Affiliates other than LBHI and Participating Subsidiary Debtors), LCPI Class 4A (General

---

[2] "Participating Subsidiary Debtor" means, as applicable, Lehman Commercial Paper Inc.; Lehman Brothers Commodities Services Inc.; Lehman Brothers Special Financing Inc.; Lehman Brothers OTC Derivatives Inc.; or Lehman Brothers Commercial Corporation.

Unsecured Claims other than those of Designated Entities[3]), LCPI Class 4B (General Unsecured Claims of Designated Entities), LBSF Class 4A (General Unsecured Claims other than those of the Racers Trusts), LBSF Class 4B (General Unsecured Claims of the Racers Trusts), Non-Participating Subsidiary Debtor[4] Class 1 (Priority Non-Tax Claims), Non-Participating Subsidiary Debtor Class 2 (Secured Claims), Non-Participating Subsidiary Debtor Class 3 (General Unsecured Claims), Non-Participating Subsidiary Debtor Class 4A (Affiliate Claims of LBHI), and Non-Participating Subsidiary Debtor Class 4B (Affiliate Claims of Affiliates other than LBHI) are impaired and, accordingly, holders of such claims are entitled to vote on account of such claims (collectively, "Voting Creditors" and the classes containing such Voting Creditors defined as, collectively, "Voting Classes").

H.      Notwithstanding anything to the contrary in paragraph 28 of the Motion, Voting Creditors includes (a) (i) each Debtor and (ii) any Debtor-Controlled Entity (as defined in the Plan) and (b) claimant/creditors who have timely filed proofs of claim based on a public security issued by LBHI (i) where no proof of claim has been filed by an indenture trustee on behalf of the issuance, (ii) that is not an LBHI Issued LPS, and (iii) that is not listed on the Master List of Securities (as defined in the Bar Date Order).

*Parties Not Entitled to Vote*

I.      LBHI Class 10A (Subordinated Class 10A Claims), LBHI Class 10B (Subordinated Class 10B Claims), LBHI Class 10C (Subordinated Class 10C Claims), LBHI

---

[3] "Designated Entity" means, as applicable, Restructured Assets with Enhanced Returns 2007-7-MM Trust, Restructured Assets with Enhanced Returns Series 2007-A Trust, and Fenway Capital, LLC.

[4] "Non-Participating Subsidiary Debtor" means, as applicable, LB 745 LLC; PAMI Statler Arms LLC; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Lehman Scottish Finance L.P.; Luxembourg Residential Properties Loan Finance S.a.r.l.; BNC Mortgage LLC; LB Rose Ranch LLC; Structured Asset Securities Corporation; LB 2080 Kalakaua Owners LLC; Merit, LLC; LB Preferred Somerset LLC; LB Somerset LLC; Lehman Brothers Derivative Products Inc.; or Lehman Brothers Financial Products Inc.

Class 11 (Section 510(b) Claims), LBHI Class 12 (Equity Interests), Participating Subsidiary Debtor Class 6 (Equity Interests), and Non-Participating Debtor Class 5 (Equity Interests) under the Plan (the "Non-Voting Impaired Classes") will not receive or retain any property under the Plan and, accordingly, holders of such claims and equity interests are deemed to have rejected the Plan and are not entitled to vote on account of such claims or equity interests.

### *Notice of Non-Voting Status*

J.      The Notice of Non-Voting Status, substantially in the form annexed hereto as Exhibit 4, complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and, together with the Confirmation Hearing Notice, provides adequate notice to holders of claims and equity interests in the Non-Voting Impaired Classes of their non-voting status.  No further notice is necessary.

### *Plan and Solicitation Notice*

K.      The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and all related matters.

L.      The period, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable and sufficient period of time for Voting Creditors to make an informed decision whether to accept or reject the Plan and timely return Ballots evidencing such decision.

### The Confirmation Hearing

M.      The procedures, set forth below, regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and for filing objections or responses to the Plan, provide due, proper,

and adequate notice and comply with Bankruptcy Rules 2002 and 3017.

**Disclosure Statement Notice**

N.      Actual notice of the Hearing and the deadline for filing objections or responses to the Proposed Disclosure Statement (the "<u>Disclosure Statement Notice</u>") was provided to the Notice Parties and any other known holders of claims against or equity interests in the Debtors, and such notice constitutes good and sufficient notice to all interested parties and no further notice is necessary.

