WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
                    Debtors.                    :   (Jointly Administered)
                                                :
-----------------------------------------------------------------x
```

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING MOTION FOR AUTHORIZATION TO REJECT CERTAIN**
**EXECUTORY CONTRACTS SOLELY AS TO CERTAIN CONTRACTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. Lehman Brothers Special Financing Inc. ("LBSF"), as debtor and debtor-in-possession (together with Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), filed the Motion for Authorization to Reject Certain Executory Contracts [Docket No. 19000] (the "Motion") with this Court on

August 2, 2011.  In accordance with the Second Amended Case Management Order, August 10, 2011 at 4:00 p.m. (Prevailing Eastern Time), was established as the deadline for parties to object or file a response to the Motion.

2. On August 11, 2011, the Debtors' filed a notice of adjournment of the hearing on the Motion and the objection deadline solely as to the contracts identified on therein [Docket No. 19203] (the "Adjourned Contracts").  Pursuant to the notice of adjournment, August 24, 2011 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline for parties to object or file a response to the Motion with respect to the Adjourned Contracts (the "Objection Deadline").

3. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.  The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion have been filed with respect to the Adjourned Contracts on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading to the Motion with respect to the Adjourned Contracts been served on Debtors' counsel.

4. Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed Order annexed hereto as Exhibit A, which has been modified only to exclude all contracts other than the Adjourned Contracts from the schedule annexed to the proposed Order, be entered with respect to the Adjourned Contracts in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: August 30, 2011
       New York, New York

      /s/ Robert J. Lemons
      Robert J. Lemons

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

# EXHIBIT A

**(Proposed Order)**

US_ACTIVE:\43792934\02\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                              :         Chapter 11 Case No.
                                                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :         08-13555 (JMP)
                                                                                        :
                                              Debtors.                       :         (Jointly Administered)
-------------------------------------------------------------------x

**ORDER GRANTING MOTION FOR AUTHORIZATION
TO REJECT CERTAIN EXECUTORY CONTRACTS**

Upon the motion dated August 2, 2011 (the "Motion") of Lehman Brothers Special Financing Inc. ("LBSF"), as debtor and debtor-in-possession (together with Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to section 365(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing LBSF's rejection of the contracts listed on the Schedule annexed hereto, including all transactions thereunder (the "Contracts"), and (ii) approving procedures for any claims that may be asserted as a result of such rejection, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each counterparty (the "Counterparty") and trustee (the "Trustee") to the Contracts; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, the Contracts are hereby rejected; and it is further

ORDERED that the Debtors shall have the option to deliver to each Counterparty within ten (10) business days of the date hereof a statement that describes in reasonable detail the calculations used to determine the damages arising under the applicable Contract as a result of LBSF's rejection (the "Damages Calculation"); and it is further

ORDERED that if the Debtors do not deliver a Damages Calculation within ten (10) days of the date hereof or a Counterparty disputes the amount of damages set forth in the Damages Calculation, such Counterparty shall be required to file a proof of claim in compliance with the terms of the Bar Date Order[1] for damages arising under the Contract by no later than forty-five (45) days after the date hereof; provided, however, that if a Counterparty has already timely filed a proof of claim in compliance with the Bar Date Order for damages arising under

---

[1] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof, and Approving the Proof of Claim Form, entered on July 2, 2009 [ECF No. 4271] (the "Bar Date Order").

US_ACTIVE:\43792934\02\58399.0008                    3

such Contract, such Counterparty does not need to file an additional proof of claim to dispute the amount of the damages set forth in the Damages Calculation or in the event that the Debtors do not deliver a Damages Calculation; and it is further

ORDERED that if a Counterparty (a) timely filed a proof of claim in accordance with the Bar Date Order or (b) timely files a proof of claim no later than forty-five (45) days from the date hereof, then (i) such Counterparty and the Debtors will each have the ability to assert all rights and objections in respect of claims arising under the applicable Contract and (ii) any party in interest will have the right to object to such proofs of claim arising under the Contract; and it is further

ORDERED that if the Debtors timely deliver a Damages Calculation and a Counterparty does not timely file, or has not already timely filed, a proof of claim in compliance with the terms established by the Bar Date Order for damages arising under the Contract, then such Counterparty will be deemed to have an allowed non-priority general unsecured claim against LBSF in the amount set forth in the Damages Calculation (subject to the treatment of such claims under a confirmed chapter 11 plan for the Debtors), and the Counterparty will have no right to assert any other claims or claim amounts under the Contract against any Debtor; and it is further

ORDERED that if the Debtors do not timely deliver a Damages Calculation and a Counterparty did not timely file a proof of claim in accordance with the Bar Date Order and does not timely file a proof of claim in compliance with the terms of the Bar Date Order no later than forty-five (45) days from the date hereof, then such Counterparty will not be allowed any claim against the Debtors in respect of the Contract; and it if further

ORDERED that, pursuant to Bankruptcy Rules 6006(g) and 9014, the rejection by

the Debtors of each Contract constitutes a separate contested matter, and any objection, stay or appeal with respect to a particular Contract or Contracts shall not affect the applicability or finality of this Order with respect to the other Contracts covered hereby; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August __, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**Schedule**

**(Rejected Contracts)**

US_ACTIVE:\43792934\02\58399.0008

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Scheduled Termination Date |
|---|---|---|---|---|---|
| 1 | Golden State Tobacco Securitization Corporation (Lehman ID 01163GOLDLBSF) | The Bank of New York Trust Company, N.A. (successor to BNY Western Trust Company) | To the Issuer:<br>Golden State Tobacco Securitization Corporation<br>915 L Street, 9th Floor<br>Sacramento, CA 95814<br>Attention: Karen Finn<br><br>To the Trustee:<br>The Bank of New York Trust Company, N.A.<br>700 S. Flower Street, 5th Floor<br>Los Angeles, CA 90017<br>Attention: Corporate Trust Department | Reserve Fund Agreement, dated January 29, 2003, related to $3,000,000,000 Tobacco Settlement Asset-Backed Bonds, Series 2003A as amended and set forth in that certain amendment agreement, dated March 14, 2007 related to $4,096,322,591.40 Tobacco Settlement Asset-Backed Bonds, Series 2007A Senior Bonds | 6/1/2042 |
| 2 | Golden State Tobacco Securitization Corporation (Lehman ID 011603GOLDLBSF) | The Bank of New York Trust Company, N.A. | To the Issuer:<br>Golden State Tobacco Securitization Corporation<br>915 L Street, 9th Floor<br>Sacramento, CA 95814<br>Attention: Karen Finn<br><br>To the Trustee:<br>The Bank of New York Trust Company, N.A.<br>700 S. Flower Street, 5th Floor<br>Los Angeles, CA 90017<br>Attention: Corporate Trust Department | Reserve Fund Agreement, dated March 14, 2007 related to Golden Tobacco Securitization Corporation Senior Bonds | 6/1/2036 |