UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                    :
In re                                               :   Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :   08-13555 (JMP)
                                                    :
                             Debtors.               :   (Jointly Administered)
                                                    :
------------------------------------------------------------------x

ORDER PURSUANT TO SECTION 327(a)
OF THE BANKRUPTCY CODE AND RULE 2014 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING
THE EXPANSION OF THE RETENTION OF EPIQ AS SOLICITATION
AND VOTING AGENT TO THE DEBTORS, EFFECTIVE SEPTEMBER 1, 2011

Upon consideration of the supplemental application, dated August 30, 2011 (the "Supplemental Application"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (collectively, the "Debtors"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the scope of the Debtors' retention of Epiq Bankruptcy Solutions, LLC and Epiq Class Action & Claims Solutions, Inc. (together, "Epiq") as its Agent, effective September 1, 2011; and upon the declaration of Jane Sullivan in support of the Supplemental Application and annexed thereto as Exhibit B, and the declaration of Jayne Menard of Epiq Class Action & Claims Solutions, Inc. in support of this Supplemental Application and annexed thereto as Exhibit C; and the Court being satisfied, based on the representations made in the Supplemental Application and the Epiq Declarations, that Epiq represents no interest adverse to the Debtors or the Debtors' estates, under section 327 of the Bankruptcy Code as modified by

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

section 1107(b); and the Court having jurisdiction to consider the Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that the relief sought in the Supplemental Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Supplemental Application is approved as set forth herein; and it is further

ORDERED that, pursuant to section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to expand the scope of the retention of Epiq as Agent to the Debtors, to include the Solicitation Services, effective September 1, 2011, which include the following:

- Consulting with the Debtors and its professionals regarding solicitation and balloting issues;
- Taking telephone calls from creditors and other parties who may have questions about the Plan and solicitation;
- Receiving and tabulate all Ballots and Master Ballots in accordance with the Solicitation Order;
- Preparing any related affidavits of service;
- Preparing the certification of Plan votes in accordance with the Solicitation Order;
- Attending related hearings, as may be requested by the Debtors or its counsel; and

2

- Preparing fee applications for Solicitation Services in accordance with the required procedures approved by the Court and set forth herein.

Epiq will provide the Solicitation Services in accordance with the terms and conditions of the Supplemental Engagement Agreement and this Order; and it is further

ORDERED that, notwithstanding anything to the contrary in the Supplemental Application, Supplemental Engagement Agreement or the Engagement Agreement that is incorporated within the Supplemental Engagement Agreement, Epiq shall apply for compensation and reimbursement of expenses, solely with respect to the Solicitation Services, in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 4165], the Court's Order Amending the Fee Protocol [ECF No. 3651] and General Order M-389; and it is further

ORDERED that Epiq must provide notice within ten business days to the Debtors, the U.S. Trustee and any official committee prior to any increases in any of Epiq's rates for any individual retained by Epiq, and such notice must be filed with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code, provided, however, that this provision is only applicable to the Solicitation Services authorized by this Order; and it is further

3

ORDERED that the rights of the US Trustee are expressly reserved with respect to the indemnification provisions contained in the Original Engagement Agreement and incorporated by the Supplemental Engagement Agreement, and any claim for indemnification that Epiq may make shall be upon separate application to the Court on not less than ten days notice to the US Trustee and any official committee appointed in these cases.

ORDERED that to the extent this Order is inconsistent with the Supplemental Application, the Supplemental Engagement Agreement or the Original Engagement Agreement, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
August 31, 2011

                                          *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE