# EXHIBIT A

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000066462

| In Re: Lehman Brothers Holdings Inc.., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held **Lehman Brothers Holdings Inc.** | Case No of Debtor **08-13555** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. This form should not be used to make a claim for Lehman Program Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

JPMorgan Chase Bank, N.A.
245 Park Avenue, 12th Floor
New York, NY 10167
Attention: Kevin C. Kelley, Esq.

Telephone number: 212-648-0427   Email Address: kevin.c.kelley@chase.com

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 27198
*(If known)*

Filed on: 9/22/09

Name and address where payment should be sent (if different from above)

N/A

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

---

**1.   Amount of Claim as of Date Case Filed:** $ **See attached Annex.**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim: See attached Annex.**
(See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor: See attached Annex.**
   **3a. Debtor may have scheduled account as:** _____
      (See instruction #3a on reverse side.)

**4.   Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: **See attached Annex.**
Value of Property: $ _____ Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____ Basis for perfection: _____
Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$ See attached Annex.

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ See attached Annex.
(See instruction #6 on reverse side.)

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:
See attached Annex.

**FILED / RECEIVED**
FOR COURT USE ONLY

APR 01 2010

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 3/31/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. ANN KURINSKAS MANAGING DIRECTOR |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

## EXHIBITS

EXHIBIT A:  Guaranties of Derivative Contracts
EXHIBIT B:  LBI Proofs of Claim
EXHIBIT C:  JPMSI/LBHI Securities Law Claims
EXHIBIT D:  PWC Claim Letters
EXHIBIT E:  LBIE Claim Letters
EXHIBIT F:  LBIE Calculation Statements and Demands
EXHIBIT G:  Swiss Claim Letter
EXHIBIT H:  LBFSA Calculation Statements and Demands
EXHIBIT I:   Proofs of Debt

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A. et al.

**EXHIBIT B:**

**LBI PROOFS OF CLAIM**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor:
Lehman Brothers Inc.

Case Number:
08-01420 (JMP) SIPA

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
JPMorgan Chase Bank, N.A.

☑ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
245 Park Avenue, 12th Floor
New York, NY  10167
Attention:  Kevin Kelley, Esq.

Telephone number:
212-648-0427

Court Claim Number: 4939
*(If known)*

Filed on: 5/29/09

Name and address where payment should be sent (if different from above):

N/A

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:    $ See attached Annex.

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim: See attached Annex.
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: See attached Annex.

   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.) See attached Annex.
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:

   Value of Property:$_____  Annual Interest Rate___%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $_____  Basis for perfection: _____

   Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
   See attached Annex.
7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)
   See attached Annex.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ See attached Annex.

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:
3/31/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

ANN KURINSKAS
MANAGING DIRECTOR | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re:                               :
                                     :
Lehman Brothers Inc.,                :      Case No. 08-01420 (JMP) SIPA
                                     :
                    Debtor.          :

### AMENDED AND RESTATED
### ANNEX TO PROOFS OF CLAIM OF

### JPMORGAN CHASE BANK, N.A.,
### J.P. MORGAN SECURITIES INC. AND
### J.P. MORGAN CLEARING CORP.

I.    <u>Name of Claimants</u>.  This is the Amended and Restated Annex (the

"Annex") to the amended Proofs of Claim (the "Proofs of Claim") submitted by JPMorgan

Chase Bank, N.A. ("JPMCB"), J.P. Morgan Securities Inc. ("JPMSI") and J.P. Morgan Clearing

Corp. (f/k/a Bear, Stearns Securities Corp.) ("JPM Clearing," and each of JPMCB, JPMSI and

JPM Clearing, a "Claimant"), each having an address at 245 Park Avenue, New York, New York

10167, against debtor Lehman Brothers Inc. (the "Debtor").  The Claimants are parties to the

Collateral Disposition Agreement, dated as of March 16, 2010 (the "CDA"), among Lehman

Brothers Holdings Inc. ("LBHI"), certain subsidiaries of LBHI (excluding the Debtor), the

Claimants and certain of the Claimant's Affiliates (as defined below), which was approved by

the Bankruptcy Court presiding over LBHI's chapter 11 case by an order dated March 24, 2010.

The signatory of each Proof of Claim to which this Annex is attached is authorized to make such

claim on behalf of the Claimant named therein and, to the extent applicable, the following

persons (collectively, such Claimant's "Affiliates"):  such Claimant's successors, predecessors,

assigns, parents, subsidiaries, affiliates, directors, officers, consultants, agents, representatives,

advisors and employees, and each other person or entity who, within the meaning of section 15

-1-

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

of the Securities Act of 1933, or section 20 of the Securities Exchange Act of 1934 (the

"Exchange Act"), each as amended, "controls" such Claimant. The amended Proof of Claim to

which this Annex is attached supersedes the original proof of claim filed by the Claimant named

in such amended Proof of Claim with respect to the Claims described herein.

2.      **Basis for Claims**.  On September 19, 2008 (the "Petition Date"), the

United States District Court for the Southern District of New York (the "Court") entered an

Order granting the application of Securities Investor Protection Corporation for issuance of a

protective decree adjudicating that the customers of the Debtor are in need of the protection

afforded by the Securities Investor Protection Act of 1970, as amended ("SIPA").  On and prior

to the Petition Date, the Debtor and the Claimants were parties to, among other things, certain

commercial and financial relationships and agreements, which gave rise to the claims set forth in

the Proofs of Claim and further described below (collectively, the "Claims").  As of the Petition

Date, unless otherwise specified:

A.      JPMCB Claims.

I.      *Clearance and Settlement Claims (Clearance Agreement)*.  As of October

1, 2008, JPMCB was owed $25,279,675,964 for extensions of credit for the clearance and

settlement of securities transactions under the Clearance Agreement signed by the Debtor on

June 7, 2000, as amended, to which JPMCB and the Debtor are party together with certain of the

Debtor's affiliates (the "Clearance Agreement").  As of March 15, 2010, such amount had been

reduced to $6,333,781,099, principally by application of the sale proceeds of securities collateral

(the "Clearance Agreement Securities Collateral") pledged by the Debtor pursuant to the

Clearance Agreement to secure such claims, application of distributions received on the

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

Clearance Agreement Securities Collateral, application of cash repo adjustments received with respect to the Clearance Agreement Securities Collateral, the exercise of setoff rights against certain of the Debtor's demand deposit accounts, application of collateral pledged by the Debtor in connection with the Agency MSLA (as defined below) and other account activity.

In addition, as of March 31, 2010, JPMCB was owed $280,224,670 for interest accrued on and after the Petition Date on the Claims under the Clearance Agreement.

II.    *Swap Agreement Claims (ISDA Master Agreement)*.    JPMCB was owed $49,243,907 arising from swap agreements under the ISDA Master Agreement dated as of September 8, 2004, as amended, between JPMCB and the Debtor (the "ISDA Master Agreement").    This is a net Claim comprised of Unpaid Amounts, Loss, amounts owing for failure to return Posted Collateral (as such terms are defined in such ISDA Master Agreement) and other amounts arising under swap agreements, including terminated swap agreements. JPMCB sent the Debtor a Calculation Statement dated October 17, 2008, together with appendices and attachments containing related detail (together, the "Calculation Statement"), requesting payment of $13,756,134 of such net Claim.  As described in the Calculation Statement, such $13,756,134 was repaid by application of proceeds of the liquidation of securities collateral posted by the Debtor under the Clearance Agreement.

The Claims arising under the ISDA Master Agreement and the Calculation Statement have changed as described below as a result of corrections identified by JPMCB in the reconciliation of the Claims:

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

(1)    The amount of the Claims of JPMCB against the Debtor under the ISDA Master

Agreement was determined to have been understated in the Calculation Statement by

$35,487,773, which is the result of an overstatement of the Close-out Amount (as such

term is defined in the ISDA Master Agreement) owed by JPMCB to the Debtor of

$6,692,220, an overstatement of the Unpaid Amount owed by JPMCB to the Debtor of

$28,686,285 and interest accrued on unreturned collateral posted by JPMCB owed by the

Debtor to JPMCB of $109,268; and

(2)    The $45,567,129 Claim balance stated in the original Proof of Claim filed by

JPMCB against the Debtor was an estimate of such understatement and should be

deemed superseded by the results of the reconciliation.

As a result of the foregoing changes, JPMCB is owed by the Debtor under the ISDA Master

Agreement $35,487,773 more than the amount set forth in the Calculation Statement.  All of

such amount, plus interest thereon, remains unpaid.

III.    _Securities Contract Claims for Securities Loans (Master Securities_

_Lending Agreement)_.  JPMCB was owed $23,817,391 arising from securities loans under the

Master Securities Lending Agreement dated as of March 9, 1983, as amended, between JPMCB

(f/k/a The Chase Manhattan Bank (National Association)), as trustee or managing agent, and the

Debtor (f/k/a Shearson/American Express Inc.) (the "Agency MSLA").  Of this amount, (a)

$8,010,490 related to income, dividends and other distributions on securities borrowed by the

Debtor under the Agency MSLA which the Debtor failed to remit to JPMCB as required by the

Agency MSLA, fees and other charges owing under the Agency MSLA, and indemnification

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

claims, and (b) $15,806,901 related to out-of-pocket expenses and transaction costs incurred by JPMCB in connection with the exercise of remedies with respect to the outstanding securities loans under the Agency MSLA and the liquidation of collateral held thereunder.  JPMCB was also owed an additional $8,565,357 by the Debtor in fees, account balances and other amounts under the Agency MSLA.

JPMCB recovered $8,010,490 of the non-estimated portion of the Claim described in the preceding paragraph through the application of the proceeds of collateral posted by the Debtor under the Agency MSLA.

In addition, JPMCB is owed $25,302 by LBI for other post-petition expenses incurred as a result of the closing of the securities lending portfolio.

The reconciliation process with respect to the Claims under the Agency MSLA is ongoing, and JPMCB therefore reserves the right to amend its Proof of Claim (including this Annex) consistent with the results of such reconciliation.

IV.    *Securities Contract Claims for Failed Transactions (Global Custody and Clearing Agreement)*.  JPMCB was owed $2,450,272 arising from breaches of securities contracts under the Global Custody and Clearance Agreement dated as of March 14, 2001, as amended, between JPMCB (f/k/a The Chase Manhattan Bank) and the Debtor.  This Claim arises from the failure of the Debtor to repay funds advanced by JPMCB, as collateral agent, to the Debtor and to settle a portion of certain securities contracts because the Debtor did not pay U.K. stamp taxes applicable to the transactions and payable by the Debtor.  This Claim represents the

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

amount payable by the Debtor under the relevant securities contracts (including the stamp tax), and may be subject to reduction by the amount of any net proceeds realized by JPMCB from the sale of the relevant securities.

V.    *BGI-Related Securities Lending Claim (Custodial Undertaking)*.  JPMCB was owed $8,024,375 arising from the exercise of remedies with respect to the Debtor's defaults under securities loans with Barclays Global Investors Limited, as agent for Stichting Pensioenfonds voor de Gezondheid, Geestelijke en Maatschappelijke Belangen ("BGI"), under the Custodial Undertaking in Connection with Global Master Repurchase Agreement and Global Master Securities Lending Agreement among the Claimant, as custodian, the Debtor and BGI dated as of January 18, 2006.

VI.    *Securities Options Claims*.  JPMCB, as assignee from Washington Mutual Bank (Account No. G54440), was owed $2,179,688 arising from put options on three forward settling trades for FNMA securities, on which the Debtor defaulted.  These trades are evidenced by two Option Confirmations and Agreements dated September 3, 2008 and one such agreement dated September 9, 2008.

VII.    *Securities Contract Service Fees, Account Charges and Other Amounts*. JPMCB was owed $2,910,494 for various fees and charges relating to accounts and services provided to or for the benefit of the Debtor.  The fees and charges consist of:  $2,803,620 of service fees and other fees and charges under the Master Implementation Form for Treasury Services General Service Terms and Conditions and Controlled Disbursement Services dated as of February 8, 2005, as amended, between JPMCB and the Debtor; $41,949 of physical

-6-

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

securities fees and other fees and charges under the Domestic Custody Agreement dated as of

February 28, 2007, as amended, between JPMCB and the Debtor; and $64,925 relating to U.K.

Accounts and other fees and charges under the Global Custody and Clearance Agreement dated

as of March 14, 2001, as amended, between JPMCB (f/k/a The Chase Manhattan Bank) and the

Debtor. In addition, JPMCB was owed $97,578 arising from an overdraft in account 66020751

resulting from returned checks dated prior to the Petition Date. In addition, JPMCB is owed the

following amounts arising after the Petition Date: (a) $491,692 for post-petition broker-dealer

fees ($483,974) and fees on physical settlements ($7,718); (b) $75,473 for principal and interest

payments in relation to two physical securities purchased by JPMSI; (c) $12,102,386 for legal

expenses; and (d) $1,913,362 for consulting expenses incurred by JPMCB with respect to its

Claims against the Debtor.

## VIII. *Misdirected Payments*.

A.    JPMCB is owed $7,000,000 for the return of misdirected payments with

respect to its client Bridgewater. On September 17 and 18, 2008, JPMCB made erroneous

payments totaling $7,000,000 from JPMCB custodial accounts to accounts of the Debtor

maintained with Citibank (London) accounts (account - 66427 and account -

GB23CITI18500810640409). Bridgewater issued cancellation instructions that were not

executed before the payments. JPMCB made payment recall requests to Citibank, but Citibank

rejected the recall of the funds. JPMCB paid Bridgewater $7,000,000 and subsequently filed a

claim with the Debtor for the return of the payments. This Claim arose after the Petition Date.

B.    JPMCB is owed $4,433.89 for the return of misdirected payments with

respect to its client Fidelity Central Investment Portfolios, LLC; fbo Fidelity Mortgage Backed

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

Securities Central Fund ("Fidelity").  On September 16, 2008, the Debtor wired $4,433.89

through Citibank to JPMCB for further credit to Fidelity.  In October 2008, JPMCB, which had

been unable to confirm with Fidelity the instructions regarding the Funds, returned the funds to

the Debtor and subsequently received instructions from Fidelity to execute the cash payment.

This Claim arose after the Petition Date.


B.     JPMSI Claims.

I.     *Securities Contracts Claims for Defaulted Securities Loans.*  JPMSI was

owed $10,097,117 arising from securities loans under the Master Securities Loan Agreement

dated as of April 23, 1993, as amended, between JPMSI (f/k/a Chemical Securities Inc.) and the

Debtor (f/k/a Shearson Lehman Brothers Inc.) (the "JPMSI MSLA").  This is a net Claim

remaining after the close-out of outstanding securities loans and application of collateral posted

under the JPMSI MSLA.  Such $10,097,117 has been paid by application of cash collateral

posted by LBHI to secure its Guaranty dated as of September 9, 2008 (the "Second LBHI

Guaranty") of all obligations of LBHI and all of its subsidiaries to JPMCB and all of its

affiliates, subsidiaries, successors and assigns as indicated in the following documents sent by

JPMCB to LBHI (collectively, the "LBHI Demand Documents"):  Demand for Payment under

Guaranty dated October 24, 2008; Notice of Enforcement of Security in respect of Guaranty

dated October 29, 2008; Restated Demand for Payment under Guaranty dated November 14,

2008; and Restated Notice of Enforcement of Security in Respect of Guaranty dated November

14, 2008.


II.     *Underwriting or Placement Fees.*  JPMSI was owed $9,554,671 for net

underwriting fees payable to JPMSI pursuant to certain underwriting arrangements where the

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

Debtor, as lead or managing underwriter (or equivalent), failed to pay JPMSI fees owed for its

participation as joint book-running manager, co-manager or underwriter (or equivalent) in debt,

equity and asset-backed securities offerings which took place in June, July, August and

September of 2008. $7,314,913 is attributable to fees or interests arising from equity offerings,

and $2,807,714 is attributable to fees owing to JPMSI from the Debtor arising from debt and

asset-backed securities originations, net of fees of $567,956 arising from debt and asset-backed

securities originations which are owing to the Debtor from JPMSI.

C.    <u>JPM Clearing Claims</u>. JPM Clearing was owed $525,266 arising from

securities loans under the Master Securities Loan Agreement dated as of January 18, 2002, as

amended, between JPM Clearing and the Debtor (the "<u>JPM Clearing MSLA</u>"). This is a net

Claim remaining after the close-out of outstanding securities loans and application of collateral

posted under the JPM Clearing MSLA. Such $525,266 has been paid by application of cash

collateral posted by LBHI to secure the Second LBHI Guaranty, as indicated in the LBHI

Demand Documents.

D.    <u>Additional Claims Applicable to All Claimants</u>. In addition to the Claims

set forth above, each Claimant may hold additional Claims, some of which may have accrued

after the Petition Date or may accrue after the date hereof. Such Claims include, but are not

limited to, (a) Claims for post-petition interest accrued under applicable agreements or law; (b)

Claims for prepetition and post-petition costs and expenses, including transaction and legal fees

and expenses, payable under applicable agreements or law; (c) increases to Claim amounts stated

above in this Annex that may be determined upon final reconciliation of the relevant transactions

and amounts payable; (d) contingent Claims not currently liquidated; (e) Claims for prepetition

and post-petition misdirected payments to the Debtor, including, but not limited to, amounts paid or payable by or to customers of the Claimant, amounts held in accounts for the Debtor by a Claimant, and amounts paid to the Debtor that should have been paid or remitted to the Claimant; and (f) Claims arising from out-of-pocket expenses and transaction costs incurred by or on behalf of Claimant in connection with the exercise of default remedies, enforcement of rights, and the liquidation of collateral.

Each Claimant asserts all rights, entitlements, claims and remedies with respect to such Claims as a matter of general law, equity or otherwise, and reserves the right to assert any and all rights, entitlements, claims and remedies as a creditor for such Claims. The Claimant, on behalf of itself and its Affiliates, also asserts a claim against the Debtor for all amounts owed to the Claimant and/or its Affiliates by the Debtor that are not yet absolutely due or owing or are otherwise contingent or unliquidated, including any amount that may be due to the Claimant and/or its Affiliates from the Debtor in respect of representations, warranties, reimbursement obligations, agreements, covenants or indemnities made by the Debtor or implied at law or in equity.

E.    Securities Law Claims; Claims Filed by Codebtor. Each Claimant or its Affiliates may have contingent contractual and non-contractual indemnity, contribution, equitable and other claims against the Debtor for any losses, claims, damages or other liabilities (or actions in respect thereof), joint or several, to which such Claimant may become subject under securities law or otherwise, including, without limitation, settlement costs, investigation costs and the fees and expenses of counsel (collectively, "Actions") arising from, based on or relating to the underwriting, placement and/or sale of securities by such Claimant. In

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

circumstances where a Claimant or an Affiliate of a Claimant is the lead managing underwriter with respect to an offer of securities, such Claimant or Affiliate also asserts claims of the kind described in the preceding sentence against the Debtor on behalf of all underwriters in the underwriting syndicate (and their affiliates) with respect to such offer. In addition, each Claimant and its Affiliates, as an entity that is or may be liable with the Debtor to a creditor that has not filed a proof of claim, hereby files pursuant to Bankruptcy Rule 3005(a) a proof of claim on behalf of each such creditor covering claims in which such Claimant or Affiliate, as applicable, is a codebtor with the Debtor. The name of each such creditor is not currently known.

This filing is intended to include, without limitation, all Claims of the types described above in the preceding paragraph arising from the facts and circumstances which allegedly gave rise to the claims asserted against Claimant, any of its Affiliates and/or the Debtor in the following cases: *In re Ambac Fin. Group, Inc. Sec. Litig.* (S.D.N.Y.); *In re American Int'l Group Inc. Sec. Litig.* (S.D.N.Y.); *American Nat'l Ins. Co. v. Fuld, et al.* (S.D. Tex; S.D.N.Y.); *City of Cleveland v. Deutsche Bank Trust Co., et al.* (Ohio Ct. Com. Pl., Cuyahoga County; N.D. Ohio); *City of Cleveland v. JPMorgan Chase Bank, N.A., et al.* (Ohio Ct. Com. Pl., Cuyahoga County); *In re Fannie Mae 2008 Sec. Litig.* (S.D.N.Y.); *Freidus, et al. v. ING Groep N.V., et al.* (S.D.N.Y.); *Genesee County Employees' Ret. System v. Thornburg Mortgage, Inc., et al.* (Santa Fe County, New Mexico); *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization LLC* (S.D.N.Y.); *Jacoby v. Syron, et al.* (S.D.N.Y.); *Luther v. Countrywide Home Loans Servicing LP, et al.* (County of Los Angeles); *New York City Employees' Ret. System v. Countrywide Fin. Corp.* (C.D.N.Y.); *Orange County Employees' Ret.*

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

*System, et al. v. Carlson, et al.* (N.D. Cal); *Phynice Kelley v. ShoreTel, Inc., et al.* (San Francisco

County; N.D. Cal); *Rubin v. MF Global, Ltd., et al.* (S.D.N.Y.); *In re U.S. Interactive, Inc. Sec.*

*Litig.* (E.D. Pa); *In re SemGroup Energy Partners, L.P. Sec. Litig.* (N.D. Okla.); *In re Virgin*

*Mobile USA IPO Litig.* (D.N.J.); *In re Washington Mutual, Inc. Sec. Litig.* (W.D. Wash.); and

*Watkins v. ShoreTel, Inc., et al.* (N.D. Cal.), as well as (a) all cases or Actions relating to the

restoration, retrieval or clean up of Claimant's, its Affiliates' and/or the Debtor's properties

affected by September 11, 2001 terrorist actions; and (b) all cases or Actions relating to

allocation, compensation and analyst recommendation matters involving initial public offerings,

including, but not limited to, *In re Initial Pub. Offering Sec. Litig.* (S.D.N.Y.) and actions filed

by Vanessa Simmonds seeking relief under Section 16(b) of the Exchange Act (W.D. Wash; 9th

Cir.). The Claimants further reserve all rights to assert all claims, under contract, federal

securities law and common law, including but not limited to indemnification and contribution,

against the Debtor with respect to all similar actions brought against Claimant, whether the

actions currently are pending or are filed at a future date.


     3.    **Secured Claim**. In addition to the collateral applied against Claims as

described above, JPMCB currently holds (a) cash and securities collateral (including cash,

principal and interest payments and other proceeds thereof) posted by the Debtor under the

Clearance Agreement, which secures all claims of JPMCB against the Debtor, the aggregate

value of which collateral is not currently determinable, (b) approximately $8,565,357 of the cash

proceeds of collateral posted by the Debtor under the Agency MSLA to secure the Claims under

the Agency MSLA and all other JPMCB Claims against the Debtor, and (c) at least

-12-

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

$142,476,437 of cash in accounts of the Debtor against which JPMCB has collateral and/or

setoff rights.

In addition, the Claims of JPMCB against the Debtor under the Clearance

Agreement are guaranteed by the Guaranty of LBHI dated as of August 26, 2008 (the "First

LBHI Guaranty"), and secured by the cash and securities collateral posted therefor pursuant to

the Security Agreement relating to the First LBHI Guaranty dated as of August 26, 2008 between

JPMCB and LBHI.  The Claims of all of the Claimants against the Debtor are guaranteed by the

Second LBHI Guaranty, and secured by additional collateral posted therefor pursuant to the

Security Agreement relating to the Second LBHI Guaranty dated as of September 9, 2008

between JPMCB and LBHI.  The aggregate value of the collateral posted by LBHI is not

currently determinable.

In accordance with the CDA, the Claimant has applied or will apply the Collateral

(as defined in the CDA) to the non-contingent Claims set forth herein.

4.    **Amount of Claim Entitled Priority**.  Each Claim is a secured claim to

the extent of the value of the collateral securing such Claim, is entitled to priority as an

administrative expense to the extent it arose on or after the Petition Date, and is a general

unsecured claim to the extent that it is not secured and not entitled to such priority, without

prejudice to any and all of the rights of the Claimant (i) under Section 1111(b) of chapter 11 of

the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and (ii) to

assert that all or a portion of the Claims is entitled to administrative priority under Sections 503

and 507 of the Bankruptcy Code.  These Proofs of Claim are filed without prejudice to the right

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

of any Claimant to request payment of any administrative expense claims that it may have

against any of the Debtors (including, without limitation, administrative expenses not described

in this Proof of Claim and administrative expense claims arising from the use of Claimants' cash

collateral by the debtors in these Chapter 11 cases), and Claimant reserves the right to request

payment of such administrative expenses at a later date or when required by the Court, the

Bankruptcy Code, or other applicable law.

5.    **Credits**. The amount of all payments on the Claims has been credited and

deducted for the purpose of making this Proof of Claim, or such payments have been described

above. The Claimant reserves the right to set off against any amount, securities or positions

owed by it to the Debtor, all obligations of the Debtor to the Claimant and any obligations that

the Debtor or any affiliate owes to the Claimant or any affiliate, in each case to the extent

allowed by applicable law or any agreement or instrument.

6.    **Supporting Documentation**. The Claimants have heretofore provided to

the Trustee (the "SIPA Trustee") appointed by the Court under SIPA, tens of thousands of pages

of documents requested by the SIPA Trustee, including copies of the agreements referred to

herein and information relevant to the Claims described herein. Consequently, additional copies

of such voluminous documents are not included with this Annex to the Proofs of Claim. The

Claimant will furnish the Debtor and the Trustee, as applicable, with copies of any additional

pertinent documentation upon request.

7.    **Reservation of Rights/Amendments**. The assertion of Claims by each

Claimant herein is not a concession or admission as to the correct characterization or treatment

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

of any such claims, nor a waiver of any rights of such Claimant. The execution and filing of the

this Proof of Claim does not constitute: (a) a waiver or release of such Claimant's rights against

any other entity or person liable for all or part of the Claims; (b) a consent by such Claimant to

the jurisdiction of this Court with respect to any proceeding commenced against or otherwise

involving such Claimant; (c) a consent by such Claimant to the treatment of any non-core claim

against it as a core claim; (d) a waiver of the right to move to withdraw the reference with

respect to the subject matter of the Claims or otherwise, including without limitation any

objection or other proceedings commenced with respect thereto, or any other proceedings

commenced against or otherwise involving such Claimant; (e) a waiver of any right to the

subordination, in favor of such Claimant, of indebtedness or liens held by other creditors of the

Debtor; (f) an election of remedies that waives or otherwise affects any other remedies; or (g) a

waiver of any right to arbitration or other alternative dispute resolution mechanism that is

otherwise applicable. Each Claimant expressly reserves its right to amend and supplement this

Proof of Claim to the fullest extent permitted by law to specify (and quantify) damages, costs,

expenses and other charges or claims incurred by the Claimant and to file additional proofs of

claim for additional claims, including without limitation (i) claims for post-petition interest, legal

fees and related expenses that are not ascertainable at this time and (ii) claims arising from or

relating to the avoidance of transfers made to the Claimant or any other entity. The Claimants'

reconciliation process is ongoing, and the Claimants therefore reserve the right to amend the

Proofs of Claim and this Annex consistent with the results of such reconciliation.

      8.    **Notices**. ALL NOTICES WITH RESPECT TO THE CLAIMS SHOULD

BE SENT TO:

-15-

AMENDED AND RESTATED ANNEX TO PROOFS OF CLAIM
JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc. and J.P. Morgan Clearing Corp.

JPMorgan Chase Bank, N.A.
245 Park Avenue, 12th Floor
New York, New York 10167
Attention:    Kevin C. Kelley, Esq.
Fax:          646-534-6400

with a copy to:

Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019
Attention:    Harold S. Novikoff, Esq.
              Kathryn Gettles-Atwa, Esq.
Fax:          212-403-2249

<u>Penalty for Presenting Fraudulent Claim</u>.  Fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152 and 3571.