# EXHIBIT G

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3190**

WRITER'S INTERNET ADDRESS
**matthewscheck@quinnemanuel.com**

December 21, 2010

<u>VIA E-MAIL</u>

Harold S. Novikoff, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019

Re:    <u>JPM's Clearance Claims Against LBHI: Supporting Documentation for Disposition of Collateral</u>

Dear Mr. Novikoff:

I write regarding JPMorgan's Clearance Claims against the LBHI estate. As part of the estate and Committee's reconciliation and investigation into those claims, we are seeking information related to JPMorgan's disposition of collateral to verify that, in accordance with New York law, JPMorgan properly disposed of that collateral in a commercially reasonable manner.[1] In particular, we have identified the following specific information we need to assess this issue. We ask that JPMorgan provide this information within 30 days.

<u>Counterparties to Sales of Collateral</u>

One factor in assessing the commercial reasonableness under New York law is whether sales were to affiliates of the selling party. *See Central Budget Corp. v. Garrett*, 48 A.D.2d 825, 825-26 (N.Y.App. 1975) (holding that creditor's sale to a successor of the original lender was a factor

---

[1] Article 9-610 of the Uniform Commercial Code provides that "Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable."

quinn emanuel urquhart & sullivan, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

in denying recovery in a suit for a deficiency judgment under New York's former UCC § 9-504). We thus request that JPMorgan identify the counterparty for each unique sales transaction of collateral. Additionally, please identify any sales of collateral that went to any JPMorgan affiliate, related party or client, including the identification of securities sold, price, and buyer.

Securities Pricing Data

We are also examining the price that JPMorgan sold its collateral as part of this assessment. *See* UCC § 9-504, Official Comment 10 ("a low price suggests that a court should scrutinize carefully all aspects of a disposition to ensure that each aspect was commercially reasonable."). In this regard, we request the following information:

1. Requests related to the file titled "Complete Tassimo JPMO Trade Activity 03152010.xls":

    a. Support for the calculation of "Sales Proceeds" for each unique trade where it does not equal Par Sold multiplied by Sales Price. Requested support is including, but not limited to:

        i. Paydown factors for fixed income products;

        ii. Accrued interest;

        iii. Brokerage fees for the sale of the securities, and broker involved;

        iv. Any other adjustments leading to the calculation of "Sale Proceeds"

    b. Explanation of alphanumeric entries in "Sales Price", where applicable.

Requests With Respect to Particular Securities

For securities identified in the attached Schedule 1, please provide the following information:

    i. Ticker Symbol, where applicable;

    ii. Type of Security;

    iii. Indicate the method of sale;

    iv. Parties from whom bids were requested;

    v. Parties from whom bids were received;

    vi. Support for sales price including method utilized to calculate the fair market value of the security.

Finally, we invite JPMorgan to submit any other information it believes supports the commercial reasonableness of its disposition of collateral, such as independent pricing information or use of third parties.

2

The Estate and the Committee reserve all of their rights with respect to JPMorgan's proofs of claim and related exposure summary, including, without limitation, the right to seek further supporting documentation with respect to such claims or file an objection with respect to such claims.

Please let me know if you would like to discuss any aspect of the requested supporting documentation or if there is someone else at your firm with whom we should speak.

Very truly yours,


Matthew Scheck


cc:    Kathryn Gettles-Atwa, Esq.
       Lynn Harrison, Esq.
       Susan Pollack, Esq.
       Cindi Eilbott, Esq.
       Erica Taggart, Esq.

03690.61377/3861789.4