# EXHIBIT N

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL: (213) 443-3000 FAX: (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3190**

WRITER'S INTERNET ADDRESS
**matthewscheck@quinnemanuel.com**

June 7, 2011

**VIA E-MAIL**

Karen W. Lin
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019

Re:   JPMorgan/Lehman: Collateral Disposition

Dear Karen:

I write to confirm the meet and confer conversation today, among ourselves and Hal Novikoff, Ian Boczko, Lynn Harrison, and Erica Taggart regarding JPMorgan's production of information regarding its disposition of LBI collateral.

The call began with Erica Taggart reviewing the history of the parties' correspondence starting from when we asked for specific information regarding counterparties and sales to JPMorgan affiliates in December 2010. She reiterated her explanation of how collateral disposition information was not relevant to plaintiffs' affirmative claims, might be relevant to JPMorgan's defenses once it asserts them, and was certainly relevant to evaluating a potential claim objection.

We then addressed JPMorgan's assertion in recent correspondence that LBHI and the Committee may somehow be collaterally estopped from pursuing a claim objection in light of the information requests and discovery that we are currently pursuing. Mr. Boczko clarified that JPMorgan is not taking the position that merely taking discovery and requesting information would preclude plaintiff from filing a claim objection related to the reasonableness of JPMorgan's disposition of collateral. Rather, JPMorgan was noting that if the court were to

quinn emanuel urquhart & sullivan, llp
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, 5th Floor, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 W. Madison Street, Suite 2450, Chicago, Illinois 60661-2510 | TEL (312) 705-7400 FAX (312) 705-7401
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | NBF Hibiya Bldg., 25F, 1-1-7, Uchisaiwai-cho, Chiyoda-ku, Tokyo 100-0011, Japan | TEL +81 3 5510 1711 FAX +81 3 5510 1712
MANNHEIM | Erzbergerstraße 5, 68165 Mannheim, Germany | TEL +49(0) 621 43298 6000 FAX +49(0) 621 43298 6100

make a determination on the issue of commercial reasonableness at the conclusion of the adversary proceeding, there may be collateral estoppels ramifications for either side. We noted that the best place to determine what claims were in the case were the relevant pleadings, and that reasonableness of JPMorgan's collateral disposition is not currently a claim in the case. However, we believe discovery on those issues meets the Rule 26 standards for taking discovery.

Finally, we discussed what information remains outstanding regarding JPMorgan's collateral disposition. As raised in prior letters, we pointed out how JPMorgan's production of a spreadsheet that was supposed to contain information about sales to affiliates was not comprehensible without some key or other description of its contents. Mr. Boczko described how this was a document that came directly from JPMorgan's "mid-office" and was not created for litigation. We discussed at some length whether JPMorgan was required under discovery to produce information contained in computerized databases that were responsive to plaintiffs' requests, and JPMorgan took the position that this spreadsheet, and another soon to come, contained all the information plaintiffs were requesting. However, counsel for JPMorgan conceded that it could not be understood without additional information. In response to our request for information (or an explanation) to assist in deciphering the spreadsheet, Mr. Boczko took the position that plaintiffs could learn how to read the spreadsheet through taking depositions of witnesses that may be familiar with them. He did note that he and others at Wachtell already knew the information we were requesting, including the counterparties to which JPMorgan sold collateral, but took the position that such information resulted from privileged conversations and could not be disclosed. In any event, Mr. Boczko agreed to provide a spreadsheet for the remaining cusips containing the information we requested and to identify and make available witnesses who can explain the spreadsheets and related information.

While not discussed on the call, we hereby request that JPMorgan provide a list of which counterparties listed in the spreadsheets are affiliates of JPMorgan. Given the ongoing debate regarding the meaning of affiliates as applied to funds who have claimed to be affiliates of JPMorgan in this litigation, we ask that such funds be set out separately from the other entities JPMorgan claims are affiliates.

Please let me know when we can expect the additional spreadsheet and a deposition of the aforementioned witnesses.

Very truly yours,

Matthew R. Scheck

03690.61377/4174354.2

2