HEARING DATE AND TIME: OCTOBER 19, 2011 at 10:00 A.M. (Eastern Time)
RESPONSE DEADLINE: OCTOBER 12, 2011 AT 4:00 P.M. (Eastern Time)

**QUINN EMANUEL**
**URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000
*Counsel for the Official Committee of Unsecured*
*Creditors of Lehman Brothers Holdings Inc.*

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
*Counsel for Debtor Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>,<br><br>       Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) |
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>       Debtor. | Case No. 08-01420 (JMP) SIPA |

**NOTICE OF HEARING ON MOTION, PURSUANT TO 11 U.S.C. 105(a) AND 107(a), TO UNSEAL OBJECTION TO PORTIONS OF PROOFS OF CLAIM NO. 66462 AGAINST LEHMAN BROTHERS HOLDINGS INC. AND NO. 4939 AGAINST LEHMAN BROTHERS INC. OF JPMORGAN CHASE BANK, N.A. REGARDING TRIPARTY <u>REPO-RELATED LOSSES</u>**

**PLEASE TAKE NOTICE** that a hearing on the annexed Motion, Pursuant to 11 U.S.C. 105(a) and 107(a), to Unseal Objection to Portion of Proofs of Claim No. 66462 Against Lehman Brothers Holdings Inc. and No. 4939 Against Lehman Brothers Inc., of JPMorgan Chase Bank, N.A. Regarding Triparty Repo-Related Losses, dated August 31, 2011 (the "Motion") filed by Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Objectors") shall be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the responding party, the basis for the response and the specific grounds thereof, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the Chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn:  Lori Fife, Esq.); (iii) conflicts

counsel for the Debtors, Curtis, Mallet-Prevost, Colt & Mosle, LLP, 101 Park Avenue,

New York, New York 10178-0061 (Attn:  Joseph D. Pizzurro, Esq. and L.P. Harrison 3rd, Esq.);

(iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn:  Elisabeth Gasparini, Esq. and Andrea

Schwartz, Esq.); (v) attorneys for the Official Committee of Unsecured Creditors appointed in

these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York,

New York 10005 (Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.);

and (vi) special counsel to the Committee, Quinn Emanuel Urquhart & Sullivan, LLP, 865 South

Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 (Attn:  John B. Quinn, Esq. and

Erica Taggart, Esq.) so as to be filed and received by no later than **October 12, 2011 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

        **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Motion or any claim set forth thereon, the Objectors may, on or after

the Response Deadline, submit to the Bankruptcy Court an order, which order may be entered

with no further notice or opportunity to be heard offered to any party.

*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE FURTHER NOTICE** that responding parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  August 31, 2011
       New York, New York

                                   **QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

By:    /s/ John B. Quinn
John B. Quinn
Erica Taggart
Tyler G. Whitmer
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Susheel Kirpalani
Andrew J. Rossman
James Tecce
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000
*Counsel for the Official Committee of
Unsecured Creditors of Lehman Brothers
Holdings Inc.*

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:    /s/ Joseph D. Pizzurro
Joseph D. Pizzurro
L.P. Harrison 3rd
Michael J. Moscato
Nancy E. Delaney
Peter J. Behmke
Cindi M. Giglio
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000
*Counsel for Debtor Lehman Brothers
Holdings Inc.*

**QUINN EMANUEL**
**URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000
*Counsel for the Official Committee of Unsecured*
*Creditors of Lehman Brothers Holdings Inc.*

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
*Counsel for Debtor Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>        Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) |
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>        Debtor. | Case No. 08-01420 (JMP) SIPA |

**MOTION, PURSUANT TO 11 U.S.C. 105(a) AND 107(a) TO UNSEAL OBJECTION TO PORTIONS OF PROOFS OF CLAIM NO. 66462 AGAINST LEHMAN BROTHERS HOLDINGS INC. AND NO. 4939 AGAINST LEHMAN BROTHERS INC. OF JPMORGAN CHASE BANK, N.A. REGARDING** <u>**TRIPARTY REPO-RELATED LOSSES**</u>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with LBHI, the "Objectors"), hereby move the Court, pursuant to sections 105(a) and 107(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), for the entry of an order authorizing the filing of an unredacted version of the Objection to Portions of Proofs of Claim No. 66462 Against Lehman Brothers Holdings Inc. and No. 4939 Against Lehman Brothers Inc., of JPMorgan Chase Bank, N.A. Regarding Triparty Repo-Related Losses, dated August 31, 2011 (the "Objection"), and in support thereof, respectfully states as follows:

## Preliminary Statement

1.      The Objectors have investigated certain claims of JPMorgan Chase Bank, N.A. ("JPMorgan") and determined that they should be reduced or disallowed.  As part of this investigation, Objectors reviewed documents produced and deposition testimony provided by JPMorgan and certain third parties designated as "confidential" or "highly confidential."  While the third parties have agreed to de-designate their documents and testimony so that Objectors could file the Objection publicly, JPMorgan would not agree to do so.

2.      In particular, JPMorgan has insisted that deposition testimony and documents about its disposition of collateral be kept under seal on the ground that it supposedly contains commercially sensitive information.  But that information concerns securities trades from almost three years ago, as well as internal JPMorgan procedures, or lack thereof, that have no relevance to ongoing trading at JPMorgan.  Instead, Objectors believe that these documents and testimony demonstrate that JPMorgan disregarded its obligation to dispose of collateral in a commercially

reasonable manner.  When Objectors proposed to meet and confer about targeted redactions to

the documents and testimony to protect truly sensitive information, JPMorgan rejected that

approach.

3.    Well-established bankruptcy principles of transparency and public policy

demanding access to court proceedings favor providing creditors and parties in interest with all

information available concerning the Objection.  Objectors thus move for entry of an order

authorizing Objectors to file an unredacted version of the Objection.

## Procedural Background

4.    Commencing on September 15, 2008, and periodically thereafter, LBHI and

certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The

Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.    On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed the Committee.

6.    On September 19, 2008, the Honorable Gerard E. Lynch, Judge of the United

States District Court for the Southern District of New York, entered the Order Commencing

Liquidation pursuant to the provisions of the Securities Investor Protection Corporation Act

("SIPA") with respect to Lehman Brothers Inc. ("LBI").

7.    On August 19, 2010, Objectors and JPMorgan each executed a Confidentiality

Stipulation and Protective Order (the "Confidentiality Stipulation"), which the Court "so

ordered" on September 1, 2010.  The Confidentiality Stipulation provides, in part, that:

No Confidential or Highly Confidential Discovery Material shall be filed in the public record absent the consent of the Producing Party or an order of the Court so permitting.  In the event that a Receiving Party wants to file with the Court any Confidential or Highly Confidential Discovery Material and the Producing Party does not consent to such material being filed in the public record, the Receiving Party shall make an application to the Court, on no less than ten (10) business days' notice to the Producing Party, for (i) leave under 11 U.S.C. § 107(b), or other relevant rule, to file such material under seal, or (ii) a determination that such material should not be treated confidentially.

8.      On August 18, 2011, Objectors wrote to JPMorgan requesting that JPMorgan de-designate certain documents and testimony previously designated by JPMorgan as "confidential" or "highly confidential" pursuant to the Confidentiality Stipulation.[1]  The purportedly confidential information consists of deposition testimony and documents concerning JPMorgan's liquidation of collateral from LBI, the bulk of which occurred in September 2008 with the process continuing through March 2010.  The documents contain descriptions of the procedures, or lack thereof, involved in the liquidation, including whether JPMorgan liquidated any of that collateral by selling to itself or its affiliates.

9.      The next day, JPMorgan responded that it would not de-designate the testimony and documents, claiming that it had insufficient time to consider the issue.[2]  The following week, Objectors sought to meet and confer with JPMorgan in another effort to target truly commercially sensitive information, if any.  As part of that process, and to allay any legitimate JPMorgan concerns about ongoing trading activity, Objectors offered to agree to narrow redactions to the documents including, for example, the names of counterparties to JPMorgan trades.[3]

---

[1]   Ex. B, Letter from Whitmer to Szczerban, dated August 18, 2011.

[2]   Ex. C, Letter from Lin to Whitmer, dated August 19, 2011.

[3]   Ex. D, Email chain between counsel, dated August 18-25, 2011.

4

10.    During a call to discuss Objectors' request, counsel for JPMorgan indicated that JPMorgan would de-designate only three documents identified in Objectors' August 18 letter.[4] Versions of all three of those documents had been previously filed on the Court's public docket or used to elicit testimony in open Court proceedings.[5]  In other words, JPMorgan agreed to de-designate only those documents that were already public.  JPMorgan refused to de-designate any of the other documents or testimony identified in Objectors' requests, including descriptions of how JPMorgan went about disposing of LBI's collateral and whether JPMorgan did so in part by selling to itself or its affiliates.

11.    Concurrently with the filing of this motion, Objectors filed and served the Objection.  In compliance with the Confidentiality Stipulation, Objectors have filed slip sheets in place of exhibits designated "confidential" or "highly confidential" by JPMorgan (the "Designated Exhibits") and have redacted the Objection itself to remove any substantive reference to the Designated Exhibits in the public version of the Objection filed on the Court's docket.  Thus, at JPMorgan's request, other stakeholders in these proceedings for the most part lack access to the evidence behind Objectors' allegations that JPMorgan's liquidation was commercially unreasonable.

---

[4]    *Id.*

[5]    JPM-LBHI02123906 is a copy of the December 5, 2008 settlement agreement among JPMorgan, Barclays Capital Inc. ("Barclays"), and LBI (the "December Settlement Agreement"). The December Settlement Agreement was previously filed with the Court in LBI's SIPA proceedings [Docket No. 387].  JPM-LBHI02274978 is a copy of an October 11, 2008 letter from JPMorgan's Jamie Dimon to John Varley at Barclays which was used in this Court in open proceedings to elicit testimony from witnesses on December 21 and 22, 2010.  JPM-LBHI00007408 is a copy of the June 2000 Clearance Agreement between JPMorgan and LBI that is attached as Exhibit 1 to the Declaration of Amy R. Wolf in Support of Defendant's Motion to Dismiss in Adversary Proceeding No. 10-03266 (JMP) [Docket No. 14].

12.     Notwithstanding the foregoing, however, Objectors believe there is no basis to treat the Designated Exhibits as confidential.  Accordingly, Objectors seek a determination that the Designated Exhibits should not be treated confidentially and permission to file an unredacted version of the Objection, including the Designated Exhibits.

### Jurisdiction

13.     This Court has jurisdiction over this motion under 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.  The statutory predicates for the relief requested herein are sections 105(a) and 107(a) of the Bankruptcy Code.

### Argument

I.     **WELL-ESTABLISHED POLICIES DEMAND OPEN ACCESS TO COURT DOCUMENTS**

14.     The "open courtroom has been a fundamental feature of the American judicial system." *Brown & Williamson Tobacco Corp. v. Federal Trade Commission*, 710 F.2d 1165, 1178 (6th Cir. 1983).

15.     Moreover, "[t]here is a strong presumption and public policy in favor of public access to Court Records." *In re Food Mgmt. Group, LLC.*, 35 B.R. 543,553 (Bankr. S.D.N.Y. 2007).  Indeed, the right to public access to court-filed documents is an essential protection to stakeholders in a chapter 11 case:

> Public scrutiny is the means by which the persons for whom the system is to benefit are able to insure its integrity and protect their rights.  This policy of open inspection, established in the Bankruptcy Code itself, is fundamental to the operation of the bankruptcy system and is the best means of avoiding any suggestion of impropriety that might or could be raised.

*In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984).

16.    The Bankruptcy Code specifically recognizes the importance of open access to court proceedings, and documents filed in connection with court proceedings.  *See In re Hemple*, 295 B.R. 200, 201 (Bankr. D. Vt. 2003) ("The Bankruptcy Code creates the presumption that all documents in bankruptcy cases are public documents.").  Specifically, section 107(a) of the Bankruptcy Code provides that "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).

17.    Section 107 was enacted, in part, to further the bankruptcy policy of creditor participation in bankruptcy cases.  *See In re Muma Servs., Inc.*, 279 B.R. 478, 484 (Bankr. D. Del. 2002) (holding section "107(a)'s directive for open access flows from the nature of the bankruptcy process-which is heavily dependent upon creditor participation, and which requires full financial disclosure of the debtor's affairs").  *See also* 2 COLLIER ON BANKRUPTCY ¶ 107.02 (15th ed. rev.) (noting section 107(a) "codifies the public's general right under common law to inspect and copy public documents, including judicial records . . . . [T]he basis for this right to access is not a proprietary interest in the information but, rather, the public's interest in monitoring the workings of the judicial system.  The existence of such rights has been called 'fundamental to a democratic state'").

18.    Section 107(a) is rooted in the common law and Constitutional right of public access to judicial proceedings.  "This governmental interest is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system."  *In re Crawford*, 194 F.3d 954, 960 (9th Cir. 1999); *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and

7

documents, including judicial records and documents."); *In re Cendant Corp.*, 260 F.3d 183, 192

(3d Cir. 2001) ("It is well-settled that there exists, in both criminal and civil cases, a common

law public right of access to judicial proceedings and records.").[6]

19.     The salient policy underlying open court proceedings is best furthered by

providing access to information filed on a court's docket.  *See, e.g., Video Software Dealers Ass'n*

*v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) ("[T]he right

of public access to court records is firmly entrenched and well supported by policy and practical

considerations.").

## II.    JPMORGAN CANNOT DEMONSTRATE THAT THE OBJECTION CONTAINS INFORMATION PROTECTED BY 107(B)

20.     JPMorgan is not entitled to relief under the two exceptions to the broad right of

public access codified in section 107(b).  Specifically, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy
> court's own motion, the bankruptcy court may-
>
> (1) protect an entity with respect to a trade secret or confidential research,
> development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in
> a paper filed in a case under [the Bankruptcy Code].

11 U.S.C. § 107(b).  Nonetheless, courts have "zealously upheld the public's right to access and

narrowly construed the exceptions [in section 107(b)]."  *See In re FiberMark, Inc.*, 330 B.R. 480,

506 (Bankr. D. Vt. 2005);  *see also* 2 COLLIER ON BANKRUPTCY ¶ 107 .03[1][b] (noting section

107(b) exceptions are "construed narrowly, in light of the general public policy that court records

---

[6]    Courts have similarly identified a qualified right of access to court documents arising
under the First Amendment to the Constitution.  *See, e.g., Lugosch v. Pyramid Co. of Onondaga*,
435 F.3d 110,  124 (2d Cir. 2006) (holding "the First Amendment does secure to the public and
to the press a right of access to civil proceedings") (quoting *Westmoreland v. Columbia Broad.*
*Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984)); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93
(2d Cir. 2004).

should be open for public inspection").  JPMorgan cannot satisfy either element of section

107(b).

      21.     The Objection does not threaten to disclose any protected commercial information

belonging to JPMorgan.  The Second Circuit has held that section 107(b) of the Bankruptcy

Code applies only to commercial information "which would cause 'an unfair advantage to

competitors by providing them information as to the commercial operations of the debtor.'"  *In re*

*Orion Pictures Corp.*, 21 F.3d at 27 (citing *Ad Hoc Protective Comm. for 10 1/2% Debenture*

*Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (9th Cir. B.A.P. 1982)).

      22.     The threshold for satisfying the "commercial information" standard is rigorous.

Courts look for more than mere allegations that the release of information may have some

nebulous affect on a party's business.  *See Geltzer v. Andersen Worldwide, S.C.*, 2007 WL

273526, at *3-4 (S.D.N.Y. Jan. 30, 2007) (unsealing settlement agreement that failed to disclose

the total amount of consideration and rejecting argument that the settlement terms were

"commercial information" that could prejudice the debtors in other settlements if released).

      23.     Indeed, the United States District Court for the Southern District of New York

recently held, in the context of a motion under Rule 26(c), that documents regarding the

operation of a publically-held company, including information that was arguably part of the

firm's fundamental business operations (e.g., the firm's marketing strategies and credit analysis

processes), were not protectable as confidential information.  *See In re Parmalat Securities*

*Litigation*, 2009 WL 1576300 (S.D.N.Y. June 1, 2009).

      24.     The information here does not concern commercially sensitive information that

would cause an unfair advantage to competitors.  As a preliminary matter, the Objection and

Designated Exhibits largely deal with events that took place almost three years ago.  They relate

to JPMorgan's process and oversight of the disposition of billions of dollars of LBI collateral beginning in September 2008, as well as trade information about the securities sold, including the prices received. To the extent the Designated Exhibits contain information about specific trades in specific securities, that information is at least eighteen months old and most of it much older. Given the lapse in time and changes to the markets, the danger that information in the Designated Exhibits about specific trades would affect JPMorgan's position in the market today lies somewhere on a spectrum between non-existent and extremely remote.

25.    Moreover, most of the Designated Exhibits relate to JPMorgan's liquidation of collateral seized from LBI after the commencement of LBHI's chapter 11 case and LBI's SIPA liquidation proceedings. Others relate to the dispute between JPMorgan and Barclays that resulted in the settlement agreement approved by the Court in these proceedings on December 22, 2008 [Docket No. 2420].  In both instances, stakeholders in both the LBHI chapter 11 case and LBI's SIPA proceedings have a right to the kind of transparency and disclosure that are the hallmarks of the bankruptcy process. Those principles must outweigh any interest JPMorgan has in maintaining the confidentiality of the stale information contained in the Designated Exhibits.

## <u>Conclusion</u>

WHEREFORE, Objectors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing Objectors to file a complete and unredacted version of the Objection, including the Designated Exhibits, on the Court's docket, and granting Objectors such further and different relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated:  August 31, 2011
      New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:    /s/ John B. Quinn

John B. Quinn
Erica Taggart
Tyler G. Whitmer
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Susheel Kirpalani
Andrew J. Rossman
James Tecce
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000
*Counsel for the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc.*

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By:    /s/ Joseph D. Pizzurro

Joseph D. Pizzurro
L.P. Harrison 3rd
Michael J. Moscato
Nancy E. Delaney
Peter J. Behmke
Cindi M. Giglio
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000
*Counsel for Debtor Lehman Brothers Holdings Inc.*