Presentment Date and Time: September 14, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: September 14, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :      Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :      08-13555 (JMP)
                                          :
                    Debtors.              :      (Jointly Administered)
                                          :
-----------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTION 327(e)**
**OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO**
**MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING**
**HARDINGER & TANENHOLZ, AS SPECIAL COUNSEL TO**
**THE DEBTORS, EFFECTIVE AS OF JUNE 1, 2011**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application

(the "Application") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-

captioned chapter 11 cases, as debtors in possession (together, the "Debtors"), pursuant to

section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of

the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2014-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to modify

the procedures for compensating and reimbursing Hardinger & Tanenholz LLP, as special

counsel to the Debtors, effective as of June 1, 2011, all as more fully described in the Application,

to the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **September 14, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), and served in accordance with General Order M-399 and on: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Hardinger & Tanenholz, 1325 G Street, N.W. Suite 500, Washington DC, 20005, Attn: Julia Hardinger **so as to be so filed and received by no later than September 14, 2011 at 11:00 a.m. (prevailing**

**Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: August 31, 2011
      New York, New York

                                     /s/ Richard P. Krasnow
                                     Richard P. Krasnow

                                     WEIL GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for the Debtors
                                     and Debtors in Possession

Presentment Date and Time: September 14, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: September 14, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                  Debtors.                :    (Jointly Administered)
                                          :
----------------------------------------------------------------x
```

**APPLICATION OF THE DEBTORS PURSUANT TO**
**SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE**
**2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR**
**COMPENSATING AND REIMBURSING HARDINGER & TANENHOLZ LLP,**
**AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE AS OF JUNE 1, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors in possession (together, the "Debtors" and collectively with their non-debtor affiliates, "Lehman"), file this Application to employ Hardinger & Tanenholz LLP ("Hardinger & Tanenholz") as special counsel and respectfully represent:

**Background**

1.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this

Court voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy</u> <u>Code</u>").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for Region 2 (the "<u>U.S.</u> <u>Trustee</u>") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

3.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "<u>Examiner</u>") and by order, dated January 20, 2009 [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No. 7531].

4.        On August 24, 2011, the Debtors filed a revised second amended joint chapter 11 plan and disclosure statement [ECF Nos. 19482 and 194845].

**<u>Jurisdiction</u>**

2.        This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**<u>Lehman's Business</u>**

7.        Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has

2

been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## Relief Requested

9.      The Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), to modify the procedures for compensating and reimbursing Hardinger & Tanenholz as special counsel to the Debtors, effective as of June 1, 2011.  Specifically, Hardinger & Tanenholz has been engaged with respect to the review and production of documents in the matter of *Lehman Brothers Holding Inc. v. JPMorgan Chase* (the "JPM Litigation").

10.     Hardinger & Tanenholz has already been retained as an "Ordinary Course Professional" (as hereinafter defined below) since September 2010 and this application is solely intended to put in place a different payment mechanism with respect to Hardinger & Tanenholz's fees and expenses incurred in providing those legal services it has heretofore been providing under the "Ordinary Course Professional" protocol to that applicable to special counsel.

## Hardinger & Tanenholz As An Ordinary Course Professional

12.     Hardinger & Tanenholz has previously been providing legal services with respect

to the JPM Litigation, on behalf of the Debtors, as a professional utilized in the ordinary course ("Ordinary Course Professional") in these chapter 11 cases, in accordance with this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010 [ECF No. 7822] (the "Amended OCP Order").   Pursuant to the procedures set forth in the Amended OCP Order, such retention became effective upon the filing of the Affidavit and Disclosure Statement of Julia Hardinger on behalf of Hardinger & Tanenholz LLP, and the expiration of the relevant objection period.

13.     The Amended OCP Order authorizes the Debtors to pay compensation to and reimburse the expenses of Ordinary Course Professionals in the full amount billed by such Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices." As more fully discussed in the affidavit of Julia Hardinger (the "Hardinger Affidavit"), a copy of which is attached hereto as Exhibit A, pursuant to the Amended OCP Order, Hardinger & Tanenholz provided services to the Debtors and was compensated for those services upon the presentation of detailed invoices indicating the nature of the services rendered, which were calculated in accordance with Hardinger & Tanenholz's standard billing practices.

14.     In accordance with the foregoing provisions of the Amended OCP Order and as a consequence of Hardinger & Tanenholz exceeding the monthly compensation cap in each month in which compensation has been sought, Hardinger & Tanenholz filed a fee application for the period of January 1, 2011 through January 31, 2011 on April 28, 2011 [ECF No. 16405].

15.     The Amended OCP Order further provides "payment to any one Ordinary Course

4

Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period") and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."

15.    To date, the Debtors have paid Hardinger & Tanenholz approximately $980,000.00 for services rendered through May 31, 2011.  Hardinger & Tanenholz and the Debtors anticipate that Hardinger & Tanenholz's fees with respect to JPM Litigation during the balance of the chapter 11 cases will exceed said $1 million compensation cap for Ordinary Course Professionals (the "OCP Cap").  Accordingly, the Debtors now seek to retain Hardinger & Tanenholz as special counsel in accordance with the Amended OCP Order and pursuant to section 327(e) of the Bankruptcy Code, the purpose of which is to simply put in place a different mechanism for the processing of its charges.

### Qualifications of Hardinger & Tanenholz LLP

16.    As described in the Hardinger Affidavit, Hardinger & Tanenholz has extensive knowledge and experience with document review and litigation discovery matters.  Hardinger & Tanenholz is a leading discovery counsel law firm that has represented Debtors and their affiliates in this case since September 2010.  In addition, Hardinger & Tanenholz attorneys and litigation professionals frequently represent individuals and business entities in a wide range of litigation discovery matters, and have unique experience in managing large scale, high-value document reviews.

17.    The Debtors believe that in light of Hardinger & Tanenholz's ongoing representation of the Debtors with respect to the JPM Litigation, Hardinger & Tanenholz is

uniquely able to continue to represent them with respect to those matters in an efficient and effective manner. If the Debtors are required to retain counsel other than Hardinger & Tanenholz with respect to the JPM Litigation, the Debtors, their estates, and all parties in interest will be unduly prejudiced by the time and expense necessary to enable such other counsel to become familiar with these matters.

## Scope Of Services To Be Provided

18.    Subject to further order of this Court, it is proposed that Hardinger & Tanenholz be employed to continue to advise the Debtors with respect to the JPM Litigation.

19.    Furthermore, the Debtors request that the modification of the procedures for compensating and reimbursing Hardinger & Tanenholz be made effective as of June 1, 2011, to ensure that Hardinger & Tanenholz is compensated for all of its services to the Debtors. Establishing June 1, 2011, as the date of Hardinger & Tanenholz's retention as special counsel in these cases will enable Hardinger & Tanenholz to smoothly transition its billing practices and procedures from its prior retention as an Ordinary Course Professional and will enable Hardinger & Tanenholz to be compensated for all of its services rendered to the Debtors which provided value to the Debtors' estates.

## Professional Compensation

20.    The Debtors propose to pay Hardinger & Tanenholz its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Hardinger Affidavit, and to reimburse Hardinger & Tanenholz according to its customary reimbursement policies, in accordance with sections 330(a) and 331 of the Bankruptcy Code.

21.    Hardinger & Tanenholz has informed the Debtors that the current hourly billing rates for Hardinger & Tanenholz partners range from $275/hour to $310/hour; its associates'

6

rates range from $149/hr to $199/hour; and its paralegals and other non-lawyer professionals' rates are $45/hour. Hardinger & Tanenholz informed the Debtors that the hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted from time to time and in accordance with Hardinger & Tanenholz's established practices and procedures. The Debtors believe such rates are reasonable and comparable to the rates other firms charge for similar services.

22.     The Debtors understand that in connection with the reimbursement of reasonable and necessary expenses, it is Hardinger & Tanenholz's policy to charge its clients for expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other telephone charges, delivery service, and other expenses incurred in providing professional services.

23.     All of Hardinger & Tanenholz's fees and expenses incurred during these chapter 11 cases will be subject to approval of the Court upon proper application by Hardinger & Tanenholz in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], this Court's Order Amending the Fee Protocol [ECF No. 15998] and General Order M-389.

**Basis For Relief**

22.     The Debtor's knowledge, information, and belief regarding the matters set forth in this Application are based on and made in reliance upon the Hardinger Affidavit.

7

23.    The retention of Hardinger & Tanenholz under the terms described herein is appropriate under Bankruptcy Code sections 327(e) and 1107(b). Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest materially adverse to the debtor with regard to the matter(s) that will be handled by counsel. Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. §327(e). Moreover, Section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

24.    Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession.  *See In re DeVlieg, Inc.,* 174 B.R. 497 (N.D. Ill. 1994); *In re AroChem Corp.,* 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained,* there is no conflict and the representation can stand").  As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to

Moulton Bellingham, which has already been retained as an Ordinary Course Professional, and that, therefore, its retention, which is solely intended to put in place a different payment mechanism with respect to their charges, should be approved under section 327(e) of the Bankruptcy Code.

## The Employment and Retention of
## Hardinger & Tanenholz is in the Best Interests of the Estates

25.    As detailed above, the Debtors retained Hardinger & Tanenholz with respect to the JPM Litigation pursuant to the procedures set forth in the Amended OCP Order and Hardinger & Tanenholz has been actively providing such services to the benefit of the Debtors, their estates and creditors.    Over the course of its post-petition representation of LBHI, Lehman Commercial Paper Inc. and their affiliates, Hardinger & Tanenholz has become familiar with the relevant business personnel and operations, as well as the legal matters described in this Application and in the Hardinger Affidavit.    The Debtors believe that the employment of Hardinger & Tanenholz as special counsel for the Debtors will enable the Debtors to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with the matters described above.    Additionally, the Debtors submit that Hardinger & Tanenholz is well qualified to act as special counsel with respect to the JPM Litigation.

27.    For these reasons, the Debtors submit that the employment of Hardinger & Tanenholz is in the best interests of the Debtors, their estates, and creditors.

## Hardinger & Tanenholz Holds No Interest
## Materially Adverse to the Debtors or the Debtors' Estates

28.    To the best of the Debtors' knowledge, and except as may be set forth in the Hardinger Affidavit, Hardinger & Tanenholz does not represent or hold any interest adverse to the Debtors, their creditors, any other parties in interest herein, or their respective attorneys or accountants, or the U.S. Trustee, with respect to the matters as to which Hardinger &

Tanenholz is to be employed, except as may be set forth in the Hardinger Affidavit. *See In re AroChem,* 176 F.3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention). The Debtors have been informed that Hardinger & Tanenholz will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered Hardinger & Tanenholz will supplement its disclosure to the Court.

29.    Hardinger & Tanenholz is not a prepetition creditor of the Debtors.

30.    Based on the foregoing and the disclosures set forth in the Hardinger Affidavit, the Debtors submit that Hardinger & Tanenholz does not hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to the matters on which Hardinger & Tanenholz is to be employed.

**Hardinger & Tanenholz Will Not
Conduct the Debtors' Bankruptcy Case**

31.    By separate applications, the Debtors have sought the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel.  By contrast, Hardinger & Tanenholz's post-petition work is limited to the JPM Litigation.  None of these matters involve the conduct of the bankruptcy cases themselves.  Additionally, because Hardinger & Tanenholz is not serving as the Debtors' general bankruptcy counsel, the Debtors believe that Hardinger & Tanenholz is not serving as the Debtors' general bankruptcy counsel, the Debtors believe that Hardinger & Tanenholz has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by Hardinger & Tanenholz will not be

duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors. It is the Debtors understanding that Hardinger & Tanenholz will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

32.       As described above, the Debtors' proposed retention of Hardinger & Tanenholz as special counsel to the Debtors falls squarely within the scope of and purpose for which Congress enacted section 327(e).  As stated above, the Debtors do not believe that Hardinger & Tanenholz holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which Hardinger & Tanenholz is proposed to be retained.  Accordingly, the Debtors submit that the retention of Hardinger & Tanenholz with respect to the JPM Litigation is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

## **Notice**

33.       No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Application in accordance with the procedures set forth in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Hardinger & Tanenholz; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

34.       No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: August 31, 2011
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
And Debtors in Possession

## EXHIBIT A

**Hardinger Affidavit**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

------------------------------------------------------------------------x

### AFFIDAVIT OF JULIA HARDINGER FILED ON BEHALF OF HARDINGER & TANENHOLZ LLP IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e) AND 328 (a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING HARDINGER & TANENHOLZ LLP AS SPECIAL COUNSEL TO DEBTORS

Julia Hardinger, being duly sworn, states the following based upon personal knowledge and review of relevant documents:

1.  I am a shareholder of the law firm Hardinger & Tanenholz LLP ("Hardinger & Tanenholz" or "Firm"), located at 1325 G Street N.W. Ste. 500 Washington, D.C. 20005 and am admitted to practice law in: (a) the District of Columbia; (b) the state of Connecticut.

2.  I submit this affidavit in support of the application dated August 31, 2011 (the "Application") seeking authorization to employ Hardinger & Tanenholz as special counsel to Lehman Brothers Holdings Inc. ("LBHI"). LBHI and its affiliated debtors in the above-captioned Chapter 11 cases, as debtors and debtors in possession (collectively "Debtors") for the review and production of documents in the matter of *Lehman Brothers Holdings Inc. v. JP Morgan Chase* (the "JPM Litigation").

3.  All facts set forth in this affidavit are based upon my personal knowledge or information I obtained from others at Hardinger & Tanenholz regarding conflict matters. The

statements herein regarding conflicts are based in part on a review of the conflicts checklist provided to Hardinger & Tanenholz by Weil Gotshal & Manges LLP ("WGM"), the Debtors' general bankruptcy counsel, setting forth certain creditors and other parties in interest relating to Debtors ("Conflicts Checklist").

4.      The Conflict Checklist was reviewed for conflicts by: (i) persons within Hardinger & Tanenholz responsible for maintaining records of the Firm's representations, with the assistance of an attorney at Hardinger & Tanenholz; and (ii) the Firm's Billing Department personnel. The conflicts checklist was also provided to everyone in the firm including all attorneys and paralegals. Based on the foregoing review, if I were called upon to testify, I could and would testify competently to the facts set forth herein.

5.      I am authorized to submit this affidavit on behalf of Hardinger & Tanenholz.

### Hardinger & Tanenholz's Services

6.      In or around September 2010 the Firm began representing LBHI, in connection with the JPM Litigation.

7.      My efforts in this regard as well as the efforts of other lawyers at the Firm over the past year have focused upon review and production of documents in the JPM litigation.

8.      To maximize recovery for the estate, LBHI asked that Hardinger & Tanenholz continue its representation in such matters.

9.      Hardinger & Tanenholz LLP has extensive knowledge and experience with document review and litigation discovery matters. Hardinger & Tanenholz is a leading discovery counsel law firm that has represented Debtors and their affiliates in this case since September 2010. In addition, Hardinger & Tanenholz attorneys and litigation professionals

2

frequently represent individuals and business entities in a wide range of litigation discovery

matters, and have unique experience in managing large scale, high-value document reviews.

10.    Hardinger & Tanenholz LLP is a discovery counsel law firm that has represented

LBHI and its affiliates.

### "Connections" of Hardinger & Tanenholz

11.    To the best of my knowledge, neither Hardinger & Tanenholz nor I have any

"connection" with Debtors, their creditors, any other parties in interest herein, their respective

attorneys or accountants, or the Office of the United States Trustee for the Southern District of

New York ("UST").

12.    It is my understanding Debtors have retained, among others, the following

professionals: **Weil Gotshal & Manges LLP** as general bankruptcy counsel; **Curtis, Mallet-**

**Prevost, Colt & Mosle LLP** as conflicts counsel; and **Alvarez & Marsal North America LLC**

as restructuring advisor of those professionals. To the best of my knowledge, after investigation,

I do not believe attorneys at Hardinger & Tanenholz have a "connection" with these

professionals. Through an email, all attorneys in the firm were asked to disclose any connection

with these firms and no connection was identified.

13.    Debtors are a large global enterprise involving perhaps thousands of interested

parties. Hardinger & Tanenholz may have represented, currently represent, or in the future

represent entities that are interested parties in matters unrelated to the Debtors. Persons within

Hardinger & Tanenholz who handle conflicts checks have reviewed the matters for which the

Firm has been engaged for "connections" to any of the persons or entities identified in the

Conflicts Checklist. Since founded in 2006, Hardinger & Tanenholz has maintained records that

identify firm clients as well as adverse parties. The persons at Hardinger & Tanenholz

3

responsible for handling conflicts checks reviewed the five years of Hardinger & Tanenholz's records and identified no matters in which any Lehman entity was listed or identified as an adverse party. Additionally, the conflict checklist was e-mailed to all attorneys, paralegals, and staff in the firm for their personal review. The foregoing review identified the matters described below, none of which include a Lehman entity or any of the representative matters for which Hardinger & Tanenholz has been retained.

15.     Hardinger & Tanenholz has not been and is not currently adverse to the Debtors or their affiliates.

16.     Some of the banks, companies, investment funds, or other entities and their affiliates that have been or may be solicited in connection with the sales of assets in the bankruptcy cases may be clients of Hardinger & Tanenholz in unrelated matters, although Hardinger & Tanenholz is not at present representing any such client in connection with any such transaction with the Debtors.

17.     Hardinger & Tanenholz may also represent, in matters unrelated to the Debtors, persons or entities who may be considered competitors of the Debtors.

18.     Hardinger & Tanenholz will not represent any party whose interest would be adverse to the Debtors or their estates with respect to the matters for which Hardinger & Tanenholz is being retained hereunder. Hardinger & Tanenholz will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Hardinger & Tanenholz will supplement its disclosure to the Court.

### Securities Ownership

19.     An email was sent to all attorneys at the Firm requesting that they disclose any ownership of securities of the Debtors (excluding by means of accounts over which the attorneys

4

hold legal authority but do not have investment discretion, mutual fund holdings and other similar diversified investment vehicles). In response to such query, no attorneys indicated that they or others in their households owned securities of the Debtors.

20.      Since the Commencement Date, Hardinger & Tanenholz has represented LBHI pursuant to the OCP Order. Post-petition Hardinger & Tanenholz has billed LBHI the sum of $1,069,115.14 through July 30, 2011. As of July 26, 2011, LBHI has paid Hardinger & Tanenholz PC post-petition the sum of $988,653.32. The total amount outstanding as of the July 31, 2011 bill is $80,461.82.

21.      Hardinger & Tanenholz does not believe it has rendered "services ... in contemplation of, or in connection with the case" within the meaning of section 239(a) of the Bankruptcy Code.

## Fees and Engagement

22.      Hardinger & Tanenholz's hourly rates and billing policies are based on market conditions among certain firms of a size, location, and practice comparable to the Firm's. The 2011 hourly rates of Hardinger & Tanenholz's partners  range from $275/hour to $300/hour; its associates' rates are $149/hour; its discovery attorneys' rates range from $60/hour to $85/hour; and its paralegals and other non-lawyer professionals' rates are $45/hour. These rates are subject to adjustments at such time as Hardinger & Tanenholz modifies such rates for other clients.

23.      Hardinger & Tanenholz intends to apply for compensation for professional services rendered in connection with these Chapter 11 cases subject to approval of the Bankruptcy Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by Hardinger & Tanenholz. To the extent that Hardinger & Tanenholz had in place prior to the

5

Commencement Date any special fee arrangement with respect to any matter, that arrangement will remain in place for that matter.

24.     The name of each attorney and paralegal working on matters for LBHI and the billing rate of each such individual will be reflected in the periodic fee applications filed by or on behalf of Hardinger & Tanenholz.

25.     The hourly rates set forth above are set at a level designed to fairly compensate Hardinger & Tanenholz for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are subject to periodic adjustments to reflect economic and other conditions.

26.     Hardinger & Tanenholz's general policy is to charge clients for certain expenses and disbursements incurred in connection with the client's case, including photocopying, filing and recording fees, courier and messenger charges, travel expenses, computerized research charges, document retrieval, transcription costs, long-distance telephone calls, as well as non-ordinary overhead and other out-of-pocket expense. Hardinger & Tanenholz understands other law firms comparable to it in size, location, and practice also has a general policy to charge clients for such expenses and disbursements incurred in connection with such client's case.

27.     Hardinger & Tanenholz maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in connection with providing services to its clients in accordance with the fee guidelines for this district.

28.     Hardinger & Tanenholz recognizes it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and order of this Court. Hardinger & Tanenholz has reviewed the fee application guidelines promulgated by the UST and will comply with them.

6

29.     Other than as set forth above, there is no proposed arrangement between the

Debtors and Hardinger & Tanenholz for compensation to be paid in these chapter 11 cases.

Hardinger & Tanenholz has no agreement with any other entity to share any compensation

received, nor will any be made, except as permitted under section 504(b)(l) of the Bankruptcy

Code.

30.     The foregoing constitutes the statement of Hardinger & Tanenholz pursuant to

sections 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 (b).

Dated this 25th day of August, 2011.


FURTHER AFFIANT SAYETH NOT



JULIA HARDINGER

On this 25th day of August, 2011, before me, the undersigned, a Notary Public for the
District of Columbia, personally appeared JULIA HARDINGER, known to me to be the
person(s) whose name is subscribed to the within instrument, and acknowledged to me that he,
subscribed the same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal the
day and year in this certificate first above written.

_Carolyn S Ayers_
Signature
Carolyn S. Ayers
Print or Type Name
(SEAL)          Notary Public for the District of Columbia
                Residing at Washington, D.C.
                My Commission Expires: _____
                                       MM/DD/YYYY

Carolyn S. Ayers
Notary Public, District of Columbia
My Commission Expires 1/31/2012

7

**<u>PROPOSED ORDER</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                          :

In re                           :       **Chapter 11 Case No.**
                                            :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :       **08-13555 (JMP)**
                                            :

                    **Debtors.**       :       **(Jointly Administered)**
                                            :

-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(e) OF**
**THE BANKRUPTCY CODE AND RULE 2014 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING**
**THE MODIFICATION OF THE PROCEDURES FOR COMPENSATING**
**AND REIMBURSING HARDINGER & TANENHOLZ LLP, AS SPECIAL COUNSEL**
**TO THE DEBTORS, EFFECTIVE AS OF JUNE 1, 2011**

Upon consideration of the application, dated August 31, 2011 (the "Application"),[1] of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned

chapter 11 cases, as debtors in possession (collectively, the "Debtors"), pursuant to section

327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the

procedures for compensating and reimbursing Hardinger & Tanenholz LLP ("Hardinger &

Tanenholz") as special counsel to the Debtors, effective as of June 1, 2011; and upon the

affidavit of Julia Hardinger filed in support of the Application ("Hardinger Affidavit"); and

the Court being satisfied, based on the representations made in the Application, that Hardinger &

Tanenholz represents no interest adverse to the Debtors or the Debtors' estates with respect to

the matters upon which it is to be engaged, under section 327(e) of the Bankruptcy Code as

modified by section 1107(b); and the Court having jurisdiction to consider the Application and

---

[1]  Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the
Application.

Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application. The relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635], to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Hardinger & Tanenholz and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and their creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Hardinger & Tanenholz LLP as special counsel to the Debtors on the terms set forth in the Application and this order, for the Representative Matters identified in the Application and in accordance with Hardinger & Tanenholz's customary rates in

effect from time to time and its disbursement policies; and it is further

ORDERED that Hardinger & Tanenholz shall, solely with respect to fees and expenses to be paid to Hardinger & Tanenholz in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], the Court's Order Amending the Fee Protocol [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  September __, 2011
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE