**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
          :

| | |
|---|---|
| In re | : |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : |
| | : |
|     Debtors. | : |
| | : |

**Chapter 11 Case No.**

**08 - 13555 (JMP)**

**(Jointly Administered)**

-------------------------------------------------------------------x

**AMENDED ORDER (I) APPROVING THE PROPOSED DISCLOSURE STATEMENT
AND THE FORM AND MANNER OF NOTICE OF THE DISCLOSURE STATEMENT
HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES,
(III) SCHEDULING A CONFIRMATION HEARING, AND
(IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR
<u>CONFIRMATION OF THE DEBTORS' JOINT CHAPTER 11 PLAN</u>**

Upon the motion (the "<u>Motion</u>")[1] dated June 29, 2011 of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "<u>Debtors</u>" and, together with their non-debtor

affiliates, "<u>Lehman</u>"), pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 3017, 3018, 3020, 9013, 9014 and

9021 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rules 2002-1,

3017-1, 3018-1, 3020-1, 9013-1 and 9021-1 of the Local Bankruptcy Rules for the United States

Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>"), for an order (i)

approving the Debtors' proposed Disclosure Statement (as it may be further amended or

modified, the "<u>Proposed Disclosure Statement</u>"), for the Debtors' Revised Second Amended

Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated August

24, 2011 (as it may be further amended or modified, the "<u>Plan</u>"), and the form and manner of

notice of the hearing to consider the Proposed Disclosure Statement; (ii) establishing solicitation

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

and voting procedures; (iii) scheduling a confirmation hearing; and (iv) establishing notice and objection procedures for objections, if any, to confirmation of the Plan, all as more fully described in the Motion; and upon the Supplement to the Motion, dated July 13, 2011 [ECF No. 18497]; and the Court having held a hearing to consider the relief requested (the "Hearing") with the appearances of all interested parties having been noted; and counsel to the Debtors having noted certain changes to the Proposed Disclosure Statement on the record of the Hearing; and the Debtors having filed the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated August 31, 2011 [ECF No. 19629] and Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated August 31, 2011 [ECF No. 19627]; and upon all of the proceedings had before the Court; and after due consideration, it is

ORDERED, FOUND, ADJUDGED AND DECREED:

**Jurisdiction and Venue**

A. Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).

B. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.).

**The Disclosure Statement**

D. As to each of the Debtors, the Proposed Disclosure Statement contains

adequate information within the meaning of section 1125 of the Bankruptcy Code, and no further information is necessary.

**Balloting and Voting Procedures**

E.      The procedures, set forth below, for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with sections 1125 and 1126 of the Bankruptcy Code.

*Ballots*

F.      The forms of the ballots substantially in the forms annexed hereto as Exhibits 3A-3E (collectively, the "Ballots"), including all voting instructions provided therein, are consistent with Official Form No. 14, address the particular needs of these chapter 11 cases, and provide adequate information and instructions for each entity entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

*Parties Entitled to Vote*

G.      Claims in LBHI Class 1 (Priority Non-Tax Claims), LBHI Class 2 (Secured Claims), LBHI Class 3 (Senior Unsecured Claims), LBHI Class 4A (Senior Affiliate Claims), LBHI Class 4B (Senior Affiliate Guarantee Claims), LBHI Class 5 (Senior Third-Party Guarantee Claims), LBHI Class 6A (Convenience Claims), LBHI Class 6B (Convenience Guarantee Claims), LBHI Class 7 (General Unsecured Claims), LBHI Class 8 (Affiliate Claims), LBHI Class 9A (Third-Party Guarantee Claims other than of the Racers Trusts), LBHI Class 9B (Third-Party Guarantee Claims of the Racers Trusts), Participating Subsidiary Debtor[2] Class 1 (Priority Non-Tax Claims), Participating Subsidiary Debtor Class 2 (Secured Claims),

---

[2] "Participating Subsidiary Debtor" means, as applicable, Lehman Commercial Paper Inc.; Lehman Brothers Commodities Services Inc.; Lehman Brothers Special Financing Inc.; Lehman Brothers OTC Derivatives Inc.; or Lehman Brothers Commercial Corporation.

Participating Subsidiary Debtor Class 3 (Convenience Claims), Participating Subsidiary Debtor, other than Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Special Financing Inc. ("LBSF"), Class 4 (General Unsecured Claims), Participating Subsidiary Debtor Class 5A (Affiliate Claims of LBHI), Participating Subsidiary Debtor Class 5B (Affiliate Claims of Participating Subsidiary Debtors), Participating Subsidiary Debtor Class 5C (Affiliate Claims of Affiliates other than LBHI and Participating Subsidiary Debtors), LCPI Class 4A (General Unsecured Claims other than those of Designated Entities[3]), LCPI Class 4B (General Unsecured Claims of Designated Entities), LBSF Class 4A (General Unsecured Claims other than those of the Racers Trusts), LBSF Class 4B (General Unsecured Claims of the Racers Trusts), Non-Participating Subsidiary Debtor[4] Class 1 (Priority Non-Tax Claims), Non-Participating Subsidiary Debtor Class 2 (Secured Claims), Non-Participating Subsidiary Debtor Class 3 (General Unsecured Claims), Non-Participating Subsidiary Debtor Class 4A (Affiliate Claims of LBHI), and Non-Participating Subsidiary Debtor Class 4B (Affiliate Claims of Affiliates other than LBHI) are impaired and, accordingly, holders of such claims are entitled to vote on account of such claims (collectively, "Voting Creditors" and the classes containing such Voting Creditors defined as, collectively, "Voting Classes").

        H.      Notwithstanding anything to the contrary in paragraph 28 of the Motion, Voting Creditors includes (a) (i) each Debtor and (ii) any Debtor-Controlled Entity (as defined in the Plan) and (b) claimant/creditors who have timely filed proofs of claim based on a public

---

[3] "Designated Entity" means, as applicable, Restructured Assets with Enhanced Returns 2007-7-MM Trust, Restructured Assets with Enhanced Returns Series 2007-A Trust, and Fenway Capital, LLC.

[4] "Non-Participating Subsidiary Debtor" means, as applicable, LB 745 LLC; PAMI Statler Arms LLC; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Lehman Scottish Finance L.P.; Luxembourg Residential Properties Loan Finance S.a.r.l.; BNC Mortgage LLC; LB Rose Ranch LLC; Structured Asset Securities Corporation; LB 2080 Kalakaua Owners LLC; Merit, LLC; LB Preferred Somerset LLC; LB Somerset LLC; Lehman Brothers Derivative Products Inc.; or Lehman Brothers Financial Products Inc.

security issued by LBHI (i) where no proof of claim has been filed by an indenture trustee on behalf of the issuance, (ii) that is not an LBHI Issued LPS, and (iii) that is not listed on the Master List of Securities (as defined in the Bar Date Order).

### *Parties Not Entitled to Vote*

I.     LBHI Class 10A (Subordinated Class 10A Claims), LBHI Class 10B (Subordinated Class 10B Claims), LBHI Class 10C (Subordinated Class 10C Claims), LBHI Class 11 (Section 510(b) Claims), LBHI Class 12 (Equity Interests), Participating Subsidiary Debtor Class 6 (Equity Interests), and Non-Participating Debtor Class 5 (Equity Interests) under the Plan (the "Non-Voting Impaired Classes") will not receive or retain any property under the Plan and, accordingly, holders of such claims and equity interests are deemed to have rejected the Plan and are not entitled to vote on account of such claims or equity interests.

### *Notice of Non-Voting Status*

J.     The Notice of Non-Voting Status, substantially in the form annexed hereto as Exhibit 4, complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and, together with the Confirmation Hearing Notice, provides adequate notice to holders of claims and equity interests in the Non-Voting Impaired Classes of their non-voting status.  No further notice is necessary.

### *Plan and Solicitation Notice*

K.     The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and all related matters.

L.     The period, set forth below, during which the Debtors may solicit

acceptances of the Plan is a reasonable and sufficient period of time for Voting Creditors to make an informed decision whether to accept or reject the Plan and timely return Ballots evidencing such decision.

**The Confirmation Hearing**

M.      The procedures, set forth below, regarding notice to all parties in interest of the time, date, and place of the hearing to consider confirmation of the Plan (the "Confirmation Hearing") and for filing objections or responses to the Plan, provide due, proper, and adequate notice and comply with Bankruptcy Rules 2002 and 3017.

**Disclosure Statement Notice**

N.      Actual notice of the Hearing and the deadline for filing objections or responses to the Proposed Disclosure Statement (the "Disclosure Statement Notice") was provided to the Notice Parties and any other known holders of claims against or equity interests in the Debtors, and such notice constitutes good and sufficient notice to all interested parties and no further notice is necessary.

O.      The form and manner of notice of the time set for filing objections or responses to, and the time, date, and place of, the Hearing to consider the approval of the Proposed Disclosure Statement was adequate and complies with due process.

P.      All notices to be provided pursuant to the procedures hereby approved constitute good and sufficient notice to all parties in interest as to all matters relating to the Proposed Disclosure Statement and the Confirmation Hearing and no other or further notice need be provided.

Q.      The Motion establishes just and sufficient cause to grant the relief requested.

NOW, THEREFORE:

1.      The Motion is granted as hereafter set forth.

**Disclosure Statement**

2.      The Proposed Disclosure Statement as proposed by each of the Debtors is

**APPROVED**.

3.      All objections to the Proposed Disclosure Statement that have not been

withdrawn, deferred to the Confirmation Hearing or resolved previously or at the Hearing hereby

are overruled.

**Solicitation and Voting Procedures**

4.      The deadline for filing and serving objections, if any, to claims solely for

purposes of determining which claimant/creditors are entitled to vote to accept or reject the Plan

("Objections for Voting Purposes") is **September 16, 2011** or as otherwise ordered by the Court

or agreed by the relevant parties (the "Voting Purposes Objection Deadline").  The Voting

Purposes Objection Deadline is for the limited purpose of entitlement to vote to accept or reject

the Plan.  This deadline is not applicable or relevant to any other potential objections to the

allowance of any claim or equity interest.

***Temporary Allowance of Claims***

5.      Solely for purposes of voting to accept or reject the Plan, and without

prejudice to the rights of the Debtors or any other party in interest in any other context, each

claim within the Voting Classes is temporarily allowed in an amount equal to the amount of the

claim as set forth in (a) the Schedules, (b) the filed proof of claim as reflected in the claims

register maintained by Epiq as of the Record Date, (c) the Debtors' Claims Schedule (as defined

in the Plan), or (d) any notices or stipulations that the Debtors file with the Court, subject to the

following exceptions:

(a) Pursuant to the order entered by this Court authorizing the Debtors to calculate the amount of claims based on structured securities issued or guaranteed by LBHI in accordance with specified valuation methodologies, such claims will be allowed in the amount determined in accordance with such valuation methodologies;

(b) If a proof of claim was timely filed in accordance with the applicable procedures set forth in the Bar Date Order, in an amount that is liquidated, non-contingent, and undisputed, such claim is temporarily allowed in the amount set forth in the proof of claim, unless such claim is disputed as set forth in subparagraph (h) below;

(c) If a claim for which a proof of claim has been timely filed is contingent or unliquidated (as determined on the face of the claim or after a review of the supporting documentation by the Debtors or their agent, in consultation with the Creditors' Committee), the claimant/creditor is allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(d) If a claim has been allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(e) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or the LPS Bar Date, as applicable, or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline such claim is disallowed for voting purposes;

(f) If a claim is (i) listed in the Schedules or represented by a timely filed proof of claim as contingent, unliquidated, or disputed in part, or (ii) determined by the Debtors or their agent, in consultation with the Creditors' Committee, to be contingent, unliquidated, or disputed in part, such claim is temporarily allowed in the amount that is liquidated, non-contingent, and undisputed for voting purposes only;

(g) Notwithstanding anything to the contrary contained herein, if an unsecured claim for which a proof of claim has been timely filed also contains a secured claim in an unliquidated amount based solely on a reservation of a right of setoff, the claimant/creditor is only entitled to vote the unsecured claim in the applicable unsecured Plan class and is not entitled to vote the secured claim in the otherwise applicable secured Plan class.

(h)     If the Debtors have filed an objection to a claim no later than the Voting Purposes Objection Deadline, such claim is temporarily disallowed for voting purposes, except as otherwise ordered by the Court; *provided, however*, that if the Debtors' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim is temporarily allowed for voting purposes in the reduced amount and/or as reclassified, except as otherwise ordered by the Court before the Voting Deadline;

(i)     Notwithstanding anything to the contrary contained herein, the classification of a claim indicated on the Ballot of a claimant/creditor shall be without prejudice to the Debtors' ability to reclassify such claim in a different class or such claimant/creditor's ability to challenge the classification of such claim.

(j)     If a claim is allowed pursuant to an order of the Court on or before **November 4, 2011**, then such claimant/creditor will be entitled to vote to accept or reject the Plan in accordance with the terms of such order;

(k)     Notwithstanding anything to the contrary contained herein, any claimant/creditor who has filed a claim that is duplicative of another claim(s) within the same Voting Class, as determined by the Debtors or their agent, in consultation with the Creditors' Committee, shall be provided with only one Solicitation Package and one Ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claim(s).

6.     If any claimant/creditor elects to challenge the amount, allowance, or classification of its claim for voting purposes, such claimant/creditor may file with this Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including the temporary allowance or reclassification of its claim for voting purposes. The claimant/creditor's Ballot shall not be counted, unless temporarily allowed by an order entered on or before **November 4, 2011** or as otherwise ordered by the Court at any time. The following procedures shall apply to any Temporary Allowance Request Motions:

(1)     All Temporary Allowance Request Motions shall be filed and served on or before the 14th day after the later of (i) service of the Confirmation Hearing Notice and (ii) service of notice of an objection, if any, as to that specific claim, but in no event later than **October 7, 2011**;

(2)     All objections and responses to Temporary Allowance Request Motions shall be filed and served on or before **October 14, 2011**;

(3)     A claimant/creditor may file a reply to any objection or response to its motion on or before **October 21, 2011**;

(4)     Any order temporarily allowing such claims shall be entered on or before **November 4, 2011** or as otherwise ordered by the Court at any time.

7.      The Debtors and a claimant/creditor may agree to treatment of specific claims for voting purposes only pursuant to a notice or stipulation that is filed with the Court by the Debtors or the relevant claimant/creditor.

8.      Temporary Allowance Request Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (c) set forth the name of the claimant/creditor(s) pursuing the Temporary Allowance Request Motion; (d) set forth the name of the Debtor(s) against which the claim(s) is/are asserted; (e) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (f) be filed and served in accordance with the Case Management Order, in each case so as to be received by the Notice Parties (with a copy to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004, Courtroom 601) no later than **October 7, 2011** or as otherwise agreed by the relevant parties.  Temporary Allowance Request Motions not compliant with the foregoing shall not be considered by the Court and deemed denied except as otherwise ordered by the Court.

9.      Any claimant/creditor timely filing and serving a Temporary Allowance Request Motion shall be provided with a Ballot and shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline, pending a final determination of such motion by the Court.

10.     If the Debtors and such claimant/creditor are unable to resolve the issues raised by the Temporary Allowance Request Motion prior to the Voting Deadline, such Temporary Allowance Request Motion shall be considered by the Court at such time as the Court shall direct.  At such hearing, the Court shall determine whether the provisional Ballot should be allowed to any extent for voting purposes and the amount(s) of the claim(s) that may be voted.

### *The Record Date*

11.     The Record Date is **August 1, 2011**.

### *Solicitation Packages*

12.     The Debtors shall assemble, or cause to be assembled, the Solicitation Packages and shall transmit, or cause to be transmitted, the Solicitation Packages by **September 23, 2011** or as soon thereafter as reasonably practicable, but no later than September 30, 2011 (the "Service Period") to (a) the U.S. Trustee, (b) attorneys for the Creditors' Committee; (c) the SEC; (d) the IRS, (e) the DOJ, (f) any other party requesting service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002, (g) all claimant/creditors who are listed on the Debtors' Schedules or who have filed a Proof of Claim by the General Bar Date or the LPS Bar Date, as applicable, and (h) all known equity interest holders.

13.     Each Solicitation Package shall contain a copy of –

(a)     this Order (without attachments);

(b)     the Confirmation Hearing Notice;

(c)     the Proposed Disclosure Statement, including the Plan as an attachment;

(d)     if the recipient is a Voting Creditor or Voting Nominee, a Ballot in the form described below, and, as appropriate, a postage-prepaid envelope; **OR**

(e) notwithstanding the foregoing, if the recipient is a holder of claim or equity interest in a Non-Voting Impaired Class, then **only** a Notice of Non-Voting Status and the Confirmation Hearing Notice; and

(f) such other materials as may be ordered or permitted by the Court.

14. The Solicitation Packages are **APPROVED**.

15. The Debtors may transmit the Solicitation Packages (with the exception of Ballots and the Confirmation Hearing Notice, which will be provided in printed hard copy) in a CD-ROM format instead of printed hard copies. If requested, in writing, by a claimant/creditor or equity interest holder, printed hard copies shall be provided to such person.

16. For Disclosure Statement Notices returned as undeliverable, after the Debtors have confirmed that there was no error on the part of the Debtors or Epiq in the addressing of such undeliverable Disclosure Statement Notices, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the end of the Service Period, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

17. The Debtors shall publish the Confirmation Hearing Notice (substantially in the form attached hereto as Exhibit 2) in the national and global editions of the *Wall Street Journal*, the *Financial Times*, the national edition of *The New York Times*, and the *Times of London* once within ten (10) business days after entry of this Order. In addition, unless otherwise determined by the Court or the Debtors, in consultation with the Creditors' Committee, the Debtors shall publish, not later than sixty (60) days prior to the Confirmation

Hearing, the Confirmation Hearing Notice (translated into the appropriate language, if necessary) in national newspaper in each of Germany, The Netherlands (in English), Switzerland, Luxembourg, United Kingdom, Hong Kong, Australia, and Japan.

*Ballots*

18.     The forms of Ballots are **APPROVED**.

19.     The Voting Deadline is **November 4, 2011 at 4:00 p.m. (Eastern Time)**.

20.     To be counted as a vote to accept or reject the Plan, each General Ballot, Secured Claim Ballot, and Master Ballot must be properly executed, completed, and delivered to Epiq by (i) mail, (ii) courier, or (iii) personal delivery, so that it is <u>actually</u> <u>received</u> by Epiq no later than the Voting Deadline.[5]

21.     Except (i) for claims that arise from ownership of a debt security, (ii) as otherwise ordered by the Court, or (iii) as otherwise agreed by the relevant parties and filed with the Court by the Debtors, holders of claims against any of the Debtors in the classes set forth below shall receive a Ballot substantially in the form annexed hereto as <u>Exhibit 3A</u> ("<u>General Ballot A</u>"), which may be non-substantively marked and identified to the specific class of claimant/creditors.

---

[5] As there are a significant number of debt securities entitled to vote on the Plan, at the option of the Voting Nominee, beneficial holders may relay votes or voting instructions electronically to the Voting Nominee or the entity preparing the Master Ballot on such Voting Nominee's behalf, and Voting Nominees may use their customary procedures for obtaining such votes electronically.  Correspondingly, the Beneficial Ballots shall provide that "*Submission of electronic instructions to your Voting Nominee (if permitted by such Voting Nominee) shall have the same effect as if you had completed and returned a physical Ballot.  By making an electronic submission, you are representing that you reviewed the Ballot in its entirety and have received a copy of the Plan and Disclosure Statement for your review and consideration.*"  In addition, the entity preparing the Master Ballot shall be required to retain submitted votes for the same period of time they would be required to retain a physical Ballot under applicable law or pursuant to any contractual obligation.  Voting Nominees shall relay votes in one of the following ways:  (1) hard copy Master Ballot with all voting information contained therein; (2) hard copy Master Ballot with a hard copy schedule of the voted accounts being transmitted; (3) hard copy Master Ballot with a summary total and CD-ROM with an Excel file containing the voted accounts being transmitted; or (4) in the case of a Voting Nominee not in the United States, via email with an attached Excel file containing the voted accounts being transmitted.  In addition, the foregoing procedures shall apply to a nominee submitting a General Ballot in LBHI Class 5 (Senior Third-Party Guarantee Claims) with an attached schedule that details the votes of underlying holders.

(a)     Priority Non-Tax Claims (LBHI Class 1, Participating Subsidiary Debtor Class 1, Non-Participating Subsidiary Debtor Class 1)

(b)     Senior Affiliate Claims (LBHI Class 4A)

(c)     Senior Affiliate Guarantee Claims (LBHI Class 4B)

(d)     Convenience Claims and Convenience Guarantee Claims (LBHI Class 6A-6B, Participating Subsidiary Debtor Class 3)

(e)     Third-Party Guarantee Claims of the Racers Trusts (LBHI Class 9B)

(f)     General Unsecured Claims of Designated Entities Against LCPI (LCPI Class 4B)

(g)     General Unsecured Claims of the Racers Trusts Against LBSF (LBSF Class 4B)

(h)     General Unsecured (Non-Participating Subsidiary Debtor Class 3)

(i)     Affiliate Claims (LBHI Class 8, Participating Subsidiary Debtor Classes 5A-5C, Non-Participating Debtors Classes 4A-4B)

(j)     Claims filed by a nominee in the classes set forth in paragraph 22(a)-(f) below.

22.     Except (i) for claims that arise from ownership of a debt security, (ii) as otherwise ordered by the Court, or (iii) as otherwise agreed by the relevant parties and filed with the Court by the Debtors, holders of claims against LBHI and any of the Participating Subsidiary Debtors in the classes set forth below shall receive a Ballot substantially in the form annexed hereto as Exhibit 3B ("General Ballot B" and together with General Ballot A, the "General Ballots"), containing an election to be treated as a Convenience Claim or a Convenience Guarantee Claim, which Ballot may be non-substantively marked and identified to the specific class of claimant/creditors.

(a)     Senior Unsecured Claims (LBHI Class 3)

(b)     Senior Third-Party Guarantee Claims (LBHI Class 5)

(c)     General Unsecured (LBHI Class 7, Participating Subsidiary Debtors other than LCPI and LBSF Class 4)

(d)      General Unsecured Claims other than those of the Racers Trusts (LBSF Class 4A)

(e)      General Unsecured Claims other than those of Designated Entities (LCPI Class 4A)

(f)      Third-Party Guarantee Claims other than of the Racers Trusts (LBHI Class 9A)

23.      Holders of Secured Claims against any of the Debtors (LBHI Class 2, Participating Subsidiary Debtors Class 2, and Non-Participating Subsidiary Debtor Class 2) shall receive a Ballot substantially in the form annexed hereto as <u>Exhibit 3C</u> (the "<u>Secured Claim Ballot</u>"), which may be non-substantively marked and identified to the specific class of claimant/creditors.

24.      Ballots to be provided to holders of debt securities of LBHI within LBHI Class 3 (Senior Unsecured Claims) shall be in substantially the same form as the General Ballot; ***provided, however***, that, unless otherwise (i) ordered by the Court or (ii) agreed by the relevant parties and filed with the Court by the Debtors, entities that hold a claim as a nominee for the benefit of one or more beneficial holders (collectively, the "<u>Voting Nominees</u>") shall be provided with (a) Solicitation Packages for each beneficial holder represented by the Voting Nominee, which shall contain a Ballot substantially in the form annexed hereto as <u>Exhibit 3D</u> (the "<u>Beneficial Ballot</u>") and (b) a master ballot, substantially in the form annexed hereto as <u>Exhibit 3E</u> (the "<u>Master Ballot</u>").[6] Both the form of Master Ballot and the form of Beneficial Ballot may

---

[6] To the extent there are any public securities held through international depositories (such as Euroclear or Clearstream), Epiq shall distribute the Solicitation Packages and Master Ballots to such international depositories via electronic transmission as required by such international depositories. The international depositories shall then distribute the Solicitation Packages and Master Ballots to Voting Nominees and beneficial holders, as appropriate, in accordance with their customary practices and obtain acceptances or rejections also in accordance with their customary practices.

be non-substantively marked and identified to the specific class of claimant/creditors.[7]  The

holder of a claim based on a debt security within LBHI Class 3 (Senior Unsecured Claims) (i)

that did not appear on the Master List of Securities (as defined in the Bar Date Notice) and (ii)

for which an indenture trustee did not file a proof of claim, shall be responsible for submitting

the General Ballot on account of such claim and should not rely on a Voting Nominee to process

any votes with respect to such debt security.

25.     A Voting Nominee shall have two options as to acceptance or rejection of

the Plan.  The Voting Nominee may elect to (a) "prevalidate" the Beneficial Ballot, i.e., forward

the Solicitation Package to the beneficial holder, and instruct the beneficial holder to return the

executed Beneficial Ballot to Epiq, or (b) forward the Solicitation Package to the beneficial

holder with instructions for the beneficial holder to return the Beneficial Ballot to the Voting

Nominee.  To be "prevalidated," a Beneficial Ballot shall be executed by the Voting Nominee

and state the amount of the underlying securities, with the corresponding account numbers.  If

the Voting Nominee elects option (b), upon return of the Beneficial Ballots, the Voting Nominee

shall tabulate the Beneficial Ballots on a Master Ballot and return the Master Ballot to Epiq.  In

either instance, the Voting Nominee shall provide the beneficial holder with the appropriate

materials within **seven (7) business days** of receipt of the Solicitation Packages.

26.     The Debtors shall reimburse each Voting Nominee for its documented,

reasonable and customary out-of-pocket external costs and expenses associated with distribution

of the Solicitation Packages and tabulation of the Beneficial Ballots.

---

[7] In accordance with customary public security solicitation procedures, the Master Ballots shall be distributed to
Voting Nominees approximately **seven (7) calendar days** after the initial distribution of the Solicitation Packages
containing Beneficial Ballots to the Voting Nominees.

27.     For the holders of claims in LBHI Class 5 (Senior Third-Party Guarantee Claims) based on LPS that were not issued by LBHI, but rather were issued by affiliates of LBHI, a General Ballot shall be provided that may be non-substantively marked and identified to the specific class of claimant/creditors; ***provided***, ***however***, that to the extent a nominee receives a General Ballot in connection with a claim in LBHI Class 5 (Senior Third-Party Guarantee Claims) filed on behalf of one or more underlying holders, such nominee may utilize a copy of such General Ballot to obtain the votes of such underlying holders and shall be entitled to submit the General Ballot with an attached schedule, the form of which will be provided by Epiq upon request, to detail the votes of such underlying holders, and Epiq shall tabulate such General Ballot in accordance with the attached schedule and in an amount not to exceed the amount of the applicable claim.  The form of General Ballot and the form of attached schedule may be non-substantively marked and identified to the specific class of claimant/creditors.  Nominee, as used in this paragraph, shall include (i) any bank, broker, custodian, or other party that is the record holder of any LPS (including as a result of the sale of a claim or a portion thereof) and (ii) any indenture trustee for any LPS that were not issued by LBHI, that filed a proof of claim based on an alleged guarantee of such LPS on behalf of the beneficial holders thereof.  Parties that filed proofs of claim for which there is no nominee will be responsible for filing their individual Ballots.

28.     Authority is granted to extend, in good faith, for any reason deemed appropriate by the Debtors, the time during which Ballots may be accepted and included in tabulations from any claimant/creditor or class of claimant/creditors.  Such extensions shall be made by the Debtors, in consultation with the Creditors' Committee, by oral or written notice to

Epiq.  Any instance in which the Voting Deadline is extended shall be highlighted and listed in

the Voting Certification filed by Epiq.

### *Notice of Non-Voting Status*

29.     The Notice of Non-Voting Status is **APPROVED**.

### *Tabulation Procedures*

30.     The following procedures for tabulating Ballots are **APPROVED**:

(a)     Whenever a claimant/creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b)     The following Ballots shall not be counted:

(1)     Any Ballot that is completed, executed, and timely returned to Epiq, but does not indicate either an acceptance or rejection of the Plan;

(2)     Any Ballot that is completed, executed, and timely returned to Epiq, but indicates both an acceptance and a rejection of the Plan;

(3)     Any Ballot received after the Voting Deadline unless the Debtors shall have granted an extension of the Voting Deadline in writing as to such Ballot;

(4)     Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant/creditor;

(5)     Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

(6)     Any unsigned Ballot; or

(7)     Any Ballot transmitted to Epiq by facsimile or other means not specifically approved hereby.

(c)     A claimant/creditor who is determined by the Debtors, in consultation with the Creditors' Committee, to have traded claims within the same class for the purpose of creating separate claims for voting purposes and determination of numerosity shall be entitled to only one vote in the aggregate dollar amount of all such claims.

31.     The following additional procedures shall apply with respect to tabulating

Master Ballots:

      (a)     votes cast by holders of debt securities through Voting Nominees shall be applied to the applicable positions held by such Voting Nominees as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Voting Nominee shall not be counted in excess of the amount of debt securities held by such Voting Nominee as of the Record Date;

      (b)     if conflicting votes or "over-votes" are submitted by a Voting Nominee, the Debtors shall use reasonable efforts to reconcile discrepancies with the Voting Nominee;

      (c)     if over-votes are submitted by a Voting Nominee which are not reconciled prior to the preparation of the Voting Certification, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Voting Nominee, but only to the extent of the Voting Nominee's Record Date position in the debt securities;

      (d)     for the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its debt securities; any principal amounts thus voted will be thereafter adjusted by Epiq, on a proportionate basis with a view to the amount of securities actually voted, to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

      (e)     a single Voting Nominee may complete and deliver to Epiq multiple Master Ballots. Votes reflected on multiple Master Ballots shall be counted except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last properly completed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede any prior Master Ballot.

32.     The Debtors, subject to contrary order of the Court, may waive any defects

or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline;

provided, however, that (i) any such waivers shall be documented in the Vote Certification (as

defined below), and (ii) neither the Debtors, nor any other entity, shall be under any duty to

provide notification of such defects or irregularities other than as provided in the Vote Certification, nor will any of them incur any liability for failure to provide such notification.

33. For the purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 (not applicable to publicly traded notes, bonds, and debentures) shall be recognized unless documentation evidencing such transfer was filed with the Court on or before the Record Date.

34. <u>Withdrawal of Vote</u>. Any claimant/creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw, subject to any rights of the Debtors or the Creditors' Committee to contest the validity of any such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to Epiq, at any time prior to the Voting Deadline; *provided, however*, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification to be filed by Epiq. A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be executed by the withdrawing claimant/creditor, (c) contain a certification that the withdrawing claimant/creditor owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn and (d) be received by Epiq prior to the Voting Deadline.

35. <u>Changing Votes</u>. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last properly completed Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and shall supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to any rights of the Debtors or the Creditors' Committee to object to the validity or allowance for voting purposes of the later Ballot

or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the next-most recent properly completed Ballot or Master Ballot received by Epiq for all purposes; *provided, however*, that as to any instance in which a vote is changed by the filing of a superseding Ballot, the Voting Certification to be filed by Epiq shall indicate the changing of the particular vote.

36.     <u>No Division of Claims or Votes</u>.  Except as set forth below and as it may relate to the procedures applicable to Master Ballots or as set forth in paragraph 27 above, each claimant who votes must vote the full amount of each claim in any one class either to accept or reject the Plan, and, therefore:  (i) separate claims held by a single creditor in any one class shall be aggregated, for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such creditor held one claim against the Debtors in such class, (ii) such creditor shall receive a single Ballot with respect to all of its claims in such class; and (iii) the votes related to such claims shall be treated as a single vote to accept or reject the Plan.  Notwithstanding anything to the contrary herein, separate ballots shall be provided, and the votes of creditors shall not be aggregated, in the event that:  (x) separate claims held by a single creditor were acquired from other creditors after the Commencement Date or (y) separate Ballots are requested by a claimant/creditor in a Temporary Allowance Request Motion prior to the deadline set forth in paragraph 6 for filing any such motion and such motion is approved by the court prior to the voting deadline.

37.     <u>Certification of Vote</u>.  Notwithstanding Local Rule 3018-1(a), Epiq shall file its voting certification (the "<u>Voting Certification</u>") on or before **December 1, 2011**.  Such Voting Certification shall list, <u>inter alia</u>, all instances in which (i) Ballots were withdrawn, (ii)

votes were changed by the filing of superseding Ballots, and (iii) the Voting Deadline was extended.

38.     Epiq is authorized (but not required) in its discretion to contact claimant/creditors that submit incomplete or otherwise deficient Ballots to afford such claimant/creditors an opportunity to cure such deficiencies.

**The Confirmation Hearing**

39.     The Confirmation Hearing shall be held at **10:00 a.m. (Eastern Time) on December 6, 2011**.  The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.

40.     The notice of the confirmation hearing substantially in the form annexed hereto as Exhibit 2 (the "Confirmation Hearing Notice") is **APPROVED**.

41.     The Plan Objection Deadline is **November 4, 2011 at 4:00 p.m. (Eastern Time).**

42.     Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Rules, and the Case Management Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objecting party/(ies) against the Debtors, and (e) state with particularity the legal and factual bases relied upon for the objection or response.

43.     Registered users of the Court's case filing system must electronically file any objections and responses.  All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format

(PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, supra), in accordance with General Order M-182.

44. Any objections or responses shall also be served upon and received by the Notice Parties no later than the Plan Objection Deadline.

45. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Order shall not be considered by the Court and shall be denied and overruled unless otherwise ordered by the Court.

46. The Debtors are authorized to make non-substantive changes to the Proposed Disclosure Statement, the Plan, the Ballots, and related documents without further order of the Court, including, without limitation, ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Proposed Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to mailing as may be appropriate.


Dated: New York, New York
      September 1, 2011

                                     *s/ James M. Peck*
                                     Honorable James M. Peck
                                     United States Bankruptcy Judge

<u>**Exhibit 1**</u>

**Notice of Disclosure Statement Hearing Used for Publication**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                        :
In re                                                   :      Chapter 11 Case No.
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,            :      08-13555 (JMP)
                                                        :
                                      Debtors.          :      (Jointly Administered)
                                                        :
-------------------------------------------------------------------x

**NOTICE OF HEARING TO CONSIDER APPROVAL OF DISCLOSURE STATEMENT FOR**
**SECOND AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC.**

TO PARTIES IN INTEREST IN THE FOLLOWING CHAPTER 11 CASES:

**Name of Debtors and Case Numbers**

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

PLEASE TAKE NOTICE THAT on July 1, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors") filed the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan") and the Debtors' Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (as it may be amended, the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE that:

1.     A hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), One Bowling Green, New York, New York 10014, on **August 30, 2011 at 10:00 a.m. (Eastern Time)** (the "Disclosure Statement Hearing") to consider the entry of an order, among other things, determining that the Disclosure Statement contains "adequate information" within the meaning ascribed to such term in section 1125 of title 11 of the United States Code (the "Bankruptcy Code") and approving the Disclosure Statement.

2.     Any party in interest wishing to obtain a copy of the Disclosure Statement and the Plan may request a copy, in writing, from **Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, 757 Third Avenue, 3rd Floor, New York, New York 10017.** Interested parties may also examine the Disclosure Statement and the Plan free of charge at www.lehman-docket.com. In addition, the Disclosure Statement and the Plan are on file with the Bankruptcy Court and may be examined by accessing the Bankruptcy Court's website: www.nysb.uscourts.gov. Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website. A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

3.     Objections and responses, if any, to approval of the Disclosure Statement, must (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, and the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated June 17, 2010 [Docket No. 9635], (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by each objecting party/(ies) against the Debtor(s), and (e) state with particularity the legal and factual bases relied upon for the objection or response; and (f) be filed, together with proof of service, with the Bankruptcy Court and served **so that they are actually received by the following parties no later than August 11, 2011 at 4:00 p.m. (Eastern Time)**: (i) the **chambers of the Honorable James M. Peck, United States Bankruptcy Judge**, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) **Weil Gotshal & Manges LLP**, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, Lori R. Fife, and Alfredo R. Pérez, attorneys for the Debtors; (iii) the **Office of the United States Trustee** for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.; and (iv) **Milbank, Tweed, Hadley & McCloy LLP**, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors.

**IF AN OBJECTION OR RESPONSE TO APPROVAL OF THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND MAY NOT BE HEARD AT THE DISCLOSURE STATEMENT HEARING.**

4.      Upon approval of the Disclosure Statement by the Bankruptcy Court, any party in interest that is entitled to vote on the Plan will receive a copy of the Disclosure Statement, the Plan and various documents related thereto, unless otherwise ordered by the Bankruptcy Court.

5.      The Disclosure Statement Hearing may be adjourned from time to time without further notice to parties in interest other than by an announcement in Bankruptcy Court of such adjournment on the date scheduled for the Disclosure Statement Hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.

DATED:   July 13, 2011
            New York, New York

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## <u>Exhibit 2</u>

## Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------------x
                                        :
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                        :
                 Debtors.               :    (Jointly Administered)
                                        :
---------------------------------------------------------------------x
```

### NOTICE OF (i) APPROVAL OF DISCLOSURE STATEMENT; (ii) ESTABLISHMENT OF RECORD DATE; (iii) HEARING ON CONFIRMATION OF THE PLAN AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN; AND (iv) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

TO PARTIES IN INTEREST IN THE FOLLOWING CHAPTER 11 CASES:

#### <u>Name of Debtors and Case Numbers</u>

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

PLEASE TAKE NOTICE that:

1. ***Approval of Disclosure Statement.*** On [_____], 2011, the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") entered an amended order (the "<u>Order</u>"), approving the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (as approved, the "<u>Disclosure Statement</u>")[1] in the above-referenced chapter 11 cases of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"). The Order authorizes the Debtors to solicit votes to accept or reject the Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (as it may be further amended, the "<u>Plan</u>"), a copy of which is annexed as <u>Exhibit A</u> to the Disclosure Statement.

2. ***Confirmation Hearing***. A hearing (the "<u>Confirmation Hearing</u>") to consider the confirmation of the Plan will be held at **10:00 a.m. (Prevailing Eastern Time) on December 6, 2011** before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be adjourned or continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3. ***Record Date for Voting Purposes***. The following claimant/creditors who hold claims against the Debtors on **August 1, 2011** (the "<u>Record Date</u>") are entitled to vote on the Plan:

   a) holders, as of the Record Date, of claims listed on the Debtors' schedules of liabilities, to the extent that such claims (i) are listed in an amount greater than zero and are not identified as contingent, unliquidated or disputed, and (ii) have not been superseded by a timely filed proof of claim; and

   b) holders as of the Record Date, of claims, to the extent that such claims (i) are the subject of timely filed proofs of claim, (ii) are filed in an amount greater than zero, (iii) have not been disallowed, expunged, or disqualified by an order of the Bankruptcy Court prior to the Record Date, and (iv) are not the subject of any pending claim objection as of **September 16, 2011**, unless a Temporary Allowance Request Motion (as defined below) has been filed and granted by the Bankruptcy Court on or before **November 4, 2011** or as may be ordered by the Bankruptcy Court.

4. ***Voting Deadline***. All votes to accept or reject the Plan must be actually received by the Debtors' voting and tabulation agent, Epiq Bankruptcy Solutions, LLC, by no later than **4:00 p.m. (Prevailing Eastern Time) on November 4, 2011** (the "<u>Voting Deadline</u>"). Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement.

|                                | If sent by hand delivery or courier: |
|--------------------------------|--------------------------------------|
| If sent by mail:               |                                      |

|                                              |                                              |
|----------------------------------------------|----------------------------------------------|
| Epiq Bankruptcy Solutions, LLC               | Epiq Bankruptcy Solutions, LLC               |
| Attn: Lehman Ballot Processing Center        | Attn: Lehman Ballot Processing Center        |
| FDR Station, P.O. Box 5014                   | 757 Third Avenue, 3rd Floor                  |
| New York, New York 10150-5014                | New York, New York 10017                     |

5.  ***Parties in Interest Not Entitled to Vote.*** Holders of Subordinated Class 10A Claims, Subordinated Class 10B Claims, Subordinated Class 10C Claims, and Section 510(b) Claims against LBHI and holders of Equity Interests in the Debtors are not entitled to vote and will not receive a ballot. Holders of such claims and equity interests are deemed to reject the Plan and will receive a Notice of Non-Voting Status rather than a Ballot. If you have timely filed a proof of claim and disagree with the Debtors' classification of or objection to your claim and believe that you should be entitled to vote on the Plan, then you must serve on the parties identified in paragraph 6 below and file with the Bankruptcy Court (with a copy to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004, Courtroom 601) a motion (a "Temporary Allowance Request Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your claim for purposes of voting to accept or reject the Plan. All Temporary Allowance Request Motions must be filed on or before the 14th day after the later of (i) service of this notice and (ii) service of notice of an objection, if any, as to your claim, but in no event later than **October 7, 2011**. As to any claimant/creditor filing a Temporary Allowance Request Motion, such claimant/creditor's Ballot will not be counted except as may be otherwise ordered by the Bankruptcy Court. Claimant/creditors may contact Epiq Bankruptcy Solutions, LLC at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**, to receive an appropriate Ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted. Temporary Allowance Request Motions not compliant with the foregoing will not be considered by the Bankruptcy Court and deemed denied except as otherwise ordered by the Bankruptcy Court.

6.  ***Objections to Confirmation.***

The deadline to object or respond to confirmation of the Plan is **November 4, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "Plan Objection Deadline").

Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, and the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures*, dated June 17, 2010 [ECF No. 9635], (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objecting party/(ies) against the Debtors, and (e) state with particularity the legal and factual bases relied upon for the objection or response.

Registered users of the Bankruptcy Court's case filing system must electronically file their objections and responses. All other parties in interest must file their objections and responses on a 3.5 inch floppy disk or flash drive, preferably in Portable Document Format (PDF), Microsoft Word or any other Windows-based word processing format (with a hard copy delivered directly

to the chambers of the Honorable James M. Peck, United States Bankruptcy Judge, supra), in accordance with General Order M-182.

Any objections or responses must also be served upon the following parties so as to be received by no later than the Plan Objection Deadline: (i) the **chambers of the Honorable James M. Peck, United States Bankruptcy Judge, supra**; (ii) **Weil Gotshal & Manges LLP**, 767 Fifth Avenue, New York, New York 10153, Attn: Harvey R. Miller, Esq., Lori R. Fife, Esq. and Alfredo R. Pérez, Esq., attorneys for the Debtors; (iii) the **Office of the United States Trustee** for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.; (iv) **Milbank, Tweed, Hadley & McCloy LLP**, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors.

   **IF ANY OBJECTION OR RESPONSE TO CONFIRMATION OF THE PLAN IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO CONFIRMATION OF THE PLAN AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

7.    ***Parties That Will Not Be Treated as Creditors***.  Any holder of a claim that is scheduled in the Debtors' schedules of assets and liabilities, statements of financial affairs and schedules of executory contracts and unexpired leases at $0.00, or in an unknown amount, or as disputed, contingent, or unliquidated, and that has not filed a timely proof of claim shall not be treated as a creditor with respect to such claim for purposes of receiving distributions under the Plan.

8.    ***Additional Information***.  Any party in interest wishing to obtain a copy of the Disclosure Statement and the Plan may request such copy, in writing, from **Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, 757 Third Avenue, 3rd Floor, New York, New York 10017**.  Interested parties may also examine the Disclosure Statement and the Plan free of charge at www.lehman-docket.com.  In addition, the Disclosure Statement and the Plan are on file with the Bankruptcy Court and may be examined by accessing the Bankruptcy Court's website: www.nysb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.

9.    ***Executory Contracts and Unexpired Leases.***

   a)    ***Cure of Defaults for Assumed Executory Contracts and Unexpired Leases***:  Except to the extent that different treatment has been agreed to by the non-debtor party or parties to any executory contract or unexpired lease (each, a "Counterparty") listed on Schedules [___] of the Plan Supplement as being assumed pursuant to Section [___] of the Plan, the Debtors will, within at least [___] days prior to the later of (a) the hearing on the Debtors' motion for assumption or assumption and assignment and (b) the Confirmation Hearing, file with the Bankruptcy Court and serve by first class mail on each applicable Counterparty, a notice, which shall include the cure amount as to such Counterparty's executory contract or unexpired lease to be assumed as set forth on Schedule [_____].  **If you are a Counterparty to an executory contract or unexpired lease to be assumed or assumed and assigned by the Debtors, you must file and serve any objection to the assumption or the cure amounts listed by the Debtors on the above-referenced schedule by the Plan Objection Deadline.**  If there are any such objections filed, the Bankruptcy Court will hold a hearing on a date to be set by the Bankruptcy Court.  The Debtors retain their rights to reject any of their

executive contracts or unexpired leases that are subject to a dispute concerning the amounts necessary to cure any defaults as of the Effective Date.

b) ***Bar Date for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan***:  Proofs of claim for damages arising out of the rejection of an executory contract or unexpired lease pursuant to Section [__] of the Plan must be filed with the Bankruptcy Court and served upon the attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn:  Harvey R. Miller, Esq., Lori R. Fife, Esq. and Alfredo R. Pérez, Esq., no later than [_____] days after the later of (a) notice of entry of an order approving the rejection of such executory contract or unexpired lease, (b) notice of entry of any order confirming the Plan, (c) notice of an amendment to Schedules [___] of the Plan Supplement (solely with respect to the party directly affected by such modification), or (d) notice of the Debtors' election to reject under Section [_____] of the Plan.  **All such proofs of claim not filed within such time will be forever barred from assertion against the Debtors and their estates or the Liquidating Trust and their property.**

DATED:  [DATE], 2011
          New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit 3A

## General Ballot A Form

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                        :

| | |
|---|---|
| In re | **:**   **Chapter 11 Case No.** |
| | **:** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | **:**   **08-13555 (JMP)** |
| | **:** |
| Debtors. | **:**   **(Jointly Administered)** |
| | **:** |

-------------------------------------------------------------------x

**BALLOT FOR THIRD AMENDED JOINT CHAPTER 11 PLAN OF**
**LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

**BALLOT FOR [_____] CLAIMS**

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), each of which is identified below, are soliciting votes with respect to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as it may be further amended or modified, the "Plan"), from the holders of certain claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**.

        This Ballot is to be used for voting by holders of [_____] Claims.  **In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, FDR Station, P.O. Box 5014, New York, New York 10150-5014, by no later than 4:00 p.m. (Prevailing Eastern Time) on November 4, 2011 (the "Voting Deadline"), unless such time is extended by the Debtors.**

        This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of claims or distribution.

        PLEASE COMPLETE THE FOLLOWING:

        **ITEM 1.  Amount of [_____] Claim(s).**  For purposes of voting to accept or reject the

Plan, as of August 1, 2011 (the "Record Date") the undersigned was a holder of [_____] Claim(s)

(the "Claim(s)") in the aggregate amount set forth below.

| | |
|---|---|
| Class: | _____ |
| Claim Amount: | $_____ |
| Debtor: | _____ |

[BALLOT CODE]
General Ballot A Form

ITEM 2.  Vote on the Plan.  **The undersigned holder of the Claim(s) identified in Item 1 above hereby votes to:**

Check one box:  ☐  Accept the Plan

☐  Reject the Plan

**ITEM 3.  Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Debtors' Disclosure Statement for the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated August 31, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the Claim identified in Item 1 above or (ii) it has full power and authority to vote to accept or reject the Plan on behalf of the holder of the Claim identified in Item 1 above.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant:  _____

Social Security or Federal Tax I.D. No. of Claimant:  _____

Signature:  _____

Name of Signatory (if different than claimant):  _____

If by Authorized Agent, Title of Agent:  _____

Street Address:  _____

City, State and Zip Code:  _____

Telephone Number:  _____

Email Address:  _____

Date Completed:  _____

Name of Debtors and Case Numbers

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

**VOTING INSTRUCTIONS FOR COMPLETING THE**
**BALLOT FOR HOLDERS OF [                    ] CLAIMS**

This Ballot is submitted to you to solicit your vote to accept or reject the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as it may be further amended or modified, the "Plan").  The terms of the Plan are described in the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated August 31, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto.  All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed to such terms in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by a class if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in such class voting on the Plan.  In the event that your class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of claims in your class and all other classes of claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  **If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtors will be bound by the terms of the confirmed Plan and the transactions contemplated thereby, whether or not they vote to accept the Plan and whether or not they vote on the Plan at all.**

**To have your vote counted, you must complete, sign, and return this Ballot to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is received by the Voting Agent by no later than 4:00 p.m. (Prevailing Eastern Time) on November 4, 2011 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.**  Ballots must be delivered either by mail with the enclosed envelope or to the Voting Agent at the following address:

If by mail:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
FDR STATION, P.O. BOX 5014
NEW YORK, NEW YORK 10150-5014

If by hand delivery or courier:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017

**Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

To properly complete the Ballot, you must follow the procedures described below:

> make sure that the information contained in Item 1 is correct;

> if you have a Claim identified in Item 1, cast your vote to accept or reject the Plan by checking the appropriate box in Item 2;

> if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing (and, if requested, submit satisfactory evidence of your

[BALLOT CODE]
General Ballot A Form

authority to so act, <u>e.g.</u>, a power of attorney or a certified copy of board resolutions authorizing you to so act);

if you also hold claim(s) in a class other than the class specified in Item 1, you may receive more than one Ballot, each labeled for a different class of claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot;

if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

provide your name and mailing address;

sign and date your Ballot; and

return your Ballot with an original signature to the Voting Agent.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

**General Ballot B Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                               :
In re                                          :    **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (JMP)**
                                               :
                             **Debtors.**      :    **(Jointly Administered)**
                                               :
-------------------------------------------------------------------x

**BALLOT FOR THIRD AMENDED JOINT CHAPTER 11 PLAN OF**
**LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

**BALLOT FOR [_____] CLAIMS**

   Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), each of which is identified below, are soliciting votes with respect to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as it may be further amended or modified, the "<u>Plan</u>"), from the holders of certain claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call Epiq Bankruptcy Solutions, LLC (the "<u>Voting Agent</u>") at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**.

   This Ballot is to be used for voting by holders of [_____] Claims.  **In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, FDR Station, P.O. Box 5014, New York, New York 10150-5014, by no later than 4:00 p.m. (Prevailing Eastern Time) on November 4, 2011 (the "<u>Voting Deadline</u>"), unless such time is extended by the Debtors.**

   This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of claims or distribution.

PLEASE COMPLETE THE FOLLOWING:

   **ITEM 1.  Amount of [_____] Claim(s).**  For purposes of voting to accept or reject the

Plan, as of August 1, 2011 (the "<u>Record Date</u>") the undersigned was a holder of [_____] Claim(s)

(the "<u>Claim(s)</u>") in the aggregate amount set forth below.

| |
|---|
| Class:      _____ |
| |
| Claim Amount:  $_____ |
| |
| Debtor:      _____ |

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

**ITEM 2. Vote on the Plan.** The undersigned holder of the Claim(s) identified in Item 1 above hereby votes to:

<u>Check one box</u>: ☐ Accept the Plan

☐ Reject the Plan

**ITEM 3. OPTIONAL – Convenience Class Election.** By checking the box below, you elect to have your Claim (if Allowed) reduced to $50,000 and be treated as a Convenience Claim against the Debtors, meaning that you will receive your Distribution in full on the Effective Date of the Plan or such later date when your Claim is Allowed, or as soon thereafter as is practicable.

☐ Elect to have Claim treated as a Convenience Claim

**ITEM 4. Acknowledgements and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated August 31, 2011 (as it may be amended or modified, the "<u>Disclosure Statement</u>"), including all exhibits thereto. The undersigned certifies that (i) it is the holder of the Claim identified in Item 1 above or (ii) it has full power and authority to vote to accept or reject the Plan on behalf of the holder of the Claim identified in Item 1 above. The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant: _____

Social Security or Federal Tax I.D. No. of Claimant: _____

Signature: _____

Name of Signatory (if different than claimant): _____

If by Authorized Agent, Title of Agent: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

<u>Name of Debtors and Case Numbers</u>

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

## VOTING INSTRUCTIONS FOR COMPLETING THE
## BALLOT FOR HOLDERS OF [                        ] CLAIMS

This Ballot is submitted to you to solicit your vote to accept or reject the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as it may be further amended or modified, the "Plan").  The terms of the Plan are described in the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated August 31, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto.  All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed to such terms in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by a class if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in such class voting on the Plan.  In the event that your class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of claims in your class and all other classes of claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  **If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtors will be bound by the terms of the confirmed Plan and the transactions contemplated thereby, whether or not they vote to accept the Plan and whether or not they vote on the Plan at all.**

**To have your vote counted, you must complete, sign, and return this Ballot to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is <u>received</u> by the Voting Agent by no later than 4:00 p.m. (Prevailing Eastern Time) on November 4, 2011 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.**  Ballots must be delivered either by mail with the enclosed envelope <u>or</u> to the Voting Agent at the following address:

If by mail:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
FDR STATION, P.O. BOX 5014
NEW YORK, NEW YORK 10150-5014

If by hand delivery or courier:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017

**Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

To properly complete the Ballot, you must follow the procedures described below:

> make sure that the information contained in Item 1 is correct;

> if you have a Claim identified in Item 1, cast your vote to accept or reject the Plan by checking the appropriate box in Item 2;

> if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing (and, if requested, submit satisfactory evidence of your

[BALLOT CODE]
General Ballot B Form
Convenience Claim Election

authority to so act, <u>e.g.</u>, a power of attorney or a certified copy of board resolutions authorizing you to so act);

if you also hold claim(s) in a class other than the class specified in Item 1, you may receive more than one Ballot, each labeled for a different class of claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot;

if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

provide your name and mailing address;

sign and date your Ballot; and

return your Ballot with an original signature to the Voting Agent.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

# **Exhibit 3C**

## **Secured Ballot Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
In re                                                              :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
:
                                        **Debtors.**            :    **(Jointly Administered)**
:
------------------------------------------------------------------x

**BALLOT FOR THIRD AMENDED JOINT CHAPTER 11 PLAN OF**
**LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

**BALLOT FOR CLASS 2 SECURED CLAIMS**

       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), each of which is identified below, are soliciting votes with respect to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as it may be further amended or modified, the "Plan"), from the holders of certain claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**.

       This Ballot is to be used for voting by holders of Class 2 Secured Claims.  **In order for your vote to be counted, the Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent, Epiq Bankruptcy Solutions, LLC, Attn: Lehman Ballot Processing Center, FDR Station, P.O. Box 5014, New York, New York 10150-5014, by no later than 4:00 p.m. (Prevailing Eastern Time) on November 4, 2011 (the "Voting Deadline"), unless such time is extended by the Debtors.**

       This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of claims or distribution.

PLEASE COMPLETE THE FOLLOWING:

       **ITEM 1.  Amount of Class 2 Secured Claim(s).**  For purposes of voting to accept or reject the Plan, as of August 1, 2011 (the "Record Date") the undersigned was a holder of Class 2 Secured Claim(s) in the aggregate amount set forth below.

| | |
|---|---|
| Class 2 Claim(s): | $_____ |
| Debtor: | _____ |

ITEM 2.  Vote on the Plan.  The undersigned holder of Secured Claim(s) identified in Item 1 above hereby votes to:

Check one box:  ☐  Accept the Plan

☐  Reject the Plan

**ITEM 3.  Acknowledgements and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code for the Plan, dated August 31, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto.  The undersigned certifies that (i) it is the holder of the Secured Claim identified in Item 1 above or (ii) it has full power and authority to vote to accept or reject the Plan.  The undersigned further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Print or Type Name of Claimant:  _____

Social Security or Federal Tax I.D. No. of Claimant:  _____

Signature:  _____

Name of Signatory (if different than claimant):  _____

If by Authorized Agent, Title of Agent:  _____

Street Address:  _____

City, State and Zip Code:  _____

Telephone Number:  _____

Email Address:  _____

Date Completed:  _____

<u>Name of Debtors and Case Numbers</u>

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

**VOTING INSTRUCTIONS FOR COMPLETING THE
BALLOT FOR HOLDERS OF CLASS 2 SECURED CLAIMS**

This Ballot is submitted to you to solicit your vote to accept or reject the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as it may be further amended or modified, the "Plan"). The terms of the Plan are described in the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code for the Plan, dated August 31, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto. All capitalized terms used but not defined herein or in the Ballot have the meanings ascribed to such terms in the Plan. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

The Plan will be accepted by a class if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in such class voting on the Plan. In the event that such class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of claims in such class and all other classes of claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. **If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtors will be bound by the terms of the confirmed Plan and the transactions contemplated thereby, whether or not they vote to accept the Plan and whether or not they vote on the Plan at all.**

**To have your vote counted, you must complete, sign, and return this Ballot to Epiq Bankruptcy Solutions, LLC (the "Voting Agent") so that it is received by the Voting Agent by no later than 4:00 p.m. (Prevailing Eastern Time) on November 4, 2011 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.** Ballots must be delivered either by mail with the enclosed envelope or to the Voting Agent at the following address:

If by mail:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
FDR STATION, P.O. BOX 5014
NEW YORK, NEW YORK 10150-5014

If by hand delivery or courier:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017

**Ballots will not be accepted by telecopy, facsimile or other electronic means of transmission.**

To properly complete the Ballot, you must follow the procedures described below:

> make sure that the information contained in Item 1 is correct;
>
> if you have a Secured Claim identified in Item 1, cast your vote to accept or reject the Plan by checking the appropriate box in Item 2;
>
> if you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing (and, if requested, submit satisfactory evidence of your

[BALLOT CODE]
Class 2 Ballot

authority to so act, _e.g._, a power of attorney or a certified copy of board resolutions authorizing you to so act);

if you also hold claims in a class other than the classes specified in Item 1, you may receive more than one Ballot, labeled for a different class of claims. Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot;

if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

provide your name and mailing address;

sign and date your Ballot; and

return your Ballot with an original signature to the Voting Agent.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

# Exhibit 3D

## Beneficial Ballot Form

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
                                        :
In re                                   :     **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :     **08-13555 (JMP)**
                                        :
                    **Debtors.**        :     **(Jointly Administered)**
                                        :
--------------------------------------------------------------------x

**BENEFICIAL BALLOT FOR THIRD AMENDED JOINT CHAPTER 11 PLAN**
**OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

**BENEFICIAL BALLOT FOR UNSECURED NOTE CLAIMS**

      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), each of which is identified below, are soliciting votes with respect to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as it may be further amended or modified, the "Plan"), from the holders of certain claims against the Debtors.  All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  If you have any questions on how to properly complete this Ballot, please call Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**.

      **This Beneficial Ballot is to be used for voting by the record holders or beneficial holders of the unsecured notes identified by your broker, bank or other nominee (each of the foregoing, a "Voting Nominee") on Exhibit A attached hereto or otherwise on this Beneficial Ballot (the "Unsecured Notes").  In order for your vote to be counted, the Beneficial Ballot (or the Master Ballot cast on your behalf must be returned to the Voting Agent) must be properly completed, signed, and returned to the Voting Agent so that it is actually received by the Voting Agent by no later than 4:00 p.m. (Prevailing Eastern Time) on November 4, 2011 (the "Voting Deadline"), unless such time is extended by the Debtors.  IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR VOTING NOMINEE, YOU MAY RETURN YOUR BALLOT USING THE ENVELOPE PROVIDED.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO RECEIVE YOUR BALLOT AND PROCESS YOUR VOTE ON A MASTER BALLOT SUCH THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.  Please see Exhibit A to this Beneficial Ballot for a list of Unsecured Notes (including the corresponding CUSIP(s)/ISIN(s) and applicable Plan class).**

      **Submission of electronic instructions to your Voting Nominee (if permitted by such Voting Nominee) shall have the same effect as if you had completed and returned a physical Ballot.  By making an electronic submission, you are representing that you reviewed the Beneficial Ballot in its entirety and have received a copy of the Plan and Disclosure Statement for your review and consideration.**

PLEASE COMPLETE THE FOLLOWING:

      **ITEM 1.  Principal Amount of Unsecured Notes.**  The undersigned hereby certifies that as of August 1,

2011 (the "Record Date"), the undersigned was the beneficial holder (or authorized signatory for a beneficial

holder), or the Voting Nominee of a beneficial holder, of Unsecured Notes in the following unpaid principal amount

(insert amount in box below).  If your Unsecured Notes are held by a Voting Nominee on your behalf and you do not know the amount of Unsecured Notes held, please contact your Voting Nominee immediately.

> Principal amount: _____

ITEM 2.  Vote on the Plan.  **The beneficial holder of Unsecured Notes identified in Item 1 above hereby votes to:**

Check one box:  ☐  Accept the Plan

☐  Reject the Plan

ITEM 3.  Certification as to Unsecured Notes held in Additional Accounts**.  By completing and returning this Beneficial Ballot, the beneficial holder certifies that either (1) it has not submitted any other Beneficial Ballots for other Unsecured Notes held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Unsecured Notes for which it has submitted additional Beneficial Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):**

ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED BENEFICIAL BALLOTS OTHER THAN THIS BENEFICIAL BALLOT

| Account Number | Name of Holder[2] | Amount of Other Claims Voted | Type of Claim Voted | CUSIP/ISIN of Other Claims Voted (if applicable) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

ITEM 4.  Acknowledgements and Certification.  **By returning this Beneficial Ballot, the beneficial holder of the Unsecured Notes identified in Item 1 above (a) acknowledges that it has been provided with a copy of the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code for the Plan, dated August 31, 2011 (as it may be amended or modified, the "Disclosure Statement"), including all exhibits thereto; (b) certifies that (i) it is the holder of the Unsecured Notes identified in Item 1 above or (ii) it has full power and authority to vote to accept or reject the Plan; and (c) further acknowledges that the Debtors' solicitation of votes is subject to all terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.**

Print or Type Name of Claimant:  _____

Social Security or Federal Tax I.D. No. of Claimant:  _____

Signature:  _____

Name of Signatory (if different than claimant):  _____

If by Authorized Agent, Title of Agent:  _____

---

[2] Insert your name if the Unsecured Notes are held by you in record name or, if held in street name, insert the name of your Voting Nominee.

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Email Address: _____

Date Completed: _____

<u>Name of Debtors and Case Numbers</u>

| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
|---|---|
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

## VOTING INSTRUCTIONS FOR COMPLETING THE
## BENEFICIAL BALLOT FOR HOLDERS OF UNSECURED NOTE CLAIMS

This Beneficial Ballot is submitted to you to solicit your vote to accept or reject the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as it may be further amended or modified, the "Plan").  The terms of the Plan are described in the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code for the Plan, dated August 31, 2011 (as it may be further amended or modified, the "Disclosure Statement").  All capitalized terms used but not defined herein or in the Beneficial Ballot have the meanings ascribed to such terms in the Plan.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BENEFICIAL BALLOT.**

The Plan will be accepted by a class if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in such class voting on the Plan.  In the event that your class rejects the Plan, the Bankruptcy Court may nevertheless confirm the Plan and thereby make it binding on you if the Bankruptcy Court finds that the Plan does not unfairly discriminate against and accords fair and equitable treatment to the holders of claims in your class and all other classes of claims rejecting the Plan, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  **If the Plan is confirmed by the Bankruptcy Court, all holders of claims against and equity interests in the Debtors will be bound by the terms of the confirmed Plan and the transactions contemplated thereby, whether or not they vote to accept the Plan and whether or not they vote on the Plan at all.**

**To have your vote counted, you must complete, sign, and return this Beneficial Ballot in the envelope provided or as otherwise directed by your Voting Nominee.  The deadline by which your vote must be <u>received</u> by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") is 4:00 p.m. (Prevailing Eastern Time) on November 4, 2011 (the "Voting Deadline"), unless such time is extended in the discretion of the Debtors.  IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR VOTING NOMINEE, YOU MAY RETURN YOUR BALLOT USING THE ENVELOPE PROVIDED.  PLEASE ALLOW SUFFICIENT TIME FOR YOUR VOTING NOMINEE TO RECEIVE YOUR BALLOT AND PROCESS YOUR VOTE ON A MASTER BALLOT SUCH THAT THE MASTER BALLOT IS RECEIVED BY THE VOTING AGENT BEFORE THE VOTING DEADLINE.**

**Beneficial Ballots will not be accepted by the Voting Agent by telecopy, facsimile, or other electronic means of transmission.**

To properly complete the Beneficial Ballot, you must follow the procedures described below:

make sure that the information contained in Item 1 is correct;

if you have a claim identified in Item 1, cast your vote to accept or reject the Plan by checking the appropriate box in Item 2;

provide the information required by Item 3, if applicable to you;

if you are completing this Beneficial Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing (and, if requested, submit satisfactory evidence of your authority to so act, <u>e.g.</u>, a power of attorney or a certified copy of board resolutions authorizing you to so act);

if you also hold claims in a class other than the class specified in Item 1, you may receive more than one Ballot, labeled for a different class of claims.  Your vote will be counted in determining acceptance or rejection of the Plan by a particular class of claims only if you complete, sign, and return the Ballot labeled for that class of claims in accordance with the instructions on that Ballot;

if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

provide your name and mailing address;

sign and date your Ballot; and

return your Ballot with an original signature using the enclosed pre-addressed return envelope.

**PLEASE NOTE:**

**The Beneficial Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.** Holders should not surrender, at this time, certificates representing their securities. Neither the Debtors nor the Voting Agent will accept delivery of any such certificates surrendered together with the Beneficial Ballot.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL BALLOT, OR IF YOU DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BENEFICIAL BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC AT **1-866-879-0688 (domestic) or 1-503-597-7691 (international)**. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

[BALLOT CODE]                    [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

# EXHIBIT A

*Your Voting Nominee may have checked a box below to indicate the Unsecured Notes to which this Beneficial Ballot pertains, or otherwise provided that information to you on a label or schedule attached to the Beneficial Ballot.*

| UNSECURED NOTES | | |
|---|---|---|
| **Class** | **Class Description** | **CUSIP(s)/ISIN(s)** |
| | | |
| | | |
| | | |
| | | |
| | | |

<u>**Exhibit 3E**</u>

**Master Ballot Form**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
```
                                                      :
In re                                                 :    **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,          :    **08-13555 (JMP)**
                                                      :
                          **Debtors.**                :    **(Jointly Administered)**
                                                      :
```
------------------------------------------------------------------x
```

**MASTER BALLOT FOR THIRD AMENDED JOINT CHAPTER 11 PLAN**
**OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

**MASTER BALLOT FOR UNSECURED NOTE CLAIMS**

On August 24, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), each of which is identified below, filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, (as it may be further amended or modified, the "Plan") and the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. Pursuant to Section 1125 of the Bankruptcy Code, (as it may be amended or modified, the "Disclosure Statement"), with respect thereto. Copies of the Plan and Disclosure Statement are enclosed. All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan. If you have any questions on how to properly complete this Master Ballot, please call Epiq Bankruptcy Solutions, LLC (the "Voting Agent") at (646) 282-2400.

This Master Ballot is to be used by you as a broker, bank, or other nominee; or as the agent of a broker, bank, or other nominee (each of the foregoing, a "Voting Nominee"); or as the proxy holder of a Voting Nominee or beneficial holder of the unsecured notes indicated by you on Exhibit A attached hereto (the "Unsecured Notes"), to transmit to the Voting Agent the votes of the beneficial holders in respect of their Unsecured Notes to accept or reject the Plan. Please see Exhibit A to this Master Ballot for a list of Unsecured Notes (including the corresponding CUSIP(s)/ISIN(s) and applicable classes).

PLEASE COMPLETE THE FOLLOWING:

**Item 1.   Certification of Authority to Vote.**  The undersigned certifies that as of August 1, 2011 (the Record Date), the undersigned (please check appropriate box):

☐   Is a broker, bank, or other nominee for the beneficial holders of the aggregate principal amount of the Unsecured Notes indicated on Exhibit A attached hereto or otherwise on this Master Ballot in the aggregate principal amount listed in Item 2 below, and is the registered holder or Voting Nominee of such securities, or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other nominee that is the registered holder or Voting Nominee of the aggregate principal amount of Unsecured Notes listed in Item 2 below, or

☐   Has been granted a proxy (an original of which is attached hereto) from a broker, bank, or other nominee, or a beneficial holder, that is the registered holder or Voting Nominee of the aggregate principal amount of Unsecured Notes listed in Item 2 below,

**[MASTER BALLOT CODE]**                    **[CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]**

and accordingly, has full power and authority to vote to accept or reject the Plan, on behalf of the beneficial holders of the Unsecured Notes described in Item 2.

**Item 2.  Vote.**  The undersigned transmits the following votes of beneficial holders in respect of their Unsecured Notes, and certifies that the following beneficial holders of the Unsecured Notes, as identified by their respective customer account numbers set forth below, are beneficial holders of such securities as of August 1, 2011, the Record Date, and have delivered to the undersigned, as Voting Nominee, properly executed Beneficial Ballots casting such votes.  Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note each beneficial holder must vote all of his, her, or its Unsecured Notes to accept or to reject the Plan and may not split such vote.

| Your Customer Account Number for Each Beneficial Holder of Voting Unsecured Notes | Principal Amount of Unsecured Notes Voted to ACCEPT or REJECT Plan* | |
|---|---|---|
| | ACCEPT | REJECT |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |
| 7. | | |
| 8. | | |
| TOTALS: | | |

\*        In order to vote on the Plan, the beneficial holder must have checked a box in item 2 to ACCEPT or REJECT the Plan on its individual Beneficial Ballot.  If the beneficial holder did not check a box, or checked both boxes, in Item 2 on its individual Beneficial Ballot, by order of the Bankruptcy Court its vote will not be counted.

[MASTER BALLOT CODE]                    [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

**Item 3. Certification as to Transcription of Information from Item 3 as to Unsecured Notes Voted Through Other Beneficial Ballots.** The undersigned certifies that the undersigned has transcribed in the following table the information provided by beneficial holders in Item 3 of the beneficial holder's original Beneficial Ballot, identifying any Unsecured Notes for which such beneficial holders have submitted other Beneficial Ballots other than to the undersigned:

| YOUR Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Beneficial Ballots | TRANSCRIBE FROM ITEM 3 OF THE BENEFICIAL BALLOTS: | | | | |
|---|---|---|---|---|---|
| | Account Number | Name of Beneficial Holder | Amount of Other Claims Voted | Type of Claims Voted | CUSIP/ISIN of Other Claims Voted (if applicable) |
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |
| 6. | | | | | |
| 7. | | | | | |
| 8. | | | | | |
| 9. | | | | | |
| 10. | | | | | |

[MASTER BALLOT CODE]  [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

**Item 4. Certification.** By signing this Master Ballot, the undersigned certifies that each beneficial holder of the Unsecured Notes listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and the order of the Bankruptcy Court approving the Disclosure Statement and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

Name of Voting Nominee:

_____
(Print or Type)

Participant Number:_____

Name of Proxy Holder or Agent for Voting Nominee (if applicable):

_____
(Print or Type)

Social Security or Federal Tax I.D. No.:_____

Signature:_____

By:_____
(If Appropriate)

Title:_____
(If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: (____)_____
(Including Area Code)

Email Address: _____

Date Completed:_____

[MASTER BALLOT CODE]          [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

Name of Debtors and Case Numbers

| | |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |
| Lehman Brothers Commodities Services Inc. | 08-13885 (JMP) |
| Lehman Brothers Special Financing Inc. | 08-13888 (JMP) |
| Lehman Brothers OTC Derivatives Inc. | 08-13893 (JMP) |
| Lehman Brothers Commercial Corporation | 08-13901 (JMP) |
| Lehman Brothers Derivatives Products Inc. | 08-13899 (JMP) |
| Lehman Brothers Financial Products Inc. | 08-13902 (JMP) |
| LB 745 LLC | 08-13600 (JMP) |
| PAMI Statler Arms LLC | 08-13664 (JMP) |
| CES Aviation LLC | 08-13905 (JMP) |
| CES Aviation V LLC | 08-13906 (JMP) |
| CES Aviation IX LLC | 08-13907 (JMP) |
| East Dover Limited | 08-13908 (JMP) |
| Lehman Scottish Finance L.P. | 08-13904 (JMP) |
| Luxembourg Residential Properties Loan Finance S.a.r.l. | 09-10108 (JMP) |
| BNC Mortgage LLC | 09-10137 (JMP) |
| LB Rose Ranch LLC | 09-10560 (JMP) |
| Structured Asset Securities Corporation | 09-10558 (JMP) |
| LB 2080 Kalakaua Owners LLC | 09-12516 (JMP) |
| Merit, LLC | 09-17331 (JMP) |
| LB Preferred Somerset LLC | 09-17505 (JMP) |
| LB Somerset LLC | 09-17503 (JMP) |

[MASTER BALLOT CODE]     [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

**INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT**

**VOTING DEADLINE/VOTING AGENT:**

**The Voting Deadline is 4:00 p.m. (Prevailing Eastern Time) on November 4, 2011, unless extended by the Debtors.** To have the vote of the beneficial holder(s) for whom you act as Voting Nominee count, you must complete, sign, and return the Master Ballot so that it is actually received by the Voting Agent before the Voting Deadline. The Voting Agent is:

EPIQ BANKRUPTCY SOLUTIONS, LLC
ATTN: LEHMAN BALLOT PROCESSING CENTER
757 THIRD AVENUE, 3RD FLOOR
NEW YORK, NEW YORK 10017

**HOW TO VOTE:**

If you are both the registered holder <u>and</u> the beneficial holder of any principal amount of Unsecured Notes and you wish to vote such Unsecured Notes, you may complete, execute, and return to the Voting Agent <u>either</u> an individual Beneficial Ballot or a Master Ballot.

**If you are transmitting the votes of any beneficial holders of Unsecured Notes other than yourself, you may <u>either</u>:**

1.  "Prevalidate" the individual Beneficial Ballot contained in the solicitation package and then forward the solicitation package with such prevalidated Ballot to the beneficial holder of the Unsecured Notes for voting within five (5) business days after receipt of the solicitation package, with the beneficial holder then returning its individual Beneficial Ballot directly to the Voting Agent in the return envelope provided in the solicitation package. A Voting Nominee "prevalidates" a Beneficial Ballot by completing Item 1, and fully executing Item 4, and indicating thereon the appropriate account numbers through which the beneficial holder's holdings are derived and the depository participant number of the Voting Nominee.

OR

2.  Forward the solicitation package to the beneficial holder of the Unsecured Notes for voting along with a return envelope provided by and addressed to you, with the beneficial holder then returning the individual Beneficial Ballot to you. In such case, you, as the Voting Nominee, will tabulate the votes of all of your respective beneficial holders on this Master Ballot, in accordance with these instructions, and then return the Master Ballot to the Voting Agent. You should advise your beneficial holders to return their individual Beneficial Ballots to you by a date calculated to allow you to prepare and return the Master Ballot to the Voting Agent so that the Master Ballot is <u>actually</u> <u>received</u> by the Voting Agent by the Voting Deadline.

With respect to all Beneficial Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.  Check the appropriate box in Item 1 on the Master Ballot;

b.  Indicate the votes to accept or reject the Plan in Item 2 of the Master Ballot, as transmitted to you by the beneficial holders of the Unsecured Notes. To identify such beneficial holders without disclosing their names, please use the customer account number assigned by you to each such beneficial holder, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate

list of each beneficial holder and the assigned number).  **IMPORTANT:  EACH BENEFICIAL HOLDER MUST VOTE <u>ALL</u> OF HIS, HER, OR ITS UNSECURED NOTES <u>EITHER</u> TO ACCEPT <u>OR</u> REJECT THE PLAN, AND MAY NOT SPLIT SUCH VOTE.  IF ANY BENEFICIAL HOLDER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE VOTING AGENT IMMEDIATELY.**  Any Beneficial Ballot that does not indicate acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan, by order of the Bankruptcy Court will not be counted, so you should not include their votes in your tabulation;

    c.    Please note that Item 3 of the Master Ballot requests that you transcribe the information provided by each beneficial holder in Item 3 of each properly completed Beneficial Ballot relating to other Unsecured Notes voted;

    d.    Review the certification in Item 4 of the Master Ballot;

    e.    Sign and date the Master Ballot, and provide the remaining information requested;

    f.    If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

    g.    Contact the Voting Agent if you need any additional information; and

    h.    Deliver the completed, executed Master Ballot so as to be <u>received</u> by the Voting Agent before the Voting Deadline.  For each completed, executed Beneficial Ballot returned to you by a beneficial holder, either forward such Beneficial Ballot (along with your Master Ballot) to the Voting Agent or retain such Beneficial Ballot in your files for one (1) year from the Voting Deadline.

**PLEASE NOTE:**

    **The Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.**  Holders should not surrender, at this time, certificates representing their securities.  Neither the Debtors nor the Voting Agent will accept delivery of any such certificates surrendered together with the Master Ballot.

    No Beneficial Ballot nor Master Ballot shall constitute or be deemed a proof of claim or equity interest or an assertion of a claim or equity interest.

    No fees, commissions, or other remuneration will be payable to any Voting Nominee for soliciting votes on the Plan.  The Debtors will, however, reimburse you for reasonable, documented, actual costs and expenses incurred by you in forwarding the Beneficial Ballots and other enclosed materials to the beneficial holders of Unsecured Notes held by you as a Voting Nominee or in a fiduciary capacity and in tabulating the Beneficial Ballots.

    **NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF THE DEBTORS OR THE VOTING AGENT, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

    IF YOU HAVE ANY QUESTIONS REGARDING THE MASTER BALLOT, OR IF YOU DID NOT RECEIVE A COPY OF THE DISCLOSURE STATEMENT OR PLAN, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL BALLOTS OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, AT (646) 282-2400.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.

[MASTER BALLOT CODE]            [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

# EXHIBIT A

*Please check ONE box below to indicate the Notes to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):*

| UNSECURED NOTES | | |
|---|---|---|
| **Class** | **Class Description** | **CUSIP(s)/ISIN(s)** |
| | | |
| | | |
| | | |
| | | |

[MASTER BALLOT CODE]          [CUSIP/ISIN AS INDICATED BY VOTING NOMINEE]

## **Exhibit 4**

## **Notice of Non-Voting Status**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    08-13555 (JMP)
                                          :
               Debtors.                   :    (Jointly Administered)
                                          :
------------------------------------------------------------------------x

## NOTICE OF NON-VOTING STATUS TO
## CLASS [  ] CLAIMS AND CLASS [  ] EQUITY INTERESTS

        PLEASE TAKE NOTICE THAT on [_____], 2011, the United States Bankruptcy Court for the Southern District of New York approved the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated August 31, 2011 (as it may be amended or modified, the "Disclosure Statement"), filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"). The Debtors are soliciting votes with respect to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as it may be further amended or modified, the "Plan"), from holders of claims and equity interests who are (or may be) entitled to receive distributions under the Plan.

**UNDER THE TERMS OF THE PLAN, YOU ARE NOT ENTITLED TO RECEIVE OR RETAIN ANY PROPERTY ON ACCOUNT OF YOUR CLAIM(S) AGAINST, OR EQUITY INTEREST(S) IN, THE DEBTORS. THEREFORE, PURSUANT TO SECTION 1126(g) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (i) DEEMED TO HAVE REJECTED THE PLAN AND (ii) NOT ENTITLED TO VOTE ON THE PLAN. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIM(S) OR EQUITY INTEREST(S), OR IF YOU WISH TO OBTAIN A COPY OF THE PLAN AND DISCLOSURE STATEMENT, YOU MAY REQUEST SUCH COPY, IN WRITING, FROM THE DEBTORS' VOTING AGENT, EPIQ BANKRUPTCY SOLUTIONS, LLC, ATTN: LEHMAN BALLOT PROCESSING CENTER, 757 THIRD AVENUE, 3RD FLOOR, NEW YORK, NEW YORK 10017, OR BY TELEPHONE AT 1-866-879-0688 (domestic) or 1-503-597-7691 (international), OR YOU MAY VIEW THE PLAN AND DISCLOSURE STATEMENT BY ACCESSING EITHER WWW.LEHMAN-DOCKET.COM, OR THE COURT'S WEBSITE: WWW.NYSB.USCOURTS.GOV. NOTE THAT A PACER PASSWORD AND LOGIN ARE NEEDED TO ACCESS DOCUMENTS ON THE COURT'S WEBSITE (HTTP://WWW.PACER.PSC.USCOURTS.GOV).**