UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

## SECOND ORDER GRANTING MOTION FOR AUTHORIZATION
## TO REJECT CERTAIN EXECUTORY CONTRACTS

Upon the motion dated August 2, 2011 (the "Motion") of Lehman Brothers

Special Financing Inc. ("LBSF"), as debtor and debtor-in-possession (together with Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11

cases, the "Debtors"), pursuant to section 365(a) of chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") (i) authorizing LBSF's rejection of the contracts listed on

the Schedule annexed hereto, including all transactions thereunder (the "Contracts"), and (ii)

approving procedures for any claims that may be asserted as a result of such rejection, all as

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and due and proper notice of the Motion having been provided in accordance with the procedures

set forth in the amended order entered June 17, 2010 governing case management and

administrative procedures [ECF No. 9635] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) each counterparty (the

"Counterparty") and trustee (the "Trustee") to the Contracts; and (vii) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Motion is in

the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to section 365(a) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the Contracts are hereby rejected; and it is further

ORDERED that the Debtors shall have the option to deliver to each Counterparty

within ten (10) business days of the date hereof a statement that describes in reasonable detail the

calculations used to determine the damages arising under the applicable Contract as a result of

LBSF's rejection (the "Damages Calculation"); and it is further

ORDERED that if the Debtors do not deliver a Damages Calculation within ten

(10) days of the date hereof or a Counterparty disputes the amount of damages set forth in the

Damages Calculation, such Counterparty shall be required to file a proof of claim in compliance

with the terms of the Bar Date Order[1] for damages arising under the Contract by no later than

forty-five (45) days after the date hereof; provided, however, that if a Counterparty has already

timely filed a proof of claim in compliance with the Bar Date Order for damages arising under

---

[1] Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the
Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof, and Approving the Proof
of Claim Form, entered on July 2, 2009 [ECF No. 4271] (the "Bar Date Order").

such Contract, such Counterparty does not need to file an additional proof of claim to dispute the

amount of the damages set forth in the Damages Calculation or in the event that the Debtors do

not deliver a Damages Calculation; and it is further

ORDERED that if a Counterparty (a) timely filed a proof of claim in accordance

with the Bar Date Order or (b) timely files a proof of claim no later than forty-five (45) days

from the date hereof, then (i) such Counterparty and the Debtors will each have the ability to

assert all rights and objections in respect of claims arising under the applicable Contract and (ii)

any party in interest will have the right to object to such proofs of claim arising under the

Contract; and it is further

ORDERED that if the Debtors timely deliver a Damages Calculation and a

Counterparty does not timely file, or has not already timely filed, a proof of claim in compliance

with the terms established by the Bar Date Order for damages arising under the Contract, then

such Counterparty will be deemed to have an allowed non-priority general unsecured claim

against LBSF in the amount set forth in the Damages Calculation (subject to the treatment of

such claims under a confirmed chapter 11 plan for the Debtors), and the Counterparty will have

no right to assert any other claims or claim amounts under the Contract against any Debtor; and

it is further

ORDERED that if the Debtors do not timely deliver a Damages Calculation and a

Counterparty did not timely file a proof of claim in accordance with the Bar Date Order and does

not timely file a proof of claim in compliance with the terms of the Bar Date Order no later than

forty-five (45) days from the date hereof, then such Counterparty will not be allowed any claim

against the Debtors in respect of the Contract; and it if further

ORDERED that, pursuant to Bankruptcy Rules 6006(g) and 9014, the rejection by

the Debtors of each Contract constitutes a separate contested matter, and any objection, stay or

appeal with respect to a particular Contract or Contracts shall not affect the applicability or

finality of this Order with respect to the other Contracts covered hereby; and it is further

   ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of the Motion; and it is further

   ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.


Dated: New York, New York
   September 1, 2011

    _s/ James M. Peck_____
    HONORABLE JAMES M. PECK
    UNITED STATES BANKRUPTCY JUDGE

## <u>Schedule</u>

**(Rejected Contracts)**

| | Counterparty (CP ID) | Trustee | Contact Information | Contract | Scheduled Termination Date |
|---|---|---|---|---|---|
| 1 | Golden State Tobacco Securitization Corporation (Lehman ID 01163GOLDLBSF) | The Bank of New York Trust Company, N.A. (successor to BNY Western Trust Company) | To the Issuer:<br>Golden State Tobacco Securitization Corporation<br>915 L Street, 9th Floor<br>Sacramento, CA 95814<br>Attention:  Karen Finn<br><br>To the Trustee:<br>The Bank of New York Trust Company, N.A.<br>700 S. Flower Street, 5th Floor<br>Los Angeles, CA 90017<br>Attention:  Corporate Trust Department | Reserve Fund Agreement, dated January 29, 2003, related to $3,000,000,000 Tobacco Settlement Asset-Backed Bonds, Series 2003A as amended and set forth in that certain amendment agreement, dated March 14, 2007 related to $4,096,322,591.40 Tobacco Settlement Asset-Backed Bonds, Series 2007A Senior Bonds | 6/1/2042 |
| 2 | Golden State Tobacco Securitization Corporation (Lehman ID 011603GOLDLBSF) | The Bank of New York Trust Company, N.A. | To the Issuer:<br>Golden State Tobacco Securitization Corporation<br>915 L Street, 9th Floor<br>Sacramento, CA 95814<br>Attention:  Karen Finn<br><br>To the Trustee:<br>The Bank of New York Trust Company, N.A.<br>700 S. Flower Street, 5th Floor<br>Los Angeles, CA 90017<br>Attention:  Corporate Trust Department | Reserve Fund Agreement, dated March 14, 2007 related to Golden Tobacco Securitization Corporation Senior Bonds | 6/1/2036 |