UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                          :

In re                                        :     Chapter 11 Case No.

                                         :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)

                                         :

            Debtors.                      :     (Jointly Administered)

                                         :

                                         :
------------------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.     TO:                    Stichting  Waardepot Finvestor ("Transferor")
                                       Mallebaan 70 II
                                       3581 CV Utrecht
                                       The Netherlands

2.     Please take notice that the transfer of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 46439 (attached as Exhibit A hereto), has been transferred to:

                                       Barclays Bank PLC ("Transferee")
                                       745 Seventh Avenue
                                       New York, NY 10019
                                       Telephone: (212) 412-2865
                                       Email:  daniel.crowley@barclayscapital.com
                                              daniel.miranda@barclayscapital.com

     An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto.  All distributions and notices regarding the claim should be sent to the Transferee as provided in Exhibit C hereto.

3.     No action is required if you do not object to the transfer of your claim.  However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--     **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

     United States Bankruptcy Court
     Southern District of New York
     Attn: Clerk of Court
     Alexander Hamilton Custom House
     One Bowling Green
     New York, NY 10004-1408

--     **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

--    Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further
correspondence related to this transfer.

4.    If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT
TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON
OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                    CLERK

--------------------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2009.

INTERNAL CONTROL NO._____

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

                                            _____
                                            Deputy Clerk

# EXHIBIT A

[Proof of Claim]

United States Bankruptcy Court/Southern District of New York

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS
# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000046439

|||||||||||| (barcode)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

J.R. HENSEN
OLIESTRAAT 8
5301 BB ZALTBOMMEL
THE NETHERLANDS

Telephone number: +31-6-53178942   Email Address: HENCON@CHELLO.NL

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1.  Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 70.755,=    (Required) (50.000 x 1,4151 = $70.755)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.  Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0210433206    (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number: CA 66641

(Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: 11614

(Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

**FILED / RECEIVED**

OCT 2 6 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date.<br>15 Oct.<br>2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.   J.R. HENSEN |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571



Aangetekend

Recommandé

NL

3S RRRB 4703585        3S RRRB 4703585

3S RRRB 4703585

Lehman Brothers Holdings
Claims Processing Center
c/o Epic Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076
USA

RECEIVED
OCT 2 6 2009

PRIORITY
PRIORITAIRE

BP 11913
16-10-09 09.05
Nederland

**EXHIBIT B**

[Executed Evidence of Transfer of Claim

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Stichting Waardepot Finvestor** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **53295 / 53232 / 53216 / 53140 / 48999 / 46439 / 53318 / 53356 / 53880 / 53964** filed by **Seller or Seller's predecessor in interest** (the "Original Claimant") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d), the "Transferred Claims").

Original Claimant transferred the Transferred Claims to Seller as evidenced at Docket No. _____.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. For the avoidance of doubt, Purchaser is entitled to all distributions and/or proceeds related to the Transferred Claims. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Seller (i) shall not take (or refrain from taking) any action or make, implement or engage in any discussion or negotiation with respect to the Transferred Claims (collectively, an "Act"), which includes, without limitation, (A) any vote to be made, or ballot to be cast, in connection with the Transferred Claims or (B) any Act in respect of the *Order Pursuant to Sections 105(b) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*, dated August 10, 2011 (the "Order") [Docket No. 19120], or any other attempt to fix or establish the amount or priority of the Transferred Claims or any part of them, other than in accordance with the prior instructions of Purchaser and (ii) shall take (or refrain from taking) any Act with respect to the Transferred Claims in accordance with the prior instructions of Purchaser. Each of Seller and Purchaser agrees to (a) execute and/or deliver, or cause to be executed and/or delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller shall furnish and convey to Purchaser or Purchaser's designee at the address specified herein (or at such other address as Purchaser otherwise directs) all written information and documents received by Seller with respect to the Transferred Claims, including, without limitation, any information and documents related to the Order or any vote to be made, or ballot to be cast, in connection with the Transferred Claims, as soon as practicable after the same are received by Seller, but in any event within three (3) Business Days of such receipt; provided, however, that if such information or documents relate to any matter in respect of which an Act is to be taken, Seller shall furnish and convey such information or documents to Purchaser or Purchaser's designee as soon as practicable upon receipt and, in any event, prior to such time when such Act is to be taken if received with reasonably sufficient time for Seller to furnish or convey such information or documents.

8.      Seller authorizes Purchaser to act in Seller's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Transferred Claims herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Transferred Claims and Seller's rights thereunder or related thereto pursuant to this Agreement and Evidence of Transfer. Seller agrees that the powers granted by this Section are discretionary in nature and exercisable at the sole option of Buyer. Purchaser shall not have any obligation to take any action to prove, defend, demand or take any action with respect to the Transferred Claims otherwise in the Proceedings.

9.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

2

17 Aug 2011 1:28PM    HP LASERJET FAX                                                        p.4

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _____ day of August, 2011.

SELLER                                              Barclays Bank PLC

By: _____                         By: _____
Name: Jesse Kaptein                                 Name: Daniel Crowley
Title: Managing Director                            Title: Managing Director

Address:                                            Address:
Stichting Waardedepot Finvestor                     745 Seventh Ave.
Maliebaan 70 II                                     New York, NY 10019
3581 CV Utrecht
The Netherlands


By: _____
Name: Jukka Helanto
Title: Chief Financial Officer

Address:
Stichting Waardedepot Finvestor
Maliebaan 70 II
3581 CV Utrecht
The Netherlands


119-1205/AGR/3179657 2                    3

## SCHEDULE 1

### Transferred Claims

Purchased Claim

$4,738,740.20 or 100% of each claim of 53295 / 53222 / 53232 / 53216 / 53140 / 48999 / 46439 / 53318 / 53356 / 53880 / 53964 which totals 4,738,740.20 (the outstanding amount of the Proof of Claim as of August \_1\_ 2011), plus all accrued interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 30,000 | CMS - Linked | 15 February 2035 | USD 42,543.00 |
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 20,000 | CMS - Linked | 15 February 2035 | USD 28,362.00 |

Schedule 1–1

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,000,000 | CMS - Linked | 15 February 2035 | USD 1,418,100.00 |
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 100,000 | CMS - Linked | 15 February 2035 | USD 141,810.00 |
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 24,000 | CMS - Linked | 15 February 2035 | USD 33,962.00 |

5

| Description | ISIN | Issuer | Guarantor | Amount | Type | Maturity | Value |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000 | CMS - Linked | 15 February 2035 | USD 70,755.00 |
| 15 February 2035 LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 47,000 | CMS - Linked | 15 February 2035 | USD 66,650.70 |
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 75,000 | CMS - Linked | 15 February 2035 | USD 106,357.50 |

119-1205/AGR/21796572

| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,000,000 | CMS - Linked | 15 February 2035 | USD 1,415,100.00 |
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 225,000,000 Fixed Rate/CMS-Linked Notes due February 2035 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0210433206 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,000,000 | CMS - Linked | 15 February 2035 | USD 1,415,100.00 |

119-1205/AGR/31796657.2