NORRIS, McLAUGHLIN & MARCUS, PA  
Attorneys for The Estate of Fannie Marie Gaines  
875 Third Avenue, 8th Floor  
New York, New York 10022  
(212) 808-0700  
Mitchell G. Mandell (MM-9453)

<u>Hearing Date and Time:</u>  
**October 19, 2011 at 10:00am**

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

In Re:

LEHMAN BROTHERS HOLDINGS INC. *et al.*,

Debtors.

-----------------------------------------------------------X

Chapter 11

Case No. 08-13555 (JMP)

### DECLARATION OF MELISSA A. PENA IN SUPPORT OF THE MOTION OF THE ESTATE OF FANNIE MARIE GAINES FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 362(d) AND FED. R. BANKR. P. 4001 GRANTING RELIEF FROM THE AUTOMATIC STAY TO NAME THE DEBTOR IN PENDING STATE COURT LITIGATION

I, Melissa A. Peña, declare under the penalty of perjury, as follows:

1. I am an attorney admitted to practice law before the State of New York and before the Southern District of New York. I am an associate with the law firm, Norris, McLaughlin & Marcus, PA, counsel for The Estate of Fannie Marie Gaines ("Gaines"). As such, I have knowledge of the facts set forth herein.

2. I submit this Declaration in support of Gaines' motion (the "Motion") for entry of an order pursuant to Section 362(d)(1) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* and Rule 4001 of the Federal Rules of Bankruptcy Procedure seeking relief from the automatic stay to permit Gaines to name and serve the debtor, Lehman Brothers Holdings, Inc. (the "Debtor") in an action currently pending in the Superior Court for the County of Los

536400-1

Angeles, Central District entitled *Fannie Marie Gaines v. Tornberg, et al.*, Case No. BC361 768 (the "California Action").

3. In early July 2011, I contacted counsel for the Debtor to advise them of the California Action. Specifically, I informed counsel for the Debtor that the California Action is a quiet title action whereby Gaines seeks to obtain title to real property over which the Debtor holds a deed of trust. I inquired whether the Debtor had title insurance for the subject claims. I further expressed Gaines' desire to (i) name the Debtor in the California Action; and (ii) enter into a stipulation with the Debtor regarding relief from the automatic stay to allow Gaines to do so.

4. On July 15, 2011, I sent an email to counsel for the Debtor outlining Gaines' position to determine if the matter could be resolved and to inquire as to the availability of title insurance. Annexed hereto as Exhibit "A" is a true and accurate copy of my July 15, 2011 email.

5. On July 25, 2011, counsel for the Debtor wrote to me advising that they would review the matter and would provide me with a response later that week. Annexed hereto as Exhibit "B" is a true and accurate copy of counsel for the Debtor's July 25, 2011 response to my email.

6. To date, this firm has not received a response from the Debtor.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
September 6, 2011

/s/ Melissa A. Peña
MELISSA A. PEÑA