HEARING DATE AND TIME: October 27, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 PM (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' ONE HUNDRED EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                      :    Chapter 11 Case No.
                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :    08-13555 (JMP)
                                           :
                      Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS'**
**ONE HUNDRED EIGHTY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (COMPOUND CLAIMS)**

**PLEASE TAKE NOTICE** that on September 6, 2011, Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred eighty-

fifth omnibus objection to claims (the "Debtors' One Hundred Eighty-Fifth Omnibus Objection

to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Eighty-

Fifth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United

States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on **October

27, 2011 at 10:00 AM (prevailing Eastern Time)**, or as soon thereafter as counsel may be

heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Eighty-Fifth Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **October 13, 2011 at 4:00**

PM (prevailing Eastern Time) (the "Response Deadline").

        **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  September 6, 2011
       New York, New York

                    /s/ Robert J. Lemons
                    Robert J. Lemons

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED EIGHTY-FIFTH**
**OMNIBUS OBJECTION TO CLAIMS (COMPOUND CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE AND/OR RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

1.     The Debtors file this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims or portions of claims for which the Debtors have no liability and/or reclassify certain claims or portions of claims as equity interests.

2.     Each proof of claim listed on Exhibit A annexed hereto (collectively, the "Compound Claims") was filed against a Debtor asserting claims for at least two of the following:

- Compensation arising out of the claimants' employment with entities that are not Debtors in these chapter 11 cases (the "No Liability Non-Debtor Employee Claims");

- Deferred compensation arising out of the claimants' employment with the Debtors, the Debtors' non-Debtor affiliates, or the corporate predecessors to the Debtors or their non-Debtor affiliates (the "Deferred Compensation Claims");

- Either the entire amount of the claimant's 401(k) savings plan or the loss of value in the claimant's 401(k) savings plan shortly before the Debtors filed for bankruptcy (the "401(k) Claims");

- Pension benefits allegedly owing by the Debtors to former employees of the Lehman enterprise (the "Pension Claims");

2

- Either restricted stock units, contingent stock awards, stock options, or other equity-related compensation (together, the "Equity Awards Claims");
- The ownership of preferred stock, common stock, or other equity interest in LBHI ("Stock") and/or alleged losses related thereto (the "Stock Claims");

3.    No Liability Non-Debtor Employee Claims.  The Debtors seek to disallow and expunge the portions of the Compound Claims based on No Liability Non-Debtor Employee Claims.  The Debtors' records indicate that the claimants were employees of Lehman Brothers Inc. ("LBI") or other non-Debtor entities.  The Debtors have no liability for the compensation-related obligations of LBI and other non-Debtor affiliates and no liability for any No Liability Non-Debtor Employee Claim.

4.    Deferred Compensation Claims.  The Debtors seek to disallow and expunge the portions of the Compound Claims based on Deferred Compensation Claims.  The Debtors have no liability for the compensation-related obligations asserted in the Deferred Compensation Claims, and nothing in the Debtors' records, nor in the Deferred Compensation Claims, indicates any ground for liability by any of the Debtors for the deferred compensation claims asserted in the Deferred Compensation Claims.

5.    401(k) Claims.  The Debtors seek to disallow and expunge the portions of the Compound Claims based on 401(k) Claims.  The Debtors have no liability for the value of the claimants' 401(k) savings plan and no liability for any loss in the value of the claimants' 401(k) savings plan.

6.    Pension Claims.  The Debtors seek to disallow and expunge the portions of the Compound Claims based on Pension Claims.  Pursuant to Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and a settlement with the Pension Benefit Guaranty Corporation (the "PBGC"), the Debtors have no liability for any pension-related obligations, and thus, no liability for the Pension Claims.

3

7.      <u>Equity Awards Claims</u>.  The Debtors seek to reclassify the portions of the

Compound Claims based on Equity Awards Claims as equity interests.  The Equity Awards

Claims were filed by current and/or former employees of the Debtors and/or their affiliates on

the basis of either restricted stock units, contingent stock awards, stock options, or other equity-

related compensation (together, the "<u>Equity Awards</u>").  The Equity Awards were compensation

awards which, among other things, provided the employee with the right to shares of LBHI

common stock on a future date upon the satisfaction of certain conditions.  Certain of the Equity

Awards were distributed or vested, while others were not distributed or unvested.  The ownership

of the Equity Awards constitutes an equity interest in a Debtor, but does not constitute a claim

against a Debtor's estate as such term is defined in section 101 of the Bankruptcy Code.

8.      <u>Stock Claims</u>.  The Debtors seek to reclassify the portions of the

Compound Claims based on Stock Claims as equity interests.  The Stock Claims were filed

based on the ownership of preferred stock, common stock, or other equity interest (collectively,

"<u>Stock</u>") in LBHI and/or alleged losses related thereto.  Certain of the Stock Claims also include

claims arising out of the purchase of Stock.  Many of the Stock Claims were filed by former

employees on account of stock in LBHI held as part of a 401(k) or retirement portfolio.  The

ownership of the Stock and the related decrease in the value thereof constitutes an equity interest,

but does not constitute a "claim" against a Debtor's estate as such term is defined in section 101

of the Bankruptcy Code.

**<u>Jurisdiction</u>**

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

4

**Background**

10.      Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

12.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI.  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

13.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

14.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

US_ACTIVE:\43790928\03\58399.0008

**Argument**

15.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  A proof of claim is "deemed allowed, unless a party in interest objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

16.    The liabilities asserted in the Compound Claims are not claims against LBHI or any other Debtor in these chapter 11 cases and should either be expunged or reclassified as set forth below.  Unless the Compound Claims are disallowed and expunged or reclassified as set forth below, parties who do not hold valid claims against the Debtors' estates may nonetheless recover from the Debtors.

**I.  The No Liability Non-Debtor Employee Claims Should Be Disallowed and Expunged.**

17.    In their review of the claims filed on the claims register in these chapter 11 cases, the Debtors have identified the portions of the Compound Claims based on No Liability Non-Debtor Employee Claims as asserting claims for commissions, expense reimbursements, bonuses, wages, severance, and unused vacation days filed by former Lehman employees.  The Debtors reviewed their records and determined that none of the claimants was an employee of the Debtors, but instead all were employees of non-Debtor entities such as LBI, Lehman Brothers Europe, Ltd., Lehman Brothers Limited, Lehman Brothers International (Europe), Lehman Brothers Market Makers, Neuberger Berman Management, Inc., Lehman Brothers Asia

6

Holdings, Inc., Neuberger Berman LLC, Lehman Brothers Japan Inc., Lehman Brothers Real

Estate Limited, and Lehman Brothers Asset Management.  As a result, those non-Debtor

employers are liable for such compensation claims.  Neither the Debtors' records nor the No

Liability Non-Debtor Employee Claims indicate any ground for liability by any of the Debtors

for the No Liability Non-Debtor Employee Claims.  Many of the No Liability Non-Debtor

Employee Claims attach offers of employment and letters promising severance packages that

were sent by non-Debtor entities.  A claim against a non-Debtor affiliate does not result in a

claim against, nor a right to payment from, the Debtors.

    18.  The Debtors respectfully request the Court enter an order disallowing and

expunging in their entirety the portions of the Compound Claims based on No Liability Non-

Debtor Employee Claims.

## II.  The Deferred Compensation Claims Should Be Disallowed and Expunged.

    19.  In their review of the claims filed on the claims register in these chapter 11

cases, the Debtors have identified the portions of the Compound Claims based on Deferred

Compensation Claims as asserting claims for deferred compensation.  Many of the Deferred

Compensation Claims are based on one or more deferred compensation plans, retirement plans,

or deferred compensation agreements entered into or assumed by LBI or other non-Debtor

entities.  Specific deferred compensation plans identified as bases for claims in the Deferred

Compensation Claims include, among others, the following: the LBI Executive and Select

Employees Plan; the Shearson/American Express Inc. Supplemental Retirement Plan; the

Shearson Lehman Brothers Inc. Voluntary Deferred Compensation Plan; the Shearson Lehman

Brothers Inc. Deferred Compensation Plan for Financial Consultants; the Shearson Lehman

Brothers Inc. LDCP Agreements; the Shearson Lehman Hutton Mortgage Corporation Deferred

Compensation Plan; and the Shearson Lehman Brothers Inc. E.F. Hutton Partnership Award Plan

7

(collectively, the "Deferred Compensation Plans").  Copies of the plan documents governing

these deferred compensation plans are annexed hereto as Exhibit B.  Other Deferred

Compensation Claims merely state that they are claims for "deferred compensation" but do not

identify a specific Deferred Compensation Plan as a basis for the claims.  These claims do not

provide any further explanation or documentation.

20.    A small minority of the Deferred Compensation Claims assert that LBHI's

alleged deferred compensation obligations are secured by property of the Debtors or based on a

guarantee.  These proofs of claim, however, do not provide any explanation or documentation to

support classifying such claims as secured or based on a guarantee.

21.    The Debtors reviewed their records and determined that most of the

claimants submitting Deferred Compensation Claims were not employees of the Debtors.

Moreover, none of the Debtors was ever a party to the Deferred Compensation Plans that form

the basis of many of the Deferred Compensation Claims, nor did the Debtors ever assume

liability for such Deferred Compensation Plans.  Nothing in the Debtors' records, nor in the

Deferred Compensation Claims, indicates any ground for liability by any of the Debtors for the

Deferred Compensation Claims.  Many of the Deferred Compensation Claims attached letters

and account statements sent by non-Debtor entities evidencing amounts owing to the claimants

under the Deferred Compensation Plans; however, a claim against a non-Debtor entity does not

result in a claim against, nor a right to payment from, the Debtors.

22.    The Debtors respectfully request the Court enter an order disallowing and

expunging in their entirety the portions of the Compound Claims based on Deferred

Compensation Claims.

US_ACTIVE:\43790928\03\58399.0008

### III.  The 401(k) Claims Should Be Disallowed and Expunged.

23.     In their review of the claims filed on the claims register in these chapter 11 cases, the Debtors have identified the portions of the Compound Claims based on 401(k) Claims as asserting claims for either the entire amount of the claimant's 401(k) savings plan or the loss of value in the claimant's 401(k) savings plan shortly before the Debtors filed for bankruptcy. The claimants' 401(k) savings plans contain a variety of financial products, including stocks and bonds that were issued by companies unrelated to the Debtors and funds that are in no way connected to the Debtors.  The 401(k) savings plans may also contain common stock in LBHI. The 401(k) Claims do not assert rights as owner of LBHI stock but merely assert claims for a decrease in the value of claimants' entire 401(k) account.  Furthermore, although market disruption around the time of the Debtors' bankruptcy may have led to a decline in the value of the 401(k) savings plan, a decrease in the value of the claimant's savings does not give rise to a valid claim against the Debtors.  Critically, none of the 401(k) Claims offer any legal theory or basis for why any Debtor is liable for a decrease in value of a 401(k) savings plan.

24.     The Debtors respectfully request the Court enter an order disallowing and expunging in their entirety the portions of the Compound Claims based on 401(k) Claims.

### IV.  The Pension Claims Should Be Disallowed and Expunged

25.     On June 3, 2009, this Court approved a settlement agreement with the PBGC (the "PBGC Settlement") regarding the LBHI Retirement Plan (the "Plan") [Docket No. 3751].  The PBGC Settlement provides for the termination of the Plan and the appointment of the PBGC as statutory trustee of the Plan.  Under the PBGC Settlement, the Plan termination date was December 12, 2008, and all benefit accruals ceased as of that date.  The PBGC assumed full responsibility to pay pension benefits in accordance with ERISA.  The amount of pension benefits payable by the PBGC is subject to the limits set forth in ERISA.  In their review of the

9

claims filed on the claims register in these chapter 11 cases, the Debtors have identified the portions of the Compound Claims based on Pension Claims as claims based upon pension-related obligations related to the LBHI Retirement Plan.

26.    As a consequence of the termination of the Plan and pursuant to § 4062(a) & (b) of ERISA, LBHI was only liable to the PBGC for "the total amount of the unfunded benefit liabilities" and is not redundantly liable to any other party for claims arising under the terminated Plan.  29 U.S.C. § 1362.  Therefore, under ERISA, the claimants do not have a legal right to assert a claim or collect any amounts from the Debtors in respect of amounts due under the terminated Plan.

27.    The Debtors respectfully request the Court enter an order disallowing and expunging in their entirety the portions of the Compound Claims based on Pension Claims.

## V.  The Equity Awards Should Be Reclassified as Equity Interests.

28.    The portions of the Compound Claims based on Equity Awards Claims were improperly filed as secured or general unsecured claims and others were improperly filed as claims having priority pursuant to section 507(a) of the Bankruptcy Code.  Each of the Equity Awards Claims must be reclassified as an equity interest.

### A.    The Equity Awards Claims Are for Equity Securities.

29.    Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest.  11 U.S.C. §501(a).  The Bankruptcy Code defines a "claim" as a right to payment.  *Id.* at §101(5).  The Bankruptcy Code definition of an "equity security," alternatively, includes a share in a corporation or similar "security," including "stock," "treasury stock," "other claim or interest commonly known as 'security,'" "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security."  *Id.* at §§ 101(16) and 101(49)(A).

10

30.     Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments.  *E.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to exercise stock option portion of plan were equity security interests for purposes of determining priority).

31.     The Equity Awards provided grantees with a right to acquire common stock in LBHI upon satisfaction of certain conditions precedent, similar to stock options or the right to exercise stock options.  As a result, the Equity Awards fall within the definition of "equity securities" under the Bankruptcy Code.  Because each of the portions of the Compound Claims based on Equity Awards Claims is based on the ownership of the Equity Awards, the Debtors hereby seek to reclassify the Equity Awards Claims as equity interests.

**B.     Subordination Provisions Present in Certain of the Agreements Are Enforceable Pursuant to Bankruptcy Code Section 510(a).**

32.     Notwithstanding that the portions of the Compound Claims based on Equity Awards Claims must be reclassified as equity securities, agreements governing certain of the Equity Awards (the "Agreements") provide that, in the event of a bankruptcy of LBHI, all claims arising from, in connection with, or in any way relating to, any failure of LBHI to deliver shares of common stock shall have the same priority as, and no greater priority than, common stock interests in LBHI.  These Agreements advised grantees that:

> All of [their] claims arising from, in connection with, or in any way relating to, any failure of [LBHI] to deliver to [them], or to a subsidiary for delivery by such subsidiary to [them], shares of Common Stock on the date when such shares are due to be

11

delivered under this Agreement in satisfaction of each Unit granted to you shall be deemed, in the event of a bankruptcy of [LBHI], to be claims for damages arising from the purchase or sale of Common Stock of [LBHI], within the meaning of section 510(b) of the Bankruptcy Code and shall have in such bankruptcy the same priority as, and no greater priority than, common stock interests in [LBHI].

See, *e.g.*, 2003 and 2004 Equity Award Program Agreement, ¶ 10.

33.    Section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable … to the same extent that such agreement is enforceable under applicable nonbankruptcy law."  11 U.S.C. § 510(a).  Courts have routinely held that the "enforcement of lawful subordination agreements by Bankruptcy Courts does not offend the policy of equal distribution of the bankrupt's estate."  *In re Leasing Consultants, Inc.* 2 B.R. 165, 168 (Bankr. N.Y. 1980), *citing In re Credit Industrial Corp.*, 366 F.2d 402, 407 (2d Cir. 1966). Under general contract law principles, when a subordination agreement is unambiguous, the parties' rights are governed exclusively by that agreement.  *In re Leasing Consultants, Inc.*, 2 B.R. at 169.

34.    Equity Awards Claims arising out of agreements with subordination provisions similar to the one referred to above should have the same priority as common equity interests in LBHI, and the Court should reclassify such claims as interests.[1]  Holders of such Equity Awards Claims do not have claims against the Debtors.

---

[1] The Bankruptcy Code, Bankruptcy Rules and case law make clear that the Debtors do not need to commence an adversary proceeding either to enforce a subordination agreement pursuant to Bankruptcy Code section 510(a) or to seek to subordinate a Compensation Claim pursuant to Bankruptcy Code section 510(b).  FED. R. BANKR. P 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

12

C.    **Bankruptcy Code Section 510(b) Mandates that the
Equity Awards Claims Have the Same Priority as Common Equity of LBHI.**

35.    Another reason the Equity Awards Claims must be treated as equity is that

section 510(b) of the Bankruptcy Code provides that for purposes of distribution, a claim for

damages arising from the purchase or sale of a security shall have the same priority as the

security.  11 U.S.C. § 510(b).

36.    As noted above, the Equity Awards fall within the Bankruptcy Code

definition of "security."  In addition, the grant of the Equity Awards constitutes a "purchase or

sale" of a security.  "Courts interpreting section 510(b) have read the term 'purchase' broadly

and have included within its scope grants of stock and stock options as compensation."  *In re

Wireless Corporation, Inc.* 384 B.R. 713, 718 (Bankr. D. Del. 2008).  In *Wireless Corporation*,

for example, the Delaware Bankruptcy Court held that the debtor's grant of an equity

compensation package, consisting of shares of stock and warrants, constituted a "purchase or

sale" of a security.  *See also In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006)

(holding that claim based on debtor's failure to issue its common stock to employee in exchange

for his stock in another company, allegedly in violation of the parties' termination agreement,

was a claim arising from the purchase or sale of the debtor's stock.); *In re Touch Am. Holding,

Inc.*, 381 B.R. 95, 104 (Bankr. D. Del. 2008) (holding that claims based on stock received as

matching contribution under an ERISA plan likewise constituted a "purchase or sale" of

securities).

37.    In *Enron*, employees filed claims asserting a right to payment for damages

in connection with unexercised stock options they had received during the course of their

employment.  The Court held that it was clear that a stock option was a "security" as that term

was defined in section 510(b) of the Bankruptcy Code.  *Enron*, 341 B.R. at 150.  The Court

13

further found that, "[w]hile it is true that the Claimants did not purchase the stock options on the open market, they nonetheless exchanged value for the options: here, their labor.  Such exchange falls under a broad reading of the term 'purchase.'"  *Id.* at 151 (citing *Frankum v. Int'l Wireless Communications Holdings, Inc.* (*In re Int'l Wireless Communications Holdings, Inc.*), 279 B.R. 463 (D. Del. 2002) ("That Appellants received the Debtors' stock as part of a compensation package does not preclude the transfer from being characterized as a purchase/sale of the Debtors' stock.")).  This was true even where the employees "never elected to receive stock options, but rather were required to take a minimum percentage of their annual bonus in stock option form."  *Id.*  The Court found flaws in the employees' argument that they did not "purchase" the stock options, because there was no voluntary exchange of goods, services or currency:

> Although implicit, there is nonetheless a bargain and exchange of value.  Here, the exchange is made not at the time of payment but prior to employment.  If these Claimants were required to receive a portion of their compensation as options, that was a condition of employment the Claimants willingly accepted in return for their labor.  These Claimants, thus, "purchased" the stock options with their labor.

*Id.*

38.    The Court in *Enron* further concluded that "claims alleging the fraudulently induced election of stock options as part of a compensation package are claims 'arising from' the purchase of a security and should thus be subordinated pursuant to section 510(b)."  *Id.*  "[P]hysical possession of the security is not required for a claim based upon that security to be subordinated."  *Id.* at 163 (citing *American Broad. Sys. v. Nugent (In re Betacom of Phoenix, Inc.)*, 240 F.3d 823 at 829-30 (9th Cir. 2001) (finding that "[n]othing in § 510(b)'s text requires a subordinated claimant to be a shareholder.")).

14

39.     Like it did in *Enron*, the Court should find that the Equity Awards in this case are equity interests and the Equity Awards Claims arise from the purchase and sale of securities.  As the Court found in *Enron*, neither the fact that Equity Awards were a form of compensation for services performed nor the fact that claimants asserting Equity Awards Claims could not opt to receive compensation in cash in lieu of Equity Awards converts the Equity Awards Claims into claims for debt.  Any portion of the Compound Claims based on an Equity Awards Claim alleging the claimant was induced to accept or retain its Equity Awards should similarly be subordinated pursuant to section 510(b) of the Bankruptcy Code and reclassified as equity interests.

## VI.  The Stock Claims Should Be Reclassified as Interests

40.     Each of the Stock Claims is an interest in an "equity security" and not a "claim," as such terms are defined in sections 101(16) and 101(5) of the Bankruptcy Code.  As noted above, the definition of equity security has been interpreted by courts to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments.  *See, e.g., In re Enron Corp.*, 341 B.R. at 162; *see also In re Baldwin-United Corp.*, 52 B.R. at 552.

41.     Each of the Stock Claims is based on the ownership of preferred stock, common stock, or other equity interest in LBHI and, in some cases, the decrease in value of the Stock and/or claims arising out of the purchase of the Stock.  Certain Stock Claims include a CUSIP number or ticker symbol for LBHI stock; others describe the basis of the claims as "common stock," "stock," "shares," "equity interests" or the like.  The holders of Stock Claims are equity security holders.  *See* 11 U.S.C. §§ 101(16) and (17).  They have "interests" but not "claims" against the Debtors, and, accordingly, the Debtors hereby object to reclassify the Stock Claims as equity interests.

15

A.      **Damages from the Purchase or Sale of an Equity Security Are Subordinated.**

42.     As described above, section 510(b) of the Bankruptcy Code provides that,

for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of

the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a

security, shall be subordinated to all claims or interests that are senior to or equal to the claim or

interest represented by such security, except that if such security is common stock, such claim

has the same priority as common stock.  11 U.S.C. § 510(b).

43.     Also as described above, courts generally have applied section 510(b)

liberally.  *Enron*, 341 B.R. at 162-63 ("[T]he broad applicat[ion] of section 510(b) is now quite

settled.").  Courts have construed the language in section 510(b) as being broad enough to

include fraud, violations of securities laws, breach of contract, and related causes of action

against debtors.  *See, e.g., id.* at 141 (subordinating breach of contract, fraudulent inducement,

and fraudulent retention claims); *In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006)

(holding that claim based on debtor's failure to issue its common stock to employee in exchange

for his stock in another company, allegedly in violation of the parties' termination agreement,

was a claim arising from the purchase or sale of the debtor's stock).

44.     Certain Stock Claims assert claims arising from rescission of a purchase or

sale of a security of a Debtor or its affiliate or damages arising from the purchase or sale of such

security.  As set forth above, section 510(b) forecloses the possibility that such Stock Claims

receive equal or better treatment than valid, general unsecured claims against the Debtors.  *See*

11 U.S.C. § 510(b); *Enron,* 341 B.R. at 158 ("Congress enacted § 510(b) to prevent disappointed

shareholders from . . . bootstrap[ing] their way to parity with general unsecured creditors in a

bankruptcy proceeding.") (internal quotations omitted).  Accordingly, to the extent applicable,

16

the Stock Claims should be subordinated pursuant to Bankruptcy Code section 510(b) and

reclassified as equity interests.

## **Reservation of Rights**

45.     The Debtors reserve all their rights to object on any basis to any

Compound Claim or any portion of any Compound Claim for which the Court does not grant the

relief requested herein.

## **Notice**

46.     No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims, in

accordance with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures [Docket No. 9635], on: (i) each

claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors'

Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service;

(vi) the United States Attorney for the Southern District of New York; and (vii) all parties who

have requested notice in these chapter 11 cases.  The Debtors submit that no other or further

notice need be provided.

17

47.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: September 6, 2011
       New York, New York

                                   /s/ Robert J. Lemons
                                   Robert J. Lemons

                                   WEIL, GOTSHAL & MANGES LLP
                                   767 Fifth Avenue
                                   New York, New York 10153
                                   Telephone: (212) 310-8000
                                   Facsimile: (212) 310-8007

                                   Attorneys for Debtors
                                   and Debtors in Possession

18

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 1 | 1EE LLC<br>133 OLD GULPH ROAD<br>WYNNEWOOD, PA 19096 | Lehman Brothers Holdings Inc. | 09/21/2009 | 21409 | $83,998,440.00* | Undetermined | $83,998,440.00 |
| 2 | AMAT, RICHARD J.<br>49 MOUNT VIEW ROAD<br>LONDON, N44SS<br>UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/21/2009 | 25904 | $2,089,731.00 | $2,039,631.00 | $50,100.00 |
| 3 | APPLEGATE, AUSTIN L<br>154 W 74TH ST<br>APT 2B<br>NEW YORK, NY 10023 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30009 | $68,486.00 | $65,726.00 | $2,760.00 |
| 4 | ARAM, ROBERT G<br>7 MEADOW LAKE DR<br>HARDWICK, NJ 07825 | Lehman Brothers Holdings Inc. | 09/19/2009 | 19511 | $93,426.04 | $93,426.04 | |
| 5 | BACCAR, SLIM<br>FLAT 8, 55 QUEEN'S GATE<br>LONDON, SW75JW<br>UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/22/2009 | 30448 | $2,000,000.00 | $2,000,000.00 | Undetermined |
| 6 | BAKER, LAURA<br>410 EVERNIA ST APT 404<br>WEST PALM BCH, FL 33401-5434 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31917 | $7,494.23 | $7,494.23 | |
| 7 | BERMAN, EDWARD L.<br>53 HIGH RIDGE ROAD<br>MOUNT KISCO, NY 10549 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 23792 | $594,420.82 | $276,119.60 | $318,301.22 |
| 8 | BERNARD, MARY JOY<br>104 STANLEY AVE<br>6401<br>NUTLEY, NJ 07110 | Lehman Brothers Holdings Inc. | 09/22/2009 | 28450 | $3,601.74 | $3,601.74 | |
| 9 | BOUGHRUM, DONALD J.<br>247 MONMOUTH AVE<br>NAVESINK, NJ 07752-0808 | Lehman Brothers Holdings Inc. | 05/28/2009 | 4625 | $1,063,688.38 | $1,000,688.38 | $63,000.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 10 | BREINGAN, LARA PETTIT<br>7A LOCUST LANE<br>HUNTINGTON, NY 11743 | Lehman Brothers Holdings Inc. | 10/06/2008 | 99 | $2,547.93* | Undetermined | $2,547.93* |
| 11 | BRYAN, LANCE<br>1539 WOODRUFF AVE.<br>APARTMENT 106<br>LOS ANGELES, CA 90024 | Lehman Brothers Holdings Inc. | 09/21/2009 | 22476 | $2,023.00 | $2,023.00 | Undetermined |
| 12 | BURKE, KENNETH C.<br>ZOAR DEVENISH ROAD<br>ASCOT<br>BERKSHIRE, SL5 9QP<br>UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/21/2009 | 24957 | $348,921.00 | $270,655.00 | $78,266.00 |
| 13 | CALVERT, WILLIAM<br>3848 ETHEL AVENUE<br>STUDIO CITY, CA 91604 | Lehman Brothers Holdings Inc. | 09/18/2009 | 18686 | $927,112.00 | $823,330.00 | $103,782.00 |
| 14 | CALZADO CATALA, ANDRES<br>FLAT 37 LONDON HOUSE<br>7-9 AVENUE ROAD<br>LONDON, NW8 7PX<br>UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/18/2009 | 18354 | $249,464.55 | $248,200.00 | $1,264.55 |
| 15 | CARDENAS THORLUND, CRISTINA<br>FLAT 7<br>204 REGENT'S PARK ROAD<br>LONDON, NW18AE<br>UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 08/12/2009 | 8055 | $81,550.00 | Undetermined | $81,550.00* |
| 16 | CARNEVALE, TODD A<br>10 HILLBURY ROAD<br>ESSEX FELLS, NJ 07021-1414 | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 19366 | $10,893,964.00 | $10,893,964.00 | |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 17 | CHAN, JOHNSON 5 YORK ROAD H KOWLOON TONG, HONG KONG | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25235 | $1,051,873.06 | $413,407.77 | $ 638,465.29 |
| 18 | CHASE, CHRISTOPHER M 510 BROWNING CT MILL VALLEY, CA 94941-3716 | Lehman No Case Asserted/All Cases Asserted | 08/07/2009 | 7645 | $70,300.00 | $21,000.00 | $49,300.00 |
| 19 | CLINE, LOLA B. 501 SCENIC VIEW LANE CARROLLTON, GA 30116 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 24698 | $6,000.00* | $841.00 | $5,159.00* |
| 20 | COLOMBO, STEVEN J. 99 WILDWOOD RD NEW ROCHELLE, NY 10804-4732 | Lehman Brothers Holdings Inc. | 08/19/2009 | 8733 | $4,034.29 | $4,034.29 | |
| 21 | CUMMINGS-MOORE, PATRICIA 3512 AVE K BROOKLYN, NY 11210 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27926 | $7,280.00 | $637.00 | $7,280.00 |
| 22 | CUOMO, FRANK JR 125 NORTH DR STATEN ISLAND, NY 103055111 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30035 | $40,000.00 | $40,000.00 | |
| 23 | D'ONOFRIO, PETE 405 E 56TH ST APT 2J NEW YORK, NY 10022-2469 | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13363 | $10,000.00 | $2,341.00 | $12,257.20 |
| 24 | DALE, ROBERT 24 LINDORE ROAD BATTERSEA LONDON, SW11 1HJ UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 18199 | $477,291.00 | $340,919.00 | $136,372.00 |
| 25 | DEWITT, GERALDINE A 545 LAKEVIEW DR. OLDSMAR, FL 34677 | Lehman No Case Asserted/All Cases Asserted | 08/17/2009 | 8464 | $85,000.00* | | $85,000.00* |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 26 | DOLAN, STEPHANIE E. 120 WINCHIP RD SUMMIT, NJ 07901-4143 | Lehman Brothers Holdings Inc. | 09/21/2009 | 23797 | $653,115.00 | $653,115.00 | |
| 27 | DONNELLY, MARY P. 16 DAHILL ROAD OLD BETHPAGE, NY 11804 | Lehman Brothers Holdings Inc. | 09/22/2009 | 30695 | $36,500.00 | Undetermined | $36,500.00 |
| 28 | ELIAS, DAMIEN Q 117 STONEHEDGE DRIVE CARLISLE, PA 17015 | Lehman Brothers Holdings Inc. | 09/16/2009 | 14359 | $2,500,000.00 | $2,000,000.00 | $500,000.00 |
| 29 | ELIZABETH DOWLING 93 NORTH MAIN STREET PEARL RIVER, NY 10965 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 29999 | $5,041.60 | $5,041.60 | |
| 30 | ESPINAL, ROSELIN 5223 SKILLMAN AVE APT 3R WOODSIDE, NY 11377-4190 | Lehman Brothers Holdings Inc. | 09/22/2009 | 29101 | $6,575.25 | $1,794.00 | $4,781.25 |
| 31 | FERRARA, LAURA 43 POLLY WAY MIDDLETOWN, NJ 07748 | Lehman No Case Asserted/All Cases Asserted | 09/19/2009 | 19591 | $69,609.58 | $69,609.58 | |
| 32 | FINK, HELGA V. 60 17 LINDEN ST RIDGEWOOD, NY 11385 | Lehman Brothers Holdings Inc. | 09/21/2009 | 24350 | $81,334.58 | Undetermined | $81,334.58* |
| 33 | FULLER, LEONARD M. C/O WARTMANN & MERKER FRAUMUNSTERSTRASSE 29 ZURICH, CH 8022 SWITZERLAND | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 16050 | $1,479,872.00 | $345,085.00 | $1,134,787.00 |
| 34 | GABRIEL, BEATRICE E. 1380 DIPLOMAT DRIVE CUMMING, GA 30041 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 22296 | $66,752.19 | $2,336.19 | $64,416.00 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 35 | GALLO, HERVE<br>FLAT 58 CHARLES WORTH HOUSE<br>48 STANHOPE GARDENS<br>LONDON, SW7 5RD<br>UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/21/2009 | 25711 | $2,310,000.00 | $740,000.00 | $1,570,000.00 |
| 36 | GIACOMINO, STEFANO<br>FLAT E<br>28 REDCLIFFE GARDENS<br>LONDON, SW10 9HA<br>UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/22/2009 | 31561 | $755,000.00* | Undetermined | $755,000.00 |
| 37 | GIACOMINO, STEFANO<br>FLAT E<br>28 REDCLIFFE GARDENS<br>LONDON, GT LON, SW10 9HA<br>UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31562 | $755,000.00* | Undetermined | $755,000.00 |
| 38 | GOODMAN, JEFFREY<br>1370 PELHAMDALE AVE<br>PELHAM, NY 10803 | Lehman Brothers Holdings Inc. | 09/22/2009 | 30465 | Undetermined | Undetermined | Undetermined |
| 39 | GOURD, WILLIAM C<br>480 OLD POST ROAD<br>BEDFORD, NY 10506 | Lehman Brothers Holdings Inc. | 09/14/2009 | 12104[1] | $2,343,733.00 | $778,800.00 | $1,564,933.00 |
| 40 | GOVENDER, REUBEN<br>46 E 92ND ST APT 3<br>NEW YORK, NY 10128-1371 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27394 | $548,479.00 | $48,479.00 | $500,000.00 |
| 41 | GRIPPO, ANTHONY J.<br>15 S BRAXMAR DRIVE<br>HARRISON, NY 10528 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25122 | $374,636.22 | $76,636.22 | $298,000.00 |

[1]

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 42 | GRIPPO, ANTHONY J. 15 S BRAXMAR DRIVE HARRISON, NY 10528 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25123 | $374,636.22 | $76,636.22 | $298,000.00 |
| 43 | GUNTHER, SUZANNE 200 EAST 90TH STREET APT. 20H NEW YORK, NY 10128 | Lehman No Case Asserted/All Cases Asserted | 09/15/2009 | 12801 | Undetermined | Undetermined | |
| 44 | HAFF, JANE T. 14 CEDARHURST AVE P O BOX 900 POINT LOOKOUT, NY 11569 | Lehman Brothers Holdings Inc. | 09/22/2009 | 27402 | $10,950.00 | $7,461.00 | $3,489.00 |
| 45 | HARROD, CHRISTOPHER 4-19-8-601 NISHI-AZABU 13 MINATO-KU, 106-0031 JAPAN | Lehman Brothers Holdings Inc. | 09/03/2009 | 10265 | $12,495.00* | $12,495.00* | |
| 46 | HART, LESLIE A. 9 KENSINGTON ROAD MADISON, NJ 07940 | Lehman Brothers Holdings Inc. | 09/11/2009 | 11463 | $27,338.00 | $27,338.00 | $2,052.00 |
| 47 | HAVEY, JOSEPH P. 2555 SOUTH CODY WAY LAKEWOOD, CO 80227-3107 | Lehman Brothers Holdings Inc. | 11/14/2008 | 621 | $75,911.54 | Undetermined | $75,911.54 |
| 48 | HODGE, ANDREW J. 75 WARRINGTON CRESCENT LITTLE VENICE LONDON, W91EH UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25578 | $557,536.00 | $363,663.00 | $193,873.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 49 | HU, ZHENGYUN<br>30 COURTNEY GARDENS<br>ESSEX UPMINISTER RM 141DD<br><br>UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/08/2009 | 10804 | $1,269,765.00 | $1,259,670.00 | $10,095.00 |
| 50 | JUSTUS, KARL<br>WOLFSGANGSTRASSE 81<br>HE<br>FRANKFURT, 60322<br>GERMANY | Lehman No Case Asserted/All Cases Asserted | 08/10/2009 | 7947 | $300,000.00* | $300,000.00 | Undetermined |
| 51 | KAMEN, MICHAEL<br>181 EAST 65TH STREET - APT. 24B<br>NEW YORK, NY 10065 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28445 | $6,448,537.00 | Undetermined | $6,448,537.00* |
| 52 | KENNEDY, ROXANNA<br>38 RODWELL<br>EAST DULWICH, SE22 9LF<br>UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 08/24/2009 | 9146 | $105,055.00 | $20,000.00 | $85,055.00 |
| 53 | KENNEDY, STEPHANIE FALBO<br>84 DEVOE ST<br>BROOKLYN, NY 11211 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30039 | $7,330.00* | 7,330.00 | Undetermined |
| 54 | KENWORTHY, MARY MATT<br>FOUR LOANTOWN ROAD<br>REDDING, CT 06896 | Lehman Brothers Holdings Inc. | 09/14/2009 | 12103[2] | $2,330,967.00 | $773,600.00 | $1,557,367.00 |
| 55 | KEYS, PAUL J<br>FLAT 10<br>THE MANOR<br>MANOR WAY<br>LONDON, SE23 3AT<br>UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/01/2009 | 10045 | $73,858.00 | $44,620.00 | $29,238.00 |

[2]

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 56 | KHADEM, VARQA KIYYAN 2 PALM COURT 40-42 FITZJOHN'S AVENUE LONDON, NW3 5LY UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 09/08/2009 | 10554 | $265,482.36 | $151,140.36 | $114,342.00 |
| 57 | KNAUS, ROBERT 13517 ARGO DRIVE DAYTON, MD 21036 | Lehman Brothers Holdings Inc. | 09/17/2009 | 15389 | $22,451.39 | Undetermined | $22,451.39 |
| 58 | KOBIELSKI, CAROL 15 HOLIDAY LANE ENFIELD, CT 06082 | Lehman No Case Asserted/All Cases Asserted | 01/29/2009 | 2148 | $132,030.53 | $132,030.53 | |
| 59 | KRIEGER, KAREN M. SIMON 19 MARSHALL COURT GREAT NECK, NY 11021 | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 18087 | $225,396.55 | $225,396.55 | |
| 60 | KUANG, JENNIFER (YANG CHUN) 1642 W. 9TH STREET APT. 4A BROOKLYN, NY 11223 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28903 | $4,751.00 | $523.00 | $4,228.00 |
| 61 | LADANYI, CHRISTOPH M 22 CHEYNE GARDENS LONDON, SW3 5QT UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/21/2009 | 25362 | $10,950.00* | Undetermined | $100,000.00 |
| 62 | LEVINE, RICHARD S. 85 CHESTNUT STREET, S LIVINGSTON, NJ 07039 | Lehman Brothers Holdings Inc. | 09/22/2009 | 31657 | $10,950.00* | Undetermined | $10,950.00* |
| 63 | LIOTTI, FABIO 74 YORK MANSIONS PRINCE OF WALES DRIVE LONDON, GT LON, SW11 4BW UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/21/2009 | 25897 | $1,914,315.00 | $970,800.63 | $943,514.37 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 64 | LISTER, JAMES G.<br>4 MAYFAIR ROAD<br>ST. LOUIS, MO 63124 | Lehman Brothers Holdings Inc. | 09/18/2009 | 17624 | $5,332,393.02 | $5,140,116.94 | $192,276.08 |
| 65 | LUMPKINS, BRIGETTE<br>515 WEST 52ND ST, APT. 21E<br>NEW YORK, NY 10019 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 24704 | $10,275.87 | $10,275.87 | |
| 66 | MAIDMAN, DAGNY C<br>770 RHODE ISLAND ST.<br>SAN FRANCISCO, CA 94107 | Lehman No Case Asserted/All Cases Asserted | 08/07/2009 | 7644 | $550,117.64 | $260,117.64 | $290,000.00 |
| 67 | MALIN, MARK C.<br>240 CENTRE STREET, 2M<br>NEW YORK, NY 10013 | Lehman Brothers Holdings Inc. | 09/21/2009 | 22936 | $8,246,588.00 | $7,658,588.00 | $588,000.00 |
| 68 | MARSAN, LAURENT<br>FLAT 4 MONTAGU HOUSE<br>109-113 WHITFIELD STREET<br>LONDON, W1T 4HJ<br>UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 18993 | $92,241.26 | $58,304.99 | $33,936.27 |
| 69 | MAXWELL, KEVIN M.<br>17 GRANVILLE WAY<br>BASKING RIDGE, NJ 07920 | Lehman No Case Asserted/All Cases Asserted | 09/08/2009 | 10694 | $52,909.69 | Undetermined | $52,909.69 |
| 70 | MAZZIOTTI, MARIE<br>461 WEST 44TH STREET #2D<br>NEW YORK, NY 10036-4416 | Lehman Brothers Holdings Inc. | 09/21/2009 | 21910 | Undetermined | Undetermined | Undetermined |
| 71 | MCAULIFFE, JOHN<br>317 AVENUE OF THE AMERICAS APT 1<br>NEW YORK, NY 10014-4525 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28590 | $5,366.53 | $5,366.53 | |
| 72 | MCGEARY, SEAN<br>51 ARTIMAGE ROAD<br>LONDON, NW11 8QT<br>UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/18/2009 | 18667 | $3,647,872.97 | $3,637,599.00 | $10,273.97 |

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 73 | MCGINNIS, BRIAN 474 GREENWICH ST. APT. 6N NEW YORK, NY 10013 | Lehman Brothers Holdings Inc. | 09/18/2009 | 18146 | $70,681.95 | $13,181.95 | $57,500.00 |
| 74 | MEDINA, RUTH A. 218 MAGNOLIA PARK TRAIL SANFORD, FL 32773 | Lehman Brothers Holdings Inc. | 09/11/2009 | 11374 | $74,112.00 | Undetermined | $74,112.00 |
| 75 | MIAU, AN CHI 58 OAKWOOD LANE ENGLEWOOD CLIFFS, NJ 07632 | Lehman No Case Asserted/All Cases Asserted | 08/04/2009 | 7331 | $15,000.00 | $15,000.00 | |
| 76 | MITCHELL, STEVEN 156 E 79TH ST #6B NEW YORK, NY 10075 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 22078 | $1,563,409.35* | $1,563,409.35 | Undetermined |
| 77 | MONAHAN, BRIAN W. (LISTED IN ADDITIONAL NOTICING ADDRESS) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20774 | $1,648,973.70 | $169,591.31 | $1,479,382.39 |
| 78 | MOORE, PATRICK HAMILTON FLAT 54, RICHMOND HILL COURT RICHMOND SURREY, TW10 6BE UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/21/2009 | 24305 | $190,618.63 | $146,904.52 | $43,714.11 |
| 79 | MORGAN, JAMES 600 HARBOR LIGHTS DRIVE SOUTHOLD, NY 11971 | Lehman Brothers Holdings Inc. | 09/22/2009 | 28655 | $230,320.52 | $154,166.67 | $76,153.85 |
| 80 | MULLEN, PETER D. 22 PRINCES PINE ROAD NORWALK, CT 06850 | Lehman Brothers Holdings Inc. | 09/17/2009 | 14771 | $463,123.07 | $82,814.28 | $380,308.79 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 81 | NAHUM, ANTHONY 56 NORTH GATE PRINCE ALBERT ROAD LONDON, NW8 7EH UNITED KINGDOM | Lehman Brothers Holdings Inc. | 09/21/2009 | 24952 | $1,874,131.81 | $1,873,979.21 | $152.60 |
| 82 | NGU, DIANE TRAN 3720 DENTELLE DRIVE PLANO, TX 75023 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25573 | $63,447.20 | Undetermined | $63,447.20* |
| 83 | O'SULLIVAN, THOMAS J. 336 NASSAU AVE MANHASSET, NY 11030 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27300 | $650,000.00* | Undetermined | 650,000.00 |
| 84 | OLLQUIST, THOMAS A. 190 BEDELL AVENUE WEST HEMPSTEAD, NY 11550 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 33564 | $334,316.40 | $264,000.00 | $70,316.40 |
| 85 | PALMERI, MARIA 188 BATHGATE STREET STATEN ISLAND, NY 10312 | Lehman Brothers Holdings Inc. | 09/11/2009 | 19692 | $15,000.00 | Undetermined | $15,000.00* |
| 86 | PARULEKAR, SANTOSH S 37 CATHERINE COURT CEDAR GROVE, NJ 07009 | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13349 | $22,862.55 | $22,862.55 | |
| 87 | PERLINA, TATYANA 19 ELVIRA CT STATEN ISLAND, NY 10306-1315 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 22893 | $86,622.20 | $86,622.20 | |
| 88 | PETTIT-BREINGAN, LARA A. 7A LOCUST LANE HUNTINGTON, NY 11743 | Lehman Brothers Holdings Inc. | 09/22/2009 | 31718 | $1,100,000.00 | Undetermined | $1,100,000.00* |
| 89 | POLBENNIKOV, SIMON 31 CHARNWOOD GARDENS LONDON, GT LON, E14 9WD UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13417 | $38,812.00 | | $38,812.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 90 | PULMAN, CHRIS FLAT 7 53 QUEENS GARDENS LONDON, W2 3AF UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 18337 | $92,761.56 | $36,836.56 | $55,925.00 |
| 91 | QUAN, KEVIN JAY 407 CENTRAL PARK WEST, APT 7C NEW YORK, NY 10025 | Lehman Brothers Holdings Inc. | 10/17/2008 | 211 | $108,979.16 | $89,707.60 | $19,271.56 |
| 92 | RAU, WILLIAM I. 4150 WHITEWATER CREEK RD, NW ATLANTA, GA 30327 | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 24142 | $119,227.54 | $119,227.54 | |
| 93 | RAUBACHER, JENNIE A/K/A JENNIE CHEUNG 36 GRETEL COURT REDWOOD CITY, CA 94061 | Lehman Brothers Holdings Inc. | 07/02/2009 | 5078 | $498,950.00 | $319,841.00 | $179,109.00 |
| 94 | RAYMAN, LOUIS 992 ALLAN COURT TEANECK, NJ 07666 | Lehman No Case Asserted/All Cases Asserted | 07/20/2009 | 5757 | $10,950.00 | Undetermined | $10,950.00* |
| 95 | RAYMAN, LOUIS 992 ALLAN COURT TEANECK, NJ 07666 | Lehman No Case Asserted/All Cases Asserted | 07/20/2009 | 5758 | $10,950.00 | Undetermined | $10,950.00* |
| 96 | REED, LISA H. 4734 VINETA AVENUE LA CANADA FLINTRIDGE, CA 91011 | Lehman Brothers Holdings Inc. | 09/21/2009 | 24378 | $96,911.58* | $96,911.58 | Undetermined |
| 97 | RINKOV, JOSHUA 1730 N CLARK ST APT 2102 CHICAGO, IL 60614-4863 | Lehman No Case Asserted/All Cases Asserted | 08/03/2009 | 7197 | $100,000.00 | Undetermined | $100,000.00 |
| 98 | ROBSON-CANTY, GERALDINE D. 63 BEECHWOOD TERRACE YONKERS, NY 10705 | Lehman Brothers Holdings Inc. | 09/21/2009 | 20287 | $10,000.00 | $10,000.00 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 99 | ROSATI, CLAIRE<br>201 FALLBROOKE DR<br>KENNETT SQ, PA 19348-2688 | Lehman Brothers Holdings Inc. | 09/22/2009 | 31766 | $233,928.04 | $233,351.00 | $577.04 |
| 100 | RUBIN, HAROLD M.<br>66 LOCKWOOD ROAD<br>SCARSDALE, NY 10583 | Lehman Brothers Holdings Inc. | 09/21/2009 | 24415 | $1,325,147.00* | $1,325,147.00 | Undetermined |
| 101 | RUGGIERO, ANTHONY<br>17 WINCHESTER DRIVE<br>HOWELL, NJ 07731 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30034 | $75,000.00 | $75,000.00 | |
| 102 | RUSSO, ROSARIO<br>978 DAHILL ROAD<br>BROOKLYN, NY 11204 | Lehman Brothers Holdings Inc. | 07/20/2009 | 5640 | $76,557.00 | Undetermined | $76,557.00 |
| 103 | SALVATORE, JULIANNE<br>309 101ST STREET<br>BROOKLYN, NY 11209-8203 | Lehman No Case Asserted/All Cases Asserted | 09/08/2009 | 10630 | $776,889.00 | $160,000.00 | $616,889.00 |
| 104 | SCHAEFER, SHEILA M<br>117 WEST BAYBERRY ROAD<br>ISLIP, NY 11751-4914 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31877 | Undetermined | Undetermined | Undetermined |
| 105 | SERAYDAR, ROSE MRS<br>525 NEPTUNE AVE. APT 22B<br>BROOKLYN, NY 11224-4020 | Lehman Brothers Holdings Inc. | 02/20/2009 | 2927 | $3,117.72* | Undetermined | $3,117.72* |
| 106 | SHEFFER, SCOTT T.<br>601 LONGCHAMPS DRIVE<br>DEVON, PA 19333 | Lehman Brothers Holdings Inc. | 01/12/2009 | 1681 | $1,272,115.40 | Undetermined | $1,272,115.40 |
| 107 | SHERMAN, LINDA A.<br>8775 S. CRESTHILL LANE<br>HIGHLANDS RANCH, CO 80130 | Lehman Brothers Holdings Inc. | 02/02/2009 | 2420 | $57,021.53 | $57,021.53 | |
| 108 | SHI, ZHIYONG<br>9 ROSS AVE<br>CHESTNUTRIDGE, NY 10977 | Lehman Brothers Holdings Inc. | 05/27/2009 | 4618 | $336,605.00 | | $336,605.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 109 | SKOLNICK, WILLIAM<br>68 SEACORD RD<br>NEW ROCHELLE, NY 10804 | Lehman No Case Asserted/All Cases Asserted | 12/17/2009 | 65968 | $781,964.00 | $543,148.00 | $238,816.00 |
| 110 | SMITH, CARTER M.<br>477 BROOME STREET #43<br>NEW YORK, NY 10013 | Lehman Brothers Holdings Inc. | 09/22/2009 | 32446 | $89,451.46 | $81,540.00 | $7,911.46 |
| 111 | SULLIVAN, KIM S.<br>686 HERMITAGE CIR<br>PALM BEACH GARDENS, FL 33410 | Lehman Brothers Holdings Inc. | 09/21/2009 | 24180 | $4,007,994.01 | $4,007,994.01 | |
| 112 | TATTAN, DAVID EDWARD<br>106 GINGER APARTMENTS<br>CAYENNE COURT<br>LONDON<br>LONDON, SE1 2PA<br>UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 34279 | $25,155.00 | $15,265.73 | $25,155.00 |
| 113 | THOMPSON, DEREK<br>6 BRANCH LANE<br>STAMFORD, CT 06903 | Lehman Brothers Holdings Inc. | 09/17/2009 | 14770 | $524,300.00 | $82,800.00 | $441,500.00 |
| 114 | VALDERRAMA, YAGO<br>41 THURLOE SQUARE<br>LONDON,ANT, SW7 2SR<br>UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13473 | $784,472.80 | $725,772.00 | $58,700.80 |
| 115 | VULAKH, NATALIE SAVIC<br>HKPARKVIEW,BLDG 16 - APT 1187<br>88 TAI TAM<br>RESERVOIR,HAPPYVALLEY<br>HONG KONG,<br>HONG KONG | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31217 | $77,000.00 | $51,000.00 | $26,000.00 |
| 116 | WAINWRIGHT, CHRISTINE<br>225 MOUNTAIN AVE<br>PRINCETON, NJ 08540 | Lehman No Case Asserted/All Cases Asserted | 08/05/2009 | 7361 | $395,696.32 | $395,696.32 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS, INC. CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 185: EXHIBIT A – CLAIMS TO BE RECLASSIFIED AS EQUITY INTERESTS AND/OR DISALLOWED

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT TO BE DISALLOWED |
|---|---|---|---|---|---|---|---|
| 117 | WHITESTONE, RANDALL B<br>94 SPRAGUE ROAD<br>SCARSDALE, NY 10583 | Lehman Brothers Holdings Inc. | 09/17/2009 | 15703 | $39,584.00* | Undetermined | $39,584.00* |
| 118 | WILSON, THOMAS G.<br>219 BEACH 99TH STREET<br>ROCKAWAY PARK, NY 11694 | Lehman Brothers Holdings Inc. | 07/20/2009 | 5633 | $110,997.99 | $13,487.59 | $97,510.40 |
| 119 | WOLFE, SONDRA<br>117 STONEHENDGE<br>CARLISLE, PA 17015 | Lehman Brothers Holdings Inc. | 09/16/2009 | 14358 | $1,495,000.00 | $1,220,000.00 | $275,000.00 |
| | | | | TOTAL | $170,258,925.52* | | |

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                              :        **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                                   :
                                        **Debtors.**        :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' ONE HUNDRED EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (COMPOUND CLAIMS)

Upon the one hundred eighty-fifth omnibus objection to claims, dated September 6, 2011 (the "Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking the disallowance and expungement of the Compound Claims on the basis that the Debtors have no liability for such claims and/or seeking to reclassify the Compound Claims as a common equity interest, all as more fully described in the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims; and due and proper notice of the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' One Hundred

---

[2] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims.

Eighty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions of the Compound Claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Disallowed*" are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED the portions of the Compound Claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Reclassified as Equity Interest*" are reclassified as equity interests having the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2