**Presentment Date and Time:  September 13, 2011 at 12:00 noon (Prevailing Eastern Time)**
**Objection Deadline:  September 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only If Objection Filed):  September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                :    **08-13555 (JMP)**
                                                            :
                              Debtors.                      :    **(Jointly Administered)**
----------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER AMONG THE DEBTORS AND MIZUHO CORPORATE BANK, LTD.

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

stipulation, agreement and order (the "Stipulation, Agreement and Order") to the Honorable

James M. Peck, United States Bankruptcy Judge, for approval and signature on **September 13,**

**2011 at 12:00 noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation,

Agreement and Order shall be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the

Southern District of New York (the "Bankruptcy Court"), shall set forth the name of the

objecting party, the basis for the objection and the specific grounds thereof, shall be filed with

the Bankruptcy Court electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing

system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with two

hard copies delivered directly to Chambers), and shall be served upon:  (i) Chambers of the

Honorable James M. Peck ("Chambers"), One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) Weil Gotshal & Manges LLP, 700 Louisiana, Suite 1600, Houston, Texas

77002, Attn: Alfredo R. Pérez, Esq., attorneys for the Debtors; (iii) the Office of the United

States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004,  Attn:

Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv)

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq., attorneys

for the Creditors' Committee; and (v) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New

York, New York 10038, Attn: Mark A. Speiser, Esq., attorneys for Mizuho Corporate Bank,

Ltd., so as to be filed and received no later than **September 12, 2011 at 4:00 p.m. (Prevailing**

**Eastern Time)** (the "Objection Deadline").

        **PLEASE TAKE FURTHER NOTICE** that if an objection to the Stipulation,

Agreement and Order is not received by the Objection Deadline, the relief requested shall be

deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought

without a hearing.

        **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed

prior to the Objection Deadline, a hearing (the "Hearing") will be held to consider the

Stipulation, Agreement and Order on **September 14, 2011 at 10:00 a.m. (Prevailing Eastern**

**Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United

States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling

Green, New York, New York 10004.

       **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon

default.

Dated:  September 7, 2011
      New York, New York

                    /s/ Alfredo R. Pérez
                    Alfredo R. Pérez

                    WEIL, GOTSHAL & MANGES LLP
                    700 Louisiana, Suite 1600
                    Houston, Texas 77002
                    Telephone: (713) 546-5000
                    Facsimile:  (713) 224-9511

                    Attorneys for Debtors
                    and Debtors in Possession

*Execution Copy*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------- x

### STIPULATION, AGREEMENT AND ORDER AMONG
### THE DEBTORS AND MIZUHO CORPORATE BANK, LTD.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order")

is entered into by and between Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated

debtors in the above referenced chapter 11 cases, as debtors in possession (together, the

"Debtors"), and Mizuho Corporate Bank, Ltd. ("Mizuho").

**RECITALS**

A.   WHEREAS, on May 31, 2007, LBHI, as Borrower,  Mizuho, as Mandated

Lead Arranger and Agent, and the parties set forth on Exhibit A attached hereto (each, along

with its successors and assigns, a "Lender," and collectively, the "Lenders"), among others,

entered into that certain seven-year credit agreement for JPY 35,000,000,000 (the "Credit

Agreement")[1].

B.   WHEREAS, on September 15, 2008 and periodically thereafter, LBHI and

certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11

of the United States Code (the "Bankruptcy Code").

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed thereto in the Credit Agreement.

C.    WHEREAS, on July 2, 2009, this Court issued an *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [ECF No. 4271] (the "Bar Date Order").

D.    WHEREAS, (i) on September 10, 2009, Mizuho, as attorney-in-fact on behalf of the Lenders filed a proof of claim, assigned claim number 11034 by the Debtors' claims agent, in connection with the Credit Agreement and pursuant to the Bar Date Order (the "Initial Proof of Claim"), and (ii) on May 23, 2011, Mizuho, as attorney-in-fact on behalf of the Lenders filed an amended proof of claim, assigned claim number 67502 by the Debtors' claims agent, in connection with the Credit Agreement and pursuant to the Bar Date Order (the "Amended Proof of Claim," and, together with the Initial Proof of Claim, the "Proofs of Claim").

E.    WHEREAS, on June 29, 2011, the Debtors filed an amended motion seeking entry of an order approving, inter alia, certain procedures in connection with distribution of the Debtors' disclosure statement and ballots with respect to voting on the Debtors' chapter 11 plan [ECF No. 18126] (the "DS Procedures Order").

F.    WHEREAS, the DS Procedures Order may contemplate that an entity holding claims for the benefit of one or more beneficial holders act as a nominee or agent for the beneficial holders of such claims for the purposes of voting on the Debtors' chapter 11 plan.

G.    WHEREAS, notwithstanding the foregoing, and pursuant to section 1126 of the Bankruptcy Code, each Lender is the holder of any claims or interests arising from the Credit Agreement and reflected by the Proofs of Claim for the purposes of accepting or rejecting the Debtors' chapter 11 plan.

H.    WHEREAS, the Debtors and Mizuho agree that an individual ballot should be sent to each of the Lenders listed on Exhibit A for purposes of voting on the Debtors' chapter 11 plan.

I.    WHEREAS, in light of the foregoing, and to ensure that Lenders are not prohibited from individually exercising their rights with respect to the Credit Agreement for the purposes of voting on the Debtors' chapter 11 plan, Mizuho and the Debtors (each a "Party" and together, the "Parties") have agreed subject to approval of this Court, on the terms set forth herein.

**IT IS HEREBY STIPULATED, AGREED, AND ORDERED by and between the Debtors and Mizuho, through their undersigned attorneys, that:**

1.    This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.    Within seven (7) days of the Effective Date, Mizuho shall provide the Debtors with an updated list of the Lenders and the amount of their respective claims as of August 1, 2011.

3.    Upon the Effective Date, and notwithstanding the procedures set out in the DS Procedures Order, the Debtors shall be authorized to send an individual ballot to each of the Lenders for the purposes of voting to accept or reject the Debtors' chapter 11 plan.

4.    Upon the Effective Date, Mizuho, while remaining an agent for the Lenders for other purposes, shall not be required to complete a Master Ballot (as defined in the DS Procedures Order) on behalf of the Lenders.

5.    This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

6.    Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

7.    This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

8.    Nothing in this Stipulation, Agreement and Order shall affect the Debtors' right to object to the Proofs of Claim.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK[

9.      This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: July 26, 2011
       New York, New York

Mark A. Speiser

STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
212.806.5434 (p)
212.806.1234 (f)

Attorneys for Mizuho Corporate Bank, Ltd., as
Mandated Lead Arranger and Agent.

Dated: ~~July~~ August 1, 2011
       New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this _____ day of ~~August~~ September, 2011.

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

<u>Lenders as of May 31, 2007</u>

Mizuho Corporate Bank, Ltd.

Aozora Bank, Ltd.

The Chuo Mitsui Trust & Banking Co., Ltd.

Shinkin Central Bank

The Hiroshima Bank, Ltd.

The Bank of Iwate, Ltd.

The 77 Bank, Ltd.

The Shonai Bank, Ltd.