**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc., et al.<br><br>　　　　　　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 08-13555 (JMP)<br>)<br>) Jointly Administered<br>)<br>) Proof of Claim No.: **50055**<br>　Amount of Claim Transferred: **$1,980,377.14** |

<u>NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY
PURSUANT TO FRBP RULE 3001(e)(2)</u>

TO:   TRANSFEROR:   **JPMORGAN CHASE BANK, N.A.**
　　　　　　　　　　One Chase Manhattan Plaza – Floor 26
　　　　　　　　　　New York, New York 10005
　　　　　　　　　　Attention:   Susan McNamara

PLEASE TAKE NOTICE of the transfer of all right, title and interest in Claim No. **50055** against Lehman Brothers Holdings Inc. in the amount of **$1,980,377.14** as evidenced by the attached Evidence of Transfer of Claim to:

　　TRANSFEREE:   **ORE HILL HUB FUND LTD**
　　　　　　　　　　650 Fifth Ave, 9th Floor
　　　　　　　　　　New York, New York 10019
　　　　　　　　　　Attention:   Kate Sinopoli
　　　　　　　　　　Telephone:   212.389.2630
　　　　　　　　　　Facsimile:   212.214.0799
　　　　　　　　　　E-mail:      ksinopoli@orehill.com

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

- FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
- SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
- IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
- IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Clerk of the Court

8233875

DK0030072194

# AGREEMENT AND EVIDENCE OF TRANSFER
## OF CLAIM LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **JPMorgan Chase Bank, N.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to the **purchasers** (the "Purchaser", and individually, an "Individual Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent as specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50055 filed by or on behalf of **Carnegie Bank A/S, as agent for its customers** ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

Predecessor transferred the Transferred Claims to Second Market, Inc. as evidenced at docket No. **19431** in the Proceedings and Second Market, Inc. transferred the Transferred Claims to Seller as evidenced at docket No. **19583** in the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and

Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without

2

regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 31 day of August, 2011.

**JPMorgan Chase Bank, N.A.**

By: _____
Name: Amita Bhandari
Title: Authorized Signatory

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza – Floor 26
New York, New York 10005
ATTN: Susan McNamara

**Ore Hill Hub Fund Ltd**
**By: GLG Ore Hill LLC**
**Its: Investment Advisor**

By: _____
Name: CLAUDE A. BAUM
Title: Vice President

Address:
650 Fifth Ave, 9th Floor
New York, New York 10019

**Wilshire Institutional Master Fund II SPC – Wilshire Ore Hill International Segregated Portfolio**
**By: GLG Ore Hill LLC**
**Its: Investment Advisor**

By: _____
Name: CLAUDE A. BAUM
Title: Vice President

Address:
650 Fifth Ave, 9th Floor
New York, New York 10019

3

Lehman BV - JPM to Ore Hill - DK0030072194 DKK11 2mm TD8-23-11_V2.docx

**PMT Credit Opportunities Fund Ltd**
**By: GLG Ore Hill LLC**
**Its: Investment Advisor**

By: _____
Name: ~~CLAUDE A. BAUM~~
Title: _____Vice President_____

<u>Address</u>:
650 Fifth Ave, 9th Floor
New York, New York 10019

4

## SCHEDULE 1

### Transferred Claims

Purchased Claim

$2,368,164 of $37,087,154 (the outstanding amount of the Proof of Claim as of June 20, 2011) together with interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| Ore Hill Hub Fund Ltd | DKK 108,530,000 Index-Linked Notes relating to the Dow Jones Eurostoxx 50® Index | DK 0030072194 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD $1,777,296.34 (DKK 9,366,000) | Index-linked Interest | Dec. 17, 2009 | USD $203,080.80 (DKK 1,070,195.96) |
| Wilshire Institutional Master Fund II SPC – Wilshire Ore Hill International Segregated Portfolio | DKK 108,530,000 Index-Linked Notes relating to the Dow Jones Eurostoxx 50® Index | DK 0030072194 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD $99,813.99 (DKK 526,000) | Index-linked Interest | Dec. 17, 2009 | USD $11,405.14 (DKK 60,102.83) |
| PMT Credit Opportunities Fund Ltd | DKK 108,530,000 Index-Linked Notes relating to the Dow Jones Eurostoxx 50® Index | DK 0030072194 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD $248,206.66 (DKK 1,308,000) | Index-linked Interest | Dec. 17, 2009 | USD $28,361.06 (DKK 149,457.22) |