**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
::::::
**In re**   :   **Chapter 11**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :
:   **Case No.: 08-13555 (JMP)**
**Debtors.**   :
:   **(Jointly Administered)**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF TRANSFER OF CLAIM**
**OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1.  TO:  Yorvik Partners LLP
    11 Ironmonger Lane
    London EC2V 8EY
    United Kingdom
    Attn: Lars Lemonius

2.  Please take notice that $3,744,323.48 of your claim against Lehman Brothers Holdings Inc., identified by XS0250266169 arising from and relating to Proof of Claim No. 58898 (attached as Exhibit A hereto), has been transferred to:

    Silver Point Capital Offshore Master Fund, L.P. ("Transferee")
    c/o Silver Point Capital, L.P.
    Two Greenwich Plaza, First Floor
    Greenwich, CT 06830
    Attn: David F. Steinmetz

    An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the transferred claim should be sent to the Transferee at the above address, with a copy to:

    Davis Polk & Wardwell LLP ("Davis Polk")
    450 Lexington Avenue
    New York, NY 10017-3904
    Fax: 212-701-5800
    Attn: Eric Ruiz

3.  No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

> United States Bankruptcy Court
> Southern District of New York
> Attn: Clerk of Court
> Alexander Hamilton Custom House
> One Bowling Green
> New York, NY 10004-1408

-- **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

-- Refer to **INTERNAL CONTROL NO. XS0250266169** in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED CLAIM.**

> CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2011.

INTERNAL CONTROL NO. XS0250266169

Copy: (check) Claims Agent___ Transferee___ Debtors' Attorney___

> Clerk of the Court

# **EXHIBIT A**

| United States Bankruptcy Court/Southern District of New York Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000058898 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Kooperativa pojišťovna, a.s., Vienna Insurance Group<br>Templová 747<br>CZ-110 01 Prague 1, Czech Republic | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|
| Telephone number: +420221000421    Email Address: mspacek@koop.cz | |
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:          Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ See attached _____ (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0250266169 _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

CA35209                                (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

83500                                (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | | **FOR COURT USE ONLY**<br><br>FILED / RECEIVED<br><br>OCT 3 0 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|
| Date.<br><br>22 -10- 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Ing. Martin Diviš, Chairman Dr. Hans-Peter Hagen, Mgt. Brd. Member | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## EXHIBIT A

**I.    Introduction**

1.    On September 15, 2008,[1] Lehman Brothers Holdings Inc. (the "Debtor") commenced a voluntary case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2.    This proof of claim (this "Proof of Claim") is filed in the Debtor's bankruptcy case by Kooperativa pojišťovna, a.s., Vienna Insurance Group ("KOOP"). KOOP has a claim (the "Claim") against the Debtor on account of the Debtor's unconditional guarantee of the due and punctual payment of all amounts payable by Lehman Brothers Treasury Co. B.V. ("LBT") in respect of CZK75,000,000 in principal amount of index linked notes (the "Notes") due April, 2016, issued by LBT under the U.S.$45,000,000,000 Euro Medium-Term Note Retail Program. The Notes, with the ISIN of XS0250266169, are identified on http://www.lehman-docket.com as "Lehman Program Securities."

**II.    The Claim**

3.    KOOP hereby asserts the Claim in the initial amount of $5,349,033.54 (the "Initial Claim Amount"). The Initial Claim Amount includes $982,475.55 (the "Index-Link Claim") with respect to the index-link (the "Index-Link") in the Notes, the value of which was contemplated to be calculated as of the maturity date of the Notes. The Index-Link Claim was calculated at the floor of such Index-Link, which is 22.5% of the principal amount of the Notes.

4.    In addition, the Claim includes all additional amounts owed to KOOP in connection with the Index-Link. Any additional amounts due in respect of the Index-Link

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings assigned to such terms in that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated as of July 2, 2009 (Docket No. 4271) (the "Bar Date Order").

cannot be estimated or calculated reasonably at this time. KOOP does not waive its rights to any such amounts by not stating a specific figure therefor at this time, and, further, hereby reserves its right to amend and supplement this Proof of Claim to include any such additional amounts.

5. Under the terms of the Bar Date Order, KOOP is not required to file any documentation supporting this Proof of Claim.

### III. General

6. KOOP does not waive any right or rights of action that it has or may have against the Debtor or any other person or persons. KOOP reserves the right to amend or supplement this Proof of Claim in any manner.

7. By filing this Proof of Claim, KOOP does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

8. This Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of KOOP's rights, remedies, claims or interests under applicable law against the Debtor or any other person or entity; (iv) a waiver of any setoff or recoupment rights under applicable law; (v) a waiver of any netting rights under applicable law; (vi) a waiver of any rights to assert that all or any portion of the amounts claimed for are being held by the Debtor, as bailee, or in constructive trust; (vii) a waiver of KOOP's property or ownership rights (legal or equitable); or (viii) a waiver of KOOP's legal, equitable or beneficial interests.

9. All notices and communications concerning this Proof of Claim should be addressed as follows:

> Kooperativa pojišťovna, a.s., Vienna Insurance Group
> Templova 747
> CZ-110 01 Prague 1

Czech Republic
+420 221 000 421
mspacek@koop.cz

and to:

Michael H. Torkin
Solomon J. Noh
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022
212-848-4000
mtorkin@shearman.com
solomon.noh@shearman.com


Dated as of October 22, 2009

# **EXHIBIT B**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
*LEHMAN BROTHERS PROGRAM SECURITY*

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Yorvik Partners LLP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Silver Point Capital Offshore Master Fund, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the 16 May 2011 (the "Effective Date"), (a) an undivided interest, to the extent of the Claim Amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 58898 filed by Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing

533765v2

that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event on no later than the second (2nd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller shall transfer on the **Effective Date** to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of May 2011

YORVIK PARTNERS LLP

By:
Name:
Title:

Address:
11 Ironmonger Lane,
London EC2V 8EY,
U.K

SILVER POINT OFFSHORE MASTER FUND, L.P.
By: Silver Point Capital Offshore General Partner, LLC
Its General Partner

By:
Name: David Steinmetz
Title: Authorized Signatory

Address:
Silver Point Capital, L.P.
2 Greenwich Plaza
Greenwich, CT 06830

Schedule 1

Transferred Claims

Purchased Claim

*70% which is US$ 3,744,323.48 (the outstanding amount of the Proof of Claim as of 16 May 2011)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Index Linked Note | XS0250266169 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | US$ 5,349,033.54 which is equivalent to original principal of CZK 75,000,000.00 | None | April 2016 | US$ 5,349,033.54 which is equivalent to original principal of CZK 75,000,000.00 |

*Description above relates to total claim amount. Actual amount transferred is listed at Purchased Claim