# Exhibit D

| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)      0000016194 |
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Holdings, Inc.** | Case No. of Debtor<br>**08-13555 (JMP)** | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Program Securities (as such definition on reverse side).

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Richard S. Fuld, Jr.
c/o Patricia M. Hynes
Allen & Overy LLP
1221 Avenue of the Americas
New York, New York  10020

Telephone number: 212-610-6300      Email Address: patricia.hynes@allenovery.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number:_____
    (if known)

Filed on:_____

Name and address where payment should be sent (if different from above)

Richard S. Fuld, Jr.
c/o Patricia M. Hynes
Allen & Overy LLP
1221 Avenue of the Americas
New York, New York  10020

Telephone number: 212-610-6300      Email Address: patricia.hynes@allenovery.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1.    Amount of Claim as of Date Case Filed:  $ ___contingent/unliquidated indemnification/___
___advancement of defense costs___

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete Item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO** http://www.lehman-claims.com **AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2.    Basis for Claim: __Indemnification/advancement of defense costs__
    (See instruction #2 on reverse side.)

3.    Last four digits of any number by which creditor identifies debtor: _____
    3a. Debtor may have scheduled account as: _____
    (See instruction #3a on reverse side.)

4.    Secured Claim (See instruction #4 on reverse side.)
    Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
    Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
    Describe: _____
    Value of Property: $_____    Annual Interest Rate _____%
    Amount of arrearage and other charges as of time case filed included in secured claim, if any:
    $_____    Basis for perfection: _____
    Amount of Secured Claim: $_____    Amount Unsecured: $_____

5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other—Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
    (See instruction #6 on reverse side.)

7.    Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.    Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

**FILED / RECEIVED**

SEP 18 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date:
9/16/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, describe the type and value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods were sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO PROOF OF CLAIM OF RICHARD S. FULD, JR.

1.      Richard S. Fuld, Jr. (the "Claimant") is filing this proof of claim as a general

unsecured creditor, for a contingent/unliquidated indemnification/advancement of defense

costs claim, pursuant to Article VII of the By-Laws of Lehman Brothers Holdings Inc. (as

amended, the "By-Laws").[1]

2.      These claims are general unsecured claims.  Claimant reserves the right to amend

or supplement this proof of claim in any respect, to fix or liquidate any claims stated herein,

to specify and quantify expenses or other charges or claims incurred by Claimant, to assert

any additional claim for priority, and to file additional proofs of claim for additional claims.

3.      The execution and filing of this proof of claim is not a waiver of any of

Claimant's rights including, without limitation, the right to move to withdraw the reference

with respect to the subject matter of this claim or otherwise, and any right to trial by jury that

Claimant may have in any civil proceeding arising in or related to this case, nor is it a

consent to jurisdiction of this or any court except with respect to the allowance of the claims

asserted herein.

4.      The post office address of the Claimant and the address to which all notices to the

Claimant should be addressed is:

> Richard S. Fuld, Jr.
> c/o Patricia M. Hynes
> Allen & Overy LLP
> 1221 Avenue of the Americas
> New York, New York 10020

---

[1] A copy of, *inter alia*, the By-Laws is annexed hereto as Exhibit "A" and is incorporated here by reference.

**<u>EXHIBIT A</u>**

Exhibit 3.1

Amended and Restated By-Laws
Effective: November 8, 2007

## LEHMAN BROTHERS HOLDINGS INC.

Incorporated Under the Laws of the
State of Delaware

### BY-LAWS

### ARTICLE I
### OFFICES

Lehman Brothers Holdings Inc. (the "Corporation") shall maintain a registered office in the State of Delaware. The Corporation may also have other offices at such places, either within or without the State of Delaware, as the Board of Directors may from time to time designate or the business of the Corporation may require.

### ARTICLE II
### STOCKHOLDERS

Section 1. Place of Meetings. Meetings of the stockholders for the election of directors or for any other purpose shall be held on such date, at such time and at such place, either within or without the State of Delaware, as shall be designated from time to time by the Board of Directors and stated in the notice of the meeting or in a duly executed waiver of notice thereof. Only if so determined by the Board of Directors, in its sole discretion, a meeting of stockholders may be held not at any place, but may instead be held solely by means of remote communication, as provided in the General Corporation Law of the State of Delaware.

Section 2. Annual Meeting. The Annual Meeting of Stockholders shall be held on such date and at such time as shall be designated from time to time by the Board of Directors and stated in the notice of the meeting, at which meeting the stockholders shall elect a Board of Directors and transact only such other business as is properly brought before the meeting in accordance with these By-Laws. Notice of the Annual Meeting stating the place, date and hour of the meeting shall be given as permitted by law to each stockholder entitled to vote at such meeting not less than ten (10) nor more than sixty (60) days before the date of the meeting.

Section 3. Special Meetings. Unless otherwise prescribed by law or the Restated Certificate of Incorporation (such Certificate, as amended from time to time, including resolutions adopted from time to time by the Board of Directors establishing the designation, rights, preferences and other terms of any class or series of capital stock, the "Certificate of Incorporation"), special meetings of the stockholders may be called only by the Chairman of the Board, the Chief Executive Officer, the President in the absence

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

or disability of the Chairman of the Board and the Chief Executive Officer, or the Secretary at the request of the Board of Directors. Notice of a Special Meeting stating the place, date and hour of the meeting and the purposes for which the meeting is called shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting. Only such business as is specified in the notice of special meeting shall come before such meeting.

Section 4. Quorum. Except as otherwise provided by law or by the Certificate of Incorporation, the holders of shares of capital stock issued and outstanding entitled to vote shares, appoint one or more inspectors of election representing at least a majority of the votes entitled to be cast thereat, present in person or represented by proxy, shall constitute a quorum at all meetings of the stockholders for the transaction of business. Whether or not a quorum is present, the chairman of the meeting, or the stockholders entitled to vote thereat, present or represented by proxy, holding shares representing at least a majority of the votes so present or represented and entitled to be cast thereon, shall have the power to adjourn the meeting from time to time, without notice other than announcement at the meeting. At such adjourned meeting at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally noticed. If the adjournment is for more than thirty (30) days, or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder entitled to vote at the meeting. When a quorum is once present, it is not broken by the subsequent withdrawal of any stockholder.

Section 5. Appointment of Inspectors of Election. The Board of Directors shall, in advance of sending to the stockholders any notice of a meeting of the holders of any class of shares, appoint one or more inspectors of election ("inspectors") to act at such meeting or any adjournment or postponement thereof and make a written report thereof. The Board of Directors may designate one or more persons as alternate inspectors to replace any inspector who fails to act. If no inspector or alternate is so appointed or if no inspector or alternate is able to act, the Chairman of the Board shall appoint one or more inspectors to act at such meeting. Each inspector, before entering upon the discharge of such inspector's duties, shall take and sign an oath faithfully to execute the duties of inspector with strict impartiality and according to the best of such inspector's ability. The inspectors shall not be directors, officers or employees of the Corporation.

Section 6. Voting. Except as otherwise provided by law or by the Certificate of Incorporation, each stockholder of record of any class or series of stock other than the Common Stock, par value $0.10 per share, of the Corporation ("Common Stock") shall be entitled on each matter submitted to a vote at each meeting of stockholders to such number of votes for each share of such stock as may be fixed in the Certificate of Incorporation, and each stockholder of record of Common Stock shall be entitled at each meeting of stockholders to one vote for each share of such stock, in each case, registered in such stockholder's name on the books of the Corporation on the date fixed pursuant to Section 5 of Article VI of these By-Laws as the record date for the determination of stockholders entitled to notice of and to vote at such meeting, or if no such record date

2

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

shall have been so fixed, then at the close of business on the day next preceding the day on which notice of such meeting is given, or if notice is waived, at the close of business on the day next preceding the day on which the meeting is held.

Each stockholder entitled to vote at any meeting may vote either in person or by proxy duly appointed.

At all meetings of stockholders all matters, except as otherwise provided by law, the Certificate of Incorporation, or these By-Laws, shall be determined by the affirmative vote of the stockholders present in person or represented by proxy holding shares representing at least a majority of the votes so present or represented and entitled to be cast thereon, and where a separate vote by class is required, a majority of the votes represented by the shares of the stockholders of such class present in person or represented by proxy and entitled to be cast thereon shall be the act of such class.

The vote on any matter, including the election of directors, shall be by written ballot, or, if authorized by the Board of Directors, in its sole discretion, by electronic ballot given in accordance with a procedure set out in the notice of such meeting. Each ballot shall state the number of shares voted.

Proxy cards shall be returned in envelopes addressed to the inspectors, who shall receive, inspect and tabulate the proxies. Comments on proxies, consents or ballots shall be transcribed and provided to the Secretary with the name and address of the stockholder. Nothing in this Article II shall prohibit the inspector from making available to the Corporation, prior to, during or after any annual or special meeting, information as to which stockholders have not voted and periodic status reports on the aggregate vote.

Section 7. List of Stockholders Entitled to Vote. The officer of the Corporation who has charge of the stock ledger of the Corporation shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order and showing the address of each stockholder and the number of shares registered in the name of each stockholder. Nothing contained in this Section shall require the Corporation to include electronic mail addresses or other electronic contact information on such list. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting, during ordinary business hours, for a period of at least ten (10) days prior to the meeting, either (i) on a reasonably accessible electronic network, provided that the information required to gain access to such list is provided with the notice of the meeting, or (ii) during ordinary business hours, at the principal place of business of the Corporation. In the event that the Corporation determines to make the list available on an electronic network, the Corporation may take reasonable steps to ensure that such information is available only to stockholders of the Corporation. If the meeting is to be held at a place, the list shall also be produced and kept at the time and place of the meeting during the whole time thereof and may be inspected by any stockholder of the Corporation who is present. If the meeting is to be held solely by means of remote communication, then the list shall

3

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

also be open to the examination of any stockholder during the whole time of the meeting on a reasonably accessible electronic network, and the information required to access such list shall be provided with the notice of the meeting.

Section 8.Stock Ledger. The stock ledger of the Corporation shall be the only evidence as to who are the stockholders entitled to examine the stock ledger, the list required by Section 7 of this Article II or the books of the Corporation, or to vote in person or by proxy at any meeting of stockholders.

Section 9.Advance Notice of Stockholder-Proposed Business at Annual Meeting. To be properly brought before the Annual Meeting, business must be either (a) specified in the notice of meeting (or any supplement thereto) given by or at the direction of the Board of Directors, (b) otherwise properly brought before the meeting by or at the direction of the Board of Directors or (c) otherwise properly brought before the meeting by a stockholder of record. For business to be properly brought before an Annual Meeting by a stockholder, the stockholder must have given timely notice thereof in writing to the Secretary of the Corporation and must have been a stockholder of record at such time. To be timely, a stockholder's notice must be delivered to or mailed and received at the principal executive offices of the Corporation not less than ninety (90) nor more than one hundred twenty (120) days prior to the one year anniversary of the date of the Annual Meeting of the previous year; provided, however, that in the event that the Annual Meeting is called for a date that is not within thirty (30) days before or after such anniversary date, notice by the stockholder in order to be timely must be so received not earlier than one hundred twenty (120) days prior to such Annual Meeting and not later than the close of business on the tenth (10th) day following the day on which notice of the date of the Annual Meeting was mailed or public disclosure of the date of the annual meeting was made, whichever first occurs. A stockholder's notice to the Secretary shall set forth as to each matter the stockholder proposes to bring before the Annual Meeting (i) a brief description of the business desired to be brought before the Annual Meeting and the reasons for conducting such business at the Annual Meeting, (ii) the name and address, as they appear on the Corporation's books, of the stockholder proposing such business, (iii) the class and number of shares of the Corporation that are beneficially owned by the stockholder, (iv) any material interest of the stockholder in such business and (v) any other information relating to the person or the proposal that is required to be disclosed pursuant to Regulation 14A under the Securities Exchange Act of 1934, as amended (or any successor provision or law) or applicable law.

Notwithstanding anything in these By-Laws to the contrary, no business shall be conducted at an Annual Meeting except in accordance with the procedures set forth in this Section 9; provided, however, that nothing in this Section 9 shall be deemed to preclude discussion by any stockholder of any business properly brought before the Annual Meeting. The Chairman of an Annual Meeting shall, if the facts warrant, determine and declare to the meeting that business was not properly brought before the meeting in accordance with the provisions of this Section 9 and if he should so determine,

4

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

he shall so declare to the meeting and any such business not properly brought before the meeting shall not be transacted.

Section 10. Nomination of Directors; Advance Notice of Stockholder Nominations. Only persons who are nominated in accordance with the procedures set forth in this Section 10 shall be eligible for election as directors at a meeting of stockholders. Nominations of persons for election to the Board of Directors of the Corporation at the Annual Meeting or at any special meeting of stockholders called in the manner set forth in Article II, Section 3 hereof for the purpose of electing directors may be made at a meeting of stockholders by or at the direction of the Board of Directors, by any nominating committee or person appointed for such purpose by the Board of Directors, or by any stockholder of record of the Corporation entitled to vote for the election of directors at the meeting who complies with the notice procedures set forth in this Section 10. Such nominations, other than those made by, or at the direction of, or under the authority of the Board of Directors, shall be made pursuant to timely notice in writing to the Secretary of the Corporation by a stockholder of record at such time. To be timely, a stockholder's notice shall be delivered to or mailed and received at the principal executive offices of the Corporation (a) in the case of an Annual Meeting, not less than ninety (90) nor more than one hundred twenty (120) days prior to the one year anniversary of the date of the Annual Meeting of the previous year; provided, however, that in the event that the Annual Meeting is called for a date that is not within thirty (30) days before or after such anniversary date, notice by the stockholder in order to be timely must be so received not earlier than one hundred twenty (120) days prior to such Annual Meeting and not later than the close of business on the tenth (10th) day following the day on which notice of the date of the annual meeting was mailed or public disclosure of the date of the Annual Meeting was made, whichever first occurs; and (b) in the case of a special meeting of stockholders called in the manner set forth in Article II, Section 3 hereof for the purpose of electing directors, not earlier than one hundred twenty (120) days prior to such special meeting and not later than the close of business on the tenth (10th) day following the day on which notice of the date of the special meeting was mailed or public disclosure of the date of the special meeting was made, whichever first occurs. Such stockholder's notice to the Secretary shall set forth (a) as to each person whom the stockholder proposes to nominate for election or re-election as a director, (i) the name, age, business address and residence address of the person, (ii) the principal occupation or employment of the person, (iii) the class and number of shares of capital stock of the Corporation, if any, which are beneficially owned by the person and (iv) any other information relating to the person that is required to be disclosed in solicitations for proxies for election of directors pursuant to Regulation 14A under the Securities Exchange Act of 1934, as amended (or any successor provision or law) or applicable law; and (b) as to the stockholder giving the notice (i) the name and record address of the stockholder and (ii) the class and number of shares of capital stock of the Corporation which are beneficially owned by the stockholder.

The Chairman of the meeting shall, if the facts warrant, determine and declare to the meeting that a nomination was not made in accordance with the foregoing procedures

5

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

and, if he should so determine, he shall so declare to the meeting and the defective nomination shall be disregarded.

ARTICLE III
DIRECTORS

Section 1.Number; Resignation; Removal. Except as otherwise required by the Certificate of Incorporation, the number of directors which shall constitute the whole Board of Directors shall be fixed from time to time by resolution of the Board of Directors, but shall not be less than six (6) nor more than twenty-four (24). Except as provided in Section 2 of this Article III and in the Certificate of Incorporation, a nominee for director shall be elected to the Board of Directors by the vote of the majority of the votes cast with respect to that director's election at any meeting for the election of directors at which a quorum is present; *provided, however,* that if the number of nominees exceeds the number of directors to be elected, the directors shall be elected by the vote of a plurality of the votes cast at any such meeting and entitled to vote on the election of directors. For purposes of this Section 1 a majority of the votes cast means that the number of votes cast "for" a director must exceed the number of votes cast "against" that director (with "abstentions" and "broker non-votes" not counted as a vote cast with respect to that director). A director may resign at any time upon notice to the Corporation. A director may be removed, with or without cause, by the affirmative vote of holders of shares of capital stock issued and outstanding entitled to vote at an election of directors representing at least a majority of the votes entitled to be cast thereon.

Section 2.Vacancies. Vacancies and newly created directorships resulting from any increase in the authorized number of directors may be filled by a majority of the remaining directors then in office, though less than a quorum, or by a sole remaining director, and the directors so elected shall hold office until the next Annual Meeting of Stockholders and until their successors are duly elected and qualified, or until their earlier resignation or removal. If there are no directors in office, then an election of directors may be held in the manner provided by the General Corporation Law of the State of Delaware. No decrease in the number of directors constituting the Board of Directors shall shorten the term of any incumbent director.

Section 3.Duties and Powers. The business of the Corporation shall be managed by or under the direction of the Board of Directors which may exercise all such powers of the Corporation and do all such lawful acts and things as are not by statute or by the Certificate of Incorporation or by these By-Laws directed or required to be exercised or done solely by the stockholders.

Section 4.Meetings. The Board of Directors of the Corporation may hold meetings, both regular and special, either within or without the State of Delaware. Regular meetings of the Board of Directors may be held without notice at such time and at such place as may from time to time be determined by the Board of Directors. Special meetings of the Board of Directors may be called by the Chairman of the Board, the Chief

6

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

Executive Officer, the President or any director. Notice thereof stating the place, date and hour of the meeting shall be given to each director either (i) by mail or courier not less than forty-eight (48) hours before the date of the meeting or (ii) by telephone, telegram or facsimile or electronic transmission, not less than twenty-four (24) hours before the time of the meeting or on such shorter notice as the person or persons calling such meeting may deem necessary or appropriate in the circumstances (provided that notice of any meeting need not be given to any director who shall either submit, before or after such meeting, a waiver of notice or attend the meeting without protesting, at the beginning thereof, the lack of notice).

Section 5.Quorum. Except as may be otherwise provided by law, the Certificate of Incorporation or these By-Laws, a majority of the entire Board of Directors shall be necessary to constitute a quorum for the transaction of business, and the vote of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors. Whether or not a quorum is present at a meeting of the Board of Directors, a majority of the directors present may adjourn the meeting to such time and place as they may determine without notice other than an announcement at the meeting.

Section 6.Action Without A Meeting. Unless otherwise provided by the Certificate of Incorporation or these By-Laws, any action required or permitted to be taken by the Board of Directors or any committee thereof may be taken without a meeting if all members of the Board of Directors or the committee consent in writing or by electronic transmission to the adoption of a resolution authorizing the action. The resolution and the consents thereto in writing or by electronic transmission by the members of the Board of Directors or committee shall be filed with the minutes of the proceedings of the Board of Directors or such committee.

Section 7.Participation By Telephone. Unless otherwise provided by the Certificate of Incorporation or these By-Laws, any one or more members of the Board of Directors or any committee thereof may participate in a meeting of the Board of Directors or such committee by means of a conference telephone or other communications equipment allowing all persons participating in the meeting to hear each other. Participation by such means shall constitute presence in person at the meeting.

Section 8.Compensation. The directors may be paid their expenses, if any, for attendance at each meeting of the Board of Directors or any committee thereof and may be paid compensation as a director, committee member or chairman of any committee and for attendance at each meeting of the Board of Directors or committee thereof. No such payment shall preclude any director from serving the Corporation in any other capacity and receiving compensation therefore or entering into transactions otherwise permitted by the Certificate of Incorporation, these By-Laws or applicable law.

Section 9.Resignation. Any director may resign at any time. Such resignation shall be made in writing or by electronic transmission and shall take effect at the time specified therein, or, if no time be specified, at the time of its receipt by the Chairman of

7

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

the Board, or if none, by the Chief Executive Officer, President or the Secretary. The acceptance of a resignation shall not be necessary to make it effective unless so specified therein.

## ARTICLE IV
## COMMITTEES

Section 1. Committees. The Board of Directors may designate one or more committees, each committee to consist of one or more of the directors of the Corporation. The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of any such committee. In the absence of disqualification of a member of a committee, and in the absence of a designation by the Board of Directors of an alternate member to replace the absent or disqualified member, the member or members thereof present at any meeting and not disqualified from voting, whether or not such member or member constitute a quorum, may by unanimous vote appoint another member of the Board of Directors to act at the meeting in the place of any absent or disqualified member. Any committee, to the extent allowed by law and provided in the resolution establishing such committee or in the By-Laws, shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the Corporation, including the power to adopt a certificate of ownership and merger pursuant to Section 253 of the Delaware General Corporation Law, the authority to issue shares, and the authority to declare a dividend, except as limited by Delaware General Corporation Law or other applicable law, but no such committee shall have the power or authority in reference to the following matters: (i) approving or adopting, or recommending to the stockholders, any action or matter expressly required by the Delaware General Corporation Law to be submitted to stockholders for approval or (ii) adopting, amending or repealing any By-Law of the Corporation. All acts done by any committee within the scope of its powers and duties pursuant to these By-Laws and the resolutions adopted by the Board of Directors shall be deemed to be, and may be certified as being, done or conferred under authority of the Board of Directors. The Secretary or any Assistant Secretary is empowered to certify that any resolution duly adopted by any such committee is binding upon the Corporation and to execute and deliver such certifications from time to time as may be necessary or proper to the conduct of the business of the Corporation.

Section 2. Resignation. Any member of a committee may resign at any time. Such resignation shall be made in writing or by electronic transmission and shall take effect at the time specified therein, or, if no time be specified, at the time of its receipt by the Chairman of the Board, or if none, by the Chief Executive Officer, President or the Secretary. The acceptance of a resignation shall not be necessary to make it effective unless so specified therein.

Section 3. Quorum. A majority of the members of a committee shall constitute a quorum. The vote of a majority of the members of a committee present at any meeting at which a quorum is present shall be the act of such committee.

8

Source: LEHMAN BROTHERS HOLD. 8-K, November 15, 2007

Section 4. _Record of Proceedings_. Each committee shall keep a record of its acts and proceedings, and shall report the same to the Board of Directors when and as required by the Board of Directors.

Section 5. _Organization, Meetings, Notices_. A committee may hold its meetings at the principal office of the Corporation, or at any other place upon which a majority of the committee may at any time agree. Each committee may make such rules as it may deem expedient for the regulation and carrying on of its meetings and proceedings.

ARTICLE V
OFFICERS

Section 1. _General_. The officers of the Corporation shall be elected by the Board of Directors and shall consist of a Chairman of the Board, a Chief Executive Officer, a Chief Financial Officer, one or more Senior Vice Presidents, one or more Vice Presidents, a Secretary, a Treasurer and a Controller. The Board of Directors, in its discretion, may also elect and specifically identify as officers of the Corporation one or more Vice Chairmen of the Board, a President, one or more Chief Operating Officers, one or more Senior Executive Vice Presidents, one or more Executive Vice Presidents, one or more First Vice Presidents, one or more Assistant Vice Presidents, one or more Assistant Secretaries, one or more Assistant Treasurers and one or more Assistant Controllers as in its judgment may be necessary or desirable. Any number of offices may be held by the same person, unless otherwise prohibited by law, the Certificate of Incorporation or these By-Laws. The officers of the Corporation need not be stockholders or directors of the Corporation. Any office named or provided for in this Article V (including, without limitation, Chairman of the Board, Chief Executive Officer, Chief Financial Officer, Secretary, Treasurer and Controller) may, at any time and from time to time, be held by one or more persons. If an office is held by more than one person, each person holding such office shall serve as a co-officer (with the appropriate corresponding title) and shall have general authority, individually and without the need for any action by any other co-officer, to exercise all the powers of the holder of such office of the Corporation specified in these By-Laws and shall perform such other duties and have such other powers as may be prescribed by the Board of Directors or such other officer specified in this Article V.

Section 2. _Election; Removal; Remuneration_. The Board of Directors at its first meeting held after each Annual Meeting of Stockholders shall elect the officers of the Corporation who shall hold their offices for such terms and shall exercise such powers and perform such duties as shall be determined from time to time by the Board of Directors and may elect additional officers and may fill vacancies among the officers previously elected at any subsequent meeting of the Board of Directors; and all officers of the Corporation shall hold office until their successors are chosen and qualified, or until their earlier resignation or removal. Any officer elected by the Board of Directors may be removed at any time, either for or without cause, by the affirmative vote of a majority of the Board of Directors.

9

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

Section 3. Voting Securities Owned by the Corporation. Powers of attorney, proxies, waivers of notice of meetings, consents and other instruments relating to securities owned by the Corporation may be executed in the name of and on behalf of the Corporation by the Chairman of the Board, Chief Executive Officer, the President, the Secretary or any Chief Operating Officer, Senior Executive Vice President, Executive Vice President, Senior Vice President, First Vice President, Vice President or Assistant Secretary, and any such officer may, in the name and on behalf of the Corporation, take all such action as any such officer may deem advisable to vote in person or by proxy at any meeting of security holders of any corporation, company, partnership or other entity in which the Corporation may own securities, or to execute written consents in lieu thereof, and at any such meeting, or in giving any such consent, shall possess and may exercise any and all rights and powers incident to the ownership of such securities and which, as the owner thereof, the Corporation might have exercised and possessed if present. The Board of Directors may, by resolution, from time to time confer like powers upon any other person or persons.

Section 4. Chairman of the Board. The Chairman of the Board may be, but need not be, a person other than the Chief Executive Officer of the Corporation. The Chairman of the Board may be, but need not be, an officer or employee of the Corporation. The Chairman of the Board shall preside at meetings of the Board of Directors and shall establish agendas for such meetings. In addition, the Chairman of the Board shall assure that matters of significant interest to stockholders and the investment community are addressed by management.

Section 5. Chief Executive Officer. The Chief Executive Officer shall, subject to the direction of the Board of Directors, have general and active control of the affairs and business of the Corporation and general supervision of its officers, officials, employees and agents. The Chief Executive Officer shall preside at all meetings of the stockholders and shall preside at all meetings of the Board of Directors and any committee thereof of which he is a member, unless the Board of Directors or such committee shall have chosen another chairman. The Chief Executive Officer shall see that all orders and resolutions of the Board are carried into effect, and in addition, the Chief Executive Officer shall have all the powers and perform all the duties generally appertaining to the office of the chief executive officer of a corporation. The Chief Executive Officer shall designate the person or persons who shall exercise his powers and perform his duties in his absence or disability and the absence or disability of the President.

Section 6. President. The President shall have such powers and perform such duties as are prescribed by the Chief Executive Officer or the Board of Directors, and in the absence or disability of the Chief Executive Officer, the President shall have the powers and perform the duties of the Chief Executive Officer, except to the extent the Board of Directors shall have otherwise provided. In addition, the President shall have such powers and perform such duties generally appertaining to the office of the president

10

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

of a corporation, except to the extent the Chief Executive Officer or the Board of Directors shall have otherwise provided.

Section 7. Vice Chairmen of the Board. The Vice Chairmen of the Board shall be members of the Board of Directors and shall perform such duties and have such powers as may be prescribed by the Board of Directors, the Chairman of the Board or these By-Laws.

Section 8. Chief Operating Officers. The Chief Operating Officer(s) shall be chief operating officer(s) of the Corporation and shall assist the Chief Executive Officer and the President in the active management of and supervision and direction over the business and affairs of the Corporation, subject, however, to the direction of the Chief Executive Officer and the President and the control of the Board of Directors. In addition, the Chief Operating Officer(s) shall have such powers and perform such duties generally appertaining to the office of the chief operating officer of a corporation, except to the extent the Chief Executive Officer, the President or the Board of Directors shall have otherwise provided, and shall perform such other duties and have such other powers as may be prescribed by the Board of Directors, the Chief Executive Officer or the President or these By-Laws.

Section 9. Senior Executive Vice Presidents. The Senior Executive Vice Presidents of the Corporation shall perform such duties and have such powers as may, from time to time, be assigned to them by these By-Laws, the Board of Directors, the Chairman of the Board, the Chief Executive Officer, the President or a Chief Operating Officer.

Section 10. Executive Vice Presidents. The Executive Vice Presidents of the Corporation shall perform such duties and have such powers as may, from time to time, be assigned to them by these By-Laws, the Board of Directors, the Chairman of the Board, the Chief Executive Officer, the President, a Chief Operating Officer or a Senior Executive Vice President.

Section 11. Senior Vice Presidents. The Senior Vice Presidents of the Corporation shall perform such duties and have such powers as may, from time to time, be assigned to them by these By-Laws, the Board of Directors, the Chairman of the Board, the Chief Executive Officer, the President, a Chief Operating Officer, a Senior Executive Vice President or an Executive Vice President.

Section 11. First Vice Presidents. The First Vice Presidents of the Corporation shall perform such duties and have such powers as may, from time to time, be assigned to them by these By-Laws, the Board of Directors, the Chairman of the Board, the Chief Executive Officer, the President, a Chief Operating Officer, a Senior Executive Vice President, an Executive Vice President or a Senior Vice President.

11

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

Section 12. Vice Presidents. The Vice Presidents of the Corporation shall perform such duties and have such powers as may, from time to time, be assigned to them by these By-Laws, the Board of Directors, the Chairman of the Board, the Chief Executive Officer, the President, a Chief Operating Officer, a Senior Executive Vice President, an Executive Vice President, a Senior Vice President or a First Vice President.

Section 13. Secretary. The Secretary shall attend all meetings of the Board of Directors and of the stockholders and record all votes and the minutes of all proceedings in a book to be kept for that purpose, and shall perform like duties for any committee appointed by the Board of Directors. The Secretary shall keep in safe custody the seal of the Corporation and affix it to any instrument when so authorized by the Board of Directors. The Secretary shall give or cause to be given, notice of all meetings of stockholders and special meetings of the Board of Directors and shall perform generally all the duties usually appertaining to the office of secretary of a corporation and shall perform such other duties and have such other powers as may be prescribed by the Board of Directors or these By-Laws. The Board of Directors may give general authority to any other officer to affix the seal of the Corporation and to attest the affixing by his signature.

Section 14. Assistant Secretaries. The Assistant Secretaries shall be empowered and authorized to perform all of the duties of the Secretary in the absence or disability of the Secretary and shall perform such other duties and have such other powers as may be prescribed by the Board of Directors, the Secretary or these By-Laws.

Section 15. Chief Financial Officer. The Chief Financial Officer shall have responsibility for the administration of the financial affairs of the Corporation and shall exercise supervisory responsibility for the performance of the duties of the Treasurer and the Controller. The Chief Financial Officer shall render to the Board of Directors, at its regular meetings, or when the Board of Directors so requires, an account of all of the transactions effected by the Treasurer and Controller and of the financial condition of the Corporation. The Chief Financial Officer shall generally perform all the duties usually appertaining to the affairs of a chief financial officer of a corporation and shall perform such other duties and have such other powers as may be prescribed by the Board of Directors or these By-Laws.

Section 16. Treasurer. The Treasurer shall have the custody of the corporate funds and securities and shall cause to be kept full and accurate accounts of receipts and disbursements in books belonging to the Corporation and shall deposit all monies and other valuable effects in the name and to the credit of the Corporation in such depositories as may be designated by persons authorized by the Board of Directors. The Treasurer shall disburse the funds of the Corporation as may be ordered by the Board of Directors, taking proper vouchers for such disbursements, and shall render to the Chairman of the Board, the President and the Board of Directors whenever they may require it, an account of all of the transactions effected by the Treasurer and of the financial condition of the Corporation. The Treasurer may be required to give a bond for the faithful discharge of his or her duties. The Treasurer shall generally perform all duties

-12-

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

appertaining to the office of treasurer of a corporation and shall perform such other duties and have such other powers as may be prescribed by the Board of Directors, the Chief Financial Officer or these By-Laws.

Section 17. Assistant Treasurers. The Assistant Treasurers shall be empowered and authorized to perform all the duties of the Treasurer in the absence or disability of the Treasurer and shall perform such other duties and have such other powers as may be prescribed by the Board of Directors, the Treasurer or these By-Laws.

Section 18. Controller. The Controller shall prepare and have the care and custody of the books of account of the Corporation. The Controller shall keep a full and accurate account of all monies, received and paid on account of the Corporation, and shall render a statement of the Controller's accounts whenever the Board of Directors shall require. The Controller shall generally perform all the duties usually appertaining to the affairs of the controller of a corporation and shall perform such other duties and have such other powers as may be prescribed by the Board of Directors, the Chief Financial Officer or these By-Laws. The Controller may be required to give a bond for the faithful discharge of his or her duties.

Section 19. Assistant Controllers. The Assistant Controllers shall in the absence or disability of the Controller perform the duties and exercise the powers of the Controller and shall perform such other duties and have such other powers as may be prescribed by the Board of Directors, the Controller or these By-Laws.

Section 20. Additional Powers and Duties. In addition to the foregoing especially enumerated duties and powers, the several officers of the Corporation shall perform such other duties and exercise such further powers as the Board of Directors may, from time to time, determine or as may be assigned to them by any superior officer.

Section 21. Other Officers. The Board of Directors may designate such other officers having such duties and powers as it may specify from time to time.

## ARTICLE VI
## CAPITAL STOCK

Section 1. Form of Certificate; Uncertificated Shares. The shares of the Corporation shall be represented by certificates, provided that the Board of Directors may provide by resolution or resolutions that some or all of any or all classes or series of its stock may be uncertificated shares. Any such resolution shall not apply to shares represented by a certificate until such certificate is surrendered to the Corporation. Every holder of stock in the Corporation represented by a certificate shall be entitled to have a certificate signed in the name of the Corporation (i) by the Chairman of the Board, any Vice Chairman of the Board, the President or any Vice President and (ii) by the Treasurer or an Assistant Treasurer or the Secretary or an Assistant Secretary, representing the number of shares registered in certificate form. Except as otherwise provided by law or

13

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

these By-Laws, the rights and obligations of the holders of uncertificated shares and the rights and obligations of the holders of certificates representing stock of the same class and series shall be identical.

Section 2. Signatures. Any signature required to be on a certificate may be a facsimile. In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if he were such officer, transfer agent or registrar at the date of issue.

Section 3. Lost, Stolen or Destroyed Certificates. The Board of Directors may direct a new certificate to be issued in place of any certificate theretofore issued by the Corporation alleged to have been lost, stolen or destroyed, upon the making of an affidavit of that fact by the person claiming the certificate of stock to be lost, stolen or destroyed. When authorizing such issue of a new certificate, the Board of Directors may, in its discretion and as a condition precedent to the issuance thereof, require the owner of such lost, stolen or destroyed certificate, or his legal representative, to advertise the same in such manner as the Board of Directors shall require and/or to give the Corporation a bond in such sum as it may direct as indemnity against any claim that may be made against the Corporation with respect to the certificate alleged to have been lost, stolen or destroyed.

Section 4. Transfers. Stock of the Corporation shall be transferable in the manner prescribed by law and in these By-Laws. Transfers of stock shall be made on the books of the Corporation only by the holder of record or by such person's attorney duly authorized, and upon the surrender of properly endorsed certificates for a like number of shares (or, with respect to uncertificated shares, by delivery of duly executed instructions or in any other manner permitted by applicable law).

Section 5. Record Date. In order that the Corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof, or entitled to express consent to corporate action, or entitled to receive payment of any dividend or other distribution or allotment of any rights, or entitled to exercise any rights in respect of any change, conversion or exchange of stock or for the purpose of any other lawful action, the Board of Directors may fix, in advance, a record date, which shall not be more than sixty (60) days nor less than ten (10) days before the date of such meeting, nor more than sixty (60) days prior to any other action. A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; provided, however, that the Board of Directors may fix a new record date for the adjourned meeting.

Section 6. Beneficial Owners. The Corporation shall be entitled to recognize the exclusive right of the person registered on its books as the owner of a share to receive dividends and to vote as such owner, and to hold liable for calls and assessments a person

14

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

registered on its books as the owner of shares, and shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person, whether or not it shall have express or other notice thereof, except as otherwise provided by law.

Section 7.Dividends. Subject to the provisions of the Certificate of Incorporation or applicable law, dividends upon the capital stock of the Corporation, if any, may be declared by the Board of Directors at any regular or special meeting, and may be paid in cash, in property, or in shares of capital stock. Before payment of any dividend, there may be set aside out of any funds of the Corporation available for dividends such sum or sums as the Board of Directors from time to time, in its absolute discretion, deems proper as a reserve or reserves to meet contingencies, or for equalizing dividends, or for repairing or maintaining any property of the Corporation or for any proper purpose, and the Board of Directors may modify or abolish any such reserve.

ARTICLE VII
INDEMNIFICATION

Section 1.Indemnification Respecting Third Party Claims. The Corporation, to the full extent and in a manner permitted by Delaware law as in effect from time to time, shall indemnify, in accordance with the provisions of this Article, any person (including the heirs, executors, administrators or estate of any such person) who was or is made a party to or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding (including any appeal thereof), whether civil, criminal, administrative, regulatory or investigative in nature (other than an action by or in the right of the Corporation or by any corporation, limited liability company, partnership, joint venture, trust, employee benefit plan or other enterprise of which the Corporation owns, directly or indirectly through one or more other entities, a majority of the voting power or otherwise possesses a similar degree of control), by reason of the fact that such person is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a director, officer, member, manager, partner, trustee, fiduciary, employee or agent (a "Subsidiary Officer") of another corporation, limited liability company, partnership, joint venture, trust, employee benefit plan or other enterprise (any such entity for which a Subsidiary Officer so serves, an "Associated Entity"), against expenses (including attorneys' fees and disbursements), costs, judgments, fines, penalties and amounts paid in settlement actually and reasonably incurred by such person in connection with such action, suit or proceeding if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful; provided, however, that (i) the Corporation shall not be obligated to indemnify a person who is or was a director, officer employee or agent of the Corporation or a Subsidiary Officer of an Associated Entity against expenses incurred in connection with an action, suit, proceeding or investigation to which such person is threatened to be made a party but does not become a party unless the incurring of such expenses was authorized by or under the

15

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

authority of the Board of Directors and (ii) the Corporation shall not be obligated to indemnify against any amount paid in settlement unless the Board of Directors has consented to such settlement. The termination of any action, suit or proceeding by judgment, order, settlement or conviction or upon a plea of *nolo contendere* or its equivalent shall not, of itself, create a presumption that the person did not act in good faith and in a manner which such person reasonably believed to be in or not opposed to the best interests of the Corporation, and, with respect to any criminal action or proceeding, that such person had reasonable cause to believe that his conduct was unlawful. Notwithstanding anything to the contrary in the foregoing provisions of this Section 1, a person shall not be entitled, as a matter of right, to indemnification pursuant to this Section 1 against costs or expenses incurred in connection with any action, suit or proceeding commenced by such person against the Corporation or any Associated Entity or any person who is or was a director, officer, fiduciary, employee or agent of the Corporation or a Subsidiary Officer of any Associated Entity (including, without limitation, any action, suit or proceeding commenced by such person to enforce such person's rights under this Article VII, unless and only to the extent that such person is successful on the merits of such claim), but such indemnification may be provided by the Corporation in a specific case as permitted by Section 7 below in this Article.

Section 2. Indemnification Respecting Derivative Claims. The Corporation, to the full extent and in a manner permitted by Delaware law as in effect from time to time, shall indemnify, in accordance with the provisions of this Article, any person (including the heirs, executors, administrators or estate of any such person) who was or is made a party to or is threatened to be made a party to any threatened, pending or completed action or suit (including any appeal thereof) brought in the right of the Corporation to procure a judgment in its favor by reason of the fact that such person is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a Subsidiary Officer of an Associated Entity, against expenses (including attorneys' fees and disbursements) and costs actually and reasonably incurred by such person in connection with the defense or settlement of such action or suit if such person acted in good faith and in a manner such person reasonably believed to be in or not opposed to the best interests of the Corporation, except that no indemnification shall be made in respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the Corporation unless, and only to the extent that, the Delaware Court of Chancery or the court in which such action or suit was brought shall determine that, despite the adjudication of liability but in view of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for such expenses and costs as the Court of Chancery or such other court shall deem proper; provided, however, that the Corporation shall not be obligated to indemnify a director, officer, employee or agent of the Corporation or a Subsidiary Officer of an Associated Entity against expenses incurred in connection with an action or suit to which such person is threatened to be made a party but does not become a party unless the incurrence of such expenses was authorized by or under the authority of the Board of Directors. Notwithstanding anything to the contrary in the foregoing provisions of this Section 2, a person shall not be entitled, as a matter of right, to indemnification pursuant to this Section 2 against costs and expenses incurred in

16

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

connection with any action or suit in the right of the Corporation commenced by such person, but such indemnification may be provided by the Corporation in any specific case as permitted by Section 7 below in this Article.

Section 3. Determination of Entitlement to Indemnification. Any indemnification to be provided under either of Section 1 or 2 above in this Article (unless ordered by a court of competent jurisdiction) shall be made by the Corporation only as authorized in the specific case upon a determination that indemnification is proper under the circumstances because the person to be indemnified had met the applicable standard of conduct set forth in such section of this Article. Such determination shall be made, with respect to a person who is a director or officer of the Corporation at the time of such determination, (i) by a majority vote of the directors who are not parties to the action, suit or proceeding in respect of which indemnification is sought, even though less than a quorum, or (ii) by majority vote of the members of a committee composed of at least two directors each of whom is not a party to such action, suit or proceeding, designated by majority vote of directors who are not parties to such action, suit or proceeding, even though less than a quorum, or (iii) if there are no directors who are not parties to such action, suit or proceeding, or if such directors so direct, by independent legal counsel in a written opinion, or (iv) by action of the stockholders taken as permitted by law and these By-Laws. Such determination shall be made, with respect to any other person, by such officer or officers of the Corporation as the Board of Directors or the Executive Committee (if any) of the Board may designate, in accordance with any procedures that the Board of Directors, the Executive Committee or such designated officer or officers may determine, or, if any such officer or officers have not been so designated, by the Chief Legal Officer or the General Counsel of the Corporation. In the event a request for indemnification is made by any person referred to in Section 1 or 2 above in this Article, the Corporation shall use its reasonable best efforts to cause such determination to be made not later than sixty (60) days after such request is made after the final disposition of such action, suit or proceeding.

Section 4. Right to Indemnification upon Successful Defense and for Service as a Witness. (a) Notwithstanding the other provisions of this Article, to the extent that a present or former director or officer has been successful on the merits or otherwise in defense of any action, suit or proceeding referred to in either of Section 1 or 2 above in this Article, or in defense of any claim, issue or matter therein, such person shall be indemnified against expenses (including attorneys' fees and disbursements) and costs actually and reasonably incurred by such person in connection therewith.

(b) To the extent any person who is or was a director, officer, employee or agent of the Corporation or a Subsidiary Officer of an Associated Entity has served or prepared to serve as a witness in, but is not a party to, any action, suit or proceeding (whether civil, criminal, administrative, regulatory or investigative in nature), including any investigation by any legislative or regulatory body or by any securities or commodities exchange of which the Corporation or an Associated Entity is a member or to the jurisdiction of which it is subject, by reason of his or her services as a director, officer, employee or agent of

17

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

the Corporation, or his or her service as a Subsidiary Officer of an Associated Entity (assuming such person is or was serving at the request of the Corporation as a Subsidiary Officer of such Associated Entity), the Corporation may indemnify such person against expenses (including attorneys' fees and disbursements) and out-of-pocket costs actually and reasonably incurred by such person in connection therewith and, if the Corporation has determined to so indemnify such person, shall use its reasonable best efforts to provide such indemnity within sixty (60) days after receipt by the Corporation from such person of a statement requesting such indemnification, averring such service and reasonably evidencing such expenses and costs; it being understood, however, that the Corporation shall have no obligation under this Article to compensate such person for such person's time or efforts so expended.

Section 5.Advance of Expenses. (a)  Expenses and costs incurred by any present or former director or officer of the Corporation  in defending a civil, criminal, administrative, regulatory or investigative action, suit or proceeding shall, to the extent permitted by law, be paid by the Corporation in advance of the final disposition of such action, suit or proceeding upon receipt of an undertaking in writing by or on behalf of such person to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified in respect of such costs and expenses by the Corporation as authorized by this Article.

(b). Expenses and costs incurred by any other person referred to in Section 1 or 2 above in this Article in defending a civil, criminal, administrative, regulatory or investigative action, suit or proceeding may be paid by the Corporation in advance of the final disposition of such action, suit or proceeding as authorized by or under the authority of the Board of Directors upon receipt of an undertaking in writing by or on behalf of such person to repay such amount if it shall ultimately be determined that such person is not entitled to be indemnified by the Corporation in respect of such costs and expenses as authorized by this Article and subject to any limitations or qualifications provided by or under the authority of the Board of Directors.

Section 6.Notice of Action; Assumption of the Defense. Promptly after receipt by any person referred to in Section 1, 2 or 5 above in this Article of notice of the commencement of any action, suit or proceeding in respect of which indemnification or advancement of expenses may be sought under any such Section, such person (the "Indemnitee") shall notify the Corporation thereof. The Corporation shall be entitled to participate in the defense of any such action, suit or proceeding and, to the extent that it may wish, except in the case of a criminal action or proceeding, to assume the defense thereof with counsel chosen by it. If the Corporation shall have notified the Indemnitee of its election so to assume the defense, it shall be a condition of any further obligation of the Corporation under such Sections to indemnify the Indemnitee with respect to such action, suit or proceeding that the Indemnitee shall have provided an undertaking in writing to repay all legal or other costs and expenses subsequently incurred by the Corporation in conducting such defense if it shall ultimately be determined that the Indemnitee is not entitled to be indemnified in respect of the costs and expenses of such action, suit or

18

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

proceeding by the Corporation as authorized by this Article. Notwithstanding anything in this Article to the contrary, after the Corporation shall have notified the Indemnitee of its election so to assume the defense, the Corporation shall not be liable under such Sections for any legal or other costs or expenses subsequently incurred by the Indemnitee in connection with the defense of such action, suit or proceeding, unless (a) the parties thereto include both (i) the Corporation and the Indemnitee, or (ii) the Indemnitee and other persons who may be entitled to seek indemnification or advancement of expenses under any such Section and with respect to whom the Corporation shall have elected to assume the defense, and (b) the counsel chosen by the Corporation to conduct the defense shall have determined, in their sole discretion, that, under applicable standards of professional conduct, a conflict of interest exists that would prevent them from representing both (i) the Corporation and the Indemnitee, or (ii) the Indemnitee and such other persons, as the case may be, in which case the Indemnitee may retain separate counsel at the expense of the Corporation to the extent provided in such Sections and Section 3 above in this Article.

Section 7. Indemnification Not Exclusive. The provision of indemnification to or the advancement of expenses and costs to any person under this Article, or the entitlement of any person to indemnification or advancement of expenses and costs under this Article, shall not limit or restrict in any way the power of the Corporation to indemnify or advance expenses and costs to such person in any other way permitted by law or be deemed exclusive of, or invalidate, any right to which any person seeking indemnification or advancement of expenses and costs may be entitled under any law, agreement, vote of stockholders or disinterested directors or otherwise, both as to action in such person's capacity as an officer, director, employee or agent of the Corporation or a Subsidiary Officer of an Associated Entity and as to action in any other capacity.

Section 8. Corporate Obligations; Reliance. The provisions of Sections 1, 2, 4(a) and 5(a) above of this Article shall be deemed to create a binding obligation on the part of the Corporation to the directors, officers, employees and agents of the Corporation, and the persons who are serving at the request of the Corporation as Subsidiary Officers of Associated Entities, on the effective date of this Article and persons thereafter elected as directors and officers or retained as employees or agents, or serving at the request of the Corporation as Subsidiary Officers of Associated Entities (including persons who served as directors, officers, employees and agents, or served at the request of the Corporation as Subsidiary Officers of Associated Entities, on or after such date but who are no longer so serving at the time they present claims for advancement of expenses or indemnity), and such persons in acting in their capacities as directors, officers, employees or agents of the Corporation, or serving at the request of the Corporation as Subsidiary Officers of any Associated Entity, shall be entitled to rely on such provisions of this Article.

Section 9. Successors. The right, if any, of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a Subsidiary Officer of an Associated Entity, to indemnification or advancement of expenses under Sections 1 through 8 above in this Article shall continue after he shall have ceased to be a director, officer, employee or agent or a Subsidiary

19

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

Officer of an Associated Entity and shall inure to the benefit of the heirs, distributees, executors, administrators and other legal representatives of such person.

Section 10. Insurance. The Corporation may purchase and maintain insurance on behalf of any person who is or was a director, officer, employee or agent of the Corporation, or is or was serving at the request of the Corporation as a Subsidiary Officer of any Associated Entity, against any liability asserted against such person and incurred by such person in any such capacity, or arising out of such person's status as such, whether or not the Corporation would have the power to indemnify such person against such liability under the provisions of this Article or applicable law.

Section 11. Definitions of Certain Terms. For purposes of this Article, references to "fines" shall include any excise taxes assessed on a person with respect to any employee benefit plan; references to "serving at the request of the Corporation" shall include any service as a director, officer, employee or agent of the Corporation or as a Subsidiary Officer of any Associated Entity which service imposes duties on, or involves services by, such person with respect to any employee benefit plan, its participants, or beneficiaries; and a person who acted in good faith and in a manner such person reasonably believed to be in the interest of the participants and beneficiaries of an employee benefit plan shall be deemed to have acted in a manner "not opposed to the best interests of the Corporation" as referred to in this Article.

### ARTICLE VIII
### GENERAL

Section 1. Fiscal Year. The fiscal year of the Corporation shall be such date as shall be fixed by resolution of the Board of Directors from time to time.

Section 2. Corporate Seal. The corporate seal shall have inscribed thereon the name of the Corporation, the year of its organization and the words "Corporate Seal, Delaware" The seal may be used by causing it or a facsimile thereof to be impressed or affixed or reproduced or otherwise upon any paper, certificate or document.

Section 3. Disbursements. All checks, drafts or demands for money out of the funds of the Corporation and all notes and other evidences of indebtedness of the Corporation shall be signed by such officer or officers or such other person or persons as the Board of Directors may from time to time designate.

Section 4. Amendments. These By-Laws may be altered, amended or repealed, in whole or in part, or new By-Laws may be adopted by the stockholders or by the Board of Directors at any meeting thereof; provided, however, that notice of such alteration, amendment, repeal or adoption of new By-Laws shall be contained in the notice of such meeting of stockholders or in a notice of such meeting of the Board of Directors, as the case may be. Unless a higher percentage is required by law or by the Certificate of Incorporation as to any matter which is the subject of these By-Laws, all such

20

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

amendments must be approved by either the affirmative vote of holders of shares of capital stock issued and outstanding entitled to vote thereon representing at least a majority of the votes entitled to be cast thereon or by a majority of the entire Board of Directors then in office.

Section 5.Definitions. As used in this Article and in these By-Laws generally, the term "entire Board of Directors" means the total number of directors which the Corporation would have if there were no vacancies.

21

Created by 10KWizard   www.10KWizard.com

Source: LEHMAN BROTHERS HOLD, 8-K, November 15, 2007

FedEx Ship Manager - Print Your Label(s)                                  Page 1 of 1



From:  Origin ID: QNYA  (212) 758-1111
Eloise Hirsch
ALLEN AND OVERY, LLP
1221 6TH AVENUE
21ST FLOOR
NEW YORK, NY 10020

Ship Date: 17SEP09
ActWgt: 1.0 LB
CAD: 559987B/INET9060
Account#: S *********

Delivery Address Bar Code

SHIP TO: (646) 282-2400     BILL SENDER
**Lehman Bros. Holding Claims Process**
**Epiq Bankruptcy Solutions, LLC**
**757 3RD AVE**
**3RD FLOOR**
**NEW YORK, NY 10017**

Ref #  90715-00001
Invoice #
PO #
Dept #

SEP 18 2009



TRK#  7979 4289 3491
0201

FRI - 18SEP
PRIORITY OVERNIGHT

10017
NY-US
EWR

**EB OGSA**

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.
Global Home | Small Business Center | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Security & Privacy | Site
This site is protected by copyright and trademark laws under US and International law. All rights reserved.© 1995- 2009 FedEx