Hearing Date and Time: September 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Andrew J. Levander
Kathleen N. Massey
Adam J. Wasserman

Attorneys for Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman and John D. Macomber

[*Also filed by counsel for Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Erin Callan, Ian T. Lowitt, David Goldfarb, Herbert H. McDade, III, Thomas Russo, and Mark Walsh*]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
------------------------------------------------------------- x

**INSURED PERSONS' REPLY IN SUPPORT OF MOTION, PURSUANT TO
SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER
MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT
PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY
<u>TO SETTLE THE NEW JERSEY ACTION</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Erin Callan, Ian T. Lowitt, David Goldfarb, Herbert H. McDade, III, Thomas Russo, Mark Walsh, Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman and John D. Macomber (collectively, the "Insured

Persons"), former and current officers and directors of Lehman Brothers Holdings Inc. ("LBHI") and/or its affiliated debtors in the above-referenced chapter 11 cases (the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this reply to the limited objection of Essex Equity Holdings USA, LLC ("Essex Plaintiff") (dated September 7, 2011, [D.E. 19757]) to the Insured Persons' motion modifying the automatic stay to allow payment under the directors and officers insurance policies ("D&O Policies") to settle *The State of New Jersey, Department of Treasury, Division of Investment v. Richard S. Fuld, Jr., et al.*, No. 10-cv-05201-LAK (S.D.N.Y) (the "New Jersey Action") (the "Motion") [D.E. 19480].

1. On August 24, 2011, the Insured Persons filed their motion seeking entry of an order granting relief from the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent that it applies, to allow Excess Policy Insurers to pay the settlement amount in the New Jersey Action from the available proceeds of the Excess Insurance Policies in accordance with the terms of an agreement for settlement between the State of New Jersey, Department of Treasury and the Insured Persons, subject to the Excess Insurance Policies. In response, only one party—the Essex Plaintiff—filed a limited objection, to which this responds.

2. As noted in the Insured Persons' Motion, on ***nine*** prior occasions, the Court has modified the automatic stay provided for under section 362(a) of the Bankruptcy Code, to remove any impediments to payment by certain of the Debtors' insurers of directors and officers coverage of a judgment, settlement amounts or defense costs or fees that current or former directors, officers, and employees of the Debtors incurred or were incurring as defendants in ongoing lawsuits, arbitration proceedings, and regulatory or other investigations. *See* Motion at ¶ 1 & n.1. Indeed, just in July of this year, this Court observed that such relief "has become a

2

fairly standard protocol in these cases and other large Chapter 11 cases." *See* Excerpts of transcript of hearing on July 20, 2011 (attached hereto Exhibit A) at 41:21-22. The instant motion is no different from these prior motions and the result should be no different now. The Essex Plaintiff, at this late date, having acquiesced to each of the prior nine prior modifications (including the last modification in connection with the payment of the $15 million U.S. Air arbitration award), now objects to the relief sought by this motion. This objection is unmeritorious.

        3.        The Essex Plaintiff objects to the motion on a "limited" basis, claiming that there is insufficient evidence presented "that the intended proceeds to pay the settlement of the New Jersey Action are properly attributed to the 2007-08 Policy." Essex Obj. at ¶ 1.

        4.        As an initial matter, the Essex Plaintiff does not have any standing to make its limited objection. In January 2008, the Essex Plaintiff initiated a FINRA arbitration proceeding against Lehman Brothers, Inc. ("LBI") and LBI's directors and officers. *Id.* at ¶¶ 4-5, 10. Notably, however, the Essex Plaintiff does not—and cannot—assert that it has obtained a judgment in its favor in that case, reached a settlement with any defendants, or is otherwise presently entitled to any proceeds from the D&O Policies. As a consequence, just as in the State of New Jersey's objection to a comfort order motion filed by defendants in the U.S. Air Arbitration (the "U.S. Air Comfort Order"), which the Court rejected in July, the Essex Plaintiff is but merely "one representative of . . . a whole host of third parties who may have claims that could be a claim against proceeds of an insurance policy" who is without standing to object. Ex. A at 42:18-22.

        5.        Moreover, there is no dispute—other than the Essex Plaintiff's contrived question—that the settlement of the New Jersey Action is covered by the 2007-08 Policy.

3

Notably, in response to the Insured Person's motion, neither Debtors, nor the insurers, nor anyone else—including the Essex Plaintiff—has claimed that this settlement is not covered under the 2007-08 Policy. Indeed, essentially the same objection was raised in the objection to the U.S. Air Comfort Order (claiming that "there's no demonstration of coverage for this [the U.S. Air award] at all"), which was rejected by this Court. *See* Ex. A at 30:5-11. Consequently, the Essex Plaintiff's objection is baseless.

## Conclusion

Accordingly, for the aforementioned reasons and those discussed in our Motion, the Insured Persons respectfully request that the Court grant the relief requested in their Motion and herein, grant the New Jersey Action comfort order, and such other and further relief as is just and proper.

Dated: September 11, 2011
     New York, New York

                                       */s/ Adam J. Wasserman*
                                       DECHERT LLP
                                       Andrew J. Levander
                                       Kathleen N. Massey
                                       Adam J. Wasserman

                                       1095 Avenue of the Americas
                                       New York, New York 10036
                                       Telephone: (212) 698-3500
                                       Facsimile: (212) 698-8099

                                       Attorneys for Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman and John Macomber

*/s/ Patricia M. Hynes*
ALLEN & OVERY LLP
Patricia M. Hynes
Todd S. Fishman
Molly C. Spieczny

1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399

Attorneys for Richard S. Fuld, Jr.


*/s/ Jeffrey J. Greenbaum*
SILLS CUMMIS & GROSS, P.C.
Jeffrey J. Greenbaum
Katherine M. Lieb

30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 643-7000
Facsimile: (212) 643-6500

Attorneys for Christopher M. O'Meara,
Joseph M. Gregory, Ian T. Lowitt, David
Goldfarb, Herbert H. McDade, III, and
Thomas Russo


*/s/ Mark E. Davidson*
PROSKAUER ROSE
Robert J. Cleary
Mark E. Davidson
Seth David Fier

11 Times Square
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Attorneys for Erin Callan

*/s/ Laurie F. Richardson*
SPEARS & IMES LLP
David Spears
Laurie F. Richardson

51 Madison Avenue
New York, New York 10010
Telephone: (212) 213-6996
Facsimile: (212) 213-0849

Attorneys for Mark Walsh

14217539.3.LITIGATION