HEARING DATE AND TIME: October 27, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 PM (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' ONE HUNDRED AND EIGHTY NINTH OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JENNIFER N. GANESH, AT 212-310-8644.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'**
**ONE HUNDRED AND EIGHTY NINTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY REPO CLAIMS)**

**PLEASE TAKE NOTICE** that on September 12, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (collectively, the "Debtors"), filed their one hundred and eighty ninth omnibus objection to claims (the "Debtors' One Hundred and Eighty Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred and Eighty

US_ACTIVE:\43802028\03\58399.0003

Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 27, 2011 at 10:00 AM (prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred and Eighty Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **October 13, 2011 at 4:00**

**PM (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred and Eighty Ninth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred and Eighty Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 12, 2011
      New York, New York

                              /s/ Robert J. Lemons
                              Robert J. Lemons

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

HEARING DATE AND TIME: October 27, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 PM (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

**DEBTORS' ONE HUNDRED AND EIGHTY NINTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY REPO CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED AND EIGHTY NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JENNIFER N. GANESH, AT 212-310-8644.**

---

1

US_ACTIVE:\43802028\03\58399.0003

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

1. The Debtors file this omnibus objection to claims (the "One Hundred And Eighty Ninth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge the claims identified on Exhibit A (the "No Liability Repo Claims") on the grounds that such claims have been incorrectly asserted against Lehman Commercial Paper, Inc. ("LCPI") and LCPI is not liable for obligations underlying such claims.

2. The Debtors reserve all their rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

2

1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI. A trustee appointed under SIPA is administering LBI's estate.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The No Liability Repo Claims
Should Be Disallowed and Expunged**

9. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the

3

burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10. The No Liability Repo Claims were filed by claimants (the "Claimants") who are a party to certain master repurchase agreements (the "Master Repo Agreements") with Lehman Brothers Inc. ("LBI") and LCPI. Under the Master Repo Agreements, one party, as seller, sold securities or other assets to the other party, with a simultaneous agreement by the seller to repurchase the same assets at a certain date in the future (the "Repo Transactions"). The terms of specific transactions entered into under the Master Repo Agreements, including the identification of the Lehman party obligated under each transaction, were either set forth (i) on certain annexes or confirmations to certain of the Master Repo Agreements, or (ii) in the Debtors' books and records. LBI entered into a number of these Repo Transactions with the Claimants where LBI acted as both the seller and the buyer. The Claimants allege that the No Liability Repo Claims arose from such Repo Transactions and have incorrectly asserted their claims against LCPI. While LCPI is a party to the Repo Agreements, all Repo Transactions occurred solely with LBI, therefore, LCPI is not liable for any claims arising under the Repo Agreements, and there is no legal basis for the No Liability Repo Claims.

11. Unless the No Liability Repo Claims are disallowed and expunged, the potential exists for recoveries by parties that do not hold valid claims against the Debtors' estates. Thus, the Debtors request that the Court enter an order disallowing and expunging the No Liability Repo Claims listed on Exhibit A.

4

**Reservation of Rights**

12. The Debtors reserve all rights to object on any basis to any No Liability Claim as to which the relief requested herein is not granted.

**Notice**

13. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this objection, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], on: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: September 12, 2011
     New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

5

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 189: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | AMERICAN HOME MORTGAGE INVESTMENT CORP.<br>C/O PATRICK A. JACKSON<br>YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>1000 WEST STREET, 17TH FLOOR<br>WILMINGTON, DE 19801 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 09/18/2009 | 16292 | $18,000,000.00* | No Liability Claim |
| 2 | CSP II USIS HOLDINGS L.P.<br>C/O THE CARLYLE GROUP<br>ATTN: J. BECZAK<br>520 MADISON AVENUE, 39TH FLOOR<br>NEW YORK, NY 10022 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 09/18/2009 | 16197 | $14,629,908.16 | No Liability Claim |
| 3 | DRAKE LOW VOLATILITY MASTER FUND, LTD., THE<br>ATTN: STEVEN LUTTRELL<br>954 LEXINGTON AVE #149<br>NEW YORK, NY 10021-5055 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 07/09/2009 | 5232 | $2,039,100.70* | No Liability Claim |
| 4 | DRAKE OFFSHORE MASTER FUND, LTD, THE<br>ATTN: STEVEN LUTTRELL<br>954 LEXINGTON AVE #149<br>NEW YORK, NY 10021-5055 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 07/09/2009 | 5230 | $14,072,725.86* | No Liability Claim |
| 5 | HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P.<br>C/O HIGHLAND CAPITAL MANAGEMENT, L.P.<br>13455 NOEL ROAD, SUITE 800<br>DALLAS, TX 75240 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 03/02/2009 | 3136 | $327,021.70 | No Liability Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 189: EXHIBIT A – NO LIABILITY CLAIMS**

|   | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | ICP STRUCTURED CREDIT INCOME MASTER FUND LTD<br>C/O INSTITUTIONAL CREDIT PARTNERS LLC<br>ATTN: PETER W GAUDET, CHIEF OPERATING OFFICER<br>360 MADISON AVENUE, 10TH FLOOR<br>NEW YORK, NY 10017 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 09/22/2009 | 32518 | $7,843,471.56* | No Liability Claim |
| 7 | LYXOR ASSET MANAGEMENT S.A. AS SUB-MANAGER OF THE LYXOR/ELLINGTON FUND LIMITED<br>ATTN: EMILIEN SIMOES<br>TOURS SOCIETE GENERALE<br>17 COURS VALMY<br>PARIS - LA DEFENSE CEDEX, 92987<br>FRANCE | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 09/21/2009 | 26240 | $11,227,001.80* | No Liability Claim |
| 8 | MARQUETTE FINANCIAL COMPANIES<br>C/O KATHI ROGERS<br>60 SOUTH SIXTH STREET, SUITE 3900<br>MINNEAPOLIS, MN 55402 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 09/21/2009 | 22949 | $392,038.00 | No Liability Claim |
| 9 | POPULAR SECURITIES INC.<br>C/O K&L GATES LLP<br>ATTN: JEFFREY N. RICH, ESQ. AND ERIC T. MOSER, ESQ<br>599 LEXINGTON AVENUE<br>NEW YORK, NY 10022 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 09/21/2009 | 22161 | $146,739.20 | No Liability Claim |
|   |   |   |   |   | TOTAL | $68,678,006.98 |   |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re : Chapter 11 Case No.
 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
 :
 Debtors. : (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' ONE HUNDRED AND EIGHTY NINTH
OBJECTION TO CLAIMS (NO LIABILITY REPO CLAIMS)**

Upon the one hundred and eighty ninth omnibus objection to claims, dated September 12, 2011 (the "Debtors' One Hundred And Eighty Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Liability Repo Claims on the basis that the Debtors have no liability for such claims, all as more fully described in the Debtors' One Hundred And Eighty Ninth Omnibus Objection to Claims; and due and proper notice of the Debtors' One Hundred And Eighty Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Debtors' One Hundred And Eighty Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' One Hundred And Eighty Ninth Omnibus Objection to

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' One Hundred And Eighty Ninth Omnibus Objection to Claims.

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' One Hundred And Eighty Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the One Hundred And Eighty Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
       New York, New York