UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LEHMAN BROTHERS HOLDINGS, INC.,

      Debtor.

-------------------------------------------------------------------x

U.S. BANK NATIONAL ASSOCIATION,

      Appellant,

-v-                                                      No. 11 Civ. 2720 (LTS)

LEHMAN BROTHERS HOLDINGS, INC. et al.,

      Appellees.

-------------------------------------------------------------------x

[Stamp: USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 06 SEP 2011]

## ORDER

      U.S. Bank National Association ("Appellant") appeals from a March 3, 2011, Order ("the SPV Order") entered by the United States Bankruptcy Court for the Southern District of New York (Peck, B.J.), which establishes procedures in aid of the resolution of over 50 adversarial proceedings brought by the Lehman Brothers Holdings, Inc. ("Debtors" or "Appellees"), against various special purpose vehicles for which the Appellant is the trustee. The SPV Order does not resolve any of the Debtor's claims but rather establishes certain procedures, including procedures for the selection of an "Authorized Designee" with settlement authority to participate in mediation on behalf of each of the special purpose vehicles. The thrust of Appellant's argument is that the SPV Order is unreasonable, as the special purpose vehicles' governing documents make it difficult, if not impossible, to comply with the order. Appellees

have filed a motion to dismiss the appeal for lack of jurisdiction, asserting that the SPV Order is not a final or collateral order and is not appropriate for an interlocutory appeal.

The SPV Order is Not a Final Order.

"[D]istrict courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . ." 28 U.S.C.A. § 158(a)(1) (West 2006). To be "final," an order "must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." Official Comm. Of Subordinated Bondholders v. Integrated Res., 3 F.3d 49, 53 (2d Cir. 1993). The SPV Order establishes a framework within which the parties can begin to work toward a resolution of their claims. It does not resolve all of the issues pertaining to a discrete claim and does not resolve issues as to the proper relief. The SPV Order is, thus, not a final order.

The SPV Order is Not a Collateral Order

An order may be appealed pursuant to the collateral order doctrine where the order "conclusively determine[s] the disputed question, resolve[s] an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment." Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 375 (1981); see also In re Adelphia, 333 B.R. 649, 657-58 (S.D.N.Y. 2005) (invoking the collateral order doctrine in the context of an appeal to the district court from an order of the bankruptcy court); In re Worldcom, M-47 (LTS), 2005 WL 1208519, at *1 (S.D.N.Y. May 19, 2005) (same). Here, the question of who will represent various special purpose vehicles remains unresolved, and the parties have not alleged that any specific representative is illegitimate or that sanctions have been unfairly or illegally imposed. As this question has not been conclusively determined, the SPV Order is not appealable as a collateral order.

The SPV Order is Not Otherwise Appropriate for an Interlocutory Appeal.

A district court may grant a party leave to appeal an order of the bankruptcy court if the order being appealed "(1) involve[s] a controlling question of law (2) over which there is substantial ground for difference of opinion," and if "(3) an immediate appeal would materially advance the ultimate termination of the litigation." In re Adelphia Communications Corp., 333 B.R. 649, 658 (S.D.N.Y. 2005). "'A controlling question of law' must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." In re Worldcom, 2003 WL 21498904 at *10 (some internal quotation marks omitted). The order being appealed created procedures for establishing a representative for various special purpose vehicles, and the Bankruptcy Judge adopted these procedures as a matter of discretion. A party's failure to comply with the terms of the order could result in sanctions but sanctions are not automatic. It is not clear at this point what consequences a party would face if it attempted, in good faith, to comply with the order but was unable, despite its best efforts, to designate a representative. Thus, the questions raised are administrative and procedural and not controlling questions of pure law.

For the foregoing reasons, the appeal is dismissed for lack of jurisdiction. The Clerk of the Court is respectfully requested to close this matter.

SO ORDERED.

Dated: New York, New York
September 6, 2011

_____
LAURA TAYLOR SWAIN
United States District Judge