---

**THIS OBJECTION SEEKS TO PARTIALLY ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'**
**ONE HUNDRED NINETY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (PARTIALLY SETTLED GUARANTEE CLAIMS)**

PLEASE TAKE NOTICE that on September 12, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their one hundred ninety-second

omnibus objection to claims (the "Debtors' One Hundred Ninety-Second Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' One Hundred Ninety-Second Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 27, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Ninety-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **October 13, 2011 at 4:00**

**p.m. (Eastern Time)** (the "Response Deadline").

        **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' One Hundred Ninety-Second Omnibus Objection to Claims

or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' One Hundred Ninety-Second Omnibus Objection to Claims, which order may be

entered with no further notice or opportunity to be heard offered to any party.

Dated: September 12, 2011
      New York, New York

                         /s/ Robert J. Lemons
                         Robert J. Lemons

                         WEIL, GOTSHAL & MANGES LLP
                         767 Fifth Avenue
                         New York, New York 10153
                         Telephone: (212) 310-8000
                         Facsimile: (212) 310-8007

                         Attorneys for Debtors
                         and Debtors in Possession

US_ACTIVE:\43802720\01\58399.0008

HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                          :        **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                               :
                          **Debtors.**         :        **(Jointly Administered)**
---------------------------------------------------------------x

**DEBTORS' ONE HUNDRED NINETY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (PARTIALLY SETTLED GUARANTEE CLAIMS)**

---

**THIS OBJECTION SEEKS TO PARTIALLY ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

## **Relief Requested**

1.      The Debtors file this one hundred ninety-second omnibus objection to claims (the "One Hundred Ninety-Second Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking to allow, in part, the claims listed on Exhibit A annexed hereto.

2.      The Debtors have determined that portions of the proofs of claim listed on Exhibit A (collectively, the "Partially Settled Guarantee Claims") should be partially allowed in accordance with the parties' settlement agreements.  Exhibit A sets forth which portion of the Partially Settled Guarantee Claims will be allowed, as well as which portion of the Partially Settled Guarantee Claims remains unresolved.

3.      The Partially Settled Guarantee Claims assert, in part, guarantee claims against LBHI for derivatives contracts that the relevant counterparty entered into with Lehman Brothers Special Financing, Inc. ("LBSF").  Pursuant to this Court's order approving procedures for the settlement or assumption and assignment of prepetition derivatives contracts (the "December Order") [Docket No. 2257], claimants and the

2

Debtors have negotiated settlements of disputes related to derivatives claims, including claim amounts and classifications.  These settlements are reflected in executed termination agreements among the relevant parties or have been agreed to by the relevant parties in other writings.  The portion of each Partially Settled Guarantee Claim that relates to LBHI's alleged guarantee of LBSF's derivatives contracts (the "LBSF Portion") has been settled.  In accordance with the parties' settlement agreements, the Debtors request that the Court allow the LBSF Portion of each Partially Settled Guarantee Claim to reflect the amount listed on Exhibit A under the column heading *"Allowed Portion of Claim – Amount,"* and the classification listed under the column heading *"Allowed Portion of Claim – Class."*  The Debtors further request that the Court allow each such Partially Settled Guarantee Claim only to the extent of such Allowed Class and Allowed Amount.

4.        This One Hundred Ninety-Second Omnibus Objection to Claims does not affect the portion of each Partially Settled Guarantee Claim set forth on Exhibit A under the column heading *"Unresolved Portion of Claim"* (the "Non-LBSF Portion") and does not constitute any admission or finding with respect thereto.  The Non-LBSF Portions of the Partially Settled Guarantee Claims have not been settled.  The Debtors reserve all their rights to object on any basis to the Non-LBSF Portion of each Partially Settled Guarantee Claim that is set forth on Exhibit A under the column heading *"Unresolved Portion of Claim."*

### Jurisdiction

5.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3

**Background**

6.      Commencing on September 15, 2008, and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

7.      On September 17, 2008, the United States Trustee for Region 2

(the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code (the "Creditors' Committee").

8.      On December 16, 2008, the Court entered the December Order,

which approved and established specific procedures by which the Debtors could settle

claims arising from the termination of prepetition derivatives contracts.

9.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas

as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order,

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

appointment of the Examiner.  The Examiner has filed his report pursuant to section

1106(b) of the Bankruptcy Code [Docket No. 7531].

10.     On January 14, 2010, the Court entered the Procedures Order,

which authorizes the Debtors, among other things, to file omnibus objections to no more

than 500 claims at a time, on various grounds, including those set forth in Bankruptcy

Rule 3007(d) and those additional grounds set forth in the Procedures Order.

US_ACTIVE:\43802720\01\58399.0008

**The Partially Settled Guarantee Claims Should Be Partially Allowed**

11.      In their review of the claims filed on the claims register in these

cases, the Debtors have identified the Partially Settled Guarantee Claims as being claims

for which the Debtors specifically negotiated a settlement with the claimants resolving

the LBSF Portion of said claim.

12.      A filed proof of claim is "deemed allowed, unless a party in

interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the

claim's essential allegations is asserted, the claimant has the burden to demonstrate the

validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009);

*In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS

660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524,

539 (Bankr. S.D.N.Y. 2000).

13.      The Partially Settled Guarantee Claims assert guarantee claims

against LBHI that relate, in part, to derivatives contracts between LBSF and the

applicable counterparty.  Pursuant to the December Order, the Debtors engaged in

negotiations with certain claimants that had filed proofs of claim against the Debtors

asserting obligations based on prepetition derivatives contracts.  The Debtors and these

claimants negotiated and agreed to claim amounts and classifications to resolve those

proofs of claim, including guarantee claims related thereto, that are documented in an

executed termination agreement or other writing.  Pursuant to certain of those

settlements, the LBSF Portions of the Partially Settled Guarantee Claims were resolved.

14.      The holders of the Partially Settled Guarantee Claims agreed that

the LBSF Portion of their claim would be allowed in the amounts and classifications that

are reflected on Exhibit A under the column headings *"Allowed Portion of Claim –*

*Class"* and *"Allowed Portion of Claim – Amount."*  In order to properly reflect the

Debtors' and claimants' agreements with respect to the amount and classification of the

LBSF Portion of the Partially Settled Guarantee Claims, the Debtors request that the

Court allow the LBSF Portion of each Partially Settled Guarantee Claim only to the

extent of the classification and amount listed on Exhibit A under the column headings

*"Allowed Portion of Claim – Class"* and *"Allowed Portion of Claim – Amount."*  Finally,

the Debtors reserve all their rights to object on any basis to the Non-LBSF Portion of

each Partially Settled Guarantee Claim that is set forth on Exhibit A under the column

heading *"Unresolved Portion of Claim."*

## Notice

15.    No trustee has been appointed in these chapter 11 cases.  The

Debtors have served notice of this One Hundred Ninety-Second Omnibus Objection to

Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) each claimant listed on

Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures

set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures for these cases [Docket No. 9635].  The

Debtors submit that no other or further notice need be provided.

16.    No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

US_ACTIVE:\43802720\01\58399.0008

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just.

Dated: September 12, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

7

# EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 192: EXHIBIT A – PARTIALLY SETTLED GUARANTEE CLAIMS**

| | NAME | CLAIM # | DEBTOR | ASSERTED CLAIM | | ALLOWED PORTION OF CLAIM | | UNRESOLVED PORTION OF CLAIM | |
|---|------|---------|--------|-------|--------|-------|--------|-------|--------|
| | | | | CLASS | AMOUNT | CLASS | AMOUNT | CLASS | AMOUNT |
| 1 | CONSOLIDATED EDISON PENSION PLANS MASTER TRUST CONSOLIDATE EDISON COMPANY OF NEW YORK, INC ATTN: KRISTINA MATWIJEC 4 IRVING PLACE, 2ND FLOOR WEST NEW YORK, NY 10003 | 15605 | Lehman Brothers Holdings Inc. | Unsecured | $256,258.23 | Unsecured | $51,219.67 | Unsecured | $205,038.56 |
| 2 | JPMORGAN CHASE BANK, N.A. TRANSFEROR: RED RIVER HYPI, L.P. (#2603) ATTN: SUSAN MCNAMARA MAIL CODE: NY1-A436 ONE CHASE MANHATTAN PLAZA - FLOOR 26 NEW YORK, NY 10005 | 22276 | Lehman Brothers Holdings Inc. | Unsecured | $1,926,432.37 | Unsecured | $1,419,432.37 | Unsecured | $507,000.00 |
| 3 | PIMCO CAYMAN GLOBAL HIGH INCOME FUND (#2764) PIMCO CAYMAN TRUST ATTN: SCOTT CARNACHAN BUTTERFIELD HOUSE FORT STREET P.O. BOX 2330 GEORGETOWN, CAYMAN ISLANDS | 22271 | Lehman Brothers Holdings Inc. | Unsecured | $1,920,353.73 | Unsecured | $1,217,590.02 | Unsecured | $702,763.71 |
| 4 | STICHTING BEWAARDER ZORGFONDS UVIT DE RUYTERKADE 6-I AMSTERDAM, 1013 AA NETHERLANDS | 43530 | Lehman Brothers Holdings Inc. | Unsecured | $140,029.00 | Unsecured | $6,089.33 | Unsecured | $133,939.67 |
| | TOTAL | | | | $4,243,073.33 | | $2,694,331.39 | | $1,548,741.94 |

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re                                                    :         **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*             :         **08-13555 (JMP)**
                                                         :
                               **Debtors.**              :         **(Jointly Administered)**

---------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' ONE HUNDRED NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS (PARTIALLY SETTLED GUARANTEE CLAIMS)

Upon the one hundred ninety-second omnibus objection to claims, dated

September 12, 2011 (the "One Hundred Ninety-Second Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to partially allow the

LBSF Portion of the Partially Settled Guarantee Claims on the grounds that the Debtors and

claimants have agreed upon a claim amount and a classification for the LBSF Portion of each

Partially Settled Guarantee Claim, all as more fully described in the One Hundred Ninety-Second

Omnibus Objection to Claims; and due and proper notice of the One Hundred Ninety-Second

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each

claimant listed on Exhibit A attached to the One Hundred Ninety-Second Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Ninety-Second Omnibus Objection to Claims.

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010, governing case management and

administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the One Hundred Ninety-Second Omnibus Objection to Claims is in the best interests

of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the One Hundred Ninety-Second Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the One Hundred Ninety-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the LBSF Portion of each Partially Settled Guarantee Claim

listed on Exhibit 1 annexed hereto is hereby allowed solely as to the classification and amount

that is set forth on Exhibit 1 under the column headings *"Allowed Portion of Claim – Class"* and

*"Allowed Portion of Claim – Amount"*; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) the Non-LBSF Portion of each Partially Settled Guarantee

Claim that is set forth on Exhibit 1 under the column heading *"Unresolved Portion of Claim"* and

(ii) any claim listed on Exhibit A to the One Hundred Ninety-Second Omnibus Objection to

Claims that does not appear on Exhibit 1 annexed hereto; and it is further

US_ACTIVE:\43802764\01\58399.0008

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                   _____
                                   UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\43802764\01\58399.0008