HEARING DATE AND TIME:  October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE:  October 13, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, MODIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                           Debtors.      :    (Jointly Administered)
-------------------------------------------------------------------x
```

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

   **PLEASE TAKE NOTICE** that on September 12, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred ninety-third omnibus objection to claims (the "Debtors' One Hundred Ninety-Third Omnibus Objection to Claims"),

1

and that a hearing (the "Hearing") to consider the Debtors' One Hundred Ninety-Third Omnibus

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **October 27, 2011 at 10:00 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One

Hundred Ninety-Third Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

2

Evan Fleck, Esq.); so as to be so filed and received by no later than **October 13, 2011 at 4:00**

**p.m. (Eastern Time)** (the "<u>Response Deadline</u>").

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' One Hundred Ninety-Third Omnibus Objection to Claims or

any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' One Hundred Ninety-Third Omnibus Objection to Claims, which order may be entered

with no further notice or opportunity to be heard offered to any party.

Dated: September 12, 2011
  New York, New York

       /s/ Robert J. Lemons
       Robert J. Lemons

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Debtors
       and Debtors in Possession

US_ACTIVE:\43799902\01\58399.0008

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (JMP)
                                               :
                          Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' ONE HUNDRED NINETY-THIRD OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

---

**THIS OBJECTION SEEKS TO REDUCE, RECLASSIFY, MODIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent as follows:

**Relief Requested**

1.      The Debtors file this one hundred ninety-third omnibus objection

to claims (the "One Hundred Ninety-Third Omnibus Objection to Claims"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking to reduce, reclassify (in certain instances), modify the Debtor entity (in certain

instances), and allow the claims listed on Exhibit A annexed hereto.[1]

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively,

the "Settled Derivatives Claims") should be reduced, reclassified (in certain instances),

modified (in certain instances), and allowed.  Pursuant to this Court's order approving

procedures for the settlement or assumption and assignment of prepetition derivatives

contracts (the "December Order") [Docket No. 2257], claimants and the Debtors have

negotiated settlements of disputes related to derivatives claims.  These settlements

---

[1] Not all claims listed on Exhibit A require reclassification or modification of the Debtor entity.  Exhibit A, however, sets forth which specific claims will be reclassified as non-priority, general unsecured claims pursuant to the parties' agreement as well as against which Debtor the claim shall be allowed.

US_ACTIVE:\43799902\01\58399.0008

include agreements regarding the claim amounts and identity of the correct Debtor entity against whom the claim is properly asserted.  The settlements are reflected in executed termination agreements among the relevant parties or have been agreed to by the relevant parties in other writings or oral agreements.  The proofs of claim being objected to are not consistent with the terms of such settlements.  The Debtors, therefore, request that the Court reduce, reclassify, and/or modify, as appropriate, each such claim to reflect (a) the Debtor listed on Exhibit A under the column heading *"Modified Debtor,"* (b) the amount listed under the column heading *"Modified Amount,"* and (c) the classification listed under the column heading *"Modified Class."*  The Debtors further request that the Court allow each such claim only to the extent of such Modified Amount and Modified Class and only as to the Modified Debtor.

### Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3

5.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6.      On December 16, 2008, the Court entered the December Order, which approved and established specific procedures by which the Debtors could settle claims arising from the termination of prepetition derivatives contracts.

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Settled Derivatives Claims Should Be Reduced, Reclassified, and Allowed**

9.      In their review of the claims filed on the claims register in these cases, the Debtors have identified the claims on Exhibit A as being claims for which the Debtors have specifically negotiated a settlement with the claimants for a total claim amount and (in certain instances) a classification and Debtor entity that is not the amount, classification, and/or Debtor that is reflected on such claimants' proof of claim.

10.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the

4

claim's essential allegations is asserted, the claimant has the burden to demonstrate the

validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009);

*In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS

660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524,

539 (Bankr. S.D.N.Y. 2000).

        11.    Pursuant to the December Order, the Debtors engaged in

negotiations with certain claimants that had filed proofs of claim against the Debtors

asserting obligations based on prepetition derivatives contracts.  The Debtors and these

claimants negotiated and agreed to claim amounts and (in certain instances)

classifications and Debtor entities against which the claims are to be asserted that are not

reflected on the proof of claim forms filed by these claimants.  The agreements regarding

the claim amounts, classification, and designation as to appropriate Debtor counterparty

are reflected either in an executed termination agreement or other writing or oral

agreement.

        12.    The holders of the Settled Derivatives Claims agreed that their

claims are properly asserted against the Debtor counterparty that is reflected on <u>Exhibit A</u>

under the column heading *"Modified Debtor,"* and in the reduced amounts and

classifications that are reflected under the column headings *"Modified Amount"* and

*"Modified Class."*  The Debtors are seeking only to reclassify claims or modify the

Debtor where the claimant's proof of claim is not consistent with the Debtors' settlement

with the claimant.  Accordingly, in order to properly reflect the Debtors' and claimants'

agreements with respect to the Debtor entity, amount, and classification of these claims,

the Debtors request that the Court reduce, reclassify, and/or modify (as appropriate) each

US_ACTIVE:\43799902\01\58399.0008

Settled Derivatives Claim to reflect (a) the Debtor entity listed on Exhibit A under the

column heading *"Modified Debtor,"* (b) the amount listed under the column heading

*"Modified Amount,"* and (c) the classification under the column heading *"Modified*

*Class."* The Debtors further request that the Court allow each such Settled Derivatives

Claim only to the extent of such modified amount and classification listed on Exhibit A

under the column headings *"Modified Amount"* and *"Modified Class,"* and only as to the

*"Modified Debtor"* set forth therein.

### Notice

13.    No trustee has been appointed in these chapter 11 cases. The

Debtors have served notice of this One Hundred Ninety-Third Omnibus Objection to

Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) each claimant listed on

Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures

set forth in the second amended order entered on June 17, 2010, governing case

management and administrative procedures for these cases [Docket No. 9635]. The

Debtors submit that no other or further notice need be provided.

14.    No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

US_ACTIVE:\43799902\01\58399.0008

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 12, 2011
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

7

# EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 193: EXHIBIT A – SETTLED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | COMPASS BANK C/O W. CLARK WATSON BALCH & BINGHAM LLP 1901 SIXTH AVENUE NORTH, SUITE 1500 BIRMINGHAM, AL 35203 | 14727 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,502,597.69* | Lehman Brothers Special Financing Inc. | Unsecured | $2,250,000.00 |
| 2 | MERRILL LYNCH CREDIT PRODUCTS, LLC TRANSFEROR: AMERICAN TRADING & PRODUCTION CO (ATAPCO) ATTN:JEFFREY BENESH AND GARY S. COHEN BANK OF AMERICA TOWER - 3RD FLOOR ONE BRYANT PARK NEW YORK, NY 10036 | 19234 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $33,697,302.30* | Lehman Brothers Holdings Inc. | Unsecured | $26,375,000.00 |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 193: EXHIBIT A – SETTLED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 3 | MERRILL LYNCH CREDIT PRODUCTS, LLC TRANSFEROR: AMERICAN TRADING AND PRODUCTION CORP. ATTN: JEFFREY BENESH AND GARY S. COHEN BANK AMERICA TOWER - 3RD FLOOR ONE BRYANT PARK NEW YORK, NY 10036 | 19303 | 09/18/2009 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $33,697,302.30* | Lehman Brothers OTC Derivatives Inc. | Unsecured | $26,375,000.00 |
| 4 | MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC LEGAL DEPARTMENT ATTN: RICHARD HOUSE, ESQ. HEAD OF LEGAL, CORPORATE AND PUBLIC AFFAIRS GEORGINA DAVIDSON, HEAD OF MASTER AGREEMENTS, LEGAL, CORPORATE AND PUBLIC AFFAIRS LONDON, EC2M 2AA UNITED KINGDOM | 20240 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $24,647,081.00 | Lehman Brothers Special Financing Inc. | Unsecured | $21,000,000.00 |

*\* - Indicates claim contains unliquidated and/or undetermined amounts*

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 193: EXHIBIT A – SETTLED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 5 | MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC LEGAL DEPARTMENT ATTN: RICHARD HOUSE, ESQ. HEAD OF LEGAL, CORPORATE AND PUBLIC AFFAIRS GEORGINA DAVIDSON, HEAD OF MASTER AGREEMENTS, LEGAL, CORPORATE AND PUBLIC AFFAIRS LONDON, EC2M 2AA UNITED KINGDOM | 20241 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $24,647,081.00 | Lehman Brothers Holdings Inc. | Unsecured | $21,000,000.00 |
| | | | | | TOTAL | $119,191,364.29 | | TOTAL | $97,000,000.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                              :      **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :      **08-13555 (JMP)**
                                                                   :
                                    **Debtors.**      :      **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' ONE HUNDRED NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the one hundred ninety-third omnibus objection to claims, dated

September 12, 2011 (the "One Hundred Ninety-Third Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to reduce, reclassify

(in certain instances), and modify the Debtor entity (in certain instances), and allow the Settled

Derivatives Claims on the grounds that the Debtors and claimants have agreed upon a claim

amount and, in certain instances, a classification and Debtor counterparty that is not currently

reflected on claimants' proofs of claim, all as more fully described in the One Hundred Ninety-

Third Omnibus Objection to Claims; and due and proper notice of the One Hundred Ninety-

Third Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Ninety-Third Omnibus Objection to Claims.

(vi) each claimant listed on Exhibit A attached to the One Hundred Ninety-Third Omnibus

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures for these cases [Docket No. 9635]; and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief sought in the One Hundred Ninety-Third Omnibus Objection to Claims is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the One Hundred Ninety-Third Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the One Hundred Ninety-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Settled Derivatives Claim listed on Exhibit 1 annexed

hereto is hereby modified and allowed in the amount and classification and against the Debtor

that is set forth on Exhibit 1 under the column headings *"Modified Amount," "Modified Class,"*

and *"Modified Debtor,"* respectively, *provided that*, the holder of a Settled Derivatives Claim

against both (i) a Debtor based on a derivatives contract and (ii) LBHI based on its guarantee

relating to that derivatives contract may not receive an aggregate recovery in respect of the

Settled Derivatives Claim greater than the applicable *"Modified Amount"*; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Settled Derivatives Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that (i) the *"Modified Amount"* includes the total amount due to the

claimant under, in respect of, or related to the applicable derivatives contract and (ii) the Settled

US_ACTIVE:\43799913\01\58399.0008

Derivatives Claim shall represent the sole right of the claimant to any distributions from the

applicable Modified Debtor under, in respect of, or related to the applicable derivatives

contracts; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the One Hundred Ninety-

Third Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\43799913\01\58399.0008