HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF ONE HUNDRED NINETY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              : Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           : 08-13555 (JMP)
                                                                   :
                            Debtors.                               : (Jointly Administered)
-------------------------------------------------------------------x

NOTICE OF HEARING ON DEBTORS' ONE HUNDRED NINETY-FOURTH
OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

**PLEASE TAKE NOTICE** that on September 12, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred ninety-fourth omnibus objection to claims (the "Debtors' One Hundred Ninety-Fourth Omnibus Objection to Claims"),

1

and that a hearing (the "Hearing") to consider the Debtors' One Hundred Ninety-Fourth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 27, 2011 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Ninety-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

2

Evan Fleck, Esq.); so as to be so filed and received by no later than **October 13, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Ninety-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Ninety-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 12, 2011
      New York, New York

    /s/ Robert J. Lemons
    Robert J. Lemons

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

**HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 13, 2011 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (JMP)
                                               :
                           Debtors.            :    (Jointly Administered)
-----------------------------------------------------------------x
```

**DEBTORS' ONE HUNDRED NINETY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS ONE HUNDRED NINETY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

US_ACTIVE:\43800196\02\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Relief Requested

1. The Debtors file this one hundred ninety-fourth omnibus objection to claims (the "One Hundred Ninety-Fourth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively, the "Settled Derivatives Claims") should be disallowed and expunged, to the extent set forth therein, as contrary to the settlements that the parties have entered into. Pursuant to this Court's order approving procedures for the settlement or assumption and assignment of prepetition derivatives contracts (the "December Order") [Docket No. 2257], claimants and the Debtors have negotiated settlements of disputes related to derivatives claims. These settlements provide for resolution of the derivatives claims with a payment to the Debtors, with no amounts being due between the parties, or with the counterparty being granted a single allowed derivatives claim against one or more Debtor counterparties for

2

US_ACTIVE:\43800196\02\58399.0008

a release of all other derivatives claims the claimant has asserted related thereto. The settlements are reflected in executed termination agreements among the relevant parties or have been agreed to by the relevant parties in other writings. The proofs of claim being objected to are not consistent with such settlements as they seek to recover amounts based on prepetition derivatives contracts for which the applicable Debtor does not have liability. The Debtors, therefore, request that the Court disallow and expunge the Settled Derivatives Claims.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3

6. On December 16, 2008, the Court entered the December Order, which approved and established specific procedures by which the Debtors could settle claims arising from the termination of prepetition derivatives contracts.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Settled Derivatives Claims Should Be Disallowed and Expunged**

9. In their review of the claims filed on the claims register in these cases, the Debtors have identified the claims on Exhibit A as being claims for which the Debtors specifically negotiated a settlement with the claimants for (i) a payment to the Debtors, (ii) no payment by either party, or (iii) a single recovery against one or more Debtors in exchange for a release of all other related derivatives claims. The Settled Derivatives Claims are not consistent with the settlements.

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009);

4

*In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Pursuant to the December Order, the Debtors engaged in negotiations with certain claimants that had filed proofs of claim against the Debtors asserting obligations based on prepetition derivatives contracts. The Debtors and these claimants negotiated and agreed that these derivatives claims would be resolved by (i) no amounts being due between the parties, (ii) the claimants making a payment to the Debtors, or (iii) the claimant having a single allowed claim against one or more Debtor counterparties in exchange for a release of all other derivatives claims that it has asserted related thereto. The agreements are reflected in an executed termination agreement or other writing. In order to properly reflect the Debtors' and claimants' agreements, the Debtors request that the Court disallow and expunge the Settled Derivatives Claims listed on Exhibit A to the extent set forth therein.

**Notice**

12. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this One Hundred Ninety-Fourth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case

5

management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

13.  No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: September 12, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

08-13555-mg    Doc 19879    Filed 09/12/11    Entered 09/12/11 16:44:55    Main Document
Pg 11 of 15

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 194: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BASF CORPORATION DEFINED BENEFIT PLAN MASTER TRUST MELLON BANK, TTEE ONE MELLON CENTER, RM 151-1335 PITTSBURGH, PA 15258-0001 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 16222 | $2,343,572.72 | No Liability Claim |
| 2 | COMPASS BANK C/O W. CLARK WATSON BALCH & BINGHAM LLP 1901 SIXTH AVENUE NORTH, SUITE 1500 BIRMINGHAM, AL 35203 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14728 | $2,502,597.69* | No Liability Claim |
| 3 | HEBRON ACADEMY C/O MICHAEL A. FAGONE, ESQ. BERSTEIN SHUR 100 MIDDLE STREET, PO BOX 9729 PORTLAND, ME 04104-5029 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 14801 | Undetermined | No Liability Claim |
| 4 | HEBRON ACADEMY C/O MICHAEL A. FAGONE, ESQ. BERNSTEIN SHUR 100 MIDDLE STREET, P.O. BOX 9729 PORTLAND, ME 04104-5029 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14861 | Undetermined | No Liability Claim |
| 5 | MITSUBISHI UFJ SECURITIES INTERNATIONAL PLC LEGAL DEPARTMENT ATTN: RICHARD HOUSE, ESQ. HEAD OF LEGAL, CORPORATE AND PUBLIC AFFAIRS GEORGINA DAVIDSON, HEAD OF MASTER AGREEMENTS, LEGAL, CORPORATE AND PUBLIC AFFAIRS LONDON, EC2M 2AA UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 20238 | $24,647,081.00 | No Liability Claim |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 194: EXHIBIT A – SETTLED DERIVATIVES CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | PENSIOENFONDS MEDEWERKERS APOTHEKEN NEUHUYSKADE 92 DEN HAAG, 2596 XM NETHERLANDS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30706 | $48,581.82 | No Liability Claim |
| 7 | SAPHIR FINANCE PLC SERIES 2007-2 C/O BNY COPORATE TRUSTEE SERVICES LTD ATTN: SANAJAY JOBANPUTRA, VP, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 29724 | $64,515,128.00* | No Liability Claim |
| 8 | TREASURER OF THE STATE OF INDIANA C/O RICHARD MOURDOCK, TREASURER OF THE STATE OF INDIANA 200 WEST WASHINGTON STREET, SUITE 242 INDIANAPOLIS, IN 46204-2792 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22284 | Undetermined | No Liability Claim |
| 9 | TREASURER OF THE STATE OF INDIANA C/O RICHARD MURDOCK, TREASURER OF THE STATE OF INDIANA 200 WEST WASHINGTON STREET, SUITE 242 INDIANAPOLIS, IN 46204-2792 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 26179 | Undetermined | No Liability Claim |
| | | | | | TOTAL | $94,056,961.23 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :     Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :     08-13555 (JMP)
                                                               :
                     Debtors.                                  :     (Jointly Administered)
---------------------------------------------------------------x

**ORDER GRANTING DEBTORS' ONE HUNDRED NINETY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

Upon the one hundred ninety-fourth omnibus objection to claims, dated September 12, 2011 (the "One Hundred Ninety-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Settled Derivatives Claims on the grounds that the Debtors and claimants have agreed that the Settled Derivatives Claims seek recovery of monies for which the applicable Debtors are not liable, all as more fully described in the One Hundred Ninety-Fourth Omnibus Objection to Claims; and due and proper notice of the One Hundred Ninety-Fourth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Ninety-Fourth Omnibus Objection to Claims.

on Exhibit A attached to the One Hundred Ninety-Fourth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Ninety-Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Ninety-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Ninety-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and expunged with prejudice to the extent set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Settled Derivatives Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the One Hundred Ninety-Fourth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

US_ACTIVE:\43799674\02\58399.0008

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3