HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on September 13, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their one hundred ninety-ninth omnibus objection to claims (the "Debtors' One Hundred Ninety-Ninth Omnibus Objection to Claims"),

US_ACTIVE:\43800188\01\58399.0008

and that a hearing (the "Hearing") to consider the Debtors' One Hundred Ninety-Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 27, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' One Hundred Ninety-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabeth Gasparini, Esq., and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **October 13, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' One Hundred Ninety-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' One Hundred Ninety-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 13, 2011
   New York, New York

          /s/ Robert J. Lemons
          Robert J. Lemons

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                          :   Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :   08-13555 (JMP)
                                               :
                    Debtors.                   :   (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' ONE HUNDRED NINETY-NINTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS ONE HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

US_ACTIVE:\43800188\01\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

### Relief Requested

1. The Debtors file this one hundred ninety-ninth omnibus objection to claims (the "One Hundred Ninety-Ninth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "No Liability Claims") and have determined that the Debtor entity that the claim was filed against has no liability for the purported obligation. Because the applicable Debtors have no liability for said claims, the Debtors request the No Liability Claims be disallowed and expunged in their entirety.

3. The Debtors reserve all their rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order requires, among other things, that each proof of claim "state the name and case number of the specific Debtor against which it is filed . . . ." (Bar Date Order at 6.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9. Claimants received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) The Bar Date Notice was also published in The New York Times (International Edition), The Wall Street Journal (International

US_ACTIVE:\43800188\01\58399.0008                    3

Edition), and The Financial Times. A list of the Debtors in these chapter 11 cases and their respective case numbers was included as part of the Bar Date Notice and the instructions to the Court-approved proof of claim form. (Bar Date Notice at Schedule A.)

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The No Liability Claims Should Be Disallowed and Expunged

11. In their review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as claims for which the asserted Debtor does not have liability. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

12. The Debtors have reviewed the supporting documentation for the No Liability Claims and their books and records and have determined that each of the No Liability Claims is asserted against a Debtor that does not have liability. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid

claims against the applicable Debtor's estate. Accordingly, the Debtors respectfully request the Court disallow and expunge the No Liability Claims listed on <u>Exhibit A</u> attached hereto.

### **Notice**

13. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this One Hundred Ninety-Ninth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit A</u>; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 13, 2011
      New York, New York

                                 /s/ Robert J. Lemons
                                 Robert J. Lemons

                                 WEIL, GOTSHAL & MANGES LLP
                                 767 Fifth Avenue
                                 New York, New York 10153
                                 Telephone: (212) 310-8000
                                 Facsimile: (212) 310-8007

                                 Attorneys for Debtors
                                 and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 199: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | 1051 PERIMETER DRIVE LLC<br>75 REMITTANCE DRIVE<br>SUITE 6717<br>CHICAGO, IL 60675 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/03/2009 | 7066 | $157,361.84 | No Liability Claim |
| 2 | BURGER, MARTIN S.<br>10 CITY PLACE, TRUMP TOWER, 29D<br>WHITE PLAINS, NY 10601 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 01/14/2009 | 1702 | $50,000.00 | No Liability Claim |
| 3 | BURGER, MARTIN S.<br>10 CITY PLACE, TRUMP TOWER, 29D<br>WHITE PLAINS, NY 10601 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 01/14/2009 | 1703 | $183,307.80 | No Liability Claim |
| 4 | CARTER, B. GENE<br>4000 BRYN MAWR<br>DALLAS, TX 75225-7031 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 24901 | $229,349.90 | No Liability Claim |
| 5 | CARTER, B. GENE<br>4000 BRYN MAWR<br>DALLAS, TX 75225-7031 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 24902 | $166,855.00 | No Liability Claim |
| 6 | DAVID SCHWARTZ REVOCABLE TRUST<br>C/O DAVID SCHWARTZ<br>1255 W. DRAPER ST.<br>CHICAGO, IL 60614-2118 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 24455 | $91,653.90 | No Liability Claim |
| 7 | DERWIN, FRANK Y & BARBARA A<br>216 ROCK RIDGE ROAD<br>MILLERSVILLE, MD 21108 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/22/2009 | 28657 | $55,383.85 | No Liability Claim |
| 8 | KOSTI, ANDREAS<br>THERESIENGASSE 38/15<br>WIEN, 1180<br>AUSTRIA | 08-13902 (JMP) | Lehman Brothers Financial Products Inc. | 09/24/2009 | 34837 | Undetermined | No Liability Claim |
| 9 | LIMAN, DOUG<br>C/O GERI JANSEN<br>521 WARREN AVE.<br>HAWTHORNE, NY 10532 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/22/2009 | 29531 | $100,003.85 | No Liability Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 199: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | LINDEMANN, ADAM<br>375 PARK AVE, #2603<br>NEW YORK, NY 10152-2604 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/18/2009 | 19388 | $459,130.10 | No Liability Claim |
| 11 | PLUZNIK, JUDITH<br>RENGGERSTR. 19<br>ZURICH, 8038<br>SWITZERLAND | 08-13899 (JMP) | Lehman Brothers Derivative Products Inc. | 10/13/2009 | 37676 | $19,253.57 | No Liability Claim |
| 12 | SHEPPARD, ERIC<br>180 BALCROSS DRIVE<br>BAL HARBOUR, FL 33154-3190 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/18/2009 | 19201 | $229,349.90 | No Liability Claim |
| 13 | SHEPPARD, ERIC<br>180 BALCROSS DRIVE<br>BAL HARBOUR, FL 33154 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/18/2009 | 19202 | $133,484.00 | No Liability Claim |
| 14 | SOBO, MICHAEL AND ELLEN<br>2 WASHINGTONS HEADQUARTERS<br>DOBBS FERRY, NY 10522 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/18/2009 | 18148 | $133,484.00 | No Liability Claim |
| 15 | SOBO, SCOTT AND HEIDI<br>28 NORTHDALE ROAD<br>WHITE PLAINS, NY 10605 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/18/2009 | 18147 | $133,484.00 | No Liability Claim |
| 16 | SURYAN FAMILY TRUST<br>C/O FRANK SURYAN JR.<br>3821 SEASCAPE DRIVE<br>HUNTINGTON BEACH, CA 92649-2523 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/18/2009 | 19329 | $200,226.00 | No Liability Claim |
| 17 | SURYAN FAMILY TRUST<br>C/O FRANK SURYAN JR.<br>3821 SEASCAPE DRIVE<br>HUNTINGTON BEACH, CA 92649-2523 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/18/2009 | 19441 | $176,917.80 | No Liability Claim |
| 18 | TEMPE FOUNTAINHEAD CORPORATE, LLC<br>NICOLAS B HOSKINS - FENNEMORE CRAIG PC<br>3003 N. CENTRAL AVE., SUITE 2600<br>PHOENIX, AZ 85012 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/29/2009 | 6579 | $264,016.48 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 199: EXHIBIT A – NO LIABILITY CLAIMS

|    | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|----|------|-------------|-------------|------------|---------|---------------------|----------------------------------|
| 19 | THABIT FAMILY TRUST<br>C/O CORY THABIT<br>309 DIAMOND AVE.<br>BALBOA ISLAND, CA 92662-1117 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 24700 | $127,088.00 | No Liability Claim |
| 20 | THABIT FAMILY TRUST<br>C/O CORY THABIT<br>309 DIAMOND AVE.<br>BALBOA ISLAND, CA 92662-1117 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 24701 | $91,653.90 | No Liability Claim |
| 21 | THOMAS, JAMES & ROSEMARY<br>106 BEVERLY ROAD<br>RYE, NY 10580-1903 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/17/2009 | 15182 | $166,855.00 | No Liability Claim |
| 22 | THOMAS, JAMES & ROSEMARY<br>106 BEVERLY ROAD<br>RYE, NY 10580-1903 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/17/2009 | 15206 | $91,653.90 | No Liability Claim |
| 23 | WESOKY, JOSHUA<br>165 PERRY ST APT 3B<br>NEW YORK, NY 10014-2387 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/22/2009 | 29530 | $70,002.69 | No Liability Claim |
| 24 | WESTFAHL, CHRIS & EILEEN<br>52 EAST RIDGE ROAD<br>STAMFORD, CT 06903-4337 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/21/2009 | 24130 | $91,653.90 | No Liability Claim |
|    |      |             |             |            | TOTAL   | $3,422,169.38       |                                  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                               :
               Debtors.                                  :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' ONE HUNDRED NINETY-NINTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the one hundred ninety-ninth omnibus objection to claims, dated September 13, 2011 (the "One Hundred Ninety-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims on the grounds that the asserted Debtors have no liability for said claims, all as more fully described in the One Hundred Ninety-Ninth Omnibus Objection to Claims; and due and proper notice of the One Hundred Ninety-Ninth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the One Hundred Ninety-Ninth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Ninety-Ninth Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and the Court having found and determined that the relief sought in the One Hundred Ninety-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Ninety-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Ninety-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the No Liability Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the One Hundred Ninety-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                               _____
                                               UNITED STATES BANKRUPTCY JUDGE