> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
In re                                   :    Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :    08-13555 (JMP)
                                        :
                    Debtors.            :    (Jointly Administered)
------------------------------------------------------------x
```

### NOTICE OF HEARING ON DEBTORS' TWO HUNDRED THIRD OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

**PLEASE TAKE NOTICE** that on September 13, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their two hundred third omnibus

objection to claims (the "Debtors' Two Hundred Third Omnibus Objection to Claims"), and that

a hearing (the "Hearing") to consider the Debtors' Two Hundred Third Omnibus Objection to

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **October 27, 2011 at 10:00 a.m. (Eastern**

**Time)**, or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two

Hundred Third Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **October 13, 2011 at 4:00**

**p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred Third Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Third Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 13, 2011
      New York, New York

              /s/ Robert J. Lemons
              Robert J. Lemons

              WEIL, GOTSHAL & MANGES LLP
              767 Fifth Avenue
              New York, New York 10153
              Telephone: (212) 310-8000
              Facsimile: (212) 310-8007

              Attorneys for Debtors
              and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

**DEBTORS' TWO HUNDRED THIRD OMNIBUS OBJECTION**
**TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED THIRD OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

**Relief Requested**

1.      The Debtors file this two hundred third omnibus objection to

claims (the "Two Hundred Third Omnibus Objection to Claims"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and

expungement of the claims listed on Exhibit A annexed hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed under the heading "Claims

to be Disallowed and Expunged" (collectively, the "Duplicative of Indenture Trustee

Claims") are substantively duplicative, in whole or in part, of the corresponding global

claims identified under the heading "Surviving Claims" (the "Indenture Trustee Claims").

The Indenture Trustee Claims are proofs of claim asserting general unsecured claims

filed by (i) the Wilmington Trust Company ("Wilmington Trust"), in its capacity as

indenture trustee, on behalf of itself and the holders of certain notes (the "Senior Notes")

issued pursuant to the Wilmington Indenture (as defined below), (ii) the Bank of New

York Mellon (the "Bank of New York"), in its capacity as indenture trustee, on behalf of

itself and the holders of certain notes (the "Notes") issued pursuant to the Bank of New

York Indenture (as defined below), (iii) the Bank of New York, in its capacity as trustee,

on behalf of itself and the holders of the European Notes (as defined below), and

(iv) U.S. Bank National Association ("U.S. Bank"), in its capacity as indenture trustee,

on behalf of itself and the holders of certain debentures (the "Debentures") issued

pursuant to the U.S. Bank Indenture (as defined below).  To the extent that the

Duplicative of Indenture Trustee Claims relate to the Senior Notes, the Notes issued

under the Bank of New York Indenture, the European Notes, and/or the Debentures, the

Debtors seek the disallowance and expungement from the Court's claims register of the

Duplicative of Indenture Trustee Claims and preservation of the Debtors' right to later

object to the Indenture Trustee Claims on any basis.

> 3.    This Two Hundred Third Omnibus Objection to Claims does not

affect the Indenture Trustee Claims and does not constitute any admission or finding with

respect to the Indenture Trustee Claims.  Further, the Debtors reserve all their rights to

object on any basis to any Duplicative of Indenture Trustee Claim as to which the Court

does not grant the relief requested herein.

## Jurisdiction

> 4.    This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

> 5.    Commencing on September 15, 2008, and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2

(the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas

as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order,

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

appointment of the Examiner.  The Examiner has filed his report pursuant to section

1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On July 2, 2009, the Court entered its Order Pursuant to Section

502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the

Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof

and Approving the Proof of Claim Form (the "Bar Date Order") [Docket No. 4271].  The

Bar Date Order specifically provides for the indenture trustees of certain securities, such

as Wilmington Trust, the Bank of New York, and U.S. Bank, to file a global proof of

claim on behalf of the individual holders of those securities.  (*See* Bar Date Order at 3-4.)

9.      On January 14, 2010, the Court entered the Procedures Order,

which authorizes the Debtors, among other things, to file omnibus objections to no more

than 500 claims at a time, on various grounds, including those set forth in Bankruptcy

Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Indenture Trustee Claims**

10.      LBHI (formerly known as Shearson Lehman Brothers Holdings

Inc.) and Wilmington Trust, as successor trustee to Citibank, N.A., entered into an

indenture on September 1, 1987 (the "Wilmington Indenture").  The terms of the

Wilmington Indenture authorize the indenture trustee to file a proof of claim on behalf of

all holders of securities issued under the Wilmington Indenture.  (*See* Wilmington

Indenture attached to Claim No. 10082 as Ex. F.)

11.      On September 2, 2009, Wilmington Trust filed a proof of claim

(Claim No. 10082) on behalf of itself and the holders of the Senior Notes issued under

the Wilmington Indenture.

12.      LBHI and Bank of New York, as successor trustee to Chemical

Bank, entered into an indenture on February 1, 1996 (the "Bank of New York

Indenture").  The terms of the Bank of New York Indenture authorize the indenture

trustee to file a proof of claim on behalf of all holders of securities issued under the Bank

of New York Indenture.  (*See* Bank of New York Indenture attached to Claim No. 22122

as Ex. A.)

13.      On September 21, 2009, the Bank of New York filed proofs of

claim (Claim Nos. 21797, 21798, 21799, 21800, 21801, 21802, 21803, 21805, 22122,

and 22123) on behalf of itself and the holders of the Notes issued under the Bank of New

York Indenture.

14.      LBHI, as guarantor, Lehman Brothers Treasury Co., B.V., as

issuer, and Bank of New York, as successor trustee to JPMorgan Chase Bank, N.A.,

entered into a trust agreement dated as of December 5, 2005 (the "Trust Agreement").

The terms of the Trust Agreement authorize the trustee to file a proof of claim on behalf of all holders of the European Inflation-Linked Notes December 2005—December 2017 with ISIN No. IT0006578600 (the "European Notes"). (*See* Trust Agreement §6.4, excerpt attached hereto as Exhibit B.)

15. On September 21, 2009, the Bank of New York filed a proof of claim (Claim No. 21806) on behalf of itself and the holders of the European Notes issued under the Trust Agreement.

16. LBHI and U.S. Bank, as successor trustee to Chemical Bank, entered into an indenture on February 1, 1996 (the "U.S. Bank Indenture"). The terms of the U.S. Bank Indenture authorize the indenture trustee to file a proof of claim on behalf of all holders of the Debentures issued under the U.S. Bank Indenture. (*See* U.S. Bank Indenture § 504.)

17. On September 22, 2009, U.S. Bank filed proofs of claim (Claim Nos. 30871 and 31038) on behalf of itself and the holders of the Debentures issued under the U.S. Bank Indenture.

**The Duplicative of Indenture Trustee Claims Should Be Disallowed and Expunged**

18. In their review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the Duplicative of Indenture Trustee Claims on Exhibit A as substantively duplicative of the Indenture Trustee Claims. Each Duplicative of Indenture Trustee Claim was filed by an individual claimant/noteholder and asserts a general unsecured, secured, administrative expense, and/or priority claim relating, in whole or in part, to the Senior Notes, the Notes, the European Notes, and/or the Debentures. The Indenture Trustee

Claims are general unsecured claims filed by Wilmington Trust, the Bank of New York, and/or U.S. Bank as indenture trustees, on behalf of the individual claimants/noteholders and on account of the securities issued under the Wilmington Indenture, the Bank of New York Indenture, the Trust Agreement, and/or the U.S. Bank Indenture. Thus, each Duplicative of Indenture Trustee Claim seeks to recover, in whole or in part, for the same alleged obligation and on behalf of the same individuals as the respective Indenture Trustee Claims.

19.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

20.      Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

21.      The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson,*

*& Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries

for an identical injury are generally disallowed.").  Elimination of redundant claims will

also enable the Debtors to maintain a claims register that more accurately reflects the

proper claims existing against the Debtors.

   22.  The Duplicative of Indenture Trustee Claims should be disallowed

as substantively duplicative, in whole or in part, of the Indenture Trustee Claims.

Wilmington Trust, the Bank of New York, and/or U.S. Bank were the proper parties to

file claims on behalf of the individual claimants/noteholders.  The terms of the

Wilmington Indenture, the Bank of New York Indenture, the Trust Agreement, and the

U.S. Bank Indenture provide for the respective trustee filing a proof of claim on behalf of

all holders of the securities issued under the Wilmington Indenture, the Bank of New

York Indenture, the Trust Agreement, and the U.S. Bank Indenture.  (*See* Wilmington

Indenture § 504; Bank of New York Indenture § 504; Trust Agreement § 6.4; U.S. Bank

Indenture § 504.)  Moreover, the Bar Date Order specifically states that any holder of a

security listed on the Master List of Securities, which includes the Senior Notes, the

Notes, and the Debentures, need not file a proof of claim "due to the fact that the

indenture trustee for such securities will file a global proof of claim on behalf of all

holders of securities issued thereunder; []Wilmington Trust Company, US Bank National

Association, and the indenture trustee for each of the other securities included on the

Master List of Securities, each will file a global proof(s) of claim on behalf of all holders

of securities for which it is identified as Indenture Trustee on the Master List of

Securities[]. . . ."  (*See* Bar Date Order at 3-4.)  Finally, the Bankruptcy Rules provide

that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders

of securities issued pursuant to the trust instrument under which it is the trustee." *See* Fed. R. Bank. P. 3003(c)(5).

23.    Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge the Duplicative of Indenture Trustee Claims listed on <u>Exhibit A</u> to the extent set forth therein.  The Indenture Trustee Claims will remain on the claims register subject to further objections on any basis.

### Notice

24.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Two Hundred Third Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit A</u>; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

25.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  September 13, 2011
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 1 | AMERICAN INVESTORS LIFE INSURANCE CO., INC. N/K/A AVIVA LIFE ANNUITY CO. C/O AVIVA IVESTORS NORTH AMERICA, INC. 699 WALNUT STREET, SUITE 1700 DES MOINES, IA 50309 | 12/16/2009 | 08-13555 (JMP) | 65963[1] | $41,209,112.25 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524908WH9 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21801 | $766,500,000.00 | |

---

[1] Claim 65963 is being expunged solely with respect to its asserted claim totaling $31,000,000 for securities with CUSIP Nos. 52517PVM0, 52517PG96, 52517PVV0, and 524908WH9.  The portion of Claim 65963 that was asserting a guarantee claim totaling $2,209,112.25 related to certain derivatives contracts was previously allowed pursuant to the Order Granting Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims (Partially Settled Guarantee Claims), dated June 30, 2011 [Docket No. 18186].  The portion of Claim 65963 that is asserting a claim totaling $8,000 for securities with CUSIP No. 67088CAA5 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 65963 in the future.

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 2 | BANK OF EAST ASIA LTD., THE, AS NOMINEE FOR A/C HO TAI WAI DAVID, FUNG SIU HA EMMY, 35/F BEA TOWER, MILLENNIUM CITY 5 ATTN: CUSTODY SERVICES DEPT KWUN TONG, HONG KONG | 01/27/2009 | 08-13555 (JMP) | 2045 | $100,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 3 | BANK OF EAST ASIA LTD., THE, AS NOMINEE FOR A/C CHAN CHI MING, YIM KA WING 35/F BEA TOWER, MILLENNIUM CITY 5 ATTN: CUSTODY SERVICES DEPT KWUN TONG, HONG KONG | 01/27/2009 | 08-13555 (JMP) | 2047 | $100,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 4 | BELLM, WALTER & WALTRAUD KAISER HARALD R. R. ZINK FIDELITAS FINANZDIENST LEISBERG 40 HEIDELBERG, 69124 GERMANY | 01/16/2009 | 08-13555 (JMP) | 1762 | $5,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 5 | BERG, NAOMI 14026 NORTH 59TH PLACE SCOTTSDALE, AZ 85254 | 02/02/2009 | 08-13555 (JMP) | 2508 | $100,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 6 | BRANTNER, RONALD J AND LEONA L, JT TEN 719 OLD QUAKER RD LEWISBERRY, PA 17339-9789 | 03/30/2009 | 08-13555 (JMP) | 3565 | $31,279.69 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 7 | BURKHOLDER, EDGAR L 1039 EDENVILLE RD CHAMBERSBURG, PA 17202-9585 | 03/30/2009 | 08-13555 (JMP) | 3564 | $9,351.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | **SURVIVING CLAIMS** | | | | | |
| 8 | COLEMAN, CHRISTINE 912 CLAIRE RD MONTOURSVILLE, PA 17754-1016 | 08/11/2009 | | 8246 | $25,000.00 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 52520X208 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43 | Duplicative of Indenture Trustee Claim |
| 9 | CROUGH, MICHAEL M. & ELAINE B., TEN IN COM 3633 MELVIN DR. SOUTH BALDWINSVILLE, NY 13027 | 05/18/2009 | 08-13555 (JMP) | 4403 | $200,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 10 | DE COVENY, MERNA 1043 SINCLAIR DR STOWE, VT 05672 | 07/27/2009 | | 6372 | $9,956.00 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 52520X208 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43 | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 11 | DEUTSCHE BANK AG, LONDON BRANCH ATTN: MICHAEL SUTTON AND ALEXANDER KRAEMER 1 GREAT WINCHESTER STREET LONDON, EC2N 2DB UNITED KINGDOM | 09/18/2009 | 08-13555 (JMP) | 17754[2] | Undetermined | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 52519Y209 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21805 | $314,207,499.10 | Duplicative of Indenture Trustee Claim |
| 12 | DUNLOP, JOHN A.B. 380 PINEY POINT RD HOUSTON, TX 77024 | 02/09/2009 | 08-13555 (JMP) | 2654 | $10,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

[2] Claim 17754 is being expunged solely with respect to its asserted claim for securities with ISIN No. US52519Y2090. The portion of Claim 17754 that is asserting a claim for securities with ISIN Nos. US5249088866, US5249087041, US5249087207, US52520W2180, US52520W317, and US5253J4537 is subject to the Debtors' One Hundred Sixty-Ninth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests), dated August 19, 2011 [Docket No. 19387]. The portion of Claim 17754 that is asserting a claim for securities with ISIN No. US67088CAA53 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 17754 in the future.

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 13 | EDWARD JONES C/F VELORES L. KAST IRA 4664 APPELL LANE CHERRY VALLEY, IL 61016 | 09/18/2009 | 08-13555 (JMP) | 18208 | $10,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 52520X208 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43 | |
| 14 | FERGUSON, ROBERT E. 1749 SHADES VIEW LANE BIRMINGHAM, AL 35216 | 08/07/2009 | | 7679 | $320,100.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | **SURVIVING CLAIMS** | | | | | |
| 15 | HAGNER, RUSSELL W. 2032 CAPRI LANE MOUNT DORA, FL 32757 | 01/26/2009 | 08-13555 (JMP) | 1995 | $10,519.42 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 16 | HARGROVES, PAULINE A. 17523 HARBOR WALK DR CORNELIUS, NC 28031-5765 | 12/22/2008 | 08-13555 (JMP) | 1402 | $62,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 17 | HOFFMAN, BLANCHE 4432 W. GREENLEAF AVE. LINCOLNWOOD, IL 60712 | 07/27/2009 | | 6396 | $7,615.00 | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR CUSIP 52520B206 THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22122 | $311,742,937.05 | Duplicative of Indenture Trustee Claim |
| 18 | HYMAN, SIMEON 7 POPLAR RD DEMAREST, NJ 07627 | 09/22/2009 | 08-13555 (JMP) | 30370 | $20,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

*\* - Indicates claim contains unliquidated and/or undetermined amounts*                                                                 *Page 9 of 26*

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 19 | JADECHAIN CORP ATTN: FUNG YAO LUE, MANAGING DIRECTOR 3F.-1, NO.172, SEC. 3, XINYI RD. DA-AN DIST. TAIPEI CITY, 106 TAIWAN, PROVINCE OF CHINA | 09/17/2009 | 08-13555 (JMP) | 15105 | $100,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 20 | JADECHAIN CORP ATTN: FUNG YAO LUE, MANAGING DIRECTOR 3F.-1, NO.172, SEC. 3, XINYI RD. DA-AN DIST. TAIPEI CITY, 106 TAIWAN, PROVINCE OF CHINA | 09/17/2009 | 08-13555 (JMP) | 15106 | $100,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON | |
| 21 | JADECHAIN CORP ATTN: FUNG YAO LUE, MANAGING DIRECTOR 3F.-1, NO.172, SEC. 3, XINYI RD. DA-AN DIST. TAIPEI CITY, 106 TAIWAN, PROVINCE OF CHINA | 09/17/2009 | 08-13555 (JMP) | 15107 | $100,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim | |
| 22 | LAYNE, DAVID S. FBO FIDELITY ROLLOVER IRA # 306-143014 120 MT WHITNEY CT SAN RAFAEL, CA 94903 | 03/12/2009 | 08-13555 (JMP) | 3300 | $5,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim | |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 23 | LIBYAN ARAB FOREIGN INVESTMENT COMPANY C/O KEITH C. OWENS FOLEY & LARDNER LLP 555 SOUTH FLOWER STREET, 35TH FL LOS ANGELES, CA 90071 | 11/02/2009 | 08-13555 (JMP) | 62522[3] | $27,051,904.50 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524908R36 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21800 | $1,933,352,666.67 | Duplicative of Indenture Trustee Claim |
| 24 | LUCAS, WILLIAM J. 807 WEST ST NEW ALBANY, IN 47150-5351 | 08/31/2009 | 08-13555 (JMP) | 9973 | $15,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

[3] Claim 62522 is being expunged solely with respect to its asserted claim totaling $3,030,986.30 for securities with ISIN No. US524908R366. The portion of Claim 62522 that is asserting a claim totaling $10,362,157.53 for securities with ISIN No. US5252M0BZ9 was previously expunged pursuant to the Order Granting Debtors' Twenty-Fourth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated September 21, 2010 [Docket No. 11504]. The portion of Claim 62522 that is asserting a claim totaling $8,984,635 for securities with ISIN No. CH0029197156 is subject to the Debtors' One Hundred Seventy-Second Omnibus Objection to Claims (Amended and Superseded Claims), dated August 19, 2011 [Docket No. 19401]. The portion of Claim 62522 asserting a claim totaling $4,674,125.97 for securities with ISIN Nos. JP584117A762, XS0210414750, and XS0299141332 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 62522 in the future.

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS | | | |
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 25 | MARAS, MITZI T., TTEE DTD 6/21/04 MITZI MARAS REVOCABLE TRUST FBO JENNA RICHESON 284 C TANO ROAD SANTA FE, NM 87506 | 02/03/2009 | 08-13555 (JMP) | 2538 | $50,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 26 | MARCUS KAPPEL & CO. 401K 400 GARDEN CITY PLAZA GARDEN CITY, NY 11530 | 09/17/2009 | 08-13555 (JMP) | 14853 | $80,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 27 | MARSHALL & ILSLEY TRUST COMPANY N.A. AS CUSTODIAN ATTN: GAYLE ROBINSON, GENERAL COUNSEL 111 EAST KILBOURN AVENUE, SUITE 200 MILWAUKEE, WI 53202 | 09/22/2009 | 08-13555 (JMP) | 32522[4] | Undetermined | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 5249087N4 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21798 | $2,051,666,666.67 | |

[4] Claim 32522 is being expunged solely with respect to its asserted claim for securities with CUSIP Nos. 52517PJ85, 52517PK59, 52517PN64, 52517PQ46, 52517PQ53, 52517PR60, 52517PSC6, 52517PSJ1, 52517PT68, 52517PUQ2, 52517PVM0, 52517PVU2, 5249087M6, 5249087N4, 524908AA8, 524908BF6, 524908BQ2, 524908CF5, 524908CF5, 524908PF1, 524908CM0, 524908R36, 524908R44, 524908UB4, 524908WH9, 524908XA3, 52517P4C2, 52517P5X5, 52517PA35, 52517PC66, 52517PC74, 52517PD57, 52517PF63, 52517PG96, 52517PH61, 52517PVV0, 52517PW31, 52517PWE7, 52517PWL1, 52517PXT3, 52517PYN5, 52517PYQ8, 52517PYS4, 52517PYW5, 52517PYY1, 52519FAJ0, 52519FAK7, 52519FAN1, 52519FAU5, 52519FBY6, 52519FCE9, 52519FCM1, 52519FCT6, 52519FCY5, 52519FDE8, 52519FDH1, 52519FDJ7, 52519FDP3, 52519FED9, 52519FFE6, 52519Y209, 52520B206, 52520X208, 52520YAB3, 52522L525, 5252M0AR8, 5252M0BZ9, 5252M0BZ9, and 5252M0CB1. The remainder of Claim 32522 is not being expunged pursuant to this Objection, and the Debtors reserve the right to object to the remaining portions of Claim 32522.

---

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS**

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | **SURVIVING CLAIMS** | | | | |
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524908R36 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21800 | $1,933,352,666.67 | |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 5249087M6 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21802 | $1,521,656,250.00 | |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 52408R44 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21799 | $1,516,614,583.33 | |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524908UB4 ATTN: JOHN GUILIANO 101 BARCLAY ST, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21797 | $1,264,375,000.00 | |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524908WH9 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21801 | $766,500,000.00 | |
| | | | | | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR CUSIP 52520E200 THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22123 | $416,013,746.69 | |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 52519Y209 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21805 | $314,207,499.10 | |
| | | | | | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR CUSIP 52520B206 THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22122 | $311,742,937.05 | |
| | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 5250YAB3 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21804 | $255,540,800.06 | |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 52520X208 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43 | |
| | | | | | | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: PAMELA WIEDER, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 30871 | Undetermined | |
| 28 | MAUST, ANNA M 1900A LEGEER RD BITTINGER, MD 21522-1028 | 03/30/2009 | 08-13555 (JMP) | 3566 | $18,134.22 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 29 | MONTGOMERY FAMILY INVESTMENTS NOMINEE TRUST 800 BOYLSTON ST STE 3600 BOSTON, MA 02199-3600 | 09/21/2009 | 08-13555 (JMP) | 22601 | $200,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 30 | MOONEY, ANGELA 48 HILLSIDE LANE MOUNT LAUREL, NJ 08054 | 08/14/2009 | | 8260[5] | $165,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

[5] Claim 8260 is being expunged solely with respect to its asserted claim totaling $100,000 for securities with CUSIP No. 52520W564.  The remaining portion of Claim 8260 was previously expunged pursuant to the Order Granting Debtors' One Hundred Twenty-First Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated September 21, 2010 [Docket No. 11506].

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 31 | MUSSO, WALTER D. 48 WILLIAMS DR MORAGA, CA 94556-2364 | 05/04/2009 | 08-13555 (JMP) | 4084 | $35,800.97 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524908R36 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21800 | $1,933,352,666.67 | Duplicative of Indenture Trustee Claim |
| 32 | PAL, AMITAVA AND ANASUYA CHATTOPADHYAY (JTWROS) 203 BROAD ST UNIT 1B MILFORD, CT 06460-4750 | 04/27/2009 | 08-13555 (JMP) | 3989 | $9,958.03 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

*\* - Indicates claim contains unliquidated and/or undetermined amounts*

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 33 | PEONIO, BARBARA 432 E ELGIN ST. GILBERT, AZ 85295 | 03/29/2010 | | 66431 | $50,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 34 | SGRO, MICHAEL 1151 76TH STREET BROOKLYN, NY 11228 | 09/03/2009 | | 10217 | $5,071.95 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 35 | SIBENAC, JOSEPH A. 7134 WHITEMARSH CIRCLE LAKEWOOD RANCH, FL 34202 | 07/17/2009 | 08-13555 (JMP) | 5560 | $33,000.00 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524908UB4 ATTN: JOHN GUILIANO 101 BARCLAY ST, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21797 | $1,264,375,000.00 | Duplicative of Indenture Trustee Claim |
| 36 | SIDNEY AND JUDITH SWARTZ CHARITABLE REMAINDER UNITRUST 800 BOYLSTON ST STE 3600 BOSTON, MA 02199-3600 | 09/21/2009 | 08-13555 (JMP) | 22600 | $750,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 37 TREMONT, SUSAN J. 729 BERQUIST DR BALLWIN, MO 63011 | 06/06/2011 | | 67519 | $5,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 38 UAL DIVERSIFIED BOND FUND C/O ELLIOT COHEN RUSSELL INVESTMENTS 1301 SECOND AVENUE, 18TH FLOOR SEATTLE, WA 98101 | 09/22/2009 | 08-13555 (JMP) | 32143[6] | $781,275.17 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: PAMELA WIEDER, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 30871 | Undetermined | Duplicative of Indenture Trustee Claim |

[6] Claim 32143 is being expunged solely with respect to its asserted claim totaling $60,000 for securities identified as B1XHNL6 that have CUSIP No. 524908XA3. The portion of Claim 32143 that is asserting a claim totaling $390,000 for securities with CUSIP Nos. 5249087M6 and 52517P5X5 was previously expunged pursuant to the Order Granting Debtors' Sixty-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated December 22, 2010 [Docket No. 13621]. The portion of Claim 32143 that is asserting a claim totaling $331,275.17 for securities with CUSIP No. 525161AF2 was previously expunged pursuant to the Order Granting Debtors' Ninety-Seventh Omnibus Objection to Claims (Insufficient Documentation Claims), dated March 31, 2011 [Docket No. 15525].

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 39 | VARKAL, JEANNETTE C. 82 PENDLETON ROAD NEW BRITAIN, CT 06053-2106 | 09/18/2009 | | 19316 | $5,000.00 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 52519Y209 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21805 | $314,207,499.10 | Duplicative of Indenture Trustee Claim |
| 40 | WEBB, FRANDA 3509 MCCARRELL LANE KNOXVILLE, TN 37920 | 10/30/2008 | 08-13555 (JMP) | 421 | $255,150.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | |
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 41 | WEHRLE, HENRY B., JR AND SHARON M. 835 HILLCREST DRIVE EAST CHARLESTON, WV 25311 | 09/22/2009 | 08-13555 (JMP) | 32383 | $250,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| 42 | WEINSTEIN, JONATHAN 12 WHITNEY CIRCLE GLEN COVE, NY 11542 | 08/17/2009 | 08-13555 (JMP) | 8543 | $25,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 203: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 43 | WILDSTEIN, ESQ., DAVID M C/O WILENTZ, GOLDMAN & APITZER 90 WOODBRIDGE CENTER DRIVE SUITE 900, BOX 10 WOODBRIDGE, NJ 07095-0958 | 09/18/2009 | | 18938 | $100,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $73,162,259,495.49* | Duplicative of Indenture Trustee Claim |
| | | | | TOTAL | $72,420,228.20 | | | | | | |

# EXHIBIT B

Execution Version

**LEHMAN BROTHERS TREASURY CO. B.V.**
**(Incorporated under the laws of the Netherlands)**

as Issuer

European Inflation-Linked Notes December 2005–December 2017

**LEHMAN BROTHERS HOLDINGS INC.**

as Guarantor

---

**TRUST AGREEMENT**

Dated as of December 5, 2005

---

**JPMORGAN CHASE BANK, NATIONAL ASSOCIATION**
as Trustee

---

# Table of Contents

Page

ARTICLE 1 DEFINITIONS AND INCORPORATION BY REFERENCE ......................................... 2
 Section 1.1. Definitions. ...................................................................................................... 4
 Section 1.2. Other Definitions ............................................................................................... 4
 Section 1.3. Rules of Construction ........................................................................................ 5
ARTICLE 2 THE NOTES ........................................................................................................... 5
 Section 2.1. Issuance and Denomination ............................................................................ 5
 Section 2.2. Dematerialization. ............................................................................................ 6
 Section 2.3. Paying Agents .................................................................................................. 6
 Section 2.4. Outstanding Notes; Determination of Holders' Action. ................................... 6
 Section 2.5. Cancellation .................................................................................................... 6
ARTICLE 3 REDEMPTION ........................................................................................................ 6
 Section 3.1. Right to Redeem; Notices to Trustee .............................................................. 7
 Section 3.2. Redemption of Notes at Maturity ..................................................................... 7
ARTICLE 4 COVENANTS ......................................................................................................... 7
 Section 4.1. Payment of Notes and Guaranty ...................................................................... 7
 Section 4.2. Reporting; Requirements .................................................................................. 7
 Section 4.3. Compliance Certificate; Notice of Defaults ...................................................... 8
 Section 4.4. Further Instruments and Acts ........................................................................... 8
ARTICLE 5 PAYMENTS ............................................................................................................ 8
 Section 5.1. Payments by the Issuer and Guarantor ........................................................... 8
 Section 5.2. Partial Payments. ............................................................................................. 8
 Section 5.3. Payment to Trustee .......................................................................................... 8
ARTICLE 6 DEFAULTS AND REMEDIES ................................................................................. 8
 Section 6.1. Breaches .......................................................................................................... 9
 Section 6.2. Control by Majority .......................................................................................... 9
 Section 6.3. Collection of Suit by Trustee ............................................................................ 9
 Section 6.4. Trustee May File Proofs of Claim ................................................................... 10
 Section 6.5. Priorities ........................................................................................................ 10
 Section 6.6. Notice of Breaches ......................................................................................... 10
 Section 6.7. Waiver of Stay, Extension or Usury Laws ...................................................... 11
ARTICLE 7 TRUSTEE .............................................................................................................. 11
 Section 7.1. Duties and Responsibilities of the Trustee During Default and Prior to Default ......... 11
 Section 7.2. Rights of Trustee ............................................................................................. 12
 Section 7.3. Trustee's Disclaimer ....................................................................................... 13
 Section 7.4. Compensation and Indemnity ......................................................................... 13
 Section 7.5. Replacement of Trustee .................................................................................. 14
 Section 7.6. Successor Trustee by Merger .......................................................................... 15
 Section 7.7. Eligibility; Disqualification .............................................................................. 15
 Section 7.8. Preferential Collection of Claims Against Issuer ............................................. 15
ARTICLE 8 DISCHARGE OF TRUST AGREEMENT ............................................................... 15
 Section 8.1. Discharge of Liability on Notes ....................................................................... 15
 Section 8.2. Repayment to the Issuer ................................................................................. 16
ARTICLE 9 AMENDMENTS ...................................................................................................... 16
 Section 9.1. Without Consent of Holders ............................................................................ 16
 Section 9.2. Revocation and Effect of Consent, Waivers and Actions ............................... 16
 Section 9.3. Trustee to Sign Supplemental Trust Agreements ........................................... 16
 Section 9.4. Effect of Supplemental Trust Agreements ...................................................... 16
ARTICLE 10 MISCELLANEOUS ............................................................................................... 16
 Section 10.1. Restricted Securities ...................................................................................... 17
 Section 10.2. Forwarding of Communications .................................................................... 17
 Section 10.3. Notices ........................................................................................................

| Section 10.4. | Communication by Holders with Other Holders | 18 |
| Section 10.5. | Certificate and Opinion to Conditions Precedent | 18 |
| Section 10.6. | Statements Required in Certificate or Opinion | 18 |
| Section 10.7. | Separability Clause | 18 |
| Section 10.8. | Rules for Meetings | 18 |
| Section 10.9. | Legal Holiday | 19 |
| Section 10.10. | Governing Law | 19 |
| Section 10.11. | Submission to Jurisdiction; Appointment of Agent for Service | 19 |
| Section 10.12. | Netherlands Power of Attorney | 19 |
| Section 10.13. | No Recourse Against Others | 19 |
| Section 10.14. | Successors | 19 |
| Section 10.15. | Acts of Holders | 19 |
| Section 10.16. | Multiple Originals | 20 |
| Section 10.17. | Conflicts | 20 |

**Page**

behalf of all Noteholders, may or, if so directed pursuant to a Resolution of the Noteholders, shall accelerate the Notes and, by notice in writing to the Issuer, enforce the rights under the Terms and Conditions of the Notes and the Guaranty, and (ii) each Holder of a Note may bring an action against the Issuer or the Guarantor to enforce its rights thereunder. If a bankruptcy proceeding is commenced in respect of the Issuer or the Guarantor, the claim of the Holder of a Note may be limited in accordance with the applicable bankruptcy law.

**Section 6.2.** *Control by Majority.* The Noteholders, by adopting a Resolution of the Noteholders, may direct the time, method and place of conducting any proceeding for any remedy available to the Trustee or exercising any trust or power conferred on the Trustee, provided that such direction shall not be in conflict with any law or the Trust Agreement or the Terms and Conditions of the Notes. The Trustee may refuse to perform any duty or exercise any right or power or extend or risk its own funds or otherwise incur any financial liability unless it receives an indemnity or security satisfactory to it against any loss, liability or expense. No Holder of any Notes will have any right to pursue any remedy with respect to the Trust Agreement or the Notes, unless the Trustee, having become bound to proceed, fails to do so within a reasonable time and such failure is continuing.

**Section 6.3.** *Collection of Suit by Trustee.* If a Breach occurs and is continuing, the Trustee may recover judgment in its own name and as a trustee of an express trust for the benefit of the Noteholders against the Issuer for the outstanding principal amount and interest if any, owing with respect to the Notes and the amounts provided for in Section 7.4.

**Section 6.4.** *Trustee May File Proofs of Claim.* In the case of the pendency of any receivership, insolvency, liquidation, bankruptcy, reorganization, arrangement, adjustment, composition or other judicial proceeding relative to the Issuer, the Guarantor or any other obligor on the Notes, or the property of the Issuer, the Guarantor or of such other obligor or their creditors, the Trustee (irrespective of whether the principal amount and interest, if any, in respect of the Notes shall then be due and payable as therein expressed or by declaration or otherwise and irrespective of whether the Trustee shall have made any demand on the Issuer or Guarantor for the payment of overdue principal or interest) shall be entitled and empowered, by intervention in such proceeding or otherwise:

    (a)    to file and prove a claim for the whole amount of the principal amount and interest, if any, owing and unpaid on the Notes, as applicable, and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Trustee (including any claim for the reasonable compensation, expenses, disbursements and advances of the Trustee, its agents and legal counsel) and of the Holders allowed in such judicial proceeding; and

    (b)    to collect and receive any moneys or other property payable or deliverable on any such claims and to distribute the same;

and any custodian, receiver, assignee, trustee, liquidator, sequestrator or similar official in any such judicial proceeding is hereby authorized by each Holder to make such payments to the Trustee and, in the event that the Trustee shall consent to the making of such payments directly to the Holders, to pay the Trustee any amount due it for the compensation, expenses,

9

disbursements and advances of the Trustee, its agents and counsel, and any other amounts due the Trustee under Section 7.4.

Nothing herein contained shall be deemed to authorize the Trustee to authorize or consent to or accept or adopt on behalf of any Holder any plan of reorganization, arrangement, adjustment or composition affecting the Notes or the rights of any Holder thereof, or to authorize the Trustee to vote in respect of the claim of any Holder in any such proceeding.

**Section 6.5.**   *Priorities.*   If the Trustee collects any money pursuant to this Article 6, it shall pay out the money in the following order at the date or dates fixed by the Trustee and, in the case of the distribution of such money on account of principal (or premium, if any) or interest, if any, upon presentation of the Notes with respect to which such moneys were collected, and the notation thereon of the payment if only partially paid and upon surrender thereof if fully paid:

FIRST: to the Trustee for amounts due under Section 7.4;

SECOND: to Noteholders for amounts due and unpaid on the Notes for the principal amount and interest, if any, ratably, without preference or priority of any kind, according to such amounts due and payable on the Notes;

THIRD:  to the Paying Agent for amounts due under Sections 6 and 9 of the Paying Agency Agreement;

FOURTH:  to the Calculation Agent for amounts due under Sections 6 and 8 of the Calculation Agency Agreement; and

FIFTH: the balance, if any, to the Issuer or Guarantor, as their interests may appear.

The Trustee may fix a record date and payment date for any payment to Noteholders pursuant to this Section 6.5. As soon as reasonably possible, but not later than 15 days before such record date, the Issuer shall publish a notice specifying the record date, the payment date and amount to be paid.

**Section 6.6.**   *Notice of Breaches.*   The Trustee shall, within 90 days after the occurrence thereof, publish notice of all Breaches known to the Trustee, unless such Breaches shall have been cured or waived before the giving of such notice; provided that the Trustee shall be protected in withholding such notice if and so long as the board of directors, the executive committee, or a trust committee of directors or Trust Officers of the Trustee in good faith determines that the withholding of such notice is in the interests of the Holders.

**Section 6.7.**   *Waiver of Stay, Extension or Usury Laws.*   The Issuer covenants (to the extent it may lawfully do so) that it shall not at any time insist upon, or plead, or in any manner whatsoever claim or take the benefit or advantage of, any stay or extension law or any usury or other law, whenever enacted, now or at any time hereafter in force, that would prohibit or forgive the Issuer from paying all or any portion of the principal amount and any interest on any such amounts, as contemplated herein, or that may affect the covenants or the performance of this Trust Agreement or the Terms and Conditions of the Notes, except where by not so insisting

10

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*      :        **08-13555 (JMP)**
                                                  :
                          **Debtors.**            :        **(Jointly Administered)**
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED THIRD OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the two hundred third omnibus objection to claims, dated September 13, 2011 (the "Two Hundred Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative of Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the corresponding Indenture Trustee Claims, all as more fully described in the Two Hundred Third Omnibus Objection to Claims; and due and proper notice of the Two Hundred Third Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Third Omnibus Objection to Claims; and (vii)

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Third Omnibus Objection to Claims.

all other parties entitled to notice in accordance with the procedures set forth in the second

amended order entered on June 17, 2010, governing case management and administrative

procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the Two

Hundred Third Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the Two

Hundred Third Omnibus Objection to Claims establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative of Indenture Trustee Claims") are disallowed and expunged with

prejudice as set forth in Exhibit 1; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Indenture Trustee Claims") will remain on the claims

register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the

Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to the

Indenture Trustee Claims, and the Debtors' rights to object to the Indenture Trustee Claims on

any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Two Hundred

Third Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*"

that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) the Indenture Trustee Claims; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
     New York, New York

                                         _____
                                         UNITED STATES BANKRUPTCY JUDGE