**Hearing Date and Time: September 14, 2011 at 10:00 a.m.**

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
: 
In re:                                                            :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                                                  :
                        Debtors.                          :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------ X

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**IN CONNECTION WITH DEBTORS' MOTION FOR APPROVAL OF A**
**MODIFICATION TO THE DEBTORS' DISCLOSURE STATEMENT**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in possession (collectively, the "Debtors"), hereby files this statement in connection with the Debtors' motion, dated September 9, 2011 [Docket No. 19813] (the "Motion"),[1] for approval of a modification to the disclosure statement (the "Disclosure Statement") approved by the Court on September 1, 2011 [Docket No. 19629] in connection with the Debtors' Third Amended Joint Chapter 11 Plan (the "Plan").

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

**STATEMENT**

1. In the Motion, the Debtors seek to amend the Disclosure Statement to modify the description of the types of Claims included in LBHI Class 5. The Plan provides that LBHI Class 5 consists of the Claims asserted by third parties based on LBHI's guarantees of obligations that are senior to certain subordinated notes issued by LBHI (the "Subordinated Notes"). Thus, to ascertain whether a particular Claim or type of Claim belongs in LBHI Class 5, one would need to review the seventeen indentures governing the Subordinated Notes (the "Indentures") and determine whether such Claim constitutes a "senior" obligation under such Indentures. However, for illustrative purposes, the Disclosure Statement, as approved on September 1, 2011, contained a list of certain types of Claims presumptively included in LBHI Class 5. Among such Claims were "Claims against LBHI based on its guarantee of . . . securities lending agreements" (the "Securities Lending Agreements Claims").

2. The Debtors now assert that, based on further analysis, they have determined that the Securities Lending Agreement Claims are not entitled to be treated as "senior" obligations under any of the Indentures and are not properly classified in LBHI Class 5. Therefore, such Claims should be removed from the illustrative list contained in the Disclosure Statement.

3. While the Committee believes that the Debtors' current interpretation of the nature of obligations under the securities lending agreements is colorable, the Committee is not taking any position at this time as to the proper classification of the Securities Lending Agreement Claims.

4. The amendment sought by the Debtors does not impact any claimant's substantive rights in any way. The amendment does not effect reclassification of any Claims; it merely conforms the Disclosure Statement to the Debtors' current interpretation of the Plan with

respect to the Securities Lending Agreements Claims. All of the rights of the claimants are determined solely by the Plan, which is not being changed by this amendment.[2] To the extent that any holder of a Securities Lending Agreement Claim wishes to assert that such Claim is entitled to be treated as a "senior" obligation under any of the Indentures, such holder's rights to make such an assertion are fully preserved, and can be exercised in connection with the confirmation of the Plan.

        5.      In addition, while the potential reclassification of the Securities Lending Agreement Claims from a Class that benefits from the re-distribution of value from the Subordinated Notes to a Class that is not entitled to such benefit impacts the recoveries of the applicable claimants, the Committee's financial advisors have confirmed, based upon their understanding of the amount of Securities Lending Agreement Claims and current estimates of the amounts of claims currently in LBHI Class 5 and LBHI Class 9A, that the overall impact of such potential reclassification is *de minimis*.

[Remainder of Page Intentionally Left Blank]

---

[2] Although the Motion is not taking any position as to the alternative classification of the Securities Lending Agreement Claims, presumably, the Debtors envision that such Claims belong in LBHI Class 9A (Third-Party Guarantee Claims against LBHI Other than those of the RACERS Trusts).

## **CONCLUSION**

For the foregoing reasons, the Committee does not object to the Court granting the relief requested in the Motion.

Dated: New York, New York
       September 13, 2011

        **MILBANK, TWEED, HADLEY & McCLOY LLP**

        By:   /s/ Dennis F. Dunne
            Dennis F. Dunne
            Evan R. Fleck
            Dennis C. O'Donnell

            1 Chase Manhattan Plaza
            New York, New York 10005

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.