WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                       :

**In re**                                   :        **Chapter 11 Case No.**
                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                       :
                   **Debtors.**           :        **(Jointly Administered)**
                                       :
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON SEPTEMBER 14, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

        1.     Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following motions (collectively, the "Motions") with the Court for hearing on September 14, 2011:

US_ACTIVE:\43804317\01\58399.0008

- Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for Authorization to Modify Settlement with Respect to Variable Funding Trusts **[ECF No. 19370]**

- Debtors' Motion for an Extension of Deadline for Service of Avoidance Action Complaint **[ECF No. 19372]**

2. In accordance with the Second Amended Case Management Order, September 7, 2011 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline (the "Objection Deadline") for parties to object or file responses to the Motions. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Objection Deadlines have now passed and, to the best of my knowledge, no objections or other responsive pleadings to the Motions have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4. Accordingly, the Debtors respectfully request that the proposed orders granting the Motions annexed hereto as Exhibits A and B, and unmodified since the filing of

the Motions, be entered in accordance with the procedures described in the Second Amended

Case Management Order.

I declare that the foregoing is true and correct.

Dated: September 15, 2011
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

**(Proposed Order – ECF No. 19370)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
In re                                                                           :          Chapter 11 Case No.
                                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :          08-13555 (JMP)
                                                                                   :
                           Debtors.                                      :          (Jointly Administered)
                                                                                   :
-----------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE**
**AND BANKRUPTCY RULE 9019 AUTHORIZING THE MODIFICATION**
**OF SETTLEMENT WITH RESPECT TO VARIABLE FUNDING TRUSTS**

Upon the motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Special Financing Inc. ("LBSF" and, together with LBHI, LCPI and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to enter into a transaction (the ("Modified Settlement") modifying the terms of the settlement (the "Settlement") with respect to certain transactions involving Variable Funding Trust 2007-1 and Variable Funding Trust 2008-1 entered into between LCPI and The Metropolitan Life Insurance Company ("MetLife") pursuant to the *Order Pursuant to Sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing LCPI to Settle Dispute with MetLife* [Docket No. 3558] (the "Settlement Order"), as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for MetLife and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI, LCPI, and LBSF are authorized to effectuate the Modified Settlement as described in the Motion and consummate all of the transactions contemplated thereunder, and to take such other actions as may be reasonably necessary to consummate such transactions, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of any further court proceedings or approval; and it is further

ORDERED that nothing in the Motion or herein shall be construed as affecting any rights of any parties, including MetLife, other than LBHI and LCPI arising from or relating to any transactions related to the Settlement or the Modified Settlement; and it is further

ORDERED that to the extent of any conflict between the provisions of this Order and (i) the Settlement Order; (ii) the *Order Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing Lehman Commercial Paper Inc. to Purchase Fairpoint Participation*, dated October 16, 2009 [Docket No. 5551]; (iii) the *Order Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing Debtor to Prepay Notes Issued by Variable Funding Trusts*, dated February 23, 2010 [Docket No. 7220]; or (iv) the *Order pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 Authorizing the Transfer of Loans from Variable Funding Trust 2007-1 to Non-Debtor Affiliates*, dated May 13, 2010 [Docket No. 8537], the provisions of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: September __, 2010
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**(Proposed Order – ECF No. 19372)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
In re                                                                       :     Chapter 11 Case No.
                                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :     08-13555 (JMP)
                                                                               :
                        Debtors.                                  :     (Jointly Administered)
                                                                               :
                                                                               :
-----------------------------------------------------------------x

### ORDER GRANTING EXTENSION OF DEADLINE
### FOR SERVICE OF CERTAIN AVOIDANCE ACTION COMPLAINTS

Upon the motion, dated August 19, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code and Rule 4(m) of the Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of Bankruptcy Procedure, for an extension of the deadline to effect service of process of an avoidance action complaint to November 30, 2011, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having entered the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2011 [ECF No. 12199]; and the Court having

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

entered the *Order Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011 [ECF No. 17763]; and the Court having entered the *Bridge Order Extending the Deadline for Service of Certain Avoidance Action Complaints*, dated August 19, 2011 [ECF No. 19389]; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; and (vii) the BlueBay Defendants or their agents or representatives, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors shall have until November 30, 2011, to effect service on the BlueBay Defendants, without prejudice to the Debtors' ability to request further extensions; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September __, 2011
   New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE