---

**THE DEBTORS' TWO HUNDRED AND SEVENTH OMNIBUS OBJECTION  TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE  WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JENNIFER N. GANESH, AT (212)-310-8644.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

| | |
|---|---|
| **In re** : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : | **08-13555 (JMP)** |
| : | |
| **Debtors.** : | **(Jointly Administered)** |

------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'
TWO HUNDRED AND SEVENTH OMNIBUS OBJECTION TO
CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

   **PLEASE TAKE NOTICE** that on September 15, 2011, Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (collectively, the "Debtors"), filed their two hundred and seventh omnibus

objection to claims (the "Two Hundred and Seventh Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Two Hundred and Seventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 30, 2011 at 10:00 AM (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that due and proper notice of this Two Hundred and Seventh Omnibus Objection to Claims has been provided to all claimants listed on Exhibit A to the objection.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred and Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B.

Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in

these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York,

New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.);

so as to be so filed and received by no later than **November 11, 2011 at 4:00 PM (prevailing**

**Eastern Time)** (the "Response Deadline").

        **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Two Hundred and Seventh Omnibus Objection to Claims or any claim

set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy

Court an order substantially in the form of the proposed order annexed to the Two Hundred and

Seventh Omnibus Objection to Claims, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated:  September 15, 2011
       New York, New York

                    /s/ Robert J. Lemons
                    Robert J. Lemons

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Debtors
                    and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                                   :     Chapter 11 Case No.
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :     **08-13555 (JMP)**
                                                        :
                            **Debtors.**                :     (Jointly Administered)
-------------------------------------------------------------------x

**DEBTORS' TWO HUNDRED**
**AND SEVENTH OMNIBUS OBJECTION TO CLAIMS**
**(TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY
AS EQUITY CERTAIN FILED PROOFS OF CLAIM.
PARTIES RECEIVING THIS TWO HUNDRED AND SEVENTH
OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW
THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S)
AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION
AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE
WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JENNIFER N. GANESH, AT 212-310-8644.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and

debtors in possession (together, the "Debtors"), respectfully represent:

### Relief Requested

      1.    The commencement of the Debtors' chapter 11 cases has impacted parties

in interest around the globe, including the Debtors' prepetition counterparties, customers, and

investors.  Prepetition employees of the Debtors and their affiliates have, most certainly, also

been affected.  The Debtors attempted to minimize the impact on employees by, among other

things, preserving more than 10,000 jobs through various asset sales and by transferring funds to

establish a health care trust to backstop certain medical benefits.  Unfortunately, as a result of the

dramatic collapse of the Lehman empire, employees, like investors, could not be made whole for

all of their damages and the nature of some of their compensation – in the form of restricted

stock units or contingent stock awards – requires that their recovery be subordinated to claims

against the Debtors.  The law permits no other outcome.

      2.    The proofs of claim listed on Exhibit A annexed hereto (collectively, the

"Compensation Claims") were filed by current and/or former employees of the Debtors and/or

their affiliates on the basis of either restricted stock units, contingent stock awards, stock options,

or other equity-related compensation (together, the "Equity Awards").  The Equity Awards were

compensation awards which, among other things, provided the employee with the right to shares

of LBHI common stock on a future date upon the satisfaction of certain conditions.  Certain of

the Equity Awards were distributed or vested, while others were not distributed or unvested.

      3.    The ownership of the Equity Awards constitutes an equity interest in a

Debtor, but does not constitute a claim against a Debtor's estate as such term is defined in

section 101 of title 11 of the United States Code (the "Bankruptcy Code").  Accordingly, the

Debtors file this omnibus objection, in accordance with Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim (the "Procedures Order") [Docket No. 6664]

to reclassify the Compensation Claims as equity interests.  To the extent that insufficient

documentation was attached to any of the claims listed on Exhibit A, the Debtors consulted their

books and records and were able to identify such claims as Compensation Claims asserted

pursuant to the Equity Awards.

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of

title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b).  The Debtors are authorized to operate their businesses and manage their properties as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S.

Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of

the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated

January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the

Examiner.  The Examiner filed its report with the Court on March 11, 2010 pursuant to section

1106(b) of the Bankruptcy Code [Docket No. 7531].

8.    On January 14, 2010, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a

time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those

additional grounds set forth in the Procedures Order.

### The Equity Awards Are Not Claims

9.    The Debtors continue their review of the claims filed on the claims

register in these cases and maintained by the Court-appointed claims agent.  As indicated on

Exhibit A, certain of the Compensation Claims were improperly filed as secured or general

unsecured claims and others were improperly filed as claims having priority pursuant to section

507(a) of the Bankruptcy Code.  Each of the Compensation Claims must be reclassified as equity

interests.

10.    Both the Bankruptcy Rules and the Procedures Order provide grounds to

object to the Compensation Claims.  Bankruptcy Rule 3007(d)(7) provides that a debtor may file

an objection, and join one or more objections in an omnibus objection, if all of the claims "are

based solely on the grounds that the claims should be disallowed, in whole or in part, because …

they are interests, rather than claims."  FED. R. BANKR. P. 3007(d).  The Procedures Order

additionally permits the Debtors to object, on an omnibus basis, to claims that "were incorrectly

classified."  Procedures Order at 2.

11.    Once objected to, a filed proof of claim is no longer "deemed allowed."

11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed … is deemed allowed, unless a

party in interest … objects.").  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

## The Compensation Claims Should Be Reclassified as Interests

### A.     Compensation Claims Are for Equity Securities.

12.     Section 501(a) of the Bankruptcy Code provides that a creditor may file a

proof of claim and that an equity security holder may file a proof of interest.  11 U.S.C. §501(a).

The Bankruptcy Code defines a "claim" as a right to payment.  *Id.* at §101(5).  The Bankruptcy

Code definition of an "equity security," alternatively, includes a share in a corporation or similar

"security," including "stock," "treasury stock," "other claim or interest commonly known as

'security'," "certificate of interest or participation in," and "warrant or right to subscribe to or

purchase or sell, a security."  *Id.* §101(16) and 101(49)(A).

13.     Courts have interpreted the definition of equity security to include a range

of stock-based transactions, including transactions based on a right to acquire stock, such as

stock options and stock assignments.  *E.g., In re Enron Corp* 341 B.R. 141, 162 (Bankr.

S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was

deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also Matter*

*of Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to

exercise stock option portion of plan were equity security interest for purposes of determining

priority).

14.     The Equity Awards provided grantees with a right to acquire common

stock in LBHI upon satisfaction of certain conditions precedent, similar to stock options or the

right to exercise stock options.  As a result, the Equity Awards fall within the definition of

"equity securities" under the Bankruptcy Code.  Because each of the Compensation Claims is

based on the ownership of the Equity Awards, the Debtors hereby object to reclassify the

Compensation Claims as equity interests.

**B.    Subordination Provisions Present in Certain of the Agreements
Are Enforceable Pursuant to Bankruptcy Code Section 510(a).**

15.    Notwithstanding that the Compensation Claims must be reclassified as

equity securities, Agreements governing certain of the Equity Awards (the "Agreements")

provided that, in the event of a bankruptcy of LBHI, all claims arising from, in connection with,

or in any way relating to, any failure of LBHI to deliver shares of common stock shall have the

same priority as, and no greater priority than, common stock interests in LBHI.  These

Agreements advised grantees that:

> All of [their] claims arising from, in connection with, or in any
> way relating to, any failure of [LBHI] to deliver to [them], or to a
> subsidiary for delivery by such subsidiary to [them], shares of
> Common Stock on the date when such shares are due to be
> delivered under this Agreement in satisfaction of each Unit granted
> to you shall be deemed, in the event of a bankruptcy of [LBHI], to
> be claims for damages arising from the purchase or sale of
> Common Stock of [LBHI], within the meaning of section 510(b) of
> the Bankruptcy Code and shall have in such bankruptcy the same
> priority as, and no greater priority than, common stock interests in
> [LBHI].

See, *e.g.*, 2003 and 2004 Equity Award Program Agreement, ¶ 10.

16.    Section 510(a) of the Bankruptcy Code provides that "[a] subordination

agreement is enforceable … to the same extent that such agreement is enforceable under

applicable nonbankruptcy law."  11 U.S.C. § 510(a).  Courts have routinely held that the

"enforcement of lawful subordination agreements by Bankruptcy Courts does not offend the

policy of equal distribution of the bankrupt's estate."  *In re Leasing Consultants, Inc.* 2 B.R. 165,

168 (Bankr. N.Y. 1980), *citing In re Credit Industrial Corp.*, 366 F.2d 402, 407 (2d Cir. 1966).

Under general contract law principles, when a subordination agreement is unambiguous, the

parties' rights are governed exclusively by that agreement. *In re Leasing Consultants, Inc.*,

2 B.R. at 169.

17.    Compensation Claims arising out of agreements with subordination

provisions similar to the one referred to above should have the same priority as common equity

interests in LBHI, and the Court should reclassify such claims as interests.[1]  Holders of such

Compensation Claims do not have claims against the Debtors.

### C.    Bankruptcy Code Section 510(b) Mandates that the Compensation Claims Have the Same Priority as Common Equity of LBHI.

18.    Another reason the Compensation Claims must be treated as equity is that

section 510(b) of the Bankruptcy Code provides that for purposes of distribution, a claim for

damages arising from the purchase or sale of a security shall have the same priority as the

security.  11 U.S.C. § 510(b).

19.    As noted above, the Equity Awards fall within the Bankruptcy Code

definition of "security."  In addition, the grant of the Equity Awards constitutes a "purchase or

sale" of a security.  "Courts interpreting section 510(b) have read the term 'purchase' broadly

and have included within its scope grants of stock and stock options as compensation."  *In re

Wireless Corporation, Inc.* 384 B.R. 713, 718 (Bankr. D. Del. 2008).  In *Wireless Corporation*,

for example, the Delaware Bankruptcy Court held that the debtor's grant of an equity

compensation package, consisting of shares of stock and warrants, constituted a "purchase or

---

[1] The Bankruptcy Code, Bankruptcy Rules and case law make clear that the Debtors do not need to commence an adversary proceeding either to enforce a subordination agreement pursuant to Bankruptcy Code section 510(a) or to seek to subordinate a Compensation Claim pursuant to Bankruptcy Code section 510(b).  FED. R. BANKR. P 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

sale" of a security.  *See also In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006)

(holding that claim based on debtor's failure to issue its common stock to employee in exchange

for his stock in another company, allegedly in violation of the parties' termination agreement,

was a claim arising from the purchase or sale of the debtor's stock.); *In re Touch Am. Holding,*

*Inc.*, 381 B.R. 95, 104 (Bankr. D. Del. 2008) (holding that claims based on stock received as

matching contribution under an ERISA plan likewise constituted a "purchase or sale" of

securities).

> 20.     In *Enron*, employees filed claims asserting a right to payment for damages

in connection with unexercised stock options they had received during the course of their

employment.  The Court held that it was clear that a stock option was a "security" as that term

was defined in section 510(b) of the Bankruptcy Code.  *Enron*, 341 B.R. at 150.  The Court

further found that, "[w]hile it is true that the Claimants did not purchase the stock options on the

open market, they nonetheless exchanged value for the options: here, their labor.  Such exchange

falls under a broad reading of the term 'purchase.'"  *Id.* at 151 (citing *Frankum v. Int'l Wireless*

*Communications Holdings, Inc.* (*In re Int'l Wireless Communications Holdings, Inc.*), 279 B.R.

463 (D. Del. 2002) ("That Appellants received the Debtors' stock as part of a compensation

package does not preclude the transfer from being characterized as a purchase/sale of the

Debtors' stock.")).  This was true even where the employees "never elected to receive stock

options, but rather were required to take a minimum percentage of their annual bonus in stock

option form."  *Id.*  The Court found flaws in the employees' argument that they did not

"purchase" the stock options, because there was no voluntary exchange of goods, services or

currency:

> Although implicit, there is nonetheless a bargain and exchange of value. Here, the exchange is made not at the time of payment but prior to employment. If these Claimants were required to receive a portion of their compensation as options, that was a condition of employment the Claimants willingly accepted in return for their labor. These Claimants, thus, "purchased" the stock options with their labor.

*Id.*

21.     The Court in *Enron* further concluded that "claims alleging the fraudulently induced election of stock options as part of a compensation package are claims 'arising from' the purchase of a security and should thus be subordinated pursuant to section 510(b)." *Id.* "[P]hysical possession of the security is not required for a claim based upon that security to be subordinated." *Id.* at 163 (citing *American Broad. Sys. v. Nugent (In re Betacom of Phoenix, Inc.)*, 240 F.3d 823 at 829-30 (9th Cir. 2001) (finding that "[n]othing in § 510(b)'s text requires a subordinated claimant to be a shareholder.")).

22.     Like it did in *Enron*, the Court should find that the Equity Awards in this case are equity interests and the Compensation Claims arise from the purchase and sale of securities. As the Court found in *Enron*, neither the fact that Equity Awards were a form of compensation for services performed, nor the fact that claimants asserting Compensation Claims could not opt to receive compensation in cash in lieu of Equity Awards converts the Compensation Claims into claims for debt. Any portion of a Compensation Claim alleging the claimant was induced to accept or retain its Equity Awards should similarly be subordinated pursuant to section 510(b) of the Bankruptcy Code.

## Reservation of Rights

23.     The Debtors reserve all their rights to object on any other basis to any Compensation Claim or any portion of any Compensation Claim for which the Court does not grant the relief requested herein.

## Notice

24.    No trustee has been appointed in these chapter 11 cases.  Notice of this

Two Hundred and Seventh Omnibus Objection to Claims has been provided to:  (i) each

claimant listed on Exhibit A; (ii) the U.S. Trustee for Region 2; (iii) the attorneys for the

Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue

Service; and (vi) the United States Attorney for the Southern District of New York, in

accordance with the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and

Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management

Procedures, dated February 13, 2009 [Docket No. 2837] and the Procedures Order.  The Debtors

submit that such notice is sufficient and no other or further notice need be provided.

25.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated:  September 15, 2011
          New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | ABRAMS, STANLEY<br>712 N. CRESCENT DRIVE<br>BEVERLY HILLS, CA 90210 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16132 | $493,339.74 |
| 2 | ALI, ASGAR<br>2171 MADISON AVE APT 4C<br>NEW YORK, NY 10037 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27619 | Undetermined |
| 3 | BAREGGI, MICHELE<br>18 SEYMOUR WALK<br>LONDON, SW109NF<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32511 | Undetermined |
| 4 | BASS, BRADLEY<br>110 E. DELAWARE PLACE # 702<br>CHICAGO, IL 60611 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/09/2009 | 65217 | $35,270.72 |
| 5 | BIRD, RICHARD<br>45 DERWENT ROAD<br>HARPENDEN, AL5 3NY<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/19/2009 | 19506 | $61,000.00 |
| 6 | BRANCATO, JENNIFER<br>35 N. CHATSWORTH AVE, 1R<br>LARCHMONT, NY 105383 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30417 | Undetermined |
| 7 | BURKE, JAMES K.<br>43 ELMWOOD AVENUE<br>RYE, NY 10580 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/11/2009 | 11510 | $5,000.00 |
| 8 | BURKE, TIMOTHY A.<br>149 SPLIT ROCK ROAD<br>SYOSSET, NY 11791 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27925 | Undetermined |
| 9 | BUTLER-MCLAUGHLIN, CECELIA<br>2 LANGDON ROAD<br>CARLE PLACE, NY 11514 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 21510 | Undetermined |
| 10 | CASSANOVA, CATRINA<br>605 THIRD AVENUE, 22ND FLOOR<br>NEW YORK, NY 10158 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25137 | Undetermined |

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 11 | CASUPLE, VIRGILIO 57 EDGAR PLACE NUTLEY, NJ 07110 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 34326 | $6,184.00 |
| 12 | CHAN, SHIRLEY 20B DRAGONVIEW COURT 5 KOTEWALL MID-LEVELS, HONG KONG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32595 | Undetermined |
| 13 | CINTRON, JACQUELINE 84-01 MAIN ST APT 406 JAMAICA, NY 11435 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25226 | $1,387.00 |
| 14 | COHEN GUSTAVO SEBASTIAN ORTIZ DE OCAMPO 2655 PISO 7 DTO 1 BUENOS AIRES, 1425 ARGENTINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25443 | $6,188.13 |
| 15 | COLTON, DAVID 345 WASHINGTON AVE GLENCOE, IL 60022-1832 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25073 | $19,956.00 |
| 16 | DELLARUSSO, RICHARD J. 8 SUNSET ROAD DARIEN, CT 06820 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/30/2009 | 4319 | $112,876.55 |
| 17 | DICENSO, JOSEPH 2251 EISENHOWER AVE APT 710 ALEXANDRIA, VA 22314-6902 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29210 | $10,950.00* |
| 18 | DUNKIN, ROBEN L 107 CLARK STREET GLEN RIDGE, NJ 07028 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/20/2009 | 5729 | Undetermined |
| 19 | ERTMANN, JAMES 1003 VINE ST. WINNETKA, IL 60093 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19193 | $133,246.59 |
| 20 | ESCOBAR JR., CALIXTO M. 84 SHERIDAN AVE. STATEN ISLAND, NY 10305 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 24678 | $7,537.76 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 21 | FELDERHOF, STEPHEN<br>170 HOLLAND PARK AVENUE<br>LONDON, W11 4UH<br>UNITED KINGDOM | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25339 | Undetermined |
| 22 | FINKEL, SETH J.<br>6 EAST HILL COURT<br>TENAFLY, NJ 07670 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18067 | $1,409,198.00 |
| 23 | FLYNN, PATRICK<br>205 9TH STREET<br>WILMETTE, IL 60091 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24407 | $558,505.00* |
| 24 | FRYER, DANIEL J.<br>3 RIDGEWAY GARDENS<br>ESSEX<br>WESTCLIFF ON SEA, SS08PZ<br>UNITED KINGDOM | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23028 | Undetermined |
| 25 | GOLDFARB, DAVID<br>11 CHAUNCEY PLACE<br>WOODBURY, NY 11797 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 05/27/2009 | 4611 | $63,572,514.13 |
| 26 | GREEN, LOUISE<br>44 EAST AVENUE<br>MIDDLETOWN, NY 10940 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 14391 | Undetermined |
| 27 | GREEN, LOUISE<br>44 EAST AVENUE<br>MIDDLETOWN, NY 10940 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24266 | Undetermined |
| 28 | GREGG, HAWES<br>1911 RUXTON ROAD<br>RUXTON, MD 21204 | 08-13555<br>(JMP) | Lehman Brothers Holdings Inc. | 08/10/2009 | 7797 | $60,464.00 |
| 29 | HALL, ROOPALI A.<br>1 VAN RENSSELAER AVE<br>STAMFORD, CT 06902-8018 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30355 | $22,222.00 |

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 30 | HARGRAVE, BRIAN<br>105 LLEWELLYN ROAD<br>MONTCLAIR, NJ 07042 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 33155 | Undetermined |
| 31 | HASHIDA, AKIKO<br>713 POINCIANA DR<br>GULF BREEZE, FL 32561 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/16/2009 | 5421 | Undetermined |
| 32 | HOM, MICHAEL C.<br>43 WEST 61ST STREET<br>APT 17K<br>NEW YORK, NY 10023 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/15/2009 | 12940 | $189,892.00 |
| 33 | HOOPER, HELEN<br>1722 EAST 51ST STREET<br>BROOKLYN, NY 11234 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28365 | Undetermined |
| 34 | IYER, SUBRAMANIUM<br>C/6, KRIPA SADAN, 9TH CENTER ROAD<br>BORIVALI (EAST)<br>MUMBAI, 400066<br>INDIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23575 | $3,196.64 |
| 35 | JENCKES, GEORGE A., IV<br>76 SCONSET DR<br>FAIRFIELD, CT 06824-3854 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 20300 | $24,719.00 |
| 36 | JOHNSON, BRIAN A.<br>888 TOWER ROAD<br>WINNETKA, IL 60093 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15102 | $225,000.00 |
| 37 | KENG-CHONG, CHEN<br>FLAT B, 11/F GRAND FORTUNE MANSION<br>1 DAVIES STREET<br>KENNEDY TOWN,<br>HONG KONG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/24/2009 | 9025 | Undetermined |
| 38 | KILGALLON,JOHNINE<br>1065 PARK AVE # 16A<br>NEW YORK, NY 101281001 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25172 | $450,000.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 39 | KOTIAN, SURAJ SAINATHWADI CO-OP HSG SOC FLAT NO - 505 5TH FLOOR. ASALPHA VILLAGE GHATKOPAR (W) MUMBAI, 400084 INDIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23582 | $3,196.64 |
| 40 | LANKEN, JONATHAN P 2 BRYANSTON MEWS WEST LONDON, W1H 2DD UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 32239 | Undetermined |
| 41 | LAWSKY, MICHAEL 17 OAK KNOLL ROAD SUMMIT, NJ 07901 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24670 | $94,482.00 |
| 42 | LEE, MAN YANG 306 GOLD ST APT 31C BROOKLYN, NY 11201-3051 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/13/2009 | 5262 | Undetermined |
| 43 | LEGOTTE, LEONARD J. 549 RATHBUN AVE STATEN ISLAND, NY 10312 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31267 | $75,454.89 |
| 44 | LEUNG, PAMELA 7527 137TH AVE SE RENTON, WA 98059-3098 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/30/2009 | 6741 | $10,000.00 |
| 45 | LOWE, TIA GELAINE 88 GREENWICH APT 1023 NEW YORK, NY 10006 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28287 | $39,182.00 |
| 46 | MALCOLM, ANDREW 23 ZANGWILL ROAD BLACKHEATH, SE3 8EH UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30704 | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 47 | MARNEY, LESLEY N POPLAR GRANGE 48 CLERKE DRIVE KEMSLEY SITTINGBOURNE, KENT, ME102RY UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/10/2009 | 11107 | $21,315.00 |
| 48 | MCLAUGHLIN, MARY DEIRDRE 84 BASEVI WAY GREENWICH LONDON, SE8 3JS UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/11/2009 | 11434 | $24,696.00 |
| 49 | MODASIA, DIPAK 801 CASCADES TOWER 4 WESTFERRY ROAD LONDON, E14 8JN UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24585 | Undetermined |
| 50 | MONTALVO, MIRIAM 1918 KIMBALL STREET BROOKLYN, NY 11234 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30680 | Undetermined |
| 51 | MURPHY, PATRICIA 71 HAYES STREET GARDEN CITY, NY 11530 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17261 | $24,385.00 |
| 52 | NORTH-CLAUSS, BRYAN 10 BARCLAY STREET, APT 39D NEW YORK, NY 10007 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 20305 | $104,495.42 |
| 53 | PATANKAR, SAMEER GOKUL NAGAR, OLD AGRA ROAD, OPP. NAUNEET MOTORS, NEAR SHIVSENA OFFICE THANE (W) INDIA | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 23578 | $3,196.64 |
| 54 | POCHINAPEDDI, VENKATA 901 SWALLOW CT. NORTH BRUNSWICK, NJ 08902 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31219 | $35,527.00 |

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 55 | PULJIC, GORAN<br>8 SEARLES RD.<br>DARIEN, CT 06820 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28316 | $3,800,778.00 |
| 56 | RADICK, JONATHAN<br>1300 KNOLLWOOD ROAD<br>MOUNTAINSIDE, NJ 07092 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/10/2009 | 11300 | Undetermined |
| 57 | REYCROFT, EMILY M.<br>40 EAST 20TH STREET<br>APARMENT #4<br>NEW YORK, NY 10003 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/31/2009 | 10489 | $1,002.00* |
| 58 | RONCAGLIOLO, JACQUELINE S<br>454 RIVER ROAD<br>APARTMENT G<br>NUTLEY, NJ 07110 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/14/2009 | 5326 | Undetermined |
| 59 | SARODE, SUNIL<br>FLAT NO. 214, 'D' WING, UMIYA COMPLEX<br>GAMESH MANDIR ROAD<br>TITWALA (E)<br>KALYAN, 421605<br>INDIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23577 | $3,196.64 |
| 60 | SAVILLO, JOSEPHINE M.<br>34-02 BROOKSIDE ST - FLOOR 2<br>LITTLE NECK, NY 11363 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/21/2009 | 8951 | Undetermined |
| 61 | SCHWAB, STEVEN B<br>25 KENT ROAD<br>SCARSDALE, NY 10583 | | Lehman No Case Asserted/All Cases Asserted | 09/11/2009 | 11540 | $455,210.00 |
| 62 | SHINDE, SUDARSHAN SUBHASH<br>43, SUSWAGOTAM NAGAR<br>POSTAL COLONY ROAD, NEAR FINE ARTS SOCIETY<br>CHEMBUR (E)<br>MUMBAI, 400071<br>INDIA | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 23580 | $3,196.64 |

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 63 | SHUM, DANIEL T. 11763 E CHARTER OAK DRIVE SCOTTSDALE, AZ 85259 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14958 | $1,005,600.00 |
| 64 | SIBIRSKI, LINDA J. 2165 BRIGHAM STREET APT 6E BROOKLYN, NY 11229 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13458 | Undetermined |
| 65 | SIEGEL, NORMAN 550 N. KINGSBURG # RO8 CHICAGO, IL 60654 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/09/2009 | 65222 | $960,419.78 |
| 66 | SINGH, ANIL KUMAR 25 WEST DRIVE SURREY CHEAM, SM2 7NB UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32064 | $60,000.00* |
| 67 | SPERO, CHARLES 555 WEST 59TH ST APT 9E NEW YORK, NY 10019 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23799 | Undetermined |
| 68 | STEFFENS, EDWARD M. 77 MOTLEY STREET MALVERNE, NY 11565 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31665 | $59,480.00 |
| 69 | STEVENS, CHRISTIAN E. 2940 ROCKBRIDGE DRIVE HIGHLANDS RANCH, CO 80129 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25431 | $132,944.81 |
| 70 | SURI, TARVINDER SINGH FLAT NO. 11, SHREE SAI APT. ROAD NO. 27, SHANTI NALAR WAGLE ESTATE THANE, 400604 INDIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23576 | $3,196.63 |

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 71 | SWEELY, GORDON<br>56 GILLESPIE AVENUE<br>FAIR HAVEN, NJ 07704 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 33156 | Undetermined |
| 72 | TRAVERSA, ROBERT<br>85 RIVER ST<br>SLEEPY HOLLOW, NY 10591-2415 | | Lehman No Case Asserted/All Cases Asserted | 08/31/2009 | 9879 | $51,559.00 |
| 73 | TURNBULL, NIGINA<br>221 WEST 105TH STREET, APT 3FE<br>NEW YORK, NY 10025 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 26063 | Undetermined |
| 74 | VALECCE, JOHN<br>3 CARRIAGE HOUSE LANE<br>MAMARONECK, NY 10543 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31902 | $240,597.39 |
| 75 | WAIRKAR, DINESH VISHWANATH<br>A 503, PLOT NO. 10, SAI PREM<br>APT. SECTION 8, CHARKOP<br>KANDIVALI (WEST)<br>MUMBAI, 400067<br>INDIA | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 23579 | $3,196.64 |
| 76 | WANG,YULAN<br>MORRIS TPKE<br>SHORT HILLS, NJ 07078 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25072 | $43,041.00 |
| 77 | WEINREICH, RUTH<br>759 HAMPTON ROAD<br>WOODMERE, NY 11598 | | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13327 | Undetermined |
| 78 | WIDEMAN, ANDREW<br>2801 CLINTON WAY<br>DENVER, CO 80238 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 22286 | $151,021.61 |
| 79 | WILSON, KELLY WEINBERGER<br>349 10 FOREST LANE<br>SOLON, OH 44139 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25129 | $20,000.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 207 – EXHIBIT A: RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 80 | WINCHESTER, JUDITH A.<br>3929 IVY TERRACE COURT, NW<br>WASHINGTON, DC 20007 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19298 | Undetermined |
| 81 | WREN, ALEX H<br>117 FERNDALE RD<br>EASTON, CT 66122008 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/24/2009 | 6130 | Undetermined |
| | | | | | TOTAL | $74,839,017.99 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :        **08-13555 (JMP)**
                                                   :
                                Debtors.           :        **(Jointly Administered)**
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'
TWO HUNDRED AND SEVENTH OMNIBUS OBJECTION TO
CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the two hundred and seventh omnibus objection to claims, dated September

15, 2011 (the "Two Hundred and Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 6664], seeking to reclassify Compensation Claims as common

equity interests in the LBHI, all as more fully described in the Two Hundred and Seventh

Omnibus Objection to Claims; and due and proper notice of the Two Hundred and Seventh

Omnibus Objection to Claims having been provided to: (i) each claimant listed on Exhibit A; (ii)

the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and

Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for

the Southern District of New York, and (vii) all other parties entitled to notice in accordance

with the procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9635]; and it

appearing that no other or further notice need be provided; and the Court having found and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred and Seventh Omnibus Objection to Claims.

determined that the relief requested in the Two Hundred and Seventh Omnibus Objection to

Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Two Hundred and Seventh Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred and Seventh Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto have the same

priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to

modify the claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

and Seventh Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE