UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | x | |

------------------------------------------------------------------ x

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY
CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR
APPROVAL OF THAT CERTAIN SETTLEMENT AGREEMENT BY AND
AMONG LBREP/L-SUNCAL MCALLISTER RANCH, LLC, LEHMAN
COMMERCIAL PAPER, INC., FIDELITY NATIONAL TITLE INSURANCE
COMPANY, AMERICAN TITLE INSURANCE COMPANY, MCALLISTER RANCH
IRRIGATION DISTRICT, AND SUPERIOR PIPELINES, INC.**

Upon the motion, dated September 2, 2011 ("Motion"),[1] of Lehman Commercial Paper Inc. ("LCPI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") for authorization to enter into and approval of a settlement pursuant to the Agreement for Settlement of Contractor Claims With Mutual Releases and Covenants Not to Sue (the "Agreement"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Agreement.

the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the SunCal Trustee, and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LCPI and its estate and that the legal and factual bases set forth in the Motion and on the record establish just cause for the relief granted herein; and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Agreement is approved, and LCPI is duly authorized to (i) consummate all of the transactions contemplated thereby and (ii) execute and deliver such documents and instruments and to take such other actions as may be reasonably necessary to consummate the transactions contemplated by the Agreement, it being understood that any actions described in this paragraph taken by LCPI or its affiliates may be taken without the necessity of any further Court proceedings or approval and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

      ORDERED that the LCPI Reorganization Claim asserted by the Insurers against LCPI is disallowed with prejudice and the Insurers shall promptly file a notice with the Court,

instructing the claims agent to expunge proof of claim number 14729 from the claims register; and it is further

ORDERED that the Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided*, *however*, that any material modification, amendment or supplement shall be presented for Court approval by motion of the parties thereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order; provided, however nothing contained in this decretal paragraph is intended to reduce the exclusive jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the SunCal Debtors' cases.

Dated: New York, New York
       September 15, 2011

                                            *s/ James M. Peck*
                                            Honorable James M. Peck
                                            United States Bankruptcy Judge