---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, SARAH DECKER, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          :        Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                               :
                      **Debtors.**             :        **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED**
**EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

            **PLEASE TAKE NOTICE** that on September 15, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their two hundred eighth omnibus

objection to claims (the "Debtors' Two Hundred Eighth Omnibus Objection to Claims"), and

that a hearing (the "Hearing") to consider the Debtors' Two Hundredth Eighth Omnibus

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **November 30, 2011 at 10:00 a.m.**

**(Eastern Time),** or as soon thereafter as counsel may be heard.

       **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two

Hundred Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq., Paul Schwartzberg,

Esq., Brian Masumoto, Esq., Linda Riffkin, Esq., and Tracy Hope Davis, Esq.); and

(iv) attorneys for the official committee of unsecured creditors appointed in these cases,

Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York

10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be

so filed and received by no later than **November 11, 2011 at 4:00 p.m. (Eastern Time)** (the

"Response Deadline").

　　　　　**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' Two Hundred Eighth Omnibus Objection to Claims or any

claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' Two Hundred Eighth Omnibus Objection to Claims, which order may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: September 15, 2011
　　　　New York, New York


　　　　　　　　　　　　　　　　/s/ Robert J. Lemons
　　　　　　　　　　　　　　　　Robert J. Lemons

　　　　　　　　　　　　　　　　WEIL, GOTSHAL & MANGES LLP
　　　　　　　　　　　　　　　　767 Fifth Avenue
　　　　　　　　　　　　　　　　New York, New York 10153
　　　　　　　　　　　　　　　　Telephone: (212) 310-8000
　　　　　　　　　　　　　　　　Facsimile: (212) 310-8007

　　　　　　　　　　　　　　　　Attorneys for Debtors
　　　　　　　　　　　　　　　　and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                     Debtors.            :    (Jointly Administered)
------------------------------------------------------------------x
```

### DEBTORS' TWO HUNDRED EIGHTH OMNIBUS
### OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN
FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO
HUNDRED EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD
REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S)
AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION
AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE
WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, SARAH DECKER, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### **Relief Requested**

      1.     The Debtors file this two hundred eighth omnibus objection to claims (the "Two Hundred Eighth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

      2.     The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "No Liability Claims") and have determined that the No Liability Claims do not contain sufficient information to establish the Debtors' liability for the alleged obligations. In certain instances, the No Liability Claims lack sufficient detail for the Debtors to even identify the nature of the claim being asserted.  The Debtors have requested additional documentation from the holders of the No Liability Claims, but none has been provided.  Therefore, the No Liability Claims do not constitute valid *prima facie* claims, and the Debtors request they be disallowed and expunged in their entirety.

      3.     The Debtors reserve all their rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claims in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order requires, among other things, that each proof of claim submitted in these cases include supporting documentation.  (Bar Date Order at 6.)  The supporting documentation requirement was specifically set forth on the face of the Court-approved proof of claim form.  (*Id.* at Ex. B.)  Furthermore, the Bar Date Order provides that

"any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)." (*Id.* at 9-10.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9.       Claimants also received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) In the Bar Date Notice, which also was published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, claimants were specifically instructed that "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Notice at 4.)

10.      The Bar Date Notice also prominently stated in bold-face type that **"any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)."** (*Id.* at 6 (emphasis in original).) [1]

---

[1] Claimants who filed a proof of claim prior to entry of the Bar Date Order were instructed that they need not file a new claim if their proof of claim substantially conformed to the Court-approved proof of claim form, which form clearly set forth the requirement that claimants provide supporting documentation with their claim form. (*Id.* at 2.) The Bankruptcy Rule's Official Form 10, the standardized proof of claim form, also requires claimants to attach supporting documentation or explain why said documentation is not available.

11.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

12.     On August 30, 2010, the Debtors notified the holders of the No Liability Claims in writing that their claims contained insufficient information to assess and/or establish their validity.  The Debtors requested that the holders of the No Liability Claims provide additional documentation and warned that a failure to do so likely would result in an objection to the claims.

**The No Liability Claims Should Be Disallowed and Expunged**

13.     In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as claims that should be disallowed and expunged on the basis that they do not include sufficient supporting documentation and, therefore, do not constitute valid *prima facie* claims.

14.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15.     The Bar Date Order specifically requires that "each Proof of Claim ***must***: . . . (vi) include supporting documentation or an explanation as to why documentation is not available."  (Bar Date Order at 6 (emphasis added).)  This requirement for proofs of claim is not a unique one.  Indeed, this Court and others in the Southern District of New York have entered

similar orders requiring that proofs of claim include supporting documentation or an explanation

as to why documentation is unavailable.  (*See* Oct. 20, 2009 Order [Dkt. No. 316] at 6, *In re*

*Finlay Enterprises, Inc.*, No. 09-14873 (JMP) (Peck, J.); *see also* Oct. 14, 2009 Order at 2-3, *In*

*re AGT Crunch Acquisition LLC, et al.*, No. 09-12889 (REG) (Gerber, J.).)  The Bankruptcy

Rules' official proof of claim form also includes this standard requirement.

16.    Claimants were specifically provided notice of the Bar Date Order's

supporting documentation requirement via the Bar Date Notice.  The Bar Date Notice included

instructions on how to complete the proof of claim forms and a warning that failure to comply

with those instructions would result in claims being barred.  (*See* Bar Date Notice at 4, 6.)

Claimants were also notified that they needed to submit new proofs of claim if their claims

submitted prior to the Bar Date Order did not substantially conform to the Court-approved proof

of claim form, which clearly set forth the supporting documentation requirement.  (*See id.* at 2.)

17.    The Debtors notified the holders of the No Liability Claims that their

claims contained insufficient information to assess and/or establish the Debtors' liability for the

asserted obligations.  For certain of the No Liability Claims, the paucity of information submitted

was insufficient for the Debtors to even determine the nature of the claim being asserted.  The

Debtors requested that the holders of the No Liability Claims provide additional documentation

and warned that a failure to provide additional information would likely result in an objection to

the No Liability Claims.  However, the holders of the No Liability Claims did not provide the

Debtors with any additional information.

18.    Because the No Liability Claims fail to provide sufficient documentation

to establish that the claims asserted are obligations of the Debtors, the No Liability Claims do not

constitute valid *prima facie* claims.  Accordingly, the Debtors request that the Court disallow and expunge in their entirety the No Liability Claims listed on Exhibit A.

**Notice**

19.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Two Hundred Eighth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

20.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  September 15, 2011
        New York, New York

                            /s/ Robert J. Lemons
                            Robert J. Lemons

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Debtors
                            and Debtors in Possession

# EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 208: EXHIBIT A – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BELMONT BUSINESS SA TORRE AQUARELA S APT 1701, PARADA 18, ESQUINA AVD TERRADEL PUNTA DEL ESTE 20000 URUGUAY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/26/2009 | 9415[1] | Undetermined | No Liability Claim |
| 2 | BPNS S.A. ATTN: BERNARDO GUILLAMON, PRESIDENT ELLAURI 491 MONTEVIDEO, 11300 URUGUAY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25655 | $80,000.00 | No Liability Claim |
| 3 | CD REPRESENTATIVE LLC ATTN: JOHN S. WEHRLE 18500 EDISON AVENUE CHESTERFIELD, MO 63005 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 21489 | $40,100,000.00 | No Liability Claim |
| 4 | CITY EMPLOYEE WELFARE FUND LOCAL 3 IBEW MITCHEL B. CRANER, ESQ. 60 EAST 42ND STREET, SUITE 4700 NEW YORK, NY 10165 | | Lehman No Case Asserted/All Cases Asserted | 01/20/2009 | 1826 | $500,000.00 | No Liability Claim |
| 5 | CONWAY & MROWIEC ATTN: JOHN MROWIEC 20 SOUTH CLARK SUITE 1000 CHICAGO, IL 60603 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/20/2009 | 5645 | $21,733.76 | No Liability Claim |

---

[1] Claim 9415 is being expunged solely with respect to its asserted claim for securities in the quantity of 500,000 that are identified as LEHMAN BROTHERS HOLDINGS INC. The portion of Claim 9415 that is asserting a claim for securities with CUSIP No. 52520B206 was previously expunged pursuant to the Order Granting Debtors' Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated July 21, 2011 [Docket No. 18712].

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 208: EXHIBIT A – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | ELLIOTT ASSOCIATES L.P. TRANSFEROR: ARGO FUND LIMITED, THE ATTN: ELLIOT GREENBERG 712 FIFTH AVENUE NEW YORK, NY 10019 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/26/2009 | 1940 | $1,973,600.53 | No Liability Claim |
| 7 | ELLIOTT INTERNATIONAL L.P. TRANSFEROR: ARGO CAPITAL INVESTORS FUND SPC, ET AL. ATTN: ELLIOT GREENBERG 712 FIFTH AVENUE NEW YORK, NY 10019 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/26/2009 | 1939 | $1,750,645.40 | No Liability Claim |
| 8 | FEIGENBAUM, JAMES S. AND SHIRLEY G. 12 DRESSAGE COURT CHERRY HILL, NJ 08003 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31880 | $34,000.00 | No Liability Claim |
| 9 | HENNE, ARMIN WATERLOOSTRASSE5 BRAUNSCHWEIG, 38106 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2191 | $2,300.00 | No Liability Claim |
| 10 | HUMBLE, JOSEPH P. TASHA E. AGRUSO, ESQ. 200 S. ELM ST, SUITE 400 GREENSBORO, NC 27401 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/29/2009 | 5046 | $128,517.03 | No Liability Claim |
| 11 | JACLYN FEIGENBAUM TRUST C/O JAMES FEIGENBAUM TRUSTEE 12 DRESSAGE CT CHERRY HILL, NY 08003 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31881 | $39,000.00 | No Liability Claim |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 208: EXHIBIT A – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 12 | JOHNSON, RAY L. & BETTY JOHNSON 1675 BENIK RD LA HABRA HTS, CA 90631 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/07/2009 | 7655[2] | $20,971.24* | No Liability Claim |
| 13 | KING STREET CAPITAL MASTER FUND, LTD. C/O KING STREET CAPITAL MANAGEMENT, L.P. ATTN: GENERAL COUNSEL 65 EAST 55TH STREET, 30TH FLOOR NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 19768 | Undetermined | No Liability Claim |
| 14 | KROGER CO MASTER RETIREMENT TRUST C/O THE KROGER CO. ATTN: CINDY HOLMES 1014 VINE STREET CINCINNATI, OH 45202 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33149 | $475,000.00 | No Liability Claim |
| 15 | KYUSHU LABOR BANK OTEMON 3-3-3 TYUOKU-FUKUOKASHI FUKUOKAKEN, JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/23/2008 | 356 | $4,937,296.00 | No Liability Claim |
| 16 | LASKO JOINT INVESTMENTS C/O BERNARD EIZEN, ESQUIRE EIZEN FINEBURG & MCCARTHY, P.C. 2001 MARKET STREET, SUITE 3410 PHILADELPHIA, PA 19103 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25377 | $750,000.00 | No Liability Claim |
| 17 | MANTON FOUNDATION, THE 800 BOYLSTON ST STE 3600 BOSTON, MA 02199-3600 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22598 | $5,000,000.00 | No Liability Claim |

[2] Claim 7655 is being expunged solely with respect to its asserted claim totaling $16,000 for securities identified as LEHMAN CMRCL CD.  The portion of Claim 7655 that is asserting a claim totaling $4,971.24 for securities with CUSIP No. 52520Y209 was previously expunged pursuant to the Order Granting Debtors' Forty-Ninth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated November 18, 2010 [Docket No. 12893].

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 208: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 18 | NEW JERSEY TRANSIT CORP ATTN: ROBERT WEBB 1 PENN PLAZA NEWARK, NJ 07105-2246 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/22/2009 | 28347 | $18,519,626.35 | **No Liability Claim** |
| 19 | NGUYEN CONG THANH AND KIM PHUONG SU 7188 ALDER SPRING WAY SAN JOSE, CA 95153 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 01/29/2009 | 2185 | $400,000.00 | **No Liability Claim** |
| 20 | PENNY, MELISSA PERSONAL INJURY TRUST 13 STAFFORD RD. STOCKTON HEATH WARRINGTON, CHESHIRE, WA46RP UNITED KINGDOM | | **Lehman No Case Asserted/All Cases Asserted** | 07/13/2009 | 5266 | $83,000.00* | **No Liability Claim** |
| 21 | PUA, ARTHUR S., DR. 7350 PRINCEVALLE ST. GILROY, CA 95020-6146 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 08/04/2009 | 7353 | $10,000.00 | **No Liability Claim** |
| 22 | SABELLA, RICHARD J.,  IRA CUSTODIAN C/O PRISM VENTURE PARTNERS, LLC 675 INDIANTOWN ROAD JUPITER, FL 33458 | | **Lehman No Case Asserted/All Cases Asserted** | 09/15/2009 | 12772[3] | $1,500,000.00* | **No Liability Claim** |
| 23 | SENGUPTA, SUPRIO C/O I&M BANK PO BOX 30238 NAIROBI, 00100 KENYA | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 11/20/2008 | 818 | $17,000.00 | **No Liability Claim** |

[3] **Claim 12722 is being expunged solely with respect to its asserted claim for "other investments having an original investment value of $1,000,000."  The portion of Claim 12772 that is asserting a claim totaling $500,000 for securities with CUSIP No. 5252M0DK0 was previously expunged pursuant to the Order Granting Debtors' Twenty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated September 21, 2010 [Docket No. 11507].**

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 208: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 24 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 09-12516 (JMP) | LB 2080 Kalakaua Owners LLC | 09/22/2009 | 26934 | $2,300,000.00* | No Liability Claim |
| 25 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 09-10560 (JMP) | LB Rose Ranch LLC | 09/22/2009 | 26935 | $2,300,000.00* | No Liability Claim |
| 26 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/22/2009 | 26936 | $2,300,000.00* | No Liability Claim |
| 27 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 09-10137 (JMP) | BNC Mortgage LLC | 09/22/2009 | 26937 | $2,300,000.00* | No Liability Claim |
| 28 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 09-10108 (JMP) | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09/22/2009 | 26938 | $2,300,000.00* | No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 208: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|-----------|---------|---------------------|----------------------------------|
| 29 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13908 (JMP) | East Dover Limited | 09/22/2009 | 26939 | $2,300,000.00* | No Liability Claim |
| 30 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13907 (JMP) | CES Aviation IX LLC | 09/22/2009 | 26940 | $2,300,000.00* | No Liability Claim |
| 31 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13906 (JMP) | CES Aviation V LLC | 09/22/2009 | 26941 | $2,300,000.00* | No Liability Claim |
| 32 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13905 (JMP) | CES Aviation LLC | 09/22/2009 | 26942 | $2,300,000.00* | No Liability Claim |
| 33 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13904 (JMP) | Lehman Scottish Finance L.P. | 09/22/2009 | 26943 | $2,300,000.00* | No Liability Claim |

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 208: EXHIBIT A – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 34 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13902 (JMP) | Lehman Brothers Financial Products Inc. | 09/22/2009 | 26944 | $2,300,000.00* | No Liability Claim |
| 35 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/22/2009 | 26945 | $2,300,000.00* | No Liability Claim |
| 36 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 09/22/2009 | 26946 | $2,300,000.00* | No Liability Claim |
| 37 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13899 (JMP) | Lehman Brothers Derivative Products Inc. | 09/22/2009 | 26947 | $2,300,000.00* | No Liability Claim |
| 38 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/22/2009 | 26948 | $2,300,000.00* | No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 208: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 39 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13888 (JMP) | **Lehman Brothers Special Financing Inc.** | 09/22/2009 | 26949 | $2,300,000.00* | No Liability Claim |
| 40 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13885 (JMP) | **Lehman Brothers Commodity Services Inc.** | 09/22/2009 | 26950 | $2,300,000.00* | No Liability Claim |
| 41 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13664 (JMP) | **PAMI Statler Arms LLC** | 09/22/2009 | 26951 | $2,300,000.00* | No Liability Claim |
| 42 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13600 (JMP) | **LB 745 LLC** | 09/22/2009 | 26952 | $2,300,000.00* | No Liability Claim |
| 43 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP ATTN: J. GREGORY ST. CLAIR & ANDREW M. THAU 4 TIMES SQUARE NEW YORK, NY 10036 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 09/22/2009 | 26953 | $2,300,000.00* | No Liability Claim |
| 44 | STURDIVANT, BARBARA M 9161 GREAT BLUE HERON LANE BLAINE, WA 98230 | 08-13555 (JMP) | **Lehman Brothers Holdings Inc.** | 07/20/2009 | 5726 | $116,840.00 | No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 208: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 45 | TELLURIDE 360 REAL ESTATE P.O. BOX 2250 TELLURIDE, CO 81435 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32503 | $320,000.00 | No Liability Claim |
| 46 | VADAI, AMALIA AND EPHRAIN 16 AHARON BOXER ST. NES-ZIONA, 74057 ISRAEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32534 | $40,000.00 | No Liability Claim |
| 47 | WASHINGTON STATE PLUMBING AND PIPEFITTING INDUSTRY PENSION PLAN JERI TRICE, ZENITH ADMINISTRATORS 201 QUEEN ANNE AVENUE NORTH SUITE 100 SEATTLE, WA 98109-4896 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/22/2009 | 4492 | $59,726.40 | No Liability Claim |
| | | | | | TOTAL | $122,879,256.71 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' TWO HUNDRED EIGHTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred eighth omnibus objection to claims, dated September

15, 2011 (the "Two Hundred Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors

and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and

expungement of the No Liability Claims on the grounds that such claims fail to provide

sufficient information to establish the Debtors' liability, and, therefore, do not constitute

valid *prima facie* claims, all as more fully described in the Two Hundred Eighth Omnibus

Objection to Claims; and due and proper notice of the Two Hundred Eighth Omnibus

Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) the claimants listed on Exhibit A attached to the Two Hundred Eighth Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Eighth Omnibus Objection to Claims.

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010, governing case

management and administrative procedures for these cases [Docket No. 9635]; and it

appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Two Hundred Eighth Omnibus Objection to Claims

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Two Hundred Eighth Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the No Liability Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any basis

are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two

Hundred Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed

hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
           New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE