**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                                               :
                                    Debtors.               :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**ORDER GRANTING LEAVE, STANDING AND AUTHORITY TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., TO PROSECUTE AND, IF APPROPRIATE, SETTLE CAUSES OF ACTION ON BEHALF OF LEHMAN COMMERCIAL PAPER INC.**

Upon the motion (the "Motion")[1] of the Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors") for entry of an order granting the Committee leave, standing, and exclusive authority to prosecute and, if appropriate, settle avoidance actions on behalf of Lehman Commercial Paper Inc.'s ("LCPI") estate pursuant to 11 U.S.C. §§ 1103(c) and 1109(b), all as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Motion (as defined below).

provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the Debtors; and (iii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that all objections, if any, to the Motion or the relief requested therein, that have not been withdrawn, waived, or settled, are overruled; and it is further

**ORDERED** that the Committee shall be, and hereby is, granted, on behalf of LCPI's estate, leave, standing, and exclusive authority to prosecute the Adversary Proceedings; and it is further

**ORDERED** that proceeds, if any, recovered by the Committee on behalf of LCPI in connection with prosecuting or settling the Adversary Proceedings shall constitute property of LCPI's estate; and it is further

**ORDERED** that the Committee shall receive the benefit of all tolling agreements entered between LCPI and any LMA Participant; and it is further

**ORDERED** that the Committee is authorized to enter into settlements with the LMA Participants on behalf of LCPI's estate pursuant to the Court's Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing the Debtors to Implement

2

Procedures for the Settlement of Avoidance Claims, dated May 18, 2011 [Docket No. 16940] (the "Settlement Order"); and it is further

**ORDERED** that to the extent the Committee negotiates and enters into settlements on behalf of LCPI's estate with respect to the Adversary Proceedings, such settlements shall be subject to notice and approval by the Debtors consistent with the notice and approval rights afforded to the Committee by the Settlement Order, including the ability by the Committee to seek Court approval pursuant to Bankruptcy Rule 9019 if the Debtors object to any such settlement.; and it is further

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the construction, performance, enforcement, and implementation of the terms of this Order.

Dated: New York, New York
September 15, 2011

                                                     *s/ James M. Peck*
                                                     Honorable James M. Peck
                                                     United States Bankruptcy Judge