Presentment Date and Time: September 29, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: September 29, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
In re                                      :        **Chapter 11 Case No.**
                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                           :
            **Debtors.**                   :        **(Jointly Administered)**
                                           :
                                           :
------------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF APPLICATION
## OF THE DEBTORS PURSUANT TO SECTION 327(e) OF
## THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL
## RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO
## MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING
## FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, AS SPECIAL COUNSEL
## TO DEBTORS, EFFECTIVE AS OF JUNE 1, 2011

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application

(the "Application") of Lehman Brothers Holdings Inc. and its affiliated debtors (the "Debtors") in

the above-captioned chapter 11 cases, pursuant to section 327(e) of title 11 of the United States

Code, Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and

Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules"), to modify the procedures for compensating and reimbursing Fried, Frank, Harris,

Shriver & Jacobson LLP, as special counsel to the Debtors, effective as of June 1, 2011, all as

more fully described in the Application, to the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on

**September 29, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall

be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall set forth the

name of the objecting party, the basis for the objection and the specific grounds thereof, shall

be filed with the Bankruptcy Court electronically in accordance with General Order M-242

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with two hard copies delivered directly to Chambers), and shall be served upon: (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004,

Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York,

10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United

States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004,

Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.;

(iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New

York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.,

attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v)

Fried, Frank, Harris, Shriver & Jacobson LLP, One New York Plaza, New York, New York

10004, Attn: Janice Mac Avoy, **so as to be so filed and received by no later than September

29, 2011 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. If an objection is filed, the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 15, 2011
      New York, New York

               /s/ Richard P. Krasnow
               Richard P. Krasnow

               WEIL GOTSHAL & MANGES LLP
               767 Fifth Avenue
               New York, New York 10153
               Telephone: (212) 310-8000
               Facsimile: (212) 310-8007
               Attorneys for the Debtors and
               Debtors in Possession

Presentment Date and Time: September 29, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: September 29, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                    :
**In re**                                           :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                    :
                            **Debtors.**            :        **(Jointly Administered)**
                                                    :
                                                    :
------------------------------------------------------------------------x

**APPLICATION OF THE DEBTORS PURSUANT TO**
**SECTION 327(e)  OF THE BANKRUPTCY CODE AND RULE 2014**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR**
**AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING**
**AND REIMBURSING FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, AS**
**SPECIAL COUNSEL TO DEBTORS, EFFECTIVE AS OF JUNE 1, 2011**

TO: THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-caption chapter 11 cases, as debtors in possession (together, the "Debtors" and collectively with their non-debtor affiliates, "Lehman"), submit this application to modify the procedures for compensating and reimbursing Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") as special counsel to the Debtors, effective as of June 1, 2011, and respectfully represent:

**Background**

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No. 7531].

5.      On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan and disclosure statement [ECF Nos. 19627 and 19629].

## Jurisdiction

6.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(B).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

7.       Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.       Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## Relief Requested

9.       The Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), to modify the procedures for compensating and reimbursing Fried Frank, as special counsel to the Debtors, effective as of June 1, 2011. Fried Frank has been engaged to perform legal services for the Debtors and their subsidiaries relating to various present and future real estate and litigation matters including, but not limited to, representing the Debtors in connection with matters involving properties, loans or joint venture interests held by the Debtors and their subsidiaries (the "Representative

Matters"). Fried Frank was previously retained by the Debtors as an "Ordinary Course Professional" (as hereinafter defined below) since May 2010 and this application is solely intended to put in place a different payment mechanism with respect to Fried Frank's fees and expenses incurred in providing those legal services it has heretofore been providing under the "Ordinary Course Professional" protocol to that applicable to special counsel.

### Fried Frank as an Ordinary Course Professional

10.     Since May 2010, Fried Frank has been providing legal services with respect to the Representative Matters, on behalf of the Debtors, as a professional utilized in the ordinary course ("Ordinary Course Professional") pursuant to this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010 [ECF No. 7822] (the "Amended OCP Order").  Additionally, Fried Frank has been providing legal services to affiliates of the Debtors that are not Debtors in these Chapter 11 Cases ("Non-Debtor Affiliates") in connection with various real estate and litigation matters.

11.     On June 4, 2010, the Debtors submitted the Notice of Fifty-First Supplemental List of Ordinary Course Professionals [ECF No. 9431], in which the Debtors included Fried Frank as an Ordinary Course Professional.  On June 4, 2010, Fried Frank submitted (a) the Affidavit and Disclosure Statement of Jonathan Mechanic, Esq., on behalf of Fried, Frank, Harris, Shriver & Jacobson LLP, and (b) the Retention Questionnaire [ECF No. 9432].

12.     The Amended OCP Order authorizes the Debtors to pay compensation to and reimburse the expenses of Ordinary Course Professionals in the full amount billed by each such Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating

the nature of the services rendered and calculated in accordance with such professional's standard billing practices." In accordance with the Amended OCP Order, and as set forth in the declaration of Janice Mac Avoy (the "Mac Avoy Declaration"), annexed hereto as Exhibit A, Fried Frank presented detailed invoices to the Debtors and was compensated for the services and reimbursed for the expenses incurred as an Ordinary Course Professional, which were calculated in accordance with Fried Frank's standard billing practices.

13. Pursuant to the Amended OCP Order, "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these Chapter 11 Cases" (the "Chapter 11 Period"), and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ." (the "OCP Cap")

14. Since Fried Frank's retention as an Ordinary Course Professional, it has received payments totaling approximately $822,547.12 for work performed on behalf of the Debtors in connection with the Representative Matters through May 2011. Fried Frank has informed the Debtors that the aggregate amount of its fees and expenses accrued during the chapter 11 cases through the month of June 2011 will result in Fried Frank exceeding the OCP Cap. It is the Debtors' understanding that in anticipation of exceeding the OCP Cap, Fried Frank began preparing the requisite materials for the filing of this Application, including performing the necessary conflict check. The Debtors submit that Fried Frank has provided necessary services, such services are of value to the estates, and the continued retention of Fried Frank is necessary and appropriate. Accordingly, the Debtors now seek

to retain Fried Frank as special counsel in accordance with the Amended OCP Order and

pursuant to section 327(e) of the Bankruptcy Code.

## Services to Be Provided

15.      Subject to further order of this Court, it is proposed that Fried Frank continue to

render services to the Debtors in connection with the Representative Matters.

16.      The Debtors also request that the modification of the procedures for

compensating and reimbursing Fried Frank be made effective as of June 1, 2011 to ensure that

Fried Frank is compensated for all of its services to the Debtors.  Establishing June 1, 2011 as

the date of Fried Frank's retention as special counsel in these cases will enable Fried Frank to

smoothly transition its billing practices and procedures from its prior retention as an Ordinary

Course Professional and will enable Fried Frank to be compensated for all of its services

rendered to the Debtors which provided value to the Debtors' estates.

## Basis for Relief

17.      The Debtors' knowledge, information, and belief regarding the matters set forth in

this Application are based on and made in reliance upon the Mac Avoy Declaration.

18.      The retention of Fried Frank under the terms described herein is appropriate

under Bankruptcy Code sections 327(e) and 1107(b).  Section 327(e) of the Bankruptcy Code

provides, in relevant part, as follows:

> The trustee, with the court's approval, may employ, for a
> specified special purpose, other than to represent the trustee in
> conducting the case, an attorney that has represented the debtor, if
> in the best interest of the estate, and if such attorney does not
> represent or hold any interest adverse to the debtor or to the estate
> with respect to the matter on which such attorney is to be
> employed.

11 U.S.C. § 327(e).  Moreover, Section 1107(b) provides that "a person is not disqualified for

employment under section 327 of this title by a debtor in possession solely because of such

person's employment by or representation of the debtor before the commencement of the case." 11

U.S.C. § 1107(b).

19.      Accordingly, Section 327(e) of the Bankruptcy Code authorizes the retention of

counsel who previously represented a debtor prepetition provided that: (a) the appointment is

in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the

estate with respect to the matter for which counsel is to be employed; and (c) the specified

special purpose for which counsel is being retained does not rise to the level of conducting

the bankruptcy case for the debtor in possession.  *See In re DeVlieg, Inc.,* 174 B.R. 497 (N.D. Ill.

1994); *In re AroChem Corp.,* 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest

of the special counsel and the interest of the estate are identical *with respect to the matter for*

*which special counsel is retained,* there is no conflict and the representation can stand").  As

explained more fully below, the Debtors submit that each of these factors is satisfied with respect

to Fried Frank, which has already been retained as an Ordinary Course Professional, and that,

therefore, its retention, which is solely intended to put in place a different payment mechanism

with respect to their charges, should be approved under section 327(e) of the Bankruptcy Code.

**The Continued Employment and Retention of**
**<u>Fried Frank is in the Best Interests of the Estates</u>**

20.      As set forth in more detail in the Mac Avoy Declaration, Fried Frank has

represented certain of the Debtors in these chapter 11 cases since May 13, 2010 in connection

with the Representative Matters pursuant to the procedures set forth in the Amended OCP

Order.  The Debtors have been informed that Fried Frank has extensive experience and

knowledge with respect to the Representative Matters, and Fried Frank has been actively

providing services in connection with such matters to the benefit of the Debtors, their estates

and creditors since its retention as an Ordinary Course Professional.  As a result, Fried Frank

has familiarity with the facts and circumstances surrounding the Representative Matters, which would be difficult and expensive for another firm to acquire, and is both well qualified and uniquely able to represent the Debtors as special counsel in an efficient and timely manner. Accordingly, the Debtors believe that the continuation of Fried Frank's representation is in the best interests of the Debtors' estates.

**Fried Frank Holds No Interest**
**<u>Adverse to the Debtors or the Debtors' Estates</u>**

21.     To the best of the Debtors' knowledge, and except as may be set forth in the Mac Avoy Declaration, Fried Frank does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to matters on which Fried Frank is to be retained and employed in the chapter 11 cases.  Further, to the best of the Debtors' knowledge, Fried Frank does not have any connection with any creditors or other parties in interest or the United States Trustee or any of its employees except as set forth in the Mac Avoy Declaration.[1]

22.     Fried Frank has informed the Debtors that throughout the pendency of the chapter 11 cases it will continue its inquiry and conflicts check (as set forth in the Mac Avoy Declaration) to ensure that this Court and all parties in interest are apprised of any and all connections.  If at any time Fried Frank becomes aware of any new relevant facts or relationships, it has informed that Debtors that it will supplement the Mac Avoy Declaration.

**<u>Fried Frank Will Not Conduct the Debtors' Bankruptcy Cases</u>**

23.     By separate applications, the Debtors have sought and obtained the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel [ECF No. 1660], and Curtis, Mallet-Prevost, Colt & Mosle LLP as

---

[1]      As set forth more fully in the Mac Avoy Declaration, Fried Frank has informed the Debtors that based upon the results of its preliminary review of any and all inquiries and conflict checks, it does not, to the best of its knowledge or belief, hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to matters on which Fried Frank is to be retained and employed.

8

conflicts counsel [ECF No. 1659]. By contrast, Fried Frank's work is limited to the Representative Matters. None of these matters involve the conduct of the bankruptcy cases themselves. Additionally, because Fried Frank is not serving as the Debtors' general bankruptcy counsel, the Debtors believe that Fried Frank has not rendered "services . . . in contemplation of or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code. Accordingly, the services rendered and functions performed by Fried Frank have not been and will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors.

24.     As described above, the Debtors' proposed retention of Fried Frank as special counsel to the Debtors falls squarely within the scope of and purpose for which Congress enacted section 327(e). As stated above, the Debtors do not believe that Fried Frank holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which Fried Frank is proposed to be retained. Accordingly, the Debtors submit that the retention of Fried Frank with respect to the Representative Matters is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

### **Professional Compensation**

25.     Subject to the Court's approval, the Debtors propose to pay Fried Frank its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Mac Avoy Declaration, and to reimburse Fried Frank according to its customary reimbursement policies, in accordance with sections 330(a) and 331 of the Bankruptcy Code. Fried Frank has informed the Debtors that the following hourly billing rates are currently in effect for the legal services of its professionals:

| | |
|---|---|
| Partners | $815 - $995 per hour |
| Of Counsel | $870 - $1,000 per hour |
| Special Counsel | $735 - $870  per hour |
| Associates | $395 - $715  per hour |
| Legal Assistants | $200 - $295 per hour |

26.     It is the Debtors' understanding that the hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted from time to time and in accordance with Fried Frank's established practices and procedures.  Fried Frank has informed the Debtors that its fees (a) are based on hourly rates and will correspond to the degree of effort expended on the Debtors' behalf and (b) are Fried Frank's ordinary and customary rates for services of this nature.  Accordingly, the Debtors believe that the terms and conditions of Fried Frank's employment are reasonable.

27.     In addition to the hourly rates set forth above, the Debtors understand that Fried Frank customarily charges its clients for all disbursements incurred, including photocopying charges, facsimile transmissions, messengers, courier mail, computerized research, word processing, secretarial overtime and temporary employees, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, witness fees, document retrieval and similar items.

28.     It is the Debtors' understanding that Fried Frank intends to apply to the Court by separate application for allowance of all fees and expenses incurred during these chapter 11 cases on or after June 1, 2011, solely with respect to fees and expenses to be paid to Fried Frank in excess of $1 million, in connection with services provided to the Debtors related to the Representative Matters.  Compensation and reimbursement of such fees and expenses shall be subject to approval of the Court upon proper application by Fried Frank in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the

guidelines promulgated by the U.S. Trustee, as those procedures may be modified or

supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals [ECF No. 15997], this Court's Order Amending Fee Protocol [ECF No. 15998]

and General Order M-389.

## Notice

29.     No trustee has been appointed in these chapter 11 cases.  The Debtors have

served notice of this Application in accordance with the procedures set forth in the second

amended order entered on July 17, 2010 governing case management and administrative

procedures for these cases [ECF No. 9635] on: (i) the U.S. Trustee; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) Fried

Frank; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors

submit that no other or further notice need be provided.

30.     No previous request for the relief sought herein has been made by the Debtors to this

or any other court.

11

WHEREFORE the Debtors respectfully request that the Court grant the relief requested

herein and such other and further relief as it deems just and proper.


Dated: September 15, 2011
        New York, New York

                                        /s/ Richard P. Krasnow
                                        Richard P. Krasnow
                                        WEIL GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for the Debtors and
                                        Debtors in Possession

## Exhibit A

**(Mac Avoy Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| | : | |

-----------------------------------------------------------------------x

**DECLARATION OF JANICE MAC AVOY PURSUANT TO BANKRUPTCY
RULE 2014 AND LOCAL RULE 2014-1 ON BEHALF OF FRIED, FRANK,
HARRIS, SHRIVER & JACOBSON LLP AS PROPOSED SPECIAL COUNSEL
FOR DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY
CODE, AND DISCLOSURE PURSUANT TO SECTION 329 OF THE
<u>BANKRUPTCY CODE AND BANKRUPTCY RULE 2016</u>**

STATE OF NEW YORK        )
                             ) ss:
COUNTY OF NEW YORK     )

Janice Mac Avoy states under the penalty of perjury:

1.      I am a member in good standing of the bar of the State of New York and I am a member in good standing of the Eastern District of New York, the Southern District of New York, the Eastern District of Michigan and the United States Courts of Appeal for the Second, Third and Ninth Circuits.  I am a member of the firm of Fried, Frank, Harris, Shriver & Jacobson LLP, a limited liability partnership ("<u>Fried Frank</u>").  My firm maintains offices for the practice of law at One New York Plaza, New York, New York 10004, and other locations. There are no disciplinary proceedings pending against me.  I submit this declaration (the "<u>Declaration</u>") in connection with the application (the "<u>Application</u>") of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors (together, the "<u>Debtors</u>", and collectively with their non-debtor affiliates, "<u>Lehman</u>") in the above-captioned chapter 11 cases to modify the

procedures for compensating and reimbursing Fried Frank as their special counsel in the chapter

11 cases pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy

Code"), effective as of June 1, 2011, and to provide the disclosures required under section

329(a) of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and Local Rules 2014-1(a) and 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules").  Except as

otherwise noted, I have personal knowledge of the matters set forth herein.

### Background

2.        Prior to the events leading up to these chapter 11 cases, Lehman was the

fourth largest investment bank in the United States.  For more than 150 years, Lehman has been

a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

3.        Fried Frank represented Lehman prior to the chapter 11 cases in connection

with various real estate, litigation and corporate matters.

4.        Fried Frank has been engaged to perform legal services for the Debtors and

their subsidiaries relating to various present and future real estate and litigation matters

including, but not limited to, representing the Debtors in connection with matters involving

properties, loans or joint venture interests held by the Debtors and their subsidiaries (the

"Representative Matters").  Examples of Representative Matters in which Fried Frank has

represented the Debtors include, among others:

- UCC foreclosures of loans held by the Debtors and related

  negotiations with counterparties;

- Review and analysis of rights under joint venture agreements and representation in connection with joint venture interests held by the Debtors or affiliates of the Debtors;

- Negotiation of a lease agreement;

- Representation in connection with a B Note held by a Debtor and secured by real property;

- Restructuring of senior mezzanine loans held by the Debtors and secured by real property.

5.        Fried Frank was retained by the Debtors as a professional utilized in the ordinary course ("Ordinary Course Professional") with respect to the Representative Matters pursuant to this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25 2010 [ECF No. 7822] (the "Amended OCP Order"). Additionally, Fried Frank has been providing legal services to certain affiliates of the Debtors that are not Debtors in the chapter 11 cases (the "Non-Debtor Affiliates") in connection with various real estate and litigation matters.

6.        On June 4, 2010, the Debtors submitted the Notice of Fifty-First Supplemental List of Ordinary Course Professionals [ECF No. 9431], in which the Debtors included Fried Frank as an Ordinary Course Professional.  On June 4, 2010, Fried Frank submitted (a) the Affidavit and Disclosure Statement of Jonathan Mechanic, Esq., on behalf of Fried, Frank, Harris, Shriver & Jacobson LLP, and (b) the Retention Questionnaire (collectively, the "OCP Affidavit") [ECF No. 9432].  The OCP Affidavit is incorporated herein by this reference.

7.        Pursuant to the Amended OCP Order, "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period")," and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ." (the "OCP Cap").

8.        Since Fried Frank's retention as an Ordinary Course Professional, it has received payments totaling approximately $822,547.12 for work performed on behalf of the Debtors in connection with the Representative Matters through May 2011.  Fried Frank has informed the Debtors that the aggregate amount of its fees and expenses accrued during the chapter 11 cases through the month of June 2011 will result in Fried Frank exceeding the OCP Cap.  In anticipation of exceeding the OCP Cap, Fried Frank has prepared the requisite materials for the filing of this Declaration, including the necessary conflict check.

9.        By the Application, the Debtors request that the Court enter an order modifying the procedures for compensating and reimbursing Fried Frank as special counsel effective as of June 1, 2011.  The Application is intended solely to put in place a different payment mechanism with respect to Fried Frank's fees and expenses incurred in providing those legal services it has heretofor been providing under the "Ordinary Course Professional" protocol applicable to special counsel.

10.        Fried Frank intends to apply to the Court by separate application for allowance of all fees and expenses incurred during these chapter 11 cases on or after June 1, 2011, solely with respect to fees and expenses to be paid to Fried Frank in excess of $1 million, in connection with services provided to the Debtors related to the Representative Matters.  Compensation and

4

reimbursement of such fees and expenses shall be subject to approval of the Court and upon proper

application by Fried Frank in accordance with sections 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as

those procedures may be modified or supplemented by order of this Court, including this

Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code

and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and

Reimbursement of Expenses of Professionals [ECF No. 15997], this Court's Order Amending

Fee Protocol [ECF No. 15998] and General Order M-389.

11.        Fried Frank will continue to represent the Non-Debtor Affiliates going

forward and, consistent with past practice, all fees, charges and disbursements incurred in

connection with the representation of such Non-Debtor Affiliates will be billed to and paid by

Non-Debtor Affiliates.  Fried Frank does not intend to disclose or subject to the jurisdiction of

the Court its fees, charges and disbursements in connection with its representation of Non-

Debtor Affiliates.

12.        Fried Frank's proposed retention by the Debtors will not be for the purpose

of representing the Debtors in their chapter 11 cases.  Rather, Fried Frank's retention will be

for a special purpose, pursuant to section 327(e) of the Bankruptcy Code – namely, representing

the Debtors in connection with the Representative Matters.  As set forth in the Application and

this Declaration, Fried Frank has extensive knowledge and experience with respect to the

Representative Matters, and Fried Frank has been actively providing services in connection

with such matters to the benefit of the Debtors, their estates and creditors since its retention as

an Ordinary Course Professional.  Accordingly, I believe that Fried Frank is both well qualified

and uniquely able to continue providing these services and that its retention would be in the best interest of the Debtors' estates, their creditors and other parties in interest.

## Connections

13.    To ascertain Fried Frank's "connections," as that term is used in Bankruptcy Rule 2014, Fried Frank's accounting department produced a computer printout listing all of Fried Frank's active clients (the "Client List").  Fried Frank obtained from the Debtors a list of the Debtors, the Debtors' related entities, 50 largest bondholders, 97 largest unsecured creditors, secured creditors, litigation claimants, 165 largest trade creditors, counterparties to significant leases, 128 selected derivative counterparties, regulatory agencies, 3 significant stockholders, current and former directors and officers, underwriting investment bankers, utilities, principal investments, other claimants, other parties in interest, current and former members of the Official Committee of Unsecured Creditors and other ad hoc committees, and professionals of the foregoing (collectively, the "Debtors' Conflict List").  Fried Frank then reviewed the Client List and the Debtors' Conflict List to determine, among other things, whether Fried Frank currently represents any of the parties on the Debtors' Conflict List.  Moreover, to determine whether any entities on the Debtors' Conflict List were former clients and to supplement the review of Fried Frank's current Client List, an inquiry memorandum was provided to Fried Frank's conflicts department for a detailed review of the firm's records to determine whether Fried Frank represented any of the entities listed on the Debtors' Conflicts List (with certain exceptions).[1]

---

[1]    Given the size of the Debtors' Conflict List, and the limited scope of Fried Frank's proposed engagement under section 327(e) of the Bankruptcy Code, Fried Frank excluded the parties listed as "Claimants" or "Potential Parties in Interest" (approximately 10,282 names) from the conflicts department's search of the firm's records.  However, Fried Frank did compare the list of claimants and parties in interest to the Client List to determine which of these parties are current clients of the Firm or affiliates of clients of the Firm.  Out of an abundance of caution, Fried Frank also endeavored to determine whether any individual Fried Frank attorneys have any connections with the Debtors or any significant party-in-interest.  Fried Frank, therefore, distributed to all Fried

14.     Based upon our results of the above-described inquiry and conflict check (and any and all knowledge I have apart from the results thereof), Fried Frank, to the best of my knowledge and belief, does not hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to Representative Matters for which Fried Frank is being retained and employed.  If, at any time, I become aware of any additional connections, I will supplement this Declaration.

15.     Disclosure with respect to any "connections" Fried Frank has or has had with the Debtors, the parties listed on the Debtors' Conflict List, the Office of the United States Trustee for the Southern District of New York or any employee of that office, insofar as I know or have been able to ascertain after reasonable inquiry, is set forth below:

a) Fried Frank represented the Debtors and its affiliates prior to the Commencement Date (as that term is defined in the Application) in connection with various matters, which terminated prior to the Commencement Date.  Fried Frank was not retained in connection with the Representative Matters until May 13, 2010.  Neither Fried Frank, nor any individual member, associate or professional employee of Fried Frank holds any prepetition claim against the Debtors or any stock of the Debtors.

b) Fried Frank has represented and continues to represent Non-Debtor Affiliates in connection with various real estate and litigation matters.

c) Fried Frank has advised or represented and continues to advise or represent the following entities in connection with their claims or potential claims against the Debtors in the Debtors' chapter 11 cases:

---

Frank attorneys an inquiry memorandum which (i) listed those entities comprising the Debtors' Conflicts List, not including the lengthy list of claimants and parties in interest, and (ii) inquired as to all of the matters that could constitute "connections" within the meaning of Bankruptcy Rule 2014.

A/P Partners
Bridgewater Associates
Broadway Partners (237 Park Junior Mezz LLC; 237 Park Mezz, L.P.)
Brookfield Real Estate Financial Partners, LLC
CIT
Commonwealth Bank of Australia
Federal Home Loan Bank-Atlanta
Federal Home Loan Bank of New York
Fidelity Investments Limited
Millennium Partners[2]
Pregis Corp.
The Housing Bank for Trade & Finance
Tishman Speyer Properties (One Federal Junior Mezz, L.P.; 125 High Junior Mezz, L.P.)
Tradeweb Markets LLC
Vornado

(collectively, the "Claimants").  None of the Claimants are involved in any way in the Representative Matters and Fried Frank has not and will not represent any of the Claimants in connection with the Representative Matters.

d)  Fried Frank is assisting a client in evaluating a claim that another entity has against the Debtors in the chapter 11 cases in connection with the client's possible purchase of such claim.  Such claim is not in any way related to the Representative Matters and Fried Frank has not and will not represent any of the Claimants in connection with the Representative Matters.

e)  Fried Frank has represented and continues to represent the entities listed below in connection with matters where the Debtors and/or affiliates of the Debtors are adverse to such entities.  However, none of these matters are related in any way with the Representative Matters and Fried Frank has not and will not represent any of such clients in connection with the Representative Matters.

---

[2] Millennium Partners filed a proof of claim in the Lehman Brothers Inc. SIPA proceeding.

Angelo, Gordon & Corp.
Appaloosa Management, LP
Arbor Toy Holdings II, LLC
Atlas Capital Group, LLC
Bank of New York Mellon
Bridger Management, LLC
Broadway Partners Fund Managers, LLC
Brookfield Asset Management
Cantor Fitzgerald Securities
Capital Properties
Cooper Standard Automotive, Inc.
EJF Capital LLC
Fidelity Management & Research Company
Fremont Realty Capital
Goldman Sachs
Gregory, Joseph M.
Innkeepers  USA Trust[3]
Ivy Asset Management, LLC
Manifold Capital Corp
Merck & Co., Inc.
Moise Safra & Co., Inc.
MSCI Limited
Navios
Pequot Capital
Raynaud & Partners
The Related Companies
Rosen/Fuchs
Rubenstein Partners
SL Green Realty Corp.
Silver Point Capital, LP
Starman UK Services Co Ltd.
Taconic Capital
Tishman Realty & Construction
Trilogy Capital
Witkoff Group
WSG Development Company

f)  Fried Frank has represented and continues to represent the following entities

and/or their affiliates, which are secured creditors of the Debtors, in matters

wholly unrelated to the Debtors and the chapter 11 cases:

---

[3]    Fried Frank represents the Independent Committee of the Board of Trustees of Innkeepers USA Trust in connection with the chapter 11 cases of Innkeepers USA Trust, et al.  The Debtors or affiliates of the Debtors are parties in interest in the chapter 11 cases of Innkeepers USA Trust, et al.

JPMorgan Chase
State Street Bank & Trust Company

Fried Frank has not represented and will not represent any of the parties listed above or any of their affiliates in connection with the Debtors or the chapter 11 cases.

g) Fried Frank has represented and continues to represent Broadway Partners in connection with litigation between Broadway Partners and Lehman Re, a former subsidiary of LBHI. Broadway Partners may have potential claims against LBHI related to the litigation between Broadway Partners and Lehman Re, which claims are unrelated to the Representative Matters. Broadway Partners has retained conflict counsel in the event that it decides to pursue any claims against LBHI.

h) Fried Frank has represented and continues to represent U.S. Bank, a member of the Official Committee of Unsecured Creditors appointed in the chapter 11 cases, in matters wholly unrelated to the Debtors and the chapter 11 cases. Fried Frank has not represented and will not represent U.S. Bank or any of its affiliates in connection with the Debtors or the chapter 11 cases.

i) Fried Frank has represented and continues to represent Aegon USA and Royal Bank of Scotland and/or their affiliates in matters wholly unrelated to the Debtors and the chapter 11 cases. Aegon USA and Royal Bank of Scotland are former members of the Official Committee of Unsecured Creditors appointed in the chapter 11 cases. Fried Frank has not represented and will not represent Aegon USA or Royal Bank of Scotland or any of their affiliates in connection with the Debtors or the chapter 11 cases.

j)  Fried Frank has represented and continues to represent Allstate Insurance Co. and Capital Research and Management Company and/or their affiliates in matters wholly unrelated to the Debtors and the chapter 11 cases.  Allstate Insurance Co. and Capital Research and Management Company are members of the Ad Hoc Committee of Bondholders of the Main Street Natural Gas, Inc. Gas Project Revenue Bonds.  Fried Frank has not represented and will not represent Allstate Insurance Co. or Capital Research and Management Company or any of their affiliates in connection with the Debtors or the chapter 11 cases.

k)  Fried Frank has represented and continues to represent King Street Capital, L.P. and/or its affiliates in matters wholly unrelated to the Debtors and the chapter 11 cases.  King Street Capital, L.P. is a member of the Informal Lehman Brothers Holdings, Inc. Bondholder Group.  Fried Frank has not represented and will not represent King Street Capital, L.P. or any of its affiliates in connection with the Debtors or the chapter 11 cases.

l)  Fried Frank has represented and continues to represent the following entities and/or their affiliates, which are among the Debtors' 50 largest bondholders, in matters wholly unrelated to the Debtors and the chapter 11 cases:

AETNA Life Insurance Company
AIG Annuity Insurance Company
Allianz Life Insurance Company of North America
AXA Equitable Life Insurance Company
Barclays Global Fund Advisors
Blackrock Advisors
Continental Casualty Company
Federated Investors
Fidelity Management & Research Company
Guardian Life Insurance Company

> HSBC Bank
> John Hancock Life Insurance Co.
> Northwest Mutual Life Insurance Company
> Sun Life Assure Co. of Canada
> Teachers Insurance and Annuity Association
> Transamerica Life Insurance Company

Fried Frank has not represented and will not represent any of the parties listed above or any of their affiliates in connection with the Debtors or the chapter 11 cases.

m) Fried Frank has represented and continues to represent the following entities and/or their affiliates, which are among the Debtors' largest unsecured creditors other than bondholders, in matters wholly unrelated to the Debtors and the chapter 11 cases:

> Bank of America
> Bank of Nova Scotia
> BNP Paribas
> CB Richard Ellis
> Citibank
> Ernst & Young
> HSBC Bank
> Kim & Chang
> Linklaters
> Lloyds Bank

Fried Frank has not represented and will not represent any of the parties listed above or any of their affiliates in connection with the Debtors or the chapter 11 cases.

n) Fried Frank has represented and continues to represent FMR LLC and/or its affiliates in matters wholly unrelated to the Debtors and the chapter 11 cases. FMR LLC is listed in the Debtors' Conflict List as a significant stockholder of

the Debtors.  Fried Frank has not represented and will not represent FMR LLC
or any of its affiliates in connection with the Debtors or the chapter 11 cases.

o)  Fried Frank has represented and continues to represent the following entities
and/or their affiliates, which serve as underwriting investment bankers for
certain of the Debtors' securities, in matters wholly unrelated to the Debtors
and the chapter 11 cases:

> ABN AMRO Rothschild
> Merrill Lynch

Fried Frank has not represented and will not represent any of the parties listed
above or any of their affiliates in connection with the Debtors or the chapter
11 cases.

p)  Merrill Lynch, an underwriting investment banker for certain of the Debtors'
securities, administers Fried Frank's employee 401(k) incentive savings plan.

q)  A partner at Fried Frank was formerly a federal prosecutor who oversaw
securities fraud related investigations involving the Debtors.

r)  An attorney that is "of counsel" at Fried Frank is the editor-in-chief of a
LexisNexis publication, and several other partners at Fried Frank are
contributing authors to LexisNexis publications.  LexisNexis is a large trade
creditor of the Debtors.

s)  The son of an attorney that is "of counsel" at Fried Frank is a partner at Davis
Polk & Wardwell, which is a large trade creditor of the Debtors and also is a
professional representing various parties in interest in the chapter 11 cases.
The brother of a partner at Fried Frank is also a partner at Davis Polk &
Wardwell.

t)   Partners, attorneys who are "of counsel," "special counsel" and/or associates

of Fried Frank own stock or debt in certain parties on the Debtors' Conflict

List or their affiliates, including the following:

      Aetna
      AIG
      AT&T
      Bank of America
      BlackRock
      Citibank
      Con Edison
      Hartford Life Insurance Company
      IBM
      Intel Corporation
      Time Warner

I have been advised, however, that none of these individuals owns sufficient

stock or debt of any such creditor or party-in-interest to influence its affairs in

any way, and that the value or the ability to dispose of such stock or debt

would not be affected in any discernable way by any event in the Debtors'

Cases.

u)   Partners, attorneys who are "of counsel," "special counsel" and/or associates

of Fried Frank own shares in mutual funds and/or other financial products

managed by certain parties on the Debtors' Conflict List or their affiliates,

including the following:

      Alliance Bernstein
      Allianz Global Investors
      Blackrock
      Fidelity Investments
      Franklin Templeton Investments
      Jackson National Life Insurance
      John Hancock Investment Management Services
      JP Morgan
      Neuberger & Berman
      Pacific Management Investment Company

The Vanguard Group
T. Rowe Price Associates
Van Kampen Asset Management

16.     In addition, Fried Frank, its partners, attorneys who are "of counsel" and "special counsel" to Fried Frank, and associates of Fried Frank

    a)  have represented in the past and/or now represent and may in the future represent – in each case in matters wholly unrelated to the Debtors and the Debtors' Cases – parties on the Debtors' Conflict List, including the entities listed on Exhibit 1 attached to this Declaration;

    b)  had or have dealings (other than representations) – again, in matters wholly unrelated to the Debtors and the Debtors' Cases – with parties on the Debtors' Conflict List, including the entities listed on Exhibit 2 attached to this Declaration; and

    c)  may have appeared in other cases unrelated to the Debtors' Cases where parties on the Debtors' Conflict List, including the entities listed on Exhibit 3 attached to this Declaration, were involved where such matters were wholly unrelated to this case.

17.     To the best of my knowledge, information and belief there are no other instances wherein Fried Frank has, has had, or might be deemed to have or have had "connections" with the Debtors, their creditors, their equity security holders or other parties in interest.

18.     Given the size and complexity of the Debtors' businesses, and the number of parties in interest in the Debtors' chapter 11 cases, it is possible that, despite reasonable efforts to discover connections as described above, the information listed above and in the attached

exhibits may be incomplete or may have changed without my knowledge and may change

during the pendency of the Debtors' chapter 11 cases.  I am not aware, however, of any

connections not disclosed, and I am confident that if there were any such other connections, they

are unrelated to the Debtors' chapter 11 cases, and would have no effect on our representation.

If I become aware of any additional connections, I will promptly supplement this Declaration.

19.     Subject to this Court's approval, Fried Frank will charge the Debtors for its

legal services on an hourly basis in accordance with its ordinary and customary rates in effect on

the date services are rendered, and submits that such rates are reasonable.  In the normal course

of business, Fried Frank revises its hourly rates from time to time.  Set forth below are the

current base hourly rates that Fried Frank presently charges for the legal services of its

professionals:

| Partners | $815 - $1,100 per hour |
|---|---|
| Of Counsel | $870 - $1,000 per hour |
| Special Counsel | $735 - $870  per hour |
| Associates | $395 - $715  per hour |
| Legal Assistants | $200 - $295 per hour |

20.     Because the fees (a) are based on hourly rates and will correspond to the

degree of effort expended on the Debtors' behalf and (b) are Fried Frank's usual and customary

rates for services of this nature, I believe that these rates, and the terms and conditions of Fried

Frank's employment, are reasonable.

21.     The Fried Frank attorneys and legal assistants who are likely to perform

services for the Debtors' and the hourly rates attributable to their work for the Debtors, effective

as of the date of this Declaration, are:

Jonathan Mechanic          Joined firm in 1978 and became a Partner in          $995.00
                           1987.  Law school class of 1977.

| | | |
|---|---|---|
| Janice Mac Avoy | Joined firm in 1988 and became a Partner in 1996.  Law school class of 1988. | $970.00 |
| Lee Parks | Joined firm in 1984 and became a Partner in 1991.  Law school class of 1984. | $970.00 |
| Meyer Last | Joined firm in 1987 and became a Partner in 1991. Law school class of 1982. | $970.00 |
| Richard A. Wolfe | Joined firm in 1988 and became a Partner in 1995.  Law school class of 1988. | $970.00 |
| Nazar Altun | Joined firm as an Associate in 2004.  Law school class of 2004. | $660.00 |
| Michael Alexander | Joined firm as an Associate in 2007.  Law school class of 2004. | $660.00 |
| Laurinda Martins | Joined firm as an Associate in 2011.  Law school class of 2004. | $660.00 |
| Andrew Falevich | Joined firm as an Associate in 2005.  Law school class of 2004. | $645.00 |
| Adam Gottlieb | Joined firm as an Associate in 2005.  Law school class of 2005. | $645.00 |
| Kenneth Rosenfeld | Joined firm as an Associate in 2006.  Law school class of 2006. | $610.00 |
| Rachel Kravitz | Joined firm as an Associate in 2008.  Law school class of 2008. | $550.00 |
| Michele Chirco | Joined firm as an Associate in 2010.  Law school class of 2009. | $520.00 |
| David Gartenberg | Joined firm as an Associate in 2011.  Law school class of 2010. | $460.00 |

22.    As the Debtors' chapter 11 cases proceed, I anticipate that additional Fried Frank partners, "of counsel," "special counsel," associates and legal assistants may be assigned to work on the Debtors' matters.  To the fullest extent possible, lawyers having the requisite expertise who already have knowledge with respect to these areas and/or the matters involved will be assigned to these matters so that duplication of effort is avoided.  Consistent with the

ranges of hourly rates described above, the hourly rates of the other Fried Frank partners, "of counsel," "special counsel," associates and legal assistants that hereafter may act for the Debtors may be higher or lower than those of the persons listed above.

23.     In addition to the hourly rates set forth above, Fried Frank customarily charges its clients for all disbursements incurred, including photocopying charges, facsimile transmissions, messengers, courier mail, computerized research, word processing, secretarial overtime and temporary employees, overtime meals, overtime and late night transportation, travel, lodging, meal charges for business meetings, postage, printing, transcripts, filing fees, witness fees, document retrieval and similar items.  Subject to this Court's order(s) and the United States Trustee Guidelines with respect to the reimbursement of ancillary services and the Local Rules, Fried Frank will seek reimbursement of all such charges incurred on behalf of the Debtors.

24.     In the year period prior to the Commencement Date, the Debtors made payments to Fried Frank in the aggregate amount of $673,849.90 on account of services performed and to be performed, and expenses incurred and to be incurred, in connection with Fried Frank's representation of the Debtors.

25.     No promises have been received by Fried Frank, nor any partner, any attorney who is "of counsel" or "special counsel" to Fried Frank, or any associate of Fried Frank, as to compensation in connection with the Debtors' chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code.  Neither Fried Frank, nor any partner of Fried Frank, any attorney who is "of counsel" or "special counsel" to Fried Frank, or any associate of Fried Frank, has any agreement with any other entity to share with such entity any compensation received by Fried Frank in connection with the Debtors' matters.

26.      By reason of the foregoing, I believe that Fried Frank is eligible for employment and retention by the Debtors pursuant to section 327(e) of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.  I shall amend this statement immediately upon my learning that (i) any of the within representations are incorrect or (ii) there is any change of circumstance relating thereto.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated:  September 14, 2011
      New York, New York

_____/s/ Janice Mac Avoy_____
Janice Mac Avoy

**EXHIBIT 1**

**Parties on the Debtors' Conflict List that are Past and/or Present Clients or Affiliates of
Past or Present Clients**

A.C. Nielsen
ABN AMRO Rothschild
Adelphia Recovery Trust
Advanced Micro Devices, Inc.
Aegon USA
AETNA Life Insurance Company
AIG Annuity Insurance Company
Akin Gump Strauss Hauer & Feld LLP
Allianz Life Insurance Company of North America
Allstate Insurance Co.
Apollo Management Holdings, L.P.
ASA McJunkin Red Man Corp.
AT&T
AXA Equitable Life Insurance Company
Bank of America
Bank of Nova Scotia
Bank One
Barclays Global Fund Advisors
Black River Global Investments Fund Ltd.
Blackrock Advisors
Blackstone / Blackstone Capital Partners V L.P.
BNP Paribas
BP Energy
Brookfield Properties One WFC Co. LLC
Cablevision Systems Corp.
Calyon Securities
Campbell Soup Company
Capital Research and Management Company
Capmark Financial Group Inc.
Carlson Capital LP
The Carlyle Group
Carnegie Bank A/S
CB Richard Ellis
Centerbridge Partners, LP
CFS Holding NV
Chesapeake Energy Corp.
Chevron U.S.A. Inc.
Citadel Equity Fund Ltd.
Citibank
Clayton Commercial Corporation
Community Health Systems
Compass Bank
Concordia Mac 29 Ltd

Continental Casualty Company
Cox Castle Nicholson
Credit Suisse
Crescent I, LP
Cushman & Wakefield Inc.
Cyrus Capital Partners, L.P.
D.E. Shaw Composite Portfolios, LLC
Danske Bank A/S
Davidson Kempner International, Ltd.
Dechert LLP
Dell Global B.V.
Deloitte & Touche USA LLP
Delphi
DEPFA Bank PLC
Deutsche Bank
Dollar General Corp.
Dow Jones & Company, Inc.
Duff & Phelps
Duff & Phelps
Edison Mission Energy
Electronic Trading Group, LLC
Elliott Associates, L.P.
Emigrant Bank
Ernst & Young
Fannie Mae
Farallon Capital Partners, L.P.
Federal Express Corporation
Federal Home Loan Bank of Dallas
Federated Investors
FMR LLC
Forest City Capital Corporation
Fortress Investment Group LLC
Friedman, Billings, Ramsey Group, Inc.
Future Industry Association
Galileo Fund Limited
Geffen, David A
General Motors
Georgia Pacific Corporation
GFI Securities, Ltd.
Gold, Jonathan L.
GoldenTree Master Fund, Ltd.
Guardian Life Insurance Company
Harvard University
Hawker Beechcraft
HBK Investments LP
Highbridge Principal Strategies - Mezzanine Partners

Highland Capital Management, L.P.
Hilton Hotels Corporation
Hogan & Hartson
Houlihan Lokey Howard & Zukin, Inc.
HSBC Bank
Icahn Management LP
ING Bank, FSB
Intel Corporation
Investec Bank (Switzerland) AG
Iris Software, Inc.
iStar Financial Inc.
John Hancock Life Insurance Co.
Jones Day
JPMorgan Chase
Kim & Chang
King Street Capital, L.P.
KKR Private Equity Investors L.P.
KPMG
The Kroger Co.
Lazard Freres & Co.
Level 3 Communications
Lexington Insurance Company
Linklaters
Lloyds Bank
Lufthansa AG
Lyondell
Macquarie A-10
Macquarie Bank Limited
Malaysian Airline System
Marathon Master Fund Ltd
Marfin Popular Bank Public Company
Mazars LLP
McJunkin Corporation
Medco Health Solutions Inc.
Merrill Lynch
Metropolitan Life Insurance Company
MF Global Finance / MF Global Finance Europe Limited
MGM Mirage
Microsoft Corporation
Midland National Life Insurance Co
Milbank, Tweed, Hadley & McCloy
Millenium Management, LLC
Millennium Partners
Mitsui Company
Morgan Stanley & Co. Incorporated
Morrison & Foerster

National Bank of Canada
Neuberger & Berman
Nokia Corporation
Normandy Hill Capital, LP NorthEast
Normandy Real Estate Partners
Northrop Grumman
NorthStar Real Estate Securities Opportunities Master Fund L.P.
Northwest Mutual Life Insurance Company
NPD Group Inc.
NY Life Insurance
NYSE Euronext Inc.
Och-Ziff
Oddo & Cie
Office Depot
ONEOK Energy Services Company, L.P.
Onex Debt Opportunity Fund Ltd.-C/O Onex Credit Partners, LLC
Orrick, Herrington & Sutcliffe LLP
Paulson Credit Opportunities Master Ltd.
Pioneer Investment Management Limited
PJM Interconnection, L.L.C.
Pricewaterhouse Coopers, LLP
Public Service Enterprise Group Incorporated
Rbc Capital Markets Corporation
Rockefeller Group Development Corporation
Royal Bank of Canada
Royal Bank of Scotland
Rubinstein Partners
Samsung Life Insurance Co., Ltd.
Saunders, Wayne, Jr.
Schroder Investment Company Limited
Scotia Capital
Sinclair Television Group, Inc.
Sovereign Securities Corporation, LLC
State Board of Administration of Florida
State Street Bank & Trust Company
Stewart & Stevenson LLC
Structure Tone Inc.
Thomson Financial
Thomson Reuters Corporation
Teachers Insurance and Annuity Association
Tiger Asia Fund, L.P.
Time Warner
Tishman Speyer Properties
Transamerica Life Insurance Company
Tullett Prebon Holdings Corp.
Turnberry Fund

U.S. Bank
UBS International Inc.
UnitedHealth Group Inc
Unum Life Insurance Company of America
Verizon Communications Inc.
Virtus Balanced Allocation Fund
The Vantagepoint Funds
Vodafone Group PLC
Wall Street On Demand, Inc.
Walton Street Capital
Wells Fargo & Co.
ZAIS Opportunity Master Fund, Ltd.

**EXHIBIT 2**

**Parties on the Debtors' Conflict List with whom Fried Frank has had Dealings or with**
**<u>Affiliates of whom Fried Frank has had Dealings</u>\***

1221 Avenue of the Americas
125 Broad Street
125 High Street LP
767 Fifth Avenue
Akin, Gump, Strauss, Hauer  & Feld LLP
Allen & Overy
Alliance Bernstein
Allison Transmission
Applebees
Aurora Bank FSB F/K/A Lehman Brothers Bank FSB
ALFA
Allstate
Alvarez Marsal
Ambac
Aozora
Baker & McKenzie LLP
Banco Espirito Santo
Bank of China, New York Branch
Bats Trading, Inc.
BRM Group, Ltd.
BBVA
Broadway League
Cadwalader, Wickershamp & Taft LLP
Canary Wharf Management Limited
Capital Guardian Trust Company
Clearbridge Advisors, LLC (F/K/A CAM North America, LLC)
Clifford Chance
Computer Associates International Inc.
Con Edison
Corporate Park Associates
CPR (USA) Inc.
Curtis, Mallet-Prevost, Cold & Mosle LLP
Danske Bank
Davis & Gilbert LLP
Dell Marketing L.P.
Deutsche Immobilien Fonds AG
Dexia
DNB Nor Bank ASA
Evergreen Solar, Inc.
Exlservice Holdings, Inc.
FDR Holdings, Ltd.

---

\*       The entities listed on Exhibit 2 are in addition to those entities listed on Exhibit 1.

Federal Deposit Insurance Corporation
Federal Reserve Bank of New York
Florida Power & Light Company
Frontier Drilling ASA
FTI Consulting, Inc.
Growth Partners Inc.
Hartford Life Insurance Company
Hess Corporation
Hewlett Packard Company
Houghton Mifflin Harcourt Publishing Company
HQ Global Workplaces
Huntsman Corporation
IBM Corporation
IKON Office Solutions Inc.
ING Life Insurance & Annuity Company
Interactive Data Corp.
Iron Mountain
Irvine Company
Kramer Levin Naftalis & Frankel LLP
Labarge Pipe & Steel
Latham & Watkins
Linn Energy, LLC
Locke Lord Bissell & Liddell
Loomis Sayles & Company L.P.
McDermott Will & Emery
MetLife
Midway-Tristate Corp.
Mizuho Corporate Bank
Natixis
Net One
Network Appliance Inc.
New York Life Insurance Company
New York Stock Exchange
New York University
Nippon Life
Office of Thrift Supervision
Oppenheimer Funds
Options Clearing Corporation
Pacific Life & Annuity
Pacific Investment Management Company
Pinnacle Entertainment Corp.
PNC Bank, N.A.
Prudential Financial Inc.
Putnam Investments, LLC
Rockefeller Center North, Inc.
RR Donnelley & Sons

Ryland Group, Inc.
Securities and Exchange Commission
Shinsei Bank Ltd.
SMBC
Sony Corporation
Standard & Poors
Standard Chartered Bank
Storage Technology Corp
Stroock, Stroock & Lavan
Sumitomo Mitsui Banking Corp
TFS Derivatives Corporation
Thacher Proffitt & Wood LLP
Tibco Software
Transaction Network Services
T. Rowe Price Associates
Vail Resorts, Inc.
Western Asset Management Company
Wexford Capital LLC
White & Case
Wilmington Trust Company
W.R. Grace
Yale University
Yankee Candle

**EXHIBIT 3**

**Parties on the Debtors' Conflict List that Were or Are Involved in Cases Where Clients of
Fried Frank, or Their Affiliates Have Appeared**\*

AlixPartners
American Family Life Assurance Company
ANZ
Bloomberg L.P.
Chris O'Meara
CFTC
Davis, Polk & Wardwell
Dexia Banque Belgique SA
Dorsey & Whitney LLP
Enterprise Products Operating, LLC
EPIQ Bankruptcy Solutions LLC
Franklin Templeton Investments
Fuld, Richard S.
Gibson, Dunn & Crutcher LLP
Government of Singapore Investment Corporation
Ian Lowitt
Jenner & Block
Lexis Nexis
National Bank of Australia
National Commerce Bank
National Union Fire Insurance Company of Pittsburgh, PA
Nstar Electric
Overstock.com
Pachulski Stang Ziehl & Jones
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Richards, Layton & Finger
Sidley Austin LLP
Southern California Edison Company
Swedbank
Wachtel & Masyr LLP
Zurich American Insurance

---

\*       The entities listed on Exhibit 3 are in addition to those entities listed on Exhibits 1 and 2.

us\growna\8257251.12

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
                            :

In re                      :      Chapter 11 Case No.
                            :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,  :      **08-13555 (JMP)**
                            :

            **Debtors.**      :      **(Jointly Administered)**
                            :

----------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(e) OF
THE BANKRUPTCY CODE AND RULE 2014 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING
THE MODIFICATION OF THE PROCEDURES FOR COMPENSATING
AND REIMBURSING FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP,
AS SPECIAL COUNSEL TO DEBTORS, EFFECTIVE AS OF JUNE 1, 2011**

Upon consideration of the application, dated September 15, 2011 (the "Application"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11

cases, as debtors in possession (collectively, the "Debtors"), pursuant to section 327(e) of title 11

of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the procedures for

compensating and reimbursing Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank")

as special counsel to the Debtors, effective as of June 1, 2011; and upon the declaration of

Janice Mac Avoy (the "Mac Avoy Declaration"), annexed as Exhibit A to the Application; and

the Court being satisfied, based on the representations made in the Application and the Mac

Avoy Declaration, that Fried Frank does not represent or hold any interest adverse to the

Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under

section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the Court having

determined that Fried Frank is eligible for employment as special counsel to the Debtors; and

---

[1]  Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the
   Application.

the Court having jurisdiction to consider the Application and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11,

dated July 10, 1984 (Ward, Acting C.J.); and the Court having determined that consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided in accordance with the

procedures set forth in the second amended order entered June 17, 2010 governing case

management and administrative procedures [ECF No. 9635], to (i) the United States Trustee for

the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; (vi) Fried Frank and

(vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Application is in the best interests of the Debtors, their estates and their

creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

       ORDERED that the Application is approved as set forth herein; and it is further

       ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the

employment and retention of Fried Frank as special counsel to the Debtors is hereby authorized

and approved on the terms set forth in the Application and this Order, for the Representative

Matters identified in the Application and in accordance with Fried Frank's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Fried Frank shall, solely with respect to fees and expenses to be paid to Fried Frank in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], the Court's Order Amending the Fee Protocol [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  September __, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE