HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 17, 2011 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' TWO HUNDRED NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MICHAEL A. ROLLIN, AT (303) 893-6100.**

---

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                  :   Chapter 11 Case No.
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*            :   08-13555 (JMP)
                                                       :
                          Debtors.                     :   (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED
NINTH OMNIBUS OBJECTION TO PORTIONS OF CLAIM NOS. 29883
AND 29879 FILED BY CITIBANK, N.A. AND CITIGROUP GLOBAL MARKETS, INC.**

   **PLEASE TAKE NOTICE** that on September 15, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their objection to proofs of claim numbered 29883 and 29879 (the "Debtors' Two Hundred Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Two Hundred Ninth Omnibus

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on October 27, 2011, at 10:00 a.m. (**Eastern Time**), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than

**October 17, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Debtors' Two Hundred Ninth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  September 15, 2011
        New York, New York

/s/ Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 17, 2011 at 4:00 p.m. (Eastern Time)

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          :   Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*    :   08-13555 (JMP)
                                               :
                        Debtors.               :   (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' TWO HUNDRED NINTH**
**OMNIBUS OBJECTION TO PORTIONS OF CLAIMS NOS. 29883**
**AND 29879 FILED BY CITIBANK, N.A. AND CITIGROUP GLOBAL MARKETS, INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1.   The Debtors file this two hundred ninth omnibus objection (the "Two Hundred Ninth Omnibus Objection to Claims") seeking to disallow part of proof of claim numbered 29883 filed by Citibank, National Association (the "Citibank Claim" attached as

Exhibit A, hereto) and part of proof of claim numbered 29879 filed by Citigroup Global Markets, Inc. (the "Citigroup Claim" attached as Exhibit B, hereto) pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Order approving procedures for the filing of objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664].

2.      Citibank, National Association and Citigroup Global Markets, Inc. (the "Claimants") assert the Citibank Claim and Citigroup Claim against LBHI, based on LBHI's guarantee of certain debts of several of its affiliates, including Structured Asset Securities Corporation ("SASCO"). Section "M" of the Citibank Claim (¶¶ 102-105) and Section "D" of the Citigroup Claim (¶¶ 26-29) reference debts allegedly owed by SASCO on account of securities held by the Claimants (the "Securities"). The Claimants have failed to allege or offer evidence that Debtors are liable under any agreement or applicable law in connection with the Securities. The Debtors therefore request that Section M of the Citibank Claim and Section D of the Citigroup Claim be disallowed and expunged in their entirety.

3.      The Debtors reserve all their rights to object to the sections of the Citibank Claim and Citigroup Claim not subject to this objection, and reserve their rights to object to Section M of the Citibank Claim and Section D of the Citigroup Claim on any other basis if the Court does not grant the relief requested herein.

**Jurisdiction**

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [ECF No. 7531].

8.  On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order sets forth the required contents for proofs of claim, including, as relevant here: (a) the specific "legal and factual basis for the alleged claim" and (b) "supporting documentation or an explanation as to why documentation is not available." (Bar Date Ord. at 6.) Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date… specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting

3

such claim against the Debtors (or filing a Proof of Claim with respect thereto)…" (*Id.* at 9-10.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

### Section M of the Citibank Claim and Section D of the Citigroup Claim

9.  The crux of the Claimants' claims is that LBHI made broad guarantees as to the obligations of its subsidiaries and, therefore, is liable to the Claimants for the underlying claims they hold against such subsidiaries.  Both Section M and Section D of those claims state that "SASCO is liable to [the Claimants] for various amounts owed under numerous certificates . . ." (Citibank Claim at ¶¶ 102-103; Citigroup Claim at ¶¶ 26-27.)  The Claimants aver that such debts fall within the scope of LBHI's written guaranty in favor of the Claimants dated July 26, 2005 (the "Guaranty" attached as Exhibit C, hereto).

10.  The Claimants bring their claims as certificateholders and beneficiaries of the non-debtor securitization trusts that issued the Securities (the "Trusts").  As a depositor of the mortgage assets backing the Securities, SASCO was created with the limited purpose of effecting the transfer of mortgage assets to such trusts.  Accordingly, SASCO did not issue the Securities and did not guarantee any payments to the holders of the Securities or any other obligations of the Trusts.

### Sections M and D Should Be Disallowed and Expunged

11.  A proof of claim is entitled to a *prima facie* presumption of validity if the claim is "executed and filed in accordance with [the Bankruptcy] rules." Fed. R. Bankr. P. 3001(f).  For a proof of claim to be legally sufficient under Rule 3001(f), however, the proof of claim must set forth the necessary facts in support of the claim. *In re Porter,* 374 B.R. 471, 480

4

(Bankr. D. Conn. 2007) ("If . . . the claimant fails to allege facts in the proof of claim that are sufficient to support the claim . . . [the claim is] deprived of any *prima facie* validity which it could otherwise have obtained."); *see also In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (explicitly adopting *Porter*).

12. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13. Notwithstanding the Court's order requiring proofs of claims to set "forth with specificity the legal and factual basis for the alleged claim," Sections M and D fail to set forth any facts or legal theory that would give rise to Debtors' liability to the Claimants. (Bar Date Order at 6.) Therefore, Sections M and D should be disallowed and expunged on the basis that they do not set forth facts necessary to support the claims and are unenforceable against the Debtors under any agreement or applicable law.

### A. The Claimants cannot recover from LBHI as a guarantor of SASCO's obligations because they have made no showing that SASCO owes any debt.

14. While the Claimants have produced a copy of the Guaranty, they have not identified any specific liabilities of SASCO to which it relates. Sections M and D state that SASCO is liable to the Claimants for "various amounts owed under numerous certificates," but contain no information and/or documentation indicating that the Claimants have any basis for reaching such a conclusion. The Securities identified by the Claimants were issued by special

5

purpose vehicles and were not guaranteed by SASCO or any Debtor.

15. The Debtors have, on more than one occasion, requested that the Claimants provide the legal and factual bases of Sections M and D. *See Declaration of Keri Reed in Support of Debtors' Two Hundred Ninth Omnibus Objection to Portions of Claim Nos. 29883 and 29879* ("Reed Decl.") at ¶ 4. Despite the Debtors' requests for information and documentation supporting Sections M and D, to date, the Claimants have failed to identify any debt owed by SASCO related to or arising from any of the Securities.

**B.  The Claimants cannot recover from LBHI as a guarantor because the Guaranty only applies to "extensions of credit."**

16. Although the Guaranty may establish LBHI as the guarantor of certain debt obligations of its subsidiaries for the benefit of the Claimants, it does not extend to obligations specific to a depositor of securitized mortgage loan pools, such as SASCO. Pursuant to the Guaranty, LBHI guaranteed to the Claimants the "punctual payment when due… of all obligations… of each Borrower to [the Claimants] under any and all *extensions of credit* extended and/or maintained by [the Claimants]." (Guaranty at ¶ 1 (emphasis added).) Under the Guaranty, the term "Borrower" refers various subsidiaries of LBHI, including SASCO. As discussed above, however, SASCO was a limited purpose entity and, as such, it did not receive any "extensions of credit" from the Claimants pursuant to its limited role in the securitization process. Nevertheless, the Claimants have asserted claims for the entire unpaid principal balance of the Securities referenced in Sections M and D without identifying any extension of credit made to SASCO. Without alleging such an extension of credit, there can be no liability under the Guaranty.

17. Therefore, based on the information provided by the Claimants to date, the Guaranty is entirely inapplicable to the underlying claims asserted by the Claimants in

6

Sections M and D. Even if the Claimants' claims against SASCO are valid, which they are not, the Guaranty does not provide a basis for LBHI's liability. The Claimants have failed to include sufficient factual support on which this Court could reasonably rely to accept the Citibank Claim and Citigroup Claim as *prima facie* valid. According to this Court's Procedures Order, the proper remedy for unsupported claims is disallowance and expungement. (Procedures Order at 2.)

    **C.**    **Sections M and D should be disallowed on the basis that they seek duplicative recovery and were filed by improper parties.**

    18.    Even if the Claimants are entitled to recovery in connection with the Securities, their interests are protected by multiple claims filed by the trustees of the Securities (the "Trustee Claims"). (*See List of Securities and Corresponding Trustee Claims* attached hereto as Exhibit D.) The Trustee Claims, which were filed on behalf of the Claimants and other certificateholders, include allegations sufficiently broad to render Sections M and D redundant. *Id.*

    19.    Further, the Claimants, as certificateholders and trust beneficiaries, do not have standing to bring suit over trust property unless they can establishes both (1) a demand upon the trustee to sue and (2) the trustee's unjustifiable refusal or the futility of such a demand. *Besser v. Miller*, 785 N.Y.S.2d 625 (App. Div. 2004); *In re Stoll*, 252 B.R. 492, 495-96 (B.A.P. 9th Cir. 2000) (holding in bankruptcy court that "a beneficiary of a trust generally lacks standing to sue third parties on behalf of the trust"); *see also* Restatement (Second) of Trusts § 281 (1959); George G. Bogert, George T. Bogert & Amy Morris Hess, *The Law of Trusts and Trustees* § 869 (2010). Because the applicable trustees have brought suit, there is no basis for departing from the general rule that the trustee has exclusive authority to maintain an action concerning trust property.

20. As such, Sections M and D must yield and should be disallowed and expunged in favor of the corresponding Trustee Claims. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey,* 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

**<u>Notice</u>**

21. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Two Hundred Ninth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit D</u>; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Debtors submit that no other or further notice need be provided.

22. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  September 15, 2011

>     */s/* Michael A. Rollin
>     Michael A. Rollin
>     REILLY POZNER LLP
>     1900 16th Street, Suite 1700
>     Denver, Colorado 80202
>     Telephone: (303) 893-6100
>     Facsimile: (303) 893-6110
>     Attorneys for Debtors
>     and Debtors in Possession

8