# EXHIBIT C

07/26/2005   15:17   LEHMAN → 916457594456                                      NO.685   D01

# GUARANTY

GUARANTY, dated as of July 26, 2005, made by Lehman Brothers Holdings Inc., a corporation organized and existing under the laws of the State of Delaware (the "Guarantor"), in favor of Citigroup Inc. and each subsidiary or affiliate thereof (including Citibank, N.A. and each of its branches wherever located) ("Citigroup").

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and to induce Citigroup to extend and/or maintain credit to or for the account of the Guarantor's subsidiaries listed on Schedule A attached hereto and made a part hereof, which Schedule A may be amended, supplemented or otherwise modified from time to time pursuant to Section 11 hereof (each, a "Borrower"), the Guarantor agrees as follows:

1. **Guaranty.** The Guarantor unconditionally guaranties the punctual payment when due, whether upon maturity, by acceleration or otherwise, of all obligations (now or hereafter existing) of each Borrower to Citigroup under any and all extensions of credit, extended and/or maintained by Citigroup ("Credit Agreements"), whether for principal, interest, fees, expenses or otherwise, in each case strictly in accordance with the terms thereof (all such obligations of the Borrowers being the "Obligations"). If any Borrower fails to pay any of its Obligations in full when due (whether at stated maturity, by acceleration or otherwise), the Guarantor will promptly pay the same to Citigroup. The Guarantor will also pay to Citigroup any and all expenses (including without limitation, reasonable legal fees and expenses) incurred by Citigroup in enforcing its rights under this Guaranty. This Guaranty is a guaranty of payment and not merely of collection.

2. **Guaranty Absolute.** The Guarantor's liability under this Guaranty is unconditional irrespective of (i) any illegality, lack of validity or enforceability of any Obligation (other than as a result of the unenforceability of a Credit Agreement against Citigroup), (ii) any amendment, modification, waiver or consent to departure from the terms of any Obligation, including any renewal or extension of the time or change of the manner or place of payment, (iii) any exchange, substitution, release, non-perfection or impairment of any collateral securing payment of any Obligation, (iv) any change in the corporate existence, structure or ownership of any Borrower, or any insolvency, bankruptcy, reorganization or other similar proceeding affecting any Borrower or its assets or any resulting release or discharge of any Obligation, (v) the existence of any claim, set-off or other right that the Guarantor may have at any time against any Borrower, Citigroup, or any other corporation or person, whether in connection herewith or any unrelated transactions, provided that nothing herein will prevent the assertion of any such claim by separate suit or compulsory counterclaim, (vi) any law, regulation or order of any jurisdiction, or any other event, affecting any term of any Obligation or Citigroup's rights with respect thereto, and (vii) any other circumstance or any existence of or reliance on any representation by Citigroup that might otherwise constitute a defense to, or a legal or equitable discharge of, any Borrower or the Guarantor or any other guarantor or surety (excluding the defenses of payment and statute of limitations, neither of which is waived); *provided*, however, that the Guarantor shall be entitled to exercise any right that any Borrower could have exercised (i) to cure any default in respect of its obligations or (ii) to setoff, counterclaim or withhold payment in respect of any event of default or similar event in respect of Citigroup, but only to the extent such right is provided to Borrower under the applicable Credit Agreement.

It is the intent of this Section 2 that the Guarantor's obligations hereunder are and shall be absolute and unconditional under any and all circumstances other than as expressly stated herein.

CONFIDENTIAL FOR SETTLEMENT PURPOSES ONLY                                          CITI-LBHI 00001362

3. **Waiver.** The Guarantor waives promptness, diligence, notice of acceptance, notice of dishonor and any other notice with respect to any Obligation and this Guaranty and any requirement that Citigroup exercise any right or take any action against any Borrower or any collateral security or credit support.

4. **Reinstatement.** This Guaranty will continue to be effective or be reinstated, as the case may be, if at any time any payment of any Obligation is rescinded or must otherwise be returned by Citigroup upon the insolvency, bankruptcy or reorganization of any Borrower or otherwise, all as though such payment had not been made.

5. **Subrogation.** The Guarantor will not assert, enforce or otherwise exercise any rights which it may acquire by way of subrogation under this Guaranty, by any payment made hereunder or otherwise, until payment in full of the Obligations and the termination of any and all commitments of Citigroup under Credit Agreements to provide extensions of credit.

6. **Taxes.** Any and all payments by the Guarantor hereunder will be made free and clear of and without deduction for any and all present or future taxes, levies, imposts, deductions, charges, or withholdings, and all liabilities with respect thereto, excluding taxes of franchise taxes imposed on Citigroup's net income by the jurisdiction under the laws of which Citigroup is organized or any political subdivision thereof or by the jurisdiction of Citigroup's lending office or any political subdivision thereof (all such non-excluded taxes, levies, imposts, deductions, charges, withholdings and liabilities being "Taxes"). If the Guarantor is required by law to deduct any Taxes from or in respect of any sum payable hereunder (i) the sum payable will be increased as may be necessary so that after making all required deductions (including deductions applicable to additional sums payable under this Section) Citigroup will receive an amount equal to the sum it would have received had no such deductions been made, (ii) the Guarantor will make such deductions, and (iii) the Guarantor will pay the full amount deducted to the relevant taxation authority or other authority in accordance with applicable law. In addition, the Guarantor will pay any present or future stamp or documentary taxes or any other excise or property taxes, charges or similar levies that arise from any payment made hereunder or from the execution, delivery or registration of, or otherwise with respect to, this Guaranty or the Obligations ("Other Taxes"). The Guarantor will promptly furnish to Citigroup the original or a certified copy of a receipt evidencing payment thereof. The Guarantor will indemnify Citigroup for the full amount of Taxes or Other Taxes paid by Citigroup or any liability (including penalties, interest and expenses) arising therefrom or with respect thereto, whether or not such Taxes or Other Taxes were correctly or legally assessed, within 30 days of Citigroup's request therefor. Without prejudice to the survival of any other agreement contained herein, the Guarantor's agreements and obligations contained in this Section will survive the payment in full of the Obligations, principal and interest hereunder and any termination of this Guaranty.

7. **Place and Currency of Payment.** The Guarantor will make all payments hereunder to Citigroup in U.S. Dollars at 388 Greenwich Street, New York, New York 10013.

8. **Set-Off.** If the Guarantor fails to pay any of its obligations hereunder when due and payable, Citigroup is authorized at any time and from time to time, to set off and apply any and all deposits (general or special, time or demand, provisional or final but excluding any amounts held by Citigroup in a trustee or fiduciary capacity and, if applicable to the Borrower, any amounts held in customer accounts required by law or applicable regulation or SRO rules to be segregated) at any time held and other indebtedness at any time owing by Citigroup to or for the Guarantor's credit or account against any and all of the Obligations, whether or not Citigroup has made any demand under this Guaranty. Citigroup will promptly notify the Guarantor after any such set-off and application, provided that the failure to give such notice will not affect the validity of such set-off and application. Citigroup's rights under this Section are in addition to other rights and remedies (including, without limitation, other rights of set-off) that Citigroup may have

2

CONFIDENTIAL FOR SETTLEMENT PURPOSES ONLY                                    CITI-LBHI 00001363

07/26/2005    15:17    LEHMAN → 915467584456                                      NO.686    D03

9. **Representations and Warranties.** The Guarantor represents and warrants that (i) the execution, delivery and performance by the Guarantor of this Guaranty are within its corporate powers, have been duly authorized by all necessary corporate action, and do not contravene (x) its charter or by-laws or (y) any law or any contractual restriction binding on or affecting the Guarantor or any entity that controls it, (ii) no authorization or approval or other action by, and no notice to or filing with, any governmental authority or regulatory body or any other third party is required for the due execution, delivery and performance by the Guarantor of this Guaranty, and (iii) this Guaranty has been duly executed and delivered by the Guarantor and is its legal, valid and binding obligation, enforceable against the Guarantor in accordance with its terms, except as the enforceability thereof may be limited by applicable bankruptcy, insolvency, reorganization or other similar laws affecting creditors' rights generally and by general equitable principles (regardless of whether the issue of enforceability is considered in a proceeding in equity or at law).

10. **Continuing Guaranty.** This is a continuing guaranty and applies to all Obligations whenever arising. This Guaranty will remain in full force and effect until the payment in full of the Obligations and all amounts payable hereunder and the termination of all of the Credit Agreements relating to the Obligations.

11. **Amendments, Etc.** No amendment or waiver of any provision of this Guaranty, and no consent to departure by the Guarantor therefrom, will in any event be effective unless the same is in writing and signed by Citibank, N.A., on behalf of Citigroup, and then such waiver or consent will be effective only in the specific instance and for the specific purpose for which given.

12. **Addresses.** All notices and other communications provided for hereunder will be in writing (including telecopier communication) and mailed, telecopied or delivered to it, if to the Guarantor, at its address at 745 Seventh Avenue, New York, New York 10019, Attention: Treasurer, Inc., Fax 212.526.0838 and if to Citigroup, at its address at 388 Greenwich Street, New York, New York 10013, Attention: Michael Mauerstein, Fax 212-816-1111 or, at to either party, at such other address as is designated by such party in a written notice to the other party. All such notices and other communications will, when mailed or telecopied, be effective two days deposited in the mails or when telecopied (with confirmation of transmission from the sending machine), respectively.

13. **Guarantor's Credit Decision, Etc.** The Guarantor has, independently and without reliance on Citigroup and based on such documents and information as the Guarantor has deemed appropriate, made its own credit analysis and decision to enter into this Guaranty. The Guarantor has adequate means to obtain from each Borrower on a continuing basis information concerning the financial condition, operations and business of such Borrower, and the Guarantor is not relying on Citigroup to provide such information now or in the future. The Guarantor acknowledges that it will receive substantial direct and indirect benefit from the extensions of credit contemplated by this Guaranty.

14. **Governing Law.** This Guaranty shall be governed by, and construed in accordance with, the law of the State of New York.

15. **Consent to Jurisdiction, Etc.** The Guarantor irrevocably (i) submits to the non-exclusive jurisdiction of any New York State or Federal court sitting in the Borough of Manhattan, New York City, in any action or proceeding arising out of or relating to this Guaranty, (ii) agrees that all claims in respect of such action or proceeding may be heard and determined in such New York State court or in such Federal court, (iii) waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding, and (iv) irrevocably consents to the service of any and all process in any such action or proceeding by the mailing of copies of such process to the Guarantor at 745 Seventh Avenue, New York, New York 10019, Attention: General Counsel. A final judgment in any such action or proceeding will be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Nothing herein will affect Citigroup's right to serve legal process in any

CONFIDENTIAL FOR SETTLEMENT PURPOSES ONLY

CITI-LBHI 00001364

other manner permitted by law or affect Citigroup's right to bring any action or proceeding against the Guarantor or its property in the courts of other jurisdictions. To the extent that the Guarantor has or hereafter may acquire any immunity from jurisdiction of any court or from any legal process (whether through service of notice, attachment prior to judgment, attachment in aid of execution, execution or otherwise) with respect to itself or its property, the Guarantor irrevocably waives such immunity in respect of its obligations under this Guaranty.

16. **Further Assurances.** The Guarantor shall execute all such other documents and instruments and do all such other acts and things as Citigroup may reasonably require to carry out the transactions and intent contemplated hereby.

17. **Particular Guaranties.** In the event that, with respect to a particular Credit Agreement with a Borrower, the Guarantor shall have heretofore delivered or shall hereafter deliver, and Citigroup shall have accepted or shall accept, another guaranty, whether in lieu of or a different form (a "Particular Guaranty"), the Particular Guaranty shall supersede this Guaranty to the extent of the obligations guaranteed in the Particular Guaranty.

18. **WAIVER OF JURY TRIAL.** THE GUARANTOR IRREVOCABLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER BASED ON CONTRACT, TORT OR OTHERWISE, ARISING OUT OF OR RELATING TO THIS GUARANTY OR CITIGROUP'S ACTIONS IN THE NEGOTIATION, ADMINISTRATION OR ENFORCEMENT HEREOF.

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name: _____
Title: Vice President

4

CONFIDENTIAL FOR SETTLEMENT PURPOSES ONLY                              CITI-LBHI 00001365

07/26/2005    15:17    LEHMAN → 916467584456    NO.685    P05

# SCHEDULE A
### To Guaranty
### Dated as of July 26, 2005
### From Lehman Brothers Holdings Inc.

## Borrowers

PROPERTY ASSET MGMT INC.
STRUCTURED ASSET SEC CORP
SASCO II
LEHMAN ABS CORP
ALI INC
BL FUNDING L.P.
LB-NL LCB INVESTOR, INC.
LB-NL HOLDINGS L.P.
LB-NL HOLDINGS (CAYMAN) LTD
LEHMAN BROTHERS COMMERCIAL BANK

Lehman Brothers Holdings Inc.
Schedule A

CONFIDENTIAL FOR SETTLEMENT PURPOSES ONLY

CITI-LBHI 00001366

## **EXHIBIT D**

Exhibit D

List of Securities and Corresponding Trustee Claims

| SECURITY | TRUSTEE NAME | TRUSTEE CLAIM AGAINST LBHI | TRUSTEE CLAIM AGAINST SASCO | CITIBANK OR CITIGROUP CLAIM NO. |
|---|---|---|---|---|
| SASCO 2006-RF3 | U.S. Bank National Association | 20516 | 20515 | 29879 |
| SASCO 2006-NC1 | U.S. Bank National Association | 20516 | 20515 | 29879 |
| SASCO 2005-6 | Wilmington Trust Company, as Trustee | 21107 | 21106 | 29883 |
| SASCO 2005-5 | Wilmington Trust Company, in its capacity as Trustee | 22773 | 22766 | 29883 |
| SASCO 2005-16 | The Bank of New York Mellon, as Trustee for Creditor | 14580 and 14589* | 14581 and 14588* | 29883 |
| SASCO 2005-15 | Citibank, N.A., in its capacity as Trustee | 22604 | 22774 | 29883 |
| SASCO 2005-14 | Wilmington Trust Company, as Trustee | 21105 | 21104 | 29883 |
| SASCO 2005-10 | Citibank, N.A., in its capacity as Trustee | 22604 | 22774 | 29883 |
| SASCO 2005-1 | Wilmington Trust Company, in its capacity as Trustee | 22773 | 22766 | 29879 |
| SASCO 2004-20 | Wilmington Trust Company, as Trustee | 21109 | 21108 | 29879 |
| SASCO 2004-15 | Wilmington Trust Company, in its capacity as Trustee | 22773 | 22766 | 29879 |
| SASCO 2003-37A | The Bank of New York Mellon, as Trustee for Creditor | 14608* | 14603* | 29879 |
| SASCO 2003-16 | Bank of America, National Association, successor by merger to LaSalle Bank N.A. | 16385 | 16355 | 29879 |
| SASCO 2002-5A | Wells Fargo Bank, National Association, not individually, but solely in its capacity as Trustee | 24796 | 24795 | 29879 |

*Claims objected to pursuant to Debtors' 109th omnibus objection to claims [Docket No. 15008] on the basis that the relevant trustee, the Bank of New York Mellon ("BNY") was unwilling or unable to substantiate such claims. After seeking direction from certificateholders, BNY declined to respond to Debtors' objection and acquiesced to the expungement of the claims.

1

Exhibit D

List of Securities and Corresponding Trustee Claims

| SECURITY | TRUSTEE NAME | TRUSTEE CLAIM AGAINST LBHI | TRUSTEE CLAIM AGAINST SASCO | CITIBANK OR CITIGROUP CLAIM NO. |
|---|---|---|---|---|
| SASCO 2002-25A | The Bank of New York Mellon, as Trustee | 14427* | 14426* | 29883 |
| SASCO 2001-8A | The Bank of New York Mellon, as Trustee for Creditor | 14524* | 14526* | 29879 |
| SASCO 1996-CFL | U.S. Bank National Association (as successor trustee to Bank of America, National Association) | No Trustee Claim identified | 16433 | 29879 |
| REMIC SER 2006-1A | U.S. Bank National Association | 23231 | 20383 | 29879 |
| REMIC SER 2005-2A | U.S. Bank National Association | 23232 | 20382 | 29879 |
| REMIC SER 2005-1A | U.S. Bank National Association | 23233 | 20381 | 29879 |

*Claims objected to pursuant to Debtors' 109th omnibus objection to claims [Docket No. 15008] on the basis that the relevant trustee, the Bank of New York Mellon ("BNY") was unwilling or unable to substantiate such claims. After seeking direction from certificateholders, BNY declined to respond to Debtors' objection and acquiesced to the expungement of the claims.

2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :    08-13555 (JMP)
                                                         :
                        Debtors.                         :    (Jointly Administered)
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED NINTH OMNIBUS OBJECTION TO PORTIONS OF CLAIMS NOS. 29883 AND 29879 FILED BY CITIBANK, N.A. AND CITIGROUP GLOBAL MARKETS, INC.

Upon the two hundred ninth omnibus objection to claims, dated September 15, 2011 (the "Two Hundred Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), to disallow and expunge the Section M proof of claim 29883 and Section D of proof of claim 29879 on the grounds that such claims are unenforceable against the Debtors under any agreement or applicable law, and, therefore, do not constitute valid *prima facie* claims, all as more fully described in the Debtors' Two Hundred Ninth Omnibus Objection to Claims; and due and proper notice of such objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in Debtors' Two Hundred Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Ninth Omnibus Objection to Claims.

all parties in interest and that the legal and factual bases set forth in the Debtors' Two Hundred Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Debtors' Two Hundred Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Section M of proof of claim numbered 29883 and Section D of proof of claim numbered 29879 are disallowed and expunged with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding proofs of claim numbered 29883 and 29879; and it is further

ORDERED that the Debtors shall retain all their rights to object to the portions of proofs of claim 29883 and 29879 not subject to the Debtors' Two Hundred Ninth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

                                                                         UNITED STATES BANKRUPTCY JUDGE

2