**HEARING DATE AND TIME: October 27, 2011 at 10:00 AM (Eastern Time)**
**RESPONSE DEADLINE: October 13, 2011 at 4:00 PM (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
---------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' OBJECTION TO
### PROOFS OF CLAIM OF CYNTHIA SWABSIN AND ALEXANDER LEYTMAN

**PLEASE TAKE NOTICE** that on September 16, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the annexed objection to the proofs of claim filed by Cynthia Swabsin and Alexander Leytman (the "Objection") and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 27, 2011 at 10:00 AM (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in

US_ACTIVE:\43799647\04\58399.0008

accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); and (v) attorneys for the claimants, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016 (Attn: Jack A Raisner, Esq. and Rene S. Roupinian, Esq.) and Loizides, P.A., 1225 King Street, Suite 800, Wilmington, Delaware 19801 (Attn: Christopher D. Loizides); so as to be so filed and received by no later than **October 13, 2011 at 4:00 PM (prevailing Eastern Time)** (the "Response Deadline").

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  September 16, 2011
            New York, New York

                                          /s/ Robert J. Lemons
                                          Robert J. Lemons

                                          WEIL, GOTSHAL & MANGES LLP
                                          767 Fifth Avenue
                                          New York, New York 10153
                                          Telephone: (212) 310-8000
                                          Facsimile: (212) 310-8007

                                          Attorneys for Debtors
                                          and Debtors in Possession

HEARING DATE AND TIME: October 27, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 PM (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                             : Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    : 08-13555 (JMP)
                                                                  :
                    Debtors.                                      : (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' OBJECTION TO PROOFS OF CLAIM
OF CYNTHIA SWABSIN AND ALEXANDER LEYTMAN**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this objection to the proofs of claim filed by Cynthia Swabsin ("Swabsin") and/or Alexander Leytman ("Leytman" and together with Swabsin, the "Claimants") and respectfully represent:

**I.  Relief Requested**

    1.  The Debtors file this objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to disallow and expunge four (4) proofs of claim filed by the Claimants (the "Claims"), on behalf of themselves or other allegedly similarly situated persons, for compensation arising out of their employment with one or more affiliates of

1

the Debtors that are not Debtors in these cases. The Debtors have no liability to the Claimants for the compensation-related obligations of the Debtors' affiliates and, therefore, no liability for the Claims. Moreover, one claim, asserting an estimated $20 million, proof of claim number 29702 (the "Class Claim"), filed on behalf of others, cannot survive because Claimants did not comply with the applicable Bankruptcy Rules to obtain Court approval to file a class claim.

## II. Jurisdiction

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## III. Background

3. Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brother Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

2

20, 2009, ECF No. 2583, the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code, ECF No. 7531.

### IV. Claimants' Proofs of Claim and Adversary Proceeding

7. Swabsin filed five (5) proofs of claim in her individual capacity against LBHI beginning on or about December 8, 2008: claim numbers 1193, 28580, 28581, 28582, and 28583. Claim number 28581 was expunged as duplicative of claim 1193. *See* ECF No. 7700. Claim number 1193 was subsequently expunged after it was amended and superseded by claim number 28580. *See* ECF. No. 17359. Claim number 28582 was reclassified as an equity interest. *See* ECF No. 14025. Claim number 28580, asserting a claim for $101,670.30 based on a "severance agreement," and claim number 28583, asserting an unliquidated claim for a "benefit plan," remain outstanding.

8. Leytman filed two (2) claims in his individual capacity against LBHI beginning on or about September 21, 2009. Claim number 24187 was subsequently reclassified as an equity interest. *See* ECF No. 18187. Claim number 24184, asserting a claim for $62,048.82 based on "severance" and "base salary continuation," remains outstanding.

9. On September 21, 2009, Claimants commenced an adversary proceeding against LBHI on behalf of themselves and allegedly similarly situated persons. *See* Adv. Pro. No. 09-01482 (JMP), ECF No. 1. The complaint in the adversary proceeding sought declaratory judgment and damages in connection with Claimants' former employment by one of the Debtors' non-Debtor affiliates, LBI. On November 13, 2009, LBHI filed a motion to dismiss the complaint on the grounds that, among other things, the Claimants had not obtained authority to pursue the class action claim. *See* Adv. Pro. ECF No. 6. At a hearing on January 21, 2010,

3

the Court granted LBHI's motion to dismiss the adversary proceeding, stating "Rule 7001 authorizing adversary proceedings is no substitute for the filing of a proof of claim nor is it used to adjudicate the priority of a proof of claim, see *Dade County School District v. Johns-Mansville*, 53 B.R. 22 346, 352 (S.D.N.Y. 1985)." Tr. at 76:18-22, Adv. Pro. No. 09-01482 (Bankr. S.D.N.Y. Jan. 21, 2010), ECF No. 13.

### V. The Claims Should Be Disallowed and Expunged Because LBHI Has No Liability

10. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. The Claims assert claims for severance and benefits for the Claimants and other, unidentified, allegedly-former employees of LBHI. Upon a review of the Debtors' records, LBHI has determined that neither of the Claimants were employees of LBHI and that both were employees of LBI. Nothing in the Debtors' records or in the Claims indicates a ground for liability by LBHI for the Claims. A claim against a non-Debtor affiliate does not result in a claim against or a right to payment from a Debtor. The Court has granted similar relief and disallowed and expunged claims for severance asserted by employees of non-Debtor entities in its Order Granting Debtors One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims), filed June 3, 2011, ECF No. 17366.

4

12. Unless the Claims are disallowed and expunged, parties who do not hold valid claims against LBHI's estate will nonetheless recover from LBHI. Accordingly, the Debtors respectfully request the Court enter an order disallowing and expunging the Claims in their entirety.

### VI. The Class Action Claim Should Be Disallowed and Expunged

#### A. The Claimants failed to seek relief pursuant to Bankruptcy Rule 9014

13. As this Court noted at the hearing to consider LBHI's motion to dismiss the Claimants' adversary proceeding, "There is no absolute right to file a class proof of claim under the Bankruptcy Code." Tr. at 77:17-18, Adv. Pro. No. 09-01482 (Bankr. S.D.N.Y. Jan. 21, 2010), ECF No. 13 (quoting *Bally Total Fitness of Greater New York, Inc.*, 402 B.R. 616 (Bankr. S.D.N.Y. 2009)).

14. Claimants seeking the application of Bankruptcy Rule 7023, which governs class actions in bankruptcy adversary proceedings (and by implication, Federal Rule of Civil Procedure 23), to a class proof of claim are required to move pursuant to Bankruptcy Rule 9014 for a court to apply "at any stage in a particular matter . . . one or more of the other rules in Part VII [which includes Bankruptcy Rule 7023 (governing class actions in adversary proceedings)]." FED. R. BANKR. P. 9014; *accord In re Ephedra Prods. Liab. Litig.*, 329 B.R. 1, 7 (S.D.N.Y. 2005) (affirming that the need for a Rule 9014 motion clearly follows from an attempt to apply Rule 23 to a proof of claim); *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997) (stating that "[f]or a class action claim to proceed . . . the bankruptcy court must direct Rule 23 to apply"). "Rule 23 may be invoked against the debtor only if the bankruptcy court first makes a discretionary ruling under Rule 9014 to apply Rule 23

5

to the proof of claim." *Ephedra*, 329 B.R. at 4. "[C]ounsel for the class claimants bear primary responsibility for . . . moving under Rule 9014(c) for class certification." *Id.* at 5.

15. Claimants have not requested that the Court apply Bankruptcy Rule 7023 to the Class Action Claim, and the Court has not previously issued a discretionary ruling to allow the Claimants to file proofs of claims on behalf of others. In fact, and to the contrary, the Court has stated that

> [o]rdinarily, Rule 23 provisions are applied sparingly in Chapter 11 cases. The reason for that is that the bankruptcy process itself allows for a multitude of claimants to have their claims heard and determined in a single court . . . Under these circumstances, without prejudice to the rights of the plaintiffs, a class action is, in the Court's view, an entirely unnecessary and inappropriate procedure.

Tr. at 77: 12-22, Adv. Pro. No. 09-01482 (Bankr. S.D.N.Y. Jan. 21, 2010), ECF No. 13. Accordingly, the Class Action Claim must be disallowed.

**B. Relief pursuant to Bankruptcy Rule 9014 is inappropriate under the circumstances**

16. Relief pursuant to Bankruptcy Rule 9014 applying Rule 23 to the Class Action Claim would be inappropriate, if requested, under the circumstances. "[N]othing in the Bankruptcy Code or Rules expressly permits a creditor to file a proof of claim not only for himself but also on behalf of all other creditors similarly situated." *Ephedra*, 329 B.R. at 4; *see also Bally*, 402 B.R. at 619. The Southern District of New York has adopted the position "that class proofs of claim are not barred by § 501 [of the Bankruptcy Code] but may be allowed in the discretion of the bankruptcy court." *Ephedra*, 329 B.R. at 5; *see also Bally*, 402 B.R. at 619, *citing Musicland Holding Corp.*, 362 B.R. 644, 650 (Bankr. S.D.N.Y. 2007) ("while class proofs of claim in bankruptcy are not prohibited, the right to file one is not absolute"); *In re Sacred Heart Hosp. of Norristown*, 177 B.R. 16, 22 (Bankr. E.D. Pa. 1995) (noting that the class action device may be utilized in appropriate contexts, but should be used sparingly).

6

> In determining whether to exercise this discretionary power, courts primarily look at: a) whether the class claimant moved to extend the application of Rule 23 to its proof of claim; b) whether 'the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy'; and c) whether the claims which the proponent seeks to certify fulfill the requirements of Rule 23.

*Bally*, 402 B.R. at 619, *citing Musicland*, 362 B.R. at 651.

17. As noted above, the Claimants have not, in three years, moved to apply Bankruptcy Rule 7023 to the Class Action Claim.

18. Further, the filing of a class proof of claim in this situation would be inconsistent with the goals of bankruptcy. As the court in *Bally* explained, the filing of a class proof of claim is generally consistent with the Bankruptcy Code "(i) where a class has been certified pre-petition by a non-bankruptcy court; and (ii) where there has been no actual or constructive notice to the class members of the bankruptcy case and Bar Date." *Bally*, 420 B.R. at 620. Neither of these requirements is met in this case. No court has certified a class or the Claimants as class representatives. Notice of the procedures and deadlines for filing proofs of claim in these chapter 11 cases was provided in accordance with the Court's July 2, 2009 order. *See* Bar Date Order, filed July 2, 2009, ECF No. 4271; *see also* Affidavit of Service of Herb Baer of Epiq Bankruptcy Solutions, LLC, filed July 10, 2009, ECF No. 4349. Thousands of former employees of the Debtors or their affiliates received notice and filed claims.[1] The Claimants received such notice and, in fact, filed multiple claims in their individual capacities.

19. Finally, the Class Action Claim does not fulfill the rigorous requirements of Rule 23 of the Federal Rules of Civil Procedure. Claimants cannot show that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). As the District Court observed, it is "clear that bankruptcy significantly

---

[1] To date, the Debtors have filed nineteen omnibus objections to more than 4,700 employee-related claims.

7

changes the balance of factors to be considered in determining whether to allow a class action and that class certification may be 'less desirable in bankruptcy than in ordinary civil litigation.'"

*Ephedra,* 329 B.R. at 5; *see also Bally*, 420 B.R. at 621.

> [S]uperiority of the class action vanishes when the 'other available method' is bankruptcy, which consolidates all claims in one forum and allows claimants to file proofs of claim without counsel and at virtually no cost. In efficiency, bankruptcy is superior to a class action because in practice small claims are often 'deemed allowed' under § 502(a) for want of objection, in which case discovery and fact-finding are avoided altogether.

*Ephedra,* 329 B.R. at 9.

20. Accordingly, the Class Action Claim should not be allowed as a class claim to provide certain parties that did not file a claim with a windfall and jeopardize the interests of other creditors, while also forcing the Debtors to waste money that would otherwise inure to the benefit of the creditors. As the *Bally* court noted, "the *de facto* expansion of the Bar Date for notified class members who failed to file individual claims in a timely manner will violate due process and prejudice the rights of timely filers." *Bally*, 402 B.R. at 622.

## VII. Reservation of Rights

21. The Debtors reserve all their rights to object on any basis to the Claims or any portion of thereof for which the Court does not grant the relief requested herein.

## VIII. Notice

22. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of the Objection, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures, ECF No. 9635, on: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vii) attorneys for the

8

Claimants; and (viii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

23. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: September 16, 2011
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                            :    Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :    08-13555 (JMP)
                                                 :
                  Debtors.                       :    (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' OBJECTION TO PROOFS OF CLAIM OF CYNTHIA SWABSIN AND ALEXANDER LEYTMAN

Upon consideration of the objection, dated September 16, 2011 (the "Objection"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking the disallowance and expungement of the proofs of claim filed by Cynthia Swabsin and Alexander Leytman, in their individual capacities and/or on behalf of others, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Objection is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, proofs of claim numbers 24184, 28580, 28583, and 29702 (collectively, the "Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to reflect the Claims as disallowed and expunged pursuant to this Order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2