HEARING DATE AND TIME: November 30, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 11, 2011 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, LEE J. GOLDBERG, AT (212) 310-8928.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

**PLEASE TAKE NOTICE** that on September 16, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their two hundred eleventh omnibus objection to claims (the "Debtors' Two Hundred Eleventh Omnibus Objection to Claims"), and

US_ACTIVE:\43806746\01\58399.0003

that a hearing (the "Hearing") to consider the Debtors' Two Hundred Eleventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 30, 2011 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred Eleventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **November 11, 2011 at 4:00 p.m. (Eastern Time)** (the "<u>Response Deadline</u>").

        **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred Eleventh Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Eleventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 16, 2011
      New York, New York

                                          /s/ Robert J. Lemons
                                          Robert J. Lemons

                                          WEIL, GOTSHAL & MANGES LLP
                                          767 Fifth Avenue
                                          New York, New York 10153
                                          Telephone: (212) 310-8000
                                          Facsimile: (212) 310-8007

                                          Attorneys for Debtors
                                          and Debtors in Possession

HEARING DATE AND TIME: November 30, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 11, 2011 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                              :   Chapter 11 Case No.
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                       :   08-13555 (JMP)
                                                                   :
                    Debtors.                                       :   (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' TWO HUNDRED ELEVENTH OMNIBUS OBJECTION
TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING
THIS NOTICE OF TWO HUNDRED ELEVENTH OMNIBUS
OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS
OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE
EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, LEE J. GOLDBERG, AT (212) 310-8928.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

US_ACTIVE:\43806746\01\58399.0003

**Relief Requested**

1.  The Debtors file this two hundred eleventh omnibus objection to claims (the "Two Hundred Eleventh Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2.  The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative of Indenture Trustee Claims") are substantively duplicative, in whole or in part, of the corresponding claims identified under the heading "*Surviving Claims*" (the "Indenture Trustee Claims"). The Indenture Trustee Claims assert claims filed by the Bank of New York Mellon Trust Company, N.A. (f/k/a The Bank of New York Trust Company, N.A.) ("BONY"), in its capacity as indenture trustee, on behalf of itself and the holders of certain bonds (the "Bondholders") issued pursuant to the Trust Indenture (as defined below). To the extent that the Duplicative of Indenture Trustee Claims relate to the Main Street Bonds (as defined below), the Debtors seek the disallowance and expungement from the Court's claims register of the Duplicative of Indenture Trustee Claims and preservation of the Debtors' right to later object to the Indenture Trustee Claims on any basis.

3.  This Two Hundred Eleventh Omnibus Objection to Claims does not affect the Indenture Trustee Claims and does not constitute any admission or finding with respect to the Indenture Trustee Claims. Further, the Debtors reserve all their rights

to object on any basis to any Duplicative of Indenture Trustee Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.   Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.   On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.   On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [ECF No. 7531].

8.   On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the

Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [ECF No. 4271].

9.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## The Indenture Trustee Claims

10. BONY is the indenture trustee for the publicly issued $709,060,000 in aggregate principal amount of Main Street Natural Gas, Inc. Gas Project Revenue Bonds, Series 2008A (the "Main Street Bonds") issued by Main Street Natural Gas, Inc. ("Main Street") pursuant to the terms of a Trust Indenture, dated as of April 1, 2008, between Main Street and BONY (the "Trust Indenture"). The terms of the Trust Indenture authorize BONY to enforce all rights of action, including the right to file proofs of claim, under the Trust Indenture or under any of the Main Street Bonds. (*See* Trust Indenture attached to Claim No. 30106 as Ex. B.)

11. On September 22, 2009, BONY filed, pursuant to the Bar Date Order, (i) a proof of claim (Claim No. 30106) on behalf of itself and the Bondholders in connection with that certain Agreement for Purchase and Sale of Natural Gas, dated as of April 1, 2008 (the "Gas Purchase Agreement"), between Debtor Lehman Brothers Commodity Services, Inc. ("LBCS") and Main Street (the "BONY LBCS Claim"), and (ii) a proof of claim (Claim No. 29890) on behalf of itself and the Bondholders in connection with that certain Guarantee of LBHI, dated as of April 1, 2008, in respect of LBCS's obligations under the Gas Purchase Agreement (the "BONY LBHI Claim," and, together with the BONY LBCS Claim, the Indenture Trustee Claims).

**The Duplicative of Indenture Trustee Claims Should Be Disallowed and Expunged**

12. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the Duplicative of Indenture Trustee Claims on Exhibit A as substantively duplicative of the Indenture Trustee Claims. Each Duplicative of Indenture Trustee Claim was filed by a Bondholder and asserts a claim relating, in whole or in part, to the Main Street Bonds. The Indenture Trustee Claims are claims filed by BONY, in its capacity as indenture trustee, on behalf of the individual Bondholders on account of the Main Street Bonds. Thus, each Duplicative of Indenture Trustee Claim seeks to recover, in whole or in part, for the same alleged obligation and on behalf of the same individuals as the respective Indenture Trustee Claims.

13. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g., In re Worldcom, Inc.*, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, 2002 WL 31767796, at *4, 11

(Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

15.     Further, the Debtors cannot be required to pay on the same claim more than once. *See*, *e.g.*, *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims also will enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

16.     The Duplicative of Indenture Trustee Claims should be disallowed as substantively duplicative, in whole or in part, of the Indenture Trustee Claims. The terms of the Trust Indenture authorize BONY to enforce all rights of action, including the right to file proofs of claim, under the Trust Indenture or under any of the Main Street Bonds. (*See* Trust Indenture § 8.05.) Finally, the Bankruptcy Rules provide that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is the trustee." *See* Fed. R. Bank. P. 3003(c)(5).

17.     Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge the Duplicative of Indenture Trustee Claims listed on <u>Exhibit A</u> to the extent set forth therein. The Indenture Trustee Claims will remain on the claims register subject to further objections on any basis.

**Notice**

18. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Two Hundred Eleventh Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Debtors submit that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 16, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

US_ACTIVE:\43806746\01\58399.0003

7

**Exhibit A**

US_ACTIVE:\43806746\01\58399.0003

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 211: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 1 | BORENSTEIN, ROBERTA 18 WINDY RIDGE PLACE WILTON, CT 06897 | 09/23/2009 | 08-13885 (JMP) | 34410 | $172,014.67 | BANK OF NEW YORK MELLON TRUST COMPANY, NA C/O THE BANK OF NEW YORK ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13885 (JMP) | 30106 | $769,944,325.54 | Duplicative of Indenture Trustee Claim |
| 2 | CRIDER, GEORGE W. 474 HUGH DEEMS RD. CEDARTOWN, GA 30125 | 09/22/2009 | 08-13885 (JMP) | 33239 | $54,706.00 | BANK OF NEW YORK MELLON TRUST COMPANY, NA C/O THE BANK OF NEW YORK ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13885 (JMP) | 30106 | $769,944,325.54 | Duplicative of Indenture Trustee Claim |
| 3 | KING STREET CAPITAL MASTER FUND, LTD. C/O KING STREET CAPITAL MANAGEMENT, L.P. ATTN: GENERAL COUNSEL 65 EAST 55TH STREET, 30TH FLOOR NEW YORK, NY 10022 | 09/21/2009 | 08-13885 (JMP) | 19766 | $0.00 | BANK OF NEW YORK MELLON TRUST COMPANY, NA C/O THE BANK OF NEW YORK ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13885 (JMP) | 30106 | $769,944,325.54 | Duplicative of Indenture Trustee Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

# IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 211: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 4 | KING STREET CAPITAL MASTER FUND, LTD. C/O KING STREET CAPITAL MANAGEMENT, L.P.<br>ATTN: GENERAL COUNSEL<br>65 EAST 55TH STREET, 30TH FLOOR<br>NEW YORK, NY 10022 | 09/21/2009 | 08-13555 (JMP) | 19767 | $0.00 | BANK OF NEW YORK MELLON TRUST COMPANY NA<br>C/O THE BANK OF NEW YORK MELLON<br>ATTN: ALEX CHANG<br>101 BARCLAY STREET - 8W<br>NEW YORK, NY 10286 | 09/22/2009 | 08-13555 (JMP) | 29890 | $0.00 | Duplicative of Indenture Trustee Claim |
| 5 | KING STREET CAPITAL, L.P. C/O KING STREET CAPITAL MANAGEMENT, L.P.<br>ATTN: GENERAL COUNSEL<br>65 EAST 55TH STREET, 30TH FLOOR<br>NEW YORK, NY 10022 | 09/21/2009 | 08-13555 (JMP) | 19753 | $0.00 | BANK OF NEW YORK MELLON TRUST COMPANY NA<br>C/O THE BANK OF NEW YORK MELLON<br>ATTN: ALEX CHANG<br>101 BARCLAY STREET - 8W<br>NEW YORK, NY 10286 | 09/22/2009 | 08-13555 (JMP) | 29890 | $0.00 | Duplicative of Indenture Trustee Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 211: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 6 | KING STREET CAPITAL, L.P.C/O KING STREET CAPITAL MANAGEMENT, L.P. ATTN: GENERAL COUNSEL 65 EAST 55TH STREET, 30TH FLOOR NEW YORK, NY 10022 | 09/21/2009 | 08-13885 (JMP) | 19773 | $0.00 | BANK OF NEW YORK MELLON TRUST COMPANY, NA C/O THE BANK OF NEW YORK ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13885 (JMP) | 30106 | $769,944,325.54 | Duplicative of Indenture Trustee Claim |
| 7 | LYLE, J. ZACK & PORTER, LAURA L.HAZEL H. LYLE TRUST 458 TAKELY DRIVE LAWRENCEVILLE, GA 30046 | 09/21/2009 | 08-13885 (JMP) | 24336 | $107,046.00 | BANK OF NEW YORK MELLON TRUST COMPANY, NA C/O THE BANK OF NEW YORK ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13885 (JMP) | 30106 | $769,944,325.54 | Duplicative of Indenture Trustee Claim |
| 8 | PRINCE, MARK1243 FUNSTON STREET HOLLYWOOD, FL 33019-2217 | 12/29/2008 | 08-13555 (JMP) | 1500 | $50,562.50 | BANK OF NEW YORK MELLON TRUST COMPANY NA C/O THE BANK OF NEW YORK MELLON ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13555 (JMP) | 29890 | $0.00 | Duplicative of Indenture Trustee Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

# IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 211: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 9 | TIGERA, ARTURO & ANGELINA 6702 SW 134 CT MIAMI, FL 33183-2338 | 01/30/2009 | 08-13885 (JMP) | 2244 | $10,406.43 | BANK OF NEW YORK MELLON TRUST COMPANY, NA C/O THE BANK OF NEW YORK ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13885 (JMP) | 30106 | $769,944,325.54 | Duplicative of Indenture Trustee Claim |
| 10 | TRAWREK, CAROLYN O. 424 COUNTY ROAD 863 CRANE HILL, AL 35053 | 03/20/2009 | 08-13555 (JMP) | 3409 | $40,000.00 | BANK OF NEW YORK MELLON TRUST COMPANY NA C/O THE BANK OF NEW YORK MELLON ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13555 (JMP) | 29890 | $0.00 | Duplicative of Indenture Trustee Claim |
| 11 | VANGUARD LONG-TERM TAX-EXEMPT FUND A SERIES OF VANGUARD MUNICIPAL BONDFUNDS ATTN: MICHAEL DRAYO P.O. BOX 2600 MAIL STOP V26 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16829 | $10,243,079.86 | BANK OF NEW YORK MELLON TRUST COMPANY NA C/O THE BANK OF NEW YORK MELLON ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13555 (JMP) | 29890 | $0.00 | Duplicative of Indenture Trustee Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 211: EXHIBIT A – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 12 | VANGUARD LONG-TERM TAX-EXEMPT FUND A SERIES OF VANGUARD MUNICIPAL BONDFUNDS ATTN: MICHAEL DRAYO P.O. BOX 2600 MAIL STOP V26 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13885 (JMP) | 16830 | $10,243,079.86 | BANK OF NEW YORK MELLON TRUST COMPANY, NA C/O THE BANK OF NEW YORK ATTN: ALEX CHANG 101 BARCLAY STREET - 8W NEW YORK, NY 10286 | 09/22/2009 | 08-13885 (JMP) | 30106 | $769,944,325.54 | Duplicative of Indenture Trustee Claim |
| | | | | TOTAL | $20,920,895.32 | | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                             :     Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
                                                                  :
                                   Debtors.                :     (Jointly Administered)
------------------------------------------------------------x

ORDER GRANTING DEBTORS' TWO HUNDRED
ELEVENTH OMNIBUS OBJECTION TO CLAIMS
(DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the two hundred eleventh omnibus objection to claims, dated September 16, 2011 (the "Two Hundred Eleventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge the Duplicative of Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the corresponding Indenture Trustee Claims, all as more fully described in the Two Hundred Eleventh Omnibus Objection to Claims; and due and proper notice of the Two Hundred Eleventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Eleventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Eleventh Omnibus Objection to Claims.

legal and factual bases set forth in the Two Hundred Eleventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Eleventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (*i.e.*, the Duplicative of Indenture Trustee Claims) are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative of Indenture Trustee Claims shall be treated as having been filed in support of the corresponding the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (*i.e.*, the Indenture Trustee Claims); and is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to any of the Indenture Trustee Claims, and the Debtors' rights to object to the Indenture Trustee Claims on any basis are preserved; and it is further

ORDERED that if the Court subsequently orders that an Indenture Trustee Claim is not appropriately duplicative of the corresponding Duplicative of Indenture Trustee Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative of Indenture Trustee Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Two Hundred Eleventh Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) the Indenture Trustee Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
       New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE