HEARING DATE AND TIME: November 30, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 11, 2011 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, LEE J. GOLDBERG, AT (212) 310-8928.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                            :      Chapter 11 Case No.
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :      08-13555 (JMP)
                                                 :
                          Debtors.               :      (Jointly Administered)
-----------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' TWO HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY PENSION CLAIMS)

**PLEASE TAKE NOTICE** that on September 16, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their two hundred twelfth omnibus objection to claims (the "Debtors' Two Hundred Twelfth Omnibus Objection to Claims"), and

US_ACTIVE:\43805150\02\58399.0003

that a hearing (the "Hearing") to consider the Debtors' Two Hundred Twelfth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 30, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred Twelfth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **November 11, 2011 at 4:00**

**p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred Twelfth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Twelfth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 16, 2011
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: November 30, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 11, 2011 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :   08-13555 (JMP)
                                                :
                        Debtors.                :   (Jointly Administered)
-------------------------------------------------------------------x

**DEBTORS' TWO HUNDRED TWELFTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY PENSION CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, LEE J. GOLDBERG, AT (212) 310-8928.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

US_ACTIVE:\43805150\02\58399.0003

**Relief Requested**

1.  The Debtors file this two hundred twelfth omnibus objection to claims (the "Two Hundred Twelfth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2.  The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "No Liability Pension Claims") and have determined that the No Liability Pension Claims should be disallowed and expunged on the basis that they provide no basis of liability as to the Debtors listed on Exhibit A (the "Subsidiary Debtors"[1]).

3.  No Liability Pension Claims are filed by the Trustees of the Lehman Brothers Pension Scheme (the "UK Pension Scheme") and the Board of Pension Protection Fund (together with the Trustees of the UK Pension Scheme, the "UK Pension Claimants") in respect of certain regulatory actions as to the UK Pension Scheme (the "UK Pension Proceedings") which may be commenced by The Pensions Regulator of the United Kingdom (the "UK Pensions Regulator"). Since the filing of the No Liability Pension Claims, the UK Pensions Regulator commenced the UK Pension Proceedings against LBHI and certain of its non-Debtor

---

[1] The "Subsidiary Debtors" are BNC Mortgage LLC, CES Aviation LLC, CES Aviation V LLC, CES Aviation IX LLC, East Dover Limited, LB 745 LLC, LB 2080 Kalakaua Owners LLC, Lehman Brothers Commercial Corporation, Lehman Brothers Commodity Services Inc., Lehman Brothers Derivatives Products Inc., Lehman Brothers Financial Products Inc., Lehman Brothers OTC Derivatives Inc., LB Rose Ranch LLC, Lehman Brothers Special Financing Inc., Lehman Scottish Finance L.P., Lehman Commercial Paper Inc., Luxembourg Residential Properties Loan Finance S.a.r.l., PAMI Statler Arms LLC, and Structured Asset Securities Corporation. The No Liability Pension Claims are identical to each other, except that each No Liability Pension Claim refers to the Subsidiary Debtor against which it is asserted.

affiliates, other than the Subsidiary Debtors, with respect to the UK Pension Scheme. The UK Pensions Regulator, however, did not commence the UK Pension Proceedings against the Subsidiary Debtors, and the time in which the UK Pensions Regulator may have commenced the UK Pension Proceedings for issue of a financial support direction has expired. Accordingly, as the UK Pension Claimants assert the UK Pension Proceedings as the only basis of liability in the No Liability Pension Claims, the Subsidiary Debtors have no liability to the UK Pension Claimants for the claims asserted in the No Liability Pension Claims.

4. The Debtors reserve all their rights to object on any basis to any No Pension Liability Claim as to which the Court does not grant the relief requested herein. Furthermore, the Debtors reserve all their rights to object on any basis to claim number 32541 filed by the UK Pension Claimants against LBHI.

### Jurisdiction

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

6. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

8. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [ECF No. 7531].

9. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The No Liability Pension Claims Should Be Disallowed and Expunged**

10. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the No Liability Pension Claims as claims that should be disallowed and expunged on the basis that they provide no basis of liability as to the Subsidiary Debtors.

11. The UK Pension Claimants assert that pursuant to section 43 of the United Kingdom Pensions Act of 2004 (the "UK Pensions Act"), the UK Pensions Regulator may, if certain defined requirements are satisfied, issue a "financial support direction" to the Subsidiary Debtors. The UK Pension Claimants assert that pursuant to section 43 of the UK Pensions Act, the persons on whom financial support directions can be issued in respect of the UK Pension Scheme include any companies which are "connected" or "associated" with non-Debtor Lehman Brothers Limited ("LBL"), as defined under the UK Pensions Act. The UK Pension Claimants assert that this includes, but is not limited to, any company which directly, or indirectly through other subsidiaries, controls at least one third (1/3) of the voting rights in respect of LBL or any company where at least one third (1/3) of the voting rights in respect of both that company and

LBL are controlled directly, or indirectly through other subsidiaries, by the same entity or group of entities.

12. The UK Pension Claimants assert that if issued, a financial support direction would require any Subsidiary Debtor to which such direction was issued to provide specified financial support to the UK Pension Scheme.  The UK Pension Claimants assert that if such Subsidiary Debtor does not comply with any such direction (and in other circumstances), the UK Pensions Regulator may issue a "contribution notice" under section 47 of the UK Pensions Act directing such Subsidiary Debtor to pay the sum specified in such notice.  The UK Pension Claimants assert that pursuant to section 49 of the UK Pensions Act, the UK Pension Claimants could enforce payment of such sum.

13. The UK Pension Claimants acknowledge in the No Liability Pension Claims that as of the date on which such proofs of claim were filed, the UK Pensions Regulator had not determined whether to issue a financial support direction.  The UK Pension Claimants assert that pursuant to section 93 of the UK Pensions Act, the UK Pensions Regulator will refer the determination with respect to the financial support direction to the "Determinations Panel" (a committee established pursuant to section 9 of the UK Pensions Act), which will determine whether such financial support direction should be issued.  The UK Pension Claimants assert that prior to such reference, the UK Pensions Regulator will issue a warning notice (specifying, inter alia, the circumstances, the determination sought and the grounds for and evidence in support of the application) to parties considered to be directly affected by the determination.  The UK Pension Claimants assert that the recipients will have an opportunity to make written submissions to the Determinations Panel in relation to the warning notice and to seek an oral hearing.

14.  The UK Pension Claimants assert that on information and belief, the UK Pensions Regulator intended to issue a warning notice or notices in relation to the UK Pension Scheme before the end of 2009 but that due to the complexity of the "Lehman Group," the UK Pensions Regulator was still investigating certain aspects of the case (including, without limitation, determining who should receive such notices).  The UK Pension Claimants acknowledged that, accordingly, as of the date they filed the No Liability Pension Claims, such claims were contingent and in an amount not then known.

15.  As acknowledged by the UK Pension Claimants, the UK Pensions Regulator was required to issue a warning notice to parties considered to be directly affected by a determination of the Determinations Panel as to whether a financial support direction should be issued against such parties prior to the UK Pensions Regulator making a reference with respect to any financial support direction to the Determinations Panel.  Since the filing of the No Liability Pension Claims, the UK Pensions Regulator has issued a warning notice against LBHI and certain of its non-Debtor affiliates (the "<u>Warning Notice</u>"), identifying them as parties considered to be directly affected by a determination of the Determinations Panel as to whether a financial support direction should be issued with respect to the UK Pension Scheme (the "<u>Targets</u>").  The Subsidiary Debtors were not identified as Targets in the Warning Notice.  The UK Pension Regulator, therefore, did not commence the UK Pension Proceedings against the Subsidiary Debtors.

16.  Moreover, pursuant to section 43 of the UK Pensions Act and as explained in Appendix 2 of the Warning Notice, the Determinations Panel of the UK Pensions Regulator had twenty-four (24) months from September 14, 2008, the day before LBL entered administration proceedings in the United Kingdom, in which to determine to issue a financial

support direction.  Prior to the expiration of such time period on September 14, 2010, the Determinations Panel of the UK Pensions Regulator determined that a financial support direction should be issued against LBHI and certain other Targets.

17.   Therefore, notwithstanding the UK Pension Regulator's failure to commence the UK Pension Proceedings against the Subsidiary Debtors by not identifying them as Targets in the Warning Notice in the first instance, the UK Pensions Regulator is now time-barred from making any further reference to the Determinations Panel as to whether a financial support direction should be issued against the Subsidiary Debtors with respect to the UK Pension Scheme.

18.   Because the UK Pensions Regulator has not commenced, and is now time-barred from commencing, proceedings to issue financial support directions against the Subsidiary Debtors, the UK Pensions Regulator therefore cannot issue a contribution notice against the Subsidiary Debtors directing the Subsidiary Debtors to pay the sum specified in such notice.  Lacking such contribution notice, the UK Pension Claimants cannot enforce payment of any sum against the Subsidiary Debtors with respect to the UK Pension Scheme.

19.   Section 502(b)(1) of the Bankruptcy Code provides that a claim is deemed allowed except to the extent that it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  A claim is defined as a "right to payment."  11 U.S.C. § 101(5).  As the UK Pension Claimants assert the UK Pension Proceedings as the only basis of liability in the No Liability Pension Claims, the UK Pension Claimants have no enforceable right to payment, nor any possibility of an enforceable right to payment, against the Subsidiary Debtors with respect to the UK Pension Scheme.  The

Subsidiary Debtors, therefore, have no liability to the UK Pension Claimants for the claims asserted in the No Liability Pension Claims.

20. Unless the No Liability Pension Claims are disallowed and expunged, the potential exists for recoveries by parties that do not hold valid claims against the Subsidiary Debtors' estates. Thus, the Debtors request that the Court enter an order disallowing and expunging the No Liability Pension Claims listed on Exhibit A.

### Notice

21. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Two Hundred Twelfth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Debtors submit that no other or further notice need be provided.

22. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: September 16, 2011
      New York, New York

    /s/ Robert J. Lemons
    Robert J. Lemons

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

**Exhibit A**

US_ACTIVE:\43805150\02\58399.0003

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 212: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13600 (JMP) | LB 745 LLC | 09/18/2009 | 16614 | Undetermined | No Liability Claim |
| 2 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 09/18/2009 | 16615 | Undetermined | No Liability Claim |
| 3 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 16616 | Undetermined | No Liability Claim |
| 4 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/18/2009 | 16617 | Undetermined | No Liability Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 212: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 5 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13899 (JMP) | Lehman Brothers Derivative Products Inc. | 09/18/2009 | 16618 | Undetermined | No Liability Claim |
| 6 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 09/18/2009 | 16619 | Undetermined | No Liability Claim |
| 7 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13905 (JMP) | CES Aviation LLC | 09/18/2009 | 16620 | Undetermined | No Liability Claim |
| 8 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13906 (JMP) | CES Aviation V LLC | 09/18/2009 | 16621 | Undetermined | No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 212: EXHIBIT A – NO LIABILITY CLAIMS

|  | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 9 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13907 (JMP) | CES Aviation IX LLC | 09/18/2009 | 16622 | Undetermined | No Liability Claim |
| 10 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13908 (JMP) | East Dover Limited | 09/18/2009 | 16623 | Undetermined | No Liability Claim |
| 11 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 09-10137 (JMP) | BNC Mortgage LLC | 09/18/2009 | 16624 | Undetermined | No Liability Claim |
| 12 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 09-10108 (JMP) | Luxembourg Residential Properties Loan Finance S.a.r.l. | 09/18/2009 | 16625 | Undetermined | No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 212: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 13 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 09-10558 (JMP) | Structured Asset Securities Corporation | 09/18/2009 | 16626 | Undetermined | No Liability Claim |
| 14 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 09-12516 (JMP) | LB 2080 Kalakaua Owners LLC | 09/18/2009 | 16627 | Undetermined | No Liability Claim |
| 15 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 09-10560 (JMP) | LB Rose Ranch LLC | 09/18/2009 | 16628 | Undetermined | No Liability Claim |
| 16 | THE TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME C/O PETER GAMESTER LAMORNA CHAPEL ROAD GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13664 (JMP) | PAMI Statler Arms LLC | 09/18/2009 | 16629 | Undetermined | No Liability Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 212: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 17 | TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME, THE C/O PETER GAMESTAR LAMORNA CHAPEL ROAD, GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13901 (JMP) | Lehman Brothers Commercial Corporation | 09/18/2009 | 16489 | Undetermined | No Liability Claim |
| 18 | TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME, THE C/O PETER GAMESTAR LAMORNA CHAPEL ROAD, GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13904 (JMP) | Lehman Scottish Finance L.P. | 09/18/2009 | 16490 | Undetermined | No Liability Claim |
| 19 | TRUSTEES OF THE LEHMAN BROTHERS PENSION SCHEME, THE C/O PETER GAMESTAR LAMORNA CHAPEL ROAD, GREAT TOTHAM MALDON ESSEX, CM9 8DA UNITED KINGDOM | 08-13902 (JMP) | Lehman Brothers Financial Products Inc. | 09/18/2009 | 16491 | Undetermined | No Liability Claim |
| | | | | | TOTAL | $0.00 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                            :     Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     08-13555 (JMP)
                                                                 :
                   Debtors.                              :     (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY PENSION CLAIMS)

Upon the two hundred twelfth objection to claims, dated September 16, 2011 (the "Two Hundred Twelfth Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Pension Claims on the grounds that they assert claims for which the Debtors listed on Exhibit A to the Two Hundred Twelfth Omnibus Objection to Claims have no liability, all as more fully described in the Two Hundred Twelfth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Twelfth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Twelfth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Twelfth Omnibus Objection to Claims.

US_ACTIVE:\43805150\02\58399.0003

entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Two Hundred Twelfth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Twelfth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Twelfth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Pension Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Liability Pension Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred Twelfth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: November __, 2011
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\43805150\02\58399.0003                                      2