**HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: October 17, 2011 at 4:00 p.m. (Eastern Time)**

> **DEBTORS HAVE FILED AN OBJECTION TO YOUR CLAIM IN THE ABOVE REFERENCED CASES. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR DISALLOWED.**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MICHAEL A. ROLLIN, AT (303) 893-6100.**

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          : Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*    : 08-13555 (JMP)
                                               :
                    Debtors.                   : (Jointly Administered)
------------------------------------------------------------------x

## NOTICE OF HEARING ON DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 23713 FILED BY PHH MORTGAGE CORPORATION

**PLEASE TAKE NOTICE** that on September 16, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed an objection to proof of claim number 23713 (the "Debtors' Objection"), and that a hearing (the "Hearing") to consider the Debtors' Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **October 27, 2011, at 10:00 a.m.**

(**Eastern Time**), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **October 17, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Debtors' Objection or any claim set forth thereon, the Debtors may, on

or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 16, 2011

*/s/* Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Debtors
and Debtors in Possession

HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 17, 2011 at 4:00 p.m. (Eastern Time)

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              : Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*        : 08-13555 (JMP)
                                                   :
                         Debtors.                  : (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' OBJECTION TO PROOF OF CLAIM**
**NO. 23713 FILED BY PHH MORTGAGE CORPORATION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this objection seeking to disallow and expunge proof of claim numbered 23713 (the "PHH Claim" attached as Exhibit A, hereto) filed by PHH Mortgage Corporation (the "Claimant") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's Order approving procedures for the filing of

objections to proofs of claim filed in these chapter 11 cases (the "<u>Procedures Order</u>") [ECF No. 6664].

2.  The Claimant asserts a claim for debts arising from a series of agreements governing the sale and securitization of a portfolio of home equity line-of-credit loans (the "<u>Governing Agreements</u>"). Debtors have no liability to Claimant under the Governing Agreements and therefore request that the PHH Claim be disallowed and expunged in its entirety.

3.  The Debtors reserve all their rights to object to the PHH Claim on any other basis if the Court does not grant the relief requested herein.

## **Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## **Background**

5.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 17, 2008, the United States Trustee for Region 2 (the "<u>U.S. Trustee</u>") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

2

7.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [ECF No. 7531].

8.     On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order requires, among other things, that "each Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available . . . ." (Bar Date Ord. at 6.) Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) . . . ." (*Id.* at 9-10.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

## The PHH Claim

9.     Claimant sold a portfolio of certain home equity line-of-credit mortgage loans (""HELOCs") to Lehman Brothers Bank, FSB ("LBB," n/k/a Aurora Bank, FSB) and agreed to act as servicer of those loans on an interim basis. LBB then assigned the loans to LBHI. After acquiring the loans from LBB, LBHI subsequently conveyed the loans to Lehman ABS Corporation (the "Depositor"), under a Mortgage Loan Sale and Assignment Agreement.

3

Pursuant to a Transfer and Servicing Agreement (the "TSA"), the Depositor transferred the loans to a non-debtor securitization trust (the "Trust"), which then issued securities collateralized by principal and/or interest payments on the loans. The Claimant continued to act as servicer following securitization pursuant to a Reconstituted Servicing Agreement (the "RSA").[1]

        10.    As the servicer of a pool of home equity line-of-credit loans, Claimant made periodic disbursements of principal in connection with draws by mortgagors against the underlying credit lines ("Disbursements"). By their nature, home equity line-of-credit loans are more changeable than mortgage loans because in a HELOC, a borrower leverages the equity in his home for a revolving line of credit which has a defined maximum amount but the borrower can usually choose how much of that limit to take and when, over a period of a few years, to take it. Thus, after securitization the servicer must have cash available to fulfill obligations should the borrower choose to exercise more of his line of credit. Claimant, as servicer, would ordinarily cover any shortfalls that may occur ("Disbursements") and would then be reimbursed for these Disbursements from its collection accounts or from the Master Servicer of the loans. Claimant alleges that LBHI, as the holder of a certain Class L Certificate, was obligated under the Governing Agreements to reimburse Claimant for fifty-one Disbursements by purchasing the related balances from the Trust.

        11.    The PHH Claim fails because LBHI is not the Class L Certificateholder and, even if it were, the Class L Certificateholder has no liability to the Claimant under the Governing Agreements.

## The PHH Claim Should Be Disallowed and Expunged

---

[1] The RSA restated and amended the terms of a Home Equity Line of Credit, Revolving Credit Loan, Flow Purchase, Sale & Servicing Agreement, dated June 25, 2003, between the Claimant and LBB.

4

12. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). A claim is defined as a "right to payment." 11 U.S.C. § 101(5). The Claimant has no contractual right to payment from, and thus no enforceable claim against, the Debtors. Accordingly, the PHH Claim should be disallowed and expunged.

13. The PHH Claim's core contention is that LBHI, as the Class L Certificateholder, was obligated to reimburse PHH for Disbursements following the commencement of a Rapid Amortization Period (as defined in the TSA). The PHH Claim fails, however, because LBHI is not now and has never been the Class L Certificateholder. Further, the Claimant has not and cannot identify any document that establishes otherwise.

14. Even if LBHI were the Class L Certificateholder, which it is not, the Class L Certificateholder has no liability for the PHH Claim because the contractual provisions upon which it is based simply do not apply in the event of LBHI's bankruptcy.

15. The Claimant argues that LBHI's bankruptcy petition constituted a Rapid Amortization Event under the TSA, leading to a Rapid Amortization Period ("RAP") wherein the Class L Certificateholder became obligated to reimburse the Claimant for its Disbursements. The TSA specifies a number of events that can cause a RAP and—depending on the nature of the causal event—describes the resulting changes to the parties' rights and obligations. (*See generally* TSA § 7.01). If the RAP was triggered by the bankruptcy of either

5

LBHI or the Claimant, the Class L Certificateholder is not obligated to reimburse any Disbursements.

16.     During a RAP, the Class L Certificateholder is required to purchase Disbursement balances from the Trust "in accordance with Section 2.01(b) of the Transfer and Servicing Agreement." (RSA § 5.01(c).)  The relevant language of the TSA states that "the Holder of the Class L Certificate will purchase *from the Trust* the Draws relating to Additional Balances *that are transferred to the Trust* with respect to the Mortgage Loans for which the Rapid Amortization Period has occurred." (TSA § 2.01(b) (emphasis added).)  Thus, the plain language of the TSA limits the Class L Certificateholder's liability to those Disbursements related to Additional Balances that are actually transferred to the Trust.

17.     The TSA states that if the RAP is caused by LBHI's bankruptcy, "no further Additional Balances will be transferred to the [Trust] . . ." (TSA § 7.01; *accord* Prospectus Supplement to Prospectus dated February 20, 2004, LABS 2004-2, 14, 31.)  Thus, post-petition Additional Balances should never have existed and the Class L Certificateholder is both unable and unobligated to purchase Disbursements made by the Claimant during the RAP.

18.     The PHH Claim also seeks recovery for several Disbursements made prior to the commencement of the RAP, but has not provided sufficient information and/or documentation to allow Debtors to determine the existence of a debt with respect to such Disbursements.  Adequate evaluation of this aspect of the PHH Claim would require further information from Claimant including the amounts of the aggregate "Principal Collections" and "Servicing Fees" received by Claimant during the relevant period.  *See* RSA § 5.01(c) (providing for the Class L Certificateholder to reimburse claimant for certain "Additional

6

Balance Contributed Amounts"); *and* TSA § 1.01(defining "Additional Balance Contributed Amounts" as the sum of several components). Debtors have not been provided such amounts or any other information or documentation in support of a claim based on pre-RAP Disbursements. Therefore, to the extent the PHH Claim seeks recovery for such Disbursements, Claimant has failed to include sufficient factual support on which this Court could reasonably rely to accept the proof of claim as *prima facie* valid.

19. Unless the PHH Claim is disallowed and expunged, the potential exists for recovery by a party that does not hold a valid claim against the Debtors' estates. Thus, the Debtors request that the Court enter an order disallowing and expunging the PHH Claim.

### Notice

20. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for Region 2; (vi) attorneys for the Claimant and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Debtors submit that no other or further notice need be provided.

21. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

7

Dated:  September 16, 2011

            */s/* Michael A. Rollin
            Michael A. Rollin
            REILLY POZNER LLP
            1900 16th Street, Suite 1700
            Denver, Colorado 80202
            Telephone: (303) 893-6100
            Facsimile: (303) 893-6110

            Attorneys for Debtors
            and Debtors in Possession

# **EXHIBIT A**

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)   0000023713 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

PHH Mortgage Corporation
Mailstop: LGL
3000 Leadenhall Road
Mt. Laurel, NJ 08054
Attention: Fred Kinkler, Assistant General Counsel

Telephone number: (856) 917-7178   Email Address: Fred.Kinkler@mortgagefamily.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:   Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 334,647.36
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Receivables due
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 0004
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ 0.00
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

Date: 9/17/09   Signature: [signed] MARTIN L. FOSTER, SENIOR VICE PRESIDENT
The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Lehman Brothers Holdings Inc., et al ) | Chapter 11 |
| ) | |
| ) | Case No.: 08-13555 |
| Lehman Brothers Holdings Inc., ) | |
| ) | |
| ) | |
| Debtor. ) | |

ATTACHMENT A TO PROOF OF CLAIM OF
PHH Mortgage Corporation

PHH Mortgage Corporation (formerly known as Cendant Mortgage Corporation) ("PHH") files this Proof of Claim against Lehman Brothers Holdings Inc. ("Debtor"). Debtor filed for Chapter 11 protection on September 15, 2008 (the "Petition Date").

1. **Claim and Grounds for Liability**

PHH agreed to service certain home equity line of credit mortgage loans (the "Mortgage Loans") sold by PHH to Lehman Brothers Bank, FSB ("Lehman Bank") pursuant to the terms of that certain Home Equity Line of Credit, Revolving Credit Loan Flow Purchase, Sale & Servicing Agreement, dated as of June 25, 2003 (as amended, the "Servicing Agreement"), by and among Lehman Bank, PHH and Bishop's Gate Residential Mortgage Trust. Lehman Bank assigned all of its right, title and interest in the Mortgage Loans to the Debtor pursuant to an Assignment and Assumption Agreement dated as of April 1, 2004. The Debtor subsequently conveyed the Mortgage Loans to Lehman ABS Corporation (the "Depositor") pursuant to a Mortgage Loan Sale and Assignment Agreement dated as of April 1, 2004. The Depositor conveyed the Mortgage Loans to Lehman ABS Corporation Home Equity Loan Trust 2004-2 (the "Issuer") pursuant to the terms of that certain Transfer and Servicing Agreement (the

"TSA"), dated as of April 1, 2004, by and among the Issuer, the Depositor, Aurora Loan Services, Inc. (the "Master Servicer") and Wells Fargo Bank, N.A. (the "Indenture Trustee").

Pursuant to a Reconstituted Servicing Agreement (the "Reconstituted Servicing Agreement"), dated as of April 1, 2004, by and among the Debtor and PHH, PHH agreed to (x) amend certain provisions of the Servicing Agreement and (x) continue to service the Mortgage Loans for the benefit of the Master Servicer, acting on behalf of the Indenture Trustee, the Issuer and Ambac Assurance Corporation, as insurer, in accordance with the terms of the Servicing Agreement, as amended. Under the terms of the Servicing Agreement, PHH was obligated to make disbursements of principal in connection with drafts by mortgagors upon the underlying Credit Lines for each Revolving Credit Loan (each as defined in the Servicing Agreement) (such disbursements, "Disbursements"). Prior to the commencement of a Rapid Amortization Period (as defined in the TSA), PHH was permitted to reimburse itself from principal collections on deposit in the Collection Account (as defined in the Servicing Agreement) for any Disbursements in accordance with Section 5.05(c) of the Servicing Agreement. At the time PHH was permitted to withdraw funds from the Collection Account under the Servicing Agreement, if the funds then on deposit therein were insufficient to reimburse PHH for such Disbursements, the Master Servicer was required to pay PHH the amount of such shortfall. Upon the commencement of a Rapid Amortization Period, the obligation of the Master Servicer to reimburse PHH for such shortfall terminated, and the Debtor, as Holder of the Class L Certificate, would become obligated to reimburse PHH for Disbursements.

As of the date that PHH is filing this proof of claim, the Debtor owes PHH $334,647.36 in unpaid Disbursements made by PHH under the Agreements both prior and subsequent to the Petition Date. Attached hereto as Schedule I is a summary of the unpaid Disbursements. PHH is

filing this Proof of Claim to preserve its right to receive this amount (the "Claim") from the Debtor.

The basis for the Claim and the amounts thereof were determined after diligent efforts of PHH and its attorneys and after their investigation and analysis of the Claim. This Proof of Claim is filed with full reservation of rights as set forth herein, including the right to assert additional, amended or supplemental proofs of claim based upon information, testimony and/or documents subsequently discovered or subsequently obtained.

2.  **No Judgment**

No judgment has been rendered on the Claim set forth herein as of the date of the Proof of Claim.

3.  **Credits**

The aggregate amount of all known payments or credits with respect to the Claim set forth in this Proof of Claim has been credited and deducted from the amounts owed as set forth herein.

4.  **Setoff**

The Claim set forth in this Proof of Claim (or any other claims PHH may have against the Debtor) is not subject to any known setoffs or counterclaims. PHH reserves the right to assert setoffs or counterclaims in the event any are discovered.

5.  **Recoupment**

PHH reserves all recoupment rights with respect to the Claim or any other claims.

6.  **Non-Waiver and Reservation of Rights**

This Proof of Claim is filed to preserve PHH's rights, claims and interests. PHH specifically reserves the right to amend, modify and supplement this Proof of Claim in any

manner whatsoever, including, without limitation, the right to assert administrative claims and priority claims under Bankruptcy Code Sections 503 or 507 (or alternatively, PHH hereby asserts such priority to the fullest extent permitted by law), to file additional proofs of claim for additional claims, and to assert, without limitation, any claim to which PHH might be entitled, at law or in equity, or to show any further or additional payments, credits or setoffs which may occur or be discovered after the date hereof. PHH further specifically reserves the right to amend and supplement this Proof of Claim.

PHH reserves all rights accruing to it, and the filing of this Proof of Claim is not intended to be and shall not be construed as:

i)   an election of a remedy;

ii)  a waiver of any past, present or future defaults or events of default;

iii) a waiver or limitation of any rights, claims or defenses of PHH, including, but not limited to, the right to challenge the Bankruptcy Court's jurisdiction to hear any dispute arising out of the Claim or to make any motions to have such dispute resolved in a forum other than the Bankruptcy Court;

iv)  a waiver of any of PHH's claims against any other parties liable to PHH; or

v)   a submission to the jurisdiction of the Bankruptcy Court.

7. **Notices**

All notices concerning this Proof of Claim should be sent to:

> PHH Mortgage Corporation
> Mailstop: LGL
> 3000 Leadenhall Road
> Mt. Laurel, NJ 08054
> Attention: Fred Kinkler, Assistant General Counsel

with a copy to:

E. Lee Smith, Esq.
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6938
Fax: (212) 768-6800

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                           Debtors.                :    (Jointly Administered)
------------------------------------------------------------x

# ORDER GRANTING DEBTORS' OBJECTION TO
# PROOF OF CLAIM NO. 23713 FILED BY PHH MORTGAGE CORPORATION

Upon Debtors' objection to proof of claim numbered 23717, dated September 16, 2011 (the "Debtors' Objection"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge proof of claim numbered 23713 on the grounds that such claims are unenforceable against the Debtors under any agreement or applicable law, and, therefore, do not constitute valid *prima facie* claims, all as more fully described in the Debtors' Objection; and due and proper notice of such objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in Debtors' Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Debtors' Objection is granted to the

extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of claim numbered 23713 is disallowed and expunged with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding proofs of claim numbered 23713; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2