**EXECUTION COPY**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                      :    08-13555 (JMP)
                                                              :
                        Debtors.                              :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**STIPULATION AND AGREEMENT AMONG
THE DEBTORS, THE BANK OF NEW YORK MELLON
TRUST COMPANY, N.A., AND MAIN STREET NATURAL GAS, INC.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation and Agreement (the "Stipulation and Agreement") is entered into by and among Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases, as debtors in possession (together, the "Debtors"), The Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee for the Main Street Bonds (as defined below) ("BONY"), and Main Street Natural Gas, Inc. ("Main Street"). The Debtors, BONY, and Main Street shall each be referred to individually as a "Party" and collectively as the "Parties."

**RECITALS**

A.    WHEREAS, BONY is the indenture trustee for the publicly issued $709,060,000 in aggregate principal amount of Main Street Natural Gas, Inc. Gas Project Revenue Bonds, Series 2008A (the "Main Street Bonds") issued by Main Street pursuant to the terms of a Trust Indenture, dated as of April 1, 2008, between Main Street and BONY.

B.      WHEREAS, on September 15, 2008 and periodically thereafter, LBHI and other Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

C.      WHEREAS, on July 2, 2009, this Court issued an *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [ECF No. 4271] (the "Bar Date Order").

D.      WHEREAS, on September 22, 2009, BONY filed, pursuant to the Bar Date Order, (i) a proof of claim, assigned claim number 30106 by the Debtors' claims agent, in connection with that certain Agreement for Purchase and Sale of Natural Gas, dated as of April 1, 2008 (the "Gas Purchase Agreement"), between Lehman Brothers Commodity Services, Inc. ("LBCS") and Main Street (the "BONY LBCS Proof of Claim"), and (ii) a proof of claim, assigned claim number 29890 by the Debtors' claims agent, in connection with that certain Guarantee of Lehman Brothers Holdings Inc., dated as of April 1, 2008 (the "Guarantee"), in respect of LBCS's obligations under the Gas Purchase Agreement (the "BONY LBHI Proof of Claim," and, together with the BONY LBCS Proof of Claim, the "BONY Proofs of Claim").

E.      WHEREAS, on September 21, 2009, Main Street filed, pursuant to the Bar Date Order, (i) a proof of claim, assigned claim number 21164 by the Debtors' claims agent, in connection with the Gas Purchase Agreement (the "Main Street LBCS Proof of Claim"), and (ii) a proof of claim, assigned claim number 21257 by the Debtors' claims agent, in connection with the Guarantee (the "Main Street LBHI Proof of Claim," and, together with the Main Street LBCS Proof of Claim, the "Main Street Proofs of Claim," and, collectively with the "BONY Proofs of Claim," the "Proofs of Claim").

F.     WHEREAS, on September 1, 2011, the Court entered the order approving, inter alia, certain procedures in connection with distribution of the Debtors' disclosure statement and ballots with respect to voting on the Debtors' chapter 11 plan [ECF No. 19631] (the "DS Procedures Order").

G.     WHEREAS, the DS Procedures Order contemplates that each of BONY and Main Street potentially would receive two General Ballot Bs (as defined in the DS Procedures Order) as holders of general unsecured claims against LBCS and guarantee claims against LBHI.  See DS Procedures Order at ¶ 22.

H.     WHEREAS, the DS Procedures Order contemplates a different solicitation process for creditors of LBHI and other affiliates who beneficially hold publicly issued debt securities.  See DS Procedures Order at ¶¶ 24-27 (the "Public Securities Solicitation Procedures").

I.     WHEREAS, notwithstanding the foregoing, and pursuant to section 1126 of the Bankruptcy Code, as the Main Street Bonds are publicly issued debt securities, which were not issued by LBHI or its affiliates, and the holders of the Main Street Bonds (each, a "Bondholder") are the true economic parties-in-interest with respect to any claims (i) in connection with the Gas Purchase Agreement and the Guarantee and (ii) reflected on the Proofs of Claim, such Bondholders will be entitled to vote on the Debtors' chapter 11 plan.

J.     WHEREAS, the Parties agree that, consistent with Rule 3017(e) of the Federal Rules of Bankruptcy Procedure and section 1126(a) of the Bankruptcy Code, one Ballot (as defined in the DS Procedures Order) in respect of each of the claims against LBCS and LBHI will be sent to each of the Bondholders, consistent with the Public Securities Solicitation

Procedures, solely for purposes of voting the corresponding claims in the appropriate LBCS and LBHI classes under the Debtors' chapter 11 plan.

K. WHEREAS, the Parties agree that neither BONY nor Main Street will (i) be sent a Ballot or (ii) vote to accept or reject the Debtors' chapter 11 plan on account of claims (x) in connection with the Gas Purchase Agreement or the Guarantee or (y) reflected on the Proofs of Claim.

L. WHEREAS, the Parties agree that, notwithstanding the voting of such claims by the Bondholders as contemplated hereby, BONY and Main Street shall retain authority and standing to prosecute claims (i) in connection with the Gas Purchase Agreement or the Guarantee and (ii) reflected on their respective Proofs of Claim, and the ability to exercise, for the benefit of any Bondholders, rights either BONY or Main Street may hold related thereto, including, without limitation, the establishment of any reserves under the Debtors' chapter 11 plan.

M. WHEREAS, consistent with the voting by the Bondholders of a single set of claims, the Parties agree that only a single set of claims (i) in connection with the Gas Purchase Agreement and the Guarantee and (ii) reflected on the Proofs of Claim, against LBCS and LBHI, respectively, will survive (as may be determined among BONY, Main Street, and the Debtors) and that the Debtors only will need to establish reserves, if any, under the Debtors' chapter 11 plan on account of such single set of claims, whichever it may be.

N. WHEREAS, in light of the foregoing, the Parties have agreed on the terms set forth herein.

**IT IS HEREBY STIPULATED AND AGREED by and among the Debtors, BONY, and Main Street through their undersigned attorneys, that:**

1. This Stipulation and Agreement shall be effective immediately upon its execution by the Parties (the "Effective Date").

2. On or before three (3) business days after the Effective Date, BONY shall deliver to Epiq Bankruptcy Solutions, LLC, the Debtors' solicitation agent, (i) a DTC positions list reflecting the nominees, if any, for the Bondholders (the "Main Street DTC Positions List") and (ii) a list of directly registered Bondholders, if any (the "Main Street Registered Holders List," and, together with the Main Street DTC Positions List, the "Main Street Holders Lists"), as of the record date of August 1, 2011.

3. In order to implement this Stipulation and Agreement and the DS Procedures Order, upon the delivery of the Main Street Holders Lists, the Debtors shall send one Ballot in respect of each of the claims against LBCS and LBHI to each of the Bondholders, consistent with the Public Securities Solicitation Procedures, solely for the purposes of voting the corresponding claims in the appropriate LBCS and LBHI classes under the Debtors' chapter 11 plan.

4. The Debtors shall not send a Ballot to either BONY or Main Street, and neither BONY nor Main Street shall vote to accept or reject the Debtors' chapter 11 plan, in each case on account of claims (i) in connection with the Gas Purchase Agreement or the Guarantee or (ii) reflected on the Proofs of Claim.

5. Notwithstanding the voting of such claims by the Bondholders as contemplated hereby, BONY and Main Street shall retain authority and standing to prosecute claims (i) in connection with the Gas Purchase Agreement or the Guarantee and (ii) reflected on their respective Proofs of Claim, and the ability to exercise, for the benefit of any Bondholders,

rights either BONY or Main Street may hold related thereto, including, without limitation, the establishment of any reserves under the Debtors' chapter 11 plan.

6. Consistent with the voting by the Bondholders of a single set of claims, only a single set of claims (i) in connection with the Gas Purchase Agreement and the Guarantee and (ii) reflected on the Proofs of Claim, against LBCS and LBHI, respectively, shall survive (as may be determined among BONY, Main Street, and the Debtors) and the Debtors only shall need to establish reserves, if any, under the Debtors' chapter 11 plan on account of such single set of claims, whichever it may be.

7. Other than as expressly provided herein, this Stipulation and Agreement does not affect the procedures set forth in the DS Procedures Order.

8. This Stipulation and Agreement may only be amended or otherwise modified by a signed writing executed by the Parties.

9. Each person who executes this Stipulation and Agreement by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Agreement on behalf of such Party.

10. This Stipulation and Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Agreement to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

11. Nothing in this Stipulation and Agreement shall affect the Debtors' right to object to the Proofs of Claim.

12. This Stipulation and Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of New York without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws.

13. Any disputes or controversies arising from this Stipulation and Agreement shall be within the exclusive jurisdiction of the Court.

Dated: September 16, 2011
      New York, New York

/s/ Gregory A. Horowitz
Gregory A. Horowitz
Amy Caton

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

Attorneys for The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee for the Main Street Bonds

Dated: September 16, 2011
      Atlanta, Georgia

/s/ John C. Weitnauer
John C. (Kit) Weitnauer

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

Attorneys for Main Street Natural Gas, Inc.

[SIGNATURE PAGE CONTINUED]

Dated: September 16, 2011
      New York, New York

                        /s/ Alfredo R. Pérez
                        Alfredo R. Pérez

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone:  (212) 310-8000
                        Facsimile:  (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession