> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED TENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED TENTH OMNIBUS**
**OBJECTION TO CLAIMS (DUPLICATIVE NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on September 16, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their two hundred tenth omnibus

objection to claims (the "Debtors' Two Hundred Tenth Omnibus Objection to Claims"), and that

a hearing (the "Hearing") to consider the Debtors' Two Hundred Tenth Omnibus Objection to

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **November 30, 2011 at 10:00 a.m.**

**(Eastern Time)**, or as soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two

Hundred Tenth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **November 11, 2011 at 4:00**

**p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred Tenth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Tenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 16, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                    Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

### DEBTORS' TWO HUNDRED TENTH OMNIBUS OBJECTION
### TO CLAIMS (DUPLICATIVE NO LIABILITY CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING
THIS NOTICE OF TWO HUNDRED TENTH OMNIBUS
OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS
OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE
EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, ERIN ECKOLS, AT (214) 746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## Preliminary Statement

       1.     The Duplicative No Liability Claims[1] should be disallowed and

expunged because they are (i) duplicative of the OMX Claim[2] and (ii) the Debtors have

no contractual relationship, privity, or other obligation to the holders of the Duplicative

No Liability Claims, and therefore have no liability for those claims.

       2.     On October 29, 2004, Boise Land & Timber II, LLC ("Boise II")

issued an installment note to Boise Cascade Corporation ("Boise Cascade") in the amount

of $817,500,000 (the "Installment Note").  Also on October 29, 2004, LBHI issued a

guarantee of Boise II's obligations under the Installment Note (the "Guaranty").  OMX

Timber Finance Investments II, LLC ("OMX")  alleges that it is the successor-in-interest

to Boise Cascade under the Installment Note and Guaranty.  (*See* Proof of Claim No.

17120 at ¶¶ 1-2.)

       3.     On September 19, 2010, Wells Fargo Bank Northwest, N.A.

("Wells Fargo") filed a proof of claim against LBHI for amounts allegedly due under the

Installment Note based on the Guaranty (the "Wells Fargo Claim").  Wells Fargo, OMX,

and the Debtors have entered into a stipulation in which OMX and Wells Fargo

---

[1] The Duplicative No Liability Claims are the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" on Exhibit A attached hereto.

[2] The OMX Claim is the claim listed under the heading "Surviving Claim" on Exhibit A attached hereto.

acknowledged that the Wells Fargo Claim was substantively duplicative of the OMX

Claim.  In the stipulation, the parties agreed that the Wells Fargo Claim be deemed

withdrawn, that the OMX Claim would proceed, and that Wells Fargo, as indenture

trustee, has the authority to prosecute and defend the OMX Claim.

4.      On December 21, 2004, OMX, as issuer, and Wells Fargo, as

trustee, entered into an indenture (the "Wells Fargo Indenture").  Pursuant to the Wells

Fargo Indenture, OMX issued approximately $735,000,000 Class A-2 Notes due 2019

(the "Notes") to, among others, the Noteholder Claimants.[3]  The Debtors are not parties

to the Wells Fargo Indenture.  Likewise, the Noteholder Claimants are not parties to the

Installment Note or the Guaranty.  Therefore, the Debtors have no contractual

relationship with, and thus no liability to, the Noteholder Claimants in connection with

the Notes, the Installment Note, or the Guaranty.

5.      Both the OMX Claim and the Wells Fargo Claim sought to recover

from LBHI for amounts due under the Installment Note based on the Guaranty.  (See

Claim No. 17120 ¶¶ 1-2; Claim No. 24151 ¶¶ 1-2.)  The Noteholder Claimants seek to

recover for the Notes.  Thus, the Noteholder Claims are all based on LBHI's alleged

obligations under the Guaranty, and are substantively duplicative, in whole or in part, of

the OMX Claim.

## Relief Requested

---

[3] The Noteholder Claimants are American Health and Life Insurance Company (proof of claim no. 29631), American Investors Life Insurance Co., Inc. (proof of claim no. 65963), Deutsche Bank AG, London Branch (proof of claim no. 17754), Marshall & Illsley Trust Company (proof of claim no. 12833), Old Mutual Reassurance (Ireland) Limited (proof of claim no. 21316), OM Financial Life Insurance Company (proof of claim no. 21314), Primerica Life Insurance Co. (proof of claim no. 12833), Senior Health Insurance Company of Pennsylvania (proof of claim no. 13481), and Triton Insurance Company (proof of claim no. 29632).

6.      The Debtors file this Two Hundred Tenth omnibus objection to claims (the "<u>Two Hundred Tenth Omnibus Objection to Claims</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "<u>Procedures Order</u>") [Docket No. 6664], seeking the disallowance and expungement of the Duplicative No Liability Claims as substantively duplicative, in whole or in part, of the OMX Claim and on the grounds that the Debtors have no liability for said claims.

7.      This Two Hundred Tenth Omnibus Objection to Claims does not affect the OMX Claim and does not constitute any admission or finding with respect to the OMX Claim.  The Debtors' rights to later object to the OMX Claim on any basis are preserved, except as set forth in the Stipulation.  Further, the Debtors reserve all their rights to object on any basis to any Duplicative No Liability Claim as to which the Court does not grant the relief requested herein.

<strong><u>Jurisdiction</u></strong>

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

<strong><u>Background</u></strong>

9.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10.     On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

11.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

12.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## The Proofs of Claim

13.     On December 24, 2008, OMX filed its initial proof of claim no. 1439 against LBHI based on the Installment Note and Guaranty. On September 18, 2009, OMX filed its amended proof of claim no. 17120 against LBHI based on the Installment Note and Guaranty. (*See* Claim No. 17120 ¶¶ 1-2.)

14.     On September 21, 2009, Wells Fargo, as indenture trustee, filed its proof of claim no. 24151 against LBHI on behalf of itself and the holders of the Notes on account of the Guaranty. (*See* Claim No. 24151 ¶¶ 1-2.) The terms of the Wells Fargo

Indenture authorize the indenture trustee to enforce the Guaranty for the benefit of the Noteholders.  (*See* Wells Fargo Indenture §§ 5.03-5.04 attached to Claim No. 24151 as Ex. A.)

15.    During 2009, the Noteholder Claimants filed nine proofs of claim (collectively, the "Noteholder Claims") seeking to recover on the Notes:  American Health and Life Insurance Company (proof of claim no. 29631), American Investors Life Insurance Co., Inc. (proof of claim no. 65963),[4] Deutsche Bank AG, London Branch (proof of claim no. 17754), Marshall & Illsley Trust Company (proof of claim no. 12833), Old Mutual Reassurance (Ireland) Limited (proof of claim no. 21316), OM Financial Life Insurance Company (proof of claim no. 21314), Primerica Life Insurance Co. (proof of claim no. 12833), Senior Health Insurance Company of Pennsylvania (proof of claim no. 13481), and Triton Insurance Company (proof of claim no. 29632).

16.    On September 16, 2011, Wells Fargo, OMX, and the Debtors entered into a stipulation (the "Stipulation") in which Wells Fargo and OMX agreed that the OMX Claim and Wells Fargo Claim were substantively duplicative of each other. Pursuant to the Stipulation, the Wells Fargo Claim is deemed withdrawn and the OMX Claim will be prosecuted and defended by Wells Fargo as indenture trustee.

**The Duplicative No Liability Claims Should Be Disallowed and Expunged**

17.    The Duplicative No Liability Claims should be disallowed and expunged for two separate but related reasons.  First, the Duplicative No Liability Claims

---

[4] American Investors Life Insurance Co., Inc. originally filed proof of claim no. 4223 that was disallowed and expunged pursuant to the Order Granting Debtors' Tenth Omnibus Objection to Claims (Amended and Superseded Claims) on the grounds that it was amended and superseded by proof of claim no. 65963.  *See* Docket No. 10165.

should be disallowed and expunged because they are substantively duplicative, in whole or in part, of the OMX Claim. Second, the Duplicative No Liability Claims should be disallowed and expunged because there is no contractual relationship between the Noteholder Claimants and the Debtors. Accordingly, the Debtors have no liability for the Duplicative No Liability Claims.

<blockquote>
a.    <em>The Duplicative No Liability Claims are Duplicative of the OMX Claim.</em>
</blockquote>

18.    The Duplicative No Liability Claims seek to recover, in whole or in part, for the same obligation underlying the OMX Claim, and should therefore be expunged. Wells Fargo and OMX have agreed that the Wells Fargo Claim and the OMX Claim are substantively duplicative of each other. The Noteholder Claims are substantively duplicative of the Wells Fargo Claim, and accordingly, the Noteholder Claims are also substantively duplicative of the OMX Claim.

19.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

20.    Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g., In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005)

(expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL

31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re*

*Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992)

(dismissing duplicate claim).

 21. The Debtors cannot be required to pay on the same claim more

than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson,*

*& Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries

for an identical injury are generally disallowed.").  Elimination of redundant claims will

also enable the Debtors to maintain a claims register that more accurately reflects the

proper claims existing against the Debtors.

 22. Wells Fargo, OMX, and the Debtors are in agreement that the

Wells Fargo Claim and the OMX Claim are substantively duplicative of each other.  The

Noteholder Claims are duplicative of the Wells Fargo Claim, and by extension, are also

duplicative of the OMX Claim.  The Noteholder Claims and the Wells Fargo Claim both

seek recovery related to the Notes in connection with the same alleged obligation

underlying the OMX Claim—the Guaranty.  Under the terms of the Indenture, Wells

Fargo has the authority to act on behalf of the individual Noteholders,[5] and pursuant to

the Stipulation, Wells Fargo in its capacity as indenture trustee will prosecute and defend

the OMX Claim.  (*See* Wells Fargo Indenture §§5.03-5.04.)  To the extent that the

Noteholder Claims are duplicative of the Wells Fargo Claim, the Noteholder Claims are

also duplicative of the OMX Claim.

---

[5] Moreover, the Bankruptcy Rules provide that "[a]n indenture trustee may file a claim on behalf of all
known or unknown holders of securities issued pursuant to the trust instrument under which it is the
trustee."  *See* Fed. R. Bank. P. 3003(c)(5).

23.     If the Duplicative No Liability Claims are allowed to remain on the claims register, then the potential exists for the Debtors to pay twice on the same alleged obligation.  Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge the Duplicative No Liability Claims listed on <u>Exhibit A</u> to the extent set forth therein. The OMX Claim will remain on the claims register subject to further objections on any basis.

> b.      *The Debtors Have No*
> *Liability for the Duplicative No Liability Claims.*

24.     The Duplicative No Liability Claims are also claims for which the Debtors have no liability.  The Duplicative No Liability Claims were each filed by a Noteholder with whom the Debtors have no contractual relationship in connection with the asserted claims.

25.     Section 502(b)(1) of the Bankruptcy Code provides that a claim is deemed allowed except to the extent that it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1). A claim is defined as a "right to payment."  11 U.S.C. § 101(5).

26.     The Noteholder Claimants are not a party to the Installment Note or the Guarantee, and the Notes for which the Noteholder Claimants seek to recover were issued by OMX pursuant to the Wells Fargo Indenture, to which the Debtors are not a party.  Accordingly, the Noteholder Claimants, as the holders of the Duplicative No Liability Claims, have no contractual relationship with, and thus no enforceable right to payment against, the Debtors.  If the Debtors have any liability arising out of the

Guaranty, then that liability is only to OMX, the party with whom LBHI entered into the Guaranty.

27.    Unless the Duplicative No Liability Claims are disallowed and expunged, the potential exists for recoveries by parties that do not hold valid claims against the Debtors' estates.  Thus, the Debtors request that the Court enter an order disallowing and expunging the Duplicative No Liability Claims listed on <u>Exhibit A</u>.

### <u>Notice</u>

28.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Two Hundred Tenth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit A</u>; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

29.    No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just.

Dated:  September 16, 2011
      New York, New York

                             /s/ Robert J. Lemons
                             Robert J. Lemons

                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York 10153
                             Telephone: (212) 310-8000
                             Facsimile: (212) 310-8007

                             Attorneys for Debtors
                             and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 210: EXHIBIT A – DUPLICATIVE NO LIABILITY CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIM | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 1 | AMERICAN HEALTH AND LIFE INSURANCE COMPANY ATTN: DAVA CARSON CC: GENERAL COUNSEL 3001 MEACHAM BLVD. FORTH WORTH, TX 76137 | 09/22/2009 | 08-13555 (JMP) | 29631 | Undetermined | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* | Duplicative No Liability Claim |
| 2 | AMERICAN INVESTORS LIFE INSURANCE CO., INC. N/K/A AVIVA LIFE ANNUITY CO. C/O AVIVA IVESTORS NORTH AMERICA, INC. 699 WALNUT STREET, SUITE 1700 DES MOINES, IA 50309 | 12/16/2009 | 08-13555 (JMP) | 65963[1] | $41,209,112.25 | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* | Duplicative No Liability Claim |

[1] Claim 65963 is being expunged solely with respect to its asserted claim totaling $8,000 for securities with CUSIP No. 67088CAA5.  The portion of Claim 65963 that is asserting a guarantee claim totaling $2,209,112.25 related to certain derivatives contracts was previously allowed pursuant to the Order Granting Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims (Partially Settled Guarantee Claims), dated June 30, 2011 [Docket No. 18186].  The portion of Claim 65963 that is asserting a claim totaling $31,000,000 for securities with CUSIP Nos. 52517PVM0, 52517PG96, 52517PVV0, and 524908WH9 is subject to the Debtors' Two Hundred Third Omnibus Objection to Claim (Duplicative of Indenture Trustee Claims), dated September 13, 2011 [Docket No. 19919].

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 210: EXHIBIT A – DUPLICATIVE NO LIABILITY CLAIMS**

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIM | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 3 | DEUTSCHE BANK AG, LONDON BRANCH ATTN: MICHAEL SUTTON AND ALEXANDER KRAEMER 1 GREAT WINCHESTER STREET LONDON, EC2N 2DB UNITED KINGDOM | 09/18/2009 | 08-13555 (JMP) | 17754[2] | Undetermined | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* | Duplicative No Liability Claim |

---

[2] Claim 17754 is being expunged solely with respect to its asserted claim for securities with ISIN No. US67088CAA53.  The portion of Claim 17754 that is asserting a claim for securities with ISIN Nos. US5249088866, US5249087041, US5249087207, US52520W2180, US52520W317, and US5253J4537 is subject to the Debtors' One Hundred Sixty-Ninth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests), dated August 19, 2011 [Docket No. 19387].  The portion of Claim 17754 that is asserting a claim for securities with ISIN No. US52519Y2090 is subject to the Debtors' Two Hundred Third Omnibus Objection to Claim (Duplicative of Indenture Trustee Claims), dated September 13, 2011 [Docket No. 19919].  The portion of Claim 17754 that is asserting a claim for securities with ISIN No. US524908EC04 is not being expunged pursuant to this Objection, is not affected by this Objection, and shall remain active on the claims register, subject to the Debtors' right to object to that portion of Claim 17754 in the future.

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 210: EXHIBIT A – DUPLICATIVE NO LIABILITY CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | | SURVIVING CLAIM | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 4 | MARSHALL & ILSLEY TRUST COMPANY N.A. AS CUSTODIAN ATTN: GAYLE ROBINSON, GENERAL COUNSEL 111 EAST KILBOURN AVENUE, SUITE 200 MILWAUKEE, WI 53202 | 09/22/2009 | 08-13555 (JMP) | 32096 | $1,500,000.00 | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* | Duplicative No Liability Claim |
| 5 | OLD MUTUAL REASSURANCE (IRELAND) LIMITED C/O OLD MUTUAL BUSINESS SERVICES ATTN: VICTOR LUMBY 1001 FLEET STREET, 7TH FLOOR BALTIMORE, MD 21202 | 09/21/2009 | 08-13555 (JMP) | 21316 | $500,000.00* | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* | Duplicative No Liability Claim |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 210: EXHIBIT A – DUPLICATIVE NO LIABILITY CLAIMS**

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIM | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 6 OM FINANCIAL LIFE INSURANCE COMPANY C/O OLD MUTUAL US LIFE ATTN: RAJ KRISHNAN, CFA, SENIOR VICE PRESIDENT CHIEF INVESTMENT OFFICER 1001 FLEET STREET BALTIMORE, MD 21202 | 09/21/2009 | 08-13555 (JMP) | 21314 | $44,500,000.00* | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* | Duplicative No Liability Claim |
| 7 PRIMERICA LIFE INSURANCE CO. ATTN: ALISON RAND, CFO 3120 BRECKINRIDGE BLVD DULUTH, GA 30099 | 09/15/2009 | | 12833 | $4,000,000.00 | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* | Duplicate of Trustee Claim 17120 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 210: EXHIBIT A – DUPLICATIVE NO LIABILITY CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIM | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 8 | SENIOR HEALTH INSURANCE COMPANY OF PENNSYLVANIA 1289 WEST CITY CENTER DRIVE, SUITE 200 CARMEL, IN 46032 | 09/16/2009 | 08-13555 (JMP) | 13481 | $755,309.42 | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* | Duplicate of Trustee Claim 17120 |
| 9 | TRITON INSURANCE COMPANY ATTN: DAVA CARSON CC: GENERAL COUNSEL 3001 MEACHAM BLVD FORT WORTH, TX 76137 | 09/22/2009 | 08-13555 (JMP) | 29632 | Undetermined | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* | Duplicative No Liability Claim |
| | | | TOTAL | | $92,464,421.67 | | | | | | |

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                          :         Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (JMP)
                                                               :
                                   Debtors.        :         (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED TENTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE NO LIABILITY CLAIMS)

Upon the two hundred tenth omnibus objection to claims, dated September 16, 2011 (the "Two Hundred Tenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative No Liability Claims on the grounds that such claims are substantively duplicative of the OMX Claim, all as more fully described in the Two Hundred Tenth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Tenth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Tenth Omnibus Objection to Claims; and (vii) all other parties entitled to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Tenth Omnibus Objection to Claims.

notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Tenth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Tenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Tenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative No Liability Claims") are disallowed and expunged with prejudice as set forth in Exhibit 1; and it is further

ORDERED that the claim listed on Exhibit 1 annexed hereto under the heading "*Surviving Claim*" (the "OMX Claim") will remain on the claims register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative No Liability Claims constitutes any admission or finding with respect to the OMX Claim, and the Debtors' rights to object to the OMX Claim on any basis is preserved, except as agreed to by the Debtors in the Stipulation; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Two Hundred

Tenth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*"

that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) except as set forth in the Stipulation, the

OMX Claim; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2011
     New York, New York


                      _____
                      UNITED STATES BANKRUPTCY JUDGE