**FOR SETTLEMENT PURPOSES** **WEIL DRAFT**
**SUBJECT TO FEDERAL RULE OF EVIDENCE 408** **9/7/2011**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                           Debtors.                :    (Jointly Administered)
------------------------------------------------------------------x

**STIPULATION AND AGREEMENT**
**FOR PROVISIONAL ALLOWANCE OF CLAIM NUMBER 14664**
**OF GLG EUROPEAN LONG-SHORT FUND SOLELY FOR PURPOSES**
**OF VOTING ON THE DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN**

Lehman Brothers Holdings Inc. ("Lehman"), as debtor in possession, and GLG European Long- Short Fund (the "Claimant" and together with Lehman, the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A.    On September 15, 2008 and on various dates thereafter, each of Lehman and certain of its affiliates (collectively, the "Debtors") filed voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly administered under Case Number 08-13555 (the "Lehman Bankruptcy Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  Pursuant to the order entered on July 2, 2009, the Bankruptcy Court established September 22, 2009 at 5:00 p.m. (Prevailing Eastern Time) as the last date and time for the filing of proofs of claim such as the claim referred to herein against any of the Debtors based upon pre-chapter 11 transactions.

C.  On September 17, 2009, the Claimant timely filed proof of claim number 14664 against Lehman asserting a claim for $648,992,015 (the "Claim").

D.  On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors (as may be further modified from time to time, the "Third Amended Plan") and a related disclosure statement (as may be further modified from time to time, the "Disclosure Statement"). The Disclosure Statement was approved by the Bankruptcy Court on August 30, 2011.

E.  Lehman and the Claimant enter into this stipulation for the purposes of provisionally allowing the Claim as set forth herein solely for the purposes of allowing the Claimant to vote on the Third Amended Plan, consistent with any order of the Bankruptcy Court governing solicitation and/or voting on the Third Amended Plan and Bankruptcy Rule 3018(a) (the "Stipulation").

**AGREEMENT**

1.  This Stipulation shall become effective once it has been executed by both Parties (the "Effective Date").

2.  Upon the Effective Date, the Claim shall be deemed provisionally allowed, for purposes of voting on the Third Amended Plan in the amount of $298,287,997 in LBHI Class 9A of the Third Amended Plan (the "Voting Claim").

3. The provisional allowance of the Voting Claim pursuant to this Stipulation is without prejudice to either of the Parties' respective rights and obligations under and pursuant to the Third Amended Plan, applicable bankruptcy and non-bankruptcy law, and equitable principles.  Except as expressly provided for herein with respect to the provisional allowance of the Voting Claim, nothing herein is or shall be deemed to be (a) a determination, allowance or disallowance of the Claim or any of the Claimant's claims against any of the Debtors or their estates for any purpose whatsoever or (b) an admission, release or waiver with respect to the Claim or any of the Claimant's claims against any of the Debtors (or the Debtors' objections, defenses or counterclaims with respect thereto) including, without limitation, as to the amount, extent, validity or priority of the Claim or any of the Claimant's claims against any of the Debtors.

4. The provisional allowance of the Voting Claim pursuant to this Stipulation shall not be deemed a determination or have any effect on the classification of the Claim under the Third Amended Plan.

5. Neither this Stipulation, any of the provisions hereof, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any aspect of the Claim or of any other claim or right of any kind, or of any wrongdoing or liability of either of the Parties in the Debtors' chapter 11 cases, or any other matter pending before the Bankruptcy Court.  Except as specifically set forth herein, this Stipulation shall not affect the Claim and is without prejudice to, and shall in no way affect, the rights of the Parties hereto with respect to the Claim.

6.  Nothing in this Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties hereto, and their respective successors and assigns, any right, remedy or claim under or by reason of this Stipulation; and the provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties hereto.

7.  This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

8.  This Stipulation may not be modified other than by signed writing executed by both Parties and delivered to each Party.

9.  Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

11. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors and administrators.

12. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles.

13. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, such matter shall be adjudicated in either the United States District Court, for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: September 16, 2011
      New York, New York

| | |
|---|---|
| /s/ Robert J. Lemons | /s/ David M. LeMay |
| Robert J. Lemons | David M. LeMay |
| | |
| WEIL, GOTSHAL & MANGES LLP | CHADBOURNE & PARKE LLP |
| 767 Fifth Avenue | 30 Rockefeller Plaza |
| New York, New York 10153 | New York, New York 10112 |
| Telephone: (212) 310-8000 | Telephone: (212) 408-5100 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 541-5369 |
| | |
| Attorneys for Debtors and Debtors in Possession | Attorneys for GLG European Long- Short Fund |