UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE | Case No. 08-13555 (JMP) |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC., et. al. | Chapter 11 |
| Debtor. | |

### RESISTANCE AND RESPONSE TO DEBTORS' ONE HUNDRED SEVENTY-THIRD [#19399] OMNIBUS OBJECTION TO CLAIMS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW the creditor, Charles L. Kuykendall, by and through his attorneys, Dwyer & Wing, P.C. and for resistance and response to the objection to claim No. 5487 (No. 148 in Exhibit A to Objection on Page 17 of 34) states as follows:

1.      The claimant has submitted a claim for funds held by the Debtor since approximately 1994 which are derived from a deferred compensation agreement entered into while this creditor was employed by E. F. Hutton, which is not the Debtor ("Debtor" as used in this document refers to Lehman Brothers Holdings, Inc. aka "LBHI"), is not Lehman Brothers, Inc. (hereafter "LBI"), and to the best of the knowledge of the claimant was never an affiliate of the Debtor and was not a corporate predecessor of the Debtor.

2.      The claim was filed by the claimant *pro se* and the category of claim indicated was under 11 U.S.C. Section 507(a)(5) since the money being held by the Debtor was from a deferred compensation plan with E. F. Hutton, but did not state or assert that the claim arose as a result of employment with the Debtor and the claimant specifically asserts that he was never an employee of the Debtor, was never an employee of LBI and until recently did not know that the funds he agreed to place in a deferred compensation plan with his then employer were not

transferred in full to his then current employer, Smith Barney, in 1994 when it was acquired by

Citigroup (this reference to "Citigroup" includes its related entities such as Citibank, Citigroup

Global Marketing Inc. or other entities which this claimant can no more easily separate and

identify than the Lehman entities included in this consolidated case) and that the lack of an

employment relationship does not invalidate his claim.

3.      The claimant denies that the exhibits attached to the objection to his claim are the

agreements he entered into at the time he originally entered into the deferred compensation plan

with his then employer, that he was never informed of these amendments or the changes to or

transfer of his rights with regard to the deferred compensation agreement originally entered into

with E. F. Hutton in 1988 or 1989, that any changes in the terms of his agreements are of limited

appplication and that the funds in his accounts were retained by the Debtor, which did not come

into existence until approximately 1994.

4.      This claim was filed in response to solicitation of claims and notice from LBHI

and constitutes an admission against interest that LBHI believes that the claimant had a claim to

assert in this case.

5.      The Debtor specifically sent notice to this creditor soliciting the filing of this

claim as part of a consolidated case which included the various related entities whose

connections are too complex for this creditor to be able to identify and it is unfair and inequitable

for the court to allow the Debtor to disallow this claim over two years after it was filed based on

an allegation that it should have been filed against one of the wholly owned subsidiaries of the

Debtor on the grounds that the Debtor no longer owns or controls said subsidiary and it is

involved in a SIPA action and has separate claims procedures and process.

6.      On the commencement date LBI was a wholly-owned direct subsidiary of LBHI

(2nd Amended Disclosure statement, Page 21), which necessarily means that it owned all of the

equity in LBI and assuming *arguendo* that the agreements attached to the 173rd Omnibus

Objection to Claims as Exhibit B, are the applicable agreements governing the deferred

compensation agreement of the claimant:

> a.    Said agreements essentially give the participants in the plan the status of equity
>
> shareholders (See i.e Exhibit B Voluntary Deferred Compensation Plan Page 14).
>
> b.    Since LBHI owned all of the equity in LBI at the time of the commencement of
>
> the case this means that the claimants equity is necessarily against LBHI as the
>
> owner of all of LBI.

Under such circumstances the allegations as to the lack of liability in connection with this claim

are without merit.

7.    The allegations set forth in the objection to claim allege a lack of employment

relationship as a basis for denial of the claim (which is not disputed–this claimant never worked

as to broker or employee for LBI or LBHI but for some reason they had his money), but do not

specifically deny that LBHI has, or had, the claimant's money, this may serve as a basis to allege

that this claim is not a priority claim pursuant to 11 U.S.C. Section 507(a)(5) but does not justify

the complete disallowance and expungement of this claim.

8.    When Smith Barney became a part of Citigroup, for reasons unknown to this

claimant and without his knowledge or consent, some of the funds in his deferred compensation

agreement were left with Lehman but the relationship between Citigroup and Lehman included

certain guaranties as alleged in the claims filed as Nos. 29879 and 29883 which are the subject of

objection [Document No. 20030], but include in Exhibit A at page 3 and Exhibit B at page 3

guaranties by LBHI of LBI debt, a further indication of the intertwining and difficulties in

separating out the links and accounts for Citigroup employee funds, such as those belonging to this claimant, which were placed with a Lehman entity.

9.     Attached hereto as Exhibit 1 is the affidavit of Charles L. Kuykendall, which supplements and  further explains the nature of his claim, the circumstances from which is arises and the reason he does not have additional documentation to file in substantiation of the claim at this time, but which demonstrates the validity of the claim and that the basis for the objection to his claim is not valid.

10.     This claimant has sought documentation from Smith Barney regarding the disposition of funds in his deferred compensation plan or plans as shown on the statements provided with the claim, but has been unable to obtain information that makes clear or explains:

a.     What rights and obligations were undertaken by Citigroup at the time of the Smith Barney sale.

b.     What rights and obligations were retained by Shearson  at the time of the Smith Barney sale.

c.     Whether the employees were advised of their legal rights with regard to whatever was done with their rights under the respective plans and to what legal entities the funds were transferred or where the fund were held and under what terms and conditions such funds were held or the authority relied upon for such actions.

d.     Why funds for an employee of Smith Barney were paid to or retained by an entity which did not employ the claimant and had never been his employer to the best of his knowledge.

11.     In order to provide the documentation alleged by the Debtor to be missing from the claim filed by this creditor discovery is necessary at minimum as to the ability to compel both

the Debtor and Citigroup to produce the documentation regarding the plan in effect at the time

the claimant entered into a deferred compensation agreement but cannot pursue such discovery

without authorization from the court which is being sought at the same time this resistance is

being filed.

12.      To the best of the knowledge and information of this creditor, the funds claimed

are held by the Debtor and he has never opened, authorized or maintained any account with LBI.

13.      It is misleading for the Debtor to allege that it was never a party to any of the

agreements attached as Exhibit b to the 173rd Omnibus Objection to Claims since the majority of

the agreements are dated and were in effect prior to the creation of the Debtor as a separate legal

entity.

14.      The records submitted with the claim confirm that the Debtor appears to have had

possession of the funds of this claimant since 1994 without any obligation to pay interest or

account for said funds, since all accounting appears to have been handled through Citigroup.

15.      That if funds were placed in the hands of the Debtor by Citigroup acting with or

without the claimant's permission, which would explain why Citigroup issued statements and

handled the accounting to the claimant, then the funds are held by the Debtor in a quasi fiduciary

capacity and the burden of proof should be on the Debtor to establish it handled these funds in

the manner required by applicable law.

16.      If funds were placed with the Debtor by Citigroup to be held for the benefit of this

claimant, this claimant is an intended third party beneficiary of any agreement between the

Debtor and Citigroup and this claim is valid and cannot be disallowed.

17.      This claimant requests an opportunity to use the power of the court to obtain the

documentation alleged to be missing from the proof of the claim and a separate evidentiary

hearing with regard to the validity and classification of this claim.

18.     For all of the reasons stated above, the objection to claim #5487 must be denied.

WHEREFORE the creditor, Charles L. Kuykendall, prays that the court overrule and deny the objection to claim #5487 and grant such other and additional relief as may be proper in the circumstances.

CHARLES L. KUYKENDALL

By:_____
Stephen P. Wing
Dwyer & Wing, P.C.
1503 Brady Street
Davenport, Iowa 52803
(563) 323-3000
(563) 323-7452 facsimile
spwing@iabar.org

<u>Certificate of Service</u>

The undersigned certifies under penalty of perjury that he is 18 years of age or older, and that a copy of his document was served electronically on parties who receive electronic notice through CM/ECF as listed on CM/ECF's notice of electronic filing on September 19, 2011.


_____/s/_____

Stephen P. Wing
1503 Brady Street
Davenport, IA   52803
(563) 323-3000
(563) 323-7452
spwing@iabar.org