**HEARING DATE AND TIME: October 5, 2011 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: September 20, 2011 at 4:00 p.m. (Eastern Time)**

Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
David Neier (dneier@winston.com)
Elena Snyder (elsnyder@winston.com)

*Attorneys for Caspian Capital Partners, LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.,* | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**RESPONSE OF MARINER INVESTMENT GROUP, LLC ON
BEHALF OF CASPIAN CAPITAL PARTNERS LP TO DEBTORS'
ONE HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION TO
CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)**

Mariner Investment Group, LLC, on behalf of Caspian Capital Partners, LP (collectively, "Mariner"), submits this response ("Response") to the Debtors' One Hundred Seventy-Ninth Objection to Claims (Valued Derivative Claims) [Docket No. 19378], dated August 19, 2011 (the "Objection"), and states as follows:

**Background**

1. On May 17, 2007, Mariner and Lehman Brothers Special Financing Inc. ("LBSF") entered into an ISDA Master Agreement (together with the schedule thereto and the Credit Support Annex part thereof, as supplemented by each Confirmation thereunder, collectively, the "Master Agreement").[1] Pursuant to the Master Agreement Lehman Brothers Holdings Inc. ("LBHI") was required to enter into a guarantee, (the "Guarantee"), pursuant to which LBHI unconditionally guaranteed the due and punctual payment of all amounts owed by LBSF under the Master Agreement.

2. On September 15, 2008, LBHI filed a voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and, on October 3, 2008, LBSF filed its voluntary chapter 11 bankruptcy petition under the Bankruptcy Code in the Bankruptcy Court. The Debtors' bankruptcy cases are being jointly administered.

3. On September 29, 2008, pursuant to Section 6(a) of the Master Agreement, Mariner provided LBSF notice designating September 29, 2008 as the Early Termination Date in respect of all outstanding Transactions.

---

[1] Pursuant to the Order of the Bankruptcy Court dated July 2, 2009 (Docket No. 4271), because the Claim is based on amounts owed by the Debtors to Claimant pursuant to a Derivative Contract and a Guarantee, Claimant is not required to attach supporting documentation to the Claim. Claimant incorporates herein by reference the Derivative Questionnaire (including any amendments thereof), the Guarantee Questionnaire (including any amendments thereof) and all other documents that have been or will be submitted by Claimant in connection with the Claim against the Debtors. Copies of the Master Agreement and other supporting documentation have been or will be electronically uploaded to the website http://www.lehmanclaims.com in accordance with the requirements set forth in the Derivative Questionnaire and the Guarantee Questionnaire.

4. In accordance with Section 6(d) of the Master Agreement, on October 24, 2008, Mariner provided LBSF with a statement showing the calculation of the payment owed to Mariner, which included relevant quotations (the "Valuation Letter").

5. As reflected in the Valuation Letter, the amount owed by LBSF is $2,002,581.95, plus interest at the rate of LIBOR +1%, from September 29, 2008 until the date paid and compounded daily.

6. On July 2, 2009, the Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

7. In accordance with the Bar Date Order, on September 21, 2009, Mariner filed Proof of Claim No. 26223 against LBSF and a corresponding claim against LBHI, Proof of Claim No. 26224 (collectively, the "Claim"). The Claim asserts Mariner's claim in the liquidated amount of not less than $2,002,581.95 in connection with amounts owed by LBSF under the Master Agreement and by LBHI under the Guarantee Agreement. Subsequently, on October 21, 2009 Mariner filed a Claim Form Filing Questionnaire stating the Derivative Claim Amount of $2,042,035.50, which includes $39,453.55 of interest on the amount set forth in the Claim.

8. On March 19, 2010, Mariner provided LBSF with an amended statement with the revised calculation of the payment owed to Mariner, which included relevant quotations (the "Second Amended Valuation Letter").

9.   As reflected in the Second Amended Valuation Letter, the amount owed by LBSF is $1,199,681.95 (the "Early Termination Amount") plus interest at the rate of LIBOR +1%, from September 29, 2008 until the date paid and compounded daily

10.   On August 19, 2011, the Debtors filed the Objection. In the Objection, the Debtors contend that "[t]he Derivatives Contracts that underlie the No Liability Derivatives Claims have either been terminated or matured pursuant to the terms thereof . . . [and] based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants but rather either no amounts are owed under the Derivatives Contracts to either party or the respective claimants actually owe money to the Debtors based on such Derivatives Contracts, and, therefore, the No Liability Derivatives Claims do not constitute valid *prima facie* claims." (Objection ¶11). Based on such statement, and no further evidence, the Objection proposes to disallow and expunged the claim.

**Argument**

11.   Mariner disputes the Debtors' assertions in the Objection, and asserts that the proper amount of the Claim is $1,199,681.95 plus interest. The Debtors have failed to provide any calculation to support their conclusory statements in the Objection to explain why the Claim should be disallowed and expunged. Further, the Debtors have neglected to provide any support for the claim that the underlying contracts have either been terminated or matured pursuant to the terms thereof. The Objection only contains a discussion of the general "multi-step process" the Debtors undertook to reach their conclusion that the Claim should be disallowed and expunged,

without providing any of the evidence the Debtors may have considered to support their conclusion. (Objection ¶¶13-14).

12. A properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). Bankruptcy Code section 502(b) provides, in pertinent part, that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of the claim and shall allow the claim in such amount except to the extent that one of the exceptions enumerated in section 502(b) applies. *In re Rockefeller Center Properties*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). A properly filed proof of claim is prima facie evidence of the validity and amount of the claim.[2] Fed. R. Bankr. P. 3001(f).

13. "If a proper objection is made, the objecting party has the burden of presenting evidence sufficient to overcome the prima facie validity of the claim." King, *Collier on Bankruptcy*, ¶ 501.02[2][d] (15th ed. rev.); see also *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and the amount of the claim, and the objector bears the initial burden of persuasion.").

14. To shift the burden of proof to Mariner, the Debtors must first produce sufficient evidence to overcome the "prima facie validity" of Mariner's Proofs of Claim. *In re Adelphia Comms Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15-16 (Bankr. S.D.N.Y. Feb. 20, 2007); *Rockefeller*, 272 B.R. at 539. Such "sufficient evidence" must be of equal or greater probative force to that of the proof of claim which, "if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Oneida*, 400 B.R. at 389 (internal quotations omitted) (quoting *In re Allegheny Intern., Inc.* 954 F.2d 167, 173-74 (3d

---

[2] The Debtors do not allege that the Claims were anything other than timely and properly filed.

Cir. 1992); *In re Spiegel, Inc.*, 2007 WL 2456626 at *15 (S.D.N.Y. Aug. 22, 2007); *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (evidence must be of equal force).

15. Debtors' mere assertion that "based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants," does not equate to evidence. (Objection ¶11). "Mere denial of [a] claim's validity or amount is not sufficient to rebut prima facie effect of [the] proof of claim." Hon. Barry Russell, *Bankruptcy Evidence Manual*, § 301.13(3) (West Group, 1999) (citing *In re O'Connor*, 153 F.3d 258 (5th Cir. 1998); In *re Brown*, 221 B.R. 46 (Bankr. S.D. Ga. 1998); In *re Narragansett Clothing Co.*, 143 B.R. 582, 583 (Bankr. D.R.I. 1992)); *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear. To prevail, the objector must affirmatively produce evidence to counter the creditor's claim.").

16. Only after the objector overcomes its burden and puts forth such "sufficient evidence" does the burden of going forward shift back to the claimant thereby requiring the claimant "to meet the usual burden of proof to establish the validity of the claim." *Adelphia*, 2007 Bankr. LEXIS 660, at*15-16; *see also Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 566 (3d Cir. 2003) ("A denial [of a claim's validity] . . . will simply shift the burden of production to the defendant [objector] to present evidence that would tend to rebut the plaintiff's [claimant's] case . . . If the [objector] cannot meet its burden of going forward by presenting some evidence, the [claimant] has met its burden of persuasion.").

17. The Debtors have not produced information sufficient to shift the burden of proof to Mariner; indeed, the Debtors have not produced any information at all. The Objection does

not provide any data, numerical or otherwise, in support the Debtors' claim that, no amounts are owed. Nor does the Objection provide any evidence that the Derivatives Contracts that underlie the No Liability Derivatives Claims have either been terminated or matured pursuant to the terms thereof. The Objection merely describes a general process that was purportedly used to reach the Debtors' conclusion that no amounts are owed.

18.    The Debtors' repetition of conclusory statements does not transform those statements into sufficient evidence. The burden remains with the Debtors to produce "sufficient evidence" that Mariner's calculations are not valid or that the Derivatives Contracts have been terminated or matured pursuant to the terms thereof. In addition, to the extent the Debtors wish to argue that a different calculation should apply, the burden is on the Debtors to demonstrate that their calculation is valid. Because the Debtors have failed in their initial burden of persuasion and have not provided evidence sufficient to overcome the prima facie validity of Mariner's Claim, Debtor's Objection should be overruled.

19.    To the extent the Bankruptcy Court does not overrule the Objection, Mariner reserves the right to seek discovery and to request a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amount of Mariner's claim. Mariner reserves its right to file a supplemental and/or amended response to the Objection shall it deem it necessary.

[Conclusion Follows on Separate Page]

**Conclusion**

WHEREFORE, Mariner respectfully requests that the Bankruptcy Court (i) overrule the Objection as it pertains to Mariner's Claim, and (ii) grant Mariner such further relief as the Bankruptcy Court deems just or, in the alternative, (iii) schedule an evidentiary Claims Litigation Hearing and permit discovery in connection therewith.

Dated: New York, New York
September 19, 2011

**WINSTON & STRAWN LLP**

By: /s/David Neier
David Neier
Elena Snyder

200 Park Avenue
New York, New York 10166
Telephone No.: (212) 294-6700
Facsimile No.: (212) 294-4700
dneier@winston.com
elsnyder@winston.com

*Attorneys for Caspian Capital Partners, LP*