UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>LEHMAN BROTHERS HOLDINGS, INC., et. al.<br><br>Debtor | Case No. 08-13555-jmp<br>(Jointly Administered)<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH ADVERSARY CLAIM IN BANKRUPTCY COURT |

Now comes Chapter 13 Debtors, Michael A. Couch and Melissa A. Couch (collectively "Movants" or "Couches"), by and through the undersigned counsel, and hereby moves the Court for an Order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to Lehman Brother Holdings Inc. ("Lehman"). Relief is requested to allow Movants to proceed with their Chapter 13 Bankruptcy Case (Case No. 3:08-32763) and related Adversary Proceeding (AP No. 3:10-03239 – Michael and Melissa Couch v Property Asset Management Inc. et. al. ) ("Adversary") in the Southern District of Ohio, Western Division. Movants seek relief from stay in the subject case to add Lehman as a necessary party in the Adversary pursuant to Bankruptcy Rule 9019 and Fed. Rule Civ. Pro 19. Specifically, Lehman has been identified by Property Asset Management Inc.("PAMI"), a currently named creditor in Couches' bankruptcy case and a named Adversary Defendant, as the holder of the note and mortgage which is the subject of the Adversary and bases for the creditor claim. The note and mortgage are identified by PAMI as held by Lehman as a secured claim on Couches home located at 152 Weinland Drive New Carlisle, OH 45344("Property"). The other named defendants in the Adversary are Ocwen Loan Servicing and Ocwen Financial Corporation("Ocwen") which service the note and mortgage, Jacqueline Bailey, a notary for the mortgage assignments, Jeffery Kellner the Chapter 13 Trustee, and Steven Metzger the Clark County Treasurer. All of the named other Defendants were named based upon their direct involvement with the note and mortgage in the Couches bankruptcy case. Movants' Adversary asserts various claims that would offset any mortgage note claim by PAMI and now Lehman including Truth in Lending Act ("TILA") violations; lack of standing under Bk Rule 7017; 11 U.S.C. §524(i) discharge violations; Fair Debt Collection Act violations; and common law claims including fraud, breach of contract and conversion. In order for the Lehman claim and Movants' Adversary to be properly litigated, a relief from stay is

needed to consolidate the Lehman's creditor claim and Movants related and offsetting Adversary claims in the same forum and venue. Movants aver the following in support of their motion:

## JURISDICTION AND VENUE

This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and counter-claims to the Proof of Claim filed by Ocwen as servicer for PAMI, who was acting as designee for Lehman. The matters are arising out of the administration of this bankruptcy case and Movants' Bankruptcy case and rights are duly established under Title 11 of the United States Code and other applicable federal law.

This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates underlying the relief requested in this Motion are Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001.

## BACKGROUND

Lehman filed its respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on September 15 and 23, 2008 and February 9, 2009. Movants filed their Chapter 13 Bankruptcy in the Southern District of Ohio on June, 5 2008 and filed their related Adversary Complaint on June 25, 2010 with the same court.

On June 13, 2008, Ocwen filed a Proof of Claim in the amount of $91,396.36 on behalf of PAMI ("Claim").  At some later time PAMI's counsel revealed to Movants that PAMI was a designee of Lehman Brothers. At the time of filing the Proof of Claim PAMI was the alleged holder of the note and mortgage on the Property.  Couches filed an objection to the Claim on June 22, 2009 (Case Docket 30) for a number of reasons including the absence of documentation on questionable fees and lack of standing as to ownership of the note and mortgage deed. Through correspondence with attorneys for Ocwen and PAMI in July 2011, Movants' bankruptcy attorney was first informed that Lehman is now the holder of the note on the Property. (Exhibit A-Correspondence from Ocwen counsel Ben Carnahan).

Lehman is a necessary party to Movants' lawsuit because they are identified as the current assignee holder of the note secured by the subject property which is referenced as the

Lehman Scratch and Dent Interim Flow or Pool #232 and so identified to that pool and Lehman by the Affidavit of Paul Myers ("Myers")(Exhibit B- Myers Affidavit dated July 8, 2011, ¶3-5). The Ocwen-Lehman Flow Interim Service Agreement referenced by Myers establishes the transfer, reconstitution and repurchase obligation requirements of Lehman under the original securities pooling and servicing agreement for the Movants note and mortgage. (Exhibit C; - Ocwen-Lehman Flow Interim Service Agreement, November 1, 2003, Article 7, §7.01- 7.04 (Page 37-42)).  The affidavit identifying the ownership of the loan as part of Lehman is further supported by an email provided by Ocwen to Movants from Aurora's Loan's Christal Goldman dated October 10, 2008 which advises Ocwen that Lehman is the owner of a list of attached loans which list (not attached) was represented by Ocwen as including Movants loan. (Exhibit D- Email from Christal Goldman, dated October 10, 2008).  Couches objection and payment of the claim submitted by Ocwen have been pending waiting for the documentation to establish the identity of the proper claimant and Adversary defendant holding the note and mortgage.

In July 2011, during the Adversary discovery process and in response to objections by Couches' to PAMI's secured claim in their Chapter 13 case, Movants were for the first time finally advised of Lehman's asserted ownership of the secured note.(See Exhibit A and B).  Until that time Movants had no knowledge or awareness of a need to involve this Court in their Adversary or bankruptcy proceeding.  Now, however, with Carnahan's letter and the Myers affidavit and supporting documents stating that the mortgage is currently being held under Lehman Brother's Scratch and Dent Interim Flow or Pool #232 ("Pool 232"), the Movants must seek relief from this Court to successfully pursue their claims and also pay their debt obligations in their Chapter 13 case.

The Lehman's Bankruptcy proceeding not only currently stays the Movants' effective pursuit of the Adversarial Claims, but stymies Movants' ability to move forward to complete their Chapter 13.  As of the date of the filing of this motion, Movants only debt obligation to creditors remaining, other than the resolution of the Lehman's claim, amounts to less than $600. The Chapter 13 Trustee currently has on hand funds of $31,185 which is almost all related to mortgage loan payments involving the Lehman claim. In the interest of all parties in the Movants bankruptcy case and in support of Movant's  related Adversary, the Couches and Defendant Ocwen and Pami deemed it in the best interest of all parties for Movants to seek this Relief from Stay. To that end Movants' bankruptcy counsel and Ocwen/ PAMI's counsel in the Adversary

status report of August 26, 2011 that the Movants would seek a Relief from Stay in Lehman's bankruptcy case so that the Adversary case and the Lehman claim can all be decided in the U.S. Bankruptcy Court, S.D. Ohio. Accordingly, Movants are filing the motion in compliance with the status report.

## **JUSTIFICATION FOR COUCHES SEEKING RELIEF FROM STAY TO PURSUE ADVERSARY COMPLAINT IN THEIR PENDING CHAPTER 13 BANKRUPTCY**

Prior to filing this Motion, Movants repeatedly contacted counsel for PAMI and Ocwen and requested documentation of the ownership of the asserted note and secured interest on the Property, so as to determine the validity of the claims pending against Movants in their respective Chapter 13 Bankruptcy. For more than one year the Movants have pursued the Adversary. Movants have pursued the objections to PAMI's initial secured claim for two years. With Ocwen and Lehman now finally disclosing Lehman's ownership of the note and mortgage for the Property, litigation of the Adversary claims and resolution of the mortgage loan claim are best resolved by having the claims of Movants, Ocwen and Lehman considered in the same judicial forum. Movants' contend that the facts in this case support the most appropriate forum for all parties as the U.S. Bankruptcy Court for the Southern District of Ohio. In order to proceed with the Adversary and initiate any payment to Lehman (assuming Lehman amends the current PAMI claim to identify Lehman as the creditor) a granting of the motion for relief from stay is necessary.

Courts deciding whether to allow a pre-existing case or related bankruptcy case to proceed usually evaluate up to twelve factors to determine whether to grant the relief from stay. Those evaluation factors are based on the guidelines of 11 U.S.C. §362(d) Those factors are set forth in *In re Sonnax*, 907 F.2d 1280 (2nd Cir. 1990).[1] They are also referenced in Colliers on Bankrupty, 2 *Collier on Bankruptcy* ¶ 362.07(3), at 362-65 to -67 and first cited in *In re Curtis*,

---

[1] In re Sonnax, 907 F.2d 1280, 1286(2nd Cir. 1990)(The twelve factors set forth are: 1.Whether relief would result in a partial or complete resolution of the issues; 2.Lack of any connection with or intereference with the bankruptcy case; 3.Whether the other proceeding involves the debtor as a fiduciary; 4.Whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5.Whether the debtor's insurer has assumed full responsibility defending it; 6.Whether the action primarily involves third parties;7.Whether litigation in another forum would prejudice the interests of other creditors; 8.Whether the judgment claim arising from the other action is subject to equitable subordination; 9.Whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10.The interest of judicial economy and the expeditious and economical resolution of litigation; 11.Whether the parties are ready for trial in the other proceeding; and 12.The impact of the stay on the parties and the balance of harms.)

40 B.R. 795 (Bankr.D.Utah 1984). In *Sonnax* the court in reviewing those factors emphasized that it was necessary to look at the facts of each case. *Id* at 1286. The importance of any factor depends on the particular case. *Id.* The Movants address nine of these factors which support Movants' motion.

Nine of the twelve factors set forth in *Sonnax* applicable, relevant and favorable to the requested relief from stay are as follows:

1. "Whether relief would result in a partial or complete resolution of the issues." This factor favors granting of the relief from stay. Movants' pending adversary proceeding in the Southern District of Ohio cannot proceed without the stay relief. Lehman's ability to pursue and collect as a creditor in Debtors' bankruptcy case is not possible until the Debtor's claim objection and related adversary are heard. The parties disputed issues will be fully resolved if the adversary and claim objection are resolved by the same Court. Movants' adversary claims affect the value of the Lehmans' expected amended claim. Title and ownership of the Property and the secured status of the claim are a question currently raised as a claim in the Adversary. Other creditors rights in the Movant's bankruptcy case will be affected by the outcome of the adversary claims since a favorable decision for Movants may provide additional estate funds for other creditors. Relief from stay will permit Movants to resolve the adversary issues with all Adversary Defendants. The claim as to the loan against the Property identified as owned by Lehman can be perfected and paid.

2. "Lack of any connection with or interference with the bankruptcy case." This factor is normally considered from a negative perspective – i.e. the absence of a connection to bankruptcy issues would favor granting the relief from stay. However, this factor also affirmatively favors granting of the stay for the reasons set forth in the preceding paragraph.

3. "Whether the other proceeding involves the debtor as a fiduciary." This issue is potentially relevant if it is determined that Ocwen or PAMI were acting as agents for Lehman Brothers as the principal entity and Debtor. Ocwen asserts authority to enforce the note and mortgage on the Property as evident by the affidavit of Meyers (Exhibit C). Movants must bring Lehman into their bankruptcy and Adversary case to determine the

rights of Lehman and Movants regarding the validity of Movants' and Ocwen/PAMI claims on behalf of Lehman against the Property in the Movants' Chapter 13 Bankruptcy.

4. "Whether the action primarily involves third parties." This factor does not affect the present motion. While third parties are defendants in Movants' Adversary, all of the third parties are named based upon their direct involvement with the mortgage and note which Lehman asserts it owns. Further the primary claims as to the Adversary and creditor claims are all based on the mortgage and note Lehman claims to own.

5. "Whether the litigation in another forum would prejudice the interests of other creditors." Litigation of creditor claims and related Adversary claims in Movants' Chapter 13 bankruptcy case in the Southern District of Ohio will favor creditors rather than create any prejudice. The facts and rationale already set forth in Paragraphs 1 and 3 and 4 above support the Motion under this criterion. In fact other creditors may benefit from granting of the motion. A timely resolution of the Adversary may provide additional funds to other creditors in Movants' Chapter 13 case and will provide funds to the note and mortgage holder which should be Lehman. Further, Lehman already has retained counsel in the Movant bankruptcy case and Adversary which benefits Lehman instead of creating any prejudice.

6. "Whether the Movants' success in the other proceeding would result in a judicial lien avoidable by the debtor". Worded in a more positive light, this factor favors the motion. Specifically Movant's success or lack of success in the Adversary will in either case provide funds to Lehman. Provided that Lehman successfully demonstrates ownership of the note and mortgage in the Movants' Adversary and bankruptcy case, instead of avoiding a lien, Lehman will receive a payment on the pending claim by Ocwen in Movants' Chapter 13 Bankrutpcy. Lehman and Lehman's Chapter 11 creditors benefit from finalizing the claim.

7. "The interest of judicial economy and the expeditious and economical resolution of litigation." This criterion fully supports granting of Movant's motion. All claims of all parties are bankruptcy related matters that are consolidated in a bankruptcy court best suited to decide such claims. Venue is most appropriate in Movants chosen forum since Lehman through its agent Ocwen has filed the secured claim in the Movants' Chapter 13 case and the Adversary and claim objections are ready to move forward. Also in

considering this factor Movants point to the fact that their litigation is far less complex than Lehman's Chapter 11 bankruptcy proceeding and a resolution of the claims will occur much more quickly if consolidated in their pending Southern District of Ohio bankruptcy proceedings.  The attorneys representing the interest of all parties, induding Ocwen and Lehman's counsel reside in Ohio and are best prepared to timely proceed with the Adversary and creditor claims.

8. "Whether the parties are ready for trial in the other proceeding." The proceeding in Movants' bankruptcy and Adversary cases are now in Discovery and being set for Trial.  The parties have exchanged documents and interrogatories. The parties are prepared to move forward with timely litigation.  The parties are also engaged in meaningful dialogue regarding a global settlement as to the Adversary and Claim objections.  A change of venue to Lehman's bankruptcy case would delay and disrupt this discourse.  Change of counsel is anticipated if venue is changed to this Court and will needlessly delay the Adversary as well as Movants completion of their Chapter 13 bankrutpcy.

9. "The impact of the stay on the parties and the balance of harms." This factor clearly supports the granting of Movants' motion.  The Couches have sought relief regarding debt claims against their home by Ocwen and various parties previously identified as note and mortgage deed holders for almost four years.  They have consistently made their Chapter 13 payments for over 3 years and seek to complete their Chapter 13 case and obtain a bankruptcy discharge.  Lehman will benefit from the timely resolution of the litigation in the Couches selected forum since they will receive mortgage payments for the alleged secured claim whether or not the Couches prevail in the Adversary.  The Movants' motion will assist them in restoring their finances and keeping their home.  Their need to conclude their bankruptcy case in a jurisdiction where they reside involving a claim of less than $70,000 surely outweighs any harm or inconvenience to Lehman in having to appear and defend their creditor claim against the Adversary claims of the Couches.  Further, Movants expect to resolve the Adversary and any allowed Lehman claim within six months of this Court granting of Movants motion

Another criterion that supports the granting of the stay relief for under the "for cause" statutory language of 11 U.S.C. §362(d) is identified in *Collier's* as the importance to be given to whether liquidation of a claim may be more conveniently and speedily determined in another forum by granting the motion for relief from stay. *Collier* at § 362.07(3), at 362-67. As noted in sub-paragraph 9 above, resolution of the Adversary and Movant's bankruptcy case will be more conveniently and speedily determined in Movants' bankruptcy proceedings in the Southern District of Ohio. Debtor Lehman and Debtor Couches will both benefit from the Southern District as the more convenient forum for their claims.

Given the relevant factors outlined above, permitting relief from stay will allow Movants to achieve complete resolution of the pending issues in the Adversary Case and also resolve Lehman's claim in Couches' current Chapter 13 Bankruptcy. Granting relief from stay will also afford all parties the opportunity to promote judicial economy and a more economical resolution of the litigation in addition to complete resolution of all issues.

## **CONCLUSION**

Cause exists under 11 U.S.C. §§ 362(d)(1) and (d)(2) to lift the automatic stay to allow the Bankruptcy court to proceed. Movants' request that this Court enter an order modifying the automatic stay provisions of 11 U.S.C. §362 to allow them to proceed with an adversarial action in Southern District of Ohio Bankruptcy Court. Allowing Movants to proceed with the Adversary Claim will serve to enhance a primary goal of the bankruptcy process by serving as a potential basis for the repayment of creditors and by fixing and reducing claims against the estate, and thereby also conserve the Court's judicial resources.

Respectfully submitted,

*/s/* Stuart Gelberg
Stuart P. Gelberg, Esq. (Bar no. SG6986)
The Law Office of Stuart P. Gelberg, Esq.
600 Old Country Road, Suite 410
Garden City, NY 11530
Phone: (516) 228-4280 x112
Fax: (516) 228-4878
Counsel for Movants

*/s/ Charles J. Roedersheimer*
Charles J. Roedersheimer #0020273
Thompson & DeVeny Co., L.P.A.
1340 Woodman Drive
Dayton, OH 45432
Telephone: 937-252-2030
Fax: 937-252-9425
Email: Charles@thompsonanddeveny.com
Co-Counsel for Movants