# EXHIBIT 2

| | |
|---|---|
| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS**<br>**AMENDED PROOF OF CLAIM** |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et AL<br>08-13555 (JMP)    0000067654 |
|---|---|---|

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Kreissparkasse Heinsberg<br>See Annex A for further information<br><br><br>Telephone number:          Email Address: | XX Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: 60569<br>*(If known)*<br><br>Filed on: 10/30/09 |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:          Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ (See Annex B for details)    (Required)

☐   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN):   (See Annex B for details)   (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

(See Annex B for details)    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

(See Annex B for details)    (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br><br>**FILED / RECEIVED**<br><br>SEP 07 2011<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date<br>September 6 ,2011 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Robert S. Goodman, Esq., Attorney for Creditor | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                           :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    Case No. 08-13555 (JMP)
                                                :
                               Debtors.         :    Jointly Administered
---------------------------------------------------------x

### ANNEX A TO LEHMAN PROGRAMS SECURITIES AMENDED PROOF OF CLAIM OF KREISSPARKASSE HEINSBERG

Kreissparkasse Heinsberg (the "Claimant") files this amended proof of claim (the "Amended Proof of Claim") against Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") as a holder of certain Lehman Programs Securities (used herein throughout as defined in the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2012(a)(7), (f), (l), and 3003(c)(3), and Local Rule 2002-1(e) Establishing Deadline for Filing Proofs of Claims and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") [Docket No. 4271]).

**A.    Background**

1.      On September 15, 2008 (the "Petition Date"), LBHI commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On July 2, 2009, the Court entered the Bar Date Order. The Bar Date Order, among other things, established November 2, 2009, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each person or entity to file a proof of claim based on securities identified on the "Lehman Programs Securities" list available on http://www.lehman-docket.com as of July 17, 2009 (the "Lehman Programs Securities").

**B.**    <u>Nature of the Claims</u>

2.    The Claimant is a beneficial holder of Lehman Programs Securities issued or
guaranteed by LBHI. Set forth in Annex B are the Lehman Programs Securities held by the
Claimant organized by (i) the amount owed to the Claimant (but see below) in both Euros and
US Dollars (the latter calculated using a an exchange rate of $1.4151/Euro as provided by the
European Central Bank as of September 15, 2008), (ii) an indication of whether such amount
includes interest, (iii) the applicable International Securities Identification Number ("<u>ISIN</u>"),
(iv) the related Euroclear Electronic Instruction Reference Number, Clearstream Blocking
Reference Number, or other depository blocking reference number (as applicable, the
"<u>Blocking Number</u>"), and (v) the relevant depository participant account number of each LPS
Holder's respective depository accountholder.

3.    The Claimant claims all amounts owed to the Claimant by LBHI in connection
with the Lehman Programs Securities the Claimant holds, whether or not such amount is
reflected in the figures set forth in Annex B. As of the Petition Date, LBHI was and still is
indebted to the Claimant for the following amounts and for all other amounts which have
accrued since the Petition Date, including without limitation post-petition interest, fees and
costs:

(a)    principal, interest, and any unpaid fees owing under the Lehman Programs
Securities held;

(b)    fees and costs (including without limitation legal fees and expenses) incurred
in connection with recovering on such Lehman Programs Securities to the extent allowable
under the Bankruptcy Code; and

(c)    all other amounts due and payable under or arising in connection with such
Lehman Programs Securities, including, without limitation, damages for breach, damages
caused by acts or omissions by LBHI and its affiliates, and/or any guaranteed obligor and its
affiliates, post-petition interest, premiums, fees, and costs to the extent allowable under the
Bankruptcy Code.

4.    The amounts described in paragraphs 3(a), 3(b) and 3(c) are made without prejudice to any other amounts accruing after the Petition Date, or based upon facts and circumstances discovered after the Petition Date.

5.    Additionally, the Claimant asserts against LBHI unliquidated claims for damages caused by, or based upon, (a) any liability LBHI has or may have arising under or in connection with the Lehman Programs Securities held, (b) any misstatement or omission of a material fact in any securities filings and/or financial statements; (c) any wrongful act or misconduct committed by LBHI (or the guaranteed obligor) that has resulted or will result, directly or indirectly, in injury to the Claimant, including, without limitation, breach of any fiduciary or other duty that LBHI (and/or such guaranteed obligor) may now owe or have ever owed to the Claimant; and (d) fraud or misrepresentation in connection with the sale of such Lehman Programs Securities.

6.    The claims asserted herein are not subject to any setoff or counterclaim by the Debtors or the guaranteed obligor.  No judgment has been rendered on the claims asserted herein.  The Claimant holds no security interests in connection with, and has not received any security for, the claims asserted herein.

C.    **Supporting Documentation**

7.    The Bar Date Order provides that persons or entities that file claims based on any Lehman Programs Security need not attach or submit any documentation supporting any claim based on such Lehman Programs Security.  Accordingly, no supporting documentation is attached hereto.  The Claimant has authorized Mound Cotton Wollan & Greengrass to file this Amended Proof of Claim on its behalf.  The power of attorney, which is included in and based on a retainer letter has not been submitted because of confidentiality concerns but is available upon request by the Debtors or other appropriate party in interest.

3

**D.**   <u>Reservation of Rights and Amendments</u>

8.     In filing this Amended Proof of Claim, the Claimant does not submit itself to the jurisdiction of the Court for any purpose other than to assert the claims described herein. To the extent such claims may also be asserted against any other Debtor in these jointly-administered proceedings under law or equity, including but not limited to, in the event of the substantive consolidation of some or all of the Debtors, this Amended Proof of Claim also constitutes a claim by the Claimant against any and all such other Debtors. Additionally, any common law indemnity claims against all such Debtors are expressly preserved.

9.     The execution and filing of this Amended Proof of Claim is not intended to be and should not be construed as (a) a waiver or release of any rights of the Claimant against any other entity or person liable for all or part of the claims asserted herein, (b) a waiver of the right of the Claimant to withdraw the reference with respect to the subject matter of the claims asserted herein, any objection or other proceedings commenced with respect thereto or any other proceeding commenced in these cases against or otherwise involving the Claimant, (c) an election of remedy by the Claimant that waives or otherwise affects any other remedy of the Claimant, (d) a consent by the Claimant to a jury trial in the Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (e) a waiver of the right of the Claimant to a trial by jury in any proceeding so triable herein or in any case controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution, (f) a waiver of the right of the Claimant to have final orders in non-core matters entered only after de novo review by a District Court Judgment, (g) a waiver of any past, present or future event of default under any applicable credit documentation, (h) a statement of all legal theories, causes of action or facts

4

supporting the claims of the Claimant, (i) a waiver or limitation of any rights, claims or causes of action by the Claimant, (j) a waiver of any right to the subordination or recharacterization, in favor of the Claimant, of any indebtedness or liens held by any creditors of the Debtors or creditors of any of the Debtors' affiliates, or any guaranteed obligor or any affiliate of such obligor, or (k) duplicative of or replacing any other proof of claim filed either by the Claimant or by any indenture trustee or entity performing similar functions.

10.    The Claimant expressly reserves, and does not waive, any right to amounts for any claims asserted herein, and reserves all rights, including, without limitation, the rights (a) to file any separate or additional proof of claim with respect to the claims set forth herein or otherwise (which proof of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), (b) to amend, modify or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, (c) to file additional proofs of claim in respect of additional amounts or for any other reason, and (d) to file proofs of claim against third parties, including, without limitation, any affiliates of the Debtors or guaranteed obligor.

11.    In the event that any order of the Bankruptcy Court is entered which effects (a) a recharacterization or subordination of claims, (b) substantive consolidation of any or all of the Debtors with any or all of the Debtors and/or the Debtors' affiliates, or (c) any other similar remedy, the rights of the Claimant to file additional proofs of claim or amended proofs of claim against any or all of the Debtors and any or all of the Debtors' affiliates is reserved.

E.    Notice

12.    All notices in respect of this proof of claim should be forwarded to:

Arthur M. Handler
Robert S. Goodman
Mound Cotton Wollan & Greengrass
One Battery Park Plaza
New York, New York 10004
Phone: 212-804-4200
Email address: ahandler@moundcotton.com
Email address: rgoodman@moundcotton.com

Kreissparkasse Heinsberg
attn. Udo Mitsch
Hermann-Josef-Gormanns-Str. 14-16
41812 Erkelenz
Germany
Email Address:            udo.mitsch@kskhs.de
Telephone Number:         +49 2431804490

F.    **Additional Statement**

The Proof of Claim, which bears court claim no. 60569, and this Amended Proof of Claim are not duplicative of any other proof of claim filed in these proceedings in that this creditor has not filed or caused to be filed any other proof of claim in these proceedings other than Proof of Claim 60569 and this Amended Proof of Claim.

6

ANNEX B TO LEHMAN PROGRAMS SECURITIES PROOF OF CLAIM OF KREISSPARKASSE HEINSBERG

| Claim Amount in EUR | Claim Amount in USD | Interest YES/NO | ISIN | Blocking Number | Depository Participant Account Number |
|---|---|---|---|---|---|
| 25.000,00 | 35.377,50 USD | NO | DE000A0TR731 | 4081200909104403122 | 4081 |
| 20.000,00 | 28.302,00 USD | NO | DE000A0TV576 | 4081200909093122015 | 4081 |

TOTAL        63.679,50 USD

# MOUND COTTON WOLLAN & GREENGRASS

COUNSELLORS AT LAW

ONE BATTERY PARK PLAZA
NEW YORK, NY 10004-1486

NEW YORK, NY
NEWARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL

Robert S. Goodman
Partner
(212) 804-4251
rgoodman@moundcotton.com

(212) 804-4200

FAX (212) 344-8066

WWW.MOUNDCOTTON.COM

September 6, 2011

FEDERAL EXPRESS

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

        Re:    In Re Lehman Brothers Holdings Inc., et al., Debtors
              Chapter 11 Case No. 08-13555 (JMP)

Dear Sir/Madam:

        On behalf of Kreissparkasse Heinsberg, enclosed please find an amended proof of claim which amends previously filed claim number 60569.

        Very truly yours,

Robert S. Goodman

RSG:sd
Enclosure
(3324.0001)

Page 1 of 2

From: (212) 804-4200   Origin ID: SXYA   **FedEx** Express
ROBERT GOODMAN
MOUND COTTON WOLLAN GREENGRASS
ONE BATTERY PARK PLAZA
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004

Ship Date: 06SEP11
ActWgt: 0.5 LB
CAD: 9417390/INET3180

**E**

J122410420025

SHIP TO: (646) 282-2500   BILL SENDER
L.BROS. HOLDINGS CLAIMS PROCESSING
EPIQ BANKRUPTCY SOLUTIONS
757 THIRD AVENUE
3rd FLOOR
NEW YORK, NY 10017

Ref # 3324.001RSG
Invoice #
PO #
Dept #

Delivery Address Bar Code

WED - 07 SEP  A1
PRIORITY OVERNIGHT

TRK# 7951 5508 0337
0231

# EA OGSA

10047
NY-US
EWR

SEP 07 201.

50F02H430AF5F4

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.