RESPONSE DATE: 09/20/11 at 4:00 p.m.
HEARING DATE: 10/05/11 at 10:00 a.m.

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

ATTORNEYS FOR CLAIMANT
NEW YORK CITY MUNICIPAL WATER AUTHORITY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

## RESPONSE OF NEW YORK CITY MUNICIPAL WATER AUTHORITY TO DEBTORS' ONE-HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

New York City Municipal Water Authority ("NYCMWA" or "Claimant"), by and through its undersigned counsel, hereby submits this response to the Debtors' One-Hundred Eighty-Second Omnibus Objection To Claim (Valued Derivative Claim) (the "Objection") and in support thereof states as follows:

### BACKGROUND

1.  On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") commenced this bankruptcy case by filing a voluntary Chapter 11 case. Thereafter, on or about October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSF") itself commenced a voluntary Chapter 11 case. Prior to the Petition Date, LBSF and NYCMWA

were parties to (i) that certain Debt Service Reserve Fund Forward Purchase Agreement dated March 17, 1998 between Claimant and LBSF; (ii) that certain Debt Service Reserve Fund Forward Purchase Agreement dated October 27, 1999 between Claimant and LBSF; (iii) that certain Debt Service Reserve Fund Forward Purchase Agreement dated February 7, 2001 between Claimant and LBSF; (iv) that certain Debt Service Reserve Fund Forward Purchase Agreement dated July 17, 2001 between Claimant and LBSF; and (v) that certain Debt Service Reserve Fund Forward Purchase Agreement dated July 17, 2001 between Claimant and LBSF (collectively, the "**Forward Purchase Agreements**")..

2.  There is no question that NYCMWA properly and timely exercised its rights under the Forward Purchase Agreements to terminate the Transactions or to file proofs of claims in this Chapter 11 case. As indicated in the Objection, NYCMWA timely filed a proof of claim against LBSF -- claim number 42909 against LBSF asserting a claim in the amount of $16,155,224.00 (the "Claim"). This Claim arose in connection with various transactions arising under Forward Purchase Agreements. Pursuant to Section 7.03 of each Forward Purchase Agreement, the commencement of this Chapter 11 case by LBHI constituted an Event of Default. Accordingly, on **September 23, 2008**, as a result of the Event of Default, Claimant exercised its rights under Section 7.03 of each Forward Purchase Agreement and notified Debtors that Claimant was terminating the Forward Purchase Agreements. Shortly thereafter, on **September 25, 2008,** Claimant transmitted a Breakage Amount Notification Letter to LBSF stating that, pursuant to the Forward Purchase Agreements, the breakage amount owed by LBSF was $16,155,224.00 in connection with the early termination of the Forward Purchase Agreements.

3.  By its Objection, the Debtors object to a number of claims, including NYCMWA's, asserting that the claims should be reduced and allowed in amounts smaller than

2

Pg 3 of 5

that which was asserted by the creditors. NYCMWA disputes that its Claim does not reflect the fair, accurate and reasonable breakage amount for each of the terminated Forward Purchase Agreements, calculated in accordance with the Forward Purchase Agreements.

## ARGUMENT

4.      Once filed, a proof of claim establishes *prima facie* evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f). Under Rule 3001(f), the allegations of a proof of claim are taken as true and the claim enjoys *prima facie* validity. *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991); *Wilson v. Huffman (In re Missionary Baptist Found. of Am.)*, 818 F.2d 1135, 1143 (5th Cir. 1987). *See also Simmons v. Savell (In re Simmons)*, 765 F.2d 547, 551-52 (5th Cir. 1985) ("a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim") (citing to FED. R. BANKR. P. 3001(f)); *Glinka v. Dartmouth Banking Co. (In re Kelton Motors, Inc.)*, 121 B.R. 166, 190 (Bankr. D. Vt. 1990) ("there is a presumption of the validity of the proof of claim" under Rule 3001(f)); *In re Windsor Commc'ns Group, Inc.*, 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985) (holding that filing a proof of claim in accordance with the Bankruptcy Code and the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim).

5.      Once a creditor files a *prima facie* valid proof of claim, the burden of proof shifts to the debtor "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (citing *In re Holm*, 931 F.2d at 623). Specifically, the objecting party must come forward with substantial facts to overcome the proof of claim's *prima facie* validity. *Webster v. Barbara (In re Otis & Edwards, P.C.)*, 115 B.R. 900, 914 (Bankr. E.D. Mich. 1990).

3

43065-51 LM3/LM3

6.  The Debtors do not contest that NYCMWA's Proof of Claim was filed in accordance with Rule 3001. It is undisputed that prior to the commencement of the bankruptcy petition by LBSF, NYCMWA terminated the Forward Purchase Agreements and, then, timely calculated the breakage amounts owed by LBSF arising from the early termination of the Forward Purchase Agreements, and that such calculations were done in accordance with the Forward Purchase Agreements. Specifically, as indicated in the Breakage Amount Notification Letter, a copy of which was attached to the Proof of Claim, and the details of which were supplied in Claimant's Derivative Questionnaire, NYCMWA made an exhaustive effort to identify and solicit interest from potential leading dealers in connection with the replacement of the terminated Forward Purchase Agreements. NYCMWA conducted the bid solicitation process and calculated the Breakage Amount in accordance with the terms of the Forward Purchase Agreements and in a commercially reasonable manner. NYCMWA timely (and prior to commencement of LBSF's bankruptcy case) transmitted to LBSF the Breakage Amount Notification Letter, setting forth the details by which the breakage amount was calculated, the names of the dealers from whom bids were received by Claimant, and the terms of such bids by each such dealer. Other than cursory allegations, the Debtors have failed to provide any information regarding the basis on which it is seeking to reduce NYCMWA's Claim, nor have they provided any evidence to support allowance of NYCMWA's Claim in a reduced amount.

7.  NYCMWA requests that the amounts be allowed against LBHI and LBSF in the full amount asserted in its Proof of Claim (namely, $16,155,404.00).

OHS East:160929614.1
43065-51 LM3/LM3

## CONCLUSION

8.    Accordingly, and for the reasons set forth above, NYCMWA requests the Court deny the Debtors' Objection to Claim 42909 and grant such other and further relief as is just and proper.

Dated:  September 20, 2011
        New York, New York

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Lorraine S. McGowen*
    Lorraine S. McGowen, Esquire
    51 West 52nd Street
    New York, NY 10019-6142
    Telephone: (212) 506-5000
    Facsimile: (212) 506-5151

    ATTORNEYS FOR CLAIMANT
    NEW YORK CITY MUNICIPAL WATER
    FINANCE AUTHORITY