# Exhibit 1

## General Affidavit Under Oath of Jeffery K. Wardell

1. I, Jeffery K. Wardell ("Declarant"), am a resident of San Francisco, County of San Francisco, State of California, and do hereby certify, swear or affirm, and declare under penalty of perjury that I am competent to give the following declaration based on my personal knowledge and that the following facts are true and correct to the best of my knowledge:

2. I was employed as a Senior Vice President ("SVP") of Lehman Brothers Holdings Inc., in the San Francisco branch office of Lehman Brothers, from April 06, 2001 to September 17, 2008 (see employment contract attached hereto as Exhibit 1A) and enrolled in their "Employee Incentive Program" (see Exhibit 1B entitled Lehman Brothers Equity Reward Program for Senior Vice Presidents / Lehman Brothers Holdings Inc. Employee Incentive Plan . . . pursuant to the Holdings Employee Incentive Plan and the Holding 1996 Management Ownership Plan).

3. Lehman Brothers filed for Chapter 11 bankruptcy protection on Monday, September 15, 2008.

4. I handed in my resignation letter to Lehman Brothers and exited their office building with all of my personal effects on Wednesday, September 17, 2008.

5. Lehman Brothers still owes me $9,365.10 in unpaid cash wages as well as $50,638.80 in unpaid withheld compensation which was to be contributed to an employee benefits program.

6. Specifically, Lehman Brothers withheld an aggregate of $50,638.80 from my wages every month in accrual for the purpose of granting me Restricted Stock Units ("RSU's") under their "2008 Equity Award Program" (see Exhibit 1C attached hereto).

7. My "Compensation Statement" for the period of 12/2007 to 12/2008 shows that $50,638.80 was withheld from my paycheck each month, in the following amounts (see "Equity Accruals Calculated" in Exhibit 1D attached hereto):

```
08/2008: $  3,189.33
07/2008: $  7,839.60
06/2008: $  3,856.34
05/2008: $ 10,091.50
04/2008: $  8,798.19
03/2008: $  4,395.21
02/2008: $  4,352.32
01/2008: $  4,058.66 (averaged)
12/2007: $  4,058.65 (averaged)
```

8. I earned the above amounts for my services and hard work as a SVP of Lehman Brothers.

9. RSUs were never granted to me for the $50,638.80 deducted/withheld from my payroll.

10. In September 2009, I was provided with blank forms by Epiq Bankruptcy Solutions, LLC and instructed to file "Proof of Claims" against Debtors in the "In re: Lehman Brothers Holdings, Inc., et al. (Case No. 08-13555(JMP))" Chapter 11 consolidated bankruptcy proceedings.

11. I filed one Proof of Claim against LBHI on 9/13/2009 for the unpaid $9,365.10 as a Priority Claim under 11 U.S.C. 507(a)(4) ("(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual; or (B) sales commissions earned by an individual[.]") (see Exhibit 1E attached hereto) and another Proof of Claim on 9/14/2009 against LBHI for the unpaid $50,638.80 as a Priority Claim under 11 U.S.C. 507(a)(5) ("contributions to an employee benefit plan.") (see Exhibit 1F attached hereto).

12. I also hold unrelated Lehman Brothers restricted stock units (both vested and unvested), stock options, and common stock totaling 6547 shares as of 12/5/2007 (not including restricted stock units or stock options earned in fiscal year 2007), which were granted to me throughout my employment, but did not file proofs of claims for these equity amounts (see "Personal Award Summary 12/05/07" in Exhibit 1G attached hereto).

13. The $50,638.80 deducted from my income, and held in trust for RSUs that were never

granted to me, is debt that Lehman Brothers owes me since I never received any quid-pro-quo in

exchange for that amount.

WITNESS my signature this 19th day of September, 2011.

_____

Signature of Declarant Jeffery K. Wardell

# Exhibit 1A



# LEHMAN BROTHERS

*Original Employment Agreement.*

JEFFREY H. BOYLE
SENIOR VICE PRESIDENT
DIRECTOR OF HUMAN RESOURCES
PRIVATE CLIENT SERVICES

April 05, 2001

Mr. Jeffery K. Wardell
240 Scott Street
San Francisco CA, 94117

Dear Jeffery,

We are pleased to extend to you our offer of employment to join Lehman Brothers as an Investment Representative in the San Francisco branch office of Private Client Services. Your title of Senior Vice President will be submitted for official approval by the Executive Committee of our Board of Directors as part of the next quarterly approval process. We expect your employment to commence on or April 06, 2001.

1.    During the first 12 months of your employment by the Firm, you will earn total compensation in accordance with the following payout schedule: High Net Worth (Retail) business (as determined by the Firm) 40%; For all other products/businesses thereafter, you will earn total compensation in accordance with the Firm's standard payout formula. In the event you are part of a 'team' assigned to any one or more accounts, you will receive payout only on your individual share of the gross production for such accounts. The amount of any such share will be as agreed by team members and approved by the Firm in advance. Payout includes cash commissions and RSUs.

2.    Within four weeks after your start date, provided we have received your executed offer letter and promissory note, you will receive ▬▬▬▬▬ in the form of a forgivable loan which will be forgiven in 5 equal installments of ▬▬▬▬ on the first through the fifth anniversaries of the commencement of your employment. Both the amount of the forgiven principal and imputed interest as specified by applicable tax regulations for loans made at less than the market rate will be reported to you as income and will be subject to all applicable taxes. You will be required on each forgiveness date to pay Lehman an amount equal to the applicable withholding tax with respect to the installment being forgiven on that date. Should you separate from the Firm's employment for any reason prior to the forgiveness dates of this loan, you will be required to repay the then unforgiven balance of the loan in full, together with interest on such balance at the Firm's margin rate from your separation date. Neither this loan nor the amounts reported to you as income with respect to this loan will be considered part of your total compensation for purposes of the Firm's stock award program.

3.    The Firm will reimburse you for reasonable expenses associated with travel and client entertainment consistent with the Firm's standard policies.

LEHMAN BROTHERS
1 WORLD FINANCIAL CENTER 29TH FLOOR  NEW YORK  NY  10281  TELEPHONE 646-656-1189

Page 2

4.  Except as otherwise provided in this letter, the Firm will have the right, without notice, to withhold any amounts payable to you as compensation or otherwise and apply such withheld amounts to repay any recoverable deficit or satisfy any indebtedness to the Firm to the maximum extent permitted by law. If any such deficit or indebtedness exists at the time of your termination of employment from the Firm, the Firm will have the right, to the maximum extent permitted by law, to recover such amount by offset against any amount otherwise awarded, credited or owing to you, including but not limited to amounts awarded to you under the Firm's Stock Award Program. By your signature below, you hereby authorize and consent to the aforementioned deductions.

5.  Please understand that this letter is not a contract of continuing employment. Employment is for no fixed term, and either you or the Firm may decide to terminate the employment relationship at any time for any reason. In making this offer of employment, the Firm has relied on your representations (a) that you are not currently party to any agreement or dispute or litigation that might impede your ability to accept this offer or perform the duties of this position and (b) that you are not subject to any non-competition arrangement or other restrictive covenants that might affect your employment by the Firm as contemplated by this letter.

6.  Please understand that the terms and conditions of your employment by our Firm are governed by standard Firm policies. Among other things, this means that you must have and maintain in good standing all applicable licenses and registrations. This also means that this offer of employment is contingent on the successful completion of a background investigation, as well as on your satisfactorily meeting all pre-employment requirements including producing documentation to verify your identity and eligibility to work in the United States.

7.  This letter and your employment by the Firm shall be governed by the laws of the State of New York. By your signature below, you agree that any controversies arising out of or relating to this letter or your employment by the Firm, shall be submitted to and settled by arbitration pursuant to the rules of the National Association of Securities Dealers or the New York Stock Exchange.

8.  You will be eligible to participate in the Firm's employee benefits program, in accordance with the terms of the applicable plans and programs, which will be described to you. The Firm reserves the right to change its benefits program, payout formula and other standard policies from time to time.

9.  You will keep in strictest confidence the terms of this offer and will not disclose this letter or its terms to anyone other than your immediate family or professional advisors.

Page 3

Jeffery, we are enthusiastic and pleased that you are going to be a part of our organization.  If you agree with the terms outlined in this letter, please acknowledge same by signing this letter and returning it to me.  An additional copy of this letter is enclosed for your files.

Sincerely,

Jeffrey H. Boyle
Senior Vice President
Director of Human Resources
Private Client Services


Accepted and agreed to this _____ day of April 2001

by: _____
    Jeffery K. Wardell

# Exhibit 1B

# 2001 Lehman Brothers Equity Award Program for Senior Vice Presidents



*Front page of Brochue given upon employment for Restricted Stock Units*

**LEHMAN BROTHERS**

PROSPECTUS

*Given @ Employment* (handwritten)

# Lehman Brothers Holdings Inc.
## Employee Incentive Plan
### 160,183,918 Shares of Common Stock

---

# Lehman Brothers Holdings Inc.
## 1996 Management Ownership Plan
### 29,463,913 Shares of Common Stock

---

This Prospectus relates to the granting of Incentive Stock Options, Non-qualified Stock Options, Limited Rights, Stock Appreciation Rights, Restricted Stock, and other awards of Common Stock and Awards that are valued by reference to Common Stock, including but not limited to RSUs (all as hereinafter defined), relating to the Common Stock, par value $.10 per share ("Common Stock"), of Lehman Brothers Holdings Inc. ("Holdings"), pursuant to the Holdings Employee Incentive Plan (the "EIP") and the Holdings 1996 Management Ownership Plan (the "1996 Plan"), to selected officers, employees, consultants and directors of Holdings and its subsidiaries.

---

THIS DOCUMENT CONSTITUTES PART OF A PROSPECTUS COVERING SECURITIES THAT HAVE BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933.

---

March 15, 2002

# Lehman Brothers Holdings Inc. Employee Incentive Plan

*As amended through March 15, 2002*

Given to me @ employment

# Exhibit 1C



# 2008 EQUITY AWARD PROGRAM

## LIFE    LEHMAN

### YOUR BENEFITS AND LIFE BALANCE

Questions and Answers for Bonus-Eligible Employees
and Production-Based Employees

THIS DOCUMENT IS PROVIDED FOR INFORMATION PURPOSES ONLY. These Questions and Answers are intended to provide a general
overview of the 2008 Equity Award Program. All terms and conditions of the 2008 Equity Award Program are subject to the applicable
controlling plan documents, including but not limited to the Restricted Stock Unit Award Agreement, the 2005 Stock Incentive Plan, and the 2005
Stock Incentive Plan Prospectus. In the event of any conflict between the plan documents and the information in this document, the plan
documents will govern.

# LEHMAN BROTHERS

# TABLE OF CONTENTS

**OVERVIEW OF 2008 CHANGES**

Q1    How will the 2008 equity award differ from last year's award? ........................................4

Q2    When will I be granted my 2008 equity award? ................................................................5

Q3    How will 2008 equity award levels compare to last year? ................................................5

**JULY AWARD**

Q4    Who is eligible for a July equity award?............................................................................6

Q5    How was the value of my July equity award calculated?...................................................6

       Bonus-eligible Employees ...........................................................................................6

       Production-based Employees ........................................................................................6

Q6    How many July RSUs have I been granted? ......................................................................7

Q7    Why is the July equity award only 20% of last year's award?...........................................7

Q8    How were the grant date and grant price for the July award determined?...........................7

Q9    What will happen to my July award if I leave the Firm prior to November 30, 2008? .......7

**YEAR-END AWARD**

Q10    Who is eligible for a 2008 Year-end equity award? ........................................................8

Q11    How will my 2008 Year-end equity award be calculated? ...............................................8

       Bonus-eligible Employees ...........................................................................................8

       Production-based Employees ........................................................................................9

**2008 VESTING AND TERMINATION PROVISIONS**

Q12    When will my 2008 RSUs vest? ......................................................................................9

Q13    When will my 2008 RSUs convert to shares of common stock?.......................................9

Q14    What will happen to my 2008 RSUs if I resign from the Firm? ........................................9

Q15    What will happen to my 2008 RSUs if my employment is terminated?...........................10

**GENERAL INFORMATION**

Q16  Where can I find details regarding my July award and other equity awards?....................10

Q17  Do any of the changes to the 2008 program affect awards granted in prior years? ...........10

Q18  Whom do I contact if I have further questions regarding the Equity Award Program?.....10

**EXHIBITS**

Exhibit A:  2007 Equity Award Schedule..............................................................................11

Exhibit B:  2008 Equity Award Schedule for Bonus-eligible Employees ..................................12

Exhibit C:  2008 Equity Award Schedule for Production-based Employees..............................13

Exhibit D:  2008 Equity Award Calculation for Production-based Employees..........................14

Exhibit E:  Termination Provisions ....................................................................................15

Exhibit F:  Glossary of Select Terms ..................................................................................16

Q&A RSU 7.01.08

# Exhibit 1D

GetSum

## Compensation Statement

Find: GSID ▾ 10142380   Get   Get in Excel

Fiscal year:   2008   ☐ Show as of before EOM

Sales Org:
------10142380 JEFFERY WARDELL ▾

Name: 10142380 - JEFFERY WARDELL
From: 12/1/2007 To: 12/31/2008
Future payout trades

| Year Total | | 12/2008 | 11/2008 | 10/2008 | 9/2008 | 8/2008 | 7/2008 | 6/2008 | 5/2008 | 4/2008 | 3/2008 | 2/2008 | 1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1,176,987.90 | Gross Production | 333.87 | 2,585.84 | 24,695.20 | 26,282.76 | 82,761.70 | 159,477.79 | 93,659.41 | 195,196.09 | 171,581.15 | 195,507.46 | 170,485.60 | 91. |
| 403,316.44 | Net Production | 0.00 | -29.07 | 7,961.49 | 9,365.10 | 28,522.00 | 55,760.48 | 32,336.47 | 64,695.18 | 61,118.23 | 35,434.40 | 35,218.97 | 33, |
| 3,313.84 | Retro Net Production | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,313.84 | 0.00 | 0.00 | 0.00 | |
| 34.27 | Average Rate (%) | 0.00 | 1.12 | 32.24 | 35.69 | 34.46 | 35.86 | 34.53 | 34.32 | 35.66 | 33.58 | 31.88 | |
| | Prior Months Deficit/Overage | 10,201.76 | 10,230.83 | 8,765.63 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| -40,292.67 | Adj to Net Production | -1,383.00 | 0.00 | -6,496.29 | -599.47 | -1,839.91 | -4,193.37 | -2,085.02 | -4,391.24 | -4,421.41 | -2,299.26 | -2,313.38 | -4, |
| | Monthly Payout Balance | 8,818.76 | 10,201.76 | 10,230.83 | 8,765.63 | 26,682.09 | 51,567.12 | 30,251.45 | 63,617.77 | 56,696.82 | 33,135.14 | 32,905.59 | 29, |
| 0.00 | Draw Amount | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 395,535.82 | Total Sales Compensation | 8,818.76 | 10,201.76 | 10,230.83 | 8,765.63 | 26,682.09 | 51,567.12 | 30,251.45 | 63,617.77 | 56,696.82 | 33,135.14 | 32,905.59 | 29, |
| 306,880.05 | Cash Commissions | 0.00 | 0.00 | 0.00 | 0.00 | 23,492.76 | 43,727.52 | 26,395.11 | 53,526.27 | 47,898.63 | 28,739.93 | 28,553.27 | 25, |
| 50,638.80 | Equity Accrual Calculated | 0.00 | 0.00 | 0.00 | 0.00 | 3,189.33 | 7,839.60 | 3,856.34 | 10,091.50 | 8,798.19 | 4,395.21 | 4,352.32 | 3, |
| 357,518.85 | Recorded Total Sales Compensation | 0.00 | 0.00 | 0.00 | 0.00 | 26,682.09 | 51,567.12 | 30,251.45 | 63,617.77 | 56,696.82 | 33,135.14 | 32,905.59 | 29, |
| | Deficit/Overage | 8,818.76 | 10,201.76 | 10,230.83 | 8,765.63 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

Sales Compensation System - Customer Summary

## Monthly Revenue and Payout Summary





Report for - GSID: 10142380
Thru 9/11/2009

| Entry Month | Revenue | Payout | Rate (%) |
|---|---|---|---|
| 9/2009 | 0.00 | 0.00 | 0.00 |
| 8/2009 | 0.00 | 0.00 | 0.00 |
| 7/2009 | 0.00 | 0.00 | 0.00 |
| 6/2009 | 0.00 | 0.00 | 0.00 |
| 5/2009 | 0.00 | 0.00 | 0.00 |
| 4/2009 | 0.00 | 0.00 | 0.00 |
| 3/2009 | -430.73 | 0.00 | 0.00 |
| 2/2009 | 44.54 | 0.00 | 0.00 |
| 1/2009 | 386.19 | 0.00 | 0.00 |
| 12/2008 | 333.87 | 0.00 | 0.00 |
| 11/2008 | 2,585.84 | 29.07 | 1.12 |
| 10/2008 | 24,695.20 | 7,961.49 | 32.24 |
| 9/2008 | 26,242.76 | 9,365.10 | 35.69 |

# Exhibit 1E

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

UNIQUE IDENTIFICATION NUMBER: 555153290

| Name of Debtor Against Which Claim is Held LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor 08-13555 (JMP) |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for certain Lehman Programs Securities (See definition on reverse side).

## THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from above)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555153290*****
JEFFERY K., WARDELL
2255 BUSH STREET#1
SAN FRANCISCO, CA 94115

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

### NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
RESTRICTED STOCK UNIT AGREEMENT

Telephone number: 415.694.9949   Email Address: Wardell1@gmail.com

Name and address where payment should be sent (if different from above)

Telephone number: _____   Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 9365¹⁰

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: UNPAID WAGES
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

Describe: _____

Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ 9365¹⁰

7. Credits: The amount of all payments on this proof of claim.
8. Documents: Attach redacted copies of documents, invoices, itemized statements. Attach redacted copies of documents on reverse side.) If the documents are DO NOT SEND ORIGINAL DOC SCANNING.
If the documents are not available, pl

king this proof of claim.
ussory notes, purchase security agreements.
e definition of "redacted"

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et AL
08-13555 (JMP)      0000014743

TROYED AFTER

### FOR COURT USE ONLY

**FILED / RECEIVED**

SEP 17 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: 9/13/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. JEFFERY WARDELL |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Exhibit 1F

| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 1000245443 |
|---|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000024545 |

NOTE: [text obscured] ...

T!

|||||||||| (barcode)

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000245443******
WARDELL, JEFFERY K.
2235 BUSH STREET#1
SAN FRANCISCO, CA 94115

Telephone number: 415)694-994  Email Address: wardell.10@gmail.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**
___ (if known)
Filed on: ___

**Name and address where payment should be sent (if different from above)**
SAME AS ABOVE

Telephone number: ___    Email Address: ___

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.    Amount of Claim as of Date Case Filed:** $ 50,638.80
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐    Check this box if all or part of your claim is based on a Derivative Contract.*
☐    Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐    Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** MONEY DEDUCTED FROM WAGES FOR DEFERRED COMPENSATION NOT PAID, HELD IN ACCRUAL
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** ___
3a. Debtor may have scheduled account as: ___
(See instruction #3a on reverse side.)

**4.    Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other ___
Describe: ___
Value of Property: $ ___    Annual Interest Rate ___%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ ___    Basis for perfection: ___

Amount of Secured Claim: $ ___    Amount Unsecured: $ ___

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ ___**
(See instruction #6 on reverse side.)

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☒ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).    I BELIEVE THIS IS CORRECT

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ 50,638.80

**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.    Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY
**FILED / RECEIVED**
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>9/4/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>JEFFERY WARDELL |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Exhibit 1G

Lehman Website

Personal Award Summary    |Europe|UK|Asia|Canada|Japan|South America

| Equity Award Program | RSU Vesting Schedule | Option Exercise Schedule | FAQ |
|---|---|---|---|

*8008245707*

## Equity Award Summary for Mr Jeffery Wardell

### RESTRICTED STOCK UNITS ("RSUs")

| Grant Date | Description | Grant Price | Value of the Equity Award at Grant | Shares Granted | Dividend Reinvestment Earned* | Total Outstanding | Shares Vested | Shares Issued | Market Value At $59.53** |
|---|---|---|---|---|---|---|---|---|---|
| Dec 08, 2006 | Principal | $57.7700 | $53,021 | 917.79 | 5.82 | 923.61 | 0.00 | 0.00 | $54,983 |
| Dec 08, 2006 | Discount | $57.7700 | $17,674 | 305.93 | 1.94 | 307.87 | 0.00 | 0.00 | $18,328 |
| Nov 30, 2005 | Principal | $47.2500 | $52,850 | 1,118.52 | 14.85 | 1,133.37 | 1,133.37 | 0.00 | $67,470 |
| Nov 30, 2005 | Discount | $47.2500 | $17,617 | 372.84 | 4.95 | 377.79 | 0.00 | 0.00 | $22,490 |
| Dec 09, 2004 | Principal | $32.1750 | $21,369 | 664.16 | 14.13 | 678.29 | 678.29 | 0.00 | $40,379 |
| Dec 09, 2004 | Discount | $32.1750 | $7,123 | 221.38 | 4.71 | 226.09 | 0.00 | 0.00 | $13,459 |
| Dec 10, 2003 | Principal | $26.7700 | $8,535 | 318.84 | 9.39 | 328.23 | 328.23 | 0.00 | $19,540 |
| Dec 10, 2003 | Discount | $26.7700 | $2,845 | 106.28 | 3.35 | 109.63 | 0.00 | 0.00 | $6,526 |
| Dec 11, 2002 | Principal | $20.4100 | $6,539 | 320.36 | 11.88 | 332.24 | 332.24 | 0.00 | $19,778 |
| Dec 11, 2002 | Discount | $20.4100 | $2,179 | 106.78 | 3.88 | 110.66 | 110.66 | 0.00 | $6,588 |
| Dec 03, 2001 | Principal | $23.7750 | $668 | 28.08 | 1.03 | 0.00 | 0.00 | 28.92 | $0 |
| Dec 03, 2001 | Discount | $23.7750 | $223 | 9.36 | 0.35 | 0.00 | 0.00 | 9.36 | $0 |
| Sep 20, 2001 | Principal | $17.4900 | $636 | 36.36 | 1.40 | 0.00 | 0.00 | 37.46 | $0 |
| Sep 20, 2001 | Discount | $17.4900 | $212 | 12.12 | 0.44 | 0.00 | 0.00 | 12.12 | $0 |
| Total | | | $191,491 | 4,538.80 | 78.12 | | | | |

### STOCK OPTIONS

$9.2895

| Award Date | Description | Exercise Price | Black-Scholes Price | Amount of Compensation Paid in Equity | Total Granted | Total Outstanding | Exercisable | Exercised | Intrinsic Value At $59.53** |
|---|---|---|---|---|---|---|---|---|---|
| Dec 09, 2004 | Principal | $42.9000 | $11.2250 | $7,094 | 632 | 632 | 632 | 0 | $10,510 |
| Dec 09, 2004 | Discount | $42.9000 | $11.2250 | $2,380 | 212 | 212 | 0 | 0 | $3,526 |
| Dec 10, 2003 | Principal | $35.6950 | $10.4200 | $2,834 | 272 | 272 | 272 | 0 | $6,483 |
| Dec 10, 2003 | Discount | $35.6950 | $10.4200 | $938 | 90 | 90 | 0 | 0 | $2,145 |
| Dec 11, 2002 | Principal | $27.2100 | $9.1250 | $6,552 | 718 | 2 | 2 | 716 | $65 |
| Dec 11, 2002 | Discount | $27.2100 | $9.1250 | $2,172 | 238 | 238 | 238 | 0 | $7,692 |
| Dec 03, 2001 | Principal | $31.5000 | $10.5100 | $441 | 42 | 0 | 0 | 42 | $0 |
| Dec 03, 2001 | Discount | $31.7000 | $10.5100 | $126 | 12 | 12 | 12 | 0 | $334 |
| Total | | | | $22,537 | 2,216 | 1,458 | 1,156 | 758 | $30,755 |

12/5/2007