LAZER, APTHEKER, ROSELLA
& YEDID, P.C.
Attorneys for Inverell Shire Council
225 Old Country Road
Melville, New York 11747
Attn: Joseph C. Savino (JS8884)
Telephone: (631) 761-0855
Facsimile: (631) 761-0015

Hearing Date: October 5, 2011
Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                              Chapter 11

    LEHMAN BROTHERS HOLDINGS INC., et al.,    Case No.: 08-13555 (JMP)

                                          Debtors.
-----------------------------------------------------------------X

## OBJECTION OF INVERELL SHIRE COUNCIL TO DEBTOR'S ONE HUNDRED EIGHTIETH OMNIBUS OBJECTION TO CLAIMS (INVALID BLOCKING NUMBER LPS CLAIMS) AND TO DEBTOR'S NOTICE OF PROPOSED ALLOWED CLAIM AMOUNT

Unsecured Creditor, Inverell Shire Council ("Inverell"), by and through its undersigned counsel, submits the following in support of its objection to: (i) the One Hundred Eightieth Omnibus Objection to Claims (Invalid Blocking Number LPS Claims); and (ii) the Notice Of Proposed Allowed Claim Amount, of Chapter 11 Debtor, Lehman Brothers Holdings Inc. ("Debtor"):

1.    On June 12, 2007, Inverell purchased from Grange Securities Limited (now known as Lehman Brothers Australia Limited (in liquidation)) ("Lehman Australia") AUD $300,000.00 face value of the product known as Principal Protected Property Note, ISIN:

XS0305158031 ("the Security"). A copy of the Contract Note dated June 12, 2007 is annexed hereto and made a part hereof as Exhibit A.

2. From June 12, 2007 to November 21, 2008, Lehman Australia held the Security on behalf of Inverell pursuant to a safe custody agreement.

3. From November 21, 2008, the Security was held by the Australia and New Zealand Banking Group Limited ("ANZ Bank") as custodian for Inverell. The Security has been under ANZ Bank's custody from that date and ANZ Bank continues to hold this Security on Inverell's behalf. A copy of a letter confirming this position is annexed hereto and made a part hereof as Exhibit B.

4. The letter from ANZ Bank at Exhibit B further confirms that Inverell continues to hold 300,000 units in the Security and no trades have taken place since November 21, 2008.

5. On September 15, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

6. On September 18, 2009, Inverell filed a proof of claim ("Proof of Claim") in the above-referenced bankruptcy pursuant to the terms set forth in the order that established the deadline for filing proofs of claim dated July 2, 2009. A copy of Inverell's Proof of Claim as filed is annexed hereto and made a part hereof as Exhibit C.

7. In February, 2011, Inverell was advised that there was a problem with its Proof of Claim by receipt of Notice of Hearing on Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking Number LPS Claims) (the "First Notice").

8. The First Notice provided that "...the proofs of claim listed [therein] (collectively, the "No Blocking Number LPS Claims") violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. Specifically, the No Blocking Number LPS Claims are claims based on a Lehman Program Security (as defined in the Bar Date Order and further below) that do not include an electronic instruction reference number or a blocking reference number as required by the Bar Date Order."

9. According to the First Notice, the Proof of Claim filed by Inverell was valid, save for failing to include an electronic instruction reference number or a blocking reference number ("Blocking Number").

10. A response to the First Notice was filed in this Court on March 16, 2011 as docket number 15075 ("First Objection") together with an amended Proof of Claim ("Amended Proof of Claim"). A copy of the First Objection is annexed hereto and made a part hereof as Exhibit D.

11. The First Objection and Amended Proof of Claim included a reference number that Inverell had obtained from the Australian Securities Exchange ("ASX") which Inverell believed to be the Blocking Number pertaining to its claim. The reference number was Austraclear Series ID LBTG02. Austraclear Limited ("Austraclear") is the Australian clearing and settlement facility and is a division of the ASX. It was therefore believed to be the appropriate organization to provide Inverell with a Blocking Number. A copy of the

email from Charmaine Auld of the ASX is annexed hereto and made a part hereof as Exhibit E.

12. Upon receipt of the First Objection, the Debtors' attorneys advised that the First Objection did not include a recognized Blocking Number and that the Blocking Number included in the Amended Proof of Claim was invalid.

13. Upon making further inquiries with ANZ Bank, it became apparent that the reference number provided by ASX was not, in fact, a Blocking Number and that Inverell would not be able to obtain a new, valid Blocking Number as they have not been issued since October 23, 2009.

14. Despite this, on March 30, 2011, the Debtors' attorneys agreed to withdraw, without prejudice, the First Notice. A copy of the email from Erin Eckols, Weil, Gotshal & Manges LLP is annexed hereto and made a part hereof as Exhibit F.

15. On August 26, 2011, Inverell received a further notice of hearing, namely the Debtors' one hundred eightieth omnibus objection to claims (invalid blocking number LPS Claims) ("Second Notice").

16. The Second Notice again complains that the Proof of Claim does not contain a Blocking Number.

17. At the same time as receiving the Second Notice, Inverell received a Notice of Proposed Allowed Claim Amount noting that the proposed allowed claim amount for Inverell's Proof of Claim was nil ("Third Notice"). As such, by way of this objection, Inverell also responds and objects to the Third Notice.

18. The Second Notices relevantly states:

   i. at paragraph 10: "*Each Blocking Numbers issued by the applicable clearing agency relates to a specific holder of a specific Lehman Program Security in a specific amount. The issuance of a Blocking Number prevented the holder of a Lehman Program Security from trading that security through November 2, 2009 (the <u>Securities Programs Bar Date</u>") and is utilized by the Debtors to reconcile such claims*";

   ii. at paragraph 11: "*Accordingly, the Blocking Number requirement provided the only mechanism for the Debtors to confirm the ownership and amount of a particular security for purposes of the proof of claim based on a Lehman Program Security. Absent the Blocking Number requirement and temporary restriction on trading, the risk would exist that the Debtors would make distributions in excess of the outstanding amount of the Lehman Programs Securities and multiple distributions on the same obligation*";

   iii. at paragraph 15: "*In reviewing claims based on Lehman Programs Securities, the Debtors must reconcile the Blocking Number provided on the proof of claim form with the lists of issued Blocking Numbers provided to the Debtors by the various clearing agencies.*

> *Such a reconciliation confirms the ownership of a security by the claimant on the Securities Programs Bar Date";* and

> iv. at paragraph 17: *"Without confirming a valid and unique Blocking Number associated with each and every Lehman Program Security, the Debtors have no way of verifying the ownership and amount of a particular security".*

19. The letter from ANZ Bank annexed hereto as Exhibit B confirms:

    i. that from November 21, 2008, the Security was held by ANZ Bank as custodian for Inverell;

    ii. that ANZ Bank continues to hold this Security on Inverell's behalf;

    iii. the Security has not been traded since ANZ Bank became custodian; and

    iv. that the Security has been held since November 21, 2008 in the amount of 300,000 units, which Inverell continues to hold as at the date of this objection.

20. In the absence of a Blocking Number, which are no longer issued, the letter from ANZ Bank annexed hereto as Exhibit B satisfies those concerns quoted in:

    i. subparagraph 18(ii), above, that the Security was not traded during the relevant period, namely between the date that the Proof of Claim was filed and Securities Programs Bar Date and has not been traded since; and

ii. subparagraph 18(iv) above that the Debtor can now verify the ownership and amount of the Security held by Inverell.

21. On this basis:

i. the Proof of Claim should be allowed;

ii. a fresh Proposed Allowed Claim Amount should be issued allowing the Proof of Claim as though a Blocking Number had been provided; and

iii. the Second Notice should be withdrawn and Inverell should be removed from Exhibit A to the Second Notice.

WHEREFORE, for the foregoing reasons, Inverell Shire Council respectfully requests that the Court deny the Debtor's Objection to Claim as to its Proof of Claim on the grounds that ownership of the Security can be proven by means other than a Blocking Number.

Dated: Melville, New York
September 20, 2011

LAZER, APTHEKER, ROSELLA
& YEDID, P.C.

By: /s/ Joseph C. Savino
JOSEPH C. SAVINO (JS 8884)
Attorneys for Inverell Shire Council
225 Old Country Road
Melville, New York 11747
(631) 761-0855