B 210A (Form 210A) (12/09)

# United States Bankruptcy Court
# Southern District of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>, Debtors.        Case No. <u>08-13555 (JMP)</u>
                                                                    (Jointly Administered)

To the Debtors and the Bankruptcy Court:

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee and Transferor hereby give evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice. Transferor waives its right to raise any objection to the transfer of the claim to Transferee, and Transferor waives its right to receive notice pursuant to Rule 3001 (e), Fed. R. Bankr. P. of the transfer of the claim. Transferor consents to the substitution of Transferor by Transferee for all purposes in the above referenced bankruptcy cases with respect to the claim, including without limitation, for voting and distribution purposes. Transferor stipulates that an order of the Bankruptcy Court may be entered without further notice to Transferor transferring the claim to Transferee and recognizing Transferee as the sole owner and holder of the claim. Transferor hereby directs that all payments, distributions, notices and communications in respect of or with respect to the claim be made to Transferee.

| <u>Gentrification Ventures, L.L.C.</u> | <u>Goldman Sachs Lending Partners LLC</u> |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Gentrification Ventures, LLC
Mandel Katz & Brosnan LLP
Attn: Kara Scheinmann Katz
The Law Building
210 Route 303
Valley Cottage, NY 10989

Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

Court Claim # (if known): 26251
Amount of Claim:<u>$4,300,000</u>
Date Claim Filed: <u>September 21, 2009</u>
Debtor: Lehman Brothers Holdings Inc.
Phone: _____
Last Four Digits of Acct. #: _____

**PLEASE SEE ATTACHED DOCUMENTS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____/s/ Kara K_____        Date: __9/20/11__
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**EXHIBIT A**

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **ORIGINAL** | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000026251 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Nektar Asset Management AB for the Nektar Fund
Norrmalmstorg 14
PO Box 7030
SE – 103 86 Stockholm
Sweden
Attention: Managing Director

Telephone number: +46 8 407 13 00   Email Address: nektar@brummer.se

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

**Name and address where payment should be sent (if different from above)**

Telephone number:   Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** __See attached schedule.__
   If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☒ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☒ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attached schedule.
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** __N/A__
   3a. Debtor may have scheduled account as: __N/A__
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim.
   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries, or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. §507(a)(__).

   Amount entitled to priority:
   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
   **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
   If the documents are not available, please explain: See Derivative and Guarantee Questionnaires.

| Date:<br>Sept. 14, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>[signature] | FILED / RECEIVED<br>SEP 21 2009<br>FOR COURT USE ONLY<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Karim Kachal

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC. | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtor | ) | |
| | ) | |

### SCHEDULE TO PROOF OF CLAIM OF
### NEKTAR ASSET MANAGEMENT AB FOR THE NEKTAR FUND

1. This Schedule to the proof of claim of Nektar Asset Management AB for the Nektar Fund ("Nektar") shall be deemed a part of, and incorporated by reference in, the attached proof of claim (together with this Schedule, the "Proof of Claim") filed by Nektar. The Proof of Claim arises out of that certain guarantee issued by Lehman Brothers Holdings Inc. ("LBHI") dated July 23, 2001 and October 9, 2001 (the "Guarantee") relating to that certain ISDA Master Agreement (as amended, supplemented or otherwise modified from time to time, and including all annexes, schedules, exhibits, confirmations and any related agreements and other documents, collectively, the "Master Agreement"), dated as of June 26, 2001, between Nektar and Lehman Brothers Special Financing Inc. ("LBSF," and together with Nektar, the "Parties").[1]

### I. BASIS OF CLAIM

2. Under the terms of the Master Agreement, Nektar entered into various derivative transactions with LBSF, including swap transactions which were documented and

---

[1] As required by that Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") entered on July 2, 2009 [Docket No. 4271], copies of the relevant supporting documentation for this Proof of Claim will be uploaded as part of the Guarantee Questionnaire relating to this Proof of Claim.

confirmed by the Parties through written confirmations. In order to mitigate credit risk under these transactions, the Parties entered into a Credit Support Annex which set forth the terms under which collateral would be posted in connection with the open derivative transactions under the Master Agreement. In addition, in connection with the Master Agreement, LBHI issued the Guarantee in favor of Nektar unconditionally guaranteeing the full payment of all amounts payable by LBSF in connection with each transaction between the Parties under the Master Agreement.

3. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), thereby triggering an event of default under Section 5(a)(vii) of the Master Agreement (an "Event of Default") and entitling Nektar to terminate all outstanding transactions between the Parties under the Master Agreement. Pursuant to the terms of the Master Agreement, Nektar sent notice to LBSF specifying the events of default and designating September 15, 2008 as the Early Termination Date[2], the date as of which all outstanding Transactions between the Parties were terminated (the "Notice of Event of Default"). The Notice of Event of Default was hand delivered to LBSF on September 15, 2008 to the address for notices as specified in the Master Agreement, and Nektar obtained a signed acknowledgement from a representative of LBSF confirming receipt on such date.

4. On October 3, 2008, LBSF filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Master Agreement.

2

## II. AMOUNT AND NATURE OF CLAIM

5. Nektar subsequently calculated its settlement amount resulting from the Event of Default and the early termination of the outstanding transactions in accordance with the methodologies set forth in the Master Agreement, and on September 22, 2008 sent notice to LBSF of such calculations and demanded payment of such damages (the "Settlement Notice").

6. As set forth in the Settlement Notice, Nektar asserts that LBSF owes Nektar in the amount of $5,306,273.00 (the "Settlement Claim"), which is comprised of:

| | |
|---|---|
| Posted Collateral of Nektar held by LBSF: | $6,805,862.00 |
| Minus Payment on early termination owed by Nektar to LBSF pursuant to Section 6(e) of the Master Agreement (prior to exercise of right of setoff): | $1,499,589.00. |

7. The Master Agreement further provides that Nektar is entitled to receive interest compounded daily at the Default Rate on its Settlement Claim. As of September 17, 2009, Nektar's Settlement Claim has accrued $40,575 in interest at the Default Rate (the "Accrued Interest"). Nektar is contractually entitled to payment of its Settlement Claim and Accrued Interest, together with all additional interest accrued and continuing to accrue at the Default Rate.

8. Pursuant to the terms of the Guarantee, LBHI irrevocably and unconditionally guaranteed to Nektar the due and punctual payment of all amounts payable by LBSF in accordance with the terms of the Master Agreement. Therefore, this Proof of Claim against LBHI is for all amounts and obligations owed by LBSF under the Master Agreement, including, but not limited to, the Settlement Claim, Accrued Interest and Fees and Expenses (as defined below).

9. Additionally, under the Master Agreement, Nektar is entitled to reasonable out-of-pocket expenses, including legal and other professional fees and expenses resulting from the early termination of any Transaction. As a direct result of and in connection with the Event of Default and the termination of the outstanding Transactions with LBSF, Nektar engaged legal counsel to provide advice and assistance with respect to its rights under the Master Agreement, the Guarantee and in connection with this chapter 11 bankruptcy case. As of September 15, 2009, Nektar has incurred not less than $43,911.04 in reasonable legal and related fees and expenses related to the enforcement and protection of its rights under the Master Agreement and the Guarantee (collectively, "Fees and Expenses"). Nektar is also contractually entitled to payment of current, as well as future, fees and expenses. Nektar anticipates that it will likely incur additional legal fees and will amend this Proof of Claim as necessary.

10. Subject to the reservation of rights outlined below, Nektar hereby asserts, pursuant to the Guarantee, an unsecured liquidated claim of not less than approximately $5,390,759.04, representing the aggregate amount of the Settlement Claim, Accrued Interest, and Fees and Expenses, plus contingent and/or unliquidated claims, including, but not limited to, all reasonable costs, fees and expenses (including legal and other professional expenses), not presently ascertainable in connection with and provided for under the Master Agreement.

11. To the extent necessary, this Proof of Claim shall serve as notice and a demand of the amounts owing by LBHI to Nektar under the Guarantee, and no further notice or demand shall be required. In addition, to the extent that there are any amounts owing from LBSF to Nektar which are determined to not be guaranteed by LBHI under the Guarantee, including any and all claims arising under the Master Agreement or any Transactions thereunder, Nektar hereby asserts a claim against LBHI for such amounts under that certain guarantee by

LBHI pursuant to the unanimous consent of the executive committee of the board of directors through that certain board resolution dated June 9, 2005.

12. Without limiting any of the foregoing, Nektar reserves all of its rights to assert claims for interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent and/or as may be permitted, provided and/or contemplated in the supporting documentation and under applicable law.

### III. COURT JUDGMENT, SECURED CLAIM AND CREDITS

13. As of the date hereof, no judgment has been rendered on the claims asserted herein.

14. Nektar hereby asserts any and all rights of setoff, recoupment and/or netting it may have in respect of the claims asserted herein, including, without limitation, the right to setoff, recoup and/or net its claims against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against it. The claims asserted herein are filed as secured claims to the extent of the value of the rights of setoff securing the claims and as general unsecured claims to the extent that the amount of the claims exceeds the value of such setoff rights.

15. The amount of all payments on the claims asserted herein has been credited and deducted for purposes of making this Proof of Claim.

IV. **RESERVATION OF RIGHTS**

16. In filing this Proof of Claim, Nektar expressly reserves all of its rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor. The description of the claims and the classification thereof herein by Nektar is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of Nektar. Furthermore, Nektar expressly reserves all rights to amend, clarify, modify and/or supplement the Proof of Claim at any time and for any reason, in any respect, including, without limitation to: (a) correct, increase or amend the amounts referred to herein; (b) add or amend documents and other information, or to describe further, the claims asserted herein; (c) file proofs of claim that may be duplicative in respect of the relevant and applicable documents or any other indebtedness, obligations or liability of any of the Debtors to Nektar; (d) add or include any other Debtor or any other entity, including but not limited to any entity which may become a debtor or debtor in possession in the Debtor's jointly administered chapter 11 case(s) and add or amend categories of payments or liabilities; (e) assert a further priority, security interest or similar right with respect to the claims asserted herein; (f) file an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein; (g) file additional proofs of claim for additional claims, including, without limitation, claims for interest, fees and related expenses that are not ascertainable at this time, or to file a request for payment of administrative expenses in accordance with 11 U.S.C. §§ 503 and 507, including, without limitation, for expenses included in this claim; or (h) file additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligations whatsoever of the Debtor to Nektar.

6

17.  In executing and filing this Proof of Claim, Nektar does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim against the Debtor and does not waive or release: (a) its rights, claims, defenses and remedies, whether under applicable law, the relevant and applicable documents, or otherwise, against the Debtor or any other person or entity that may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor, or otherwise, including any rights that Nektar may have with respect to any property held by any Debtor or other entity in an actual, constructive, or other trust or similar relationship for the benefit of Nektar; (b) any obligation owed to it, or any right to any security in connection with the claims; (c) any past, present or future defaults (or events of default) by the Debtor or others in connection with the relevant and applicable documents or otherwise; or (d) any right to the subordination, in favor of Nektar, of indebtedness or liens held by other creditors of the Debtors.

18.  Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be: (a) a consent to a jury trial in the Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto pursuant to 28 U.S.C. § 157(e) or otherwise; (b) an election of remedies or limitation of rights or remedies; or (c) an admission that any property received by Nektar under the relevant and applicable documents or held by the Debtor or other entity constitutes property of any Debtor's estate.

19.  Nothing contained in the Proof of Claim nor subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (a) the right of Nektar to have final orders in non-core matters entered only after de novo review by a district court judge; (b) the right of Nektar to a jury trial in any proceeding so triable herein or, in any case, any

controversy or proceeding related hereto, notwithstanding any designation of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution; (c) the right of Nektar to seek to have the reference withdrawn in any matter subject to mandatory or discretionary withdrawal, or otherwise to challenge the jurisdiction of the Bankruptcy Court, with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving Nektar, or to assert that the reference has already been withdrawn with respect to the subject matter of this Proof of Claim, any objection hereto, or any other proceeding commenced in this case against or otherwise involving Nektar; (d) the right of Nektar to have any unliquidated portions of its Proof of Claim determined by applicable state courts; or (e) any ownership, lien, or other property rights, any rights to setoff, recoupment, or counterclaim, or any other right, rights of action, causes of action, claims, or defenses, whether existing now or hereinafter arising to which Nektar is or may be entitled under agreements, documents, or instruments, in law or equity, against the Debtor or any other person or persons (including any affiliate of the Debtor).

   20. Nothing herein shall be deemed to waive, estop or derogate from any rights of Nektar, including, without limitation, Nektar's rights under the relevant and applicable documents, or otherwise.  The Proof of Claim also is without prejudice to any and all of Nektar's rights, claims and defenses in conjunction with the relevant and applicable documents, the Bankruptcy Code, and otherwise, including, but not limited to the right to vote on any plan(s) in the Debtor's chapter 11 case(s).

   21. The descriptions in the Proof of Claim of the relevant and applicable documents are qualified in their entirety by reference to the applicable provisions of such

documents, and such documents are incorporated herein by reference. Each reference to any Debtor as obligor, guarantor, or pledgor, or any other signatory or party to the relevant and applicable documents or any other document is qualified in its entirety by reference to the applicable provisions of such documents. In the event of any inconsistency between the Proof of Claim and such documents, the documents shall control.

22.    Nektar expressly reserves all procedural and substantive rights, claims and defenses with respect to any claim that has been or may be asserted against Nektar by the Debtor, any trustee for its estate, any other party in interest in the chapter 11 case(s), or any other person or entity whatsoever.

V.    **NAME AND ADDRESS OF WHERE NOTICES SHOULD BE SENT**

23.    All communications in connection with this Proof of Claim should be sent to:

Nektar Asset Management AB for the Nektar Fund
Norrmalmstorg 14
PO Box 7030
SE – 103 86 Stockholm
Sweden
Attention: Managing Director

Facsimile: (46) 8 407 1350
Email: nektar@brummer.se

with copies to:

Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Attn:   Lee S. Attanasio
        Alex R. Rovira

Facsimile: (212) 839-5599
Email: lattanasio@sidley.com
       arovira@sidley.com

# **EXHIBIT B**

Evidence of Transfer from Transferor to Transferee

**EVIDENCE OF TRANSFER OF CLAIM**

TO: THE DEBTOR AND THE BANKRUPTCY COURT

  For value received, the adequacy and sufficiency of which are hereby acknowledged, GOLDMAN SACHS LENDING PARTNERS LLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to GENTRIFICATION VENTURES, L.L.C. ("Purchaser") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Lehman Brothers Holdings Inc. ("LBHI") (the "Debtor"), the debtor in Case No. 08-13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the relevant portion of any and all proofs of claim (No. 26251) filed by Seller or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim.

  Seller hereby waives any objection to the transfer of the claim to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing claim, recognizing Purchaser as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Purchaser.

  IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 20 day of September 2011.

GOLDMAN SACHS LENDING PARTNERS LLC

By: _____
Name: Faina Preshteyn
Title: Authorized Signatory

GENTRIFICATION VENTURES, L.L.C.

By: _____
Name:
Title:

678444v.7 153/06124        17

**EVIDENCE OF TRANSFER OF CLAIM**

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, GOLDMAN SACHS LENDING PARTNERS LLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to GENTRIFICATION VENTURES, L.L.C. ("Purchaser") 100% of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) against Lehman Brothers Holdings Inc. ("LBHI") (the "Debtor"), the debtor in Case No. 08-13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and the relevant portion of any and all proofs of claim (No. 26251) filed by Seller or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim.

Seller hereby waives any objection to the transfer of the claim to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing claim, recognizing Purchaser as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 20 day of September 2011.

GOLDMAN SACHS LENDING PARTNERS LLC

By: _____
    Name:
    Title:

GENTRIFICATION VENTURES, L.L.C.

By: _Kara J. K___
    Name:  Kara Katz
    Title:  Authorized Signatory

678444v.7 153/06124                    17