HEARING DATE: OCTOBER 5, 2011 AT 10:00 A.M. (ET)
RESPONSE DEADLINE: SEPTEMBER 20, 2011 AT 4:00 P.M. (ET)

Jocelyn Keynes, Esq.
**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone: (212) 765-9100
Facsimile: (212) 765-0964

*Counsel for Williams Gas Marketing, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
IN RE:                                                        :
                                                              :     **Chapter 11**
**LEHMAN BROTHERS HOLDINGS, INC.,**                           :
*et al.*,                                                     :
                                                              :     **Case No. 08-13555 (JMP):**
                                                              :     **(Jointly Administered)**
           **Debtors.**                                       :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### RESPONSE AND OBJECTION OF WILLIAMS GAS MARKETING, INC. TO DEBTORS' ONE HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Williams Gas Marketing, Inc.[1] ("Williams"), by and through its undersigned counsel, hereby files its response and objection to *Debtor's One Hundred Seventy-Ninth Omnibus Objection to Claims (No Liability Derivatives Claims)* filed herein on August 19, 2011 (the "Claim Objection")[2] as follows:

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1. On or around September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. and certain of its affiliated debtors (collectively, "Debtors") began filing their bankruptcy cases with this Court. The cases are consolidated and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

---
[1] Williams Gas Marketing, Inc. was formerly known as Williams Power Company, Inc.
[2] Capitalized terms not otherwise defined shall have the meanings set forth in the Claim Objection.

{00155607.1 / JK100}

2. Prior to Debtors' bankruptcy filings, on or about September 19, 2007, Williams and Debtors entered into an Assignment of Alliance Capacity (the "Agreement"). Pursuant to the Agreement, Debtors accepted temporary assignment of Alliance Pipeline's capacity from Williams. Debtors were responsible for paying for the capacity purchased and released by Williams.

3. Debtors owe Williams $391,878.47 for capacity released pursuant to the Agreement.[3]

4. Williams timely filed a claim for this amount. See Claim No. 33554 (the "Williams Capacity Claim").

5. Debtors have asserted in the Claim Objection that Williams Capacity Claim is a "No Liabilities Derivatives Claim." Williams disputes that the Williams Capacity Claim should be disallowed as a derivatives claim as the Claim is not related to a derivatives contract, it is for transportation charges on a pipeline.

6. Williams does have a derivatives claim against Debtors relating to a 2002 ISDA Master Agreement (and related agreements) entered into between Williams and Debtors prior to the Petition Date. Williams has previously presented information to support that claim to Debtors. The Williams Derivatives claim is a post-petition administrative expense claim and Williams intends to file a request for allowance of such claim. Williams is still gathering information regarding the derivatives claim and will submit it to Debtors as quickly as possible.

---

[3] Williams is still researching this claim and reserves the right to assert part of the claim as a post-petition administrative expense.

**RELIEF REQUESTED**

7. In light of the above, Williams asks the Court to deny Debtors' request to disallow and expunge the Williams Capacity Claim.

**WHEREFORE**, for the reasons set forth herein, the Court should (1) deny the Claim Objection; (2) find that the Williams Capacity Claim should be allowed in the total amount of $391,878.47 (or such other amount is determined to relate to pre-petition time frames); and (3) grant Williams any such other and further relief as is just and proper.

Dated: New York, New York
September 20, 2011

>Respectfully submitted,
>HALPERIN BATTAGLIA RAICHT, LLP
>
>By: ___/s/ Jocelyn Keynes_____
>Jocelyn Keynes
>555 Madison Avenue, 9th Floor
>New York, New York 10022
>Phone:   (212) 765-9100
>Fax:     (212) 765-0964
>Email:   jkeynes@halperinlaw.net
>*Local counsel to Williams Gas Marketing, Inc.*
>
>-and-
>
>Steven W. Soulé, OBA No. 13781
>Bonnie N. Hackler, OBA No. 18392
>**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
>320 South Boston Avenue, Suite 200
>Tulsa, Oklahoma 74103-3706
>Telephone: (918) 594-0400
>Facsimile: (918) 594-0505
>Email:   ssoule@hallestill.com
>         bhackler@hallestill.com
>*Lead counsel to Williams Gas Marketing, Inc.*