REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
Andrea J. Pincus, Esq.

*Counsel to Boultbee(Helsinki) AB*

**Objection Due: September 23, 2011 at 4:00 p.m.
(Eastern)
Hearing: October 5, 2011 at 10:00 a.m. (Eastern)**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | **Case Nos. 08-13555 (JMP)** |
| | : | **08-13888** |
| | : | **(Jointly Administered)** |
| Debtors. | : | |
| | : | Refers to Dkt. No. 19378 |
| | : | |

## RESPONSE OF BOULTBEE (HELSINKI) AB IN OPPOSITION TO THE DEBTORS' ONE HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)

Boultbee (Helsinki) AB ("Helsinki"), hereby offers its response (the "Response") in opposition to the *Debtors' One Hundred Seventy-Ninth Omnibus Objection to Claims (No Liability Derivatives Claims)* (the "Objection") filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced cases (collectively, the "Debtors") at Docket No. 19378. Because the Debtors provide no basis upon which the Court can disallow the valid and substantiated claims of Helsinki, the Objection must be denied with prejudice. In support of its Response, Helsinki states as follows:

#107290523

## FACTUAL BACKGROUND

1.    On July 15, 2008, Boultbee (Västerås) AB ("Västerås") and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (as amended, modified, or supplemented from time to time thereafter, together with all schedules, exhibits, and annexes, thereto, the "Master Agreement").[1] The Master Agreement was entered into in connection with a certain amended and restated financing agreement for the development of certain property in Sweden.

2.    As additional security, Västerås and Lehman Brothers Holdings, Inc. ("LBHI") entered into a guarantee agreement dated July 14, 2008 (the "Guarantee") under which LBHI unconditionally and irrevocably guaranteed to Västerås the obligations of LBSF under the Master Agreement.

3.    Commencing on September 15, 2008 and continuing periodically thereafter, the Debtors (including LBHI and certain of its subsidiaries, including LBSF), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.    On December 9, 2008, Västerås exercised its rights under Section 6(a) of the Master Agreement and issued a notice to LBSF and LBHI designating December 11, 2008 as the Early Termination Date with respect to the Master Agreement and all outstanding Transactions thereunder.

5.    In accordance with Section 6 of the Master Agreement (as modified by Part 4.14 of the Schedule), Västerås determined the Settlement Amount in respect of the

---

[1]    All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Master Agreement.

#107290523

Terminated Transactions in the Termination Currency (Swedish Krona) and conducted the requisite calculations.    Pursuant to Section 6(d)(i) of the Master Agreement, Västerås sent a statement to LBSF and LBHI on December 15, 2008 setting forth its calculations of the Early Termination Amount.

6.    The total amount payable to Västerås by LBSF is SEK 97,036,951.  This amount was converted to U.S. dollars in the following manner:  (i) $14,255,465.11 (USD) due from LBHI as of its September 15, 2008 Petition Date, and (ii) $13,509,815.39 (USD) due from LBSF as of its October 3, 2008 Petition Date.

7.    On July 2, 2009, this Court entered the *Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order") which established certain procedures for filing proofs of claim in the Debtors' chapter 11 cases.  See Docket No. 4271.  The Bar Date Order provided that holders of claims based on Derivative Contracts (as defined in the Bar Date Order) provide certain supporting documentation, including an electronic Derivative Questionnaire (as defined in the Bar Date Order).

8.    On September 22, 2009, and pursuant to the Bar Date Order,  Västerås timely filed two claims (together, the "Boultbee Claims") against the Debtors:

(a)    a proof of claim against LBHI in the amount of $14,255,465.11, and labeled by the Debtors as Claim No. 28487 (the "LBHI Claim") based upon, *inter alia*, LBHI's role as Credit Support Provider under the Agreement and pursuant to the Guarantee; and

- 3 -

> (b)      a proof of claim against LBSF in the amount of $13,509,815.39, and labeled by the Debtors as Claim No. 28488 (the "LBSF Claim").

9.      The Boultbee Claims were accompanied by an addendum asserting certain additional amounts that may be due and owing from the Debtors.

10.      In October 2009, and pursuant to the terms of the Bar Date Order, Västerås timely submitted a completed Derivative Questionnaire and a completed Guarantee Questionnaire to the Debtors.  Västerås also provided the supporting documents related to the Boultbee Claims, including but not limited to, the Master Agreement, the Guarantee, the Early Termination notices, and other documents and communications required by the Bar Date Order which substantiate, *inter alia*, the Debtors' liability to Västerås and the amounts due under the Boultbee Claims.

11.      On or about October 13, 2009, Västerås assigned all of its rights, title, and interest in the Boultbee Claims to Helsinki.  A notice of the claim transfer was duly filed with the Bankruptcy Court on October 15, 2009 at Docket No. 5509 (the "First Claim Transfer").  No objection was filed with respect to the First Claim Transfer.

12.      On or about October 13, 2009, Helsinki assigned all of its rights, title, and interest in the Boultbee Claims to Goldman Sachs Lending Partners LLC ("GSLP").  A notice of the claim transfer was duly filed with the Bankruptcy Court on October 20, 2009 at Docket No. 5573 (the "Second Claim Transfer").  No objection was filed with respect to the Second Claim Transfer.

13.      On or about May 19, 2010, LBSF made a demand upon Västerås for certain amounts they alleged to be due to LBSF in connection with the Master Agreement.

- 4 -

Västerås responded on June 16, 2010 and denied that any amounts were payable to the Debtors under the Master Agreement.

14.    On August 19, 2011, the Debtors filed the Objection, seeking to expunge the Boultbee Claims on the basis that they "provide no basis of liability as to the Debtors" and "the Debtors do not owe any amounts to the claimants[.]"  Objection at ¶ 2.

15.    The Debtors suggest that in most instances, they will commence alternative dispute resolution procedures with respect to the claims identified in the Objection, pursuant to either the *Affirmative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*, dated September 17, 2009 (Docket No. 5207), or the *Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors*, dated April 19, 2010 (Docket No. 8474).

16.    On or about August 25, 2011, GSLP assigned all of its rights, title, and interest in the Boultbee Claims back to Helsinki.  A notice of the claim transfer was duly filed with the Bankruptcy Court on August 31, 2011 at Docket No. 19618 (the "Third Claim Transfer").  No objection was filed with respect to the Third Claim Transfer.  Based on the foregoing, Helsinki is currently the holder of record for the Boultbee Claims.

17.    Pursuant to the e-mail consent from Debtors' counsel dated September 13, 2011, Helsinki was granted an extension, through September 23, 2011, to file its Response to the Objection.  Although the Objection was filed in only the LBHI case (because the Debtors' cases are being consolidated for procedural purposes), this Response references both the LBHI

#107290523

and LBSF case numbers out of an abundance of caution due to the fact that the Boultbee Claims were filed against two separate bankruptcy estates.

## **RESPONSE IN OPPOSITION TO THE OBJECTION**

18.     The Objection should be denied with respect to the Boultbee Claims because Helsinki established a *prima facie* claim for payment (complete with copies of all applicable transaction documents, financial calculations and related documents required under the Bar Date Order), and the Debtors have produced no contrary evidence to refute the validity of the claims.  Because the Debtors failed to sustain their evidentiary burden, it is difficult for Helsinki to determine the basis for the Objection and respond appropriately.  Consequently, Helsinki offers this as its preliminary Response to the Objection and reserves the right to supplement and amend this Response in the event the Debtors substantiate the basis for their Objection.  The failure to identify any rights, claims, interests, or defenses of Helsinki in connection with the Objection should not be deemed as a waiver or release in any way, and all such rights, claims, interests, and defenses are hereby reserved.

19.     Based upon communications with the Debtors' counsel, Helsinki understands that Debtors intend to adjourn the hearing on the Objection for further proceedings (at least with respect to the Boultbee Claims) upon the filing of this Response.  Accordingly, it is understood that the Debtors consent to Helsinki filing this preliminary Response at this stage and reserving all rights, claims, and defenses it may have, with the knowledge that if the parties conclude that this matter will head to litigation, Helsinki will be entitled to supplement this Response, take discovery, pursue an evidentiary hearing, and undertake such other action as it deems necessary and appropriate to contest the Objection.

#107290523

## LAW AND ARGUMENT

20.    The Boultbee Claims were filed in compliance with Fed.R.Bankr.P. 3001(f), which provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f); see also Carey v. Ernst, 333 B.R. 666, 672 (S.D.N.Y. 2005); In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr.S.D.N.Y. 2009).

21.    To overcome the presumption of validity, the party opposing a claim must present evidence equal in force to the *prima facie* case.    See Sherman v. Novack (In re Reilly), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000) ("the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.") (citation omitted); Carey, 333 B.R. at 672; In re King, 305 B.R. 152, 162 (Bankr. S.D.N.Y. 2004) ("It is well settled that the party objecting to a proof of claim has the burden of coming forward with *sufficient evidence* rebutting the validity of a properly filed proof of claim."); Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), 1999 WL 178788 at * 3 (S.D.N.Y. March 31, 1999) ("[o]nce the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim.").  The evidence presented must be of substance, as "the mere denial of the validity or amount is not sufficient." In re Glenn, 100 B.R. 763, 766 (Bankr. W.D. Pa. 1989); see also Townview Nursing Home v. New York (In re Townview Nursing Home), 28 B.R. 431, 443 (Bankr.S.D.N.Y. 1983); Juniper Dev. Group v. Kahn (In re Hemingway Transp., Inc.), 993 F.3d 915, 925 (1st Cir. 1993).  Only after the objecting party has succeeded in producing such evidence does the burden revert back to the claimant to prove the validity of the claim by a preponderance of the evidence. In re Reilly, 245 B.R. at 773; In re Martinez, 409 B.R. 35, 38 (Bankr.S.D.N.Y. 2009); see also In re Lanza, 51 B.R. 125, 127

#107290523

(Bankr.D.N.J. 1985) ("the burden of going forward with the proof is on the objecting [party], not the claimant.").

22.     The Objection should be denied because the Debtors summarily request the disallowance of the Boultbee Claims without providing any evidence to refute the extensive documentation supplied to support the Boultbee Claims.  The Debtors claim that "based on the fair, accurate and reasonable values of the subject Derivative Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants" but they fail to produce any supporting documentation to substantiate their broad conclusions.  See Objection at ¶ 11.  The Objection contains no analysis, calculations, or other financial data that would be expected to refute the numbers or other information supplied in connection with the Boultbee Claims.

23.     The lack of specificity in the Objection, combined with the complexity of the financing as well as the related hedges (i.e. the ISDA transactions), makes it extremely difficult for Helsinki to provide a comprehensive response to this Court.   For this reason, Helsinki offers this general response in opposition to the Objection.  Helsinki expressly reserves the right to file supplemental and/or amended responses to the Objection as may be appropriate once the Debtors clarify the nature of the current dispute.

24.     Helsinki has established its right to have the Boultbee Claims allowed against the Debtors pursuant to their terms.   By providing substantial information to the Debtors, including but not limited to, the Boultbee Claims, the Derivative Questionnaire, the Guarantee Questionnaire, and the related supporting materials, Helsinki has adequately demonstrated the validity of the Boultbee Claims.  Because Helsinki's calculations are founded upon the methodology set forth in the Master Agreement, the Debtors have no basis to contest

#107290523

the amount of the Boultbee Claims.  Based upon the foregoing, Helsinki requests that the Court not only deny the Objection with respect to its claims, but that it also affirmatively allow the Boultbee Claims as stated.

25.     Alternatively, Helsinki requests that it be given an opportunity to amend and revise this Response once the Debtors provide a more definitive statement as to the methodology behind their Objection and the calculations and documents which substantiate their position.  Currently, Helsinki is unable to provide a comprehensive response because the Objection lacks definitive information regarding the alleged "deficiencies" of the Boultbee Claims.  Accordingly, if mediation of the Objection is unsuccessful, Helsinki requests that the Debtors substantiate their opposition to the claim so that Helsinki can be on notice concerning the particular issues in dispute.

26.     Should the Court determine that Helsinki has not met its burden, then it respectfully requests, following any applicable dispute resolution process, that it be afforded the opportunity to undertake, *inter alia*, the following actions (a) pursue discovery of the Debtors regarding the Boultbee Claims; (b) supplement and amend this Response; and (c) request an evidentiary hearing regarding the Objection and the allowance of the Boultbee Claims.

## **RESERVATION OF RIGHTS**

27.     Helsinki reserves the right to supplement and/or amend this Response to address, *inter alia*, any and all objections, rights, claims, and defenses it may have with respect to the Objection.  To the extent it is necessary to take discovery in connection with the Objection, Helsinki reserves all rights to pursue the same as permitted by the Federal Rules of Bankruptcy Procedure.  Helsinki further reserves the right, to the extent it deems necessary, to request an evidentiary hearing with respect to the Objection or the Boultbee Claims.

- 9 -

#107290523

WHEREFORE, based upon the foregoing Boultbee (Helsinki) AB

respectfully requests that the Court (i) overrule the Objection with prejudice as it pertains to the

Boultbee Claims; (ii) determine that the Boultbee Claims are allowed in their entirety; and (iii)

grants Helsinki such other and further relief as the Court deems just and appropriate.

Dated: September 21, 2011
New York, New York                              Respectfully Submitted,

                                    By: /s/ Andrea J. Pincus_____
                                        Andrea J. Pincus, Esq.
                                        599 Lexington Avenue
                                        New York, NY 10022
                                        Tel:  (212) 521-5400
                                        Fax:  (212) 521-5450

                                        Counsel to Boultbee (Helsinki) AB

#107290523