**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                    :
In re                                               :     Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,              :
                                                    :     Case No.: 08-13555 (JMP)
            Debtors.                                :
                                                    :     (Jointly Administered)
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**NOTICE OF PARTIAL TRANSFER OF CLAIM**
**OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1.    TO:          VR Global Partners, LP
                   c/o Walkers Corporate Services Ltd.
                   Walkers House, George Town
                   Grand Cayman KY1-9002
                   Cayman Islands
                   Attn: Jeffrey Johnson


2.    Please take notice that EUR 4,803,800 of your claim against Lehman Brothers
Holdings Inc., identified by XS0229584296, XS0210433206, XS0232364868 and
XS0213416141 arising from and relating to Proof of Claim No. 55247 (attached as
Exhibit A hereto), has been transferred to:

                   Silver Point Capital Offshore Master Fund, L.P. ("Transferee")
                   c/o Silver Point Capital, L.P.
                   Two Greenwich Plaza, First Floor
                   Greenwich, CT  06830
                   Attn: David F. Steinmetz


        An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All
distributions and notices regarding the transferred portion of the claim should be sent to
the Transferee at the above address, with a copy to:

                   Davis Polk & Wardwell LLP ("Davis Polk")
                   450 Lexington Avenue
                   New York, NY 10017-3904
                   Fax: 212-701-5800
                   Attn: Eric Ruiz

3.      No action is required if you do not object to the partial transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

--      **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

> United States Bankruptcy Court
> Southern District of New York
> Attn: Clerk of Court
> Alexander Hamilton Custom House
> One Bowling Green
> New York, NY 10004-1408

--      **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

--      Refer to **INTERNAL CONTROL NOS. XS0229584296, XS0210433206, XS0232364868 and XS0213416141** in your objection and any further correspondence related to this transfer.

4.      If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIM.**

                                            CLERK

-------------------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2011.

INTERNAL CONTROL NOS. XS0229584296, XS0210433206, XS0232364868 and XS0213416141

Copy: (check) Claims Agent___ Transferee___ Debtors' Attorney___

                                            _____
                                            Clerk of the Court

# EXHIBIT A

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)      0000055247 |
|---|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖     **√LY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) VR Global Partners, L.P.<br>Attn: Peter Clateman<br>c/o VR Capital Group<br>Aurora Business Park<br>77 Sadovnicheskaya Nab., bld. 1<br>Moscow 115035, Russia<br>Telephone number: +7 495 787 8181 Email Address: pclateman@vr-capital.com | ☑ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** 10714<br>(If known)<br><br>**Filed on:** 9/8/2009 |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br><br><br>Telephone number:          Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** 113 450 482, 89 **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See Schedule A attached **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

see Schedule A attached          **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

22642          **(Required)**

| 5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | **FOR COURT USE ONLY** |
|---|---|
| **Date.** Oct. 28, 2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. ~ Richard Deitz | **FILED / RECEIVED**<br><br>**OCT 2 9 2009**<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

AN PROGRAM SECURITIES PROOF OF CLAIM
OBAL PARTNERS, L.P.

## SCHEDULE A

| SIN | Euroclear Ref. No. (Blocking Number) | Issuer | Description | Currency | Principal Amount of Claim | FX Rate as of Sept 15, 2008 | Principal Amount of Claim (USD) | Accrued Interest as of Sept 15, 2008 (USD) | Total Amount of Claim (USD) |
|---|---|---|---|---|---|---|---|---|---|
| 472606 | 6001674 | LEHMAN BROTHERS HOLDINGS PLC | LEHMAN BROS HLDG 3.03% 24-MAR-2009 (JPY) | JPY | 100 000 000,00 | 104,66 | 955 474,87 | 13 751,67 | 969 226,54 |
| 17C768 | 6001678 | LEHMAN BROTHERS HOLDINGS INC | LEHMAN BROS HLDG 05-JUN-2012 | JPY | 1 000 000 000,00 | 104,66 | 9 554 748,71 | 2 976,04 | 9 557 724,75 |
| 414750 | 6001672 | LEHMAN BROTHERS HOLDINGS INC | LEHMAN BROS HLDG 5% 26-JAN-2010 | GBP | 495 000,00 | 1,8007 | 891 346,50 | 28 449,83 | 919 796,33 |
| 467150 | 6001671 | LEHMAN BROTHERS HOLDINGS INC | LEHMAN BROS HLDG 7.875% 08-MAY-2018 | GBP | 600 000,00 | 1,8007 | 1 080 420,00 | 30 303,56 | 1 110 723,56 |
| 967296 | 6001673 | LEHMAN BROTHERS HOLDINGS INC | LEHMAN BROS HLDG LEH 0% 21-MAR-2012 | SKK | 460 000 000,00 | 21,3422 | 21 553 541,81 | 220 277,20 | 21 773 819,01 |
| 590139 | 6001677 | LEHMAN BROTHERS HOLDINGS INC | LEHMAN BROTHERS HOLDINGS INC (JPY) 2.705% 09-FEB-2034 callable on Feb/Aug 2009-2033 | JPY | 7 000 000 000,00 | 104,66 | 66 883 240,97 | 180 919,17 | 67 064 160,14 |
| 584296 | 6038193 | LEHMAN BROTHERS TREASURY CO. BV | LEHMAN BROS HLDG 7.25% 5-OCT-2035 (EUR) EMTN | EUR | 1 482 000,00 | 1,4243 | 2 110 812,60 | 145 067,76 | 2 255 880,36 |
| 433206 | 6038192 | LEHMAN BROTHERS TREASURY CO. BV | LEHMAN BROS TSY BV 6% 15-FEB-2035 (EUR) EMTN | EUR | 4 033 000,00 | 1,4243 | 5 744 201,90 | 201 125,75 | 5 945 327,65 |
| 2364868 | 6057823 | LEHMAN BROTHERS TREASURY CO. BV | LEHMAN BROS TSY BV 6% 2-NOV-2035 (EUR) EMTN | EUR | 596 000,00 | 1,4243 | 848 882,80 | 44 374,48 | 893 257,28 |
| 3416141 | 6056281 | LEHMAN BROTHERS TREASURY CO. BV | LEHMAN BROS TSY BV 8.25% 16-MAR-2035 (EUR) EMTN | EUR | 803 000,00 | 1,4243 | 1 143 712,90 | 11 468,46 | 1 155 181,36 |
| 9333215 | 6059609 | LEHMAN BROTHERS TREASURY CO. BV | LEHMAN BROS TSY BV 0% 18-JUN-2018 (CHF) eMtn | CHF | 2 000 000,00 | 1,1159 | 1 792 275,29 | 13 110,62 | 1 805 385,91 |
| | | | | TOTAL: | | | 112 558 658,35 | 891 824,54 | 113 450 482,89 |

# **<u>EXHIBIT B</u>**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, VR Global Partners, LP ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Silver Point Offshore Master Capital Fund, L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55247 filed by or on behalf of the Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 and such claim was marked received by the court on October 29, 2009; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller, except as may apply to holders of the Purchased Securities generally; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees, up to the amount of the purchase price in respect of the Purchase Claim, to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which (i) result from Seller's breach of its representations and warranties made herein and (ii) have been incurred prior to the earlier of (A) four years from the date hereof and (B) the date on which all distributions in respect of the Proof of Claim have been received and such Purchased Security not being disputed at the time of such final distribution.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.      The Seller hereby irrevocably and unconditionally submits to the exclusive jurisdiction of any New York State court or Federal court of the United States of America sitting in New York City, and any appellate court from any thereof, in any action or proceeding arising out of or relating to this Agreement, or for recognition or enforcement of any judgment, and each of the parties hereto hereby irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding may be heard and determined in such New York State or, to the extent permitted by law, in such Federal court. Each of the parties hereto agrees that a final judgment in any such action or proceeding may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27th day of April 2011.

VR GLOBAL PARTNERS, LP

By:_____
Name: Jeffrey Johnson
Title: Director of VR Advisory Services Ltd.
        acting in its capacity as General Partner of
        VR Global Partners, LP

c/o Walkers Corporate Services Ltd.
Walkers House, George Town
Grand Cayman KY1-9002
Cayman Islands

SILVER POINT OFFSHORE MASTER CAPITAL FUND, L.P.

By:_____

By:_____
        David F. Steinmetz
Name:   Authorized Signatory
Title:

Silver Point Capital, L.P.
2 Greenwich Plaza
Greenwich, CT 06830

Schedule 1

## Transferred Claims

Purchased Claim

(1) 70% of XS0229584296 = **EUR 1,037,400** of EUR 1,482,000 (the outstanding amount of XS0229584296 as described in the Proof of Claim), plus all interest related thereto,

(2) 70% of XS0210433206 = **EUR 2,823,100** of EUR 4,033,000 (the outstanding amount of XS0210433206 as described in the Proof of Claim), plus all interest related thereto,

(3) 70% of XS0232364868 = **EUR 417,200** of EUR 596,000 (the outstanding amount of XS0232364868 as described in the Proof of Claim), plus all interest related thereto,

(4) 70% of XS0213416141 = **EUR 526,100** of EUR 803,000 (the outstanding amount of XS0213416141 as described in the Proof of Claim), plus all interest related thereto, and

(5) 70% of XS0369333215 = **CHF 1,400,000** of CHF 2,000,000 (the outstanding amount of XS0369333215 as described in the Proof of Claim), plus all interest related thereto.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Claim Amount | Maturity |
|---|---|---|---|---|
| LEHMAN BROS HLDG LEH 0% 21-MAR-2012 | XS0229584296 | Lehman Brothers Holdings Inc. | **EUR 1,037,400** | October 5, 2035 |
| LEHMAN BROS TSY BV 6% 15-FEB-2035 (EUR) EMTN | XS0210433206 | Lehman Brothers Treasury Co. B.V. | **EUR 2,823,100** | February 2, 2035 |
| LEHMAN BROS TSY BV 6% 2-NOV-2035 (EUR) EMTN | XS0232364868 | Lehman Brothers Treasury Co. B.V. | **EUR 417,200** | November 2, 2035 |
| LEHMAN BROS TSY BV 8.25% 16-MAR-2035 (EUR) EMTN | XS0213416141 | Lehman Brothers Treasury Co. B.V. | **EUR 526,100** | March 16, 2035 |
| LEHMAN BROS TSY BV 0% 18-JUN-2018 (CHF) eMtn | XS0369333215 | Lehman Brothers Treasury Co. B.V. | **CHF 1,400,000** | June 18, 2018 |

Schedule 1–1