# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.     Case No. 08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **Värde Investment Partners, L.P.** | **SelectInvest Financial Services AG** |
| Name of Transferee | Name of Transferor |
| | |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 43481 |
| | Amount of Claim: $19,000.00, plus all accrued interest, fees and other recoveries due. |
| 8500 Normandale Lake Boulevard Suite 1500 Minneapolis, MN 55437 Attn: Edwina P.J. Steffer e-mail: *esteffer@varde.com* | Date Claim Filed: October 21, 2009 |
| | Phone: |
| | Last Four Digits of Acct. #: |
| Last Four Digits of Acct. #: | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**VÄRDE INVESTMENT PARTNERS, L.P.**

BY: VÄRDE INVESTMENT PARTNERS G.P., LLC,
ITS GENERAL PARTNER

BY: VÄRDE PARTNERS, L.P.,
ITS MANAGING MEMBER

BY: VÄRDE PARTNERS, INC.,
ITS GENERAL PARTNER

By: _[signature]_     Date: 9/22/11
Name: **Brad P. Bauer**
Title: **Vice President**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.    Case No. 08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 43481 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on

| **SelectInvest Financial Services AG** | **Värde Investment Partners, L.P.** |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor:<br>SelectInvest Financial Services AG<br>Kaerntnerstrasse 51/Top 3A<br>Vienna, 1010<br>Austria<br><br>and<br><br>Bankhaus Schelhammer & Schaterra AG<br>Goldschmiedgasse 3<br>Wien, 1010<br>Austria<br>Attn: Mag. Wolfgang Tietze<br>Head of Legal Department | Address of Transferee<br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: *esteffer@varde.com* |

### ~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____    _____
                                                        CLERK OF THE COURT

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, SelectInvest Financial Service AG ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to Värde Investment Partners, L.P. (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number 43481 filed by SelectInvest Financial Service AG (the "<u>Original Claimant</u>") (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d), the "<u>Transferred Claims</u>").

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

119-1000/AGR/3205283.1

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. For the avoidance of doubt, Purchaser is entitled to all distributions and/or proceeds related to the Transferred Claims. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Seller (i) shall not take (or refrain from taking) any action or make, implement or engage in any discussion or negotiation with respect to the Transferred Claims (collectively, an "Act"), which includes, without limitation, (A) any vote to be made, or ballot to be cast, in connection with the Transferred Claims or (B) any Act in respect of the *Order Pursuant to Sections 105(b) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*, dated August 10, 2011 (the "Order") [Docket No. 19120], or any other attempt to fix or establish the amount or priority of the Transferred Claims or any part of them, other than in accordance with the prior instructions of Purchaser and (ii) shall take (or refrain from taking) any Act with respect to the Transferred Claims in accordance with the prior instructions of Purchaser. Each of Seller and Purchaser agrees to (a) execute and/or deliver, or cause to be executed and/or delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller shall furnish and convey to Purchaser or Purchaser's designee at the address specified herein (or at such other address as Purchaser otherwise directs) all written information and documents received by Seller with respect to the Transferred Claims, including, without limitation, any information and documents related to the Order or any vote to be made, or ballot to be cast, in connection with the Transferred Claims, as soon as practicable after the same are received by Seller, but in any event within three (3) Business Days of such receipt; provided, however, that if such information or documents relate to any matter in respect of which an Act is to be taken, Seller shall furnish and convey such information or documents to Purchaser or Purchaser's designee as soon as practicable upon receipt and, in any event, prior to such time when such Act is to be taken if received with reasonably sufficient time for Seller to furnish or convey such information or documents.

8.      Seller authorizes Purchaser to act in Seller's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Transferred Claims herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Transferred Claims and Seller's rights thereunder or related thereto pursuant to this Agreement and Evidence of Transfer. Seller agrees that the powers granted by this Section are discretionary in nature and exercisable at the sole option of Buyer. Purchaser shall not have any obligation to take any action to prove, defend, demand or take any action with respect to the Transferred Claims otherwise in the Proceedings.

9.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

2

119-1000/AGR/3205283.1

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of September, 2011.

| SELECTINVEST FINANCIAL SERVICE AG | VÄRDE INVESTMENT PARTNERS, L.P. |
|---|---|
| | By: Värde Investment Partners G.P., LLC, Its General partner |
| By: Bankhaus Schelhammer & Schattera AG<br>Name: Mag. Wolfgang Tietze<br>Title: Head of Legal Department | By: Värde Partners, L.P., Its Managing Member<br>By: Värde Partners, Inc., Its General Partner |
| Address:<br>Goldschmiedgasse 3<br>1010 Wien | By: *[signature]*<br>Name: Brad P. Bauer<br>Title: Vice President |
| *[signature: Bankhaus Schelhammer & Schattera Aktiengesellschaft]* | Address:<br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: esteffer@varde.com |

3

119-1000/AGR/3205283.1

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

$27,101.60 of USD 641,880.00 (the outstanding amount of the Proof of Claim as of September 21, 2011), plus all accrued interest, fees and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Swing Plus Garant ELN | XS0231181222 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 19,000.00, which is the equivalent of $27,101.60 (using an exchange rate of 0.7011) | 0% | 11/30/2015 | $27,101.60, plus all accrued interest, fees and other recoveries due |

Schedule 1-1

119-1000/AGR/3205283.1