UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
: 
In re                                : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :
: Case No.: 08-13555 (JMP)
Debtors.                         :
: (Jointly Administered)
:
------------------------------------- x

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)

1.    TO:    Credit Suisse Securities (Europe) Limited
11 Madison Avenue, 5th Floor
New York, NY 10010
Attn: Douglas DiBella

2.    Please take notice that $9,920,193.34 of your claim against Lehman Brothers Holdings Inc., identified by XS0362447558, XS0251195847, XS0245046544 and XS0263871674 arising from and relating to Proof of Claim Nos. 55811 and 55812 (attached as Exhibit A hereto), has been transferred to:

Silver Point Capital Offshore Master Fund, L.P. ("Transferee")
c/o Silver Point Capital, L.P.
Two Greenwich Plaza, First Floor
Greenwich, CT 06830
Attn: David F. Steinmetz

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee at the above address, with a copy to:

Davis Polk & Wardwell LLP ("Davis Polk")
450 Lexington Avenue
New York, NY 10017-3904
Fax: 212-701-5800
Attn: Xin Yu

3.    No action is required if you do not object to the partial transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

--     **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

        United States Bankruptcy Court
        Southern District of New York
        Attn: Clerk of Court
        Alexander Hamilton Custom House
        One Bowling Green
        New York, NY 10004-1408

--     **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

--     Refer to **INTERNAL CONTROL NOS. XS0362447558, XS0251195847, XS0245046544 and XS0263871674** in your objection and any further correspondence related to this transfer.

4.     If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIM.**

                                                      CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2011.

INTERNAL CONTROL NOS. XS0362447558, XS0251195847, XS0245046544 and XS0263871674

Copy: (check) Claims Agent\_\_\_  Transferee\_\_\_  Debtors' Attorney\_\_\_

                                                Clerk of the Court

# EXHIBIT A

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000055811 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Credit Suisse Securities (Europe) Limited

See Attached Rider

Telephone number:        Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Filed on: _____

**Name and address where payment should be sent** (if different from above)

Telephone number:        Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ See Attached Rider _____ **(Required)**

[✓] Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See Attached Rider _____ **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attached Rider        **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See Attached Rider        **(Required)**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>10/22/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br>OCT 2 9 2009<br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

DEAN FOSTER
AUTHORISED

JASON CIRILLO
AUTHORISED SIGNATORY

## RIDER TO PROOF OF CLAIM FILED ON BEHALF OF
## Credit Suisse Securities (Europe) Limited against LBHI (Lehman Programs Securities)

1.  In accordance with the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket 4271] dated July 2, 2009 and the Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities dated July 27, 2009, Credit Suisse Securities (Europe) Limited ("CSSEL") files this claim against Lehman Brothers Holdings, Inc. ("LBHI") based on the Lehman Programs Securities ("LPS", whether used in the singular or plural) contained in Schedule I. Schedule I lists the International Securities Identification Number, Depository Participant Account Number, Depository Blocking Reference Number and claim amount for each LPS related to this claim. As of September 15, 2008, LBHI owed $5,560,868.14 to CSSEL with respect to these LPS.

2.  CSSEL reserves the right to amend, modify or supplement this proof of claim in any manner, for any purpose and at any time.

3.  CSSEL reserves the right to assert and file any and all additional claims of whatever kind or nature that it has or may hereinafter have against LBHI.

4.  CSSEL reserves the right to set-off any claim set forth in this proof of claim against any claim that LBHI or the LBHI estate has or may assert against CSSEL.

5.  CSSEL reserves all rights it has or may have in the future against LBHI. This proof of claim is not intended as (a) a waiver or release of any rights of CSSEL against LBHI (or any of its affiliates) not asserted in this proof of claim, (b) a consent by CSSEL to the jurisdiction of this Court with respect to the subject matter of the claims set forth herein or to this Court's hearing, determining or entering orders or judgments in any proceedings on this

proof of claim, (c) a waiver of the right of CSSEL to trial by jury in any proceedings so triable in these cases or any controversy or proceedings related to these cases or (d) an election of remedies.

6.  No judgment has been rendered on the claims set forth in this proof of claim.

7.  No payments on the claims set forth in this proof of claim have been made by the debtor.

8. All notices concerning this proof of claim should be sent to:

Credit Suisse Securities (Europe) Limited
1 Madison Avenue
New York, NY 10010
Attn: Allen Gage
Ph: (212) 538-9137

With a copy to:

Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Attn: Richard Levin
Ph: (212) 474-1135

# SCHEDULE I

## To Proof of Claim of CSSEL

| Claimant | ISIN | Depository Participant Account Number | Depository Blocking Reference Number | Principal | Accrued Interest | Total Claim |
|---|---|---|---|---|---|---|
| Credit Suisse Securities (Europe) Limited | CH0026915527 | 93827 (Euroclear) | 6048251 | $3,720,683.33 | $68,900.69 | $3,789,584.02 |
| Credit Suisse Securities (Europe) Limited | XS0362447558 | 93827 (Euroclear) | 6048254 | $1,323,185.01 | $13,739.75 | $1,336,924.76 |
| Credit Suisse Securities (Europe) Limited | XS0251195847 | 93827 (Euroclear) | 6048249 | $411,725.96 | $22,633.40 | $434,359.36 |
| Total | | | | $5,455,594.30 | $105,273.84 | $5,560,868.14 |

| United States Bankruptcy Court/Southern District of New York <br> Lehman Brothers Holdings Claims Processing Center <br> c/o Epiq Bankruptcy Solutions, LLC <br> FDR Station, P.O. Box 5076 <br> New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| In Re: <br> Lehman Brothers Holdings Inc., et al., <br> Debtors. | Chapter 11 <br> Case No. 08-13555 (JMP) <br> (Jointly Administered) | Filed: USBC - Southern District of New York <br> Lehman Brothers Holdings Inc., Et Al. <br> 08-13555 (JMP)    0000055812 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) <br><br> Credit Suisse Securities (Europe) Limited <br><br> See Attached Rider <br><br> Telephone number:          Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim. <br><br> **Court Claim Number:**_____ <br> *(If known)* <br><br> Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above) <br><br><br> Telephone number:          Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ See Attached Rider_____ **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See Attached Rider_____ **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attached Rider          **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
See Attached Rider          **(Required)**

| 5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | **FOR COURT USE ONLY** <br> **FILED / RECEIVED** <br><br> OCT 2 9 2009 <br><br> **EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|
| Date: <br> 10/22/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *[signatures]* | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

DEAN FOSTER
AUTHORISED
SIGNATORY

JASON CIRILLO
AUTHORISED SIGNATORY

# RIDER TO PROOF OF CLAIM FILED ON BEHALF OF
## Credit Suisse Securities (Europe) Limited against LBHI (Lehman Programs Securities)

1. In accordance with the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket 4271] dated July 2, 2009 and the Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities dated July 27, 2009, Credit Suisse Securities (Europe) Limited ("CSSEL") files this claim against Lehman Brothers Holdings, Inc. ("LBHI") based on the Lehman Programs Securities ("LPS", whether used in the singular or plural) contained in Schedule I. Schedule I lists the International Securities Identification Number, Depository Participant Account Number, Depository Blocking Reference Number and claim amount for each LPS related to this claim. As of September 15, 2008, LBHI owed $12,391,410.00 to CSSEL with respect to these LPS.

2. CSSEL reserves the right to amend, modify or supplement this proof of claim in any manner, for any purpose and at any time.

3. CSSEL reserves the right to assert and file any and all additional claims of whatever kind or nature that it has or may hereinafter have against LBHI.

4. CSSEL reserves the right to set-off any claim set forth in this proof of claim against any claim that LBHI or the LBHI estate has or may assert against CSSEL.

5. CSSEL reserves all rights it has or may have in the future against LBHI. This proof of claim is not intended as (a) a waiver or release of any rights of CSSEL against LBHI (or any of its affiliates) not asserted in this proof of claim, (b) a consent by CSSEL to the jurisdiction of this Court with respect to the subject matter of the claims set forth herein or to this Court's hearing, determining or entering orders or judgments in any proceedings on this

[[NYCORP:3172219v1:3176D:10/21/09--03:09 p]]

proof of claim, (c) a waiver of the right of CSSEL to trial by jury in any proceedings so triable in these cases or any controversy or proceedings related to these cases or (d) an election of remedies.

6.   No judgment has been rendered on the claims set forth in this proof of claim.

7.   No payments on the claims set forth in this proof of claim have been made by the debtor.

8.  All notices concerning this proof of claim should be sent to:

   Credit Suisse Securities (Europe) Limited
   1 Madison Avenue
   New York, NY 10010
   Attn: Allen Gage
   Ph: (212) 538-9137

   With a copy to:

   Cravath, Swaine & Moore LLP
   Worldwide Plaza
   825 Eighth Avenue
   New York, NY 10019
   Attn: Richard Levin
   Ph: (212) 474-1135

[[NYCORP:3172219v1:3176D:10/21/09--03:09 p]]    - 3 -

# SCHEDULE I

## To the Proof of Claim of CSSEL

| Claimant | ISIN | Depository Participant Account Number | Depository Blocking Reference Number | Principal | Accrued Interest | Total Claim |
|---|---|---|---|---|---|---|
| Credit Suisse Securities (Europe) Limited | XS0245046544 | 93827 (Euroclear) | 6056516 | $6,694,210.00 | (included in Principal) | $6,694,210.00 |
| Credit Suisse Securities (Europe) Limited | XS0263871674 | 93827 (Euroclear) | 6048250 | $5,697,200.00 | (included in Principal) | $5,697,200.00 |
| Total | | | | $12,391,410.00 | (included in Principal) | $12,391,410.00 |

# **EXHIBIT B**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, CREDIT SUISSE SECURITIES (EUROPE) LIMITED ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to SILVER POINT CAPITAL OFFSHORE MASTER FUND, L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Numbers 55811 and 55812 filed by or on behalf of Seller (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proofs of Claim were duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proofs of Claim relate to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proofs of Claim include the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors. Each of Seller and Buyer represent and warrant to each other that they are a party to a Plan Support Agreement with the Debtor as described in the Debtors' Disclosure Statement For Second Amended Joint Chapter 11 Plan Of Lehman Brothers Holdings Inc. And Its Affiliated Debtors Pursuant To Section 1125 Of The Bankruptcy Code, dated as of June 30, 2011.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 24th day of August 2011.

SILVER POINT CAPITAL OFFSHORE MASTER
FUND, L.P.
By: _____
Name: David F. Steinmetz
Title: Authorized Signatory

Silver Point Capital, L.P.
2 Greenwich Plaza
Greenwich, CT 06830

CREDIT SUISSE SECURITIES (EUROPE) LIMITED

By: _____
Name:
Title:

By: _____
Name:
Title:

CREDIT SUISSE SECURITIES (EUROPE) LIMITED
11 Madison Avenue, 5th Floor
New York, New York 10010
Attention: Douglas DiBella
Telephone: 212 538 6569
Facsimile: 212 538 8119
E-mail address: douglas.dibella@credit-suisse.com

038-15549/AGR/3075766.3

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 24th day of August 2011.

SILVER POINT CAPITAL OFFSHORE MASTER FUND, L.P.

By:_____
Name:
Title:

Silver Point Capital, L.P.
2 Greenwich Plaza
Greenwich, CT 06830

CREDIT SUISSE SECURITIES (EUROPE) LIMITED

By:_____
Name: Louis J. Impellizeri
Title: Authorized Signatory

By:_____
Name: Joyce Lim
Title: Authorized Signatory

CREDIT SUISSE SECURITIES (EUROPE) LIMITED
11 Madison Avenue, 5th Floor
New York, New York 10010
Attention: Douglas DiBella
Telephone: 212 538 6569
Facsimile: 212 538 8119
E-mail address: douglas.dibella@credit-suisse.com

038-15549/AGR/3075766.3

Schedule 1

Transferred Claims

Purchased Claim
With respect to Proof of Claim No. 55811 and Proof of Claim No. 55812, 100% of the claim relating to the "Nominal Amount Transferred to Purchaser" (as set forth below) regarding the securities described below.

Lehman Programs Securities to which Transfer Relates

| Proof of Claim No. | ISIN | Issuer | Guarantor | Maturity | Nominal Amount Being Transferred to Purchaser | Currency | US$ amount claimed with respect to Lehman Program Securities to which Transfer Relates |
|---|---|---|---|---|---|---|---|
| 55811 | XS0362447558 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 5/09/2012 | 633,000.00 | EUR | $936,114.72 |
| 55811 | XS0251195847 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 06/01/2009 | 170,000.00 | GBP | $295,364.36 |
| 55812 | XS0245046544 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 03/03/2009 | 3,300,000.00 | EUR | $4,700,674.26 |

Schedule 1-1

| 55812 | XS0263871674 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 08/28/2009 | 2,800,000.00 | EUR | $3,988,040.00 |