*PARTIAL Transfer of LBHI Claim # 44138*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

| | |
|---|---|
| TO: | United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") Attn: Clerk |
| AND TO: | Lehman Brothers Holdings, Inc. (the "Debtor") |
| CASE NAME: | *In re Lehman Brothers Holdings Inc., et al.,* |
| CASE NO.: | Chapter 11, Case No. 08-13555 (JMP) |
| CLAIM NO.: | 44138 (partial transfer) |
| CLAIM AMOUNT: | $169,285.98 (USD) |
| **AMOUNT TRANSFERRED:** | **$139,056.34 (USD)** |

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **ING Luxembourg**, of 52, route d'Esch, L-2965 Luxembourg ("Seller"), as custodian for Aspecta Assurances International SA, hereby unconditionally and irrevocably sells, transfers and assigns to Aspecta Assurances International SA, located at 5, rue Eugène Ruppert, L-2453 Luxembourg (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to $139,056.34 (the "Transferred Portion") of Proof of Claim Number 44138 filed by or on behalf of Seller (a copy of which is attached at Schedule 1 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., as guarantor and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Transferred Portion of the Proof of Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Transferred Portion of the Proof of Claim or with respect to any of the documents, agreements, bills and/or other documents (whether the now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Transferred Portion of the Proof of Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Transferred Portion of the Proof of Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Transferred Portion of the Proof of Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Transferred Portion of the Proof of Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Transferred Portion of the Proof of Claim specified in Schedule 1 attached hereto.

2.  Seller hereby represents and warrants to Purchaser, that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; and (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

DM1\2720093.2

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of September 2011.

| ING LUXEMBOURG, *as Custodian for Aspecta Assurances International SA* | ASPECTA ASSURANCES INTERNATIONAL SA |
|---|---|
| By:_____<br>Name:<br>Title:<br><br>52, route d'Esch<br>L-2965 Luxembourg<br><br>*Valérie DION*<br>*Team Leader Corporate Actions/ Initiation*<br><br>*Charles MARICHAL*<br>*Head of Securities*<br>DM1\27200932 | By:_____<br>Name:<br>Title:<br><br>5, rue Eugène Ruppert<br>L-2453 Luxembourg<br><br>**ASPECTA**<br>Assurance International Luxembourg S.A.<br>Olivier SCHMIDT-BERTEAU<br>Managing Director<br><br>**ASPECTA**<br>Assurance International Luxembourg S.A.<br>Rüdiger WILL<br>Managing Director |

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |
| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)    0000044138 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

ING Luxembourg
52, route d'Esch
L-2965 Luxembourg

Telephone number: +352406540696    Email Address: ca@ing.lu

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above):**

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ 168285,88** (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): XS0218304458** (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

CA16232 (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders ~~Euroclear Bank~~, Clearstream Bank ~~or Other Depository Participant~~ Account Number:**

11363 (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**OCT 2 2 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date: 20/10/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Charles MARICHAL          Christine DELTENRE
Head of Securities        in Leader Corporate Actions

**ING**

Secrétariat Général

Votre contact : Sun Mee LANNERS
T (352) 40.65.40-9209
F (352) 40.65.40-9568
E secgen@ing.lu

N. réf. SG/1801
V. réf.

Luxembourg, 20 October 2009

Subject : **Specimen of authorized signature**

Dear Sirs,

Please find hereafter copy of the specimen of signature of Mrs Christine DELTENRE LAMBOTTE and Mr Charles MARICHAL.

| | |
|---|---|
| DELTENRE LAMBOTTE Christine<br>Securities / Corporate Actions<br><br>B | *[signature]* |
| MARICHAL Charles<br>Securities / Management<br><br>A | *[signature]* |

Best regards.

Myriam GUSTIN                                               Sun Mee LANNERS

ING Luxembourg, Société Anonyme        R.C.S. Luxembourg B.6041        T +352 44 99 11  F +352 44 99 12 31

## POWERS GIVEN TO THE SIGNATORIES OF EACH CATEGORY
(a signature of a higher category replaces a signature of a lower category)

| | |
|---|---|
| All deeds binding the Bank | A + A |
| All deeds and documents relating to bank operations, except those indicated below | A + B |

| | Up to 50.000 EUR or equivalent | Up to 125.000 EUR or equivalent | Up to 1.250.000 EUR or equivalent | 1.250.000 EUR and over or equivalent |
|---|---|---|---|---|
| In credit matters of all types, contracts, confirmations, amendments, terminations | B + C | B + B | A + B | A + A |
| Guarantees or counter-guarantees | B + C | B + B | A + B | A + B |

| | Up to 250.000 EUR or equivalent | Up to 625.000 EUR or equivalent | 625.000 EUR and over or equivalent |
|---|---|---|---|
| Bank cheques | B + C | B + B | A + B |
| Drawing of trade bills | B + C | B + B | A + B |
| Endorsements of trade bills | B + C | B + B | A + B |
| Acceptances & "avals" of trade bills | B + C | B + B | A + B |
| Payment orders except those issued by authenticated SWIFT or tested telex | B + C | B + B | A + B |

| | Up to 1.250.000 EUR or equivalent | 1.250.000 EUR and over or equivalent |
|---|---|---|
| Confirmation of purchase & sale of securities | B + C | A + B |
| Confirmation of treasury & arbitrage operations in euros and currencies | B + B | B + B |
| Derivative products confirmations | B + B | B + B |

| | |
|---|---|
| Exchange of SWIFT test keys & authenticators | A + B |
| Free of payment delivery orders in favour of a third party for stocks & securities | A + B |
| Transfer and bank cheque operations on own behalf | B + B |
| Account reconciliations & approvals of the Bank's correspondents | B + B |
| Availability orders on own behalf for stocks & securities | B + C |
| Cheque endorsements | B + C |
| Savings certificates signed or prestamped by a director | B + C |
| Account reconciliations, balance certificates & approvals of clients of the Bank | B + C |
| Certified certificates other than those relating to the Bank's corporate deeds | B + C |
| Daily correspondence (without commitment) | B + C |
| Receipt of any deed served by process-server | B |
| Acknowledgements of receipt | D |
| Receipts for deposits of cash, securities, coupons or stock | D |
| Account statements | No signature required |
| Detailed account statements and securities statements | |
| Debit & credit advices, detailed statements & other documents confirmed by an account statement | |
| Notice to clients of availability of stock and documents | |
| Information letters | |

ING Luxembourg, Société Anonyme                                List of authorized signatures
                                                                January 2009 edition

