B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>    Case No. <u>08-13555 (JMP)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **CHENAVARI FINANCIAL ADVISORS LTD** | **LUZERNER KANTONALBANK AG** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**Guilhem Goyard**
**Managing Director**
**1 Grosvenor Place**
**London SW1X 7JH**
**UNITED KINGDOM**
**Phone: +44-207-259-3611**
**Email: Guilhem.goyard@chenavari.com**

Court Claim # (if known): 44553
Total Amount of Claim Filed: $8,934,554.39
Amount of Claim Transferred: $8,934,554.39
ISIN/CUSIP: XS0221834947
Date Claim Filed: October 23, 2009

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: September 22, 2011
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Form 210B (12/09)**

# United States Bankruptcy Court

## Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>                  Case No. <u>08-13555 (JMP)</u>

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 44553 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on September 22, 2011.

| | |
|---|---|
| **LUZERNER KANTONALBANK AG** | **CHENAVARI FINANCIAL ADVISORS LTD** |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee:<br><br>**1 Grosvenor Place**<br>**London SW1X 7JH**<br>**UNITED KINGDOM** |

~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                                        _____
                                                          **CLERK OF THE COURT**

Luzerner Kantonalbank AG
Pilatusstrasse 12
CH-6002 Luzern

September 19, 2011

**Chenavari Financial Advisors Ltd**
1 Grosvenor Place
London SW1X7JH
UNITED KINGDOM

Re:    Lehman Program Securities – XS0221834947; POC 44553; Blocking No. 6049357; CHF10MM

Ladies and Gentlemen:

1.    Program Security Agreement. Reference is made to the Agreement and Evidence of Transfer of Claim Lehman Program Security dated as of September 22, 2011, a copy of which is attached hereto as Exhibit A (the "**Program Security Agreement**"), pursuant to which **Luzerner Kantonalbank AG** ("**Seller**") has agreed to sell, and **Chenavari Financial Advisors Ltd** ("**Buyer**") has agreed to purchase, the Purchased Claim (as defined in the Program Security Agreement). Any capitalized terms used but not defined in this letter agreement shall have the meaning ascribed thereto in the Program Security Agreement.

2.    Not A PSA Creditor. In connection with the settlement of the transaction contemplated by the Program Security Agreement, Seller hereby represents and warrants to Buyer that, as of the date of this letter agreement and the Program Security Agreement, the Purchased Claim is not subject to a plan support agreement with the Debtor.

3.    Notice. Seller shall, subject to applicable law and regulation, use commercially reasonable efforts to furnish and convey to Buyer or Buyer's designee at the address specified in the Program Security Agreement (or at such other address as Buyer otherwise directs) all written information and documents received by Seller in its capacity as a holder of the Purchased Claim from time to time with respect to the Purchased Claim as soon as practicable after the same are received by Seller, but in any event within three (3) business days of such receipt; provided, however, that if such information or documents relate to any matter in respect of which an Act (as defined below) is to be taken, Seller shall furnish and convey such information or documents to Buyer or Buyer's designee as soon as practicable upon receipt and, in any event, prior to such time when such Act is to be taken if received with reasonably sufficient time for Seller to furnish or convey such information or documents; provided, further, that Seller shall have no liability to Buyer regarding the validity or content of the information and documents furnished pursuant to this Section 3. Buyer shall reimburse Seller for any reasonable out-of-pocket expenses incurred by Seller in connection with Seller's performance of its obligations under this Section 3.

4.    Acts. On and after the date of the Program Security Agreement, Seller (i) shall not take (or refrain from taking) any action with respect to the Purchased Claim, which includes, without limitation, (A) any vote to be made, or ballot to be cast, in connection with the Purchased Claims or (B) any Act in respect of the Order Pursuant to Sections 105(b) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc., dated August 10, 2011 (the "**Order**") [Docket No. 19120], or any other attempt to fix or establish the amount or priority of the Purchased Claims or any part of them, other than in accordance with the prior instructions of Buyer (an "**Act**") other than in accordance with the prior instructions of Buyer and (ii) shall take (or refrain from taking) any Act with respect

———————————————————————{ 2 }———————————————————————

thereto in accordance with the prior instructions of Buyer, in each case except (A) as restricted or prohibited under applicable law, rule or order (and such restrictions or prohibitions are hereby incorporated by reference as if set forth herein) or (B) if following such instructions might (in Seller's reasonable determination) expose Seller to any obligation, liability or expense that in Seller's reasonable judgment is material and for which Seller has not been provided adequate indemnity; provided, however, Seller shall take such Act in accordance with the direction (if timely given) of holders (including Seller, if applicable) owning or holding interests representing more than 50% of the total amount of the Purchased Claim (the "**Majority Holders**"). For purposes of determining the Majority Holders pursuant to the preceding sentence, (i) the interests or claims held by Seller for its own account and the interests or claims held by affiliates of Seller shall be counted, and (ii) Seller shall only be required to obtain instructions relating to any Act to be taken in respect of the Purchased Claim from (x) Buyer or (y) the then current holders of the aggregate principal amount of the claims outstanding in respect of which such Act is to be taken by Seller. Buyer acknowledges that it shall be bound by any decisions of the Majority Holders to take or not take an Act. Any consent, instruction or other direction of Buyer permitted under this Section 4 must be in writing (email acceptable) and shall not be effective unless received by Seller no later than one (1) business day prior to the date on which such direction must be taken by Seller; provided, however, that if Seller gives notice to Buyer of the Act that is to be taken less than one (1) business day prior to the time when such Act is to be taken and Buyer gives a consent or other direction to Seller prior to the time when such Act is to be taken, Seller shall make commercially reasonable efforts to take into account such direction with respect to such Act. Absent such timely consent or other direction (including the withholding of such consent) from Buyer, Seller shall be entitled (but not required), in its sole discretion, to deem that Buyer has given its consent to take (or refrain from taking) any Act on behalf of Buyer with respect to such matters. In the absence of gross negligence or willful misconduct, Seller shall not be under any liability to Buyer with respect to anything which Seller may do (or refrain from doing) with respect to the Purchased Claim.

5. Miscellaneous. The language set forth in Sections 4 and 7 of the Program Security Agreement is hereby incorporated into this letter agreement by reference and is made a part of this letter agreement as if fully set forth in this letter agreement. The signature page to this letter agreement may be executed in faxed or emailed counterparts. No amendment of any provision of this letter agreement shall be effective unless it is in writing and signed by the parties hereto. Notices relating to this agreement shall be sent to the addresses listed above.

IN WITNESS WHEREOF, each of the undersigned has duly executed this letter agreement by its duly authorized representative as of the date set forth above.

[SELLER]

**Luzerner Kantonalbank AG**

By: _____

Name: _____ Peter Felder
Title: Roger Isler _____ Rechtsdienst & Compliance

Vice president

[BUYER]

**Chenavari Financial Advisors Ltd**

By: _____
Name: _____
Title: _____

Non PSA BV Note Side Letter - Luzerner Kantonalbank to Chenavari - XS0221834947; POC44553; CHF10MM.docx

{ 3 }

**Exhibit A**

XS0221834947

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Luzerner Kantonalbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Chenavari Financial Advisors Ltd** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 44553 filed by or on behalf of ("Seller") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

Leh BV Note - Luzerner Kantonalbank to Chenavari - XS0221834947; POC44553; CHF10MM.doc

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 22 day of September, 2011.

Luzerner Kantonalbank AG

By: _____
Name: Roger Isler / Peter Felder
Title: Rechtsdienst & Compliance / Vice president
Address
Legal & Compliance Department
Pilatusstrasse 12
CH-6002 Luzern

Chenavari Financial Advisors Ltd

By: _____
Name: _____
Title: Managing Director
Address
1 Grosvenor Place
London SW1X7JH
UNITED KINGDOM

2

## SCHEDULE 1

### Transferred Claims

Purchased Claim

USD $8,934,554.39 of USD $8,934,554.39 (the outstanding amount of the Proof of Claim as of September 22, 2011) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|
| Issue of CHF 10,000,000 Equity Basket Linked Notes due June 2010 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program **Blocking No. 6049357** | XS0221834947 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 10,000,000 USD 8,934,554.39 | June 16, 2010 |

subject to future amendment

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|
| In Re: Lehman Brothers Holdings Inc., et al., Debtors. / Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000044553 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Luzerner Kantonalbank AG
Legal & Compliance Department
Pilatusstrasse 12
CH-6002 Luzern
T: +41 41 206 24 86 / Mail: peter.felder@lukb.ch

Please send all notices also to:
Baker & McKenzie LLP
att. Ira A. Reid
1114 Avenue of the Americas
New York, 10036, US
T: +1 212 626 4100 / Mail: ira.a.reid@bakernet.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 8'934'554.39 (Required)  plus accrued and accruing interest to the extent permitted by agreement or by law

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0221834947  (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Blocking numbers see attachment  (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.   Euroclear Bank S.A., BE-Brussels

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

Account number 94218  (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date. | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Baker & McKenzie LLP  [signature] |
|---|---|
| 2009, Oct. 23 | |

FOR COURT USE ONLY

FILED / RECEIVED
OCT 23 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

By: Ira A. Reid, as authorized representative and attorney-in-fact

DR-Fep / 21.10.2009          D000034963.xls          page 1 of 1

Attachment to Proof of Claim ISIN XS0221834947

| Blooking Reference Number |
|---|
| 6049357 |

**HAND DELIVERY**

| _TP_ | _10-23-09_ | _11:15AM_ |
|---|---|---|
| RECEIVED BY: | DATE | TIME |

Bankruptcy Solutions LLC
Lehman Brothers Holdings Claims Processing
Third Avenue, 3rd floor
York, NY 10017
UNITED STATES

