AMIGONE, SANCHEZ & MATTREY, LLP
Arthur G. Baumeister, Jr., Esq. (AB2332)
1300 Main Place Tower
350 Main Street
Buffalo, New York  14202
Telephone:  (716) 852-1300
Facsimile: (716) 852-1344
Email: abaumeister@amigonesanchez.com

*Attorneys for Michael A. Coleman*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | BK No. 08-13555-JMP |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | Chapter 11 <br> **(Jointly Administered)** |
| Debtor. | |
| _____ | Hon. James M. Peck |

**RESPONSE OF MICHAEL A. COLEMAN IN
OPPOSITION TO DEBTORS' ONE HUNDRED FORTY-THIRD
OMNIBUS OBJECTION TO CLAIMS (LATE-FILED), INCLUDING
REQUEST FOR ADJOURNMENT OF HEARING ON SEPTEMBER 28, 2011 AND
LEAVE TO CONDUCT DISCOVERY ON CLAIM**

Michael A. Coleman ("Coleman"), by and through his attorneys, Amigone, Sanchez & Mattrey, LLP, Arthur G. Baumeister, Jr., Esq., of counsel, as and for his Response to the Debtors' One Hundred Forty-Third Omnibus Objection to Claims (Late-Filed) (the "Claim Objection"), respectfully shows the Court as follows:

1.      On or about March 3, 2011, Coleman filed a Proof of Claim in the above entitled proceeding denoted as claim #67363 (the "Claim"), a copy of which is annexed hereto as Exhibit "A".

2.      This is submitted in Response and Opposition to the Claim Objection, among other things, on the basis that Coleman was not given sufficient and proper notice of the bar date to file claims, timely served a *pro se* response to the Claim Objection, has a

meritorious basis for his Claim and is in need of disclosure from the Debtors with respect to his Claim.

3. Coleman's Claim arises from certain monies held by Debtors in accounts of the Debtors, i.e., account numbers ending in x2501 and x9662 (full account numbers have been redacted for purposes of privacy, although they are available) (the "Accounts").

4. Specifically, Coleman has been denied access to the Accounts and material information regarding the Accounts. It is believed that the Debtors may have transferred the assets in the Accounts or otherwise closed the Accounts without authorization. Alternatively, to the extent that the Accounts remained in existence at the time of the bankruptcy filing, the money in the Accounts belongs to Coleman.

5. Upon receiving the Claim Objection, Coleman contacted Casey Burton, Esq., of counsel to the Debtors and sent him a handwritten letter response to the Claim Objection, a copy of which is annexed hereto as Exhibit "B".

6. Upon information and belief, on July 18, 2011, as a result of Coleman's handwritten letter the Debtors filed a Notice of Adjournment with respect to Coleman's Claim scheduling a return date for September 28, 2011 at 10AM.

7. Thereafter, Coleman made numerous attempts to obtain information relative to his Claim from counsel for the Debtors, the Debtors, agents and servicers for the Debtors, Barclays and others.

8. Coleman, who is extremely unsophisticated and come across on the telephone as being simple-minded, was unable to find anyone that would disclose information relative to his accounts or otherwise help in regarding his Claim, despite all of his efforts and promises by those to whom he spoke that they would call him back.

9. Coleman, then sought the services of a lawyer to help him, but ran into numerous obstacles finding a lawyer who had the requisite expertise to help him, as well as a lawyer who was willing to get involved in a complex matter for an individual with extremely limited financial resources.

10. Coleman eventually was directed to the undersigned, who agreed to help him with this matter.

11. The undersigned left a message for Robert J. Lemons, Esq., attorney of record in connection with the Claim Objection, last Friday advising that Coleman had retained legal counsel and that we were seeking an adjournment of the Claim Objection, from September 28th, to try to obtain some information in the hopes of resolving it. The undersigned also sent an email to Mr. Lemons last Friday with the same information.

12. As of this writing, the undersigned has not heard from Mr. Lemons or anyone in his office in response thereto.

13. Coleman did not have a copy of the original objection (he left it with one of the attorneys he had met with), but did have a copy of the Notice of Adjournment.

14. The undersigned located the Notice of Adjournment on the Court Docket but it did not show any relation to the Claim Objection. The undersigned had hoped to obtain that information from Debtors' counsel to avoid reviewing thousands of docket entries.

15. Having not received any response to my messages to Debtors' counsel, I reviewed the voluminous docket entries and finally located the Claim Objection on the Court Docket. On the Claim Objection was the name and number of Casey Burton, Esq., who was identified as the individual to whom questions should be directed.

16. The undersigned left a message for Mr. Burton and sent an email to Mr. Burton, but as of this writing, there has been no response.

17. As set forth in Coleman's handwritten response, he was never served with any notice setting a bar date or any other notices in connection with the Debtors' bankruptcy proceedings.

18. Coleman has account numbers for the two (2) Lehman Brothers Accounts. Yet, the Debtors through their agents, have refused to provide information regarding these accounts to Coleman and have suggested that the Accounts have been liquidated.

19. Coleman is entitled to discovery regarding the Accounts.

WHEREFORE, Michael A. Coleman respectfully requests that the Court:

(a) grant an adjournment of the September 28, 2011 hearing date;

(b) grant leave for discovery in connection with Coleman's Claim;

(c) overrule the Claim Objection;

(d) allow the Coleman Claim; and

(e) grant such other an further relief as the Court deems just and proper.

Dated: September 26, 2011
Buffalo, New York

AMIGONE, SANCHEZ & MATTREY, LLP

By: /s/ Arthur G. Baumeister, Jr.
Arthur G. Baumeister, Jr., Esq., of Counsel
Office and P.O. Address
1300 Main Place Tower
350 Main Street
Buffalo, New York 14202
Phone: (716) 852-1300

*Attorneys for Michael A. Coleman*