# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

bpolovoy@shearman.com                                                              September 27, 2011
(212) 848-4703

**BY MESSENGER AND FILED ON CM/ECF SYSTEM**

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York  10004

*In re Lehman Brothers Holdings Inc., et al.*
Case No. 08-13555 (JMP) (Jointly Administered)

*Lehman Brothers Holdings Inc., et al. v. Nomura International plc*
Adv. Proc. No. 10-03228 (JMP)

*Lehman Brothers Holdings Inc., et al. v. Nomura Securities Co., Ltd.*
Adv. Proc. No. 10-03229 (JMP)

Dear Judge Peck:

We represent Nomura International plc ("NIplc"), Nomura Securities Co., Ltd. ("NSC"), and Nomura Global Financial Products, Inc. ("NGFP," together with NIplc and NSC, "Nomura") in the above-referenced actions.  We write to request a conference with the Court pursuant to Local Bankruptcy Rule 7007-1(b) to address a dispute regarding the scope of document discovery that Nomura is entitled to receive from plaintiffs Lehman Brothers Holdings Inc. ("LBHI"), and Lehman Brothers Special Financing Inc. ("LBSF," together with LBHI and certain of LBHI's debtor affiliates, the "Debtors").  The facts and issues are set forth in the attached memorandum in support of a motion to compel (which will not be filed if the matter is resolved at the Rule 7007-1(b) conference).

By way of background, the Court entered a Stipulation and Order staying these proceedings on May 23, 2011, so that the parties could attempt to resolve their disputes through negotiations. On September 23, 2011, the Debtors filed a notice lifting the stay and restarting the litigation.

ABU DHABI  |  BEIJING  |  BRUSSELS  |  DÜSSELDORF  |  FRANKFURT  |  HONG KONG  |  LONDON  |  MILAN  |  MUNICH  |  NEW YORK
PALO ALTO  |  PARIS  |  ROME  |  SAN FRANCISCO  |  SÃO PAULO  |  SHANGHAI  |  SINGAPORE  |  TOKYO  |  TORONTO  |  WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

The Honorable James M. Peck                                         September 27, 2011
Page 2

The motion to compel is time-sensitive because we anticipate the Debtors may seek to estimate Nomura's claims for reserve purposes as early as mid-December (in 2 ½ months). Nomura must obtain discovery from the Debtors as soon as possible so that Nomura can analyze the discovery and be in a position at any estimation hearing to present its position to the Court. We asked the Debtors to agree to January 31, 2012 as the earliest date on which they would seek estimation of Nomura's claims so that the parties could continue to negotiate without having to litigate this issue at this point. Unfortunately, we were unable to obtain the Debtors' agreement to this proposal, and Lehman then lifted the stay.

The reason a motion to compel is necessary is as follows. The Debtors brought these lawsuits to challenge Nomura's claims arising from terminated derivative transactions. The Debtors allege that Nomura failed to act in a commercially reasonable manner in calculating the values of those derivative transactions. Any assessment of whether a party acted in a commercially reasonable manner, particularly in the context of derivative transactions, necessarily involves a comparison between the way that party acted and the way that others in a similar position would have acted or did in fact act. The Debtors hold the information that would allow such a comparison to be made, but have refused to produce it. Nomura has no other means of accessing such information, and therefore, the Debtors' refusal denies Nomura the opportunity to defend the claims and precludes the Court from making an informed assessment of the merits of the lawsuits.

The Debtors' approach to discovery has been simple: They do not have to produce relevant documents, but Nomura does. In particular, the Debtors largely refuse to produce documents or information created on or after September 15, 2008, the day LBHI filed for bankruptcy. Perhaps most unacceptable is the Debtors' refusal to produce any information relating to how other derivative claimants calculated their claims, even in a manner designed to ensure such claimants' anonymity and to protect fully such claimants' proprietary trading strategies and information. The Debtors also refuse to produce documents about two groups of derivative transactions between NIplc and LBSF – each of which constitutes a substantial portion of NIplc's proof of claim – related to three Icelandic banks and commercial mortgage-backed securities. Last, the Debtors refuse to produce information from their settlement with Ambac in which the Debtors assumed the role of "Non-defaulting Party" in relation to derivatives transactions LBSF had with Ambac – information that would reveal how the Debtors themselves valued terminated derivatives transactions when they were not in the position of second-guessing what others have done.

The fundamental issue in this litigation is whether Nomura's calculations were reasonable. This issue cannot be decided in a vacuum, and the limited information Nomura seeks is directly relevant to the Debtors' claims and Nomura's defenses. LBSF was Nomura's counterparty in the terminated transactions, and NIplc, NSC and NGFP were three of thousands of derivative

The Honorable James M. Peck                                September 27, 2011
Page 3

claimants trying to value their terminated derivative claims in the chaos that followed the LBHI bankruptcy. Knowing what the Debtors did, and what similarly situated derivatives claimants did, both in terms of the market data that they took into consideration and the manner in which such data was then applied in calculating values, is plainly relevant to determining market prices and practices and, therefore, whether Nomura acted reasonably. LBHI has in its possession more relevant, non-privileged information regarding market activity following its bankruptcy filing than anyone in the world. It is unacceptable for LBHI to claim that Nomura acted "egregiously" in connection with its calculation of its Loss amount under its terminated derivatives transactions – but then to deny Nomura and the Court access to the most relevant information concerning the valuations performed by others. Nomura and the Court are entitled to know what others in the industry did in calculating their Settlement Amounts and how LBSF valued its own exposures. Especially where the Debtors could seek to have the rulings in this case applied in future cases involving derivative transactions, the Court's decisions should be made on a full record, not a record in which the Debtors decide what information can be considered.

We are available to discuss this matter with the Court at the Court's convenience.

Respectfully submitted,

Brian H. Polovoy

cc:    Jayant W. Tambe, Esq.
       David S. Cohen, Esq.