## EXHIBIT B

*(Enron* **Bench Ruling Transcript)**

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
In the Matter of:

ENRON CORP., ET AL.,

                                      Case No.
                                      01-16034

        Debtor.
------------------------------------------x

                    April 11, 2002
                    2:00 p.m.
                    United States Custom House
                    One Bowling Green
                    New York, New York

B E F O R E:
       HON. ARTHUR J. GONZALEZ, U.S. BANKRUPTCY JUDGE

Ruling in reference to: One, the schedules; two,
exclusivity; and three, the D&O insurance issue

Reported by:
Linda D. Noto, RPR, CSR

2

ENRON CORP., ET AL.,

Appearances:

WEIL, GOTSHAL & MANGES, LLP
    Attorneys for Debtors
    767 Fifth Avenue
    New York, New York 10153-0119

BY:    MARTIN J. BIENENSTOCK, ESQ.
        - and -
    RICHARD L. LEVINE, ESQ.
        - and -
    HANS S. HWANG, ESQ.

WEIL, GOTSHAL & MANGES, LLP
    Attorneys for Debtors
    1501 K Street, N.W., Suite 100
    Washington, D.C. 20005
BY:    DAVID R. BERZ, ESQ.

WEIL, GOTSHAL & MANGES, LLP
    Attorneys for Debtors
    700 Louisiana, Suite 1600
    Houston, Texas 77002
BY:    STEPHEN T. LODEN, ESQ.

OFFICE OF THE ATTORNEY GENERAL - STATE OF TEXAS
    JOHN CORNYN
    Post Office Box 12548
    Austin, Texas 78711-2548
BY:    JEFF BOYD, DEPUTY ATTORNEY
    GENERAL FOR LITIGATION
        - and -
    HAL F. MORRIS, ASSISTANT ATTORNEY
    GENERAL - SENIOR ATTORNEY
    BANKRUPTCY & COLLECTIONS DIVISION

ENRON CORP., ET AL.,

Appearances: (Continued)

THOMPSON & KNIGHT LLP
    Attorneys for Dunhill Group
    1700 Pacific Avenue, Suite 3300
    Dallas, Texas 75201
BY:   DAVID M. BENNETT, ESQ.

CARRINGTON COLEMAN SLOMAN & BLUMENTHAL L.L.P.
    Attorneys for Kenneth Lay
    200 Crescent Court, Suite 1500
    Dallas, Texas 75201-1848
BY:   RUSSELL F. NELMS, ESQ.

CADWALADER, WICKERSHAM & TAFT
    Attorneys for PG&E
    100 Maiden Lane
    New York, New York 10038
BY:   EDWARD A. SMITH, ESQ.

ENRON CORP., ET AL.,

Appearances: (Continued)

CLIFFORD CHANCE ROGERS & WELLS LLP
    Attorneys for PE&E, GTN
    200 Park Avenue
    New York, New York 10166-0153
BY:  WENDY ROSENTHAL, ESQ.

REED SMITH LLP
    Attorneys for The Wiser Oil Company
    375 Park Avenue, 17th Floor
    New York, New York 10152
BY:  DEBORAH A. REPEROWITZ, ESQ.

McCLAIN & SIEGEL, P.C.
    Attorneys for The Employment
    Related Issues Committee
    909 Fannin, Suite 4050
    Houston, Texas 77010

BY:  DAVID McCLAIN, ESQ.

5

ENRON CORP., ET AL.,

A p p e a r a n c e s:    (Continued)

KRONISH LIEB WEINER & HELLMAN, LLP
    Attorneys for The Employee
    Related Issues Committee
    1114 Avenue of the Americas
    New York, New York 10036-7798

BY:    RONALD R. SUSSMAN, ESQ.

BARRY A. BROWN, ESQ.
    Attorney for Upstream Energy Services
    as agent for the gas producers
    The Arena Tower, Suite 1100
    7322 Southwest Freeway
    Houston, Texas 77074

ARTER & HADDEN, LLP
    Attorneys for AEGIS Insurance
    101 West Broad Street, Suite 2100
    Columbus, Ohio   43215-3422

BY:    DAN A. BAILEY, ESQ.

6

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

PHILLIPS NIZER, LLP
    Attorneys for AEGIS
    600 Old Country Road
    Garden City, New York   11530-2011
BY:   LOUIS A. SCARCELLA, ESQ.

TOGUT, SEGAL & SEGAL LLP
    Attorneys for Enron et al
    One Penn Plaza
    New York, New York   10119
BY:   FRANK A. OSWALD, ESQ.
       -and-
   SCOTT RATNER, ESQ.

NICKENS, LAWLESS & FLACK, L.L.P.
    Attorneys for Officers Regarding
    Insurance Carriers
    1000 Louisiana Street, Suite 5360
    Houston, Texas   77002

BY:   JACK C. NICKENS, ESQ.

7

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
    Attorneys for Appaloosa Management L.P.,
    Oaktree Capital Management, LLC,
    Angelo Gordon & Co., L.P.,
    Elliott Associates, L.P.
    1633 Broadway
    New York, New York   10019-6799

BY:   RICHARD F. CASHER, ESQ.

GOLUB & GOLUB, LLP
    Attorneys for Rio Piedras
    225 Broadway, Suite 1515
    New York, New York   10007

BY:   CHRISTOPHER P. BRUNDAGE, ESQ.
      - and -
    FRANK JAKLITSCH, ESQ.

MILBANK, TWEED, HADLEY & MCCLOY LLP
    Attorneys for Official Comm. of the
    Unsecured Creditors Committee
    1 Chase Manhattan Plaza
    New York, New York   10005-1413
BY:   LUC A. DESPINS, ESQ.
      - and -
    MATTHEW BARR, ESQ.

8

ENRON CORP., ET AL.,

A p p e a r a n c e s:    (Continued)

DALTON GOTTO SAMSON & KILGARD
    Attorneys for Tittle
    Suite 900, National Bank Plaza
    3101 N. Central Avenue
    Phoenix, Arizona    85012

BY:    GARY A. GOTTO, ESQ.

ENTWISTLE & CAPPUCCI LLP
    Attorneys for Florida State Board
    of Administration
    200 Park Avenue
    New York, New York    10171-1499
BY:    ANDREW J. ENTWISTLE, ESQ.

GIBBS & BRUNS, L.L.P.
    Attorneys for Enron Outside Directors
    1100 Louisiana, Suite 5300
    Houston, Texas    77002
BY:    ROBERT MADDEN, ESQ.

ENRON CORP., ET AL.,

A p p e a r a n c e s:   (Continued)

GENOVESE JOBLOVE & BATTISTA, P.A.
    Attorneys for Class Claimants
    in Houston Action
    Bank of America Tower
    100 Southeast Second Street, 36th Floor
    Miami, Florida   33131
BY:   CRAIG P. RIEDERS, ESQ.
      - and -
JOHN GENOVESE, ESQ.

TONKON TORP LLP
    Attorneys for Ken L. Harrison
    1600 Pioneer Tower
    888 SW Fifth Avenue
    Portland, Oregon   97204

BY:   ZACHARY W.L. WRIGHT, ESQ.

SHEARMAN & STERLING
    Attorneys for Citigroup
    599 Lexington Avenue
    New York, New York   10022-6069

BY:   FREDRIC SOSNICK, ESQ.

10

ENRON CORP., ET AL.,

Appearances: (Continued)

    DAVIS POLK & WARDWELL
        Attorneys for JP Morgan Chase Bank
        450 Lexington Avenue
        New York, New York 10017
    BY:    MARSHALL SCOTT HUEBNER, ESQ.

    ROPES & GRAY
        Attorneys for Present and Former
        Outside Directors
        One International Place
        Boston, Massachusetts 02110-2624

    BY:    WILLIAM F. MCCARTHY, ESQ.

APPEARING TELEPHONICALLY
        NEBENZAHL KOHN DAVIS & LEFF LLP
            ALBERT DAVIES, ESQ.
            MERTON RANDEL DAVIES, ESQ.
        WOLLMUTH, MAHER & DEUTSCH LLP
            KIRSTIN PETERSON, ESQ.

        VORYS, SATER, SEYMOUR & PEASE
            JONATHAN AIREY, ESQ.
        WEIL, GOTSHAL & MANGES LLP
            MARGARITA COALE, ESQ.

        ROPES, GRAY
            GREG KADEN, ESQ.

11

1        ENRON CORP., ET AL.,

2            THE COURT: Please be seated.

3            All right. My recollection, if I

4   left something out I'll have to go back in and get

5   some more papers, but my recollection is that

6   there are three decisions I have to read into the

7   record: One, the schedules; two, exclusivity; and

8   three, the D&O insurance issue.

9            Was there anything else that I

10  reserved on this morning?

11           All right. I'll deal first with

12  exclusivity and then I'll read a decision with

13  respect to the D&O. And when I deal with

14  exclusivity, I'll deal as well with the schedules.

15           Cause exists to extend the Debtors

16  exclusive periods as to all the Debtors.

17           With respect to ENA, the Court will

18  do the following: One, extend ENA's exclusive

19  period to August 31st, 2002; two, sua sponte

20  expand the ENA Examiner's role to that of the

21  facilitator of a plan in the ENA case and direct

22  him to file a report regarding the status of those

23  efforts including a recommendation as to any

24  further extension of ENA's exclusivity; three,

25  such report shall be filed on or before July 26,

1        ENRON CORP., ET AL.,
2    2002.
3            With respect to the other Enron
4    Debtors, the exclusive period is extended as
5    requested by the Debtor and the Committee for the
6    six-month period sought.
7            With respect to the schedules, the
8    Court grants the Debtors' request for the
9    additional 60 days and the related relief sought.
10   And the Debtor is to serve an order with respect
11   to both of those issues, and obviously settle it
12   upon the ENA Examiner with respect to the
13   exclusivity issue.
14           Regarding the AEGIS motion and the
15   outside directors.  Concerning the motions filed
16   by AEGIS and the outside directors to lift the
17   automatic stay to allow AEGIS to pay amounts under
18   the AEGIS D&O Policy and the AEGIS Fiduciary and
19   Employee Benefit Liability Policy, first, as set
20   forth by the Movants, their motion to lift the
21   stay is the procedurally correct method to have
22   this matter presented to the Court.
23           Therefore, currently at issue is
24   the payment of the defense costs incurred by the
25   officers and directors.

1      ENRON CORP., ET AL.,

2           The D&O Policy provides for
3   coverage of the directors and officers,
4   indemnification coverage for the Debtor, and
5   entity coverage for the Debtor.
6           Pursuant to the terms of the D&O
7   Policy, the directors have a right to advancement
8   of defense costs under a priority of payments
9   endorsement.
10          The Debtors' entity coverage and
11  its indemnification coverage are expressly
12  subordinated to the rights of the directors and
13  officers under the AEGIS D&O policy.
14          As the Debtors' property rights are
15  defined by state law, it is that law that governs
16  the contractual obligation; thus, any directors
17  and officers currently due defense costs covered
18  by the policy must be paid from the proceeds of
19  the policy first.  The Debtors are then entitled
20  to have their own claims for defense costs paid.
21          The Debtors note the importance of
22  providing the officers and directors with this
23  type of coverage.  The Debtors assert that the
24  Debtor, itself, is entitled to currently-due
25  defense costs and will seek payment once the

1                 ENRON CORP., ET AL.,

2 directors and officers receive payments for the

3 amounts currently due them.

4                 With respect to the payment of

5 officers and directors' defense costs, to the

6 extent that any such payments would negatively

7 impact the Debtors' interest in the proceeds of

8 the D&O policy, that result is dictated by the

9 negotiated terms of the policy.

10                As certain officers and directors

11 may have present rights to payment of defense

12 costs, the fact that certain parties may in the

13 future assert claims and potentially become

14 entitled to payment from the insurance policies

15 does not preclude those who are currently entitled

16 to payment from receiving it.

17                In any case, the parties are bound

18 by the contractual provisions of the policy. The

19 Debtors' interest in the policy is limited by its

20 contractual provisions including a priority

21 advancement and payment obligations contained in

22 those policies. The Court cannot rewrite the

23 provisions of the contract.

24                The Objectants acknowledge the

25 terms of the contract. Some of the Objectants

15

1           ENRON CORP., ET AL.,

2    argue that because AEGIS and the outside directors

3    are seeking to invoke this Court's jurisdiction

4    concerning the lifting of the stay, that gives

5    this Court leeway to set conditions upon which the

6    stay would be lifted. However, in this case, any

7    such action would result in changing the terms of

8    the contract.

9                The Court finds that, while

10   exercising jurisdiction concerning the issue of

11   lifting the stay, it should not exercise

12   jurisdiction over the terms of the contract and

13   will not interfere with those terms.

14               Under the AEGIS Fiduciary Policy,

15   the coverage afforded the relevant Debtors is

16   co-extensive with the coverage afforded the

17   individual insureds. However, that policy

18   provides a special $10 million fund earmarked for

19   defense costs.

20               Payment from that fund will protect

21   the coverage that is available for payment of

22   settlements and judgements. Moreover, payment

23   from the special funds requires written approval

24   from the Debtor. These two aspects protect the

25   Debtors' interest.

|   |   |
|---|---|
| 1 | ENRON CORP., ET AL., |
| 2 | In addition, the Debtors have |
| 3 | referenced the estates' interest in having |
| 4 | individual defendants vigorously defend themselves |
| 5 | in light of the potential for vicarious liability. |
| 6 | The Debtors also have asserted that |
| 7 | the payment of the individual claimants' defense |
| 8 | cost from the special $10 million fund should not |
| 9 | limit the availability of proceeds that may be |
| 10 | required by the Debtor. |
| 11 | Based upon the pleadings filed and |
| 12 | the record of this hearing, the Court finds that |
| 13 | because of the entity coverage, the stay is |
| 14 | implicated. However, the Debtors' interest appear |
| 15 | minimal. |
| 16 | Moreover, the Debtors' interest |
| 17 | should not be expanded by this Court. They should |
| 18 | receive no greater protection than their contract |
| 19 | rights afford them. |
| 20 | The Court finds cause to lift the |
| 21 | stay and grant the motion to permit the parties to |
| 22 | exercise their contractual rights under the D&O |
| 23 | Policy. |
| 24 | In addition, the Court grants the |
| 25 | motion to lift the automatic stay to the extent |

1          ENRON CORP., ET AL.,

2     that the individual insureds and the Debtors may

3     exercise their contractual rights against the

4     $10 million special fund portion of the Fiduciary

5     Policy.

6               The Movants shall settle an order

7     upon the appropriate parties.

8               We will begin again, I think, at

9     2:30.  Thank you.

10

11               (Time noted:  2:05 p.m.)

12                         oOo

13

14

15

16

17

18

19

20

21

22

23

24

25

18

CERTIFICATE

STATE OF NEW YORK    )
                    )SS.:
COUNTY OF NEW YORK   )

    I, LINDA D. NOTO, a Certified Shorthand Reporter, Registered Professional Reporter and Notary Public within and for the State of New York, do hereby certify:

    I reported the proceedings in the within entitled matter, and that the within transcript is a true record of such proceedings.

    I further certify that I am not related, by blood or marriage, to any of the parties in this matter and that I am in no way interested in the outcome of this matter.

    IN WITNESS WHEREOF, I have hereunto set my hand this 11th day of April, 2002.

*Linda D. Noto*

LINDA D. NOTO, C.S.R., R.P.R.
License Number XI 01887 - N.J.
License Number 001002 - N.Y.

212-867-8220    Doyle Reporting, Inc.    Doylerpt1@aol.com

2ace9960-508a-11d6-bfa1-0050da59f9be