Presentment Date and Time: October 11, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: October 11, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re                                                            :          **Chapter 11 Case No.**
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :          **08-13555 (JMP)**
                                                                 :
                                        **Debtors.**        :          **(Jointly Administered)**
                                                                 :
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF APPLICATION**
**OF LEHMAN BROTHERS HOLDINGS INC. PURSUANT**
**TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE**
**2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR**
**COMPENSATING AND REIMBURSING KREBSBACH & SNYDER, P.C. AS**
**SPECIAL COUNSEL, EFFECTIVE AS OF JULY 1, 2011**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application

(the "Application") of Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated

debtors in the above-captioned chapter 11 cases, as debtors in possession, the "Debtors"),

pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), and

Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule

2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules"), to modify the procedures for compensating and reimbursing Krebsbach & Snyder, P.C.,

as special counsel, effective as of July 1, 2011, all as more fully described in the Application, to

the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **October 11, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), and served in accordance with General Order M-399 and on: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Krebsbach & Snyder, P.C., One Exchange Plaza, 55 Broadway, Suite 1600, New York, New York 10006, Attn: Barry S. Gold, Esq., **so as to be so filed and received by no later than October 11,**

**2011 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: September 27, 2011
      New York, New York

                    /s/ Richard P. Krasnow
                    Richard P. Krasnow

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for the Debtors
                    and Debtors in Possession

Presentment Date and Time: October 11, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: October 11, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                              :
In re                                         :      Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :      08-13555 (JMP)
                                              :
                        Debtors.              :      (Jointly Administered)
                                              :
------------------------------------------------------------------x
```

**APPLICATION OF LEHMAN BROTHERS HOLDINGS INC.**
**PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE**
**AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE FOR AUTHORIZATION TO MODIFY THE PROCEDURES**
**FOR COMPENSATING AND REIMBURSING KREBSBACH & SNYDER, P.C.**
**AS SPECIAL COUNSEL, EFFECTIVE AS OF JULY 1, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors in possession, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), files this Application to employ Krebsbach & Snyder, P.C. ("Krebsbach & Snyder") as special counsel, effective as of July 1, 2011 and respectfully represents:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009, [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No. 7531].

5.      On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [ECF Nos. 19627 and 19629].  On September 1, 2011, the Bankruptcy Court entered an amended order

[ECF No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.

## Jurisdiction

6.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

7.      Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## Relief Requested

9.      LBHI requests authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), to modify the procedures for compensating and reimbursing Krebsbach & Snyder as special counsel to LBHI, effective as of July 1, 2011.  Specifically, Krebsbach & Snyder has been engaged to prosecute claims to recover amounts due under promissory notes executed by former

employees of LBHI, LBI or other affiliated entities (collectively, the "Matters").[1] Krebsbach & Snyder has, to date, commenced 58 arbitration proceedings at the Financial Industry Regulatory Authority ("FINRA") to recover amounts owed under said promissory notes, approximately 40 of which are still pending.

10.      Krebsbach & Snyder was previously retained as an "Ordinary Course Professional" (as hereinafter defined below) and has been providing legal services to the LBHI in connection with the Matters since April 2009.  This application is solely intended to put in place a different payment mechanism with respect to Krebsbach & Snyder's fees and expenses incurred in providing those legal services it has heretofore been providing under the "Ordinary Course Professional" protocol to that applicable to special counsel.

## Krebsbach & Snyder As Ordinary Course Professional

10.      Krebsbach & Snyder has previously been providing legal services on behalf of LBHI with respect to the Matters as a professional utilized in the ordinary course ("Ordinary Course Professional") in these chapter 11 cases, in accordance with this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010 (the "Amended OCP Order") [ECF No. 7822].  Pursuant to the procedures set forth in the Amended OCP Order, such retention became effective upon the filing of the Affidavit, and Disclosure Statement, of Theodore A. Krebsbach on behalf of Krebsbach & Snyder [ECF No. 3158], and the expiration of the relevant objection period.

11.      The Amended OCP Order authorizes the Debtors to pay compensation to

---

[1]  LBHI is prosecuting these claims pursuant to a Stipulation and Order between LBHI and James W. Giddens, as Trustee for the SIPA Liquidation of LBI, with Respect to Promissory Notes Evidencing Loans to Certain Employees, so ordered by this Court on December 3, 2009.

and reimburse the expenses of Ordinary Course Professionals in the full amount billed by such Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices." As more fully discussed in the affidavit of Theodore A. Krebsbach, sworn to on September 21, 2011 (the "Krebsbach Affidavit"), a copy of which is attached hereto as Exhibit A, pursuant to the Amended OCP Order, Krebsbach & Snyder provided services to LBHI and was compensated for those services upon the presentation of detailed invoices indicating the nature of the services rendered, which were calculated in accordance with Krebsbach & Snyder's standard billing practices.

12.     The Amended OCP Order further provides "payment to any one Ordinary Course Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period") and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ." (the "OCP Cap")

13.     To date, LBHI has paid Krebsbach & Snyder approximately $980,000 in compensation and reimbursement for services rendered in connection with the Matters. Krebsbach & Snyder has informed LBHI that the aggregate amount of its fees and expenses accrued during these chapter 11 cases through the month of July 2011 will result in Krebsbach & Snyder exceeding the OCP Cap.  It is LBHI's understanding that in anticipation of exceeding the OCP Cap, Krebsbach & Snyder began preparing the requisite materials for the filing of this Application, including performing the necessary conflicts check.  LBHI submits

that Krebsbach & Snyder has provided necessary services, such services are of value to the estates, and the continued retention of Krebsbach & Snyder is appropriate.  Accordingly, LBHI now seeks to retain Krebsbach & Snyder as special counsel in accordance with the Amended OCP Order and pursuant to section 327(e) of the Bankruptcy Code, the purpose of which is to simply put in place a different mechanism for the processing of its pending and future charges.

## Qualifications of Krebsbach & Snyder

14.    As described in the Krebsbach Affidavit, it is LBHI's understanding that Krebsbach & Snyder has extensive knowledge and experience with FINRA arbitrations and, particularly, prosecuting promissory note claims on behalf of brokerage firms against former employees.  LBHI believes that Krebsbach & Snyder is a leading litigation/arbitration firm that has represented the Debtors and their affiliates in these types of matters since 1997.  In addition, it is LBHI's understanding that Krebsbach & Snyder's litigation professionals frequently represent brokerage firms and their employees in a wide range of litigation matters in arbitration and in court and in a wide range of regulatory matters.

15.    LBHI believes that in light of Krebsbach & Snyder's ongoing representation of LBHI with respect to the Matters, Krebsbach & Snyder is uniquely able to continue to represent LBHI with respect to the Matters in an efficient and effective manner.  To date, Krebsbach & Snyder has successfully obtained awards in favor of LBHI in several of the cases and a number have been settled prior to a hearing or the commencement of an arbitration proceeding.  If LBHI is required to retain counsel other than Krebsbach & Snyder with respect to the Matters, LBHI, its estates, and all parties in interest will be unduly

prejudiced by the time and expense necessary to enable such other counsel to become familiar

with the Matters.

## Scope Of Services To Be Provided

16.    Subject to further order of this Court, it is proposed that Krebsbach & Snyder

be employed to continue to represent LBHI with respect to the Matters.

17.    Furthermore, LBHI requests that the modification of the procedures for

compensating and reimbursing Krebsbach & Snyder be made effective as of July 1, 2011 to ensure

that Krebsbach & Snyder is compensated for all of its services to LBHI.  Establishing July 1, 2011

as the date of Krebsbach & Snyder's retention as special counsel in these cases will enable

Krebsbach & Snyder to smoothly transition its billing practices and procedures from its prior

retention as an Ordinary Course Professional and will enable Krebsbach & Snyder to be

compensated for all of its services rendered to LBHI which provided value to its estates.

## Professional Compensation

18.    LBHI proposes to pay Krebsbach & Snyder its customary hourly rates for

services rendered that are in effect from time to time, as set forth in the Krebsbach Affidavit, and to

reimburse Krebsbach & Snyder according to its customary reimbursement policies, in accordance

with sections 330(a) and 331 of the Bankruptcy Code.

19.    Krebsbach & Snyder has informed LBHI that the current billing rate for

Krebsbach & Snyder partners is $395 per hour; its billing rate for counsels is $325 per hour;

its associates' rates range from $205 to $250 per hour; and its paralegal rate is $135 per hour for

senior paralegals and $95 per hour for junior paralegals.  Krebsbach & Snyder informed LBHI

that the hourly rates vary with the experience and seniority of the individuals assigned and may be

adjusted from time to time and in accordance with Krebsbach & Snyder's established practices

and procedures.  LBHI believes such rates are reasonable and comparable to the rates other firms charge for similar services.

20.      LBHI understands that in connection with the reimbursement of reasonable and necessary expenses, it is Krebsbach & Snyder's policy to charge its clients for expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other telephone charges, delivery service, and other expenses incurred in providing professional services.

21.      It is LBHI's understanding that Krebsbach & Snyder intends to apply to the Court by separate application for allowance of all fees and expenses incurred during these chapter 11 cases on or after July 1, 2011, solely with respect to fees and expenses to be paid to Krebsbach & Snyder in excess of $1 million, in connection with services provided to LBHI related to the Matters.  Compensation and reimbursement of such fees and expenses shall be subject to approval of the Court upon proper application by Krebsbach & Snyder in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], this Court's Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389.

### Basis For Relief

22.      LBHI's knowledge, information, and belief regarding the Matters set forth in this Application are based on and made in reliance upon the Krebsbach Affidavit.

23.      The retention of Krebsbach & Snyder under the terms described herein

is appropriate under Bankruptcy Code sections 327(e) and 1107(b).  Section 327(e) provides for

the appointment of special counsel where the proposed counsel does not possess any interest

materially adverse to the debtor with regard to the matter(s) that will be handled by counsel.

Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a
> specified special purpose, other than to represent the trustee in
> conducting the case, an attorney that has represented the debtor,
> if in the best interest of the estate, and if such attorney does
> not represent or hold any interest adverse to the debtor or to
> the estate with respect to the matter on which such attorney is
> to be employed.

11 U.S.C. § 327(e). Moreover, Section 1107(b) provides that "a person is not disqualified for

employment under section 327 of this title by a debtor in possession solely because of such

person's employment by or representation of the debtor before the commencement of the case." 11

U.S.C. § 1107(b).

        24.      Accordingly, Section 327(e) of the Bankruptcy Code authorizes the retention

of counsel who previously represented a debtor prepetition provided that: (a) the appointment is

in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the

estate with respect to the matter for which counsel is to be employed; and (c) the specified

special purpose for which counsel is being retained does not rise to the level of conducting

the bankruptcy case for the debtor in possession.  *See In re AroChem Corp.,* 176 F.3d 610, 622

(2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the

estate are identical *with respect to the matter for which special counsel is retained,* there is no

conflict and the representation can stand"); *see also In re DeVlieg, Inc.,* 174 B.R. 497 (N.D. Ill.

1994).  As explained more fully below, LBHI submits that each of these factors is satisfied with

respect to Krebsbach & Snyder, which has already been retained as an Ordinary Course

Professional, and, therefore, its retention, which is solely intended to put in place a different payment mechanism with respect to their charges, should be approved under section 327(e) of the Bankruptcy Code.

### The Employment and Retention of Krebsbach & Snyder is in the Best Interests of the Estates

25.     As detailed above, LBHI retained Krebsbach & Snyder with respect to the Matters pursuant to the procedures set forth in the Amended OCP Order and Krebsbach & Snyder has been actively providing such services to the benefit of LBHI, its estates and creditors. Over the course of its post-petition representation of LBHI, Krebsbach & Snyder has become familiar with the relevant business personnel and operations, as well as the legal matters described in this Application and in the Krebsbach Affidavit.   LBHI believes that the employment of Krebsbach & Snyder as its special counsel will enable LBHI to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with the Matters.   Additionally, LBHI submits that Krebsbach & Snyder is well qualified to act as special counsel with respect to the Matters.

26.     For these reasons, LBHI submit that the employment of Krebsbach & Snyder is in the best interests of LBHI, its estates, and creditors.

### Krebsbach & Snyder Holds No Interest Materially Adverse to the Debtors or the Debtors' Estates

27.     To the best of the LBHI's knowledge, and except as may be set forth in the Krebsbach Affidavit, Krebsbach & Snyder does not represent or hold any interest adverse to the Debtors, their creditors, any other parties in interest herein, or their respective attorneys or accountants, or the U.S. Trustee, with respect to the Matters for which Krebsbach & Snyder is to be employed.  *See In re AroChem,* 176 F.3d at 622 (emphasizing that, under section 327(e) of

the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention). LBHI has been informed that Krebsbach & Snyder will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any new relevant facts or relationships are discovered, Krebsbach & Snyder will supplement its disclosure to the Court.

28.    Krebsbach & Snyder has filed proof of claim number 33556 in the amount of $52,692.12 in these chapter 11 cases.

29.    Based on the foregoing and the disclosures set forth in the Krebsbach Affidavit, LBHI submits that Krebsbach & Snyder does not hold or represent any interest adverse to the Debtors or the Debtors' estates with respect to the Matters for which Krebsbach & Snyder is to be employed.

### Krebsbach & Snyder Will Not
### Conduct The Debtors' Bankruptcy Case

30.    By separate applications, the Debtors have sought and obtained the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel. By contrast, Krebsbach & Snyder's postpetition work is limited to the Matters. None of these matters involve the conduct of the bankruptcy cases themselves. Additionally, because Krebsbach & Snyder is not serving as the Debtors' general bankruptcy counsel, LBHI believes that Krebsbach & Snyder has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code. Accordingly, the services rendered and functions to be performed by Krebsbach & Snyder will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors. It is LBHI's understanding that Krebsbach & Snyder will coordinate with the Debtors' other professionals to

ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

31.    As described above, LBHI's proposed retention of Krebsbach & Snyder as special counsel falls squarely within the scope of and purpose for which Congress enacted section 327(e).  As stated above, LBHI does not believe that Krebsbach & Snyder holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which Krebsbach & Snyder is proposed to be retained.  Accordingly, LBHI believes that the retention of Krebsbach & Snyder with respect to the Matters is in the best interests of LBHI, its estates, and its creditors and should be approved by the Court.

## Notice

32.    No trustee has been appointed in these chapter 11 cases.  LBHI has served notice of this Application in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, [ECF No. 9635], on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Krebsbach & Snyder; and (vii) all parties who have requested notice in these chapter 11 cases.  LBHI submits that no other or further notice need be provided.

33.    No previous request for the relief sought herein has been made by the LBHI or the Debtors to this or any other court.

WHEREFORE LBHI respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: September 27, 2011
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
And Debtors in Possession

## EXHIBIT A

**(Krebsbach Affidavit)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                                :

In re                              :     **Chapter 11 Case No.**

                                             :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :     **08-13555 (JMP)**

                                             :

                         **Debtors.**           :     **(Jointly Administered)**

                                             :

                                             :
-----------------------------------------------------------------x

### AFFIDAVIT OF THEODORE A. KREBSBACH ON BEHALF OF KREBSBACH & SNYDER, P.C. IN SUPPORT OF LEHMAN BROTHERS HOLDINGS INC.'S APPLICATION PURSUANT TO SECTIONS 327(e) AND 328 (a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO EMPLOY AND RETAIN KREBSBACH & SNYDER, P.C. AS SPECIAL COUNSEL TO LBHI

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK  )

        THEODORE A. KREBSBACH, being duly sworn, upon his oath, deposes and says:

        1.    I am a member of Krebsbach & Snyder, P.C., located at 55 Broadway, Suite 1600, New York, NY 10006 ("Krebsbach & Snyder" or the "Firm"). I am admitted to practice law in the State of New York, the United States Supreme Court, the United States Court of Appeals for the Second Circuit and the United States District Courts for the Southern and Eastern Districts of New York.

        2.    I submit this affidavit in support of the application dated September __, 2011 (the "Application") seeking authorization to employ Krebsbach & Snyder as special counsel to Lehman Brothers Holdings Inc. ("LBHI") in the above-captioned Chapter 11 case, as debtor and debtor in possession for certain matters relating to LBHI's efforts to recover

outstanding amounts due and owing by former employees of LBHI, Lehman Brothers Inc. ("LBI") or one of their affiliates under promissory notes the employees executed.

3.     All facts set forth in this affidavit are based upon my personal knowledge or information I obtained from others at the Firm regarding conflict matters. The statements herein regarding conflicts are based in part on a review of the conflicts checklist provided to the Firm by Weil Gotshal & Manges LLP ("Weil"), the Debtors' general bankruptcy counsel, setting forth certain creditors and other parties in interest relating to Debtors ("Conflicts Checklist").

4.     The Conflict Checklist was reviewed for conflicts by me, one of my partners and the Firm's office manager. Based on this review, if I were called upon to testify, I could and would testify competently to the facts set forth herein.

5.     I am authorized to submit this affidavit on behalf of Krebsbach & Snyder.

### Krebsbach & Snyder's Services

6.     The predecessor firm of Krebsbach & Snyder first began representing the Debtors in or about 1997.  Over the years, the Firm has been engaged to, among other things, prosecute claims to recover amounts due under promissory notes executed by former employees of LBHI and LBI; defend the firm and its investment representatives against customer claims; and represent investment representatives in various regulatory matters.

7.     In or about April 2009, Krebsbach & Snyder was retained by LBHI as an ordinary course professional to prosecute claims against a number of former LBHI and LBI employees to recover amounts due under promissory notes they signed (the "Matters"). LBHI was and is authorized to prosecute the Matters pursuant to a Stipulation and Order between LBHI and James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc., with Respect to Promissory Notes Evidencing Loans to Certain Employees, so ordered by this Court on December 3, 2009.  To date, the Firm has commenced 58 arbitrations at the

2

Financial Industry Regulatory Authority (formerly known as the National Association of Securities Dealers or "NASD"), approximately 40 of which are still pending.

8.    To maximize recovery for the estates, LBHI has asked that Krebsbach & Snyder continue its representation in the Matters.

9.    Krebsbach & Snyder has extensive knowledge and experience with FINRA arbitrations and, particularly, prosecuting promissory note claims on behalf of brokerage firms against former employees.   Krebsbach & Snyder is a leading litigation/arbitration firm that has represented LBHI and LBI in these types of matters since 1997, when Krebsbach & Snyder's predecessor firm was formed.   In addition, Krebsbach & Snyder's litigation professionals frequently represent brokerage firms in a wide range of litigation matters in arbitration and in court and in a wide range of regulatory matters.

### "Connections" of Krebsbach & Snyder

10.    To the best of my knowledge, neither Krebsbach & Snyder nor I have any "connection" with Debtors, their creditors, any other parties in interest herein, their respective attorneys or accountants, or the Office of the United States Trustee for the Southern District of New York ("UST"), except as stated herein. As described herein, Krebsbach & Snyder has been and is involved in certain matters involving certain creditors and other parties in interest; however, the matters are unrelated to the Matters for which Krebsbach & Snyder has been retained by the Debtors. *See In re AroChem*, 176 F.3d 610, 622 (2d Cir. 1999) (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).

11.    It is my understanding Debtors have retained, among others, the following professionals: Weil as general bankruptcy counsel; Curtis, Mallet-Prevost, Colt &

3

Mosie LLP as conflicts counsel; and Alvarez & Marsal North America LLC as restructuring advisor.    To the best of my knowledge, after investigation, I do not believe attorneys at Krebsbach & Snyder have a "connection" with these professionals, other than that one of the firm's attorneys, Barry S. Gold, was employed at Weil from March 2003 through February 2006.

12.    The Debtors are a large global enterprise involving many thousands of interested parties.  Krebsbach & Snyder may have represented, currently represent, or may in the future represent entities that are interested parties in matters unrelated to the Debtors.  We have reviewed the matters for which the Firm has been engaged for "connections" to any of the persons or entities identified in the following sections of the Conflicts Checklist and have not identified any matters in which any Lehman entity was listed or identified as an adverse party:

- 50 Largest Bondholders
- Largest Unsecured Creditors other than Bondholders
- Significant Leases
- Secured Creditors
- Government and State Regulatory Agencies
- Members of Ad Hoc or Unofficial Creditors' Committees
- Significant Stockholders
- Directors and Officers
- Underwriting Investment Bankers for Debtors' Securities
- Related Entities
- Potential Parties in Interest
- Affiliations of Outside Directors
- Professionals Retained by the Company
- Litigation Claimants
- Largest Holders of Trade Debt
- Professionals Retained by Significant Creditor Groups
- Utilities
- Committee Members
- Selected Derivative Counterparties
- Principal Investments.

4

The foregoing review identified the matters described below, none of which include a Lehman entity or any of the representative matters for which Krebsbach & Snyder has been retained.

13.    The Firm's search results indicate Krebsbach & Snyder does not currently represent any of the persons or entities identified in the sections of the Conflicts Checklist listed above with only the following limited exceptions:

a.    Representation of Barclays Capital Inc. (i) as a party in various FINRA arbitrations, (ii) as a party in various cases pending in New York State Supreme Court and (iii) in connection with various pre-litigation claims with customers and vendors. None of these matters involve any of the Debtors.

b.    Representation of Deutsche Bank AG New York financial advisors in FINRA arbitrations and regulatory matters that do not involve any of the Debtors.

c.    Representation of Goldman Sachs as a party in a FINRA arbitration not involving any of the Debtors.

d.    Representation of Merrill Lynch, Pierce, Fenner & Smith Incorporated (i) as a party in various FINRA arbitrations, (ii) as a party or non-party witness in various state court proceedings in New York and Connecticut and (iii) in connection with information requests from a government agency.  None of these matters involve any of the Debtors.

e.    Representation of Neuberger Berman LLC (i) as a party in various FINRA arbitrations, (ii) as a non-party witness in various state and federal court proceedings and FINRA arbitrations, (iii) as a party in an unrelated bankruptcy case in this Court, and (iv) in connection with pre-litigation claims involving a customer and a vendor. None of these matters involve any of the Debtors.

f.    Representation of a Royal Bank of Canada financial advisor in a FINRA regulatory matter that does not involve any of the Debtors.

14.    Krebsbach & Snyder has not been and is not currently adverse to the Debtors or their affiliates with respect to the matters for which they have been retained.  I note also that Krebsbach & Snyder represents several former LBI employees as respondents in two FINRA arbitrations in which the claimants have asserted claims for losses in connection with

their purchase of auction rate securities.  In addition, Krebsbach & Snyder has filed a proof of claim in each of the LBHI and LBI bankruptcy proceedings in the amount of $52,692.12 for legal services performed pre-petition.

15.    Krebsbach & Snyder will not represent any party whose interest would be adverse to the Debtors or their estates with respect to the matters for which Krebsbach & Snyder is being retained hereunder.  Krebsbach & Snyder will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise and, if any relevant facts or relationships are discovered, will supplement its disclosure to the Court.

### Securities Ownership

16.    An email was sent to all attorneys and other employees at the firm requesting that they disclose any ownership of securities of the Debtors (excluding by means of accounts over which the attorneys hold legal authority but do not have investment discretion, mutual fund holdings and other similar diversified investment vehicles).  In response to such query, no attorneys indicated that they or others in their households owned securities of the Debtors.

17.    Since the Commencement Date, Krebsbach & Snyder has represented LBHI pursuant to the Amended OCP Order.  Post-petition, Krebsbach & Snyder has billed LBHI the sum of $1,034,114.08 in fees and disbursements through July 31, 2011 (representing $1,007,690.50 in fees and $26,423.58 in disbursements).  As of the date of this Affidavit, LBHI has paid Krebsbach & Snyder post-petition the sum of $986,388.96. The total amount outstanding as of July 31, 2011 is $47,224.12.  In addition, Krebsbach & Snyder's fees and disbursements for August 2011 total $125,049.18 consisting of $122,923 in fees and $2,126.18 in disbursements.

6

18.     Krebsbach & Snyder does not believe it has rendered "services ... in contemplation of, or in connection with the case" within the meaning of Section 329(a) of the Bankruptcy Code.

## Fees and Engagement

19.     The current billing rate for Krebsbach & Snyder partners is $395 per hour; its billing rate for counsels is $325 per hour; its associates' rates range from $205 to $250 per hour; and its paralegal rate is $135 per hour for senior paralegals and $95 per hour for junior paralegals. Krebsbach & Snyder's hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted from time to time and in accordance with Krebsbach & Snyder's established practices and procedures. The Firm's hourly rates and billing policies are based on market conditions among certain firms of a size, location, and practice comparable to the Firm's.

20.     Krebsbach & Snyder intends to apply for compensation for professional services rendered in connection with these Chapter 11 cases subject to approval of the Bankruptcy Court and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules and guidelines promulgated by the U.S. Trustee, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred.

21.     The name of each attorney and paralegal working on matters for LBHI and the billing rate of each such individual will be reflected in the periodic fee applications filed by or on behalf of Krebsbach & Snyder.

22.     The hourly rates set forth above are set at a level designed to fairly compensate Krebsbach & Snyder for the work of its attorneys and paralegals and to cover fixed

and routine overhead expenses and are subject to periodic adjustments to reflect economic and other conditions.

23.    Krebsbach & Snyder's general policy is to charge clients for certain expenses and disbursements incurred in connection with the client's case, including photocopying, filing and recording fees, courier and messenger charges, travel expenses, computerized research charges, document retrieval, transcription costs, long-distance telephone calls, as well as non-ordinary overhead and other out-of-pocket expense. Krebsbach & Snyder understands other law firms comparable to it in size, location, and practice also have a general policy to charge clients for such expenses and disbursements.

24.    Krebsbach & Snyder maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in connection with providing services to its clients in accordance with the fee guidelines for this district.

25.    Krebsbach & Snyder recognizes it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and order of this Court. Krebsbach & Snyder has reviewed the fee application guidelines promulgated by the UST and will comply with them.

26.    Other than as set forth above, there is no proposed arrangement between the Debtors and Krebsbach & Snyder for compensation to be paid in these chapter 11 cases. Krebsbach & Snyder has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

27.   The foregoing constitutes the statement of Krebsbach & Snyder pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016 (b).

THEODORE A. KREBSBACH

Subscribed and sworn to before me
this 27th day of September, 2011

Notary Public

BARRY S. GOLD
Notary Public, State of New York
No. 4827953
Qualified in Westchester County
Commission Expires May 31, 20__

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
                        Debtors.                :    (Jointly Administered)
                                                :
----------------------------------------------------------------x
```

## ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE MODIFICATION OF THE PROCEDURES FOR COMPENSATING AND REIMBURSING KREBSBACH & SNYDER, P.C. AS SPECIAL COUNSEL TO LBHI, EFFECTIVE AS OF JULY 1, 2011

Upon consideration of the application, dated September 27, 2011 (the "Application"), of Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors in possession, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the procedures for compensating and reimbursing Krebsbach & Snyder, P.C. ("Krebsbach & Snyder") as special counsel to LBHI, effective as of July 1, 2011; and upon the affidavit of Theodore A. Krebsbach, Esq. (the " Krebsbach Affidavit"), filed in support of the Application and attached thereto as Exhibit A; and the Court being satisfied, based on the representations made in the Application and the Krebsbach Affidavit, that Krebsbach & Snyder represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Application and Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.  The relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring

to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided in accordance with the procedures set forth in the

second amended order entered June 17, 2010 governing case management and administrative

procedures, [ECF No. 9635], to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; (vi) Krebsbach & Snyder and (vii) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the

Application is in the best interests of LBHI, its estates and their creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, LBHI is

hereby authorized to employ and retain Krebsbach & Snyder as its special counsel on the terms

set forth in the Application and this order, for the Matters identified in the Application and in

accordance with Krebsbach & Snyder's customary rates in effect from time to time and its

disbursement policies; and it is further

ORDERED that Krebsbach & Snyder shall, solely with respect to fees and expenses to be paid to Krebsbach & Snyder in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], the Court's Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  October __, 2011
      New York, New York

                               _____
                               UNITED STATES BANKRUPTCY JUDGE