**EXHIBIT 5**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                                    :

In re                                                  :          Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :          08-13555 (JMP)
                                                    :
                      Debtors.                    :          (Jointly Administered)
                                                    :
                                                    :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE**
**AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING AND**
**APPROVING OF A SETTLEMENT AGREEMENT WITH THE INSOLVENCY**
**ADMINISTRATOR OF LEHMAN BROTHERS BANKHAUS AG (IN INSOLVENZ)**

Upon the motion, dated December 18, 2009 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization and approval of a settlement agreement with the Insolvency Administrator of Lehman Brothers Bankhaus Aktiengesellschaft (in Insolvenz), as amended by (i) that certain consent dated as of December 18, and (ii) that certain letter agreement dated as of January 8, 2010 and heretofore filed with the court [Docket No. 6579] (collectively, the "Agreement"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered February 13, 2009 governing case management and administrative procedures [Docket No. 2837] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, the Court having determined that the proposed compromise and settlement set forth in the Agreement is reasonable and appropriate, and consummation of the transactions contemplated by the Agreement is in the best interests of the Debtors and their estates, the Motion is granted; and it is further

ORDERED that any objections to the Motion that have not otherwise been withdrawn or resolved are overruled; and it is further

ORDERED that pursuant to Bankruptcy Rule 9019, the compromise and settlement described in the Motion and contemplated by and provided for in the Agreement is approved; and it is further

2

ORDERED that pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Agreement is approved and the Debtors are duly authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that pursuant to sections 105 and 363(b) of the Bankruptcy Code, the LBHI U.S. Bank Funding[1] and the ALI Purchase are each approved; and it is further

ORDERED that pursuant to section 502 of the Bankruptcy Code, that portion of the LBB InsAdmin's claim against LCPI, Claim No. 0000059006, relating to Category 3 Loans, is allowed and accepted as a non-priority unsecured claim in the amount of $1,015,000,000 on account of and arising from such Category 3 Loans after deduction of all claims which LCPI holds against Bankhaus and/or the LBB InsAdmin on account of and arising from the Category 2 Loans and the Category 4 Loans (collectively, the "Bankhaus Net Cat 3 Claim"); and it is further

ORDERED that pursuant to section 502 of the Bankruptcy Code, that portion of the LBB InsAdmin's claim against LBHI, Claim No. 0000058233, on account of any and all claims arising under the Security & Collateral Agreement relating to the Category 3 Loans and to one of the Category 1 Loans (referred to as the O.T.A. Senior Loan), is allowed and accepted as a non-priority unsecured claim in an aggregate amount of $1,380,900,000 less the amount of any distributions that are received by the LBB InsAdmin in respect of the Bankhaus Net Cat 3 Claim (the "Security & Collateral Agreement Claim"); *provided*, *however*, that the Lehman Parties reserve the right to seek a reduction or disallowance of the Security & Collateral Agreement

---

[1] Capitalized terms not otherwise defined herein should have the meaning ascribed to them in the Motion.

3

Claim in the event that LCPI is substantively consolidated with LBHI; and *provided*, *further*, that the LBB InsAdmin reserves all rights, claims, defenses and objections related thereto, including but not limited to the right to oppose substantive consolidation and the right to oppose reduction or disallowance of the Security & Collateral Agreement Claim in the event of substantive consolidation of LCPI and LBHI; *provided*, *further*, that under no circumstances shall the LBB InsAdmin be entitled to collect or receive, collectively, from both LCPI and LBHI or from any entity resulting from the substantive consolidation of LCPI and LBHI an amount in excess of the amount of $1,380,900,000.00 on account of and arising from the Bankhaus Net Cat 3 Claim and the Security & Collateral Agreement Claim (together, the "Allowed Claims"); and it is further

ORDERED that the Allowed Claims shall be treated in a like manner to that of other general unsecured claims against LBHI and LCPI and receive treatment and distribution on account of such claims equal to that of other general unsecured claims against LBHI and LCPI, and shall not be subject to further defenses, whether by way of set off, recoupment, counterclaim or otherwise, or any claim under Section 510 of the Bankruptcy Code or otherwise which would have the effect of subordinating the Bankhaus Net Cat 3 Claim or the Security & Collateral Agreement Claim to the claims of other general unsecured claims; and it is further

ORDERED that, except for the effect on the rights of the parties to the Agreement as expressly provided therein, nothing in the Agreement or the failure to raise any objection with respect to the Motion seeking the entry of this Order approving such Agreement is intended to or shall in any manner prejudice or affect the rights, remedies, actions, defenses, and claims of any kind whatsoever under applicable law or principles of equity (which are hereby specifically reserved) of any of the parties (including any holder of a deed of trust loan secured by the property related to the Category 1 Loan identified on Schedule 2 and Schedule 9 of the

4

Agreement as as Loan IQ (FCN) -- WLT (MTS) VU22A (the "<u>Specified Property</u>")) to existing or previous financing transactions relating to the Specified Property; and it is further

   ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

   ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

   ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and the Agreement.

Dated: New York, New York
   January 14, 2010

               <u>*s/ James M. Peck*</u>
               Honorable James M. Peck
               United States Bankruptcy Judge