WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :   08-13555 (JMP)
                                          :
                Debtors.                  :   (Jointly Administered)
                                          :
                                          :
-----------------------------------------------------------------x
```

### DECLARATION OF DAVID WALSH IN
### SUPPORT OF MOTION PURSUANT TO SECTIONS
### 105 AND 363 OF THE BANKRUPTCY CODE FOR APPROVAL
### OF THE TERMINATION OF THE SPRUCE CCS, LTD. SECURITIZATION

Pursuant to 28 U.S.C. § 1746, I, David Walsh, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge, my review of the business records of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Commercial Paper Inc. ("LCPI") and/or my consultation with employees of LBHI, LCPI and Alvarez & Marsal North America, LLC ("A&M"), which was retained by the Debtors,[1] pursuant to this Court's approval, to advise and assist the Debtors in connection with, among other things, their restructuring, managing their assets, and maximizing the realization of

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

their assets.  *See* Order entered on December 17, 2008, ECF No. 2278.  If called to testify, I could testify to the truth of the matters set forth herein.

2. I am a Managing Director with A&M.  I was assigned to the Lehman matter in October 2008.  One of my primary areas of responsibility is the management of the Debtors' portfolio of securitizations and special purpose financing vehicles in the commercial loan area.  I began my career working in commercial banking for 13 years.  I have specialized in turnaround and restructuring with A&M since 1984, serving in a variety of interim management, advisory, and financial restructuring roles.

3. I submit this Declaration in support of the *Motion Pursuant To Sections 105 and 363 of the Bankruptcy Code for Approval of the Termination of the Spruce CCS, Ltd. Securitization* (the "Motion").

4. On behalf of the Debtors, I led negotiations with U.S. Bank and the Co-Issuers that resulted in the Termination Agreement (the "Agreement") that is the subject of the Motion.  A copy of the Agreement is attached to the Motion as Exhibit A.  Prior to its filing, I also reviewed and approved the Motion, and I adopt the representations contained in the Motion, as if set forth in full and at length in this Declaration.

## The Spruce Securitization

5. As a result of my responsibilities managing the Debtors' portfolio of securitizations and special purpose financing vehicles in the commercial loan area, I have become familiar with the Spruce securitization.  As of September 26, 2011, Spruce held participations in nine commercial loans and four equity interests, all of which were sold to Spruce prior to the Commencement Date.  The Senior Notes have been repaid in full.  LBHI is the holder of Mezzanine Notes issued by Spruce, which have an outstanding amount of

approximately $232 million (including accrued interest) as of September 26, 2011. As of September 26, 2011, Spruce held approximately $125 million in cash. I anticipate that within the next several months Spruce will collect proceeds from certain loans that will enable Spruce to repay the Mezzanine Notes in full. LCPI is the holder of the Subordinated Notes issued by Spruce.

6. I, in consultation with other employees at LCPI, LBHI and A&M have analyzed the loans that have been participated to Spruce and reviewed the markets in which similar loans have been trading since the Commencement Date.

### The Termination of the Spruce Securitization

7. Since the Commencement Date, the Debtors have sought to maximize the value of the Underlying Assets, which at times requires agreeing to modifications of such commercial loans or sales of such loans. However, due to certain restrictions included in the Spruce securitization documents, at times, the consent of U.S. Bank has been required prior to taking certain actions. Such provisions have impeded the efficient management of the Underlying Assets.

8. Upon full repayment of the Mezzanine Notes, LCPI, as owner of the Subordinated Notes, will (i) obtain control over 100% of the capital structure of Spruce and (ii) have authority under the securitization documents to terminate the Spruce securitization. Any proceeds of the Underlying Assets in excess of the amounts payable on the Mezzanine Notes inure to the benefit of LCPI. As a result, LCPI has an economic interest in maximizing the value of the Underlying Assets.

9. I have determined that the termination of the Spruce structure is in the best interest of LCPI's estate and creditors because outright ownership of the Underlying Assets is

more valuable than indirect ownership through the Spruce securitization structures. Termination of the securitization will enable LCPI to eliminate any provisions that restrict the management and/or sale of the Underlying Assets as and when such opportunities arise, including potentially selling such loans in a CLO.

## The Motion Should Be Approved

10. For the reasons set forth above, and based on my review of pertinent documents and discussions with my colleagues, I have concluded, in my considered business judgment, that LCPI's decision to terminate the Spruce securitization is in the best interests of the Debtors and their estates. LCPI will realize a significant increase in value from unwinding the Spruce securitization. The Court should enter the Proposed Order and grant the Debtors such other and further relief as it deems just and proper.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 28th day of September, 2011.

/s/ David Walsh
David Walsh