# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702
TELEPHONE: 212.326.3939 • FACSIMILE: 212.755.7306

Direct Number: (212) 326-3684
wjhine@JonesDay.com

September 28, 2011

## BY HAND DELIVERY AND ECF FILING

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

    Re:    In re Lehman Brothers Holdings Inc., *et al.*, Case No. 08-13555 (JMP);
Lehman Brothers Holdings Inc. v. Nomura International plc, Adv. Proc. No. 10-03228-jmp; Lehman Brothers Holdings, Inc. v. Nomura Securities Co. Ltd., Adv. Proc. No. 10-03229-jmp

Dear Judge Peck:

    We represent Lehman Brothers Holdings Inc., Lehman Brothers Special Financing, Inc. and their affiliated debtors in the Chapter 11 cases (collectively, "Lehman" or the "Debtors") in the above-referenced adversary proceedings and claim objection. We write in response to the September 27, 2011 letter to Your Honor filed by counsel for Nomura International plc ("NIplc"), Nomura Securities Co., Ltd. ("NSC") and Nomura Global Financial Products, Inc. ("NGFP", and collectively with NIplc and NSC, "Nomura") requesting a pre-motion conference concerning a motion to compel that Nomura proposes filing. In particular, we write to correct certain assertions in the Nomura letter and to explain why the proposed motion is, at least, premature.

    First, the allegedly "time-sensitive" nature of the proposed motion is without basis. Nomura speculates that the Debtors "<u>may</u> seek to estimate Nomura's claims for reserve purposes as early as mid-December." This is simply conjecture, apparently premised on the fact that Lehman refused to consent to all the conditions Nomura sought to impose before it would agree not to lift the existing stay. In fact, after conferring with our client on this issue, we can represent on Lehman's behalf that it will bring no estimation proceeding before January 15, 2012 concerning any reserves for the Nomura claims at issue in these actions. The notion that there is some immediate need for the Court to intervene here therefore has no merit. We have told this to Nomura's counsel; they nonetheless declined our suggestion to withdraw their request to proceed with the motion.

**JONES DAY**

The Honorable James M. Peck
September 28, 2011
Page 2

    Moreover, even if Lehman were to bring an estimation proceeding, such a proceeding whenever brought would be wholly separate and would provide no basis for Nomura seeking discovery in *these* pending actions. Nomura would be entitled to move for appropriate discovery in any estimation proceeding that may be initiated. Counsel's conjecture about discovery Nomura might want in some possible future proceeding provides no justification for moving to compel discovery in these pending actions.

    Second, Nomura incorrectly describes the present state of discovery as well as the parties' efforts to resolve disputes, both of which were suspended during the agreed upon stay. Discovery has not, as Nomura suggests, been one sided and Nomura has not completed document production either.[1] Since lifting the stay, Lehman has promptly recommenced its document review and production process and expects to complete its document production in a timely manner. Lehman understands that Nomura must also continue its production because, contrary to the implication it apparently hopes to create by its letter, Nomura has not produced all the documents it owes in response to Lehman's requests.

    Prior to the stay, the parties engaged in "meet and confer" discussions to try to define and, if possible, narrow any disputes as to the scope of their respective requests and the categories of documents to be produced. That "meet and confer" process was not completed, having been interrupted by the stay of proceedings. And while the parties had their differences as to certain categories of documents (only some of which Nomura mentions in its letter and proposed motion), Lehman believes that further discussions are warranted (and, indeed, were always anticipated in the event the stay was ever lifted) to try to resolve open issues that have not been discussed over the last four and a half months during the stay. For example, before the stay the parties were in the process of trying to more narrowly define select categories of post-petition documents actually needed for the litigation to try to minimize the burden of reviewing, at significant cost and burden, myriad documents and preparing voluminous privilege logs.[2] The parties had made progress on that score, but their discussions were interrupted by the stay.

---

[1] Prior to the stay, Lehman had reviewed and assembled potentially responsive documents and completed production of approximately 1,795 documents totaling 41,547 pages in response to Nomura's numerous and often overbroad requests. Contrary to Nomura's assertion, Lehman's production included some documents created on or after September 15, 2008 and before October 3, 2008 (as the parties had agreed), and there are more documents from this period in the queue now awaiting the resumption of discovery and final review. By the time the stay was implemented, NIplc had produced 5,708 documents totaling 235,559 pages (mostly lengthy spreadsheets), while NSC had produced only 1,294 pages and NGFP had produced none. And, notwithstanding its present position in its letter to the Court, Nomura produced no documents created after September 15, 2008, despite agreeing that documents from the September 15–October 3, 2008 period will be produced.

[2] For example, in connection with the post-petition Iceland and CMBS documents mentioned in Nomura's proposed motion, the last discussions before the stay involved Lehman asking Nomura to properly articulate in writing why it thought such documents were relevant. This is because Nomura's position on this score had changed over time, and Lehman wanted a writing so it could properly consider how to address and possibly narrow Nomura's burdensome requests. Nomura refused to provide the requested written clarification. And as for the AMBAC

JONES DAY

The Honorable James M. Peck
September 28, 2011
Page 3

    Lehman respectfully submits that it would be a much more efficient use of the Court's and the parties' time and resources to allow that narrowing process to be completed and documents and privilege logs to be produced before trying to adjudicate a not-yet-ripe motion to compel. Such a motion filed now will necessarily be inaccurate (since the parties have not yet completed their productions, nor even finished narrowing their requests) and incomplete (since further issues may arise as the "meet and confer" process continues). While we cannot represent that all disputes will be resolved, Lehman believes that the parties should at least be directed to take the time to more accurately identify and define their areas of disagreement so the Court would only have to decide issues that need to be decided.

    In the end, if the Court is ultimately called upon to adjudicate any motions to compel, it should not have to do so on a piecemeal basis through an ill-defined and premature motion. If discovery motion practice becomes necessary (and it is not yet clear that it is), the Court and the parties should only have to address these types of motions once, on a fully developed and comprehensive set of moving papers that raise all disputed issues in a clearly defined manner. The proposed motion will not present these issues in this way -- it cannot do so at this stage in the discovery process.

    We are, of course, prepared to address these issues in greater detail at the proposed conference or otherwise at the Court's convenience.

Respectfully,

William J. Hine

cc:    Brian H. Polovoy, Esq.
       David S. Cohen, Esq.

---

(continued...)

documents Nomura mentions in its motion, Lehman had agreed to produce them, but no non-privileged, responsive documents have been located.