# AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") is entered into this ___ day of September 2011, by and among the following parties ("Parties"): XL Specialty Insurance Company ("XL"), Federal Insurance Company ("Federal"), Continental Casualty Company ("Continental"), Certain Underwriters at Lloyd's, London ("Lloyd's"), U.S. Specialty Insurance Company ("USSIC"), Zurich American Insurance Company ("Zurich"), ACE Bermuda Insurance Ltd. ("ACE"), St. Paul Mercury Insurance Company ("St. Paul"), AXIS Reinsurance Company ("AXIS"), Liberty Mutual Insurance Company ("Liberty"), Arch Insurance Company ("Arch"), Allied World Assurance Company ("Allied World"), and Endurance Specialty Insurance Ltd. ("Endurance") (collectively, the "Insurers"); Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Erin Callan, Ian Lowitt, Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber (collectively, the "Insured Persons"); and Lehman Brothers Holdings Inc. ("LBHI").

WHEREAS, the Insurers issued to LBHI the following insurance policies that, subject to the terms and conditions of the policies, provide certain insurance to the Insured Persons: XL Specialty Insurance Company Policy No. ELU097792-07 (the "XL Policy"), Federal Insurance Company Policy No. 7043-0876 (the "Federal Policy"), Continental Casualty Company Policy No. DOX267996454 (the "Continental Policy"), Certain Underwriters at Lloyd's, London Policy No. QA016907 (the "Lloyd's Policy"), U.S. Specialty Insurance Company Policy No. 24-MGU-07-A14479 (the "USSIC Policy"), Zurich American Insurance Co. Policy No. DOC7995104-09 (the "Zurich Policy"), ACE Bermuda Insurance Ltd. Policy No. LEHM-11742D (the "ACE Policy"); St. Paul Mercury Insurance Company Policy No. 590CM2698 (the "St. Paul Policy"); AXIS Reinsurance Company Policy No. RNN 713535/01/2007 (the "AXIS Policy"); Liberty Mutual Policy No. 078365-017 (the "Liberty Policy"); Arch Insurance Company Policy No. DOX0006634-02 (the "Arch Policy"); Allied World Assurance Company Policy No. C002007/005 (the "Allied World Policy"); and Endurance Policy No. P005332003 (the "Endurance Policy") (collectively, the "Policies");

WHEREAS, the Insured Persons were named as defendants in the class action lawsuit captioned In Re Lehman Brothers Equity/Debt Securities Litigation, No. 08 Civ. 5523, United States District Court for the Southern District of New York ("Lawsuit");

WHEREAS, the Lawsuit was submitted to the Insurers for coverage ("Claim");

WHEREAS, the Insurers raised certain coverage issues and defenses with respect to the Lawsuit and otherwise reserved all of their rights and defenses;

WHEREAS, the Insured Persons reserved all of their rights and defenses with respect to insurance coverage for the Lawsuit;

WHEREAS, a mediation was held to negotiate the potential settlement of the Lawsuit under the supervision of The Honorable Daniel H. Weinstein (Ret.);

#v<UNDEFINED>
.

WHEREAS, with the concurrence of LBHI, the Insured Persons agreed to settle the claims asserted against them in the Lawsuit for, among other things, a payment of ninety million dollars ($90,000,000), executed term sheets in connection with that settlement on August 24, 2011, and will execute a Stipulation of Settlement and Release ("Stipulation") in the Lawsuit that will, subject to court approvals and other conditions, fully compromise and settle the claims against them in the Lawsuit ("Settlement");

WHEREAS, the limits of liability of the XL Policy, the Federal Policy, the Continental Policy, the Lloyd's Policy, the USSIC Policy, and the Zurich Policy have been fully and completely exhausted by payment of Loss, including Defense Expenses, as such terms are defined in the XL Policy;

WHEREAS, the limit of liability of the ACE Policy has been and is being substantially exhausted by the payment of Loss, and will be fully and completely exhausted by a contribution to the Settlement;

WHEREAS, those Insurers whose policy limits of liability have not yet been fully exhausted through payment of Loss, including Defense Expenses, have agreed to contribute on behalf of the Insured Persons the ninety million dollars ($90,000,000) to fund the Settlement to resolve all claims by the Insured Persons and LBHI, with respect to the Policies and the Lawsuit;

WHEREAS, in exchange for such payment by the Insurers, LBHI and the Insured Persons have agreed to release the Insurers as provided below.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the Parties agree as follows:

1. For good and valuable consideration the receipt of which is hereby acknowledged, the Insured Persons and/or LBHI shall seek entry by the U.S. Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") of an Order or Orders (a) authorizing relief from the automatic stay to the extent applicable and approving the use of the proceeds of the Policies to fund the Settlement ("Comfort Order"), and (b) approving LBHI's release of the Insurers and the Policies as set forth at Paragraph 3 below ("Bankruptcy Order").

2. On behalf of the Insured Persons, each Insurer (except XL Specialty, Federal, Continental, Lloyd's, USSIC and Zurich) shall make a payment, and such payments shall total ninety million dollars ($90,000,000) ("Payment") into escrow (as provided for in the Stipulation) no later than ten (10) business days after the later of (a) entry of the Comfort Order, or (b) execution of the Stipulation, provided that, at least ten (10) business days prior to such Payment, each such Insurer has received sufficient payment instructions and an executed W-9 from the escrow administrator, a copy of the fully executed Stipulation, and a fully executed copy of this Agreement. No Insurer shall be liable for or responsible to contribute to the Payment more than its remaining limit of liability under its respective policy.

3.      Upon the Effective Date (as defined in the Stipulation), LBHI, on its own behalf and on behalf of those of its affiliates that it controls, and the Insured Persons, on their own behalf and on behalf of their respective parents, affiliates and direct and indirect subsidiaries, heirs, executors, estates, administrators, principals, agents, successors and assigns ("Insured Parties"), hereby release and forever discharge the Insurers and their respective parents, affiliates and direct and indirect subsidiaries, and their respective present or former directors, officers, partners, members, associates, employees, shareholders, attorneys, accountants, auditors, advisors, insurers, reinsurers, representatives, heirs, executors, administrators, principals, agents, successors and assigns ("Insurer Parties"), from any and all actual or potential actions, causes of action, suits, claims for sums of money, contracts, controversies, agreements, costs, attorneys' fees, expenses, damages, judgments and demands whatsoever, in law or in equity, known or unknown, now existing or hereafter arising, whether contractual, extra-contractual, in tort or otherwise ("Causes of Action"), which the Insured Parties had, have, or may have in the future against the Insurer Parties based upon, arising out of, attributable to, or in any way connected with or related to the exhausted and partially exhausted Policies, or the Insurers' investigation, evaluation or handling of the Claim, or any alleged "bad faith," breach of any oral or written promise or breach of any duty grounded in law or in contract relating to the exhausted and partially exhausted Policies and the Claim (the "Release").  Notwithstanding the foregoing, the Insured Parties and Insurer Parties recognize and agree that (a) such release extends only to those insurers that have fully paid their respective limits of liability and that Endurance is released only to the extent of its limits of liability of the Endurance Policy paid or to be paid as Loss in connection with the Settlement and defense of the Lawsuit, and (b) such release does not extend to any policy of any Insurer issued to LBHI that has neither been exhausted nor is contributing to the Payment or any parent, affiliate, direct or indirect subsidiary thereof, or any present or former directors, officers, partners, members, associates, employees, shareholders, attorneys, accountants, auditors, advisors, insurers, reinsurers, representatives, heirs, executors, administrators, principals, agents, successor or assigns thereof.

4.      Upon the Effective Date (as defined in the Stipulation), the Insurer Parties hereby release and forever discharge the Insured Parties from all and any Causes of Action which the Insurer Parties had, have, or may have in the future against the Insured Parties based upon, arising out of, attributable to, or in any way connected with or related to the exhausted and partially exhausted Policies, or the Insured Parties' investigation, evaluation or handling of the Claim.

5.      The Insured Persons acknowledge, understand and covenant that they have released the Insurer Parties (with the limitations on release set forth in paragraph 3 above) in the event the Insured Persons are subject to additional claims, demands and/or lawsuits including those by presently unknown opt-outs to the Settlement on account of the fact that the Insured Persons have agreed that the Stipulation will not contain any "blow provision".

6.      In the event that the Settlement is terminated, voided or otherwise fails to obtain the necessary final court approvals, then the Payment set forth in Paragraph 2

3

above shall be fully repaid to the Insurers directly from the escrow account, as per their respective contributions to the Payment, plus any interest or other income earned thereon, but less the actual costs of notice and settlement administration, and the releases by the Insured Parties of the Insurer Parties and by the Insurer Parties of the Insured Parties shall have no force and effect.

7.	This Agreement represents a compromise of disputed claims, and payment hereunder shall not be construed as an admission of coverage on the part of the Insurer Parties.

8.	The Parties represent and warrant that there has been no, and agree that there will be no, assignment or other transfer of any interest in any part of the Release which they release and discharge pursuant to this Agreement.

9.	In the event any of the provisions of this Agreement are deemed to be invalid and unenforceable, those provisions shall be severed from the remainder of this Agreement only if and to the extent agreed upon by the Parties.

10.	The Parties agree and acknowledge that this Agreement constitutes the entire agreement among the Parties regarding the settlement and release of the matters specified herein and that this Agreement shall not be altered, amended, modified, or otherwise changed in any respect whatsoever except by a duly executed writing by all of the Parties.

11.	All Parties participated in the drafting of this Agreement.

12.	Each Party to this Agreement understands, acknowledges and agrees that if any fact now believed to be true is found hereafter to be other than, or different from, that which is now believed, each Party expressly assumes the risk of such difference in fact and agrees that this Agreement shall and will remain effective notwithstanding any such difference in fact.

13.	The Parties agree New York law (without regard to New York's conflict of law rules) shall govern the interpretation and enforcement of this Agreement.

14.	The Parties hereby acknowledge that they have been represented and advised by counsel in connection with the execution of this Agreement.

15.	The Parties agree and acknowledge that the negotiation, execution, and performance of this Agreement and any actions by ACE, Allied World, Endurance (collectively, the "Bermuda Insurers"), or their respective attorneys or agents, in connection with this Agreement shall not be deemed to be and shall not constitute any admission of or any evidence that the Bermuda Insurers in any way do business in the United States, or any state, territory, or possession of the United States, or that the Bermuda Insurers are subject to the jurisdiction of any United States federal or bankruptcy court, or of any court of any state, territory or possession of the United States.

16. Any dispute among the Parties regarding this Agreement shall in the first instance be referred to The Honorable Daniel H. Weinstein (Ret.) or other agreed-upon neutral for mediation.

17. The Parties agree that this Agreement may be executed in one or more counterparts, and in both original form and one or more photocopies, each of which shall be deemed to be an original, but all of which shall be deemed to be and constitute one and the same instrument.

18. This Agreement may be executed on behalf of any Party by the Party's attorney or other representative with the same force and effect as if the Party had personally executed this Agreement. Each person signing this Agreement warrants and represents that he or she has read this Agreement and has the necessary authority to execute this Agreement individually and on behalf of his or her respective principals, if any.

IN WITNESS WHEREOF, the authorized representatives of the Parties execute this Agreement on behalf of their principals.

ALLEN & OVERY

BY: _____
Patricia M. Hynes
Todd Fishman
*Counsel for Defendant Richard S. Fuld, Jr.*

WILKIE FARR & GALLAGHER LLP

BY: _____
Kelly M. Hnatt
*Counsel for Defendant Ian Lowitt*

PROSKAUER ROSE LLP
BY: _____
Robert J. Cleary
Mark E. Davidson

*Counsel for Defendant Erin Callan*

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

5

BY: _____
Audrey Strauss
Israel David

*Counsel for Defendant Joseph M. Gregory*

SIMPSON THACHER & BARTLETT LLP

BY: _____
Michael J. Chepiga
Mary Elizabeth McGarry

*Counsel for Defendant Christopher M. O'Meara*

DECHERT LLP

BY: _____
Andrew J. Levander
Kathleen N. Massey
Adam J. Wasserman

*Counsel for Defendants Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber*

LEHMAN BROTHERS HOLDINGS INC.

BY: _____

ITS: _____

XL SPECIALTY INSURANCE COMPANY

BY: _____

ITS: _____

6

FEDERAL INSURANCE COMPANY

BY:_____

ITS:_____


CONTINENTAL CASUALTY COMPANY

BY:_____

ITS:_____


CERTAIN UNDERWRITERS AT LLOYD'S, LONDON

BY:_____

ITS:_____


U.S. SPECIALTY INSURANCE COMPANY

BY:_____

ITS:_____


ZURICH AMERICAN INSURANCE COMPANY

BY:_____

ITS:_____

7

ACE BERMUDA INSURANCE LTD.

BY:_____

ITS:_____

ST. PAUL MERCURY INSURANCE COMPANY

BY:_____

ITS:_____

AXIS REINSURANCE COMPANY

BY:_____

ITS:_____

LIBERTY MUTUAL INSURANCE COMPANY

BY:_____

ITS:_____

ARCH INSURANCE COMPANY

BY:_____

ITS:_____

8

ALLIED WORLD ASSURANCE COMPANY

BY:_____

ITS:_____


ENDURANCE SPECIALTY INSURANCE LTD.

BY:_____

ITS:_____