SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069

WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

bpolovoy@shearman.com                                           September 29, 2011
(212) 848-4703

**BY MESSENGER AND FILED ON CM/ECF SYSTEM**

The Honorable James M. Peck
United States Bankruptcy Judge
United States Bankruptcy Court
One Bowling Green
New York, New York  10004

*In re Lehman Brothers Holdings Inc., et al.*
Case No. 08-13555 (JMP) (Jointly Administered)

*Lehman Brothers Holdings Inc., et al. v. Nomura International plc*
Adv. Proc. No. 10-03228 (JMP)

*Lehman Brothers Holdings Inc., et al. v. Nomura Securities Co., Ltd.*
Adv. Proc. No. 10-03229 (JMP)

Dear Judge Peck:

We represent Nomura International plc ("NIplc"), Nomura Securities Co., Ltd. ("NSC"), and
Nomura Global Financial Products, Inc. ("NGFP," together with NIplc and NSC, "Nomura") in
the above-referenced actions.  We write in response to the September 28 letter to the Court from
Debtors' counsel, William J. Hine of Jones Day.

There is no merit to the Debtors' claim that Nomura's proposed motion is "premature."  The
Debtors sued Nomura, seeking to disallow $1 billion in claims and collect substantial sums from
Nomura.  The Debtors elected to lift the stay of litigation and prosecute their lawsuits against
Nomura.  Under the Court's discovery schedule, the Debtors' document production (like
Nomura's) is required to be substantially complete by November 14, 2011 (*i.e.*, in 6½ weeks),
and depositions will start thereafter.  And Debtors state that they may bring an estimation
proceeding to cap Nomura's claims as early as January 15, 2012.

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MILAN | MUNICH | NEW YORK
PALO ALTO | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.

The Honorable James M. Peck                                         September 29, 2011
Page 2

We had *seven* "meet and confer" sessions with the Debtors to attempt to reach agreement with the Debtors as to the categories of documents that would be produced. After extensive discussion, two of Mr. Hine's colleagues, Sarah Lieber and Jay Tambe, told us flatly that the Debtors would not produce documents related to how the Debtors' other counterparties treated substantially identical terminated transactions – and that Nomura should go to Court if it wanted these documents. As to the remaining requests, despite repeated, lengthy discussions with various of Mr. Hine's colleagues, the Debtors would not agree (and have still not agreed) to produce the requested documents.

Our motion sets forth specific categories of documents that we requested, explains why the documents are relevant, and details our attempts to obtain the documents through the discovery process. Mr. Hine's letter does not argue that the documents are not discoverable. But instead of saying that Lehman will produce the documents, he states that "Lehman believes that further discussions are warranted." After seven "meet and confer" sessions and a flat refusal to produce documents – coupled with an impending discovery deadline and estimation hearing – this motion is ripe. The issue here is what *categories* of documents the Debtors will search for and produce; thus, there is no reason why this motion must await the Debtors' completing the production of documents in the categories that *they* believe should be produced.

The reason the Debtors seek to delay the Court's consideration of this motion is because they do not want Nomura to obtain these documents to prepare for the estimation hearing or to prepare for depositions. With document discovery due to be substantially complete in 6½ weeks, and an estimation hearing in 3½ months (including the holiday season), the proposed motion is plainly time sensitive. That is why we did not delay requesting a pre-motion conference once the Debtors lifted the stay and restarted their litigation against Nomura. We do not understand Mr. Hine's statement that an estimation proceeding would be "wholly separate and would provide no basis for Nomura seeking discovery in these pending actions." These lawsuits seek to disallow Nomura's claims in full (or with respect to NGFP, in part); an estimation hearing would seek to estimate Nomura's claims at zero. We are similarly at a loss to understand Mr. Hine's suggestion that Nomura "would be entitled to move for appropriate discovery in any estimation proceeding," but somehow is not entitled to do so now. The only thing waiting would do is prejudice Nomura further.

Mr. Hine's second reason for writing was "to correct certain assertions in the Nomura letter." His letter, however, does not cite to a single assertion of ours that is incorrect. The discussion of how many pages have been produced and other matters discussed at the "meet and confer" sessions is not the point here. The issue is whether the Debtors have the right to refuse to produce categories of critical documents. Nomura has no other means of accessing such information, and therefore, the Debtors' refusal denies Nomura the opportunity to defend the

The Honorable James M. Peck                                    September 29, 2011
Page 3

claims and precludes the Court from making an informed assessment of the merits of the lawsuits.

The Debtors responded to our letter by stating that they would not seek estimation of Nomura's claims prior to January 15, 2012, as opposed to mid-December 2011 as we anticipated in our letter.  That ignores the fact that the litigation they re-started has imminent discovery deadlines, and receiving a mass of documents days before an estimation hearing is of no help.

We do not lightly bring a discovery dispute before the Court, but we feel this is a critical issue in these proceedings.  We look forward to discussing this matter with the Court at the Court's convenience.


Respectfully submitted,

Brian H. Polovoy

cc:    William J. Hine, Esq.
        Jayant W. Tambe, Esq.
        David S. Cohen, Esq.