UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (the "**Court**")



In re:

Lehman Brothers Holdings Inc., *et al.*,

Chapter 11 Case no.
08-13555 (JMP)
(Jointly Administered)

Sarkar, Amit K (the "**Claimant**")
78 Lansdowne Road
Notting Hill
London, W11 2LS
United Kingdom
(+44 7803 046 453)

Claim Number: 34872
Date Filed: 9/24/2009
Debtor: 08-13555 (Lehman Brothers Holdings Inc.)
Classification and amount: PRIORITY $3,076,963.23 (the "**Claim**")

**ONE HUNDRED AND SEVENTY SIXTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) (the "Disallowance").**

The Claimant has made the Claim on the basis of his award of contingent stock awards ("CSAs"), made as part of his compensation as an employee of Lehman Brothers during the period 2003-2006 (the "Relevant Period"). Relevant documentation was filed with the Claim.

The Claimant objects to the Disallowance of the Claim on the basis that the CSAs were awarded as part of the wages payable to the Claimant for his employment during the Relevant Period. During the Relevant Period, employees whose variable compensation was at certain levels were required to take some of their wages as CSAs. There was no discretion given to employees as to whether they took the CSAs. In certain cases the level of CSAs could be a significant part of an employee's variable compensation, in the region of 40% to 50%. The award of CSAs was, however, in no way limited to senior executives and highly remunerated employees and were granted to the majority of employees across the firm as part of their remuneration.

This retention of wages was a relatively standard vehicle used in the financial services industry, largely as an employment retention tool (as the wages/CSA were sacrificed upon leaving Lehman Brothers and commencing certain competitive activity or engaging in certain behaviour).

In the normal course of events, the CSAs would become equity in Lehman Brothers Holdings Inc (the "Grantor") at the end of the relevant vesting period (3-5 years) and subject to a number of conditions being fulfilled. Prior to such vesting, the employees had no right to call for the conversion of the CSAs into equity, to sell or to hedge such equity (as such actions were forbidden by the firm's compliance policies).

The Claimant therefore submits that the CSAs, in the event of a default by the Grantor, amount to a claim for unpaid wages. As such it would be both inappropriate and incorrect to reclassify the CSAs as equity interests.

The Claimant submits that failure by the Court to do so would amount to unfair hardship being imposed upon the Claimant and all other employees with CSAs being proven in the Bankruptcy proceedings.

The Claimant confirms that he is acting for himself. Either he or Miss Rebecca Fuller (his agent) have the authority to reconcile, settle or otherwise resolve the Claim on his behalf.

The Claimant and his agent can be contacted at the following address:
78 Lansdowne Road
Notting Hill
London, W11 2LS
United Kingdom
(+44 7803 046 453)

The Claimant is also aware that similar, and indeed more detailed representations will be being made by other holders of CSAs to the Court. The Claimant requests that the Bankruptcy Court take all such arguments into account when considering the merits of the Claimant's objection and indeed that the Bankruptcy Court treat all holders of CSAs with claims in this bankruptcy proceeding equally.

The Claimant notes that whilst he does not intend to participate any hearing on this point in person (as he is resident in the United Kingdom). Either he or his agent plan to participate in the hearing telephonically as per the Court's instructions.

Signed by:

*[signature]*

Amit Kumar Sarkar

Date: 19th September 2011