# LISA MARCUS

**131 DEVRIESE COURT**
**TENAFLY, NJ 07670**

Cell: (917) 526-0936

Lisa.marcus18@gmail.com

September 16, 2011

Clerk of the Court
United States Bankruptcy Court for the
    Southern District of New York
One Bowling Green
New York, NY 10004

Re:    In re Lehman Brothers Holdings Inc., et al.
        08-13555 (JMP)

Dear Ladies and Gentlemen

    I enclose the "Objection of Lisa Marcus to Debtors' One Hundred Seventy Sixth Omnibus Objection To Claims (To Reclassify Proofs Of Claim As Equity Interests)". I have also sent a copy of this Objection to (i) the Chambers of the Honorable James Peck, (ii) the attorneys for the Debtors, (iii) the Office of the Unites States Trustee, and (iv) attorneys for the official committee of unsecured creditors.

    Please do not hesitate to call me the above number if you have any questions.

    Thank you.

               Sincerely,

              Lisa Marcus



RECEIVED SEP 19 2011 U.S. BANKRUPTCY COURT, SDNY JMP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                       :
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :    Case No 08-13555 (JMP)
                                                            :    Chapter 11
Debtors.                                                    :
                                                            :    Hearing Date: October 2, 2011
                                                            :
------------------------------------------------------------x

## OBJECTION OF LISA MARCUS TO DEBTORS' ONE HUNDRED SEVENTY SIXTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Lisa Marcus ("Claimant") hereby responds to the Debtors' One Hundred Seventy Sixth Omnibus Objection to Claims (to Reclassify Proofs of Claims as Equity Interests) (the "Objection") as follows:

1. The Objection relates to Claim No. 16329 ("Subject Claim"). The Subject Claim is for amounts deducted from Claimant's monthly paycheck during the Debtors' fiscal year ended November 30, 2008 in relation to the "Year-end Award" of Restricted Stock Units ("RSUs") that were never granted as of the Petition Date (the "Year End 2008 Award"). The Subject Claim does not relate to RSU's actually granted to Claimant.[1] Rather, the Subject Claim is for payroll deductions that the Debtors retained for general corporate use, but never exchanged into RSUs or any other security due to the unexpected chapter 11 filing on September 15, 2008 (the "Petition Date"). Thus, the Subject Claim is a claim for "unpaid compensation", and not one for Restricted Stock Units, or for the value of any Restricted Stock Units.

2. On June 2, 2008, LBHI announced its Equity Award Program for 2008. That program provided for (i) a portion of the year end award to be made in advance on July 1, 2008 ("July 2008 Grant") and (ii) a portion to be made at a future date by the Compensation and Benefits Committee of the Board of Directors of Debtor (the "Board") during the fourth quarter of 2008 (i.e. the Year End 2008 Award). The program literature provided to Claimant described the July 2008 Grant as an entitlement granted on July 1 with the number of RSUs based on the price of Lehman stock ("LEH") on July 1, 2008, and "as an advance on any full-year 2008 award that you may receive". On the other hand, the Year End 2008 Award was to be made later, and required later action by the Board and the future determination of material terms such as the relevant grant price and number of units. The Debtors did not notify Claimant of any specific number or price of units allocated for her benefit in respect of the Year End 2008 Award and she does not believe that any such accounting was made prior to the intervention of the bankruptcy filings. Nonetheless, Debtors deducted amounts from monthly compensation in anticipation of that award throughout the year and prior to the Petition Date.

---

[1] Claimant may have claims for amounts under RSUs that were actually granted, but that is not the basis for the Subject Claim nor this Objection

3. The Subject Claim represents unpaid compensation for which Claimant never received cash or any equity security prior to the Petition Date. Although a future exchange of restricted stock units may have been anticipated, that exchange never occurred because the Board had not yet acted and critical items such as the relevant closing price of LEH stock and the number of RSU were dependant on events that were superseded by the Petition Date. Thus, Claimant submits that it has a "claim" under the Bankruptcy Code. Claimant considers the withheld compensation under the Subject Claim to be analogous to a loan because Debtors had access to the moneys earned, but never delivered any property in exchange for those funds. Also, the Subject Claim may be analogized to deductions from payroll for the employee portion of 401K contributions in which the moneys were not sent to the plan as of the Petition Date.

4. Claimant respectfully submits that Debtors' arguments for treating the Subject Claim as "equity security" under the Bankruptcy Code are incorrect. Since no securities were issued, Claimant does not have a "share in a corporation . . . or similar security". Nor does the Subject Claim constitute a "warrant or right . . . to purchase, sell, or subscribe to a share or security", since no such warrant or right was ever issued. At most, the Subject Claim might be a "right to convert" into an RSU, if future conditions had occurred, because the claim could have converted into RSUs had there been no bankruptcy filing and had the Board and Debtors taken all necessary actions, including determining the appropriate grant price and number of units. Even so, a "right to convert" is specifically excluded from the definition of "equity security". See 11 U.S.C. § 101(16)(C).

5. Claimant does not believe that Section 510(b) of the Bankruptcy Code applies. That section applies to claims "arising" from the purchase or sale of a "security of the debtor". However, for the Year End 2008 Award, no securities were ever sold to Claimant, nor were the material terms of a securities transaction finalized. Courts in this Circuit have stated that the primary policy behind 510(b) is that claims for which the holder "took on the risk and return expectations of a shareholder, rather than a creditor" should be subordinated, but a specific claim should not be subordinated simply because the claimant is a shareholder. *In re Med Diversified Inc.*, 461 F.3d 251 (2d Cir. 2006). For the Year End 2008 Award, Claimant had not assumed specific investment risk/reward because the relevant RSUs were not granted and the most critical investment information -- the number of RSUs and the relevant price – were never determined. The deductions were simply a mechanism for assuring Debtors that the funds would be available to purchase the RSUs at the eventual grant date. However, prior to the grant date, Claimant would not obtain any benefit or loss for those deductions from an increase or decrease in the price of LEH. Simply put, Claimant did not assume investment risk or reward at the time of payroll deductions and the chapter 11 happened before any investment was made. Perhaps, hypothetically, Debtors could have issued RSUs after the Petition Date, but the number of units would reflect the then appropriate (zero) value of LEH. Thus, the cases cited by the Debtors that relate to contract breaches for failing to register specific shares or failing to deliver a specific number of shares are inapplicable since investment risk was already assumed prior to the bankruptcy. *In re Med Diversified Inc.*, (prior to petition date, creditor agreed to take future delivery of 905,500 debtor shares); *In re Enron Corp.*, 341 B.R. 141, 144, 158 (Bankr. S.D.N.Y. 2006) (opinion addressed unexercised options received during course of employment, noting that "inasmuch as the security holder enjoys the benefits of share price gains, he should also bear the burden of insolvency"). In addition, in the *Enron* case, the Court specifically noted in footnote 3 that its conclusions only applied to stock options similar to those presented.

2

US 881617v.1

6. Claimant preserves all other rights with respect to the Subject Claim and any other claims that Claimant may have in the bankruptcy cases.

Sincerely

*[signature]*

Lisa Marcus
131 DeVriese Court
Tenafly, NJ 07670

917-526-0936