Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Eastern Time)
Plan Objection Deadline: November 4, 2011 at 4:00 p.m. (Eastern Time)

**SUSMAN GODFREY L.L.P.**
Stephen D. Susman
Drew D. Hansen (admitted *pro hac vice*)
Arun Subramanian
560 Lexington Avenue, 15th Floor
New York, New York 10022
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

*Attorneys for Mason Capital Management, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*,<br><br>            Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**PRELIMINARY OBJECTION OF MASON CAPITAL MANAGEMENT, LLC, TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE**

Mason Capital Management, LLC ("Mason"), by and through its undersigned counsel, hereby objects to confirmation of the Third Amended Joint Chapter 11 Plan ("Plan") filed by the Debtors and files this Preliminary Objection, which Mason reserves the right to supplement on or before the Objection Deadline or by another mutually agreed deadline, and in support thereof, respectfully represents as follows:

1.      Mason is an investment manager for various investment funds and managed accounts that in the aggregate own approximately $380 million of notes issued by Lehman Brothers Treasury Co., B.V. ("LBT"), a foreign, non-Debtor entity currently undergoing bankruptcy proceedings in the Netherlands.  These notes are guaranteed by Debtor Lehman

1805577v1/012712

Brothers Holdings, Inc. ("LBHI"), and thus Mason is a creditor in this matter, with claims treated under Class 5 of the Plan. Mason is a member of a similarly situated class of LBT noteholders who hold approximately $34 billion in claims.

2. On September 1, 2011, Debtors filed their Disclosure Statement for Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (dkt # 19629). The same day, the Court issued an amended Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan (dkt #19631) ("Amended Order").

3. The Amended Order sets the Plan Objection Deadline as November 4, 2011, at 4:00 p.m. (Eastern Time) and the Confirmation Hearing at December 6, 2011, at 10:00 a.m. (Eastern Time).

4. Mason files this Preliminary Objection to remove any doubt that the confirmation of the Plan is a contested matter and that discovery is appropriate under Federal Rule of Bankruptcy Procedure 9014. Mason intends to file a supplement to this Preliminary Objection on or prior to the Objection Deadline or by another mutually agreed deadline.

5. The heart of the Plan is a series of transfers by which certain creditors (including Mason) give up 20% of the value of their claims, purportedly in settlement of the risk of substantive consolidation of the entity who issued their notes (for Mason, LBT). This 20% giveup goes not to the estate as a whole, to benefit all creditors—which would be the usual result of settlement of a claim belonging to the estate as a whole—but rather for the particular benefit of two specially favored classes of creditors: holders of Senior Unsecured Claims and General

Unsecured Claims against LBHI.  This is, in essence, a pickpocket: The Plan proposes to take about $1 billion of wealth from the pockets of a disfavored class of creditors and send it directly into the pockets of favored classes of creditors.

6. In brief summary, Mason objects and may argue any of the following at the Confirmation Hearing:

   a. the proposed transfer cannot possibly satisfy Rule 9019 as it purports to settle a claim that borders on frivolous:  the claim that a U.S. bankruptcy court could successfully substantively consolidate a non-Debtor entity currently subject to the supervision of a foreign court due to bankruptcy proceedings in a foreign country, particularly where there is neither a showing that (pre-petition) LBT and LBHI disregarded corporate separateness completely (in fact, the opposite is true; the documents related to the LBT notes clearly laid out LBT and LBHI's separate corporate identities, with loan agreements between the separate entities and separate financial statements for each entity) nor a showing that (post-petition) the affairs of LBT and LBHI are so entangled that consolidation will benefit all creditors (once more, the opposite is true; LBT had a simple balance sheet that is easily separable from LBHI's balance sheet);

   b. the proposed transfer additionally fails Rule 9019 because it purports to settle a claim belonging to the estate as a whole with a transfer that goes not to the estate as a whole but directly to particular creditors, in violation of the *pro rata* distribution principles at the heart of the Bankruptcy Code;

   c. the proposed transfer additionally fails Rule 9019 because creditors such as Mason do not share in the transfers from creditors whose entities might face a

    risk of substantive consolidation but as to whom Mason faces no risk at all because Mason does not hold notes issued by those entities;

d. the Plan's liquidation and recovery analysis does not sufficiently demonstrate that dissenting creditors such as Mason would receive at least as much under the Plan as under a Chapter 7 liquidation, in violation of § 1129(a)(7);

e. other grounds for objection as determined after discovery, including that the transfers or other aspects of the Plan violate §§ 1129(a)(1) and (3).

**WHEREFORE**, based upon the foregoing, Mason respectfully requests the Court to enter an Order whereby it denies confirmation of the Plan and grants Mason such other and further relief as the Court deems just and proper.

Dated: September 29, 2011
New York, New York

Respectfully Submitted,
SUSMAN GODFREY L.L.P.

By: /s/ Drew D. Hansen
Stephen D. Susman
S.D. Admissions No. SS8591
ssusman@susmangodfrey.com
Arun Subramanian
S.D. Admissions No. 4611869
asubramanian@susmangodfrey.com
560 Lexington Avenue, 15th Floor
New York, NY 10022
(212) 336-8330

Drew D. Hansen (pro hac vice)
dhansen@susmangodfrey.com
1201 Third Ave., Suite 3800
Seattle, WA 98101
(206) 516-3880

*Attorneys for Mason Capital Management, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of September, 2011, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. In addition, pursuant to the Court's Order of September 1, 2011, regarding service of Objections, I served the following parties by hand delivery: (i) The Honorable James M. Peck, United States Bankruptcy Court, One Bowling Green, New York, New York 10004; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 Attn: Harvey R. Miller, Lori R. Fife, and Alfredo R. Perez, attorneys for the Debtors; (iii) Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Elisabetta Gasparini, and Andrea B. Schwartz; and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Dennis O'Donnell and Evan Fleck, attorneys for the Creditors' Committee.

/s/ Tammie J. DeNio
Tammie J. DeNio