08-13555-mg    Doc 20454    Filed 09/19/11    Entered 09/30/11 12:19:46    Main Document
Pg 1 of 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                              :     Chapter 11 Case No:      JMP
                                                   :
                                                   :     08-13555
LEHMAN BROTHERS HOLDING INC., et al.,              :
                                                   :     (Jointly Administered)
        Debtors                                    :
                                                   :
-----------------------------------------------------------x

NOTICE OF HEARING ON DEBTOR'S ONE HUNDRED SEVENTY-SIXTH OMNIBUS
OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

CLAIM TO BE RECLASSIFIED:

| Creditor Name and Address: | Claim Number: | 19255 |
|---|---|---|
| CALHOUN, JOHN W. III | Date Filed: | 9/18/2009 |
| 532 PEACHTREE BATTLE AVE NW | Debtor: | 08-1355 |
| ATLANTA, GA 30305 | Classification/Amount: | UNSECURED: $200,000.00 |

I am in receipt of correspondence stating that claim #19255 is to be reclassified as an equity interest "on the ground that it is based on either restricted stock units, contingent stock awards, stock options or other equity-related compensation." This is incorrect for the following reasons:

This claim is based on an employment agreement entered into between the parties on June 14, 2007 in connection with the sale of Eagle Energy Partners I, L.P. to Lehman Brothers Commodity Services, Inc. Several employees entered into these employment contracts as incentive to remain employed with Lehman Brothers Commodity Services, Inc. and the payments under the agreement are characterized as "Retention Awards."

The payments under this agreement are fixed and payable regardless of company performance and in no way tied to Lehman Brothers stock, stock options, contingent stock awards or stock performance. Further, these Retention Awards were not tied to individual performance as an employee.

Under the terms of the agreement, the only reasons that the Retention Award would not be payable to the employee would be i) employment ends as a result of employee resignation from the firm or ii) employee terminated for Cause by Lehman Brothers, neither of which occurred as I was employed by Lehman Brothers Commodity Services at the time of this bankruptcy filing.

Further, according to the terms of the agreement, if employee was terminated without Cause by Lehman Brothers before any applicable payment date, the Retention Awards would still be paid in "a lump sum cash payment equivalent to any unpaid portion of the Retention Payments as soon as practicable following such termination."

In the agreement, the following line appears: "For purposes of Lehman's Equity Award Program, the Retention Award payments will not be considered part of your total compensation." The purpose of this line is to clarify that these retention award payments are <u>not</u> to be considered and <u>will not</u> be part of Lehman's Equity Award Program, an employee bonus program that was tied to individual and company financial performance. This is the only mention of "Equity" in the contract and its specific purpose is delineate between payments to be made under this agreement and bonus payments to be made related to equity performance.

Accordingly, this claim should remain classified as UNSECURED.

John W. Calhoun III
532 Peachtree Battle Avenue, NW
Atlanta, GA 30305
(404) 229-4830