B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                              Case No. **08-13555**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **CANTOR FITZGERALD SECURITIES** | **WELLS FARGO & COMPANY (SUCCESSOR TO WACHOVIA CORPORATION)** |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): **29858** <br> Total Amount of Claim Filed: <br> USD $150,000,000 <br> Amount of Claim Transferred: <br> $150,000,000 <br> ISIN/CUSIP: 52525KAD4 <br> Date Claim Filed: September 22, 2009 |
| **Cantor Fitzgerald Securities** <br> **110 E. 59th Street** <br> **New York, NY 10022** | |

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: September 30, 2011
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

84558350v1

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    Case No. **08-13555**

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. **29858** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **September 30, 2011.**

**WELLS FARGO & COMPANY**                        **CANTOR FITZGERALD**
**(SUCCESSOR TO WACHOVIA CORPORATION)**          **SECURITIES**
Name of Alleged Transferor                       Name of Transferee

Address of Alleged Transferor:                   Address of Transferee:

**Wells Fargo & Company**                        **Cantor Fitzgerald Securities**
**525 Market Street, 10th Floor**                **110 E. 59th Street**
**San Francisco, CA 94105**                      **New York, NY 10022**
**USA**                                          **USA**
**Attn: M. J. Niedermeyer**

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                        _____
                                      CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Wells Fargo & Company (successor to Wachovia Corporation)** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Cantor Fitzgerald Securities** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) a 100% undivided interest (the "Purchased Claim"), in Seller's right, title and interest in, to, under and arising form or in connection with Proof of Claim Number **29858** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any adverse or material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) all documents, agreements and materials related to the Purchased Claim, (iii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, schedule, annex, attachment, document, agreement, supporting documentation and/or material relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"),. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser and Purchaser's successors and assigns that: (a) the Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good legal, beneficial and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors or will give rise to a disallowance or impairment; and (g) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this <u>30th</u> day of September 2011.

| **CANTOR FITZGERALD SECURITIES** | **WELLS FARGO & COMPANY (SUCCESSOR IN INTEREST TO WACHOVIA CORPORATION)** |
|---|---|
| By: *[signature]* <br> Name: *[illegible] P. [illegible]* <br> Title: *CEO* | By: *[signature]* <br> Name: M J. Niedermeyer <br> Title: EVP |
| 110 East 59th Street <br> New York, NY 10022 | 525 Market Street, 10th Floor <br> San Francisco, CA 94105 |

[Signature page to Agreement and Evidence of Transfer of Claim – Wells Fargo to CFS]

Schedule 1

Transferred Claims

Purchased Claim

$150,000,000 (or 100%) of Proof of Claim Number 29858 which total $150,000,000 (the outstanding amount of the Proof of Claim as of September 30, 2011), plus all accrued interest, fees and other recoveries due.

Lehman Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| LEHMAN BROTHERS HOLDINGS INC. Issue of $150,000,000 Commercial Paper due March 2009 | 52525KAD4 | Lehman Brothers Holdings Inc. | None | $150,000,000 | 3.27% | March 23, 2009 |

# PROOF OF CLAIM

| United States Bankruptcy Court/Southern District of New York |
|---|
| Lehman Brothers Holdings Claims Processing Center |
| c/o Epiq Bankruptcy Solutions, LLC |
| FDR Station, P.O. Box 5076 |
| New York, NY 10150-5076 |

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 |

**Filed:** USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    **0000029858**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
Wells Fargo & Company
(successor to Wachovia Corporation)
550 California Street, 12th Floor, Suite 1200
San Francisco, CA 94104

Notices to: Rebecca Henderson
301 South College Street, Suite 3000
MAC D1053-300
Charlotte, NC 28288
Telephone number: 704-383-0513

**With a copy to:**
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn: David Aman, Esq.
Telephone: 212 225 2262
Email: daman@cgsh.com

Rebecca.Henderson@Wachovia.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ See Attachment.

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See Attachment.
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 09/22/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Wells Fargo & Company   By: _Rebecca Henderson_, SVP
Rebecca Henderson, Senior Vice President

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

In re Lehman Brothers Holdings, Inc., Case No. 08-13555 (JMP)

## ATTACHMENT TO PROOF OF CLAIM FORM

Debtor and Case Number:     Lehman Brothers Holdings Inc. 08-13555

Claimant:     Wells Fargo & Company (as successor to Wachovia Corporation)

Accrued Claim Amount:     $150,000,000.00

Re:     Commercial Paper

---

This attachment is incorporated into the proof of claim form to which it is attached (the "Claim Form"). All capitalized terms used but not defined herein have the meanings given them at the top of this Attachment, in the Claim Form or in the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [D.I. 4271 in Case No. 08-13555 (JMP)] (the "Bar Date Order"), as applicable.

Claimant is the beneficial owner of the commercial paper issued by the Debtor (the "Commercial Paper") described below:

| CUSIP | Maturity Date | Rate | Principal Amount | Description |
|---|---|---|---|---|
| 52525KAD4 | March 23, 2009 | 3.270% | $150,000,000.00 | Commercial Paper |

Claimant hereby asserts a claim (this "Claim") for the principal amount identified in the table above, plus all other amounts relating to the Commercial Paper to which it is entitled, including, without limitation, interest, fees and costs. A copy of supporting documentation is attached as Exhibit A hereto.

Claimant reserves the right to withdraw, amend, clarify, modify or supplement this Claim, including to specify additional liquidated amounts due in respect of interest, to assert

1

additional claims (including, without limitation, additional administrative expense claims (including, without limitation, misdirected wires and claims arising from postpetition contracts, activity, torts, etc. of the Debtor), claims for which a bar date has not yet been set, secured claims, and/or general unsecured claims), and/or to assert additional grounds for its claims against the Debtor. Claimant also reserves all rights accruing to it or its affiliates against the Debtor or its estate, and the submission of this Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Claimant or its affiliates. In addition, Claimant reserves the right to supplement this Claim with relevant documents to the extent necessary. Furthermore, Claimant reserves the right to withdraw this Claim for any reason whatsoever. In addition, Claimant reserves all rights and remedies against affiliates of the Debtor or any other third parties.

      This Claim shall not be deemed to be a waiver of Claimant's (i) right to have final orders in noncore matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases (to the extent such right has not otherwise been waived), (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs, or recoupments to which Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments Claimant expressly reserves. To the extent that the Debtor has made or makes any claims against Claimant, Claimant reserves its set-off rights, such that all or part of the Claim may be secured to the extent of such set-off rights.

```
SEI  SEP. 21. 2009  8:41AM    WACHOVIA CAP MARKETS                    NO. 2883    P. 2
                                                                      9/21/09  08:43:25
            SECURITY LIST OF HOLDERS    TRADE DATE BASIS              PAGE 1 OF 1
COMMAND ===>
LEHMAN BROS C P       3.270%  3/23/09   TICKER:            CUSIP: 52525KAD4
                                        ISIN: US52525KAD46

S ACCOUNT #          SHARES/PV       MARKET VALUE     FED TAX COST    UNREAL G/L P


  18540252       150,000,000.0000   150,000,000.00   150,000,000.00              0 1
WACHOVIA CORP-PLEDGD TO WACHOVIA BAN MGD:NO  AU:  6  OBJ: 18 ADM: 2324 IM:2246

TOTAL SHARES/PV:    150,000,000.0000  TOTAL MKT VALUE:      150,000,000.00
  MGD SHARES/PV:             0.0000    MGD MKT VALUE:                0.00




    F1-HELP  F2-HINT  F3-CANCEL  F4-SKIP  F5-RFIND  F6-PRINT  F7-UP  F8-DOWN
```



**H A N D   D E L I V E R Y**

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

_Tf_                                                        4:18

RECEIVED BY:          DATE          TIME