Geraldine D. Robson-Canty
61 Beechwood Terrace
Yonkers, NY 10705

**United States Bankruptcy Court
Southern District of New York**

In re

**Lehman Brothers Holdings Inc.
Chapter 11 Case No. 08-13555 (JMP)**

**Claim Number: 20289**



### Debtors' One Hundred Seventy-Seventh Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)

I am the claimant for unpaid severance pay amounting to $21,659.84.

The Court should not disallow my claim on the technicality that the debtor in this case, Lehman Brothers Holdings Inc., was not my direct employer and did not sign the severance agreement under which I am owed severance pay.

According to the objection, my employer was Lehman Brothers Inc. and Lehman Brothers Inc. is not the debtor here. Lehman Brothers Holdings Inc. misled me into filing a claim in this Court rather than in another forum and should be estopped from objecting because of this. I relied on information provided to me by Lehman Brothers Holdings and as a result did not take any action against Lehman Brothers Inc. I have been prejudiced by the actions of Lehman Brothers Holdings and the Court should therefore deny Lehman Brothers Holdings' objection to my claim.

The Court should overrule the objection because Lehman Brothers Holdings led me to believe that it was the responsible party for my severance pay, not any other entity. Lehman Brothers Holdings sent me two claim forms specifically identifying severance as a claim that I should submit in this bankruptcy, one described as "outstanding severance" and one as "severance agreement". I relied on that information. Even more importantly, Lehman Brothers Holdings wrote a letter to me, copy enclosed, in which it apologized for not being able to provide the salary continuation/severance that had been promised in my separation agreement and telling me that I would have claims that could be filed as part of the bankruptcy process. In that letter, Lehman Brothers Holdings did not tell me that it was not responsible for my severance pay; nor did it tell me that it was not my employer and that Lehman Brothers Inc. was my employer or that only Lehman Brothers Inc., not Lehman Brothers Holdings, was responsible for

my severance pay. I was misled by Lehman Brothers Holdings into believing that it was the responsible party, and it should therefore be estopped by this Court objecting to my claim.

Furthermore, it is my understanding that Lehman Brothers Inc. was a subsidiary of and was owned by Lehman Brothers Holdings. If that is the case, I urge the Court in the interest of fairness and equity to look beyond the technicality into the substance of the matter. Lehman Brothers Inc. was a part of Lehman Brothers Holdings. Why should I, a layperson, who has no knowledge of corporate niceties, not accept the letter from Lehman Brothers Holdings as an acceptance of its liability to me for the outstanding severance pay. If the Court does not disregard the technical distinction, I will likely be deprived of the severance pay which was promised to me and clearly acknowledged as a debt in the notices of scheduled claims.

The Court should try to do justice and ensure that Lehman Brothers Holdings abides by the promise of its subsidiary Lehman Brothers Inc. and is not able to benefit from the technicalities which it itself did not respect. Lehman Brothers, Lehman Brothers Holdings Inc. and Lehman Brothers Inc. have been used interchangeably throughout and should not now form the basis of an objection to my claim.

For convenience I enclose copies of the two Proofs of Claim which refer my severance and a copy of the letter from Lehman Brothers Holdings apologizing for discontinuing my severance pay and explaining that I would have claims for these amounts which could be filed as part of the bankruptcy process.

Geraldine D. Robson-Canty
September 18, 2011


61 Beechwood Terrace
Yonkers, NY 10705

Geraldine D. Robson-Canty
61 Beechwood Terrace
Yonkers, NY 10705

**United States Bankruptcy Court
Southern District of New York**

**In re**

**Lehman Brothers Holdings Inc.
Chapter 11 Case No. 08-13555 (JMP)**

**Claim Number: 20289**

**Debtors' One Hundred Seventy-Seventh Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)**

My response to Notice of Hearing on the above has been sent to the following as guided by the information in that Notice:

The Honorable James Peck
One Bowling Green,
New York, NY 10004,
Courtroom 601

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.

Office of the United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.

I am representing myself in this claim.

Geraldine D. Robson-Canty
61 Beechwood Terrace
Yonkers, NY 10705
(914) 751-3623 (H)

# LEHMAN BROTHERS HOLDINGS INC.

September 30, 2008

Geraldine D. Robson-Canty
Claim #555288240

Dear Ms. Robson-Canty:

We are disappointed to inform you that as a result of the bankruptcy of Lehman Brothers Holdings Inc. and the placement of Lehman Brothers Inc. into a liquidation proceeding under the Securities Investor Protection Act (SIPA), Lehman Brothers is unfortunately no longer able to provide the salary continuation or other payments described in your separation agreement. As a result, you will not receive a payment on October 3, 2008 or thereafter.

You may continue to be covered under any current medical, dental and/or vision benefits through the end of your original salary continuation date as set out in your separation agreement. Because you will no longer receive salary continuation payments from which your employee contributions for these benefits can be deducted, you will be billed monthly for these costs. An invoice will be mailed to your home with instructions on how and when to return your payment. Your current coverage is in effect and will remain in place subject to timely payment of your contributions.

The cost to you for medical, dental and/or vision coverage will remain the same through December 2008 but may increase in the future. As of your termination date, you may be eligible to continue these benefits for up to 18 months under COBRA.

For other voluntary benefits you may be covered under, you will receive a mailing directly from the insurance carrier to continue your coverage on a direct bill basis (for example, MetLife Auto & Home, Mass Mutual Group Variable Universal Life Insurance, Hyatt Legal).

As a matter of federal law, the assets of the Lehman Brothers Savings Plan (401(k) plan) and Lehman Brothers Holdings Inc. Retirement Plan (pension plan) are protected from the claims of Lehman Brothers' creditors. Information about these entitlements is available through Fidelity NetBenefits at www.netbenefits.fidelity.com or by calling 1-866-534-6266.

If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process. At some point in the future, you will be receiving notification of the procedures for the filing of claims and the date by which the claims must be filed. A deadline for filing claims has not yet been set.

Also, if you have not yet done so, you may wish to apply for unemployment insurance benefits in your state. Information about applying for unemployment benefits is enclosed.

We recognize that this is difficult news and that you may have questions about this situation. Please call the Lehman Brothers HR Service Center at 212.526.2363. They can answer your questions or direct your call to someone who can.

Very truly yours,

LEHMAN BROTHERS HOLDINGS INC.

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 555288240 |
| Name of Debtor Against Which Claim is Held<br>LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555288240*****
ROBSON-CANTY, GERALDINE D.
61 BEECHWOOD TERRACE
YONKERS, NY 10705

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

$21,659.84 UNSECURED
UNLIQUIDATED
CONTINGENT

DESCRIPTION:
OUTSTANDING SEVERANCE

Telephone number: _____ Email Address: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____ Email Address: _____

1. Amount of Claim as of Date Case Filed: $ **21,659.84**
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: **Unpaid severance**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **6941**
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $ **21,659.84**

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

Date: **9/5/09**

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
**Geraldine Robson-Canty    G. Robson-Canty**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 555288220 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555288220*****
ROBSON-CANTY,GERALDINE D.
61 BEECHWOOD TERRACE
YONKERS, NY 10705

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
SEVERANCE AGREEMENT

Telephone number: _____ Email Address: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____ Email Address: _____

1. **Amount of Claim as of Date Case Filed:** $ _____
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** _____
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

   **Amount entitled to priority:**

   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.