DOROTHEA DOUGLAS
177-11 136th Avenue
Jamaica, New York 11434
718 525-3272

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**In re : Chapter 11 Case No.**
**:**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* **: 08-13555 (JMP)**
**:**
**Debtors. : (Jointly Administered)**
-----------------------------------------------------------------x

**RESPONSE OF DOROTHEA DOUGLAS TO LEHMAN BROTHERS HOLDINGS INC, ET AL.'S ONE HUNDRED SEVENTY-EIGHTH OMNIBUS <u>OBJECTION TO CLAIMS</u>**

Dorothea Douglas ("<u>Ms. Douglas</u>") responds as follows to Lehman Brothers Holdings Inc.'s ("<u>LHBI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (collectively the "<u>Debtors</u>") one hundred seventy-eighth omnibus objection to claims (the "<u>Objection</u>"):

Ms. Douglas submits that the Objection lacks merit and should be denied in all respects.

By way of background, as addressed in Ms. Douglas Proof of Claim attachment to Claim No. 08-13555 (as hereinafter defined), Ms. Douglas lost money in her 401(k) due to Debtors breach of their fiduciary duties.  Ms. Douglas had Lehman Brothers stock in her 401(k) that decreased in value due to Debtors breach of fiduciary duty.

[Type text]

1. Ms. Douglas' 401(k) consisted partly of investments in Lehman Brothers stock.

2. Ms Douglas was an employee of Lehman Brothers until May 24, 2008.

3. Debtors filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4. On July 2, 2009, Ms. Douglas filed a proof of claim in the Debtors' chapter 11 cases in the amount of $39,581.46 ("Claim No. 08-13555").

5. In light of the Debtors' breach of fiduciary duties, in her Claim No. 08-13555, Ms. Douglas seeks all of its rights, including, but not limited to, recoupment rights to damages under applicable law.

6. The Debtors filed the Objection on August 19, 2011 on the basis that Claim No. 08-13555 does not identify any liability owed by the Debtors.

7. The Debtors also indicate that the proofs of claim listed on Exhibit A annexed to the Objection (collectively, the "401(k) Claims") were filed against the Debtors purportedly asserting claims for either the entire amount of the claimant's 401(k) savings plan or the loss of value in the claimant's 401(k) savings plan shortly before the Debtors filed for bankruptcy. The Debtors claim to have no liability for the value of the claimants' 401(k) savings plan and no liability for any loss in the value of the claimants' 401(k) savings plan.

8. Ms. Douglas submits that she lost value in her 401k savings plan due to the decrease in value of Lehman Brothers' stock, as demonstrated by her attachment to Claim No. 08-13555.

9. Ms. Douglas submits that Claim No. 08-13555, as filed, is *prima facie* evidence of the validity and amount of the claim. Fed R. Bankr. Proc. 3001(f). *In re Hollars*, 198 B.R. 270 (Bankr. S.D. Ohio 1996)(conclusory statements are insufficient to rebut assumption of validity of claim); *In re All American Ashburn, Inc.*, 156 B.R. 696, 703 (Bankr. N.D. Ga. 1993)(general statements that an amount is not owed is insufficient to defeat *prima facie* validity of claim).

10. Accordingly, the Debtors' conclusory allegations are insufficient to rebut the *prima facie* evidence of the validity of Claim No. 08-13555.

WHEREFORE, for the reasons set forth above, Ms. Douglas requests that the Objection be denied and for such other and further relief as this Court might deem just and proper.

Dated: New York, New York
September 19, 2011

Respectfully submitted,

DOROTHEA DOUGLAS


By _____

177-11 136th Avenue
Jamaica, New York 11434
718 525-3272