B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re <u>LEHMAN BROTHERS HOLDNGS INC.</u>                    Case No. <u>08-13555 (JMP)</u>

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| <u>Morgan Stanley & Co. International plc</u> | <u>Generali Vie</u> |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Morgan Stanley & Co. International plc
25, Cabot Square,
Canary Wharf,
London E14 4QA

Court Claim # (if known):  64078
Amount of Claim: transferred amount –
100% of total claim US$5,822,410.00
Date Claim Filed: 30 October 2009

With a copy to:
Richards Kibbe & Orbe L.L.P.
One World Financial Center
New York, NY 10281-1003
Fax: 212-530-1801
Attn: Managing Clerk

Phone:  + 44 207 677 7974
E-mail:  <u>lndistressed@morganstanley.com</u>

Phone:
Last Four Digits of Acct. #:

Phone: + 212 530 1800

Last Four Digits of Acct #: <u>n/a</u>

Name and Address where transferee payments should be sent (if different from above):

<u>Wire Instructions:</u>

566570.1/9999-00999

**USD    PAYMENT INSTRUCTIONS:**

TO:                    CHASE MANHATTAN NEW YORK, NY
SWIFT:                 CHASUS33
ACCOUNT NAME:    MORGAN STANLEY & CO.
INTERNATIONAL plc
SWIFT:                 MSLNGB2X
ACCOUNT NUMBER: 066617758
REF:                   Fixed Income

**EUR    PAYMENT INSTRUCTIONS:**

TO:                    CITIBANK N.A.
SWIFT:                 CITIGB2L
ACCOUNT NAME:    MORGAN STANLEY & CO.
INTERNATIONAL plc
SWIFT:                 MSLNGB2X
ACCOUNT NUMBER: 12221071
IBAN:                  GB15CITI18500812221071
REF:                   Fixed Income

Last Four Digits of Acct #: <u>n/a</u>

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By: _____          Date: __3̲0̲.̲9̲.̲2̲0̲1̲1̲_____
         Transferee/Transferee's Agent

*BRIAN CRIPPS*
*Authorised Signatory*

*Penalty for making a false statement:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 Y.S.C. §§ 152 & 3571.

566570.1/9999-00999

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **GENERALI VIE** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **MORGAN STANLEY & CO. INTERNATIONAL PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount** specified in <u>Schedule 1</u> attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **64078** filed by or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30 day of September 2011.

SELLER
GENERALI VIE

By: _____
Name: TENBIL CLAUDE
Title: CHAIRMAN & CHIEF EXECUTIVE
       OFFICER
c/o Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004
USA
Attention : Carolyn Frederick
E-mail: frederick@sewkis.com

PURCHASER
MORGAN STANLEY & CO. INTERNATIONAL
PLC

By: _____
Name:
Title:
       BRIAN CRIPPS
       Authorised Signatory
25, Cabot Square
Canary Wharf
London E14 4QA
E- mail: lndistressed@morganstanlev.com

Schedule 1

## Transferred Claims

### Purchased Claim

100% = $5,822,410.00 of XS0366065505 claim of US$5,822,410.00 (the outstanding amount of the Proof of Claim as of **30** September 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount & Accrued Interest | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0366065505 | Lehman Brothers Treasury CO. BV | Lehman Brothers Holdings Inc | EUR 4,100,000.00 principal | Zero Coupon Bond | 31 July 2018 |

Schedule 1–1

08-13555-mg    Doc 20480    Filed 09/30/11    Entered 09/30/11 14:14:42    Main Document
Pg 6 of 21

| | |
|---|---|
| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076　　　Chapter 11<br>　　　　　　　　　　　　　　　　　Case No. | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |

In Re:
Lehman Brothers Holdings Inc.　　　　08-13555 (JMP)

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)　　0000064078

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009.

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Generali Vie
c/o Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004
Attn: Carolyn Frederick, Esq.

Telephone number: (212) 574-1200    Email Address: frederick@sewkis.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
　(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Generali Vie
Direction Juridique Groupe, Attention: Michel Becker and Emmanuelle Molinier
7-9 boulevard Haussmann, 75309 Paris Cedex 09, France

Telephone number: 01 58 38 52 21    Email Address: mbecker@generali.fr

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ At least $ 5,822,410** (Required)    See Attached Documents

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0369066505    (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

6048181    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

90622    (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

FILED
U.S. BANKRUPTCY COURT
S.D.N.Y.
2011 OCT 30 P 4:29

Date:    Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above: Attach copy of power of attorney, if any. By: Michel Becker, Its Authorized Signatory

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____                    _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*); and any applicable orders of the bankruptcy court.



**SOCIETE GENERALE**
Securities Services
50 Boulevard Haussmann
75009 Paris France

Fax : 33 (0) 1.42.14.64.66

**Avis d'opéré : Bourse**

Date d'impression    :    2008/08/01 10:25:28

**Ne vaut pas facture**

| | | |
|---|---|---|
| Portefeuille | : | 83973 GENERALI VIE UC PMA |
| Nom du guichet | : | OPCVM GENERALI |
| Compte espèces | : | 0560100050839730 |
| Compte titres | : | 0560100080839730 |

8/216.

| Référence SG | N080731U08670 |
|---|---|
| Type d'opération | ACHAT EN BOURSE ETRANGERE EMISSION INTERNATION |

| Date d'exécution | 2008/05/21 | Date de valeur | |
|---|---|---|---|

| Code valeur | XS0366065505 | Code ISIN | XS0366065505 |
|---|---|---|---|
| Libellé valeur | | LEHMAN BROS 0%08-3107201 | |
| Type de valeur | OBLIGATION | | |
| Nominal / Quantité | 4 100 000 | Cours d'exécution | 100 |

**Négociation**

| Montant brut | 4 100 000 EUR | Montant transaction brut | 4 100 000 EUR |
|---|---|---|---|
| Montant coupon couru | 0 EUR | Nombre de jours | 0 |
| Courtages | 0 EUR | Montant transaction net | 4 100 000 EUR |

| Courtages HT | 0 EUR | | |
|---|---|---|---|
| Taux de TVA | 0 | Montant de TVA saisie | 0 EUR |
| Impôt de bourse | 0 EUR | Montant frais divers | 0 EUR |
| Total des frais | 0 EUR | | |
| Montant net débité | 4 100 000 EUR | | |

Société Anonyme au capital de 548 043 436,25 EUR RCS Paris B 552 120 222

Fax émis par :                                                        30-07-88 18:59   Pg: 1/1



11 Boulevard Haussmann - 75311 PARIS CEDEX 09
Tél. : 01.58.38.81.00 - Fax : 01.58.38.74.03
www.generali-patrimoine.fr

## SECTION INVESTISSEMENTS

Fax expédié par : Nicolas FALLOPE          A l'attention de Marie Annie DENIAUD
Email : nfallope@generali.fr                    Nº de fax : 01 42 14 89 66
Tél. : 01 58 38 56 32

Paris, le 30/07/2008

Merci de bien vouloir passer l'ordre suivant sur la base de la valeur liquidative du
31/07/2008 sur le compte nº 0560100080839730

Achat de :
- EMTN EUR 10 ans 173% Capital Garanti
- Code ISIN : XS0366065506
- pour 4 100 000 Euros
- soit 4100 parts

Cordialement,

Stéphane DEDEYAN - Président Directeur
Général

*Pour Thierry*
*& Sabrina*
*Bonne réception*
*2 pages*

Reçu le 30/07/2008 10:59:24 - 1/1

17/09/2008 11:15:09   Envoyé par SAGEM F@X Server     Page:2/2

Page 1 of 1 2008-07-31 08:10 Ref: 038148849P001

**TSAF OTC SA**
253, boulevard Pereire
75082 PARIS CEDEX 17
Tél Ro:0156437048 Fax: 0156437006
R.C.S PARIS B 342 994 688

| | |
|---|---|
| Product on | 31/07/2008 |
| To | GENERALI PATRIMOINE |
| | |
| Fax number | 33140903218 |
| | |
| | 11:00 |
| Security Description : | LEHMAN JL 18      0.00000% 31-JUL |
| I s i n    # : | XS0366065505 |
| | |
| Product - Type : | Import / TLC |
| Trade date : | 21/05/2008 |
| Settlement date : | 31/07/2008 |
| | |
| B u y e r : | GENERALI PATRIMOINE / PARIS |
| S e l l e r : | VTEL TRADITION / PARIS |
| | |
| P r i c e : | 100,000000000 |
| Nominal Amount : | 4'100'000,00  EUR |
| | |
| Gross amount : | 4'100'000,00 |
| | |
| Net  amount : | 4'100'000,00      EUR |
| | |
| Your Settlement Instructions : | X |
| Our instructions : | Euroclear 27565 |
| A g e n t : | Tradition London Clearing |
| | |
| Our reference : | 08/954603-00 CLTLC        FECO-PR |
| | xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx |

7144407
A01

Please note that as of trade date 25-06-2008 for all our DE-Isin trade
our instructions will change from CBF 7434 to CBF 7178

Reçu le 31/07/2008 10:19:44 – 1/1

Fichier Edition Aide

INTE...

| ALIAS°: | 7000471 | GROUPE PTF°: | 7000 | 471 FC UC SG FLEMING | | DEV REF: | EUR |

VALEUR°:  3 XS0366065505     D 254   LEHMAN 0%18 INDX     H°: 01/01/1900      EUR

CONTRAT °:

OPTION°:  V INVENTAIRE VALORISE        ACTUALISE °: N   DEVISE °:  REF

DATE D'INVENTAIRE        :   01/10/2008   DATE DE CALCUL DU COURU  :   01/10/2008

| MVT | DT NEGO. | QUANTITE | PRIX DE REVIENT | VALEUR BOURSIERE |
|-----|----------|----------|-----------------|------------------|
|     |          | 4 100 000,00 | 4 100 000,00 | 4 100 000,00 |

NOMINAL : 1 000.00000        EN   EUR
COURS :   100.000000        DATE  01/01/1900   ORIGINE   D    PD
SURC/DEC:                   +/- VALUE :
PROV SIT:                   VAL NET CP :    4 100 000.00
PROV RES:                   PMV / VNC
PROV US :                   VAL NET US:     4 100 000.00
PROV IF :                   VAL NET IFRS: 4 100 000.00
INTERETS COURUS :
TAUX COUPON        :        MODE DE CALCUL :  20   BASE : 366

Line Data - Chorus - CPGENE1   (G)MOUNIER Thierry   19/0   17/09/2008 10:3   BACKUP-PRODUCTION

page 1/1 : [Acin]: CONSULTATION INVENTAIRE
Imprimé le 17/09/2008 10:40:16 par admi5

**EXECUTION COPY**

Final Terms dated as of 31 July 2008

**LEHMAN BROTHERS TREASURY CO. B.V.**
*(incorporated with limited liability in The Netherlands and
having its statutory domicile in Amsterdam)*
**Issue of EUR 4,100,000 Fixed-Rate Notes due July 2018**
unconditionally and irrevocably guaranteed by
**LEHMAN BROTHERS HOLDINGS INC.**
*(incorporated in the State of Delaware)*
**under the U.S.$100,000,000,000**
**Euro Medium Term Note Program**

The Base Prospectus referred to below (as completed by these Final Terms) has been prepared on the basis that, except as provided in sub-paragraph (ii) below, any offer of Notes in any Member State of the European Economic Area which has implemented the Prospectus Directive (2003/71/EC) (each, a "**Relevant Member State**") will be made pursuant to an exemption under the Prospectus Directive, as implemented in that Relevant Member State, from the requirement to publish a prospectus for offers of the Notes. Accordingly any person making or intending to make an offer of the Notes may only do so: (i) in circumstances in which no obligation arises for the Issuer or any Dealer to publish a prospectus pursuant to Article 3 of the Prospectus Directive or supplement a prospectus pursuant to Article 16 of the Prospectus Directive, in each case, in relation to such offer; or (ii) in those Public Offer Jurisdictions mentioned in Paragraph 35 of Part A below, provided such person is one of the persons mentioned in Paragraph 35 of Part A below and that such offer is made during the Offer Period specified for such purpose therein. Neither the Issuer, the Guarantor nor any Dealer has authorised, nor do they authorise, the making of any offer of Notes in any other circumstances.

## PART A – CONTRACTUAL TERMS

Terms used herein shall be deemed to be defined as such for the purposes of the Conditions set forth in the Base Prospectus dated 24 July 2008 which constitutes a base prospectus for the purposes of the Prospectus Directive (Directive 2003/71/EC) (the "**Prospectus Directive**"). This document constitutes the Final Terms of the Notes described herein and must be read in conjunction with such Base Prospectus as so supplemented.

Full information on the Issuer and the offer of the Notes is only available on the basis of the combination of these Final Terms and the Base Prospectus. The Base Prospectus is available for viewing at, the Bank of New York, One Canada Square, London E14 5AL and Copies may be obtained from JP Morgan Chase Bank, N.A., Trinity Tower, 9 Thomas More Street, London E1W 1YT. The Base Prospectus is also available in electronic form on the Irish Financial Services Regulatory Authority's website (http://www.ifsra.ie).



### Risk Factors

Prospective investors of Notes should carefully consider the following information in conjunction with other information contained in these Final Terms and the Base Prospectus before purchasing the Notes. The attention of prospective investors is drawn to the section of the Base Prospectus, headed "Risk Factors".

These Final Terms however cannot disclose all of the risks and other significant aspects of the Notes and investment decisions should not be made solely on the basis of these risk factors since the information contained herein cannot serve as a substitute for independent individual advice which is tailored to the requirements, investment objectives, experience, knowledge and circumstances of a prospective investor.

Each prospective investor of Notes should consider carefully whether the Notes are suitable for it in the light of its circumstances and financial position and in view of the complexity and risks inherent in the Notes. Prospective investors of Notes should be experienced with respect to derivatives, particularly options and options transactions. Furthermore, prospective investors of Notes should understand the risks of transactions involving the Notes and should reach an investment decision only after careful consideration of the suitability of the Notes in light of their particular financial circumstances and after consultation with their own legal, tax, accountancy and other professional advisers. No person should deal in the Notes unless that person understands fully the nature of the relevant transaction. Such transaction is suitable only for, and should be made only by, an investor who has no need for liquidity and understands and can afford the financial and other risks of this transaction.

*Transparency Directive*

Directive 2004/109/EC of the European Parliament and of the Council of 15 December 2004 on the harmonisation of transparency requirements in relation to information about issuers whose securities are admitted to trading on an EEA Regulated Market and amending Directive 2001/34/EC (the "Transparency Directive") entered into force on 20 January 2005. It requires member states to take measures necessary to comply with the Transparency Directive by 20 January 2007. If, as a result of the Transparency Directive or any legislation implementing the Transparency Directive, LBHI could be required to publish financial information either more regularly than it otherwise would be required to or according to accounting principles which are materially different from the accounting principles which it would otherwise use to prepare its published financial information, LBHI may seek an alternative admission to listing, trading and/or quotation for the Notes on a different section of the Irish Stock Exchange or by such other competent authority, stock exchange and/or quotation system inside or outside the European Union as it may (with the approval of the Dealers) decide.

- 2 -



### PART A – TERMS AND CONDITIONS OF THE NOTES

| | | |
|---|---|---|
| 1. | (i) Issuer: | Lehman Brothers Treasury Co. B.V. |
| | (ii) Guarantor: | Lehman Brothers Holdings Inc. |
| 2. | (i) Series Number: | 10704 |
| | (ii) Tranche Number: | 1 |
| 3. | Specified Currency or Currencies: | Euro ("EUR") |
| 4. | Aggregate Nominal Amount: | EUR 4,100,000 |
| | (i) Series: | EUR 4,100,000 |
| | (ii) Tranche: | EUR 4,100,000 |
| 5. | Issue Price: | 100 per cent. of the Aggregate Nominal Amount |

In connection with the sale of the Notes, one or more distributors (each a "**Distributor**") will acquire the Notes from the Dealer at a discount to the Issue Price. Alternatively, if a Distributor acquires the Notes at the Issue Price, the Dealer will pay a distribution fee to such Distributor. Any such amount received by a Distributor by way of such amount or by way of discount may be in addition to the brokerage cost/fee normally applied by such Distributor. Further information is available from the Issuer, the Dealer or the relevant Distributor on request

Neither the Dealer nor the Issuer has any further information with respect to the contractual or financial arrangements between a Distributor's customers and such Distributor or whether and, if so on what terms such Distributor is willing to assist its customers or potential customers. Any person seeking further information with respect to such matters should refer to the relevant Distributor. Neither the Dealer nor the Issuer is responsible for (i) the contractual arrangements between a Distributor and its customer, (ii) any information so provided or (iii) whether or not

- 3 -



the Distributor provides that information

| 6. | Specified Denomination(s) and Units | |
|---|---|---|
| | (i) Specified Denomination(s): | EUR 1,000 per Note |
| | (ii) Calculation Amount: | EUR 1,000 |
| | (ii) Trading in Units: | Not Applicable |
| 7. | (i) Issue Date: | 31 July 2008 |
| | (ii) Interest Commencement Date: | Not Applicable |
| 8. | Maturity Date: | 31 July 2018 (subject to adjustment in accordance with the Modified Following Business Day Convention) |
| 9. | Interest Basis: | 76 per cent. Fixed Rate (further particulars specified below) |
| 10. | Redemption/Payment Basis: | Redemption at par |
| 11. | Change of Interest or Redemption/Payment Basis: | Not Applicable |
| 12. | Put/Call Options: | Not Applicable |
| 13. | (i) Status of the Notes: | Senior Notes |
| | (ii) Status of the Guarantee: | Senior Guarantee |
| 14. | Method of distribution: | Non-syndicated |

**PROVISIONS RELATING TO INTEREST (IF ANY) PAYABLE**

| 15. | Fixed Rate Note Provisions | Applicable |
|---|---|---|
| | (i) Fixed Rate (s) of Interest : | 76% per Calculation Amount payable on the Interest Payment Date |
| | (ii) Interest Payment Date(s): | The Maturity Date, subject to adjustment in accordance with the Business Day Convention |
| | (iii) Fixed Coupon Amount: | USD 760 per Calculation Amount |
| | (iv) Fixed Day Count Fraction: | Not Applicable |
| | (v) Broken Amount(s): | Not Applicable |
| | (vi) Other terms relating to the method of calculating interest for Fixed Rate: | For the avoidance of doubt, the Rate of Interest does not represent a per annum rate |
| | (vii) Business Day Convention: | Modified Following Business Day |

|       | (viii) Option to defer interest payments: | Not Applicable |
|-------|-------------------------------------------|----------------|
| 16.   | Floating Rate Note Provisions:            | Not Applicable |
| 17.   | Zero Coupon Note Provisions:              | Not Applicable |
| 18.   | Index-Linked Interest Provisions:         | Not Applicable |
| 19.   | Equity-Linked Interest Provisions:        | Not Applicable |
| 20.   | Other Variable-Linked Interest Note Provisions: | Not Applicable |
| 21.   | Dual Currency Note Provisions:            | Not Applicable |

**PROVISIONS RELATING TO REDEMPTION**

| 22.   | Call Option                               | Not Applicable |
|-------|-------------------------------------------|----------------|
| 23.   | Put Option                                | Not Applicable |
| 24.   | Index-Linked Redemption Provisions        | Not Applicable |
| 25.   | Equity-Linked Redemption Provisions       | Not Applicable |
| 26.   | Physical Settlement                       | Not Applicable |
| 27.   | Final Redemption Amount of each Note:     | 100 per cent of the Calculation Amount |
| 28.   | Early Redemption Amount of each Note      | |

|       | Early Redemption Amount(s) per Calculation Amount payable on redemption for taxation reasons or on event of default and/or the method of calculating the same (if required or if different from that set out in the Conditions): | In respect of each Note, an amount in the Specified Currency equal to the fair market value of such Note (which value shall be less the proportion attributable to that Note of the reasonable cost to the Issuer of unwinding any related hedging arrangements) on such day as is selected by the Calculation Agent in its sole and absolute discretion (provided that such day is not more than 15 days before the date fixed for redemption of the Note) |
|-------|----|----|
| 29.   | Mandatory Early Redemption (Condition 8(j)): | Not Applicable |

**GENERAL PROVISIONS APPLICABLE TO THE NOTES**

| 30.   | Form of Notes: | Bearer form. Interests in a temporary global Note in bearer form are exchangeable for interests in a permanent global Note in bearer form. Interests in a permanent global Note will be exchangeable for definitive Notes in bearer |
|-------|----|----|

- 5 -

| | | | |
|---|---|---|---|
| | | | form in the limited circumstances described in the permanent global Note. |
| 31. | | New Global Note Form: | Not Applicable |
| 32. | | Talons for future Coupons or Receipts to be attached to Definitive Notes (and dates on which such Talons mature): | Not Applicable |
| 33. | | Details relating to Partly Paid Notes: amount of each payment comprising the Issue Price and date on which each payment is to be made and consequences (if any) of failure to pay, including any right of the Issuer to forfeit the Notes and interest due on late payment: | Not Applicable |
| 34. | | Details relating to Instalment Notes: Instalment Amounts and Instalment Dates: | Not Applicable |
| 35. | | Details relating to Extendible Notes: | Not Applicable |
| 36. | | Consolidation provisions: | The provisions in Condition 18 (Further Issues of Notes) apply |
| 37. | | Other final terms: | Not Applicable |

**DISTRIBUTION**

| | | | |
|---|---|---|---|
| 38. | (i) | If syndicated, names and addresses of Managers and underwriting commitments: | Not Applicable |
| | (ii) | Date of Syndicated Trade Agreement: | Not Applicable |
| | (iii) | Stabilizing Manager (if any): | Not Applicable |
| 39. | | If non-syndicated, name and address of Dealer: | Lehman Brothers International (Europe) 25 Bank Street London E14 5LE |
| 40.. | | Total commission and concession: | Not Applicable |
| 41. | | Selling restrictions: | As set out in the section entitled "Subscription and Sale" in the Base Prospectus, as supplemented as at the Issue Date |
| | (i) | Additional Selling Restrictions: | **European Prospectus Directive Selling Restriction:** As of the date hereof the Notes |

- 6 -



have not been approved by any competent authority for the purposes of making a non-exempt public offer in any EEA member state which has implemented the "Prospectus Directive" and as such, until such time as a prospectus has been published, must only be offered within such states in circumstances which do not require the publication of a prospectus pursuant to Article 3 of the Prospectus Directive. These circumstances may include:

(1) Offers to Qualified Investors (as defined in the Prospectus Directive); or

(2) Offers of Notes where the minimum consideration per separate offer is at least Euro 50,000

**SWISS:**

The Notes may not be sold in circumstances which would constitute a public offer in Switzerland.

42.    Non-exempt Offer:                    Not Applicable

## PURPOSE OF FINAL TERMS

These Final Terms comprise the final terms required for terms required for issue and admission to trading on the Irish Stock Exchange of the Notes described herein pursuant to the U.S.$100,000,000,000 Euro Medium-Term Note Program of Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V. and Lehman Brothers Bankhaus AG.

## RESPONSIBILITY

The Issuer accepts responsibility for the information contained in these Final Terms.

- 7 -

Signed on behalf of the Issuer:

By:    ..................................
       Duly authorised

**PART B – OTHER INFORMATION**

1.    **LISTING**

      (i) Listing:                          Application will be made for the Notes to be
                                            listed on the Irish Stock Exchange

      (ii) Admission to Trading:            Application has been made for the Notes to be
                                            admitted to listing and/or trading on the Main
                                            Market of the Irish Stock Exchange and to
                                            trading on its regulated market

                                            No assurance can be given as to whether or
                                            not or when such application for

- 8 -

listing/admission to trading will be granted

2.    **RATINGS**

    Ratings:                                    A rating has not been sought for the Notes

3.    **INTERESTS OF NATURAL AND LEGAL PERSONS INVOLVED IN THE ISSUE/OFFER**

    Save as discussed in the section headed "Subscription and Sale" in the Base Prospectus, so far as the Issuer is aware, no person involved in the offer of the Notes has an interest material to the offer.

4.    **REASONS FOR THE OFFER, ESTIMATED NET PROCEEDS AND TOTAL EXPENSES**

    Not Applicable

5.    **YIELD (Fixed Rate Notes only)**                    Not Applicable

6.    **HISTORIC INTEREST RATES (Floating Rate Notes only)**

    Not Applicable

7.    **PERFORMANCE OF INDEX/ FORMULA/ OTHER VARIABLE, EXPLANATION OF EFFECT ON VALUE OF INVESTMENT AND ASSOCIATED RISKS AND OTHER INFORMATION CONCERNING THE UNDERLYING (Index-linked or other variable Linked Notes only)**

    Not Applicable

8.    **PERFORMANCE OF RATE[S] OF EXCHANGE AND EXPLANATION OF EFFECT ON VALUE OF INVESTMENT (Dual Currency Notes only)**

    Not Applicable

9.    **OPERATIONAL INFORMATION**

    ISIN Code:                                    XS0366065505

    Common Code:                                  036606550

    Cusip No:                                     Not Applicable

    New Global Note intended to be held in a      Not Applicable
manner which would allow Eurosystem
eligibility:

    Any clearing system(s) other than Euroclear   Not Applicable
and Clearstream, Luxembourg and the relevant
identification number(s):

    Delivery:                                     Delivery against payment

- 9 -

The Aggregate Nominal Amount of Notes    USD 6,380,925.70
issued has been translated into U.S. Dollars at
the rate of EUR 0.64254= $ 1 producing a sum
of (for Notes not denominated in U.S. Dollars):

Names and addresses of Additional Paying    Not Applicable
Agent(s) (if any):

10.    **TERMS AND CONDITIONS OF THE OFFER**

Not Applicable

- 10 -