Natalie S. Riessen
205 East 59th Street, #19A
New York, NY 10022

September 19, 2011

DELIVERY METHOD:
**Overnight next day by 10am via Federal Express #** 8703 1366 6588

TO:

Honorable James M. Peck
One Bowling Green
New York, New York 10004
Courtroom 601

RECEIVED
SEP 2 0 2011
US BANKRUPTCY COURT SDNY
JMP

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Robert J. Lemons, Esq & Mark Bernstein, Esq.

Office of the United States Trustees for Region 2
33 Whitehall Street
21st Floor
New York, New York 10004
Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. & Andrea Schwartz, Esq.

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. & Evan Fleck, Esq.

---

RE:

Bankruptcy Court:
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Debtors
**In re LEHMAN BROTHERS HOLDINGS INC., et al.,**

Chapter 11 Case No.
**08-13555 (JMP)**

Title of Objection:
**OBJECT TO THE "CLAIM TO BE DISALLOWED & EXPUNGED"**

1

Name of Claimant:
**NATALIE SUE RIESSEN**

Description Claim:
**Wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C Section 507(a)(4)**

Amount of Claim:
**$9,177.60**

Dear Parties to the Objection,

I am writing in response to your notice dated August 19, 2011, copy attached for your reference. I do OPPOSE the disallowance and expungement of my claim described in your letter and further set forth below.

The basis of my claim and the reason for my objection to disallow and expunge my claim is that this is compensation that I had earned, but had not yet been paid to me by Lehman Brothers within 180 days and prior to the September 15, 2008 bankruptcy of Lehman Brothers.

My total compensation paid monthly was a three-part compensation structure.

1) $175,000 Base Salary paid monthly in cash and equity = $14,583.34
   a. The cash portion was paid to me timely
   b. The equity portion was accrued and to be paid as of FYE November 2008
2) $100,000 Base Salary (special payment) paid monthly in cash and equity = $8,333.33
   a. The cash portion was paid throughout the year portionate to the monthly production. Any shortfall (or overage) was then reconciled and paid-up as of FYE November 2008
   b. The equity portion was accrued and to be paid as of FYE November 2008

My claim is further supported by the written terms of my compensation contract dated May 16, 2008 – see item 2) and 3) in Attachment 3 (also includes approvals of Jack Petersen, head of Private Wealth Management division and George Walker, head of Investment Management division). As well, I have included actual documentation from the internal Lehman Brothers payroll system reflecting the monthly and year to date total calculations which is provided in Attachment 1.

For additional clarity, I have included a "Summary" of the calculation of the "earned, not yet paid" compensation of $9,177,60, which further references the actual internal Lehman Brothers payroll system output and other documentation proof.

2

The following is further explanation and clarity of the EARNED, NOT YET PAID compensation of $9,177.60

Refer to 1) above - The "earned, not yet paid" compensation of my $175,000 base salary is related to the equity portion of the monthly payment earned from June 1 through August 31, 2008. The amount is equal to **1,468.40** and is referred to on the payroll documentation as "Non Production Equity Accrual" on Attachment 1 (See Item "B" reference).

Refer to 2)a. above – The "earned, not yet paid" compensation of my $100,00 base salary (special payment) is related to the cash portion of the monthly payment earned from June 1 through September 15, 2008. The amount is equal to **$6,999.17**. This amount is calculated from the monthly compensation of $8,333.33 defined on Attachment 3 (1 of 4), Item 3) less the Recorded Total Sales Compensation paid and reflected on the payroll documentation on Attachment 1 (See Item "C" referenced) from June 1 through September 15, 2008.

Refer to 2)b. above – The "earned, yet unpaid" compensation from the $100,000 base salary (special payment) is related to the equity portion of the monthly payment earned from June 1 through August 31, 2008. This amount is equal to **$710.03** and is referred to on the payroll documentation as "Equity Accrual Calculated" on Attachment 1 (See Item "A" reference).

Since there was no Lehman Brothers stock value to pay the equity accrual allocation of the earned compensation as of September 15, 2008, I am still owed the value of the compensation that I earned. These amounts are $1,468.40 and $710.03, totaling 2,178.43, and are included, along with the cash portion of $6,999.17, in the total amount of my compensation claim of $9,177.60.

By totaling the three components of my compensation that have been earned, yet not paid to date is as follows:

$1,468.40  Equity Allocation of Base Salary
$6,999.17  Cash Portion of Base Salary
$  710.03  Equity Allocation of Base Salary
**$9,177.60  Total Amount Claimed – Compensation Earned, not yet paid to date**

In light of the above and documentation evidence attached, I am kindly requesting that my claim for compensation earned in the amount of $9,177.60 be paid to me.

Please send the check and any additional correspondence to me at the following address as reflected on the original claim:

Natalie S. Riessen
205 East 59th Street, #19A
New York, NY 10022

3

If you need to contact me by phone, please call me at (212) 759-1113 or my cell (917) 224-5313. I greatly appreciate your attention to this matter.

Sincerely yours,

Natalie S. Riessen

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------------x

LBH OMNI177 08-19-2011 (MERGE2,TXNUM2) 4000113027 BAR(23) MAIL ID *** 000050941846 *** BSIUSE: 24

RIESSEN, NATALIE S.
205 EAST 59TH STREET, #19A
NEW YORK, NY 10022


## THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

## IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, ESQ., AT 212-310-8323.

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)

| CLAIM TO BE DISALLOWED & EXPUNGED | |
|---|---|
| **Creditor Name and Address:**<br>RIESSEN, NATALIE S.<br>205 EAST 59TH STREET, #19A<br>NEW YORK, NY 10022 | **Claim Number:** 66004<br>**Date Filed:** 12/23/2009<br>**Debtor:** 08-13555<br>**Classification and Amount:** PRIORITY: $ 9,177.60 |

PLEASE TAKE NOTICE that, on August 19, 2011, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Seventy-Seventh Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that it was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on September 20, 2011 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on October 2, 2011 to consider the Objection. The hearing will be held at 10:00 a.m. prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

**If you have any questions about this notice or the Objection, please contact Debtors' counsel, Erika del Nido, Esq., at 212-310-8323.** CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: August 19, 2011
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Robert J. Lemons

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

*Summary*

# LEHMAN BROTHERS

**Compensation Statement**

| Year Total | | Sep-08 | Aug-08 | Jul-08 | Jun-08 |
|---|---|---|---|---|---|
| 70,921.20 | Gross Production | 3,538.65 | 8,878.14 | 45,028.42 | 13,475.99 |
| 22,269.88 | Net Production | 989.21 | 2,270.80 | 15,196.57 | 3,813.29 |
| 31.4 | Average Rate (%) | 27.95 | 25.58 | 33.75 | 28.3 |
| | Prior Months -Deficit/Overage | 0 | 0 | 0 | 0 |
| -125.84 | Adj to Net Production | 0 | -55.61 | -64.42 | -5.8 |
| | Monthly Payout Balance | 989.22 | 2,215.19 | 15,132.14 | 3,807.49 |
| 0 | Draw Amount | 0 | 0 | 0 | 0 |
| 22,144.05 | Total Sales Compensation | 989.22 | 2,215.19 | 15,132.14 | 3,807.49 |
| 20,444.80 | Cash Commissions | 0 | 2,208.32 | 14,516.56 | 3,719.92 |
| 710.03 | Equity Accrual Calculated | 0 | 6.87 | 615.58 | 87.57 |
| 21,154.82 | Recorded Total Sales Compensation | 0 | 2,215.19 | 15,132.14 | 3,807.49 |
| | -Deficit/Overage | 0 | 0 | 0 | 0 |
| 43,750.02 | Non Production Earnings | 0 | 14,583.34 | 14,583.34 | 14,583.34 |
| 42,281.62 | Non Production Cash | 0 | 14,197.78 | 13,835.91 | 14,247.92 |
| 1,468.40 | Non Production Equity Accrual | 0 | 385.56 | 747.43 | 335.42 |
| 43,750.02 | Recorded (Non Production) Compensation | 0 | 14,583.34 | 14,583.34 | 14,583.34 |

Ⓐ, Ⓒ mark Equity Accrual Calculated and Recorded Total Sales Compensation rows.
Ⓑ marks Non Production Equity Accrual row.

**Equity Accrual for FYE 11/2008 - earned, not yet paid** ← See Attachment 4 documentation

   Ⓐ Equity Accrual Calculated     710.03
   Ⓑ Non Production Equity Accrual     1,468.40

**Unpaid Equity Accrual**     2,178.43

**Special Payment(Salary) of $100,000 per contract terms dtd 5/16/08 - earned, not yet paid** ← See Attachment 3 documentation

   Payout of $8,333.33 monthly ($100,000 annual salary)     8,333.33
   June - September 15, 2008 (3.5 months)     3.5 mos.
        29,166.67

   June - paid 7/10/08     (3,807.49) ⎫
   July - paid 8/10/08     (15,132.14) ⎬ 21,154.82 Ⓒ
   August - paid 9/10/08     (2,215.19) ⎭
   September - paid 9/26/08     (1,012.68) See Attachment 2

**Unpaid Salary Accrual as of 9/15/08**     6,999.17

**Total Unpaid Wages, Salaries or Commissions**     9,177.60

*SUMMARY*

## Compensation Statement



Find: GSID  10229008  Get  Get in Excel
Fiscal year: 2008  ☐ Show as of before EOM
Sales Org: ------10229008 NATALIE RIESSEN

Name: 10229008 - NATALIE RIESSEN
From: 12/1/2007 To: 11/30/08
Future payout trades

| Year Total | | 9/2008 | 8/2008 | 7/2008 | 6/2008 |
|---|---|---|---|---|---|
| 70,921.20 | Gross Production | 3,538.65 | 8,878.14 | 45,028.42 | 13,475.99 |
| 22,269.88 | Net Production | 989.21 | 2,270.80 | 15,196.57 | 3,813.29 |
| 31.40 | Average Rate (%) | 27.95 | 25.58 | 33.75 | 28.30 |
| | Prior Months -Deficit/Overage | 0.00 | 0.00 | 0.00 | 0.00 |
| -125.84 | Adj to Net Production | 0.00 | -55.61 | -64.42 | -5.80 |
| | Monthly Payout Balance | 989.22 | 2,215.19 | 15,132.14 | 3,807.49 |
| 0.00 | Draw Amount | 0.00 | 0.00 | 0.00 | 0.00 |
| 22,144.05 | Total Sales Compensation | 989.22 | 2,215.19 | 15,132.14 | 3,807.49 |
| 20,444.80 | Cash Commissions | 0.00 | 2,208.32 | 14,516.56 | 3,719.92 |
| 710.03 | Equity Accrual Calculated | 0.00 | 6.87 | 615.58 | 87.57 |
| 21,154.82 | Recorded Total Sales Compensation | 0.00 | 2,215.19 | 15,132.14 | 3,807.49 |
| | -Deficit/Overage | 0.00 | 0.00 | 0.00 | 0.00 |
| 43,750.02 | Non Production Earnings | 0.00 | 14,583.34 | 14,583.34 | 14,583.34 |
| 42,281.62 | Non Production Cash | 0.00 | 14,197.78 | 13,835.91 | 14,247.92 |
| 1,468.40 | Non Production Equity Accrual | 0.00 | 385.56 | 747.43 | 335.42 |
| 43,750.02 | Recorded (Non Production) Compensation | 0.00 | 14,583.34 | 14,583.34 | 14,583.34 |

Item A
Item C

Item B

-$100,000 Base Salary
See Attachment 3 Item 3)

-$175,000 Base Salary
See Attachment 3 Item 2)

**Lehman Brothers Inc.**
745 Seventh Avenue
New York, NY 10019-6801

| | |
|---|---|
| Pay Group: | MCM-Monthly Commissioned |
| Pay Begin Date: | 09/01/2008 |
| Pay End Date: | 09/26/2008 |

| | |
|---|---|
| Business Unit: | IMD |
| Check #: | 0468393 |
| Check Date: | 09/26/2008 |

Natalie S. Riessen
205 East 59th Street
Apartment 19A
New York, NY 10022

| | |
|---|---|
| Employee ID: | 10229008 |
| Department: | 00306-Private Investment: HNW N |
| Location: | 399 Park Avenue - 6th Floor |
| Pay Rate: | $0.00 Annual |
| SSN: | XXX-XX-3994 |

| TAX DATA: | Federal | NY State |
|---|---|---|
| Marital Status: | Single | Single |
| Allowances: | 999 | 999 |
| Addl. Pct.: | | |
| Addl. Amt.: | 1,784.00 | 605.00 |

### HOURS AND EARNINGS

| Description | Begin Date | End Date | Rate | Current Hours | Current Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|---|---|
| SalesComm | | | | | 1,012.68 | | 21,457.48 |
| SpPyStElig | | | | | 14,583.34 | | 56,864.95 |
| Reg Salary | | | | | 0.00 | 760.00 | 51,153.89 |
| Bonus 2007 | | | | | 0.00 | | 153,959.53 |
| 07 RSU Bon | | | | | 0.00 | | 41,040.47 |
| LB Spc Sal | | | | | 0.00 | 120.00 | 8,076.93 |

### TAXES

| Description | Current | YTD |
|---|---|---|
| Federal Tax | 1,784.00 | 55,025.88 |
| Medicare Tax | 226.14 | 4,212.44 |
| Social Security Tax | 0.00 | 6,324.00 |
| NY Vol Dis/EE | 2.60 | 22.40 |
| NY Tax | 605.00 | 17,337.49 |
| NY NEW YORK Tax | 248.00 | 9,250.66 |

Total: 15,596.02   291,512.78

Total: 2,865.74   92,172.87

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| TDSP 401(k) | 0.00 | 1,076.92 |
| Pre-Tax Medical | 0.00 | 954.00 |
| Pre-Tax Dental | 0.00 | 72.00 |

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Roth 401(k) | 0.00 | 14,423.08 |
| Net DDPS | 12,730.28 | 12,730.28 |
| Advance Recap | 0.00 | 3,604.00 |
| Equinox Fitness~EE | 0.00 | 612.00 |

### TAXABLE BENEFITS

| Description | Current | YTD |
|---|---|---|
| GVUL Basic/Taxable* | 0.00 | 26.34 |

Total: 0.00   2,102.92   Total: 12,730.28   31,369.36   *Taxable

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 15,596.02 | 15,596.02 | 2,865.74 | 12,730.28 | 0.00 |
| YTD: | 291,512.78 | 289,436.20 | 92,172.87 | 33,472.28 | 165,867.63 |

MESSAGE: Please Note: Replacement Paystub "YTD" totals reflect the monthend YTD data for the month in which the check was issued; not necessarily the YTD totals as of the Check Date.

NET PAY DISTRIBUTION

---

# REPLACEMENT PAYSTUB

Lehman Brothers Inc.
745 Seventh Avenue
New York, NY 10019-6801

Check Date:
09/26/2008
* * * * * * *

Print Date:
10/28/2008
* * * * * * *

Check No.
468393

Check Amount:   $0.00

Paid To The Order Of

**NATALIE S. RIESSEN**
205 East 59th Street
Apartment 19A
New York, NY 10022

### CHECK DISTRIBUTION

| Account Type | Account Number | Deposit Amount |
|---|---|---|
| | | |

Total:   $0.00

## NON-NEGOTIABLE

Attachment 2

Riessen, Natalie S

___

From: Riessen, Natalie S
Sent: Friday, May 16, 2008 2:00 PM
To: Alper, Steven; Stevenson, Mark J; Slattery, Maureen B
Subject: Thank you.

Steve, Mark & Maureen,

I have decided to join Mike Brewster and Mark Sullivan's team. I am extremely excited about this opportunity and look forward to working with you all in this new role. I greatly appreciate all of your patience and understanding through this process.

Mark and Steve, I want to be considerate of your time today given the recent news. However, I would very much would like to immediately start to participate in assuming client relationships of the departing teams in an effort to help you keep them with Lehman. I believe that I can be extremely helpful particularly with the MD relationships given my familiarity in working with them. For example, I have recently been working with Ted Roosevelt and have developed a nice relationship with him.

I am here today and available over the weekend if you need my assistance immediately. I am traveling with Mike Brewster on Monday, but will be back in the office on Tuesday. Please do not hesitate to reach out to me as I am ready to assist.

In an effort to ensure we are all starting on the same page and based upon the additional clarity of the terms in our discussion on May 12, 2008, here is the updated version of the terms as I now understand them to be.

1) One Year Renewable Terms beginning May 16, 2008 through May 16, 2009

2) Firm pays a minimum "Special Payment" of $175,000 based on 12 equal installments paid monthly. Monthly Total Compensation payment =$14,583.33 (Cash & Equity-Based Awards based upon 2008 Equity Award Schedule for Production-Based Employees)

3) Other IR Team Member/s pay a minimum "Special Payment" of $100,000 based on 12 installments paid monthly. Approximate Monthly Total Compensation payment =$8,333.33 (Cash & Equity-Based Awards based upon 2008 Equity Award Schedule for Production-Based Employees)

4) Any Fees and/or Commissions earned upon any business generated by and/or allocated to me is paid IN ADDITION to the above minimum "Special Payments". (Cash & Equity-Based Awards based upon 2008 Equity Award Schedule for Production-Based Employees)

5) Eligible for an additional "Special Payment" of up to $100,000 which is available to be paid to me within 12 month period defined above (May 16, 2008 through May 16, 2009) to be determined under Jack Petersen's discretion. This obligation is enforceable and binding upon any management that may be in charge during this period of time.

7) All Other Lehman Brothers Employee Benefits and Standard Policies Apply as per my Role and Title.

3) If my employment terminates without cause by me or Lehman Brothers within 90 days of May 16, 2008,

1

Attachment 3 (1 of 4)

the remainder of the payments described in paragraph 2 of the severance letter dated March 11, 2008, shall become due and payable to me *immediately*.

Thank you for this opportunity.
Natalie

Attachment 3 (2 of 4)

**Riessen, Natalie S**

---

| | |
|---|---|
| From: | Petersen, Jack  ←———— Head of Private Wealth Management Division |
| Sent: | Saturday, May 17, 2008 12:11 PM |
| To: | Riessen, Natalie S; Walker, George H |
| Cc: | Brewster, Michael; Sullivan, Mark L |
| Subject: | RE: Thank you. |

I am pumped. I think your addition to the team will be very impactful.

---

| | |
|---|---|
| From: | Riessen, Natalie S |
| Sent: | Friday, May 16, 2008 3:55 PM |
| To: | Walker, George H; Petersen, Jack |
| Subject: | Thank you. |

George & Jack,

I have decided to join Mike Brewster and Mark Sullivan's team. I am extremely excited about this opportunity and look forward to working with you in this new role. I greatly appreciate you providing me with this opportunity.

As you may know, I have worked extensively with the MDs over the years and want to help you to make the transition of the MDs, as well as any additional clients you may deem appropriate, covered by the departing teams as smooth as possible.

I am here today and available over the weekend if you need my assistance immediately. I am traveling with Mike Brewster on Monday, but will be back in the office on Tuesday. Please do not hesitate to reach out to me as I am ready to assist.

Thank you for this opportunity.

Regards,
Natalie

1

Attachment 3 (3 of 3)

Riessen, Natalie S

| | |
|---|---|
| From: | Walker, George H  ← Head of Investment management Division |
| Sent: | Friday, May 16, 2008 6:17 PM |
| To: | Riessen, Natalie S; Petersen, Jack |
| Subject: | Re: Thank you. |

Excellent! Go get 'em!

---

----- Original Message -----
From: Riessen, Natalie S
To: Walker, George H; Petersen, Jack
Sent: Fri May 16 15:54:34 2008
Subject: Thank you.

George & Jack,

I have decided to join Mike Brewster and Mark Sullivan's team. I am extremely excited about this opportunity and look forward to working with you in this new role. I greatly appreciate you providing me with this opportunity.

As you may know, I have worked extensively with the MDs over the years and want to help you to make the transition of the MDs, as well as any additional clients you may deem appropriate, covered by the departing teams as smooth as possible.

I am here today and available over the weekend if you need my assistance immediately. I am traveling with Mike Brewster on Monday, but will be back in the office on Tuesday. Please do not hesitate to reach out to me as I am ready to assist.

Thank you for this opportunity.

Regards,
Natalie

*Equity Accrual (1 of 2)*

# LEHMAN BROTHERS

**2008 EQUITY AWARD SCHEDULE FOR PRODUCTION-BASED EMPLOYEES**

| Total Compensation Range | AMOUNT OF TOTAL COMPENSATION ("TC") IN EQUITY-BASED AWARDS | | |
|---|---|---|---|
| | *Employees Through Vice President Level* | *Senior Vice Presidents* | *Managing Directors* |
| $0 - $74,999 | 1.15% of 2007 TC | 2.3% of 2007 TC | 2.3% of 2007 TC |
| $75,000 - $99,999 | 2.3% of 2007 TC | 2.3% of 2007 TC | 2.3% of 2007 TC |
| $100,000 - $199,999 | $2,300 plus 6.9% of 2007 TC over $100,000 | $2,300 plus 6.9% of 2007 TC over $100,000 | $2,300 plus 6.9% of 2007 TC over $100,000 |
| $200,000 - $299,999 | $9,200 plus 11.5% of 2007 TC over $200,000 | $9,200 plus 11.5% of 2007 TC over $200,000 | $9,200 plus 11.5% of 2007 TC over $200,000 |
| $300,000 - $499,999 | $20,700 plus 17.25% of 2007 TC over $300,000 | $34,500 plus 18.687% of 2007 TC over $300,000 | $34,500 plus 18.687% of 2007 TC over $300,000 |
| $500,000 - $749,999 | $55,200 plus 23% of 2007 TC over $500,000 | $71,875 plus 23% of 2007 TC over $500,000 | $71,875 plus 23% of 2007 TC over $500,000 |
| $750,000 - $999,999 | $112,700 plus 28.75% of 2007 TC over $750,000 | $129,375 plus 40.25% of 2007 TC over $750,000 | $129,375 plus 40.25% of 2007 TC over $750,000 |
| $1,000,000 - $1,499,999 | $192,600 plus 36% of 2007 TC over $1.0 million | $240,000 plus 42% of 2007 TC over $1.0 million | $240,000 plus 52.8% of 2007 TC over $1.0 million |
| $1,500,000 - $1,999,999 | $372,600 plus 42% of 2007 TC over $1.5 million | $450,000 plus 54% of 2007 TC over $1.5 million | $504,000 plus 67.2% of 2007 TC over $1.5 million |
| $2,000,000 - $2,499,999 | $582,600 plus 48% of 2007 TC over $2.0 million | $720,000 plus 66% of 2007 TC over $2.0 million | $840,000 plus 72% of 2007 TC over $2.0 million |
| $2,500,000 and up | $822,600 plus 54% of 2007 TC over $2.5 million up to a max of 36% of 2007 TC | 42% of 2007 TC | $1,200,000 plus 75% of 2007 TC over $2.5 million to a max of 50% of 2007 TC |

*Note: The above schedule will be sued to calculate the portion of 2008 total compensation to be delivered in conditional equity awards, for the full year, in accordance with the terms of the Lehman Brothers Equity Award Program for production-based employees for the 2008 performance year (production months December 2007 through November 2008).*

Attachment 4 (1 of 2)

# LEHMAN BROTHERS

## 2008 MONTHLY EQUITY ACCRUAL FOR PRODUCTION-BASED EMPLOYEES

As an example, below is the monthly calculation for a production-based employee whose total compensation earned for production months December 2007 to November 2008 (paid January to December 2008) is $100,000.

| Step | Instructions | Sample Calculation | Sample Result |
|---|---|---|---|
| Step 1 | Take YTD Total Compensation for first month, annualize (multiply by 12) and divide by production month number. | $7,000 x 12 ÷ 1 | $84,000 |
| Step 2 | Calculate projected award from 2007 Equity Award Schedule. | $1,932 | $1,932 |
| Step 3 | Multiply result by allocation %. Subtract previous month's YTD equity accrual from result. This is the monthly equity accrual. | ($1,932 x 8.33%) - $0 | $161 |
| Step 4 | Take YTD Total Compensation for second month, multiply by 12 and divide by production month number. | $15,000 x 12 ÷ 2 | $90,000 |
| Step 5 | Calculate projected award from 2007 Equity Award Schedule. | $2,070 | $2,070 |
| Step 6 | Multiply result by allocation %. This is the YTD equity accrual. Subtract previous month's YTD equity accrual from result. This is the monthly equity accrual. | ($2,070 x 16.67%) - $161 | $184 |
| Step 7 | Repeat for next month. | | |

| # | Pay Month | Monthly Total Comp. | YTD Total Comp. | Annualized Total Comp. | Projected Equity Award | Allocation % | YTD Equity Accrual | Monthly Equity Accrual |
|---|---|---|---|---|---|---|---|---|
| 1 | January | $7,000 | $7,000 | $84,000 | $1,932 | 8.33% | $161 | $161 |
| 2 | February | 8,000 | 15,000 | 90,000 | 2,070 | 16.67% | 345 | 184 |
| 3 | March | 10,000 | 25,000 | 100,000 | 2,300 | 25.00% | 575 | 230 |
| 4 | April | 7,500 | 32,500 | 97,500 | 2,243 | 33.33% | 748 | 173 |
| 5 | May | 9,500 | 42,000 | 100,800 | 2,355 | 41.67% | 981 | 234 |
| 6 | June | 7,000 | 49,000 | 98,000 | 2,254 | 50.00% | 1,127 | 146 |
| 7 | July | 7,500 | 56,500 | 96,857 | 2,228 | 58.33% | 1,300 | 173 |
| 8 | August | 10,500 | 67,000 | 100,500 | 2,335 | 66.67% | 1,556 | 257 |
| 9 | September | 8,000 | 75,000 | 100,000 | 2,300 | 75.00% | 1,725 | 169 |
| 10 | October | 8,500 | 83,500 | 100,200 | 2,314 | 83.33% | 1,928 | 203 |
| 11 | November | 6,500 | 90,000 | 98,182 | 2,258 | 91.67% | 2,070 | 142 |
| 12 | December | 10,000 | 100,000 | 100,000 | 2,300 | 100.00% | 2,300 | 230 |
| | Total | | | | | | | $2,300 |