**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :    08-13555 (JMP)
                                                                :
                              Debtors.                     :    (Jointly Administered)
                                                                :
-----------------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND HSBC BANK PLC AMENDING A PRIOR STIPULATION REGARDING TURNOVER OF FUNDS

This stipulation, agreement, and order (the "Stipulation") is made and entered into on the date hereof, by and between Lehman Brothers Holdings Inc. ("LBHI") and HSBC Bank Plc ("HSBC" and, together with LBHI, the "Parties"), as an amendment to the prior stipulation, agreement, and order between the Parties, dated August 28, 2009 and entered by the Court on September 9, 2009 (the "2009 Stipulation") [Docket Nos. 5006, 5089].

A.   Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced in this Court voluntary cases under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  Prior to the Commencement Date, HSBC and LBHI entered into an agreement, known as a deed, dated September 9, 2008 (the "Deed"). The Deed provides that, under certain circumstances, funds held by HSBC in three accounts in the name of LBHI (collectively, the "Collateral Accounts") may be used to secure, *inter alia*, Debt (as defined in the Deed), including potential overdrafts or debit balances, that LBHI, Lehman Brothers International (Europe) or Lehman Brothers Limited may owe to HSBC arising from the normal operation of their customer accounts listed on Schedule 2 of the Deed (the "Customer Accounts"). Funds deposited in the Collateral Accounts are also subject to HSBC's exercise of certain other rights, including statutory and other legal rights of setoff, combination and transfer pursuant to the terms of the Deed.

C.  As of April 28, 2009, two of the Collateral Accounts had zero balances and the remaining collateral account number 67850204 (the "Euro Collateral Account") held €343,446,459.96 (the "Collateral Funds").

D.  On August 28, 2009, LBHI and HSBC entered the 2009 Stipulation regarding the Collateral Funds. In accordance with the 2009 Stipulation, HSBC timely returned €70,000,000 to LBHI. An additional amount of the Collateral Funds was set aside on account of two claims subject to HSBC's rights of setoff: £100,062,061.97 for an LBHI Overdraft (as defined in the 2009 Stipulation) and £605,000.00 for a Mistaken Payment Claim (as defined in the 2009 Stipulation).

E.  Approximately €162,000,000.00 of Collateral Funds remained in the Euro Collateral Account as of August 12, 2011.

F.  The Parties agree that HSBC holds certain claims against LBHI that may be subject to HSBC's rights of setoff, and agree to continue to work in a

2

commercially reasonable manner to address issues surrounding HSBC's alleged setoff rights against LBHI.

G.  To the extent LBHI pays HSBC's claims in full (or HSBC effects a lawful setoff with respect to the remaining Collateral Funds in full satisfaction of such claims), further disputes between the Parties over HSBC's setoff rights may become moot.  Accordingly, HSBC has agreed, pursuant to the terms and conditions set forth in this Stipulation, to transfer certain of the Collateral Funds to an account designated by LBHI.

**NOW, THEREFORE,** in consideration of the mutual covenants and obligations set forth below and for other valuable consideration which the Parties hereby acknowledge, and subject to Bankruptcy Court approval of this Stipulation, it is agreed by and between LBHI and HSBC that:

1.  The Recitals set forth above form an integral part of this Stipulation and are fully incorporated herein.

2.  Within five (5) business days after the date on which an order of the Bankruptcy Court approving this stipulation is entered and has become final and non-appealable (the "Effective Date"), HSBC shall, by wire transfer, transfer or cause to be transferred €100 million of the available[1] Collateral Funds in the Euro Collateral Account (the "Wired Funds") to an account as directed by LBHI.

3.  HSBC and each of HSBC's affiliates and subsidiaries shall retain any legal rights, including any statutory and other legal rights of setoff, combination and

---

[1] Available funds in the Euro Collateral Account means the balance of such account, net of any fees, costs and other charges due and owing to HSBC.

3

transfer, that they may have.  Such retained legal rights shall not be, and shall not be deemed to be, prejudiced, waived, released or otherwise adversely affected to the extent that HSBC returns Collateral Funds to LBHI pursuant to paragraph 2 above.

4. To the extent that LBHI fails to pay HSBC in full for any claim held by HSBC and asserted against LBHI (or, after HSBC effects any lawful setoff of such claims with respect to the remaining Collateral Funds, HSBC holds claims that have not been paid or otherwise satisfied), HSBC shall be entitled to seek a determination from the Court, after notice and a hearing with an opportunity to respond by LBHI, as to whether HSBC or any of HSBC's affiliates and subsidiaries has valid setoff rights on account of any such claims, whether arising under the Deed, applicable nonbankruptcy law, or otherwise, that would have allowed HSBC to effect a setoff of such claims against the Wired Funds had HSBC not otherwise returned such Wired Funds to LBHI pursuant to paragraph 2 above.

5. If the Bankruptcy Court determines that, but for HSBC's delivery of the Wired Funds to LBHI pursuant to this Stipulation, HSBC possessed or possesses valid and enforceable setoff rights on account of any claim asserted by HSBC, any such claim shall be entitled to administrative expense and priority treatment under sections 503(b) and 507(b) of the Bankruptcy Code and shall be allowed in the amount by which the transfer of the Wired Funds to LBHI pursuant to this Stipulation caused the diminution or loss of HSBC's otherwise enforceable setoff rights.

6. Nothing contained herein shall constitute an agreement by LBHI as to the existence of any setoff right in favor of HSBC of any kind whatsoever, or constitute a finding by this Court of the existence of any setoff right.  Except as expressly

provided herein, LBHI retains all rights to dispute or object to any setoff asserted by HSBC or any of its subsidiaries or affiliates against LBHI on account of any claims, as well as any claim for adequate protection or administrative priority in connection therewith.

7. LBHI shall file this Stipulation with the Court within two (2) business days of its execution by both LBHI and HSBC. If no objection to this Stipulation is interposed, LBHI shall present this Stipulation to the Court for approval eight (8) days after the Stipulation is filed with the Court (or the first business day thereafter). This Stipulation shall have no force or effect unless and until approved by the Court.

8. Each party hereto represents and warrants that as of the date of execution of this Stipulation, the execution and delivery of this Stipulation has been duly authorized, that all necessary approvals have been granted, save only for the approval of the Court, that any and all necessary actions have been taken, and that the undersigned has full and complete authority to enter into this Stipulation on behalf of its respective client and to bind such client.

9. This Stipulation, and all of its terms and provisions, shall be binding upon and inure to the benefit of the Parties, and their respective successors, assigns, and administrators, including, without limitation, any chapter 11 or chapter 7 trustee appointed for the Debtors.

10. Each party hereto warrants, represents, and agrees that in executing this Stipulation, it does so with the full knowledge of any and all rights that it may have

5

with respect to the controversies herein and it has received independent legal advice from its attorneys with respect thereto.

11. This Stipulation may be executed in counterparts, each of which shall constitute an original, but all of which when taken together shall constitute one and the same instrument. An electronically transmitted facsimile of any signature shall be as binding as an original signature.

12. No amendment, waiver of modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by HSBC and LBHI.

13. This Stipulation amends, but does not otherwise supersede, the 2009 Stipulation. Except as expressly provided herein, no other aspects of the 2009 Stipulation are hereby amended or altered, and nothing in this Stipulation shall alter the effect or enforceability of the 2009 Stipulation, which otherwise remains in effect. This Stipulation and the 2009 Stipulation shall govern the Parties rights with respect to and the further disposition of the Collateral Funds. For the avoidance of doubt, nothing in this Stipulation or the 2009 Stipulation shall or shall be deemed to stay, avoid or otherwise limit HSBC's right to exercise contractual rights under the relevant safe harbor and related provisions of the Bankruptcy Code applicable to protecting the exercise of contractual rights under swap agreements, securities, commodity and forward contracts, repurchase agreements, and master netting agreements or LBHI's rights to contend that no such rights exist.

14. Nothing in this Stipulation is or shall be construed to be a waiver of any rights, claims, actions, counterclaims, defenses or other legal and equitable rights

08-13555-mg Doc 20550 Filed 10/03/11 Entered 10/03/11 15:52:09 Main Document
Pg 7 of 7

of all kinds of either Party or an election of remedies with respect to such rights, claims, actions or counterclaims against either Party, all of which are preserved and are supplemental to the provisions of this Stipulation.

15. This Stipulation shall be construed and governed under the laws of the State of New York.

16. This Stipulation has been fully negotiated by the Parties. Each party acknowledges and agrees that this Stipulation has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Stipulation.

Dated: September 16, 2011
New York, New York

LEHMAN BROTHERS HOLDINGS INC.

/s/ Steven S. Cohn
By: Steven Cohn
Its:


HSBC BANK PLC

/s/ M. Holcombe
By: M. Holcombe
Its:


**SO ORDERED:**

Dated: New York, New York
      October 3, 2011

      *s/ James M. Peck*
      HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE