B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.,　　　　　Case No. 08-13555 (JMP)
　　　　　　　　　　　　　　　　　　　　　　　　　　(Jointly Administered)
　　　　　　　　Debtors.

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| RBS Securities Inc. | Ålandsbanken Sverige AB (publ) |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

RBS Securities Inc.
600 Washington Boulevard
Stamford, CT 06901
Contact:　Matthew Rosencrans
Phone:　203.897.2644
Email:　matthew.rosencrans@rbs.com

Phone:_____
Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

Court Claim # (if known): 62822

Amount of Claim Transferred: $1,562,440.00

Date Claim Filed: November 2, 2009

Debtor:　Lehman Brothers Holdings Inc.

Phone: _____
Last Four Digits of Acct. #: _____

656877.2 2620/00238

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 9/22/11
    Transferee/Transferee's Agent
    JON WEISS / AUTHORIZED SIGNATORY

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

656877.2 2620/00238

PURCHASE AGREEMENT
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Ålandsbanken Sverige AB (publ) ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to RBS SECURITIES INC. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent represented by the percentage of the securities specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 62822 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and the related Evidence of Transfer (which is attached hereto as Exhibit A); (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and the related Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder

565675.6/2620-00238

of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the related Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer on the 5th January 2010 to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and the related Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and the related Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. Seller and Purchaser agree to maintain the confidentiality of this Agreement, and the form and structure of the within agreement and any drafts thereof, except to the extent required by applicable laws, regulations, subpoena or other legal process or by the order of any court of competent jurisdiction; provided that each party may disclose this Agreement and the transactions contemplated hereby to its members, shareholders, partners, managers, administrators, professional advisors and auditors, potential purchasers and participants of all or any portion of the Purchased Claim and to their respective retained legal and other professional consultants, each of which shall be advised of the confidential nature of this Agreement and the transactions contemplated hereby and must agree in advance to maintain such confidentiality, or to any and all federal or state regulatory or governmental agencies to whose jurisdiction Seller or Purchaser are subject.

IN WITNESS WHEREOF, this AGREEMENT is executed this 11th day of January 2010.

| ÅLANDSBANKEN SVERIGE AB (PUBL) | RBS SECURITIES INC. |
|---|---|
| By: _____ | By: _____  9/22/11 |
| Name: Mats Andersson | Name: Jon Weiss |
| Title: CEO | Title: Authorized Signatory |
| Stureplan 19 Ålandsbanken Sverige AB | The Royal Bank of Scotland plc |
| 107 81 Stockholm | 600 Steamboat Road |
| Sweden | Greenwich, CT 06830 |
| 565 Magnus Unnersand | |
| Head of Treasury & Structured Derivatives | |
| Ålandsbanken Sverige AB | |

Schedule 1

Transferred Claims

Purchased Claim

100% of €1,000,000.00 (in principal amount), or USD 1,392,237.00 (in principal amount), which is 100% of the USD 1,560,440.00 outstanding amount of XS0309103546 held for Seller's own account as described in the Proof of Claim as of 11 January 2010, including all principal and interest related thereto.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Capital Protected Note | XS0309103546 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD 1,392,237.00 (EUR 1,000,000.00) | 0% | 11 July 2010 |

Schedule 1-1

565675.6/2620-00238

**TO:   THE DEBTOR AND THE BANKRUPTCY COURT**

For value received, the adequacy and sufficiency of which are hereby acknowledged, Ålandsbanken Sverige AB (publ) ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to RBS SECURITIES INC. ("Purchaser") USD 1,562,440.00 of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) relating to ISIN No. XS0309103546 held for Seller's own account against Lehman Brothers Holdings, Inc. (the "Debtor"), the debtor in Case No. 08-13555 (JMP) pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and the relevant portion of any and all proofs of claim (No. 62822) filed by Seller or its predecessor-in-interest with the Bankruptcy Court in respect of the foregoing claim.

Seller hereby waives any objection to the transfer of the claim to Purchaser on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Purchaser the foregoing claim, recognizing Purchaser as the sole owner and holder of the claim, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Purchaser.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM is executed this 11 day of January 2010.

Magnus Linnersand
Head of Treasury & Structured Derivatives
Ålandsbanken Sverige AB

ÅLANDSBANKEN SVERIGE AB (publ)

By: _____
Name: Mats Andersson
Title: CEO
Ålandsbanken Sverige AB

RBS SECURITIES INC.

By: _____           9/22/11
Name: Jan Weiss
Title: Authorized Signatory

566969.1/2620-00238