Presentment Date and Time: October 14, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: October 13, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
In re                                             :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*      :    08-13555 (JMP)
:
Debtors.                                 :    (Jointly Administered)
:
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER
BETWEEN MICHAEL AND LENNA SOUTHLAND AND LEHMAN BROTHERS
HOLDINGS, INC. PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY WITH
REGARD TO CERTAIN REAL PROPERTY LOCATED IN PUYALLUP, WASHINGTON**

     **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order Providing for Relief from the Automatic Stay with Regard to Certain Real Property Located in Puyallup, Washington (the "Stipulation, Agreement and Order") between Lehman Brothers Holdings, Inc., as debtor and debtor-in-possession, and Michael and Lenna Southland, to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **October 14, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

     **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **October 13, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

     **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 4, 2011
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
: 
In re                                                         :  **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :  **08-13555 (JMP)**
                                                              :
Debtors.                                             :  **(Jointly Administered)**
                                                              :
-----------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN MICHAEL AND LENNA SOUTHLAND AND LEHMAN BROTHERS**
**HOLDINGS, INC. PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY WITH**
**REGARD TO CERTAIN REAL PROPERTY LOCATED IN PUYALLUP, WASHINGTON**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by and between Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases (the "Debtors"), as debtors and debtors-in-possession, and Michael and Lenna Southland (the "Southlands"), debtors in a case under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") that is currently pending in the United States Bankruptcy Court for the Western District of Washington (the "Chapter 13 Case").

1

**RECITALS**

A. On September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

B. The Southlands commenced the Chapter 13 Case on February 28, 2011. On or about June 13, 2011, the Southlands initiated an adversary proceeding (the "Adversary Proceeding") in the Chapter 13 Case seeking to avoid a second deed of trust (the "Second Deed of Trust") that encumbers real property located at 8404 153rd Ave East, Puyallup, Washington (the "Property"). The Second Deed of Trust, which secures the repayment of approximately $43,000 due on the note, was recorded on September 7, 2004 in the Pierce County property records.

C. The Southlands assert that LBHI was the original beneficiary of the Second Deed of Trust and that LBHI is still listed as the holder of record of the Second Deed of Trust in the Pierce County property records.

D. The Debtors have reviewed their records and determined that, on or about December 30, 2004, LBHI transferred its interest in the Second Deed of Trust to Structured Asset Securities Corporation ("SASCO"), a debtor in the above referenced chapter 11 cases. The Debtors have further determined that, on or about December 30, 2004, SASCO transferred its interest in the Second Deed of Trust to SAIL 2004-11, a non-Debtor securitization trust. As a result of these transfers, none of the Debtors retained a direct interest in the Second Deed of Trust as of the Commencement Date.

E. In order to allow the Southlands to move forward with the determination of their rights with respect to the Second Deed of Trust in the Adversary Proceeding, LBHI and

2

the Southlands (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to modify the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") for the limited purpose of allowing the Southlands to name LBHI as a defendant in the Adversary Proceeding solely for the purpose of bringing claims relating to LBHI's interest in the Second Deed of Trust.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay extant in LBHI's Chapter 11 Case shall be modified solely to the extent necessary to permit the Southlands to add LBHI as a defendant in the Adversary Proceeding solely with respect to their claims relating to the Deed of Trust; provided, however, that the Southlands shall not be entitled to seek or receive any monetary relief from LBHI's estate; provided, further, that the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against the Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the Debtors' respective estate and/or assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

3

        4.        Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

        5.        This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

6.    This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: October 4, 2011
       Fife, Washington

/s/ Dorothy Bartholomew
Dorothy Bartholomew
WSBA No. 20887

Dorothy Bartholomew PLLC
5310 12th Street East, Suite C
Fife, Washington 98424
Telephone: (253) 922-2016
Facsimile: (253) 922-2053

Attorneys for Michael and Lenna Southland

Dated: October 4, 2011
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this ___ day of October, 2011 in New York, New York

_____
United States Bankruptcy Judge

5