UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                    :

In re                                            :         Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         08-13555 (JMP)
                                                    :
                        Debtors.              :         (Jointly Administered)
                                                    :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(e) OF
THE BANKRUPTCY CODE AND RULE 2014 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING
THE MODIFICATION OF THE PROCEDURES FOR COMPENSATING
AND REIMBURSING FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP,
AS SPECIAL COUNSEL TO DEBTORS, EFFECTIVE AS OF JUNE 1, 2011**

Upon consideration of the application, dated September 15, 2011 (the "Application"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors in possession (collectively, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the procedures for compensating and reimbursing Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") as special counsel to the Debtors, effective as of June 1, 2011; and upon the declaration of Janice Mac Avoy (the "Mac Avoy Declaration"), annexed as Exhibit A to the Application; and the Court being satisfied, based on the representations made in the Application and the Mac Avoy Declaration, that Fried Frank does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the Court having determined that Fried Frank is eligible for employment as special counsel to the Debtors; and

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and the Court having determined that consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635], to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Fried Frank and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and their creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Application is approved as set forth herein; and it is further

       ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the employment and retention of Fried Frank as special counsel to the Debtors is hereby authorized and approved on the terms set forth in the Application and this Order, for the Representative

2

Matters identified in the Application and in accordance with Fried Frank's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Fried Frank shall, solely with respect to fees and expenses to be paid to Fried Frank in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], the Court's Order Amending the Fee Protocol [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
       October 5, 2011

                                             *s/ James M. Peck*
                                             Honorable James M. Peck
                                             United States Bankruptcy Judge