08-13555-mg    Doc 20605    Filed 10/05/11    Entered 10/05/11 15:56:14    Main Document
                                       Pg 1 of 5

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                              :        Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,:        Case No. 08-13555 (JMP)
                                                    :
                    Debtors.                        :        (Jointly Administered)
-----------------------------------------------------------------X

**STIPULATION, AGREEMENT, AND ORDER
REGARDING THE DEBTORS' EIGHTEENTH OMNIBUS OBJECTION TO
CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS) WITH RESPECT
TO CERTAIN CLAIMS BY HOWARD TERRY AND THE TERRY FOUNDATION**

This Stipulation, Agreement, and Order is made and entered into by (i) Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and debtors in possession (the "Debtors") in these jointly-administered bankruptcy cases, on the one hand, and (ii) the Terry Foundation and Howard Terry, on the other hand (collectively, the "Note Holders" and together with the Debtors, the "Parties"). The Parties, by and through their respective counsel, stipulate and agree as follows:

**RECITALS**

A.    The Wilmington Trust Company, in its capacity as indenture trustee, (the "Indenture Trustee") filed proof of claim number 10082 (the "Indenture Trustee Claim") on September 2, 2009, in LBHI's chapter 11 case (case number 08-13555), in the amount of $73,162,259,495.49, plus an undetermined amount for principal and interest due with respect to those CUSIP numbers for which a calculation of such amounts is required, plus all

applicable premiums, fees, costs, expenses, advances, charges and other amounts of any kind or nature for which LBHI may be obligated under the terms of that certain Indenture dated as of September 1, 1987 (as amended, supplemented, or modified, the "Indenture"), between LBHI (formerly known as Shearson Lehman Brothers Holdings Inc.) and Wilmington Trust Company (as successor trustee to Citibank, N.A.), on behalf of itself and the holders of the senior unsecured debt obligations issued under the Indenture.

      B.      The Indenture Trustee Claim remains to be reconciled and remains subject to objection by the Debtors.

      C.      The Note Holders filed the following proofs of claim (together, the "Note Holders' Claims") in these bankruptcy cases:

           i.      Howard Terry filed proof of claim number 1481 (the "Terry Claim") on December 29, 2008, in LBHI's chapter 11 case (case number 08-13555), in the amount of $11,856,000.00 seeking to recover on account of notes or other senior unsecured debt obligations with CUSIP no. 52522L426.

           ii.      The Terry Foundation filed proof of claim number 1482 (the "Terry Foundation Claim") on December 29, 2008, in LBHI's chapter 11 case (case number 08-13555), in the amount of $1,500,000.00, plus interest, seeking to recover on account of notes or other senior unsecured debt obligations with CUSIP nos. 52517PXQ9 and 52517PYQ8.

      D.      The notes on account of which the Note Holders are seeking to recover are notes for which the Indenture Trustee is also seeking to recover in the Indenture Trustee Claim.

      E.      Pursuant to the Debtors' Eighteenth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated June 17, 2010 [Docket No. 9656] (the "Eighteenth Omnibus Objection"), the Debtors seek disallowance and expungement of the

Note Holders' Claims on the grounds that such claims are duplicative of the Indenture Trustee Claim, all as more fully described in the Eighteenth Omnibus Objection.

F. On July 20, 2010, the Note Holders filed a response [Docket No. 10324] to the Debtors' objections to the Note Holders' Claims set forth in the Eighteenth Omnibus Objection.

## AGREEMENT

NOW, THEREFORE, EACH OF THE PARTIES HERETO, BY AND THROUGH ITS RESPECTIVE COUNSEL, STIPULATES AND AGREES AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:

1. The Note Holders' Claims listed on Exhibit 1 annexed hereto under the heading *"Claims to be Disallowed and Expunged"* are disallowed and expunged, subject to paragraphs 2-10 below.

2. The Indenture Trustee Claim listed on Exhibit 1 annexed hereto under the heading *"Surviving Claim"* will remain on the claims register subject to the Debtors' right to object to such claim on any basis.

3. If the Court orders, without the consent of the Indenture Trustee, that all or any portion of the Indenture Trustee Claim is disallowed and expunged with respect to the securities with CUSIP no. 52522L426, then the Terry Claim is hereby automatically reinstated, the claims agent is hereby authorized and directed to immediately reinstate the Terry Claim on the claims register, and the rights of all interested parties with respect to the reinstated Terry Claim shall be expressly reserved.

4. If the Court orders, without the consent of the Indenture Trustee, that all or any portion of the Indenture Trustee Claim is disallowed and expunged with respect to the securities with CUSIP nos. 52517PXQ9 or 52517PYQ8, then the Terry Foundation Claim is

3

hereby automatically reinstated, the claims agent is hereby authorized and directed to immediately reinstate the Terry Foundation Claim on the claims register, and the rights of all interested parties with respect to the reinstated Terry Foundation Claim shall be expressly reserved.

5. This Stipulation, Agreement, and Order shall not modify the effect of the Eighteenth Omnibus Objection to Claims with respect to any claims other than the Note Holders' Claims as described herein.

6. The terms and conditions of this Stipulation, Agreement and Order, and the Parties' respective obligations hereunder, shall become effective only upon entry of this Order, and this Order becoming a final order, not subject to appeal, rehearing, or other consideration.

7. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement, and Order.

8. No amendment, waiver, or modification of any provision of this Stipulation, Agreement, and Order shall be effective unless the same shall be in writing and signed by the Note Holders and the Debtors.

9. This Stipulation, Agreement, and Order may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument. This Stipulation, Agreement, and Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as

08-13555-mg    Doc 20605    Filed 10/05/11    Entered 10/05/11 15:56:14    Main Document
Pg 5 of 5

valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

10.     This Stipulation, Agreement, and Order shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: September 30, 2011
       New York, New York

| | |
|---|---|
| By: /s/ Jennifer A. Christian | By: /s/ Robert J. Lemons |
| Jennifer A. Christian | Robert J. Lemons |
| (jennifer.christian@tklaw.com) | (robert.lemons@weil.com) |
| | |
| THOMPSON & KNIGHT LLP | WEIL, GOTSHAL & MANGES LLP |
| 900 Third Avenue, 20th Floor | 767 Fifth Avenue |
| New York, New York 10022 | New York, New York 10153 |
| Telephone: (212) 751-3001 | Telephone: (212) 310-8000 |
| Facsimile: (212) 751-3113 | Facsimile: (212) 310-8007 |
| | |
| *Attorneys for Howard Terry and the Terry Foundation* | *Attorneys for LBHI and the Debtors* |

**SO ORDERED:**

Dated: New York, New York
       October 5, 2011

                                               *s/ James M. Peck*
                                            HONORABLE JAMES M. PECK
                                            UNITED STATES BANKRUPTCY JUDGE