WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8500
Facsimile: (212) 354-8113
Abraham L. Zylberberg

Attorneys for Commerzbank AG, New York and Grand Cayman Branches

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

### RESPONSE OF COMMERZBANK AG, NEW YORK AND GRAND CAYMAN BRANCHES, TO DEBTORS' TWO HUNDRED SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS) [DOCKET NO. 19928]

Claimant Commerzbank AG, New York and Grand Cayman Branches (the "Claimant" or

"Commerzbank") files this response (the "Response") to the Debtors' Two Hundred Second

Omnibus Objection to Claims (Duplicative Claims) [Docket No. 19928] (the "Objection") in

respect of the claims (the "Claims") against Lehman Brothers Holdings Inc. (the "Debtor") set

forth in the proofs of claim Commerzbank filed in the above-captioned chapter 11 cases (the

"Proofs of Claim") assigned numbers 27838 (the "LBHI (LBSF) Guarantee Claim") and 27840

(the "LBHI (Bankhaus) Guarantee Claim")[1] as follows:

## PRELIMINARY STATEMENT

The Objection is premised on the allegation that the Claims are duplicative of one

another.  As explained in detail below, the Claims are distinct, arising from separate guarantees

of different primary debts owed by different primary obligors.  One of the two claims, Claim No.

27840, arises under a guarantee by the Debtor of the obligations of Lehman Brothers Bankhaus

AG ("Bankhaus") under a repurchase transaction with the Claimant.  The other claim, Claim No.

27838, arises under a guarantee by the Debtor of loans made by 7th Avenue Inc. (the issuer of

the Series 2 Notes referred to below) to Lehman Brothers Special Financing Inc. ("LBSF").  7th

Avenue Inc. pledged its claims against LBSF in respect of such loans to secure the Series 2

Notes.  As more fully described below, the Claimant acquired the Series 2 Notes from Bankhaus

pursuant to the repurchase transaction and, as holder of the Series 2 Notes, the Claimant acquired

from 7th Avenue Inc. the rights of 7th Avenue Inc. in respect of the loans made by it to LBSF

and all other rights of 7th Avenue Inc. related to such loans, including the Debtor's guarantee of

such loans.  That is the sole relationship between the two Claims, which are nevertheless distinct

in all respects and certainly not duplicative of one another.

---

[1] Capitalized terms not otherwise defined herein carry the meanings set forth in the Proofs of Claim,
which are attached hereto as Exhibit A.

## **FACTS**

A.  The LBHI (Bankhaus) Guarantee Claim (Claim No 27840)

1.      The Claimant and Bankhaus were parties to a Master Repurchase Agreement dated as of November 29, 2004 (the "Master Repurchase Agreement") and the 7th Avenue Notes Addendum thereto dated as of November 29, 2004 (the "7th Avenue Notes Addendum, and together with the Master Repurchase Agreement, the "Master Agreement"), under which the Claimant, as Buyer, and Bankhaus, as Seller, entered into a letter agreement dated December 8, 2004 (the "Confirmation," and together with the Master Agreement, the "Repo Agreement").[2] The Confirmation evidenced the only Transaction under and as defined in the Repo Agreement, a transfer of $200,000,000 face amount of 7th Avenue Inc. Series 2 USD200,000,000 Floating Rate Secured Notes due 2008 (ISIN: XS020601; Common Code:  020601728) maturing on December 8, 2008 (the "Series 2 Notes")[3] from Bankhaus to the Claimant in exchange for the Purchase Price ($200,000,000[4]) and a contractual promise from Bankhaus under the Repo Agreement that it would repurchase the Notes on the Repurchase Date for the Repurchase Price.

2.      The Debtor guaranteed prompt payment of Bankhaus' obligations under the Repo Agreement in respect of any Transaction not exceeding $200,000,000 (plus payment of expenses (including the reasonable fees and expenses of counsel) incurred by the Claimant in enforcing or protecting its obligations under such guarantee) pursuant to a written guarantee dated as of

---

[2] The Repo Agreement is attached to the LBHI (Bankhaus) Guarantee Claim as Exhibit A.

[3] *See* Confirmation, Transaction Term 11.

[4] *See* Confirmation, Transaction Term 5.

November 29, 2004 (the "2004 LBHI (Bankhaus) Guarantee").[5]  The Debtor also guaranteed

payment of all Bankhaus' obligations under the Repo Agreement pursuant to a written of

guarantee dated as of November 21, 2002 (the "2002 LBHI (Bankhaus) Guarantee,"[6] and

together with the 2004 LBHI (Bankhaus) Guarantee, the "LBHI (Bankhaus) Guarantees").

3.      By reason of the proceedings described in paragraph 10 below, two "Acts of

Insolvency"[7] and, therefore, an "Event of Default" in respect of Bankhaus were deemed to have

occurred on September 15, 2008 under the Master Repurchase Agreement[8] which triggered

Bankhaus' obligation under the Master Repurchase Agreement to immediately repurchase from

Claimant the Series 2 Notes.  Bankhaus failed to do so.  Pursuant to Paragraph 11(d) of the

Master Repurchase Agreement, Claimant retained title to the Series 2 Notes, and Bankhaus

became obligated to pay to Claimant the sum of $200,218,614.95 as of the Petition Date, plus

losses, costs and expenses (the "Bankhaus Repo Obligation").  The Debtor in turn became

obligated to pay that sum to the Claimant pursuant to its guarantees of the Bankhaus Repo

Obligation under the LBHI (Bankhaus) Guarantees.  It is the Claimant's claim against the Debtor

under the LBHI (Bankhaus) Guarantees that forms the basis of Claim No. 27840, the LBHI

(Bankhaus) Guarantee Claim.

---

[5] A copy of the 2004 LBHI (Bankhaus) Guarantee is attached the LBHI (Bankhaus) Guarantee Claim as Exhibit B.

[6] A copy of the 2002 LBHI (Bankhaus) Guarantee is attached the LBHI (Bankhaus) Guarantee Claim as Exhibit C.

[7] See Master Repurchase Agreement, ¶ 2(a) as modified by the 7th Avenue Notes Addendum, ¶ 4.

[8] Master Repurchase Agreement Agreement, ¶ 11(b).

B.  The LBHI (LBSF) Guarantee Claim (Claim No.27838)

4.      The Series 2 Notes were constituted as of December 8, 2004, and are governed and secured by a Master Trust Deed, dated as of September 12, 2002, a Supplemental Trust Deed, dated as of December 8, 2004, and a First Supplemental Trust Deed, dated as of December 23, 2004 (together, the "Trust Deed"), each between 7th Avenue Inc. (the "Issuer") and HSBC Trustee (C.I.) Limited, as trustee (in such capacity, the "Deed Trustee").

5.      The primary security available under the Trust Deed (the "Trust Deed Collateral") for the Series 2 Notes is 7th Avenue Inc.'s rights and interests under a term loan agreement, dated as of December 8, 2004 (the "Loan Agreement"), among 7th Avenue Inc., as lender, LBSF, as borrower, and the Deed Trustee as trustee, and a related security agreement, dated December 8, 2004 (the "Security Agreement"), among 7th Avenue Inc., as secured party, LBSF, as debtor, and the Deed Trustee, as Trustee.

6.      Pursuant to the Loan Agreement, 7th Avenue Inc. made loans to LBSF in the aggregate outstanding principal amount of $200,000,000 (the "LBSF Loans").

7.      Pursuant to the Security Agreement, LBSF's obligations under the Loan Agreement and in respect of the LBSF Loans (the "LBSF Loan Obligations") are secured by, among other things, a security interest in LBSF's rights, title and interest in, to and under certain ISDA Master Agreements (together with the transactions thereunder and the proceeds thereof, the "Collateral").  Pursuant to the Trust Deed, 7th Avenue Inc.'s rights, title and interest in the Collateral were pledged to, and exercisable by, the Deed Trustee for the benefit of the owners of the Series 2 Notes.

8.      All liabilities, obligations and commitments of LBSF, including the LBSF Loan Obligations, are fully guaranteed under that certain Unanimous Written Consent of the Executive

Committee of the Board of Directors of Lehman Brothers Holdings Inc. (the "LBHI (LBSF) Guarantee") dated June 9, 2005.[9]

9.    By a Deed of Assignment dated as of February 13, 2009 (the "Deed of Assignment")[10] among 7th Avenue Inc., the Deed Trustee and the Claimant, all rights, title and interest of 7th Avenue Inc. and the Deed Trustee in and to the Loan Agreement, the Security Agreement and the Collateral, including 7th Avenue Inc.'s and the Deed Trustee's rights, title and interests in, to and under the LBSF Loans and the LBHI (LBSF) Guarantee, were assigned outright to the Claimant.  The claim against the Debtor in respect of its guarantee under the LBHI (LBSF) Guarantee of the LBSF Loan Obligations, which claim is now held by the Claimant pursuant to the Deed of Assignment, forms the basis of Claim No. 27838, the LBHI (LBSF) Guarantee Claim.

C.  The Lehman Proceedings

10.    On September 15, 2008 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and Bankhaus' regulator, the German Federal Financial Supervisory Authority (*Bundesanstalt für Finanzdienleistungsaufsicht*, the "BaFin"), issued a moratorium order under Section 46a of the German Banking Act (*Kreditwesengesetz*).  Pursuant to the moratorium, Bankhaus was prohibited from, among other things, disposing of any assets and making any payments to its creditors.  The filing by the Debtor and the moratorium order in

---

[9] A copy of the LBHI (LBSF) Guarantee is attached to the LBHI (LBSF) Guarantee Claim as Exhibit F.

[10] A copy of the Deed of Assignment is attached to the LBHI (LBSF) Guarantee Claim as Exhibit E.

respect of Bankhaus constituted Events of Default under the Repo Agreement which caused the Repurchase Date to occur thereunder.

11.     On October 3, 2008, LBSF commenced its chapter 11 case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.

12.     On November 12, 2008, the BaFin filed an application for the opening of insolvency proceedings respecting Bankhaus with the insolvency court at the Frankfurt Lower District Court *(Amtsgericht Frankfurt am Main)* (the "German Court"), which opened such insolvency proceedings on November 13, 2008 (the "*Insolvenzverfahren*").

13.     By letter dated April 3, 2009, the Claimant filed a proof of claim against Bankhaus with the German Court-appointed administrator in the *Insolvenzverfahren*.

14.     On July 2, 2009, this Court entered an order establishing the deadline to file proofs of claim against the Debtor (the "Bar Date Order").

15.     On September 22, 2009, the Claimant timely filed the Proofs of Claim and timely submitted Guarantee Questionnaires (as defined in the Bar Date Order).

16.     The Claimant remains the owner of the Series 2 Notes and has received no payments thereon.

## ARGUMENT

17.     The Debtors point out that a "filed proof of claim is 'deemed allowed, unless a party in interest . . . objects,'" and that "if an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim."  Objection, ¶ 10 (citations omitted).

18.     In this instance, however, the Debtors do not refute or even attempt to refute allegations supporting either of the Claims.  Instead, the Objection summarily avers that "the

Duplicative Claims were filed by the same claimants against the same Debtors . . . and <u>on account of the same obligations as the corresponding Surviving Claims</u>."  Objection, ¶ 9 (emphasis added).  However, as the Proofs of Claim themselves make clear, and as shown in this Response, the Claims alleged to be duplicative are clearly <u>not</u> on account of the same obligations.  The Debtor's guarantees, pursuant to the LBHI (Bankhaus) Guarantees, of the Bankhaus Repo Obligation (i.e. the obligations of Bankhaus under the Repo Agreement), form the basis of Claim No. 27840.  The Debtor's guarantee, pursuant to the LBHI (LBSF) Guarantee, of LBSF's completely separate LBSF Loan Obligation (i.e. the obligation of LBSF to repay the LBSF Loans) forms the basis of Claim No. 27838.  The fact that 7th Avenue Inc.'s claims against LBSF in respect of the LBSF Loans were at one time collateral for the Series 2 Notes that were the subject of the Repo Agreement does not mean that such claims are the same as or duplicative of the claims against Bankhaus under the Repo Agreement.  Therefore, the Claimant's claims against the Debtor under Claim No. 27840 in respect of Debtor's guarantees of the Bankhaus Repo Obligation, a primary obligation of Bankhaus, is not the same as or duplicative of the Claimant's claim against the Debtor under Claim No 27838 in respect of the Debtor's guarantee of the LBSF Loan Obligation, a distinct and different primary obligation of LBSF to repay loans made to it by 7th Avenue Inc.

19.    Accordingly, the Debtors have failed to refute any of the Claimant's allegations supporting either of the Claims or to show that the Claims are duplicative of one another or the same.  Not only are the primary obligations underlying the guarantee claims against the Debtor set forth in Claim No 27840 completely distinct from the primary obligations underlying the guarantee claims against the Debtor set forth in Claim No. 27838, such primary obligations are owed by two separate primary obligors.  The Objection should therefore be overruled.

## RESERVATION OF RIGHTS

20.     The execution and filing of this Response is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any entity or person liable for all or any part of the Claims; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in these cases against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claims, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of any right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any court; (e) a waiver of any right to the subordination or recharacterization, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtors or any of their affiliates; (f) an election of remedies which waives or otherwise affects any other remedy or (g) a waiver of the Claimant's rights to amend or supplement the Proofs of Claim or this Response.

*[The remainder of this page is intentionally blank.]*

WHEREFORE, the Claimant respectfully requests that the Court (i) overrule the

Objection, (ii) allow the full amount of each of the Claims, and (iii) grant such other relief as the

Court finds just and equitable.

Dated:  October 5, 2011
      New York, New York

                          Respectfully submitted,


                          WHITE & CASE LLP
                          1155 Avenue of the Americas
                          New York, New York 10036-2787
                          Telephone: (212) 819-8500
                          Facsimile:  (212) 354-8113

                          Abraham L. Zylberberg


                          By: /s/
                             Abraham L. Zylberberg
                          ATTORNEYS FOR COMMERZBANK
                          AG, NEW YORK AND GRAND
                          CAYMAN BRANCHES

NEWYORK 8269660 v6 (2K)