**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                                                                 :         Chapter 11 Case No.
                                                                                                           :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :         08-13555 (JMP)
                                                                                                           :
                                                                   Debtors.             :         (Jointly Administered)
-----------------------------------------------------------------------x

### SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS' ONE HUNDRED FIFTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the one hundred fifty-fifth omnibus objection to claims, dated June 7, 2011 (the "One Hundred Fifty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimants' supporting documentation and the Debtors' books and records, and that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim, all as more fully described in the One Hundred Fifty-Fifth Omnibus Objection to Claims; and due and proper notice of

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Fifty-Fifth Omnibus Objection to Claims.

the One Hundred Fifty-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on <u>Exhibit A</u> attached to the One Hundred Fifty-Fifth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9653]; and it appearing that no other or further notice need be provided; and upon the resolution of Proof of Claim numbers 19279 and 19280 filed by Eneco Energy Trade BV, these claims having been objected to in Debtors' One Hundred Fifty-Fifth Omnibus Objection to Claims; and a hearing having been held on October 5, 2011; and the Court having found and determined that the relief sought in the One Hundred Fifty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Fifty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

      ORDERED that the relief requested in the One Hundred Fifty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that each Valued Derivative Claim listed on <u>Exhibit 1</u> annexed hereto is hereby modified and allowed in the amount set forth on <u>Exhibit 1</u> under the column heading "Modified Amount"; and it is further

      ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the One Hundred Fifty-Fifth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
October 6, 2011

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge