**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                                                              :     Chapter 11 Case No.
                                                                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,              :     08-13555 (JMP)
                                                                                                        :
                                    Debtors.                                         :     (Jointly Administered)
-----------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the one hundred sixty-eighth omnibus objection to claims, dated August 19, 2011 (the "One Hundred Sixty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Settled Derivatives Claims on the grounds that the Debtors and claimants have agreed that the Settled Derivatives Claims seek recovery of monies for which the applicable Debtors are not liable, all as more fully described in the One Hundred Sixty-Eighth Omnibus Objection to Claims; and due and proper notice of the One Hundred Sixty-Eighth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Sixty-Eighth Omnibus Objection to Claims.

on <u>Exhibit A</u> attached to the One Hundred Sixty-Eighth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Sixty-Eighth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Sixty-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Sixty-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled Derivatives Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged with prejudice to the extent set forth therein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Settled Derivatives Claims listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the One Hundred Sixty-Eighth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      October 6, 2011                                 *s/ James M. Peck*
                                                   Honorable James M. Peck
                                                   United States Bankruptcy Judge