UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                   :
                                    Debtors.           :    (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED SIXTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (INCONSISTENT DEBTOR CLAIMS)

Upon the one hundred sixty-fifth omnibus objection to claims, dated August 19, 2011 (the "One Hundred Sixty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking modification of the Inconsistent Debtor Claims on the grounds that those claims have not appropriately identified the Debtor entity against which the claim is asserted, all as more fully described in the One Hundred Sixty-Fifth Omnibus Objection to Claims; and due and proper notice of the One Hundred Sixty-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the One Hundred Sixty-Fifth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Sixty-Fifth Omnibus Objection to Claims.

the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the One Hundred Sixty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Sixty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Sixty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Inconsistent Debtor Claim listed on Exhibit 1 annexed hereto is hereby modified to be a claim against LBHI as set forth on Exhibit 1 under the column heading *"Modified Debtor/Case Number"*; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to modify the Inconsistent Debtor Claims on Exhibit 1 annexed hereto pursuant to this Order; and it is further

ORDERED that the Inconsistent Debtor Claims are deemed to have been filed against LBHI, and the holders of the Inconsistent Debtor Claims are precluded from asserting that the Inconsistent Debtor Claims were, or should be, asserted against any Debtor other than LBHI; and it is further

ORDERED that nothing in this Order constitutes any admission or finding with respect to any of the Inconsistent Debtor Claims, and the Debtors' rights to object to the Inconsistent Debtor Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

2

validity, allowance, or disallowance of, and all rights to object and defend on any basis, except as set forth herein, are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the One Hundred Sixty-Fifth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) any Inconsistent Debtor Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      October 6, 2011                          *s/ James M. Peck*
                                             Honorable James M. Peck
                                             United States Bankruptcy Judge