**Presentment Date and Time**: October 18, 2011 at 1:00 p.m.
**Objection Deadline**: October 18, 2011 at 11:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                                                  :   Chapter 11
In re:                                                                          :
                                                                                  :   Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al.,   :
                                                                                  :   Jointly Administered
                                    Debtors.                           :
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SECOND SUPPLEMENTAL APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING CLARIFICATION OF CERTAIN TERMS OF RETENTION AGREEMENT WITH HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC.**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed Order Authorizing Clarification of Certain Terms of Retention Agreement With Houlihan Lokey Howard & Zukin Capital, Inc. (the "Proposed Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **October 18, 2011 at 1:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Proposed Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the chambers of Honorable James M. Peck, United States Bankruptcy Judge, and to the undersigned, so as to be received by no later than **October 18, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Proposed Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed as set forth above, a hearing (the "Hearing") will be held to consider the Proposed Order on **October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:    New York, New York
         October 7, 2011

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel to the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

<u>**Presentment Date and Time**</u>: October 18, 2011 at 1:00 p.m.
<u>**Objection Deadline**</u>: October 18, 2011 at 11:00 a.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                                  :    Chapter 11
In re:                                                            :
                                                                  :    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>,                     :
                                                                  :    Jointly Administered
                    Debtors.                                      :
---------------------------------------------------------------x

**SECOND SUPPLEMENTAL APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR AN ORDER AUTHORIZING
CLARIFICATION OF CERTAIN TERMS OF RETENTION AGREEMENT
<u>WITH HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC.</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        The Official Committee of Unsecured Creditors (the "<u>Committee</u>"), appointed in the above-captioned chapter 11 cases of Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby applies (the "<u>Application</u>") for an order authorizing the Committee to clarify, by means of an amendment, certain terms of the engagement letter (the "<u>Engagement Letter</u>")[1] with respect to the employment and retention of Houlihan Lokey Howard & Zukin Capital, Inc. ("<u>Houlihan</u>" and, together with the Committee, the "<u>Parties</u>") as the Committee's investment banker. In support of the Application, the Committee respectfully represents as follows:

## BACKGROUND

        1.      On September 17, 2008, the United States Trustee appointed the Committee, and, on December 17, 2008, the Court entered an order approving, as of

---

[1]   Capitalized terms not defined herein shall have the meanings ascribed to them in the Engagement Letter.

September 17, 2008, the employment and retention of Houlihan, as the Committee's investment banker under sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

2. On June 18, 2009, the Committee filed a supplemental application for authorization to clarify the terms of the Engagement Letter by amending certain definitions therein, which was approved by the Court on July 2, 2009.

3. The Committee now seeks to further clarify the Engagement Letter by making explicit the Parties' mutual understanding that nothing in the Engagement Letter prevents Houlihan from seeking—in its final fee application and subject to prior approval of the Committee—the allowance of fees beyond those currently contemplated by the Engagement Letter to the extent that the Committee believes that: (i) the scope of services Houlihan provides to the Committee in connection with these chapter 11 cases exceeds the nature or amount of services contemplated at the time that the Engagement Letter was entered into; and/or (ii) Houlihan should receive additional compensation based on its performance or the results achieved in these cases. Any such additional compensation shall be subject to Court approval.

## JURISDICTION

4. This Court has jurisdiction over the Application under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

5. By this Application, the Committee seeks authorization to modify the Engagement Letter to the extent necessary to clarify the original mutual understanding of the Parties. Specifically, the Committee seeks authorization to add the following paragraph to Section 3 of the Engagement Letter (the "Second Amendment"):

2

>Notwithstanding anything to the contrary herein, the parties agree that nothing in this Agreement shall prevent, or is intended to prevent, Houlihan from seeking additional fees, in its final fee application, should the Committee believe such additional fees to be warranted. Any such additional fees shall be subject to Court approval.

**BASIS FOR RELIEF**

6. The Engagement Letter acknowledged that the time and commitment required of Houlihan to perform the services contemplated therein could vary substantially. Under the then applicable circumstances, the Parties believed that the fee arrangement for such services provided in the Engagement Letter was reasonable. However, the Engagement Letter also contemplated that Houlihan might be called upon to perform financial advisory and investment banking services beyond the scope of the Engagement Letter, and expressly provided that Houlihan would be entitled to additional fees for such additional services. Indeed, the unprecedented scope and complexity of these chapter 11 cases has, in fact, demanded consistently higher levels of services from Houlihan and yielded more favorable results than anticipated by the Parties.

7. Early on in these cases, but after Houlihan's retention was approved by final order of the Court, the Debtors and the Committee determined that maximizing the value of the Debtors' estates required active management of the Debtors' diverse and extensive asset classes, rather than their immediate liquidation. While that strategy has resulted in significantly greater returns on the Debtors' assets for the benefit of their estates and creditors, it has also placed far greater demands on Houlihan's services than originally anticipated. Houlihan has been called upon to provide extensive services in connection with the management of the Debtors' derivative positions, private equity holdings, commercial loan portfolios, and real estate interests. Houlihan has also been intimately involved in the modeling and formulation of plan proposals, including the current plan scheduled for confirmation on December 6, 2011.

3

8. In addition to advising the Committee in connection with the chapter 11 cases, Houlihan has also been called upon to provide extensive services in connection with numerous adversary proceedings, the Securities Investor Protection Act liquidation of Lehman Brothers Inc., and the insolvency proceedings of the Debtors' foreign affiliates.

9. In light of the scope of the services Houlihan will continue to perform, as well as the incremental value from such services to the Debtors' estates and creditors, the Committee believes it is appropriate to amend the Engagement Letter to clarify that it does not foreclose Houlihan's right to <u>seek</u>, in its final fee application, additional compensation to the extent that the Committee believes that: (i) the nature or amount of services performed by Houlihan during these cases was beyond the scope of its original engagement; and/or (ii) Houlihan should receive additional compensation based on its performance or the results achieved in these cases. Any such request for additional compensation will remain subject to prior approval by the Committee, and approval by the Court.

10. The Debtors have been consulted about the proposed Second Amendment and have no objection to the relief requested herein.

## **NOTICE**

11. Notice of this Application has been given to (i) the United States Trustee; (ii) counsel for the Debtors; and (iii) those entities that have requested receipt of notice in these cases. In light of the relief requested herein, the Committee submits that no other or further notice is required.

4

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (i) approving the Second Amendment, and (ii) granting the Committee such other and further relief as the Court may deem just and proper.

DATED: New York, New York
October 7, 2011

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>**

By: /s/ Julie Becker
Name: Julie Becker
Title: Co-Chair

By: /s/ Noel Purcell
Name: Noel Purcell
Title: Co-Chair

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                                               :    Chapter 11
In re:                                                         :
                                                               :    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al.,                         :
                                                               :    Jointly Administered
                         Debtors.                              :
---------------------------------------------------------------x
```

**ORDER AUTHORIZING CLARIFICATION OF CERTAIN TERMS OF RETENTION AGREEMENT WITH HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC.**

Upon the second supplemental application, dated October 7, 2011 (the "Application"),[1] of the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Lehman Brothers Holdings Inc. and its affiliated debtors (collectively, the "Debtors") for an order authorizing the Committee to further clarify, by the Second Amendment, its engagement of Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan") as investment banker for the Committee, effective as of September 17, 2008; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Application and determined that the clarification with respect to Houlihan's employment and retention agreement contained in the Second Amendment is

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Application.

necessary and in the best interest of the Debtors' estates, creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted as provided herein; and it is further

ORDERED that the terms of the employment and retention of Houlihan, as investment bankers to the Committee, are clarified as described in the Second Amendment, effective as of September 17, 2008; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement Letter or the Second Amendment, this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: New York, New York
       _____ __, 2011

                                             _____
                                             UNITED STATES BANKRUPTCY JUDGE