UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS HOLDINGS, INC., et al.,

Debtors.
_____/

Chapter 11

Case No. 08-13555 (JMP)

*(Jointly Administered)*

**SONEET R. KAPILA'S, AS CHAPTER 7 TRUSTEE
FOR FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC,
FONTAINEBLEAU LAS VEGAS, LLC, FONTAINEBLEAU
LAS VEGAS CAPITAL CORP. FONTAINEBLEAU LAS VEGAS
RETAIL PARENT, LLC, AND FONTAINEBLEAU LAS VEGAS
RETAIL MEZZANINE, LLC, MOTION FOR TEMPORARY ALLOWANCE OF
CLAIMS FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018**

Soneet R. Kapila ("Trustee"), as Chapter 7 Trustee for Fontainebleau Las Vegas Holdings, LLC, Fontainebleau Las Vegas, LLC, Fontainebleau Las Vegas Capital Corp. Fontainebleau Las Vegas Retail Parent, LLC, and Fontainebleau Las Vegas Retail Mezzanine, LLC (the "Fontainebleau Entities"), by and through his undersigned counsel, hereby respectfully submits this motion (the "Motion") pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for temporary allowance of his claims for voting purposes. In support of its Motion, the Trustee respectfully states as follows:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 502(b) and Bankruptcy Rule 3018.

## BACKGROUND

2. Commencing on September 14, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. The Debtors have remained in possession of their respective properties and have continued to operate and maintain their businesses as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

## THE SOLICITATION ORDER

5. On September 1, 2011, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an amended order (the "Order"), approving the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors Pursuant to § 1125 of the Bankruptcy Code (as approved, the "Disclosure Statement")[1] in the above-referenced chapter 11 cases of LBHI and its Debtors. The Order authorizes the Debtors to solicit votes to accept or reject the Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors (as it may be further amended, the "Plan"), a copy of which is annexed as Exhibit "A" to the Disclosure Statement.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement.

2

6. On September 9, 2011, the Debtors Filed their Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan (the "Notice").

7. The Solicitation Order directs parties seeking to have claims allowed or reclassified for voting purposes to file a motion seeking such relief on or before Friday, October 7, 2011.

## TRUSTEE'S CLAIM

8. On June 9, 2009, Fontainebleau Las Vegas Holdings, LLC, Fontainebleau Las Vegas, LLC, and Fontainebleau Las Vegas Capital Corp. filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. On November 25, 2009, Fontainebleau Las Vegas Retail Parent, LLC, Fontainebleau Las Vegas Retail Mezzanine, LLC, and Fontainebleau Las Vegas Retail, LLC filed voluntary petitions under Chapter 11 of the Bankruptcy Code. These cases are being jointly administered pursuant to order of the United States Bankruptcy Court, Southern District of Florida, Miami Division.

9. These cases were converted from cases under Chapter 11 to cases under Chapter 7 by order of the United States Bankruptcy Court, Southern District of Florida, Miami Division, dated April 12, 2010.

10. By notice dated April 20, 2010, the United States Trustee appointed Soneet R. Kapila as Trustee.

11. Prior to conversion of the above referenced cases to Chapter 7, the Fontainebleau Entities were engaged in the ongoing construction and development of the Fontainebleau Las Vegas as a signature "Tier A" casino hotel resort with gaming, lodging,

convention, and entertainment amenities (the "Project"). The Project is situated on approximately 24.4 acres upon the sites of the former El Rancho and Algiers hotels at the north end of Las Vegas Boulevard in Las Vegas, Nevada.

12. On or about September 22, 2009, Fontainebleau Las Vegas, LLC filed a proof of claim, which was assigned Claim 27128 in the Court's records. On or about October 28, 2010, the Trustee filed an amended proof of claim for Fontainebleau Las Vegas, LLC, which was assigned claim 67162 in the Court's records. The Trustee is the current holder of proof of Claim 67162.

13. On or about September 22, 2009, Fontainebleau Las Vegas Holdings, LLC filed a proof of claim, which was assigned Claim 27132 in the Court's records. On or about October 28, 2010, the Trustee filed an amended proof of claim for Fontainebleau Las Vegas Holdings, LLC, which was assigned Claim 67166 in the Court's records. The Trustee is the current holder of proof of Claim 67166.

14. On or about September 22, 2009, Fontainebleau Las Vegas Capital Corp. filed a proof of claim, which was assigned Claim 27129 in the Court's records. On or about October 28, 2010, the Trustee filed an amended proof of claim for Fontainebleau Las Vegas Capital Corp., which was assigned Claim 67163 in the Court's records. The Trustee is the current holder of proof of Claim 67163.

15. On or about September 22, 2009, Fontainebleau Las Vegas Retail Parent, LLC filed a proof of claim, which was assigned Claim 27130 in the Court's records. On or about October 28, 2010, the Trustee filed an amended proof of claim for Fontainebleau Las Vegas Retail Parent, LLC, which was assigned Claim 67164 in the Court's records. The Trustee is the current holder of proof of Claim 67164.

16. On or about September 22, 2009, Fontainebleau Las Vegas Retail Mezzanine, LLC filed a proof of claim, which was assigned Claim 27131 in the Court's records. On or about October 28, 2010, the Trustee filed an amended proof of claim for Fontainebleau Las Vegas Retail Mezzanine, LLC, which was assigned Claim 67165 in the Court's records. The Trustee is the current holder of proof of Claim 67165 (collectively with Claim 67162, Claim 67166, Claim 67163, and Claim 67164, referred to as the "Amended Claims").

17. On September 12, 2011, the Debtors filed their One Hundred Sixty-Ninth Omnibus Objection to Claims (Inferred Debtor Claims) (the "Objection") with the Court. The Objection requested that the Court modify the Amended Claims on the grounds that they violated this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (Doc. No. 4271), as it was submitted without appropriately identifying the Debtor that it was asserted against.

18. The Objection requested that the Amended Claims be modified to reflect that they are asserted against the Debtor identified thereon as "MODIFIED DEBTOR/CASE NUMBER." Further, the Objection stated that if the Trustee did not oppose modification of his Amended Claims under "CLAIM TO BE MODIFIED", then the Trustee did not need to file a written response to the Objection and did not need to appear at the hearing.

19. The Trustee did not and does not oppose the Modification of the Amended Claims and has not and will not file a written response to the Objection.

20. Other than the Objection, there have been no objections asserted against the Amended Claims.

5

## ARGUMENT

21. In accordance with the Order and Bankruptcy Rule 3018(a), the Trustee respectfully requests that the Court temporarily allow its Amended Claims for voting purposes.

22. Pursuant to § 1126(a) of the Bankruptcy Code, a "holder of a claim or interest allowed under § 502 of this title may accept or reject a plan." 11 U.S.C. § 1126(a). Further, § 502(a) provides that, a "claim or interest, proof of which is filed under § 501 of this title, is deemed allowed, unless a party in interest... objects." 11 U.S.C. § 502(a).

23. Where a plan of reorganization would otherwise infringe upon a creditor's rights, Bankruptcy Rule 3018 permits a judge to allow the claim for voting purposes. Fed. R. Bank. P. 3018(a). Bankruptcy Rule 3018(a) provides that "[notwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." *See* Fed. R. Bankr. P. 3018(a). The rule "was designed to give all creditors, even those holding disputed claims, the opportunity to vote and provided the means of accomplishing this." *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988). To allow disputed claims "to vote on the plans, even though some may be eventually disallowed for purposes of distribution, is more in keeping with the spirit of Chapter 11 which encourages creditor vote and participation in the reorganization process." *In re Amarex*, 61 B.R. 301, 302 (Bankr. W.D. Okla. 1985).

24. The decision to grant the relief requested pursuant to Bankruptcy Rule 3018 is subject to the reasonable discretion of the court. *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 775 (Bankr. S.D.N.Y. 1996); *In re Zolner*, 173 B.R. 629, 633 (Bankr. N.D.

111. 1994) (Rule 3018(a) contemplates a summary hearing and exercise of court's discretion based on reasoned analysis). Here, the relief requested by this Motion is justified by the policy goals underlying Bankruptcy Rule 3018.

25. Here, the Debtors have objected to the Amended Claims only for purposes of ensuring that the Amended Claims be deemed filed in the correct case. The Objection provides that, if the Trustee does not oppose the modification of his Amended Claims, no response is or was necessary. The Trustee does not oppose modification of the Amended Claims

26. Since the Amended Claims will deemed filed in the cases set forth in the Objection, the Trustee submits that he should be allowed to vote the Amended Claims.

WHEREFORE, for all of the foregoing reasons, the Trustee respectfully requests that the Court enter an order (i) temporarily allowing the Amended Claims of the Trustee for voting purposes, and (ii) granting such other and further relief as may be just and proper.

DATED: October 7, 2011

/s/ Elena Paras Ketchum
Elena Paras Ketchum
Florida Bar No. 129267
STICHTER, RIEDEL, BLAIN &
  PROSSER, P.A.
110 Madison Street, Suite 200
Tampa, Florida 33602
(813) 229-0144
(813) 229-1811 FAX
ATTORNEYS FOR TRUSTEE
eketchum@srbp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing SONEET R. KAPILA'S, AS CHAPTER 7 TRUSTEE FOR FONTAINEBLEAU LAS VEGAS HOLDINGS, LLC, FONTAINEBLEAU LAS VEGAS, LLC, FONTAINEBLEAU LAS VEGAS CAPITAL CORP. FONTAINEBLEAU LAS VEGAS RETAIL PARENT, LLC, AND FONTAINEBLEAU LAS VEGAS RETAIL MEZZANINE, LLC, MOTION FOR TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018 was furnished by either U.S. MAIL or CM/ECF on this 7th day of **October, 2011** to:

Chambers of the Honorable James M. Peck
United States Bankruptcy Judge
One Bowling Green
New York, New York 10004
Courtroom 501

Harvey R. Miller, Esquire
Lori R. Fife, Esquire
Alfredo R. Perez, Esquire
WEIL GOTSHAL & MANGES, LLP
767 Fifth Avenue
New York, New York 10153

Elisabetta Gasparini, Esquire
Andrea Schwartz, Esquire
OFFICE OF THE UNITED STATES TRUSTEE FOR REGION 2
33 Whitehall Street – 21st Floor
New York, New York 10004

Dennis F. Dunne, Esquire
Dennis O'Donnell, Esquire
Evan Fleck, Esquire
MILBANK, TWEED, HADLEY & McCLOY, LLP
1 Chase Manhattan Plaza
New York, New York 10005

/s/ Elena Paras Ketchum
Elena Paras Ketchum
Florida Bar No. 129267