**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Lehman Brothers Holdings Inc., <u>et al</u>. | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| _____ | Proof of Claim No.: **43813** |
| | Amount of Claim Transferred: **$214,339.39** |

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY
PURSUANT TO FRBP RULE 3001(e)(2)

**TO:    TRANSFEROR:    CITIGROUP FINANCIAL PRODUCTS INC.**
390 Greenwich, 4th Floor
New York, New York 10013
Attention:   Rohit Bansal
Telephone:  212-723-6061
E-mail:       rohit.bansal@citi.com

PLEASE TAKE NOTICE of the transfer of all right, title and interest in Claim No. **43813** against Lehman Brothers Holdings Inc. in the amount of **$214,339.39** as evidenced by the attached Evidence of Transfer of Claim to:

**TRANSFEREE:    CASPIAN ALPHA LONG CREDIT FUND, L.P.**
c/o Caspian Funds
500 Mamaroneck Avenue
Harrison, NY 10528
Attention:   Susan Lancaster
Telephone:  914.798.4241
Facsimile:   914.777.3363
E-mail:       susan@caspianlp.com

No action is required if you do not object to the transfer of the claim as described above. **IF YOU OBJECT TO THE TRANSFER OF THE TRANSFERRED CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

− FILE A WRITTEN OBJECTION TO THE TRANSFER WITH THE COURT
− SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE
− IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED
− IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING

_____
Clerk of the Court

8233875

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **CITIGROUP FINANCIAL PRODUCTS INC.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to the transferees as listed in Schedule 1 hereto (collectively, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **43813** filed by or on behalf of **Scottwood Master Ltd.** (the "Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller or its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's or Customer's right, title and interest in, to and under the transfer agreements, if any, under which Seller, Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

Predecessor transferred the Purchased Claim to Seller on March 19, 2010 as evidenced in the Agreement and Evidence of Transfer of Claim Lehman Program Securities between Predecessor and Seller as set forth in docket #7682 in the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller's Customer is the beneficial owner of the Purchased Securities relating to the Purchased Claim and specified in Schedule 1 attached hereto; (d) Seller or its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (e) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (f) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (g) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (h) as of the date of this Agreement, the Purchased Securities have not been accelerated.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further

1

notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both Purchaser and Seller), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this ___ day of April, 2010.

**CITIGROUP FINANCIAL PRODUCTS INC.**

By: _____
Name: Marc Heimowitz
Title: Managing Director

390 Greenwich Street
New York, NY 10013

Purchasers/transferees per Schedule I hereto:

**CASPIAN CAPITAL PARTNERS, L.P.**

By: _____
Name: Richard D. Holahan, Jr.
Title: Authorized Signatory

500 Mamaroneck Avenue
Harrison, NY 10528

**CASPIAN SELECT CREDIT MASTER FUND, LTD.**

By: _____
Name: Richard D. Holahan, Jr.
Title: Authorized Signatory

500 Mamaroneck Avenue
Harrison, NY 10528

**CASPIAN ALPHA LONG CREDIT FUND, L.P.**

By: _____
Name: Richard D. Holahan, Jr.
Title: Authorized Signatory

500 Mamaroneck Avenue
Harrison, NY 10528

**MARINER LDC**

By: _____
Name: Richard D. Holahan, Jr.
Title: Authorized Signatory

500 Mamaroneck Avenue
Harrison, NY 10528

3

Schedule 1

Transferred Claims

Purchased Claim

45.05% = $6,534,737.52 / 41,000,000 HKD of $11,893,222.29 / 91,000,000 HKD (the outstanding amount of the Proof of Claim as of March 19, 2010).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Coupon | Maturity |
|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. BV 5.1% 05/08/17 | XS0298692434 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 5.1% | 05/08/2017 |

| Transferee | Principal/Notional Amount (in HKD) | Principal/Notional Amount (in USD) |
|---|---|---|
| Caspian Capital Partners, L.P. | HKD 13,120,000 | $1,714,715.12 |
| Caspian Select Credit Master Fund, Ltd. | HKD 22,140,000 | $2,893,581.77 |
| Caspian Alpha Long Credit Fund, L.P. | HKD 1,640,000 | $214,339.39 |
| Mariner LDC | HKD 4,100,000 | $535,848.48 |
| Total | HKD 41,000,000 | $5,358,484.75 |