# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.                    Case No. 08-13555 (JMP)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the  partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **LMA SPC for and on behalf of** | **Deutsche Bank AG, London Branch** |
| **the MAP84 Segregated Portfolio** | Name of Transferor |
| Name of Transferee | |
| | Court Claim # (if known): 67586 |
| Name and Address where notices to transferee should be sent: | |
| 623 5th Avenue, 29th Floor | Amount of Claim: $337,774.76  together with all |
| New York, New York 10022 | accrued and unpaid interest and any other return due. |
| Attn : Laura L. Torrado, Esq | |
| Tel: (212) 356-2914 | Date Claim Filed: July 27, 2011 |
| Fax: (212) 356-3921 | |
| Email: ltorrado@knighthead.com | Phone: |
| | Last Four Digits of Acct. #: |
| Last Four Digits of Acct. #: | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**LMA SPC FOR AND ON BEHALF OF THE MAP84 SEGREGATED PORTFOLIO**

BY:KNIGHTHEAD CAPITAL MANAGEMENT, LLC,
ITS INVESTMENT ADVISOR

By: _____          Date: __10|10|2011_____
Name:   **Laura Torrado**
Title:    **Authorized Signatory**

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

463-1000/COURT/3225823.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc,                              Case No. 08-13555 (JMP)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 67586 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor.  As
evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in
the Clerk's office of this court on        .

| | |
|---|---|
| **Deutsche Bank AG, London Branch** <br> Name of Alleged Transferor <br><br> Address of Alleged Transferor: <br> Winchester House <br> 1, Great Winchester Street <br> London EC2N 2DB <br> ENGLAND <br> Attn: Michael Sutton | **LMA SPC for and on behalf of  the MAP 84 Segregated Portfolio** <br> Name of Transferee <br><br> 623 5th Avenue, 29th Floor <br> New York, New York 10022 <br> Attn : Laura L. Torrado, Esq <br> Tel: (212) 356-2914 <br> Fax: (212) 356-3921 <br> Email: ltorrado@knighthead.com |

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twentyone
(21) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be
substituted as the original claimant without further order of the court.


Date: _____                    _____
                                                                              CLERK OF THE COURT


463-1000/COURT/3225823.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:      THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **LMA SPC FOR AND ON BEHALF OF THE MAP 84 SEGREGATED PORTFOLIO** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to such portion of proof of claim number 67586 (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") filed by or on behalf of Seller as an amendment to and in substitution of proof of claim number 59692 (the "Original Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Original Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery

*DB Ref: 7015(2)*

and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.   Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.   Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.   Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of October 2011.

DEUTSCHE BANK AG, LONDON BRANCH

By: _____
Name:
Title:                  Philipp Roever
                        Vice President

By: _____
Name:
Title:

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

LMA SPC FOR AND ON BEHALF OF THE MAP 84 SEGREGATED PORTFOLIO

By: Knighthead Capital Management, L.L.C., its Investment Manager
Name:
Title:   Laura Torrado
         Authorized Signatory

By: _____
Name:
Title:

LMA SPC for and on behalf of the MAP 84 Segregated Portfolio
623 Fifth Avenue, 29th Floor
NY NY 10022
Attn: Laura Torrado

DB Ref: 7015(1)

Schedule 1

Transferred Claims

Purchased Portion

4.2168675% of the Proof of Claim (which equals USD 337,774.76 (including interest)), a copy of which is attached at Schedule 2 and described below.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. Fixed Rate Notes: MTN5499A | XS0264737726 | 6059464 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings, Inc | MXN 3,500,000.00 (USD 325,811.74 at a rate of 10.7424) | 11/22/2009 | MXN 85,541.94 (USD 7,963.02 at a rate of 10.7424) |

Schedule 1-1

*DB Ref: 7015(2)*

Schedule 2

Copy of Proof of Claim 67586

Schedule 1–1

D.B. Ref. 7015(2)

| *United States Bankruptcy Court / Southern District Of New York* | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | |
|---|---|---|
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | **THIS SPACE IS FOR COURT USE ONLY** |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | ☒ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Deutsche Bank AG, London Branch Winchester House 1 Great Winchester Street London EC2N 2DB Attn: Michael Sutton / Simon Glennie / Candice Cheng Telephone number: +44 20 7547 2400 Email address: Michael.sutton@db.com / simon.glennie@db.com / Candice.cheng@db.com With a copy to: Deutsche Bank AG, London Branch, London Loan Operations 21st Floor, 99 Bishopsgate London EC2M 3XD Attn: Conor McGovern Telephone number: +44 20 7547 7173 Email address: LS2.distrading@list.db.com / conor.mcgovern@db.com | **Court Claim Number: 0000059692** (*if known*)   Filed on: October 30, 2009 |
| Name and address where payment should be sent (if different from above)   Deutsche Bank AG, London Branch, London Loan Operations 21st Floor, 99 Bishopsgate London EC2M 3XD Attn: Conor McGovern Telephone number: +44 20 7547 7173 Email address: LS2.distrading@list.db.com / conor.mcgovern@db.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: **To be determined, but no less than USD 7,915,229.94 as further set forth on the attached Appendix and Schedule.**

☒   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0264737726

3. Provide the Clearstream Ban~ ~~ ~ ~~ce Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") ; a claim. You must acquire a Blocking Number from your accountholder (i.e., the bank, broker or other filing this claim with respect to more than one Lehman Programs Security, you may attach a sc. ns Security to which this claim relates.

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)      0000067586

Clearstream Bank Blocking                                  ice Number and or other depository blocking reference number:

Blocking Number 6059464

4. Provide the Clearstream Bank, ~~~~ear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from you accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: Euroclear 9125~~~~

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | **FOR COURT USE ONLY**   JUL 27 2011   EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date.   July __, 2011 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

A/73663363.1

Michael Sutton
Managing Director

Anil Das
Director

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

| Creditor's Name and Address: | Date and Signature: |
|---|---|
| Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g). | The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim. |

| _____DEFINITIONS_____ | | _____INFORMATION_____ |
|---|---|---|
| **Debtor**<br>A debtor is the person, corporation, or other entity that has filed a bankruptcy case.<br>**Creditor**<br>A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.<br>**Claim**<br>A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed; legal or equitable. | **Proof of Claim**<br>A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:<br><br>**Lehman Brothers Holdings Claims Processing**<br>**c/o Epiq Bankruptcy Solutions, LLC**<br>**FDR Station, PO Box 5076**<br>**New York, NY 10150-5076**<br><br>**Lehman Programs Security**<br>Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009. | **Acknowledgment of Filing of Claim**<br>To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.<br>**Claims to Purchase a Claim**<br>Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court. |

A/73663363.1

## Appendix

This amended Proof of Claim (this "**Claim**") is filed by Deutsche Bank AG, London Branch ("**Claimant**") against Lehman Brothers Holdings Inc. ("**Debtor**"), and amends the Proof of Claim (Court Claim Number: 0000059692) filed by Claimant against Debtor on October 30, 2009.

This Claim is based on Debtor's issuance or guarantee, as applicable, of the Program Securities listed on the attached Schedule.

To the extent this Claim is based on Program Securities that (i) were issued by Debtor or (ii) were issued by affiliates of Debtor and (a) have matured or (b) have been accelerated to par, this Claim seeks the face amount (converted to U.S. dollars) of the position in such Program Securities held by Claimant. With respect to other Program Securities held by Claimant, the precise amount of this Claim cannot be determined at this time, as it may depend on factors outside Claimant's knowledge and beyond Claimant's control. In each case, the Claim includes principal, accrued interest, any enhanced returns on principal, and expenses to the extent permitted by the governing documents and applicable law.

Accordingly, the aggregate amount of this Claim is to be determined, but in no event less than the face amount of MXN 83,000,000, which converts to USD 7,726,392.61, plus prepetition interest in the amount of MXN 2,028,566.11, which converts to USD 188,837.33, in each case using a conversion rate of 10.7424 MXN per USD, for an aggregate minimum claim amount of MXN 85,028,566.11 which converts to USD 7,915,229.94

Because these securities are Lehman Program Securities, as defined in the Court's July 2, 2009 order, Claimant is not required to complete a Guarantee Questionnaire or to provide any information other that that provided herein in support of this Claim.

### Reservation of Rights

Claimant reserves its right to amend and/or supplement this Claim for the purposes and to the extent permitted by applicable law.

Claimant reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted against Claimant by Debtor, including, without limitation, any rights of setoff and/or recoupment not expressly asserted above. Claimant further reserves all of its rights as against the other debtors in these chapter 11 proceedings.

Claimant further reserves all rights accruing to it, and the filing of this Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of Claimant's rights against any person, entity, or property (including, without limitation, Debtor or any other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Claimant to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver, release, or limitation of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies; or (viii) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

A/73663363.1

<u>Schedule</u>

| ISIN NUMBER | FACE AMOUNT | BLOCKING NUMBER | ACCOUNT NUMBER | INTEREST |
|---|---|---|---|---|
| XS0264737726 | MXN 83,000,000 (which converts to <u>USD 7,726,392.61</u> using a conversion rate of 10.7424 MXN per USD) | 6059464 | Euroclear 91255 | MXN 2,000,725.79 (which converts to <u>USD 188,837.33</u> using a conversion rate of 10.7424 MXN per USD) |

Amount of Claim: <u>To Be Determined</u>, including principal, accrued interest, any enhanced returns on principal, and expenses to the extent permitted by the governing documents and applicable law, but in no event less than the aggregate amount of <u>USD 7,915,229.94</u>.

A/73663363.1

H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

JUL 27 2011

EPIQ BANKRUPTCY SOLUTIONS, L.

_____
RECEIVED BY:

_____
DATE

2:42
_____
TIME