# EXHIBIT H

# WACHTELL, LIPTON, ROSEN & KATZ

MARTIN LIPTON
HERBERT M. WACHTELL
BERNARD W. NUSSBAUM
LAWRENCE B. PEDOWITZ
PAUL VIZCARRONDO, JR.
PETER C. HEIN
HAROLD S. NOVIKOFF
KENNETH B. FORREST
MEYER G. KOPLOW
THEODORE N. MIRVIS
EDWARD D. HERLIHY
DANIEL A. NEFF
ERIC M. ROTH
ANDREW R. BROWNSTEIN
MICHAEL H. BYOWITZ
PAUL K. ROWE
MARC WOLINSKY
DAVID GRUENSTEIN
PATRICIA A. VLAHAKIS
STEPHEN G. GELLMAN
STEVEN A. ROSENBLUM
PAMELA S. SEYMON

STEPHANIE J. SELIGMAN
ERIC S. ROBINSON
JOHN F. SAVARESE
SCOTT K. CHARLES
ANDREW C. HOUSTON
PHILIP MINDLIN
DAVID S. NEILL
JODI J. SCHWARTZ
ADAM O. EMMERICH
CRAIG M. WASSERMAN
GEORGE T. CONWAY III
RALPH M. LEVENE
RICHARD G. MASON
DOUGLAS K. MAYER
MICHAEL J. SEGAL
DAVID M. SILK
ROBIN PANOVKA
DAVID A. KATZ
ILENE KNABLE GOTTS
DAVID M. MURPHY
JEFFREY M. WINTNER
TREVOR S. NORWITZ

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150

TELEPHONE: (212) 403-1000
FACSIMILE: (212) 403-2000

GEORGE A. KATZ (1965-1989)
JAMES H. FOGELSON (1967-1991)

OF COUNSEL

WILLIAM T. ALLEN
PETER C. CANELLOS
DAVID M. EINHORN
THEODORE GEWERTZ
RICHARD D. KATCHER
THEODORE A. LEVINE
ROBERT B. MAZUR

ROBERT M. MORGENTHAU
LEONARD M. ROSEN
MICHAEL W. SCHWARTZ
ELLIOTT V. STEIN
WARREN R. STERN
J. BRYAN WHITWORTH
AMY R. WOLF

COUNSEL

MICHELE J. ALEXANDER
LOUIS J. BARASH
DIANNA CHEN
ANDREW J.H. CHEUNG
PAMELA EHRENKRANZ
ELAINE P. GOLIN
PAULA N. GORDON

NANCY B. GREENBAUM
MAURA R. GROSSMAN
IAN L. LEVIN
J. AUSTIN LYONS
AMANDA N. PERSAUD
HOLLY M. STRUTT

BEN M. GERMANA
ANDREW J. NUSSBAUM
RACHELLE SILVERBERG
DAVID C. BRYAN
STEVEN A. COHEN
GAVIN D. SOLOTAR
DEBORAH L. PAUL
DAVID C. KARP
RICHARD K. KIM
JOSHUA R. CAMMAKER
MARK GORDON
JOSEPH D. LARSON
LAWRENCE S. MAKOW
JEANNEMARIE O'BRIEN
WAYNE M. CARLIN
JAMES COLE, JR.
STEPHEN R. DiPRIMA
NICHOLAS G. DEMMO
IGOR KIRMAN
JONATHAN M. MOSES
T. EIKO STANGE
DAVID A. SCHWARTZ

JOHN F. LYNCH
WILLIAM SAVITT
ERIC M. ROSOF
MARTIN J.E. ARMS
GREGORY E. OSTLING
DAVID B. ANDERS
ADAM J. SHAPIRO
NELSON O. FITTS
JEREMY L. GOLDSTEIN
JOSHUA M. HOLMES
DAVID E. SHAPIRO
DAMIAN G. DIDDEN
ANTE VUCIC
IAN BOCZKO
MATTHEW M. GUEST
DAVID E. KAHAN
DAVID K. LAM
BENJAMIN M. ROTH
JOSHUA A. FELTMAN

DIRECT DIAL: (212) 403-1249
DIRECT FAX: (212) 403-2249
E-MAIL: HSNOVIKOFF@WLRK.COM

January 4, 2011

VIA E-MAIL

Matthew R. Scheck, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
865 South Figueroa Street
Los Angeles, CA 90017

Re:    JPMorgan/Lehman

Dear Mr. Scheck:

Reference is made to your letter dated December 21, 2010.  As I am sure you are aware, LBHI and its creditors committee, represented by your firm, have chosen to commence suit against JPMorgan seeking billions of dollars in recoveries and damages.  JPMorgan will comply with its discovery obligations in the litigation your client elected to file, but it is not inclined to voluntarily cooperate with burdensome one-off requests from its litigation adversaries (your clients).

Moreover, with respect to your requests, you should be aware that JPMorgan already has voluntarily provided hundreds of thousands of pages of information supporting its claims, including detailed information regarding the disposition of the securities posted as collateral by LBI, in response to inquiries by the LBI Trustee, LBHI, the committee and the Examiner (and, of course, their respective financial advisors, management firms, accountants and attorneys).  Many of those inquiries have been duplicative – often unreasonably so – but JPMorgan has generally tolerated the duplication in the interests of cooperation.  Indeed, JPMorgan has voluntarily furnished hundreds of thousands of pages of detailed information in

WACHTELL, LIPTON, ROSEN & KATZ

Matthew R. Scheck, Esq.
January 4, 2011
Page 2

response to painfully detailed follow-up questions from Alvarez & Marsal in addition to the
hundreds of thousands of pages of claims information it previously provided.

However, in the case of the securities disposition, such duplication is particularly
improper and intolerable.  Not only are there thousands of CUSIPs involved, but the relevant
securities were posted by LBI in LBI accounts to secure JPMorgan's claims against LBI (the
handful of securities posted by LBHI were not sold and were returned to LBHI prepetition or
pursuant to the Collateral Disposition Agreement), and as such the LBI Trustee is the appropriate
person to make such inquiries, not the committee (or LBHI).  In fact, we had previously made
clear to Lynn Harrison that LBHI should not expect responses to LBHI's otherwise inevitable
detailed follow-up questions with respect to the dispositions.  Nor is there any reason for you to
burden JPMorgan with providing information to you such as ticker symbols, securities types and
paydown factors that should be available from the committee's own financial advisors.

Finally, I note that even a modicum of vetting of the schedule included with your
letter would show some glaring errors.  For example, the second security on the schedule (a $5
billion par amount security known as RACERS) is one of the most notorious securities in the
entire Lehman bankruptcy, and is well known to have never been sold by JPMorgan.  It was
transferred to LBHI pursuant to the Collateral Disposition Agreement.  It should not be
necessary for JPMorgan to tell you that RACERS and its underlying real estate assets are now
held and controlled by LBHI.

This letter is without prejudice to JPMorgan's rights and remedies, all of which
are hereby expressly reserved.

Very truly yours,

Harold S. Novikoff

cc:     Kathryn Gettles-Atwa, Esq.
        L.P. Harrison 3rd, Esq.
        Susan F. Pollack, Esq.
        Cindi Eilbott, Esq.
        Erica P. Taggart, Esq.