SQUIRE, SANDERS & DEMPSEY (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Tel.: (216) 479-8500
Fax: (216) 479-8580
G. Christopher Meyer
christopher.meyer@ssd.com

30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 872-9800
Fax: (212) 872-9815
Stephen D. Lerner
stephen.lerner@ssd.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*, :    08-13555 (JMP)
                                                                  :
                          Debtors.                         :    (Jointly Administered)
                                                                  :
----------------------------------------------------------------x

**RESPONSE OF BUCKEYE TOBACCO SETTLEMENT FINANCING
AUTHORITY WITH RESPECT TO CLAIM NOS. 22666 AND 22667
OPPOSING DEBTORS' ONE HUNDRED NINETY FIRST OMNIBUS
OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

The Buckeye Tobacco Settlement Financing Authority (the "Authority") files this response (this "Response") to the "Debtors' One Hundred Ninety First Omnibus Objection to Claims (Valued Derivative Claims)" [Docket No. 19888] (the "Omnibus Objection"), and respectfully states as follows:

1.      The Authority is the holder of derivative contract claims against Lehman Brothers Holdings, Inc. ("LBHI") and Lehman Brothers Special Financing, Inc. ("LBSF," and together with LBHI, the "Debtors"), each of whom is a debtor in the above-captioned cases.  On or about

September 18, 2009 the Authority filed Proofs of Claim designated as Claim No. 22267 against LBHI (the "LBHI Claim") and Claim No. 22266 against LBSF (the "LBSF Claim," and together with the LBHI Claim, the "Claims"). Each of the Claims are in the amount of $29,442,000.

2. On September 12, 2011 (the "Objection Date"), the Debtors filed the Omnibus Objection. The Omnibus Objection seeks to reduce the allowed amount of the Claims by $23,016,212.34, in the aggregate, and relies solely on the unsupported conclusion "that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records…." Omnibus Objection at ¶2.

3. The Debtors offer no support or evidence of any kind for their objection to the Claims. The objection fails to raise or identify any issue of law or fact to call into question the validity, enforceability or amount of the Claims, which are supported by the documents filed with the Claims and by the questionnaire responses submitted separately to the Debtors in accordance with the Court's *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271].[1] In fact, the Debtors do not even attempt to proffer an alternative calculation of the Claims to support the reduced amounts listed in the Omnibus Objection, merely stating that they undertook a wholly self-serving process to determine that the amount set forth in the Claims is too high. *See* Omnibus Objection at ¶¶ 14-16.

4. "A proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). A claim for which a proof of claim is filed is deemed unless

---

[1] The Claims are incorporated herein by reference.

2

a party-in-interest objects. 11 U.S.C. § 501(a). An objecting party cannot overcome the *prima facie* validity of a properly filed proof of claim merely by stating that the claim is too large; the evidence supporting the objection must at least rise to the level of the evidence submitted in support of the claim. *See In re Jensen,* Case No. 09-14830 (MG), 2010 Bankr. LEXIS 229, *7-8 (Bankr. S.D.N.Y. Feb. 3, 2010) ("A properly filed proof of claim is prima facie evidence of the validity and the amount of the claim. The party objecting to the claim has the burden of introducing evidence sufficient to rebut the presumption of validity. Debtor must marshal evidence sufficient to demonstrate a true dispute with probative force equal to the contents of the Claim.") (citations omitted) *See also Fullmer v. United States (In re Fullmer)*, 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. Only then is the ultimate burden of persuasion with the proponent of the proof of claim.") (citations omitted).

    5.    The Omnibus Objection fails to rebut in any respect the *prima facie* case established by the Claims and supported by the Authority's responses to the Questionnaire. Indeed, the Omnibus Objection is even more obviously insufficient to overcome the *prima facie* validity of the Claims in light of the fact that the Debtors imposed an extraordinary burden on the Authority, not otherwise imposed by the Bankruptcy Code or the Bankruptcy Rules, by requiring completion of the questionnaires. The Debtors cannot now, after requiring extensive evidence to support the Claims, attempt to substantially reduce the Claims without presenting any evidence whatsoever to rebut the Claims.

6. The Claims are sufficient to support entitlement to allowance on their face and nothing contained in the Omnibus Objection provides any basis for the Court to reduce or disallow the Claims. The Court should therefore overrule the Omnibus Objection insofar as it relates to the Claims and enter an order allowing the Claims in the full amounts asserted therein.

7. The Authority reserves all of its rights with respect to the Claims, including, without limitation, the right to supplement this response in connection with any further objection of the Debtors or otherwise.

WHEREFORE, the Authority respectfully requests that this Court overrule the Omnibus Objection in its entirety as it relates to the Claims and enter an order allowing the Claims in the amounts asserted therein.

| Dated: October 11, 2011<br>Cleveland, Ohio | Respectfully Submitted,<br><br>/s/ G. Christopher Meyer<br>G. Christopher Meyer (Ohio No. 0016268)<br>Squire, Sanders & Dempsey (US) LLP<br>4900 Key Tower, 127 Public Square<br>Cleveland, Ohio 44114<br>Tel.: (216) 479-8500<br>Fax: (216) 479-8580<br>Email: christopher.meyer@ssd.com<br><br>Stephen D. Lerner (2067841)<br>Squire, Sanders & Dempsey (US) LLP<br>30 Rockefeller Plaza<br>New York, New York 10112<br>Tel.: (212) 872-9800<br>Fax: (212) 872-9815<br>Email: stephen.lerner@ssd.com<br><br>*Counsel for the Buckeye Tobacco Settlement Financing Authority* |