WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**STIPULATION AND AGREEMENT FOR PROVISIONAL ALLOWANCE OF CLAIM NUMBERS 28040, 28041, 28042, 28043, 28044, 28045, 28054, 28063, 28064, AND 28065 SOLELY FOR PURPOSES OF VOTING ON THE DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN**

Lehman Brothers Holding Inc. ("LBHI") and Lehman Brothers Special Financing, Inc. ("LBSF"), as debtors in possession, and LibertyView Credit Opportunities Fund, L.P., LibertyView Funds L.P. d/b/a LibertyView Focus Funds L.P., LibertyView Global Risk Arbitrage, L.P., LibertyView Credit Select Fund, LP d/b/a LibertyView Loan Fund, LLC, and LibertyView Special Opportunities Fund, L.P. (collectively, the "Claimants" and together with LBHI and LBSF, the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A. On September 15, 2008 and on various dates thereafter, each of LBHI and certain of its affiliates (collectively, the "Debtors") filed voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly

administered under Case Number 08-13555 (the "Lehman Bankruptcy Cases").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  Pursuant to the order entered on July 2, 2009, the Bankruptcy Court established September 22, 2009 at 5:00 p.m. (Prevailing Eastern Time) as the last date and time for the filing of proofs of claim against any of the Debtors based upon pre-chapter 11 transactions.

C.  On September 22, 2009, the Claimants filed the following proofs of claim against LBHI (collectively, the "LBHI Claims"):

| Proof of Claim No. | Claimant | Amount | Plan Class |
|---|---|---|---|
| 28040 | LibertyView Credit Select Fund, LP d/b/a LibertyView Loan Fund, LLC | $219,900,777.22 | LBHI Class 9A- Third Party Guarantee |
| 28041 | LibertyView Global Risk Arbitrage, L.P. | $25,519,628.79 | LBHI Class 9A- Third Party Guarantee |
| 28042 | LibertyView Special Opportunities Fund, L.P. | $71,344,942.24 | LBHI Class 9A-Third Party Guarantee |
| 28043 | LibertyView Funds, L.P. d/b/a LibertyView Focus Fund, LP | $408,928,226.88 | LBHI Class 9A- Third Party Guarantee |
| 28044 | LibertyView Special Opportunities Fund, L.P. | $71,344,942.24 | LBHI Class 7- General Unsecured |
| 28045 | LibertyView Credit Opportunities Fund, L.P. | $375,026,510.36 | LBHI Class 7- General Unsecured |
| 28054 | LibertyView Credit Opportunities Fund, L.P. | $375,026,510.36 | LBHI Class 9A- Third Party Guarantee |
| 28063 | LibertyView Funds L.P. d/b/a LibertyView Focus Funds, L.P. | $408,928,226.88 | LBHI Class 7- General Unsecured |
| 28064 | LibertyView Global Risk Arbitrage, L.P. | $25,519,628.79 | LBHI Class 7- General Unsecured |
| 28065 | LibertyView Credit Select Fund, LP d/b/a LibertyView Loan Fund, LLC | $219,900,777.22 | LBHI Class 7- General Unsecured |

D.  On September 22, 2009, the Claimants also filed the following proofs of claim against LBSF (collectively, the "LBSF Claims"):

| Proof of Claim | Claimant | Amount | Plan Class |
| --- | --- | --- | --- |
| 28058 | LibertyView Funds L.P. d/b/a Liberty View Focus Fund, L.P. | $408,928,226.88 | LBSF Class 4A - General Unsecured |
| 28059 | LibertyView Global Risk Arbitrage, L.P. | $25,519,628.79 | LBSF Class 4A - General Unsecured |
| 28060 | LibertyView Credit Select Fund, LP d/b/a LibertyView Loan Fund LLC | $219,900,777.22 | LBSF Class 4A - General Unsecured |
| 28061 | LibertyView Credit Opportunities Fund, L.P. | $375,026,510.36 | LBSF Class 4A - General Unsecured |
| 28062 | LibertyView Special Opportunities Fund L.P. | $71,344,942.24 | LBSF Class 4A - General Unsecured |

E.  On August 31, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors (as may be further modified from time to time, the "Third Amended Plan") and a related disclosure statement (as may be further modified from time to time, the "Disclosure Statement").  On September 1, 2011, the Bankruptcy Court entered the order approving the adequacy of the information in the Disclosure Statement (the "Disclosure Statement Order").

F.  LBHI, LBSF and the Claimants enter into this stipulation for the purposes of provisionally allowing LBHI Claim Nos. 28040, 28041, 28042, 28043 and 28054 (the "LBHI Guarantee Claims") and the LBSF Claims solely for the purposes of allowing the Claimants to vote on the Third Amended Plan, consistent with the Disclosure Statement Order (the "Stipulation").

**AGREEMENT**

1.  This Stipulation shall become effective once it has been executed by the Parties (the "Effective Date").

2. Upon the Effective Date, the LBHI Guarantee Claims shall be deemed provisionally allowed, solely for purposes of voting on the Third Amended Plan, as Third Party Guarantee Claims Other Than That of the Racers Trust in LBHI Class 9A, in the amounts and plan class set forth in recital paragraph C above and the LBSF Claims shall be deemed provisionally allowed, solely for purposes of voting on the Third Amended Plan, as General Unsecured Claims other than those of the Racer Trusts in LBSF Class 4A in the amount and plan class set forth in recital paragraph D above (together, the "Voting Claims"). Upon the Effective Date, LBHI Claim Nos. 28044, 28045, 28063, 28064 and 28065 (the "Non-Voting Claims") shall be deemed provisionally disallowed, solely for the purpose of voting on the Third Amended Plan, and the Claimants will not vote the Non-Voting Claims in relation to the Third Amended Plan.

3. The provisional allowance of the Voting Claims and disallowance of the Non-Voting Claims pursuant to this Stipulation are without prejudice to any of the Parties' respective rights and obligations under and pursuant to the Third Amended Plan, applicable bankruptcy and non-bankruptcy law, and equitable principles. Except as expressly provided for herein, nothing herein is or shall be deemed to be (a) a determination, allowance or disallowance of any of the Claimants' claims against any of the Debtors or their estates for any purpose whatsoever or (b) an admission, release or waiver with respect to any of the Claimants' claims against any of the Debtors (or the Debtors' objections, defenses or counterclaims with respect thereto) including, without limitation, as to the amount, extent, validity or priority of any of the Claimants' claims against any of the Debtors.

4. The provisional allowance of the Voting Claims and disallowance of the Non-Voting Claims pursuant to this Stipulation shall not be deemed a determination or have any effect on the classification of such claims under the Third Amended Plan.

5. Neither this Stipulation, any of the provisions hereof, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any aspect of the Voting Claims and the Non-Voting Claims or of any other claim or right of any kind, or of any wrongdoing or liability of any of the Parties in the Debtors' chapter 11 cases, or any other matter pending before the Bankruptcy Court. Except as specifically set forth herein, this Stipulation shall not affect the Voting Claims and the Non-Voting Claims and is without prejudice to, and shall in no way affect, the rights of the Parties hereto with respect to the Voting Claims and the Non-Voting Claims.

6. Nothing in this Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties hereto, and their respective successors and assigns, any right, remedy or claim under or by reason of this Stipulation; and the provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties hereto.

7. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

8. This Stipulation may not be modified other than by signed writing executed by all Parties and delivered to each Party.

9. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

11. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors and administrators.

12. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles.

13. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise directly relating to this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter directly relating to this Stipulation, such matter shall be adjudicated in either the United States District Court for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: October 5, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

/s/ Michael S. Etkin
Michael S. Etkin

LOWENSTEIN SANDLER PC
1251 Avenue of the Americas
New York, New York 10020
Telephone (212) 262-6700
Facsimile (212) 262-7402

Attorneys for LibertyView Credit Opportunities Fund, L.P., LibertyView Funds L.P. d/b/a LibertyView Focus Funds L.P., LibertyView Global Risk Arbitrage, L.P., LibertyView Credit Select Fund, LP d/b/a LibertyView Loan Fund, LLC, and LibertyView Special Opportunities Fund, L.P.