WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

**STIPULATION AND AGREEMENT FOR PROVISIONAL
ALLOWANCE OF CLAIM NUMBERS 29746 AND 29747 SOLELY FOR PURPOSES OF
VOTING ON THE DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (including Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Commercial Corporation ("LBCC"), and Lehman Commercial Paper Inc. ("LCPI")), as debtors in possession (together, the "Debtors"), and Dr. Michael C. Frege in his capacity as Insolvency Administrator (*Insolvenzverwalter*) (the "LBB InsAdmin") of Lehman Brothers Bankhaus AG (*in Insolvenz*) ("Bankhaus"), hereby stipulate and agree as follows:[1]

**RECITALS**

A.    On September 15, 2008 and on various dates thereafter, each of the Debtors filed voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

---

[1]    The Debtors and Bankhaus, acting through the LBB InsAdmin, shall each be referred to individually as a "Party" and collectively as the "Parties."

Court"), which cases are being jointly administered under Case Number 08-13555 (the "Lehman Bankruptcy Cases"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    Pursuant to the order entered on July 2, 2009, the Bankruptcy Court established September 22, 2009 at 5:00 p.m. (Prevailing Eastern Time) as the last date and time for the filing of proofs of claim against any of the Debtors based upon pre-chapter 11 transactions (the "Bar Date").

C.    Pursuant to a stipulation so ordered by the Bankruptcy Court on August 25, 2009, ECF No. 4928, the Bar Date was extended to November 2, 2009 at 5:00p.m. (Prevailing Eastern Time) solely for the signatories of that certain Cross-Border Insolvency Protocol for the Lehman Brothers Group of Companies dated May 12, 2009, including Bankhaus.

D.    On September 22, 2009, 7th Avenue Inc. filed the following proofs of claim (the "7th Avenue Claims") against LBSF and LBHI arising under (i) the Series 3 Floating Rate Secured Notes due 2008 secured by that certain Term Loan Agreement dated December 8, 2004 among 7th Avenue Inc., LBSF and HSBC Trustee (C.I.) Limited (the "Trustee") in the amount of $200,000,000 (the "Series 3 Notes"), and (ii) the Series 4 Floating Rate Secured Notes due 2013 secured by that certain Term Loan Agreement dated August 28, 2008 among 7th Avenue Inc., LBSF and the Trustee for $1,000,000,000 (the "Series 4 Notes" and, together with the Series 3 Notes, the "Notes"), or a guarantee thereof, each issued under that certain Multi-Structure Note Programme for 7th Avenue and Master Trust Deed, dated September 12, 2002:

| Claim No. | Debtor | Asserted Amount |
|---|---|---|
| 27946 | LBHI | $1,200,000,000 |
| 27947 | LBSF | $1,200,000,000 |

E. On September 21, 2009, the Trustee, as trustee for the holders of the Notes, filed the following proofs of claim against LBSF and LBHI (collectively, the "Non-Voting Claims"), based upon the same Notes:

| Claim No. | Debtor | Asserted Amount |
|---|---|---|
| 19847 | LBSF | $200,000,000 |
| 24293 | LBSF | $1,000,000,000 |
| 24366 | LBHI | $1,000,000,000 |
| 25792 | LBHI | $200,000,000 |

F. On October 30, 2009, Bankhaus filed the following proofs of claim against certain of the Debtors (collectively, except for the Initially Allowed LBHI SCA Claim and Initially Allowed LCPI SCA Claim (as defined below), the "Bankhaus Filed Claims"):

| Claim No. | Debtor | Asserted Amount |
|---|---|---|
| 58232 | LBSF | Not less than $395,691.74 |
| 58233 | LBHI | Not less than $3,459,204,038.33 |
| 58241 | LBHI | $21,354,000 |
| 58242 | LBCC | Not less than $1,136,979.22 |

| 59006 | LCPI | Not less than $1,243,497,721.16 |

G.    Pursuant to an order of the Bankruptcy Court entered on January 14, 2010, ECF No. 6665, authorizing and approving that certain settlement agreement with the LBB InsAdmin dated December 15, 2009 (the "Initial Bankhaus Settlement"), which order was supplemented by a stipulation so ordered by the Bankruptcy Court on August 5, 2010, ECF No. 10642, a portion of the LBB InsAdmin's claim against LBHI, Claim No. 58233, was allowed in the amount of $1,380,900,000 (subject to certain adjustments) (the "Initially Allowed LBHI SCA Claim"), and a portion of the LBB InsAdmin's claim against LCPI, Claim No. 59006, was allowed in the amount of $1,015,500,000 (the "Initially Allowed LCPI SCA Claim").

H.    On March 1, 2011, the Debtors and Bankhaus, acting through the LBB InsAdmin, entered into that certain Amended and Restated Settlement Agreement which is incorporated into the Plan and annexed thereto as Schedule 3, and annexed to the Disclosure Statement as Exhibit 14B (the "Bankhaus Settlement Agreement").

I.    As of the Execution Date of the Bankhaus Settlement Agreement (as defined therein), (i) the 7th Avenue Claims and the Non-Voting Claims have been transferred to, and are held by, Bankhaus, and (ii) the Initially Allowed LBHI SCA Claim and Initially Allowed LCPI SCA Claim are no longer held by Bankaus.

J.    On August 31, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors (as may be further modified from time to time, the "Third Amended Plan") and a related disclosure statement (as may be further modified from time to time, the "Disclosure Statement"). On September 1, 2011, the Bankruptcy

Court entered the order approving adequacy of the information in the Disclosure Statement, ECF No. 19631(the "Disclosure Statement Order").

K. The Debtors and Bankhaus, acting through the LBB InsAdmin, enter into this stipulation for the purposes of provisionally allowing the 7th Avenue Claims and the Bankhaus Filed Claims solely for the purpose of allowing Bankhaus to vote on the Third Amended Plan, consistent with the Disclosure Statement Order (the "Stipulation") and pursuant to the terms of the Bankhaus Settlement Agreement.

## AGREEMENT

1. This Stipulation shall become effective once it has been executed by both Parties (the "Effective Date").

2. Upon the Effective Date, the 7th Avenue Claims and the Bankhaus Filed Claims shall be deemed provisionally allowed, solely for purposes of voting on the Third Amended Plan, in the amounts and classifications set forth below (collectively, the "Voting Claims"):

| Claim No. | Debtor | Voting Amount | Voting Class |
|---|---|---|---|
| 27946 | LBHI | $1,200,000,000 | Class 5 |
| 27947 | LBSF | $1,200,000,000 | Class 2 |
| 58232 | LBSF | $395,691.74 | Class 5C |
| 58233 | LBHI | $10,179,000,000 | Class 4B |
| 58233 | LBHI | $104,315,211.33 | Class 8 |
| 58241 | LBHI | $21,354,000 | Class 4B |
| 58242 | LBCC | $1,136,979.22 | Class 5C |
| 59006 | LCPI | $1,243,497,721.16 | Class 5C |

3. Upon the Effective Date, the Non-Voting Claims shall be deemed provisionally disallowed, solely for the purpose of voting on the Third Amended Plan, and the LBB InsAdmin agrees that Bankhaus will not vote the Non-Voting Claims in relation to the Third Amended Plan.

4. The provisional allowance of the Voting Claims and disallowance of the Non-Voting Claims pursuant to this Stipulation are without prejudice to any of the Parties' respective rights and obligations under and pursuant to the Third Amended Plan, the Bankhaus Settlement Agreement, applicable bankruptcy and non-bankruptcy law, and equitable principles. Except as expressly provided for herein, nothing herein is or shall be deemed to be (a) a determination, allowance or disallowance of any of Bankhaus's claims against any of the Debtors or their estates for any purpose whatsoever or (b) an admission, release or waiver with respect to any of Bankhaus's claims against any of the Debtors (or the Debtors' objections, defenses or counterclaims with respect thereto) including, without limitation, as to the amount, extent, validity or priority of any of Bankhaus's claims against any of the Debtors.

5. The provisional allowance of the Voting Claims and disallowance of the Non-Voting Claims pursuant to this Stipulation shall not be deemed a determination or have any effect on the classification of such claims under the Third Amended Plan.

6. Neither this Stipulation, nor any of the provisions hereof, shall have any effect on the Initially Allowed LBHI SCA Claim or Initially Allowed LCPI SCA Claim.

7. Neither this Stipulation, any of the provisions hereof, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any aspect of the 7th Avenue Claims, the Bankhaus Filed Claims or the Non-Voting Claims or of any

other claim or right of any kind, or of any wrongdoing or liability of any of the Parties in the Chapter 11 Cases, or any other matter pending before the Bankruptcy Court. Except as specifically set forth herein, this Stipulation shall not affect the 7th Avenue Claims, the Bankhaus Filed Claims or the Non-Voting Claims and is without prejudice to, and shall in no way affect, the rights of the Parties hereto with respect to the 7th Avenue Claims, the Bankhaus Filed Claims or the Non-Voting Claims.

8. Nothing in this Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties hereto, and their respective successors and assigns, any right, remedy or claim under or by reason of this Stipulation; and the provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties hereto.

9. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

10. This Stipulation may not be modified other than by signed writing executed by all Parties and delivered to each Party.

11. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

12. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

13. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors and administrators.

14. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles.

15. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, such matter shall be adjudicated in either the United States District Court for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: October 12, 2011
       New York, New York

| | |
|---|---|
| _____ | _____ |
| Richard P. Krasnow | D. Farrington Yates |
| WEIL, GOTSHAL & MANGES LLP | SNR DENTON US LLP |
| 767 Fifth Avenue | 1221 Avenue of the Americas, 24th Floor |
| New York, New York 10153 | New York, New York 10020-1089 |
| Telephone: (212) 310-8000 | Telephone: (212) 768-6700 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 768-6800 |
| Attorneys for Debtors and Debtors in Possession | Attorneys for Dr. Michael C. Frege in his capacity as Insolvency Administrator ("Insolvenzverwalter") of Lehman Brothers Bankhaus AG (in Insolvenz) |