**Hearing Date and Time: October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: October 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

ANDERSON KILL & OLICK, P.C.
Robert M. Horkovich
Joshua Gold
Todd E. Duffy
Dennis J. Nolan
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
*Attorneys for Essex Equity Holdings USA, LLC*

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

### LIMITED OBJECTION OF CREDITOR ESSEX EQUITY HOLDINGS USA, LLC TO THE INSURED PERSONS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY TO SETTLE THE CALIFORNIA MUNICIPALITIES ACTIONS

Essex Equity Holdings USA, LLC ("Essex"), by and through its counsel, Anderson Kill & Olick, P.C., respectfully submits this limited objection (the "Objection") to the Insured Persons' Motion, Pursuant To Section 362 Of The Bankruptcy Code, For An Order Modifying The Automatic Stay To Allow Settlement Payment Under Directors And Officers Insurance Policy to Settle the California Municipalities Actions (the "Motion for Comfort Order"). In support of its Objection, Essex states as follows:

### INTRODUCTION

1. Essex makes this limited objection to the Motion for Comfort Order because the relief requested – that the Court enter an order finding that the intended proceeds to pay the

settlements of the California Municipalities Actions are properly attributed to the 2007-2008 policy period – is unsupported by the documents submitted to the Court.

2. Essex objects to the relief requested to the extent that the D&O insurance companies, or anyone else for that matter, are inviting this Court to make any overt or implicit coverage decisions. This is especially true when – as here – less than a sufficient record is used to obtain these "comfort orders."

3. Essex respectfully requests that this Court rule as it has previously, and explicitly hold (either in the Order or on the record) that any such orders entered by the Court in connection with the Motion for Comfort Order do not constitute an insurance coverage ruling. *See* Sept. 14, 2011 Hearing Tr. at 27:19 (ruling that "even if there had been no objection by Essex Equity Holdings, the grant of this [comfort order] motion would not have constituted and does not constitute a determination of any coverage issues.").

4. By expressly providing that the Court's order does not make any insurance coverage findings or determinations, a significant risk is avoided that any decision from this Court (regarding the insurance payments for settlements of claims) ultimately will be misused to assert in a later proceeding in front of a different court or tribunal that this Court had indeed ruled on a substantive insurance coverage point of law or fact.

nydocs1-976468.2

## **CONCLUSION**

5.  Because the Motion for Comfort Orders invites the Court, inappropriately, to make insurance coverage determinations and lacks adequate information, Essex respectfully requests that the Court deny it. Alternatively, Essex respectfully requests that should the Court grant the Motion, the Court expressly indicate that in rendering the Court's decision, no insurance coverage findings or determinations are made.

Dated:  October 12, 2011
        New York, New York

Respectfully submitted,

ANDERSON KILL & OLICK, P.C.

/s/ Todd E. Duffy
Robert M. Horkovich
Joshua Gold
Todd E. Duffy
Dennis J. Nolan
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 278-1000
Fax: (212) 278-1733

nydocs1-976468.2