**Hearing Date and Time: October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: October 12, 2011 at 4:00 p.m. (Prevailing Eastern Time)**

ANDERSON KILL & OLICK, P.C.
Robert M. Horkovich
Joshua Gold
Todd E. Duffy
Dennis J. Nolan
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 278-1000
Fax: (212) 278-1733
*Attorneys for Essex Equity Holdings USA, LLC*

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.<br><br>　　　　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

**LIMITED OBJECTION OF CREDITOR ESSEX EQUITY HOLDINGS
USA, LLC TO THE DEBTORS' MOTION, PURSUANT TO SECTIONS
105(a) AND 363(b) OF THE BANKRUPTCY CODE, FOR AUTHORIZATION
TO GRANT LIMITED RELEASES TO CERTAIN INSURERS UNDER
THE DIRECTORS AND OFFICERS INSURANCE POLICIES**

Essex Equity Holdings USA, LLC ("Essex"), by and through its counsel, Anderson Kill & Olick, P.C., respectfully submits this limited objection (the "Objection") to Debtors' Motion, Pursuant To Sections 105(A) And 363(B) Of The Bankruptcy Code, For Authorization To Grant Limited Releases To Certain Insurers Under The Directors And Officers Insurance Policies (the "Motion to Grant Insurance Releases"). In support of its Objection, Essex states as follows:

**LIMITED OBJECTION**

1.　　　The Motion to Grant Insurance Releases should be denied because it places the Court directly in the middle of an insurance coverage dispute, a dispute this Court has cautioned it would not hear and about which virtually no information is provided by Debtors.

2. What Debtors' filing with the Court makes clear is that there are unspecified "coverage issues and defenses" asserted by certain D&O insurance companies and that these insurance companies demand that LBHI (and "those affiliates it controls") release their insurance coverage rights as a condition of providing insurance coverage to other insureds.

3. Prompted by "certain" D&O insurance companies, Debtors now ask the Court to "bless" its relinquishment of coverage rights on behalf of itself and those that Debtor controls.

4. Essex's limited objection is to ensure that the Debtors (and more likely, the D&O insurance companies) are not inviting this Court to make any overt or implicit coverage decisions.

5. Essex believes that however the Court may rule on Debtors Motion to Grant Insurance Releases, it should be made express that such ruling does not constitute an insurance coverage ruling. *See* Sept. 14, 2011 Hearing Tr. at 27:19 (ruling that "even if there had been no objection by Essex Equity Holdings, the grant of this [comfort order] motion would not have constituted and does not constitute a determination of any coverage issues.").

6. By expressly providing that the Court's order does not make any insurance coverage findings or determinations, a significant risk is avoided that any decision from this Court regarding the insurance coverage releases proposed by Debtors ultimately will be misused to assert in a later proceeding in front of a different court or tribunal that this Court had indeed ruled on a substantive insurance coverage point of law or fact.

## CONCLUSION

7. Because the Motion to Grant Insurance Releases invites the Court, inappropriately, to make insurance coverage determinations and lacks adequate information, Essex respectfully requests that the Court deny it. Alternatively, Essex respectfully requests that

should the Court grant the Motion, the Court expressly indicate that in rendering the Court's decision, no insurance coverage findings or determinations are made.

Dated:   October 12, 2011
         New York, New York

Respectfully submitted,

ANDERSON KILL & OLICK, P.C.

      /s/ Todd E. Duffy
Robert M. Horkovich
Joshua Gold
Todd E. Duffy
Dennis J. Nolan
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 278-1000
Fax: (212) 278-1733