AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Michael S. Stamer
Philip C. Dublin
Abid Qureshi
Kristine G. Manoukian

*Counsel for Centerbridge Credit Advisors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ x
| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------------ x

### RESPONSE OF CENTERBRIDGE CREDIT ADVISORS LLC TO MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE FOR APPROVAL OF THE TERMINATION OF THE SPRUCE CCS, LTD. SECURITIZATION

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Centerbridge Credit Advisors LLC, solely on behalf of funds managed by itself and its affiliates (collectively, "Centerbridge"), by and through its undersigned counsel, hereby submits this response (the "Response") to the Debtors' *Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code for Approval of the Termination of the Spruce CCS, Ltd. Securitization* [Docket No. 20338] (the "Motion").[1] In support of this Response, Centerbridge respectfully represents as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**RESPONSE**

1.  By the Motion, the Debtors seek approval of (i) the termination of the Spruce CCS, Ltd. ("Spruce") securitization pursuant to that certain Termination Agreement among Lehman Commercial Paper Inc. ("LCPI"), Lehman Brothers Holdings Inc. ("LBHI"), Spruce, Spruce CCS, Corp. (the "Co-Issuer" and, together with Spruce, the "Issuers") and U.S. Bank; and (ii) the repayment in full of the mezzanine notes (the "Spruce Mezzanine Notes") issued by the Issuers and currently held by LBHI. See Motion at ¶¶ 2, 15. While Centerbridge does not oppose the relief requested in the Motion, it files this Response to re-assert the reservation of rights contained in the Court's order (the "Notes Purchase Order") [Docket No. 15278] approving LBHI's purchase of, among other things, the Spruce Mezzanine Notes from Bankhaus. Specifically, the Notes Purchase Order preserved the "rights, claims, interests, obligations, benefits, or remedies of any of LBHI, . . . LCPI or its or their parties in interest may have or choose to assert on behalf of their respective estates . . . with respect to the acquisition or ownership of the Purchased Notes," which include the Spruce Mezzanine Notes. See Notes Purchase Order at 3.

2.  As the Court may recall, LBHI purchased the Spruce Mezzanine Notes, which had the face amount of $275,000,000 at the time of their purchase from Bankhaus, at a 30% discount. See Motion of LBHI Pursuant to Sections 105 and 363 of the Bankruptcy Code for Approval of Two Note Purchase Agreements with the Insolvency Administrator of Lehman Brothers Bankhaus AG (in Insolvenz) [Docket No. 14743] (the "Notes Purchase Motion") at ¶¶ 17, 28. By acquiring the Spruce Mezzanine Notes and the other notes (collectively, the "Notes") referenced in the Notes Purchase Motion at such a significant discount, LBHI intended to (i) seize the opportunity to "realize significant recoveries in the longer term" from the Notes and (ii) consolidate the ownership in the capital structure of the various securitization issuers in

LBHI and LCPI so as to enable the Debtors to manage the underlying assets more efficiently. Id. at ¶ 4. Although the Debtors have acknowledged that "the strategic goal of obtaining full control over the Issuers could also be accomplished if LCPI, rather than LBHI, purchased the . . . Notes[,]" LCPI was never offered the opportunity to purchase the Notes. Id. at ¶ 18. Instead, the Debtors simply determined that it was "more appropriate for LBHI, rather than LCPI, to purchase the Notes." Id. The Debtors' purported justification for what amounted to a usurpation of a corporate opportunity by LBHI is that "there was a pre-existing correlation between the . . . Notes and LBHI's liabilities" because the sale of the Notes impacted one of the claims that Bankhaus held against LBHI. Id.; Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code [Docket No. 19630], pg. 45. By purchasing the Notes, LBHI was able to fix the amount of that claim and mitigate LBHI's liability to Bankhaus on account of that claim. Id. The amount of that claim, however, would also have been fixed if LCPI had purchased the Notes.

3. Now, a mere six months after the approval of the Notes Purchase Motion, the Debtors propose to pay the Spruce Mezzanine Notes in full, which would result in a 30%, or approximately an $82.5 million, windfall to LBHI at the expense of LCPI's creditors. Under the Notes Purchase Order, LBHI also purchased the $198 million Verano Mezzanine Notes at a 30% discount and the $1,070 million SASCO Notes at a 42% discount, which together represent a potential windfall of $509 million to LBHI at the further expense of LCPI's creditors. The fact that there was a "pre-existing correlation" or "relationship" between the Notes and LBHI does not justify diverting $82.5 million (and potentially an incremental $509 million) in value away from LCPI's creditors for the benefit of LBHI's creditors, especially when the purchase of the

Notes by LCPI (rather than LBHI) would have achieved the same result of fixing the amount of Bankhaus' claim against LBHI. By denying LCPI the opportunity to purchase the Notes, the Debtors have, in effect, prejudiced the recoveries of LCPI's unsecured creditors.

4. Accordingly, to the extent that the Court is inclined to approve the Motion, such approval should be conditioned on the express and further reservation of rights by LCPI or its creditors to challenge the allocation of the additional $82.5 million in value realized by LBHI from the purchase of the Spruce Mezzanine Notes in connection with a plan confirmation hearing.

Dated: New York, New York
      October 12, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/* Philip C. Dublin
Michael S. Stamer
Philip C. Dublin
Abid Qureshi
Kristine G. Manoukian
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
mstamer@akingump.com
pdublin@akingump.com
aqureshi@akingump.com
kmanoukian@akingump.com

*Counsel for Centerbridge Credit Advisors LLC*