AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Michael S. Stamer
Philip C. Dublin
Abid Qureshi
Kristine G. Manoukian

*Counsel for Centerbridge Credit Advisors LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
In re                                           :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    Case No. 08-13555 (JMP)
                                                :
                         Debtors.               :    (Jointly Administered)
                                                :
------------------------------------------------------------------ x

## JOINDER OF CENTERBRIDGE CREDIT ADVISORS LLC TO THE MOTION OF DEUTSCHE BANK AG PURSUANT TO SECTION 105(A) AND RULE 3013 TO ENFORCE SETTLEMENT APPROVAL ORDER AND TO CORRECT MISCLASSIFICATION OF CLAIMS

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Centerbridge Credit Advisors LLC, solely on behalf of funds managed by itself and its affiliates (collectively, "Centerbridge"), by and through its undersigned counsel, hereby files this joinder (the "Joinder") to the *Motion of Deutsche Bank AG Pursuant to Section 105(a) and Rule 3013 to Enforce Settlement Approval Order and to Correct Misclassification of Claims* [Docket No. 20321] (the "Motion").[1] In support of this Joinder, Centerbridge respectfully represents as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**BACKGROUND**

1.  On or about December 15, 2009, Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI" and, together with LBHI, the "Debtors") and the Insolvency Administrator (the "Administrator") for Lehman Brothers Bankhaus AG ("Bankhaus") entered into a settlement agreement (the "Bankhaus Settlement Agreement") to resolve, among other things, the Administrator's claims against the Debtors arising out of certain participations of loans between the Debtors and Bankhaus. See Exhibit A to Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedures 9019 for Authorization and Approval of a Settlement Agreement with the Insolvency Administrator of Lehman Brothers Bankhaus AG (In Insolvenz) [Docket No. 6303]. Pursuant to the Bankhaus Settlement Agreement, which was approved by this Court on January 14, 2010 [Docket No. 6665] (the "Bankhaus Settlement Order"), the Administrator was granted (i) an allowed non-priority general unsecured claim against LCPI in the amount of $1,015,500,000.00 (the "LCPI Claim") and (ii) an allowed non-priority general unsecured claim against LBHI in the amount of $1,380,900,000.00 (the "LBHI Claim" and, together with the LCPI Claim, the "Bankhaus Claims"). Id. at ¶ 12.

2.  On April 14, 2010, the Debtors filed the Disclosure Statement for their Joint Chapter 11 Plan [Docket No. 8332] (the "Original Disclosure Statement"), which, consistent with the terms of the Bankhaus Settlement Agreement and the Bankhaus Settlement Order, classified each of the LCPI Claim and the LBHI Claim as a general unsecured claim in LCPI Class 3 and LBHI Class 4, respectively. See Original Disclosure Statement, pgs. 6, 9 and 56.

3.  Shortly thereafter, in July 2010, Deutsche Bank and the Administrator entered into that certain Agreement Regarding the Sale and Assignment of Claims (the "Bankhaus

Assignment Agreement") pursuant to which Deutsche Bank purchased the Bankhaus Claims from the Administrator. Deutsche Bank subsequently sold participations in the Bankhaus Claims to, among others, Centerbridge.

4. On January 25, 2011, the Debtors filed the Disclosure Statement for their First Amended Joint Chapter 11 Plan (the "First Amended Disclosure Statement") [Docket No. 14151], wherein the Debtors again classified the Bankhaus Claims as general unsecured claims against LCPI and LBHI. See First Amended Disclosure Statement, pg. 47.

5. On June 30, 2011, the Debtors filed a further amended version of their Disclosure Statement [Docket No. 18205] (the "Second Amended Disclosure Statement") in which the Debtors, while acknowledging that the Bankhaus Settlement Order allowed the Bankhaus Claims as general unsecured claims, purported to change the classification of these Claims to intercompany affiliate claims. See Second Amended Disclosure Statement, Ex. 4, pg. 4-9 & Ex. 14A, pg. 14A-1. This was a material change because the intercompany claims are projected to receive a significantly lower recovery than the general unsecured claims against the Debtors. See Second Amended Disclosure Statement, Ex. 4 (Recovery Analysis).

6. Centerbridge and other similarly situated creditors objected to the Second Amended Disclosure Statement for, among other omissions, failure to provide an adequate explanation for the deviation from the express terms of the Bankhaus Settlement Order and the misclassification of the Bankhaus Claims as intercompany affiliate claims. See Objection of Centerbridge Credit Advisors LLC to Debtors Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code ("Centerbridge's Objection") [Docket No. 19254] at ¶ 14; Joinder of Anchorage Capital Group, L.L.C. to Objection of Centerbridge Credit Advisors LLC to

Debtors Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code [Docket No. 19261]; Joinder to Objection of Centerbridge Credit Advisors LLC to Debtors Disclosure Statement for Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code [Docket No. 19262].

7. The Disclosure Statement for the Third Amended Plan (the "Current Plan"), however, failed to resolve Centerbridge's and the other creditors' objections and correct the classification of the Bankhaus Claims. See Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Third Amended Disclosure Statement") [Docket No. 19630], Ex. 4, pp. 4-9; 4-10 & Ex. 14A, pg. 14A-1.

8. On September 1, 2011, the Court entered an order [Docket No. 19631] approving the Third Amended Disclosure Statement.

9. On September 27, 2011, Deutsche Bank filed its Motion.

## **CENTERBRIDGE'S JOINDER**

10. By the Motion, Deutsche Bank seeks, among other things, entry of an order (i) classifying the LCPI Claim as a general unsecured claim in LCPI Class 4A under the Current Plan; (ii) classifying the LBHI Claim as a general unsecured claim in LBHI Class 7 under the Current Plan; and (iii) directing that each of the LCPI Claim and the LBHI Claim be classified as generic, non-priority, non-affiliate, non-guaranty, general unsecured claims in any other chapter 11 plan that the Court confirms in the Debtors' cases. See Motion at ¶ 23. Centerbridge agrees with Deutsche Bank's position asserted in the Motion and the legal and factual statements made

4

in support thereof. Accordingly, Centerbridge, as a creditor and party in interest in the Debtors' cases and an owner of a participation interest in the Bankhaus Claims, files this Joinder in support of the Motion.

11. Notwithstanding the plain, unambiguous terms of the Bankhaus Settlement Order, the clear intent of the parties to the Bankhaus Settlement Agreement and the Debtors' own prior Disclosure Statements that the Bankhaus Claims are to be classified as general unsecured claims against LCPI and LBHI, the Debtors now propose to misclassify these Claims and treat them as intercompany affiliate claims, which would receive substantially less recovery under the Plan than the general unsecured claims.[2] Specifically, the Bankhaus Settlement Order expressly states that the Bankhaus Claims "shall be treated in a like manner to that of ***other general unsecured claims against LBHI and LCPI and receive treatment and distribution on account of such claims equal to that of other general unsecured claims against LBHI and LCPI* . . . .**" See Bankhaus Settlement Order, pg. 4 (emphasis added). The fact that the Bankhaus Claims must be classified as general unsecured claims and not as affiliate intercompany claims is further supported by the inclusion of the clarifying clause "[f]or the avoidance of doubt" in paragraph 12(k) of the Bankhaus Settlement Agreement, which discusses the treatment of the Bankhaus Claims as general unsecured claims. See Bankhaus Settlement Agreement at ¶ 12(k). This is also consistent with the Administrator's understanding of the mutual intent of the parties to the Bankhaus Settlement Agreement regarding the status and treatment of the Bankhaus Claims. As set forth in the Bankhaus Assignment Agreement, "[t]he Insolvency Administrator['s] . . . intention and understanding of the status and treatment of the [Bankhaus Claims], in entering

---

[2] Indeed, the general unsecured claims against LBHI are projected to receive an estimated recovery of 19.9%, whereas the Senior Affiliate Guarantee Claims in LBHI Class 4B are projected to receive an estimated recovery of 15.2%. See Third Amended Disclosure Statement, Ex. 4 (Recovery Analysis for LBHI). Similarly, general unsecured claims against LCPI are projected to receive an estimated recovery of 55.7%, while Affiliate Claims in LCPI Class 5C are projected to receive an estimated recovery of 52.1%. Id. (Recovery Analysis for LCPI).

into the [Bankhaus Settlement Agreement] . . . (*and his understanding of the Debtors' intentions and understandings*, in entering into the [Bankhaus Settlement Agreement]) was that: (i) *the LCPI Claim will be classified and treated as an allowed and accepted general unsecured claim, equal to all other general unsecured claims against LCPI, <u>and not as a claim of an affiliate or an intercompany claim</u>* . . . ; (ii) *the LBHI Claim will be classified and treated as an allowed and accepted general unsecured claim, equal to all other general unsecured claims against LBHI, <u>and not as the claim of an affiliate or an intercompany claim</u>* . . . ." See Bankhaus Assignment Agreement at § 3(i) and (ii) (emphasis added).[3] The Debtors clearly confirmed that this was their intent when they included a detailed discussion of the Bankhaus Settlement Agreement and the required treatment of the Bankhaus Claims as general unsecured claims against LBHI and LCPI in both the Original Disclosure Statement and the First Amended Disclosure Statement. See Original Disclosure Statement, pg. 56; First Amended Disclosure Statement, pg. 47.

12. Upon information and belief, the Debtors may argue that the treatment of the Bankhaus Claims under the Current Plan is consistent with their prior stated intentions, the earlier versions of their Disclosure Statement, and the terms of the Bankhaus Settlement Order because all intercompany affiliate claims are unsecured in nature. This type of an argument, however, in addition to reading the phrase "[f]or avoidance of doubt" and the word "general" out of paragraph 12(k) of the Bankhaus Settlement Agreement, renders the term "general" meaningless in that Agreement and the Bankhaus Settlement Order when referring to the treatment of the Bankhaus Claims. See, e.g., Ruttenberg v. Davidge Data Sys. Corp., 626 N.Y.S.2d 174, 177 (N.Y. App. Div. 1995) (noting that "[i]t is a recognized rule of construction

---

[3] A copy of the Bankhaus Assignment Agreement was attached as Exhibit A to Centerbridge's Objection.

that a court should not adopt an interpretation which will operate to leave a provision of a contract * * * without force and effect. An interpretation that gives effect to all the terms of an agreement is preferable to one that ignores terms or accords them an unreasonable interpretation.") (internal quotation marks and citations omitted). The Debtors clearly understand the significance of the term "general" when used in reference to unsecured claims as evidenced by their use of different terminology to characterize the Administrator's claims against the Debtors in two separate settlement agreements. For example, shortly after the Bankhaus Settlement Agreement, the Debtors and the Administrator entered into a another settlement agreement (the "Plan Settlement Agreement") wherein a different claim of the Administrator against LBHI arising out of that certain Security & Collateral Agreement was characterized simply as a "non-priority, unsecured claim" and not as a "general unsecured claim." See Exhibit C to Motion of LBHI Pursuant to Sections 105 and 363 of the Bankruptcy Code for Approval of Two Note Purchase Agreements with the Insolvency Administrator of Lehman Brothers Bankhaus AG (In Insolvenz) [Docket Not. 14743] at § 2.1(a)(2). Thus, it would be disingenuous to argue that there is no distinction between the phrase "unsecured claims" and "general unsecured claims." If the Debtors intended for the Bankhaus Claims to be treated, in their discretion, as any type of an "unsecured" claim, they would not have added the clarifying clause "[f]or avoidance of doubt" to the Bankhaus Settlement Agreement or repeatedly used the term "general" as a qualifier in that Agreement, the Bankhaus Settlement Order or prior versions of their Disclosure Statement when referring to the Bankhaus Claims.

13. The Debtors' and the PSA Parties' (as defined in Centerbridge's Objection) attempt to now reclassify the Bankhaus Claims as anything other than general unsecured claims is not only contrary to the Debtors' previously stated intentions but it contradicts the plain,

unambiguous terms of this Court's final, non-appealable Bankhaus Settlement Order (which was relied upon by third parties when acquiring participations in the Bankhaus Claims) and, effectively, nullifies the settlement reached by the pa'rties in the Bankhaus Settlement Agreement. Accordingly, it is imperative that the Court enter an order (i) enforcing the terms of the Bankhaus Settlement Order and the Bankhaus Settlement Agreement, and (ii) classifying the Bankhaus Claims as general unsecured claims.

## **CONCLUSION**

14. For all of the foregoing reasons, Centerbridge respectfully requests that the Court (i) grant the relief requested in the Motion, and (ii) grant Centerbridge such other and further relief as the Court deems just, proper and equitable.

Dated: New York, New York
October 12, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/* Philip C. Dublin
Michael S. Stamer
Philip C. Dublin
Abid Qureshi
Kristine G. Manoukian
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
mstamer@akingump.com
pdublin@akingump.com
aqureshi@akingump.com
kmanoukian@akingump.com

*Counsel for Centerbridge Credit Advisors LLC*