McDERMOTT WILL & EMERY LLP
Nava Hazan
Jared D. Zajac
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

and

Charles E. Levin
Nathan F. Coco
227 West Monroe Street
Chicago, Illinois 60606-5096
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700

*Counsel to Marie J. Papillon*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>　　　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

### RESERVATION OF RIGHTS OF MARIE J. PAPILLON WITH RESPECT TO DEBTORS' ONE HUNDRED AND EIGHTY SIXTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)

Marie J. Papillon ("Papillon"), by and through her undersigned counsel, hereby files this reservation of rights (the "Reservation of Rights") with respect to the above-captioned debtors' (the "Debtors") one hundred and eighty sixth omnibus objection to claims (misclassified claims) [Docket # 19816] (the "Claims Objection"), and respectfully states as follows:

**RESERVATION OF RIGHTS**

1.  Papillon filed claim number 18363 (the "Proof of Claim") against Lehman Brothers Holdings Inc. ("LBHI") on account of LBHI's guarantee of certain obligations of Lehman Brothers OTC Derivatives Inc. ("LOTC") under a certain equity collar transaction between Papillon and LOTC documented under an ISDA Master Agreement and various other documents related thereto (collectively, the "Transaction Documents").[1]  As part of her Proof of Claim, Papillon asserted a right of setoff against LBHI.

2.  Pursuant to section 506(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), a claim for setoff is treated as a secured claim.  See 11 U.S.C. § 506(a).

3.  Pursuant to the Claims Objection, the Debtors seek to reclassify the Proof of Claim as an unsecured claim.  The Claims Objection broadly asserts that the so-called "Misclassified Claims" identified therein – including Papillon's claim – "do not disclose the obligation owed to the Debtors by such claimant that are subject to setoff or actually assert any basis for a setoff."  (Claims Objection, ¶ 9.)  With respect to Papillon's claim, the assertion is patently incorrect.  Indeed, the Proof of Claim notes that LOTC's failure to settle the equity collar transaction, as contemplated by the Transaction Documents, has resulted in certain tax and other losses for Papillon which are subject to setoff under the ISDA Master Agreement and the accompanying Schedule thereto.

4.  This having been said, the Debtors' Claims Objection states that "[t]his objection does not seek to modify or impact in any way any claimant's valid right of setoff that may be asserted in the future." (Claims Objection, ¶ 10.)  Moreover, in recent discussions, the Debtors'

---

[1]    The Transaction Documents include (1) a 1992 ISDA Master Agreement by and between Papillon and LOTC, (2) a Schedule to the Master Agreement, (3) an accompanying Credit Support Annex, (4) an accompanying Confirmation and (5) a guarantee executed by LBHI, as Credit Support Provider for LOTC.

2

counsel informed Papillon's counsel that the proposed reclassification of Papillon's claim is not intended to limit or prejudice Papillon's setoff rights. The Debtors' counsel further represented that the proposed order submitted to the Court in connection with the Claims Objection will state that such reclassification has no res judicata, estoppel, or other effect on any valid rights of setoff, netting and/or recoupment in connection with any claims set forth therein.

5. To the extent that the Claims Objection has no effect on Papillon's valid rights of setoff and recoupment, which rights are expressly preserved hereunder, Papillon does not object to the proposed reclassification of her claim. However, Papillon does object to the extent that the Debtors' Claims Objection seeks to limit or prejudice Papillon's setoff and recoupment rights in any manner.

Dated:   New York, New York
         October 12, 2011

Respectfully submitted,

 /s/ Nava Hazan
Nava Hazan
Jared Zajac
340 Madison Avenue
New York, New York 10173-1922
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: nhazan@mwe.com
       jzajac@mwe.com

and

Charles E. Levin
Nathan F. Coco
227 West Monroe Street
Chicago, IL 60606-5096
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: clevin@mwe.com
       ncoco@mwe.com

*Counsel to Marie J. Papillon*

3