Steven M. Abramowitz
Alexandra S. Kelly
VINSON & ELKINS L.L.P.
666 Fifth Avenue, 25th Floor
New York, NY 10103-0040
Tel: 212-237-0000
Fax: 212-237-0100
Email: sabramowitz@velaw.com; akelly@velaw.com

*Attorneys for AECO Gas Storage Partnership*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
LEHMAN BROTHERS HOLDINGS, INC. et al.,                       :    Case No. 08-13555 (JMP)
                                                             :
                        Debtors.                             :    (Jointly Administered)
                                                             :
------------------------------------------------------------x

### RESPONSE OF AECO GAS STORAGE PARTNERSHIP TO THE DEBTORS' ONE HUNDRED AND EIGHTY SIXTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)

AECO Gas Storage Partnership (the "AECO"), by and through its undersigned counsel, hereby files this response (the "Response") to the *Debtors' One Hundred and Eighty Sixth Omnibus Objection to Claims (Misclassified Claims)* (the "Omnibus Objection") filed by the above-captioned debtors (the "Debtors"). Under the Omnibus Objection, the Debtors propose to classify AECO's claim as a general unsecured claim. However, for the reasons set forth below, the claim is a secured claim. In support of this Response, AECO respectfully submits the following:

## BACKGROUND AND JURISDICTION

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  Commencing on September 15, 2008 and periodically thereafter, the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code, §§101 *et seq.* (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and mange their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to § 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010, pursuant to § 1106(b) of the Bankruptcy Code [Docket No. 7531].

## THE AECO CLAIM

5.  On September 17, 2009, AECO timely filed proof of claim number 15075 (the "Proof of Claim") in the above-captioned cases, asserting a claim against Lehman Brothers Commodity Services, Inc. ("LBCS"), one of the Debtors, in the amount of $1,175,958.25 (the

"AECO Claim").[1]  The AECO Claim was calculated as of October 3, 2008, the filing date of the petition commencing LBCS's chapter 11 case (the "LBCS Petition Date").  As set forth in further detail in the Proof of Claim, the AECO Claim arose under certain forward contracts between AECO and LBCS, namely that certain *Storage Services Agreement* by and between LBCS and AECO dated as of May 15, 2007 (the "SSA"), the *Hub Tariff Agreement* (the "HTA") referenced therein, and the *Letter Agreement* amending the SSA dated May 15, 2007 (the "Letter Agreement") (collectively, the "Agreements")..

6.      As set forth more fully in the Proof of Claim, due to certain defaults under the HTA, AECO terminated the Agreements on September 24, 2008, giving rise to certain mutual claims between the AECO and LBCS under the Agreements.  These claims are described in detail in the Proof of Claim.  In summary, as of the LBCS Petition Date, (i) AECO had a gross obligation to LBCS in the amount of C$16,152,693 arising from termination of the Agreements, (ii) LBCS had a gross obligation to AECO in the amount of C$583,825.44 arising from termination of the Agreements, and (iii) LBCS had a gross obligation to AECO on account of unpaid invoices for storage services in the amount of C$687,973.41.  The arithmetic sum of these obligations resulted in a net amount owing by AECO to LBCS of C$14,880,894.25 as of the date the Agreements were terminated.

7.      As set forth more fully in the Proof of Claim, after the LBCS Petition Date, counsel for AECO contacted counsel for LBCS to seek to negotiate the terms of a mutual setoff whereby AECO would effect a setoff the AECO Claim against the amounts it owed LBCS, and pay to LBCS the difference.  Although counsel and other representatives of LBCS stated that it was too preliminary to enter into a formal stipulation authorizing the setoff, they informed

---

[1] The amount owed was CAD $1,271,798.85 converted into USD with the exchange rate reported by the New York Federal Reserve at 12 pm on October 3, 2008 ($1 USD = $1.0815 CAD).  All amounts listed herein that have been converted from Canadian to U.S. dollars were converted using the aforementioned exchange rate.

Response to Objection of LBHI to AECO Proof of Claim (2)

counsel for AECO that AECO should make the appropriate payment to LBCS, and that any necessary reconciliations could occur at a later date. In addition, representatives of AECO engaged in discussions with representatives of LBCS to determine the amount of and coordinate the making of the payment itself.

8. Accordingly, pursuant to its correspondence with representatives of LBCS, on December 24, 2008, AECO made a payment to LBCS in the net amount of C$14,880,894.25. Thus, after giving effect to such payment, the AECO Claim remains secured by a right of setoff (not yet effected) in an amount of C$1,271.798.85 (or $1,175,958.25) pursuant to §§ 506 and 553 of the Bankruptcy Code.

## THE CLAIMS OBJECTION AND RESPONSE

9. On September 9, 2011, the Debtors filed the Omnibus Objection in which they seek to reclassify the AECO Claim, asserted as a secured claim in the Proof of Claim by right of setoff pursuant to §§ 506 and 553 of the Bankruptcy Code, to an unsecured claim. In the Omnibus Objection, the Debtors state:

> In addition, many of the Misclassified Claims assert secured status based upon a reservation of a right of setoff pursuant to section 553 of the Bankruptcy Code; however, such Misclassified Claims do not disclose the obligation owed to the Debtors by such claimant that are subject to setoff or actually assert any basis for a setoff. While section 506(a)(1) provides that a claim this is "subject to setoff under Section 553" is a secured claim, none of the claimants has asserted any obligation that it's seeking to setoff against the Misclassified Claims. These claimants assert the right to setoff a hypothetical obligation. This is not a valid basis for a secured claim. This objection does not seek to modify or impact in any way any claimant's valid right of setoff that may be asserted in the future. The Debtors have reviewed their books and records and determined that the Misclassified Claims are not secured.

*See* Omnibus Objection at ¶¶9-10.

10. Contrary to the Debtors' assertion that "none of the claimants has asserted any obligation that it's seeking to setoff against the Misclassified Claims," AECO described in

Response to Objection of LBHI to AECO Proof of Claim (2)

considerable detail in the Proof of Claim the obligations that give rise to its valid right of setoff – namely, termination damages arising under the Agreements between the parties as well as unpaid invoices for storage services..  The AECO Claim is liquidated and non-contingent and thus, the resultant right of setoff is not "hypothetical" as asserted in the Omnibus Objection.

11.     After the Proof of Claim was filed, the Debtors' professionals contacted counsel to AECO in an attempt to begin discussions towards a reconciliation of the claims between the parties and counsel sought to respond to those initial overtures.  Although those initial conversations were not ultimately fruitful, AECO welcomes a further opportunity to negotiate and communicate with the Debtors to resolve any outstanding issues between the parties.

WHEREFORE, AECO respectfully requests that the objection to its claim set forth in the Omnibus Objection be denied for the reasons stated herein and for such other and further relief as may be just and proper.

Dated: October 13, 2011

    VINSON & ELKINS L.L.P.

By: /s/ *Steven M. Abramowitz*  
    Steven M. Abramowitz  
    Alexandra S. Kelly  
    666 Fifth Avenue, 26th Floor  
    New York, New York 10103  
    Tel:  (212) 237-0000  
    Fax:  (212) 237-0100  

Attorneys for AECO Gas Storage Partnership