WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                                              :    **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**                   :    **08-13555 (JMP)**
                                                                   :
                       Debtors.                                    :    **(Jointly Administered)**
-------------------------------------------------------------------x

**MOTION PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9018 FOR AUTHORIZATION TO FILE THE
EXHIBITS TO MOTION TO ASSUME AMENDED SUBORDINATION, NON-
DISTURBANCE AND ATTORNMENT AGREEMENT WITH THE
RITZ-CARLTON HOTEL COMPANY, L.L.C. UNDER SEAL**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor in possession, submits this motion (the "Motion") for authorization to file under seal the exhibits to *Motion of Lehman Brothers Holdings Inc., Pursuant To Section 365 Of The Bankruptcy Code And Bankruptcy Rules 6006 And 9014, For Authorization To Assume Amended Subordination, Non-Disturbance And Attornment Agreement With The Ritz-Carlton Hotel Company, L.L.C.* (the "Related Motion"). In support of this Motion, LBHI respectfully represents, as follows:

US_ACTIVE:\43810939\08\58399.0003

**Preliminary Statement**

1.  As set forth more fully in the Related Motion, LBHI intends to seek court approval to assume an Amended Subordination, Non-Disturbance And Attornment Agreement, dated as of October 12, 2011 (the "Amended SNDA"), attached to the Related Motion as Exhibit A, with The Ritz-Carlton Hotel Company, L.L.C ("Ritz-Carlton"). On March 17, 2011, the Circuit Court of the Second Circuit State of Hawaii, entered a judgment of foreclosure with respect to the resort hotel and condominium development commonly known as "The Ritz-Carlton, Kapalua," located at One Ritz-Carlton Drive, Kapalua, Hawaii (the "Hotel"). Pursuant to the Amended SNDA, Ritz-Carlton will continue to manage the Hotel in accordance with that certain Third Amended and Restated Management Agreement, dated as of October 12, 2011 (the "Third Management Agreement"), attached to the Related Motion as Exhibit B. Due to the confidential information included in both the Amended SNDA and the Third Management Agreement, and the potential prejudice to LBHI and Ritz Carlton if these documents were to become a matter of public record, LBHI seeks entry of the proposed order, attached hereto as Exhibit A (the "Proposed Order"), authorizing LBHI to file the Amended SNDA and the Third Management Agreement under seal.

**Background**

2.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to

US_ACTIVE:\43810939\08\58399.0003

2

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

5. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. On March 11, 2010, the Examiner filed its report with the Court [ECF No. 7531].

6. On September 1, 2011, the Debtors filed their Third Amended Joint Chapter 11 Plan [ECF No. 19627] and the Disclosure Statement to the Debtors' Third Amended Joint Chapter 11 Plan (the "Disclosure Statement") [ECF No. 19629]. The Court approved the Disclosure Statement later that day [ECF No. 19631]. On September 15, 2011, the Court entered an order approving a modification to the Disclosure Statement [ECF No. 20016].

## Jurisdiction

7. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b).

## Lehman's Business

8. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## Relief Requested

10. By this Motion, LBHI seeks entry of an order authorizing LBHI, in accordance with section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, to file the Amended SNDA and the Third Management Agreement under seal, and directing that such exhibits shall not be made available to any party other than the Court, the U.S. Trustee, and the Creditors' Committee and its advisors (the "Limited Notice Parties"). LBHI further requests that the Court determine that the service of the Related Motion without the inclusion of the Amended SNDA and the Third Management Agreement to parties other than the Limited Notice Parties shall be sufficient notice of the Related Motion.

## Basis For Relief Requested

11. Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion, such as the Related Motion, be filed under seal. Specifically, section 107(b) provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may -

> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, "[o]n motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." FED. R. BANK. P. 9018.

12. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003); *see also Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d. Cir. 1994) (holding that a bankruptcy court is required to seal "documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").

13. Once the Court determines that a party in interest is seeking protection of information that falls within section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Orion*, 21 F.3d at 27. Moreover, a court has broad authority to issue an order under Bankruptcy Rule 9018. *See In re Global Crossing*, 295 B.R. at 724 ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad – any order which justice requires. The Court notes that the authority goes not just to the protection of confidential documents, but to other

confidentiality restrictions that are warranted in the interests of justice.") (internal citations omitted).

14. As set forth in the Related Motion, LBHI has been engaged in arduous negotiations with Ritz-Carlton for several months regarding whether and on what terms Ritz-Carlton would manage the Hotel. The parties have agreed upon a business deal that is beneficial to LBHI and requires the approval of the Court. Due to the impact that disclosure of the terms of the Amended SNDA and the Third Management Agreement may have on their other business relationships, Ritz-Carlton will not provide LBHI with all of the modifications requested, unless the terms of the Amended SNDA and the Third Management Agreement remain confidential. If Ritz-Carlton decides not to proceed with the business deal on account of the Court's refusal to seal the Amended SNDA and the Third Management Agreement, LBHI may have to reconsider its decision to continue its relationship with Ritz-Carlton. LBHI may incur substantial costs and disruption in hotel operations if it switches to another hotel manager. In addition, rejection of the prepetition agreement with Ritz-Carlton may lead to Ritz-Carlton's assertion of a substantial rejection damage claim.

15. The Amended SNDA and the Third Management Agreement contain the type of information that merits protection under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Consequently, LBHI seeks to protect this information by filing <u>Exhibit A</u> and <u>Exhibit B</u> to the Related Motion under seal, and keeping such documents from being made available to any party other than the Court and the Limited Notice Parties.

## Reason For Proceeding on an *Ex Parte* Basis

16. LBHI is proceeding on an *ex parte* basis, as opposed to by notice and a hearing, because LBHI needs to file the Related Motion on or before Thursday, October 13, 2011 in order to have the Related Motion considered by the Court at the October 27, 2011 hearing.

17. No previous request for the relief sought herein has been made by LBHI to this or any other court.

WHEREFORE LBHI respectfully requests that the Court enter the Proposed Order and grant LBHI such other and further relief as it deems just and proper.

Dated: October 12, 2011
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# Exhibit A

# Proposed Order

US_ACTIVE:\43810939\08\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                        Debtors.                               :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 107 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9018 AUTHORIZING LEHMAN BROTHERS HOLDINGS INC. TO FILE EXHIBITS TO MOTION TO ASSUME AMENDED SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT WITH THE <u>RITZ-CARLTON HOTEL COMPANY, L.L.C. UNDER SEAL</u>

Upon the motion, dated October 12, 2011 (the "<u>Motion</u>") of Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), pursuant to section 107(b) of the Bankruptcy Code[1] and Bankruptcy Rule 9018, authorizing LBHI to file under seal <u>Exhibit A</u> and <u>Exhibit B</u> to the *Motion of Lehman Brothers Holding Inc., Pursuant To Section 365 Of The Bankruptcy Code And Bankruptcy Rules 6006 And 9014, For Authorization To Assume Amended Subordination, Non-Disturbance And Attornment Agreement With The Ritz-Carlton Hotel Company, L.L.C.* (the "<u>Related Motion</u>"), all as more fully described in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief sought in the Motion is in the best interests of

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

LBHI, its estate and its creditors and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted; and it is further

ORDERED that LBHI is authorized to file Exhibit A and Exhibit B to the Related Motion under seal by delivering such documents to Chambers and to the Clerk of the Court's attention with a letter referencing this Order; and it is further

ORDERED that Exhibit A and Exhibit B to the Related Motion shall remain under seal and confidential and shall not be made available to any party other than the Court and the Limited Notice Parties; and it is further

ORDERED that if the Court does not enter the order approving the Related Motion, Exhibit A and Exhibit B to the Related Motion will continue to remain confidential and under seal; and it is further

ORDERED that the Limited Notice Parties, including the parties that they represent, shall be bound by this Order, shall at all times keep Exhibit A and Exhibit B to the Related Motion strictly confidential, and shall not disclose the contents of such exhibits to any party, except as otherwise agreed by Ritz-Carlton and LBHI; and it is further

ORDERED that service of the Related Motion without Exhibit A and Exhibit B shall be deemed good and sufficient notice of the Related Motion to all parties other than the Limited Notice Parties; and it is further

ORDERED that this Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: October __, 2011
       New York, New York

_____
THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE