Hearing Date and Time: October 27, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: October 20, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                               :     Chapter 11 Case No.
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :     08-13555 (JMP)
                                                    :
                    Debtors.                        :     (Jointly Administered)
------------------------------------------------------------x

# NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC., PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 9014, FOR AUTHORIZATION TO ASSUME AMENDED SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT WITH THE RITZ-CARLTON HOTEL COMPANY, L.L.C

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") for authorization to assume the Amended Subordination, Non-Disturbance And Attornment Agreement with The Ritz- Carlton Hotel Company, L.L.C. ("Ritz-Carlton"), all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **October 27, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

US_ACTIVE:\43774131\14\58399.0003

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq., and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Sheppard Mullin Richter & Hampton, LLP, 30 Rockefeller Plaza, New York, NY 10122, Attn: Carren B. Shulman, attorney for Ritz-Carlton, so as to be so filed and received by no later than **October 20, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Objection Deadline</u>").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 12, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Hearing Date and Time: October 27, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  October 20, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**MOTION OF LEHMAN BROTHERS HOLDINGS INC.,
PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULES 6006 AND 9014, FOR AUTHORIZATION
TO ASSUME AMENDED SUBORDINATION,
NON-DISTURBANCE AND ATTORNMENT AGREEMENT WITH
THE RITZ-CARLTON HOTEL COMPANY, L.L.C.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), files this motion (the "Motion") and respectfully represents:

**Preliminary Statement**

1. LBHI recently obtained a judgment of foreclosure against W2005 Kapalua/Gengate Hotel Realty, L.L.C. (the "Borrower") with respect to the resort hotel and condominium development commonly known as "The Ritz-Carlton, Kapalua," located at One

US_ACTIVE:\43774131\14\58399.0003

Ritz-Carlton Drive, Kapalua, Hawaii (the "Hotel") and intends to take title to the Hotel through its designee, RCK Maui LLC ("RCK Maui").

2.   The Hotel has been managed since January 2001 by The Ritz-Carlton Hotel Company, L.L.C. ("Ritz-Carlton").  As is customary in the hotel industry, LBHI, Ritz-Carlton and the Borrower are parties to a Subordination, Non-Disturbance And Attornment Agreement, dated as of March 27, 2007 (the "SNDA"), pursuant to which the parties agreed that, in the event that LBHI acceded to ownership of the Hotel, Ritz-Carlton would acknowledge LBHI as owner of the Hotel and LBHI would not disturb or interrupt Ritz-Carlton's management of the Hotel and would become a party to the Second Amended and Restated Management Agreement, dated as of March 27, 2007 (the "Second Amended Management Agreement").

3.   Ritz-Carlton has requested, in connection with the transfer of title of the Hotel, that LBHI assume the SNDA, which obligates it to recognize the Second Amended Management Agreement.  LBHI wants Ritz-Carlton to continue to manage the Hotel; however, in connection therewith, LBHI has requested that Ritz-Carlton make certain modifications to the SNDA and the Second Amended Management Agreement.  LBHI and Ritz-Carlton have agreed upon the terms of an Amended Subordination, Non-Disturbance And Attornment Agreement, dated as of October 12, 2011 (the "Amended SNDA"), a copy of which is attached hereto as Exhibit A[1], pursuant to which Ritz-Carlton will continue to manage and operate the Hotel under the terms of the Third Amended and Restated Management Agreement, dated as of October 12, 2011 (the "Third Amended Management Agreement"), a copy of which is attached hereto as

---

[1] The Amended SNDA has been filed under seal in accordance with the Court's *Order Pursuant to Section 107 of the Bankruptcy Code and Bankruptcy Rule 9018 Authorizing Lehman Brothers Holding Inc. to File Exhibits to Motion to Assume Amended Subordination, Non-Disturbance and Attornment Agreement Under Seal*, entered on October 12, 2011 (the "Seal Order").

Exhibit B,[2] and RCK Maui will assume certain of the Borrower's obligations under the Third Amended Management Agreement.  Pursuant to this Motion, LBHI seeks authorization of the Court to assume the Amended SNDA.

## Background

4. Commencing on September 15, 2008 and periodically thereafter, each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  On March 11, 2010, the Examiner filed its report with the Court [ECF No. 7531].

---

[2] The Third Amended Management Agreement has been filed under seal in accordance with the Seal Order.

8. On September 1, 2011, the Debtors filed their Third Amended Joint Chapter 11 Plan [ECF No. 19627] and the Disclosure Statement to the Debtors' Third Amended Joint Chapter 11 Plan (the "Disclosure Statement") [ECF No. 19629]. The Court approved the Disclosure Statement later that day [ECF No. 19631]. On September 15, 2011, the Court entered an order approving a modification to the Disclosure Statement [ECF No. 20016].

9. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## Jurisdiction

10. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

11. By this Motion, LBHI respectfully requests entry of a proposed order, substantially in the form attached hereto as Exhibit C (the "Proposed Order"), pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rules 6006 and 9014, authorizing LBHI to assume the Amended SNDA.

## LBHI's Interest in the Ritz Kapalua

12. On or about March 27, 2007, LBHI made a loan in the original principal amount of $232,426,079.00 (the "Loan") to the Borrower. The Loan was secured by, amongst other things, that certain Mortgage, Security Agreement and Fixture Filing, dated as of March 27, 2007 (the "Mortgage") which granted LBHI a lien against the Hotel.

13. Under the Borrower's ownership, Ritz-Carlton managed and operated the Hotel pursuant to the Second Amended Management Agreement. In connection with the Second Amended Management Agreement, LBHI, the Borrower, and Ritz-Carlton entered into the SNDA.

14. On or about September 3, 2010, LBHI and its non-debtor affiliate, SASCO 2008- C2- LLC ("SASCO 2008-C2"), commenced an action in the Circuit Court of the Second Circuit, State of Hawaii, Civil Action No. 10-1-0567(2) seeking to foreclose on the Mortgage (the "Foreclosure Action"). On March 17, 2011, the Hawaii court entered a judgment of foreclosure with respect to the Hotel. In connection with the Foreclosure Action, a public auction of the Hotel took place on May 5, 2011 at which LBHI was the successful bidder. LBHI's winning bid was confirmed by the Hawaii court pursuant to an order entered July 29, 2011. Subsequent to the Foreclosure Action, the Borrower and Ritz-Carlton have entered into the Third Amended Management Agreement.

15. Title to the Hotel has not yet transferred from the Borrower to LBHI or its designee; LBHI expects that title will transfer after the hearing on this Motion. Contemporaneously with the assumption of the Amended SNDA, LBHI intends to take title to the Hotel in the name of RCK Maui, whose sole member is SASCO 2008- C2, the managing member of which is Lehman Commercial Paper Inc. Such transfer falls within the scope of authority granted to the Debtors in the *Order Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Establishing Procedures for the Debtors to Transfer Their Interests in Respect of Residential and Commercial Loans Subject to Foreclosure to Wholly-Owned Non-Debtor Subsidiaries* [ECF No. 5272] (the "SPE Protocol"), dated September 24, 2009. The SPE Protocol authorizes the Debtors, without

further order of the Court or approval of or notice to any party, to transfer Commercial Foreclosure Loans[3] (or other loans secured by commercial real estate subject to foreclosure), or the related foreclosure judgments that are directly or indirectly wholly owned by the Debtor that owns the subject Commercial Foreclosure Loan, to non-debtor special purpose entities wholly owned directly or indirectly by LBHI.

16. Given Ritz-Carlton's expertise in hotel management and its preexisting knowledge and experience in managing and operating the Hotel, LBHI seeks to assume the Amended SNDA. Once LBHI completes the foreclosure, RCK Maui will take title to the Hotel and will assume certain of Borrower's obligations under the Third Amended Management Agreement.

### The Amended SNDA

17. After extensive negotiations, LBHI and Ritz-Carlton have agreed to amend the SNDA on the terms set forth in the Amended SNDA, which are beneficial to LBHI. The changes to the Amended SNDA may be summarized, as follows:

a) Rather than being required to enter into the Second Amended Management Agreement, the Amended SNDA requires LBHI or its designee to assume the Third Amended Management Agreement, which, among other things, makes certain fee concessions; and

b) The Amended SNDA, together with the Assignment and Assumption that is an exhibit thereto, provides that there are certain liabilities of Borrower under the Third Amended Management Agreement for which RCK Maui will not be liable.

---

[3] Commercial Foreclosure Loans are defined in the SPE Protocol as "commercial mortgage loans, commercial mezzanine loans . . . and other loans owned by the Debtors ultimately secured directly or indirectly by real property or interests therein . . . that may be subject to foreclosure or deeds or assignments in lieu of foreclosure."

**The Assumption is a Sound Exercise
of LBHI's Business Judgment**

18. Pursuant to section 365 of the Bankruptcy Code, LBHI may assume, assign or reject executory contracts "subject to the court's approval." 11. U.S.C. § 365. Section 365 "permits the . . . debtor-in-possession . . . to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject." *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994); *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 382 (2d. Cir. 2008) (quoting *In re Orion*, 4 F.3d at 1098). The applicable standard for approval of assumption or rejection is whether the debtor's decision represents a sound business judgment. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (stating that the business judgment standard is the traditional standard applied by courts to authorize the rejection of ordinary executory contracts). Under this standard, a court should approve the assumption of a contract under section 365(a) of the Bankruptcy Code if it finds that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate. *See, e.g., In re Child World, Inc.*, 142 B.R. 87, 89-90 (Bankr. S.D.N.Y. 1992).

19. LBHI's assumption of the Amended SNDA represents a sound exercise of its business judgment and should be approved. By assuming the Amended SNDA, LBHI will ensure that Ritz-Carlton will continue as the Hotel manager. In addition, LBHI will avoid the costs and disruption in hotel operations associated with seeking out and entering into a new management agreement with another hotel manager. Ritz-Carlton has been managing the Hotel since January 2001 and has the institutional knowledge necessary to continue to manage the

Hotel. By assuming the Amended SNDA and continuing Ritz-Carlton's role as manager of the Hotel, the transition of ownership from the Borrower to RCK Maui will be seamless.

20. Moreover, if LBHI were to reject the SNDA, it is expected that Ritz-Carlton would assert a sizeable rejection damage claim, inasmuch as the Second Amended Management Agreement, which LBHI agreed to recognize pursuant to the SNDA, has thirty years remaining on its forty year term. The elimination of a significant rejection damage claim is another reason why assumption of the Amended SNDA represents a sound exercise of LBHI's business judgment and should be approved.

21. Immediately upon assumption of the Amended SNDA, RCK Maui will take title to the Hotel and enter into an Assignment and Assumption Agreement pursuant to which it will assume certain of the Borrower's obligations under the Third Amended Management Agreement. At that point, LBHI's obligations under the SNDA will have been satisfied. Consequently, assumption of the SNDA will not burden LBHI's estate with material future obligations.

22. When assuming an executory contract, section 365(b)(1) of the Bankruptcy Code requires that a debtor cure, or provide adequate assurance that it will promptly cure, any outstanding defaults under the contracts that it seeks to assume. 11 U.S.C. § 365(b)(1). At this time, LBHI is not aware of any existing outstanding cure amounts.

### Notice

23. No trustee has been appointed in these chapter 11 cases. LBHI has served notice of this Motion on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the United States Attorney for the Southern District of New York; (iv) the attorneys for Ritz-Carlton; and (v) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635].  The Debtors submit that no other or further notice need be provided.

24.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE LBHI respectfully requests that the Court enter the Proposed Order and grant the Debtors such other and further relief as it deems just and proper.

Dated: October 12, 2011
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## Exhibit A

**Amended Subordination, Non-Disturbance And Attornment Agreement**

**FILED UNDER SEAL**

## Exhibit B
**The Third Amended and Restated Management Agreement**

**FILED UNDER SEAL**

## Exhibit C

**Proposed Order**

US_ACTIVE:\43774131\14\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                       :    Chapter 11 Case No.
                                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                 :
                            Debtors.                              :    (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING MOTION OF LEHMAN BROTHERS HOLDINGS INC., PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 9014, FOR AUTHORIZATION TO ASSUME AMENDED SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT WITH THE RITZ-CARLTON HOTEL COMPANY, L.L.C.

Upon the motion, dated October 12, 2011 (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume the Amended SNDA with The Ritz Carlton Hotel Company, L.L.C. (the "Ritz-Carlton"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and a hearing having been held to consider the relief

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

US_ACTIVE:\43774131\14\58399.0003

requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 365(a) and (f) of the Bankruptcy Code, LBHI is hereby authorized to assume the Amended SNDA; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any assumption and assignment consummated in the manner set forth herein.

Dated: October ___, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE