WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :    **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**               :    **08-13555 (JMP)**
                                                               :
                        Debtors.                               :    **(Jointly Administered)**
---------------------------------------------------------------x

**STIPULATION AND AGREEMENT
RELATING TO THE CLASSIFICATION OF THE
CLAIM OF OMX TIMBER FINANCE INVESTMENTS II, LLC
UNDER THE DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN**

Lehman Brothers Holdings Inc. ("Lehman"), as debtor in possession, OMX Timber Finance Investments II, LLC ("OMX") and Wells Fargo Bank Northwest, N.A., as indenture trustee (the "Indenture Trustee", and together with Lehman and OMX, the "Parties"), enter into this stipulation and agreement (the "Stipulation") and hereby stipulate and agree as follows:

**RECITALS**

A.    On September 15, 2008 and on various dates thereafter, each of Lehman and certain of its affiliates (collectively, the "Debtors") filed voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly administered under Case Number 08-13555 (the "Lehman Bankruptcy Cases"). The Debtors are

authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.  Pursuant to the order entered on July 2, 2009, the Bankruptcy Court established September 22, 2009 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim, such as the claim referred to herein, against the Debtors based upon certain pre-chapter 11 transactions.

C.  On December 24, 2008, OMX filed a proof of claim against LBHI, which was assigned claim number 1439 by the Debtors' Court-approved claims agent ("Claim 1439").

D.  On or about September 18, 2009, OMX amended Claim 1439 by filing an amended proof of claim against LBHI, which was assigned claim number 17120 by the Debtors' Court-approved claims agent ("Claim 17120").

E.  On April 28, 2011, the Bankruptcy Court disallowed and expunged Claim 1439 pursuant to the Second Supplemental Order Granting Debtors' Second Omnibus Objection To Claims (Amended And Superseded Claims) [Docket No. 16348].

F.  On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors (as may be further modified from time to time, the "Third Amended Plan")[1] and a related disclosure statement (as may be further modified from time to time, the "Disclosure Statement").  The Disclosure Statement was approved by the Bankruptcy Court on August 30, 2011.

G.  On September 16, 2011, the Debtors, OMX and the Indenture Trustee entered into a stipulation (the "Voting Stipulation") that provided that Wells Fargo Bank Northwest, N.A.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Third Amended Plan.

would have the ability to prosecute Claim 17120 and would withdraw its duplicative claim that was assigned claim number 24151.

H.  The Parties enter into this stipulation for the purposes of agreeing to the Class under the Third Amended Plan in which Claim 17120 will be included for all purposes, including voting and distributions (the "Stipulation").

## AGREEMENT

1.  This Stipulation shall become effective once it has been executed by each of the Parties (the "Effective Date").

2.  For all purposes relating to the Third Amended Plan, including without limitation, voting and distributions, Claim 17120 shall be included in LBHI Class 3 as a Senior Unsecured Claim (as defined in the Third Amended Plan); *provided, however,* unlike all other Claims included in LBHI Class 3 that, to the extent allowed, are entitled to receive a *pro rata* share of the reallocation of distributions from Subordinated Class 10A, Subordinated Class 10B and Subordinated Class 10C (as such terms are defined in the Third Amended Plan), because Claim 17120 is based on LBHI's alleged obligation under a guarantee, Claim 17120, to the extent allowed, shall only be entitled to receive its *pro rata* share of the reallocation of distributions from Subordinated Class 10B and Subordinated Class 10C.

3.  Other than as set forth in the Voting Stipulation or herein, the Debtors reserve the right to object to Claim 17120 or any portion thereof on all grounds and OMX and the Indenture Trustee reserve the right to assert all defenses to any such objections.

4.  Neither this Stipulation, any of the provisions hereof, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any

aspect of Claim 17120 or of any other claim or right of any kind, or of any wrongdoing or liability of either of the Parties in the Debtors' chapter 11 cases, or any other matter pending before the Bankruptcy Court.

5. Nothing in this Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties hereto, and their respective successors and assigns, any right, remedy or claim under or by reason of this Stipulation; and the provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties hereto.

6. This Stipulation, taken together with the Voting Stipulation, contain the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7. This Stipulation may not be modified other than by signed writing executed by each of the Parties and delivered to each Party.

8. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

9. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

10. This Stipulation shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles.

11.     The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation.  Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, such matter shall be adjudicated in either the United States District Court, for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: October 7, 2011
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

/s/ Michael J. Reilly
Michael J. Reilly

BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 705-7000

Attorneys for Wells Fargo Bank Northwest,
N.A., as indenture trustee

/s/ Sven T. Nylen
Sven T. Nylen

K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
Telephone: (312) 781-7235

Attorneys for OMX Timber Finance
Investments II, LLC