Hearing Date: October 27, 2011 10:00 a.m.
Objection Deadline: October 13, 2011 4:00 p.m.

Sutherland Asbill & Brennan LLP
Paul B. Turner (*pro hac vice*)
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Tel: (713) 470-6100
Fax: (713) 654-1301

Sutherland Asbill & Brennan LLP
Mark D. Sherrill (*pro hac vice*)
1275 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 383-0100
Fax: (202) 637-3593

*Counsel for Shell Trading (US) Company and
Shell International Eastern Trading Company*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| LEHMAN BROTHERS HOLDING INC., | § | Case No. 08-13555 (JMP) |
| | § | |
| Debtor. | § | |

**RESPONSE OF SHELL TRADING (US) COMPANY AND SHELL
INTERNATIONAL EASTERN TRADING COMPANY TO DEBTORS'
ONE HUNDRED EIGHTY-SEVENTH OMNIBUS OBJECTIONS TO CLAIMS**

Shell Trading (US) Company ("STUSCO") and Shell International Eastern Trading Company ("SIETCO" and collectively with STUSCO, "Shell") file this Response to the Debtors' *One Hundred Eighty-Seventh Omnibus Objection to Claims (Misclassified Claims)* (the "Claim Objection") and states as follows:

**Background**

1. STUSCO entered into that certain ISDA Master Agreement (as amended, the "STUSCO Master Agreement") with Lehman Brothers Commodity Services Inc. ("LBCS"), dated April 2, 2008. LBCS's parent, Lehman Brothers Holdings Inc. ("LBHI," and collectively with its debtor affiliates, the "Debtors"), provided a guaranty of LBCS's payment obligations under the STUSCO Master Agreement and served as the Credit Support Provider.

14791485.4

2. SIETCO entered into that certain ISDA Master Agreement (as amended, the "SIETCO Master Agreement" and collectively with the STUSCO Master Agreement, the "Master Agreements") with LBCS, dated June 28, 2007. LBHI provided a guaranty of LBCS's payment obligations under the SIETCO Master Agreement and served as the Credit Support Provider.

3. On September 15, 2008, LBHI filed its voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code. On October 3, 2008, LBCS filed its own voluntary petition under the Bankruptcy Code.

4. Because LBHI served as Credit Support Provider under the Master Agreements, the LBHI bankruptcy filing constituted an Event of Default under Section 5(a)(vii) of each of the Master Agreements.

5. Exercising its rights under (*inter alia*) section 560 of the Bankruptcy Code and Section 6(a) of the STUSCO Master Agreement, STUSCO provided LBCS with its notice of termination (the "STUSCO Termination Notice") of the STUSCO Master Agreement on September 17, 2008. The STUSCO Termination Notice established September 17, 2008 as the Early Termination Date of the STUSCO Master Agreement.

6. Exercising its rights under (*inter alia*) section 560 of the Bankruptcy Code and Section 6(a) of the SIETCO Master Agreement, SIETCO provided LBCS with its notice of termination (the "SIETCO Termination Notice") of the SIETCO Master Agreement on September 16, 2008. The SIETCO Termination Notice established September 16, 2008 as the Early Termination Date of the SIETCO Master Agreement.

7. On September 18, 2009, STUSCO filed proof of claim number 15939 ("Claim 15939"). Claim 15939 asserts a secured claim against LBCS in the amount of $2,480,655.98.

8. On September 21, 2009, SIETCO filed proof of claim number 24182 ("Claim 24182" and collectively with Claim 15939, the "Claims"). Claim 24182 asserts a secured claim against LBCS in the amount of $6,150,724.24.

9. On September 9, 2011, the Debtors filed the instant Claim Objection. In the Claim Objection, the Debtors assert that the Claims "do not articulate any valid basis for treatment as a secured claim." Claim Objection, ¶ 9. It further states: "many of the Misclassified Claims assert secured status based upon a reservation of a right of setoff pursuant to section 553 of the Bankruptcy Code; however, such Misclassified Claims do not disclose the obligation owed to the Debtors by such claimant that are subject to setoff or actually assert any basis for a setoff." *Id.* The Claim Objection therefore proposes to reclassify the Claims as unsecured claims.

**Response**

10. As set forth more fully in the Brief (as defined below), which is hereby incorporated by reference, Shell disputes the Debtors' assertions in the Claim Objection, and re-asserts that the proper classification of the Claims is as secured claims. Contrary to the assertions in the Claim Objection, Shell included ample detail and documentary support for the setoff rights that secure the Claims. Accordingly, the Claim Objection should be overruled with regard to the Claims.

11. To the extent necessary, Shell requests a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure (the "LBR") to determine the proper amount and status of the Claims.

12. Pursuant to LBR 9013-1(b), Shell will file Memorandum of Law (the "Brief") in opposition to the Claim Objection substantially contemporaneously with this Response.

WHEREFORE, Shell respectfully requests that the Court (a) overrule the Claim Objection as it pertains to the Claims, and (b) grant Shell such further relief as the Court deems just.

Dated: October 13, 2011
       Houston, Texas

SUTHERLAND ASBILL & BRENNAN LLP

By: /s/ Paul B. Turner
    Paul B. Turner (*pro hac vice*)
    1001 Fannin Street, Suite 3700
    Houston, Texas 77002
    (713) 470-6100

    Mark D. Sherrill (*pro hac vice*)
    1275 Pennsylvania Avenue, NW
    Washington, DC 20004
    Tel: (202) 383-0100
    Fax: (202) 637-3593

COUNSEL FOR SHELL TRADING (US) COMPANY
AND SHELL INTERNATIONAL EASTERN
TRADING COMPANY