# EXHIBIT A

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. / Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)        0000043934 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. / Case No. of Debtor<br>Case No. 08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities. (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
Philips Pension Trustees Limited as Trustee of the Philips Pension Fund
c/o AllianceBernstein L.P.
1345 Avenue of the Americas
New York, New York 10105
Attn: Michael Coffee

☐ Check box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: (212) 969-1623
Email Address: michael.coffee@alliancebernstein.com

Name and address where payment should be sent (if different from above)

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check this box if you are the debtor or trustee in this case.

Telephone No.           Email Address:

1. **Amount of Claim as of Date Case Filed:** $142,115.00
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** ISDA Master Agreement as referenced in attachment
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of set off and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 10/22/09  Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. By: AllianceBernstein L.P.
By: Frank Polichronisso, Assistant Secretary

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(_____).

Amounts entitled to priority:
$_____

FOR COURT USE ONLY

**FILED / RECEIVED**
OCT 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 6 years, or both 18 U.S.C. §§152 and 3571.

NY-692789-v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | ) Case No. 08-13555 (JMP) |
| Debtors. | ) Jointly Administered |

### ATTACHMENT TO PROOF OF CLAIM UNDER BANKRUPTCY RULE 3005 OF PHILIPS PENSION TRUSTEES LIMITED AS TRUSTEE OF THE PHILIPS PENSION FUND
### AGAINST LEHMAN BROTHERS HOLDINGS INC.

Philips Pension Trustees Limited as Trustee of the Philips Pension Fund (the "Claimant") has separately filed a proof of claim for the liability described below. In the event such proof of claim is deemed as not timely filed, this claim (the "Claim") is being filed as authorized by Federal of Bankruptcy Procedure 3005(a). AllianceBernstein L.P., an entity that potentially is or may be liable with Lehman Brothers International (Europe) ("LBIE") to the Claimant on this claim, is filing this Proof of Claim in the name of the Claimant within thirty (30) days of the deadline established by the Court for the Claimant to do so. The signatory on the attached claim form, having an office at c/o AllianceBernstein L.P., 1345 Avenue of the Americas, New York, New York 10105, is an authorized signatory of AllianceBernstein L.P. and duly authorized to execute and file this Claim on behalf of the Claimant. In support of the claim, AllianceBernstein L.P. states as follows:

### Background

Master Agreement

NY-709816 v2

1.  The Claimant is a party to that certain ISDA Master Agreement (Multicurrency-Cross Border), dated as of January 22, 2007, between the Claimant and LBIE (the "ISDA Agreement"), as amended and supplemented by a schedule (the "Schedule") and credit support annex (the "Credit Support Annex" and collectively with the ISDA Agreement and the Schedule, the "Master Agreement").[1] A copy of the Master Agreement will be uploaded to http://lehman-claims.com (the "Claims Website"), on or before October 22, 2009 (the "Questionnaire Deadline"), as a part of the Derivative Questionnaire required by the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form entered by the United States Bankruptcy Court for the Southern District of New York on July 2, 2009 in Case No. 08-13555 (the "Bar Date Order").

2.  Lehman Brothers Holdings Inc. ("LBHI") provided a guarantee to the Claimant as credit support in connection with the Master Agreement (the "ISDA Guarantee"). A copy of the ISDA Guarantee will be uploaded to the Claims Website, on or before the Questionnaire Deadline, as a part of the Derivative and Guarantee Questionnaires required by the Bar Date Order. Under the ISDA Guarantee, LBHI unconditionally guaranteed to the Claimant "the due and punctual payment of all amounts payable by [LBIE] under each Transaction when and as [LBIE's] obligations thereunder shall become due and payable in accordance with the terms of the [Master] Agreement." ISDA Guarantee, ¶ (a). LBHI further agreed, "upon written demand by [the Claimant], to pay or cause to be paid any such amounts punctually when and as the same shall become due and payable." Id. The ISDA Guarantee is a guarantee of payment, not a

---

[1] All capitalized terms not otherwise defined in this Proof of Claim shall have the meanings assigned to them in the ISDA Agreement.

2

guarantee of collection. Id., at ¶ (b). LBHI also provided a general guarantee of payment of all liabilities, obligations and commitments of LBIE through resolutions adopted by the Executive Committee of the Board of Directors of LBHI on June 9, 2005 (the "Board of Directors Guarantee"). A copy of the Board of Directors Guarantee will be uploaded to the Claims Website, on or before the Questionnaire Deadline, as a part of the Derivative and Guarantee Questionnaires required by the Bar Date Order. Collectively, the ISDA Guarantee and the Board of Directors Guarantee comprise the "Guarantees." The Claimant asserts this Claim against LBHI under the Guarantees for the full Claim Amount.

Bankruptcy Cases

3. LBHI filed a petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 15, 2008 (the "Petition Date"). On September 15, 2008, LBIE was placed into administration proceedings in the United Kingdom and the joint administrators were appointed to oversee the orderly winding down of LBIE's business.

**Basis of Claim**

4. Part 4(g) of the Schedule defines the "Credit Support Provider" under the Master Agreement as LBHI. An event of default thus occurred under Section 5(a)(vii) of the Master Agreement when LBHI filed a bankruptcy petition on the Petition Date.

5. Section 6(a) of the ISDA Agreement provides that if an event of default occurs, the non-defaulting party may notify the defaulting party that it is terminating all outstanding transactions. On the Petition Date, the Claimant delivered LBIE a notice of early termination designating September 15, 2008 as the "Early Termination Date" in respect of all outstanding Transactions under the Master Agreement (the "Early Termination Notice"). A copy of the

3

Early Termination Notice will be uploaded to the Claims Website, on or before the Questionnaire Deadline, as a part of the Guarantee Questionnaire required by the Bar Date Order. The Claimant accordingly terminated all outstanding Transactions under the Master Agreement as of the Early Termination Date.

6. The Claimant notified LBIE of its claim in the form of a Statement of Calculations (the "Calculation Statement") on June 5, 2009, stating the amount due to the Claimant under the Master Agreement. In addition, LBIE was on actual notice of this claim through ongoing discussions and correspondence with the Claimant and/or its Investment Manager.

7. A copy of the Calculation Statement will be uploaded to the Claims Website, on or before the Questionnaire Deadline, as a part of the Derivative Questionnaire required by the Bar Date Order. As described in the Calculation Statement and supplemented by the Claimant's calculation of interest, LBIE was and remains indebted to the Claimant under the Master Agreement in the amount of $142,115 (the "Claim Amount"), set forth as follows:

| | |
|---|---|
| Net Due From / (To) OTC Close-Out Cost | 0 |
| Collateral (Held) / Posted | $141,973 |
| | |
| Net Close-out Cost From / (To) Lehman | $141,973 |
| Interest | $142 |
| | |
| **CLAIM AMOUNT** | $142,115 |

The Claim Amount reflects the total settlement amount for all outstanding Transactions, calculated using the method specified in the Schedule, less the net amount of collateral posted by LBIE and held by the Claimant pursuant to the Credit Support Annex, plus interest on the foregoing amounts.

8. As of the date hereof, the Claimant has received no payment on account of any portion of the Claim Amount from LBIE. The Claimant accordingly asserts this Claim against LBHI under the Guarantees for the full Claim Amount (in addition to asserting a similar claim under the Master Agreement against LBIE, which claim is the subject of a separate proof of claim in the United Kingdom proceeding). LBHI is indebted to the Claimant for the entire Claim Amount pursuant to LBHI's unconditional guarantee to the Claimant of "the due and punctual payment of *all amounts payable by [LBIE] under each Transaction* when and as [LBIE's] obligations thereunder shall become due and payable in accordance with the terms of the [Master] Agreement." ISDA Guarantee, ¶ (a) (emphasis added). Because the ISDA Guarantee is a guarantee of payment, not a guarantee of collection, the Claimant is not required to take any action with respect to LBIE as a condition precedent to LBHI's obligation to pay the Claim Amount. In addition, pursuant to the Board of Directors Guarantee, LBHI "fully guarantees the payment of all liabilities, obligations and commitments" of LBIE.

9. The Claim is evidenced by various documents and instruments, including (without limitation) the Master Agreement, the Guarantees, the Early Termination Notice, and the Calculation Statement, all of which will be uploaded to the Claims Website, on or before the Questionnaire Deadline, as a part of the Derivative and Guarantee Questionnaires required by the Bar Date Order. The Claimant reserves the right to attach, produce, and/or rely upon additional

documents supporting its Claim or additional documents that may become available after further investigation or discovery.

10. No judgment has been rendered on account of the Claim.

11. The amounts of all payments on the Claim have been credited and deducted for the purpose of making this Claim.

12. All notices and distributions in respect of the Claim should be forwarded to:

> Philips Pension Trustees Limited as Trustee of the
> Philips Pension Fund
> c/o AllianceBernstein L.P.
> 1345 Avenue of the Americas
> New York, New York 10105
> Attn: Michael Coffee
>
> with a copy to:
>
> K&L GATES LLP
> 599 Lexington Ave.
> New York, NY 10022
> Attn: Richard S. Miller

13. This Proof of Claim supplements the Calculation Statement and serves, and is intended to serve, as notice of a claim for any amount which has become due or is to become due with respect to the Master Agreement. The provisions of the Guarantees and Master Agreement (including all Confirmations and transaction documents thereunder) are expressly incorporated herein by reference.

14. The Claimant reserves all rights and remedies under the Guarantees and Master Agreement (including, but not limited to, its rights pursuant to Section 11 (Expenses) of the ISDA Agreement and any right of set-off and/or recoupment) and any other agreements between or among LBIE or LBHI and the Claimant and/or the Claimant's affiliates, branches or offices, or applicable law, and any failure of the Claimant to exercise remedies pursuant thereto shall not, and shall not be deemed to, waive, abandon, discontinue or preclude the exercise of any of its

respective rights, powers, privileges or remedies thereunder or under applicable law, including without limitation any rights, powers, privileges or remedies relating to other existing or future defaults or event of default thereunder.

15. The Claimant reserves the right to further amend or supplement this Proof of Claim (and any related Derivative Questionnaire or Guarantee Questionnaire) at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any unliquidated claim. The Claimant further reserves the right to assert additional claims with respect to other transactions and obligations.

16. In filing this Proof of Claim, the Claimant does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Guarantees and Master Agreement and Transactions thereunder and as otherwise specified herein, and does not consent to the jurisdiction of this Court to adjudicate any other matter relating to the Guarantees and Master Agreement and Transactions thereunder or the rights and remedies of the Claimant.

17. Filing of this Proof of Claim is not and shall not be deemed or construed as a waiver or release of any rights of the Claimant or AllianceBernstein L.P. against any person, entity or property (including, without limitation, any person or entity that is or may become a debtor in a case pending in this Court) or any other right, remedy, claim or defense of the Claimant or AllianceBernstein L.P. whatsoever. This Proof of Claim is not and shall not be deemed or construed as a waiver or release of any existing rights of the Claimant or AllianceBernstein L.P. related to the Claim and the transactions described herein.

HAND DELIVERY

_T. Persaud_
RECEIVED BY:

10/22/09
DATE

1:24pm
TIME