UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS, INC.,   Chapter 11
  Case No. 08-13555 (JMP)

      Debtors.

------------------------------------------------------X
CYNTHIA SWABSIN and ALEXANDER
LEYTMAN, on behalf of themselves and all
others similarly situated,

      Plaintiffs,   Adv. Pro. No. 09-1482 (JMP)

   v.

LEHMAN BROTHERS HOLDINGS, INC.,

      Defendant.
------------------------------------------------------X

**PLAINTIFFS' OPPOSITION TO DEBTOR'S OBJECTION**
**TO PROOFS OF CLAIM #24184, #28580, #28583 and #29702**

OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

Jack A. Raisner (JR 6171)
René S. Roupinian (RR 3884)

Claimants CYNTHIA SWABSIN and ALEXANDER LEYTMAN (hereinafter "Claimants") submit) the following.

**Preliminary Statement**

Seeking an upgrade in priority status for their unpaid severance and benefits arising from a September 9, 2008 agreement which LBHI repudiated on September 30, 2008, Claimant Cynthia Swabsin filed proofs of claim 28580 and 28583, setting forth her individual claims, and Claimant Alexander Leytman filed proof of claim 24184 setting forth his individual claim. Together they filed proof of claim 29702 setting forth their individual claims on behalf of themselves and a class-wide claim for the same relief on behalf of a putative class of similarly-situated claimants. None of these proofs of claim should be expunged.

First, Debtors' objection to expungement of all claims rests on a single argument – that LBI, not LBHI was the employer, and thus LBHI should not be held liable. This presents a dispositive class-wide issue of common fact and law that is ripe for class treatment. Debtors have proffered no evidence in support of its contention that it is not liable in the face of overwhelming evidence that Debtors induced the class to file their proofs of claim in the LBHI case, and thus is estopped from denying responsibility.

Second, Debtors' objection to class certification on the basis that Plaintiffs have not filed a Rule 9014 motion is moot because Claimants are filing such a motion timely, given the recent objection. Even if Claimants Rule 9014 motion is overruled, Plaintiffs' class proof of claim should be treated as an individual proof of claim.

Third, Debtors have never objected to the substance of these proofs of claim. Debtors have not denied that the Claimants are entitled to an upgrade of all or parts of their severance to 11 USC § 507(a)(4) wage priority.

2

**Factual and Procedural Background**

1.      Plaintiffs and putative class members are all former employees of Defendant Lehman Brother Holdings Inc., and its affiliated Debtors (altogether, "Debtors") who lost their jobs in connection with Debtors' Chapter 11 bankruptcy.

2.      After it filed for bankruptcy on September 15, 2008, Debtors severed its employment relationship with Plaintiffs and approximately 300 other similarly-situated former employees during what Debtors called a 60-day "notice period."

3.      During the notice period, Debtors notified each putative class member via a "Separation Agreement" that he or she would be separated from employment on a specific date following the notice period.

4.      The Separation Agreements promised that Debtors would continue to pay putative class members their wages during the notice period. Debtors began paying notice period wages pre-petition, and continued to do so after its Chapter 11 bankruptcy petition was filed.

5.      On September 30, 2008, Debtors sent Plaintiffs and each of the putative class members a letter informing them that it was terminating their remaining wage payments and some other amounts.

6.      Debtors scheduled the amounts payable under the Separation Agreements, including the wages promised during the notice period and afterwards, as general, non-priority, unsecured, unliquidated, contingent claims for each putative class member.  Debtors characterized these amounts as "outstanding severance."

7.      The Bankruptcy Court issued an order setting a bar date of September 22, 2009 for filing proofs of claims on prepetition claims (Docket No. 4271). The order required notice of the bar date to be sent to "all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated after September 1, 2006…." (Docket No. 4271).

3

8. On December 3, 2008, Plaintiff Swabsin filed individual proofs of claim asserting wage priority claims under Bankruptcy Code § 507(a)(4) for the amounts owed to her as a result of her separation of employment with Debtors. (*See* Exhibit A, Claim Nos.1193, 28580-28583).

9. On September 21, 2009, Plaintiff Leytman filed individual proofs of claim asserting priority under Bankruptcy Code § 507(a)(4) for the amounts owed to him as a result of his separation of employment with Debtors. (*See* Exhibit B, Claim Nos. 24184, 24187).

10. On September 21, 2009, Plaintiffs filed an Adversary Proceeding Class Action Complaint against Debtors for its failure to make payments under the Separation Agreements (Adv. Pro. No. 09-1482 (JMP)). In the adversary proceeding, Plaintiffs sought a declaratory judgment, pursuant to Fed. R. Bank. P. 7001(2), (9), that their unpaid severance be classified as an administrative expense under 11 U.S.C. § 503(a), or alternatively as a wage priority claim under 11 U.S.C § 507(a)(4). (Case No. 09-1482, Docket No. 1, Adv. Complaint, Prayer for Relief).

11. On September 22, 2009, Plaintiffs filed an amended Class Proof of Claim (*See* Exhibit C, Claim No. 29702) in Debtors' main bankruptcy case, asserting an administrative expense claim or alternative a priority claim under Bankruptcy Code § 507(a)(3) and (4) for their unpaid severance under the Separation Agreements.

12. On November 13, 2009, Debtors moved to dismiss the adversary complaint, disputing Plaintiffs' right to use an adversary proceeding process for their claims, as well as the characterization of their claims as an administrative expense. (*See* Case No. 09-1482, Docket No. 6, Motion to Dismiss at 8, 18). On January 21, 2010, the Court dismissed Plaintiffs' adversary proceeding on the grounds that it should not supplant the traditional claims adjudication process.

13. At the hearing on Debtors' motion to dismiss Plaintiffs' adversary complaint, Debtors acknowledged that it had scheduled the severance claims of approximately 150 members

4

of the putative class who had not filed claims as general unsecured creditors, and that it was aware that putative class members filed individual proofs of claim for severance, a majority of which asserted priority status. (*See* Exhibit D, Trans. January 21, 2010 (49-50, 56)).

14.     On September 16, 2011, Debtors filed an objection to Plaintiffs' Class Proof of Claim.

## Argument

**1.     Claimants' claims are substantively valid.**

Debtor has yet to pose a substantive objection to Plaintiffs' proof of claim request that their severance be accorded severance priority treatment. The Court has not opined on priority treatment. Clearly, the individual claimants are entitled to 11 U.S.C § 507(a)(4) severance priority treatment for the severance amounts they "earned" by agreeing to participate in a severance plan just prior to the bankruptcy. *Matson v. Alarcon*, 651 F.3d 404 (4th Cir. 2011) (claimants "earned" their severance compensation on the date they became participants in the debtor's severance plan immediately after their termination from employment.)

**2.     Debtors have not proffered evidence that LBHI is not responsible for the employer obligations of LBI.**

LBHI is equitably estopped from denying its responsibility for these proofs of claim which it knowingly and purposefully induced the Claimants to file. On September 30, 2008, Debtor LBHI wrote to Ms. Swabsin and Mr. Leytman, informing them that due to the bankruptcy of LBHI, they would no longer receive their separation pay. (*See* Exhibit E, Letter from LBHI dated September 30, 2008). It instructed them on how to receive their employment benefits, and that:

"If you are owed additional severance payments and cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process."

5

Although the letter did not instruct where Claimants were to file their proofs of claim for their separation amount, and it noted that Lehman Brothers Inc. (LBI) had been placed in a liquidation proceeding under the Securities Investor Protection Act (SIPA), the letter <u>specifically instructed</u> the Claimants that they would be told where to file their claim for these amounts. The letter continued:

> "<u>At some point in the future, you will be receiving notification of the procedures for the filing of claims and the date by which the claims must be filed</u>." (*Emphasis added*.)

Claimants subsequently received proof of claim forms from LBHI. The LBHI forms reflected their separation amounts. These separation amounts were listed as "Severance" on the LBHI Schedule F, filed in Docket No. 3054. These amounts were derived from the records of LBHI. The proof of claim forms specifically instructed the Claimants to file the proofs of claim in the LBHI proceeding if they wished to make a claim for these amounts.

By contrast, nothing in the SIPA docket or proceeding gave any notice to the Claimants that the LBHI notice and instruction to file their specific severance claim in the LBHI proceeding was erroneous.

Claimants timely filed a WARN Act adversary proceeding and a severance claim adversary proceeding in the LBHI proceeding. The LBHI Debtor settled the WARN Adversary Proceeding, and litigated the Severance Adversary through a motion to dismiss hearing. Never in any papers or argument to Claimants or the Court did the LBHI Debtor take the position that the Adversaries or proofs of claim were misfiled and that LBI, not LBHI, was the responsible successor employer for the purpose of these separation claims.

To the contrary, in dismissing the Adversary Proceeding, Judge James Peck specifically inquired into existence of the proofs of claims regarding the severance claims, their number, and status.

6

> THE COURT: Okay. I'm granting the debtors' motion to dismiss but it is without prejudice to the rights of the named plaintiff in the adversary proceeding and is also without prejudice to the rights of those members of the proposed class, some of whom have filed proofs of claim, some of whom may have scheduled claims an some of whom may not know the difference between an administrative and priority claim**.**
>
> THE COURT: To the extent that there are substantive arguments that have been made in the motion and in the argument made today by counsel for the debtors, those substantive points are reserved for a future determination, if that ever happens in the context of the claims allowance process.

(*See* Exhibit D, Trans. January 21, 2010 (75:16-22)).

Counsel for Debtor never mentioned to the Court that it would take the position that the proofs of claim were misfiled.

Debtor cannot contend that according to its records Claimants were not its responsibility. Its records have indicated the opposite for three years. Debtor claims that the Court ruling on what it calls "similar" claims on June 3, 2011 are relevant. (*See* Docket Nos. 20074 and 20100, Debtors' Objection to Proofs of Claim of Cynthia Swabsin and Alexander Leytman). Debtor does not provide any factual basis for assuming that the claims of the Claimants bear any similarity to those dismissed claims. If in fact, Debtor is correct, that one common question of fact or law subsumes all of these claims, because these claims are similar, Debtor concedes the appropriateness of a class-wide determination, because clearly there is one, common predominant claim the adjudication of which should not be left to hundreds of filers of small claims to litigate at their own cost on a one-by-one, piecemeal basis.

3. **Plaintiffs Motion under 9014 is Timely and Class Treatment is Appropriate.**

Debtors object to class treatment because of the lack of a filed Rule 9014 motion seeking the application of Rule 7023. That objection is moot with the filing of Claimants 9014 motion. Debtor may claim the filing of the Rule 9014 motion is untimely, but it is not. Until the Omnibus objection was filed on September 16, 2011, the Rule 9014 motion was premature. *In*

7

*re Charter Co.*, 876 F.2d 866, 874 (11th Cir. 1989); See also, *Barnett v. Jamesway Corp (In re Jamesway Corp)*, 1997 WL 327105 at *4 (Bankr. S.D.N.Y. June 12, 1997).

Debtors only other objection is to the appropriateness of class certification. Before the Omnibus objections were filed, casting all of these severance claims in the same mold, Debtors may have had an argument against class certification. It cannot rely now, however, on Judge Peck's inclination that class treatment is unnecessary and inappropriate. The dispositive common issue of fact and law that has arisen by Debtor's position makes irrelevant the citations presented in Debtor's objection regarding the advisability of class treatment in a bankruptcy proceeding. For the purposes of this proceeding there is a need to consolidate in a class, for orderly, fair treatment, all of the proofs of claim that have been timely filed but which are being denied based on a common basis.

## **Conclusion**

For all the foregoing reasons, Plaintiffs respectfully request that this Court deny Debtors' Motion in all respects.

Dated: October 13, 2011

By:   /s/ Jack A. Raisner
Jack A. Raisner
René S. Roupinian
**Outten & Golden LLP**
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

*Attorneys for Plaintiffs and the Putative Class*