# EXHIBIT B

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 555008750<br>Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)      0000024187 |
| Name of Debtor Against Which Claim is Held<br>LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555008750*****<br>ALEXANDER, LEYTMAN<br>131 GREENWOOD DRIVE<br>MILLBURN, NJ 07041<br><br><br><br>Telephone number: 973-376-0997   Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim<br>Number:_____<br>(If known)<br><br>Filed on: _____ | NOTICE OF SCHEDULED CLAIM:<br>Your Claim is scheduled by the indicated Debtor as:<br><br>SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE<br><br>DESCRIPTION:<br>RESTRICTED STOCK UNIT AGREEMENT |
| Name and address where payment should be sent (if different from above)<br><br><br><br>Telephone number:      Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |

1. **Amount of Claim as of Date Case Filed:** $ **10,950**

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** **280.66 awarded Restricted Stock Units (RSU)**
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** **7279**
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____   Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

   Amount entitled to priority:
   $ **10,950**

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
   **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
   If the documents are not available, please explain:

FOR COURT USE ONLY

**FILED / RECEIVED**

**SEP 2 1 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date:<br>9/18/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>[signature] |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# LEHMAN BROTHERS
## Executive Compensation Summary
### Alexander Leytman

Employee ID: 10203338

### AWARD UNITS*

| Grant Date | Description | Units Granted | Dividend Equivalents | Units Vested** | Units Unvested** | Units Outstanding | Units Forfeited | Units Not Forfeited | Share Payment Date |
|---|---|---|---|---|---|---|---|---|---|
| Dec 10, 2003 | 2003 Firmwide Principal | 53.24 | 2.84 | 56.08 | 0.00 | 56.08 | 0.00 | 56.08 | November 30, 2008 |
| Dec 10, 2003 | 2003 Firmwide Discount | 17.74 | 0.75 | 0.00 | 18.49 | 18.49 | 3.71 | 14.78 | November 30, 2008 |
| Dec 09, 2004 | 2004 Firmwide Principal | 46.62 | 2.13 | 48.75 | 0.00 | 48.75 | 0.00 | 48.75 | November 30, 2009 |
| Dec 09, 2004 | 2004 Firmwide Discount | 15.54 | 0.60 | 0.00 | 16.14 | 16.14 | 6.48 | 9.66 | November 30, 2009 |
| Nov 30, 2005 | 2005 Firmwide Principal | 46.04 | 1.71 | 47.75 | 0.00 | 47.75 | 0.00 | 47.75 | November 30, 2009 |
| Nov 30, 2005 | 2005 Firmwide Discount | 15.34 | 0.60 | 0.00 | 15.94 | 15.94 | 9.58 | 6.36 | November 30, 2009 |
| Dec 08, 2006 | 2006 Firmwide Principal | 47.78 | 1.42 | 0.00 | 49.20 | 49.20 | 0.00 | 49.20 | November 30, 2011 |
| Dec 08, 2006 | 2006 Firmwide Discount | 15.92 | 0.55 | 0.00 | 16.47 | 16.47 | 16.47 | 0.00 | N/A |
| Dec 07, 2007 | 2007 Firmwide Principal | 47.11 | 0.97 | 0.00 | 48.08 | 48.08 | 0.00 | 48.08 | November 30, 2012 |
| Dec 07, 2007 | 2007 Firmwide Discount | 15.70 | 0.30 | 0.00 | 16.00 | 16.00 | 16.00 | 0.00 | N/A |
| Jul 01, 2008 | July 2008 RSU | 28.53 | 0.36 | 0.00 | 28.89 | 28.89 | 28.89 | 0.00 | N/A |
| | | | | | | 361.79 | 81.13 | 280.66 | |

Disposition of shares assumes an involuntary termination without Cause in September 2008.

For information regarding the provisions which may apply to any awards following your termination, please refer to the applicable plan documents. Please note that with respect to any 2006 - 2008 awards, your entitlement to the unvested portion of any principal award is further conditioned on your execution of a Firm-standard release agreement, in accordance with applicable Firm policy.

* Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.

** Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

Prepared in September 2008



| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |
| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 555201250 |
| Name of Debtor Against Which Claim is Held LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor 08-13555 (JMP) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)    0000024184 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor):
LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555201250*****
LEYTMAN, ALEXANDER
131 GREENWOOD DRIVE
MILLBURN, NJ 07041

Telephone number: 973-376-0997  Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ CLAIM:
Your Claim is scheduled by the indicated Debtor as:

$51,098.82 UNSECURED UNLIQUIDATED CONTINGENT

DESCRIPTION: OUTSTANDING SEVERANCE

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 62,048.82
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: severance; base salary continuation
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 7279
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$ 10,950

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9/18/09
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
[signature]

FOR COURT USE ONLY

FILED / RECEIVED
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# LEHMAN BROTHERS

*Exhibit B*

STEPHANIE DIAMOND
VICE PRESIDENT

September 9, 2008

Alexander Leytman
By Hand

Dear Alexander:

This is an agreement and release concerning your separation from employment by Lehman Brothers. If you sign and comply with this agreement, you will receive the payments and benefits discussed below.

**Effective Dates, Payments and Benefits**

1. Today will be the last day that you are expected to report to work.

2. Provided you sign and comply with this agreement, you are eligible to continue to receive your current base salary and benefits coverage through the earlier of March 14, 2009 or the date on which you become actively employed with another firm (the "separation date"), as follows.

    a. You will continue to receive your current base salary and benefits continuation through November 8, 2008 (the "notice period").

    b. Immediately after the notice period and in lieu of a lump sum separation payment consisting of 16 weeks of severance pay and two weeks of unused vacation pay, you will continue to receive your current base salary and certain benefits continuation, including medical benefits, through March 14, 2009.

    Salary continuation will be paid on a biweekly basis at your current biweekly base salary rate, in accordance with the Firm's regular payroll practices. While you are on salary continuation, you will be eligible to continue your benefits coverage under the terms of our plans. All payments will be subject to withholding, payroll taxes and other applicable deductions.

3. Lehman Brothers has retained Lee Hecht Harrison to provide you with outplacement counseling services. These services are designed to assist you with counseling on resume writing, interviewing skills, networking techniques, and a job search campaign. We encourage you to take advantage of these services in order to ensure a smooth career transition. To sign up, please call Sasha Hohri at (866) 949-3325.

4. You and your covered dependents, pursuant to the COBRA law, may be eligible to continue health insurance coverage for up to 18 months from your separation date, at your own expense. Your right to continue or convert coverage (including COBRA coverage) after your separation date will be governed by the terms of our plans.

5. Your rights to benefits under any employee benefits plans will be determined in accordance with the terms of such plans. Our employee benefits plans may be modified or terminated at any time.

6. Should you become employed by another firm as an employee, consultant or independent contractor at any time while you are on salary continuation, you are obligated to inform the Firm so that you can be terminated from the Firm's payroll at that time. This date will be your separation date for purposes of this agreement. As of this separation date, your salary and benefits coverage continuation will

Alexander Leytman
page 2



end. Provided you have signed and complied with this agreement, you will receive a lump sum payment representing the remainder of the payments described in paragraph 2, payable within 4 weeks of your separation date.

7. Should you be rehired by Lehman or any of its subsidiaries or affiliates as an employee, consultant or independent contractor at any time through your separation date you will no longer be eligible to receive the remainder of the payments described in paragraph 2.

8. As you are aware, for certain of your outstanding and unvested restricted stock unit awards ('RSUs') granted to you in connection with the Lehman Brothers Equity Award Program, you are expressly required to execute a release agreement as a condition of 'involuntary termination without cause' treatment under those awards. If you sign and comply with this separation agreement, you will satisfy the release requirement applicable to such awards.

**Complete Release**

You agree to forever release Lehman Brothers Inc., any of its affiliated companies, past and present parents, subsidiaries, divisions and present and former employees, officers, directors, successors and assigns from all claims you may now have based on your employment with any Lehman affiliate or the separation of that employment, to the maximum extent permitted by law. This includes a release, to the maximum extent permitted by law, of any rights or claims you may have under: the Age Discrimination Employment Act, which generally prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which generally prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act, which generally prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act, which generally prohibits discrimination on the basis of disability; the Employee Retirement Income Security Act of 1974, which governs the provision of pension and welfare benefits; the Conscientious Employee Protection Act, which generally prohibits retaliation due to an employee's whistle blowing-related activities; and all other federal, state or local laws prohibiting employment discrimination. This also includes a release by you of any claims for wrongful discharge, any compensation claims, or any other claims under any statute, rule, regulation, or under the common law. This release covers both claims that you know about and those you may not know about.

**Non-disclosure Provisions**

You agree not to disclose to anyone except your immediate family, accountant, and lawyer any information relating to the subject matter or existence of this agreement, including the dollar amount set forth, except to the extent required by legal process. Any disclosure to your immediate family, accountant or lawyer shall be made only upon their agreement not to disclose these terms to another person. Notwithstanding the foregoing, the parties may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the transaction and all materials of any kind (including opinions or other tax analyses) that are provided to either party relating to such tax treatment.

**Firm Property; Confidential Information**

You agree that all proprietary or confidential information concerning Lehman, its business or customers which you learned, received, or developed while an employee of Lehman is and shall remain the exclusive property of Lehman. You agree that you will not, without Lehman's express written consent, (1) disclose any of Lehman's confidential or proprietary information to any entities or individuals outside of Lehman, including to any competitors, the media, or other third parties, or (2) use such information for your own personal benefit or for the benefit of any individual or entity

Alexander Leytman
page 3

*Exhibit B*

other than Lehman. You further agree to return to Lehman any and all Lehman property that you possess, including Lehman confidential or proprietary information, within one week after your last day of active employment.

### Registration

If you are currently registered with Lehman, your registration will cease as of your last day of active employment. Once you join another firm, you should immediately contact the new firm's Registration Department to transfer your registrations, as the transfer does not occur automatically. Your new firm should have you complete a new U-4 form.

### Disparaging Remarks

You agree not to make any remarks now or at any time in the future to any third party, including to a client, a competitor, or the media, that could be detrimental in any way to Lehman or to individual directors or employees of Lehman. This does not restrict your ability to respond to any inquiry that you may receive from applicable regulatory authorities or to disclose information pursuant to subpoena or legal process.

### Future Cooperation

You agree to reasonably cooperate with Lehman, its financial and legal advisors and/or government officials in connection with any business matters in which you were involved or any claims, investigations, administrative proceedings or lawsuits which relate to your Lehman employment. Related travel and accommodation expenses will be reimbursed in accordance with Lehman's standard policies.

### Arbitration

Any controversy arising out of or relating to this agreement shall be submitted to arbitration pursuant to the constitution and rules of the Financial Industry Regulatory Authority (FINRA).

### Consultation with Attorney

You have been advised to consult with an attorney concerning this agreement and acknowledge that you have had ample opportunity to do so before signing.

### Separation Booklet

You acknowledge that you have received and reviewed a copy of the Firm's booklet, "Guide to Leaving Lehman Brothers."

### Employment Inquiries

It is the Firm's policy to provide only limited information to non-Lehman individuals or organizations. Verify Job System, the vendor retained to provide this information, will disclose dates of employment and your last job title. Requestors can access the verification system online at www.vjsus.com or by calling 800-800-4857. Requestors will need your Social Security number in order to verify your employment information for a nominal fee. This shall not restrict Lehman's ability to provide complete information with respect to your employment when expected to do so under applicable regulatory requirements.

Alexander Leytman
page 4

  *Exhibit B*

**Entire Agreement**

This agreement constitutes the entire agreement between the parties and cannot be altered except in writing signed by both parties. The terms of this agreement supersede any other oral or written arrangement between you and the Firm with respect to your employment or the separation of your employment by the Firm including but not limited to any entitlements you may have under the Firm's severance policy. Both parties acknowledge that no representations were made to induce execution of this agreement, which are not expressly contained in this agreement.

**Successorship; Controlling Law**

This agreement will be binding on Lehman and its successors and assigns and will also be binding on you, your heirs, administrators, executors and assigns. This agreement will be construed under the substantive law of the State of New Jersey, without regard to conflict of law principles.

**Period for Review and Consideration of Agreement**

You have been given a period of forty-five (45) days from the date of this letter to review and consider this agreement before signing it. Please return this document to my attention in one of the following ways:

| | |
|---|---|
| By Mail: | 1301 Avenue of the Americas<br>New York, NY  10019 |
| or by Fax: | (646) 758-5378 |
| or by E-Mail: | stdiamon@lehman.com |

You may use as much of this of forty-five (45) day period as you wish prior to signing. If you have not signed and returned this agreement by that date, you will not be eligible to receive the payments and benefits described in this agreement.

**Employee's Rights to Revoke Agreement**

You may revoke this agreement within seven (7) days of your signing it. Revocation can be made by delivering a written notice of revocation to my attention at the address noted above. If you revoke this agreement it shall not be effective or enforceable and you will not receive the payments described in this agreement.

Alexander Leytman
page 5

*Exhibit B*

**You acknowledge that you have read this agreement, understand it and are voluntarily entering into it.**

                                                 LEHMAN BROTHERS INC.

                                                 */s/ Stephanie Diamond*

                                                 Stephanie Diamond

*/s/ Alexander Leytman*
Alexander Leytman

9/14/08
Date

*Exhibit C*

# LEHMAN BROTHERS HOLDINGS INC.

September 30, 2008

Dear Mr. Leytman:

We are disappointed to inform you that as a result of the bankruptcy of Lehman Brothers Holdings Inc. and the placement of Lehman Brothers Inc. into a liquidation proceeding under the Securities Investor Protection Act (SIPA), Lehman Brothers is unfortunately no longer able to provide the salary continuation or other payments described in your separation agreement. As a result, you will not receive a payment on October 3, 2008 or thereafter.

You may continue to be covered under any current medical, dental and/or vision benefits through the end of your original salary continuation date as set out in your separation agreement. Because you will no longer receive salary continuation payments from which your employee contributions for these benefits can be deducted, you will be billed monthly for these costs. An invoice will be mailed to your home with instructions on how and when to return your payment. Your current coverage is in effect and will remain in place subject to timely payment of your contributions.

The cost to you for medical, dental and/or vision coverage will remain the same through December 2008 but may increase in the future. As of your termination date, you may be eligible to continue these benefits for up to 18 months under COBRA.

For other voluntary benefits you may be covered under, you will receive a mailing directly from the insurance carrier to continue your coverage on a direct bill basis (for example, MetLife Auto & Home, Mass Mutual Group Variable Universal Life Insurance, Hyatt Legal).

As a matter of federal law, the assets of the Lehman Brothers Savings Plan (401(k) plan) and Lehman Brothers Holdings Inc. Retirement Plan (pension plan) are protected from the claims of Lehman Brothers' creditors. Information about these entitlements is available through Fidelity NetBenefits at www.netbenefits.fidelity.com or by calling 1-866-534-6266.

If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process. At some point in the future, you will be receiving notification of the procedures for the filing of claims and the date by which the claims must be filed. A deadline for filing claims has not yet been set.

Also, if you have not yet done so, you may wish to apply for unemployment insurance benefits in your state. Information about applying for unemployment benefits is enclosed.

We recognize that this is difficult news and that you may have questions about this situation. Please call the Lehman Brothers HR Service Center at 212.526.2363. They can answer your questions or direct your call to someone who can.

Very truly yours,


LEHMAN BROTHERS HOLDINGS INC.

**Lehman Brothers Inc.**
745 Seventh Avenue
New York, NY 10019-6801

| | |
|---|---|
| Pay Group: | BW2-BiWeekly Exempt Employees |
| Pay Begin Date: | 09/07/2008 |
| Pay End Date: | 09/20/2008 |
| Business Unit: | IT |
| Advice #: | 4299822 |
| Advice Date: | 09/19/2008 |

Alexander Leytman
131 Greenwood Drive
Millburn, NJ 07041

| TAX DATA: | Federal | NJ State |
|---|---|---|
| Marital Status: | Single | Single |
| Allowances: | 1 | 1 |
| Addl. Pct.: | | |
| Addl. Amt.: | | |

Employee ID: 10203338
Department: 52459-FTG- Production Services
Location: 70 Hudson Street -11th Floor
Pay Rate: $100,000.00 Annual
SSN:

### HOURS AND EARNINGS

| Description | Begin Date | End Date | Rate | Current Hours | Current Earnings | YTD Hours | YTD Earnings |
|---|---|---|---|---|---|---|---|
| Reg Salary | | | 48.076923 | 80.00 | 3,846.15 | 1,360.00 | 70,769.17 |
| MLOA-Sal | | | | 0.00 | 0.00 | 160.00 | 2,307.68 |
| Bonus 2007 | | | | | 0.00 | | 7,010.01 |
| 07 RSU Bon | | | | | 0.00 | | 2,989.99 |
| Tax Grad | | | | | 0.00 | | 12,255.00 |

Total: 3,846.15   92,341.86

### TAXES

| Description | Current | YTD |
|---|---|---|
| Federal Tax | 786.20 | 16,105.52 |
| Medicare Tax | 55.74 | 1,330.56 |
| Social Security Tax | 238.37 | 4,634.13 |
| NJ Vol Dis/EE | 0.00 | 66.01 |
| NJ Unempl EE | 0.00 | 105.99 |
| NJ NJ HCSF | 0.00 | 0.00 |
| NJ NJ WDPF | 0.00 | 6.39 |
| NJ NJ SWAF | 0.00 | 4.85 |
| NJ Tax | 177.48 | 3,842.70 |

Total: 1,257.79   26,096.65

### BEFORE-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| Pre-Tax Dental | 4.00 | 72.00 |
| TMA/MassTransit ~ PreTx | 0.00 | 730.00 |
| TMA/Parking ~ PreTax | 0.00 | 1,360.00 |

Total: 4.00   2,162.00

### AFTER-TAX DEDUCTIONS

| Description | Current | YTD |
|---|---|---|
| TMA/MassTransit ~ AftTx | 0.00 | 210.00 |
| TMA Reimburse/Pkg | 0.00 | 1,530.00- |

Total: 0.00   1,320.00-

### EMPLOYER PAID BENEFITS

| Description | Current | YTD |
|---|---|---|
| Basic Life Ins-MetLif* | 2.50 | 45.00 |

* Taxable   0.00   0.00

| | TOTAL GROSS | FED TAXABLE GROSS | TOTAL TAXES | TOTAL DEDUCTIONS | NET PAY |
|---|---|---|---|---|---|
| Current: | 3,846.15 | 3,844.65 | 1,257.79 | 4.00 | 2,584.36 |
| YTD: | 92,341.86 | 77,969.86 | 26,096.65 | 842.00 | 65,403.21 |

MESSAGE:

### NET PAY DISTRIBUTION
Advice #000000004299822    2,584.36

---

# LEHMAN BROTHERS

Lehman Brothers Inc.
745 Seventh Avenue
New York, NY 10019-6801

Date: 09/19/2008

Advice No. 4299822

Deposit Amount: $2,584.36

To The Account(s) Of

ALEXANDER LEYTMAN
131 Greenwood Drive
Millburn, NJ 07041

### DIRECT DEPOSIT DISTRIBUTION

| Account Type | Account Number | Deposit Amount |
|---|---|---|
| Checking | 4900800635 | $2,584.36 |
| Total: | | $2,584.36 |

**NON-NEGOTIABLE**

