**BRUCE J. DUKE, LLC**
By: Bruce J. Duke, Esquire
4201 Grenwich Lane
Mt. Laurel, NJ 08054
(856) 701-0555 – Telephone
(609) 784-7823– Facsimile
Admitted *Pro Hac Vice*
Attorney for Municipal Securities
Rulemaking Board

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------x
In re                                                                    CHAPTER 11

**LEHMAN BROTHERS**                            CASE NO. 08-13555-JMP
**HOLDINGS INC.,** *et al.*,
                                                                         **(Jointly Administered)**
                    **Debtors.**
------------------------------------------------x

### RESPONSE AND OBJECTION OF CREDITOR MUNICIPAL SECURITIES RULEMAKING BOARD TO DEBTORS' TWO HUNDREDTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Municipal Securities Rulemaking Board ("MSRB"), by and through undersigned counsel, submits this response and objection to Debtors' Two Hundredth Omnibus Objection to Claims (No Liability Claims) ("Objection"), and in opposition thereto, represents as follows:

INTRODUCTION

1. MSRB is a quasi-governmental organization created by Congress in the 1970's as a self-regulatory organization that protects investors by promoting a fair and efficient municipal securities market. For its services, MSRB charges a fee.

1

2. The Objection challenges claim number 30588 filed by MSRB for fees related to its supervision of filings made by Debtors and Debtors' related companies on the basis that the fees incurred by MSRB was for LBI, not LBHI. MSRB submits this objection is misplaced.

3. The Objection to this claim should be overruled on the basis that LBHI is for all intents and purposes the alter ego of LBI and as such, cannot avoid the obligations of LBI or its affiliates.

## BACKGROUND

4. As a self-regulatory agency tasked with regulating the municipal securities market (including, of course, securities issued by Debtors), MSRB charges fees to ensure compliance with stated underwriting standards.

5. All fees charged were for underwriting activity and trade activity incurred by Debtors or Debtors' related companies. MSRB filed a proof of claim filed on or about September 22, 2009 in the amount of $204,286.31.

## ARGUMENT

6. A timely filed proof of claim constitutes *prima facie* evidence of the amount and validity of the claim. 11 U.S.C. §502 (a); *In re 183 Lorraine St. Assoc.* (Bankr. E.D.N.Y. 1996) 198 B.R. 16, 26.

7. Of course, LBHI is entitled to raise omnibus objections to claims as set forth in the bankruptcy rules. *See* F.R.B.P. 3007(d).

8. It is submitted by MSRB that LBHI it is the alter ego of LBI and as such LBHI is ultimately responsible for the obligations of LBI, including those of MSRB. LBHI is

attempting to construct an artificial distinction between it and LBI in order to avoid legitimate compensation claims of the MSRB.

9. A hearing is not required to dispose of an objection to a claim, rather, this Court may apply a summary judgment standard, especially, when as in the case *sub judice*, there are no genuine issues of material fact. *See, In re Manhattan Woods Golf Club Inc.*, 192 B.R. 80 (S.D.N.Y. 1996) (where the bankruptcy court disposed of a creditors claim raising a corporate veil-piercing argument, only after finding no genuine issue of material fact as to the veil piercing case).

10. Under New York law, in order to pierce the corporate veil of the parent corporation, it must be shown that (1) the parent corporation must have exercise such control that the subsidiary has become a mere instrumentality of the parent, which is the real actor; and (2) such control has been used to commit a wrong which would result in an unjust injury. *Wm. Passalacgua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 138 (2d Cir. 1991). Furthermore, courts may pierce the corporate veil in order to "achieve equity." *Gartner v. Snyder,* 607 F.2d 582, 586 (2d Cir. 1979) (*quoting Port Chester Elec. v. Atlas,* 40 N.Y.2d 652, 656, 389 N.Y.S.2d 327, 331, 357 N.E.2d 983, 986 (1976)).

11. Here, LBHI was not only the corporate parent of LBI, was the entity controlling LBI, and indeed, LBI would not have existed without the support and resources of LBHI. LBI was in fact a shell supported by the unlimited resources of LBHI. For example, LBI and LBHI shared the use of the same office or business location at 745 7th Avenue, 13th Floor, New York, NY 10019.

12. While MSRB does not necessarily allege fraud on behalf of LBHI, it does allege that it would be manifestly inequitable for its legitimate claims denied for the sole reason

that LBHI created an artificial wall to shield it from the liabilities of LBI.  It is well established that LBHI had an overwhelming impact and influence on all business transactions of LBI, and really served as a bank and financial overseer of LBI.

13.    LBHI's own documentation shows that it was closely integrated with LBI, that it lends to its operating subsidiaries (including LBI) each day and swept cash at the end of each day.  Furthermore, as between LBI and LBHI, excess cash was made available to LBHI, shortfalls were covered by LBHI, and a minimum $3 billion payable was maintained between LBI and LBHI to compensate for paymaster responsibilities of LBI.  At bottom, it is readily apparent that LBHI was a crucial and ongoing corporate parent, that it and LBI operated as a single economic entity such that it would be inequitable to uphold a legal distinction between them.  *Gartner at 586, citing Fletcher v. Atex, Inc., 68 F.3d 1451, 1458 (2d Cir. 1995)*.

14.    At the end of the day, MSRB realizes that the opportunity for it to receive reimbursement of its properly assessed fees to which charged and incurred in good faith is solely at the discretion of the court, however, MSRB submits that it would be wholly inequitable to punish it solely because of an artifice created by LBHI to purportedly shield it from just such liability.

WHEREFORE, Municipal Securities Rulemaking Board requests that the Debtors' Two Hundredth Objection to Claims (No Liability Claims) be denied as to MSRB only, that claim number 30588 be allowed in full, and for such other and further relief as this Court deems just and appropriate.

        Respectfully submitted
        BRUCE J DUKE, LLC


By:   /s/Bruce J. Duke
      Bruce J. Duke, Esq.
      4201 Grenwich Lane
      Mount Laurel, NJ 08054
      (856) 701-0555 –Telephone
      (609) 784-7823 Facsimile
      Attorney for Municipal Securities
      Rulemaking Board

Dated: October 13, 2011