HEARING DATE AND TIME: November 30, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 16, 2011 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED AND TWENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, KYLE J. ORTIZ, AT (212) 310-8392.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' TWO HUNDRED AND TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE** that on October 13, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their two hundred and twentieth omnibus objection to claims (the "Debtors' Two Hundred and Twentieth Omnibus Objection to Claims"), and that a

US_ACTIVE:\43832999\03\58399.0008

hearing (the "Hearing") to consider the Debtors' Two Hundred and Twentieth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 30, 2011 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred and Twentieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **November 16, 2011 at 4:00**

**p.m. (Eastern Time)** (the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred and Twentieth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred and Twentieth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 13, 2011
   New York, New York

             /s/ Robert J. Lemons
             Robert J. Lemons

             WEIL, GOTSHAL & MANGES LLP
             767 Fifth Avenue
             New York, New York 10153
             Telephone: (212) 310-8000
             Facsimile: (212) 310-8007

             Attorneys for Debtors
             and Debtors in Possession

**HEARING DATE AND TIME:** November 30, 2011 at 10:00 a.m. (Eastern Time)
**RESPONSE DEADLINE:** November 16, 2011 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                               :     Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :     08-13555 (JMP)
                                                    :
                    Debtors.                        :     (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' TWO HUNDRED AND TWENTIETH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED AND TWENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, KYLE J. ORTIZ, AT (212) 310-8392.**

---

US_ACTIVE:\43832999\03\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Preliminary Statement**

1. The proofs of claim listed on Exhibit A attached hereto (the "No Liability Claims") should be disallowed and expunged because the Debtors have no contractual relationship, privity, or other obligation to the claimants and, therefore, have no liability for the claims.

2. The No Liability Claims are all filed by holders of warrants (the "Warrant Holders") issued by the Malachite 2006-1 Trust ("Malachite"). Malachite is a special purpose vehicle formed to hold shares in a certain fund and issue warrants to investors. Lehman Brothers Finance S.A., Netherlands Branch ("LBFSA"), an affiliate of the Debtors, is party to a swap agreement (the "Swap Agreement") with Malachite, whereby LBFSA effectively guaranteed a minimum return on the fund shares to Malachite. LBHI issued a guarantee to Malachite of LBFSA's payment obligations under the Swap Agreement (the "Guarantee"). The Warrant Holders are not parties to the Swap Agreement or the Guarantee. The Debtors did not enter into a swap agreement, guarantee, or any other contract, with the Warrant Holders. Accordingly, the Debtors do not have a contractual relationship with and thus have no liability to the Warrant Holders.

**Relief Requested**

3. The Debtors file this two hundred and twentieth omnibus objection to claims (the "Two Hundred and Twentieth Omnibus Objection to Claims"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking the disallowance and expungement of the No Liability Claims on the grounds that the Debtors have no liability for said claims.

4. The Debtors reserve all their rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

6. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

8. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the

Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

9. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

10. On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors (as may be further modified from time to time, the "Plan") and a related disclosure statement (as may be further modified from time to time, the "Disclosure Statement"). The Disclosure Statement was approved by the Bankruptcy Court on August 30, 2011.

**The No Liability Claims Should Be Disallowed and Expunged**

11. The No Liability Claims should be disallowed and expunged because there is no contractual relationship between the Warrant Holders and the Debtors, and therefore the Debtors do not have liability to the Warrant Holders.

12. The Warrant Holders are not a party to the Swap Agreement or the Guarantee and nothing in any of the documents related to the formation of Malachite, the issuance of the Warrants or the terms of the Warrants or the Swap Agreement provide any basis for a Warrant Holder to assert a claim against LBHI based on its Guarantee of the Swap Agreement. There is simply no legal basis for the Warrant Holders to be entitled to assert a claim against LBHI. At best, the Warrant Holders may be creditors of Malachite, an alleged creditor of LBHI. A proof of claim on behalf of Malachite asserting amounts allegedly owed under the Guarantee was already filed against LBHI by U.S. Bank National Association, as owner trustee for Malachite. See Claim No. 23469.

13. Section 502(b)(1) of the Bankruptcy Code provides that a claim is deemed allowed except to the extent that it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A claim is defined as a "right to payment." 11 U.S.C. § 101(5). The Warrant Holders have no contractual relationship with, and thus no enforceable right to payment against, LBHI. If LBHI has any liability arising out of the Swap Agreement or the Guarantee, then that liability is only to Malachite, the counterparty with which the Swap Agreement and the Guarantee were made.

14. Unless the No Liability Claims are disallowed and expunged, the potential exists for recoveries by parties that do not hold valid claims against the Debtors' estates, as well as the potential for double payments by LBHI on the same contractual liability if both the claim filed on behalf of Malachite and the No Liability Claims are allowed. Thus, the Debtors request that the Court enter an order disallowing and expunging the No Liability Claims listed on <u>Exhibit A</u>.

## Notice

15. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Two Hundred and Twentieth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for Region 2; (vi) each claimant listed on <u>Exhibit A</u>; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: October 13, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 220: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | LOEBER MOTORS INC.<br>4255 W. TOUHY AVE.<br>LINCOLNWOOD, IL 60712 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/17/2009 | 8533 | $118,755.00 |
| 2 | MOORE, WALTER T.<br>715 EAST BROW RD<br>LOOKOUT MOUNTAIN, TN 37350 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25268 | $107,750.00 |
| | | | | | TOTAL | $226,505.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                                  :    Chapter 11 Case No.
                                                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                           :
                            Debtors.                                         :    (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED AND TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred and twentieth objection to claims, dated October 13, 2011 (the "Two Hundred and Twentieth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims on the grounds that they assert claims for which the Debtors have no liability, all as more fully described in the Two Hundred and Twentieth Omnibus Objection to Claims; and due and proper notice of the Two Hundred and Twentieth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for Region 2; (vi) the claimants listed on Exhibit A attached to the [Number] Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred and Twentieth Omnibus Objection to Claims.

entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and the Court having found and determined that the relief sought in the Two Hundred and Twentieth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred and Twentieth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred and Twentieth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Liability Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: November __, 2011
      New York, New York

                                                             UNITED STATES BANKRUPTCY JUDGE