HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 13, 2010 at 4:00 p.m. (Eastern Time)

Steve Jakubowski
THE COLEMAN LAW FIRM
77 West Wacker Dr., Suite 4800
Chicago, Illinois 60601
Telephone: (312) 606-8641
Facsimile: (312) 444-1028
sjakubowski@colemanlawfirm.com

Attorney for Frank M. Paris,
Claimant No. 30440

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                                   :

In re                                                         :          Chapter 11 Case No.
                                                          :

LEHMAN BROTHERS HOLDINGS INC., *et al.* :     08-13555 (JMP)
                                                          :
                                                          :
                                  Debtors.      :          (Jointly Administered)
                                                          :
-------------------------------------------------------------x

**RESPONSE OF FRANK M. PARIS IN OPPOSITION TO DEBTORS' 187TH
OMNIBUS OBJECTION TO CLAIMS AS MISCLASSIFIED SECURED CLAIMS**

      Frank M. Paris ("Paris"), by and through his attorneys, files this response in opposition to the specific objection contained in the 187th omnibus objection of Lehman Brothers Holdings, Inc. and its affiliated debtors (the "Debtors") to Claim No. 30440 (the "Claim") filed by Paris. In support thereof, Paris states as follows:

**Background**

     1.      Paris is a party to a prepaid forward contract (the "MBFI Prepaid Contract" or "Contract") with Lehman Brothers OTC Derivatives, Inc. ("LOTC"), dated March 26, 2008

relating to 300,000 shares of MB Financial, Inc. ("MBFI").  A copy of the MBFI Prepaid Contract is attached to the Claim filed with the Court.[1]

2. The MBFI Prepaid Contract was not terminated by either Paris or LOTC and settled out by its terms on or about August 15, 2009 (the "Termination Date").

3. Under the MBFI Prepaid Contract, LOTC prepaid Paris $8,832,900 at inception of the Contract and agreed to pay an additional amount on the Termination Date to the extent that the price of MBFI's stock exceeded the "forward floor price" of $36.20, up to the "forward cap price" of $47.138.

4. As collateral for this prepayment, Paris posted as collateral 300,000 shares that it owned of MBFI (the "Collateral Shares").  Evidence of Paris's ownership of the Collateral Shares on the Petition Date is established by Paris's "Derivative Collateral Account" statement at August 31, 2008, a copy of which is attached to the Claim filed with the Court, showing that the existence of the Collateral Shares in a "Derivative Account" at Lehman Brothers, Inc., titled in the name of Paris.

5. The MBFI Prepaid Contract provided that the "default settlement method" on the Termination Date would occur through "physical settlement," whereby ownership of the Collateral Shares would automatically be transferred from to LOTC.  (*See* Contract at p. 3.)

6. As is customary in the industry and permitted under the MBFI Prepaid Contract,[2] in the event money was due to Paris upon termination of the MBFI Prepaid Contract, "physical settlement" of amounts due Paris would be settled by Paris's transferring to LOTC a net number

---

[1] Contrary to the assertions in the Claim Objection, Paris included ample detail and documentary support for the setoff rights that secure the Claims.

[2] Additionally, in the "Schedule" to the ISDA Master Agreement (the "ISDA Schedule"), a copy of which is attached in the response to the Derivative Questionnaire, LOTC acknowledged the right of Paris "to set-off or apply any obligation of [Paris] owed to [LOTC or its affiliates] … against any obligation of [LOTC or its affiliates] owed to [Paris].  *See* ISDA Schedule, Part V.

2

of Collateral Shares due after accounting for offsetting amounts due to Paris (with the number of offsetting shares calculated based on the amount due Paris divided by the market price per share of the Collateral Shares on the Termination Date).

7. On the Termination Date, MBFI was trading at a price below the "forward floor price." As a result, on the Termination Date, no amounts were due Paris on account of the settlement of the Contract itself and Paris's Claim does not include any amounts owing for settlement of the Contract itself.

8. The Contract provided that Paris was entitled to retain $54,000 in quarterly dividends paid by MBFI on the Collateral Shares. Paris, however, never received the $216,000 in aggregate dividends (the "Unpaid Dividends") he was entitled to receive for the record dates of November 14, 2008, February 14, 2009, May 14, 2009, and August 14, 2009. Paris's Claim includes this claimed amount for Unpaid Dividends, which is asserted by way of setoff against amounts due LOTC under the Contract.

9. Bankruptcy Code section 506(a)(1) provides in relevant part:

> An allowed claim of a creditor … that is subject to setoff under section 553 of this title is a secured claim … to the extent of the amount subject to setoff.

10. Bankruptcy Code section 553 provides in relevant part:

> [T]his title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under the title against a claim of such creditor against the debtor that arose before the commencement of the case under this title.

11. Bankruptcy Code section 560 of the Bankruptcy Code provides, in relevant part:

> The exercise of any contractual right of any swap participant … to offset or net out any termination values or payment amounts arising

3

under or in connection with the termination, liquidation, or acceleration of one or more swap agreements shall not be stayed, avoided or otherwise limited by operation of any provision of this title or by order of a court.

12. Both the obligation of Paris to physically deliver the Collateral Shares to LOTC on the Termination Date and the obligation of LOTC to pay Paris the Net Settlement Amount on the Termination Date constituted mutual debts owed from one to the other that arose prepetition. In addition, the plain language of Bankruptcy Code section 560 allows Paris to exercise his contractual setoff rights regardless of any limitations that may be imposed on such rights under Bankruptcy Code section 553.

13. To the extent that LOTC took physical delivery of the Collateral Shares (or received an equivalent value from the liquidation of those shares after the Termination Date, against which amounts Paris asserts a constructive trust and other equitable rights of ownership), Paris asserts a setoff right against those Shares or their equivalent value in the amount of $216,000, plus interest and fees.[3]

14. To establish the precise manner in which Paris's setoff rights may be exercised under the MBFI Prepaid Contract, Paris will need to obtain limited discovery from the Debtors and their affiliates to determine, among other things, what happened to the Collateral Shares (which appear to no longer reside in Paris's Derivative Collateral Account) and what benefit or value LOTC or any of its affiliates obtained from the liquidation of the Collateral Shares.

15. Paris, therefore, respectfully requests that the Court deny the objection and (A) allow the parties to meet and confer under Rule 9014 (which incorporates Bankruptcy Rule

---

[3] The supporting ISDA Master Agreement (the "ISDA Agr.") between LOTC and Paris dated as of July 30, 2007, a copy of which is attached in the response to the Derivative Questionnaire, further allowed Paris to obtain in the event of a breach of the Prepaid Contract (including failure to remit amounts due on the Termination Date) both (i) compound default interest (ISDA Agr. ¶2(e)) (ii) reasonable attorneys (ISDA Agr. ¶11). These amounts are additionally claimed against LOTC as subject to Paris's rights of setoff against the Collateral Shares or their equivalent value.

7026) regarding the scope of discovery requested, the identity of persons having knowledge relevant to Paris's asserted setoff rights, and the time needed for the Debtors to reasonably comply with Paris's discovery requests, (B) report back to the Court within 28 days with a projected discovery schedule, and (C) set a status hearing after the close of discovery in which the parties identify for the Court the factual and legal matters in dispute so that a pre-trial scheduling order may be entered for resolution of these disputed matters.

Dated:  October 13, 2011          FRANK M. PARIS

By:  /s/ Steve Jakubowski
      One of Its Attorneys

Steve Jakubowski (admitted *pro hac vice*)
THE COLEMAN LAW FIRM
77 West Wacker Drive, Suite 4800
Chicago, IL  60601
Tel:   (312) 606-8641
Fax:  (312) 444-1028
sjakubowski@colemanlawfirm.com