WHITE AND WILLIAMS LLP
Sedgwick M. Jeanite, Esq.
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone: (212) 631-4413
Telecopier: (212) 244-6200
jeanites@whiteandwilliams.com

*Counsel For Carol Bunevich*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————x
In re:                                                    :    CHAPTER 11
                                                          :
LEHMAN BROTHERS HOLDINGS INC., et al. :    Case No. 08-13555 (JMP)
                                                          :
                            Debtors.              :    (Jointly Administered)
———————————————————————x

## RESPONSE OF CAROL BUNEVICH
## TO DEBTORS ONE HUNDRED NINETY-EIGHTH OMNIBUS OBJECTION AND IN
## SUPPORT OF AN ORDER TO PERMIT LATE FILING OF HER PROOF OF CLAIM
## PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1)

Claimant Carol Bunevich ("Bunevich"), by and through her undersigned counsel, hereby

submits this Response and the Accompanying Affidavit of Carol Bunevich (i) in opposition to

the One Hundred Ninety-Eighth Omnibus Objection of the Debtors and (ii) to Permit Late Filing

of Her Proof of Claim pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) (the

"Response"). In support of the Response, Bunevich respectfully states as follows:

### PRELIMINARY STATEMENT

On or about July 1, 2009, September 10, 2009 and January 26, 2010, Bunevich

purchased several foreign bonds issued by Lehman Brothers Holdings Inc. and/or its twenty-two

additional affiliates (the "Debtors"). As stated in the Affidavit of Bunevich sworn to on

October 7, 2011 and attached hereto as Exhibit A, Bunevich did not receive actual notice of the

claims bar date of September 22, 2009 or November 2, 2009, nor was she represented by

counsel at that time.

Upon learning during the Summer of 2011 that no European or foreign trustee has filed a master proof of claim regarding the foreign bonds issued by the Debtors, Bunevich promptly retained counsel. Thereafter, on or about July 29, 2011, counsel for Bunevich promptly filed a proof of claim in the Debtors' bankruptcy action on her behalf (the "Bunevich Proof of Claim"). A copy of the Bunevich Proof of Claim is attached as Exhibit 1 to the Affidavit of Bunevich which is attached hereto. On or about September 15, 2011, Bunevich received the Debtors' One Hundred Ninety-Eighth Omnibus Objection to Claims, in which the Debtors seek to expunge or disallow several claims, including the Bunevich Proof of Claim.

Bunevich respectfully requests that pursuant to Federal Bankruptcy Procedure 9006(b)(1), and in light of the circumstances described below, this Court should enter an order denying the Debtors' Omnibus Objection as to the Bunevich Proof of Claim and permitting the late filing of the Bunevich Proof of Claim because (i) Bunevich did not acquire her interest in certain securities of the Debtors until late 2009 and early 2010, (ii) Bunevich did not receive actual notice of the Claims bar dates, (iii) the Bunevich Proof of Claim will cause no material prejudice to the Debtors, (iv) the length of delay and impact on the proceedings are negligible; (v) the delay in filing the Bunevich Proof of Claim is excusable; and (vi) Bunevich acted in good faith.

### FACTS

1.      On July 2, 2009, this Court entered an order, which, among other things, set forth September 22, 2009 (the "Bar Date") as the deadline to file proofs of claim against the Debtors in these chapter 11 cases (the "Bar Date Order"), except for claims arising from the Lehman Programs Securities (as such term was defined in the Bar Date Order).

2.     Bunevich is an individual investor in several bonds of the Debtors in her investment accounts, which bonds consist of both domestic and foreign bonds issued by the Debtors. (See Affidavit of Bunevich ¶ 1).

3.     The Debtors' bonds were purchased by Bunevich over the course of several months, including on or about July 1, 2009, September 10, 2009, and January 26, 2010. (See Affidavit of Bunevich ¶¶ 5, 6).

4.     The bonds were purchased under the assumption that a master proof of claim was filed on behalf of the foreign bondholders as was filed by The Wilmington Trust, as Indenture Trustee on behalf of certain domestic bondholders. (See Affidavit of Bunevich ¶¶ 7, 13).

5.     Bunevich did not receive actual notice of the claims bar date of September 22, 2009 or November 2, 2009. (See Affidavit of Bunevich ¶ 14).

6.     It was not until recently, during the Summer of 2011, that Bunevich learned for the very first time about the actual Bar Date Order, and that the trustee for the foreign bonds of the Debtors did not file a proof of claim on behalf of the bondholders. At that time, Bunevich realized that her claim against the Debtors regarding foreign bonds which she owned may not be accurately accounted for in the Debtors' bankruptcy. (See Affidavit of Bunevich ¶ 8).

7.     On July 29, 2011, Bunevich filed the Bunevich Proof of Claim. On September 15, 2011, the Debtors served their One Hundred Ninety-Eighth Omnibus Objection to Claims, seeking to expunge or disallow, among other claims, the Bunevich Proof of Claim.

## RELIEF REQUESTED

8.     Bunevich submits this Response and the accompanying Affidavit of Carol Bunevich and hereby requests that the Court deny the Debtors' One Hundred Ninety-Eighth Omnibus Objection and pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) allow the late filing of the Bunevich Proof of Claim in the Debtors' bankruptcy.

8229956v.1

## JURISDICTION

9.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

## LEGAL ARGUMENT

10.     Fed.R.Bankr.P. 9006(b)(1) provides as follows:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an
> act is required or allowed to be done at or within a specified period by
> these rules or by a notice given thereunder or by order of court, the court
> for cause shown may at any time in its discretion (1) with or without
> motion or notice order the period enlarged if the request therefor is made
> before the expiration of the period originally prescribed or as extended by
> a previous order or (2) on motion made after the expiration of the
> specified period permit the act to be done where the failure to act was the
> result of excusable neglect.

11.     Bankruptcy Court Rule 9006(b)(1) authorizes the Court, in its discretion, to

permit the filing of an untimely proof of claim where the delay is the result of "excusable

neglect."  See Pioneer Ins. Servs. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 113 S.Ct.

1489, 123 L.Ed.2d 74 (1993).  The Pioneer Court held, among other things, that: (i) neglect in

such context encompasses inadvertence, mistake, or carelessness, as well as intervening

circumstances beyond the party's control; and (ii) whether such neglect is "excusable" is an

equitable matter, taking account of all relevant circumstances surrounding the party's omission.

Id. at 388, 395.  The Court noted that, for purposes of Bankruptcy Rule 9006(b), excusable

neglect is a somewhat "elastic concept" and is not limited strictly to omissions caused by

circumstances beyond the control of the movant.  Id. at 392.  Furthermore, the Court noted that

because Congress has provided no other guideposts for determining what sorts of neglect will be

considered "excusable," we conclude that the determination is, at bottom, an equitable one,

taking account of all relevant circumstances surrounding the party's omission.  Id. at 395.

-4-

12.     The Pioneer Court also established four factors to be considered: (1) danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the claimant's reasonable control; and (4) whether the claimant acted in good faith. Id. at 396.

13.     The "excusable neglect" test is a balancing test of several factors. Not all the factors must weigh in favor of the movant for the relief to be granted. See In re Enron Corp., 2003 Bankr. LEXIS 2110, at *11-12 (Bankr. S.D.N.Y. July 30, 2003) ([t]he relative weight, however, to be accorded to the factors in Pioneer requires recognizing that not all factors need to favor the moving party). Furthermore, the decision whether to grant relief regarding an untimely proof of claim rests within the Bankruptcy Court's discretion. See In re Enron Corp., 419 F.3d 115, 125 (2d Cir. 2005) (the discretion of a bankruptcy court to allow or disallow late filed claims is well-established).

14.     In Enron, the court balanced the four Pioneer factors and held that excusable neglect was present, despite the fact that the reason for the delay was not in the movant's favor. See In re Enron Corp., 2003 Bankr. LEXIS 2110, at *5-6. There, the creditor filed its proof of claim nine days after the bar date, arguing that it had received inadequate notice. The court held that despite the fact there was adequate notice given, the creditor was entitled to file a late proof of claim because there was no danger of prejudice to the debtors, the length of delay was minimal and the creditor had acted in good faith. Id.

15.     Likewise, when analyzed here in Bunevich's circumstance, the Pioneer factors support a finding that excusable neglect is present, and accordingly, this Court should deny the Debtors' Omnibus Objection with respect to the Bunevich Proof of Claim.

16.     First, the Debtors will not be prejudiced by the allowance of the Bunevich Proof of Claim. Although the Debtors filed a revised plan of reorganization and disclosure statement

-5-

on April 15, 2010, the Debtors are conducting a comprehensive review of the thousands of claims that have been filed and the claims resolution process is far from completed. It is difficult to see how a short delay in the receipt and review of the Bunevich Proof of Claim would prejudice the Debtors or their creditors. The present circumstance clearly shows that there is a complete absence of prejudice to the Debtors in allowing the Bunevich Proof of Claim.

17.    In addition, permitting the Bunevich Proof of Claim to stand in the Debtors' bankruptcy action would not open the proverbial floodgates. The Bunevich Proof of Claim is distinguishable from those claims addressed in this Court's prior orders regarding late filed proof of claims. Unlike Bunevich, very few claimants purchased their interest in the foreign Lehman Bonds after the issuance of the Bar Date Order and very few purchased their interest in the foreign Lehman Bonds after the Securities Program Bar Date had passed. Thus, it is very unlikely that there exist many more claims based on similar facts as described in this Response and the accompanying Affidavit of Bunevich. See In re Beltrami Enters., Inc., 178 B.R. 389, 392 (Bankr. M.D. Pa. 1994) (rejecting floodgates argument where there was no evidence that "hordes of claimants" would file claims). Any hypothetical floodgates argument that may be raised by the Debtors would not constitute prejudice. See In re O'Brien Envtl. Energy, 188 F.3d 116, 127 (3d Cir. 1999) ("[P]rejudice is not an imagined or hypothetical harm . . . .").

18.    Furthermore, the claim amount in the Bunevich Proof of Claim is, in the context of this Chapter 11 proceeding, insignificant. See In re XO Communications, Inc., 301 B.R. 782 (Bankr. S.D.N.Y. 2003) (allowing late claim would not disrupt plan process, given the small size of claim). The Bunevich Proof of Claim is for $1,778,361.31 whereas the total amount of claims filed against the Debtors is more than $830 billion.

19.    Even assuming, arguendo, that the Bunevich Proof of Claim would affect the funds available to the other creditors, the Second Circuit has found this factor to be of "no

weight" in the determination of prejudice to the debtor. In re Enron, 419 F.3d 115, 130 (2d Cir. 2005) (court had "more in mind than a simple dollar-for-dollar depletion of assets otherwise available for timely filed claims ... Otherwise, virtually all late filings would be condemned by this factor ...") (internal citations omitted). Because there is no actual harm to the Debtors, any hypothetical harm alleged by the Debtors will not constitute prejudice. In re O'Brien Environmental Energy, 188 F.3d 116, 127 (3d Cir. 1999) ("Prejudice is not an imagined or hypothetical harm ..."). Under the present circumstances, there is no danger of prejudice to the Debtors if this Court allows the Bunevich Proof of Claim.

20.     Second, there has not been and there will not be any delay in the bankruptcy proceedings. In fact, the allowance of the Bunevich Proof of Claim will not have any affect on the administration of the Debtors' bankruptcy case. The Debtors continue to review and evaluate proofs of claim, and only recently filed their Objection to the Bunevich Proof of Claim, to which Bunevich is filing this Response. Thus, the Bunevich Proof of Claim has not delayed and will not delay the proceedings in any measurable way. In Re Enron, 2003 WL 21756785, at *5 (allowing a late claim would have no "impact on judicial proceedings"). Additionally, the allowance of the Bunevich Proof of Claim will have no discernable effect on the plan process or disrupt the judicial administration of this bankruptcy case in any way. See, e.g., Pioneer, 507 U.S. at 398-99 (permitting filing proof of claim twenty days after bar date); In re Sage-Dey, Inc., 170 B.R. 46, 52-53 (Bankr. N.D.N.Y. 1994) (permitting filing of proof of claim six months after bar date); In re Beltrami, 178 B.R. at 392 (permitting filing of claim two years after bar date).

21.     Third, and perhaps most significantly, the delay in filing the Bunevich Proof of Claim is reasonable and excusable. The present circumstance was absolutely unforeseen by Bunevich and an adverse result would be absolutely unfair. This is an exceptional circumstance, which falls within the legal concept of excusable neglect. Bunevich's delay in filing the

-7-

Bunevich Proof of Claim is based on, among other things, (i) the mistaken impression that holders of foreign bonds of the Debtors would be represented by a trustee from Europe,[1] and (ii) the fact that Bunevich did not receive adequate notice that a proof of claim was required with respect to the foreign bonds of the Debtors which she owned. See Affidavit of Bunevich ¶¶ 13, 14.

22.    Upon learning during the Summer of 2011 that neither a European nor a foreign trustee had filed a master proof of claim regarding foreign bonds issued by the Debtors, Bunevich promptly retained counsel and filed the Bunevich Proof of Claim in the Debtors' bankruptcy. See Affidavit of Bunevich ¶¶ 8, 9. Here, the delay was further caused by Bunevich becoming a holder of certain foreign securities issued by the Debtors shortly before the Bar Date and additional foreign securities of the Debtors after the Bar Date. See Affidavit of Bunevich ¶¶ 23. Thus, the delay in filing the Bunevich Proof of Claim is excusable based on the fact that Bunevich did not receive notice of the Bar Date Order and that no European or foreign trustee filed a proof on claim form on behalf of the holders of foreign bonds issued by the Debtors.

23.    The Pioneer court recognized that excusable neglect is "not limited strictly to omissions caused by circumstances beyond the control of the movant." See Pioneer, 507 U.S. at 388 ("Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control"). The facts detailed in the Affidavit of Bunevich, especially those facts regarding when the foreign bonds were purchased, clearly support Bunevich's request to permit the late filing of her proof of claim. Thus, Bunevich's delay in

---

[1]    The European or foreign trustee, presumably, would have filed a master proof of claim in the Debtors' bankruptcy on behalf of all foreign bondholders of the Debtors. Thus, Bunevich would not be required to file a claim in the Debtors' bankruptcy.

8229956v.1

filing the Bunevich Proof of Claim clearly represents a circumstance beyond her control, as well as an inadvertent mistake by someone who was not represented by counsel at that time.

24.     This Court has noted the unprecedented complexity of this bankruptcy case and the claims procedure, particularly with regard to the Debtors' securities, in granting permission to file late claims. In fact, this Court has allowed other parties involved in this bankruptcy to file late claims. See Bench Decision dated December 14, 2009, Order Deeming PB Capital's Proof of Claim Timely Filed dated December 17, 2009 (Docket No. 6284), and Order Deeming Banesco's Claim to be Timely Filed dated December 22, 2009 (Docket No. 6333). Similarly, here, the delay by Bunevich in fling the Bunevich Proof of Claim was justified.

25.     Finally, Bunevich clearly acted in good faith in all respects. Except for the short period prior to the bar dates, Bunevich had no interest in or connection to the foreign securities issued by the Debtors. In fact, Bunevich did not obtain an interest in certain foreign securities issued by the Debtors until (i) shortly before the bar dates and (ii) after the bar dates. See Affidavit of Bunevich ¶ 23. As soon as Bunevich learned about the Bar Date Order, and that a master proof of claim had not been filed on behalf of the holders of the foreign bonds of the Debtors, she promptly retained counsel, completed her proof of claim form and sent them by Federal Express to Epiq Bankruptcy Solutions. See Affidavit of Bunevich ¶ 17. It is unfair to disallow or expunge the Bunevich Proof of Claim with respect to those foreign bonds of the Debtors purchased after the Securities Program Bar Date since it was impossible for Bunevich to file a proof of claim for those foreign bonds prior to her ownership of the bonds. See Affidavit of Bunevich ¶ 23. Bunevich acted promptly and diligently in completing the form, despite the fact that she incorrectly believed that the proof of claim form was not required.

26.     In the case at bar, an application of the Pioneer factors compels the conclusion that the Bunevich Proof of Claim should be allowed in the Debtors' bankruptcy action.

-9-

## MEMORANDUM OF LAW

27.    Because the legal points and authorities upon which this Response relies are incorporated herein, Bunevich respectfully requests that the requirement of serving and filing of a separate memorandum of law pursuant to Rule 9013-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York be deemed satisfied.

## NO PRIOR REQUEST

28.    No prior motion or other pleading has been filed by Bunevich requesting the relief sought in this Response before this Court or any other court.

## CONCLUSION

29.    For the foregoing reasons, Bunevich respectfully requests that this Court: (i) deny the Debtors' Omnibus Objection as to the Bunevich Proof of Claim; (ii) deem the Bunevich Proof of Claim to be timely filed under Bankruptcy Rule 9006(b); and (iii) grant such further relief as is appropriate.

Dated:    October 13, 2011

WHITE AND WILLIAMS LLP

By: _Sedgwick M. Jeanite_

Sedgwick M. Jeanite, Esq.
*Counsel for Carol Bunevich*
One Penn Plaza, Suite 4110
New York, NY 10119
Telephone:  (212) 631-4413
Email:  jeanites@whiteandwilliams.com

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————x
In re:                                              :        CHAPTER 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al. :             Case No. 08-13555 (JMP)
                                                    :
                    Debtors.                        :        (Jointly Administered)
———————————————————————————x

<div align="center">

**AFFIDAVIT OF CAROL BUNEVICH**
**IN RESPONSE TO DEBTORS ONE HUNDRED NINETY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS AND IN SUPPORT OF**
**AN ORDER PERMITTING THE LATE FILING OF HER PROOF OF CLAIM**

</div>

STATE OF _NEW YORK_  )
                                        ): ss
COUNTY OF _NEW YORK_  )

CAROL BUNEVICH, being duly sworn, deposes and says:

1.      I am an individual investor in several bonds of Lehman Brothers Holdings Inc.

("LBHI") in my investment accounts.

2.      I submit this Affidavit in support of my Response to the Debtors' One Hundred

Ninety-Eighth Omnibus Objection and for entry of an order pursuant to Rule 9006(b)(1)

permitting me to file a late proof of claim in the LBHI Bankruptcy (defined below).

3.      On September 15, 2008, LBHI filed a voluntary petition for relief in the Southern

District of New York (the "LBHI Bankruptcy") under Chapter 11 of Title 11 of the Unites States

Code (the "Bankruptcy Code").  Subsequently, twenty-two (22) additional affiliates of LBHI

(together with LBHI, the "Debtors") filed petitions for relief under the Bankruptcy Code.

4.      On July 2, 2009, this Court entered an Order (the "Bar Date Order"), establishing

the following bar dates:  (1) a September 22, 2009 bar date for filing unsecured claims (the

"General Claims Bar Date"), and (2) a November 2, 2009 bar date for filing claims arising out of

described program securities (the "Securities Program Bar Date"). Thereafter, the Debtors filed

the Lehman Programs Securities list identifying all of the securities which are the subject of the

LBHI Bankruptcy.

5.    Over the course of several months, I purchased several domestic and foreign

bonds of the Debtors.

6.    Specifically, on or about July 1, 2009, September 10, 2009, and January 26, 2010,

I purchased several foreign bonds of the Debtors.

7.    I understand that my claim pertaining to the domestic bonds of the Debtors that I

own are covered by a Master Proof of Claim filed by The Wilmington Trust, as Indenture

Trustee on behalf of certain domestic bondholders.

8.    However, it was not until recently, during the Summer of 2011, that I learned for

the very first time about the actual Bar Date Order, and that the trustee for the foreign bonds of

the Debtors did not file a proof of claim on behalf of all bondholders. Only then did I realize that

my claim pertaining to the foreign bonds of the Debtors that I own may not be accurately

reflected in the LBHI Bankruptcy.

9.    As a result, I promptly retained counsel and gathered all of the necessary

documentation to file my proof of claim. On July 29, 2011, my attorneys filed my proof of claim

in the LBHI Bankruptcy (the "Bunevich Proof of Claim"), Claim Number 67591, a copy of

which is attached hereto as Exhibit 1.

10.    On or about September 15, 2011, my attorneys and I received a copy of the

Debtors One Hundred Ninety-Eighth Omnibus Objection to claims (Late-Filed Claims).

Therein, the Debtors seek to disallow and expunge certain filed proofs of claim.

-2-

11.      I respectfully request that the Court deny the Debtors' Ninety-Eighth Omnibus
Objection as it relates to the Bunevich Proof of Claim.

12.      The present circumstance was unforeseen by me and the result is absolutely
unjust. This is an exceptional circumstance, which I believe falls within the legal concept of
excusable neglect.

13.      First, as stated above, I was under the impression that holders of foreign bonds of
the Debtors would be represented by a trustee from Europe. That trustee, presumably, would file
one master Proof of Claim in the LBHI Bankruptcy on behalf of all foreign bondholders of the
Debtors. However, I have since learned that no proof of claim was filed concerning the foreign
bonds by any such trustee. Thus, I respectfully request that this Court deem the Bunevich Proof
of Claim as a timely filed proof of claim.

14.      To the best of my knowledge, at no time did I receive any notice from the Debtors
requiring me to file a proof of claim in the LBHI Bankruptcy regarding the foreign bonds of the
Debtors that I own. Thus, I should be permitted to file a late proof of claim due to the failure of
the Debtors and their counsel to provide me with proper notice of the Bar Date Order.

15.      Second, the delay and potential impact on the judicial proceedings is
inconsequential. Clearly, the claim resolution process is far from complete, so the delay in the
receipt of the Bunevich Proof of Claim will not prejudice the Debtors or the plan of
reorganization. Furthermore, the Debtors are continuing to review and resolve numerous proof
of claim forms every month. Permitting the Bunevich Proof of Claim to be considered timely
filed in the LBHI Bankruptcy at this time given the facts and circumstances of my case, will not
delay the bankruptcy proceedings in any way.

16.     Third, there is a complete absence of prejudice to the Debtors in allowing the

Bunevich Proof of Claim. The Debtors are clearly on notice of all claims against them as they

relate to the domestic and foreign issued bonds of the Debtors. In addition, the claims review

process is still in its preliminary stages and the Debtors are still reviewing hundreds if not

thousands of claims that have been filed.[1] Clearly, there remains several open and unresolved

issues between the Debtors and its bondholders as they relate to claims asserted against the

Debtors. Therefore, permitting the Bunevich Proof of Claim will not prejudice the Debtors in

any way and is a fair exercise of this Court's broad discretion.

17.     Fourth, I have operated in good faith in the LBHI Bankruptcy. Upon learning that

no European or foreign trustee had filed a master proof of claim regarding foreign bondholders, I

promptly retained counsel and filed the Bunevich Proof of Claim in the LBHI Bankruptcy. The

Debtors cannot dispute that I have submitted a proof of claim form that complies in all respects

with the ordinary requirements of case law, the Bankruptcy Code, and the Bankruptcy Rules, so

as to constitute evidence of the validity and amount of the claim.

18.     Therefore, the delay in filing the Bunevich Proof of Claim is excusable based on

the fact that I did not receive any notice advising me to file a proof of claim in the LBHI

Bankruptcy and that no European or foreign trustee filed a Proof on Claim form on behalf of the

holders of foreign bonds issued by the Debtors.

19.     In addition, it would be unduly harsh to deny the Bunevich Proof of Claim and

there is no justification for such a result in the LBHI Bankruptcy. In this instance, the lack of

prejudice to the Debtors, my explanation for not timely filing the Bunevich Proof of Claim,

---

[1]     In the Bunevich Proof of Claim, I assert a claim in the amount of $1,778,361.31. Putting this amount in
perspective, this Court need only look at the report prepared by LBHI's financial advisors which reflects
that approximately $860 billion in total claims have been filed against the Debtors.

-4-

combined with the good faith established by me weigh strongly in favor of this Court issuing an order allowing the Bunevich Proof of Claim in the LBHI Bankruptcy.

20.     The Debtors should not be absolved from their obligations solely because certain bondholders were not aware of or did not receive notice that they were required to file a proof of claim in the LBHI Bankruptcy.

21.     The Debtors are undeniably aware of the outstanding amounts due under all of their bonds, including their foreign bonds, and should not be permitted to discharge the claim of creditors who did not receive notice of the Bar Date Order.

22.     Furthermore, this Response is critically distinguishable from those motions addressed in this Court's prior orders and/or opinions addressing late filed proof of claims.  To my knowledge, very few claimants purchased their interest in the foreign Lehman Bonds after the issuance of the Bar Date Order and very few purchased their interest in the foreign Lehman Bonds after the Securities Program Bar Date had passed.

23.     A review of the supporting documentation attached to the Bunevich Proof of Claim (see Exhibit 1), and my additional statements attached hereto as Exhibit 2 clearly reflect that a majority of the foreign bonds of the Debtors were not purchased by me until after the Securities Program Bar Date. My status as an individual retail investor with no familiarity of bankruptcy law or procedures excuses any delay in this matter since I was not aware of any applicable claims bar date.  In addition, because I purchased several foreign bonds of the Debtors near or after the General Claims Bar Date and Securities Program Bar Date, I did not receive actual notice of the Bar Date Order.  It is unfair to disallow or expunge the Bunevich Proof of Claim with respect to those foreign bonds of the Debtors purchased after the Securities Program Bar Date since it was impossible for me to timely file a proof of claim for those foreign bonds.

-5-

24.     Consequently, allowing the Bunevich Proof of Claim to be considered timely filed would prevent the injustice that would result from allowing the Debtors to escape liability for their contractual obligations.

25.     Finally, the request herein should be granted because (a) the late filing of the Bunevich Proof of Claim caused no material prejudice to the Debtors; (b) the length of delay and the impact on the proceedings are negligible; and (c) I acted in good faith in filing the Bunevich Proof of Claim.

26.     In addition, the Court should consider appointing a trustee to represent the interest of bondholders who purchased foreign bonds of the Debtors.

27.     I declare under penalty of perjury that the foregoing is true and correct.


_____
CAROL BUNEVICH

Sworn and subscribed to before
me this __7th__ day of __October__, 2011

_____
Notary Public

SEDGWICK M. JEANITE
Notary Public, State of New York
No. 02JE6086346
Qualified in Kings County
Commission Expires March 3, 20 15

-6-

# EXHIBIT 1

| | |
|---|---|
| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |

**Note:** This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

THIS SPACE IS FOR COURT USE ONLY

| | |
|---|---|
| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>Carol Bunevich<br>P.O. Box 445<br>Siasconset, MA 02564-0445<br><br>Notices: White and Williams LLP<br>One Penn Plaza, Suite 4110, New York, New York 10119<br>Attention: Sedgwick M. Jeanite, Esq.<br><br>Telephone number:  212-631-4413   Email Address:  jeanites@whiteandwilliams.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number: _____   Email Address: _____ | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1.  Provide the total amount of your claim based on Lehman Programs Securities.  Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008.  The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing your claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $   1,778,361.31   (Required)

☑   Check this box if the amount of your claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.   Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN):  Please see attached        (Required)

| 3. Provide the Clearstream<br>appropriate (each, a "Bloc<br>from your accountholder (<br>than one Lehman Program<br>relates.<br><br>Clearstream Bank Blocl<br>number: | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., ET AL.<br>08-13555 (JMP)      0000067591<br><br>[barcode] | ce Number, or other depository blocking reference number, as<br>you are filing a claim.  You must acquire a Blocking Number<br>a your behalf).  If you are filing this claim with respect to more<br>ers for each Lehman Programs Security to which this claim<br><br>ence Number and or other depository blocking reference |

(Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim.  You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf).  Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

(Required)

5.  Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

**FILED / RECEIVED**

JUL 29 2011

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date<br><br>07/21/2011 | Signature:  The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    *Carol Bunevich*      CAROL BUNEVICH |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.

EXHIBIT A

Summary of
Carol Bunevich's Holdings

| Sedol | CUSIP | Security Description | ISIN# | Series Number | Face Value | Days | Claim (USD) |
|---|---|---|---|---|---|---|---|
| B05L5N5 | D5958NAR7 | LEHMAN BROTHERS BANKHAUS AG FRANKFURT 0.000% 02/15/35 REG DTD 02/15/05 | XS0210433206 | MTN2551A | €220,000 | 213 | 324,313.11 |
| B027M59 | N5213BHS4 | LEHMAN BROTHERS TREASURY BV 0.000% 11/26/13 REG DTD 11/26/03 | XS0178969209 | MTN1837 | €34,000 | 294 | 51,634.16 |
| | N5213BNT5 | LEHMAN BROTHERS TREASURY BV EURO MED TRM NTS VAR RT 7.000% 04/23/14 REG DTD 04/23/04 | XS0189294225 | MTN2049 | €6,000 | | 8,716.03 |
| B0665G2 | N5213BUR1 | LEHMAN BROTHERS TSY BV 0.000% 09/22/14 REG DTD 09/22/04 | XS0200284247 | MTN2298 | €71,000 | 359 | 106,098.44 |
| B0698W8 | N5213CFP0 | LEHMAN BROTHERS TSY BV 0.000% 03/16/35 REG DTD 03/16/05 N/C | XS0213416141 | MTN2645 | €181,000 | 183 | 268,460.84 |
| B07W4M8 | N5213CKC3 | LEHMAN BROTHERS TREASURY BV 0.000% 05/17/35 REG DTD 05/17/05 | XS0218304456 | MTN2744 | €265,000 | 121 | 386,196.10 |
| B0K9Y59 | N5213FBA0 | LEHMAN BROTHERS TSY BV EMTN 7.250% 10/05/35 REG DTD 10/05/05 | XS0229584296 | MTN3171 | €317,000 | 346 | 482,963.84 |
| B0M7LX8 | N5213F871 | LEHMAN BROTHERS TSY EURD MTN 0.000% 11/02/35 REG DTD 11/02/05 CLB CALLABLE | XS0232364868 | MTN3304 | €100,000 | 318 | 149,978.79 |

Total   $1,778,361.31



TRADITION ASIEL SECURITIES, INC.
75 PARK PLACE, 4TH FLOOR
NEW YORK, NEW YORK 10007
212-791-4500



## Individual Retirement
### Account Statement

Account Number:
Statement Period: 05/01/2011 - 05/31/2011

## Valuation at a Glance

| | This Period |
|---|---|
| Beginning Account Value | $ |
| Fees | -20.00 |
| Change in Account Value | |
| Ending Account Value | $ |
| Estimated Annual Income | $ |

IRA FBO CAROL BUNEVICH
PERSHING LLC AS CUSTODIAN
BOX 445
SIASCONSET MA 02564-0445

RICHARD FELS
(212) 791-4500

## Asset Allocation

| | Last Period | This Period | % Allocation | |
|---|---|---|---|---|
| Cash, Money Funds, and FDIC Deposits | | | 49% | |
| Fixed Income | | | 4% | |
| Equities | | | 13% | |
| Mutual Funds | | | 4% | |
| Global Securities | | | 30% | |
| Account Total (Pie Chart) | $ | $ | 100% | |

See page 2 of this statement for important information regarding the Asset Allocation section.

Asset Allocation percentages are rounded to the nearest whole percentage.

Pie Chart allocation excludes all asset classes which net to a liability.

go paperless
Ask about e-delivery

Clearing through Pershing LLC, a subsidiary
of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC



## Cash Not Yet Received

| Security | Record Date | Payable Date | Quantity Held | Rate | Amount of Payment | Dividend Option |
|---|---|---|---|---|---|---|
| Dividends | | | | | | |
| | 05/18/11 | 06/15/11 | | | | Cash |
| Total Cash Not Yet Received | | | | | | |

The above information has been obtained from sources we believe to be reliable. All items are subject to receipt. We make no representation as to accuracy or completeness. Cash Not Yet Received is not reflected as an asset in your account until it is actually received.

## Transactions in Date Sequence

| Process/ Settlement Date | Trade/ Transaction Date | Activity Type | Description | Quantity | Price | Accrued Interest | Amount | CCY |
|---|---|---|---|---|---|---|---|---|
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE D5958NAR7 | Fgn Safekeeping APR 2011 CUSIP: D5958N-AR-7 | | | | -2.00 | USD |
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE VCVDF | Fgn Safekeeping APR 2011 CUSIP: G9361Y-10-2 | | | | -2.00 | USD |
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE G93612102 | Fgn Safekeeping APR 2011 CUSIP: G93612-10-2 | | | | -2.00 | USD |
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE N5213BHS4 | Fgn Safekeeping APR 2011 CUSIP: N5213B-HS-4 | | | | -2.00 | USD |
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE N5213BNT5 | Fgn Safekeeping APR 2011 CUSIP: N5213B-NT-5 | | | | -2.00 | USD |
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE N5213BUR1 | Fgn Safekeeping APR 2011 CUSIP: N5213B-UR-1 | | | | -2.00 | USD |
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE N5213CFP0 | Fgn Safekeeping APR 2011 CUSIP: N5213C-FP-0 | | | | -2.00 | USD |
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE N5213CKC3 | Fgn Safekeeping APR 2011 CUSIP: N5213C-KC-3 | | | | -2.00 | USD |
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE N5213FBA0 | Fgn Safekeeping APR 2011 CUSIP: N5213F-BA-0 | | | | -2.00 | USD |
| 05/02/11 | 04/29/11 | FOREIGN CUSTODY FEE N5213F871 | Fgn Safekeeping APR 2011 CUSIP: N5213F-87-1 | | | | -2.00 | USD |
| Total Value of all Transactions | | | | | | $0.00 | -$20.00 | |

The price and quantity displayed may have been rounded.

Account Number:
IRA FBO CAROL BUNEVICH

► go paperless
Ask about e-delivery

IFS Brokerage Statements
2005, 2013
DALBAR RATED
FOR COMMUNICATION

Clearing through Pershing LLC, a subsidiary of The Bank of New York Mellon Corporation
Pershing LLC, member FINRA, NYSE, SIPC



## Portfolio Holdings *(continued)*

name of the person from whom your security was purchased, will be furnished to you upon written request to your introducing firm. In dividend reinvestment transactions, Pershing acts as your agent and receives payment for order flow, the source and nature of which payment will be furnished to you upon written request to your introducing firm.

Option Disclosure - Information with respect to commissions and other charges incurred in connection with the execution of option transactions has been included in confirmations previously furnished to you. A summary of this information is available to you promptly upon your written request directed to your introducing firm. In order to assist your introducing firm in maintaining current background and financial information concerning your option accounts, please promptly advise them in writing of any material change in your investment objectives or financial situation. Expiring options which are valuable are exercised automatically pursuant to the exercise by exception procedure of the Options Clearing Corporation. Additional information regarding this procedure is available upon written request to your introducing firm.

Foreign Currency Transactions - Pershing may execute foreign currency transactions as principal for your account. Pershing may automatically convert foreign currency to or from U.S. dollars for dividends and similar corporate action transactions unless you instruct your financial organization otherwise. Pershing's currency conversion rate will not exceed the highest interbank conversion rate identified from customary banking sources on the conversion date or the prior business day, increased by up to 1%, unless a particular rate is required by applicable law. Your financial organization may also increase the currency conversion rate. This conversion rate may differ from rates in effect on the date you executed a transaction, incurred a charge, or received a credit. Transactions converted by agents (such as depositories) will be billed at the rates such agents use.

Proxy Vote - Securities held by you on margin (securities not fully paid for by you) may be lent by Pershing to itself or others in accordance with the terms outlined in the Margin Agreement. The right to vote your shares held on margin will be reduced by the amount of shares on loan. The Proxy Voting Instruction Form sent to you may reflect a smaller number of shares entitled to vote than the number of shares in your margin account.

## Portfolio Holdings
The total percent allocation of Global Securities is 30.00%.

## EURO

| Quantity | Description | Market Price | Market Value | Market Value in USD | Accrued Interest | Estimated Annual Income | Estimated Yield |
|---|---|---|---|---|---|---|---|
| **Fixed Income** *(In CUSIP Sequence)* | | | | | | | |
| Corporate Bonds | | | | | | | |
| 220,000.000 | LEHMAN BROTHERS BANK HAUS AG FRANKFURT ISIN#XS0210433206 0.000% 02/15/35 REG DTD 02/15/05 FOREIGN SECURITY Moody Rating WR S & P Rating A+ *Security Identifier: D5956NAB7* *Estimated Price as of Date: 05/18/11* | 8.7500 | 19,250.00 | 27,569.95 | 0.00 | | |
| 34,000.000 | LEHMAN BROTHERS TSY BV ISIN#XS0178969209 0.000% 11/26/13 REG DTD 11/26/03 FOREIGN SECURITY Moody Rating WR *Security Identifier: N5213BHS4* *Estimated Price as of Date: 05/26/11* | 9.9304 | 3,376.37 | 4,853.19 | 0.00 | | |
| 6,000.000 | LEHMAN BROTHERS TREASURY BV EURO MED TRM NTS VAR RT ISIN#XS0189294225 7.000% 04/23/14 REG DTD 04/23/04 Moody Rating WR *Security Identifier: N5213BNT5* | N/A | N/A | N/A | 0.00 | | |



**TRADITION ASIEL SECURITIES, INC.**
75 PARK PLACE, 4TH FLOOR
NEW YORK, NEW YORK 10007
212-791-4500



*Individual Retirement*
*Account Statement*

Statement Period: 05/01/2011 - 05/31/2011

## Portfolio Holdings *(continued)*
The total percent allocation of Global Securities is 30.00%.
## EURO

| Quantity | Description | Market Price | Market Value | Market Value in USD | Accrued Interest | Estimated Annual Income | Estimated Yield |
|---|---|---|---|---|---|---|---|
| **Fixed Income** *(continued)* | | | | | | | |
| Corporate Bonds *(continued)* | | | | | | | |
| 71,000.000 | **LEHMAN BROTHERS TSY BV**<br>ISIN#XS0200284247 0.000% 09/22/14 REG<br>DTD 09/22/04 FOREIGN SECURITY<br>Moody Rating WR<br>*Security Identifier:* N52138URT | 33.5000 | 23,785.00 | 34,188.56 | 0.00 | | |
| 181,000.000 | **LEHMAN BROTHERS TSY BV  EMTN**<br>ISIN#XS0213416141 0.000% 03/16/35 REG<br>DTD 03/16/05 FOREIGN SECURITY<br>Moody Rating WR S & P Rating A<br>*Security Identifier:* N5213CFP0<br>*Estimated Price as of Date:* 05/25/11 | 10.1494 | 18,378.54 | 26,485.82 | 0.80 | | |
| 265,008.088 | **LEHMAN BROTHERS TREASURY BV**<br>ISIN#XS0218304458 0.000% 85/17/35 REG<br>DTD 05/17/05 FOREIGN SECURITY<br>Moody Rating WR S & P Rating A<br>*Security Identifier:* N5213CKC3<br>*Estimated Price as of Date:* 05/25/11 | 7.2500 | 19,212.50 | 27,618.05 | 0.89 | | |
| 317,000.000 | **LEHMAN BROTHERS TSY BV EMTN**<br>ISIN#XS0229584296 7.250% 10/05/35 REG<br>DTD 10/05/05 SECURITY IN DEFAULT<br>FOREIGN SECURITY 1ST CPN DTE 10/05/06<br>CPN PMT ANNUALLY ON OCT 85<br>Moody Rating WR S & P Rating A+<br>*Security Identifier:* N5213FBA0<br>*Estimated Price as of Date:* 05/25/11 | 7.5000 | 23,775.00 | 34,174.19 | 0.00 | | |

00005258C8F50926          PAR-02-ROLL          Account Number:          ▸ go paperless          Clearing through Pershing LLC, a subsidiary
IRA FBO CAROL BUNEVICH          Ask about E-delivery          of The Bank of New York Mellon Corporation

## Portfolio Holdings *(continued)*

The total percent allocation of Global Securities is 30.00%.

### EURO

| Quantity | Description | Market Price | Market Value | Market Value in USD | Accrued Interest | Estimated Annual Income | Estimated Yield |
|---|---|---|---|---|---|---|---|
| **Fixed Income** *(continued)* | | | | | | | |
| **Corporate Bonds** *(continued)* | | | | | | | |
| 109,000,000 | LEHMAN BROTHERS TSY EURO MTN | 8.5000 | 8,500.00 | 12,217.90 | 0.00 | | |
| | ISIN#XS0232364868 0.000% 11/02/35 REG | | | | | | |
| | DTD 11/02/05 CALLABLE | | | | | | |
| | Moody Rating WR | | | | | | |
| | *Security Identifier:* N5213F871 | | | | | | |
| | *Estimated Price as of Date:* 05/24/11 | | | | | | |
| **Total Corporate Bonds: 1,194,000.000** | | | 116,269.41 | $167,125.66 | 0.00 | 0.00 | |
| **Total Fixed Income: 1,194,000.000** | | | 116,269.41 | $167,125.66 | 0.00 | 0.00 | |

| Description | Market Value | Market Value in USD | Accrued Interest | Estimated Annual Income |
|---|---|---|---|---|
| **Total EURO** | 116,269.41 | $167,125.66 | 0.00 | 0.00 |

| Description | Market Value | Accrued Interest | Estimated Annual Income |
|---|---|---|---|
| **Total Portfolio Holdings** | $167,125.66 | $0.00 | $0.00 |

### Disclosures and Other Information

Pricing - This section includes the net market value of the securities in your account on a settlement date basis, including short positions, at the close of the statement period. The market prices have been obtained from quotation services, which we believe to be reliable; however, we cannot guarantee their accuracy. Securities for which a price is not available are marked "N/A" and are omitted from the Total.

The estimated annual income (EAI) and estimated current yield (ECY) figures are estimates and for informational purposes only. These figures are not considered to be a forecast or guarantee of future results. These figures are computed using information from providers believed to be reliable; however, no assurance can be made as to the accuracy. Since interest and dividend rates are subject to change at any time, and may be affected by current and future economic, political, and business conditions, they should not be relied on for making investment, trading, or tax decisions. These figures assume that the position quantities, interest and dividend rates, and prices remain constant. A capital gain or return of principal may be included in the figures for certain securities, thereby overstating them. Refer to www.pershing.com/business_continuity.html for specific details as to formulas used to calculate the figures. Accrued interest represents interest earned but not yet received.

The Estimated Price as of Date only appears when the price date does not equal the statement date and the price indicated is estimated since it is not reflective of a last trade price on a recognized exchange.

Reinvestment - The dollar amount of Mutual Fund distributions, Money Market Fund dividend income, Bank Deposit interest income, or dividends for other securities shown on your Statement may have been reinvested. You will not receive confirmation of these reinvestments. However, information pertaining to these transactions which would otherwise appear on confirmations, including the time of execution and the name of the person from whom your security was purchased, will be furnished to you upon written request to your introducing firm. In dividend reinvestment transactions, Pershing acts as your agent and receives payment for order flow, and the source and nature of which payment will be furnished to you upon written request to your introducing firm.

Option Disclosure - Information with respect to commissions and other charges incurred in connection with the execution of option transactions has been included in confirmations previously furnished to you. A summary of this information is available to you promptly upon your written request directed to your introducing firm. In order to assist your introducing firm in maintaining current background and financial information concerning your option accounts, please promptly advise them in writing of any material change in your investment objectives or financial situation. Expiring options which are valuable are exercised automatically pursuant to the exercise by exception procedure of the Options Clearing Corporation. Additional information regarding this procedure is available upon written request to your introducing firm.

Page 12 of 14

# EXHIBIT 2

**CAROL BUNEVICH** (Individual)          Activity Details

**As of 06/21/2011 11:49:13**

Name of IP: RICHARD FELS

Account Type: Retail
Reg/Plan Type: Individual

## History Details

### Transaction

| | | |
|---|---|---|
| Description : | BUY 220,000.0000 PAR VALUE @ 14.000000000 on 01/26/2010 | |
| Activity : | Buy 220,000.00000   at 14.0000 | |

| | | | | | |
|---|---|---|---|---|---|
| Security Type: | ISIN | Clearing Only: | Yes | Original Input Source: | GL |
| Security Value: | XS0210433206 | Executed Qty: | 220,000.0000 | Ref #: | 10978085 |
| CUSIP: | 05958NAR7 | Trade Price: | 14.000000000 EUR | Corr. Ref# : | 40A012610029 |
| Asset Class: | COUPON BEARING BOND | Account Type: | Cash | P/A Indicator: | P |
| Security Payment: | N/A | Trade Date: | 01/26/2010 | | |
| Exchange: | OTC | Settlement Date: | 01/29/2010 | | |

### Money

| | | | | | |
|---|---|---|---|---|---|
| Corr Misc Fee: | 0.00 | Stock Exchg Fee: | 0.00 | Transfer Tax: | 0.00 |
| St side Misc Fee: | 0.00 | Corr. Memo: | N/A | Value Added Tax: | 0.00 |
| Mark-Up Amount: | 0.00 | St Side Memo: | N/A | Trans. Levy: | 0.00 |
| Sales Credit: | 0.00 | Mark-up Legend: | N/A | Principal: | 30800.00DR |
| Confirm Fee: | 0.00 | Foreign Trade Fee: | 0.00 | Net Amount: | 30800.00DR |
| Stamp Duty: | 0.00 | Transfer Stamp: | 0.00 | IP1 | 03A 0.000% |
| Commission: | 0.00 | Pershing Settle Fee: | 0.00 | IP2 | N/A |

### Activity/Trailers

Trailers/Comments on
Confirm:

Correspondent Memo:

Other Trailers/Comments:

This report is a service from your Investment Professional, not a substitute for your account statements and confirmations. This report is prepared as of trade date rather than settlement date and may be prepared on a different date than your statement. This report uses information from sources that Pershing believes to be reliable, but Pershing cannot guarantee the accuracy of this information or the reliability of those sources. If you find discrepancies in this report, please contact your Investment Professional.
Prepared by P40AEMAR at 06/21/2011 12:26:30

Page 1

CAROL BUNEVICH (Individual)    Activity Details

As of 06/21/2011 11:49:13

Name of IP: RICHARD FELS

Account Type: Retail
Reg/Plan Type: Individual

## History Details

### Transaction

| | | | | |
|---|---|---|---|---|
| Description : | BUY 34,000.0000 PAR VALUE @ 15.250000000 on 09/10/2009 | | | |
| Activity : | Buy 34,000.00000 at 15.2500 | | | |
| Security Type: | ISIN | Clearing Only: | Yes | Original Input Source: | GL |
| Security Value: | XS0178969209 | Executed Qty: | 34,000.0000 | Ref #: | 9951694 |
| CUSIP: | N5213BHS4 | Trade Price: | 15.250000000 EUR | Corr. Ref# : | 40A091109010 |
| Asset Class: | COUPON BEARING BOND | Account Type: | Cash | P/A Indicator: | P |
| Security Payment: | N/A | Trade Date: | 09/10/2009 | | |
| Exchange: | OTC | Settlement Date: | 09/15/2009 | | |

### Money

| | | | | | |
|---|---|---|---|---|---|
| Corr Misc Fee: | 0.00 | Stock Exchg Fee: | 0.00 | Transfer Tax: | 0.00 |
| St side Misc Fee: | 0.00 | Corr. Memo: | N/A | Value Added Tax: | 0.00 |
| Mark-Up Amount: | 0.00 | St Side Memo: | N/A | Trans. Levy: | 0.00 |
| Sales Credit: | 0.00 | Mark-up Legend: | N/A | Principal: | 5185.00DR |
| Confirm Fee: | 0.00 | Foreign Trade Fee: | 0.00 | Net Amount: | 5185.00DR |
| Stamp Duty: | 0.00 | Transfer Stamp: | 0.00 | IP1 | 03A 0.000% |
| Commission: | 0.00 | Pershing Settle Fee: | 0.00 | IP2 | N/A |

### Activity/Trailers

Trailers/Comments on
Confirm:

Correspondent Memo:

Other Trailers/Comments:

This report is a service from your Investment Professional, not a substitute for your account statements and confirmations  This report is prepared as of trade date rather than settlement date and may be prepared on a different date than your statement. This report uses information from sources that Pershing believes to be reliable, but Pershing cannot guarantee the accuracy of this information or the reliability of these sources. If you find discrepancies in this report, please contact your Investment Professional.
Prepared by P40AEMAR at 06/21/2011 12:27:52

CAROL BUNEVICH  (Individual)            Activity Details

As of 06/21/2011 11:49:13

Name of IP: RICHARD FELS

Account Type: Retail
Reg/Plan Type: Individual

**History Details**

**Transaction**

| | | |
|---|---|---|
| Description : | BUY 6,000.0000 PAR VALUE @ 10.250000000 on 09/10/2009 | |
| Activity : | Buy 6,000.00000   at  10.2500 | |

| | | | | | |
|---|---|---|---|---|---|
| Security Type: | ISIN | Clearing Only: | Yes | Original Input Source: | GL |
| Security Value: | XS0189294225 | Executed Qty: | 6,000.0000 | Ref #: | 9951699 |
| CUSIP: | N5213BNT5 | Trade Price: | 10.250000000 EUR | Corr. Ref# : | 40A091109004 |
| Asset Class: | MEDIUM TERM NOTE | Account Type: | Cash | P/A Indicator: | P |
| Security Payment: | N/A | Trade Date: | 09/10/2009 | | |
| Exchange: | OTC | Settlement Date: | 09/15/2009 | | |

**Money**

| | | | | | |
|---|---|---|---|---|---|
| Corr Misc Fee: | 0.00 | Stock Exchg Fee: | 0.00 | Transfer Tax: | 0.00 |
| St side Misc Fee: | 0.00 | Corr. Memo: | N/A | Value Added Tax: | 0.00 |
| Mark-Up Amount: | 0.00 | St Side Memo: | N/A | Trans. Levy: | 0.00 |
| Sales Credit: | 0.00 | Mark-up Legend: | N/A | Principal: | 615.00DR |
| Confirm Fee: | 0.00 | Foreign Trade Fee: | 0.00 | Net Amount: | 615.00DR |
| Stamp Duty: | 0.00 | Transfer Stamp: | 0.00 | IP1 | 03A 0.000% |
| Commission: | 0.00 | Pershing Settle Fee: | 0.00 | IP2 | N/A |

**Activity/Trailers**

**Trailers/Comments on Confirm:**

**Correspondent Memo:**

**Other Trailers/Comments:**

This report is a service from your Investment Professional, not a substitute for your account statements and confirmations. This report is prepared as of trade date rather than settlement date and may be prepared on a different date than your statement. This report uses information from sources that Pershing believes to be reliable, but Pershing cannot guarantee the accuracy of this information or the reliability of these sources. If you find discrepancies in this report, please contact your Investment Professional.
Prepared by P4DAEMAR at 06/21/2011 12:46:51                                                                                              Page 1

CAROL BUNEVICH (Individual) ` _____ Activity Details

**As of 06/21/2011 11:49:13**

Name of IP: RICHARD FELS

Account Type: Retail
Reg/Plan Type: Individual

**History Details**

**Transaction**

| | | |
|---|---|---|
| Description : | BUY 57,000.0000 PAR VALUE @ 17.250000000 on 09/10/2009 | |
| Activity : | Buy 57,000.00000  at 17.2500 | |

| | | | | | |
|---|---|---|---|---|---|
| Security Type: | ISIN | Clearing Only: | Yes | Original Input Source: | GL |
| Security Value: | XS0200284247 | Executed Qty: | 57,000.0000 | Ref #: | 9951688 |
| CUSIP: | N5213BUR1 | Trade Price: | 17.250000000 EUR | Corr. Ref# : | 40A091109013 |
| Asset Class: | COUPON BEARING BOND | Account Type: | Cash | P/A Indicator: | P |
| Security Payment: | N/A | Trade Date: | 09/10/2009 | | |
| Exchange: | OTC | Settlement Date: | 09/15/2009 | | |

**Money**

| | | | | | |
|---|---|---|---|---|---|
| Corr Misc Fee: | 0.00 | Stock Exchg Fee: | 0.00 | Transfer Tax: | 0.00 |
| St side Misc Fee: | 0.00 | Corr. Memo: | N/A | Value Added Tax: | 0.00 |
| Mark-Up Amount: | 0.00 | St Side Memo: | N/A | Trans. Levy: | 0.00 |
| Sales Credit: | 0.00 | Mark-up Legend: | N/A | Principal: | 9832.50DR |
| Confirm Fee: | 0.00 | Foreign Trade Fee: | 0.00 | Net Amount: | 9832.50DR |
| Stamp Duty: | 0.00 | Transfer Stamp: | 0.00 | IP1 | 03A 0.000% |
| Commission: | 0.00 | Pershing Settle Fee: | 0.00 | IP2 | N/A |

**Activity/Trailers**

Trailers/Comments on
Confirm:

Correspondent Memo:

Other Trailers/Comments:

This report is a service from your Investment Professional, not a substitute for your account statements and confirmations. This report is prepared as of trade date rather than settlement date and may be prepared on a different date than your statement. This report uses information from sources that Pershing believes to be reliable, but Pershing cannot guarantee the accuracy of this information or the reliability of these sources. If you find discrepancies in this report, please contact your Investment Professional.
Prepared by P40AEMAR at 06/21/2011 12:49:36

CAROL BUNEVICH  (Individual)                    Activity Details

As of 06/21/2011 11:49:13

Name of IP: RICHARD FELS

Account Type: Retail
Reg/Plan Type: Individual

## History Details

### Transaction

| | | |
|---|---|---|
| Description : | BUY 14,000.0000 PAR VALUE @ 14.500000000 on 07/01/2009 | |
| Activity : | Buy 14,000.00000 at 14.5000 | |

| | | | | | |
|---|---|---|---|---|---|
| Security Type: | ISIN | Clearing Only: | Yes | Original Input Source: | GL |
| Security Value: | XS0200284247 | Executed Qty: | 14,000.0000 | Ref #: | 9521799 |
| CUSIP: | N52138UR1 | Trade Price: | 14.500000000 EUR | Corr. Ref# : | 40A070209004 |
| Asset Class: | COUPON BEARING BOND | Account Type: | Cash | P/A Indicator: | P |
| Security Payment: | N/A | Trade Date: | 07/01/2009 | | |
| Exchange: | OTC | Settlement Date: | 07/06/2009 | | |

### Money

| | | | | | |
|---|---|---|---|---|---|
| Corr Misc Fee: | 0.00 | Stock Exchg Fee: | 0.00 | Transfer Tax: | 0.00 |
| St side Misc Fee: | 0.00 | Corr. Memo: | N/A | Value Added Tax: | 0.00 |
| Mark-Up Amount: | 0.00 | St Side Memo: | N/A | Trans. Levy: | 0.00 |
| Sales Credit: | 0.00 | Mark-up Legend: | N/A | Principal: | 2030.00DR |
| Confirm Fee: | 0.00 | Foreign Trade Fee: | 0.00 | Net Amount: | 2082.00DR |
| Stamp Duty: | 0.00 | Transfer Stamp: | 0.00 | IP1 | 03A 0.060% |
| Commission: | 52.00 | Pershing Settle Fee: | 0.00 | IP2 | N/A |

### Activity/Trailers

Trailers/Comments on
Confirm:

Correspondent Memo:

Other Trailers/Comments:

This report is a service from your Investment Professional, not a substitute for your account statements and confirmations. This report is prepared as of trade date rather than settlement date and may be prepared on a different date than your statement. This report uses information from sources that Pershing believes to be reliable, but Pershing cannot guarantee the accuracy of this information or the reliability of these sources. If you find discrepancies in this report, please contact your Investment Professional.
Prepared by P40AEMAR at 06/21/2011 12:49:44

**CAROL BUNEVICH** (Individual)           Activity Details

**As of 06/21/2011 11:49:13**

Name of IP: RICHARD FELS

Account Type: Retail
Reg/Plan Type: Individual

## History Details

### Transaction

| | | | | | |
|---|---|---|---|---|---|
| **Description :** | BUY 100,000.0000 PAR VALUE @ 14.000000000 on 01/26/2010 | | | | |
| **Activity :** | Buy 100,000.00000  at 14.0000 | | | | |
| **Security Type:** | ISIN | **Clearing Only:** | Yes | **Original Input Source:** | GL |
| **Security Value:** | XS0232364868 | **Executed Qty:** | 100,000.0000 | **Ref #:** | 10978077 |
| **CUSIP:** | NS213F871 | **Trade Price:** | 14.000000000 EUR | **Corr. Ref# :** | 40A012610038 |
| **Asset Class:** | MEDIUM TERM NOTE | **Account Type:** | Cash | **P/A Indicator:** | P |
| **Security Payment:** | N/A | **Trade Date:** | 01/26/2010 | | |
| **Exchange:** | OTC | **Settlement Date:** | 01/29/2010 | | |

### Money

| | | | | | |
|---|---|---|---|---|---|
| **Corr Misc Fee:** | 0.00 | **Stock Exchg Fee:** | 0.00 | **Transfer Tax:** | 0.00 |
| **St side Misc Fee:** | 0.00 | **Corr. Memo:** | N/A | **Value Added Tax:** | 0.00 |
| **Mark-Up Amount:** | 0.00 | **St Side Memo:** | N/A | **Trans. Levy:** | 0.00 |
| **Sales Credit:** | 0.00 | **Mark-up Legend:** | N/A | **Principal:** | 14000.00DR |
| **Confirm Fee:** | 0.00 | **Foreign Trade Fee:** | 0.00 | **Net Amount:** | 14000.00DR |
| **Stamp Duty:** | 0.00 | **Transfer Stamp:** | 0.00 | **IP1** | 03A 0.000% |
| **Commission:** | 0.00 | **Pershing Settle Fee:** | 0.00 | **IP2** | N/A |

### Activity/Trailers

**Trailers/Comments on Confirm:**

**Correspondent Memo:**

**Other Trailers/Comments:**

This report is a service from your Investment Professional, not a substitute for your account statements and confirmations. This report is prepared as of trade date rather than settlement date and may be prepared on a different date than your statement. This report uses information from sources that Pershing believes to be reliable, but Pershing cannot guarantee the accuracy of this information or the reliability of these sources. If you find discrepancies in this report, please contact your Investment Professional.

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2011, a true and correct copy of the foregoing

Response of Carol Bunevich to Debtors' One Hundred Ninety-Eighth Omnibus Objection and

this Certificate of Service were filed electronically with the Court.  Notice of this filing will be

sent today to all parties via the Court's electronic filing system.

Dated:   October 13, 2011

<div style="margin-left:40%">

WHITE AND WILLIAMS LLP

By:/s/ Sedgwick M. Jeanite
    Sedgwick M. Jeanite, Esq.
    White and Williams LLP
    One Penn Plaza, Suite 4110
    New York, NY 10119

</div>