**HEARING DATE AND TIME:** October 27, 2011 at 10:00 AM (Eastern Time)
**RESPONSE DEADLINE:** October 13, 2011 at 4:00 PM (Eastern Time)

DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY  10019-6119
Telephone: (212) 415-9200
Facsimile: (212) 953-7201
Eric Lopez Schnabel (ES5553)
Jessica D. Mikhailevich (JM1043)

Attorneys for Marquette Financial Companies

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X

In re:                                                    Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et      08-13555 (JMP)
al.,
                                                          Jointly Administered
                Debtors.

-------------------------------------------------------------- X


**RESPONSE OF MARQUETTE FINANCIAL COMPANIES TO DEBTORS' ONE
HUNDRED AND EIGHTY NINTH OMNIBUS OBJECTION TO CLAIMS (NO
LIABILITY REPO CLAIMS) [DOCKET NO. 19870]**


Claimant Marquette Financial Companies ("Marquette") files this response to the

Debtors' One Hundred and Eighty Ninth Omnibus Objection to Claims (No Liability Repo

Claims) [Docket No. 19870], with respect to Claim No. 22949.

## BACKGROUND

1.      On September 8, 2004, Marquette entered into a Master Repurchase Agreement

("Repo Agreement") with Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Inc.

("LBI").  The Repo Agreement allowed the parties to enter into repurchase transactions in which

one party would agree to transfer securities or other assets to another party against the transfer of funds.

2.      On or about August 14, 2008, Marquette transferred a number of securities (the "Securities") under the Repo Agreement in exchange for cash with a promise that Marquette would repurchase such securities for a fixed price on November 13, 2008.

3.      Annex I, Paragraph 2 to the Repo Agreement provides that trade confirmations shall state the Lehman entity (LCPI or LBI) involved in each individual trade: "With respect to individual repurchase transactions, this Agreement shall only apply to the Lehman Brothers entity (i.e. Lehman Brothers Inc., Lehman Commercial Paper Inc.) printed in the confirmation (as described in Section 3(b) herein) provided to the counterparty of the Lehman Brothers entity." However, the actual trade confirmations provided to Marquette list the name "Lehman Brothers Global Trading and Finance" ("LBGTF").  The trade confirmations reflect each of the trades actually made by Marquette with one of the Lehman entities and are attached hereto. Upon information and belief, LBGTF is a trade name for LCPI and each of the trades reflected on the trade confirmations were with LCPI.  There is no indication on the trade confirmations that these trades were with LBI.

4.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI.  On October 5, 2008, LCPI filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5.      As a result of LCPI's bankruptcy filing and LBI's SIPA proceedings, Marquette was unable to repurchase the Securities on November 13, 2008 as required by the Repo Agreement.

6.      On March 20, 2009, Marquette filed a Proof of Claim in the LCPI bankruptcy case (Claim No. 22949) for $392,038 (the "Claim"), the difference between the market value of

2

the Securities on September 19, 2008 and the repurchase price that would have to be tendered by Marquette. Marquette attached to its Proof of Claim a calculation of loss in support of its Claim. Because other documents that would support the precise calculation of Marquette's loss are voluminous in nature and because some are in possession of LCPI or LBI, additional documents were not attached to the Proof of Claim. On September 21, 2009, Marquette filed an amended Proof of Claim.

## ARGUMENT

7.      The Debtors' objection should be overruled because the Debtors have provided no evidence to overcome the prima facie effect of the filing of Marquette's Proof of Claim.    A proof of claim in bankruptcy is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001(f) provides: "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Because Marquette's Proof of Claim was executed and filed in accordance with Bankruptcy Rule 3001, its proof of claim is entitled to be treated as prima facie evidence of the Claim's validity and amount.

8.      The Debtors assert that there is no legal basis for Marquette's Claim. Specifically, the Debtors allege that all of the transactions under the Repo Agreement occurred solely with LBI and not LCPI, and therefore, they maintain that LCPI is not liable for any claims arising under the Agreement. The Debtors have provided no support for those assertions.

9.      The Debtors state that an objector need only raise "an objection refuting at least one of the claim's essential allegations," but that is an incomplete characterization. Rather, the objecting party bears the burden to come forward with "*evidence equal in force* to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009)

(emphasis added) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). It is only after evidence equal in force is produced that the claimant is then "required to meet the usual burden of proof to establish the validity of the claim." *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).   Because the Debtors have failed to produce any evidence, let alone evidence equal in force, the Debtors' objection should be overruled.

10.     In the alternative, if the Court believes that the Debtors have provided evidence equal in force to Marquette's prima facie case, then Marquette requests that the objection be set as a contested matter under Bankruptcy Rule 9004 to allow discovery.

11.     The Debtors state that the terms of the specific transactions entered into under the Master Repurchase Agreements (which would include the identification of the particular Lehman entity involved in the Marquette transactions) were either set forth on annexes or confirmations to the Master Repurchase Agreements, or "in the Debtors' books and records."   Marquette therefore believes that the Lehman entities have further documentation and records of the trades and that discovery will allow Marquette to establish that its trades were with LCPI rather than LBI.

12.     Specifically, Marquette needs to conduct discovery regarding the reference numbers in the trade confirmations.   Although Annex I, Paragraph 2 to the Repo Agreement provides that the trade confirmations would state the Lehman entity (LCPI or LBI) that entered into the trade, the actual trade confirmations in Marquette's possession are under the name of LBGTF.   Discovery will enable Marquette to establish that LBGTF was a trade name of LCPI and that the referenced trades were between Marquette and LCPI.

## CONCLUSION

For the reasons detailed above, Marquette respectfully requests that the Court: (i) overrule the Debtors' Objection and allow Marquette's Claim; (ii) in the alternative, set this as a

contested matter under Bankruptcy Rule 9014; and (iii) grant such other relief as the Court finds

just and proper.

DATED:        October 13, 2011
              New York, New York

Respectfully submitted,

DORSEY & WHITNEY LLP

By: /s/ Jessica D. Mikhailevich
    Jessica D. Mikhailevich (JM1043)
    Eric Lopez Schnabel (ES5553)
    51 West 52nd Street
    New York, NY  10019-6119
    Telephone: (212) 415-9200
    Facsimile: (212) 953-7201
    Schnabel.Eric@dorsey.com
    Mikhailevich.Jessica@dorsey.com

*Attorneys for Marquette Financial Companies*