Hearing Date: October 27, 2011 at 10:00 a.m.
Objections Due By: October 13, 2011 at 4:00 p.m.

Michael G. Burke
Noam M. Besdin
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel For American Municipal Power, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ x | | Chapter 11 Case No: |
| In re: | : | 08-13555 (JMP) |
| Lehman Brothers Holdings Inc., *et. al*. | : | (Jointly Administered) |
| Debtors. | : | |
| ------------------------------------------------------------ x | | |

**RESPONSE OF AMERICAN MUNICIPAL POWER, INC. TO THE
DEBTORS' ONE HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**

TO:   THE HONORABLE JAMES M. PECK
      UNITED STATES BANKRUPTCY JUDGE:

American Municipal Power, Inc. ("AMP"), by and through its undersigned counsel, hereby files this Response (the "Response") to the One Hundred Eighty-Sixth Omnibus Objection to Claims, dated September 9, 2011 (the "Objection"), with respect to AMP's Claim Number 23541 (the "Claim"), and respectfully states as follows:

**RELEVANT BACKGROUND**

1.  AMP's Claim was filed in connection with that certain Master Power Purchase and Sale Agreement, dated April 25, 2006 (as described in AMP's Claim, the "Master Agreement"), by and between AMP and Lehman Commodity Services Inc. ("LBCS"). Pursuant to the terms of the Master Agreement, LBCS and AMP entered into various derivative

7850016v.3

transactions, which were all documented and confirmed by the parties through written confirmations. The Master Agreement is a "forward contract" as that term is defined under section 101(25) of title 11 of the United States Code (the "Bankruptcy Code"), and AMP is a "forward contract merchant" as that term is defined under section 101(26) of the Bankruptcy Code.

2.    On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI"), and certain of its affiliates, commenced the above-captioned chapter 11 cases, which have been consolidated for procedural purposes and are being jointly administered. On October 3, 2008, LBCS filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. LBHI's commencement of these chapter 11 cases triggered an event of default under Section 5.1 of the Master Agreement (the "Event of Default"), which permitted the termination of all outstanding transactions thereunder.

3.    In accordance with Section 5.4 of the Master Agreement, AMP delivered a "Termination Event Notice" to LBCS on September 19, 2008, and subsequently provided LBCS a Notice of Settlement Amount, asserting that LBCS owed AMP the amount of $4,110,530.74 as a Termination Payment (as defined in the Master Agreement) after netting out the terminated transactions under, and pursuant to, the Master Agreement,[1] which AMP was permitted to do notwithstanding the commencement of the chapter 11 case of LBCS in accordance with sections 556 and 362(b)(6) of the Bankruptcy Code. See 11 U.S.C. §§ 362(b)(6), 556; see also In re Lehman Bros. Holdings Inc., et al., 433 B.R. 101, 111 (Bankr. S.D.N.Y. 2010) ("The safe harbor provisions are thus intended to permit parties to [safe harbor] agreements to exercise the right to

---

[1] Section 5.6 of the Master Agreement provided that "the Non-Defaulting Party shall be entitled, at its option and in its discretion, to (i) set off against such Termination Payment any amounts due and owing by the Defaulting Party to the Non-Defaulting Party…."

2

"offset or net termination values" despite the automatic stay and without having to seek relief from the stay.").

    4.  On September 21, 2009, AMP timely filed the Claim against LBCS, asserting, among other things, a claim for payment of the net amount owed to AMP by LBCS under the terms of the Master Agreement in the amount of $4,110,530.74, as calculated by AMP pursuant to the terms of the Master Agreement. In addition, AMP also uploaded the supporting documentation to its Claim and completed the Derivative Questionnaire on October 15, 2009.[2] The Claim also specifically reserved AMP's right to assert the full amount owed by LBCS, without regard for the netting and setoff rights that AMP exercised when it calculated the amount set forth in the Notice of Settlement Amount, if AMP's netting and setoff rights were ever unwound or disturbed in any way.[3]

    5.  On September 9, 2011, LBHI filed the Objection, which characterized the Claim as "misclassified", reclassified it as "unsecured", and claimed that AMP failed to disclose the obligation owed to the Debtors subject to setoff.

## RESPONSE

    6.  To the extent that AMP's netting and setoff rights under the Master Agreement (which AMP was entitled to exercise under the safe harbor provisions) remain unaffected during the claims process, AMP has no objection to the classification of its Claim as unsecured. To the extent that AMP's safe harbor rights are disturbed, AMP has a right of setoff that is preserved under section 553 of the Bankruptcy Code, and the Bankruptcy Code provides AMP security to the extent of the value of any amounts currently owed to LBCS by AMP. The

---

[2] Attached as <u>Exhibit A</u> is a copy of the Derivative Questionnaire.

[3] The Objection also seeks to reclassify Claim No. 23542 filed by AMP against LBHI on account of its guaranty as an unsecured claim. AMP does not object to the reclassification of Claim No. 23542, but if its netting or setoff rights are disturbed, it reserves the right to assert the full amount of the damages it has incurred as a general unsecured claim.

Bankruptcy Code explicitly treats a creditor's setoff rights as secured claims. See 11 U.S.C. § 506(a). Accordingly, in the event that AMP's safe harbor rights are disturbed, it would have a secured claim in the amount of $11,769,161.50 and an unsecured claim in the amount of $4,110,530.74.

7. The Debtors state in the Objection that the claimants "assert the right to setoff a hypothetical obligation." Objection, ¶ 10. At least with respect to AMP, this is simply incorrect – the obligations owed by and between LBCS and AMP are not hypothetical. Indeed, the Debtors and AMP have had numerous confidential communications related to the Master Agreement, the terminated transactions and the amounts owed to each other in connection therewith.

8. Further, the Debtors state that this "objection does not in any way seek to modify or impact in any way any claimant's right of setoff", Objection, ¶ 10, but the proposed Order does not include a similar provision reserving such setoff rights. Accordingly, AMP objects to the proposed Order to the extent that it does not expressly provide that such Order (i) does not modify or impact in any way a claimant's valid right of setoff that that has been exercised or that may be asserted, or any rights a claimant may have under the safe harbor provisions of the Bankruptcy Code, and (ii) does not prohibit a claimant from otherwise modifying or amending its proof of claim to the extent its netting or setoff rights are disturbed.

Dated: October 13, 2011  
      New York, New York

Respectfully submitted,  
**SIDLEY AUSTIN LLP**

/s/ Michael G. Burke  
Michael G. Burke  
Noam M. Besdin  
787 Seventh Avenue  
New York, NY 10019  
Tel: (212) 839-5300  
Fax: (212) 839-5959

*Counsel For American Municipal Power, Inc.*