HEARING DATE: OCTOBER 27, 2011 @ 10:00 A.M. (ET)
RESPONSE DEADLINE: OCTOBER 13, 2011 @ 4:00 P.M. (ET)

**LOWENSTEIN SANDLER PC**
Michael S. Etkin, Esq.
Ira M. Levee, Esq.
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

*Counsel for Boilermakers-Blacksmith National
Pension Trust Fund*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*, | Case No. 08-13555 (JMP) |
| **Debtors.** | (Jointly Administered |

### BOILERMAKERS-BLACKSMITH NATIONAL PENSION TRUST FUND'S RESPONSE TO DEBTORS' ONE HUNDRED EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CMBS CLAIMS)

The undersigned, counsel for Boilermakers-Blacksmith National Pension Trust Fund (the "Boilermakers"), hereby submits this response (the "Response") to the Debtors' One Hundred Eighty-Third Omnibus Objection to Claims (the "183rd Omnibus Objection") and states as follows:

### BACKGROUND

1.    On or about August 31, 2009, the Boilermakers timely filed approximately fourteen (14) proofs of claim against Lehman Brothers Holdings, Inc. ("LBHI") for damages arising out of its purchase, acquisition and/or ownership of the subject securities (the "LBHI

Claims"). On November 16, 2010, the Boilermakers amended the proofs of claim to reflect that they were claims against Structured Asset Securities Corporation (the "SASCO Claims").

2.    On January 11, 2011, the Debtors filed the Seventy-Seventh Omnibus Objection to Claims [Doc. No. 13893] seeking to disallow or expunge the LBHI Claims as amended or superseded by the respective SASCO Claims. On March 22, 2011, the Court entered an Order Granting Debtors' Seventy-Seventh Omnibus Objection to Claims (Amended and Superseded Claims) [Doc. No. 15237], expunging the LBHI Claims and identifying the respective SASCO Claims as the surviving claims. On April 18, 2011, some of the SASCO Claims (Nos. 67210, 67213 and 67214) were withdrawn without prejudice.

3.    The Boilermakers is also a named plaintiff in the securities class action entitled *In re Lehman Brothers Mortgage-Backed Securities Litigation*, Case No. 08-CV-6762 (the "MBS Litigation"), pending in the United States District Court for the Southern District of New York (the "District Court"). The MBS Litigation is part of the consolidated securities class action entitled *In re Lehman Brothers Securities and ERISA Litigation*, Case No. 09-MD 2017 (LAK) (the "Consolidated Securities Litigation").

4.    The MBS Litigation alleges violations of Sections 11, 12 and 15 of the Securities Act of 1933 by the parties named in the Consolidated Securities Class Action Complaint (the "Consolidated Complaint") in the MBS Litigation. By virtue of the automatic stay (11 U.S.C. §362(a)), the Debtors (LBHI and SASCO), are not named as defendants in the MBS Litigation, despite their involvement in the wrongdoing alleged in the Consolidated Complaint.

5.    The Boilermakers is a member of the class (the "Class") of entities that purchased or otherwise acquired interests in certain Trusts,[1] pursuant or traceable to two Registration

---

[1]    Capitalized terms shall have the meanings ascribed to them in the 183rd Omnibus Objection unless otherwise defined herein.

Statements with accompanying Prospectuses filed with the Securities and Exchange Commission by SASCO.  SASCO served as an issuer and depositor for each offering.  Lehman Brothers, Inc., a subsidiary of LBHI, was an underwriter for each of the offerings.  LBHI, through its subsidiaries, LBI and SASCO, controlled every aspect of the securitization and underwriting process.[2]

### THE CLAIM OBJECTION

6.      The 183rd Omnibus Objection seeks to expunge, *inter alia*, the remaining SASCO Claims (Proofs of Claim Nos. 67201-67209, 67211-6712) and Proof of Claim No. 32209 filed by the Boilermakers against LBHI (collectively the "Boilermakers Proofs of Claim").

7.      In the 183rd Omnibus Objection, the Debtors assert that they have no liability to the Boilermakers as a holder of the subject securities because the Debtors sold commercial mortgage loans to the Trusts which, according to the Debtors, then issued the securities to the Boilermakers (and others) collateralized by payments on the loans.  According to the Debtors, they were not responsible for any payment to the Security Holders.  The Debtors argue that because the Boilermakers was not a party to the Loan Sale Agreement, by which the Debtors sold the commercial mortgage loans to the Trusts, there was no contractual relationship upon which the Boilermakers could assert a claim against the Debtors.  Based upon these conclusory statements, and no further evidence and statutory or case citation, the Debtors' request that the Boilermakers Proofs of Claim be disallowed and expunged.

---

[2]      In further support of this Response, Boilermakers incorporates the allegations of the Consolidated Complaint.

**RESPONSE**

8.      The Boilermakers dispute the Debtors' bald legal and factual assertions in the Objection.  The Debtors' liability to the Boilermakers, as asserted in the Boilermakers Proofs of Claim, is a result of, with respect to LBHI, LBHI's control over the entire securitization and underwriting process by which the securities were made available.  The Consolidated Complaint sets forth in detail the basis of the liability of LBHI, through its Debtor subsidiaries, to the Boilermakers as a purchaser and holder of the underlying securities.

9.      With respect to SASCO, SASCO is a special purpose corporation formed to securitize certain assets.  SASCO acted as a depositor for the securities, and as such acquired the mortgage assets from LBHI.  SASCO made certain representations and warranties with respect to the loans collateralizing the securities.  SASCO ultimately conveyed the mortgages to certain shell entities, the Trusts.  As the depositor, SASCO has put-back liability (as described in each Trust Agreement for each Offering and summarized in each Prospectus/Prospectus Summary) for defective loans placed in the MBS pools.  Under the Securities Act, where, as here, the issuer of the securities is merely a shell entity with no assets, the depositor, such as SASCO, is considered the issuer and is liable under Section 11 of the Securities Act (15 U.S.C. §77(k)); *see also* 17 C.F.R. 230.191(a) (stating that the "depositor for the asset-backed securities acting solely in its capacity as depositor is the 'issuer' for purposes of the asset-backed securities of that issuing entity").

10.      Therefore, by virtue of the foregoing, based upon SASCO's status as a depositor of the subject securities, SASCO is liable to the Boilermakers for the SASCO Claims.

11.      The 183rd Omnibus Objection offers no different independent basis to expunge or disallow Claim No. 322009 filed against LBHI.  As set forth above and in the Consolidated Complaint, LBHI controlled the securitization and underwriting process and, as a result, is liable

-4-

to the Boilermakers.  There is no basis asserted in the Objection to summarily expunge Claim No. 32209.

12.    A properly filed proof of claim is deemed allowed unless a party in interest objects.  11 U.S.C. §502(a).  Bankruptcy Code section 502(b) provides, in pertinent part, that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of the claim and shall allow the claim in such amount except to the extent that one of the exceptions enumerated in section 502(b) applies.  *In re Rockefeller Center Properties,* 272 B.R. 524. 539 (Bankr. S.D.N.Y. 2000).  A properly and timely filed proof of claim is prima facie evidence of the validity and amount of the claim.  Fed. R. Bankr. P. 3001(f).

13.    "If a proper objection is made, the objecting party has the burden of presenting evidence sufficient to overcome the prima facie validity of the claim."  King, *Collier on Bankruptcy,* ¶ 501.02[2][d] (15th ed. rev.); see also *In re Oneida Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and the amount of the claim, and the objector bears the initial burden of persuasion.")

14.    To shift the burden of proof to the Boilermakers, the Debtors must first produce sufficient evidence to overcome the "prima facie validity" of the Boilermakers' Proofs of Claim. *In re Adelphia Comms Corp.,* Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15-16 (Bankr. S.D.N.Y. Feb. 20, 2007); *Rockefeller,* 272 B.R. at 539.  Such "sufficient evidence" must be of  equal or greater probative force to that of the proof of claim which, "if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *Oneida,* 400 B. R. at 389 (internal quotations omitted) (quoting *In re Allegheny Intern., Inc.* 954 F.2d 167, 173-74 (3d Cir. 1992) *In re Spiegel, Inc.,* 2007 WL 2456626 at *15 (S.D.N.Y. Aug.

22, 2007); *in re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (evidence must be of equal force).

15.    Debtors' mere assertion that they have "no contractual relationship, privity, or other obligation with or to the claimants" is not evidence.  (Objection ¶1).  "Mere denial of [a] claim's validity or amount is not sufficient to rebut prima facie effect of [the] proof of claim." Hon. Barry Russell, *Bankruptcy Evidence Manual,* §301.13(3) (West Group, 1999) (citing *In re O'Connor,* 153 F.3d 258 (5th Cir. 1998); *In re Brown,* 221 B. R. 46 (Bankr. S. D. Ga. 1998); *In re Narragansett Clothing Co.,* 143 B.R. 582, 583 (Bankr. D.R.I. 1992)); *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.),* Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear.  To prevail, the objector must affirmatively produce evidence to counter the creditor's claim.")

16.    Only after the objector overcomes its burden and puts forth such "sufficient evidence" does the burden of going forward shift back to the claimant thereby requiring the claimant "to meet the usual burden of proof to establish the validity of the claim."  *Adelphia,* 2007 Bankr. LEXIS 660 at *15-16; *see also Moore v. Kulicke & Soffa Indus., Inc.*, 318 F.3d 561, 566 (3d Cir. 2003) ("A denial [of a claim's validity] . . . will simply shift the burden of production to the defendant [objector] to present evident that would tend to rebus the plaintiff's [claimant's] case . . . If the [objector] cannot meet its burden of going forward by presenting some evidence, the [claimant] has met its burden of persuasion.").

17.    The Debtors' argument is insufficient to shift the burden of proof to the Boilermakers.  With respect to the SASCO Claims, as set forth above, liability is imposed by statute and regulation.

18. To the extent the Bankruptcy Court does not overrule the Objection, the Boilermakers reserve the right to seek discovery and to request a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the merits of the Boilermakers' Proofs of Claim. The Boilermakers reserve its right to file a supplemental and/or amended response to the Objection should it deem it necessary.

## CONCLUSION

19. Based upon the foregoing, the Boilermakers respectfully request entry of an Order (i) overruling the 183rd Omnibus Objection as it pertains to the Boilermakers' Proofs of Claim, and (ii) granting such other and further relief as the Court deems just and proper.


Dated: October 13, 2011

LOWENSTEIN SANDLER PC

By: */s/ Michael S. Etkin*
Michael S. Etkin (ME 0570)
Ira M. Levee (IL9958)
1251 Avenue of the Americas
New York, NY  10020
Tel:  (212) 262-6700
Fax:  (212) 262-7402

65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

and

Kurt S. Brack
HOLBROOK & OSBORN, P.A.
7400 West 110th St., Suite 600
Overland Park, Kansas  66210
Tel:  (913) 342-2500
Fax:  (913) 342-0603

*Attorneys for Boilermakers-Blacksmith*
*National Pension Trust Fund*