HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 p.m. (Eastern Time)

**SEGAL MCCAMBRIDGE**
    **SINGER & MAHONEY, LTD.**
By: Robert R. Brooks-Rigolosi, Esq.
850 Third Avenue, Suite 1100
New York, NY 10022
(212) 651-7500 – Telephone
(212) 651-7499– Facsimile
Attorney for Claimant Current Communications &
Electric Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------x
In re                                                   **CHAPTER 11**

**LEHMAN BROTHERS**             **CASE NO. 08-13555-JMP**
**HOLDINGS INC.,** *et al.,*

                                                  **(Jointly Administered)**

                     **Debtors.**
-----------------------------------------------x

**RESPONSE AND OBJECTION OF CLAIMANT CURRENT COMMUNICATIONS
& ELECTRIC CORPORATION (CLAIM NO. 6182) IN OPPOSITION TO
DEBTORS' ONE HUNDRED NINETY-FIFTH OMNIBUS OBJECTION
TO CLAIMS (NO DEBTOR CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      Current Communications & Electric Corporation (hereinafter, "Claimant"), by and

through its counsel, Segal McCambridge Singer & Mahoney, Ltd., hereby submits its Response

and Objection to Debtors' One Hundred Ninety-Fifth Omnibus Objection to Claims (No Debtor

Claims) (hereinafter, the "Objection"), and in opposition thereto, states as follows:

<u>Background & Jurisdiction</u>

      1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      On September 15, 2008 and periodically thereafter, the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the U.S. Code § 101 *et seq.* (the "Bankruptcy Code").  The Debtors chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.      On September 17, 2008, the U.S. Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to § 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 case (the "Examiner") and by order dated January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner filed his report with the Court on March 11, 2010 pursuant to § 1106(b) of the Bankruptcy Code.

Current Communications Claim (Claim No. 6182)

5.      A timely filed proof of claim constitutes *prima facie* evidence of the amount and validity of the claim. 11 U.S.C. §502 (a); *In re 183 Lorraine St. Assoc.* (Bankr. E.D.N.Y. 1996) 198 B.R. 16, 26.

6.      On July 24, 2009, Claimant timely filed a Proof of Claim, No. 6182, and attachments for the $43,797.94 due to it for construction and labor services provided at Lehman Brothers office facilities in Chicago, Illinois (Claim No. 6128 appear in Debtors' One Hundred Ninety-Fifth Omnibus Objection on Line 34 of Exhibit A).

7.      In response to filing the Proof of Claim, Claimant received a Filing Confirmation which properly indicated that the Obligor of the $43,797.94 claim was Lehman Brothers

Holdings, Inc., Case No. 08-13555. (*See* Claim Form Filing Confirmation, attached hereto as Exhibit A.)

8. In addition to the initial Proof of Claim and appended supporting documentation, Claimant hereby submits the attached check stub for an initial payment to Claimant received from Lehman Brothers Holdings, Inc. prior to the Debtors' bankruptcy filing (attached hereto as Exhibit B).

9. At the time the Proof of Claim was filed, Claimant was *pro se* and did not identify the Debtor Name or Case Number on the Proof of Claim form. Claimant hereby submits an Amended Proof of Claim with the original supporting invoices and documentation (attached hereto as Exhibit C), as well as Claimant's Affidavit in Support of Claimant's instant Response and Objection (attached hereto as Exhibit D).

10. It is well established that the Court has the discretion to grant an amendment to a timely filed proof of claim when, as is the case here, (a) Claimant timely asserted the initial claim showing an intent to hold the estate liable such that this claim does not represent a new matter, and (b) the allowance of such amendment would be equitable. In this circumstance, the is no undue prejudice to the Debtors, no bad faith or dilatory behavior by Claimant, allowance would prevent a windfall to other creditors, other claimants will not be harmed or prejudiced, and Claimant's inadvertent failure to fully complete the Proof of Claim form was based in part on Claimant's attempt to avail itself of the court's protections *pro se*. *See In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 94-95 (Bkrtcy.S.D.N.Y. 2007).

11. Based on the foregoing and the attached Amended Proof of Claim and Affidavit (Exhibits C and D, respectively), Claimant requests that this Court: (a) deny Debtors' request

3

that Claim No. 6182 be disallowed and expunged; (b) permit the amendment of Claimant's Proof of Claim as described herein; and (c) allow Claim No. 6182 in the entirety.

12. All future correspondence related to Claim No. 6182 should be directed to, and the possessor of authority to reconcile, settle or otherwise resolve this claim, is Claimant's recently retained counsel, Robert R. Brooks-Rigolosi, Esq., Segal McCambridge Singer & Mahoney, Ltd., 850 Third Avenue, Suite 1100, New York, NY 10022, Tel: 212-651-7500.

WHEREFORE, Claimant respectfully requests that this Court:

a.  deny Debtors' request that Claim No. 6182 be disallowed and expunged;

b.  permit the amendment of Claimant's Proof of Claim as described herein;

c.  allow Claim No. 6182 in the entirety; and

d.  order and enforce any other and further relief deemed appropriate and just by the Court.

DATED:   New York, New York
         October 13, 2011

          Respectfully submitted,

          SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.

          By: /s/ Robert R. Brooks-Rigolosi
          Robert R. Brooks-Rigolosi, Esq. (5264)
          850 Third Avenue, Suite 1100
          New York, NY 10022
          (212) 651-7500 – Telephone
          (212) 651-7499– Facsimile
          Attorney for Claimant Current Communications &
          Electric Corporation