Hearing Date: October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor, New York, NY 10010
Susheel Kirpalani
James C. Tecce
Eric M. Kay

*Special Counsel to the Official Committee of Unsecured*
*Creditors of Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                   :
In re:                                                             :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,                             :    08-13555 (JMP)
                                                                   :
           Debtors.                                                :    (Jointly Administered)
                                                                   :
------------------------------------------------------------------ X

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS IN CONNECTION WITH DEBTORS' MOTION FOR APPROVAL**
**OF SETTLEMENT AGREEMENTS WITH (I) BANK OF AMERICA, N.A.**
**AND (II) MERRILL LYNCH INTERNATIONAL AND ITS AFFILIATES**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors"), in connection with the Debtors' Motion for Approval of Settlement Agreements with (I) Bank of America, N.A. ("BofA") and (II) Merrill Lynch International and certain of its affiliates (the "Merrill Entities"), dated September 28, 2011 [Docket No. 20367] (the "Settlement Motion"), respectfully states as follows:

1.  The Committee has considered carefully the Settlement Agreements and the relief requested in the Settlement Motion (hereinafter, the "Proposed Settlements"). As set forth more fully below, the Committee has no objection to approval of the Settlement Motion.

2.      The Committee has litigated actively as an intervenor in both the adversary proceeding among BofA and LBHI and the subsequent appeal (the "BofA Appeal") from the BofA Decision.[1]  The Committee therefore is intimately familiar with the facts and circumstances surrounding BofA's setoff against $501.8 million of LBHI cash in the special purpose deposit account (the "Cash Collateral Deposit") to satisfy LBHI's purported exposure to BofA under LBHI's guaranty of Lehman Brothers Special Financing, Inc.'s alleged derivates obligations to BofA.  The Committee also was involved in crafting the framework for the settlement and allowance of the counterparties' derivatives claims pursuant to "standardized, uniform and transparent principles and methodologies" (the "Derivatives Framework").[2]

3.      The Proposed Settlement with BofA entails the following:

- BofA will withdraw the BofA Appeal;[3]

- BofA will setoff immediately against $145,800,000 (or 29%) of the principal amount of the total Cash Collateral Deposit ($501,800,000);[4]

- LBHI will receive $356,020,712 of the principal amount of the total Cash Collateral Deposit ($501,800,000), or approximately 71%, which will be distributed 10 business days after initial distributions are made under the Second Amended Plan;[5]

- BofA will pay interest calculated at the rate of 2.84% (non-compounded) from November 10, 2008 through December 3, 2010, and at the annual rate of six basis points from December 4, 2010 through the date funds are disbursed;[6]

---

[1]     In re Lehman Bros. Holdings Inc., 439 B.R. 811 (Bankr. S.D.N.Y. 2010) (the "BofA Decision").

[2]     See Debtors' Disclosure Statement For Second Amended Joint Chapter 11 Plan For Lehman Brothers Holdings Inc. And Its Affiliated Debtors Pursuant To Section 1125 Of The Bankruptcy Code, dated June 30, 2011 (the "Disclosure Statement") at 44-45.

[3]     BofA Settlement Agreement at 12 (§ 14).

[4]     BofA Settlement Agreement at 6 (§ 5(a)).

[5]     BofA Settlement Agreement at 6 (§ 5(b)). See Second Amended Joint Chapter 11 Plan Of Lehman Brothers Holdings Inc. And Its Affiliated Debtors, dated June 30, 2011 (the "Second Amended Plan").

[6]     BofA Settlement Agreement at 6 (§5(b)). .

2

- the derivates claims of both BofA and the Merrill Entities are allowed in the amount of the Derivates Framework Valuations with an 11.25% increase as part of their final settlement (the "Modified Framework Valuations");[7]

- BofA and the Merrill Entities get most-favored-nations protection, subjecting the allowed amount of the derivatives claims to upward adjustment if any other counterparty gets more favorable treatment;[8]

- the parties execute mutual releases;[9] and

- BofA and the Merrill Entities execute plan support agreements.[10]

4. The Settlement Motion stresses the value to the estates of BofA's and the Merrill Entities' participation in the Derivatives Framework, especially considering the collective, asserted amount of their claims (nearly $5 billion) against their allowed amount under the Proposed Settlements (approximately $1.5 billion). The Committee agrees completely that the attendant claims reduction provides significant value to the estates, as does garnering BofA's and the Merrill Entities' support for the Second Amended Plan.

5. The Settlement Motion also notes that the Committee consented to settlements with eight other derivatives counterparties that provided for Modified Framework Valuation and plan support agreements.[11] To be clear, the Committee supported those agreements, and the award of enhanced, Modified Framework Valuations, for creditors that had the prescience to compromise their claims and execute plan support agreements three months

---

[7] BofA Settlement Agreement at 6-7 (§§ 4-6). See also Disclosure Statement at pp. 45-46

[8] BofA Settlement Agreement at 10 (§ 13).

[9] BofA Settlement Agreement at 8-9 (§§ 9, 10).

[10] BofA Settlement Agreement at 4.

[11] See Settlement Mot. at 10 (¶ 17), at 18 (¶ 28). See also Statements In Support of Disclosure Statement filed by BNP Baribas (Docket No. 19106), Goldman Sachs Bank USA and Goldman Sachs International (Docket No. 19152), Och-Ziff Capital Management Group LLC (Docket No. 19153), Royal Bank of Scotland plc (Docket No. 19161), Credit Suisse AG, Credit Suisse Securities (Europe) Limited and Credit Suisse Loan Funding LLC (Docket No. 19164), Societe Generale Bank and Trust (Docket No. 19165), Deutsche Bank AG and DB Energy Trading LLC (Docket No. 19173) and UBS AG (Docket No. 19185).

3

ago -- at a critical juncture in these cases, that is, on the eve of the filing of the Second Amended Plan and presentment of the Disclosure Statement for approval.

6. With respect to the BofA Appeal, the Committee believes there is no meaningful risk that the United States District Court for the Southern District of New York (the "District Court") will reverse the BofA Decision. The fully developed evidentiary record, scrupulously examined by this Court, unequivocally supports the BofA Decision's finding that (a) BofA breached the unambiguous terms of the "Security Agreement" in satisfying unrelated derivatives obligations with the Cash Collateral Deposit, (b) the parties' manifest intent was to create a special purpose account as evidenced by, among other things, the agreement to segregate the funds for overdrafts, and (c) BofA bargained for specific protections instead of general setoff rights. Moreover, the District Court's Swedbank Decision[12] (issued after the BofA Decision) corroborates this Court's conclusion that BofA's setoff did not fall within the exception to the automatic stay contained in section 362(b)(17) of the Bankruptcy Code. The record also supports the Court's setting pre-judgment interest at 9% as mandated by section 5001(a) of the New York Civil Practice Law and Rules for breach of contract awards. Thus, the Committee submits that compromising the BofA Appeal in exchange for 71% of the Cash Collateral Deposit and pre-judgment interest payable at 2.84% does not properly reflect the estates' chances of appellate success.

7. Nonetheless, recognizing the standards applicable to settlements submitted for approval pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, the Committee concludes that the aggregate benefits realized by the estates ultimately outweigh the Proposed Settlements' infirmities, including the disproportionate allocation of the parties' probability of appellate success. The Committee also believes the Settlement Agreements fall

---

[12] Swedbank AB (PUBL) v. Lehman Brothers Holdings Inc., et al. (In re Lehman Brothers Holdings Inc., et al.), 445 B.R. 130 (S.D.N.Y. 2011) (the "Swedbank Decision").

4

within the range of reasonableness and reflect a reasonable exercise of the Debtors' business judgment.

8. Accordingly, the Committee does not object to the Settlement Motion and respectfully requests that the Court grant the relief requested in the Settlement Motion and award such other relief as is just and appropriate.

Dated: October 13, 2011
      New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

By:   JAMES C. TECCE
      Susheel Kirpalani
      James C. Tecce
      Eric M. Kay

51 Madison Avenue
New York, New York 10010
Telephone No.: (212) 849-7000
Facsimile No.: (212) 849-7100

*Special Counsel to Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al.*