**Presentment Date and Time:** October 21, 2011 at 12:00 p.m. (Prevailing Eastern Time)
**Objection Deadline:** October 20, 2011 at 11:00 a.m. (Prevailing Eastern Time)
**Hearing Date and Time (Only if Objection Filed):** November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (JMP)
                                            :
                    Debtors.                :    (Jointly Administered)
-------------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND THE ESTATE OF FANNIE**
**MARIE GAINES PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

      **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order providing for limited relief from the automatic stay between Lehman Brothers Holdings Inc., as debtor and debtor-in-possession, and the Estate of Fannie Marie Gaines (the "Stipulation, Agreement and Order"), to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **October 21, 2011 at 12:00 p.m. (Prevailing Eastern Time).**

      **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order with proof of service is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **October 20, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 13, 2011
      New York, New York

<div style="margin-left:40%">

/s/ Robert J. Lemons
Jacqueline Marcus
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

</div>

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | : | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------x

<div align="center">

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND THE ESTATE OF FANNIE**
**MARIE GAINES PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

</div>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor-in-possession,

and the Estate of Fannie Marie Gaines ("Gaines"), by and through their respective counsel,

hereby enter into this Stipulation, Agreement and Order (the "Stipulation, Agreement and

Order") and represent and agree as follows:

RECITALS:

A.    Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (collectively, the

"Debtors") commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter

11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases have

been consolidated for procedural purposes only and are being jointly administered pursuant to

rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.      Gaines is a plaintiff in an action titled *Fannie Marie Gaines v. Tornberg, et al.* [Case No. BC361 768] that is currently pending in the Superior Court for the County of Los Angeles, Central District (the "California Action"). The California Action is based on Gaines' claim that certain third parties fraudulently induced Fannie Marie Gaines and Milton Gaines to enter into a refinancing transaction pursuant to which Fannie Marie Gaines and Milton Gaines conveyed their interest in real property located at 1259/1261 South Longwood Avenue, Los Angeles, California (the "Property") to an individual named Joshua Tornberg ("Tornberg").

C.      Gaines asserts that this conveyance was part of a larger transaction pursuant to which Tornberg agreed to lease the Property back to the Fannie Marie Gaines and Milton Gaines with an option to repurchase the Property in the future when Fannie Marie Gaines and Milton Gaines were able to obtain traditional sources of financing.

D.      Gaines further asserts that while Tornberg was the owner of record of the Property, he obtained two loans from GreenPoint Mortgage Funding Inc. ("GreenPoint"), which loans were secured by deeds of trust encumbering the Property. The note (the "LBHI Note") and the deed of trust (the "LBHI Deed of Trust") evidencing one of these loans were subsequently transferred from GreenPoint to LBHI. The LBHI Note has an original principal balance of $865,000.

E.     Gaines further asserts that the conveyance of title to the Property by Fannie Marie Gaines and Milton Gaines to Tornberg was void or voidable and that, consequently, the LBHI Deed of Trust is also void or voidable.[1]

F.     The automatic stay extant in LBHI's Chapter 11 Case pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") has prevented Gaines from naming LBHI in the California Action.

G.     On September 6, 2011, Gaines filed a motion in this Court seeking relief from the Automatic Stay to pursue claims to quiet title and to void the LBHI Deed of Trust in the California Action (the "Motion") [ECF No. 19707].

H.     In light of the foregoing, LBHI and Gaines (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to modify the Automatic Stay for the limited purpose of allowing Gaines to name LBHI as a defendant in the California Action solely for the purpose of bringing claims to quiet title and to void the LBHI Deed of Trust in the California Action.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.     This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.     Upon the Effective Date, the Automatic Stay extant in LBHI's Chapter 11 Case shall be modified solely to the extent necessary to permit Gaines (i) to add LBHI as a

---

[1] The description of the dispute contained herein is for illustrative purposes only and is not intended to be determinative of any facts, any party's rights under any of the documents described herein, or to amend, limit, waive or release any party's obligations, rights, remedies or defenses thereunder.

defendant in the California Action solely with respect to her claims to quiet title and to void the

LBHI Deed of Trust, and (ii) to settle the California Action with LBHI or LBHI's relevant

insurers, if appropriate; provided, however, that the provisions of the Automatic Stay, including,

without limitation, those provisions prohibiting the commencement or continuation of any other

judicial proceeding against LBHI that was or could have been commenced prior to the

Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a

claim that arose prior to the Commencement Date from LBHI's estate and/or assets or property

of LBHI (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3.      The limited relief set forth herein shall not be construed as (i) an

admission of any fact, (ii) an admission of liability by LBHI of any claim or cause of action

arising from or in relation to the Property or any other matter, (iii) a waiver by LBHI of its right

to file a cross-complaint against any party to the California Action, including Gaines, or (iv) a

waiver of any claim, counterclaim or defense by LBHI.

4.      Upon the Effective Date, the Motion shall be deemed resolved.

5.      The Parties agree that this Court shall be the exclusive forum with respect

to any disputes or controversies relating to or arising under this Stipulation, Agreement and

Order.

6.      This Stipulation, Agreement and Order can only be amended or otherwise

modified by an order of this Court.

7.      This Stipulation, Agreement and Order shall be effective immediately

upon its entry and shall not be stayed pursuant to Bankruptcy Rule 4001(a)(3).

8.      The person who executes this Stipulation, Agreement and Order by or on

behalf of each respective Party represents and warrants that he or she has been duly authorized

and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

9.      This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10.    This Stipulation, Agreement and Order shall be governed by the laws of

the State of New York, without regard to the application of New York's conflict of law

principles.

Dated:  October 12, 2011
       New York, New York

/s/ Mitchell G. Mandell
Mitchell G. Mandell
NORRIS, McLAUGHLIN & MARCUS, PA
875 Park Ave., 8th Floor
New York, New York 10022
Telephone:  (212) 808-0700
Facsimile:  (212) 808-0844

Attorneys for the Estate of Fannie Marie Gaines

Dated:  October 12, 2011
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

SO ORDERED, this
___ day of October, 2011

_____
UNITED STATES BANKRUPTCY JUDGE