HEARING DATE AND TIME: **November 30, 2011 at 10:00 a.m. (Eastern Time)**
RESPONSE DEADLINE: **November 14, 2011 at 4:00 p.m. (Eastern Time)**

**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Joseph D. Pizzurro
L. P. Harrison 3rd
Michael J. Moscato
Nancy E. Delaney

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                        :    **Chapter 11 Case No.**
                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :    **08-13555 (JMP)**
                                             :
                    Debtors.                 :    **(Jointly Administered)**
------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' OBJECTION TO CLAIM NOS. 22886, 23011,
AND 23024 (DUPLICATIVE OF INDENTURE TRUSTEE CLAIM)**

**PLEASE TAKE NOTICE** that on October 13, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), filed their objection to claim numbers 22886, 23011, and 23024 (the "Claims Objection"), and that a hearing (the "Hearing") to consider the Claims Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 30, 2011 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Claims Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and

10515674

the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) conflicts counsel for the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178-0061 (Attn. L. P. Harrison 3rd, Esq., and Cindi Eilbott Giglio, Esq.); (iv) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); (v) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); and (vi) special counsel to the Committee, Quinn Emanuel Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 (Attn: John B. Quinn, Esq., and Erica Taggart, Esq.) so as to be so filed and received by no later than **November 14, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Claims Objection or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Claims Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: October 13, 2011
      New York, New York

                                         **CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

                                         By: ___/s/ L. P. Harrison 3rd___
                                         Joseph D. Pizzurro
                                         L. P. Harrison 3rd
                                         Michael J. Moscato
                                         Nancy E. Delaney
                                         Peter J. Behmke
                                         Cindi Eilbott Giglio
                                         101 Park Avenue
                                         New York, New York 10178-0061
                                         (212) 696-6000

                                         *Counsel for Debtors and*
                                           *Debtors- in-Possession*

HEARING DATE AND TIME: November 30, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 14, 2011 at 4:00 p.m. (Eastern Time)

CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Joseph D. Pizzurro
L. P. Harrison 3rd
Michael J. Moscato
Nancy E. Delaney

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                      :    Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                   :    08-13555 (JMP)
                                                           :
                    Debtors.                               :    (Jointly Administered)
------------------------------------------------------------x

**DEBTORS' OBJECTION TO CLAIM NOS. 22886, 23011, AND 23024
(DUPLICATIVE OF INDENTURE TRUSTEE CLAIM)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1.  The Debtors file this objection to claim numbers 22886, 23011, and 23024 (the "Claims Objection"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of Claims Objection Procedure (the

10515674

"Procedures Orders") [Docket No. 6664], seeking disallowance and expungement of claim numbers 22886, 23011, and 23024.

2. The Debtors have examined the proofs of claim 22886, 23011, and 23024 (the "Duplicative Claims"), filed respectively by Commingled Pension Trust Fund (Core Bond) of JPMorgan Chase Bank, N.A., JPMorgan Intermediate Bond Trust, and Commingled Pension Trust Fund (Market Plus Bond) of JPMorgan Chase Bank, N.A. (each a "Claimant," and collectively, the "Claimants"). The Debtors have determined that these proofs of claim are substantively duplicative, in part, of proof of claim number 21802 (the "Indenture Trustee Claim").[1] The Indenture Trustee Claim is a proof of claim asserting general unsecured claims filed by the Bank of New York Mellon (the "Bank of New York"), in its capacity as indenture trustee, on behalf of itself and the holders of certain notes (the "Subordinated Notes") issued pursuant to the Bank of New York Indenture (as defined below). To the extent that the Duplicative Claims relate to the Subordinated Notes, the Debtors seek the disallowance and expungement from the Court's claims register of the Duplicative Claims and preservation of the Debtors' right to later object to the Indenture Trustee Claim on any basis.

3. This Claims Objection does not affect the Indenture Trustee Claim and does not constitute any admission or finding with respect to the Indenture Trustee Claim. Further, the Debtors reserve all their rights to object on any basis to any Duplicative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[1] The portions of the Duplicative Claims not subject to the Claims Objection were the subject of the Debtors' Twenty-Fourth Omnibus Objection to Claims [Docket No. 9662].

-2-

10515674

## Background

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.  On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order specifically provides for the indenture trustees of certain securities, such as the Bank of New York, to file a global proof of claim on behalf of the individual holders of those securities. (*See* Bar Date Order at 3-4.)

9.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500

-3-

10515674

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The Indenture Trustee Claim

10.     LBHI and the Bank of New York, as successor trustee to Chemical Bank, entered into an indenture on February 1, 1996 (the "Bank of New York Indenture"). The terms of the Bank of New York Indenture authorize the indenture trustee to file a proof of claim on behalf of all holders of securities issued under the Bank of New York Indenture. (*See* Bank of New York Indenture attached to Claim No. 21802 as Ex. A.)

11.     On September 21, 2009, the Bank of New York filed proof of claim number 21802 on behalf of itself and the holders of the Subordinated Notes issued under the Bank of New York Indenture.

### The Duplicative Claims Should Be Disallowed and Expunged

12.     In their review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the Duplicative Claims as substantively duplicative of the Indenture Trustee Claim. Each Duplicative Claim was filed by a Claimant and asserts a general unsecured, secured, administrative expense, and/or priority claim relating, in whole or in part, to the Subordinated Notes. The Indenture Trustee Claim is a general unsecured claim filed by the Bank of New York as indenture trustee, on behalf of the Claimants and on account of the securities issued under the Bank of New York Indenture. Thus, each Duplicative Claim seeks to recover, in part, for the same alleged obligation and on behalf of the same Claimants as the Indenture Trustee Claim.

13.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14. Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g., In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

15. The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

16. The Duplicative Claims should be disallowed as substantively duplicative, in part, of the Indenture Trustee Claim. The Bank of New York was the proper party to file claims on behalf of the Claimants. The terms of the Bank of New York Indenture provide for the trustee filing a proof of claim on behalf of all holders of the securities issued under the Bank of New York Indenture. (*See* Bank of New York Indenture § 504.) Moreover, the Bar Date Order specifically states that any holder of a security listed on the Master List of Securities, which includes the Subordinated Notes, need not file a proof of claim "due to the fact that the indenture trustee for such securities will file a global proof of claim on behalf of all holders of securities

-5-

issued thereunder; []Wilmington Trust Company, US Bank National Association, and the indenture trustee for each of the other securities included on the Master List of Securities, each will file a global proof(s) of claim on behalf of all holders of securities for which it is identified as Indenture Trustee on the Master List of Securities[]. . . ." (*See* Bar Date Order at 3-4.) Finally, the Bankruptcy Rules provide that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is the trustee." *See* Fed. R. Bank. P. 3003(c)(5).

17. Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge the Duplicative Claims. The Indenture Trustee Claim will remain on the claims register subject to objections on any basis.

### Notice

18. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Claims Objection on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Claimants, as defined in paragraph 2 above; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

10515674

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: October 13, 2011
      New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By: __/s/ L. P. Harrison 3rd__
Joseph D. Pizzurro
L. P. Harrison 3rd
Michael J. Moscato
Nancy E. Delaney
Peter J. Behmke
Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

*Counsel for Debtors and
 Debtors- in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                           Debtors.                            :    (Jointly Administered)
---------------------------------------------------------------x

## ORDER GRANTING DEBTORS' OBJECTION TO CLAIM NOS. 22886, 23011, AND 23024 (DUPLICATIVE OF INDENTURE TRUSTEE CLAIM)

Upon the objection to claim numbers 22886, 23011, and 23024, dated October 13, 2011 (the "Claims Objection"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative Claims on the grounds that such claims are substantively duplicative of the corresponding Indenture Trustee Claim, all as more fully described in the Claims Objection; and due and proper notice of the Claims Objection having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Claimants, as defined in paragraph 2 of the Claims Objection; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Objection to Claim Nos. 22886, 23011, and 23024.

10516103

-2-

determined that the relief sought in the Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim numbers 22886, 23011, and 23024 (collectively, the "Duplicative Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that claim number 21802 (the "Indenture Trustee Claim") will remain on the claims register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative Claims constitutes any admission or finding with respect to the Indenture Trustee Claim, and the Debtors' rights to object to the Indenture Trustee Claim on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to the Indenture Trustee Claim; and it is further

10516103

-3-

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

10516103