UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS, INC., et al.          Chapter 11
                                                Case No. 08-13555 (JMP)
                    Debtors.                    (Jointly Administered)


---------------------------------------------------------X
CYNTHIA SWABSIN and ALEXANDER
LEYTMAN, on behalf of themselves and all
others similarly situated,

                    Plaintiffs,

         v.

LEHMAN BROTHERS HOLDINGS, INC.,

                    Defendant.
---------------------------------------------------------X

## MOTION OF REPRESENTATIVE CLAIMANTS PURSUANT TO F.R.B.P. 9014 SEEKING APPLICATION OF F.R.B.P. 7023

OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

Jack A. Raisner (JR 6171)
René S. Roupinian (RR 3884)

<u>**TABLE OF CONTENTS**</u>

Page

SUMMARY OF ARGUMENT ................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................. 2

STATEMENT OF JURISDICTION................................................................ 4

ARGUMENT........................................................................................ 4

I.     The Court should Exercise its Discretion and Apply Fed.R.Bankr.P. 7023 to the   Class Claim. ............................................................................... 4

II.    A class action is authorized by the Bankruptcy Rules of Procedure and is a superior method for adjudicating the rights of large numbers of claimants. ............. 6

III.   Class Claims are Proper in Bankruptcy Court Even When the Putative Class.......... 6

IV.   Class Claims for Severance Have Been Certified by this Court............................ 12

V.    Class Certification would Effectuate the Goals of the Bankruptcy and Class Action Rules................................................................................... 13

VI.   The Proposed Class Satisfies All the Requirements of Rule 23. ........................... 15

        A.     The Proposed Class Meets the Requirements of Rule 23(a). .................. 16

              1.     The Numerosity Requirement is Satisfied. ................................ 16

              2.     Questions of Law and Fact Are Common to All Members of the Proposed Class. ....................................................................... 17

              3.     The Claims of the Representative Parties are Typical of the Claims of the Class. .................................................................. 19

              4.     The Plaintiffs Will Fairly and Adequately Protect the Interests of the Class .................................................................. 20

        B.     The Proposed Class Meets the Requirements of Rule 23(B)(3). ........... 21

VII.  This Court Should Appoint the Undersigned Class Counsel.................................. 23

VIII. Appointment of Class Representatives. .................................................... 23

i

IX.      The Form and Manner of Service of Notice. ........................................................... 23

CONCLUSION .................................................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amchem Prods v. Windsor*,
  521 U.S. 591 (1997).............................................................................................20

*Barnett v. Jamesway Corp (In re Jamesway Corp.)*,
  1997 WL 327105 (Bankr. S.D.N.Y. June 12, 1997).....................................5, 6, 9

*Bonilla v. Trebol Motors Corp.*,
  220 B.R. 500 (B.A.P. 1st Cir. 1998).......................................................................8

*Burgio v. Protected Vehicles, Inc.*,
  397 B.R. 339 (Bankr. D.S.C. 2008).........................................................................6

*Cashman v. Dolce International/Hartford*,
  225 F.R.D. 73 (D. Conn. 2004).......................................................................16, 17

*Carrera v. Bally Total Fitness of Greater N.Y., Inc.*,
  411 B.R. 142 (Bankr. S.D.N.Y. 2009)..............................................................9, 10

*Certified Class in the Charter Securities Litigation v. Charter Co.*,
  876 F.2d 866 (11th Cir. 1989) ........................................................................ passim

*In re Circuit City Stores, Inc.*,
  2010 WL 2208014, No. 08-35653 (Bankr. E.D.Va. May 28, 2010) .............9, 10, 11

*Deposit Guaranty National Bank v. Roper*,
  445 U.S. 326 (1980).............................................................................................13

*Dura-Bilt Corp. v. Chase Manhattan Corp.*,
  89 F.R.D. 87 (S.D.N.Y. 1981) .............................................................................19

*Eisen v. Carlisle & Jacquelin*,
  391 F.2d 555, 562 (2d Cir. 1968)....................................................................20, 21

*Eisen v. Carlisle & Jacquelin*,
  417 U.S. 156 (1974).............................................................................................16

*General Tel. Co. v. Falcon*,
  457 U.S. 147 (1982).............................................................................................18

*Grunin v. International House of Pancakes*,
  513 F.2d 114 (8th Cir.), *cert. denied*, 423 U.S. 864 (1975)..................................24

*Hnot v. Willis Group Holdings, Ltd.*,
   228 F.R.D. 476 (S.D.N.Y. 2005) ........................................................................19

*Huddleston v. American Reserve Corp.*,
   840 F.2d 487 (7th Cir. 1988) .............................................................5, 8, 13, 14

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
   239 F.R.D. 363 (S.D.N.Y. 2007) ........................................................................17

*Iles v. Chateaugay Corp.*,
   104 B.R. 626 (S.D.N.Y. 1989)...................................................................9, 14, 15

*In re Initial Public Offering Securities Litigation*,
   471 F.3d 24 (2nd Cir. 2006).................................................................................16

*Johnson v. First NLC Fin. Servs.*,
   410 B.R. 726 (Bankr. S.D.Fla. 2008) ...............................................................15

*Jones v. Amdura Corporation*,
   170 B.R. 445 (D. Col. 1994)..................................................................................8

*In re Kaiser Group International, Inc.*,
   278 B.R. 58, 64 (Bankr. D. Del. 2002) .........................................................7, 17

*In re LandAmerica Fin. Group, Inc.*,
   435 B.R. 343, 348 (Bankr. E.D. Va. 2010)..........................................................1

*Lane v. Birting Fisheries, Inc.*,
   92 F.3d 939 (9th Cir. 1996) ..........................................................................4, 8, 14

*Marisol A. ex. rel. v. Giuliani,*,
   126 F.3d 372, 378 (2d Cir. 1997)........................................................................20

*In re Musicland,*
   362 B.R. 644 (Bankr. S.D.N.Y. 2007) .................................................................9

*Patrowicz v. Transamerica HomeFirst, Inc.*,
   359 F. Supp. 2d 140 (D. Conn. 2005).................................................................24

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985)..............................................................................................21

*In re REA*,
   10 B.R. 812, 813 (Bankr. S.D.N.Y. 1981).............................................12, 13, 14

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*,
   2006 WL 941765, No. CV-04-2195 (CPS) (E.D.N.Y. Apr 12, 2006) ....................24

iv

*Reid v. White Motor Corp.,*
    886 F.2d 1462 (6th Cir. 1989) ........................................................................5, 8

*Robidoux v. Celani,*
    987 F.2d 931 (2d Cir. 1993).........................................................................17, 19

*Rodger v. Electronic Data Systems Corp.,*
    160 F.R.D. 532 (E.D.N.C. 1995) ........................................................................21

*In re Sacred Heart Hospital of Norristown,*
    177 B.R. 16 (Bankr. E.D. Pa. 1995) ..................................................................7, 9

*Schmitt v. Portal Software Inc.,*
    2007 WL 1991529, No. C 03 5138 VRW (N.D.Cal., June 30, 2007) .....................16

*Securities & Exchange Commission v. Drexel Burnham Lambert Group,*
    960 F.2d 285, 291 (2d Cir. 1992).....................................................................10, 20

*Securities Investor Protection Corp., v. First Interregional Equity Corp.,*
    227 B.R. 358 (Bankr. N.J. 1998) .................................................................. passim

*Sinay v. Zenith Laboratories,*
    104 B.R. 659 (D.N.J. 1989) ..................................................................................7

*In re Spring Ford Industries,*
    2004 WL 231010, No. 02-15015DWS (Bankr..E.D.Pa., January 20, 2004) ............7

*Steiner v. Equimark Corp.,*
    96 F.R.D. 603 (W.D. Pa. 1983) ...........................................................................24

*Straus–Duparquet v. Local Union No. 3 Intern. Broth. Of Elec. Workers, A F of L, CIO,*
    386 F.2d 649 (2nd Cir.1967)..................................................................................1

*In re Sumitomo Copper Litig.,*
    194 F.R.D. 480 (S.D.N.Y.2000) ..........................................................................21

*Taylor v. U.S.,*
    41 Fed.Cl. 440 (July 30, 1998) ............................................................................13

*Traux & Hovey, LTD., v. Grosso,*
    9 B.R. 815 (S.D.N.Y. Bankr. 1981) ......................................................................7

*Trist v. First Federal Saving & Loan Association,*
    89 F.R.D. 1 (E.D. Pa.1980)..................................................................................24

*In re United Companies Financial Corp.,*
    276 B.R. 368 (Bankr. Del. 2002) ........................................................................7, 8

*Wal-Mart Stores, Inc. v. Visa USA Inc. (In re Visa Check/MasterMoney Antitrust Litig.),*
280 F.3d 124 (2d Cir. 2001)............................................................................21

*Weinberger v. Kendrick,*
698 F.2d 61 (2d Cir. 1983)...........................................................................23, 24

*Whitaker v. Philadelphia Electric Company,*
84 B.R.934 (Bankr. E.D.Pa 1988).......................................................................7

*In re W.T. Grant Co.,*
24 B.R. 421 (Bankr. S.D.N.Y. 1982)..................................................9, 12, 13, 14

*Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.,*
750 F.2d 86 (3d Cir. 1985)................................................................................23

*Zychlinski v. First Alliance Mortgage Corp.,*
269 B.R. 428 (C.D. Cal. 2001) ................................................................. passim

## STATUTES

11 U.S.C. § 503(a) ....................................................................................................3

28 U.S.C. §§ 157 .....................................................................................................4

28 U.S.C. § 157 (b)(2)(A)........................................................................................4

28 U.S.C. § 157 (b)(2)(B)........................................................................................4

28 U.S.C. § 157 (b)(2)(K)........................................................................................4

28 U.S.C. § 157 (b)(2)(O)........................................................................................4

28 U.S.C. § 507(a)(3)...............................................................................................4

28 U.S.C. § 507(a)(4)............................................................................................1, 3

28 U.S.C. §§ 1334....................................................................................................4

## OTHER AUTHORITIES

*1 Newberg on Class Actions*, § 3:4 at 230 (4th Ed. 2002) ..............................16

*1 Newberg, supra* § 3:5 at 248 ...........................................................................17

*3 Newberg on Class Actions* (4th ed. 2002) § 7.9...........................................16

1 *Newberg, supra*, at §3:13 at 326 (4th edition 2002) ....................................19

Fed. R. Civ. P. 23................................................................................... passim

Fed. R. Civ. P. 23(a) ...................................................................................................16, 20, 21

Fed. R. Civ. P. 23(a)(1)...............................................................................................15, 16, 17

Fed. R. Civ. P. 23(a)(2)...................................................................................................15, 17

Fed. R. Civ. P. 23(a)(3)...............................................................................................15, 17, 19

Fed. R. Civ. P. 23(a)(4)...................................................................................................15, 20

Fed. R. Civ. P. 23(b) ........................................................................................................10, 15

Fed. R. Civ. P. 23(b)(1)...........................................................................................................10

Fed. R. Civ. P. 23(b)(3)..................................................................................10, 15, 21, 22, 23

Fed. R. Civ. P. 23(c)(2)(B) ...............................................................................................23, 24

Fed. R. Civ. P. 23(c)(3)................................................................................................................23

Fed.R.Bankr.P. 3001 .................................................................................................................9

Fed.R.Bankr.P. 7023 ..........................................................................................................passim

Fed.R.Bankr.P. 9014...........................................................................................................passim

Fed.R.Bankr.P. 9014(c) .............................................................................................................5

Plaintiffs Cynthia Swabsin and Alexander Leytman (together, "Plaintiffs" or "Representative Claimants"), by and through their undersigned counsel, on behalf of themselves and a putative class of similarly situated persons, make this motion pursuant to Fed.R.Bankr.P. 9014 seeking application of Fed.R.Bankr.P. 7023 for certification of their class claim.

## SUMMARY OF ARGUMENT

Plaintiffs' proof of claim presents a discrete issue of whether priority treatment should be afforded employees who "earned" their severance pay, for the purposes of § 507(a)(4), on the date of their termination when they became entitled to receive it. *In re LandAmerica Fin. Group, Inc.,* 435 B.R. 343, 348 (Bankr. E.D. Va. 2010) *aff'd sub nom. Matson v. Alarcon*, 651 F.3d 404 (4th Cir. 2011)(reclassifying for priority treatment severance pay as "earned" on the date of termination), *Matter of Straus–Duparquet, Inc.,* 386 F.2d 649, 651 (2nd Cir.1967).

Debtors' procedural objection is limited to whether Plaintiffs should be allowed to present this issue on behalf of the class of similarly-situated claimants. No bankruptcy court, according to the research presented by Debtors, has denied class certification to such a discrete claim that so clearly spares the Court's and Debtors' resources and affords small creditors the fairest degree of adjudication.

Moreover, Debtors assert, for the first time, that LBI, not LBHI was the employer, and thus LBHI should not be held liable. Debtors have proffered no evidence in support of their contention that they are not liable in the face of overwhelming evidence that Debtors induced the class to file their proofs of claim in the LBHI case, and thus are estopped from denying responsibility. This presents a dispositive class-wide issue of common fact and law that is ripe for class treatment. At the very least, the Court should certify a class comprising individuals who filed proofs of claim for severance, together with those severance claims

1

previously scheduled by Debtors. Debtors fail to address, no less show, why piecemeal, repetitive adjudication of these claims makes sense, in comparison to a streamlined class claim.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      Plaintiffs and putative class members are all former employees of Defendant Lehman Brother Holdings Inc., and its affiliated Debtors (altogether, "Debtors") who lost their jobs in connection with Debtors' Chapter 11 bankruptcy.

2.      After they filed for bankruptcy on September 15, 2008, Debtors severed their employment relationship with Plaintiffs and approximately 300 other similarly-situated former employees during what Debtors called a 60-day "notice period."

3.      During the notice period, Debtors notified each putative class member via a "Separation Agreement" that he or she would be separated from employment on a specific date following the notice period.

4.      The Separation Agreements promised that Debtors would continue to pay putative class members their wages during the notice period. Debtors began paying notice period wages pre-petition, and continued to do so after their Chapter 11 bankruptcy petition was filed.

5.      On September 30, 2008, Debtors sent Plaintiffs and each of the putative class members a letter informing them that they were terminating their remaining wage payments and some other amounts.

6.      Debtors scheduled the amounts payable under the Separation Agreements, including the wages promised during the notice period and afterwards, as general, non-priority, unsecured, unliquidated, contingent claims for each putative class member.  Debtors characterized these amounts as "outstanding severance."

2

7.     The Bankruptcy Court issued an order setting a bar date of September 22, 2009 for filing proofs of claims on prepetition claims (Docket No. 4271). The order required notice of the bar date to be sent to "all (i) current employees of the Debtors, (ii) all former employees of the Debtors terminated after September 1, 2006…." (Docket No. 4271).

8.     On December 3, 2008, Plaintiff Swabsin filed individual proofs of claim asserting wage priority claims under Bankruptcy Code § 507(a)(4) for the amounts owed to her as a result of her separation of employment with Debtors. (Claim Nos.1193, 28580-28583).

9.     On September 21, 2009, Plaintiff Leytman filed individual proofs of claim asserting priority under Bankruptcy Code § 507(a)(4) for the amounts owed to him as a result of his separation of employment with Debtors. (Claim Nos. 24184, 24187).

10.     On September 21, 2009, Plaintiffs filed an Adversary Proceeding Class Action Complaint against Debtors for their failure to make payments under the Separation Agreements (Adv. Pro. No. 09-1482 (JMP)). In the adversary proceeding, Plaintiffs sought a declaratory judgment, pursuant to Fed. R. Bank. P. 7001(2), (9), that their unpaid severance be classified as an administrative expense under 11 U.S.C. § 503(a), or alternatively as a wage priority claim under 11 U.S.C § 507(a)(4). (Case No. 09-1482, Docket No. 1, Adv. Complaint, Prayer for Relief).

11.     The proposed class consists of Plaintiffs and the other former employees of Debtors who entered into Separation Agreements on or about September 9, 2008, wherein they would be paid salary and benefits through a 60-day notice period and subsequent separation date, but who Debtors ceased paying on or around October 3, 2008, and who have not filed a timely request to opt-out of the class. The proposed class definition is as follows:

> Former employees of Debtors who entered into agreements on or about September 9, 2008, to be paid salary and benefits through a 60-day notice period and

3

subsequent separation date but who Debtors ceased paying on or around October 3, 2008, and who have not filed a timely request to opt-out of the class.

12.     On September 22, 2009, Plaintiffs filed an amended Class Proof of Claim (Claim No. 29702) in Debtors' main case, asserting an administrative expense claim under Bankruptcy Code § 507(a)(3) for their unpaid severance under the Separation Agreements (the "Class Claim").

13.     On November 13, 2009, Debtors moved to dismiss the adversary complaint, disputing Plaintiffs' right to use an adversary proceeding process for their claims, as well as the characterization of their claims as an administrative expense. (Case No. 09-1482, Docket No. 6, Motion to Dismiss at 8, 18). On January 21, 2010, the Court dismissed Plaintiffs' adversary proceeding.

14.     At the hearing on Debtors' motion to dismiss Plaintiffs' adversary complaint, Debtors acknowledged that it had scheduled the severance claims of approximately 150 members of the putative class, and that it was aware that putative class members filed individual proofs of claim for severance, a majority asserting priority status.  (*See* Exhibit B, Tr. January 21, 2010, pp 49-50, 56).

15.     On September 16, 2011, Debtors filed an objection to Plaintiffs' Class Claim.

## STATEMENT OF JURISDICTION

This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A), (B), (K) and (O).

## ARGUMENT

### I.     The Court should Exercise its Discretion and Apply Fed.R.Bankr.P. 7023 to the Class Claim.

The Third, Sixth, Seventh, Ninth and Eleventh Circuits unequivocally allow class proofs of claim. *In re First Interregional Equity Corp.,* 227 B.R. 358 (Bankr. N.J. 1998); *In re Birting*

*Fisheries, Inc.,* 92 F.3d 939, 940 (9th Cir. 1996); *In re First Alliance Mortgage Corp.,* 269 B.R.

428, 446 (C.D. Cal. 2001); *Reid v. White Motor Corp.,* 886 F.2d 1462 (6th Cir. 1989); *In re*

*Charter Co.,* 876 F.2d 866 (11th Cir. 1989); *In re American Reserve Corp.,* 840 F.2d 487 (7th

Cir. 1988). Similarly, courts in the Second Circuit have recognized that class claims may be

permissible in a bankruptcy setting. *Barnett v. Jamesway Corp (In re Jamesway Corp.)*, 1997

WL 327105 at *6 (Bankr. S.D.N.Y. June 12, 1997)(discussing instances where class proof of

claim can further "the important bankruptcy goals of martialing and addressing all claims against

the Debtors in a single centralized proceeding").

 In order for claimants to utilize the class action device of Federal Rule of Civil Procedure

23, which is applicable in bankruptcy court via Bankruptcy Rule 7023, the Court must direct that

Bankruptcy Rule 7023 shall apply to the claims filing and objection process. Fed. R. Bankr. P.

9014(c) ("The court may at any stage in a particular matter direct that one or more of the other

rules in Part VII shall apply. The court shall give the parties notice of any orders issued under

this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed

by the order."). *See also First Interregional Equity Corp.,* 227 B.R. at 366. While Rule 7023

states that this directive can be made at any stage in the matter, some courts have held that the

preferred time for Plaintiffs to move under Bankruptcy Rule 9014 to request application of

Bankruptcy Rule 7023 is when an objection is made to a proof of claim, thus rendering the claim

a contested matter. *In re Charter Company*, 876 F.2d at 874. Once a court elects to apply

Bankruptcy Rule 7023, the general requirements for class certification under Fed.R.Civ.P. 23

apply and Plaintiffs must prove that each factor of Rule 23 is satisfied. *In re First Interregional*

*Equity Corp.,* 227 B.R. at 366.

 While there is ample precedent for the Court to accept a class action complaint as an

informal proof of claim, Debtors' Objection to the Class Claim renders this a contested matter. *See Barnett v. Jamesway Corp (In re Jamesway Corp.)*, 1997 WL 327105 at *4. Thus, now is the appropriate time for Plaintiffs to seek class certification.

**II.**   **A class action is authorized by the Bankruptcy Rules of Procedure and is a superior method for adjudicating the rights of large numbers of claimants.**

The goal of the Bankruptcy Code is to provide "that all legal obligations of the Debtor, no matter how remote or contingent, will be able to be dealt with in bankruptcy court so as to permit the broadest possible relief in the bankruptcy court." *In re Charter Company*, 876 F.2d 866, 870 (11th Cir. 1989). Although the right to a class action is not automatic, bankruptcy courts have granted class certification in a case where the common core of operative facts is the same for all claimants. *In re Protected Vehicles, Inc.*, 397 B.R. 339, 346 (Bankr. D.S.C. 2008).

In the absence of binding authority precluding the class action device, the Debtors are relegated to the argument that a class action adversary is not a "superior" means to adjudicate mass severance claims.  In making this argument, the Debtors claim that allowance of the class claim would result in a windfall to parties that did not file individual claims, to the detriment of other creditors, "while also forcing Debtors to waste money that would otherwise inure to the benefit of the creditors." (*See* Exhibit A, Docket No. 20074, Debtors' Objection to Proofs of Claim of Cynthia Swabsin and Alexander Leytman, p. **7**). These suggestions have been examined and rejected by several courts that have found that class action procedures actually promote the efficient and economical processing of claims, as compared to individual claims procedures.

**III.**   **Class Claims are Proper in Bankruptcy Court Even When the Putative Class Members Did Not File Individual Claims.**

As previously noted, there is ample precedent for class actions in bankruptcy courts. *In re*

6

*First Interregional Equity Corp.,* 227 B.R. at 366 ("the vast majority of courts who have

recently considered the issue have concluded that class proofs of claim are now regularly

permitted in a bankruptcy proceeding" (*citations omitted*); *In re Grosso,* 9 B.R. 815, 823

(S.D.N.Y. Bankr. 1981) ("There can be no question that a creditor of a Debtors may bring a

class or representative form of action in the bankruptcy court"); *In re United Companies*

*Financial Corp.*, 276 B.R. 368 (Bankr. Del. 2002) (class proof of claim certified because

"class action was clearly superior to requiring Debtors' customers, many of whom might be

unaware of their rights, to file 291 separate proofs of claim");  *In re Spring Ford Industries,* 2004

WL 231010 at *2, No. 02-15015DWS (Bankr..E.D.Pa., January 20, 2004) ("the overwhelming

majority view [is] that [class] claims are permissible in a bankruptcy case"). *In re Kaiser Group*

*International, Inc.*, 278 B.R. at 62 ("The vast majority of courts conclude that class proofs of

claim are permissible in a bankruptcy proceeding.")(citations omitted); *In re United Companies*

*Financial Corporation*, 277 B.R. 596, 600 (Bankr. D.Del. 2002) (same); *In re Whitaker,* 84

B.R.934 (Bankr. E.D.Pa 1988) (class of unnamed members certified for declaratory and

injunctive relief); *In re Zenith Laboratories,* 104 B.R. 659, 664 (D.N.J. 1989); *In re First*

*Alliance Mortgage Corp.,* 269 B.R. at 445, n 16.

        In several of the above cases, classes which were allowed to proceed included former

employees who had not filed individual proofs of claim. *See First Interregional Equity Corp.,*

227 B.R. at 371 (Court refuses to limit class to those who filed individual proofs of claim, noting

that "the requirement for individual claims is 'illogical and contrary to important class action

policy considerations'.")(*citation omitted*). The Court in *In re Kaiser Group Int'l, Inc.* also found

the class action mechanism to be appropriate, explicitly rejecting *In re Sacred Heart Hospital of*

*Norristown*, 177 B.R. 16 (Bankr. E.D. Pa. 1995), and found that there was nothing unfair about

allowing a class to proceed where all class members had not filed individual proofs of claim.

Similarly, the court in *In re United Companies Financial Corp.* emphasized the efficiencies of the class action procedure by comparing it to another tool used in bankruptcy: "Debtors' use of omnibus objections which is a common practice in this Court. In omnibus objections to claims, Debtors file one objection to claims on a common ground, such as the claims are duplicates, late or subject to subordination under section 510(b). The Court typically hears the omnibus objection and the claimants' responses at one hearing. This is often an expeditious means of dealing with common objections. If individual issues are raised, they are dealt with at that hearing or rescheduled for separate hearings." 276 B.R. at 376. Moreover, four Circuit Courts have held that the Bankruptcy Code unconditionally allows class claims whenever the criteria of Rule 23 is met. *Reid v. White Motor Corp.*, 886 F.2d at 1469 (noting that the "more equitable resolution" is to permit class claims in bankruptcy proceedings); *Birting Fisheries, Inc. v. Lane*, 92 F.3d at 940 ("[W]e conclude that the bankruptcy code should be construed to allow class claims," noting that "[t]hree circuits have previously considered this question and all have construed the code as we do"), *citing Reid*; *In re Charter Co.*, 876 F.2d 866 (11th Cir. 1989); and *American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988); *see also In re First Alliance Mortgage Corp.*, 269 B.R. at 444. The First Circuit's Bankruptcy Appellate Panel is also in accord with this principle (*In re Trebol Motors Distribitor Corp.*, 220 B.R. 500 (B.A.P. 1st Cir. 1998)), as are district courts in the Tenth and Third Circuits. *In re Zenith Laboratories, Inc.* at 662; *In re Amdura Corporation*, 170 B.R. 445, 450 (D. Col. 1994)(holding that class claims are permissible in bankruptcy court and remanding to the bankruptcy court to decide whether the elements of Bankruptcy Rule 7023 were met).

This standard is consistent with the reasoning behind the standard used in cases where

courts have noted that the failure to file individual proofs of claims by claimants should preclude their inclusion in the class. *See Barnett v. Jamesway Corp (In re Jamesway Corp.)*, 1997 WL 327105; *Sacred Heart Hospital of Norristown*, 177 B.R. 16; *In re Bally Total Fitness of Greater N.Y., Inc.*, 09 Civ. 4250 (JSR), 411 B.R. 142 (Bankr. S.D.N.Y. 2009). In those cases, the stated purpose of the requirement of filing individual proofs of claim was to bring unknown creditors forward and to give a sense of fairness to other creditors who may be competing for an estate's limited resources. *See also In re Circuit City Stores, Inc.*, 2010 WL 2208014, No. 08-35653, (Bankr. E.D.Va. May 28, 2010). That concern does not exist here, as Debtors have known since 2008 the identity all of the possible creditors with severance claims (*See* Docket No. 20100, Objection to Proof of Claim No. 29702 at 6, stating that there are over 4,700 employee-related claims against Debtors).

The federal rules do not limit Rule 23 to rare instances where no one in the putative class has received notice of the bankruptcy. In *In re W.T. Grant Co.*, this Court granted class certification, or at least applied the Rule 23 factors, despite the fact that the employees received notice of the bankruptcy and filed individual proofs of claim. *In re W.T. Grant Co.*, 24 B.R. 421 (Bankr. S.D.N.Y. 1982). Additionally, Plaintiffs need not be authorized agents to file a class action under Bankruptcy Rule 3001, as some Courts have suggested. As the court noted in *In re Musicland*, "[b]y certifying the class, a court effectively ratifies the agent's authority *nunc pro tunc*. *In re Musicland,* 362 B.R. 644, 652 (Bankr. S.D.N.Y. 2007) (*citing In re American Reserve Corp.*, 840 F.2d 487, 493 (7th Cir. 1988) ("If the court certifies the class, . . . the self-appointed agent has become 'authorized', and the original filing is effective for the whole class (the principals)."); *see also In re Chateaugay Corp.,* 104 B.R. 626, 630 (S.D.N.Y. 1989) (same).

The old notion that class proofs of claims are not allowed in bankruptcy has long been

abandoned in the Second Circuit.  *See In re Chateaugay Corp.*, 104 B.R. at 634–35 (reversing

the rule that filing of proofs of claim on behalf of a class is never permissible).  Indeed, the law is

just the opposite, class proofs of claim are permitted "as of right":

> Proofs of claim filed on behalf of a class may be filed as of right and in such
> circumstances the bankruptcy court must exercise its discretion, pursuant to *Rule
> 9014* to apply or not apply *Rule 7023*, once an objection has been made to those
> claims.  Moreover, since the question to be determined relates to a class claim it
> seems proper that the bankruptcy court should exercise its discretion, as district
> judges are obligated to, in accordance with the criteria set forth in Fed. R. Civ. P. 23.

*Id.*

   In *In re Bally*, the court declined to certify a class proof of claim, but went on to analyze

the Fed. R. Civ. P. 23 factors anyway.  *In re Bally Total Fitness of Greater N.Y., Inc.*, 411 B.R.

142.  The court found the proof of claim wanting under Rule 23(b) with respect to the factors of

predominance and superiority.[1]  The *Bally* Court held that it would have to conduct a series of

highly disputed mini-trials for each class member to resolve certain issues, making "class

treatment untenable and implausible."  *In re Bally*, 411 B.R. at 147.  Here, by contrast, Plaintiffs

allege that the putative class received a letter at the same time (during the "notice period"),

informing them they would receive full pay through November 8, 2008, and then be separated on

a date thereafter.  The issues of law are the same as between the Plaintiffs and Class Members.

Any variances between the Class Members are minor and will not warrant individualized trials.

   In *Circuit City*, the Court was faced with a motion for class certification arising out of the

bankruptcy of a store that employed over 39,000 employees. At the time of the class certification

hearing, about 15,000 individual proofs of claim and four class action lawsuits alleging various

violations of state labor codes had already been filed. The *Circuit City* Court declined to certify a

---

[1]     Rule 23(b)(3) is not the only provision under which class actions may be certified. Certification under Rule
23(b)(1), which has been used in bankruptcy, does not consider the factors of "predominance" or "superiority."  *See
In re Drexel Burnham Lambert Group*, 960 F.2d at 292.

class, citing concerns about the superiority of a class action when the claims process was already well underway and there was an issue of unknown creditors who may not have received notice of the bar date. *In re Circuit City Stores, Inc.*, 2010 WL 2208014 at *5-6. However here, the putative Class Members were each already listed in Debtors' schedules prior to service of the bar date notice, including the amounts due under the Severance Agreements. This is unlike *Circuit City*, where the amounts in dispute and the actual number of eligible class members was unclear. It serves no purpose here to add another layer of administrative paperwork by requiring Class Members to file proofs of claim for debts that Debtors concede are due. The only issue at hand is what priority status should be given to those amounts, which can be far more efficiently adjudicated in a class action.

*In re First Alliance Mortgage Corp.* provides additional support for the propriety of class claims filed by plaintiffs on behalf of putative class members. In reversing the bankruptcy court's order denying class certification, the district court held that the filing of a class action in bankruptcy, by an individual on behalf of similarly situated individuals, serves as a timely filed claim on behalf of all other class members. *In re First Alliance Mortgage Corp.*, 269 B.R. at 445, n 16.

Here, the fact that Plaintiffs seek to certify a discrete and already known group of creditors shortly after Debtors filed an objection to the Class Claim warrants the common sense approach of not limiting the class to those who have filed individual claims. All of the putative class members are already listed in Debtors' schedules. Since the requirements of Rule 23 have all been met, class certification should be granted. In the alternative, the Court should certify a class comprising individuals who filed proofs of claim for severance, together with those

11

severance claims previously scheduled by Debtors. (*See* Exhibit B Tr. January 21, 2010, pp 49-50, 56).

### IV.    Class Claims for Severance Have Been Certified by this Court.

In *In re REA Express, Inc*., two putative class representatives successfully petitioned the Court for class action certification of their action for severance pay. 10 B.R. 812, 813 (Bankr. S.D.N.Y. 1981).  The Court accepted their argument that as the approximately 1,000 putative class members had no means outside of retaining individual counsel to assert their claims, "the only effective way to defend their claims [was] through the use of the class action device."  The Court found the preconditions for considering class treatment under 9014 were met, and that the issue of severance was sufficiently "serious and complicated to warrant the Court's direction that the procedure be governed" by the class action rules. *In re REA*, 10 B.R. at 813 (quoting Advisory Committee Notes for Rule 9014).  The Court reasoned that justice required class treatment, so that the claims could be litigated on a level playing field instead of individually:  "It is only just that employees be empowered to respond to the general objections on a unified basis as well.  Moreover, a unified response appears to be the only means by which all non-union employees may meaningfully participate in the objection hearings." *In re REA*, 10 B.R. at 814. The *REA* Court found, *inter alia*, that "[o]ther than through the use of class action [*sic.*] there is no means for the employees to present a single coherent voice with impact equal to the trustee's general objection to their claims."  *In re REA*, 10 B.R. at 814.

Affirming and reinforcing the reasoning underlying *REA Express,* the court in *In re W.T. Grant Co.*, also applied Rule 23 to a class action claim for severance.  *In re W.T. Grant Co.*, 24 B.R. 421.  There, the putative class representative belatedly argued that the trustee should have

allowed full, rather than half, severance to 3,331 employees, after all but 31 of them had already

cashed their checks and waived their claims.  The *W.T. Grant* Court recognized that although

Rule 23 applies to adversary proceedings, it should also apply to the contested class claim under

Rule 9014.[2]  Adopting the rationale of *REA Express*, the court recognized that "former

employees of a bankrupt [entity] are often thrust into a uniquely vulnerable position as

involuntary creditors with little or no financial means to individually pursue their claims and,

therefore, should be afforded some procedural protections not ordinarily afforded other parties

under the Bankruptcy Rules."  *Id.* at 424.  Following the reasoning of *REA Express,* the *W.T.

Grant* Court held "'it is only just that [the] employees be empowered to respond . . . on a unified

basis,' assuming, of course, that claimants meet the class action prerequisites prescribed in

Fed.R.Civ.P. 23. *Id.* (*citing In re REA Express, Inc.,* 10 B.R. at 813).  *See also Taylor v. U.S.*, 41

Fed.Cl. 440, 444 (July 30, 1998) ("certification of a class action is the most fair and efficient way

to resolve" dispute over separation pay for former employees of Army and Airforce Exchange

Service).

The putative class here has been thrust into the role of involuntary creditors with little or

no financial means to pursue their claims individually. As recognized by the *REA* Court, "[I]t is

only just that [the] employees be empowered to respond . . . on a unified basis."  *In re REA

Express,* 10 B.R. at 813.

## V.    Class Certification would Effectuate the Goals of the Bankruptcy and Class Action Rules.

As noted above, the class action device is designed to aggregate and litigate many small

claims that "would otherwise lie dormant." *See, e.g.*, *Deposit Guaranty National Bank v. Roper*,

445 U.S. 326, 339 (1980).  Because "claims may be contingent or of uncertain value, potential

---

[2]  In denying certification, the court found the claim deficient under the Rule 23 analysis due to lack of numerosity.

claimants may not realize that they can recover, unless the efforts of a representative make them aware." *In the Matter of American Reserve Corp.*, 840 F.2d at 489. As the Court noted in *In re Charter*: " the effort and cost of investigating and initiating a claim may be greater than many claimants' individual stake in the outcome, discouraging the prosecution of these claims absent a class action filing procedure. And as the *Charter* Court also noted: "one commentator has concluded, 'when claims are small, they are unlikely to receive the attention of an attorney on an individual basis but might very well receive such attention when aggregated.'" *In re Charter*, 876 F.2d at 871 (*citing* Wohlmuth, *The Class Action and Bankruptcy: Tracking the Evolution of a Legal Principle*, 21 UCLA L.Rev. 577, 579 (1973)). This was also recognized by the Court in *First Alliance*, which, in quoting *In re Charter*, restated that the policy favoring class procedures in bankruptcy has been recognized by the Seventh and Eleventh Circuits and expressly adopted by the Ninth Circuit in *Birting Fisheries,* 92 F.3d at 940. *In re First Alliance Mortgage Corp.*, 269 B.R. at 447; *First Interregional Equity Corp.,* 227 B.R. at 371.

The explicit holding of many courts  - - that a Rule 23 class claim is allowed in bankruptcy -- is also compelled by the policies underlying bankruptcy law.  It is well established that "[t]he principal function of Bankruptcy Law is to determine and implement in a single collective proceeding the entitlements of all concerned." *American Reserve*, 840 F.2d at 489. *See also In re Chateaugay Corp.*, 104 B.R. at 634–35. Where putative class members are ex-employees "holding small claims, who absent class procedures might not prosecute them, [they] are no less creditors under the Code than someone with a large, easily filed claim." *Id*.  Denying class certification would flout the goal of providing the "broadest possible relief in the bankruptcy court." *Id*. *citing* H.R. Rep. No. 595, 95th Cong., 1st Sess. 309 (1977)).

Plaintiffs clearly demonstrate that a class action is consistent with the goals of

bankruptcy." *See REA Express* and *W.T. Grant*.  In the almost three decades since those cases were decided, every circuit that has considered this issue has concurred with this Court that class actions are consistent with bankruptcy, as has at least one District Court in this Circuit.  In *In re Chateaugay Corp.*, the District Court noted that the Code contemplates

> "that all legal obligations of the Debtors, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.  It permits the broadest possible relief in the bankruptcy court." H.R. Rep. No. 595, 95th Cong., 1st Sess. 309 (1977)).  <u>This expression of legislative intent is served by permitting the filing of class proofs of claim</u>.

*In re Chateaugay Corp.*, 104 B.R. at 632 (*emphasis added*).

Here, the Bankruptcy Code's goal of "bringing forward" small claims that the ex-employees of Debtors could not prosecute individually will be served by certifying the class. To the contrary, denying the class action procedure would cause delay because it would result in hundreds of contested claims seeking priority status that Debtors would presumably object to and litigate - causing unnecessary expense and delay.  As the *Chateaugay* Court recognized, "there is no reason to think that permitting the filing of class claims will cause special delay or uncertainty in settling the Debtors' estate." *In re Chateaugay*, 104 B.R. at 633.  If the Court finds that the class can be certified, handling the severance claims in a class adversary proceeding will be both expedited and more efficient because the claims will be "handled collectively rather than in a piece meal fashion."  *Johnson v. First NLC Fin. Servs.*, 410 B.R. 726, 730 (Bankr. S.D.Fla. 2008). Accordingly, it would be a proper exercise of this Court's discretion to grant class certification because it may facilitate hundreds of creditors' claims that would otherwise go dormant.

## VI.    <u>The Proposed Class Satisfies All the Requirements of Rule 23</u>.

Class certification requires that each of the four prerequisites for class certification set

forth in Federal Rule of Civil Procedure 23, namely, Rule 23(a)(1), (2), (3) and (4), be satisfied

and that, in addition, at least one of the subparts of Rule 23(b) -- here 23(b)(3) -- be satisfied.  In

determining whether these procedural requirements are satisfied, the Court is not to weigh the

merits of the action.  *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) ("We find nothing

in either the language or history of Rule 23 that gives a court any authority to conduct a

preliminary inquiry into the merits of a suit in order to determine whether it may be maintained

as a class action. . .'In determining the propriety of a class action, the question is not whether the

plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather

whether the requirements of Rule 23 are met.'"); *In re Initial Public Offering Securities*

*Litigation*, 471 F.3d 24, 29 (2nd Cir. 2006); *In re Portal Software Sec. Litig*., 2007 WL 1991529,

No. C 03 5138 VRW (N.D.Cal., June 30, 2007) (noting that a Rule 23 determination is

procedural and cannot be based on the merits of the underlying case); *3 Newberg on Class*

*Actions*, (4th ed. 2002) § 7.9.

     As shown below, the prerequisites for class certification are clearly present in this action.

### A.    The Proposed Class Meets the Requirements of Rule 23(a).

F.R. Civ. P. 23(a) provides as follows:

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

### 1.    The Numerosity Requirement is Satisfied.

     Federal Rule of Civil Procedure 23(a)(1) requires that the class sought to be certified be

"so numerous that joinder of all members is impracticable." *Cashman v. Dolce*

*International/Hartford*, 225 F.R.D. 73, 91 (D. Conn. 2004) (finding numerosity where the

proposed class consisted of 117 former employees); *see also, 1 Newberg on Class Actions*, § 3:4 at 230 (4th Ed. 2002) (It is important to remember that "[i]mpracticable does not mean impossible.").  No specific number is needed to maintain a class action, but courts in the Second Circuit presume that joinder is impracticable where the prospective class consists of at least 40 members.  *Robidoux v. Celani,* 987 F.2d 931, 935-36 (2d Cir. 1993). Indeed, classes consisting of forty or more persons "should have a reasonable chance of success on the basis of number alone." *Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007); *1 Newberg*, *supra* § 3:5 at 248. *See also, In re Kaiser Group Int'l*, 278 B.R. 58, 64 (Bankr. D. Del. 2002) (discussing the law of "numerosity" and finding that a class of approximately 47 members was sufficiently numerous to justify certification).

Here, the estimated 300 members of the proposed class satisfies the sheer numerical requirement of this factor. Moreover, the putative class members have limited financial resources and the size of their individual claims make individual suits financially unfeasible for them as well as the bankrupt Debtors, which makes joinder impracticable. Accordingly, Plaintiffs have satisfied the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

### 2.    Questions of Law and Fact Are Common to All Members of the Proposed Class.

The second prerequisite of class certification is that "there be questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2). The second and third prerequisite of class certification is that "there be questions of law or fact common to the class" and that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(2), (3).

The commonality factor is satisfied if there is "at least one issue common to the class", and the typicality factor is usually satisfied when "the representative plaintiffs are subject to the

17

same policies as the putative class members." *Cashman*, 225 F.R.D. at 91. For in such cases, 'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *General Tel. Co. v. Falcon,* 457 U.S. 147, 155 (1982), *quoting, Califano v. Yamasaki,* 442 U.S. 682, 700-701 (1979).

Here, Plaintiffs claim that they and the other Class Members signed Separation Agreements with Debtors in connection with Debtors' bankruptcy filing in September 2008. The terms of the Separation Agreements are alleged to be the same, with the only differences being the amounts to be paid and their last day of work. Additionally, the factual and legal questions stem from a common core of facts regarding the Debtors' actions and a common core of legal issues regarding every Class Member's rights, as follows: (a) the Class Members were employees of the Debtors who signed Separation Agreements in September 2008; (b) Debtors have characterized its former employees' severance claims as unliquidated contingent claims for "outstanding severance" and is treating them as general unsecured claims; (c) Debtors' improper refusal to pay the putative class members their wages through the separation date, as they had begun to do in the post-petition period; and (d) Debtors appear to recognize these amounts are valid claims in this proceeding, as they listed the claims in their schedules, but their characterization of them as general unsecured claims is improper, inasmuch as they should be deemed administrative expense claims or alternatively, wage priority claims. Thus, virtually <u>all</u> the issues are common to the Class and the only differences are minor, namely, the rate of pay and the actual date of termination.

In addition, Debtors raise for the first time, the argument that LBHI was not the employer of Plaintiffs, and therefore, Plaintiffs' claims should be disallowed. As stated in Plaintiffs'

Opposition to Debtors' Objection to Proofs of Claim #24184, 28580, 28583 and 29702, incorporated by reference here, LBHI is equitably estopped from denying its responsibility for these proofs of claim which it knowingly and purposefully induced the Claimants to file. Debtors claim that the Court ruling on what it calls "similar" claims on June 3, 2011 are relevant. (*See* Exhibit A, Docket No. 20074, Debtors' Objection to Proofs of Claim of Cynthia Swabsin and Alexander Leytman). Debtors do not provide any factual basis for assuming that the claims of the Claimants bear any similarity to those dismissed claims. If in fact Debtors are correct, that one common question of fact or law subsumes all of these claims, because these claims are similar, Debtors concede the appropriateness of a class-wide determination, because clearly there is one, common predominant claim the adjudication of which should not be left to hundreds of filers of small claims to litigate at their own cost on a one-by-one, piecemeal basis.

### 3.    The Claims of the Representative Parties are Typical of the Claims of the Class.

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." The typicality requirement is met when the representative plaintiffs' claims arise from a course of conduct by the defendant that also gives rise to the claims of other class members based on the same legal theory. *Robidoux v. Celani,* 987 F.2d at 936; *Hnot v. Willis Group Holdings, Ltd.*, 228 F.R.D. 476, 485 (S.D.N.Y. 2005); 1 *Newberg*, *supra*, at §3:13 at 326 (4th edition 2002) ("'[Typicality refers to the nature of the claim or defense of the class representatives, and not to the specific facts from which it arose or the relief sought'"). The question is whether the class representatives' claims have the same essential characteristics as the claims of the class at large. (*Id.*) If the elements of the cause of action to be proved by the representatives are the same as

those of the class, the claim is typical. *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 99 (S.D.N.Y. 1981).

In terms of typicality, Plaintiffs here suffered the same type of injury as the rest of the Class and there are no conflicts of interest between the proposed representatives of the Class and the other Class Members (*See* Exhibit C, Plaintiffs' Declarations). Debtors' failure to make payments in accordance with the terms of the Separation Agreements represent a single course of conduct resulting in injury to all Class Members including the Plaintiffs. Neither the Plaintiffs nor other Class Members received the amounts due them under the Separation Agreements. *Id*. Accordingly, typicality requirement of Rule 23(a) is satisfied here.

### 4. The Plaintiffs Will Fairly and Adequately Protect the Interests of the Class.

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only if "the Representatives parties will fairly and adequately protect the interests of the class." This element requires a two-step analysis. First, the court must determine whether the named class representatives have interests that "are free from conflicts of interest with the class they seek to represent." *Amchem Prods v. Windsor*, 521 U.S. 591, 625 (1997). Second, the court must find that the class would be represented by qualified counsel. *Marisol A. ex. rel. v. Giuliani,* 126 F.3d 372, 378 (2d Cir. 1997); *In re Drexel Burnham Lambert Group,* Inc., 960 F.2d 285, 291 (2d Cir. 1992); *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974).

The first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between the interests of the proposed class representatives and the interests of the Class as a whole. (*See* Plaintiffs' Declarations).

The second element of Rule 23(a)(4) is met because Plaintiffs' counsel is "qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin*, 391 F.2d. at 562.  Plaintiffs' Counsel's background can be summarized as follows:

- Jack A. Raisner is a partner in the New York-based firm of Outten & Golden LLP, and a member of the firm's Class Action Practice Group and has extensive experience litigating plaintiffs' employment rights matters.

- René S. Roupinian is a partner at Outten & Golden LLP, and a member of its Class Action Practice Group, who has represented tens of thousands of former employees in employment class actions, many of which were litigated in bankruptcy. (*See* Exhibit D, Roupinian Declaration).

Accordingly, the four prerequisites of Rule 23(a) for class certification are met in this action.

## B.      The Proposed Class Meets the Requirements of Rule 23(B)(3).

Class Certification is proper under Rule 23(b)(3) where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy." As a general matter, the "Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Wal-Mart Stores, Inc. v. Visa USA Inc. (In re Visa Check/MasterMoney Antitrust Litig.)*, 280 F.3d 124, 136 (2d Cir. 2001).

Considerations of judicial economy and efficiency are of high importance and, where, as here, determination of the common, predominant issues shared by the Class Members will dispose of the matter, class certification should be ordered. *In re Sumitomo Copper Litig.,* 194 F.R.D. 480 (S.D.N.Y.2000); *Rodger v. Electronic Data Systems Corp.*, 160 F.R.D. 532 (E.D.N.C. 1995).  A class action is the superior method of resolving this dispute because many

of the claims are quite small, making individual lawsuits impracticable. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985); *Eisen v. Carlisle & Jacquelin*, 391 F.2d at 566-567.  As shown above, common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims.

Additionally, Fed. R. Civ. P. 23(b)(3) requires Plaintiffs to demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Four factors are set forth in Fed. R. Civ. P. 23 (b)(3) to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to class members predominate over individual matters:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Here, neither Plaintiffs nor any of the other Class Members have an interest in individually controlling the prosecution of separate actions.  (*See* Plaintiffs' Declarations). To Plaintiffs' knowledge, no other class wide litigation concerning this controversy has been commenced.  (*See* Plaintiffs' Declarations).  Concentrating the litigation in a class action will avoid multiple suits.  Finally, the difficulties in managing this litigation as a class action are few: the Class Members can be easily identified as they are already listed in Debtors' schedules; the liability of Debtors can be readily calculated; and there is but one combined course of conduct -- that of Debtors -- to examine and adjudicate. (*See* Plaintiffs' Declarations). Furthermore, for all the reasons described in the preceding pages regarding the relative efficiencies of litigation the

severance claims in a single action as opposed to multiple duplicative suits, the estate and this

Court will be spared the time and expense of multiple trials on the same issues.

### VII.    This Court Should Appoint the Undersigned Class Counsel.

As shown in the attached Roupinian Declaration, Plaintiffs' counsel is qualified and has

been actively and diligently prosecuting this action.  Further, as stated in the Roupinian

Declaration, the Plaintiffs are being represented by attorneys who are highly experienced in class

action litigation and experience prosecuting claims (*See* Roupinian Declaration).

### VIII.    Appointment of Class Representatives.

Plaintiffs' counsel request that Cynthia Swabsin and Alexander Leytman be appointed

Class Representatives. Plaintiffs have been diligent in pursuing the class claim and have worked

with counsel in initiating and prosecuting the action; they have no conflict of interest with other

Class Members; and they have and will fairly and adequately represent the interests of the Class

(*See* Plaintiffs' Declarations).  For these reasons, Plaintiffs' counsel asks that Plaintiffs be

appointed Class Representatives.

### IX.    The Form and Manner of Service of Notice.

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the

Court must determine the best notice practicable under the circumstances, including individual

notice to potential class members and that the notice must concisely and clearly state in plain,

easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues or defenses,
- that a class member may enter an appearance through counsel if the member so desired,

23

- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B). *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1983); *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 750 F.2d 86, 90 (3d Cir. 1985).

Although no rigid standards govern the contents of notice to Class Members, the notice must "fairly apprise the prospective members of the Class of the [proceedings] and of the options that are open to them in connection with [the] proceedings." *Weinberger v. Kendrick*, 698 F.2d at 70; *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 2006 WL 941765 at *5, No. CV-04-2195 (CPS) (E.D.N.Y. Apr 12, 2006); *Grunin v. International House of Pancakes*, 513 F.2d 114, 122 (8th Cir.), *cert. denied*, 423 U.S. 864 (1975), *quoting, Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp. 364, 378 (E.D. Pa. 1970), *aff'd sub nom, Ace Heating & Plumbing Co. v. Crane Co.*, 453 F.2d 30 (3rd Cir.1971). Individual mailings to each Class Member's last known address is appropriate. *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 153 (D. Conn. 2005); *Weinberger v. Kendrick*, 698 F.2d at 71; *Steiner v. Equimark Corp.*, 96 F.R.D. 603, 614 (W.D. Pa. 1983); *Trist v. First Federal Saving & Loan Association*, 89 F.R.D. 1, 2 (E.D. Pa.1980).

Here, the contents of the proposed Notice are sufficient. (*See* Exhibit E, proposed Notice of Class Action). The Notice summarizes the nature of the pending litigation and apprises the proposed Class, among other things, of the Class definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the litigation and that if they do not opt-out, they may appear by their own counsel. In short, the proposed Notice satisfies all the requirements of Rule

24

23(c)(2)(B).

The names and addresses of all the putative Class Members are contained in Debtors' records.  Once Plaintiffs have been provided with those, Plaintiffs' counsel will mail the Notice of Class Action by First Class Mail, postage prepaid to the last known address of each of the putative Class Members so that they will have at least 30 days from the date of the mailing, to object to class certification and to opt-out of the Class. Plaintiffs submit that service of the proposed Notice of Class Action by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown on the Debtors' records is the best notice practicable under all the circumstances.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that pursuant to Rule 9014, this Court apply Rule 7023 to the Class Claim and grant class certification, entering the proposed Order attached hereto as Exhibit F, and grant such further relief the Court deems appropriate.

Dated: October 14, 2011

By:   /s/ Jack A. Raisner
      Jack A. Raisner
      René S. Roupinian
      **Outten & Golden LLP**
      3 Park Avenue, 29th Floor
      New York, New York 10016
      Telephone:  (212) 245-1000

      *Attorneys for Plaintiffs and the Putative Class*