# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS, INC., et al.         Chapter 11
                                               Case No. 08-13555 (JMP)
            Debtors.                           (Jointly Administered)

-----------------------------------------------------------X
CYNTHIA SWABSIN and ALEXANDER
LEYTMAN, on behalf of themselves and all
others similarly situated,

            Plaintiffs,

    v.

LEHMAN BROTHERS HOLDINGS, INC.,

            Defendant.
-----------------------------------------------------------X

## DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

I, Cynthia Swabsin, declare as follows under penalty of perjury:

1. I am a former employee of Debtors and a named Plaintiff in the above captioned class action suit for damages against Debtors arising out of separation agreements that I and other similarly situated former employees signed in September 2008. I submit this declaration in support of Plaintiffs' Motion for Class Certification and Related Relief in the above action.

2. I currently reside at 56 Forest Ave. Verona, New Jersey 17044.

6. I was employed by Defendant from approximately September 1, 1988 through my termination on September 9, 2008. My last day of work for Debtors was September 9, 2008.

3. At the time of my termination, I was working at Debtors' facility located at 745 Seventh Avenue, New York, New York.

1

3. At the time of my termination, I held the position of Assistant Vice-President and was earning an annual salary of approximately $85,000/$110,000 with bonus, as a full time employee.

4. On or about September 9, 2008, Debtors informed me that I was to be terminated. On that same day, Debtors gave me a written offer in which they promised me salary continuation and benefits through that date and stipulated that I would remain on Debtors' payroll as employees until my actual date of separation, which was weeks later. I signed the separation agreement on or about September 9, 2008. Debtors paid my salary continuation through at least September 17, 2008, two days after Debtors filed their bankruptcy petitions. On September 30, 2008, Debtors sent me a letter that it was terminating the payment of salary compensation and some other amounts, but otherwise leaving the continuing terms of the agreement in tact. Debtors have since failed to pay me any further post-petition salary amounts through the remainder of the employment period set forth in the agreement.

5. I did not receive the full amount due to me under the separation agreement, nor, to the best of my knowledge, did any of the other former employees of Debtors. Debtors failed to pay me and Class Members their further post-petition salary amounts through the remainder of the employment period set forth in the agreement.

6. Although I do not know the precise number of former employees who may belong in the class, I believe it numbers about 300, and that such information is contained in Debtors' records.

7. I have not received, nor, to the best of my knowledge, have any of the other former employees of Debtors received full payments due under the separation agreements.

2

8. Following my termination, I retained the legal services of Outten & Golden LLP as my counsel to assert claims on my behalf as well as a class claim on behalf of the other employees of Debtors who were terminated in connection with Debtors' bankruptcy in September 2008, and who signed but were not paid the full amounts due them under a separation agreement with Debtors.

9. Because the circumstances of my termination are the same as those of the other former employees of Debtors who were terminated in September 2008, the factual and legal issues bearing on my severance claim and the severance claims of the other class members (except for damages) are the same.

10. I am eager and willing to prosecute this action on behalf of the other former employees of Debtors who were terminated without cause as part of Debtors' bankruptcy in September 2008, and who signed separation agreements with Debtors but were not paid the full amounts due under the agreements. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

11. I have no conflict of interest with other class members.

12. My claim against Debtors equals approximately $95,000. The small size of my claim, my financial situation, and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of Debtors who were terminated without cause from their employment with Debtors and who did not receive the full severance payments due to them under the separation agreements that they signed with Debtors are similarly situated and unable to pursue their rights except through a class action To my knowledge, there is no other litigation which involves the same subject matter as the claims in this action.

13. Outten & Golden LLP has been vigorously prosecuting this action. I believe the firm is well-qualified to serve as class counsel.

14. In view of the foregoing, I request that Plaintiffs' Motion for Class Certification and Related Relief be granted.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 5, 2011

*Cynthia Swabsin*
Cynthia Swabsin

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS, INC., et al.         Chapter 11
                                                Case No. 08-13555 (JMP)
        Debtors.                                (Jointly Administered)

---------------------------------------------------------X
CYNTHIA SWABSIN and ALEXANDER
LEYTMAN, on behalf of themselves and all
others similarly situated,

        Plaintiffs,

    v.

LEHMAN BROTHERS HOLDINGS, INC.,

        Defendant.
---------------------------------------------------------X

**DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION AND RELATED RELIEF**

I, Alexander Leytman, declare as follows under penalty of perjury:

1.    I am a former employee of Debtors and a named Plaintiff in the above captioned class action suit for damages against Debtors arising out of separation agreements that I and other similarly situated former employees signed in September 2008. I submit this declaration in support of Plaintiffs' Motion for Class Certification and Related Relief in the above action.

2.    I currently reside at 131 Greenwood Drive, Millburn, New Jersey 07041.

6.    I was employed by Defendant from approximately July 27, 2000 through my termination on September 9th, 2008. My last day of work for Debtors was September 9th, 2008.

3.    At the time of my termination, I was working at Debtors' facility located at 70 Hudson Street, Jersey City, New Jersey.

1

3. At the time of my termination, I held the position of Assistant Vice-President and was earning an annual salary of approximately $100,000 as a full time employee.

4. On or about September 9, 2008, Debtors informed me that I was to be terminated. On that same day, Debtors gave me a written offer in which they promised me salary continuation and benefits through that date and stipulated that I would remain on Debtors' payroll as employees until my actual date of separation, which was weeks later. I signed the separation agreement on or about September 9, 2008. Debtors paid my salary continuation through at least September 17, 2008, two days after Debtors filed their bankruptcy petitions. On September 30, 2008, Debtors sent me a letter that it was terminating the payment of salary compensation and some other amounts, but otherwise leaving the continuing terms of the agreement in tact. Debtors have since failed to pay me any further post-petition salary amounts through the remainder of the employment period set forth in the agreement.

5. I did not receive the full amount due to me under the separation agreement, nor, to the best of my knowledge, did any of the other former employees of Debtors. Debtors failed to pay me and Class Members their further post-petition salary amounts through the remainder of the employment period set forth in the agreement.

6. Although I do not know the precise number of former employees who may belong in the class, I believe it numbers about 300, and that such information is contained in Debtors' records.

7. I have not received, nor, to the best of my knowledge, have any of the other former employees of Debtors received full payments due under the separation agreements.

8. Following my termination, I retained the legal services of Outten & Golden LLP as my counsel to assert claims on my behalf as well as a class claim on behalf of the other

employees of Debtors who were terminated in connection with Debtors' bankruptcy in September 2008, and who signed but were not paid the full amounts due them under a separation agreement with Debtors.

9. Because the circumstances of my termination are the same as those of the other former employees of Debtors who were terminated in September 2008, the factual and legal issues bearing on my severance claim and the severance claims of the other class members (except for damages) are the same.

10. I am eager and willing to prosecute this action on behalf of the other former employees of Debtors who were terminated without cause as part of Debtors' bankruptcy in September 2008, and who signed separation agreements with Debtors but were not paid the full amounts due under the agreements. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

11. I have no conflict of interest with other class members.

12. My claim against Debtors equals approximately $57,000. The small size of my claim, my financial situation, and the costs of attorneys' fees left me unable to pursue this claim as a sole litigant. I believe that the other former employees of Debtors who were terminated without cause from their employment with Debtors and who did not receive the full severance payments due to them under the separation agreements that they signed with Debtors are similarly situated and unable to pursue their rights except through a class action. To my knowledge, there is no other litigation which involves the same subject matter as the claims in this action.

13. Outten & Golden LLP has been vigorously prosecuting this action. I believe the firm is well-qualified to serve as class counsel.

14. In view of the foregoing, I request that Plaintiffs' Motion for Class Certification and Related Relief be granted.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 5, 2011

_____
Alexander Leytman