# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

LEHMAN BROTHERS HOLDINGS, INC., et al.    Chapter 11
                                          Case No. 08-13555 (JMP)
          Debtors.                        (Jointly Administered)

----------------------------------------------------------X
CYNTHIA SWABSIN and ALEXANDER
LEYTMAN, on behalf of themselves and all
others similarly situated,

          Plaintiffs,

     v.

LEHMAN BROTHERS HOLDINGS, INC.,

          Defendant.
----------------------------------------------------------X

## DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

René S. Roupinian hereby declares the following under penalty of perjury:

      1.      I am a partner of Outten & Golden LLP, the law firm that represents Plaintiffs Cynthia Swabsin and Alexander Leytman in the above-captioned action, a former employee of Debtors who were terminated without cause from their employment with Debtors in September 2008.

      2.      This declaration is submitted in support of the Plaintiffs' Motion for an order (a) certifying a class, pursuant to Federal Rule of Bankruptcy Procedure 7023 and Federal Rules of Civil Procedure 23, comprised of former employees of Debtors who entered into agreements on or about September 9, 2008, to be paid salary and benefits through a 60-day notice period and subsequent separation date but who Debtors ceased paying on or around

October 3, 2008, and who have not filed a timely request to opt-out of the class, (b) appointing Outten & Golden LLP as Class Counsel, (c) appointing Plaintiffs Cynthia Swabsin and Alexander Leytman as the Class Representatives, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

## BACKGROUND

3. Plaintiffs worked at Debtors' facilities in New York and New Jersey until they were terminated without cause as part of Debtors' bankruptcy and eventual shutdown beginning in September 2008.

4. On or about September 9, 2008, Debtors provided Plaintiffs with written agreements setting forth the date each plaintiff would be separated from employment with Debtors. The agreement offered them salary continuation and benefits through that date and stipulated they would remain on the Debtors' payroll as employees until their separation. Debtors paid Plaintiffs' salary continuation through at least September 17, 2008, two days after Debtors' filed its bankruptcy petition. On September 30, 2008, Debtors sent Plaintiffs and the Class Members a letter informing them that it was terminating the payment of salary compensation and some other amounts, but otherwise leaving the continuing terms of the agreement in tact. Debtors failed to pay the Plaintiffs and Class Members their further post-petition salary amounts through the remainder of the employment period set forth in the agreement.

## THE CLASS PROOF OF CLAIM

5. On September 21, 2009 Plaintiffs filed a Class Proof of Claim (Claim No. 29702).

6. The Class Claim alleges a Rule 23(b)(3) class claim arising from the Debtors' alleged failure to provide full severance continuation and benefit due to the Plaintiffs and other similarly situated individuals pursuant to the severance agreements that each person entered into in September 2008.

7. The Class Claim alleges that the proposed class meets the requirements of Federal Rule of Civil Procedure 23(a),(b)(1)(B) and Bankruptcy Rule 7023.

## THE PROPOSED CLASS

8. The proposed Class definition is as follows:

Former employees of Debtors who entered into agreements on or about September 9, 2008, to be paid salary and benefits through a 60-day notice period and subsequent separation date but who Debtors ceased paying on or around October 3, 2008, and who have not filed a timely request to opt-out of the class.

9. As is more fully discussed in the accompanying brief, the proposed class satisfies all the requirements of Fed.R.Civ. P. 23(a) and 23(b)(3) for class certification: the proposed Class is numerous; questions of law and fact are common to all members of the class; the Plaintiffs' claims are typical of the claims of the Class; the Plaintiffs will fairly and adequately protect the interests of the Class; the questions of law and fact common to the class members predominate over any questions affecting individual members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## THE SUITABILITY
## OF THE PLAINTIFFS TO ACT AS CLASS REPRESENTATIVES

10. As shown by the accompanying Declarations of Cynthia Swabsin and Alexander Leytman (attached as Exhibit C to Plaintiffs' Motion), Plaintiffs were employed by Debtors during the relevant period and terminated without cause in September 2008. As with the

3

other similarly situated individuals, Plaintiffs each entered into severance agreements with Debtors on or about September 9, 2008 wherein Debtors agreed to pay salary continuation and benefits during the subsequent 60-day "notice period." Debtors ceased making the payments to Plaintiffs and each member of the putative class on or about September 17, 2008.

11.     Plaintiffs have no conflict of interest with other class members and have and will diligently prosecute this action and represent the interests of the Class.

### THE DILIGENT PROSECUTION OF THE ACTION

12.     Plaintiffs, both through their counsel and otherwise, have diligently prosecuted this action. Following their retention, counsel promptly investigated the facts, researched the law and otherwise evaluated the potential claims of the Plaintiffs and the other employees. Having concluded that a violation had occurred, counsel then prepared and served the Class Proof of Claim, as well an Adversary Proceeding Class Action Complaint against Debtors. Proposed class counsel conferred with defense counsel re the merits of the claim, and opposed Debtors' Motion to Dismiss[1]. In addition, proposed class counsel prepared and filed a response to the Objection to the Class Claim, together with the instant motion. Plaintiffs' counsel has actively litigated this case and will continue to do so.

### THE SUITABILITY OF PLAINTIFFS' COUNSEL TO ACT AS CLASS COUNSEL

**Outten & Golden LLP**

13.     Jack A. Raisner and I are members of the Class Action Practice Group and Co-Chairs of the WARN Act Practice Group of Outten & Golden LLP ("O&G"), the nation's largest law firm devoted solely to the rights of employees.[2] We are plaintiffs' counsel in over 50

---

[1] Debtors' Motion to Dismiss the Adversary Proceeding Class Action Complaint was granted by the Court on or about January 10, 2010.

[2] O&G is a 30-attorney firm based in New York City. It focuses on representing plaintiffs with a wide variety of

4

certified or putative class actions currently in litigation or settlement, including: *Callahan v. Taylor Bean & Whitaker Mortgage Corp.,* 09-00439 (Bankr. M.D. Fl. 2009) (certified class of 3,000); *Rasheed v. American Home Mortgage Corp.*, Case No. 07-51688 (Bankr. Del. 2007) (settled on behalf of a certified class of 2,300); *Mochnal v. Eos Airlines, Inc*., Case No. 08-08279 (Bankr. S.D.N.Y. 2008)(settled on behalf of a certified class of over 300); *Mekonnen v. HomeBanc Mortgage Corporation*, Case No. 07-51695 (Bankr. Del. 2007)(certified class of over 400); *Updike v. Kitty Hawk Cargo, Inc.*, Case No. 07-04179 (Bankr. N.D. Tex. 2007) (settled on behalf of a certified class of about 400); *Aguiar v. Quaker Fabric Corporation*, Case No. 07-51716 (Bankr. Del. 2007) (settled on behalf of a certified class of 900); *Jones v. Alliance Bancorp,* Case No. 07-51799 (Bankr. Del. 2007)(settled on behalf of a certified class of about 200); *Binford v. First Magnus Capital, Inc.*, Case No. 08-01494 (Bankr. D. Ariz. 2008)(settled on behalf of a class of approximately 1,400); *Bridges v. ContinentalAFA Dispensing Co.,* Case No. 08-45921 (Bankr. E.D. Mo. 2008) (settled on behalf of a class of about 500); *Bressmer v. Delta Financial Corporation,* Case No. 07-51808 (Bankr. D. Del. 2007); *Johnson v. First NLC Financial Services, LLC,* Case No. 08-01130 (Bankr. S.D. Fla. 2008)(settled on behalf of a class of about 200); *Czyzewski v. Jevic Transportation, Inc.,* Case No. 08-50662 (Bankr. Del. 2008)(certified class of approximately 1,800 employees); *Michaels v. Southern Star Mortgage Corp.,* Case No. 08-01021 (Bankr. E.D.N.Y. 2008); *Austen v. Archway Cookies,* Case No. 08-12323 (Bankr. D. Del. 2008)(certified class of over 600 employees); *Clayton v. Continental Promotion Group Inc*., Bankr. Case No. 08-18112 (Bankr. M.D. Fla. 2008); *Mofield v. FNX Mining Company USA Inc*., Case No. 08-00105 (M.D. Tenn. 2008) (settled on behalf of a class of about 225); *Kratzel v. Bill Heard,* 08-83029 (N.D. Ala. 2008); *Teta v. TWL Corp*., 08-42773

---

employment claims, including claims of individual and class-wide violations of wage and hour laws, WARN Act violations, discrimination and harassment based on sex, race, disability, or age, as well as retaliation, whistleblower, and contract claims.

5

(Bankr. E.D. Tex. 2008); *Jackson v. Qimonda* NA, 09-50192 (Bankr. D. Del. 2009)(settled on behalf of a certified class of over 1,200 employees); *Bent v. ABMD, Limited,* 09-3367 (Bankr. S.D. Ohio 2009*); Hudson v. Rutland Plywood Corp*, 09-cv-00030 (D. Vt. 2009)(settled on behalf of a class of approximately 60); *Varela v. Eclipse Aviation Corporation*, 08-13031 (Bankr. D. Del. 2009); *Iannacone v. Fortunoff Holdings Inc.,* 09-22581 (Bankr. S.D.N.Y. 2009); *Curry v. Caritas Health Care Inc*., 09-40901 (Bankr. E.D.N.Y. 2009)(certified class of 800 employees); *Ross v Mid-States Express, Inc*., 09-10818 (Bankr. N.D. Ill. 2009); *Sullivan v. GRA Liguidation, Inc.,* 09-51620 (Bankr. Del. 2009); and *Matzen v. Corwood Laboratories, Inc.,* 10-08003 (Bankr. E.D. N.Y. 2010).

**Jack A. Raisner**

14.    Jack A. Raisner is a partner at O&G and a member of its Class Action Practice Group and Co-Chair of its WARN Act Class Action Practice Group.  Mr. Raisner represents employees in wage and hour, discrimination, and WARN class actions.  He has successfully concluded and is currently prosecuting numerous WARN Act class action claims. He has prosecuted as lead counsel numerous wage and hour class action cases to successful conclusion, including *Dorfman v. United Parcel Service,* No. 06 CV 00703 (E.D.N.Y.);  *Levy v. Verizon Information Services,* 06-CV-1583 (NG)(SMG); *Hernandez v. The Home Depot Inc.*, No. CV-05 3433 (E.D.N.Y.); *Day v. Control Associates,* No. 04 CV-07125 (S.D.N.Y); *Clark v. JP Morgan Chase & Co*. No. 04601519 (NY Sup. Ct., NY Cty); *Fouyolle v. JP Morgan Chase & Co*., No. 04-2219 (S.D. Tex.); *Wilson Cole v. Global Financial Services of Nevada*, 05 Civ. 10011 (S.D.N.Y); *Lamons v. Target Corporation*, CV 04-0260 (E.D.N.Y); *Westerfield v. Washingtion Mutual Bank*,  06 Civ. 2817 (E.D.N.Y.); *Fei v. WestLB*, 07 Civ. 8785 (S.D.N.Y.); *Smith v. Citigroup*, 07 Civ. 1791(E.D.N.Y.); *English v. Ecolab, Inc*., 06 Civ. 5672 (S.D.N.Y.);

6

and *Boal v. Premium Capital Funding LLC d/b/a Topdot Mortgage*, CV 07-698 (E.D.N.Y.).

15. Mr. Raisner is a tenured full Professor of Law, Tobin College of Business, St. John's University. He is the author of *Pregnancy Discrimination and Parental Leave* (Aspen 2000), update editor of the two-volume treatise, *Representing Plaintiffs in Title VII Actions* (Aspen 2006), and numerous articles and legal texts encompassing an extensive range of issues. He is a contributing author of chapters in leading legal treatises, including *Employee Rights Litigation, Disability Discrimination in the Workplace, New York Employment Law, Employment Litigation in New York, West's General Practice in New York*, and *International Labor and Employment Laws*. He is a member of the National Employment Lawyers Association (NELA) and has spoken on attorney ethics at its national conferences on wage and hour litigation. He is a member of the American Bar Association, Section of Labor and Employment Law, Fair Labor Standards subcommittee where, since 2006, he has delivered the annual conference presentation concerning attorneys' ethics in wage and hour class actions. His articles have appeared in various legal journals and publications, including the New York Law Journal and the New York State Bar Association Labor and Employment Newsletter. Mr. Raisner received his B.S. degree from Boston University in 1978 and his J.D. from Benjamin N. Cardozo School of Law in 1983. He is admitted to the New York bar.

### René S. Roupinian

16. I am a partner at O&G, a member of its Class Action Practice Group, Co-Chair of its WARN Act Class Action Practice Group, and actively litigate cases on behalf of employees, a majority of which have been litigated in bankruptcy court. I have served as counsel in more than 100 WARN class actions, representing tens of thousands of employees, seeking recovery of employee pay and benefits. Those cases, in addition to the ones mentioned in

paragraph 13 above, include: *Law v. American Capital Strategies Ltd.*, Case No. 05-00836 (M.D. Tenn. 2005); *Bandel v. L.F. Brands Marketing, Inc.*, Case No. 04-CV-01672 (S.D.N.Y. 2004); *Walsh v. Consolidated Freightways Corporation*, Case No. 03-01074 MG (Bankr. C.D. Cal. 2003); *Gardner v. Pillowtex Corporation*, Case No. 03-60213 (Bankr. Del. 2003); *Baker v. National Machinery Company*, Case No. 02-07444 (N.D. Ohio 2002); *Ruggier* v. *Teligent, Inc.,* 03-04871 (S.D.N.Y. 2003); *Trout v. Transcom USA, Inc.*, 03-00537 (S.D. Ind. 2003); *Barajas v. Gonzalez Inc.*, Case No. 02-15508 (Bankr. D. Ariz. 2002); *Scott v. Greenwood Mills. Inc.*, Case No. 02-00221 (D.S.C. 2002); *D'Andreis v. Thomaston Mills, Inc.*, Case No. 01-05142 (Bankr. M.D. Ga. 2001); *Ballentine v. Triad International Maintenance Corporation*, Case No. 01-10357 (E.D. Mich. 2001); *Andrews v. Pliant Systems Inc.*, Case No. 01-00065 (Bankr. E.D.N.C. 2001); and *Michael Cain v. Inacom Corp.*, 00-01724 (Bankr. Del. 2000).

        17.    I have spoken on federal and state WARN rights and the litigation of WARN class claims in bankruptcy before the American Bar Association, the New York State Bar Association, the National Employment Lawyers Association, the Midwest Regional Bankruptcy Seminar and other organizations, and most recently presented for the American Bar Association's program *The Last Resort: What Labor & Employment Lawyers Need to Know About Bankruptcy*. I have been quoted on WARN law rights and the firm's cases have been cited in such publications as the Wall Street Journal, the New York Times, American Lawyer, Associated Press, USA Today, Forbes, Newsday, Times-Gazette, The Herald News, and others. I am an active member in several bar associations, including the New York City Bar, the National Employment Lawyers Association (NELA), and the Armenian-American Bar Association.

18. I received my BA from the University of Michigan in 1989, and my JD in 1994 from Michigan State University College of Law where I was a member of the Moot Court Executive Board. Prior to 2002, I was a partner in a Detroit law firm where I litigated individual employment claims and class actions on behalf of homeowners, consumers and taxpayers. I have argued before the Michigan Court of Appeals and the Michigan Supreme Court and am a member of the bars of New York and Michigan.

19. I submit that Plaintiffs' counsel is well-suited to serve as class counsel, they have no conflict of interest, and, as shown above, have diligently prosecuted this action and should be appointed Class Counsel.

**THE FORM AND MANNER OF NOTICE TO THE CLASS**

20. As shown by the accompanying brief, the Proposed Notice to the class satisfies the requirements for such a notice. The Notice fairly apprizes the class members of the nature of the action, of their right to opt-out of the class, and of the effect of their failure to opt-out, namely, that they will be bound by the outcome of the litigation (See Exhibit E).

21. The motion seeks approval of service of the Proposed Notice by first class mail sent to the address of each class member shown in Debtors' records. As discussed in the accompanying brief, service in this manner is proper.

**CONCLUSION**

22. In view of the foregoing, the annexed exhibits, the accompanying Motion and the accompanying declaration of Plaintiffs Cynthia Swabsin and Alexander Leytman in support of their motion, this Court should enter the proposed Order (Exhibit F) certifying a class of former employees of Debtors who entered into agreements on or about September 9, 2008, to be paid salary and benefits through a 60-day notice period and subsequent separation date but

9

who Debtors ceased paying on or around October 3, 2008, and who have not filed a timely request to opt-out of the class, (b) appointing Outten & Golden LLP as Class Counsel, (c) appointing Plaintiffs Cynthia Swabsin and Alexander Leytman as Class Representatives, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

Dated: October 14, 2011

                                            /s/  René S. Roupinian
                                            RENÉ S. ROUPINIAN