**Hearing Date and Time:  October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Andrew J. Levander
Kathleen N. Massey
Adam J. Wasserman

Attorneys for Michael Ainslie, John F. Akers, Roger S.
Berlind, Thomas H. Cruikshank, Marsha Johnson Evans,
Sir Christopher Gent, Roland A. Hernandez, Henry
Kaufman and John D. Macomber

[*Also filed by counsel for Richard S. Fuld, Jr.,
Christopher M. O'Meara, Erin M. Callan*]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                      :
**In re**                                             :         **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,          :         **08-13555 (JMP)**
                                                      :
                                   **Debtors.**       :         **(Jointly Administered)**
                                                      :
------------------------------------------------------------------------x

**INSURED PERSONS' REPLY IN SUPPORT OF MOTION, PURSUANT TO
SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER
MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT
PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY
TO SETTLE THE CALIFORNIA MUNICIPALITIES ACTIONS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Richard S. Fuld, Jr., Christopher M. O'Meara, Erin M. Callan, Michael L. Ainslie, John

F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher

Gent, Roland A. Hernandez, Henry Kaufman and John D. Macomber (collectively, the "Insured

Persons"), former and current officers and directors of Lehman Brothers Holdings Inc. ("LBHI")

and/or its affiliated debtors in the above-referenced chapter 11 cases (the "Debtors" and,

1

**Hearing Date and Time:  October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

collectively with their non-debtor affiliates, "Lehman"), file this reply to the limited objection of

Essex Equity Holdings USA, LLC ("Essex Plaintiff") (dated October 12, 2011, [D.E. 20754]) to

the Insured Persons' motion modifying the automatic stay to allow payment of $1.05 million

under the directors and officers insurance policies ("D&O Policies") to settle the following six

cases involving various California municipalities:  (1) *City of Long Beach v. Fuld, et al., Case*

*No. 1:09-cv-03467-LAK*; (2) *City of Fremont v. Citigroup Global Markets, Inc., et al., Case No.*

*1:09-cv-03478-LAK;* (3) *City of Cerritos v. Citigroup Global Markets, Inc., et al., Case No.*

*1:09-cv-07878-LAK*; (4) *City of South San Francisco v. Citigroup Global Markets, Inc., et al.,*

*Case No. 1:09-cv-01946-LAK*; (5) *County of Alameda v. Ernst & Young, LLP, et al., Case No.*

*1:09-cv-07877-LAK*; and (6) *County of Toulumne v. Ernst & Young, LLP, et al., Case No. 1:09-*

*cv-03468-LAK* (the "California Municipalities Actions") (the "Motion") [D.E.20308].

　　　　　1.　　　　On September 27, 2011, the Insured Persons filed their Motion seeking

entry of an order granting relief from the automatic stay provided for in section 362(a) of the

Bankruptcy Code, to the extent that it applies, to allow Excess Policy Insurers to pay the

settlement amount in the California Municipalities Actions from the available proceeds of the

Excess Insurance Policies in accordance with the terms of an agreement for settlement between

the California Municipalities and the Insured Persons, "subject to the terms, conditions, and

limitations of the respective Excess Insurance Policies."  Motion at ¶ 11.  The Court has granted

similar motions on ten prior occasions.  In response, only one party—the Essex Plaintiff—filed a

limited objection, to which this responds.

　　　　　2.　　　　This is the third time that the Essex Plaintiff has made a limited objection

to a proposed comfort order.  Indeed, their last "limited objection" in connection to the New

Jersey comfort order was just denied on September 14, 2011.

3.      The Essex Plaintiff objects to the motion on a "limited" basis, claiming

that "the relief requested – that the Court enter an order finding the intended proceeds to pay the

settlements of the California Municipalities Actions are properly attributed to the 2007-2008

policy period – is unsupported by the documents submitted to the Court."  Essex Obj. at ¶ 1.

However, the Motion requests no such relief.  As this Court observed last month in overruling

the Essex Plaintiff's substantially similar "limited objection" to the comfort order motion with

respect to the insured persons' settlement with the State of New Jersey, "[O]ne thing is clear.

The motion itself is a motion for what we conveniently describe as a comfort order that

authorizes parties-in-interest to proceed with the proposed settlement *but in no way constitutes a*

*determination as to the underlying coverage issues. . . .*  [E]ven if there had been no objection by

[the Essex Plaintiff], the grant of this motion would not have constituted and does not constitute

a determination of any coverage issues.  That's one of the reasons why *this has been largely a*

*waste of time*."  Excerpt of Sept. 14, 2011 Hearing Tr. at 27:5-23 (attached hereto as Exhibit A)

(emphases added).  This is equally true in this case as well and the Court should once again

overrule the Essex Plaintiff's objection on the same erroneous ground.

4.      As an additional matter, the Essex Plaintiff does not have any standing to

make its limited objection.  In January 2008, the Essex Plaintiff initiated a FINRA arbitration

proceeding against Lehman Brothers, Inc. ("LBI") and LBI's directors and officers.  Notably,

however, the Essex Plaintiff does not—and cannot—assert that it has obtained a judgment in its

favor in that case, reached a settlement with any defendants, or is otherwise presently entitled to

any proceeds from the D&O Policies at issue.  As a consequence, just as in the State of New

Jersey's objection to a comfort order motion filed by defendants in the U.S. Air Arbitration (the

"U.S. Air Comfort Order"), which the Court rejected in July, the Essex Plaintiff is but merely

"one representative of . . . a whole host of third parties who may have claims that could be a

claim against proceeds of an insurance policy" who is without standing to object.  Excerpts of

July 20, 2011 Hearing Tr. at 42:18-22 (attached hereto as Exhibit B).

        5.        Moreover, there is no dispute—other than the Essex Plaintiff's contrived

question—that the settlement of the California Municipalities Actions are covered by the 2007-

2008 Policy.  Notably, in response to the Insured Person's motion, neither Debtors, nor the

insurers, nor anyone else—including the Essex Plaintiff—has claimed that this settlement is not

covered under the 2007-2008 Policy.  This was also true with respect to the New Jersey comfort

order the Court entered last month.  See Ex. A at 26:21—27:4 ("[T]here is no question but that

the proposed settlement to be authorized by virtue of granting the motion is a settlement that falls

within the 2007/2008 D&O coverage.").  As explained to the Court at that time, and as the Essex

Plaintiffs know, the various suits brought by investors in Lehman fall under the 2007-2008

Policy Period because the first of the suits was filed during that period and the later ones are

deemed to "relate back" to the first suits under "relatedness" provision of the policies.  *See id.* at

20:19-23:19.  Consequently, the Essex Plaintiff's objection is baseless.

//

//

//

//

//

//

//

//

**Hearing Date and Time:  October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

## Conclusion

Accordingly, for the aforementioned reasons and those discussed in our Motion, the

Insured Persons respectfully request that the Court grant the relief requested in their Motion and

herein, grant the California Municipalities Actions comfort order, and such other and further

relief as is just and proper.


Dated: October 17, 2011
        New York, New York

/s/ Adam J. Wasserman                          _
DECHERT LLP
Andrew J. Levander
Kathleen N. Massey
Adam J. Wasserman

1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-8099

*Attorneys for Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman and John Macomber*


/s/  Todd S. Fishman                          _
ALLEN & OVERY LLP
Patricia M. Hynes
Todd S. Fishman
Molly C. Spieczny

*Attorneys for Richard S. Fuld, Jr.*


/s/ Mary Elizabeth McGarry                     _
SIMPSON THACHER & BARTLETT LLP
Michael J. Chepiga
Mary Elizabeth McGarry

*Attorneys for Christopher M. O'Meara*

**Hearing Date and Time:  October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

*/s/ Mark E. Davidson* _____  _
PROSKAUER ROSE
Robert J. Cleary
Mark E. Davidson
Seth David Fier

*Attorneys for Erin M. Callan*

14244236.2.LITIGATION

6