Hearing Date and Time: October 19, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             :   **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :   **08-13555 (JMP)**
                                                                  :
                            Debtors.                              :   **(Jointly Administered)**
                                                                  :
                                                                  :
------------------------------------------------------------------x

**DEBTORS' REPLY TO LIMITED OBJECTION OF
ESSEX EQUITY HOLDINGS USA, LLC TO THE DEBTORS'
MOTION PURSUANT TO SECTIONS 105(a) AND 363 (b) OF
THE BANKRUPTCY CODE FOR AUTHORIZATION TO GRANT
LIMITED RELEASES TO CERTAIN INSURERS UNDER THE
DIRECTORS AND OFFICERS INSURANCE POLICIES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), file this reply to the *Limited Objection of Creditor Essex Equity Holdings USA, LLC to the Debtors' Motion, Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, for Authorization to Grant Limited Releases to Certain Insurers Under the Directors and Officers Insurance Policies*, filed on October 12, 2011 [ECF No. 20756] (the "Limited Objection"), and respectfully represent:

1. On September 28, 2011 the Debtors filed the *Debtors Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authorization to Grant Limited Releases to Certain Insurers Under the Directors and Officers Insurance Policies* (the "Motion")[1] [ECF No. 20350]. The Motion seeks authority for the Debtors to provide limited releases of claims, which the Debtors believe they do not have, against any of the Excess Policy Insurers arising from or relating to their making settlement payments in connection with the New Jersey Action and the Equity/Debt Securities Class Action.

2. The Court overruled an objection of Essex Equity Holdings USA, LLC ("Essex") substantially similar to the Limited Objection (the "NJ Objection") [ECF No. 19757] and granted the NJ Lift Stay Motion pursuant to an order entered on September 25, 2011 [ECF No. 20017], thereby enabling the relevant Excess Policy Insurers to pay the NJ Settlement Amount. The Equity/Debt Lift Stay Motion, seeking similar relief to enable the payment of the Equity/Debt Settlement Amount and that is also subject to an objection filed by Essex similar to the NJ Objection and the Limited Objection [ECF No. 19758], is scheduled to be considered by the Court at the October 19, 2011 omnibus hearing.

3. Essex, which has no standing to object,[2] premises the Limited Objection on its patently false contentions that, by the Motion, the Debtors are seeking the "relinquishment of coverage rights on behalf of itself [sic] and those that under Debtor [sic] controls" and are inviting "the Court to make insurance coverage determinations. . . ." *See* Limited Objection ¶¶3, 7.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[2] Essex is not a party to either of the Actions nor is it a named insured under the 2007-2008 D&O Policies, which are limited, in the first instance, to the Debtors' current and former officers, directors and employees, and secondarily to the Debtors for certain reimbursement claims. *See* Motion ¶¶ 11-13.

4. No request was made in the Motion, nor has any been made in any motion filed by any party that is pending before the Court, seeking or requiring any determinations by the Court regarding any disputed insurance coverage issues. The Limited Objection is, therefore, an objection to a motion not before the Court. The only determination that this Court is required to make in connection with the relief that the Debtors seek in the Motion is whether or not granting the releases sought by the Excess Policy Insurers of claims that the Debtors do not believe that they have relating to such insurers payments of, in the aggregate, approximately $98,000,000, is an exercise of reasonable and sound business judgment where such third party payments will result in the elimination of claims asserted against the Debtors' estate in an aggregate amount for an excess of said sum.

5. The Debtors submit that for all of the reasons set forth above and in the Motion, the Debtors have met their burden of establishing that entry into the Release Agreements is an exercise of sound business judgment. Accordingly, the Limited Objection, which is singularly devoid of merit, should be overruled and the Motion granted.

WHEREFORE the Debtors respectfully request that the Court (i) overrule the Limited Objection, (ii) enter the order granting the Motion, and (iii) grant the Debtors such other or further relief as is just.

Dated: October 17, 2011
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession