Paul M. Basta
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

Counsel to Lehman Brothers Real
Estate Mezzanine Partners, L.P.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**NOTICE OF WITHDRAWAL OF PROOFS OF**
**CLAIM NUMBERED 29215 AND 29227 FILED BY**
**LEHMAN BROTHERS REAL ESTATE MEZZANINE PARTNERS, L.P.**

1.      On or after September 15, 2008, Lehman Brothers Holdings Inc. ("**LBHI**") and certain of its subsidiaries (collectively with LBHI, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code.  The Debtors had set September 22, 2009 as the date by which prepetition claims against them had to be filed.

2.      Lehman Brothers Real Estate Mezzanine Partners L.P. ("**Claimant**") timely filed a proof of claim against LBHI [Claim No. 29215] (the "**LBHI Claim**"), a copy of which is attached hereto as **Exhibit A**.  Additionally, Claimant also timely filed a proof of claim against Lehman Commercial Paper Inc., a Debtor in these chapter 11 cases [Claim No. 29227] (the "**LCPI Claim**," and together with the LBHI Claim, the "**Claims**"), a copy of which is attached hereto as **Exhibit B**.

3.     PLEASE TAKE NOTICE that Claimant hereby withdraws, without

prejudice, the Claims and reserves its right to re-file the Claims.

Dated: October 17, 2011                        **KIRKLAND & ELLIS LLP**
      New York, New York

                                        /s/ *Paul M. Basta*
                                        Paul M. Basta
     601 Lexington Avenue
     New York, New York  10022
     Telephone:     (212) 446-4800
     Facsimile:      (212) 446-4900
     paul.basta@kirkland.com

     Counsel to Lehman Brothers Real
     Estate Mezzanine Partners, L.P.

## Exhibit A

**LBHI Claim**

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)           0000029215

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Brothers Holdings Inc. | 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising _after_ the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Lehman Brothers Real Estate
Mezzanine Partners, L.P.
1271 Avenue of the Americas, 38th Fl.
New York, New York 10020
Attn: Yon Cho
      John Randall

(with a copy to)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn: Paul M. Basta
      Cindy Y. Chen
Tel: 212 446-4800
Email: paul.basta@kirkland.com
       cindy.chen@kirkland.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
_(If known)_

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ ~~See attachment~~
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attachment
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** ____ N/A
   3a. **Debtor may have scheduled account as:** ____ N/A
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other
Describe:  Setoff, including on account of claims of Debtors
Value of Property: $ _____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____  Basis for perfection: _____
**Amount of Secured Claim:** $ unknown     **Amount Unsecured:** $ unknown

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$ _____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. _(See definition of "redacted" on reverse side.)_ If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:
See attachment

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 9/21/2009 | ~~Rodolpho Amboss~~ **Authorized Signatory** |

FOR COURT USE ONLY

FILED / RECʼD
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS | ) | Case No. 08-13555 (JMP) |
| HOLDINGS INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ATTACHMENT TO PROOF OF CLAIM OF
## OF LEHMAN BROTHERS REAL ESTATE MEZZANINE PARTNERS, L.P.

**A.    General Background**

1.    On or after September 15, 2008 (the **"Petition Date"**), Lehman Brothers Holdings Inc. (**"LBHI"**) and certain of its subsidiaries, including Lehman Commercial Paper Inc.(collectively with LBHI, the **"Debtors"**), commenced voluntary cases under chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code"**).  Pursuant to the order dated July 2, 2009 (the **"Bar Date Order"**), the Debtors have set September 22, 2009 as the date by which claims against them have to be filed (the **"Bar Date"**).

2.    This attachment (this **"Attachment"**) is filed by Lehman Brothers Real Estate Mezzanine Partners, L.P., a Delaware limited partnership, and its affiliated investment partnerships (collectively **"LBREM,"** or the **"Claimant"**) as a supplement to the Claimant's written proof of claim and the to-be submitted on-line questionnaire (together, the **"Proof of Claim"**) against LBHI, collectively.  All statements and assertions made in the Proof of Claim are incorporated herein by reference.

**B.    Basis for Claim**

3.    Beginning in October 2005, Claimant purchased certain loan investments from LBHI (the **"Purchased Loan Investments"**).  Upon the closing of the transaction whereby the

Purchased Loan Investments were to be transferred to Claimant, the underlying loan documents (the "**Loan Documents**") to the Purchased Loan Investments were not immediately transferred to Claimant. Rather, the Loan Documents were placed in a custody account owned and controlled by LBHI at La Salle Bank National Association ("the "**LBHI Custody Account**").

4.       As of the date hereof, the Loan Documents to seven Purchased Loan Investments are being held in the LBHI Custody Account. A schedule detailing the Loan Documents currently held in the LBHI Custody Account is annexed hereto as **Exhibit A**. Claimant has asked LBHI to transfer the Loan Documents held in the LBHI Custody Account to the possession of Claimant. To date, LBHI has not complied with Claimant's request.

5.       Based on the foregoing, Claimant is filing this Proof of Claim to protect its rights in connection with the Loan Documents held in the Custody, and to seek injunctive relief, if necessary, to compel LBHI to release the Loan Documents to Claimant. Claimant also asserts an unliquidated, contingent claim against LBHI for any and all losses, damages and expenses relating to LBHI's failure to transfer the Loan Documents out of the LBHI Custody Account.

**E.       Reservation of Rights**

6.       Claimant reserves its rights to seek any and all interest it may be entitled to, including default interest, accrued and accruing, as well as any and all fees, costs, and expenses that it may seek reimbursement for, including, without limitation, attorneys' fees and any other fees and costs related to the Proof of Claim against the Debtors and the chapter 11 cases. Claimant also reserves the right to bring against LBHI, without any limitation, any claims and causes of actions, as well as any right to seek any and all remedies, to preserve any and all offsets, counterclaims and defenses with respect to enforcement of Claimant's rights in connection with the Loan Documents.

2

7.      The filing of this Attachment and the Proof of Claim (including any documents or attachments submitted in connection therewith) does not constitute a concession or admission by Claimant of liability, of any facts, or as to whether all or a portion of the claims are prepetition or postpetition in connection with any claim that has been or may be asserted against Claimant or against the Debtors and their estates.

8.      Claimant has filed this Attachment and Proof of Claim (including any documents or attachments submitted in connection therewith) under compulsion of the Bar Date Order entered in the Debtors' chapter 11 cases and to protect Claimant from forfeiture of their claims against the Debtors by reason of the dates established thereby.  Claimant reserves the right to amend and/or supplement this Attachment and the Proof of Claim at any time, including after the Bar Date, in any manner, and/or to file additional proofs of claim for any additional claims that may be based on the same or additional documents or grounds of liability or to assert that such claims are entitled to rights and priorities afforded under sections 365, 503 or 507 of the Bankruptcy Code.

9.      The filing of this Attachment and the Proof of Claim is not and shall not be deemed or construed as:  (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to

3

28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

10.    All notices regarding this Attachment and the Proof of Claim should be sent to Lehman Brothers Real Estate Mezzanine Partners, L.P., 1271 Avenue of the Americas, 38th Floor, New York, New York 10020, Attn:  Yon Cho and John Randall, with copies to Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Paul M. Basta, Esq. and Cindy Y. Chen, Esq.

4

## Exhibit A

**Schedule of Loan Documents Held in the LBHI Custody Account**

# Exhibit A

| Transaction Name | La Salle ID Number | Notional Amount | Origination Date | Borrower Entity Name | Other Identifiers |
|---|---|---|---|---|---|
| American Golf Portfolio | 132-0716-000 | $20,000,000 | 25 Feb 2005 | WSG Lone Star Holdings IV, LP | VM42 LM1004 |
| American Golf Portfolio | 132-0716-000 | $24,591,080 | 2 Nov 2006 | Walton Palmer Holdings IV, LP, WSG Lone Star Holdings IV, LP and others | LM1004 |
| Arnold Palmer Golf Portfolio | 132-0716-000 | $9,108,370 | 2 Nov 2006 | Walton Palmer Holdings IV, LP | LM1006 |
| Belmont Apartments | 132-0661-000 | $4,070,046 | 25 Aug 2004 | Belmont Member, LLC | VEI7 LM1007 |
| Belmont Apartments | 132-0661-000 | $3,950,000 | 11 May 2006 | Belmont Member, LLC | NA   LM1007 |
| Haverhill Apartments | 132-0683-000 | $6,010,611 | 16 Dec 2004 | Haverhill Member, LLC | VI92 LM1008 |
| Haverhill Apartments | 132-0683-000 | $4,900,000 | 10 Jul 2006 | Haverhill Member, LLC | LM1008 |
| The Duo | 134-0518-000 | $15,269,450 | 18 Aug 2004 | Duo Mezzanine LLC | VD82 LM1010 |
| Peninsula at St. Johns | 132-0740-000 | $14,946,504 | 10 Jun 2005 | St. Johns Phase 2 GP LLLP and St. Johns Phase 2 Partners LLLP | VSS1 LM1027 |
| Miami Green | 132-1074-000 | $5,610,000 | 31 May 2007 | MGT-1 Management, LLC | NA   LM1060 |



H
A
N
D

D
E
L
I
V
E
R
Y

_TP_____

**RECEIVED BY:**

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

**DATE**

4:25

**TIME**

## Exhibit B

## LCPI Claim

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Commercial Paper Inc. | Case No. of Debtor<br>08-13900 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                    0000029227

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Lehman Brothers Real Estate Mezzanine
Partners II, L.P.
1271 Avenue of the Americas, 38th Fl.
New York, New York 10020
Attn: Yon Cho
John Randall
Tel: 212 526-3075
Email: ycho@lehman.com
      john.randall@lehman.com

(with a copy to)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn: Paul M. Basta
Cindy Y. Chen
Tel: 212 446-4800
Email: paul.basta@kirkland.com
      cindy.chen@kirkland.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
Lehman Brothers Real Estate Mezzanine Partners II, L.P.
1271 Avenue of the Americas, 38th Fl.
New York, New York 10020
Attn: Yon Cho, John Randall

Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ See attachment
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: See attachment
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: ____N/A____
3a. Debtor may have scheduled account as: ____N/A____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☑ Other
Describe: Setoff, including on account of claims of the Debtors.
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $unknown   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:
$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:
See attachment

FOR COURT USE ONLY
FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date:
9/21/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Rodolpho Amboss
Authorized Signatory

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS | ) Case No. 08-13555 (JMP) |
| HOLDINGS INC., *et al.,* | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ATTACHMENT TO PROOF OF CLAIM OF**
**LEHMAN BROTHERS REAL ESTATE MEZZANINE PARTNERS II**

1.      On or after September 15, 2008 (the **"Petition Date"**), Lehman Brothers Holdings Inc. (**"LBHI"**) and certain of its subsidiaries (collectively with LBHI, the **"Debtors"**) commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors have set September 22, 2009 as the date by which claims against them have to be filed (the **"Bar Date"**).

2.      This proof of claim (the **"Proof of Claim"**) is filed by Lehman Brothers Real Estate Mezzanine Partners II, L.P. a private real estate investment fund, as the direct owner of LBREM II REIT Holdings, who in turn owns a 100% ownership interest in Adams Mark Mezz Holdings LLC (**"Adams Mark,"** collectively the **"Claimants"**) and asserts this Proof of Claim based on that ownership interest.

3.      On August 28, 2008, Adams Mark entered into the Loan and Security Agreement (the **"Agreement"**) with Lehman Commercial Paper Inc. (**"LCPI"**).  A copy of the Agreement may be made available upon reasonable request.

4.      Pursuant to the terms of the Agreement, LCPI committed to loan Adams Mark $29,000,000.  As of the Petition Date, LCPI funded $3,140,472 of the $29,000,000 commitment, and has refused to fund the remaining $25,859,528.

5.      Based on the foregoing, Claimants asserts a claim against LCPI in the amount of $25,859,528, which represents the unfunded commitment.

6.      The filing of this Proof of Claim does not constitute a concession or admission by Claimants of liability or of any facts or whether all or a portion of the claims are prepetition or postpetition in connection with any claim that has been or may be asserted against Claimants, the Debtors and their estate. Claimants reserves its right to seek any and all interest that it may be entitled to, including default interest, accrued and accruing, as well as any and all fees, costs, and expenses that it may seek reimbursement for, including attorneys' fees and any other related expenses.

7.      Claimants have filed this Proof of Claim under compulsion of the Bar Date established in the Debtors' Chapter 11 cases and to protect Claimant from forfeiture of its claims against the Debtors by reason of any such bar date. Claimants reserves the right to amend and/or supplement this Proof of Claim at any time, including after the Bar Date, in any manner, and/or to file additional proofs of claim for any additional claims that may be based on the same or additional documents or grounds of liability or to assert that such claims are entitled to rights and priorities afforded under sections 365, 503 or 507 of the Bankruptcy Code.

8.      The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimants currently in the possession of the Debtors; (b) a waiver of the right to compel the Debtors to assume the Agreement; (c) a consent by Claimants to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or

2

otherwise involving Claimants; (d) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights' or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a consent by Claimants to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (f) a waiver or release of Claimants' right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (g) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving Claimant; or (h) an election of remedies.

9.    All notices regarding this Proof of Claim should be sent to Lehman Brothers Real Estate Mezzanine Partners II, 1271 Avenue of the Americas, 38th Floor, New York, New York 10020, <u>Attention</u>:  Yon Cho and John Randall, with a copy to (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, <u>Attention</u>: Paul M. Basta and Cindy Y. Chen.



H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED BY: _TP_____

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

DATE

4:25

TIME