**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                        :
In re                                   :    **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                        :
               **Debtors.**             :    **(Jointly Administered)**
------------------------------------------------------------------x

**STIPULATION,**
**AGREEMENT AND ORDER AMONG LEHMAN BROTHERS**
**HOLDINGS INC., THOMAS E. PRATT, BBP PARTNERS, LLC AND**
**SCHOTTENSTEIN, ZOX AND DUNN CO., LPA REGARDING RECEIVERSHIP FUNDS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor-in-possession, Thomas E. Pratt ("Pratt"), BBP Partners, LLC ("BBP") and Schottenstein, Zox and Dunn Co., LPA ("Schottenstein'" collectively with Pratt and BBP, the "Receiver"), by and through their respective attorneys, hereby stipulate as follows:

**RECITALS**

A.      On May 15, 2007, Judge Lee Sinclair of the Stark County (Ohio) Court of Common Pleas (the "State Court") entered an order (the "Appointment Order") appointing Pratt as receiver for United Petroleum Marketing LLC ("UPM").  The Appointment Order was occasioned, in part, by a default by Amin Mohammed, the sole member of UPM, on a commercial loan from LBHI in the amount of $8,600,000.

B.      On July 23, 2007, the State Court entered an order approving the terms of Pratt's employment as receiver and authorizing Pratt to retain BBP and Schottenstein to assist in the administration of UPM (the "Retention Order").

C.      Pursuant to the Appointment Order, the Receiver assumed control of UPM's assets and subsequently liquidated such assets through an auction.  The auction was approved by the State Court on March 7, 2008 (the "Auction").

D.      The Receiver asserts that, in accordance with the Appointment Order and the Retention Order, it allocated a portion of the proceeds of the Auction to the fees and expenses of the receivership, retained approximately $45,000 to cover outstanding receivership costs such as real estate taxes (the "Remaining Receivership Funds"), and returned the balance to UPM's creditors as required by Ohio law, including a payment of approximately $8,000,000 to LBHI.

E.      As the senior secured creditor of UPM, LBHI may have an interest in the Remaining Receivership Funds.

F.      On September 15, 2008 (the "Commencement Date"), LBHI commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  LBHI continues to operate its businesses and manage its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

G.      Following the Commencement Date, Pratt and BBP were named as defendants in two cases filed in the Cuyahoga County (Ohio) Court of Common Pleas (the "Cuyahoga Action").  The Cuyahoga Action related to certain actions Pratt and BBP had taken in their capacity as Receiver of UPM's assets.  The Receiver incurred certain fees and expenses in connection with obtaining the voluntary dismissal of all claims against Pratt and BBP in the Cuyahoga Action.  The net outstanding balance of the

Receiver's fees and expenses incurred in connection with the Cuyahoga Action is approximately $55,000.[1]

H.      The Receiver further asserts that, pursuant to the Appointment Order and the Retention Order, it is entitled to reimbursement from the Remaining Receivership Fund for amounts incurred in connection with the Cuyahoga Action and the Receiver intends to petition the State Court for authorization to apply the Remaining Receivership Funds in connection therewith.

I.      In light of the foregoing, and to ensure that the Receiver is not prohibited from exercising its rights with respect to the Remaining Receivership Funds, LBHI, Pratt, BBP and Schottenstein (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.      Upon the Effective Date, each of Pratt, BBP and Schottenstein, on behalf of themselves and for each of their past, present and future agents, attorneys, partners and other direct or indirect related entities and each of their respective past, present and future officers, agents, employees, servants, shareholders and attorneys (as well as their respective predecessors, successors and assigns) waives and releases any and

---

[1] A portion of the Receiver's legal fees and expenses were covered by insurance.

all claims or causes of action it or they may have against LBHI, whether in law or equity, to the fullest extent permitted by law.

3.      Upon the Effective Date, LBHI shall be deemed to have disclaimed and abandoned any interest that it may have in the Remaining Receivership Funds.

4.      This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

5.      This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns.  Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

6.      Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

7.      This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

8.      This Stipulation, Agreement and Order shall be governed by and interpreted in accordance with the laws of the State of New York, except to the extent

that the Bankruptcy Code applies, without regard to principles of conflict of laws that

would require the application of laws of another jurisdiction.

        9.     This Court shall retain jurisdiction to resolve any disputes or

controversies arising from this Stipulation, Agreement and Order.


Dated: September 29, 2011

| | |
|---|---|
| **WEIL, GOTSHAL & MANGES LLP** | **SCHOTTENSTEIN ZOX & DUNN CO., LPA** |
| /s/ Jacqueline Marcus | /s/ M. Collette Gibbons |
| Jacqueline Marcus | M. Collette Gibbons |
| 767 Fifth Avenue | 600 Superior Avenue East, Suite 1701 |
| New York, New York 10153 | Cleveland, OH 44114 |
| Telephone: (212) 310-8000 | Telephone: (216) 394-5065 |
| Facsimile: (212) 310-8007 | Facsimile: (216) 621-5149 |
| | |
| Attorneys for Debtors and Debtors in Possession | Attorneys for Pratt |
| | |
| **SCHOTTENSTEIN ZOX & DUNN CO., LPA** | **SCHOTTENSTEIN ZOX & DUNN CO., LPA** |
| /s/ M. Collette Gibbons | /s/ M. Collette Gibbons |
| M. Collette Gibbons | M. Collette Gibbons |
| 600 Superior Avenue East, Suite 1701 | 600 Superior Avenue East, Suite 1701 |
| Cleveland, OH 44114 | Cleveland, OH 44114 |
| Telephone: (216) 394-5065 | Telephone: (216) 394-5065 |
| Facsimile: (216) 621-5149 | Facsimile: (216) 621-5149 |
| | |
| Attorneys for BBP | On its own behalf |


**SO ORDERED:**


Dated: New York, New York
      October 17, 2011

                                  *s/ James M. Peck*
                                Honorable James M. Peck
                                United States Bankruptcy Judge