WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                          :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS'**
**MOTIONS SCHEDULED FOR HEARING ON OCTOBER 19, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

        1.    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed the following motions (collectively, the "Motions") with the Court for hearing

on October 19, 2011:

- Motion of Lehman Commercial Paper Inc. Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure for Authorization to Restructure its Interests in Italian Real Estate Fund **[ECF No. 20311]**

- Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code for an Order Modifying the Automatic Stay to Allow Advancement of Defense Expenses Under the 2007-2008 Directors and Officers Insurance Policies by the Excess Policy Insurers **[ECF No. 20323]**

- Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Authority to Enter into Settlement with Bond Safeguard Insurance Company and Lexon Insurance Company **[ECF No. 20355]** (the "Bond/Lexon Motion")

- Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019 for Authority to Enter into Settlement with Arch Insurance Company **[ECF No. 20369]**

- Debtors' Motion Pursuant to Sections 105(a) and 363(b)(1) of the Bankruptcy Code for Authorization to Implement 2012 Derivatives Incentive Program and Certain Related Relief **[ECF No. 20370]**

      2.      In accordance with the Second Amended Case Management Order, October 12, 2011 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline (the "Objection Deadline") for parties to object or file responses to the Motions.  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

      3.      The Objection Deadlines have now passed and, to the best of my knowledge, no objections or other responsive pleadings to the Motions (other than statements in support of the relief requested by certain Motions filed by the Official Committee of Unsecured Creditors) have been filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor

has any objection or other responsive pleading with respect to the Motions been served on Debtors' counsel.

4.    Accordingly, the Debtors respectfully request that the proposed orders granting the Motions annexed hereto as Exhibits A through E be entered in accordance with the procedures described in the Second Amended Case Management Order.  A revised form of Order granting the Bond/Lexon Motion was filed with the Court on October 14, 2011 **[Docket No. 20854]**, and has not been modified since such filing.  The proposed orders granting the remaining Motions have not been modified since the filing of the Motions.

I declare that the foregoing is true and correct.

Dated: October 17, 2011
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order – ECF No. 20311)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                    :

In re                            :       Chapter 11 Case No.
                                      :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :       08-13555 (JMP)
                                      :

           Debtors.           :       (Jointly Administered)
                                      :

-------------------------------------------------------------------x

**ORDER PURSUANT TO
SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE
AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AUTHORIZING LEHMAN COMMERCIAL PAPER INC.
<u>TO RESTRUCTURE ITS INTERESTS IN ITALIAN REAL ESTATE FUND</u>**

Upon the motion, dated September 27, 2011 (the "<u>Motion</u>"), of Lehman

Commercial Paper Inc. ("<u>LCPI</u>"), as debtor and debtor-in-possession, pursuant to sections 105

and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for authorization to restructure

its interests in the Calvino Credit Facility,[1] all as more fully described in the Motion; and the

Court having jurisdiction to consider the Motion and the relief requested therein in accordance

with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for

the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided in accordance with the procedures set forth in the second amended order entered June

17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms
in the Motion

United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; (vi) the attorneys for Zwinger;

(vii) the attorneys for BPM; (viii) the attorneys for LBIE; and (ix) all parties who have requested

notice in these chapter 11 cases, and it appearing that no other or further notice need be provided;

and upon consideration of the Fitts Declaration; and a hearing (the "Hearing") having been held

to consider the relief requested in the Motion; and the Court having found and determined that

the relief sought in the Motion is in the best interests of the Debtors, their respective estates and

creditors, and all other parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code and

Bankruptcy Rule 9019, LCPI (a) is duly authorized and empowered to effectuate the

Restructuring on the terms set forth in the Term Sheet; (b) is duly authorized and empowered to

execute, deliver, implement, and fully perform any and all obligations, instruments, documents

and papers, that may be necessary or appropriate to consummate or implement the transactions

contemplated by the Term Sheet; and (c) shall have the right both in connection with and

following consummation of the Restructuring to consent to any amendment, restatement, waiver,

supplement or other modification of any of the transactions described therein substantially in

accordance with the description set forth in the Motion.  Any actions described in clauses (a), (b)

and (c) taken by LCPI or its affiliates may be taken without the necessity (x) of further court

proceedings or approval or (y) of any consent of any other party, and shall be conclusive and

binding in all respects on all parties in interest in these cases; and it is further

ORDERED that LCPI is authorized to amend, modify, or supplement any

of the terms of the Term Sheet, without the necessity of further Court proceedings or approval

and without the consent of any other party, except to the extent that such changes have a material

adverse effect on LCPI's estate; and it is further

ORDERED that, pursuant to Bankruptcy Rule 6004(h), the terms of this Order

shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: October __, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**(Proposed Order – ECF No. 20323)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                    :
                                  **Debtors.**      :        **(Jointly Administered)**
                                                    :
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'**
**MOTION PURSUANT TO SECTION  362 OF THE**
**BANKRUPTCY CODE FOR AN ORDER MODIFYING THE**
**AUTOMATIC STAY TO ALLOW ADVANCEMENT OF DEFENSE**
**EXPENSES UNDER THE 2007-2008 DIRECTORS AND OFFICERS**
**INSURANCE POLICIES BY THE EXCESS POLICY INSURERS**

Upon the motion, dated September 27, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-

debtor affiliates, "Lehman"), pursuant to section 362(d) of title 11 to the United States Code (the

"Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for an order modifying the automatic stay, to the extent applicable, to

allow the Excess Policy Insurers under the 2007-2008 D&O Policies, to pay covered Defense

Expenses, advance covered Defense Expenses or both, incurred by the Individual Defendants

that have been named as defendants in the Legal Proceedings, all as more fully described in the

Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein

in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the second

amended order entered on June 17, 2010, governing case management and administrative

procedures for these cases [ECF No. 9635] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii)

the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) the attorneys or representatives of

each of the Excess Policy Insurers; and (vii) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing

having been held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code,

the automatic stay, to the extent applicable, is hereby modified to, and without further order of

this Court, allow payment of covered Defense Expenses, advancement of covered Defense

Expenses, or both from the Excess Policy Insurers to the Individual Defendants pursuant to the

terms of their respective Policies; and it is further

ORDERED the Debtors are authorized to execute all documentation necessary to

allow the Excess Policy Insurers to pay covered Defense Expenses, advance covered Defense

Expenses or both, incurred by the Individual Defendants in the Legal Proceedings; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Excess Policy Insurers, the Debtors or the Individual Defendants provided for under the terms, conditions and limitations of the Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and defenses that they would otherwise have with respect thereto; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that nothing in this Order shall prevent the Court from issuing additional order(s) to allow payment of other Loss by the Excess Policy Insurers on behalf of the Individual Defendants in the Legal Proceedings subject to the terms, conditions and limitations of the Excess Insurance Policies; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October __, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT C**

**(Proposed Order – ECF No. 20355)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                    :

In re                            :      Chapter 11 Case No.
                                      :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :      08-13555 (JMP)
                                      :

                      Debtors.      :      (Jointly Administered)
                                      :
------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 363
## OF THE BANKRUPTCY CODE AND FEDERAL
## RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING
## THE DEBTORS TO ENTER INTO SETTLEMENT WITH BOND
## SAFEGUARD INSURANCE COMPANY AND LEXON INSURANCE COMPANY

Upon the motion (the "Motion"),[3] of Lehman Brothers Holdings Inc. ("LBHI")

and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman

Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, the

"Debtors"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

for an order authorizing the Debtors to enter into that certain negotiated (i) settlement agreement

that relates to certain claims of Bond Safeguard Insurance Company and its affiliate Lexon

Insurance Company (together, "Bond Safeguard") against the SunCal Voluntary Debtors (the

"Bond VD Settlement Agreement") and (ii) settlement agreement that relates to certain claims of

Bond Safeguard against the SunCal Involuntary Debtors (the "Bond TD Settlement Agreement"

and together, with the Bond VD Settlement Agreement, the "Bond Settlement Agreements"),[4]

---

[3] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion.

[4] Copies of the Bond Settlement Agreements are attached to the *Notice of Filing of Settlement Agreements and Revised Proposed Order Relating to Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code and Federal*

memorializing the material terms, provisions and conditions set forth in the Bond Safeguard

Term Sheet, and to consummate the transactions contemplated in the Bond Settlement

Agreements, all as more particularly described in the Motion; and the Court having jurisdiction

to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

and consideration of the Motion and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Motion having been provided the procedures set forth

in the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635], on (i) the U.S. Trustee; (ii) the

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) counsel to the SunCal Trustee; (vii) counsel to Bond Safeguard; and (vii) all parties who

have requested notice in these chapter 11 cases, and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the

Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest

and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted as provided herein; and it is further

---

*Rule of Bankruptcy Procedure 9019 for Authority to Enter Into Settlement with Bond Safeguard Insurance Company
and Lexon Insurance Company*, filed on October 14, 2011.

ORDERED that, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are duly authorized, but not directed, to (i) enter into the Bond Settlement Agreements (ii) execute and deliver such documents, instruments, certificates and agreements and to take such other actions as may be reasonably necessary to consummate the transactions contemplated under the Bond Settlement Agreements, and (iii) consent to any amendment, restatement, waiver, supplement or other modification of any of the documents contemplated under the Bond Settlement Agreements; and it is further

ORDERED that the Debtors are authorized, but not directed, to make all payments contemplated to be made by the Debtors under the Bond Settlement Agreements, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LCPI, LBHI, or any other Lehman entity that is a party to the Bond Settlement Agreements or the Lehman-SunCal Plans, that such Lehman entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties, and the Debtors are hereby authorized and directed to execute such further documents to evidence such reservations; and it is further

ORDERED that nothing contained in the Bond Settlement Agreements or in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests,

obligations, benefits or remedies of LBHI, LCPI or any other Lehman Creditor, that such entity

may have or choose to assert on behalf of itself or its respective estate, as applicable, under any

provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each

other or third parties; and it is further

ORDERED that any and all pre- and post-petition claims, rights and obligations

that the Debtors may have against each other in connection with the subject matter of the Motion

or the transactions contemplated by the Bond Settlement Agreements upon execution are hereby

fully preserved and shall not be prejudiced by the entry of this Order; and it is further

ORDERED that the allocation of costs and benefits between or among the

Debtors and non-Debtor affiliates in connection with the Bond Settlement Agreements is

preserved; and it is further

ORDERED that the Bond Settlement Agreements may be modified, amended or

supplemented by the proponents thereof without further order of the Court, and any agreements,

documents or other instruments related to the Bond Settlement Agreements, documents or other

instruments may be modified, amended or supplemented by the parties thereto, in a writing

signed by such parties, and in accordance with the terms, provisions and conditions thereof,

*provided* that, in each case, any such modification, amendment or supplement does not have a

material adverse effect on the Debtors' estates; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to the implementation and/or interpretation of this Order;

*provided*, *however*, that nothing contained in this Order is intended to reduce the jurisdiction of

or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the

Central District of California in the chapter 11 cases of the SunCal Debtors.


Dated: October __, 2011
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT D

**(Proposed Order – ECF No. 20369)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                        :
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :        **08-13555 (JMP)**
                                                        :
                                Debtors.                :        **(Jointly Administered)**
                                                        :
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 FOR AUTHORITY TO ENTER INTO SETTLEMENT WITH ARCH INSURANCE COMPANY

Upon the motion (the "Motion"),[5] of Lehman Brothers Holdings Inc. ("LBHI")

and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman

Commercial Paper Inc. ("LCPI"), as debtors (the "Debtors"), pursuant to section 363 of title 11

of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for an order authorizing LBHI and LCPI to

enter into the Arch Settlement Agreements and to consummate the transactions and obligations

contained therein, all as more particularly described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

accordance with the procedures set forth in the second amended order entered on June 17, 2010

---

[5] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion.

governing case management and administrative procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to Arch; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are duly authorized, but not directed, to (i) enter into the Arch Settlement Agreements and consummate all of the transactions contemplated thereunder, as described in the Motion and (ii) execute and deliver such documents, instruments, certificates, and agreements and to take such other actions as may be reasonably necessary to consummate the transactions contemplated under the Arch Settlement Agreements, and (iii) consent to any amendment, restatement, waiver, supplement or other modification of any of the documents; and it is further

ORDERED that the Debtors are authorized, but not directed, to make all payments contemplated to be made by the Debtors under the Arch Settlement Agreements, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LCPI, LBHI, or any other Lehman entity that is party to the Arch Settlement Agreements or the Lehman-SunCal Plans, that such Lehman entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties, and the Debtors are hereby authorized and directed to execute such further documents to evidence such reservations; and it is further

ORDERED that nothing contained in the Arch Settlement Agreements or in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LBHI, LCPI or any other Lehman Creditor, that such entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties; and it is further

ORDERED that any and all pre- and post-petition claims, rights and obligations that the Debtors may have against each other in connection with the subject matter of the Motion or the transactions contemplated by the Arch Settlement Agreements are hereby fully preserved and shall not be prejudiced by the entry of this Order; and it is further

ORDERED that the allocation of costs and benefits between or among the Debtors and non-Debtor affiliates in connection with the Arch Settlement Agreements is preserved; and it is further

ORDERED that the Arch Settlement Agreements, may be modified, amended or supplemented by the proponents thereof without further order of the Court, and any agreements,

documents or other instruments related to the Arch Settlement Agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms, provisions and conditions thereof, *provided* that, in each case, any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; *provided*, *however*, that nothing contained in this Order is intended to reduce the jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the chapter 11 cases of the SunCal Debtors.

Dated: October __, 2011
          New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT E**

**(Proposed Order – ECF No. 20370)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                        :
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,            :        **08-13555 (JMP)**
                                                        :
                               **Debtors.**             :        **(Jointly Administered)**
                                                        :
                                                        :
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b)(1) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO IMPLEMENT 2012 DERIVATIVES INCENTIVE PROGRAM AND CERTAIN RELATED RELIEF

Upon the motion, dated September 28, 2011 (the "Motion")[6], of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-

debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363 of title 11 of the United States

Code (the "Bankruptcy Code") for (i) authorization to adopt, implement or otherwise take

actions consistent with the Derivatives Incentive Plan as described in the Motion, including

making all payments thereunder, (ii) authorization to modify certain aspects of the Retention and

Recruitment Program for derivatives employees, including to modify the criteria that must be

satisfied for derivatives employees to earn their 2012 Contractual Bonus, and (iii) approval of an

administrative expense priority of distribution entitlements under the Derivatives Incentive Plan

and the modified Retention and Recruitment Program for derivatives employees, all as more

fully described in the Motion; and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order

---

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the
Motion.

M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided in accordance with the procedures set forth in

the amended order entered June 17, 2010 governing case management and administrative

procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; and (vi) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing

having been held to consider the relief requested in the Motion; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized to take all necessary action to adopt,

implement or otherwise take actions consistent with the Derivatives Incentive Plan, including

making all payments thereunder; and it is further

ORDERED that the Debtors are authorized to take all necessary action to adopt,

implement or otherwise take actions consistent with the modifications to the Retention and

Recruitment Program with respect to derivatives employees on the terms and conditions set forth

in the Motion, including making all payments thereunder; and it is further

2

ORDERED that distribution entitlements under the Derivatives Incentive Plan

and the modified Retention and Recruitment Program with respect to derivatives employees are

entitled to administrative expense status and priority under sections 503(b)(1)(A) and 507(a)(2);

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: October __, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE