INVOICE NO. 2011-7

Robert Portas, RPR, CSR
Senior Court Reporter
Supreme Court - New York County - Civil Division
60 Centre Street - Room 420
New York, N.Y.  10007
646-386-3443
TAX I.D. NO.  83-0486273

January 10, 2011

PATTERSON, BELKNAP, WEBB & TYLER, ESQS.
    1133 Avenue of the Americas
    New York, NY  10036
ATTN:  PATRICK FAY
    212-336-2178

Bill for stenographic services in the matter of:
  U.S. BANK  VS.   GREENPOINT MORTGAGE

Index No. 600352/09

Before:  BERNARD J. FRIED, SCJ

Date:  January 6, 2011

Order Description:
  *  O&2 of Motion Proceedings, Index, Expedite, Split

27 Pages @ 4.90 per page.................$    132.00

TOTAL AMOUNT DUE.........................$    132.00

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK : CIVIL DIV. : PART 60
-----------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, as          :
Indenture Trustee for the Benefit of the :
Insurers and Noteholders of GreenPoint      :
Mortgage Funding Trust 2006-HE1, Home       :
Equity Loan Asset-Backed Notes, Series      :
2006-HE1; SYNCORA GUARANTEE INC.,           :
formerly known as XL CAPITAL ASSURANCE      :
INC., as Controlling Insurer, Note          :
Controlling Party and Class Ax Insurer;     :
and CIFG ASSURANCE NORTH AMERICA, INC.,     :
as Class Ac Insurer,                        :
                                            :
                        Plaintiffs,         :
                                            :
                - against -                 : Index No.
                                            : 600352/09
GREENPOINT MORTGAGE FUNDING, INC.,          :
                                            :
                        Defendant.          :
-----------------------------------------X MOTION

                        60 Centre Street
                        New York, New York
                        January 6, 2011

B E F O R E :

            HON. BERNARD J. FRIED,
                        Justice

            (Appearances on the following page.)

            _____
            ROBERT PORTAS, R.P.R., C.R.R.
            SENIOR COURT REPORTER

2

```
 1    A P P E A R A N C E S :

 2                    NIXON PEABODY, LLP
                      Attorneys for Plaintiff, U.S. Bank
 3                        437 Madison Avenue
                          New York, New York 10022-7001
 4                    BY:  CONSTANCE M. BOLAND, ESQ.

 5
                      PATTERSON, BELKNAP, WEBB & TYLER, LLP
 6                    Attorneys for Plaintiffs,
                      Syncora Guarantee, Inc.
 7                    CIFG Assurance North America
                          1133 Avenue of the Americas
 8                        New York, N.Y.  10036
                      BY:  PHILIP R. FORLENZA, ESQ.
 9                         THOMAS W. PIPPERT, ESQ.

10
                      MURPHY & MCGONIGLE, P.C.
11                    Attorneys for Defendant
                          4870 Sadler Road - Suite 301
12                        Glen Allen, Virginia  23060
                      BY:  JAMES A. MURPHY, ESQ.
13                         CAMERON S. MATHERSON, ESQ.

14
                      LECLAIR RYAN, ESQS.
15                    Attorneys for Defendant
                          830 Third Avenue - Fifth Floor
16                        New York, N.Y.  10022
                      BY:  MICHAEL T. CONWAY, ESQ.
17

18

19

20

21

22

23

24

25
```

PROCEEDINGS                                    3

1        THE COURT:  Good morning, folks.  Be seated.

2            Before we get into the merits, which I don't

3    think we're going to get into today -- and I'll explain

4    why I think we're not going to get into it.  I have had

5    some fundamental concerns with what I call the procedural

6    issues in this case.  And I can hear from you at length,

7    I don't think it's necessary, because I've finally

8    figured it out, what I think I should do here, and I'm

9    going to talk about that, and then I'll give you a chance

10   to respond.  The -- I'm going to say it in no particular

11   order, then I think I know what I want to say in an

12   orderly fashion, but let me start in my disorderly

13   fashion:

14           There are three parties, one, two and three.

15   Parties 2 and 3 were dismissed, that's CIFG and Syncora.

16   There is an amended complaint that was filed within the

17   time period as of right, adding those parties back with

18   regard to the indemnification, but not the other

19   contracts.  There's an opposition to that on the ground

20   that it violates 3025(e), that it should have been done

21   by leave and not by -- as a matter of right.

22           The -- there is -- and as to that motion -- I'm

23   sorry, as to that amended complaint there was no

24   evidentiary support submitted, at least it was never

25   discussed, because it was a direct procedural argument.

Robert Portas, RPR, CRR

PROCEEDINGS                          4

1      With regard to -- then what comes in sequence is

2      the cross motion to -- not to -- cross motion for leave

3      to file a proposed second amended complaint, which takes

4      the allegations from the first amended complaint,

5      incorporates them in its entirety and adds two causes of

6      action.  As to those two causes of action, there has been

7      added or submitted an evidentiary support which is

8      required on motion for leave to amend.

9      And if I'm talking with my hand over my mouth,

10     I'm sorry if you can't hear.

11     There is now opposition to the second --

12     proposed second amended complaint on the sufficiency

13     based on the evidentiary submissions in opposition to the

14     original complaint on grounds of res judicata, and

15     there's opposition to everything on grounds of

16     substantive sufficiency.

17     It seems to me that what I should do is start

18     this whole process anew.  And it seems to me what I

19     should do is to dismiss the--and I'm going to give you my

20     reason why I would do that after I hear from you--the

21     amended complaint without prejudice; I should deny

22     without prejudice the motion for leave to file the

23     proposed second amended complaint; I should grant leave

24     to file, at least to make a motion for leave to file a

25     third proposed amended complaint, which includes

Robert Portas, RPR, CRR

PROCEEDINGS                              5

1      everything that's at play here, so I'm not moving on a

2      checkerboard different pieces, trying to figure out what

3      applies to what.

4              That can be filed relatively quickly, I think.

5      The evidentiary support can be provided, the affidavits

6      that are required on leave to amend could be then

7      submitted, which will cover everything.  I can give you a

8      briefing schedule which gives the opposition an

9      opportunity to respond on a fair -- sufficient basis, and

10     then I can take reply papers and set this down for a very

11     quick argument.

12             Everybody's prepared.  I've been through a lot

13     of these papers, I don't think it's going to take a lot

14     of time, but I think it's the most efficient and rational

15     thing to do.

16             And I can give you my reasons if anybody has any

17     serious opposition to what I'm proposing.  I can also

18     take a short recess and you can talk about it among

19     yourselves.  Whatever you think is best.

20             Mr. Forlenza...?

21             MR. FORLENZA:  I just have a quick question.  Do I

22     understand your Honor to say that when the insurers make

23     their motion for leave to file a third amended complaint

24     we're going to have to have evidentiary support for all the

25     claims, including in the first amended complaint which in

Robert Portas, RPR, CRR

PROCEEDINGS                    6

1    effect your Honor seems to be ruling that we really did

2    need leave, even though --

3              THE COURT:  That's exactly what I'm saying.

4              MR. FORLENZA:  Even though -- so --

5              THE COURT:  That's exactly what I'm prepared to

6    say.

7              MR. FORLENZA:  Okay.  So I would only suggest or

8    ask that this morning I be allowed, or we be allowed,

9    maybe, to address that issue.  Which is to say --

10              THE COURT:  The evidentiary support issue?

11              MR. FORLENZA:  Yes.  In the sense that we believe,

12    as we said in our papers, and it's clear, your Honor, as

13    you always do, has read them, that under CPLR 1003, because

14    we did file timely and 3025 does not cover the situation --

15              THE COURT:  1003, I'm prepared to deal with that.

16    Sure.  I can hear from you on that.  We'll spend a minute

17    on that if you'd like.

18              MR. FORLENZA:  That would be great.

19              THE COURT:  Anything else?

20              MR. FORLENZA:  Other than that, I must tell you I

21    think this makes sense.  Because, for example, a big issue

22    they raise is whether we have pled with sufficiency a

23    causation.  And we think we have, but in an amended

24    complaint we can -- we can make sure it's clear, that is to

25    say you don't have to draw inferences that we've alleged X

Robert Portas, RPR, CRR

PROCEEDINGS                    7

1       and Y.

2                So, you know, it's as if now seeing each other's

3       papers we can try to avoid putting lots of issues before

4       your Honor if we can avoid them.  That's -- the only

5       issue I have is the evidentiary.

6                THE COURT:  Okay.

7                MR. MURPHY:  James Murphy, your Honor.

8                THE COURT:  I'm sorry, Ms. Boland on behalf of the

9       bank, you really don't have much to say, I suppose.

10               MS. BOLAND:  I don't today, your Honor.  And I

11      think Mr. Forlenza stated the argument succinctly.

12               THE COURT:  The other side of the table.

13               MS. BOLAND:  Thank you, your Honor.

14               THE COURT:  You're welcome.

15               Mr. Murphy...?

16               MR. MURPHY:  Your Honor, we believe that what the

17      Court has proposed makes very good sense.  And, in

18      particular, the way this briefing worked, we only actually

19      had one shot, one brief with respect to the second amended

20      complaint.

21               THE COURT:  Now you get two bites at the apple.

22               (Laughter.)

23               THE COURT:  Because the curtain's up on all the

24      parties' positions.

25               MR. MURPHY:  So that's solved.
                 Robert Portas, RPR, CRR

PROCEEDINGS                         8

1      Also what you see in the final reply brief is we

2      raised this issue about indispensable parties on

3      reformation, and what you see in a reply brief is an

4      offer to bring in Lehman as a party.

5              THE COURT:  I don't have to deal with that because

6      I -- I affirmatively do not want to deal with any of the

7      merits of any of the issues before me here today for the

8      reasons that I've stated.

9              MR. MURPHY:  And the only reason I bring it up,

10     your Honor, is to say that there shouldn't be a fourth

11     amended complaint.  We shouldn't have briefing on a third

12     amended complaint that ends with, "But, of course, we could

13     amend again to solve these problems."

14             THE COURT:  I guess I'll deal with that when I get

15     to it.

16             MR. MURPHY:  Thank you, your Honor.

17             THE COURT:  Mr. Conway, do you have anything you

18     want to add?

19             MR. CONWAY:  No, your Honor.

20             THE COURT:  So you want to discuss the joinder

21     issues as to why the second --

22             MR. FORLENZA:  First.

23             THE COURT:  The first amended complaint --

24             MR. FORLENZA:  Was as of right?

25             THE COURT:  -- was filed as a matter of right.
                 Robert Portas, RPR, CRR

PROCEEDINGS                    9

1      MR. FORLENZA:  Yes.

2          THE COURT:  And that really deals with the issue

3      of the 205--- 2005 amendment to CPLR 3025(e) and whether

4      that changes anything, and, incidentally, does the fact

5      that you're adding -- you're bringing parties back in take

6      it outside of the purview of 3025.  That's it; right?

7          MR. FORLENZA:  Pretty much.

8          THE COURT:  Okay.

9          MR. FORLENZA:  But we would like a break first.

10         THE COURT:  You'd like a what?

11         MR. FORLENZA:  We would like to have a break first

12     to discuss this and any other reaction with our client to

13     your Honor's position.

14         THE COURT:  Yes.  Let me just give you the

15     following tentative schedule:  I would say that -- that if

16     I do this--and I'm really inclined to do this unless

17     there's some reason -- principle, reason, and I haven't

18     heard one, to not do it, is to take the motion for leave to

19     file what I would call the proposed third amended complaint

20     by February 7th.  That gives you about a month.  I don't

21     think you need more than that to do it.  If you want more

22     time you can figure that out.

23         MR. FORLENZA:  That's fine, your Honor.

24         THE COURT:  I would give the defendants the same

25     30 days to oppose it.  These briefs were already basically

Robert Portas, RPR, CRR

PROCEEDINGS                          10

1   written, they may have to be reorganized.  I would take the

2   reply memorandum on the -- on March 21st and I would give

3   you two hours for oral argument on April 4th, from

4   10:00 to 12:00.

5   That's the schedule I propose.  Of course if the

6   parties among yourselves want to extend those dates, I'm

7   perfectly happy to, as Scarlet O'Hara said, "Think about

8   it tomorrow."

9   So you want a short recess?

10   MR. FORLENZA:  Please.

11   THE COURT:  Sure.

12   MR. FORLENZA:  Thanks, sir.

13   (Short recess taken.)

14   THE COURT:  Be seated, please.

15   Yes, sir?

16   MR. FORLENZA:  Your Honor, before I begin, I'd

17   like to ask the Court, I think you mentioned an amendment

18   to 3211 -- 3025(e), and I wondered if you were referring to

19   the amendment to 3211(e).

20   THE COURT:  That's what I'm referring to.

21   MR. FORLENZA:  Yes, sir.

22   THE COURT:  Where they struck out the last line,

23   and it's been the subject of energized debate in the Second

24   Department, resulting in a decision of Janssen where the

25   Second Department concluded that that amendment did not

Robert Portas, RPR, CRR

PROCEEDINGS                    11

1    eliminate the requirement of a motion for leave to replead.

2    That's what I'm referring to.

3              MR. FORLENZA:  I'm going to ask Mr. Pippert to

4    argue, since he's researched this.

5              THE COURT:  Sure.

6              Yes, sir...?

7              MR. PIPPERT:  Yes, your Honor.

8              MR. FORLENZA:  Excuse me, we have to hand this up

9    to the Court (handing).

10             THE COURT:  Yes, sir...?

11             MR. PIPPERT:  Your Honor, in our briefs we

12   explained why the Janssen case is not applicable to -- to

13   what we did and why whatever we say about 3211(e) was -- is

14   not going to be applicable to our facts.

15             Just to briefly review Janssen, the plaintiff

16   filed a complaint, there was a motion to dismiss.  The

17   motion to dismiss was granted as to some causes of

18   action, not as to others.  Time passed.  The 20 days that

19   would allow that plaintiff to move as of right under

20   3025(a) had expired.  It was about one year later that

21   the plaintiff made a motion to amend its complaint.

22             The plaintiff made its motion under 3025(c),

23   which is a motion to conform the pleadings to the

24   evidence.  The Court said, "You're in discovery stage,

25   there is no way that you can ask to conform to the
                         Robert Portas, RPR, CRR

PROCEEDINGS                          12

1   evidence, because that is a trial motion, not a pretrial

2   motion."

3          And so then the Second Department, as your Honor

4   said, went in to what needs to be done, what should this

5   plaintiff have done.  He could not move under 3025(a)

6   because he was -- he was out of time; he could not move

7   under 3025(c) to conform to the evidence, because you

8   can't make a motion like that at the pretrial stage, only

9   at the trial stage.  So what was left?  And it was

10  3025(b).  And the Court said that even though the last

11  sentence was taken out of 3211(e), that didn't mean that

12  a plaintiff who wanted to replead the same causes of

13  action, try to cure the deficiencies in the dismissed

14  cause of action, didn't have to proceed under 3025(b).

15         That is the Janssen case, your Honor.  It's

16  inapplicable to our situation for a variety reasons.

17  Number one --

18         THE COURT:  What's happened here, if I understand

19  it correctly, is I dismissed two parties outright --

20         MR. PIPPERT:  Correct.

21         THE COURT:  -- and those two parties are seeking

22  to come back into this case.

23         MR. PIPPERT:  Correct.

24         THE COURT:  Why is it not correct that -- it's

25  analogous to what happened in Janssen that you should be

Robert Portas, RPR, CRR

PROCEEDINGS                              13

1    required -- if you could just come back in without

2    complying with the standard motion to amend, which would

3    require an entry of submission, it makes the dismissal

4    almost of no consequence.  So it's an end run around the

5    dismissal, isn't it?

6              MR. PIPPERT:  It is not an end run around --

7              THE COURT:  I don't mean that negatively, but --

8              MR. PIPPERT:  No, I understand.  Your Honor is

9    saying the effect of it is an end run.  It is not.  What we

10   see when 3211(e), the last sentence was eliminated, there

11   was a determination, I don't know whether the amendment was

12   by the legislature or by the Court of Appeals, but it was a

13   determination either by the legislature or by the Court of

14   Appeals not to impose that requirement on a dismissed

15   party.

16             THE COURT:  That's the Rivello case.

17             MR. PIPPERT:  Yes.  And if this Court -- if -- if

18   the plaintiff in Janssen had moved quickly, if it had

19   amended its complaint under 3025(a) within the 20-day

20   window that it had, it would not have been facing the

21   obstacle it faced when it tried to search around for some

22   motion to move under -- and made a 3025(c) motion.

23             THE COURT:  Is the only significance of that in

24   this case is that -- if you're correct and I do what I

25   think I want to do and then start this all from scratch, in

                    Robert Portas, RPR, CRR

PROCEEDINGS                    14

 1    effect, is the only significance of that then you don't

 2    have to submit evidentiary -- an affidavit of merit with

 3    regard to the -- to the pleading that was the first amended

 4    complaint?  That's the only significance, right?

 5              MR. PIPPERT:  That would be at least one

 6    consequential --

 7              THE COURT:  What other consequence is there?

 8              MR. PIPPERT:  It's the only consequence I can

 9    think of right now, your Honor.

10              And if the Court were looking for -- you're

11    talking about an end run, an end run might be a fair

12    description of what the Janssen plaintiff was doing,

13    which had causes of action dismissed, there were pleading

14    deficiencies and the Janssen plaintiff says he can cure

15    the cause of action that was dismissed, "I can cure the

16    deficiencies."

17              What we have done here, the first amended

18    complaint does not revisit the causes of action that your

19    Honor dismissed.

20              THE COURT:  Because it's -- it's the

21    indemnification causes of action.

22              MR. PIPPERT:  That's correct.

23              THE COURT:  But it's the same party in those

24    causes of action -- those causes of action could have been

25    filed.  They weren't, for whatever reason, in the original
                        Robert Portas, RPR, CRR

PROCEEDINGS                        15

1    complaint.

2              MR. PIPPERT:  They could have been, your Honor.

3              Section 1003, though, the amendment in 1996

4    concurs with the deletion of the language in 3211(e), for

5    the first time allowed without court permission parties

6    to be added.  The language of Section 1003 does not say

7    "People who have never been parties," it says "Parties

8    may be added."  No court has ever said that 1003

9    implicitly excludes parties that were dismissed on prior

10   occasion.  It says without permission of the Court, if

11   you move within the 20-day window that's there, you can

12   proceed.

13             And 3025, and the reason why we have focused on

14   1003, the commentary of -- formally by Professor Siegel

15   and now by Professor Connors says 3025 is for existing

16   parties to either amend as of right their claims or -- or

17   add their claims.

18             THE COURT:  Nobody deals with that I've seen.

19   Nobody's submitted them to me with the word "Existing

20   parties, the present party."  Nobody deals with a situation

21   where you dismissed a party in a case that I know of and

22   then that party seeks to come back into the same case and

23   says he can do so as a matter of right.  You don't cite any

24   case to that effect.

25             MR. PIPPERT:  No.  And your Honor's correct
                     Robert Portas, RPR, CRR

PROCEEDINGS                              16

1    neither of us has cited a case.

2         If Janssen had proceeded under 3025(a) to come

3    in in the window of 20 days and file his amended

4    complaint, and if the Second Department had said, "No, we

5    dismiss that cause of action, you can only proceed as of

6    right," then the Janssen reasoning might have some impact

7    on what we've done.  But there's no case that deals with

8    this window.  There's no judicial law that has said

9    dismissed parties must always proceed when dismissed

10   parties have been required to make a merit showing it has

11   been pursuant to some statutory rule that requires it.

12        And on its face, your Honor, Section 1003 says

13   you may add parties; it doesn't say "Unless they were

14   previously dismissed."

15        THE COURT:  I think I understand the issue,

16   Mr. Pippert.

17        Who wants to respond?  Mr. Murphy?

18        MR. MURPHY:  Thank you, your Honor.

19        There actually is a case that says exactly that,

20   that you cannot use Section 1003 to add back in a

21   previously dismissed party.

22        THE COURT:  Do you cite that case?

23        MR. MURPHY:  And that's a First Department case.

24        THE COURT:  Was that cited in the papers?

25        MR. MURPHY:  Yes, your Honor.
                Robert Portas, RPR, CRR

PROCEEDINGS                              17

1     THE COURT:  What's the name of the case?

2     MR. MURPHY:  Hitzig versus Borough --

3     THE COURT:  Say that again, please.

4     MR. MURPHY:  Hitzig, H-I-T-Z-I-G, versus Borough

5     Telephone Service.  It's a First Department case,

6     562 New York Sup. 2d 519, and it is dated 1990.  And in

7     this case the defendant --

8     THE COURT:  But that's before the amendment.

9     MR. MURPHY:  Before the amendment, that's correct.

10    And we believe that Janssen says that the result is

11    unchanged from this -- from this prior decision.

12    THE COURT:  Before we get into that, is there any

13    case that you're aware of that following the amendment one

14    way or the other deals with the seeking to add a party?

15    MR. MURPHY:  Following --

16    THE COURT:  I don't know of any.

17    MR. MURPHY:  I don't -- I don't know of anything

18    other than this First Department case that says 1003 does

19    not apply to re-adding -- adding back in a dismissed party.

20    And let's remember, the insurers did not move to

21    amend the complaint here, your Honor.  U.S. Bank moved to

22    amend to add their friends the insurers, to bring in

23    completely different causes of action without asking the

24    Court permission to do that.  And it's -- and that is

25    impermissible.

Robert Portas, RPR, CRR

PROCEEDINGS                              18

1     And with respect to the comments on

2     Section 1003, it said the purpose of the amendment, your

3     Honor, the 1996 amendment, was to reduce the need for

4     motion practice and harmonize the rule on adding new

5     parties.  The comment itself says that it is restricted

6     to new parties.  Clearly that means it doesn't apply to

7     previously dismissed parties.

8              THE COURT:  Anything else?

9              MR. MURPHY:  That's it, your Honor.  Thank you.

10             MR. PIPPERT:  Your Honor, may I say one word about

11    Hitzig?

12             THE COURT:  Sure.

13             MR. PIPPERT:  Even though it --

14             THE COURT:  It's the First Department case you're

15    referring to?

16             MR. PIPPERT:  Yes.  H-I-T-Z-I-G, the Hitzig case

17    that Mr. Murphy just cited, your Honor.

18             In that case the Court granted summary judgment

19    to a defendant.  The 30 days for the plaintiff to move to

20    reargue to rejoin the defendant expired.  Now, one and

21    one half year later the plaintiff made a motion under

22    1003 to bring the defendant who obtained summary judgment

23    back into the case arguing that it was a necessary party.

24    The trial court allowed that to happen.

25             The First Department says there's a direct
                         Robert Portas, RPR, CRR

PROCEEDINGS                                    19

1    conflict here between two sections of the CPLR. "CPLR

2    2221 required you to make a motion within 30 days to

3    reargue if you wanted to bring this defendant back into

4    the case after he had got gotten summary judgment. 1003

5    is in conflict with that. We're going to give precedence

6    to CPLR 2221 and the 30-day limit that's in that rule."

7                In our situation, your Honor, 1003 is not in

8    conflict with any of the statutory sections.

9                THE COURT: I'm assuming, Mr. Pippert, that you do

10   take the position that if I require -- the evidentiary

11   showing would be required with leave to amend that you can

12   meet that standard with regard to this proposed pleading.

13               MR. PIPPERT: Your Honor, yes.

14               THE COURT: Thank you.

15               Anybody have anything else to say?

16               MR. FORLENZA: I just want to take 30 seconds,

17   Judge, and answer the point that counsel just made. Can

18   I -- about the commentary. Can I hand this up

19   (indicating)?

20               THE COURT: Is this the commentary --

21               MR. FORLENZA: This is by Connors. The practice

22   commentary.

23               THE COURT: Seigel commentary?

24               MR. FORLENZA: Yes (handing).

25               And counsel correctly pointed out that you can
                          Robert Portas, RPR, CRR

PROCEEDINGS                    20

1      see in the heading it refers to adding a new party.  I

2      think you have to read the first sentence to understand

3      the context.  It says, "As noted in the practice

4      commentary, in allowing each party to amend its pleading

5      once as of course, CPLR 3025(a) is often the expedient

6      for the interposition of an additional claim against one

7      already a party."

8              So the phrase "New party" simply means it's

9      not -- not a party at the time.  It doesn't -- says

10     nothing about a dismissed party.

11             Thank you, Judge.

12             By the way, if your Honor thinks it would be

13     helpful for each of us to put in a two-page --

14             THE COURT:  I don't think so.  I don't think so.

15             MR. FORLENZA:  Thank you.

16             THE COURT:  Actually --

17             MR. FORLENZA:  Can I raise one final point?

18             THE COURT:  Sure.

19             MR. FORLENZA:  Back maybe November we'd raised

20     this issue as to whether while the bank -- U.S. Bank and

21     defendant was going through discovery in a limited context

22     that you had ordered whether the insurers could participate

23     and have access to that discovery.  We made the argument

24     that -- that there is no reason why we shouldn't since we

25     have confidentiality orders.  Counsel took issue with that,

Robert Portas, RPR, CRR

PROCEEDINGS                           21

1  someone, maybe your Honor or I raised a question of a

2  Chinese wall.

3          THE COURT:  Didn't I deal with that?

4          MR. FORLENZA:  You did not.  You said you would

5  promptly and --

6          THE COURT:  I didn't issue a --

7          MR. FORLENZA:  If you did, I think all the parties

8  missed it.

9          MR. MURPHY:  We know of no order on that.

10          THE COURT:  I have to look in my computer.  I

11  thought I wrote something on that.  That's the discussion

12  on October 20th.

13          MR. FORLENZA:  Could be.  Because it was pre

14  December.  And I was only going to add that the -- one

15  idea -- I forget who raised it about a Chinese wall, I'm

16  not -- no longer open to it.  I think it would lead to

17  mischief.  We stand on our argument that there's sufficient

18  protection in terms of protecting confidential information.

19          MR. MURPHY:  And, your Honor --

20          THE COURT:  I have a vivid recollection of writing

21  a short form order on that subject.  And let me just...

22          Yes, sir?

23          MR. MURPHY:  Very quickly, our position is the

24  insurers are not now parties to this case.  The Court has

25  permitted them opportunity to seek to re-enter the case,

Robert Portas, RPR, CRR

PROCEEDINGS                    22

1    and, as such, under New York rules they are not entitled to

2    see any of the documents produced in discovery in this

3    case.

4             THE COURT:  I'm sure I dealt with that.  I'm

5    not -- I'm going to have to go to my other computer.

6             MR. FORLENZA:  Okay.

7             THE COURT:  And if I did, I'll just refile.  If

8    not, I'll get it done quickly.  I think I even got the -- I

9    was given the transcript of that proceeding.

10            MR. FORLENZA:  You were.

11            MR. CONWAY:  Your Honor, we gave you the

12   transcript and we did letter briefs.

13            THE COURT:  Well, I hope it's the only mistake I

14   make.

15            (Laughter.)

16            THE COURT:  All right.  Let me give this back to

17   you.  (handing).

18            MR. FORLENZA:  Oh, I do want to add one point,

19   your Honor.

20            THE COURT:  Yes?

21            MR. FORLENZA:  So do I understand that you will

22   take under consideration the argument we've just made?

23            THE COURT:  I'm going to resolve everything that's

24   pending here right now.

25            MR. FORLENZA:  Okay.
              Robert Portas, RPR, CRR

PROCEEDINGS                              23

1        THE COURT:  And I'm going to read a short -- I

2   made some notes, and I made some -- in preparation for

3   this, and I think what I need to do is take about a

4   five-minute recess and just make sure, I don't want to miss

5   something.  I'll be right back.

6        (Short recess taken.)

7        THE COURT:  Remain seated, please.

8        On October 20th I wrote the order.  I gave it

9   to the E-File.  I don't know what happened to it.  And I

10  don't follow to see whether things were E-filed or not.

11  So I will re-E-File it, but I've printed out copies from

12  my computer as to what I did.  And here they are

13  (handing).  Let me just deal with what we're doing here

14  today first before I get to that.

15        All right, with regard to this proceeding,

16  Defendant Greenpoint Mortgage Funding moves to strike and

17  dismiss claims asserted by Plaintiff Syncora and CIFG in

18  the first amended complaint.  Plaintiff Syncora and CIFG

19  oppose this motion and cross move for an order permitting

20  plaintiffs to serve a proposed second amended complaint.

21        By order dated March 3, 2010 I dismissed the

22  original complaint as to Plaintiff Syncora and CIFG.

23  Plaintiff U.S. Bank was not dismissed from the action.

24        On April 14, 2010, the plaintiffs filed an

25  amended complaint which restores to the action the two

                    Robert Portas, RPR, CRR

PROCEEDINGS                          24

1    parties which had been previously dismissed.  Plaintiffs

2    did not seek leave to file the amended complaint.

3              While there is no First Department case on

4    point, it appears to me that the Second Department

5    decision which requires -- requires that a motion for

6    leave to replead be filed following the dismissal under

7    3211.  Janssen versus Incorporated Village of Rockville

8    Centre, 59 A.D.3d, at Page 15, that case concluded that

9    the 2005 amendment to the CPLR Section 3211 has not

10   eliminated the requiring for motion for leave to replead.

11   I consider that decision to be binding here.

12             I'm not persuaded by the argument that 3025 does

13   not apply to this amended complaint -- I mean 3211 or

14   3025, and that U.S. Bank can join the already dismissed

15   plaintiffs to this case under the Permissive Joinder

16   Rule, Section 1003.  This is not to me a joinder issue

17   since what is being sought is to restore to the action

18   the two parties which have been previously dismissed.  To

19   characterize it otherwise would be to permit a --

20   avoidance of 3025(e).

21             It seems unnecessary for me to discuss this

22   further or to write anything on this matter.

23             With regard to the issue of whether or not the

24   plaintiffs have made an evidentiary showing of merit for

25   the entire proposed second amended complaint, that has

                    Robert Portas, RPR, CRR

PROCEEDINGS                    25

1    not been briefed, rather the only evidentiary showing of

2    alleged merit that has been made is with regard to the

3    two new causes of action added to the second amended

4    complaint.  There has been no showing -- evidentiary

5    showing of an alleged merit with regard to the

6    allegations and causes of action pleaded in the amended

7    complaint and now included in the proposed amended second

8    complaint.

9        It seems to me, therefore, that the most

10   efficient and expeditious procedure, as I said earlier

11   this morning, is to dismiss without prejudice the amended

12   complaint, to deny the motion for leave to file the

13   proposed second amended complaint, all the while this

14   action will continue as it has under what remains of the

15   original complaint.  Accordingly, the motion may be made

16   to -- for leave to file a proposed amended complaint

17   which is to include the required evidentiary submission.

18       The schedule, the parties may modify if they

19   choose to by stipulation, which will be submitted to me

20   to be so ordered is as follows:  The motion is to be

21   served and accompanying papers to be served and filed by

22   February 7th; opposition to the motion for leave and

23   opposition to the merits of the proposed third amended

24   complaint is to be served by -- and filed by March 7th;

25   reply papers by March 21st; and I'm setting aside the

Robert Portas, RPR, CRR

PROCEEDINGS                                    26

1   time period from 10:00 o'clock until noon for oral

2   argument on April 4th.  That's the next date here.

3        With regard to the October 20th proceedings, I

4   wrote this when I got off the bench and then I waited

5   until I got the transcript, and I think I got the

6   transcript the next day, my computer shows that I

7   actually did it right off the bench when it was fresh in

8   my mind, and I don't know what happened to it, but this

9   is the decision.  And I'll E-File this without change

10  today.  It's a two-page decision.

11       All right, counsel, thank you.

12       MR. FORLENZA:  The only other thing --

13       THE COURT:  Yes?

14       MR. FORLENZA:  We will need more time.  We will

15  work it out with the other side.

16       (Continued on the following page.)

17

18

19

20

21

22

23

24

25

                   Robert Portas, RPR, CRR

PROCEEDINGS                           27

1      THE COURT:  Submit a stipulation to me and I'm

2   happy to do that.

3      MR. FORLENZA:  Thanks very much, your Honor.

4      THE COURT:  Does anybody want any of the papers

5   that were submitted with these motions back or can I put it

6   in our discard pile?

7      MR. CONWAY:  We don't need our copies back, your

8   Honor.

9      THE COURT:  Okay.  Happy new year everybody.  I

10   forgot to say that.

11      (Whereupon, the above-captioned proceedings

12      were concluded.)

13                           oOo
                    (It is hereby certified that the
14                  (foregoing is a true and accurate
                    (transcript of the proceedings.
15                  (
                    (
16                  (    ROBERT PORTAS, RPR, CRR
                    (    Senior Court Reporter
17                           oOo

18

19

20

21

22

23

24

25

                    Robert Portas, RPR, CRR