**Presentment Date and Time: October 26, 2011 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: October 25, 2011 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                :
**In re**                                       :    **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                :
                        Debtors.                :    **(Jointly Administered)**
-------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER AMONG LEHMAN BROTHERS HOLDINGS INC., MICHAEL A. COUCH AND MELISSA A. COUCH PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

   **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order providing for limited relief from the automatic stay among Lehman Brothers Holdings Inc., as debtor and debtor-in-possession, Michael A. Couch and Melissa A. Couch (the "Stipulation, Agreement and Order"), to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **October 26, 2011 at 12:00 p.m. (Prevailing Eastern Time).**

   **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order with proof of service is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **October 25, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 17, 2011
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

**Presentment Date and Time: October 26, 2011 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: October 25, 2011 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                  :

In re                                          :      Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :      08-13555 (JMP)

               Debtors.                    :      (Jointly Administered)
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER AMONG
LEHMAN BROTHERS HOLDINGS INC., MICHAEL A. COUCH AND MELISSA
A. COUCH PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor-in-possession, Michael A. Couch and Melissa A. Couch (together, the "Couches"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") and represent and agree as follows:

RECITALS:

        A.     Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Chapter 11 Cases have been

US_ACTIVE:\43830339\04\58399.0003

consolidated for procedural purposes only and are being jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

    B.  On June 5, 2008, the Couches commenced a case under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern Distinct of Ohio, Western Division (the "Chapter 13 Case") [Case No. 3:08-32763].

    C.  On July 2, 2009, this Court entered an order (the "Bar Date Order") pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) establishing, among other things, September 22, 2009 (the "Bar Date") as the deadline for parties in interest to file proofs of claim against LBHI and certain of the other Debtors [ECF No. 4271]. The Couches did not file claims against any of the Debtors prior to the Bar Date.

    D.  The Couches assert that they did not receive notice of the commencement of the Chapter 11 Cases or the entry of the Bar Date Order.  The Couches further assert that the LBHI was not identified as being the owner of the Couch Loan (as defined below) until after the Bar Date.

    E.  On May 14, 1998, the Couches executed a mortgage (the "Mortgage") in favor of BNC Mortgage, Inc.,[1] as security for the repayment of the original principal sum of $55,500.00 due under a note (the "Note," together with the Mortgage, the "Couch Loan").  The Mortgage granted BNC a security interest in certain real property located at 152 Weinland Drive,

---

[1] BNC Mortgage, Inc., now known as BNC Mortgage LLC ("BNC"), is also a Debtor in the Chapter 11 Cases.  BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc."  On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC."  BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

New Carlisle, Ohio (the "Property").  Thereafter, the Couch Loan was transferred into a securitization trust called SASCO 1999 – BC1.  LBHI apparently repurchased the Couch Loan upon the winding up of SASCO 1999 – BC1 in 2004, and is the current holder of the Couch Loan.

F.    On June 13, 2008, Ocwen Loan Servicing, LLC ("Ocwen"), on behalf of Property Asset Management Inc. ("PAMI"), a wholly-owned subsidiary of LBHI, filed a claim in the Chapter 13 Case relating to, among other things, amounts due under the Note (the "Claim").

G.    On June 22, 2009, the Couches filed an objection to the Claim asserting, among other things, lack of standing and insufficient documentation.  On June 25, 2010, the Couches commenced an adversary proceeding (the "Adversary Proceeding") to litigate the dispute over the Claim and to assert various affirmative claims against Ocwen, PAMI and an unrelated third party.

H.    The Couches assert that, during the discovery process, Ocwen informed them that the Couch Loan had been repurchased by LBHI, not PAMI, and that LBHI is the current owner of the Couch Loan.  The automatic stay extant in LBHI's Chapter 11 Case pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay"), however, has prevented the Couches from naming LBHI as a defendant in the Adversary Proceeding.

I.    On September 19, 2011, the Couches filed a motion in this Court seeking relief from the Automatic Stay to add LBHI as a necessary defendant in the Adversary Proceeding (the "Motion") [ECF No. 20131].

J.    LBHI and the Couches (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to modify the Automatic Stay for the limited purpose of allowing the Couches to name LBHI as a defendant in the Adversary Proceeding solely for the

purpose of determining the validity and enforceability of the Claim and liquidating the value, if any, of the Couches' claims against LBHI.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay extant in LBHI's Chapter 11 Case shall be modified solely to the extent necessary to permit the Couches to name LBHI as a defendant in the Adversary Proceeding solely for the purpose of (i) determining the validity and enforceability of the Claim and (ii) liquidating the value, if any, of the Couches' other claims against LBHI; provided, however, that the Bankruptcy Court shall retain sole jurisdiction to determine whether the Couches are entitled to (a) set off the liquidated amount of any claim they are found to have against LBHI, against their liability, if any, to LBHI; and (b) assert any claim for affirmative recovery from LBHI; provided, further, that the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against LBHI that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, setoff, or recover a claim that arose prior to the Commencement Date from LBHI's estate and/or assets or property of LBHI (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. Notwithstanding paragraph 2 above, nothing contained herein shall be construed as a waiver by LBHI of (i) its right to object to any and all claims (including with respect to setoff) that may be asserted by the Couches in LBHI's Chapter 11 Case for any reason,

including that such claims are barred by the Bar Date Order; or (ii) its rights to raise any claims, cross claims, counterclaims or defenses in the Adversary Proceeding. Further, notwithstanding paragraph 2 above, nothing contained herein shall be construed as a waiver by the Couches of their right to seek relief from the Bar Date Order in the Chapter 11 Cases or LBHI's right to oppose such relief for any reason.

4. Upon the Effective Date, the Motion shall be deemed resolved.

5. The Parties agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement and Order.

6. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

7. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Bankruptcy Rule 4001(a)(3).

8. The person who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

9. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation, Agreement and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: October 17, 2011
      Garden City, New York

    /s/ Stuart P. Gelberg
    Stuart P. Gelberg
    The Law Office of Stuart P. Gelberg
    600 Old Country Road, Suite 410
    Garden City, NY 11530
    Telephone: (516) 228-4280 x112
    Facsimile: (516) 228-4878
    Attorneys for the Couches

Dated: October 17, 2011
      New York, New York

    /s/ Jacqueline Marcus
    Jacqueline Marcus
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007
    Attorneys for Debtors
    and Debtors in Possession

SO ORDERED, this
___ day of October, 2011

_____
UNITED STATES BANKRUPTCY JUDGE