# Exhibit B

### (Marked Revised Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re                                                    :       Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :       08-13555 (JMP)
                                                         :
                                        Debtors          :       (Jointly Administered)
                                                         :
---------------------------------------------------------------x

ORDER GRANTING INSURED PERSONS' MOTION, PURSUANT TO
SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER
MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT
PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY

Upon the motion, dated August 24, 2011 (the "Motion"), of Richard S. Fuld, Jr., Christopher M. O'Meara, Joseph M. Gregory, Erin Callan, Ian T. Lowitt, Michael Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman and John D. Macomber (collectively, the "Insured Persons"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent applicable, to allow the Excess Policy Insurers[1] to make a payments in connection with the terms of an agreement for settlement (the "Term Sheet"), as set forth in a Stipulation of Settlement and Release dated October 14, 2011 (the "Agreement"), which has finalized a settlement term sheet referred to in the Motion, relating to the action *In re Lehman Brothers Equity/Debt Securities Litigation*, 08 Civ. 5523 (LAK) (the "Action"), as more

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

3

fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Debtors; (iii) the attorneys for the Official Committee of Unsecured Creditors; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; (vii) all parties who have requested notice in these chapter 11 cases; and (vii) ACE Bermuda, St. Paul Mercury, Liberty, Arch, Allied and Endurance, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow the Excess Policy Insurers to pay the Settlement Amount provided for in the

4

settlement on behalf of the Insured Persons in accordance with the terms of the Excess Insurance Policies; and it is further

ORDERED that the Insured Persons and the Debtors are authorized to execute all documentation necessary to allow the Excess Policy Insurers to fund the Settlement Amount on behalf of the Insured Persons pursuant to the settlement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Excess Policy Insurers, the Debtors or the Insured Persons provided for under the terms and conditions of the Excess Insurance Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and defenses with respect to the Excess Insurance Policies that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that, upon the "Effective Date," as said term is defined in the ~~Term Sheet and to be defined in the Stipulation of Settlement Release (the "Agreement") when executed to mean final judicial approval of the Agreement, the entry of this Order, a judgment in the Action which includes entry of a mutual bar order in accordance with 15 U.S.C. §78u-4(f)(7)(A)~~Agreement, and subject to the Debtors providing cooperation with respect to the production of documents as provided for in the ~~Term Sheet~~Agreement, proof of claim numbers

5

27759 and 27762 asserted by the Equity/Debt Class against the Debtors (the "Proof of Claims") shall be disallowed with prejudice, and, within ten business days of the "Effective Date," the Equity/Debt Class shall promptly file a notice with the Court, substantially in the form of Exhibit A annexed hereto, instructing the claims agent to expunge the Proof of Claims from the claims register; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: ~~September~~October ___, 2011
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE