Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Eastern Time)
Plan Objection Deadline: November 4, 2011 at 4:00 p.m. (Eastern Time)

**VINSON & ELKINS LLP**
Dov Kleiner (BK 4600)
Ari M. Berman (AB 4928)
666 5th Avenue
New York, New York 10103
Telephone: (212) 237-0000
Facsimile: (212) 237-0010
Attorneys for Shinsei Bank, Limited

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

# PRELIMINARY OBJECTION OF SHINSEI BANK, LIMITED TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE

Shinsei Bank, Limited ("Shinsei"), by and through its undersigned counsel, hereby files this Preliminary Objection (the "Preliminary Objection") to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Plan"), which Shinsei reserves the right to supplement on or before the Objection Deadline or by another mutually agreed deadline.

Shinsei's principal objection is that the Plan is predicated on a literally unsubstantiated "settlement" of substantive consolidation "risk", which forces holders of guaranty claims like Shinsei to give up 20% of their recovery to general unsecured creditors. This is entirely unjustified as there is no basis, either as a matter of law or under the facts, to substantively

consolidate the Debtors' estates with Shinsei's Japanese primary obligor which has already had its own plan of rehabilitation approved.

In further support of its Preliminary Objection, Shinsei respectfully represents as follows:

**Background**

1.  Shinsei is chartered as an "ordinary bank" under the banking law of Japan. Shinsei is an undisputed creditor of Sunrise Finance Co., Ltd. ("Sunrise"), a Japanese affiliate, and indirect subsidiary, of LBHI, for approximately 25 billion JPY (roughly, $262 million) under the Ginko Torthiki Yakujyo-sho (Agreement on Bank Transactions) dated December 25, 2003 and the Uncommitted Revolving Credit Facility Agreement, dated December 25, 2003 and as amended through the date hereof, between Shinsei and Sunrise Finance Co., Ltd. (the "Facility Agreement"). The Facility Agreement is in default, as of September 15, 2008, when LBHI[1] filed a voluntary Chapter 11 petition with the U.S. Bankruptcy Court for the Southern District of New York; and all amounts owing thereunder have been accelerated and are unpaid. By letter dated September 18, 2008, Shinsei notified LBHI that an Acceleration Event had occurred and that, accordingly, pursuant to the Facility Agreement, all outstanding Drawings and all accrued and unpaid interest had become due and payable. A guarantee (the "Sunrise Guaranty") of the amounts owing under the Facility Agreement was made by LBHI in favor of Shinsei. Shinsei timely filed a proof of claim for amounts owed under the Sunrise Guaranty. Proof of Claim # 22190, which has been allowed for voting purposes in the amount of $237,931,744.22.

2.  On September 1, 2011, Debtors filed their Disclosure Statement for Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement"). Dkt # 19629. The

---

[1] Capitalized terms used but not defined herein have the meanings assigned to them in the Disclosure Statement (as defined below).

same day, the Court issued an amended Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan. Dkt #19631 ("Amended Order").

3. The Amended Order sets the Plan Objection Deadline as November 4, 2011, at 4:00 p.m. (Eastern Time) and the Confirmation Hearing at December 6, 2011, at 10:00 a.m. (Eastern Time).

**The Plan**

4. The heart of the Plan is a series of transfers by which certain creditors (including Shinsei) give up 20% of the value of their claims, purportedly in settlement of the risk of substantive consolidation of the entity who issued their notes (for Shinsei, Sunrise). This 20% giveup goes not to the estate as a whole, to benefit all creditors—which would be the usual result of settlement of a claim belonging to the estate as a whole—but rather for the particular benefit of two specially favored classes of creditors: holders of Senior Unsecured Claims and General Unsecured Claims against LBHI. In other words, the Plan takes about $1 billion of wealth from the pockets of a disfavored class of creditors and sends it directly into the pockets of favored classes of creditors.

5. The Debtors' only justification for this unfair treatment of guaranty creditors is that it is a "settlement" of possible substantive consolidation risk, but, as a brief discussion of the Sunrise proceeding shows, there simply is no such risk in the case of Sunrise and the Debtors.

**Substantive Consolidation Cannot Apply to Sunrise**

6. On September 19, 2008, the Tokyo District Court commenced civil rehabilitation proceedings for Sunrise under Japan's Civil Rehabilitation Act, a corporate reorganization law that leaves the debtor "in possession" and provides for reorganization pursuant to a creditor and court-approved plan (the "Sunrise Insolvency Proceeding"). Sunrise proposed a plan of

3

rehabilitation which would provided a 20% recovery to all creditors, including affiliated creditors such as LBHI and its subsidiaries, on a pro rata basis (the "Sunrise Plan").  Shinsei proposed a plan (the "Shinsei Plan") that would equitably subordinate LBHI and its Hong Kong affiliate, Lehman Brothers Asia Holdings Limited ("LB Asia").

7.    In contrast to now claiming that there is a risk that the Debtors and Sunrise could be substantively consolidated, in the Sunrise Insolvency Proceeding, the Debtors opposed subordination of intercompany and affiliate claims against Sunrise, based, in part, on the independent nature and corporate separateness of Sunrise and the LBHI affiliates.

8.    The Debtors also asked this Court to hold Shinsei in contempt, arguing that filing the Shinsei Plan was an automatic stay violation.  Dkt. # 4764.  In doing so, LBHI and LBHI-affiliated creditors emphasized the importance of the intercompany claims against Sunrise, stating that "LBHI's estate stands to lose an amount approaching $500 million (LBHI's 2.8 million JPY distribution under the Sunrise Plan combined with LBHI's claim against LB Asia's 46 billion JPY distribution under the Sunrise Plan)." *Id.* at ¶ 34.

9.    This Court declined LBHI's invitation to intervene in the Sunrise Insolvency Proceeding.  As this Court noted in its bench ruling, "[i]t is axiomatic that United States courts have long recognized the need to respect the sovereignty of proceedings in sister jurisdictions." Dkt. # 5558, p. 22.

10.    The Sunrise Plan ultimately prevailed in the Sunrise Proceeding and was approved by the creditor vote and the Japanese court.  The Debtors, as well as the other Sunrise creditors, have begun to receive preliminary distributions and will continue to receive distributions on account of their Sunrise claims.  The already-implemented Sunrise Plan, as well as the existence and treatment of LBHI-affiliate claims against Sunrise, is entirely inconsistent with any possible argument that Sunrise could be substantively consolidated with the Debtors.

11.    After collecting on intercompany claims against Sunrise the Debtors have done an about-face by suggesting that there is a substantial risk that the foreign proceedings could be

substantively consolidated into this bankruptcy proceeding. But the Debtors' sudden change of heart comes without any showing of how this Court—which previously stressed the importance of comity and respect for the sovereignty of foreign insolvency proceedings—could possibly grant a request for the substantive consolidation of Sunrise with the Debtors' estates. Nor have the Debtors explained how their Plan would unwind the Sunrise Plan, under which distributions are already underway. Because of these glaring holes in the Debtors' Plan, this Court should conclude that the Debtors' proposed 20% give up on account of the risk of substantive consolidation is unjustifiable and cannot be confirmed.

**Objections**

12. Consistent with the foregoing, Shinsei may supplement this Objection and argue any of the following at the Confirmation Hearing:

   a. the proposed transfer cannot possibly satisfy Rule 9019 as it purports to settle a claim that borders on frivolous: the claim that a U.S. bankruptcy court could successfully substantively consolidate a non-Debtor entity currently subject to the supervision of an insolvency court in another country, particularly where there is neither a showing that (pre-petition) Sunrise and LBHI disregarded corporate separateness completely (in fact, the opposite is true; the documents related to the Facility Agreement clearly laid out Sunrise and LBHI's separate corporate identities, with loan agreements between the separate entities and separate financial statements for each entity) nor a showing that (post-petition) the affairs of Sunrise and LBHI are so entangled that consolidation will benefit all creditors (once more, the opposite is true; Sunrise had a simple balance sheet that is easily separable from LBHI's balance sheet);

   b. the proposed transfer additionally fails Rule 9019 because it purports to settle a claim belonging to the estate as a whole with a transfer that goes not to the

5

estate as a whole but directly to particular creditors, in violation of the *pro rata* distribution principles at the heart of the Bankruptcy Code;

c. the proposed transfer additionally fails Rule 9019 because creditors such as Shinsei do not share in the transfers from creditors whose entities might face a risk of substantive consolidation but as to whom Shinsei faces no risk at all because Shinsei is not a creditor of those entities;

d. the Plan's liquidation and recovery analysis does not sufficiently demonstrate that dissenting creditors such as Shinsei would receive at least as much under the Plan as under a Chapter 7 liquidation, in violation of § 1129(a)(7) and where the Debtors have already argued for the separate treatment of the debtors and Sunrise;

e. the Plan's reservation of funds for disputed claims is inequitable and constitutes unfair discrimination, as the amount set aside for the disputed claim effectively constitutes a cap on what the creditor may eventually recover in contrast with the recovery available to undisputed claims;

f. the treatment of Shinsei's guaranty claim constitutes unfair discrimination as compared to treatment afforded to claims of other general unsecured creditors;

g. the proposed classification scheme is improper, as it groups Shinsei, which has no risk of substantive consolidation of its primarily obligor, together with creditors who may have different levels of substantive consolidation risk, violating § 1122; and

h. any other grounds for objection.

**WHEREFORE**, based upon the foregoing, Shinsei respectfully requests the Court to enter an Order whereby it denies confirmation of the Plan and grants Shinsei such other and further relief as the Court deems just and proper.

Dated: October 18, 2011
New York, New York

>Respectfully Submitted,
>Vinson & Elkins LLP
>
>*/s/* Dov Kleiner
>VINSON & ELKINS LLP
>666 5th Avenue
>New York, New York 10103
>Telephone: (212) 237-0000
>Facsimile: (212) 237-0010
>Dov Kleiner
>Ari M. Berman
>
>Attorneys for Shinsei Bank, Limited