B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| Lee So Ping | Citibank (Hong Kong) Limited |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

MS. SO PING LEE
FLT G 8/F BLK 6 CASTLELLO
NO 69 SIU LEK YUEN RD
SHA TIN NT, Hong Kong
Attn: LEE SO PING
Phone: 677312?
Email: margwai@netvigator.com
With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Court Claim # (if known): 55848

Total Amount of Claim Filed: $201,155,228
Amount of Claim Transferred: $70,000
ISIN/CUSIP: XS0330074344
Date Claim Filed: October 29, 2009

Name and address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date: 10/12/2011
    Transferee/Transferee's Agent

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

**TO:**   **THE DEBTOR AND THE BANKRUPTCY COURT**

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, Citibank (Hong Kong) Limited ("Seller"), hereby unconditionally and irrevocably sells, transfers and assigns to Lee So Ping (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55848 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). Seller shall remain the registered holder of the security or securities (any such security, the "Underlying Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and will continue to hold the Underlying Security on behalf of Purchaser.

2.  Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller filed the claim on behalf of Purchaser who was the beneficial owner of the Purchased Securities relating to the Purchased Claim and specified in Schedule 1 attached hereto; (d) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (e) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (f) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (g) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser and Seller agree that Seller will file a notice of transfer on behalf of Purchaser with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller, provided that Purchaser notify Seller of any future transfer of the Transferred Claims in the event Seller remains the registered holder of the Purchased Securities. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Unless directed otherwise in writing by Purchaser, Seller shall remit any such payment, distributions or proceeds received in respect of the Transferred Claims to the account in which the Underlying Securities are held on behalf of Purchaser.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this

Lee So Ping

By: _____
Name: LEE SO PING
Title:

MS. SO PING LEE
FLT G 8/F BLK 6 CASTLELLO
NO 69 SIU LEK YUEN RD
SHA TIN NT, Hong Kong

Citibank (Hong Kong) Limited

By: _____
Name: NICHOL CHAN
Title: Head of Deposit & Treasury Products

Citibank (Hong Kong) Limited
8/F Dorset House, Taikoo Place
979 King's Road
Quarry Bay, Hong Kong

Schedule 1

Transferred Claims

Purchased Claim

$70,000 of $201,155,228 (the outstanding amount of the Proof of Claim as of October 29, 2009).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount |
|---|---|---|---|---|
| LEHMAN BROTHERS 1 YEAR USD DAILY ACCRUAL COUPON AUTO-CALL NOTE WITH DAILY KNOCK-IN - SERIES 8 DUE 10 NOVEMBER 2008 | XS0330074344 | Lehman Brothers Treasury Co. B.V. | LBHI | 70,000 USD |

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000055848 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>Citibank (Hong Kong) Limited<br>8/F Dorset House, Taikoo Place, 979 King's Road<br>Quarry Bay, Hong Kong<br>Attention: LUM, SO FAN, FANNY<br>With copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas,<br>New York, NY 10019-6064, Attention: Douglas R. Davis<br>Telephone number: (212) 373-3000    Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br>Telephone number:    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ __Please See Attachment__ (Required)**

☒    Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): __Please See Attachment__ (Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

__Please See Attachment__ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
__Please See Attachment__ (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | | **FOR COURT USE ONLY**<br><br>**FILED / RECEIVED**<br><br>OCT 2 9 2009<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|---|
| Date:<br><br>October 15, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>            Name: LUM, SO FAN, FANNY<br>            Title: DIRECTOR OF WEALTH MANAGEMENT | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## ATTACHMENT TO PROOF OF CLAIM OF CITIBANK (HONG KONG) LIMITED
## AGAINST LEHMAN BROTHERS HOLDINGS INC.

1.  Commencing on September 15, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI"), and certain of its subsidiaries (LBHI, together with such subsidiaries, the "Debtors"), filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2.  On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order") which, among other things, establishes November 2, 2009 at 5:00 pm (ET) as the deadline (the "Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on any Lehman Programs Security, as identified on the Debtors' website, against the Debtors (the "Securities Programs Bar Date").

3.  Citibank (Hong Kong) Limited (the "Claimant") accordingly files this Lehman Programs Securities Proof of Claim (the "Proof of Claim") for various amounts owing to Claimant by LBHI in respect of Lehman Programs Securities held by Claimant in a proprietary capacity on Claimant's own behalf and/or in a custodial capacity on behalf of one or more of

Claimant's customers.[1] As of the filing of this Proof of Claim, Claimant is the record holder of or represents the record holder of the Lehman Programs Securities listed on Exhibit A attached hereto.[2]

4. Claimant is the record holder or representative of the record holder of Lehman Programs Securities in the aggregate principal amount of USD 201,155,228, which may consist in whole or in part of the US Dollar equivalent as of September 15, 2008 of the claims covered hereby. LBHI either issued, or guaranteed the full and punctual payment of all obligations related to the Lehman Programs Securities. Accordingly, LBHI remains liable to Claimant for no less than USD 201,155,228 together with all accrued and unpaid interest or other return as of September 15, 2008 (the "Lehman Programs Securities Claim").

5. Additionally, Claimant may have acted as a direct or indirect distributor or broker in connection with the sale and distribution of Lehman Programs Securities, including Lehman Programs Securities not identified on Exhibit A (collectively, the "Lehman Program Securities Issuances"). In connection with the Lehman Programs Securities Issuances, Claimant entered into various indemnification and other agreements with the Debtors (collectively the "Indemnification Agreements").

6. LBHI guaranteed the obligations of numerous of LBHI's subsidiaries and affiliates, some of which directly issued the Lehman Programs Securities. Specifically, LBHI issued the following guarantees: (a) that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005,

---

[1] The Bar Date Order provides "claims based on any Lehman Program Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)." Bar Date Order at p. 14.

[2] The Bar Date Order provides "persons or entities that file claims based on any Lehman Program Security are not required to attach or submit any documentation supporting any claim based on such Lehman Program Security." Bar Date Order at p. 14.

2

under which LBHI guaranteed payment of all liabilities, obligations and commitments of numerous LBHI subsidiaries (the "LBHI Board Guarantee"); (b) that certain Guaranty dated January 7, 2004, as amended on September 9, 2008, under which LBHI guaranteed to Citigroup Inc., and each subsidiary or affiliate thereof, including Claimant, the payment of all Obligations (as defined therein) of various subsidiaries of LBHI (as amended, the "January 2004 Guarantee"); (c) that certain Guaranty dated July 26, 2005, under which LBHI guaranteed to Citigroup Inc., and each subsidiary or affiliate thereof, including Claimant, the payment of all Obligations (as defined therein) of various subsidiaries of LBHI (the "July 2005 Guarantee"); (d) a representation from the Debtors dated April 24, 2008 specifically referencing LBHI's full guarantee of all liabilities, obligations and commitments of numerous LBHI subsidiaries (the "April 2008 Guarantee Statement"); and (e) that certain Guarantee of Lehman Brothers Holdings Inc. as addressed to Standard & Poor's Rating Services, dated January 4, 2008, under which LBHI guaranteed payment of all liabilities, obligations and commitments of LBIE (the "S&P Guarantee," and collectively, with the LBHI Board Guarantee, the January 2004 Guarantee, the July 2005 Guarantee, and the April 2008 Guarantee Statement, the "LBHI Guarantees").

7.  Claimant hereby asserts additional claims for contractual, statutory and common law rights of indemnity, contribution, reimbursement, set-off and liability against the Debtors and the subsidiaries and affiliates of the Debtors covered by the LBHI Guarantees arising from the Indemnification Agreements and/or from the Lehman Programs Securities Issuances (the "Indemnity Claims"). With respect to the Indemnity Claims, Claimant is entitled to reimbursement by the Debtors for any and all expenses incurred by Claimant in connection with any and all threatened, pending, completed and/or future claims, actions, suits or proceedings and any appeal therefrom, whether civil, criminal, administrative or investigative, involving or

3

related to Claimant, or in which Claimant was, is or may be a party, or was, is or may become involved as a witness or third party, by reason of Claimant's participation in the Lehman Programs Securities Issuances.

8. The amount of Claimant's contingent claims cannot be reasonably calculated or estimated at this time, but Claimant does not waive its right to seek payment from the Debtors by not currently stating a specific amount. Claimant reserves the right to assert additional claims including the right to claim that all or any portion of the losses, claims, damages, liabilities, legal or other expenses incurred by Claimant after the Petition Date are administrative expenses entitled to priority treatment under Section 507(a)(2) of the Bankruptcy Code or otherwise.

9. Claimant has filed this Proof of Claim under compulsion of the Bar Date Order and to protect the Claimant from forfeiture of Claimant's claims against the Debtors by reason of the Securities Programs Bar Date. Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability.

10. The filing of this Proof of Claim shall be without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant or any of its affiliates against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim that may be filed against Lehman Brothers Treasury Co. B.V., Lehman Brothers Securities N.V., or any other entity which issued Lehman Programs Securities.

11. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time to restate the amount of the Lehman Programs Securities Claim based

4

on the method ultimately used to value the Lehman Programs Securities referenced herein, including, without limitation, the ultimate determination of the applicable interest or coupon rate, or other return, or the principal-protected amount, on any Lehman Program Security. Additionally, nothing contained in this Proof of Claim shall prejudice or limit Claimant's right to receive any distribution with respect to the Lehman Programs Securities Claim based on any valuation method that is ultimately used to value any Lehman Program Security.

12. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the Petition Date; (b) claims for any future distributions or rights to distributions arising from any of the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action (or any other cause of action seeking recovery of payments made to, or setoffs or nettings effectuated by, Claimant) against Claimant whether or not related to or arising from the transactions and agreements set forth herein. Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code.

13. Without limiting the rights otherwise asserted in this Proof of Claim, Claimant hereby preserves and reserves all rights of setoff against LBHI whether in respect of claims directly between Claimant and LBHI, claims between affiliates of Claimant and LBHI or claims between Claimant, or its affiliates, and affiliates of LBHI, including, without limitation, under sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 553, 555, 556, 559, 560 and 561 of the

5

Bankruptcy Code, under any agreement or other instrument, under applicable non-bankruptcy law or otherwise.

14.  In executing and filing this Proof of Claim, Claimant does not waive (a) any obligation owed to Claimant under any contracts described herein and that may be attached as exhibits hereto, or (b) any past, present or future breaches of such contracts by the Debtors or any of their affiliates. Claimant further does not waive (and this Proof of Claim shall not be deemed or construed to waive) any claims or right to assert any claims, or preserve any remedies, including setoff and recoupment, that Claimant has against any of the Debtors, Lehman Brothers Inc., Lehman Brothers International (Europe) or any other affiliates of the Debtors, whether arising from or related to transactions described herein or otherwise.

15.  The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have

any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

16. All notices regarding this Proof of Claim should be sent to: Citibank (Hong Kong) Limited, 8/F Dorset House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong, <u>Attention</u>: LUM, SO FAN, FANNY, with copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Telephone number: (212) 373-3000, <u>Attention</u>: Douglas R. Davis.

# EXHIBIT A

## LEHMAN PROGRAMS SECURITIES

# EXHIBIT A

## CREDITOR - CITIBANK (HONG KONG) LIMITED

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | CONVERTED PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0327847553 | 53427 | CLEARSTREAM | HKD | 20,050,000 | $2,572,921 | CA47968 |
| XS0329337850 | 53427 | CLEARSTREAM | HKD | 46,050,000 | $5,909,377 | CA47970 |
| XS0329714074 | 53427 | CLEARSTREAM | HKD | 56,450,000 | $7,243,959 | CA47969 |
| XS0328210496 | 53427 | CLEARSTREAM | HKD | 8,000,000 | $1,026,602 | CA47972 |
| XS0330074344 | 53427 | CLEARSTREAM | USD | 7,170,000 | $7,170,000 | CA47971 |
| XS0330867846 | 53427 | CLEARSTREAM | HKD | 45,950,000 | $5,896,544 | CA47967 |
| XS0331400456 | 53427 | CLEARSTREAM | USD | 13,000,000 | $13,000,000 | CA47961 |
| XS0331661172 | 53427 | CLEARSTREAM | HKD | 45,800,000 | $5,877,295 | CA47966 |
| XS0332547099 | 53427 | CLEARSTREAM | USD | 5,360,000 | $5,360,000 | CA47963 |
| XS0332546448 | 53427 | CLEARSTREAM | HKD | 19,300,000 | $2,476,677 | CA47964 |
| XS0333308632 | 53427 | CLEARSTREAM | USD | 2,580,000 | $2,580,000 | CA47959 |
| XS0334223699 | 53427 | CLEARSTREAM | HKD | 8,300,000 | $1,065,099 | CA47962 |
| XS0334702072 | 53427 | CLEARSTREAM | USD | 1,510,000 | $1,510,000 | CA47956 |
| XS0334090106 | 53427 | CLEARSTREAM | HKD | 8,000,000 | $1,026,602 | CA47958 |
| XS0334923322 | 53427 | CLEARSTREAM | HKD | 23,050,000 | $2,957,896 | CA47957 |
| XS0334090288 | 53427 | CLEARSTREAM | USD | 1,000,000 | $1,000,000 | CA47955 |
| XS0335742663 | 53427 | CLEARSTREAM | USD | 2,480,000 | $2,480,000 | CA47954 |
| XS0336250732 | 53427 | CLEARSTREAM | HKD | 20,000,000 | $2,566,505 | CA47952 |
| XS0337406036 | 53427 | CLEARSTREAM | USD | 1,860,000 | $1,860,000 | CA47951 |
| XS0336644199 | 53427 | CLEARSTREAM | USD | 2,740,000 | $2,740,000 | CA47953 |
| XS0338330672 | 53427 | CLEARSTREAM | HKD | 18,300,000 | $2,348,352 | CA48186 |
| XS0338676629 | 53427 | CLEARSTREAM | USD | 800,000 | $800,000 | CA48187 |
| XS0339221912 | 53427 | CLEARSTREAM | HKD | 25,250,000 | $3,240,212 | CA48185 |

# EXHIBIT A

## CREDITOR - CITIBANK (HONG KONG) LIMITED

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | CONVERTED PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0339762162 | 53427 | CLEARSTREAM | USD | 2,420,000 | $2,420,000 | CA48184 |
| XS0341733110 | 53427 | CLEARSTREAM | HKD | 36,900,000 | $4,735,201 | CA48181 |
| XS0342399754 | 53427 | CLEARSTREAM | USD | 3,030,000 | $3,030,000 | CA48311 |
| XS0343799044 | 53427 | CLEARSTREAM | USD | 950,000 | $950,000 | CA48182 |
| XS0342989554 | 53427 | CLEARSTREAM | USD | 1,000,000 | $1,000,000 | CA48179 |
| XS0344102164 | 53427 | CLEARSTREAM | HKD | 9,800,000 | $1,257,587 | CA48178 |
| XS0345814874 | 53427 | CLEARSTREAM | HKD | 25,800,000 | $3,310,791 | CA48176 |
| XS0348324988 | 53427 | CLEARSTREAM | HKD | 54,850,000 | $7,038,639 | CA48175 |
| XS0349154152 | 53427 | CLEARSTREAM | USD | 3,460,000 | $3,460,000 | CA48177 |
| XS0348406876 | 53427 | CLEARSTREAM | USD | 1,020,000 | $1,020,000 | CA48173 |
| XS0351201651 | 53427 | CLEARSTREAM | HKD | 39,450,000 | $5,062,430 | CA48172 |
| XS0362181934 | 53427 | CLEARSTREAM | USD | 8,030,000 | $8,030,000 | CA48174 |
| XS0362361593 | 53427 | CLEARSTREAM | HKD | 26,750,000 | $3,432,700 | CA48170 |
| XS0364226299 | 53427 | CLEARSTREAM | HKD | 11,300,000 | $1,450,075 | CA48169 |
| XS0366859485 | 53427 | CLEARSTREAM | USD | 2,200,000 | $2,200,000 | CA48168 |
| XS0365916252 | 53427 | CLEARSTREAM | USD | 1,000,000 | $1,000,000 | CA48171 |
| XS0367878997 | 53427 | CLEARSTREAM | HKD | 15,250,000 | $1,956,960 | CA48167 |
| XS0369514947 | 53427 | CLEARSTREAM | USD | 1,850,000 | $1,850,000 | CA48430 |
| XS0368588777 | 53427 | CLEARSTREAM | HKD | 44,500,000 | $5,710,473 | CA48429 |
| XS0369868590 | 53427 | CLEARSTREAM | HKD | 72,150,000 | $9,258,665 | CA48426 |
| XS0334088118 | 53427 | CLEARSTREAM | GBP | 700,000 | $1,252,230 | CA48427 |
| XS0336928030 | 53427 | CLEARSTREAM | HKD | 28,600,000 | $3,670,102 | CA48423 |
| XS0294545669 | 53427 | CLEARSTREAM | USD | 880,000 | $880,000 | CA49232 |

## EXHIBIT A

### CREDITOR - CITIBANK (HONG KONG) LIMITED

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | CONVERTED PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0299702380 | 53427 | CLEARSTREAM | USD | 4,620,000 | $4,620,000 | CA48421 |
| XS0301348420 | 53427 | CLEARSTREAM | USD | 6,960,000 | $6,960,000 | CA48422 |
| XS0302819262 | 53427 | CLEARSTREAM | USD | 3,370,000 | $3,370,000 | CA48420 |
| XS0303866049 | 53427 | CLEARSTREAM | USD | 1,970,000 | $1,970,000 | CA48410 |
| XS0306148288 | 53427 | CLEARSTREAM | USD | 2,980,000 | $2,980,000 | CA48419 |
| XS0310085492 | 53427 | CLEARSTREAM | USD | 5,330,000 | $5,330,000 | CA48409 |
| XS0312196123 | 53427 | CLEARSTREAM | AUD | 1,650,000 | $1,330,230 | CA48408 |
| XS0318362711 | 53427 | CLEARSTREAM | USD | 1,640,000 | $1,640,000 | CA48417 |
| XS0318538260 | 53427 | CLEARSTREAM | AUD | 6,000,000 | $4,837,200 | CA48418 |
| XS0319159538 | 53427 | CLEARSTREAM | NZD | 1,380,000 | $906,798 | CA48406 |
| XS0320033201 | 53427 | CLEARSTREAM | AUD | 5,590,000 | $4,506,658 | CA48405 |
| XS0324476869 | 53427 | CLEARSTREAM | NZD | 1,650,000 | $1,084,215 | CA48407 |
| XS0329337850 | 82104 | CLEARSTREAM | HKD | 2,000,000 | $256,650 | CA47876 |
| XS0330074344 | 82104 | CLEARSTREAM | USD | 100,000 | $100,000 | CA47877 |
| XS0330867846 | 82104 | CLEARSTREAM | HKD | 2,050,000 | $263,067 | CA47875 |
| XS0331400456 | 82104 | CLEARSTREAM | USD | 210,000 | $210,000 | CA47874 |
| XS0332547099 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47873 |
| XS0332546448 | 82104 | CLEARSTREAM | HKD | 1,200,000 | $153,990 | CA47870 |
| XS0334223699 | 82104 | CLEARSTREAM | HKD | 1,000,000 | $128,325 | CA47872 |
| XS0336250732 | 82104 | CLEARSTREAM | HKD | 800,000 | $102,660 | CA47871 |
| XS0337406036 | 82104 | CLEARSTREAM | USD | 140,000 | $140,000 | CA47867 |
| XS0339221912 | 82104 | CLEARSTREAM | HKD | 1,300,000 | $166,823 | CA47868 |
| XS0341733110 | 82104 | CLEARSTREAM | HKD | 1,800,000 | $230,985 | CA47869 |

# EXHIBIT A

## CREDITOR - CITIBANK (HONG KONG) LIMITED

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | CONVERTED PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0345814874 | 82104 | CLEARSTREAM | HKD | 6,100,000 | $782,784 | CA47865 |
| XS0348324988 | 82104 | CLEARSTREAM | HKD | 500,000 | $64,163 | CA47864 |
| XS0349154152 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47866 |
| XS0351201651 | 82104 | CLEARSTREAM | HKD | 1,500,000 | $192,488 | CA47863 |
| XS0362361593 | 82104 | CLEARSTREAM | HKD | 1,000,000 | $128,325 | CA48602 |
| XS0364226299 | 82104 | CLEARSTREAM | HKD | 500,000 | $64,163 | CA47802 |
| XS0366859485 | 82104 | CLEARSTREAM | USD | 140,000 | $140,000 | CA47801 |
| XS0368588777 | 82104 | CLEARSTREAM | HKD | 500,000 | $64,163 | CA47798 |
| XS0369868590 | 82104 | CLEARSTREAM | HKD | 3,700,000 | $474,803 | CA47797 |
| XS0336928030 | 82104 | CLEARSTREAM | HKD | 500,000 | $64,163 | CA47799 |
| XS0301348420 | 82104 | CLEARSTREAM | USD | 330,000 | $330,000 | CA47800 |
| XS0302819262 | 82104 | CLEARSTREAM | USD | 200,000 | $200,000 | CA47795 |
| XS0303866049 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47796 |
| XS0306148288 | 82104 | CLEARSTREAM | USD | 240,000 | $240,000 | CA47792 |
| XS0310085492 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47794 |
| XS0312196123 | 82104 | CLEARSTREAM | AUD | 110,000 | $88,682 | CA47793 |
| XS0318362711 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47791 |
| | | | | TOTAL: | $201,155,228 | |

* Principal Amount in U.S. Dollars is based upon the following exchange rates as of September 15, 2008 - 0.8062 U.S. Dollars per Australian Dollar, 1.7889 U.S. Dollars per British Pound, 7.7927 Hong Kong Dollars per U.S. Dollar and 0.6571 U.S. Dollars per New Zealand Dollar.

HAND DELIVERY

_____TP_____  _____10-29-09_____  _____4:51 PM_____
RECEIVED BY:         DATE                TIME