WEIL, GOTSHAL & MANGES LLP
1300 Eye Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7000
Facsimile: (202) 857 0940
Ralph I. Miller

201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3029
Facsimile: (650) 802-3100
Christopher Cox (*admitted pro hac vice*)

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――x

In re:                                              :    Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*              :    Case No. 08-13555 (JMP)

                    Debtors.                         :

―――――――――――――――――――――――――x

LEHMAN BROTHERS SPECIAL FINANCING INC.               :

                    Plaintiff,                       :

-against-                                            :    Adversary Proceeding
                                                          No.: _____ (JMP)
BNY MELLON CORPORATE TRUSTEE SERVICES                :
LIMITED,
                                                     :
                    Trustee Defendant,               :

-and-                                                :

TOPAZ FINANCE LIMITED AS ISSUER OF SERIES            :
2005-2,                                              :

                    Issuer Defendant.                :
―――――――――――――――――――――――――x

## COMPLAINT

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing Inc. ("LBSF" or "Plaintiff"), a debtor and debtor in possession in the above-captioned jointly administered case of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in possession (collectively, the "Debtors," and together with its non-debtor affiliates, "Lehman"), by and through undersigned counsel, brings this Complaint against BNY Mellon Corporate Trustee Services Limited f/k/a J.P. Morgan Corporate Trustee Services Limited (the "Trustee"), and Topaz Finance Limited as issuer of Series 2005-2 (the "Issuer," and together with the Trustee, the "Defendants"), and respectfully states:

## NATURE OF THE ACTION

1. Plaintiff files this adversary proceeding to protect and restore a property interest of Plaintiff that has substantial economic value to its estate – Plaintiff's contractual right to senior payment priority ("Senior Payment Priority") in a derivatives transaction. This action stems from provisions in governing transaction documents with respect to a derivatives transaction (the "Modification Provisions"), the application of which were conditioned on the commencement of Plaintiff's bankruptcy case, that would operate so as to deprive Plaintiff of this property interest by (a) taking Senior Payment Priority from Plaintiff, (b) replacing it with junior payment priority ("Junior Payment Priority"), and (c) transferring Senior Payment Priority to or for the benefit of certain noteholders (the "Noteholders") who otherwise would have only Junior Payment Priority, in effect reducing or eliminating Plaintiff's right to payment altogether. This purported "flip" of payment priorities pursuant to the Modification Provisions, as described above, is referred to in this Complaint as the "Payment Priority Exchange."

2

2. The Issuer issued Series 2005-2 Tulip Lane III CDO of CDO Variable Rate Credit-Linked Synthetic Portfolio Notes due 2015 (the "Notes") in an initial principal amount of €25,000,000 pursuant to a Principal Trust Deed, a Supplemental Trust Deed and Drawdown Agreement, and a Deed of Accession (collectively, the "Transaction Documents") under which the Trustee serves. The Issuer and Plaintiff were parties to a swap agreement (the "Agreement"). LBHI served as the Credit Support Provider, or guarantor, of Plaintiff's obligations under the Agreement. The Transaction Documents govern payment to the Noteholders and Plaintiff.

3. The Trustee, or its agents, holds for the benefit of (among others) Plaintiff and the Noteholders the collateral (the "Collateral"), or security over the Collateral that the Issuer provided to secure its payment obligations both to Plaintiff and to the Noteholders. Plaintiff's and the Noteholders' recourse for payment of claims against the Issuer is limited to the Collateral and/or any assets of the Issuer related to the Notes. Plaintiff's and the Noteholders' respective payment priorities for their claims against the Issuer are enforced and realized through the distribution of the Collateral or its proceeds.

4. On September 15 and October 3, 2008, respectively, LBHI and Plaintiff filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Under the Agreement, the commencement of a case under the Bankruptcy Code by Plaintiff constituted an Event of Default under the Agreement with respect to Plaintiff.

5. Under the Transaction Documents, when Plaintiff has a claim against the Issuer under the Agreement because it is "in-the-money" to Plaintiff, Plaintiff's claim has Senior Payment Priority, and the Noteholders' claim has Junior Payment Priority. But as a result of (a) the occurrence of an Event of Default under the Agreement with respect to Plaintiff, and

3

(b) triggering of the Modification Provisions, Senior Payment Priority is transferred from Plaintiff to or for the benefit of the Noteholders, leaving Plaintiff with only Junior Payment Priority, or no payment, for its claim.

6. The Modification Provisions effect the Payment Priority Exchange *solely* as the result of Plaintiff's bankruptcy filing. The Court should declare that the Modification Provisions constitute unenforceable *ipso facto* clauses that inappropriately modify a debtor's interest in property in violation of sections 365(e)(1) and 541(c)(1) of the Bankruptcy Code. Accordingly, Plaintiff seeks a declaratory judgment that such provisions are unenforceable and that Plaintiff is entitled to Senior Payment Priority.

7. Moreover, effecting the Payment Priority Exchange pursuant to the Modification Provisions violates the automatic stay under section 362(a)(3) of the Bankruptcy Code because it involves an improper exercise of control over property of Plaintiff's estate. As such, Plaintiff seeks a declaratory judgment that such provisions violate the automatic stay.

## PARTIES

8. Plaintiff is a Delaware corporation with its current principal business address at 1271 Sixth Avenue, 40th Floor, New York, New York 10020.

9. Upon information and belief, BNY Mellon Corporate Trustee Services Limited is a company organized under English law with its principal place of business at One Canada Square, London, E14 5AL, United Kingdom. It has submitted to the jurisdiction of this Court by entering a notice of appearance and participating in proceedings before this Court, including by filing an objection to the Debtors' motion to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts. Dkt. 1728, 1892. It is an

affiliate of Bank of New York Mellon, a Delaware corporation with its principal place of business in New York, New York.

10. Upon information and belief, the Issuer is a special purpose vehicle incorporated in the Cayman Islands with its principal place of business at Walker House, 87 Mary Street, P.O. Box 908GT, George Town, Grand Cayman, KY1-9002, Cayman Islands.

## JURISDICTION AND VENUE

11. The Court has subject-matter jurisdiction over this proceeding under 28 U.S.C. §§ 157, 1334. This is a "core proceeding" under 28 U.S.C. § 157(b).

12. Venue is proper under 28 U.S.C. §§ 157(a), 1408, and 1409.

13. The statutory prerequisites for the relief requested herein are sections 105(a), 362(a)(3), 365(e)(1), and 541(c)(1) of the Bankruptcy Code, section 2201 of Title 28 of the United States Code, Federal Rule of Civil Procedure 57, and Rules 7001 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

14. Lehman was formerly the fourth largest investment bank in the United States. For more than 150 years, Lehman was a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide. Lehman's headquarters in New York and regional headquarters in London and Tokyo were complemented by a network of offices in North America, Europe, the Middle East, Latin America, and the Asia Pacific region.

15. Plaintiff's and LBHI's chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

16. Plaintiff and LBHI are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

17. The Issuer issued the Notes to raise funds with which to acquire assets. Plaintiff and the Issuer are counterparties under the Agreement. The Trustee serves pursuant to the Transaction Documents.

18. Under the Agreement, the bankruptcy filing of Plaintiff falls within the definition of an "Event of Default" with respect to Plaintiff. Until the Modification Provisions are triggered, Plaintiff has Senior Payment Priority for its claims against the Issuer under the Agreement, and the Noteholders have Junior Payment Priority for their claims against the Issuer under the Notes. But upon triggering the Modification Provisions, the application of which is conditioned on Plaintiff's bankruptcy filing, the payment priority is altered. When this occurs, the Transaction Documents provide that (a) Plaintiff's Senior Payment Priority is taken from it and transferred to or for the benefit of the Noteholders, and (b) Plaintiff is allotted Junior Payment Priority, which until that moment had been held by the Noteholders.

19. Because the Issuer is a special purpose vehicle that issued notes or certificates of beneficial interest pursuant to a trust agreement, and has entered into a derivatives contract with LBSF, the Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties (the "SPV ADR Order"), entered on March 3, 2011 [Docket No. 14789], applies to this dispute.

20. All conditions precedent to suit have been performed, have occurred, or have been waived.

6

## COUNT I
## Against Both Defendants

*(Declaratory Judgment – Provisions Modifying Plaintiff's Payment Priority as a Result of the Bankruptcy Filings Are Unenforceable Ipso Facto Clauses )*

21. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth in this cause of action.

22. The Modification Provisions that purport to effect the Payment Priority Exchange as a result of Plaintiff's bankruptcy filing constitute unenforceable *ipso facto* clauses that violate sections 365(e)(1) and 541(c)(1) of the Bankruptcy Code.

23. The Bankruptcy Code protects debtors from being penalized for filing a chapter 11 case, notwithstanding any contractual provisions or applicable law that would have that effect. Section 365(e)(1) of the Bankruptcy Code provides that:

> [n]otwithstanding a provision in an executory contract . . . an executory contract . . . of the debtor may not be terminated ***or modified***, and any right or obligation under such contract or lease may not be terminated ***or modified***, at any time after the commencement of the case solely because of a provision in such contract . . . that is conditioned on . . . the commencement of a case under this title . . . .

11 U.S.C. § 365(e)(1) (emphasis added).

24. Similarly, section 541(c)(1) recognizes that a debtor's interest in property:

> becomes property of the estate . . . notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law . . . that is conditioned on . . . the commencement of a case under this title . . . and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1).

7

25. Because the Modification Provisions (a) become operative after the commencement of Plaintiff's bankruptcy case, (b) effect the Payment Priority Exchange solely because of "the commencement of a case" under the Bankruptcy Code, and (c) deprive Plaintiff of Senior Payment Priority, the provisions are unenforceable *ipso facto* clauses. *See* 11 U.S.C. §§ 365(e)(1), 541(c)(1).

26. The Court should declare that the Modification Provisions and the corresponding Payment Priority Exchange are unenforceable pursuant to sections 365(e)(1) and 541(c)(1) of the Bankruptcy Code.

27. There is an actual controversy between the parties on this issue because the Transaction Documents on their face require the Payment Priority Exchange in violation of the Bankruptcy Code, and Defendants have not indicated a willingness to disregard such Payment Priority Exchange.

28. Accordingly, pursuant to 28 U.S.C. § 2201 and Bankruptcy Rule 7001, Plaintiff requests that the Court enter a declaratory judgment that (a) the Modification Provisions are unenforceable *ipso facto* clauses pursuant to sections 365(e)(1) and 541(c)(1) of the Bankruptcy Code, and (b) Plaintiff is entitled to Senior Payment Priority.

## COUNT II
### Against Both Defendants

*(Declaratory Judgment – Provisions Modifying Plaintiff's Payment Priority as a Result of the Bankruptcy Filings Violate the Automatic Stay)*

29. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though fully set forth in this cause of action.

30. Section 362(a) of the Bankruptcy Code provides, in relevant part, that the filing of a petition under Title 11 of the Bankruptcy Code "operates as a stay, applicable to all entities, of – . . . (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . . ." 11 U.S.C. § 362(a)(3).

31. At the time that Plaintiff commenced its case under the Bankruptcy Code, its right to Senior Payment Priority constituted a substantial asset of the estate.  Any action to exercise control over Plaintiff's Senior Payment Priority, including any action to effect the Payment Priority Exchange, would be, therefore, subject to, and in violation of, the automatic stay provided under section 362(a) of the Bankruptcy Code.  *See* 11 U.S.C. § 362(a)(3).

32. Further, the Payment Priority Exchange improperly seeks to take property of Plaintiff because of its bankruptcy filing.  Property of a debtor becomes property of the estate, "notwithstanding any provision in an agreement . . . that is conditioned . . . on the commencement of a case under this title . . . and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property." 11 U.S.C. § 541(c)(1). Effecting the Payment Priority Exchange would modify Plaintiff's Senior Payment Priority, and thus cause Plaintiff to forfeit an interest in property, because of "the commencement of a case under this title."  This violates the automatic stay provided under section 362(a).

9

33. There is an actual controversy between the parties on this issue because the Transaction Documents require the Payment Priority Exchange in violation of the Bankruptcy Code, and Defendants have not indicated a willingness to disregard such Payment Priority Exchange.

34. Accordingly, pursuant to 28 U.S.C. § 2201 and Bankruptcy Rule 7001, Plaintiff requests that this Court enter a declaratory judgment that enforcement of the Payment Priority Exchange constitutes a willful violation of the automatic stay under section 362(a)(3) of the Bankruptcy Code.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. For declaratory judgment that the Payment Priority Exchange improperly modified Plaintiff's Senior Payment Priority as a result of its bankruptcy filing, and, as such, the Modification Provisions constitute unenforceable *ipso facto* clauses that violate 11 U.S.C. §§ 365(e)(1) and 541(c)(1) and Plaintiff is entitled to Senior Payment Priority;

B. For declaratory judgment that any action to enforce the Payment Priority Exchange as a result of a bankruptcy filing violates the automatic stay under 11 U.S.C. § 362(a); and

C. Any such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

Respectfully submitted,

By: */s/ Ralph I. Miller*
    Ralph I. Miller
    WEIL, GOTSHAL & MANGES LLP
    1300 Eye Street NW, Suite 900
    Washington, D.C. 20005
    Telephone: (202) 682-7000
    Facsimile: (202) 857 0940

    Christopher Cox (*admitted pro hac vice*)
    WEIL, GOTSHAL & MANGES LLP
    201 Redwood Shores Parkway
    Redwood Shores, California 94065
    Telephone: (650) 802-3029
    Facsimile: (650) 802-3100

    Attorneys for Debtors
    and Debtors in Possession

Dated:    Washington, D.C.
            October 18, 2011