**ALLEN & OVERY LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
John Kibler
Jonathan Cho

*Counsel to China Minsheng Banking Corp., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC. *et al.* | : | Case No. 08-13555 (JMP) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |

-------------------------------------------------------------------X

**RESPONSE OF CHINA MINSHENG BANKING CORP., LTD. TO DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

TO THE HON. JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

China Minsheng Banking Corp., Ltd. ("**CMBC**"), by and through its undersigned counsel, hereby submits this response (the "**Response**") to the Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) dated November 13, 2010 (the "**Objection**"). In support of this Response, CMBC respectfully states as follows:

**BACKGROUND**

1. Beginning on September 15, 2008 (the "**Petition Date**") and periodically thereafter, Lehman Brothers Holdings Inc. ("**LBHI**") and certain of its affiliates (collectively, the "**Debtors**") commenced these bankruptcy cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in this Court. Prior to the Petition Date, CMBC was party to derivative transactions with certain affiliates of LBHI, with respect to which (i) LBHI guaranteed

all obligations of such affiliates arising thereunder and (ii) where applicable, CMBC timely filed proofs of claim against such affiliates.

**Transactions With the Debtors**

LBSF Transaction

2. CMBC and Lehman Brothers Special Financing Inc. ("**LBSF**") were parties to a 1992 ISDA Master Agreement dated as of February 25, 2003 (as amended, supplemented or otherwise modified from time to time, and including all schedules, annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered into in connection therewith, the "**LBSF Agreement**"). After LBHI, the Credit Support Provider under the LBSF Agreement, filed for bankruptcy, CMBC gave notice to LBSF that an Event of Default had occurred under section 5(a)(vii)(4) of the LBSF Agreement and designated October 8, 2008 as the Early Termination Date. Subsequently, on October 24, 2008, CMBC gave notice of the amount due and payable by LBSF pursuant to section 6(d) of the LBSF Agreement. LBSF filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on October 3, 2008.

3. LBHI guaranteed all obligations of LBSF arising under the LBSF Agreement.

LBIE Transaction

4. CMBC and Lehman Brothers International (Europe) ("**LBIE**") were parties to a 1992 ISDA Master Agreement dated as of May 13, 2003 (as amended, supplemented or otherwise modified from time to time, and including all schedules, annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered into in connection therewith, the "**LBIE Agreement**"). After LBHI, the Credit Support Provider under the LBIE Agreement, filed for bankruptcy, CMBC gave notice to LBIE that an Event of Default had occurred under section 5(a)(vii)(4) of the LBIE Agreement and designated October 8, 2008 as the Early Termination Date. Subsequently, on October 24, 2008, CMBC gave notice of the amount due and payable by LBIE pursuant to section 6(d) of the LBIE Agreement.

LBIE was placed into administration before the High Court of England and Wales on September 15, 2008.

5. LBHI guaranteed all obligations of LBIE pursuant to its guarantee dated January 4, 2008, under which LBHI (i) unconditionally guaranteed the payment by LBIE to any counterparty of LBIE of all of its liabilities, obligations, and commitments as the same shall become due, together with accrued interest and charges, if any, and (ii) agreed to reimburse such counterparty for all expenses of enforcing, obtaining, or endeavoring to enforce or obtain such payment (the "**LBIE Guarantee**").

LBF Transaction

6. CMBC and Lehman Brothers Finance S.A. ("**LBF**," and with LBSF and LBIE, the "**Affiliate Obligors**") were parties to a 1992 ISDA Master Agreement dated September 5, 2008 (as amended, supplemented or otherwise modified from time to time, and including all schedules, annexes and exhibits thereto, and all confirmations exchanged pursuant to transactions entered into in connection therewith, the "**LBF Agreement**," and with the LBSF Agreement and the LBIE Agreement, the "**Agreements**"). LBF became subject to the regulatory authority of the Swiss Federal Banking Commission on September 30, 3008 and subsequently became the subject of bankruptcy liquidation proceedings in Switzerland on October 29, 2008. On October 16, 2008, CMBC gave notice to LBF that an Event of Default had occurred under section 5(a)(vii)(4) of the LBF Agreement and designated October 17, 2008 as the Early Termination Date. On October 24, 2008, CMBC gave notice of the amount due and payable by LBF pursuant to section 6(d) of the LBF Agreement.

Board Guarantee

7. LBHI further unconditionally guaranteed the payment of all liabilities, obligations, and commitments of the Affiliate Obligors pursuant to certain board resolutions adopted by the Executive Committee of LBHI's Board of Directors, including but not limited to those certain resolutions adopted by unanimous written consent on June 9, 2005, and certain other guarantees extended to affiliates of LBHI

and/or related entities of LBHI (the "**Board Guarantee**," and with the LBIE Guarantee, the "**Guarantees**").

## CMBC's Proofs of Claim

8. On July 2, 2009, this Court entered an Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "**Bar Date Order**").

9. Pursuant to the Bar Date Order, CMBC timely filed two proofs of claim on September 18, 2009, asserting (i) a direct claim against LBSF in the amount of USD $21,140,456.95 in respect of the LBSF Agreement (the "**Direct Claim**") and (ii) guaranty claims against LBHI in the aggregate amount of USD $25,672,340.03 pursuant to the Guarantees and in respect of amounts owed by the Affiliate Obligors under the Agreements (the "**Guaranty Claim**," and with the Direct Claim, the "**Claims**"). The Direct Claim and the Guaranty Claim were respectively filed as proofs of claim numbers 18870 and 18871 on the claims register of the Debtors.

10. Further, pursuant to the Bar Date Order, on or about October 22, 2009, CMBC timely submitted a derivative questionnaire in support of the Direct Claim and a guarantee questionnaire in support of the Guaranty Claim, both accompanied by supporting documentation, to the Debtors' website at www.lehman-claims.com (the "**Questionnaires**").

## The Debtor's Objection to CMBC's Claims

11. On November 3, 2010, the Debtors filed the Objection, in which the Debtors state that the amounts asserted in the Claims are "greater than the fair, accurate and reasonable values determined by the Debtors." The Objection thus seeks to reduce each of the Claims and allow them each in the amount of USD $1,582,513.93 (the "**Amended Direct Claim**," the "**Amended Guaranty Claim**," and together, the "**Amended Claims**"). Notably, though the Guaranty Claim asserts claims against LBHI relating to three different transactions with three different counterparties - LBSF, LBIE, and LBF - and thus exceeds

the Direct Claim, which only relates to the obligations of LBSF, by USD $4,531,883.08, the Objection proposes that the Amended Guaranty Claim be reduced to the same amount as the Amended Direct Claim (suggesting that the Debtors have completely disregarded CMBC's claims against LBHI as guarantor of the obligations of LBIE and LBF).

## ARGUMENT

### CMBC Properly Calculated the Amounts Due in Respect of the Agreements
### As Required by the Agreements and Market Practice

12. Since the filing of the Objection, the Debtors and CMBC have engaged in discussions regarding the Claims and have exchanged information regarding, among other things, their respective valuations of amounts owed under the LBSF Agreement. Nevertheless, the parties have thus far been unable to reach a consensual resolution of their differences, and CMBC continues to believe that the Debtors have failed their burden of providing sufficient evidence in support of the Objection.

13. Currently, two transactions under the LBSF Agreement remain subject to dispute: the Himalaya Swap and the Quanto Swap. As was its right under the LBSF Agreement, CMBC calculated amounts due thereunder by obtaining a market quotation for ABN Amro Bank N.V. for the Himalaya Swap and a market quotation from Citi for the Quanto Swap. The Debtors have alleged deficiencies with these quotations, including with respect to the dates at which they are valued, the use of changes in pricing curves as opposed to differences in spot rates, and the characteristics of the swap as of the termination date. CMBC disagrees with these positions and maintains that it acted in a commercially reasonable fashion, and indeed has provided the Debtors with evidence detailing its calculation process.

### The Debtors Do Not Provide Evidence to Rebut the Claim

14. The Debtors have failed their burden of proof to rebut the validity of the Claims. It is well settled that a properly filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Further, "because a properly filed proof of claim is

deemed allowed until objected to, 'such allowance compels the objecting party to go forward and produce sufficient evidence to rebut the claimant's prima facie case.'" *See In re Adelphia Communs. Corp.*, 2007 Bankr. LEXIS 660 at *16 (Bankr. S.D.N.Y. Feb. 20, 2007) (quoting *In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987). A claimant only bears the burden of establishing the validity of its claim "'once an objectant offers sufficient evidence to overcome the prima facie validity of the claim.'" *Id.* (quoting *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000)). Such evidence must be "in equal force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).

15. As filed, the Objection contains no evidence to support the Debtors' proposed reduction of over USD $20 million dollars to each of the Claims. Instead, the Debtors repeatedly recite their bare conclusion that they consider the amounts asserted in the Claim to be "greater than the fair, accurate and reasonable values determined by the Debtors." Though subsequent discussions between the parties have provided some insight into the Debtor's reasoning, CMBC continues to assert that the Debtors' position is unsupported and fails the evidentiary burden necessary to support an objection to a claim, given the fact that CMBC performed its calculations consistent with market practice, with its rights under the Agreements, and in a commercially reasonable manner.

16. Further, the Debtors have failed to explain why they completely ignore CMBC's claims against LBHI as guarantor of the obligations of LBIE and LBF. Such drastic action is highly inappropriate in the absence of specific evidence or reasoning as to why it is warranted, and the Debtors have not provided additional clarity on this issue during the course of their discussions with CMBC. The Debtors cannot seek to expunge two causes of action in their entirety without providing evidence to support such relief and a legitimate basis to negate the *prima facie* validity of the Guaranty Claim.

17. Accordingly, the Objection should be denied with respect to the Claims based on the Debtors' failure to present any basis for the Objection sufficient to negate the *prima facie* validity of the

Claims. To the extent that this Court does not overrule the Objection, CMBC reserves the right to (a) seek discovery from the Debtors as to their valuation of the Claim; (b) supplement or otherwise amend this Response to the Objection; and (c) request, if necessary, a full evidentiary hearing pursuant to Rule 9014(e) of the Bankruptcy Rules and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amounts of the Claim.

# CONCLUSION

WHEREFORE, for the foregoing reasons, CMBC respectfully requests that this Court (i) deny the Debtors' Objection to the Claims, (ii) allow the Claims in the amounts originally asserted therein, and (iii) grant such further relief as this Court deems just and proper.

Dated: October 18, 2011
       New York, NY

                ALLEN & OVERY LLP

                By: /s/ John Kibler
                   John Kibler
                   Jonathan Cho
                   1221 Avenue of the Americas
                   New York, New York 10020
                   Telephone (212) 610-6300
                   Facsimile (212) 610-6399
                   john.kibler@allenovery.com
                   jonathan.cho@allenovery.com

                 *Counsel to China Minsheng Banking Corp., Ltd.*