# RESPONSE TO

# OBJECTION LETTER

# CLAIM #10023

Lehman Brothers Holdings, Inc.
Claims Processing
Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY, 10150-5076


October 7, 2011

### Re: JUAN VASQUEZ CLAIM #10023

To Whom it May Concern:

I am writing with reference to my claim #10023 to which the debtor Lehman Brothers, Inc. is objecting.

As per my conversation with Ms. Ericka Del Nido (phone 212 310 8323), I am resubmitting my claim with all the necessary documents, since there may have been some errors in filing at your end. Although I was told by Ms. Del Nido that you are not the party with whom I should be filing my claim, I believe this to be incorrect information, given that my colleagues submitted their claims to the same address and their response has been a positive one, stating that their claims are in process. Furthermore, as per Ms. Del Nido's advice, I visited the website called www.lehmantrustee.com and called the number for pending claims. After doing so, I updated my personal information and was told that I would receive a call back from a representative, for which I am still waiting. However, given the imminent deadline and my inability to receive the information I need from your various offices, I am, as per your suggestion, submitting my documents again.

It has been more than two years after the initial filing that you are now bringing to my attention that there may possibly be some additional documents needed, but neither your letter nor your staff has been precise as to what, if any, documents are missing.

 The objection by Lehman Brothers says that I did not provide "any supporting documentation or an explanation as to why such documentation is unavailable..."  Paragraph 12 of the Objection (again repeated at the bottom of Paragraphs 14 and 15).

However, I did submit documentation, so it seems that my claim does not fall under the umbrella of the objection you have stated.  It is my understanding that you have mistaken my claim and marked it with "insufficient documentation" with claims that have "no documentation" and labeled them all "claims with insufficient documentation."

Given this, I think this is an error on your part and I am therefore resubmitting the documents as per your request. A major error on your part is that you state my claim to be in the amount of $18000, however, my claim is for $9000.

In this PDF, you will find all the letters and forms sent to me, as well as my documentation and responses. I am also submitting this letter and documentation by mail, and in person.

Please feel free to contact me anytime for any additional information you might require. I can be reached anytime on my cell phone 917 574 1155 or by email: jcvvasquez1980@gmail.com

Thank you for your consideration of my claim.

Sincerely,

Juan C. Vasquez
Claim #10023

# INFORMATION LETTER

# OF LEHMAN BROTHERS

# ENTERING LIQUIDATION PROCESSING

# LEHMAN BROTHERS HOLDINGS INC.

September 30, 2008

Dear Mr. Vasquez:

We are disappointed to inform you that as a result of the bankruptcy of Lehman Brothers Holdings Inc. and the placement of Lehman Brothers Inc. into a liquidation proceeding under the Securities Investor Protection Act (SIPA), Lehman Brothers is unfortunately no longer able to provide the salary continuation or other payments described in your separation agreement. As a result, you will not receive a payment on October 3, 2008 or thereafter.

You may continue to be covered under any current medical, dental and/or vision benefits through the end of your original salary continuation date as set out in your separation agreement. Because you will no longer receive salary continuation payments from which your employee contributions for these benefits can be deducted, you will be billed monthly for these costs. An invoice will be mailed to your home with instructions on how and when to return your payment. Your current coverage is in effect and will remain in place subject to timely payment of your contributions.

The cost to you for medical, dental and/or vision coverage will remain the same through December 2008 but may increase in the future. As of your termination date, you may be eligible to continue these benefits for up to 18 months under COBRA.

For other voluntary benefits you may be covered under, you will receive a mailing directly from the insurance carrier to continue your coverage on a direct bill basis (for example, MetLife Auto & Home, Mass Mutual Group Variable Universal Life Insurance, Hyatt Legal).

As a matter of federal law, the assets of the Lehman Brothers Savings Plan (401(k) plan) and Lehman Brothers Holdings Inc. Retirement Plan (pension plan) are protected from the claims of Lehman Brothers' creditors. Information about these entitlements is available through Fidelity NetBenefits at www.netbenefits.fidelity.com or by calling 1-866-534-6266.

If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process. At some point in the future, you will be receiving notification of the procedures for the filing of claims and the date by which the claims must be filed. A deadline for filing claims has not yet been set.

Also, if you have not yet done so, you may wish to apply for unemployment insurance benefits in your state. Information about applying for unemployment benefits is enclosed.

We recognize that this is difficult news and that you may have questions about this situation. Please call the Lehman Brothers HR Service Center at 212.526.2363. They can answer your questions or direct your call to someone who can.

Very truly yours,

LEHMAN BROTHERS HOLDINGS INC.

# PROOF OF CLAIM FORM

# ORIGINALLY SUBMITTED ON 8/28/2009

**United States Bankruptcy Court Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| LEHMAN BROTHERS HOLDINGS, INC. | 08-13555 (JMP) |

UNIQUE IDENTIFICATION NUMBER: 555346620

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555346620*****
VASQUEZ,JUAN
10 WARWICK STREET
#2
NEWARK, NJ 07105

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Telephone number: (917) 574 1155    Email Address: Teovasquez236 @yahoo.com

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

UNSECURED
UNLIQUIDATED
UNDETERMINED

DESCRIPTION:
PARTICIPATION IN NOTIONAL INTEREST PLAN

**Name and address where payment should be sent** (if different from above)

Teovasquez236@yahoo.com

Telephone number: 917-574-1155

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 9,000

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Services Performed
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 1420
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☑ Other

Describe: _____
Value of Property: $ _____    Annual Interest Rate _____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____    Basis for perfection: _____

**Amount of Secured Claim:** $ 9,000    **Amount Unsecured:** $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$ 9,000

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

Date: 08/28/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 18-664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

---

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**LETTER OF EMPLOYMENT TERMINATION**

**SUBMITTED WITH PROOF OF CLAIM**

# LEHMAN BROTHERS

SUSAN FALBE
SENIOR VICE PRESIDENT

May 20, 2008

Juan Vasquez
By Hand

Dear Juan:

This is an agreement and release concerning your separation from employment by Lehman Brothers. If you sign and comply with this agreement, you will receive the payments and benefits discussed below.

## Effective Dates, Payments and Benefits

1. Today will be the last day that you are expected to report to work.

2. Provided you sign and comply with this agreement, you are eligible to continue to receive your current base salary and benefits coverage through the earlier of November 22, 2008 or the date on which you become actively employed with another firm (the "separation date"), as follows:

   a. You will continue to receive your current base salary and benefits continuation through July 19, 2008 (the "notice period").

   b. Immediately after the notice period and in lieu of a lump sum separation payment consisting of 16 weeks of severance pay and two weeks of unused vacation pay, you will continue to receive your current base salary and certain benefits continuation, including medical benefits, through November 22, 2008.

   Salary continuation will be paid on a biweekly basis at your current biweekly base salary rate, in accordance with the Firm's regular payroll practices. While you are on salary continuation, you will be eligible to continue your benefits coverage under the terms of our plans. All payments will be subject to withholding, payroll taxes and other applicable deductions.

3. Lehman Brothers has retained Lee Hecht Harrison to provide you with outplacement counseling services. These services are designed to assist you with counseling on resume writing, interviewing skills, networking techniques, and a job search campaign. We encourage you to take advantage of these services in order to ensure a smooth career transition. To sign up, please call Sahsa Hohri at (866) 949-3325.

4. You and your covered dependents, pursuant to the COBRA law, may be eligible to continue health insurance coverage for up to 18 months from your separation date, at your own expense. You may also convert your basic and supplemental life insurances to individual policies at that time at your own expense. Your right to continue or convert coverage (including COBRA coverage) after your separation date will be governed by the terms of our plans.

5. Your rights to benefits under any employee benefits plans will be determined in accordance with the terms of such plans. Our employee benefits plans may be modified or terminated at any time.

6. Should you become employed by another firm as an employee, consultant or independent contractor at any time while you are on salary continuation, you are obligated to inform the Firm so that you can be terminated from the Firm's payroll at that time. This date will be your separation date for purposes

Juan Vasquez
page 2

of this agreement. As of this separation date, your salary and benefits coverage continuation will end. Provided you have signed and complied with this agreement, you will receive a lump sum payment representing the remainder of the payments described in paragraph 2, payable within 4 weeks of your separation date.

7. Should you be rehired by Lehman or any of its subsidiaries or affiliates as an employee, consultant or independent contractor at any time through your separation date you will no longer be eligible to receive the remainder of the payments described in paragraph 2.

8. As you are aware, for certain of your outstanding and unvested restricted stock unit awards ('RSUs') granted to you in connection with the Lehman Brothers Equity Award Program, you are expressly required to execute a release agreement as a condition of 'involuntary termination without cause' treatment under those awards. If you sign and comply with this separation agreement, you will satisfy the release requirement applicable to such awards.

**Complete Release**

You agree to forever release Lehman Brothers Inc., any of its affiliated companies, past and present parents, subsidiaries, divisions and present and former employees, officers, directors, successors and assigns from all claims you may now have based on your employment with any Lehman affiliate or the separation of that employment, to the maximum extent permitted by law. This includes a release, to the maximum extent permitted by law, of any rights or claims you may have under: the Age Discrimination Employment Act, which generally prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which generally prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act, which generally prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act, which generally prohibits discrimination on the basis of disability; the Employee Retirement Income Security Act of 1974, which governs the provision of pension and welfare benefits; and all other federal, state or local laws prohibiting employment discrimination. This also includes a release by you of any claims for wrongful discharge, any compensation claims, or any other claims under any statute, rule, regulation, or under the common law. This release covers both claims that you know about and those you may not know about.

**Non-disclosure Provisions**

You agree not to disclose to anyone except your immediate family, accountant, and lawyer any information relating to the subject matter or existence of this agreement, including the dollar amount set forth, except to the extent required by legal process. Any disclosure to your immediate family, accountant or lawyer shall be made only upon their agreement not to disclose these terms to another person. Notwithstanding the foregoing, the parties may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the transaction and all materials of any kind (including opinions or other tax analyses) that are provided to either party relating to such tax treatment.

**Firm Property**

You agree that all proprietary or confidential information concerning Lehman, its business or customers which you learned while an employee is and shall remain the exclusive property of Lehman. You agree not to disclose any such information to others outside of Lehman or use such information for your own benefit, without Lehman's written consent. You further agree to return to Lehman any and all Lehman property that you may possess within one week after your last day of active employment.

Juan Vasquez
page 3

## Registration

If you are currently registered with Lehman, your registration will cease as of your last day of active employment.   Once you join another firm, you should immediately contact the new firm's Registration Department to transfer your registrations, as the transfer does not occur automatically. Your new firm should have you complete a new U-4 form.

## Disparaging Remarks

You agree to avoid making any disparaging remarks now, and at any time in the future, which could be detrimental in any way to Lehman or to individual directors or employees of Lehman, provided that this shall not restrict your ability to respond to any inquiry from applicable regulatory authorities or to provide information pursuant to legal process.

## Future Cooperation

You agree to reasonably cooperate with Lehman, its financial and legal advisors and/or government officials in connection with any business matters in which you were involved or any claims, investigations, administrative proceedings or lawsuits which relate to your Lehman employment. Related travel and accommodation expenses will be reimbursed in accordance with Lehman's standard policies.

## Arbitration

Any controversy arising out of or relating to this agreement shall be submitted to arbitration pursuant to the constitution and rules of the Financial Industry Regulatory Authority (FINRA).

## Consultation with Attorney

You have been advised to consult with an attorney concerning this agreement and acknowledge that you have had ample opportunity to do so before signing.

## Separation Booklet

You acknowledge that you have received and reviewed a copy of the Firm's booklet, "Guide to Leaving Lehman Brothers".

## Employment Inquiries

It is the Firm's policy to provide only limited information to non-Lehman individuals or organizations. Verify Job System, the vendor retained to provide this information, will disclose dates of employment and your last job title.  Requestors can access the verification system online at www.vjsus.com or by calling 800-800-4857. Requestors will need your Social Security number in order to verify your employment information for a nominal fee. This shall not restrict Lehman's ability to provide complete information with respect to your employment when expected to do so under applicable regulatory requirements.

Juan Vasquez
page 4

## Entire Agreement

This agreement constitutes the entire agreement between the parties and cannot be altered except in writing signed by both parties. The terms of this agreement supersede any other oral or written arrangement between you and the Firm with respect to your employment or the separation of your employment by the Firm including but not limited to any entitlements you may have under the Firm's severance policy. Both parties acknowledge that no representations were made to induce execution of this agreement, which are not expressly contained in this agreement.

## Successorship; Controlling Law

This agreement will be binding on Lehman and its successors and assigns and will also be binding on you, your heirs, administrators, executors and assigns. This agreement will be construed under the substantive law of the State of New York, without regard to conflict of law principles.

## Separation Program

You acknowledge that the separation payments and benefits recited in this agreement are being offered to you as part of a separation program (the 'Program') offered to certain employees whose employment is being terminated. The Program is described in Appendix A, which is attached to this agreement. The provisions of Appendix A are incorporated into this agreement and considered a part of this agreement.

## Period for Review and Consideration of Agreement

You have been given a period of forty-five (45) days from the date of this letter to review and consider this agreement before signing it. Please return this document to Karen Coviello in one of the following ways:

| | |
|---|---|
| By Mail: | 1271 Avenue of the Americas<br>New York, NY 10019 |
| or by Fax: | 212-520-0272 |
| or by E-Mail: | karen.coviello@lehman.com |

You may use as much of this of forty-five (45) day period as you wish prior to signing. If you have not signed and returned this agreement by that date, you will not be eligible to receive the payments and benefits described in this agreement.

## Employee's Rights to Revoke Agreement

You may revoke this agreement within seven (7) days of your signing it. Revocation can be made by delivering a written notice of revocation to my attention at the address noted above. If you revoke this agreement it shall not be effective or enforceable and you will not receive the payments described in this agreement.

Juan Vasquez
page 5

**You acknowledge that you have read this agreement, understand it and are voluntarily entering into it.**

LEHMAN BROTHERS INC.

Susan Falbe

Juan Vasquez

6/10/08

Date

# SEVERANCE PLAN INFORMATION

# Severance Plan

## Overview

Lehman Brothers Inc. and certain of its affiliated companies (the "Firm") may offer severance pay, notice pay, accrued unused vacation pay and/or other separation payments if employment with the Firm is terminated involuntarily due to a "reduction in force." A "reduction in force" occurs when an employee's job is eliminated, his/her office location is closed, or there is a general reduction in the work force.  The Lehman Brothers Inc. Severance Plan (the "Plan") is intended to help bridge terminated employees to their next employment opportunity. An individual who is terminated as a result of unsatisfactory performance or for other disqualifying reasons is not eligible for payments under the Plan.

- Eligibility
- Notice of Separation
- Additional Separation Payments
- Procedure for Severance Pay
- Medical Care/Benefits
- Change of Control
- Claims Denial and Appeal Procedure

- Severance Payments
- Accrued Unused Vacation
- Offsets
- Re-Hire
- General
- Transfers
- Technical Information

## Eligibility

"Covered employees" are employees on the payroll of Lehman Brothers Inc. and certain of its affiliated companies, based in the United States, excluding Aurora Loan Services Inc. or any other affiliate excluded by the Plan Administrator in his/her sole and absolute discretion. Further, covered employees include only those described above who receive regular salary or wages and do not include those who are considered by the Firm to be paid on a commission or production basis, even if the employees receives a draw, "guaranteed" draw, or other salary equivalent.   In no event will covered employees include individuals classified by the Firm as consultants, vendor representatives, vendor employees or "temps" (employees of temporary agencies) or other contingent workers.

Benefits under the Plan are payable solely upon a termination of employment in connection with a "reduction in force," as described above. Further, an employee is not eligible to receive such payments if:

- The employee resigns.
- The employee is discharged for cause. For purposes of the Plan, "cause" includes (but is not limited to) misconduct, absenteeism or lateness, dishonesty, violation of Firm policy or procedures, violation of laws or regulations, failure to perform satisfactorily up to the scheduled separation date, and conduct detrimental to the interests of the Firm.
- The employee declines an offer of a comparable or better position with the Firm within a reasonable commuting distance (35 miles) of his/her primary residence or the job location from which the employee is being separated.
- The employee is a temporary, seasonal, hourly or part-time (scheduled to work less than 20 hours per week) employee.
- The employee is paid on a commission or production basis.
- The employee fails to sign a separation agreement, which includes a waiver of claims against the Firm and other terms, in the form supplied by the Plan Administrator.
- The employee is on a medical leave of absence or any other inactive status (*e.g.*, personal leave, suspension, long term disability, etc.) and his/her job guarantee has expired prior to the scheduled separation date.
- There is a "change of control" and the employee is ineligible as described below.
- The employee is terminated as a result of a filing of bankruptcy proceedings by or against the Firm.
- The employee will receive further payments pursuant to a compensation agreement (compensation "guarantee") in an amount equal to or in excess of the total amount of severance, notice pay, accrued unused vacation pay and other separation payments for which the employee might otherwise be eligible under the Plan.

The determination as to whether any person is eligible to receive severance pay, notice pay, accrued unused vacation pay and/or other separation payments, and the amount of such pay, if any, shall be made by the Plan Administrator in his/her sole discretion. The decisions of the Plan Administrator shall be final and binding (subject to the appeals procedure described below). The Plan Administrator also shall have the sole authority and absolute discretion to interpret the provisions of the Plan and its applicability to any particular situation. The interpretations of the Plan Administrator shall be controlling and final in all cases.

## Severance Payments

Severance pay is based on "years of service," "base salary," and corporate title:

A "year of service" is a 12-month period during which an employee was employed by the Firm and includes all periods before and after any break in service.

"Base salary" means gross annualized base salary at the time the reduction in force occurs. Base salary does not include any bonus payment, overtime pay, floor brokerage, fixed and/or variable cash flow, sales points, commissions (for any year), draw against commissions (or other periodic special payments to employees paid by commissions) or compensation deferred in any prior year, whether or not paid in the year the individual is terminated. Additionally, base salary does not include any expense reimbursements (such as tuition, travel or entertainment reimbursements), pending salary increases or any other special payment or salary supplement. The amount an employee may be offered under this Plan is determined as follows and is subject to offsets as described below.

Severance Per Policy

| Years of Service | Number of weeks of Base Salary |
|---|---|
| Less than 5 years | 1 week per year with a minimum of 2 weeks. |
| 5 years or more, but less than 10 years | 2 weeks per year. |
| 10 years or more | 3 weeks per year with a maximum of 52 weeks. |

Notwithstanding the schedule above, the following schedule applies to those who hold the designated corporate titles as set forth below.

| Corporate Title | Number of weeks of Base Salary |
|---|---|
| Vice President | The greater of the above schedule or 6 weeks base salary. |
| Senior Vice President | The greater of the above schedule or 13 weeks base salary. |
| Managing Director and above | The greater of the above schedule or 26 weeks base salary. |

## Notice of Separation

Salaried, bonus-eligible corporate officers (Vice Presidents and above) will receive notice, or compensation in lieu of notice, in accordance with the Firm's Notice Policy or applicable written agreement. For all other employees, the following provisions will apply.

The Plan Administrator will decide, in his/her sole and absolute discretion, whether an employee involved in a reduction in force will receive 2 weeks' notice during which he/she will be needed to continue working for the Firm, or 2 weeks' notice pay with an immediate termination of his/her job responsibilities.

If the Plan Administrator decides that an employee will be needed to work during the two-week notice period, the employee's failure to work the entire period may result in a loss of eligibility for all severance benefits. During the entire notice period, the employee will continue to receive his/her current rate of pay, with regular salary payments being made. He/she will also continue to receive benefits during such period, subject to applicable law or regulation, employee elections and changes to or termination of Firm benefits plans. Such an employee is not eligible, however, for any pending salary increase.

## Accrued Unused Vacation

Employees terminated because of a reduction in force may be eligible for up to 10 days accrued, unused vacation pay, unless otherwise provided under state law. Under most circumstances, unused vacation eligibility will be determined by subtracting the number of vacation days taken since the first of the year from the total vacation days for which the employee is eligible.

## Additional Separation Payments

The Plan Administrator will decide, in his/her sole and absolute discretion, whether an employee involved in a reduction in force will be offered an additional special separation payment. The amount of any such special separation payment shall be determined by the Plan Administrator in his/her sole and absolute discretion.

## Offsets

The total amount offered to eligible employees under this Plan (severance, notice and vacation pay, as well as any additional separation payments) will be reduced by any or all of the following, except as may be determined by the Plan Administrator in his/her sole and absolute discretion:

1. The amount payable to an employee pursuant to applicable law or regulation requiring "notice" or other payments in the event of an employment separation (including, but not limited to, payments made pursuant to the U.S. Worker Adjustment Retraining Notification ("WARN") Ac tor similar state or local laws;
2. In those states or localities requiring the payment of accrued unused vacation, the amount of such accrued unused vacation which is required to be paid but such offset shall not exceed the 10 days for which the employee might otherwise be eligible under this Plan;
3. The total amount of any payments still to be made to the employee pursuant to a compensation agreement (compensation "guarantee"); and
4. The amount of an employee's severance, notice pay, accrued unused vacation (or comparable payments pursuant to local requirements, practice or custom) offered and/or paid to the employee with respect to a prior separation of employment from the Firm, if the prior service was taken into account in determining the amount of severance for which the employee is currently eligible.

## Procedure for Severance Pay

In order to be eligible to receive severance pay, accrued unused vacation pay or any other separation payment, an employee must sign a separation agreement that includes a waiver of any claims the employee may have against the Firm, and other terms as supplied by the Plan Administrator. After the employee returns the signed separation agreement and any applicable revocation period has expired, the employee will receive his/her payments, generally, in a single lump sum, although other methods of payment may be approved by the Plan Administrator in his/her sole and absolute discretion.

## Re-Hire

If an employee is re-hired by the Firm before the expiration of the number of weeks for which he/she was paid severance, notice pay and vacation pay, the Plan Administrator, at his/her sole discretion, may require the employee to repay the Firm for the difference between the number of weeks for which the employee was paid and the number of weeks that the employee was not actively employed at the Firm.

## Medical Care/Benefits

An employee terminated because of a reduction in force may be eligible to pay the Firm to extend his/her coverage under the Firm's Medical Plan, generally for up to 18 months, in accordance with the provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). The Firm will advise an employee of his/her rights under COBRA upon separation.

## General

Except as otherwise provided by law or regulation, or in applicable Firm plans or policies, no employment benefits or privileges continue beyond an employee's separation date. Nothing in the Plan or other Lehman Brothers plans shall give an employee the right to remain in the employ of the Firm or affect the Firm's right to terminate any person's employment with or without cause.

## Change of Control

A "change of control" means a sale of assets, stock or any other arrangement (including outsourcing) whereby control of the Firm (or any business unit, partial business unit or function thereof) is transferred to some other entity. In the event of a change of control, an employee will not receive any severance, accrued unused vacation, notice pay or any other separation payment if: he/she (i) retains employment with the successor employer; (ii) turns down an offer for a comparable or better position with the successor employer; or (iii) does not fully cooperate in the transition period.

## Transfers

An employee who accepts an offer to transfer to a comparable or better position with the Firm -- whether or not it is within 35 miles of his/her primary residence or current Firm location -- waives his/her right to severance pay, notice pay, vacation pay or other separation payment.

## Claims Denial and Appeal Procedure

An employee who believes that he/she is entitled to a benefit that he/she is not receiving should submit a written claim to the Plan Administrator.

Generally, an employee will receive a response -- payment or a denial of application for a benefit -- within 90 days after a claim is properly filed. This period can be extended up to an additional 90 days if the employee is given prior written notice of the date a decision is expected and the reason for the delay.

If an employee's claim is denied either in whole or in part, he/she will receive written notification from the Plan Administrator. The notification will include the specific reason for the denial, along with additional information that might be used for appeal.

Within 60 days after receiving the denial, an employee may appeal by filing a written request with the Plan Administrator.

Generally, the Plan Administrator will review the appeal and, within 60 days (or 120 days in special circumstances), will provide a written response explaining the reasons for the decision with specific reference to the Plan provisions upon which the decision is based. An employee who does not receive notice within these time limits should consider his/her claim denied. The Plan Administrator's decision will be binding unless otherwise provided by law.

*Benefits under the Lehman Brothers Inc. Severance Plan are not insured by the Pension Benefit Guaranty Corporation or any other governmental agency and are not pre-funded. The Plan Administrator is the Firm's Director of Human Resources or his/her designee. The Firm reserves the right to change or terminate the Plan at any time.*

## Technical Information

**Name of Plan:**
Lehman Brothers Inc. Severance Plan

**Name and Address of Sponsoring Employer:**
Lehman Brothers Inc.
745 Seventh Avenue
New York, NY 10019

**Plan Year:**
January 1-December 31

**Agent for Service of Legal Process:**
Director of Human Resources
Lehman Brothers Inc.
1271 Sixth Avenue, 45th Floor
New York, NY 10020

**Type of Plan:**
Welfare Benefit Plan

**Identification Numbers:**
Company EIN 13-2518466; Plan No. 508

**Plan Administrator:**
Director of Human Resources
Lehman Brothers Inc.
1271 Sixth Avenue, 45th Floor
New York, NY 10020

**Changing or Terminating the Plan:**
The Firm reserves the right to change or terminate the Plan at any time without prior notice or consent.

**Funding the Plan:**
Benefits under Plan are not pre-funded and are paid out of the assets of the Firm.

**Rights under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"):**
Each employee eligible to participate in the Plan is entitled to certain rights and protections under ERISA. ERISA provides that all Plan participants are entitled to the following:
• A participant may examine, without charge all Plan documents at the Plan Administrator's office. This document constitutes both the Plan and the Summary Plan Description of the Plan. In addition, each participant may also examine copies of all documents filed by the Plan with the U.S. Department of Labor. These documents include annual reports and Plan descriptions.

- Each participant may obtain copies of all Plan documents and other Plan information by making a written request to the Plan Administrator. A charge may be made for these copies.
- In addition to creating rights for Plan participants, ERISA imposes obligations upon the persons who are responsible for the operation of the Plan. These persons are referred to as "fiduciaries" under the law. Fiduciaries must act solely in the interest of the Plan participants and must exercise prudence in the performance of their duties.
- A participant may not be fired or otherwise discriminated against to prevent him/her from obtaining her/her benefits under the Plan or from exercising his/her rights under ERISA.
- If a participant's claim for a benefit under the Plan is denied in whole or in part, he/she must receive a written explanation of the reason for the denial. He/she has the right to have the claim reviewed.
- Under ERISA, there are steps a participant can take to enforce the above rights. For instance, if a participant requests materials from the Plan in writing, and if the participant does not receive them within 60 days, the participant may file suit in a federal court. In such case, the court may require the Plan Administrator to provide the materials and to pay up to $100 a day until the participant receives the materials, unless they were not sent because of reasons beyond the control of the Plan Administrator. If a participant has a claim for benefits which is denied or ignored, in whole or in part, the participant may file suit in a federal or state court. If it should happen that the Plan fiduciaries misuse the Plan's money, or if a participant is discriminated against for asserting his or her rights, the participant may seek assistance from the U.S. Department of Labor, or may file suit in federal court. The court will decide who should pay court costs and legal fees. If the participant is successful, the court may order the person the participant has sued to pay these costs and fees. If the participant loses, the court may order the participant to pay these costs and fees.
- If a participant has any questions about these statements or about his or her rights under ERISA, the participant should contact the Plan Administrator or the nearest Area Office of the United States Labor Management Service Administration, Department of Labor.

This plan is effective for terminations occurring on or after May 12, 2008, and supersedes both the Shearson Lehman Brothers Inc. Severance Plan for Lehman Brothers Division Employees (Effective for Terminations Occurring on or After April 5, 1993) and any other plan or policy previously in effect for employees covered by this Plan.

**PACKET RECEIVED BY**

**EPIQ BANKRUPTCY SOLUTIONS**

**ON 9/1/2009**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 If Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Lehman Brothers Holdings*
*Claims Processing*
*c/o Epiq Bankruptcy*
*Solutions, LLC*
*FDR Station, P.O. Box 5076*
*New York, NY 10150-5076*

**COMPLETE THIS SECTION ON DELIVERY**

Epiq Bankruptcy Solutions
x 757 Third Avenue, 3rd Floor
New York, NY 10017
646-282-2500

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
*9/1/09*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7009 0820 0001 5852 5154

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-154

---

UNITED STATES POSTAL SERVICE
NEW YORK NY 2

01 SEP 2009 PM 11

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

*Juan C. Vasquez*
*10 Warwick Street #2*
*Newark, NJ 07105*

# OBJECTION TO CLAIM LETTER

HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' TWO HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, AT (212) 310-8323.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*        :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
--------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' TWO HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION)

PLEASE TAKE NOTICE that on September 14, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their two hundred fifth omnibus

objection to claims (the "Debtors' Two Hundred Fifth Omnibus Objection to Claims"), and that

a hearing (the "Hearing") to consider the Debtors' Two Hundred Fifth Omnibus Objection to

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **October 27, 2011, at 10:00 a.m.
(Eastern Time)**, or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two

Hundred Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal &

Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.

and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33

Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.,

Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official

committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later

than **October 13, 2011 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' Two Hundred Fifth Omnibus Objection to Claims or any

claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' Two Hundred Fifth Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated: September 14, 2011
      New York, New York

      /s/ Robert J. Lemons
      Robert J. Lemons
      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

HEARING DATE AND TIME: October 27, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: October 13, 2011 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------x

## DEBTORS' TWO HUNDRED FIFTH OMNIBUS
## OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION)

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED
PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' TWO
HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE
OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED
THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR
CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, ERIKA DEL NIDO, AT (212) 310-8323.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### Relief Requested

1.    The Debtors file this two hundred fifth omnibus objection to claims (the "Two Hundred Fifth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2.    The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "Insufficient Documentation Claims") and have determined that the Insufficient Documentation Claims violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as they were submitted with insufficient documentation and no explanation as to why such documentation was unavailable.  The Debtors requested that the holders of the Insufficient Documentation Claims provide additional documentation and warned that a failure to provide additional information would likely result in an objection to the No Liability Claims.  However, the holders of the No Liability Claims did not provide the Debtors with any additional information.  The Insufficient Documentation Claims do not constitute valid *prima facie* claims, and the Debtors request they be disallowed and expunged in their entirety.

3.     The Debtors reserve all their rights to object on any basis to any Insufficient Documentation Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.     On July 2, 2009, this Court entered the Bar Date Order, which requires, among other things, that "each Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6.)  The

supporting documentation requirement was specifically set forth on the face of the Court-approved proof of claim form. (*Id.*) Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)." (*Id.* at 9-10.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9.    Claimants also received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) In the Bar Date Notice, which also was published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, claimants were specifically instructed that "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Notice at 4.)

10.    Claimants who filed a proof of claim prior to entry of the Bar Date Order were instructed that they need not file a new claim if their proof of claim substantially conformed to the Court-approved proof of claim form, which form clearly set forth the requirement that claimants provide supporting documentation with their claim form or an explanation as to why such documentation is unavailable. (*Id.* at 2.)[1] The Bar Date Notice also prominently stated in bold-face type that **"any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other**

---

[1] The Bankruptcy Rule's Official Form 10, the standardized proof of claim form, also requires claimants to attach supporting documentation or explain why said documentation is not available.

**requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes
to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting
such claim (and from filing a Proof of Claim with respect to such claim)."** (*Id.* at 6
(emphasis in original).)

11.    On January 14, 2010, the Court entered the Procedures Order, which
authorizes the Debtors, among other things, to file omnibus objections to no more than 500
claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and
those additional grounds set forth in the Procedures Order.

## The Insufficient Documentation Claims Should Be Disallowed and Expunged

12.    In reviewing the claims filed on the claims register in these cases and
maintained by the Court-appointed claims agent, the Debtors have identified the claims on
Exhibit A as claims that should be disallowed and expunged on the basis that they do not include
any supporting documentation or an explanation as to why such documentation is unavailable
and, therefore, do not constitute valid *prima facie* claims.

13.    A filed proof of claim is "deemed allowed, unless a party in interest . . .
objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential
allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See
In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,
Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,
2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.    The Bar Date Order specifically requires that "each Proof of Claim ***must***:
. . . (vi) include supporting documentation or an explanation as to why documentation is not
available." (Bar Date Order at 6 (emphasis added).)  This requirement for proofs of claim is not
a unique one.  Indeed, this Court and others in the Southern District of New York have entered

similar orders requiring that proofs of claim include supporting documentation or an explanation

as to why documentation is unavailable. (*See* Oct. 20, 2009 Order [Dkt. No. 316] at 6, *In re*

*Finlay Enterprises, Inc.*, No. 09-14873 (JMP) (Peck, J.); *see also* Oct. 14, 2009 Order at 2-3, *In*

*re AGT Crunch Acquisition LLC, et al.*, No. 09-12889 (REG) (Gerber, J.).) The Bankruptcy

Rules' official proof of claim form also includes this standard requirement. However, the

Insufficient Documentation Claims did not include any supporting documentation or an

explanation as to the unavailability of documentation.

     15.    Claimants were specifically provided notice of the Bar Date Order's

supporting documentation requirement via the Bar Date Notice. The Bar Date Notice included

instructions on how to complete the proof of claim forms and a warning that failure to comply

with those instructions would result in claims being barred. (*See* Bar Date Notice at 4, 6.)

Claimants were also notified that they needed to submit new proofs of claim if their claims

submitted prior to the Bar Date Order did not substantially conform to the Court-approved proof

of claim form, which clearly set forth the supporting documentation requirement. (*See id.* at 2.)

Nevertheless, the Insufficient Documentation Claims were submitted without the required

supporting documentation or an explanation as to why such documentation is unavailable.

     16.    Prior to filing this Two Hundred Fifth Omnibus Objection to Claims, the

Debtors requested that the holders of the Insufficient Documentation Claims provide additional

documentation and warned that a failure to do so likely would result in an objection to the

claims, however, no additional documentation was provided by the claimants.

     17.    Without additional information regarding the Insufficient Documentation

Claims, the Debtors are unable to evaluate the merits and validity of the Insufficient

Documentation Claims. Nothing in the Debtors' books and records provides any information

regarding the Insufficient Documentation Claims.  Because the Insufficient Documentation

Claims fail to comply with the Bar Date Order's specific direction that claims include supporting

documentation or an explanation as to why such documentation is unavailable, and, therefore, do

not constitute valid *prima facie* claims, the Debtors request that the Court disallow and expunge

in their entirety the Insufficient Documentation Claims listed on Exhibit A.

### Notice

18.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Two Hundred Fifth Omnibus Objection to Claims on (i) the U.S.

Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered on

June 17, 2010 governing case management and administrative procedures for these cases

[Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

19.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: September 14, 2011
     New York, New York

                        /s/ Robert J. Lemons
                        Robert J. Lemons
                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

**EXHIBIT A**

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 205 – EXHIBIT A: INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | DEBTOR NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ABNEY, LYNDA 721 EAST 104TH STREET CHICAGO, IL 60628 | Lehman No Case Asserted/All Cases Asserted | | 09/22/2009 | 32092 | $1,959.00 | Insufficient Documentation Claim |
| 2 | ANDREWS, TESSA 11 CROMLIX CLOSE CHISLEHURST KENT, BR7 55J UNITED KINGDOM | Lehman No Case Asserted/All Cases Asserted | | 09/15/2009 | 12973 | $5,672.00 | Insufficient Documentation Claim |
| 3 | BKK FUR HEILBERUFE SCHIESS STRASSE 43 DUSSELDOLF, 40549 GERMANY | Lehman No Case Asserted/All Cases Asserted | | 07/06/2009 | 5141 | $1,148.92 | Insufficient Documentation Claim |
| 4 | BLAIR, MARC H. 330 WEST 72ND STREET APARTMENT 4A NEW YORK, NY 10023 | Lehman Brothers Holdings Inc. | 08-13555 (JMP) | 07/22/2009 | 5854 | $200,000.00 | Insufficient Documentation Claim |
| 5 | BOK, CATHLEEN 225 E 85TH ST NEW YORK, NY 10028 | Lehman No Case Asserted/All Cases Asserted | | 09/22/2009 | 30037 | $65,045.00 | Insufficient Documentation Claim |
| 6 | BOYCHUK, THOMAS JOHN 8 DRIFTWOOD DR. PARLIN, NJ 08859 | Lehman Brothers Holdings Inc. | 08-13555 (JMP) | 09/22/2009 | 30410 | $2,680.00 | Insufficient Documentation Claim |
| 7 | BRACIAK, BASMA 3252 42ND STREET ASTORIA, NY 11103 | Lehman Brothers Holdings Inc. | 08-13555 (JMP) | 09/22/2009 | 27377 | Undetermined | Insufficient Documentation Claim |
| 8 | BROGAN, JAMES C. 27 HIGHLAND ROAD GLEN ROCK, NJ 07452 | Lehman Brothers Holdings Inc. | 08-13555 (JMP) | 09/22/2009 | 28668 | $91,338.00 | Insufficient Documentation Claim |
| 9 | BROWNSTEIN, KIMBERLY 201 EAST 69TH STREET APT 11X NEW YORK, NY 10021 | Lehman No Case Asserted/All Cases Asserted | | 09/22/2009 | 27399 | $5,000.00 | Insufficient Documentation Claim |

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 205 – EXHIBIT A: INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 10 | CANTELLO, PAUL 37 SYLVESTRE AVENUE HAWTHORNE, NJ 07506 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/09/2009 | 10960 | Undetermined | Insufficient Documentation Claim |
| 11 | CANTELLO, PAUL 37 SYLVESTER AVENUE HAWTHORNE, NJ 07506 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/09/2009 | 10962 | Undetermined | Insufficient Documentation Claim |
| 12 | CHENG, HELEN 2220 63RD ST. BROOKLYN, NY 11204 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27383 | Undetermined | Insufficient Documentation Claim |
| 13 | CHENG,ELISA CHING C FLAT C, 50TH FLOOR, TOWER 12 CARMEL COVE, CARIBBEAN COAST 1 MAN TUNG ROAD TUNG CHUNG, HONG KONG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/23/2009 | 5982 | Undetermined | Insufficient Documentation Claim |
| 14 | CHOY, MAY B. 6021 SOUTHPARK MORTON GROVE, IL 60053 | | Lehman No Case Asserted/All Cases Asserted | 09/03/2009 | 10253 | $25,000.00 | Insufficient Documentation Claim |
| 15 | COOK, DAVID 346 HAVERHILL STREET NORTH READING, MA 01864 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27340 | $188,879.00 | Insufficient Documentation Claim |
| 16 | CORNEJO, EMIL 420 EAST 58TH STREET NEW YORK, NY 10022 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25457 | Undetermined | Insufficient Documentation Claim |
| 17 | CRADER, MELANIE A. 3 MARIN COURT MANHATTAN BEACH, CA 90266 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32769 | $35,950.00 | Insufficient Documentation Claim |
| 18 | CRUIKSHANK, DOUGLAS A. 376 NEW ROCHELLE RD BRONXVILLE, NY 10708 | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 19368 | $2,972,782.00 | Insufficient Documentation Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

Page 2 of 9

IN RE: LEHMAN BROTHERS HOLDINGS INC.   CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 205 – EXHIBIT A: INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 19 | CURTIS, JENNIFER M. 2112 SUNSET AVE #2 UTICA, NY 13502-5519 | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 18821 | $4,775.00 | Insufficient Documentation Claim |
| 20 | DAVIS, KIERAN 2 BISHOPSTHORPE RD LONDON, SE26 4NY UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 18781 | $102,019.00 | Insufficient Documentation Claim |
| 21 | DELEO, RUTH R. 86-23 89TH ST WOODHAVEN, NY 11421 | | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13566 | $2,199.00 | Insufficient Documentation Claim |
| 22 | DUFF, TERE 197 OLD CENTER GROVE ROAD RANDOLPH, NJ 07869 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27722 | $32,532.00 | Insufficient Documentation Claim |
| 23 | DUFFY, BRIDGET 86 W 12TH ST APT 1C NEW YORK, NY 10011-8682 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 34268 | $10,950.00 | Insufficient Documentation Claim |
| 24 | DUNN, JOHN J. 232 PARK AVE HUNTINGTON, NY 11743-2703 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17764 | Undetermined | Insufficient Documentation Claim |
| 25 | EKEN, ONUR 1 COLUMBUS PL APT N43D NEW YORK, NY 10019-8235 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27375 | Undetermined | Insufficient Documentation Claim |
| 26 | GOING, KENNETH JR 620 BREAD AND CHEESE HOLLOW RD NORTHPORT, NY 11768 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 32515 | $22,212.00 | Insufficient Documentation Claim |
| 27 | GORMAN, LESLIE D. 305 EAST 63RD STREET APT 17-B NEW YORK, NY 10065 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/15/2009 | 12729 | $500,000.00* | Insufficient Documentation Claim |
| 28 | GREENE, AMY H. 3524 BREMEN ST DALLAS, TX 75206-5702 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 19800 | Undetermined | Insufficient Documentation Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 3 of 9

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 205 – EXHIBIT A: INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 29 | HANSEN, KERRIE<br>77-05 86 STREET<br>GLENDALE, NY 11385 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27708 | $2,835.00 | Insufficient Documentation Claim |
| 30 | HEALY, KRISTIN<br>176 BROADWAY # 15F<br>NEW YORK, NY 10038 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27381 | Undetermined | Insufficient Documentation Claim |
| 31 | HERRMANN, DAVID L.<br>804 MAPLE GLEN LANE<br>WAYNE, PA 19087 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33213 | Undetermined | Insufficient Documentation Claim |
| 32 | HOULIHAN, BRENNA A.<br>546 LOCUST ST<br>MOUNT VERNON, NY 10552-2607 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25116 | Undetermined | Insufficient Documentation Claim |
| 33 | JONES, BRIAN<br>605 THIRD AVENUE, 39TH FLOOR<br>NEW YORK, NY 10158 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28385 | $66,322.93 | Insufficient Documentation Claim |
| 34 | KATZ, BENJAMIN<br>114 EAST 1ST STREET<br>APT. 17<br>NEW YORK, NY 10009 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25486 | $4,000.00 | Insufficient Documentation Claim |
| 35 | KENNELLY, FIONA<br>5 LAIRD AVENUE<br>GRAYS, ESSEX, RM16 2NL<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15718 | $2,000.00 | Insufficient Documentation Claim |
| 36 | KNAPP, RONALD<br>8785 N AWL RD<br>PARKER, CO 80138 | | Lehman No Case Asserted/All Cases Asserted | 09/16/2009 | 13995 | Undetermined | Insufficient Documentation Claim |
| 37 | LATESSA, LINNAE<br>7 CLUB LANE<br>ELMSFORD, NY 10523 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 32436 | $86,684.77 | Insufficient Documentation Claim |
| 38 | LEUNG, PHILIP I<br>20 CONFUCIUS PLAZA APT. 40G<br>NEW YORK, NY 10002 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27557 | $16,000.00 | Insufficient Documentation Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

# IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 205 – EXHIBIT A: INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 39 | LIANG, MANDY 32 JACKSON ST. # 3E NEW YORK, NY 10002 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27378 | Undetermined | Insufficient Documentation Claim |
| 40 | LUNNIE, CHRISTOPHER 26 POPLAR AVENUE BRONX, NY 10465 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28387 | Undetermined | Insufficient Documentation Claim |
| 41 | MARSAN, DEAN K 253-11 BRATTLE AVENUE LITTLE NECK, NY 11362 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12164 | Undetermined | Insufficient Documentation Claim |
| 42 | MATTESICH, VICTORIA 60 NORTHGATE PARK RINGWOOD, NJ 07456 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28390 | Undetermined | Insufficient Documentation Claim |
| 43 | MORSE, DAVID H. 6 CHESTNUT AVENUE BRONXVILLE, NY 10708 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25143 | Undetermined | Insufficient Documentation Claim |
| 44 | MURPHY, GEORGE 80 WOODLAND AVE SUMMIT, NJ 07901 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27382 | Undetermined | Insufficient Documentation Claim |
| 45 | MURPHY, PAT 71 HAYES STREET GARDEN CITY, NY 11530 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17258 | $45,000.00 | Insufficient Documentation Claim |
| 46 | MYERS-HENRY, KAREN 102 BARTHOLDI AVE JERSEY CITY, NJ 07305 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27721 | $3,774.00 | Insufficient Documentation Claim |
| 47 | PRUSINSKI, THOMAS 72 CANTERBURY GATE LYNBROOK, NY 11563 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33575 | $10,000.00 | Insufficient Documentation Claim |
| 48 | RAHAVY, SEAN 171 THOMPSON ST #19 NEW YORK, NY 10012 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/31/2009 | 6836 | $10,000.00* | Insufficient Documentation Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 5 of 9

IN RE: LEHMAN BROTHERS HOLDINGS INC. CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 205 – EXHIBIT A: INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 49 | RAIMONDI, RAYMOND R., JR 301 EAST 79, 7J NEW YORK, NY 10075 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27376 | Undetermined | Insufficient Documentation Claim |
| 50 | REES, MATTHEW D. 155 PRINCE STREET, APT. 2 NEW YORK, NY 10012 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 25148 | Undetermined | Insufficient Documentation Claim |
| 51 | REILLY, FLINT 98 INDIAN HILL ROAD WINNETKA, IL 60093 | | Lehman No Case Asserted/All Cases Asserted | 07/20/2009 | 5598 | $3,600.00 | Insufficient Documentation Claim |
| 52 | RONCAGLIOLO,JACQUELINE S. 454 RIVER ROAD APARTMENT G NUTLEY, NJ 07110 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/14/2009 | 5327 | Undetermined | Insufficient Documentation Claim |
| 53 | ROSENBERG, ADAM S. 4 HILLVIEW CIRCLE HOCKESSIN, DE 19707 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33212 | Undetermined | Insufficient Documentation Claim |
| 54 | ROWLEY, BETH L 65 RIDGEFIELD ROAD WILTON, CT 06897-3006 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 29463 | Undetermined | Insufficient Documentation Claim |
| 55 | RYAN, MAUREEN 96 COLONIAL STREET EAST NORTHPORT, NY 11731 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 31175 | $10,950.00 | Insufficient Documentation Claim |
| 56 | SABIA, DZINTRA I. 43 MAIN STREET FARMINGDALE, NY 11735 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19198 | Undetermined | Insufficient Documentation Claim |
| 57 | SAVIO, VICTORIA E. 12 MCKESSON HILL RD. CHAPPAQUA, NY 10514 | | Lehman No Case Asserted/All Cases Asserted | 09/17/2009 | 15702 | $4,000.00 | Insufficient Documentation Claim |
| 58 | SCLAFANI, JOSEPH 4705 CENTER BLVD APT 1411 LONG IS CITY, NY 11109-5679 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30367 | $450,000.00 | Insufficient Documentation Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

Page 6 of 9

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 205 – EXHIBIT A: INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 59 | SCOTLAND, PAULA AKA PAPP, PAULA 420 ARLENE MARIE LN GARDNERVILLE, NV 89460-6567 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18948 | Undetermined | Insufficient Documentation Claim |
| 60 | SHANNON, WILLIAM E 711 BIRCHWOOD DRIVE WESTBURY, NY 11590 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30036 | $606,000.00 | Insufficient Documentation Claim |
| 61 | SHEA, DEBORAH 615 EAST 14TH STREET APT. 10F NEW YORK, NY 10009 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/09/2009 | 10959 | Undetermined | Insufficient Documentation Claim |
| 62 | SINGER, JOSEPH P P.O. BOX 140498 STATEN ISLAND, NY 10314 | | Lehman No Case Asserted/All Cases Asserted | 08/18/2009 | 8638 | $14,000.00 | Insufficient Documentation Claim |
| 63 | SMEJKAL, FRANK 1305 BEVERLY STREET HOUSTON, TX 77008 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2009 | 34673 | $250,000.00 | Insufficient Documentation Claim |
| 64 | SOMERVILLE, LAURA 25 BANK STREET LONDON, E14 5LS UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25643 | $21,401.62 | Insufficient Documentation Claim |
| 65 | SOMERVILLE, ROBEN L. 107 CLARK STREET GLEN RIDGE, NJ 07028 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/20/2009 | 5727 | Undetermined | Insufficient Documentation Claim |
| 66 | STANCIU, ELENA 10 CAXTON STREET FLAT 7 LONDON, SW1H 0AQ UNITED KINGDOM | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 22913 | $2,000.00 | Insufficient Documentation Claim |
| 67 | TANAKA, TRACY C. 30 HILLSIDE AVE CEDAR GROVE, NJ 07009-1415 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 27353 | $5,000.00 | Insufficient Documentation Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 205 – EXHIBIT A: INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 68 | TASSAN, LUCA<br>28 NEW ATLAS WHARF<br>3 ARNHEM PLACE<br>LONDON, E14 3SS<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/08/2009 | 10812 | $700,000.00 | Insufficient Documentation Claim |
| 69 | TILSON, SUSAN N<br>172 EDINBURGH CT<br>MATAWAN, NJ 07747-1868 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28284 | Undetermined | Insufficient Documentation Claim |
| 70 | TIOMKIN, TAMARA<br>205 E 78TH STREET<br>APT 12B<br>NEW YORK, NY 10075 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30362 | $5,000.00 | Insufficient Documentation Claim |
| 71 | TRANCHINA, ERNEST V<br>235 BARLOW AVE<br>STATEN ISLAND, NY 10308-1510 | | Lehman No Case Asserted/All Cases Asserted | 07/13/2009 | 5291 | $338.70* | Insufficient Documentation Claim |
| 72 | VALENTI, ROSEMARY<br>7752 76TH STREET<br>GLENDALE, NY 11385 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28653 | Undetermined | Insufficient Documentation Claim |
| 73 | VASQUEZ, JUAN<br>76 VESEY ST<br>NEWARK, NJ 07105-1023 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/01/2009 | 10023[1] | $18,000.00 | Insufficient Documentation Claim |
| 74 | WASHINGTON, JANET T.<br>151-47 136 AVENUE<br>JAMAICA, NY 11434 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18922 | $4,000.00 | Insufficient Documentation Claim |
| 75 | WEINSTEIN, DANA<br>330 WEST 72ND ST. 13C<br>NEW YORK, NY 10023 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 27380 | Undetermined | Insufficient Documentation Claim |

[1] Claim number 10023 is also included on Debtors' One Hundred Eighty-Sixth Omnibus Objection to Claims (Misclassified Claims).

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC.  CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 205 – EXHIBIT A: INSUFFICIENT DOCUMENTATION CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 76  ZUCCONI, LAWRENCE 65 CORSO ITALIA UNIT B FREEHOLD, NJ 07728-9469 | | Lehman No Case Asserted/All Cases Asserted | 09/21/2009 | 24877 | Undetermined | Insufficient Documentation Claim |
| | | | | TOTAL | $6,611,047.94 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 9 of 9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                          :        Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :        08-13555 (JMP)
                                               :
                           Debtors.            :        (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the two hundred fifth omnibus objection to claims, dated September 14, 2011 (the "Two Hundred Fifth Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), to disallow and expunge the Insufficient Documentation Claims on the grounds that such claims failed to comply with the Bar Date Order's specific direction that claims include supporting documentation or an explanation as to why such documentation is unavailable, and, therefore, do not constitute valid *prima facie* claims, all as more fully described in the Two Hundred Fifth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Fifth Omnibus Objection to Claims

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Fifth Omnibus Objection to Claims.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Insufficient Documentation Claims are disallowed and expunged with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the Insufficient Documentation Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
     New York, New York

_____

UNITED STATES BANKRUPTCY JUDGE