**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------------x
                                                  :
In re                                             :          Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., et al.,            :          08-13555 (JMP)
                                                  :
                         Debtors                  :          (Jointly Administered)
                                                  :
------------------------------------------------------------------------x
```

### ORDER GRANTING INSURED PERSONS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY

Upon the motion, dated August 24, 2011 (the "Motion"), of Richard S. Fuld, Jr.,

Christopher M. O'Meara, Joseph M. Gregory, Erin Callan, Ian T. Lowitt, Michael Ainslie, John

F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher

Gent, Roland A. Hernandez, Henry Kaufman and John D. Macomber (collectively, the "Insured

Persons"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy

Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), for an order modifying the automatic stay provided for in section 362(a) of the

Bankruptcy Code, to the extent applicable, to allow the Excess Policy Insurers[1] to make

payments in connection with the terms of an agreement for settlement, as set forth in a

Stipulation of Settlement and Release dated October 14, 2011 (the "Agreement"), which has

finalized a settlement term sheet referred to in the Motion, relating to the action *In re Lehman*

*Brothers Equity/Debt Securities Litigation*, 08 Civ. 5523 (LAK) (the "Action"), as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

---

[1]      Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the second

amended order entered on June 17, 2010, governing case management and administrative

procedures for these cases [Docket No. 9635] to (i) the United States Trustee for the Southern

District of New York; (ii) the attorneys for the Debtors; (iii) the attorneys for the Official

Committee of Unsecured Creditors; (iv) the Securities and Exchange Commission; (v) the

Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York;

(vii) all parties who have requested notice in these chapter 11 cases; and (vii) ACE Bermuda, St.

Paul Mercury, Liberty, Arch, Allied and Endurance, and it appearing that no other or further

notice need be provided; and a hearing having been held to consider the relief requested in the

Motion; and the Court having found and determined that the relief sought in the Motion is in the

best interests of the Debtors, their estates and creditors, and all parties in interest and that the

legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code,

the automatic stay, to the extent applicable, is hereby modified to, and without further order of

this Court, allow the Excess Policy Insurers to pay the Settlement Amount provided for in the

settlement on behalf of the Insured Persons in accordance with the terms of the Excess Insurance

Policies; and it is further

ORDERED that the Insured Persons and the Debtors are authorized to execute all

documentation necessary to allow the Excess Policy Insurers to fund the Settlement Amount on

behalf of the Insured Persons pursuant to the settlement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights

and obligations of the Excess Policy Insurers, the Debtors or the Insured Persons provided for

under the terms and conditions of the Excess Insurance Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and

defenses with respect to the Excess Insurance Policies that they would otherwise have; and it is

further

ORDERED that nothing in this Order shall constitute a determination that the

proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of

all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not,

property of the Debtors' estates are hereby reserved; and it is further

ORDERED that the stay provided by Bankruptcy Rule 4001(a)(3) is waived; and

it is further

ORDERED that, upon the "Effective Date," as said term is defined in the

Agreement, and subject to the Debtors providing cooperation with respect to the production of

documents as provided for in the Agreement, proof of claim numbers 27759 and 27762 asserted

by the Equity/Debt Class against the Debtors (the "Proof of Claims") shall be disallowed with

prejudice, and, within ten business days of the "Effective Date," the Equity/Debt Class shall

promptly file a notice with the Court, substantially in the form of Exhibit A annexed hereto,

instructing the claims agent to expunge the Proof of Claims from the claims register; and it is

further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.


Dated: New York, New York
       October 19, 2011

                                        *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

08-13555-mg   Doc 21029   Filed 10/19/11   Entered 10/19/11 18:41:49   Main Document
Pg 5 of 6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
:
**In re**                                                         :          **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :          **08-13555 (JMP)**
:
**Debtors**                                :          **(Jointly Administered)**
:
-------------------------------------------------------------------x

## NOTICE OF WITHDRAWAL OF PROOF
## OF CLAIMS OF ALAMEDA COUNTY EMPLOYEES'
## RETIREMENT ASSOCIATION, ET AL.

PLEASE TAKE NOTICE THAT, pursuant to Rule 3006 of the Federal Rules of

Bankruptcy Procedure and in accordance with the *Order Granting Insured Persons' Motion,*

*Pursuant to Section 362 of the Bankruptcy Code, for an Order Modifying the Automatic Stay to*

*Allow Settlement Payment Under Directors and Officers Insurance Policy*, dated September [  ],

2011 [ECF No.      ] (the "Order"), Alameda County Employees' Retirement Association, *et. al.*

hereby withdraws, with prejudice, proof of claim numbers 27759 and 27762.

Dated: [           ], 2011

_____
Michael S. Etkin, Esq.
S. Jason Teele, Esq.
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068

Attorneys for the Lead Plaintiffs