UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                              :

In re                                          :         Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                              :
                 Debtors.                   :         (Jointly Administered)
                                              :
------------------------------------------------------------------x

**ORDER GRANTING NOTICE OF DEBTORS' MOTION PURSUANT TO
SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR
AUTHORIZATION TO GRANT LIMITED RELEASES TO CERTAIN
INSURERS UNDER THE DIRECTORS AND OFFICERS INSURANCE POLICIES**

Upon the motion, dated September 28, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 363(b) of title 11 to the United States Code (the "Bankruptcy Code"), for an order authorizing the Debtors to release (i) the Excess Policy Insurers, solely in connection with the Equity/Debt Securities Action, pursuant to a release agreement substantially in the form of the unsigned agreement annexed as Exhibit A to the Motion (the "Equity/Debt Release Agreement"), and (ii) ACE Bermuda, solely in connection to the New Jersey Action and pursuant to a release agreement substantially in the form of the unsigned agreement annexed as Exhibit B to the Motion (the "NJ Release Agreement" and, together with the Equity/Debt Release Agreement, the "Release Agreements"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for the respective Excess Policy Insurers; (vii) attorneys for the Insured Persons; and (viii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

  ORDERED that the Motion is granted; and it is further

  ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to grant the limited releases set forth in the agreements substantially in the form of the Release Agreements; and it is further

  ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Excess Policy Insurers, the Debtors or the Insured Persons provided for under the terms, conditions and limitations of the Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and defenses that they would otherwise have with respect thereto; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       October 19, 2011

                                              *s/ James M. Peck*
                                        UNITED STATES BANKRUPTCY JUDGE