**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                      :
In re                                                 :        **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**     :        **08-13555 (JMP)**
                                                      :
                         **Debtors.**                 :        **(Jointly Administered)**
                                                      :
                                                      :
------------------------------------------------------------------x

### ORDER PURSUANT TO RULE 9019 OF
### THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
### APPROVAL OF A SETTLEMENT AGREEMENT AMONG ESP FUNDING I,
### LTD., U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, BNP
### PARIBAS, NATIXIS FINANCIAL PRODUCTS LLC, LEHMAN BROTHERS
### SPECIAL FINANCING INC.,  AND LEHMAN BROTHERS HOLDINGS INC.

Upon the motion, dated September 28, 2011 (the "Motion"),[1] of Lehman Brothers

Special Financing Inc. ("LBSF") and its affiliated debtors in the above-referenced chapter 11

cases, including Lehman Brothers Holdings Inc. ("LBHI") (collectively, the "Debtors"), pursuant

to rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for

approval of a settlement among ESP Funding I Ltd., U.S. Bank National Association (successor

to Bank of America, N.A. (successor by merger to LaSalle Bank National Association)), as

Trustee, BNP Paribas, London Branch, Natixis Financial Products LLC, LBSF and LBHI (the

"Settlement Agreement"), all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

accordance with the procedures set forth in the amended order entered June 17, 2010 governing

case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee

for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; and (vi) all parties who have

requested notice in these chapter 11 cases, the Court having found that U.S. Bank National

Association, in its capacity as Trustee  (the "Trustee"), provided reasonable notice to noteholders

and other secured parties under the Indenture, and it appearing that no other or further notice

need be provided; and a hearing having been held to consider the relief requested in the Motion;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of the Debtors, their estates and creditors, the holders of notes issued by ESP Funding I,

Ltd. and all parties in interest and that the legal and factual bases set forth in the Motion establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is

approved; and it is further

ORDERED that LBSF and LBHI are authorized to execute, deliver, implement

and fully perform any and all obligations, instruments, documents and papers and to take any and

all actions reasonably necessary or appropriate to consummate the Settlement Agreement and

perform any and all obligations contemplated therein; and it is further

ORDERED that, the Trustee's notice of the Settlement Agreement and the Motion to noteholders and other secured parties under the Indenture is valid and sufficient notice; and it is further

ORDERED that, that all holders of notes issued by ESP Funding I, Ltd. and other secured parties under the Indenture, are bound by, and are deemed to have consented to, the terms of this Order and the Settlement Agreement and are deemed to have directed and instructed U.S. Bank National Association, as Trustee, to execute and perform the Settlement Agreement.  Having found the compromises set forth in the Settlement Agreement to be fair and reasonable, the Court finds no bona fide basis for any claims or actions against the Debtors, U.S. Bank, as Trustee or in its individual capacity, or the Issuers of the notes; and the Debtors, U.S. Bank National Association, as Trustee and in its individual capacity, and the Issuers and their respective legal counsel and/or financial advisors shall not have any liability for any claims, demands, suits, actions or causes of action arising out of the Transactions (as defined in the Motion), the Interpleader Action, the Settlement Agreement, or the events giving rise to the Interpleader Action and Settlement Agreement (the "Transactions and Events").  Noteholders and other secured parties under the Indenture shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing claims in any way related to the Transactions and Events against the Debtors, U.S. Bank National Association as Trustee or in any capacity, or the Issuers; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

3

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.


Dated: New York, New York
        October 19, 2011


    *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE