UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                                                 :

In re                                                            :        Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)

Debtors.            :        (Jointly Administered)

-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AUTHORIZING THE DEBTORS TO ENTER INTO SETTLEMENT WITH BOND SAFEGUARD INSURANCE COMPANY AND LEXON INSURANCE COMPANY

Upon the motion (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Commercial Paper Inc. ("LCPI"), as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an order authorizing the Debtors to enter into that certain negotiated (i) settlement agreement that relates to certain claims of Bond Safeguard Insurance Company and its affiliate Lexon Insurance Company (together, "Bond Safeguard") against the SunCal Voluntary Debtors (the "Bond VD Settlement Agreement") and (ii) settlement agreement that relates to certain claims of Bond Safeguard against the SunCal Involuntary Debtors (the "Bond TD Settlement Agreement" and together, with the Bond VD Settlement Agreement, the "Bond Settlement Agreements"),[2]

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meanings ascribed to them in the Motion.

[2] Copies of the Bond Settlement Agreements are attached to the *Notice of Filing of Settlement Agreements and Revised Proposed Order Relating to Debtors' Motion Pursuant to Section 363 of the Bankruptcy Code and Federal*

memorializing the material terms, provisions and conditions set forth in the Bond Safeguard Term Sheet, and to consummate the transactions contemplated in the Bond Settlement Agreements, all as more particularly described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the SunCal Trustee; (vii) counsel to Bond Safeguard; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

      ORDERED that the Motion is granted as provided herein; and it is further

---

*Rule of Bankruptcy Procedure 9019 for Authority to Enter Into Settlement with Bond Safeguard Insurance Company and Lexon Insurance Company*, filed on October 14, 2011.

ORDERED that, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are duly authorized, but not directed, to (i) enter into the Bond Settlement Agreements (ii) execute and deliver such documents, instruments, certificates and agreements and to take such other actions as may be reasonably necessary to consummate the transactions contemplated under the Bond Settlement Agreements, and (iii) consent to any amendment, restatement, waiver, supplement or other modification of any of the documents contemplated under the Bond Settlement Agreements; and it is further

ORDERED that the Debtors are authorized, but not directed, to make all payments contemplated to be made by the Debtors under the Bond Settlement Agreements, it being understood that any actions described in this paragraph taken by the Debtors or their affiliates may be taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies of LCPI, LBHI, or any other Lehman entity that is a party to the Bond Settlement Agreements or the Lehman-SunCal Plans, that such Lehman entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties, and the Debtors are hereby authorized and directed to execute such further documents to evidence such reservations; and it is further

ORDERED that nothing contained in the Bond Settlement Agreements or in the Motion shall be deemed to be a waiver or the relinquishment of any rights, claims, interests,

obligations, benefits or remedies of LBHI, LCPI or any other Lehman Creditor, that such entity may have or choose to assert on behalf of itself or its respective estate, as applicable, under any provision of the Bankruptcy Code or any applicable nonbankruptcy law, including against each other or third parties; and it is further

ORDERED that any and all pre- and post-petition claims, rights and obligations that the Debtors may have against each other in connection with the subject matter of the Motion or the transactions contemplated by the Bond Settlement Agreements upon execution are hereby fully preserved and shall not be prejudiced by the entry of this Order; and it is further

ORDERED that the allocation of costs and benefits between or among the Debtors and non-Debtor affiliates in connection with the Bond Settlement Agreements is preserved; and it is further

ORDERED that the Bond Settlement Agreements may be modified, amended or supplemented by the proponents thereof without further order of the Court, and any agreements, documents or other instruments related to the Bond Settlement Agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms, provisions and conditions thereof, *provided* that, in each case, any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; and it is further

4

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order; *provided*, *however*, that nothing contained in this Order is intended to reduce the jurisdiction of or predetermine any concurrent jurisdiction otherwise vested in the Bankruptcy Court for the Central District of California in the chapter 11 cases of the SunCal Debtors.

Dated: New York, New York
October 19, 2011

      *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE