UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                           :

In re                                         :        Chapter 11 Case No.
                                         :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :        08-13555 (JMP)
                                         :

            Debtors.               :        (Jointly Administered)
                                         :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'
MOTION PURSUANT TO SECTION 362 OF THE
BANKRUPTCY CODE FOR AN ORDER MODIFYING THE
AUTOMATIC STAY TO ALLOW ADVANCEMENT OF DEFENSE
EXPENSES UNDER THE 2007-2008 DIRECTORS AND OFFICERS
INSURANCE POLICIES BY THE EXCESS POLICY INSURERS**

Upon the motion, dated September 27, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay, to the extent applicable, to allow the Excess Policy Insurers under the 2007-2008 D&O Policies to pay covered Defense Expenses, advance covered Defense Expenses, or both, incurred by the Individual Defendants that have been named as defendants in the Legal Proceedings, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys or representatives of each of the Excess Policy Insurers; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow payment of covered Defense Expenses, advancement of covered Defense Expenses, or both from the Excess Policy Insurers to the Individual Defendants pursuant to the terms of their respective Policies; and it is further

ORDERED that the Debtors are authorized to execute all documentation necessary to allow the Excess Policy Insurers to pay covered Defense Expenses, advance

2

covered Defense Expenses or both, incurred by the Individual Defendants in the Legal Proceedings; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Excess Policy Insurers, the Debtors or the Individual Defendants provided for under the terms, conditions and limitations of the Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and defenses that they would otherwise have with respect thereto; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that nothing in this Order shall prevent the Court from issuing additional order(s) to allow payment of other Loss by the Excess Policy Insurers on behalf of the Individual Defendants in the Legal Proceedings subject to the terms, conditions and limitations of the Excess Insurance Policies; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       October 19, 2011

                                            *s/ James M. Peck*
                                            UNITED STATES BANKRUPTCY JUDGE