UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : 08-13555 (JMP)
:
Debtors : (Jointly Administered)
:
----------------------------------------------------------------x

# ORDER GRANTING INSURED PERSONS' MOTION, PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE, FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICY TO SETTLE THE CALIFORNIA MUNICIPALITIES ACTIONS

Upon the motion, dated September 27, 2011 (the "Motion"), of Richard S. Fuld, Jr., Christopher M. O'Meara, Erin M. Callan, Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman and John D. Macomber (collectively, the "Insured Persons"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent applicable, to allow the Excess Policy Insurers[1] to make payments in connection with the terms of a settlement agreement and supplemental stipulation (the "Settlement Agreement") relating to *City of Long Beach v. Fuld, et al., Case No. 1:09-cv-03467-LAK; City of Fremont v. Citigroup Global Markets, Inc., et al., Case No. 1:09-cv-03478-LAK; City of Cerritos v. Citigroup Global Markets, Inc., et al., Case No. 1:09-cv-07878-LAK; City of South San Francisco v. Citigroup Global Markets, Inc., et al., Case No. 1:09-cv-01946-LAK; County of Alameda v. Ernst &*

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

*Young, LLP, et al.*, Case No. 1:09-cv-07877-LAK; *County of Toulumne v. Ernst & Young, LLP, et al.*, Case No. 1:09-cv-03468-LAK (the "California Municipalities Actions"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Debtors; (iii) the attorneys for the Official Committee of Unsecured Creditors; (iv) the attorneys for the California Municipalities; (v) the Securities and Exchange Commission; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) all parties who have requested notice in these chapter 11 cases; and (ix) the attorneys for the named Excess Policy Insurers, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; that modifying the automatic stay will not harm the Debtors' estates, and that any rights the Debtors have to the proceeds are contractually subordinated to the

rights of the individual Insureds pursuant to the priority of payments clause; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow the Excess Policy Insurers to pay the Settlement Amount provided for in the Settlement Agreement on behalf of the Insured Persons in accordance with the terms, condition, and limitations of the Excess Insurance Policies; and it is further

ORDERED that the Insured Persons and the Debtors are authorized to execute all documentation necessary to allow the Excess Policy Insurers to fund the Settlement Amount on behalf of the Insured Persons pursuant to the Settlement Agreement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Excess Policy Insurers, the Debtors or the Insured Persons provided for under the terms, conditions, and limitations of the Excess Insurance Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and defenses with respect to the Excess Insurance Policies that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that the stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
October 19, 2011

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE