WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

**STIPULATION AND AGREEMENT FOR PROVISIONAL**
**ALLOWANCE OF CLAIM FOR PURPOSES OF**
**VOTING ON THE DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above

referenced chapter 11 cases, as debtors in possession (together, the "Debtors") and James W.

Giddens (the "Trustee"), as Trustee for SIPA liquidation of Lehman Brothers Inc. ("LBI")

(together with the Debtors, the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A.     On September 15, 2008 and on various dates thereafter, each of the Debtors filed

a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court"), which cases are being jointly administered under Case Number 08-13555 (the "Lehman

Bankruptcy Cases"). The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

B.     On November 2, 2009, the Trustee, on behalf of LBI, timely filed Claim No.

64122 against the Debtors arising out of pre-chapter 11 transactions which was amended and

superseded, pursuant to agreement with the Debtors, on October 26, 2010 by Claim No. 67147.

Amongst the claims asserted in Claim No. 67147 are claims against Lehman Brothers

Commercial Paper Inc. (the "LCPI Claim").  On June 11, 2010, the Trustee, on behalf of LBI,

timely filed Claim No. 66869 against Merit LLC, LB Somerset LLC and LB Preferred Somerset

LLC (together with Claim Nos. 64122 inclusive of the LCPI Claims and 66869, the "Filed

Claims").

C.     On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11

Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors (as may be further modified

from time to time, the "Third Amended Plan") and a related disclosure statement (as may be

further modified from time to time, the "Disclosure Statement"), and the Bankruptcy Court

entered an order approving the Disclosure Statement and governing solicitation and voting on the

Third Amended Plan, ECF No. 19631 (the "Voting Procedures Order").

D.     The Debtors and the Trustee enter into this stipulation for the purposes of

provisionally allowing the LCPI Claim as set forth herein for the purposes of allowing the

Trustee, on behalf of LBI, to vote on the Third Amended Plan, consistent with the Voting

Procedures Order (the "Stipulation") and related matters.

**AGREEMENT**

1.     This Stipulation shall become effective upon the execution by each of the Parties

(the "Effective Date").

2

2.      Upon the Effective Date, the LCPI Claim shall be deemed to be provisionally allowed for purposes of voting on the Third Amended Plan in Class 5C under the Plan in the amount of $550,375,083.33 (the "Voting Claim").

3.      Except as expressly provided for herein, the provisional allowance of the Voting Claim pursuant to this Stipulation is without prejudice to each of the Parties' respective rights and obligations under and pursuant to the Third Amended Plan, applicable bankruptcy and non-bankruptcy law, and equitable principles.  Except as expressly provided for herein, nothing herein is or shall be deemed to be (a) a determination, allowance or disallowance of any of LBI's asserted claims against any of the Debtors or their estates for any purpose whatsoever, (b) an admission, release or waiver of any rights with respect to any of the Filed Claims against any of the Debtors including, without limitation, as to the amount, extent, validity or priority of any of the Filed Claims against any of the Debtors, or (c) a release or waiver of any rights of the Parties to assert any and all objections, defenses or counterclaims or other rights in respect of any of the Filed Claims.

4.      The provisional allowance of the Voting Claim pursuant to this Stipulation shall not be deemed a determination or have any effect on the classification of said claim under the Third Amended Plan, except that the LCPI Claim and the Voting Claim shall be considered a Disputed Claim for all purposes of Section 8.4 of the Third Amended Plan.

5.      Except as specifically set forth herein, this Stipulation shall not affect the Filed Claims and is without prejudice to, and shall in no way affect, the rights of the Parties hereto with respect to such asserted claims.

6.      Nothing in this Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties hereto, and their respective

3

successors and assigns, any right, remedy or claim under or by reason of this Stipulation; and the

provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the

Parties hereto.

7.      This Stipulation contains the entire agreement between the Parties as to the

Voting Claim and supersedes all prior agreements and undertakings among the Parties relating

thereto.

8.      This Stipulation may not be modified other than by signed writing executed by

each of the Parties and delivered to each Party.

9.      Each person who executes this Stipulation represents that he or she is duly

authorized to do so on behalf of the applicable Party and that each such Party has full knowledge

of, and has consented to, this Stipulation.

10.     This Stipulation may be executed in multiple counterparts, each of which shall be

deemed an original but all of which together shall constitute one and the same instrument, and it

shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles

signed by the Parties.

11.     This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties

and their respective successors, assignees, heirs, executors, administrators and liquidators.

12.     This Stipulation shall be exclusively governed by and construed and enforced in

accordance with the laws of the State of New York, without regard to its conflicts of law

principles.

13.     The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes

arising out of or otherwise relating to this Stipulation.  Should the Bankruptcy Court abstain from

exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this

4

Stipulation, such matter shall be adjudicated in either the United States District Court, for the

Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: New York, New York
       October 20, 2011


/s/ Richard P. Krasnow

Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153
*Attorneys for the Debtors
and Debtors in Possession*

/s/ Jeffrey M. Greilsheimer

Jeffrey M. Greilsheimer
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004

-and-

Kenneth E. Lee
LEVINE LEE LLP
570 Lexington Avenue, 16th Floor
New York, New York 10022

*Attorneys for James W. Giddens, as
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.*