Hearing Date and Time:  November 16, 2011, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  November 9, 2011 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                              :

**In re**                           :       **Chapter 11 Case No.**
                              :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                              :

           **Debtors.**           :       **(Jointly Administered)**
                              :

---------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION FOR ORDER,**
**PURSUANT TO SECTIONS 105(a), 363(b), AND 1142(b)**
**OF THE BANKRUPTCY CODE, APPOINTING THE DIRECTOR**
**SELECTION COMMITTEE, APPROVING RETENTION OF KORN/FERRY**
**INTERNATIONAL BY LBHI AS SUCH COMMITTEE'S EXECUTIVE**
**SEARCH ADVISORS, AND GRANTING CERTAIN RELATED RELIEF**

      **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "<u>Motion</u>")

of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-captioned

chapter 11 cases (together, the "<u>Debtors</u>"), pursuant to sections 105(a), 363(b) and 1142(b) of

title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), appointing the "Director Selection

Committee," approving the retention of Korn/Ferry International by LBHI as executive search

advisors to the "Director Selection Committee" and granting certain related relief, all as more

fully described in the Motion, will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "<u>Bankruptcy Court</u>"), on **November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)**.

> **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), and served in accordance with General Order M-399 and on: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Harvey R. Miller, Esq., and Lori R. Fife, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Korn/Ferry International, 265 Franklin Street, Floor 17, Boston, Massachusetts 02110, Attn: Robert E. Hallgan, **so as to be so filed and received by no later than November 9, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Objection Deadline</u>").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  October 20, 2011
      New York, New York

/s/ Harvey R. Miller
Harvey R. Miller
Lori R. Fife
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x
                                                                    :
In re:                                                              :        **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**       :        **08-13555 (JMP)**
                                                                    :
                                         Debtors.          :        **(Jointly Administered)**
                                                                    :
------------------------------------------------------------------ X

**DEBTORS' MOTION FOR ORDER, PURSUANT
TO SECTIONS 105(a), 363(b), AND 1142(b) OF THE
BANKRUPTCY CODE, APPOINTING THE DIRECTOR
SELECTION COMMITTEE, APPROVING RETENTION OF KORN/FERRY
INTERNATIONAL BY LBHI AS SUCH COMMITTEE'S EXECUTIVE
SEARCH ADVISORS, AND GRANTING CERTAIN RELATED RELIEF**

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

captioned chapter 11 cases, as debtors in possession (collectively, the "Debtors"), file this motion

(the "Motion") and respectfully request:

**Preliminary Statement**

        1.      On September 1, 2011, the Debtors filed their Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors  [ECF No. 19627]

(the "Plan").[1]  The Plan is the result of a global compromise and settlement of numerous legal

and factual issues among the Debtors and various groups of their creditors.  This settlement and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

compromise has allowed the Debtors to obtain support for the Plan from the statutory committee of unsecured creditors appointed in these cases (the "Creditors' Committee") and creditors asserting over $140 billion of unsecured claims, including Lehman Brothers Treasury Co. B.V. ("LBT") and Lehman Brothers Bankhaus AG (*in Insolvenz*) ("LBB"), two of the Debtors' foreign affiliates that are subject to insolvency proceedings in their respective jurisdictions.

2.      Among the Plan provisions central to the global settlement and compromise are (i) Section 7.2, which provides that the initial board of directors of LBHI "[f]ollowing the Effective Date . . . shall be selected by [a] Director Selection Committee" (the "DSC") (*see* Plan § 7.2(a)), and (ii) Section 7.4(a), which provides that the members of the DSC will also be the Plan Trustees.  *See* Plan § 7.4(a).

3.      To enable the Debtors to comply with section 7.2 of the Plan and section 1129(a)(5) of the Bankruptcy Code, the DSC must have convened and taken certain actions prior to the confirmation of the Plan.  Because the DSC's mandate will have been fulfilled prior to the Court's entry of an order confirming the Plan, the Debtors, with the support of the Appointees, request authorization for certain of the DSC's actions and the engagement of an executive search firm, as well as certain appropriate protections for the DSC members.

4.      Accordingly, pursuant to sections 105(a), 363(b), and 1142(b) of the Bankruptcy Code, the Debtors request an order establishing the DSC, authorizing LBHI to retain Korn/Ferry International ("KFI") as the executive search advisors to the DSC to assist it in the identification of individuals qualified to serve on LBHI's initial board of directors following the Effective Date of the Plan, and granting certain related relief.

## Background

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.   The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).   The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee.

7.      On September 1, 2011, the Debtors filed their Plan and related disclosure statement pursuant to section 1125 of the Bankruptcy Code [ECF No. 19629] (the "Disclosure Statement").   On September 1, 2011, the Court entered an amended order approving the Disclosure Statement and voting procedures with respect to the Plan [ECF No. 19631].

## Jurisdiction

8.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.   This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

9.      The Debtors seek an order, substantially in the form of Exhibit A attached hereto (the "Proposed Order"), (i) authorizing the establishment and functioning of the DSC, *nunc pro tunc*, as of August 31, 2011, (ii) authorizing the engagement of KFI by LBHI, *nunc pro tunc* to September 15, 2011, to act as the DSC's executive search advisors, and (iii) granting certain related relief, as described herein.

A.    **Establishing the DSC**

10.    Section 7.2(b) of the Plan provides that the DSC shall be comprised of the

following nine (9) members:

(i) Rutger Schimmelpenninck (in his capacity as co-bankruptcy trustee (*curatoren*) for LBT);
(ii) the LBB Administrator;
(iii) the Debtors;
(iv) each of the co-chairs of the Creditors' Committee;
(v) an individual chosen by the entities identified as the "Non-Consolidation Plan Proponents" on Schedule A to the Debtors' plan filed on April 25, 2011 [Docket No. 16229] that have claims against LBSF and LCPI (the "Opco Plan Proponents") that are PSA Creditors;
(vi) an individual chosen by the members of the group of creditors commonly referred to as the Ad Hoc Group of Lehman Brothers Creditors (the "Ad Hoc Group") that are PSA Creditors; and
(vii) two individuals chosen collectively by the following PSA Creditors: Carval Investors UK Limited, Davidson Kempner Capital Management LLC, Elliott Management Corporation, King Street Capital Management LP, Och-Ziff Capital Management Group LLC, The Baupost Group LLC and Varde Partners LP (the "Designated PSA Creditors").

Plan § 7.2(b).

11.    Consistent with Section 7.2(b) of the Plan, the Debtors request that the

Court approve the appointment of the following persons (each an "Initial Appointee" and

collectively, the "Initial Appointees") to serve as the initial members of the DSC:

(a) Rutger Schimmelpenninck, not in his individual or personal capacity, but solely in his capacity as co-bankruptcy trustee for LBT;

(b) Dr. Michael C. Frege, not in his individual or personal capacity, but solely in his capacity as the Administrator of LBB;

(c) John Suckow, not in his individual or personal capacity, but solely in his capacity as the President of LBHI;

(d) Julie Becker of Wilmington Trust, N.A., not in her individual or personal capacity, but solely in her capacity as a co-chairperson and member of the Creditors' Committee;

(e) Noel P. Purcell of Mizuho Corporate Bank, Ltd., not in his individual or personal capacity, but solely in his capacity as a co-chairperson and member of the Creditors' Committee;

(f) Thomas A. Tormey of Goldman Sachs & Co., not in his individual or personal capacity, but solely in his capacity as the designee of the Opco Plan Proponents;

(g) Christian Wyatt of Fir Tree Partners, not in his individual or personal capacity, but solely in his capacity as the designee of the Ad Hoc Group;

(h) Michael F. DeMichele of The Baupost Group, L.L.C., not in his individual or personal capacity, but solely in his capacity as a designee of the Designated PSA Creditors; and

(i) Robert P. Ryan of Elliott Management, not in his individual or personal capacity, but solely in his capacity as a designee of the Designated PSA Creditors.

12.    The Debtors propose that each Initial Appointee serve as a member of the DSC until the earlier of (a) the Effective Date of the Plan, and (b) his or her death, incapacity, or resignation from the DSC.  Further, after consultation with the Initial Appointees, the Debtors propose that if any Initial Appointee's service on the DSC ceases for any reason prior to the Effective Date, his or her replacement, if any (such replacements, together with the Initial Appointees, the "DSC Members"), will be designated as follows: (a) in the case of Mr. Schimmelpenninck, his replacement will be designated by whomever (including himself) is one of LBT's bankruptcy trustees at that time (who may appoint himself or herself); (b) in the case of Dr. Frege, his replacement will be designated by whomever (including himself) is LBB's administrator at that time (who may appoint himself or herself); (c) in the case of Mr. Suckow, his replacement will be designated by the Debtors; (d) in the cases of Ms. Becker and Mr. Purcell, their respective replacements will be designated by the Creditors' Committee; (e) in the case of Mr. Tormey, his replacement will be designated by the Opco Plan Proponents; (f) in the case of Mr. Wyatt, his replacement will be designated by the Ad Hoc Group; and (g) in the cases of Mr. DeMichele and Mr. Ryan, their respective replacements will be designated by the

Designated PSA Creditors.  In addition, with respect to Mr. Schimmelpenninck, Dr. Frege, and

the Initial Appointees of the Opco Plan Proponents, the Ad Hoc Group, and the Designated PSA

Creditors, if the replacement candidate is not affiliated with one of the applicable nominating

entities, his or her candidacy must be reasonably acceptable to the majority of the remaining

DSC Members.  Finally, with respect to the appointees of the Opco Plan Proponents, the Ad Hoc

Group, and the Designated PSA Creditors, if no entity within the relevant nominating group

holds any claims against any of the Debtors at the time that its Initial Appointee's service on the

DSC ceases, for any reason, such vacancies will not be filled.

13.    Every DSC Member, despite being designated by certain constituencies,

will exercise his or her independent business judgment in the selection of directors for the initial

board of directors of post-Effective Date LBHI, and will not act at the direction of any

individual, entity or group.  To that end, the Proposed Order clarifies that a DSC Member's

service on the DSC will not cause such DSC Member to become or result in such DSC Member

becoming a fiduciary to the Debtors, their estates, creditors, equity holders, or to any other

person or constituency.

14.    The Debtors expect that, for the purpose of discharging the DSC's

functions, the DSC Members may adopt appropriate by-laws to address the DSC's governance,

conduct of business, and related matters that are not specifically addressed herein.

15.    Section 7.4(a) of the Plan provides that, after the Plan Trust comes into

existence on the Effective Date, the DSC Members will become the Plan Trustees.  The Debtors

have been informed that not all of the Initial Appointees wish to serve as Plan Trustees.  The

Plan, however, does not address such eventuality.  Accordingly, after consultation with the Initial

Appointees and the Creditors' Committee, the Debtors propose that, should any DSC Member

decline to serve as a Plan Trustee on the Effective Date, another Plan Trustee may be designated in his or her stead, based on the procedures set forth in paragraph 12 above, provided that such designation occurs prior to the Effective Date.[2]

**B.    <u>Reimbursement of Expenses, Exculpation and Indemnification</u>**

16.    Because the DSC Members' service on the DSC will provide a demonstrable benefit to the Debtors, their estates, and creditors, the Debtors are seeking authorization to pay the reasonable, necessary and documented expenses of the DSC Members incurred in connection with their service on the DSC (excluding attorneys' fees).

17.    Further, to induce the DSC Members to serve on the DSC, the Debtors request, and the Proposed Order provides, that each DSC Member, together with any entity or entities by which such DSC Member is directly or indirectly employed or with which he or she is directly or indirectly professionally affiliated (or by which he or she was so employed or with which he or she was so affiliated during his or her services on the DSC), and their respective present and former employees, agents, officers, directors or principals (all of the foregoing, collectively, the "<u>DSC Related Parties</u>") will have or incur no liability, nor be subject to any claim or cause of action, of any kind, in connection with, arising out of, or related to, the applicable DSC Member's service on the DSC, or any act taken or omitted to be taken in connection therewith, except to the extent that it is determined by a final order of a court of competent jurisdiction that the applicable DSC Member is guilty of actual fraud, willful misconduct or gross negligence in the performance of his or her duties on the DSC.

18.    The Debtors also request, and the Proposed Order provides, authorization for the Debtors to (a) indemnify each DSC Related Party against and from any and all costs and

---

[2] To the extent that any Plan Trustee needs to be replaced subsequent to the Effective Date, such replacement will be accomplished in accordance with the provisions of Section 7.4(b) of the Plan.

expenses arising from or reasonably incurred in connection with any action or claim brought against such DSC Related Party related to, arising out of, or in connection with, the applicable DSC Member's membership on, and services and activities related to, the DSC, except to the extent that it is determined by a final order of a court of competent jurisdiction that the applicable DSC Member is guilty of actual fraud, willful misconduct or gross negligence in the performance of his or her duties in connection with the DSC, and (b) pay all reasonable and necessary fees and expenses incurred by such DSC Related Party in connection with any such action or claim, including, without limitation, reasonable and necessary attorneys' fees and expenses, with such obligations surviving the confirmation of the Plan and the Effective Date, and the cessation, for any reason (other than gross negligence, willful misconduct, or bad faith), of the services of the applicable DSC Member on the DSC, and not being subject to any administrative claim bar date.

### C.    Retention of KFI

19.    The Debtors and the Initial Appointees have determined that it would be beneficial to the DSC's performance of its duties if the DSC is assisted in its selection of the initial board of directors of post-Effective Date LBHI by an independent search firm.  The Debtors and the Initial Appointees worked together to identify potential executive search advisory firms to serve as the DSC's advisors in this process.  As a result of an interview process conducted by the Initial Appointees, subject to the Court's approval, the Initial Appointees have selected KFI to assist the DSC in identifying and vetting potential candidates to serve on the initial board of directors.

20.    KFI is one of the world's leading executive search firms with nearly eighty offices in more than forty countries, specializing in helping companies find senior-level

management throughout North America, Europe, Asia/Pacific and Latin America. KFI provides its clients with industry-specific expertise and worldwide reach. Established over forty years ago, KFI has developed an in-depth understanding of the industry, business and management issues facing companies around the world. KFI has achieved its position in its industry by performing over 100,000 high-quality search assignments on a timely basis and building long-standing client relationships based on a commitment to client details. Based on the foregoing, the Debtors believe that KFI is well qualified to conduct a thorough and comprehensive search for potential directors with the necessary characteristics and skills.

21.     KFI's retention will be on the terms set forth in the Engagement Letter attached hereto as Exhibit B (the "Engagement Letter"). Pursuant to the Engagement Letter, LBHI will pay KFI (i) professional fees totaling $550,000, (ii) search-related expenses of $66,000, including administrative support, communication, currier, reproduction and computer services, and (iii) any additional actual, reasonable and necessary out-of-pocket expenses, such as travel, lodging and video-conferencing.

22.     The Debtors, the Creditors' Committee and the Initial Appointees believe that the fee and expense reimbursement structure set forth in the Engagement Letter is reasonable and consistent with the general compensation structure used in the executive search profession and that it is in the best interests of the Debtors, their creditors, and the continued administration of these cases and the implementation of the Plan that LBHI be authorized to engage KFI to assist the DSC.

## Basis for Requested Relief

23.     Section 1129(a)(5) of the Bankruptcy Code requires that the identity and affiliations of the members of the post-emergence board of directors of the reorganized debtors

be disclosed prior to plan confirmation.  *See* 11 U.S.C. § 1129(a)(5).  To enable the Debtors to

comply with section 1129(a)(5), Section 7.2(a) of the Plan contemplates that the members of

LBHI's initial post-Effective Date board of directors will be chosen by the DSC prior to the

confirmation of the Plan.[3]  Accordingly, the DSC's mandate will have been fulfilled before the

Court's entry of the order confirming the Plan.  As a result, the Initial Appointees believe that

independent authorization is required for certain of the DSC's actions, as well as for certain

protections appropriate for the DSC Members.

      24.     The Court has the power to grant the relief requested herein under section

105(a) of the Bankruptcy Code, which states that a bankruptcy court "may issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]."  11 U.S.C. § 105(a).  Furthermore, section 1142(b) of the Bankruptcy Code

authorizes the Court to direct parties in interest to perform any acts "necessary for the

consummation of the plan."  11 U.S.C. § 1142(b).

      25.     Specifically, under Second Circuit precedent, the Court is authorized to

grant the requested exculpation and indemnification to the DSC Related Parties because such

relief is necessary to effectuate the Plan and confers significant benefit on the Debtors and their

creditors.  *See, e.g.*, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 293 (2d Cir.

1992); *McArthur Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 837 F.2d 89, 93 (2d

Cir. 1988) (finding that section 105(a) "has been construed liberally" and thus approving release

of third parties over objection of creditors).  The exculpation and indemnification sought herein

is appropriately limited to (i) acts or omissions in connection with the DSC Members' service on

the DSC and their selection of the members of the initial board of directors of post-Effective

---

[3] Section 7.3 of the Plan provides that the members of the boards of directors or managers, as applicable, of the Subsidiary Debtors, will be individuals serving on, or selected by, the post-Effective Date LBHI board.

Date LBHI, and (ii) a qualified immunity for acts of negligence, but not actual fraud, gross negligence or willful misconduct.  *See In re PWS Holding, Corp.*, 228 F.3d 224, 246-47 (3rd Cir. 2000) (similar exculpation provisions did not violate third party release prohibition of section 524(e)).

26.     In addition, section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Id. § 363(b)(1).  When considering a transaction outside the ordinary course of business, courts in the Second Circuit require that such transaction be based upon the sound business judgment of the debtor.  *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983).  It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  If a valid business justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company."  *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).

27.     The decision to indemnify the DSC Related Parties and fund the reasonable and necessary expenses of the DSC Related Parties and KFI constitutes an exercise of the Debtors' sound business judgment and is in the best interests of the Debtors and their creditors.  As stated, the relief requested is supported by the Creditors' Committee.

## <u>Notice</u>

28.      No trustee has been appointed in these chapter 11 cases.  The Debtors

have served the Motion in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9635] on (i) the U.S. Trustee, (ii) counsel for the Creditors' Committee, (iii)

the Securities and Exchange Commission, (iv) the Internal Revenue Service, (v) the United

States Attorney for the Southern District of New York, (vi) each Initial Appointee or his or her

counsel, (vii) KFI, and (viii) all parties who have requested notice in these chapter 11 cases.  The

Debtors submit that no other or further notice is required.

WHEREFORE, the Debtors respectfully request that they be granted the relief

requested and such other and further relief as is just.

Dated: October 20, 2011
        New York, New York

/s/ Harvey R. Miller
Harvey R. Miller
Lori R. Fife
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
                                                              :
In re:                                                        :          **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**    :          **08-13555 (JMP)**
                                                              :
                        Debtors.                              :          **(Jointly Administered)**
                                                              :
-------------------------------------------------------------- X

**ORDER PURSUANT TO SECTIONS 105(a), 363(b), AND 1142(b)**
**OF THE BANKRUPTCY CODE, APPOINTING THE DIRECTOR**
**SELECTION COMMITTEE, APPROVING RETENTION OF KORN/FERRY**
**INTERNATIONAL, AND AUTHORIZING CERTAIN RELATED RELIEF**

Upon the motion, dated October 20, 2011 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases

(collectively, the "Debtors") pursuant to sections 105(a), 363, and 1142(b) of the Bankruptcy

Code, seeking (i) appointment of the DSC,[1] (ii) retention by LBHI of Korn/Ferry International

("KFI") as the DSC's executive search advisors, and (iii) certain related relief, as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; (vi) KFI; (vii) each Initial

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

Appointee, and (viii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it being contemplated under the Plan that the DSC will select the initial board of directors of post-Effective Date LBHI prior to the Confirmation Date; and it being in the interests of facilitating the selection process that the DSC commence its operations at this time; and a hearing having been held to consider the relief requested in the Motion; [and the Court having overruled all objections interposed to the Motion;] and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that, in order to effectuate Section 7.2(b) of the Plan in the event the Plan is confirmed, the appointment of the DSC shall be deemed effective, *nunc pro tunc*, as of August 31, 2011, and the DSC shall be authorized to select the members of the initial board of directors of post-Effective Date LBHI as contemplated by the Plan; and it is further

**ORDERED** that, to discharge its duties under the Plan and this Order, LBHI is authorized to retain, *nunc pro tunc* to September 15, 2011, at its sole expense and without any liability therefor on the part of the DSC or any DSC Member, KFI as executive search advisor to the DSC to assist it in the selection of appropriate individuals to serve on the initial board of directors of post-Effective Date LBHI; and it is further

**ORDERED** that LBHI is authorized and directed, upon receipt of a written direction on behalf of the DSC, to pay the reasonable, necessary, documented expenses of the

DSC Members incurred in connection with their service on the DSC (excluding attorneys' fees), as well as all reasonable and necessary fees and expenses of KFI on the terms set forth in the Motion; and it is further

ORDERED that, consistent with Section 7.2(b) of the Plan, the following persons (the "Initial Appointees") shall constitute the initial members of the DSC: (1) Rutger Schimmelpenninck, not in his individual or personal capacity, but solely in his capacity as co-bankruptcy trustee for LBT; (2) Dr. Michael C. Frege, not in his individual or personal capacity, but solely in his capacity as the LBB Insolvency Administrator; (3) John Suckow, not in his individual or personal capacity, but solely in his capacity as the President of LBHI; (4) Julie Becker of Wilmington Trust, N.A., not in her individual or personal capacity, but solely in her capacity as a co-chairperson and member of the Creditors' Committee; (5) Noel P. Purcell of Mizuho Corporate Bank, Ltd., not in his individual or personal capacity, but solely in his capacity as a co-chairperson and member of the Creditors' Committee; (6) Thomas A. Tormey of Goldman Sachs & Co., not in his individual or personal capacity, but solely in his capacity as the designee of the Opco Plan Proponents; (7) Christian Wyatt of Fir Tree Partners, not in his individual or personal capacity, but solely in his capacity as the designee of the Ad Hoc Group; (8) Michael F. DeMichele of The Baupost Group, L.L.C., not in his individual or personal capacity, but solely in his capacity as a designee of the Designated PSA Creditors; and (9) Robert P. Ryan of Elliott Management, not in his individual or personal capacity, but solely in his capacity as a designee of the Designated PSA Creditors; and it is further

ORDERED that each Initial Appointee shall serve as a member of the DSC until the earlier of (a) the Effective Date, and (b) his or her death, incapacity, or resignation from the DSC; and it is further

**ORDERED** that should any Initial Appointee's service on the DSC cease, for any reason, prior to the Effective Date, his or her replacement, if any (each Initial Appointee, together with such replacement, the "DSC Member") shall be selected in accordance with the procedures set forth in the Motion; and it is further

**ORDERED** that each DSC Member shall exercise his or her independent business judgment in the selection of directors for the initial board of directors of post-Effective Date LBHI and shall not act at the direction of any individual, entity or group, and his or her service as a DSC Member shall not, in any way, cause such DSC Member to become or result in such DSC Member becoming a fiduciary to the Debtors, their estates, creditors or equity holders, or to any other person or constituency; and it is further

**ORDERED** that, for the purpose of discharging the DSC's functions, the DSC Members may adopt appropriate by-laws to address the DSC's governance, conduct of business and related matters, provided, that such by-laws shall not conflict with the provisions of this Order; and it is further

**ORDERED** that, whether or not the Plan is confirmed, each DSC Member, together with any entity or entities by which such DSC Member is directly or indirectly employed or with which he or she is directly or indirectly professionally affiliated (or by which he or she was so employed or with which he or she was so affiliated during his or her services on the DSC), and their respective present and former employees, agents, officers, directors or principals (all of the foregoing, collectively, the "DSC Related Parties") shall have or incur no liability, nor be subject to any claim or cause of action, of any kind in connection with, arising out of, or related to, the applicable DSC Member's service on the DSC, or any act taken or omitted to be taken in connection therewith, except to the extent that it is determined by a final

order of a court of competent jurisdiction that the applicable DSC Member is guilty of actual fraud, willful misconduct or gross negligence in the performance of his or her duties in connection with the DSC; and it is further

**ORDERED** that neither of the LBB Insolvency Administrator or the LBT co-bankruptcy trustee shall have any individual or personal liability with respect to any claims arising in connection with their respective services on the DSC, and that any claim against the LBB Insolvency Administrator or against the LBT co-bankruptcy trustee arising in connection with their respective services on the DSC not disposed of or otherwise resolved as provided for herein shall be satisfied solely out of the assets of the insolvency estate of LBB or LBT, as applicable; and it is further

**ORDERED** that LBHI is authorized and directed to indemnify each DSC Related Party against and from any and all costs and expenses arising from or reasonably incurred in connection with any action brought and/or any claim asserted against such DSC Related Party related to, arising out of, or in connection with, the applicable DSC Member's membership on, and services and activities related to, the DSC and, notwithstanding anything to the contrary contained herein, shall pay all reasonable and necessary fees and expenses incurred by such DSC Related Party in connection with any such action or claim, including, without limitation, reasonable and necessary attorneys' fees and expenses, with such obligations surviving the confirmation of the Plan, the Effective Date, and the cessation, for any reason, of the services of the applicable DSC Member on the DSC, and not being subject to any administrative claim bar date; and it is further

**ORDERED** that, notwithstanding anything to the contrary in the Plan, no DSC Member shall be obligated to become a Plan Trustee upon the occurrence of the Effective Date;

should any DSC Member decline to serve as a Plan Trustee on the Effective Date, his or her

replacement shall be selected in accordance with the procedures set forth in the Motion; and it is

further

       **ORDERED** that this Court retains jurisdiction with respect to all matters arising

under or in connection with the implementation of this Order and the relief granted herein; and it

is further

       **ORDERED** that the terms of this Order are immediately effective and

enforceable.

Dated: _____, 2011
     New York, New York

           _____
           UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**



# KORN/FERRY INTERNATIONAL

265 Franklin Street
Floor 17
Boston, MA 02110

October 5, 2011

**PRIVATE AND CONFIDENTIAL**

John Suckow
President
Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
35th Floor
New York, NY 10020

Dear John:

Thank you very much for selecting Korn/Ferry International ("Korn/Ferry") to recruit Directors for Lehman Brothers Holdings Inc. This letter will outline our understanding of your needs, our search process, staffing and timing, compensation parameters, and details of our fee and expense arrangements.

If you are in agreement with this engagement letter, we ask that you sign and return the attached Acknowledgment form which authorizes us to proceed with the search. Please fax a copy, and follow-up with a hardcopy in the mail.

We understand that Lehman Brothers Holdings Inc. requires and will seek approval of the United State Bankruptcy Court for the Southern District of New York for authorization to enter into this agreement.

## PROFESSIONAL FEES AND EXPENSES

Korn/Ferry's professional fee for this Director engagement (7 Directors) is $550,000. Fees are not contingent upon success in placing a candidate with your organization. We do, however, complete 100% of our board searches, and will continue to work with you until the search is successfully completed.

In addition to our professional fees, Korn/Ferry is also reimbursed for all search-related expenses, including administrative support, communication, courier, reproduction, and computer services. These expenses will be billed at a flat 12 percent of the fee. In addition, any reasonable, actual and necessary direct, out-of-pocket

**THE ART & SCIENCE OF TALENT**

Copyright 1992-2011 Korn/Ferry International and Lominger International. All Rights Reserved.



# KORN/FERRY INTERNATIONAL

expenses such as candidate and consultant travel, lodging and video-conferencing will be billed on a monthly basis as incurred.

It is our practice to bill the estimated professional fee and administrative expenses in three installments. The first is a non-refundable retainer due and payable upon acceptance of this proposal. The second invoice will be rendered after 30 days and the third invoice after 60 days. If the professional fees have been fully invoiced prior to completion of the assignment, no further professional fees will be billed until the engagement has been concluded. Expenses will continue to be billed monthly.

Either party may discontinue this assignment by written notification at any time. In the unlikely event that this occurs, you will be billed for (i) expenses incurred to the date of our receipt of your written notification; (ii) expenses committed with your approval that cannot be canceled; and (iii) payment for the prorated portion of the remaining professional fees, based upon the number of calendar days that have elapsed.

## CONSULTING TEAM

A key component of the Korn/Ferry International executive search process is the appointment of the consulting team for this assignment. I will have the primary responsibility for this assignment with Dennis Carey. Contact numbers are as follows:

| | | |
|---|---|---|
| *Robert E. Hallagan* | Office Direct | (617) 790-5790 |
| | Mobile | (617) 470-2085 |
| | E-mail | robert.hallagan@kornferry.com |
| | Fax | (617) 345-0200 |
| | | |
| *Dennis Carey* | Office Direct | (215) 656-5348 |
| | Mobile | (917) 325-1111 |
| | E-mail | dennis.carey@kornferry.com |

John, we are delighted to have the opportunity to work with you on this important assignment for Lehman Brothers Holdings Inc. We recognize the great importance these Directors will play in Lehman's future and we can assure you of our best efforts on your behalf. Should you have any questions or require any further information, please call me.



THE ART SCIENCE OF TALENT

 **KORN/FERRY INTERNATIONAL**

Sincerely,

KORN/FERRY INTERNATIONAL

Robert E. Hallagan
Vice Chairman – Board Leadership Services

 **KORN/FERRY INTERNATIONAL**

## ACKNOWLEDGMENT AND AUTHORIZATION TO PROCEED

Lehman Brothers Holdings Inc. authorizes Korn/Ferry International to proceed with an executive search assignment for seven Board Directors.

Please indicate your acceptance of the terms and conditions set forth above by signing and returning the enclosed copy of this letter to fax number (617) 345-0544 and following up with a mailed hardcopy.

John Suckow
President
Lehman Brothers Holdings Inc.

Date 10/19/11

Robert E. Hallagan
Vice Chairman – Board Leadership
Services
**KORN/FERRY INTERNATIONAL**

Date 10/11/2011

Invoices should be addressed for the attention of:

Name:            John Suckow, President

Billing address:   Lehman Brothers Holdings Inc.
                 1271 Avenue of the Americas
                 35th Floor
                 New York, NY 10020

THE ART & SCIENCE OF TALENT