|  |  |
|---|---|
| New York | Paris |
| Menlo Park | Madrid |
| Washington DC | Tokyo |
| London | Beijing |
| São Paulo | Hong Kong |

# Davis Polk

**Lawrence E. Jacobs**

Davis Polk & Wardwell LLP   212 450 4680 tel
450 Lexington Avenue        212 701 5567 fax
New York, NY 10017          lawrence.jacobs@davispolk.com

October 21, 2011

Re:   Notification Pursuant to Rule 1.12 of New York Rules of Professional
      Conduct; In re Lehman Brothers Holdings Inc. et al, 08-13555 (JMP) and In re
      Lehman Brothers Inc., Case No. 08-01420 (JMP) SIPA

The Hon. James M. Peck
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

Dear Judge Peck:

I am writing this letter to provide notice pursuant to Rule 1.12 of the New York Rules of Professional Conduct that we are screening one of Your Honor's former interns, Christopher Robertson, from any participation in a matter that was pending before Your Honor during his internship.

Mr. Robertson was an intern in Your Honor's chambers from June 2009 to August 2009. He will join this Firm as an associate on October 24, 2011. We understand that, during his internship, he may have had some participation in In re Lehman Brothers Holdings Inc. et al, 08-13555 (JMP) and In re Lehman Brothers Inc., Case No. 08-01420 (JMP) SIPA (collectively the "Lehman Bankruptcy"). We represent The Joint Administrators and Liquidators of Lehman Brothers International (Europe) and various of its affiliates, as well as certain other entities in the Lehman Bankruptcy (collectively the "Screened Matters"). Our Seventh Amended Verified Statement Pursuant to Rule 2019(a), dated June 11, 2011, is document number 17465 on the In re Lehman Brothers Holdings, Inc. docket.

We are establishing screening procedures to ensure that there is no flow of information between Mr. Robertson and the Davis Polk teams working on the Screened Matters. All firm attorneys, paralegals and assistants will be instructed in writing by email that no person working on any Screened Matter should discuss or share with Mr. Robertson any information relating to his or her work on the Screened Matter and that they must not seek to obtain any information from Mr. Robertson. Similarly, Mr. Robertson will be instructed, both in writing by email and orally, that he is not to share any information he may have about any Screened Matter with anyone else at this Firm. The instructions will make clear that these restrictions apply to all forms of information sharing, including but not limited to oral discussions, writings and emails. We will also restrict all of the files relating to the Screened Matters so that Mr. Robertson will not be able to access

The Hon. James M. Peck                                    2                                    October 21, 2011

them. We will send regular reminders of the establishment of this screen to all personnel working on the Screened Matters and to Mr. Robertson.

The written screen notification will explicitly provide that violations of our screening procedures may result in sanctions.

Finally, as an associate Mr. Robertson will be paid a fixed salary, and will not be apportioned any of the fees from the Screened Matters. The determination of any associate bonus amount also will not be related in any way to fees from the Screened Matter.

Please let me know if Your Honor desires further information about the foregoing.

Respectfully submitted,

Lawrence E. Jacobs

cc:   All counsel via ECF
      Standard Parties via U.S. Mail