(k)    To invest in any type of interest bearing investments (including, but not limited to, savings accounts, money market accounts, certificates of deposit and repurchase agreements, whether at or with the Trustees or any other Person).

(l)    If so directed by Proper Instructions of Investment Manager, the Trustees shall apply for and purchase from an insurance company selected by Investment Manager, as the case may be, either for the general benefit of the Trust Fund or for the individual benefit of a participant, any annuity, insurance product (including a guaranteed investment contract) or contract insuring the life of a participant. Investment Manager, shall be solely responsible for selecting the issuer of any such insurance contract. The Trustees shall have no responsibility to review the policy or the creditworthiness of the issuer at any time or from time to time. If any such investment in insurance is made, the Trustees may exercise any and all rights, options, and privileges of an absolute owner which may be granted under the annuity or other contract purchased under this provision and may collect, receive, and settle for the proceeds of all annuities or contracts purchased under this provision as and when entitled to do so under the terms of the contract.

(m)    Unless required by Applicable Law, the Trustees are not authorized and shall not disclose the name, address or security positions of the Trust in response to requests concerning shareholder communications under section 14 of the Securities Exchange Act of 1934, the rules and regulations thereunder, or any similar statute, regulation or rule.

5.2    Administrative Powers of the Trustees

(a)    Notwithstanding the appointment of an Investment Manager, the Trustees shall have the following powers and authority to be reasonably exercised with respect to the Trust Fund:

(i)    To employ accountants, actuaries, recordkeepers, agents and counsel and to pay their reasonable expenses and compensation (but no such expenses or compensation shall be charged to the Trust Fund for custodial services delegated by and at the discretion of the Trustees to others or for services

of a sub-trustee that are to be provided by the Trustees under this Trust agreement);

(ii)     To register any Securities or other Property held by it hereunder in its own name or in the name of a nominee with or without the addition of words indicating that such Securities or other Property are held in a fiduciary capacity and to hold any Securities or other Property in bearer form and to deposit any Securities or other Property in a depository or clearing corporation;

(iii)     To advance funds when cash on a collected basis is not available to settle any directed transaction (including loans or temporary advances as shall be approved by Investment Manager or any Investment Manager in compliance with prohibited transaction class exemption 84-14 or 96-23, or other applicable exemption, or Advisory Opinion 2003-02A), pay for applicable foreign exchange or taxes arising from directed transactions and receive reasonable compensation therefor;

(iv)     To reverse any erroneous or provisional credit entries to the Trust Fund retroactively to the date upon which the correct entry or no entry should have been made;

(v)     To make, execute and deliver, as Trustees, any and all deeds, leases, mortgages, conveyances, waivers, releases or other instruments in writing necessary or desirable for the accomplishment of any of the foregoing powers; and

(vi)     Generally to do all ministerial acts, whether or not expressly authorized, which the Trustees may deem necessary or desirable in carrying out its duties under this Trust agreement.

(b)     The Trustees may consult with legal counsel concerning questions which may arise with reference to this Trust agreement and their powers and duties as Trustees in the event that (i) the Trustees have not received a direction in the usual periods of time for such communications or (ii) the Trustees have not received

representations to its reasonable satisfaction that a direction is a proper one under this
Trust agreement or Applicable Law. To the extent permitted by Applicable Law, the
Trustees shall have no liability in any respect for any action taken, suffered or omitted in
good faith by the Trustees with respect to the matters described in the previous sentence
either in accordance with the advice of nationally recognized employee benefits counsel
chosen by the Trustees, or in accordance with any opinion of counsel to the Corporation
addressed and delivered to the Trustees.

## ARTICLE 6

## RESPONSIBILITY OF TRUSTEES

6.1     Responsibility of Trustees

(a)     The duties and obligations of the Trustees shall be limited to those
imposed upon it by Applicable Law or expressly imposed upon it by this Trust agreement
or subsequently agreed upon by the parties in writing, notwithstanding any reference
herein to the Plan, or to the provisions thereof, it being expressly agreed that the Trustees
are not a party to the Plan. The Trustees have no responsibility to apply the terms of the
Plan.

(b)     Each direction by Proper Instructions of the Corporation, the
Administrator, Investment Manager, or any Investment Manager shall constitute a
certification by such person to the Trustees that such direction is in conformity with this
Trust agreement and Applicable Law.

(c)     The Trustees shall not be under any duty to require payment of any
contributions to the Trust Fund, or to see that any payment made to it is computed in
accordance with the provisions of the Plan, or otherwise be responsible for the adequacy
of the Trust Fund to meet and discharge any liabilities under the Plan.

6.2     Allocation of Responsibility Among Fiduciaries

It is intended that each fiduciary shall be responsible for the proper
exercise of its own powers, duties and responsibilities under the Plan and this Trust
agreement and not be responsible for any act or failure to act of another fiduciary. This

Trust agreement is intended to allocate to the Trustees liability only commensurate with its specific duties and not to relieve a fiduciary from any co-fiduciary obligation imposed by Section 405 of ERISA.

    6.3    Information Provided by the Corporation, the Administrator, Investment Manager or an Investment Manager

        (a)    The Trustees shall be fully protected in acting upon any Proper Instructions of the Corporation, the Administrator, Investment Manager or an Investment Manager, however delivered, reasonably believed by it to be genuine and to be signed or presented by an Authorized Person. The Trustees also may treat as genuine and authorized any document bearing or purporting to bear the facsimile signature of an individual authorized to provide a directive, instrument, certificate, paper, or other communication under this Trust agreement, regardless of by whom or by what means the actual or purported facsimile signature or signatures may have been affixed if such facsimile signature or signatures resemble the facsimile specimen or specimens from time to time furnished under this Trust agreement. The Trustees shall be under no duty to make any investigation or inquiry as to any statement contained in any such writing but may accept the same as fully authorized by the Corporation, the Administrator, Investment Manager or the Investment Manager, as the case may be.

        (b)    The Corporation, Investment Manager and the Administrator are responsible for the timely and accurate provision of any information maintained or provided by such party to the Trustees that is necessary for the Trustees to perform their duties hereunder, including, but not limited to, information relating to distributions to Participants, disbursements and other payments to be made from the Trust. The Trustees shall not be responsible for the completeness and accuracy of the material and information provided to it under this Trust agreement.

    6.4    Security Codes

        If the Trustees have issued to the Corporation, the Administrator, Investment Manager or any Investment Manager security codes or passwords in order that the Trustees may verify that certain transmissions of directions, instructions, or other

information have been originated by such parties, the Trustees shall be kept indemnified by, and be without liability for, any action taken or omitted by it in reliance upon receipt by the Trustees of transmissions of information with the proper security code or password, including communications purporting to be directions or Proper Instructions, which the Trustees reasonably believe to be from such parties, provided, however, that the Trustees shall not be indemnified for improper use of such security codes by an employee of the Trustees or which was caused by the Trustees' negligence. Notwithstanding the foregoing, the Trustees will change any security codes or passwords upon request.

6.5     Bonding

The Trustees are not required to furnish any bond for the faithful performance of its duties unless and to the extent required by Applicable Law.

## ARTICLE 7

## STANDARD OF CARE

7.1     General Standard of Care

(a)     The Trustees shall perform their services hereunder with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the performance of similar services and shall at all times act in good faith and agrees to use its best efforts within reasonable limits to perform (or cause its agent or Subcustodian to perform) accurately the services of the Trustees under this Trust agreement (all of the foregoing collectively, the "Standard of Care"), including any Schedules or Appendices hereto and/or in Proper Instructions but only to the extent such instructions do not increase the duties or obligations of the Trustees under this Trust agreement. The Trustees shall be liable to the Corporation, Administrator, Investment Manager and any fiduciary which directs the Trustees ("Directing Fiduciary") and each of their affiliates, and the Trust Fund (and the agents of each of them but only to the extent any of them are liable for the actions or omissions of any such agents) for all losses, damages and expenses suffered or incurred by them to the extent they arise out of or relate to the failure of the Trustees or

its agents (including Subcustodians) to exercise such Standard of Care, or to the extent they arise out of or relate to the fraud, willful default or willful misconduct of the Trustees or their agents (including Subcustodians).

(b)       No party hereto shall be liable to another party for (i) any indirect, consequential, special or speculative losses, damages, liability or expenses (together "Consequential Damages"), even if they have been advised of the possibility of the same and regardless of the form of action, or (ii) losses resulting from (a) the general risk of investing or (b) investing assets in a particular country; provided however, that, notwithstanding the foregoing or any other provision in this Agreement to the contrary, the Trustees shall be liable for Consequential Damages to the extent that the Corporation, Administrator, Investment Manager, Directing Fiduciary, or Trust Fund would be liable under ERISA for the actions of the Trustees and/or its agents and to the extent such Consequential Damages arise out of or relate to the fraud, willful default or willful misconduct of, or breach of the Standard of Care by, the Trustees or any of its agents (including Subcustodians). For sake of clarity, it is understood that a loss which arises out of or relates to the fraud, willful default or willful misconduct of, or breach of the Standard of Care by, the Trustees or any of its agents (including Subcustodians) is not a loss contemplated by (ii) of the prior sentence. Except as required by Applicable Law, the Trustees shall not be liable for the insolvency of a Securities System or unaffiliated Eligible Securities Depository nor shall the Trustees be liable for the insolvency of any Subcustodian that is not a branch or Affiliate of the Trustees unless the Trustees has breached the Standard of Care in the appointment or monitoring of such Subcustodian. In the event any party hereto is unable to perform its obligations under the terms of this Trust agreement because of events beyond its reasonable control, such party shall not be liable for damages to the other for any damages resulting from such failure to perform during the period of such events.

(c)       In no event shall any party hereto incur liability hereunder if any Person is prevented, forbidden or delayed from performing, or omits to perform, any act that this Trust agreement provides shall be performed or omitted to be performed, by reason of any provision of any present or future Applicable Law or order of the United

States of America, or any state thereof, or of any foreign country, or political subdivision
thereof or of any court of competent jurisdiction, unless and to the extent that, in each
case, such delay or nonperformance is caused by the fraud, willful default or willful
misconduct of, or breach of the applicable standard of care by, the applicable Person or
its agents.

        (d)    Upon the occurrence of any event that causes or that the Trustees
believes will imminently cause any loss, damage or expense to the Trust, Corporation,
Administrator, Investment Manager or Directing Fiduciary, the Trustees (i) shall take and
(ii) shall take all reasonable steps to cause any applicable Subcustodian to take all
commercially reasonable steps to mitigate the effects of such event and to avoid
continuing harm to the Trust, Corporation, Administrator, Investment Manager or
Directing Fiduciary. If the Trustees must seek Proper Instructions from the Corporation,
Administrator, Investment Manager or Directing Fiduciary in order either to take such
commercially reasonable steps itself or to take all reasonable steps to cause any
applicable Subcustodian to take all commercially reasonable steps and timely requests
such Proper Instructions, but the Corporation, Administrator, Investment Manager or
Directing Fiduciary does not provide such Proper Instructions, the Trustees (both as to
itself and with respect to any applicable Subcustodian) shall have no further obligations
under this Section 7.1(d).

        (e)    The Trustees shall be entitled to receive and act upon advice of
counsel (who may be counsel to the Trust, Plan, Corporation, Administrator, Investment
Manager or Directing Fiduciary) on all matters. The Trustees shall be without liability
for any action reasonably taken or omitted in good faith in accordance with and pursuant
to the advice of (i) counsel for the Trust, Plan, Corporation, Administrator, Investment
Manager or Directing Fiduciary, or (ii) at the expense of the Trustees, such other counsel
as the Trustees may choose (unless counsel for the Trust or Plan, Corporation,
Administrator, Investment Manager or Directing Fiduciary has already provided advice
on the matter and such advice has been provided to the Trustees in a form in which the
Trustees may rely on such advice); provided, however, with respect to the performance of

any action or omission of any action upon such advice, the Trustees and its agents (including Subcustodians) shall be required to conform to the Standard of Care.

(f)     Subject to the provisions of this Trust agreement and Applicable Law, the Trust or Plan authorizes the Trustees to take such actions as may be necessary to fulfill Trustees' duties and obligations under this Trust agreement notwithstanding that Trustees or any of affiliates thereof may have a material interest in a transaction or circumstances are such that Trustees may have a potential conflict of duty or interest in connection with a transaction, including a conflict arising from the fact that the Trustees or any of their affiliates may provide brokerage services to other customers, act as financial adviser to the issuer of Securities or other Property, act as a lender to the issuer of Securities or other Property, act as agent for more than one customer in the same transaction, have a material interest in the issuance of Securities or other Property or earn profits from any of the activities set forth above.

### 7.2     Liability Of Trustees For Actions Of Other Persons

(a)     The Trustees shall be not be liable for the actions or omissions of any other person.  If Investment Manager directs the Trustees by Proper Instructions to appoint a specific domestic Subcustodian, the Trustees shall, with respect to such domestic Subcustodian, be responsible only for losses arising from their own fraud, willful default, willful misconduct or breach of the Standard of Care.

(b)     Notwithstanding the provisions of Article 7 to the contrary, the Trustees shall only be liable to the Trust for any loss, damage or expense suffered or incurred by the Trust resulting from the use by the Trustees or a Subcustodian of a Securities System to the extent the Trustees or Subcustodian, as applicable, is able to recover from the Securities System, unless such loss, damage or expense is caused by, or results from, the Trustees' or Subcustodian's fraud, willful default, willful misconduct or breach of the Standard of Care in its interactions with the Securities System; provided, however, that in the event of any such loss, damage or expense, the Trustees shall, or cause its Subcustodians to, take all commercially reasonable steps to enforce such rights as it may have against the Securities System to protect the interests of the Trust.

7.3    Indemnification By The Trust

(a)    Subject to the limitations set forth in Section 7.1(b) of this Trust agreement, the Trust agrees to indemnify and hold harmless the Trustees and their nominees, directors, officers, agents, and employees (collectively, the "Indemnitees") from all loss, damage and expense (including reasonable attorneys' fees), including but not limited to those arising out of claims of negligence made by third parties, suffered or incurred by the Indemnitees arising out of or related to actions taken by the Trustees on behalf of the Trust or Plan in the performance of its duties and obligations under this Trust agreement; provided, however, that such indemnity shall not apply to any loss, damage and expense arising out of or related to the fraud, willful default, willful misconduct of, or breach of the Standard of Care by, any Indemnitee or to any consequential, special, or speculative loss, damage or expense. In addition, the Trust agrees to indemnify any Indemnitee against any liability incurred by reason of taxes assessed to such Person, or other loss, damage or expenses incurred by such Indemnitee, resulting solely from the fact that Securities or other Property of the Trust Fund or Plan are registered in the name of such Indemnitee; provided, however, that in no event shall such indemnification be applicable to income, franchise or similar taxes that may be imposed or assessed against any Indemnitee.

(b)    The Trust shall not be liable for indemnification for losses or expenses arising out of litigation against an Indemnitee under this Section 7.3 if such Indemnitee shall have failed promptly to notify the Corporation and Investment Manager in writing of the commencement of any litigation or proceeding brought against such Indemnitee in respect of which indemnity may be sought under this Section 7.3 to the extent that such failure to notify shall have had a material adverse effect on the Trust. With respect to claims in such litigation or proceedings for which indemnity by the Trust may be sought and subject to Applicable Law and the ruling of any court of competent jurisdiction, the Trust shall be entitled to participate in any such litigation or proceeding and, after written notice from the Corporation or Investment Manager to any Indemnitee, the Trust may assume the defense of such litigation or proceeding with counsel of its choice at its own expense in respect of that portion of the litigation for which the Trust may be subject to an indemnification obligation; provided, however, an Indemnitee shall

be entitled to participate in at its own cost and expense, the defense of any such litigation
or proceeding if the Trust has not acknowledged in writing its obligation to indemnify the
Indemnitee with respect to such litigation or proceeding.  If the Trust is not permitted to
participate in or control such litigation or proceeding under Applicable Law or by a ruling
of a court of competent jurisdiction, such Indemnitee shall reasonably prosecute such
litigation or proceeding.  An Indemnitee shall not consent to the entry of any judgment or
enter into any settlement in any such litigation or proceeding without providing the
Corporation and Investment Manager with adequate notice of any such settlement or
judgment, and without the Corporation's or Investment Manager's prior written consent,
which consent shall not be unreasonably withheld.  All Indemnitees shall submit written
evidence to the Corporation and Investment Manager with respect to any cost or expense
for which they are seeking indemnification in such form and detail as the Corporation or
Investment Manager may reasonably request.  With respect to the Trustees, if the Trust
has acknowledged in writing its obligation to indemnify the Trustees, the Trust shall not
settle for other than monetary damages a claim that materially affects the Trustees
without the Trustees' prior written consent.

      (c)    The Trustees may not commence any litigation on behalf of the
Trust except pursuant to Proper Instructions from the Corporation or Investment
Manager.  Except where the Trustees are a necessary party to the litigation, the
Corporation and Investment Manager shall not instruct the Trustees to commence
litigation without the Trustees' prior consent, which consent shall not be unreasonably
withheld.  In the event the Trustees determines, in seeking to comply with the Standard of
Care, to commence litigation on behalf of the Trust without having obtained Proper
Instructions from the Corporation or Investment Manager to commence such litigation,
the Trustees shall not be liable to the Trust, Corporation or Investment Manager for the
failure to obtain Proper Instructions in breach of this Section 7.3(c); provided, however,
that the Trustees are not hereby relieved from any breach of the Standard of Care.

      7.4    Trust's Right To Proceed

      Notwithstanding anything to the contrary contained herein, the Trust shall
have, at its election upon reasonable notice to the Trustees in Proper Instructions from the

Administrator or Investment Manager, the right to enforce, to the extent permitted by any
applicable agreement and Applicable Law, the Trustees' rights against any Subcustodian,
Securities System, Eligible Securities Depository or other Person for loss, damage or
expense caused the Trust by such Subcustodian, Securities System, Eligible Securities
Depository or other Person, and shall be entitled to enforce the rights of the Trustees with
respect to any claim against such Subcustodian, Securities System, Eligible Securities
Depository or other Person, which the Trustees may have as a consequence of any such
loss, damage or expense, if and to the extent that the Trust has not been made whole for
any such loss or damage. If the Trustees make the Trust whole for any such loss or
damage, the Trustees shall retain the ability to enforce its rights directly against such
Subcustodian, Securities System or other Person and the Trust shall provide the Trustees
with reasonable cooperation in respect of such enforcement. Upon the Trust's election to
enforce any rights of the Trustees under this Section 7.4, the Trust shall reasonably
prosecute all actions and proceedings directly relating to the rights of the Trustees in
respect of the loss, damage or expense incurred by the Trust Fund; provided that, so long
as the Trust has acknowledged in writing its obligation to indemnify the Trustees under
Section 7.3 hereof with respect to such claim, the Administrator or Investment Manager
on behalf of the Trust shall retain the right to settle, compromise and/or terminate any
action or proceeding in respect of the loss, damage or expense incurred by the Trust
without the Trustees' consent and, provided further, that if the Trust has not made an
acknowledgement of its obligation to indemnify, the Trust shall not settle, compromise or
terminate any such action or proceeding without the written consent of the Trustees,
which consent shall not be unreasonably withheld or delayed. The Trustees agree to
cooperate with the Trust and take all actions reasonably requested by the Administrator
or Investment Manager on behalf of the Trust in connection with the Trust's enforcement
of any rights of the Trustees. The Trust agrees to reimburse the Trustees for all
reasonable out-of-pocket expenses incurred by the Trustees on behalf of the Trust in
connection with the fulfillment of its obligations under this Section 7.4; provided,
however, that such reimbursement shall not apply to expenses to the extent that they arise
out of or are attributable to the fraud, willful default, willful misconduct of, or breach of
the Standard of Care by, the Trustees or their agents (including Subcustodians). The

Trust (or the Administrator or Investment Manager acting on behalf of the Trust) agrees
that it shall not settle for other than monetary damages a claim that materially affects the
Trustees without the Trustees' prior written consent.

### 7.5    Indemnification By Trustees

(a)    Subject to the limitations set forth in Section 7.1(b) of this
Agreement, the Trustees agrees to indemnify and hold harmless the Trust, Corporation,
Administrator, Investment Manager and each Directing Fiduciary, and their nominees,
directors, officers, employees, and affiliates (and each of the agents of any of them but
only to the extent any of them are liable for the actions or omissions of any such agents)
(collectively, the "Fund Indemnitees") from all loss, damage and expense (including
reasonable attorneys' fees of third parties), including but not limited to those arising out
of claims of negligence made by third parties, suffered or incurred by the Fund
Indemnitees to the extent and only to the extent such loss, damage or expense arises out
of or relates to Trustees' (or any of its agents, except as otherwise provided hereunder)
fraud, willful misconduct or breach of the Standard of Care.

(b)    The Trustees shall not be liable for indemnification for losses or
expenses arising out of litigation against a Fund Indemnitee under this Section 7.5 if such
Fund Indemnitee shall have failed promptly to notify the Trustees in writing of the
commencement of any litigation or proceeding brought against such Fund Indemnitee in
respect of which indemnity may be sought under this Section 7.5 to the extent that such
failure to notify shall have had a material adverse effect on the Trustees.  With respect to
claims in such litigation or proceedings for which indemnity by the Trustees may be
sought and subject to Applicable Law and the ruling of any court of competent
jurisdiction, the Trustees shall be entitled to participate in any such litigation or
proceeding and, after written notice from the Trustees to the Fund Indemnitee, the
Trustees may assume the defense of such litigation or proceeding with counsel of its
choice at its own expense in respect of that portion of the litigation for which the Trustees
may be subject to an indemnification obligation; provided, however, a Fund Indemnitee
shall be entitled to participate in at its own cost and expense, the defense of any such
litigation or proceeding if the Trustees has not acknowledged in writing its obligation to

indemnify the Fund Indemnitee with respect to such litigation or proceeding. If the Trustees are not permitted to participate in or control such litigation or proceeding under Applicable Law or by a ruling of a court of competent jurisdiction, the Fund Indemnitee shall reasonably prosecute such litigation or proceeding. A Fund Indemnitee shall not consent to the entry of any judgment or enter into any settlement in any such litigation or proceeding without providing the Trustees with adequate notice of any such settlement or judgment, and without the Trustees' prior written consent, which consent shall not be unreasonably withheld. All Fund Indemnitees shall submit written evidence to the Trustees with respect to any cost or expense for which they are seeking indemnification in such form and detail as the Trustees may reasonably request. With respect to any Fund Indemnitee, if the Trustees have acknowledged in writing its obligation to indemnify such Fund Indemnitee, the Fund Indemnitee shall not settle for other than monetary damages a claim that materially affects the Trustees without the Trustees' prior written consent.

### 7.6   Mitigation Of Damages

Any Person asserting any right of indemnification provided under this Trust agreement shall make commercially reasonable efforts to mitigate any loss, damage, or expense for which indemnification is sought, provided, however, that the reasonable expenses incurred in such mitigation shall be deemed to be expenses for which indemnification may be sought.

## ARTICLE 8

## TAXES AND TRUSTEES COMPENSATION

### 8.1   Taxes

Until advised to the contrary by the Administrator or Investment Manager, the Trustees shall assume that the Trust is exempt from federal, state, and local income taxes, and shall act in accordance with that assumption. The Trustees shall pay out of the Trust all real and personal property taxes, income taxes and other taxes of any and all kinds levied or assessed under existing or future laws against the Trust. However, before the Trustees pay any such taxes, the Trustees agree to first give notice to the

Administrator and Investment Manager, or in the case of taxes pertaining to specific
Securities or other Property held in an Investment Account to the Investment Manager, if
any, of such Investment Account, and to provide such parties the opportunity to contest
or challenge any such tax, including unrelated business income tax. In the event the
Administrator, Investment Manager or an Investment Manager does in fact contest any
such tax, the Trustees will be indemnified by the Trust from all liability from such
contested tax. The Administrator or Investment Manager, or in the case of any taxes
pertaining solely to Securities or other Property held in an Investment Account, the
Investment Manager for such Account, shall timely file or cause to be filed all federal,
state, and local tax and information returns relating to the Trust.

### 8.2    Expenses and Compensation

The Trustees shall be paid such reasonable compensation as shall from
time to time be agreed upon by the Corporation and the Trustees. Such compensation
and all reasonable and proper expenses of administration of the Trust, including counsel
fees, actuarial fees, accounting fees, fiduciary bond premiums and recordkeeping fees,
shall be withdrawn by the Trustees out of the Trust Fund only upon Proper Instructions
from the Administrator or Investment Manager. Such compensation and expenses shall
be paid by the Corporation if the same cannot by operation of law be withdrawn from the
Trust Fund.

### 8.3    Tax Reclamation and Other Services

The Trustees shall provide tax reclamation services as set forth in
Schedule C to this Trust agreement and such additional services as may be agreed to with
Investment Manager and set forth from time to time in Schedule C to this Trust
agreement. Such schedules shall be incorporated in and constitute a part of this Trust
agreement.

## ARTICLE 9

### ACCOUNTS OF THE TRUSTEES

9.1    Books and Records Relating to the Trust

The Trustees shall maintain or cause to be maintained suitable records, data and information relating to its functions hereunder as may be required by Applicable Law. These books and records shall be open to inspection and audit, upon reasonable notice and during regular business hours, by the Corporation, Investment Manager or their duly authorized representatives, and each Investment Manager.

9.2    Trust Accountings

(a)    The Trust books and records will be maintained on a calendar year basis. Within five (5) business days after the end of each calendar month, within sixty days after the close of each calendar year, and at other times if agreed to by the parties hereto, and within sixty days after the removal or resignation of the Trustees as provided hereunder, the Trustees shall render to the Corporation and Investment Manager a written statement and account ("Accounting") showing in reasonable summary the investments, receipts, disbursements, income realized, and other transactions engaged in during the preceding fiscal year or period, and setting forth the assets and liabilities of the Trust.

(b)    Investment Manager may approve any Accounting by giving written notice of approval to the Trustees. Investment Manager will be deemed to have approved any Accounting to which it has not objected by giving the Trustees written notice of its objection within 180 days after receiving the Accounting. If Investment Manager approves the Accounting in writing (or fails to object, in writing, within 180 days after receiving the Accounting), the Trustees shall be released and discharged as to all items, matters and things included in that Accounting except as to any item, matter or thing that would not have been discovered by a reasonable review of the Accounting.

(c)    Nothing contained in this Trust agreement or the Plan shall deprive the Trustees of the rights to have a judicial settlement of its account. In any proceeding for a judicial settlement of the Trustees' accounts or for instructions in connection with the Trust, the only necessary parties thereto in addition to the Trustees shall be the

Corporation and Investment Manager, and no Participant or other person having or claiming any interest in the Trust shall be entitled to any notice or service of process (except as required by law). Any judgment, decision or award entered in any such proceeding or action shall be conclusive upon all interested persons.

### 9.3    Dedicated Accounts

From time to time the Corporation may direct the Trustees to establish and maintain additional separate Dedicated Accounts within the Trust for specified purposes. The Trustees shall maintain appropriate books and records for such accounts.

### 9.4    Income Account

The Trustees shall establish and maintain continually throughout each calendar year a separate record (the "Income Account") of all income realized (including without limitation realized gains and realized losses) and received for United States federal income tax purposes by the Trust Fund for such year, including any ancillary records of the cost basis of all property held in the Trust Fund. All such income shall be treated for United States federal income tax purposes as being set aside in the Income Account for distribution from the Trust for payment of benefits under the Plan during such year (including incurred but not reported claims of Participants under the Plan) or other permitted uses under Section 501(c)(9) of the Code, upon Proper Instructions of the Administrator or Investment Manager. The Trustees shall provide to the Corporation, Administrator and Investment Manager within five (5) business days after November 30 of each year and the end of each calendar quarter within such year with the amount of income realized and received by the Trust during such year. As directed in Proper Instructions by the Administrator or Investment Manager, the Trustees shall disburse amounts credited to the Income Account amongst permitted uses hereunder so as to reduce the credit balance of such Accounts to zero by the end of each calendar year.

## ARTICLE 10

## RESIGNATION AND REMOVAL OF TRUSTEES

### 10.1    Resignation or Removal

The Trustees may resign at any time by giving sixty days' prior written notice to the Corporation, which notice may be waived by the Corporation. The

Corporation may remove any of the Trustees at any time upon sixty days' prior written notice to the Trustee, which notice may be waived by the Trustee.

### 10.2   Appointment, Qualification and Powers of Successor Trustees

In case of resignation or removal of any Trustee, the Corporation shall within a reasonable time appoint a successor Trustee, which agrees to assume the duties and responsibilities described in this Trust agreement. Until such time as a successor Trustee can be appointed, the retiring Trustee shall continue to serve as a Trustee in accordance with the terms of this Trust agreement. The removal of any Trustee and the appointment of a new Trustee shall be by a written instrument delivered to the Trustees. The Corporation shall supply the retiring Trustee with such resolutions, notices, agreements or other documents reasonably acceptable to the retiring Trustee that evidence that the successor Trustee was properly appointed and has accepted that appointment. Each successor Trustee shall have all the rights, powers, titles, discretions, duties and immunities given to, or required of, the Trustees by the Trust. If the Corporation fails to appoint a successor Trustee within 90 days after the effective date of the Trustee's resignation or removal, the Trustees, at the Trust's expense, may file an action requesting that a court of competent jurisdiction immediately appoint a successor Trustee.

### 10.3   Transfer to Successor Trustees

Upon the appointment of successor Trustees, the Trust Fund shall be treated as being transferred or delivered to the successor Trustees. To the extent the retiring Trustees have any unpaid fees or has incurred reasonable fees and expenses in connection with the settlement of the Trust's account or otherwise, the Trustees shall bill the Corporation separately for these charges and the Corporation shall promptly pay them.

## ARTICLE 11

## TERMINATION

This Trust agreement and the Trust created hereby may be terminated at any time by the Corporation, and upon such termination or upon the dissolution or

liquidation of the Corporation, in the event that a successor to the Corporation by
operation of law or by the acquisition of its business interests shall not elect to continue
the Trust, the Trust Fund shall be paid out by the Trustees in satisfaction of payments or
reimbursements to any Person for benefits under the Plan and administrative costs of the
Trust and any remaining amounts in the Trust Fund thereafter shall be paid out when and
in the manner directed in Proper Instructions by the Administrator, including, and
transfers to one or more other trusts qualified under section 501(c)(9) of the Code.  In the
event of termination, if assets are held in a Dedicated Account, such assets which are
transferred to a different trust qualified under Section 501(c)(9) of the Code will be used
for the sole purposes of the Dedicated Account.  Notwithstanding the foregoing, the
Trustees shall not be required to pay out any assets of the Trust Fund upon termination of
the Trust until the Trustees have received Proper Instructions from the Administrator
certifying:  (a) that all provisions of Applicable Law with respect to such termination
have been complied with; and (b) that the assets are being used for purposes permitted
under Section 501(c)(9) of the Code.  The Trustees may rely conclusively on such written
certification, and shall be under no obligation to investigate or otherwise determine its
propriety.

## ARTICLE 12

## MISCELLANEOUS

### 12.1    Governing Law and Jurisdiction

Except to the extent otherwise specifically required by ERISA, this Trust
agreement and the Trust created hereby shall be construed, regulated, and administered
under the laws of the United States or the State of New York, as applicable, without
regard to that State's principles regarding conflicts of law.  The parties further hereby
knowingly, voluntarily and intentionally waive, to the fullest extent permitted by
Applicable Law, any right to a trial by jury with respect to any lawsuit or judicial
proceeding arising or relating to this Trust agreement or the transactions contemplated
hereby.  All contributions to the Trust shall be deemed to take place in the State of New
York.

### 12.2   Amendment

This Trust agreement may be amended by written agreement between the
Trustees and the Corporation at any time or from time to time, and the provisions of any
such amendment may be applicable to the Trust Fund as constituted at the time of the
amendment as well as to any part of the Trust Fund subsequently acquired, provided,
however, that no such amendment shall authorize or permit any part of the Trust Fund to
be used for or diverted to purposes other than those permitted by Section 501(c)(9) of the
Code, or cause or permit any portion of the Trust Fund to revert to the Corporation. To
the extent permitted by Applicable Law, any amendment may be made retroactively.

### 12.3   Duty to Furnish Information

Both the Corporation and Investment Manager, on one hand, and the
Trustees, on the other hand, shall furnish to the other any documents, reports, returns,
statements or other information that the other reasonably deems necessary to perform its
duties imposed under the Plan or this Trust agreement or otherwise imposed by law.

### 12.4   Parties Bound; Survival

(a)      This Trust agreement shall be binding upon the parties hereto, and,
as the case may be, the heirs, executors, administrators, successors, and assigns of each of
them.

(b)      The provisions of Articles 6 through 9 shall survive termination of
the Trust created under this Trust agreement or resignation or removal of the Trustees for
any reason.

### 12.5   Necessary Parties to Disputes

Necessary parties to any accounting, litigation or other proceedings shall
include only the Trustees and the Corporation, and the settlement or judgment in any
such case in which the Corporation and the Trustees are duly served or cited shall be
binding upon all Participants in the Plan and their beneficiaries and estates, and upon all
persons claiming by, through or under them.

### 12.6   Severability

If any provisions of this Trust agreement shall be held by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions of this Trust agreement shall continue to be fully effective.

### 12.7   References

Unless the context clearly indicates to the contrary, a reference to a statute, regulation, document or provision shall be construed as referring to any subsequently enacted, adopted or executed counterpart and amendment.

### 12.8   Segregation of Subsidiary or Other Unit

If any unit, whether or not separately incorporated, of the business of the Corporation or any Employer is disposed of, through divestiture, joint venture, spin off or otherwise, the Corporation, at its sole discretion, may at any time direct in Proper Instructions the segregation of some or all of the assets of the Trust. If the Corporation directs such segregation, the Corporation may direct in Proper Instructions the Trustees to establish an identical trust and deliver to itself as Trustees of such separate trust such assets of the Trust as may be determined by the Corporation in its sole discretion to constitute the appropriate share of the assets of the Trust to be transferred to the separate trust. No such transfer shall alter the exclusive purposes under Section 501(c)(9) of the Code for which such assets may be used. In no event shall the Corporation be obligated to direct any segregation of the assets or direct the establishment of an identical trust. If the Trust assets are segregated and an identical trust is established as described, the segregated business unit shall have the rights and responsibilities with respect to the separate trust of the Corporation and Administrator, as described in this Trust agreement, and no such segregation and separate trust shall be effective until the segregated unit agrees to such responsibilities.

### 12.9   Force Majeure

The Trustees shall be without liability to the Corporation and the Trust for any loss resulting from or caused by events or circumstances beyond its reasonable control including, but not limited to nationalization, expropriation, currency restrictions, act of war or terrorism, riot, revolution, acts of God or other similar events or acts.

### 12.10  Headings

Headings and subheadings in this Trust agreement are inserted for
convenience of reference only and are not to be considered in the construction of its
provisions.

### 12.11  No Liability for Acts of Predecessor and Successor Trustees

The Trustees shall have no liability for the acts or omissions of any
predecessors or successors in office.

### 12.12  Counterparts

This Trust agreement may be executed in one or more counterparts, each
of which shall constitute an original.

In witness of the foregoing, the undersigned have caused this instrument to
be executed by their duly authorized officers as of the day and year first above written.

ACESO HOLDINGS INC.

By: _____

Name: PAUL Imbimbo

Title: President

Date: September 12, 2008

Attest: _____

TRUSTEE

_____

Name:  Paul Imbimbo

Date:  September 12, 2008

ACCEPTED AND AGREED
this 12ᵗʰ day of September, 2008:

LEHMAN BROTHERS HOLDINGS INC.

By: _____

Name: PAUL IMBIMBO

Title: VICE PRESIDENT

FIRST AMENDMENT
TO THE
LEHMAN HEALTH CARE TRUST AGREEMENT


The Lehman Health Care Trust Agreement (the "Agreement"), made and

effective as of September 12, 2008, by and between ACESO HOLDINGS INC., a corporation

organized under the laws of the state of Delaware, and Paul Imbimbo, as Trustee (later

succeeded by Wendy Uvino ("Trustee")), is hereby amended as follows effective January 1,

2010:

1.    All references in the Agreement to the authorized provision, funding

and/or payment of benefits (and payment of reasonable administrative expenses) under the

Lehman Brothers Holdings Inc. Group Benefits Plan ("Plan") shall be expanded and interpreted

to include the provision, funding and/or payment of health care benefits (and payment of

associated reasonable administrative expenses) to certain retirees whose participation in the

Lehman Retiree Health and Medical Plan, a subset of the Plan, was terminated as of December

31, 2009 and to whom alternative coverage options were made available separately through

Aetna, Inc. (the "Authorized Retiree Arrangements").


2.    For purposes of Sections 2.2, 6.1 and 7.3 of the Agreement, any references

to the "Plan" shall be deemed to include references to the "Authorized Retiree Arrangements."


*Signature Page Follows*

IN WITNESS WHEREOF, the undersigned hereby execute this Amendment

effective as of January 1, 2010.

**ACESO HOLDINGS INC.**

By _____

Name:  Arthur Ainsberg

Title:  Director

Date:  1/28/2010

**TRUSTEE**

_____

Name:  Wendy M. Uvino

Date:  1/27/2010