# Exhibit D

**(Hershan Declaration)**

US_ACTIVE:\43318168\24\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
           Debtors.                                :    (Jointly Administered)
                                                   :
---------------------------------------------------------------------x

**DECLARATION OF ROBERT HERSHAN IN SUPPORT OF
JOINT MOTION OF LEHMAN BROTHERS HOLDINGS
INC. AND JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN
BROTHERS INC., PURSUANT TO SECTIONS 105(a) AND 363 OF THE
BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE (I) FOR AUTHORIZATION
AND APPROVAL OF A STOCK PURCHASE AGREEMENT
REGARDING THE VEBA AND (II) FOR AUTHORIZATION
AND APPROVAL OF A SETTLEMENT REGARDING THE SAME**

Robert Hershan hereby declares under penalty of perjury pursuant to section 1746 of title 28 of the United States Code:

1. I am over 18 years of age and make these statements based on my personal knowledge, my review of the business records of Lehman Brothers Holdings Inc. ("LBHI"), and/or my consultation with employees of LBHI, LBHI's subsidiaries, and Alvarez & Marsal North America, LLC ("A&M"). If called to testify, I could testify to the truth of the matters set forth herein.

2. I make this declaration on behalf of LBHI in support of LBHI's motion (the "Motion")[1], pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) for authorization and approval of a Stock Purchase Agreement

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

regarding the VEBA and (ii) for authorization and approval of a settlement (the "Settlement") with Lehman Brothers Inc. ("LBI") regarding the same.

3. I am a Managing Director with Alvarez and Marsal. I was assigned to the Lehman matter on September 17, 2008. My primary areas of responsibility include managing all post-petition employment related matters of the Debtors. I have been involved in discussions regarding the VEBA, the Stock Purchase Agreement and the Settlement, each as described in the Motion.

4. I have knowledge of the facts and representations set forth in the Motion regarding the creation and funding of the VEBA, the use of the VEBA after the Commencement Date, the disputes and asserted claims between the Debtors and LBI in connection with the VEBA, the proposed Stock Purchase Agreement and the Settlement. I have reviewed the Motion and, as it relates to LBHI, it accurately reflects the foregoing.

5. Given the totality of the circumstances and after consultation with counsel, the Debtors believe that the Stock Purchase Agreement and the Settlement are fair and reasonable, represent a sound exercise of business judgment and are in the best interests of the Debtors. LBHI has negotiated the Settlement and the Stock Purchase Agreement at arm's-length and in good faith and has achieved a fair and equitable resolution regarding the VEBA. Accepting a transfer of the VEBA will enable LBHI and its affiliated Debtors to use the VEBA for its intended purpose to pay benefit costs of current employees. As a result of the settlement, LBHI recovers a meaningful portion of the funds it transferred to LBI for the establishment of the VEBA and will be able to apply such funds to reduce its current administrative expense costs until the VEBA has been exhausted. If the VEBA is transferred to the control of LBHI, the Debtors will

realize a direct savings of approximately $6.5 million per year because the VEBA funds can be used for the payment of these costs. LBHI will seek an exemption from the Department of Labor to obtain reimbursement of approximately $25 million for expenses paid on behalf of retirees and former employees on long term disability from April 2009 through December 2009 and current employees from April 2009 through the date that the VEBA begins making payments of such benefits.

6. It will not be burdensome to LBHI to resume the administration of the VEBA because LBHI had administered Retiree Health Benefits through March 2009 and, therefore, already possesses the administrative capability to provide such services without incurring a substantial cost. LBHI will also be reimbursed from the VEBA for its costs of administration.

7. The Settlement is also in the best interests of the Debtors because it eliminates the risks to the Debtors associated with litigating the disputes with LBI regarding the funding and use of the VEBA and avoids the costs and time that would have to be expended in connection with such litigation. LBHI has evaluated and weighed the benefits that it will receive from the Settlement against the cost of waiving its unsecured claim against LBI for the money that it advanced to LBI to enable it to fund the VEBA. The Settlement and Stock Purchase Agreement enable LBHI to maximize the value of its unsecured claim against LBI for the VEBA. The SIPA Trustee indicated in his "State of the LBI Estate" presentation that he made at an August 9, 2011 hearing that he did not anticipate that unsecured creditors will realize a meaningful recovery in the SIPA proceeding. Based on that, LBHI believes that the value it expects to receive from the Settlement is likely to exceed its projected recovery on account of its unsecured claim

against LBI relating to the VEBA. In addition, pursuant to the Settlement, the SIPA Trustee, on behalf of LBI, agrees to waive its asserted claims against the Debtors for administrative expenses for any use of the VEBA funds for the benefit of the Debtors' employees and its claim for reimbursement of any payments or transfers made by the VEBA prior to the Stock Purchase Agreement for the benefit of the Debtors or any of their affiliates. Given the totality of the circumstances, the benefits that LBHI receives pursuant to the settlement are more valuable than any claim LBHI is waiving against LBI as part of the settlement. Based on all of the foregoing, the Settlement is in the best interests of the Debtors and within the range of reasonableness.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 21st day of October, 2011

_____