# Exhibit E

**(Harrison Declaration)**

US_ACTIVE:\43318168\24\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re

LEHMAN BROTHERS INC.,

Debtor.

---

Case No. 08-01420 (JMP) SIPA

### DECLARATION OF SPENCER L. HARRISON, ESQ. IN SUPPORT OF JOINT MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN BROTHERS INC., PURSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) FOR AUTHORIZATION AND APPROVAL OF A STOCK PURCHASE AGREEMENT REGARDING THE VEBA AND (II) FOR AUTHORIZATION AND APPROVAL OF A SETTLEMENT REGARDING THE SAME

Spencer L. Harrison, Esq. hereby declares under penalty of perjury pursuant to section 1746 of title 28 of the United States Code:

1. I am a partner of Hughes Hubbard & Reed LLP, attorneys for James W. Giddens (the "SIPA Trustee") as trustee for the liquidation of Lehman Brothers Inc. ("LBI").

2. I make this declaration in support of the motion (the "Motion")[1] of the SIPA Trustee, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, (i) for authorization and approval of a Stock Purchase Agreement regarding the VEBA and (ii) for authorization and approval of a settlement (the "Settlement") with Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors regarding the same.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

3. The SIPA Trustee and LBHI have conducted arm's length, good faith negotiations that have resulted in the Settlement and the Stock Purchase Agreement. Given the restrictive use of the VEBA, and the fact that LBI has no current employees, there is no apparent direct benefit that LBI can realize from its continued indirect ownership of the VEBA. This disposition will result in LBI and its customers and creditors avoiding administrative costs associated with administering the VEBA.

4. The Settlement provides for an orderly resolution of all matters related to the VEBA and the continued administration of the VEBA. The Settlement allows the parties to avoid costly and time-consuming litigation concerning the VEBA.

5. The SIPA Trustee is not aware of any parties that have any liens, claims, encumbrances, or interests in the Shares and the SIPA Trustee has not encumbered or otherwise granted a lien or security interest in the Shares.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 21st day of October, 2011

Spencer L. Harrison, Esq.