McKENNA LONG & ALDRIDGE LLP
230 Park Avenue, Suite 1700
New York, New York  10169
Telephone: (212) 922-1800
Facsimile:  (212) 922-1819
Christopher F. Graham

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia  30308
Telephone: (404) 527-4000
Facsimile:  (404) 527-4198
Charles D. Weiss

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                          :
**In re**                                                 :      **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :      **08-13555 (JMP)**
                                                          :
                    **Debtors.**                          :      **(Jointly Administered)**
                                                          :
                                                          :
---------------------------------------------------------------x

**SIXTH SUPPLEMENTAL DECLARATION OF CHARLES D. WEISS**
**IN CONNECTION WITH THE DEBTORS' ENGAGEMENT OF**
**McKENNA LONG & ALDRIDGE LLP AS SPECIAL COUNSEL**

CHARLES D. WEISS, hereby declares, pursuant to section 1746 of title 28 of the United States

Code, as follows:

    1.    I am a partner in the firm of McKenna Long & Aldridge LLP ("McKenna" or the

"Firm"), a law firm with principal offices at 303 Peachtree Street, N.E., Suite 5300, Atlanta,

Georgia  30308 and at 1900 K Street, N.W., Washington, DC  20006, and other offices in

Albany, New York; Brussels, Belgium; Denver, Colorado; Los Angeles, California; New York,

New York; Philadelphia, Pennsylvania; San Diego, California; and San Francisco, California.

2.      Unless otherwise stated in this Sixth Supplemental Declaration, I have personal

knowledge of the facts set forth herein.  To the extent any information disclosed herein requires

amendment or modification upon McKenna's completion of further review or as additional

information becomes available to it, a supplemental declaration will be submitted to the Court

reflecting such amended or modified information.

3.      I initially submitted a declaration (the "Initial Declaration") in connection with

the Application dated December 2, 2008 (the "Application") of Lehman Brothers Holdings Inc.

("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates,

"Lehman"), for approval of the Debtors' employment and retention of McKenna as special

counsel in the above-captioned chapter 11 cases at the Firm's normal hourly rates in effect from

time to time and in accordance with the Firm's normal reimbursement policies, in compliance

with sections 328(a), 329 and 504 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

(the "Bankruptcy Code") and to provide disclosure required under Rules 2014(a) and 2016(b) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors filed the

Application requesting approval from this Court to retain and employ McKenna as special

counsel during these chapter 11 cases to provide services with respect to commercial lending,

loan restructuring, collection and litigation matters.

4.      On December 9, 2008, I submitted a supplemental declaration in further support

of the Application (the "First Supplemental Declaration").

5.    By order entered December 18, 2008, the Court granted approval for the employment of McKenna as special counsel, *nunc pro tunc* to the Commencement Date. No objections to the Employment Application were filed, and, accordingly, the Court's order of December 18, 2008 became final.

6.    On April 13, 2009, I submitted a second supplemental declaration in further support of the Application (the "Second Supplemental Declaration").

7.    On September 1, 2009, I submitted a third supplemental declaration in connection with the Debtors' engagement of McKenna (the "Third Supplemental Declaration").

8.    On October 13, 2009, I submitted a fourth supplemental declaration to provide additional information with respect to McKenna's connections to parties in interest (the "Fourth Supplemental Declaration").

9.    On January 26, 2010, I submitted a fifth supplemental declaration to provide additional information with respect to McKenna's connections to parties in interest (the "Fifth Supplemental Declaration").

10.    This Fifth Supplemental Declaration provides additional information with respect to McKenna's connections to parties in interest disclosed in the Initial Declaration, the First Supplemental Declaration, the Second Supplemental Declaration, the Third Supplemental Declaration, the Fourth Supplemental Declaration and the Fifth Supplemental Declaration.

11.    McKenna is representing a client in an additional matter in which it is our understanding the Debtors are indirectly involved. This matter is wholly unrelated to the matters on which we are engaged as special counsel to Debtors.

12.    McKenna has been engaged by TriMont Real Estate Advisors, Inc. ("TriMont") to represent TriMont as special servicer in connection with a securitized mortgage loan in the

3

principal face amount of $32 million secured by an office property known as Liberty Square in Greenville, South Carolina (the "Mortgage Loan"). The mortgage borrowers are FRI Greenville II, LLC, a Delaware limited liability company, and Riverside Greenville, LLC, a Delaware limited liability company (collectively, the "Mortgage Borrowers"). LBHI holds a mezzanine loan in the principal face amount of $24.8 million secured by direct and indirect equity interests in the Mortgage Borrowers. The mezzanine borrowers are FRI Greenville Mezz II, LLC, a Delaware limited liability company, and Riverside Mezz, LLC, a Delaware limited liability company. The primary role of McKenna is to advise TriMont with regards to matters relating to the Mortgage Loan and the Mortgage Borrowers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on October 10, 2011.

_____
Declarant: Charles D. Weiss