UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC, *et. al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

## STIPULATION AND AGREEMENT FOR PROVISIONAL ALLOWANCE OF CLAIMS OF FANNIE MAE AND FREDDIE MAC SOLELY FOR PURPOSES OF VOTING ON THE DEBTORS' PLAN

This stipulation ("**Stipulation**") is entered into as of this 20th day of October, 2011 (the "**Effective Date**"), by and among (i) the Federal National Mortgage Association ("**Fannie Mae**"), (ii) the Federal Home Loan Mortgage Corporation ("**Freddie Mac**"), and (iii) Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors and debtors-in-possession (collectively with LBHI, the "**Debtors**," and together with Fannie Mae and Freddie Mac, the "**Parties**," and each of them, a "**Party**") in the jointly administered chapter 11 bankruptcy cases captioned In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP) (the "**Bankruptcy Cases**") pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

### RECITALS

WHEREAS, on September 6, 2008, the Federal Housing Finance Agency ("**FHFA**") was appointed conservator (the "**Conservator**") for Fannie Mae and Freddie Mac, and granted all rights, powers and privileges as Conservator thereof, pursuant to 12 U.S.C. § 4617, as amended by P.L. 110-289, which was enacted as part of the Housing and Economic Recovery Act of 2008 ("**HERA**");

WHEREAS, LBHI and certain of the Debtors commenced the Bankruptcy Cases on September 15, 2008, with additional chapter 11 petitions filed thereafter for certain of the other Debtors. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on July 2, 2009, the Bankruptcy Court entered an *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (Docket No. 4271), which, among other things set September 22, 2009 as the general bar date for filing proofs of claim in the Bankruptcy Cases;

WHEREAS, on or before September 22, 2009, (i) Fannie Mae timely filed Claim No. 29556 and Claim No. 29557 in the Bankruptcy Cases; and (ii) Freddie Mac timely filed Claim No. 33568, Claim No. 33569 and Claim No. 33576 in the Bankruptcy Cases;

WHEREAS, on August 31, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors (as may be further modified from time to time, the "**Third Amended Plan**") and a related disclosure statement (as may be further modified from time to time, the "**Disclosure Statement**"). On September 1, 2011, the Bankruptcy Court entered the order approving the adequacy of the information in the Disclosure Statement (the "**Disclosure Statement Order**").

### Fannie Mae Claims

WHEREAS, Claim No. 29556, which was subsequently timely amended and superseded by Claim No. 40611 (the "**Amended Fannie Mae Claim**"), was filed by Fannie Mae against Lehman Brothers Special Financings Inc. ("**LBSF**") on account of, inter alia, a certain ISDA Master Agreement with LBSF, dated May 8, 2003. LBHI guaranteed LBSF's obligations under

2

that derivative contract. Claim No. 29557 filed by Fannie Mae against LBHI included a claim based on that derivative contract, among other claims. Pursuant to a settlement agreement, the Amended Fannie Mae Claim was allowed (i) against LBSF as a general, non-priority unsecured claim in the amount of $110 million (the "**Allowed Fannie Mae LBSF Claim**"); and (ii) against LBHI as a general, non-priority unsecured claim in the amount of $110 million (the "**Allowed Fannie Mae LBHI Claim**," and together with the Allowed Fannie Mae LBSF Claim, the "**Allowed Fannie Mae Claims**").

WHEREAS, Claim No. 29557 was filed by Fannie Mae against LBHI in the approximate amount of $19.058 billion (the "**Fannie Mae LBHI Claim**," and together with the Allowed Fannie Mae Claims, the "**Fannie Mae Claims**").[1] The Fannie Mae LBHI Claim asserts claims arising from, inter alia, (i) LBHI's obligation to repurchase mortgages and participation interests sold to Fannie Mae pursuant to the Mortgage Selling and Servicing Contract dated April 8, 1999, as amended from time to time (the "**MSSC**"), and arising from LBHI's asserted breach of warranties and other breaches of the MSSC and certain related agreements; (ii) LBHI's asserted breach of representations and warranties and other breaches of thirty-eight (38) Sale and Servicing Stipulations entered into between November 1, 2000 and February 1, 2005, with respect to the selling and servicing of mortgages sold to Fannie Mae; (iii) LBHI's asserted breach of representations and warranties in connection with a Sale Stipulation, dated October 5, 2007, pursuant to which LBHI sold nine (9) mortgage loans, secured by one-hundred (100) multifamily properties, to Fannie Mae; (iv) the sale of certain bonds to Fannie Mae pursuant to

---

[1] The descriptions of the Fannie Mae Claims contained in this Stipulation are for reference only, and are subject in all respects to the terms and conditions of the Fannie Mae Claims, as more specifically set forth therein and, except to the extent any of the Fannie Mae Claims have previously been separately allowed by an order of the Bankruptcy Court or agreement by the Parties, does not represent any admission by the Debtors in any respect.

offering materials dated between 2006 and 2007 that Fannie Mae asserts contained material misstatements and omissions in violation of Section 11 and Section 12 of the Securities Act of 1933; and (v) certain notes issued by LBHI for which Fannie Mae claims violations by LBHI of Sections 11 and 12 of the Securities Act of 1933;

### Freddie Mac Claims

WHEREAS, Claim No. 33568 was filed by Freddie Mac against LBHI in the amount of $1,202,241,875.00 (the "**Freddie Mac Priority Claim**") on account of LBHI's obligation to repay two (2) loans made by Freddie Mac to LBHI on August 19 and August 20, 2008, in the amounts of $450,000,000 and $750,000,000, respectively, evidenced by two separate transfers of funds from Freddie Mac's account at the Federal Reserve Bank of New York to LBHI's account at Citibank, which loans were scheduled to be repaid "early return" on September 15, 2008;

WHEREAS, Claim No. 33569 was filed by Freddie Mac against LBSF in the amount of $17,239,087.33 (the "**Freddie Mac ISDA Claim**") on account of a certain ISDA Master Agreement with LBSF, dated as of February 4, 1993. LBHI guaranteed LBSF's obligations under that derivative contract. Claim No. 33576 filed by Freddie Mac against LBHI included a claim based on that derivative contract, among other claims. Pursuant to that certain Termination Agreement, dated July 27, 2011, the Freddie Mac ISDA Claim was allowed (i) against LBSF as a general, non-priority unsecured claim in the amount of $16,394,310.08 (the "**Allowed Freddie Mac LBSF Claim**"); and (ii) against LBHI as a general, non-priority unsecured claim in the amount of $16,100,024.63 (the "**Allowed Freddie Mac LBHI Claim**", and together with the Allowed Freddie Mac LBSF Claim, the "**Allowed Freddie Mac Claims**");

WHEREAS, Claim No. 33576 was filed by Freddie Mac against LBHI for seller/servicer related obligations pursuant to that certain Master Commitment in the amount of

4

$885,839,087.33 (the "**Freddie Mac LBHI Claim**," and together with the Freddie Mac Priority Claim and the Allowed Freddie Mac Claims, the "**Freddie Mac Claims**");[2]

### Priority Claims

WHEREAS, Fannie Mae and Freddie Mac, and FHFA as Conservator thereof, have asserted that the Fannie Mae Claims and the Freddie Mac Claims (collectively, the "**Claims**") are entitled to priority "superior to any rights of a trustee or any other party (other than any party which is a Federal agency) under Title 11 [of the United States Code]," pursuant to 12 U.S.C. § 4617(b)(15)(D);

WHEREAS, subsequent to the filing of the Fannie Mae Claims, and as of the date hereof, Fannie Mae, and FHFA as Conservator thereof, have determined that Fannie Mae and FHFA will not assert any priority under 12 U.S.C. § 4617(b)(15)(D) with respect to either the Allowed Fannie Mae Claims or as to approximately $16 billion of the amounts sought in the Fannie Mae LBHI Claim. With respect to the balance of the Fannie Mae LBHI Claim, Fannie Mae, and FHFA as Conservator thereof, continue to assert the statutory priority of approximately a $2.7 billion portion of the Fannie Mae LBHI Claim (the "**Fannie Mae Priority Claim**"), and have not yet determined whether to pursue such priority in respect of the Fannie Mae Priority Claim;

WHEREAS, subsequent to the filing of the Freddie Mac Claims, Freddie Mac, and FHFA as Conservator thereof, determined that Freddie Mac and FHFA will not assert any priority under 12 U.S.C. § 4617(b)(15)(D) as to either the Allowed Freddie Mac Claims or the Freddie Mac

---

[2] The descriptions of the Freddie Mac Claims contained in this Stipulation are for reference only, and are subject in all respects to the terms and conditions of the Freddie Mac Claims, as more specifically set forth therein and, except to the extent any of the Freddie Mac Claims have previously been separately allowed by an order of the Bankruptcy Court or agreement by the Parties, does not represent any admission by the Debtors in any respect.

LBHI Claim, but that they intend to continue to assert a priority under 12 U.S.C. § 4617(b)(15)(D) as to the full amount of the Freddie Mac Priority Claim;

WHEREAS, the Parties enter into this Stipulation for the purposes of provisionally allowing the Claims as set forth herein solely for the purposes of allowing Fannie Mae and Freddie Mac to vote on the Third Amended Plan, consistent with the Disclosure Statement Order.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants, agreements and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, upon the foregoing recitals, which are incorporated herein in all respects, the Parties enter into this Stipulation for purposes of addressing the Claims for purposes of voting on the Plan, including, as appropriate, the provisional allowance of certain of such Claims, and to that end, agree as follows:

1. Fannie Mae and Freddie Mac, respectively, shall each be entitled to vote the Allowed Fannie Mae Claims and the Allowed Freddie Mac Claims in the amounts previously agreed to by the Parties and/or allowed pursuant to an order of the Bankruptcy Court in the classes set forth below:

| Claimant | Claim Number | Amount | Class |
|---|---|---|---|
| Fannie Mae | 40611 | $110,000,000 | LBSF (Class 4A General Unsecured Claims other than those of the Racer Trusts against LBSF) |
| Fannie Mae | 29557 | $110,000,000 | LBHI Class 9A (Third-Party Guarantee Claims other than of the |

| Claimant | Claim Number | Amount | Class |
|---|---|---|---|
| | | | Racer Trusts against LBHI) |
| Freddie Mac | 33569 | $16,394,310.08 | LBSF (Class 4A General Unsecured Claims other than those of the Racer Trusts against LBSF) |
| Freddie Mac | 33576 | $16,100,024.63 | LBHI Class 9A (Third-Party Guarantee Claims other than of the Racer Trusts against LBHI) |

2. Upon the Effective Date, the Fannie Mae LBHI Claim, the Freddie Mac Priority Claim and the Freddie Mac LBHI Claim shall each be deemed provisionally allowed, for purposes of voting on the Third Amended Plan, in the classes and the amounts set forth below:

| Claimant | Claim Number | Amount | Class |
|---|---|---|---|
| Fannie Mae | 29557 | $6,000,000,000 | LBHI Class 7 (General Unsecured Claims) |
| Freddie Mac | 33568 | $1,202,241,875.00 | LBHI Class 3 (Senior Unsecured Claims) |
| Freddie Mac | 33576 | $868,600,000.00 | LBHI Class 7 (General Unsecured Claims) |

3. This Stipulation shall become effective once it is executed by each of the Parties.

4. Notwithstanding anything in this Stipulation, the Disclosure Statement, the Third Amended Plan or in any other documents or pleadings filed in respect thereof or otherwise in the Bankruptcy Cases to the contrary, the provisional allowance of the Fannie Mae LBHI Claim, the Freddie Mac Priority Claim and the Freddie Mac LBHI Claim pursuant to this Stipulation shall be solely for purposes of voting on the Third Amended Plan, and shall not be deemed a

determination of, or have any effect on, the amount, allowance, classification and/or priority of such Claims under the Third Amended Plan.

5. Except to the extent that any of the Claims have previously been allowed by order of the Bankruptcy Court or agreement of the Parties, the Parties hereby reserve all rights of the Parties and the Conservator relating to the amount, allowance, classification and/or priority of the Claims for all purposes, including in connection with any distributions under the Third Amended Plan or otherwise in respect of these Bankruptcy Cases, and nothing in this Stipulation, the Disclosure Statement, the Third Amended Plan, or any other pleadings or documents filed in connection therewith, shall (i) have any effect on or prejudice the Debtors in respect of the Claims, including the amount, allowance, classification and/or priority of such Claims, or in respect of distributions on account thereof, and nothing herein shall be deemed an admission, release or waiver of the Debtors' rights with respect to such Claims, nor (ii) have any effect on or prejudice the rights of Fannie Mae, Freddie Mac, or FHFA as Conservator thereof, respectively, in respect of the Claims, including the amount, allowance, classification and/or priority of such Claims, or in respect of distributions on account thereof, and including their right to assert that the Fannie Mae Priority Claim and the Freddie Mac Priority Claim are entitled to be treated as priority claims based on the rights, powers, and privileges of FHFA under HERA, and all rights of Fannie Mae, Freddie Mac, and FHFA as Conservator thereof under HERA, are fully reserved in that regard, and nothing herein shall be deemed an admission, release or waiver of the rights of Fannie Mae, Freddie Mac, or FHFA, as Conservator thereof, with respect to such Claims. In addition, nothing in this Stipulation, shall affect, limit or otherwise prejudice FHFA's rights, powers and privileges under HERA, as Conservator of Fannie Mae and Freddie Mac.

6. Except as specifically set forth herein, this Stipulation shall not affect the Claims and is without prejudice to, and shall in no way affect, the rights of the Parties hereto or the Conservator with respect to the Claims, and neither this Stipulation, any of the provisions hereof, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any aspect of the Claims or of any other claim or right of any kind, or of any wrongdoing or liability of any of the Parties or the Conservator in the Debtors' Bankruptcy Cases, or any other matter pending before the Bankruptcy Court.

7. The Debtors shall direct the solicitation agent to deliver ballots or amended ballots in connection with voting on the Plan to the undersigned counsel for each of Fannie Mae and Freddie Mac consistent with the provisions of paragraphs 1 and 2 of this Stipulation.

8. Each Party acknowledges that (a) this Stipulation was drafted jointly by the Parties, (b) it has consulted with attorneys of its choosing and fully understands the terms hereof, (c) it has received legal advice regarding the advisability of entering into this Stipulation, and (d) it is executing this Stipulation voluntarily. This Stipulation shall not be strictly construed against any Party on the grounds that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

9. This Stipulation shall apply to and be binding upon and inure to the benefit of each Party and their respective agents, employees, successors (including the Debtors' bankruptcy estates and including any trustee appointed to administer the Bankruptcy Cases or any subsequent chapter 7 case(s)) and assigns, and any entity into which such Party may be merged or consolidated.

10. Each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is authorized to execute this Stipulation in his/her representative capacity, as reflected below and on behalf of the Party indicated.

11. The provisions of this Stipulation are severable, and the illegality or unenforceability of any part or provision shall not affect the enforceability of any other part or provision, and this Stipulation shall be construed as if such illegal or unenforceable part or provision were omitted but only to the extent of such illegality or unenforceability.

12. This Stipulation may be signed in counterparts and by fax signature or in portable document format (PDF), each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Parties.

13. This Stipulation contains the entire agreement between the Parties hereto regarding the subject matter hereof and may not be modified other than by a signed writing executed by all Parties and delivered to each Party.

IN WITNESS WHEREOF, THIS STIPULATION HAS BEEN READ AND SIGNED IN DUPLICATE ORIGINALS BY EACH OF THE PARTIES:

WEIL, GOTSHAL & MANGES LLP

*/s/ Alfredo R. Pérez*

Alfredo R. Pérez
700 Louisiana, Suite 1600
Houston, Texas 77002-2755
(713) 546-5040

*Attorneys for the Debtors and Debtors-in-Possession*

WINSTON & STRAWN LLP

*/s/ David Neier*

David Neier
200 Park Avenue
New York, New York 10166-4193
(212) 294-6700

*Attorneys for Federal National Mortgage Association*

LANDMAN CORSI BALLAINE & FORD P.C.

*/s/ Mark S. Landman*

Mark S. Landman
120 Broadway
New York, New York 10271
(212) 238-4800

*Attorneys for Federal Home Loan Mortgage Corporation*