WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
*Attorneys for JPMorgan Chase Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) |
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>　　　　　　　Debtor. | Case No. 08-01420 (JMP) SIPA |

**MOTION OF JPMORGAN CHASE BANK, N.A. TO SEAL PORTIONS OF THE
OBJECTION TO PORTIONS OF PROOFS OF CLAIM NO. 66462 AGAINST LEHMAN
BROTHERS HOLDINGS INC. AND NO. 4939 AGAINST LEHMAN BROTHERS INC.
OF JPMORGAN CHASE BANK, N.A. REGARDING TRIPARTY REPO-RELATED
LOSSES PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE**

Pursuant to section 107(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 9018, the parties' Confidentiality Stipulation and Protective Order (the "Stipulation"), and supported by good cause, JPMorgan Chase Bank, N.A. ("JPMorgan") moves for an order to seal portions of the Objection to Portions of Proofs of Claim No. 66462 Against Lehman Brothers Holdings Inc. and No. 4939 Against Lehman Brothers Inc. of JPMorgan Chase Bank, N.A. Regarding Triparty Repo-Related Losses (the "Objection"). In support of this Motion, JPMorgan respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On April 1, 2010, JPMorgan filed its amended Proofs of Claim against the Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Inc. ("LBI") estates.

3. On August 19, 2010, in connection with adversary proceeding *Lehman Brothers Holdings Inc. and Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.* v. *JPMorgan Chase Bank, N.A.*, Adv. Pro. No. 10-03266 (JMP), the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (the "Committee" and, together with LBHI, the "Objectors") and JPMorgan entered into the Confidentiality Stipulation and Protective Order (the "Confidentiality Stipulation"). This Court "so ordered" the Confidentiality Stipulation on September 1, 2010. Paragraph 7 of the Confidentiality Stipulation provides:

> 7. Court Filings. No Confidential or Highly Confidential Discovery Material shall be filed in the public record absent the consent of the Producing Party or an order of the Court so permitting. In the event that a Receiving Party wants to file with the Court any Confidential or Highly Confidential Discovery Material and the Producing Party does not consent to such material being filed in the public record, the Receiving Party shall make an application to the Court, on no less than ten (10) business days' notice to the Producing Party, for (i) leave under 11 U.S.C. § 107(b), or other relevant rule, to file such material under seal, or (ii) a determination that such material should not be treated confidentially.

4. On August 31, 2011, Objectors filed the Objection, which includes Confidential and Highly Confidential Discovery Material as defined in the Confidentiality Stipulation.

5. On October 11, 2011, Objectors and JPMorgan entered into the Stipulation

Regarding Objection to Portions of Claim No. 66462 Against Lehman Brothers Holdings Inc. and No. 4939 Against Lehman Brothers Inc. of JPMorgan Chase Bank, N.A. Regarding Triparty Repo-Related Losses and Motion to Unseal Same (the "<u>Objection Stipulation</u>"), attached hereto as Exhibit A, in which Objectors and JPMorgan agreed to unredact all information in the Objection and exhibits thereto, except for: (1) the names, account numbers and other identifying information of counterparties to trades with JPMorgan, (2) telephone numbers, and (3) email addresses, except where the email address is the only indication of the identity of the sender or recipient of an email in which event the portion of the email address necessary to identify the sender or recipient will not be redacted, and (4) nine lines of the email attached to the Objection as Exhibit W unrelated to the substance of the Objection.

## RELIEF REQUESTED

6.      By this Motion, JPMorgan requests entry of an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing the sealing of the portions of the Objection and exhibits thereto identified in the Objection Stipulation.

## GROUNDS FOR RELIEF

7.      Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  11 U.S.C. § 107(b).  This section provides in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.*

8.      Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

9.      The portions of the Objection and exhibits thereto identified in the Objection Stipulation that JPMorgan seeks to seal contain Confidential and Highly Confidential Discovery Material as defined in the Confidentiality Stipulation, including confidential and sensitive commercial information.  Public dissemination of this information could be detrimental and prejudicial to JPMorgan.

## WAIVER OF MEMORANDUM OF LAW

10.     This Motion includes citations to the applicable authorities and does not raise any novel issues of law.  Accordingly, JPMorgan respectfully requests that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted.

## NOTICE

11.     Pursuant to Bankruptcy Rules 9006(c) and 9018, the relief requested in this Motion to Seal is being sought without notice to any other parties. Pursuant to Bankruptcy Rule 9018, a motion to protect confidential information may be made "with or without notice." Fed. R. Bankr. P. 9018.  JPMorgan submits that service as set forth herein will be good and sufficient notice.  JPMorgan respectfully submits that no other or further notice need be provided.

12. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, JPMorgan respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:   New York, New York
         October 24, 2011

          Respectfully submitted,

          WACHTELL, LIPTON, ROSEN & KATZ

          By:   */s/ Paul Vizcarrondo, Jr.*
                Paul Vizcarrondo, Jr.

          51 West 52nd Street
          New York, NY  10019
          Telephone:  (212) 403-1000
          Facsimile:   (212) 403-2000

          *Attorneys for JPMorgan Chase Bank, N.A.*