RESPONSE DEADLINE:  October 25, 2011 at 4:00 p.m. (Eastern Time)

STRADLEY RONON STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7018
Phone: 215-564-8000
Fax:    215-564-8120
Michael J. Cordone, Esquire
Mark J. Dorval, Esquire
Email: MCordone@stradley.com
Email: MDorval@stradley.com

*Counsel for Delaware Emerging Markets*
*Fund, a Series of Delaware Group Global and International Funds*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al*. | : | |
| | : | Case No. 08-13555 (JMP) |
| Debtors. | : | |
| | : | (Jointly Administered) |

**RESPONSE OF DELAWARE EMERGING MARKETS FUND, A SERIES OF**
**DELAWARE GROUP GLOBAL AND INTERNATIONAL FUNDS, OBJECTING**
**TO "CALCULATION OF PROPOSED ALLOWED CLAIM AMOUNT FOR**
**STRUCTURED SECURITIES"**

        Delaware Emerging Markets Fund, a series of Delaware Group Global and

International Funds ("Delaware Emerging"), by and through its undersigned counsel, hereby

responds to the Notice of Proposed Allowed Claim Amount (the "Notice") and the "Calculation

of Proposed Allowed Claim Amount" (the "Calculation") issued by Lehman Brothers Holdings

Inc. ("LBHI") concerning the structured security claim filed by Delaware Emerging.  In support

of this response (the "Response"), Delaware Emerging states the following:

## FACTUAL BACKGROUND

1.      Delaware Emerging is a mutual fund series company that transacted certain business with LBHI and other affiliated entities.

2.      At various dates and times between October 10 and October 19 of 2007, Delaware Emerging purchased certain structured securities in the form of "call warrants" (the "Call Warrants") from Lehman Brothers (Luxembourg) Equity Finance S.A. ("Lehman Lux") which were guaranteed by LBHI.

3.      The Call Warrants were purchased pursuant to an offering circular dated August 8, 2007, and referenced shares of (a) Indian Oil Corporation Ltd. and (ii) Oil & Natural Gas Corp. Ltd.[1] as the underlying securities upon which the value of the Call Warrants are based.

4.      The Call Warrants required Lehman Lux to pay Delaware Emerging the "Cash Settlement Amount" for the underlying securities, calculated in accordance with the formulas set forth on Part E of each of the Call Warrants.  True and correct copies of Part E of the Call Warrants are attached collectively to this response as Exhibit "A."

5.      Delaware Emerging purchased from Lehman Lux the Call Warrants for 172,132 shares of Indian Oil Corp. Ltd. and 254,590 shares of Oil & Natural Gas Corp. Ltd., and LBHI guaranteed the payment of the "Cash Settlement Amount" due under both sets of Call Warrants.

6.      On February 6, 2009, Lehman Lux filed an insolvency proceeding in Luxembourg seeking the liquidation of its assets and is not expected to satisfy its obligations to Delaware Emerging under the Call Warrants.  Delaware Emerging has filed a claim in the liquidation proceeding of Lehman Lux and no objection to its claim has yet been asserted in the Lehman Lux liquidation proceeding.

---

[1]      Both of these securities are traded on the Indian stock exchange, and the market value and trading prices of each are reported in Indian Rupees.

BUSINESS # 1484107 v.2

7.    On September 14, 2009, Delaware Emerging filed proof of claim number 12551 (the "Delaware Emerging Claim") against LBHI in the amount of $6,897,044.62 on account of LBHI's guaranty of the Call Warrants that Delaware Emerging purchased from Lehman Lux.

8.    On August 24, 2011, LBHI filed and served upon Delaware Emerging the Notice and the Calculation seeking to deny the Delaware Emerging Claim in its entirety by valuing in the "Maximum Allowable Amount" of $0.  Neither the Notice nor the Calculation state the basis for the calculations underlying the unsupported conclusion reached by LBHI;[2] any discussion of the formula for calculating the "Cash Settlement Amount" from the Call Warrants; or any other basis in the Call Warrants, offering circular or any related documents to support LBHI's conclusion.

9.    On several occasions after receipt of the Notice and the Calculation, counsel for Delaware Emerging requested additional information from Mark Bernstein and Alfredo Perez, counsel for LBHI, in order to help understand the basis for LBHI's conclusion and the differing views of Delaware Emerging and LBHI.  Attached as Exhibit "B" to this response is an authentic copy of an email thread documenting several requests for information from LBHI's counsel and their responses.

10.    Notwithstanding LBHI's promises to the Official Committee of Unsecured Creditors (the "Committee") that LBHI would provide information to structured securities holders as part of this unique claim objection procedure for these types of claims, Delaware Emerging has been unable, despite its best efforts, to obtain any information or evidence to

---

[2]    Although there is a footnote reference to the calculations being made in accordance with the "Structured Securities Valuation Methodologies," there is nothing in such methodologies that would explain how the calculations of the Cash Settlement Amount in accordance with Part E of the Call Warrants would result in the maximum claim being zero dollars ($0), as suggested by LBHI.

- 3 -

substantiate LBHI's unsupported conclusion that the Delaware Emerging Claim should be disallowed entirely.

11.     In a telephone call from Mark Bernstein on October 11, 2011, Mr. Bernstein advised counsel for Delaware Emerging that LBHI did not have to provide any support other than what was in the Notice and the Calculation and suggested that Delaware Emerging submit a detailed calculation supporting its position (i.e., something above and beyond what is already in the Delaware Emerging Claim).  Mr. Bernstein would not commit to extend the response date under the Notice if Delaware Emerging agreed to provide such additional detail, and in light of the short time and lack of commitment to extend, Delaware has been forced to incur the cost of this response.

## RESPONSE

12.     The Notice and the Calculation and the process approved for the structured securities is the functional equivalent of the traditional process for objections to claims.  Instead of filing an objection to a claim, LBHI has obtained an order of this Court that allows it to file and serve a "Notice of a Proposed Allowed Claim Amount" and supporting calculations on structured security holders.

13.     Recognizing the dangers and potential unnecessary litigation that could ensue if the notice and calculations did not provide sufficient information for creditors to evaluate the positions taken by LBHI and its calculations, it appears that the Committee obtained assurances that LBHI would comply with creditors' reasonable requests for additional information about the notices and calculations for the structured security claims.  *See* Statement of Official Committee of Unsecured Creditors in Response to Debtors' Amended Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures for

BUSINESS # 1484107 v.2

Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc [Docket No. 19042].

14.     Ordinarily, in a bankruptcy case, pursuant to 11 U.S.C. §502(a) and Fed.R.Bankr.P. 3001(f), a claim is deemed allowed unless a party in interest objects.

15.     With regard to claim objections, if the averments in a claim are sufficient, the claim is prima facie valid, and the burden of persuasion shifts to the objector to "produce evidence sufficient to overcome the prima facie validity of the claim . . . ." *In re Rockefeller Center Properties*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000); *see also In re Feinberg*, 442 B.R. 215, 220-1 (Bankr. S.D.N.Y. 2010); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Allegheny Int'l., Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992).

16.     The evidence produced by the objecting party must be "equal in force to the prima facie case" and must be such that, if it was believed, "would refute at least one of the allegations that is essential to the claim's sufficiency." *Oneida*, 400 B.R. at 389; *see Allegheny*, 954 F.2d at 173-74.

17.     Regardless of the relaxed procedure that LBHI has established for structured securities, LBHI cannot overcome the prima facie validity of a properly filed proof of claim merely by stating, without any evidentiary support, that the claim is worth $0 or that the books and records of the debtor have it listed as zero, where Delaware Emerging has provided evidence that a security was purchased in a known quantity and with a stated basis for calculating its "Cash Settlement Value" using the formula set forth in the Call Warrants.

18.     LBHI did not, in the Notice or the Calculation, offer any evidence refuting or negating one of the allegations that is essential to the Delaware Emerging Claim's sufficiency.

BUSINESS # 1484107 v.2

Moreover, LBHI has been unable to offer any such evidence to counsel for Delaware Emerging in the months since, despite repeated requests for such information.

19.    The Delaware Emerging Claim properly referenced the CUSIP numbers of the securities guaranteed by LBHI, provided proof of the holdings of these securities from the third-party custodian and included supporting calculations based upon the number of securities held. The Delaware Emerging Claim also noted that the documents supporting the securities were voluminous and offered to provide them in the unlikely event that LBHI, in its capacity as guarantor, did not have copies.  As such, the Delaware Emerging Claim was and is prima facie valid, and the burden of persuasion shifted to LBHI to set forth evidence that, if believed, would negate an essential element of the Delaware Emerging Claim.

20.    In the Notice, the Calculation and at all times since, LBHI has failed to set forth any evidence sufficient to refute an element that is essential to the Delaware Emerging Claim, and LBHI's attempt to have the Delaware Emerging Claim reduced to zero should be denied. The Delaware Emerging Claim should be allowed in the amount of $6,845,545.00, as set forth in the detailed calculations attached hereto as Exhibit "C" which calculations were performed in accordance with the formula set forth in the Call Warrants.

WHEREFORE, Delaware Emerging respectfully requests that this Court overrule the objection/attempt to reduce the Delaware Emerging Claim to zero and enter an order allowing

BUSINESS # 1484107 v.2

the Delaware Emerging Claim in the amount of $6,845,545.00 and granting Delaware Emerging

such other relief as is just.

|  |  |
|---|---|
|  | STRADLEY, RONON, STEVENS & YOUNG, LLP |
| Dated:  October 24, 2011 | By:  /s/  Mark J. Dorval |
|  | Michael J. Cordone, Esquire |
|  | Mark J. Dorval, Esquire |
|  | 2600 One Commerce Square |
|  | Philadelphia, PA 19103-7098 |
|  | Phone:  (215) 564-8000 |
|  | Fax: (215) 564-8120 |

*Counsel for Delaware Emerging Markets Fund, a Series of Delaware Group Global and International Funds*

BUSINESS # 1484107 v.2

## <u>CERTIFICATE OF SERVICE</u>

I, Michael J. Cordone, do certify that on October 24, 2011, I caused a true and

correct copy of the foregoing to be served via overnight delivery service upon the following:

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
New York, NY  10020
Attn:  Holly Clack and Tina Pederson

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY  10153
Attn:  Alfredo R. Perez, Esq. and Mark Bernstein, Esq.

Milbank, Tweed, Hadley and McCloy LLP
1 Chase Manhattan Plaza
New York, NY  10005
Attn:  Evan R. Fleck, Esq. and Matthew Brod, Esq.

/s/  Michael J. Cordone
Michael J. Cordone

BUSINESS # 1484107 v.2