Honorable James M. Peck
One Bowling Green
New York, New York 10004, Courtroom 601

October 7, 2011

RE:   United States Bankruptcy Court Southern District of New York

      In re: LEHMAN BROTHERS HOLDINGS INC., et al., Debtors

Chapter 11 Case No.: 08-13555 (JMP) (Jointly Administered)

Claim Number: 9142

Date Filed: 8/24/2009

Debtor: Lehman Brothers Holdings Inc.

To Whom It May Concern:

This letter is in response to the September 12, 2011 letter received disallowing and expunging my claim on the grounds that it is in violation of the July 2, 2009 order setting forth procedures and deadlines for filing proof of claims since it was submitted without specifying a case number or a Debtor against whom the claim is asserted.

My response, as requested in the letter, dated September 12, 2011 is as follows.

- (i) In response to my claim rejection (Title of the Objection) which I do disagree with in regards to the United States Bankruptcy Court Southern District of New York with Lehman Brothers Holdings Inc. et al., Debtors and Chapter 11 Case No. of 08-13555 (JMP) (Jointly Administered).
- (ii) Name of claimant is Spencer Voytek and the amount of claim is $105,000 US Dollars. The claim is for Breach of Contract in regards to my Employment Contract, dated June 14, 2007 (Letter is attached)
- (iii) The reason this claim should not be disallowed and expunged is because it is a valid claim which was filed timely before the established deadline, September 22, 2009, at 5:00 p.m. The debtor and case number were already listed since the debtor and case number are the umbrella case under which the bankruptcy is managed and I did not think the name of debtor and case number needed to be written again. It was an oversight and has now been revised on the original proof of claim that is attached. Note, the name of the Debtor is Lehman Brothers Holdings Inc. and the Case No. of Debtor is 08-13555 (JMP).
- (iv) Documentation attached with proof of claim revised as previously filed.
- (v) Address is 6826 Seinfeld Court - Houston, Texas 77069
- (vi) Spencer Voytek and can be reached at (281)467-9220

Sincerely,

Spencer Voytek



RECEIVED
OCT 12 2011
U.S. BANKRUPTCY COURT, SDNY
JMP

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)   0000009142 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holding Inc. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

VOYTEK, SPENCER
9318 GLEN TURRET COURT
HOUSTON, TX 77095

EMAIL: spencer.voytek@eagleenergypartners.com

Telephone number: 281.467.9220   Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(if known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:   Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 105,000
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Breach of Contract. employment retention.
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 2135
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $ _____   Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____   Basis for perfection: _____
   Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
   **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
   If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**AUG 2 4 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date:<br>8-18-2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>[signature]   Spencer R. Voytek<br>Credit Manager |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# LEHMAN BROTHERS

*6/14/2007*

*By Hand*

Spencer Voytek

Dear Spencer:

In connection with the acquisition of Eagle Energy Parnters I, L.P. ("Eagle") contemplated by the Purchase Agreement, dated as of May 8, 2007, among Lehman Brothers Commodities Services and the sellers named therein (the "Purchase Agreement"), Eagle and Lehman Brothers Holdings Inc. (together with its parents, affiliates, and subsidiaries, "Lehman" or the "Firm") have agreed that you are key to the business of Eagle and, as such, Lehman and Eagle desire to provide you with an incentive to remain employed with Eagle or its successor in the acquistion through and after the closing date of the Purchase Agreement (the "Closing Date"). Accordingly, Lehman is pleased to offer you the opportunity to receive a retention award ("Retention Award"), subject to the terms and conditions set forth below. Your eligibility to receive the Retention Award is conditioned on the Closing (as defined in the Purchase Agreement) of the Purchase Agreement, confirmation that you have satisfactorily met all of Lehman's pre-employment requirements, including the successful completion of a criminal background investigation, and your continued employment with Eagle or its affiliates through the Closing Date as well as other conditions set forth in this letter.

Provided you remain actively employed through the payment dates and subject to confirmation that you have satisfactorily met all of Lehman's pre-employment requirements, including the successful completion of a criminal background investigation, as well as other conditions set forth in this agreement, the Firm will grant you a retention award with an aggregate value equivalent to $105,000 (the "Retention Award"). The Retention Award will vest and become payable in equal installments, less applicable tax withholding and other deductions, on each of the first through third anniversaries of the Closing Date. In the event your employment with the Firm ends as a result of your resignation for any reason or your termination by the Firm for Cause (as defined below) before the applicable payment date, you will not thereafter receive any further Retention Award payments. In the event your employment is terminated by Firm without Cause before the applicable payment date, you will continue to receive any unpaid Retention Award payments on the applicable payment date(s). In the event your employment is terminated as a result of your death or "Disability" (which, for purposes of this retention award, will mean you are no longer actively working for the Firm and are receiving benefits under the Firm's Long-Term Disability Insurance Plan as in effect from time to time), you or your estate shall receive a lump sum cash payment equivalent to any unpaid portion of the Retention Payments as soon as practicable following such termination. For purposes of this Retention Award, "Cause" means any of the following: (i) misconduct, (ii) breach of Firm policies or rules, (iii) dishonesty, (iv) violation of laws or regulations, or (v) substantial and continuing failure to perform employment duties or obligations satisfactorily. For purposes of Lehman's Equity Award Program the Retention Award payments will not be considered part of your total compensation.

Spencer Voytek
6/14/2007
Page 2 of 2

All payments described in this letter will be paid in accordance with our customary payroll practices, and will be subject to applicable payroll and income tax withholding and other applicable deductions. Please understand that the terms and conditions of your employment by Eagle or Lehman will be governed by applicable Firm policies.

While the foregoing compensation commitments will be honored on the terms outlined above, this letter is not a contract of continuing employment. Your employment by the Firm is for no fixed term, and either you or the Firm may terminate the employment relationship at any time for any reason.

This Retention Award is conditional upon the closing of the Purchase Agreement. In the event the Purchase Agreement is terminated, this letter will be void *ab initio* and of no further force or effect.

By your signature below, you agree that any controversies arising out of or relating to this letter or your employment by the Firm shall be submitted to and settled by arbitration pursuant to the rules as then in effect of the National Association of Securities Dealers or the New York Stock Exchange.

Spencer, we are delighted that you will continue to be a part of our organization. If you agree with the terms outlined in this letter, please sign this letter and return it to me. An additional copy of this letter is enclosed for your files.

Sincerely,

Mary Pat Archer
Managing Director
Fixed Income Division

Acceptance:

I accept the terms and conditions of this offer letter. Furthermore, I confirm that I am not aware of any circumstances which may result in me being unable to successfully satisfy the criminal background check requirements outlined in this letter.

_____    6-18-07
Signed                              Date



Spencer Vayth
9818 Glen Turret Ct.
Houston, TX 77095

New address
6826 Seinfeld Ct.
Houston, TX 77069

RECEIVED

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
EDR Station, PO Box 5076
New York, NY 10150-5076

10150+5076

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
: 
In re                                                          :  Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :  **08-13555 (JMP)**
                                                               :
                                      **Debtors.**             :  (Jointly Administered)
                                                               :
---------------------------------------------------------------x

LBH OMNI195 09-12-2011 (MERGE2.TXNUM2) 4000055923 BAR(23) MAIL ID *** 000051542598 *** BSIUSE: 195

VOYTEK, SPENCER
6826 SEINFELD CT
HOUSTON, TX 77069

### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

### IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, ESQ., AT 214-746-7700.

### NOTICE OF HEARING ON DEBTORS' ONE HUNDRED NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO DEBTOR CLAIMS)

| CLAIM TO BE DISALLOWED AND EXPUNGED | | |
|---|---|---|
| **Creditor Name and Address:**<br>VOYTEK, SPENCER<br>6826 SEINFELD CT<br>HOUSTON, TX 77069 | **Claim Number:** | 9142 |
| | **Date Filed:** | 8/24/2009 |
| | **Debtor:** | No Case |
| | **Classification and Amount:** | **UNSECURED: $ 105,000.00** |

       PLEASE TAKE NOTICE that, on September 12, 2011, Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Ninety-Fifth Omnibus Objection to Claims (No Debtor Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

       The Objection requests that the Bankruptcy Court disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED AND EXPUNGED on the ground that it violates this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [Docket No. 4271], as it was submitted without specifying a case number or a Debtor against whom the claim is asserted. **Any claim that the Bankruptcy Court disallows and expunges will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

       If you do NOT oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED AND EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

       If you DO oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED AND EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on October 13, 2011 (the "Response Deadline").

       Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on October 27, 2011 to consider the Objection. The hearing will be held at 10:00 a.m. prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED AND EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

If you have any questions about this notice or the Objection, please contact Debtors' counsel, Erin Eckols, Esq., at 214-746-7700. **CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.**

DATED: September 12, 2011
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Robert J. Lemons

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION