Daniel F.X. Geoghan, Esq.
Young Conaway Stargatt & Taylor, LLP
1270 Avenue of the Americas
Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
DGeoghan@ycst.com

Hearing Date: December 21, 2011, at 10:00 a.m.

*Counsel for CF Midas Balanced Growth Fund*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :     Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al*                         :     Case No. 08-13555 (JMP)
                                                               :
Debtors.                                                       :     (Jointly Administered)
                                                               :
                                                               :
---------------------------------------------------------------x

## CF MIDAS BALANCED GROWTH FUND'S
## SUPPLEMENTAL RESPONSE TO THE DEBTORS' ONE HUNDRED
## FORTY-THIRD OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

CF Midas Balanced Growth Fund (the "CF Fund"), by and through its undersigned counsel, hereby submits this supplemental response (the "Supplemental Response") to the *Debtors' One Hundred Forty-Third Omnibus Objection to Claims (Late-Filed Claims)* (the "Omnibus Objection"), and respectfully represents as follows:

1. On or about August 25, 2011, CF Fund received a *Notice of Proposed Allowed Claim Amount* (the "Claim Notice"). The Claim Notice, which is attached as Exhibit A hereto, provides a "Proposed Allowed Claim Amount" of $7,503,033.95 (the "Proposed Allowed Claim Amount") and states, "If you do NOT dispute or disagree with the Proposed Allowed

Claim Amount for your Claim, then you do NOT need to file a written response and your claim will be allowed in such amount for the purposes of voting and distribution under the Plan." Claim Notice at p. 2.

2. CF Fund does not dispute or disagree with the Proposed Allowed Claim Amount. However, contrary to the statements in the Claim Notice, the Debtors are not allowing CF's Claim for voting, distribution or any other purposes.

3. Although the Claim Notice contains no reservation of rights whatsoever to assert further or other objections to CF's Claim, the Debtors are doing just that.

## BACKGROUND

### A. *The Claim Notice*

4. CF Fund filed a claim against Lehman Brothers Holdings, Inc. ("LBHI") asserting a guarantee claim related to a note issued by Lehman Brothers Treasury Co. B.V. ("LBTC"). The Debtors filed an Omnibus Objection to CF Fund's claim. CF Fund filed the *CF Midas Balanced Growth Fund's Response to the Debtors' One Hundred Forty-Third Omnibus Objection to Claims (Late-Filed Claims)* (the "CF Fund's Response"). Docket No. 18348.

5. CF Fund incorporates CF Fund's Response by reference and will not repeat the arguments detailed therein.

6. In simple terms, CF Fund received numerous notices from LBTC regarding filing claims. The notices were confusing, contradictory and difficult to understand. Each notice included the following statement: "[i]f you own a beneficial interest in any notes, it is — until further notice — not required to formally file your claim with us." Boyling Decl. ¶ 5 - 7. In addition, the third notice stated, "The Bankruptcy Trustee aims to coordinate with [LBHI] the process of filing claims by holders of notes with respect to the LBHI guarantee in the Chapter 11 proceedings of LBHI." Boyling Decl. ¶ 7.

7. CF Fund's claim is a guarantee claim against LBHI. CF Fund was confused as to when to file its guarantee claim and unfortunately filed said claim late.

## RELIEF REQUESTED

8. CF Fund hereby requests that the Court return the Omnibus Objection to the Docket for oral argument at the Court's earliest convenience and that the Claim be allowed in the Proposed Allowed Claim Amount.

## BASIS FOR RELIEF REQUESTED

9. The Claim Notice clearly states, "If you do NOT dispute or disagree with the Proposed Allowed Claim Amount for your Claim, then you do NOT need to file a written response and your claim will be allowed in such amount for the purposes of **voting and distributions** under the Plan." Claim Notice at p. 2 (capitalized emphasis in the original, additional emphasis added). This statement could not be clearer—if CF Fund does not dispute or disagree with the Proposed Allowed Claim Amount that amount would be allowed for voting and distribution purposes. Furthermore, the Debtors did not reserve the right to object to the Proposed Allowed Claim Amount in the Claim Notice. In reliance upon the plain language of the Claim Notice, CF Fund has not filed a written response to the Claim Notice. In light of the language in the Claim Notice, the Claim should be allowed.

10. In discussions among the parties, the Debtors argued that the *Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* (the "Order") [Docket No. 19120] reserves the right to object to the Proposed CF Fund Allowed Claim Amount. However, the Order was never served on CF Fund.

11. The Debtors have filed the Claim Notice granting CF Fund an allowed claim for voting and distribution purposes. Pursuant to the terms of the Claim Notice, CF Fund has an allowed claim.

12. After receiving the Claim Notice, CF Fund contacted the Debtors to confirm the withdrawal of the Omnibus Objection. The Debtors informed CF Fund that they would not withdraw the objection and stated that they had reserved their right to object to all claims on other grounds in the Claim Notice.

13. However, that is not correct. There is no such reservation of rights in the Claim Notice. Moreover, the Claim Notice states, repeatedly, that if you don't dispute the Proposed Allowed Claim Amount, such creditor should not respond to the notice.

14. A creditor that fails to respond does so at its peril. While on its face the Claim Notice allows a creditor's claim for voting and distribution purposes, thus making a claimant willing to vote in favor of the Debtors' Plan of Reorganization, in reality the Debtors are lying in wait until after the confirmation hearing to object to the claims.

### B.    *The Adjournment*

15. In early September CF Fund offered to compromise on its Claim amount, but informed the Debtors that if the parties could not resolve their dispute that it would file this Supplemental Response and that it desired to go forward with the October 5, 2011 hearing. CF Fund went so far as to expressly state that it objected to adjourning the hearing.

16. The Debtors adjourned the hearing anyway. Without notice to CF Fund and without so much as a phone call or an email.

### CONCLUSION

17. As explained in the CF Fund's Response, the CF Fund "reasonably relied on the plain language of the notices it received regarding the need to file a direct claim in the

LBHI bankruptcy proceedings." CF Fund's Response ¶ 11. Likewise, in regards to the Claim Notice, CF Fund has reasonably relied upon the plain language of the Claim Notice. Rather than allow the Debtors to impose a disjointed and inequitable reading to the Claim Notice, the Court should return the Omnibus Objection to the Docket for oral argument at the Court's earliest convenience and allow the Claim in the Proposed Allowed Claim Amount.

WHEREFORE, CF Fund respectfully requests that the Court grant the relief requested herein, and grant such other and further relief as is just and proper.

Dated: October 19, 2011

        CF MIDAS BALANCED GROWTH FUND

        By its Counsel

        YOUNG CONAWAY STARGATT & TAYLOR, LLP

        By:

        */s/ Daniel F.X. Geoghan*
        Daniel F.X. Geoghan, Esq.
        1270 Avenue of the Americas
        Suite 2210
        New York, New York 10020
        T: (212) 332-8840s
        F: (212) 332-8855
        dgeoghan@ycst.com

## Exhibit A

**Claim Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re                                                                : Chapter 11 Case No.
                                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      : 08-13555 (JMP)
                                                                     :
                         Debtors.         : (Jointly Administered)
                                                                     :
-------------------------------------------------------x

LBH LPSNTC 08-22-2011 (MERGE2,TXNUM2) 4000118089 BAR(23) MAIL ID *** 000051158998 *** *** BSIUSE: 18907
CF MIDAS BALANCED GROWTH FUND
BEAUFORT HOUSE
51 NEW NORTH ROAD
EXETER, DEVON EX4 4EP
UNITED KINGDOM

## THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE PROPOSED ALLOWED CLAIM AMOUNT.

## NOTICE OF PROPOSED ALLOWED CLAIM AMOUNT

| Creditor Name and Address: | Claim Number | Proposed Allowed Claim Amount |
|---|---|---|
| CF MIDAS BALANCED GROWTH FUND<br>BEAUFORT HOUSE<br>51 NEW NORTH ROAD<br>EXETER, DEVON EX4 4EP<br>UNITED KINGDOM | 67193 | $7,503,033.95 |

      PLEASE TAKE NOTICE that, on August 10, 2011, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the *Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [Docket No. 19120] (the "Order") which provides for procedures for the determination of the allowed amount of the portion of the claim referenced above (the "Claim") that is based on a structured security for purposes of voting and distributions under the debtors' (the "Debtors")[1] proposed chapter 11 plan (the "Plan") in the above-referenced case.

      Pursuant to the procedures approved in the Order, Lehman Brothers Holdings Inc. ("LBHI") proposes that the allowed amount of the portion of the Claim that is based on a structured security shall be the amount set forth above under the heading "PROPOSED ALLOWED CLAIM AMOUNT." The Debtors calculated the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies, a copy of which is available for review on www.lehman-docket.com, and is also attached to the motion [Docket No. 18127] (the "Motion") related to the Order. A detailed calculation of the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies is included on Exhibit A annexed hereto. The Proposed Allowed Claim Amount does not have any affect on the portion of your claim that is not based on a structured security.

      The Official Committee of Unsecured Creditors of LBHI and its affiliated debtors filed a statement relating to the Motion. The *Statement of Official Committee of Unsecured Creditors In Response to*

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

*Debtors' Amended Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures For Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc*, [Docket No. 19042] is available at www.lehman-docket.com on the "Case Information" page.

If you do NOT dispute or disagree with the Proposed Allowed Claim Amount for your Claim, then you do NOT need to file a written response and your claim will be allowed in such amount for the purposes of voting and distributions under the Plan.

**If you DO dispute or disagree with the Proposed Allowed Claim Amount for your Claim,** then you MUST deliver a written response (a "Response") so that such Response is <u>actually received</u> no later than 4:00 p.m. October 25, 2011 (the "<u>Response Deadline</u>") by (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, New York, NY 10020 (Attn: Holly Clack and Tina Pederson), (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Alfredo R. Perez, Esq. and Mark Bernstein, Esq.) and (iii) Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Evan R. Fleck, Esq. and Matthew Brod, Esq.).

Your Response, if any, must contain at a minimum the following: (i) the name of the claimant; (ii) the claim number that is the subject of the Response; (iii) a concise statement setting forth the grounds for such Response; (iv) the address(es) to which LBHI must return any reply to your Response, if different from that presented in the proof of claim; and (v) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

IF YOU DO NOT DELIVER A RESPONSE BY THE RESPONSE DEADLINE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE PORTION OF YOUR CLAIM BASED ON A STRUCTURED SECURITY BEING ALLOWED FOR PURPOSES OF VOTING AND DISTRIBUTIONS UNDER THE PLAN IN THE PROPOSED ALLOWED CLAIM AMOUNT. THE MOTION DOES NOT HAVE ANY AFFECT ON THE PORTION OF YOUR CLAIM THAT IS NOT BASED ON A STRUCTURED SECURITY.

IF YOU SUBMIT A RESPONSE AND THE DEBTORS AND YOU ARE UNABLE TO RESOLVE ANY DISPUTES REGARDING THE PROPOSED ALLOWED CLAIM AMOUNT, THE MOTION WILL BE DEEMED AN OBJECTION TO YOUR CLAIM. THE DEBTORS MAY SEEK TO HAVE SUCH OBJECTION TO YOUR CLAIM RESOLVED EITHER BY THE COURT OR THROUGH THE COURT-APPROVED MEDIATION PROCEDURES.

CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:    August 24, 2011
          New York, New York

Claim # 67193
CF MIDAS BALANCED GROWTH FUND

## Exhibit A

### Calculation of Proposed Allowed Claim Amount

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| Structured Security, by ISIN | Blocking Number | Maximum Allowable Amount[2] | Percentage of Notional Amount for which Blocking Numbers were Issued by Clearing Agencies | Aggregate Amount Distributable to Claims Based on Relevant ISIN (Equals the Product of C x D with slight differences due to rounding) | Claimant's Percentage of Notional Amount for Which Blocking Numbers were Issued by Clearing Agencies | **PROPOSED ALLOWED CLAIM AMOUNT** (Equals the Product of E x F with slight differences due to rounding) |
| XS0326172631 | 6053079 | $7,503,033.95 | 100.0000% | $7,503,033.95 | 100.0000% | $7,503,033.95 |
| | | | | | **Aggregate Proposed Allowed Claim Amount:** | $7,503,033.95 |
| | | | | | Claim Amount, as filed (portion based on Structured Security only): | $4,293,541.60 |

---

[2] Calculated in accordance with the Structured Securities Valuation Methodologies.