WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
 **Debtors.** : **(Jointly Administered)**
:
------------------------------------------------------------------x

### DECLARATION OF ALFREDO R. PÉREZ IN SUPPORT OF ORDER TO SHOW CAUSE TO CONSIDER DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6004 AND 9019 FOR APPROVAL OF THAT CERTAIN SETTLEMENT <u>AMONG THE LEHMAN PARTIES AND THE SUNCAL PARTIES</u>

I, Alfredo R. Pérez, being fully sworn, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.  I am an attorney admitted to practice before this Court and a partner of Weil, Gotshal & Manges LLP, attorneys for Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), Lehman Commercial Paper Inc. ("<u>LCPI</u>") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together, the "<u>Debtors</u>"). Unless otherwise indicated, I have knowledge of the facts set forth herein from various employees of the Debtors and from the Debtors' professionals.

2. I submit this declaration in support of the Order to Show Cause (the "Order to Show Cause") in connection with the Debtors' motion, dated October 24, 2011 (the "Motion"), for approval of a settlement among (a) Lehman ALI, Inc., LCPI, OVC Holdings LLC, Northlake Holdings LLC and LBHI (collectively, the "Lehman Parties"), and (b) SCC Acquisitions, Inc., SCC Acquisitions, LLC, SunCal Management, LLC ("SunCal Management"), Bruce Elieff and other principals and affiliates of any of them to be specifically designated by the Lehman Parties (collectively, the "SunCal Parties"), as more fully described in the Motion.

3. Pursuant to the procedures set forth in the amended order entered on June 17, 2010 governing case management and administrative procedures [ECF No. 9635], the Motion requires at least 21 days' notice, plus one additional day's notice for service by overnight delivery. The Debtors are requesting an order to shorten the notice period ordinarily required and setting the date of October 27, 2011, for the hearing on the Motion.

**The Need for Shortened Notice with Respect to the Motion**

4. Pursuant to the Motion the Debtors seek approval of a settlement transaction between the Lehman Parties and the SunCal Parties (the "SunCal Settlement Transaction"). The Lehman Parties have negotiated a term sheet (the "SunCal Term Sheet"), dated October 22, 2011, that sets forth the material terms, provisions and conditions of, and the obligations of the parties to the SunCal Settlement Transaction.

5. The SunCal Settlement Transaction will result in resolving several years of litigation reflected in numerous pending actions instituted by one or more of the SunCal Parties and/or various affiliates thereof. The SunCal Term Sheet contemplates that the parties will enter into a binding settlement agreement memorializing the terms, conditions and provisions of the SunCal Term Sheet (the "SunCal Settlement Agreement"). Pursuant to the

SunCal Term Sheet, the SunCal Parties have agreed to perform the following actions immediately upon execution of the SunCal Term Sheet (collectively, the "SunCal Immediate Actions"):[1]

- immediately withdraw each of the SunCal Plans;

- immediately withdraw all objections to the Lehman-SunCal Plans;[2]

- file a plan support statement in favor of the Lehman-SunCal Plans;

- file a motion seeking to change any of the SunCal Parties' votes on the Lehman-SunCal Plans to "yes" votes; and

- withdraw any objections filed by any of the SunCal Parties or SunCal Voluntary Debtors to 3018 motions or stipulations or to the "yes" votes of any person or entity in favor of the Lehman-SunCal Plans.

The hearing to consider confirmation of the SunCal Plans and the Lehman-SunCal Plans is scheduled to begin on Monday, October 24, 2011. In exchange for the SunCal Parties undertaking the SunCal Immediate Actions upon execution of the SunCal Term Sheet, the Lehman Parties have agreed to do the following:

- subject to certain limitations, the Lehman Parties will reclassify the claims of SunCal Management under the Lehman-SunCal Plans as "Reliance Claims," which receive the maximum recoveries available to unsecured creditors under the Lehman-SunCal Plans if a release is provided in favor of the "Lehman Released Parties" (as defined in the Lehman-SunCal Plans); and

---

[1] The brief descriptions of the SunCal Term Sheet contained herein are included for convenience only. Nothing herein is intended to supersede the terms of the SunCal Term Sheet or the effectuated SunCal Settlement Agreement. In the event of any inconsistencies between the SunCal Term Sheet and the descriptions herein, the SunCal Term Sheet shall control.

[2] Defined as the *Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by Lehman VD Lenders*, dated July 15, 2011 [ECF No. 2598] (as amended, the "Joint VD Plan") and the *Third Amended Joint Chapter 11 Plan for Eight Trustee Debtors Proposed by the Trustee and Subject Lehman Creditors*, dated July 15, 2011 [ECF No. 2595] (as amended, the "Joint TD Plan" and together with the Joint VD Plan, the "Lehman-SunCal Plans")

- to seek expedited approval of the SunCal Settlement Transaction, as reflected in the SunCal Term Sheet and to be memorialized in the SunCal Settlement Agreement, that, on information and belief, was of paramount importance to the SunCal Parties.

6. Thus, expedited approval is necessary because the Lehman Parties undertook to seek such approval in exchange for the material benefits that the Lehman Parties will derive from the SunCal Immediate Actions even if the rest of the SunCal Settlement Transaction is never consummated. The SunCal Immediate Actions remove substantial impediments to the confirmation of the Lehman-SunCal Plans, shorten the time and expense inherent in the confirmation hearing with respect thereto and, with such a significant condition to the ability of the parties to consummate the full settlement out of the way, the parties are more likely to reach agreement on a final SunCal Settlement Agreement.

7. Cause exists to shorten the notice period ordinarily required for the Motion. The parties to the SunCal Term Sheet agreed that they would proceed in good faith and as expeditiously as possible to negotiate, finalize, execute and deliver the SunCal Settlement Agreement. The Debtors respectfully submit that expedited consideration of the Motion is warranted for the following reasons:

- The Lehman Parties committed to seek expedited approval as quid pro quo for the material benefits obtained from the SunCal Parties undertaking the SunCal Immediate Actions which then cleared the path toward a speedier, less costly and less uncertain confirmation process with respect to the Lehman-SunCal Plans.

- The expedited approval of the SunCal Settlement Transaction by this Court will make it more likely that the parties will sooner reach agreement on a final SunCal Settlement Agreement and reduce the chances that they will be at an impasse as of November 30, 2011 at which time, if a SunCal Settlement Agreement has not been entered into, the parties are required to submit any disputes with respect to a final SunCal Settlement Agreement to Judge Daniel Weinstein for resolution.

- Prior to entering into a SunCal Settlement Agreement, the SunCal Parties are not precluded from continuing to prosecute the pending litigation which, if pursued by the SunCal Parties, would cause the Lehman Parties to continue to dedicate substantial resources and funds attendant in engaging in complex and protracted litigation.

8. Entering into the SunCal Settlement Agreement will result in significant cost savings and resolve what has been several years of litigation and failed attempts at mediation. The Debtors have requested the expedited relief stated herein to ensure that the obligations and benefits derived from consummating the SunCal Settlement Transaction as described in the SunCal Term Sheet will be achieved. Accordingly, the Debtors believe it is in the best interests of their estates to enter into the SunCal Settlement Transaction pursuant to the terms, provisions and conditions set forth in the SunCal Term Sheet by memorializing the same in the SunCal Settlement Agreement and have the Court consider the Motion by no later than October 27, 2011. Accordingly, the Debtors request that the Court enter the Order to Show Cause to proceed to shorten the notice period for the motion, so the Motion can be considered on October 27, 2011 at 10:00 a.m. (Prevailing Eastern Time), with objections and responses, if any, to be received by October 27, 2011 at 9:00 a.m. (Prevailing Eastern Time).

Dated: October 24, 2011
      New York, New York

/s/ Alfredo R. Pérez
Alfredo R. Pérez, Esq.

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77027
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession