# EXHIBIT 1

HEARING DATE AND TIME: June 2, 2011 at 10:00 a.m. (Eastern)
Response Deadline: May 18, 2011 at 4:00 p.m. (Eastern)

Adam Brezine (NY State Bar #3922762)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone:  (415) 268-2000
Facsimile:  (415) 268-1999
Email: adam.brezine@hro.com

Kerry Moynihan (*pro hac vice* admission pending)
HOLME ROBERTS & OWEN LLP
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400
Email: kerry.moynihan@hro.com

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

------------------------------------------------------- x

**RESPONSE OF MILLENNIUM MARKETING & MANAGEMENT PTY, LTD. TO DEBTORS' ONE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)**

TO THE HONORABLE JAMES M. PECK, UNITED STATES BANKRUPTCY JUDGE, COUNSEL FOR DEBTORS, THE UNITED STATES TRUSTEE, COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, AND ALL OTHER INTERESTED PARTIES:

Millennium Marketing & Management Pty, Ltd. ("Millennium"), by and through its undersigned counsel, hereby submits this response (the "Response") to the Debtors' One

#27180 v1 lax

9

Hundred Twentieth Omnibus Objection to Claims (No Blocking Number LPS Claims) dated April 15, 2011 (the "Objection").

## Background

1.  On September 15, 2008, Lehman Brothers Holdings, Inc. ("LBHI" and together with affiliated debtors, the "Debtors") filed a voluntary petition for relief under chapter 11 of the United States Code (the "Bankruptcy Code").

2.  Millennium is the beneficiary of an interest valued at $200,000 (Australian) in a two-year Principal Protected Property Markets Fund-Linked Note issued on June 13, 2007 by Lehman Brothers Treasury Co. B.V. and guaranteed by Lehman Brothers Holdings, Inc. (or "LBHI"). The Note was set to mature on June 15, 2009.

3.  Millennium timely submitted its proof of claim form to Epiq Bankruptcy Solutions ("Epiq"). In support of its claim, Millennium submitted a copy of the Note's Final Terms, which included the ISIN Code and indicated the security was issued by Lehman Brothers Treasury Co. B.V. and guaranteed by LBHI. Millennium also included a Statement of Holdings confirming Australia and New Zealand Banking Group Limited ("ANZ") held on Millennium's behalf $200,000 AUD for ISIN XS0305158031 maturing on June 15, 2009. *See* Exhibits 1 and 2 to the Declaration of Denis Aitken ("Aitken Decl.") filed concurrently herewith. Epiq's acknowledgment of claim reflects Millennium's claim was filed against Lehman Brothers Holdings, Inc. in case number 08-13555 as claim number 66106. The claim was filed in accordance with Federal Bankruptcy Rule 3001 and is entitled to *prima facie* validity.

4.  On July 2, 2009, the Court entered the Securities Programs Bar Date Order ("Bar Date Order"), a copy of which is attached hereto and incorporated as Exhibit A. The Bar Date Order did not require a claimant who had already filed a proof of claim with the Court or Epiq to re-submit its claim, unless the claimant was required to comply with additional procedures for

derivative or guarantee claims. Holders of Lehman Programs Securities were not required to comply with the requirement to file a derivative or guarantee questionnaire.

5.     The Debtors distributed the Bar Date Notice to the issuers of the Lehman Programs Securities with a request that those entities distribute the notice to the holders of Lehman Programs Securities.

6.     The Debtors requested each clearing agency unblock the Lehman Programs Securities effective November 9, 2009.

## Argument

7.     The Debtors now object to Millennium's claim solely on the basis that the claim does not include an electronic instruction reference number or a blocking reference number in violation of the Bar Date Order.

8.     The Debtors admit that the purpose of the blocking reference number is to prevent the holder of a Lehman Program Security from trading that security through the bar date to allow the Debtors to confirm ownership and amount of a particular security and ensure the Debtors do not make multiple distributions on the same obligation. The Debtors' only justification for seeking to disallow Millennium's claim is that without the blocking number there is no way of verifying the ownership and amount of the security.

9.     The bankruptcy courts are guided by principles of equity "to insure that 'fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done.'" *In re Integrated Resources, Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993) (citations omitted). In this case, equity weighs in favor of overruling the Debtors' objection as to Millennium's claim.

10.    Millennium did not receive proper notice of the blocking reference number requirement. While ANZ distributed the Bar Date Order to the beneficiaries for which it held

3

securities, the notices intended to be sent to Millennium were erroneously sent to a facsimile number unrelated to Millennium. Due to this internal error on the part of ANZ, Millennium did not receive the Bar Date Notice, and as a result, did not request ANZ provide a blocking number for the Security. ANZ, therefore, did not obtain a blocking reference number for the Security prior to the October 2009 deadline. Aitken Decl. ¶¶ 9-12.

11. Although the Objection asserts the Bar Date Notice was published by the Debtors *at least once* in Australia, such notice is insufficient as to Millennium because at the time of entry of the Bar Date Order, Millennium was a "known creditor." *See In re Drexel Burnham Lambert Group, Inc.*, 151 B.R. 674 (Bankr. S.D.N.Y. 1993) (finding a known creditor is one that may have had communications with the debtor concerning the existence of the creditor's claim or one that is a beneficiary of a guaranty). As such, Millennium was entitled to receive actual notice of the blocking reference requirement. *In re Best Products Co., Inc.*, 140 B.R. 352 (Bankr. S.D.N.Y. 1992). .

12. In September 2008, Rachael McKenzie, the Vice President of Fixed Income Sales at Lehman Brothers in Sydney, Australia provided Denis Aitken with the contact information of Rod Miller, at Weil, Gotshal & Manges, counsel for the Debtors. Aitken Decl. ¶ 3.

13. In January 2009, Mr. Aitken, acting in his capacity as the Director of Millennium, contacted Mr. Miller, regarding filing a proof of claim. During their conversation, Mr. Aitken identified himself and informed Mr. Miller that Millennium was an unsecured creditor of LBHI based on its guarantee of a principal investment made by Millennium. Mr. Aitken also inquired about the likelihood of Millennium receiving a distribution on its claim and the time frame for that process. Mr. Miller indicated there was a surprisingly small amount of unsecured debt and indicated Millennium would likely be approached in due course by parties wishing to purchase

its claim. Millennium again contacted Mr. Miller in August 2009 requesting information on the progress of the case and the prospect of any recovery. Aitken Decl. ¶¶ 4, 6.

14. Furthermore, Debtors could have reasonably ascertained Millennium's identity as a owner of the Security which LBHI guaranteed. Debtors were aware of the guarantees it had made, and prior to the issuance of the Bar Date Order, Debtors could have reasonably identified the holders of those securities guaranteed by LBHI.

15. Moreover, the Debtors have not been prejudiced by the exclusion of a blocking number, nor has the purpose of the blocking number been frustrated. There is no risk that the Debtors would make duplicative or excess distributions on the Security, as Millennium has since October 6, 2008 and at all relevant times thereafter been the beneficiary of the Security and has not transferred its interest in the security. Aitken Decl. ¶ 8. There is no future purpose for the blocking reference number, as all securities for which blocking numbers were previously issued have, since November 9, 2009, been unblocked and are free to be transferred. Millennium submitted with its proof of claim a Statement of Holdings confirming that Millennium was in fact the beneficiary of the Security. Prior to filing its response, Millennium's counsel also provided Debtors with confirmation by ANZ that Millennium remains the beneficial owner of the Security.

16. Allowing Millennium's claim against LBHI would have little, if any, impact on the overall administration of claims in the bankruptcy case. Millennium's claim is for $200,000 (AUD), or approximately $193,800 USD, which to the Debtors is insignificant relative to the size of the Lehman bankruptcy estate. In contrast, Millennium would be significantly prejudiced if its claim were to be disallowed, as it is a legitimate creditor of LBHI and has made a good faith effort to assert its claim in this Court.

14

17. Millennium asserts that such an error in failing to obtain a blocking number did not result in prejudice or surprise to the Debtors as to require the barring of the claim. *See Firearms Import and Export Corp. v. United Capitol Ins. Co. (In re Firearms)*, 131 B.R. 1009, 1017 (Bankr. S.D. Fla. 1991). While the proof of claim failed to include a blocking number, it was nevertheless an adequate claim that should be deemed filed against LBHI. Since January 2009, Debtors' counsel has, through repeated communication, been aware of the nature and amount of Millennium's claim, and that Millennium intended to assert its claim against LBHI. *See* Aitken Decl. ¶¶ 3-7. There has been no harm to other parties who were on notice of Millennium's claim which is listed on Epiq's public claims register, and there is no harm that their dividends would be reduced by a duplicative claim.

18. Furthermore, Millennium's proof of claim was initially submitted to Epiq on January 20, 2009, prior to the issuance of the Bar Date Order.[1] At that time, there was no requirement that Millennium obtain a blocking reference number prior to submitting its claim. Millennium's claim should be deemed submitted as of January 2009 and as such, Millennium should not have been required to obtain a blocking reference number or to amend its claim to include the number.

19. For the foregoing reasons, due process and the balance of equities weighs in favor of overruling the Debtors' objection to Millennium's claim based on the lack of a blocking number. While allowing Millennium's claim would not cause any harm or prejudice to the Debtors or third parties, Millennium would be significantly prejudiced were the Court to

---

[1] In November 2009, Millennium's Director contacted Epiq to inquire about the status of Millennium's claim. On Dec. 28, 2009, Millennium received a response from Epiq requesting Millennium resubmit its claim or provide proof of delivery. In January 2010, Millennium sent copies of its original proof of claim and supporting documentation along with proof that the documents were mailed to Epiq's proper address on January 20, 2009. *See* Aitken Decl., Exs. 4 and 6.

disallow its claim, as Millennium did not receive proper notice of the blocking reference number requirement and has asserted its claim in good faith.

WHEREFORE, Millennium requests that the Court overrule Debtors' One Hundred Twentieth Omnibus Objection to Claim as to Millennium's claim number 66106 and grant such other relief as the Court deems just and proper.

Dated: May 18, 2011                                         Respectfully submitted,


                                                            /s/ *Adam Brezine*
                                                            Adam Brezine (NY State Bar #3922762)
                                                            Kerry Moynihan (CA State Bar #250571,
                                                            *pro hac vice* admission pending)
                                                            HOLME ROBERTS & OWEN LLP
                                                            560 Mission Street, 25th Floor
                                                            San Francisco, CA 94105-2994
                                                            Telephone:    (415) 268-2000
                                                            Facsimile:    (415) 268-1999
                                                            Email: adam.brezine@hro.com
                                                                        kerry.moynihan@hro.com

                                                            *Counsel for Claimant, Millennium Marketing*
                                                            *& Management Pty, Ltd.*

# EXHIBIT 2

HEARING DATE AND TIME: June 2, 2011 at 10:00 a.m. (Eastern)
Response Deadline: May 18, 2011 at 4:00 p.m. (Eastern)

Adam Brezine (NY State Bar #3922762)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone:    (415) 268-2000
Facsimile:    (415) 268-1999
Email:    adam.brezine@hro.com

Kerry Moynihan (*pro hac vice* admission pending)
HOLME ROBERTS & OWEN LLP
800 W. Olympic Blvd., 4th Floor
Los Angeles, CA 90015
Telephone: (213) 572-4300
Facsimile: (213) 572-4400
Email:    kerry.moynihan@hro.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
              :
In re:         :    Chapter 11 Case No.
              :
LEHMAN BROTHERS HOLDINGS INC.,    :    08-13555 (JMP)
*et al.*,      :
              :    (Jointly Administered)
                Debtors.    :
-------------------------------------------------------- x

**DECLARATION OF HAYDEN MCNAMARA RE RESPONSE OF**
**MILLENNIUM MARKETING & MANAGEMENT PTY, LTD. TO DEBTORS'**
**ONE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS**
**(NO BLOCKING NUMBER LPS CLAIMS)**

I, Hayden McNamara, under penalty of perjury, hereby declare as follows:

1.    I am employed by Australia and New Zealand Banking Group Limited ("ANZ") as the Head of Service of Global Markets Operations. I am over the age of eighteen and not a party to this action.

#27183 v1 lax

**16**

2. In my capacity as Head of Global Service, I am a duly authorized custodian of records, or other qualified witness, for ANZ. As to the following facts, I know them to be true of my own knowledge or have gained knowledge of them from the business records of ANZ as they relate to Millennium Marketing & Management Pty Ltd. ("Millennium"), which were made at or about the time of the events recorded, and which are maintained in the ordinary course of ANZ's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of ANZ by a person who had personal knowledge of the event being recorded and had or has a business duty to accurately record such events. The business records as they relate to Millennium are available for inspection and copies can be submitted to the Court if required.

3. ANZ currently holds one security on behalf of Millennium. This security has ISIN XS0305158031 and has a face value of $200,000 AUD (the "Relevant Security").

4. At all times between November 6, 2008 and the date of this declaration, Millennium is and has been the beneficial owner of the Relevant Security.

5. Due to an internal error on the part of ANZ in September 2009, important correspondence relating to obtaining a blocking reference number with respect to the Relevant Security, including the Securities Programs Bar Date Notice, was not sent by ANZ to Millennium.

6. As such, ANZ did not obtain a blocking reference number for the Relevant Security prior to the October 2009 deadline.

7. On May 6, 2011, I sent a letter, attached hereto as Exhibit A, to Millennium acknowledging that the correspondence relating to the blocking number requirements was erroneously sent to a facsimile unrelated to Millennium.

8.      On May 10, 2011, I sent an e-mail transmission to Denis Aitken acknowledging that Millennium was currently, and has at all relevant times since November 6, 2008 been, the beneficiary of the Relevant Security. A true and correct copy of the e-mail message is attached hereto as Exhibit B.

Executed on this 18th day of May, 2011, in Stoney, Australia.

>             /s/ *Hayden McNamara*
>             Hayden McNamara
>             Head of Service, ANZ