WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                       :

In re                                               :         Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         08-13555 (JMP)

                      Debtors.           :         (Jointly Administered)

------------------------------------------------------------x

# CERTIFICATE OF NO OBJECTION
## UNDER 28 U.S.C. § 1746 REGARDING MOTION FOR AUTHORIZATION TO ASSUME AMENDED SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT WITH THE RITZ-CARLTON HOTEL COMPANY, L.L.C.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

        1.     Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors"), filed the Motion for Authorization to Assume Amended

Subordination, Non-Disturbance, and Attornment Agreement with the Ritz-Carlton Hotel Company, L.L.C. [ECF No. 20785] (the "Motion") with this Court on October 12, 2011. In accordance with the Second Amended Case Management Order, October 20, 2011 at 4:00 p.m. (Prevailing Eastern Time), was established as the deadline for parties to object or file a response to the Motion.

2. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion have been filed on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading to the Motion with respect to the Adjourned Contracts been served on Debtors' counsel.

3. Accordingly, for the reasons set forth in the Motion, LBHI respectfully requests that the proposed Order annexed hereto as Exhibit A, be entered with respect to the

procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: October 24, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                 Debtors.                          :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING MOTION OF LEHMAN BROTHERS HOLDINGS INC., PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6006 AND 9014, FOR AUTHORIZATION TO ASSUME AMENDED SUBORDINATION, NON-DISTURBANCE AND ATTORNMENT AGREEMENT WITH THE RITZ-CARLTON HOTEL COMPANY, L.L.C.

Upon the motion, dated October 12, 2011 (the "Motion")[1] of Lehman Brothers Holdings Inc. ("LBHI"), pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for authorization to assume the Amended SNDA with The Ritz Carlton Hotel Company, L.L.C. (the "Ritz-Carlton"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and a hearing having been held to consider the relief

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI, its estate and its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 365(a) and (f) of the Bankruptcy Code, LBHI is hereby authorized to assume the Amended SNDA; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any assumption and assignment consummated in the manner set forth herein.

Dated: October ___, 2011
       New York, New York

                                                                    _____
                                                                    UNITED STATES BANKRUPTCY JUDGE