WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,** : **08-13555 (JMP)**
:
Debtors. : (Jointly Administered)
---------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER
BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND THE ESTATE OF FANNIE
MARIE GAINES PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor-in-possession, and the Estate of Fannie Marie Gaines ("Gaines"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") and represent and agree as follows:

RECITALS:

A. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to

rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

        B.      Gaines is a plaintiff in an action titled *Fannie Marie Gaines v. Tornberg, et al.* [Case No. BC361 768] that is currently pending in the Superior Court for the County of Los Angeles, Central District (the "California Action"). The California Action is based on Gaines' claim that certain third parties fraudulently induced Fannie Marie Gaines and Milton Gaines to enter into a refinancing transaction pursuant to which Fannie Marie Gaines and Milton Gaines conveyed their interest in real property located at 1259/1261 South Longwood Avenue, Los Angeles, California (the "Property") to an individual named Joshua Tornberg ("Tornberg").

        C.      Gaines asserts that this conveyance was part of a larger transaction pursuant to which Tornberg agreed to lease the Property back to the Fannie Marie Gaines and Milton Gaines with an option to repurchase the Property in the future when Fannie Marie Gaines and Milton Gaines were able to obtain traditional sources of financing.

        D.      Gaines further asserts that while Tornberg was the owner of record of the Property, he obtained two loans from GreenPoint Mortgage Funding Inc. ("GreenPoint"), which loans were secured by deeds of trust encumbering the Property. The note (the "LBHI Note") and the deed of trust (the "LBHI Deed of Trust") evidencing one of these loans were subsequently transferred from GreenPoint to LBHI. The LBHI Note has an original principal balance of $865,000.

E. Gaines further asserts that the conveyance of title to the Property by Fannie Marie Gaines and Milton Gaines to Tornberg was void or voidable and that, consequently, the LBHI Deed of Trust is also void or voidable.[1]

F. The automatic stay extant in LBHI's Chapter 11 Case pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") has prevented Gaines from naming LBHI in the California Action.

G. On September 6, 2011, Gaines filed a motion in this Court seeking relief from the Automatic Stay to pursue claims to quiet title and to void the LBHI Deed of Trust in the California Action (the "Motion") [ECF No. 19707].

H. In light of the foregoing, LBHI and Gaines (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to modify the Automatic Stay for the limited purpose of allowing Gaines to name LBHI as a defendant in the California Action solely for the purpose of bringing claims to quiet title and to void the LBHI Deed of Trust in the California Action.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay extant in LBHI's Chapter 11 Case shall be modified solely to the extent necessary to permit Gaines (i) to add LBHI as a

---

[1] The description of the dispute contained herein is for illustrative purposes only and is not intended to be determinative of any facts, any party's rights under any of the documents described herein, or to amend, limit, waive or release any party's obligations, rights, remedies or defenses thereunder.

3

defendant in the California Action solely with respect to her claims to quiet title and to void the LBHI Deed of Trust, and (ii) to settle the California Action with LBHI or LBHI's relevant insurers, if appropriate; provided, however, that the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against LBHI that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from LBHI's estate and/or assets or property of LBHI (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

3. The limited relief set forth herein shall not be construed as (i) an admission of any fact, (ii) an admission of liability by LBHI of any claim or cause of action arising from or in relation to the Property or any other matter, (iii) a waiver by LBHI of its right to file a cross-complaint against any party to the California Action, including Gaines, or (iv) a waiver of any claim, counterclaim or defense by LBHI.

4. Upon the Effective Date, the Motion shall be deemed resolved.

5. The Parties agree that this Court shall be the exclusive forum with respect to any disputes or controversies relating to or arising under this Stipulation, Agreement and Order.

6. This Stipulation, Agreement and Order can only be amended or otherwise modified by an order of this Court.

7. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Bankruptcy Rule 4001(a)(3).

8. The person who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized

and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

9. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties here to be charged.

10. This Stipulation, Agreement and Order shall be governed by the laws of the State of New York, without regard to the application of New York's conflict of law principles.

Dated: October 12, 2011  
    New York, New York

/s/ Mitchell G. Mandell  
Mitchell G. Mandell  
NORRIS, McLAUGHLIN & MARCUS, PA  
875 Park Ave., 8th Floor  
New York, New York 10022  
Telephone: (212) 808-0700  
Facsimile: (212) 808-0844  
Attorneys for the Estate of Fannie Marie Gaines

Dated: October 12, 2011  
    New York, New York

/s/ Jacqueline Marcus  
Jacqueline Marcus  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153  
Telephone: (212) 310-8000  
Facsimile: (212) 310-8007  
Attorneys for Debtors  
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York  
    October 25, 2011

                                   *s/ James M. Peck*  
                               UNITED STATES BANKRUPTCY JUDGE