**RESPONSE DATE: 10/25/11 at 4:00 p.m.**

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

ATTORNEYS FOR CLAIMANT
BANCA DI CREDITO COOPERATIVO
DI ROMA SOCIETÀ COOPERATIVA

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** | : Chapter 11 |
| | : |
| | : Case No. 08-13555 (JMP) |
| Debtor. | : |
| | : (Jointly Administered) |

**RESPONSE OF CLAIMANT BANCA DI CREDITO COOPERATIVO DI ROMA SOCIETÀ COOPERATIVA TO DEBTORS' NOTICE OF ALLOWED CLAIM AMOUNT; CLAIM NUMBER 58222**

Banca di Credito Cooperativo di Roma Società Cooperativa (formerly Banca di Credito Cooperativo Roma Scarl) ("Claimant"), by and through its undersigned counsel, hereby submits this response to the Debtors' Notice of Proposed Allowed Claim Amount (the "Notice") and in support thereof states as follows:

**BACKGROUND**

1.      On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI" or the "Debtor") commenced this bankruptcy case by filing a voluntary Chapter 11 case.

OHS EAST:160949818.1

2. Claimant holds, on behalf of itself and as agent for its clients, various securities (the "Lehman Program Securities") issued by Lehman Brothers Treasury Co. B.V. ("LBT") and LBHI.

3. There is no question that Claimant properly and timely filed proofs of claim in this Chapter 11 case related to the Lehman Program Securities. As indicated in the Notice, Claimant timely filed proofs of claim against the Debtor – claim number 58222, asserting a claim of an amount in excess of $13,092,505.20 (the "Claim").

4. By its Notice, the Debtor indicated that it intends to file an objection to Claimant's claims based on securities with the ISIN IT0006578600 (the "Disputed Securities"), and, accordingly, no "Proposed Allowed Claim Amount" would be allocated to claims arising from the Disputed Securities. The Debtor provided no information regarding the grounds for its objection and provided no evidence why claims arising from the Disputed Securities should be effectively disallowed. In the absence of evidence to the contrary, Claimant disputes the Debtor's assertion that the Disputed Claims do not reflect the fair, accurate and reasonable value of such Claims.

5. Claimant does not dispute the Debtor's "Proposed Allowed Claim Amount" except with respect to the Disputed Securities. Claimant's filed claim with respect to the Disputed Securities was in the amount of $4,347,187.20.

6. Accordingly, Claimant requests that its "Proposed Allowed Claim Amount" of $290,407.00 be increased by $4,347,187.20 to a total of $4,637,594.20.

**ARGUMENT**

7. Once filed, a proof of claim establishes *prima facie* evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f). Under Rule 3001(f), the allegations of a proof of claim are taken as true and the claim enjoys *prima facie* validity.

*Wright v. Holm* (*In re Holm*), 931 F.2d 620, 623 (9th Cir. 1991); *Wilson v. Huffman* (*In re Missionary Baptist Found. of Am.*), 818 F.2d 1135, 1143 (5th Cir. 1987). *See also Simmons v. Savell* (*In re Simmons*), 765 F.2d 547, 551-52 (5th Cir. 1985) ("a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim") (citing to FED. R. BANKR. P. 3001(f)); *Glinka v. Dartmouth Banking Co.* (*In re Kelton Motors, Inc.*), 121 B.R. 166, 190 (Bankr. D. Vt. 1990) ("there is a presumption of the validity of the proof of claim" under Rule 3001(f)); *In re Windsor Commc'ns Group, Inc.*, 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985) (holding that filing a proof of claim in accordance with the Bankruptcy Code and the Bankruptcy Rules constitutes *prima facie* evidence of the validity and amount of the claim).

        8.      Once a creditor files a *prima facie* valid proof of claim, the burden of proof shifts to the debtor "to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992) (citing *In re Holm*, 931 F.2d at 623). Specifically, the objecting party must come forward with substantial facts to overcome the proof of claim's *prima facie* validity. *Webster v. Barbara* (*In re Otis & Edwards, P.C.*), 115 B.R. 900, 914 (Bankr. E.D. Mich. 1990).

        9.      The Debtor does not contest that Claimant's Proofs of Claim were filed in accordance with Rule 3001. Nor does the Debtor significantly challenge that Claimant's Claims arising from the other Lehman Program Securities besides the Disputed Claims are fair, accurate and reasonable. The Debtor acknowledges in the Notice that Claimant's Claim against each Debtor should be allowed in the amount of $290,407.00.

        10.      The Debtor has provided no evidence and has stated no basis on which to object to the Disputed Claims. Nonetheless, the Debtor has scheduled the Disputed Claims as

zero and noted that it intends to file an objection in the future, effectively rendering the Disputed Claims invalid without stating any reason for doing so or providing any evidence that such treatment is warranted.

11.  The Debtor has done nothing to overcome the proof of the Disputed Claims' *prima facie* validity. Accordingly, the Disputed Claims should continue to be treated as valid *prima facie*, and the Debtor should schedule the Disputed Claims in their proper amount or properly state its reasons for acting otherwise.

12.  Claimant requests that the Disputed Claims be allowed against the Debtor in the amount of $4,347,187.20, the full amount asserted in Claimant's proofs of claim for the Disputed Securities.

## CONCLUSION

13.  Accordingly, and for the reasons set forth above, Claimant requests that the Court fully reinstate Claimant's claims based on securities with the ISIN IT0006578600 and allow Claimant's claims relating to the Lehman Program Securities in the amount of $4,637,594.20.

Dated:  October 25, 2011
        New York, New York

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By:  */s/ Lorraine S. McGowen*_____
     Lorraine S. McGowen, Esquire
     51 West 52nd Street
     New York, NY 10019-6142
     Telephone:  (212) 506-5000
     Facsimile:  (212) 506-5151

     ATTORNEYS FOR BANCA DI CREDITO
     COOPERATIVO DI ROMA SOCIETÀ
     COOPERATIVA

## CERTIFICATE OF SERVICE

      I, Scott M. Pearsall, do certify that on October 25, 2011 I caused a true and correct copy of the foregoing to be served via courier upon the following:

Lehman Brothers Holdings Inc.
1271 Avenue of the Americas
New York, NY 10020
Attn: Holly Clack and Tina Pederson

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Alfredo R. Perez, Esq. and Mark Bernstein, Esq.

Milbank, Tweed, Hadley and McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn: Evan R. Fleck, Esq. and Matthew Brod, Esq.

                                                  /s/ Scott M. Pearsall
                                                    Scott M. Pearsall