Hearing Date and Time: November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: November 9, 2011 at 4:00 p.m. (Prevailing Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Kenneth Pasquale
Daniel J. Harris
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Bank of Taiwan, New York Branch*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                            :    Chapter 11
                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :    Case No. 08-13555 (JMP)
                                                 :
                           Debtors.              :    (Jointly Administered)
                                                 :
------------------------------------------------------------ x

**MOTION OF BANK OF TAIWAN, NEW YORK BRANCH, FOR
AN ORDER AUTHORIZING ASSIGNMENT OF CERTAIN
INTERESTS IN A PROMISSORY NOTE AND ATTENDANT CLAIMS
<u>AGAINST LEHMAN BROTHERS HOLDINGS, INC.</u>**

Bank of Taiwan, New York Branch[1] ("<u>Bank of Taiwan</u>"), as lender under that certain Amended and Restated Unsecured Master Promissory Note dated as of August 8, 2007 (the "<u>Promissory Note</u>"), among Lehman Brothers Holdings Inc. ("<u>LBHI</u>") as Borrower and the Bank of Taiwan as lender ("<u>Bank of Taiwan</u>" or the "<u>Lender</u>"), pursuant to which the Lender extended to LBHI a $25,000,000 unsecured loan (the "<u>Loan</u>"), by its undersigned attorneys, hereby files this motion (the "<u>Motion</u>") seeking entry of an order authorizing the Lender to freely assign or otherwise transfer its interest in the Promissory Note and attendant claims against LBHI without

---

[1]   The Promissory Note (as defined herein) was entered into by "Bank of Taiwan, New York Agency." Effective October 10, 2011, "Bank of Taiwan, New York Agency" officially changed its name to "Bank of Taiwan, New York Branch."

further order of this Court or obtaining prior consent from LBHI.  In support of this Motion, Bank of Taiwan respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This Motion is a core proceeding within the meaning of 28 U.S.C. §157(b).  Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2.      By this Motion, Bank of Taiwan respectfully requests that it be authorized to freely assign or otherwise transfer its interest in the Promissory Note, the Loan and attendant claims against LBHI to any third party without further order of this Court or obtaining prior written consent from LBHI.

## BACKGROUND AND BASIS FOR RELIEF

3.      On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.      Prior to the Petition Date, on or about August 8, 2003, the Borrower and the Lender entered into an Unsecured Master Promissory Note (the "Original Promissory Note"). Thereafter, on August 8, 2007, the Borrower and the Lender amended the Original Promissory Note and entered into the Promissory Note pursuant to which Lender extended the Loan to LBHI.  Pursuant to the Promissory Note, attached hereto as Exhibit A, Bank of Taiwan is

2

expressly authorized, among other things, to give notice to the Borrower (LBHI) of any Event of Default[2] as specified and defined in the Promissory Note. (Ex. A at 2).

5. According to the Promissory Note, a failure by the Borrower to pay when due (i) the principal of any Advance (if unremedied for two or more days after receipt by Borrower of written notice by the Lender thereof) or (ii) the interest on any Advance (if unremedied for five or more days after receipt by the Borrower of written notice by the Lender thereof), constitutes an Event of Default. Such an Event of Default entitles the Lender to declare the total outstanding principal amount of all Advances, together with accrued and unpaid interest thereon, and all other amounts payable by Borrower under the Promissory Note to be immediately due and payable.

6. LBHI is in default in its payments to the Lender, having failed to make the requisite payments due pursuant to the Promissory Note. Accordingly, an Event of Default has occurred under the terms of the Promissory Note. On or about September 4, 2009, Bank of Taiwan filed a proof of claim against LBHI seeking all amounts due under the Promissory Note based upon LBHI's default.

7. Assignment by the Lender of its respective interests in the Promissory Note and the rights thereunder are permitted pursuant to the Promissory Note. However, the Promissory Note permits assignment by the Lender to a third party only with the prior written consent of the Borrower. (Ex. A at 4).

---

[2] All capitalized and undefined terms used in this Motion shall have the meaning given to such terms in the Promissory Note.

3

8. The Lender is interested in assigning its interest in the Promissory Note and attendant claims under the Promissory Note to a third party. Although the Lender and its counsel requested the consent of LBHI to such an assignment, LBHI (by its counsel) refused to consent. Therefore, Bank of Taiwan respectfully seeks an order from this Court authorizing it to freely assign and otherwise transfer its interests and claims pursuant to the Promissory Note. Bank of Taiwan believes that this relief is fair and appropriate in these circumstances for the following reasons.

9. This Court previously ordered in these cases, without any objection by LBHI, the very relief requested by Bank of Taiwan here. By Order dated April 15, 2010 [Docket No. 8334], a copy of which is annexed as Exhibit B, this Court granted the motion of Mizuho Corporate Bank, Ltd., as agent under a credit agreement with LBHI, and authorized any lender under that credit agreement "to freely assign or otherwise transfer its interests in the Credit Agreement and attendant claims against LBHI free of any restrictions or requirements set forth in the Credit Agreement without further order of this Court. . . ." (Ex. B at 1).[3]

10. The prior approval of the Borrower for an assignment otherwise required by the Promissory Note should not be mandated in these circumstances, when there has been a material default by LBHI following its failure to make the required payments to the Lender. Indeed, it is well-settled that when there is a material breach of a contract, the non-breaching party is discharged from the further performance of its obligations under the contract. See In re Lavigne, 114 F.3d 379, 387 (2d Cir. 1997) ("a breach in a contract which substantially defeats the purpose

---

[3] LBHI filed a response to the motion filed by Mizuho, without objecting to the relief requested, to confirm that (i) any transfer be without prejudice to any objections to the underlying merits of the claim and (ii) any transfer is subject to this Court's Order Pursuant to Section 105(a) And 362 of the Bankruptcy Code Establishing Certain Restrictions and Procedures Applicable To Transfers of The Debtors' Securities, entered on March 25, 2010 [Docket No. 7826]. The Proposed Order with respect to the Lender's Motion here includes these conditions.

4

of that contract can be grounds for rescission. The non-breaching party will be discharged from the further performance of its obligations under the contract when the breach goes to the root of the contract;" citing <u>Dep't of Economic Dev. v. Arthur Andersen & Co.</u>, 924 F. Supp. 449, 483 (S.D.N.Y. 1996)). Here, because LBHI breached its obligations to the Lender by failing to repay the Loan, it should no longer be able enforce the terms of the Promissory Note that require LBHI's prior consent to the Lender's assignment of interests and claims in the Promissory Note. Accordingly, the Lender should not be required to obtain LBHI's advance written consent in light of the Borrower's breach of a material obligation of the Loan. <u>Lavigne</u>, 114 F.3d at 387.

11. Moreover, such relief is fair under the circumstances of this case. It has been often stated that the automatic stay is a shield, not a sword. <u>In re Briarpatch Film Corp.</u>, 281 B.R. 820, 834 (Bankr. S.D.N.Y. 2002) (citing cases). Because the Lender is subject to the automatic stay, it is not able to exercise the remedies available to it under the Promissory Note upon an Event of Default. Therefore, LBHI should not be entitled to hold the Lender hostage by preventing it from assigning its interests and attendant claims by failing to provide written consent. Rather, the Lender should be free to assign and transfer its respective interests in the Promissory Note and the attendant claims without regard to any pre-petition restrictions (subject to the conditions set forth in note 3, above).

## NOTICE

12. Notice of this Motion has been provided in accordance with Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 and on those notice parties fully described in the Original Case Management Order dated September 22, 2008 and the Amended Procedures dated February 13,

2009, issued in these Chapter 11 cases by the Court, including (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel for the Creditors' Committee; and (iii) and all parties who have requested notice in these chapter 11 cases. Bank of Taiwan submits that no other or further notice need be provided.

**NO PRIOR REQUEST**

13. Bank of Taiwan has not previously sought the relief requested herein from this or any other Court.

WHEREFORE, Bank of Taiwan respectfully requests that this Court enter an order, substantially in the form attached to this Motion as Exhibit C, (i) authorizing the Lender to freely assign or otherwise transfer its interest in the Promissory Note and attendant claims against LBHI free of any restrictions or requirements set forth in the Promissory Note without further order of this Court or obtaining prior written consent from LBHI, and (ii) granting such other and further relief as may be just and proper.

Dated: New York, New York
October 26, 2011

STROOCK & STROOCK & LAVAN LLP

/s/ Kenneth Pasquale
Kenneth Pasquale
Daniel J. Harris
180 Maiden Lane
New York, New York 10038
Tel: (212) 806-5400
Fax: (212) 806-6006

*Attorneys for Bank of Taiwan, New York Branch*