Presentment Date and Time: November 9, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: November 9, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

----------------------------------------------------------------x
:
In re                                              :        Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
:
Debtors.                  :        (Jointly Administered)
:
----------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF SECOND SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF DECHERT LLP'S RETENTION AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 27, 2011

**PLEASE TAKE NOTICE** that the undersigned will present the annexed

second supplemental application (the "Second Supplemental Application") of the Debtors

pursuant to Section 327(e) of title 11 of the United States Code and Rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to

expand the scope of Dechert LLP's retention as special counsel to the Debtors, *nunc pro*

*tunc* to September 27, 2011, as more fully described in the Second Supplemental

Application, to the Honorable James M. Peck, United States Bankruptcy Judge, for

approval and signature on **November 9, 2011 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections to the Second

Supplemental Application, if any, shall be in writing, shall conform to the Bankruptcy

Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:   (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Andy Velez-Rivera, Esq., Paul Schwartzberg, Esq., Brian Masumoto, Esq., and Linda Riffkin, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Dechert LLP, 200 Clarendon Street, Boston, MA 02116-5021, Attn: Lewis A. Burleigh, Esq., and Dechert LLP, 1095 Avenue of the Americas, New York, New York 10036-6797, Attn:  Brian E. Greer, Esq., **so as to be so filed and received by no later than November 9, 2011 at 11:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that only if a written objection is timely filed and served, a hearing will be held on **November 16, 2011 at 10:00 a.m.**

**(Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408.  If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 26, 2011
      New York, New York

<div style="margin-left:40%">

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

</div>

Presentment Date and Time: November 9, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: November 9, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re                                                          :          **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**      :          **08-13555 (JMP)**
:
                        **Debtors.**          :          **(Jointly Administered)**
:
-------------------------------------------------------------------x

<div align="center">

**SECOND SUPPLEMENTAL APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTION 327(e)**
**OF THE BANKRUPTCY CODE AND RULE 2014 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE TO EXPAND**
**THE SCOPE OF DECHERT LLP'S RETENTION AS SPECIAL**
**COUNSEL,** *NUNC PRO TUNC* **TO SEPTEMBER 27, 2011**

</div>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

> Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-
referenced chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession
(together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this
second supplemental application (the "Second Supplemental Application") of the Debtors
pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and
Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

authorization to expand the scope of Dechert LLP's ("Dechert") retention as special counsel to the Debtors, *nunc pro tunc* to September 27, 2011, as set forth herein and respectfully represent:

## Jurisdiction

1.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

2.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

5.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the Chapter 11 Cases (the "Examiner") and by order dated January 20, 2009 [ECF No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No. 7531].

6.    On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [ECF Nos. 19627 and 19629]. On September 1, 2011, the Bankruptcy Court entered an amended order [ECF No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.

**Lehman's Business**

7.    Prior to the events leading up to these Chapter 11 Cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

8.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these Chapter 11 Cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

**Relief Requested**

9.    By this Second Supplemental Application, the Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to modify the scope of Dechert's retention as special counsel, previously approved by the Retention Orders (defined below), *nunc pro tunc* to September 27, 2011, to include legal services with respect to a summons issued by the Internal Revenue Service

(the "<u>IRS</u>") on Lehman Commercial Paper, Inc. ("<u>LCPI</u>"), dated June 27, 2011 (the "<u>IRS Summons</u>").

<div align="center">**<u>Retention of Dechert</u>**</div>

10.    Dechert was initially retained to provide legal services in connection with real estate workouts and loan restructurings, including enforcement of remedies (the "<u>Initial Representative Matters</u>"),  on behalf of the Debtors, as a professional utilized in the ordinary course in these Chapter 11 Cases, in accordance with this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010 [ECF No. 7822].  By order dated June 22, 2010, the Court approved the Debtors' application seeking authorization to retain Dechert as special counsel, *nunc pro tunc* to March 1, 2010 to continue providing legal services in connection with the Initial Representative Matters [ECF No. 9724] (the "<u>Initial Retention Order</u>").

11.    On August 15, 2011 the Court approved the Debtors' supplemental application to expand the scope of Dechert's retention (the "<u>Supplemental Retention Order</u>", together with the Initial Retention Order, the "<u>Retention Orders</u>") [ECF No. 19255].  The Supplemental Retention Order authorized Dechert to represent certain current and former independent directors of LBHI who have been issued subpoenas in connection with an adversary proceeding in these Chapter 11 Cases (collectively, the "<u>Supplemental Representative Matters</u>" and, together with the Initial Representative Matters, the "<u>Representative Matters</u>").

12.    As disclosed in the declarations of Katherine A. Burroughs and Adam J. Wasserman, filed in support of the Debtors' applications to employ and retain Dechert as special counsel, respectively, Dechert also represents certain current and former independent directors of

LBHI in connection with, among other things, various investigative and litigation matters unrelated to Dechert's representation of the Debtors as special counsel.

## Scope of Services

13.    The IRS Summons' request includes, but is not limited to, the examination of books and witnesses, and the examination of documents and information related to 235 Renaissance Broadway Corporation ("235 Renaissance") for the taxable year ending August 3, 2007.  LCPI was a bridge lender in a transaction involving 235 Renaissance during the time period in question.  Dechert represented LCPI in connection with that transaction. The services that will be provided by Dechert include, but are not limited to, answering, defending, analyzing and taking any other action necessary in regards to the IRS Summons including any related tax matters, *nunc pro tunc* to September 27, 2011 (the "IRS Summons Representation").

## Basis for Relief Requested

14.    Subject to further order of this Court, it is proposed that Dechert's retention as special counsel, previously approved by Retention Orders, be modified to include legal services with respect to the IRS Summons Representation, *nunc pro tunc* to September 27, 2011.  Dechert's retention under the terms described herein is appropriate under Bankruptcy Code sections 327(e) and 1107.  Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest that is materially adverse to the debtor with regard to the matter that will be handled by counsel.  Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

15.     Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession.  *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. III. 1994).   As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to Dechert and that, therefore, its expanded retention should be approved under section 327(e) of the Bankruptcy Code.

### The Employment and Retention of Dechert
### With Respect to the IRS Summons
### Representation is in the Best Interests of the Estates

16.     As described in the declaration of Lewis A. Burleigh in support of this Second Supplemental Application, attached hereto as <u>Exhibit 1</u> (the "<u>Burleigh Declaration</u>" and, together with the declarations of Katherine A. Burroughs and Adam J. Wasserman, the "<u>Declarations</u>"), Dechert is a large international law firm that has substantial experience in all aspects of litigation and tax matters, including bankruptcy litigation, complex commercial litigation, securities litigation and white collar litigation.   Dechert has a multidisciplinary international and domestic tax group that focuses on tax planning and resolving tax controversies.   The Debtors believe that it would be appropriate to engage Dechert with respect to the IRS Summons Representations because Dechert is already familiar with the subject matter.

Indeed, Dechert represented LCPI in connection with the bridge loan that is the subject matter of the IRS Summons.  The Dechert attorneys handling the IRS Summons Representation include attorneys who represented LCPI in connection with the bridge loan that is the subject matter of the IRS Summons Representation and tax attorneys who have extensive experience in related matters.  The Debtors have concluded that Dechert's retention with respect to the IRS Summons Representation would be in the best interest of the LBHI and LCPI estates because Dechert is well qualified and able to provide the services sought in an efficient and effective manner.

<div align="center">

**Dechert Holds No Interest Adverse to
the Debtors or the Debtors' Estates With
<u>Respect to the IRS Summons Representation</u>**

</div>

17.    The Debtors' knowledge, information and belief regarding the matters set forth in this Second Supplemental Application are based on and made in reliance upon the Declarations.

18.    Dechert has informed the Debtors that it does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the IRS Summons Representation.  *See In re AroChem*, 176 F. 3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).  The Debtors have also been informed that Dechert will continue to update its conflicts disclosures contained in the Burleigh Declaration and other supporting documentation filed in connection with the Second Supplemental Application in accordance with the Bankruptcy Rules, the Local Rules, any orders of this Court, and Dechert's past practices and established conflicts procedures relating to chapter 11 proceedings.  Accordingly, the Debtors submit that employing and retaining Dechert with respect to the IRS Summons Representation is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

## Dechert Will Not Conduct The Debtors' Bankruptcy Case

19.     Dechert's postpetition work would be limited to the Representative Matters and the IRS Summons Representation.  None of these matters involve the conduct of the bankruptcy cases themselves. Additionally, because Dechert is not serving as the Debtors' general bankruptcy counsel, the Debtors believe that Dechert has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by Dechert will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors. It is the Debtors understanding that Dechert will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

## Professional Compensation

20.     The Debtors propose to pay Dechert its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Burleigh Declaration, and to reimburse Dechert according to its customary reimbursement policies, in accordance with sections 330(a) and 331 of the Bankruptcy Code.

21.     Dechert has informed the Debtors that the current hourly billing rates for Dechert partners range from $550/hour to $1,140/hour; its counsel rates range from $545/hour to $1,010/hour; its associates' rates range from $420/hour to $685/hour; its paralegals range from $110/hour to $310/hour and its other non-lawyer professionals' rates range from $40/hour to $155/hour.  Dechert informed the Debtors that the hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted from time to time and in accordance

with Dechert's established practices and procedures. The Debtors believe such rates are reasonable and comparable to the rates other firms charge for similar services.

22.      The Debtors understand that in connection with the reimbursement of reasonable and necessary expenses, it is Dechert's policy to charge its clients for expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other telephone charges, delivery service, and other expenses incurred in providing professional services.

23.      All of Dechert's fees and expenses incurred during these Chapter 11 Cases will be subject to approval of the Court upon proper application by Dechert in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], this Court's Order Amending the Fee Protocol [ECF No. 15998] and General Order M-389.

### *Nunc Pro Tunc* **Approval is Warranted**

24.      The Debtors' request that Dechert's retention be made effective *nunc pro tunc* to September 27, 2011 to allow Dechert to be compensated for work performed on behalf of the Debtors on or after September 27, 2011 (the date when Dechert first began to represent LCPI and LBHI in responding to the IRS Summons, which was issued on June 27, 2011), but prior to the submission of this Second Supplemental Application.  The Debtors submit that retroactive approval is warranted as Dechert provided necessary services to the Debtors and such services are of value to the estate and all parties in interest.  *See In re Hasset, Ltd.*, 283 B.R. 376, 379

(Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention application and recognizing that "*nunc pro tunc* applications are disfavored in this Circuit but have been permitted when the attorney performs services of 'value' to the estate" (internal citations omitted)); *see also In re Motors Liquidation Company*, 438 B.R. 365 (Bankr. S.D.N.Y. 2010) (stating that in exercising its discretion regarding the existence of "extraordinary circumstances," a bankruptcy court considers factors such as . . . whether the applicant was under time pressure to begin service without approval); *In re Jarvis*, 53 F.3d 416 (1st Cir. 1995) (finding that a bankruptcy court may grant post facto application if employment meets statutory requirements and delay results from extraordinary circumstances); *Matter of Arkansas Co. Inc.*, 798 F.2d. 645 (3d Cir. 1986) (opining that bankruptcy courts have discretion in extraordinary circumstances to retroactively approve a professional's employment).

25.    The Debtors believe that retaining and employing Dechert *nunc pro tunc* to September 27, 2011 is appropriate under the circumstances. Dechert began providing services related to the IRS Summons Representation beginning on September 27, 2011. The Debtors believe it was in the best interests of the estates for Dechert to commence providing services to LCPI and LBHI in connection with the IRS Summons Representation immediately, with the understanding that the Debtors would seek *nunc pro tunc* authorization to employ Dechert.

26.    A delay in the provision of legal services relating to the IRS Summons Representation could, under the circumstances, have resulted in immediate and potentially significant prejudice to the Debtors and their estates by, *inter alia*, delaying LCPI's ability to respond to the IRS Summons, which was issued on June 27, 2011 with a return date of July 25, 2011. The failure to respond to the IRS Summons (the time for which had already passed) could have resulted in contempt proceedings against LCPI. *See* I.R.C. § 7604(b).

27.     The global nature and complexity of these Chapter 11 Cases and often times need for professionals to immediately provide services as a result of the exigencies of circumstances, warrants retroactive approval.  This Court has granted *nunc pro tunc* approval of the retention of numerous other professionals in these cases.[1]

28.     For the foregoing reasons, the proposed relief requested in this Second Supplemental Application is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

## Notice

29.     No trustee has been appointed in these Chapter 11 Cases.  The Debtors have served notice of this Second Supplemental Application in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Dechert; and (vii) all parties who have requested notice in these Chapter 11 Cases.  The Debtors submit that no other or further notice need be provided.

30.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

---

[1] *See, e.g.,* [ECF No. 7824] (approving *nunc pro tunc* appointment dating approximately 1 year and 4 months prior), [ECF No. 9724] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [ECF No. 5305] (approving *nunc pro tunc* appointment dating approximately 11 months prior), [ECF No. 2547] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 9857] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [ECF No. 5037] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [ECF No. 2925] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 7825] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [ECF No. 12204] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 10647] (approving *nunc pro tunc* appointment dating approximately 6 months prior), [ECF No. 4009] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 10677] (approving *nunc pro tunc* appointment dating approximately 5 months prior), [ECF No. 2680] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 10949] (approving *nunc pro tunc* appointment dating approximately 7 months prior).

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:   October 26, 2011
New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

## **EXHIBIT 1**

**Lewis A. Burleigh Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF LEWIS A. BURLEIGH**
**IN SUPPORT OF SECOND SUPPLEMENTAL APPLICATION**
**OF THE DEBTORS, PURSUANT TO SECTION 327(e) OF THE**
**BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE**
**SCOPE OF DECHERT LLP'S RETENTION AS SPECIAL**
**COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 27, 2011**

I, Lewis A. Burleigh, declare and state as follows:

1.      I am a partner in the law firm of Dechert LLP ("Dechert"). I am admitted to practice law in the Courts of the State of New York and am a member in good standing of the bar of the United States District Court for the Southern District of New York.

2.      I submit this declaration (this "Declaration"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), in support of the Second Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedures to Expand the Scope of Dechert LLP's Retention as Special Counsel, *Nunc Pro Tunc* to September 27, 2011 (the "Second

Supplemental Application")[1] filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors in possession in the above referenced chapter 11 cases (together, the "Debtors").  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein based on, *inter alia*, my knowledge of these chapter 11 cases, review of documents referred to in this Declaration, and/or other information provided by my firm.  Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein.  I am authorized to submit this Declaration on behalf of Dechert.

3.      On June 1, 2010, the Debtors submitted (a) the *Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP, as Special Counsel to the Debtors, Nunc Pro Tunc to March 1, 2010* [ECF No. 9395] (the "Initial Application"), and (b) the supporting declaration of Katherine A. Burroughs of Dechert (the "Initial Burroughs Declaration").

4.      On July 29, 2011, the Debtors submitted (a) the *Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP as Special Counsel to the Debtors, Nunc Pro Tunc to June 21, 2011* [ECF No. 18895] (the "First Supplemental Application", together with the Initial Application and the Second Supplemental Application, the "Applications"); and (b) the supporting declaration of Adam J. Wasserman (the "First Supplemental Wasserman Declaration").

---

[1]     Capitalized terms used but not defined herein shall have the meanings set forth in the Second Supplemental Application.

5.      On June 22, 2010, the Court entered an order [ECF No. 9724] (the "Initial Retention Order") approving the Initial Application and authorizing the Debtors to employ and retain Dechert as special counsel to the Debtors with respect to certain matters described in the Initial Application generally relating to certain real estate financings, transactions, workouts and loan restructurings, including enforcement of remedies (collectively, the "Initial Representative Matters").

6.      On August 15, 2011, the Court entered an order [ECF No. 19255] (the "Supplemental Retention Order", together with the Initial Retention Order, the "Retention Orders") approving the First Supplemental Application  and authorizing the Debtors to employ and retain Dechert as special counsel to the Debtors with respect to certain matters described in the Initial Application generally relating to the representation of certain independent directors of LBHI who have been issued subpoenas in connection with the adversary proceeding in these Chapter 11 Cases, *Lehman Brothers Holdings Inc. and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Case No. 10-03266 (JMP) (collectively, the "Supplemental Representative Matters", together with the Initial Representative Matters, the "Representative Matters").

7.      As disclosed in the Initial Burroughs Declaration and the First Supplemental Wasserman Declaration, Dechert also represents certain current and former independent directors of LBHI in connection with, among other things, various investigative and litigation matters unrelated to Dechert's representation of the Debtors as special counsel.

8.      On December 10, 2010, Dechert submitted the Supplemental Declaration of Katherine A. Burroughs on Behalf of Dechert LLP [ECF No. 13383] (the

"Supplemental Burroughs Disclosure"), with respect to the Initial Application.    On

April 7, 2011, Dechert submitted the Second Supplemental Declaration of Katherine A.

Burroughs on Behalf of Dechert LLP [ECF No. 15707] (the "Second Supplemental

Burroughs Disclosure", together with the Initial Burroughs Declaration, the Supplemental

Burroughs Disclosure, and the First Wasserman Supplemental Declaration, the "Prior

Disclosures").[2]

        9.     Dechert has extensive knowledge and experience in representing

the Debtors and other Lehman non-debtor affiliates in various matters.    Dechert is an

international law firm with more than 800 attorneys.    Dechert has offices in New York,

Philadelphia, Washington, D.C., Boston, Charlotte, Princeton, Hartford, Orange County,

Silicon Valley, San Francisco, Austin and Los Angeles, as well as London, Paris,

Luxembourg, Brussels, Moscow, Munich, Dublin, Hong Kong, and Beijing.    Dechert has

substantial experience in virtually all aspects of the law that may arise in its

representation in connection with the IRS Summons Representation (defined below),

including all aspects of litigation and tax matters, including extensive experience in

international and domestic tax law and resolving tax controversies.

        10.    The Debtors have requested that Dechert represent them with

respect to a summons issued by the Internal Revenue Service (the "IRS") on Lehman

---

[2]    In addition to the Prior Disclosures, pursuant to the Order Authorizing the Debtors to Employ
Professionals Utilized in the Ordinary Course of Business [ECF No. 1394], Dechert filed: (i) the
Affidavit and Disclosure Statement of Katherine A. Burroughs, on behalf of Dechert LLP [ECF No.
2599] on January 22, 2009; (ii) the Supplemental Affidavit and Disclosure Statement of Katherine A.
Burroughs, on behalf of Dechert LLP [ECF No. 3361] on April 14, 2009 and [ECF No. 3398] on April
20, 2009; (iii) the Supplemental Affidavit and Disclosure Statement of Katherine A. Burroughs, on
behalf of Dechert LLP [ECF No. 4154] on June 24, 2009; (iv) the Third Supplemental Affidavit and
Disclosure Statement of Katherine A. Burroughs, on behalf of Dechert LLP [ECF No. 4358] on July
13, 2009; and (v) the Fourth Supplemental Affidavit of Katherine A. Burroughs, on behalf of Dechert
LLP [ECF No. 4915] on August 24, 2009, which are collectively incorporated herein by reference (the
"OCP Disclosures").

Commercial Paper, Inc. ("<u>LCPI</u>"), dated June 27, 2011 (the "<u>IRS Summons</u>").  The IRS

Summons' request includes, but is not limited to, the examination of books and

witnesses, and the examination of documents and information related to 235 Renaissance

Broadway Corporation for the taxable year ending August 3, 2007.  The services that will

be provided by Dechert include, but are not limited to, answering, defending, analyzing

and taking any other action necessary in regards to the IRS Summons including any

related tax matters *nunc pro tunc* to September 27, 2011 (the "<u>IRS Summons</u>

<u>Representation</u>").

11.    Dechert has a multidisciplinary international and domestic tax

group that focuses on tax planning and resolving tax controversies.  Dechert's tax

practice is well equipped to handle the IRS Summons Representation and to minimize its

impact on the Debtors.  Moreover, Dechert is already familiar with the subject matter of

the IRS Summons, as Dechert represented LCPI in connection with the bridge loan that is

the subject matter of the IRS Summons.  The Debtors have concluded that Dechert's

retention with respect to the IRS Summons Representation would be in the best interest

of the LBHI estates because Dechert is well qualified and able to provide the services

sought in an efficient and effective manner.

12.    I believe that Dechert is well-qualified and uniquely positioned to

provide services relating to the IRS Summons Representation.  The Dechert attorneys

handling the IRS Summons Representation include attorneys who represented LCPI in

connection with the bridge loan that is the subject matter of the IRS Summons and tax

attorneys who have extensive experience in related matters.  Accordingly, I believe that

Dechert's retention with respect to the IRS Summons Representation would, *inter alia*, be

cost-efficient and in the best interest of the Debtors' estates.

13.     I believe it was appropriate under the circumstances, and in the best interests of the estates, for Dechert to commence providing services to LCPI and LBHI for the IRS Summons Representation as of September 27, 2011.  Dechert provided these services immediately, with the understanding the Debtors should seek *nunc pro tunc* authorization to employ and retain Dechert.

14.     A delay in the provision of legal services relating to the IRS Summons Representation could, under the circumstances, have resulted in immediate and potentially significant prejudice to the Debtors and their estates by, *inter alia*, delaying LCPI's ability to respond to the IRS Subpoena, which was issued on June 27, 2011 with a return date of July 25, 2011.  The failure to respond to the IRS Summons (the time for which had already passed) could have resulted in contempt proceedings against LCPI.

## Conflict Disclosures

15.     As set forth in the Applications and the Prior Disclosures and other supporting documentation filed in connection with the Applications, Dechert periodically conducts investigations to check and clear potential conflicts of interest in these cases, as well as to determine all "connections" to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee.  Dechert conducts investigations to determine whether it has or had any relationships at any time during the past two years with entities contained on the list, as revised from time to time, provided to Dechert by Weil, Gotshal & Manges LLP, the Debtors' general bankruptcy counsel.

16.     Apart from the Prior Disclosures made in connection with the Initial Application and the First Supplemental Application, and the supporting documentation filed in connection with the Applications, Dechert does not represent or

hold any interest adverse to the Debtors or the Debtors' estates with respect to the IRS Summons Representation.  Further disclosures based on subsequent information will be made in future supplemental disclosures, as appropriate.

17.    I have been informed by Dechert's accounting department that current hourly billing rates for Dechert partners range from $550/hour to $1,140/hour; its counsel rates range from $545/hour to $1,010/hour; its associates' rates range from $420/hour to $685/hour.  I have been further informed that the current hourly billing rates for Dechert paralegals range from $110/hour to $310/hour and its other non-lawyer professionals' rates range from $40/hour to $155/hour.

18.    Dechert recognizes that it will be required to submit applications for interim and/or final allowance of compensation pursuant to section 330 and 331 of the Bankruptcy Code and the rules of this Court.  Dechert has reviewed the fee application guidelines promulgated by the U.S. Trustee and will comply with them.

19.    To the best of my knowledge, information, and belief, Dechert does not hold or represent an interest adverse to the Debtors or their respective estates in the matters for which Dechert is proposed to be retained.  Accordingly, I believe that Dechert satisfies the requirements for employment as special counsel pursuant to section 327(e) of the Bankruptcy Code.

20.    No promises have been received by Dechert or any member or associate thereof as to payment or compensation in connection with the work proposed in the IRS Summons Representation, *nunc pro tunc*, to September 27, 2011, other than in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. Dechert has no agreement with any other entity to share with such entity any compensation received by Dechert.

21.     The foregoing constitutes the statement of Dechert pursuant to sections 327(e) and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

Pursuant to 28 U.S.C. section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 25, 2011
New York, New York

_____
Lewis A. Burleigh, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                            :
In re                                       :        **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                            :
                        **Debtors.**         :        **(Jointly Administered)**
                                            :
---------------------------------------------------------------------x

### ORDER GRANTING THE SECOND SUPPLEMENTAL APPLICATION OF THE DEBTORS, PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF DECHERT LLP'S RETENTION AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO SEPTEMBER 27, 2011

Upon consideration of the second supplemental application, dated October 26, 2011 (the "Second Supplemental Application"), of Lehman Brothers Holdings Inc., ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order expanding the scope of Dechert LLP's ("Dechert") retention as special counsel, *nunc pro tunc* to September 27, 2011, with respect to the IRS Summons Representation,[1] as more fully described in the Second Supplemental Application; and upon the declaration of Lewis A. Burleigh (the "Burleigh Declaration"), filed in support of the Second Supplemental Application; and the Court being satisfied, based on the representations made in the Second Supplemental Application and the Burleigh Declaration, that, except as provided therein, Dechert represents no interest adverse to the Debtors or the Debtors' estates with

---

[1]    Capitalized terms that are used but not defined in this Order have the meanings ascribed to them in the Second Supplemental Application.

respect to the IRS Summons Representation upon which it is to be engaged, under section 327 of the Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider the Second Supplemental Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Second Supplemental Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Second Supplemental Application having been provided in accordance with the procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Dechert LLP; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Second Supplemental Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Second Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Second Supplemental Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to expand the scope of the retention of Dechert as special counsel to the Debtors on the terms set forth in the Second Supplemental Application and this Order, effective *nunc pro tunc* to September 27, 2011, with respect to the IRS Summons Representation identified in the Second Supplemental Application; and it is further

ORDERED that Dechert shall apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], the Court's Order Amending the Fee Protocol [ECF No. 15998] and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Second Supplemental Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: November __, 2011
        New York, New York

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE