# EXHIBIT C

BINGHAM

Edwin E. Smith
Direct Phone:  617.951.8615; 212.705.7044
Direct Fax:      617.345.5003
edwin.smith@bingham.com

May 23, 2011

**BY E-MAIL AND FEDEX**

Matthew Scheck, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017-2543

**Re:  Lehman Brothers Holdings Inc.; claims of JPMorgan investment funds**

Dear Mr. Scheck:

We refer to your letter to Wachtell, Lipton, Rosen & Katz dated February 15, 2011 (the "Request Letter"), and to the confidentiality stipulation dated April 7, 2011, but received on April 18, 2011 (the "Confidentiality Stipulation"), among Lehman Brothers Holdings Inc. ("LBHI"), the Official Committee of Unsecured Creditors of LBHI and the various investment funds (the "Funds") listed on Schedule A thereto.

As you are aware, we have been engaged to represent the Funds in connection with, among other things, their claims against LBHI arising out of the Guaranty dated September 9, 2008 (the "Guaranty") issued by LBHI in favor of JPMorgan Chase Bank, N.A. ("JPMCB") and its affiliates and subsidiaries and the collateral security arrangements relating thereto.

In the Request Letter, you have requested, on behalf of LBHI, that the Funds provide to you the primary rationale for why the Funds are "affiliates" of JPMCB. We do so in this letter, subject to the reservations set forth below.

Under well-settled contract law principles, absent a definition in the contract, a court in interpreting a term such as "affiliate" will look to the plain and ordinary meaning of the term. Moreover, when determining the meaning of the term, the court will consider the context of the entire agreement and the customs, practices, usages and terminology of the particular industry. Under the plain and ordinary meaning of the term "affiliate," whether or not further explained by industry custom or usage, each of the Funds qualifies as an "affiliate" of JPMCB.

Boston
Frankfurt
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022-4689

T +1.212.705.7000
F +1.212.752.5378
bingham.com

A/74294039.2

Matthew Scheck, Esq.
May 23, 2011
Page 2

## The Plain and Ordinary Meaning

*The Relevance of Control*

The plain and ordinary meaning of the term "affiliate" centers on whether there are indicia of control. Where sufficient control exists, an "affiliate" relationship arises.

More specifically, an "affiliate" of an entity is generally considered to be someone who controls, is controlled by or is under common control with that entity.

In the ordinary usage context, control by one entity over another entity focuses on whether the first entity has the ability to exercise substantial influence over the operations or conduct of the other entity. Substantial influence may be the power or authority to guide, manage or direct the day-to-day activities of the other entity or to direct or cause direction of the overall management and policies of the other entity. Regulatory and case law interpreting what indicia indicate control has considered the following to be relevant factors:

- the ability to appoint, elect or direct a majority of the board of directors or other governing body of the other entity;

- governance positions with respect to the other entity, such as serving as trustee, general partner, managing member or manager;

- contractual arrangements giving the ability of the first entity to control material aspects of the business operations of the other entity;

- the existence of other relationships such as interlocking directors or officers, contracts of indebtedness or other transactions, or business relationships; and

- control by the first entity of the day-to-day operations of the other entity's business.

Ownership may be important as an indication of control, but control may be present even in the absence of ownership.

Matthew Scheck, Esq.
May 23, 2011
Page 3

*Control as Applied to the Funds*

The Funds, in the main part, fall into two general categories:

1.  Funds organized as common law trusts and for which JPMCB acts as trustee ("Trust-Organized Funds"); and

2.  Funds for which JPMCB or an affiliate of JPMCB acts as an investment adviser ("Advised Funds").

The Trust-Organized Funds are "affiliates" of JPMCB under the plain and ordinary meaning of the term "affiliate" because JPMCB as trustee of these funds controls all decisions with respect to buying or selling the trust assets, and also controls all other day-to-day operations of such funds.

The Advised Funds are "affiliates" of JPMCB under the plain and ordinary meaning of the term "affiliate" because JPMCB or an affiliate of JPMCB controls all decisions with respect to buying or selling the funds' assets, and also controls all other day-to-day aspects of such funds' operations. Day-to-day managerial rights are held by or have been delegated to JPMCB or an affiliate of JPMCB through an investment advisory agreement or similar arrangement.

Industry Custom and Usage

As set forth above, the plain and ordinary meaning of the term "affiliate" leads to the conclusion that each of the Funds is an "affiliate" of JPMCB. In addition, consideration of the context of the agreement and the customs, practices, usages and terminology of the particular industry confirms that conclusion.

*Regulated Financial Institutions*

Examination of the use of the term "affiliate" by regulated financial institutions and those who engage in transactions with regulated financial institutions confirms that the Funds should be considered "affiliates" for purposes of the Guaranty.

The term "affiliate" has a distinctive meaning for a regulated financial institution like JPMCB. JPMCB must conduct its business, and enter into transactions, with the Funds subject to and within a U.S. bank regulatory framework that establishes who is an "affiliate" of JPMCB. That regulatory framework is set forth in Section 23A of the Federal Reserve Act as implemented by Federal Reserve Regulation W.

Matthew Scheck, Esq.
May 23, 2011
Page 4

Section 23A and Regulation W provide that, if JPMCB or an affiliate of JPMCB sponsors and advises a Fund on a contractual basis, or acts as an investment adviser to a Fund that is an investment company, the Fund is an affiliate of JPMCB. As the governing and other documents relating to the Funds support, JPMCB or an affiliate of JPMCB, acts in such capacity in relation to each of the Advised Funds.

The term "affiliate," as used in Section 23A and Regulation W, is designed to capture situations in which relationships between an entity and JPMCB are so close as to raise the potential that a transaction between JPMCB and the entity in question might not be conducted on an arm's length basis. Transactions conducted on a less than arm's length basis might subject the bank to abuse and could affect the prudential regulation of the bank as to its safety and soundness. It is the closeness of these relationships that drives what an "affiliate" of JPMCB is for purposes of regulating transactions between JPMCB and the "affiliate" under Section 23A and Regulation W.

*Investment Companies*

Likewise, an examination of the use of the term "affiliate" for investment companies, like a number of the Advised Funds, and their advisers would also lead to the conclusion that each of the Funds is an "affiliate" of JPMCB. It has long been the case that the mere fact that a person is the investment adviser of a fund registered under the Investment Company Act of 1940, controlling the fund's day-to-day decisions, makes the fund an affiliate of that adviser under the regulatory scheme applicable to registered investment companies. As the Securities and Exchange Commission has stated:

> [T]he investment advisor almost always controls the fund. . . . The adviser's controlling influence over his advisee does not stem from stock ownership. It stems from the fact that he manages the fund's affairs and that his is normally the only audible voice in day-to-day management.

*In re Steadman Security Corp.*, SEC Release No. IC-9830 (June 29, 1977).

In sum, whether one looks to the plain and ordinary meaning of the term "affiliate" or to the meaning of the term as further explained by industry custom and usage, each of the Funds is an "affiliate" of JPMCB.

Reservations

The Funds have provided this information to you voluntarily and in the spirit of cooperation. The Funds reserve the right to amend or supplement this information at any time. This letter does not constitute a waiver of any right that any of the Funds may have and does not prejudice any position that any of

A/74294039.2

Matthew Scheck, Esq.
May 23, 2011
Page 5

the Funds may take at a future time. In addition, the delivery of documentation by our clients pursuant to the Request Letter shall constitute supplemental writings under the applicable proofs of claims relating thereto.

Sincerely yours,

Edwin E. Smith

cc:   Jeffery Black, Esq.
      L.P. Harrison 3rd, Esq.
      Harold S. Novikoff, Esq.