Hearing Date and Time: November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 9 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :   08-13555 (JMP)
                                                             :
                           Debtors.                          :   (Jointly Administered)
                                                             :
                                                             :
-------------------------------------------------------------x
```

## NOTICE OF DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE TO ESTABLISH PROCEDURES FOR THE CONSENSUAL AMENDMENT AND ASSUMPTION OF CERTAIN NON-TERMINATED PREPETITION DERIVATIVES CONTRACTS

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") to establish procedures for the consensual amendment and assumption of certain non-terminated prepetition derivatives contracts and for certain related relief, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

US_ACTIVE:\43844115\05\58399.0008

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Jacqueline Marcus, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq., Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **November 9, 2011 at 4:00 p.m. (Prevailing Eastern Time)** (the "<u>Objection Deadline</u>").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 26 , 2011
      New York, New York

    /s/ Jacqueline Marcus
    Jacqueline Marcus
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

Hearing Date and Time: November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  November 9 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                     :
In re                                                :   Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         :   08-13555 (JMP)
                                                     :
            Debtors.                                 :   (Jointly Administered)
                                                     :
                                                     :
------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363, AND 365 OF
THE BANKRUPTCY CODE FOR AUTHORIZATION TO ESTABLISH
PROCEDURES FOR THE CONSENUSAL AMENDMENT AND ASSUMPTION OF
CERTAIN NON-TERMINATED PREPETITION DERIVATIVES CONTRACTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this Motion and respectfully represent:

**Preliminary Statement**

        1.    The Debtors are parties to thousands of derivatives contracts (each, a "Derivatives Contract," and collectively, the "Derivatives Contracts") in which the contractual obligations and values are keyed to one or more underlying assets or indices of asset values and

US_ACTIVE:\43844115\05\58399.0008

subject to movements in the financial markets.  In light of the upcoming hearing (the "Confirmation Hearing") to consider confirmation of the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan") [ECF No. 19628] scheduled to commence on December 6, 2011, the Debtors have been reviewing their Derivatives Contracts and pursuing their strategies to maximize and secure the value of their assets.  In that regard, the Debtors may wish to consensually amend and assume certain of the Derivatives Contracts (as amended) in order to provide mutually satisfactory terms for substitute performance, credit support, or other adequate assurance to the various counterparties to the Derivatives Contracts (each, a "Counterparty," and collectively, the "Counterparties").

    2.  To that end, the Debtors are or will be in active settlement discussion with up to ten or fifteen Counterparties regarding potential amendments to their non-terminated agreements and the provision of substitute performance or credit support in connection with the assumption of such amended Derivatives Contracts.  The Debtors request that the Court approve procedures for the consensual amendment and assumption of such contracts, and authorize the Debtors to pay any cure costs and any fees or expenses in connection with securing substitute performance or other forms of adequate assurance, without further order of the Court, but subject to the consent of the statutory committee of unsecured creditors (the "Creditors' Committee").  The Court has previously authorized similar procedures for the assumption and assignment or the termination of Derivatives Contracts subject to the consent of the Creditors' Committee.[1]  Those procedures have provided an efficient mechanism for the Debtors to rapidly maximize the value

---

[1] See *Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts*, dated December 16, 2008 (as amended and supplemented from time to time, the "Derivatives Procedures Order") [ECF No. 2257].

of their highly sensitive derivatives assets while maintaining an adequate means of creditor oversight and review through the Creditors' Committee's consent rights.

3. Under any such Derivatives Contracts, as amended, the Debtors will obtain substitute performance or another form of adequate assurance that is mutually agreeable to the Debtors and to the Counterparties (as applicable).  In exchange, the Debtors will pay market-based fees and expenses to secure such adequate assurance.  The applicable Debtor will then assume the amended Derivatives Contract.  All amounts currently payable to any Debtor under such Derivatives Contract will continue to be paid to the Debtor, but such Debtor will have no future liability.  Any such arrangement would continue to provide the applicable Counterparty with adequate assurance of the Debtor's future performance under the Derivatives Contract.

**Relief Requested**

4. The Debtors request, pursuant to sections 105, 363, and 365 of the Bankruptcy Code, Bankruptcy Rule 6006, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), approval of procedures (the "Amendment and Assumption Procedures") for the consensual amendment and assumption of the Debtors' Derivatives Contracts, as more fully set forth herein, including authorization to satisfy all cure obligations and to pay all expenses and fees in connection with securing substitute performance, credit support, or other forms of adequate assurance in connection therewith, subject to the consent of the Creditors' Committee.

5. The Debtors further request that the Court waive the fourteen-day stay under Bankruptcy Rules 6004(h) and 6006(d) and direct that the order granting the relief requested be effective immediately, in order to allow the Debtors to immediately capture the

value of the Derivatives Contracts and in light of the approaching deadline to assume or reject executory contracts as provided in the Plan.

6. The relief requested herein is a proper and appropriate exercise of sound business judgment and their approval by the Court is in the best interests of the Debtors.

**Background**

7. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Creditors' Committee.

9. On September 1, 2011, the Debtors filed their Third Amended Joint Chapter 11 Plan [ECF No. 19627] and the Disclosure Statement to the Debtors' Third Amended Joint Chapter 11 Plan (the "Disclosure Statement") [ECF No. 19629]. The Court approved the Disclosure Statement later that day [ECF No. 19631]. On September 15, 2011, the Court entered an order approving a modification to the Disclosure Statement [ECF No. 20016].

10. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## Jurisdiction

11. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## The Amendment and Assumption Procedures

12. The Debtors request that they be authorized, with the consent of the Counterparty to any Derivatives Contract and the consent of the Creditors' Committee, to: (i) amend any Derivatives Contract; (ii) assume any of the Derivatives Contracts, as may be amended; (iii) determine any amounts to be paid to cure existing defaults (the "Cure Amount") under such contract; and (iv) pay all Cure Amounts and fees and expenses (the "Fees") in connection with securing substitute performance or another form of adequate assurance for a Derivatives Contract, all without further Court order, but subject to the consent of the Counterparty and the Creditors' Committee. The Debtors expect that the Fees incurred in connection with assuming any Derivatives Contract pursuant to the Amendment and Assumption Procedures will be at then-prevailing market prices. In addition, as these Derivatives Contracts are "in the money" and the Debtors are net creditors of the Counterparties to those contracts, any outstanding obligations of the Debtors that may need to be cured will be netted against amounts owed by the Counterparty. Accordingly, the Debtors do not anticipate having to make any out of pocket payments for Cure Amounts in connection with contracts assumed pursuant to the Amendment and Assumption Procedures.

13. The following example is illustrative. Assume a Derivatives Contract that is "in the money" to the Debtors and has not been terminated, such as an interest rate swap

agreement.  While there is little likelihood that the applicable Debtor would ever owe payment to the Counterparty, the Counterparty would request adequate assurance sufficient to address that risk.  With the consent of the Counterparty and the Creditors' Committee, the Debtor could then seek to purchase substitute performance from a third party for the benefit of the Counterparty.  A typical, though not exclusive, form of such substitute performance would be an "interest rate cap" – which functions like an insurance policy or guarantee – pursuant to which a third party credit support provider would, in exchange for an up-front fee, become responsible to perform the Debtor's obligations under a Derivatives Contract.  In exchange, the applicable Debtor would pay market-based fees and expenses to secure such substitute performance.  Due to the remote possibility that the credit support provider would ever have liability, the cost of procuring such credit support would be modest, and significantly less than the value of the Derivatives Contract.  Thus, for a small fee, the Debtor will have secured the value of the contract for the benefit of its creditors.

14.    Under the Amendment and Assumption Procedures, the Debtors reserve all of their rights with respect to Derivatives Contracts, including their rights to seek to assume or reject, with or without the consent of the applicable Counterparty and/or Creditors' Committee, any Derivatives Contract.

**Basis for Relief Requested**

15.    Section 365(a) of the Bankruptcy Code empowers a debtor in possession, "subject to the court's approval, [to] assume or reject any executory contracts or unexpired leases of the debtor."  11 U.S.C. § 365(a).  In determining whether to approve the assumption or rejection of executory contracts and leases of the debtor, courts apply the "business judgment" standard.  *See Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir.

1996); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2d Cir. 1993). "More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985). A court should approve the assumption of an executory contract under section 365(a) of the Bankruptcy Code if it finds that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate. *See, e.g., In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992).

16.  Further, section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Although section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale, disposition, or other use of a debtor's assets, courts in the Second Circuit, in applying this section, have required that it be based upon the sound business judgment of the debtor. *See In re Chateaugay Corp.*, 973 F.2d 141, 143-45 (2d Cir. 1992) (holding that a judge reviewing a section 363(b) application must find from the evidence presented a good business reason to grant such application); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same). In addition, section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

17.  It is generally understood that "[when] the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously),

courts will generally not entertain objections to the debtor's conduct." *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). If a valid business justification exists, there is a strong presumption that "'the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993). The burden of rebutting this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

### The Amendment and Assumption Procedures Are in the Best Interests of the Debtors' Estates

18. The Amendment and Assumption Procedures, which would allow the Debtors to realize the value embedded in the Derivatives Contracts, satisfy the legal standards established under section 363(b) of the Bankruptcy Code and are in the best interests of the Debtors' estates. The Amendment and Assumption Procedures are necessary to allow the Debtors to rapidly make and implement decisions to maximize the value of their Derivatives Contracts and will enable the Debtors to consensually amend and assume valuable Derivatives Contracts without wasting valuable estate resources in repeatedly seeking relief from the Court. There is no prejudice to Counterparties, as no actions will be taken with respect to a Derivatives Contract pursuant to the Amendment and Assumption Procedures without the applicable Counterparty's consent.

19. In light of the upcoming Confirmation Hearing, the Debtors may also lack the time to seek separate relief for each Derivatives Contract. There will be sufficient oversight of the Debtors' decision making, as no Derivatives Contract will be amended and assumed

pursuant to the Amendment and Assumption Procedures, and no Cure Amounts or Fees will be paid in connection therewith, without the Creditors' Committee's consent.

20. The Court has the authority under section 105 of the Bankruptcy Code to establish and authorize the Amendment and Assumption Procedures. Pursuant to section 105, this Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of…title [11]." 11 U.S.C. § 105(a). The Second Circuit has acknowledged that section 105 confers broad powers on bankruptcy courts:

> 11 U.S.C. § 105 'is an omnibus provision phrased in such general terms as to be the basis for a broad exercise of powers in the administration of a bankruptcy case. The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid at the exercise of their jurisdiction . . . ."

*Casse v. Key Nat'l Bank Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) (citation omitted). Authorizing the amendment and assumption of the applicable Derivatives Contracts is an appropriate use of this Court's powers under section 105. Indeed, this and other courts in other chapter 11 cases have entered similar orders creating procedures to rapidly monetize the value of Derivatives Contracts. *See*, *e.g.*, Derivatives Procedures Order; *see also In re NRG Energy, Inc.* (Case No. 03-13024) (Bankr. S.D.N.Y. 2003) [ECF No. 414]; *In re Mirant Corporation* (Case No. 03-46590) (DML) (Bankr. N.D. Tex. 2003) [ECF No. 3033]; *In re In re Enron Corp.* (Case No. 01-16034) (AJG) (Bankr. S.D.N.Y. 2001) [ECF No. 4129].

21. The Amendment and Assumption Procedures will ensure that each assignment will comport with the requirements of section 365(f) of the Bankruptcy Code, which require a debtor to cure all defaults – other than those set forth in section 365(b)(2) of the Bankruptcy Code, which include defaults arising from the debtor's own financial condition

and/or the commencement of a chapter 11 case – and provide adequate assurance of future performance under the Derivatives Contracts. Under the Amendment and Assumption Procedures, no action can be taken by the Debtors without the consent of the Counterparty. Thus, any Cure Amounts and/or substitute performance will have to be agreed to by the Counterparty. In the event of any dispute with the Counterparty (for example, regarding the proposed substitute performance or the Cure Amount), the Debtors will retain the right to seek any available relief in respect of the Derivatives Contract.

22. Moreover, no amendment pursuant to the Amendment and Assumption Procedures will be effective without the Creditors' Committee's express consent. As noted above, the Court has previously approved similar procedures in connection with the assumption and assignment or the termination of Derivatives Contracts with the Creditors' Committee's consent. Those procedures have afforded the Debtors the opportunity to realize tremendous value from the assumption and assignment or the termination of such Derivatives Contracts and have resulted in great benefit to the estates. For the same reasons that the Court authorized those procedures, the Amendment and Assumption Procedures should be approved.

## Notice

23. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion in accordance with the procedures set forth in the amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who

have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

24.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:  October 26, 2011
        New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
 :
Debtors. : (Jointly Administered)
 :
 :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105, 363, AND 365 OF THE BANKRUPTCY CODE ESTABLISHING PROCEDURES FOR THE CONSENSUAL AMENDMENT AND ASSUMPTION OF CERTAIN NON-TERMINATED PREPETITION DERIVATIVES CONTRACTS

Upon the motion, dated October 26, 2011 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), pursuant to sections 105, 363, and 365 of the Bankruptcy Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for entry of an order establishing procedures (the "Amendment and Assumption Procedures") authorizing the Debtors to amend and assume certain Derivatives Contracts[1] with various Counterparties, including the satisfaction of all cure obligations and the payment of all fees and expenses (the "Fees") in connection with providing substitute performance or other adequate assurance, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"); (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Debtors are authorized, with the consent of the Counterparty to the Derivatives Contract and the consent of the Creditors' Committee, to: (i) amend and assume any Derivatives Contract, (ii) determine any amounts to be paid to cure existing defaults (the "Cure Amount") under such contract, and (iii) satisfy all Cure Amounts and pay all Fees incurred in connection with securing substitute performance or other adequate assurance in connection with a Derivatives Contract that is subject to such amendment and assumption (collectively, the "Amendment and Assumption Procedures"), all without further order of this Court; and it is further

2

ORDERED that the Debtors are authorized and have full requisite power and authority to enter into and consummate all instruments and documents, and take such other actions, as may be necessary or appropriate to amend and assume any Derivatives Contracts and to implement and effectuate amendments and assumptions pursuant to the Amendment and Assumption Procedures, including to purchase or secure substitute performance or another form of adequate assurance of future performance and to pay all fees and expenses in connection therewith; and it is further

ORDERED that nothing in the Motion shall be deemed to be an admission of fact by any of the Debtors, for any purposes whatsoever, concerning the purported amendment or assumption of any of the Derivatives Contracts; and it is further

ORDERED that entry of this Order is without prejudice to the rights of the Debtors, including, but not limited to, the right to seek further, other, or different relief regarding the Derivatives Contracts pursuant to, among other things, section 365 of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), Local Rule 6006-1, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order and/or the terms of any amendment and/or assumption consummated pursuant to the terms of the Amendment and Assumption Procedures.

Dated: November ___, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

4