# AIG AIG EXECUTIVE LIABILITY <sup>SM</sup>

Insurance provided by the following member of American International Group, Inc.

## Illinois National Insurance Company

A capital stock company

---

### EXCESS INSURANCE POLICY

**NOTICE: EXCEPT TO SUCH EXTENT AS MAY OTHERWISE BE PROVIDED HEREIN, THE COVERAGE OF THIS POLICY IS LIMITED GENERALLY TO LIABILITY FOR ONLY THOSE CLAIMS THAT ARE FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD AND REPORTED IN WRITING TO THE INSURER PURSUANT TO THE TERMS OF THIS POLICY. PLEASE READ THE POLICY CAREFULLY AND DISCUSS THE COVERAGE THEREUNDER WITH YOUR INSURANCE AGENT OR BROKER.**

**NOTICE: THE LIMIT OF LIABILITY AVAILABLE TO PAY JUDGMENTS OR SETTLEMENTS SHALL BE REDUCED BY AMOUNTS INCURRED FOR LEGAL DEFENSE. AMOUNTS INCURRED FOR LEGAL DEFENSE SHALL BE APPLIED AGAINST THE RETENTION AMOUNT.**

POLICY NUMBER: *742-14-36*          REPLACEMENT OF POLICY NUMBER: *672-10-71*

### DECLARATIONS

ITEM 1.    NAMED INSURED:  *LEHMAN BROTHERS HOLDINGS INC.*

MAILING ADDRESS: *1301 AVENUE OF THE AMERICAS
NEW YORK, NY 10019*

STATE OF INCORPORATION/FORMATION OF THE NAMED INSURED:
*Delaware*

ITEM 2.    (a)  FOLLOWED POLICY shall be the following:

INSURER: *XL Specialty Insurance Company*
POLICY NO.: *ELU097792-07*

(b)  FOLLOWED POLICY SECTION
This policy shall follow the terms and conditions of the following coverage sections of the Followed Policy only:

| Coverage Section | Form Number |
|---|---|
| *Management Liability and Company Reimbursement* | *do 71 00 09 99* |

**NOTICE:**    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

*1113463*

**2-13000**

74674 (11/99)

ITEM 3.    POLICY PERIOD: From: *May 16, 2007*    To: *May 16, 2008*
(12:01 A.M. standard time at the address stated in Item 1.)

ITEM 4.    (a)  LIMIT OF LIABILITY:*$20,000,000*    aggregate for all coverages and all
Insured(s) afforded coverage under this policy combined and excess of Total
Underlying Limits in Item 4(b) (including Defense Costs),

(b)  TOTAL UNDERLYING LIMITS: *$210,000,000*

ITEM 5.    SCHEDULE OF PRIMARY AND UNDERLYING EXCESS POLICIES:

| Insurer | Policy Number | Limits | Policy Period |
|---|---|---|---|
| Primary Policy:<br>*XL Specialty Insurance Company* | *ELU097792-07* | *$20,000,000* | *05/16/2007-05/16/2008* |
| Underlying Excess Policy:<br>*Federal Insurance Company* | *7043-0876* | *$15,000,000*<br>*Excess of*<br>*$20,000,000* | *05/16/2007-05/16/2008* |
| *Continental Casualty Company* | *267996454* | *$10,000,000*<br>*Excess of*<br>*$35,000,000* | *05/16/2007-05/16/2008* |
| *Lloyd's of London* | *QA016907 / 1* | *$10,000,000*<br>*Excess of*<br>*$45,000,000* | *05/16/2007-05/16/2008* |
| *U.S. Specialty Insurance Company* | *24-MGU-07A14479* | *$15,000,000*<br>*Excess of*<br>*$55,000,000* | *05/16/2007-05/16/2008* |
| *Zurich American Insurance company* | *DOC 7995104 09* | *$15,000,000*<br>*Excess of*<br>*$70,000,000* | *05/16/2007-05/16/2008* |
| *ACE Bermuda Insurance Ltd.* | *LEHM-11742D* | *$25,000,000*<br>*Excess of*<br>*$85,000,000* | *05/16/2007-05/16/2008* |
| *St. Paul Mercury Insurance Company* | *590CM2698* | *$15,000,000*<br>*Excess of*<br>*$110,000,000* | *05/16/2007-05/16/2008* |
| *AXIS Reinsurance Company* | *RNN713535/01/07* | *$15,000,000*<br>*Excess of*<br>*$125,000,000* | *05/16/2007-05/16/2008* |
| *Liberty Mutual Insurance Company* | *078365-017* | *$10,000,000*<br>*Excess of*<br>*$140,000,000* | *05/16/2007-05/16/2008* |
| *ARCH Insurance Company* | *DOX0006634-02* | *$15,000,000*<br>*Excess of*<br>*$150,000,000* | *05/16/2007-05/16/2008* |
| *AWAC* | *C002007/005* | *$15,000,000*<br>*Excess of*<br>*$165,000,000* | *05/16/2007-05/16/2008* |
| *Endurance Specialty Insurance Ltd.* | *P0055332003* | *$20,000,000*<br>*Excess of*<br>*$180,000,000* | *05/16/2007-05/16/2008* |
| *Lloyd's of London* | *QA017007 / 1* | *$10,000,000*<br>*Excess of*<br>*$200,000,000* | *05/16/2007-05/16/2008* |

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

*1113463*
**2-13000**

74674 (11/99)    2

ITEM 6.    PREMIUM: *$274,500*

> *Premium for Certified Acts of Terrorism Coverage under Terrorism Risk Insurance Act 2002: $2,718 included in policy premium.*
> *Any coverage provided for losses caused by an act of terrorism as defined by TRIA (TRIA Losses) may be partially reimbursed by the United States under a formula established by TRIA as follows:  85% of TRIA Losses in excess of the insurer deductible mandated by TRIA, the deductible to be based on a percentage of the insurer's direct earned premiums for the year preceding the act of terrorism.*
> *A copy of the TRIA disclosure sent with the original quote is attached hereto.*

ITEM 7.    NAME AND ADDRESS OF INSURER ("Insurer")

> *Illinois National Insurance Company*
> *175 Water Street*
> *New York, NY 10038*

**NOTICE:**  THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

*1113463*

**2-13000**

74674 (11/99)

**IN WITNESS WHEREOF**, the Insurer has caused this policy to be signed on the Declarations page by its President, a Secretary and a duly authorized representative of the Insurer.


_Elizabeth M. Tuck_
_____
SECRETARY

_Kᐧ___
_____
PRESIDENT


_____
AUTHORIZED REPRESENTATIVE


_____
COUNTERSIGNATURE & DATE

_____
COUNTERSIGNED AT


MARSH USA, INC.
1166 AVENUE OF THE AMERICAS
NEW YORK, NY 10036

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

1113463

**2-13000**

74674 (11/99)

## POLICYHOLDER DISCLOSURE STATEMENT
### UNDER
### TERRORISM RISK INSURANCE ACT OF 2002

You are hereby notified that under the federal Terrorism Risk Insurance Act of 2002 (the "Act") effective November 26, 2002, you now have a right to purchase insurance coverage for losses arising out of an Act of Terrorism, which is defined in the Act as an act certified by the Secretary of the Treasury (i) to be an act of terrorism, (ii) to be a violent act or an act that is dangerous to (A) human life; (B) property or (C) infrastructure, (iii) to have resulted in damage within the United States, or outside of the United States in case of an air carrier or vessel or the premises of a U.S. mission and (iv) to have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest, as part of an effort to coerce the civilian population of the United States or to influence the policy or affect the conduct of the United States Government by coercion. You should read the Act for a complete description of its coverage.   The Secretary's decision to certify or not to certify an event as an Act of Terrorism and thus covered by this law is final and not subject to review.  There is a $50 billion dollar annual cap on all losses resulting from Acts of Terrorism above which no coverage will be provided under this policy and under the Act unless Congress makes some other determination.

For your information, coverage provided by this policy for losses caused by an Act of Terrorism may be partially reimbursed by the United States under a formula established by the Act.   Under this formula the United States pays 85% of terrorism losses covered by this law exceeding a statutorily established deductible that must be met by the insurer, and which deductible is based on a percentage of the insurer's direct earned premiums for the year preceding the Act of Terrorism.

### COPY OF DISCLOSURE SENT WITH ORIGINAL QUOTE

Insured Name: *LEHMAN BROTHERS HOLDINGS INC.*


Policy Number: *742-14-36*
Policy Period Effective Date From: *May 16, 2007*          To: *May 16, 2008*

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

*2-13000*
81285 (1/03)

**AIG**  **AMERICAN INTERNATIONAL COMPANIES** ®

### EXCESS INSURANCE POLICY

In consideration of the payment of the premium, and in reliance upon the statements made to the Insurer by application forming a part hereof and its attachments and the material incorporated therein, the Insurer, agrees as follows:

### I.  INSURING AGREEMENTS

This policy shall provide the Insureds and the Company with coverage in accordance with the same terms, conditions, exclusions and limitations of the Followed Policy as listed in Item 2 of the Declarations as they were in existence on the inception date of this policy as described in Item 3 of the Declarations (except as regards the premium, limits of liability and the policy period) subject to:

(a)  the warranties, terms, conditions, exclusions and limitations of this policy, including any endorsement attached hereto, and

(b)  the provision that, notwithstanding any other provision of this policy, in no event shall this policy provide coverage broader than that provided by the Followed Policy, unless such broader coverage is specifically agreed to by the Insurer and identified as broader coverage in a written endorsement attached hereto.

### II.  DEFINITIONS

**Unless otherwise indicated below, the Definitions of the Followed Policy shall have the same meaning in this policy.**

(a)  "Claim", "Discovery Clause", "Insured(s)", "Loss", "Subsidiary" and "Wrongful Act" shall have the same meaning in this policy as is attributed to it in the Followed Policy.

(b)  "Company" shall mean the Named Insured and any Subsidiary thereof.

(c)  "Followed Policy" shall mean the policy listed in Item 2 of the Declarations.

(d)  "Insurer" shall mean the entity listed in Item 7 of the Declarations.

(e)  "Policy Period" shall mean the period of time from the inception date shown in Item 3 of the Declarations to the earlier of the expiration date shown in Item 3 of the Declarations or the effective date of cancellation of this policy.

(f)  "Total Underlying Limits" shall mean the amount set forth in Item 4(b) of the Declarations, which is the aggregate sum of the limit of liability of all Underlying Policies.

(g)  "Underlying Insurers" means the insurer(s) of each respective Underlying Policy.

(h)  "Underlying Policy(ies)" means any policy set forth in Item 5 of the Declarations.

### III.  LIMIT OF LIABILITY

The Limit of Liability stated in Item 4(a) of the Declarations is the limit of the Insurer's liability for all Loss in excess of the Total Underlying Limit, arising out of all Claims first made against the Insureds during the Policy Period and the Discovery Period (if applicable) and reported in writing to the Insurer pursuant to the terms of this policy; however, the Limit of Liability for the Discovery Period shall be part of, and not in addition to, the Limit

DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

74675 (2/01)                                                    Page 1 of 5

of Liability for the Policy Period. Further, any Claim that is made subsequent to the Policy Period or Discovery Period (if applicable), which, pursuant to Clause V(b), is considered made during the Policy Period or Discovery Period, shall also be subject to the one aggregate Limit of Liability stated in Item 4(a). of the Declarations.

It is expressly agreed that liability for any covered Loss with respect to Claims first made against the Insureds during the Policy Period and the Discovery Period (if applicable) and reported in writing to the Insurer pursuant to the terms of this policy shall attach to the Insurer only after the Underlying Insurers and/or the Insureds or the Company shall have paid the full amount of the Total Underlying Limits, and the Company or the Insureds shall have paid the full amount of the applicable Retention amount under any Underlying Policy. In the event, and only in the event, of exhaustion of the Total Underlying Limits by reason of the Underlying Insurers and/or the Insured or the Company paying Loss covered thereunder, this policy shall: (i) in the event of reduction, pay excess of the reduced Total Underlying Limits, and (ii) in the event of exhaustion, continue in force as primary insurance.

This policy shall "drop down" (continue in force as primary insurance) only in the event of exhaustion of the Total Underlying Limits as described above and shall not drop down for any other reason, including, but not limited to, uncollectability (in whole or in part) of any limit of liability of any Underlying Policy, existence of a sub-limit of liability in any Underlying Policy, or any Underlying Policy containing terms and conditions different from the Followed Policy.

## IV.  UNDERLYING LIMITS

It is a condition of this policy that each Underlying Policy shall be maintained in full effect with solvent insurers during the Policy Period, except for any reduction or exhaustion of each Underlying Policy's respective part of the Total Underlying Limits contained therein by reason of Loss(es) paid, for which the Underlying Insurer has agreed to pay or for which the Underlying Insurer been held liable to pay under their respective Underlying Policy (as provided for in Clause III above). Failure to comply with the foregoing shall not invalidate this policy, but in the event of such failure, the Insurer shall be liable only to the extent that it would have been liable had the Insureds and the Company complied with such condition.

Unless the Insurer otherwise agrees in writing, this policy shall immediately and automatically terminate if the Company fails to notify the Insurer as set forth in Clause V(c) of this policy that any Underlying Policy has ceased to be in full effect. If such notification is made, then this policy shall continue in effect, but the Company, the Insured(s) or an insurer providing replacement coverage (if such replacement coverage is obtained) shall be liable for the amount of the underlying limit of such ceased Underlying Policy, and the Insurer shall be liable only to the extent that it would have been liable had the Underlying Policy not ceased. Unless the Insurer otherwise agrees in writing, this policy shall automatically terminate 30 days following the date any Underlying Insurer becomes subject to a receivership, liquidation, dissolution, rehabilitation or any similar proceeding or is taken over by any regulatory authority, unless the Named Insured obtains replacement coverage for such Underlying Policy within such 30 day period.  The risk of uncollectability of (in whole or in part) of any limit of liability of any Underlying Policy, whether because of financial impairment or insolvency of an Underlying Insurer, or for any other reason, is expressly retained by the Insureds and the Company and is not in any way or under any circumstances insured or assumed by the Insurer.

If, during the Policy Period or any Discovery Period (if applicable), the terms, conditions, exclusions or limitations of the Followed Policy are changed in any manner, the Company or the Insureds shall, as a condition precedent to their rights under this policy, give to the

REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

Insurer, as soon as practicable, written notice of the full particulars thereof. This policy shall become subject to any such changes upon the effective date of the changes in the Followed Policy, but only upon the condition that the Insurer agrees to follow such changes by written endorsement attached hereto, and the Named Insured agrees to any additional premium or amendment of the provisions of this policy required by the Insurer relating to such changes. Further, such new coverage is conditioned upon the Named Insured paying, when due, any additional premium required by the Insurer relating to such changes.

## V.  NOTICES AND CLAIM REPORTING PROVISIONS

(a)  The Company or the Insureds shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice to the Insurer at the address indicated in Item 7 of the Declarations page in the same manner and to the extent permitted by the terms and conditions of the Followed Policy, of any Claim made against the Insureds.

(b)  If during the Policy Period or during the Discovery Period (if applicable), (i) written notice of a Claim has been given to the Insurer pursuant to Clause V(a) above, or ( ii) to the extent permitted by the terms and conditions of the Followed Policy, written notice of circumstances that might reasonably be expected to give rise to a Claim has been given to the Insurer, then any Claim that is subsequently made against the Insureds and reported to the Insurer alleging, arising out of, based upon or attributable to the facts alleged in the Claim or circumstances of which such notice has been given, or alleging any Wrongful Act which is the same as or related to any Wrongful Act alleged in the Claim or circumstances of which such notice has been given, shall be considered made at the time such Claim or circumstances has been given to the Insurer.

(c)  The Company or the Insureds shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice to the Insurer of the following events as soon as practicable, but in no event later than 30 days after an Insured or the Company becoming aware of the following:

(i)  The cancellation or nonrenewal of any Underlying Policy or any Underlying Policy otherwise ceasing to be in effect or any part of the Total Underlying Limits being uncollectible (in part or in whole); or

(ii)  Any Underlying Insurer becoming subject to a receivership, liquidation, dissolution, rehabilitation or any similar proceeding, or being taken over by any regulatory authority.

(iii)  The Named Insured consolidating with or merging into, or selling all or substantially all of its assets to, any other person or entity or group of persons or entities acting in concert; or

(iv)  Any person or entity or group of persons or entities acting in concert acquiring an amount of the outstanding securities representing more than 50% of the voting power for the election of Directors of the Named Insured, or acquiring the voting rights of such an amount of such securities.

## VI.  CLAIM PARTICIPATION

The Insurer shall have the right, in its sole discretion, but not the obligation, to associate effectively with the Company and the Insureds in the defense and settlement of any Claim that appears to the Insurer to be reasonably likely to involve the Insurer, including, but not limited to effectively associating in the negotiation of a settlement. The Insureds shall defend and contest any such Claim. The Company and the Insureds shall give the Insurer

THESE POLICY FORMS AND THE
APPLICABLE RATES ARE EXEMPT FROM THE FILING
REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT. HOWEVER, SUCH FORMS AND RATES
MUST MEET THE MINIMUM STANDARDS OF THE NEW
YORK INSURANCE LAW AND REGULATIONS.

full cooperation and such information as it may reasonably require. The failure of the Insurer to exercise any right under this paragraph at any point in the handling of the defense and settlement of a Claim shall not act as a waiver of or limit the right of the Insurer to exercise such rights at any other point in the handling of the defense and settlement of a Claim, including the right to associate effectively in the negotiation of a settlement.

The Insurer does not assume any duty to defend any Claim, unless the terms and conditions of the Followed Policy state otherwise, and in such event only to the extent permitted or required by the terms and conditions of the Followed Policy. The Insureds shall not admit or assume any liability, enter into any settlement agreement, stipulate to any judgment or incur any Defense Costs, in regard to any Claim that appears to the Insurer to be reasonably likely to involve the Insurer, without the prior written consent of the Insurer. Only those settlements, stipulated judgments and Defense Costs that have been consented to by the Insurer shall be recoverable as Loss under the terms of this policy. The Insurer's consent shall not be unreasonably withheld, provided that the Insurer shall be entitled to associate effectively in the defense and the negotiation of any settlement of any Claim in order to reach a decision as to reasonableness.

## VII. CANCELLATION CLAUSE

This policy may be canceled by the Named Insured by mailing prior written notice to the Insurer or by surrender of this policy to the Insurer or its authorized agent at the address set forth in Item 7 of the Declarations and within the time period and in the manner set forth in the Followed Policy. This policy may also be canceled by or on behalf of the Insurer by delivering to the Named Insured or by mailing to the Named Insured, by registered, certified, or other first class mail, at the Named Insured's address set forth in the Declarations, written notice stating when, not less than the time period set forth in the Followed Policy (15 days for cancellation due to failure to pay premium) the cancellation shall be effective. The mailing of such notice as aforesaid shall be sufficient proof of notice. The Policy Period terminates at the date and hour specified in such notice, or at the date and time of surrender.

If this policy shall be canceled by the Named Insured, the Insurer shall retain the customary short rate proportion of the premium hereon. If this policy shall be canceled by the Insurer, the Insurer shall retain the pro rata proportion of the premium hereon.

Payment or tender of any unearned premium by the Insurer shall not be a condition precedent to the effectiveness of cancellation, but such payment shall be made as soon as practicable.

If the period of limitation relating to the giving of notice is prohibited or made void by any law controlling the construction thereof, such period shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

## VIII. OTHER CONDITIONS

The Insurer shall be entitled to all the rights, privileges and protections afforded to the insurer of the Followed Policy in accordance with all the terms and conditions of the Followed Policy, specifically including, but not limited to, the right of subrogation, other insurance, notice and authority, assignment and action against the insurer.

## IX. PREMIUM

The premium under this policy is a flat premium and is not subject to adjustment except as otherwise provided herein.

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

## X.  CHANGES

Notice to or knowledge possessed by any person shall not effect a waiver of or a change in any part of this policy or estop the Insurer from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part hereof, signed by the Insurer or its authorized representative.

## XI.  DISPUTE RESOLUTION PROCESS

It is hereby understood and agreed that all disputes or differences which may arise under this policy, whether arising before or after termination of this policy, including any determination of the amount of Loss, shall be subject to the dispute resolution process ("ADR") set forth in this clause.

Either the Insurer and the Insureds may elect the type of ADR discussed below; provided, however, that the Insureds shall have the right to reject the Insurer's choice of ADR at any time prior to its commencement, in which case the Insureds' choice of ADR shall control.

The Insurer and Insureds agree that there shall be two choices of ADR: (1) non-binding mediation administered by the American Arbitration Association, in which the Insurer and Insureds shall try in good faith to settle the dispute by mediation under or in accordance with its then-prevailing Commercial Mediation Rules; or (2) arbitration submitted to the American Arbitration Association under or in accordance with its then-prevailing commercial arbitration rules, in which the arbitration panel shall be composed of three disinterested individuals. In either mediation or arbitration, the mediator(s) or arbitrators shall have knowledge of the legal, corporate management, or insurance issues relevant to the matters in dispute.

The mediator(s) or arbitrators shall also give due consideration to the general principles of the law of the state where the Named Insured is incorporated in the construction or interpretation of the provisions of this policy; provided, however, that the terms, conditions, provisions and exclusions of this policy are to be construed in an even-handed fashion in the manner most consistent with the relevant terms, conditions, provisions or exclusions of the policy. In the event of arbitration, the decision of the arbitrators shall be final and binding and provided to both parties, and the arbitrators' award shall not include attorneys fees or other costs. In the event of mediation, either party shall have the right to commence a judicial proceeding; provided, however, that no such judicial proceeding shall be commenced until the mediation shall have been terminated and at least 120 days shall have elapsed from the date of the termination of the mediation. In all events, each party shall share equally the expenses of the ADR.

Either choice of ADR may be commenced in either New York, New York; Atlanta, Georgia; Chicago, Illinois; Denver, Colorado; or in the state indicated in Item 1 of the Declarations page as the mailing address for the Named Insured. The Named Insured shall act on behalf of all Insureds in selection of the ADR in accordance with this clause.

## XII.  HEADINGS

The descriptions in the headings and any subheadings of this policy (including any titles given to any endorsement attached hereto) are inserted solely for convenience and do not constitute any part of the terms or conditions hereof.

**NOTICE:** THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

### ENDORSEMENT# *1*

This endorsement, effective *12:01 am    May 16, 2007*    forms a part of
policy number *742-14-36*
issued to *LEHMAN BROTHERS HOLDINGS INC.*

by    *Illinois National Insurance Company*

### NEW YORK AMENDATORY ENDORSEMENT

Wherever used in this endorsement: 1) "Insurer" means the insurance company which issued this policy; and 2) "Insured" means the Named Corporation, Named Organization, Named Sponsor, Named Insured, Named Entity or Insured stated in the declarations page;

The policy is hereby amended as follows:

I.    The Cancellation and When We Do Not Renew provisions are deleted and replaced by the following:

(a)    CANCELLATION BY THE INSURED

This policy may be cancelled by the Insured by surrender of this policy to the Insurer or by giving written notice to the Insurer stating when thereafter such cancellation shall be effective. The Policy Period terminates at the date and hour specified in such notice, or at the date and time of surrender.

(b)    CANCELLATION, NONRENEWAL AND CONDITIONAL RENEWAL BY THE INSURER

(i)    If this policy has been in effect for sixty (60) or fewer days when cancellation notice is mailed, and this policy is not a renewal of a policy issued by the Insurer, then this policy may be cancelled by the Insurer by mailing or delivering to the Insured, and to his authorized insurance agent or broker, written notice stating when not less than twenty (20) days thereafter (fifteen (15) days thereafter if cancellation is because of one of the reasons for cancellation set forth in subsection (ii) below) the cancellation shall be effective. Notice of cancellation issued by the Insurer shall specify the grounds for cancellation.

(ii)    If this policy has been in effect for more than sixty (60) days when notice of cancellation is mailed, or if this policy is a renewal of a policy issued by the Insurer, then this policy may be cancelled by the Insurer by mailing or delivering to the Insured, and to his authorized insurance agent or broker, written notice stating when not less than fifteen (15) days thereafter the cancellation shall be effective; however, such cancellation must be based on one or more of the following:

(A)    nonpayment of premium, provided, however, that a notice of cancellation on this ground shall inform the first Named Insured of the amount due;

(B)    conviction of a crime arising out of acts increasing the hazard insured against;

(C)    discovery of fraud or material misrepresentation in the obtaining of the policy or in the presentation of a claim thereunder;

(D)    after issuance of the policy or after the last renewal date, discovery of an act or omission, or a violation of any policy condition that substantially and materially increases the hazard insured against, and which occurred subsequent to inception of the current Policy Period;

NOTICE:
THIS FORM HAS NOT BEEN
APPROVED OR EXEMPTED FROM THE FILING
REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT. HOWEVER, SUCH FORMS AND RATES
MUST MEET THE MINIMUM STANDARDS OF THE NEW
YORK INSURANCE LAW AND REGULATIONS.

*END 001*

**ENDORSEMENT#** *1*    (continued)

(E)    material change in the nature or extent of the risk, occurring after issuance or last annual renewal anniversary date of the policy, which causes the risk of loss to be substantially and materially increased beyond that contemplated at the time the policy was issued or last renewed;

(F)    required pursuant to a determination by the New York Superintendent of Insurance that continuation of the present premium volume of the Insurer would jeopardize the Insurer's solvency or be hazardous to the interests of Insureds of the Insurer, its creditors or the public;

(G)    a determination by the New York Superintendent of Insurance that the continuation of the policy would violate, or would place the Insurer in violation of, any provision of the New York Insurance Law;

(H)    revocation or suspension of an Insured's license to practice his profession; or

(I)    where the Insurer has reason to believe that there is a probable risk or danger that the Insured will destroy or permit the destruction of the insured property for the purpose of collecting the insurance proceeds, provided, however, that:

(1)    a notice of cancellation on this ground shall inform the Insured in plain language that the Insured must act within ten days if review by the department of the ground for cancellation is desired pursuant to item (3) of this subparagraph (I);

(2)    notice of cancellation on this ground shall be provided simultaneously by the Insurer to the department; and

(3)    upon written request of the Insured made to the department within ten days from the Insured's receipt of notice of cancellation on this ground, the department shall undertake a review of the ground for cancellation to determine whether or not the Insurer has satisfied the criteria for cancellation specified in this subparagraph; if after such review the department finds no sufficient cause for cancellation on this ground, the notice of cancellation on this ground shall be deemed null and void.

Notice of cancellation by the Insurer shall specify the grounds for cancellation.

(iii)

(A)    The Insurer shall mail to the Insured, and to his authorized insurance agent or broker, written notice indicating the Insurer's intention:

(1)    not to renew this policy;

(2)    to condition its renewal upon change of limits, change in type of coverage, reduction of coverage, increased deductible or addition of exclusions or upon increased premiums in ~~excess of ten percent; (exclusive of any~~ premium increase generated   as a result of increased exposure units or as a ~~result of experience rating, loss rating or audit);~~

NOT ...
APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIM... ...RDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

**END 001**

**2-13000**

69898 (9/06)

**ENDORSEMENT#** *1*    (continued)

(3)    that the policy will not be renewed or will not be renewed upon the same terms, conditions or rates; such alternative renewal notice must be mailed or delivered on a timely basis and advise the Insured that a second notice shall be mailed at a later date indicating the Insurer's intention as specified in subparagraph (1) or (2) of this paragraph (A) and that coverage shall continue on the same terms, conditions and rates as expiring, until the later of the expiration date or sixty (60) days after the second notice is mailed or delivered; such alternative renewal notice also shall advise the insured of the availability of loss information and, upon written request, the request, the insurer shall furnish such loss information within ten (10) days to the insured.

(B)    A nonrenewal notice as specified in subparagraph (1), a conditional renewal notice as specified in subparagraph (2), and the second notice described in subparagraph (3) of paragraph (A) of this subsection (iii) shall contain the specific reason or reasons for nonrenewal or conditional renewal, and set forth the amount of any premium increase and nature of any other proposed changes.

(C)    The notice required by paragraph (A) of this subsection (iii) shall be mailed at least sixty (60) but not more than one hundred twenty (120) days in advance of the end of the Policy Period.

(D)

(1)    If the Insurer employs an alternative renewal notice as authorized by subparagraph (3) of paragraph (A) of this subsection (iii), the Insurer shall provide coverage on the same terms, conditions, and rates as the expiring policy, until the later of the expiration date or sixty (60) days after the mailing of the second notice described in such subparagraph.

(2)    Prior to the expiration date of the policy, in the event that an incomplete or late conditional renewal notice or a late nonrenewal notice is provided by the Insurer, the Policy Period shall be extended, at the same terms and conditions as the expiring policy, except that the annual aggregate limit of the expiring policy shall be increased in proportion to the policy extension, and at the lower of the current rates or the prior period's rates, until sixty (60) days after such notice is mailed, unless the Insured elects to cancel sooner.

(3)    In the event that a late conditional renewal notice or a late nonrenewal notice is provided by the insurer on or after the expiration date of the policy, coverage shall remain in effect on the same terms and conditions of the expiring policy for another required policy period, and at the lower of the current rates or the prior period's rates unless the insured during the additional required policy period has replaced the coverage or elects to cancel, in which event such cancellation shall be on a pro rata premium basis.

(iv)    Nothing herein shall be construed to limit the grounds for which the Insurer may lawfully rescind this policy or decline to pay a claim under this policy.

APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

*END 001*

*2-13000*

69898 (9/06)

**ENDORSEMENT#** *1*    (continued)

(v)    Notice required herein to be mailed to the Insured shall be mailed to the Insured at the address shown in Item 1 of the Declarations.

Notice required herein to be mailed by the Insurer shall be sent by registered, certified or other first class mail. Delivery of written notice shall be equivalent to mailing.

Proof of mailing of such notice as aforesaid shall be sufficient proof of notice. The Policy Period shall terminate at the effective date and hour of cancellation or nonrenewal specified in such notice.

(vi)    If this policy shall be cancelled by the Insured, the Insurer shall retain the customary short rate proportion of the premium hereon.

If this policy shall be cancelled by the Insurer, the Insurer shall retain the pro rata proportion of the premium hereon.

Payment or tender of any unearned premium by the Insurer shall not be a condition of cancellation, but such payment shall be made as soon as practicable.

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.

AUTHORIZED REPRESENTATIVE

NOTICE:    THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

**2-13000**

69898 (9/06)

END 001

ENDORSEMENT# 2

This endorsement, effective *12:01 am*   *May 16, 2007*   forms a part of
policy number  *742-14-36*
issued to   *LEHMAN BROTHERS HOLDINGS INC.*

by   *Illinois National Insurance Company*

### Follow Form Endorsement – General E&O

In consideration of the premium charged it is hereby understood and agreed that this policy
follows the terms and conditions of the Followed Policy, (pursuant to the terms, conditions
and exclusions of this policy), except that with respects to the Endorsement titled,
"General E & O Endorsement (With Management Carveback)", we will replace "Insured"
with "Insured Persons".

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.

**NOTICE:** THESE POLICY FORMS AND THE
APPLICABLE RATES ARE EXEMPT FROM THE FILING
REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT. HOWEVER, SUCH FORMS AND RATES
MUST MEET THE MINIMUM STANDARDS OF THE NEW
YORK INSURANCE LAW AND REGULATIONS.

AUTHORIZED REPRESENTATIVE

2-13000

END 2

ENDORSEMENT # 9

This endorsement, effective *12:01 am    May 16, 2007*        forms a part of
policy number  *742-14-36*
issued to   *LEHMAN BROTHERS HOLDINGS INC.*

by      *Illinois National Insurance Company*

### Follow Form Endorsement – ODL Non–Accumulation of Limits and Recognition of Participation

In consideration of  the premium  charged, it is  hereby understood  and agreed  that if any loss arising from a claim made against any Insured, as covered by the Primary Policy under endorsement #38, AMEND INSURED  PERSON ENDORSEMENT (hereinafter "ODL  Claim"), including any revisions  or amendments made  to Endorsement  #38, is covered  under any other valid policy(ies) issued by any member company of the Insurer, then the total amount the Insurer shall pay  under all such policies  for all covered  loss on account of  such claim shall not exceed the combined aggregate Limit of liability of $25,000,000.

Further, and solely with respect to an  ODL Claim, the Underlying Limit shall be  deemed to be depleted or exhausted  as a result of  the issuers of  the Underlying Insurance or  any of the member companies  of the issuers  of the Underlying  Insurance, and/or the  Insured(s), paying loss covered under the Underlying Insurance.

Nothing in  this  endorsement  shall  be  construed  as  increasing  the  respective  Limits of Liability beyond the amount stated in each of the respective policies.

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS SHALL REMAIN UNCHANGED."

NOTICE:    THESE POLICY FORMS AND THE
APPLICABLE RATES ARE EXEMPT FROM THE FILING
REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES
MUST MEET THE MINIMUM STANDARDS OF THE NEW
YORK INSURANCE LAW AND REGULATIONS.

2-13000

AUTHORIZED REPRESENTATIVE

END 3

ENDORSEMENT# 4

This endorsement, effective *12:01 am*    *May 16, 2007*    forms a part of
policy number  *742-14-36*
issued to    *LEHMAN BROTHERS HOLDINGS INC.*

by    *Illinois National Insurance Company*

### Follow Form Endorsement – Recognition of Exhaustion of Underlying Limits

In consideration of the premium charged, it is hereby understood and agreed that this
policy will follow the Chubb wording on their "Amend Insuring Clause and Depletion of
Underlying Limits Section Endorsement"

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS SHALL REMAIN UNCHANGED.

**NOTICE:**  THESE POLICY FORMS AND THE
APPLICABLE RATES ARE EXEMPT FROM THE FILING
REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT. HOWEVER, SUCH FORMS AND RATES
MUST MEET THE MINIMUM STANDARDS OF THE NEW
YORK INSURANCE LAW AND REGULATIONS.

*END 4*

AUTHORIZED REPRESENTATIVE

2-13000

This endorsement, effective *12:01 am    May 16, 2007*    forms a part of
policy number  *742-14-36*
issued to   *LEHMAN BROTHERS HOLDINGS INC.*

by      *Illinois National Insurance Company*

### Follow Form Endorsement – Drop Down Endorsement for Side A Claims

In consideration of the premium charged, it is hereby understood and agreed that this
policy will follow the Chubb wording on their "Amend Sections 1 and 3 For
Non-Rescindable Loss Endorsement".

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.

**NOTICE:**  THESE POLICY FORMS AND THE
APPLICABLE RATES ARE EXEMPT FROM THE FILING
REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT. HOWEVER, SUCH FORMS AND RATES
MUST MEET THE MINIMUM STANDARDS OF THE NEW
YORK INSURANCE LAW AND REGULATIONS.

AUTHORIZED REPRESENTATIVE

END 5

2-13000

### ENDORSEMENT# *6*

This endorsement, effective *12:01 am*    *May 16, 2007*                forms a part of
policy number   *742-14-36*
issued to *LEHMAN BROTHERS HOLDINGS INC.*

by      *Illinois National Insurance Company*

### PENDING AND PRIOR LITIGATION EXCLUSION

In consideration of the premium charged, it is hereby understood and agreed that the Insurer shall not be liable for any Loss in connection with any Claim(s) made against any Insured(s):

alleging, arising out of, based upon or attributable to any pending or prior litigation as of *May 16, 2006*          or alleging or derived from the same or essentially the same facts as alleged in such pending or prior litigation.

ALL OTHER TERMS, CONDITIONS, AND EXCLUSIONS OF THE POLICY REMAIN UNCHANGED.

AUTHORIZED REPRESENTATIVE

NOTICE: THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

END 006

*2-13000*

**ENDORSEMENT# 7**

This endorsement, effective *12:01 am*    *May 16, 2007*                forms a part of
policy number   *742-14-36*
issued to *LEHMAN BROTHERS HOLDINGS INC.*

by      *Illinois National Insurance Company*

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**COVERAGE TERRITORY ENDORSEMENT**

Payment of loss under this policy shall only be made in full compliance with all United
States of America economic or trade sanction laws or regulations, including, but not
limited to, sanctions, laws and regulations administered and enforced by the U.S. Treasury
Department's Office of Foreign Assets Control ("OFAC").

AUTHORIZED REPRESENTATIVE

*END 007*

**NOTICE:**    THESE POLICY FORMS AND THE
APPLICABLE RATES ARE EXEMPT FROM THE FILING
REQUIREMENTS OF THE NEW YORK STATE INSURANCE
DEPARTMENT.  HOWEVER, SUCH FORMS AND RATES
MUST MEET THE MINIMUM STANDARDS OF THE NEW
YORK INSURANCE LAW AND REGULATIONS.

**2-13000**

89644 (7/05)

Page 1 of 1

**ENDORSEMENT# *8***

This endorsement, effective *12:01 am    May 16, 2007*                    forms a part of
policy number  *742-14-36*
issued to *LEHMAN BROTHERS HOLDINGS INC.*

by    *Illinois National Insurance Company*

### FORMS INDEX ENDORSEMENT

The contents of the Policy is comprised of the following forms:

| FORM NUMBER | EDITION DATE | FORM TITLE |
|---|---|---|
| 74674 | 11/99 | Excess insurance policy NU Dec |
| 81285 | 01/03 | Tria Dec Disclosure Form |
| 74675 | 02/01 | Excess insurance policy NU |
| 69898 | 09/06 | NEW YORK AMENDATORY - CANCELLATION/NONRENEWAL |
| MNSCPT | | Follow Form Endorsement - General E&O |
| MNSCPT | | Follow Form Endorsement - ODL Non-Accumulation of Limits and Recognition of Participation |
| MNSCPT | | Follow Form Endorsement - Recognition of Exhaustion of Underlying Limits |
| MNSCPT | | Follow Form Endorsement - Drop Down Endorsement for Side A Claims |
| PENMAN | | PENDING AND PRIOR LITIGATION EXCLUSION |
| 89644 | 07/05 | COVERAGE TERRITORY ENDORSEMENT (OFAC) |
| 78859 | 10/01 | Forms Index Endorsement |

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.

_____
AUTHORIZED REPRESENTATIVE

NOTICE:   THESE POLICY FORMS AND THE APPLICABLE RATES ARE EXEMPT FROM THE FILING REQUIREMENTS OF THE NEW YORK STATE INSURANCE DEPARTMENT. HOWEVER, SUCH FORMS AND RATES MUST MEET THE MINIMUM STANDARDS OF THE NEW YORK INSURANCE LAW AND REGULATIONS.

**2-13000**
78859 (10/01)

*END 008*