

# EXCESS POLICY DECLARATIONS

SUBJECT TO THE PROVISIONS OF THE UNDERLYING INSURANCE, THIS POLICY MAY ONLY APPLY TO CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD. THE LIMITS OF LIABILITY AVAILABLE TO PAY DAMAGES OR SETTLEMENT AMOUNTS SHALL BE REDUCED AND MAY BE TOTALLY EXHAUSTED BY PAYMENT OF DEFENSE COSTS. PLEASE READ THIS POLICY CAREFULLY.

ALL DISPUTE RESOLUTIONS BY BINDING ARBITRATION HELD IN BERMUDA PURSUANT TO THE BERMUDA ARBITRATION ACT OF 1993 AND THE UNITED NATIONS COMMISSION ON INTERNATIONAL TRADE LAW ("UNCITRAL") ARBITRATION RULES. BERMUDA LAW IS THE GOVERNING LAW UNDER THIS POLICY. THE INSURED WAIVES ANY REQUIREMENT THAT THE INSURER POST A BOND AS A CONDITION PRECEDENT TO THE FILING OF ANY PLEADING IN ANY DISPUTE. PLEASE REFER TO THE APPLICABLE SECTIONS OF THIS POLICY.

| COMPANY: Axis Specialty Limited | POLICY NUMBER: 1130900107QA |
|---|---|
| Item 1. **Policyholder:** <br> Lehman Brothers Holdings Inc. <br> 1301 Avenue of the Americas <br> New York, NY 10019 <br> USA ||
| Item 2. **Policy Period:** <br>   a. Inception Date: May 16, 2007 <br>   b. Expiration Date: May 16, 2008 <br> Both dates at 12:01a.m. at the address listed in Item 1 ||
| Item 3. **Limits of Liability** (inclusive of defense costs): <br>   a. Each Claim - $10,000,000 part of $20,000,000 excess of $230,000,000 <br>   b. Maximum aggregate Limit of Liability for all Claim(s) during the Policy Period of all Insurance Products - $10,000,000 part of $20,000,000 excess of $230,000,000 ||
| Item 4. **Underlying Insurance** and **Insurance Products**: See Endorsement 1 ||
| Item 5. Notices to **Insurer:** <br> Notice of **Claim(s)** to be sent to: <br> Axis Specialty Limited Claims <br> 92 Pitts Bay Road <br> Pembroke, HM 08, <br> Bermuda <br> All other notices to be sent to: <br> Axis Specialty Limited <br> 92 Pitts Bay Road <br> Pembroke, HM 08 <br> Bermuda ||
| Item 6. Pending and Prior Claim Date: May 16, 2006 ||

Authorization

IN WITNESS WHEREOF, this policy has been made, entered into, executed, issued and delivered by the undersigned in Pembroke, Bermuda on this ___22___ day of ___August___, 200_7_.

By: _____

Title: _____

# EXCESS POLICY

In consideration of the payment of the premium, and in reliance on all statements made in the application(s) for this Policy and the **Underlying Insurance** and all information provided to the **Insurer** and any or all of the **Underlying Insurers**, and subject to the provisions of this Policy, the **Insurer** and the **Policyholder**, on its own behalf and on behalf of all **Insureds**, agree as follows.

I. **INSURING AGREEMENT**

With respect to each **Insurance Product**, the **Insurer** shall provide the **Insureds** with insurance during the **Policy Period** excess of all applicable **Underlying Insurance**. Except as specifically set forth in the provisions of this Policy, the insurance afforded hereunder shall apply in conformance with the provisions of the applicable **Primary Policy** and, to the extent coverage is further limited or restricted thereby, to any other applicable **Underlying Insurance**. In no event shall this Policy grant broader coverage than would be provided by the most restrictive policy constituting part of the applicable **Underlying Insurance**.

The insurance afforded under this Policy shall apply only after all applicable **Underlying Insurance** with respect to an **Insurance Product** has been exhausted by actual payment under such **Underlying Insurance**, and shall only pay excess of any retention or deductible amounts provided in the **Primary Policy** and other exhausted **Underlying Insurance**.

II. **DEFINITIONS**

A. **Claim(s)** means the event(s) which take place during the **Policy Period** and which trigger(s) coverage under the insuring agreement(s) of the **Underlying Insurance**.

B. **Insurance Product** means each separate type of insurance identified as an "**Insurance Product**" in Endorsement No. 1 to this Policy.

C. **Insured(s)** means any person(s) or entity(ies) that may be entitled to coverage under the **Primary Policy** at its inception.

D. **Insurer** means the company identified as "**Insurer**" in the Declarations.

E. **Policy Period** means the period from the inception date to the expiration date of this Policy stated in Item 2. in the Declarations, or its earlier cancellation or termination date, if any.

F. **Policyholder** means the person(s) or entity(ies) identified in Item 1. in the Declarations.

G. **Primary Policy** means the specific policy identified as the "**Primary Policy**" under the applicable **Insurance Product** listed in Endorsement No. 1 to this Policy.

H. **Sublimit** means any **Underlying Limits** which:

1. applies only to a particular grant of coverage under such **Underlying Insurance**; and
2. reduces and is part of the otherwise applicable limits of liability of such **Underlying Insurance** set forth in Item 4 of the Declarations.

I. **Underlying Insurance** means each insurance policy which constitutes all or part of an **Insurance Product**, as scheduled in Endorsement No. 1 to this Policy.

J. **Underlying Insurers** means any or all of the companies who issued the policies of **Underlying Insurance**.

K. **Underlying Limits** means, with respect to each **Insurance Product**, an amount equal to the aggregate of all limits of liability for each **Insurance Product** stated in Endorsement No. 1 to this Policy, plus the

uninsured retention or deductible, if any, applicable to the **Primary Policy** under such **Insurance Product**.

## III. CONDITIONS OF COVERAGE

A. For purposes of determining when insurance under this Policy shall attach and the limitations under which such insurance shall apply:

1. All of the **Underlying Insurance** in effect as of the inception date of the **Policy Period** shall be maintained in full effect with solvent insurers throughout the **Policy Period** except for any reduction or exhaustion of the **Underlying Limits** as provided in Section IV. below; and

2. All **Insureds** shall comply fully with all of the provisions of this Policy.

B. As a condition precedent to coverage under this Policy, the **Insured** shall give to the **Insurer** as soon as practicable, but in no event later than thirty (30) days thereafter, written notice and the full particulars of i) the exhaustion of the aggregate limit of liability of any **Underlying Insurance**, ii) any **Underlying Insurance** not being maintained in full effect during the **Policy Period**, or iii) an **Underlying Insurer** becoming subject to a receivership, liquidation, dissolution, rehabilitation or similar proceeding or being taken over by any regulatory authority.

C. If during the **Policy Period** the provisions of the **Primary Policy** are changed in any manner, as a condition precedent to coverage under this Policy, the **Insured** shall give written notice to the **Insurer** of the full particulars of such change as soon as practicable but in no event later than thirty (30) days following the effective date of such change. No amendment to any **Primary Policy** or **Underlying Insurance** during the **Policy Period** shall be effective in broadening or extending the coverage afforded by this Policy or extending or increasing the limits of liability afforded by this Policy unless the Insurer so agrees in writing. The Insurer may, in its sole discretion, condition its agreement to follow any changes to the **Primary Policy** or the **Underlying Insurance** on the **Insured** paying any additional premium required by the **Insurer** for such change.

As soon as practicable, but in no event later than thirty (30) days thereafter, the **Policyholder** must give the **Insurer** written notice of any additional or return premiums charged or allowed in connection with any **Underlying Insurance**.

## IV. REDUCTION OR EXHAUSTION OF UNDERLYING LIMITS

A. If the **Underlying Limits** are partially reduced solely due to actual payment under the **Underlying Insurance**, this Policy shall continue to apply as excess insurance over the remaining **Underlying Limits**.

B. If the **Underlying Limits** are wholly exhausted solely due to actual payment under the **Underlying Insurance**, this Policy shall continue to apply as primary insurance with respect to the applicable **Insurance Product(s)** and the retention or deductible, if any, applicable under the **Primary Policy(ies)** shall apply under this Policy.

C If any **Underlying Limits** are subject to a **Sublimit** then coverage hereunder shall not apply to any **Claim** which is subject to such **Sublimit**, provided however, that the **Underlying Limit** shall be recognized hereunder as depleted to the extent of any payment of such **Claim** subject to such **Sublimit**.

## V. LIMITS OF LIABILITY

A. The amount stated in Item 3.a. in the Declarations shall be the maximum limit of the **Insurer's** liability for each **Claim** under the applicable **Primary Policy**, and shall be the maximum amount payable by the **Insurer** under this Policy for a single **Claim**, which amount shall be part of, and not in addition to, the amount stated in Item 3.b. in the Declarations.

B.  The amount stated in Item 3.b. in the Declarations shall be the maximum aggregate amount payable by the **Insurer** under this Policy with respect to all **Claims** during the **Policy Period** for all **Insurance Products**.

C.  This Policy does not provide coverage for any **Claim** not covered by the **Underlying Insurance**, and shall drop down only to the extent that payment is not made under the **Underlying Insurance** solely by reason of exhaustion of the **Underlying Insurance** through payments thereunder, and shall not drop down for any other reason. If any **Underlying Insurer** fails to make payments under such **Underlying Insurance** for any reason whatsoever, including without limitation the insolvency of such **Underlying Insurer**, then the **Insureds** shall be deemed to have retained any such amounts which are not so paid. If the **Underlying Insurance** is not so maintained, the **Insurer** shall not be liable under this Policy to a greater extent than it would have been had such **Underlying Insurance** been so maintained.

D.  Payment by the **Insurer** of any amount, including but not limited to defense costs, shall reduce the limits of liability available under this Policy.

## VI. SETTLEMENTS AND DEFENSE

A.  No **Insured** under this Policy may, without the **Insurer's** prior written consent, which consent shall not be unreasonably withheld, admit liability for or settle any matter for which insurance may be sought under this Policy.

B.  The **Insurer** may, at its sole discretion, elect to participate in the investigation, defense and/or settlement of any claim under this Policy, regardless of whether the applicable **Underlying Insurance** has been exhausted.

C.  The **Insured**, and not the **Insurer**, has the duty to defend all **Claims** under this Policy.

## VII. SUBROGATION

A.  In the event of payment under this Policy, the **Insurer** shall be subrogated to all rights of recovery of each and all **Insureds** against any person or organization, and the **Insureds** shall do whatever is necessary to secure those rights to the satisfaction of the **Insurer**, including the execution of such documents necessary to enable the **Insurer** effectively to bring suit in the name of such **Insureds**.

B.  Any amount recovered after payment under this Policy and any **Underlying Insurance** policies shall be apportioned among the Insurer and the **Underlying Insurers** net of the expense of such recovery in the reverse order of actual payment. The expenses attendant to such recovery shall be apportioned among those benefiting from the recovery in proportion to the amount of benefit to each party.

## VIII. AUTHORIZATION

Except as stated in paragraph IX.A. below, the **Policyholder** shall be the sole agent of all **Insureds** with respect to all matters, including but not limited to giving and receiving notices and other communications, effecting or accepting any endorsements to or notices of cancellation of this Policy, the payment of premium and the receipt of any return premiums.

## IX. NOTICE

A.  With respect to any **Claim**, situation that could give rise to a **Claim**, or other matter as to which insurance may be sought under this Policy, the **Policyholder** or any **Insured** must give the **Insurer** written notice contemporaneously with and in the identical manner required by the applicable **Primary Policy**.

B.  All notices under this Policy shall be sent to the **Insurer** at the address set forth in Item 5. in the Declarations.

## X. MODIFICATION, CANCELLATION AND NONRENEWAL

A. No modification of this Policy shall be effective unless made by endorsement signed by an authorized representative of the **Insurer**.

B. The **Policyholder** may cancel this Policy at any time by written notice stating when thereafter such cancellation is to be effective.

C. The **Insurer** may cancel this Policy by delivering or mailing to the **Policyholder** written notice stating when, not less than thirty (30) days thereafter or ten (10) in the event of nonpayment of premium, such cancellation shall become effective. The delivery or mailing of such notice shall be sufficient proof thereof and this Policy and the **Policy Period** shall terminate at the date and hour specified in the notice.

D. The **Insurer** shall refund the unearned premium, computed at the customary short rate, if the Policy is cancelled by the **Policyholder**.

E. The **Insurer** shall have no obligation to renew this Policy upon its expiration. If the **Insurer** decides not to renew this Policy, the **Insurer** shall provide written notice to the **Policyholder** by messenger, express delivery or first class mail at least sixty (60) days prior to the expiration of the Policy.

F. Notwithstanding anything to the contrary set forth elsewhere in the Policy, in the event that any **Underlying Insurance** is rescinded by agreement or legal process for fraud or other material misrepresentation by the **Policyholder** or any of the **Insureds**, then this Policy shall be deemed to be automatically and immediately rescinded, but only with respect to any **Insurance Product** containing such rescinded **Underlying Insurance**.

## XI. EXCLUSIONS

The **Insurer** shall not be liable for any amount in any **Claim** taking place during the **Policy Period** and arising under any **Insurance Product**, which is based upon, arising out of, directly or indirectly resulting from, in consequence of or in any way involving:

A. Any demand, suit or other proceeding pending, or order, decree or judgment entered, against any **Insured** on or prior to the Pending or Prior Claim Date set forth in Item 6 of the Declarations or any wrongful act, fact, circumstance or situation underlying or alleged therein; or

B. Any other wrongful act, fact, circumstance or situation whenever occurring, which together with a wrongful act, fact, circumstance or situation described in (a) above are causally or logically interrelated by a common nexus.

## XII. GOVERNING LAW, ARBITRATION, JURISDICTION AND WAIVER OF PRE-ANSWER BOND

This Policy shall be governed and construed in accordance with the laws of Bermuda. However, the provisions, stipulations, exclusions and conditions of this Policy shall be construed in an evenhanded fashion as between the **Insured** and the **Insurer**. Without limitation, if the language of the Policy is deemed to be ambiguous or otherwise unclear, the issue shall be resolved in the manner most consistent with the relevant provisions, stipulations exclusions and conditions without regard to authorship of such language, without any presumption or arbitrary interpretation or construction in favor of either the **Insured** or the **Insurer**, and without reference to parol evidence.

Any and all disputes or differences between the parties which arise from or relate to this Policy, including but not limited to the express or implied rights or obligations of one party to the other, or the alleged breach, termination or validity thereof, shall be resolved and settled by final and binding arbitration held in Bermuda in accordance with the provisions of the Bermuda International Conciliation and Arbitration Act 1993 (exclusive of the Conciliation Part of such Act), of any statutory modification or reenactment thereof, and the United Nations Commission on International Trade Law ("UNCITRAL") Arbitration Rules in effect as of the date of this Policy.

BXS 0001 (Ed. 02 07)                    Page 4 of 5

Unless the parties agree upon the selection of a sole arbitrator within forty-five (45) days after receipt of notice of intent to arbitrate, the sole arbitrator shall be appointed in accordance with such UNCITRAL Arbitration Rules. The arbitrator shall be a present or former officer of a property or casualty insurance or reinsurance company. The appointing authority shall be the Appointments Committee of the Chartered Institute of Arbitrators Bermuda Branch and the case shall be administered by the Bermuda International Commercial Arbitration Center in accordance with its "Services for Arbitrations under the UNCITRAL Arbitration Rules." Any award for damages by the arbitrator shall be compensatory only. Such decision by the arbitrator shall be a complete defense to any attempted appeal or litigation of such decision in the absence of fraud or collusion.

This Policy is an honorable engagement and the arbitrator shall be absolved from all judicial formalities with respect to the admissibility of evidence and contractual interpretation and shall interpret this Policy with a view to effecting its general purpose in a commercially reasonable manner.

Each party shall extend to the arbitrator full cooperation and assistance in the obtaining of information relevant to determination of the dispute. The absence or default of a party shall not prevent or hinder the award unless the arbitrator shall otherwise determine.

Fees for the arbitrator shall be reasonable and shall be established by the arbitrator in consultation with the parties.

The costs of arbitration, including attorney's fees, shall be borne by the unsuccessful party. The arbitrator shall apportion each of such costs between the parties in those situations where the arbitrator cannot determine, taking into account the circumstances of the case, which party is the successful party.

If a party hereunder seeks judicial intervention, the parties agree to irrevocably submit to the jurisdiction of any Court of competent jurisdiction within Bermuda and will comply with all requirements necessary to give such Court jurisdiction and all matters arising thereunder shall be determined in accordance with the law and practice of such Court.

Service of process in such suit or proceeding may be made upon any legal representative or officer of the **Insured**, wherever located, and upon an officer of the Insurer who is a resident of Bermuda. The parties will abide by the final decision of such Court or of any Appellate Court in Bermuda or the United Kingdom in the event of an appeal.

The **Insured** represents itself to be a sophisticated purchaser of insurance and to have independently reviewed the **Insurer's** financial strength and found it to be adequate. In consideration for the Insurer issuing this Policy, **Insured** hereby agrees not to request, seek or demand a bond as a condition precedent to the **Insurer's** filing of any pleading in any action, suit or proceeding relating to this Policy. Without limitation on the foregoing, **Insured** irrevocably waives any obligation imposed upon the **Insurer** under applicable statutes and regulations to take any action(s) set forth therein, in connection with the **Insurer's** participation, as a party or otherwise, in any action, suit or proceeding. **Insured** hereby acknowledges that the applicable statutes and regulations are intended solely for its benefit, and not for a public reason, as may be contemplated by applicable statutes and regulations.

Endorsement No 1.

Effective date of this endorsement: 12:01 a.m. on: May 16, 2007
To be attached to and form part of Policy Number: 1130900107QA
Issued to: Lehman Brothers Holdings Inc.
By: Axis Specialty Limited

# SCHEDULE OF UNDERLYING INSURANCE AND INSURANCE PRODUCTS

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under the following:

**SECUREXCESS POLICY**

**Insurance Products**: Directors and Officers Liability Insurance

**Schedule of Underlying Insurance:**

(A)  **Primary Policy**
Insurer: XL Specialty Insurance
Policy No: ELU 097792-07
Limit of Liability: $20,000,000
Policy Period: May 16, 2007 to May 16, 2008

**Other Underlying Policies:**
Insurer: Federal Insurance Company
Policy No: 7043-0876
Limit of Liability: $15,000,000 excess of $20,000,000

Insurer: Continental Casualty Company
Policy No: 267996454
Limit of Liability: $10,000,000 excess of $35,000,000

Insurer: Lloyds
Policy No: B0509QA016907
Limit of Liability: $10,000,000 excess of $45,000,000

Insurer: US Specialty Insurance Company
Policy No: 24-MGU-07-A14479
Limit of Liability: $15,000,000 excess of $55,000,000

Insurer: Zurich American Insurance
Policy No: DOC 7995104-09
Limit of Liability: $15,000,000 excess of $70,000,000

Insurer: ACE Bermuda Insurance Ltd.
Policy No: LEHM-11742D
Limit of Liability: $25,000,000 excess of $85,000,000

Insurer: St. Paul Mercury Insurance Company
Policy No: 590CM2698
Limit of Liability: $15,000,000 excess of $110,000,000

BXS 01 00 (Ed. 01 00)

Insurer: Axis Reinsurance Company
Policy No: RNN 713535/01/2007
Limit of Liability: $15,000,000 excess of $125,000,000

Insurer: Liberty Mutual Insurance Company
Policy No: 078365-017
Limit of Liability: $10,000,000 excess of $140,000,000

Insurer: Arch Insurance Group
Policy No: DOX 0006634-02
Limit of Liability: $15,000,000 excess of $150,000,000

Insurer: Allied World Assurance Company
Policy No: C002007/005
Limit of Liability: $15,000,000 excess of $165,000,000

Insurer: Endurance Specialty Insurance Ltd.
Policy No: P005332003
Limit of Liability: $20,000,000 excess of $180,000,000

Insurer: Lloyds
Policy No: B0509QA017007
Limit of Liability: $10,000,000 excess of $200,000,000

Insurer: Illinois National Insurance Company
Policy No: 742-14-36
Limit of Liability: $20,000,000 excess of $210,000,000

All other provisions remain unchanged.

_____
Authorized Representative

_____9/13/07_____
Date

BXS 01 00 (Ed. 01 00)

Endorsement No 2.

Effective date of this endorsement: 12:01 a.m. on: May 16, 2007
To be attached to and form part of Policy Number: 1130900107QA
Issued to: Lehman Brothers Holdings Inc.
By: Axis Specialty Limited

## PRIOR NOTICE EXCLUSION

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

**SECUREXCESS POLICY**

In consideration of the premium charged, it is agreed that the **Insurer** shall not be liable for any amount from any **Claim** which is based upon, arising from, or attributable to or in consequence of any fact, circumstance or situation which before the inception date of this Policy has been the subject of any written notice given under any policy of directors, officers and/or corporate liability insurance

All other provisions remain unchanged.

_____
Authorized Representative

Date  8/22/07

Endorsement No 3.

Effective date of this endorsement: 12:01 a.m. on: May 16, 2007
To be attached to and form part of Policy Number: 1130900107QA
Issued to: Lehman Brothers Holdings Inc.
By: Axis Specialty Limited

## NOT FOLLOW ENDORSEMENT

## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

**SECUREXCESS POLICY**

In consideration of the premium charged, it is agreed that notwithstanding anything contained in this Policy to the contrary, this Policy shall not follow any state amendatory or state specific endorsement to the **Primary Policy** or any **Underlying Insurance**.

All other provisions remain unchanged.

_____
Authorized Representative

_____
Date    8/22/07

Endorsement No. 4

Effective date of this endorsement:  12:01 a.m. on May 16, 2007
To be attached to and form part of Policy Number: 1130900107QA
Issued to: Lehman Brothers Holdings Inc.
By: Axis Specialty Limited

# FOLLOWED FORM ENDORSEMENT

# THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

This endorsement modifies insurance provided under the following:

# SECUREXCESS POLICY

In consideration of the premium charged, it is agreed that

1. Section I. Insuring Agreement is deleted and amended to read in its entirety as follows:

    I. **INSURING AGREEMENT**

    With respect to each **Insurance Product**, the **Insurer** shall provide the **Insureds** with insurance during the **Policy Period** excess of all applicable **Underlying Insurance**. Except as specifically set forth in the provisions of this Policy, the insurance afforded hereunder shall apply in conformance with the provisions of the applicable **Followed Policy** and, to the extent coverage is further limited or restricted thereby, to any other applicable **Underlying Insurance.**  In no event shall this Policy grant broader coverage than would be provided by the most restrictive policy constituting part of the applicable **Underlying Insurance**.

    The insurance afforded under this Policy shall apply only after all applicable **Underlying Insurance** with respect to an **Insurance Product** has been exhausted by actual payment under such **Underlying Insurance**, and shall only pay excess of any retention or deductible amounts provided in the **Followed Policy** and other exhausted **Underlying Insurance**.

2. Section III C. of the Policy is deleted and amended to read in its entirety as follows:

    C. If during the **Policy Period** the provisions of the **Followed Policy** are changed in any manner, as a condition precedent to coverage under this Policy, the **Insured** shall give written notice to the **Insurer** of the full particulars of such change as soon as practicable but in no event later than thirty (30) days following the effective date of such change.  No amendment to any **Followed Policy** or **Underlying Insurance** during the **Policy Period** shall be effective in broadening or extending the coverage afforded by this Policy or extending or increasing the limits of liability afforded by this Policy unless the **Insurer** so agrees in writing.  The **Insurer** may, in its sole discretion, condition its agreement to follow any changes to the **Followed Policy** or the **Underlying Insurance** on the **Insured** paying any additional premium required by the **Insurer** for such change.

    As soon as practicable, but in no event later than thirty (30) days thereafter, the **Policyholder** must give the **Insurer** written notice of any additional or return premiums charged or allowed in connection with any **Underlying Insurance**.

3. Section IV. B. of the Policy is deleted and amended to read in its entirety as follows:

    B. If the **Underlying Limits** are wholly exhausted solely due to actual payment under the **Underlying Insurance**, this Policy shall continue to apply as primary insurance with respect to the applicable **Insurance Product(s)** and the retention or deductible, if any, applicable under the **Followed Policy(ies)** shall apply under this Policy.

Page 1 of 2

4. Section V. A. of the Policy is deleted and amended to read in its entirety as follows:

   A. The amount stated in Item 3.a. in the Declarations shall be the maximum limit of the **Insurer's** liability for each **Claim** under the applicable **Followed Policy**, and shall be the maximum amount payable by the **Insurer** under this Policy for a single **Claim**, which amount shall be part of, and not in addition to, the amount stated in Item 3.b. in the Declarations.

5. Section IX.A of the Policy is deleted and amended to read in its entirety as follows:

   A. With respect to any **Claim**, situation that could give rise to a **Claim**, or other matter as to which insurance may be sought under this Policy, the **Policyholder** or any **Insured** must give the **Insurer** written notice contemporaneously with and in the identical manner required by the applicable **Followed Policy**.

6. For the purposes of this policy the term **Followed Policy** means: *DFI Excess Professional Liability Policy, Federal Insurance Company, 7043-0876.*

_____
Authorized Representative

_____8/22/07_____
Date

Page 2 of 2