AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **Saphir Finance PLC Series 2005-11** ("**Seller**"), hereby unconditionally and irrevocably sells, transfers and assigns to **J.P. Morgan Securities Ltd** (the "**Purchaser**"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 58074 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) to the extent not otherwise transferred to the Purchaser, the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.  Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) to the best of the Seller's knowledge and belief, the Transferred Claims are transferred, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) to the best of the Seller's knowledge and belief Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall not be entitled to transfer its rights under such representations, warranties and covenants, provided

however that nothing shall prevent the Purchaser from transferring the Transferred Claims.

5. Seller shall as soon as reasonably practicable remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees, in each case at the Purchaser's expense to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. Seller and Purchaser agree that the provisions of Rider 1 attached hereto with regard to Seller not being subject to a plan of reorganization support agreement and voting are incorporated herein and made a part hereof.

9. Purchaser irrevocably agrees that it will at no time institute or join any person in bringing, instituting or joining, any insolvency or examinership proceedings (whether court-based or otherwise) in relation to Seller. Purchaser hereby agrees that its recourse against Seller or in respect of any claim arising out of or in connection with this Agreement and Evidence of Transfer of Claim shall be limited to any amounts received in respect of the Transferred Claims (the "Transferred Claims Amount") and, if having applied the Transferred Claims Amount towards such claim there remain any unpaid amounts in respect of such claim then Purchaser shall have no further claim against Seller and such unpaid amounts and claim shall each be deemed to be discharged in full and extinguished.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of October 2011.

SAPHIR FINANCE PLC SERIES 2005-11

By: _____
Name: HUGH BEATTIE
Title: Attorney

J.P. MORGAN SECURITIES LTD

By: _____
Name: _____
Title: _____

Address: 125 London Wall London EC2Y 5AJ

2

however that nothing shall prevent the Purchaser from transferring the Transferred Claims.

5. Seller shall as soon as reasonably practicable remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees, in each case at the Purchaser's expense to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. Seller and Purchaser agree that the provisions of Rider 1 attached hereto with regard to Seller not being subject to a plan of reorganization support agreement and voting are incorporated herein and made a part hereof.

9. Purchaser irrevocably agrees that it will at no time institute or join any person in bringing, instituting or joining, any insolvency or examinership proceedings (whether court-based or otherwise) in relation to Seller. Purchaser hereby agrees that its recourse against Seller or in respect of any claim arising out of or in connection with this Agreement and Evidence of Transfer of Claim shall be limited to any amounts received in respect of the Transferred Claims (the "Transferred Claims Amount") and, if having applied the Transferred Claims Amount towards such claim there remain any unpaid amounts in respect of such claim then Purchaser shall have no further claim against Seller and such unpaid amounts and claim shall each be deemed to be discharged in full and extinguished.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 11th day of October 2011.

SAPHIR FINANCE PLC SERIES 2005-11

By:_____

Name:_____

Title:_____

J.P. MORGAN SECURITIES LTD

By: BOUGUETTAYA FAJR

Name:_____

Title: EXECUTIVE DIRECTOR

Address: 125 London Wall London EC2Y 5AJ



2

Lehman Program Securities Evidence of Transfer of Claim Final Form 11_20_2009.doc

## SCHEDULE 1

### Transferred Claims

Purchased Claim

100% of USD10,000,000 (the outstanding amount of the Proof of Claim as of Oct, 11th) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Floating Rate Note | XS0245742456 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD10,000,000 | Floating Rate Notes | 20 December 2011 | N/A |

Schedule 1-1

Rider 1

a.  Seller hereby represents and warrants to Purchaser that, as of the date of the attached Agreement and Evidence of Transfer Lehman Program Security, with respect to the Purchased Claim, neither Seller, nor any of the entities from which Seller obtained the Purchased Claim, is subject to a plan support agreement with the Debtor.

b..  Each of Purchaser and Seller acknowledges and agrees that on and after the date of this letter agreement with respect to any request, act, decision or vote relating to a plan of reorganization or liquidation in the Proceedings (the "**Plan**") to be made by Seller in respect of the Purchased Claim (each, an "**Action**"), if Seller receives (on a timely basis) the written directions of the holders (including Purchaser and Seller) owning or holding interests representing more than 50% of the amount of the Purchased Claim held by Seller at such time (the "**Majority in Interest**") requesting that Seller vote in a particular manner with respect to such Plan, Seller shall, at the Purchaser's expense, act in accordance with such written directions with respect thereto. Seller shall notify Purchaser in writing as soon as practicable after having actual notice of any vote in respect of a Plan. Purchaser acknowledges that Purchaser shall be bound by any decisions of Seller or the Majority in Interest, as the case may be, with respect to any vote in respect of a Plan. Notwithstanding anything set forth in this letter, Seller may refuse to follow Purchaser's or the Majority in Interest's instructions if (i) such action is restricted or prohibited under applicable law, rule, order, the Plan, any documentation relating to the Plan or any documentation relating to the Purchased Claim or (ii) it might expose Seller to any liability or obligation of any kind for which Seller is not, in Seller's reasonable judgment, adequately indemnified. Purchaser acknowledges and agrees that, absent common direction from a Majority in Interest pursuant to this section, Seller may take (or refrain from taking) such Action as it chooses in its sole discretion. Seller acknowledges that, with respect to the Purchased Claim, if common direction is timely received by it from a Majority in Interest, Seller shall act in accordance with such direction. In the absence of gross negligence or willful misconduct, Seller shall not be under any liability to Purchaser with respect to anything which Seller may do (or refrain from doing) with respect to the Purchased Claim.