UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
: 
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
       Debtors.                                                :    (Jointly Administered)
                                                               :
                                                               :
----------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.   TO:         Dexia Credit Local ("Transferor")
                 Tour Dexia
                 1 Passerelle des Reflets La Defense 2 TSA 92202
                 92919 La Defense Cedex, France
                 Attn: Virginie Guerin-Baechelen, Legal Department

2.   Please take notice that the transfer of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 19935 (attached as Exhibit A hereto), has been transferred to:

                 Barclays Bank PLC ("Transferee")
                 745 Seventh Avenue
                 New York, NY 10019
                 Telephone: (212) 412-2865
                 Email: daniel.crowley@barclayscapital.com
                        daniel.miranda@barclayscapital.com

     An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the claim should be sent to the Transferee as provided in Exhibit C hereto.

3.   No action is required *if you do not object* to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--   **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

     United States Bankruptcy Court
     Southern District of New York
     Attn: Clerk of Court
     Alexander Hamilton Custom House
     One Bowling Green
     New York, NY 10004-1408

--   **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

|  |  |
|---|---|
| -- | Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer. |

4.     If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

------------------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2009.

INTERNAL CONTROL NO._____

Copy: (check) Claims Agent\_\_ Transferee\_\_ Debtors' Attorney\_\_

_____<br>Deputy Clerk

# EXHIBIT A

[Proof of Claim]

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)  0000019935 |
|---|---|---|
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | Case No. of Debtor 08-13555 | |

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Dexia Credit Local
Tour Dexia
1 Passerelle des Reflets, La Défense 2, TSA 92202
92919 La Défense Cedex, France
Attention : Virginie Guerin-Baechelen, Legal Department

Telephone number: +33(1) 58 58 72 84   Email Address: PLEASE SEE ATTACHED

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____   Email Address: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

1. **Amount of Claim as of Date Case Filed:** $ 57,834,363.62 plus interest, fees and costs

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee of Derivative Contracts
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

Describe: _____

Value of Property: $ _____   Annual Interest Rate ____ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____   Amount Unsecured: $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ _____

FOR COURT USE ONLY

**FILED / RECEIVED**

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: September 17th 2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]

Didier Casas
General Secretary

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>Lehman Brothers Holdings Inc.,<br><br>Debtor | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |
|---|---|

### ATTACHMENT TO PROOF OF CLAIM
### OF DEXIA CREDIT LOCAL

Dexia Credit Local (formerly Credit Local de France) ("DCL" or "Claimant")[1] by an authorized representative submits this proof of claim (the "Claim") against Lehman Brothers Holdings Inc.

### Background

1. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated chapter 11 debtors, the "Debtors") filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Thereafter, on October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSF") filed a petition for relief under chapter 11 of the Bankruptcy Code.

### DCL's Claim

3. Claimant and LBSF (the "Parties") are party to an ISDA Master Agreement dated as of October 29, 1997 (the "ISDA Master" and, together with the appurtenant Schedule and Credit Support Annex, if applicable, the "ISDA Documentation").

AMR #211324-v2

4. The Parties entered into various transactions pursuant to the ISDA Documentation and certain confirmations.

5. LBSF's obligations under the ISDA Documentation are guaranteed by LBHI pursuant to that certain Guarantee of Lehman Brothers Holdings Inc. dated on or about October 29, 1997 (the "Guarantee"). Pursuant to the Guarantee, LBHI unconditionally guaranteed to Claimant the due and punctual payment of all amounts due and payable by LBSF under each of the transactions entered into under the ISDA Documentation.

6. Following the occurrence of an Event of Default under the ISDA Master, on September 15, 2008, Claimant delivered a notice to LBSF pursuant to §6(a) of the ISDA Master designating September 15, 2008 as the Early Termination Date on which all outstanding transactions under the ISDA Documentation would be terminated.

7. On June 10, 2009, Claimant delivered a statement pursuant to §6(d)(i) of the ISDA Master containing Claimant's calculation of the termination amount due and payable between the Parties under the ISDA Documentation (the "Calculation Statement").

8. As stated in the Calculation Statement, the amount payable to Claimant under the ISDA Documentation by LBSF is EUR 40,159,963.63.

9. As such, the Claimant holds a claim against LBSF in the amount of $57,834,363.62[2] plus interest, fees, costs and expenses accruing in accordance with the ISDA Documentation and under applicable law.[3]

10. In accordance with the order establishing the deadline for filing proofs of claim against the Debtors dated July 2, 2009 (the "Bar Date Order"), documentation supporting this

---

[1] DCL received a document just prior to the bar date bearing the identification number 1000093962 (as well as 888013050 for its former name, Credit Local de France, and another with 1000194793).
[2] Claim amount is calculated using a conversion rate of 1.440100 as of September 15, 2008.

claim will be submitted in connection with the completion of the Guarantee Questionnaire (as defined in the Bar Date Order).

### Reservation of Rights

11. Claimant expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims. Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

12. This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against the Debtors and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

13. The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims,

---

[3] Claimant asserts a claim for reasonable out-of-pocket expenses including legal fees incurred by reason of the enforcement and protection of its rights under the ISDA Documentation or by reason of the early termination.

AMR #211324-v2

whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

14. Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

15. In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

### Notices

16. All notices, communications and distributions with respect to this Claim should be sent to:

Dexia Credit Local
Tour Dexia
1 Passerelle des Reflets, La Défense 2,
TSA 92202
92919 La Défense Cedex, France
Telephone number : +33(1) 58 58 72 84
Attention : Virginie Guerin-Baechelen, Legal Department
E-mail : virginie.guerin-baechelen@dexia.com

With a copy to:

Clifford Chance US LLP
31 W. 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Attention: Jennifer C. DeMarco, Esq.
         Sarah N. Campbell, Esq.

AMR #211324-v2

**HAND DELIVERY**

**FILED / RECEIVED**

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: N. Roman    DATE: [illegible]    TIME: 2:29

## EXHIBIT B

[Executed Evidence of Transfer of Claim]

EXHIBIT A2

Evidence of Transfer of LBHI Claim

## EVIDENCE OF TRANSFER OF CLAIM

For good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, **Dexia Crédit Local** ("Seller") does hereby unconditionally and irrevocably sell, transfer and assign unto **Barclays Bank PLC** ("Buyer") all rights, title and interest in and to the claims of Seller 19935 in the principal amount of $57,834,363.62 plus all interest, fees and other amounts related thereto (the "Claim") against Lehman Brothers Holdings Inc (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York ( the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Holdings Inc., Chapter 11 Case No. 08-13555 (Jointly Administered)

Seller hereby waives any objection to the transfer of the Claim assigned herein (the "Transferred Claim") to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Transferred Claim and recognizing the Buyer as the sole owner and holder of the Transferred Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Transfer of Claim by its duly authorized representative dated the 31st day of March, 2011

| SELLER: | BUYER: |
|---|---|
| DEXIA CRÉDIT LOCAL | BARCLAYS BANK PLC |
| By _[signature]_ | _[signature]_ |
| Name: **Marc Buckens** | Name: Daniel Crowley |
| Title: Member of the Management Board Treasury & Financial Markets | Title: Managing Director |

Dexia Crédit Local

-6-

84501005