**Response Deadline (Extended with the Debtors' Consent): October 28, 2011 at 4:00 p.m. (Eastern Time)**

Irena M. Goldstein
Jeffrey Chubak
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

*Attorneys for RBS Securities Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
*In re*                                                      :      **Chapter 11**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :      **Case No. 08-13555 (JMP)**
                                                             :
            Debtor.                                          :      **(Jointly Administered)**
                                                             :
------------------------------------------------------------ x

**RESPONSE OF RBS SECURITIES INC. TO DEBTORS'**
**NOTICES OF PROPOSED ALLOWED CLAIM AMOUNT**
**IN RESPECT OF CLAIM NOS. 59793 AND 59794**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

RBS Securities Inc. ("RBSSI") hereby files this response to the Notices of Proposed

Allowed Claim Amount (each, a "Notice of Proposed Allowed Claim Amount") sent by Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases

(together, the "Debtors") in respect of claims numbered 59793 and 59794 (the "RBSSI Claims"),

filed by RBSSI on account of its ownership of Lehman Program Securities, as such term is

defined the Court's order setting forth procedures and deadlines for filing proofs of claim in the

above-captioned chapter 11 cases, dated July 2, 2009 [Docket No. 4271], and respectfully

represents:

## BACKGROUND

1.        RBSSI timely filed the RBSSI Claims on October 30, 2009.  As described in RBSSI's response, filed March 15, 2011 [Docket No.  15036] (the "Response"), to the Debtors' ninety-second omnibus objection to claims, filed February 14, 2011 [Docket No. 14472] (the "Objection"), a copy of which is attached hereto as Exhibit A, Danske Bank, the depository through which RBSSI holds the Lehman Program Securities, refused to provide RBSSI with a Euroclear electronic instruction reference number or a Clearstream blocking reference number (a "Blocking Number") prior to October 23, 2009, the deadline for requesting a Blocking Number (the "Request Deadline").  The RBSSI Claims included an explanation for why they did not include a Blocking Number and an e-mail from Danske Bank confirming that it would not provide RBSSI with a Blocking Number in connection with its ownership of Lehman Program Securities.

2.        After the Debtors objected to the RBSSI Claims on the grounds that such claims did not include a Blocking Number, RBSSI filed its Response, which included as an attachment a declaration from Patrick Palomo, the officer responsible for obtaining Blocking Numbers for Lehman Program Securities owned by RBSSI.  In his declaration, Mr. Palomo stated that despite his diligent and good faith efforts, he was unable to obtain a Blocking Number from Danske Bank (but was able to obtain Blocking Numbers from RBSSI's other depositories with respect to Lehman Program Securities for which separate proofs of claim were filed).  In addition, the Response includes evidence that RBSSI held, and continues to hold, the Lehman Program Securities which are the subject of the RBSSI Claims since the Request Deadline.

3.        Since the Response was filed, the Debtors have repeatedly adjourned the hearing in respect of the Objection.  *See* [Docket Nos. 16207, 17151, 17882, 18608, 18615, 19417, 20387, and 21135].

4.     On August 10, 2011, the Court entered the *Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [Docket No. 19120] (the "Order").  The Order permits the Debtors to send Notices of Proposed Allowed Claim Amount to holders of Lehman Program Securities claims.  Pursuant to the Order, the proposed allowed claim amount set forth in such notices is based, in part, on the Structured Securities Valuation Methodology (as defined in the Order).  Neither the Order nor the Structured Securities Valuation Methodology permits the Debtors to propose valuing claims at zero if they are the subject of an objection.

5.     The Notices of Proposed Allowed Claim Amount in respect of the RBSSI Claims, copies of which are attached hereto as Exhibit B, state on Exhibit A thereof that the Debtors' proposed allowed amount of the RBSSI Claims is zero and include the following explanation:

> An objection has been filed against this claim.  *See* Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking Number Lehman Program Security Claims), ECF No. 14472. Accordingly, no proposed claim amount has been allocated to your claim.

## RESPONSE

6.     The procedures set forth in the Order for valuing Lehman Program Securities claims is not a substitute for the claim objection and allowance procedures set forth in section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7.     Bankruptcy Code section 502(a) provides that a filed proof of claim "is deemed allowed, unless a party in interest … objects."  In addition, Bankruptcy Code section 502(b) provides that if a claim is objected to, "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the

petition, and shall allow such claim in such amount, except to the extent" that the claim is disallowed by the Court.

8.     Further, Bankruptcy Rule 3001(f) provides that a filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim."  To overcome the prima facie validity of the RBSSI Claims, the Debtors must offer adequate proof that such claims should not be allowed.  *See Sherman v. Novack (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000), *aff'd*, 242 F.3d 367 (2d Cir. 2000) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)) ("To overcome this prima facie evidence, the objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim"); *In re Minbatiwalla*, 424 B.R. 104, 111 (S.D.N.Y. 2010) (same); *In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (citations omitted) ("the objector bears the initial burden of persuasion … The burden then shifts to the claimant if the objector produces 'evidence equal in force to the prima facie case … which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency'"); *In re DJK Residential LLC*, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009) (same).

9.     As noted above, the Debtors have objected to the RBSSI Claims and RBSSI filed the Response.  Pursuant to Bankruptcy Code section 502 and Bankruptcy Rule 3001(f), the RBSSI Claims remain prima facie valid unless and until the Court, following a hearing, determines that they should be allowed in a lesser amount.

10.     Neither the Order nor the Structured Securities Valuation Methodology permits the Debtors to evade the claim objection and allowance procedures set forth in Bankruptcy Code section 502 and Bankruptcy Rule 3001(f), nor could they.  Further, as noted above, neither the Order nor the Structured Securities Valuation Methodology state anything about valuing claims

4

which are the subject of a pending objection at zero.  Accordingly, the Debtors should not be permitted to value the RBSSI Claims at zero simply on account of the fact that they remain the subject of a pending objection, particularly because the Debtors – not RBSSI – have consistently adjourned the hearing in respect of the Objection since March of 2011.  Rather, the RBSSI Claims should remain prima facie valid unless and until the Court determines that they should be allowed in a lesser amount.

WHEREFORE, RBSSI respectfully requests that the Court deny the Debtors' request to value the RBSSI Claims at zero and grant RBSSI such other and further relief as the Court deems just and proper.

Dated: October 27, 2011
       New York, New York

Respectfully Submitted,

/s/ Irena M. Goldstein
Irena M. Goldstein
Jeffrey Chubak
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

*Attorneys for RBS Securities Inc.*

## EXHIBIT A

**(Response)**

**Hearing Date and Time: March 31, 2011 at 10:00 a.m. (prevailing Eastern Time)**

Irena M. Goldstein
Jeffrey Chubak
DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

*Attorneys for RBS Securities Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
|  |  |  |
|---|---|---|
| | : | |
| *In re* | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **Case No. 08-13555 (JMP)** |
| | : | |
| Debtor. | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------ -- x

**RESPONSE OF RBS SECURITIES INC. TO DEBTORS'**
**NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**<u>(NO BLOCKING NUMBER LPS CLAIMS)</u>**

RBS Securities Inc. ("<u>RBSSI</u>"), by and through its undersigned attorneys, hereby files

this response (the "<u>Response</u>") to the ninety-second omnibus objection to claims, dated February

14, 2011 [Docket No. 14472] (the "<u>Objection</u>"), filed by Lehman Brothers Holdings Inc. and its

affiliated debtors in the above-captioned case (together, the "<u>Debtors</u>") and respectfully

represents:

**<u>Background</u>**

1.        On October 30, 2011, RBSSI timely filed two proofs of claim in respect of certain

Lehman Program Securities, as such term is defined the Court's order setting forth procedures

and deadlines for filing proofs of claim in these chapter 11 cases, dated July 2, 2009 [Docket No.

4271] (the "<u>Bar Date Order</u>"), which RBSSI beneficially owns.  The proof of claim filed by

RBSSI in respect of ISIN DK0030068242 was assigned claim no. 59793 and the proof of claim

filed by RBSSI in respect of ISIN DK0030106190 was assigned claim no. 59794.  Claim

numbers 59793 and 59794 are hereinafter collectively referred to as the "LPS Claims."  A copy

of each of the LPS Claims is attached hereto as Exhibit A and Exhibit B.

2.       The Bar Date Order provides that each proof of claim filed in respect of a Lehman

Program Security must "include either a Euroclear electronic instruction reference number or a

Clearstream blocking reference number" (a "Blocking Number").  Bar Date Order at 13.  In

addition, the Bar Date Order authorized the Debtor to create and publish a notice of the deadline

for filing proofs of claim in respect of Lehman Program Securities (the "LPS Bar Date Notice").

The LPS Bar Date Notice, which is attached hereto as Exhibit C, provides, under the heading

entitled "Special Note Regarding Blocking Numbers," as follows:

> Beneficial holders (which includes most individuals) of Lehman
> Programs Securities that are not Euroclear Bank ("Euroclear"),
> Clearstream Bank ("Clearstream") or other depository account
> holders may not contact Euroclear, Clearstream or such other
> depository directly [in order to obtain a Blocking Number].  *Such
> holders must direct their accountholder (i.e. the bank, broker or
> other entity that holds such securities on behalf of such beneficial
> holder) to contact Euroclear, Clearstream or other relevant
> depository to obtain the Blocking Number.*

LPS Bar Date Notice at 3 (emphasis added).  The LPS Bar Date Notice further provides that the

deadline for a person or entity to submit a request for a Blocking Number to a bank, broker, or

other depository (each, a "Depository") was October 23, 2009 (the "Blocking Number Request

Deadline").  *Id.*  Moreover, a Blocking Number could not be obtained from any party other than

the applicable Depository for a beneficial owner's Lehman Program Securities.

3.       As described in the Declaration of Patrick Palomo in Support of this Response,

attached hereto as Exhibit D (the "Palomo Declaration"), RBSSI requested a Blocking Number

from each of the Depositories at which RBSSI held Lehman Program Securities prior to the

Blocking Number Request Deadline.  Palomo Declaration at ¶3.

2

4.      Each Depository which held Lehman Program Securities on RBSSI's behalf provided RBSSI with a Blocking Number in a timely manner following a request by RBSSI for the same, except for Danske Bank, the Depository which held the Lehman Program Securities which are the subject of the LPS Claims.  *Id*.   On or about October 12, 2009, Fiona Mary Dorothy Rasmussen of Danske Bank informed Patrick Palomo, the RBS Global Banking & Markets officer charged with obtaining Blocking Numbers on behalf of RBSSI, via telephone, that Danske Bank would not provide RBSSI with Blocking Numbers in respect of the Lehman Program Securities it holds at Danske Bank because it was not possible to issue Blocking Numbers in the Danish securities market.  *Id*.  This conversation was subsequently confirmed via e-mail, dated October 23, 2009, from Arne Niels Werge to Patrick Palomo (the "DB E-mail").  *Id*.  In addition, the DB E-mail confirmed the amount of each Lehman Program Security held by RBSSI at Danske Bank.  A true and correct copy of this e-mail is attached to the Palomo Declaration as Exhibit 1.

5.      Because RBSSI was unable to obtain Blocking Numbers from Danske Bank in a timely manner, despite its diligent and good faith efforts, RBSSI filed each of the LPS Claims without a Blocking Number.  Both LPS Claims explained, in the section of the proof of claim form requesting a Blocking Number, that the relevant Lehman Program Security is held at Danske Bank and that Danske Bank informed RBSSI via e-mail that Danske Bank would not issue a Blocking Number to RBSSI, and included, as an attachment, a copy of the DB E-mail.  On October 30, 2011, RBSSI filed five other Lehman Program Securities proofs of claims with Blocking Numbers obtained from other Depositories.  *See* claim nos. 59675, 59676, 59677, 59678, and 59679.

6.      On February 14, 2011, the Debtors filed the Objection.  The Objection seeks entry of an order expunging RBSSI's LPS Claims on account of the fact that they "fail to comply with the Bar Date Order's specific direction that Securities Programs Proofs of Claim include a blocking number."

7.      After the Objection was filed, RBSSI contacted the Debtors, by and through their respective counsel, in order to explain the circumstances under which RBSSI was unable to obtain Blocking Numbers for the LPS Claims in a timely manner and request that the Debtors withdraw the Objection with respect to the LPS Claims.  The Debtors stated that they would not withdraw the Objection with respect to the LPS Claims and recommended that RBSSI file this Response.

## Argument

8.      In *In re Lehman Brothers Holdings Inc.*, 433 B.R. 113, 127 (Bankr. S.D.N.Y. 2010), this Court held that "the Bar Date Order needs to be uniformly enforced except in truly unusual and compelling circumstances."   *See also* Hearing Transcript for Debtors' Twenty-Ninth Omnibus Objection to Lehman Program Securities Claims With No Blocking Number at 38:18-40:24 (Oct. 27, 2010), relevant portions of which are attached hereto as Exhibit E ("good faith attempts to comply [with the Blocking Number requirement] … can lead to an excuse … Now, they win on particularized facts and I don't think that opens a door").

9.      RBSSI submits that the circumstances here qualify as sufficiently unusual and compelling and that the Court should use its equitable powers under section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") to waive strict enforcement of the Bar Date Order's Blocking Number requirement, which would be inequitable if strictly enforced in this instance.  Section 105(a) of the Bankruptcy Code provides that "the court may issue any order,

4

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11

U.S.C. § 105(a).  As described above and in the Palomo Declaration, RBSSI made a diligent and

good faith effort to obtain Blocking Numbers from Danske Bank, but Danske Bank failed to

provide RBSSI with Blocking Numbers.  RBSSI should not be punished for being unable to

obtain Blocking Numbers for its LPS Claims, through no fault of its own, when it included in

such claims an explanation for why it was unable to obtain Blocking Numbers from Danske

Bank in a timely manner.

10.     At the very least, RBSSI's LPS Claims should be considered informal proofs of

claim, despite the fact that the LPS Claims did not include Blocking Numbers.  An informal

proof of claim "must have (1) been timely filed with the bankruptcy court and have become part

of the judicial record, (2) state the existence and nature of the debt, (3) state the amount of the

claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the

debt."  *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007) (citing

*Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 187 (Bankr.

S.D.N.Y. 1995)).  The LPS Claims satisfy each of these elements, and moreover, each LPS

Claim explains why RBSSI was unable to obtain Blocking Numbers from Danske Bank in a

timely manner.

11.     Further, the Objection makes clear that the purpose of the Blocking Number

requirement is to confirm the ownership and amount of a particular Lehman Program Security so

the Debtors can avoid making duplicative distributions to creditors.  Objection at ¶10.  These

goals have not been disturbed here.  RBSSI's not including Blocking Numbers in its LPS Claims

has not caused confusion over ownership of the Lehman Program Securities in question, as the

DB E-mail attached to the LPS Claims includes a description of the Lehman Program Securities

and the applicable amount of each such security held by RBSSI at Danske Bank on the Blocking

Number Request Deadline, and there has not thus far been a distribution to creditors.  In

addition, attached hereto as Exhibit F is an e-mail from Danske Bank specifying that no trading

activity occurred between October 23, 2009 and November 2, 2009 with respect to the Lehman

Program Securities which are the subject of the LPS Claims.  Further, attached hereto as Exhibit

G is a SWIFT message, dated March 10, 2011, confirming that RBSSI currently holds the

Lehman Program Securities in respect of which it filed the LPS Claims.  Moreover, RBSSI

would, upon request from the Debtors, furnish additional documents to demonstrate that RBSSI

beneficially owned the Lehman Program Securities in question at all relevant times for the

purpose of establishing the validity of the LPS Claims.  Therefore, the Court should deny the

Debtors' Objection with respect to the LPS Claims because the remedy sought by the Debtors,

*i.e.*, expungement, is not proportional to the harm suffered by the Debtors as a result of RBSSI's

not including Blocking Numbers in its LPS Claims.

12.     Finally, granting the relief sought by RBSSI would not encourage creditors to

request exceptions to the Bar Date Order or "expose the Debtors to the risk of a virtually never

ending claims resolution process," *Lehman*, 433 B.R. at 127, as RBSSI submitted a request for

Blocking Numbers to Danske Bank prior to the Blocking Number Request Deadline and did not

fail to include Blocking Numbers in the LPS Claims as a result of negligence or administrative or

clerical errors.

WHEREFORE, RBSSI respectfully requests that the Court deny the Objection with

respect to RBSSI's LPS Claims and grant RBSSI such other and further relief as the Court deems

just and proper.

Dated: March 15, 2011                                 Respectfully Submitted,
      New York, New York

                                          /s/ Irena M. Goldstein
                                          Irena M. Goldstein
                                          Jeffrey Chubak
                                          DEWEY & LeBOEUF LLP
                                          1301 Avenue of the Americas
                                          New York, New York 10019
                                          Tel: (212) 259-8000
                                          Fax: (212) 259-6333

                                          *Attorneys for RBS Securities Inc.*

## **<u>EXHIBIT A</u>**

**(Claim No. 59793)**

| *United States Bankruptcy Court/Southern District of New York* | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
| --- | --- | --- |
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)          0000059793 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

[barcode]    ⎯⎯ ... FOR COURT USE ONLY

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| --- | --- | --- |
| RBS Securities Inc.<br>Attn: Pia Friis, Managing Director and<br>Senior Counsel<br>600 Washington Boulevard<br>Stamford, CT 06901 | Notices to:<br>Dewey & LeBoeuf LLP<br>Attn: Irena M. Goldstein<br>1301 Avenue of the Americas<br>New York, NY 10019 | **Court Claim Number:**_____<br>(*If known*)<br><br>Filed on: _____ |
| Telephone number: (203) 897-6738     Email Address: pia.friis@rbs.com | | |
| Name and address where payment should be sent (if different from above)<br><br><br><br>Telephone number:          Email Address: | | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

**1.** Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** The claim amount and interest thereon cannot be calculated at this time. RBS Securities Inc. hereby claims (i) the par amount, or such amount if higher or lower, as calculated under the documentation governing the security, and (ii) interest thereon in accordance with the terms and conditions of the security.

☒    Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

**2.**    Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** DK0030068242                    **(Required)**

**3.** Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:** The above-referenced security is held at Danske Bank ("Danske") in Copenhagen, Denmark. As set forth in the attached e-mail from Danske to RBS Securities Inc. ("RBSSI"), Danske does not issue blocking numbers. Further, Danske described RBSSI's holdings in the attached e-mail.

**4.** Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

3003653307                    **(Required)**

| **5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | **FOR COURT USE ONLY**<br><br>**FILED / RECEIVED**<br><br>OCT 3 0 2009<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
| --- | --- |
| **Date.**<br>10/28/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Karen Brewer, Vice President, on behalf of<br>RBS Securities Inc., Tel: (203) 897-7571 | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Dear Patrick Palomo

Referring to your phone conversation with my colleague Fiona Dorothy Rasmussen I can hereby inform
you that we on 12 October 2009 sent you two swift mt 568 concerning Lehman Brothers Securities.

This email is attached a PDF file "Notice to all holders of warrants and certificates issued by LBS".

In your account No. 3003653307 with Danske Bank, Copenhagen you hold:

DK0030106190
 3,280,000 Lehman FX Link11

DK0030068242
11,000,000 Lehman FX Link10

At the same time I can inform you that it is not possible to block is in code in the Danish Securities Centre
(VP) - but on the other hand the two is in codes in question are held in a account in the name of RBS
Securities Inc, Greenwich, USA and are the only holdings in this account.

The two is in held in your account can not be moved from your account unless we have received (swift )
instruction from RBS Securities Inc. Greenwich.

Kind regards,
Arne Niels Werge

Danske Bank
Nordic Settlement & Custody
Holmens Kanal 2-12
1092 København K
Phone +45 45 14 38 47
Fax number  +45 43 55 28 54.
nordic.custody@danskebank.dk

**Notice to all holders of warrants and certificates issued by
Lehman Brothers Securities N.V. ("LBS")**

**Curacao, 6 October 2009**

*This notice serves for information purposes only. In addition to notices to holders of warrants
and certificates, the bankruptcy trustee of LBS will also publish quarterly public reports on
the website www.ekvandoorne.com/bankruptcylbs*

**1.      US Bar Date**

1.1.    Please take notice that, on July 2, 2009, the United States Bankruptcy Court for the
Southern District of New York (the "U.S. Bankruptcy Court"), having jurisdiction over
the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI"), entered an order
(the "Bar Date Order") establishing **November 2, 2009 at 5:00 p.m. (prevailing
Eastern Time)** (the "Programs Securities Bar Date") as the last date and time for
each person or entity to file a proof of claim based upon claims arising out of certain
securities issued by LBHI or any of their affiliates (including LBS) outside of the
United States (the "Programs Securities"). A list of the Programs Securities to which
the Programs Securities Bar Date applies can be found at http://www.lehman-
docket.com on the "Bar Date Information and Forms" page under the heading
"Lehman Programs Securities And The Securities Programs Bar Date."

1.2.    Most holders of warrants and certificates issued by LBS (jointly: "LBS Securities")
appear to have claims against LBHI as **guarantor** of the LBS Securities. Note that if
claims under such guarantees are not filed with LBHI by **November 2, 2009**, such
claims against LBHI may be forever barred.

1.3.    The Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs
Securities (the "Programs Securities Bar Date Notice") contains specific instructions
on how to assert (guarantee) claims against LBHI based on Programs Securities.
The Programs Securities Bar Date Notice and the required Programs Securities
Proof of Claim Form can be found at http://www.lehman-docket.com on the "Bar Date
Information and Forms" page under the heading "Lehman Programs Securities And
The Securities Programs Bar Date."

1.4.    Please take further notice that, your bank, broker or any other entity that holds
Programs Securities on your behalf may choose not to file a Programs Securities
Proof of Claim on your behalf. In that event, in order to assert claims against LBHI
based on Programs Securities, ultimate beneficial holders of Programs Securities
must submit a Programs Securities Proof of Claim Form on their own behalf. In doing
so, such beneficial holders must comply with the procedures and instructions set

2500004714503948.1

forth in the Programs Securities Bar Date Notice when submitting such Proof of Claim, including, obtaining a Euroclear Electronic Instruction Reference Number, a Clearstream Blocking Reference Number or other depository blocking reference number as appropriate (each, a "Blocking Number").

Beneficial holders (which includes most individuals) of Programs Securities that are not Euroclear Bank, Clearstream Bank or other depository account holders may not be able to contact those depositories directly for a Blocking Number. Such beneficial holders are therefore advised to direct their bank, broker or other entity that holds such securities on their behalf to contact the appropriate depository to obtain the Blocking Number. **All requests for Blocking Numbers must be sent to the appropriate depository prior to 5:00 p.m. (prevailing Eastern Time)/11:00 p.m. (CET) on October 23, 2009**.

1.5.   Holders of LBS Securities and other Programs Securities may wish to consult an attorney if the holder has any questions, including whether such holder has any claims against LBHI and whether such holder should file a Programs Securities Proof of Claim.

**2.   Future communication**

2.1.   The bankruptcy trustee of LBS will from time to time send notices to holders of LBS Securities through the communication channels of the clearing agencies. Intermediary parties, such as banks and brokers that have an account with such clearing agencies, are requested to forward notices to intermediary banks and/or to the ultimate beneficial holders of LBS Securities they represent. All notices will also be made available on the website of the bankruptcy trustee of LBS (www.ekvandoorne.com/bankruptcylbs).

2.2.   Other information on the bankruptcy of LBS, such as quarterly public reports, will also be made public on this website. Holders of LBS Securities that are included on the mailing list will receive a notification by email if information is made available on the website. Holders of LBS Securities that are not yet included on the mailing list can register by sending an email with "*Register*" in the subject field to **bankruptcy_lbs@ekvandoorne.com**.


**Lehman Brothers Securities N.V.**

Michiel R.B. Gorsira,

Bankruptcy Trustee (*curator*)

# H A N D   D E L I V E R Y

_TP_

**RECEIVED BY:**

_10 30 09_

**DATE**

_3:32 ᴾᴹ_

**TIME**

## **<u>EXHIBIT B</u>**

**(Claim No. 59794)**

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000059794 |
|---|---|---|

Note: This form may not be used to file claims other than those
based on Lehman Programs Securities as listed on
http://www.lehman-docket.com as of July 17, 2009

|||
|---|---|
| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>RBS Securities Inc.               Notices to:<br>Attn: Pia Friis, Managing Director and    Dewey & LeBoeuf LLP<br>Senior Counsel                   Attn: Irena M. Goldstein<br>600 Washington Boulevard       1301 Avenue of the Americas<br>Stamford, CT 06901            New York, NY 10019 | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on: _____ |
| Telephone number: (203) 897-6738    Email Address: pia.friis@rbs.com | |
| Name and address where payment should be sent (if different from above)<br><br><br><br><br>Telephone number:         Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1.   Provide the total amount of your claim based on Lehman Programs Securities.  Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008.  The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** The claim amount and interest thereon cannot be calculated at this time. RBS Securities Inc. hereby claims (i) the par amount, or such amount if higher or lower, as calculated under the documentation governing the security, and (ii) interest thereon in accordance with the terms and conditions of the security.

☒   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.   Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates.  If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** DK0030106190        **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim.  You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf).  If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:** The above-referenced security is held at Danske Bank ("Danske") in Copenhagen, Denmark.  As set forth in the attached e-mail from Danske to RBS Securities Inc. ("RBSSI"), Danske does not issue blocking numbers. Further, Danske described RBSSI's holdings in the attached e-mail.

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim.  You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf).  Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

3003653307                  **(Required)**

| 5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:**  By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br><br>**FILED / RECEIVED**<br><br>**OCT 3 0 2009**<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|
| Date.<br>10/28/2009 | Signature:  The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  Karen Brewer, Vice President, on behalf of<br>RBS Securities Inc., Tel: (203) 897-7571 | |

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571

Dear Patrick Palomo

Referring to your phone conversation with my colleague Fiona Dorothy Rasmussen I can hereby inform you that we on 12 October 2009 sent you two swift mt 568 concerning Lehman Brothers Securities.

This email is attached a PDF file "Notice to all holders of warrants and certificates issued by LBS".

In your account No. 3003653307 with Danske Bank, Copenhagen  you hold:

DK0030106190
 3,280,000 Lehman FX Link11

DK0030068242
11,000,000 Lehman FX Link10

At the same time I can inform you that it is not possible to block is in code in the Danish Securities Centre (VP) - but on the other hand the two is in codes in question are held in a account in the name of RBS Securities Inc, Greenwich, USA and are the only holdings in this account.

The two is in held in your account can not be moved from your account unless we have received (swift ) instruction from RBS Securities Inc. Greenwich.

Kind regards,
Arne Niels Werge

Danske Bank
Nordic Settlement & Custody
Holmens Kanal 2-12
1092 København K
Phone +45 45 14 38 47
Fax number  +45 43 55 28 54.
nordic.custody@danskebank.dk

**Notice to all holders of warrants and certificates issued by**
**Lehman Brothers Securities N.V. ("LBS")**

**Curacao, 6 October 2009**

*This notice serves for information purposes only. In addition to notices to holders of warrants*
*and certificates, the bankruptcy trustee of LBS will also publish quarterly public reports on*
*the website www.ekvandoorne.com/bankruptcylbs*

1.  **US Bar Date**

1.1.    Please take notice that, on July 2, 2009, the United States Bankruptcy Court for the
Southern District of New York (the "U.S. Bankruptcy Court"), having jurisdiction over
the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI"), entered an order
(the "Bar Date Order") establishing **November 2, 2009 at 5:00 p.m. (prevailing**
**Eastern Time)** (the "Programs Securities Bar Date") as the last date and time for
each person or entity to file a proof of claim based upon claims arising out of certain
securities issued by LBHI or any of their affiliates (including LBS) outside of the
United States (the "Programs Securities"). A list of the Programs Securities to which
the Programs Securities Bar Date applies can be found at http://www.lehman-
docket.com on the "Bar Date Information and Forms" page under the heading
"Lehman Programs Securities And The Securities Programs Bar Date."

1.2.    Most holders of warrants and certificates issued by LBS (jointly: "LBS Securities")
appear to have claims against LBHI as **guarantor** of the LBS Securities. Note that if
claims under such guarantees are not filed with LBHI by **November 2, 2009**, such
claims against LBHI may be forever barred.

1.3.    The Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs
Securities (the "Programs Securities Bar Date Notice") contains specific instructions
on how to assert (guarantee) claims against LBHI based on Programs Securities.
The Programs Securities Bar Date Notice and the required Programs Securities
Proof of Claim Form can be found at http://www.lehman-docket.com on the "Bar Date
Information and Forms" page under the heading "Lehman Programs Securities And
The Securities Programs Bar Date."

1.4.    Please take further notice that, your bank, broker or any other entity that holds
Programs Securities on your behalf may choose not to file a Programs Securities
Proof of Claim on your behalf. In that event, in order to assert claims against LBHI
based on Programs Securities, ultimate beneficial holders of Programs Securities
must submit a Programs Securities Proof of Claim Form on their own behalf. In doing
so, such beneficial holders must comply with the procedures and instructions set

forth in the Programs Securities Bar Date Notice when submitting such Proof of Claim, including, obtaining a Euroclear Electronic Instruction Reference Number, a Clearstream Blocking Reference Number or other depository blocking reference number as appropriate (each, a "Blocking Number").

Beneficial holders (which includes most individuals) of Programs Securities that are not Euroclear Bank, Clearstream Bank or other depository account holders may not be able to contact those depositories directly for a Blocking Number. Such beneficial holders are therefore advised to direct their bank, broker or other entity that holds such securities on their behalf to contact the appropriate depository to obtain the Blocking Number. **All requests for Blocking Numbers must be sent to the appropriate depository prior to 5:00 p.m. (prevailing Eastern Time)/11:00 p.m. (CET) on October 23, 2009.**

1.5.   Holders of LBS Securities and other Programs Securities may wish to consult an attorney if the holder has any questions, including whether such holder has any claims against LBHI and whether such holder should file a Programs Securities Proof of Claim.

## 2.   Future communication

2.1.   The bankruptcy trustee of LBS will from time to time send notices to holders of LBS Securities through the communication channels of the clearing agencies. Intermediary parties, such as banks and brokers that have an account with such clearing agencies, are requested to forward notices to intermediary banks and/or to the ultimate beneficial holders of LBS Securities they represent. All notices will also be made available on the website of the bankruptcy trustee of LBS (www.ekvandoorne.com/bankruptcylbs).

2.2.   Other information on the bankruptcy of LBS, such as quarterly public reports, will also be made public on this website. Holders of LBS Securities that are included on the mailing list will receive a notification by email if information is made available on the website. Holders of LBS Securities that are not yet included on the mailing list can register by sending an email with "*Register*" in the subject field to **bankruptcy_lbs@ekvandoorne.com**.

**Lehman Brothers Securities N.V.**

Michiel R.B. Gorsira,

Bankruptcy Trustee (*curator*)

**H
A
N
D**

**D
E
L
I
V
E
R
Y**

| TT | 10-30-09 | 3:32 pm |
|----|----------|---------|
| **RECEIVED BY:** | **DATE** | **TIME** |

## EXHIBIT C

**(LPS Bar Date Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                          :        **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                               :
                         **Debtors.**          :        **(Jointly Administered)**
-------------------------------------------------------------------x

NOTICE OF DEADLINES FOR FILING PROOFS
OF CLAIM BASED ON LEHMAN PROGRAMS SECURITIES

## THIS NOTICE RELATES ONLY TO THE FILING OF CLAIMS AGAINST LEHMAN BROTHERS HOLDINGS INC. BASED ON LEHMAN PROGRAMS SECURITIES.

PLEASE TAKE NOTICE THAT, on July 2, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Court"), having jurisdiction over the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates, as debtors and debtors in possession in the above referenced chapter 11 cases (collectively, the "Debtors"), entered an order (the "Bar Date Order") establishing **November 2, 2009, at 5:00 pm (prevailing Eastern Time)** as the last date and time for each person or entity to file a proof of claim ("Securities Programs Proof of Claim") based on Lehman Programs Securities (the "Securities Programs Bar Date").

The Securities Programs Bar Date and the procedures set forth in the Bar Date Order and below for the filing of Securities Programs Proofs of Claim apply only to claims against LBHI based on securities identified on the "Lehman Programs Securities" list available on http://www.lehman-docket.com (the "Lehman Programs Securities") that arose prior to September 15, 2008 (the "Commencement Date"), the date on which LBHI commenced their case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

If you have claims against any Debtor other than those based on Lehman Programs Securities, you should review the Bar Date Order to determine whether you need to file a proof of claim in accordance with the deadlines and procedures set forth therein. The Bar Date Order and related information and forms are available at http://www.lehman-docket.com. All claims other than those based on Lehman Programs Securities must be filed by September 22, 2009.

**If you have any questions with respect to this Notice, please contact the Debtors' court-approved claims agent Epiq Bankruptcy Solutions, LLC ("Epiq") at 1-503-597-7691 or, in the United States, (866)-879-0688.**

**A CLAIMANT MAY WISH TO CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A SECURITIES PROGRAMS PROOF OF CLAIM. PLEASE NOTE THAT EPIQ IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

**All holders of claims against LBHI based on Lehman Programs Securities are required to file a Securities Programs Proof of Claim in order to preserve their claims against LBHI.**

1.      **WHO MUST FILE A SECURITIES PROGRAMS PROOF OF CLAIM**

You **MUST** file a **Securities Programs Proof of Claim** to share in LBHI's estate if you have a claim based on a Lehman Programs Security that arose prior to the Commencement Date. Claims based on Lehman Programs Securities must be filed by the Securities Programs Bar Date notwithstanding that such claims may not have matured or become fixed or liquidated prior to the applicable Commencement Date. Pursuant to section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such

breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

All notices and distributions with respect to any filed claims based on Lehman Programs Securities will be sent to the party that filed the claim at the address set forth on the Securities Programs Proof of Claim Form submitted. Any entity that files a Securities Programs Proof of Claim consents to receive all such notices and distributions at the address specified on the Securities Programs Proof of Claim and is responsible for any objections raised by the Debtors related to such claim.

**An entity that files a claim based on any Lehman Programs Security, by filing such claim, consents to and is deemed to have authorized Euroclear, Clearstream, or other depository, as appropriate, to disclose their identity and holdings of Lehman Programs Securities to LBHI for the purpose of reconciling claims.**

**2.      WHO NEED <u>NOT</u> FILE A SECURITIES PROGRAMS PROOF OF CLAIM**

**YOU SHOULD NOT FILE A SECURITIES PROGRAMS PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST LBHI BASED ON LEHMAN PROGRAMS SECURITIES.**

**3**.      **WHEN AND WHERE TO FILE**

All Programs Securities Proofs of Claim must be filed so as to be **<u>actually</u> <u>received</u>** on or before the Programs Securities Bar Date at the following address:

| If by overnight courier, to: | If by mail, to: |
|---|---|
| Epiq Bankruptcy Solutions, LLC<br>Attn: Lehman Brothers Holdings Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017<br>USA | Lehman Brothers Holdings Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, New York  10150-5076<br>USA |
| If by hand delivery, to:<br><br>Epiq Bankruptcy Solutions, LLC<br>Attn: Lehman Brothers Holdings Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, New York 10017<br>USA<br><br>       or<br><br>Clerk of the United States Bankruptcy Court<br>Attn: Lehman Brothers Holdings Claims Processing<br>One Bowling Green<br>New York, New York 10004<br>USA | |

Securities Programs Proofs of Claim will be deemed timely filed only if **<u>actually</u> <u>received</u>** by Epiq or the Court on or before the Securities Programs Bar Date.  Securities Programs Proofs of Claim may **<u>not</u>** be delivered by facsimile, telecopy, or electronic mail transmission.

**4.      WHAT TO FILE**

If you file a Securities Programs Proof of Claim, your filed Securities Programs Proof of Claim must: (i) be written the English language; (ii) to the extent a claim amount is reflected thereon, be denominated in the lawful currency of the United States using the exchange rate as applicable as of September 15, 2008; (iii) conform

substantially with the form attached to this notice (the "Securities Programs Proof of Claim Form"); (iv) state the name and case number of the specific Debtor against which it is filed; (v) identify the International Securities Identification Number ("ISIN") for each Lehman Programs Security; (vi) include either a Euroclear electronic instruction reference number, a Clearsteam blocking reference number, or other depository blocking reference number, as appropriate; (vii) be signed by the claimant or by an authorized agent of the claimant; and (viii) be submitted in hard copy form with an original signature.

**ANY PERSON OR ENTITY THAT HOLDS CLAIMS AGAINST LBHI OR ANY OF THE OTHER DEBTORS THAT ARE NOT BASED ON LEHMAN PROGRAMS SECURITIES SHOULD REVIEW THE BAR DATE ORDER TO DETERMINE WHETHER THEY NEED TO FILE A PROOF OF CLAIM IN ACCORDANCE WITH THE DEADLINES AND PROCEDURES SET FORTH THEREIN. SUCH CLAIMS MAY NOT BE COMBINED WITH ANY CLAIMS BASED ON LEHMAN PROGRAMS SECURITIES AND FILED ON THE SECURITIES PROGRAMS PROOF OF CLAIM FORM.**

---

**SPECIAL NOTE REGARDING BLOCKING NUMBERS**

Each Securities Program Proof of Claim must include either a Euroclear Electronic Instruction Reference Number, a Clearsteam Blocking Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") with respect to each Lehman Programs Security for which such Securities Program Proof of Claim is filed.

**Beneficial holders (which includes most individuals) of Lehman Programs Securities that are not Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream") or other depository account holders may not contact Euroclear, Clearstream or such other depository directly. Such holders must direct their accountholder (i.e. the bank, broker or other entity that holds such securities on behalf of such beneficial holder) to contact Euroclear, Clearstream or other relevant depository to obtain the Blocking Number.**

Parties that are accountholders with Euroclear, Clearstream or other relevant depository can obtain a Blocking Number for Lehman Programs Securities by following the directions that will be provided by Euroclear, Clearstream or other relevant depository. Accountholders may send a single request for each Lehman Programs Security with the same ISIN, but must send separate requests for Lehman Programs Securities with different ISINs.

**ALL REQUESTS FOR BLOCKING NUMBERS MUST BE SENT TO EUROCLEAR, CLEARSTREAM AND/OR OTHER DEPOSITORY PRIOR TO 5:00 PM (PREVAILING EASTERN TIME)/ 11:00 PM (CET), ON OCTOBER 23, 2009.**

Please note that holders of Lehman Programs Securities will not be permitted to trade such Lehman Programs Securities during the period from the issuance of a Blocking Number by Euroclear, Clearstream or other depository until the Programs Securities Bar Date. During the periods prior to the issuance of a Blocking Number and following the Programs Securities Bar Date, holders of Lehman Programs Securities will be permitted to trade such Lehman Programs Securities in accordance with applicable law and the procedures for the transfer of claims under the Bankruptcy Code.

---

5.      **CONSEQUENCES OF FAILURE TO FILE A SECURITIES PROGRAMS PROOF OF CLAIM BY THE SECURITIES PROGRAMS BAR DATE**

**Any holder of a claim based on a Lehman Programs Security who fails to file a Securities Programs Proof of Claim in accordance with the Bar Date Order on or before the Securities Programs Bar Date, complying with the requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against LBHI based on a Lehman Programs Security, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Securities Programs Proof of Claim with respect to such claim) against LBHI, the other Debtors and their estates, and properties will be forever discharged from any and all indebtedness or liability with respect to such claim, and the holder of such claim shall not be permitted to vote on any chapter 11 plan or participate in any distribution in the Debtors' chapter 11 cases on account of such claim or to receive further notices regarding such claim or with respect to the Debtors' chapter 11 cases.**

DATED:    July  27, 2009                         BY ORDER OF THE COURT
             New York, New York

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue

New York, New York  10153

(212) 310-8000

Lori R. Fife

Shai Y. Waisman

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# EXHIBIT D

**(Palomo Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------- x
                                                              :
*In re*                                                       :        **Chapter 11**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **Case No. 08-13555 (JMP)**
                                                              :
                              **Debtor.**                     :        **(Jointly Administered)**
                                                              :
--------------------------------------------------------------- -- x

### DECLARATION OF PATRICK PALOMO IN SUPPORT OF THE RESPONSE OF RBS SECURITIES INC. TO DEBTORS' NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO BLOCKING NUMBER LPS CLAIMS)

I, Patrick Palomo, hereby declare under penalty of perjury:

1.      I am a Vice President in the Change Management Group at RBS Global Banking & Markets, the investment banking division of The Royal Bank of Scotland Group.  Prior to September of 2010, I was an Assistant Vice President and Manager of International Operations at RBS Global Banking & Markets.  I am above 18 years of age, am competent to testify, and am authorized to submit this declaration on behalf of RBSSI in support of its response to the Debtors' ninety-second omnibus objection to claims filed without a Blocking Number (the "Response").[1]  Except as otherwise indicated, I have personal knowledge of the facts set forth below.

2.      As Assistant Vice President and Manager of International Operations, my primary responsibilities included providing middle-office support to various sales and trading desks and supervising staff in connection therewith.  In addition, my responsibilities between July and November of 2009 included obtaining a Blocking Number and a Clearstream Bank, Euroclear Bank, or other Depository participant account number for each security beneficially owned by

---

[1] Capitalized terms used but not defined herein have the meanings set forth in the Response, which I have reviewed.

RBSSI on the list of Lehman Program Securities published on the Debtors' restructuring website, http://www.lehman-docket.com, so that RBSSI could file claims in respect of its beneficial ownership of Lehman Program Securities in the Debtors' chapter 11 cases.

3.      I or a member of my staff submitted a request for a Blocking Number to each Depository at which RBSSI holds Lehman Program Securities prior to October 23, 2009, the Blocking Number Request Deadline.  My staff and I collectively obtained five Blocking Numbers in respect Lehman Program Securities beneficially owned by RBSSI.  I made a diligent and good faith attempt to obtain Blocking Numbers from Danske Bank in respect of RBSSI's beneficial ownership of two Lehman Program Securities – ISIN DK0030068242 and ISIN DK0030106190 – but was unable to do so.  Specifically, on or about October 12, 2009, I spoke with Fiona Mary Dorothy Rasmussen of Danske Bank, who informed me, via telephone, that Danske Bank would not provide RBSSI with Blocking Numbers in respect of the Lehman Program Securities it holds at Danske Bank because it was not possible to issue Blocking Numbers in the Danish securities market.  This conversation was subsequently confirmed via e-mail, dated October 23, 2009, from Arne Niels Werge to myself.  In addition, this e-mail confirmed the amount of each Lehman Program Security held by RBSSI at Danske Bank.  A true and correct copy of this e-mail is attached hereto as Exhibit 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 10, 2011
      New York, New York

                            Patrick Palomo

## EXHIBIT 1

**(DB E-mail)**

**From:** Arne Niels Werge [mailto:arne.werge@danskebank.dk]
**Sent:** 23 October, 2009 9:47 AM
**To:** Palomo, Patrick, GBM
**Cc:** Fiona Mary Dorothy Rasmussen
**Subject:** Lehman Brothers Securtities


Dear Patrick Palomo

Referring to your phone conversation with my colleaque Fiona Dorothy Rasmussen I can hereby inform you that we on 12 October 2009 sent you two swift mt 568 concerning Lehman Brothers Securities.

This email is attached a PDF file "Notice to all holders of warrants and certificates issued by LBS".

In your account No. 3003653307 with Danske Bank, Copenhagen  you hold:

DK0030106190
 3,280,000 Lehman FX Link11

DK0030068242
11,000,000 Lehman FX Link10

At the same time I can inform you that it is not possible to block isin code in the Danish Securities Centre (VP) - but on the other hand the two isin codes in question are held in a account in the name of RBS Securities Inc, Greenwich, USA and are the the only holdings in this account.

The two isin held in your account can not be moved from your account unless we have received (swift ) instruction from RBS Securites Inc. Greenwich.




Kind regards,
Arne Niels Werge


Danske Bank
Nordic Settlement & Custody
Holmens Kanal 2-12
1092 København K
Phone +45 45 14 38 47
Fax number  +45 43 55 28 54.
nordic.custody@danskebank.dk

Danske Bank A/S CVR-nr. 61126228 – København

Vi gør opmærksom på, at denne e-mail kan indeholde fortrolig information. Hvis du ved en fejltagelse modtager e-mailen, beder vi dig venligst informere afsender om fejlen ved at bruge svar-funktionen. Samtidig beder vi dig slette e-mailen i dit system uden at videresende eller kopiere den.Selv om e-mailen og ethvert vedhæftet bilag efter vores overbevisning er fri for virus og andre fejl, som kan påvirke computeren eller it-systemet, hvori den modtages og læses, åbnes den på modtagerens eget ansvar. Vi påtager os ikke noget ansvar for tab og skade, som er opstået i forbindelse med at modtage og bruge e-mailen.

Please note that this message may contain confidential information. If you have received this message by mistake, please inform the sender of the mistake by sending a reply, then delete the message from your system without making, distributing or retaining any copies of it.Although we believe that the message and any attachments are free from viruses and other errors that might affect the computer or IT system where it is received and read, the recipient opens the message at his or her own risk. We assume no responsibility for any loss or damage arising from the receipt or use of this message.


3/9/2011

**Notice to all holders of warrants and certificates issued by
Lehman Brothers Securities N.V. ("LBS")**

**Curacao, 6 October 2009**

*This notice serves for information purposes only. In addition to notices to holders of warrants
and certificates, the bankruptcy trustee of LBS will also publish quarterly public reports on
the website www.ekvandoorne.com/bankruptcylbs*

**1.      US Bar Date**

1.1.    Please take notice that, on July 2, 2009, the United States Bankruptcy Court for the
Southern District of New York (the "U.S. Bankruptcy Court"), having jurisdiction over
the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI"), entered an order
(the "Bar Date Order") establishing **November 2, 2009 at 5:00 p.m. (prevailing
Eastern Time)** (the "Programs Securities Bar Date") as the last date and time for
each person or entity to file a proof of claim based upon claims arising out of certain
securities issued by LBHI or any of their affiliates (including LBS) outside of the
United States (the "Programs Securities"). A list of the Programs Securities to which
the Programs Securities Bar Date applies can be found at http://www.lehman-
docket.com on the "Bar Date Information and Forms" page under the heading
"Lehman Programs Securities And The Securities Programs Bar Date."

1.2.    Most holders of warrants and certificates issued by LBS (jointly: "LBS Securities")
appear to have claims against LBHI as **guarantor** of the LBS Securities. Note that if
claims under such guarantees are not filed with LBHI by **November 2, 2009**, such
claims against LBHI may be forever barred.

1.3.    The Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs
Securities (the "Programs Securities Bar Date Notice") contains specific instructions
on how to assert (guarantee) claims against LBHI based on Programs Securities.
The Programs Securities Bar Date Notice and the required Programs Securities
Proof of Claim Form can be found at http://www.lehman-docket.com on the "Bar Date
Information and Forms" page under the heading "Lehman Programs Securities And
The Securities Programs Bar Date."

1.4.    Please take further notice that, your bank, broker or any other entity that holds
Programs Securities on your behalf may choose not to file a Programs Securities
Proof of Claim on your behalf. In that event, in order to assert claims against LBHI
based on Programs Securities, ultimate beneficial holders of Programs Securities
must submit a Programs Securities Proof of Claim Form on their own behalf. In doing
so, such beneficial holders must comply with the procedures and instructions set

forth in the Programs Securities Bar Date Notice when submitting such Proof of Claim, including, obtaining a Euroclear Electronic Instruction Reference Number, a Clearstream Blocking Reference Number or other depository blocking reference number as appropriate (each, a "<u>Blocking Number</u>").

Beneficial holders (which includes most individuals) of Programs Securities that are not Euroclear Bank, Clearstream Bank or other depository account holders may not be able to contact those depositories directly for a Blocking Number. Such beneficial holders are therefore advised to direct their bank, broker or other entity that holds such securities on their behalf to contact the appropriate depository to obtain the Blocking Number. **All requests for Blocking Numbers must be sent to the appropriate depository prior to 5:00 p.m. (prevailing Eastern Time)/11:00 p.m. (CET) on October 23, 2009**.

1.5.   Holders of LBS Securities and other Programs Securities may wish to consult an attorney if the holder has any questions, including whether such holder has any claims against LBHI and whether such holder should file a Programs Securities Proof of Claim.

## 2.   Future communication

2.1.   The bankruptcy trustee of LBS will from time to time send notices to holders of LBS Securities through the communication channels of the clearing agencies. Intermediary parties, such as banks and brokers that have an account with such clearing agencies, are requested to forward notices to intermediary banks and/or to the ultimate beneficial holders of LBS Securities they represent. All notices will also be made available on the website of the bankruptcy trustee of LBS (www.ekvandoorne.com/bankruptcylbs).

2.2.   Other information on the bankruptcy of LBS, such as quarterly public reports, will also be made public on this website. Holders of LBS Securities that are included on the mailing list will receive a notification by email if information is made available on the website. Holders of LBS Securities that are not yet included on the mailing list can register by sending an email with "*Register*" in the subject field to **bankruptcy_lbs@ekvandoorne.com**.

**Lehman Brothers Securities N.V.**

Michiel R.B. Gorsira,

Bankruptcy Trustee (*curator*)

**<u>EXHIBIT E</u>**

**(October 27, 2010 Hearing Transcript Excerpt)**

Page 1

1

2   UNITED STATES BANKRUPTCY COURT

3   SOUTHERN DISTRICT OF NEW YORK

4   Case Nos. 08-13555(JMP)

5

6   - - - - - - - - - - - - - - - - - - - - - - -x

7   In the Matter of:

8

9   LEHMAN BROTHERS HOLDINGS INC., et al.

10

11            Debtors.

12   - - - - - - - - - - - - - - - - - - - - - - -x

13

14            United States Bankruptcy Court

15            One Bowling Green

16            New York, New York

17

18            October 27, 2010

19            10:07 AM

20

21   B E F O R E:

22   HON. JAMES M. PECK

23   U.S. BANKRUPTCY JUDGE

24

25

08-13555-mg    Doc 21328    Filed 10/27/11    Entered 10/27/11 13:21:12    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 41 of 57

Page 38

1    times, there were two requirements; to get the number and to

2    include it.  If we start to excuse one people are certainly

3    going to argue you have to excuse the other, and we have a hard

4    time differentiating between those two.

5         THE COURT:  I'm not sure I have such a hard time

6    differentiating between those two.

7         MR. WAISMAN:  Well, you wear the black robe.

8         THE COURT:  That's true.  But obviously claimants that

9    do everything perfectly are to be applauded for navigating what

10   is a fairly complex claims process in this case.  This is not,

11   by any means, standard issue.  But as I understand the purpose

12   to be served by the obtaining and inclusion of a blocking

13   number, it is to establish, in a user-friendly way from the

14   perspective of the debtors, that a particular claimant within

15   the pool of holders of Lehman program securities, in fact was a

16   holder on the relevant date, correct?

17        MR. WAISMAN:  That's correct.

18        THE COURT:  I think that in the case of RBC capital

19   that there really has been the kind of compliance that fits

20   within the applicable case law that I cited in my omnibus late

21   filed claims decision, in which good faith attempts to comply

22   coupled with confusion can lead to an excuse.  And here there

23   was good faith compliance in the sense of obtaining a blocking

24   number and somebody in Minneapolis goofed, they win.  Now, they

25   win on particularized facts and I don't think that opens a

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 39

1    door.

2           My next question to myself is well does August '86

3    Trust win?  And maybe I need to think some more about that

4    after taking a look at the affidavit of Joseph Kelly, which

5    obviously Mr. Kelly, who's a solicitor, thought worthy of my

6    attention.  I haven't paid enough attention to it yet and I

7    want to think about it some more.

8           But let's just say, for the sake of discussion, that

9    August '86 Trust wins too, what's the principle that has just

10   been established?  It seems to me that the principle is that

11   anybody who has gone to the trouble of getting a blocking

12   number but who has failed, through negligence or administrative

13   error, to include the blocking number but who later provides

14   that blocking number is, in effect, curing the defect in a

15   manner that doesn't take away from the integrity of the bar

16   date order.  Nor does it in a material way because I don't

17   imagine there's going to be a huge class, but I could be wrong,

18   of parties who actually obtain the blocking number and then

19   negligently failed to include it.

20          It seems to me that the debtor is still in a position

21   to use the blocking number because the blocking number has been

22   provided and the integrity of the proof of claim, as it relates

23   to Lehman program securities is preserved.

24          The Aspecta case is different.  That's the we didn't

25   do it at all problem but we have other means of establishing,

08-13555-mg   Doc 21328   Filed 10/27/11   Entered 10/27/11 13:21:12   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 43 of 57

Page 40

1   in a way that we think should be credible, that we held Lehman

2   program securities at the time that a proof of claim was filed

3   and completely ignored the requirement of including a blocking

4   number.  They lose.

5         And I believe that you can draw a line here that says

6   if you have a blocking number you have done everything that you

7   can reasonably do to meet the spirit of the bar date notice as

8   it relates to Lehman program securities, assuming that you

9   have, for good cause, failed to include.  That you have reason

10  to establish that there was legitimate confusion or a

11  legitimate failure to comply, not just I willfully held it back

12  because I thought it was a stupid requirement, that's not going

13  to work.  But if there was what amounts to good faith efforts

14  to comply with that requirement and you then later provide the

15  number, it seems to me that the blocking number component of

16  this requirement is satisfied.

17        MR. WAISMAN:  Your Honor, if I may interject for one

18  moment.  As Your Honor is describing this narrow exception, it

19  might be helpful if it relates to entities that timely filed

20  proofs of claim, have obtained a blocking number but for good

21  cause failed to include and later provide it.

22        THE COURT:  That's exactly what I'm saying.  That

23  can't be a very big class of claimants and if it turns out to

24  be, well, so be it.

25        That's my best effort at walking a tightrope created

## **EXHIBIT F**

**(Statement of Holdings Between October 23, 2009 and November 2, 2009)**

## Chubak, Jeffrey

| | |
|---|---|
| **From:** | Anne Margrethe Laustsen [anne.laustsen@danskebank.dk] on behalf of 3886 Nordic Custody [nordic.custody@danskebank.dk] |
| **Sent:** | Monday, March 14, 2011 10:30 AM |
| **To:** | Patrick.Palomo@rbs.com |
| **Cc:** | Brian.Geldert@rbs.com; Goldstein, Irena; Chubak, Jeffrey; Pia.Friis@rbs.com |
| **Subject:** | Re: FW: Lehman Brothers Securtities |
| **Attachments:** | Notice to all holders of warrants and certificates issued by LBS 6 Oct 2009.pdf; RBS Securities - 3003653307.pdf |

Dear Sirs,

We are pleased to confirm that you held

DK0030106190
3,280,000 Lehman FX Link11
and
DK0030068242
11,000,000 Lehman FX Link10

in your account 3003653307 in the period 23 October to 2 November 2009, and that there were no movements
in any of them during that period.

For your further documentation we enclose copies of the statements of holding for the account as of 23 October and 2 November 2009.

We hope this meets your request if not please feel free to contact us again.

Kind regards
Anne Laustsen

Danske Bank
Nordic Custody Services
Holmens Kanal 2-12
1092 København K
Phone +45 45 14 01 60
nordic.custody@danskebank.dk

---

**<Patrick.Palomo@rbs.com>**

14-03-2011 15:10

To  3886 Nordic Custody/R3886CUS/Intranet/DDB@DKDDB04
cc  <JChubak@deweyleboeuf.com>, <Pia.Friis@rbs.com>,
      <Brian.Geldert@rbs.com>, <igoldstein@DeweyLeBoeuf.com>
Subject  FW: Lehman Brothers Securtities

3/14/2011

```
Afsendt: 021109          Kl: 210925    Fra: DABADKKKAXXX  S: 7640  I: 582337  W:
Kvittering: ACK          Kl: 210955
Modtager: GRNUS33XXX
Svaradresse/kaldenavn: GRNWUS33      / RBSSECGRE
Banka:                 : RBS SECURITIES INC.
                       : GREENWICH

Mtekst 535  Pri: N  Del: Mon:          Service code:        Mur:

                                                                        Dato   : 02.11.2009

                                                                        Mod/Afs: A
                                                                        Dest.  : GRNWUS33
                                                                        MT     : 535
                                                                        Beløb  :
                                                                        Vakd   : DKK
                                                                        Valør  :

16R  START OF BLOCK......: GENL
28E  PAGE NUMB./CONT IND.: 00001/ONLY
20C  REFERENCE...........: SEME//3993-DE930675965
23G  FUNCTION OF MESSAGE.: NEWM
98A  DATE/TIME...........: STAT//20091102203624
22F  INDICATOR...........: SFRE//DATI
                         : CODE//COMP
                         : STTY//ACCT
                         : STBA//SETT
97A  SAFEKEEPING ACCOUNT.: SAFE//3003653307
17B  FLAG................: ACTI//Y
                         : CONS//Y
16S  END OF BLOCK........: GENL
16R  START OF BLOCK......: SUBSAFE
97A  SAFEKEEPING ACCOUNT.: SAFE//3003653307
17B  FLAG................: ACTI//Y
16R  START OF BLOCK......: FIN
35B  ID. FINANCIAL INSTR.: ISIN DK0030068242
                           Lehman (VIO) FX Link 2007/2010
90B  PRICE...............: MRKT//ACTU/DKKO,
98A  DATE/TIME...........: PRIC//20081230
93B  AGGREGATE BALANCE...: AGGR//FAMT/11000000,
19A  AMOUNT..............: HOLD//DKKO,
92B  EXCHANGE RATE.......: EXCH//DKK/DKK/100,
16S  END OF BLOCK........: FIN
16R  START OF BLOCK......: FIN
35B  ID. FINANCIAL INSTR.: ISIN DK0030106190
                           Lehman (VIO) FX Link 2008/2011
90B  PRICE...............: MRKT//ACTU/DKKO,
98A  DATE/TIME...........: PRIC//20081230
93B  AGGREGATE BALANCE...: AGGR//FAMT/3280000,
19A  AMOUNT..............: HOLD//DKKO,
16S  END OF BLOCK........: FIN
16R  START OF BLOCK......: SUBSAFE
19A  AMOUNT..............: HOLP//DKKO,
                         : HOLS//DKKO,
16S  END OF BLOCK........: SUBSAFE
16S  END OF BLOCK........:
     TRAILER.............:
                           MAC  00000000
                           CHK  0000000000000
```

Afsendt: 231009    Kl: 210422    Fra: DABADKKKXXXX  S: 7634  I: 297086  W:
Kvittering: ACK    Kl: 210458
Modtager: GRNWUS33XXX
Swift adresse/kaldenavn: GRNWUS33        / RBSSECGRE
Bank:                    RBS SECURITIES INC.
                         GREENWICH

Msg: 535    Pri: N    Del: Mon:        Service code:           Mur:

Dato    : 23.10.2009

Mod/Afs.  : A
Dest.     : GRNWUS33
MT        : 535
Beløb     :
Vakd      :
Valør     : DKK

16R    START OF BLOCK......:   GENL
28E    PAGE NUMB./CONT.IND:   00001/ONLY
20C    REFERENCE..........:   SEME//3993-DE929615631
23G    FUNCTION OF MESSAGE:   NEWM
98A    DATE/TIME..........:   STAT//20091023202208
22F    INDICATOR..........:   CODE//COMP
                          :   STTY//ACCT
                          :   STBA//SETT
97A    SAFEKEEPING ACCOUNT:   SAFE//3003653307
17B    FLAG...............:   ACTI//Y
                          :   CONS//Y
16S    END OF BLOCK.......:   GENL
16R    START OF BLOCK.....:   SUBSAFE
97A    SAFEKEEPING ACCOUNT:   SAFE//3003653307
17B    FLAG...............:   ACTI//Y
16R    START OF BLOCK.....:   FIN
35B    ID. FINANCIAL INSTR:   ISIN DK0030068242
                                FIN
                                ISIN DK0030068242
                                Lehman (VIO) FX Link 2007/2010
90E    PRICE..............:   MRKT//ACTU/DKKO,
98A    DATE/TIME..........:   PRIC//20081230
93B    AGGREGATE BALANCE..:   AGGR//FAMT/11000000,
19A    AMOUNT.............:   HOLD//DKKO,
                                FIN
92B    EXCHANGE RATE......:   EXCH/DKK/DKK/100,
16S    END OF BLOCK.......:   FIN
16R    START OF BLOCK.....:   FIN
35B    ID. FINANCIAL INSTR:   ISIN DK0030106190
                                FIN
                                ISIN DK0030106190
                                Lehman (VIO) FX Link 2008/2011
90B    PRICE..............:   MRKT//ACTU/DKKO,
93B    AGGREGATE BALANCE..:   AGGR//FAMT/3280000,
19A    AMOUNT.............:   HOLD//DKKO,
                                FIN
16S    END OF BLOCK.......:   SUBSAFE
16R    START OF BLOCK.....:   ADDINFO
19A    AMOUNT.............:   HOLP//DKKO,
                          :   HOLS//DKKO,
16S    END OF BLOCK.......:   ADDINFO
5:     TRAILER............:   MAC     00000000
                                CHK     0000000000000

## EXHIBI G

## (Current Statement of Holdings)

```
-------------------- Instance Type and Transmission --------------    -
Original received from SWIFT
Priority                    : Normal
Message Output Reference    : 1506 110310GRNWUS33AXXX5983206158
Correspondent Input Reference : 2106 110310DABADKKKAXXX7767931188
------------------------ Message Header ------------------------    -
Swift Output    : FIN 535 Statement of Holdings
Sender          : DABADKKKXXX
                  DANSKE BANK A/S
                  COPENHAGEN
                  DENMARK DK
Receiver        : GRNWUS33XXX
                  RBS SECURITIES INC.
                  STAMFORD,CT
                  UNITED STATES US
------------------------ Message Text ------------------------    -
16R: Start of Block
     GENL
28E: Page Nbr/Continuation Indicator
     00001/ONLY
20C: Reference
     :SEME//3993-DE106971150
23G: Function of the Message
     NEWM
98C: Date/Time
     :STAT//20110310202154
22F: Indicator
     :SFRE//DAIL
22F: Indicator
     :CODE//COMP
22F: Indicator
     :STTY//ACCT
22F: Indicator
     :STBA//SETT
97A: Account
     :SAFE//3003653307
17B: Flag
     :ACTI//Y
17B: Flag
     :CONS//Y
16S: End of Block
     GENL
16R: Start of Block
     SUBSAFE
97A: Account
     :SAFE//3003653307
17B: Flag
     :ACTI//Y
16R: Start of Block
     FIN
35B: ID of the Financial Instrument
     ISIN DK0030068242Lehman (VIO) FX Link 2007/2010
90B: Price
     :MRKT//ACTU/
     Currency   : DKK (DANISH KRONE)
     0,
98A: Date
     :PRIC//20101230
93B: Balance
     :AGGR//FAMT/11000000,
19A: Amount
     :HOLD//
     Currency   : DKK (DANISH KRONE)
     Amount     : 0,
92B: Rate
     :EXCH//
     Currency   : DKK (DANISH KRONE)
     /
```

```
            Currency   : DKK (DANISH KRONE)
            /100,
  16S: End of Block
       FIN
  16R: Start of Block
       FIN
  35B: ID of the Financial Instrument
       ISIN DK0030106190Lehman (VIO) FX Link 2008/2011
  90B: Price
       :MRKT//ACTU/
       Currency   : DKK (DANISH KRONE)
       0,
  98A: Date
       :PRIC//20101230
  93B: Balance
       :AGGR//FAMT/3280000,
  19A: Amount
       :HOLD//
       Currency   : DKK (DANISH KRONE)
       Amount     : 0,
  92B: Rate
       :EXCH//
       Currency   : DKK (DANISH KRONE)
       /
       Currency   : DKK (DANISH KRONE)
       /100,
  16S: End of Block
       FIN
  16S: End of Block
       SUBSAFE
  16R: Start of Block
       ADDINFO
  19A: Amount
       :HOLP//
       Currency   : DKK (DANISH KRONE)
       Amount     : 0,
  19A: Amount
       :HOLS//
       Currency   : DKK (DANISH KRONE)
       Amount     : 0,
  16S: End of Block
       ADDINFO
       ------------------------- Message Trailer -------------------------
{CHK:DEC6661A844F}
```

**<u>EXHIBIT B</u>**

**(Notices of Proposed Allowed Claim Amount)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                 :
In re                                            :   Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :   08-13555 (JMP)
                                                 :
                              Debtors.           :   (Jointly Administered)
                                                 :
----------------------------------------------------------------x

LBH LPSNTC 08-22-2011 (MERGE2,TXNUM2) 4000106326 BAR(23) MAIL ID *** 000051159428 *** *** BSIUSE: 19217
RBS SECURITIES INC.
ATTN: PIA FRIIS
600 WASHINGTON BOULEVARD
STAMFORD, CT  06901


**THIS IS A NOTICE REGARDING YOUR CLAIM(S).  YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE PROPOSED ALLOWED CLAIM AMOUNT.**

**NOTICE OF PROPOSED ALLOWED CLAIM AMOUNT**

| Creditor Name and Address:<br>RBS SECURITIES INC.<br>ATTN: PIA FRIIS<br>600 WASHINGTON BOULEVARD<br>STAMFORD, CT  06901 | <u>Claim Number</u> | <u>Proposed Allowed Claim Amount</u> |
|---|---|---|
| | 59793 | $0.00 |

PLEASE TAKE NOTICE that, on August 10, 2011, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the *Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [Docket No. 19120] (the "Order") which provides for procedures for the determination of the allowed amount of the portion of the claim referenced above (the "Claim") that is based on a structured security for purposes of voting and distributions under the debtors' (the "Debtors")[1] proposed chapter 11 plan (the "Plan") in the above-referenced case.

Pursuant to the procedures approved in the Order, Lehman Brothers Holdings Inc. ("LBHI") proposes that the allowed amount of the portion of the Claim that is based on a structured security shall be the amount set forth above under the heading "PROPOSED ALLOWED CLAIM AMOUNT."   The Debtors calculated the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies, a copy of which is available for review on www.lehman-docket.com, and is also attached to the motion [Docket No. 18127] (the "Motion") related to the Order.  A detailed calculation of the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies is included on Exhibit A annexed hereto.  The Proposed Allowed Claim Amount does not have any affect on the portion of your claim that is not based on a structured security.

The Official Committee of Unsecured Creditors of LBHI and its affiliated debtors filed a statement relating to the Motion.  The *Statement of Official Committee of Unsecured Creditors In Response to*

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

*Debtors' Amended Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures For Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc*, [Docket No. 19042] is available at www.lehman-docket.com on the "Case Information" page.

If you do NOT dispute or disagree with the Proposed Allowed Claim Amount for your Claim, then you do NOT need to file a written response and your claim will be allowed in such amount for the purposes of voting and distributions under the Plan.

**If you DO dispute or disagree with the Proposed Allowed Claim Amount for your Claim, then you MUST deliver a written response (a "<u>Response</u>") so that such Response is <u>actually received</u>  no later than 4:00 p.m. October 25, 2011 (the "<u>Response  Deadline</u>") by (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, New York, NY 10020 (Attn: Holly Clack and Tina Pederson), (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Alfredo R. Perez, Esq. and Mark Bernstein, Esq.) and (iii) Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Evan R. Fleck, Esq. and Matthew Brod, Esq.).**

Your Response, if any, must contain at a minimum the following: (i) the name of the claimant; (ii) the claim number that is the subject of the Response; (iii) a concise statement setting forth the grounds for such Response; (iv) the address(es) to which LBHI must return any reply to your Response, if different from that presented in the proof of claim; and (v) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

**IF YOU DO NOT DELIVER A RESPONSE BY THE RESPONSE DEADLINE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE PORTION OF YOUR CLAIM BASED ON A STRUCTURED SECURITY BEING ALLOWED FOR PURPOSES OF VOTING AND DISTRIBUTIONS UNDER THE PLAN IN THE PROPOSED ALLOWED CLAIM AMOUNT.  THE MOTION DOES NOT HAVE ANY AFFECT ON THE PORTION OF YOUR CLAIM THAT IS NOT BASED ON A STRUCTURED SECURITY.**

**IF YOU SUBMIT A RESPONSE AND THE DEBTORS AND YOU ARE UNABLE TO RESOLVE ANY DISPUTES REGARDING THE PROPOSED ALLOWED CLAIM AMOUNT, THE MOTION WILL BE DEEMED AN OBJECTION TO YOUR CLAIM.  THE DEBTORS MAY SEEK TO HAVE SUCH OBJECTION TO YOUR CLAIM RESOLVED EITHER BY THE COURT OR THROUGH THE COURT-APPROVED MEDIATION PROCEDURES.**

CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:        August 24, 2011
                    New York, New York

Exhibit A

Claim # 59793
RBS SECURITIES INC.

Calculation of Proposed Allowed Claim Amount

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| Structured Security, by ISIN | Blocking Number | Maximum Allowable Amount [2] | Percentage of Notional Amount for which Blocking Numbers were Issued by Clearing Agencies | Aggregate Amount Distributable to Claims Based on Relevant ISIN (Equals the Product of C x D with slight differences due to rounding) | Claimant's Percentage of Notional Amount for Which Blocking Numbers were Issued by Clearing Agencies | **PROPOSED ALLOWED CLAIM AMOUNT** (Equals the Product of E x F with slight differences due to rounding) |
| DK0030068242 | NONE | $14,457,004.27 | 85.5206% | $12,363,716.83 | 0.0000% | $0.00 [3] |
| | | | | | **Aggregate Proposed Allowed Claim Amount:** | $0.00 |
| | | | | | **Claim Amount, as filed (portion based on Structured Security only):** | $0.00 |

[2] Calculated in accordance with the Structured Securities Valuation Methodologies.

[3] An objection has been filed against this claim. See Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking Number Lehman Programs Security Claims), ECF No. 14472. Accordingly, no proposed claim amount has been allocated to your claim.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :    **08-13555 (JMP)**
                                            :
              Debtors.                      :    **(Jointly Administered)**
                                            :
-------------------------------------------------------------x

LBH LPSNTC 08-22-2011 (MERGE2,TXNUM2) 4000106331 BAR(23) MAIL ID *** 000051159429 *** *** BSIUSE: 19218
RBS SECURITIES INC.
ATTN: PIA FRIIS
600 WASHINGTON BLVD
STAMFORD, CT  06901



### THIS IS A NOTICE REGARDING YOUR CLAIM(S).  YOU MUST READ IT
### AND TAKE ACTION IF YOU DISAGREE WITH THE PROPOSED ALLOWED CLAIM AMOUNT.

### NOTICE OF PROPOSED ALLOWED CLAIM AMOUNT

| Creditor Name and Address:<br>RBS SECURITIES INC.<br>ATTN: PIA FRIIS<br>600 WASHINGTON BLVD<br>STAMFORD, CT  06901 | <u>Claim Number</u> | <u>Proposed Allowed Claim Amount</u> |
|---|---|---|
| | 59794 | $0.00 |

      PLEASE TAKE NOTICE that, on August 10, 2011, the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") entered the *Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [Docket No. 19120] (the "<u>Order</u>") which provides for procedures for the determination of the allowed amount of the portion of the claim referenced above (the "<u>Claim</u>") that is based on a structured security for purposes of voting and distributions under the debtors' (the "<u>Debtors</u>")[1] proposed chapter 11 plan (the "<u>Plan</u>") in the above-referenced case.

      Pursuant to the procedures approved in the Order, Lehman Brothers Holdings Inc. ("<u>LBHI</u>") proposes that the allowed amount of the portion of the Claim that is based on a structured security shall be the amount set forth above under the heading "PROPOSED ALLOWED CLAIM AMOUNT."   The Debtors calculated the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies, a copy of which is available for review on www.lehman-docket.com, and is also attached to the motion [Docket No. 18127] (the "Motion") related to the Order.  A detailed calculation of the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies is included on Exhibit A annexed hereto.  The Proposed Allowed Claim Amount does not have any affect on the portion of your claim that is not based on a structured security.

      The Official Committee of Unsecured Creditors of LBHI and its affiliated debtors filed a statement relating to the Motion.  The *Statement of Official Committee of Unsecured Creditors In Response to*

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

*Debtors' Amended Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures For Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc*, [Docket No. 19042] is available at www.lehman-docket.com on the "Case Information" page.

If you do NOT dispute or disagree with the Proposed Allowed Claim Amount for your Claim, then you do NOT need to file a written response and your claim will be allowed in such amount for the purposes of voting and distributions under the Plan.

**If you DO dispute or disagree with the Proposed Allowed Claim Amount for your Claim, then you MUST deliver a written response (a "Response") so that such Response is <u>actually received</u> no later than 4:00 p.m. October 25, 2011 (the "<u>Response Deadline</u>") by (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, New York, NY 10020 (Attn: Holly Clack and Tina Pederson), (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Alfredo R. Perez, Esq. and Mark Bernstein, Esq.) and (iii) Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Evan R. Fleck, Esq. and Matthew Brod, Esq.).**

Your Response, if any, must contain at a minimum the following: (i) the name of the claimant; (ii) the claim number that is the subject of the Response; (iii) a concise statement setting forth the grounds for such Response; (iv) the address(es) to which LBHI must return any reply to your Response, if different from that presented in the proof of claim; and (v) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

**IF YOU DO NOT DELIVER A RESPONSE BY THE RESPONSE DEADLINE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE PORTION OF YOUR CLAIM BASED ON A STRUCTURED SECURITY BEING ALLOWED FOR PURPOSES OF VOTING AND DISTRIBUTIONS UNDER THE PLAN IN THE PROPOSED ALLOWED CLAIM AMOUNT. THE MOTION DOES NOT HAVE ANY AFFECT ON THE PORTION OF YOUR CLAIM THAT IS NOT BASED ON A STRUCTURED SECURITY.**

**IF YOU SUBMIT A RESPONSE AND THE DEBTORS AND YOU ARE UNABLE TO RESOLVE ANY DISPUTES REGARDING THE PROPOSED ALLOWED CLAIM AMOUNT, THE MOTION WILL BE DEEMED AN OBJECTION TO YOUR CLAIM. THE DEBTORS MAY SEEK TO HAVE SUCH OBJECTION TO YOUR CLAIM RESOLVED EITHER BY THE COURT OR THROUGH THE COURT-APPROVED MEDIATION PROCEDURES.**

CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:    August 24, 2011
          New York, New York

<u>Exhibit A</u>

Claim # 59794
RBS SECURITIES INC.

<u>Calculation of Proposed Allowed Claim Amount</u>

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| Structured Security, by ISIN | Blocking Number | Maximum Allowable Amount [2] | Percentage of Notional Amount for which Blocking Numbers were Issued by Clearing Agencies | Aggregate Amount Distributable to Claims Based on Relevant ISIN (Equals the Product of C x D with slight differences due to rounding) | Claimant's Percentage of Notional Amount for Which Blocking Numbers were Issued by Clearing Agencies | **PROPOSED ALLOWED CLAIM AMOUNT** (Equals the Product of E x F with slight differences due to rounding) |
| DK0030106190 | NONE | $985,748.09 | 36.6795% | $361,567.83 | 0.0000% | $0.00 [3] |
| | | | | | **Aggregate Proposed Allowed Claim Amount:** | $0.00 |
| | | | | | **Claim Amount, as filed (portion based on Structured Security only):** | $0.00 |

[2] Calculated in accordance with the Structured Securities Valuation Methodologies.

[3] An objection has been filed against this claim. See Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking Number Lehman Programs Security Claims), ECF No. 14472. Accordingly, no proposed claim amount has been allocated to your claim.