Hearing Date: November 30, 20101 at 10:00 a.m.
Objections Due: Extended by Debtors' counsel to October 27, 2011

Alex R. Rovira
Noam M. Besdin
SIDLEY AUSTIN LLP
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel for Penn Mutual Life Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                                                             :
In re:                                                       :    Chapter 11
                                                             :
Lehman Brothers Holdings Inc., *et al.*,                     :    Case No. 08-13555 (JMP)
                                                             :
                    Debtors.                                 :    (Jointly Administered)
                                                             :
                                                             :
------------------------------------------------------------ x

**RESPONSE AND RESERVATION OF RIGHTS OF**
**PENN MUTUAL LIFE INSURANCE COMPANY TO THE**
**DEBTORS' TWO HUNDRED FOURTH OMNIBUS OBJECTION TO CLAIMS**

TO:    THE HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE:

       Penn Mutual Life Insurance Company ("Penn Mutual"), by and through its undersigned

counsel, hereby submits this response (the "Response") to the Debtors' Two Hundred and Fourth

Omnibus Objection to Claims (No-Liability Derivatives Claims) [Dkt. No. 19920] dated

September 13, 2011 (the "Objection"), with respect to Claim No. 23555 (the "Claim").  In

support of the Response, Penn Mutual respectfully states as follows:

**RELEVANT BACKGROUND**

       1.      Penn Mutual's Claim arises out of that certain guarantee issued by

Lehman Brothers Holdings, Inc. ("LBHI") with respect to certain transactions between Penn

Mutual and Lehman Brothers Finance S.A. ("LBFSA").

2.      On or about August 18, 2005, Penn Mutual and LBFSA entered into that certain ISDA Master Agreement (as described in the Claim, the "Master Agreement"), pursuant to which Penn Mutual entered into various derivative transactions with LBFSA, including option transactions which were documented and confirmed by both Penn Mutual and LBFSA through written confirmations.  In connection with the Master Agreement, on or about August 23, 2005, LBHI issued that certain guarantee (the "LBHI Guarantee"), which unconditionally guaranteed the full payment of all amounts payable by LBFSA in connection with each transaction between Penn Mutual and LBFSA under the terms of the Master Agreement.

3.      On September 15, 2008 (the "Petition Date"), LBHI, and certain of its affiliates, commenced the above-captioned chapter 11 cases, which have been consolidated for procedural purposes and are being jointly administered.  LBHI's commencement of its chapter 11 case triggered an event of default under Section 5(a)(vii) of the Master Agreement (the "Event of Default").

4.      Pursuant to the terms of the Master Agreement, on September 16, 2008, Penn Mutual sent notice to LBFSA specifying the Event of Default, elected for Automatic Early Termination to apply to the Master Agreement, and thereby terminated all outstanding transactions thereunder.  Penn Mutual subsequently calculated its settlement amount resulting from the Event of Default under the Master Agreement, and, on September 17, 2008 and September 19, 2008, sent notices to LBFSA of those calculations.

5.      On September 21, 2009, Penn Mutual timely filed the Claim against LBHI on account of the LBHI Guarantee, asserting, among other things, claims for the payment of amounts owed to Penn Mutual by LBFSA under the terms of the Master Agreement, as calculated by Penn Mutual pursuant to the terms of the Master Agreement, in the amount of $30,089,349.00, plus accrued interest, fees and expenses.  A determination of the direct claim

2

against LBFSA has yet to be made by the liquidators of LBFSA.  However, Penn Mutual has exercised certain rights of setoff against LBFSA so as to reduce the direct LBFSA claim (and correspondingly, the Claim against LBHI on account of the LBHI Guaranty) to the amount of approximately $14,224,868.25.  To the extent the liquidators of LBFSA challenge or otherwise reduce the amount of Penn Mutual's right of setoff, Penn Mutual hereby reserves its right to amend the amount of the Claim against LBHI accordingly.

6.     On September 13, 2011, LBHI filed the Objection, which asserts that Penn Mutual's Claim does not constitute a valid prima facie claim and provides "no basis of liability." LBHI further asserted that it does not owe any amounts to Penn Mutual, but has not provided any supporting information to justify these assertions.

**RESPONSE**

**A.     The Applicable Legal Standard**

9.     Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, a properly filed proof of claim constitutes prima facie evidence as to the validity and amount of the claim, and the allegations set forth therein are taken as true: "a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim."  Simmons v. Savell (In re Simmons), 765 F.2d 547, 551 (5th Cir. 1985); see also In re Hess, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009);  Glinka v. Dartmouth Banking Co. (In re Kelton Motors Inc.), 121 B.R. 166, 190 (Bankr. D. Vt. 1990);  In re Windsor Commc'ns Group Inc., 45 B.R. 770, 773 (Bankr. E.D. Pa. 1985).

10.     Once a proof of claim has been properly filed, thereby establishing its prima facie validity, the burden rests on any objectors to that claim to demonstrate "sufficient evidence" to overcome such prima facie validity.  In re Adelphia Commc'ns Corp., 2007 Bankr. LEXIS 660 * 15 (Bankr. S.D.N.Y., Feb. 20, 2007);  J.P. Morgan Sec's., Inc. v. Spiegel Creditor

Trust (In re Spiegel, Inc.), 2007 WL 2456626 at * 15 n.6 (S.D.N.Y. Aug. 22, 2007).  To meet

this burden, an objection's "sufficient evidence" must be of equal force to that of the filed proof

of claim, such that it can refute allegations essential to the proof of claim's legitimacy.  In re

DJK Residential LLC, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009);  see also  In re Oneida Ltd.,

400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting In re Allegheny Intern., Inc., 954 F.2d 167,

173-74 (3d Cir. 1992), quoting In re Holm, 931 F.2d 620, 623 (9th Cir. 1991)).  An objection

lacking such sufficient evidence is insufficient to negate a claim's prima facie validity.  "The

case law is clear. To prevail, an objector must affirmatively produce evidence to counter [a]

creditor's claim."  Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), 1999 WL

178788 at * 3 (S.D.N.Y. Mar. 31, 1999).

    11. In the Objection, LBHI misstates the law, arguing that the burden of

persuasion shifts back to the claimant as soon as an objection is made.  See Omnibus Objection,

¶ 12.  In fact, only once an objector has overcome its own burden by providing "evidence equal

in force to the prima facie case" does the burden then shift back to the claimant.  In re Oneida

Ltd., 400 B.R. at 389, quoting Allegheny, 954 F.2d at 173-74.  LBHI has failed to overcome this

burden.

   **B.**  **The Debtors Have Failed To Meet Their Burden**

    11. LBHI has not carried its burden in their Objection to Penn Mutual's

Claim.  That burden rests squarely on LBHI to provide "sufficient evidence" to overcome the

prima facie validity of the Claim.  However, rather than provide any evidence that challenges the

amounts asserted in the Claim, LBHI merely provides cursory conclusions as to the various

proofs of claim included in the Objection, concluding that it "does not owe any amounts to the

claimants" and that "therefore, the [claimants' claims] do not constitute valid prima facie

claims."  See Omnibus Objection, ¶ 11.  The method by which LBHI reached this conclusion is

never disclosed, and in fact, no data or calculation methodologies in support of that position are ever provided.  LBHI simply announces that they have undertaken a "thorough, multi-step process" and have concluded that the "fair, accurate and reasonable" valuation of Penn Mutual's Claim is essentially zero.  See Omnibus Objection, ¶ 11.  These repetitive declaratory assertions are not "evidence" by any standard, and are certainly not sufficient to overcome the prima facie validity of the Claim, and shift the burden of persuasion back to Penn Mutual.

12.    In stark contrast to LBHI's lack of transparency with regard to their calculation of the Claim, Penn Mutual has provided LBHI with a detailed explanation of the methodology employed to calculate the asserted amounts in the Claim, submitting the LBSF Questionnaire and the LBHI Questionnaire pursuant to the Court's order establishing the deadline for filing proofs of claims [Docket No. 8818].  If LBHI seeks to reduce or eliminate the Claim, Penn Mutual is entitled to a full explanation of how such a decision was reached, and, if necessary, to review the documents and information supporting LBHI's analysis.  Instead, LBHI has left Penn Mutual guessing in the dark as to the methodologies employed in attempting to eliminate the Claim.  LBHI has not provided any insight as to the reasoning behind their Objection to the Claim, let alone any documentary support for its elimination.

13.    Further, LBHI does not address the substance of the Claim, nor does LBHI address the terms of the Master Agreement which governed the calculation of the Claim.  The Master Agreement is clear that the non-defaulting party (Penn Mutual) is the party entitled to calculate the settlement amounts upon the termination of the Master Agreement.  As the defaulting party, LBHI is not entitled to perform its own (undisclosed) calculations, and then unilaterally declare their own calculation of the settlement amounts as the appropriate claim amount without any supporting evidence.

7859069v.3

14.     Because LBHI has neglected to provide any evidence in support of the Objection, and has therefore failed to meet its burden of persuasion, Penn Mutual's Claim remains prima facie valid, and the Objection should be overruled.

## RESERVATION OF RIGHTS

15.     To the extent that the Court does not overrule the Objection, Penn Mutual reserves all of its rights, privileges, remedies and benefits with respect to any claims asserted herein, including all rights to amend, clarify, modify and/or supplement the claims asserted in this Response.  Indeed, nothing asserted in this Response shall be construed as a waiver of any rights, privileges or remedies available under applicable law.

16.     Given the Objection's lack of any substantive information concerning the valuation of the Claim, Penn Mutual further reserves its right to seek discovery and a full evidentiary hearing pursuant to the applicable Bankruptcy Rules, and to further reply to any additional arguments raised by LBHI regarding the Claim.  Further, Penn Mutual hereby reserves the right to amend, alter, revise or supplement this Response in light of any other information provided by LBHI.

7859069v.3

WHEREFORE, Penn Mutual respectfully requests that the Court (i) overrule the

Objection as it pertains to Penn Mutual, and (ii) grant Penn Mutual such further relief as the

Court deems necessary and proper.

Respectfully submitted,

Dated:  October 27, 2011          **SIDLEY AUSTIN LLP**
       New York, New York

                     /s/ Alex R. Rovira
                     Alex R. Rovira
                     Noam M. Besdin
                     787 Seventh Avenue
                     New York, NY 10019
                     Tel: (212) 839-5300
                     Fax: (212) 839-5599

                     *Counsel for Penn Mutual Life Insurance Company*