UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                  :
                          Debtors.                        :    (Jointly Administered)
-------------------------------------------------------------------x

## SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS' ONE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Upon the one hundred eighteenth omnibus objection to claims, dated April 6, 2011 (the "One Hundred Eighteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reclassify Compensation Claims as common equity interests in LBHI, all as more fully described in the One Hundred Eighteenth Omnibus Objection to Claims; and due and proper notice of the One Hundred Eighteenth Omnibus Objection to Claims having been provided to: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the One Hundred Eighteenth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the One Hundred Eighteenth Omnibus Objection to Claims.

and the Court having found and determined that the relief requested in the One Hundred Eighteenth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Eighteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the One Hundred Eighteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Reclassify Proofs of Claim as Equity Interests*" have the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that the Debtors have adjourned to December 21, 2011 (or as may be further adjourned by the Debtors) the One Hundred Eighteenth Omnibus Objection to Claims with respect to the claims listed on Exhibit 2 annexed hereto; and it is further

ORDERED that this Order supersedes all previous orders regarding the Compensation Claims listed on Exhibit 1 and Exhibit 2 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the One Hundred Eighteenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, (ii) any claim listed on Exhibit A annexed to the One Hundred Eighteenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed to the *Order Granting Debtors' One Hundred Eighteenth*

2

*Omnibus Objection to Claims (To Reclassify Proofs of Claim As Equity Interests)* [ECF No. 17349], and (iii) any claim listed on <u>Exhibit A</u> annexed to the One Hundred Eighteenth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed to the *Supplemental Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim As Equity Interests)* [ECF No. 19527]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
October 27, 2011

        *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE