UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                                              :    Chapter 11 Case No.
                                                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                     :
　　　　　　　　　　　　Debtors.             :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED THIRD OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the two hundred third omnibus objection to claims, dated September 13, 2011 (the "Two Hundred Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative of Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the corresponding Indenture Trustee Claims, all as more fully described in the Two Hundred Third Omnibus Objection to Claims; and due and proper notice of the Two Hundred Third Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Third Omnibus Objection to Claims; and (vii)

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Third Omnibus Objection to Claims.

all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Third Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "<u>Duplicative of Indenture Trustee Claims</u>") are disallowed and expunged with prejudice as set forth in <u>Exhibit 1</u>; and it is further

ORDERED that the claims listed on <u>Exhibit 1</u> annexed hereto under the heading "*Surviving Claims*" (collectively, the "<u>Indenture Trustee Claims</u>") will remain on the claims register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that the Debtors have adjourned to November 30, 2011 (or as may be further adjourned by the Debtors) the Two Hundred Third Omnibus Objection to Claims with respect to the claims listed on <u>Exhibit 2</u> annexed hereto; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to the

2

Indenture Trustee Claims, and the Debtors' rights to object to the Indenture Trustee Claims on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Two Hundred Third Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) the Indenture Trustee Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
October 28, 2011

    *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE