**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11 Case No.** |
| | **:** | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | **:** | **08-13555 (JMP)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |

------------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' ONE HUNDRED EIGHTY SIXTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)

Upon the one hundred eighty sixth omnibus objection to Claims, dated

September 9, 2011 (the "One Hundred Eighty Sixth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter

11 cases, as debtors and debtors in possession, in accordance with Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to

reclassify Misclassified Claims as unsecured claims, all as more fully described in the

One Hundred Eighty Sixth Omnibus Objection to Claims; and due and proper notice of

the One Hundred Eighty Sixth Omnibus Objection to Claims having been provided to: (i)

each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the

Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal

Revenue Service; and (vi) the United States Attorney for the Southern District of New

York, and (vii) all other parties entitled to notice in accordance with the procedures set

forth in the second amended order entered on June 17, 2010 governing case management

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Debtors' One Hundred Eighty Sixth Omnibus Objection to Claims.

and administrative procedures for these cases [Docket No. 9635], and it appearing that no

other or further notice need be provided; and the Court having found and determined that

the relief sought in the One Hundred Eighty Sixth Omnibus Objection to Claims is in the

best interests of the Debtors, their estates, creditors, and all parties in interest and that the

legal and factual bases set forth in the One Hundred Eighty Sixth Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Eighty Sixth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Misclassified Claim listed on Exhibit 1 annexed

hereto is hereby reclassified as a general unsecured nonpriority claim as indicated in

Exhibit 1; and it is further

ORDERED that the Debtors have withdrawn without prejudice the One

Hundred Eighty Sixth Omnibus Objection to Claims with respect to the claims listed on

Exhibit 2 annexed hereto; and it is further

ORDERED that the Debtors have adjourned the hearing on the One

Hundred Eighty Sixth Omnibus Objection to Claims to November 30, 2011 with respect

to the claims listed on Exhibit 3 annexed hereto; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized

and directed to reclassify the Misclassified Claims pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

any valid rights of setoff, netting and/or recoupment in connection with any claims listed

2

on <u>Exhibit 1</u> annexed hereto and that all such rights, if any, of setoff, netting and/or

recoupment, and all defenses thereto, are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

any claims listed on <u>Exhibit A</u> annexed to the Debtors' One Hundred Eighty Sixth

Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: New York, New York
       October 28, 2011

                                    *s/ James M. Peck*
                                    UNITED STATES BANKRUPTCY JUDGE