**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------x

## ORDER GRANTING DEBTORS' ONE HUNDRED NINETY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the one hundred ninety-eighth omnibus objection to claims, dated

September 13, 2011 (the "One Hundred Ninety-Eighth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"),

seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed

after the General Bar Date or Securities Programs Bar Date, as applicable, all as more fully

described in the One Hundred Ninety-Eighth Omnibus Objection to Claims; and due and proper

notice of the One Hundred Ninety-Eighth Omnibus Objection to Claims having been provided to

(i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) the claimants listed on Exhibit A attached to the One

Hundred Ninety-Eighth Omnibus Objection to Claims; and (vii) all other parties entitled to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Ninety-Eighth Omnibus Objection to Claims.

notice in accordance with the procedures set forth in the second amended order entered on June

17, 2010, governing case management and administrative procedures for these cases [Docket No.

9635]; and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the One Hundred Ninety-Eighth Omnibus

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the One Hundred Ninety-Eighth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Ninety-Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors have withdrawn without prejudice the One Hundred

Ninety-Eighth Omnibus Objection to Claims with respect to the claims listed on Exhibit 2

annexed hereto; and it is further

ORDERED that the Debtors have adjourned the One Hundred Ninety-Eighth

Omnibus Objection to Claims with respect to the claims listed on Exhibit 3 annexed hereto; and

it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Late-Filed Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

2

expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the One Hundred

Ninety-Eighth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
        October 28, 2011


                                    <u>  s/ James M. Peck                    </u>
                                    UNITED STATES BANKRUPTCY JUDGE