Presentment Date and Time:  November 8, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline:  November 7, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  November 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
-------------------------------------------------------------------x
```

<u>**NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER REINSTATING CLAIM**</u>

      **PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **November 8, 2011 at 12:00 noon (Prevailing Eastern Time)**.  The Supplemental Order supplements the Order Granting Debtors' Sixth Omnibus Objection to Claims (Amended and Superseded Claims), dated May 25, 2010, ECF No. 9234, and reinstates, in part, previously disallowed and expunged claim number 11444.

      **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **November 7, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **November 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

      **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: October 28, 2011
      New York, New York

                              /s/ Robert J. Lemons
                              Robert J. Lemons

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Debtors
                              and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                          :
**In re**                                 :        **Chapter 11 Case No.**
                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                          :
                          **Debtors.**    :        **(Jointly Administered)**
                                          :
---------------------------------------------------------------x

## SUPPLEMENTAL ORDER REINSTATING CLAIM

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors,

in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed the *Debtors' Sixth Omnibus Objection to Claims (Invalid Blocking Number*

*LPS Claims)*, dated April 1, 2010, ECF No. 8007 (the "Sixth Omnibus Objection to Claims"),

against claim number 11444 (the "Amended and Superseded Claim"), which was filed by

Fondazione Cassa di Risparmio di Imola (the "Claimant");

WHEREAS the Sixth Omnibus Objection to Claims sought, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedures, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim, ECF No. 6664 (the "Procedures Order"), to

disallow and expunge the Amended and Superseded Claim on the grounds that the Amended and

Superseded Claim had been amended and superseded by claim number 56083 (the "Surviving

Claim"), which was also filed by the Claimant, all as more fully described in the Sixth Omnibus Objection to Claims;

WHEREAS the Claimant did not respond formally or informally to the Sixth Omnibus Objection to Claims prior to the deadline to respond to such objection, which was May 3, 2010 at 4:00 p.m. (Prevailing Eastern Time);

WHEREAS the Court held a hearing on May 12, 2010 (the "Omnibus Hearing") to consider the relief requested in the Sixth Omnibus Objection to Claims;

WHEREAS the Court entered an order on May 25, 2010, ECF No. 9234, granting the relief requested in the Sixth Omnibus Objection to Claims (the "Order"), which, among other things, expunged and disallowed the Amended and Superseded Claim in its entirety;

WHEREAS the Amended and Superseded Claim had asserted a claim against LBHI based on (i) eight debt securities, totaling $14,500,000.00, issued by LBHI (the "Debt Securities"),[1] and (ii) four securities, totaling $12,319,920.00, included on the "Lehman Programs Securities" list, dated July 17, 2009 and available at www.lehman-docket.com (the "Lehman Programs Securities");[2]

WHEREAS the Surviving Claim asserts a claim against LBHI based solely on the Lehman Programs Securities;

WHEREAS, inasmuch as a portion of the Amended and Superseded Claim related to the Debt Securities, the Amended and Superseded Claim should not have been disallowed and

---

[1] The Debt Securities consisted of securities with the following International Security Identification Numbers ("ISINs"): US52517PF635, in the amount of $500,000.00); US52517PG963, in the amount of $2,000,000.00; US52517PK676, in the amount of $1,000,000.00; US52517PR606, in the amount of $5,000,000.00; US52517PSC67, in the amount of $1,500,000.00; US52517P4Z12, in the amount of  $1,500,000.00; US525M0BZ91, in the amount of $1,000,000.00; and US525M04FD44, in the amount of $2,000,000.00.

[2] The Lehman Programs Securities consisted of securities with the following ISINs: XS0257022714, in the amount of $4,438,920.00; XS0272543900, in the amount of $71,000.00; XS0282937985, in the amount of $5,680,000.00; and XS0300055547, in the amount of $2,130,000.00.

expunged in its entirety, but rather only the portion relating to the Lehman Programs Securities

should have been disallowed and expunged pursuant to the Order.

**IT IS HEREBY**:

ORDERED that the Amended and Superseded Claim is reinstated on the Debtors'

official claims register (the "Claims Register") solely to the extent such claim is asserted based

on the Debt Securities (the "Reinstated Claim"), and the Reinstated Claim shall be reflected on

the Claims Register in the aggregate amount of $14,500,000.00; and it is further

ORDERED that this Supplemental Order shall not have any effect on any portions

of the Amended and Superseded Claim other than the Reinstated Claim, including the portions

relating to the Lehman Programs Securities, which shall remain disallowed and expunged

pursuant to the Order; and it is further

ORDERED that the rights of the Debtors and any other party in interest to object

to the Reinstated Claim on any grounds are expressly preserved and unaffected by this

Supplemental Order; and it is further

ORDERED that other than with respect to the Reinstated Claim, this

Supplemental Order shall have no affect on the claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Supplemental Order.

Dated: _____, 2011
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE