CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd

*Conflicts Counsel for the Debtors
 and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                                                   :
In re                                                              :  Chapter 11
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                           :  Case No. 08-13555 (JMP)
                                                                   :
                           Debtors.                                :  (Jointly Administered)
                                                                   :
------------------------------------------------------------------ x

**SIXTH SUPPLEMENTAL AFFIDAVIT OF STEVEN J. REISMAN ON BEHALF OF
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP PURSUANT TO RULES 2014(a)
AND 2016(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

   I, Steven J. Reisman, pursuant to 28 U.S.C. § 1746, hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

   1. I am an attorney duly admitted to practice before this Court. I am a member of the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"). Curtis is a multi-national law firm with principal offices located at 101 Park Avenue, New York, New York 10178-0061. Curtis maintains regional offices in: Washington, D.C.; Houston, Texas; Paris, France; London,

10570913

England; Frankfurt, Germany; Milan, Italy; Mexico City, Mexico; Muscat, Sultanate of Oman; Istanbul, Turkey; Almaty, Kazakhstan; Astana, Kazakhstan; and Dubai, United Arab Emirates.

2. I submit this affidavit (the "Sixth Supplemental Affidavit") to supplement the affidavits I have previously submitted on behalf of Curtis, sworn to on October 8, 2008 (the "Original Affidavit"), August 31, 2009 (the "First Supplemental Affidavit"), April 22, 2010 (the "Second Supplemental Affidavit"), August 5, 2010 (the "Third Supplemental Affidavit"), February 2, 2011 (the "Fourth Supplemental Affidavit"), and May 19, 2011 (the "Fifth Supplemental Affidavit") in support of the engagement of Curtis by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), pursuant to Sections 327, 328(a), 329 and 504 of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. On November 21, 2008, this Court entered an order approving the Application and the Debtors' retention and employment of Curtis as conflicts counsel to the Debtors on a final basis [Docket No. 1659].

4. To the best of my knowledge, after due inquiry, and except as set forth herein, neither I, Curtis, nor any member of, counsel to or associate of Curtis represents any creditor, party in interest or entities other than the Debtors in connection with the Chapter 11 Cases.

5. Unless otherwise stated in this Sixth Supplemental Affidavit, the Original Affidavit, First Supplemental Affidavit, Second Supplemental Affidavit, Third Supplemental Affidavit, Fourth Supplemental Affidavit, or Fifth Supplemental Affidavit, I have personal knowledge of the facts set forth herein. Curtis periodically reviews its files during the pendency

10570913

of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. As additional information concerning the Debtors' creditors and relationships that have material connections with the Debtors develops, Curtis will file a further supplemental affidavit with the Court. To the best of my knowledge, Curtis has not represented and will not represent any parties other than the Debtors in these cases or in connection with any matters that would be adverse to the Debtors related to these cases in respect of the matters on which Curtis is employed in the Chapter 11 Cases.

### CURTIS' CONNECTIONS WITH CLIENTS IN MATTERS UNRELATED TO THE CHAPTER 11 CASES

6. Curtis has represented, currently represents, and may in the future represent, various entities or their affiliates in matters unrelated to the Chapter 11 Cases. Since filing the Fifth Supplemental Affidavit, Curtis received an updated list of parties in interest in the Chapter 11 Cases from lead counsel for the Debtors, Weil, Gotshal & Manges LLP. As a result, Curtis has become aware of additional parties in interest in the Chapter 11 Cases with whom Curtis has, or may have, client connections that need to be disclosed. Certain of the client connections included in this Sixth Supplemental Affidavit were previously disclosed under other categories.

7. Curtis has identified the client connections disclosed below. The connections are categorized as follows:

   (a)   clients for which Curtis has rendered services in the prior two (2) years and is presently rendering services ("Current Clients");

   (b)   clients for which Curtis has rendered services in the prior two (2) years and which engagement was closed within the prior two (2) years ("Former Clients");

   (c)   entities that are related to, or may be related to, a current client for which Curtis has rendered services in the prior two (2) years and is presently rendering services; and

3

10570913

        (d)    entities that are related to, or may be related to, a former client for which Curtis has rendered services in the prior two (2) years and which engagement was closed within the prior two (2) years.

8. All client connections were diligently reviewed by an attorney working under my supervision.

9. From such review, I determined that, with respect to each client connection between Curtis and such parties, Curtis does not hold or represent an interest that is adverse to the Debtors' estates, and that Curtis is a "disinterested person," as such term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, for the reasons described below.

### Current Clients – Exhibit 1

10. Curtis has currently rendered services and may, in the future, render services to the Current Clients set forth on **Exhibit 1** hereto and their respective affiliates in matters unrelated to the Debtors.

11. To the best of my knowledge and information, the annual fees paid to Curtis by any of the Current Clients and their respective affiliates for either of the last two calendar years did not exceed 1% (one percent) of the annual gross revenue of Curtis for such year.

12. Curtis has not, does not and will not represent any of the Current Clients or their respective affiliates in the Chapter 11 Cases or in other matters adverse to the Debtors during the pendency of these Chapter 11 Cases.

### Former Clients – Exhibit 2

13. Curtis has rendered services to the following Former Clients set forth on **Exhibit 2** hereto within the prior two (2) years and Curtis' engagement was formally concluded within such period. Curtis may, however, in the future, render services to the Former Clients or their affiliates or subsidiaries in matters unrelated to the Debtors and the Chapter 11 Cases. If

4

10570913

any Former Client becomes a Current Client during the pendency of these Chapter 11 Cases, Curtis will make the appropriate supplemental disclosures to the Court.

### Entities That Are Related or May Be Related to Current Clients – Exhibit 3

14. In addition, the entities set forth on **Exhibit 3** hereto either (i) have a name similar to a client in the client database or (ii) are or may be related to a current client (collectively, the "Potential Clients"). In certain instances, after a diligent effort, Curtis was unable to determine whether the similarity of names was, in fact, a coincidence or whether, and to what extent, the Potential Clients are related to a current client. However, out of an abundance of caution, Curtis has confirmed that, similar to the Current Clients and Former Clients identified above, Curtis does not represent any of the Potential Clients set forth on **Exhibit 3** in matters related to the Chapter 11 Cases.

### Entities That Are Related or May Be Related to Former Clients – Exhibit 4

15. Similarly, the entities set forth on **Exhibit 4** hereto either (i) have a name similar to a former client in the client database or (ii) are or may be related to a former client. After a diligent effort, Curtis was unable to determine whether the similarity of names was, in fact, a coincidence or whether, and to what extent, such entity is related to a former client in the client database. However, out of an abundance of caution, Curtis has confirmed that, similar to the Current Clients, Former Clients and Potential Clients identified above, Curtis does not represent any of the entities set forth on **Exhibit 4** in matters related to the Chapter 11 Cases.

### DISCLOSURE OF OTHER MATTERS

16. Subsequent to the submission of the Fifth Supplemental Affidavit, Curtis employed Sarah E. Ryan as an associate in its Tax Department. Prior to joining Curtis, Ms. Ryan was employed by Deloitte Tax LLP and provided advice to James W. Giddens, as Trustee for the SIPA liquidation of Lehman Brothers Inc., *In re Lehman Brothers Inc.*, No. 08-01420

(JMP) (Bankr. S.D.N.Y.), with regard to tax issues in connection with the SIPA liquidation. Curtis has instituted formal screening procedures to screen Ms. Ryan from all aspects of Curtis' representation of the Debtors and Ms. Ryan will not provide any legal services to the Debtors.

## CURTIS BILLING PRACTICES

17. As disclosed in the Original Affidavit, Curtis is not a creditor of the Debtors. Curtis did not receive a retainer from the Debtors prior to the filing of the Chapter 11 Cases.

18. All compensation for services rendered by Curtis and reimbursement of expenses incurred by Curtis in the Chapter 11 Cases has been subject to the approval of this Court, and Curtis shall continue to seek this Court's approval for the payment of such compensation pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

19. The foregoing constitutes the Sixth Supplemental Affidavit of Curtis pursuant to Section 327 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

*[Remainder of page intentionally left blank.]*

20. I certify that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
October 31, 2011

_____
STEVEN J. REISMAN
A Member of the Firm

SWORN TO AND SUBSCRIBED
before me this 31st day of October, 2011

_____
Notary Public

JAMES V. DREW
Notary Public, State of New York
NO. 02-DR6079092
Qualified in Queens County
Commission Expires August 12, 2014

10570913

# INDEX OF EXHIBITS TO THE
# SIXTH SUPPLEMENTAL AFFIDAVIT OF STEVEN J. REISMAN

| | |
|---|---|
| EXHIBIT 1 | CURRENT CLIENTS OF CURTIS |
| EXHIBIT 2 | FORMER CLIENTS OF CURTIS |
| EXHIBIT 3 | ENTITIES THAT ARE RELATED OR MAY BE RELATED TO CURRENT CLIENTS OF CURTIS |
| EXHIBIT 4 | ENTITIES THAT ARE RELATED OR MAY BE RELATED TO FORMER CLIENTS OF CURTIS |

10570913

## EXHIBIT 1

## CURRENT CLIENTS OF CURTIS[1]

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| CIFG | Potential Party in Interest | Current Client in a matter unrelated to Debtors |
| Fondiaria | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| Milano Assicurazioni S.p.A. | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| Societa Cattolica de Assicurazione | Potential Party in Interest | Current Client in matters unrelated to Debtors |
| U.S. Bank National Association[2] | Potential Party in Interest, Claimant, Current Committee Member | Current Client in a matter unrelated to Debtors |

---

[1] Certain Current Clients have either executed a waiver letter or indicated that they will execute a waiver allowing Curtis to act adversely to their interests on all matters unrelated to the matter(s) on which we are acting for them. Unless otherwise indicated, Curtis does not act for any Current Clients on any matter related to the Debtors.

[2] U.S. Bank National Association ("U.S. Bank") is a Current Client with respect to a limited matter unrelated to the Debtors. Curtis has obtained a waiver from U.S. Bank that allows Curtis to act adverse to U.S. Bank so long as any adverse matter is not related to the limited matter on which Curtis is engaged.

10570913

# **EXHIBIT 2**

## FORMER CLIENTS OF CURTIS

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| Jones Lang LaSalle GmbH | Claimant | Former Client in matters unrelated to Debtors |
| Monarch Alternative Capital LP | Claimant | Former Client in a matter unrelated to Debtors |
| Reed Smith LLP | Claimant | Former Client in a matter unrelated to Debtors |
| Summit Systems, Inc. | Potential Party in Interest | Former Client in matters unrelated to Debtors |

10570913

# EXHIBIT 3

## ENTITIES THAT ARE RELATED OR MAY BE
## RELATED TO CURRENT CLIENTS OF CURTIS

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| AES Corporation | Potential Party in Interest | Affiliate of current client in a matter unrelated to Debtors |
| Banco Santander | Potential Party in Interest | Affiliate of current client in a matter unrelated to Debtors |
| Carlton Communications Ltd. | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |
| Nomura Securities Co. Ltd.[1] | Potential Party in Interest | Affiliate of current client in a matter unrelated to Debtors |
| Pictet & Cie | Potential Party in Interest | Affiliate of current client in matters unrelated to Debtors |

---

[1] Curtis is currently representing a managing director of Nomura Securities Co. Ltd.

10570913

# EXHIBIT 4

## ENTITIES THAT ARE RELATED OR MAY BE RELATED TO FORMER CLIENTS OF CURTIS

| Name of Entity Searched | Relationship to Debtors | Relationship to Curtis |
|---|---|---|
| Keystone Inc. | Potential Party in Interest | Affiliate of former clients in matters unrelated to Debtors |
| Suntrust Bank | Claimant | Affiliate of former client in matters unrelated to Debtors |

10570913