**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al, | ) ) ) ) | Chapter 11<br><br>Case No. 08-13555 (JMP) |
| Debtors. | ) ) ) | |

**ORDER, PURSUANT TO 11 U.S.C. 362(d)(1), GRANTING
MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §
362(d) AND FED. R. BANKR. P. 4001 TO LIFT THE AUTOMATIC STAY
TO PERMIT ASSERTION OF COUNTERCLAIMS AND THIRD-PARTY
CLAIMS AGAINST DEBTOR LEHMAN BROTHERS HOLDING, INC.,
IN PENDING STATE COURT LITIGATION COMMENCED BY THE DEBTOR**

Upon the Motion, dated October 31, 2011 (the "Motion"), of Setai Group, LLC ("Setai"), NC Land Corporation ("NC Land"), Jonathan J. Breene ("Breene"), John P. Conroy ("Conroy"), and Setai (Turks & Caicos) Ltd. ("Setai T&C") (collectively, the "Movants") for entry of an order granting relief from the automatic stay pursuant to Section 362(d)(1) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to permit: (1) Setai, NC Land, Breene and Conroy to file, prosecute and obtain adjudication of counterclaims (the "Counterclaims") against debtor Lehman Brothers Holdings, Inc. ("LBH"), and (2) Setai T&C to file, prosecute and obtain adjudication of third-party claims (the "Third-Party Claims") against LBH, in each instance in the pending, post-petition civil action commenced by LBH in the Supreme Court of the State of New York, County of New York (the "State Court"), entitled *Lehman Brothers Holdings, Inc., As Debtor-In-Possession In Its Chapter 11 Case In The United States Bankruptcy Court For The Southern District Of New York, Case No. 08-13555 v. Setai*

*Group, LLC, NC Land* Corporation, *Jonathan J. Breene and* John P. Conroy, Index No. 652472/2011 (N.Y. Sup. Ct., N.Y. Co.) (the "State Court Action"); and due and proper notice of the Motion having been given; and the Motion having come on for a hearing in open court on December 14, 2011; and the Court having read and considered the Motion, objections to the Motion, if any, and arguments of any counsel at the hearing; and after due deliberation, and sufficient cause appearing to grant the requested relief; and the Court having stated its decision on the Motion in open court on the record of the hearing, and such decision constituting the Court's findings of fact and conclusions of law; it is

**ORDERED,** that the Motion is granted as provided in this Order; and it is further

**ORDERED,** that objections to the Motion, if any, that have not been withdrawn are overruled; and it is further

**ORDERED,** that the automatic stay imposed in these Chapter 11 cases by Section 362(a) of the Bankruptcy Code is modified in accordance with Section 362(d)(1) of the Bankruptcy Code to: (1) allow Setai, NC Land, Breene and Conroy to file, prosecute and obtain adjudication of the Counterclaims against LBH in the State Court Action, and (2) allow Setai T&C to file, prosecute and obtain adjudication of the Third-Party Claims against LBH in the State Court Action; and it is further,

**ORDERED,** that, except as otherwise provided by this Order, LBH's claims in the State Court Action, the Counterclaims and the Third Party-Claims, and the defenses of the respective party or parties thereto, shall be finally determined and adjudicated in the State Court Action (including any appeal(s)), *provided that* this Court reserves and retains jurisdiction with respect to: (i) the enforcement of any judgment that may be rendered in the State Court Action (including any appeal(s)), including the setoff of any liabilities between LBH and one or more of the

Movants; and (ii) any matters arising from the interpretation and enforcement of this Order; and it is further

**ORDERED,** that, except as otherwise provided by this Order, the relief granted by this Order is without prejudice to any and all claims, causes of action, rights, entitlements, and defenses available to each of the parties under applicable law and rules of procedure in the State Court Action and in any appeals from any order(s) or judgment(s) that may be entered therein; and it is further

**ORDERED,** that this Order shall be effective immediately upon entry and the relief from the automatic stay shall not be stayed by operation of Rule 4001 of the Bankruptcy Rules.

Dated: December __, 2011
      New York, New York

 

_____
JAMES M. PECK
United States Bankruptcy Judge