# Exhibit A



1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

DAVID P. STAUBITZ

david.staubitz@dechert.com
+1 212 698 3510 Direct
+1 212 314 0010 Fax

September 9, 2011

**BY HAND DELIVERY**

Mr. Peter Olsen, Esq.
Paul Hastings LLP
75 East 55th Street
New York, New York 10022

Re: *Lehman Brothers Holdings Inc. v. Setai Group, LLC, NC Land Corporation, Jonathan J. Breene, and John P. Conroy.*

Dear Mr. Olsen:

On behalf of our client, Lehman Brothers Holdings Inc., we are serving you with the enclosed Complaint, Summons and Notice of Commencement of Action Subject to Mandatory Electronic Filing on behalf of the four named defendants in the above-referenced action (the "Action") in your capacity as designated agent for those parties, as provided for in the various loan documents executed by and among the parties in the Action.

Please call me at (212) 698-3510 if you should have any questions.

Very truly yours,

David P. Staubitz

Enclosures

08-13555-mg   Doc 21440-1   Filed 10/31/11   Entered 10/31/11 18:24:36   Exhibit A
Pg 2 of 15

US Austin Boston Charlotte Hartford Los Angeles New York Orange County Philadelphia Princeton San Francisco
Silicon Valley Washington DC   EUROPE Brussels Dublin London Luxembourg Moscow Munich Paris   ASIA Beijing Hong Kong

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF New York
-----------------------------------------------------------x

Lehman Brothers Holdings Inc., as Debtor and Debtor-in-Possession in Its Chapter 11 Case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP),

                          Plaintiff/Petitioner,

- against -

Setai Group, LLC, NC Land Corporation, Jonathan J. Breene, and John P. Conroy,

                        Defendant/Respondent.
-----------------------------------------------------------x

Index No. 152472/2011

# NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated: 09/08/2011

_(Signature)_

David P. Staubitz, Esq. (Name)

Dechert LLP (Firm Name)

1095 Avenue of the Americas (Address)
New York, NY 10036

(212) 698-3500 (Phone)

david.staubitz@dechert.com (E-Mail)

To: Setai Group, LLC
      NC Land Corporation
      Jonathan J. Breene
      John P. Conroy

4/8/11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------- x

LEHMAN BROTHERS HOLDINGS INC., AS
DEBTOR AND DEBTOR-IN-POSSESSION IN
ITS CHAPTER 11 CASE IN THE UNITED
STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK, CASE
NO. 08-13555 (JMP),

              Plaintiff,

      - against -

SETAI GROUP, LLC, NC LAND
CORPORATION, JONATHAN J. BREENE, and
JOHN P. CONROY,

              Defendants.

------------------------------------- x

Index No. 652472/2011

Date filed: 9/8/11

**SUMMONS**

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Plaintiff's Complaint in this action, and serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, upon the undersigned attorneys for the Plaintiff within twenty (20) days after service of the above, exclusive of the date of service, or within thirty (30) days after service is complete if service is made by any method other than personal delivery to you within the State of New York. In the case of your failure to answer the Complaint, or to enter an appearance, as appropriate, judgment will be taken against you on default for the relief sought in the Complaint.

    The basis of venue in New York County is CPLR 503(a), as Plaintiff, a Delaware corporation authorized to do business in New York, with its principal place of business in New York, New York, resides in New York County pursuant to CPLR 503(c).

Dated: New York, New York
September 8, 2011

DECHERT LLP

By: ___[signature]___

Joseph F. Donley
(joseph.donley@dechert.com
David P. Staubitz
(david.staubitz@dechert.com)
1095 Avenue of the Americas
New York, NY 10036-6797
Tel.: (212) 698-3500
Fax: (212) 698-3599

-and-

Katherine A. Burroughs
(katherine.burroughs@dechert.com)
90 State House Square, 12th Floor
Hartford, CT 06103
Tel.: (860) 524-3999
Fax: (860) 524-3930

*Attorneys for Plaintiff Lehman Brothers Holdings Inc., as Debtor and Debtor-In-Possession in its Chapter 11 Case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------- x
LEHMAN BROTHERS HOLDINGS INC., AS           :
DEBTOR AND DEBTOR-IN-POSSESSION IN          :
ITS CHAPTER 11 CASE IN THE UNITED           :
STATES BANKRUPTCY COURT FOR THE             :
SOUTHERN DISTRICT OF NEW YORK, CASE         :
NO. 08-13555 (JMP),                         :  Index No. 652472/11
                                            :
                    Plaintiff,              :
                                            :  **COMPLAINT**
        - against -                         :
                                            :
SETAI GROUP, LLC, NC LAND                   :
CORPORATION, JONATHAN J. BREENE, and        :
JOHN P. CONROY,                             :
                                            :
                    Defendants.             :
                                            :
------------------------------------------------- x

Plaintiff, Lehman Brothers Holdings Inc., as Debtor and Debtor-In-Possession in its Chapter 11 Case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP) ("Plaintiff" or "Lender"), by and through its counsel, Dechert LLP, as and for its complaint against Defendants Setai Group, LLC ("Setai"), NC Land Corporation ("NC," and together with Setai, the "Borrower"), Jonathan J. Breene ("Breene"), and John P. Conroy ("Conroy," and together with Breene, the "Guarantors"), alleges, upon knowledge as to itself and its own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1.  This action arises from Defendant Borrower's breach of a Loan Agreement, dated as of February 9, 2004, by and between Borrower and Lender (the "Loan Agreement"), and Guarantors' breach of their written promise to pay Plaintiff Lender in accordance with the terms

08-13555-mg    Doc 21440-1    Filed 10/31/11    Entered 10/31/11 18:24:35    Exhibit A
                                        Pg 6 of 15

of a related Conditional Guaranty, dated as of February 9, 2004 (the "Guaranty"). Both the Loan Agreement and the Guaranty were entered into in connection with a loan by Lender to Borrower made to finance costs associated with residential and hotel properties in Florida, Wyoming and the Bahamas (the "Loan").

2. The Loan is currently due, owing and unpaid, and Borrower has defaulted in its obligations under the terms of the Loan Agreement. As a result of blatant misconduct by the Borrower and Guarantors, including the continuing failure to provide financial statements and the misappropriation of trademark licensing proceeds, the Loan has become a full recourse obligation of both the Borrower and the Guarantors. Despite due notice and demand, the Borrowers and Guarantors have refused to comply with their payment obligations. For its relief, Lender seeks all payments due from Borrower and the Guarantors pursuant to the terms of the Loan Agreement and the Guaranty, plus applicable interest, costs and attorneys' fees.

## PARTIES

3. Plaintiff Lehman Brothers Holdings Inc., as Debtor and Debtor-In-Possession in its Chapter 11 Case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP), is a Delaware corporation, authorized to do business in New York, with its principal place of business in New York, New York.

08-13555-mg    Doc 21440-1    Filed 10/31/11    Entered 10/31/11 18:24:35    Exhibit A
Pg 7 of 15

4. On information and belief, Defendant Setai Group, LLC is a New York limited liability company with its principal place of business in New York, New York.

5. On information and belief, Defendant NC Land Corporation is a Bahamian corporation with its principal place of business in Nassau, Bahamas, and has regularly conducted business in New York, including in connection with the Loan and related transactions relevant in this matter.

2

6. On information and belief, Defendant Jonathan J. Breene is a citizen of the State of Florida, residing at 444 West Rivo Alto Drive, Miami Beach, Florida 33139, and has regularly conducted business in New York, including in connection with the Loan and related transactions relevant in this matter.

7. On information and belief, Defendant John P. Conroy is a citizen of the State of New York, residing at 1965 Broadway, Apt. 8E, New York, New York 10023.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant, among other things, to Article 3 of the New York Civil Practice Law and Rules ("CPLR").

9. This Court has jurisdiction over the Defendants by virtue of their presence and/or activities in New York, as well as by agreement of the parties in forum selection clauses in various relevant Loan Documents.

10. Venue is proper in this County pursuant to CPLR 503, and by agreement of the parties in forum selection clauses in various relevant Loan Documents.

## FACTUAL ALLEGATIONS

### The Loan

08-13555-mg   Doc 21440-1   Filed 10/31/11   Entered 10/31/11 18:24:35   Exhibit A
Pg 8 of 15

11. On or about February 9, 2004, Lender made the Loan to Borrower in the original principal amount of $5,000,000. The Loan was made pursuant to the Loan Agreement and evidenced by an Amended and Restated Secured Promissory Note, dated as of February 9, 2004 (the "Note," together with the Loan Agreement, Guaranty and any other documents executed in connection with the Loan, collectively referred to herein as the "Loan Documents"), in the original principal amount of $5,000,000, made by Borrower and delivered to Lender.

12. Borrower's obligations under the Loan Agreement were secured by "a continuing first priority lien on and security interest in, the federally registered service marks THE SETAI (Registration No. 2,506,974) . . . and THE SETAI GROUP (Registration No. 2,506,966) (together, the 'SETAI Marks')," as well as (i) "all of the payments, revenues, license fees, royalties, commissions, branding fees, profits, proceeds and other fees to which the Setai Group shall at any time be entitled as a result of any license, sublicense, sale, encumbrance or other transfer of an interest in the SETAI Marks" and (ii) "to the extent not otherwise included, additions to, accessions to, substitutions of, products or proceeds of any or all of the foregoing collateral" (together, the "License Collateral"), as set forth in paragraph 7 of the Agreement Regarding Loan, as well as the related Trademark Security Agreement, both dated as of July 31, 2008. Paragraph 7 of the Agreement Regarding Loan further provides that Setai "shall remit to Lender all payments made to it with respect to the License Collateral within two (2) business days of [Setai's] receipt of same."

13. The parties agreed to extend the initial maturity date of the Note to May 1, 2010, as evidenced by the Second General Modification, Reaffirmation and Ratification of Loan Documents, dated as of December 14, 2009. Section 2(a) of the Note provides that Borrower "shall pay to Lender":

> (ii) The balance of the Principal then outstanding and all accrued and unpaid Contract Interest for the month immediately preceding the Maturity Date, together with any and all other sums due hereunder . . . on the Maturity Date.

### The Note and the Conditional Guaranty

14. Although Section 22(a) of the Note states that Lender has agreed not to pursue recourse liability against the Borrower other than as provided under the terms of the Note, Section 22(c) of the Note explains that:

4

> Notwithstanding the foregoing, the agreement of Lender not to pursue recourse liability against Borrower or any member of Borrower or any indirect owner or principal of Borrower as set forth in 22(a) above SHALL BECOME NULL AND VOID and shall be of no further force and effect with respect to Borrower, [Breene] and [Conroy], and Borrower, [Breene] and [Conroy] shall be liable to Lender for full recourse liability on the terms and conditions set forth in the [Guaranty] . . . .

(Emphasis in original)

15. Under the terms of the Guaranty, each of the Guarantors jointly and severally guaranteed to Lender "all obligations and liabilities of Borrower under the Note, Loan Agreement and other Loan Documents." Guarantors' obligations under the Guaranty are conditioned on the occurrence of any one or more of the enumerated so-called "bad boy" or "Recourse Events" found in Section 1.1(a) – (m) of the Guaranty.

16. Section 1.1 of the Guaranty identifies the following as one of the recourse events subjecting the Guarantors and Borrower to personal liability for the obligations set forth in the Loan Documents:

> (k) Borrower, any Guarantor, or any principal thereof fails to maintain or deliver to Lender such financial statements and other information as required by the Loan Documents including, but not limited to, Section 5.12 [Books and Records] of the Loan Agreements.

17. Section 5.12 of the Loan Agreement provides that Borrower and Guarantors "shall keep adequate books and records . . . and furnish to Lender:"

> (ii) an annual balance sheet and profit and loss statement of Borrower and any Guarantor in the form required by Lender, prepared and certified by the respective Borrower r Guarantors, or if required by Lender, audited financial statements prepared by an independent certified public accountant acceptable to Lender, within ninety (90) days after the close of each fiscal year . . . .

5

18. In addition, pursuant to Section 20 of the Agreement Regarding Loan, dated as of March 1, 2007, the list of Recourse Events found in the Guaranty was expanded to cover any failure on the part of Borrower or Guarantors (i) to provide quarterly financial statements as required by Section 7 of the Agreement Regarding Loan, which requires the provision of quarterly balance sheets and profit and loss statements within 15 days following the end of each calendar quarter, or (ii) "to timely remit payments due to Lender with respect to the [License Collateral]." In other words, full recourse liability on the Loans is triggered if, at any time after March 1, 2007, the Borrower or Guarantors receive proceeds from any source relating to the Setai Marks and fail promptly to remit such amounts to Lender.

**The Loan Default and Trademark Foreclosure**

19. Borrower failed to pay the outstanding interest and principal amount of the Loan and all other amounts due on or before the Maturity Date of May 1, 2010. Borrower's failure to pay such amounts on or before the Maturity Date constituted an event of default under Section 10.1(a) of the Loan Agreement.

20. As a result of the Borrower's default, Lender provided notice that it would exercise its rights as a secured party to sell the Setai Marks pursuant to a Uniform Commercial Code public foreclosure (the "Foreclosure Sale"). At the Foreclosure Sale, held on June 17, 2011, Lender was the successful bidder with a credit bid in the amount of $1,000,000, and thus is now the full, lawful owner of all of Borrower's prior rights, title and interest in the Setai Marks. Upon completion of the Foreclosure Sale on June 17, 2011, the Borrower and Guarantor had an obligation to refrain from using the Setai Marks in any manner.

08-13555-mg    Doc 21440-1    Filed 10/31/11    Entered 10/31/11 18:24:35    Exhibit A
Pg 11 of 15

### "Bad Boy" Acts By Borrower and Guarantors

21. Borrower and Guarantors have engaged in blatant "bad boy" acts that trigger full recourse liability for amounts due under the Loan. Specifically, Borrower and Guarantors have failed to maintain and deliver to Lender annual balance sheets, and profit and loss statements within ninety (90) days after the close of each fiscal year in accordance with Section 5.12 of the Loan Agreement, or quarterly balance sheets, and profit and loss statements within fifteen (15) days of the end of each calendar quarter in accordance with Section 7 of the Agreement Regarding Loan. In fact, defendants have not provided financial statements of any kind for at least the last two years. Such continuing failures constitute "recourse events" under Section 1.1(k) and Section 1.1(n) of the Guaranty.

22. In addition, Borrower and Guarantors have failed to remit to Lender payments they received with respect to the License Collateral. One such payment improperly retained by the Borrower resulted from a Settlement Agreement, dated as of January 20, 2011, between Setai and 40 Broad LLC and 40 Broad Commercial LLC (together, "40 Broad"), both of which were licensees of the Setai Marks. Under the Settlement Agreement, Setai (i) received $100,000 (the "Settlement Payment") in exchange for Setai's agreement to discontinue an action concerning 40 Broad's use of the Setai Marks, and (ii) improperly purported to agree to vacate any obligation on the part of 40 Broad to pay any other amounts for continuing use of the Setai Marks, including commissions or fees provided for in prior agreements between Setai and 40 Broad. Borrowers have retained such proceeds, and have refused to remit them to Lender. Borrower's and Guarantors' continuing failure to remit to Lender the amount of the Settlement Payment constitutes a recourse event under Section 1.1(n) of the Guaranty. On information and belief,

Setai has received other proceeds after March 1, 2007 from agreements or arrangements relating to the Setai Marks, and failed to remit such amounts to Lender.

**Notice and Demand**

23. By notice dated August 8, 2011, Lender notified Borrower of the above-detailed defaults, as well as the bad boy acts committed in breach of the Guaranty, and demanded payment of all amounts due and owing under the terms of the Loan Documents.

24. Notwithstanding Lender's demand for payment, Borrower has failed to pay any of the amounts currently due and owing under the Loan Agreement or Note, such failure constituting an additional event of default under the terms of the Loan Documents.

25. By notice to Guarantors, dated August 8, 2011, Lender notified Guarantors of Borrower's default, as described above, and also detailed the bad boy acts committed in breach of the Guaranty, and demanded payment of all amounts due and owing under the terms of the Loan Documents, including the Guaranty.

26. Notwithstanding the above described demand for payment, Guarantors have failed to pay any of the amounts due and owing under the Guaranty, such failure constituting an event of default under the terms of the Guaranty.

**FIRST CAUSE OF ACTION**
**(Breach of Loan Agreement – Borrower)**

27. Plaintiff repeats and realleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

28. The Loan Agreement, Note, Guaranty and other Loan Documents described above are binding and valid contracts.

29. Borrower has breached its obligation under the terms of the Loan Agreement, the Note and the Guaranty (as incorporated in the Note).

8

30. By reason of the foregoing, Plaintiff Lender has been damaged in a sum consisting of at least all amounts due under the Loan Documents, including all principal, interest, penalties and attorneys' fees under the Loan that remain unpaid.

## SECOND CAUSE OF ACTION
(Breach of Guaranty – Guarantors)

31. Plaintiff repeats and realleges the allegations of paragraphs 1 through 30 as if set forth fully herein.

32. The Guaranty is a binding and valid contract.

33. The Guarantors have breached their obligations under the terms of the Guaranty.

34. By reason of the foregoing, Plaintiff Lender has been damaged in a sum consisting of at least all amounts due under the Loan Documents, including all principal, interest, penalties and attorneys' fees under the Loan that remain unpaid.

WHEREFORE, Plaintiff Lehman Brothers Holdings Inc. respectfully demands judgment against Defendants Setai Group, LLC, NC Land Corporation, Jonathan J. Breene, and John P. Conroy as follows:

    A. Awarding damages in a sum of at least all amounts due under the Loan Documents;

    B. Awarding all expenses incurred by Plaintiff as a result of Borrower's and Guarantors' default of their obligations as set forth in the Note and Guaranty;

    C. Awarding Plaintiff its costs and attorneys' fees, and such other and further relief as the court deems just, proper or equitable.

9

Dated: New York, New York
September 8, 2011

DECHERT LLP

By: ⟨signature⟩

Joseph F. Donley
(joseph.donley@dechert.com)
David P. Staubitz
(david.staubitz@dechert.com)
1095 Avenue of the Americas
New York, NY 10036-6797
Tel.: (212) 698-3500
Fax: (212) 698-3599

-and-

Katherine A. Burroughs
(katherine.burroughs@dechert.com)
90 State House Square, 12th Floor
Hartford, CT 06103
Tel.: (860) 524-3999
Fax: (860) 524-3930

*Attorneys for Plaintiff Lehman Brothers Holdings Inc., as Debtor and Debtor-In-Possession in its Chapter 11 Case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)*