# United States Bankruptcy Court
## Southern District of New York

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC, <u>et al.</u>, | Case No. 08-13555 (JMP) |
| | Jointly Administered |

## NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. §1111 (a).  Transferee hereby gives notice pursuant to Rule 3001(e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

**<u>Contrarian Funds, LLC</u>**
Name of Transferee

**<u>UBS AG</u>**
Name of Transferor

Name and address where notices
 to transferee should be sent:

Name and Current Address of Transferor

Contrarian Funds, LLC
411 West Putnam Ave., Ste. 425
Greenwich, CT 06830
Attention:   Alisa Mumola
Telephone:   203-862-8211
Email: amumola@contrariancapital.com

UBS AG
BAHNHOFSTR. 45
ATTN: HUGO KOLLER
ZURICH, 8001
SWITZERLAND

**Proof of Claim #: 59233**
**ISIN 361379166**
**Partial Amount of Claim Transferred:  EUR 1,780,000**

I declare under penalty of perjury that the information provided in this notice
is true and correct to the best of my knowledge and belief.

By:_____*/s/ Alisa Mumola*_____

Date: _____**November 1, 2011**_____

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. § 152 & 3571.

*PARTIAL Transfer of LBHI Claim # 59233*
*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    **UBS AG** ("Transferor") (acting as custodian for EXCELL LIFE INTERNATIONAL S.A.) hereby unconditionally and irrevocably transfers and assigns to CONTRARIAN FUNDS, LLC (the "Purchaser"), and Purchaser hereby agrees to accept assignment, as of the date hereof, of  (a) Transferor's right, title and interest in and to such portion of Proof of Claim Number 59233 filed by **Transferor** on behalf of, amongst others, EXCELL LIFE INTERNATIONAL S.A. ("Excel") as an amendment to and in substitution of claim number 51622 (a copy of Proof of Claim 59233 is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Transferor relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Transferor's right, title and interest in, to and under the transfer agreements, if any, under which Transferor acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.    (a)    Transferor hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) Transferor is the custodian for the Transferred Claims and (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto.

(b)    Excell hereby represents and warrants to Purchaser that Excell owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Excell or against Excell.

3.    Transferor hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery

and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor.

5.      Transferor shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Purchaser. Transferor has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Transferor. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Transferor and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Transferor's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Transferor and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of August 2011.

**EXCELL LIFE INTERNATIONAL S.A.**

By: _____
Name: VICTOR SOUTO
Title: ADMINISTRATEUR

By: _____
Name: Daniel Belohlávek
Title: ADMINISTRATEUR

LUC BERG
DIRIGEANT AGREE

Opmss Rub.2
29, Avenue Monterey
L-1010 Luxembourg


**UBS AG**

By: _____
Name: Stephan Gfeller
Title:   Associate Director


By: _____
~~Name: Jean-Claude Besson~~
~~Title:   Associate Director~~

Bahnhofstrasse 45
CH-8001 Zurich
Switzerland
Attention: Hugo Koller

By: _____
Name: Hugo Koller
Title Director


**CONTRARIAN FUNDS, LLC**
**By: Contrarian Capital Management, L.L.C.**
**as manager**

By: _____
Name:
Title:

411 W. Putnam Ave., Suite 425
Greenwich, CT 06830
Attn: Alpa Jimenez

Schedule 1

Transferred Claims

Purchased Portion

The Transferor transfers to the Purchaser:

EUR 1'780'000.00 out of EUR 3'000'000.00 EMTN Lehman Brothers Treasury BV 2008-22.7.2016

as highlighted in the copy of the Proof of Claim attached at Schedule 2 (page 15 line 29) and described below.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|---|
| Stagflation Protected Equity EMT Note LBT BV 2008 | XS0361379166 | CA75655 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 1'780'000.00 out of EUR 3'000'000.00 | FRN | July 22, 2016 |

18.10.2011    18.10.2011

Schedule 1–1