WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :   08-13555 (JMP)
                                            :
        Debtors.                            :   (Jointly Administered)
                                            :
------------------------------------------------------------x
```

### NOTICE OF REVISED PROPOSED ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER THE 2007-2008 DIRECTORS AND OFFICERS INSURANCE POLICIES BY THE EXCESS POLICY INSURERS

PLEASE TAKE NOTICE that in connection with the hearing to be held on November 16, 2011 at 10:00 a.m. with respect to the motion (the "Motion") [ECF No. 21299] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (together, the "Debtors"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay, to the extent applicable, to allow the Excess Policy Insurers[1] under the 2007-2008 D&O Policies to pay the Settlement Amounts in accordance with the terms, provisions and conditions

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

set forth in the Settlement Agreements, the Debtors hereby file a revised form of order approving the Motion.

PLEASE TAKE FURTHER NOTICE that attached hereto as <u>Exhibit A</u> is the revised proposed order reflecting modifications requested by Essex Equity Holdings USA, LLC to the proposed order (the "<u>Revised Proposed Order</u>") granting the Motion.  Attached hereto as <u>Exhibit B</u> is a blackline of the Revised Proposed Order, marked to reflect the changes made to the proposed order annexed to the Motion originally filed with the Court.

Dated: November 1, 2011
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

## Exhibit A

**(Revised Proposed Order - Clean)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                  :
In re                                             :    Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :    08-13555 (JMP)
                                                  :
            Debtors.                              :    (Jointly Administered)
                                                  :
------------------------------------------------------------------x

ORDER GRANTING DEBTORS' MOTION
PURSUANT TO SECTION 362 OF THE BANKRUPTCY
CODE FOR AN ORDER MODIFYING THE AUTOMATIC
STAY TO ALLOW SETTLEMENT PAYMENT UNDER
THE 2007-2008 DIRECTORS AND OFFICERS INSURANCE
POLICIES BY THE EXCESS POLICY INSURERS

Upon the motion, dated October 26, 2011 (the "Motion"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (together, the "Debtors"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay, to the extent applicable, to allow the Excess Policy Insurers[1] under the 2007-2008 D&O Policies, to pay the Settlement Amounts in connection with the terms of (i) a settlement agreement between 4Kids Entertainment, Inc. and the 4Kids Defendants, (ii) a settlement agreement between California Public Employees' Retirement System and the CalPERS Defendants, (iii) a settlement agreement between American National Life Insurance Company of Texas, Comprehensive Investment Services Inc., and The Moody Foundation and the ANICO Defendants, and (iv) a settlement agreement between Washington State Investment Board and the WSIB Defendants (collectively, the "Settlement Agreements"), all as more fully described in the Motion; and the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

US_ACTIVE:\43847944\01\58399.0008

Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys or representatives of each of the Excess Policy Insurers; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow payment of the Settlement Amounts provided for in the Settlement Agreements

on behalf of the Individual Defendants named as defendants in the Actions from the Excess Policy Insurers pursuant to the terms of their respective Policies; and it is further

ORDERED the Debtors are authorized to execute all documentation necessary to allow the Excess Policy Insurers to fund the Settlement Amounts on behalf of the Individual Defendants pursuant to the Settlement Agreements; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Excess Policy Insurers, the Debtors or the Individual Defendants provided for under the terms, conditions and limitations of the Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and defenses that they would otherwise have with respect thereto; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that nothing in this Order shall constitute a determination of any insurance coverage rights or obligations under the Excess Insurance Policies or any other insurance policies; and it is further

ORDERED that the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November ___, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit B

**(Marked Revised Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                  :
            Debtors.                                         :    (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER THE 2007-2008 DIRECTORS AND OFFICERS INSURANCE POLICIES BY THE EXCESS POLICY INSURERS

Upon the motion, dated October 26, 2011 (the "Motion"), of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (together, the "Debtors"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay, to the extent applicable, to allow the Excess Policy Insurers[1] under the 2007-2008 D&O Policies, to pay the Settlement Amounts in connection with the terms of (i) a settlement agreement between 4Kids Entertainment, Inc. and the 4Kids Defendants, (ii) a settlement agreement between California Public Employees' Retirement System and the CalPERS Defendants, (iii) a settlement agreement between American National Life Insurance Company of Texas, Comprehensive Investment Services Inc., and The Moody Foundation and the ANICO Defendants, and (iv) a settlement agreement between Washington State Investment Board and the WSIB Defendants (collectively, the "Settlement Agreements"), all as more fully described in the Motion; and the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys or representatives of each of the Excess Policy Insurers; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Motion is granted; and it is further

      ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow payment of the Settlement Amounts provided for in the Settlement Agreements

2

on behalf of the Individual Defendants named as defendants in the Actions from the Excess Policy Insurers pursuant to the terms of their respective Policies; and it is further

ORDERED the Debtors are authorized to execute all documentation necessary to allow the Excess Policy Insurers to fund the Settlement Amounts on behalf of the Individual Defendants pursuant to the Settlement Agreements; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the Excess Policy Insurers, the Debtors or the Individual Defendants provided for under the terms, conditions and limitations of the Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and defenses that they would otherwise have with respect thereto; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that nothing in this Order shall constitute a determination of ~~the Excess Policy Insurers' obligation to pay any settlement costs~~ any insurance coverage rights or obligations under the Excess Insurance Policies or any other insurance policies~~, or any overt or implicit coverage findings or determinations~~; and it is further

ORDERED that the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

3

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November ___, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

4