1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 08-13555 (JMP)

5  - - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  LEHMAN BROTHERS HOLDINGS INC., et al.,

9

10                 Debtors.

11

12  - - - - - - - - - - - - - - - - - - - - -x

13

14               U.S. Bankruptcy Court

15               One Bowling Green

16               New York, New York

17

18               October 27, 2011

19               10:03 AM

20

21

22  B E F O R E:

23  HON. JAMES M. PECK

24  U.S. BANKRUPTCY JUDGE

25

Page 2

1  HEARING re Debtors' Motion for Approval of that Certain

2  Settlement Among the Lehman Parties and the SunCal Parties [ECF

3  No. 21181]

4

5  HEARING re Debtors' One Hundred Eighteenth Omnibus Objection to

6  Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF

7  No. 15666]

8

9  HEARING re Debtors' Two Hundred Fourth Omnibus Objection to

10  Claims (No liability Derivatives Claims) [ECF No. 19920]

11

12  HEARING re Debtors' One Hundred Eighty-Fifth Omnibus Objection

13  to Claims (Compound Claims) [ECF No. 19714]

14

15  HEARING re Debtors' Two Hundred Fifth Omnibus Objection to

16  Claims (Insufficient Documentation Claims) [ECF No. 19936]

17

18  HEARING re Debtors' One Hundred Eighty-Sixth Omnibus Objection

19  to Claims (Misclassified Claims) [ECF No. 19816]

20

21  HEARING re Debtors' One Hundred Eighty-Seventh Omnibus

22  Objection to Claims (Misclassified Claims) [ECF No. 19817]

23

24  HEARING re Debtors' One Hundred Eighty-Eighth Omnibus Objection

25  to Claims (Duplicative LPS Claims) [ECF No. 19871]

Page 3

1    HEARING re Debtors' One Hundred Eighty-Ninth Omnibus Objection

2    to Claims (No Liability Repo Claims) [ECF No. 19870]

3

4    HEARING re Debtors' One Hundred Ninetieth Omnibus Objection to

5    Claims (No Liability Security Claims) [ECF No. 19873]

6

7    HEARING re Debtors' One Hundred Third Omnibus Objection to

8    Claims (Valued Derivative Claims) [ECF No. 15003]

9

10   HEARING re Debtors' One Hundred Thirty-Seven Omnibus Objection

11   to Claims (Valued Derivative Claims) [ECF No. 16860]

12

13   HEARING re Debtors' One Hundred Sixty-Second Omnibus Objection

14   to Claims (Valued Derivative Claims) [ECF No. 18405]

15

16   HEARING re Debtors' One Hundred Ninety-First Omnibus Objection

17   to Claims (Valued Derivative Claims) [ECF No. 19888]

18

19   HEARING re Debtors' One Hundred Eighty-Second Omnibus Objection

20   to Claims (Valued Derivative Claims) [ECF No. 19398]

21

22   HEARING re Debtors' One Hundred Fortieth Omnibus Objection to

23   Claims (Duplicative of Indenture Trustee Claims) [ECF No.

24   16853]

25

1    HEARING re Debtors' One Hundred Sixty-Ninth Omnibus Objection

2    to Claims (To Reclassify Proofs of Claim as Equity Interests)

3    [ECF No. 19387]

4

5    HEARING re Debtors' One Hundred Seventieth Omnibus Objection to

6    Claims (No Blocking Number LPS Claims) [ECF No. 19388]

7

8    HEARING re Debtors' One Hundred Ninety-Second Omnibus Objection

9    to Claims (Partially Settled Guarantee Claims) [ECF No. 19875]

10

11   HEARING re Debtors' One Hundred Ninety-Third Omnibus Objection

12   to Claims (Settled Derivative Claims) [ECF No. 19878]

13

14   HEARING re Debtors' One Hundred Ninety-Fourth Omnibus Objection

15   to Claims (Settled Derivatives Claims) [ECF No. 19879]

16

17   HEARING re Debtors' One Hundred Ninety-Fifth Omnibus Objection

18   to Claims (No Debtor Claims) [ECF No. 19880]

19

20   HEARING re Debtors' One Hundred Ninety-Sixth Omnibus Objection

21   to Claims (Inferred Debtor Claims) [ECF No. 19886]

22

23   HEARING re Debtors' One Hundred Ninety-Seventh Omnibus

24   Objection to Claims (To Reclassify Proofs of Claim as Equity

25   Interests) [ECF No. 19887]

Page 5

1    HEARING re Debtors' One Hundred Ninety-Eighth Omnibus Objection

2    to Claims (Late-Filed Claims) [ECF No. 19902]

3

4    HEARING re Debtors' One Hundred Ninety-Ninth Omnibus Objection

5    to Claims (No Liability Claims) [ECF No. 19903]

6

7    HEARING re Debtors' Two Hundredth Omnibus Objection to Claims

8    (No Liability Claims) [ECF No. 19921]

9

10   HEARING re Debtors' Two Hundred First Omnibus Objection to

11   Claims (Amended and Superseded Claims) [ECF No. 19927]

12

13   HEARING re Debtors' Two Hundred Second Omnibus Objection to

14   Claims (Duplicative Claims) [ECF No. 19928]

15

16   HEARING re Debtors' Two Hundred Third Omnibus Objection to

17   Claims (Duplicative of Indenture Trustee Claims) [ECF No.

18   19919]

19

20   HEARING re Debtors' Twenty-Eighth Omnibus Objection to Claims

21   (Valued Derivative Claims) [ECF No. 9983]

22

23   HEARING re Debtors' Thirty-Fourth Omnibus Objection to Claims

24   (Misclassified Claims) [ECF No. 10286]

25

Page 6

 1   HEARING re Debtors' Thirty-Fifth Omnibus Objection to Claims

 2   (Valued Derivative Claims) [ECF No. 11260]

 3

 4   HEARING re Debtors' Sixty-Third Omnibus Objection to Claims

 5   (Valued Derivative Claims) [ECF No. 11978]

 6

 7   HEARING re Debtors' Sixty-Seventh Omnibus Objection to Claims

 8   (Valued Derivative Claims) [ECF No. 12533]

 9

10   HEARING re Debtors' Seventy-First Omnibus Objection to Claims

11   (Valued Derivative Claims) [ECF No. 13230]

12

13   HEARING re Debtors' Eighty-Fourth Omnibus Objection to Claims

14   (Valued Derivative Claims) [ECF No. 13955]

15

16   HEARING re Debtors' Ninety-Second Omnibus Objection to Claims

17   (No Blocking Number LPS Claims) [ECF No. 14472]

18

19   HEARING re Debtors' Ninety-Fifth Omnibus Objection to Claims

20   (Valued Derivative Claims) [ECF No. 14490]

21

22   HEARING re Debtors' Ninety-Sixth Omnibus Objection to Claims

23   (Duplicative LPS Claims) [ECF No. 14491]

24

25

Page 7

1   HEARING re Debtors' Ninety-Seventh Omnibus Objection to Claims

2   (Insufficient Documentation) [ECF No. 14492]

3

4   HEARING re Debtors' One Hundred Tenth Omnibus Objection to

5   Claims (Pension Claims) [ECF No. 15010]

6

7   HEARING re Debtors' One Hundred Eleventh Omnibus Objection to

8   Claims (No Liability Claims) [ECF No. 15012]

9

10  HEARING re Debtors' One Hundred Twelfth Omnibus Objection to

11  Claims (Invalid Blocking Number LPS Claims) [ECF No. 15014

12

13  HEARING re Debtors' One Hundred Seventeenth Omnibus Objection

14  to Claims (No Liability Non-Debtor Employee Claims) [ECF No.

15  15363]

16

17  HEARING re Debtors' One Hundred Twentieth Omnibus Objection to

18  Claims (No Blocking LPS Claims) [ECF No. 16074]

19

20  HEARING re Debtors' One Hundred Twenty-First Omnibus Objection

21  to Claims (To Reclassify Proofs of Claim as an Equity Interest

22  [ECF No. 16075]

23

24  HEARING re Debtors' One Hundred Twenty-Second Omnibus Objection

25  to Claims (No Liability Claims) [ECF No. 16046]

Page 8

1    HEARING re Debtors' One Hundred Twenty-Fifth Omnibus Objection

2    to Claims (Insufficient Documentation) [ECF No. 16079]

3

4    HEARING re Debtors' One Hundred Twenty-Ninth Omnibus Objection

5    to Claims (No Liability Derivatives Claims) [ECF No. 16114]

6

7    HEARING re Debtors' One Hundred Thirtieth Omnibus Objection to

8    Claims (To Reclassify Proofs of Claim as Equity Interest) [ECF

9    No. 16115]

10

11   HEARING re Debtors' One Hundred Thirty-First Omnibus Objection

12   to Claims (To Reclassify Proofs of Claim as Equity Interest)

13   [ECF No. 16616]

14

15   HEARING re Debtors' One Hundred Thirty-Second Omnibus Objection

16   to Claims (Valued Derivative Claims) [ECF No. 16117]

17

18   HEARING re Debtors' One Hundred Thirty-Third Omnibus Objection

19   to Claims (To Reclassify Proofs of Claim as Equity Interest)

20   [ECF No. 16530]

21

22   HEARING re Debtors' One Hundred Thirty-Fourth Omnibus Objection

23   to Claims (To Reclassify Proofs of Claim as Equity Interest)

24   [ECF No. 16532]

25

1    HEARING re Debtors' One Hundred Thirty-Fifth Omnibus Objection

2    to Claims (To Reclassify Proofs of Claim as Equity Interest)

3    [ECF No. 16808]

4

5    HEARING re Debtors' One Hundred Thirty-Sixth Omnibus Objection

6    to Claims (Misclassified Claims) [ECF No. 16867]

7

8    HEARING re Debtors' One Hundred Thirty-Eighth Omnibus Objection

9    to Claims (No Liability Derivative Claims) [ECF No. 16865]

10

11   HEARING re Debtors' One Hundred Fifty-First Omnibus Objection

12   to Claims (No Liability Claims) [ECF No. 17478]

13

14   HEARING re Debtors' One Hundred Fifty-Fifth Omnibus Objection

15   to Claims (Valued Derivative Claims) [ECF No. 17468]

16

17   HEARING re Debtors' One Hundred Fifty-Sixth Omnibus Objection

18   to Claims (No Liability Derivatives Claims) [ECF No. 17469]

19

20   HEARING re Debtors' One Hundred Fifty-Eighth Omnibus Objection

21   to Claims (Late-Filed Claims) [ECF No. 18399]

22

23   HEARING re Debtors' One Hundred Fifty-Ninth Omnibus Objection

24   to Claims (Invalid Blocking Number LPS Claims) [ECF No. 18407]

25

Page 10

1    HEARING re Debtors' One Hundred Sixty-Third Omnibus Objection

2    to Claims (No Liability Derivatives Claims) [ECF No. 18409]

3

4    HEARING re Debtors' One Hundred Seventy-Third Omnibus Objection

5    to Claims (No Liability Employee Claims) [ECF No. 19399]

6

7    HEARING re Debtors' One Hundred Seventy-Fourth Omnibus

8    Objection to Claims (To Reclassify Proofs of Claim as Equity

9    Interests) [ECF No. 19390]

10

11   HEARING re Debtors' One Hundred Seventy-Fifth Omnibus Objection

12   to Claims (No Liability Pension Claims) [ECF No. 19391]

13

14   HEARING re Debtors' One Hundred Seventy-Sixth Omnibus Objection

15   to Claims (To Reclassify Proofs of Claim as Equity Interests)

16   [ECF No. 19392]

17

18   HEARING re Debtors' One Hundred Seventy-Seventh Omnibus

19   Objection to Claims (No Liability Non-Debtor Employee Claims)

20   [ECF No. 19393]

21

22   HEARING re Debtors' One Hundred Seventy-Eighth Omnibus

23   Objection to Claims (Misclassified Claims) [ECF No. 19377]

24

25

1    HEARING re Debtors' One Hundred Seventy-Ninth Omnibus Objection

2    to Claims (No Liability Derivatives Claims) [ECF No. 19378]

3

4    HEARING re Debtors' One Hundred Eightieth Omnibus Objection to

5    Claims (Invalid Blocking LPS Claims) [ECF No. 19396]

6

7    HEARING re Debtors' One Hundred Eighty-Third Omnibus Objection

8    to Claims (No Liability CMBS Claims) [ECF No. 19407]

9

10   HEARING re Debtors' One Hundred Eighty-Fourth Omnibus Objection

11   to Claims (Claims of Westernbank Puerto Rico) [ECF No. 19415]

12

13   HEARING re Debtors' Two Hundred Ninth Omnibus Objection to

14   Portions of Claim Nos. 29883 and 29879 filed By Citibank, N.A.

15   and Citigroup Global Market, Inc. [ECF No. 20030]

16

17   HEARING re Debtors' Objection to Proofs of Claim Filed by

18   2138747 Ontario Ltd. and 6785778 Canada Inc. (Claim Nos. 33583

19   and 33586) [ECF No. 18397]

20

21   HEARING re Symphony Asset Management LLC Motions to Deem Proof

22   of Claim Timely Filed [ECF No. 12074, 12075, 12076 and 12078]

23

24   HEARING re Debtors' Objection to Proof of Claim No. 23713 Filed

25   by PHH Mortgage Corporation [ECF No. 20080]

Page 12

1    HEARING re Debtors' Objection to Proof of Claim No. 66099 by

2    Syncora Guarantee, Inc. [ECF No. 20087]

3

4    HEARING re Debtors' Objection to Proof of Claim Number 29702

5    [ECF No. 20100]

6

7    HEARING re Motion of Caisse Des Depots Et Consignations to

8    Permit a Late-Filed Claim Against Lehman Brothers Special

9    Financing Inc. [ECF No. 18039]

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Zipporah Geralnik

Page 13

1

2    A P P E A R A N C E S :

3    WEIL, GOTSHAL & MANGES LLP

4         Attorneys for Debtors

5         767 Fifth Avenue

6         New York, NY 10153

7

8    BY:   MARK BERSTEIN, ESQ.

9          CHRISTINA M. TRAPANI, ESQ.

10

11

12   WEIL, GOTSHAL & MANGES LLP

13        Attorneys for Debtors

14        700 Louisiana, Suite 1600

15        Houston, TX  77002

16

17   BY:   ALFREDO R. PEREZ, ESQ.

18

19

20   WEIL, GOTSHAL & MANGES LLP

21        Attorneys for Debtors

22        200 Crescent Court, Suite 300

23        Dallas, TX 75201

24

25   BY:   ERIN D. ECKOLS, ESQ.

Page 14

1

2    MILBANK, TWEED, HADLEY & MCCLOY LLP

3          Attorneys for Official Committee

4          One Chase Manhattan Plaza

5          New York, NY  10005

6

7    BY:   BRADLEY SCOTT FRIEDMAN, ESQ.

8          DENNIS O'DONNELL, ESQ.

9

10

11   CHAPMAN & CUTLER, LLP

12          111 West Monroe Street

13          Chicago, IL 60603-4080

14

15   BY:   JAMES HEISER, ESQ. (TELEPHONICALLY)

16          FRANKLIN H. TOP, III, ESQ. (TELEPHONICALLY)

17

18

19   IRELL & MANELLA

20          Attorneys for Creditor, U.S. Bank

21          840 Newport Center Drive, Suite 400

22          Newport Beach, CA

23

24   BY:   ALAN J. FRIEDMAN, ESQ. (TELEPHONICALLY)

25

Page 15

COLEMAN LAW FIRM, P.C.

    Attorneys for Creditor, Frank Paris and Robert A.

    Schoellhorn Trust

    77 West Wacker Drive

    Chicago, IL 60601

BY:   STEVE JAKUBOWKI, ESQ. (TELEPHONICALLY)

STUTMAN TREISTER & GLATT

    Attorneys for Creditor, Elliot

    1901 Avenue of the Stars, 12th Floor

    Los Angeles, California 90067

BY:   MICHAEL NEUMEISTER, ESQ. (TELEPHONICALLY)

ALSO PRESENT TELEPHONICALLY:

ANATOLY BUSHLER, Farallon Capital Management

MICHAEL COLLINS, In Pro Per/Pro Se

LEHMAN BROTHERS HOLDINGS INC., et al.

1                      P R O C E E D I N G S

2              THE COURT:  Good morning.  Be seated, please.  Mr.

3      Perez, I think you're probably up first.

4              MR. PEREZ:  Yes, Your Honor.  I never actually thought

5      I'd be here with this motion, Your Honor, but I'm happy to

6      report that after, you know, month and months and months of

7      effort, that we finally settled the SunCal matter, Your Honor.

8      I set forth in connection with the motion in my affidavit, kind

9      of the key points.  Mr. Brusco, who is the lead business

10     person, Mr. Olshan, the lead lawyer in-house, are here if the

11     Court has any questions.

12             As the Court is well aware, this has been before the

13     Court many times.  This has been a matter of extensive

14     litigation.  The plans in the SunCal case were set for hearing

15     starting on Monday and over the weekend the matter settled,

16     that's why we filed the motion to get it approved on an

17     expedited basis and we thank the Court for granting that.  The

18     hearings proceeded and the plans -- fourteen of the seventeen

19     plans were actually confirmed and so, in order to implement the

20     settlement, we need your approval.

21             There are three plans that are still outstanding that

22     there are negotiations going on with non-SunCal creditors,

23     other parties involved.  And then it's subject to definitive

24     documentation, which, if it's not done by November 30th, is

25     subject to binding arbitration by Judge Weinstein.  So we have

1    a mechanism to actually, fully implement it.

2           But Your Honor, in essence, the plans provide for --

3    well, the transaction provides that we'll exchange mutual

4    releases.  They'll be some consideration given to the Sun Cal

5    claimants including a three million dollar payment.  The -- in

6    essence, walking away from an interim loan that was made and

7    then giving them the option to purchase two properties for

8    values which we think are very good values for us.

9           The whole matter -- pretty much, ninety-five percent

10   of it and almost all the value -- is resolved in this.  There

11   is one sliver of SunCal involving a property called Patpoint

12   (ph.) that is not included in the settlement.  Currently,

13   Patpoint -- the lead lender on Patpoint is Lehman Re, not these

14   estates.  And so that's going to be the subject of additional

15   negotiation.  Hopefully, we'll get that resolved but it's

16   not -- it's not one hundred percent tied up right now but

17   probably about ninety-five percent tied up.

18          But, Your Honor --

19          THE COURT:  Does that mean there's a five percent

20   chance I'm going to see you again on this?

21          MR. PEREZ:  Only with respect to Patpoint, Your Honor,

22   if we can't -- if we can't -- only with respect to Patpoint if

23   we can't resolve it.  And I think we will.  But right now, the

24   loan is with Lehman Re, it's not with the estate.  To eighty-

25   five -- eighty-five percent of the loan is with Lehman Re, not

Page 18

1    with the estate.  So we're trying to -- we're trying to do a

2    resolution -- a consensual resolution on that but it's just --

3    it wasn't within our control --

4                THE COURT:  Okay.

5                MR. PEREZ:  -- in order to settle it.

6                THE COURT:  So what you're seeking today is approval

7    of that part of the case which has been fully buttoned up by

8    agreement.

9                MR. PEREZ:  Exactly, Your Honor.

10               THE COURT:  Okay.

11               MR. PEREZ:  And Your Honor, basically, what's happened

12   is, we've gone forward with our plans and we've provided the

13   SunCal debtors some additional consideration -- the three

14   million dollars, the ability to purchase those two assets,

15   releases and we're getting releases as well.  And it's hope --

16   and if we'd accomplished this a long time ago, it would have

17   been better but we finally got it done, I guess, on the eve of

18   the confirmation hearing.

19               THE COURT:  The Court has steps.

20               MR. PEREZ:  Yes.  Exactly, Your Honor.  Over the

21   weekend.

22               THE COURT:  Okay.  That sounds fine.  Does the

23   creditors' committee have a perspective on this?

24               MR. O'DONNELL:  Your Honor, Dennis O'Donnell, Milbank

25   Tweed, Hadley & McCloy on behalf of the committee.  Your Honor,

1   we've been involved in this every step of the way.  Painfully

2   so.  It's been a -- as Mr. Perez said -- a very long,

3   acrimonious process before Judge Smith in the Central District

4   and didn't look like there was any end in sight.  We have been

5   an advocate of a settlement here for some time and, in fact, I

6   think the settlement that is on the table is very similar to

7   one that was almost done back in January, pursuant to

8   arbitration with Judge Weinstein.

9           It took another six or seven months of litigation to

10  get everyone back to the table just before confirmation but the

11  committee has been on board with the concept of this settlement

12  for some time and has fully signed off on the terms as

13  ultimately agreed to.

14          THE COURT:  Okay.  Well, thank you.  Notice is short

15  but this is obviously a settlement that's in the best interest

16  of the Lehman estate and its creditors and probably should have

17  been developed earlier in the process, thereby saving time and

18  expense.  But we are where we are.  It isn't often that a

19  matter such as this ends up both in the Ninth Circuit and in

20  the Second Circuit pending the developments that lead to a

21  final settlement.  And I'm very conscious of how burdensome

22  this bicoastal dispute has been, not only on the parties but

23  also on the courts.

24          So I'm please to approve the settlement and wish you

25  well with the remaining unresolved five percent.

08-13555-mg   Doc 21498   Filed 10/28/11   Entered 11/02/11 09:52:24   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 20 of 44

Page 20

1          MR. PEREZ:  Thank you, Your Honor.  Appreciate it.

2     Mr. Bernstein has the order which he'll present at the end of

3     it.  May I be excused, Your Honor?

4          THE COURT:  You may be excused.

5          MR. PEREZ:  Thank you.

6          MR. BERNSTEIN:  Good morning, Your Honor.  Mark

7     Bernstein from Weil Gotshal on behalf of the Lehman Chapter 11

8     debtors.   The remaining of the agenda today is an uncontested

9     claims hearing.  There's a number of items and we'll take them

10    in order as they are on the agenda.

11         THE COURT:  Fine.

12         MR. BERNSTEIN:  Okay.  The first item on the agenda is

13    the 118th the omnibus objection.  This is a carryover item from

14    a prior claims hearing.  The debtors had extended the objection

15    deadline for one particular claimant -- I'm sorry, for a few

16    particular claimants.  That deadline has passes; those

17    claimants have not filed responses.  This objection seeks to

18    reclassify claims that are filed based on restricted stock

19    units as equity as that is what they're entitled to under --

20    under restricted stock units.

21         As I said, there are no responses for these particular

22    creditors who are going forward on uncontested basis and

23    respectfully request Your Honor to grant the 118th omnibus

24    claims objection.

25         THE COURT:  It's approved on an uncontested basis.

1          MR. BERNSTEIN:  Thank you, Your Honor.  Item number 3

2     is the 204th omnibus objection to claims which relates to

3     derivative contracts for which the debtors believe they do not

4     have any liability or may be owed money by the counterparties.

5     The -- any responses that were filed based on this objection

6     have been adjourned and debtors are working to resolve those

7     and this is going forward on the uncontested basis as well and

8     debtors request that those claims be expunged pursuant to the

9     204th omnibus objection.

10          THE COURT:  The 204th omnibus objection is approved on

11     an uncontested basis.

12          MR. BERNSTEIN:  Thank you, Your Honor.  Item number 4

13     on the agenda is the 185th omnibus objection to claims.  The

14     claims on this objection are claims mostly of former employees

15     of Lehman that are based on one or more of the following:

16     either restricted stock units, deferred compensation plans,

17     pension obligations, 401k or equity held by these former

18     employees.

19          To the extent the claims are based on RSUs or equity,

20     the debtors are seeking to reclassify that portion of the claim

21     as equity.  Claims against LBHI, and to the extent the claims

22     are based on deferred compensation, pension or other

23     obligations, the debtors assert that those are not obligations

24     to LBHI but are rather obligations of LBI and none of the

25     debtors have any liability for those obligations.  Again, any

Page 22

1    responses we received have been adjourned and we're going

2    forward on an uncontested basis and respectfully request Your

3    Honor grant the 185th omnibus objection.

4            THE COURT:  The 185th omnibus objection to claims is

5    approved on an uncontested basis.

6            MR. BERNSTEIN:  Thank you, Your Honor.  Number 5 on

7    the agenda is the 205th omnibus objection.  This seeks to

8    expunge claims that were filed by former employees on the

9    grounds that they were not filed with sufficient documentation

10   for the debtors to be able to determine the nature f the claim.

11   For example, the claims may have just been filed with a number

12   on the proof of claim form but don't assert anywhere what that

13   claim is for and don't attach any documentation.  The debtors

14   are unable to evaluate the validity of those claims.

15           To the extent that some of these parties have reached

16   out to the debtors following the objection and either -- and

17   provided supporting documentation or amended their claim, the

18   debtors have deemed those to be valid amendments to the proof

19   of claim and have withdrawn the objections as to those parties.

20   For all other parties, the debtors are going forward on an

21   uncontested basis and respectfully respect Your Honor grant the

22   objection.

23           THE COURT:  The objection is granted on an uncontested

24   basis.

25           MR. BERNSTEIN:  Thank you, Your Honor.  The next two

Page 23

1   item, number 6 and number 7, are identical objections so I'll

2   take them together.  The 186th and 187th omnibus objections

3   seek to reclassify certain claims that were filed as secured

4   claims as unsecured claims against the debtors.  In most of the

5   cases of the claims on these objections, the parties merely

6   reserved a right to assert setoff in the future but didn't

7   actually assert any setoff or any amounts that were actually

8   owed by the m to the debtors.

9        The debtors are not seeking to affect anybody's valid

10  right to setoff to the extent they do have them in the future

11  and we have assured certain parties of that and added certain

12  language to the orders to make that clear.  I have a blackline

13  of the order I can hand up to Your Honor with the additional

14  language if --

15       THE COURT:  I'd like to see that.

16       MR. BERNSTEIN:  Thank you.

17       THE COURT:  Thank you.

18       MR. BERNSTEIN:  If I can point you to the bottom

19  paragraph on page 2, this makes clear that the order has no res

20  judicata, estoppel or other affect on any valid right to

21  setoff, netting or recoupment in connection with any of the

22  claims that are going forward on this order and that all such

23  right, if any, of setoff, netting and a recoupment and all

24  defenses thereto, are preserved.  To the extent any parties

25  seek to assert setoff in the future, those -- their rights will

Page 24

1    be evaluated on their own merits at the time.

2         There were some other responses that we were unable to

3    resolve and we have adjourned those to a future date and this

4    is going forward on an uncontested basis as well for all

5    claims.

6         THE COURT:  And the language that you've blacklined in

7    acceptable to the parties listed on Exhibit 1?

8         MR. BERNSTEIN:  Correct.  That's correct.

9         THE COURT:  Fine.  This is acceptable and I'll enter

10   such an order approving items 6 and 7.

11        MR. BERNSTEIN:  Thank you, Your Honor. Item number 8

12   is the 188th omnibus objection.  This related to duplicate

13   claims that were filed based on Lehman Program Securities.  For

14   the Lehman Program Securities, the bar date order, as you may

15   recall, had alternative claim filing procedures and authorized

16   either the beneficial holder or sometimes the record holder to

17   file claims based on these securities and sometimes both

18   parties did, in fact, do so.

19        This is -- this objection is just seeking to eliminate

20   the duplicate claims and is going forward on an uncontested

21   basis as well.  To the extent that any of the  parties

22   contacted us after the seeing the objection and they had

23   select -- they wanted one claim to survive as opposed to the

24   other claim, we have worked with hose parties to allow that and

25   as a result this is going forward uncontested and respectfully

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 25

1    request Your Honor grant the 188th omnibus objection.

2            THE COURT:  188th omnibus objection is approved on an

3    uncontested basis.

4            MR. BERNSTEIN:  Thank you, Your Honor.  Item number 9

5    is the 189th omnibus objection.  This relates to certain claims

6    that were filed against Lehman Commercial Paper Inc. relating

7    to certain repurchase agreements.  The repurchase agreements

8    subject to those claims were purchase agreements between a

9    counter party and LCPI and LBI.  However, pursuant to the terms

10   of the repurchase agreement, the master repurchase agreement,

11   every time they wanted to do a transaction the parties would

12   enter into a confirmation which would identify the specific

13   debtor that was party to that portion of the repurchase

14   agreement.

15           The confirmations that were entered into relating to

16   the repurchase agreements and that relate to the claims on this

17   omnibus objection, were all entered into by LBI and none of

18   them were entered into by LCPI and, as a result, LCPI, under

19   the terms of the repurchase agreement, has no obligations under

20   those -- for those transactions.  This, again, is going forward

21   on an uncontested basis only and respectfully request Your

22   Honor grant the 189th omnibus objection.

23           THE COURT:  189th omnibus objection is granted on an

24   uncontested basis.

25           MR. BERNSTEIN:  Thank you, Your Honor.  The 190th

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 26

1    omnibus objection is item number 10.  This relates to certain

2    claims that were filed against LCPI or LBHI based on securities

3    that are not issued by any of the debtors and for which the

4    debtors have no liability.  The securities are issued either by

5    other trusts or other nondebtor entities that are not

6    guaranteed by the debtors and, in some cases, the securities

7    have, in fact, already been paid in full.

8         As a result, the debtors are seeking to expunge those

9    claims and this, again, is going forward on an uncontested

10   basis.  There was one response that has been adjourned to a

11   later date and respect -- as a result, we respectfully request

12   Your Honor grant the 190th omnibus objection on an uncontested

13   basis.

14        THE COURT:  The 190th omnibus objection to claims is

15   granted on an uncontested basis.

16        MR. BERNSTEIN:  Thank you, Your Honor.  At this point

17   I am going to turn the podium over to one of my colleagues to

18   handle the next items on the agenda.

19        THE COURT:  All right.  Thank you.

20        MS. TRAPANI:  Good morning, Your Honor.  My name is

21   Christina Trapani at Weil Gotshal, here on behalf of the

22   debtors.  I will be addressing uncontested agenda items 11

23   through 15.  Each of the  omnibus objections in these items

24   seek to reduce, reclassify in some instances and allow value

25   derivative claims on a nonconsensual basis.  Each of these

Page 27

1    omnibus objections are going forward today uncontested.

2         So turning to agenda item number 11 for the 103rd

3    omnibus objection.  Since the original claims hearing on April

4    28th, 2011, debtors have successfully settled two additional

5    claims from the 103rd omnibus objection filed by the

6    counterpart, Nordic Investment Bank.  Counsel for Nordic

7    Investment Bank has agreed that debtors should proceed with

8    these settles claims on an uncontested basis at today's

9    hearing.

10        We therefore respectfully request that Your Honor

11   grant the proposed court supplemental order on debtors' 103rd

12   omnibus objection, reducing and allowing these claims to the

13   settled amounts.

14        THE COURT:  Yes, I will grant that relief.

15        MS. TRAPANI:  Thank you, Your Honor.  With respect to

16   agenda item number 12, the estate recently settled four claims

17   on the 137th omnibus objection with the counterparties,

18   Stonehill Institutional Partners LP and Stonehill Offshore

19   Partners Ltd.  The parties agreed that these matters would go

20   forward at today's hearing on an uncontested basis and that

21   these four claims would be reduced and allowed in the settled

22   amount.

23        We therefore respectfully request that Your Honor

24   grant the supplemental order on debtors' 137th omnibus

25   objection reducing and allowing these claims in the settles

Page 28

1    amounts as set forth on the proposed order.

2         THE COURT:  I will grant you that relief with respect

3    to the agreed treatment of the Stonehill party's claims.

4         MS. TRAPANI:  Thank you, Your Honor.  With respect to

5    agenda item number 13, 162nd omnibus objection.  Since the

6    original Claims hearing on August 25th, 20011, two additional

7    counterparties, Wells Fargo Bank National Association as

8    trustee for the structured adjustable rate mortgage loan trust

9    series 2008-1 and Wells Fargo Bank National Association as

10   trustee for the Lehman mortgage pass-through certificates

11   series 2007-5 supplemental interest trust, have failed to

12   filed, in response, the 162nd omnibus objection.  And we have a

13   proposed supplemental order reducing and allowing these claims

14   in the modified amounts.

15        We therefore respectfully request that Your Honor

16   grant the proposed supplemental order on debtors' 162nd omnibus

17   objection reducing and allowing these four claims.

18        THE COURT:  I will grant a supplemental order with

19   respect to the claims you've just described.

20        MS. TRAPANI:  Thank you, Your Honor.  With respect to

21   agenda item number 15, the estate recently settled one claim on

22   the 182nd omnibus objection with the counterparty Pulsar

23   Reinsurance Ltd.  Counsel for the counterpart has agreed the

24   debtors should proceed with the settled claim on an uncontested

25   basis at today's hearing.

Page 29

1          We therefore respectfully request that Your Honor

2    grant the proposed supplemental order on debtors' 182nd omnibus

3    objection reducing, reclassifying and allowing this claim.

4          THE COURT:  Well, if -- I'm a little lost because I

5    thought we skipped number 14.  You're not dealing with number

6    14?

7          MS. TRAPANI:  There -- the two numbers are out of

8    order.  So 14 should have been the 182nd and 15 should be the

9    191st.

10          THE COURT:  Okay.  Well, that's not how it appears on

11    my agenda so.  If this is a test to make sure that I'm awake,

12    I'm awake.  But I think, in the future, we should try to make

13    sure that what I have matches what you have.

14          MS. TRAPANI:  Number 15 on the draft you have, does

15    it -- isn't that the 182nd?

16          THE COURT:  The 15th is 182nd but --

17          MS. TRAPANI:  Right.

18          THE COURT:  Unless I missed something, you skipped

19    over 14.

20          MS. TRAPANI:  Because that's the 191st.  14 should

21    have been the 182nd.  15 should be 191st.

22          THE COURT:  All right.  Let's -- let me be really

23    clear as to what relief you seek with respect to which items so

24    that there's no mistake in the record.  What item are we

25    dealing with and what relief do you seek?

08-13555-mg    Doc 21498    Filed 10/28/11    Entered 11/02/11 09:52:24    Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 30 of 44

Page 30

1          MS. TRAPANI:  For item number 15, I am seeking to have

2     the proposed supplemental order on debtors' 182nd omnibus

3     objection reducing, reclassifying and allowing the claim of

4     Pulsar Reinsurance Ltd.

5          THE COURT:  Okay.  You can have that relief.  What

6     happened to item 14?

7          MS. TRAPANI:  I'm going to item 14 now.

8          THE COURT:  My point -- in the future, it would be

9     helpful -- and this is to everybody on your side.  There are a

10    lot of items here to be responsible for and you're breaking it

11    up in ways that are appropriate to managing a very complicated

12    task but, for me to follow it, it's not particularly helpful if

13    you jump around.  So, in the future, please make sure the

14    agenda that I have corresponds with the order of your

15    presentation.  Otherwise, you create confusion not only for me

16    but in the record.

17         MS. TRAPANI:  Yes, Your Honor.  Turning back now to

18    agenda item number 14, the 191st omnibus objection.  Your

19    Honor, the debtors are seeking to reduce and allow eight claims

20    relating to six counterparties, all of which did not file a

21    response to the 191st omnibus objection.  There are eight

22    remaining claims named in the 191st omnibus objection which

23    belong to four counterparties.  These counterparties either

24    filed timely responses to the 191st omnibus objection or were

25    granted extensions to the response deadline by debtors.

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 31

1          Settlement discussions have begun with a number of

2     these counterparties.  Debtors respectfully request that this

3     Court adjourn the hearing as to these eight claims to November

4     30th, 2011 so that debtors may try to resolve these claims with

5     the counterparties.  We have a proposed order for both the

6     reductions and adjournments for Your Honor and respectfully

7     request that Your Honor grant debtors' 191st omnibus objection

8     reducing and allowing the eight claims for which debtors

9     received no response and adjourning the balance of the claims.

10          THE COURT:  I'll grant that relief.

11          MS. TRAPANI:  Thank you, Your Honor.  If there are no

12     questions, I will turn the podium back over to my colleagues.

13          THE COURT:  All right.

14          MS. ECKOLS:  Good morning, Your Honor.  Erin Eckols

15     with Weil Gotshal for the debtors.  I'm going to be handling

16     uncontested agenda items 16 through 30 today.  Taking up agenda

17     item 16 first, that is a carryover item from the debtors' 140th

18     omnibus objection that sought to disallow and expunge

19     individual security holders claims as being duplicative of

20     claims filed by Wilmington Trust, Bank of New York Mellon

21     and/or U.S. Bank in their capacity as indentured trustees.

22          Today we are proceeding as to claim 3802 of Robert

23     Franz.  Ms. Franz filed a response opposing the debtors'

24     objection and that response has been resolved.  The securities

25     held by Mr. Franz are duplicative of those claimed by

Page 32

```
 1    Wilmington Trust in its claim 10082 and U.S. Bank in its claim
 2    30871.  Counsel for Mr. Franz informed the debtors that they no
 3    longer oppose the 140th omnibus objection.  Your Honor, as Mr.
 4    Franz's response to the 140th omni has been resolved, the
 5    debtors respectfully request that the Court grant the objection
 6    as to Mr. Franz's claim 3802.
 7             THE COURT:  The objection is granted as to his claim.
 8             MS. ECKOLS:  Thank you, Your Honor.  Moving to agenda
 9    item 17.  Your Honor, this is a carryover item from the debtors
10    169th omnibus objection that was heard at the October 5th
11    claims hearing.  The 169th omnibus objection seeks to
12    reclassify as equity interests, proofs of claim that are based
13    on ownership of stock in the debtors.
14             Today we are proceeding as to Banque Safdie's claim
15    33557.  Banque Safdie was given an extension of its response
16    deadline to October 13th in an adjournment to this hearing.  It
17    did not file a response opposing the objection.  Accordingly,
18    the debtors are proceeding uncontested and respectfully request
19    that the Court grant the 169th omnibus objection as to Banque
20    Safdie's claim.
21             THE COURT:  The 169th omnibus objection is granted as
22    to that claim.
23             MS. ECKOLS:  Your Honor, moving to agenda item 18,
24    this is a carryover item from the debtor's 170th omnibus
25    objection that was also heard at the October 5th claims
```

08-13555-mg   Doc 21498   Filed 10/28/11   Entered 11/02/11 09:52:24   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 33 of 44

Page 33

1      hearing.  The 170th omni seeks to disallow and expunge claims

2      for Lehman Program securities that did not include the required

3      blocking number.

4              Today we are proceeding as to Banque Safdie's claim

5      65272.  Banque Safdie was given an extension of its response

6      deadline to October 13th in an adjournment to this hearing.  It

7      did not file a response opposing the objection.  Accordingly,

8      the debtors are proceeding uncontested and respectfully request

9      that the Court grant the 170th omnibus objection as to Banque

10     Safdie's claim.

11             THE COURT:  The 170th omnibus objection is granted as

12     to that claim.

13             MS. ECKOLS:  Thank you, Your Honor.  Moving to agenda

14     item 19, this is the debtors' 192nd omnibus objection.  It

15     seeks to bifurcate derivative claims that have been partially

16     settled into an allowed portion and an unresolved portion.  The

17     claims assert, in part, guarantee claims against LBHI for

18     derivatives contracts that the relevant counterparty entered

19     into with LBSF.  The parties entered into settlement agreements

20     resolving the guarantee portion of each claim.  The remainder

21     of each claim has not been settled.

22             The portion of the claim being proposed to be allowed

23     reflects the classification and amount that has been agreed to

24     by the parties.  As to the unresolved portion of the claims,

25     the debtors are reserving their rights to object to those

Page 34

1    portions in the future.  The debtors have adjourned one claim

2    on the 192nd omnibus objection but are proceeding uncontested

3    as to the balance of the claims.  Accordingly, the debtors

4    respectfully request that the Court grant the 192nd omnibus

5    objection.

6         THE COURT:  192nd omnibus objection to claims is

7    granted on an uncontested basis.

8         MS. ECKOLS:  Moving to agenda item number 20.  That is

9    the debtors' 193rd omnibus objection.  It seeks to disallow and

10   expunge claims that violate this Court's bar date order.

11   Excuse me.  I'm going to actually back up.  It actually seeks

12   the modification and allowance of claims for which the parties

13   have reached an agreement with respect to the claim amount,

14   classification and/or debtor entity that is not reflected on

15   the claimant's proof of claim.

16        That's correct.  Omnibus objection is seeking to

17   modify those claims to conform to the parties' agreement.  The

18   debtors did not receive any responses to this objection.

19   Accordingly, the debtors are proceeding on an uncontested basis

20   as to all claims on the objection and respectfully request that

21   the Court grant the 193rd omnibus objection.

22        THE COURT:  The 193rd omnibus objection to claims is

23   granted.

24        MS. ECKOLS:  Moving to agenda item 21, this is the

25   debtors' 194th omnibus objection to claims.  It seeks the

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 35

1    disallowance and expungement of derivative claims that have

2    been settled between the parties such that the debtors have no

3    liability for those claims.  The omnibus objection is seeking

4    to expunge those derivative claims to effectuate the parties'

5    agreement.  The debtors did not receive any responses to the

6    objection and are moving on an uncontested basis as to all

7    claims on it.

8         Accordingly, the debtors respectfully request that the

9    Court grant the debtors' 194th omnibus objection.

10        THE COURT:  The 194th omnibus objection is granted.

11        MS. ECKOLS:  Moving to agenda item 22.  This is the

12   debtors' 195th omnibus objection to claims.  It seeks to

13   disallow and expunge claims that violated this Court's bar date

14   order by failing to identify the debtor or case number against

15   which the claim is asserted.  The debtors reviewed the claims

16   and they do not contain sufficient information from which the

17   debtors can determine what entity the claimant is seeking to

18   assert its claim against.

19        The debtors received nine formal responses and several

20   informal responses in which claimants supplied the name of the

21   debtor against which they were asserting their claim.  All of

22   the formal and informal responses have been resolved by the

23   debtors agreeing to withdraw the objection as to those claims

24   and the debtors will request that the claims agent docket those

25   claims accordingly.

08-13555-mg   Doc 21498   Filed 10/28/11   Entered 11/02/11 09:52:24   Main Document
LEHMAN BROTHERS HOLDINGS INC., et al.
Pg 36 of 44

Page 36

1          The debtors are proceeding on an uncontested basis as

2    to the remainder of the claims and respectfully request that

3    the Court grant the debtors' 195th omnibus objection.

4          THE COURT:  The 195th omnibus objection is granted on

5    an uncontested basis.

6          MS. ECKOLS:  Moving to agenda item 23.  That's the

7    debtor's 196th omnibus objection.  It seeks the modification of

8    certain claims to have them docketed as asserted against a

9    particular debtor.  These claims did not identify the debtor or

10   case number on the face of the proof of claim and thus were

11   docketed on the claims register as having no debtor or case

12   name asserted.

13          Unlike the claims in the 195th omnibus objection that

14   we just discussed, these claims contain sufficient information

15   from which the debtors could infer what entity the claimant was

16   intending to assert its claim against.  For example, several

17   claims did not have the debtor identified on the face of the

18   proof of claim but the claims included written summaries or

19   supporting documentation that identified the debtor entity.

20          Through this objection, the debtors seek to have the

21   claims docketed against the debtor that it appears the claimant

22   was attempting to assert a claim against.  The debtors received

23   three formal responses; one from John Goodridge, one from The

24   McGraw-Hill Companies and one from RGM Trading International

25   Limited.  The response of John Goodridge, Your Honor, it occurs

1    that Mr. Goodridge's response is not on the docket.  I have a

2    copy of that response for Your Honor, if I may approach.

3            THE COURT:  You may.  Thank you.

4            MS. ECKOLS:  In his response, Mr. Goodridge states

5    that he does not oppose the 196th omnibus objection and thus we

6    are proceeding uncontested as to his claim.

7            As to the response of the McGraw-Hill Companies,

8    McGraw-Hill opposed on the basis that its claim should be

9    docketed as asserted against LBHI instead of Lehman Brothers

10   Special Finance, as proposed in the objection.  The debtors

11   spoke with McGraw-Hill's representative and agreed to have said

12   claim docketed as against LBHI which resolved McGraw-Hill's

13   response.

14           Taking the response of RGM Trading International

15   Limited, RGM Trading's response was simply a statement that it

16   did not oppose the 196th omnibus objection and that it did, in

17   fact, intend to assert its claim against LBHI as the debtors

18   inferred.

19           Accordingly, the debtors are proceeding on an

20   uncontested basis as to all the claims on the 196th omnibus

21   objection and respectfully request that the Court grant it.

22           THE COURT:  The 196th omnibus objection is granted on

23   an uncontested basis.

24           MS. ECKOLS:  Thank you, Your Honor.  Taking agenda

25   item 24 which is the debtors' 197th omnibus objection.  It

1    seeks to reclassify as equity interest, proofs of claim based

2    on the ownership of stock in the debtors.  Because stock is an

3    equity security under the Bankruptcy Code, the holders of the

4    stock claims are equity security holders with interests in but

5    not claims against the debtors.

6          The debtors did not receive any responses to this

7    objection and are proceeding uncontested as to all claims on

8    it.  Accordingly, the debtors respectfully request that the

9    Court grant the 197th omnibus objection.

10          THE COURT:  The 197th omnibus objection is granted.

11          MS. ECKOLS:  Moving to agenda item 25.  That is the

12    debtors' 198th omnibus objection.  It seeks to disallow and

13    expunge claims that were filed after the applicable bar date.

14    The debtors are adjourning the objection as to three of the

15    claims and are withdrawing the objection as to another.

16          The debtors are proceeding on an uncontested basis as

17    to the remainder of the claims and respectfully request that

18    the Court grant the 198th omnibus objection.

19          THE COURT:  The 198th omnibus objection is granted on

20    an uncontested basis.

21          MS. ECKOLS:  Moving to agenda item 26.  This is the

22    debtors' 199th omnibus objection.  It seeks to disallow and

23    expunge claims for which the asserted debtor does not have

24    liability.  The debtors received eleven responses covering

25    sixteen claims.  Those claims have been adjourned while the

LEHMAN BROTHERS HOLDINGS INC., et al.

Page 39

1   parties discuss possible resolution.  Today the debtors are

2   proceeding uncontested as to the remainder of the claims on the

3   objection.

4           Accordingly, the debtors respectfully request that the

5   Court grant the 199th omnibus objection.

6           THE COURT:  The 199th omnibus objection is granted on

7   an uncontested basis.

8           MS. ECKOLS:  Thank you, Your Honor.  Agenda item 27.

9   This is the debtors' 200th omnibus objection.  It seeks to

10  disallow and expunge claims for which the debtors have no

11  liability.  These claims either state on their face that they

12  are against an entity that is not a debtor in these Chapter 11

13  proceeding and/or the supporting documentation establishes that

14  the claim is against a nondebtor entity.

15          All responses have been adjourned. In fact, a total of

16  five claims on the objection have been adjourned.  The debtors

17  are proceeding today as to the balance of the claims on an

18  uncontested basis and respectfully request that the Court grant

19  the 200th omnibus objection.

20          THE COURT:  The 200th omnibus objection is granted on

21  an uncontested basis.

22          MS. ECKOLS:  Moving to agenda item 28.  This is the

23  debtors' 201st omnibus objection.  It seeks to disallow and

24  expunge claims that were amended and superseded by subsequently

25  filed claims.  Subsequent to the objection being filed, one of

1    the claims on the objection was withdrawn by the claimant and

2    thus the debtors are withdrawing the objection as to that

3    claim.

4         The debtors are proceeding on an uncontested basis as

5    to the remainder of the claims and respectfully request that

6    the Court grant the 201st omnibus objection.

7         THE COURT:  The 201st omnibus objection to claims is

8    granted.

9         MS. ECKOLS:  Moving to agenda item 29.  That's the

10   debtors' 202nd omnibus objection.  The 202nd omnibus objection

11   seeks to disallow and expunge claims that are duplicative,

12   either exactly or in substance of other claims filed byte h

13   same claimant on the claims register.  The debtors have

14   withdrawn the objection as to three claims but are proceeding

15   as to the balance on an uncontested basis.

16        Accordingly, the debtors respectfully request that the

17   Court grant the 202nd omnibus objection.

18        THE COURT:  The 202nd omnibus objection to claims is

19   granted.

20        MS. ECKOLS:  Your Honor, moving to agenda item number

21   30, this is the debtors 203rd omnibus objection.  It seeks to

22   disallow and expunge individual noteholder claims that are

23   duplicative of the claims filed by Wilmington Trust, Bank of

24   New York Mellon and/or U.S. Bank as indentured trustee for

25   certain noted and debentures.

1      The debtors received one response that they have

2   adjourned so that the parties can attempt to consensual

3   resolution.  The debtors are proceeding uncontested as to the

4   balance of the claims on the objection.  Accordingly, the

5   debtors respectfully request that the Court grant the 203rd

6   omnibus objection.

7          THE COURT:  The 203rd omnibus objection is granted.

8          MS. ECKOLS:  Thank you, Your Honor.  And that is all

9   the items we have on the agenda today.

10          THE COURT:  Fine. I'll see you next time.  We are

11   adjourned.

12      (Whereupon these proceedings were concluded at 10:37 AM)

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 42

**I N D E X**

**RULINGS**

| | Page | Line |
|---|---|---|
| Motion for approval of SunCal settlement is granted | 19 | 24 |
| 118th omnibus objection is granted | 20 | 25 |
| 204th omnibus objection is granted | 21 | 10 |
| 185th omnibus objection is granted | 22 | 4 |
| 205th omnibus objection is granted | 22 | 23 |
| 186th omnibus objection is granted | 24 | 9 |
| 187th omnibus objection is granted | 24 | 9 |
| 188th omnibus objection is granted | 25 | 2 |
| 189th omnibus objection is granted | 25 | 23 |
| 190th omnibus objection is granted | 26 | 14 |
| 103rd omnibus objection is granted | 27 | 14 |
| 137th omnibus objection is granted | 28 | 2 |
| 162nd omnibus objection is granted | 28 | 18 |
| 182nd omnibus objection is granted | 30 | 5 |
| 191st omnibus objection is granted | 31 | 10 |
| 140th omnibus objection is granted | 32 | 7 |
| 169th omnibus objection is granted | 32 | 21 |
| 170th omnibus objection is granted | 33 | 11 |
| 192nd omnibus objection is granted | 34 | 6 |

Page 43

| | | | |
|---|---|---|---|
| 1 | 193rd omnibus objection is granted | 34 | 22 |
| 2 | 194th omnibus objection is granted | 35 | 10 |
| 3 | 195th omnibus objection is granted | 36 | 4 |
| 4 | 196th omnibus objection is granted | 37 | 22 |
| 5 | 197th omnibus objection is granted | 38 | 10 |
| 6 | 198th omnibus objection is granted | 38 | 19 |
| 7 | 199th omnibus objection is granted | 39 | 6 |
| 8 | 200th omnibus objection is granted | 39 | 20 |
| 9 | 201st omnibus objection is granted | 40 | 7 |
| 10 | 202nd omnibus objection is granted | 40 | 18 |
| 11 | 203rd omnibus objection is granted | 41 | 7 |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |

1

2                        C E R T I F I C A T I O N

3

4     I, Zipporah Geralnik, certify that the foregoing transcript is

5     a true and accurate record of the proceedings.

6

7     Zipporah            Digitally signed by Zipporah
                          Geralnik
      Geralnik            DN: cn=Zipporah Geralnik, c=US
                          Date: 2011.10.28 15:20:47 -04'00'
8     _____

9     ZIPPORAH GERALNIK

10    AAERT Certified Electronic Transcriber CET**D 489

11

12    Veritext

13    200 Old Country Road

14    Suite 580

15    Mineola, NY 11501

16

17    Date:  October 28, 2011

18

19

20

21

22

23

24

25