

**JAMES & ROSEMARY THOMAS**
106 Beverly Road
Rye, New York 10580

October 19, 2011

Hon. James M. Peck
United States Bankruptcy Court
One Bowling Green, Courtroom 601
New York, NY 10004

Robert J. Lemons, Esq.
Mark Bernstein, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Office of the United States Trustee
for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn:   Tracy Hope Davis, Esq.
        Elisabeth Gasparini, Esq.
        Andrea Schwartz, Esq.

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn:   Dennis F. Dunne, Esq.
        Dennis O'Donnell, Esq.
        Evan Fleck, Esq.

Re:   **Response to Debtors' One-Hundred Ninety-Ninth Omnibus
      Objection to Claims (No Liability Claims)
      Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered)
      Claim Nos. 15183 and 15206 (Case Number 08-13893)**

Dear Sir or Madam:

I write in response to the Debtors' One-Hundred Ninety-Ninth Omnibus Objection to Claims (No Liability Claims) (the "Objection").[1] The Objection seeks to disallow and expunge my Proofs of Claim[2], which were filed against, *inter alia*, an entity known as "Lehman Brothers OTC Derivatives, Inc." ("LB-OTC"). In short, Debtors' position appears to be that the wrong Lehman entity was named in my Proofs of Claim. In other words, Debtors' Objection asserts that it is not LB-OTC that is responsible for the obligations set forth in my Claims[3], but rather another Lehman entity, presumably Lehman Brothers Holdings Inc. ("LBHI"). As a result, Debtors have asked the Court for

---

[1] I note that my colleague previously contacted Debtor's counsel, Erin Eckols, as set forth in the Notice of Hearing, and obtained an adjournment until October 20, 2011, to file this letter response.
[2] My Proofs of Claim bear claim numbers 15183 and 15206, both of case number 08-13893 (collectively, hereinafter, the "Claims" or "Proofs of Claim").
[3] See Objection, ¶¶2, 11.

{10700648:2}

October 19, 2011
Page 2

the draconian relief of denying my Proofs of Claim in their entirety. This result would be manifestly inequitable.

    As an initial matter, I note that my Proofs of Claim did in fact identify LBHI. The Claims were filed on a form provided by the Bankruptcy Court (and/or Epiq Bankruptcy Solutions LLC), which already identified the matter as "In Re: Lehman Brothers Holdings Inc., et al." It was my understanding, therefore, that any claims filed on such forms were necessarily asserted against LBHI, and, to the extent another Lehman affiliate was identified, such as LB-OTC, it was only to assist the court in further identifying the nature of the claim -- and not to the exclusion of LBHI, but rather, together with LBHI. Additionally, the account statement I annexed to my Proof of Claim, clearly identified "LEHMAN BROS HLDGS INC," on page 9 of the statement, under the "Rights and Warrants" heading of my account. Finally, even the proof of filing provided by the Court acknowledged that LBHI is a counterparty, guarantor and/or credit provider. As a result, Debtors should not be permitted to have my Claims disallowed and expunged based upon the argument that an improper affiliate of the Debtor was named in my Claims because the Debtors, by filings sent to me, indicated that the Claims would be effective against LBHI and others.

    I am not an institutional investor. My Claims arose out of underlying investments in sophisticated derivative contracts and bonds that were acquired while I maintained a personal investment account at LBHI. There were a multitude of Lehman and Lehman-related entities involved in the bankruptcy. Given the complex and sophisticated circumstances, not to mention an e-filing system that already identified LBHI as Debtor, my investment relationship manager, Robert Perlman, with whom I originated the subject investments at Lehman, offered to file the Proofs of Claim on my behalf. It was Mr. Perlman who advised that the Claims should also name LB-OTC. Given the circumstances, and the fact that I am a retail investor, I relied completely upon my relationship manager's expertise and advice as to the identity of the Lehman affiliate counterparty. In fact, he was a Lehman employee when the investments were originated, and I necessarily relied upon his familiarity with my Lehman investment account, and the entity originating the investments underlying my Claims (in addition to LBHI).

    Unfortunately, Debtors now take the position that my Claims should be disallowed and expunged in their entirety because I relied upon forms sent to me by Debtors' claims agent and the Court, and upon a former Lehman employee more knowledgeable about the proper Lehman affiliate responsible for the Claims.

    Accordingly, given the extenuating circumstances, I respectfully request that the Court deny Debtors' motion to disallow my Claims, and, to the extent necessary, permit me to file amended Proofs of Claim in which the appropriate Lehman affiliate may be

{10700648:2}

October 19, 2011
Page 3

named. I am not aware of any prejudice to LBHI other than to pay claims it should be obligated to pay. In short, it would be manifestly inequitable to deny my otherwise viable Claims.

    Alternatively, to the extent that the Court rejects my request, I would ask that I be granted an adjournment to conduct discovery about the content of the notices sent to known creditors by the Debtors and its agents, and whether, in fact, LBHI has any liability for the transactions described above. I note, in this regard, that the Debtors' Objection denies liability based upon nothing more than an unsubstantiated assertion that LB-OTC has no liability for the obligations. Debtors' Notice to Objection to the Claims does not, in my view, afford me adequate notice to fully comprehend the basis of Debtors' Objection or give me the ability to obtain the due process which I am afforded. Accordingly, to the extent the Court denies the relief requested above, I respectfully request, in the alternative, an adjournment in order to conduct the necessary discovery.

Respectfully submitted,

James J. Thomas

cc:     Erin Eckols, Esq. (via e-mail: erin.eckols.@weil.com)

{10700648:2}