

B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**　　　　　　　　　　Case No. **08-13555**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **ILLIQUIDX LLP** | **Bank Coop AG** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**Celestino Amore**
**Managing Partner**
**Illiquidx LLP**
**80 Fleet Street**
**London EC4Y 1EL, UK**
Phone: +44 207 832 0181
Email: amore@illiquidx.com

Court Claim # (if known): **50357**
Total Amount of Claim Filed:
USD $ 602,093.22
Amount of Claim Transferred:
USD $ 602,093.22
ISIN/CUSIP: CH0034783636
　　　　　　XS0297730847
　　　　　　XS0213416141
　　　　　　XS0229584296
　　　　　　CH0027120663
　　　　　　CH0027120820
　　　　　　XS0300658597
　　　　　　XS0257101856
　　　　　　XS0295698947
　　　　　　CH0034783651
　　　　　　XS0345288459
　　　　　　ANN5214R4030
　　　　　　XS0234123650

Date Claim Filed: October 28, 2009

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Celestino Amore_　　　　　　　　Date: October 31st 2011
　　Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.



**Form 210B (12/09)**

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                Case No. **08-13555**

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 50357 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 31st of October 2011.

**Bank Coop AG**                                         **ILLIQUIDX LLP**
Name of Alleged Transferor                               Name of Transferee

Address of Alleged Transferor:                           Address of Transferee:

**Dufourstrasse 50**                                     **Illiquidx LLP**
**4002 Basel**                                           **80 Fleet Street**
**Switzerland**                                          **London EC4Y 1EL**
                                                         **United Kingdom**

~~DEADLINE TO OBJECT TO TRANSFER~~
The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                          _____
                                       CLERK OF THE COURT

BANK COOP AG Department Legal + Compliance, Karl Schmid
Dufourstrasse 50
4002 BASEL

27th October, 2011

**Illiquidx LLP**
80 Fleet Street
London EC4Y 1EL
United Kingdom

  Re: **Lehman Program Securities**

Ladies and Gentlemen:

  1. Program Security Agreement. Reference is made to the Agreement and Evidence of Transfer of Claim Lehman Program Security dated as of October 27th, 2011, a copy of which is attached hereto as Exhibit A (the "**Program Security Agreement**"), pursuant to which Bank Coop AG has agreed to sell, and Illiquidx LLP has agreed to purchase, the Purchased Claim (as defined in the Program Security Agreement). Any capitalized terms used but not defined in this letter agreement shall have the meaning ascribed thereto in the Program Security Agreement.

  2. Not A PSA Creditor. In connection with the settlement of the transaction contemplated by the Program Security Agreement, Seller hereby represents and warrants to Buyer that, as of the date of this letter agreement and the Program Security Agreement, **Seller did not sign a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011) affecting the Purchased Claim.**

  3. Acts. On and after the date of the Program Security Agreement, Seller (i) shall not take (or refrain from taking) any action or make, implement or engage in any discussion or negotiation with respect to the Purchased Claim (collectively, an "**Act**"), which includes, without limitation, (A) any vote to be made, or ballot to be cast, in connection with the Purchased Claim or (B) any Act in respect of the Order Pursuant to Sections 105(b) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc., dated August 10, 2011 (the "**Order**") [Docket No. 19120], or any other attempt to fix or establish the amount or priority of the Purchased Claim, other than in accordance with the prior instructions of Buyer and (ii) shall take (or refrain from taking) any Act with respect to the Purchased Claim in accordance with the prior instructions of Buyer, in each case except (A) as restricted or prohibited under applicable law, rule or order or (B) if following such instructions might (in Seller's reasonable determination) expose Seller to any obligation, liability or expense that in Seller's reasonable judgment is material and for which Seller has not been provided adequate indemnity.

  4. Notice. Seller shall, subject to applicable law and regulation, use commercially reasonable efforts to furnish and convey to Buyer or Buyer's designee at the address specified herein (or at such other address as Buyer otherwise directs) all written information and documents received by Seller with respect to the Purchased Claim, including, without limitation, any information and documents related to the Order or any vote to be made, or ballot to be cast, in connection with the Purchased Claim, as soon as practicable after the same are received by Seller, but in any event within three (3) business days of such receipt; provided, however, that if such information or documents relate to any matter in respect of which an Act is to be taken, Seller shall furnish and convey such information or documents to Buyer or Buyer's designee as soon as practicable upon receipt and, in any event, prior to such time when such Act is to be taken if received with reasonably sufficient

---------{ 2 }---------

time for Seller to furnish or convey such information or documents, provided, further, that Seller shall have no liability to Buyer regarding the validity or content of the information and documents furnished pursuant to this Section 4.

    5.     Miscellaneous. The language set forth in Sections 4 and 7 of the Program Security Agreement is hereby incorporated into this letter agreement by reference and is made a part of this letter agreement as if fully set forth in this letter agreement. The signature page to this letter agreement may be executed in faxed or emailed counterparts. No amendment of any provision of this letter agreement shall be effective unless it is in writing and signed by the parties hereto. Notices relating to this agreement shall be sent to the addresses listed above.

    IN WITNESS WHEREOF, each of the undersigned has duly executed this letter agreement by its duly authorized representative as of the date set forth above.

BANK COOP AG

By: _____
Name: Karl Schmid
Title: Leiter Recht+Compliance

Rolf Konrad
Leiter Handel

Illiquidx LLP

By: _____
Name: CELESTINO AMORE
Title: PARTNER

—————————————{ 3 }—————————————

**Exhibit A**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Bank Coop AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Illiquidx LLP** (the "Purchaser"), under the condition set out in clause 7 and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50357 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not subject to contractual or equitable subordination; and (g) Seller has not delivered any acceleration notices with respect to the Purchased Securities to Lehman Brothers Treasury Co. B.V. and/or Lehman Brothers Holdings, Inc. and (f) Seller is not a party to, or bound by, a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges

and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 27th day of October, 2011.

| Bank Coop AG | Illiquidx LLP |
|---|---|
| By: _____ | By: _____ |
| Name: Karl Schmid    Rolf Konrad | Name: Cristian Arnolt |
| Title: Leiter R+C    Leiter Handel | Title: Managing Partner |
| Address: | Address: |
| Dufourstrasse 50 | 80 Fleet Street |
| 4002 Basel | London EC4Y 1EL |
| Switzerland | United Kingdom |

Department Legal + Compliance,
Karl Schmid

## SCHEDULE I

### Transferred Claims

**Purchased Claim**

US$ 602,093.22 of the total filed proof of claim amount US$ 602,093.22 (the outstanding amount of the Proof of Claim as of 27 October, 2011) together with interest, fees, expenses and other recoveries due, transferred as set forth below.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | U.S. $ Amount claimed in Proof of Claim with respect to Lehman Programs Securities to which Transfer relates |
|---|---|---|---|---|---|---|---|
| Issue of CHF 500,000 100 per cent Capital Protected Certificates from Lehman Brothers on the SMI Index To be consolidated and form a single Series with Issue of CHF 5,500,000 100 per cent Capital Protected Certificates from Lehman Brothers on the SMI Index under the Certificated Programme | CH0034783636 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 120,000.00 (which is equivalent of US$ 107,200.29), plus all accrued interest, fees and recoveries of the ISIN/CUSIP CH0034783636 under the Proof of Claim | N/A | 25/01/2011 | CHF 120,000.00 (which is equivalent of USD US$ 107,200.29) (using an exchange rate of USD/CHF=1.1194), plus all accrued interest, fees and recoveries due. |

| | | | | | |
|---|---|---|---|---|---|
| Unconditionnaly and Irrevocably Guaranteed by Lehman Brothers Holdings Inc. | | | | | |
| Issue of CHF 4,192,000 Quanto FX Basket-Linked Notes due 2009 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Program | XS0297730847 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 62,000.00 (which is equivalent of US$ 55,386.81), plus all accrued interest, fees and recoveries of the ISIN/CUSIP XS0297730847 under the Proof of Claim | N/A | 14/05/2009 | CHF 62,000.00 (which is equivalent of USD US$ 55,386.81) (using an exchange rate of USD/CHF=1.1194), plus all accrued interest, fees and recoveries due. |

| | | | | | |
|---|---|---|---|---|---|
| Lehman 30NC10 Steepener Notes | xs0213416141 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 55,000.00 (which is equivalent of US$ 77,962.50), plus all accrued interest, fees and recoveries of the ISIN/CUSIP xs0213416141 under the Proof of Claim | 16 Mar 05 – 16 Mar 08: 8.25% 16 Mar 08 – 16 Mar 35: 4 × (10Y EUR SWAP – 2Y EUR SWAP) subject to a minimum of 2.00% and a maximum of 12.00% | 16/05/2035 | EUR 55,000.00 (which is equivalent of USD US$ 77,962.50) (using an exchange rate of EUR/USD = 1.4175), plus all accrued interest, fees and recoveries due. |
| Issue of EUR 250,000,000 Fixed Rate to Index Linked Notes due 2035 unconditionally aand irrevocably guaranteed by Lehman Brothers Holdings INC (incorporated in the state of Delaware) | xs0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 60,000 (which is equivalent of US$ 85,050.00), plus all accrued interest, fees and recoveries of the ISIN/CUSIP xs0229584296 under the Proof of Claim | 7.25 per annum | 05/10/2035 | EUR 60,000 (which is equivalent of USD US$ 85,050.00) (using an exchange rate of EUR/USD = 1.4175), plus all accrued interest, fees and recoveries due. |
| Issue of CHF 1,000,000 Capital Protected Certificates on a basket of Shares to | CH0027120663 | Lehman Brothers Treasu | Lehman Brothers Holdings Inc. | CHF 50,000 (which is equivalent of US$ 44,666.79), plus all accrued interest, fees and recoveries of the | N/A | 22/02/2010 | CHF 50,000 (which is equivalent of USD US$ 44,666.79) (using an exchange rate of USD/CHF=1.1194), plus |

| | | | | | |
|---|---|---|---|---|---|
| be consolidated and form a single Series with Issue of CHF 20,000,000 Capital Protected Certificates on a basket of Shares under the Certificates Programme Unconditionnally and Irrevocably Guaranteed bu Lehman Brothers Holdings Onc | | ry Co. B.V. | | ISIN/CUSIP CH0027120663 under the Proof of Claim | all accrued interest, fees and recoveries due. |
| Issue of EUR 5,000,000 Capital Protected Certificates on a Basket of Individually-Capped Shares under the Certificates Programme Unconditionally and Irrevocably Guaranteed by Lehman Brothers Holdings Inc. | CH0027120820 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 50,000 (which is equivalent of US$ 70,875.00), plus all accrued interest, fees and recoveries due of the ISIN/CUSIP CH0027120820 under the Proof of Claim, which is | N/A | 13/04/2011 | EUR 50,000 (which is equivalent of USD US$ 70,875.00) (using an exchange rate of EUR/USD = 1.4175), plus all accrued interest, fees and recoveries due. |
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of CHF 23,000,000 Index- | XS0300658597 | Lehman Brothers Treasury Co. | Lehman Brothers Holdings Inc. | CHF 45,000 (which is equivalent of US$ 40,200.11), plus all accrued interest, fees and recoveries due of the ISIN/CUSIP | N/A | 29/06/2012 | CHF 45,000 (which is equivalent of USD US$ 40,200.11) (using an exchange rate of USD/CHF=1.1194), plus all accrued interest, fees |

| | | | | | |
|---|---|---|---|---|---|
| Linked Notes due June 2012 relating to the CECE Composite Index® in EUR Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | | B.V. | XS0300658597 under the Proof of Claim | | and recoveries due. |
| Issue of 7,000 Multi Asset-Linked Redemption Notes due July 2009 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$ 45,00,000,000 Euro Medium-Term Note Retail Program | XS0257101856 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 22,000 (which is equivalent of US$ 31,185.00), plus all accrued interest, fees and recoveries due of the ISIN/CUSIP XS0257101856 under the Proof of Claim | N/A | 10/07/2009 | EUR 22,000 (which is equivalent of USD US$ 31,185.00) (using an exchange rate of EUR/USD = 1.4175), plus all accrued interest, fees and recoveries due. |
| Issue of EUR 6,000,000 Index-Linked Notes due April 2011 relating to the Dow Jones Eurostoxx 50 Index unconditionally and irrevocably guaranteed by LEHMAN BROTHERS HOLDINGS INC. | XS0295698947 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 20,000 (which is equivalent of US$ 28,350.00), plus all accrued interest, fees and recoveries due of the ISIN/CUSIP XS0295698947 under the Proof of Claim | N/A | 29/04/2011 | EUR 20,000 (which is equivalent of USD US$ 28,350.00) (using an exchange rate of EUR/USD = 1.4175), plus all accrued interest, fees and recoveries due. |

| | | | | | |
|---|---|---|---|---|---|
| (incorporated in the State of Delaware) | | | | | |
| Issue of EUR 20,000,000 100% CAP PROTCD LB CERTIFICATES ON DJ EURO STOXX | CH0034783651 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 20,000 (which is equivalent of US$ 28,350), plus all accrued interest, fees and recoveries due of the ISIN/CUSIP CH0034783651 under the Proof of Claim | Z-C | 25/01/2011 | EUR 20,000 (which is equivalent of USD US$ 28,350) (using an exchange rate of EUR/USD = 1.4175), plus all accrued interest, fees and recoveries due. |
| LEHMAN BROTHERS SECURITIES N.V. Warrant and Certificate Programme Guaranteed by LEHMAN BROTHERS HOLDINGS INC. USD 20,000,000 Reverse Convertible Certificates due February 2009 relating to the Shares of Google Inc. | xs0345288459 | Lehman Brothers Securities N.V. | Lehman Brothers Holdings Inc. | USD 15,000 (which is equivalent of US$ 15,000), plus all accrued interest, fees and recoveries due of the ISIN/CUSIP xs0345288459 under the Proof of Claim | N/A | 19/02/2008 | USD 15,000 (which is equivalent of USD US$ 15,000), plus all accrued interest, fees and recoveries due. |
| LEHMAN BROTHERS SECURITIES N.V. Warrant and Certificate Programme Guaranteed by LEHMAN BROTHERS HOLDINGS INC. | ANN5214R4030 | Lehman Brothers Securities N.V. | Lehman Brothers Holdings Inc. | CHF 10,000 (which is equivalent of US$ 8,933.36), plus all accrued interest, fees and recoveries due of the ISIN/CUSIP ANN5214R4030 under the Proof of Claim | N/A | 13/07/2010 | CHF 10,000 (which is equivalent of USD US$ 8,933.36) (using an exchange rate of USD/CHF=1.1194), plus all accrued interest, fees and recoveries due. |

| | | | | | |
|---|---|---|---|---|---|
| Up to 50,000 Certificates on a Basket of Shares | | | | | |
| Issue of CHF 12,000,000 5 YR CAP PLUS OPPORTUNITY NOTE 6.0% | XS0234123650 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 10,000 (which is equivalent of US$ 8,933.36), plus all accrued interest, fees and recoveries due of the ISIN/CUSIP XS0234123650 under the Proof of Claim | Fixed to variable | 30/11/2010 | CHF 10,000 (which is equivalent of USD US$ 8,933.36) (using an exchange rate of USD/CHF = 1.1194), plus all accrued interest, fees and recoveries due. |

Print Form

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000050357 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
BANK COOP AG
ATTN. LEGAL DEPARTMENT
DUFOURSTRASSE 50
4002 BASEL
SWITZERLAND

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number:    Email Address: karl.schmid@bankcoop.ch

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:    Email Address:

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ 5'266'209.72** _____ (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): please see attachment** _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

**please attachment** _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
**please see attachment** _____ (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY
**FILED / RECEIVED**
**OCT 28 2009**
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date.<br>10-26-2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    **Bank Coop AG**<br>**Dufourstrasse 50**<br>**Postfach**<br>**4002 Basel**    Karl Schmid    Guy Lachappelle |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

ATTACHMENT BANK COOP

BANK COOP AG
ATTN. LEGAL DEPARTMENT
DUFOURSTRASSE 50
4002 BASEL
SWITZERLAND

| ISIN | CCY | NOMINAL | EQUIVALENT IN USD (1) | BLOCKING NUMBER | ACCOUNT |
|---|---|---|---|---|---|
| XS0234123650 | CHF | 10'000 | 8'933.36 | CA36082 | CLEARSTREAM ACC. 83320 |
| XS0257101856 | EUR | 22'000 | 31'185.00 | CA36278 | CLEARSTREAM ACC. 83320 |
| XS0295698947 | EUR | 20'000 | 28'350.00 | CA36140 | CLEARSTREAM ACC. 83320 |
| XS0270987547 | EUR | 467'000 | 661'972.50 | CA36162 | CLEARSTREAM ACC. 83320 |
| XS0318778734 | CHF | 4'215'000 | 3'765'410.04 | CA36167 | CLEARSTREAM ACC. 83320 |
| XS0297730847 | CHF | 62'000 | 55'386.81 | CA36168 | CLEARSTREAM ACC. 83320 |
| XS0300658597 | CHF | 45'000 | 40'200.11 | CA36169 | CLEARSTREAM ACC. 83320 |
| ANN5214R4030 | CHF | 10'000 | 8'933.36 | CA36172 | CLEARSTREAM ACC. 83320 |
| XS0200265709 | CHF | 100'000 | 89'333.57 | CA36177 | CLEARSTREAM ACC. 83320 |
| XS0213416141 | EUR | 55'000 | 77'962.50 | CA36178 | CLEARSTREAM ACC. 83320 |
| XS0229584296 | EUR | 50'000 | 70'875.00 | CA36180 | CLEARSTREAM ACC. 83320 |
| XS0229584296 | EUR | 10'000 | 14'175.00 | CA37985 | CLEARSTREAM ACC. 83320 |
| XS0345288459 | USD | 15'000 | 15'000.00 | CA18507 | CLEARSTREAM ACC. 83320 |
| CH0027120663 | CHF | 50'000 | 44'666.79 | 81997143161521110 | SIX SIS ACC. 20107514 |
| CH0027120812 | CHF | 165'000 | 147'400.39 | 06398651151521110 | SIX SIS ACC. 20107514 |
| CH0027120820 | EUR | 50'000 | 70'875.00 | 00745950141521110 | SIX SIS ACC. 20107514 |
| CH0034783636 | CHF | 120'000 | 107'200.29 | 62684930131521110 | SIX SIS ACC. 20107514 |
| CH0034783651 | EUR | 20'000 | 28'350.00 | 39413320131521110 | SIX SIS ACC. 20107514 |

5'266'209.72    TOTAL CLAIM IN USD

FOREIGN EXCHANGE RATES PER 09-15-2008
(FEDERAL RESERVE BANK OF NEW YORK)
1 USD = 1.1194 CHF
1 EUR = 1.4175 USD

Bank Coop AG
Dufourstrasse 50
Postfach
4002 Basel

Karl Schmid
Rechtskonsulent

Guy Lachapelle

