Stephen C. Restelli
26 Pond Street
Barre, VT 05641
<u>Claim No. 25478</u>

October 21, 2011

The Honorable James M. Peck
United States Bankruptcy Court
One Bowling Green
New York, NY 10004
Courtroom: 601

Attn:   Clerk to the Honorable Judge James M. Peck

RE:   LEHMAN BROTHERS DEBTORS BANKRUPTCY – CASE NO. 08-13555

Please find enclosed a copy of the "Response of Stephen C. Restelli to the Debtors' Two Hundred Eighteen Omnibus Objection to Disallow and Expunge Certain Claims".

I also hereby give notice that I will be attending the hearing telephonically on November 30, 2011.

Respectfully,

STEPHEN C. RESTELLI

Enclosure: 1


RECEIVED
OCT 2 4 2011
U.S. BANKRUPTCY COURT, SDNY
JMP

Stephen C. Restelli  
26 Pond Street  
Barre, VT 05641  
<u>Claim No. 25478</u>

Case No. 08-13555  
Chapter 11

October 21, 2011

The Honorable James M. Peck  
United States Bankruptcy Court  
One Bowling Green  
New York, NY 10004  
Courtroom: 601

Dear Honorable James M. Peck:

RE:         LEHMAN BROTHERS HOLDINGS INC., et al., Debtors

RESPONSE OF STEPHEN C. RESTELLI TO THE

DEBTORS' TWO HUNDRED EIGHTEENTH OMNIBUS

OBJECTION TO DISALLOW AND EXPUNGE CERTAIN CLAIMS

I, Stephen C. Restelli, am a Holder of LBHI Capital Trust IV & VI Preferred Securities and I have a Claim Value of approximately $ 1,081,498.00 – Claim No. 25478.

I hereby file my Response to the Debtors' Two Hundred Eighteenth Omnibus Objection to Disallow and Expunge Certain Claims, and in support of my Response I respectfully state the following reasons:

- 2 -

1. On Page 6 of the Guarantee Agreement for the Capital Trusts III, IV, V, VI, it states the following:

"2.10    <u>Guarantee Trustee May File Proofs of Claim</u>.

Upon the occurrence of a Guarantee Event of Default, the Guarantee Trustee is hereby authorized to (a) recover judgment, in its own name and as trustee of an express trust, against the Guarantor for the whole amount of any Guarantee Payments remaining unpaid and (b) file such proofs of claim and other papers or documents as may be necessary or advisable in order to have its claims and those of the Holders of the Securities allowed in any judicial proceedings relative to the Guarantor, its creditors or its property."

Would the Guarantee Agreement would give instructions to the Guarantee Trustee to file proofs of claim in the Event of Default if:

(1) no liability exists on the part of LBHI; and

(2) the Capital Trust Preferred Securities are classified as equity?

NO.

2.  On Pages 12 – 13, "SECTION 5 – GUARANTEE", of the Guarantee Agreement it states the following:

"5.1     <u>Guarantee</u>.

The Guarantor irrevocably and unconditionally agrees to pay in full to the Holders the Guarantee Payments (without duplication of amounts theretofore paid by the Trust), as and when due, regardless of any defense, right of setoff or counterclaim that the Trust may have or assert. The Guarantor's obligation to make a Guarantee Payment may be satisfied by direct payment of the required amounts by the Guarantor to the Holders or by causing the Trust to pay such amounts to the Holders ………………………

5.3     <u>Obligations Not Affected</u>.

The Obligations, covenants, agreements and duties of the Guarantor under this Guarantee shall be absolute and unconditional and shall remain in full force and effect until the entire liquidation amount of all outstanding Securities shall have been paid and such obligation shall in no way be affected or impaired by reason of the happening from time to

- 4 -

time of any event, including without limitation, the following, whether or not with notice to, or the consent of, the Guarantor.

(a) ..........................

(b) ..........................

(c) ..........................

(d) The voluntary or involuntary liquidation, dissolution, sale of any collateral, receivership, insolvency, bankruptcy, assignment for the benefit of creditors, reorganization, arrangement, composition or readjustment of debt of, or other similar proceedings affecting the Trust or any of the Assets of the Trust;

(e) ..........................

(f) ..........................

(g) Any other circumstance whatsoever that might otherwise constitute a legal or equitable discharge or defense of a guarantor, it being the intent of this Section 5.3 that the obligations of the Guarantor hereunder shall be absolute and unconditional under any and all circumstances."

Contrary to what the Debtors state in their Motion the Debtors certainly do have liability and obligations to the Capital Trust Preferred Security Holders under the Guarantee Agreement.

- 5 -

3. The Capital Trust Preferred Securities are a hybrid of Debt and Equity and it would be incorrect to reclassify my Claim as Equity Interests.

   One just need ask the Debtors if the Face Value of the Capital Trust Securities have been recorded as Stockholders' Equity or as Liabilities on the Debtors' March 31, 2011 balance sheet.

4. Until a Plan has been voted on and approved by the Court I disagree that the Debtors have legal and/or contractual support to request the expunging of my Claim.

   I filed in good faith and lawfully under the direction of the Guarantee Agreement – in the event the Guarantee Trustee – BNYM – failed to do so. Which it did.

I wish to continue to represent myself since the BNYM has failed to do so under the Guarantee Agreement. I respectfully request and pray that the Court will allow my Claim No. 25478 to stand as filed in good faith and lawfully under the Guarantee Agreement.

Respectfully,

*[signature]*

STEPHEN C. RESTELLI

## CERTIFICATE OF SERVICE

I, Stephen C. Restelli, hereby certify that service of the foregoing "Response of Stephen C. Restelli to the Debtors' Two Hundred Eighteenth Omnibus Objection to Disallow and Expunge Certain Claims" was made on October 21, 2011 by First Class United States Mail, upon the Chambers of the Honorable Judge James M. Peck, and upon the following parties:

(i)  Office of the US Trustee           Attn:   Elisabeth Gasparni, Esq.
     33 Whitehall Street                        Andrea Schwartz, Esq.
     21st Floor                                 Tracy Hope Davis, Esq.
     New York, NY   10004

(ii) Milbank Tweed Hadley & McCloy LLP   Attn:   Dennis F. Dunne, Esq.
     1 Chase Manhattan Plazza                   Dennis O'Donnell, Esq.
     New York, NY   10005                       Evan R. Fleck, Esq.

(iii) Weil Gotshal & Manges LLP          Attn:   Robert J. Lemons, Esq.
      767 Fifth Avenue                          Mark Bernstein, Esq.
      New York, NY   10153

Date ____October 21, 2011_____           _____Stephen C. Restelli_____