UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

In re:                                                              Chapter 11

Lehman Brothers Holding Inc., et al.,                               Case No. 08-13555 (JMP)

    Debtors.                                                        Jointly Administered

------------------------------------------------------------ X

## LIMITED OBJECTION OF GMAC MORTGAGE, LLC TO PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS

GMAC MORTGAGE, LLC ("GMAC"), by and through its undersigned counsel, files this limited objection to the proposed assumption of executory contracts with GMAC by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors") in connection with the *Third Amended Joint Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan") [ECF 19627], and in support thereof, states as follows:

### BACKGROUND

**A.    The Petition Date**

1.    On September 15, 2008, (the "Petition Date"), LBHI and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2.    On October 5, 2008, certain other affiliates of LBHI filed voluntary petitions for relief under Chapter 11 of the "Bankruptcy Code.

3.    On September 1, 2011, the Court entered its *Amended Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtor's Joint Chapter 11 Plan* (the "Disclosure Statement Order") [ECF No. 19631]. Pursuant to the

18547627v1 0925269

notice approved by the Court in the Disclosure Statement Order, objections to the assumption of executory contracts pursuant to Section 11.1 of the Plan, which contracts were to be listed on a schedule to the Plan Supplement, must be filed and served on or before the deadline for objections to confirmation, November 4, 2011, at 4:00 p.m.

4. On October 25, 2011, the Debtors filed the Plan Supplement [ECF No. 21254], which sets forth at Exhibit 2 the Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan.

5. On page 611 of the Plan Supplement, the Debtors list several residential loan servicing agreements with GMAC to be assumed, identified with investor codes 41612, 42349, 41212 and 42511.

**B.    The GMAC Claims**

6. GMAC and the Debtors were parties to various servicing agreements (the "Servicing Agreements"), both through a master servicing agreement as well as numerous sub-servicing agreements. Under the Servicing Agreements, GMAC serves as the servicer of mortgage loans and LBHI serves as either the seller or owner of the mortgage loans that GMAC services.

7. As consideration for servicing the mortgage loans under the Servicing Agreements, GMAC is entitled to compensation. Specifically, GMAC is entitled to a servicing fee for each loan serviced and certain other additional fees in accordance with the Servicing Agreements. Section 5.03 of the Servicing Agreements describes the compensation owed to GMAC.

8. The Servicing Agreements were in existence at the time of the Petition Date, and the parties continued to perform under the Servicing Agreements. Specifically, GMAC continued to serve the mortgage loans in exchange for compensation by GMAC.

9. The Debtors, through their course of conduct in the Chapter 11 proceedings, and through the continued performance on both sides of the Servicing Agreements as well the benefits received by the Debtors resulting from GMAC's continued performance of its obligations under the Servicing Agreements, have previously adopted and assumed the Servicing Agreements. *See, e.g., In re Shoppers Paradise, Inc.*, 8 B.R. 271, 279 (Bankr. S.D.N.Y. 1980) (holding "even where court approval was not obtained the debtor-in-possession may be deemed to have adopted the contract or lease where it received benefits and when the issue presented is whether or not such benefits should be entitled to an administrative expense claim); *see also In re MMR Holdings Corp.*, 203 B.R. 605 (Bankr. M.D. La. 1996) (recognizing the *de facto* assumption of a contract in the context of evaluating a preference claim).

## OBJECTION

10. The Debtors' cure amount owed to GMAC as set forth in the Plan Supplement is $0.00 owed to GMAC. However, the listed cure amount is incorrect. According to records maintained by GMAC, there are outstanding pre-petition amounts owed to it under the Servicing Agreements for the months of July – September 2008 in the amount of $1,605,532.67 (the "Correct Cure Amount").

11. Section 365(b)(1) of the Bankruptcy Code provides that:

[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default … ;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

3

12. While GMAC asserts that the Debtors have previously assumed the Servicing Agreements, the Debtors are still required to make the cure payment in accordance with in accordance with section 365(b) of the Bankruptcy Code. The cure amounts required to be paid to GMAC should be corrected and changed to reflect the Correct Cure Amount.

13. GMAC has continued to perform under executory contracts with the Debtors. Accordingly, additional amounts have and will continue to accrue under the executory contracts with the Debtors and will be payable to GMAC. Thus, to the extent, if any, Debtors fail to pay such post-petition amounts in the ordinary course of business, GMAC reserves the right to assert claims for these amounts. GMAC further reserves the right to amend and/or supplement this objection and the Correct Cure Amount.

**WHEREFORE**, GMAC respectfully requests that the Court (i) sustain its limited objection, (ii) compel payment of the Correct Cure Amount in the aggregate amount of not less than $1,605,532.67, and (iii) granting any other and further relief that the Court may deem just and appropriate.

18547627v1 0925269

5

Respectfully submitted,

HINSHAW & CULBERTSON LLP


By:/s/ Charles M. Tatelbaum
    Charles M. Tatelbaum
    Florida Bar No. 177540
    ctatelbaum@hinshawlaw.com
    Steven E. Seward
    Florida Bar No. 0029546
    sseward@hinshawlaw.com
    One East Broward Boulevard
    Suite 1010
    Ft. Lauderdale, FL 33301
    954-467-7900

and
Concepcion A. Montoya
New York Bar No. 4084448
780 Third Avenue 4th Floor
New York, New York, 10017
Phone: 212-471-6200
Fax: 212-935-1166
cmontoya@hinshawlaw.com

Attorneys for Defendant GMAC Mortgage, LLC

18547627v1 0925269

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2011, I caused the foregoing document to be electronically filed with the Clerk of the District court using the CM/ECF system which sent notification of such filing to the parties registered for electronic service via the Court's electronic transmission facilities, and caused it to be mailed by United States Postal Service, first class mail, to the following parties:

        Harvey R. Miller, Esq.
        Lori R Fife, Esq.
        Alfredo R. Perez, Esq.
        Weil Gotshal & Manges
        767 Fifth Avenue
        New York, NY  10153-0119
        Attorneys for the Debtors

        Dennis F. Dunne, Esq.
        Dennis O'Donnell, Esq.
        Evan Fleck, Esq.
        Milbank, Twee, Hadley & McCloy LLP
        1 Chase Manhattan Plaza
        New York, NY  10005

        Elisabetta Gasparini, Esq.
        Andrea Schwartz, Esq.
        Office of the United States Trustee
        33 Whitehall Street, 21st Floor
        New York, NY  10004

        /s/ Charles M. Tatelbaum

18547627v1  0925269