Presentment Date and Time: November 14, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: November 10, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): November 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                      :    08-13555 (JMP)
                                                              :
                    Debtors.                                  :    (Jointly Administered)
                                                              :
---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER REINSTATING CLAIM**

  **PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **November 14, 2011 at 12:00 noon (Prevailing Eastern Time)**. The Supplemental Order supplements the Order Granting Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests), dated June 3, 2011, ECF No. 17369, and reinstates previously reclassified claim number 65949.

  **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **November 10, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

  **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **November 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

  **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

US_ACTIVE:\43847099\02\58399.0008

attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 3, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re                                                              :     **Chapter 11 Case No.**
                                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :     **08-13555 (JMP)**
                                                                       :
                        Debtors.                              :     **(Jointly Administered)**
                                                                       :
----------------------------------------------------------------x

## SUPPLEMENTAL ORDER REINSTATING CLAIM

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' One Hundred Thirtieth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests)*, dated April 18, 2011, ECF No. 16115 (the "One Hundred Thirtieth Omnibus Objection to Claims"), against claim number 65949 (the "McCully Claim"), which was filed by Michael K. McCully (the "Claimant");

WHEREAS the One Hundred Thirtieth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedures, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim, ECF No. 6664 (the "Procedures Order"), to reclassify the McCully Claim as an equity interest on the grounds that

US_ACTIVE:\43847099\02\58399.0008

ownership of the Equity Awards[1] constitutes an equity interest in a Debtor, but does not constitute a claim against a Debtor's estate as such term is defined in section 101 of the Bankruptcy Code, all as more fully described in the One Hundred Thirtieth Omnibus Objection to Claims;

WHEREAS the Claimant responded to the One Hundred Thirtieth Omnibus Objection to Claims, however, the Debtors inadvertently included the McCully Claim on the exhibit to the order granting the One Hundred Thirtieth Omnibus Objection to Claims;

WHEREAS the Court held a hearing on June 2, 2011 (the "Omnibus Hearing") to consider the relief requested in the One Hundred Thirtieth Omnibus Objection to Claims;

WHEREAS the Court entered an order on June 3, 2011, ECF No. 17369, granting the relief requested in the One Hundred Thirtieth Omnibus Objection to Claims (the "Order"), which, among other things, reclassified the McCully Claim as an equity interest;

**IT IS HEREBY**:

ORDERED that the McCully Claim is reinstated on the Debtors' official claims register (the "Claims Register") as a claim, as defined in section 101(5) of the Bankruptcy Code, against Lehman Brothers Holdings, Inc., as opposed to an equity interest; and it is further

ORDERED that the rights of the Debtors and any other party in interest to object to the McCully Claim on any grounds are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to the McCully Claim, this Supplemental Order shall have no affect on the claims subject to the Order; and it is further

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the One Hundred Thirtieth Omnibus Objection to Claims.

3

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, 2011
       New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE