UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**FIRST SUPPLEMENTAL DECLARATION OF DEAN A. ZIEHL IN SUPPORT OF
THE RETENTION BY THE DEBTORS, PURSUANT TO SECTION 327(e) OF THE
BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, OF PACHULSKI STANG
ZIEHL & JONES LLP AS SPECIAL COUNSEL**

Pursuant to sections 327, 328 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, Dean A. Ziehl declares:

1. I am a partner of the firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ"), 780 Third Ave., 36th Floor, New York, New York 10017, and am admitted to practice law in the States of California and New York, as well as the District of Columbia. I am also admitted to practice before various district and circuit courts, including the Southern District of New York and the Second Circuit Court of Appeals.

2. I submit this Declaration in support of the existing retention by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") of PSZJ as special counsel, and to provide additional disclosure regarding the allocation of fees and expenses incurred by PSZJ in connection with the Representative Matters (defined below) as requested by the Fee Committee. All facts set forth below in this Declaration are based upon my personal knowledge. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of PSZJ.

3.  On June 17, 2009, the Court entered an order (the "Retention Order") authorizing the employment of PSZJ as special counsel to the Debtors in connection with the Representative Matters (defined below) *nunc pro tunc* to February 25, 2009 (the "Engagement Date"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to LBHI and Lehman Commercial Paper, Inc.* filed by the Debtors on June 3, 2009.

4.  Pursuant to the Retention Order, PSZJ has been retained and has been providing services with respect to the following matters (collectively, the "Representative Matters"): (i) representing the Lehman Entities (defined below) in relation to any issues arising with respect to any disclosure statement(s) and plan(s) of reorganization filed by the SunCal Debtors and the Lehman Entities in the SunCal Chapter 11 Cases, including pending and anticipated litigation with respect thereto; (ii) representing the Lehman Entities in relation to prosecuting or defending various other motions, appeals, and other matters arising in the SunCal Chapter 11 Cases to protect the Lehman Entities' rights; and (iii) representing the Lehman Entities in adversary proceedings pending against them in the California Bankruptcy Court. In connection with certain of the Representative Matters, PSZJ is also representing the following non-debtor affiliates of LBHI and LCPI: Lehman ALI, Inc. ("Lehman ALI"); Northlake Holdings LLC ("Northlake Holdings"); OVC Holdings LLC ("OVC Holdings"); LV Pacific Point LLC; LBREP II/Suncal Land Fund Member, LLC; Oak Valley, LLC; SCLV Northlake, LLC; and LB/L DUC III Master LLC (collectively the "Non-Debtor Lehman Entities" and, together with LCPI, the "Lehman Entities").

5.  As set forth in the first through seventh interim applications filed by PSZJ in these cases, PSZJ has been seeking compensation separately from the Non-Debtor Lehman Entities for services provided since the Engagement Date on their behalf in connection with the Representative Matters, and has been seeking compensation from the Debtors for services provided on their behalf since the Engagement Date in connection with the Representative Matters pursuant to the procedures approved by this Court.

6.  Certain of the services performed by PSZJ have been provided on behalf of and rendered a benefit only to LCPI. Since the Engagement Date, PSZJ has sought compensation from the Debtors' estates in connection with fees incurred for services performed solely on behalf of and for the benefit of LCPI. Prior to April 1, 2011, in each monthly statement and interim fee application, PSZJ specifically set forth each of the time entries related to such services. In compliance with the request of the Fee Committee received on April 12, 2011, PSZJ created a separate matter number 002 for services performed solely for the benefit of LCPI, and began recording time to such matter on April 1, 2011.

7.  In addition, due to the nature of the matters pending in the SunCal Debtors' Chapter 11 Cases, certain of the services performed and expenses incurred by PSZJ since the Engagement Date were provided on behalf of and rendered a benefit to all of the Lehman Entities, *i.e.*, the Non-Debtor Lehman Entities and LCPI. PSZJ has allocated the fees and expenses for such services between the Debtors' estates, on the one hand, and the Non-Debtor Lehman Entities on the other hand, in accordance with the applicable principal loan balances attributed to the prep-petition loans extended by each respective Lehman Entity to each respective SunCal Debtor. Specifically, 36% of the loan balances are allocable to LCPI, the Debtor represented by PSZJ, and 64% of the loan balances are allocable to Lehman ALI, Inc., OVC Holdings, LLC and Northlake Holdings, LLC, the lenders that are Non-Debtor Lehman Entities represented by PSZJ.

Adjustments were made to take into account PSZJ's representation of the Non-Debtor Lehman Entities that are equity members such that the final allocation for services benefitting all Lehman Entities is 30% allocable to the Debtors and 70% allocable to the Non-Debtor Lehman Entities. The foregoing fee allocation mechanism was approved by F. Robert Brusco, who is employed by LAMCO, LLC, a wholly owned subsidiary of LBHI, and is involved in the real estate operations of LBHI and its affiliates, including LCPI, Lehman ALI, Northlake Holdings and OVC Holdings.

8. Pursuant to the foregoing allocation mechanism, from the Engagement Date through July 31, 2011, PSZJ has requested, pursuant to interim fee applications and monthly fee statements, a total of $3,430,819.30 in fees and $97,322.19 in expenses from the Debtors' estates, and separately has requested from the Non-Debtor Lehman Entities a total of $7,457,409.26 in fees and $253,747.76 in expenses. From the Engagement Date to the date hereof, PSZJ has received a total of $2,197,065.51 ($2,118,968.56 in fees and $78,096.95 in expenses) from the Debtors' estates and $6,641,043.87 ($6,430,105.01 in fees and $210,938.86 in expenses) from the Non-Debtor Lehman Entities.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 3, 2011
Los Angeles, California

_____
Dean A. Ziehl