OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, NY  10022-1106
212.451.2300
Adam H. Friedman
Jordanna L. Nadritch

*Counsel for Claimant Christiane Schuster*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re <br><br> LEHMAN BROTHERS HOLDINGS INC., et al. <br><br> Debtors. | Chapter 11 <br><br> Case No 08-13555 (JMP) <br> (Jointly Administered) |

**LIMITED OBJECTION OF CHRISTIANE SCHUSTER TO THE**
**THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS**
**HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

Christiane Schuster ( "Ms. Schuster" or "Claimant"), by and through her undersigned counsel, hereby submits this limited objection ("Limited Objection") to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan").  In support of this Limited Objection, Claimant respectfully states as follows:

**BACKGROUND**

1.    On September 11, 2009, Ms. Schuster timely filed a proof of claim (the "Claim"), Claim No. 11369, asserting a general unsecured claim in the amount of $1,662,921 for unpaid deferred compensation awarded to Ms. Schuster in the form of restricted stock units ("RSUs"). , The Debtors' RSUs could not be sold, traded or pledged during the applicable vesting period, but

1458070-2

only represented a "right to convert" at a later date, thus falling squarely outside the Bankruptcy Code's definition of equity securities. 11 U.S.C. § 101(16)(c)

2.  On May 13, 2011, the Debtors' filed their One Hundred Thirty Fifth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) (the "Objection"). Pursuant to the Debtors' Objection, the Debtors seek to reclassify various claims, including Claimant's Claim No. 11369 as equity interests.

3.  On June 14, 2011, Claimant timely filed a response (the "Response", at Docket No. 17925) to the Objection on the grounds that her Claim represents deferred compensation provided to Claimant in the form of RSUs. As provided more fully in the Response the RSUs (i) were an integral and substantial component of regular employee compensation; (ii) were not "equity securities", as defined under section 101(16) of the Bankruptcy Code[1]; and (iii) are not subject to subordination under section 510(b) of the Bankruptcy Code, as they do not relate to "damages arising from the purchase or sale of such a security."[2]

4.  The Debtors have repeatedly adjourned the hearing on the Objection and the hearing is now set for December 21, 2011, more than two weeks after the scheduled confirmation hearing of the Debtors' Plan.

5.  While it appears that the Court has granted several of the Debtors' omnibus objections reclassifying various RSU claims as equity interests where no objections or responses had been filed by claimants, it does not appear that there has been a ruling on the merits in this

---

[1] First, at most an RSU is a "right to convert" and such right to convert is explicitly excluded from the Bankruptcy Code definition of equity securities. 11 U.S.C. § 101(16)(c) ("equity security means warrants or right, other than a right to convert, to purchase, sell or subscribe to a share")(emphasis added). Second, the Debtors' RSU plan makes clear that RSUs could not be sold, traded or pledged during the applicable vesting period. The RSUs did not represent a share of stock, warrant or other equity security, but rather constitute a claim based upon the value of the respective grant.

[2] The Claim here does not arise out of the purchase of a security, but rather arises from services rendered and for wages that were earned. Thus, the Claim is not a damage claim but instead a claim for unpaid wages and the fundamental character of the underlying obligation to pay wages is not changed by the fact that the ultimate value of the compensation is tied to the price of the Debtors' stock.

2

case determining that RSUs (similar to those of the Claimant) are equity interests. For this reason, it would be premature for the Court to allow the definition of "Equity Interest" to include RSUs before resolving Claimant's Response on the merits.

## LIMITED OBJECTION

6. By this Limited Objection, Claimant objects to the definition of "Equity Interest" as set forth in Article 1.51 of the Debtors' Plan and, as a result, the treatment of Ms. Schuster's Claim as a Class 12 Equity Interest under the Plan. The Debtors have crafted an expansive definition of "Equity Interests" in the Plan, which includes, among numerous other things, "vested and/or unvested restricted stock units". See Section 1.51 of the Plan. This definition is overly broad and does not comport with the definition of "equity security" under section 101(16) of the Bankruptcy Code. By including RSUs in the definition of Equity Interest, confirmation of the Plan would essentially predetermine a contested matter -- the classification of Ms. Schuster's Claim -- and deny Claimant her due process rights in connection with the pending litigation. Thus, the definition of "Equity Interest" in the Plan should be amended to specifically conform to the definition of the term in the Bankruptcy Code or, alternatively, to exclude RSUs.

7. For these reasons, Claimant respectfully objects to (i) the definition of "Equity Interest" under the Plan and (ii) the treatment of her Claim as a Class 12 Equity Interest, and requests that the definition of Equity Interests be amended to exclude RSUs. In the event the definition is not amended, at a minimum, the confirmation order should explicitly preserve Claimant's rights with respect to the Claim until entry of a final order of the contested matter.

1458070-2

WHEREFORE, based upon the foregoing, Claimant respectfully requests that (i) the definition of Equity Interest be amended to comport with section 101(16) of the Bankruptcy Code to exclude RSUs, and/or (ii) confirmation of the Plan shall be conditioned upon final resolution of the contested proceeding regarding the Claim.

Dated: New York, New York
November 4, 2011

**OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP**

By: /s/ Jordanna L. Nadritch
Adam H. Friedman
Jordanna L. Nadritch
*Attorneys for Christiane Schuster*
Park Avenue Tower
65 East 55th Street
New York, New York 10022
212.451.2300

1458070-2