**Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Eastern Time)**
**Plan Objection Deadline: November 4, 2011 at 4:00 p.m. (Eastern Time)**

Lawrence P. Eagel (LE4505)
Justin A. Kuehn (JK5853)
BRAGAR WEXLER EAGEL & SQUIRE, P.C.
885 Third Avenue – Suite 3040
New York, NY 10022
Tel.: (212) 308-5858
Fax: (212) 486-0462
eagel@bragarwexler.com
kuehn@bragarwexler.com

*Attorneys for Mark Mazzatta and*
*Michele McHugh-Mazzatta*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF MARK MAZZATTA AND MICHELE McHUGH-MAZZATTA TO
THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS
HOLDINGS INC. AND ITS AFFILIATED DEBTORS PURSUANT TO SECTION 1125
OF THE BANKRUPTCY CODE**

Mark Mazzatta and Michele McHugh-Mazzatta (the "Mazzattas"), by their undersigned attorneys, submit this objection to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Plan"). The Mazzattas respectfully state as follows:

1. The Mazzattas are individuals who delivered approximately $1.7 million of Collateral[1] over four years ago to secure a "call spread collar" with Lehman Brothers OTC

---

[1] The Collateral is comprised of AAA-rated Municipal Bonds with a market value of more than $719,000 (the "Bonds"), and more than $969,000 in cash (the "Cash").

Derivatives Inc. ("LOTC") (the "Transaction"). According to the Transaction documents, the Collateral was to be held by Lehman Brothers Inc. ("LBI") as Collateral Agent for the Transaction, and Lehman Brothers Holdings Inc. ("LBHI") (LOTC, LBI, and LBHI are collectively "Lehman entities") guaranteed the punctual payment of all amounts due from LOTC to the Mazzattas. The Mazzattas cancelled the Transaction in September 2008 following LBHI's bankruptcy filing on September 15, 2008. In any event, the Transaction expired on October 17, 2009, and under any analysis, no Lehman entity has any claim to or rights in the Collateral. Despite demand, the Collateral has not been returned to the Mazzattas.

2. Since the commencement of this bankruptcy the Mazzattas have patiently sought to work with counsel for both the Debtors and SIPA Trustee. These efforts have failed to provide the Mazzattas with clarification as to why their property has not been returned or, alternatively, how their claims will ultimately be classified.

3. The Mazzattas also filed an adversary proceeding in this Court against the Lehman entities and JPMorgan Chase Bank, N.A. ("JPMorgan") entitled *Mark Mazzatta and Michelle McHugh-Mazzatta v. Lehman Brothers OTC Derivatives, Inc., et al.,* Adv. Pro. No. 09-01131, seeking, *inter alia*, the return of the Collateral (the "Adversary Proceeding"). The Adversary Proceeding has been stayed indefinitely at the request of the Debtors.

4. The Mazzattas firmly believe the Collateral was and remains their sole property and should be returned to them immediately, and they, at worst, have a secured claim against LOTC. However, because the Mazzattas' claims have not been reviewed by the Debtors, the Mazzattas could be inappropriately classified as general unsecured creditors of LOTC with a guarantee claim against LBHI. Under the Plan if the Mazzattas are given this classification they would be forced to give up to 20% of their recovery to favored classes of creditors. This result is

2

unjustified as there is no basis to give a greater recovery to a favored claim of creditors at, amongst many others, the Mazzattas' expense.

## Background

5.      On September 1, 2011, Debtors filed their Disclosure Statement for Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement"). Dkt # 19629.  The same day, the Court issued an amended Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan. Dkt #19631 ("Amended Order").

6.      The Amended Order sets the Plan Objection Deadline as November 4, 2011, at 4:00 p.m. (Eastern Time) and the Confirmation Hearing at December 6, 2011, at 10:00 a.m. (Eastern Time).

## The Plan

7.      The heart of the Plan is a series of transfers by which certain creditors (including the Mazzattas) give up to 20% of the value of their claims, purportedly in settlement of the risk of substantive consolidation. This 20% give-up goes not to the estate as a whole, to benefit all creditors - which would be the usual result of settlement of a claim belonging to the estate as a whole - but rather for the particular benefit of two specially favored classes of creditors: holders of Senior Unsecured Claims and General Unsecured Claims against LBHI.  As a result, we understand, the Plan takes about $1 billion of wealth from the pockets of a disfavored class of creditors and sends it directly into the pockets of favored classes of creditors.

3

8. The Debtors' only justification for this unfair treatment of certain creditors is that it is a "settlement" of possible substantive consolidation risk, but there simply is no such demonstrated risk in the case of LOTC and LBHI.

## **Objection**

9. The Debtors have failed to meet their burden to substantiate their assertion that a 20% risk of substantive consolidation exists. Specifically, the Debtors have not shown, amongst other things, that pre-petition LOTC and LBHI disregarded corporate separateness, nor that post-petition the affairs of LOTC and LBHI are so entangled that consolidation will benefit all creditors. Without making such a showing, there is no basis to give up to 20% of the Mazzattas' claim to favored creditors in settlement of a purported 20% risk of substantive consolidation.

10. Moreover, the Plan's transfer to the preferred creditors purports to settle claim belonging the estate as a whole, but the transfer does not go to the estate as a whole it goes directly to a limited class of creditors. This is plainly is violation of the *pro rata* distribution principles central to the Bankruptcy Code.

11. The Mazzattas incorporate all other objections to the Plan as if set forth herein.

## **Reservation of Rights**

12. By filing this objection, the Mazzattas do not waive, and expressly preserve, any claims against LBI, LBHI, LOTC, and JPMorgan, including specifically, as alleged in the Adversary Proceeding, their claim that the Collateral is not the property of, and does not belong to, LBI or LOTC, but is in fact the Mazzattas' property held for the Mazzattas in trust (actual or constructive) or otherwise.

4

13.     The Mazzattas' reserve all other rights with respect to the objections asserted herein, including the right to supplement or amend this objection and/or file a reply for any reason.

**WHEREFORE,** based upon the foregoing, the Mazzattas respectfully request the Court to enter an Order denying confirmation of the Plan and granting the Mazzattas such other and further relief as the Court deems just and proper.

Dated: New York, New York
    November 2, 2011

>Respectfully submitted by:
>BRAGAR WEXLER EAGEL & SQUIRE, PC
>
>By: /s/ *Lawrence P. Eagel*
>Lawrence P. Eagel (LE4505)
>Justin A. Kuehn (JK5853)
>BRAGAR WEXLER EAGEL & SQUIRE, P.C.
>885 Third Avenue – Suite 3040
>New York, NY 10022
>Tel.: (212) 308-5858
>Fax: (212) 486-0462
>eagel@bragarwexler.com
>kuehn@bragarwexler.com
>*Attorneys for March Mazzatta and*
>*Michele McHugh-Mazzatta*