Edward A. Friedman
William P. Weintraub
Anne E. Beaumont
FRIEDMAN KAPLAN SEILER
  & ADELMAN LLP
7 Times Square
New York, New York 10036-6516
Telephone:    (212) 833-1100
E-mails:    efriedman@fklaw.com
            wweintraub@fklaw.com
            abeaumont@fklaw.com

*Attorneys for Boultbee (Helsinki) AB and Boultbee (Vasteras) AB*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
                                                               :
                                                               :
In re LEHMAN BROTHERS                    :    Chapter 11
HOLDINGS INC., et al.,                   :    Case No. 08-13555 (JMP)
                                                               :
        Debtors.                         :
                                                               :    (Jointly Administered)
---------------------------------------------------------------x

**LIMITED OBJECTION OF BOULTBEE (HELSINKI) AB AND
BOULTBEE (VASTERAS) AB TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF
<u>LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS</u>**

Boultbee (Helsinki) AB and Boultbee (Vasteras) AB (together, "Boultbee") hereby submit their Limited Objection to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors and in support thereof, respectfully state as follows:

**<u>RELEVANT BACKGROUND</u>**

1.    On September 15, 2008 and on certain dates thereafter (as applicable, the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for

1048702.5

procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan (the "Plan") [Docket No. 19627] and Disclosure Statement to the Debtors' Third Amended Joint Chapter 11 Plan (the "Disclosure Statement") [Docket No. 19629]. The Court approved the Disclosure Statement on September 1, 2011 [Docket No. 19631]. On September 15, 2011, the Court entered an order approving a modification to the Disclosure Statement [Docket No. 20016].

3. On October 25, 2011, the Debtors filed a Plan Supplement [Docket No. 21254]. Exhibit 2 to the Plan Supplement is identified by the Debtors as a "Schedule of Contracts and Unexpired Leases to Be Assumed Pursuant to Section 11.1 of the Plan." Among the contracts listed on Exhibit 2 of the Plan Supplement are any derivatives contracts between Boultbee and debtor Lehman Brothers Special Financing, Inc. ("LBSF").

4. Prior to the Petition Date, Boultbee and LBSF entered into that certain ISDA Master Agreement, ISDA Credit Support Annex, and two confirmations (among other documents) setting forth the terms of certain swap transactions between Boultbee (Vasteras) AB and LBSF (collectively, the "Swap Agreement").[1] Debtor LBHI was a Credit Support Provider under the Swap Agreement.

5. On September 22, 2009, Boultbee (Vasteras) AB filed proofs of claim nos. 28487 and 28488 against LBHI and LBSF respectively for amounts owing due to Boultbee (Vasteras) AB's designation of an Early Termination Date under the Swap Agreement in December 2008. The Debtors have objected to Boultbee's proofs of claim through an omnibus

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Swap Agreement.

2

claims objection [Docket No. 19378]. Boultbee (Helsinki) AB -- the assignee and current owner of the claims -- has responded to the claims objection [Docket No. 20210], and a hearing on the objection has been scheduled for December 21, 2011 but has been adjourned *sine die* subject to mediation between the parties [Docket No. 21549].

## **OBJECTION**

6.  Boultbee objects to confirmation of the Plan to the extent that it purports to assume the Swap Agreement. Bankruptcy Code section 365(a) permits a debtor to assume or reject an "executory contract" during the course of a bankruptcy case. 11 U.S.C. § 365(a). Similarly, section 1123(b)(2) provides that a chapter 11 plan "may . . . subject to section 365 of this title, provide for the assumption, rejection or assignment of any executory contract . . . ." *Id.* § 1123(b)(2). The Swap Agreement cannot be assumed because it is no longer an executory contract subject to assumption -- or rejection -- under section 365 or section 1123(b)(2).

7.  Although the term "executory contract" is not defined in the Bankruptcy Code, "courts have long employed the definition articulated by Professor Countryman, *i.e.*, 'a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.'" *In re Wireless Data Inc.*, 547 F.3d 484, 488 n.1 (2d Cir. 2008) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I,* 57 Minn. L. Rev. 439, 460 (1973)).

8.  An agreement is not executory where it has been terminated and the only material obligation remaining is the payment of money. *In re Leibinger-Roberts, Inc.*, 105 B.R. 208, 212-13 (Bankr. E.D.N.Y. 1989) (citing *In re Chateaugay Corp.*, 102 B.R. 335, 344-45 (Bankr. S.D.N.Y. 1989)).

9.  As noted above, Boultbee (Vasteras) AB designated an Early Termination Date under the Swap Agreement in December 2008 and thereafter filed proofs of claim for contractual amounts due as a result of that Early Termination. Boultbee is aware that the Debtors dispute, among other things, the effectiveness of Boultbee (Vasteras) AB's designation of an Early Termination Date under the Swap Agreement. However, the Debtors cannot contest that the Swap Agreement must have terminated no later than July 15, 2010, when it would have expired by its own terms. Specifically, the Swap Agreement defines July 15, 2010 as the "Termination Date" of the agreement in the event an Early Termination Date has not previously occurred.[2]

10. In short, there is no set of circumstances under which the Swap Agreement currently remains in effect or any of the parties has material remaining obligations other than the payment of money. Accordingly, the Swap Agreement is not an executory contract subject to assumption or rejection under section 365 of the Bankruptcy Code, and the Plan should not be confirmed to the extent it purports to assume the Swap Agreement. 11 U.S.C. § 1129(a)(1) (requiring, as a prerequisite to confirmation, that a chapter 11 plan comply with all other applicable Bankruptcy Code provisions, which here, includes section 365).

11. Without waiving its argument that the Swap Agreement is not an executory contract, Boultbee further objects to the Debtors' proposed assumption of the Swap

---

[2] Boultbee is aware that this Court previously concluded that a swap agreement that has been unilaterally terminated prior to its natural expiration can be treated as an executory contract. *See Lehman Bros. Special Fin. Inc. v. BNY Corp. Trustee Servs. Ltd. (In re Lehman Bros. Holdings Inc.)*, 422 B.R. 407, 415-16 (Bankr. S.D.N.Y. 2010) (hereinafter, "*BNY*"). In *BNY*, however, the Court found that notwithstanding the unilateral early termination of the agreement, "all obligations of the parties under the ISDA Master Agreement *remain[ed] outstanding* . . . ." *Id.* at 416 (emphasis added). Moreover, the Court noted that *both* parties had continuing obligations to make payments to each other. *Id.* at 416. Here, by contrast, even if the Swap Agreement had not been subject to an Early Termination, it would have *expired* by its own terms more than a year ago, and the only material remaining obligation is *one party's* payment of money to the other. Finally, this Court's decision in *BNY* did not even purport to address whether the agreement at issue could be assumed under section 365(a). Rather, the Court addressed whether the agreement could be subject to the *ipso facto* provisions of section 365(e)(1). Based on the foregoing, this Court's ruling in *BNY* does not apply to the Swap Agreement here.

4

1048702.5

Agreement because the Debtors' proposed "cure amount" is inadequate. Bankruptcy Code section 365(b)(1) requires that a debtor cure existing contractual defaults -- both monetary and non-monetary -- as a prerequisite to contract assumption. 11 U.S.C. § 365(b)(1)(A). According to the Cure Amount Notices served by the Debtors, the Debtors propose to pay "$0" to cure the existing defaults under the Swap Agreement. Boultbee objects to the foregoing calculation.

12.     To cure the monetary defaults under the Swap Agreement, the Debtors must, at a minimum, pay the amounts sought in the proofs of claim filed by Boultbee (Vasteras) AB.[3] Moreover, the Debtors must compensate Boultbee for the pecuniary losses resulting from the defaults as required by section 365(b)(1)(B). Unless and until the Debtors pay these amounts, the Swap Agreement cannot be assumed. Even if the Debtors pay these amounts, however, the Swap Agreement cannot be assumed because (i) the Debtors have not cured the non-monetary defaults under the Swap Agreement as required by section 365(b)(1)(A), and (ii) the Debtors have failed to provide adequate assurance of future performance under the Swap Agreement as required by section 365(b)(1)(C).

13.     Finally, according to Exhibit 2 of the Plan Supplement, "the Debtors' determination to assume the executory contracts on the annexed list is subject to agreement of the relevant counterparty or, if necessary, adjudication by the Bankruptcy Court, as to the cure amounts or requirements for adequate assurance of future performance, required by the Bankruptcy Code in connection with assumption of the applicable contract." In the event that the Court were to determine that the Swap Agreement *is* subject to assumption by the Debtors, Boultbee expressly reserves right to (i) further dispute any alternative calculations by the Debtors

---

[3] Although the Debtors have objected to Boultbee's proofs of claim, that objection remains unresolved and is the subject of mediation that has yet to be conducted. The Debtors should not be permitted to preempt the proper adjudication of Boultbee's claims with a preclusive determination from the Court that "$0" is owed to Boultbee under the Swap Agreement, particularly since there is no factual basis for the Court to make such determination.

1048702.5

of any cure payments to be made to Boultbee upon assumption of any executory contracts between the Debtors and Boultbee and/or require among the conditions to assumption that the Debtors pay any monetary cure amounts that are determined to be owed to Boultbee; (ii) contest the Debtors' ability to cure existing monetary and non-monetary defaults and/or pay required cure amounts pursuant to Bankruptcy Code section 365(b)(1)(A); and (iii) contest the Debtors' ability to provide adequate assurance of future performance as required by Bankruptcy Code section 365(b)(1)(C).

## CONCLUSION

WHEREFORE, Boultbee respectfully requests that the Court (i) deny confirmation of the Plan to the extent it purports to assume the Swap Agreement, and (ii) grant Boultbee such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 4, 2011

                                    FRIEDMAN KAPLAN SEILER &
                                      ADELMAN LLP

                                    /s/ William P. Weintraub
                                  Edward A. Friedman
                                  William P. Weintraub
                                  Anne E. Beaumont
                                  7 Times Square
                                  New York, New York 10036-6516
                                  Telephone: (212) 833-1100
                                  efriedman@fklaw.com
                                  wweintraub@fklaw.com
                                  abeaumont@fklaw.com

                                  *Attorneys for Boultbee (Helsinki) AB and Boultbee (Vasteras) AB*

1048702.5