Plan Confirmation Hearing Date and Time:  December 6, 2011 at 10:00 a.m. (prevailing Eastern time)
Plan Confirmation Objection Deadline:  November 4, 2011 at 4:00 p.m. (prevailing Eastern time)

SNR DENTON US LLP
Carole Neville, Esq.
1221 Avenue of the Americas
New York, NY  10020-1089
(212) 768-6700

*Counsel to Rockford Memorial Hospital*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                   :
In re                                                              :    **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                       :    **08-13555 (JMP)**
                                                                   :
                         Debtors.                                  :    **(Jointly Administered)**
                                                                   :
                                                                   :
-------------------------------------------------------------------x

**STATEMENT AND RESPONSE OF ROCKFORD MEMORIAL HOSPITAL
REGARDING PROPOSED ASSUMPTION OF CERTAIN SWAP AGREEMENTS
PURSUANT TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

Rockford Memorial Hospital ("Rockford"), by its undersigned counsel, hereby files this statement and response regarding the proposed assumption of certain swap agreements pursuant to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors (the "Plan") and states as follows:

1.    Rockford was a party to a certain swap agreement with the Debtors as of the commencement of these Chapter 11 cases (the "Swap Agreement").  The Swap Agreement, however, was terminated shortly after the commencement of these cases in accordance with 11 U.S.C. § 560.  Upon information and belief, the Debtors do not dispute that the Swap Agreement was terminated.

2. The Plan provides for the assumption of certain executory contracts including many derivatives contracts and swap agreements. Any executory contracts that are not specifically identified in accordance with the Plan are deemed rejected.

3. Exhibit 2 to the Plan Supplement filed by the Debtors on October 25, 2011 lists the parties to the derivatives contracts and swap agreements that the Debtors intend to assume.

4. Rockford is listed on Exhibit 2 to the Plan Supplement with respect to the Swap Agreement. As noted above, however, the Swap Agreement was terminated shortly after the commencement of these cases. As a result, the Swap Agreement is not an executory contract and cannot be assumed. See In re Texscan Corp., 107 B.R. 227, 330 (B.A.P. 9th Cir. 1989(("It is axiomatic that before 11 U.S.C.§365 can apply a contract must exist. If a contract has expired by its own terms then there is nothing left to assume or reject."); In re Westfield Apartments, LLC, 2010 WL 2179622 ("Even if a contract is executory at the time of the bankruptcy filing, the right to assume that contract under §365 is extinguished if the contract expires by its own terms or otherwise ceases to exist.").

5. Rockford is unsure whether the terminated Swap Agreement was mistakenly listed or whether the Debtors listed Rockford and the Swap Agreement to avoid any argument that the terminated Swap Agreement would be deemed rejected (which would be a material breach by the Debtors) and thereby possibly deprive the Debtors of any rights they might have as a result of the termination. If it is the latter, Rockford would agree that the terminated agreement is not an executory contract and thus is neither being assumed nor rejected. Rockford would further agree that the failure to list the terminated Swap Agreement as an assumed contract shall not (a) mean that the terminated Swap Agreement is being rejected or (b) impair or otherwise

affect the rights of either the Debtors or Rockford arising from the termination of the Swap Agreement.

6.  In no event, however, should the Plan provide for the assumption of the terminated Swap Agreement. As a matter of law it is improper and it would also inappropriately cast doubt on the status of the terminated Swap Agreement which may have been replaced with a new swap agreement with a new counter-party.

WHEREFORE, for the foregoing reasons, Rockford respectfully requests that Rockford and the terminated Swap Agreement be removed from Exhibit 2 to the Plan Supplement and, to the extent the Debtors or the Court deem necessary, provide language in any order confirming the Plan clarifying that the failure to list the terminated Swap Agreement as an assumed contract does mean that the Swap Agreement is being rejected and does not impair or otherwise affect the rights of the parties to the Swap Agreement.

Dated:  November 4, 2011                              SNR DENTON US LLP

*/s/      Carole Neville*
Carole Neville
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

*Counsel to Rockford Memorial Hospital*

3