Lisa M. Solomon, Esq.
LAW OFFICES OF LISA M. SOLOMON
305 Madison Avenue, Suite 4700
New York, NY 10165
Tel: 212- 471-0067; Fax: 212-980-6965

*Counsel for Claimants Vincent Primiano,*
*Anke Parr, Harsh Shah, Riccardo Banchetti,*
*Philippe Dufournier, Giancarlo Saronne*
*and Gordon Sweely*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: | Chapter 11 |
| : | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | |
| : | (Jointly Administered) |
| Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LIMITED OBJECTION OF CLAIMANTS VINCENT PRMIANO, ANKE PARR,
HARSH SHAH, RICCARDO BANCHETTI, PHILIPPE DUFOURNIER,
GIANCARLO SARONNE AND GORDON SWEELEY
TO CONFIRMATION OF DEBTORS' THIRD AMENDED CHAPTER 11 PLAN

Vincent Primiano, Anke Parr, Harsh Shah, Riccardo Banchetti, Philippe

Dufournier, Giancarlo Saronne and Gordon Sweely (collectively, "Claimants"), by their

undersigned counsel, hereby submit this limited objection (the "Objection") to confirmation of

the Debtors' Third Amended Plan (the "Plan"). In support of this Objection, Claimants

respectfully represent as follows:

BACKGROUND

1.      Prior to the  bar date for filing claims herein, Claimants each filed a claim

(collectively, the "Claims") asserting a general unsecured claim, and in certain cases a portion

thereof as a priority  claim, for unpaid deferred compensation awarded to each Claimant in the

1

form of restricted stock units ("RSU's").

2.      The Debtors have filed an objection to each Claim, *inter alia*, seeking to reclassify each such Claim as an equity interest. Claimants have or will be filing timely responses to the Debtors' objection on the ground that such Claim represents deferred compensation provided to Claimant in the form of RSU's.[1] As provided more fully in each of the responses heretofore filed, the RSU's were an integral and substantial component of regular employee compensation, they were not "equity securities" as defined under the Bankruptcy Code, and they are not subject to subordination under §510(b) of the Bankruptcy Code as they are not for "damages arising from the purchase or sale of such a security."

3.      The Debtors have adjourned from time to time the hearing with respect to their objections to each of the Claims, which is now scheduled for December 21, 2011, after the scheduled confirmation hearing, other than the Sweely Objection that is scheduled for November 30, 2011.  The Debtors have not given any assurances that the November 30, 2011 hearing with regard to the Sweely Objection will go forward as scheduled.

4.      The Court has not yet ruled on the merits of any similar objection the Debtors have lodged with respect to general unsecured and/or priority claims based upon RSU's.

GROUNDS FOR LIMITED OBJECTION

5.      Article 1.51 of the Plan contains a definition of "Equity Interest" that purports to include each of the Claims as a Class 12 Equity Interest under the Plan. Thus, the Debtors have crafted an expansive definition of "Equity Interests" in the Plan that includes, inter alia, "vested

---

[1]   Each Claimant has filed a response to the Debtors' objection other than Gordon Sweely whose response time with respect to the Debtors' objection (the "Sweely Objection") is November 11, 2011.  Mr. Sweely will be filing a response to the relief the Debtors have sought with respect to his claim.

2

and/or unvested restricted stock units." This definition of equity interest does not comport with the definition of "equity interest" under the Bankruptcy Code. By including RSU's in the definition of equity interest, confirmation of the Plan would essentially predetermine a contested matter – the classification of each of the Claims – and deny Claimants their due process rights in connection with ongoing and pending litigation. The definition of "equity interest' under the Plan should be amended to specifically exclude RSU's.

CONCLUSION

6.     For the reasons stated herein, this Court should not confirm the Plan unless the Plan is modified as set forth herein, or alternatively, the confirmation order specifically preserves each Claimant's rights with respect to the subject Claim until entry of a final order with respect to the contested matter pertaining to the subject Claim.

WHEREFORE, Claimants request that this Court (i) enter an order denying confirmation of the Plan unless the modification sought herein is made to the Plan; and (ii) grant Claimants such other and further relief as this Court deems just and proper under the circumstances.

Dated:  New York, New York
         November 4, 2011

LAW OFFICES OF LISA M. SOLOMON

By: _____
Lisa M. Solomon (LS-0086)
305 Madison Avenue, Suite 4700
New York, New York 10165
(212) 471-0067

*Counsel for Claimants Vincent Primiano, Anke Parr,
Harsh Shah, Riccardo Banchetti, Philippe
Dufournier, Giancarlo Saronne and Gordon Sweely*