Sabin Willett
Evan Benanti
**BINGHAM MCCUTCHEN LLP**
One Federal Street
Boston, Massachusetts  02110
(617) 951-8000

Attorneys for State Street Bank and Trust Company

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF STATE STREET BANK AND TRUST COMPANY
TO ASSUMPTION OF AGREEMENT AS SET FORTH IN PLAN SUPPLEMENT**

State Street Bank and Trust Company ("State Street"), while reaffirming its support for confirmation of the Plan (as defined below), hereby submits its limited objection to the designation of a certain agreement between State Street, as trustee, and Lehman Brothers Special Financing Inc. ("LBSF") as an executory contract to be assumed pursuant to section 11.1 of the Plan, as set forth in the Plan Supplement (as defined below), and respectfully states as follows:

**BACKGROUND**

1.    On August 31, 2011, Lehman Brothers Holdings Inc. and its debtor affiliates, including LBSF (the "Debtors"), filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan").

2.    State Street and the Debtors are parties to that certain plan support agreement dated as of July 5, 2011 (the "PSA"). As contemplated by the PSA, State Street has executed ballots in favor of confirmation of the Plan.

3. Late on October 25, 2011, the Debtors filed their Plan Supplement, which included, as Exhibit 2, a schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "Assumed Contracts List").

4. The PSA obligates the Debtors, in advance of filing, to consult with State Street concerning any plan supplement that impairs State Street's treatment. *See* PSA §1.01(iii). The Debtors circulated their 1,005-page Plan Supplement to counsel for parties to various plan support agreements shortly before filing, but did not consult with State Street prior to the filing of the Plan Supplement, concerning the proposed impairment discussed below.[1]

5. The Plan Supplement includes, at page 123 of Exhibit 2, a derivatives contract on the Assumed Contracts List, with LBSF identified as the debtor, and "SSB&T / Bond Market (II) Common Trust Fund" as the counterparty.

6. The contract at issue apparently is an ISDA Master Agreement, dated as of September 4, 2001, between LBSF and Bond Market (II) Common Trust Fund, acting by and through State Street, including its division State Street Global Advisors ("SSgA"), as trustee (the "Agreement").

7. By letter dated September 24, 2008 (the "Notice"), SSgA delivered to LBSF notice that an Event of Default as defined by the Agreement had occurred, which notification was intended by SSgA to effect the termination of all outstanding transactions under the Agreement (the "Transactions"). SSgA delivered the Notice by hand delivery, facsimile, and email.

8. The Debtors have disputed whether the Notice terminated the Transactions, and have argued that, instead, SSgA first conveyed to LBSF its intention to terminate the Transactions on or about April 24, 2009.

---

[1] Accordingly, State Street is constrained by the calendar of the plan process to protect its rights by submission of this limited objection.

**LIMITED OBJECTION**

9.  Although the Debtors and State Street may disagree as to when the Transactions were terminated, there is no dispute that the Transactions were, in fact, terminated. As a result, there are no open Transactions under the Agreement.

10. Accordingly, State Street objects to the inclusion of the Agreement on the Assumed Contracts List, but only to the extent that the assumption in and of itself might otherwise suggest that there are open Transactions under the Agreement.

11. State Street submits this limited objection for the further purposes of ensuring that State Street is not deemed to accede to any argument that the Transactions were not terminated, and that State Street is not estopped from asserting that the Transactions were terminated.

12. State Street supports confirmation of the Plan in all respects other than the limited one at issue here: the belated inclusion of the Agreement on the Assumed Contracts List in the Plan Supplement, to the extent that the assumption in and of itself might otherwise suggest that there are open Transactions under the Agreement.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, State Street respectfully requests that the Court (i) confirm the Plan, (ii) include in its confirmation order a provision that the mere inclusion of the Agreement in the Assumed Contracts List does not suggest that there are any open Transactions under the Agreement, (iii) reserve all rights of State Street and Bond Market (II) Common Trust Fund to contest the date of termination of the Transactions under the Agreement, or of any termination amount, and (iv) grant such other and further relief as the Court deems just and proper.

Dated: November 4, 2011
       Boston, Massachusetts

                                            **BINGHAM MCCUTCHEN LLP**

                                            /s/ Sabin Willett
                                            Sabin Willett
                                            sabin.willett@bingham.com
                                            Evan Benanti
                                            evan.benanti@bingham.com
                                            One Federal Street
                                            Boston, Massachusetts  02110
                                            (617) 951-8000

                                            Attorneys for State Street Bank and Trust Company

4