Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 4, 2011 at 4:00 p.m. (Prevailing Eastern Time)

VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
Edward A. Smith
Rishi Kapoor

*Counsel for Aberdeen Fund Management Limited,*
*Aberdeen Asset Management Investment Services*
*Limited, and Aberdeen Asset Managers Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | |
| | : | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | |
| | : | **Case No. 08-13555 (JMP)** |
| **Debtors.** | : | |
| | : | **(Jointly Administered)** |

---------------------------------------------------------------x

**OBJECTION OF ABERDEEN FUND MANAGEMENT LIMITED,**
**ABERDEEN ASSET MANAGEMENT INVESTMENT SERVICES LIMITED,**
**AND ABERDEEN ASSET MANAGERS LIMITED TO DEBTORS' PROPOSED**
**ASSUMPTION OF CERTAIN CONTRACTS PURSUANT TO SECTION 11.1 OF**
**THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN**
**BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Aberdeen Fund Management Limited, Aberdeen Asset Management Investment

Services Limited, and Aberdeen Asset Managers Limited (collectively, "Aberdeen"),[1] by and

---

[1]  Aberdeen is filing this Objection on behalf of and with authority from the counterparties to certain foreign exchange forward contracts and currency options entered into with LBCC (as defined below), which are characterized by Debtors as executory contracts in Exhibit 2 to the Plan Supplement (as defined below) and are listed, to the best of Aberdeen's ability, in Exhibit A attached hereto (each an "Aberdeen Counterparty," and collectively, the "Aberdeen Counterparties"). Moreover, to the extent any of the Exhibits to this Objection make

through their undersigned counsel, hereby submits this objection (the "Objection") to the Debtors' proposed assumption of certain purported executory contracts identified in Exhibit 2 to the *Plan Supplement* dated October 25, 2011 (the "Plan Supplement") [Docket No. 21254] in connection with section 11.1 of the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* dated August 31, 2011 (the "Third Amended Plan") [Docket No. 19627].  In support of its Objection, Aberdeen respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Aberdeen submits this Objection to preserve its rights with respect to certain purported executory contracts that Debtors' intend to assume.  Debtors have represented that counterparties to such contracts would be mailed notice of such proposed assumption on or before October 27, 2011.  To date, however, Aberdeen has not received any notices regarding the Debtors' intent to assume contracts in which Aberdeen or the Aberdeen Counterparties have an interest.  Accordingly, Aberdeen is filing this Objection protectively to preserve its rights, and to assert its objection, to any proposed assumption of such contracts.

2.      As set forth below, the Court should deny Debtors' request to assume the purported executory contracts with the Aberdeen Counterparties because such agreements were terminated pre-petition as a result of the repudiation of such agreements by Lehman Brothers Commercial Corporation ("LBCC").  Because these agreements do not qualify as executory contracts, Debtors cannot assume them.

---

reference to an entity named "Aberdeen Asset Management Limited," such reference is due to a typographical error and was intended to refer to "Aberdeen Asset Managers Limited."

## BACKGROUND

*The Debtors' Bankruptcy Cases and Proposed Plan of Reorganization*

       3.      On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.  In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.).

       4.      On October 5, 2008, LBCC (together with LBHI and the other jointly-administered debtors, the "Debtors"), an affiliate of LBHI, filed a voluntary petition under the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. In re Lehman Brothers Commercial Corporation, Case No. 08-13901 (JMP) (Bankr. S.D.N.Y.).

       5.      On October 16, 2008, the United States Bankruptcy Court for the Southern District of New York entered an order directing joint administration of the Debtors' chapter 11 cases and designated In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) as the lead case [Docket No. 1090].

       6.      On September 1, 2011, the Debtors filed their Third Amended Plan and related disclosure statement [Docket No. 19629].  The deadline to object to the Third Amended Plan is November 4, 2011 (the "Plan Objection Deadline").  The confirmation hearing for the Third Amended Plan is currently scheduled for December 6, 2011 at 10:00 a.m. (the "Confirmation Hearing Date").

*Assumption of Purported Executory Contracts Under the Third Amended Plan*

       7.      Pursuant to section 11.1 of the Third Amended Plan, upon confirmation of the plan, and as of the plan's effective date, all executory contracts that exist between a Debtor and any counterparty shall be deemed rejected, except for those executory contracts, among

others, that are specifically designated in the Plan Supplement as a contact to be assumed by the Debtor. Third Amended Plan, § 11.1. Pursuant to Debtors' *Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan* dated September 9, 2011 (the "Confirmation Hearing Notice"), the Debtors represented that, at least forty (40) days prior to the Confirmation Hearing Date, they would serve each counterparty to a contract listed in the Plan Supplement with a notice of Debtors' intent to assume the contract and the cure amount associated with the proposed assumption.[2] Confirmation Hearing Notice, ¶ 9(a) at 4-5. Accordingly, such notices were to be mailed to the Aberdeen Counterparties on or before October 27, 2011.

8.      Debtors filed the Plan Supplement to the Third Amended Plan on October 25, 2011. Exhibit 2 of the Plan Supplement provides a schedule of the purported executory contracts that Debtors intend to assume pursuant to section 11.1 of the Third Amended Plan. Among the contracts listed in Exhibit 2 are dozens of "forward purchase agreements" entered into between the Aberdeen Counterparties and LBCC. See Plan Supplement, Ex. 2 at 1-6, 15, 24, 28, 31, 34-36, 64, 67, 69, 84-86, 88, 111, 119, 123-24. The entries from Exhibit 2 of the Plan Supplement pertaining to the Aberdeen Counterparties are set forth in Exhibit A attached hereto.[3]

---

[2]      Pursuant to section 11.1 of the Third Amended Plan, the Debtors reserved their right to amend the Plan Supplement to add or remove any executory contract prior to the Confirmation Date (as defined therein). Third Amended Plan, § 11.1.

[3]      Due to the dearth of information provided in Exhibit 2 of the Plan Supplement, Aberdeen is unable to determine whether it has identified every purported executory contract in which it has an interest in Exhibit A. Moreover, based on a review of Aberdeen's records, it appears that certain entries in Exhibit 2 of the Plan Supplement contain errors with respect to the name of the counterparty and/or the title of the agreement. Accordingly, Aberdeen reserves its right to amend and/or correct this Objection to add or remove any purported executory contract that the Debtors intend to assume. See infra Reservation of Rights at 8.

9.      Notwithstanding Debtors' representation that it would mail notices regarding the proposed assumption of such contracts on or before October 27, 2011, as of the date of this Objection, Aberdeen has not received any such notices.[4]

10.      Nevertheless, in accordance with the Confirmation Hearing Notice, Aberdeen is filing this Objection by the Plan Objection Deadline.  Aberdeen will supplement its Objection (if necessary) upon receipt of the notices.  See Confirmation Hearing Notice, ¶ 9(a) at 4; see also infra Reservation of Rights at 8.

*Transactions with LBCC*

11.      Each of the purported executory contracts set forth in Exhibit A hereto relates to a foreign exchange forward contract or currency option entered into between (a) an Aberdeen Counterparty, acting through Aberdeen, its investment manager and agent, and (b) LBCC, acting through its agent, Lehman Brothers International (Europe) Ltd.  See Exhibit A. Each agreement is governed by English law.  According to the information provided by Debtors in Exhibit 2 of the Plan Supplement, the agreements with LBCC were entered into within months prior to the Debtors' bankruptcy filings.

12.      On or about September 22, 2008, prior to the filing of LBCC's bankruptcy petition, a representative of Aberdeen spoke with Jonathan Williams, the President of LBCC, regarding the parties' transactions.  Mr. Williams represented to Aberdeen that, as of the previous Friday, September 19, 2008, LBCC was no longer settling any foreign exchange forward contracts or currency option transactions.

13.      In response to LBCC's representation, Aberdeen sent LBCC notices dated September 23, 2008, requesting written and adequate assurance of LBCC's intention and ability to continue performing in accordance with the terms of the parties' transactions (the "Assurance

---

[4]      Aberdeen is the notice party for the transactions between the Aberdeen Counterparties and LBCC.

- 5 -

Notices"). <u>See</u> Assurance Notices, copies of which are set forth on page two of Exhibits B, C, and D attached hereto. Given the condition of the financial markets at the time, the Assurance Notices required LBCC to provide such assurances to Aberdeen by 10:00 a.m. (Eastern Standard Time) on September 24, 2008. <u>See</u> Ex. B at 2; Ex. C at 2; Ex. D at 2. As further stated in the Assurance Notices, LBCC's failure to provide such assurances would be deemed an anticipatory breach by LBCC of the parties' agreements. <u>Id.</u>

14.    LBCC did not respond to the Assurance Notices. Accordingly, on September 24, 2008, Aberdeen sent LBCC further notices stating that LBCC's failure to provide adequate assurances of its ability to continue performing in accordance with the terms of the parties' agreements rendered LBCC in anticipatory breach of the agreements, amounting to LBCC's renunciation of the parties' agreements, which Aberdeen accepted (the "Termination Notices"). <u>See</u> Ex. B at 1; Ex. C at 1; Ex. D at 1.

15.    The parties' agreements were therefore terminated as of September 24, 2008, prior to the filing of LBCC's bankruptcy petition on October 5, 2008.

## BASIS FOR OBJECTION

16.    Aberdeen objects to LBCC's proposed assumption of the agreements with the Aberdeen Counterparties because such agreements were terminated pre-petition, and therefore do not qualify as executory contracts that can be assumed by LBCC.

17.    Section 365 of the Bankruptcy Code governs the Debtors' ability to assume executory contracts. 11 U.S.C. § 365(a). Under section 365, a debtor may not assume a contract unless it is an executory contract. <u>Id.</u> While the term "executory contract" is not defined in the Bankruptcy Code, it is well-settled that an executory contract is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far

unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." In re Ames Dep't Stores, Inc., Case No. 93 Civ. 4014, 1995 U.S. Dist. LEXIS 6704, at *6 (S.D.N.Y. May 17, 1995); In re Chateaugay Corp., 130 B.R. 162, 164 (S.D.N.Y. 1991).

18.    Contracts terminated pre-petition do not constitute executory contracts under section 365 of the Bankruptcy Code because neither party has any further duty to perform. See In re Project Orange Assoc., LLC, 432 B.R. 89, 102 n.4 (Bankr. S.D.N.Y. 2010); In re Oklahoma Trash Control, Inc., 258 B.R. 461, 465-66 (Bankr. N.D. Okla. 2001).  "In short, contracts that have been effectively terminated prior to the filing of a Chapter 11 petition cannot be revived by the bankruptcy court." In re Benrus Watch Co., Inc., 13 B.R. 331, 334 (Bankr. S.D.N.Y. 1981).  And once the contract has been terminated, "the right to assume it is extinguished."  In re Balco Equities Ltd, Inc., 312 B.R. 734, 750 (Bankr. S.D.N.Y. 2004) (quoting Counties Contracting and Const. Co. v. Constitution Life Ins. Co., 855 F.2d 1054, 1061 (3d Cir. 1988)).

19.    Anticipatory repudiation terminates a contract and renders it non-executory for the purposes of Section 365.  In re Walbran, Case No. 00 B 23784, 2000 Bankr. LEXIS 1374, at *9 (Bankr. N.D. Ill. Nov. 22, 2000) ("[R]epudiation by one party to a contract relieves the other party of the obligation to perform and takes a contract out of executory status for the purpose of § 365."); In re Oklahoma Trash Control, Inc., 258 B.R. at 465-66.  Thus, when a debtor repudiates a contract pre-petition, it forfeits its ability to assume that contract in bankruptcy. See id.

20.    Here, the agreements between LBCC and the Aberdeen Counterparties were repudiated by LBCC while performance was still owing by both parties, but prior to

- 7 -

LBCC's bankruptcy filing.  <u>See</u> Exs. B-D.  Under well-established principles of applicable contract law, LBCC's repudiation had the effect of relieving the Aberdeen Counterparties of future performance, and therefore the parties' agreements are not executory for the purposes of section 365.  <u>See</u> <u>In re Project Orange Assoc., LLC</u>, 432 B.R. at 102 n.4; <u>In re Oklahoma Trash Control, Inc.</u>, 258 B.R. at 465-66 (Bankr. N.D. Okla. 2001).  Because the agreements at issue are not executory, LBCC may not assume the parties' agreements.  <u>See</u> 11 U.S.C. § 365(a).  Accordingly, the Court should deny Debtors' requests to assume the agreements with the Aberdeen Counterparties.

## <u>RESERVATION OF RIGHTS</u>

21.     Aberdeen reserves all rights with respect to the agreements discussed herein and any claims relating to those agreements.  Without limiting the generality of the foregoing, Aberdeen further reserves all rights to amend or supplement this Objection.

22.     Aberdeen further reserves all rights to present additional arguments supporting its position in the event the Court determines that the agreements at issue constitute executory contracts for the purposes of section 365 of the Bankruptcy Code, and to object to the proposed cure amount of such agreements that the Debtors intend to assume.

23.     Aberdeen hereby incorporates by reference, as if fully set forth herein, the arguments of other, similarly-situated counterparties to purported executory contracts with the Debtors.

## **RELIEF REQUESTED**

WHEREFORE, Aberdeen respectfully requests that this Court deny the Debtors' request to assume the purported executory contracts entered into between Aberdeen Counterparties and LBCC, as identified in Exhibit 2 to the Plan Supplement, and for such other relief as the Court deems just and appropriate.

Dated: New York, New York
      November 4, 2010

VENABLE LLP

By:   */s/ Edward A. Smith*
     Edward A. Smith (easmith@venable.com)
     Rishi Kapoor (rkapoor@venable.com)
     Rockefeller Center
     1270 Avenue of the Americas
     New York, New York 10020
     Telephone: (212) 307-5500
     Facsimile: (212) 307-5598

*Counsel for Aberdeen Fund Management Limited, Aberdeen Asset Management Investment Services Limited, and Aberdeen Asset Managers Limited*