DLA PIPER LLP (US)
1251 Avenue of the Americas, 25th Flr.
New York, New York  10020
Telephone:  212.335.4500
Facsimile:  212.335.4501
Thomas R. Califano, Esq.
Daniel G. Egan, Esq.

*Attorneys for The Buck Institute for Age Research*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.,** et al., | Case No. 08-13555 (JMP) |
| | Jointly Administered |
| Debtors. | |

**LIMITED OBJECTION OF THE BUCK INSTITUTE FOR AGE
RESEARCH TO THE THIRD AMENDED JOINT CHAPTER 11 PLAN
OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

The Buck Institute for Age Research (the "Buck Institute"), by and through its undersigned counsel, hereby files this limited objection to the Third Amended Joint Chapter 11 Plan, dated August 31, 2011 (as amended, modified, and/or supplemented, the "Plan"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively with LBHI, the "Debtors"), and respectfully states as follows:

**BACKGROUND**

1. On December 8, 2003, the Buck Institute entered into an ISDA Master Agreement, including a Schedule and Credit Support Annex thereto, with Lehman Brothers Special Financing Inc. ("LBSF"), one of the Debtors in these chapter 11 cases (as amended to

date, the "Buck Swap Agreement"). The agreement was entered into in order to manage interest rate volatility on certain of the Buck Institute's construction bonds. LBHI serves as credit support provider under the Buck Swap Agreement.

2. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). Subsequently, twenty-two (22) additional affiliates of LBHI, including LBSF, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. Pursuant to Section 5(a)(vii) of the Buck Swap Agreement, it is an Event of Default for LBHI, as credit support provider, to file for bankruptcy. Pursuant to section 6(a) of the Buck Swap Agreement, the Buck Institute has the right, upon the occurrence of an Event of Default, to select an early termination date for the Buck Swap Agreement.

4. On September 23, 2008, in accordance with its rights under the Buck Swap Agreement, the Buck Institute issued to LBSF a Notice of Event of Default and Designation of Early Termination Date Under ISDA Master Agreement (the "Termination Notice"), and designated October 14, 2008 as the early termination date under the Buck Swap Agreement. A copy of the Termination Notice is attached hereto as Exhibit A. On October 16, 2008, the Buck Institute wired an early termination payment to LBSF and provided a detailed explanation as to the procedure taken to determine the settlement amount due on the designated early termination date.

5. On August 26, 2010, LBSF served an alternative dispute resolution notice on the Buck Institute seeking an early termination payment that was higher than the amount wired by the Buck Institute. The parties are currently engaged in mediation in connection with the amount of the early termination payment.

6. On August 31, 2011, the Debtors filed the Plan and, on October 25, 2011, the Debtors filed a Plan Supplement which includes as Exhibit 2 thereto a schedule of executory contracts and unexpired leases that the Debtors are seeking to assume pursuant to the Plan (the "Assumed Contract List"). Included in the Assumed Contract List is the Buck Swap Agreement.

7. The Buck Swap Agreement has been validly terminated and, therefore, it is not an executory contract that can be assumed by the Debtors. Therefore, the Buck Institute is filing this limited objection to the Plan solely as it relates to the proposed assumption of the Buck Swap Agreement.

## LIMITED OBJECTION

8. Pursuant to section 365 of the Bankruptcy Code, a debtor, "subject to court approval, may assume or reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). A contract that is not executory cannot be assumed by a debtor in its chapter 11 case. See, e.g., In re Stewart Foods, Inc., 64 F.3d 141, 145 (4th Cir. 1995) ("a debtor-in-possession does not have the option of rejecting or assuming non-executory contracts").

9. It is well-established that a contract that has been validly terminated is not an executory contract that can be subsequently assumed by a debtor pursuant to section 365 of the Bankruptcy Code or otherwise. See Moody v. Amoco Oil Co., 734 F.2d 1200, 1212 (7th Cir. 1984) (once a contract is terminated, "there is nothing left for the debtor to assume."); In re Scarsdale Tires, Inc., 47 B.R. 478, 480 (Bankr. S.D.N.Y. 1985) (a contract that has been terminated is not capable of being assumed by the debtor in its bankruptcy case).

10. Indeed, on December 16, 2008, this Court entered an Order (the "December 16 Order") which, among other things, established assumption and assignment procedures with respect to prepetition derivative contracts. The December 16 Order expressly provides that

3

"[f]or the avoidance of doubt, these Assumption and Assignment Procedures shall not apply to Derivative Contracts that have been validly terminated." See December 16 Order at p. 3. Terminated derivative contracts were expressly carved out of these assumption and assignment procedures because they are not executory and therefore not capable of being assumed.

11.   In accordance with the Termination Notice, the Buck Swap Agreement was validly terminated by the Buck Institute. Accordingly, there is no executory contract for LBSF or any other Debtor to assume, and the Debtors' attempt to assume the Buck Swap Agreement is improper and should be rejected.

WHEREFORE, the Buck Institute requests that the Court (a) deny the Debtors' request to assume the Buck Swap Agreement, and (b) grant the Buck Institute such other and further relief as the Court deems just and proper.

Dated:  November 4, 2011
        New York, New York

Respectfully submitted,

/s/ Thomas R. Califano
DLA PIPER LLP (US)
1251 Avenue of the Americas, 25th Flr.
New York, New York  10020
Telephone:  212.335.4500
Facsimile:  212.335.4501
Thomas R. Califano, Esq.
Daniel G. Egan, Esq.

*Attorneys for The Buck Institute for Age Research*

4

**Certificate of Service**

    I hereby certify that on November 4, 2011, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the parties registered for electronic service via the Court's electronic transmission facilities, and caused it to be mailed by the United States Postal Service, first class mail, to the following parties:

Harvey R. Miller Esq.
Lori R. Fife Esq.
Alfredo R. Perez Esq.
Weil, Gotshal & Manges
767 Fifth Avenue
New York, NY 10153-0119

Dennis F. Dunne Esq.
Dennis O'Donnell Esq.
Evan Fleck Esq.
Milbank, Tweed, Hadley & McClory LLP
1 Chase Manhattan Plaza
New York, NY 10005

Elisabetta Gasparini Esq.
Andrea Schwartz, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004

Dated: New York, New York
       November 4, 2011

                                      /s/ Maria C. Grabis
                                        MARIA C.GRABIS