Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: November 4, 2011 at 4:00 p.m. (Prevailing Eastern Time)

**EDWARDS WILDMAN PALMER LLP**
750 Lexington Avenue
New York, New York 10022
Telephone: (212) 308-4411
Fax: (212) 308-4844
Larry D. Henin
Paul J. Labov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re:                                              :     Chapter 11
LEHMAN BROTHERS HOLDINGS, INC., *et al.* :     Case No. 08-13555 (JMP)
                                                    :     Jointly Administered
                  Debtors.                          :
------------------------------------------------------------ x

**LIMITED OBJECTION OF MASSACHUSETTS**
**DEVELOPMENT FINANCE AGENCY TO ASSUMPTION**
**BY DEBTORS OF PREPETITION DERIVATIVE CONTRACTS**

The Massachusetts Development Finance Agency (the "**MDFA**"), as successor to the Massachusetts Industrial Finance Agency, by and through its undersigned attorneys, respectfully submits this limited objection (the "**Objection**") to the Third Amended Joint Chapter 11 Plan dated August 31, 2011 (the "**Plan**") of Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors in the above-referenced chapter 11 cases, including Lehman Brothers Special Financing Inc. ("**LBSF**," and together with LBHI and other affiliated debtors the "**Debtors**") in so far as the Debtors seek to assume a derivative contract that has already been terminated. In support of this Objection, the MDFA respectfully states as follows:

## PRELIMINARY STATEMENT

The MDFA and LBSF are parties to a certain International Swap Dealers Association, Inc. Master Agreement, which includes a Schedule and a Credit Support Annex (collectively, the "**Swap Agreement**"), and a certain swap transaction entered into thereunder (the "**Swap Transaction**" and collectively with the Swap Agreement, the "**Swap Documents**"). The Swap Documents were entered into as part of the financing of a facility to be used by The Commonwealth of Massachusetts and located in the City of Chelsea, Massachusetts.

An Event of Default, as defined in the Swap Agreement, occurred as a result of the bankruptcy filing of LBHI – a credit support provider - on September 15, 2008 and the bankruptcy filing of LBSF on October 3, 2008. On December 11, 2008, the MDFA terminated the Swap Agreement as per its terms. Accordingly, the Swap Documents at issue were terminated and therefore, there is nothing left to assume.

## BACKGROUND

1. The MDFA and LBSF are parties to the Swap Documents dated October 1, 1993, as supplemented by two separate Confirmations, each dated November 12, 1998. The Swap Documents relate to the financing of the Massachusetts Information Technology Center, a facility located in Chelsea, Massachusetts and used by the Department of Revenue of The Commonwealth of Massachusetts.

2. On September 15, 2008 (the "**Petition Date**"), LBHI and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

3. On October 3, 2008, another affiliate of LBHI, LBSF, filed a voluntary petition for relief under the Bankruptcy Code.

4. On December 11, 2008, the MDFA hand delivered the Termination Under the ISDA Master Agreement (the "**Termination**") relating to the Swap Documents to the appropriate parties at LBSF and Lehman Brothers Inc.

5. On September 1, 2011, the Court entered the *Amended Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtor's Joint Chapter 11 Plan* (the "**Disclosure Statement Order**") [Dkt. No. 19631].

6. Under the Disclosure Statement Order, any party wishing to object to the assumption of executory contracts pursuant to section 11.1 of the Plan – which executory contracts were contemplated to be included on a Plan Supplement – was required to do so by November 4, 2011 at 4:00 p.m.

7. On October 25, 2011, the Debtors filed the Plan Supplement [Dkt. No. 21254], which, at Exhibit 2, sets forth the schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the plan.

8. On Page 406 of the Plan Supplement, the Debtors list the transaction relating to the Massachusetts Information Technology Center Project, which, ostensibly relate to the Swap Documents.

9. As set forth above, the Swap Documents were terminated on December 11, 2008 and since that time, the parties have had some communications regarding the computation of the termination amount payable under the Swap Documents. On or about June 13, 2011, the MDFA received a subpoena for its work product in this regard.

**LIMITED OBJECTION**

10. The MDFA objects to the assumption of the Swap Documents as there is simply nothing left to assume. If a contract has expired by its own terms, it is no longer executory, section 365 does not apply, and there is nothing left to assume. See, e.g., Counties Contracting & Const. Co. v. Constitution Life Ins. Co., 855 F.2d 1054, 1061 (3d Cir. 1988) ("A contract may not be assumed under § 365 if it has already expired according to its terms.").

11. Clearly, the MDFA's actions in terminating the Swap Documents are protected under sections 560 and 365(e) of the Bankruptcy Code. Once the Swap Documents were terminated, they were no longer "executory" and section 365 was no longer applicable. Hence, the Debtors may not "assume" the Swap Documents.

## MEMORANDUM OF LAW

Because the legal points and authorities upon which this Objection relies are incorporated herein, the MDFA requests that the requirement of a separate memorandum of law under Local Rule 9013-1(b) of the Local Bankruptcy Rules for the southern District of New York be deemed satisfied or waived.

## RESERVATION OF RIGHTS

The MDFA reserves its rights to join in any other objections or responses which may be filed in connection with this matter. The MDFA reserves all other rights and nothing contained herein shall be construed as an admission or waiver of any rights or claims that the MDFA may be entitled to assert.

**CONCLUSION**

**WHEREFORE**, for the reasons stated above, the MDFA objects to the Debtors' attempt to assume the Swap Documents and respectfully requests that the Court deny the Debtors' request to assume the Swap Documents and grant such other and further relief as is just and proper.

Dated: November 4, 2011
      New York, New York

By: /s/ Paul J. Labov
EDWARDS WILDMAN PALMER LLP
750 Lexington Avenue
New York, New York 10022
Telephone: (212) 308-4411
Fax: (212) 308-4844
Larry D. Henin
Paul J. Labov

*Counsel for Massachusetts Development Finance Agency*