SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Bruce E. Clark
Matthew A. Schwartz
Theodore A.B. McCombs

*Attorney for Giants Stadium LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

―――――――――――――――――――――――――

| | |
|---|---|
| In re | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| Debtors. | : Jointly Administered |

―――――――――――――――――――――――――

**LIMITED OBJECTION OF GIANTS STADIUM LLC TO DEBTORS'**
**SUPPLEMENT TO THE THIRD AMENDED JOINT CHAPTER 11 PLAN**

Giants Stadium LLC ("GSLLC") hereby objects to the Third Amended Joint Chapter 11 Plan ("the Plan") of Lehman Brothers Holding Inc. ("LBHI") and its Affiliated Debtors (together, the "Debtors"), insofar as the Plan Supplement filed October 25, 2011 ("Plan Supplement") [Dkt. No. 21254] proposes to give Lehman Brothers Special Finance Inc. ("LBSF") the ability to assume two terminated derivative contracts with GSLLC (the "Contracts") on the purported grounds that such contracts are "executory." The Contracts are not executory, GSLLC properly terminated them, and there is nothing left for LBSF to assume. Furthermore, even if the Contracts had not been terminated, LBSF has no legal ability to assume them. Accordingly, GSLLC objects to

the Plan's inclusion of the Contracts in Exhibit 2, Part A of the Plan Supplement, and to any attempt by LBSF to "assume" the terminated Contracts.

1. GSLLC's claims in this bankruptcy ("Claims")[1] arise from two swap transactions ("Transactions") entered into by GSLLC and LBSF and governed by separate ISDA Master Agreements and their accompanying documents (the "Contracts"). LBHI was LBSF's guarantor under the Contracts. These Transactions were a critical part of GSLLC's portion of the financing of the New Meadowlands Stadium ("Stadium"), in which, among other things, the New York Football Giants play their home games.

2. LBHI's bankruptcy filing on September 15, 2008 was an "Event of Default" under the Contracts, and, on September 18, 2008, GSLLC exercised its rights under the Contracts to terminate the Transactions by hand-delivering to LBSF written notice of termination. On October 29, 2009, GSLLC filed its Claims against LBSF and LBHI (the "Claims") for damages arising from such termination.

3. In the over two years since GSLLC filed its Claims, Debtors have neither objected to those Claims nor filed any legal document claiming that GSLLC did not terminate the Transactions.

4. Relying on the obvious fact that the Transactions had been terminated—and that all parties (including the Debtors) were treating them as such—GSLLC has since refinanced Stadium debt, at significant extra cost to GSLLC.

5. On August 31, 2011, the Debtors filed a proposed Chapter 11 Plan [Dkt. No. 19627.] Article XI, § 11.1 purports to provide for the assumption of executory contracts and unexpired leases designated in the Plan Supplement. On October 25, 2011,

---

[1] Claim 64070 for $301,804,617.14 against LBSF (as counterparty) and Claim 64071 for $301,804,617.14 against LBHI (as guarantor), both filed on October 29, 2009. These two Claims slightly amended two claims originally filed on September 22, 2009.

2

the Debtors filed the Plan Supplement [Dkt. No. 21254], which includes as Exhibit 2, Part A, a schedule of derivative contracts that Debtors seek to assume as executory contracts. The Plan Supplement surprisingly lists the swaps between LBSF and GSLLC as executory contracts to be assumed by LBSF as part of the Plan.

6. The Transactions plainly are not executory contracts, because GSLLC properly terminated them. Therefore, there is no performance left for LBSF to assume.

7. Moreover, even if Debtors could somehow show that the Contracts had not been terminated, LBSF cannot legally assume them for several reasons.

8. First, LBSF cannot give adequate assurances of its future performance, because the Transactions are very long dated—scheduled to run until April 2047—and LBSF is a liquidating entity that is to pay out all of its assets in a timeframe well before that date.

9. Second, because of LBHI's bankruptcy, LBSF cannot satisfy its material, non-monetary obligation under the Contracts of having LBHI guarantee LBSF's obligations.

10. Third, under the Contracts, LBHI's bankruptcy constitutes an Event of Default, and, given that LBHI is liquidating, there can be no cure of this Event of Default. Under the Contracts, no payments may be made between LBSF and GSLLC during an Event of Default, and so there is no future performance by GSLLC for LBSF to assume.

11. Fourth, LBSF cannot substantively litigate the issues of termination in a proceeding before this Court regarding confirmation of a plan.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, Giants Stadium respectfully requests that the Court either strike the GSLLC Transactions from the Debtors' Plan Supplement, Exhibit 2, Part A, or deny confirmation of the Plan, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 4, 2011

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:   /s/
      Bruce E. Clark
      Matthew A. Schwartz
      Theodore A.B. McCombs
      SULLIVAN & CROMWELL LLP
      125 Broad Street
      New York, New York 10004
      Telephone: (212) 558-4000
      Facsimile: (212) 558-3588

*Attorney for Giants Stadium LLC*