**Hearing Date and Time:  December 6, 2011 at 10:00 a.m.**
**Objection Deadline:  November 4, 2011 at 4:00 p.m.**

LOWENSTEIN SANDLER PC
Michael S. Etkin
Ira M. Levee
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
212. 262.6700  (Telephone)
212. 262.7402  (Facsimile)

-- and --

65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500 (Telephone)
973.597.2400 (Facsimile)

*Bankruptcy Counsel to Lead Plaintiffs and the Class*

# IN THE UNITED STATES BANKRUPTCY
# THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | Case No. 08-13555 (JMP) (Jointly Administered) |
| Debtors. | Re:  Doc. Nos. 19627 |

## SECURITIES LITIGATION LEAD PLAINTIFFS' STATEMENT AND RESERVATION OF RIGHTS WITH RESPECT TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS

Alameda County Employees' Retirement Association, Government of Guam Retirement Fund, Northern Ireland Local Government Officers' Superannuation Committee, City of Edinburgh Council as Administering Authority of the Lothian Pension Fund and Operating Engineers Local 3 Trust Fund, the court-appointed lead plaintiffs (collectively, the "Lead Plaintiffs") in the consolidated securities class action pending in the United States District Court for the Southern District of New York (the "District Court") entitled *In re Lehman Brothers*

*Equity/Debt Securities Litigation*, Case No. 08-05523 (LAK) (the "Securities Litigation"),[1] by and through their undersigned counsel, submit this statement and reservation of rights with respect to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [Doc. No. 19627] (the "Third Amended Plan"), and state the following:

## BACKGROUND

### A.     The Securities Litigation

1.      On April 29, 2008, a securities class action styled *Southeastern Pennsylvania Transportation Authority v. Lehman Brothers Holdings Inc., et al.*, No. 08-CV-2431, was filed in the Northern District of Illinois against LBHI[2] and certain of its officers.  On June 18, 2008, the Securities Litigation was commenced in the District Court.  Conforming to the lead plaintiff deadlines established by the Private Securities Litigation Reform Act of 1995 and repeated in the notices circulated in connection with the *Southeastern Pennsylvania Transportation Authority* action on June 30, 2008, Lead Plaintiffs moved for appointment as lead plaintiffs in the Securities Litigation.  On July 31, 2008, Judge Lewis A. Kaplan, U.S.D.J., entered an order appointing Lead Plaintiffs and approving Lead Plaintiffs' selection of counsel.  On April 23, 2010, Lead Plaintiffs filed the third amended class action complaint (the "Operative Complaint") with the District Court.

2.      The defendants in the Securities Litigation[3] are Richard S. Fuld, Jr., the Debtors' former president and chief executive officer; Christopher M. O'Meara, the Debtors' former chief financial officer, controller and executive vice president; Joseph M. Gregory, the Debtors'

---

[1]     By order of the Judicial Panel on Multidistrict Litigation, the Securities Litigation has been consolidated with a number of other federal actions against Lehman Brothers Holdings, Inc. and other defendants under the caption *In re Lehman Brothers Securities and ERISA Litigation*, Master Case No. 09-MD-2017 (LAK).

[2]     Capitalized terms shall have the meaning ascribed to them in the Third Amended Plan, unless defined otherwise herein.

[3]     By virtue of these chapter 11 cases, the Securities Litigation is stayed against the Debtors; thus, the Operative Complaint, which was filed in the Securities Litigation after the Petition Date, does not assert claims against any of the Debtors.  Lead Plaintiffs timely filed proofs of claim against LBHI for damages based in large part on the claims asserted in the Securities Litigation.

former chief operating officer; Erin Callan, the Debtors' former chief financial officer and executive vice president; Ian Lowitt, the Debtors' former chief financial officer; former directors of the Debtors: Michael L. Ainslie, John F. Akers, Roger S. Berlind, Thomas H. Cruikshank, Marsha Johnson Evans, Sir Christopher Gent, Roland A. Hernandez, Henry Kaufman, and John D. Macomber (all of the foregoing officers and directors are, collectively, the "Individual Defendants"); underwriters of certain of the Debtors' securities (the "Underwriter Defendants") and the Debtors' auditor (the "Auditor Defendant," and together with the Individual Defendants and the Underwriter Defendants, the "Non-Debtor Defendants").

3.      In summary, the Securities Litigation arises from LBHI's undisclosed exposure to losses from distressed mortgage and asset-backed securities. Throughout the Class Period (defined below), LBHI, one of the largest financial institutions in the United States, purchased and packaged residential and commercial mortgages and other collateralized debt obligations into complex securities that were sold to investors or held for LBHI's own benefit.

4.      Lead Plaintiffs are, and represent, persons and entities (the "Securities Class") who purchased or acquired certain LBHI debt and equity securities between June 12, 2007 and September 15, 2008, inclusive (the "Class Period"), pursuant or traceable to materially false and misleading registration statements and prospectuses and certain documents incorporated therein by reference, and who were damaged thereby. Further, Lead Plaintiffs are, and represent, persons and entities who purchased or otherwise acquired LBHI common stock, call options, and/or who sold put options between June 12, 2007 and September 15, 2008 inclusive and who were damaged thereby.

5.      On July 27, 2011, the District Court granted in part and denied in part motions to dismiss the Securities Litigation by the Non-Debtor Defendants.

B.      **The Chapter 11 Case.**

6.      On September 15, 2008 (the "Petition Date"), LBHI filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.  On and after the Petition Date, affiliates of LBHI (together with LBHI, the "Debtors") also filed petitions for relief under Chapter 11.  The Debtors' Chapter 11 Cases are being administered jointly in this Court.

7.      The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to 11 U.S.C. §§1107 and 1108(a).

8.      On or about September 22, 2009, Lead Plaintiffs, individually and on behalf of the Securities Class, together with other individual members of the Securities Class, timely filed Proofs of Claim (the "Securities Claims") for claims arising out of the Debtors' violations of federal securities laws as described in the Securities Claims and the Operative Complaint.

9.      On July 1, 2011, the Debtors filed their Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliates [Doc. No. 18204] (the "Second Amended Plan"), together with the Disclosure Statement.[4]  On June 29, 2011, the Debtors filed the Amended Motion for approval of the Disclosure Statement and related relief (the "Disclosure Statement Approval Motion") [Doc. No. 18126].

10.     On August 11, 2011, Lead Plaintiffs filed their Limited Objection to the Disclosure Statement for the Second Amended Plan (the "Disclosure Statement Objection") [Doc. No. 19169].

11.     On August 24, 2011, Debtors filed their Amended Response to Objections to Approval of Disclosure Statement (the "Amended Response") [Doc. No. 19487], in which the

---

[4]     Previously, the Ad Hoc Group of Lehman Brothers Creditors and the Non-Consolidation Plan Proponents filed alternative competing Plans and Disclosure Statements.  On July 21, 2011, this Court entered an Order approving the stipulation by the alternative plan proponents whereby the Ad Hoc Group and the Non-Consolidation Plan Proponents agreed to, *inter alia*, hold in abeyance and not prosecute their proposed alternative plans, subject to a termination event as defined in the stipulation.  The Lead Plaintiffs reserve their rights in the event either of the alternative plan proponents attempts to prosecute an alternative plan.

Debtors acknowledged that most of the objections raised by Lead Plaintiffs were confirmation objections. Simultaneously therewith, Debtors filed their Revised Second Amended Plan [Doc. No. 19482] and accompanying Disclosure Statement (the "Disclosure Statement") [Doc. No. 19484]. The Disclosure Statement for the Revised Second Amended Plan attempted to address some, but not all, of the issues raised in Lead Plaintiffs' Disclosure Statement Objection.

12.    The hearing on approval of the Disclosure Statement was held on August 30, 2011, at which time the Court considered, to the extent not reserved for the hearing on confirmation, the remaining objections to the Disclosure Statement. On September 1, 2011, the Debtors filed the Third Amended Plan [Doc. No. 19627] and accompanying Disclosure Statement [Doc. No. 19629]. On the same date, the Court entered the Amended Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan (the "Disclosure Statement Approval Order") [Doc. No. 19631] and scheduled the hearing on confirmation of the Third Amended Plan for December 6, 2011.

13.    Lead Plaintiffs' Disclosure Statement Objection was resolved in part through agreed upon modifications included in the Disclosure Statement for the Third Amended Plan. The balance of the issues raised in the Disclosure Statement Objection was reserved for confirmation.

14.    Lead Plaintiffs and the Individual Defendants have since entered into a term sheet (the "Term Sheet") setting forth a binding agreement in principle resolving the Securities Litigation as between them and also providing, upon the satisfaction of certain discovery related obligations by the Debtors, for the withdrawal of proofs of claim number 27759 and 27762 (the

"<u>Withdrawn Claims</u>") against the Debtors.  Lead Plaintiffs and the Individual Defendants thereafter executed a settlement stipulation (the "<u>Settlement</u>") to be submitted to the District Court for preliminary and final approval.  The Settlement provides for the payment of $90 million (the "<u>Settlement Amount</u>") to the Securities Class from the proceeds of the Directors and Officers Excess Insurance Policies.

15.    On August 24, 2011, the Individual Defendants filed the Insured Persons' Motion, Pursuant to Section 362 of the Bankruptcy Code, for an Order Modifying the Automatic Stay to Allow Settlement Payment Under Directors And Officers Insurance Policy to Settle the Equity/Debt Class Action (the "<u>Comfort Order Motion</u>").  [Doc. No. 19488].  The Comfort Order Motion sought, *inter alia*, to modify the automatic stay, to the extent necessary, to permit the Excess Policy Insurers to pay the Settlement Amount to Lead Plaintiffs on behalf of the Class.

16.    On October 19, 2011, this Court entered the Order Granting Insured Persons' Motion Pursuant to Section 362 of the Bankruptcy Code, for an Order Modifying the Automatic Stay to Allow Settlement Payment Under Directors and Officers Insurance Policy (the "<u>Comfort Order</u>") [Doc. No. 21029].

17.    Thereafter, Lead Plaintiffs entered into a binding term sheet setting forth an agreement in principle to settle the Securities Litigation against certain Underwriter Defendants for $417 million.

## <u>RESERVATION OF RIGHTS</u>

18.    The effective date of the Settlement is conditioned upon, among other things, entry of the Comfort Order and preliminary and final approval of the Settlement by the District Court.  With the Comfort Order having been entered by this Court, Lead Plaintiffs and the Individual Defendants anticipate filing a motion shortly in the District Court for preliminary

approval of the Settlement. Approval of the settlement with certain Underwriter Defendants will also be conditioned upon, among other things, preliminary and final approval by the District Court. The Auditor Defendant and certain others remain as non-settling defendants in the Securities Litigation.

19.     If the Settlement is finally approved by the District Court and the effective date of the Settlement occurs, the Withdrawn Claims will be deemed disallowed with prejudice. Such a result would likely moot any objection Lead Plaintiffs would have to the Third Amended Plan absent any potential impact of the Third Amended Plan's release and injunction provisions.

20.     In that regard, Lead Plaintiffs are obviously faced with a timing issue because the deadline for filing objections to the Third Amended Plan is November 4, 2011 and the confirmation hearing is currently scheduled for December 6, 2011, both of which are well in advance of any final hearing to be held in the District Court and the ultimate effective date of the Settlement. Therefore, in an abundance of caution, Lead Plaintiffs submit this reservation of their rights with respect to confirmation of the Third Amended Plan and any outstanding issues related thereto as raised in their Disclosure Statement Objection. Lead Plaintiffs incorporate by reference the Disclosure Statement Objection to the extent any objection raised therein was not resolved at the Disclosure Statement hearing.[5]

21.     Furthermore, as previously stated, although a term sheet has been entered into with certain Underwriter Defendants, final approval and the effective date will occur after the scheduled confirmation hearing as well. Lead Plaintiffs also have remaining claims against the Auditor Defendant and others and therefore the Securities Litigation is still proceeding as against them. Therefore, to the extent any release and injunction provisions of the Third Amended Plan

---

[5]     As previously set forth, *see* ¶11, *supra*, the Debtors acknowledged that the objections raised by Lead Plaintiffs to the Disclosure Statement (and not resolved in the modified Disclosure Statement) are confirmation objections.

may impact Lead Plaintiffs' claims against these non-Debtors, they are improper and objectionable.

22.     While it does not appear that any non-debtor defendants are among the current non-Debtor entities (*i.e.*, the Released Parties and the PSA Creditors) benefiting from the Plan Release and Injunction, to the extent (a) any additions or modifications are made to those included in these groups, (b) the release extends to conduct outside of a third-party releasee's capacity as set forth in Plan, §§1.131 and 1.136, or (c) the Debtors intend that these claims are to be subject to the release and injunction provisions, the release and injunction provisions may adversely impact Lead Plaintiffs' claims against the non-Debtors and are not permissible.

23.     Accordingly, given the aforesaid timing issues, Lead Plaintiffs are concerned about the non-Debtor release and injunction provisions to the extent they may impact Lead Plaintiffs' claims against any non-Debtor Defendants in the Securities Litigation (as may be amended) and reserve their rights to object to the non-Debtor release and injunction provisions in the event that any settlement described above is not finally approved.  *See Deutsche Bank AG London Branch v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136, 141-42 (2d Cir. 2005) (holding that non-debtor releases are proper only in rare cases and may be "tolerated only if the affected creditor consents").

24.     If the Debtors do not intend to provide such impermissible releases, the following language should be included in the Third Amended Plan and the Order confirming the Third Amended Plan:

> Nothing in the Third Amended Plan or in any order confirming the Third Amended Plan shall or is intended to (i) affect, release, enjoin or impact in any way the prosecution of the claims asserted, or to be asserted, against any Non-Debtor Defendants in the Securities Litigation or any non-Debtor, or (ii) preclude Lead Plaintiffs and/or the Securities Class from seeking discovery from the Debtors, the Plan Administrator or such other transferee of the Debtors' assets.

## CONCLUSION

25.    Based upon the foregoing, Lead Plaintiffs respectfully request entry of an Order reserving the rights of Lead Plaintiffs with respect to their claims against the non-Debtor Defendants in the Securities Litigation until final approval of any settlement involving such defendants and granting such other and further relief as the Court deems just and proper.

Dated: November 4, 2011
       New York, New York                      Respectfully submitted,

                                                **LOWENSTEIN SANDLER PC**

                                                By: /s/ *Michael S. Etkin*
                                                Michael S. Etkin (ME 0570)
                                                Ira M. Levee (IL 9958)
                                                1251 Avenue of the Americas, 18th Floor
                                                New York, New York 10022

                                                        -- and --

                                                65 Livingston Avenue
                                                Roseland, New Jersey 07068
                                                973.597.2500 (Telephone)
                                                973.597.2400 (Facsimile)
                                                *Bankruptcy Counsel to Lead Plaintiffs and the Class*

                                                        -- and --

                                                **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
                                                David R. Stickney
                                                Jon Worm
                                                12481 High Bluff Drive
                                                Suite 300
                                                San Diego, CA 92130
                                                858.793.0070 (Telephone)
                                                858.793.0323 (Facsimile)

                                                        -- and --

**KESSLER TOPAZ MELTZER & CHECK, LLP**

David Kessler
John A. Kehoe
280 King of Prussia Road
Radnor, PA 19087
610.667.7706 (Telephone)
610.667.7056 (Facsimile)

*Co-Lead Counsel to Lead Plaintiffs and the Class*