Hearing Date: December 6, 2011 at 10:00 a.m. (EST)

ARNOLD & PORTER LLP
Michael L. Bernstein
Rosa J. Evergreen
Dana B. Yankowitz
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone:    (202) 942-5000
Facsimile:    (202) 942-5999

-and-

Susan L. Shin
399 Park Avenue
New York, New York 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

*Attorneys for Adventist Health System/Sunbelt, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDING INC., et al, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF ADVENTIST HEALTH SYSTEM/SUNBELT, INC. TO THE DEBTORS' PROPOSED ASSUMPTION OF CONTRACTS**

Adventist Health System/Sunbelt, Inc. ("AHS") files this objection to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") proposed assumption of certain allegedly executory contracts pursuant to the Debtors' proposed Third Amended Joint Chapter 11 Plan, dated August 31, 2011 [Docket No. 19627] (the "Plan"). AHS is prepared to confer with the Debtors in an effort to resolve the issues raised herein, but is filing this objection

in light of the applicable deadline, and to preserve its rights in the event that it is unable to reach an appropriate resolution with the Debtors.

## BACKGROUND

1.  AHS was party to nine swaps with Lehman Brothers Special Financing Inc. ("LBSF"). Four of the swaps were entered pursuant to a 1992 Multicurrency-Cross Border ISDA Master Agreement, dated as of January 3, 1997 (together with the Schedule thereto, "Master Agreement I"), four pursuant to a 1992 Local Currency-Single Jurisdiction ISDA Master Agreement, dated as of December 3, 2001 (together with the Schedule and Credit Support Annex thereto, "Master Agreement II"), and one pursuant to a 1992 Local Currency-Single Jurisdiction ISDA Master Agreement, dated as of May 19, 1997 (together with the Schedule thereto, "Master Agreement III," and, together with Master Agreement I and Master Agreement II, "Master Agreements").[1]

2.  On September 15, 2008 (the "Petition Date"), Lehman filed a voluntary petition, and on October 3, 2008, LBSF filed a voluntary petition, both under chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. On various dates thereafter, the other Debtors filed voluntary petitions under the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered in this Court.

---

[1] Certain of AHS's affiliates were also party to Master Agreement III (collectively with AHS, the "Counterparty Group," and individually, each a "Member of the Counterparty Group"). The Schedule to Master Agreement III provides that obligations under Master Agreement III are joint and several, as among AHS and the other Members of the Counterparty Group. See Schedule to Master Agreement III, Part 4(a)(ii)(e)(i).

2

3.  Upon the Debtors' bankruptcy filing, AHS followed the procedures required under the governing Master Agreements to terminate the swap transactions. Upon such termination, AHS paid to LBSF approximately $26 million, which represented the amounts owed by AHS to LBSF under Master Agreement I and Master Agreement II, less the amounts owed by LBSF under Master Agreement III, calculated in each case as specified in the Master Agreements.

4.  Pursuant to the procedures established by the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts [Docket No. 5207] (the "ADR Procedures"), LBSF served a Derivatives ADR Notice on AHS, dated June 8, 2011 (the "ADR Notice"). Pursuant to the ADR Procedures, AHS served a Response to Derivatives ADR Notice on LBSF, dated July 6, 2011. AHS and the Debtors have engaged in settlement discussions regarding issues raised in the ADR Notice.

5.  On or about September 1, 2011, the Debtors filed the Plan. Sections 11.1 and 11.2 of the Plan permit the Debtors, subject to entry of the Confirmation Order, to assume any executory contract or unexpired lease by listing such contract or lease as an assumed contract in the Plan Supplement.

6.  On or about October 25, 2011, the Debtors filed the Plan Supplement [Docket No. 21254]. The Plan Supplement identifies ten contracts (the "Adventist Contracts") that are listed as being between LBSF and either "Adventist Health System (2 Way Collateral Account)"; or "ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CO." or "Adventist Health System/Sunbelt, Inc."[2] These ten contracts include Master Agreement I (which is listed twice

---

[2] With respect to certain of the Adventist Contracts, the Debtors may not have listed the correct name of the non-Debtor counterparty.

3

on the Plan Supplement) and Master Agreement II, as well as certain other contracts. The pages of the Plan Supplement that list the Adventist Contracts are included within the Plan Supplement as part of "Exhibit 2, Part A – Derivatives Contracts" and are attached hereto as <u>Exhibit A</u>.

### **BASIS FOR OBJECTION**

7. Certain of the Adventist Contracts may not be executory contracts because, <u>inter alia</u>, such contracts have been terminated and/or because there remains no material performance owed by one or more of the parties thereto. To the extent that any Adventist Contract is not executory, it cannot be assumed.

8. With respect to several of the listed Advenstist Contracts, it is impossible for AHS to determine, based upon the information contained in the Plan Supplement, what contract the Debtors are referring to. The Debtors should provide to AHS copies of the contracts that they propose to assume, together with any amendments, so that it is clear what contracts the Debtors are proposing to assume.

9. With respect to certain of the Adventist Contracts, based upon information provided by the Debtors in the Plan Supplement, and our understanding of what contracts the Debtors seem to be referring to, it appears that neither AHS nor any affiliate of AHS is a party to the contract. Again, AHS will be in a better position to evaluate this once it is provided with copies of the contracts that the Debtors propose to assume.

10. With respect to any of the Adventist Contracts that are executory, before such contracts can be assumed the Debtors must cure any defaults under such contracts and provide adequate assurance of future performance thereunder. The Debtors have provided to AHS notices indicating that the proposed cure amount, for each of the Adventist Contracts, is zero. With respect to at least some of the Adventist Contracts, that is not correct. For example,

4

Section 11 of Master Agreement I and Section 9 of Master Agreement II require LBSF, as the Defaulting Party, to pay, inter alia, all reasonable out-of-pocket expenses incurred by AHS, including legal fees incurred by AHS in enforcing and protecting its rights under the applicable agreements or by reason of the early termination of any transaction, including costs of collection. Amounts are owed to AHS under these provisions, and continue to accrue. Such amounts must be paid in order for these agreements to be assumed. Additional amounts may be owed under these and the other Adventist Contracts that the Debtors propose to assume. All such amounts must be paid in connection with the Debtors' proposed assumption of these contracts.

11.  The Debtors must also provide adequate assurance of future performance under the Adventist Contracts that they propose to assume. This includes, among other things, assurance that LBSF will pay any amounts that may come due under such contracts, perform all covenants, and comply with any and all indemnification obligations. As liquidating entities, it is not clear that the Debtors will have the ability to perform any future obligations under the Adventist Contracts. In any event, the Debtors have not stated how they will provide the required adequate assurance of future performance.

12.  As indicated above, it appears there is an error in the Plan Supplement -- the Debtors have listed Master Agreement I twice on the schedule of Derivatives Contracts to be assumed.[3]

13.  Finally, there appears to be an inconsistency between the Plan and the notice, dated October 27, 2011, sent to AHS with respect to the Plan Supplement (the "Plan Supplement Notice"). In Section 11.1 of the Plan, the Debtors purport to reserve the right, prior to

---

[3] In addition, Master Agreement III is not listed on the schedule. It may be that the Debtors intended to list Master Agreement III rather than listing Master Agreement I twice.

5

confirmation of the Plan, to amend the Plan Supplement to add or remove any executory contracts or unexpired leases. Thus, the decision regarding assumption or rejection of contracts would have to be made by the time of Plan confirmation. However, in the Plan Supplement Notice the Debtors appear to reserve the right to remove an assumed contract, and make it a rejected contract, even after Plan confirmation. If the Debtors are seeking to reserve the right to modify their decision to assume or reject an executory contract or unexpired lease *after* plan confirmation, such reservation is impermissible. Section 365(d)(2) of the Bankruptcy Code provides that a debtor may assume or reject an executory contract "*at any time before the confirmation of a plan*" (emphasis added). This requirement in section 365 of the Bankruptcy Code that final decisions to assume or reject executory contracts be made prior to confirmation is consistent with section 1123(b)(2) of the Bankruptcy Code. Moreover, the Debtors should be required to provide a counterparty with notice, at least a few business days prior to the confirmation hearing, of their intent to amend the Plan Supplement to add or remove any executory contract, which notice would allow the contract counterparty to object and/or participate in the confirmation hearing if they so elect.

14. Accordingly, for the reasons set forth above, AHS objects to the proposed assumption of the Adventist Contracts.

**RESERVATION OF RIGHTS**

15. AHS is still in the process of attempting to identify and review the Adventist Contracts, and information provided by the Debtors, and reserves the right to assert additional objections to the Debtors' proposed assumption of the Advenstist Contracts. AHS also reserves the right to withdraw and/or modify this objection based upon its continuing review and ongoing discussions with the Debtors. AHS further reserves the right to assert additional objections to

6

confirmation of the Plan.  By filing this objection, AHS should not be deemed to consent to this Court's jurisdiction over any matter, and AHS reserves all rights in that regard.

## CONCLUSION

WHEREFORE, for the reasons set forth above, AHS (i) objects to any effort to assume a contract that has been terminated, or is not executory, or has not been sufficiently identified, or to which neither AHS nor any of its affiliates is a party; (ii) objects to the proposed assumption of any of the Adventist Contracts absent full and timely satisfaction of all applicable requirements for contract assumption; (iii) requests that the Court direct the Debtors to identify the contracts with AHS they intend to assume or reject, and provide copies of those contracts that they propose to assume, at least five business days prior to the confirmation hearing; and (iv) requests that this Court grant AHS such other and further relief as the Court may deem just and proper.

Dated: New York, New York

November 4, 2011

ARNOLD & PORTER LLP

By: _/s/ Susan L. Shin_
    Michael L. Bernstein
    Rosa J. Evergreen
    Dana B. Yankowitz
    555 Twelfth Street, N.W.
    Washington, D.C. 20004-1206
    Telephone:    (202) 942-5000
    Facsimile:    (202) 942-5999

    -and-

    Susan L. Shin
    399 Park Avenue
    New York, New York 10022-4690
    Telephone: (212) 715-1000
    Facsimile:  (212) 715-1399

    *Attorneys for Adventist Health System/Sunbelt, Inc.*

8

# **EXHIBIT A**

**EXHIBIT A**

Derivatives Contracts

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
| ACCESS GROUP INC SERIES 2005-A | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 425 WALNUT STREET, 6TH FLOOR<br>MIL CN-OH-W6CT<br>ATTN: CORPORATE TRUST SERVICES STUDENT LOAN GROUP<br>CINCINNATI, OH, 45202 |
| | | | 5500 BRANDYWINE PARKWAY<br>P.O. BOX 7430<br>ATTN: VICE PRESIDENT OF PORTFOLIO MANAGEMENT<br>WILMINGTON, DE, 19803 |
| ACCESS GROUP INC SERIES 2005-B | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 5500 BRANDYWINE PARKWAY<br>P.O. BOX 7430<br>ATTN: VICE PRESIDENT OF PORTFOLIO MANAGEMENT<br>WILMINGTON, DE, 19803 |
| | | | 60 WALL STREET<br>MS NYC60-2606<br>NEW YORK, NY, 10005 |
| ACCORD ENERGY LIMITED | LEHMAN BROTHERS COMMODITY SERVICES INC. | EFET Power dated on 8/16/2007 | c/o Centrica Energy<br>Milstream<br>Maidenhead Road<br>Windsor, Berkshire, SL4 5GD<br>UK |
| ACTS AERO TECHNICAL SUPPORT &SERVICES INC | LEHMAN BROTHERS SPECIAL FINANCING INC. | | ACTS Aero Technical Support Services Inc.<br>P.S. Box 6000<br>Stahan Airport Zip 1333<br>Dorval Quebec Canada , H4Y 1S9<br>Canada<br>Attn: Roni Farah |
| | | | P.S. Box 6000<br>Stahan Airport Zip 1333<br>Dorval Quebec Canada , H4Y 1S9<br>Canada<br>Attn: Roni Farah |
| ACTS Retirement Life Communities | LEHMAN BROTHERS SPECIAL FINANCING INC. | 1992 ISDA MA - Local Currency Single Jurisdiction dated on 11/27/2001 | 375 Morris Rd<br>PO Box 90<br>West Point, PA, 19486-0090<br><br>Attn: Gerald Grant |
| | | | 375 Morris Road<br>P.O. Box 90<br>West Point, PA, 19486-0090<br><br>Attn: Gerald Grant |
| Adventist Health Care MD | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 1801 Research Blvd., Suite 300<br>Rockville, MD , 20850<br><br>Attn: James G. Lee |
| Adventist Health System (2 WayCollateral Account) | LEHMAN BROTHERS SPECIAL FINANCING INC. | 1992 ISDA MA - Local Currency Single Jurisdiction dated on 12/3/2001 | 111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
| ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CO | LEHMAN BROTHERS SPECIAL FINANCING INC. | Reserve Fund Agreement dated on 11/17/2000 | 111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton |

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
|  | LEHMAN BROTHERS SPECIAL FINANCING INC. | Reserve Fund Agreement dated on 11/17/2000 | 111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
|  | LEHMAN BROTHERS SPECIAL FINANCING INC. | Forward Purchase Agreement dated on 12/30/1994 | 111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
|  | LEHMAN BROTHERS SPECIAL FINANCING INC. | Reserve Fund Agreement dated on 11/17/2000 | 111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
|  | LEHMAN BROTHERS SPECIAL FINANCING INC. | Reserve Fund Agreement dated on 1/17/2006 | 111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
|  | LEHMAN BROTHERS SPECIAL FINANCING INC. | Reserve Fund Agreement dated on 9/28/1994 | 111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
|  | LEHMAN BROTHERS SPECIAL FINANCING INC. | Debt Service Reserve Fund dated on 12/31/1994 | 111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
|  | LEHMAN BROTHERS SPECIAL FINANCING INC. | 1992 ISDA MA - Multi-Currency Cross Border dated on 1/3/1997 | 111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
| Adventist Health System/Sunbelt, Inc. | LEHMAN BROTHERS SPECIAL FINANCING INC. | 1992 ISDA MA - Multi-Currency Cross Border dated on 1/3/1997 | Adventist Health System/Sunbelt Inc.<br>111 North Orlando Avenue<br>Winter Park, FL, 32789<br><br>Attn: Gary Skilton, SVP/Treasurer |
| AFCO Cargo Pit LLC Project, PA | LEHMAN BROTHERS SPECIAL FINANCING INC. |  | 7600 Colshire Drive<br>Suite 1400<br>McLean, PA, 22102 |
|  | LEHMAN BROTHERS SPECIAL FINANCING INC. |  | 7600 Colshire Drive<br>Suite 1400<br>McLean, PA, 22102 |
|  | LEHMAN BROTHERS SPECIAL FINANCING INC. |  | 7600 Colshire Drive<br>Suite 1400<br>McLean, PA, 22102 |
| AHF- Bay Fund, LLC | LEHMAN BROTHERS SPECIAL FINANCING INC. |  | AHF-Bay Fund, LLC<br>c/o Atlantic Housing Foundation, Inc.<br>210 Park Boulevard, Suite 112<br>Grapevine, Texas, 76051<br><br>Attn: Dan French |
| AIG CDS, Inc. | LEHMAN BROTHERS SPECIAL FINANCING INC. |  | AIG CDS, Inc.<br>c/o AIG Global Investment Corp<br>70 Pine Street, 13th Floor<br>New York, NY, 10270<br><br>Attn: Investment Grade Credit Group |