JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
Toni-Ann Citera
Nathan Lebioda

*Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
**In re**                                              )
                                                       )    **Case No. 08-13555 (JMP)**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* )
                                                       )    **Chapter 11**
                    **Debtors.**                       )
                                                       )    **(Jointly Administered)**
                                                       )
                                                       )
------------------------------------------------------------ x

<u>**NOTICE OF HEARING ON DEBTORS' OBJECTION**</u>
<u>**TO CLAIM NUMBER 20250 FILED BY KAUPTHING BANK HF**</u>

**PLEASE TAKE NOTICE** that on November 4, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "<u>Debtors</u>"), filed their objection to claim number 20250

filed by Kaupthing Bank hf (the "<u>Kaupthing Claim Objection</u>"), and that a hearing

(the "<u>Hearing</u>") to consider the Debtors' Kaupthing Claim Objection will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,

New York 10004, on **December 21, 2011 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as

counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'
Kaupthing Claim Objection must be in writing, shall conform to the Federal Rules of Bankruptcy
Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy
Court: (a) electronically in accordance with General Order M-399 (which can be found at
www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by
all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),
WordPerfect, or any other Windows-based word processing format (with a hard copy delivered
directly to Chambers), in accordance with General Order M-182 and its amendments (which can
be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and
on: (i) the Chambers of the Honorable James M. Peck, One Bowling Green, New York, New
York 10004, Courtroom 601; (ii) attorneys for the Debtors, Jones Day, 222 East 41st Street,
New York, New York 10017 (Attn: Toni-Ann Citera, Esq. and Nathan Lebioda, Esq.); (iii) the
Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York,
New York, 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B.
Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in
these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York,
New York 1005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.);
so as to be so filed and received by no later than **December 5, 2011 at 4:00 p.m. (Eastern
Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and
served with respect to the Debtors' Kaupthing Claim Objection or any claim set forth thereon, the
Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order

NYI-4407351v3

substantially in the form of the proposed order annexed to the Kaupthing Claim Objection, which

order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  November 4, 2011
        New York, New York

/s/ Nathan Lebioda

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
Toni-Ann Citera
Nathan Lebioda

*Attorneys for Debtors*
*and Debtors in Possession*

NYI-4407351v3

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
Toni-Ann Citera
Nathan Lebioda

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------- x
In re                                           )
                                                )    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al.,          )
                                                )    Chapter 11
                   Debtors.                     )
                                                )    (Jointly Administered)
                                                )
                                                )
------------------------------------------------------------- x
```

**DEBTORS' OBJECTION
TO CLAIM NUMBER 20250 FILED BY KAUPTHING BANK HF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1.       The Debtors file this objection to claim number 20250 filed by Kaupthing Bank hf (the "Kaupthing Claim Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order reducing and allowing claim number 20250 filed by Kaupthing Bank hf ("Kaupthing").

2.      The Debtors have examined proof of claim number 20250 filed by Kaupthing (the "Valued Derivative Claim") and have determined that the proof of claim should be reduced and allowed on the basis that the amounts listed on the proof of claim – unliquidated amounts of not less than $3,485,908.80 – are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records.  The Debtors, therefore, request that the Court reduce the Valued Derivative Claim from an unliquidated amount of not less than $3,485,908.80 to a liquidated amount totaling $1,000,000.00 and allow such claim as a general unsecured claim only to the extent of such modified amount.

3.      The Debtors reserve all their rights to object on any other basis to the Valued Derivative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.      On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must:  . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ."  Bar Date Ord. at 7.  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]:  . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ."  Id. at 8.  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9.      Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its

- 3 -

claim, such as copies of relevant agreements; a copy of the termination notice; a valuation

statement; individual trade-level detail; trade value methodology and quotations; and unpaid

amounts, collateral, and other costs associated with the claim pursuant to the derivative contract.

Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire

setting forth the information forming the basis of the claimant's assertions of a guarantee.

10.     On January 14, 2010, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file objections to claims, on various grounds,

including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in

the Procedures Order.

## The Valued Derivative Claim Should be Reduced and Allowed

11.     In reviewing the claims filed on the claims register in these cases and

maintained by the Court-appointed claims agent, the Debtors have identified the Valued

Derivative Claim as being a claim that should be reduced and allowed on the basis that the

amounts listed on the proof of claim are greater than the fair, accurate, and reasonable values

determined by the Debtors after a review of the claimant's supporting documentation and the

Debtors' books and records.

12.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.     The Valued Derivative Claim should be reduced and allowed in the

amount of $1,000,000.00 because the asserted claim amount – unliquidated amounts of not less

than $3,485,908.80 – is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records.

14.    The Debtors have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors and based on a Derivative Contract[1] ("Derivative Claims") in order to determine the fair, accurate, and reasonable value of such claims, and the proper classification of such claims, for purposes of settlement (the "Proposed Settlement Amount and Classification").  In order to determine the Proposed Settlement Amount and Classification, the Debtors:  (a) collect and review documents related to the relevant Derivative Claim including, but not limited to, the relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (b) reconcile posted collateral and any cash payments already received, made, or missed; and (c) review the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]  In their efforts to determine the Proposed Settlement Amount and Classification, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

---

[1]    "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ."  See Bar Date Ord. at 6.

[2]    For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

NYI-4407351v3

15.     Once the Debtors have determined the Proposed Settlement Amount and Classification with respect to a particular Derivative Claim, it is presented to the Debtors' Settlement Adjudication Committee (the "Committee") for final approval.  The Committee, comprised of senior management of the Debtors and Alvarez & Marsal, reviews the work done to arrive at the Proposed Settlement Amount and Classification and approves or disapproves the Proposed Settlement Amount and Classification.  If the Proposed Settlement Amount and Classification presented to the Committee is less than the amount included in the corresponding Derivative Claim, or different from the classification included in the corresponding Derivative Claim, the Debtors will seek approval to object to such claim.

16.     The Debtors have undertaken this lengthy process with respect to the Valued Derivative Claim, and have concluded that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant.  Despite the Debtors' efforts at negotiating this Proposed Settlement Amount and Classification, the Debtors and the holder of the Valued Derivative Claim have reached an impasse.  Kaupthing should not be allowed to recover more than the true and proper value of the Valued Derivatives Claim.  Accordingly, in order to properly reflect the fair, accurate, and reasonable value of this claim, the Debtors request that the Court reduce the Valued Derivative Claim to the amount of $1,000,000.00 and allow such general unsecured claim only to the extent of such modified amount.

## Notice

17.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Kaupthing Claim Objection on:  (a) the U.S. Trustee; (b) the attorneys for the Creditors' Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney for the Southern District of New York;

(f) Kaupthing; (g) the attorneys for Kaupthing; and (h) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

18.    Except as described below, no previous request for the relief sought herein has been made by the Debtors to this or any other Court.  The Debtors have sought entry of an order reclassifying certain claims of filed by Kaupthing, including the Valued Derivative Claim, as general unsecured claims.  <u>See</u> Debtors' One Hundred and Eighty Sixth Omnibus Objection to Claims (Misclassified Claims), filed September 9, 2011 [Docket No. 19816] (the "<u>Reclassification Objection</u>").  A hearing on the relief requested in the Reclassification Objection took place on October 27, 2011, however, such hearing was adjourned with respect to, among others, claims filed by Kaupthing, including the Valued Derivative Claim, until November 30, 2011.  <u>See</u> Notice of Adjournment of Debtors' One Hundred and Eighty Sixth Omnibus Objection to Claims (Misclassified Claims) Solely as to Certain Claims, filed October 21, 2011 [Docket No. 21107].  The Debtors intend to have the Valued Derivative Claim reclassified as a general unsecured claim pursuant to the Reclassification Objection and such general unsecured claim reduced and allowed pursuant to this Kaupthing Claim Objection.

WHEREFORE the Debtors respectfully request entry of an order substantially in the form attached hereto at <u>Exhibit A</u> granting the relief requested herein and such other and further relief as is just.

Dated: November 4, 2011
      New York, New York

/s/ Nathan Lebioda

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Jayant W. Tambe
Toni-Ann Citera
Nathan Lebioda

*Attorneys for Debtors
and Debtors in Possession*

- 8 -

## **EXHIBIT A**

*[Proposed Order]*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------- x
In re                                    )
                                         )    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al.,   )
                                         )    Chapter 11
            Debtors.                     )
                                         )    (Jointly Administered)
                                         )
-------------------------------------------------------------- x
```

### ORDER GRANTING DEBTORS' OBJECTION
### TO CLAIM NUMBER 20250 FILED BY KAUPTHING BANK HF

Upon the objection to claim number 20250 filed by Kaupthing Bank hf, dated November 4, 2011 (the "Kaupthing Claim Objection"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce and allow the Valued Derivative Claim on the basis that the amounts listed on the proof of claim is greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimants' supporting documentation and the Debtors' books and records, all as more fully described in the Kaupthing Claim Objection; and due and proper notice of the Kaupthing Claim Objection having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Kaupthing; (vii) the attorneys for

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Kaupthing Claim Objection.

Kaupthing; and (viii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and the Court having found and determined that the relief sought in the Kaupthing Claim Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Kaupthing Claim Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Kaupthing Claim Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Valued Derivative Claim [Proof of Claim Number 20250] is hereby modified and allowed as a general unsecured claim in the amount of $1,000,000.00; and it is further

ORDERED that this Order supersedes all previous orders regarding the Valued Derivative Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

NYI-4407351v3