MEISTER SEELIG & FEIN LLP
140 East 45th Street, 19th Floor
New York, NY 10017
Phone: (212) 655-3500
Facsimile: (212) 655-3535
Stephen B. Meister, Esq.
Christopher J. Major, Esq.

and

RICHARD AND RICHARD, P.A.
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, FL 33131
Telephone: (305) 374-6688
Facsimile: (305) 374-0384
Dennis Richard, Esq.
Michael R. Tolley, Esq.

Hearing Date:  December 6, 2011, 10:00 a.m.
Objection Deadline: November 4, 2011, 4:00 p.m.

*Attorneys for Objecting Parties*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | 08-13555 (JMP) |
| Debtor, | (Jointly Administered) |

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY COURT

## LIMITED OBJECTION TO JOINT CHAPTER 11 PLAN

Fontainebleau Las Vegas, LLC, Fontainebleau Resorts, LLC, Soffer Turnberry/South Strip, LLC, Jacquelyn Soffer, Jeffrey Soffer, Turnberry Residential Limited Partner, LP, Turnberry Retail Holding, LP, Turnberry West Construction, Turnberry/Centra Office Sub, LLC, and Turnberry/Centra Sub, LLC (the "Objectors"), by their undersigned counsel, hereby respectfully submit this limited objection to the confirmation of the Third Amended Joint

4947-002 # 128

Chapter 11 Plan (the "Plan") of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Debtors").  In support of this Limited Objection, Objectors represent as follows:

1. Objectors are individuals and entities holding claims against Debtors, including claims identified in various proofs of claim (the "Proofs of Claim")[1] filed by Objectors and their affiliates in this bankruptcy case.  Among the Objectors' claims, and those of their affiliates, are rights of setoff and/or recoupment against purported claims by Debtors and/or their affiliates.  The Objectors' and their affiliates' claims arise out of Debtors' failure to fund lending commitments for two Las Vegas projects known respectively as Town Square Las Vegas ("Town Square") and Fontainebleau Las Vegas ("Fontainebleau").  Debtors' misconduct caused Objectors and their affiliates to incur hundreds of millions of dollars in damages when the Town Square project was lost in foreclosure and the Fontainebleau project was lost in a sale pursuant to 11 U.S.C. § 363.  Debtors' actionable misconduct is also the subject of three separate adversary proceedings (the "Adversary Proceedings"), including (a) an adversary proceeding complaint in this bankruptcy case styled as *Turnberry/Centra Sub, LLC, et al. v. Lehman Brothers Holdings Inc., et al.* (Adv. Pro. No. 09-01062) and as counterclaims and defenses in two separate adversary proceeding complaints styled as (b) *Lehman Brothers Holdings, Inc. v. Jeffrey Soffer, et al.* (Adv. Pro. No. 10-02823) and (c) *Lehman Brothers Holdings, Inc. v. Jeffrey Soffer, et al.* (Adv. Pro. No. 10-02821).

2. Pursuant to 11 U.S.C. § 553, the Objectors' and their affiliates' setoff rights are expressly preserved:  "this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of

---

[1] The Proofs of Claim include Claim Nos. 67163, 27129, 67166, 27132, 67128, 67159, 27120, 67165, 27131, 67164, 27130, 67162, 67161, 27124, 67160, 27126, 27122, 27137, 27138, 27123, 27125, 27136, 27127, 27134, and 27135, which are hereby incorporated by reference.

the case." In addition, the Objectors' recoupment rights are preserved in bankruptcy. *See*, *e.g.*, *In re Holford*, 896 F.2d 176, 179 (5th Cir. 1990).

3. Furthermore, "[a] majority of courts that have addressed the issue answer that confirmation and discharge do not prohibit the defensive use of setoff in a subsequent action by the debtor." 5-553 Collier on Bankruptcy ¶ 553.08[1].

4. On or about August 31, 2011, Debtors filed the Plan.

5. Pursuant to Section 13.5 of the Plan, Debtors purport to obtain through confirmation of the Plan the following injunction:

> [A]ll entities who have held, hold or may hold Claims against or Equity Interests in any or all of the Debtors and other parties in interest (whether proof of such Claims or Equity Interests has been filed or not), along with their respective present or former employees, agents, officers, directors or principals, are permanently enjoined, on and after the Effective Date, solely with respect to any Claims and Causes of Action which are extinguished or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Released Parties or the property of any of the Released Parties, (ii) enforcing, levying, attaching (including, without limitation), any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Released Parties or the property of any of the Released Parties, (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, against any of the Released Parties, (iv) asserting any right of setoff, directly or indirectly, against any obligation due the Released Parties or the property of any of the Released Parties, except as contemplated or allowed by the Plan; (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan; and (vi) taking any actions to interfere with the implementation or consummation of the Plan.

6. While the Objectors' and their affiliates' claims, including their rights to setoff and/or recoupment, are preserved, including through the filing of the Proofs of Claim and the

3

complaint, counterclaims and defenses in the Adversary Proceedings, in the abundance of caution, Objectors object in part to the Plan to the extent it seeks to enjoin the Objectors and their affiliates from asserting their claims in any forum or proceeding.

7. The Objectors hereby reserve their right to file a reply memorandum of law in response to any opposition to this Limited Objection.

Dated: New York, New York
November 4, 2011

                                              MEISTER, SEELIG & FEIN, LLP

By: /s/ Christopher J. Major
     Stephen B. Meister, Esq.
     Christopher J. Major, Esq.
Two Grand Central Tower
140 E. 45th Street, 19th Floor
New York, New York 10017
Telephone: (212) 655-3500
Facsimile: (212) 655-3535
E-mail: sbm@msf-law.com
        cjm@msf-law.com

RICHARD AND RICHARD, P.A.
Dennis Richard, Esq.
Michael Tolley, Esq.
825 Brickell Bay Drive
Tower III, Suite 1748
Miami, Florida 33131
Telephone: (305) 374-6688
Facsimile: (305) 374-0384
E-mail: dennis@richardandrichard.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of November, 2011, the above and foregoing **Limited Objection to the Debtors' Joint Chapter 11 Plan** was filed electronically using the Court's CM/ECF system, which will cause a notice of the electronic filing to be served on all CM/ECF participants and by serving all parties on the Master Service List via email.

By: /s/ Christopher J. Major
Christopher J. Major, Esq.