**REED SMITH LLP**  Hearing Date: December 6, 2011
  Andrea Pincus, Esq.
599 Lexington Avenue
New York, NY 10022
Tel: 212-521-5400
Fax: 212-521-5450
   apincus@reedsmith.com
   mvenditto@reedsmith.com

*Counsel to the University of Pittsburgh – Of the Commonwealth System of Higher Education*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :    Case No. 08-13555 (JMP)
                                                            :    (Jointly Administered)
                                               Debtors.     :
                                                            :    Refers to Dkt. Nos. 19627 and
------------------------------------------------------------x    21254

## OBJECTION OF THE UNIVERSITY OF PITTSBURGH TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF DERIVATIVES AGREEMENT AS SET FORTH IN PLAN SUPPLEMENT AND LIMITED OBJECTION TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS

The University of Pittsburgh – Of the Commonwealth System of Higher Education (the "University") hereby makes this objection to the Debtors' proposed assumption of agreement between Lehman Brothers Special Financing, Inc. ("LBSF) and the University (Dkt. Nos. 19627 and 21254) and limited objection to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors ("Objection"). In support of its Objection, the University respectfully represents as follows:

1.    On September 15, 2008 and periodically thereafter (the "Petition Date"), the Debtors commenced their respective Chapter 11 Cases. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Each of the Debtors has been

authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2. By Order dated September 1, 2011 [ECF 19631], this Court approved the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated August 31, 2011 [ECF No. 19629] (the "Disclosure Statement"), and the form of Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan (the "Confirmation Hearing Notice").

3. On October 25, 2011, the Debtors filed the Plan Supplement [ECF No. 21254], which sets forth at Exhibit 2 the Schedule of Executory Contracts and Unexpired Leases to Be Assumed Pursuant to Section 11.1 of the Plan.

4. The Debtors lists contracts with the University in the Plan Supplement, at page 133 of Exhibit 2. The information as set forth in the Plan Supplement and the relevant pages are annexed hereto as <u>Exhibit A</u>. The Debtors served the University with a notice of Proposed Assumption Of Executory Contracts and Unexpired Leases, listing a single contract between the University and LBSF ("Notice"). A copy of the Notice is annexed hereto as <u>Exhibit B</u>.

5. The information in the Plan Supplement and Notice fail to identify the subject agreements with any specificity.

6. The University, however, was party to a certain 1992 ISDA Master Agreement dated as of August 3, 2000, between Lehman Brothers Special Financing, Inc. ("LBSF") and guaranteed by Lehman Brothers Holdings, Inc. ("LBHI) (the "Pittsburgh Master Agreement"). As a result of the Debtors' default thereunder caused by their respective bankruptcy filings, the Pittsburgh Master Agreement was terminated by the University effective December 5, 2008. The University determined that a payment was due to LBSF as an Early Termination Payment ("Early Termination Payment") and calculated the Early Termination Payment due pursuant to the terms of the Pittsburgh Master Agreement and promptly paid the same to LBSF by wire

transfer on December 19, 2008. Debtor LBSF received the payment and Debtors have never objected to the early termination and have received and retained the Early Termination Payment.

### Background

7. The University is a non-sectarian, coeducational, state-related, research university. The University derives its corporate existence under the laws of the Commonwealth of Pennsylvania (the "Commonwealth") by reason of an act of the State Legislature of the Commonwealth establishing an "Academy or Public School in the town of Pittsburgh" on February 28, 1787 and from the act of February 18, 1819 incorporating the "Western University of Pennsylvania." On July 11, 1908, the name was changed to "University of Pittsburgh" by order of the Court of Common Pleas of Allegheny County. Because a strong system of private higher education existed in the Commonwealth and it was the intention of the Commonwealth to provide quality education at reasonable cost to Pennsylvania residents, the commonwealth elected to provide significant financial support to four existing private universities, including the University of Pittsburgh. On July 28, 1966, the Pennsylvania State Legislature enacted the "University of Pittsburgh-Commonwealth Act" which changed the name of the University to "University of Pittsburgh – Of the Commonwealth System of Higher Education" and established the University as an instrumentality of the Commonwealth to serve as a state-related institution of the Commonwealth System of Higher Education. The Commonwealth appoints twelve (12) members of the University's fifty-one (51) member Board of Trustees, and all of the Commonwealth Trustees are among the thirty-six (36) voting members of the University's Board of Trustees.

8. The University's primary campus is located in Pittsburgh, Pennsylvania, and the University has four other campuses located in western Pennsylvania. The University offers approximately 425 distinct degree programs and additionally offers numerous combined major, dual, joint and cooperative degree programs. The University's full-time equivalent enrolment in Fall Term 2007 was 22,766 undergraduate students and 8,021 graduate students. In support of

its educational and research programs, the University employs 12,224 full-time and part-time faculty, research associates and staff.

9. On December 5, 2009, following the commencement of the LBHI and LBSF bankruptcy cases, the University delivered a Notice of Early Termination to LBSF and thereby terminated all interest rate swaps entered into under the Pittsburgh Master Agreement pursuant to Section 5(a)(vii) thereof, effective as of the date of the Notice.

10. On December 19, 2008, the University delivered to LBSF a written statement pursuant to Section 6(d) of the Pittsburgh Master Agreement, setting forth the University's calculation of Early Termination Payment due LBSF as a result of the designation of the Early Termination Date, and enclosed documentation supporting the calculations. The University thereupon also wired the full amount of the Early Termination Payment to LBSF.

11. Since early 2009, the University has cooperated with numerous informal requests and a subpoena pursuant to Rule 2004 from the Debtors for additional information in connection with the Early Termination Payment, and the University's bond portfolio restructuring, and has produced voluminous records and narrative explanations supporting the Early Termination Payment calculations and providing transparency far in excess of its contractual obligations under the Pittsburgh Master Agreement.

12. At no time have the Debtors ever challenged the termination of the Pittsburgh Master Agreement and cannot do so now through the proposed assumption set forth in the Plan Supplement.

### Objection

13. The University objects to the assumption of Pittsburgh Master Agreement to which it is a counterparty. Bankruptcy Code section 365(a) permits a debtor to assume or reject an "executory contract" during the course of a bankruptcy case. 11 U.S.C. § 365(a). Similarly, section 1123(b)(2) provides that a chapter 11 plan "may . . . subject to section 365 of this title, provide for the assumption, rejection or assignment of any executory contract . . . ." *Id.* § 1123(b)(2). The Swap

Agreement cannot be assumed because it is no longer an executory contract subject to assumption -- or rejection -- under section 365 or section 1123(b)(2).

14. Although the term "executory contract" is not defined in the Bankruptcy Code, "courts have long employed the definition articulated by Professor Countryman, *i.e.*, 'a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.'" *In re Wireless Data Inc.*, 547 F.3d 484, 488 n.1 (2d Cir. 2008) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973)).

15. An agreement is not executory where it has been terminated and the only material obligation remaining is the payment of money. *In re Leibinger-Roberts, Inc.*, 105 B.R. 208, 212-13 (Bankr. E.D.N.Y. 1989) (citing *In re Chateaugay Corp.*, 102 B.R. 335, 344-45 (Bankr. S.D.N.Y. 1989)).

16. As noted above, the Pittsburgh Master Agreement has long been terminated and is no longer an executory contract capable of assumption by the Debtors. Accordingly, the Pittsburgh Master Agreement is not an executory contract subject to assumption or rejection under section 365 of the Bankruptcy Code, and the Plan should not be confirmed to the extent it purports to assume the Swap Agreement. 11 U.S.C. § 1129(a)(1) (requiring, as a prerequisite to confirmation, that a chapter 11 plan comply with all other applicable Bankruptcy Code provisions, which here, includes section 365).

17. To the extent that the Debtors may purport they seek assumption in connection with the ongoing discussions about the University's calculation methodology and amount of the Early Termination Payment, assumption is neither appropriate nor necessary and should be denied. By order dated September 17, 2009, this Court has already authorized specific alternative dispute resolution procedures for affirmative claims of the Debtors under derivatives contracts; thus, to the extent the Debtors may seek to assert a claim against the University in connection

with the terminated Pittsburgh Master Agreement such ADR procedures – and not the proposed assumption in connection with the plan confirmation process -- would be the appropriate forum.

### Reservation Of Rights

18.  The University reserves its rights to assert such other and further objections as may be warranted. Moreover, in the event that the Court were to determine that the Pittsburgh Master Agreement is subject to assumption by the Debtors, the University expressly reserves right to further dispute any alternative calculations that may be made by the Debtors with respect to any amount allegedly due the Debtors.

### Conclusion

WHEREFORE, University of Pittsburgh respectfully request that Court (i) deny the Debtors' proposed assumption of the Pittsburgh Master Agreement, (ii) deny confirmation of the Plan to the extent it purports to assume the Pittsburgh Master Agreement, and (iii) grant such other and further relief as may be warranted.

Dated: New York, New York
November 4, 2011

        Respectfully submitted,

        REED SMITH LLP

    By: /s/ Andrea Pincus
        Andrea Pincus
        599 Lexington Avenue
        New York, NY 10022
        Tel: 212-521-5400
        Fax: 212-521-5450

        *Counsel to the University of Pittsburgh – Of the Commonwealth System of Higher Education*

# EXHIBIT A

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**
                                              :
        **Debtors.**                          :    **(Jointly Administered)**
------------------------------------------------------------x

## PLAN SUPPLEMENT

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      This Plan Supplement contains documents and schedules filed in connection with the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (the "Plan").[1] Included in this Plan Supplement are the following:

Exhibit 1 – Form of Revised Certificate of Incorporation and By-Laws for Each Debtor Pursuant to Section 7.7 of the Plan

Exhibit 2 – Schedule of Executory Contracts and Unexpired Leases to Be Assumed Pursuant to Section 11.1 of the Plan

Exhibit 3 – Plan Trust Agreement

Exhibit 4 – Form of Debtor Allocation Agreement

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Plan.

Exhibit 5 – Copies of Settlement Agreements Among Debtors and Non-Controlled Affiliates Pursuant to Section 6.5(b)(vi) of the Plan

Exhibit 6 – Copies of Settlement Agreements Among Debtors and Any Creditors Pursuant to Section 6.5(j) of the Plan

Exhibit 7 – Amendment to the Plan

Exhibit 8 – Updated Recovery Analyses for SASCO and LBCC

Exhibit 9 – Schedule of Claims by Debtor-Controlled Entities

Exhibit 10 – Reconciliation of Ownership of Assets

Exhibit 11 – List of Debtors and Debtor-Controlled Entities to Be Dissolved or Merged Pursuant to the Plan

    The Debtors reserve the right to alter, amend, update, supplement, or modify the Plan Supplement.

    Pursuant to Section 15.5 of the Plan, the Plan Supplement may be obtained on the Debtors' independent website at www.lehman-docket.com or by request to the Debtors in accordance with section 15.12 of the Plan.

Dated: October 25, 2011
       New York, New York

                      /s/ Jacqueline Marcus
                      Jacqueline Marcus

                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007
                      Attorneys for Debtors
                      and Debtors in Possession

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
| | | | TRW Automative Inc.<br>18252 Laurel Park Drive North,<br>Suite 300 West<br>Livonia, MI, 48152<br><br>Attn: Peter Rapin |
| U.S. SHIPPING PARTNERS LP | LEHMAN BROTHERS SPECIAL FINANCING INC. | | U.S. Shipping Partners LP.<br>399 Thornall Street<br>8th Floor<br>Edison, NJ, 08837<br><br>Attn: Al Bergerson |
| UBS AG | LEHMAN BROTHERS COMMERCIAL CORPORATION | | 677 Washington Boulevard<br>Stamford, CT, 06912-0300<br><br>Attn: James Fuqua, David Kelly |
| Uintah Basin Med Cente | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 250 West 300 North (75-2)<br>Roosevelt, Utah, 84066 |
| | | | Uintah Basin Medical Center<br>250 West 300 North (75-2)<br>Roosevelt, Utah, 84066 |
| UNION HOSPITAL, INC | LEHMAN BROTHERS SPECIAL FINANCING INC. | | Union Hospital, Inc<br>1606 North 7th Street<br>Terre Haute, IN, 47804 |
| Unipol Banca Spa | LEHMAN BROTHERS SPECIAL FINANCING INC. | | Via Stalingrado, 53<br>40128 Bologna<br>Italy<br>Attn: Legal Dept |
| UNITED COMPANY | LEHMAN BROTHERS COMMERCIAL CORPORATION | | 1005 Glenway Avenue<br>Bristol, VA, 24201<br><br>Attn: Lois A. Clark / Brian D. Sullivan |
| UNIVERSITY OF ILLINOIS | LEHMAN BROTHERS SPECIAL FINANCING INC. | | University of Illinois<br>The University of Illinois<br>209 Henry Administration Building, MC-399 506 South Wright Street<br>Urbana, Illinois, 61801-3620<br><br>Robert L. Plankenhorn, Capital Financing |
| University of Pittsburgh - Commonwealth System | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 2403 Cathedral of Learning<br>Pittsburgh, PA, 15260<br><br>Attn: Treasurer |
| | | | University of Pittsburg<br>2403 Cathedral of Learning<br>Pittsburgh, PA, 15260<br><br>Attn: Treasurer |
| University of Pittsburgh - of the Commonwealth | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 2403 Cathedral of Learning<br>Pittsburgh, PA, 15260<br><br>Attn: Treasurer |
| UNIVERSITY OF SCRANTON | LEHMAN BROTHERS SPECIAL FINANCING INC. | | The University of Scranton<br>800 Linden Street<br>Scranton, PA, 18510 |



# EXHIBIT B

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
In re                                                             :   Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :   08-13555 (JMP)
                                                                  :
                        Debtors.                                  :   (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

## NOTICE OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

**Contract Counterparty:**   Please refer to Exhibit A.

**Contract To Be Assumed:**   Contract listed on Exhibit A to the extent not already rejected by Court order or expired by its own terms.

---

If you have questions about this Notice or would like to resolve consensually any issues regarding assumption of the contract listed on Exhibit A or the cure amount listed on Exhibit A, please contact the estate representative that you have been dealing with or derivativeslegal@lehmanholdings.com. In any event, you must follow the instructions below for filing formal objections to the proposed assumption of the contract or cure amount listed on Exhibit A.

---

**PLEASE TAKE NOTICE** that on September 1, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (the "Debtors"), filed their Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, ECF No. 19627 (the "Plan").[1] If the Plan is approved by the United

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), the Debtors will, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, assume the executory contracts and unexpired leases listed on Exhibit 2 of the Plan Supplement, dated October 25, 2011, ECF No. 21254 (the "Plan Supplement"), and the other executory contracts assumed pursuant to Sections 11.1, 11.5 and 11.6 of the Plan.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Plan, notice (this "Notice") is hereby provided that the Debtors currently propose to assume the executory contract or unexpired lease listed on Exhibit A hereto (the "Contract") to the extent not already rejected by Court order or expired by its own terms.[2]

**PLEASE TAKE FURTHER NOTICE** that the Debtors shall pay the cure amount set forth on Exhibit A in accordance with Section 11.3 of the Plan. Payment of such cure amount shall satisfy, in full, the Debtors' obligations pursuant to section 365(b)(1) of the Bankruptcy Code.

**PLEASE NOTE THAT THE CONTRACT LISTED ON EXHIBIT A WILL ONLY BE ASSUMED HEREUNDER IF THE PLAN IS APPROVED BY THE BANKRUPTCY COURT AND BECOMES EFFECTIVE.**

**PLEASE TAKE FURTHER NOTICE** that if you object to the Debtors' proposed assumption of the Contract, including to the cure amount set forth on Exhibit A hereto, and are unable to resolve your objection consensually with the Debtors, you must file a written objection with the Bankruptcy Court and state with specificity the nature of the objection and the proposed cure amount, and serve such objection on the following parties (the "Objection Notice Parties") **on or before November 10, 2011**: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.).

**PLEASE TAKE FURTHER NOTICE** that, if no objections are received by the above deadline, (i) you shall be deemed to have consented to the assumption of the Contract and shall be forever barred from asserting any objection with regard to such assumption, and (ii) the cure amount set forth on Exhibit A shall be binding upon you for all purposes and will constitute a final determination of total cure amount required to be paid by the Debtors in connection with the assumption of such Contract, and you shall be forever barred from asserting any other claims or cure amounts related to such Contract.

---

[2] This notice is without prejudice to the Debtors' rights to claim that the Contract expired by its own terms or was terminated prior to the effective date of assumption, as the case may be. Moreover, nothing herein shall be deemed an admission that the Contract is an enforceable obligation of the Debtors, is executory in nature, or that the Contract counterparty identified on Exhibit A has a valid claim against the Debtors. The Contract listed on Exhibit A will not be assumed until the Bankruptcy Court enters an order approving such assumption. The Debtors reserve all rights to remove the Contract from Exhibit A and the Plan Supplement, in which case such contract shall be deemed rejected as of the Effective Date of the Plan.

**PLEASE TAKE FURTHER NOTICE** that if a timely objection is received and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at the hearing to approve the Plan on December 6, 2011, or at such other date as determined by the Court or the parties.

**PLEASE TAKE FURTHER NOTICE** that if an objection to a cure amount is filed, the Debtors reserve the right to remove the applicable Contract from Exhibit A and the Plan Supplement if, among other things, the cure amount is ultimately determined by order of the Court to be higher than the cure amount set forth on Exhibit A, in which case such Contract shall be deemed rejected as of the Effective Date of the Plan.

**PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Plan or the Plan Supplement, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these chapter 11 cases, at 1-866-879-0688 (domestic) or 1-503-597-7691 (international).

> **If you have questions about this Notice or would like to resolve consensually any issues regarding assumption of the contract listed on Exhibit A or the cure amount listed on Exhibit A, please contact the estate representative that you have been dealing with or derivativeslegal@lehmanholdings.com. In any event, you must follow the instructions below for filing formal objections to the proposed assumption of the contract or cure amount listed on Exhibit A.**

Dated: October 27, 2011
New York, New York

### Exhibit A

| Counterparty | Debtor | Title of Agreement | Cure Amount |
|---|---|---|---|
| UNIVERSITY OF PITTSBURGH - COMMONWEALTH SYSTEM | LEHMAN BROTHERS SPECIAL FINANCING INC. | | $0 |

**UNLESS A SPECIFIC DERIVATIVES CONTRACT IS NOTED, THE DEBTORS INTEND TO ASSUME ALL DERIVATIVES CONTRACTS WITH YOU. WHERE A SPECIFIC DERIVATIVES CONTRACT HAS BEEN INDICATED, THE APPLICABLE DEBTOR INTENDS TO ASSUME THE IDENTIFIED DERIVATIVES CONTRACT AND TO REJECT ALL OTHER DERIVATIVES CONTRACTS WITH YOU.**