RECEIVED OCT 26 2011 U.S. BANKRUPTCY COURT, SDNY JMP

-To: United States Bankruptcy Court

Southern District of New York

-Debtors: Lehman Brothers Holdings INC, et al.

Chapter 11 case no. 08-1355 (JMP)

-Objection: Two hundred thirteenth omnibus objection to disallow and expunge certain filed proofs of claim.

-Claimant and representative:    Cole Frank

Kromvendreef 52

B-2900 Schoten

Belgium

Tel: 32 3 658 72 05

Mobile: 32 476 808 429

e-mail: frank.cole2@telenet.be

-Claim no. 37020 for the amount of €27,000 plus interest, being US$ 41,580 on

Lehman Bros UK Capital Funding IV LP, ISIN code: XS0282978666 deposited at Clearstream account no. 30716


Honorable Judge James M. Peck,

I apologize for not being an attorney and as such I might not use the appropriate terminology. I am just a small investor in a huge company, trying to defend what I believe to be my rights as a holder of the above mentioned claim.

In what follows I will refer to the "Base Prospectus", trying to justify my objection to the two hundred thirteenth omnibus objection on a legal basis. But firstly I would like to state that in my belief it is clear that if one borrows money from someone, one is supposed to pay back, under any law. So I call upon your sense of justice not to disallow my claim.

Next I will try to find legal arguments in the "Base Prospectus".

The debtor invokes the dissolution of the Issuer as a reason why the Guarantee no longer holds. However on page 35 in section 2.4 d it says " the guarantee shall not be affected by ... dissolution ... of Issuer". In section 2.6: "A holder may enforce this Subordinated Guarantee directly against LBHI". Section 2.8 :" ... LBHI shall be liable as principal and sole obligor".

Furthermore, I oppose the dissolution of the Issuer based on what I read on page 26 :" General Partner will not permit, or take any action that would or might cause, the liquidation or dissolution of the Issuer"

Furthermore I have received no Trigger Event Notice as referred to on page 28, and as such : "Holders are entitled to distribution and liquidation distribution in respect of the preferred

securities". On page 9 I find in the same context :" In the event of the dissolution of the Issuer, Holders will be entitled to receive, subject as set out below, for each Preferred Security a Liquidation Distribution out of the assets of the Issuer legally available for distribution". So I think as a holder I am entitled to some kind of compensation.

And finally I read on page 9:" the General Partner will at all times be a directly or indirectly wholly-owned Subsidiary of LBHI unless (i) otherwise approved by Holders in accordance with the procedure set out in the Limited Partnership Agreement or (ii) after a substitution of the Preferred Securities for depositary shares representing Substituted Preferred Stock has occurred." Neither is applicable.

Therefore it seems to me at least not very ethical to dissolve the wholly owned Issuer in order to escape one's responsibility and guarantee.

Honorable Judge James M. Peck, I thank you for your time and hope you will consider my objection favourable.

Sincerely yours,

Frank Cole