James Sullivan
**MOSES & SINGER LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 554-7800
Fax: (212) 554-7700

*Attorneys for China Development Industrial Bank and Dotson Investments Ltd*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**OBJECTION OF CHINA DEVELOPMENT INDUSTRIAL BANK AND DOTSON INVESTMENTS LTD TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE**

China Development Industrial Bank ("CDIB") and Dotson Investments Ltd ("Dotson", and together with CDIB, the "Creditors"), by and through their undersigned counsel, hereby file this Objection to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. ("LBHI") and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Plan"). In support thereof, the Creditors state as follows:

**PRELIMINARY STATEMENT**

1. The Creditors' principal objection is that the Plan has been designed to manipulate classification of various non-priority unsecured claims in furtherance of reaching a settlement of a purported risk of substantive consolidation. That settlement forces certain holders of non-priority unsecured claims, like Creditors, to relinquish up to 20% of the value of

their claim so that such value can be reallocated to two preferred non-priority unsecured claim classes of LBHI. Such reallocation is entirely unjustified because there is no basis, either as a matter of law or under the facts, justifying substantively consolidating the Debtors' estates. This is particularly true with respect to foreign non-debtors that are subject to the laws of foreign jurisdictions.

## BACKGROUND

2. CDIB filed a claim in the amount of $485,733 against Lehman Brothers Special Financing Inc. ("LBSF") based on amounts owed by LBSF on account of a derivative (Claim No. 67656), which is a proposed member of LBSF Class 4A. CDIB also filed a claim against LBHI in the same amount on account of its guarantee of amounts owed by LBSF under the derivative (Claim No. 64657), which is a proposed member of LBHI Class 9A.

3. Dotson filed a claim in the amount of $653,141.31 against LBHI based its guarantee of bonds issued by Lehman Brothers UK Capital Funding LP and guaranteed by Lehman Brothers Holdings plc (Claim No. 47171), which is a proposed member of LBHI Class 5. Dotson also filed a claim in the amount of $237,304.48 against LBHI based on its guarantee of the Lehman Program Securities issued by Lehman Brothers UK Capital Funding IV LP (Claim No. 47035).

4. On September 1, 2011, the Debtors[1] filed their Disclosure Statement for Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code (the "Disclosure Statement") [Dkt Id. 19629]. The same day, the Court issued an amended Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (II) Establishing

---

[1] Capitalized terms not otherwise defined herein have the same meaning ascribed to such terms as set forth in the Disclosure Statement.

Solicitation and Voting Procedures, (III) Scheduling a Confirmation Hearing, and (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan. Dkt #19631 ("Amended Order").

5.     The Amended Order sets the Plan Objection Deadline as November 4, 2011, at 4:00 p.m. (Eastern Time) and the Confirmation Hearing at December 6, 2011, at 10:00 a.m. (Eastern Time).

### OBJECTIONS

6.     The heart of the plan is a series of reallocations by which certain creditors (including the Creditors) are forced to relinquish up to 20% of the value of their claims, allegedly in settlement of the risk of substantive consolidation. The amount relinquished by these creditors is to then be reallocated to two favored classes of creditors: holders of Senior Unsecured Claims (Class 3) and General Unsecured Claims (Class 7) against LBHI. Since the reallocation does not go to the estate as a whole to benefit all creditors, the usual result of settlement of a claim belonging to the estate, such reallocation violates the fundamental bankruptcy policy, which is to provide equal distributions to all creditors. *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651, 667 (2006); *Reading Co. v. Brown*, 391 U.S. 471, 486 (1968) (Warren, C. J., dissenting) ("theme of the Bankruptcy Act is 'equality of distribution'" (citations omitted)); *Shawhan v. Wherritt*, 48 U.S. 627, 644 (1849) ("The policy and aim of bankruptcy laws are to compel an equal distribution of the assets of the bankruptcy among all his creditors."). The Debtors' classification of non-priority unsecured claims manipulates the treatment of similarly situated claims so that certain of such claimants are favored to the detriment of others. Such an inequitable result must not be permitted.

896353                                              3

7.      Plan proponents may not manipulate classification to defeat the goal of equal treatment of similarly situated creditors. *Olympia & York Florida Equity Corp. v. Bank of New York (In re Holywell Corp.)*, 913 F.2d 873, 880-81 (11th Cir. 1990) (precluding junior classification of equity holder's unsecured claim because such claim was entitled to equal treatment provided to other general unsecured claims); *In re Creekside Landing, Ltd.*, 140 B.R. 713, 716 (Bankr. M.D. Tenn. 1992) (denying confirmation of plan that failed to equally treat similarly situated creditors); *In re 222 Liberty Associates*, 108 B.R. 971, 990 (Bankr. E.D. Pa. 1990) (same). Each of the affected classes is made up of non-priority unsecured claims and should receive equal treatment.

8.      As plan proponents, the Debtors bear the burden to justify their proposed Bankruptcy Rule 9019 settlement of substantive consolidation. *In re Remsen Partners, Ltd.*, 294 B.R. 557, 565 (Bankr. S.D.N.Y. 2002) (denying Bankruptcy Rule 9019 settlement were movant failed to meet its burden); *In re 110 Beaver Street Partnership*, 244 B.R. 185, 187 (Bankr. D. Mass. 2000) (burden of establishing propriety of Bankruptcy Rule 9019 settlement is on movant). The Debtors also bear the burden to establish that their Plan, by a preponderance of the evidence, satisfies the confirmation requirements of the Bankruptcy Code. *In re Armstrong World Industries, Inc.*, 348 B.R. 111, 122 (D. Del. 2006) ("the Plan Proponents bear the burden of establishing that the Plan comports with § 1129's requirements by a preponderance of the evidence."); *In re Leominster Materials Corp.*, 2006 WL 1109453, *4 (Bankr. D. Mass. 2006) (same); *see also Adelphia*, 368 B.R. at 252 n. 247 ("As the proponent of the plan, the debtor had the burden of establishing that it met the requirements of the Code." (*quoting In re Featherworks Corp.*, 25 B.R. 634, 642 (Bankr. E.D.N.Y. 1982))); *In re 222 Liberty Associates*, 108 B.R. 971, 991 (Bankr. E.D. Pa. 1990) (same). The debtors have failed to satisfy both of their burdens.

9. The Debtors have provided no legal or equitable basis for ignoring the Debtors' separate businesses and legal characters to justify settling any substantive consolidation issue. In order for this Court to have ordered the extraordinary remedy of substantive consolidation, it would have been required to find that the Debtors' (as well as LBHI's foreign non-debtor affiliates whose debt was guaranteed by LBHI) affairs are so hopelessly entangled that consolidation will benefit all creditors and that creditors dealt with such entities as a single unit. *Union Sav. Bank v. Augie/Restivo Baking Co. (In re Augie/Restivo Baking Co.)*, 860 F.2d 515, 518 (2d Cir. 1988). There is no evidentiary showing of a hopeless entanglement among the Debtors' affairs (or those of LBHI's foreign non-debtor affiliates) to have warranted substantive consolidation. Indeed, the Debtors admit that separate books and records were kept for all active Lehman entities and that they employed a staff of 300 Legal Entity Controllers to regularly review and investigate the books and records of the various entities. Disclosure Statement at pgs 62-64. The debtors further admit that the corporate formalities were observed. Disclosure Statement at pg. 63. In addition, the Debtors have produced no evidence demonstrating that creditors dealt with such entities as a single economic unit. Indeed, the Creditors did not deal with the relevant Lehman entities as single economic unit. Creditors relied on the separate corporate structures of such Lehman entities in their business dealings. Thus, the Debtors have produced no evidence of the quantitative risk of substantive consolidation. All that the Debtors have done is made self-serving statements that a 20% reduction in the value of certain claims is an appropriate adjustment to reflect the purported risk of substantive consolidation. Such a superficial evidentiary basis cannot justify substantially reducing the value of certain creditors' non-priority unsecured claims, including Creditors, to benefit other creditors also holding non-priority unsecured claims.

10. The inequity created by the proposed settlement is further demonstrated by the fact that the reallocation fails to take into account any benefit that may be received by certain creditors if the there were to have been substantive consolidation. For example, certain creditors, like CDIB, may owe debts to various LBHI affiliates and cannot setoff such debts against their claims against LBHI due to the lack of mutuality. But if the Lehman entities were substantively consolidated, setoff could be accomplished because mutuality of debt would thereafter exist. In addition, other creditors, such as Dotson, who may have a subordinated claim against LBHI, which has assets, based on its guarantee of an unsubordinated claim against a foreign non-debtor affiliate with little or no assets would benefit from consolidation because such creditor would then hold an unsubordinated claim against consolidated entities with assets. However, the Debtors have not shown that the benefit to have been gained by these types of creditors on account of substantive consolidation has been taken account in the proposed settlement. In other words, the Debtors' settlement of the purported risk of substantive consolidation is being used as a sword and a shield to the detriment of CDIB and similarly situated creditors.

11. Further, the purported risk makes no distinction between creditors, like Dotson, who hold direct claims against foreign non-debtor LBHI affiliates for which LBHI previously issued guarantees of those affiliates' debt. Even assuming it was proper to substantively consolidate the Debtors, there has been no showing that LBHI could have been substantively consolidated with its foreign non-debtor affiliates, affiliates subject to the laws of different countries. Creditors know of no authority to permit LBHI to be substantively consolidated with its foreign non-debtor affiliates and the Debtors have not produced any such authority. Thus, it is entirely unjustified for creditors, like Dotson, whose guarantee claims against LBHI are based on its guarantee of a foreign non-debtor affiliate's debt, to be subject to any reallocation of the

896353

6

value of their claims based on the purported risk of substantively consolidating such foreign affiliates with LBHI.  There is no such risk.

12. Consistent with the foregoing, the Creditors reserve their rights to supplement this Objection and to argue any of the following at the Confirmation Hearing:

(a) the proposed reallocation of the value of certain claims cannot possibly satisfy Bankruptcy Rule 9019 as it purports to settle a claim that borders on frivolous: the claim that this Court could successfully substantively consolidate a foreign non-debtor entity with LBHI, particularly where there is neither a showing that pre-petition their affairs are so entangled that consolidation will benefit all creditors or their corporate separateness was disregarded;

(b) the proposed reallocation additionally fails Bankruptcy Rule 9019 because it purports to settle a claim belonging to the estate as a whole with a reallocation of value that goes not to the estate as a whole but directly to particular creditors, in violation of the equal treatment principles at the heart of the Bankruptcy Code;

(c) the proposed reallocation additionally fails Bankruptcy Rule 9019 because creditors do not share in any benefit that may have been achieved if the Debtors were to have substantively consolidated, such as the right to set off;

(d) the Plan's liquidation and recovery analysis does not sufficiently demonstrate that dissenting creditors such as the Creditors would receive at least as much under the Plan as under a Chapter 7 liquidation, in violation of § 1129(a)(7);

(e) the Plan's reservation of funds for disputed claims is inequitable and constitutes unfair discrimination, as the amount set aside for the disputed claim effectively constitutes a cap on what the creditor may eventually recover in contrast with the recovery available to undisputed claims;

(f)   the treatment of the Creditors' claims constitutes unfair discrimination as compared to treatment afforded to claims of other general unsecured creditors;

(g)   the proposed classification scheme is improper in violation of §1122, as it (i) separately groups guaranty claims from non-guaranty claims without adequate justification and (ii) even if separate classification of certain guaranty claims (those based on guaranty of a US debtor obligation) was proper (based on purported risk of substantive consolidation), there is no justification for lumping in all guaranty claims (such as those based on a guaranty of a non-US debtor) where there would clearly be no risk of substantive consolidation; and

(h)   any other grounds for objection.

WHEREFORE, based upon the foregoing, the Creditors respectfully request the Court to enter an Order denying confirmation of the Plan and granting Creditors such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 4, 2011

**MOSES & SINGER LLP**

By:   /s/ James Sullivan
James Sullivan
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
Telephone:  (212) 554-7800
Fax:  (212) 554-7700
Email: jsullivan@mosessinger.com

*Attorneys for China Development Industrial Bank and Dotson Investments Ltd*

896353                                                            8