**EXHIBIT O**



**Claim Form**
(CPR Part 8)

| In the | HIGH COURT OF JUSTICE CHANCERY DIVISION |
|---|---|
| Claim No. | HC09C01931 |



Claimants

**Belmont Park Investments Pty Ltd & Others as per the attached Appendix 1**

Defendant(s)

**BNY Corporate Trustee Services Limited**

Does your claim include any issues under the Human Rights Act 1998?    ☐ Yes    ☒ No

Details of claim *(see overleaf)*

CPR Part 8 is applicable to and suitable for this claim.

1.  The Claimants are the holders of notes in ten series of notes listed in Appendix 1 attached hereto ("the Notes") and issued under the Lehman Dante Multi-issuer Secured Obligation Programme. The principal amount of the Notes held by each Claimant is set out in Appendix 2.

2.  The issuers of the Notes ("the Issuers") are listed in Appendix 2.

3.  The Defendant is, pursuant to the terms of each of the principal trust deeds ("the Principal Trust Deed") and each of the supplemental trust deed and drawdown agreements ("Supplemental Trust Deed") listed in Appendix 2, the note trustee of the Notes and the security trustee of the collateral purchased with the proceeds of the Notes.

4.  The Issuers and Lehman Brothers Special Financing Inc. ("LBSF") are parties to Swap Agreements contained in ISDA Master Agreements, Schedules to the ISDA Master Agreements and Confirmations listed in Appendix 3 attached hereto ("Swap Agreements").

Defendant's
name and
address
BNY Corporate Trustee Services Limited
1 Canada Square
London
E14 5AL

| | £ |
|---|---|
| Court fee | 400 |
| Solicitor's costs | To be assessed |
| Issue date | 0 9 JUN 2009 |

The court office at Strand, London, WC2A 2LL is open between 10am and 4.30pm Monday to Friday. When corresponding with the court, please address forms or letters to the Court Manager and quote the claim number.

N208 Claim form (CPR Part 8) (10.00)

| Claim No. | |
|---|---|

## Details of claim (continued)

And the Claimants seek the following relief:

(1)   A declaration that: (a) an Event of Default, as defined in section 5(a)(vii)(4) of the ISDA Master Agreements forming part of the Swap Agreements, has occurred; and (b) that LBSF is the Defaulting Party in relation to such Event(s) of Default.

(2)   A declaration that the Issuers have validly and effectively terminated each Swap Agreement pursuant to section 6(a) of the Swap Agreements.

(3)   A declaration that: (a) the Notes have become due and payable to the Claimants at their Early Redemption Amount (as defined in paragraph 44 of the Terms and Conditions of the Notes) together with accrued interest; and (b) the security constituted by the Principal Trust Deed and Supplemental Trust Deed is enforceable;

(4)   An Order, in relation to all Note Series other than the Saphir Notes, that the Defendant do forthwith deliver to the Claimants a Collateral Delivery Amount of Collateral, and do pay the Claimants the Accrued Early Redemption Interest Amount, in accordance with paragraph 44 of the applicable Series Prospectus or Offering Circular Supplement (and the definitions therein).

(5)   An order that, in relation to the Saphir Note Series, and/or by way of alternative relief in relation to all other Note Series, the Defendant do immediately enforce the security over the Mortgaged Property (as defined in the Principal Trust Deed and the Supplemental Trust Deed) as directed by the Extraordinary Resolutions of the holders of the Notes listed in Appendix 4 attached hereto.

(6)   An order pursuant to clause 6.2 of the Principal Trust Deed and clause 5.5 of the Supplemental Trust Deed that the Defendant do apply all moneys received by it under the Principal Trust Deed and the Supplemental Trust Deed in connection with the realisation or enforcement of the security constituted thereby and by any Other Security Document (as defined in the Principal Trust Deed) in accordance with Noteholder Priority (as defined at clause 6.2(iii) of the Principal Trust Deed).

(7)   Further or alternatively, declaration that paragraph 44 of the Series Prospectus and Offering Circular Supplement, clause 6.2 of the Principal Trust Deed and clause 5.5 of the Supplemental Trust Deed are valid, effective and enforceable under English law as the proper law of such contracts.

(8)   Such further relief as the Court deems fit;

(9)   Costs.

The written evidence on which the Claimants rely and a summary of the legal basis for the Claimants' claim to the remedies sought is contained in the witness statement of Jean-Pierre Douglas Henry dated 9 June 2009.

---

Statement of Truth
*The Claimants believe that the facts stated in these particulars of claim are true.
* I am duly authorised by the Claimants to sign this statement

Full name   JAMES DAVID PATON CURLE

Name of claimant's solicitor's firm   Lawrence Graham LLP

signed                                         position or office held   Partner
*Claimants' solicitor                         (if signing on behalf of firm or company)

---

**LAWRENCE GRAHAM LLP**
**4 More London Riverside**
**London, SE1 2AU**

Tel: 020 7379 0000
Fax: 020 7379 6854

Claimants' or Claimants' solicitor's address to which documents should be sent if different from overleaf. If you are prepared to accept service by DX, fax or e-mail, please add details.

7705080.3