# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | § | Case No. 08-13555 (JMP) |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |

**OBJECTION OF CITY OF COPPELL, COPELL INDEPENDENT SCHOOL DISTRICT, CITY OF MEMPHIS, DALLAS COUNTY, HARRIS COUNTY, MCLENNAN COUNTY, AND TARRANT COUNTY TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

**To the Honorable United States Bankruptcy Judge:**

NOW COME City of Coppell, Coppell Independent School District, City of Memphis, Dallas County, Harris County, McLennan County and Tarrant County (collectively, the "Texas Taxing Authorities"), secured creditors in the above-numbered and styled bankruptcy case, and file this Objection to the Third Amended Joint Chapter 11 Plan (the "Plan") of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Debtors"). In support of their objection, the Texas Taxing Authorities would show the Court as follows:

I.

The Texas Taxing Authorities are political subdivisions of the State of Texas.

II.

The Texas Taxing Authorities hold claims for ad valorem taxes owed on Debtor's real and personal property. These property taxes were duly assessed in accordance with the laws of the State of Texas and constitute valid, liquidated secured claims against the Debtors' property, entitled to priority over other secured claims under 11 U.S.C. § 506.

The laws of the State of Texas, Property Tax Code §32.05(b), give the tax liens securing the property taxes, superiority over the lien of any other claim or lien against this property. The Texas Taxing Authorities' claims are for *ad valorem* taxes assessed against the Debtors on January 1 of each year

pursuant to Texas Property Tax Code §§ 32.01 and 32.07. These taxes are secured by first priority liens on the real property of the Debtor pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. The Texas Taxing Authorities' liens take priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Debtor. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). The tax lien is also unavoidable. See In re: Winns, 177 B.R. 253 (Bankr. W.D. Tex. 1995). These tax claims are entitled to priority as a secured claim, senior to other secured claims, according to the Bankruptcy Code, 11 U.S.C. §506. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

III.

Although the tax claims are secured tax claims, it appears from the Plan that the Debtors intend to treat the ad valorem tax claims as priority claims. Accordingly, the Texas Taxing Authorities object to the Plan on the following grounds:

1. The Plan fails to properly classify the Texas Taxing Authorities' claims as secured tax claims.

2. The Plan fails to provide for the retention of the Texas Taxing Authorities' liens on their collateral until the claims, including post-petition interest, have been paid. The Plan should not be confirmed unless and until it specifically provides for the Texas Taxing Authorities' liens for pre and post-petition taxes to remain on their collateral until the claim, including interest thereon, is paid in full.

3. The Texas Taxing Authorities object to the Plan on the basis that the Plan does not provide for interest on their secured claims. Pursuant to 11 U.S.C. § 506, the Texas Taxing Authorities are entitled to post-petition interest at the statutory rate from the petition date through the Effective Date. In the event the Texas Taxing Authorities' claims are not paid in full on the Effective Date, the Texas Taxing Authorities are entitled to statutory interest from the Effective Date until such time as the claim is paid in full as provided by 11 U.S.C. § 1129.

2

4. In the event, the tax claims are not paid in full on the Effective Date, the Texas Taxing Authorities oppose semi-annual payments and would require the Debtors to make regular, monthly installments until the claims, including interest, are paid in full.

5. The Plan fails to provide for a remedy in the event of a default should the Debtors elect to make monthly installments on the tax claims. The Texas Taxing Authorities assert that the following language should be included in any plan modification or in the order confirming the plan:

> In the event of any failure of the reorganized debtor to timely make its required plan payments to the Texas Taxing Authorities, or any failure to pay post-petition ad valorem property taxes owed to the Texas Taxing Authorities prior to delinquency, either of which shall constitute an event of default under the Plan as to the Texas Taxing Authorities, it shall send notice of such default to the reorganized debtor. If the default is not cured within twenty (20) days of the date of such notice, the Texas Taxing Authorities may proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court. The Texas Taxing Authorities are only required to send two (2) notices of default, and upon the third event of default, the Texas Taxing Authorities may proceed to collect all amounts owed under state law without recourse to the Bankruptcy Court and without further notice.

6. Lastly, the Texas Taxing Authorities object to the Plan to the extent it purports to impose a requirement of filing a request for allowance of administrative expense or an administrative expense claim in order for the post-petition taxes to be paid. The Plan should provide that administrative expense claims need not be filed for any current or delinquent post-petition taxes. The Debtor should be required to pay the post-petition taxes in the ordinary course of business without the necessity of local governments having to file administrative claims. *See* 11 U.S.C.§ 503(b)(1)(D).

**WHEREFORE, PREMISES CONSIDERED**, the Texas Taxing Authorities respectfully pray that this Court sustain this objection to the Plan, that it accordingly deny confirmation of the Plan, and for such other and further relief, at law or in equity, as is just.

Dated:  November 4, 2011

        Respectfully submitted,

        **LINEBARGER GOGGAN**
        **BLAIR & SAMPSON, LLP**


        /s/ John P. Dillman
        **JOHN P. DILLMAN**
        Texas State Bar No. 05874400
        **TARA L. GRUNDEMEIER**
        Texas State Bar No. 24036691
        Post Office Box 3064
        Houston, Texas 77253-3064
        (713) 844-3478 *Telephone*
        (713) 844-3503 *Telecopie r*

        *Counsel for  Texas Taxing Authorities*

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that a true and correct copy of the *Objection of the Texas Taxing Authorities to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* was served upon the following entities by either electronic court filing or by United States first class mail, postage prepaid, on November 4, 2011:

Harvey R. Miller, Esq.
Lori R. Fife, Esq.
Alfredo R. Perez, Esq.
Weil Gotshal Manges LLP
767 Fifth Avenue
New York, New York 10153

Elisabetta Gasparini, Esq.
Andrea Schwartz, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004

Dennis F. Dunne, Esq.
Dennis O'Donnell, Esq.
Evan Fleck, Esq.
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005

                                              */s/Tara L. Grundemeier*
                                              Tara L. Grundemeier