**Objection Deadline: November 10, 2011 at 4:00 p.m. (Eastern)**
**Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Eastern)**

MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel. (212) 506-2500
Fax (212) 262-1910
Jeffrey G. Tougas (JT-5533)
Christine A. Walsh (CW-2727)

*COUNSEL TO SUMITOMO MITSUI BANKING CORPORATION*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**OBJECTION OF SUMITOMO MITSUI BANKING CORPORATION
IN CONNECTION WITH DEBTORS' PLAN SUPPLEMENT AND NOTICES OF
<u>PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS</u>**

TO:   THE HONORABLE JUDGE JAMES M. PECK
    UNITED STATES BANKRUPTCY JUDGE:

Sumitomo Mitsui Banking Corporation ("**SMBC**"), in its own capacity and as assignee[1] of SMBC Capital Markets, Inc ("**SMBC-CM**"), by and through its undersigned attorneys, makes the following objection in connection with (i) the Plan Supplement [Docket No. 21254] (the "**Plan Supplement**"), filed on October 25, 2011, by Lehman Brothers Holdings Inc. ("**LBHI**")

---

[1] On September 19, 2008, SMBC-CM assigned all of its right, title and interest in and to the SMBC-CM ISDA (as defined below) to SMBC and SMBC simultaneously assumed all such right, title and interest, thereby becoming the owner of the SMBC-CM ISDA. Notice of the assignment was sent to LBSF on or about September 23, 2008.

and its affiliated debtors (collectively, with LBHI, the "**Debtors**"),[2] (ii) the Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, dated October 27, 2011, with respect to SMBC, as "Counterparty" thereunder (the "**SMBC Notice of Assumption**"), and (iii) the Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, dated October 27, 2011, with respect to SMBC-CM, as "Counterparty" thereunder (the "**SMBC-CM Notice of Assumption**" and, together with the SMBC Notice of Assumption, the "**Notices of Assumption**"), respectfully stating as follows:

## PRELIMINARY STATEMENT

SMBC's Swap Agreements (as defined *below*) with Lehman Brothers Special Financing Inc. ("**LBSF**") are not assumable by LBSF, as contemplated by the Plan Supplement and the Notices of Assumption, because all transactions thereunder were terminated, and because the Swap Agreements are, therefore, not executory contracts. If this Court should determine, however, that the Swap Agreements are assumable by LBSF, then SMBC reserves the right to seek a full cure and compensation, pursuant to section 365 of the Bankruptcy Code. SMBC also objects to the "Cure Amount" set forth in each of the Notices of Assumption and asserts that SMBC's cure amount is not less than the amount set forth in its duly filed Proofs of Claim in these cases.

---

[2] Capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to such terms in the Plan.

2

## BACKGROUND

1. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. On various dates thereafter, LBHI's affiliated debtors in these cases filed voluntary petitions for relief under the Bankruptcy Code, whereupon, the Debtors' cases were administratively consolidated by the Bankruptcy Court. Specifically, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code on October 3, 2008.

3. On July 2, 2009, the Bankruptcy Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "**Bar Date Order**") in these cases.

4. Having filed proofs of its claims in these cases in compliance with the Bar Date Order, SMBC is the holder of multiple claims, against certain of the Debtors, in an aggregate amount in excess of seven hundred million dollars.

5. Certain of SMBC's claims against LBSF and LBHI are on account of two ISDA Master Agreements, one dated as of December 15, 1993, between SMBC and LBSF (the "**SMBC ISDA**"), and one dated as of May 5, 1992, between LBSF and SMBC's affiliate, SMBC-CM (the "**SMBC-CM ISDA**" and together with the SMBC ISDA, the "**Swap Agreements**"). All transactions under the Swap Agreements were terminated, on September 16, 2008, because of the LBHI bankruptcy filing, but prior to the LBSF bankruptcy filing. All of LBSF's obligations under the Swap Agreements are guaranteed by LBHI.

6. On September 1, 2011, the Court entered an Amended Order approving the Debtors' Amended Motion (i) for Approval of the Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan.

7. On October 25, 2011, the Debtors filed their Plan Supplement which contains, among other things, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "**Assumption Schedule**"). The Assumption Schedule lists SMBC and SMBC-CM as parties to executory contracts the Debtors proposes to assume, without identifying any contracts with particularity. SMBC assumes that the Swap Agreements are among the "executory" contracts the Debtors propose to assume.

8. On or about November 3, 2011, the Notices of Assumption were received.

## ARGUMENT

9. All transactions under the Swap Agreements were properly terminated, in accordance with their terms and applicable law, on September 16, 2008, therefore, the Swap Agreements are not subject to assumption by the Debtors.

10. For the purposes of assumption under section 365 of the Bankruptcy Code, Bankruptcy courts have adopted Professor Vernon Countryman's definition of an "executory contract" as "[a] contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." V. Countryman, *Executory Contracts in Bankruptcy*, 57 Minn. L. Rev. 439, 446 (1973); *In re Wireless Data, Inc.*, 547 F.3d 484, 488 FN1 (2d Cir. 2008) ("[a]lthough § 365 does not define the term "executory contracts," courts have long employed the definition articulated by Professor Countryman . . . ."); *In re Penn*

4

*Traffic Co.*, 524 F.3d 373, 379 (2d Cir. 2008) (observing that "most courts and scholars" look to the definition of executory contract "first articulated by Professor Vernon Countryman in his seminal 1973 law review article").

11. The Swap Agreements, as "master agreements," are not executory contracts, within the meaning of section 365 of the Bankruptcy Code, as the only performance that remains is the payment of termination-related damages thereunder by the party obligated to make such payment, and are not, therefore, subject to assumption by the Debtors. *See, e.g., In re Chateaugay Corp.*, 130 B.R. 162, 165-66 (Bankr. S.D.N.Y. 1991) (holding that "[a] contract is not executory where the non-debtor party has rendered full performance of its obligations, regardless of whether the debtor has rendered any performance at all," and that an "obligation to pay money, standing alone, is insufficient to render a contract executory"); *In re J.M. Fields, Inc.*, 22 B.R. 861, 864 (Bankr. S.D.N.Y. 1982) (holding that an executory contract "does not encompass the situation where a nonbankrupt party to a contract has rendered full performance of its obligations but where a bankrupt party has performed only partially or not at all"); *See In re Res. Tech. Corp.*, 254 B.R. 215 (Bankr. N.D. Ill. 2000) (holding that where there is no potential benefit to the estate from the contract, because one party has already performed all of its substantial obligations, then there is no "executory contract" that must be assumed or rejected).

12. Should this Court determine, however that the Swap Agreements are executory contracts, subject to assumption by LBSF on the Plan Effective Date, or otherwise, then in connection with any such determination, (i) SMBC objects to the "Cure Amount" set forth in each Notice of Assumption, (ii) asserts that the cure amount is not less than the amount claimed

in SMBC's Proofs of Claim as duly filed in these cases, and (iii) reserves all rights[3] under section 365 of the Bankruptcy Code afforded to non-debtor parties to executory contracts including, without limitation:

- the requirement that all defaults (other than the default caused by the commencement of LBSF's bankruptcy case) must be cured, as a condition precedent to any such assumption; and

- the requirement that any pecuniary loss to the non-defaulting counterparty resulting from the default(s) must be compensated, as a condition precedent to any such assumption.

## **CONCLUSION**

The Swap Agreements are not assumable, executory contracts in these cases and, therefore, (i) the Plan Supplement should be amended to exclude the Swap Agreements from the list of executory contracts to be assumed and (ii) the Notices of Assumption should be deemed rescinded.

SMBC is entitled to the protections of section 365 should this Court determine the Swap Agreements to be assumable, including, but not limited to, the protections of cure and compensation. In that connection, SMBC asserts that it is entitled to cure and compensation in an amount not less than the amount of its claims.

---

[3] Given SMBC's objection to the "Cure Amount" contained in the Notices of Assumption, SMBC reserves, to the extent necessary, all rights to a full evidentiary hearing to determine the amount of its claims.

SMBC hereby reserves the right to supplement this Statement, which is without prejudice to the assertion of other claims for relief with respect to the Plan Supplement and/or the Notices of Assumption, and to file memoranda and to offer evidence at the confirmation hearing, in support hereof.

Dated: New York, New York
November 7, 2011

Respectfully submitted,

/s/  Jeffrey G. Tougas

Jeffrey G. Tougas (JT-5533)
Christine A. Walsh (CW-2727)
**MAYER BROWN LLP**
1675 Broadway
New York, New York 10019
(212) 506-2500 (phone)
(212) 262-1910 (fax)

*Counsel to Sumitomo Mitsui Banking Corporation*

\*   \*   \*