**Hearing Date and Time:  TBD**

Brady C. Williamson
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Attorneys for the Fee Committee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- x
In re                                            :          **Chapter 11**
                                                 :
**LEHMAN BROTHERS HOLDINGS, INC.** *et al.,*     :          **Case No. 08-13555 (JMP)**
                                                 :
                  Debtors.                       :          **(Jointly Administered)**
-------------------------------------------------- x


**FEE COMMITTEE'S LIMITED OBJECTION TO THE SEVENTH INTERIM**
**PERIOD FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP,**
**SPECIAL COUNSEL TO THE DEBTORS, FOR SERVICES PROVIDED FROM**
**OCTOBER 1, 2010 THROUGH JANUARY 31, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "Fee

Committee") submits this Limited Objection to the *Sixth Interim Application [for the Seventh*

*Interim Fee Period] of Pachulski Stang Ziehl & Jones LLP for Compensation for Services*

*Rendered and Reimbursement of Expenses as Special Counsel to the Debtors for the Period from*

*October 1, 2010 Through January 31, 2011* (the "Sixth Fee Application") [Docket No. 16048]

and respectfully represents:

## PRELIMINARY STATEMENT

The Fee Committee objects to the applicant's request for interim compensation to the extent that the fees reflected in the application are the result of unjustified or unjustifiable hourly rate increases—totaling at least $31,000—imposed unilaterally by the applicant after February 25, 2009.

## BACKGROUND

1.    Commencing on September 15, 2008, and periodically thereafter (as applicable, the "**Commencement Date**"), Lehman Brothers Holdings, Inc. ("**LBHI**") and certain of its subsidiaries (collectively, the "**Debtors**") filed voluntary cases under title 11 the United States Code (the "**Bankruptcy Code**").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On June 17, 2009, this Court granted the Debtors' application to employ and retain Pachulski Stang Ziehl & Jones LLP ("**PSZJ**"), *nunc pro tunc* to February 25, 2009, as their attorneys in connection with matters arising in the SunCal Chapter 11 Cases, a term defined in the *Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors, Nunc Pro Tunc to the Engagement Date* [Docket No. 3765].  On November 3, 2011, and in response to the Fee Committee's inquiries, PSZJ filed a supplemental declaration describing its fee-allocation agreement with the Debtors and non-Debtor clients that are also benefitting from the firm's services.  *First Supplemental Declaration of Dean A. Ziehl in Support of the Retention by the*

*Debtors, Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules*

*of Bankruptcy Procedure, of Pachulski Stang Ziehl & Jones LLP As Special Counsel* [Docket

No. 21566] ("**Ziehl Declaration**").  *See also*, *e.g.*, Sixth Fee Application, ¶¶ 20-23 (discussing

compensation calculations).

3.      The Court appointed a Fee Committee on May 26, 2009 to execute the duties set

forth in the Fee Committee Order, amended from time to time,[1] including, among other things,

monitoring the fees and expenses incurred by professionals approved by the Court ("**Retained

Professionals**") in these cases.  On January 24, 2011, the Fee Committee recommended the

appointment of Richard A. Gitlin as Successor Independent Member of the four-member Fee

Committee and, by an order the same day, the Court approved the recommendation.  *See Order

Approving Fee Committee's Recommendation of Appointment of Successor Independent Member*

[Docket No. 14117] (the "**Gitlin Appointment Order**").

4.      On April 15, 2011, PSZJ filed its Sixth Fee Application, reporting services during

the seventh interim period valued at $1,494,607.25 and expenses incurred in the amount of

$97,025.93.  Sixth Fee Application, ¶ 19.  Pursuant to the firm's two fee allocation agreements

with the Debtors, PSZJ requested $454,632.83 in compensation for professional services and

$29,107.78 in reimbursement of expenses from the Debtors' estates.  *Id.*, ¶ 17.

5.      On August 11, 2011, the Fee Committee issued its Fee Committee Report for the

interim period consistent with the procedures in the Amended Fee Protocol.  The August 11

Report commenced a 30-day period (the "**Negotiation Period**") during which the Fee

Committee hoped to reach a consensual resolution with PSZJ regarding the issues raised.

---

[1] On April 14, 2011, the Court entered an Order amending the May 26, 2009 *Order Appointing Fee Committee and
Approving Fee Protocol* [Docket No. 3651], superseding and replacing that Fee Protocol with the "Amended Fee
Protocol" [Docket No. 15998].

Included among those issues raised in the Report was the reasonableness of PSZJ's charges directly attributable to hourly rate increases.

6.      Under the Amended Fee Protocol, the Fee Committee is authorized to file an objection within 15 days after the 30-day Negotiation Period expires with respect to any unresolved issues (the "**Objection Deadline**").  By agreement, the Objection Deadline was extended to November 7, 2011 for the rate increase issues.

7.      To gain a better appreciation for the bases of PSZJ's hourly rate increases, the Fee Committee asked PSZJ to provide both historical data on fee increases since 2009 and the justification for the increases—in terms of firm practices and the legal services market.  The Fee Committee's ability to ascertain whether PSZJ's rate increases are reasonable depends, in large part, upon the firm's willingness to provide the Fee Committee with the data and explanations necessary to assess rate increases.  On October 7, 2011, PSZJ provided what it characterized as an "informal response" to the rate increases inquiry, emphasizing its "attorney-by-attorney" rate determinations and supplementing its March 29, 2011 schedule of historical data.  The response contained conclusory statements but no additional data.  It was insufficiently detailed for the Fee Committee to determine the justification for the rate increases.

8.      The purpose of the Fee Committee's rate increases inquiry is straightforward:  to evaluate the basis and reasonableness for PSZJ's request in its Sixth Fee Application for charges attributable to rate increases.  While the Fee Committee knows the amount of hourly rate increases, it does not know the asserted justification for the rate increases in light of the market for legal services since 2009.

## ARGUMENT

9.      A retained professional's compensation—including rate increases—must be reasonable, and the burden for demonstrating the reasonableness of a compensation request falls

on the professional.  *See* 11 U.S.C. § 330(a)(3); *Houlihan Lokey Howard & Zukin Capital v. High River Ltd. P'ship*, 369 B.R. 111, 115 (S.D.N.Y. 2007); *Zeisler & Zeisler, P.C. v. Prudential Ins. Co. (In re JLM, Inc.)*, 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997).  The burden of proof is not taken lightly, and it must be supported by evidence rather than conclusory statements.  *See In re Computer Learning Centers, Inc.*, 285 B.R. 191, 200, 226 (Bankr. E.D. Va. 2002) (citations omitted).  To be reasonable, the requested rates must be consistent with the prevailing market rates and, in the context of increases, the request must be supported by evidence of a change in the prevailing market rates.  "The mere passage of time is not itself sufficient to justify a change in an attorney's hourly rate and does not necessarily indicate a change in the prevailing market hourly rates."  The professional's actual rate is not itself determinative of the prevailing market rate.  *Id.*

10.    Based on the information available to the Fee Committee, PSZJ's Sixth Fee Application contains at least $31,000 in charges—as allocated to the Debtors—directly attributable to rate increases imposed after February 25, 2009.  That is approximately 7.0 percent of the compensation requested in the Sixth Fee Application.  The rate increases include an increase of approximately 31.6 percent for one Of Counsel position (from $475 to $625) with an average increase of approximately 9.1 percent for the 24 timekeepers providing services.

11.    PSZJ has failed to produce any explanation supporting the reasonableness of the increased rates in the form of evidence of significant movement in the prevailing market rates since its *nunc pro tunc* retention on February 25, 2009, just after the beginning of the economic downturn.  Moreover, those charges directly attributable to rate increases are impermissible to the extent that they were inadequately communicated to the Debtors or the Court prior to their imposition.  *See Computer Learning*, 285 B.R. at 236 ("conspicuous disclosure" of rate increases

required); ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 458 (2011) (periodic rate

increases must be timely communicated and must be reasonable under the circumstances).

## **CONCLUSION**

WHEREFORE, the Fee Committee objects to at least $31,000 of the compensation

requested in PSZJ's Sixth Fee Application, which the Fee Committee has calculated as the

amount of fees directly attributable to hourly rate increases imposed after February 25, 2009.

Dated:  November 7, 2011.

_s/Katherine Stadler_
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Committee*

7011619_3