B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District Of New York

In re Lehman Brothers Holdings Inc., et al. Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**CHENAVARI FINANCIAL ADVISORS LTD**

Name of Transferee

**BANCO DI CREDITO POPOLARE SOCIETA COOPERATIVA PER AZIONI (GIA SCARL)**

Name of Transferor

Name and Address where notices to transferee should be sent:

**Guilhem Goyard**
**Managing Director**
**1 Grosvenor Place**
**London SW1X 7JH**
**UNITED KINGDOM**
**Phone: +44-207-259-3611**
**Email: Guilhem.goyard@chenavari.com**

Court Claim # (if known): 63553
Total Amount of Claim Filed: $7,506,200.00
Amount of Claim Transferred:$7,506,200.00
ISIN/CUSIP: XS0281706704
Date Claim Filed: November 2, 2009

FILED / RECEIVED
NOV 07 2011
EPIQ BANKRUPTCY SOLUTIONS, LLC

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:______________________ Date: November 4, 2011
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Form 210B (12/09)**

# United States Bankruptcy Court

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al. Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **63553** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **November 4, 2011** (date).

| | |
|---|---|
| ______________________________ | **CHENAVARI FINANCIAL ADVISORS LTD** |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| | **1 Grosvenor Place**<br>**London SW1X 7JH**<br>**UNITED KINGDOM** |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: ____________

______________________________
**CLERK OF THE COURT**

**XS0281706704**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Banco di Credito Popolare Societa Cooperativa per Azioni (gia Scarl)** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Chenavari Financial Advisors Ltd** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **63553** filed by or on behalf of ("Seller") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of November, 2011.

**Banco di Credito Popolare Societa Cooperativa per Azioni (gia Scarl)**

By: [signature]
Name: [handwritten, illegible]
Title: DIR. FINANZA / DIR. TESORERIA

Address
Palazzo Vallelonga
Corso Vittorio Emanuele, 92/100, 80059
Torre del Greco, Italy

**Chenavari Financial Advisors Ltd**

By: [signature]
Name: [handwritten, illegible]
Title: MD

Address
1 Grosvenor Place
London SW1X7JH
UNITED KINGDOM

**SCHEDULE 1**

Transferred Claims

Purchased Claim

USD $7,506,200 of USD $7,506,200 (the outstanding amount of the Proof of Claim as of November __, 2011) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|
| Issue of EUR 5,000,000 Notes Linked to the Standard & Poor's Diversified Trends Indicator, due January 2011 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$ 60,000,000,000 Euro Medium-Term Note Program | XS0281706704 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,000,000<br>USD 7,506,200 | July 18, 2011 |

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000063553

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) Banco di Credito Popolare Societa Cooperativa per azioni (gia Scarl), Corso Vittorio Emanuele 92/100, "Palazzo Vallelonga," 80059 Torre del Greco (Naples), Italy -and- Tisdale Law Offices, LLC, 10 Spruce St., Southport, CT 06890

Telephone number: 2032548474 Email Address: ttisdale@tisdale-law.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: ____________
(*If known*)

Filed on: ____________

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ 7,506,200.00 **(Required)**

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN)** XS0281706704 **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

CA64917 **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:** CBL-70649 BCA DICRED POP-TORRE DEL GRECO/PRO **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

FILED / RECEIVED
NOV 02 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 10/30/09 | [signature] |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

LEHMAN BROTHERS | Fixed Income

# Commodity Structured Solutions

Italy
Tel: +44 20 7103 3070
Andrea Negri - Stefania Bertolli - Giuliano Cislaghi - Alessandro Ricci - Georgios Giannakis

Lehman Brothers International (Europe)
25 Bank Street
London E14 5LE
United Kingdom

# S&P Diversified Trends Indicator Index linked Notes

Final Terms and Conditions as of 02nd of January 2007

**This document is for discussion purposes only and contains, subject to further review and refinement, a description of certain terms and conditions of a transaction that Lehman Brothers may consider arranging, subject to market conditions, internal approval and documentation satisfactory to Lehman Brothers, as the case may be. The information provided in this document is not complete and may change. This document does not and is not intended to constitute a comprehensive disclosure of all risk factors or other significant investment aspects of any particular transaction.**

***Prospective purchasers of Notes should ensure that they understand the nature of the Notes and the extent of their exposure to risk and that they consider the suitability of the Notes as an investment in the light of their own circumstances, financial condition and taxation.***
***The performance of the Index (as defined below) will affect the nature and value of the investment return on the Notes. In particular, the value of the Notes may fluctuate based on the performance of the Index so that in certain circumstances the Final Redemption Amount may be less than the original purchase price paid for the Notes.***

***Prospective purchasers of Notes should conduct their own investigations and, in deciding whether or not to purchase Notes, form their own views of the merits of an investment related to the Index based upon such investigations and not in reliance on any information given in these indicative terms.***

| | |
|---|---|
| Issuer | Lehman Brothers Treasury Co. B.V. (A1/A+) |
| Guarantor | Lehman Brothers Holdings Inc. |
| Arranger/Dealer | Lehman Brothers International (Europe) |
| Issue Type | Commodity-Linked Euro Medium Term Note |
| Trade Date | 02/01/2007 |
| Issue / Settlement Date | 16/01/2007 |
| Maturity Date | 18/07/2011 |
| Strike Fixing Date | 03/01/2007 |
| Valuation Date | 01/07/2011 |

LEHMAN BROTHERS | Fixed Income

# Commodity Structured Solutions

| | |
|---|---|
| **Aggregate Nominal Amount** | **EUR 5,000,000** |
| **Specified Denomination (SD)** | EUR 1,000,000 |
| **Issue Price** | 100.00% |
| **Settlement Currency** | EUR |
| **Underlying** | **S&P Diversified Trends Indicator Index**<br>(Bloomberg code: SPDTP) (the "**Index**") |
| **Final Redemption Amount (FRA)** | The Issuer shall pay to the holder of the Notes on the Maturity Date an amount per Note in the Settlement Currency as determined by the Calculation Agent on the Valuation Date in accordance with the following formula:<br>$FRA = SD \times \left(100\% + \max\left(P \times \left(\frac{FL - IL}{IL}\right); 4\%\right)\right)$<br>**Where:**<br>**Participation Rate (P)** means **100%**<br>**Initial Level (IL)** means the closing level of the Index in respect of the Strike Fixing Date as determined by the Calculation Agent and published by the Index Sponsor (subject to the provisions of the Commodity Index Annex below)<br>**Final Level (FL)** means the arithmetic average of the closing levels of the Index in respect of the Averaging Dates determined by the Calculation Agent and published by the Index Sponsor (subject to the provisions of the Commodity Index Annex below) |
| **Averaging Dates** | 16/07/2007<br>16/07/2008<br>16/07/2009<br>16/07/2010<br>01/07/2011 |
| **Index Sponsor** | Standard & Poor's, a division of the McGraw-Hill Companies, Limited |
| **Index Sponsor Disclaimer** | Standard & Poor's does not sponsor, endorse, sell or promote any investment fund or other vehicle that is offered by third parties and that seeks to provide an investment return based on the returns of the S&P Diversified Trends Indicator. A decision to invest in any such investment fund or other vehicle should not be made in reliance on any of the statements set forth in this document. Prospective investors are advised to make an investment in, |

LEHMAN BROTHERS | Fixed Income

# Commodity Structured Solutions

| | |
|---|---|
| | any such fund or vehicle only after carefully considering the risks associated with investing in futures contracts, as detailed in an offering memorandum or similar document that is prepared by or on behalf of the issuer of the investment fund or vehicle. Standard & Poor's does not guarantee the accuracy of these pro forma indicator returns or other data or information contained herein and does not recommend any investment or other decision based on their results. Pro forma returns do not take into account transaction costs or certain fees. If the foregoing had been factored in, the pro forma returns would have been lower. Past performance is not necessarily indicative of future returns.<br>The information contained on this site is provided on an "as is" basis.<br><br>Neither Standard & Poor's, its affiliates nor any other party involved in the making or compiling of the information guarantees the accuracy and/or the completeness of any of this information. Neither Standard & Poor's, its affiliates nor any other party involved in the making or compiling of the information makes any representation or warranty, express or implied, as to the results to be obtained by any person or entity from any use of this information, and the user of this information assumes the entire risk of any use made of this information. Neither Standard & Poor's, its affiliates nor any other party involved in the making or compiling of the information makes any express or implied warranties, and Standard & Poor's, its affiliates and any other party involved in the making or compiling of the information hereby expressly disclaim all warranties of merchantability or fitness for a particular purpose with respect to any of this information. Without limiting any of the foregoing, in no event shall Standard & Poor's, its affiliates or any other party involved in the making or compiling of the information have any liability for any direct, indirect, special, punitive, consequential or any other damages (including lost profits) even if notified of the possibility of such damages. |
| **Minimum Purchase** | 1 Notes |
| **Minimum Trading Size** | 1 Note |
| **Calculation Agent** | Lehman Brothers International (Europe) |
| **ISDA Definitions** | All capitalised terms used in this termsheet and not otherwise defined will have the meanings given to them in the 2000 ISDA Definitions as supplemented by the Annex thereto (the "**2000 Definitions**") and the 2005 ISDA Commodity Definitions (the "**Commodity Definitions**") (collectively the "**Definitions**"), each as published by the International Swaps and Derivatives Association, Inc. ("**ISDA**") apply, but without regard to any further amendments, supplements, updates or restatements made to the definitions (other than any modifications set out in the final documentation in respect of the Notes). The Definitions are incorporated herein by reference in and made a part hereof as if set out in full herein. In the event of any inconsistency between the 2000 Definitions and the Commodity Definitions, the Commodity Definitions will prevail. |
| **Governing Law** | English (the Guarantee is governed by New York law) |
| **Selling Restrictions** | As per the Documentation.<br><br>US Selling Restriction: The Certificates have not been nor will be registered under the U.S. Securities Act of 1933 (as amended) and may not be offered or sold within the United States or to, or for the account or benefit of, U.S. persons except pursuant to an applicable exemption to the registration requirements under such Securities Act.<br><br>General Selling Restriction: Each purchaser of Notes must observe all applicable laws and regulations in any jurisdiction in which it may offer, sell, or deliver the Notes and it may not, directly or indirectly, offer, sell, resell, |

LEHMAN BROTHERS | Fixed Income

## Commodity Structured Solutions

| | |
|---|---|
| | reoffer or deliver any Notes except in compliance with all applicable laws and regulations. |
| Clearing | Euroclear, Clearstream |
| Form | The Notes will be represented by a temporary global Note in bearer form which is exchangeable for interests in a permanent global Note in bearer form. |
| Related Documentation | This term sheet must be read in conjunction with the Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V. and Lehman Brothers Bankhaus AG US$60,000,000,000 Euro Medium-Term Note Program Base Prospectus dated 9 August 2006, as well as the corresponding drawdown document for this specific issue of Notes. |
| Listing | Not Applicable |
| Secondary Market Making | Under normal market conditions, Lehman Brothers International (Europe) will make a secondary market in the Notes with a bid-ask spread no larger than 1% for any size above 1 Denomination. |
| ISIN | **TBD** |
| Valoren | TBD |

**Disclaimer:**

This term sheet is indicative only if so specified, in which case this term sheet will be subject to change without notice and no assurance is given that any transaction on the terms indcated can or will be arranged or agreed. Information other than economic terms (including market data and statistical information) has been obtained from various sources we consider reliable but we do not represent that it is complete or accurate and it should not be relied upon as such. Any analysis presented herein that indicates a range of outcomes that may result from changes in market parameters is not comprehensive, is not intended to suggest that any outcome is more likely than another and may have been derived using Lehman Brothers proprietary models, historic data and subjective interpretation. This term sheet does not constitute an offer or an agreement, or a solicitation of an offer or an agreement, to enter into any transaction. This term sheet must be read in conjunction with the prospectus, offering circular or other offer document relating to the transaction referred to herein (the "Related Documentation"). This term sheet supersedes any prior versions hereof and, if this term sheet is indicative, will be deemed to be superseded by any subsequent versions hereof and, with respect to any transaction described therein, by the Related Documentation. Transactions of the sort described herein contain complex financial characteristics and risk factors. Before entering into any transaction, you should consider the suitability of the transaction in light of your particular circumstances and independently review (with your professional advisers as necessary) the: (i) specific financial risks as well as the legal, regulatory, credit, tax and accounting consequences of entering into such transaction; and (ii) any information, warnings, risk disclosures and other matters disclosed in the Related Documentation. In entering into the transaction, the counterparty is deemed to represent to Lehman Brothers that it has obtained such professional advice as it deemed necessary and that it entered into the transaction for legitimate commercial and business reasons.

Any securities mentioned in this term sheet will not be registered under the U.S. Securities Act of 1933, as amended (the "Act"), and will not be offered or sold in the United States or for the account or benefit of "U.S. persons" within the meaning of Regulation S under the Act, except pursuant to an exemption from, or in a transaction not subject to, the registration requirements of the Act. Accordingly, this term sheet is being provided only to persons who are: (i) "qualified institutional buyers" within the meaning of Rule 144A under the Act; or (ii) not "U.S. persons" within the meaning of Regulation S under the Act. By accepting the delivery of this term sheet, the recipient warrants and acknowledges that it falls within the category of persons under (i) or (ii). No representation can be made as to the availability of the exemption provided by Rule 144A under the Act for re-sales of the securities mentioned in this term sheet

Lehman Brothers do not act as an adviser or fiduciary to its counterparties except where written agreement expressly provides otherwise. This term sheet is for your sole information and should not be distributed to private clients or any third parties without Lehman Brothers' prior written approval. Lehman Brothers International (Europe), its affiliates world-wide, and their respective officers, directors, partners and employees, including persons involved in the preparation or issuance of this term sheet, may from time to time: (i) in the capacity of principal or agent, buy, sell and/or hold any securities mentioned in this term sheet; (ii) act as market-makers or advisors, brokers or commercial and/or investment bankers in relation to any such securities or any transaction related thereto, including any related derivatives transaction; or (iii) act or have acted as manager, co-manager, initial purchaser, placement agent or underwriter of a public or private offering of any such securities.

References herein to "Lehman Brothers" shall include Lehman Brothers International (Europe) and its affiliates. Lehman Brothers International (Europe) and Lehman Brothers Europe Limited are authorised and regulated by the Financial Services Authority. © 2006 Lehman Brothers. All rights reserved.

**Commodity Index Annex**

All capitalised terms used herein and not otherwise defined will have the meanings given to them in the Commodity Definitions.

**"Index Component"** means each commodities or futures contract included in an Index;

**"Required Date"** means any date on which a level for the Index is required in order to make any calculation, observation or determination hereunder;

**"Relevant Exchange"** means, in respect of an Index, any organized exchange or market of trading for any Index Component then included such Index;

**"Trading Day"** means, in respect of an Index Component, a day as determined by the Calculation Agent, on which trading is generally conducted on the Relevant Exchange applicable to such Index Component;

**"Valid Business Day"** means a day as determined by the Calculation Agent, on which trading is generally conducted on the Relevant Exchange for each and every Index Component then comprising such Index;

**1. Market Disruption Events**

**"Market Disruption Event"** means, in respect of any relevant day and an Index (and a Market Disruption Event shall be deemed to have occurred on such day and such Index if), in the determination of the Calculation Agent in good faith, one or more of the following has occurred on such day:

(a) The Index is not calculated and published by the relevant Index Sponsor (provided that the Calculation Agent may, if the Market Disruption Event in this paragraph (a) also constitutes an Index Disruption Event (*defined below*), or occurs on the same day as an Index Disruption Event, in its sole discretion, determine that the provisions relating to the occurrence of an Index Disruption Event take precedence over the provisions relating to the occurrence of a Market Disruption Event);

(b) There is a material suspension, limitation or disruption in the trading on a Relevant Exchange of any Index Component;

(c) The settlement price on a Relevant Exchange of any Index Component has increased or decreased by an amount equal to the maximum permitted price change from the previous day's settlement price as specified by the Relevant Exchange; or

(d) The settlement price of any Index Component is not published by the Relevant Exchange.

Notwithstanding the foregoing, the following events will not constitute Market Disruption Events:

(i) a limitation on the hours in a Trading Day and/or number of Trading Days, if it results from an announced change in the regular business hours of the Relevant Exchange; or

(ii) a decision to permanently discontinue trading in an Index Component then included in such Index.

**2. Disruption Fallbacks**

If, in respect of an Index, the Calculation Agent determines that a Market Disruption Event has occurred or exists in relation to any Index Component on a day that is a Required Date (each such Index Component,

an "**Affected Index Component**" and any such date, a "**Disrupted Date**") the Calculation Agent will determine any required level of the Index in good faith in accordance with the formula for and method of calculating the Index last in effect prior to the commencement of the Market Disruption Event using:

(a) in relation to each Index Component which is not an Affected Index Component, the settlement price on the applicable Relevant Exchange of each such Index Component on the Disrupted Date; and

(b) in relation to each Affected Index Component, the settlement price of the Affected Index Component on the applicable Relevant Exchange on the first succeeding Trading Day on which no Market Disruption Event is in existence, provided that, where the relevant Market Disruption Event has been in existence (measured from and including the first Disrupted Date) for 5 consecutive Trading Days, the settlement price of such Affected Index Component on such Disrupted Date will be the Calculation Agent's good faith estimate of the value of such Affected Index Component on such Trading Day taking into consideration the latest available quotation for the relevant Index Component and any other information in good faith it deems relevant.

**3. Successor Index**

If, on any Required Date, an Index is (i) not calculated and announced by the Index Sponsor but is calculated and announced by a successor sponsor acceptable to the Calculation Agent, or (ii) replaced by a successor index using, in the determination of the Calculation Agent, the same or a substantially similar formula for and method of calculation as used in the calculation of that Index, then in each case that index (the "**Successor Index**") will be deemed to be an Index for the purposes of the Notes provided, however, that the Calculation Agent, in its sole discretion, may make such adjustments as it deems necessary to the level of the Successor Index so that the level of the Successor Index reflects the same level as that of the Index before it was replaced.

**4. Index Disruption Event**

If, (i) on or prior to any Required Date, an Index Sponsor announces that it will make a material change in the formula for or the method of calculating an Index or in any other way materially modifies an Index (an "**Index Modification**") or permanently cancels an Index and no Successor Index exists (an "**Index Cancellation**" and together with an Index Modification, each an "**Index Disruption Event**"), then the Calculation Agent shall determine the required level for such Index in its sole discretion, in accordance with the formula for and method of calculating that Index last in effect prior to the change, failure or cancellation, but using only the settlement prices of those Index Components that comprised that Index immediately prior to that Index Disruption Event (or if trading in the relevant Index Components has been materially suspended or limited, its good faith estimate of the settlement price for such Index Components that would have prevailed but for such suspension or limitation on such Required Date).

**5. Correction of Index Levels**

In the event that any level of an Index published by the relevant Index Sponsor and which is utilised for any calculation or determination in respect of the Notes on any relevant date is subsequently corrected and the correction is published by the Index Sponsor on or before the day falling 30 days following such publication (the "**Correction Cut-off Date**") in respect of such date, the Calculation Agent will notify the Issuer and the Noteholders in accordance with the Terms and Conditions of the Notes of (i) that correction, (ii) the amount that is payable as a result of that correction and (iii) take such other action as it may deem necessary to give effect to such correction.

"**Correction Cut-off Date**" means, in respect of any Required Date, the date immediately following such Required Date.

**6. Manifest Error in Publication:**

If, on any Required Date the Calculation Agent, acting in good faith and in a commercially reasonable manner, determines that an Index Sponsor has made a manifest and material error in its calculation of an Index and the relevant Index Sponsor fails to remedy such error before the Correction Cut-off Date, the Calculation Agent will:

(a) in lieu of a published level for that Index, use its good faith estimate of the required level of the Index determined in accordance with the formula for and method of calculating that Index last in effect as of the Valid Business Day which immediately preceded such Required Date; and

(b) notify the Fiscal Agent and the Noteholders in accordance with the Terms and Conditions of the Notes of (i) that revision, (ii) the amount that is payable as a result of that revision and (iii) take such other action as it may deem necessary to give effect to such revision.

**7. Adjustment to Required Dates:**

If any Required Date falls on a day which is not a Valid Business Day, such Required Date shall be the next following Valid Business Day.

ENCL. 3)

17/10 08 VEN 11:52 FAX 0818828158 BCP BACK OFFICE TITOLI 001

Page 1 of 1

# LEHMAN BROTHERS

## Principal Trade Contract Note

*12 January 2007*

*Lehman Brothers International (Europe)*

| *Italian Branch Address:* | | *Head Office Address:* |
|---|---|---|
| *Piazza del Carmine, 4* | *Tel: +390272158668 (EQ)* | *25 Bank Street* |
| *20121 Milano* | *Tel: +390272158666 (FID)* | *London E14 5LE* |
| *Italy* | *Fax: +390272023724* | *United Kingdom* |

We, Lehman Brothers International (Europe), have pleasure in confirming our sale to you.

| | |
|---|---|
| Trade Id | SJGWIZ:01 |
| Client Account Number | 6015414 |
| Legal Name | BANCA DI CREDITO POPOLARE TORRE DEL GRECO SCARL A/C PROPRIETA' |
| Security Id | XS0281706704 |
| Security Description | LEHMAN BROS TREASURY CO BV 0.000% 20110718 EMTN |
| Quantity | 5,000,000.00 |
| Price | 100.00 |
| Trade Date | 4 January 2007 18:00 |
| Value Date | 16 January 2007 |
| Principal | 5,000,000.00 |
| Net Amount | 5,000,000.00 |
| Settlement Currency | EUR |

Your settlement instructions:

| | |
|---|---|
| Security | CEDEL A/C 70649 ( 54836 ) |
| Cash | DVP |

Our settlement instructions:

| | |
|---|---|
| Security | EUROCLEAR A/C 92904 |
| Cash | DVP |

All date/times are based on UK local time.

This message contains proprietary and confidential information some or all of which may be legally privileged and is intended only for the personal and confidential use of the designated recipients named above. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.

Please advise us of any disagreement with the details on this confirmation within 24 hours. The time of transaction, if not noted above, as well as additional information, is available on request. The details of any charges shared with another person or any remuneration being passed to third parties for introducing business will be made available on request. Please quote the above reference number on all communications. Please contact trade support at the above number. This contract note shall supersede any prior communication regarding the transaction confirmed hereby.

Lehman Brothers International (Europe) is regulated by the Financial Services Authority; Italian Branch is also regulated by the CONSOB and Banca d'Italia.

3)

# MT564/568 Corporate Action Notification

clearstream
Banking

corporate action notifications
Frequency: Always

Report generated on: 06-Oct-2009 21:28

## Account: CBL - 70649 - BCA DI CRED.POP-TORRE DEL GRECO/PRO

**ISIN / Common Code - Security Name - Type**
**Place of Safekeeping**

XS0281706704 / 000028170670 - EUR 0,00 LEHMAN BROS.TREAS.CO.BV 07-2011 - Bond
IRVTGB2XGPT - ******

Your Instruction requested - Request - Replacement
Solicitation of a Holders Consent

**General Information**

| | |
|---|---|
| Corporate Action Reference | 0000000065487747 |
| Mandatory / Voluntary | Voluntary |
| Processing Status | Announcement with complete details |

**Balances**

| | | |
|---|---|---|
| Settled Position | FAMT | 5.000.000 |
| Eligible | FAMT | 5.000.000 |

**Details**

| | |
|---|---|
| Announcement Date | 30-Jul-2009 |

**Option 001 Consent Granted**

| | |
|---|---|
| Default Indicator | No |
| Clearstream Banking Deadline | 23-Oct-2009 23:00 |

**Option 002 Consent Denied**

| | |
|---|---|
| Default Indicator | No |
| Clearstream Banking Deadline | 23-Oct-2009 23:00 |

**Option 003 No Action**

| | |
|---|---|
| Default Indicator | Yes |

**Narrative**

**Party Contact Narrative**

ATTENTION: SECURITIES ADM/CORPORATE ACTIONS/REORG

Oce CUSTOMER SERVICES INTERNATIONAL CORP ACT LUXEMBOURG, PHONE: PLEASE CONTACT CUSTOMER SERVICES

**Additional Text**

++ ADDITIONAL INFORMATION ++ UPDATE DATED ON 6 OCTOBER 2009: . CLEARSTREAM HAS RECEIVED SUPPLEMENTAL INFORMATION TO THE NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM ON LEHMAN PROGRAMS. THIS NOTICE CONTAINS INFORMATION REGARDING CLAIMS BASED ON LEHMAN PROGRAMS SECURITIES AND PROCEDURES

FOR THE TRANSFER OF CLAIMS FILED AGAINST LEHMAN BROTHERS HOLDINGS INC. . 1. UNBLOCKING . FOR ALL BLOCKED POSITION UNDER THE LEHMAN PROGRAMS SECURITIES, LBHI WILL AUTHORIZE AND INSTRUCT CLEARSTREAM TO UNBLOCK AND PERMIT

THE TRANSFER OF SUCH LEHMAN PROGRAM SECURITIES AT A COMMERCIALLY REASONABLE DATE AFTER THE SECURITIES PROGRAMS BAR DATE. UNBLOCKING DATE HAS NOT YET BEEN CONFIRMED. LEHMAN BROTHERS HOLDINGS INC ADMINISTRATORS WILL ANNOUNCE IT. . 2. TRANSFER OF CLAIMS FOLLOWING

LEHMAN PROGRAMS SECURITIES BAR DATE . (I). TRANSFER OF CLAIMS BASED ON LEHMAN PROGRAMS SECURITIES ISSUED BY ENTITIES OTHER THAN LBHI . IF SUCH CLAIM IS TRANSFERRED AFTER THE FILING OF A PROOF OF CLAIM, EVIDENCE OF THIS TRANSFER MUST BE FILED BY THE TRANSFEREE IN

ACCORDANCE WITH THE REQUIREMENTS OF RULE 3001(E)(2) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE. ONLY PERSONS OR ENTITIES THAT FILED A PROOF OF CLAIM AGAINST LBHI AND ANY PARTY THAT ACQUIRED A CLAIM IN ACCORDANCE WITH THE PROCEDURES SET FORTH IN THIS SUPPLEMENT TO THE SECURITIES PROGRAMS BAR DATE NOTICE, WILL BE ENTITLED TO RECEIVE

NOTICES AND/OR DISTRIBUTIONS (IF ANY) FROM LBHI BASED ON SUCH CLAIM. . (II). TRANSFER OF LEHMAN PROGRAMS SECURITIES ISSUED BY LBHI ONLY AND RELATED CLAIMS . LBHI INTENDS TO AMEND ITS SCHEDULES OF LIABILITIES AFTER THE SECURITIES PROGRAMS BAR DATE TO PROVIDE THAT

ALL LEHMAN PROGRAMS SECURITIES ISSUED BY LBHI AND OUTSTANDING AS OF SEPTEMBER 15, 2008 WILL NOT BE LISTED AS 'CONTINGENT, UNLIQUIDATED OR DISPUTED.' . DISTRIBUTIONS BY LBHI (IF ANY) IN RESPECT OF SUCH LEHMAN PROGRAMS

*Account: CBL - 70649 - BCA DI CRED.POP-TORRE DEL GRECO/PRO*

SECURITIES ISSUED BY LBHI WILL BE MADE IN ACCORDANCE WITH ANY CHAPTER

11 PLAN OF REORGANIZATION CONFIRMED BY THE BANKRUPTCY COURT TO EUROCLEAR BANK, CLEARSTREAM BANK OR OTHER APPLICABLE CLEARING AGENCY TO BE DISTRIBUTED BY SUCH CLEARING AGENCY TO ALL HOLDERS OF SUCH SECURITIES ON THE RECORDS OF THE APPLICABLE CLEARING AGENCY, REGARDLESS OF WHETHER A CLAIM HAS

BEEN FILED FOR SUCH LEHMAN PROGRAMS SECURITIES. . FOLLOWING THE SECURITIES PROGRAMS BAR DATE, LEHMAN PROGRAMS SECURITIES ISSUED BY LBHI MAY TRADE IN ACCORDANCE WITH ALL APPLICABLE LAW. BANKRUPTCY RULE 3001(E)(2) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE DOES NOT REQUIRE THE

FILING OF EVIDENCE OF THE TERMS OF TRANSFER FOR THE TRANSFER OF A CLAIM BASED ON A PUBLICLY TRADED NOTE, BOND OR DEBENTURE. . 3.WITHDRAWAL RIGHTS . VALID INSTRUCTIONS TO OBTAIN A BLOCKING REFERENCE NUMBER ARE IRREVOCABLE. PREVIOUS INFORMATION

DATED ON 30 JULY 2009 REMAINS VALID. . +++++++++ REMINDER +++++++++ . PREVIOUS INFORMATION DATED ON 30 JULY 2009 REMAINS VALID. .

1. CLAIM PROCEDURE . HOLDERS ENTITLED TO CLAIM AGAINST LBHI BASED ON LEHMAN PROGRAMS SECURITIES AS DESCRIBED IN THE BAR DATE ORDER MUST FILE A FORM CALLED 'SECURITIES PROGRAMS PROOF OF CLAIM' AND COMPLETE THE FORM INCLUDING THE BLOCKING REFERENCE NUMBER CLEARSTREAM WILL PROVIDE

UPON REQUEST. . STEP 1 : INSTRUCTION TO CLEARSTREAM (BLOCKING REFERENCE) . TO OBTAIN A BLOCKING REFERENCE, SEND A SWIFT MT 565 (NO MT599/MT568) OR CREATION ONLINE INSTRUCTION TO CLEARSTREAM, MENTIONING YOUR ACCOUNT NUMBER,

NOMINAL TO BE BLOCKED AND ISIN CODE ONLY. VALID FORMAT IS 'CONY' (CONSENT 'YES') OPTION 001. . +++ADDITIONAL TEXT WILL BE DISREGARDED. +++ . INVALID OR INCORRECTLY FORMATTED INSTRUCTIONS, NOT IN LINE WITH THE ABOVE RULES, WILL BE REJECTED.

. +++CLEARSTREM DEADLINE TO OBTAIN A BLOCKING REFERENCE IS ON 23 OCTOBER 2009 (11.00 PM CENTRAL EUROPEAN TIME)+++ . CLEARTREAM ENCOURAGE ALL CLAIMANTS TO REQUEST A BLOCKING REFERENCE AT THE EARLIEST OPPORTUNITY. .

BY INSTRUCTING CLEARSTREAM HOLDERS ARE AUTOMATICALLY ACCEPTING THE DISCLOSURE OF THEIR ACCOUNT DETAILS (NOT THEIR UNDERLYING HOLDER), TO BE BOUND TO THE TERMS AND CONDITIONS STATED IN THE OFFICIAL PROGRAM SECURITIES NOTICE AND TO HAVE THEIR BONDS BLOCKED. . UPON ACCEPTANCE OF YOUR BLOCKING

INSTRUCTION, THE BLOCKING REFERENCE NUMBER WILL BE CONFIRMED BY CLEARSTREAM EITHER VIA A) COL RF: BLOCKING REFERENCE STARTING WITH CA, OR B) MT536 STATEMENT OF TRANSACTIONS FIELD 20C ASRF:

BLOCKING REFERENCE STARTING WITH CA, OR C) MT544 BLOCKING FIELD 20C SEME: BLOCKING REFERENCE STARTING WITH CA . STEP 2 : PROOF OF CLAIM FILING . IF YOU FILE THIS PROOF OF CLAIM, IT MUST: (A) BE WRITTEN IN THE ENGLISH

LANGUAGE (B) TO THE EXTENT A CLAIM AMOUNT IS REFLECTED THEREON, BE DENOMINATED IN USD USING THE EXCHANGE RATE AS APPLICABLE AS OF SEPTEMBER 15, 2008 (THE DEBTORS HAVE NOT PROVIDED ANY GUIDANCE ON THE EXCHANGE RATE. CLAIMANTS MUST DETERMINE ON THEIR OWN THE EXCHANGE RATE ON SEPTEMBER 15, 2008 TO CALCULATE THE AMOUNT OF

THEIR CLAIM) (C) CONFORM SUBSTANTIALLY WITH THE FORM ATTACHED TO THE OFFICIAL NOTICE (THE PROOF OF CLAIM FORM) (D) STATE THE NAME AND CASE NUMBER OF THE SPECIFIC DEBTOR AGAINST WHICH IT IS FILED (E) IDENTIFY THE ISIN FOR EACH LEHMAN PROGRAMS SECURITY (F) INCLUDE A CLEARSTEAM BLOCKING

REFERENCE NUMBER (G) BE SIGNED BY THE CLAIMANT OR BY AN AUTHORIZED AGENT OF THE CLAIMANT AND (H) BE SUBMITTED IN HARD COPY FORM WITH AN ORIGINAL SIGNATURE. . PROOFS OF CLAIM MAY NOT BE DELIVERED BY FACSIMILE, TELECOPY, OR ELECTRONIC MAIL TRANSMISSION.

. 2. WHEN AND WHERE TO FILE . DEADLINE TO RECEIVE ALL PROGRAMS SECURITIES PROOFS OF CLAIM: ON OR BEFORE THE PROGRAMS SECURITIES BAR DATE, NOVEMBER 2, 2009 AT 5:00 PM (PREVAILING US EASTERN TIME) . +++NO PROOF OF CLAIM DOCUMENT MUST

BE SENT TO CLEARSTREAM.+++ . PROOFS OF CLAIM WILL BE DEEMED TIMELY FILED ONLY IF ACTUALLY RECEIVED BY EPIQ OR THE COURT AT THE DELIVERY ADDRESSES LISTED ON THE BAR DATE NOTICE. . 3. IF YOU HAVE ALREADY FILED A CLAIM

. ANY PREVIOUSLY FILED CLAIM BASED ON A LEHMAN PROGRAMS SECURITY ON A PROOF OF CLAIM FORM THAT DOES NOT SUBSTANTIALLY CONFORM TO THE SECURITIES PROGRAMS PROOF OF CLAIM FORM SHOULD BE RE-FILED USING THE SECURITIES PROGRAMS PROOF OF CLAIM. . 4. PROCEEDS

. IT IS TOO EARLY IN THE PROCESS TO KNOW WHAT RECOVERIES WILL BE FOR CREDITORS IN THESE CASES. . 5. DOCUMENTATION . THIS NOTIFICATION HAS TO BE READ IN CONJUNCTION WITH THE OFFICIAL DOCUMENTATION AVAILABLE ON

WWW.CLEARSTREAM.COM UNDER PUBLICATIONS AND DOWNLOADS, CREATION MARKET GUIDE, MARKETFLASH, DEFAULTED AND BANKRUPTED SECURITIES . OR VIA EMAIL TO

CADATABASE.CS(AT)CLEARSTREAM.COM, STATING IN THE SUBJECT : OCE CLAIM LEHMAN SUPPLEMENTAL INFO 061009 . OFFICIAL DOCUMENTATION IS ALSO AVAILABLE ON WWW.LEHMAN-DOCKET.COM . 6. DISCLAIMER . NOTE THAT THE FILE OF A SECURITIES

PROGRAMS PROOF OF CLAIM SHOULD BE DONE WITH THE EXPLICIT SUPPORT OF YOUR LEGAL DEPARTMENT. CLEARSTREAM HAS NO AUTHORITY TO GIVE LEGAL ADVICE, BUT IS RESTRICTED TO PROVIDE WITH A BLOCKING REFERENCE UPON REQUEST FROM HOLDERS AND BLOCK HOLDINGS ACCORDINGLY. . YOU SHOULD NOT FILE SUCH PROOF OF

CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST LBHI BASED ON LEHMAN PROGRAMS SECURITIES. . PLEASE READ THE LEHMAN SECURITIES PROGRAMS BAR DATE NOTICE IN REGARDS TO THE CONSEQUENCES OF FAILURE TO FILE A PROOF CLAIM BY THE BAR DATE

++ DEFAULT ACTION ++ NO ACTION TAKEN BY CLEARSTREAM

*End of MT564/568 Corporate Action Notification*

*Report generated on: 06-Oct-2009 21:28*
*70649.CORPORATE_ACTION_NOTIFICATIONS.CANOTIF.ALWAYS.DELTA.2128.20091006*

*End of Report*

4)

## General Information

| | |
|---|---|
| Safekeeping Account | 70649 - BCA DI CRED.POP-TORRE DEL GRECO/PRO |
| ISIN Code | XS0281706704 |
| Common Code | 028170670 - Single |
| Description | EUR 0,00 LEHMAN BROS.TREAS.CO.BV 07-2011 |
| Place of Safekeeping | IRVTGB2XGPT - ****** |
| Business Date | 09/10/09 |
| As Of | 17/01/07 2.32 |

## Balances

| Balance Type | Balance | Last Movement |
|---|---|---|
| Held Free | 5.000.000 | 17/01/07 2.32 |
| Total Available | 5.000.000 | 17/01/07 2.32 |
| Aggregate | 5.000.000 | 17/01/07 2.32 |

# MT535 Statement of Holding

clearstream
Banking
Statement number: 011
Complete/Delta: Complete

PORTAFOGLIO
Frequency: Daily

Report from 29-Sep-2008 to 30-Sep-2008
Report generated on: 30-Sep-2008 19:06

## Account: CBL - 70649 - BCA DI CRED.POP-TORRE DEL GRECO/PRO

| ISIN / Common Code - Security<br>Place of Safekeeping | | | | | | Next Coupon Date | | Maturity Date |
|---|---|---|---|---|---|---|---|---|
| Market Price<br>Accrued Interest | | Balance Type | | Quantity | Last Movement | | Holding Value | Exchange Rate |
| FR0000120172 / 000001179594 - SHS CARREFOUR<br>SICVFRPPXXX - EUROCLEAR FRANCE PARIS | | | | | | | | |
| Actual Amount EUR | 32,45 | Aggregate Balance | UNIT | 3.000 | 30-Sep-2008 | EUR | 97.350,00 | |
| | | Available | UNIT | 3.000 | 30-Sep-2008 | | | |
| | | Held Free | UNIT | 3.000 | 30-Sep-2008 | | | |
| FR0000121014 / 000001179586 - SHS LVMH MOET-HENNESSY L. VUITTON<br>SICVFRPPXXX - EUROCLEAR FRANCE PARIS | | | | | | | | |
| Actual Amount EUR | 59,3 | Aggregate Balance | UNIT | 1.400 | 12-Sep-2008 | EUR | 83.020,00 | |
| | | Available | UNIT | 1.400 | 12-Sep-2008 | | | |
| | | Held Free | UNIT | 1.400 | 12-Sep-2008 | | | |
| IT0003810659 / 000021273724 - EUR FL.R BANCA POPOLARE 05-2010<br>MOTIITMMXXX - MONTE TITOLI S.P.A. MILANO | | | | | | 10-Nov-2008 | | 09-Feb-2010 |
| Percentage | 99,471 | Aggregate Balance | FAMT | 1.000.000 | 17-Oct-2007 | EUR | 994.710,00 | |
| | | Available | FAMT | 1.000.000 | 17-Oct-2007 | | | |
| | | Held Free | FAMT | 1.000.000 | 17-Oct-2007 | | | |

ENCL. 5)

Report generated on: 30-Sep-2008 19:06
Null balances Included: No - Total Holding Value Currency: EUR - Security Aggregate Holding Value Currency: EUR
70649.PORTAFOGLIO.STMNTOFHOLD.DAILY.COMPLETE.1930.20080930

**Account: CBL - 70649 - BCA DI CRED.POP-TORRE DEL GRECO/PRO**

| ISIN / Common Code - Security<br>Place of Safekeeping<br>Market Price<br>Accrued Interest | | Balance Type | | Quantity | Last Movement | | Next Coupon Date<br>Holding Value | Maturity Date<br>Exchange Rate |
|---|---|---|---|---|---|---|---|---|
| **XS0213204471 / 000021320447 - EUR FL.R BCA POP.UNITE INTL.(1)05-2010** | | | | | | | | |
| CITIGB2LMAG - ****** | | | | | | | 03-Dec-2008 | 03-Mar-2010 |
| Percentage | 98,4961 | Aggregate Balance | FAMT | 5.000.000 | 27-Nov-2007 | EUR | 4.943.261,40 | |
| EUR | 18.456,40 | Available | FAMT | 5.000.000 | 27-Nov-2007 | | | |
| | | Held Free | FAMT | 5.000.000 | 27-Nov-2007 | | | |
| **XS0272256834 / 000027225683 - EUR FL.R MONTE PASCHI SIENA 06-2009** | | | | | | | | |
| CITIGB2LMAG - ****** | | | | | | | 27-Oct-2008 | 26-Oct-2009 |
| Percentage | 99,5482 | Aggregate Balance | FAMT | 10.000.000 | 26-Nov-2007 | EUR | 10.043.405,00 | |
| EUR | 88.585,00 | Available | FAMT | 10.000.000 | 26-Nov-2007 | | | |
| | | Held Free | FAMT | 10.000.000 | 26-Nov-2007 | | | |
| **XS0273748755 / 000027374875 - EUR 4,00 BANCHE POPOLARI UNITE 06-2008** | | | | | | | | |
| CITIGB2LMAG - ****** | | | | | | | 03-Nov-2008 | 03-Nov-2008 |
| Percentage | 99,8649 | Aggregate Balance | FAMT | 5.000.000 | 03-Nov-2006 | EUR | 5.175.119,30 | |
| EUR | 180.874,30 | Available | FAMT | 5.000.000 | 03-Nov-2006 | | | |
| | | Held Free | FAMT | 5.000.000 | 03-Nov-2006 | | | |
| **XS0281706704 / 000028170670 - EUR 0,00 LEHMAN BROS.TREAS.CO.BV 07-2011** | | | | | | | | |
| IRVTGB2XGPT - ****** | | | | | | | | 18-Jul-2011 |
| Percentage | 90 | Aggregate Balance | FAMT | 5.000.000 | 17-Jan-2007 | EUR | 4.500.000,00 | |
| | | Available | FAMT | 5.000.000 | 17-Jan-2007 | | | |
| | | Held Free | FAMT | 5.000.000 | 17-Jan-2007 | | | |

*Report generated on: 30-Sep-2008 19:06*

*Null balances included: No - Total Holding Value Currency: EUR - Security Aggregate Holding Value Currency: EUR*

*70649.PORTAFOGLIO.STMNTOFHOLD.DAILY.COMPLETE.1930.20080930*

## *Account: CBL - 70649 - BCA DI CRED.POP-TORRE DEL GRECO/PRO*

| ISIN / Common Code - Security<br>Place of Safekeeping | | | | | | | Next Coupon Date | Maturity Date |
|---|---|---|---|---|---|---|---|---|
| **Market Price<br>Accrued Interest** | | **Balance Type** | | **Quantity** | **Last Movement** | | **Holding Value** | **Exchange Rate** |
| **XS0294022644 / 000029402264 - EUR FL.R CAPITALIA SPA 07-2010**<br>CEDELULLCSK - CLEARSTREAM BANKING S.A., LUXEMBOURG LUXEMBOURG (CLEARSTREAM BANKING COMMON SAFEKEEPER) | | | | | | | 12-Oct-2008 | 12-Apr-2010 |
| Percentage | 98,3475 | Aggregate Balance | FAMT | 5.000.000 | 22-Nov-2007 | EUR | 4.917.375,00 | |
| | | Available | FAMT | 5.000.000 | 22-Nov-2007 | | | |
| | | Held Free | FAMT | 5.000.000 | 22-Nov-2007 | | | |
| **XS0308179315 / 000030817931 - EUR FL.R BCO.POPOLAR.SOC.C0 07-2009**<br>CEDELULLCSK - CLEARSTREAM BANKING S.A., LUXEMBOURG LUXEMBOURG (CLEARSTREAM BANKING COMMON SAFEKEEPER) | | | | | | | 30-Jun-2008 | 29-Jun-2009 |
| Percentage | 99,5597 | Aggregate Balance | FAMT | 2.000.000 | 30-Nov-2007 | EUR | 2.015.907,34 | |
| EUR | 24.713,34 | Available | FAMT | 2.000.000 | 30-Nov-2007 | | | |
| | | Held Free | FAMT | 2.000.000 | 30-Nov-2007 | | | |
| **XS0322792366 / 000032279236 - EUR FL.R BCO.POPOLAR.SOC.C0 (32) 07-2009**<br>MGTCBEBEXXX - EUROCLEAR BANK S.A / N.V BRUSSELS | | | | | | | 27-Mar-2009 | 27-Sep-2009 |
| Percentage | 99,5997 | Aggregate Balance | FAMT | 10.000.000 | 17-Oct-2007 | EUR | 9.959.970,00 | |
| | | Available | FAMT | 10.000.000 | 17-Oct-2007 | | | |
| | | Held Free | FAMT | 10.000.000 | 17-Oct-2007 | | | |
| **XS0326170346 / 000032617034 - EUR FL.R BCO.POPOLAR.SOC.C0 (38) 07-2009**<br>MGTCBEBEXXX - EUROCLEAR BANK S.A / N.V BRUSSELS | | | | | | | 20-Oct-2008 | 19-Oct-2009 |
| Percentage | 99,4354 | Aggregate Balance | FAMT | 2.000.000 | 22-Nov-2007 | EUR | 2.009.155,78 | |
| EUR | 20.447,78 | Available | FAMT | 2.000.000 | 22-Nov-2007 | | | |
| | | Held Free | FAMT | 2.000.000 | 22-Nov-2007 | | | |

*Report generated on: 30-Sep-2008 19:06*

*Null balances included: No - Total Holding Value Currency: EUR - Security Aggregate Holding Value Currency: EUR*

*70649.PORTAFOGLIO.STMNTOFHOLD.DAILY.COMPLETE.1930.20080930*

## Account: CBL - 70649 - BCA DI CRED.POP-TORRE DEL GRECO/PRO

| ISIN / Common Code - Security | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Place of Safekeeping | | | | | | | Next Coupon Date | Maturity Date |
| Market Price | | Balance Type | | Quantity | Last Movement | | Holding Value | Exchange Rate |
| Accrued Interest | | | | | | | | |
| XS0346722373 / 000034672237 - EUR FL.R CASSA RISP.FERRARA 08-2010 | | | | | | | | |
| MGTCBEBEXXX - EUROCLEAR BANK S.A / N.V BRUSSELS | | | | | | | 03-Dec-2008 | 03-Mar-2010 |
| Percentage | 99,6867 | Aggregate Balance | FAMT | 5.000.000 | 04-Mar-2008 | EUR | 5.004.958,05 | |
| EUR | 20.623,05 | Available | FAMT | 5.000.000 | 04-Mar-2008 | | | |
| | | Held Free | FAMT | 5.000.000 | 04-Mar-2008 | | | |
| XS0359384947 / 000035938494 - EUR 5,00 INTESA SANPAOLO (438) 08-2011 | | | | | | | | |
| MGTCBEBEXXX - EUROCLEAR BANK S.A / N.V BRUSSELS | | | | | | | 28-Apr-2009 | 28-Apr-2011 |
| Percentage | 99,7229 | Aggregate Balance | FAMT | 5.000.000 | 30-May-2008 | EUR | 5.091.624,45 | |
| EUR | 105.479,45 | Available | FAMT | 5.000.000 | 30-May-2008 | | | |
| | | Held Free | FAMT | 5.000.000 | 30-May-2008 | | | |

### Account Holding Value

| | | |
|---|---|---|
| Total Holding Value | EUR | 54.835.856,32 |
| Total On Loan | EUR | 0,00 |
| Total Borrowed | EUR | 0,00 |
| Total Pledged for Collateral | EUR | 0,00 |
| Total Value for Cash Financing | EUR | 41.375.272,75 |

### Total Holding Value per Currency of Instruments

| | |
|---|---|
| EUR | 54.835.856,32 |

*End of MT535 Statement of Holding Report*

*Report generated on: 30-Sep-2008 19:06*

*Null balances included: No - Total Holding Value Currency: EUR - Security Aggregate Holding Value Currency: EUR*

*70649.PORTAFOGLIO.STMNTOFHOLD.DAILY.COMPLETE.1930.20080930*

*End of Report*

09.OCT.2009 16:02 0818811000 #3907 P.002 /002

0818811000

Lehman Programs Securities,
as of July 17, 2009

| [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|
| | XS0280903401 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5786 | XS0280903553 | LEHMAN BROTHERS TREASURY CO. BV | ELN WORST OF MIZUHO FG AND MATERIAL | 1/12/2010 | JPY |
| MTN5764 | XS0280903740 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR JAPAN BASKET DLY ACC CALL ELN | 1/13/2009 | JPY |
| | XS0280904046 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0280904474 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0280904557 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5777 | XS0280904714 | LEHMAN BROTHERS TREASURY CO. BV | 2YR ING GROEP NV DAILY ACCRUAL CALLABLE ELN | 1/8/2009 | EUR |
| | XS0280904805 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0280905018 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0280905109 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0280905281 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0280905364 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0280905521 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0280906050 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0280906842 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5789 | XS0280980144 | LEHMAN BROTHERS TREASURY CO. BV | AUTOCALL MEMORY COUPON NOTES LINKED TO A BASKET | 1/4/2010 | USD |
| MTN5710 | XS0280981028 | LEHMAN BROTHERS TREASURY CO. BV | AUTOCALL MEMORY COUPON NOTES LINKED TO A BASKET | 1/4/2010 | USD |
| | XS0280994525 | LEHMAN BROTHERS TREASURY CO. BV | | 1/5/2009 | USD |
| MTN5790 | XS0281179811 | LEHMAN BROTHERS TREASURY CO. BV | USD / JPY KNOCK OUT DIGITAL SWAP | 1/16/2037 | JPY |
| | XS0281180231 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281180587 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281180744 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281181551 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5766 | XS0281181809 | LEHMAN BROTHERS TREASURY CO. BV | DAIWA SECURITIES GROUP INC STOCK | 1/17/2012 | JPY |
| | XS0281182104 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281183177 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281183417 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281183508 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281183680 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281183847 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281183920 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5793 | XS0281184458 | LEHMAN BROTHERS TREASURY CO. BV | PYXIS HK BASKET | 1/5/2009 | HKD |
| MTN5801 | XS0281219385 | LEHMAN BROTHERS TREASURY CO. BV | AUTOCALLABLE MEMORY CPN NOTES LNK TO BKT OS SHARES | 1/8/2010 | USD |
| | XS0281231240 | LEHMAN BROTHERS TREASURY CO BV | EQUITY-LINKED NOTES DUE JANUARY 2012 RELATING TO A BASKET OF SHARES | 1/12/2012 | EUR |
| | XS0281231679 | LEHMAN BROTHERS TREASURY CO. BV | EQUITY-LINKED NOTES DUE JANUARY 2014 RELATING TO THE SHARES OF ASN AMRO | 1/11/2014 | EUR |
| MTN5803 | XS0281248723 | LEHMAN BROTHERS TREASURY CO. BV | ELN EXCHANGEABLE INTO MATSUSHITA ELECTRIC | 1/17/2012 | JPY |
| | XS0281249614 | LEHMAN BROTHERS TREASURY CO BV | | | |
| | XS0281250547 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281251438 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5802 | XS0281385046 | LEHMAN BROTHERS TREASURY CO. BV | WORST OF MIZUHO FG AND ISHIKAWAJIMA HARIMA | 1/19/2010 | JPY |
| | XS0281420306 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281421452 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5810 | XS0281421885 | LEHMAN BROTHERS TREASURY CO. BV | WORST OF MIZUHO FG AND ISHIKAWAJIMA HARIMA | 1/29/2010 | JPY |
| | XS0281422773 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5813 | XS0281423230 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR HK BASKET DLY ACC CALL ELN | 1/12/2009 | USD |
| MTN5814 | XS0281424335 | LEHMAN BROTHERS TREASURY CO. BV | ELN EXCHANGEABLE INTO TORAY INDUSTRIES | 1/17/2012 | JPY |
| | XS0281424681 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281425068 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281495738 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281496033 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281496462 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281497197 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5833 | XS0281520352 | LEHMAN BROTHERS TREASURY CO. BV | WATER BOOSTER NOTE | 1/12/2010 | EUR |
| | XS0281527951 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281528686 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5837 | XS0281706704 | LEHMAN BROTHERS TREASURY CO. BV | S&P DIVERSIFIED TRENDS INDICATOR | 7/18/2011 | EUR |
| | XS0281918127 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281919109 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281942897 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281944040 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281944882 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281945443 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281946334 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5841 | XS0281953207 | LEHMAN BROTHERS TREASURY CO. BV | 2YR HK BASKET DAILY ACCRUAL CALLABLE ELN | 1/19/2009 | HKD |
| | XS0281954353 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281958859 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5833 | XS0281959311 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR UK BASKET DLY ACC CALL ELN | 1/18/2009 | EUR |
| | XS0281960327 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281960590 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281961481 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281961721 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281962612 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281963263 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN3381A | XS0281968577 | LEHMAN BROTHERS TREASURY CO. BV | OPPORTUNITY NOTE:6.0% | 11/30/2010 | CHF |
| MTN5842 | XS0281969112 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR HK BASKET DLY ACC CALL ELN | 1/19/2009 | HKD |
| | XS0281971019 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0281971795 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5847 | XS0281973148 | LEHMAN BROTHERS TREASURY CO. BV | 2.25YR EU BASKET DLY ACC CALL ELN | 4/18/2009 | USD |
| | XS0281974203 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5849 | XS0281979269 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR EU BASKET DLY ACC CALL ELN | 1/20/2009 | USD |
| | XS0281979939 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5852 | XS0281980492 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR EU BASKET BI-MTHLY DAILY ACC CALL ELN | 1/19/2009 | EUR |
| | XS0281981836 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN5850 | XS0282034460 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR EU BASKET DLY ACC CALL ELN | 1/10/2009 | EUR |
| | XS0282035350 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0282036168 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0282037059 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0282038074 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MTN4025C | XS0282140143 | LEHMAN BROTHERS TREASURY CO. BV | OPPORTUNITY NOTE:6% | 4/13/2011 | CHF |
| MTN5880 | XS0282145969 | LEHMAN BROTHERS TREASURY CO. BV | SEK QUANTO FX BASKET LINKED NOTE | 4/12/2010 | SEK |

7)

bstonunaso | Clearstream Banking - CreationOnline | 9.27 CET

| | |
|---|---|
| **Security Post Release** | |
| Trade Details | |
| Type of Settlement Transaction | Securities Blocking |
| Pool Reference | |
| Function of Message | New Message |
| Instruction Type | Receive Free |
| Activity-Status | Settlement-Settled |
| ISIN Code | XS0281706704 |
| Common Code | 028170670 |
| Financial Instrument Description | EUR 0,00 LEHMAN BROS.TREAS.CO.BV07-2011 |
| Place of Safekeeping | IRVTGB2XGPT |
| Common Code Type | Single |
| Reason-Narrative | |
| Sender's Reference | NONREF |
| Last Update | 13/10/09 9.39 |
| Previous Reference | |
| Deal Reference | |
| Common Reference | |
| Safekeeping Account | 70649 - BCA DI CRED.POP-TORRE DEL GRECO/PRO |
| Quantity of Financial Instrument | 5.000.000 |
| Quantity Type | Face Amount |
| Processing Indicator | |
| Requested Settlement Date | 13/10/09 |
| Trade Date/Time | 13/10/09 |
| Closing Date | |
| Priority | Normal Priority |
| Settlement Amount | |
| Currency | |
| Guaranteed Delivery | No |
| Deal Price | |
| Deal Price Currency | |
| Deal Price Format | |
| Taxable Income Per Share | |
| Taxable Income Per Share Currency | |
| Taxable Income Per Share Format | |
| FX Currency | |
| Delivery Without Matching | Yes |
| Deal | |
| Trano | CA64917 |
| Common | |
| Transaction Indicator | Settlement Activity |
| Actual Settled Amount | |
| Exp./Eff. Settlement Date | 13/10/09 |
| Exp./Eff. Value Date | |
| Best Matching Instruction | |
| Settlement Parties | |
| Clearstream Depository | [6B] BKNY MELLON, LDN |
| BIC Address | IRVTGB2XGPT |
| Place of Settlement | CEDELULLXXX - Clearstream |
| Physical Transaction | No |
| Immediate Release | No |
| Delivering Agent | Clearstream |
| Party | 70649 |
| Description | UNPUBLISHED |
| Settlement parties : | |
| Receiving Agent | Clearstream - 70649 |
| Settlement Processing Narrative | CONSBLOK XS0281706704 OCE CONSENT YOUR INX |
| Additional Information | |
| Input Media | Internal |
| References | |


Banca di
Credito
Popolare
Gruppo Bancario Banca di Credito Popolare

Torre del Greco, 7th October 2009

**To:** Lehman Brothers Treasury Co. B.V.
Officia 1
2nd Floor
De Boelelaan 7
1083 HJ Amsterdam
The Netherlands
Attention: R. Funnekotter

Lehman Brothers Treasury Co. B.V.
Attn. Messrs. R.J. Schimmelpenninck
and F. Verhoeven
Atrium - Strawinskylaan 3105
1077 ZX Amsterdam
The Netherlands

**Cc:** Lehman Brothers Holding Inc.
Attn. The Treasurer
745 Seventh Avenue
New York, New York 10019
United States of America

Houthoff Buruma N.V.
Attn. R.J. Schimmelpenninck
and F. Verhoeven
Gustav Mahlerplein 50
1082 MA Amsterdam
The Netherlands

**Re: Acceleration of Notes**

Dear Sirs,

Banca di Credito Popolare Soc.Coop.p.a., with registered office at Palazzo Vallelonga, Corso Vittorio Emanuele, 92/100, 80059, Torre del Greco Italy, (the "**Holder**") is the beneficial owner of the following notes issued by Lehman Brothers Treasury Co. B.V. ("**LBTC**") and guaranteed by Lehman Brothers Holdings Inc. ("**LBHI**") under the Euro Medium Term Note Program (the "**Notes**"):

| No | Series No | ISIN Code | EUR/USD | Amount held | Issue size | % held | Final Maturity |
|---|---|---|---|---|---|---|---|
| 1 | ----- | XS0281706704 | EUR | 5,000,000.00 | 5,000,000.00 | 100 | 18/07/2011 |

Società Cooperativa per Azioni Gruppo Bancario Banca di Credito Popolare
www.bcp.it

Sede Sociale e Direzione Generale
80059 Torre del Greco (NA)
Palazzo Vallelonga
C.so Vittorio Emanuele, 92/100
Tel. 081 3581111
Fax 081 [illegible]

Centro Servizi
80040 Santa Maria la Bruna
Torre del Greco (NA)
Viale Europa, 43
Tel. 081 358 1111
Fax 081 [illegible]

Capitale Sociale
€ [illegible]
[illegible]

Albo delle Aziende di Credito
[illegible]
ABI n. 5142.5
Albo Gruppi Bancari n. 5142.5
Aderente al Fondo Interbancario di Tutela dei Depositi


Banca di
Credito
Popolare
Gruppo Bancario Banca di Credito Popolare

On September 15, 2008 LBHI filed a petition with the United States Bankruptcy Courts for the Southern District of New York seeking relief under chapter 11 of the United States Bankruptcy Code. On October 8, 2008 LBTC was declared bankrupt.

According to the Euro Medium Term Note Program documentation, consisting of (amongst others) the information memoranda, base prospectus and pricing supplements pertaining to the Notes held by the Holder (the "**Note Documentation**"), the commencement by LBHI of a voluntary case or proceeding under any applicable U.S. federal or state bankruptcy law and the declaration of bankruptcy of LBTC within the meaning of the Netherlands Bankruptcy Act constitute an immediate event of default under the Notes (the "**Event of Default**").

Upon the occurrence of an Event of Default, holders of at least 25% in principal amount of the outstanding notes of a series may declare the principal amount of all of the notes of that series to be immediately due and payable ("**Acceleration**").

Notice is hereby given of the Holder's exercise of the right of Acceleration. The Holder declares the principal amount of all of the notes of the series of Notes listed in the overview above immediately due and payable at their Early Redemption Amount (as defined in the Note Documentation) together with the premium, if any, accrued and unpaid interest, if any, and Additional Amounts (as defined in the Note Documentation), if any.

By sending a copy of this letter to LBHI, the guarantor of the obligations of LBTC under the Note Documentation is expressly notified of the Holder's exercise of its right of Acceleration.

References in this letter to specific Events of Default under the Note Documentation do not, and are not deemed to, imply that no other Events of Default specified in the Note Documentation have occurred and are now continuing and no waiver is hereby made or deemed to be made of any of the Holder's rights in respect of any other Event of Default.

The rights exercised by the Holder in this letter do not affect the exercise of any other right or remedy the Holder has or may have under the Note Documentation, or any such right or remedy that the Holder has already exercised (including but not limited to the right to make demand from time to time for further interest and other costs accruing on or after the date hereof). Such rights and remedies are expressly reserved and maintained.

I trust to have informed you sufficiently. Should you have any questions regarding the above, please do not hesitate to contact me or our adviser at Loyens & Loeff N.V., Mr. Vincent Vroom (vincent.vroom@loyensloeff.com); +31 20 5785984).

Yours sincerely,

**BANCA DI CREDITO POPOLARE**
THE GENERAL MANAGER
*(Dr. Manlio D'Aponte)*

Partenza

```
2007JAN12 12:51:47                                        Logical Terminal U4LO
MT S202            General Financial Institution Transfer          Page 00001
                                                                   Func BCPTPR1
                                                                   UMR  05499541
MSGACK  à1:F21BCPTITNNAXXX4812298085èà4:à177:0701121251èà451:0èè
Basic Header          F  01 BCPTITNNAXXX 4812 298085
Application Header    I 202 DRESDEFFXXXX N
                            *DRESDNER BANK AG
                            *FRANKFURT AM MAIN
User Header           Service Code     103:
                      Bank. Priority   113:
                      Msg User Ref.    108:
TRN                   *20    : DMP/TIT. 110107
Related Reference     *21    : NONREF
* * Repeatable Sequence 001 * * * * * * * * * * * * * * *  Occurrence 00001
Date/Cur/Amount       *32 A : Date 070116 Currency EUR Amount 5.000.000,
Account with Inst.     57 A : DEUTDEFFXXX
                             *DEUTSCHE BANK AG
                             *FRANKFURT AM MAIN
Beneficiary Inst.     *58 A : CEDELULLXXX
                             *CLEARSTREAM BANKING S.A.,
                             *LUXEMBOURG
                             *LUXEMBOURG
Trailer                       Order is <MAC:> <PAC:> <ENC:> <CHK:> <TNG:> <PDE:>
                              MAC:05182D66
                              CHK:1E4F0CB1C6AD
```

**H A N D D E L I V E R Y**

FILED / RECEIVED
NOV 0 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| NK | | 11:58 |
|---|---|---|
| RECEIVED BY: | DATE | TIME |

www.ups.com

**WAYBILL** (Non-Negotiable)

RECEIVED NOV 07 2011

M126 745 206 3
WAYBILL / TRACKING NUMBER

**SHIPPER'S UPS ACCOUNT No.** 576882

| NAME OF SENDER | TELEPHONE No. |
|---|---|

FROM

POSTAL CODE | COUNTRY

| RECEIVER'S UPS ACCOUNT No. | RECEIVER'S V.A.T. No/IDENTIFICATION No. FOR CUSTOMS PURPOSES |
|---|---|
| CONTACT PERSON | TELEPHONE No. |

RESIDENTIAL ☐

TO

POSTAL CODE | COUNTRY

**PAYMENT OF CHARGES**

| BILL SHIPPER'S UPS ACCOUNT | BILL RECEIVER | AMEX, EURO/MASTERCARD OR VISA | F.O.B. | C & F | DELIVERED DUTY PAID, TAX UNPAID | BILL DUTY, TAX AND SHIPPING CHARGES TO SHIPPER |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

The shipper agrees to the UPS Terms and Conditions which are available in full at UPS service centres. Unless a greater value for carriage is declared on the Waybill, the limits of liability specified under the Warsaw or CMR Conventions (if applicable) or set out in clause 9 of the Terms and Conditions will apply. The time limits for making any claim are set out in clause 12. The shipper authorises UPS to act as forwarding agent for export control and customs purposes.

02690104401 Rev. 10/05 EN

| SERVICE LEVEL | | UPS USE |
|---|---|---|
| Express Plus | ☐ | 1+ |
| Express | ☒ | 1 |
| Saver | ☐ | 1P |
| Expedited | ☐ | 2 |
| Standard | ☐ | ■ |

**SHIPMENT INFORMATION**

| No. OF PACKAGES IN SHIPMENT | TOTAL ACTUAL WEIGHT | TOTAL DIMENSIONAL WEIGHT |
|---|---|---|
| | kg<br>☐ UPS EXPRESS ENVELOPE | kg |

REFERENCE No. 1

REFERENCE No. 2

DESCRIPTION OF GOODS | DOCUMENTS ONLY ☑

GOODS NOT IN FREE CIRCULATION IN THE EU ☐

**OPTIONAL SERVICES**

☐ UPS EXPRESS NA1

☐ SATURDAY DELIVERY

SPECIAL INSTRUCTIONS

| DATE OF SHIPMENT DD MM YY | SHIPPER'S SIGNATURE |
|---|---|
| / / | |

YELLOW IORI-1003

UPS USE DELIVERY M126 745 206 3

UPS USE EXPORT 2 M126 745 206 3

UPS USE EXPORT 1 M126 745 206 3