**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Lehman Brothers Holdings, Inc., et. al., <br><br>                              Debtors. | Chapter 11 Case No. 08-13555 (JMP) <br> (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF**
**MOUNTAIN STATES PROPERTIES INC. TO**
**PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS**

Mountain States Properties Inc. ("Mountain States"), by and through its undersigned counsel, hereby files its limited objection and reservation of rights (together, the "Objection") with respect to the proposed assumption of executory contracts with Mountain States by Lehman Brothers Special Financing Inc. ("LBSF") or their affiliated debtors (collectively, the "Debtors") in connection with the Third Amended Joint Plan of Lehman Brothers Holdings, Inc. and Its Affiliated Debtors (the "Plan") (Docket No. 19627), and as grounds for such Objection, respectfully states as follows:

1.      Mountain States was a party to that certain ISDA Master Agreement with LBSF dated as of February 7, 2003 (including certain Schedules, Credit Support Annexes, Confirmations, and other documents related thereto, the "Swap Agreement") governing four total return swap transactions (the "TRS Transactions") entered into between LBSF and Mountain States on February 7, 2003 and July 1, 2003 and four corresponding fixed/floating rate swap transactions (the "IRS Transactions" and, together with the TRS Transactions, the "Transactions") entered into contemporaneously by the same parties.

2.      On July 30, 2008, LBSF delivered four notices to Mountain States pursuant to which LBSF exercised its rights under the Swap Agreement to terminate each of the TRS

Transactions, designating January 1, 2009 as the effective date of termination. Pursuant to the Swap Agreement, the IRS Transactions also terminated by their own terms effective as of the same effective date as the termination of the TRS Transactions. Accordingly, the Swap Agreement and each of the Transactions were terminated as of January 1, 2009.

3. Pursuant to paragraph 9(a) of the Debtors' Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan dated September 9, 2011 (the "Confirmation Hearing Notice"), the Debtors committed to serve by October 27, 2011 a Cure Amount Notice[1] to any counterparty to an executory contract or unexpired lease listed in the Plan Supplement to be assumed pursuant the Plan, and required counterparties to serve any objection to the Debtors' proposed assumption or cure by the later of (i) the November 4, 2011 Plan Objection Deadline or (ii) fourteen (14) days from service of the Cure Amount Notice.

4. On October 25, 2011, the Debtors filed their Plan Supplement (Docket No. 21254), which included as Exhibit 2, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "Assumed Contract List"). Although "Mountain States Properties" is listed on Exhibit A of the Assumed Contract List as a derivatives contract counterparty, no specific contract between the Debtors and Mountain States is described in such exhibit. The preamble to Exhibit A of the Assumed Contract List notes that "[u]nless a specific derivatives contract is noted for a specific counterparty, the Debtors intend to assume all derivatives contracts with each counterparty set forth on Exhibit 2, Part A."

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Confirmation Hearing Notice.

5.  Although a Cure Amount Notice was to have been served by October 27, 2011, Mountain States' records indicate that it has not received a copy of such notice.

6.  By this Objection, Mountain States asserts that because the Swap Agreement and Transactions were terminated as of January 1, 2009, the Swap Agreement and the Transactions are not executory contracts and are therefore not eligible for assumption pursuant to Bankruptcy Code section 365.  See In re Atlantic Computer Sys., Inc., 173 B.R. 844, 856 (S.D.N.Y. 1994) (contracts are not executory where such contracts have been terminated and the only remaining obligation thereunder is the payment of money) (citing In re Chateaugay Corp., 130 B.R. 162, 165-66 (S.D.N.Y. 1991).

7.  Moreover, and to the extent that the Debtors assert and the Court determines that the Swap Agreement or any of the Transactions remain executory and are capable of assumption, Mountain States objects to the proposed assumption of the Swap Agreement or Transactions because the Debtors have failed to demonstrate that they can or will cure any defaults, compensate Mountain States for any loss, and/or provide adequate assurance of performance. Pursuant to Bankruptcy Code section 365(b)(1)(A) the Debtors are required to cure all defaults under an executory contract as a condition to the assumption and/or assignment of such contract. In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008) ("The debtor bears the burden of showing that the requirements for assumption under § 365 have been met.") (citations omitted).

8.  Mountain States hereby further reserves its rights with respect to the ultimate treatment of the Swap Agreement and Transactions under any plan of reorganization proposed in connection with the Debtors' cases, including, but not limited to, the right to further dispute the treatment of the Swap Agreement and Transactions as executory contracts and the right to further

object to the determination of any proposed adequate assurance or cure amounts to be paid in connection with the assumption of the Swap Agreements.

## CONCLUSION

WHEREFORE, Mountain States respectfully requests that the Court enter an order directing that the Swap Agreement and Transactions be removed from the Assumed Contract List as non-executory contracts or, to the extent that the Court determines that the Swap Agreement or any of the Transactions are executory contracts, that the proposed assumption of the Swap Agreement or Transactions be denied until such time as the parties thereto reach a resolution as to the appropriate adequate assurance to be provided and cure amounts to be paid in connection with the assumption of such agreements, and such other relief as this Court deems just and proper.

Dated:  November 9, 2011  
       Wilmington, Delaware

Respectfully Submitted,

BALLARD SPAHR LLP

By:    /s/ Christopher S. Chow  
        Christopher S. Chow (CC-4172)  
        919 N. Market Street, 11th Floor  
        Wilmington, DE  19801  
        Telephone: (302) 252-4465  
        Facsimile: (302) 252-4466  
        Email: chowc@ballardspahr.com

  - and –

William A. Slaughter  
1735 Market Street, 51st Floor  
Philadelphia, PA  19103-7599  
Telephone: (215) 665-8500  
Facsimile: (215) 864-9788  
Email: slaughter@ballardspahr.com

Attorneys for Mountain States Properties Inc.