THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Lehman Brothers Holdings, Inc., et. al., <br><br> Debtors. | Chapter 11 Case No. 08-13555 (JMP) <br> (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
YORK HOSPITAL TO PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS**

York Hospital ("York"), by and through its undersigned counsel, hereby files its limited objection and reservation of rights (together, the "Objection") with respect to the proposed assumption of executory contracts with York by Lehman Brothers Special Financing Inc. ("LBSF") and its affiliated debtors (collectively, the "Debtors") in connection with the Third Amended Joint Plan of Lehman Brothers Holdings, Inc. and Its Affiliated Debtors (the "Plan") (Docket No. 19627), and as grounds for such Objection, respectfully states as follows:

1.  York is a party to that certain ISDA Master Agreement with LBSF dated as of June 1, 1993 (including the Schedule, Credit Support Annex, Confirmation, Pledge Agreement and other documents related thereto, the "Swap Agreement") governing an interest rate swap transaction entered into by York and LBSF, under which LBSF owes outstanding amounts, which amounts are memorialized in the Debtors' schedules and in the proof of claim filed by York in the Debtors' chapter 11 cases.

2.  On October 25, 2011, the Debtors filed their Plan Supplement (Docket No. 21254), which included as Exhibit 2, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "Assumed Contract List"). Although York Hospital is listed on Exhibit A of the Assumed Contract List as a derivatives contract counterparty, no specific contract with York Hospital is described in such exhibit. The preamble

to Exhibit A of the Assumed Contract List notes that "[u]nless a specific derivatives contract is noted for a specific counterparty, the Debtors intend to assume all derivatives contracts with each counterparty set forth on Exhibit 2, Part A."

3. York subsequently received a Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code dated October 27, 2011 (the "Assumption and Cure Notice") setting forth a proposed cure amount of $0.00 in connection with the proposed assumption. The Assumption and Cure Notice requires that any written objection to the proposed assumption and cure must be filed on or before November 10, 2011.

4. By letter dated May 20, 2009, York provided notice to LBSF of an Early Termination Date pursuant to the Swap Agreement and designated May 20, 2009 as the Early Termination Date. Consequently the Swap Agreement was terminated as of May 20, 2009. Subsequently, York timely filed a proof of claim in the amount of $1,656,538.20 plus attorneys fees on account of the terminated Swap Agreement.

5. By this Objection, York asserts that because the Swap Agreement was terminated as of May 20, 2009, it is not an executory contract and is therefore not eligible for assumption pursuant to Bankruptcy Code section 365. See In re Atlantic Computer Sys., Inc., 173 B.R. 844, 856 (S.D.N.Y. 1994) (contracts are not executory where such contracts have been terminated and the only remaining obligation thereunder is the payment of money) (citing In re Chateaugay Corp., 130 B.R. 162, 165-66 (S.D.N.Y. 1991).

6. Moreover, and to the extent that the Debtors assert and the Court determines that the Swap Agreement remains executory and is capable of assumption, York objects to the proposed assumption to the extent the Debtors seek to assume the Swap Agreement for any

purpose unrelated to the determination of any termination amounts payable in connection with the Swap Agreement.

7. York further objects to the proposed cure amount of $0.00 to be paid in connection with any proposed assumption of the Swap Agreement. Pursuant to Bankruptcy Code section 365(b)(1)(A) the Debtors are required to cure all defaults under an executory contract as a condition to the assumption and/or assignment of such contract. In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008) ("The debtor bears the burden of showing that the requirements for assumption under § 365 have been met.") (citations omitted). By this Objection, York asserts that to the extent the Swap Agreement is an executory contract, the appropriate cure amount to be paid by the Debtors in connection with its assumption is $1,656,538.20 plus attorneys fees, as more fully set forth in York's proof of claim.

8. York hereby further reserves its rights with respect to the ultimate treatment of the Swap Agreement under any plan of reorganization proposed in connection with the Debtors' cases, including, but not limited to, the right to further dispute the treatment of the Swap Agreement as an executory contract and the right to further object to the determination of any cure amounts to be paid in connection with the assumption of the Swap Agreement.

## CONCLUSION

WHEREFORE, York respectfully requests that the Court enter an order directing that the Swap Agreement be removed from the Assumed Contract List as a non-executory contract or, to the extent that the Court determines that the Swap Agreement is an executory contract, that the proposed assumption of the Swap Agreement be denied until such time as the parties thereto reach a resolution as to the appropriate cure amounts to be paid in connection with its assumption, and such other relief as this Court deems just and proper.

Dated: November 9, 2011  Respectfully Submitted,
Wilmington, Delaware

BALLARD SPAHR LLP

By:  /s/ Christopher S. Chow
Christopher S. Chow (CC-4172)
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: chowc@ballardspahr.com

 - and –

William A. Slaughter
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-9788
Email: slaughter@ballardspahr.com

Attorneys for York Hospital