**Objection Deadline: November 10, 2011 at 4:00 p.m. (Eastern)**
**Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Eastern)**

Brian E. Foont
The Foont Law Firm, LLC
11909 Reynolds Avenue
Potomac, MD 20854
202-236-4851

*Counsel for Claimant AFCO Cargo PIT LLC*

**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al. | Case No 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF AFCO CARGO PIT LLC TO DEBTORS' PLAN SUPPLEMENT AND NOTICES OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTOR'S THIRD AMENDED JOINT CHAPTER 11 PLAN PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

TO:    **THE HONORABLE JUDGE JAMES M. PECK**
       **UNITED STATES BANKRUPTCY JUDGE:**

AFCO Cargo PIT LLC ("AFCO Cargo PIT"), by and through its undersigned counsel, makes the following objection in connection with the Plan Supplement (Docket No. 21254) (the "Plan Supplement"), filed on October 25, 2011, by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, with LBHI, the "Debtors"),[1] respectfully stating as follows:

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to such terms in the Plan.

**PRELIMINARY STATEMENT**

AFCO Cargo PIT's Agreements (as defined below) with Lehman Brothers Special Financing, Inc. ("LBSF") are not assumable by LBSF, as contemplated by the Plan Supplement, because the Agreements were terminated and are, therefore, not executory contracts. If this Court should determine, however, that the Agreements are assumable by LBSF, then AFCO Cargo PIT reserves the right to seek a full cure and compensation, pursuant to section 365 of the Bankruptcy Code.

Although it has not yet been served with a Notice of Assumption, and in order to preserve its rights with regard to cure and compensation, AFCO Cargo PIT also objects to any "Cure Amount" that may be set forth in any Notice of Assumption that does not equal or exceed the amount set forth in its duly filed Proofs of Claim in these cases and asserts that AFCO Cargo PIT's cure amount is not less than the amount set forth therein.

**BACKGROUND**

1. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. On various dates thereafter, LBHI's affiliated debtors in these cases filed voluntary petitions for relief under the Bankruptcy Code, whereupon, the Debtors' cases were administratively consolidated by the Bankruptcy Court. Specifically, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code on October 3, 2008.

3. On July 2, 2009, the Bankruptcy Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for

        Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") in these cases.

4. AFCO Cargo PIT is party to the following three agreements with LBSF: (i) that certain Reserve Fund Agreement dated as of November 17, 1999 with LBSF, (ii) that certain Reserve Fund Agreement dated as of March 22, 2004, and (iii) that certain Debt Service Deposit Agreement dated as of March 29, 2004 (collectively the "Agreements").

5. The Agreements were terminated on September 23, 2008.

6. On September 1, 2011, the Court entered an Amended Order approving the Debtors' Amended Motion (i) for Approval of the Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan.

7. On October 25, 2011, the Debtors filed their Plan Supplement which contains, among other things, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "Assumption Schedule"). The Assumption Schedule lists AFCO Cargo PIT as a party to three executory contracts the Debtors propose to assume without identifying any contracts with particularity. AFCO Cargo PIT assumes that the Agreements are among the "executory" contracts the Debtors propose to assume.

**ARGUMENT**

8. The Agreements were properly terminated in accordance with their terms and applicable law on September 23, 2008. The Agreements are, therefore, not subject to assumption by the Debtors.

9. For the purposes of assumption under section 365 of the Bankruptcy Code, Bankruptcy courts have adopted Professor Vernon Countryman's definition of an "executory contract" as "[a] contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Vern Countryman, *Executory Contracts in Bankruptcy*, 57 Minn. L. Rev. 439, 446 (1973) cited in *In re Wireless Data, Inc.*, 547 F.3d 484, 488 n.1 (2d Cir. 2008) ("[a]lthough § 365 does not define the term "executory contracts," courts have long employed the definition articulated by Professor Countryman . . . .") and citing *In re Penn Traffic Co.*, 524 F.3d 373, 379 (2d Cir. 2008) (observing that "most courts and scholars" look to the definition of executory contract "first articulated by Professor Vernon Countryman in his seminal 1973 law review article") and 3 Collier on Bankruptcy § 365.02[1], at 365-19 (15th ed. rev. 2008) (noting that "no circuit has rejected the Countryman test" for executory contracts). Given the termination of the Agreements, there is no further performance due from either party.

10. Should this Court determine, however, that the Agreements are executory contracts that are subject to assumption by LBSF on the Plan Effective Date, or otherwise, then in connection with any such determination, AFCO Cargo PIT objects to any "Cure Amount" asserted by LBSF, whether set forth in a Notice of Assumption or otherwise,

that is less than the amount claimed in AFCO Cargo PIT's Proofs of Claim in these cases, and reserves all rights under section 365 of the Bankruptcy Code afforded to non-debtor parties to executory contracts including, without limitation: (i) the requirement that all defaults (other than the default caused by the commencement of LBSF's bankruptcy case) must be cured, as a condition precedent to any such assumption; and (ii) the requirement that any pecuniary loss to the non-defaulting counterparty resulting from the default(s) must be compensated, as a condition precedent to any such assumption.

**CONCLUSION**

The Agreements are not assumable, executory contracts and, therefore, the Plan Supplement should be amended to exclude the Agreements from the list of executory contracts to be assumed.

AFCO Cargo PIT is entitled to the protections of section 365 should this Court determine the Agreements to be assumable, including, but not limited to, the protections of cure and compensation. In that connection, AFCO Cargo PIT asserts that it is entitled to cure and compensation in an amount not less than the amount of its claims.

AFCO Cargo PIT hereby reserves the right to supplement this statement, which is without prejudice to the assertion of other claims for relief with respect to the Plan Supplement and/or any Notices of Assumption that may be served on AFCO Cargo PIT hereafter, and to file memoranda and to offer evidence at the confirmation hearing, in support hereof, and, to the extent necessary, reserves all rights to a full evidentiary hearing to determine the amount of its claims

Dated: Potomac, Maryland
November 9, 2011

          THE FOONT LAW FIRM, LLC

          By:    /s/ Brian E. Foont
                  Brian E. Foont
                  11909 Reynolds Avenue
                  Potomac, MD 20854
                  Tel. 202-236-4851
                  Fax. 202-318-9195
                  Foont@FoontLaw.com

          *Counsel for AFCO Cargo PIT LLC*