RESPONSE DEADLINE: November 10, 2011 at 4:00 p.m. (Eastern Time)

Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400

*Attorneys for Federal Home Loan Bank of Indianapolis*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Chapter 11

Case No. 08-13555 (JMP)

Jointly Administered

In re:

LEHMAN BROTHERS HOLDINGS INC., et al.

Debtors,

## OBJECTION OF FEDERAL HOME LOAN BANK OF INDIANAPOLIS TO ASSUMPTION OF AGREEMENTS AS SET FORTH IN PLAN SUPPLEMENT

Federal Home Loan Bank of Indianapolis ("**FHLBI**") hereby files its objection to the assumption of the below-referenced agreement between FHLBI and Lehman Brothers Special Financing Inc. ("**LBSF**"). Terms used herein but not otherwise defined shall have the meanings ascribed to them in the ISDA Agreement, as defined below.

### BACKGROUND

1. On September 1, 2011, Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (the "**Debtors**"), filed their Third Amended Joint Chapter 11 Plan Pursuant

to Section 1125 of the Bankruptcy Code, ECF No. 19627 (the "**Plan**"). If the Plan is approved by the United States Bankruptcy Court for the Southern District of New York (this "**Court**"), the Debtors will, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, assume the executory contracts and unexpired leases listed on Exhibit 2 of the Plan Supplement, dated October 25, 2011, ECF No. 21254 (the "**Plan Supplement**"), and the other executory contracts assumed pursuant to Sections 11.1, 11.5 and 11.6 of the Plan.

2.   Pursuant to the terms of the Plan, Debtors provided FHLBI with the notice (the "**Notice**") dated October 27, 2011, which is attached hereto as Exhibit A, notifying FHLBI that Debtors propose to assume an International Swap Dealers Association, Inc.[1] Master Agreement between FHLBI and LBSF, which included a Schedule and Credit Support Annex thereto, each dated as of February 28, 1992 (collectively, the "**ISDA Agreement**"), a copy of which is attached hereto as Exhibit B. The information relating to the Debtors' proposed assumption of the ISDA Agreement contained in Exhibit A of the Notice is set forth below:

| Counterparty | Debtor | Title of Agreement | Cure Amount |
|---|---|---|---|
| FEDERAL HOME LOAN BANK OF INDIANAPOLIS | LEHMAN BROTHERS SPECIAL FINANCING INC. | | $0 |

3.   On September 15, 2008, LBSF's Credit Support Provider, LBHI, commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. The commencement of such chapter 11 case constituted an Event of Default

---

[1] This organization is now known as the International Swaps and Derivatives Association, Inc. ("ISDA").

under the ISDA Agreement, in respect of which LBSF was the Defaulting Party and FHLBI was the Non-defaulting Party under the ISDA Agreement. Pursuant to Section 6(a) of the ISDA Agreement, on September 22, 2008 FHLBI sent LBSF a notice designating September 25, 2008 as the "**Early Termination Date**" in respect of all outstanding transactions under the ISDA Agreement (the "**Transactions**"). After valuing the terminated Transactions pursuant to the "Market Quotation" methodology as required by the ISDA Agreement, FHLBI remitted $95,554,843.87 (the "**Early Termination Amount**") to LBSF on the Early Termination Date as required by Section 6(d) of the ISDA Agreement. On September 29, 2008, FHLBI sent LBSF a statement describing the manner of calculation of the Early Termination Amount as required by Section 6(d)(i) of the ISDA Agreement (the "**Calculation Statement**").

4. On October 29, 2011, the Debtors confirmed by email to counsel to FHLBI (i) LBSF's recognition that the Transactions were irrevocably terminated by FHLBI and (ii) that LBSF is not seeking to have that termination reversed by way of its proposed assumption of the ISDA Agreement.

## OBJECTION

5. FHLBI objects to the assumption of the ISDA Agreement because the ISDA Agreement is no longer an "executory contract", and therefore it is not capable of being assumed (or rejected) under section 365 of the Bankruptcy Code.

6. Although the Bankruptcy Code does not define the term "executory contract," in *Lehman Bros. Special Fin. Inc. v. BNY Corporate Tr. Servs. Ltd. (In re Lehman Bros. Holdings Inc.)*, 422 B.R. 407 (Bankr. S.D.N.Y. 2010), this Court recognized that "[t]he Second Circuit has characterized an executory contract as

one on which performance remains due to some extent on both sides." *Id.* at 415. This Court went on to examine the extent to which performance must remain due on both sides for a contract to be treated as executory under Section 365 of the Bankruptcy Code and in this regard adopted the "Countryman" approach.[2] Under the Countryman approach, "an executory contract is one under which the obligation of both the bankrupt *and* the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Id.* at 416, quoting *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373 (2d Cir. 2008) (emphasis added) (internal quotation marks omitted).

7.  Furthermore, the Bankruptcy Court for the Eastern District of New York has stated that "where the only performance that remains is the payment of money, the contract will not be found to be executory." *In re Spectrum Info. Technologies, Inc.*, 190 B.R. 741, 748 (Bankr. E.D.N.Y. 1996).

8.  The ISDA Agreement between LBSF and FHLBI is not an executory contract because performance does not remain due from both parties to the contract. When FHLBI terminated all outstanding Transactions under the ISDA Agreement and delivered the Early Termination Amount and Calculation Statement to LBSF in September 2008, that delivery constituted full and final satisfaction of FHLBI's obligations to LBSF under the ISDA Agreement. Even if FHLBI owed additional money to LBSF under the ISDA Agreement, which it does not, such an obligation would merely constitute an obligation to pay money, and therefore the ISDA Agreement would not be

---

[2] See *In re Penn Traffic Co.*, 524 F.3d 373, 379 (2d Cir. 2008) (observing that "most courts and scholars" look to the definition of executory contract "first articulated by Professor Vernon Countryman in his seminal 1973 law review article").

considered executory. Accordingly, the ISDA Agreement is not an executory contract and may not be assumed by LBSF.

## CONCLUSION

WHEREFORE, for the reasons stated above, FHLBI objects to the assumption of the ISDA Agreement by LBSF. FHLBI respectfully requests that the assumption of the ISDA Agreement be denied and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
       November 8, 2011

SCHLAM STONE & DOLAN LLP

*Attorneys for Federal Home Loan Bank of Indianapolis*

By: ___/s/ Bennette D. Kramer___

Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400
bdk@schlamstone.com

OF COUNSEL

Lauren Teigland-Hunt
Teigland-Hunt LLP
127 West 24th Street, 4th Floor
New York, NY 10011
(212) 269-1600
lteigland@teiglandhut.com