Hearing Date and Time: December 6, 2011 at 10:00 a.m. (prevailing Eastern Time)

Christopher R. Donoho III
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
Telephone:    (212) 918-3000
Facsimile:    (212) 918-3100

*Attorneys for ITV plc and Carlton Communications Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**OBJECTION OF ITV PLC AND CARLTON COMMUNICATIONS LIMITED
IN CONNECTION WITH DEBTORS' PLAN SUPPLEMENT AND
NOTICES OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

ITV plc ("**ITV**") and Carlton Communications Limited (formerly, Carlton Communications plc) ("**Carlton**"),[1] by and through their undersigned counsel, make the following objection in connection with the Plan Supplement [Docket No. 21254] (the "**Plan Supplement**"), filed on October 25, 2011, by Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors (collectively, with LBHI, the "**Debtors**") in connection with section 11.1 of the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* dated August 31, 2011 (the "**Third Amended Plan**") [Docket No. 19627], and respectfully states as follows:[2]

---

[1] Carlton is one of ITV's principal subsidiaries.

[2] ITV and Carlton are companies organized under the laws of England and Wales. ITV and Carlton have entered limited appearances in the Debtors' chapter 11 cases (collectively, the "**Cases**") solely for the

## PRELIMINARY STATEMENT

The Debtors propose, by and through the Plan Supplement to assume a certain alleged – but unidentified – executory contract (the "**ITV Contract**"), between ITV and one of the Debtors, Lehman Brothers Special Financing Inc. ("**LBSF**").  The unidentified contract is listed on page 388 of the Plan Supplement.  ITV and Carlton object to this proposed assumption on the basis that: (i) there is no ITV Contract, as there is no contractual relationship between ITV and LBSF; (ii) to the extent that the ITV Contract relates to any past contracts between Carlton and LBSF, such contracts have expired by their own terms and are therefore no longer executory or assumable; and (iii) the Debtors have failed to provide notice to either ITV or Carlton, who learned of this proposed assumption indirectly and quite recently.

## BACKGROUND

**Carlton Swaps**

1. Prior to the commencement date of the Debtors' Cases, Carlton entered into a Master Agreement dated as of July 8, 2003 (as amended, the "**Master Agreement**"), with LBSF.

2. Pursuant to Part 4(h) of the Schedule to the Master Agreement, the Master Agreement and the transactions entered into thereunder between LBSF and Carlton, including the Swaps (as defined below), are governed by the laws of England and Wales. LBHI unconditionally guaranteed the obligations of LBSF under the Master Agreement pursuant to a Guarantee of Lehman Brothers Holdings Inc. dated as of July 8, 2003 (the "**Guarantee**").

---

purpose of making two prior limited objections to procedural orders related to derivative transactions and now this Objection. By making these limited appearances in the Cases and filing this Objection, ITV and Carlton do not submit themselves or otherwise consent or acquiesce, and shall not be deemed to have submitted themselves, consented or acquiesced, to the jurisdiction of this Court, or any other court of the United States, for any purpose other than with respect to this Objection. ITV and Carlton do not waive any, and hereby reserve all, of their rights to object on jurisdictional grounds to the application of any procedural order or proposed assumption of any alleged contract, if ordered by this Court, or any other order of this Court, or any other court resident in the United States.

3. There exist under the Master Agreement two terminated swap transactions, each of which was entered into on December 14, 2004, and <u>terminated by their own terms</u> on March 2, 2009 (collectively, the "**Swaps**").

4. Upon information and belief, the Master Agreement and the Swaps were the only contractual relationship between ITV or Carlton and LBSF.

**The Debtors' Bankruptcy Cases and Proposed Plan of Reorganization**

5. On September 15, 2008, LBHI and certain of its affiliates filed for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York. <u>In re Lehman Brothers Holdings Inc., et al.</u>, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.).

6. On September 1, 2011, the Debtors filed their Third Amended Plan and related disclosure statement [Docket No. 19629]. The confirmation hearing for the Third Amended Plan is currently scheduled for December 6, 2011 at 10:00 a.m. (the "**Confirmation Hearing Date**").

**Assumption of Allegedly Executory Contract Under the Third Amended Plan**

7. Pursuant to section 11.1 of the Third Amended Plan, upon confirmation of the plan, and as of the plan's effective date, all executory contracts that exist between a Debtor and any counterparty shall be deemed rejected, except for those executory contracts, among others, that are specifically designated in the Plan Supplement as being assumed by a Debtor, subject to the Debtors' right to delete or add contracts to the assumed contract list. Third Amended Plan, § 11.1. Pursuant to the Debtors' *Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan* dated September 9, 2011 (the "**Confirmation Hearing Notice**"), the Debtors were required to serve each counterparty to a contract listed in the Plan Supplement with a notice of the Debtors' intent (a "**Notice of Intent**") to assume the contract and the cure amount associated with the proposed assumption at least forty (40) days prior to the Confirmation Hearing Date. Confirmation Hearing Notice, ¶ 9(a) at 4-5. Accordingly, such notices were to be mailed on or before October 27, 2011.

8. The Debtors filed the Plan Supplement on October 25, 2011. Exhibit 2 of the Plan Supplement includes a schedule of the contracts that the Debtors intend to assume pursuant to section 365 of the Bankruptcy Code and section 11.1 of the Third Amended Plan. As noted above, the ITV Contract was included on Exhibit 2 to the Plan Supplement on page 388.

9. To their knowledge, neither ITV nor Carlton have received a Notice of Intent and first became aware that the ITV Contract was included in the Plan Supplement a few days prior to this Objection being filed.

10. Given that there is no contractual relationship between ITV and LBSF, and accordingly no contract with ITV for the Debtors to assume, ITV and Carlton strongly suspect that the Debtors are trying to assume the Swaps as the ITV Contract.

## BASIS FOR OBJECTION

11. First, as noted above, ITV and Carlton were not timely served with a copy of the Notice of Intent and have not had an adequate opportunity to fully investigate the facts and circumstances relating to the ITV Contract. Moreover, the proposed assumption is unclear on its face whether or not it relates to a relationship with ITV or the Master Agreement and the Swaps with Carlton. As was stated above, ITV is unaware of any contractual relationship with LBSF that would give grounds for its inclusion in Exhibit 2 to the Plan Supplement. Accordingly, ITV and Carlton expressly reserve their right to supplement this Objection.

12. Second, assuming the Debtors are attempting to assume the Swaps with Carlton, the Swaps are no longer an executory contract within the meaning of section 365 of the Bankruptcy Code. The Swaps terminated pursuant to their own terms on March 2, 2009, over two and a half years ago, and are therefore non-executory and non-assumable. The Second Circuit has stated that an executory contract is a contract "on which performance remains due to some extent on both sides." *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 379 (2 Cir. 2008). The Swaps are no longer executory as they have expired by their own terms and all obligations thereunder are terminated. Accordingly, the ITV Contract cannot be assumed by the Debtors.

## RESERVATION OF RIGHTS

13. ITV and Carlton reserve any and all applicable rights at law and/or equity, including the right to amend or supplement this Objection and to join in the objection of any other objector to the relief requested in the Plan Supplement.

## CONCLUSION

Wherefore, ITV and Carlton respectfully request that this Court deny the Debtors' request to assume the ITV Contract as identified in Exhibit 2 to the Plan Supplement, and for such other relief as the Court deems just and appropriate.

Dated: November 9, 2011
 New York, New York

**HOGAN LOVELLS US LLP**
By: /s/ Christopher R. Donoho III

Christopher R. Donoho III
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email:chris.donoho@hoganlovells.com

*Attorneys for ITV plc and Carlton Communications Limited*