**Objection Deadline: November 10, 2011 at 4:00 p.m. (Eastern)**
**Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Eastern)**

MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel. (212) 506-2500
Fax (212) 262-1910
Frederick D. Hyman (FH-7832)

*COUNSEL TO WATERSTONE CAPITAL ADVISORS LLC*

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>                            Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**OBJECTION OF WATERSTONE CAPITAL ADVISORS LLC
IN CONNECTION WITH DEBTORS' PLAN SUPPLEMENT AND NOTICES OF
<u>PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS</u>**

**TO:   THE HONORABLE JUDGE JAMES M. PECK
          UNITED STATES BANKRUPTCY JUDGE:**

Waterstone Capital Advisors LLC ("**Waterstone**"), by and through its undersigned attorneys, makes the following objection in connection with (i) the Plan Supplement [Docket No. 21254] (the "**Plan Supplement**"), filed on October 25, 2011, by Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors (collectively, with LBHI, the "**Debtors**"),[1] and (ii) the Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, dated

---

[1]   Capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to such terms in the Plan.

October 27, 2011, with respect to Waterstone, as "Counterparty" thereunder (the "**Notice of Assumption**"), respectfully stating as follows:

## PRELIMINARY STATEMENT

The Forward Purchase Agreement (as defined below) with Lehman Brothers Special Financing Inc. ("**LBSF**") is not assumable by LBSF, as contemplated by the Plan Supplement and the Notice of Assumption, because it was terminated and, therefore, is not an executory contract. If this Court should determine, however, that the Forward Purchase Agreement is assumable by LBSF, then Waterstone reserves the right to seek a full cure and compensation, pursuant to Section 365 of the Bankruptcy Code.

## BACKGROUND

1. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2. On various dates thereafter, LBHI's affiliated debtors in these cases filed voluntary petitions for relief under the Bankruptcy Code, whereupon, the Debtors' cases were administratively consolidated by the Bankruptcy Court. Specifically, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code on October 3, 2008.

3. On September 1, 2011, the Court entered an Amended Order approving the Debtors' Amended Motion (i) for Approval of the Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan.

4. On October 25, 2011, the Debtors filed their Plan Supplement which contains, among other things, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "**Assumption Schedule**").

## ARGUMENT

5. LBSF and Waterstone are parties to that certain Forward Purchase Agreement dated as of June 5, 2008 (the "**Forward Purchase Agreement**"). An event of default occurred under Section 6.3(f) of the Forward Purchase Agreement upon the commencement of LBSF's bankruptcy case. In accordance with Section 6.4 of the Forward Purchase Agreement, Waterstone terminated the Forward Purchase Agreement and related transactions by giving written notice to LBSF pursuant to that certain letter dated February 27, 2009 (the "**Termination Letter**").

6. The Assumption Schedule lists Waterstone as a party to executory contracts the Debtors proposes to assume, without identifying any contracts with particularity. Waterstone assumes that the Forward Purchase Agreement is among those contracts the Debtors propose to assume.

7. Because the Forward Purchase Agreement and related transactions were properly terminated, in accordance with its terms and applicable law, pursuant to the Termination Letter, there are no remaining obligations. Accordingly, the Forward Purchase Agreement is not subject to assumption by the Debtors. *See In re Sanshoe Worldwide Corp.*, 993 F.2d 300 (2d Cir. 1993); *In re 611 Sixth Avenue Corp.*, 191 B.R. 295, 301 (Bankr. S.D.N.Y. 1996); *Moody v. Amoco Oil Co.*, 734 F.2d 1200 (7th Cir. 1984).

## **CONCLUSION**

The Forward Purchase Agreement is not an assumable executory contract in these cases and, therefore, (i) the Plan Supplement should be amended to exclude the Forward Purchase Agreement from the list of executory contracts to be assumed and (ii) the Notice of Assumption should be deemed rescinded.

Waterstone hereby reserves the right to supplement this Statement, which is without prejudice to the assertion of other claims for relief with respect to the Plan Supplement and/or the Notice of Assumption, and to file memoranda and to offer evidence at the confirmation hearing, in support hereof.

Dated: New York, New York
November 9, 2011

Respectfully submitted,

/s/  Frederick D. Hyman

Frederick D. Hyman (FD-7832)
**MAYER BROWN LLP**
1675 Broadway
New York, New York 10019
(212) 506-2500 (phone)
(212) 262-1910 (fax)

*Counsel to Waterstone Capital Advisors LLC*

\*   \*   \*

4

700719132