**Hearing Date:  December 6, 2011 at 10:00 a.m. (EST)**

| | |
|---|---|
| GREENBERG TRAURIG, LLP | GREENBERG TRAURIG, LLP |
| One International Place | MetLife Building |
| Boston, Massachusetts 02110 | 200 Park Avenue |
| Telephone: (617) 310-6025 | New York, NY 10166 |
| Facsimile: (617) 279-8425 | Telephone: (212) 801-9278 |
| John A. Sten | Facsimile: (212) 805-9278 |
| Jason C. Moreau | Maria J. DiConza |

*Counsel for Franklin W. Olin*
*College of Engineering, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., *et al.*<br><br>  Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

**LIMITED OBJECTION OF FRANKLIN W. OLIN COLLEGE OF ENGINEERING, INC. TO DEBTORS' PROPOSED ASSUMPTION OF CONTRACTS**

Counterparty, Franklin W. Olin College of Engineering, Inc. ("Olin College") submits the following limited objection to the above-captioned debtors-in-possession (collectively, the "Debtors") designation of certain derivative contracts entered into between Olin College and Lehman Brothers Special Financing, Inc. ("LBSF") as "executory" and the purported assumption of those contracts pursuant to Section 11.1 of the Debtors' Third Amended Joint Chapter 11 Plan (the "Plan").

**BACKGROUND**

1. Olin College was a party to three (3) interest rate swap transactions (the "Transactions") entered into with LBSF[1] pursuant to the terms of a 1992 Local Currency-Single Jurisdiction International Swaps and Derivatives Association, Inc. ("ISDA") Master Agreement ("Master Agreement"), the schedule thereto (the "Schedule"), and the Credit Support Annex to the Schedule the ("CSA"). Section 5(a)(vii) of the Master Agreement listed "bankruptcy" as one of the "Events of Default and Termination Events" providing Olin College with the right to terminate the transactions.

2. On September 15, 2008 (the "Petition Date"), LBHI and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 3, 2008, LBSF (an affiliate of LBHI) filed a voluntary petition for relief under the Bankruptcy Code.

3. Following the Debtors' bankruptcy filing, Olin College followed the procedures set forth under the Master Agreement to terminate the Transactions. On October 30, 2008, Olin College served LBSF with a notice of an Event of Default ("Notice of Default") designating October 30, 2008 as the Early Termination Date with respect to the Transactions. Following the termination, Olin College calculated the amounts due and owing to LBSF in accordance with the Master Agreement and provided payment to LBSF.

4. Pursuant to the procedures set forth in this Court's ADR Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts dated September 19, 2009 (the "Order"), on August 16, 2010, LBSF filed a Derivatives ADR Notice (No. 186) and Settlement Demand. On September 14, 2010, Olin College filed its Response to Notice and

---

[1] Lehman Brothers Holdings, Inc. ("LBHI") was the Credit Support Provider with respect to the Transactions.

Explanation of Basis for Denial of Settlement Demand. On September 29, 2010, LBSF filed a Reply to Olin College's Response to Derivatives ADR Notice No. 186. The confidential mediation of this matter was conducted on January 5, 2011 with no resolution.

5. On October 25, 2011, the Debtors filed the Plan Supplement [Docket No. 21254], which sets for the schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (Exhibit 2, Part A [Derivative Contracts]). On page forty-seven (47) of Exhibit 2 (Part A), the Debtors list the derivative contracts involving Olin College, which unquestionably relate to the terminated Transactions referenced above.

## LIMITED OBJECTION

6. Olin College objects to the purported assumption of the terminated derivative swap Transactions on the basis that there is simply nothing left to assume. *See e.g.* In re Texscan Corp., 107 B.R. 227, 230 (B.A.P. 9th Cir. 1989) (acknowledging that "[i]t is axiomatic that before 11 U.S.C. § 365 can apply a contract must exist" and that "[i]f a contract has expired by its own terms then there is nothing left to assume or reject."); Counties Contracting & Const. Co. v. Constitution Life Ins. Co., 855 F.2d 1054, 1061 (3rd Cir. 1988) (noting that "[a] contract may not be assumed under § 365 if its has already expired according to its terms.").[2]

---

[2] While the Second Circuit has not adopted a uniform definition of an "executory contract," it follows the formulation that "a contract is executory if performance is still required by both parties that is sufficiently material such that a failure of either to perform would excuse the other party's performance." *See* In re Helm, 335 B.R. 528, 534 (Bankr. S.D.N.Y. 2006).

7. Olin College further objects to the inclusion of the derivative swap Transactions in the Plan Supplement and the Debtors' purported assumption of the terminated derivative contracts to the extent that it implies that the Transactions remain open and ongoing.

8. Olin College further submits this limited objection for the purpose of ensuring that Olin College is not deemed to accede to any argument that the Transactions were not terminated, and that Olin College is not estopped from asserting that the Transactions were terminated.

## **RESERVATION OF RIGHTS**

Olin College reserves the right to modify and assert additional objections to the Debtors' proposed assumption of the terminated derivative swap Transactions referenced above. Olin College also reserves all other rights and nothing contained herein shall be construed as an admission or waiver of any rights or claims that Olin College may be entitled to assert.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Olin College respectfully requests that this Court deny Debtors' request to assume the above-referenced terminated Transactions and grant such other and further relief as the Court may deem just and proper.

By: /s/ Maria J. DiConza
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166
Telephone: (212) 801-9278
Facsimile: (212) 805-9278
Maria J. DiConza

GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts 02110
Telephone: (617) 310-6025
Facsimile: (617) 279-8425
John A. Sten
Jason C. Moreau

*Counsel for Franklin W. Olin College of Engineering, Inc.*

Dated: November 9, 2011