THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings, Inc., et. al.,

                  Debtors.

Chapter 11 Case No. 08-13555 (JMP)
(Jointly Administered)

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF UTAH HOUSING CORP. (ME), UTAH HOUSING CORPORATION (ME) AND UTAH HOUSING FINANCE AGENCY TO PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS**

Utah Housing Corporation (ME) ("UHC"), Utah Housing Corp. (ME) ("Housing Corp.") and Utah Housing Finance Agency ("UHFA", and together with UHC and Housing Corp., "Utah Housing"), by and through their undersigned counsel, hereby file their limited objection and reservation of rights (together, the "Objection") with respect to the proposed assumption of executory contracts with Utah Housing by Lehman Brothers Special Financing Inc. ("LBSF"), Lehman Brothers Financial Products Inc. ("LBFP") or their affiliated debtors (collectively, the "Debtors") in connection with the Third Amended Joint Plan of Lehman Brothers Holdings, Inc. and Its Affiliated Debtors (the "Plan") (Docket No. 19627), and as grounds for such Objection, respectfully state as follows:

    1.    Utah Housing was a party to one or more ISDA Master Agreements with LBSF or LBFP (including any Schedules, Credit Support Annexes, Confirmations, Pledge Agreements and other documents related thereto, the "Swap Agreements") collectively governing seventy-eight (78) interest rate swap transactions entered into by LBSF or LBFP and Utah Housing prior to the commencement of the Debtors' chapter 11 cases. On or about November 2008, Utah Housing exercised its rights under each of the Swap Agreements to terminate such agreements and rehedge the corresponding swaps with replacement counterparties. To the extent required by

the Swap Agreements, Utah Housing paid termination payments to the appropriate Debtor counterparty under each of the Swap Agreements in accordance with their terms.  Since the termination of each of the Swap Agreements, the Debtors have occasionally sought additional information concerning the Swap Agreements but at no time have the Debtors challenged the effectiveness of the termination of any of the Swap Agreements or the termination amounts paid by Utah Housing in connection therewith.

2. On October 25, 2011, the Debtors filed their Plan Supplement (Docket No. 21254), which included as Exhibit 2, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "Assumed Contract List").  Although "Utah Housing Corp (ME)", "Utah Housing Corporation (ME)" and "Utah Housing Finance Agency" are each listed on Exhibit A of the Assumed Contract List as derivatives contract counterparties, no specific contract between the Debtors and Utah Housing is described in such exhibit.  The preamble to Exhibit A of the Assumed Contract List notes that "[u]nless a specific derivatives contract is noted for a specific counterparty, the Debtors intend to assume all derivatives contracts with each counterparty set forth on Exhibit 2, Part A."

3. Utah Housing subsequently received twenty-six (26) Notices of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code dated October 27, 2011 (the "Assumption and Cure Notices") each setting forth a proposed cure amount of $0.00 in connection with the proposed assumption.  The Assumption and Cure Notices require that any written objection to the proposed assumption and cure must be filed on or before November 10, 2011.

4.	By this Objection, Utah Housing asserts that because each of the Swap Agreements were terminated as of November 2008, the Swap Agreements are not executory contracts and are therefore not eligible for assumption pursuant to Bankruptcy Code section 365. See In re Atlantic Computer Sys., Inc., 173 B.R. 844, 856 (S.D.N.Y. 1994) (contracts are not executory where such contracts have been terminated and the only remaining obligation thereunder is the payment of money) (citing In re Chateaugay Corp., 130 B.R. 162, 165-66 (S.D.N.Y. 1991).

5.	Moreover, and to the extent that the Debtors assert and the Court determines that any of the Swap Agreements remain executory and are capable of assumption, Utah Housing objects to the proposed cure amount of $0.00 to be paid in connection with the proposed assumption of each of the Swap Agreements. Pursuant to Bankruptcy Code section 365(b)(1)(A) the Debtors are required to cure all defaults under an executory contract as a condition to the assumption and/or assignment of such contract. By this Objection, Utah Housing asserts that to the extent any of the Swap Agreements are executory contracts, the Debtors cannot assume such contracts until they can demonstrate that they can or will cure any defaults, compensate Utah Housing for any loss, and/or provide adequate assurance of performance pursuant to Bankruptcy Code section 365(b)(1), which they have thus far failed to do with respect to the Swap Agreements. In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008) ("The debtor bears the burden of showing that the requirements for assumption under § 365 have been met.") (citations omitted).

6.	Utah Housing hereby further reserves its rights with respect to the ultimate treatment of the Swap Agreements under any plan of reorganization proposed in connection with the Debtors' cases, including, but not limited to, the right to further dispute the treatment of the

Swap Agreements as executory contracts and the right to further object to the determination of any cure amounts to be paid in connection with the assumption of the Swap Agreements.

## CONCLUSION

WHEREFORE, Utah Housing respectfully requests that the Court enter an order directing that the Swap Agreements be removed from the Assumed Contract List as non-executory contracts or, to the extent that the Court determines that any of the Swap Agreements are executory contracts, that the proposed assumption of the Swap Agreements be denied until such time as the parties thereto reach a resolution as to the appropriate cure amounts to be paid in connection with the assumption of such agreements, and such other relief as this Court deems just and proper.

Dated: November 9, 2011  
      Wilmington, Delaware

Respectfully Submitted,

BALLARD SPAHR LLP

By:   /s/ Christopher S. Chow  
      Christopher S. Chow (CC-4172)  
      919 N. Market Street, 11th Floor  
      Wilmington, DE 19801  
      Telephone: (302) 252-4465  
      Facsimile: (302) 252-4466  
      Email: chowc@ballardspahr.com

 - and –

William A. Slaughter  
1735 Market Street, 51st Floor  
Philadelphia, PA 19103-7599  
Telephone: (215) 665-8500  
Facsimile: (215) 864-9788  
Email: slaughter@ballardspahr.com

Attorneys for Utah Housing Corporation (ME), Utah Housing Corp. (ME) and Utah Housing Finance Agency