McGUIREWOODS LLP                          **Hearing Date: December 6, 2011**
Patrick L. Hayden                         **Objection Deadline: November 10, 2011**
Dion W. Hayes
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone:  (212) 548-2100
Facsimile:  (212) 548-2150

Attorneys for The Toronto-Dominion Bank

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x
**In re**                                :          **Chapter 11 Case No.**
                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*    :          **08-13555 (JMP)**
                                         :
                        **Debtors.**       :          **(Jointly Administered)**
                                         :
-------------------------------------------------------------- x

**OBJECTION OF THE TORONTO-DOMINION BANK TO DEBTORS' ASSUMPTION**
**OF DERIVATIVE CONTRACTS AND PROPOSED CURE AMOUNT**

          The Toronto-Dominion Bank ("TD"), by its undersigned attorneys, for its Objection (the

"Objection") to Debtors' inclusion of any Derivatives Contract[1] between TD and Lehman

Brothers Special Financing Inc. ("LBSF") for assumption by LBSF and the proposed cure

amount in regard thereto, respectfully states as follows:

## I.          Background

          1.          TD and LBSF entered into a 1992 ISDA Master Agreement dated May 9, 1997

(the "TD Swap").  The TD Swap is a "swap agreement" as such term is defined in Bankruptcy

Code section 101(53B).

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Third Amended Joint
Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (the "Plan").

2.      LBHI guaranteed the obligations of LBSF to TD under the TD Swap pursuant to that certain Guarantee of Lehman Brothers Holdings Inc., dated as of May 9, 1997.

3.      TD and LBSF entered into various transactions under the TD Swap.

4.      On September 15, 2008, LBHI filed a voluntary petition under chapter 11 of the Bankruptcy Code.  LBHI's bankruptcy filing caused an event of default under the TD Swap.

5.      TD provided its Notice of Default and Termination of the TD Swap  and the transactions thereunder to LBSF and LBHI on September 16, 2008 (the "Notice of Termination"), which complied with the provisions of the TD Swap and section 560 of the Bankruptcy Code, to the extent applicable.

6.      On October 3, 2008, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code.

7.      TD had no other Derivatives Contracts outstanding with LBSF on the dates LBHI and LBSF sought bankruptcy protection.

8.      LBSF has acknowledged that the Notice of Termination was effective and that the TD Swap was terminated in September 2008.

9.      On October 27, 2011, LBSF served its Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 Of the Bankruptcy Code (the "Assumption Notice") on TD.

10.      The Assumption Notice lists the TD Swap for assumption by LBSF and asserts that the cure amount payable to TD pursuant to section 365(b) of the Bankruptcy Code is $0.00.

## II.      Argument

11.      Section 365(a) of the Bankruptcy Code permits a debtor to assume an executory contract provided that the debtor meets certain conditions for the assumption of that executory

contract. 11 U.S.C. §§ 365(a)-(b).  It is, therefore, a threshold issue that the contract be executory in order to be assumed.  *In re 611 Sixth Ave. Corp.*, 191 B.R. 295, 298 (Bankr. S.D.N.Y. 1996).

12.     A terminated contract is not an executory contract and, therefore, cannot be assumed by a debtor.  *Kopelman v. Halvajian* (*In re Triangle Laboratories, Inc.)*, 663 F.2d 463, 467-68 (3d Cir. 1981) ("An executory contract or lease validly terminated prior to the institution of the bankruptcy proceedings, is not resurrected by the filing of the petition in bankruptcy and cannot therefore be included among the debtor's assets."); s*ee Hart Envtl. Mgmt. Corp. v. Sanshoe Worldwide Corp. (In re Sanshoe Worldwide Corp.)*, 993 F.2d 300, 302 (2d Cir. 1993); *In re Margulis*, 323 B.R. 130, 134-35 (Bankr. S.D.N.Y. 2005); *In re 2903 Wines & Spirits, Inc.*, 45 B.R. 1003, 1007 (S.D.N.Y. 1984).

13.     TD properly terminated the TD Swap in accordance with the Bankruptcy Code, the terms of the TD Swap and other applicable law.  The TD Swap, therefore, cannot be assumed by LBSF.

14.     Assuming, *arguendo,* that this Court finds that the TD Swap is an executory contract capable of being assumed, LBSF has not met the requirements of section 365 of the Bankruptcy Code that would permit LBSF to assume the TD Swap.

15.     Section 365 of the Bankruptcy Code requires that a debtor assume a contract *in toto*.  *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984).  One express term of the TD Swap requires a guarantee of LBSF's obligations under the TD Swap from a creditworthy party.  LBSF cannot assume the TD Swap unless it provides such a guarantee to TD.  The proposed assumption of the TD Swap by the Debtors does not include such a guarantee.  Therefore, LBSF cannot assume the TD Swap.

16.    The assumption of the TD Swap also requires LBSF to cure all defaults under the TD Swap, including, but not limited to, the payment of a cure amount to TD.  Though LBSF asserts that this amount is $0.00, TD believes that the cure amount due TD pursuant to the TD Swap is no less than $39,595,831.60, plus additional legal fees and other costs incurred subsequent to June 30, 2009 (collectively, the "Cure Amount").[2]  Absent the cure of all defaults under the TD Swap, including payment of the Cure Amount, LBSF cannot assume the TD Swap.

17.    Absent the provision of a guarantee from a creditworthy party and the cure of all defaults, including the payment of the Cure Amount, LBSF cannot assume the TD Swap.[3]

### III.    <u>Conclusion</u>

WHEREFORE, for the reasons set forth above, TD respectfully requests that this Court enter an order (a) either (1) denying the assumption of the TD Swap, or (2) requiring LBSF to provide the required guarantee and cure all defaults under the TD Swap, including payment of the Cure Amount, in order to assume the terminated TD Swap, and (b) granting TD such other and further relief as this Court deems just and proper.[4]

[Remainder of page intentionally left blank]

---

[2] The Cure amount represents the termination amount determined in accordance with the terms of the TD Swap and as has been asserted against LBSF and LBHI (on account of LBHI's guarantee of such obligations) in proofs of claim numbers 10172 and 10173.

[3] Because the Debtors acknowledge that the TD Swap has been terminated, issues of adequate assurance of future performance are not implicated by this assumption.

[4] TD also reserves the right to assert at the hearing on the assumption of the TD Swap any and all other objections to the assumption of the TD Swap, including those raised by other parties in their objections.

Dated:  November 9, 2011            McGUIREWOODS LLP

                                   *s// Shawn R. Fox*
                                   Patrick L. Hayden
                                   Dion W. Hayes
                                   Shawn R. Fox
                                   1345 Avenue of the Americas
                                   Seventh Floor
                                   New York, NY 10105
                                   Telephone:  (212) 548-2100
                                   Facsimile:  (212) 548-2150

                                   Attorneys for The Toronto-Dominion Bank

## Certificate of Service

I, Shawn R. Fox, hereby certify that on this 9th day of November, 2011, I caused to be served a copy of the Objection of The Toronto-Dominion Bank to Debtors' Assumption of Derivative Contracts and Proposed Cure Amount filed herewith to be served by this Court's CM/ECF System and via Federal Express to the following:


Chambers of the Honorable James M. Peck
US. Bankruptcy Court
Court Room 601
One Bowling Green
New York, NY 10004

Harvey R. Miller, Esq.
Lori R. Fife, Esq.
Alfredo R. Perez, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Elisabetta Gasparini, Esq.
Andrea Schwartz, Esq.
Office of the United States Trustee, Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004

Dennis F. Dunne, Esq.
Dennis O'Donnell, Esq.
Evan Fleck, Esq.
Milbank, Tweed & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

_s/Shawn R. Fox_
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone:  (212) 548-2100

/34419111.6