McGUIREWOODS LLP
Patrick L. Hayden
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone: (212) 548-2100
Facsimile: (212) 548-2150

Hearing Date: December 6, 2011
Objection Deadline: November 10, 2011

Attorneys for Commonwealth of Virginia
Tobacco Settlement Financing Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : | **08-13555 (JMP)** |
| Debtors. : | **(Jointly Administered)** |

**OBJECTION OF COMMONWEALTH OF VIRGINIA TOBACCO
SETTLEMENT FINANCING CORPORATION TO DEBTORS'
ASSUMPTION OF DERIVATIVE CONTRACT AND PROPOSED CURE AMOUNT**

Commonwealth of Virginia Tobacco Settlement Financing Corporation ("Virginia Tobacco Settlement Financing Corporation"), by its undersigned attorneys, for its Objection (the "Objection") to Debtors' inclusion of the May 26, 2005 Reserve Fund Agreement between Virginia Tobacco Settlement Financing Corporation and Lehman Brothers Special Financing Inc. ("LBSF") as a Derivatives Contract[1] to be assumed by LBSF and the proposed cure amount in regard thereto, respectfully states as follows:

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (the "Plan").

## I.  Background

1. Virginia Tobacco Settlement Financing Corporation and LBSF entered into that certain Reserve Fund Agreement dated May 26, 2005 (as amended, the "Reserve Fund Agreement").

2. As required by the Reserve Fund Agreement, LBHI guaranteed LBSF's obligations to Virginia Tobacco Settlement Financing Corporation under the Reserve Fund Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc.

3. On September 15, 2008, LBHI filed a voluntary petition under chapter 11 of the Bankruptcy Code. On October 3, 2008, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code. LBHI and LBSF's bankruptcy filings were events of default under the Reserve Fund Agreement.

4. Virginia Tobacco Settlement Financing Corporation provided its Notice of Default and Termination of the Reserve Fund Agreement to LBSF and LBHI (the "Notice of Termination") in accordance with section 561 of the Bankruptcy Code.

5. LBSF has acknowledged that the Notice of Termination was effective and that it terminated the Reserve Fund Agreement.

6. On October 27, 2011, LBSF served its Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code (the "Assumption Notice") on Virginia Tobacco Settlement Financing Corporation.

7. The Assumption Notice lists the Reserve Fund Agreement for assumption by LBSF and asserts that the cure amount payable to Virginia Tobacco Settlement Financing Corporation pursuant to section 365(b) of the Bankruptcy Code is $0.00.

## II. Argument

8.  Section 365(a) of the Bankruptcy Code permits a debtor to assume an executory contract provided that the debtor meets certain conditions for the assumption of that executory contract. 11 U.S.C. §§ 365(a)-(b). It is a threshold issue that the contract be executory in order for it to be assumed. *In re 611 Sixth Ave. Corp.*, 191 B.R. 295, 298 (Bankr. S.D.N.Y. 1996).

9.  A terminated contract is not an executory contract and, therefore, cannot be assumed by a debtor. *Kopelman v. Halvajian (In re Triangle Laboratories, Inc.)*, 663 F.2d 463, 467-68 (3d Cir. 1981) ("An executory contract or lease validly terminated prior to the institution of the bankruptcy proceedings, is not resurrected by the filing of the petition in bankruptcy and cannot therefore be included among the debtor's assets."); *see Hart Envtl. Mgmt. Corp. v. Sanshoe Worldwide Corp. (In re Sanshoe Worldwide Corp.)*, 993 F.2d 300, 302 (2d Cir. 1993); *In re Margulis*, 323 B.R. 130, 134-35 (Bankr. S.D.N.Y. 2005); *In re 2903 Wines & Spirits, Inc.*, 45 B.R. 1003, 1007 (S.D.N.Y. 1984).

10. Virginia Tobacco Settlement Financing Corporation properly terminated the Reserve Fund Agreement in accordance with the Bankruptcy Code, the terms of the Virginia Tobacco Settlement Financing Corporation and other applicable law. The Reserve Fund Agreement, therefore, cannot be assumed by LBSF.

11. Assuming, *arguendo,* that this Court finds that the Reserve Fund Agreement is an executory contract capable of being assumed, LBSF cannot meet the requirements of section 365 of the Bankruptcy Code that would permit LBSF to assume the Reserve Fund Agreement.

12. Section 365 of the Bankruptcy Code requires that a debtor assume a contract *in toto*. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984). One express term of the Reserve Fund Agreement requires a guarantee of LBSF's obligations under the Reserve Fund Agreement

3

from a creditworthy party. LBSF cannot assume the Reserve Fund Agreement unless it provides such a guarantee to Virginia Tobacco Settlement Financing Corporation. The proposed assumption of the Reserve Fund Agreement by the Debtors does not include such a guarantee. As such, LBSF cannot assume the Reserve Fund Agreement.

13.     The assumption of the Reserve Fund Agreement also requires LBSF to cure all defaults under the Reserve Fund Agreement, including, but not limited to, the payment of a cure amount to Virginia Tobacco Settlement Financing Corporation. The cure amount LBSF is required to pay to Virginia Tobacco Settlement Financing Corporation in order to assume the Reserve Fund Agreement is no less than $14,469,694.67, plus additional legal fees and other costs incurred subsequent to September 15, 2008 (collectively, the "Cure Amount"), despite the Debtors assertion that the cure amount due is $0.00.[2] Absent the cure of all defaults under the Reserve Fund Agreement, including payment of the Cure Amount, LBSF cannot assume the Reserve Fund Agreement.

14.     Absent the provision of a guarantee from a creditworthy party and the cure of all defaults, including the payment of the Cure Amount, LBSF cannot assume the Reserve Fund Agreement.[3]

### III.     Conclusion

WHEREFORE, for the reasons set forth above, Virginia Tobacco Settlement Financing Corporation respectfully requests that this Court enter an order (a) either (1) denying the assumption of the Reserve Fund Agreement, or (2) requiring LBSF to provide the required guarantee and cure all defaults under the Reserve Fund Agreement, including payment of the

---

[2] The Cure Amount represents the termination amount determined in accordance with the terms of the Reserve Fund Agreement and as has been asserted against LBSF and LBHI (on account of LBHI's guarantee of such obligations) in proofs of claim numbers 17407 and 17417.

[3] Because the Debtors acknowledge that the Reserve Fund Agreement has been terminated, issues of adequate assurance of future performance are not implicated by this assumption.

4

Cure Amount, in order to assume the terminated Reserve Fund Agreement, and (b) granting Virginia Tobacco Settlement Financing Corporation such other and further relief as this Court deems just and proper.[4]

Dated: November 9, 2011

McGUIREWOODS LLP

*s// Shawn R. Fox*
Patrick L. Hayden
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone: (212) 548-2100
Facsimile: (212) 548-2150

Attorneys for The Commonwealth of Virginia Tobacco Settlement Financing Corporation

---

[4] Virginia Tobacco Settlement Financing Corporation also reserves the right to assert at the hearing on the assumption of the Reserve Fund Agreement any and all other objections to the assumption of the Reserve Fund Agreement, including those raised by other parties in their objections.

**Certificate of Service**

      I, Shawn R. Fox, hereby certify that on this 9th day of November, 2011, I caused to be served a copy of the Objection of The Virginia Tobacco Settlement Financing Corporation to Debtors' Assumption of Derivative Contracts and Proposed Cure Amount in regard thereto filed herewith to be served by this Court's CM/ECF System and via Federal Express to the following:

Chambers of the Honorable James M. Peck
US. Bankruptcy Court
Court Room 601
One Bowling Green
New York, NY 10004

Harvey R. Miller, Esq.
Lori R. Fife, Esq.
Alfredo R. Perez, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Elisabetta Gasparini, Esq.
Andrea Schwartz, Esq.
Office of the United States Trustee, Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004

Dennis F. Dunne, Esq.
Dennis O'Donnell, Esq.
Evan Fleck, Esq.
Milbank, Tweed & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

                                                  *s/Shawn R. Fox*
                                                  Shawn R. Fox
                                                  1345 Avenue of the Americas
                                                  Seventh Floor
                                                  New York, NY 10105
                                                  Telephone: (212) 548-2100
                                                  Facsimile: (212) 548-2150

/34436367.2