Presentment Date and Time: November 18, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: November 17, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): November 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    08-13555 (JMP)
                                                                  :
            Debtors.                                              :    (Jointly Administered)
                                                                  :
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT
OF SUPPLEMENTAL ORDER MODIFYING CLAIM
AMOUNTS ON ORDER GRANTING DEBTORS' SIXTY-SECOND
OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **November 18, 2011 at 12:00 noon (Prevailing Eastern Time)**. The Supplemental Order supplements the Order Granting Debtors' Sixty-Second Omnibus Objection to Claims (Settled Derivative Claims), dated December 1, 2010 [ECF No. 13144], and modifies in amount claim numbers 24189 and 25570.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **November 17, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **November 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

US_ACTIVE:\43848807\02\58399.0008

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 9, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                             :   **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :   **08-13555 (JMP)**
                                                                  :
                                        Debtors.           :   **(Jointly Administered)**
                                                                  :
------------------------------------------------------------------x

## SUPPLEMENTAL ORDER MODIFYING CLAIM AMOUNTS ON ORDER GRANTING DEBTORS' SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVE CLAIMS)

WHEREAS RiverSource Life Insurance Company (the "Claimant") filed proofs of claim numbered 24189 and 25570 (collectively, the "RiverSource Claims") against Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF"), respectively, each in the amount of $2,724,397.04;

WHEREAS LBHI and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Sixty-Second Omnibus Objection to Claims (Settled Derivative Claims)*, dated October 13, 2010 [ECF No. 11975] (the "Sixty-Second Omnibus Objection"), objecting to certain claims including the RiverSource Claims;

WHEREAS the Sixty-Second Omnibus Objection sought, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], to reduce and allow the RiverSource Claims in accordance with that certain termination agreement (the "Termination Agreement") entered into between LBHI and LBSF and the Claimant on October 22, 2009;

WHEREAS the Debtors included the RiverSource Claims in the Sixty-Second Omnibus Objection in error, as the RiverSource Claims were not subject to reduction under the Termination Agreement;

WHEREAS the Claimant did not respond to the Sixty-Second Omnibus Objection prior to the deadline to respond to such objection, which was November 15, 2010 at 4:00 p.m. (Prevailing Eastern Time);

WHEREAS the Court held a hearing on December 1, 2010 to consider the relief requested in the Sixty-Second Omnibus Objection;

WHEREAS the Court entered an order on December 1, 2010 [ECF No. 13144] (the "Order"), granting the relief requested in the Sixty-Second Omnibus Objection, which, among other things, reduced each of the RiverSource Claims from $2,724,397.04 to $1,410,921.20 and allowed each of the RiverSource Claims in that reduced amount.

**IT IS HEREBY**:

ORDERED that each of the RiverSource Claims is reinstated to its original value of $2,724,397.04; and it is further

ORDERED that the Sixty-Second Omnibus Objection is withdrawn without prejudice as to the RiverSource Claims and without prejudice to assertion by the Debtors of any objections to the RiverSource Claims in the future; and it is further

ORDERED that this Supplemental Order shall have no effect on the RiverSource Claims other than as set forth above; and it is further

ORDERED that the rights of the Debtors and any other party in interest as to the RiverSource Claims are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to the RiverSource Claims, this Supplemental Order shall have no effect on the claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, 2011
       New York, New York

                                                                     _____
                                                                     UNITED STATES BANKRUPTCY JUDGE