Presentment Date and Time: November 18, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: November 17, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): November 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                          :    Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
:
Debtors.                                     :    (Jointly Administered)
:
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF**
**SUPPLEMENTAL ORDER REINSTATING CLAIMS ON ORDER**
**GRANTING DEBTORS' ONE HUNDRED SIXTY-SIXTH OMNIBUS**
<u>**OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)**</u>

**PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "<u>Supplemental Order</u>") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **November 18, 2011 at 12:00 noon (Prevailing Eastern Time)**. The Supplemental Order supplements the Order Granting Debtors' One Hundred Sixty-Sixth Omnibus Objection to Claims (No Supporting Documentation Claims), dated October 5, 2011 [ECF No. 20606], and reinstates previously disallowed and expunged claim numbers 35080 and 35081.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **November 17, 2010 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "<u>Hearing</u>") will be held to consider the Supplemental Order on **November 30, 2011 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

US_ACTIVE:\43848595\02\58399.0008

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: November 9, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

**SUPPLEMENTAL ORDER REINSTATING CLAIMS ON**
**ORDER GRANTING DEBTORS' ONE HUNDRED SIXTY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)**

WHEREAS on September 28, 2009, Singapore Credit Co-Operatives League Ltd. (the "Claimant") filed proofs of claim numbered 35080 and 35081 (the "Claims") against Lehman Brothers Holdings Inc. ("LBHI") in the amount of $349,846.07 and $524,769.10, respectively;

WHEREAS LBHI and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' One Hundred Sixty-Sixth Omnibus Objection to Claims (No Supporting Documentation Claims)*, dated August 19, 2011 [ECF No. 19383] (the "One Hundred Sixty-Sixth Omnibus Objection");

WHEREAS the One Hundred Sixty-Sixth Omnibus Objection sought, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], to disallow and expunge the Claims on the grounds that the Claims were not accompanied by supporting documentation as required by this Court's Bar Date Order,[1] all as more fully described in the One Hundred Sixty-Sixth Omnibus Objection;

WHEREAS on or about September 6, 2011, the Claimant mailed a letter (the "Letter") to Debtors' counsel, Weil, Gotshal & Manges LLP, enclosing various documents, but did not include any reference to the One Hundred Sixty-Sixth Omnibus Objection or the numbers of the Claims that the Letter was in reference to;

WHEREAS the Debtors believe that the Claimant failed to serve the Letter on certain parties as required by the Notice of Hearing on Debtors' One Hundred Sixty-Sixth Omnibus Objection (the "Notice of Hearing");

WHEREAS pursuant to the Notice of Hearing, the deadline to respond to the One Hundred Sixty-Sixth Omnibus Objection was September 20, 2011 at 4:00 p.m. (Eastern Time) (the "Response Deadline");

WHEREAS as of the Response Deadline, the Debtors had received nothing from the Claimant other than the Letter;

WHEREAS after the hearing on the One Hundred Sixty-Sixth Omnibus Objection held on October 5, 2011 (the "Hearing"), the Court entered an order [ECF No.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the One Hundred Sixty-Sixth Omnibus Objection.

20606] (the "Order") granting the relief requested in the One Hundred Sixty-Sixth Omnibus Objection and causing the Claims to be disallowed and expunged;

WHEREAS after entry of the Order, the Debtors identified the Letter as responsive to the One Hundred Sixty-Sixth Omnibus Objection;

WHEREAS had the Letter been identified as a response to the One Hundred Sixty-Sixth Omnibus Objection prior to the Hearing, the Debtors would have withdrawn without prejudice the One Hundred Sixty-Sixth Omnibus Objection with respect to the Claims and without prejudice to assertion by the Debtors of any future objections, and the Claims would not have been disallowed and expunged pursuant to the Order.

**IT IS HEREBY**:

ORDERED that Epiq Systems shall be authorized and directed to immediately reinstate the Claims on Debtors' official claims register; and it is further

ORDERED that the One Hundred Sixty-Sixth Omnibus Objection is withdrawn without prejudice as to the Claims and without prejudice to assertion by the Debtors of any objections to the Claims in the future; and it is further

ORDERED that the rights of the Debtors and any other party in interest with respect to the Claims are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to the Claims, this Supplemental Order shall have no effect whatsoever on any claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, 2011
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE