**Hearing Date and Time: November 16, 2011 at 10:00 a.m. (prevailing Eastern time)**
**Objection Date and Time: November 9, 2011 at 4:00 p.m. (prevailing Eastern time)**

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top III (admitted *pro hac vice*)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603
Telephone: (312) 845-3000

Craig M. Price (CP 9039)
CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York 10017-5010
Telephone: (212) 655-6000

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., ET AL., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION TO
DEBTORS' MOTION PURSUANT TO SECTIONS 105, 363 AND 365 OF THE
BANKRUPTCY CODE FOR AUTHORIZATION TO ESTABLISH PROCEDURES FOR
THE CONSENSUAL AMENDMENT AND ASSUMPTION OF CERTAIN NON-
TERMINATED PREPETITION DERIVATIVES CONTRACTS**

U.S. Bank National Association (*"U.S. Bank"* or the *"Trustee"*), by its undersigned

attorneys, respectfully submits this Reservation of Rights (the *"Reservation of Rights"*) to the

above captioned Debtors' (collectively, the "*Debtors*") Motion Pursuant to Sections 105, 363 and

365 of the Bankruptcy Code for Authorization to Establish Procedures for the Consensual

Amendment and Assumption of Certain Non-Terminated Prepetition Derivatives Contracts (the

*"Procedures Motion"*)[1] and states as follows:

---

[1]    Terms not otherwise defined shall have the same meaning ascribed in Debtors' Proposed Plan, as more
       fully defined herein.

## BACKGROUND

1.     The Trustee serves as trustee, indenture trustee, owner trustee and/or administrative agent to over 800 transactions, many of which contain derivatives contracts involving the Debtors as a counterparty (the *"Derivatives Contracts"*).   Typically, Lehman Brothers Special Financing (*"LBSF"*) served as the Debtor entity with respect to the Derivative Contracts.   As the counterparty to these Derivative Contracts, the Debtors created numerous special purpose vehicles primarily under the laws of the Cayman Islands (the *"SPV Counterparties"*).   Lehman Brothers Holdings, Inc. (*"LBHI"*) guaranteed LBSF's obligations under the Derivative Contracts.   The 1992 ISDA Master Agreement (the *"Master Agreement"*) forms the basis of each of the Derivative Contracts.

2.     Pursuant to the terms of the Derivative Contracts, the commencement of LBHI's chapter 11 case on September 15, 2008 constituted an event of default. The Trustee gave notice of default and termination to the Debtors (the "*Termination Notices*") for many of the Derivative Contracts (the *"Terminated Derivative Contracts"*).[2]   Pursuant to the Termination Notices, the Trustee designated an early termination date for each of the Terminated Derivative Contracts. The Trustee filed Proofs of Claim with respect to the Claims against LBSF and its Claims based on LBHI's guarantees of LBSF's obligations under the Derivative Contracts.

3.     Following the delivery of the Termination Notices, the Debtors filed a number of adversary proceedings.  The SPV Counterparties are defendants in two of these proceedings (the *"Adversary Proceedings"*).   *See* Adv. Pro. Nos. 10-03542 and 10-3547.   In the Adversary Proceedings, the Debtors have asserted claims against the SPV Counterparties for, among other things, a termination payment the Debtors claim is due to them under certain provisions of the Terminated Derivative Contracts.

---

[2]     Such notices were delivered in compliance with the safe harbor provisions of the U.S. Bankruptcy Code. *See* 11 U.S.C. §§ 556-62 (derivatives safe harbor provisions allowing for post-petition termination).

4.      Pursuant to the Plan Supplement, filed on October 28, 2011 (the *"Plan Supplement"*), the Debtors are now seeking authority to assume many of the Terminated Derivative Contracts.  (*See* Plan Supplement, at 342 [Docket No. 21254].)  The Trustee filed an Objection (the *"Plan Objection"*) to Debtors' Third Amended Joint Plan of LBHI and its Affiliated Debtors (the *"Proposed Plan"*) seeking to enforce, among other things, Debtors' requirement to cure any and all defaults under the Derivative Contracts in accordance with the express terms thereof.[3]  Out of an abundance of caution, in the event the Debtors erroneously categorize the Terminated Derivative Contracts as non-terminated, the Trustee files this Reservation of Rights.

## RESERVATION OF RIGHTS

5.      Pursuant to the Procedures Motion, the Debtors are seeking authority to establish procedures to assume and possibly, with the consent of the respective counterparties, amend certain non-terminated derivatives contracts.  The Trustee does not necessarily object to the relief being requested.  However, the Trustee is filing this Reservation of Rights out of an abundance of caution as it does not believe such relief applies to the Terminated Derivative Contracts.  As noted above, the Trustee previously delivered the Termination Notices to the Debtors, properly terminating the Terminated Derivate Contracts pursuant to their terms and the safe harbor provisions of the Bankruptcy Code.  Given that the Procedures Motion targets only non-terminated agreements, the Trustee does not believe that the Terminated Derivative Contracts are within the scope of the Procedures Motion.

---

[3]      In addition, the Trustee also asserted in the Plan Objection that the Terminated Derivative Contracts are not "executory" and capable of being assumed pursuant to section 365 of the Bankruptcy Code. *See JPMorgan Chase Bank, N.A. v. Controladora Comercial Mexicana S.A.B. de C.V.*, 920 N.Y.S.2d 241 (Sup. Ct. 2010) (noting "[o]nce terminated, [an] ISDA Agreement was not, and could not be, executory."); *but see LBSF v. BNY Corp. Tr. Serv. Ltd.,* 422 B.R. 407, 415-16 (Bankr. S.D.N.Y. 2010) (holding opposite).  In this instance, however, the facts are distinguishable from those presented in *LBSF v. BNY*, where this Court found that because both LBSF and BNY had unsatisfied contractual obligations with respect to payment, the contract was executory.

6.      In addition, owing to their prior termination, the Terminated Derivative Contracts may not be amended, and the Trustee does not consent to any purported modification thereof. The Trustee has been working with the Debtors regarding a range of issues with respect to the Derivative Contracts.  The Trustee is willing to continue working with the Debtors to determine which agreements are Terminated Derivative Contracts in order to ensure that such agreements are not subject to the Procedures Motion and are not amended in any way.

7.      Furthermore, to the extent the Debtors argue and the Court deems the Terminated Derivative Contracts to be executory contracts, for any assumption to be proper, section 365 of the Bankruptcy Code requires that the Debtors cure all amounts outstanding pursuant to the express terms thereof.  In connection with the assumption of any agreement, pursuant to section 365 of the Bankruptcy Code, a debtor must:

> (A) cure[], or provide adequate assurance that the trustee will promptly cure, such default . . . ; (B) compensate[], or provide[] adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and (C) provide[] adequate assurance of future performance under the contract or lease.

11 U.S.C. § 365(b)(1)(A)-(C).

8.      As a result, to the extent that the Terminated Derivative Contracts may be deemed to be the subject of the Procedures Motion, the Trustee reserves its right to object to any attempt by the Debtors to cure the Terminated Derivative Contracts in any manner that is not in accordance with their express terms.

9.      In addition, to cure any and all defaults in accordance with their terms, among other things, the Debtors would be required to reimburse the Trustee's fees and expenses, including but not limited to the internal fees of the Trustee and its attorneys' fees that have accrued or may accrue in the future in connection with the Trustee protecting and enforcing the

rights of the Trustee and/or the SPV Counterparties under the Terminated Derivative Contracts and related documents.

10.    Moreover, to assume the Terminated Derivative Contracts, the Debtors would be required to provide the Trustee adequate assurance of future performance under the express terms of the Terminated Derivative Contracts, including, among other things, that LBSF will pay all amounts that may come due, perform all covenants, and comply with any and all indemnification obligations.    Relatedly, because assumption of the Terminated Derivative Contracts would require the concurrent assumption of the LBHI Guarantees, the assumption would require assurances that, should LBSF fail to act under the terms of the Terminated Derivative Contracts, LBHI would act in accordance with its obligations.    Because Debtors are liquidating entities, Debtors' ability to perform these future obligations is questionable.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court: (i) find that, owing to their prior termination, the Terminated Derivative Contracts are not subject to the Procedures Motion, (ii) to the extent that the Procedures Motion does apply to the Terminated Derivative Contracts, deny any such relief unless the Debtors agree to assume such contracts and cure them in accordance with their express terms and without amendment, and (iii) grant the Trustee such other and further relief to which it is entitled.

Dated:  November 9, 2011

Respectfully submitted,

U.S. BANK NATIONAL ASSOCIATION


By: _____/s/ Craig Price_____
One of Its Attorneys

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top III (admitted *pro hac vice*)
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000

Craig M. Price (CP 9039)
CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York  10017-5010
Telephone:  (212) 655-6000