Hearing Date: December 6, 2011 at 10:00 a.m. (Eastern Time)
Objection Deadline: November 10, 2011 at 4:00 p.m. (Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Claude Szyfer
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Mizuho Corporate Bank Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x
*In re*                                                     :     Chapter 11
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                :     Case No. 08-13555 (JMP)
                                                            :
                                                            :     (Jointly Administered)
                            Debtors.                        :
---------------------------------------------------------------------- x

# OBJECTION OF MIZUHO CORPORATE BANK LTD. TO LEHMAN BROTHERS COMMERCIAL CORPORATION'S PROPOSED ASSUMPTION OF PURPORTED EXECUTORY CONTRACTS LISTED ON <u>EXHIBIT 2 OF THE PLAN SUPPLEMENT</u>

1.    Mizuho Corporate Bank Ltd. ("MHCB") respectfully submits this objection to Lehman Brothers Commercial Corporation's Proposed Assumption of Purported Executory Contracts with Mizuho Corporate Bank Ltd.

## Background

2.    Prior to these bankruptcy filings, MHCB was party to foreign currency transactions with Lehman Brothers Commercial Corporation ("LBCC"), pursuant to transaction confirmations under an ISDA master agreement dated as of February, 2001 (the "Master Agreement").

3.    By notice dated September 16, 2008, a copy of which is attached as Exhibit "A," MHCB gave notice of the occurrence of an Event of Default under the Master

NY 73642339v2

Agreement with respect to LBCC, and designated September 17, 2008 as the Early Termination Date with respect to all Transactions under the Master Agreement.

4. LBCC commenced its voluntary chapter 11 bankruptcy case on October 5, 2008 (the "LBCC Petition Date").

5. By notice, dated December 11, 2008, MHCB gave notice of a net termination payment amount due from Mizuho to LBCC, including a calculation of the net termination amount, which MHCB paid to LBCC shortly thereafter.

6. Lehman Brothers Holdings, Inc. and its affiliated debtors (collectively the "Debtors") filed a Third Amended Chapter 11 Plan [Docket No. 19627]. On October 25, 2011, the Debtors filed their Plan Supplement [Docket No. 21254 (the "Plan Supplement"), including, on Exhibit 2, Part A thereto, a list of purportedly executory derivative contracts the Debtors seek to assume under the Plan (the "Assumption Schedule"). The Assumption Schedule includes all Derivative Contracts (as defined therein) between MHCB, on the one hand, and LBCC on the other hand. Thereafter MHCB received from the Debtors a notice of proposed assumption of executory contracts and unexpired leases pursuant to Debtors' Third Amended Joint Plan pursuant to Section 1121 of the Bankruptcy Code dated October 27, 2011 (the "Notice") which states that LBCC intends to assume all derivative contracts with MHCB and lists a cure amount of $0.

**Argument**

7. LBCC fails to particularize which purportedly executory contracts it intends to assume both on the Assumption Schedule and in the Notice. According to the preamble to the Assumption Schedule, where no particular contract is named, the Debtor intends to assume all executory contracts with that counterparty, and the Notice states the same. MHCB

NY 73642339v2

is unaware of any executory contracts with LBCC. In order to provide adequate notice and a meaningful opportunity to respond, LBCC should explicitly reference the particular contracts it intends to assume. See In re Ford, 159 B.R. 930, 932 & nn.8-9 (Bankr. W.D. Wash. 1993).

8. All outstanding transactions between MHCB, on the one hand, and LBCC on the other hand, were properly terminated prior to the LBCC Petition Date. In the more than three years since these transactions were terminated, LBCC has never once challenged the effectiveness of the Termination Notices. In fact, MHCB has made substantial payments to LBCC on account of the terminated transactions. It is settled law that where a contract expires or terminates by its terms before the commencement of bankruptcy, there is no executory contract for the debtor to assume. See Moody v. Amoco Oil Co., 734 F.2d 1200, 1212 (7th Cir. 1984); In re Tornado Pizza, LLC, 431 B.R. 503, 514 (Bankr. D. Kan. 2010) ("A debtor may assume a contract under § 365 only when the contract is executory on the date of filing. A terminated contract is not executory; after termination substantial performance does not remain due on both sides"); In re Best Film & Video Corp., 46 B.R, 861, 869 (Bankr. E.D.N.Y. 1985).

9. To the extent that LBCC seeks to assume the Master Agreement exclusive of the terminated transactions thereunder, MHCB submits that this agreement is not executory. Under the widely accepted "Countryman test," an executory contract is "a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach [under applicable non-bankruptcy law] excusing the performance of the other." See Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn. L. Rev. 439 460 (1973); In re Riodizio, Inc., 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997) (citations omitted); see also S.REP. No. 95-989, at 58 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5844, 6303 (indicating contract

3

is executory where "performance remains due to some extent on both sides"). Here, separate from the transactions thereunder, the Master Agreement provides terms and conditions for transactions thereunder, and does not obligate either party to enter into any such transactions. Accordingly, there are no material unperformed obligations of both parties the breach of which would entitle the other party to terminate the contract.

10. MHCB reserves all of its rights, claims, counterclaims, and defenses in connection with the contracts and matters addressed herein.

WHEREFORE, MHCB respectfully requests that this Court remove MHCB from the Assumption Schedule and grant such other and further relief as is just and proper.

Dated: November 9, 2011
      New York, New York

                     STROOCK & STROOCK & LAVAN, LLP

                     /s/ Claude Szyfer
                     Claude Szyfer
                     180 Maiden Lane
                     New York, New York 10038
                     Telephone: (212) 806-5400
                     Facsimile: (212) 806-6006

                     *Attorneys for Mizuho Corporate Bank Ltd.*

**EXHIBIT A**



Mizuho Corporate Bank, Ltd.

New York Branch
1251 Avenue of the Americas
New York, NY 10020-1104
Tel (212) 282-3000  Fax (212) 282-4250
Telex ATT 420802  MCI 170998

September 16, 2008
Via Email, Facsimile and Hand Delivery

Lehman Brothers Commercial Corporation
c/o Lehman Brothers Inc.
Transaction Management Department
745 Seventh Avenue, New York, NY 10019
Attention: Documentation Manager
Facsimile: (212) 526-7672

Lehman Brothers Commercial Corporation
c/o Lehman Brothers Inc.
Transaction Management Department
One World Financial Center, 27th Floor
New York, NY 10281 USA
Attention: Transaction Management
Facsimile: (646) 836-0609

Re:   Notice of Event of Default and Designation of Early Termination Date

Ladies and Gentlemen:

Reference is made to the ISDA Master Agreement dated as of February 1, 2001, as amended from time to time (the "Agreement"), between Lehman Brothers Commercial Corporation ("LBCC") and Mizuho Corporate Bank, Ltd. ("Mizuho").

This letter serves as notice to LBCC that an Event of Default has occurred in respect of LBCC under Section 5(a)(vii)(4) of the Agreement based on the commencement of a Chapter 11 case by LBCC' Credit Support Provider, Lehman Brothers Holdings Inc., in In re Lehman Brothers Holdings Inc., Chapter 11 Case No. 08-13555(JMP) filed on September 15, 2008 in the United States Bankruptcy Court for the Southern District of New York.

This letter also serves as notice to LBCC that Mizuho has designated September 17, 2008 as the Early Termination Date in respect of all Transactions under the Agreement.

Nothing in this notice shall be deemed to constitute a waiver of any other default or other event, and Mizuho hereby reserves all other rights and remedies that it may have under the Agreement, any other agreement between the parties or under applicable law.

 Mizuho Corporate Bank, Ltd.

New York Branch
1251 Avenue of the Americas
New York, NY 10020-1104
Tel (212) 282-3000  Fax (212) 282-4250
Telex ATT 420802  MCI 170998

No verbal communication from or on behalf of Mizuho shall constitute any agreement, commitment, or evidence of any assurance or intention of Mizuho with respect to the subject matter hereof. Any agreement, commitment, assurance, or intention of Mizuho shall be effective only if in writing and duly executed on behalf of Mizuho.

Capitalized terms that are used in this letter, but not defined herein, have the meanings assigned to such terms in the Agreement.

Very truly yours,

Mizuho Corporate Bank, Ltd.

*[signature]*
Name: Hidenori Watanabe
Title: General Manager, Americas Treasury Department of ALM Division