Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone: (212) 548-2100
Facsimile: (212) 548-2150

Attorneys for Oaklawn Psychiatric Center

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al*.,                        :    08-13555 (JMP)
                                                                :
                    Debtors.                                    :    (Jointly Administered)
                                                                :
----------------------------------------------------------------x

**OAKLAWN PSYCHIATRIC CENTER'S OBJECTION TO
LBSF'S ASSUMPTION OF DERIVATIVE CONTRACT**

Oaklawn Psychiatric Center ("Oaklawn"), by counsel, files its Objection to Lehman Brothers Special Financing's ("LBSF") Assumption of its Derivative Contract (the "Swap Agreement"). In support thereof, Oaklawn states:

I.    PRELIMINARY STATEMENT

Section 560 of the Bankruptcy Code[1] permits a swap participant to exercise its contractual right to terminate a swap agreement as a result of the commencement of a bankruptcy case under the Bankruptcy Code after the bankruptcy proceedings have been commenced. Oaklawn sent its notice of termination of the Swap Agreement less than one month after LBHI filed its bankruptcy case and just days after LBSF filed its bankruptcy case. Oaklawn later confirmed via telephone and e-mail that it had terminated the Swap Agreement in accordance

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (the "Plan").

with its terms. A terminated swap agreement cannot be assumed. Therefore, the Debtors cannot assume the Swap Agreement.

Even if the Debtors were permitted to assume the terminated Swap Agreement, section 365 of the Bankruptcy Code requires a showing of adequate assurance of future performance in order to permit the assumption of that contract. LBSF is presently liquidating its business and, therefore, cannot provided adequate assurance to Oaklawn that it will be able to perform its obligations under the Swap Agreement.

This Court should deny LBSF's assumption of the Swap Agreement with Oaklawn, identified as a derivative contract on page 94 of Exhibit 2 (Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan) of the Plan Supplement [Dkt. 21254].

II.     BACKGROUND

1.      Oaklawn and LBSF entered into the Swap Agreement pursuant to a 1992 ISDA Master Agreement dated August 14, 2006. The Swap Agreement was a "swap agreement" as such term is defined in Bankruptcy Code section 101(53B).

2.      LBHI guaranteed the obligations of LBSF to Oaklawn under the Swap Agreement pursuant to that certain Guarantee of Lehman Brothers Holdings Inc., dated as of August 14, 2006.

3.      On September 15, 2008, LBHI filed a voluntary petition under chapter 11 of the Bankruptcy Code. LBHI's bankruptcy filing caused an event of default under the Swap Agreement.

4. On October 3, 2008, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code. LBSF's bankruptcy filing was an additional event of default under the Swap Agreement.

5. Oaklawn had no other Derivatives Contracts outstanding with LBSF on the dates LBHI and LBSF sought bankruptcy protection.

6. Oaklawn sent a notice of default to LBSF on October 7, 2008.

7. In accordance with section 560 of the Bankruptcy Code, Oaklawn's Notice of Termination to LBSF and LBHI was delivered on October 16, 2008.

8. On October 31, 2008, Oaklawn transmitted to LBSF its calculation statement of amounts due and owing to either party under the Swap Agreement.

9. No obligations, other than potentially the payment of money, remain on either side of the Swap Agreement.

10. On October 27, 2011, LBSF served its Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan pursuant to Section 1121 of the Bankruptcy Code (the "Notice") on Oaklawn. That Notice lists the Swap Agreement for assumption by LBSF.

III. ARGUMENT

11. Under Section 560 of the Bankruptcy Code, "[t]he exercise of any contractual right of any swap participant . . . to cause the . . . termination . . . of one or more swap agreements because of a condition of the kind specified in section 365(e)(1) . . . shall not be stayed, avoided, or otherwise limited by operation of any provision of this title or by order of a court or administrative agency in any proceeding under this title." On September 15, 2008, LBHI filed for bankruptcy, which resulted in a default under the Swap Agreement. Additionally,

LBSF filed for bankruptcy on October 3, 2008, which resulted in a default under the Swap Agreement.

12. As a result of LBHI and LBSF's defaults under the Swap Agreement and in accordance with Section 560 of the Bankruptcy Code, Oaklawn sent a notice of default to LBSF on October 7, 2008. Oaklawn further sent LBSF a notice of termination on October 16, 2008. LBSF later contacted Oaklawn by phone regarding the Swap Agreement. Oaklawn orally reconfirmed that it had sent the notice of termination and that the Swap Agreement had been terminated. Oaklawn further provided LBSF with the calculation statement of amounts due under the now terminated Swap Agreement on October 31, 2008. Accordingly, the Swap Agreement was terminated in 2008.

13. A contract terminated pursuant to Section 560 of the Bankruptcy Code is no longer an executory contract capable of being assumed under Section 365 of the Bankruptcy Code. *See* 11 U.S.C. §§ 365, 560 (2006). *See Kopelman v. Halvajian* (*In re Triangle Laboratories, Inc.*), 663 F.2d 463, 467-68 (3d Cir. 1981) ("An executory contract or lease validly terminated prior to the institution of the bankruptcy proceedings, is not resurrected by the filing of the petition in bankruptcy and cannot therefore be included among the debtor's assets."); *Hart Envtl. Mgmt. Corp. v. Sanshoe Worldwide Corp. (In re Sanshoe Worldwide Corp.)*, 993 F.2d 300, 302 (2d Cir. 1993); *In re Margulis*, 323 B.R. 130, 134-35 (Bankr. S.D.N.Y. 2005); *In re 2903 Wines & Spirits, Inc.*, 45 B.R. 1003, 1007 (S.D.N.Y. 1984). Therefore, this Court should not approve the assumption by LBSF of the terminated Swap Agreement with Oaklawn.

14. Assuming, arguendo, that this Court finds that the Swap Agreement is an executory contract, LBSF has not met the requirements of section 365 of the Bankruptcy Code that would permit LBSF to assume the Swap Agreement.

15.     LBSF must cure all defaults outstanding under the Swap Agreement. LBSF does not propose to cure any defaults under the Swap Agreement. Absent the cure of all defaults under the Swap Agreement, LBSF cannot assume the Swap Agreement.

16.     Under Section 365 of the Bankruptcy Code, "[i]f there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . provides adequate assurance of future performance under such contract or lease." LBSF, as a liquidating business, has failed to provide such adequate assurance. As such, even if this Court finds that LBSF could assume the terminated Swap Agreement, it has failed to meet its burden of providing adequate assurance of future performance.

17.     Section 365 of the Bankruptcy Code further requires that a debtor assume a contract in toto. NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984). An express term of the Swap Agreement requires a guarantee of LBSF's obligations under the Swap Agreement from a creditworthy party. LBSF cannot assume the Swap Agreement unless it provides such a guarantee to Oaklawn. The proposed assumption of the Swap Agreement by the Debtors does not include such a guarantee. Therefore, LBSF cannot assume the Swap Agreement.

18.     Therefore, this Court should not approve the assumption by LBSF of the terminated Swap Agreement.

### III.     CONCLUSION

The facts set before this court and the reasonable inferences drawn therefrom preclude LBSF from assuming the Swap Agreement with Oaklawn. The Swap Agreement was terminated three years ago and can no longer be assumed. LBSF has also failed to cure all defaults, provide the required guarantee, and provide adequate assurance of future performance under the terms of

the terminated Swap Agreement. Therefore, this Court should deny the assumption of the Swap Agreement, identified as a derivative contract on page 94 of Exhibit 2 (Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan) of the Plan Supplement [Dkt. 21254].

Dated: November 9, 2011            Respectfully Submitted,

McGUIREWOODS LLP

*s// Shawn R. Fox*
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone: (212) 548-2100
Facsimile: (212) 548-2150

## Certificate of Service

I, Shawn R. Fox, hereby certify that on this 9th day of November, 2011, I caused to be served a copy of the Objection of Oaklawn Psychiatric Center to Debtors' Assumption of Derivative Contract filed herewith to be served by this Court's CM/ECF System and via Federal Express to the following:

Chambers of the Honorable James M. Peck
US. Bankruptcy Court
Court Room 601
One Bowling Green
New York, NY 10004

Harvey R. Miller, Esq.
Lori R. Fife, Esq.
Alfredo R. Perez, Esq.
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

Elisabetta Gasparini, Esq.
Andrea Schwartz, Esq.
Office of the United States Trustee, Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004

Dennis F. Dunne, Esq.
Dennis O'Donnell, Esq.
Evan Fleck, Esq.
Milbank, Tweed & McCloy, LLP
1 Chase Manhattan Plaza
New York, NY 10005

*s/Shawn R. Fox*
Shawn R. Fox
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105
Telephone: (212) 548-2100
