THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Lehman Brothers Holdings, Inc., et. al., <br><br> Debtors. | Chapter 11 Case No. 08-13555 (JMP) <br> (Jointly Administered) |

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF RIDDLE MEMORIAL HOSPITAL HEALTH CARE CENTER III ASSOCIATES TO PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS

Riddle Memorial Hospital Health Care Center III Associates ("Riddle"), by and through its undersigned counsel, hereby files its limited objection and reservation of rights (together, the "Objection") with respect to the proposed assumption of executory contracts with Riddle by Lehman Brothers Special Financing Inc. ("LBSF") or their affiliated debtors (collectively, the "Debtors") in connection with the Third Amended Joint Plan of Lehman Brothers Holdings, Inc. and Its Affiliated Debtors (the "Plan") (Docket No. 19627), and as grounds for such Objection, respectfully states as follows:

1.  Riddle was a party to that certain ISDA Master Agreement with LBSF dated as of March 7, 2003 (including that certain Schedule, Confirmation and other documents related thereto, the "Swap Agreement") governing an interest rate swap transaction entered into by Riddle and LBSF. By letter dated December 2, 2008, Riddle provided notice to LBSF of its termination of the Swap Agreement, effective December 3, 2008. In connection with such termination, Riddle paid LBSF a termination payment of $123,840.36, calculated in accordance with the provisions of the Swap Agreement. The parties have subsequently engaged in mediation pursuant to the Tier 2 Derivatives ADR Procedures established by this Court concerning the amount of the termination payment, and have reached an agreement in principle

(subject to documentation) on the settlement of LBSF's claim that Riddle's termination payment was inadequate.

2. Pursuant to paragraph 9(a) of the Debtors' Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan dated September 9, 2011 (the "Confirmation Hearing Notice"), the Debtors committed to serve by October 27, 2011 a Cure Amount Notice[1] to any counterparty to an executory contract or unexpired lease listed in the Plan Supplement to be assumed pursuant the Plan, and required counterparties to serve any objection to the Debtors' proposed assumption or cure by the later of (i) the November 4, 2011 Plan Objection Deadline or (ii) fourteen (14) days from service of the Cure Amount Notice.

3. On October 25, 2011, the Debtors filed their Plan Supplement (Docket No. 21254), which included as Exhibit 2, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "Assumed Contract List"). Although "Riddle Memorial Hospital Health Care Center III" is listed on Exhibit A of the Assumed Contract List as a derivatives contract counterparty, no specific contract between the Debtors and Riddle is described in such exhibit. The preamble to Exhibit A of the Assumed Contract List notes that "[u]nless a specific derivatives contract is noted for a specific counterparty, the Debtors intend to assume all derivatives contracts with each counterparty set forth on Exhibit 2, Part A."

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Confirmation Hearing Notice.

4. Although a Cure Amount Notice was to have been served by October 27, 2011, Riddle has not received any such notice.

5. Because the Swap Agreement was terminated as of December 3, 2008, the Swap Agreement is not an executory contract and therefore is not eligible for assumption pursuant to Bankruptcy Code section 365. See In re Atlantic Computer Sys., Inc., 173 B.R. 844, 856 (S.D.N.Y. 1994) (contracts are not executory where such contracts have been terminated and the only remaining obligation thereunder is the payment of money) (citing In re Chateaugay Corp., 130 B.R. 162, 165-66 (S.D.N.Y. 1991).

6. Moreover, and to the extent that the Debtors assert and the Court determines that the Swap Agreement remains executory and is capable of assumption, Riddle objects to the proposed assumption of the Swap Agreement because the Debtors have failed to demonstrate that they can or will cure any defaults, compensate Riddle for any loss, and/or provide adequate assurance of performance. Pursuant to Bankruptcy Code section 365(b)(1)(A) the Debtors are required to cure all defaults under an executory contract as a condition to the assumption and/or assignment of such contract. In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008) ("The debtor bears the burden of showing that the requirements for assumption under § 365 have been met.") (citations omitted).

7. Riddle hereby further reserves its rights with respect to the ultimate treatment of the Swap Agreement under any plan of reorganization proposed in connection with the Debtors' cases, including, but not limited to, the right to further dispute the treatment of the Swap Agreement as an executory contract and the right to further object to the determination of any proposed adequate assurance or cure amounts to be paid in connection with the assumption of the Swap Agreement.

## CONCLUSION

WHEREFORE, Riddle respectfully requests that the Court enter an order directing that the Swap Agreement be removed from the Assumed Contract List as a non-executory contract or, to the extent that the Court determines that the Swap Agreement is an executory contract, that the proposed assumption of the Swap Agreement be denied until such time as the parties thereto reach a resolution as to the appropriate adequate assurance to be provided and cure amounts to be paid in connection with the assumption of such Swap Agreement, and such other relief as this Court deems just and proper.

Dated:  November 9, 2011  
       Wilmington, Delaware

Respectfully Submitted,

BALLARD SPAHR LLP

By:  /s/ Christopher S. Chow  
    Christopher S. Chow (CC-4172)  
    919 N. Market Street, 11th Floor  
    Wilmington, DE  19801  
    Telephone: (302) 252-4465  
    Facsimile: (302) 252-4466  
    Email: chowc@ballardspahr.com

 - and –

William A. Slaughter  
1735 Market Street, 51st Floor  
Philadelphia, PA  19103-7599  
Telephone: (215) 665-8500  
Facsimile: (215) 864-9788  
Email: slaughter@ballardspahr.com

Attorneys for Riddle Memorial Hospital Health Care Center III Associates