STROOCK & STROOCK & LAVAN LLP
Claude Szyfer
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Mizuho Securities Co., Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| *In re* | : | **Chapter 11** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **Case No. 08-13555 (JMP)** |
|  | : |  |
|  | : | **(Jointly Administered)** |
| Debtors. | : |  |

---------------------------------------------------------------------- x

## OBJECTION OF MIZUHO SECURITIES CO., LTD. TO LEHMAN BROTHERS SPECIAL FINANCING INC.'S PROPOSED ASSUMPTION OF PURPORTED EXECUTORY CONTRACTS LISTED ON EXHIBIT 2 OF THE PLAN SUPPLEMENT

1.      Mizuho Securities Co., Ltd. ("MHSC") respectfully submits this objection to Lehman Brothers Special Financing Inc.'s Proposed Assumption of Purported Executory Contracts with MHSC.

### Background

2.      Prior to these bankruptcy filings, MHSC was party to transactions with Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to transaction confirmations under a 1992 ISDA master agreement (including the Schedule thereto, as supplemented by the ISDA Credit Support Annex) dated as of November 12, 2002 (the "Master Agreement").

3.      By notice dated September 16, 2008, a copy of which is attached as Exhibit "A" (the "Termination Notice") MHSC gave notice of the occurrence of an Event of Default under the Master Agreement and confirmed that the Early Termination Date occurred

immediately preceding the Event of Default with respect to all Transactions under the Master

Agreement, which Termination Notice was also given in respect of the Guarantee of Lehman

Brothers Holdings, Inc. ("LBHI") dated November 19, 2002 which guaranteed LBSF's

obligations to MHSC.

4.      LBSF commenced its voluntary chapter 11 bankruptcy case on October 3,

2008 (the "LBSF Petition Date").

5.      By notice, dated November 7, 2008, MHSC gave notice of a net

termination payment amount due from LBSF to MHSC.

6.      LBHI and its affiliated debtors (each a "Debtor" and collectively the

"Debtors") filed a Third Amended Chapter 11 Plan [Docket No. 19627].  On October 25, 2011,

the Debtors filed their Plan Supplement [Docket No. 21254 (the "Plan Supplement"), including,

on Exhibit 2, Part A thereto, a list of purportedly executory derivative contracts the Debtors seek

to assume under the Plan (the "Assumption Schedule").  The Assumption Schedule includes all

Derivative Contracts (as defined therein) between MHSC, on the one hand, and LBSF on the

other hand.  Thereafter MHSC received from the Debtors a notice of proposed assumption of

executory contracts and unexpired leases pursuant to Debtors' Third Amended Joint Plan

pursuant to Section 1121 of the Bankruptcy Code dated October 27, 2011 (the "Notice") which

states that LBSF intends to assume all derivative contracts with MHSC and lists a cure amount of

$0.

### Argument

7.      LBSF fails to particularize which purportedly executory contracts it

intends to assume both on the Assumption Schedule and in the Notice.  According to the

preamble to the Assumption Schedule, where no particular contract is named, the Debtor intends

2

to assume all executory contracts with that counterparty, and the Notice states the same.  MHSC is unaware of any executory contracts with LBSF.  In order to provide adequate notice and a meaningful opportunity to respond, LBSF should explicitly reference the particular contracts it intends to assume.  See In re Ford, 159 B.R. 930, 932 & nn.8-9 (Bankr. W.D. Wash. 1993).

8.      All outstanding transactions between MHSC, on the one hand, and LBSF on the other hand, were properly terminated prior to the LBSF Petition Date.  In the more than three years since these transactions were terminated, LBSF has never once challenged the effectiveness of the Termination Notice.  It is settled law that where a contract expires or terminates by its terms before the commencement of bankruptcy, there is no executory contract for the debtor to assume.  See Moody v. Amoco Oil Co., 734 F.2d 1200, 1212 (7th Cir. 1984); In re Tornado Pizza, LLC, 431 B.R. 503, 514 (Bankr. D. Kan. 2010) ("A debtor may assume a contract under § 365 only when the contract is executory on the date of filing.  A terminated contract is not executory; after termination substantial performance does not remain due on both sides"); In re Best Film & Video Corp., 46 B.R. 861, 869 (Bankr. E.D.N.Y. 1985).

9.      MHSC further disputes the cure amount of $0 as set forth in the Notice. While LBSF has failed to identify the executory contracts at issue, and MHSC is not aware of any, to the extent the transactions between the parties are deemed executory, the Debtors owe MHSC no less than $11,081,600.04, as set forth in the proofs of claims MHSC filed with the Court against LBSF and LBHI, as guarantor, respectively.

10.     MHSC reserves all of its rights, claims, counterclaims, and defenses in connection with the contracts and matters addressed herein.

3

WHEREFORE, MHSC respectfully requests that this Court remove MHSC from

the Assumption Schedule and grant such other and further relief as is just and proper.

Dated:  November 9, 2011
       New York, New York

                    STROOCK & STROOCK & LAVAN, LLP

                    /s/ Claude Szyfer
                    Claude Szyfer
                    180 Maiden Lane
                    New York, New York 10038
                    Telephone: (212) 806-5400
                    Facsimile: (212) 806-6006

                    *Attorneys for Mizuho Securities Co., Ltd.*

4

# EXHIBIT A

# MIZUHO

Mizuho Securities Co., Ltd.

Otemachi First Square
1-5-1, Otemachi, Chiyoda-ku, Tokyo 100-0004
TEL : 03-5208-3210

16 September 2008

BY HAND

To:    Lehman Brothers Inc,
      745 Seventh Avenue, 28th Floor
      New York, NY 10019 USA

      Attention: Documentation Manager

Dear Sirs,

**NOTICE OF AN AUTOMATIC TERMINATION EVENT UNDER 1992 ISDA MASTER
AGREEMENT**

We refer to the 1992 ISDA Master Agreement between us, Mizuho Securities Co., Ltd. and you
Lehman Brothers Special Financing Inc. and dated as of 12 November 2002 (the "Master Agreement")
and the outstanding Transactions thereunder.

For the purposes of the Master Agreement, Lehman Brothers Holdings Inc. is stated to be the Credit
Support Provider.

Terms not otherwise defined in this letter shall have the meanings set out in the Master Agreement.

It has come to our attention Lehman Brothers Holdings Inc. has instituted a proceeding seeking a
judgement of insolvency or bankruptcy or other relief under bankruptcy or insolvency law.

This event, which is continuing, constitutes an Event of Default under Section 5(a)(vii)(4) of the Master
Agreement.

Accordingly, pursuant to Section 6(a) of the Master Agreement, by this notice we hereby confirm that
an Early Termination Date in respect of all outstanding Transactions under the Master Agreement
occurred immediately preceding the occurance of the Event of Default under Section 5(a)(vii)(4).

The consequence of the occurrence of an Early Termination Date is that:

(a)    no further payments or deliveries under Section 2(a)(i) or 2(e) in respect of all Transactions
      will be required to be made; and

(b)    the amount, if any, payable in respect of the Early Termination Date shall be determined
      pursuant to Section 6(e).

On or as soon as reasonably practicable after the Early Termination Date, we will provide you with a
statement as required under Section 6(d)(i) of the Master Agreement.

This Notice shall be governed by and determined in accordance with English law.

Yours faithfully,

Koichiro Sugii
Head of Global Markets & Products Groups

for and on behalf of
MIZUHO SECURITIES CO., LTD.