Hearing Date: December 6, 2011 at 10:00 a.m. (Eastern Time)
Objection Deadline: November 10, 2011 at 4:00 p.m. (Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Claude Szyfer
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Mizuho International plc*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
In re                                                             :    Chapter 11
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    Case No. 08-13555 (JMP)
                                                                  :
                                                                  :    (Jointly Administered)
                             Debtors.                             :
------------------------------------------------------------------- x

## OBJECTION OF MIZUHO INTERNATIONAL PLC TO LEHMAN BROTHERS SPECIAL FINANCING INC.'S PROPOSED ASSUMPTION OF PURPORTED EXECUTORY CONTRACTS LISTED ON EXHIBIT 2 OF THE PLAN SUPPLEMENT

1.  Mizuho International plc ("MHI") respectfully submits this objection to Lehman Brothers Special Financing Inc.'s Proposed Assumption of Purported Executory Contracts with MHI.

### Background

2.  Prior to these bankruptcy filings, MHI was party to transactions with Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to transaction confirmations under an ISDA master agreement dated as of January 9, 2007 (the "Master Agreement").

3.  By notice dated September 15, 2008, a copy of which is attached as Exhibit "A" (the Termination Notice"), MHI gave notice of the occurrence of an Event of Default under the Master Agreement with respect to LBSF, and designated September 15, 2008 as the Early Termination Date with respect to all Transactions under the Master Agreement.

NY 73651527v1

4. LBSF commenced its voluntary chapter 11 bankruptcy case on October 3, 2008 (the "LBSF Petition Date").

5. Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors (each a "Debtor" and collectively the "Debtors") filed a Third Amended Chapter 11 Plan [Docket No. 19627]. On October 25, 2011, the Debtors filed their Plan Supplement [Docket No. 21254 (the "Plan Supplement"), including, on Exhibit 2, Part A thereto, a list of purportedly executory derivative contracts the Debtors seek to assume under the Plan (the "Assumption Schedule"). The Assumption Schedule includes all Derivative Contracts (as defined therein) between MHI, on the one hand, and LBSF on the other hand. Thereafter MHI received from the Debtors a notice of proposed assumption of executory contracts and unexpired leases pursuant to Debtors' Third Amended Joint Plan pursuant to Section 1121 of the Bankruptcy Code dated October 27, 2011 (the "Notice") which states that LBSF intends to assume all derivative contracts with MHI and lists a cure amount of $0.

## Argument

6. LBSF fails to particularize which purportedly executory contracts it intends to assume both on the Assumption Schedule and in the Notice. According to the preamble to the Assumption Schedule, where no particular contract is named, the Debtor intends to assume all executory contracts with that counterparty, and the Notice states the same. MHI is unaware of any executory contracts with LBSF. In order to provide adequate notice and a meaningful opportunity to respond, LBSF should explicitly reference the particular contracts it intends to assume. See In re Ford, 159 B.R. 930, 932 & nn.8-9 (Bankr. W.D. Wash. 1993).

7. All outstanding transactions between MHI, on the one hand, and LBSF on the other hand, were properly terminated prior to the LBSF Petition Date. In the more than three

years since these transactions were terminated, LBSF has never once challenged the effectiveness of the Termination Notice. It is settled law that where a contract expires or terminates by its terms before the commencement of a debtor's bankruptcy, there is no executory contract for the debtor to assume. See Moody v. Amoco Oil Co., 734 F.2d 1200, 1212 (7th Cir. 1984); In re Tornado Pizza, LLC, 431 B.R. 503, 514 (Bankr. D. Kan. 2010) ("A debtor may assume a contract under § 365 only when the contract is executory on the date of filing. A terminated contract is not executory; after termination substantial performance does not remain due on both sides"); In re Best Film & Video Corp., 46 B.R, 861, 869 (Bankr. E.D.N.Y. 1985).

8.     To the extent that LBSF seeks to assume the Master Agreement exclusive of the terminated transactions thereunder, MHI submits that this agreement is not executory. Under the widely accepted "Countryman test," an executory contract is "a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach [under applicable non-bankruptcy law] excusing the performance of the other." See Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn. L. Rev. 439 460 (1973); In re Riodizio, Inc., 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997) (citations omitted); see also S.REP. No. 95-989, at 58 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5844, 6303 (indicating contract is executory where "performance remains due to some extent on both sides"). Here, separate from the transactions thereunder, the Master Agreement provides terms and conditions for transactions thereunder, and does not obligate either party to enter into any such transactions. Accordingly, there are no material unperformed obligations of both parties the breach of which would entitle the other party to terminate the contract.

9.     MHI further disputes the cure amount of $0 as set forth in the Notice.

NY 73651527v1

While LBSF has failed to identify the executory contracts at issue, and MHI is not aware of any, to the extent the transactions between the parties are deemed executory, the Debtors owe MHI no less than $34,128,918.00, as set forth in the proofs of claims MHI filed with the Court against LBSF and LBHI, as guarantor, respectively.

10. MHI reserves all of its rights, claims, counterclaims, and defenses in connection with the contracts and matters addressed herein.

WHEREFORE, MHI respectfully requests that this Court remove MHI from the Assumption Schedule and grant such other and further relief as is just and proper.

Dated:   November 9, 2011
         New York, New York

STROOCK & STROOCK & LAVAN, LLP

/s/ Claude Szyfer
Claude Szyfer
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Mizuho International plc*

# EXHIBIT A



Mizuho International plc
Bracken House
One Friday Street
London EC4M 9JA
TEL: 020 7236 1090

Lehman Brothers Special Financing Inc.
c/o Lehman Brothers Inc.
Transaction Management Group
Corporate Advisory Division
745 Seventh Avenue
New York, NY 10019

Attn: Documentation Manager

DELIVERY BY HAND

15 September 2008

We refer to the ISDA Master Agreement (the "Agreement") dated as of 9th January 2007 between Lehman Brothers Special Financing Inc. and Mizuho International plc.

An Event of Default, namely Bankruptcy, has occurred with respect to Lehman Brothers Special Financing Inc. pursuant to Section 5(a)(vii) of the Agreement by virtue of the filing under chapter 11 of title 11 of the United States Code of Lehman Brothers Holdings Inc., Credit Support Provider pursuant to the Agreement, on or around 14 September 2008.

Pursuant to Section 6(a) of the Agreement we hereby designate 15 September 2008 as the Early Termination Date in respect of all outstanding Transactions under the Agreement.

Capitalised terms which are used and not otherwise defined herein shall have the meaning specified in the Agreement.

This notice shall be governed by and construed in accordance with English law.

MIZUHO INTERNATIONAL PLC

_[signature]_

Wholly owned subsidiary of Mizuho Securities Co., Ltd.  Member of Mizuho Financial Group.
Authorised and regulated by the Financial Services Authority.  Member of the London Stock Exchange.
Registered in England No. 1203696.  Registered office as above.  VAT No. GB 627 6034 43.