Objection Deadline: November 10, 2011
Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Eastern)

WINSTON & STRAWN LLP
Carey D. Schreiber
200 Park Avenue
New York, New York 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for Intralot S.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

## OBJECTION OF INTRALOT S.A. IN CONNECTION WITH DEBTORS' PLAN SUPPLEMENT AND NOTICE OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS

TO THE HONORABLE JUDGE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Intralot S.A. ("**Intralot**") makes the following objection in connection with (i) the Plan Supplement [Docket No. 21254] (the "**Plan Supplement**"), filed on October 25, 2011, by Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors (collectively, with LBHI, the "**Debtors**"),[1] and (ii) the Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, dated October 27, 2011, (the "**Proposed Assumption Notice**"), respectfully stating as follows:

---

[1] Capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to such terms in the Plan.

## PRELIMINARY STATEMENT

The Intralot Contract (as defined below) may not be assumed by the Debtors because the Intralot Contract was properly terminated, and thus is not an executory contract permitted to be assumed under Section 365 of the Bankruptcy Code. Should this Court nevertheless determine that the Intralot Contract is assumable, Intralot reserves the right to object to any "Cure Amount" and to whether the Debtors can provide adequate assurance of future performance.

## BACKGROUND

1. On September 15, 2008 and various dates thereafter, LBHI and its affiliated debtors in these cases filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). Lehman Brothers Special Financing Inc. ("**LBSF**"), one of the Debtors' affiliates, filed a voluntary petition under chapter 11 of the Bankruptcy Code on October 3, 2008. The Debtors' cases were administratively consolidated by the Bankruptcy Court.

2. On July 2, 2009, the Bankruptcy Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form in these cases.

3. On September 1, 2011, the Court entered an Amended Order approving the Debtors' Amended Motion (i) for Approval of the Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting

Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan.

4.  On October 25, 2011, the Debtors filed the Plan Supplement, which contains, among other things, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "**Assumption Schedule**"). Thereafter, on or about October 27, 2011, the Debtors served the Proposed Assumption Notice.[2]

5.  Intralot's claim in this bankruptcy is on account of that certain swap transaction between Intralot and LBSF pursuant to a Transaction Confirmation, dated as of October 26, 2007, which incorporates by reference the 2006 ISDA Definitions and the terms of the 1992 ISDA Master Agreement without a schedule (the "**Intralot Contract**"). As a result of LBSF's bankruptcy filing, an Event of Default occurred under the Master Agreement. Thereafter, in accordance with the terms of the Intralot Contract and in accordance with applicable law, Intralot exercised its rights to terminate the Intralot Contract (the "**Termination**").

6.  On September 21, 2009, Intralot timely filed a Proof of Claim against certain of the Debtors in the amount of not less than $73,000.00, for damages arising from the Termination. The Debtors have neither objected to nor disputed the Termination.

## ARGUMENT

7.  The Intralot Contract was terminated. Accordingly, the Intralot Contract is not subject to assumption by the Debtors and the Debtors' relief should be denied.

8.  Although the Bankruptcy Code does not define the term "executory contract," it is well settled that an executory contract "generally includes contracts on which performance

---

[2] The Assumption Schedule and Proposed Assumption Notice lists Intralot as a party to one or more derivative contracts the Debtors propose to assume without specifically identifying such contracts with particularity. Intralot believes it is only a party to the Intralot Contract and this Objection addresses only that contract. Intralot reserves its rights to supplement this Objection to the extent there are additional contract that the Debtors propose to assume.

remains due to some extent on both sides." *See Collier on Bankruptcy* ¶ 365.02[2][a] citing H.R. Rep.No. 595, 95th Cong., 1st Sess. 347 (1977).

9. As a result of the Termination, there was no performance left for the Debtors under the Intralot Contract. Accordingly, the Intralot Contract is not an executory contract under Section 365 of the Bankruptcy Code. The Intralot Contract is, therefore, not subject to assumption by the Debtors.

10. Should this Court nevertheless determine that the Intralot Contract is subject to assumption by the Debtors, Inralot reserves its right to object (i) to any "Cure Amount" asserted by LBSF, whether set forth in a Proposed Assumption Notice or otherwise and (ii) to whether the Debtors can provide adequate assurance of its future performance through any termination date of the Intralot Contract.

11. Communications between the Debtors and Intralot are ongoing in an effort to consensually resolve the issues relating to the Termination of the Intralot Contract and the final payment amount required under the Intralot Contract. Indeed, since the Termination, Intralot has been attempting to consensually resolve such issues with the Debtors, including, without limitation, determining the calculations as to the final payment required under the Intralot Contract. However to date, such negotiations have been unsuccessful. Thus, although Intralot objects to the Proposed Assumption Notice, Intralot is available to meet and confer in good faith with the Debtors with respect to the issues set forth herein.

12. Intralot hereby reserves the right to supplement this Objection, which is without prejudice to the assertion of other claims for relief with respect to the Plan Supplement and/or the Proposed Assumption Notice and to file memoranda and to offer evidence at the confirmation hearing, in support hereof.

## CONCLUSION

The Intralot Contract is not executory because Intralot terminated the Intralot Contract leaving nothing for the Debtors to assume. Accordingly, Intralot objects to any attempt by the Debtors to assume the terminated Intralot Contract.

08-13555-mg    Doc 21843    Filed 11/09/11    Entered 11/09/11 16:55:03    Main Document
Pg 5 of 7

Pg 6 of 7

**WHEREFORE**, for the reasons stated herein, Intralot respectfully requests that the Court strike the Intralot Contract from the Debtors' Plan Supplement and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 9, 2011

**WINSTON & STRAWN LLP**

By: /s/ Carey D. Schreiber
Carey D. Schreiber
200 Park Avenue
New York, NY 10166-4193
Telephone No.: (212) 294-6700
Facsimile No.: (212) 294-4700

*Attorneys for Intralot S.A.*

NY:1367751.3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) <br> ) <br> LEHMAN BROTHERS HOLDINGS INC., *et al.*, ) <br> ) <br> ) <br> Debtors. ) <br> ) | Chapter 11 <br><br> Case No. 08-13555 (JMP) <br><br> (Jointly Administered) |

## CERTIFICATION OF SERVICE

I, Denise A. Cunsolo, certify that I am over eighteen (18) years of age, am not a party to this action, am a senior paralegal employed by the law firm of Winston & Strawn LLP, and that on November 9, 2011, I caused copies of the Objection of Intralot S.A. in connection with Debtors' Plan Supplement and Notice of Proposed Assumption of Executory Contracts (the "Objection") to be served by Federal Express upon: (i) The Honorable James M. Peck, United States Bankruptcy Court, One Bowling Green, New York, New York 10004, (ii) Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Andrea B. Schwartz, Esq., and Elisabetta Gasparini, Esq.), (iii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.), and (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.).

I further certify that on November 9, 2011, upon electronic filing of the Objection, electronic mail filing notifications of the Objection were caused to be sent to all attorneys of record registered to receive electronic mail notices of filings in this case via this Court's ECF filing system.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge.

Dated: New York, New York
November 9, 2011

/s/ Denise A. Cunsolo
Denise A. Cunsolo

NY:1367971.1