**Hearing Date: December 6, 2011 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: November 10, 2011 at 4:00 p.m. (Eastern Time)**

STROOCK & STROOCK & LAVAN LLP
Claude G. Szyfer
Francis C. Healy
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for DZ BANK Ireland Plc*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| | : (Jointly Administered) |
| Debtors. | : |

------------------------------------------------------------------ x

**OBJECTION OF DZ BANK IRELAND PLC TO LEHMAN BROTHERS SPECIAL FINANCING INC.'S PROPOSED ASSUMPTION OF PURPORTED EXECUTORY DERIVATIVE CONTRACTS LISTED ON EXHIBIT 2 OF THE PLAN SUPPLEMENT**

1. DZ BANK Ireland Plc ("DZ Bank Ireland") respectfully submits this objection to Lehman Brothers Special Financing Inc.'s ("LBSF") Proposed Assumption of Purported Executory Contracts with DZ Bank. Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

**Background**

2. Prior to the Debtors' bankruptcy filings, DZ Bank Ireland was party to financial derivative transactions with LBSF pursuant to transaction confirmations under an ISDA master agreement, dated as of August 18, 1997 (the "Master Agreement").

3. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "LBHI Filing"). The LBHI Filing constituted an Event of Default under Section 5(a)(vii) of the Master Agreement.

By notice dated September 25, 2008, a copy of which is attached as Exhibit "A," DZ Bank Ireland gave notice of the occurrence of an Event of Default under the Master Agreement with respect to LBSF (the "Termination Notice"), and designated September 26, 2008 as the Early Termination Date with respect to all Transactions under the Master Agreement.

4.  LBSF commenced its voluntary chapter 11 bankruptcy case on October 3, 2008) (the "LBSF Petition Date").

5.  LBHI and its affiliated debtors (collectively the "Debtors") filed a Third Amended Chapter 11 Plan [Docket No. 19627]. On October 25, 2011, the Debtors filed their Plan Supplement (the "Plan Supplement") [Docket No. 21254], including, on Exhibit 2, Part A thereto, a list of purported executory derivative contracts the Debtors seek to assume under the Plan (the "Assumption Schedule"). The Assumption Schedule includes all Derivative Contracts (as defined therein) between LBSF, on the one hand, and DZ Bank Ireland on the other hand. Thereafter DZ Bank Ireland received from the Debtors a notice of proposed assumption of executory contracts and unexpired leases pursuant to Debtors' Third Amended Joint Plan pursuant to Section 1121 of the Bankruptcy Code dated October 27, 2011 (the "Notice") which states that LBSF intends to assume all derivative contracts with DZ Bank Ireland and lists a cure amount of $0.

**Argument**

6.  LBSF fails to particularize which purportedly executory contracts it intends to assume. According to the preamble to the Assumption Schedule and the Notice, where no particular contract is named, the Debtor intends to assume all executory contracts with that counterparty. DZ Bank Ireland is unaware of any executory contracts with LBSF. In order to provide adequate notice and a meaningful opportunity to respond, LBSF should explicitly

reference the particular contracts it intends to assume. See In re Ford, 159 B.R. 930, 932 & nn.8-9 (Bankr. W.D. Wash. 1993).

   7. All outstanding transactions between LBSF, on the one hand, and DZ Bank Ireland on the other hand, were properly terminated prior to the LBSF Petition Date.  In the more than three years since these transactions were terminated, LBSF has never once challenged the effectiveness of the Termination Notice.  It is settled law that where a contract expires or terminates by its terms before the commencement of bankruptcy, there is no executory contract for the debtor to assume.  See Moody v. Amoco Oil Co., 734 F.2d 1200, 1212 (7th Cir. 1984); In re Tornado Pizza, LLC, 431 B.R. 503, 514 (Bankr. D. Kan. 2010) ("A debtor may assume a contract under § 365 only when the contract is executory on the date of filing. A terminated contract is not executory; after termination substantial performance does not remain due on both sides"); In re Best Film & Video Corp., 46 B.R, 861, 869 (Bankr. E.D.N.Y. 1985).

   8. To the extent that LBSF seeks to assume the Master Agreement exclusive of the terminated transaction thereunder, DZ Bank Ireland submits that this agreement is not executory.  Under the widely accepted "Countryman test," an executory contract is "a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach [under applicable non-bankruptcy law] excusing the performance of the other." See Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn. L. Rev. 439 460 (1973); In re Riodizio, Inc., 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997) (citations omitted); see also S.REP. No. 95-989, at 58 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5844, 6303 (indicating contract is executory where "performance remains due to some extent on both sides").  Here, separate from the transactions thereunder, the Master Agreement only provides

terms and conditions for transactions thereunder, and does not obligate either party to enter into any such transactions. Accordingly, there are no material unperformed obligations of both parties, the breach of which would entitle the other party to terminate the contract.

9.  DZ Bank Ireland reserves all of its rights, claims, counterclaims, and defenses in connection with the contracts and matters addressed herein.

WHEREFORE, DZ Bank Ireland respectfully requests that this Court (i) deny the Debtors' request to assume any Derivative Contracts with DZ Bank Ireland; (ii) remove DZ Bank Ireland from the Assumption Schedule, and (iii) grant such other and further relief as is just and proper.

Dated: November 9, 2011
       New York, New York

STROOCK & STROOCK & LAVAN, LLP

/s/Claude G. Szyfer
Claude G. Szyfer
Francis C. Healy
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for DZ BANK Ireland Plc*

# EXHIBIT A

**DZ BANK** Ireland

Lehman Brothers
Special Financing Inc.
c/o Lehman Brothers Inc.
attn. Legal Department
745 Seventh Avenue
New York, New York 10019
USA

DZ BANK Ireland plc
Guild House, Guild Street,
I.F.S.C.,
Dublin 1

Tel. +353 1 670 0715
Fax +353 1 829 0298

E-mail: info@dzbank.ie

Lehman Brothers
Special Financing Inc.
Attn. Legal Department
1271 6th Avenue, 44th floor
New York, New York 10020
USA

Contact:
Sandra O'Sullivan
Sandra.osullivan@dzbank.ie

September 25, 2008

**ISDA Master Agreement dated as of 18 August 1997**

Directors:
Frank Westhoff (German, Chairman)
Walter Brazil
Dr. Tilmann Gerhards (German, Managing)
Mark Jacob (Managing)
Thomas Kaltwasser (German)
John McCloskey
Carl O'Sullivan

Dear Sirs,

We refer to:

DZ BANC Éireann cpt
Registered in Ireland
No. 224899

1. an ISDA Master Agreement dated as of 18 August 1997 (the "**Agreement**") between Lehman Brothers Special Financing Inc. ("**Party A**") and DZ Bank Ireland Plc ("**Party B**" and or the "**Bank**") and the schedule thereto dated as of 18 August 1997 (the "**Schedule**") and any confirmations thereunder; and

DZ BANK Ireland plc is a
wholly owned subsidiary of
DZ BANK AG, Frankfurt am Main

2. a Guarantee dated 18 February 2003 given by Lehman Brothers Holdings Inc guaranteeing the obligations of Party A under the Agreement.

**DZ BANK** Ireland

Capitalised terms used in this letter and not otherwise defined herein shall have the meaning ascribed in the Agreement unless the context otherwise requires.

**This is a notice of termination of all outstanding Transactions and the Agreement.**

Now, we, the Bank, hereby notify you that one or more Events of Default have occurred under the Agreement with respect to Party A including, without limitation, an Event of Default under Section 5(a)(vii)(4) of the Agreement with respect to your Credit Support Provider and we hereby designate, 26 September 2008, as the Early Termination Date in respect of all outstanding Transactions under the Agreement.

We will arrange to make the relevant calculations as envisaged by the Agreement and we hereby reserve all rights available to us under the Agreement, or any other document from time to time whether between you and the Bank or otherwise.

Yours faithfully

**DZ BANK Ireland Plc**
By:
Name: Mark Jacob
Title: Managing Director
Date: 25 September 2008

**DZ BANK Ireland Plc**
By:
Name: Sandra O'Sullivan
Title: Operations Manager
Date: 25 September 2008