Hearing Date: December 6, 2011 at 10:00 a.m. (Eastern Time)
Objection Deadline: November 10, 2011 at 4:00 p.m. (Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Melvin A. Brosterman
Claude G. Szyfer
Harold A. Olsen
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Hess Corporation and Hess Energy Power & Gas Company (UK) Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------- x
*In re*                                                                 :    **Chapter 11**
                                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                            :    Case No. 08-13555 (JMP)
                                                                        :
                                                                        :    **(Jointly Administered)**
                           Debtors.                                     :
---------------------------------------------------------------------- x

**OBJECTION OF HESS CORPORATION AND HESS ENERGY POWER & GAS
COMPANY (UK) LIMITED TO ASSUMPTION OF PURPORTED EXECUTORY
DERIVATIVE CONTRACTS UNDER THE THIRD AMENDED JOINT CHAPTER 11
PLAN OF LEHMAN BROTHERS HOLDINGS, INC. AND ITS AFFILIATED DEBTORS**

1.      Hess Corporation ("Hess") and Hess Energy Power & Gas Company (UK) Limited ("HEPGCO") respectfully submit this objection to the assumption of purported executory derivative contracts under the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors (the "Plan") [Docket No. 19627]. Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

**Background**

2.      Prior to the Debtors' bankruptcy filings, Hess and HEPGCO were parties to physical and financial derivative transactions with Lehman Brothers Commodity Services, Inc. ("LBCS"), pursuant to transaction confirmations under ISDA master agreements (the "ISDA Master Agreements"). In addition, Hess was a party to certain crude oil buy/sell contracts with

NY 73630588v2

LBCS (the "Trading Contracts").

3. By notice dated September 15, 2008, a copy of which is attached as Exhibit "A," Hess and HEPGCO gave notice of the occurrence of an Event of Default under the ISDA Master Agreements with respect to LBCS, and designated September 15, 2008 as the Early Termination Date with respect to all Transactions under the ISDA Master Agreements.

4. By notice dated September 19, 2008, a copy of which is attached as Exhibit "B" (the Notices attached as Exhibits A and B, collectively, the "Termination Notices"), Hess gave notice of the occurrence of an Event of Default under the Trading Contracts with respect to LBCS, and of the immediate termination of the Trading Contracts.

5. LBCS commenced its voluntary chapter 11 bankruptcy case on October 3, 2008 (the "LBCS Petition Date").

6. On October 25, 2011, the Debtors filed their Plan Supplement [Docket No. 21254 (the "Plan Supplement"), including, on Exhibit 2, Part A thereto, a list of purportedly executory derivative contracts the Debtors seek to assume under the Plan (the "Assumption Schedule"). The Assumption Schedule includes all Derivative Contracts (as defined therein) between LBCS, on the one hand, and Hess and HEPGCO on the other hand.

**Argument**

7. LBCS fails to particularize which purportedly executory contracts it intends to assume. According to the preamble to the Assumption Schedule, where no particular contract is named, the Debtor intends to assume all executory contracts with that counterparty. Hess and HEPGCO are unaware of any executory contracts with LBCS. In order to provide adequate notice and a meaningful opportunity to respond, LBCS should explicitly reference the particular contracts it intends to assume. See In re Ford, 159 B.R. 930, 932 & nn.8-9 (Bankr. W.D. Wash. 1993).

NY 73630588v2

8.   All outstanding transactions between Hess and HEPGCO, on the one hand, and LBCS on the other hand, were properly terminated prior to the LBCS Petition Date. In the more than three years since these transactions were terminated, LBCS has never once challenged the effectiveness of the Termination Notices. It is settled law that where a contract expires or terminates by its terms before the commencement of bankruptcy, there is no executory contract for the debtor to assume. See Moody v. Amoco Oil Co., 734 F.2d 1200, 1212 (7th Cir. 1984); In re Tornado Pizza, LLC, 431 B.R. 503, 514 (Bankr. D. Kan. 2010) ("A debtor may assume a contract under § 365 only when the contract is executory on the date of filing. A terminated contract is not executory; after termination substantial performance does not remain due on both sides"); In re Best Film & Video Corp., 46 B.R, 861, 869 (Bankr. E.D.N.Y. 1985).

9.   To the extent that LBCS seeks to assume the ISDA Master Agreements or the Trading Contracts exclusive of the terminated transactions thereunder, Hess and HEPGCO submit that these agreements are not executory. Under the widely accepted "Countryman test," an executory contract is "a contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach [under applicable non-bankruptcy law] excusing the performance of the other." See Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn. L. Rev. 439 460 (1973); In re Riodizio, Inc., 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997) (citations omitted); see also S.REP. No. 95-989, at 58 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5844, 6303 (indicating contract is executory where "performance remains due to some extent on both sides"). Here, separate from the transactions thereunder, the ISDA Master Agreements and the Trading Contracts provide terms and conditions for transactions thereunder, and do not obligate either party to enter into any such transactions. Accordingly,

NY 73630588v2

there are no material unperformed obligations of both parties the breach of which would entitle the other party to terminate the contract.

10. Hess and HEPGCO reserve all of their rights, claims, counterclaims, and defenses. Without limiting the foregoing, the filing of this Objection is not and shall not be deemed or construed as a consent by Hess or HEPGCO to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Hess or HEPGCO.

WHEREFORE, Hess and HEPGCO respectfully requests that this Court direct the removal of Hess and HEPGCO from the Assumption Schedule.

Dated: November 9, 2011
New York, New York

STROOCK & STROOCK & LAVAN LLP

/s/ Melvin A. Brosterman
Melvin A. Brosterman
Claude G. Szyfer
Harold A. Olsen
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Hess Corporation and Hess Energy Power & Gas Company (UK) Limited*

NY 73630588v2

## **EXHIBIT A**

NY 73630588v2



**HESS CORPORATION**
1185 Avenue of the Americas
New York, NY 10036
Telephone: (212) 997-8500

September 15, 2008

**TO:** Lehman Brothers Commodity Services Inc. ("**LBCS**"), and Lehman Brothers Finance S.A. ("**LBF**") (LBF and LBCS, collectively, "**LEHMAN**") at:

Lehman Brothers Commodity Services Inc.
c/o Lehman Brothers Inc.
Transaction Management Group, Corporate Advisory Division
745 Seventh Avenue, New York, NY 10019
Attention: Documentation Manager, Transaction Management
VIA FEDEX AND FACSIMILE (212-526-7672)

Lehman Brothers Finance S.A.
Talstrasse 82, PO Box 2828
CH-8021 Zurich, Switzerland
Attention: Transaction Management
VIA FEDEX AND FACSIMILE (41-1-287-8825)

**FROM:** Hess Corporation ("**HC**"), Hess Energy Trading Company, LLC ("**HETCO**"), and Hess Energy Power & Gas Company (UK) Limited ("**HEPGCO**")(HC, HETCO and HEPGCO, collectively, "**HESS**")

**IN RE:** NOTICE OF EVENT OF DEFAULT AND TERMINATION OF THE 4 ISDA MASTER AGREEMENTS BETWEEN EACH OF THE FOLLOWING: (1) LBCS and HETCO dated 12/13/2005, (2) LBCS and HEPGCO UK dated 8/24/2006, (3) LBCS and HC dated 12/13/2005, and (4) LBF and HETCO dated 6/24/2003 (the "**ISDA MASTER AGREEMENTS**")

Ladies and Gentlemen,

HESS hereby provides notice that an Event of Default has occurred in respect of LEHMAN pursuant to Section 5(a)(vii)(4) under the ISDA MASTER AGREEMENTS as a result of today's filing by LEHMAN's Credit Support Provider, Lehman Brothers Holding Inc., of a Chapter 11 petition in bankruptcy. We designate today, September 15, 2008, which is the date this notice is effective, as the Early Termination Date with respect to all outstanding Transactions under the ISDA MASTER AGREEMENTS.

We will make calculations with respect to the valuation of the Transactions subject to the termination and will notify you as soon as reasonably practicable of the amount calculated and the date on which the amount will be payable.

In addition, nothing in this confirmation of notice shall be deemed to constitute a waiver of any default, Event of Default or termination event not specified herein and HESS hereby reserves all other rights and remedies that it may have under the ISDA MASTER AGREEMENTS, any other agreement between any of HESS or any of its affiliates and any of LEHMAN or any of its affiliates, or under applicable law.

You are further advised that no verbal communication from or on behalf of any of HESS by any party shall constitute any agreement, commitment, or evidence of any assurance or intention of HESS with respect to the subject matter hereof. Any agreement, commitment, assurance, or intention of HESS shall be effective only if in writing and duly executed on behalf of HESS.

Sincerely,

Jonathan C. Stein, on behalf of
Hess Corporation

Stephen M. Semlitz, on behalf of
Hess Energy Trading Company, LLC
Hess Energy Power & Gas Company (UK) Limited

## **EXHIBIT B**

NY 73630588v2



**HESS CORPORATION**
1185 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 997-8500
Facsimile: (866) 741-1514

September 19, 2008

**TO:** Lehman Brothers Commodity Services Inc. ("**LBCS**") and
Eagle Energy Partners I, L.P. ("**EAGLE**") (LBCS and EAGLE, collectively, "**LEHMAN**") at:

Lehman Brothers Commodity Services Inc.
c/o Lehman Brothers Inc.
Transaction Management Group, Corporate Advisory Division
745 Seventh Avenue, New York, NY 10019
Attn: Documentation Manager, Transaction Management and Brett Royce/ Edgar Crossett
VIA FEDEX, FAX (646-834-4615) & EMAIL (brett.royce@lehman.com/edgar.crossett@lehman.com)

Eagle Energy Partners I, L.P.
7904 N. Sam Houston Pkwy, Ste 200 Houston, TX 77064
Attn: Contract Administration
VIA FEDEX AND FACSIMILE (281-781-0360)

**FROM:** Hess Corporation ("**HC**") and Hess Energy Trading Company, LLC ("**HETCO**") (HC and HETCO, collectively, "**HESS**")

**IN RE:** **NOTICE OF EVENT OF DEFAULT AND TERMINATION OF CONTRACTS** ((1), (2), AND (3) BELOW, COLLECTIVELY, THE "**TRADING CONTRACTS**"):

(1) HC CRUDE OIL BUY / SALE CONTRACTS:

| TRADE DATE | LBCS TRADE REF | SELL | BUY | PRODUCT | PRICE |
|---|---|---|---|---|---|
| 07/09/2008 | 1842679 | HC | LBCS | LLS | 139.95 |
| 07/09/2008 | 1842680 | LBCS | HC | WTI | 135.90 |
| 07/02/2008 | 1819659 | HC | LBCS | LLS | 146.15 |
| 07/02/2008 | 1819660 | LBCS | HC | WTI | 142.30 |

(2) HETCO CRUDE OIL BUY / SALE CONTRACTS:

| TRADE DATE | HETCO TRADE REF | SELL | BUY | PRODUCT | PRICE |
|---|---|---|---|---|---|
| 03/20/2008 | 11494785 | LBCS | HETCO | LLS | 101.55 |
| 03/20/2008 | 11494813 | HETCO | LBCS | WTI | 98.35 |
| 07/01/2008 | 12996559 | LBCS | HETCO | WTI | 142.50 |
| 07/01/2008 | 12996502 | HETCO | LBCS | LLS | 146.60 |

(3) EAGLE / HC NAESB DATED 11/1/2004.

Ladies and Gentlemen,

LEHMAN's failure to provide adequate assurance in response to HESS' demand therefor, made by notice dated September 16, 2008, constitutes an Event of Default under each of the TRADING CONTRACTS. As a result of such default by LEHMAN, HESS hereby provides notice that the TRADING CONTRACTS are terminated in accordance with their terms with immediate effect.

We will make calculations with respect to the valuation of the terminated TRADING CONTRACTS and will notify you as soon as reasonably practicable of the amount calculated and the date on which the amount is payable. In addition, nothing in this notice shall be deemed to constitute a waiver of any rights under contract or under applicable law. You are further advised that no verbal communication from or on behalf of any of HESS by any party shall constitute any agreement, commitment, or evidence of any assurance or intention of HESS with respect to the subject matter hereof. Any agreement, commitment, assurance, or intention of HESS shall be effective only if in writing and duly executed on behalf of HESS.

HESS reserves all rights.

Sincerely,

John P. Rielly, on behalf of
Hess Corporation

Stephen M. Hendel, on behalf of
Hess Energy Trading Company, LLC