Tally M. Wiener
**LAW OFFICES OF TALLY M. WIENER, ESQ.**
119 West 72nd Street, PMB 350
New York, NY 10023
(212) 574-7975 (Telephone)
(212) 496-4170 (Facsimile)
tally.wiener@thecomi.com

*Attorneys for Lionel Dardo Occhione*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**In re**                                                           :
                                                                    :    **Chapter 11 Case No.**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                                    :
        **Debtors.**                                            :
-------------------------------------------------------------------x

## RESPONSE OF LIONEL DARDO OCCHIONE TO DEBTORS' TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM [DOCKET NO. 20103] AND JOINDER IN OBJECTIONS FILED BY SIMILARLY SITUATED CLAIMANTS

Lionel Dardo Occhione ("Claimant"), a party in interest in these chapter 11 proceedings, by and through his undersigned counsel, hereby submits his Response to Debtors' Two Hundred Fourteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim [Docket No. 20103] (the "Objection") and, in support thereof, respectfully states as follows:

1.  Through the Objection the Debtors seek to disallow and expunge, or in the alternative, reclassify as equity, certain claims listed on Exhibit A of the Objection including Proof of Claim No. 47474 (the "Proof of Claim").

2.  The Proof of Claim was timely filed by Claimant, and asserts a claim in the amount of $89,000.

3.  Claimant objects to the relief requested by the Debtors with respect to the Proof of Claim. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the Proof of Claim constitutes *prima facie* evidence of the validity and the amount of the claim. *See* Fed. R. Bankr. P. 3001(f). "The interposition of an objection does not deprive the presumptive validity unless the objection is supported by substantial evidence." *In re Hemingway Transport Inc.*, 993 F.2d 915, 925 (1st Cir. 1993). The Objection

is not supported by substantial evidence and, therefore, does not provide a basis for providing the relief requested by the Debtors.

4.  Claimant joins in the objections of similarly situated creditors around the World to the impairment of their rights and the frustration of their reasonable commercial expectations, whether impairment is to be effectuated through the expunction or the reclassification as equity of their presumptively valid claims. *See, e.g.,* Docket 21087 (Argentina); Docket No. 21234 (Canada); Docket No. 21529 (Singapore); 21631 (Germany); and Docket No. 21687 (Uruguay).

5.  Claimant reserves the right to supplement and amend this Response, seek discovery with respect to same, and introduce evidence relating to the Objection.

**WHEREFORE**, based upon the foregoing, Claimant respectfully requests (i) entry of an Order overruling the Objection as it applies to the Proof of Claim No. 47474, in its entirety; and (ii) such other and further relief as this Court deems just and proper.

Dated:   November 10, 2011

/s/ Tally M. Wiener
Tally M. Wiener
Law Offices of Tally M. Wiener, Esq.
119 West 72nd Street, PMB 350
New York, New York 10023
(212) 574-7975
tally.wiener@thecomi.com