HAYNES AND BOONE, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Robert D. Albergotti  (*pro hac vice* pending)
Autumn D. Highsmith  (*pro hac vice* pending)

*Attorneys for Steven G. Holder Living Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X
In re                                         :
                                              :    Chapter 11
                                              :
Lehman Brothers Holdings Inc., *et al*.       :    Case No. 08-13555 (JMP)
                                              :
                                              :    (Jointly Administered)
                          Debtors             :
------------------------------------------------------X

**RESPONSE OF THE STEVEN G. HOLDER LIVING TRUST
TO DEBTORS' ONE HUNDRED SEVENTY-NINTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

The Steven G. Holder Living Trust hereby submits this response (the "Response") to the Debtors' One Hundred Seventy-Ninth Omnibus Objection to Claims (No Liability Derivatives Claims) (the "179th Omnibus Objection")[1] and respectfully states as follows:

**BACKGROUND**

1.  The Steven G. Holder Living Trust (the "Holder Trust") and Lehman Brothers Special Financing Inc. ("LBSFI") were parties to a 1992 ISDA Master Agreement (Multicurrency-Cross Border) dated as of May 14, 2007, as amended from time to time (the "Master Agreement"), including the Schedule to the Master Agreement, the Credit Support Annex thereto, and any and all Confirmations with respect thereto (collectively with the Master Agreement, as amended from time to time, the "Transaction Documents"). Lehman Brothers

---
[1] Docket No. 19378.

1

Holdings Inc. ("LBHI," and together with LBSFI, the "Debtors") was named as a Credit Support Provider in the Transaction Documents, and LBSFI committed that LBHI would serve as a guarantor of LBSFI's obligations under the Transaction Documents. LBSFI committed to deliver a signed guarantee from LBHI upon execution of the Master Agreement.[2]

2.  The Holder Trust did not receive a copy of the executed LBHI guarantee because either (i) LBSFI or LBHI failed to deliver a copy of the signed document to the Holder Trust or (ii) the guarantee was not signed as a result of administrative oversight. The Holder Trust would not have entered into the Transaction Documents without LBHI's guarantee of LBSFI's obligations under the Transaction Documents.

3.  On September 15, 2008, LBHI commenced a voluntary case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. As a result, an event of default occurred under the Master Agreement.

4.  On September 19, 2008, the Holder Trust delivered a notice of termination (the "Termination Notice") to LBSFI, the defaulting party under the Transaction Documents, notifying LBSFI that the Holder Trust designated September 19, 2008 as the early termination date under the Master Agreement (the "Early Termination Date") and that all transactions under the Transaction Documents were terminated as of the Early Termination Date.

5.  In the Termination Notice, the Holder Trust notified LBSFI that its loss amount in respect to the early termination was negative $3,079,567 (the "Payment Obligation") and instructed LBSFI to apply $5,367,000 that the Holder Trust had provided to LBSFI as collateral under the Transactions Documents (the "Collateral") to the Payment Obligation and to

---

[2] In addition to LBSFI's specific commitment to provide credit support from LBHI, LBHI itself also committed to fully guarantee the payment of all liabilities, obligations and commitments of LBSFI in a Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005.

2

immediately return the remainder of the Collateral in the amount of $2,287,433 to the Holder Trust.

6. On October 3, 2008, LBSFI commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.

7. On September 18, 2009, the Holder Trust filed (i) proof of claim number 16482, amending previously filed proof of claim number 2151,[3] against LBSFI in the amount of $2,287,433 for the amount owed to the Holder Trust under the Transaction Documents (the "Holder Trust Derivative Claim"), and (ii) proof of claim number 16481, amending previously filed proof of claim number 2150,[4] against LBHI in the amount of $2,287,433 for LBHI's guarantee of LBSFI's obligations under the Transaction Documents (the "Holder Trust Guarantee Claim," and together with the Holder Trust Derivative Claim, the "Holder Trust Claims").

8. The Holder Trust and the Debtors engaged in negotiations regarding the Holder Trust Claims, but were unable to reach a consensual resolution regarding their allowance.

9. On August 19, 2011, the Debtors filed the 179th Omnibus Objection, requesting that the Court disallow the Holder Trust Guarantee Claim. The 179th Omnibus Objection alleges that claims subject to the objection are derivative claims under which either the Debtor is owed money or no money is owed by the Debtor. The 179th Omnibus Objection does not

---

[3] The Holder Trust amended proof of claim number 2151 to comply with the specific requirements of the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated July 2, 2009 (the "Claims Procedures Order"). Additionally, the Holder Trust timely filed the derivative questionnaire required by the Claims Procedures Order.

[4] The Holder Trust amended proof of claim number 2150 to comply with the specific requirements of the Claims Procedures Order. Additionally, the Holder Trust timely filed the guarantee questionnaire required by the Claims Procedures Order.

mention any substantive issues related to LBHI's guarantee of the Holder Trust Derivative Claim, which forms the basis for the Holder Trust Guarantee Claim.

10. Additionally, on August 19, 2011, the Debtors filed the Debtors' One Hundred Eighty-Second Omnibus Objection to Claims (Valued Derivative Claims) (the "182nd Omnibus Objection"),[5] requesting that the Court allow the Holder Trust Derivative Claim in the amount of $2,000,000.

**RESPONSE**

11. The Holder Trust objects to the treatment of the Holder Trust Guarantee Claim proposed in the 179th Omnibus Objection. The Holder Trust Guarantee Claim is not a derivative claim as to which money is owed to the Debtors or no money is owed to either party as the 179th Omnibus Objection suggests. In fact, the 182nd Omnibus Objection provides that the Holder Trust Derivative Claim, which provides the basis for the Holder Trust Guaranty Claim, should be allowed in the amount of $2,000,000. The only remaining issue in regard to the Holder Trust Guarantee Claim is purely legal: whether LBHI is responsible for payment of the Holder Trust Derivative Claim as a guarantor of LBSFI's obligations under the Transaction Documents.

12. The 179th Omnibus Objection fails to recognize that the Holder Trust Guarantee Claim asserts a guarantee claim against LBHI and fails to address the related legal issues. Upon information and belief, discovery will reveal either the existence of either a signed LBHI guarantee agreement or the existence of facts and evidence supporting the application of one or more theories of law that would result in LBHI's guarantee of LBSFI's obligations under the Transaction Documents being an enforceable LBHI obligation.

---

[5] Docket No. 19398.

4

**Reservation of Rights**

13. Given the limited analysis set forth in the 179th Omnibus, the Holder Trust is not using this Response to set forth its detailed analysis of the legal issues related to the allowance of the Holder Trust Guarantee Claim. The Holder Trust reserves the right, however, after discovery and prior to a hearing on the merits of the Holder Trust Guarantee Claim to provide briefing on the applicable legal issues.

14. In addition, nothing contained in this Response is intended to imply agreement with the valuation of the Holder Trust Derivative Claim asserted in the 182nd Omnibus Objection. The Holder Trust expressly reserves the right to respond separately to the 182nd Omnibus Objection.

FOR ALL THE ABOVE STATED REASONS, the Holder Trust respectfully requests that the Court (a) deny the relief requested in the 179th Omnibus Objection as to the Holder Trust Guarantee Claim; and (b) grant such further relief as the Court deems just.

Dated: November 10, 2011
New York, New York

HAYNES AND BOONE, LLP

　　*/s/ Robert D. Albergotti*
Robert D. Albergotti (*pro hac vice* pending)
Autumn D. Highsmith (*pro hac vice* pending)
HAYNES AND BOONE, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 884-8211

*Attorneys for Steven G. Holder Living Trust*

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing document was served via hand delivery, on November 10, 2011, upon the parties listed below with a copy to the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601.

                                    */s/ Robert D. Albergotti*

**Attorneys for the Debtors**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Robert J. Lemons, Esq.,
Penny Reid, Esq.,
Ralph Miller, Esq., and
Lee J. Goldberg, Esq.

**Office of the United States Trustee
for Region 2**
33 Whitehall Street, 21st Floor
New York, New York, 10004
Attn: Tracy Hope Davis, Esq.
Elisabetta Gasparini, Esq., and
Andrea B. Schwartz, Esq.

**Attorneys for the Official Committee
of Unsecured Creditors**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York, 10005
Attn: Dennis F. Dunne, Esq.,
Dennis O'Donnell, Esq., and
Evan Fleck, Esq.