Hearing Date and Time:  December 6, 2011 at 10:00 a.m. (Eastern Time)

**WACHTELL, LIPTON, ROSEN & KATZ**
51 West 52nd Street
New York, NY  10019
Telephone:  (212) 403-1000
Facsimile:  (212) 403-2000
Harold S. Novikoff
Gregory E. Pessin

*Attorneys for JPMorgan Chase & Co. and*
*the Other Objectors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF JPMORGAN CHASE & CO.,**
**BEAR STEARNS BANK PLC, BEAR STEARNS CREDIT PRODUCTS INC.,**
**BEAR STEARNS FOREX INC. AND BEAR STEARNS INTERNATIONAL LIMITED**
**TO PROPOSED ASSUMPTION OF CONTRACTS PURSUANT TO**
**DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

JPMORGAN CHASE & CO. ("JPMC & Co."), BEAR STEARNS BANK PLC (now known as J.P. Morgan Bank Dublin PLC, "JPMBD"), BEAR STEARNS CREDIT PRODUCTS INC. ("BSCP"), BEAR STEARNS FOREX INC. ("BSF") and BEAR STEARNS INTERNATIONAL LIMITED (now known as J.P. Morgan Markets Limited ("JPMM"), and collectively with all of the foregoing objectors, the "Objectors") hereby submit this Objection to the proposed assumption of their derivatives contracts by the above-captioned Debtors (the "Debtors") pursuant to the Debtors' Third Amended Joint Chapter 11 Plan (the "Plan").

1.  JPMC & Co., JPMBD, BSCP and JPMM are parties to prepetition ISDA

Master Agreements (including all related schedules, confirmations, guaranties and security agreements, the "ISDA Documents") with Lehman Brothers Special Financing, Inc. ("LBSF"). BSF is party to a prepetition Foreign Exchange and Options Master Agreement (including all related schedules, confirmations, guaranties and security agreements, the "FX Documents" and, together with the ISDA Documents, the "Derivatives Documents") with Lehman Brothers Commercial Corporation ("LBCC").

2. At all times relevant here, there were no transactions outstanding under the ISDA Documents between JPMC & Co. and LBSF.

3. By letter dated September 15, 2008, JPMBD designated September 15, 2008 as the Early Termination Date under the ISDA Documents between JPMBD and LBSF. JPMBD terminated, closed out and liquidated all of the transactions outstanding under such ISDA Documents before the commencement of LBSF's chapter 11 case, all in accordance with such ISDA Documents.

4. By letter dated September 15, 2008, BSCP designated September 15, 2008 as the Early Termination Date under the ISDA Documents between BSCP and LBSF. BSCP terminated, closed out and liquidated all of the transactions outstanding under such ISDA Documents before the commencement of LBSF's chapter 11 case, all in accordance with such ISDA Documents.

5. By letter dated September 16, 2008, BSF notified LBCC of its intention to terminate, close out and liquidate all outstanding transactions under the FX Documents. BSF terminated, closed out and liquidated all of the transactions outstanding under the FX Documents before the commencement of LBCC's chapter 11 case, all in accordance with the FX

Documents.

6.  By letter dated September 15, 2008, JPMM designated September 15, 2008 as the Early Termination Date under the ISDA Documents between JPMM and LBSF. JPMM terminated, closed out and liquidated all of the transactions outstanding under such ISDA Documents before the commencement of LBSF's chapter 11 case, all in accordance with such ISDA Documents.

7.  By virtue of the foregoing, at the time that LBSF and LBCC commenced their respective chapter 11 cases, there were no transactions outstanding under any of the Derivatives Documents.

8.  Nevertheless, the Debtors' Plan Supplement dated October 25, 2011 listed the Objectors among the parties whose "Derivative Contracts" are proposed to be assumed by the Debtors pursuant to the Plan. In addition, the Debtors sent by mail to each Objector a notice dated October 27, 2011 stating that the Debtors propose to assume such Objector's "Derivatives Contracts" pursuant to the Plan under sections 365(a) and 1123(b)(2) of the Bankruptcy Code. Each notice shows a "Cure Amount" of $0.

9.  As is evident from the foregoing, neither the Derivatives Documents nor any of the transactions thereunder are executory contracts capable of assumption under sections 365(a) and 1123(b)(2) of the Bankruptcy Code. In each case, the only "Derivatives Contracts" remaining between the relevant Objector and relevant Debtor are either (a) Derivatives Documents under which all transactions have been terminated, so that the only remaining obligation is the payment of money by one party to the other, or (b) Derivatives Documents under which there are no transactions and no obligations. None of these are executory contracts.

*See, e.g.*, *In re U. S. Wireless Data, Inc.*, 547 F.3d 484, 488 n.1 (2d Cir. N.Y. 2008) (finding that an executory contract is a "contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other" (internal citations omitted)); *In re Chateaugay Corp.*, 130 B.R. 162, 166 (S.D.N.Y. 1991) (holding that "Congress clearly intended a distinction between the treatment of ongoing contracts, on which performance remains due to some extent on both sides, and fully accrued debts, on which the only performance that remains is repayment" (internal citations omitted) and that while the former category may be assumed by a debtor, the latter may not); *In re Calpine Corp.,* 2008 Bankr. LEXIS 2152, at *15 (Bankr. S.D.N.Y. Aug. 4, 2008) ("A contract is not executory if the only performance required by one side is the payment of money." (internal citations omitted)); *In re Cornwall Hill Realty, Inc.,* 128 B.R. 378, 381 (Bankr. S.D.N.Y. 1991) ("If at the filing of the petition, all that remains to be performed under the contract is the obligation to pay money, the contract is not executory and may not be rejected." (internal citations omitted)).

10.     In the event that the Court determines that there are Derivatives Contracts capable of being assumed by the Debtors, the Objectors reserve the right to show the cure amount required to be paid by the relevant Debtor as a prerequisite to the Debtor assuming such Derivatives Contracts and assert any other rights that the Objectors may have under or with respect to such assumed contracts.

11.     WHEREFORE, the Objectors request that the Court exclude the Derivatives Documents between the Objectors and the relevant Debtors from the executory contracts to be assumed by the Debtors under the Plan, and grant such other relief as may be proper.

- 5 -

| | |
|---|---|
| Dated: New York, New York<br>November 10, 2011 | WACHTELL, LIPTON, ROSEN & KATZ<br><br>*/s/ Harold S. Novikoff*<br>Harold S. Novikoff<br>Gregory E, Pessin<br><br>51 West 52nd Street<br>New York, NY  10019<br>Telephone:  (212) 403-1000<br>Facsimile:  (212) 403-2000<br><br>*Attorneys for JPMorgan Chase & Co. and the Other Objectors* |