**RESPONSE DEADLINE: November 10, 2011 at 4:00 p.m. (Eastern Time)**

Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400

*Attorneys for Moore Macro Markets Fund (Master), LP*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

   LEHMAN BROTHERS HOLDINGS INC., et al.

          Debtors,

Chapter 11

Case No. 08-13555 (JMP)

Jointly Administered

# OBJECTION OF MOORE MACRO MARKETS FUND (MASTER), LP TO ASSUMPTION OF AGREEMENTS AS SET FORTH IN PLAN SUPPLEMENT

Moore Macro Markets Fund (Master), LP ("**Moore Macro Markets Fund**") hereby files its objection to the assumption of the below-referenced agreement between Lehman Brothers Special Financing Inc. ("**LBSF**") and Moore Macro Markets Fund. Terms used herein but not otherwise defined shall have the meanings ascribed to them in the ISDA Agreement, as defined below.

## BACKGROUND

1.      On September 1, 2011, Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (the "**Debtors**"), filed their Third Amended Joint Chapter 11 Plan Pursuant to Section 1125 of the Bankruptcy Code, ECF No. 19627 (the "**Plan**"). If the Plan is approved by the United States Bankruptcy Court for the Southern District of New York (this "**Court**"), the Debtors will, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, assume the executory contracts and unexpired leases listed on Exhibit 2 of the Plan Supplement, dated October 25, 2011, ECF No. 21254 (the "**Plan Supplement**"), and the other executory contracts assumed pursuant to Sections 11.1, 11.5 and 11.6 of the Plan.

2.      Pursuant to the terms of the Plan, Debtors provided Moore Macro Markets Fund with the notice ("**Notice**") dated October 27, 2011 notifying Moore Macro Markets Fund that Debtors propose to assume an International Swap Dealers

Association, Inc.[1] form of Master Agreement between Moore Macro Markets Fund and LBSF which was further modified and supplemented by the parties under the Schedule and Credit Support Annex thereto, each dated as of July 23, 2008 (collectively, the "**ISDA Agreement**")[2].  The information relating to the Debtors' proposed assumption of the ISDA Agreement contained in Exhibit A of the Notice is set forth below:

| Counterparty | Debtor | Title of Agreement | Cure Amount |
|---|---|---|---|
| MOORE MACRO MARKETS FUND (MASTER), LP | LEHMAN BROTHERS SPECIAL FINANCING INC. | | $0 |

3.    On September 15, 2008, LBSF's Credit Support Provider, LBHI, commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York.  The institution of this chapter 11 case constituted an Event of Default under the ISDA Agreement, whereby LBSF was the Defaulting Party and Moore Macro Markets Fund was the Non-defaulting Party under the ISDA Agreement.  In the exercise of its rights as the Non-defaulting Party, Moore Macro Markets Fund on September 15, 2008 promptly sent LBSF a notice of its intent to terminate all outstanding transactions (the "Transactions") under the ISDA Agreement and designated September 15, 2008 as the "**Early Termination Date**" pursuant to Section 6(a) of the ISDA Agreement.

---

[1]  This organization is now known as the International Swaps and Derivatives Association, Inc. ("ISDA").
[2]  The ISDA Agreement was submitted with the supplemental questionnaires in connection with the proofs of claim filed by Moore Macro Markets Fund in the above-referenced chapter 11 cases and is part of the record before the Court.

## OBJECTION

4. Moore Macro Markets Fund objects to the assumption of the ISDA Agreement because it is no longer an "executory contract", and therefore it is not capable of being assumed (or rejected) under section 365 of the Bankruptcy Code.

5. Although the Bankruptcy Code does not define the term "executory contract," in *Lehman Bros. Special Fin. Inc. v. BNY Corporate Tr. Servs. Ltd. (In re Lehman Bros. Holdings Inc.)*, 422 B.R. 407 (Bankr. S.D.N.Y. 2010), this Court recognized that "[t]he Second Circuit has characterized an executory contract as one on which performance remains due to some extent on both sides." *Id.* at 415. This Court went on to examine the extent to which performance must remain due on both sides for a contract to be treated as executory under Section 365 of the Bankruptcy Code and in this regard adopted the "Countryman" approach.[3] Under the Countryman approach, "an executory contract is one under which the obligation of both the bankrupt *and* the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Id.* at 416, quoting *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373 (2d Cir. 2008) (emphasis added) (internal quotation marks omitted).

6. Furthermore, the Bankruptcy Court for the Eastern District of New York has stated that "where the only performance that remains is the payment of money, the contract will not be found to be executory." *In re Spectrum Info. Technologies, Inc.*, 190 B.R. 741, 748 (Bankr. E.D.N.Y. 1996).

---

[3] See *In re Penn Traffic Co.*, 524 F.3d 373, 379 (2d Cir. 2008) (observing that "most courts and scholars" look to the definition of executory contract "first articulated by Professor Vernon Countryman in his seminal 1973 law review article").

**7.** The ISDA Agreement between LBSF and Moore Macro Markets Fund is not an executory contract because once Moore Macro Markets Fund terminated all outstanding Transactions under the ISDA Agreement performance no longer remained due from both parties to the contract. Even if Moore Macro Markets Fund owed money to LBSF under the ISDA Agreement, which it does not, such an obligation would merely constitute an obligation to pay money, and therefore the ISDA Agreement would not be considered executory. Accordingly, the ISDA Agreement is not an executory contract and may not be assumed by LBSF.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, Moore Macro Markets Fund objects to the assumption of the ISDA Agreement by LBSF. Moore Macro Markets Fund respectfully requests that the assumption of the ISDA Agreement be denied, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
November 10, 2011

SCHLAM STONE & DOLAN LLP

*Attorneys for Moore Macro Markets Fund (Master), LP*

By:    /s/ Bennette D. Kramer

Bennette D. Kramer (BK-1269)
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400
bdk@schlamstone.com

OF COUNSEL

Lauren Teigland-Hunt
Teigland-Hunt LLP
127 West 24th Street, 4th Floor
New York, NY 10011
(212) 269-1600
lteigland@teiglandhut.com