THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings, Inc., et. al.,

                              Debtors.

Chapter 11 Case No. 08-13555 (JMP)
(Jointly Administered)

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF THE HAVERFORD SCHOOL TO PROPOSED
ASSUMPTION OF EXECUTORY CONTRACTS**

       The Haverford School ("Haverford"), by and through its undersigned counsel, hereby files its limited objection and reservation of rights (together, the "Objection") with respect to the proposed assumption of executory contracts with Haverford by Lehman Brothers Special Financing Inc. ("LBSF") or their affiliated debtors (collectively, the "Debtors") in connection with the Third Amended Joint Plan of Lehman Brothers Holdings, Inc. and Its Affiliated Debtors (the "Plan") (Docket No. 19627), and as grounds for such Objection, respectfully states as follows:

       1.      Haverford was a party to that certain ISDA Master Agreement with LBSF dated as of March 1, 2007 (including that certain Confirmation dated March 1, 2007, and other documents related thereto, the "Swap Agreement") governing an interest rate swap transaction entered into by Haverford and LBSF. By letter dated June 3, 2009, Haverford provided notice to LBSF of the termination of the Swap Agreement effective June 3, 2009. In connection with such termination, Haverford paid LBSF a termination payment of $1,541,730.10, calculated in accordance with the provisions of the Swap Agreement.

       2.      The parties subsequently engaged in discussions concerning the amount of the termination payment. Those discussions culminated in an agreement reached in May of 2011 on

a further payment of $12,000 in settlement of LBSF's contention that the termination payment was inadequate. Since that time Haverford has received no further communication from LBSF.

3.  Pursuant to paragraph 9(a) of the Debtors' Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan dated September 9, 2011 (the "Confirmation Hearing Notice"), the Debtors committed to serve by October 27, 2011 a Cure Amount Notice[1] to any counterparty to an executory contract or unexpired lease listed in the Plan Supplement to be assumed pursuant the Plan, and required counterparties to serve any objection to the Debtors' proposed assumption or cure by the later of (i) the November 4, 2011 Plan Objection Deadline or (ii) fourteen (14) days from service of the Cure Amount Notice.

4.  On October 25, 2011, the Debtors filed their Plan Supplement (Docket No. 21254), which included as Exhibit 2, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "Assumed Contract List"). Although Haverford is listed on Exhibit A of the Assumed Contract List as a derivatives contract counterparty, no specific contract between the Debtors and Haverford is described in such exhibit. The preamble to Exhibit A of the Assumed Contract List notes that "[u]nless a specific derivatives contract is noted for a specific counterparty, the Debtors intend to assume all derivatives contracts with each counterparty set forth on Exhibit 2, Part A."

5.  Haverford subsequently received a Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Confirmation Hearing Notice.

Pursuant to Section 1121 of the Bankruptcy Code dated October 27, 2011 (the "Assumption and Cure Notice") setting forth a proposed cure amount of $0.00 in connection with the proposed assumption. The Assumption and Cure Notice requires that any written objection to the proposed assumption and cure must be filed on or before November 10, 2011.

6.  Because the Swap Agreement was terminated as of June 3, 2009, the Swap Agreement is not an executory contract and therefore is not eligible for assumption pursuant to Bankruptcy Code section 365. See In re Atlantic Computer Sys., Inc., 173 B.R. 844, 856 (S.D.N.Y. 1994) (contracts are not executory where such contracts have been terminated and the only remaining obligation thereunder is the payment of money) (citing In re Chateaugay Corp., 130 B.R. 162, 165-66 (S.D.N.Y. 1991).

7.  Moreover, and to the extent that the Debtors assert and the Court determines that the Swap Agreement remains executory and is capable of assumption, Haverford objects to the proposed assumption of the Swap Agreement and the proposed cure amount of $0.00 to be paid in connection with such assumption because the Debtors have failed to demonstrate that they can or will cure any defaults, compensate Haverford for any loss, and/or provide adequate assurance of performance. Pursuant to Bankruptcy Code section 365(b)(1)(A) the Debtors are required to cure all defaults under an executory contract as a condition to the assumption and/or assignment of such contract. In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008) ("The debtor bears the burden of showing that the requirements for assumption under § 365 have been met.") (citations omitted).

8.  Haverford hereby further reserves its rights with respect to the ultimate treatment of the Swap Agreement under any plan of reorganization proposed in connection with the Debtors' cases, including, but not limited to, the right to further dispute the treatment of the

Swap Agreement as an executory contract and the right to further object to the determination of any proposed adequate assurance or cure amounts to be paid in connection with the assumption of the Swap Agreement.

## CONCLUSION

WHEREFORE, Haverford respectfully requests that the Court enter an order directing that the Swap Agreement be removed from the Assumed Contract List as a non-executory contract or, to the extent that the Court determines that the Swap Agreement is an executory contract, that the proposed assumption of the Swap Agreement be denied until such time as the parties thereto reach a resolution as to the appropriate adequate assurance to be provided and cure amounts to be paid in connection with the assumption of such Swap Agreement, and such other relief as this Court deems just and proper.

Dated: November 10, 2011
Wilmington, Delaware

Respectfully Submitted,

BALLARD SPAHR LLP

By: /s/ Christopher S. Chow
Christopher S. Chow (CC-4172)
919 N. Market Street, 11th Floor
Wilmington, DE  19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
Email: chowc@ballardspahr.com

- and –

William A. Slaughter
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-9788
Email: slaughter@ballardspahr.com

Attorneys for The Haverford School