# EXHIBIT A

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing Inc. | Case No. of Debtor<br>08-13888 |

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000043779

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Sankaty Credit Opportunities Partners III, L.P.
Attention: Jeffrey B. Hawkins
111 Huntington Avenue
Boston, MA 02199

Telephone number: 617-516-2000    Email Address:

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: 21739
*(If known)*

Filed on: 9/21/2009

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. **Amount of Claim as of Date Case Filed:** $ 42,212,081.74  *See Schedule A attached

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** ISDA Master Agreement as described more fully in Schedule A, attached
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   **Amount entitled to priority:**

   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

| Date:<br>10/22/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Jeffrey B. Hawkins, Managing Director & Chief Operating Officer |
|---|---|

**FOR COURT USE ONLY**

FILED / RECEIVED
OCT 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) 08-13555 (JMP) |
| Debtors. | ) (Jointly Administered) |

## ATTACHMENT TO PROOF OF CLAIM OF
## SANKATY CREDIT OPPORTUNITIES III, L.P.

The undersigned, having an office at 111 Huntington Avenue, Boston, MA 02199, is an authorized signatory of Sankaty Credit Opportunities III, L.P. (the "Fund"), and duly authorized to execute and file this amendment to claim # 21739, previously filed, on behalf of the Fund (the "Claim"). In support of this Claim, the Fund represents as follows:

### Background

Master Agreement

1.  The Fund and Lehman Brothers Special Financing Inc. ("LBSF") entered into a 1992 ISDA Master Agreement (Multicurrency-Cross Border), dated as of March 17, 2005 (the "ISDA Agreement"), as amended and supplemented by a schedule (the "Schedule") and a credit support annex (the "Credit Support Annex", and collectively with the ISDA Agreement and the Schedule, the "Master Agreement").

2.  Lehman Brothers Holdings Inc. ("LBHI") provided a guarantee to the Fund as credit support in connection with the Master Agreement (the "ISDA Guarantee"). Under the ISDA Guarantee, LBHI unconditionally guaranteed to the Fund "the due and punctual payment of all amounts payable by [LBSF] under each Transaction when and as [LBSF's] obligations

thereunder shall become due and payable in accordance with the terms of the [Master] Agreement." ISDA Guarantee, ¶ (a). LBHI further agreed, "upon written demand by [the Fund], to pay or cause to be paid any such amounts punctually when and as the same shall become due and payable." Id. The ISDA Guarantee is a guarantee of payment, not a guarantee of collection. Id., at ¶ (b). LBHI also provided a general guarantee of payment of all liabilities, obligations and commitments of LBSF through resolutions adopted by the Executive Committee of the Board of Directors of LBHI on June 9, 2005 (the "Board of Directors Guarantee"). Collectively, the ISDA Guarantee and the Board of Directors Guarantee comprise the "Guarantees."

Bankruptcy Cases

3.     LBHI filed a petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 15, 2008 (the "Petition Date"). LBSF filed a petition under chapter 11 of the Bankruptcy Code on October 3, 2008.

## Basis of Claim

4.     Part 4(g) of the Schedule defines the "Credit Support Provider" under the Master Agreement as LBHI. An event of default thus occurred under Section 5(a)(vii) of the ISDA Agreement when LBHI filed a bankruptcy petition on the Petition Date.

5.     Section 6(a) of the ISDA Agreement provides that if an event of default occurs, the non-defaulting party may notify the defaulting party that it is terminating all outstanding transactions. After the Petition Date the Fund sent LBSF a notice of early termination designating September 15, 2008 as the "Early Termination Date" in respect of all outstanding Transactions under the Master Agreement (the "Early Termination Notice"). The Fund

12240958_1.DOC                                                 2

accordingly terminated all outstanding transactions under the Master Agreement as of the Early Termination Date.

6.  The Fund sent LBSF a Statement of Calculations (the "<u>Original Calculation Statement</u>") on September 19, 2008, notifying LBSF of the amount due to the Fund under certain transactions that had been terminated. In addition, LBSF held $7,620,473.59 of excess collateral that the Fund had posted under the Master Agreement. For LBSF's convenience, the Fund has submitted a revised Calculation Statement (the "Calculation Statement") that includes this excess collateral amount.

7.  Pursuant to the Master Agreement, the Fund asserts a claim against LBSF for the following amounts: (i) damages in the amount of $33,873,020.41 based upon the Fund's Loss (as defined in the Master Agreement) in respect to the transactions listed in the Original Calculation Statement, (ii) interest on the foregoing amounts in accordance with Section 6(d)(ii) (Payment Date) of the ISDA Agreement, accruing from and including the Early Termination Date and payable at the Default Rate,[1] (iii) return of collateral in the amount of $7,620,473.59 and (iv) the Fund's Expenses pursuant to Section 11 of the ISDA Agreement (including, but not limited to, reasonable out-of-pocket expenses, costs and attorneys' fees incurred by the Fund in enforcing its rights under the Master Agreement), plus any other amounts due and owing under the Agreement (the "<u>Claim Amount</u>").

8.  As of the date of the filing of this Claim, the Fund has received no payment on account of any portion of the Claim Amount from LBSF. The Fund accordingly asserts this Claim against LBSF under the Master Agreement for the full Claim Amount (in addition to

---

[1] This amount is the Fund's cost of funds on the Early Termination Date plus 1 percent.

asserting a similar claim under the Guarantees against LBHI, which claim is the subject of a separate proof of claim).

9.  The Claim is evidenced by various documents and instruments, including (without limitation) the Master Agreement, the Guarantees, the Early Termination Notice, and the Calculation Statement, all of which will be submitted with the Derivative Questionnaire or the Guarantee Questionnaire. The Fund reserves the right to attach, produce, and/or rely upon additional documents supporting its Claim or additional documents that may become available after further investigation or discovery.

10. No judgment has been rendered on account of the Claim.

11. The amounts of all payments on the Claim have been credited and deducted for the purpose of making this Claim.

12. The Claim is filed as an unsecured claim.

13. All notices and distributions in respect of the Claim should be forwarded to:

> Sankaty Credit Opportunities III, L.P.
> Attention: Jeffrey B. Hawkins
> 111 Huntington Avenue
> Boston, MA 02199

14. This Proof of Claim serves, and is intended to serve, as notice of a claim for any amount which has become due or is to become due with respect to the transactions. The provisions of the Guarantees and Master Agreement and transaction documents are expressly incorporated herein by reference, whether or not summarized or identified specifically in this Proof of Claim.

15. The filing of this Proof of Claim is not and should not be construed to be a waiver of the right to claim interest in an amount to be proven.

16. The Fund reserves all rights and remedies under the Guarantees and Master Agreement (including, but not limited to, its rights pursuant to Section 11 (Expenses) of the ISDA Agreement and any right of set-off and/or recoupment) and any other agreements between or among LBSF or LBHI and the Fund and/or the Fund's affiliates, branches or offices, or applicable law, and any failure of the Fund to exercise remedies pursuant thereto shall not, and shall not be deemed to, waive, abandon, discontinue or preclude the exercise of any of its respective rights, powers, privileges or remedies thereunder or under applicable law, including without limitation any rights, powers, privileges or remedies relating to other existing or future defaults or event of default thereunder.

17. The Fund reserves the right to amend or supplement this Proof of Claim (and any related Derivative Questionnaire or Guarantee Questionnaire) at any time and in any respect, including, without limitation, as necessary or appropriate to amend, quantify or correct amounts, to provide additional detail regarding the claims set forth herein, or to fix the amount of any unliquidated claim. The Fund further reserves the right to assert additional claims with respect to other transactions and obligations.

18. In filing this Proof of Claim, the Fund does not submit itself to the jurisdiction of this Court for any purpose other than with respect to the allowance of this claim for any and all amounts due under the Guarantees and Master Agreement and as otherwise specified herein, and does not consent to the jurisdiction of this Court to adjudicate any other matter relating to the rights and remedies of the Fund.

19. Filing of this Proof of Claim is not and shall not be deemed or construed as a waiver or release of the Fund's rights against any person, entity or property (including, without

limitation, any person or entity that is or may become a debtor in a case pending in this Court) or any other right, remedy, claim or defense of the Fund whatsoever.

[The remainder of this page is intentionally left blank.]

|  |  |
|---|---|
| | SANKATY CREDIT OPPORTUNITIES III, L.P.. |
| October 22, 2009 | _____<br>Name: Jeffrey B. Hawkins<br>Title: Managing Director & Chief Operating Officer |

RECEIVED BY: [signature]    10/22/09 /DATE    2:30 TIME

H A N D   D E L I V E R Y