Proposed Hearing Date and Time: December 6, 2011 at 10:00 a.m. (prevailing Eastern Time)
Objection Deadline: November 10, 2011

ROPES & GRAY LLP
Mark I. Bane (MB 4883)
Jose Raul Alcantar Villagran (JA 0925)
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone:  (212) 596-9000
Facsimile:  (212) 596-9090

*Attorneys for Sankaty Special Situations I, L.P.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | Case No. 08-13555 (JMP) |
| **Debtors.** | Jointly Administered |

**STATEMENT AND RESERVATION OF RIGHTS OF
SANKATY SPECIAL SITUATIONS I, L.P. WITH RESPECT TO
DEBTORS' PROPOSED ASSUMPTION OF DERIVATIVE AGREEMENTS**

Sankaty Special Situations I, L.P. ("Sankaty Special Situations"), by and through its undersigned counsel, hereby submits this statement and reservation of rights (the "Reservation of Rights") with respect to the Debtors' proposed assumption of unspecified derivative contracts between Sankaty Special Situations and Lehman Brothers Special Financing, Inc. ("LBSF"), pursuant to the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [Docket No 19627] (the "Proposed Plan"), and respectfully sets forth as follows:

**Background**

1.  On August 13, 2007, Sankaty Special Situations and LBSF entered into an ISDA Master Agreement (Multicurrency-Cross Border), as amended and supplemented by a schedule

and a credit support annex (collectively, the "<u>Agreement</u>").[1] Lehman Brothers Holdings Inc. guaranteed LBSF's obligations under the Agreement.

2. On September 15, 2008, LBHI filed a petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"). On October 3, 2008, LBSF also filed a petition for relief under chapter 11 of the Bankruptcy Code with the Bankruptcy Court.

## LBSF's Proposed Assumption

3. Articles 11.1 and 11.2 of the Proposed Plan of Reorganization filed by the Debtors (the "<u>Proposed Plan</u>") provide that the Debtors will publish, in the Plan Supplement, a list of executory contracts and unexpired leases to be assumed, and those contracts and leases will be approved as assumed upon entry of an Order of this Court confirming the Proposed Plan. This list of executory contracts appears as Plan Supplement Exhibit 2 – "Schedule of Executory Contracts and Unexpired Leases to Be Assumed Pursuant to Section 11.1 of the Plan."

4. Exhibit 2, Part A to the Plan Supplement lists those counterparties to purported derivative agreements with LBSF that LBSF now seeks to assume. Exhibit 2, Part A to the Plan Supplement states that "[u]nless a specific derivatives contract is noted for a specific counterparty, the Debtors intend to assume all derivatives contract with each counterparty set forth on Exhibit 2, Part A." Sankaty Special Situations is listed on Exhibit 2, Part A.

## Sankaty Special Situations' Cure Amounts

5. LBSF is not entitled to assume the Agreement and any related transactions until LBSF cures all defaults thereunder. <u>See</u> 11 U.S.C. § 365(b); <u>see</u> <u>also</u> <u>E. Airlines, Inc. v. The Ins.</u>

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the applicable Agreement.

2

Co. of the State of Pa. (In re Ionosphere Clubs, Inc.), 85 F.3d 992, 999 (2d Cir. 1996).  Sankaty Special Situations filed a proof of claim against LBSF, in the amount of at least $3,252,086.00, based on LBSF's monetary defaults under the Agreement and the related transactions.  Pursuant to section 365(b) of the Bankruptcy Code, and as a precondition to an assumption of the Agreement by LBSF, Sankaty Special Situations is entitled to cure and compensation from LBSF in the amount not less than that set forth above, plus any additional amounts arising between the claim filing date and the date the Agreement is assumed.  Moreover, as a further prerequisite to the assumption of these agreements, the Debtors are obligated to cure all non-monetary defaults.

**Reservation of Rights**

6. Sankaty Special Situations has not received a notice of proposed assumption and cure amount with respect to the Agreement or related transactions.  Although the preamble to Exhibit 2, Part A of the Plan Supplement states that, where no particular contract is named, the Debtors intend to assume all executory contracts with that counterparty, Sankaty Special Situations has no way of adequately evaluating the merits of LBSF's proposed wholesale assumption of all so-called "derivative agreements" to which Sankaty Special Situations is counterparty.  The barebones "notice" of LBSF's proposed assumption – a simple listing of Sankaty Special Situations on an exhibit to the filed Plan Supplement – is manifestly inadequate and clearly runs afoul of Sankaty Special Situations' due process rights.  Moreover, the Debtors have failed to provide notice of any intended cure amount relating to such assumption.

7. In order to provide Sankaty Special Situations with a meaningful opportunity to evaluate, and respond to (if necessary) LBSF's proposed assumption, this Court should direct LBSF to provide adequate and detailed notice to Sankaty Special Situations.  Such notice should at the very least, (a) specifically reference the particular agreements that LBSF seeks to assume,

3

(b) provide LBSF's proposed cure amounts with respect to each such agreement, (c) include LBSF's proposal regarding the curing of all non-monetary defaults, and (d) describe LBSF's intended provisions of providing adequate assurance of future performance.

8.  Only upon receipt of adequate notice will Sankaty Special Situations be able to evaluate adequately LBSF's proposed assumption. Sankaty Special Situations reserves all rights to supplement this Reservation of Rights and to challenge the proposed assumption on due process or any other applicable grounds.

### Notice

No trustee or examiner has been appointed in these cases. Notice of this Reservation of Rights has been provided to: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.).

### Conclusion

**WHEREFORE**, the Sankaty Special Situations respectfully requests that the Bankruptcy Court (i) direct LBSF to advise Sankaty Special Situations regarding LBSF's intended treatment of any contracts with Sankaty Special Situations, (ii) provide Sankaty Special Situations the opportunity to respond to such advice from LBSF, (iii) reserve all of Sankaty Special Situations'

rights regarding LBSF's intended assumption or rejection of contracts with Sankaty Special Situations, if any, and (iv) grant such other and further relief as is just and proper.

Dated: November 10, 2011
      New York, New York

                                      ROPES & GRAY LLP

                                      */s/ _Mark I. Bane__*
                                      Mark I. Bane (MB 4883)
                                      Jose Raul Alcantar Villagran (JA 0925)
                                      1211 Avenue of the Americas
                                      New York, New York 10036-8704
                                      Telephone:  (212) 596-9000

                                      Facsimile:  (212) 596-9090

                                      *Attorneys for Sankaty Special Situations I, L.P.*