**Hearing Date and Time: December 6, 2011 at 10:00 a.m. (Eastern)**

MAYER BROWN LLP
1675 Broadway
New York, New York 10019
Tel. (212) 506-2500
Fax (212) 262-1910
Brian Trust (BT-0347)
Jeffrey G. Tougas (JT-5533)
Christine A. Walsh (CW-2727)

COUNSEL TO FIRSTCARIBBEAN INTERNATIONAL BANK (BAHAMAS) LIMITED

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**OBJECTION OF FIRSTCARIBBEAN INTERNATIONAL BANK (BAHAMAS)
LIMITED IN CONNECTION WITH DEBTORS' PLAN SUPPLEMENT AND NOTICE
OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS**

TO:    **THE HONORABLE JUDGE JAMES M. PECK
        UNITED STATES BANKRUPTCY JUDGE:**

FirstCaribbean International Bank (Bahamas) Limited ("**FCIB**"), by and through its

undersigned attorneys, makes the following objection in connection with the Plan Supplement

[Docket No. 21254] (the "**Plan Supplement**"), filed on October 25, 2011, by Lehman Brothers

Holdings Inc. ("**LBHI**") and its affiliated debtors (collectively, with LBHI, the "**Debtors**"),[1]

respectfully stating as follows:

---

[1]    Capitalized terms used herein but not otherwise defined herein shall have the meanings assigned to such terms in the Plan.

## PRELIMINARY STATEMENT

FCIB's Swap Agreement (as defined below) with Lehman Brothers Special Financing ("**LBSF**") is not assumable by LBSF, as contemplated by the Plan Supplement, because all transactions thereunder were terminated, and because the Swap Agreement is, therefore, not an executory contract. If this Court should determine, however, that the Swap Agreement is assumable by LBSF, then FCIB reserves the right to seek a full cure and compensation, pursuant to section 365 of the Bankruptcy Code. Though it has not yet been served with a Notice of Assumption, and in order to preserve its rights with regard to cure and compensation, FCIB also objects to any "Cure Amount" that may be set forth in any Notice of Assumption that may be served upon FCIB hereafter.

## BACKGROUND

1.    On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

2.    On various dates thereafter, LBHI's affiliated debtors in these cases filed voluntary petitions for relief under the Bankruptcy Code, whereupon, the Debtors' cases were administratively consolidated by the Bankruptcy Court. Specifically, LBSF filed a voluntary petition under chapter 11 of the Bankruptcy Code on October 3, 2008.

3.    On July 2, 2009, the Bankruptcy Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "**Bar Date Order**") in these cases.

4.     FCIB is party to an ISDA Master Agreement, dated as of February 6, 2004, with LBSF (the "**Swap Agreement**").  All transactions under the Swap Agreement were duly terminated because of LBHI's bankruptcy filing.  All of LBSF's obligations under the Swap Agreement are guaranteed by LBHI.

5.     On September 1, 2011, the Court entered an Amended Order approving the Debtors' Amended Motion (i) for Approval of the Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan.

6.     On October 25, 2011, the Debtors filed their Plan Supplement which contains, among other things, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "**Assumption Schedule**").  The Assumption Schedule lists FCIB as a party to an executory contract the Debtors propose to assume, without identifying any contract with particularity.  FCIB assumes that the Swap Agreement is the one and only FCIB-related "executory" contract the Debtors propose to assume.[2]

## ARGUMENT

7.     All transactions under the Swap Agreement were properly terminated, in accordance with their terms and applicable law because of the LBHI bankruptcy filing, therefore, the Swap Agreement is not subject to assumption by the Debtors.

8.     For the purposes of assumption under section 365 of the Bankruptcy Code, Bankruptcy courts have adopted Professor Vernon Countryman's definition of an "executory contract" as "[a] contract under which the obligations of both the bankrupt and the other party to

---

[2]     Because the Assumption Schedule does not specifically identify any agreement(s) with FCIB, FCIB reserves all of the rights reserved herein with respect to the Swap Agreement, as to any other FCIB-related "executory contracts" the Debtors intend to assume pursuant to the Plan Supplement.

the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other."  V. Countryman, *Executory Contracts in Bankruptcy*, 57 Minn. L. Rev. 439, 446 (1973); *In re Wireless Data, Inc.*, 547 F.3d 484, 488 FN1 (2d Cir. 2008) ("[a]lthough § 365 does not define the term "executory contracts," courts have long employed the definition articulated by Professor Countryman . . . ."); *In re Penn Traffic Co.*, 524 F.3d 373, 379 (2d Cir. 2008) (observing that "most courts and scholars" look to the definition of executory contract "first articulated by Professor Vernon Countryman in his seminal 1973 law review article").

9.     The Swap Agreement, as a "master agreement," is not an executory contract, within the meaning of section 365 of the Bankruptcy Code, as the only performance that remains is the payment of termination-related damages thereunder by the party obligated to make such payment, and is not, therefore, subject to assumption by the Debtors.  *See, e.g., In re Chateaugay Corp.*, 130 B.R. 162, 165-66 (Bankr. S.D.N.Y. 1991) (holding that "[a] contract is not executory where the non-debtor party has rendered full performance of its obligations, regardless of whether the debtor has rendered any performance at all," and that an "obligation to pay money, standing alone, is insufficient to render a contract executory"); *In re J.M. Fields, Inc.*, 22 B.R. 861, 864 (Bankr. S.D.N.Y. 1982) (holding that an executory contract "does not encompass the situation where a nonbankrupt party to a contract has rendered full performance of its obligations but where a bankrupt party has performed only partially or not at all"); *See In re Res. Tech. Corp.*, 254 B.R. 215 (Bankr. N.D. Ill. 2000) (holding that where there is no potential benefit to the estate from the contract, because one party has already performed all of its substantial obligations, then there is no "executory contract" that must be assumed or rejected).

4

10.     Should this Court determine, however, that the Swap Agreement is an executory contract, subject to assumption by LBSF on the Plan Effective Date, or otherwise, then in connection with any such determination, FCIB objects to any "Cure Amount" asserted by LBSF, whether set forth in a Notice of Assumption, or otherwise, and reserves all rights under section 365 of the Bankruptcy Code afforded to non-debtor parties to executory contracts including, without limitation:

- the requirement that all defaults (other than the default caused by the commencement of LBSF's bankruptcy case) must be cured, as a condition precedent to any such assumption; and

- the requirement that any pecuniary loss to the non-defaulting counterparty resulting from the default(s) must be compensated, as a condition precedent to any such assumption.

## CONCLUSION

The Swap Agreement is not an assumable, executory contract in these cases and, therefore, the Assumption Schedule should be amended to exclude the Swap Agreement[3] between LBSF and FCIB from the list of executory contracts to be assumed.

FCIB is entitled to the protections of section 365 of the Bankruptcy Code should this Court determine the Swap Agreement to be assumable, including, but not limited to, the protections of cure and compensation.

FCIB hereby reserves the right to supplement this Statement, which is without prejudice to the assertion of other claims for relief with respect to the Plan Supplement and/or any Notices

---

[3]     *See, also*, fn 2, *supra*.

of Assumption that may be served on FCIB hereafter,[4] and to file memoranda and to offer

evidence at the confirmation hearing, in support hereof.


Dated: New York, New York
        November 10, 2011

                                        Respectfully submitted,


                                        /s/ Brian Trust

                                        Brian Trust (BT-0347)
                                        Jeffrey G. Tougas (JT-5533)
                                        Christine A. Walsh (CW-2727)
                                        MAYER BROWN LLP
                                        1675 Broadway
                                        New York, New York 10019
                                        (212) 506-2500 (phone)
                                        (212) 262-1910 (fax)

                                        *COUNSEL TO FIRSTCARIBBEAN INTERNATIONAL
                                        BANK (BAHAMAS) LIMITED*


                            *       *       *

---

[4]    FCIB reserves, to the extent necessary, all rights to a full evidentiary hearing to determine the amount of any termination-related damages in connection with the Swap Agreement and any other "executory" contracts involving FCIB that may be implicated by the terms of the Plan Supplement.

700721763