Jeffrey L. Schwartz
Christopher J. Hunker
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone:    212-478-7200
Facsimile:    212-478-7400

*Attorneys for Commerzbank AG*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                          :

In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.*

Debtors.

------------------------------------------------------------------ x

| | |
|---|---|
| : | Chapter 11 |
| : | |
| : | Case No.  08-13555 (JMP) |
| : | |
| : | Jointly Administered |
| : | |
| : | |

**Hearing Date:  December 6, 2011 at 10:00 a.m.**
**Objection Deadline:  November 10, 2011**

### LIMITED OBJECTION OF COMMERZBANK AG, AS SUCCESSOR TO DRESDNER BANK AG, TO ASSUMPTION OF DERIVATIVES CONTRACTS AS SET FORTH IN THE PLAN SUPPLEMENT

Commerzbank AG ("Commerzbank"), as successor to Dresdner Bank AG ("Dresdner"),

by and through its undersigned counsel, respectfully submits this limited objection ("Objection")

to the proposed assumption[1] of that certain ISDA Master Agreement dated February 1, 1994 (the

"ISDA Master") entered into between Dresdner and Lehman Brothers Special Financing Inc.

("LBSF") in connection with the *Third Amended Joint Chapter 11 Plan dated August 31, 2011 of

Lehman Brothers Holdings Inc.* (the "Plan"), the Plan Supplement to the Plan dated October 25,

2011 (the "Plan Supplement"), and the Notice of Proposed Assumption of Executory Contracts

and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to

---

[1]    The Plan Supplement states that "[u]nless a specific derivatives contract is noted for a specific counterparty, the Debtors intend to assume all derivatives contracts with each counterparty set forth on Exhibit 2, Part A."  To the extent the Debtors seek to assume any derivatives contracts other than the ISDA Master, this Objection shall extend to the assumption of any such derivatives contracts.

Section 1121 of the Bankruptcy Code (the "Notice of Assumption").   In support of this

Objection, Commerzbank respectfully states as follows:

## PRELIMINARY STATEMENT

1.      It is unclear to Commerzbank why LBSF would seek to assume the ISDA Master

where all transactions thereunder have long since been terminated.  However, if LBSF wishes to

do so, it must satisfy all of the requirements of section 365 of the Bankruptcy Code (defined

below).  It is unclear to Commerzbank that the Debtors intend to do so.

## BACKGROUND

2.      On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings, Inc.

("LBHI") and certain of its affiliates filed voluntary petitions for relief under chapter 11 of Title

11 of the United States Code (the "Bankruptcy Code").

3.      On October 3, 2008, certain other affiliates of LBHI, including LBSF (together

with LBHI and the other jointly-administered debtors, the "Debtors"), filed voluntary petitions

for relief under chapter 11 of the Bankruptcy Code.

4.      On July 2, 2009, the Bankruptcy Court entered its Order Pursuant to Section

502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for

Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the

Proof of Claim Form (the "Bar Date Order").

5.      In accordance with the Bar Date Order, Dresdner filed a proof of claim asserting

claims under the ISDA Master against LBSF and LBHI, which guaranteed the obligations of

LBSF under the ISDA Master (the "LBHI Guarantees").[2]   Commerzbank and the Debtors

continue to engage in negotiations concerning such claims.

6.      On August 31, 2011, the Debtors filed the Plan.

7.      On September 1, 2011, the Court entered its *Amended Order (I) Approving the*

*Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement*

*Hearing, (II) Establishing Solicitation and Voting Procedures, (III) Scheduling a Confirmation*

*Hearing, (IV) Establishing Notice and Objection Procedures for Confirmation of the Debtor's*

*Joint Chapter 11 Plan* [D.I. 19631] (the "Disclosure Statement Order").

8.      Pursuant to Section 11.1 of the Plan,

> all executory contracts and unexpired leases that exist between a
> Debtor and any person or entity shall be deemed rejected by such
> Debtor, as of the Effective Date, except for any executory contract
> or unexpired lease ...  (c) that is specifically designated in the Plan
> Supplement as a contract or lease to be assumed by the Debtor.

9.      Section 11.2 of the Plan provides that--

> [e]ntry of the Confirmation Order shall, subject to and upon the
> occurrence of the Effective Date, constitute (a) the approval,
> pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy
> Code, of the assumption of the executory contracts and unexpired
> leases assumed or assumed and assigned pursuant to the Plan.

10.     And finally, the notice of the Confirmation Hearing (as defined in the Plan)

directs that--

> [i]f you are a Counterparty to an executory contract or unexpired
> lease to be assumed or assumed and assigned by the Debtors, you
> must file and serve any objection to the assumption or the cure
> amounts listed by the Debtors on the above-referenced schedule by
> the Plan Objection Deadline.

---

[2]   All transactions under the ISDA Master were terminated properly by Dresdner on or about September 16, 2008
pursuant to the occurrence of a bankruptcy event of default.

11.      On October 25, 2011, the Debtors filed their Plan Supplement with the Bankruptcy Court [D.I. 21254].  The Plan Supplement contains, among other things, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "Assumption Schedule").

12.      On or about November 7, 2011, the Notice of Assumption was received.  The Assumption Schedule lists Dresdner as a party to one or more executory contracts with LBSF which the Debtors propose to assume, and the "Cure Amount" listed on the Notice of Assumption is "$0.00."

**LIMITED OBJECTION**

13.      By the Plan Supplement, LBSF wishes to assume the ISDA Master with no extant trades, and where the possibility of future trades is, to put it mildly, remote.  Accordingly, Commerzbank can only surmise that LBSF's purpose here is to somehow affect trades under the ISDA Master which have previously been properly terminated.  If LBSF wishes to assume the ISDA Master which governed those terminated trades by paying all sums due and providing adequate assurance of future performance, Commerzbank would be willing to consider the possibility of withdrawing this Objection.  Obviously, this is not LBSF's intent (nor could it be, as LBSF has not even attempted to explain how it will perform its obligations under the ISDA Master).  If, on the other hand, LBSF has ulterior motives in assuming the ISDA Master, it should make its intent known with precision so that Commerzbank and others similarly situated can contemplate precisely what LBSF is trying to achieve here.  Commerzbank suggests that whatever LBSF is trying to achieve by the assumption of the ISDA Master can be better achieved through stipulation of the parties and is willing to discuss this possibility with the Debtor as its convenience.

4

## ARGUMENT

14.    In connection with the assumption of any agreement, pursuant to section 365 of

the Bankruptcy Code, a debtor must:

> (1) cure the default, or provide adequate assurance that it will
> promptly cure it; (2) compensate, or provide adequate assurance
> that the trustee will promptly compensate, the non-debtor party to
> the contract for any actual monetary loss caused by the debtor's
> default; and (3) provide adequate assurance of future performance
> under the contract.

11 U.S.C. 365(b)(1)(A)(C).

15.    Section 365 of the Bankruptcy Code requires a debtor to cure any outstanding

obligations with respect to the assumed contract and confers priority status on claims of default

arising under an assumed contract. *See id.* § 365(b)(1)(A); *cf. In re Chateaugay Corp.*, 10 F.3d

944, 954 (2d Cir. 1993); *Am. Anthracite & Bituminous Coal Corp. v. Leonardo Arrivabene*, S.A.,

280 F.2d 119, 124 (2d Cir. 1960).  The allowance of these "cure" claims is designed to (i) restore

the "debtor-creditor relationship. . . to pre-default conditions," *In re Taddeo*, 685 F.2d 24, 26-27

(2d Cir. 1982), and (ii) bring the contract back into compliance with its terms.  *See ReGen*

*Capital I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.)*, 547 F.3d 484, 489 (2d Cir. 2008)

(finding cure not necessary where creditor failed to file timely proof of claim) (quoting 3

COLLIER ON BANKRUPTCY para. 365.05[3], at 365-54 (15th ed. Rev. 2008)).

16.    If this Court determines that the ISDA Master, under these circumstances, is an

executory contract,[3] subject to assumption by LBSF on the Plan Effective Date, or otherwise,

then in connection with any such determination, Commerzbank (i) objects on the basis that the

---

[3]    Commerzbank is mindful of this Court's holding that similar ISDA master agreements are executory contracts. *See LBSF v. BNY Corp. Tr. Servs. Ltd.*, 422 B.R. 407, 415-416 (Bankr. S.D.N.Y. 2010); *see also Calpine Energy Servs., L.P. v. Reliant Energy Electric Solutions, L.L.C. (In re Calpine Corp.)*, No. 05-60200, 2005 Bankr. LEXIS 1041 (Bankr. S.D.N.Y. May 7, 2009).  Commerzbank reserves its right to assert that, under the present circumstances, the ISDA Master is not executory.

Plan Supplement does not provide adequate assurance of future performance,[4] (ii) objects to the

"Cure Amount" set forth in the Notice of Assumption, and (iii) reserves all rights under section

365 of the Bankruptcy Code afforded to non-debtor parties to executory contracts including,

without limitation:

- The requirement that all defaults must be cured, as a condition precedent to any such assumption; and

- The requirement that any pecuniary loss to the non-defaulting counterparty resulting from the default(s) must be compensated, as a condition precedent to any such assumption.

17.     It is well-established that debtors may not "cherry pick" among provisions of a

contract to be assumed to retain provisions they find beneficial and discard provisions they find

burdensome.   Instead, executory contracts must be assumed or rejected in their entirety.   *See*

*NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect

to assume the executory contract . . . it assumes the contract *cum onere*.").   A debtor "cannot

simply retain the favorable and excise the burdensome provisions of an agreement."   *In re Kopel*,

232 B.R. 57, 63-64 (Bankr. E.D.N.Y. 1999).   Thus, the Court may not approve the assumption of

the ISDA Master where, as here, the Debtor has not even attempted to address how it will

perform its obligations as set forth expressly in the ISDA Master.

[*Remainder of page intentionally left blank*]

---

[4]     For example, under the pre-petition ISDA Master, Commerzbank was the beneficiary of certain guarantees of the then creditworthy LBHI.  LBSF, however, has not indicated how it will provide the benefit of such guarantees to Commerzbank in the future.

WHEREFORE, Commerzbank requests that the Court (a) either deny the Debtors'

request to assume the ISDA Master or grant the requested relief only on the condition that the

Debtors comply with all of the terms of the ISDA Master, and (b) award Commerzbank such

other and further relief as is just and proper.

Dated:   New York, New York
         November 10, 2011

                                    Respectfully submitted,

                                    **HAHN & HESSEN LLP**
                                    Attorneys for Commerzbank AG, as successor to
                                    Dresdner Bank AG


                                    By:  /s/ Jeffrey L. Schwartz_____
                                            Jeffrey L. Schwartz, Esq.
                                            Christopher J. Hunker, Esq.

                                    488 Madison Avenue
                                    New York, New York 10022
                                    Telephone:    212-478-7200
                                    Facsimile:    212-478-7400