James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:	(212) 446-4800
Facsimile:	(212) 446-4900

Counsel for the Liquidators of Lehman Brothers Australia Limited

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, ) | |
| ) | Case No. 08-13555 (JMP) |
| Debtors. ) | (Jointly Administered) |
| ) | |

**SUPPLEMENTAL OBJECTION OF LIQUIDATORS OF LEHMAN BROTHERS AUSTRALIA LIMITED TO NOTICE OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN <u>PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE</u>**

The Liquidators of Lehman Brothers Australia Limited (in liquidation) ("**LBA**"), a non-debtor affiliate of Lehman Brothers Holdings Inc. ("**LBHI**") and Lehman Brothers Special Financing Inc. ("**LBSF**") and their affiliated debtors and debtors in possession (collectively, the "**Debtors**"), hereby submit this supplemental objection (this "**Supplemental Objection**") to certain of the Debtors' *Notices of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code* (the "**Notices**") and pursuant to the objection procedures specified therein.[1]

---

[1] The Notices to which LBA objects were received by the Issuers (defined below) listed in <u>Exhibit A</u>, attached hereto and made a part hereof.

## BACKGROUND

The Debtors' *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* [Docket No. 19627], incorporates the *Plan Supplement* dated October 25, 2011 [Docket No. 21254] (the "**Plan Supplement**") (as supplemented, the "**Plan**"). Exhibit 2 to the Plan Supplement contained a list of executory contracts to be assumed by the Debtors ("**Exhibit 2**"). Exhibit 2 does not refer to the Notices. The deadline to object to the Plan was November 4, 2011.[2] Therefore, parties wishing to object to the assumption to a contract listed in the Plan Supplement were required to file an objection to the Plan. On November 4, 2011, LBA timely filed its *Limited Objection of Liquidators of Lehman Brothers Australia Limited to Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* [Docket No. 21602] (the "**Limited Objection**"), objecting specifically to the assumption or assumption and assignment of purported executory contracts (the "**Contracts**") between LBSF and (i) Saphir Finance Public Limited Co. ("**Saphir**"), (ii) Beryl Finance Limited ("**Beryl**"), and (iii) Zircon Finance Limited ("**Zircon**") (each an "**Issuer**" and together the "**Issuers**").

On or about November 1, 2011, the Debtors caused the Notices to be sent to the counterparties shown on Exhibit 2.[3] In the case of the Contracts, the Notices were received during the week of November 7, 2011. Each Notice attaches an exhibit listing the cure amount the Debtors believe is payable with respect to that particular Contract. The Notices also contain a procedure, separate and apart from objections to the Plan, for objecting to the assumption of

---

[2] *See Amended Order (i) Approving the Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan*, [Docket No. 19631] at par. 41.
[3] A sample Notice is attached hereto as **Exhibit B**.

2

contracts and cure amounts.[4] This procedure requires the filing of a written objection with the Court. The Notices go on to state:

> [I]f no objections are received by the above deadline, (i) you shall be deemed to have consented to the assumption of the Contract and shall be forever barred from asserting any objection with regard to such assumption, and (ii) the cure amount set forth on Exhibit A shall be binding upon you for all purposes and will constitute an final determination of total cure amount required to be paid by the Debtors in connection with the assumption of such Contract, and you shall be forever barred from asserting any other claims or cure amounts related to such Contract.[5]

Therefore, out of an abundance of caution, LBA files this Supplemental Objection.

## SUPPLEMENTAL OBJECTION

LBA incorporates by reference the Limited Objection in its entirety.

Because, as explained fully in the Limited Objection (*see* pp. 7 - 12), the Contracts have been terminated and thus cannot be assumed, there cannot be a cure amount due. Even if the Debtors could assume the Contracts, the Debtors could only preserve whatever rights still may exist under a swap agreement that has been terminated. By these purported assumptions, the Debtors cannot "resurrect" the underlying swap transactions; the only remaining obligations, if any, may be related to the netting procedures contained in the ISDA Master.[6] Since the underlying swap transactions were terminated, no cure amount can be due.

Also as explained fully in the Limited Objection (*see* pp. 12 - 17), it is unclear from Exhibit 2 what agreements the Debtors are purporting to assume. LBA believes that the swap agreements (or "Derivatives Contracts" as referred to in Exhibit 2 and the Notices) are only one element in an integrated commercial transaction, which was memorialized in several different agreements (referred to as the "Transactional Documents" in the Limited Objection), and further

---

[4] *See* Notices, p. 2.
[5] *Id.*
[6] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Limited Objection.

3

believes that all the contracts that are part of the Transactional Documents must be assumed, not just the swap agreement. The Transactional Documents govern other rights of the parties, for example rights to payment of the proceeds of the Collateral securing the Notes. To the extent rights of payment stemming from other Transactional Documents can be considered to be a "cure amount" within the meaning of the Notices, LBA reserves its rights to assert such a "cure amount" at the appropriate time.

LBA hereby reserves all its rights and arguments in connection with the Contracts and the Transactional Documents.

## CONCLUSION

Wherefore, for the foregoing reasons, LBA respectfully requests that the Court remove the Swap Agreements from Part A of Exhibit 2 of the Plan Supplement and grant such other relief as is just and proper.

Dated:  New York, New York
        November 10, 2011

Respectfully submitted,

/s/ *David R. Seligman*

James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Counsel for the Liquidators of Lehman Brothers Australia Limited*