Hearing Date:     December 6, 2011
                                    Objection Deadline:  November 10, 2011

HARRISON & MOBERLY, LLP
David J. Theising
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone: (317) 639-4511
Facsimile: (317) 639-9565

*Attorney for Bell Trace Obligated Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### OBJECTION AND RESERVATION OF RIGHTS OF THE BELL TRACE OBLIGATED GROUP TO DEBTORS' PROPOSED ASSUMPTION OF PREPETITION DERIVATIVES CONTRACT

      The Bell Trace Obligated Group, ("Bell Trace"), by and through its undersigned counsel, respectfully OBJECTS to the Debtors' proposed assumption of a prepetition derivatives contract with Bell Trace, and in support thereof shows the Court that:

### Background

      1.    Bell Trace owns an independent living unit, an assisted living unit, and a skilled nursing facility for the elderly located in rural Southern Indiana. Prior to the filing hereof, Bell Trace has not been a party to these bankruptcy proceedings, or otherwise received notices concerning these proceedings except as set forth herein.

2. Bell Trace was a party to an interest rate swap agreement with Lehman Brother Special Financing, Inc. ("LBSF") documented by a certain ISDA Master Agreement and related Schedule and Confirmation, all dated as of September 14, 2006, (the "Swap Agreement"). As required by the terms of the Swap Agreement, Lehman Brothers Holdings, Inc. ("Holdings") delivered to Bell Trace its written guaranty of "the due and punctual payment of all amounts payable by [LBSF]" under the Swap Agreement.

3. On September 15, 2008, Holdings filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

4. On October 3, 2008, LBSF filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

5. Bell Trace is informed that the chapter 11 cases of Holdings and LBSF are being jointly administered (Holdings and LBSF are hereinafter referred to collectively as the "Debtors").

6. Bell Trace terminated the Swap Agreement as of October 20, 2008.

7. In September, 2010, Bell Trace received in the mail a Derivatives ADR Notice from LBSF disputing the manner in which Bell Trace terminated the Swap Agreement and Bell Trace's calculation of the Settlement Amount thereunder. The Debtors and Bell Trace engaged in mediation on September 12, 2011, and are currently engaged in settlement discussions through the mediator.

8. Just recently, Bell Trace received in the mail a certain Notice of Proposed Assumption of Executory Contracts and Unexpired Leases pursuant to Debtors' Third Amended Joint Chapter 11 Plan pursuant to Section 1121 of the Bankruptcy Code (the "Notice"), a copy of which is attached hereto as Exhibit 1.

9. Bell Trace is informed by the Notice that the Debtors filed their Third Amended Joint Chapter 11 Plan pursuant to Section 1121 of the Bankruptcy Code on September 1, 2011.

10. Bell Trace is further informed by the Notice that "the Debtors currently purpose to assume the executory contract . . . listed on Exhibit A hereto (the "Contract")," and that "the Debtors shall pay the cure amount set forth on Exhibit A . . . [which] shall satisfy, in full, the Debtors' obligations pursuant to Section 365(b)(1) of the Bankruptcy Code." Exhibit A lists the Debtor as LBSF, the counterparty as Bell Trace, the cure amount as $0, and fails to identify the title of the agreement.

11. Bell Trace is also informed by the Notice that any objection to the proposed assumption of the Contract, including the cure amount, must be filed by November 10, 2011, and that if no objection is filed, Bell Trace "shall be deemed to have consented to the assumption of the contract and shall be forever barred from asserting any objection with regard to such assumption and . . . the cure amount set forth in Exhibit A shall be binding upon [Bell Trace] for all purposes and will constitute a final determination of total cure amount required to be paid by the Debtors in connection with the assumption of such contract, and [Bell Trace] shall be forever barred from asserting any other claims or cure amounts related to such contract."

## Objection

12. Bell Trace objects to the proposed assumption of the Swap Agreement by LBSF because the Swap Agreement was terminated as of October 20, 2008, shortly after the commencement of these cases, as allowed by 11 U.S.C. §560. Accordingly, the Swap Agreement is not an executory contract, and is therefore not eligible for assumption pursuant to 11 U.S.C. §365. *See*, In re Atlantic Computer Sys., Inc., 173 B.R. 844, 856 (S.D.N.Y. 1994) (contracts are not executory where such contracts have been terminated and the only remaining

3

obligation thereunder is the payment of money) (*citing* In re Chateauay Corp., 130 B.R. 162, 165-66 (S.D.N.Y. 1991). Once a contract has been terminated, "the right to assume it is extinguished." In re Balco Equities Ltd., Inc., 312 B.R. 734, 750 (Bankr.S.D.N.Y. 2004) (*quoting* Counties Contracting and Const. Co. v. Constitution Life Ins. Co., 855 F.2d 1054, 1061 (3rd Cir. 1988)).

13. Bell Trace further objects to the Debtor's proposed assumption of the Contract by way of a summary proceeding. If the Debtors dispute that the Swap Agreement was terminated as of October 20, 2008 and assert the same or similar grounds therefor as those asserted in the ADR process, Bell Trace is entitled to a full evidentiary hearing or trial of same preceded by discovery, which the Debtors have flatly refused to provide to date.

14. Even if the Swap Agreement were otherwise assumable, Bell Trace does not consent to consumption of the Swap Agreement by the Debtors. The Debtors cannot assume the Swap Agreement unless they comply fully with all of its terms, including without limitation the obligation for a credit support provider. It is axiomatic in bankruptcy law that a debtor may not "cherry pick" among the provisions of an executory contract to seek out the provisions it finds beneficial and cast off those it finds burdensome. Rather, an executory contract must be assumed or rejected in full. *See* NLRB v. Bildisco & Bildisco, 465 U.S. 513, 531 (1984) ("Should the debtor-in-possession elect to assume the executory contract . . . it assumes the contract *cum onere*."). A debtor "cannot simply retain the favorable and excise the burdensome provisions of an agreement." In re Kopel, 232 B.R. 57, 63-64 (Bankr.E.D.N.Y. 1999).

15. Even if the Swap Agreement were otherwise assumable, the Swap Agreement explicitly requires LBSF to provide the Holdings' guarantee. The Debtors may not use Section 365(b) of the Bankruptcy Code to override that contractual obligation or any other provision of

4

the Swap Agreement. Therefore, if LBSF does not provide a guarantee that complies with all of the terms of the Swap Agreement and otherwise comply with all of the other terms of the Swap Agreement, the Swap Agreement cannot be assumed.

16.     Exhibit A to the Notice does not identify the specific agreement that the Debtors propose to assume. Bell Trace is not aware of any agreement with LBSF other than the Swap Agreement and, to the extent that the Debtors propose to assume any executory contract or unexpired lease of Bell Trace other than the Swap Agreement, Bell Trace also objects.

17.     Bell Trace also objects to the cure amount set forth in the Notice and reserves all of its rights under 11 U.S.C. §365 should the Court determine that the Swap Agreement is assumable, including without limitation the requirement that all defaults must be cured as a condition precedent to assumption, and the requirement that any pecuniary loss to Bell Trace resulting from the defaults must be compensated as a condition precedent to assumption.

## Reservation of Rights

18.     Bell Trace reserves the right to supplement or amend this Objection and assert different or additional grounds and to join in any other objection or response that may be filed concerning the Debtors' proposed assumption of executory contracts and unexpired leases. Bell Trace reserves all other rights and defenses, and nothing contained herein shall be construed as an admission or waiver of any right, claim or defense that Bell Trace may be entitled to assert. By filing this Objection, Bell Trace should not be deemed to consent to this Court's jurisdiction over this matter, and Bell Trace expressly reserves all rights in that regard.

WHEREFORE, Bell Trace prays that the Court deny the Debtors' request to assume the Swap Agreement or any other executor contract or unexpired lease with Bell Trace, and award Bell Trace such other and further relief as is just and proper.

HARRISON & MOBERLY, LLP

*/s/ David J. Theising*
David J. Theising
HARRISON & MOBERLY, LLP
10 West Market Street, Suite 700
Indianapolis, Indiana 46204
Telephone:    (317) 639-4511
Facsimile:    (317) 639-9565
Email: dtheising@harrisonmoberly.com

Attorney for Bell Trace Obligated Group