Hearing Date:  December 6, 2011 at 10:00 a.m.
Objections Due:  November 10, 2011

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Steven J. Fink
Thomas C. Mitchell
51 West 52nd Street
New York, NY  10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

*Attorneys for the Guam Power Authority*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al.*, | : | Case No. 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**OBJECTION OF THE GUAM POWER AUTHORITY
TO ASSUMPTION OF DERIVATIVES CONTRACTS
UNDER THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF
LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

The Guam Power Authority ("GPA"), by its undersigned attorneys, submits this objection to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [Dkt. No. 19627] (the "Plan") to the extent that the Plan proposes to assume a derivatives contract between GPA and Lehman Brothers Special Financing Inc. ("LBSF") because (i) the contract is not executory, and (ii) LBSF has not provided adequate assurance of future performance.  In support of its objection, GPA states as follows:

**I.    RELEVANT BACKGROUND**

1. GPA is an independent public instrumentality of the Government of Guam.

2. In connection with certain of its bonds, GPA is a party to that certain Bond Reserve Fund Forward Delivery Agreement (the "GPA Contract"), dated as of September 28,

2000, among GPA, U.S. Bank Trust National Association (the "Co-Trustee"), as co-trustee under the indenture referenced therein, and LBSF.

3. The GPA Contract provides LBSF with the right, but not the obligation, to deliver securities to the Co-Trustee on specified dates. LBSF has no obligation to deliver securities and there are no consequences should it fail to deliver securities. LBSF's rights under the GPA Contract expire in 2034.

## II. BASES FOR OBJECTION

4. Under section 1129(a)(1) of the Bankruptcy Code, this Court cannot confirm the Plan if it does not comply with all "applicable provisions" of the Bankruptcy Code, including section 1123. *See In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 757 (Bankr. S.D.N.Y. 1992) (stating section 1129(a)(1) "embodies" requirements of section 1123). Section 1123 of the Bankruptcy Code, in turn, states that a plan cannot provide for the assumption of an executory contract unless such assumption complies with section 365 of the Bankruptcy Code.

5. Here, sections 11.1 and 11.2 of the Plan provide that entry of the Confirmation Order[1] by this Court will constitute approval of the assumption of all executory contracts included in Part A of Exhibit 2 to the Plan Supplement [Dkt. No. 21254] (the "Derivatives Supplement").[2] The GPA Contract is not an executory contract and therefore is not properly affected by such provisions of the Plan. *See, e.g., In re Cole*, 189 B.R. 40, 47 (Bankr. S.D.N.Y.

---

[1]  Capitalized terms not defined herein have the meanings ascribed to them in the Plan.

[2]  Section 11.1 of the Plan states that "all executory contracts . . . that exist between a Debtor and any person or entity shall be deemed rejected by such Debtor, as of the Effective Date, except for any executory contract . . . that is specifically designated in the Plan Supplement as a contract or lease to be assumed by the Debtor." Section 11.2 of the Plan, in turn, states that "[e]ntry of the Confirmation Order shall, subject to and upon the occurrence of the Effective Date, constitute . . . the approval, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the assumption of the executory contracts . . . assumed . . . pursuant to the Plan."

1995) (holding that lease was not assumed by boiler plate assumption language of plan in part because counterparty failed to prove that lease was executory at time of confirmation). Nevertheless, the Debtors have included the GPA Contract in the Derivatives Supplement, and are apparently attempting to assume it.

6. To the extent that the Debtors are attempting to assume the GPA Contract, such assumption fails to comply with section 365 of the Bankruptcy Code. The GPA Contract cannot be assumed because it is not an executory contract. Even if the GPA Contract were executory, which it is not, because LBSF is a liquidating debtor and the GPA Contract extends until 2034, there is no reason for LBSF to assume the GPA Contract unless LBSF intends to assign it. Any such assignment, however, requires adequate assurance of future performance by the assignee and LBSF has completely failed to provide such assurance.

### A. The GPA Contract is Not Executory.

7. To assume a contract under section 365(a) of the Bankruptcy Code, a debtor must first establish that the contract qualifies as "executory." *See In re Child World, Inc.*, 147 B.R. 847, 851 (Bankr. S.D.N.Y. 1992) ("Not every contract may be assumed . . . by a . . . debtor in possession. The Bankruptcy Code specifically limits this option under [section 365(a)] to contracts that are 'executory.'").

8. Although the United States Court of Appeals for the Second Circuit has yet to adopt a precise definition of when a contract is "executory," it has held that an executory contract is one "on which performance remains due to some extent on both sides." *COR Route 5 Co. v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 379 (2d Cir. 2008) (quotation omitted).

9. The GPA Contract (which LBSF drafted) makes quite clear that LBSF has no meaningful obligations thereunder. Indeed, the GPA Contract states in multiple places that the

- 3 -

LBSF has no obligation to deliver securities and that there are no consequences to LBSF if LBSF fails to do so. Because LBSF has no meaningful obligations under the GPA Contract, the GPA Contract is not executory and cannot be assumed.

### B. There Is No Assurance of Future Performance.

10. Even if the GPA Contract were executory, which it is not, LBSF has failed to comply with the requirements of section 365 of the Bankruptcy Code. LBSF is liquidating and going out of business. It will soon be unable to perform under the GPA Contract, but the GPA Contract does not expire until 2034. Any claim by GPA for non-performance after assumption will be an administrative expense claim. The only rational reason for LBSF to assume a contract under such circumstances is to assign it. To assign an executory contract, however, a debtor must provide adequate assurance of future performance by the assignee. 11 U.S.C. § 365(f)(2)(B). LBSF has provided absolutely no assurance of future performance, and should not be permitted to make an end-run around the requirements of section 365(f) of the Bankruptcy Code. The Debtors cannot comply with section 365 and thus cannot assume the GPA Contract.

### III. RESERVATION OF RIGHTS

11. Given the Debtors' failure to articulate any basis for their position that the GPA Contract may be assumed, GPA hereby reserves all of its rights to respond to any arguments the Debtors may offer in support of assumption, whether prior to, on, or after the Confirmation Hearing, including the right to supplement this objection.

### IV. CONCLUSION

The GPA Contract is not executory, because, pursuant to the terms of the GPA Contract, LBSF has no meaningful obligations thereunder. Even if the GPA Contract were executory, which it is not, because LBSF is liquidating and the GPA Contract does not expire until 2034,

LBSF must be intending to assign the GPA Contract, and LBSF has failed to provide the required adequate assurance of future performance. As a result, the Debtors cannot assume the GPA Contract.

Dated: November 10, 2011
      New York, NY

Respectfully submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

/s/ *Steven J. Fink*

Steven J. Fink
Thomas C. Mitchell
51 West 52nd Street
New York, NY  10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

*Attorneys for the Guam Power Authority*