Response Deadline: November 10, 2011

Nava Hazan (*nhazan@mwe.com*)
Jared Zajac (*jzajac@mwe.com*)
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173
Telephone: 212.547.5400
Facsimile: 212.547.5444

Nathan Coco (*ncoco@mwe.com*)
Jeffrey Rossman (*jrossman@mwe.com*)
McDERMOTT WILL & EMERY LLP
227 West Monroe Street, Suite 4400
Chicago, Illinois 60606
Telephone: 312.372.2000
Facsimile: 312.984.7700

*Attorneys for Mirabella*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtor. | (Jointly Administered) |

**RESERVATION OF RIGHTS BY MIRABELLA WITH RESPECT TO DEBTORS' NOTICES OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Mirabella ("*Mirabella*"), a Washington nonprofit corporation, by and through its undersigned counsel, hereby submits this reservation of rights with respect to the Debtors' Notices of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy

Code (collectively, the "*Notices*") served by Lehman Brothers Holdings, Inc. and its affiliated debtors (collectively, the "*Debtors*"), and respectfully states as follows:

## Background

1. Mirabella is a Washington nonprofit corporation that owns and operates a continuing care retirement community located in Seattle, Washington. Mirabella provides housing, dining, recreational, social, healthcare and other support services to senior citizens in the Seattle area.

2. Mirabella historically has used tax exempt bonds to help finance the construction and improvement of its facilities. In order to hedge its interest rate exposure and manage market volatility risk in connection with such financing, Mirabella entered into two interest rate swap transactions with Debtor Lehman Brothers Special Financing, Inc. ("*LBSF*") pursuant to an ISDA Master Agreement and accompanying Schedule dated October 26, 2006 (the "*Master Agreement*").[1] In both transactions, Mirabella swapped floating rate obligations with respect to certain tax exempt bonds in exchange for a fixed rate (collectively, the "*Transactions*").

3. On October 3, 2008, LBSF filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), triggering an event of default under, and Mirabella's right to terminate as set forth in, the Master Agreement. Accordingly, as required by the Master Agreement, Mirabella sent LBSF a notice of default on November 24, 2008. In addition, on the same day, Mirabella sent LBSF a notice of early termination effective as of November 24, 2008.

4. Pursuant to section 6 of the Master Agreement, as a result of the early termination of the Transactions, Mirabella and LBSF were required to settle any outstanding amounts owed

---

[1] Attached hereto as Exhibit A is a true and correct copy of the Master Agreement.

- 2 -

in connection with the Transactions. *See* Master Agreement § 6. Consistent with the terms of the Master Agreement, Mirabella sent a notice informing LBSF that Mirabella would pay LBSF $758,714.97, the amount owed under the Master Agreement less the costs incurred by Mirabella as a result of LBSF's default (the "*Termination Payment*"). On December 9, 2008, Mirabella wired, and LBSF accepted, the Termination Payment.

5. Upon information and belief, the Debtors do not dispute that the Master Agreement and the Transactions thereunder have been duly terminated. However, the pleadings filed by the Debtors do not make this clear. To the extent that the Master Agreement remains "executory" within the meaning of section 365 of the Bankruptcy Code, the only outstanding issue is the Termination Payment thereunder.

6. On September 1, 2011, the Debtors filed their Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code (the "*Plan*"). On October 27, 2011, the Debtors sent the Notices to inform Mirabella that they currently propose to assume the Master Agreement and all other derivatives contracts related to the Transactions pursuant to the Plan and sections 365(a) and 1123(b)(2) of the Bankruptcy Code. In the Notices, the Debtors assert that the cure amount due under the Master Agreement and all other derivatives contracts related to the Transactions is zero ($0) dollars.

### Response and Reservation of Rights

7. Because the Master Agreement and the Transactions documented thereunder have been duly terminated – and LBSF has accepted the Termination Payment from Mirabella – Mirabella disputes that the Master Agreement constitutes an executory contract within the meaning of section 365 of the Bankruptcy Code. *See In re Leibinger-Roberts, Inc.*, 105 B.R. 208, 212-13 (Bankr. E.D.N.Y. 1989) (stating that "[t]he general rule is that a contract is not

executory where the only obligation of a party to a contract is the payment of money"); *In re Chateaugay Corp.*, 102 B.R. 335, 347 (Bankr. S.D.N.Y. 1989) (holding, in part, that a contract was not executory where the only remaining obligation thereunder was the payment of money); *In re Calpine Corp.*, No. 05-60200, 2008 Bankr. LEXIS 2152, * 15-16 (Bankr. S.D.N.Y. Aug. 4, 2008) (holding, in part, that a loan agreement was not executory where the only performance remaining thereunder was borrower's repayment of certain funds owed to the lender). *Compare Lehman Bros. Special Fin., Inc. v. BNY Corp. Trustee Serv. Ltd. (In re Lehman Bros. Holdings, Inc.)*, 422 B.R. 407, 416 (Bankr. S.D.N.Y. 2010) (finding that a terminated swap agreement was executory where there were unsatisfied payment obligations between each of the counterparties thereto).

8. Nonetheless, to the extent the Master Agreement remains executory, Mirabella hereby reserves all rights, remedies, interests, priorities, protections, claims, counterclaims, defenses, setoffs, and recoupments accruing to it under the Master Agreement, the Bankruptcy Code, at law, in equity, and otherwise.

- REMAINDER OF PAGE INTENTIONALLY LEFT BLANK -

WHEREFORE, Mirabella respectfully requests that any order relating to the Debtors' proposed assumption of the Master Agreement and all other derivatives contracts related to the Transactions be entered without prejudice to any rights and claims Mirabella may have against the Debtors in connection with the Master Agreement and the Transactions related thereto and, further, that such order acknowledge that the Master Agreement has been terminated.

Dated:  November 10, 2011

Respectfully submitted,

By: /s/ Nava Hazan
Nava Hazan
Jared Zajac
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173
Telephone: 212.547.5400
Facsimile: 212.547.5444
nhazan@mwe.com
jzajac@mwe.com

Nathan Coco
Jeffrey Rossman
McDERMOTT WILL & EMERY LLP
227 W. Monroe, Suite 4400
Chicago, IL 60606
Telephone: 312.984.3658
Facsimile: 312.984.7700
ncoco@mwe.com
jrossman@mwe.com

*Counsel to Mirabella*