Hearing Date: December 6, 2011 at 10:00 a.m.
Objections Due: November 10, 2011

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Steven J. Fink
Thomas C. Mitchell
51 West 52nd Street
New York, NY  10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

*Attorneys for the Guam Economic Development Authority*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Lehman Brothers Holdings Inc., *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**OBJECTION OF THE GUAM ECONOMIC DEVELOPMENT AUTHORITY
TO ASSUMPTION OF DERIVATIVES CONTRACTS
UNDER THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF
LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

The Guam Economic Development Authority ("GEDA"), formerly known as the Guam Economic Development and Commerce Authority, by its undersigned attorneys, submits this objection to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [Dkt. No. 19627] (the "Plan") to the extent that the Plan proposes to assume a derivatives contract between GEDA and Lehman Brothers Special Financing Inc. ("LBSF") because (i) LBSF has not cured its continuing defaults under such contract, and (ii) the Debtors have not and cannot provide adequate assurance of future performance under such contract.  In support of its objection, GEDA states as follows:

I.   **RELEVANT BACKGROUND**

   A.   **The GEDA Contract.**

   1.   GEDA is an independent public instrumentality of the Government of Guam.

   2.   In connection with certain of its bonds (the "Bonds"), GEDA is a party to that certain Reserve Fund Agreement (the "GEDA Contract"), dated December 13, 2007, among GEDA, U.S. Bank National Association (the "Co-Trustee"), as co-trustee under the indenture referenced therein, and LBSF.  The obligations of LBSF under the GEDA Contract are guaranteed by Lehman Brothers Holdings Inc. ("LBHI") pursuant to the Guarantee of Lehman Brothers Holdings Inc. (the "Guarantee"), which was executed in conjunction with the GEDA Contract.  The contractual termination date for the GEDA Contract is June 1, 2047.

   3.   The GEDA Contract requires LBSF to cause Lehman Brothers Inc., as qualified dealer, to deliver securities ("Qualified Securities") that mature on or before the next interest payment date for the Bonds to the Co-Trustee by set dates specified in the GEDA Contract.  Qualified Securities are to be purchased at a price designed to produce a rate of return equal to, or higher than, the guaranteed rate of 4.365%.  The funds invested pursuant to the GEDA Contract constitute a debt service reserve fund established and held by the Co-Trustee in trust for the benefit of the holders of the Bonds.  Interest earnings on the debt service reserve fund constitute revenues pledged to the repayment of the Bonds.

   B.   **LBSF and LBHI Fail to Perform.**

   4.   LBSF breached the GEDA Contract when it failed to deliver new Qualified Securities on December 1, 2008, as required by the GEDA Contract.  LBSF committed further breaches of the GEDA Contract on specified dates in 2009, 2010, and 2011 when it repeatedly failed to deliver new Qualified Securities as required by the GEDA Contract.  Additionally, LBHI has failed to perform under the Guarantee, and the fact that there is no effective guarantee

of LBSF's obligations under the GEDA Contract is itself a further default under the GEDA Contract. Accordingly, GEDA has timely filed proofs of claim against each of LBSF and LBHI in the approximate amount of $1.8 million.

## II.    BASES FOR OBJECTION

5. Under section 1129(a)(1) of the Bankruptcy Code, this Court cannot confirm the Plan if it does not comply with all "applicable provisions" of the Bankruptcy Code, including section 1123. *See In re Drexel Burnham Lambert Group, Inc.*, 138 B.R. 723, 757 (Bankr. S.D.N.Y. 1992) (stating section 1129(a)(1) "embodies" requirements of section 1123). Section 1123 of the Bankruptcy Code, in turn, states that a plan cannot provide for the assumption of an executory contract unless such assumption complies with section 365 of the Bankruptcy Code.

6. Here, sections 11.1 and 11.2 of the Plan provide that entry of the Confirmation Order[1] by this Court will constitute approval of the assumption of all executory contracts included in Part A of Exhibit 2 to the Plan Supplement [Dkt. No. 21254] (the "Derivatives Supplement").[2]

7. To the extent that the Debtors are attempting to assume the GEDA Contract, such assumption fails to comply with section 365 of the Bankruptcy Code. The GEDA Contract is not subject to assumption because (i) LBSF has not cured its continuing defaults under the GEDA

---

[1]    Capitalized terms not defined herein have the meanings ascribed to them in the Plan.

[2]    Section 11.1 of the Plan states that "all executory contracts . . . that exist between a Debtor and any person or entity shall be deemed rejected by such Debtor, as of the Effective Date, except for any executory contract . . . that is specifically designated in the Plan Supplement as a contract or lease to be assumed by the Debtor." Section 11.2 of the Plan, in turn, states that "[e]ntry of the Confirmation Order shall, subject to and upon the occurrence of the Effective Date, constitute . . . the approval, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the assumption of the executory contracts . . . assumed . . . pursuant to the Plan."

Contract, and (ii) the Debtors have not and cannot provide adequate assurance of future performance under the GEDA Contract.

### A. Requirements for Assumption Under Section 365 of the Bankruptcy Code.

8. Section 365(b) of the Bankruptcy Code requires a debtor seeking to assume an executory contract to (i) cure (or provide adequate assurance that it will promptly cure) all of its continuing monetary and non-monetary defaults under such contract, (ii) compensate the counterparty for any actual pecuniary loss resulting from its breaches, and (iii) provide adequate assurance of its future performance under such contract.

### B. The GEDA Contract is in Default and Cannot be Assumed.

9. As described above, LBSF has failed to perform under the GEDA Contract since filing for bankruptcy and does not propose to do anything to cure its nonperformance.[3] GEDA has suffered damages of approximately $1.8 million but the Debtors are proposing to pay GEDA $0.[4] Furthermore, the Debtors have not and cannot provide adequate assurance of future performance—they are liquidating and soon will be unable to perform any obligation.[5] Accordingly, the Debtors cannot comply with section 365 of the Bankruptcy Code and thus cannot assume the GEDA Contract.

### III. RESERVATION OF RIGHTS

10. Given the Debtors' failure to articulate any basis for their position that the GEDA Contract may be assumed, GEDA hereby reserves all of its rights to respond to any arguments

---

[3] *See* Notices of Proposed Assumption, true and correct copies of which are attached hereto as Exhibit 1.

[4] *See* Exhibit 1.

[5] Any post-assumption claim by GEDA against the Debtors for non-performance would have administrative expense priority.

the Debtors may offer in support of assumption, whether prior to, on, or after the Confirmation Hearing, including the right to supplement this objection.

### IV. CONCLUSION

LBSF has not performed under the GEDA Contract since filing for bankruptcy and does not propose to cure its defaults or compensate GEDA for its losses. Further, because the Debtors are liquidating they cannot provide adequate assurance of future performance. As a result, the Debtors cannot assume the GEDA Contract.

Dated: November 10, 2011
New York, New York

Respectfully submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

/s/ *Steven J. Fink*

Steven J. Fink
Thomas C. Mitchell
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Attorneys for the Guam Economic Development Authority*