Hearing Date and Time: December 6, 2011 at 10:00 a.m. (prevailing Eastern time)
Objection Deadline: November 10, 2011

**BARNES & THORNBURG LLP**
11 S. Meridian Street
Indianapolis, IN 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433
Michael K. McCrory

and

**BARNES & THORNBURG LLP**
1000 North West Street, Suite 1200
Wilmington, DE 19803
Telephone: (302) 888-4536
Facsimile: (302) 888-0246
David M. Powlen

*Attorneys for Grace Village*
*Health Care Facilities, Inc. and*
*National Fellowship Brethren*
*Retirement Homes, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF GRACE VILLAGE HEALTH CARE FACILITIES, INC. AND NATIONAL FELLOWSHIP BRETHREN RETIREMENT HOMES, INC. TO THE PROPOSED ASSUMPTION OF A CERTAIN SWAP AGREEMENT PURSUANT TO THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

Grace Village Health Care Facilities, Inc. and National Fellowship Brethren Retirement

Homes, Inc. ("Grace Village"), by its undersigned counsel, hereby files its limited objection to

1

the proposed assumption of a certain swap agreement between Lehman Brothers Special Financing Inc. and Grace Village pursuant to the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors [Docket No. 19627] (the "Plan"), and states as follows:

1. Grace Village was a party to a certain swap agreement with the Debtors (the "Swap Agreement") as of the commencement of these Chapter 11 cases on September 15, 2008.

2. On September 30, 2008, Grace Village notified the Debtors that the filing of the Chapter 11 petition qualified as an event of default pursuant to Section 5(a)(vii) of the Swap Agreement (the "Event of Default").

3. On October 21, 2008, Grace Village terminated the Swap Agreement in accordance with 11 U.S.C. § 560.

4. Article XI of the Plan provides for the assumption of certain executory contracts. The Plan states that any executory contracts not specifically identified in accordance with the Plan shall be rejected.

5. Exhibit 2 to the Plan Supplement, filed by the Debtors on October 25, 2011 [Docket No. 21254], lists the derivatives contracts to be assumed by the Debtors. The Swap Agreement is included in Exhibit 2.

6. The Swap Agreement is not an executory contract and cannot be assumed because it was terminated pursuant to its terms. *See In re Advent Corp.*, 24 B.R. 612, 614 (1st Cir. B.A.P. 1982) ("The Bankruptcy Code neither enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms."); *In re Best Film & Video Corp.*, 46 B.R. 861, 870 (Bankr. E.D.N.Y. 1985) (stating that "the right to terminate a contract pursuant to its terms survives the bankruptcy of the other contracting party.") (internal quotations omitted).

7. Grace Village is unsure whether the terminated Swap Agreement was mistakenly listed or whether the Debtors listed Grace Village and the Swap Agreement to avoid any argument that the terminated Swap Agreement would be deemed rejected (which would be a material breach by the Debtors) and thereby possibly deprive the Debtors of any rights they might have as a result of the termination. If it is the latter, Grace Village would agree that the terminated agreement is not an executory contract and thus is neither being assumed nor rejected. Grace Village would further agree that the failure to list the terminated Swap Agreement as an assumed contract shall not (a) mean that the terminated Swap Agreement is being rejected; nor (b) impair or otherwise affect the rights or claims of either the Debtors or Grace Village arising from the termination of the Swap Agreement (including without limitation the right to challenge the effectiveness of the termination referenced in paragraph three above and the right to assert claims for amounts due under the Swap Agreement as of the time of and/or arising in connection with any effective termination of the Swap Agreement).

8. As a matter of law, the Plan should not provide for the assumption of the terminated Swap Agreement.

9. In the alternative, if the Court concludes that the Swap Agreement was not terminated, the Swap Agreement cannot be assumed because the Debtors have failed to provide adequate assurance of their ability to perform under the Swap Agreement in the future. 11 U.S.C. § 365(b)(1).

WHEREFORE, Grace Village respectfully requests that its terminated Swap Agreement be removed from Exhibit 2 to the Plan Supplement. Grace Village further requests the provision of language in the Plan confirmation order clarifying that the failure to list the terminated Swap

3

Agreement as an assumed contract does not mean that the Swap Agreement is being rejected and does not impair or otherwise affect the rights of the parties to the Swap Agreement.

Dated: November 10, 2011

/s *Michael K. McCrory*
Michael K. McCrory
BARNES & THORNBURG LLP
11 S. Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7433

and

David M. Powlen
BARNES & THORNBURG LLP
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 888-4536
Facsimile:  (302) 888-0246
E-mail: david.powlen@btlaw.com

*Attorneys for Grace Village Health Care Facilities, Inc. and National Fellowship Brethren Retirement Homes, Inc.*