**Hearing Date: December 6, 2011 at 10:00 a.m.**
**Objections Due: November 10, 2011 at 4:00 p.m.**

Alex R. Rovira
Nicholas P. Crowell
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599

*Counsel For Blackrock, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---- ---------------------------------------------------------- x
In re:                                          :     Chapter 11
                                                :
Lehman Brothers Holdings Inc., *et al.*,        :     Case No. 08-13555 (JMP)
                                                :
                    Debtors.                    :     (Jointly Administered)
                                                :
                                                :
--- ---------------------------------------------------------- x

**BLACKROCK, INC'S OBJECTION TO THE DEBTORS' PROPOSED ASSUMPTION OF**
**DERIVATIVES CONTRACTS PURSUANT TO THE**
**CONFIRMATION OF THE DEBTORS' THIRD AMENDED JOINT PLAN**

Blackrock, Inc., by and through its undersigned counsel, hereby files this objection and reservation of rights (the "Objection")[1] to the proposed assumption by the above captioned debtors (collectively, "Lehman" or the "Debtors"), pursuant to Sections 11.1 and 11.2 of the Debtors' Third Amended Joint Chapter 11 Plan, of derivatives contracts between each of Crown City CDO 2005-1 LLC, Crown City CDO 2005-1 Limited, Crown City CDO 2005-2 LLC, Crown City CDO 2005-2 Limited (collectively, "Crown City") and Lehman Brothers Special Finance, Inc. ("LBSF") and certain other derivatives contracts. In support of its Objection, Blackrock, states as follows:

---

[1] Counsel for Blackrock has been engaged in discussions with the Debtors in an effort to consensually resolve the issues described in this Objection.

7900405v.1

**OBJECTION**

1.      Blackrock is or was a noteholder in a number of collateralized debt obligation transactions created, sponsored and/or marketed by the Debtors and by and between the relevant Crown City special purpose vehicle entity (the "CDO Transactions"). On September 14, 2011, LBSF commenced an adversary proceeding to recover funds paid to noteholders in connection with these CDO Transactions as well as various other transactions. See LBSF v.Bank of America National Association, et al. Adv. Pro. No. 10-03547 (the "Adversary Proceeding"). On October 20, 2010, the Debtors sought and obtained an order staying the Adversary Proceeding. See Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1) [Docket No. 12199]. As amended, the Stay Order provides, inter alia, that the adversary proceeding (among other avoidance actions) is stayed until January 20, 2012.

2.      Pursuant to the Plan Supplement, it appears that the Debtors have now determined to assume, among other of the CDO transaction documents, the credit swap or credit derivatives agreement between the relevant Crown City special purpose vehicle counterparties and a Lehman entity (collectively, the "CDO Swap and Derivatives Agreements"), which were a central component of many of the CDO Transactions. However, the Debtors cannot assume these CDO Swap and Derivative Agreements because (i) they have been terminated in accordance with their express terms and in accordance with the safe harbor provisions of the Bankruptcy Code and (ii) no additional duties are owed by the parties to the CDO Swap and

Derivative Agreements with the exception of settling the amounts outstanding thereunder. As a result, the Debtors' request to assume such agreements must be denied.

3. Moreover, the Debtors have placed, among other things, the termination of the CDO Swap and Derivatives Agreements at issue in the adversary proceeding and, as mentioned, any determination of these issues has been stayed. The Debtors should not now be permitted to evade their burden of proof and the procedural requirements of the Adversary Proceeding by seeking a summary determination of assumption of the CDO Swap and Derivative Agreements in connection with confirmation of the Plan. See In re Orion Pictures Corp., 4 F.3d 1095, 1098-99 (adversary proceeding issues are not to be decided as part of a motion to assume). Accordingly, at best, the Court must stay its determination of whether LBSF can assume the CDO Swap and Derivative Agreements pending the resolution of the Adversary Proceeding.

## RESERVATION OF RIGHTS

4. Blackrock hereby reserves all of its rights and remedies under the CDO Swap and Derivative Agreements, the Bankruptcy Code and any and all other rights and remedies existing under law or in equity or otherwise, whether or not described in this Objection, and no failure to exercise or delay in exercising any rights or remedies shall constitute a waiver of any of such rights or remedies. To the extent LBSF seeks to modify Blackrock's rights under the CDO Swap and Derivative Agreements, through assumption, or through any other provision of the Plan or Confirmation Order, Blackrock asserts that such attempt must be denied and that the Plan, or Confirmation Order, should expressly provide that nothing in the Plan shall in any way limit, affect or modify: (i) any rights of Blackrock under the CDO Swap and Derivative Agreements, or (ii) any defenses (including any right of setoff or recoupment) of Blackrock.

WHEREFORE, without in any way limiting its rights, Blackrock hereby respectfully requests that the Court (i) deny LBSF's assumption of the CDO Swap and Derivative Agreements; and (ii) grant such other relief that is just and proper.

Dated: November 10, 2011

          Respectfully submitted,

          SIDLEY AUSTIN LLP

          /s/ Alex R. Rovira

          Alex R. Rovira
          Nicholas P. Crowell
          787 Seventh Avenue
          New York, NY 10019
          Telephone: (212) 839-5300
          Facsimile: (212) 839-5599

          *Counsel For Blackrock, Inc.*