**Hearing Date and Time: December 6, 2011 at 10:00 a.m. (prevailing Eastern Time)**

Christopher R. Donoho III
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
Telephone:    (212) 918-3000
Facsimile:    (212) 918-3100

*Attorneys for Italease Finance S.p.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**OBJECTION OF ITALEASE FINANCE S.P.A.
IN CONNECTION WITH DEBTORS' PLAN SUPPLEMENT AND
NOTICES OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Italease Finance S.p.A. ("**Italease**"), by and through their undersigned counsel, make the following objection in connection with (i) the Plan Supplement [Docket No. 21254] (the "**Plan Supplement**"), filed on October 25, 2011, by Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors (collectively, with LBHI, the "**Debtors**") in connection with section 11.1 of the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* dated August 31, 2011 (the "**Third Amended Plan**") [Docket No. 19627]; and (ii) the Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, dated

October 27, 2011, with respect to Italease, as "Counterparty" thereunder (the **"Italease Notice of Assumption"**), respectfully states as follows:[1]

## PRELIMINARY STATEMENT

The Debtors propose, by and through the Plan Supplement and the Italease Notice of Assumption, to assume a certain allegedly executory contract entitled the '1992 ISDA MA- MULTI-CURRENCY CROSS BORDER DATED ON 3/22/20005' between Italease and one of the Debtors, Lehman Brothers Special Financing Inc. ("**LBSF**").  On information and belief, Italease believes the Debtors are attempting to assume a terminated ISDA Master Agreement (Multicurrency- Cross-Border), dated 22 March 2005 between LBSF and Italease (as amended, the "**Master Agreement**").  Italease objects to this proposed assumption on the basis that (i) all transactions under the Master Agreement have been terminated in accordance with applicable law; and (ii) the Master Agreement is not an executory contract capable of assumption under title 11 of the United States Code (the "**Bankruptcy Code**").  If this Court should determine, however, that the Master Agreement is assumable by LBSF, then Italease reserves the right to seek a full cure and compensation, pursuant to section 365 of the Bankruptcy Code.  Italease also objects to the "Cure Amount" set forth in the Italease Notice of Assumption and asserts that if the Court determines that Italease's Master Agreement is an assumable executory contract, the cure amount must be not less than the amounts set forth by Italease in its duly filed Proofs of Claim in these Cases related to the Master Agreement.[2]

---

[1] Italease is a company organized under the laws of Italy.  Italease enters this limited appearance in the Debtors' chapter 11 cases (collectively, the "**Cases**") solely for the purpose of making this objection. By making this limited appearance in the Cases and by filing this objection, Italease does not submit itself or otherwise consent or acquiesce, and shall not be deemed to have submitted itself, consented or acquiesced, to the jurisdiction of this Court, or any other court of the United States, for any purpose other than with respect to this objection.  Italease does not waive any, and hereby reserve all, of their rights to object on jurisdictional grounds to the application of any procedural order or proposed assumption of any alleged contract, if ordered by this Court, or any other order of this Court, or any other court resident in the United States.

[2] Proofs of Claim No. 28074 and 28075 (the "**Proofs of Claim**").

## BACKGROUND

**Master Agreement Swaps**

1. As was mentioned above, prior to the commencement date of the Debtors' Cases, Italease entered into the Master Agreement with LBSF.

2. Pursuant to Part 4(i) of the Schedule to the Master Agreement, the Master Agreement and the transactions entered into thereunder between LBSF and Italease, are governed by the laws of England and Wales. LBHI unconditionally guaranteed the obligations of LBSF under the Master Agreement pursuant to a Guarantee of Lehman Brothers Holdings Inc., attached to the Master Agreement (the "**Guarantee**").

3. Pursuant to the Master Agreement, Italease and LBSF entered into numerous transactions (collectively, the "**Transactions**").

**The Debtors' Bankruptcy Cases and Proposed Plan of Reorganization**

4. On September 15, 2008, LBHI and certain of its affiliates filed for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.).

5. On September 1, 2011, the Debtors filed their Third Amended Plan and related disclosure statement [Docket No. 19629]. The confirmation hearing for the Third Amended Plan is currently scheduled for December 6, 2011 at 10:00 a.m. (the "**Confirmation Hearing Date**").

**Early Termination under the Master Agreement**

6. The filing of a voluntary petition under chapter 11 of the Bankruptcy Code by LBHI (the 'Credit Support Provider' pursuant to the Master Agreement) constituted an event of default by LBSF under Clause 5(a)(vii) of the Master Agreement. Accordingly, Italease gave notice to LBSF (via a Notice of Event of Default dated September 29, 2008) that, pursuant to Section 6(a) of the Master Agreement, September 30, 2008 was the Early Termination Date (as such term in defined in the Master Agreement) with respect

to all Transactions. The Early Termination Date occurred before LBSF filed for bankruptcy protection under chapter 11 of the Bankruptcy Code.

7. Pursuant to Section 6(e) of the Master Agreement, Italease calculated the amount owing by LBSF to Italease with respect to the Early Termination Date for the Transactions in accordance with Section 6(d) of the Master Agreement. Italease demanded such payment by a letter dated June 17, 2009 and filed related Proofs of Claim in these Cases thereafter.

**Assumption of Alleged Executory Contract Under the Third Amended Plan**

8. Pursuant to section 11.1 of the Third Amended Plan, upon confirmation of the plan, and as of the plan's effective date, all executory contracts that exist between a Debtor and any counterparty shall be deemed rejected, except for those executory contracts, among others, that are specifically designated in the Plan Supplement as being assumed by a Debtor, subject to the Debtors' right to delete or add contracts to the assumed contract list. Third Amended Plan, § 11.1. Pursuant to the Debtors' *Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan* dated September 9, 2011 (the "**Confirmation Hearing Notice**"), the Debtors were required to serve each counterparty to a contract listed in the Plan Supplement with a notice of the Debtors' intent (a "**Notice of Intent**") to assume the contract and the cure amount associated with the proposed assumption at least forty (40) days prior to the Confirmation Hearing Date. Confirmation Hearing Notice, ¶ 9(a) at 4-5.

9. The Debtors filed the Plan Supplement on October 25, 2011. Exhibit 2 of the Plan Supplement includes a schedule of the contracts that the Debtors intend to assume pursuant to section 365 of the Bankruptcy Code and section 11.1 of the Third Amended Plan. The alleged executory contract that Italease believes to be the Master Agreement was included on Exhibit 2 to the Plan Supplement on page 388.

10. Subsequently, Italease received a Notice of Intent (the Italease Notice of Assumption) and first became aware of the Debtors attempt to assume the Master Agreement.

**BASIS FOR OBJECTION**

**The Master Agreement is Not an Assumable Executory Contract**

11.     All transactions under the Master Agreement were properly terminated, in accordance with their terms and applicable law, on September 30, 2008, therefore, the Master Agreement is not subject to assumption by the Debtors.

12.     Section 365 of the Bankruptcy Code authorizes a debtor in possession to "assume or reject any *executory* contract or unexpired lease," subject to the court's approval. 11 U.S.C. §365(a) (emphasis added). As a result, only executory contracts may be assumed by a chapter 11 debtor. The legislative history of section 365 states that "[t]hough there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides." H.R. Rep. No. 95-595, at 347 (1977), *reprinted in* 1978U.S.C.C.A.N. 5787, 5963, 6303; *accord NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 522 n. 6 (1984); *COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 379 (2 Cir. 2008) (an executory contract is a contract "on which performance remains due to some extent on both sides").

13.     The Master Agreement is not an executory contract, within the meaning of section 365 of the Bankruptcy Code.  Owing to the valid termination of the Transactions on September 30, 2008, the only performance that remains is the payment of the early termination-related damages thereunder by the party obligated to make such payment (LBSF), and is not, therefore, subject to assumption by the Debtors. *See, e.g., In re Chateaugay Corp.*, 130 B.R. 162, 165-66 (Bankr. S.D.N.Y. 1991) (holding that "[a] contract is not executory where the non-debtor party has rendered full performance of its obligations, regardless of whether the debtor has rendered any performance at all," and that an "obligation to pay money, standing alone, is insufficient to render a contract executory"); *In re J.M. Fields, Inc.*, 22 B.R 861, 864 (Bankr. S.D.N.Y. 1982) (holding that an executory contract "does not encompass the situation where a nonbankrupt party to a contract has rendered full performance of its obligations but where a bankrupt party has performed only partially or not at all"); *See In re Res. Tech. Corp.*, 254 B.R. 215 (Bankr. N.D. Ill. 2000) (holding that where there is no potential benefit to the estate from the contract, because one party has already performed all of its substantial obligations, then there is no "executory contract" that must be assumed or rejected).

**If the Court Allows Assumption of the Master Agreement, LBSF Must Cure**

14.     Notwithstanding the termination of the Transactions, to the extent that the Master Agreement is determined to be executory and capable of assumption, pursuant to section 365 of the Bankruptcy Code the Debtors must cure, or provide adequate assurance that the Debtors will promptly cure, any and all outstanding defaults. As a result, the Debtors must cure any and all defaults under the Master Agreement.

15.     Italease objects to any 'Cure Amount' asserted by the Debtors, whether set forth in the Italease Notice of Assumption or otherwise, that is less than the amount set forth in Italease's Proofs of Claim in these Cases. The proposed 'Cure Amount' in the Italease Notice of Assumption, $0, is facially inadequate, given the amounts owing due to the Early Termination Date for the Transactions as set forth in the Proofs of Claim.

16.     Further, Italease reserves all rights[3] under section 365 of the Bankruptcy Code afforded to non-debtor parties to executory contracts including, without limitation: (i) the requirement that all defaults (other than the default caused by the commencement of LBSF's bankruptcy case) must be cured, as a condition precedent to any such assumption; and (ii) the requirement that any pecuniary loss to the non-defaulting counterparty resulting from the default(s) must be compensated, as a condition precedent to any such assumption.

## RESERVATION OF RIGHTS

17.     Italease reserves any and all applicable rights at law and/or equity, including the right to amend or supplement this objection and to join in the objection of any other objector to the relief requested in the Plan Supplement.

## CONCLUSION

Wherefore, Italease respectfully requests that this Court deny the Debtors' request to assume the Master Agreement as identified in Exhibit 2 to the Plan Supplement and the Italease Notice of Assumption, and that the Plan Supplement should be accordingly

---

[3] Given Italease's objection to the "Cure Amount" contained in the Italease Notice of Assumption, Italease reserves, to the extent necessary, all rights to a full evidentiary hearing to determine the amount of its claims.

amended to exclude the Master Agreement from the list of executory contracts to be assumed.

Should this Court determine the Master Agreement to be assumable, Italease respectfully requests the protections of section 365, including, but not limited to, the protections of cure and compensation. In that connection, Italease asserts that it is entitled to cure and compensation in an amount not less than the amount of its Proofs of Claim. Further, Italease respectfully requests all such other relief as the Court deems just and appropriate.

Dated: November 9, 2011
 New York, New York

**HOGAN LOVELLS US LLP**
By: /s/ Christopher R. Donoho III

Christopher R. Donoho III
875 Third Avenue
New York, New York 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
Email: chris.donoho@hoganlovells.com

*Attorneys for Italease Finance S.p.A.*