**EXECUTION COPY**

# TERMINATION AND RELEASE AGREEMENT
(Amended and Restated Note Purchase Agreement)

This Termination and Release Agreement, dated as of June 12, 2009 (the "Agreement"), is entered into by and among LVFN Partners, L.P., a Delaware limited partnership (the "Issuer"), James Giddens, as SIPC trustee for the liquidation of Lehman Brothers Inc. (the "LBI Trustee"), Relationship Funding Company, LLC ("RFC"), Lehman Brothers Special Lending LLC ("LBSL"), Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF" and, together with the Issuer, the LBI Trustee, RFC, LBSL and LBHI the "Parties").  Capitalized terms not otherwise defined herein shall have the respective meanings provided for such terms in the Note Purchase Agreement referred to below.

## RECITALS

WHEREAS, the Issuer, Lehman Brothers Inc. ("LBI" or the "Noteholder Representative"), RFC, and LBSL entered into an Amended and Restated Note Purchase Agreement, dated as of October 23, 2007 (as further amended or otherwise modified from time to time in accordance with the terms thereof, the "Note Purchase Agreement"), pursuant to which, among other things, the Issuer issued notes (the "Notes") to RFC and LBSL;

WHEREAS, to secure the Issuer's obligations under the Notes, the Issuer and LBI, as the secured party on behalf of LBSL (the "Secured Party"), and LBSL entered into a Security Agreement, dated as of August 28, 2007 (as amended from time to time in accordance with the terms thereof, the "Security Agreement"), whereby the Issuer pledged to the Secured Party all of the Issuer's interest in the partnership interests from time to time set forth in Exhibit I to the Security Agreement (the "Pledged Collateral");

WHEREAS, on September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 with respect to LBI and James W. Giddens was appointed as Trustee for the liquidation of the business of LBI;

WHEREAS, on September 15, 2008, LBHI commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and on October 3, 2008, LBSF commenced voluntary cases under chapter 11 of the Bankruptcy Code;

WHEREAS, LBHI and LBSF are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, pursuant to an order entered on December 16, 2008 [Docket No. 2257], by the court in the LBHI and LBSF chapter 11 cases, LBHI and LBSF are authorized to enter into settlement agreements in connection with derivative contracts;

WHEREAS, on February 24, 2009, the Issuer, LBI, as the secured party on behalf of RFC and Wells Fargo Bank, National Association entered into the Deposit Account Control

Agreement, pursuant to which LBI on behalf of RFC received a security interest in the specified account of the Issuer;

WHEREAS, as of the date of this Agreement, RFC holds a Note with an outstanding principal balance of $376,084,281.08 and LBSL holds a Note with an outstanding principal balance of $0;

WHEREAS, the Issuer desires to redeem the Notes pursuant to the terms of this Agreement and to terminate the Note Purchase Agreement;

WHEREAS, the LBI Trustee currently acts as the Noteholder Representative pursuant to the Note Purchase Agreement and as the Secured Party on behalf of LBSL pursuant to the Security Agreement; and

WHEREAS, simultaneously with the execution and delivery of this Agreement, the Issuer, the LBI Trustee and LBSL entered into a termination and release agreement in order to terminate the Security Agreement and the security interests granted thereunder ("Security Agreement Termination Agreement").

NOW, THEREFORE, in consideration of the mutual agreements contained herein, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. Payment by the Issuer.

(a) The Issuer shall pay to RFC on June 16, 2009 (the "Closing Date"), $331,084,281.08 plus (i) any accrued and unpaid interest on the Notes as of the Closing Date, minus (ii) any amounts that the Issuer pays to the Noteholder Representative on the Closing Date in connection with the following paragraph (b) (the "Redemption Price"). The Issuer shall pay such amount to RFC in U.S. Dollars and to the account information provided by RFC on the "Bank Account for Payments" page of the Note Purchase Agreement.

(b) In accordance with Sections 2.22 and 8.04 of the Note Purchase Agreement, the Issuer shall pay on the Closing Date all expenses incurred by the Noteholder Representative (including, but not limited, to the reasonable fees, charges and disbursements of its counsel) in connection with entering into of this Agreement and the Security Agreement Termination Agreement and the consummation of the transactions contemplated by such agreements, such amount to be provided to the Issuer no later than one day prior to the Closing Date.

2. Termination and Release.

(a) Notwithstanding any provisions of the Note Purchase Agreement or the outstanding amount of the Notes, the Parties hereby agree and confirm that upon the payment by the Issuer to (x) RFC of the Redemption Price (as defined above) and (y) the LBI Trustee of the costs and expenses described in section 1(b) of this Agreement, (i) the Notes shall be deemed to be paid in full, (ii) the Commitment shall be irrevocably terminated and (iii) except as set forth in Section 6 hereof, the Note Purchase Agreement and all rights, obligations, liabilities, covenants, interests and claims relating thereto shall be canceled, terminated and extinguished and be of no

2

further force or effect and all Parties shall be released and discharged with respect to and from all obligations under or in connection with the Note Purchase Agreement.

(b)  Within five days of the Closing Date, each of RFC and LBSL shall deliver their Notes to the Issuer, and pursuant to Section 2.19 of the Note Purchase Agreement, the Issuer shall cancel such Notes.

(c)  Within one (1) Business Day after the Closing Date, the LBI Trustee shall deliver to the Issuer two (2) originally executed copies of the letters attached hereto

3.  <u>Direction to the Noteholder Representative</u>.  RFC and LBSL hereby authorize and direct the LBI Trustee to execute this Agreement and the Security Agreement Termination Agreement and to take any actions necessary to perform the transactions contemplated herein and therein.

4.  <u>Indemnification</u>.

(a)  Each of LBHI and LBSF shall indemnify LBI, in its role as Noteholder Representative under the Note Purchase Agreement and Secured Party under the Security Agreement, the SIPC Trustee and the SIPC estate of LBI (collectively, the "<u>Indemnitee</u>") against, and shall hold the Indemnitee harmless from, any and all losses, claims, damages, liabilities and related expenses incurred by or asserted against the Indemnitee arising out of, or in connection with, or as a result of its execution of this Agreement or the Security Agreement Termination Agreement.  The provisions of this paragraph shall survive termination of the transactions and of this Agreement.

(b)  Each of LBHI and LBSF shall indemnify RFC, in its role as Noteholder under the Note Purchase Agreement against, and shall hold RFC harmless from, any and all losses, claims, damages, liabilities and related expenses incurred by or asserted against RFC arising out of, or in connection with, or as a result of its execution of this Agreement.  The provisions of this paragraph shall survive termination of the transactions and of this Agreement.

5.  <u>Representations and Warranties</u>.

(a)  Each Party hereby represents, warrants and acknowledges to the other Parties hereto as of the date hereof that:  (i) it has full power and authority, and has taken all action necessary to execute and deliver this Agreement and to fulfill its obligations hereunder and to consummate the transactions contemplated hereby, (ii) this Agreement has been duly executed and delivered by it and constitutes its legal, valid and binding obligation, enforceable in accordance with its terms, subject to applicable bankruptcy, insolvency, fraudulent conveyance, reorganization, moratorium and similar laws affecting creditors' rights and remedies generally, and subject, as to enforceability, to general principles of equity, including principles of commercial reasonableness, good faith and fair dealing (regardless of whether enforcement is sought in a proceeding at law or in equity), and (iii) it has no current knowledge of any claims against any other Party except for amounts described in Sections 1(a) and 1(b).

(b)  Each Party, other than LBI, represents, warrants and acknowledges to the other Parties hereto that immediately prior to the execution of this Agreement and the Security

3

Agreement Termination Agreement and as of the date hereof there are no fees or any other amounts due and owing to LBI, as noteholder representative or calculation agent, pursuant to the Note Purchase Agreement or any other agreement related to the issuance of the Notes to which it is a party and LBI does not have an economic interest in the transactions contemplated in the Note Purchase Agreement or the Security Agreement.

6. **Survival of Obligations**. Notwithstanding any other provision of this Agreement, each party shall remain responsible for, and shall not be released from, its respective liabilities and obligations under the Note Purchase Agreement that are expressly stated therein to survive the termination thereof, including, without limitation, such Parties' obligations under Sections 2.10, 2.11, 8.04. 8.13 and 8.15, and Issuer's liability under Section 8.04 shall not exceed $50,000.

7. **Special Provisions Related to RFC**. Each Party hereto (including without limitation any party to which all or any portion of this Agreement is assigned) hereby covenants and agrees that on behalf of itself and each of its Affiliates, that prior to the date which is one year and one day after the payment in full of all indebtedness for borrowed money of RFC, such party will not institute against, or join any other person in instituting against, RFC any bankruptcy, reorganization, arrangement, insolvency or liquidation proceedings or other similar proceeding under the laws of the United States, any state of the United States or any other jurisdiction; provided, that nothing herein shall prohibit such person from filing proofs of claim or participating in any such proceedings instituted by any other person. The provisions of this paragraph shall survive termination of the transactions and of this Agreement.

8. **Miscellaneous**.

(a) This Agreement, including without limitation, the representations, warranties, covenants and indemnities contained herein, shall be binding upon, be enforceable by, and inure to the benefit of the Parties and their respective successors and assigns.

(b) This Agreement shall be construed in accordance with, and governed by the laws of the State of New York (including § 5-1401 and § 5-1402 of the New York General Obligations Law).

(c) Each Party hereby irrevocably waives, to the fullest extend permitted by applicable law, any and all right to trial by jury in any legal proceeding arising out of or relating to this Agreement or the transactions contemplated hereby.

(d) This Agreement may be executed in one or more counterparts (including by facsimile or other electronic means of written communication), each of which shall be an original but all of which, taken together, shall constitute one and the same instrument.

*[Signature Pages Follow]*

4

IN WITNESS WHEREOF, the undersigned have executed and delivered this Termination and Release Agreement as of the date first stated above.

LVFN PARTNERS, L.P., as Issuer

By: LVFN Genpar, L.L.C, its General Partner

By: _____
Name: Ardon E. Moore
Title: President


JAMES GIDDENS, AS TRUSTEE FOR THE
LIQUIDATION OF LEHMAN BROTHERS INC., as
Noteholder Representative and as Calculation Agent


By:_____
Name:
Title:



RELATIONSHIP FUNDING COMPANY, LLC, as a Noteholder


By: _____
Name:
Title:

IN WITNESS WHEREOF, the undersigned have executed and delivered this Termination and Release Agreement as of the date first stated above.

LVFN PARTNERS, L.P., as Issuer

By: LVFN Genpar, L.L.C, its General Partner

By: _____
    Name:
    Title:

JAMES GIDDENS, AS TRUSTEE FOR THE LIQUIDATION OF LEHMAN BROTHERS INC., as Noteholder Representative and as Calculation Agent

By: _/s/ James B. Kobak_____
    Name:  James B. Kobak, Jr.
    Title:   Counsel to the Trustee
           and Authorized Signatory

RELATIONSHIP FUNDING COMPANY, LLC, as a Noteholder

By: _____
    Name:
    Title:

IN WITNESS WHEREOF, the undersigned have executed and delivered this Termination and Release Agreement as of the date first stated above.

                        LVFN PARTNERS, L.P., as Issuer

                        By:  LVFN Genpar, L.L.C, its General Partner


                        By: _____
                              Name:
                              Title:


                        JAMES GIDDENS, AS TRUSTEE FOR THE LIQUIDATION OF LEHMAN BROTHERS INC., as Noteholder Representative and as Calculation Agent


                        By:_____
                              Name:
                              Title:


                        RELATIONSHIP FUNDING COMPANY, LLC, as a Noteholder

                        By: ____/s/ J E Gorecki_____
                              Name:
                              Title:     John E. Gorecki
                                        Authorized Signer

LEHMAN BROTHERS SPECIAL LENDING LLC, as a Noteholder

By: _____
Name: DANIEL EHRMANN
Title:

LEHMAN BROTHERS SPECIAL FINANCING INC.

By: _____
Name: DANIEL EHRMANN
Title:

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name: DANIEL EHRMANN
Title:

June 16, 2009

LVFN Partners, L.P.
201 Main Street
Suite 2600
Fort Worth, Texas 76102
Attn: Thomas W. White

Each Issuer under
the Security Agreement
201 Main Street, Suite 3200
Fort Worth, Texas 76102
Attn: Ardon E. Moore

      Re:    Security Agreement dated as of August 28, 2007, by LVFN Partners, L.P. ("Pledgor") in favor of Lehman Brothers, Inc. ("Secured Party") on behalf of Lehman Brothers Special Lending LLC ("LBSL") (the "Security Agreement") and Letter Agreements Re: Pledged Partnership Interests executed by the Pledgor, each Issuer (each capitalized term shall be as defined in the Security Agreement unless defined herein), and Secured Party (the Side Letter")

Ladies and Gentlemen

This letter is to advise you that, upon the consummation of the transactions described in (i) the Termination and Release Agreement related to the Note Purchase Agreement, dated as of June 12, 2009 by and among the Pledgor, James Giddens, as SIPC trustee for the liquidation of Lehman Brothers Inc. (the "LBI Trustee"), Relationship Funding Company, LLC, LBSL, Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc. ("LBSF") and (ii) the Termination and Release Agreement related to the Security Agreement, dated as of June 12, 2009 by and among the Pledgor, the LBI Trustee and LBSL, the Secured Obligations will have been satisfied in full, and upon the filing of termination statements by the Issuer, all Liens on the Pledged Collateral shall be terminated. Accordingly, the Side Letters are hereby terminated and the Secured Party authorizes and directs LBSF to mark each Interest Transfer (as such term is used in the Side Letters) executed pursuant to the Side Letters as "CANCELED" and return them to Pledgor on behalf of the Issuers.

                              James W. Giddens as Trustee for the Liquidation of
                              Lehman Brothers, Inc., as secured party on behalf
                              of Relationship Funding Company, LLC


                              By:_____
                                 James B. Kobak, Jr.
                                 Counsel to the Trustee
                                 and Authorized Signatory

DLL/dh

1053487_2US_ACTIVE:\43058472\02\43058472_2.DOC\58399.0003

June 16, 2009


Wells Fargo Private Bank
1445 Ross Avenue, 44th Floor
MAC T5303-444
Dallas, TX 75202-2812
Attn: Valerie B. O'Neal, Vice President

LVFN Partners, L.P.
201 Main Street, Suite 2600
Fort Worth, Texas 76102
Attn: Thomas W. White

Ladies and Gentlemen:

Lehman Brothers Inc., as secured party on behalf of Relationship Funding Company, LLC, no longer claims a security interest in Wells Fargo Bank, N.A. deposit account number 1379952342.

This letter is provided to you in order to terminate that one certain Deposit Account Control Agreement dated February 24, 2009, among the undersigned, LVFN Partners, L.P. and Wells Fargo Bank, National Association, such termination to be effective upon your receipt of this letter by Wells Fargo, National Association.

          James W. Giddens as Trustee for the Liquidation of
          Lehman Brothers, Inc., as secured party on behalf
          of Relationship Funding Company, LLC


          By:_____
             James B. Kobak, Jr.
             Counsel to the Trustee
             and Authorized Signatory


DLL/dh

cc: Wells Fargo Private Bank
1445 Ross Avenue, 44th Floor
MAC T5303-444
Dallas, TX 75202-2812
Attn: Ray Frese, Senior Vice President -
Regional Private Bank Manager

Kelly Hart & Hallman, LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Attn: Daniel L. Lowry