WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                              :     **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :     **08-13555 (JMP)**
:
Debtors.              :     **(Jointly Administered)**
:
---------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C.
§ 1746 REGARDING DEBTORS' MOTION PURSUANT TO SECTION
362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR
AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT
PAYMENT UNDER DIRECTOR AND OFFICERS INSURANCE POLICIES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice

and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"),

filed the Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy

Rule 4001 for an Order Modifying the Automatic Stay to Allow Settlement Payment Under Directors and Officers Insurance Policies [ECF No. 20849] (the "<u>Motion</u>") with this Court on October 14, 2011. In accordance with the Second Amended Case Management Order, November 2, 2011 at 4:00 p.m. (Prevailing Eastern Time), was established as the deadline (the "<u>Objection Deadline</u>") for parties to object or file a response to the Motion.

2. On November 1, 2011, the Debtors filed the Notice of Revised Proposed Order Granting Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001 for an Order Modifying the Automatic Stay to Allow Settlement Payment Under Directors and Officers Insurance Policies [ECF No. 21473] (the "<u>Revised Proposed Order</u>").

3. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed, nor has any objection or other responsive pleading to the Motion been served on Debtors' counsel.

4. Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the Revised Proposed Order annexed hereto as <u>Exhibit A</u>, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: November 10, 2011
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# **EXHIBIT A**

**(Revised Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
                                                                  :
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :    08-13555 (JMP)
                                                                  :
                        Debtors                                   :    (Jointly Administered)
                                                                  :
----------------------------------------------------------------- x

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES

Upon the motion, dated October 14, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 362(d) of title 11 to the United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay provided for in section 362(a) of the Bankruptcy Code, to the extent applicable, to allow Lloyd's to make the Settlement Payment in connection with the terms of a settlement agreement (the "Settlement Agreement") between GameTech International, Inc. ("GameTech") and the Individual Defendants, a copy of which is annexed to the Motion as Exhibit A, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Lloyd's; (vii) the attorneys for GameTech; (viii) the attorneys for the Individual Defendants; and (ix) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow Lloyd's to make the Settlement Payment provided for in the Settlement Agreement on behalf of the Individual Defendants in accordance with the terms of the Lloyd Policy; and it is further

ORDERED that the Debtors are authorized to execute all documentation necessary to allow Lloyd's to fund the Settlement Payment on behalf of the Individual Defendants pursuant to the Settlement Agreement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of Lloyd's, the Debtors or the Individual Defendants provided for under the terms and conditions of the Lloyd's Policy; and it is further

ORDERED that all parties to the Lloyd's Policy reserve all rights and defenses with respect to the Excess Insurance Policies that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the Lloyd's Policy are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the Lloyd's Policy are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it is further

ORDERED that nothing in this Order shall constitute a determination of any insurance coverage rights or obligations under the Excess Insurance Policies or any other insurance policies; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  November ___, 2011
        New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE