Hearing Date: December 6, 2011 at 10:00 a.m.
Objections Due: November 10, 2011

Brian V. Otero
Stephen Blacklocks
Ryan A. Becker
Hunton & Williams LLP
200 Park Avenue
New York, New York 10166-0005
212 • 309 • 1000
*Attorney for HBK Investments L.P.,*
  *Collateral Manager to*
  *Gemstone CDO VI, Ltd. and*
  *Gemstone CDO VI Corp.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
                                                              :    Chapter 11
In re:                                                        :
                                                              :    Case No. 08-13555 (JMP)
Lehman Brothers Holdings Inc., et al.                         :
                                                              :    (Jointly Administered)
                          Debtors.                            :
                                                              :
------------------------------------------------------------- X

**OBJECTION OF HBK INVESTMENTS L.P., AS COLLATERAL MANAGER, ON BEHALF OF GEMSTONE CDO VI AND GEMSTONE CDO VI CORP., TO THE ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN**

HBK Investments L.P. ("HBK"), as Collateral Manager for Gemstone CDO VI Ltd. and Gemstone CDO VI Corp. (collectively, "Gemstone VI"), by and through its undersigned counsel, hereby objects to the assumption of the ISDA Master Agreement between Gemstone VI and Lehman Brothers Special Financing Inc. ("LBSF"), as provided for in the Debtors' Plan

Supplement, Docket No. 21254, dated October 25, 2011. In support of this objection, HBK represents as follows:

## BACKGROUND

1. Gemstone VI and LBSF entered into a 1992 ISDA Master Agreement, dated August 16, 2006 ("Master Agreement"). Pursuant to a guarantee executed on August 16, 2006, Lehman Brothers Holdings Inc. ("LBHI") guaranteed LBSF's obligations under the Master Agreement.

2. Following the Event of Default caused by the September 15, 2008 bankruptcy petition of LBHI, Gemstone VI exercised its rights under the Master Agreement to terminate all of its transactions with LBSF under the Master Agreement, and designated September 16, 2008 as the Early Termination Date.

3. On September 29, 2008, HBK Investments L.P., as Collateral Manager of Gemstone VI, notified LBSF that as of the Early Termination Date of September 16, 2008, a termination payment of US$206,350,430.45 was payable by Gemstone VI.

4. On September 1, 2011, LBHI and its affiliated debtors ("Debtors"), filed a Third Amended Joint Chapter 11 Plan, Docket No. 19627 ("Plan"). Section 11.1 of the Plan states that the Debtors intend to assume every executory contract and unexpired lease specifically designated in the Plan Supplement.

5. On October 25, 2011, Debtors filed a Plan Supplement, Docket No. 21254, listing Gemstone VI as a counterparty to an executory contract to be assumed pursuant to Section 11.1 of the Plan. See Exhibit 2 to the Plan Supplement.

6. On October 27, 2011, Debtors issued a Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, notifying Gemstone that if the Plan is

confirmed, the transactions under the Master Agreement will be assumed by Debtors and will pay the cure amount of $0 to satisfy the Debtors' obligations in connection with the assumption of the Master Agreement.

### THE MASTER AGREEMENT BETWEEN GEMSTONE VI AND LBSF IS NOT EXECUTORY, AND SO CANNOT BE ASSUMED BY DEBTORS.

7.      HBK, as Collateral Manager on behalf of Gemstone VI, objects to Debtors' claim that the Master Agreement is an "executory contract" under § 365 of the Bankruptcy Code because the transactions that it and LBSF entered into under the Master Agreement were terminated on September 16, 2008, prior to LBSF's bankruptcy petition dated October 3, 2008.

8.      The Second Circuit has endorsed the Countryman definition of an executory contract articulated in Vern Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn. L. Rev. 439 (1973). See Regen Capital I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.), 547 F.3d 484, 488 n.1 (2d Cir. 2008) ("[M]ost courts and scholars" look to the definition of executory contract "first articulated by Professor Vernon Countryman in his seminal 1973 law review article.") (quoting In re Penn Traffic Co., 524 F.3d 373, 379 (2d Cir. 2008)); see also 3 Collier on Bankruptcy § 365.02[1], at 365-19 (15th ed. rev. 2008) (noting that "no circuit has rejected the Countryman test" for executory contracts).

9.      Under the Countryman definition, an executory contract is one "under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." Countryman, Executory Contracts, 57 Minn. L. Rev. at 460. When performance is due on only one side, the contract is non-executory. In re Riodizio, Inc., 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997).

- 4 -

10. The time at which the obligations of both the bankrupt and the other party to the contract should be considered in determining whether the contract is executory is the petition date of the bankrupt party to the contract. See COR Route 5 Co. v. The Penn Traffic Co. (In re The Penn Traffic Co.), 524 F.3d 373, 381 (2d Cir. 2008); Enterprise Energy Corp v. United States (In re Columbia Gas Sys., Inc.), 50 F.3d 233, 240 (3d Cir. 1995); In re Riodizio, 204 B.R. at 421; In re Spectrum Info. Tech., Inc., 193 B.R. 400, 404 (Bankr. E.D.N.Y. 1996).

11. LBSF, the bankrupt party to the Master Agreement, filed its bankruptcy petition on October 3, 2008, well after Gemstone VI validly terminated each of the transactions entered into by Gemstone VI and LBSF under the Master Agreement.

12. In the present case, not only is the only remaining obligation for the parties the payment of money, but only one party -- Gemstone VI -- has such an obligation. Therefore, the Master Agreement is not executory, and so under the Bankruptcy Code, Debtors are not authorized to assume the Master Agreement.

## CONCLUSION

13. For the reasons stated above, HBK, as Collateral Manager and on behalf of Gemstone VI, respectfully objects to the proposed assumption by Debtors of the August 16, 2006 ISDA Master Agreement between Gemstone VI and Lehman Brothers Special Financing Inc. dated August 16, 2006.

- 5 -

Dated: New York, New York
November 10, 2011

                      Respectfully submitted,

                      HUNTON & WILLIAMS LLP

By: /s/ Ryan A. Becker
    Ryan A. Becker
    Brian V. Otero
    Stephen Blacklocks
    200 Park Avenue
    New York, New York 10166-0005
    212 • 309 • 1000

    *Attorneys for HBK Investments L.P.,*
       *Collateral Manager to*
       *Gemstone CDO VI, Ltd. and*
       *Gemstone CDO VI Corp.*