**EXHIBIT A**

**(Ordinary Course Professional Declaration)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                      :
**In re**                                             :    **Chapter 11 Case No.**
                                                      :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,          :    **08-13555 (JMP)**
                                                      :
                        **Debtors.**                  :    **(Jointly Administered)**
                                                      :
                                                      :
------------------------------------------------------------------x

## AFFIDAVIT AND DISCLOSURE STATEMENT OF JAMES D. MCGINLEY ON BEHALF OF EDWARDS WILDMAN PALMER LLP

COMMONWEALTH OF MASSACHUSETTS )
                                                      ) ss:
COUNTY OF SUFFOLK                             )

       James D. McGinley, being duly sworn, upon his oath, deposes and says:

       1.    I am a partner of Edwards Wildman Palmer LLP, located at 111 Huntington Avenue, Boston, MA 02199 (the "Firm"). The Firm was created by the October 1, 2011 merger of Edwards Angell Palmer & Dodge LLP ("EAPD") and Wildman, Harrold, Allen & Dixon LLP. Prior to October 1, 2011, EAPD represented the clients in connection with the matters described in paragraph 4 hereof.

       2.    Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), have requested that the Firm provide legal services relating to the preparation and delivery of nonconsolidation opinions relating to the following borrowers: (a) 237 Park Avenue Owner, L.P., (b) Wilshire Boulevard Property LLC (and affiliated

BOS 879416.9

mezzanine borrowers) and (c) such other special purpose entities as requested by the

Debtors, and the Firm has consented to provide such services.

3.       The Firm may have performed services in the past and may

perform services in the future, in matters unrelated to these chapter 11 cases, for persons

that are parties in interest in the Debtors' chapter 11 cases.  As part of its customary

practice, the Firm is retained in cases, proceedings, and transactions involving many

different parties, some of whom may represent or be claimants or employees of the

Debtors, or other parties in interest in these chapter 11 cases.  Except as disclosed in the

succeeding paragraph, the Firm does not perform services for any such person in

connection with these chapter 11 cases.  In addition, except as disclosed in the succeeding

paragraph, the Firm does not have any relationship with any such person, their attorneys,

or accountants that would be adverse to the Debtors or their estates.  The Firm does not

represent parties in interest that are adverse to the Debtors with respect to the matters for

which it is to be retained.

4.       The Firm either has performed services for the following persons

in connection with the Debtors' chapter 11 cases or has relationships with the following

persons that have been or would be adverse to the Debtors:

(A)      The Firm currently represents the following agencies of the

Commonwealth of Massachusetts:

(1)      The Firm represents the Massachusetts Development Finance

Agency ("MDFA") in connection with its response to a subpoena issued to

it by one or more of the Debtors pursuant to Federal Rule of Bankruptcy

Procedure 2004 relating to a derivative contract relating to bonds issued

by MDFA for a project located in Chelsea, Massachusetts.  The derivative
contract was terminated in late 2008.  The potential dispute relates to the
calculation of the termination payment.

(2)      The Firm represents MDFA and its subsidiary,
MassDevelopment/Saltonstall Building Redevelopment Corporation
("Saltonstall"), in connection with a swap agreement with Lehman
Brothers Special Financing ("LBSF").  The swap agreement has not been
terminated and is subject to assumption or rejection by LBSF.  The parties
dispute the amount of interest that is due.  The Firm has advised MDFA
and Saltonstall on this matter.

(3)      (A) The Firm represents the Massachusetts Turnpike Authority,
which is now part of the Massachusetts Department of Transportation
("MDOT"), in connection with a claim in the amount of approximately
$50 million that it filed against LBSF relating to the termination of a
derivative agreement.  LBSF has recently communicated to MDOT that it
believes that MDOT's claim should be allowed in a lesser amount.  Thus,
there is a potential dispute as to the amount of MDOT's claim.  (B) The
Firm represents MDOT with respect to a series of swaptions between
LBSF and MDOT (or the Massachusetts Turnpike Authority) that were
terminated in December 2008.  Prior to the filing of the Debtors'
bankruptcy cases, LBSF assigned its interest in the swaptions to Lehman
Brothers Commercial Bank, which is not (and is not eligible to be) a
Debtor.

(B)    The Firm currently represents OM Financial Life Insurance Company ("OM") in connection with claims that it filed against the Debtors.  On June 17, 2010, pursuant to their Twenty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), the Debtors objected to certain of OM's claims on the ground that they are duplicative of a global claim filed by the Wilmington Trust Company on behalf of itself and the holders of certain senior unsecured notes issued pursuant to an indenture.  On September 16, 2011, pursuant to their Two Hundred Tenth Omnibus Objection, the Debtors objected to other OM claims and those of Old Mutual Reinsurance (Ireland) Limited (collectively with OM, the "Old Mutual Companies") that certain additional of their claims were duplicative of a global claim filed by OMX Timber Finance Investments II, LLC and prosecuted by Wells Fargo Northwest, N.A. as indenture trustee.  The Firm continues to represent the Old Mutual Companies in connection with monitoring the Debtors' chapter 11 proceedings.  The firm also represented OM in connection with a dispute over the proper calculation of amounts owed in connection with the termination of a swap agreement between OM and Lehman Brothers OTC Holdings Inc. which was settled between the parties in 2009.

(C)    The Firm currently represents Mr. Edward J. Lill and Mr. Stephen Friedman in connection with claims that they filed against the Debtors and to which the Debtors have objected.  A hearing on the Debtors' objections to Mr. Lill's claim and Mr. Friedman's claim is scheduled for December 21, 2011.

(D)    Two former partners of the Firm, Richard Hiersteiner and Jeanne Darcey, represented U.S. Bank National Association, a creditor that either is or was a

member of the Debtors' committee of unsecured creditors, in connection with its

service on such committee. Mr. Hiersteiner's and Ms. Darcey's representation of

U.S. Bank National Association in its capacity as a member of the creditors'

committee, while they were partners of the Firm, lasted from February 9, 2010 to

March 9, 2010. The Debtors have not paid the Firm's invoices, totaling

$67,517.33, for these post-petition services.

(E)    The Firm represented Acuity Capital Management LLC ("Acuity") in its

filing of a proof of claim in the Debtors' chapter 11 cases. Subsequent to the

filing of such proof of claim, Acuity sold its claim to an unaffiliated third party.

(F)    The Firm represented Pacific Life Insurance Company ("Pacific") in its

motion to file a late proof of claim against the Debtors. The Court denied

Pacific's motion and, therefore, Pacific does not have a claim against the Debtors.

However, Pacific holds a claim against Lehman Brothers International (Europe),

which is a debtor in a European insolvency proceeding. Additionally, Pacific

objected to the Debtors' proposed procedures for the assignment of derivatives

contracts but subsequently withdrew its objection.

(G)    The Firm represented several different clients (Babson College, Brandeis

University, Phillip and Susan Morse, Northeastern University, Rhode Island

Economic Development Corporation and Trustees of Tufts College) in connection

with terminations of interest rate swaps or derivatives contracts with one of the

Debtors. Additionally, the Firm has advised other clients about the impact of the

Debtors' chapter 11 bankruptcy filings on swap and other transactions in which a

Debtor was or is a counterparty.

(H)    A former partner of the Firm represented Allied World Assurance

Company, a former client of the Firm that provided excess D&O insurance

coverage to a Debtor. The Firm acted as coverage counsel. The services

performed by the Firm included monitoring and reviewing subprime mortgage-

related litigation filed against the Debtors. The Firm's representation of this

former client ended in April, 2010 when the former partner left the Firm.

(I)    The Firm advised Moonlight Basin Ranch Limited Partnership

("Moonlight") in connection with a threatened foreclosure action that a Debtor

threatened to bring against it. In connection therewith, the Firm advised

Moonlight with respect to a potential claim or claims against the Debtors. The

Firm's representation of Moonlight ended in November, 2009. Subsequently,

Moonlight filed its own Chapter 11 bankruptcy case in the United States

Bankruptcy Court for the District of Montana.

(J)    The Firm either represented or currently represents creditors and insurers

of affiliates of the Debtors that are themselves debtors in insolvency proceedings

in Europe and/or Hong Kong.

(K)    The Firm represents two clients that are adverse to Aurora Bank FSB

(formerly known as Lehman Brothers Bank, FSB), which is a non-debtor

subsidiary of a Debtor. One client's matter relates to a mortgage foreclosure

action and the other relates to an insurance coverage dispute.

(L)    On behalf of various clients, the Firm has monitored the Debtors' chapter

11 cases and advised clients as to (a) the impact of the Debtors' bankruptcy on

pre-petition transactions, agreements and insurance policies, and/or (b) whether or not a client has grounds for asserting a claim against the Debtors.

5.    Neither I, nor any principal of, or professional employed by the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

6.    Except as disclosed in paragraph 4 above and in the Retention Questionnaire submitted herewith, neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which the Firm is to be retained.

7.    The Debtors do not owe the Firm for any prepetition services.

8.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit.

By:    _James D. McGinley_

Subscribed and sworn to before me
this _10th_ day of November, 2011

_Karen E. Nolan_
Notary Public

KAREN E. NOLAN
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 11, 2018

BOS 879416.9                                    7

**EXHIBIT B**

**(Retention Questionnaire)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                            :
In re                                       :    **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :    **08-13555 (JMP)**
                                            :
                      Debtors.              :    **(Jointly Administered)**
                                            :
                                            :
-----------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN
BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively,
the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT.
RETURN IT FOR FILING BY THE DEBTORS, TO:

> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York 10153
> Attn:  Candace Arthur
>          Christopher Stauble

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as
appropriate.  If more space is needed, please complete on a separate page and attach.

    1.    Name and address of firm:

        Edwards Wildman Palmer LLP

        111 Huntington Avenue

        Boston, Massachusetts 02199

    2.    Date of retention:    November 4, 2010 as a *De Minimis* OCP pursuant to

the Amended OCP Order.

3.    Type of services provided (accounting, legal, etc.):

   Legal services relating to the preparation and delivery of nonconsolidation

   opinions relating to the following borrowers:  (a) 237 Park Avenue Owner,

   L.P., (b) Wilshire Boulevard Property LLC (and affiliated mezzanine

   borrowers) and (c) such other special purpose entities as requested by the

   Debtors.

4.    Brief description of services to be provided:

   Preparation and delivery of nonconsolidation opinions with respect to

   certain real property.

5.    Arrangements for compensation (hourly, contingent, etc.)

   Hourly

   (a)    Average hourly rate (if applicable):

      $670.00

   (b)    Estimated average monthly compensation based on prepetition
          retention (if firm was employed prepetition):

      N/A

6.    Prepetition claims against the Debtors held by the firm:

   Amount of claim:    N/A

   Date claim arose:

   Source of Claim:

7.    Prepetition claims against the Debtors held individually by any member,
      associate, or professional employee of the firm:

   Name:  Richard B. Smith

   Status:  Partner

   Amount of Claim: $68,007.00

Date claim arose: <u>Uncertain</u>

Source of claim: <u>Derivatives instrument purchased by an investment</u>

<u>manager for Mr. Smith's investment account.  A global claim was filed</u>

<u>against LBHI by Wilmington Trust Company on behalf of numerous</u>

<u>investors, including Mr. Smith, who holds a beneficial interest in the</u>

<u>claim.</u>

8.    Stock of the Debtors currently held by the firm:

Kind of shares: <u>None</u>

No. of shares: _____

9.    Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

Name: <u>Andre K. Cizmarik</u>

Status: <u>Counsel</u>

_____

Kind of shares: <u>LBHI common stock</u>

No. of shares: <u>4,000 shares</u>

10.    Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

<u>Edwards Wildman Palmer LLP is not adverse to the Debtors or their</u>

<u>estates with respect to the matters for which it is to be employed.</u>

_____

_____

11.    Name of individual completing this form:

<u>Lorne W. McDougall</u>