David F. Heroy
Andrew P. R. McDermott
Baker & McKenzie LLP
One Prudential Plaza
130 East Randolph Street, Suite 3500
Chicago, Illinois 60601
Phone: (312) 861-8000
Fax: (312) 698-2370

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | **Hearing: December 6, 2011** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF LONGWOOD AT OAKMONT TO PROPOSED
ASSUMPTION OF PURPORTED EXECUTORY CONTRACT**

Longwood at Oakmont, Inc. ("Longwood") hereby submits this limited objection and reservation of rights (this "Limited Objection") with respect to the proposed assumption, pursuant to the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. And Its Affiliated Debtors* [Dkt. No. 19627] (the "Plan"), of the Longwood Swap Agreement (as defined below). In support of this Limited Objection, Longwood respectfully states as follows:

**BACKGROUND**

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Special Financing Inc. ("LBSF") and certain affiliates (together with debtors in jointly consolidated cases, the "Debtors") filed voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court"), which cases are being jointly administered under Case Number 08-13555 (together with other jointly consolidated cases, the "Chapter 11 Cases").

2. Longwood is a non-profit corporation organized in Pennsylvania for the purpose of operating a retirement community located in Verona, Pennsylvania.

3. Longwood is a party to that certain ISDA Master Agreement with LBSF, dated as of October 17, 2001 (the "Master Agreement"), together with the related Schedule dated as of November 20, 2001, the Credit Support Annex to the Schedule, and the Confirmation dated as of October 16, 2001 (the "Longwood Swap Agreement").

4. In addition, Longwood is a party to that certain Reserve Fund Agreement, dated as of November 20, 2001, with LBSF and Chase Manhattan Trust Company, NA, as indenture trustee for certain bonds issued by the Allegheny County Industrial Development Authority (the "Reserve Fund Agreement"). On the Petition Date, LBSF was indebted to Longwood in at least the amount of $294,299.09.

5. On November 10, 2008, Longwood delivered a Notice of Early Termination to LBSF under Section 6 of the Master Agreement terminating all interest rate swaps entered into under the Longwood Swap Agreement in accordance with Section 5(a)(vii) of the Master Agreement.

6. On December 2, 2008, Longwood delivered to LBSF, with supporting documentation, the statement required by Section 6 of the Master Agreement that set forth Longwood's calculation of the Early Termination Payment. A set forth in the settlement statement, Longwood compensated LBSF for all amounts due as a result of Early Termination.

7. Since October 2010, Longwood and LBSF engaged in a voluntary dispute resolution with respect to the Longwood Swap Agreement, as provided for in this Court's *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under*

2

*Derivatives Contracts, entered in the Bankruptcy Case on September 17, 2009* [Docket No. 5207], as amended by the Order Supplement The September 17, 2009 Alternative Dispute Resolution Procedures Order to Add a Fourth Mediator dated September 23, 2010. No consensual resolution has resulted from the mediation process at this time.

8. On or about October 27, 2011, the Debtors served Longwood with a *Notice of Proposed Assumption of Executory Contracts And Unexpired Leases Pursuant to Debtors Plan*, a copy of which is attached as Exhibit A hereto (the "Cure Notice"). The Cure Notice identifies on its Exhibit A an agreement entitled "1992 ISDA MA – Local Currency Single Jurisdiction Dated On 11/17/2001" between Longwood and LBSF. The Notice provides that the "Cure Amount" is $0.

9. The "1992 ISDA MA – Local Currency Single Jurisdiction Dated On 11/17/2001" between Longwood and LBSF is also listed on Exhibit 2, Part A (at p. 80) of the Plan Supplement [Dkt No. 21254]. Pursuant to Section 11.1 of the Plan, the listing of this agreement on Exhibit 2 would, in the absence of objection, permit assumption of the agreement in connection with confirmation of the Plan.

## OBJECTION

10. First, although Longwood assumes that the description in the Cure Notice and Plan Supplement refer to the Longwood Swap Agreement, the descriptions are insufficient to identify with certainty the agreement implicated. Specifically, Longwood is unable to identify whether the Debtors intend to assume the Reserve Fund Agreement that was executed in conjunction with the Longwood Swap Agreement, on the basis of the Cure Notice and Plan Supplement, Exhibit 2.

11. Second, the Longwood Swap Agreement has been terminated by its terms and, as a result, is not an "executory contract," as that term is used in Bankruptcy Code § 365(a). Thus,

it may not be assumed in connection with confirmation of the Plan. *Id.*; Bankruptcy Code § 1123(b)(2) (chapter 11 plan "may … subject to 365 of this title, provide for the assumption … of any executory contract").

12.     Although the term "executory contract" is not defined in the Bankruptcy Code, "courts have long employed the definition articulated by Professor Countryman, *i.e.*, 'a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.'" *In re Wireless Data Inc.*, 547 F.3d 484, 488 n.1 (2d Cir. 2008) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 MINN. L. REV. 439, 460 (1973)).

13.     The Longwood Swap Agreement has been terminated and neither party has any ongoing performance obligations. Further, although the amount of the Early Termination Payment may still be in dispute, an agreement is *not* executory where the only obligation remaining is the payment of money. *In re Leibinger-Roberts, Inc.*, 105 B.R. 208, 212-13 (Bankr. E.D.N.Y. 1989) (citing *In re Chateaugay Corp.*, 102 B.R. 335, 344-45 (Bankr. S.D.N.Y. 1989)).

### RESERVATION OF RIGHTS

14.     If the Longwood Swap Agreement is nevertheless determined to be an executory contract, Longwood does not object to the Cure Amount of $0 as set forth on the Cure Notice, provided however, that:

    a.     The determination that the Longwood Swap Agreement is an executory contract and its assumption by LBSF is without prejudice to Longwood's continuing assertion that the Longwood Swap Agreement was, in fact, properly terminated according to its terms;

4

b. The Reserve Fund Agreement is not assumed, but instead is rejected pursuant to the Plan; and,

c. Should Longwood be found to be obligated to LBSF under the Longwood Swap Agreement in any amount, the assumption by LBSF (and Longwood's non-objection to cure) shall be without prejudice to Longwood's continuing right to set-off and/or recoup against any such obligation amounts owed by LBSF to Longwood as provided in the Longwood Swap Agreement and Reserve Fund Agreement.

## NOTICE

15. Notice of this Limited Objection has been given to the following parties in accordance with the instructions in the Cure Notice: (a) the chambers of the Honorable James M. Peck; (b) attorneys for the Debtors; (c) the Office of the United States Trustee for Region 2; and (d) counsel for the official committee of unsecured creditors appointed in the Chapter 11 Cases.

Dated: November 10, 2010

/s/ David Heroy
David F. Heroy
Andrew P.R. McDermott
Baker & McKenzie LLP
One Prudential Plaza
130 East Randolph Street, Suite 3500
Chicago, Illinois 60601
Phone: (312) 861-8000
Fax: (312) 698-2370

Counsel to Longwood

5