Michael E. Wiles
Derek P. Alexander
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:    (212) 909-6000
Facsimile:    (212) 521-7603
mewiles@debevoise.com
dalexander@debevoise.com
*Attorneys for Pictet & Cie*

James I. McClammy
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone:    (212) 450-4584
Facsimile:    (212) 701-5584
james.mcclammy@davispolk.com
*Attorneys for Bank Julius Baer & Co. Ltd.*

Hearing Date: Dec. 21, 2011 at 10:00 a.m.
Objection Deadline: Dec. 14, 2011 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 Case No. |
| **Lehman Brothers Holdings Inc.,** *et al.*, | 08-13555 (JMP) |
| **Debtors.** | Jointly Administered |

**RESPONSE OF PICTET & CIE AND BANK JULIUS BAER & CO. LTD. TO DEBTORS' OBJECTION TO CLAIM NO. 64249 IN THEIR ONE HUNDRED NINETY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS) AND STATEMENT IN SUPPORT OF THEIR MOTION TO ENLARGE THE TIME PERIOD FOR THE FILING OF CLAIM NUMBER 64249 BY ONE DAY**

Pictet & Cie ("**Pictet**") and, with respect to the Transferred Security (as defined below), Bank Julius Baer & Co. Ltd. ("**Baer**"), by and through their undersigned counsel, hereby respond to the Debtors' *One Hundred Ninety-Eighth Omnibus Objection to Claims (Late-Filed Claims)* [docket no. 19902] (the "**Objection**")[1] as it relates to Securities Programs Proof of Claim No. 64249 (the "**Claim**"), attached hereto as **Exhibit A**. For the reasons set forth below, Pictet and Baer also move pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure for an

---

[1] Capitalized terms used but not defined herein have the meaning set forth in the Objection.

Order enlarging (by only one day) the deadline for the filing of the Claim. Pictet and Baer submit the accompanying Declaration of Antoine Salamolard, a Swiss attorney at law employed by Pictet, as **Exhibit B**, and respectfully state the following:

### Preliminary Statement

1.	The Bar Date for claims based on "Program Securities" was November 2, 2009. Claimants were required to obtain "blocking numbers" before filing claims. Pictet obtained the required blocking numbers and mailed the Claim from Switzerland on October 28, 2009, addressed to the Post Office Box designated in the claim form. However, the Claim was stamped as having been received by the claims agent on November 3, 2009 – one day late.

2.	Pictet and Baer submit, pursuant to Rule 9006 and under the standards set forth by this Court in prior decisions in these cases, that the Claim should be allowed, with delivery one day late treated as excusable neglect. The Claim relates only to the ownership of Lehman Program Securities. There has never been any dispute as to the Debtors' obligations with respect to the Lehman Program Securities. The only purpose served by the filing of claims (and by the requirement that blocking numbers be obtained) was to identify the holders of those securities in a definitive way. Pictet obtained blocking numbers on a timely basis, and Pictet's Claim contains all the information needed to verify the security positions. The inadvertent one-day delay in the mail delivery of the Claim poses no danger of prejudice, and therefore Pictet and Baer respectfully ask that the one-day delay be excused.

3.	In addition, even if the Claim were barred for lateness, Pictet and Baer respectfully submit that Objection should be overruled as to securities that have been scheduled as admitted liabilities by the Debtor ("**Scheduled Securities**"), including, without limitation, the securities listed on **Exhibit C**.

**Background**

4. Pictet is a Swiss bank headquartered in Geneva. Pictet submitted the Claim for the Lehman Program Securities specified therein (the "**Securities**"). The aggregate amount of the claim is US $49,752,006.93. Pictet subsequently transferred one of the Securities (ISIN XS0340756898, the "**Transferred Security**") to Baer, a Swiss bank headquartered in Zurich. Pictet continues to hold the remaining Securities.

5. Pictet sent its Claim via Swiss Post International Priority on October 28, 2009, as postmarked. The bar date for Lehman Program Securities was November 2, 2009. The Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, marked the Claim "Received" one day late: November 3, 2009. *See* Exhibit A.

6. The Claim is otherwise unquestionably valid. Blocking numbers were provided in the Claim, as required for all claims based on Lehman Program Securities.

7. As counsel for the Debtors has previously explained to the Court, the blocking number system is a bespoke system created for these chapter 11 cases, to ensure that no distribution on Lehman Program Securities claims was excessive or duplicative. In this regard, the Debtors have acknowledged that "in many ways the Program Security's blocking number *is itself the claim*." *See* Transcript of Hearing, Oct. 27, 2010, pp. 33-34, 37 (comments of Mr. Shai Waisman) [docket no. 12552], attached hereto as **Exhibit D** (emphasis added). Pictet obtained the blocking numbers prior to the mailing of the Claim, and prior to the Bar Date.

**Argument**

**I.   The Time for Filing Should Be Enlarged by
One Day and the Claim Should Be Allowed**

8. Bankruptcy Rule 9006(b)(1) authorizes the Court in its discretion to enlarge the time for the filing of a claim if the delay was the result of "excusable neglect." *See Pioneer Inv.*

3

*Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 382-83 (1993); *see also* Transcript of Bench Decision, Dec. 16, 2009, Lehman Adv. Proc. No. 09-01480, pp. 131-140 (allowing certain late-filed claims based on excusable neglect) [docket no. 22], attached hereto as **Exhibit E**.

9. In *Pioneer*, the Supreme Court stated that the excusable neglect standard is an "elastic concept" that is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 392, 395. Four factors are considered in the excusable neglect analysis:

> [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id*. at 395. It is not necessary that all four *Pioneer* factors favor a claimant in order for a claim to be allowed. *See In re Enron Corp.*, No. 01-16034 (AJG), 2003 WL 21756785, at *4 (Bankr. S.D.N.Y. July 30, 2003) (noting that "[t]he relative weight, however, to be accorded to the factors identified in Pioneer requires recognizing that not all factors need to favor the moving party," and granting relief even though court found *against* the claimant on reason for delay).

10. This Court applied the *Pioneer* criteria in ruling on certain late-filed claims in these cases in May 2010. *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119, 126 (Bankr. S.D.N.Y. 2010), *aff'd* 445 B.R. 137 (S.D.N.Y. 2011) (the "**Late Claims Decision**"). In the Late Claims Decision, this Court held that the second and fourth *Pioneer* factors – length of delay and good faith – favored the claimants then before it. These two factors even more clearly favor Pictet and Baer: receipt was delayed by only a day, and Pictet acted in good faith in obtaining blocking numbers and then filing the Claim.

11. The two remaining factors – danger of prejudice to the debtors and the reason for the delay – were the grounds for the disallowances in the Late Claims Decision. However,

4

consideration of these two factors distinguishes Pictet's Claim from those disallowed in the Late Claims Decision and shows why the time for filing of the Claim should be enlarged.

12. The timing of the receipt of Pictet's Claim does not threaten prejudice to the Debtors, for four reasons:

(a) <u>First</u>, the Debtors' liability with respect to the Program Securities is known and is not contested. The purpose of the Claim was to identify Pictet as the owner of certain of those securities; unlike any claim before the Court in the Late Claims Decision, Pictet's Claim *includes* blocking numbers that were timely obtained and that verify Pictet's ownership. As the Debtors have acknowledged, the blocking numbers are themselves tantamount to a claim, serving most of the purposes ordinarily met by proofs of claim. *See* Exh. D, 33-34, 37. A few hours' delay in the arrival of the Claim itself therefore did not create any risk of prejudice or misidentification in the ownership of the relevant securities.

(b) <u>Second</u>, allowing one extra day for the filing of the Claim does not threaten the Debtors with extra work and does not threaten to disrupt the claims resolution process. The Debtors already know what their proposed allowed amount would be for the Claim, based on the Master List of Securities and Structured Securities Valuation Methodology employed in these cases. Allowing the Claim simply confirms Pictet's and Baer's ownership of certain of the securities.

(c) <u>Third</u>, the circumstances are unique. In allowing a previous late-filed claim, this Court explained in part that "the class of other claimants that could make a similar credible plea for the exercise of discretion by the Court must be an *extremely limited* group of potential creditors." Exh. E, p. 136 (emphasis added). That is precisely

5

the case here.  The Claim was marked as received only one day after the deadline.  A finding of excusable neglect on that basis would be extremely limited and would not open the floodgates.

    (d)    <u>Fourth</u>, the Claim is for an amount that is insignificant relative to the total claims in these chapter 11 cases

13.    On the remaining *Pioneer* factor, the reason for the delay, the facts are simple.  Pictet sent the Claim via Swiss Post International Priority on October 28, 2009, as postmarked, so as to arrive on time, but it was marked received by Epiq the day after the applicable bar date.  We are unable to determine when exactly the Claim was placed in the Post Office Box.  What is known is that the steps Pictet took to have the Claim delivered on time were reasonable and that the Claim arrived no later than the following day.  As made clear in *Pioneer* itself, "inadvertent delays" are not fatal to a claim, even if those delays were not "beyond the control of the [claimant]." 507 U.S. at 388.

14.    Pictet and Baer submit that the Claim should be allowed under the standards set forth in the Late Claims Decision, because the lateness was so slight as to constitute "truly unusual and compelling circumstances." *See id.* at 127.  Indeed, as shown, the Claim is readily distinguished from those disallowed in the Late Claims Decision.  Thus, allowing the Claim would be consistent with the prior rulings of this Court and the equities in this instance.  *Cf. In re Enron Corp.*, 419 F.3d 115, 125 (2d Cir. 2005) ("[T]he discretion of a bankruptcy court to allow or disallow late filed claims is well established.").  No meaningful harm will be done if the Claim is allowed, but significant injustice will be done to Pictet and Baer if the Claim is disallowed.

6

**II.     The Objection Should Not Apply to the Scheduled Securities**

15.     Pictet and Baer also submit that the Objection should be overruled with respect to any Scheduled Securities, including, without limitation, the Scheduled Securities listed on Exhibit C, which were scheduled by LBHI in amendments to its Schedule F, pursuant to this Court's *Order Clarifying the Debtors Supplemental Notice and the Bar Date Order with Respect to Claims Relating to the Lehman Programs Securities Issued by LBHI*, entered March 22, 2010 [docket no. 7702].

## Notice

16.     Notice of the Motion for enlargement of time has been provided to the Debtors, the Official Committee of Unsecured Creditors, the Office of the United States Trustee, and to other parties-in-interest through the Court's noticing system and in accordance with prior Orders in these proceedings.

*[The remainder of this page is intentionally blank.]*

WHEREFORE, Pictet and Baer respectfully request that the Court enlarge the time for the filing of the Claim by one day by entry of an order substantially in the form attached hereto as **Exhibit F**, that the Court deny the Objection with respect to the Claim and that the Court grant such other and further relief as the Court deems just and proper.

Dated: November 10, 2011
      New York, New York

Respectfully submitted,

DEBEVOISE & PLIMPTON LLP

By: _____
Michael E. Wiles
Derek P. Alexander
919 Third Avenue
New York, New York 10022
Telephone: (212) 909-6000
Facsimile: (212) 521-7603
mewiles@debevoise.com
dalexander@debevoise.com

*Attorneys for Pictet & Cie*

DAVIS POLK & WARDWELL LLP

By: _____
James I. McClammy
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4584
Facsimile: (212) 701-5584
james.mcclammy@davispolk.com

*Attorneys for
Bank Julius Baer & Co. Ltd.*