**Exhibit E – Transcript of Bench Decision, Dec. 16, 2009**
**Adv. Proc. No. 09-01480 [docket no. 22]**

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 08-13555(JMP)

Adv. Case No. 08-01420(JMP)(SIPA)

Adv. Case No. 09-01480

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

LEHMAN BROTHERS HOLDINGS INC., et al.,

                    Debtors.

- - - - - - - - - - - - - - - - - - - -x

SECURITIES INVESTOR PROTECTION CORPORATION,

                    Plaintiff-Appellant,

          -against-

LEHMAN BROTHERS INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - -x

PT BANK NEGARA IndONESIA (PERSERO) TBK,

                    Plaintiff,

          -against-

LEHMAN BROTHERS SPECIAL FINANCING, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - -x

                 (continued on next page)

2

1

2                    U.S. Bankruptcy Court

3                    One Bowling Green

4                    New York, New York

5

6                    December 16, 2009

7                    10:02 AM

8

9

10    B E F O R E:

11    HON. JAMES M. PECK

12    U.S. BANKRUPTCY JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1

2      HEARING re Fee Committee Final Recommendations for Second

3      Interim Applications

4

5      HEARING re LBHI's Motion for Authorization to Make a Capital

6      Contribution to Aurora Bank

7

8      HEARING re Debtors' Motion for Approval of a Settlement

9      Agreement Among Lehman Brothers Special Financing Inc.,

10     American Family Life Assurance Company of Columbus, and Others,

11     Relating to Certain Swap Transactions with Beryl Finance

12     Limited

13

14     HEARING re Motion of The TAARP Group, LLP Authorizing and

15     Directing Immediate Payment of an Administrative Expense Claim

16

17     HEARING re Motion of Deutsche Bank AG to Permit Late Claim

18     Filing Pursuant to Federal Rule of Bankruptcy Procedure

19     9006(b)(1)

20

21     HEARING re Debtors' Motion Pursuant to Rule 1015(b) of the

22     Federal Rules of Bankruptcy Procedure Requesting Joint

23     Administration of Merit, LLC's Chapter 11 Case

24

25

4

1

2      HEARING re Debtors' Motion for a Determination that Certain

3      Orders and Other Pleadings Entered or Filed in the Chapter 11

4      Cases of Affiliated Debtors be Made Applicable to the Chapter

5      11 Case of Merit, LLC

6

7      HEARING re Debtors' Motion Pursuant to Bankruptcy Rule 1007(c)

8      to Extend the Time to File Merit LLC's Schedules, Statements of

9      Financial Affairs, and Related Documents

10

11     HEARING re Motion of California Public Employees Retirement

12     System for Relief from the Automatic Stay

13

14     HEARING re Motion of Banesco Banco Universal Requiring Lehman

15     Brothers Holdings Inc. to Provide Requested Information and to

16     Deem Claim to be Timely Filed by the Securities Programs Bar

17     Date

18

19     HEARING re Motion of Pacific Life Insurance Company to File

20     Proof of Claim After Claims Bar Date

21

22     HEARING re Motion of PB Capital to Include Certain European

23     Medium Term Notes in the Lehman Program Securities List or,

24     Alternatively, to Deem Such Claims to be Timely Filed by the

25     Securities Programs Bar Date

5

1

2    HEARING re Debtors' Motion for Authorization to Implement the

3    Derivatives Employee Incentive Program

4

5    HEARING re Debtors' Motion for an Order Approving Settlements

6    with Bamburgh Investments (UK) Ltd. and Corfe Investments (UK)

7    Ltd.

8

9    HEARING re Debtors' Motion for an Order Modifying the Automatic

10   Stay to Allow Settlement Payment Under Directors and Officers

11   Insurance Policies

12

13   HEARING re Motion of Merrill Lynch International for Relief

14   from the Automatic Stay

15

16   HEARING re Motion of Malayan Banking Berhad for Examination of

17   Debtors Under FRBP 2004

18

19   SECURITIES INVESTOR PROTECTION CORPORATION PROCEEDINGS:

20   HEARING re Motion for Order Approving Trustee's Allocation of

21   Property of the Estate

22

23

24

25

6

1

2     HEARING re California Public Employees Retirement Systems'

3     Motion for Relief from the Automatic Stay to Effect Setoff

4     against LBI Funds Currently Held by Securities Finance Trust

5     Company

6

7     PRE-TRIAL CONFERENCE re PT Bank Negara Indonesia (Persero) Tbk

8     v. Lehman Brothers Special Financing,

9     Inc.

10

11    HEARING re Motion to Compel Production of Documents from the

12    Trustee and the Committee Based on Privilege Waiver filed by

13    Hamish Hume on behalf of Barclays Capital, Inc.

14

15    HEARING re Motion of Official Committee of Unsecured Creditors

16    of Lehman Brothers Holdings Inc., et al. for Letters of Request

17    for International Judicial Assistance

18

19

20

21

22

23

24    Transcribed by:  Clara Rubin

25

7

1

2    A P P E A R A N C E S :

3    WEIL, GOTSHAL & MANGES, LLP

4          Attorneys for Lehman Brothers Holdings, Inc. and

5           Affiliated Debtors

6          767 Fifth Avenue

7          New York, NY 10153

8

9    BY:   GARRETT FAIL, ESQ.

10          PETER GRUENBERGER, ESQ.

11          DAVID R. FERTIG, ESQ.

12          SHAI Y. WAISMAN, ESQ.

13          RICHARD P. KRASNOW, ESQ.

14          MICHAEL J. FIRESTONE, ESQ.

15          EVERT J. CHRISTENSEN JR., ESQ.

16          SUNNY SINGH, ESQ.

17

18    WEIL, GOTSHAL & MANGES, LLP

19          Attorneys for Lehman Brothers and Lehman Brothers Bank

20          700 Louisiana

21          Suite 1600

22          Houston, TX 77002

23

24    BY:   ALFREDO R. PEREZ, ESQ.

25          ELEANOR H. GILBANE, ESQ. (TELEPHONICALLY)

VERITEXT REPORTING COMPANY

212-267-6868                                        516-608-2400

8

1

2    JONES DAY

3         Special Counsel to Lehman Brothers Special Financing Inc.

4         222 East 41st Street

5         New York, NY 10017

6

7    BY:   ROBERT W. GAFFEY, ESQ.

8

9

10   BINGHAM MCCUTCHEN LLP

11        Attorneys for Deutsche Bank AG

12        399 Park Avenue

13        New York, NY 10022

14

15   BY:   JOSHUA DORCHAK, ESQ.

16

17

18   BOIES, SCHILLER & FLEXNER LLP

19        Attorneys for Barclays PLC

20        575 Lexington Avenue

21        7th Floor

22        New York, NY 10022

23

24   BY:   JONATHAN D. SCHILLER, ESQ.

25

9

1

2    BOIES, SCHILLER & FLEXNER LLP

3         Attorneys for Barclays PLC

4         401 East Las Olas Boulevard

5         Suite 1200

6         Fort Lauderdale, FL 33301

7

8    BY:   TODD THOMAS, ESQ.

9

10   CHADBOURNE & PARKE LLP

11        Attorneys for Banesco

12        30 Rockefeller Plaza

13        New York, NY 10112

14

15   BY:   DAVID M. LEMAY, ESQ.

16        HOWARD SEIFE, ESQ.

17

18   EPSTEIN BECKER & GREEN, P.C.

19        Attorneys for Creditors, InfoSpace, Inc. and Intersil

20         Corporation

21        250 Park Avenue

22        New York, NY 10177

23

24   BY:   DAVID J. CLARK, ESQ.

25

10

1

2     EPSTEIN BECKER & GREEN, P.C.

3          Attorneys for Creditors, InfoSpace, Inc., Intersil

4           Investment Company, Intersil Holding GmbH, Intersil

5           Europe Sarl, and Xicor LLC

6          1227 25th Street, NW

7          Suite 700

8          Washington, DC 20057

9

10    BY:   DAVID B. TATGE, ESQ.

11

12

13    HUGHES HUBBARD & REED LLP

14          Attorneys for the James W. Giddens, SIPA Trustee

15          One Battery Park Plaza

16          New York, NY 10004

17

18    BY:   JAMES B. KOBAK JR., ESQ.

19          SARAH LOOMIS CAVE, ESQ.

20          WILLIAM R. MAGUIRE, ESQ.

21

22

23

24

25

11

1    KRAMER LEVIN NAFTALIS & FRANKEL LLP

2       Attorneys for Rutger Schimmelpennick and Frederic

3        Verhoeven, as Co-Trustees of Lehman Brothers Treasury

4        Co. B.V.

5       1177 Avenue of the Americas

6       New York, NY 10036

7

8    BY:   THOMAS MOERS MAYER, ESQ.

9

10   LINKLATERS LLP

11      Attorneys for the Joint Administrators

12      1345 Avenue of the Americas

13      New York, NY 10105

14

15   BY:   MARY K. WARREN, ESQ.

16

17   MILBANK, TWEED, HADLEY & MCCLOY, LLP

18      Attorneys for the Official Committee of

19       Unsecured Creditors

20      One Chase Manhattan Plaza

21      New York, NY 10005

22

23   BY:   EVAN R. FLECK, ESQ.

24      DENNIS C. O'DONNELL, ESQ.

25      DENNIS F. DUNNE, ESQ.

```
                                                           12
1

2    QUINN EMMANUEL URQUHART OLIVER & HEDGES, LLP

3          Special Counsel to the Official Committee of Unsecured

4           Creditors

5          51 Madison Avenue, 22nd Floor

6          New York, NY 10010

7

8    BY:   JAMES C. TECCE, ESQ.

9

10   QUINN EMMANUEL URQUHART OLIVER & HEDGES, LLP

11         Special Counsel to the Official Committee of Unsecured

12          Creditors

13         16 Old Bailey

14         London EC4M 7EG

15         United Kingdom

16

17   BY:   JAMES SHAERF, ESQ. (TELEPHONICALLY)

18

19   ROTTENBERG LIPMAN RICH, P.C.

20         Attorneys for Malayan Banking Berhad

21         369 Lexington Avenue

22         16th Floor

23         New York, NY 10017

24

25   BY:   THOMAS E. CHASE, ESQ.
```

13

1

2    SALANS LLP

3         Attorneys for Svenska Handelsbanken AB

4         Rockefeller Center

5         620 Fifth Avenue

6         New York, NY 10020

7

8    BY:   DAN J. SCHULMAN, ESQ.

9

10

11   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

12        Attorneys for Merrill Lynch International and Certain of

13         Its Affiliates

14        Four Times Square

15        New York, NY 10036

16

17   BY:   JAY M. GOFFMAN, ESQ.

18        GEORGE A. ZIMMERMAN, ESQ.

19        SALLY MCDONALD HENRY, ESQ.

20

21

22

23

24

25

14

1

2      TROUTMAN SANDERS LLP

3            Attorneys for PT Bank Negara

4            The Chrysler Building

5            405 Lexington Avenue

6            New York, NY 10174

7

8      BY:   LEE W. STREMBA, ESQ.

9            HOLLACE TOPOL COHEN, ESQ.

10

11     WHITE & CASE LLP

12            Attorneys for the Ad Hoc Group of Lehman Brothers

13             Creditors

14            1155 Avenue of the Americas

15            New York, NY s10036

16

17     BY:   GERARD UZZI, ESQ.

18

19     SECURITIES INVESTOR PROTECTION CORPORATION

20            805 15th Street, N.W.

21            Suite 800

22            Washington, DC 20005

23

24     BY:   KENNTH J. CAPUTO, ESQ.

25

15

1

2   U.S. DEPARTMENT OF JUSTICE

3        Office of the United States Trustee

4        33 Whitehall Street, Suite 2100

5        New York, NY 10004

6

7   BY:   LINDA A. RIFFKIN, AUST

8         ANDREW D. VELEZ-RIVERA, ESQ.

9

10  CHAPMAN & CUTLER

11       Attorneys for Creditor, US Bank

12       111 West Monroe Street

13       Chicago, IL 60603

14

15  BY:   JAMES HEISER, ESQ. (TELEPHONICALLY)

16        FRANKLIN H. TOP III, ESQ. (TELEPHONICALLY)

17

18  FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP

19       Attorneys for Creditor, CalPERS

20       The Wells Fargo Center

21       400 Capitol Mall, Suite 1450

22       Sacramento, CA 95814

23

24  BY:   STEVEN H. FELDERSTEIN, ESQ. (TELEPHONICALLY)

25        HOLLY A. ESTIOKO, ESQ. (TELEPHONICALLY)

16

1

2    FLASTER GREENBERG

3         Attorneys for Creditor, TAARP Group LLP

4         4 Penn Center

5         1600 JFK Boulevard, 2nd Floor

6         Philadelphia, PA 19103

7

8    BY:   GREG T. KUPNIEWSKI, ESQ. (TELEPHONICALLY)

9

10   MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC

11        Attorneys for Creditors, Teva Pharmaceuticals and SL

12         Green Realty

13        One Financial Center

14        Boston, MA 02111

15

16   BY:   LAURENCE A. SCHOEN, ESQ. (TELEPHONICALLY)

17         ADRIENNE K. WALKER, ESQ. (TELEPHONICALLY)

18

19   STUTMAN TREISTER & GLATT

20        Attorneys for Creditor, Baupost Group

21        1901 Avenue of the Stars

22        12th Floor

23        Los Angeles, CA 90067

24

25   BY:   GABRIEL GLAZER, ESQ. (TELEPHONICALLY)

17

1

2    STUTMAN TREISTER & GLATT

3        Attorneys for Interested Party, Elliott Company

4        1901 Avenue of the Stars

5        12th Floor

6        Los Angeles, CA 90067

7

8    BY:   WHITMAN L. HOLT, ESQ. (TELEPHONICALLY)

9

10   STUTMAN TREISTER & GLATT

11       Attorneys for Creditor, Perry Capital

12       1901 Avenue of the Stars

13       12th Floor

14       Los Angeles, CA 90067

15

16   BY:   MARINA FINEMAN, ESQ. (TELEPHONICALLY)

17

18   TARCZA & ASSOCIATES, LLC

19       Attorneys for Claimant, Louisiana Sheriff Pension &

20        Relief Funds

21       1310 Whitney Building

22       228 St. Charles Avenue

23       New Orleans, LA 70130

24

25   BY:   ROBERT E. TARCZA, ESQ. (TELEPHONICALLY)

18

1

2    TOBIN & TOBIN

3          Attorneys for Creditor, John S. Rosekrans

4          500 Sansome Street

5          San Francisco, CA 94111

6

7    BY:   JOHN P. CHRISTIAN, ESQ. (TELEPHONICALLY)

8

9

10   AURELIUS CAPITAL MANAGEMENT

11         Interested Party

12

13   BY:   DAVID TIOMKIN (TELEPHONICALLY)

14

15

16   THE BAUPOST GROUP

17         Interested Party

18

19   BY:   MEGHAN S. SHERWOOD (TELEPHONICALLY)

20

21

22   CITIGROUP

23         Interested Party

24

25   BY:   ARIEL BARZIDEH (TELEPHONICALLY)

19

1

2    CREDIT SUISSE FIRST BOSTON

3         Creditor

4

5    BY:   ANDREW REBAK (TELEPHONICALLY)

6

7    FARALLON CAPITAL MANAGEMENT

8         Creditor

9

10   BY:   ANATOLY BUSHLER (TELEPHONICALLY)

11

12   KING STREET CAPITAL MANAGEMENT, LLC

13        Creditor

14

15   BY:   MITCHELL SOCKETT (TELEPHONICALLY)

16

17   MERRILL LYNCH

18        Interested Party

19

20   BY:   MICHAIL ZEKYRGIAS (TELEPHONICALLY)

21

22   SILVERPOINT CAPITAL LP

23        Interested Party

24

25   BY:   AUSTIN SAYPOL (TELEPHONICALLY)

20

TRICADIA CAPITAL

      Interested Party


BY:   STEPHEN GRISANTI (TELEPHONICALLY)


MATT HIGBEE, IN PROPRIA PERSONA (TELEPHONICALLY)

131

1    appropriate.  Anything more?

2            MR. TECCE:  Your Honor, I do have just one point and I

3    apologize for this.  In one of their requested documents we had

4    misstated a date, Number 5, of the FSA's request.  The date

5    should be 19 September instead of 22 September.  So if we --

6    when we submit a form of order to the Court electronically, we

7    were going to make that change.

8            THE COURT:  If it's simply changing a typographical

9    error I assume there's no controversy.

10           MR. THOMAS:  No, Your Honor.

11           THE COURT:  Fine.

12           MR. TECCE:  Thank you very much, Your Honor.

13           THE COURT:  There are three matters from this

14   morning's calendar that I adjourned to the afternoon, so

15   anybody who wants to come up to hear the bench ruling Banesco

16   Banco Universal and PB Capital, this is a time to do that.

17       (Pause)

18           THE COURT:  It's lonely up here.

19           UNIDENTIFIED SPEAKER:  I represent Pacific Life; it's

20   very lonely up there.

21           THE COURT:  The Court will read into the record a

22   ruling with respect to the late filed claims of Banesco Banco

23   Universal and PB Capital.  As I indicated during this morning's

24   calendar, I've given active consideration to the Pacific Life

25   Insurance Company matter which is of a somewhat similar nature

132

1    but with some distinguishing facts and I'm simply not ready to

2    rule with respect to Pacific Life.

3           Like many aspects of the Lehman bankruptcy,

4    establishing a bar date in these cases was an unusually complex

5    exercise.  The debtors' bar date motion at Docket Number 3654

6    was contested by a multitude of parties including the holders

7    of certain debt securities issued by or guaranteed by the

8    debtors.  These objectors questioned the requirement that they

9    file both proofs of claim and guarantee questionnaires.

10   Ultimately, the parties reached an agreement and the Court

11   entered the bar date order at Docket Number 4271 establishing

12   two separate deadlines.  The general bar date for claims, which

13   is September 22, 2009, and a later date known as the securities

14   bar date on November 2, 2009 for claims identified on the final

15   version of the Lehman Programs Securities List as of July 17,

16   2009 at 5 p.m.

17          The bar date order specified that only those

18   securities in the final version of the Lehman Programs

19   Securities List would be entitled to the later bar date.  The

20   Lehman Programs Securities List was the result of a

21   collaborative process that ultimately produced a final version

22   of that list setting forth 6,744 securities that were subject

23   to the later securities bar date.  But importantly for the

24   current dispute, this list did not include Banesco's or PB

25   Capital's securities.  The Lehman Programs Securities List

133

1   never included the claim of Pacific Life.

2       Bankruptcy Rule 3003(c) allows the bankruptcy court to

3   set a bar date after which proofs of claim may not be filed.

4   Bankruptcy Rule 9006(b)(1) gives a bankruptcy court discretion

5   to enlarge the time to file claims where the failure to act was

6   the result of excusable neglect.

7       Excusable neglect is an equitable determination that

8   requires consideration of all relevant circumstances

9   surrounding a claimant's omission.  Pioneer Investor (sic)

10  Services v. Brunswick Associates, LP 507 U.S. 380 at 395 (1993)

11  is the leading case in this area.  The Pioneer Court noted four

12  factors that should be considered in analyzing excusable

13  neglect.  These factors are:  The danger of prejudice to the

14  debtor, the length of the delay and its potential impact on

15  judicial proceedings, the reason for the delay including

16  whether it was in the reasonable control of the movant and

17  whether the movant acted in good faith.

18      The Second Circuit has adopted what has been

19  characterized as a hard line in applying this Pioneer test.  I

20  cite to the case of Midland Cogeneration Venture Limited

21  Partnership v. Enron Corp. 419 F.3d 115 at 122 (2d Cir. 2005).

22  This hard line focuses heavily on the reason for the delay and

23  specifically whether the delay was in the reasonable control of

24  the movant.  The other factors which generally favor the party

25  seeking the extension become more relevant in close cases.  The

134

1    Court will apply these factors in considering each of the

2    movant's circumstances.  I'll start with Banesco.

3           On October 31, 2009, Banesco filed its motion seeking

4    that this Court deem its claim timely filed under a theory of

5    excusable neglect or add the Banesco note to the Lehman Program

6    Securities list.

7           The Banesco claim is for a note in the amount of 15.5

8    million dollars.  The Banesco note is a structured security and

9    is similar to many of the securities on the Lehman Program

10   Securities list. Banesco believed that because of the nature of

11   the Banesco note and its similarity to many of the securities

12   listed on the Lehman Program Securities list, including three

13   other securities Banesco owned that were included on the final

14   list, it too was subject to the November 2, 2009 securities bar

15   date.  However, this particular security was not on the list

16   and any claim for that note had to be filed by September 22,

17   2009.  Banesco filed a proof of claim for the Banesco note

18   prior to the securities bar date.

19          The debtors, joined by the official creditors'

20   committee, object to Banesco's motion.  The debtors challenge

21   Banesco's assertion of excusable neglect and argue that Banesco

22   and its counsel were aware of the Lehman Program Securities

23   list and that the bar date order clearly provided that only

24   securities on the final version of that list were subject to

25   the securities bar date.  The failure to timely file was simply

08-13555-mg    Doc 21975-5    Filed 11/11/11    Entered 11/11/11 10:28:40    Exhibit
E-Transcript of Bench Decision Dec 16 2009    Pg 26 of 32

135

1    a failure to follow the directions relevant to the bar date

2    order.

3           The debtors concede that the length of delay in

4    Banesco's late file claim is minimal and that there was no bad

5    faith when it filed its motion.  Accordingly, the Court will

6    focus on prejudice and the reason for the delay.

7           The prejudice factor calls for consideration of the

8    size of the claim in relation to the estate whether a

9    disclosure statement or plan has been filed and the disruptive

10   effect permitting the late claim would have on plan

11   formulation.  In re Keene Corp 188 B.R. 903 at 910 (S.D.N.Y

12   1995).

13          I this case, each of the prejudice factors favor

14   Banesco.  The claim of 15.5 million dollars is objectively

15   large, but in reality is an insignificant percentage of the

16   total claims filed against the debtors.  The debtors are not

17   ready to file a plan or disclosure statement and allowing this

18   claim will not disrupt the plan formulation process.  Moreover,

19   the claim in question was filed before the November 2nd

20   deadline for listed securities claims.

21          The debtors also assert that allowing claims such as

22   Banesco's will result in the proverbial flood of similar late

23   claims.  This is not a foreseeable risk.  Banesco believed,

24   incorrectly as it turns out, that its claim was subject to the

25   securities bar date.  It filed a proof of claim before that

08-13555-mg   Doc 21975-5   Filed 11/11/11   Entered 11/11/11 10:28:40   Exhibit
E-Transcript of Bench Decision Dec 16 2009   Pg 27 of 32

136

1    date.  This fact alone distinguishes it from other late filed

2    claims and the class of other claimants that could make a

3    similar credible plea for the exercise of discretion by the

4    Court must be an extremely limited group of potential

5    creditors.  The Court therefore finds that the prejudice factor

6    weights in favor of Banesco.

7         The reason for the delay is the most important factor

8    in this circuit.  In re Enron 419 F.3d at 122.  A creditor

9    seeking to file a late claim must explain the circumstances

10   surrounding the delay in order to supply the Court with

11   sufficient context to fully and adequately address the reason

12   for delay factor and the ultimate determination of whether

13   equities support the conclusion of excusable neglect.  In re

14   Enron Creditors Recovery Corp. 370 B.R. 90 at 103 (S.D.N.Y.

15   2007) citing to Pioneer.

16        Here, Banesco claims that it wrongly believed that the

17   Banesco note was subject to the securities bar date.  Banesco

18   attached to its motion a declaration by its counsel, the

19   attorney who was responsible for filing its proof of claim who

20   indicated his reasons for the mistake.  The Banesco note was a

21   structured security that is similar to many of the securities

22   on the Lehman Program Securities list.  Additionally, the

23   Banesco note did not have a CUSIP or ISIN number that would

24   assist in identifying whether it was one of the many thousands

25   of securities subject to the later bar date.

137

1            The bar date order established two different bar dates

2       for different types of claims.  The reason for Banesco's delay

3       is not merely a failure to comply with a clear bar date or a

4       simple missed deadline situation, Banesco neglected to

5       determine the proper bar date for the Banesco note but acted

6       properly based on its own erroneous beliefs.  The reason for

7       the delay does fall on Banesco to some extent.  But the

8       complexity of the claims, the dual nature of the bar dates

9       here, the international aspects of these cases all mitigate

10      responsibility for the error.

11           The decision to permit a late file claim is ultimately

12      based on equity.  Guided by the Pioneer court and the Second

13      Circuit's ruling in In re Enron, the equities here favor

14      deeming Banesco's claim timely filed.  There is minimal, if

15      any, prejudice to the debtors and no appreciable risk of a

16      multitude of similarly situated claims.  There is no issue

17      regarding the length of the delay or Banesco's good faith.  And

18      while the reason for the delay may be chargeable more to

19      Banesco than to any other party, the relief afforded by Rule

20      9006(b)(1) exists for this very type of circumstance.

21      Accordingly, a balancing of the equities favors Banesco and the

22      Banesco proof of claim will be deemed timely.  I'll next turn

23      to PB Capital.

24           On October 22, 2009, PB capital filed its motion

25      seeking to have this Court deem four if its claims timely filed

08-13555-mg   Doc 21975-5   Filed 11/11/11   Entered 11/11/11 10:28:40   Exhibit
E-Transcript of Bench Decision Dec 16 2009   Pg 29 of 32

138

1    under a theory of excusable neglect or to add the PB securities

2    to the final version of the Lehman Program Securities list.

3         The PB Capital claims are for four securities totaling

4    270 million dollars.  The PB securities are a series of

5    financial guarantee linked notes due in 2/20/27 that were

6    issued under the Euro Medium Term Note Program.  Like the

7    Banesco note, the PB securities are similar to many of the

8    securities in the Lehman Program Securities list.  In fact, the

9    PB securities were included on the initial version of that list

10   on July 6, 2009 but were removed from the final version of that

11   list published on July 17, 2009.  Accordingly, because the

12   securities were not on the list as of July 17, 2009, the PB

13   securities were not eligible for the later bar date.

14        PB Capital asserts that it believed the PB securities

15   were on the final version of the Lehman Program Securities list

16   and would be subject to the later securities bar date.  PB

17   Capital did not file a timely proof of claim prior to the

18   general bar date, but did file a proof of claim on or before

19   the securities bar date.

20        The debtors objected to PB Capital's motion on

21   substantially the same grounds as they did for the Banesco

22   motion.  The debtors challenge PB Capital's assertion of

23   excusable neglect mirroring their objection to Banesco.  They

24   argue that PB Capital and its counsel were aware of the initial

25   and final versions of the Lehman Program Securities list and

1    that the bar date order clearly provided that only securities

2    on the Lehman Program Securities list were subject to the

3    securities bar date.  The failure to timely file was simply a

4    failure to check the final list and follow the plain directions

5    of the bar date order.  The debtors again concede that the

6    length of delay and PB Capital's late filed claim is minimal

7    and that there was no bad faith when it filed its motion.

8         For substantially the same reasons applicable to

9    Banesco, the equities favored deeming PB Capital's claim timely

10   filed.  There is minimal prejudice because PB Capital timely

11   filed its claim prior to what it believed was the correct bar

12   date.

13        Turning to the reason for the delay, PB Capital's

14   claim is, perhaps, even more compelling than Banesco's.  The PB

15   securities were on the initial version of the Lehman Program

16   Securities list.  And while it is not disputed that they were

17   removed from the final version two weeks later, PB Capital's

18   mistake is understandable.

19        Permitting these claims will result in no prejudice to

20   the debtors and no foreseeable risk of multiple similar late

21   filed claims.  The length of delay was minimal and there was no

22   bad faith.  As in Banesco's case, PB Capital is responsible for

23   the error but it is not the result of mere inattention or

24   inadvertence.  PB Capital failed to pay enough close attention

25   to changes made in the list of the securities.  On balance, the

140

1    equities favor PB Capital and accordingly the PB security --

2    the PB Capital proof of claim will be deemed timely filed.

3    That's the ruling of the Court.

4         On the Pacific Life motion which was heard at the same

5    time, I guess the troublesome news is that I haven't been able

6    to reach the same result and I'm not sure what result I'm going

7    to reach or when I'm going to reach it.  Suffice it to say,

8    that in exercising judgment here and attempting to apply the

9    strict Pioneer factors as recently interpreted in the Second

10   Circuit, the so-called hard line approach, it becomes more

11   difficult but not yet impossible for me to find that the delay

12   is properly excusable.  As to that matter, it will continue to

13   be under advisement and at an appropriate I'll advise counsel

14   when I'll be prepared to make a ruling.

15        I believe that concludes today's calendar unless

16   there's anything more?

17        UNIDENTIFIED SPEAKER:  Your Honor, would it be

18   allowable or okay if I spoke just for a moment on Pacific Life

19   or is this not the time and place?  Less than two minutes but

20   if this is not the time and place then I'll hold off.

21        THE COURT:  I think it's not the time and place.

22        UNIDENTIFIED SPEAKER:  Fine.

23        MR. LEMAY:  Your honor, David LeMay from Chadbourne &

24   Parke for Banesco.  Of course, thank you.  I rise only to say

25   we have an order, if the Court desires it or we can submit it

141

1    electronically, I just didn't want to walk out of here without

2    taking care of that.  The form of order we did have to revise

3    slightly to take out some surplus language that was in the form

4    that we filed with the motion.  If Your Honor would like me to

5    hand it up I can do that, I can send it along; whatever the

6    Court would likely be guided by.

7          THE COURT:  Well, the bench ruling sort of stands for

8    itself but I will entertain orders both from counsel for

9    Banesco and counsel for PB Capital and suggest that those be

10   submitted to chambers.

11         MR. LEMAY:  We'll do that, Your Honor.

12         THE COURT:  Okay.  Thank you.  We're adjourned.

13       (Proceedings concluded at 3:39 PM)

14

15

16

17

18

19

20

21

22

23

24

25