Hearing Date and Time: November 30, 2011 at 10:00 a.m. (Eastern Time)

Michiel A. Bloemsma
Albena Petrakov
MENAKER & HERRMANN LLP
10 East 40th Street
New York, NY  10016
Telephone:  212-545-1900
Facsimile:   212-545-1656

Attorneys for Stibbe N.V.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

|  |  |
|---|---|
| In re | : |
|  | : Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., | : |
| *et al.,* | : Case No. 08-13555(JMP) |
| Debtors. | : (Jointly Administered) |
|  | : |

-------------------------------------------------------------X

## RESPONSE OF STIBBE N.V. TO DEBTORS' TWO HUNDRED SIXTH OMNIBUS OBJECTION TO CLAIMS (FOREIGN CURRENCY CLAIMS)

Stibbe N.V. ("Stibbe"), through its undersigned counsel, hereby responds to the Debtors' Two Hundred Sixth Objection to Claims (Foreign Currency Claims) [Docket no. 19960] seeking entry of an order disallowing and expunging certain specified claims, including Claim No. 1249 asserted by Stibbe (the "Stibbe Claim"), and respectfully states as follows:

### Background

1. On September 15, 2008 (the "Petition Date"), and at subsequent dates thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries and

affiliates (the "Debtors") filed in this Court voluntary petitions for relief under chapter 11

of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. On December 8, 2008, Stibbe filed its proof of claim entered under No.

1249. It asserted a claim for €79,550.63 in connection with legal services provided to

LBHI in relation to a public bid by a U.S. company on shares in a Dutch company. A

copy of the invoice was attached to the original proof of claim. See Exhibit A. The

amount was denominated in euros because Stibbe is a Dutch law firm, the services were

provided in the Netherlands between March 31 and July 4, 2008 and were agreed to and

billed in the operative currency of the Netherlands. Stibbe followed the instructions

provided by Epiq Bankruptcy Solutions, LLC ("Epiq"), the official court-approved claim

and noticing agent for LBHI, as set forth on its website. See Exhibit B.

3. On July 2, 2009, the Court entered an Order Pursuant To Section

502(b)(9) Of The Bankruptcy Code And Bankruptcy Rule 3003(c)(3) Establishing The

Deadline For Filing Proofs of Claim, Approving The Form And Manner Of Notice

Thereof And Approving The Proof of Claim Form (the "Bar Date Order") [Docket No.

4271], setting forth persons and entities not required to file a Proof of Claim on or before

the Bar Date *inter alia*, including:

> . . . (f) any holder of a claim who has already properly filed
> a Proof of Claim with the Clerk of the Court or Debtor's court-approved
> claims agent, Epiq, against the Debtors utilizing a claim form which
> substantially conforms to the Proof of Claim Form; provided, however,
> any holder that has filed a Proof of Claim based on a Derivative Contract
> or a Guarantee on or prior to the Bar Date, is required to amend such
> Proof of Claim to conform to the procedures set forth in this Motion for
> the filing of Proofs of Claims based on Derivative Contracts and
> Guarantees.

Bar Date Order at 4. Stibbe's Claim is not based on a derivative contract or guarantee; therefore, by the plain terms of the Bar Date Order Stibbe was not required to amend the already filed Proof of Claim.

4. The Bar Date Order further provides that the Debtors shall mail Proof of Claim Forms, *inter alia,* to all parties known to the Debtors as having potential claims against the Debtors' assets, each with a Unique ID Number printed on the form, together with instructions for filing a Proof of Claim, except that the Proof of Claim Form shall be omitted from any mailing to holders of LBHI securities that are on the Master List of Securities. Bar Date Order, at 10-11. Stibbe never received a Proof of Claim Form with a Unique ID Number, nor any other notice with regard to the Bar Date Order of July 2, 2009. Stibbe had filed its proof of claim on December 8, 2008 and by the time the Bar Date Order was entered, LBHI must have known that Stibbe holds a claim against the estate.

5. On September 15, 2011, the Debtors filed their Two Hundred Sixth Omnibus Objection (the "Omnibus Objection")[Docket no. 19960], seeking an order, *inter alia*, disallowing and expunging the Stibbe Claim on the grounds that the claim was filed "in denominations other than the lawful currency of the United States." Omnibus Objection at ¶ 5. Stibbe has since filed an amendment to its original proof of claim to state the claim in U.S. dollars. See Exhibit C.

## LEGAL ARGUMENT

### A. Stibbe's Mistake Was Harmless Error Causing No Undue Prejudice to the Debtors and The Other Claimants

6. In a bankruptcy case, "amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim." *In re Enron Corp.,* 298 B.R. 513, 520 (Bankr. S.D.N.Y. 2003). *See also In re Integrated Res., Inc.*, 157 B.R. 66, 70 (S.D.N.Y. 1993) (citing *In re International Horizons*, *Inc.*, 751 F.2d 1213 (11th Cir. 1985)). "When making this decision courts are guided by a two-pronged test espoused in *Black & Geddes.* A court must first look to whether there was timely assertion of a similar claim or demand evidencing an intention to hold the estate liable." *Id*. at 70, (quoting *In re Black & Geddes, Inc.,* 58 B.R. 547, 553 (S.D.N.Y.1983)). Stibbe filed its original proof of claim with sufficient notice of the nature and basis for the claim before the Bar Date, evidencing an intention to hold the estate liable.

7. In determining whether an amendment should be allowed, the bankruptcy courts balance the equities, and consider the following factors:

> (1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on part of the claimant; (3) whether other creditors would receive a windfall were the amendment not allowed; (4) whether other claimants might be harmed or prejudiced; and (5) the justification for the inability to file the amended claim at the time the original claim was filed. *Integrated Res., Inc.* at 70 (citations omitted).

- 4 -

The failure to denominate the Stibbe Claim in U.S. dollars was an inadvertent and technical error that caused no material prejudice to the Debtors or any of the other claimants because the applicable exchange rate was publicly available and generally known to the Debtors, and the estate was on notice as to Stibbe's claim. The assertion of its claims in euros rather than U.S. currency has not resulted in any harm to the Debtors or to other parties.

8. The error was inadvertent as at the time Stibbe filed its original proof of claim there were no detailed instructions as to the required denomination. The claim amount was listed in euros because Stibbe wanted to provide accurate information about the amount. Thus, there was no bad faith or dilatory behavior on behalf of Stibbe. Furthermore, it has filed an amended proof of claim converting the amount it is owed from euros to U.S. dollars thereby curing the technical failure to file the claim in U.S. dollars.

9. Considerations of equity clearly favor Stibbe and do not warrant a remedy as harsh as expungement of the claim, as amended. An executed proof of claim filed in accordance with the Bankruptcy Rules is prima facie evidence of the validity of the claim. Fed. R. Bankr. P. 3001(f). Stibbe satisfied the requirements of the Bankruptcy Rules as the Stibbe Claim is signed, timely-filed and includes the nature of the claim and the amount sought. Stibbe's inclusion of an amount listed in the wrong currency is an easily curable defect analogous to providing insufficient documentation with a proof of claim. As stated by one court, in such cases:

> It does not follow that [the creditor] is forever barred from establishing the claim. Nothing in the principles or practicalities of bankruptcy or in the language of any rule or statute justifies so disproportionate a sanction for a harmless error. . . . A creditor should therefore be allowed to amend his incomplete proof of claim . . . to comply with the requirements of Rule 3001, provided that other creditors are not harmed by the belated completion of the filing. *In re Stoecker*, 5 F.3d 1022, 1028 (7th Cir. 1993) (citations omitted).

Since neither the Debtors nor any other party has been (or will be) harmed or prejudiced here, expunging the Proof of Claim is simply not warranted here.

### B. Alternatively, The Stibbe Claim Qualifies as Informal Proof of Claim

10. The fundamental requirement of a proof of claim is to put a debtor on notice by a certain date that a particular claimant has a claim against it and to provide general information about that claim. *In re Hanscom Retail Foods, Inc.*, 96 B.R. 33, 36 (Bankr. E.D. Pa.1988) ("Since the purpose of a proof of claim is for the creditor to put the estate on notice of its demand against the estate and its intention to hold the estate liable [citation omitted], this purpose is met so long as the nature of the claim . . . is clearly and timely announced."); *In re American Classic Voyages Co.*, 405 F.3d 127, 132 (3d Cir. 2005) ("In order to constitute an informal proof of claim, the alleged demand must be sufficient to put the debtor and/or the court on notice as to 'the existence, nature and amount of the claim (if ascertainable)".) citing *In re Charter Co.*, 876 F.2d 861, 863 (11th Cir.1989).

11. The Stibbe Claim should survive as cognizable informal proof of claim because sufficient information was timely provided to the Debtors to put them on notice as to Stibbe's claim. See, e.g., *In re Drexel Burnham Lambert Group, Inc*., 129 B.R. 22,

- 6 -

26 (Bankr. S.D.N.Y. 1991) (informal proof of claim "must state an explicit demand showing: 1) the nature of the claim; 2) the amount of the claim against the estate; and 3) evidence of an intent to hold the debtor liable."). Here, the Stibbe Claim clearly satisfies the requirements for informal proof of claim. Even without the currency conversion, the Debtors have been provided with an explicit demand placing them on notice and detailing for them the nature and basis of the claims, and Stibbe's intent to hold the Debtors liable.

WHEREFORE, Stibbe respectfully requests that the Court: (a) deny the Claim Objection as it relates to the Stibbe Claim; (b) deem the Stibbe Claim amended in accordance with the U.S. dollar amount set forth on Exhibit C; (c) direct the Debtors' claims agent to amend the Debtors' claims register to reflect the amount of the Stibbe Claim in the dollar amount set forth on Exhibit C; and (d) grant such other and further relief as is just and proper.

Dated:  New York, New York
        November 11, 2011

MENAKER & HERRMANN LLP

By: /s/ Albena Petrakov

Michiel A. Bloemsma
Albena Petrakov
Attorneys for Stibbe N.V.
10 East 40th Street
New York, New York 10016
Telephone: (212) 545-1900
Facsimile: (212) 545-1656

# Exhibit A

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: *Lehman Brothers Holdings, Inc.* | Case Number: |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case e. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): *Stibbe NV* | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br><br>*Stibbe N.V.*<br>*P.O.Box 75640*<br>*1070 AP Amsterdam, The Netherlands*<br>Telephone number: *+31 205460342    Att. A.van Dijk* | **Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br><br>*See above*<br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** *£ EUR 79,550.63*<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If** any portion of your claim falls in one of the following categories, **check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:** *services performed*<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3. Last four digits of any number by which creditor identifies debtor:** _____<br><br>   **3a. Debtor may have scheduled account as:** _____<br>   (See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim (See instruction #4 on reverse side.)**<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other<br>**Describe:**<br><br>**Value of Property:$**_____ **Annual Interest Rate**___%<br><br>**Amount of arrearage and other charges as of time case filed included in secured claim,**<br><br>**if any:** $_____ **Basis for perfection:** _____<br><br>**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____ | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, <u>invoices</u>, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)<br><br>DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.<br><br>If the documents are not available, please explain: | **Amount entitled to priority:**<br><br>$ _____<br><br>*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| | |
|---|---|
| Date: *05.12.09* | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>*for Stibbe N.V : A. van Dijk* | FOR COURT USE ONLY |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Stibbe

Lehman Brothers Holdings, Inc
Attn. Megan Wilks
745 Seventh Avenue
NEW YORK NY 10019
UNITED STATES OF AMERICA

Advocaten en notarissen
Strawinskylaan 2001
P.O. Box 75640
1070 AP Amsterdam
The Netherlands
VAT NL8132.91.793.B01
T  +31 20 546 06 06
F  +31 20 546 01 23
www.stibbe.com

**Invoice**

| Bill number | 41073439 | | Date | 4 July 2008 |
|---|---|---|---|---|
| Client number | 114896 | | VAT#  Client | |
| Matter number | 1020011 | | | |
| Matter name | Lehman / Atmosphere | | | |

All services rendered from 31 March up to 4 July 2008

| | EUR |
|---|---|
| Total Fees | 75,000.00 |
| Office charges | 4,500.00 |
| Disbursements subject to VAT | 50.63 |
| Subtotal ex VAT | 79,550.63 |
| VAT 0 % | 0.00 |
| **Total** | **79,550.63** |

**Reference to be mentioned with payment 114896 / 41073439.**

Bank Account 66.88.51.309
ING Bank N.V.
P.O. Box 23432
1100 DX AMSTERDAM (NL)
BIC Code: INGBNL2A
IBAN Code: NL91 INGB 0668 8513 09

Unless otherwise agreed in writing, our statement of fees and expenses are payable within 14 days on
the above mentioned account.

The practice is conducted by Stibbe N.V. (registerd with the Trade Register of the Chamber of Commerce under number 34198700). The general conditions of Stibbe
N.V. are appicable and include a clause on limitation of liability. The general conditions have been deposited with the Amsterdam District Court and are available on
request and free of charge. They can also be found at www.stibbe.com.

Stibbe in samenwerking met
Herbert Smith en Gleiss Lutz

B 10 (Official Form 10) (12/07) – Cont

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court

# Exhibit B

    

User: Public : Login



Contact Us

(646) 282-2500

Bankruptcy Services, LLC is now Epiq Systems - Bankruptcy Solutions

**Lehman Brothers Holdings Inc. (Chapter 11)** [Change Client]



## GENERAL INFORMATION

On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under chapter 11 of the United States Bankruptcy Code. Subsequently, 16 additional affiliates of LBHI (together with LBHI, the "Debtors") filed petitions in the United States Bankruptcy Court for the Southern District of New York seeking relief under chapter 11 of the United States Bankruptcy Code. The Debtors' cases have been assigned to Judge James M. Peck. Pursuant to docket #86, these cases are jointly administered for procedural purposes, meaning that all pleadings filed in these cases will be reflected on case docket 08-13555 ("Main Case Docket"). The Main Case Docket can be accessed through the website maintained by the United States Bankruptcy Court (http://www.nysb.uscourts.gov). An unofficial version of the Docket is accessible by selecting the "Docket" icon at the top of this page.

## NOTICE TO HOLDERS OF LEHMAN STOCK

Please note that on October 15, 2008, the Debtors filed the Motion for an Order Approving Restrictions on Certain Transfers of Interests in the Debtors' Estates and Establishing Notification Procedures Relating Thereto [docket no. 978] (To see a copy of the Motion, please click here ). Although the hearing on the Motion is scheduled for November 5, 2008, the Debtors are requesting that the relief be retroactive effective as of the date of the filing of the Motion.

**If the requested relief is granted, any acquisition, disposition, or other transfer in violation of the restrictions set forth in the proposed order on or after October 14, 2008 shall be null and void ab initio as an act in violation of the automatic stay under sections 105(a) and 362 of the Bankruptcy Code.**

**The Motion only applies to trading by "Substantial Equityholders," as defined in the Motion.**

## PROOFS OF CLAIM

The deadline for the filing of proofs of claims against the Debtors in these cases has yet to be established by the Bankruptcy Court. However, should you choose to file a proof of claim form at this time, completed forms can be sent to the following addresses:

| If by first-class mail: |
|---|
| Lehman Brothers Holdings Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 |
| **If by Hand Delivery or Overnight mail:** |
| Epiq Bankruptcy Solutions, LLC<br>Attn. Lehman Brothers Holdings Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, NY 10017 |

A blank proof of claim form can be obtained here.

## DEBTORS

Lead Debtor:

| | | |
|---|---|---|
| Lehman Brothers Holdings Inc. | Case No.: 08-13555 | Date Filed: 9/15/2008 |

Related Debtors

| | | |
|---|---|---|
| LB 745 LLC | Case No.: 08-13600 | Date Filed: 9/16/2008 |
| PAMI Statler Arms LLC | Case No.: 08-13664 | Date Filed: 9/23/2008 |
| Lehman Brothers Commodity Services Inc. | Case No.: 08-13885 | Date Filed: 10/3/2008 |
| Lehman Brothers Finance SA | Case No.: 08-13887 | Date Filed: 10/3/2008 |
| Lehman Brothers Special Financing Inc. | Case No.: 08-13888 | Date Filed: 10/3/2008 |
| Lehman Brothers OTC Derivatives Inc. | Case No.: 08-13893 | Date Filed: 10/3/2008 |
| Lehman Brothers Derivative Products Inc. | Case No.: 08-13899 | Date Filed: 10/5/2008 |
| Lehman Commercial Paper Inc. | Case No.: 08-13900 | Date Filed: 10/5/2008 |
| Lehman Brothers Commercial Corporation | Case No.: 08-13901 | Date Filed: 10/5/2008 |
| Lehman Brothers Financial Products Inc. | Case No.: 08-13902 | Date Filed: 10/5/2008 |
| Fundo de Investimento Multimercado Credito Privado Navigator Investimento No Exterior | Case No.: 08-13903 | Date Filed: 10/5/2008 |
| Lehman Scottish Finance L.P. | Case No.: 08-13904 | Date Filed: 10/5/2008 |
| CES Aviation LLC | Case No.: 08-13905 | Date Filed: 10/5/2008 |
| CES Aviation V LLC | Case No.: 08-13906 | Date Filed: 10/5/2008 |
| CES Aviation IX LLC | Case No.: 08-13907 | Date Filed: 10/5/2008 |
| East Dover Limited | Case No.: 08-13908 | Date Filed: 10/5/2008 |

To see the Voluntary Petition for a Debtor, click on the case number.

## PROPOSED SALE OF CERTAIN EQUITY INTERESTS AND ASSETS RELATED TO LEHMAN BROTHERS' INVESTMENT MANAGEMENT DIVISION ("IMD")

# Exhibit C

# Stibbe

**BY COURIER**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings
Claims Processing
757 Third Avenue, 3rd Floor
NEW YORK, NY 10017
U.S.A.

Berti van Dijk
Collections and Bankruptcies

Advocaten en notarissen
Strawinskylaan 2001
P.O. Box 75640
1070 AP Amsterdam
The Netherlands
T +31 20 546 03 42
F +31 20 546 08 05
berti.vandijk@stibbe.com
www.stibbe.com

Date
November 7, 2011

**Re: Amendment to Proof of Claim filed on 12/08/2008 (debtor Lehman Brothers Holdings, Inc.; creditor Stibbe N.V.)**

Dear Sirs,

Please find attached our Proof of Claim against Lehman Brothers Holdings, Inc. as an amendment to our Proof of Claim filed on 12/08/2008. This amendment concerns the currency of our claim, which has been transferred from Euro's to US Dollars. Also attached is our invoice no. 41073439, on which our claim is based.

Yours sincerely,

Berti van Dijk

(Collections and Bankruptcies)

The practice is conducted by Stibbe N.V. (registered with the Trade Register of the Chamber of Commerce under number 34198700). The general conditions of Stibbe N.V. are applicable and include a clause on limitation of liability. The general conditions have been deposited with the Amsterdam District Court and are available on request and free of charge. They can also be found at www.stibbe.com

ST\ASD\12308287.1

Stibbe in association with
Herbert Smith and Gleiss Lutz

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P O Box 5076
New York, NY 10150-5076

| In Re | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc , et al | Case No. 08-13555 (JMP) |
| Debtors | (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No of Debtor |
| Lehman Brothers Holdings Inc. | 08-13555 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Program Securities (see definition on reverse side).

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor (and name and address where notices should be sent if different from Creditor)

☑ Check this box to indicate that this claim amends a previously filed claim

Stibbe N V
P O Box 75640
1070 AP Amsterdam, The Netherlands
Attn  Berti van Dijk

Court Claim Number: 1249
(If known)

Filed on  12/8/2008

Telephone number  +31 205460342    Email Address  berti.vandijk@stibbe.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim  Attach copy of statement giving particulars

☐ Check this box if you are the debtor or trustee in this case

Telephone number    Email Address

| | |
|---|---|
| **1.   Amount of Claim as of Date Case Filed:**  $ 113, 168 (EUR 79,550 at 1 4226) | **5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).**  If any portion of your claim falls in one of the following categories, check the box and state the amount. |

If all or part of your claim is secured, complete Item 4 below, however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete Item 5

If all or part of your claim qualifies as an Administrative Expense under 11 U S C §503(b)(9), complete Item 6

☐ Check this box if all or part of your claim is based on a Derivative Contract *
☐ Check this box if all or part of your claim is based on a Guarantee *

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim  Attach itemized statement of interest or additional charges  Attach itemized statement of interest or charges to this form or on http //www.lehman-claims com if claim is based on a Derivative Contract or Guarantee

**2.   Basis for Claim:** services performed (see attachment for additional information)
(See instruction #2 on reverse side )

**3.   Last four digits of any number by which creditor identifies debtor:** _____
    **3a.  Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side )

**4.   Secured Claim (See instruction #4 on reverse side )**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other

Describe

Value of Property $ _____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any
$ _____  Basis for perfection _____

Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $** _____
(See instruction #6 on reverse side )

Specify the priority of the claim

☐ Domestic support obligations under  11 U S C § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C § 507(a)(4)

☐ Contributions to an employee benefit plan - 11 U S C § 507(a)(5)

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C § 507(a)(7)

☐ Taxes or penalties owed to governmental units - 11 U S C  § 507(a)(8)

☐ Other – Specify applicable paragraph of 11 U S C § 507(a)(____)

Amount entitled to priority:

$ _____

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim

**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest  (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**FOR COURT USE ONLY**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above  Attach copy of power of attorney, if any |
|---|---|
| 11/04/2011 | Berti van Dijk |

Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U S C §§ 152 and 3571

(Collections and Bankruptcies)

# Stibbe

Lehman Brothers Holdings, Inc
Attn. Megan Wilks
745 Seventh Avenue
NEW YORK NY 10019
UNITED STATES OF AMERICA

Advocaten en notarissen
Strawinskylaan 2001
P.O. Box 75640
1070 AP Amsterdam
The Netherlands
VAT NL8132.91.793.B01
T +31 20 546 06 08
F +31 20 546 01 23
www.stibbe.com

**Invoice**

| Bill number | 41073439 | | Date | 4 July 2008 |
| --- | --- | --- | --- | --- |
| Client number | 114896 | | VAT# Client | |
| Matter number | 1020011 | | | |
| Matter name | Lehman / Atmosphere | | | |

All services rendered from 31 March up to 4 July 2008

| | EUR |
| --- | --- |
| Total Fees | 75,000.00 |
| Office charges | 4,500.00 |
| Disbursements subject to VAT | 50.63 |
| Subtotal ex VAT | 79,550.63 |
| VAT 0 % | 0.00 |
| **Total** | **79,550.63** |

**Reference to be mentioned with payment 114896 / 41073439.**

Bank Account 66.88.51.309
ING Bank N.V.
P.O. Box 23432
1100 DX AMSTERDAM (NL)
BIC Code: INGBNL2A
IBAN Code: NL91 INGB 0668 8513 09

Unless otherwise agreed in writing, our statement of fees and expenses are payable within 14 days on the above mentioned account.

The practice is conducted by Stibbe N.V. (registerd with the Trade Register of the Chamber of Commerce under number 34198700). The general conditions of Stibbe N.V. are applicable and include a clause on limitation of liability. The general conditions have been deposited with the Amsterdam District Court and are available on request and free of charge. They can also be found at www.stibbe.com.

 Stibbe in samenwerking met
Herbert Smith en Gleiss Lutz