**Hearing Date**: November 30, 2011 at 10:00 a.m.
**Response Deadline**: November 11, 2011 at 4:00 p.m.

MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Tel. (212) 554-7800
Fax (212) 377-6053
James M. Sullivan

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC. et al., | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

## RESPONSE OF CHINA DEVELOPMENT INDUSTRIAL BANK TO DEBTORS' ONE HUNDRED EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

China Development Industrial Bank ("CDIB"), by its undersigned counsel,

submits this response to the Debtors' One Hundred Eighty-Second Omnibus Objection to

Claims (Valued Derivative Claims) dated August 19, 2011 (the "Objection").

### BACKGROUND

1.      CDIB is an industrial bank located in the Republic of China (Taiwan).

CDIB is a counterparty of Lehman Brothers Special Financing Inc. ("LBSF") under the

ISDA Master Agreement dated as of December 19, 2007 (as amended from time to time,

the "ISDA Agreement").

2.      Pursuant to the Guarantee of Lehman Brothers Holdings Inc. dated

January 23, 2008 (the "Guarantee"), Lehman Brothers Holdings Inc. ("LBHI", and with

LBSF, the "Debtors") is the guarantor of LBSF in connection with each transaction entered into between CDIB and LBSF in connection with the ISDA Agreement.

3.    On September 17, 2008, CDIB provided LBSF with a Notice of Failure and Event of Default as a result of LBSF's default under the ISDA Agreement.

4.    On September 23, 2008, CDIB provided LBSF with a Notice of Early Termination with respect to the ISDA Agreement and designating September 26, 2008 as the Early Termination Date of the ISDA Agreement.  On October 16, 2008, CDIB provided LBSF with a Notice of Settlement for Early Termination, which notified LBSF of the settlement details for its early termination settlement claim in the amount of US$484,396.36.

5.    On November 28, 2008, CDIB provided LBHI with notice of LBSF's default under the ISDA Agreement and demanding that LBHI pay any amounts payable by LBSF to CDIB.

6.    The Debtors were, as of the commencement of the above-referenced bankruptcy cases, and still are, indebted to CDIB in the amount of at least US$485,733, plus interest and expenses, including but not limited to costs of collection (the "Claim Amount"), in respect of their obligations under the ISDA Agreement and Guarantee.

7.    On September 16, 2009, CDIB timely filed a Proof of Claim (listed on the Claims Registry as Claim No. 14329) (the "Claim") against LBSF and LBHI in the amount of $485,733.[1]  Annexed to the Claim are copies of relevant documents demonstrating the validity and amount of the Claim.  A copy of the Claim is annexed hereto as Exhibit A.

---

[1] Although the Claim was filed *pro se* against both LBSF and LBHI, the Claim Registry only identifies the claim as having been filed against LBSF.

8.      On October 22, 2009, CDIB timely filed Supplemental Questionnaire's on account of its claims against LBSF and LBHI (the "Supplemental Questionnaires"). Copies of the Supplemental Questionnaires are attached hereto as Exhibit B.

9.      On August 19, 2011, the Debtors filed the Objection, seeking to reduce the Claim as against LBSF to $121,528.72 purportedly "because the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records." (Objection, p. 2, ¶ 2.) Even though the ISDA Agreement requires Debtors to provide CDIB with a statement showing "in reasonable detail" its calculation of the early termination payment due under Section 6(e)(i)(4) of the ISDA Agreement (see ISDA Agreement, p. 9 ¶ 6(d)(i), p. 20 part 1(f)), the Objection offers no evidence rebutting CDIB's calculation of its damages much less the detail required under ISDA Agreement. Further contrary to the statements in paragraphs 14, 15, and 16 of the Objection, the communications between Debtors and CDIB regarding the Claim have been extremely limited and despite requests by CDIB for a detailed calculation of CDIB's loss, Debtors have thus far refused to provide CDIB with any such detail.

10.     On September 8, 2011, counsel for CDIB filed two Amended Proofs of Claim (listed on the Claims Registry as Claim No. 67656 and 67657) (the "Amended Claims") against LBSF and LBHI, respectively, in the amount of $485,733.[2]

## ARGUMENT

11.     First, the Claim has been superseded by the Amended Claims. Therefore, the Objection should be dismissed as moot.

---

[2] The primary reason for filing the Amended Claims was to correct the Claims Registry.

12.    Second, even if the Objection was not mooted by the filing of the
Amended Claims, the Objection should be denied because Debtors failed to rebut the
*prima facie* validity of the Proof of Claim.

13.    The allowance of claims is governed by § 502(a) of the Bankruptcy Code,
which states: "A claim or interest, proof of which is filed under section 501 of this title, is
deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a); *see also In re
St. Johnsbury Trucking Co., Inc.*, 206 B.R. 318, 323 (Bankr. S.D.N.Y. 1997). Further,
Rule 3001(f) of the Federal Rules of Bankruptcy Procedure states: "*Evidentiary Effect.* A
proof of claim executed and filed in accordance with these rules shall constitute prima
facie evidence of the validity and amount of the claim."

14.    The Proof of Claim was timely filed, included extensive back-up
documentation supporting the claim and met all of the requirements of Rule 3001. A
validly filed proof of claim constitutes *prima facie* evidence of the validity and amount of
the claim under both Bankruptcy Code § 502(a) and Rule 3001(f) and the interposition of
an objection does not deprive the proof of claim of presumptive validity unless
"sufficient evidence to negate one or more of the sworn facts in the proof of claim." *In re
Martinez*, 409 B.R. 35, 38 (Bankr. S.D.N.Y. 2009) (quoting *In re Allegheny Intern., Inc.*,
954 F.2d 167, 173–74 (3d Cir.1992); *see also Helliwell v. George R. Burrows, Inc. (In re
George R Burrows, Inc.)*, 156 F.2d 640, 641 (2d Cir.1946) ("[A]s soon as the trustee
introduced any substantial evidence in opposition the claimants needed to establish by a
preponderance of all the evidence that the claims as filed were based on facts which
entitled the claimants to their allowance under the law. The burden of over-all proof was
then on the claimants."); *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010)

(objecting party is required to "introduce evidence as to the invalidity of the claim or the excessiveness of its amount"); *In re DJK Residential LLC*, 416 B.R. 100, 104-5 (Bankr. S.D.N.Y. 2009) (stating that the objector must produce "substantial evidence" in opposition); *In re Radnor Holdings Corp.*, 353 B.R. 820, 845-46 (Bankr. D. Del. 2006) (objection must be "supported by substantial evidence").)

15.     If, as here, the claimant has met his burden of proof to "allege facts sufficient to support the claim," the burden of proof "shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); *In re Reilly*, 245 B.R. 768, 773 (2d. Cir. B.A.P. 2000); *In re Lundell*, 223 F.3d 1035, 1040 (9th Cir. 2000) ("'In practice, the objector must produce evidence *which, if believed*, would refute at least one of the allegations that is essential to the claim's legal sufficiency.'" (cit. om.)); *see also In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) (objecting party is required to "introduce evidence as to the invalidity of the claim or the excessiveness of its amount"); *In re DJK Residential LLC*, 416 B.R. 100, 104-5 (Bankr. S.D.N.Y. 2009) (stating that the objector must produce "substantial evidence" in opposition). The objector "'may not rebut the *prima facie* case merely by stating that the amount of [the claim] by the [creditor] is not correct; the [Debtor] must produce some evidence to support that statement.'" *In re Forte*, 234 B.R. 607, 618 (Bankr. E.D.N.Y. 1999) (cit. om.). Such evidence must be "equal in force to the *prima facie* case." *Allegheny*, 954 F.2d at 173; *VFB LLC v. Campbell Soup Co.*, 482 F.3d 624, 636 (3d Cir. 2007) (same).

16.     Here, the Objection fails to provide evidence equal to the force of CDIB's *prima facie* case negating CDIB's Proof of Claim. In fact, the Debtors have provided no

evidence to support their assertions.  The Debtors recite merely a one sentence conclusory statement that the amounts listed on the proofs of claim identified on Exhibit A, including CDIB's claim, "are greater than the fair, accurate, and reasonable values determined by the Debtors' books and records." (Objection, p. 2, ¶ 2.) Thus, the Debtors have failed to satisfy their burden to overcome the presumption of validity of the Proof of Claim and the Objection as it relates to CDIB should be denied.

17.     Because Debtors have failed to submit substantial evidence, *or any evidence*, in support of the Objection, they have failed to meet their burden, and the Claim should be allowed in full.

**WHEREFORE**, CDIB respectfully requests that the Court enter an order (i) denying the Debtors' request for an order reducing the Proof of Claim, (ii) allowing the Amended Claims in an amount no less than $485,733, plus interest and expenses (including but not limited to costs of collection) as provided under paragraphs 6(d)(ii) and 11 of the ISDA Agreement, and (iii) granting CDIB such other relief as may be just and proper.

Dated: New York, New York
       November 11, 2011

/s/  James M. Sullivan
James M. Sullivan
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 554-7800

*Counsel to China Development Industrial Bank*