Hearing Date and Time: November 30, 2011 at 10:00 a.m. (prevailing Eastern Time)

HOGAN LOVELLS US LLP
Christopher R. Donoho, III
875 Third Avenue
New York, New York 10022
212-918-3000

*Attorneys for Deka Investment GmbH*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
In re:                                                                :
                                                                      :   Chapter 11
LEHMAN BROTHERS HOLDING INC., et. al.,                                :
                                                                      :
                    Debtors.                                          :   Case No. 08-13555 (jmp)
                                                                      :
                                                                      :   (Jointly Administered)
---------------------------------------------------------------------X

**RESPONSE OF DEKA INVESTMENT GMBH TO DEBTORS'
TWO HUNDRED SEVENTEENTH OMNIBUS OBJECTION
TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

Deka Investment GmbH ("Deka"), by and through its undersigned counsel, hereby files its response (the "Response") to the Debtors' Two Hundred Seventeenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim (the "Objection") [Docket No. 20106], and respectfully represents as follows:

**BACKGROUND**

1.  On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. Also on September 15, 2008, Lehman Brothers Holdings plc ("LBH plc"), a private limited liability company incorporated in England and Wales, was placed into insolvency proceedings in the United Kingdom.

3. Prior to the commencement of these chapter 11 cases, Lehman Brothers UK Capital Funding III LP ("UK Capital Funding"), issued certain Fixed/Floating Rate Enhanced Capital Advantaged Preferred Securities (the "Securities"). The Securities were issued pursuant to a prospectus dated February 20, 2006 (the "Prospectus").

4. LBH plc guaranteed all obligations of UK Capital Funding to the holders of the Securities by a deed of guarantee dated February 22, 2006 (the "LBH Guarantee"), which was attached to the Prospectus.

5. LBHI, as the ultimate corporate parent and controlling entity for both UK Capital Funding and LBH plc, guaranteed all obligations of LBH plc pursuant to a Board Guarantee of the Executive Committee of the Board of Directors of LBHI, dated June 9, 2005 (the "Board Guarantee"), pursuant to which LBHI "fully guarantee[d] the payment of all liabilities, obligations, and commitments of the subsidiaries set forth on Schedule A," which schedule identified LBH plc, among other subsidiaries.

6. On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order created a separate claims process for filing guarantee claims against LBHI for holders of certain "programs securities" issued by affiliates of LBHI outside of the United States and establishing November 2, 2009 as the bar date for filing these claims (collectively, the "LPS Claims Process"). As part of the LPS Claims Process, on July 27, 2009,

LBHI issued a Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities (the "LPS Claims Notice").

7. The LPS Claims Notice directed creditors to LBHI's website, where a list of securities subject to the LPS Claims Process was posted. The Securities were included on that list and, as of the date of this Response, remain on that list.

8. The LPS Claims Notice instructed that "You MUST file a Securities Programs Proof of Claim [the LPS Claims Process claims form] to share in LBHI's estate if you have a claim based on a Lehman Programs Security" (emphasis in original).

9. Deka had numerous clients who held securities subject to the LPS Claims Process. One of those clients, FundMaster RRVRent-Fonds ("FundMaster"), held the Securities. The only way Deka, on behalf of FundMaster, could pursue its guarantee claim against LBHI for the Securities was to file a claim through the LPS Claims Process.

10. Deka complied with the express requirements of the LPS Claims Notice and timely filed a LPS Claims Process proof of claim for FundMaster in the amount of $427,320.00, which was assigned proof of claim number 58964 (the "Claim").

11. On September 1, 2011, the Debtors filed their *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* dated August 31, 2011 (the "**Plan**") [Docket No. 19627]. The Plan is currently pending before this Court.

12. Per the Debtors' assertion in the Objection, UK Capital Funding allegedly dissolved on May 17, 2011.[1]

---

[1] In support of this assertion, the Debtors attached as 'Exhibit D' to the Objection what appears to be certificates purporting to dissolve the General Partner and Preferential Limited Partner of UK Capital Funding, as well as providing in the main body of the Objection an inoperative website address where (presumably) such certificates were supposed to be verifiable.

\\\NY - 002482/000001 - 2362297 v3              3

**RESPONSE**

**LBHI Conceded Liability by Including the Securities in the LPS Claims Process**

13. The Objection to the Claim should be overruled on the basis that LBHI is liable as a guarantor, and concedes as much in the list of securities subject to the LPS Claims Process, attached hereto in relevant part as Exhibit "A".

14. The Debtors assert that they have no liability for the Securities, as they were neither issued nor guaranteed by LBHI. Objection ¶9. This is in direct contravention of the Board Guarantee of all the obligations of LBH plc, which LBHI acknowledged in its schedule of liabilities filed with the Court.

15. The obligations of LBH plc that LBHI guaranteed include LBH plc's obligations as the guarantor of the Securities. Therefore, the holders of the Securities have a claim against LBHI as the ultimate guarantor of the Securities and as the beneficiaries of LBHI's guarantee of LBH plc. The Debtors' Objection fails as it provides no evidentiary support for LBHI's assertion that it has no liability for the Securities; indeed the Debtors conceded LBHI's liability for the Claim by including the Securities in the LPS Claims Process.

16. The LPS Claims Notice required that Deka file the Claim against LBHI for the Securities in the LPS Claims Process. In reliance on that requirement and the list on which the Debtors included the Securities, Deka filed the Claim on behalf of FundMaster and incurred the cost of U.S. counsel in so doing. The Securities have not been, as of the date hereof, removed by LBHI from list of securities subject to the LPS Claims Process maintained on the Debtors' website. This is presumably no accident, as amending the schedule would be easy enough to do. That said, if the Objection is an attempt by the Debtors to remove the Securities from the LPS Claims Process, Deka respectfully asks the Court's leave to amend the Claim to provide the

evidentiary support that Deka would have provided but for the Securities inclusion in the attenuated LPS Claims Process, which precluded such inclusion.

**Purported Invalidation of the LBH Guarantee**

17. The Debtors argue that the LBH Guarantee has been terminated because of the purported dissolution of UK Capital Funding, and therefore the Claim against LBHI cannot be brought. Objection ¶9. The Debtors assert that, because UK Capital Funding automatically dissolved pursuant to the terms of its partnership agreement when it failed to have at least one general partner or at least one limited partner, the LBH Guarantee terminated and, thus the Claim must be disallowed and expunged.

18. This assertion fails and the Claim remains valid and must not be disallowed or expunged. Deka timely filed the Claim in 2009. At the time of the filing of the Claim, UK Capital Funding was in existence and had not yet been allegedly dissolved. In fact, it was not until a number of years after the Petition Date that UK Capital Funding was allegedly dissolved. Therefore, on the Petition Date and at the time Deka filed the Claim, Deka held a valid and enforceable claim against LBHI. The fact that UK Capital Funding was allegedly dissolved after the Petition Date and after the deadline set forth in the Bar Date Order for the LPS Claims Process does not absolve LBHI of timely claims filed against it in respect of the LBH Guarantee.

19. The only reason Deka has not heretofore sought to enforce the Board Guarantee against LBHI is the automatic stay. LBHI should not be allowed to hide behind the stay's protections while it waited for the LBH Guarantee to terminate pursuant to the LBH Guarantee's own terms (or while LBHI took, caused to be taken, actions that would bring about the termination of the LBH Guarantee).

20. In addition, the LBH Guarantee is ambiguous with respect to whether the dissolution of UK Capital Funding is grounds for termination of LBH's obligations thereunder. Section 4.3 of the LBH Guarantee, which LBHI relies on for the basis of the disallowance of the Claim, provides that the LBH Guarantee terminates upon dissolution of the underlying issuer. However, in direct conflict with Section 4.3, Section 2.4(d) of the LBH Guarantee provides that: "The obligations, covenants, agreements and duties of the Guarantor under this Subordinated Guarantee shall in no way be affected or impaired by reason of the happening of any of the following . . . (d) the . . . dissolution of, or other similar proceedings affecting, the Issuer [UK Capital Funding]…" Therefore, pursuant to Section 2.4(d) of the LBH Guarantee, the dissolution of UK Capital Funding did not relieve LBH of its obligations under the LBH Guarantee and, thus, is not grounds for LBHI to disavow its obligation under the Board Guarantee and disallow and expunge the Claim. *See Guedj v. Dana*, 302 A.D.2d 268 (N.Y. App. Div. 1st Dept. 2003) (holding that dissolution of corporate primary obligor did not terminate guarantor's obligations where necessity of continued existence of the corporate primary obligor was ambiguous under the governing agreement).

21. Relatedly, the Debtors have provided no detail whatsoever regarding the circumstances surrounding the alleged dissolution of the General Partner and Preferential Limited Partner of UK Capital Funding which led to the dissolution of UK Capital Funding. Without such disclosure, Deka has no way of determining whether LBHI took, or caused to be taken, any action to bring about the dissolution of UK Capital Funding in order to try to terminate the LBH Guarantee and have the Claim disallowed and expunged.

**LBHI Could Not Dissolve UK Capital Funding**

22. In addition, pursuant to Section 3.2 of the Prospectus, LBHI covenanted to the holders of the Securities that: "unless LBHI is being wound-up, LBHI will not take any action that would or might cause the liquidation, dissolution or winding-up of the General Partner or the Issuer otherwise than with the prior written approval of any relevant Supervisory Authority (if required at such time)."

23. While the Plan currently pending before this Court contemplates the creation of liquidating trusts to assist the reorganized Debtors in disposing of some of their businesses and assets following the effective date of the Plan (Plan, Art. X): (i) the Plan has not yet been approved by this Court; (ii) even if the Plan is approved by this Court, LBHI will pass through the effective date of the Plan as a reorganized entity; and (iii) the Plan is a reorganization plan under chapter 11 of the Bankruptcy Code, not a liquidating plan.

24. The Plan bears many more indicia of being a reorganization plan and not one of liquidation, particularly as it relates to LBHI. Articles VI and VII of the Plan create an elaborate governance structure of LBHI and certain of the other Debtors that will pass through the Plan effective date as reorganized entities. LBHI, as the Plan Administrator (as such term is defined in the Plan), is a reorganized entity under the Plan, not an entity to commence liquidation on the Plan's effective date. Furthermore, as set forth in Article 15.2 of the Plan, LBHI and the other reorganized Debtors may issue new securities or create entities to issue such securities (not an activity normally associated with an entity in liquidation).

25. Therefore, <u>LBHI is not now "being wound up"</u> within the meaning of the Prospectus. Moreover, LBHI was not "being wound-up" at the time UK Capital Funding was allegedly dissolved and will not "be wound up" for a minimum of multiple years, if ever, should

this Court approve the Plan. Accordingly, any action taken, or caused to be taken, by LBHI to bring about the dissolution of the general or limited partners of UK Capital Funding, as the case may be, or UK Capital Funding itself (as noted above, the facts surrounding this issue are not clear and have not been fully disclosed by LBHI) would be in direct violation of the express terms of Section 3.2 of the Prospectus. Therefore, to the extent LBHI was so involved, it cannot benefit from the resulting termination of the LBH Guarantee and the disallowance of the Claim. *Gilpin v. Oswego Builders, Inc.* 930 N.Y.S.2d 120, 124 (N.Y. App. Div. 4th Dept., 2011).[2]

## RESERVATION OF RIGHTS

26. Deka reserves any and all applicable rights at law and/or equity, all claims, and all defenses, including without limitation the right to discovery in connection with the Debtors' Objection and the right to amend or supplement this Response and to join in the response of any other party to the Objection.

---

[2] It is well settled that the doctrine of unclean hands requires that a party seeking equity must come into court with clean hands. *See Gilpin v. Oswego Builders, Inc.*, 930 N.Y.S.2d 120, 124 (N.Y. Sup. Ct. 2011) (citing *Pecorella v. Greater Buffalo Press*, 107 A.D.2d 1064, 1065 (N.Y. App. Div. 4th Dept. 1985). Such doctrine may bar recovery where a party seeking such recovery " 'is guilty of immoral, unconscionable conduct.' " *Id.* (quoting *National Distillers & Chem. Corp. v. Seyopp Corp.,* 17 N.Y.2d 12, 16 (N.Y. 1966)).

WHEREFORE, Deka respectfully requests that the Court (i) overrule the Objection and allow Claim 58964 as set forth herein, (ii) in the alternative, allow Deka to amend the Claim to set it forth in greater detail than currently permitted by the restrictions imposed by the LPS Claims Process, and (iii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: November 11, 2011
New York, New York

                                **HOGAN LOVELLS US LLP**

                                /s/ Christopher R. Donoho, III
                                Christopher R. Donoho, III
                                875 Third Avenue
                                New York, NY 10022
                                (212) 909-0630 Telephone
                                (212) 918-3100 Facsimile

                                *Attorneys for Deka Investment GmbH*

## EXHIBIT A

| SERIES NUMBER | ISIN | ISSUER | DESCRIPTION | MATURITY DATE | CURRENCY |
|---|---|---|---|---|---|
| | XS0385774921 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0385775498 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11145 | XS0385822753 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR USD INDEX BONUS FIXED COUPON NOTE | 9/10/2010 | USD |
| MN11143 | XS0385823306 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR HKD INDEX BONUS FIXED COUPON NOTE | 9/9/2010 | HKD |
| MN11144 | XS0385823488 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR HKD INDEX BONUS FIXED COUPON NOTE | 9/9/2010 | HKD |
| | XS0386289929 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11151 | XS0386290778 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR HKD INDEX BONUS FIXED COUPON NOTE | 9/9/2010 | HKD |
| MN11154 | XS0386331127 | LEHMAN BROTHERS TREASURY CO. BV | AUTOCALLABLE MEMORY COUPON NOTES | 3/12/2012 | USD |
| | XS0386429442 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0386434103 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0386650658 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11158 | XS0386674088 | LEHMAN BROTHERS TREASURY CO. BV | 2 YEAR TWD QUANTO NOTE LINKED TO KOREA INDEX | 9/8/2010 | USD |
| MN11152 | XS0386716269 | LEHMAN BROTHERS TREASURY CO. BV | 50 DAYS HSBC HOLDING LEHMAN BROTHERS HOLDINGS PLC EQUITY | 10/31/2008 | HKD |
| | XS0386716343 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0386716426 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11163 | XS0386716699 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR USD NOTE LINKED TO HONG KONG INDEX | 9/13/2010 | USD |
| MN11149 | XS0386736028 | LEHMAN BROTHERS TREASURY CO. BV | ASIAN NOTE ON SPGTAQD INDEX | | |
| MTN4616C | XS0387045163 | LEHMAN BROTHERS TREASURY CO. BV | CERTI PLUS DJ EURO STOXX | 7/14/2009 | EUR |
| | XS0229269856 | LEHMAN BROTHERS UK CAPITAL FUNDING II | FIXED RATE GUARANTEED NON-VOTING NON-CUMULATIVE PERPETUAL PREFERRED SECURITIES | 10/12/2009 | EUR |
| | XS0243852562 | LEHMAN BROTHERS UK CAPITAL FUNDING III | COMPANY GUARANTY | | EUR |
| EB13 | XS0215349357 | LEHMAN BROTHERS UK CAPITAL FUNDING IV | COMPANY GUARANTY | 6/19/2008 | EUR |
| | XS0282978666 | LEHMAN BROTHERS UK CAPITAL FUNDING IV | COMPANY GUARANTY | | EUR |
| | XS0301813522 | LEHMAN BROTHERS UK CAPITAL FUNDING V | FIXED RATE ENHANCED CAPITAL ADVANTAGED PREFERRED SECURITIES | | USD |
| | XS0272251108 | NB PRIVATE EQUITY | | | |
| | IE00B0T0GR92 | NEUBERGER BERMAN US REAL ESTATE | | | USD |
| | XS0127739943 | QUARTZ FINANCE LTD | COMPANY GUARANTY | | EUR |
| | XS0248605072 | SIGMA FINANCE CORP | COMPANY GUARANTY | 11/3/2008 | EUR |
| | IE0032365896 | | | | |
| | XS0169028700 | | | 3/14/2011 | |
| | XS033515113 | | | | |
| | XS034074016 | | | | |
| | ANN521332331 | | | 12/28/2007 | |
| | ANN521333248 | | | | |
| | ANN521333321 | | | | |
| | ANN521336134 | | | | |
| | ANN521336217 | | | | |
| | ANN521336621 | | | 9/8/2010 | |
| | ANN521338452 | | | | |
| | ANN5213N1486 | | | | |
| | ANN5213N2625 | | | 11/24/2008 | |
| | ANN5214A2934 | | | | |
| | ANN5214A3841 | | | | |
| | ANN5214A4005 | | | | |
| | ANN5214A5747 | | | | |
| | ANN5214A8063 | | | | |
| | ANN5214R2216 | | | 12/5/2008 | |
| | ANN5214R2703 | | | | |
| | ANN5214R3123 | | | | |
| | ANN5214R3206 | | | 12/8/2008 | |
| | ANN5214R4600 | | | | |
| | ANN5214R6019 | | | 12/8/2008 | |
| | ANN5214R6357 | | | | |
| | ANN5214R6431 | | | | |
| | ANN5214R6761 | | | | |
| | ANN5214R6845 | | | | |
| | ANN5214R6928 | | | | |
| | ANN5214R7181 | | | | |
| | ANN5214R7751 | | | | |
| | ANN5214R7918 | | | | |
| | ANN5214R8338 | | | | |
| | ANN5214R8411 | | | | |
| | ANN5214R8585 | | | | |
| | ANN5214R8668 | | | | |
| | ANN5214R8742 | | | | |
| | ANN5214T1364 | | | | |
| | ANN5214T1851 | | | | |
| | ANN5214T2016 | | | | |
| | ANN5214T2198 | | | | |
| | ANN5214T2503 | | | | |
| | ANN5214T2685 | | | | |
| | ANN5214T2768 | | | | |
| | ANN5214T2842 | | | | |
| | ANN5214T3592 | | | | |
| | ANN5214T3675 | | | | |
| | ANN5214T3832 | | | | |
| | ANN5214T3915 | | | | |
| | ANN5214T4582 | | | | |
| | ANN5214T5571 | | | | |
| | ANN5214T6157 | | | | |
| | ANN5214T6496 | | | | |
| | ANN5214T7221 | | | | |
| | ANN5214T7304 | | | | |
| | ANN5214T7486 | | | | |
| | ANN5214T7551 | | | | |
| | ANN5214T7635 | | | | |
| | ANN5214T8393 | | | | |
| | ANN5214T8476 | | | | |
| | ANN5215P1904 | | | | |
| | ANN5215P2084 | | | | |
| | ANN52520D129 | | | 8/14/2008 | |
| | XS0205085456 | | | | |
| | XS0210101750 | | LEHMAN BROTHERS HOLDINGS LEH 5 | 01/26/2010 | |