HEARING DATE AND TIME: December 6, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: November 11, 2011 at 5:00 p.m. (Eastern Time)

REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
Eric A. Schaffer (ES-6415)
Michael J. Venditto (MV-6715)

*Counsel to The Bank of New York Mellon,
as agent*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 Case No. |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) *Refers to Docket Nos. 19627 and 21254* |

**OBJECTION OF THE BANK OF NEW YORK MELLON, AS AGENT,
TO ASSUMPTION OF SEALINK FUNDING LIMITED DERIVATIVE
CONTRACTS PURSUANT TO THE THIRD AMENDED JOINT CHAPTER 11
PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

The Bank of New York Mellon ("BNYM"), as agent, by its undersigned counsel, hereby objects to the assumption of certain derivative contracts relating to Sealink Funding Limited pursuant to the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* [Docket No. 19627] (the "Plan"), which incorporates the *Plan Supplement* dated October 25, 2011 [Docket No. 21254] (the "Plan Supplement"), and respectfully states as follows:

**BACKGROUND**

1. Sealink Funding Limited ("Sealink") was a party to certain swap confirmations (the "Swap Agreements") entered into between Sealink and Lehman Brothers

US_ACTIVE-107759080.3

Special Financing Inc. ("LBSF") under the 1992 ISDA Master Agreement (the "Master Agreement" and, together with the Swap Agreements, the "Sealink Derivative Contracts"), dated June 7, 2008.  Lehman Brothers Holdings Inc. ("LBHI") is the credit support provider under the Master Agreement, and BNYM acts as agent for and on behalf of Sealink with respect to the Sealink Derivative Contracts.  A list of the Swap Agreements is attached hereto as **Exhibit A**.

    2. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").  Subsequently, twenty-two affiliates of LBHI, including LBSF, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Court.

    3. Pursuant to section 5(a)(vii) of the Master Agreement, it is an event of default for LBHI, as credit support provider, to file for bankruptcy.  Pursuant to section 6(a) of the Master Agreement, Sealink has the right, upon the occurrence of an event of default, to select an early termination date with respect to all outstanding Swap Agreements.

    4. On September 17, 2008, BNYM sent LBSF a notice that an event of default had occurred under the Master Agreement and, in accordance with section 6(a), designated September 17, 2008, as the early termination date with respect to all outstanding Swap Agreements.  The Sealink Derivative Contracts terminated in accordance with their terms on September 17, 2008.

    5. On October 9, 2008, BNYM sent LBSF a *Statement of Payment on Early Termination* (the "Statement"), which provided a detailed explanation of the procedure taken to calculate the amount payable as a result of early termination.  On June 2, 2009, BNYM wired LBSF €3,005,495.43 (the "Early Termination Amount") in satisfaction of the amount due under

section 6(d) of the Master Agreement.  A true and correct copy of the Outgoing Swift Message confirming the wire transaction is attached hereto as **Exhibit B**.

6. Section 11.1 of the Plan provides that executory contracts that exist between a Debtor and any other entity are deemed rejected as of the effective date of the Plan, except for any executory contract that is designated specifically in the Plan Supplement as a contract to be assumed.  Plan at § 11.1.  The Plan Supplement designates the Sealink Derivative Contracts for assumption.  See Plan Supplement at Ex. 2, Part A.

**OBJECTION**

7. BNYM objects to the assumption of the Sealink Derivative Contracts because the Master Agreement terminated in accordance with its terms and no open Swap Agreements remain.  Accordingly, the Sealink Derivative Contracts are not executory and may not be assumed.

8. Section 365 of the Bankruptcy Code provides in relevant part that "the trustee, subject to the court's approval, may assume or reject an executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  While the Bankruptcy Code does not define what constitutes an executory contract, the Second Circuit has stated that an executory contract is a contract "on which performance remains due to some extent on both sides."  COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.), 524 F.3d 373, 379 (2d Cir. 2008) (citing E. Air Lines, Inc. v. Ins. Co. of Pa. (In re Ionosphere Clubs, Inc.), 85 F.3d 992 (2d Cir. 1996)).  A contract that is not executory cannot be assumed.  See, e.g., In re Stewart Foods, Inc., 64 F.3d 141, 145 (4th Cir. 1995) ("a debtor-in-possession does not have the option of rejecting or assuming non-executory contracts").

9.  It is well-established that, once a contract has been properly terminated and "is no longer in existence, the right to assume it is extinguished." <u>In re Balco Equities Ltd., Inc.</u>, 312 B.R. 734, 750 (Bankr. S.D.N.Y. 2004); <u>accord</u> <u>Counties Contracting & Constr. Co. v. Constitution Life Ins. Co.</u>, 855 F.2d 1054, 1061 (3d Cir. 1988); <u>see also</u> <u>Robinson v. Chicago Hous. Auth.</u>, 54 F.3d 316, 324 (7th Cir. 1995) (holding that lease which terminated under nonbankruptcy law cannot be assumed under section 365).

10. The Sealink Derivative Contracts are no longer executory. Upon termination, the only remaining obligations are that the non-defaulting party must calculate the early termination amount under section 6 of the Master Agreement and the applicable party must pay the early termination amount. The former was satisfied on October 9, 2008, when BNYM sent the Statement to LBSF, and the latter was satisfied on June 2, 2009, when BNYM wired the Early Termination Amount to LBSF. Accordingly, neither party has any obligation of future performance under any of the Sealink Derivative Contracts.

11. The Sealink Derivative Contracts, having ceased to exist, are not executory and cannot be assumed. Accordingly, the Debtors' request to revive and assume the terminated Sealink Derivative Contracts should be denied.

12. Should this Court determine, however, that the Sealink Derivative Contracts are executory contracts, subject to assumption by LBSF on the Plan Effective Date, BNYM as agent and Sealink reserve all of their rights under section 365 or otherwise.

*[The remainder of this page was intentionally left blank.]*

WHEREFORE, BNYM respectfully requests that the Court enter an order (i) denying the Debtors' request to assume the Sealink Derivative Contracts, and (ii) grant BNYM such other and further relief as may be just and proper.

Dated: November 11, 2011
      New York, New York

Respectfully submitted,

REED SMITH LLP

By:   */s/ Eric A. Schaffer*
     Eric A. Schaffer (ES-6415)
     Michael J. Venditto (MV-6715)
     599 Lexington Avenue
     New York, NY 10022
     Telephone: (212) 521-5400
     Facsimile: (212) 521-5450
     Email: eschaffer@reedsmith.com
            mvenditto@reedsmith.com

*Counsel to The Bank of New York Mellon, as agent*