CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
David M. LeMay
Christy L. Rivera

*Counsel to Minardi Capital Corp.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | |
|---|---|
| In re: : | Chapter 11 Case No. |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : | 08-13555 (JMP) |
| : | |
| Debtors. : | (Jointly Administered) |

------------------------------------------------------------

## RESPONSE OF MINARDI CAPITAL CORP. TO DEBTORS' ONE HUNDRED EIGHTIETH OMNIBUS OBJECTION TO CLAIMS (INVALID BLOCKING NUMBER LPS CLAIMS)

Minardi Capital Corp. (the "Claimant"), by and through its undersigned counsel, hereby serves this response (the "Response") with respect to proof of claim number 62725, as amended by proof of claim number 67709 (the "LBHI Claim"), to the Debtors' One Hundred Eightieth Omnibus Objection to Claims (Invalid Blocking Number LPS Claims) [Docket No. 19396] (the "Objection"), filed by the above-captioned debtors and debtors-in-possession on August 19, 2011 and respectfully represents as follows:

### BACKGROUND

1.  Beginning on September 15, 2008 (the "Petition Date"), and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (together with LBHI, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United

CPAM: 4297594.3

States Code, 11 U.S.C. §§ 101-1532 *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

I.  **The LBHI Claim**

   A.  **LBHI Bar Date Order**

   2.  On July 2, 2009, the Court entered its Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "LBHI Bar Date Order") [Docket No. 4271]. The LBHI Bar Date Order provided procedures for the "filing of any and all claims (including any claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates outside of the United States, solely to the extent identified on http://www.lehmandocket.com under the heading 'Lehman Programs Securities' (any such security, a 'Lehman Program Security')." LBHI Bar Date Order at 12. The LBHI Bar Date Order established November 2, 2009 as the deadline for each person or entity to file proofs of claim based on any Lehman Program Security (the "LPS Bar Date").

   3.  The LBHI Bar Date Order required that each proof of claim based on a Lehman Program Security include "either a Euroclear electronic instruction reference number or a Clearstream blocking reference number" (each a "Blocking Number"). Id. at 13. The LBHI Bar Date Order also authorized the Debtors to publish a Notice of Deadline for Filing Proofs of Claim Based on Lehman Programs Securities (the "LPS Bar Date Notice"). The LPS Bar Date Notice provides, in a section titled "Special Note Regarding Blocking Numbers," as follows:

   > Beneficial holders (which includes most individuals) of Lehman Programs Securities that are not Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream") or other depository account holders may not contact Euroclear, Clearstream or such other depository directly [in order to obtain a Blocking Number]. Such holders must direct their accountholder (i.e. the bank, broker or other entity that holds such securities on behalf of such beneficial

holder) to contact Euroclear, Clearstream or other relevant depository to obtain the Blocking Number.

LPS Bar Date Notice at 3.

### B. Steps to Comply with the LBHI Bar Date Order

4. In November 2009, JP Morgan Escrow Services ("JPM") maintained an escrow account for the benefit of Chadbourne & Parke LLP, in which JPM held security ISIN XS0336336531 (the "Security").[1] See JPM Statement for November 2009 (the "2009 JPM Statement") attached hereto as Exhibit A. In connection with preparing the LBHI Claim, Claimant directed its counsel to contact JPM to request a Blocking Number for the Security.[2] JPM noted that the Security was located in an escrow account and therefore, in essence, already "blocked" from trading. JPM asserted that the equivalent of a Blocking Number already existed for the Security -- JPMorgan Reference 8282.

5. Accordingly, on or about November 2, 2009, the LBHI Claim was timely filed[3] with Epiq Bankruptcy Solutions, LLC, the Debtors' claims agent, listing the Security and the "blocking number" provided by JPM.

---

[1] Chadbourne & Parke LLP held the Security in its escrow account in connection with Central Banco Universal's proposed sale of the Security.

[2] Additional details regarding the filing of the LBHI Claim are set forth in the Declaration of Lara Aryani dated as of October 27, 2011 (the "Aryani Declaration"). The Aryani Declaration is attached hereto as Exhibit B. All information included in the Declaration is incorporated by reference in this Response.

[3] Proof of claim number 62725 was filed on or about November 2, 2009. An amended claim referencing the Security was filed on November 7, 2011 and has been assigned proof of claim number 67709.

II. **Objection to LBHI Claim and Notice of Proposed Allowed Claim Amount**

6. On August 19, 2011, the Debtors filed the Objection, in which the Debtors seek to disallow and expunge the LBHI Claim solely with respect to the Security on the basis that a valid Blocking Number is not referenced.

7. On or about August 24, 2011, Claimant received the Debtors' Notice of Proposed Allowed Claim Amount (the "Notice"), delivered pursuant to the Order Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc. (the "LPS Procedures Order") [Docket No. 19120], which provided procedures for determining the allowed amount of claims based on Lehman Programs Securities.

8. The Notice recognizes that the Maximum Allowable Amount for the Security is $7,728,090.50.[4] However, solely because the Debtors did not recognize the supposed Blocking Number provided to Claimant by JPM, the Debtors seek to expunge the LBHI Claim as it relates to the Security.

## RESPONSE

9. Claimant challenges the Debtors' Objection to the LBHI Claim based on the invalid Blocking Number, given the conscientious efforts undertaken to obtain a valid Blocking Number from JPM.

---

[4] Claimant objected to the Proposed Allowed Claim Amount, as provided in the Notice, on November 8, 2011.

I.  **Compelling Circumstances Require the Debtors to
    Disregard the Absence of a Valid Blocking Number in this Instance**

10. Bankruptcy courts are guided by principles of equity "to insure that 'fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done.'" In re Integrated Resources, Inc., 157 B.R. 66, 70 (S.D.N.Y. 1993) (citations omitted). See, e.g., Firearms Import and Export Corp. v. United Capitol Ins. Co. (In re Firearms Import and Export Corp.), 131 B.R. 1009, 1017 (Bankr. S.D. Fla. 1991) ("[C]reditor need not file a letter perfect proof of claim before the expiration of the bar date to preserve its claim."). Inconsequential technical flaws that are in no way the fault of the Claimant should not result in otherwise meritorious proofs of claim being expunged; such a result is simply too harsh and unwarranted for timely filed proofs of claim that comply with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Any other rule would in this case be plainly absurd as Claimant should not be held responsible for the conduct of an unrelated third party.

   A.  **The Blocking Number Was Required Simply as Evidence of Ownership**

11. The Debtors have stated that the purpose of requiring claimants to obtain a Blocking Number was to prevent the underlying security from being traded through the period ending November 2, 2009, and to enable the Debtors to confirm ownership and amount of a particular security. See, e.g., Hearing Transcript for Debtors' Twenty-Ninth Omnibus Objection to Lehman Programs Securities Claims With No Blocking Number ("Transcript") at 15:13-21 (Oct. 27, 2010) ("A security could have been traded every day for thirty days prior to the bar date and each holder could have filed the claim risking duplicative and/or excessive distributions. The blocking number requirement was specifically designed to address this problem. The blocking number, when issued, would confirm ownership and amount of a security as of a

certain date and, once it was issued, trading for that particular security was frozen through the securities program bar date."). In the 180th Omnibus Objection, the Debtors noted:

> The issuance of a Blocking Number prevented the holder of a Lehman Program Security from trading that security through November 2, 2009 . . . . The Blocking Number requirement was necessary because the Lehman Programs Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security, but rather individual holders of such securities (or custodians thereof) would be filing claims based on such securities. Accordingly, the blocking number requirement provided the only mechanism for the Debtors to confirm the ownership and amount of a particular security for purposes of the proof of claim based on a Lehman Program Security. Absent the blocking number requirement and temporary restriction on trading, the risk would exist that the Debtors would make distributions in excess of the outstanding amount of the Lehman Programs Securities and multiple distributions on the same obligation.

180th Omnibus Objection at ¶10-11.

12. In In re Lehman Brothers Holdings Inc., 433 B.R. 113, 127 (Bankr. S.D.N.Y. 2010), the Court recognized that in "truly unusual and compelling circumstances," noncompliance with the LBHI Bar Date Order should not result in a claim's expungement. See also Transcript at 38:18-39:1 (allowing two of three claims that failed to provide blocking numbers, explaining that "good faith attempts to comply [with the Blocking Number requirement] . . . can lead to an excuse . . . . [T]hey win on particularized facts and I don't think that opens the door").

### B. The Debtors Have Been Provided Ample and Indeed Dispositive Evidence of Ownership

13. Here, Claimant is clearly able to provide the Debtors with confirmation that Claimant owns the Security. As evidenced by the JPM Statement, the Security was held in the JPM escrow account and prohibited from trading in November 2009. JPM continues to hold the Security today in the JPM escrow account. See JPMorgan Statement for October 2011 attached

hereto as Exhibit C. The main purpose of an escrow account is to put assets in the hands of a third party for retention until the purpose of a related agreement is satisfied. Here, Claimant placed the Security in an escrow account maintained by a third party, and the Security has remained in the account to date. The purpose of the Blocking Number requirement is satisfied -- Claimant was unable to and did not trade the Security prior to the LPS Bar Date and there is no risk that the Debtors will make multiple distributions on the Security.

        C.      **Claimant Attempted in Good Faith
to Comply with the LBHI Bar Date Order**

        14.      As noted above, Claimant attempted in good faith to comply with the LBHI Bar Date Order. This is not a case where a claimant simply ignored a requirement or failed to take steps to comply. Instead, Claimant, through its counsel, contacted the custodian of the Security -- JPM -- and received what it believed was a valid Blocking Number, in compliance with the LBHI Bar Date Order. The Blocking Number concept was put in place specifically for the LPS Bar Date. Claimant had no way of knowing that the number provided by JPM was not a valid Blocking Number, and there was no reason to question JPM's statement that the "blocking number" was JPMorgan Reference 8282. This situation clearly fits within the type of "compelling circumstances" contemplated by the Court that justify overlooking the absence of Blocking Numbers.

        D.      **The Bankruptcy Code and the Bankruptcy Rules
Support Allowance of the LBHI Claim**

        15.      The basis for the Objection does not fall within one of the enumerated grounds for claim disallowance as set forth in Bankruptcy Code section 502(b). Bankruptcy Code section 502, which governs the allowability of claims, provides that a properly filed claim is deemed allowed unless a party-in-interest objects to such claim. See 11 U.S.C. § 502(a). If such objection is made, then the claim will be allowed "except to the extent that" the claim

implicates any of nine identified exceptions. See 11 U.S.C. § 502(b). Of these nine standards of allowability, only two sections of the Bankruptcy Code can arguably be called into question here: Bankruptcy Code section 502(b)(1), which provides that the "claim is unenforceable against the debtors . . . under any agreement or applicable law for a reason other than because such claim is contingent or unmatured"; and Bankruptcy Code section 502(b)(9), which provides that a "proof of such claim is not timely filed . . . ." 11 U.S.C. § 502(b)(9).

16.   Bankruptcy Code section 502(b)(1), in effect, makes available any defense to a claim that might have been available to the debtor under applicable nonbankruptcy law. See Travelers Cas. & Surety Co. of Am. v. Pac. Gas & Electr. Co., 549 U.S. 443, 450 (2007). These defenses generally prevent the assertion of an unjust claim against the estate. See 4 COLLIER ON BANKRUPTCY ¶ 502.03[2][b] (16th ed. 2010). Based on the facts presented in the Objection, the exception set forth in Bankruptcy Code section 502(b)(1) does not apply to the LBHI Claim. The failure to obtain a Blocking Number is not a defense to payment on the Security under any principle or rule of applicable nonbankruptcy law, and the Debtors do not even claim that it is.

17.   Section 502(b)(9) addresses timeliness of proof of claims filings, rather than substantive matters relating to the validity of the underlying claim. See COLLIER ON BANKRUPTCY ¶ 502.03[10] ("This provision was designed to overrule case law holding that tardily filed claims were allowable."). Again, the exception to the allowability of a claim provided in § 502(b)(9) is not implicated because (i) the Objection does not challenge the LBHI claim as being untimely filed and (ii) in fact, the LBHI Claim was timely filed.

18.   The Bankruptcy Rules also support Claimant's argument that the LBHI Claim should be allowed. Bankruptcy Rule 3001(a) provides that a valid proof of claim must include a "written statement setting forth a creditor's claim . . . [and] shall conform substantially to the appropriate Official Form." FED. R. BANKR. P. 3001(a). A proof of claim, once executed and

filed in accordance with Rule 3001, "constitute[s] prima facie evidence of the validity and amount of the claim." Id. 3001(f). Bankruptcy Rule 3001(a) does not indicate that the "conform substantially" language was intended to permit Debtors to impose additional requirements on creditors. Instead, the "conform substantially" language was intended to provide protections in favor of creditors and in favor of the allowance of claims. See In re Stoecker, 5 F.3d 1022, 1026-28 (7th Cir. 1993) (limiting the broad application of Rule 3001 by refusing to permit the disallowance of a claim for "hypertechnical" reasons).

19. The Debtors rely on a procedural device in seeking to disallow the LBHI Claim. Nothing in Bankruptcy Code section 502 or Bankruptcy Rule 3001 supports such action by the Debtors, particularly in light of the fact that Claimant's efforts to obtain an accurate Blocking Number were unsuccessful solely because of circumstances entirely outside of Claimant's control.

### E.    The Debtors Are Not Prejudiced by Allowance of the LBHI Claim

20. Claimant's provision of a Blocking Number that did not appear on the Debtors' list has not prejudiced the Debtors, nor has the purpose of the Blocking Number system been frustrated or compromised. There is simply no risk that the Debtors will make multiple distributions on the Security, because Claimant has been the beneficiary of the Security at all relevant times. While the Blocking Number system may play a useful role in the Debtors' claims reconciliation process, it is not appropriate for this requirement to be mechanically applied to the prejudice of otherwise valid claims, with no regard for exceptional circumstances.

21. The Debtors are likely to argue that allowing proofs of claim that do not include Blocking Numbers will open the floodgates to such claims and compromise the orderly reconciliation of claims. This argument cuts both ways. Allowing the Debtors to expunge claims based on a technical requirement of the LBHI Bar Date Order that finds no basis in the

Bankruptcy Code or Bankruptcy Rules would permit the Debtors to escape liability for substantially valid claims that were duly and properly filed before the LPS Bar Date and that provide a facially valid Blocking Number. The interests of bona fide creditors who have made good faith and timely efforts to comply with the LBHI Bar Date Order should be far more compelling than the Debtors' supposed interest in rigorous adherence to technical claims procedures.

22.     Even if the LBHI Claim were found to be deficient, it should at the very least qualify as an "informal" proof of claim. "The informal proof of claim is an equitable principle developed by courts to alleviate the harsh results of strict enforcement of the bar date." Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.), 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995). An informal proof of claim requires only that it (1) be timely filed and made part of the judicial record; (2) state the existence and nature of the debt; (3) state the amount of the claim; (4) evidence an intent to hold the debtor liable for the claim. See, e.g., In re Enron Creditors Recovery Corp., 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007); In re Drexel Burnham Lambert Group, Inc., 129 B.R. 22, 26 (Bankr. S.D.N.Y. 1991); see also In re Hanscom Retail Foods, Inc., 96 B.R. 33, 36 (Bankr. E.D. Pa. 1988) ("Since the purpose of a proof of claim is for the creditor to put the estate on notice of its demand against the estate and its intention to hold the estate liable, this purpose is met so long as the nature of the claim . . . is clearly and timely announced.") (internal citation omitted).

23.     Here, the LBHI Claim undoubtedly satisfies the elements of an informal proof of claim. Indeed, it is in form and substance a perfectly proper formal proof of claim, lacking only a valid Blocking Number (through no fault of Claimant and in spite of Claimant's good faith belief that the LBHI Claim as filed did contain a valid Blocking Number). The LBHI Claim provided the Debtors with an explicit demand setting forth the nature and amount of the

claim, as well as an intent to hold the Debtors liable. The Debtors have been sufficiently alerted to their obligation regarding the LBHI Claim and, as evidenced in the LBHI Claim and herein, the substantive need underlying the requirement to provide a Blocking Number has been met.

## CONCLUSION

WHEREFORE, for the reasons set forth in the Response, Claimant respectfully requests that the Court (i) deny the Objection as it relates to the LBHI Claim and (ii) grant such other and further relief as the Court deems just and proper.

Date: New York, New York
November 11, 2011

**CHADBOURNE & PARKE LLP**

By: */s/ David M. LeMay*
David M. LeMay

A Member of the Firm
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to Minardi Capital Corp.*

# EXHIBIT A

CPAM: 4297594.3

# J.P.Morgan

JPMorgan Chase Bank, N.A.
Registered branch address: 125 London Wall, London, EC2Y 5AJ
Head Office: 1111 Polaris Parkway, Columbus, Ohio 43240
Organised under the laws of the U.S.A with limited liability
Registered as a branch in England & Wales No. BR000746
Authorised and regulated by the Financial Services Authority

Telephone: +44 (0) 207 777 2000
SWIFT:    CHASGB2L

The following securities and/or property are recorded
for your account with us at close of business 30 Nov 2009

CHP01 CHADBOURNE AND PARK LLP
JPMORGAN CHASE BANK NA
60 VICTORIA EMBNKMNT LONDON
FAX: 0207 777 9411    EC4Y 0JP UK
ESCROW ADMINISTRATION  ATT: KELLY
NEW/PETER MAYNARD/CRISTINA BERZINS

| Account Number | 60935 |
|---|---|
| Account Name | CHP01 CHADBOURNE AND PARK LLP |
| Statement Number | SAFEKEEPING |
| PageNumber | On Request |
|  | 1 of 1 |
|  | Copy 1 of 1 |
| Previous Statement Rendered | Not Applicable |

| Amount of Shares | SEDOL No.   Asset Description | Latest Market Price | Held by | Awaiting Receipt/Delivery | Net Holdings |
|---|---|---|---|---|---|
| 92,621,250 | VENEZUEL BOLIVAR<br>* 888089D LEHMAN BROTHERS TR<br>VAR 20/DEC/2008 | 0.00 | EUROCLEAR<br>EUROC:12976 | | 92,621,250 |

* Chase ID. - No SEDOL Number Available

Market values and exchange rates were obtained from sources which J.P. Morgan believes to be reliable but have not been verified and are for the exclusive use of the customer. J.P. Morgan makes no statement or warranty, expressed or implied, that any quoted values reflect the proceeds which may be received on the sale of a security. Reports generated intraday are subject to change until end of day processing is complete. J.P. Morgan will not be liable for any loss or damage arising out of the inaccuracy of any such information or customer's reliance thereon. Assets reflected as "held elsewhere", "memo", "memorandum" or "blue sheet" may not be held in custody by J.P. Morgan's control. As such, customers may have no securities entitlement or other right against J.P. Morgan with respect to these positions, and J.P. Morgan will not be liable with respect to these assets. Balances in BHD, BRL, CNY, COP, INR, KRW, KWD, KZT, TWD, UAH, VEF, VND, XOF and ZWD are held in accounts in the client's name with the subcustodian and are payable by the subcustodian only. Clients should contact their Relationship Manager for any questions related to this. Reports customized or edited by customers may not reflect all assets or transactions. Copyright J.P. Morgan Chase & Co. 2009. All rights reserved

JP000F/26/03/10

# EXHIBIT B

CPAM: 4297594.3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* : | 08-13555 (JMP) |
| Debtors. : | (Jointly Administered) |

---

### DECLARATION OF LARA ARYANI

I, LARA ARYANI, declare and state as follows:

1. I am an associate with the law firm of Chadbourne & Parke LLP ("Chadbourne"), attorneys for the Claimant in the above-captioned proceedings. I make this declaration on my personal knowledge and could competently testify to the matters set forth herein, if necessary.

2. I assisted in the preparation of certain proofs of claim required to be filed pursuant to that Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "LBHI Bar Date Order") [Docket No. 4271]. In that role, I made the below inquiries on behalf of Claimant holding Lehman Program Securities (as defined in the Order) in accounts maintained at Lehman Brothers Inc. ("LBI").

3. On October 15, 2009, I called J.P. Morgan in New York to inquire about obtaining a blocking number for the Lehman Program Security of Claimant held in the J.P. Morgan escrow account of which Chadbourne is the custodian. I was informed by the J.P. Morgan representative that she would need to discuss this inquiry with their London office

CPAM: 4276517.1

during London business hours, and that she would be able to provide further information the following day.

4.    On October 16, 2009, I spoke with the same J.P. Morgan representative and she explained that because the Lehman Program Security was in an escrow account, it was already "blocked" from trading pending instructions from Chadbourne as the custodian of the escrow account. She said that the "blocking number" generated for the escrow account when Chadbourne entered into the escrow agreement with J.P. Morgan is J.P. Morgan Reference 8282. She said that J.P. Morgan is unable to generate another blocking number for the Lehman Program Security.

CPAM: 4276517.1

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: New York, New York
October 27, 2011

_____
Lara Aryani

STATE OF New York          )
                           : ss.:
COUNTY OF New York         )

On the 27th day of October in the year 2011 before me, the undersigned, personally appeared, Lara Aryani, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

MELINDA A. SOBIN
NOTARY PUBLIC, State of New York
No. 02SO6229540
Qualified in New York County
Commission Expires Oct. 12, 20 14

3

CPAM: 4276511?AM: 1425125.1

# EXHIBIT C

CPAM: 4297594.3

# J.P.Morgan

## Positions COB
Summary
As Of: 03-Oct-2011

Page 1 of 2

**Clearance and Collateral**

**Account: CHP01**     **Account Name: CHADBOURNE AND PARK LLP**

| SEDOL | ISIN | Security Description | Settled Position | Unsettled Receipts | Unsettled Deliveries | Traded Position |
|---|---|---|---|---|---|---|
| Market: | EUROCLEAR | Depot: ECLEAR:JPMC ITS/EMEA ESCROW LDN | | | | |
| A059524 | XS0336336531 | LEHMAN BROTHERS TREASURY CO B.V 9% MTN 20/12/2008 VEB | 92,621,250.00 | 0.00 | 0.00 | 92,621,250.00 |

Number of Securities in Depot: 1

ECLEAR:JPMC ITS/EMEA ESCROW LDN

Number of Securities in Market: 1           EUROCLEAR

Number of Securities in Account: 1           CHP01

Total Securities Held: 1