Hearing Date and Time: November 30, 2011 at 10:00 a.m. (prevailing Eastern Time)

HOGAN LOVELLS US LLP
Christopher R. Donoho, III
875 Third Avenue
New York, New York 10022
212-918-3000

*Attorneys for Lloyds TSB Bank plc (Geneva Branch)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re:                                                            :
                                                                  :   Chapter 11
LEHMAN BROTHERS HOLDING INC., et. al.,                            :
                                                                  :   Case No. 08-13555 (jmp)
                    Debtors.                                      :
                                                                  :   (Jointly Administered)
------------------------------------------------------------------x

**RESPONSE OF LLOYDS TSB BANK PLC (GENEVA BRANCH)
TO DEBTORS' TWO HUNDRED SIXTEENTH OMNIBUS OBJECTION
TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

Lloyds TSB Bank plc (Geneva Branch) ("LTSB"), by and through its undersigned counsel, hereby files its response (the "Response") to the Debtors' Two Hundred Sixteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim (the "Objection") [Docket No. 20105], and respectfully represents as follows:

**BACKGROUND**

1. On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

\\\NY - 002381/000005 - 2362716 v1

2.      Prior to the commencement of these chapter 11 cases, Lehman Brothers UK Capital Funding IV LP ("LB UK IV") and Lehman Brothers UK Capital Funding V LP ("LB UK V" and, together with LB UK IV, the "UK Capital Funding Entities"), issued certain series of Enhanced Capital Advantaged Preferred Securities (collectively, the "Securities"). The Securities for LB UK IV were issued pursuant to a prospectus dated January 4, 2007 (the "LB UK IV Prospectus"), and the Securities for LB UK V were issued pursuant to a prospectus dated May 11, 2007 (the "LB UK V Prospectus" and, together with the LB UK IV Prospectus, the "Prospectuses").

3.      LBHI guaranteed all obligations of the UK Capital Funding Entities to the holders of the Securities by separate guarantees executed contemporaneously with each of the Prospectuses, and attached to each of the Prospectuses (collectively, the "LBHI Guarantee").

4.      On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order created a separate claims process for filing guarantee claims against LBHI for holders of certain "programs securities" issued by non-debtor affiliates of LBHI outside of the United States and establishing November 2, 2009 as the bar date for filing these claims (collectively, the "LPS Claims Process"). As part of the LPS Claims Process, on July 27, 2009, LBHI issued a Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities (the "LPS Claims Notice").

5.      The LPS Claims Notice directed creditors to LBHI's website, where a list of securities subject to the LPS Claims Process was posted. The Securities were included on that list and, as of the date of this Response, remain on that list.

6. The LPS Claims Notice instructed that "You MUST file a Securities Programs Proof of Claim [the LPS Claims Process claims form] to share in LBHI's estate if you have a claim based on a Lehman Programs Security" (emphasis in original).

7. LTSB had numerous clients who held securities subject to the LPS Claims Process. One of those clients, Omnamo Narayanaya Holdings Ltd. ("Omnamo"), held the Securities. The only way LTSB, on behalf of Omnamo, could pursue its guarantee claim against LBHI for the Securities was to file a claim through the LPS Claims Process.

8. LTSB complied with the express requirements of the LPS Claims Notice and timely filed a LPS Claims Process proof of claim for Omnamo in the amount of $2,939,497.39, which was assigned proof of claim number 55502 (the "Claim").

9. On September 1, 2011, the Debtors filed their *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* dated August 31, 2011 (the "Plan") [Docket No. 19627]. The Plan is currently pending before this Court.

10. Per the Debtors' assertion in the Objection, LB UK IV and LB UK V were allegedly dissolved on June 22, 2010 and May 17, 2011, respectively.[1]

**RESPONSE**

**LBHI Conceded Liability by Including the Securities in the LPS Claims Process**

11. The Objection to the Claim should be overruled on the basis that LBHI is liable as a guarantor, and concedes as much in the list of securities subject to the LPS Claims Process, attached hereto in relevant part as Exhibit "A".

---

[1] In support of this assertion, the Debtors attached as 'Exhibit E' to the Objection what appears to be certificates purporting to dissolve the General Partner and Preferential Limited Partner of the UK Capital Funding Entities, as well as providing in the main body of the Objection an inoperative website address where (presumably) such certificates were supposed to be verifiable.

12. The Debtors assert that they have no liability for the Securities. Objection ¶10. This is in direct contravention of the LBHI Guarantee of the UK Capital Funding Entities and the Securities. The Debtors' Objection fails as it provides insufficient evidentiary support for LBHI's assertion that it has no liability for the Securities; indeed the Debtors conceded LBHI's liability for the Claim by including the Securities in the LPS Claims Process.

13. The LPS Claims Notice <u>required</u> that LTSB file the Claim against LBHI for the Securities in the LPS Claims Process. In reliance on that requirement and the list on which the Debtors included the Securities, LTSB filed the Claim on behalf of Omnamo and incurred the cost of U.S. counsel in so doing. The Securities have not been, as of the date hereof, removed by LBHI from list of securities subject to the LPS Claims Process maintained on the Debtors' website. This is presumably no accident, as amending the schedule would be easy enough to do.

**Purported Invalidation of the LBHI Guarantee**

14. The Debtors argue that the LBHI Guarantee has been terminated because of the purported dissolution of the UK Capital Funding Entities, and therefore the Claim against LBHI should be disallowed and expunged. Objection ¶10. The Debtors assert that, because the UK Capital Funding Entities automatically dissolved pursuant to the terms of their respective partnership agreements when they failed to have at least one general partner or at least one limited partner, as the case may be, the LBHI Guarantee terminated and, thus the Claim must be disallowed and expunged.

15. This assertion fails and the Claim remains valid and must not be disallowed or expunged. LTSB timely filed the Claim in 2009. At the time of the filing of the Claim, the UK Capital Funding Entities were in existence and had not yet been allegedly dissolved. In fact, it was not until a number of years after the Petition Date that the UK Capital Funding Entities were

allegedly dissolved. Therefore, on the Petition Date and at the time LTSB filed the Claim, LTSB held a valid and enforceable claim against LBHI. The fact that the UK Capital Funding Entities were allegedly dissolved after the Petition Date and after the deadline set forth in the Bar Date Order for the LPS Claims Process does not absolve LBHI of timely claims filed against it in respect of the LBHI Guarantee.

16. The only reason LTSB has not heretofore sought to enforce the Board Guarantee against LBHI is the automatic stay. LBHI should not be allowed to hide behind the stay's protections while it waited for the LBHI Guarantee to terminate pursuant to the LBHI Guarantee's own terms (or while LBHI took, or caused to be taken, actions that would bring about the termination of the LBHI Guarantee).

17. In addition, the LBHI Guarantee is ambiguous with respect to whether the dissolution of the UK Capital Funding Entities is grounds for termination of LBHI's obligations thereunder. Section 4(c) of the LBHI Guarantee, which LBHI relies on for the basis of the disallowance of the Claim, provides that the LBHI Guarantee terminates upon dissolution of the underlying issuer. However, in direct conflict with Section 4(c), Section 2.4(d) of the LBHI Guarantee provides that: "The obligations, covenants, agreements and duties of the Guarantor under this Subordinated Guarantee shall in no way be affected or impaired by reason of the happening of any of the following . . . (d) the . . . dissolution of, or other similar proceedings affecting, the Issuer…" Therefore, pursuant to Section 2.4(d) of the LBHI Guarantee, the dissolution of the UK Capital Funding Entities did not relieve LBHI of its obligations under the LBHI Guarantee and, thus, is not grounds for LBHI to disavow its obligation under the LBHI Guarantee and disallow and expunge the Claim. *See Guedj v. Dana*, 302 A.D.2d 268 (N.Y. App. Div. 1st Dept. 2003) (holding that dissolution of corporate primary obligor did not terminate

guarantor's obligations where necessity of continued existence of the corporate primary obligor was ambiguous under the governing agreement).

18.     Relatedly, the Debtors have provided no detail whatsoever regarding the circumstances surrounding the alleged dissolution of the General Partner and Preferential Limited Partner of the UK Capital Funding Entities which led to the dissolution of the UK Capital Funding Entities. Without such disclosure, LTSB has no way of determining whether LBHI took, or caused to be taken, any action to bring about the dissolution of the UK Capital Funding Entities in order to try to terminate the LBHI Guarantee and have the Claim disallowed and expunged.

**LBHI Could Not Dissolve UK Capital Funding**

19.     In addition, pursuant to Section 3.3 of the LBHI Guarantee, LBHI covenanted to the holders of the Securities that: "unless LBHI is being wound-up, LBHI will not take any action that would or might cause the liquidation, dissolution or winding-up of the General Partner or the Issuer otherwise than with the prior written approval of any relevant Supervisory Authority (if required at such time)."

20.     While the Plan currently pending before this Court contemplates the creation of liquidating trusts to assist the reorganized Debtors in disposing of some of their businesses and assets following the effective date of the Plan (Plan, Art. X): (i) the Plan has not yet been approved by this Court; (ii) even if the Plan is approved by this Court, LBHI will pass through the effective date of the Plan as a reorganized entity; and (iii) the Plan is a reorganization plan under chapter 11 of the Bankruptcy Code, not a liquidating plan.

21.     The Plan bears many more indicia of being a reorganization plan and not one of liquidation, particularly as it relates to LBHI. Articles VI and VII of the Plan create an elaborate

governance structure of LBHI and certain of the other Debtors that will pass through the Plan effective date as reorganized entities. LBHI, as the Plan Administrator (as such term is defined in the Plan), is a reorganized entity under the Plan, not an entity that commences liquidation on the Plan's effective date. Furthermore, as set forth in Article 15.2 of the Plan, LBHI and the other reorganized Debtors may issue new securities or create entities to issue such securities (not an activity normally associated with an entity in liquidation).

22.   Therefore, <u>LBHI is not now "being wound up"</u> within the meaning of the LBHI Guarantee. Moreover, LBHI was not "being wound-up" at the time the UK Capital Funding Entities were allegedly dissolved and will not "be wound up" for a minimum of multiple years, if ever, should this Court approve the Plan. Accordingly, any action taken, or caused to be taken, by LBHI to bring about the dissolution of the general or limited partners of the UK Capital Funding Entities, as the case may be, or the UK Capital Funding Entities themselves (as noted above, the facts surrounding this issue are not clear and have not been fully disclosed by LBHI) would be in direct violation of the express terms of Section 3.3 of the LBHI Guarantee. Therefore, to the extent LBHI was so involved, it cannot benefit from the resulting termination of the LBHI Guarantee and the disallowance of the Claim. *See Gilpin v. Oswego Builders, Inc.* 930 N.Y.S.2d 120, 124 (N.Y. App. Div. 4th Dept., 2011).[2]

**The Debtors Cannot Reclassify the Claim**

23.   The Debtors request in the alternative that, in the event that the Court does not disallow and expunge the Claim, the Claim be reclassified as an "equity interest" in LBHI. Objection ¶11. However, pursuant to Section 2.9 of the LBHI Guarantee, the Claim constitutes

---

[2] It is well settled that the doctrine of unclean hands requires that a party seeking equity must come into court with clean hands. *See Gilpin*, 930 N.Y.S.2d at 124 (citing *Pecorella v. Greater Buffalo Press*, 107 A.D.2d 1064, 1065 (N.Y. App. Div. 4th Dept. 1985). Such doctrine may bar recovery where a party seeking such recovery " 'is guilty of immoral, unconscionable conduct.' " *Id.* (quoting *National Distillers & Chem. Corp. v. Seyopp Corp.,* 17 N.Y.2d 12, 16 (N.Y. 1966)).

an unsecured obligation of LBHI which obligation ranks senior to, among other things, LBHI's common stock and *pari passu* with, among other things, its non-cumulative preferred stock and non-cumulative preferred securities, if any. Therefore, there is no basis in the LBHI Guarantee for the Claim to simply be reclassified as "equity interests", which, under the Plan, are to be cancelled and no distributions are to be made to holders thereof.

24.     However, to the extent the Claim is reclassified by the Court as an equity interest in LBHI, such equity interest must maintain its relative priority *vis-à-vis* LBHI's other equity interests (whether existing on the Petition Date or created as the result of other claims against LBHI being reclassified as equity). This is critical to ensure that, among other things, any Plan Trust Stock (as such term is defined in the Plan) or other securities to be issued under the Plan for the benefit of LTSB and all other holders of claims based on the LBHI Guarantee whose claims were reclassified as equity, will have the same relative priority that such claims had in respect to the equity interests of LBHI (whether existing on the Petition Date or created as the result of other claims against LBHI being reclassified as equity) prior to such reclassification.

## RESERVATION OF RIGHTS

25.     LTSB reserves any and all applicable rights at law and/or equity, all claims, and all defenses, including without limitation the right to discovery in connection with the Debtors' Objection and the right to amend or supplement this Response and to join in the response of any other party to the Objection.

WHEREFORE, LTSB respectfully requests that the Court (i) overrule the Objection and allow Claim 55502 as set forth herein, and (ii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: November 11, 2011
New York, New York

**HOGAN LOVELLS US LLP**

/s/ Christopher R. Donoho, III
Christopher R. Donoho, III
875 Third Avenue
New York, NY 10022
(212) 909-0630 Telephone
(212) 918-3100 Facsimile

*Attorneys for Lloyds TSB Bank plc (Geneva Branch)*

## **EXHIBIT A**

| SERIES NUMBER | ISIN | ISSUER | DESCRIPTION | MATURITY DATE | CURRENCY |
|---|---|---|---|---|---|
| | XS0385774921 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0385775498 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11145 | XS0385822753 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR USD INDEX BONUS FIXED COUPON NOTE | 9/10/2010 | USD |
| MN11143 | XS0385823306 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR HKD INDEX BONUS FIXED COUPON NOTE | 9/9/2010 | HKD |
| MN11144 | XS0385823488 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR HKD INDEX BONUS FIXED COUPON NOTE | 9/9/2010 | HKD |
| | XS0386289929 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11151 | XS0386290778 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR HKD INDEX BONUS FIXED COUPON NOTE | 9/9/2010 | HKD |
| MN11154 | XS0386331127 | LEHMAN BROTHERS TREASURY CO. BV | AUTOCALLABLE MEMORY COUPON NOTES | 3/12/2012 | USD |
| | XS0386429442 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0386434103 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0386650658 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11158 | XS0386674088 | LEHMAN BROTHERS TREASURY CO. BV | 2 YEAR TWD QUANTO NOTE LINKED TO KOREA INDEX | 9/8/2010 | USD |
| MN11152 | XS0386716269 | LEHMAN BROTHERS TREASURY CO. BV | 50 DAYS HSBC HOLDING LEHMAN BROTHERS HOLDINGS PLC EQUITY | 10/31/2008 | HKD |
| | XS0386716343 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0386716426 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11163 | XS0386716699 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR USD NOTE LINKED TO HONG KONG INDEX | 9/13/2010 | USD |
| MN11149 | XS0386736028 | LEHMAN BROTHERS TREASURY CO. BV | ASIAN NOTE ON SPGTAQD INDEX | | |
| MTN4616C | XS0387045163 | LEHMAN BROTHERS TREASURY CO. BV | CERTI PLUS DJ EURO STOXX | 7/14/2009 | EUR |
| | XS0229269856 | LEHMAN BROTHERS UK CAPITAL FUNDING II | FIXED RATE GUARANTEED NON-VOTING NON-CUMULATIVE PERPETUAL PREFERRED SECURITIES | 10/12/2009 | EUR |
| | XS0243852562 | LEHMAN BROTHERS UK CAPITAL FUNDING III | COMPANY GUARANTY | | EUR |
| EB13 | XS0215349357 | LEHMAN BROTHERS UK CAPITAL FUNDING IV | COMPANY GUARANTY | 6/19/2008 | EUR |
| | XS0282978666 | LEHMAN BROTHERS UK CAPITAL FUNDING IV | COMPANY GUARANTY | | EUR |
| | XS0301813522 | LEHMAN BROTHERS UK CAPITAL FUNDING V | FIXED RATE ENHANCED CAPITAL ADVANTAGED PREFERRED SECURITIES | | USD |
| | XS0272251108 | NB PRIVATE EQUITY | | | |
| | IE00B0T0GR92 | NEUBERGER BERMAN US REAL ESTATE | | | USD |
| | XS0127739943 | QUARTZ FINANCE LTD | COMPANY GUARANTY | | EUR |
| | XS0248605072 | SIGMA FINANCE CORP | COMPANY GUARANTY | 11/3/2008 | EUR |
| | IE0032365896 | | | | |
| | XS0169028700 | | | 3/14/2011 | |
| | XS033515113 | | | | |
| | XS034074016 | | | | |
| | ANN521332331 | | | 12/28/2007 | |
| | ANN521333248 | | | | |
| | ANN521333321 | | | | |
| | ANN521336134 | | | | |
| | ANN521336217 | | | | |
| | ANN521336621 | | | 9/8/2010 | |
| | ANN521338452 | | | | |
| | ANN5213N1486 | | | | |
| | ANN5213N2625 | | | 11/24/2008 | |
| | ANN5214A2934 | | | | |
| | ANN5214A3841 | | | | |
| | ANN5214A4005 | | | | |
| | ANN5214A5747 | | | | |
| | ANN5214A8063 | | | | |
| | ANN5214R2216 | | | 12/5/2008 | |
| | ANN5214R2703 | | | | |
| | ANN5214R3123 | | | | |
| | ANN5214R3206 | | | 12/8/2008 | |
| | ANN5214R4600 | | | | |
| | ANN5214R6019 | | | 12/8/2008 | |
| | ANN5214R6357 | | | | |
| | ANN5214R6431 | | | | |
| | ANN5214R6761 | | | | |
| | ANN5214R6845 | | | | |
| | ANN5214R6928 | | | | |
| | ANN5214R7181 | | | | |
| | ANN5214R7751 | | | | |
| | ANN5214R7918 | | | | |
| | ANN5214R8338 | | | | |
| | ANN5214R8411 | | | | |
| | ANN5214R8585 | | | | |
| | ANN5214R8668 | | | | |
| | ANN5214R8742 | | | | |
| | ANN5214T1364 | | | | |
| | ANN5214T1851 | | | | |
| | ANN5214T2016 | | | | |
| | ANN5214T2198 | | | | |
| | ANN5214T2503 | | | | |
| | ANN5214T2685 | | | | |
| | ANN5214T2768 | | | | |
| | ANN5214T2842 | | | | |
| | ANN5214T3592 | | | | |
| | ANN5214T3675 | | | | |
| | ANN5214T3832 | | | | |
| | ANN5214T3915 | | | | |
| | ANN5214T4582 | | | | |
| | ANN5214T5571 | | | | |
| | ANN5214T6157 | | | | |
| | ANN5214T6496 | | | | |
| | ANN5214T7221 | | | | |
| | ANN5214T7304 | | | | |
| | ANN5214T7486 | | | | |
| | ANN5214T7551 | | | | |
| | ANN5214T7635 | | | | |
| | ANN5214T8393 | | | | |
| | ANN5214T8476 | | | | |
| | ANN5215P1904 | | | | |
| | ANN5215P2084 | | | | |
| | ANN52520D129 | | | 8/14/2008 | |
| | XS0205085456 | | | | |
| | XS0210101750 | | LEHMAN BROTHERS HOLDINGS LEH 5 | 01/26/2010 | |