KLESTADT & WINTERS, LLP									Hearing Date: December 6, 2011
Tracy L. Klestadt, Esq.
John E. Jureller, Jr., Esq.
570 Seventh Avenue, 17th Floor
New York, New York 10018
Telephone: (212) 972-3000
Local Counsel

FOSTER PEPPER PLLC
Dillon E. Jackson WSBA # 1539 (Pro Hac pending)
1111 Third Avenue, Suite. 3400
Seattle, Washington 98101
Telephone: (206) 447-8962

Attorneys for OneWest Bank, FSB

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re                                                                             :       Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :       Case No. 08-13555 (JMP)
:
:       (Jointly Administered)
:
Debtors.                         :
---------------------------------------------------------------x

**OBJECTION OF ONEWEST BANK, FSB TO TERMS OF PROPOSED**
**ASSUMPTION OF RESIDENTIAL LOAN SERVICING AGREEMENT**

OneWest Bank, FSB ("OneWest Bank"), through its counsel, objects to the terms of the proposed assumption of the Residential Loan Servicing Agreement ("Agreement") identified in Exhibit A to the Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, dated October 27, 2011 ("Notice")[1], as follows:

---

[1] As further set forth in the Debtors' Plan Supplement, dated October 25, 2011 [Docket No. 21254], to their Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code [Docket No. 19627].

- 1

# I. FACTS.

**1.** The Notice identifies the counterparty to the Agreement as OneWest Bank "as successor to Indymac Bank, F.S.B." The language of the Notice and the description on Exhibit A is incorrect and materially misleading because (a) OneWest Bank is not the successor to Indymac Bank, F.S.B. ("Indymac Bank"), and (b) OneWest Bank is not the successor to all of the obligations under the Agreement.

**2.** Indymac Bank was closed by the Office of Thrift Supervision ("OTS") on July 11, 2008, and the Federal Deposit Insurance Corporation ("FDIC") was appointed Receiver for Indymac Bank on the same day. On or about the same day, many of the assets of Indymac Bank, including mortgage servicing rights, were transferred to Indymac Federal Bank, FSB ("Indymac Federal"), a newly formed bank operated by the FDIC as its Conservator. Indymac Federal was subsequently placed into FDIC receivership and certain of the assets of Indymac Federal, including the servicing rights under the Agreement, were acquired by OneWest Bank, a newly chartered federal savings bank. OneWest Bank is not the corporate successor to Indymac Bank or Indymac Federal. OneWest Bank is the successor servicer by assignment from Indymac Federal, the FDIC's then-newly formed bank in conservatorship, with respect to the mortgage loans serviced under the Agreement. OneWest Bank did not acquire or assume any of the obligations of Indymac Bank as seller or servicer with respect to any mortgage loans sold by Indymac Bank pursuant to the Agreement ("Seller Obligations").[2]

---

[2] Pursuant to Section 2.03(c) of the Servicing Business Asset Purchase Agreement by and between the Federal Deposit Insurance Corporation, as receiver for Indymac Federal Bank, FSB (the "Seller"), and OneWest Bank, FSB (the "Purchaser") dated as of March 19, 2009 (the "SBAPA"), the Purchaser assumed all obligations imposed on the servicer under the Agreement from and after March 19, 2009. Pursuant to Section 2.04(1) of the SBAPA, the Seller did not assign and the Purchaser did not assume and is not liable for any obligations imposed on the

- 2

## II. PROBLEM PRESENTED.

3. Because OneWest Bank only assumed the servicer's obligations under the Agreement from Indymac Federal, including the obligation to continue servicing the mortgage loans subject to the Agreement ("Servicer Obligations"), and because the Notice and Exhibit fail to alert the Court, interested party or post confirmation inquirer that the Seller Obligations under the Agreement were not assigned to or assumed by, and are not the responsibility of, OneWest Bank, this objection is necessary. The Seller Obligations under the Agreement are separate and apart from OneWest Bank's Servicer Obligations under the Agreement. The Seller Obligations under the Agreement remained with Indymac Bank, in FDIC receivership, and were not assumed by either Indymac Federal or OneWest Bank.

4. While a debtor is usually not permitted to partially assume an executory contract, the proposed action, corrected to accurately reflect the facts, would allow assumption of the Agreement with respect to OneWest Bank's Servicer Obligations only. OneWest Bank has no objection to continuing to service the mortgage loans subject to the Agreement, but it cannot allow a potential misunderstanding that the assumption includes the Seller Obligations under the Agreement. The prohibition against partial assumption of an executory contract should not apply in these circumstances in which the partial assumption occurred in connection with an assignment and assumption transaction between the FDIC, as conservator for a then-newly formed bank, and the counterparty to the executory contract and the counterparty is willing to consent to the partial assumption of the executory contract.

---

seller of loans under the Agreement including without limitation, any repurchase obligations for breaches of loan level representations, any indemnities relating to origination activities or securities laws or any seller indemnity. Failed Bank Information, *Information for IndyMac Bank, F.S.B., and IndyMac Federal Bank, F.S.B., Pasadena, CA*, FDIC, http://www.fdic.gov/bank/individual/failed/IndyMac.html (last visited Nov. 11, 2011); "OneWest acquired these rights [to service the mortgage loans] without being required to assume the liabilities that Indymac had undertaken to maintain the quality of the mortgage loans…" Memorandum & Order Re: Motions to Dismiss by FDIC as Receiver and FDIC in its Corporate Capacity at 2-3, *Deutsche Bank National Trust Co. v. Federal Deposit Insurance Corporation*, No. CV 09-3852 (C.D. Cal 2011). The FDIC transferred "the servicing rights to OneWest without transferring Indymac's liabilities and obligations to honor the warranties and representations." *Id*. at 7.

- 3

5. Attempts by the parties to work through this correction on an agreed basis were cordial and cooperative, but the parties were simply unable to agree on revised language in the Notice and Exhibit A by the deadline for objection, even as extended by Debtor's counsel for an additional business day.

### III. RELIEF REQUESTED.

6. OneWest Bank requests that the Order of assumption, whether separately entered or as incorporated into the Chapter 11 Plan, correctly reflect the facts by accurately describing the status of OneWest Bank as the Counterparty as:

"ONEWEST BANK, FSB AS SUCCESSOR SERVICER BY ASSIGNMENT FROM INDYMAC FEDERAL BANK, FSB."

7. And further OneWest Bank requests that the terms of the Order or Chapter 11 Plan contain as a footnote or comment:

> Indymac Bank, F.S.B. ("Indymac Bank") was closed by the Office of Thrift Supervision ("OTS") on July 11, 2008, and the Federal Deposit Insurance Corporation ("FDIC") was appointed Receiver for Indymac Bank on the same day. On or about the same day, many of the assets of Indymac Bank, including mortgage servicing rights, were transferred to Indymac Federal Bank, FSB ("Indymac Federal"), a newly formed bank operated by the FDIC as its Conservator. Indymac Federal was subsequently placed into FDIC receivership and certain of the assets of Indymac Federal, including the servicing rights under the Agreement, were acquired by OneWest Bank, FSB ("OneWest Bank"), a newly chartered federal savings bank. OneWest Bank is not the corporate successor to Indymac Bank or Indymac Federal. OneWest Bank is the successor servicer by assignment from Indymac Federal, the FDIC's newly formed bank in conservatorship, with respect to the mortgage loans serviced under the Agreement identified in Exhibit A. OneWest Bank did not acquire or assume any of the obligations of Indymac Bank as seller with respect to any mortgage loans sold by Indymac Bank pursuant to the Agreement identified in Exhibit A.

8. This language and footnote correctly indicate that OneWest Bank has assumed the Servicer Obligations under the Agreement but not the Seller Obligations, and calls out that the assignment was from Indymac Federal, the FDIC's then-newly formed bank in conservatorship (that was subsequently placed in receivership), not Indymac Bank, in receivership. The

- 4

language will also avoid any future confusion as to the extent of the obligations of OneWest Bank under the Agreement.

Dated: New York, New York
November 11, 2011.

                          KLESTADT & WINTERS, LLP

                By: */s/ Tracy L. Klestadt*
                    Tracy L. Klestadt
                    John E. Jureller, Jr.
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000
Local Counsel

FOSTER PEPPER PLLC
Dillon E. Jackson, Esq. (Pro Hac pending)
1111 Third Avenue, Suite 3400
Seattle, WA 98101
(206) 447-8962

Attorneys for OneWest Bank, FSB