**COLE, SCHOTZ, MEISEL,**  
**FORMAN & LEONARD, P.A.**  
900 Third Avenue, 16th floor  
New York, NY 10022-4728  
(212) 752-8000  
(212) 752-8393 Facsimile  
Michael D. Warner, Esq.(TX Bar No. 792304)  
Kenneth L. Baum, Esq. (KB-2492)  

Attorneys for Highland Credit Strategies  
Master Fund, L.P.

Hearing Date: November 30, 2011 at 10:00 a.m.  
Objection Deadline: November 14, 2011 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**HIGHLAND CREDIT STRATEGIES MASTER FUND, L.P.'S**  
**RESPONSE TO DEBTORS' ONE HUNDRED AND EIGHTY NINTH**  
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY REPO CLAIMS)**

TO:   THE HONORABLE JAMES M. PECK,  
      UNITED STATES BANKRUPTCY JUDGE:

Highland Credit Strategies Master Fund, L.P. ("HCSMF"), by and through its attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., responding to the Debtors' One Hundred and Eighty Ninth Omnibus Objection to Claims (No Liability Repo Claims) (the "Claims Objection"),[1] respectfully states as follows:

1. On March 2, 2009, HCSMF filed a Proof of Claim against LCPI's estate, which was docketed as Claim No. 3136 in that estate (the "Claim"). (A true copy of the Claim is attached as **Exhibit A.**) The Claim, which is in the amount of $327,021.70, arises from that

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Claims Objection.

76332/8888-8062395v1  
November 14, 2011

certain Master Repurchase Agreement dated as of October 1, 2007, between HCSMF, LCPI, and LBI (the "Master Agreement," a true copy of which is attached to the Addendum to the Claim as Exhibit A.)  Pursuant to the Master Agreement, the parties were authorized to enter into repurchase transactions whereby one party agreed to sell securities or other assets to another party, with a simultaneous agreement for the seller to repurchase the same assets at a future date ("Repo Transactions").

2.     As noted in the Addendum to the Claim, on September 26, 2008, HCSMF issued a Notice of Early Termination of Master Repurchase Agreement (the "Notice of Early Termination"), whereby HCSMF declared an Event of Default under Paragraphs 11(ii) and (vii) of the Master Agreement.  (Addendum, ¶ 3.)  (A true copy of the Notice of Early Termination is attached to the Addendum to the Claim as Exhibit B.)  On October 10, 2008, HCSMF provided to LCPI and LBI its Calculation Statement Under Master Repurchase Agreement pursuant to Paragraph 11 of the Master Agreement as a result of the early designation of the Repurchase Date (pursuant to the Notice of Early Termination).  As reflected in the Claim, HCSMF suffered damages in the amount of $327,021.70 as a result of the Event of Default.  (Id., ¶¶4-5.)

3.     The Debtors do not dispute any of the above facts, including the fact that LCPI was a party to the Master Agreement.  The Claims Objection is premised entirely on the Debtors' allegation that all Repo Transactions occurred solely with LBI, and thus, because the Master Agreement was to apply only to the Lehman Brothers entity identified in the trade confirmation in question (Master Agreement at Annex I, ¶ 2), LCPI is not liable for any claims arising under the Master Agreement.  This is simply <u>wrong</u>.  The trade confirmation that was issued in connection with HCSMF's Repo Transaction identifies "Lehman Brothers Global Trading and

2

Finance" as the counterparty to the transaction. (A true copy of that trade confirmation is attached as **Exhibit B**.) Upon information and belief, that entity is a trade name for **LCPI**.

4.  The Debtors' allegation that "all Repo Transactions occurred solely with LBI" is unsupported by any sworn statement or evidence, and is insufficient to contravene the effect of Fed. R. Bankr. P. 3001(f), which provides that, "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Because the Debtors have offered nothing to rebut HCSMF's valid Claim, the Claims Objection should be denied. In the alternative, if the Court determines that the identity of "Lehman Brothers Global Trading and Finance" is in question, the hearing on the Claims Objection should be adjourned to afford HCSMF an opportunity to conduct discovery, pursuant to Fed. R. Bankr. P. 9014.

WHEREFORE, HCSMF respectfully requests that the Court deny the Claims Objection or, in the alternative, permit HCSMF to conduct discovery pursuant to Fed. R. Bankr. P. 9014, and grant such other and further relief as the Court deems just and proper.

DATED:   New York, New York
         November 14, 2011

>                     Respectfully submitted,
>
>                     **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A**.
>                     Attorneys for Highland Credit Strategies Master Fund, L.P.
>
>                     By: */s/ Kenneth L. Baum*
>                         Michael D. Warner, Esq.
>                         Kenneth L. Baum, Esq.
>                         900 Third Avenue, 16th floor
>                         New York, NY 10022-4728
>                         (212) 752-8000
>                         (212) 752-8393