**CHADBOURNE & PARKE LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
David M. LeMay
Christy L. Rivera

*Counsel to HSBC Bank USA, National Association,
as trustee, as attorney-in-fact for
Horizon II International Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al*. | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------------

**OBJECTION AND RESERVATION OF RIGHTS OF HORIZON II
INTERNATIONAL LIMITED TO THE DEBTORS' NOTICE OF PROPOSED
ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
PURSUANT TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN
PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Horizon II International Limited ("Horizon"), by and through HSBC Bank USA, National Association, as trustee (the "Trustee"), as attorney-in-fact for Horizon, hereby submits this objection and reservation of rights (the "Objection") with respect to the Debtors' Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code (the "Cure Amount Notice"). In support thereof, Horizon states as follows:

CPAM: 4318062.4

**Background**

1. Pursuant to paragraph 9(a) of the Debtors' Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan dated September 9, 2011 (the "Confirmation Hearing Notice"), the Debtors committed to serve by October 27, 2011 a Cure Amount Notice to any counterparty to an executory contract or unexpired lease listed in the Plan Supplement to be assumed pursuant to the Plan, and counterparties were required to serve any objection to the Debtors' proposed assumption or cure by the later of (i) the November 4, 2011 Plan Objection Deadline or (ii) fourteen (14) days from service of the Cure Amount Notice.  On November 7, 2001, the Debtors agreed to extend this objection deadline (the "Deadline") to November 14, 2011.

2. On October 25, 2011, the Debtors filed their Plan Supplement [Docket No. 21254] (the "Plan Supplement"), which contained a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan.  The Plan Supplement lists each of Horizon Series 223, Horizon Series 226, Horizon Series 227, Horizon Series 228, and Horizon Series 229 (together, the "Horizon Series") as a counterparty to executory contracts to be assumed by LBSF in connection with confirmation of the Plan.  The Plan Supplement provides that "[u]less a specific derivatives contract is noted for a specific counterparty, the Debtors intend to assume all derivatives contracts with each counterparty set forth on Exhibit 2, Part A [of the Plan Supplement]."

3. Although October 27, 2011 was established as the date for service of the Cure Amount Notices, the Trustee does not have any record of receiving, and has been unable to confirm that it did receive, such Cure Amount Notices.  It was not until November 3, 2011, after requesting copies from the Debtors, that the Trustee received copies of five Cure Amount

Notices. Each Cure Amount Notice states that LBSF intends to assume all derivative contracts with the applicable Horizon Series and each lists a proposed cure amount.

4. On November 9, 2011, the Trustee contacted the Debtors to seek an extension of the Deadline to November 18, 2011. As the Trustee reminded the Debtors, Horizon is a special purpose vehicle and has issued notes for which the Trustee acts as trustee. In order to determine whether the Horizon Noteholders want the Trustee to take action in connection with the Cure Amount Notices the Trustee must provide the Cure Amount Notices to, and seek direction from, the noteholders of each Horizon Series (the "Horizon Noteholders"). The Trustee wants to ensure that the Horizon Noteholders have a reasonable amount of time to receive and review the Cure Amount Notices (like other counterparties who received their applicable notices directly from the Debtors by the October 27 deadline). Given that the Trustee did not receive the Notices until November 3 and the extra logistics in transmitting the Cure Amount Notices to the Horizon Noteholders, the Trustee believes the short extension reasonable. The Debtors, however, refused to grant the Trustee this time.

## Argument

5. Section 365(a) of the Bankruptcy Code permits a debtor to assume an executory contract so long as the debtor is able to meet certain conditions in the assumption of that executory contract. 11 U.S.C. §§ 365(a)-(b). Pursuant to Bankruptcy Code section 365(b)(1)(A), the Debtors are required to cure all defaults under an executory contract as a condition to the assumption and/or assignment of such contract. See In re M. Fine Lumber Co., Inc., 383 B.R. 565, 573 (Bankr. E.D.N.Y. 2008). Given the limited time provided by the Debtors to the Horizon Noteholders with respect to the information provided within the Cure Amount Notices, the Horizon Noteholders have not had sufficient time to verify whether the proposed cure amounts are proper and/or whether the other terms of assumption are adequate.

6. To the extent the contracts are executory and capable of being assumed, Horizon hereby objects to the proposed cure amounts and the other terms and conditions of the proposed assumption of contracts listed in the Cure Amount Notices.

### Conclusion

WHEREFORE, for the reasons stated herein, Horizon respectfully requests that the Court enter an order (i) denying the assumption of the executory contracts that are within the scope of the Cure Amount Notices and (ii) granting Horizon such other and further relief as the Court deems just and proper.

Horizon hereby reserves the right to supplement, amend and/or, in the event the terms of the Cure Amount Notices are ultimately acceptable to the Horizon Noteholders, withdraw this Objection, which is without prejudice to the assertion of other claims for relief with respect to contracts and matters addressed herein.

Date: New York, New York
November 14, 2011

**CHADBOURNE & PARKE LLP**

By: /s/ David M. LeMay
David M. LeMay
A Member of the Firm
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to HSBC Bank USA, National Association, as trustee, as attorney-in-fact for Horizon II International Limited*