CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco
Sara M. Tapinekis

*Counsel to Swiss Re Financial Products Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :  Chapter 11
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :
                                                               :  Case No. 08-13555 (JMP)
Debtors.                                                    :
                                                               :  (Jointly Administered)
---------------------------------------------------------------x

**OBJECTION OF SWISS RE FINANCIAL PRODUCTS CORPORATION TO
ASSUMPTION OF DERIVATIVES CONTRACTS AS SET FORTH IN THE NOTICE
OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES PURSUANT TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN
<u>PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE</u>**

Swiss Re Financial Products Corporation ("<u>SRFPC</u>"), by and through its undersigned counsel, respectfully submits this objection (the "<u>Objection</u>") to the Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, dated October 27, 2011 (the "<u>Assumption and Cure Notice</u>"). In support of its Objection, SRFPC respectfully states as follows:

**PRELIMINARY STATEMENT**

On or about October 25, 2011, the Debtors sought to identify as part of the Plan Supplement contracts, including derivatives contracts, that it may assume in connection with confirmation of the Plan.  The Plan Supplement identifies a derivative contract with SRFPC for potential assumption and, notwithstanding that SRFPC has filed a claim against Lehman Brothers Special Financing Inc. ("LBSF") in the amount of $40,590,299.14 based upon terminated derivative transactions with a corresponding guarantee claim filed against Lehman Brothers Holdings Inc. ("LBHI"), the Assumption and Cure Notice states the cure amount at $0.

The derivatives contract between the Debtors and SRFPC is not an executory contract that can be assumed under sections 365(a) and 1123(b)(2) of the Bankruptcy Code.  All transactions under the derivatives contract between SRFPC and LBSF have been terminated.  As the only act remaining to be performed under the contract is the payment of money, the contract is not executory and may not be assumed pursuant to section 365 of the Bankruptcy Code.

However, even were the derivatives contract to be executory, as a prerequisite to the contract's assumption pursuant to section 365 of the Bankruptcy Code, the Debtors must cure any existing defaults under the contract and provide adequate assurance of its future performance.  Here, in order to cure any existing defaults, LBSF must pay in full any amounts owing to SRFPC as a result of the early termination of the derivative transactions together with interest accruing thereon and fees, costs and expenses as may be payable in accordance with such contract.  Additionally, LBSF must provide adequate assurance of future performance under the contract including providing substitute credit support acceptable to SRFPC or in a form at least equivalent to that provided by LBHI when the parties entered into the contract.  The Debtor has failed to address amounts asserted by SRFPC under the contract or the manner in

which LBSF, as a liquidating debtor, intends to provide adequate assurance of performance. Unless and until the Debtors provide those assurances, they have not satisfied the requirements of section 365(a) and 1123(b)(2) of the Bankruptcy Code and cannot assume the contracts.

Accordingly, for the reasons more fully set forth below, the Debtors' request for approval of the assumption of the SRFPC derivatives contract should be denied.

## BACKGROUND FACTS

1.    SRFPC and LBSF are parties to a certain ISDA Master Agreement, dated as of October 25, 1996 pursuant to which SRFPC and LBSF entered into various transactions (the "ISDA Master" and, together with a Schedule, a Credit Support Annex and confirmations setting forth terms and conditions for particular transactions under the ISDA Master and related agreements, collectively, the "Swap Agreement").

2.    LBSF's obligations under the Swap Agreement are guaranteed by LBHI pursuant to that certain Guarantee of LBHI delivered in connection with the execution of the ISDA Master (the "Guarantee").

3.    On September 15, 2008, and at various dates thereafter, LBHI and certain of its affiliates, including LBSF (LBHI, together with its affiliated Chapter 11 debtors, including LBSF, the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York. The Debtors' Chapter 11 cases are being jointly administered in this Court. LBHI's voluntary petition for relief constituted an Event of Default under the ISDA Master.

- 3 -

4. Following the Event of Default, on September 15, 2008, SRFPC, as the non-defaulting party, delivered a Notice of Early Termination to LBSF pursuant to Section 6(a) of the Swap Agreement designating September 15, 2008 as the Early Termination Date for the transactions under the Swap Agreement.

5. On October 10, 2008, SRFPC delivered to LBSF a statement pursuant to Section 6(d)(i) of the ISDA Master setting forth SRFPC's calculation of the Early Termination Payment due to SRFPC as a result of the designation of the Early Termination Date (the "Calculation Statement"). As stated in the Calculation Statement, the amount payable by LBSF to SRFPC under the Swap Agreement is $40,590,299.14.

6. In accordance with the order establishing the deadline for filing proofs of claim against the Debtors, dated July 2, 2009 (the "Bar Date Order"), SRFPC timely filed its proof of claim in the amount stated in the Calculation Statement (designated as Claim No. 27878), and thereafter submitted supporting documentation in connection with the completion of the Derivatives Questionnaire (as defined in the Bar Date Order).

7. On or about September 1, 2011, the Debtors filed their proposed Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, Dated August 31, 2011 (the "Plan") which provides for the rejection of all executory contracts not otherwise designated for assumption in the Plan Supplement. See Section 11.1 of the Plan.

8. On October 25, 2011, the Debtors filed the Plan Supplement which includes, as Exhibit 2, a Schedule of Executory Contracts and Unexpired Leases to Be Assumed Pursuant to Section 11.1 of the Plan. Part A of Exhibit 2 to the Plan Supplement, entitled "Derivatives Contracts," purports to identify derivatives contracts the Debtors propose to assume and the cure amounts proposed to be paid in connection with assuming the contracts. Part A to Exhibit 2 and

- 4 -

the Assumption and Cure Notice received by SRFPC on or about November 2, 2011 identify SRFPC as a Counterparty to a derivatives contract with LBSF proposed to be assumed and list the Cure Amount as $0.[1]

**OBJECTIONS**

A.  **The Swap Agreement Is Not Executory**

9.  It is well settled that "where the only performance that remains is the payment of money, the contract will not be found to be executory." *In re Spectrum Information Technologies, Inc.*, 190 B.R. 741, 748 (Bankr. E.D.N.Y. 1996). *See also In re C&S Grain Co.*, 47 F.3d 233, 237 (7th Cir. 1995); *In re Grayson-Robinson Stores, Inc.*, 321 F.2d 500, 502 (2d Cir. 1963); *In re Chateaugay Corp.*, 102 B.R. 335, 347 (Bankr. S.D.N.Y. 1989).

10.  As set forth above, each of the transactions under the Swap Agreement have been terminated and the only performance remaining under the Swap Agreement is the payment of money. Accordingly, the Swap Agreement is not executory and cannot be assumed. The Debtors' proposed assumption of the Swap Agreement should therefore not be approved and the Swap Agreement should be deleted from the list of executory contracts to be assumed.

B.  **The Debtors Have Not Provided For The Cure Of Existing Defaults Or Adequate Assurance Of Future Performance**

11.  Even were the Swap Agreement to be executory and subject to assumption pursuant to sections 365 of the Bankruptcy Code, LBSF would be required to (a) cure, or provide

---

[1] The Plan Supplement fails however to identify any specific agreement which is the subject of the proposed assumption and SRFPC objects to the proposed assumption as it fails to provide adequate notice and preserves all rights with respect to any other contract that may be the subject of the assumption.

adequate assurance that it will promptly cure, defaults and (b) provide adequate assurance of future performance as a condition to assuming the Swap Agreement. Related to the condition that the Debtors must provide adequate assurance of future performance is the requirement that the Debtors assume the Swap Agreement in its entirety and not in part. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984). *See also Collier on Bankruptcy* at ¶365.03[1].

12.     SRFPC has delivered to LBSF a Calculation Statement and filed a proof of claim in these cases asserting that LBSF owes SRFPC $40,590,299.14 under the Swap Agreement. Pursuant to the Swap Agreement, SRFPC also is entitled to interest accruing on such amounts and certain fees, costs and expenses as provided for in the Swap Agreement. As a prerequisite to assumption, the Debtor must cure, or give assurance that it will cure, all defaults and therefore must make provision for the payment of any amounts owing under the Swap Agreement.

13.     Additionally, LBSF cannot provide adequate assurance of future performance under the Swap Agreement which is comprised of the ISDA Master, together with a Schedule and a Credit Support Annex. LBSF's obligations under the Swap Agreement were guaranteed by LBHI under the Guarantee. In order for the Debtors to assume the Swap Agreement, they would have to, among other things, (a) provide credit support in the form of a creditworthy guarantee or other enhancement acceptable to SRFPC and (b) demonstrate the financial wherewithal of LBSF and such guarantor to perform all of their respective obligations under all of the components of the Swap Agreement. In light of the Debtors' impending liquidation, they cannot provide adequate assurance of future performance.

## CONCLUSION

WHEREFORE, for the reasons set forth above, SRFPC (i) objects to the Debtors' proposed assumption of the Swap Agreement; (ii) requests that the Court deny the Debtors' request for approval of the assumption of the Swap Agreement and (iii) grant SRFPC such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 14, 2011

                            CLIFFORD CHANCE US LLP

                            By: */s/ Jennifer C. DeMarco*
                                Jennifer C. DeMarco
                                Sara M. Tapinekis
                           31 West 52nd Street
                           New York, New York  10019
                           Tel:  (212) 878-8000
                           Fax: (212) 878-8375

                           *Counsel to Swiss Re Financial Products Corporation*