HERRICK, FEINSTEIN LLP
*Attorneys for Marietta Crossing Partners, LLC,*
*Holcomb Bridge Partners, LLC, and Serrano*
*Partners, LLC*
Andrew C. Gold
Hanh V. Huynh
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
agold@herrick.com
hhuynh@herrick.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                              :    Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    Case No. 08-13555 (JMP)
                                                   :
          Debtors.                                 :    (Jointly Administered)
-------------------------------------------------------------x

**OBJECTION OF MARIETTA CROSSING PARTNERS, LLC, HOLCOMB BRIDGE PARTNERS, LLC, AND SERRANO PARTNERS, LLC TO PROPOSED CURE AMOUNTS IN CONNECTION WITH THE ASSUMPTION OF THEIR CONTRACTS**

Marietta Crossing Partners, LLC ("Marietta"), Holcomb Bridge Partners, LLC ("Holcomb") and Serrano Partners, LLC ("Serrano," and together with Marietta and Holcomb, the "Counterparties"), by their counsel Herrick, Feinstein LLP, as and for their objection (the "Cure Objection") to the proposed cure amounts in connection with the assumption of certain loan agreements (collectively, the "Loan Agreements") to which the Counterparties and Lehman Brothers Holdings, Inc. (the "Debtor," and together with its affiliated debtors, the "Debtors") are parties, pursuant to certain of the Debtors' Notices of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code (collectively, the "Cure Notices"), respectfully represents as follows:

HF 7055588v.1 #99999/1000

## BACKGROUND

1. On September 15, 2008 (the "Petition Date") and various dates thereafter, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Prior to the Petition Date, each of the Counterparties and the Debtor were parties to separate Loan Agreements pursuant to which the Debtor as lender was required to, among other things, provide funding in connection with the construction, capital improvements and/or deferred maintenance of certain real estate projects owned by the Counterparties. The Debtor was, as of the Petition Date, and remains in default of its obligations under each of the Loan Agreements.

3. On September 1, 2011 the Court entered an amended order approving the disclosure statement in connection with the Debtors' Third Amended Joint Chapter 11 Plan (the "Plan").

4. On October 25, 2011, the Debtors filed their Plan Supplement to the Plan, which contains, among other things, a Schedule of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 11.1 of the Plan (the "Assumption Schedule").

5. In accordance with the Plan and Assumption Schedule, the Debtors delivered to the Counterparties the Cure Notices confirming the Debtors' proposed assumption of the Loan Agreements. Each of the Cure Notices sets forth that the amount necessary to cure the defaults, if any, under the Loan Agreements is $0.[1]

---

[1] The Debtors granted the Counterparties an extension of time to November 14, 2011 at 4:00 p.m. to file this Cure Objection.

## OBJECTION

6.  The Counterparties object to the proposed cure amount set forth in the Cure Notices because they do not reflect the actual amount necessary to cure all of the defaults under the Loan Agreements in order for the Debtor to assume the Loan Agreements. *See* 11 U.S.C. 365(b) (requiring debtor to cure all defaults under executory contracts before they may be assumed).

7.  The defaults with respect to each of the Counterparties under the Loan Agreements is as follows:

>   Marietta:   Unreimbursed draws  $91,279.32
>
>   Holcomb:    Unreimbursed draws  $43,724.68
>
>   Serrano:    Unreimbursed draws  $120,762.78

In addition, with respect to the Loan Agreement between the Debtor and Marietta, the Debtor mezzanine lender thereunder failed to apply approximately $375,000 against the principal balance of the mezzanine loan when Marietta returned such amounts to the Debtor following the Debtor's erroneous funding of draw requests that were eventually properly funded by the senior lender in that transaction. Similarly, the Debtor mezzanine lender in the Loan Agreement between the Debtor and Holcomb failed to apply approximately $425,000 against the principal balance of that mezzanine loan. The Debtors thus also are in default under the Marietta and Holcomb Loan Agreements by the Debtors' failure to correctly apply the approximately $375,000 and approximately $425,000, plus interest incurred by Marietta and Holcomb to the principal amount of the respective mezzanine loans.

8.      Accordingly, the Debtors may not assume the Loan Agreements unless and until the defaults are cured in the amounts set forth herein, which total $255,766.78, and the Debtors apply the correct amounts, including interest, to the principal amount of the mezzanine loans under the Marietta and Holcomb Loan Agreements (such obligations to cure, collectively, the "Cure Obligations").

9.      Moreover, the Counterparties confirm by this Cure Objection that, if the Debtors assume the Loan Agreements after curing all defaults thereunder, the Debtors will undertake all obligations to perform in accordance with the Loan Agreements, including the Debtors' remaining funding obligations under the Loan Agreements.

## **RESERVATION OF RIGHTS**

10.     Nothing contained herein shall constitute a waiver or limitation of the Counterparties' rights and remedies under the Loan Agreements, the Bankruptcy Code or other applicable law, including, without limitation, the right to supplement this Cure Objection, raise additional arguments at a later date, or to present evidence at a hearing on the Cure Objection.

WHEREFORE, the Counterparties respectfully requests that the Court require the Debtors to perform the Cure Obligations as a condition to assumption of the Loan Agreements, and grant the Counterparties such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 14, 2011

        HERRICK, FEINSTEIN LLP
        *Attorneys for Marietta Crossing Partners,*
        *LLC, Holcomb Bridge Partners, LLC, and*
        *Serrano Partners, LLC*

        By:   */s/ Andrew C. Gold*
            Andrew C. Gold
            Hanh V. Huynh
        2 Park Avenue
        New York, New York 10016
        (212) 592-1400
        (212) 592-1500 (fax)
        agold@herrick.com
        hhuynh@herrick.com