Hearing Date: December 6, 2011 at 10:00 a.m.

DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Tel.: (212) 698-3500
Fax: (212) 698-3599
Shmuel Vasser
Janet M. Bollinger
*Attorneys for CWCapital EY REIT LB2 LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
: 
In re: :
: Chapter 11 Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC, *et al.* :
: (Jointly Administered)
Debtors. :
:
------------------------------------------------------------ X

**OBJECTION OF CWCAPITAL EY REIT LB2 LLC TO NOTICE OF PROPOSED
ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
PURSUANT TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN
PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

CWCapital EY REIT LB2 LLC ("**CWCapital**") respectfully submits its objection

(the "**Objection**") to the Notice of Proposed Assumption of Executory Contracts and

Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to

Section 1121 of the Bankruptcy Code dated October 27, 2011 (the "**Assumption Notice**"),

and in support hereof respectfully states as follows:

1.  Through the Assumption Notice, attached hereto as Exhibit A, Lehman

Commercial Paper Inc. ("**LCPI**") seeks to assume an alleged Loan and Security Agreement

between CWCapital and LCPI dated as of May 30, 2008 (the "**2008 Draft Agreement**").

The 2008 Draft Agreement, however, was never fully negotiated among the parties and as a

result was never executed by CWCapital and LCPI.

16812190

2. After LCPI's bankruptcy filing, CWCapital and LCPI continued to negotiate the 2008 Draft Agreement and in May 2011, after much progress in the negotiations, the parties reached a far more advanced draft agreement (the "**2011 Draft Agreement**"). The 2011 Draft Agreement, however, was not executed either since it did not resolve all of the open issues between the parties. Attached hereto as Exhibit B is a redline reflecting the changes made to the 2008 Draft Agreement in the 2011 Draft Agreement. Consequently, there is simply no agreement between LCPI and CWCapital that is capable of being assumed.

3. The failure to execute the draft agreements results in the absence of a contract. *See Scheck v. Francis*, 260 N.E.2d 493, 494 (N.Y. 1970) ("It is well settled that, if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed."); *see also* 2011 Draft Agreement, § 11.19. Furthermore, there was not a "meeting of the minds" between CWCapital and LCPI to render the existence of an enforceable contract. *See Computer Assocs. Int'l, Inc. v. U.S. Balloon Mfg. Co.*, 782 N.Y.S.2d 117, 119 (N.Y. App. Div. 2004) ("A contract is not enforceable where there is no meeting of the minds between the parties regarding a material element thereof."). Without an agreed upon contract, there is no enforceable agreement, let alone an executory contract eligible for assumption pursuant to section 365 of title 11 of the United States Code (the "**Bankruptcy Code**").

4. In any event, neither the 2008 Draft Agreement, nor the 2011 Draft Agreement qualifies as an executory contract. For purposes of assumption under section 365 of the Bankruptcy Code, courts have adopted Professor Vernon Countryman's definition of an "executory contract" and "[a] contract under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other."

2

Vern Countryman, *Executory Contracts in Bankruptcy*, 57 Minn. L. Rev. 439, 446 (1973); *In re Penn Traffic Co.*, 524 F.3d 373, 379 (2d Cir. 2008) (observing that "most courts and scholars" look to the definition of executory contract "first articulated by Professor Vernon Countryman in his seminal 1973 law review article"). "In other words, the party to a purported executory contract must have some affirmative duty to act." *In re Keren Ltd. P'ship*, 255 B.R. 303, 307 (Bankr. S.D.N.Y. 1998). Both the 2008 Drat Agreement and the 2011 Draft Agreement fail this test. Thus, the draft agreements are not executory contracts.

WHEREFORE, CWCapital requests that the Court enter an Order denying LCPI's attempt to assume the 2008 Draft Agreement and grant CWCapital such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 14, 2011

Respectfully Submitted,

DECHERT LLP

By: /s/ Shmuel Vasser
    Shmuel Vasser
    Janet M. Bollinger

1095 Avenue of the Americas
New York, NY 10036
Tel.: (212) 698-3500
Fax: (212) 698-3599
shmuel.vasser@dechert.com
janet.bollinger@dechert.com

*Attorneys for CWCapital EY REIT LB2 LLC*