Hearing Date: December 6, 2011 at 10:00 a.m. (prevailing Eastern Time)

CADWALADER, WICKERSHAM & TAFT LLP
Mark C. Ellenberg, Esq.
John H. Thompson, Esq.
700 6th Street, NW
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

*Attorneys for Oak Hill Credit Partners IV Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re:                                                      :
:                                    **Chapter 11**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                :    **Case No. 08-13555 (JMP)**
:
:                                    **(Jointly Administered)**
        **Debtors.**                                        :
:
------------------------------------------------------------x

**OBJECTION OF OAK HILL CREDIT PARTNERS IV LIMITED TO THE DEBTORS'**
**PROPOSED ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS**

TO:    THE HONORABLE JUDGE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE

Oak Hill Credit Partners IV Limited ("**OHCP IV**") submits this objection to the Plan Supplement [Dkt. No. 21254], filed by the Debtors on October 25, 2011, and the Debtors' proposed assumption of a derivatives contract between OHCP IV and Lehman Brothers Special Financing Inc. ("**LBSF**").[1]

---

[1] A form of order is attached as Exhibit A.

1

## BACKGROUND

1. On April 12, 2006, OHCP IV and LBSF entered into an ISDA Master Agreement (as amended, supplemented or otherwise modified from time to time, and including all schedules, annexes and exhibits thereto, the "**Master Agreement**"). Lehman Brothers Holdings Inc. ("**LBHI**") unconditionally guaranteed the obligations of LBSF under the Master Agreement.

2. Beginning on September 15, 2008, and periodically thereafter, LBHI and certain of its affiliates, including LBSF, commenced voluntary cases under chapter 11 of the Bankruptcy Code. LBHI's bankruptcy filing constituted an Event of Default under the Master Agreement.

3. On September 30, 2008, OHCP IV sent LBSF: (i) a Notice of Default and Early Termination (the "**Notice of Default**"), terminating the Master Agreement and designating September 30, 2008 as the Early Termination Date in accordance with the Master Agreement and section 560 of the Bankruptcy Code; and (ii) a Calculation Notice (the "**Calculation Notice**"), advising LBSF that the aggregate amount payable by OHCP IV to LBSF with respect to all outstanding transactions under the Master Agreement as of the Early Termination Date was $255,500 (the "**Termination Amount**").

4. Also on September 30, 2008, OHCP IV sent JP Morgan Chase Bank, National Association ("**JP Morgan**") a direction letter (the "**Direction Letter**"), notifying JP Morgan that an Event of Default had occurred under the Master Agreement and instructing JP Morgan to transfer the Termination Amount from a designated OHCP IV account to a designated LBSF account.

5. On September 1, 2011, the Debtors filed their Third Amended Joint Chapter 11 Plan [Docket No. 19627] (the "**Plan**") and the Disclosure Statement for the Third Amended Joint

Chapter 11 Plan [Docket No. 19629] (the "**Disclosure Statement**"). Section 11.1 of the Plan provides, in pertinent part:

> [A]ll executory contracts and unexpired leases that exist between a Debtor and any person or entity shall be deemed rejected by such Debtor, as of the Effective Date, except for any executory contract or unexpired lease . . . (c) that is specifically designated in the Plan Supplement as a contract or lease to be assumed by the Debtor.

Plan § 11.1.

6. On October 25, 2011, the Debtors filed the Plan Supplement, which lists the Master Agreement as a Derivative Contract to be assumed by LBSF. See Plan Supplement, Ex. 2.

7. On October 27, 2011, the Debtors served OHCP IV with a Notice of Proposed Assumption of Executory Contract, informing OHCP IV that the Debtors propose to assume the Master Agreement.

## OBJECTION

### The Master Agreement Has Been Performed Fully

8. Pursuant to section 365 of the Bankruptcy Code, a debtor "may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Although the Bankruptcy Code does not define the term "executory contract," "courts have long employed the definition articulated by Professor Countryman, i.e., 'a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." In re Wireless Data, Inc., 547 F.3d 484, 488 n.1 (2d Cir. 2008) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973); see also COR Route 5 Co., LLC v. Penn Traffic Co. (In re Penn Traffic Co.), 524 F.3d 373, 379-80 (2d Cir. 2008).

USActive 24648568.4                                   -3-

9. As noted above, OHCP IV properly terminated the Master Agreement in accordance with its rights under the Master Agreement and under section 560 of the Bankruptcy Code. Upon termination, the only obligation owing by either party was OHCP IV's obligation to pay LBSF $255,500, which obligation was satisfied fully on September 30, 2008. See Direction Letter. As such, the Mater Agreement was performed fully, and there are no outstanding obligations owed by either OHCP IV or LBSF. Therefore, the Master Agreement is not an executory contract capable of being assumed by the Debtors.

## **CONCLUSION**

WHEREFORE, OHCP IV respectfully requests that the Court enter an order (i) holding that the Master Agreement has been performed fully and that there are no outstanding obligations owed by either LBSF or OHCP IV; (ii) denying the Debtors' proposed assumption of the Master Agreement and (ii) removing the Master Agreement from the list of derivatives contracts to be assumed in Exhibit 2 of the Plan Supplement.

Dated: Washington, DC
       November 14, 2011

                                    CADWALADER, WICKERSHAM & TAFT LLP

                                    /s/ *Mark C. Ellenberg*
                                    Mark C. Ellenberg, Esq.
                                    John H. Thompson, Esq.
                                    700 6th Street, NW
                                    Washington, DC 20001
                                    Telephone: (202) 862-2200
                                    Facsimile: (202) 862-2400

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
:
In re:                                                          :
:                    Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.,*                         :    Case No. 08-013555 (JMP)
:
:                    (Jointly Administered)
**Debtors.**                                                    :
:
----------------------------------------------------------------x

### ORDER GRANTING OBJECTION OF OAK HILL CREDIT PARTNERS IV LIMITED TO THE DEBTORS' PROPOSED ASSUMPTION OF CERTAIN EXECUTORY CONTRACTS

Upon the *Objection of Oak Hill Credit Partners IV Limited to Debtors' Proposed Assumption of Certain "Executory" Contracts* (the "Objection"), requesting entry of an order (i) holding that the Master Agreement has been performed fully and that there are no outstanding obligations owed by either LBSF or OHCP IV, (ii) denying the Debtors' proposed assumption of the Master Agreement, and (iii) removing the Master Agreement from the list of derivatives contracts to be assumed in Exhibit 2 of the Plan Supplement, as more fully described in the Objection, and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Objection having been provided; and it appearing that no other or further notice need be provided; and the Court having heard the statements in support of the Objection at the hearing before the Court on December 6, 2011; and the Court having determined that there exists just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation; it is hereby:

-1-

-2-

**ORDERED** that the Master Agreement has been performed fully and that there are no outstanding obligations owed by either LBSF or OHCP IV; and it is further

**ORDERED** that the Debtors' proposed assumption of the Master Agreement is denied; and it is further

**ORDERED** that the Debtors shall remove the Master Agreement from the list of derivatives contracts to be assumed in Exhibit 2 to the Plan Supplement.

Dated: New York, New York
_____, 2011

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE