PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
Tel: 212-326-0421
Fax:  212-798-6355
Tina N. Moss (TM-7907)

**Objections Due: November 14, 2011 at 5:00 p.m.**
**(Extended by agreement with the Debtors)**
**Hearing: December 6, 2011 at 10:00 a.m.**

*Counsel to HSBC Bank USA, National*
*Association, in its representative capacity*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ X | |
| : | |
| In re : | **Chapter 11** |
| : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, : | **Case No. 08-13555 (JMP)** |
| : | **(Jointly Administered)** |
| Debtors. : | |
| : | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ X | |

**JOINDER OF HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE,**
**IN PART TO THE OBJECTION OF THE BANK OF NEW YORK MELLON, THE**
**BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AND BNY CORPORATE**
**TRUSTEE SERVICES LIMITED TO ASSUMPTION OF DERIVATIVE CONTRACTS**
**PURSUANT TO THE THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN**
**BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS AND**
**RESERVATION OF RIGHTS**

HSBC Bank USA, National Association ("HSBC"), by and through its undersigned

counsel, states:

1.      HSBC is a national banking association organized and existing under the laws of the United States of America.  HSBC's business address is HSBC Bank USA, National Association, Attn: CTLA – Structured Finance, 10 East 40th Street, 14th Floor, New York, New York 10016.

2.      HSBC, in its representative capacity (the "Trustee") for the holders (the "Holders") of certain certificates (the "Certificates") issued pursuant to the Egypt Trust I, Series 2000-A structured finance transaction (the "SPV Transaction") by the special purpose vehicle (the "SPV") that, as explained below, has entered into a derivatives contract with one of the Debtors[1] (the "Derivatives Contract"), hereby joins in the objection of The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., and BNY Corporate Trustee Services Limited (the "BNYM Objection"), to the Debtors' assumption of derivatives contracts pursuant to the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*  (the "Plan") [Dkt No. 19627] which incorporates the *Plan Supplement* dated October 25, 2011 [Dkt No. 21254] (the "Plan Supplement").[2]

3.      The Trustee received a Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of Bankruptcy Code (the "Notice") which identified the Derivatives Contract as subject to a proposed assumption by the Debtors, with a proposed cure amount of zero.

---

[1] The parties to the Derivatives Contract are SPV and Lehman Brothers Special Financing Inc. ("LBSF").  Lehman Brothers Holdings Inc. guaranteed LBSF's obligations under the Derivatives Contract.

[2] Capitalized terms not otherwise defined in this Objection shall have the meanings ascribed to them in the Plan or the Plan Supplement, as applicable.

4.      In connection with the SPV Transaction, the Trustee's role is to serve in a nominal trustee capacity for a trust (the SPV) formed to participate in the structured finance transaction at issue.

5.      The underlying transaction documents for the SPV Transaction required that the SPV enter into a Derivatives Contract with the Debtors.  The Trustee executed the Derivatives Contract, solely in its capacity as trustee, on behalf of the SPV.  The parties with the true economic interest in the Derivatives Contract are the Holders.

6.      The Trustee's responsibilities with respect to the SPV Transaction are set forth in a trust agreement and standard terms for trust agreements (the "Governing Documents") and are primarily administrative in nature.  These responsibilities include executing documents on behalf of an SPV (such as the Derivatives Contract); forwarding to Holders notices received from parties in interest to the transaction, and processing payments.  If certain specified events occur, such as the failure of another transaction party to perform its contractual duties under the Governing Documents or the Derivatives Contract, the Trustee may, in certain situations, have an obligation to take remedial action at the direction of Holders.

7.      Neither the Governing Documents nor the Derivatives Contract grants the Trustee the authority to negotiate on behalf of, or settle claims for, an SPV.  Each Holder's ability to receive principal and interest under the SPV Transaction may not be compromised without the consent of such Holder.  The Debtors' assumption of a Derivatives Contract (including the curing of an existing default and the future performance of the Debtors under the Derivatives Contract) may alter the ultimate payment streams that flow through the SPV Transaction to the Holders.

8.     The Holders, as the parties with the true economic interest in the Derivatives

Contract, should have the opportunity, upon sufficient advance notice, to make an informed

decision as to whether to object to the Debtors' assumption of the Derivatives Contract and any

proposed cure amount.  In the instant case, given the short time frame allotted for filing an

objection and given the complexities involved in reviewing and analyzing the proposed

assumption of the Derivatives Contract and proposed cure amount (including the relative value

thereof to the Holders), the Holders have not been afforded sufficient time to perform an analysis

or make an informed decision with regard to the Debtors' proposed assumption of the

Derivatives Contract.

9.     The Derivatives Contract is comprised of an ISDA master agreement, a

confirmation and a schedule.  The Plan Supplement, while specifying that all derivatives

contracts related to the SPV Transaction will be assumed, does not specifically reference the

ISDA master agreement, the confirmation, the schedule, or notably, any of the other transaction

documents that form the SPV Transaction and are related to the Derivatives Contract.  As a

result, the Trustee, the Holders and the Court are left to speculate as to which agreements the

Debtors actually intend to assume.

## JOINDER OF HSBC IN BNYM OBJECTION

10.     Because the Holders have not had adequate time to review and analyze the issues

related to the Debtors' proposed assumption of the Derivatives Contract and proposed cure

amount with respect thereto, and, as a result, the Trustee currently has no direction from the

Holders with respect thereto, the Trustee hereby joins in the objections lodged in Section C of

the BNYM Objection.  The Trustee also joins in the objections lodged in Sections A and D of the

BNYM Objection.  The objections joined by the Trustee herein are for the reasons set forth

- 4 -

above and for those set forth in the BNYM Objection.  The Trustee's objection is limited to the

factual information regarding the SPV Transaction referenced herein.

### RESERVATION OF RIGHTS

11.    The Trustee hereby reserves any and all objections, rights, claims, and defenses of

the Trustee and the Holders to the proposed assumption and cure amounts with respect to the

Derivatives Contract under the Bankruptcy Code or applicable non-bankruptcy law.

Dated: November 14, 2011
New York, New York                              Respectfully Submitted,

                        By:      */s/ Tina N. Moss*_____
                                 Tina N. Moss
                                 Pryor Cashman LLP
                                 7 Times Square
                                 New York, NY 10036
                                 Tel:  212-326-0421
                                 Fax:  212-798-6355

                                 Counsel to HSBC Bank USA, National Association, in
                                 its representative capacity

TO:

Chambers of Honorable James J. Peck
One Bowling Green, Courtroom 601
New York, New York 10004

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attention:      Jacqueline Marcus, Esq.

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
Attention:      Tracy Hope Davis, Esq.
                Elisabetta Gasparini, Esq.
                Andrea Schwartz, Esq.

Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, New York 10005
Attention:      Dennis F. Dunne, Esq.
                Dennis O'Donnell, Esq.
                Evan Fleck, Esq.