WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :       **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                        :       **08-13555 (JMP)**
                                                                    :
                                                **Debtors.**        :       **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING DEBTORS' MOTION PURSUANT TO SECTION**
**362 OF THE BANKRUPTCY CODE FOR AN ORDER MODIFYING**
**THE AUTOMATIC STAY TO ALLOW ADVANCEMENT OF**
**SETTLEMENT PAYMENTS UNDER THE 2007-2008 DIRECTORS AND**
**OFFICERS INSURANCE POLICIES BY THE EXCESS POLICY INSURERS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

                Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice

and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

                1.      Lehman Brothers Holdings Inc. and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"),

filed the Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code for an Order

Modifying the Automatic Stay to Allow Advancement of Settlement Payments Under the

2007-2008 Directors and Officers Insurance Policies by The Excess Policy Insurers [ECF No.

21299] (the "Motion") with this Court on October 26, 2011.  In accordance with the Second

Amended Case Management Order, November 9, 2011 at 4:00 p.m. (Prevailing Eastern

Time), was established as the deadline (the "Objection Deadline") for parties to object or file

a response to the Motion.

2.       On November 1, 2011, the Debtors filed the Notice of Revised

Proposed Order Granting Debtors' Motion Pursuant to Section 362 of the Bankruptcy Code

for an Order Modifying the Automatic Stay to Allow Settlement Payment Under the 2007-

2008 Directors and Officers Insurance Policies by the Excess Policy Insurers [ECF No.

21474] (the "Revised Proposed Order").

3.       The Second Amended Case Management Order provides that pleadings

may be granted without a hearing, provided that no objections have been filed prior to the

relevant Objection Deadline and the attorney for the entity who filed the pleading complies

with the relevant procedural and notice requirements.  The Objection Deadline has now

passed and, to the best of my knowledge, no objection or other responsive pleading to the

Motion have been filed on the docket of the above-referenced cases in accordance with the

procedures set forth in the Second Amended Case Management Order, nor has any objection

or other responsive pleading to the Motion been served on Debtors' counsel.

4.       Accordingly, for the reasons set forth in the Motion, the Debtors

respectfully request that the Revised Proposed Order annexed hereto as Exhibit A, be entered

in accordance with the procedures described in the Second Amended Case Management

Order.

   I declare that the foregoing is true and correct.

Dated: November 15, 2011
   New York, New York

       /s/ Richard P. Krasnow
       Richard P. Krasnow

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Debtors
       and Debtors in Possession

## EXHIBIT A

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                      :

**In re**                                 :       **Chapter 11 Case No.**
                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :       **08-13555 (JMP)**
                                        :
                      **Debtors.**          :       **(Jointly Administered)**
                                        :
-------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION**
**PURSUANT TO SECTION  362 OF THE BANKRUPTCY**
**CODE FOR AN ORDER MODIFYING THE AUTOMATIC**
**STAY TO ALLOW SETTLEMENT PAYMENT UNDER**
**THE 2007-2008 DIRECTORS AND OFFICERS INSURANCE**
**<u>POLICIES BY THE EXCESS POLICY INSURERS</u>**

Upon the motion, dated October 26, 2011 (the "<u>Motion</u>"), of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors-in-possession (together, the "<u>Debtors</u>"), pursuant to section 362(d) of title 11 to the

United States Code (the "<u>Bankruptcy Code</u>") and Rule 4001(a)(3) of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for an order modifying the automatic stay, to

the extent applicable, to allow the Excess Policy Insurers[1] under the 2007-2008 D&O Policies, to

pay the Settlement Amounts in connection with the terms of (i) a settlement agreement between

4Kids Entertainment, Inc. and the 4Kids Defendants, (ii) a settlement agreement between

California Public Employees' Retirement System and the CalPERS Defendants, (iii) a settlement

agreement between American National Life Insurance Company of Texas, Comprehensive

Investment Services Inc., and The Moody Foundation and the ANICO Defendants, and (iv) a

settlement agreement between Washington State Investment Board and the WSIB Defendants

(collectively, the "<u>Settlement Agreements</u>"), all as more fully described in the Motion; and the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys or representatives of each of the Excess Policy Insurers; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow payment of the Settlement Amounts provided for in the Settlement Agreements

on behalf of the Individual Defendants named as defendants in the Actions from the Excess

Policy Insurers pursuant to the terms of their respective Policies; and it is further

ORDERED the Debtors are authorized to execute all documentation necessary to

allow the Excess Policy Insurers to fund the Settlement Amounts on behalf of the Individual

Defendants pursuant to the Settlement Agreements; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights

and obligations of the Excess Policy Insurers, the Debtors or the Individual Defendants provided

for under the terms, conditions and limitations of the Policies; and it is further

ORDERED that all parties to the Excess Insurance Policies reserve all rights and

defenses that they would otherwise have with respect thereto; and it is further

ORDERED that nothing in this Order shall constitute a determination that the

proceeds of the Excess Insurance Policies are property of the Debtors' estates, and the rights of

all parties in interest to assert that the proceeds of the Excess Insurance Policies are, or are not,

property of the Debtors' estates are hereby reserved; and it is further

ORDERED that nothing in this Order shall constitute a determination of

any insurance coverage rights or obligations under the Excess Insurance Policies or any

other insurance policies; and it is further

ORDERED that the fourteen-day stay provided by Bankruptcy Rule 4001(a)(3) is

waived; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated:  November ___, 2011
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3