# EXHIBIT C

# SERVICES AND SETTLEMENT AGREEMENT

AGREEMENT dated as of September 22, 2008 among JPMORGAN CHASE BANK, N.A. ("JPMorgan"), BARCLAYS CAPITAL, INC. ("BarCap"), JAMES W. GIDDENS, AS TRUSTEE ("Trustee") IN THE SECURITIES INVESTOR PROTECTION ACT LIQUIDATION OF LEHMAN BROTHERS INC. ("LBI"), the SECURITIES INVESTOR PROTECTION CORPORATION ("SIPC"), and LEHMAN BROTHERS HOLDINGS INC. ("LBHI").

## Background

A. Trustee was appointed as trustee for the liquidation of LBI pursuant to an Order Commencing Liquidation (the "Order") entered on September 19, 2008.

B. JPMorgan provided clearing, settlement and other processing services to LBI in numerous clearing, operating, settlement, deposit and other accounts (collectively, the "Accounts") pursuant to clearance and related agreements until the entry of the Order.

C. BarCap, Trustee, SIPC and LBHI have requested that JPMorgan provide the Continued Services (as defined below) in the Accounts.

D. JPMorgan is willing to provide continued services only if this Agreement is executed and delivered by all of the parties hereto.

**THEREFORE, IT IS AGREED:**

## Terms and Conditions

1. **Continued Services.** JPMorgan shall continue to provide clearing, settlement and other processing services in the Accounts to (a) facilitate an orderly liquidation by the Trustee of securities positions remaining in the estate of LBI and (b) process LBI transactions for which JPMorgan had received bona fide instructions on or before 6pm Eastern time on September 19, 2008 (the "Continued Services"). The Trustee shall endeavor to complete the orderly liquidation of such securities positions as soon as reasonably possible. JPMorgan shall provide Continued Services until the earlier to occur of the completion of such orderly liquidation and 6pm Eastern time on October 17, 2008. The Trustee shall be deemed bound by the provisions of the Clearance Agreement between JPMorgan and LBI with respect to the Continued Services, and the Trustee's obligations with respect thereto shall constitute administrative expenses of LBI's bankruptcy case; provided, however that in the event of a conflict between the provisions of such Clearance Agreement and the provisions of this Agreement, the provisions of this Agreement shall prevail. JPMorgan shall have no obligation whatsoever to advance funds or provide credit in connection with the provision of the Continued Services. JPMorgan may, in its sole discretion, process transactions on behalf of BarCap on or after the date of this Agreement, and BarCap shall repay, indemnify and hold harmless JPMorgan in respect of any overdrafts or other liabilities incurred in connection with such transactions on behalf of BarCap. Nothing in this Agreement shall be deemed to (i) require JPMorgan to release its security interest in any cash, securities and other property

1

in the Accounts constituting collateral for obligations owing to it by LBI without receiving payment of the fair market value thereof or (ii) impair or constrain JPMorgan's rights and remedies with respect to any such collateral.

2. <u>No Rights in Accounts</u>. BarCap shall have no interest in the cash, securities or other property in the Accounts on the date hereof, other than any accounts maintained for LBI's customers or any lien-free accounts at Depository Trust Company.

3. <u>Trustee, SIPC and LBHI Consent</u>. Trustee, SIPC and LBHI hereby consent to (a) the transactions contemplated by Section 1 of this Agreement, (b) the exercise by JPMorgan, its subsidiaries, affiliates and customers of any contractual right (as defined in the relevant section of the Bankruptcy Code) of a kind described in sections 362(b)(6), (7), (17) or (27), 362(o), 555, 556, 559, 560 and 561 of the Bankruptcy Code with respect to any securities contract, commodities contract, forward contract, repurchase agreement, swap agreement or master netting agreement (each as defined in the Bankruptcy Code) to which LBI is a party, notwithstanding any provision of the Order or otherwise, and (c) the effectuation by JPMorgan of all credits, debits and other transfers to and from the Accounts, and the resulting transfers of LBI's property, including without limitation payments and credits to JPMorgan of overdrafts and other liabilities in the Accounts, all in a manner substantially in accordance with prior clearing and processing practice. Trustee and SIPC shall not raise any defense or challenge to the validity of JPMorgan's security interest in respect of the Accounts and the property therein as a result of the Continued Services, including without limitation any commingling of property in the Accounts.

4. <u>Mutual Release</u>. Effective upon the execution and delivery of this Agreement, (a) JPMorgan and BarCap shall be deemed to forever release, waive and discharge each other, their respective property and their respective current and former officers, directors, employees, subsidiaries, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, affiliates and representatives from and in respect of all claims, causes of action and any other debts, obligations, rights, suits, damages, actions, interests, remedies and liabilities (other than the right to enforce the obligations of the parties to this Agreement), whether known or unknown, foreseen or unforeseen, suspected or unsuspected, liquidated or unliquidated, contingent or fixed, currently existing or hereafter arising, in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction or other occurrence taking place on or prior to the date hereof in any way relating to the clearing, settlement and other processing services provided by JPMorgan to LBI, any transactions relating to the Accounts or any cash, securities or property in the Accounts, including without limitation any disputes relating to a repurchase agreement allegedly agreed to on or about September 18, 2008 in respect of approximately $15.8 billion face amount of securities, and (b) in consideration of the release granted to it in immediately preceding clause (a), BarCap shall promptly cause the lawsuit identified on Schedule B (the "Lawsuit") to be withdrawn with prejudice against all of the defendants therein (the "Defendants") and shall indemnify and hold harmless each of the Defendants and their respective current and former officers, directors, employees, subsidiaries, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, professionals, agents, affiliates and

2

JPM-LBHI00397675

representatives from and in respect of any and all claims, causes of action, liabilities, costs, fees or expenses that they may suffer or incur as a result of any failure to withdraw the Lawsuit or any threat or prosecution of any claim or cause of action by BarCap, Barclays Bank PLC or any of their subsidiaries or affiliates based in whole or in part on any act, omission, transaction or other occurrence described in or related to the matters described in the complaint for the Lawsuit. The parties agree to maintain confidential all information contained in Schedule A, subject to any requirements of law mandating disclosure.

5. <u>Counterparts; Signatures</u>. This Amendment may be executed in one or more counterparts, all of which taken together shall constitute one instrument. This Agreement may be executed and delivered manually, by facsimile transmission or by email transmission.

6. <u>Governing Law</u>. THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO THE CONFLICT OF LAW PRINCIPLES THEREOF.

[Remainder of page intentionally left blank]

JPM-LBHI00397676

## SCHEDULE A

### The Lawsuit

Barclays Bank PLC v. Bear Stearns Asset Management Inc., Ralph Cioffi, Matthew Tannin, Bear, Stearns & Co. Inc. and The Bear Stearns Companies Inc. (Case No. 07-CV-11400 (LAP)

JPM-LBHI00397677

JPMORGAN CHASE BANK, N.A.

By: *[signature]*
Name: ROBERT T. COLLERAN
Title: MANAGING DIRECTOR

BARCLAYS CAPITAL, INC.


By:_____
Name:
Title:

JAMES W. GIDDENS, AS TRUSTEE IN THE SECURITIES INVESTOR PROTECTION ACT LIQUIDATION OF LEHMAN BROTHERS INC., ON BEHALF OF HIMSELF AND LEHMAN BROTHERS INC.


By:_____
Name: Anson B. Frelinghuysen
Title: as Counsel for James W. Giddens,
    Trustee for the SIPA Liquidation of Lehman Brothers Inc.

SECURITIES INVESTOR PROTECTION CORPORATION


By:_____
Name:
Title:

LEHMAN BROTHERS HOLDINGS INC.


By:_____
Name:
Title:


Signature Page to Services and Settlement Agreement dated September 22, 2008

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:

BARCLAYS CAPITAL, INC.

By: *(signature)*
Name:
Title:

JAMES W. GIDDENS, AS TRUSTEE IN THE SECURITIES INVESTOR PROTECTION ACT LIQUIDATION OF LEHMAN BROTHERS INC., ON BEHALF OF HIMSELF AND LEHMAN BROTHERS INC.

By: _____
Name: Anson B. Frelinghuysen
Title: as Counsel for James W. Giddens,
   Trustee for the SIPA Liquidation of Lehman Brothers Inc.

SECURITIES INVESTOR PROTECTION CORPORATION

By: _____
Name:
Title:

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name:
Title:

Signature Page to Services and Settlement Agreement dated September 22, 2008

JPM-LBHI00397679

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:

BARCLAYS CAPITAL, INC.

By: _____
Name:
Title:

JAMES W. GIDDENS, AS TRUSTEE IN THE SECURITIES INVESTOR PROTECTION ACT LIQUIDATION OF LEHMAN BROTHERS INC., ON BEHALF OF HIMSELF AND LEHMAN BROTHERS INC.

By: _____
Name: Anson B. Frelinghuysen
Title: as Counsel for James W. Giddens,
   Trustee for the SIPA Liquidation of Lehman Brothers Inc.

SECURITIES INVESTOR PROTECTION CORPORATION

By: _____
Name:
Title:

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name:
Title:

Signature Page to Services and Settlement Agreement dated September 22, 2008

JPM-LBHI00397680

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:

BARCLAYS CAPITAL, INC.

By: _____
Name:
Title:

JAMES W. GIDDENS, AS TRUSTEE IN THE SECURITIES INVESTOR PROTECTION ACT LIQUIDATION OF LEHMAN BROTHERS INC., ON BEHALF OF HIMSELF AND LEHMAN BROTHERS INC.

By: _____
Name: Anson B. Frelinghuysen
Title: as Counsel for James W. Giddens,
   Trustee for the SIPA Liquidation of Lehman Brothers Inc.

SECURITIES INVESTOR PROTECTION CORPORATION

By: *[signature]*
Name: STEPHEN P. HARBECK
Title: PRESIDENT AND CEO

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name:
Title:

Signature Page to Services and Settlement Agreement dated September 22, 2008

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:

BARCLAYS CAPITAL, INC.

By: _____
Name:
Title:

JAMES W. GIDDENS, AS TRUSTEE IN THE SECURITIES INVESTOR PROTECTION ACT LIQUIDATION OF LEHMAN BROTHERS INC., ON BEHALF OF HIMSELF AND LEHMAN BROTHERS INC.

By: _____
Name: Anson B. Frelinghuysen
Title: as Counsel for James W. Giddens,
    Trustee for the SIPA Liquidation of Lehman Brothers Inc.

SECURITIES INVESTOR PROTECTION CORPORATION

By: _____
Name:
Title:

LEHMAN BROTHERS HOLDINGS INC.

By: _/s/ Steven Berkenfeld_____
Name: Steven Berkenfeld
Title: Vice President

Signature Page to Services and Settlement Agreement dated September 22, 2008

JPM-LBHI00397682