# EXHIBIT M

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

LEHMAN BROTHERS INC.,

        Debtor.

Case No. 08-01420 (JMP) SIPA

**ORDER APPROVING SETTLEMENT AGREEMENT
BETWEEN TRUSTEE, JPMORGAN CHASE BANK, N.A.,
J.P. MORGAN SECURITIES LLC, AND J.P. MORGAN CLEARING CORP**

Upon consideration of James W. Giddens' (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI" or "Debtor"), Motion Pursuant to Fed. R. Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement (the "Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that due and proper notice of the Motion and the relief requested therein having been given, and no other or further notice need be given; and the relief requested in the Motion being in the best interests of LBI, its estate, customers and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the proceedings before the Court at the hearing on the Motion establish just cause for the relief granted herein and that the settlement is fair and reasonable, and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted in all respects; and it is further

08-13555-mg    Doc 22164-14    Filed 11/15/11    Entered 11/15/11 15:14:08    Exhibit M
08-01420-jmp    Doc 4356    Filed 06/23/11    Entered 06/23/11 15:38:21    Main Document
Pg 2 of 5
Pg 3 of 4

2

**ORDERED** that the settlement agreement (the "Settlement Agreement")[1] is authorized and approved pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; and it is further

**ORDERED** that the Trustee is authorized to take any and all actions reasonably necessary to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

**ORDERED** that except with respect to the Specified Claims described in Sections A.(1) through A.(7) of the Settlement Agreement, notwithstanding the releases contained in the Settlement Agreement or the allowance of claims of JPMorgan against LBI pursuant to the Settlement Agreement, neither the Settlement Agreement nor the entry of this Order shall have any effect on LBHI's or its official creditors' committee's (the "Committee") rights, claims or defenses, either directly or derivatively, in the SIPA Proceeding, in connection with the Chapter 11 Cases, or in any related adversary proceeding, including, but not limited to, those that may be based upon derivative standing or standing as a customer claimant or unsecured creditor in the SIPA Proceeding, and the JPMorgan Releasees and the Trustee are estopped from asserting, in response to any claim or objection asserted by LBHI or the Committee, as the case may be, that any such claim or defense has been released under the Settlement Agreement; and it is further

**ORDERED** that nothing contained in this Order shall be deemed a determination of the validity, existence or extent of any such rights, claims, defenses or standing asserted by LBHI or the Committee, and JPMorgan and the Trustee shall be free to contest the same on any basis

---

[1] Terms not otherwise defined herein shall have the meaning ascribed in the Settlement Agreement.

08-13555-mg  Doc 22164-14  Filed 11/15/11  Entered 11/15/11 15:14:08  Exhibit M
Pg 4 of 5
08-01420-jmp  Doc 4356  Filed 06/23/11  Entered 06/23/11 15:38:21  Main Document
Pg 3 of 4

3

except on the basis that any such claim or defense has been released under the Settlement Agreement or this Order; and it is further

**FOUND** that (a) LBHI has consented and the Committee has no objection to the Settlement Agreement and the entry of this Order, and (b) the Trustee has agreed to reasonably cooperate with LBHI and the Committee with respect to any claims or defenses LBHI or the Committee may be permitted to bring against JPMorgan except with respect to the Specified Claims described in Sections A.(1) through A.(7) of the Settlement Agreement; and it is further

**ORDERED** that the cash settlement payment under the Settlement Agreement is deemed allocable to the events described in the Trustee's Motion for Order Approving Trustee's Allocation of Property of the Estate (Docket No. 1866, the "Motion"), in the section entitled "FID Accounts Maintained at Chase." To the extent that an equal amount was allocated by the Trustee to "customer property" pursuant to the Court's Order Approving Trustee's Motion for Allocation of Customer Property, dated March 2, 2010 (Docket No. 2743), an amount equal to the cash settlement payment will be considered part of the general estate of LBI, subject to reallocation to customer property only to the extent necessary to fund any shortfalls with respect to the reallocation of assets approved by the Court in connection with the Motion or any other reallocation of assets subsequently approved by the Court; and it is further

**ORDERED** that the Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Settlement Agreement and resolve disputes thereunder and (ii) implement and enforce the provisions of this Order; and it is further

08-13555-mg    Doc 22164-14    Filed 11/15/11    Entered 11/15/11 15:14:08    Exhibit M
Pg 5 of 5
08-01420-jmp    Doc 4356    Filed 06/23/11    Entered 06/23/11 15:38:21    Main Document
Pg 4 of 4

4

**ORDERED** that all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits; and it is further

**ORDERED** that the failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Trustee's implementation of the transactions contemplated in the Settlement Agreement be approved in its entirety; and it is further

**ORDERED** that this Order shall be effective and enforceable immediately upon entry.

Dated: New York, New York
       June 23, 2011

                                                           *s/ James M. Peck*
                                                          HONORABLE JAMES M. PECK
                                                          UNITED STATES BANKRUPTCY JUDGE