WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
Telephone: (212) 403-1000
Facsimile: (212) 403-2000
*Attorneys for JPMorgan Chase Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>        Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) |
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>        Debtor. | Case No. 08-01420 (JMP) SIPA |

**MOTION OF JPMORGAN CHASE BANK, N.A. TO FILE UNDER SEAL CERTAIN UNREDACTED EXHIBITS TO THE RESPONSE OF JPMORGAN CHASE BANK, N.A. TO OBJECTION TO PORTIONS OF PROOFS OF CLAIM NO. 66462 AGAINST LEHMAN BROTHERS HOLDINGS INC. AND NO. 4939 AGAINST LEHMAN BROTHERS INC. OF JPMORGAN CHASE BANK, N.A. REGARDING TRIPARTY REPO-RELATED LOSSES PURSUANT TO SECTION 107(b) OF THE <u>BANKRUPTCY CODE</u>**

Pursuant to section 107(b) of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 9018, the parties' Confidentiality Stipulation and Protective Order (the "<u>Stipulation</u>"), and supported by good cause, JPMorgan Chase Bank, N.A. ("<u>JPMorgan</u>") moves for an order to file under seal certain unredacted exhibits to the Response of JPMorgan Chase Bank, N.A. to Objection to Portions of Proofs of Claim No. 66462 Against Lehman Brothers Holdings Inc. and No. 4939 Against Lehman Brothers Inc. of JPMorgan Chase Bank, N.A. Regarding Triparty

Repo-Related Losses (the "Objection"). In support of this Motion, JPMorgan respectfully represents as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On April 1, 2010, JPMorgan filed its amended Proofs of Claim against the Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Inc. ("LBI") estates.

3.      On August 19, 2010, in connection with adversary proceeding *Lehman Brothers Holdings Inc. and Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.* v. *JPMorgan Chase Bank, N.A.*, Adv. Pro. No. 10-03266 (JMP), the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. (the "Committee" and, together with LBHI, the "Objectors") and JPMorgan entered into the Confidentiality Stipulation and Protective Order (the "Confidentiality Stipulation"). This Court "so ordered" the Confidentiality Stipulation on September 1, 2010. Paragraph 7 of the Confidentiality Stipulation provides:

> 7.      Court Filings. No Confidential or Highly Confidential Discovery Material shall be filed in the public record absent the consent of the Producing Party or an order of the Court so permitting. In the event that a Receiving Party wants to file with the Court any Confidential or Highly Confidential Discovery Material and the Producing Party does not consent to such material being filed in the public record, the Receiving Party shall make an application to the Court, on no less than ten (10) business days' notice to the Producing Party, for (i) leave under 11 U.S.C. § 107(b), or other relevant rule, to file such material under seal, or (ii) a determination that such material should not be treated confidentially.

4.      On August 31, 2011, Objectors filed the Objection, which attached exhibits containing information that the parties agreed – and the Court so ordered – could be filed under seal.

5.      On November 15, 2011, JPMorgan filed its Response to the Objection. Like the Objection, JPMorgan's Response attaches certain exhibits containing some information that JPMorgan considers to be Confidential and Highly Confidential Discovery Material.
.

## RELIEF REQUESTED

6.      By this Motion, JPMorgan requests entry of an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing JPMorgan to file certain unredacted exhibits to the Response to Objection under seal.

## GROUNDS FOR RELIEF

7.      Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). This section provides in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

*Id.*

8.      Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion, or on its own initiative, with or without notice, the

3

> court may make any order which justice requires (1) to protect the estate or any entity of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

9. When the Court determines that a party in interest is seeking the protection of information that falls within a category identified in section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also* 2 Collier on Bankruptcy, ¶ 107.03, at 107-2 (15th ed. 2008) ("Protection is mandatory when requested by a 'party in interest.'"). These categories include "commercial information," which has been defined as "information which would cause an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Orion Pictures Corp.*, 21 F.3d at 27 (internal quotation marks omitted). Such commercial information need not constitute a trade secret in order to be protected. *Id*. at 28. For example, the Second Circuit has affirmed a bankruptcy court decision to keep sealed all documents related to an agreement between a debtor and a licensee on the ground that they constituted commercial information. *Id*. at 25; *see also In re Lomas Fin. Corp.*, 1991 WL 21231 (S.D.N.Y. Feb. 11, 1991) (sealing portions of a plan of reorganization that contained commercial information that would have had an affect on the market); *In re EPIC Assocs.*, 54 B.R. 445, 449–50 (Bankr. E.D. Va. 1985) (sealing court records because the names of financial institutions constituted commercial information).

10. The portions of the exhibits to the Response to Objection that JPMorgan seeks to file under seal include confidential and sensitive commercial information about JPMorgan and its customers that are not connected to these proceedings and has been designated Confidential and

Highly Confidential Discovery Material as defined in the Confidentiality Stipulation. Public dissemination of this information could be detrimental and prejudicial to JPMorgan and its clients.

**NOTICE**

11. Pursuant to Bankruptcy Rules 9006(c) and 9018, the relief requested in this Motion to Seal is being sought without notice to any other parties. Pursuant to Bankruptcy Rule 9018, a motion to protect confidential information may be made "with or without notice." Fed. R. Bankr. P. 9018. JPMorgan submits that service as set forth herein will be good and sufficient notice. JPMorgan respectfully submits that no other or further notice need be provided.

12. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE, JPMorgan respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated:    New York, New York
          November 15, 2011

                                        Respectfully submitted,

                                        WACHTELL, LIPTON, ROSEN & KATZ

                                        By:  */s/ Harold S. Novikoff*
                                                Harold S. Novikoff

                                        51 West 52nd Street
                                        New York, NY  10019
                                        Telephone:  (212) 403-1000
                                        Facsimile:   (212) 403-2000

                                        *Attorneys for JPMorgan Chase Bank, N.A.*