Objection Deadline: November 15, 2011
Hearing Date and Time: December 6, 2011 @ 10:00 a.m. (Eastern)

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco
David A. Sullivan

*Counsel to Anthracite Balanced Company (Discover 1) Ltd.
and the other Issuer parties identified on Schedule 1 hereto*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISCTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :
                                                            :    Chapter 11
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,                   :
                                                            :    Case No. 08-13555 (JMP)
Debtors.                                                    :
                                                            :    (Jointly Administered)
------------------------------------------------------------x

**OBJECTION OF ANTHRACITE BALANCED COMPANY (DISCOVER 1) LTD., ET
AL. TO ASSUMPTION OF DERIVATIVES CONTRACTS AS SET FORTH IN THE
NOTICE OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND
UNEXPIRED LEASES PURSUANT TO DEBTORS' THIRD AMENDED JOINT
CHAPTER 11 PLAN PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE**

Anthracite Balanced Company (Discover 1) Ltd. and the additional issuer parties identified on Schedule 1 hereto (each an "Issuer"; collectively, the "Issuers"), by and through its undersigned counsel, respectfully submits this objection (the "Objection") to the Notices of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, dated

October 27, 2011 (the "Assumption and Cure Notices"). In support of its Objection, the Issuers respectfully state as follows:

**PRELIMINARY STATEMENT**

On or about October 25, 2011, as amended by that certain Amendment No. 1 to the Plan Supplement dated November 4, 2011, the Debtors sought to identify as part of the Plan Supplement contracts, including derivatives contracts and credit facilities, that it may assume in connection with confirmation of the Plan. However, the Plan Supplement fails to identify any particular contract and would seem to implicate all derivative contracts between the Issuers and Lehman Brothers Special Financing ("LBSF") and credit facilities between the Issuers and Lehman Commercial Paper Inc. ("LCPI"), as applicable, for potential assumption.[1] The Plan Supplement and the Assumption and Cure Notices are deficient as a procedural matter.

In addition to the procedural inadequacies, each of the contracts between the Debtors and the Issuers are not executory contracts that can be assumed under sections 365(a) and 1123(b)(2) of the Bankruptcy Code. All transactions under the contracts between the Issuers and LBSF and LCPI have been terminated or performance remains due from only one party to the contract.

However, even were the contracts to be executory, as a prerequisite to the contracts' assumption pursuant to section 365 of the Bankruptcy Code, the Debtors must cure any existing defaults under the contracts and provide adequate assurance of their future performance. LBSF and LCPI, as applicable, must provide adequate assurance of future performance under the contracts including providing substitute credit support acceptable to the Issuers or in a form at least equivalent to that provided by LBHI (as defined below) when the parties entered into the

---

[1] The Plan Supplement does not distinguish between derivative and credit facility. It identifies all such contracts as "Derivative Contracts".

contracts. The Debtors have failed to address the manner in which LBSF and LCPI, as liquidating debtors, intend to provide adequate assurance of performance. Unless and until the Debtors provide those assurances, they have not satisfied the requirements of section 365(a) and 1123(b)(2) of the Bankruptcy Code and cannot assume the contracts.

Accordingly, for the reasons more fully set forth below, the Debtors' request for approval of the assumption of the Issuers' contracts should be denied.

## BACKGROUND FACTS

1.  Certain of the Issuers[2] and LBSF are parties to certain ISDA Master Agreements pursuant to which the applicable Issuer and LBSF entered into various transactions (the "ISDA Master" and, together with a Schedule, a Credit Support Annex and confirmations setting forth terms and conditions for particular transactions under the ISDA Master and related agreements, collectively, the "Swap Agreements"). LBSF's obligations under the Swap Agreements were guaranteed by Lehman Brothers Holdings Inc. ("LBHI").

2.  Certain of the Issuers and LCPI are parties to certain Credit Facilities (the "Credit Facilities"; together with the Swap Agreements, the "Issuer Contracts") under which LCPI lent funds to the applicable Issuer.

3.  On September 15, 2008, and at various dates thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates, including LBSF and LCPI (LBHI, together with its affiliated Chapter 11 debtors, including LBSF, the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the

---

[2] At least one of the Issuers, Anthracite Investments (Cayman) does not have a derivative contract or credit facility with LBSF or LCPI.

United States Bankruptcy Court for the Southern District of New York. The Debtors' Chapter 11 cases are being jointly administered in this Court. LBHI's voluntary petition for relief constituted an Event of Default under the ISDA Master.

4.      The transactions under the Swap Agreements between the Issuers and LBSF were either terminated or settled prior to the receipt of the Assumption and Cure Notices.

5.      The Credit Facilities between the Issuers and LCPI are not executory in that the only obligations are owing from the Issuers to LCPI.

6.      On or about September 1, 2011, the Debtors filed their proposed Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, Dated August 31, 2011 (the "Plan") which provides for the rejection of all executory contracts not otherwise designated for assumption in the Plan Supplement. Section 11.1 of the Plan.

7.      On October 25, 2011 and on November 4, 2011, the Debtors filed the Plan Supplement and Amendment No. 1 to the Plan Supplement, which includes, as Exhibit 2, a Schedule of Executory Contracts and Unexpired Leases to Be Assumed Pursuant to Section 11.1 of the Plan. Part A of Exhibit 2 to the Plan Supplement, entitled "Derivatives Contracts," purports to identify derivatives contracts the Debtors propose to assume and the cure amounts proposed to be paid in connection with assuming the contracts. Part A to Exhibit 2 and the Assumption and Cure Notices received by the Issuers identify the Issuers as Counterparty to a number of derivatives contracts with LBSF and LCPI, as applicable, proposed to be assumed and list the Cure Amount under each contract as $0.

8.      While the Assumption and Cure Notices are dated October 27, 2011, the Assumption and Cure Notices were sent to an old address of the respective Issuers. The Issuers

only received copies of the respective Assumption and Cure Notices after requesting such copies from Debtors' counsel on November 9, 2011.

## OBJECTIONS

### A. The Issuer Contracts Are Not Executory

9. It is well settled that "where the only performance that remains is the payment of money, the contract will not be found to be executory." *In re Spectrum Information Technologies, Inc.*, 190 B.R. 741, 748 (Bankr. E.D.N.Y. 1996). *See also In re C&S Grain Co.*, 47 F.3d 233, 237 (7th Cir. 1995); *In re Grayson-Robinson Stores, Inc.*, 321 F.2d 500, 502 (2d Cir. 1963); *In re Chateaugay Corp.*, 102 B.R. 335, 347 (Bankr. S.D.N.Y. 1989).

10. As set forth above, the transactions under the Swap Agreements have been terminated and/or settled and the only performance remaining under the Swap Agreements is the payment of money. Accordingly, the Swap Agreements are not executory and cannot be assumed.

11. With respect to the Credit Facilities, there remains no performance by LCPI under these agreements. The only performance remaining appears to be the payment money by the Issuer, if any may be due, thereby making the Credit Facilities non-executory. The Debtors' proposed assumption of the Issuer Contracts should therefore not be approved and the Issuer Contracts should be deleted from the list of executory contracts to be assumed.

12. To the extent that this Court's prior Memorandum Decision Granting Motion for Summary Judgment and Declaring Applicable Payment Priorities, dated January 25, 2010 (the

"BNY Decision")[3] cites to the decision of *Penn Traffic*,[4] the decision of the Second Circuit is distinguishable and does not support a finding that a contract is executory where the only obligation is payment by one party. At the time of the Penn Traffic Company's bankruptcy filing, obligations of both parties remained unperformed. *Id.* at 377 (COR had not reimbursed Penn Traffic for the construction costs nor had it leased the supermarket land parcel to Penn Traffic and Penn Traffic had not conveyed to COR the supermarket land parcel). The holding in *Penn Traffic* that the contract was executory was based on the outstanding obligations of both parties, not simply one party's outstanding obligation to make a payment.

B.  **The Debtors Failed to Provide Sufficient Notice of the Contract to be Assumed**

13. Assumption of executory contracts, even when proposed to be done under chapter 11 plan, requires reasonable notice and an opportunity for the party against whom relief is sought to be heard. 11 U.S.C. §365(a); Fed. R. Bankr. P. 6006(a) and 9014(a). *See In re National Gypsum Co.*, 208 F.3d 498, 511-12 (5th Cir. 2000). The purpose of providing sufficient notice is to protect contract parties "from the consequences of an assumption of which they had no notice." *In re Frontier Properties, Inc.*, 979 f.2d 1358, 1365 (9th Cir. 1992).

14. Case law addressing the sufficiency of notice to assume a contract place responsibility on the debtor "to assure that the non-debtor party to the contract or lease was on notice of the debtor's specific intent to assume the lease so as to be able to evaluate whether the

---

[3]   The BNY Decision is reported at *Lehman Brothers Special Financing Inc. v BNY Corporate Services Limited (In re Lehman Brothers Holdings Inc.)*, 422 B.R. 407 (Bankr. S.D.N.Y. 2010). In that decision, among other things, this court stated that "outstanding obligations to make payments under the Swap Agreement constitute sufficient grounds to find that the contract in question is executory." *Id* at 416.

[4]   *COR Route 5 Co., LLC v Penn Traffic Co. (In re Penn Traffic Co.)*, 524 F.3d 373, 379-80 (2d Cir. 2008)

assumption criteria were satisfactory." *In re Flugel*, 197 B.R. 92, 94-95 (Bankr. S.D. Cal. 1996); *In re Aneiro*, 72 B.R. 424, 427 (Bankr. S.D. Cal. 1987).  Indeed, the standard for sufficient notice to assume a contract is based on statutory rules that afford non-debtor parties more protection than basic Constitutional due process.  *See National Gypsum*, 208 F.3d at 510-11 (affirming the district court's rejection of the bankruptcy court's Constitutional standard and noting instead that formal "sufficiently particularized actual" notice is required under the Bankruptcy Code and Bankruptcy Rules).

15. In the present case, the Debtors do not even identify which specific contracts they propose to assume and instead purport to give notice of assumption by leaving blank the space in the Assumption and Cure Notice for identifying the contracts.  The Assumption and Cure Notices do not identify what contracts the Debtors intend to assume and therefore does not provide sufficient notice to allow the Issuers to evaluate whether the assumption criteria has been satisfied.

C. **The Debtors Have Not Provided Adequate Assurance Of Future Performance**

16. Even were the Issuer Contracts were to be identified or found to be executory and subject to assumption pursuant to sections 365 of the Bankruptcy Code, LBSF and LCPI would be required to (a) cure, or provide adequate assurance that it will promptly cure, defaults and (b) provide adequate assurance of future performance as a condition to assuming the Issuer Contracts.  Related to the condition that the Debtors must provide adequate assurance of future performance is the requirement that the Debtors assume the Issuer Contracts in their entirety and not in part.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531 (1984). *See also Collier on Bankruptcy* at ¶365.03[1].

17.     The Debtors have not made any attempt to demonstrate their ability to perform under these contracts in the timeframe and in light of the Debtors' impending liquidation, they cannot provide adequate assurance of future performance.

## CONCLUSION

WHEREFORE, for the reasons set forth above, the Issuers (i) object to the Debtors' proposed assumption of the Issuer Contracts; (ii) requests that the Court deny the Debtors' request for approval of the assumption of the Issuer Contracts and grant the Issuers such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        November 15, 2011

                                CLIFFORD CHANCE US LLP


                                By: /s/David A. Sullivan
                                    Jennifer C. DeMarco
                                    David A. Sullivan
                                31 West 52nd Street
                                New York, New York  10019
                                Tel:  (212) 878-8000
                                Fax: (212) 878-8375

                                *Counsel to Anthracite Balanced Company
                                (Discover 1) Ltd. and the other Issuer parties
                                identified on Schedule 1 hereto*

*Schedule 1*
Issuer Parties

Anthracite Balanced Company (Discover 1) Ltd.
Anthracite Balanced Company (32) Ltd.
Anthracite Balanced Company (36) Ltd.
Anthracite Balanced Company (40) Ltd.
Anthracite Balanced Company (44) Ltd.
Anthracite Balanced Company (50) Ltd.
Anthracite Balanced Company (GMN) Ltd.
Anthracite Balanced Company (JR-27) Ltd.
Anthracite Balanced Company (JR-49) Ltd.
Anthracite Balanced Company (JR-54) Ltd.
Anthracite Balanced Company IR-19
Anthracite Investments (Cayman) Ltd.
Anthracite Rated Investments (JR-14)
Granite Finance Series Limited 2007-1-C
Granite Finance Series Limited 2006-11
Granite Finance Series Limited 2006-6
Granite Finance Series Limited 2005-2
Granite Finance Series Limited 2005-5
Granite Finance Series Limited 2005-7