Hearing Date: December 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)

James B. Kobak,
Jeffrey R. Coleman
Christopher K. Kiplok
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of Lehman Brothers Inc.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Chapter 11<br>Case No. 08-013555 (JMP) |
| In re<br><br>LEHMAN BROTHERS INC.,<br><br>Debtor. | Case No. 08-01420 (JMP) SIPA |

**STATEMENT OF SIPA TRUSTEE REGARDING OBJECTION TO PORTIONS OF
PROOFS OF CLAIM NO. 66462 AGAINST LEHMAN BROTHERS HOLDINGS INC.
AND NO. 4939 AGAINST LEHMAN BROTHERS INC. OF JPMORGAN CHASE BANK,
N.A. REGARDING TRIPARTY-REPO RELATED LOSSES**

James W. Giddens (the "SIPA Trustee"), as Trustee for the liquidation of Lehman

Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970 ("SIPA"), by and

through his undersigned counsel, respectfully submits this statement regarding the Objection to

Portions of Proofs of Claim No. 66462 Against Lehman Brothers Holdings Inc. ("LBHI") and

No. 4939 Against Lehman Brothers Inc. ("LBI") of JPMorgan Chase Bank, N.A. ("JPMorgan")

Regarding Triparty Repo-Related Losses dated August 31, 2011 (the "Objection," LBHI ECF

No. 19604, LBI ECF No. 4528) filed by LBHI and its affiliate debtors (collectively, the "Chapter 11 Debtors") and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Chapter 11 Debtors, the "Objectors") in the above-captioned cases.[1]

1. The Objection seeks a ruling with respect to the claims of JPMorgan against both LBI and LBHI relating to JPMorgan's role as LBI's triparty repo custodian. The Objection alleges that JPMorgan's claims against both LBHI and LBI relating to JPMorgan's role as LBI's triparty repo custodian are overstated because, among other things, JPMorgan failed to dispose of the collateral securing its claims in a commercially reasonable manner. The Objection was filed in both the LBHI chapter 11 proceedings and the LBI SIPA proceeding, and seeks a ruling with respect to JPMorgan's claims asserted against both LBI and LBHI.

2. The SIPA Trustee is party to a settlement agreement with JPMorgan and certain of its affiliates (the "Settlement Agreement," LBI ECF No. 4242 Ex. 1) that was approved by Order of the Court dated June 23, 2011 (the "Settlement Order," LBI ECF No. 4356). The Settlement Agreement, as approved by the Settlement Order, represented a global resolution of claims between the parties to the agreement, including the claims regarding JPMorgan's liquidation of collateral that are subject to the Objection, and was entered into by the Trustee after analysis by his professionals in exchange for good and valuable consideration consisting of the return of over $800 million of customer property to the LBI estate. As set forth in the SIPA Trustee's Motion Pursuant to Fed. R. Bankr. P. 9019(a) For Entry of An Order Approving Settlement Agreement (LBI ECF No. 4242) and as determined by the Court in the

---

1. Capitalized terms not defined herein shall have the meaning ascribed to them in the Objection.

Settlement Order, the Settlement Agreement represents a fair and equitable compromise of the claims by between and among JPMorgan and LBI in the best interests of the LBI estate.

        3.      In seeking the Court's approval of the Settlement Agreement, the SIPA Trustee was aware that certain of the Chapter 11 Debtors and the Creditors' Committee believed they might wish to object to actions taken by JPMorgan and its affiliates which would affect LBHI's guaranty of LBI's obligations, including actions with respect to liquidation of collateral which were part of the Trustee' global settlement with JPMorgan. In consenting to the Settlement Order, the Chapter 11 Debtors and the Creditors' Committee sought and obtained language in the Court-approved Order preserving their ability to pursue certain rights, claims, and defenses, including, without limitation, in the context of JPMorgan's guaranty-related claims. (Settlement Order at p.2.)

        4.      In this connection, the Settlement Order provides that except with respect to certain specified claims relating to customer property:

> [N]otwithstanding the releases contained in the Settlement Agreement or the allowance of claims of JPMorgan against LBI pursuant to the Settlement Agreement, neither the Settlement Agreement nor the entry of [the Settlement Order] shall have any effect on LBHI's or [the Committee's] rights, claims or defenses, either directly or derivatively, in the SIPA Proceeding, in connection with the Chapter 11 Cases, or in any related adversary proceeding, including, but not limited to, those that may be based upon derivative standing or standing as a customer or claimant or unsecured creditor in the SIPA Proceeding, and the JPMorgan Releasees and the Trustee are estopped from asserting, in response to any claim or objection asserted by LBHI or the Committee, as the case may be, that any such claim or defense has been released under the Settlement Agreement.

(Id. at 2.)

        5.      The Settlement Order also provides that "nothing [therein] shall be deemed a determination of the validity, existence or extent of any such rights, claims, defenses or

standing asserted by LBHI or the Committee, and JPMorgan and the Trustee shall be free to contest the same on any basis except on the basis that any such claim or defense has been released under the Settlement Agreement or [the Settlement Order]…" (Id. at pp. 2-3.)

6. LBHI's and Committee's Objection, if successful, would directly benefit LBHI by reducing claims not only in the SIPA proceeding in which it is a claimant but more directly by reducing guaranty claims in the Chapter 11 proceedings. Consistent with the Settlement Order, and in view of the fact that the same objection will be asserted in both proceedings, the SIPA Trustee takes no position with respect to this particular Objection on the issue of LBHI's or the Committee's standing to assert an objection on a claim which the Trustee has elected not to pursue in favor of a beneficial overall settlement and takes no position on the merits of the Objectors' allegations against JPMorgan.

Dated: New York, New York
November 15, 2011

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: /s/ James B. Kobak, Jr.
James B. Kobak, Jr.
Jeffrey R. Coleman
Christopher K. Kiplok
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: kobak@hugheshubbard.com

Attorneys for James W. Giddens,
Trustee for the SIPA Liquidation of
Lehman Brothers Inc.