Hearing Date: December 6, 2011

KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: 212 556-2100
Facsimile: 212 556-2222
*Attorneys for HD Supply, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS, INC.,** *at al.,*<br><br>Debtors. | Chapter 11 Case No.<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |

**LIMITED OBJECTION OF HD SUPPLY, INC.**
**TO ASSUMPTION OF EXECUTORY CONTRACTS**

HD Supply, Inc. ("HD Supply") respectfully submits this objection to the proposed assumption of certain contracts that are set forth in Exhibit 2 to the *Plan Supplement* [Docket No. 21254] (the "Schedule of Assumed Contracts") filed on October 25, 2011, by Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (collectively, the "Debtors"). In support of its objection, HD Supply states as follows:

**Background**

1.    Prior to the Debtors' bankruptcy filings, HD Supply and certain of the Debtors were parties to that certain ABL Credit Agreement among HDS Acquisition Subsidiary, Inc., to be merged with and into HD Supply, Inc., as the Parent Borrower, Several Canadian Borrowers from time to time party thereto, Several Subsidiary Borrowers from time to time party thereto, the Several Lenders from time to time party thereto, Merrill Lynch Capital, a division of Merrill Lynch Business Financial Services Inc., as Administrative Agent and U.S. ABL Collateral

Agent, Lehman Brothers Inc. and J.P. Morgan Securities Inc., as Co-Syndication Agents, JPMorgan Chase Bank, N.A., as Issuing Lender and Merrill Lynch Capital Canada Inc., as Canadian Agent and Canadian Collateral Agent, and Merrill Lynch Capital, a division of Merrill Lynch Business Financial Services Inc., J.P. Morgan Securities Inc., and Lehman Brothers Inc., as Joint Lead Arrangers, and Merrill Lynch Capital, a division of Merrill Lynch Business Financial Services Inc., J.P. Morgan Securities Inc., and Lehman Brothers Inc., as Joint Bookrunning Managers, dated as of August 30, 2007 (the "Contract").[1]

2. Pursuant to the Contract, the Lenders (as defined in the Contract) agreed to extend a $2,100,000,000 asset backed revolving credit facility to HD Supply (the "Credit Facility"). The Credit Facility is critical to HD Supply's operations.

3. On or about September 16, 2008, certain of the Debtors defaulted under the Contract, and these defaults have not been cured.

4. The maturity date of the Contract, with respect to the Debtors that are party to the Contract, is August 30, 2012. In March 2010, HD Supply executed an amendment to the Contract that extended the maturity date, with respect to certain of the Lenders, to April 1, 2014. None of the Debtors were party to that amendment; thus, as to the certain Debtors that are parties to the Contract, the Contract matures on August 30, 2012.

---

[1] The Schedule of Assumed Contracts contained two entries for HD Supply. However, both of the entries referenced the Contract. HD Supply and certain of the Debtors are also party to that certain Credit Agreement among HDS Acquisition Subsidiary, Inc., to be merged with and into HD Supply, Inc., as the Borrower, the Several Lenders from time to time party thereto, Merrill Lynch Capital Corporation, as Administrative Agent and Collateral Agent, and Lehman Brothers Inc. and J.P. Morgan Securities Inc., as Co-Syndication Agents, JPMorgan Chase Bank, N.A., as Issuing Lender dated as of August 30, 2007 (the "Credit Agreement"). It is not clear from the Schedule of Assumed Contracts whether the Debtors intend to assume the Credit Agreement too or mistakenly listed the Contract twice.

## **Limited Objection**

5. To assume a contract on which there has been a default, a debtor-in-possession must, among other things:

> (1) cure the default or provide adequate assurance that the default will be promptly cured;
>
> (2) compensate or provide adequate assurance that the [debtor in possession] will promptly compensate the other party for any pecuniary loss to the party resulting from the default; and
>
> (3) provide adequate assurance of future performance under the contract or lease.

3 *Collier on Bankruptcy* ¶ 365.06 (Alan N. Resnick & Henry J. Somme reds., 16th ed.); *see also* 11 U.S.C. § 365(b)(1).

6. HD Supply objects to the proposed assumption of the Contract because, among other things, the Debtors have failed to provide HD Supply with adequate information for HD Supply to determine whether the Debtors can meet the required elements of Section 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

7. First, the Schedule of Assumed Contracts contains a cure-amount column, but fails to specify a cure amount for the Contract. Instead, the Debtors simply state:

> The Debtors intend to cure all outstanding defaults as required pursuant to section 11.3 of the Plan. It is the intention of the Debtors that the cure payment will be sufficient to ensure that the applicable Debtor is a lender having a full pro rata participation in revolving credit facility advances under the credit agreement. However, due to the revolving nature of revolving credit facilities, it currently is impossible to determine what that amount will be as of such date.

This vague statement does not satisfy the requirements of Section 365(b)(1) of the Bankruptcy Code. Without specifying the actual cure amount, the Debtors have failed to provide adequate assurance that they will, in fact, promptly cure all defaults.

8. Second, the Debtors have failed to provide adequate assurance of future performance under the Contract, particularly when the Debtors that are party to the Contract have proposed a liquidating chapter 11 plan.

9. Finally, it is unclear why the Debtors in their business judgment would seek to assume the Contract even though it matures in August 2012. Simply put, HD Supply needs more information from the Debtors in order to evaluate the proposed assumption of the Contract.

10. HD Supply and counsel for HD Supply are working with the Debtors and the Debtors' professionals to resolve these issues. Nevertheless, HD Supply is filing this limited objection out of an abundance of caution in the event that the parties are not able to resolve these issues.

[*Text Continued On Following Page*]

**Conclusion**

11.   WHEREFORE, HD Supply respectfully requests that the Court: (i) deny the Debtors' request to assume the Contract; and (ii) grant HD Supply such other relief as the Court deems just and proper under the circumstances.

Dated: November 16, 2011
      New York, New York

                KING & SPALDING LLP

                By: /s/ Heath D. Rosenblat
                   Heath D. Rosenblat
                King & Spalding LLP
                1185 Avenue of the Americas
                New York, NY 10036
                (212) 556-2100 telephone
                (212) 556-2222 facsimile

                    and

                  Harris Winsberg
                King & Spalding LLP
                1180 Peachtree Street
                Atlanta, GA 30309
                Telephone: 404 572-4605
                Facsimile: 404 572-5100

                *Attorneys for HD Supply, Inc.*

KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: 212 556-2100
Facsimile: 212 556-2222
*Attorneys for HD Supply, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS, INC.,** *at al.,*<br><br>Debtors. | Chapter 11 Case No.<br><br>**08-13555 (JMP)**<br><br>**(Jointly Administered)** |

**Certificate of Service**

The undersigned certifies that a copy of the *Limited Objection of HD Supply, Inc. to Assumption of Executory Contracts* has been served *via* UPS overnight delivery on the following parties:

United States Bankruptcy Court
Southern District of New York
Chambers of the Hon. James M. Peck
One Bowling Green, Courtroom 601
New York, New York 10004

Weil Gotshal & Manges LLP
Attn: Jacqueline Marcus, Esq.
767 Fifth Avenue
New York, New York 10153

Milbank, Tweed, Hadley & McCloy LLP
Attn: Dennis F. Dunne, Esq., Dennis
O'Donnell, Esq., and Evan Fleck, Esq.
1 Chase Manhattan Plaza
New York, New York 10005

Office of United States Trustee for Region 2
Attn: Tracy Hope Davis, Esq., Elizabeth
Gasparini, Esq. and Andrea Schwartz, Esq.
33 Whitehall Street, 21st Floor
New York, New York 10004

KING & SPALDING LLP

/s/ Heath D. Rosenblat
Heath D. Rosenblat
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: 212 556-2124
Facsimile: 212 556-2222

*Attorneys for HD Supply, Inc.*

DMSLIBRARY01-17782977.4