**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** ***et al.*****,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO: AB Svensk Exportkredit (publ) ("Transferor")
P.O. Box 16368, Vastra Tradgardsgatan 11B
SE-103 27 Stockholm, Sweden
Attn: Chief Financial Officer
Telephone: +46 8 613 8300
Email: LehmanGrupp@sek.se

2. Please take notice that the transfer of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 20786 (attached as Exhibit A hereto), has been transferred to:

Barclays Bank PLC ("Transferee")
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Email: daniel.crowley@barclayscapital.com
daniel.miranda@barclayscapital.com

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the claim should be sent to the Transferee as provided in Exhibit C hereto.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ________ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on __________, 2009.

INTERNAL CONTROL NO._________

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

________________________
Deputy Clerk

**EXHIBIT A**

[Proof of Claim]

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000020786

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc. | Case No. of Debtor: 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
AB Svensk Exportkredit (publ)
P.O. Box 16368, Västra Trädgårdsgatan, 11B,
SE-103 27 Stockholm, Sweden
Attention: Chief Financial Officer
Telephone number: +46 8 613 8300 Email Address: LehmanGrupp@sek.se

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: ____________ (*If known*)

Filed on: ____________

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 92,178,989.13

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee of Derivative Transaction (please see attachment)
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** ____________
3a. **Debtor may have scheduled account as:** ____________
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe: ____________
Value of Property: $____________ Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$____________ Basis for perfection: ____________
**Amount of Secured Claim: $**____________ **Amount Unsecured: $**____________

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**____________
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$____________

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: Sept. 21, 2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signatures]

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

JANE LUNDGREN-ERICSSON
AUTHORISED SIGNATORY

Lars Hörnell
Executive Director and
Head of Syndication

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

**ATTACHMENT TO PROOF OF CLAIM OF AB SVENSK EXPORTKREDIT AGAINST LEHMAN BROTHERS HOLDINGS INC.**

The undersigned, Lars Horneij (Executive Director and Head of Syndication) and Jane Lundgren Ericsson (Executive Director), are together duly authorized and empowered to sign, for and on behalf of AB Svensk Exportkredit (publ) ("SEK"), a corporation organized under the laws of the Kingdom of Sweden, which maintains an office at Västra Trädgårdsgatan 11B, P.O. Box 16368, SE-103 27 Stockholm, Sweden, this proof of claim against Lehman Brothers Holdings Inc. ("LBHI") (Case Number 08-13555 (JMP)).

This claim relates to the guarantee by LBHI of the obligations of Lehman Brothers International (Europe) ("LBIE") pursuant to the Agreement (as defined below).

LBIE and SEK (together, the "Parties") entered into the International Swaps and Derivatives Association ("ISDA") Master Agreement (Multicurrency Cross Border) on November 15, 1996 (the "Master Agreement"; and together with the appurtenant schedule to the Master Agreement (the "Schedule") and credit support annex annexed thereto (the "Credit Support Annex"), the "Agreement").

## The LBHI Guarantee

The amount owed to SEK is unconditionally guaranteed by LBHI pursuant to the guarantee of LBHI, which was issued by LBHI in respect of the Agreement in the form as attached to the Schedule as Exhibit A thereto. Furthermore, LBIE's obligations are generally subject to the broad guarantee of all liabilities, obligations and commitments of LBIE contained in the Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI dated June 9, 2005. Therefore, SEK's claim against LBIE for amounts owing under the Agreement is made equally against LBIE and LBHI.

SEK demands from LBHI the payment of US$92,178,989.13 (*i.e.*, the principal amount owed by LBIE to SEK together with costs).

## The Agreement

The Parties entered into foreign exchange and interest rate swap transactions pursuant to the Agreement from time to time (the "Transactions"). Each interest rate transaction was evidenced by a documentary confirmation (as described in the Agreement), exchanged between the Parties (each, a "Confirmation").

On September 15, 2008, LBIE's parent company, LBHI filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under Chapter 11 of the United States Bankruptcy Code ("Chapter 11"). Because LBHI is named in Section 4(g) of the Schedule as LBIE's "Credit Support Provider", such filing constituted an

Event of Default under Section 5(a)(vii)(6)[1] of the Master Agreement. This Event of Default resulted in the Automatic Early Termination of the Agreement under Section 6(a) of the Master Agreement and Part 1(e) of the Schedule, effective as of September 15, 2008 (the "Early Termination Date").[2]

On October 6, 2008, SEK delivered a calculation statement (the "Calculation Statement") to LBIE showing in detail the calculation of the "Payments on Early Termination," due from LBIE to SEK, in accordance with Section 6(d)(i) and Section 6(e) of the Master Agreement, taking into account the Transactions, and using the "Second Method and Market Quotation", as required by Part l(f) of the Schedule. The principal amount of the debt owed by LBIE to SEK is US$92,099,226.00, calculated as shown in the Calculation Statement.

Section 11 of the Master Agreement requires LBIE to reimburse all reasonable out-of-pocket expenses, including legal expenses, incurred by SEK. As of today, such expenses are no less than US$79,763.13.

As a result, the total amount demanded by SEK from LBHI is US$92,178,989.13 (*i.e.*, the principal amount owed by LBIE to SEK together with costs).

---

1 Section 5(a)(vii)(6) refers to an entity seeking or becoming "subject to the appointment of an administrator, provisional liquidator, conservator, receiver, trustee, custodian or other similar official for it or for all or substantially all its assets". An Event of Default also arose under other subsections of Section 5(a)(vii), including Section 5(a)(vii)(5) (covering resolutions passed for the winding-up or liquidation of companies) and Section 5(a)(vii)(8) (covering events with "analogous effect").

2 Section 1(e) of the Schedule provides that "The Automatic Early Termination provisions of Section 6(a) will apply to each of Party A and Party B". Section 6(a) of the Master Agreement provides that if "Automatic Early Termination is specified in the Schedule as applying to a party, then an Early Termination Date [...] will occur immediately upon the occurrence with respect to such party of an Event of Default specified in Section 5(a)(vii)(1), (3), (5), (6) or, to the extent analogous thereto, (8)". Section 5(a) provides that it constitutes an event of default "with respect to a party" if any of the listed events happens to the party or "if applicable, any Credit Support Provider of such party". Section 5(a)(vii) also

**Additional Matters**

SEK submits this proof of claim form to comply with the unique procedures for claims based on derivative contracts and guarantees of derivative contracts set forth in the bar date order issued by the U.S. Bankruptcy Court for the Southern District of New York on July 2, 2009 (the "Order"). Prior to October 22, 2009, in accordance with the Order, SEK will also complete a "Derivative Questionnaire" and a "Guarantee Questionnaire."

SEK reserves the right to withdraw, amend, clarify, modify or supplement this proof of claim, and to assert additional claims or additional grounds for its claims. SEK also reserves all rights accruing to it against LBHI, and the filing of this proof of claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of SEK. In addition, SEK reserves the right to supplement this proof of claim with relevant documents to the extent necessary. Furthermore, SEK reserves the right to withdraw this proof of claim for any reason whatsoever.

This proof of claim shall not be deemed to be a waiver of SEK's right (i) to have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments SEK expressly reserves.

---

refers to "The party, any Credit Support Provider of such party" suffering any of the listed bankruptcy-type events.

This attachment to proof of claim of AB Svensk Exportkredit (publ) is signed this 21st day of September 2009:

By: ____________________ ____________________
Name: JANE LINDGREN-ERICSSON Lars Horneij
Title: AUTHORISED SIGNATORY Executive Director and Head of Syndication



**EXHIBIT B**

[Executed Evidence of Transfer of Claim]

**EXHIBIT A**

**EVIDENCE OF TRANSFER OF CLAIM**

TO: Clerk, United States Bankruptcy Court, Southern District of New York

AB Svensk Exportkredit, a public company, located in Klarabergsviadukten 61-63, SE-101 23 Stockholm, Sweden ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and pursuant to the terms of an Assignment of Claim Agreement dated as of the date hereof, does hereby certify that Seller has unconditionally and irrevocably sold, transferred and assigned to Barclays Bank PLC, its successors and assigns, with offices at 5 The North Colonnade, Canary Wharf, London E14 4BB, United Kingdom ("Buyer"), all rights, title and interest in and to the claim of Seller against **Lehman Brothers Holdings Inc.** (Claim No.: 20786) in the amount of USD92,178,989.13 (the "Claim") in the United States Bankruptcy Court, Southern District of New York, Case No. 08-13555 (jointly administered) (JMP).

Seller hereby waives any notice or hearing requirements imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, and stipulates that an order may be entered recognizing this Evidence of Transfer of Claim as an unconditional assignment and Buyer herein as the valid owner of the Claim. You are hereby requested to make all future payments and distributions, and to give all notices and other communications, in respect to the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned have duly executed this Evidence of Transfer of Claim by their duly authorized representatives as of the 16th day of November 2011.

SELLER:

AB Svensk Exportkredit (publ)

By: ____________________
Name: Peter Yngwe — Per Åkerlind
Title: President — Executive Director, CFO and Head of Capital Markets

BUYER:

Barclays Bank PLC

By: ____________________
Name: Daniel Crowley
Title: Managing Director