Ronald S. Beacher  
Tina N. Moss  
PRYOR CASHMAN LLP  
Seven Times Square  
New York, NY 10036-6569  
(212) 421-4100  

RESPONSE DEADLINE: November 16, 2011 at 4:00 P.M.  
(Extended by agreement with the Debtors)  
HEARING DATE: December 6, 2011 at 10:00 A.M.

*Attorneys for SPCP Group, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | |
|---|---|
| In re: | : |
| | : **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS INC.,** | : **Case No. 08-13555 (JMP)** |
| et al., | : **(Jointly Administered)** |
| | : |
| Debtors. | : |

-------------------------------------------------------------x

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF SPCP GROUP, LLC, WITH RESPECT TO DEBTORS' PLAN SUPPLEMENT
AND NOTICES OF PROPOSED ASSUMPTION OF DERIVATIVES
CONTRACTS SET FORTH IN PLAN SUPPLEMENT**

TO THE HON. JAMES M. PECK,  
UNITED STATES BANKRUPTCY JUDGE:

SPCP Group, LLC ("SPCP"), as successor to certain claims asserted against certain of the Debtors' estates, by and through its undersigned counsel, hereby submits this Limited Objection and Reservation of Rights (the "Objection") with respect to the Debtors' (i) Plan Supplement filed with the Court on October 25, 2011 [Docket No. 21254], as amended by Amendment No. 1 to the Plan Supplement [Docket No. 21665], and Amendment No. 2 to the Plan Supplement [Docket No. 22156] (collectively, the "Plan Supplement") with respect to the Debtors' Third Amended Joint Chapter 11 Plan (the "Third Amended Plan") [Docket No. 19627] and (ii) Notices of Proposed Assumption of Certain Derivatives Contracts Listed On Exhibit 2, Part A of

the Plan Supplement.[1]  SPCP respectfully states:

## BACKGROUND

1. Beginning on September 15, 2008 and periodically thereafter (collectively, the "Petition Date"), LBHI and certain of its affiliates, including LBSF (collectively, the "Debtors") commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.  The Debtors' chapter 11 cases are consolidated for procedural purposes only and are jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

2. On various dates following the Petition Date, SPCP entered into certain assignment agreements ("the SPCP Assignments") with various counter-parties (together, the "SPCP Counter-Parties" and each an "SPCP Counter-Party") pursuant to which SPCP purchased, *inter alia*, the claims set forth in approximately 150 proofs of claim (together, the "SPCP Claims") filed by various original claimants (the "Original Claimants"), or by SPCP as assignee of such Original Claimants, against certain of the Debtors' estates.  In some cases, the SPCP Claims are based upon derivatives contracts between the Original Claimants and one or more of the Debtors and their affiliates.

3. With respect to some of the SPCP Assignments, the SPCP Counter-Party is the Original Claimant, and with respect to other SPCP Assignments, the SPCP Counter-Party is the penultimate assignee of the SPCP Claim.  Notices of transfer and evidence of the assignments of the Claims from either the Original Claimants or the SPCP Counter-Parties to SPCP, as applicable, were filed in the Bankruptcy Court, and the assignments of the SPCP Claims to SPCP

---

[1] SPCP is filing this objection to preserve its rights with respect to its various derivatives-based claims. However, SPCP does not object to confirmation of the Third Amended Plan. In fact, Silver Point Capital, L.P., on behalf of its affiliated investment funds (including SPCP), is party to a Plan Support Agreement and has voted all of its claims (including the ones that are the subject of the Objection) and signed a statement of support in favor of confirmation of the plan.

2

were recorded in the register of claims.[2]

4.  In some instances, prior to the SPCP Assignment, the Original Claimant and/or SPCP entered into an agreement with one or more of the Debtors pursuant to which, *inter alia*, the parties thereto agreed to settle certain claims.

5.  Certain of the derivatives contracts underlying the SPCP Claims may have been properly terminated in accordance with their terms and applicable law.

6.  On October 25, 2011, the Debtors filed the Plan Supplement, which includes a schedule of derivatives contracts (Exhibit 2, Part A) that the Debtors propose to assume and identifies the counter-party to each such derivatives contract. Based upon information obtained by counsel in discussions with the Debtors' representatives, it is SPCP's understanding that notice of the Debtors' proposed assumption of the derivatives contracts listed in Exhibit 2, Part A of the Plan Supplement, along with the Debtors' proposed cure amounts, was provided <u>only</u> to the Debtors' counter-party to each derivatives contract listed in the Plan Supplement, and not to the assignee of any claim that may be based upon any such derivatives contract, such as SPCP. In fact, SPCP received no notice from the Debtors or otherwise with respect to the Debtors' proposed assumption of derivatives contracts underlying any of the SPCP Claims.

7.  SPCP is in the process of reviewing the SPCP Claims and related transaction documents in an effort to determine whether the Debtors' proposed assumption of the derivatives contracts scheduled in the Plan Supplement impacts in any way upon the SPCP Claims including, where applicable, the allowance of such claims under prior settlements agreed to by certain of the Debtors. Given the sheer amount of the claims at issue, the fact that some of the Original Claimants are foreign entities, and the necessity in some instances to review the underlying

---

[2] In some instances, amended notices of transfer were subsequently filed to reflect changes in certain address information.

transaction documents, this is a substantial undertaking that has not been completed at the time of the filing of this Objection.

8. Counsel has conferred with the Debtors' representatives in general regarding the matters set forth in the Objection. However, the Debtors have proposed no resolution to SPCP's concerns that would obviate the need for SPCP to conduct the review of the SPCP Claims described above.

## LIMITED OBJECTION

9. SPCP objects to the Plan Supplement to the extent that SPCP's review of the SPCP Claims reveals that the Debtors have proposed by way of the Plan Supplement to assume derivatives contracts underlying any of the SPCP Claims without adequate notice to SPCP and an adequate opportunity to object and to be heard with respect to such assumption and any cure amounts related thereto. Upon information and belief, neither the Debtors' notices of assumption regarding the applicable derivatives contracts, to the extent they have been served upon the Original Claimants, nor the Plan Supplement, provide SPCP with sufficient information to determine whether its rights as assignee of the SPCP Claims are affected. SPCP, as the assignee and a party in interest with respect to the SPCP Claims should, therefore, be provided with the opportunity to perform a comprehensive review of the SPCP Claims and, where appropriate, the applicable transaction documents, and to respond to the Debtors' proposed assumptions following such review.

10. SPCP further objects to the Debtors' proposed assumption of any derivatives contacts underlying the SPCP Claims pursuant to Section 365 of the Bankruptcy Code to the extent that such derivatives contracts have been properly terminated in accordance with their terms and applicable law. It is well settled that an executory contract is "a contract under which

4

the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *Regen Capital I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.)*, 547 F.3d 484, 488 n.1 (2d Cir. 2008) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L.Rev. 439, 460 (1973)). Under this definition, validly terminated derivatives contracts with respect to which the only performance remaining is the obligation to pay money would not be executory contracts that the Debtors are entitled to assume under Section 365 of the Bankruptcy Code. *See, e.g., In re Chateaugay Corp.*, 130 B.R. 162, 165-66 (Bankr. S.D.N.Y. 1991) (holding that an "obligation to pay money, standing alone, is insufficient to render a contract executory").

11.    Finally, SPCP objects to the Debtors' assumption of any derivatives contracts underlying the SPCP Claims to the extent that any such assumption and/or cure amount related thereto would in any way conflict with, modify, amend, supplement or vitiate the terms of any applicable settlements entered into by one or more of the Debtors with an Original Claimant and/or SPCP.

### RESERVATION OF RIGHTS

12.    SPCP hereby reserves any and all objections, rights, claims, and defenses under the Bankruptcy Code or applicable non-bankruptcy law to the Debtors' proposed assumption and related cure amounts with respect to the derivatives contracts underlying the SPCP Claims.

### CONCLUSION

WHEREFORE, for the foregoing reasons, SPCP respectfully requests that this Court enter an Order (i) denying the Debtors' request to assume any derivatives contracts underlying any of the SPCP Claims until such time as SPCP has had an adequate opportunity to review the

5

SPCP Claims and the underlying transaction documents related thereto and to respond and/or object to the Debtors' proposed assumption of any such derivatives contracts and cure amounts related thereto, and (ii) denying the Debtors' assumption of any derivatives contracts underlying any of the SPCP Claims to the extent that any such assumption and/or cure amount related thereto would in any way conflict with, modify, amend, supplement or vitiate the terms of any applicable settlement entered into by one or more of the Debtors with an Original Claimant and/or SPCP, and (iii) granting such other or further relief as this Court deems just and proper.

Dated:  New York, New York
        November 16, 2011

                                        Respectfully submitted,

                                        PRYOR CASHMAN LLP

                                        By: */s/ Tina N. Moss*
                                             Ronald S. Beacher
                                             Tina N. Moss
                                        Seven Times Square
                                        New York, NY 10036-6569
                                        (212) 421-4100

                                        *Attorneys for SPCP Group, LLC*