The Honorable James M. Peck
Courtroom 610
One Bowling Green,
New York, New York 10004

Reference: Motion on VEBA -10/21/2011

Your Honor,

Upon receipt in the mail of the Notice of this Motion, I took some time to review the actual Motion document filed with the Court. I have neither the expertise nor the experience to independently conclude whether the request is fair or reasonable or in compliance with the law and statutes. However, I reviewing the document there were two main points which perked my interest and which I would like to raise for the Court's consideration.

I am a retiree of Lehman Brothers and have been the beneficiary of the retiree health program since 2006. This has been an excellent program and, from reading the Motion, it has been the singular bright spot in the whole Lehman mess for retirees and those receiving disability. All of the covered parties have received a valuable benefit.

The current Motion appears, on a practical basis, to continue the retiree/disabled benefits for another year. While there are no statements to such, the amount left for retiree/disabled coverage is $12MM, after the requested disbursement for current LBHI employees, and the retiree/disability annual costs are approximately $7.4MM and LBHI employees are $6.5 MM.

**Procedural Objection:**

The Motion is drafted by the Debtor, with the stated other parties in interest being the SIPC trustee and the Court, and I find it surprising that no one has been appointed to represent the interests of retirees/disabled. While it is always convenient to say that these beneficiaries were notified, in reality, it is highly doubtful that any of the intended beneficiaries of the VEBA have the expertise or financial ability to raise any issue. Yet it also appears from reading the Motion that there may be a governing federal statute intended for the benefit of those parties.

The Motion states in Paragraph 3, page 3, Note 1, that under the federal statute - Bankruptcy Code Sec. 1114(e)(1) - that, ".. the debtor in possession... shall timely pay and shall not modify any retiree benefits...". By itself, the cited language seems to be in conflict with what the Debtor and SIPC is seeking by the Motion. I understand from my research on that great legal source - Google - that, as with every statute, there are different interpretations. All are probably based upon different fact situations and the eventual outcome is probably up in air. Most of the litigation arises because the retirees and beneficiaries are part of a Union and therefore financially able to obtain competent counsel. Obviously there is no union for the Lehman retirees / disabled in this case.

Since there is the colorable federal claim on health and disability benefits by the covered parties herein, I would request the court appoint counsel to represent the covered group or appoint a trustee/master to independently determine that the proposition before the Court is fair, reasonable, and in accordance with the statute. While some legal costs would be incurred, I believe that any costs would be miniscule in comparison to all the fees that the estate has paid for administrative processing and legal procedures. The people covered by the program, all of whom have been devastated by the Lehman Bankruptcy should have the courtesy of knowing that any termination of the benefit program is proper under the statute.

**Objection to inclusion of current LBHI Employees:**

The motion asks that funds in the VEBA be used to pay for health benefits for current employees of LBHI. Per the Motion, the VEBA was established in September 2008 with a funding of $95MM. Surely if Lehman had been liquidated at that time or within a period thereafter, there would be no need for the employees, and, I guess, most of the allocated funds could be used for retirees/disabled coverage. I assume that most of the current employees are neither former Lehman employees nor retirees.

However, the Court, Debtor, and Creditors have kept the Debtor in existence for one purpose, simply to maximize the value of the estate for the benefit of the Creditors. There has been much recent press about the Creditor Committee and the acceptance of the Plan of Reorganization. One article cited S160 Billion as the claim by the Creditor Committee (I have no access to any information to verify) There is certainly nothing wrong with running the estate for the creditors benefit. In fact, keeping the Estate running has been quite beneficial for the creditors as the bonds and claims have traded from single digits at the early phase of bankruptcy to points above 20 cents. So basically, at least $20 Billion in added market value for the Creditors. And I think that the current Debtor employees should receive health benefits.

However, that should be attributable to the expenses of running the Estate, which I indicated is purely for the benefit of the Creditors. Simple put, the maximization of the asset for the benefit of the Debtor/Creditor should be a cost to the Debtor/Creditor, not to the disabled and the retirees. If in fact the VEBA was set up at the time for the benefit of the disabled and retired, in fairness, it should be used for that purpose, and not to enhance the payoff of the various creditors that invested/speculated on profits to arise for the efforts of the employees. The $25MM amount pales not only to the value added to the Estate by these employees but also pales to the expense, and fees charged by the restructuring advisor, et al in the proceeding to date.

I would request that the $25MM disbursement requested by the Debtor for current Debtor employees be disallowed and held in the VEBA for the benefit of the disabled and the retirees.

In summary, I would request, that

1. The Coverage be extended for another year as requested by the parties,
2. The Court appoint Counsel or master to review the request, and
3. That $25MM disbursement for current employee health benefits be denied.

I appreciate the Court's time in this matter.

Respectfully,

*Steven G. Delaney*

Steven G. Delaney
4 Valley Ridge Road
Harrison, New York
10528

I am forwarding by mail a copy of this letter to the Clerk of Court, Richard P. Krasnow, Esq., and Jeffrey S. Margolin, Esq.