# **EXHIBIT G**

## Derivatives ADR Notice

Derivatives ADR Notice No.: 234

Debtor(s): Lehman Brothers Special Financing Inc. ("LBSF")

Derivatives Counterparty: ACTS Retirement-Life Communities, Inc. ("ACTS")

Derivatives Contracts: (a) an ISDA Master Agreement (Local Currency – Single Jurisdiction), a Schedule thereto and a Credit Support Annex to such Schedule, dated as of November 27, 2001, by and between LBSF and ACTS (the "Master Agreement"); and (b) a Confirmation, dated as of November 27, 2001 (the "Confirmation"), evidencing a $100 million amortizing swap transaction between LBSF and ACTS (the "Transaction"). For ease of reference, the Master Agreement, the Schedule, the Credit Support Annex to the Schedule, and the Confirmation shall collectively be referred to herein as the "Agreement."

Settlement Demand: LBSF respectfully demands:

(i) payment from ACTS in the aggregate amount of $342,989.94, representing (i) $334,173.03 in net periodic swap payments that have become due and payable to LBSF in connection with the Transaction, but which have not been paid by ACTS as of the date of this Notice, plus (ii) $8,816.91 in interest accrued thereon, at the Default Rate, through (but excluding) January 21, 2011 (with interest continuing to accrue), all as provided for under the Master Agreement; and

(ii) written assurances that ACTS will perform all of its future obligations in respect of the Transaction under and in accordance with the terms of the Agreement.

As described below, in the alternative, LBSF is willing to agree to a consensual early termination of the Transaction, as of a date to be mutually agreed upon through mediation, in exchange for a payment of an amount representing (i) the fair value of the Transaction to LBSF as of such agreed upon date, and (ii) net periodic swap payments that have become due and payable to LBSF in connection with the Transaction but which, as of such agreed upon date, have not been paid by ACTS, together with interest accrued thereon, at the Default Rate through (but excluding) such agreed upon date.

Explanation of Basis for Settlement Demand:

Pursuant to the terms of the Transaction, as evidenced by the Confirmation, ACTS agreed to pay to LBSF, on a monthly basis, a floating rate of interest equal to the PSA Municipal Swap Index (a/k/a the "BMA Index") on a notional amount of $100,000,000. In exchange, LBSF agreed to pay ACTS, also on a monthly basis, a floating rate of interest equal to 77.25% USD-LIBOR-BBA. Pursuant to Section 2(c) of the Master Agreement, on each payment date, only the party having the greater payment obligation was required to make payment to the other, and only in an amount equal to the difference between the parties' netted payment obligations. ACTS was required to make payments on the third business day of each month (the "Payment Date") starting on the third business day of February 2002 through the Termination Date of November 15, 2029. Although ACTS was required to make net payments to LBSF on each Payment Date, since October 1, 2008, ACTS has made no payments to LBSF. Indeed, as a matter of law, ACTS has an obligation to perform on an executory contract with a debtor while the debtor decides whether to assume or reject the contract. See Sep. 15, 2009 Bankruptcy Court hearing transcript in In re Lehman Brothers Holdings, Inc., et al., Chapter 11 Case No. 08-13555 (the "September 15, 2009 Metavante Op."), at pp. 106; 113 (holding that counterparty must perform until LBHI and LBSF determine whether to assume or reject contract). ACTS' failure to perform is a breach of the Agreement.

On July 2, 2009, ACTS purported to terminate the Agreement on the grounds that LBSF was in default as a result of its filing for bankruptcy on October 3, 2008. ACTS' attempted termination of the Agreement, however, is invalid. Specifically, while Section 560 of the United States Bankruptcy Code permits a party under certain circumstances to "liquidate, terminate, or accelerate a swap agreement," this is available only for terminations effected as a result of the insolvency, financial condition or bankruptcy of the debtor. See, e.g., In re Enron Corp., 306 B.R. 465, 473 (Bankr. S.D.N.Y. 2004). Where, as here, a party attempts to terminate a swap many months after the bankruptcy of the swap counterparty, that attempted termination is invalid. See Sep. 15, 2009 Metavante Op., at pp. 111-12 (holding that counterparty is no longer permitted to terminate based on LBSF or LBHI's bankruptcy filings when the counterparty failed to terminate within a year of those filings). Given the amount of time that passed between the commencement of LBSF's Chapter 11 case and ACTS' purported termination of the Agreement, ACTS' termination is prohibited by the Bankruptcy Code.

Moreover, while not relevant here since ACTS' attempted termination is invalid, ACTS also acted in bad faith in connection with its attempted termination by taking the position that it owed no Termination Payment to LBSF, even though LBSF was the party "in-the-money" on the July 2, 2009. Specifically, ACTS took the position that because upon termination it received no bids from Reference Market-makers to "step into LBSF's shoes" with respect to the Transaction, the Transaction was worthless and that the Termination Payment was $0. The fact that no Reference Market-maker was willing to bid for the Transaction does not mean that the Transaction is worth $0. There are any number of reasons why a Reference Market-maker may have declined to bid for the Transaction, including its own financial condition or its tolerance for ACTS's credit risk. Indeed, the Agreement itself contemplates that there would be situations where Reference

2

Market-makers would decline to bid on a transaction and it expressly requires that in those situations, the terminating party must revert to Loss. Were it permissible to treat a decision not to bid as a $0 bid, the definition of Market Quotation would say so, rather than require the terminating party to revert to Loss.

As of the date of this ADR Notice, ACTS presently owes, and LBSF hereby demands, payment in the aggregate sum of $334,173.03, representing net periodic swap payments that were required to be made by ACTS, but were not, in connection with the Transaction.

In addition, pursuant to Section 2(d) of the Master Agreement, ACTS is required to pay interest on all such missed swap payments, at the Default Rate defined in the Master Agreement, from (and including) the original due dates for payment to (but excluding) the actual date of payment. Accordingly, ACTS presently owes, and LBSF hereby demands, payment in the additional aggregate sum of $8,816.91, representing interest, at the contractual Default Rate from (and including) October 1, 2008 through (but excluding) January 21, 2011. Consistent with the terms of the Master Agreement, interest will continue to accrue on all outstanding and future missed net swap payments owing to LBSF at the Default Rate.

Alternatively, LBSF is willing to agree to a consensual early termination of the Transaction, as of a date to be mutually agreed upon through mediation, in exchange for payment to LBSF in an amount representing (i) the fair value of the Transaction to LBSF as of such agreed upon date, and (ii) net periodic swap payments that have become due and payable to LBSF in connection with the Transactions but which, as of such agreed upon date, have not been paid by ACTS, together with interest accrued thereon, at the Default Rate through (but excluding) such agreed upon date.

| | |
|---|---|
| Date of Derivatives ADR Notice: | January 26, 2011 |
| Date of Service: | January 26, 2011 |
| Response Due Date: | February 25, 2011 |

| | |
|---|---|
| Debtor Contact: | Locke R. McMurray<br>Lehman Brothers Holdings Inc.<br>1271 Sixth Avenue, 40th Floor<br>New York, New York   10020<br>Telephone Number:  (646) 285-9700<br>Email:  locke.mcmurray@lehmanholdings.com |
| | Lawrence Brandman<br>Lehman Brothers Holdings Inc.<br>1271 Sixth Avenue, 40th Floor |

3

|   |   |
|---|---|
|   | New York, New York   10020 |
|   | Telephone Number:  (646) 285-9650 |
|   | Email:  lawrence.brandman@lehmanholdings.com |
| WGM Contact: | Richard W. Slack |
|   | Weil, Gotshal & Manges LLP |
|   | 767 Fifth Avenue |
|   | New York, New York   10153 |
|   | Telephone Number:  (212) 310-8000 |
|   | Email:  richard.slack@weil.com |

4