Tally M. Wiener
**LAW OFFICES OF TALLY M. WIENER, ESQ.**
119 West 72nd Street, PMB 350
New York, NY 10023
(212) 574-7975 (Telephone)
(212) 496-4170 (Facsimile)
tally.wiener@thecomi.com

*Attorneys for Wong Chin Pang Alex*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**In re**                                                    :
                                                             :   **Chapter 11 Case No.**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                 :   **08-13555 (JMP)**
                                                             :
            **Debtors.**                                     :
-----------------------------------------------------------------x

### RESPONSE OF WONG CHIN PANG ALEX
### TO TWO HUNDRED SIXTEENTH OMNIBUS OBJECTION
### TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM
### [DOCKET NO. 20105] AND JOINDER IN
### OBJECTIONS FILED BY SIMILARLY SITUATED CLAIMANTS

Wong Chin Pang Alex ("Claimant"), a party in interest in these chapter 11 proceedings, by and through his undersigned counsel, hereby submits his Response to *Debtors' Two Hundred Sixteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim* [Docket No. 20105] (the "Objection") and, in support thereof, respectfully states as follows:

1. HSBC Private Bank (Suisse) SA ("HSBC") timely filed Proof of Claim No. 56671 (the "Proof of Claim") for the total amount of $96,114,602.37. HSBC filed the Proof of Claim on behalf of Claimant, who is the beneficial holder of a bond issued by LB UK Capital Funding V LP and guaranteed by Lehman Brothers Holdings Inc. ("LBHI").

2. Through the Objection the Debtors seek to disallow and expunge, or in the alternative, reclassify as equity, certain claims listed on Exhibit A of the Objection, including the Proof of Claim. Exhibit A states that the Debtors seek to disallow $16,211,063.65 of the Proof of Claim on the basis the "claim contains unliquidated ad/or undetermined amounts."

3. On November 10, 2011, the Debtors responded to Claimant's request to the Debtors for an extension of time to respond to the Objection, and extended the deadline for Claimant to respond to the Objection to November 18, 2011.

**RESPONSE**

4. Claimant objects to the relief requested by the Debtors with respect to the Proof of Claim. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the Proof of Claim constitutes *prima facie* evidence of the validity and the amount of the claim. *See* Fed. R. Bankr. P. 3001(f). "The interposition of an objection does not deprive the presumptive validity unless the objection is supported by substantial evidence." *In re Hemingway Transport Inc.*, 993 F.2d 915, 925 (1st Cir. 1993). The Objection is not supported by substantial evidence and, therefore, does not provide a basis for providing the relief requested by the Debtors.

4. Claimant respectfully directs the Court's attention to the objections of similarly situated creditors around the World, whose claims have also been challenged through the Objection. These similarly situated creditors object to the impairment of their rights and the frustration of their reasonable commercial expectations, whether impairment is to be effectuated through the expunction or the reclassification as equity of their presumptively valid claims. *See, e.g.,* Docket 21087 (Argentina); Docket No. 21234

(Canada); Docket No. 21529 (Singapore); 21631 (Germany); and Docket No. 21687 (Uruguay).

5. The dissolution of the issuer of the bond Claimant holds following LBHI's bankruptcy filing does not provide an escape hatch through which LBHI can avoid responsibility for the prepetition guarantee upon which the Proof of Claim is based. Indeed, the Debtors' assertion of this position borders on frivolity as it runs contrary to the express provisions of the United States Bankruptcy Code. To wit, pursuant to 11 U.S.C. § 502(b), the amount of the Proof of Claim is to be based on "lawful currency of the United States *as of the date of the filing of the petition*." (emphasis added). As such the Objection fails to provide a basis for the disallowance or expunction of the Proof of Claim.

6. The Objection should be summarily overruled to the extent that it seeks, in the alternative, reclassification of the Proof of Claim. Federal Rule of Bankruptcy Procedure 7001(8) expressly provides that proceedings to subordinate any allowed claim or interest must be brought through an adversary proceeding. As such, the filing of the Objection fails to provide a procedure through which the Debtors may reclassify the Proof of Claim.

7. Moreover, the Debtors should be estopped from reclassifying the Proof of Claim, having soliciting the filings of *Lehman Securities Program Proof[s] of Claim*. Creditors, and those acting for them, went to great cost and expense to comply with the requirements for filing claims, and the Debtors should not be heard to say that the creditors hold equity, not claims.

3

**JOINDER**

8. In the interests of the avoidance of repetition, Claimant expressly incorporates by reference and joins in the *Response of Dotson Investments Limited to Debtors' Two Hundred Thirteenth Omnibus Objection to Claims* [Docket No. 22023]. Claimant joins, without limitation, in the various responses filed by other similarly situated creditors. *See, e.g., Response of Lloyd's TSB Bank PLC (Geneva Branch) to Debtors' Two Hundred Fifteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim* [Docket No. 22014].

9. Claimant also joins in objections to the Debtors' proposed impairment of rights of similarly situated creditors in the Debtors' proposed plan for emergence from Chapter 11. *See, e.g., Objection of China Development Industrial Bank and Dotson Investments Ltd. to Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code* [Docket No. 21649].

10. Claimant reserves the right to supplement and amend this Response, seek discovery with respect to same, and introduce evidence relating to the Objection.

**WHEREFORE**, based upon the foregoing, Claimant respectfully requests (i) entry of an Order overruling the Objection as it applies to the Proof of Claim No. 56671, in its entirety; and (ii) such other and further relief as this Court deems just and proper.

Dated: November 17, 2011

                                      /s/ Tally M. Wiener
                                      Tally M. Wiener
                                      Law Offices of Tally M. Wiener, Esq.
                                      119 West 72nd Street, PMB 350
                                      New York, New York 10023
                                      (212) 574-7975
                                      tally.wiener@thecomi.com