**RESPONSE DEADLINE: November 9, 2011**
**HEARING DATE AND TIME: November 16, 2011**

| | |
|---|---|
| Hon. James M. Peck | Clerk of the Court |
| United States Bankruptcy Judge | United States Bankruptcy Court |
| One Bowling Green | One Bowling Green |
| Courtrooms 610 and 601 | Fifth Floor; Room 534 |
| New York, New York, 10004 | New York, New York, 10004 |
| | |
| Hughes Hubbard & Reed LLP | Weil, Gotshal & Manges LLP |
| One Battery Park Plaza | 767 Fifth Ave. |
| New York, New York, 10004-1482 | New York, New York, 10153 |
| Attn: James W. Giddens, Esq. | Attn: Richard P. Krasnow, Esq. |

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York, 10004-1482
Attn: Jeffrey S. Margolin, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**LEHMAN BROTHERS HOLDINGS INC.**, et. al.<br><br>Debtors | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered)<br><br>Docket No. 21109 |

-and-

| | |
|---|---|
| **LEHMAN BROTHERS INC.**, et. al.<br><br>Debtor | Case No. 08-01420 (JMP) (SIPA)<br><br>Docket No. 21109 |

**OBJECTION OF MARYANNE RASMUSSEN TO NOTICE OF JOINT MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN BROTHERS INC., PERSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) FOR AUTHORIZATION AND APPROVAL OF A STOCK PURCHASE AGREEMENT REGARDING THE VEBA AND (II) FOR AUTHORIZATION AND APPROVAL OF A SETTLEMENT REGARDING THE SAME DATED OCTOBER 21, 2011 [Docket No. 4654 in Case No. 08-01420; Docket No. 21109 in Case No. 08-13555]**

---

To:   The Honorable James M. Peck
       United States Bankruptcy Judge:

I, MaryAnne Rasmussen, hereby submit this objection (the "Objection") to the Motion and Settlement Agreement ("the Settlement Agreement") presently before this honorable court, brought jointly by Lehman Brothers Holdings Inc. ("LBHI") and James W. Giddens, Trustee for the SIPA liquidation of Lehman Brothers Inc. regarding the stock purchase agreement of the Lehman Health Care Trust (the "Trust") and settlement regarding the same.

In particular, I am objecting to LBHI's stated intention in the Motion to set aside the amount of $25 million from the Trust to be used to reimburse LBHI for: approximately $5.6 million for expenses it paid on behalf of retirees and former employees on long term disability from April 1, 2009 through December 31, 2009; and the amount of $19.5 million for expenses paid for the Debtors' current employees through September, 2011. Said reimbursement would be to the detriment of the beneficiaries of the Trust, of which I am one, since it will significantly reduce the funds available to pay premiums of retirees and former employees on long term disability.

As background, I retired from Lehman Brothers in January, 2001 after serving as the Chief Human Resources Officer and member of the Firm's Operating Committee. In this capacity, my responsibilities included management of the Firm's worldwide compensation, pension and

2

benefits programs (inclusive of the retiree medical programs), executive compensation, stock incentive program development and administration, and all employee hiring, terminations, training and development. My tenure with the Firm was 29 years. I am a current beneficiary of the Trust and the Trust has been paying my medical premiums continuously since January 1, 2009.

The reasons for my issuance of this objection letter are as follows:

First, I object to the short notice given to the current beneficiaries of the Trust to comment and object to the proposed transaction. The amount of time from the date of receipt of the Notice, approximately October 27, 2011, and the date by which objections are due, November 9, 2011, is insufficient time to find a competent attorney, to hire the attorney, for the attorney to review the documents, and for the attorney to develop a response to the Court. We believe this short notice was intentional and we respectfully request that this Honorable Court agree to postpone considering this Motion until beneficiaries of the Trust can obtain legal advice about our rights.

The beneficiaries of the Trust are a diverse group, many of whom are on limited incomes and will be significantly affected by any reduction to their retiree medical benefits. Furthermore, many do not have the knowledge, skills and resources to individually formulate an objection to the referenced Motion that was drafted by highly professional teams of people. By granting a postponement, the Court will provide the Trust's beneficiaries with the necessary time to obtain legal counsel to defend the rights of all beneficiaries.

Second, in 2009, LBHI represented to the Department of Labor ("DOL") during its review of the rights of the beneficiaries of the Trust, that it would not take back/seek any reimbursement of any of the assets of Trust. The prior Trustee of the Trust, Wendy M. Uvino, ("Prior Trustee") agreed with the DOL, that all of the assets would be used solely to benefit the beneficiaries of the Trust and would not revert to LBHI. This agreement was made in lieu of the DOL having direct oversight of LBHI's use of these funds. The Motion before the Court directly contravenes the agreement between the Prior Trustee and the DOL.

Third, the assets of the Trust should only be used to benefit the beneficiaries of the Trust, according to Trust law. By allowing LBHI to take back this $25 million reversion, assets from the Trust are being diverted to LBHI that should otherwise go to benefit the beneficiaries of the Trust. This will result in a significant depletion of the assets of the Trust and significantly prejudices the rights of the beneficiaries.

## CONCLUSION

Wherefore, I, MaryAnne Rasmussen, respectfully request that this court deny the Joint Motion of LBHI and James W. Giddens, as Trustee, regarding the stock purchase agreement of the Lehman Health Care Trust ("the Trust") and settlement regarding same.

4

Dated: November 8, 2011

This objection is respectfully submitted by:

MaryAnne Rasmussen
166 East 63rd Street
Apt. 19A
New York, New York, 10065
Telephone and Fax: 212-838-0217

5

October 21, 2011

## NOTICE OF MOTION AND SETTLEMENT
## AGREEMENT REGARDING LEHMAN HEALTH CARE TRUST

Please be advised that Lehman Brothers Holdings Inc. ("LBHI") and James W. Giddens (the "SIPA Trustee"), Trustee for the SIPA Liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended ("SIPA") (the SIPA Trustee, together with LBHI, the "Parties") have reached an agreement and settlement (the "Settlement Agreement") regarding the Lehman Health Care Trust established under section 501(c)(9) of the Internal Revenue Code of 1986, otherwise known as a voluntary employees' beneficiary association (the "VEBA").

Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 19, 2008, the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered an order commencing liquidation with respect to LBI pursuant to the provisions of SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL) and appointed the SIPA Trustee for the SIPA liquidation of the business of LBI pursuant to SIPA § 78eee(b)(3).

In September 2008, the VEBA was established and funded with a $95 million contribution to fund the payment of eligible health and medical benefits (the "Benefits") to participants in the group health plan sponsored by LBHI (the "Group Benefits Plan"). Effective January 1, 2010, LBHI terminated the Group Benefits Plan as to retirees and arranged for Aetna Life Insurance Company to offer to these individuals, at their option, substitute health care insurance coverage through a Group Access-only Plan (the "Aetna Plan") and converted disabled employees to COBRA continuation under the Group Benefits Plan as former employees, in each case at their sole cost. The Aetna Plan is not an employee benefit plan of LBHI, and LBHI has no responsibility, obligation or liability under such insurance arrangement. Since January 2010, the VEBA has been reimbursing retirees for their premiums under the Aetna Plan and former disabled employees for the COBRA premiums under the Group Benefits Plan by directly paying such premiums on their behalf. The VEBA has been amended to permit such reimbursements to be made, but there is no obligation to continue such reimbursements. Approximately $37 million in funds remain in the VEBA. The Parties have agreed to transfer control of the VEBA to LBHI, and the Parties have agreed to release each other from certain claims.

LBHI intends to seek a reimbursement for eligible Benefits LBHI paid on behalf of retirees, former employees on long term disability and current employees beginning in April 2009, in the amount of approximately $25 million. Such amount will be set aside for LBHI and will not be used to fund insurance premiums under the Group Access-only Program for retirees or the Group Benefits Plan for former employees on long term disability. LBHI intends to use the remaining VEBA funds exceeding the set aside amount (the "Excess Funds") to continue to