**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO:

McDonnell Loan Opportunity Ltd. ("Transferor")
c/o McDonnell Investment Management, LLC
1515 West 22nd Street
Oak Brook, Illinois
Attn: General Counsel
Telephone: (630) 684-8600
cecilp@mcdmgmt.com

2. Please take notice that the transfer of a portion of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 17631 (attached as Exhibit A hereto), has been transferred to:

Barclays Bank PLC ("Transferee")
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Email: daniel.crowley@barclayscapital.com
jessica.fainman@barclayscapital.com

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee as provided in Exhibit C hereto.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green

New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ________ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on __________, 2009.

INTERNAL CONTROL NO.________

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

______________________
Deputy Clerk

**EXHIBIT A**

[Proof of Claim]

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc. | Case No. of Debtor: 08-13555 |

UNIQUE IDENTIFICATION NUMBER: 4000004794

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

MCDONNELL LOAN OPPORTUNITY LTD.
c/o McDonnell Investment Management, LLC
1515 West 22nd Street
Oak Brook, Illinois 60523
Attention: General Counsel
Tel: (630) 684-8600
Email: cecilp@mcdmgmt.com

With a copy to:
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Attention: Jai Khanna
Tel: (312) 558-6357
Email: jkhanna@winston.com

Telephone number: Email Address:

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 4449 (*If known*)

Filed on: 5/19/09

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ Not less than $1,765,332.98

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** Guarantee and Derivative Contract
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
**Amount of Secured Claim: $**_____ **Amount Unsecured: $**_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**
$_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**_____
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payn ... ıg this proof of claim.
**8. Documents:** Attach redacted co ... ory notes, purchase orders, invoices, itemized statements ... urity agreements. Attach redacted copies of documents ... *lefinition of "redacted" on reverse side.)* If the documents are ... **DO NOT SEND ORIGINAL DOC ... ROYED AFTER SCANNING.**
If the documents are not available, pl...

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000017631

FOR COURT USE ONLY
FILED / RECEIVED
SEP 18 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: Sept 17/09

Signature: T... person authoriz... above. Attach c... or other ... ess

MCDONNELL LOAN OPPORTUNITY LTD.
By: McDonnell Investment Management, LLC,
as Investment Manager

Kathleen A. Zarn
Vice President

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |
| In re: | Chapter 11 |
| Lehman Brothers Special Financing Inc., | Case No. 08-13888 (JMP) |
| Debtor. | |

**ATTACHMENT TO PROOF OF CLAIM FILED BY MCDONNELL LOAN OPPORTUNITY LTD.**

1. This attachment is submitted with and incorporated as part of the proof of claim (the "Claim") filed by McDonnell Loan Opportunity Ltd. ("McDonnell" or "Claimant") against Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF," and together with LBHI, the "Debtors"). The Claim supplements and amends (i) the proof of claim, court claim number 4449 filed on May 19, 2009 against LBHI and (ii) the proof of claim, court claim number 4447 filed on May 19, 2009 against LBSF.

2. On September 15, 2008, LBHI filed a voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and, on October 3, 2008, LBSF filed its voluntary chapter 11 bankruptcy petition under the Bankruptcy Code in the Bankruptcy Court. The Debtors' bankruptcy cases are being jointly administered.

3. The Claim against the Debtors is for (i) amounts owed by LBSF to McDonnell under that certain ISDA Master Agreement dated as of December 28, 2006 between McDonnell and LBSF, including that certain Schedule to ISDA Master Agreement and the Credit Support Annex thereto, in each case dated as of December 28, 2006 between McDonnell and LBSF, as supplemented by each Confirmation thereunder (collectively, the "Master Agreement"), and (ii) amounts owed by LBHI in connection with that certain Guarantee dated as of December 28, 2006 by LBHI in favor of McDonnell (the "Guarantee"), pursuant to which LBHI unconditionally guaranteed the due and punctual payment of all amounts owed by LBSF under the Master Agreement.

4. Pursuant to the Order of the Bankruptcy Court dated July 2, 2009 (Docket No. 4271), because the Claim is based on amounts owed by the Debtors to Claimant pursuant to a Derivative Contract and a Guarantee, Claimant is not required to attach supporting documentation to the Claim. Claimant incorporates herein by reference the Derivative Questionnaire (including any amendments thereof), the Guarantee Questionnaire (including any amendments thereof) and all other documents that have been or will be submitted by Claimant in connection with the Claim against the Debtors. Copies of the Master Agreement and other supporting documentation will be electronically uploaded to the website http://www.lehman-claims.com in accordance with the requirements set forth in the Derivative Questionnaire and the Guarantee Questionnaire. In addition, supporting documentation that is in the possession of the Claimant and is either (i) too voluminous to attach hereto and/or (ii) confidential, may be obtained by contacting the persons set forth below.

5. Claimant asserts its claim in the liquidated amount of not less than $1,765,332.98 in connection with amounts owed by Debtors to Claimant under the Master Agreement and the

Guarantee. Additional damages asserted pursuant to this Claim are presently unliquidated, and Claimant reserves its rights to amend this Claim, as necessary, to assert any and all amounts as they become liquidated, including for principal, interest, fees and expenses. Claimant additionally claims for the costs, fees and expenses incurred in enforcing its rights under the Master Agreement and the Guarantee, together with pre-petition and post-petition interest, fees, costs and other charges, to the extent provided for at law or in equity. Such amounts are presently unliquidated.

6. In addition to the foregoing amount, Claimant also asserts a claim hereunder for all direct, indirect, nominal or consequential damages and other amounts owed or owing to Claimant pursuant to the Master Agreement, Guarantee or otherwise, whether or not liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

7. Claimant reserves the right to amend, supplement or modify this Claim at any time. In addition, Claimant reserves its rights to file additional or other pleadings to assert any of the amounts set forth in the Claim or any amendments thereto, including, without limitation, any postpetition administrative expenses pursuant to the Bankruptcy Code, including sections 503 and 507 thereof.

8. To the extent the Debtors assert claims against Claimant, Claimant reserves the right to assert that such claims are subject to rights of setoff and/or recoupment, which rights are treated as secured claims under the Bankruptcy Code, and state and federal laws of similar import as well as in equity.

9. To the extent that the Debtors or any other party take any action that would give rise to a counterclaim or other rights or claims Claimant may have against the Debtors, Claimant reserves all of its respective rights.

10. In addition, with the filing of this Claim, Claimant does not waive any of its rights to claim specific assets or any other rights or rights of action that Claimant has or may have against the Debtors, and Claimant expressly reserves such rights.

11. By filing this Claim, Claimant does not waive, and specifically reserves, its respective procedural and substantive defenses to any claim that may be asserted against it by the Debtors, by any trustee of its estates, by any official committee, or by any other party.

12. Claimant reserves all rights accruing to it against the Debtors, and the filing of this Claim is not intended to be, and shall not be construed as, an election of remedy or a waiver or limitation of any rights of Claimant.

13. Claimant reserves the right to withdraw this Claim for any reason whatsoever.

14. Claimant reserves all rights against any other entity, including, without limitation, non-debtor affiliates of the Debtors.

15. The filing of the Claim is not and shall not be deemed or construed as: (i) a waiver, release or limitation of Claimant's rights against any person, entity, or property (including, without limitation, the Debtor or any other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Claimant to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver, release or limitation of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy,

or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (iv) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (vi) a waiver of Claimant's right to move to withdraw the reference with respect to the subject matter of the Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies; (viii) a consent by Claimant to the termination of the Debtor's liability to Claimant by a particular court, including, without limitation, this Court; or (ix) a consent by Claimant to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

16. Supporting documentation and all matters concerning this Claim should be addressed to:

Jai S. Khanna
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-6357
(312) 558-5700 (fax)
jkhanna@winston.com

From: Origin ID: ENLA (630) 684-8600
Marlene Camacho
McDonnell Investment Managemen
1515 W. 22nd Street
11th Floor
Oakbrook, IL 60523

FedEx. Express

E

Ship Date: 17SEP09
ActWgt: 1.0 LB
CAD: 4682111/INET9060
Account#: S *********

Delivery Address Bar Code



SHIP TO: (630) 684-8763 BILL SENDER
**Lehman Brothers Holdings Claims**
**Epiq Bankruptcy Solutions**
**757 3RD AVE FRNT 3**
**3RD FLOOR**
**NEW YORK, NY 10017**

Ref # ACS Dziekan Zam
Invoice #
PO #
Dept #

RECEIVED
SEP 1 8 2009

TRK# 0201 7979 4042 8975

**FRI - 18SEP A1**
**STANDARD OVERNIGHT**
**ASR**

10017
**NY-US**
**EWR**

**NQ OGSA**



**After printing this label:**

1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**EXHIBIT B**

[Executed Evidence of Transfer of Claim]

## EVIDENCE OF TRANSFER OF CLAIM

For good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, **McDonnell Loan Opportunity Ltd** ("Seller") does hereby unconditionally and irrevocably sell, transfer and assign unto **Barclays Bank PLC** ("Buyer") all rights, title and interest in and to the claims of Seller **[referenced as proof of claim number 17631]** in the principal amount of $1,700,000.00 plus all interest, fees and other amounts related thereto (the "Claim") against Lehman Brothers Holdings Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York ( the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Holdings Inc., Chapter 11 Case No. 08-13555 (Jointly Administered).

Seller hereby waives any objection to the transfer of the Claim assigned herein (the "Transferred Claim") to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Transferred Claim and recognizing the Buyer as the sole owner and holder of the Transferred Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Transfer of Claim by its duly authorized representative dated the 18th day of May, 2011.

| SELLER: | BUYER: |
|---|---|
| MCDONNELL LOAN OPPORTUNITY LTD. | BARCLAYS BANK PLC |
| By: McDonnell Investment Management, LLC not in its individual capacity, but solely as investment manager | |
| [signature] | [signature] |
| Name: Kathleen A. Zarn | Name: Daniel Crowley |
| Title: Vice President | Title: Managing Director |



NY\1612082.1