**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** ***et al.*****,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO: McDonnell Loan Opportunity Ltd. ("Transferor")
c/o McDonnell Investment Management, LLC
1515 West 22nd Street
Oak Brook, Illinois 60523
Attn: General Counsel
Telephone: (630) 684-8600
Email: cecilp@mcdmgmt.com

2. Please take notice that the transfer of a portion of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 17630 (attached as Exhibit A hereto), has been transferred to:

Barclays Bank PLC ("Transferee")
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Email: daniel.crowley@barclayscapital.com
daniel.miranda@barclayscapital.com

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee as provided in Exhibit C hereto.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green

New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ________ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on __________, 2009.

INTERNAL CONTROL NO._________

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

______________________
Deputy Clerk

# EXHIBIT A

[Proof of Claim]

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Commercial Paper Inc. | Case No. of Debtor: 08-13900 |

UNIQUE IDENTIFICATION NUMBER: 900008920

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

MCDONNELL LOAN OPPORTUNITY LTD
c/o McDonnell Investment Management, LLC
1515 West 22nd Street
Oak Brook, Illinois 60523
Attention: General Counsel
Tel: (630) 684-8600
Email: cecilp@mcdmgmt.com

With a copy to:
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, Illinois 60601
Attention: Jai Khanna
Tel: (312) 558-6357
Email: jkhanna@winston.com

Telephone number: Email Address:

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 4450 (*If known*)

Filed on: 5/19/09

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ Not less than $328,345.87

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** CONTRACT - PLEASE SEE ATTACHMENT
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** ____
3a. **Debtor may have scheduled account as:** ____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe: ____
Value of Property: $____ Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$____ Basis for perfection: ____
**Amount of Secured Claim: $**____ **Amount Unsecured: $**____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**
$____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments ... s proof of claim.
8. **Documents:** Attach redacted copies ... notes, purchase orders, invoices, itemized statements of ru... agreements. Attach redacted copies of documents prov... tion of "redacted" *on reverse side.)* If the documents are vol...
**DO NOT SEND ORIGINAL DOCUME... ED AFTER SCANNING.**
If the documents are not available, please ...

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000017630

FOR COURT USE ONLY

FILED / RECEIVED
SEP 18 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: Sept 17/09

Signature: T... person authoriz... above. Attach c... or other ...ess

MCDONNELL LOAN OPPORTUNITY LTD.
By: McDonnell Investment Management, LLC, as Investment Manager
[signature]

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Kathleen A. Zarn
Vice President

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Lehman Commercial Paper Inc., | ) | Case No. 08-13900 (JMP) |
| Debtor. | ) | |

**ATTACHMENT TO PROOF OF CLAIM FILED BY MCDONNELL LOAN OPPORTUNITY LTD.**

1. This attachment is submitted with and incorporated as part of the proof of claim (the "Claim") filed by McDonnell Loan Opportunity Ltd. ("McDonnell" or the "Claimant") against Lehman Commercial Paper Inc. (the "Debtor"), which filed a voluntary bankruptcy petition on October 5, 2008 for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The chapter 11 bankruptcy case of the Debtor is being jointly administered with the chapter 11 bankruptcy case of Lehman Brothers Holdings Inc., the Debtor's parent company, which was filed on September 15, 2008. The Claim supplements and amends the proof of claim, court claim number 4450 filed on May 19, 2009 against the Debtor.

2. The Claim against the Debtor is for the amounts owed by the Debtor for damages resulting from its obligations to purchase from McDonnell its interests in the US Tranche B Term Loan debt owned by McDonnell under the Amended and Restated Credit Agreement dated as of December 20, 2007 among Mylan Inc., Mylan Luxembourg 5 S.A.R.L., the Lenders from time to time party thereto, and JPMorgan Chase Bank, National Association, as Administrative Agent (the "Mylan Loan") pursuant to that certain LSTA Par/Near Par Trade Confirmation

dated September 26, 2008 between the Debtor and McDonnell (the "Trade Agreement"), which confirmed the transaction whereby the Debtor agreed to pay to McDonnell the purchase price equal to 99% of the face amount of McDonnell's interest in the Mylan Loan in respect of the trade effected on August 7, 2008. A copy of the Trade Agreement is attached hereto as Exhibit A. Claimant incorporates herein by reference all documents that have been or will be submitted by Claimant in connection with the Claim against the Debtor.

3.    On November 7, 2008, the Debtor rejected the Trade Agreement. McDonnell subsequently mitigated its damages from the Debtor's breach by executing an alternate transaction on November 13, 2008 with JP Morgan Chase Bank, N.A. ("JPMC") for a purchase price equal to 88% of the face amount of McDonnell's interest in the Mylan Loan. A copy of the Assignment and Assumption agreement dated November 20, 2008 between JPMC and McDonnell is attached hereto as Exhibit B.

4.    The purchase price that the Debtor was obligated to pay under the Trade Agreement was $2,955,112.78. The purchase price McDonnell ultimately received from JPMC was $2,626,766.91. McDonnell is therefore entitled to contractual damages in the amount of $328,345.87 for the difference in price McDonnell received as a result of the Debtor's breach.

5.    Claimant asserts its claim in the amount of not less than $328,345.87 for contractual damages in connection with the Trade Agreement. Additional damages asserted pursuant to this Claim are presently unliquidated, and Claimant reserves its rights to amend this Claim, as necessary, to assert any and all amounts as they become liquidated, including for principal, interest, fees and expenses. Claimant additionally claims for the costs, fees and expenses incurred in enforcing its rights under the Trade Agreement, together with fees, costs

and other charges, to the extent provided for at law or in equity. Such amounts are presently unliquidated.

6. In addition to the foregoing amount, Claimant also asserts a claim hereunder for all direct, indirect, nominal or consequential damages and other amounts owed or owing to Claimant pursuant to the Trade Agreement or otherwise, whether or not liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.

7. Claimant reserves the right to amend, supplement or modify this Claim at any time. In addition, Claimant reserves its rights to file additional or other pleadings to assert any of the amounts set forth in the Claim or any amendments thereto, including, without limitation, any postpetition administrative expenses pursuant to the Bankruptcy Code, including sections 503 and 507 thereof.

8. To the extent the Debtor asserts claims against Claimant, Claimant reserves the right to assert that such claims are subject to rights of setoff and/or recoupment, which rights are treated as secured claims under the Bankruptcy Code, and state and federal laws of similar import as well as in equity.

9. To the extent that the Debtor or any other party takes any action that would give rise to a counterclaim or other rights or claims Claimant may have against the Debtor, Claimant reserves all of its respective rights.

10. In addition, with the filing of this Claim, Claimant does not waive any of its rights to claim specific assets or any other rights or rights of action that Claimant has or may have against the Debtor, and Claimant expressly reserves such rights.

11. By filing this Claim, Claimant does not waive, and specifically reserves, its respective procedural and substantive defenses to any claim that may be asserted against it by the Debtor, by any trustee of its estates, by any official committee, or by any other party.

12. Claimant reserves all rights accruing to it against the Debtor, and the filing of this Claim is not intended to be, and shall not be construed as, an election of remedy or a waiver or limitation of any rights of Claimant.

13. Claimant reserves the right to withdraw this Claim for any reason whatsoever.

14. Claimant reserves all rights against any other entity, including, without limitation, non-debtor affiliates of the Debtor.

15. The filing of the Claim is not and shall not be deemed or construed as: (i) a waiver, release or limitation of Claimant's rights against any person, entity, or property (including, without limitation, the Debtor or any other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Claimant to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver, release or limitation of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (iv) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release or limitation of Claimant's right to have any and all final orders in any and all

non-core matters or proceedings entered only after de novo review by a United States District Court Judge; (vi) a waiver of Claimant's right to move to withdraw the reference with respect to the subject matter of the Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies; (viii) a consent by Claimant to the termination of the Debtor's liability to Claimant by a particular court, including, without limitation, this Court; or (ix) a consent by Claimant to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

16. Supporting documentation and all matters concerning this Claim should be addressed to:

Jai S. Khanna
Winston & Strawn LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-6357
(312) 558-5700 (fax)
jkhanna@winston.com

**EXHIBIT A**

**Documentation for Trade Transaction between McDonnell Loan Opportunity Ltd. and Lehman Commercial Paper Inc.**

Attached hereto.

SK

# LSTA PAR/NEAR PAR TRADE CONFIRMATION

*To:* *Lehman Commercial Paper Inc.*
*Attention:* *Jessica Markowitz*
*Phone No.:* *(212)526-7598*
*Fax No.:* *(646)758-4993*
*Email:* *jessica.markowitz@lehman.com*

*From:* *McDonnell Loan Opportunity Ltd.*
*Attention:* *Kathleen Zarn*
*Phone No.:* *(630)684-8754*
*Fax No.:* *866-861-6825*
*Email:* *acstradeclosing@mcdmgmt.com*

*Date:* *09/26/2008*

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2006, which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration Between Loan Traders With Regard to Failed Trades" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation have the respective meanings ascribed thereto in the Standard Terms and Conditions.

**Trade Date:** 08/07/2008

**Seller:** McDonnell Loan Opportunity Ltd. ☑ Principal ☐ Agent

**Buyer:** Lehman Commercial Paper Inc. ☑ Principal ☐ Agent

**Credit Agreement:** AMENDED AND RESTATED CREDIT AGREEMENT dated as of December 20, 2007 among MYLAN INC., MYLAN LUXEMBOURG 5 S.A R.L., the LENDERS from time to time party thereto, and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, as Administrative Agent.

**Borrower:** MYLAN INC.

**Form of Purchase:** Assignment

**Purchase Amount/ Type of Debt:**

| Purchase Amount | Type of Debt | Facility | CUSIP Number |
|---|---|---|---|
| USD 2,992,481.20 | Term | US Tranche B Term Loans | |

582923001

 Copyright © LSTA 2006. All rights reserved.

**Purchase Rate:** 99.00% US Tranche B Term Loans

**Up Front Fees: (if any):** US Tranche B Term Loans None

**Credit Documentation to be provided:** No

**Trade Specific Other Terms of Trade:** Unless otherwise specified herein, Lehman Commercial Paper Inc. shall not be required to pay (in the aggregate) more than one half of one Agent transfer fee for transactions specified in this or any other confirmation allocated by an investment manager or advisor to multiple funds or accounts.

Please provide the signature of a duly authorized officer or other signatory where indicated below and return this letter to the attention of Daniel Walsh at ClearPar at the following fax number (646)453-2870 or email address: daniel.walsh@fnis.com
If you have any questions, please contact Daniel Walsh at (845)639-4810.

**McDonnell Loan Opportunity Ltd.**
**By: McDonnell Investment Management, LLC as Investment Manager**

By: [signature]

Name: Kathleen Zarn
Title: Vice President

**Lehman Commercial Paper Inc.**

By: [signature]

Name: Cindy Eng
Title: Closer

LSTA EFFECTIVE DECEMBER 2006 Copyright © LSTA 2006. All rights reserved.

582923

## Loan Syndications Sales and Trading Trade Ticket ~~339032~~

Trade Date: 8/7/2008

Institution: McDonnell Investment Management · Institution Lehman Bros. Sale

Seller: Steven F. Krull Buyer: Ticket ID:

Voice: 630-684-8745 Voice: S-11354

Fax: 866-861-6825 Fax:

Execution Code: C

Add Date: 08/07/2008 Add ID: kings

Last Change Date: 08/07/2008 Last Change ID: kings

Last Change Reason:

Total Commitment: $2,992,481.20 Average Price: 99.00000 Total Upfront Fees: $29,924.81

Issuer: *Mylan Labs Inc.*

US Tranche B Term Loans Security ID: LX084569

Reason For Trade:

| Portfolio | Commitment | Price | Amnd | Agreement | Acc. Interest | Settled Date |
|---|---|---|---|---|---|---|
| Loan Opps | $2,992,481.20 | 99.00000 | Orig | Assignment | $0.00 | 08/18/2008 |

Wire Amount:

Please refer to the attached funding memo for further instructions

Signature

**EXHIBIT B**

**Documentation for Trade Transaction between McDonnell Loan Opportunity Ltd. and JPMorgan Chase Bank, N.A.**

Attached hereto.

# Loan Syndications Sales and Trading Trade Ticket

**Trade Date:** 11/13/2008

| | | | | |
|---|---|---|---|---|
| **Institution:** | McDonnell Investment Management | **Institution** | JPMorgan Chase Bank | Sale |
| **Seller:** | Steven F. Krull | **Buyer:** | Ryan Park | Ticket ID: |
| **Voice:** | 630-684-8745 | **Voice:** | 212-623-2270 | S-11941 |
| **Fax:** | 866-861-6825 | **Fax:** | 646-328-4986 | |

**Execution Code:** C

**Add Date:** 11/13/2008 2:44:06 PM **Add ID:** kings

**Last Change Date:** 11/20/2008 11:55:45 AM **Last Change ID:** zarnk

**Last Change Reason:**

**Total Commitment:** $2,984,962.41 **Average Price:** 88.00000 **Total Upfront Fees:** $358,195.49

**Issuer:** Mylan Labs Inc.

**Portfolio Manager:** James R. Fellows **Is Discretionary:** Yes

U.S. Tranche B Term Loan **Security ID:** LX084569

**Reason For Trade:**

| Portfolio | Commitment | Price | Amnd | Agreement | Acc. Interest | Settled Date |
|---|---|---|---|---|---|---|
| Loan Opps | $2,984,962.41 | 88.00000 | Orig | Assignment | $0.00 | 11/20/2008 |

**Wire Amount:** $2,626,766.91

Please refer to the attached funding memo for further instructions

Signature



Trade Settlement Inc.

**FUNDING MEMORANDUM FOR SETTLEMENT WITHOUT ACCRUED INTEREST**

Date: 20-NOV-2008

To: JPMorgan Chase Bank, N.A., as Buyer
Attn: Ryan Park
Tel: 212-623-2270
Fax: 6463284988

From: McDonnell Loan Opportunity Ltd., as Seller
Attn: Kathleen A. Zarn
Tel: 630-684-8748
Fax: 866-861-6825

RE: Credit Agreement: MYLAN (12/2007)

TSI Trade Number: 343107

Currency: USD

| Facility | CUSIP | Global Facility Amount | Transferred Amount | Percentage of Total(%) | Purchase Rate(%) | Traded Margin(%) |
|---|---|---|---|---|---|---|
| Tranche B Term Loan | 62853HAD2 | USD 2,536,830,000.00 | USD 2,984,962.40 | 0.117665054418309% | 88.000000000 | 100 |

| Pricing Options | Global Amount of Loans Outstanding | Buyers Share of Loans Outstanding | | Percentage of Contract Total (%) | Currency | FX Rate |
|---|---|---|---|---|---|---|
| Libor | 500,000,000.00 | 588,325.27 | | 0.117665054000000 | USD | 1.00000000 |
| **Start Date** | **Repricing Date** | **Base Rate** | **Margin Rate** | **RAC Rate** | **All-in Rate** | **Rate Basis** |
| 29-SEP-2008 | 30-DEC-2008 | 3.8125 | 3.25 | 0 | 7.0625 | BANK |
| **Pricing Options** | **Global Amount of Loans Outstanding** | **Buyers Share of Loans Outstanding** | | **Percentage of Contract Total (%)** | **Currency** | **FX Rate** |
| Libor | 1,000,000,000.00 | 1,176,650.54 | | 0.117665054000000 | USD | 1.00000000 |
| **Start Date** | **Repricing Date** | **Base Rate** | **Margin Rate** | **RAC Rate** | **All-in Rate** | **Rate Basis** |
| 29-SEP-2008 | 30-DEC-2008 | 3.8125 | 3.25 | 0 | 7.0625 | BANK |
| **Pricing Options** | **Global Amount of Loans Outstanding** | **Buyers Share of Loans Outstanding** | | **Percentage of Contract Total (%)** | **Currency** | **FX Rate** |
| Libor | 662,000,000.00 | 778,942.66 | | 0.117665054380665 | USD | 1.00000000 |
| **Start Date** | **Repricing Date** | **Base Rate** | **Margin Rate** | **RAC Rate** | **All-in Rate** | **Rate Basis** |
| 30-OCT-2008 | 30-DEC-2008 | 3.375 | 3.25 | 0 | 6.625 | BANK |
| **Pricing Options** | **Global Amount of Loans Outstanding** | **Buyers Share of Loans Outstanding** | | **Percentage of Contract Total (%)** | **Currency** | **FX Rate** |
| Libor | 6,390,000.00 | 7,518.80 | | 0.117665101721440 | USD | 1.00000000 |
| **Start Date** | **Repricing Date** | **Base Rate** | **Margin Rate** | **RAC Rate** | **All-in Rate** | **Rate Basis** |
| 30-OCT-2008 | 31-DEC-2008 | 3.375 | 3.25 | 0 | 6.625 | BANK |
| **Pricing Options** | **Global Amount of Loans Outstanding** | **Buyers Share of Loans Outstanding** | | **Percentage of Contract Total (%)** | **Currency** | **FX Rate** |
| Libor | 368,440,000.00 | 433,525.13 | | 0.117665055358581 | USD | 1.00000000 |
| **Start Date** | **Repricing Date** | **Base Rate** | **Margin Rate** | **RAC Rate** | **All-in Rate** | **Rate Basis** |
| 30-OCT-2008 | 29-JAN-2009 | 3.5 | 3.25 | 0 | 6.75 | BANK |
| **Total:** | | 2,536,830,000.00 | 2,984,962.40 | | | |

On 20-NOV-2008 the Buyer's Share of Total Loans Outstanding equals 2,984,962.40

**Seller and Buyer hereby agree that payment shall be made as calculated herein on the Settlement Date in immediately available funds.**

SELLER
McDonnell Loan Opportunity Ltd.
By: McDonnell Investment Management, LLC, as Investment Manager
By: (Electronic Signature on file)

[signature]

Name: Kathleen A. Zarn
Title: Vice President

BUYER
JPMorgan Chase Bank, N.A.
By: (Electronic Signature on file)

[signature]

Name: Melissa Wisher
Title:

PAYMENT MENU

TSI 343107

Payment calculation type: Netted

Buyer will remit to Seller USD 2,626,766.91 ✓

calculated as follows:

USD 2,626,766.91 (88% x Buyer's Share of the outstanding commitment under the Tranche B Term Loan Facility)
USD 0.00 Economic Benefit

LESS:
calculated as follows:
USD 0.00 (12% x Buyer's Share of the unfunded commitment under the Tranche B Term Loan Facility)

Seller's Payment Instructions:

Amount: USD 2,626,766.91
Bank: The Bank of New York
ABA#: 021-000-018
Account#: DDA Acct# GLA 211551
Attn: Crisses Cargile/Loan Name/Description (Principal or Interest)
Ref: MYLAN (12/2007)
FFC: McDonnell Loan Opportunity Ltd.
FCC# 773699

Buyer's Payment Instructions:

ASSIGNMENT AND ASSUMPTION

This Assignment and Assumption (the "Assignment and Assumption") is dated as of the Effective Date set forth below and is entered into by and between McDonnell Loan Opportunity Ltd. (the "Assignor") and JPMorgan Chase Bank, N.A. (the "Assignee"). Capitalized terms used but not defined herein shall have the meanings given to them in the Credit Agreement identified below (as amended, the "Credit Agreement"), receipt of a copy of which is hereby acknowledged by the Assignee. The Standard Terms and Conditions set forth in Annex 1 attached hereto are hereby agreed to and incorporated herein by reference and made a part of this Assignment and Assumption as if set forth herein in full.

For an agreed consideration, the Assignor hereby irrevocably sells and assigns to the Assignee, and the Assignee hereby irrevocably purchases and assumes from the Assignor, subject to and in accordance with the Standard Terms and Conditions and the Credit Agreement, as of the Effective Date inserted by the Administrative Agent as contemplated below (i) all of the Assignor's rights and obligations in its capacity as a Lender under the Credit Agreement and any other documents or instruments delivered pursuant thereto to the extent related to the amount and percentage interest identified below of all of such outstanding rights and obligations of the Assignor under the respective facilities identified below (including any letters of credit, guarantees, and swingline loans included in such facilities) and (ii) to the extent permitted to be assigned under applicable law, all claims, suits, causes of action and any other right of the Assignor (in its capacity as a Lender) against any Person, whether known or unknown, arising under or in connection with the Credit Agreement, any other documents or instruments delivered pursuant thereto or the loan transactions governed thereby or in any way based on or related to any of the foregoing, including contract claims, tort claims, malpractice claims, statutory claims and all other claims at law or in equity related to the rights and obligations sold and assigned pursuant to clause (i) above (the rights and obligations sold and assigned pursuant to clauses (i) and (ii) above being referred to herein collectively as the "Assigned Interest"). Such sale and assignment is without recourse to the Assignor and, except as expressly provided in this Assignment and Assumption, without representation or warranty by the Assignor.

1. Assignor: McDonnell Loan Opportunity Ltd.

2. Assignee: JPMorgan Chase Bank, N.A.

3. Borrower(s): Mylan Inc., Mylan Luxembourg 5 S.a r.l.

4. Administrative Agent: JPMorgan Chase Bank, National Association, as the administrative agent under the Credit Agreement

5. Credit Agreement: The Amended and Restated Credit Agreement dated as of December 20, 2007 among Mylan Inc., Mylan Luxembourg 5 S.a r.l., the Lenders party thereto and JPMorgan Chase Bank, National Association, as Administrative Agent.

6. Assigned Interest:

| Facility Assigned | Aggregate Amount of Commitment/Loans for all Lenders | Amount of Commitment/ Loans Assigned | Percentage Assigned of Commitment/Loans (Set forth, so at least 9 decimals, as a percentage of the Commitment/Loans of all Lenders thereunder) |
|---|---|---|---|
| Tranche B Term Loan | USD 2,536,830,000.00 | USD 2,984,962.40 | 0.1176650544183 09% |
| > | | | |

Effective Date: 20-NOV-2008

The terms set forth in this Assignment and Assumption are hereby agreed to:

TS1 343107

ASSIGNOR

McDonnell Loan Opportunity Ltd.
By: McDonnell Investment Management, LLC, as Investment Manager

By: (Electronic Signature on file)

Name: Kathleen A. Zarn
Title: Vice President

ASSIGNEE

JPMorgan Chase Bank, N.A.

By: (Electronic Signature on file)

Name: Mayura Casuba
Title: Authorized Signatory

Consented to and Accepted:

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, as Administrative Agent and Issuing Bank

By: (Electronic Signature on file)

Name: Dorian Herrera
Title: Authorized Signatory

Pg 23 of 30

MYLAN INC.

By:________N/A______________
Name:
Title:

TSI 343107

ANNEX 1

STANDARD TERMS AND CONDITIONS FOR

ASSIGNMENT AND ASSUMPTION

1. Representations and Warranties.

1.1 Assignor. The Assignor (a) represents and warrants that (i) it is the legal and beneficial owner of the Assigned Interest, (ii) the Assigned Interest is free and clear of any lien, encumbrance or other adverse claim and (iii) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and Assumption and to consummate the transactions contemplated hereby; and (b) assumes no responsibility with respect to (i) any statements, warranties or representations made in or in connection with the Credit Agreement or any other Loan Document, (ii) the execution, legality, validity, enforceability, genuineness, sufficiency or value of the Loan Documents or any collateral thereunder, (iii) the financial condition of the Company, any of its Subsidiaries or Affiliates or any other Person obligated in respect of any Loan Document or (iv) the performance or observance by the Company, any of its Subsidiaries or Affiliates or any other Person of any of their respective obligations under any Loan Document.

1.2. Assignee. The Assignee (a) represents and warrants that (i) it has full power and authority, and has taken all action necessary, to execute and deliver this Assignment and Assumption and to consummate the transactions contemplated hereby and to become a Lender under the Credit Agreement, (ii) it satisfies the requirements, if any, specified in the Credit Agreement that are required to be satisfied by it in order to acquire the Assigned Interest and become a Lender, (iii) from and after the Effective Date, it shall be bound by the provisions of the Credit Agreement as a Lender thereunder and, to the extent of the Assigned Interest, shall have the obligations of a Lender thereunder, (iv) it has received a copy of the Credit Agreement, together with copies of the most recent financial statements delivered pursuant to Section 5.01 thereof, as applicable, and such other documents and information as it has deemed appropriate to make its own credit analysis and decision to enter into this Assignment and Assumption and to purchase the Assigned Interest on the basis of which it has made such analysis and decision independently and without reliance on the Administrative Agent or any other Lender, and (v) if it is a Foreign Lender, attached to the Assignment and Assumption is any documentation required to be delivered by it pursuant to the terms of the Credit Agreement, duly completed and executed by the Assignee; and (b) agrees that (i) it will, independently and without reliance on the Administrative Agent, the Assignor or any other Lender, and based on such documents and information as it shall deem appropriate at the time, continue to make its own credit decisions in taking or not taking action under the Loan Documents, and (ii) it will perform in accordance with their terms all of the obligations which by the terms of the Loan Documents are required to be performed by it as a Lender.

2. Payments. From and after the Effective Date, the Administrative Agent shall make all payments in respect of the Assigned Interest (including payments of principal, interest, fees and other amounts) to the Assignor for amounts which have accrued to but excluding the Effective Date and to the Assignee for amounts which have accrued from and after the Effective Date.

3. General Provisions. This Assignment and Assumption shall be binding upon, and inure to the benefit of, the parties hereto and their respective successors and permitted assigns. This Assignment and Assumption may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Assignment and Assumption by telecopy shall be effective as delivery of a manually executed counterpart of this Assignment and Assumption. This Assignment and Assumption shall be governed by, and construed in accordance with, the law of the State of New York.

---

1 Capitalized terms used but not defined herein shall have the meanings given to them in the Amended and Restated Credit Agreement dated as of December [ ], 2007 among Mylan Inc., Mylan Luxembourg 5 S.a r.l., the Lenders party thereto and JPMorgan





LSTA PAR/NEAR PAR TRADE CONFIRMATION

| To | | From | |
|---|---|---|---|
| Buyer Name: | JPMorgan Chase Bank, N.A. | Seller Name: | McDonnell Investment Management, LLC |
| Contact Person: | Ryan Park | Contact Person: | Kathleen A. Zam |
| Phone No.: | 212-623-2270 | Phone No.: | 630-684-8748 |
| Fax No.: | 6463284986 | Fax No.: | 666-881-6826 |
| Email Address: | ryan.o.park@jpmorgan.com | Email Address: | acstradeclosing@mcdmgmt.com |

We are pleased to confirm the following transaction, subject to the Standard Terms and Conditions for Par/Near Par Trade Confirmations (the "Standard Terms and Conditions") published by The Loan Syndications and Trading Association, Inc.® (the "LSTA") as of December 1, 2006,[1] which Standard Terms and Conditions are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the parties and specifically set forth in the "Trade Specific Other Terms of Trade" section below. The parties hereto agree to submit any dispute as to the reasonableness of a buy-in or sell-out price to binding arbitration in accordance with the LSTA "Rules Governing Arbitration Between Loan Traders With Regard to Failed Trades" in existence on the Trade Date, and to comply with any award or decision issued in connection with such an arbitration proceeding. Capitalized terms used and not defined in this Confirmation shall have the respective meanings ascribed thereto in the Standard Terms and Conditions.

| | |
|---|---|
| Trade Date | 13-NOV-2008 |
| Seller: | McDonnell Loan Opportunity Ltd.[3] |
| Buyer: | JPMorgan Chase Bank, N.A.[4] |
| Credit Agreement: | AMENDED AND RESTATED CREDIT AGREEMENT dated as of December 20, 2007 among MYLAN INC., MYLAN LUXEMBOURG 5 S.A R.L., the LENDERS from time to time party thereto, and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, as Administrative Agent. |
| TSI Trade Number: | 343107 |
| Borrower: | MYLAN LABORATORIES[5] |
| Form Of Purchase: | Assignment |

Purchase Amount/ Type of Debt:

| Purchase Amount[6] | Type of Debt[7] | Facility[8] | CUSIP Number |
|---|---|---|---|
| USD2,984,962.40 | Term[7] | Tranche B Term Loan[8] | 62853HAD2 |

| | |
|---|---|
| Purchase Rate: | 88% |
| Up-front Fee: | None |
| Credit Documentation to be provided by Seller: | No |
| Trade Specific Other Terms of Trade:[9] | |

Please provide the signature of a duly authorized signatory where indicated below and return this letter to the attention of SILVA, ALEX at the following fax number(s): 646-792-4937 or email address(es): alex.x.silva@jpmchase.com

If you have any questions, please contact Ryan Park at 212-623-2270.

| SELLER | BUYER |
|---|---|
| McDonnell Loan Opportunity Ltd.<br>By: McDonnell Investment Management, LLC, as Investment Manager | JPMorgan Chase Bank, N.A. |
| By: (Electronic Signature on file) | By: (Electronic Signature on file) |
| Name: Kathleen A. Zam<br>Title: Vice President | Name: Michelle McClure<br>Title: Vice President |

TSI 343107

[1] The Standard Terms and Conditions are available on the LSTA website at http://www.lsta.org.

[2] Designate specific funds, if any, and allocations within T+1 (this may be done on separate trade confirmations); identify ERISA counterparties.

[3] If Seller or Buyer is acting as a Riskless Principal, specify this in the "Trade Specific Other Terms of Trade" section below. (See Section 14 of the Standard Terms and Conditions.) It is not necessary to identify the third party with respect to a Riskless Principal.

[4] Designate specific funds, if any, and allocations within T+1 (this may be done on separate trade confirmations); identify ERISA counterparties.

[5] If multiple borrowers, specify the entity that is named as the first borrower under the Credit Agreement.

[6] Specify amount of Debt to be transferred or, in the case of Debt subject to further funding obligations (as in revolving credit or letter of credit facilities), specify amount of total exposure to be transferred, both funded and unfunded.

[7] Specify whether the type of Debt is term, revolving, letter of credit (if stand-alone) or other.

[8] Specify Credit Agreement designation of the facility (e.g., tranche). Specify multicurrency component, if any.

[9] Set forth any other terms of this Transaction; include in this Section a specific reference to each term, if any, in this Confirmation (including the Standard Terms and Conditions) that has been modified in any manner whatsoever from the form of LSTA Par/Near Par Trade Confirmation and/or the LSTA Standard Terms and Conditions for Par/Near Par Trade Confirmations; if more space is needed, attach additional pages.

 Copyright © LSTA 2006. All rights reserved.

## Loan Syndications Sales and Trading Trade Ticket 343107

**Trade Date:** 11/13/2008

| | | | | |
|---|---|---|---|---|
| **Institution:** | **McDonnell Investment Management** | **Institution** | **JPMorgan Chase Bank** | Sale |
| **Seller:** | Steven F. Krull | **Buyer:** | | Ticket ID: |
| **Voice:** | 630-684-8745 | **Voice:** | | S-11941 |
| **Fax:** | 866-861-6825 | **Fax:** | | |

**Execution Code:** C

| | | | |
|---|---|---|---|
| **Add Date:** | 11/13/2008 | **Add ID:** | kings |
| **Last Change Date:** | 11/13/2008 | **Last Change ID:** | kings |

**Last Change Reason:**

| **Total Commitment:** | $2,984,962.41 | **Average Price:** | 88.00000 | **Total Upfront Fees:** | $358,195.49 |
|---|---|---|---|---|---|

**Issuer:** ***Mylan Labs Inc.***

**US Tranche B Term Loans** **Security ID:** LX084569

**Reason For Trade:**

| Portfolio | Commitment | Price | Amnd | Agreement | Acc. Interest | Settled Date |
|---|---|---|---|---|---|---|
| Loan Opps | $2,984,962.41 | 88.00000 | Orig | Assignment | $0.00 | 11/24/2008 |

**Wire Amount:**

Please refer to the attached funding memo for further instructions

Signature

From: Origin ID: ENLA (630) 684-8600
Marlene Camacho
McDonnell Investment Managemen
1515 W. 22nd Street
11th Floor
Oakbrook, IL 60523

FedEx. Express

E

J09200908152023

Ship Date: 17SEP09
ActWgt: 1.0 LB
CAD: 4682111/INET9060
Account#: S *********

Delivery Address Bar Code

SHIP TO: (630) 684-8763 BILL SENDER
**Lehman Brothers Holdings Claims**
**Epiq Bankruptcy Solutions**
**757 3RD AVE FRNT 3**
**3RD FLOOR**
**NEW YORK, NY 10017**

Ref # ACS Dziekan Zam
Invoice #
PO #
Dept #

RECEIVED

SEP 1 8 2009

TRK# 0201 7979 4042 8975

FRI - 18SEP A1
**STANDARD OVERNIGHT**
**ASR**

10017
NY-US
EWR

**NQ OGSA**

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

**EXHIBIT B**

[Executed Evidence of Transfer of Claim]

## EVIDENCE OF TRANSFER OF CLAIM

For good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, **McDonnell Loan Opportunity Ltd** ("Seller") does hereby unconditionally and irrevocably sell, transfer and assign unto **Barclays Bank PLC** ("Buyer") all rights, title and interest in and to the claims of Seller **[referenced as proof of claim number 17630]** in the principal amount of $225,946.73 plus all interest, fees and other amounts related thereto (the "Claim") against Lehman Commercial Paper Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York ( the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Commercial Paper Inc., Case No. 08-13555 (JMP).

Seller hereby waives any objection to the transfer of the Claim assigned herein (the "Transferred Claim") to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Transferred Claim and recognizing the Buyer as the sole owner and holder of the Transferred Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Transfer of Claim by its duly authorized representative dated the 20 th day of May, 2011.

| SELLER: | BUYER: |
|---|---|
| MCDONNELL LOAN OPPORTUNITY LTD. | BARCLAYS BANK PLC |
| By: McDonnell Investment Management, LLC, not in its individual capacity, but solely as investment manager | |
| [signature] | [signature] |
| Name: Kathleen A. Zarn | Name: Daniel Crowley |
| Title: Vice President | Title: Managing Director |