HEARING DATE AND TIME: November 30, 2011 at 10:00 a.m. (Prevailing ET)

WILMER CUTLER PICKERING
HALE AND DORR LLP
399 Park Avenue
New York, New York 10022
Telephone: 212.937.7232
Facsimile: 212.230.8888
Charles Platt
Philip D. Anker
Benjamin W. Loveland

Attorneys for Banque Populaire Côte d'Azur

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                             :    Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*, :    08-13555 (JMP)
                                                  :
                    Debtors.                      :    (Jointly Administered)
                                                  :
---------------------------------------------------------------x

**RESPONSE OF BANQUE POPULAIRE CÔTE D'AZUR TO DEBTORS' TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM AND TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Banque Populaire Côte d'Azur ("Banque Populaire"), by and through its undersigned counsel, submits this response (the "Response") to the Debtors' Two Hundred Thirteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim [Docket No. 20102] (the "Two Hundred Thirteenth Objection") and the Debtors' Two Hundred Fourteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim [Docket No. 20103] (the "Two Hundred Fourteenth Objection")[1] and respectfully states as follows:

---
[1] The deadline to respond to the Two Hundred Thirteenth Objection and the Two Hundred Fourteenth Objection was initially November 11, 2011 at 4:00 p.m., but the Debtors have agreed to extend the response deadline for Banque

**Background**

1. Beginning on September 15, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2. Prior to the commencement of these chapter 11 cases, Lehman Brothers UK Capital Funding IV LP ("LB UK IV") and Lehman Brothers UK Capital Funding V LP ("LB UK V") issued certain series of Enhanced Capital Advantaged Preferred Securities (the "LB UK IV Securities" and the "LB UK V Securities"). The LB UK IV Securities were issued pursuant to a prospectus dated January 4, 2007 (the "LB UK IV Prospectus"), and the LB UK V Securities were issued pursuant to a prospectus dated May 11, 2007 (the "LB UK V Prospectus").

3. LBHI guaranteed all obligations of LB UK IV and LB UK V to the holders of the LB UK IV Securities and the LB UK V Securities by separate guarantees executed contemporaneously with, and attached to, each of the LB UK IV Prospectus and the LB UK V Prospectus (collectively, the "LBHI Guarantees").

4. On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [Docket No. 4271] (the "Bar Date Order"). The Bar Date Order created a separate claims process for filing guarantee claims against LBHI for holders of certain "program securities" issued by non-debtor affiliates of LBHI outside of the United States and establised November 2, 2009 as the bar date for filing these claims (collectively, the "LPS Claims Process"). As part of the LPS Claims Process, on July 27, 2009,

Populaire until November 18, 2011 at 4:00 p.m.

LBHI issued a Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities (the "LPS Claims Notice").

5. The LPS Claims Notice directed creditors to LBHI's website, where a list of the securities subject to the LPS Claims Process was posted. The LB UK IV Securities and the LB UK V Securities were included on that list and, as of the date of this Response, remain on that list.

6. The LPS Claims Notice instructed that: "You MUST file a Securities Programs Proof of Claim [the LPS Claims Process claims form] to share in LBHI's estate if you have a claim based on a Lehman Programs Security."

7. The only way for Banque Populaire, which held the LB UK IV Securities and the LB UK V Securities, to pursue its guarantee claims against LBHI was to file claims through the LPS Claims Process.

8. Banque Populaire complied with the express requirements of the LPS Claims Notice and timely filed (i) a proof of claim (Proof of Claim No. 37176) against LBHI in the amount of $5,140,305.27 (the "LB UK IV Claim") on account of LBHI's guarantee of the LB UK IV Securities and (ii) a proof of claim (Proof of Claim No. 37175) against LBHI in the amount of $808,807.13 (the "LB UK V Claim") on account of LBHI's guarantee of the LB UK V Securities (the LB UK IV Claim and the LB UK V Claim, collectively, the "Claims").

9. On September 1, 2011, the Debtors filed their *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* dated August 31, 2011 [Docket No. 19627] (the "Plan"). The Plan is currently pending before the Court.

10. On September 16, 2011, the Debtors filed the Two Hundred Thirteenth Objection and the Two Hundred Fourteenth Objection seeking to disallow and expunge the LB UK IV Proof of Claim and the LB UK V Claim, respectively. The Debtors argue that pursuant to the terms of the

3

LBHI Guarantees, LBHI has no liability on account of the Claims.  The Debtors maintain in the alternative that, even if liability exists, the Claims should be subordinated and reclassified as equity.

**Response and Joinder**

11.     Banque Populaire hereby incorporates by reference and joins in the arguments raised in the responses filed by similarly situated creditors in connection with the Two Hundred Thirteenth Objection, the Two Hundred Fourteenth Objection, and similar objections filed by LBHI in connection with claims similar to the Claims, including without limitation (i) the Responses of Lloyds TSB Bank PLC (Geneva Branch) to Debtors' Two Hundred Fifteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim [Docket Nos. 22008, 22011, 22012, 22013, and 22014]; (ii) the Response of Banco Itau Europa Luxembourg S.A. to Debtors' Two Hundred Fifteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim [Docket No. 21998]; (iii) the Response of Dotson Investments Limited to Debtors' Two Hundred Thirteenth Omnibus Objection to Claims [Docket No. 22023], and (iv) the Response of Lamita Jabbour to Debtors' Two Hundred Fifteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim [Docket No. 22020] (collectively, the "Responses to Objections").

12.     As set forth in the Responses to Objections[2]:

- LBHI conceded its liability on the LBHI Guarantees by including the LB UK IV Securities and the LB UK V Securities in the list of securities subject to the LPS Claims Process.  Banque Populaire acted in reliance on LBHI's actions, going to the trouble of filing the Claims.  LBHI is estopped and cannot withdraw its admission that it is liable on the LBHI Guarantees at this late date.

---

[2] This paragraph 12 is intended only to summarize certain of the arguments raised in the Responses to Objections listed in paragraph 11 of this Response and is not an exhaustive list of such arguments.  Banque Populaire joins and incorporates into this Response all arguments raised in the Responses to Objections as if the same were set forth fully herein.

- The purported dissolution of LB UK IV and LB UK V could not have affected the validity of the Claims, because, both on the Petition Date and at the time of the filing of the Claims, LB UK IV and LB UK V were in existence and had not yet been allegedly dissolved. Therefore, as of the Petition Date, and at the time of the filing of the Claims, Banque Populaire held valid and enforceable claims against LBHI, and no alleged dissolution of LBHI could absolve LBHI of liability for timely filed claims against it in respect of the LBHI Guarantees. As a matter of law, the validity of the Claims must be determined as of the Petition Date. 11 U.S.C. § 502.

- Pursuant to the terms of the LBHI Guarantees, even a dissolution of LB UK IV and LB UK V could not have relieved LBHI of its obligations under the LBHI Guarantees and, thus, is not grounds for LBHI to disavow its obligations under the LBHI Guarantees and disallow and expunge the Claims. The LBHI Guarantees specify that they are "continuing, absolute and irrevocable" and "shall in no way be affected or impaired by . . . [among other possible events] the . . . dissolution . . . of . . . the Issuer."

- Because LBHI was not "being wound up" at the time LB UK IV and LB UK V were allegedly dissolved, any action taken, or caused to be taken, by LBHI to bring about the dissolution of the general or limited partners of LB UK IV or LB UK V or the LB UK IV or LB UK V limited partnerships themselves, would be in direct violation of the express terms of Section 3.3 of the LBHI Guarantees and would, in and of itself, give rise to liability for LBHI. To the extent LBHI was so involved, it cannot benefit from its own misdeeds through a disallowance of the Claims against it.

- The Debtors cannot reclassify the Claims as "equity interests," because pursuant to Section 2.9 of the LBHI Guarantees, the Claims constitute unsecured obligations of LBHI that rank senior to, among other things, LBHI's common stock and *pari passu* with,

5

among other things, its non-cumulative preferred stock and non-cumulative preferred securities, if any.  However, to the extent the Claims are reclassified as equity interests in LBHI, such equity interests must maintain their relative priority *vis-à-vis* LBHI's other equity interests.

- Moreover, any such reclassification or subordination could only occur if LBHI commenced an adversary proceeding.  Fed. R. Bankr. P. 7001(8).

13.    The Debtors have provided no detail regarding the circumstances surrounding the alleged dissolution of the general partner and preferential limited partner of LB UK IV and LB UK V, which allegedly led to the dissolution of LB UK IV and LB UK V.  Moreover, Banque Populaire has requested from the Debtors, but not yet received, complete copies of the partnership agreements establishing LB UK IV and LB UK V, excerpts of which were attached as Exhibit D to the Two Hundred Thirteenth Objection and the Two Hundred Fourteenth Objection.  Without this information, Banque Populaire cannot fully evaluate all of its responses to the Two Hundred Thirteenth Objection and the Two Hundred Fourteenth Objection.

## **Reservation of Rights**

14.    Banque Populaire reserves any and all applicable rights at law and/or equity, all claims, and all defenses, including without limitation the right to discovery in connection with the Two Hundred Thirteenth Objection and the Two Hundred Fourteenth Objection and the right to amend or supplement this Response and to join in the responses of any other party to similar claims objections.  Without limiting the foregoing, Banque Populaire reserves the right to amend or supplement this Response after it receives the additional information referred to in paragraph 13 of this Response.

WHEREFORE, Banque Populaire respectfully requests that the Court (i) overrule the Two Hundred Thirteenth Objection and allow the LB UK IV Claim as set forth herein, (ii) overrule the

Two Hundred Fourteenth Objection and allow the LB UK V Claim as set forth herein, and (iii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: November 18, 2011

                                              Attorneys for Banque Populaire Côte d'Azur

                                              Respectfully submitted,

                                              /s/ Philip D. Anker
                                            Philip D. Anker
                                            Charles Platt
                                            Benjamin W. Loveland

                                            WILMER CUTLER PICKERING HALE AND
                                            DORR LLP
                                            399 Park Avenue
                                            New York, NY  10022
                                            Tel: (212) 230-8800
                                            Fax:  (212) 230-8888
                                            philip.anker@wilmerhale.com
                                            charles.platt@wilmerhale.com
                                            benjamin.loveland@wilmerhale.com