**RESPONSE DEADLINE:** November 9, 2011
**HEARING DATE AND TIME:** November 16, 2011

Hon. James M. Peck
United States Bankruptcy Judge
One Bowling Green
New York, New York 10004
Courtrooms 610 and 601

Clerk of the Court
United States Bankruptcy Court
One Bowling Green
Fifth Floor, Room 534
New York, New York 10004

Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, New York, 10153
Attn: Richard P. Krasnow, Esq.

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York, 10004
Attn: Jeffrey S. Margolin, Esq.



RECEIVED NOV 9 2011 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| In re: | |
|---|---|
| | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.**, et. al. | Case No. 08-13555 (JMP) |
| Debtors | (Jointly Administered) |
| | Docket No. 21109 |

-and-

1

LEHMAN BROTHERS INC., et. al.  
SIPA

Case No. 08-01420 (JMP)

Debtor

Docket No. 21109

---

**OBJECTION OF ANTOINETTE LA BELLE TO NOTICE OF JOINT MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND JAMES W. GIDDENS, AS TRUSTEE FOR LEHMAN BROTHERS INC., PERSUANT TO SECTIONS 105(a) AND 363 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (I) FOR AUTHORIZATION AND APPROVAL OF A STOCK PURCHASE AGREEMENT REGARDING THE VEBA AND (II) FOR AUTHORIZATION AND APPROVAL OF A SETTLEMENT REGARDING THE SAME DATED OCTOBER 21, 2011 [Docket No. 4654 in Case No. 08-01420; Docket No. 21109 in Case No. 08-13555]**

---

To: The Honorable James M. Peck  
United States Bankruptcy Judge:

I, Antoinette La Belle, am writing to object (the "Objection") to the Motion presently before this Honorable Court brought jointly by Lehman Brothers Holdings Inc. ("LBHI") and James W. Giddens, Trustee for the SIPA liquidation of Lehman Brothers Inc. regarding the stock purchase agreement of the Lehman Health Care Trust (the "Trust") and settlement regarding the same. In particular, I am objecting to LBHI's stated intention in the Motion to take $25 million from the Trust, to the detriment of the beneficiaries of the Trust, of which I am one. The Lehman Health Care Trust was established under section 501(c) (9) of the Internal Revenue Service Code of 1986, otherwise known as the voluntary employees' beneficiary association (the VEBA).

I am a former, retired Managing Director and Global Human Resources Director at Lehman Brothers. During the course of my employment with Lehman Brothers, as a global Human Resources Director I was responsible for the full range of HR services and initiatives provided to various global business divisions. The period of my relationship with Lehman Brothers was from August 7, 1995 until February 1, 2010. I am a current beneficiary of the Trust and the Trust has been paying my medical premiums continuously since January 1, 2009.

First, I object to the short notice given to the current beneficiaries of the Trust to comment and object to the proposed transaction. The amount of time from the date of receipt of the Notice, approximately October 27, 2011, and the date by which objections are due, November 9, 2011, is

2

insufficient time to find a competent attorney, to hire the attorney, for the attorney to review the documents, and for the attorney to develop a response to the Court. I believe this short notice was intentional and I respectfully request that this Honorable Court agree to postpone considering this Motion until beneficiaries of the Trust can obtain legal advice about our rights.

Second, in 2009, LBHI represented to the Department of Labor ("DOL") during its review of the rights of the beneficiaries of the Trust, that it would not take back any of the assets of Trust. The prior Trustee of the Trust, Wendy M. Uvino, ("Prior Trustee") agreed with the DOL, that all of the assets would be used solely to benefit the beneficiaries of the Trust and would not revert to LBHI. This agreement was made in lieu of the DOL having direct oversight of LBHI's use of these funds. The Motion before the Court directly contravenes the agreement between the Prior Trustee and the DOL.

Third, the assets of the Trust should only be used to benefit the beneficiaries of the Trust, according to Trust law. By allowing LBHI to take back this $25 million reversion, assets from the Trust are being diverted to LBHI that should otherwise go to benefit the beneficiaries of the Trust. This will result in a significant depletion of the assets of the Trust and significantly prejudices the rights of the beneficiaries.

This objection is respectfully submitted:

Dated: November 8, 2011

By: _____
Antoinette La Belle
353 East 83rd St., 12F
New York, New York 10028
212 861 0553; (m) 917 361 6638
antoinettelabelle@msn.com

3