WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                    :

**In re**                                             :          **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :          **08-13555 (JMP)**
                                                    :
                     **Debtors.**                  :          **(Jointly Administered)**
                                                    :
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER BETWEEN**
**BNC MORTGAGE LLC AND U.S. BANK NATIONAL ASSOCIATION,**
**AS TRUSTEE, PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY**
<u>**WITH REGARD TO CERTAIN REAL PROPERTY LOCATED IN MILLILANI, HAWAII**</u>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        This Stipulation, Agreement and Order (the "<u>Stipulation, Agreement and Order</u>") is entered into by and between BNC Mortgage LLC ("<u>BNC</u>") and its affiliated debtors in the above referenced chapter 11 cases (the "<u>Debtors</u>"), as debtors and debtors-in-possession, and U.S. Bank National Association, as Trustee ("<u>U.S. Bank</u>") for the Structured Asset Investment Loan Trust, 2005 ("<u>SAIL 2005-HE3</u>").

**<u>RECITALS</u>**

        A.    On September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and certain of its subsidiaries commenced with this Court voluntary

cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. On January 9, 2009, BNC, an indirect subsidiary of LBHI, commenced its Chapter 11 Case with this Court.

C. On August 1, 2011, U.S. Bank filed a motion (the "Motion") seeking relief from the automatic stay extant in BNC's Chapter 11 Case pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") [EFC No. 19014].

D. U.S. Bank represents that it is the current holder of a mortgage (the "Mortgage") executed on June 15, 2005 by Rick Kealoha Pa, Jr., ("Borrower") as mortgagor in favor of BNC Mortgage, Inc.,[1] and transferred to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for BNC, as security for the repayment of the original principal sum of $432,000 due under a note.   The Mortgage granted MERS, as nominee for BNC, a security interest in certain real property located at 95-213 Akuli Pl, Mililani, Hawaii (the "Property"). U.S. Bank also represents that the Mortgage was subsequently assigned to the SAIL 2005-HE3 securitization trust and that U.S. Bank is the Trustee for SAIL 2005-HE3.

E. U.S. Bank further represents that there was a junior mortgage on the Property (the Second Mortgage") held by MERS, as nominee for BNC Mortgage, Inc., securing the repayment of approximately $108,000 due under a note.

F. The Debtors have reviewed BNC's records and determined that BNC transferred its interests in the Mortgage and the Second Mortgage to Lehman Brothers Bank, FSB (n/k/a Aurora Bank FSB) on or about July 22, 2005.   Lehman Brothers Bank FSB

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity.   BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc."   On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC."   BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

2

subsequently transferred its interest in the Mortgage and the Second Mortgage to LBHI on or about August 30, 2005. LBHI then transferred the Mortgage and the Second Mortgage to Structured Asset Securities Corporation ("SASCO"), a debtor in the above referenced chapter 11 cases, on or about August 30, 2005. SASCO in turn transferred the Mortgage and the Second Mortgage to SAIL 2005-HE3 on or about August 30, 2005. As a result of the above-described transfers, neither BNC, nor any of the other Debtors, held a direct interest in the Second Mortgage as of the Commencement Date.

       G.     Due to the Debtors' usage of MERS as nominee, however, a record of the BNC's former interest in the Second Mortgages may remain on the local property records, creating an impediment to U.S. Bank's acquisition of insurable title to the Property.

       H.     Accordingly, and out of an abundance of caution, U.S. Bank seeks entry of an order partially modifying the Automatic Stay in order to allow U.S. Bank to exercise its non-bankruptcy rights and remedies as to the Property.

       I.     In light of the foregoing, and to ensure that U.S. Bank is not prohibited from exercising its rights with respect to the Property, BNC and U.S. Bank (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN BNC AND U.S. BANK, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

3

2. Upon the Effective Date, to the extent that the Automatic Stay extant in BNC's Chapter 11 Case is applicable, it shall be modified with respect to the interests of U.S. Bank, its successors and assigns in the Property and U.S. Bank, its successors and/or their assigns shall be permitted to exercise their rights under applicable non-bankruptcy law against the Property.

3. Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the Debtors' estates and/or assets or property of the Debtors (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Upon the Effective Date, the Motion shall be deemed resolved.

5. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

6. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

7. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

4

8. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: October 26, 2011
      Latham, New York

/s/ William B. Schiller
William B. Schiller

Schiller & Knapp LLP
950 New London Road
Latham, New York 12110
Telephone: (518) 786-9069
Facsimile: (518) 786-1246

Local Counsel to McCalla, Raymer, et al.
Attorneys for Wells Fargo Bank, N.A., et al.

Dated: November 2, 2011
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
      November 18, 2011

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge