**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
**Debtors** : **(Jointly Administered)**
:
-------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTION 362 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR AN ORDER MODIFYING THE AUTOMATIC STAY TO ALLOW SETTLEMENT PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES

Upon the motion, dated October 14, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors-in-possession (collectively, the "Debtors"), pursuant to section 362(d) of title 11 to the

United States Code (the "Bankruptcy Code") and Rule 4001(a)(3) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), for an order modifying the automatic stay

provided for in section 362(a) of the Bankruptcy Code, to the extent applicable, to allow Lloyd's

to make the Settlement Payment in connection with the terms of a settlement agreement (the

"Settlement Agreement") between GameTech International, Inc. ("GameTech") and the

Individual Defendants, a copy of which is annexed to the Motion as Exhibit A, as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended

order entered June 17, 2010 governing case management and administrative procedures [ECF

No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the

attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) the attorneys for Lloyd's; (vii) the attorneys for GameTech; (viii) the

attorneys for the Individual Defendants; and (ix) all parties who have requested notice in these

chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Motion is in the best interests of the

Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases

set forth in the Motion establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to sections 105(a) and 362(d) of the Bankruptcy Code,

the automatic stay, to the extent applicable, is hereby modified to, and without further order of

this Court, allow Lloyd's to make the Settlement Payment provided for in the Settlement

Agreement on behalf of the Individual Defendants in accordance with the terms of the Lloyd

Policy; and it is further

ORDERED that the Debtors are authorized to execute all documentation

necessary to allow Lloyd's to fund the Settlement Payment on behalf of the Individual

Defendants pursuant to the Settlement Agreement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights

and obligations of Lloyd's, the Debtors or the Individual Defendants provided for under the

terms and conditions of the Lloyd's Policy; and it is further

ORDERED that all parties to the Lloyd's Policy reserve all rights and defenses

with respect to the Excess Insurance Policies that they would otherwise have; and it is further

ORDERED that nothing in this Order shall constitute a determination that the

proceeds of the Lloyd's Policy are property of the Debtors' estates, and the rights of all parties in

interest to assert that the proceeds of the Lloyd's Policy are, or are not, property of the Debtors'

estates are hereby reserved; and it is further

ORDERED that stay provided by Bankruptcy Rule 4001(a)(3) is waived; and it
is further

ORDERED that nothing in this Order shall constitute a determination of any

insurance coverage rights or obligations under the Excess Insurance Policies or any other

insurance policies; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: New York, New York
       November 18, 2011

                                    _s/ James M. Peck_____
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

3