O.      The form and manner of notice of the time set for filing objections or responses to, and the time, date, and place of, the Hearing to consider the approval of the Disclosure Statement was adequate and complies with due process.

P.      All notices to be provided pursuant to the procedures hereby approved constitute good and sufficient notice to all parties in interest as to all matters relating to the Proposed Disclosure Statement and the Confirmation Hearing and no other or further notice need be provided.

Q.      The Motion establishes just and sufficient cause to grant the relief requested.

NOW, THEREFORE:

1.      The Motion is granted as hereafter set forth.

**Disclosure Statement**

2.      The Disclosure Statement as proposed by each of the Debtors is **APPROVED**.

3.      All objections to the Proposed Disclosure Statement that have not been withdrawn, deferred to the Confirmation Hearing or resolved previously or at the Hearing hereby are overruled.

**Solicitation and Voting Procedures**

4.      The deadline for filing and serving objections, if any, to claims solely for purposes of determining which claimant/creditors are entitled to vote to accept or reject the Plan ("Objections for Voting Purposes") is **September 16, 2011** or as otherwise ordered by the Court or agreed by the relevant parties (the "Voting Purposes Objection Deadline").  The Voting Purposes Objection Deadline is for the limited purpose of entitlement to vote to accept or reject the Plan.  This deadline is not applicable or relevant to any other potential objections to the allowance of any claim or equity interest.

*Temporary Allowance of Claims*

5.      Solely for purposes of voting to accept or reject the Plan, and without prejudice to the rights of the Debtors or any other party in interest in any other context, each claim within the Voting Classes is temporarily allowed in an amount equal to the amount of the claim as set forth in (a) the Schedules, (b) the filed proof of claim as reflected in the claims register maintained by Epiq as of the Record Date, (c) the Debtors' Claims Schedule (as defined in the Plan), or (d) any notices or stipulations that the Debtors file with the Court, subject to the following exceptions:

(a)      Pursuant to the order entered by this Court authorizing the Debtors to calculate the amount of claims based on structured securities issued or guaranteed by LBHI in accordance with specified valuation methodologies, such claims will be allowed in the amount determined in accordance with such valuation methodologies;

(b)      If a proof of claim was timely filed in accordance with the applicable procedures set forth in the Bar Date Order, in an amount that is liquidated, non-contingent, and undisputed, such claim is temporarily allowed in the

amount set forth in the proof of claim, unless such claim is disputed as set forth in subparagraph (h) below;

(c)     If a claim for which a proof of claim has been timely filed is contingent or unliquidated (as determined on the face of the claim or after a review of the supporting documentation by the Debtors or their agent, in consultation with the Creditors' Committee), the claimant/creditor is allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(d)     If a claim has been allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(e)     If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or the LPS Bar Date, as applicable, or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline such claim is disallowed for voting purposes;

(f)     If a claim is (i) listed in the Schedules or represented by a timely filed proof of claim as contingent, unliquidated, or disputed in part, or (ii) determined by the Debtors or their agent, in consultation with the Creditors' Committee, to be contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only;

(g)     Notwithstanding anything to the contrary contained herein, if an unsecured claim for which a proof of claim has been timely filed also contains a secured claim in an unliquidated amount based solely on a reservation of a right of setoff, the claimant/creditor is only entitled to vote the unsecured claim in the applicable unsecured Plan class and is not entitled to vote the secured claim in the otherwise applicable secured Plan class.

(h)     If the Debtors have filed an objection to a claim no later than the Voting Purposes Objection Deadline, such claim is temporarily disallowed for voting purposes, except as otherwise ordered by the Court; *provided, however*, that if the Debtors' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim is temporarily allowed for voting purposes in the reduced amount and/or as reclassified, except as otherwise ordered by the Court before the Voting Deadline;

(i)     Notwithstanding anything to the contrary contained herein, the classification of a claim indicated on the Ballot of a claimant/creditor shall be without prejudice to the Debtors' ability to reclassify such claim in a

different class or such claimant/creditor's ability to challenge the classification of such claim.

(j)     If a claim is allowed pursuant to an order of the Court on or before **November 4, 2011**, then such claimant/creditor will be entitled to vote to accept or reject the Plan in accordance with the terms of such order;

(k)     Notwithstanding anything to the contrary contained herein, any claimant/creditor who has filed a claim that is duplicative of another claim(s) within the same Voting Class, as determined by the Debtors or their agent, in consultation with the Creditors' Committee, shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claim(s).

6.     If any claimant/creditor elects to challenge the amount, allowance, or classification of its claim for voting purposes, such claimant/creditor may file with this Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including the temporary allowance or reclassification of its claim for voting purposes.  The claimant/creditor's Ballot shall not be counted, unless temporarily allowed by an order entered on or before **November 4, 2011** or as otherwise ordered by the Court at any time.  The following procedures shall apply to any Temporary Allowance Request Motions:

(1)     All Temporary Allowance Request Motions shall be filed and served on or before the 14th day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection, if any, as to that specific claim, but in no event later than **October 7, 2011**;

(2)     All objections and responses to Temporary Allowance Request Motions shall be filed and served on or before **October 14, 2011**;

(3)     A claimant/creditor may file a reply to any objection or response to its motion on or before **October 21, 2011**;

(4)     Any order temporarily allowing such claims shall be entered on or before **November 4, 2011** or as otherwise ordered by the Court at any time.

7.      The Debtors and a claimant/creditor may agree to treatment of specific claims for voting purposes only pursuant to a notice or stipulation that is filed with the Court by the Debtors or the relevant claimant/creditor.

8.      Temporary Allowance Request Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) set forth the name of the claimant/creditor(s) pursuing the Temporary Allowance Request Motion; (d) set forth the name of the Debtor(s) against which the claim(s) is/are asserted; (e) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (f) be filed and served in accordance with the Case Management Order, in each case so as to be received by the Notice Parties (with a copy to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004, Courtroom 601) no later than **October 7, 2011** or as otherwise agreed by the relevant parties.  Temporary Allowance Request Motions not compliant with the foregoing shall not be considered by the Court and deemed denied except as otherwise ordered by the Court.

9.      Any claimant/creditor timely filing and serving a Temporary Allowance Request Motion shall be provided with a Ballot and shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline, pending a final determination of such motion by the Court.

10.      If the Debtors and such claimant/creditor are unable to resolve the issues raised by the Temporary Allowance Request Motion prior to the Voting Deadline, such Temporary Allowance Request Motion shall be considered by the Court at such time as the Court shall direct.  At such hearing, the Court shall determine whether the provisional Ballot

should be allowed to any extent for voting purposes and the amount(s) of the claim(s) that may be voted.

### *The Record Date*

11.     The Record Date is **August 1, 2011**.

### *Solicitation Packages*

12.     The Debtors shall assemble, or cause to be assembled, the Solicitation Packages and shall transmit, or cause to be transmitted, the Solicitation Packages by **September 23, 2011** or as soon thereafter as reasonably practicable, but no later than September 30, 2011 (the "Service Period") to (a) the U.S. Trustee, (b) attorneys for the Creditors' Committee; (c) the SEC; (d) the IRS, (e) the DOJ, (f) any other party requesting service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002, (g) all claimant/creditors who are listed on the Debtors' Schedules or who have filed a Proof of Claim by the General Bar Date or the LPS Bar Date, as applicable, and (h) all known equity interest holders.

13.     Each Solicitation Package shall contain a copy of –

      (a)     the Disclosure Statement Order (without attachments);

      (b)     the Confirmation Hearing Notice;

      (c)     the Disclosure Statement, including the Plan as an attachment;

      (d)     if the recipient is a Voting Creditor or Voting Nominee, a Ballot in the form described below, and, as appropriate, a postage-prepaid envelope; **OR**

      (e)     notwithstanding the foregoing, if the recipient is a holder of claim or equity interest in a Non-Voting Impaired Class, then **only** a Notice of Non-Voting Status and the Confirmation Hearing Notice; and

      (f)     such other materials as may be ordered or permitted by the Court.

14.     The Solicitation Packages are **APPROVED**.

15.     The Debtors may transmit the Solicitation Packages (with the exception of Ballots and the Confirmation Hearing Notice, which will be provided in printed hard copy) in a CD-ROM format instead of printed hard copies.  If requested, in writing, by a claimant/creditor or equity interest holder, printed hard copies shall be provided to such person.

16.     For Disclosure Statement Notices returned as undeliverable, after the Debtors have confirmed that there was no error on the part of the Debtors or Epiq in the addressing of such undeliverable Disclosure Statement Notices, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the end of the Service Period, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

17.     The Debtors shall publish the Confirmation Hearing Notice (substantially in the form attached hereto as Exhibit 2) in the national and global editions of the *Wall Street Journal*, the *Financial Times*, the national edition of *The New York Times*, and the *Times of London* once within ten (10) business days after entry of this Order.  In addition, unless otherwise determined by the Court or the Debtors, in consultation with the Creditors' Committee, the Debtors shall publish, not later than sixty (60) days prior to the Confirmation Hearing, the Confirmation Hearing Notice (translated into the appropriate language, if necessary) in national newspaper in each of Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Australia, and Japan.

*Ballots*

18.     The forms of Ballots are **APPROVED**.

19.     The Voting Deadline is **November 4, 2011 at 4:00 p.m. (Eastern Time)**.

20.     To be counted as a vote to accept or reject the Plan, each General Ballot, Secured Claim Ballot, and Master Ballot must be properly executed, completed, and delivered to Epiq by (i) mail, (ii) courier, or (iii) personal delivery, so that it is <u>actually</u> <u>received</u> by Epiq no later than the Voting Deadline.[5]

21.     Except (i) for claims that arise from ownership of a debt security, (ii) as otherwise ordered by the Court, or (iii) as otherwise agreed by the relevant parties and filed with the Court by the Debtors, holders of claims against any of the Debtors in the classes set forth below shall receive a Ballot substantially in the form annexed to the Proposed Disclosure Statement Order as <u>Exhibit 3A</u> ("<u>General Ballot A</u>"), which may be non-substantively marked and identified to the specific class of claimant/creditors.

(a)     Priority Non-Tax Claims (LBHI Class 1, Participating Subsidiary Debtor Class 1, Non-Participating Subsidiary Debtor Class 1)

(b)     Senior Affiliate Claims (LBHI Class 4A)

(c)     Senior Affiliate Guarantee Claims (LBHI Class 4B)

---

[5] As there are a significant number of debt securities entitled to vote on the Plan, at the option of the Voting Nominee, beneficial holders may relay votes or voting instructions electronically to the Voting Nominee or the entity preparing the Master Ballot on such Voting Nominee's behalf, and Voting Nominees may use their customary procedures for obtaining such votes electronically. Correspondingly, the Beneficial Ballots shall provide that "*Submission of electronic instructions to your Voting Nominee (if permitted by such Voting Nominee) shall have the same effect as if you had completed and returned a physical Ballot. By making an electronic submission, you are representing that you reviewed the Ballot in its entirety and have received a copy of the Plan and Disclosure Statement for your review and consideration.*" In addition, the entity preparing the Master Ballot shall be required to retain submitted votes for the same period of time they would be required to retain a physical Ballot under applicable law or pursuant to any contractual obligation. Voting Nominees shall relay votes in one of the following ways: (1) hard copy Master Ballot with all voting information contained therein; (2) hard copy Master Ballot with a hard copy schedule of the voted accounts being transmitted; (3) hard copy Master Ballot with a summary total and CD-ROM with an Excel file containing the voted accounts being transmitted; or (4) in the case of a Voting Nominee not in the United States, via email with an attached Excel file containing the voted accounts being transmitted. In addition, the foregoing procedures shall apply to a nominee submitting a General Ballot in LBHI Class 5 (Senior Third-Party Guarantee Claims) with an attached schedule that details the votes of underlying holders.

(d)     Convenience Claims and Convenience Guarantee Claims (LBHI Class 6A-6B, Participating Subsidiary Debtor Class 3)

(e)     Third-Party Guarantee Claims of the Racers Trusts (LBHI Class 9B)

(f)     General Unsecured Claims of Designated Entities Against LCPI (LCPI Class 4B)

(g)     General Unsecured Claims of the Racers Trusts Against LBSF (LBSF Class 4B)

(h)     General Unsecured (Non-Participating Subsidiary Debtor Class 3)

(i)     Affiliate Claims (LBHI Class 8, Participating Subsidiary Debtor Classes 5A-5C, Non-Participating Debtors Classes 4A-4B)

(j)     Claims filed by a nominee in the classes set forth in paragraph 22(a)-(f) below.

22.     Except (i) for claims that arise from ownership of a debt security, (ii) as otherwise ordered by the Court, or (iii) as otherwise agreed by the relevant parties and filed with the Court by the Debtors, holders of claims against LBHI and any of the Participating Subsidiary Debtors in the classes set forth below shall receive a Ballot substantially in the form annexed to the Proposed Disclosure Statement Order as <u>Exhibit 3B</u> ("<u>General Ballot B</u>" and together with General Ballot A, the "<u>General Ballots</u>"), containing an election to be treated as a Convenience Claim or a Convenience Guarantee Claim, which Ballot may be non-substantively marked and identified to the specific class of claimant/creditors.

(a)     Senior Unsecured Claims (LBHI Class 3)

(b)     Senior Third-Party Guarantee Claims (LBHI Class 5)

(c)     General Unsecured (LBHI Class 7, Participating Subsidiary Debtors other than LCPI and LBSF Class 4)

(d)     General Unsecured Claims other than those of the Racers Trusts (LBSF Class 4A)

(e)     General Unsecured Claims other than those of Designated Entities (LCPI Class 4A)

(f)	Third-Party Guarantee Claims other than of the Racers Trusts (LBHI Class 9A)

23.	Holders of Secured Claims against any of the Debtors (LBHI Class 2, Participating Subsidiary Debtors Class 2, and Non-Participating Subsidiary Debtor Class 2) shall receive a Ballot substantially in the form annexed hereto as <u>Exhibit 3C</u> (the "<u>Secured Claim Ballot</u>"), which may be non-substantively marked and identified to the specific class of claimant/creditors.

24.	Ballots to be provided to holders of debt securities of LBHI within LBHI Class 3 (Senior Unsecured Claims) shall be in substantially the same form as the General Ballot; ***provided***, ***however***, that, unless otherwise (i) ordered by the Court or (ii) agreed by the relevant parties and filed with the Court by the Debtors, entities that hold a claim as a nominee for the benefit of one or more beneficial holders (collectively, the "<u>Voting Nominees</u>") shall be provided with (a) Solicitation Packages for each beneficial holder represented by the Voting Nominee, which shall contain a Ballot substantially in the form annexed to the Proposed Disclosure Statement Order as <u>Exhibit 3D</u> (the "<u>Beneficial Ballot</u>") and (b) a master ballot, substantially in the form annexed to the Proposed Disclosure Statement Order as <u>Exhibit 3E</u> (the "<u>Master Ballot</u>").[6]  Both the form of Master Ballot and the form of Beneficial Ballot may be non-substantively marked and identified to the specific class of claimant/creditors.[7]  The holder of a claim based on a debt security within LBHI Class 3 (Senior Unsecured Claims) (i) that did not

---

[6] To the extent there are any public securities held through international depositories (such as Euroclear or Clearstream), Epiq shall distribute the Solicitation Packages and Master Ballots to such international depositories via electronic transmission as required by such international depositories.  The international depositories shall then distribute the Solicitation Packages and Master Ballots to Voting Nominees and beneficial holders, as appropriate, in accordance with their customary practices and obtain acceptances or rejections also in accordance with their customary practices.

[7] In accordance with customary public security solicitation procedures, the Master Ballots shall be distributed to Voting Nominees approximately **seven (7) calendar days** after the initial distribution of the Solicitation Packages containing Beneficial Ballots to the Voting Nominees.

appear on the Master List of Securities (as defined in the Bar Date Notice) and (ii) for which an indenture trustee did not file a proof of claim, shall be responsible for submitting the General Ballot on account of such claim and should not rely on a Voting Nominee to process any votes with respect to such debt security.

25. A Voting Nominee shall have two options as to acceptance or rejection of the Plan. The Voting Nominee may elect to (a) "prevalidate" the Beneficial Ballot, i.e., forward the Solicitation Package to the beneficial holder, and instruct the beneficial holder to return the executed Beneficial Ballot to Epiq, or (b) forward the Solicitation Package to the beneficial holder with instructions for the beneficial holder to return the Beneficial Ballot to the Voting Nominee. To be "prevalidated," a Beneficial Ballot shall be executed by the Voting Nominee and state the amount of the underlying securities, with the corresponding account numbers. If the Voting Nominee elects option (b), upon return of the Beneficial Ballots, the Voting Nominee shall tabulate the Beneficial Ballots on a Master Ballot and return the Master Ballot to Epiq. In either instance, the Voting Nominee shall provide the beneficial holder with the appropriate materials within **seven (7) business days** of receipt of the Solicitation Packages.

26. The Debtors shall reimburse each Voting Nominee for its documented, reasonable and customary out-of-pocket external costs and expenses associated with distribution of the Solicitation Packages and tabulation of the Beneficial Ballots.

27. For the holders of claims in LBHI Class 5 (Senior Third-Party Guarantee Claims) based on LPS that were not issued by LBHI, but rather were issued by affiliates of LBHI, a General Ballot shall be provided that may be non-substantively marked and identified to the specific class of claimant/creditors; ***provided***, ***however***, that to the extent a nominee receives a General Ballot in connection with a claim in LBHI Class 5 (Senior Third-Party Guarantee

Claims) filed on behalf of one or more underlying holders, such nominee may utilize a copy of such General Ballot to obtain the votes of such underlying holders and shall be entitled to submit the General Ballot with an attached schedule, the form of which will be provided by Epiq upon request, to detail the votes of such underlying holders, and Epiq shall tabulate such General Ballot in accordance with the attached schedule and in an amount not to exceed the amount of the applicable claim.  The form of General Ballot and the form of attached schedule may be non-substantively marked and identified to the specific class of claimant/creditors.  Nominee, as used in this paragraph, shall include (i) any bank, broker, custodian, or other party that is the record holder of any LPS (including as a result of the sale of a claim or a portion thereof) and (ii) any indenture trustee for any LPS that were not issued by LBHI, that filed a proof of claim based on an alleged guarantee of such LPS on behalf of the beneficial holders thereof.  Parties that filed proofs of claim for which there is no nominee will be responsible for filing their individual Ballots.

28.     Authority is granted to extend, in good faith, for any reason deemed appropriate by the Debtors, the time during which Ballots may be accepted and included in tabulations from any claimant/creditor or class of claimant/creditors.  Such extensions shall be made by the Debtors, in consultation with the Creditors' Committee, by oral or written notice to Epiq.  Any instance in which the Voting Deadline is extended shall be highlighted and listed in the Voting Certification filed by Epiq.

### *Notice of Non-Voting Status*

29.     The Notice of Non-Voting Status is **APPROVED**.

*Tabulation Procedures*

30.     The following procedures for tabulating Ballots are **APPROVED**:

(a)     Whenever a claimant/creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b)     The following Ballots shall not be counted:

(1)     Any Ballot that is completed, executed, and timely returned to Epiq, but does not indicate either an acceptance or rejection of the Plan;

(2)     Any Ballot that is completed, executed, and timely returned to Epiq, but indicates both an acceptance and a rejection of the Plan;

(3)     Any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing as to such Ballot;

(4)     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant/creditor;

(5)     Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(6)     Any unsigned Ballot; or

(7)     Any Ballot transmitted to Epiq by facsimile or other means not specifically approved hereby.

(c)     A claimant/creditor who is determined by the Debtors, in consultation with the Creditors' Committee, to have traded claims within the same class for the purpose of creating separate claims for voting purposes and determination of numerosity shall be entitled to only one vote in the aggregate dollar amount of all such claims.

31.     The following additional procedures shall apply with respect to tabulating

Master Ballots:

(a)     votes cast by holders of debt securities through Voting Nominees shall be applied to the applicable positions held by such Voting Nominees as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee shall not be counted in excess of the

amount of debt securities held by such Voting Nominee as of the Record Date;

(b)      if conflicting votes or "over-votes" are submitted by a Voting Nominee, the Debtors shall use reasonable efforts to reconcile discrepancies with the Voting Nominee;

(c)      if over-votes are submitted by a Voting Nominee which are not reconciled prior to the preparation of the Voting Certification, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Voting Nominee, but only to the extent of the Voting Nominee's Record Date position in the debt securities;

(d)      for the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its debt securities; any principal amounts thus voted will be thereafter adjusted by Epiq, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(e)      a single Voting Nominee may complete and deliver to Epiq multiple Master Ballots. Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior Master Ballot.

     32.      The Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; provided, however, that (i) any such waivers shall be documented in the Vote Certification (as defined below), and (ii) neither the Debtors, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the Vote Certification, nor will any of them incur any liability for failure to provide such notification.

     33.      For the purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 (not applicable to publicly traded notes, bonds, and debentures) shall be

recognized unless documentation evidencing such transfer was filed with the Court on or before the Record Date.

34. <u>Withdrawal of Vote</u>. Any claimant/creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw, subject to any rights of the Debtors or the Creditors' Committee to contest the validity of any such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to Epiq, at any time prior to the Voting Deadline; *provided, however*, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification to be filed by Epiq. A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be executed by the withdrawing claimant/creditor, (c) contain a certification that the withdrawing claimant/creditor owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn and (d) be received by Epiq prior to the Voting Deadline.

35. <u>Changing Votes</u>. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last properly completed Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and shall supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to any rights of the Debtors or the Creditors' Committee to object to the validity or allowance for voting purposes of the later Ballot or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the next-most recent properly completed Ballot or Master Ballot received by Epiq for all purposes; *provided, however*, that as to any instance in which a

vote is changed by the filing of a superseding Ballot, the Voting Certification to be filed by Epiq shall indicate the changing of the particular vote.

36.     No Division of Claims or Votes.  Except as set forth below and as it may relate to the procedures applicable to Master Ballots or as set forth in paragraph 27 above, each claimant who votes must vote the full amount of each claim in any one class either to accept or reject the Plan, and, therefore:  (i) separate claims held by a single creditor in any one class shall be aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one claim against the Debtors in such class, (ii) such creditor shall receive a single Ballot with respect to all of its claims in such class; and (iii) the votes related to such claims shall be treated as a single vote to accept or reject the Plan.  Notwithstanding anything to the contrary herein, separate ballots shall be provided, and the votes of creditors shall not be aggregated, in the event that:  (x) separate claims held by a single creditor were acquired from other creditors after the Commencement Date or (y) separate Ballots are requested by a claimant/creditor in a Temporary Allowance Request Motion prior to the deadline set forth in paragraph 6 for filing any such motion and such motion is approved by the court prior to the voting deadline.

37.     Certification of Vote.  Notwithstanding Local Rule 3018-1(a), Epiq shall file its voting certification (the "Voting Certification") on or before **December 1, 2011**.  Such Voting Certification shall list, inter alia, all instances in which (i) Ballots were withdrawn, (ii) votes were changed by the filing of superseding Ballots, and (iii) the Voting Deadline was extended.

38.    Epiq is authorized (but not required) in its discretion to contact claimant/creditors that submit incomplete or otherwise deficient Ballots to afford such claimant/creditors an opportunity to cure such deficiencies.

**The Confirmation Hearing**

39.    The Confirmation Hearing shall be held at **10:00 a.m. (Eastern Time) on December 6, 2011**.  The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.

40.    The notice of the confirmation hearing substantially in the form annexed hereto as Exhibit 2 (the "Confirmation Hearing Notice") is **APPROVED**.

41.    The Plan Objection Deadline is **November 4, 2011 at 4:00 p.m. (Eastern Time).**

42.    Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Rules, and the Case Management Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objecting party/(ies) against the Debtors, and (e) state with particularity the legal and factual bases relied upon for the objection or response.

43.    Registered users of the Court's case filing system must electronically file any objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy

delivered directly to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, <u>supra</u>), in accordance with General Order M-182.

44.     Any objections or responses shall also be served upon and received by the Notice Parties no later than the Plan Objection Deadline.

45.     Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Order shall not be considered by the Court and shall be denied and overruled unless otherwise ordered by the Court.

46.     The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, and related documents without further order of the Court, including, without limitation, ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to mailing as may be appropriate.


Dated:  New York, New York
        August 30, 2011

                              _____*s/ James M. Peck*_____
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE