FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
John F. Zulack
One Liberty Plaza
New York, New York 10006
212-412-9500

*Attorneys for Banque Privée Edmond de Rothschild S.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

In re:                                              :      Chapter 11

LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :

                                                    :      Case No. 08-13555 (jmp)

                Debtors.                            :      (Jointly Administered)

                                                    :

-------------------------------------------------------------------- X

### RESPONSE OF BANQUE PRIVÉE EDMOND DE ROTHSCHILD S.A. TO DEBTORS' TWO HUNDRED SIXTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM

Banque Privée Edmond de Rothschild S.A. ("Banque Rothschild"), by and through its undersigned counsel, hereby files its response (the "Response") to the Debtors' Two Hundred Sixteenth Omnibus Objection To Disallow And Expunge Certain Filed Proofs Of Claim (the "Objection") [Docket No. 20105], and respectfully represents as follows:

### BACKGROUND

1.      On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      Prior to the commencement of these chapter 11 cases, Lehman Brothers UK

Capital Funding IV LP ("LB UK IV") and Lehman Brothers UK Capital Funding V LP ("LB UK V") and, together with LB UK IV, the "UK Capital Funding Entities"), issued certain series of Enhanced Capital Advantaged Preferred Securities (collectively, the "Securities").    The Securities for LB UK IV were issued pursuant to a prospectus dated January 4, 2007 (the "LB UK IV Prospectus"), and the Securities for LB UK V were issued pursuant to a prospectus dated May 11, 2007 (the "LB UK V Prospectus" and, together with the LB UK IV Prospectus, the "Prospectuses").

3.    LBHI guaranteed all obligations of the UK Capital Funding Entities to the holders of the Securities by separate guarantees executed contemporaneously with each of the Prospectuses, and attached to each of the Prospectuses (collectively, the "LBHI Guarantee").

4.    On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order created a separate claims process for filing guarantee claims against LBHI for holders of certain "programs securities" issued by non-debtor foreign affiliates of LBHI and establishing November 2, 2009 as the bar date for filing such claims (collectively, the "LPS Claims Process"). As part of the LPS Claims Process, on July 27, 2009, LBHI issued a Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities (the "LPS Claims Notice").

5.    The LPS Claims Notice directed creditors to LBHI's website, where a list of securities subject to the LPS Claims Process was posted. The Securities were included on that list and, as of the date of this Response, the Securities remain on that list. LBHI's website containing the foregoing list of Securities is still active as of the date of this Response.

6.    The LPS Claims Notice instructed, and continues to instruct, that "You MUST

file a Securities Programs Proof of Claim [the LPS Claims Process claims form] to share in LBHI's estate if you have a claim based on a Lehman Programs Security." (Emphasis in original.)

7.    Banque Rothschild had numerous clients who held securities subject to the LPS Claims Process. The only way Banque Rothschild, on behalf of such clients, could pursue its guarantee claim against LBHI for the Securities was to file a claim through the LPS Claims Process.

8.    Banque Rothschild complied with the express requirements of the LPS Claims Notice and timely filed a LPS Claims Process proof of claim for its clients in the amount of $11,054,048.00, which was assigned proof of claim number 46890 (the "Proof of Claim").

9.    The Proof of Claim asserted claims relating to 24 separate securities, identified in an attachment to the Proof of Claim, including claims relating to the LBHI Guarantee for the Securities issued by LB UK IV and LB UK V. The Proof of Claim and attachment are attached hereto as Exhibit A.

10.    On September 1, 2011, the Debtors filed their *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* dated August 31, 2011 (the "Plan") [Docket No. 19627]. The Plan is currently pending before this Court.

11.    Per the Debtors' assertion in the Objection, LB UK IV and LB UK V were allegedly dissolved on June 22, 2010 and May 17, 2011, respectively.[1]

12.    Pursuant to the Objection, Debtors seek to disallow and expunge that portion of the Proof of Claim, in the amount of $522,475.00, relating to the LBHI Guarantee for the

---

[1] In support of this assertion, the Debtors attached as 'Exhibit E' to the Objection what appears to be certificates purporting to dissolve the General Partner and Preferential Limited Partner of the UK Capital Funding Entities, as well as providing in the main body of the Objection an inoperative website address where (presumably) such certificates were supposed to be verifiable.

Securities issued by LB UK IV and LB UK V.

13.　　The Objection provides that any responses to the Objection must be filed with the Court by November 11, 2011 at 4:00 p.m. (the "Response Deadline"). On November 7, 2011, counsel for Debtors agreed to extend the Response Deadline for Banque Privée by one week to November 18, 2011.

## RESPONSE

14.　　In order to avoid unnecessary repetition, and for the convenience of the Court, Banque Rothschild hereby incorporates by reference, adopts and includes as fully stated herein, the arguments and statements set forth in paragraphs 11-24 of the Response of Lloyds TSB Bank plc (Geneva branch) to the Objection, dated November 11, 2011 [Docket No. 22015], a copy of which is attached hereto as Exhibit B.

15.　　The Court should overrule the Objection for the additional reasons, as set forth below, that Debtors' claim that they have no liability to Banque Rothschild contravenes the express terms of the LBHI Guarantee and, in any event, the provisions of the LBHI Guarantee regarding Debtors' liability to Banque Rothschild are ambiguous and such ambiguity must be construed against Debtors.

16.　　Debtors claim that they have no liability to Banque Rothschild because, pursuant to section 4(c) of the Prospectuses, the Guarantees terminated upon the dissolution of the UK Capital Funding Entities. Objection ¶ 10. However, section 2.1 of the Prospectuses states, in pertinent part, "[s]ubject to the exceptions and limitations contained in the following provisions of this clause 2, LBHI *irrevocably agrees to pay in full* to the Holders the Guaranteed Payments, as and when due, to the extent that such payments shall not have been paid when due and payable by the Issuer regardless of any defence, right of set-off or counterclaim which the Issuer

4

may have or assert." Objection, Exh. B (Prospectus IV) at page 35; *id.*, Exh. C (Prospectus V) at page 34. (Emphasis added.) Section 2.4 of the Prospectuses states, in pertinent part, "[t]he obligations, covenants, agreements and duties of LBHI under this Subordinated Guarantee *shall in no way be affected or impaired by reason of* the happening from time to time of any of the following: . . . *the voluntary or involuntary winding-up, dissolution*, amalgamation, reconstruction, sale of any collateral, receivership, insolvency, bankruptcy, assignment for the benefit of creditors,reorganisation, arrangement, composition or readjustment of debt of, or other similar proceedings *affecting, the Issuer* or any of the assets of the Issuer[.]" Objection, Exh. B (Prospectus IV) at 35-36; *id.*, Exh. C (Prospectus V) at pages 34-35.

17.    Thus, with respect to Banque Rothschild's claims relating to the Securities issued by the UK Capital Funding Entities, the express terms of the LBHI Guarantee make the Debtors' obligation to Banque Rothschild "irrevocable" and "in no way affected or impaired" by the dissolution of the UK Capital Funding Entities. For that additional reason, the Court should overrule the Objection and allow Claim 46890.

## RESERVATION OF RIGHTS

18.    Banque Rothschild reserves any and all applicable rights at law and/or equity, all claims, and all defenses, including without limitation the right to discovery in connection with Debtors' Objection and the right to amend or supplement this Response and to join in the response of any other party to the Objection.

WHEREFORE, Banque Rothschild respectfully requests that the Court (i) overrule the Objection and allow Claim 46890 as set forth herein, and (ii) grant such other and further relief as this Court deems just and proper under the circumstances.

5

Dated: November 18, 2011

New York, New York

**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**

/s/ John F. Zulack
John F. Zulack
One Liberty Plaza
New York, NY 10006
(212) 412-9500 Telephone
(212) 964-9200 Facsimile
jzulack@fzwz.com

*Attorneys for Banque Privée Edmond de Rothschild S.A.*

# Exhibit A

| *United States Bankruptcy Court/Southern District of New York* | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
|---|---|---|

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

THIS SPACE IS FOR COURT USE ONLY

---

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

tel.  41 22  818 98 33
  "   41 22  818 93 60

Telephone number: SWITZERLAND      Email Address:  mhbalma @ bper.ch
                                                    driccardi @ bper.ch

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ /

*(If known)*

Filed on: _____ /

---

Name and address where payment should be sent (if different from above)

JP Morgan Chase Bank NA , New York (CHASUS33)
a/c Nr 400009285  fav. Banque Privée Edmond de
Telephone number:      Email Address: Rothschild  SA Geneva, SWITZERLAND

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. /

---

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 11'054'048 _____ (Required)   see attached list

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN):   see attached list _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:   see attached list _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:   BP 10 !
Clearstream a/c Nr 12'297 _____ (Required)  SIX - SIS  a/c  Nr 20116011  CH103-275

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

---

| Date.<br>10/23/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>BANQUE PRIVÉE |
|---|---|

*Penalty for presenting fraudulent claim:* EDMOND DE ROTHSCHILD S.A. $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

18, rue de Hesse
1204 GENEVE
SWITZERLAND

Marc-Henri BALMA       André FALLETTI
Senior Vice-President    First Vice-President

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____ **DEFINITIONS** _____      _____ **INFORMATION** _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**BANQUE PRIVEE EDMOND DE ROTHSCHILD SA, GENEVA / SWITZERLAND**
Attachment to Proof of Claim dated 10/23/09

LEHMAN SEC. PROGRAMS CLAIM / Securities list

| Security description | ISIN Code | Blocking Nr | Sub-Custodian | Currency | Face amt | Int. rate | Nb days | Acrued int. | Total currency | Exch.rate as of 09.15.08 | Total in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5%LEHMAN(BSKT SHS)07-08  30.4S | XS0324890440 | CA94147 | Clearstream | CHF | 50'000 | 10.00 | 135 | 1'875 | 51'875 | | 46'383 |
| CERT.LEHMAN(DJSTOXX DIV)3.8.11 | CH0027120986 | CV230517001 | SIX-SIS | CHF | 150'000 | 0.00 | 0 | 0 | 150'000 | | 134'120 |
| N.TV LEHMAN(BASKET)08-10 10.2A | XS0346650798 | CA94611 | Clearstream | CHF | 320'000 | 5.50 | 215 | 10'511 | 330'511 | | 295'521 |
| N5%LEHMAN BR.05-08(IND).24.10A | XS0232035534 | CA94142 | Clearstream | CHF | 80'000 | 5.00 | 321 | 3'567 | 83'567 | | 74'720 |
| | | | | | | | | Total CHF | 615'953 | 0.8941 | 550'745 |
| 0%LEHMAN (INDICES)   30.12.12 | XS0327236914 | CA94602 | Clearstream | EUR | 70'000 | 0.00 | 0 | 0 | 70'000 | | 99'347 |
| CERT.LEHMAN BR(BSKT)07-03.8.09 | ANN5214R5102 | CA94615 | Clearstream | EUR | (units)    700 | 0.00 | 0 | 0 | 70'000 | | 99'347 |
| CERT.LEHMAN BR(BSKT)07-13.4.11 | CH0027120820 | CV230516001 | SIX-SIS | EUR | 50'000 | 0.00 | 0 | 0 | 50'000 | | 70'962 |
| N.0%LEHMAN (MOMENTUM) 22.07.14 | XS0309485729 | CA94605 | Clearstream | EUR | 3'410'000 | 0.00 | 0 | 0 | 3'410'000 | | 4'839'625 |
| N.4%LEHMAN BROTH. 06-11  04.5A | XS0252834576 | CA94144 | Clearstream | EUR | 810'000 | 4.00 | 133 | 11'970 | 821'970 | | 1'166'577 |
| N.5,75% LEHMAN 07-PERP.  25.4A | XS0282978666 | CA94143 | Clearstream | EUR | 100'000 | 5.75 | 140 | 2'236 | 102'236 | | 145'098 |
| N.TV LEHMAN BRO.TSY05-35 17.5A | XS0218304458 | CA94084 | Clearstream | EUR | 185'000 | 7.00 | 120 | 4'317 | 189'317 | | 268'687 |
| N.TV LEHMAN BROTH. 04-09 21.5T | XS0193035358 | CA94086 | Clearstream | EUR | 639'000 | 5.21 | 24 | 2'221 | 641'221 | | 910'049 |
| N.TV LEHMAN BROTH.06-11   4.5T | XS0252835110 | CA94148 | Clearstream | EUR | 715'000 | 5.17 | 40 | 4'106 | 719'106 | | 1'020'587 |
| N0%LEHMAN(CURRENCIES) 21.12.09 | XS0336050215 | CA94601 | Clearstream | EUR | 200'000 | 0.00 | 0 | 0 | 200'000 | | 283'849 |
| N5,125%LEHMAN BR.05-PERP 21.9A | XS0229269856 | CA94145 | Clearstream | EUR | 100'000 | 5.125 | 359 | 5'111 | 105'111 | | 149'178 |
| NTV LEHMAN BRO.UK05-PERP.30.3A | XS0215349357 | CA94083 | Clearstream | EUR | 180'000 | 4.54 | 165 | 3'749 | 183'749 | | 260'785 |
| | | | | | | | | Total EUR | 6'562'709 | 1.4192 | 9'314'091 |
| N0%LEHMAN(NIKKEI 225) 28.12.09 | XS0336927149 | CA94608 | Clearstream | ISK | 2'000'000 | 0.00 | 0 | 0 | 2'000'000 | | 21'962 |
| | | | | | | | | Total ISK | 2'000'000 | 0.0109 | 21'962 |
| 3,5%LEHMAN06-11(TSEREIT)24.10A | XS0270174013 | CA94146 | Clearstream | USD | 50'000 | 3.50 | 321 | 1'560 | 51'560 | | 51'560 |
| N.0%LEHMAN(PFIZER)04-08 22.06S | XS0207884379 | CA94085 | Clearstream | USD | 50'000 | 0.00 | 0 | 0 | 50'000 | | 50'000 |
| N0%LEHMAN(DYNAMIC BKT)28.04.14 | XS0294695043 | CA94610 | Clearstream | USD | 100'000 | 0.00 | 0 | 0 | 100'000 | | 100'000 |
| N0%LEHMAN(NIKKEI 225) 09.05.10 | XS0299103084 | CA94609 | Clearstream | USD | 30'000 | 0.00 | 0 | 0 | 30'000 | | 30'000 |
| N10%LEHMAN BR.08-08(GECC)22.1M | XS0359724472 | CA94606 | Clearstream | USD | 500'000 | 10.00 | 23 | 3'194 | 503'194 | | 503'194 |
| N16%LEHMAN BR07-08(7-593)30.4S | XS0325369725 | CA94604 | Clearstream | USD | 52'000 | 16.00 | 135 | 3'120 | 55'120 | | 55'120 |
| N6,9%LEHMAN BR.UK 07-PER.01.6A | XS0301813522 | CA94607 | Clearstream | USD | 370'000 | 6.90 | 104 | 7'375 | 377'375 | | 377'375 |
| | | | | | | | | Total USD | 1'167'250 | | 1'167'250 |
| | | | | | | | | GRAND TOTAL | | USD | 11'054'048 |

BANQUE PRIVÉE
EDMOND DE ROTHSCHILD S.A.
18, rue de Hesse
1204 GENEVE

# Exhibit B

Hearing Date and Time: November 30, 2011 at 10:00 a.m. (prevailing Eastern Time)

HOGAN LOVELLS US LLP
Christopher R. Donoho, III
875 Third Avenue
New York, New York 10022
212-918-3000

*Attorneys for Lloyds TSB Bank plc (Geneva Branch)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X

In re:

                             :

LEHMAN BROTHERS HOLDING INC., et. al.,        Chapter 11

                             :

             Debtors.              Case No. 08-13555 (jmp)

                             :

                             :        (Jointly Administered)

-------------------------------------------------------------------- X

## RESPONSE OF LLOYDS TSB BANK PLC (GENEVA BRANCH)
## TO DEBTORS' TWO HUNDRED SIXTEENTH OMNIBUS OBJECTION
## TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM

       Lloyds TSB Bank plc (Geneva Branch) ("LTSB"), by and through its undersigned

counsel, hereby files its response (the "Response") to the Debtors' Two Hundred Sixteenth

Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim (the "Objection")

[Docket No. 20105], and respectfully represents as follows:

### BACKGROUND

       1.    On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc.

("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern

District of New York (the "Court").

2.      Prior to the commencement of these chapter 11 cases, Lehman Brothers UK Capital Funding IV LP ("LB UK IV") and Lehman Brothers UK Capital Funding V LP ("LB UK V" and, together with LB UK IV, the "UK Capital Funding Entities"), issued certain series of Enhanced Capital Advantaged Preferred Securities (collectively, the "Securities"). The Securities for LB UK IV were issued pursuant to a prospectus dated January 4, 2007 (the "LB UK IV Prospectus"), and the Securities for LB UK V were issued pursuant to a prospectus dated May 11, 2007 (the "LB UK V Prospectus" and, together with the LB UK IV Prospectus, the "Prospectuses").

3.      LBHI guaranteed all obligations of the UK Capital Funding Entities to the holders of the Securities by separate guarantees executed contemporaneously with each of the Prospectuses, and attached to each of the Prospectuses (collectively, the "LBHI Guarantee").

4.      On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order created a separate claims process for filing guarantee claims against LBHI for holders of certain "programs securities" issued by non-debtor affiliates of LBHI outside of the United States and establishing November 2, 2009 as the bar date for filing these claims (collectively, the "LPS Claims Process"). As part of the LPS Claims Process, on July 27, 2009, LBHI issued a Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities (the "LPS Claims Notice").

5.      The LPS Claims Notice directed creditors to LBHI's website, where a list of securities subject to the LPS Claims Process was posted. The Securities were included on that list and, as of the date of this Response, remain on that list.

6.     The LPS Claims Notice instructed that "You MUST file a Securities Programs Proof of Claim [the LPS Claims Process claims form] to share in LBHI's estate if you have a claim based on a Lehman Programs Security" (emphasis in original).

7.     LTSB had numerous clients who held securities subject to the LPS Claims Process.   One of those clients, Omnamo Narayanaya Holdings Ltd. ("Omnamo"), held the Securities.  The only way LTSB, on behalf of Omnamo, could pursue its guarantee claim against LBHI for the Securities was to file a claim through the LPS Claims Process.

8.     LTSB complied with the express requirements of the LPS Claims Notice and timely filed a LPS Claims Process proof of claim for Omnamo in the amount of $2,939,497.39, which was assigned proof of claim number 55502 (the "Claim").

9.     On September 1, 2011, the Debtors filed their *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* dated August 31, 2011 (the "Plan") [Docket No. 19627].  The Plan is currently pending before this Court.

10.     Per the Debtors' assertion in the Objection, LB UK IV and LB UK V were allegedly dissolved on June 22, 2010 and May 17, 2011, respectively.[1]

## RESPONSE

**LBHI Conceded Liability by Including the Securities in the LPS Claims Process**

11.     The Objection to the Claim should be overruled on the basis that LBHI is liable as a guarantor, and concedes as much in the list of securities subject to the LPS Claims Process, attached hereto in relevant part as Exhibit "A".

---

[1] In support of this assertion, the Debtors attached as 'Exhibit E' to the Objection what appears to be certificates purporting to dissolve the General Partner and Preferential Limited Partner of the UK Capital Funding Entities, as well as providing in the main body of the Objection an inoperative website address where (presumably) such certificates were supposed to be verifiable.

12.      The Debtors assert that they have no liability for the Securities. Objection ¶10. This is in direct contravention of the LBHI Guarantee of the UK Capital Funding Entities and the Securities. The Debtors' Objection fails as it provides insufficient evidentiary support for LBHI's assertion that it has no liability for the Securities; indeed the Debtors conceded LBHI's liability for the Claim by including the Securities in the LPS Claims Process.

13.      The LPS Claims Notice <u>required</u> that LTSB file the Claim against LBHI for the Securities in the LPS Claims Process. In reliance on that requirement and the list on which the Debtors included the Securities, LTSB filed the Claim on behalf of Omnamo and incurred the cost of U.S. counsel in so doing. The Securities have not been, as of the date hereof, removed by LBHI from list of securities subject to the LPS Claims Process maintained on the Debtors' website. This is presumably no accident, as amending the schedule would be easy enough to do.

**Purported Invalidation of the LBHI Guarantee**

14.      The Debtors argue that the LBHI Guarantee has been terminated because of the purported dissolution of the UK Capital Funding Entities, and therefore the Claim against LBHI should be disallowed and expunged. Objection ¶10. The Debtors assert that, because the UK Capital Funding Entities automatically dissolved pursuant to the terms of their respective partnership agreements when they failed to have at least one general partner or at least one limited partner, as the case may be, the LBHI Guarantee terminated and, thus the Claim must be disallowed and expunged.

15.      This assertion fails and the Claim remains valid and must not be disallowed or expunged. LTSB timely filed the Claim in 2009. At the time of the filing of the Claim, the UK Capital Funding Entities were in existence and had not yet been allegedly dissolved. In fact, it was not until a number of years after the Petition Date that the UK Capital Funding Entities were

allegedly dissolved. Therefore, on the Petition Date and at the time LTSB filed the Claim, LTSB held a valid and enforceable claim against LBHI. The fact that the UK Capital Funding Entities were allegedly dissolved after the Petition Date and after the deadline set forth in the Bar Date Order for the LPS Claims Process does not absolve LBHI of timely claims filed against it in respect of the LBHI Guarantee.

16.    The only reason LTSB has not heretofore sought to enforce the Board Guarantee against LBHI is the automatic stay. LBHI should not be allowed to hide behind the stay's protections while it waited for the LBHI Guarantee to terminate pursuant to the LBHI Guarantee's own terms (or while LBHI took, or caused to be taken, actions that would bring about the termination of the LBHI Guarantee).

17.    In addition, the LBHI Guarantee is ambiguous with respect to whether the dissolution of the UK Capital Funding Entities is grounds for termination of LBHI's obligations thereunder. Section 4(c) of the LBHI Guarantee, which LBHI relies on for the basis of the disallowance of the Claim, provides that the LBHI Guarantee terminates upon dissolution of the underlying issuer. However, in direct conflict with Section 4(c), Section 2.4(d) of the LBHI Guarantee provides that: "The obligations, covenants, agreements and duties of the Guarantor under this Subordinated Guarantee shall in no way be affected or impaired by reason of the happening of any of the following . . . (d) the . . . dissolution of, or other similar proceedings affecting, the Issuer..." Therefore, pursuant to Section 2.4(d) of the LBHI Guarantee, the dissolution of the UK Capital Funding Entities did not relieve LBHI of its obligations under the LBHI Guarantee and, thus, is not grounds for LBHI to disavow its obligation under the LBHI Guarantee and disallow and expunge the Claim. *See Guedj v. Dana*, 302 A.D.2d 268 (N.Y. App. Div. 1st Dept. 2003) (holding that dissolution of corporate primary obligor did not terminate

guarantor's obligations where necessity of continued existence of the corporate primary obligor was ambiguous under the governing agreement).

18.     Relatedly, the Debtors have provided no detail whatsoever regarding the circumstances surrounding the alleged dissolution of the General Partner and Preferential Limited Partner of the UK Capital Funding Entities which led to the dissolution of the UK Capital Funding Entities. Without such disclosure, LTSB has no way of determining whether LBHI took, or caused to be taken, any action to bring about the dissolution of the UK Capital Funding Entities in order to try to terminate the LBHI Guarantee and have the Claim disallowed and expunged.

**LBHI Could Not Dissolve UK Capital Funding**

19.     In addition, pursuant to Section 3.3 of the LBHI Guarantee, LBHI covenanted to the holders of the Securities that: "unless LBHI is being wound-up, LBHI will not take any action that would or might cause the liquidation, dissolution or winding-up of the General Partner or the Issuer otherwise than with the prior written approval of any relevant Supervisory Authority (if required at such time)."

20.     While the Plan currently pending before this Court contemplates the creation of liquidating trusts to assist the reorganized Debtors in disposing of some of their businesses and assets following the effective date of the Plan (Plan, Art. X): (i) the Plan has not yet been approved by this Court; (ii) even if the Plan is approved by this Court, LBHI will pass through the effective date of the Plan as a reorganized entity; and (iii) the Plan is a reorganization plan under chapter 11 of the Bankruptcy Code, not a liquidating plan.

21.     The Plan bears many more indicia of being a reorganization plan and not one of liquidation, particularly as it relates to LBHI. Articles VI and VII of the Plan create an elaborate

governance structure of LBHI and certain of the other Debtors that will pass through the Plan effective date as reorganized entities. LBHI, as the Plan Administrator (as such term is defined in the Plan), is a reorganized entity under the Plan, not an entity that commences liquidation on the Plan's effective date. Furthermore, as set forth in Article 15.2 of the Plan, LBHI and the other reorganized Debtors may issue new securities or create entities to issue such securities (not an activity normally associated with an entity in liquidation).

22.    Therefore, LBHI is not now "being wound up" within the meaning of the LBHI Guarantee. Moreover, LBHI was not "being wound-up" at the time the UK Capital Funding Entities were allegedly dissolved and will not "be wound up" for a minimum of multiple years, if ever, should this Court approve the Plan. Accordingly, any action taken, or caused to be taken, by LBHI to bring about the dissolution of the general or limited partners of the UK Capital Funding Entities, as the case may be, or the UK Capital Funding Entities themselves (as noted above, the facts surrounding this issue are not clear and have not been fully disclosed by LBHI) would be in direct violation of the express terms of Section 3.3 of the LBHI Guarantee. Therefore, to the extent LBHI was so involved, it cannot benefit from the resulting termination of the LBHI Guarantee and the disallowance of the Claim. *See Gilpin v. Oswego Builders, Inc.* 930 N.Y.S.2d 120, 124 (N.Y. App. Div. 4th Dept., 2011).[2]

**The Debtors Cannot Reclassify the Claim**

23.    The Debtors request in the alternative that, in the event that the Court does not disallow and expunge the Claim, the Claim be reclassified as an "equity interest" in LBHI. Objection ¶11. However, pursuant to Section 2.9 of the LBHI Guarantee, the Claim constitutes

---

[2] It is well settled that the doctrine of unclean hands requires that a party seeking equity must come into court with clean hands. *See Gilpin*, 930 N.Y.S.2d at 124 (citing *Pecorella v. Greater Buffalo Press*, 107 A.D.2d 1064, 1065 (N.Y. App. Div. 4th Dept. 1985). Such doctrine may bar recovery where a party seeking such recovery " 'is guilty of immoral, unconscionable conduct.' " *Id.* (quoting *National Distillers & Chem. Corp. v. Seyopp Corp.,* 17 N.Y.2d 12, 16 (N.Y. 1966)).

an unsecured obligation of LBHI which obligation ranks senior to, among other things, LBHI's common stock and *pari passu* with, among other things, its non-cumulative preferred stock and non-cumulative preferred securities, if any. Therefore, there is no basis in the LBHI Guarantee for the Claim to simply be reclassified as "equity interests", which, under the Plan, are to be cancelled and no distributions are to be made to holders thereof.

24.     However, to the extent the Claim is reclassified by the Court as an equity interest in LBHI, such equity interest must maintain its relative priority *vis-à-vis* LBHI's other equity interests (whether existing on the Petition Date or created as the result of other claims against LBHI being reclassified as equity). This is critical to ensure that, among other things, any Plan Trust Stock (as such term is defined in the Plan) or other securities to be issued under the Plan for the benefit of LTSB and all other holders of claims based on the LBHI Guarantee whose claims were reclassified as equity, will have the same relative priority that such claims had in respect to the equity interests of LBHI (whether existing on the Petition Date or created as the result of other claims against LBHI being reclassified as equity) prior to such reclassification.

### RESERVATION OF RIGHTS

25.     LTSB reserves any and all applicable rights at law and/or equity, all claims, and all defenses, including without limitation the right to discovery in connection with the Debtors' Objection and the right to amend or supplement this Response and to join in the response of any other party to the Objection.

WHEREFORE, LTSB respectfully requests that the Court (i) overrule the Objection and allow Claim 55502 as set forth herein, and (ii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: November 11, 2011
New York, New York

### HOGAN LOVELLS US LLP

/s/ Christopher R. Donoho, III
Christopher R. Donoho, III
875 Third Avenue
New York, NY 10022
(212) 909-0630 Telephone
(212) 918-3100 Facsimile

*Attorneys for Lloyds TSB Bank plc (Geneva Branch)*

## EXHIBIT A

Lehman Programs Securities as of July, 17 2009

| SERIES NUMBER | ISIN | ISSUER | DESCRIPTION | MATURITY DATE | CURRENC |
|---|---|---|---|---|---|
| | XS0385774921 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0385775498 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11145 | XS0385822753 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR USD INDEX BONUS FIXED COUPON NOTE | 9/10/2010 | USD |
| MN11143 | XS0385823306 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR HKD INDEX BONUS FIXED COUPON NOTE | 9/9/2010 | HKD |
| MN11144 | XS0385823488 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR HKD INDEX BONUS FIXED COUPON NOTE | 9/9/2010 | HKD |
| | XS0386289929 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11151 | XS0386290778 | LEHMAN BROTHERS TREASURY CO. BV | LB 2 YEAR HKD INDEX BONUS FIXED COUPON NOTE | 9/9/2010 | HKD |
| MN11154 | XS0386331127 | LEHMAN BROTHERS TREASURY CO. BV | AUTOCALLABLE MEMORY COUPON NOTES | 3/12/2012 | USD |
| | XS0386429442 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0386434103 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0386650658 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11158 | XS0386674088 | LEHMAN BROTHERS TREASURY CO. BV | 2 YEAR TWD QUANTO NOTE LINKED TO KOREA INDEX | 9/8/2010 | USD |
| MN11152 | XS0386716269 | LEHMAN BROTHERS TREASURY CO. BV | 50 DAYS HSBC HOLDING LEHMAN BROTHERS HOLDINGS PLC EQUITY | 10/31/2008 | HKD |
| | XS0386716343 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| | XS0386716426 | LEHMAN BROTHERS TREASURY CO. BV | | | |
| MN11163 | XS0386716699 | LEHMAN BROTHERS TREASURY CO. BV | 2 YR USD NOTE LINKED TO HONG KONG INDEX | 9/13/2010 | USD |
| MN11149 | XS0386736028 | LEHMAN BROTHERS TREASURY CO. BV | ASIAN NOTE ON SPGTAQD INDEX | | |
| MTN4616C | XS0387045163 | LEHMAN BROTHERS TREASURY CO. BV | CERTI PLUS DJ EURO STOXX | 7/14/2009 | EUR |
| | XS0229269856 | LEHMAN BROTHERS UK CAPITAL FUNDING II | FIXED RATE GUARANTEED NON-VOTING NON-CUMULATIVE PERPETUAL PREFERRED SECURITIES | 10/12/2009 | EUR |
| | XS0243852562 | LEHMAN BROTHERS UK CAPITAL FUNDING III | COMPANY GUARANTY | | EUR |
| EB13 | XS0215349357 | LEHMAN BROTHERS UK CAPITAL FUNDING IV | COMPANY GUARANTY | 6/19/2008 | EUR |
| | XS0282978666 | LEHMAN BROTHERS UK CAPITAL FUNDING IV | COMPANY GUARANTY | | EUR |
| | XS0301813522 | LEHMAN BROTHERS UK CAPITAL FUNDING V | FIXED RATE ENHANCED CAPITAL ADVANTAGED PREFERRED SECURITIES | | USD |
| | XS0272251108 | NB PRIVATE EQUITY | | | |
| | IE00B0T0GR92 | NEUBERGER BERMAN US REAL ESTATE | | | USD |
| | XS0127739943 | QUARTZ FINANCE LTD | COMPANY GUARANTY | | EUR |
| | XS0248605072 | SIGMA FINANCE CORP | COMPANY GUARANTY | 11/3/2008 | EUR |
| | IE0032365896 | | | | |
| | XS0189028700 | | | 3/14/2011 | |
| | XS033515113 | | | | |
| | XS034074016 | | | | |
| | ANN521332331 | | | 12/28/2007 | |
| | ANN521333248 | | | | |
| | ANN521333321 | | | | |
| | ANN521336134 | | | | |
| | ANN521336217 | | | | |
| | ANN521336621 | | | 9/8/2010 | |
| | ANN521338452 | | | | |
| | ANN5213N1486 | | | | |
| | ANN5213N2625 | | | 11/24/2008 | |
| | ANN5214A2934 | | | | |
| | ANN5214A3841 | | | | |
| | ANN5214A4005 | | | | |
| | ANN5214A5747 | | | | |
| | ANN5214A8063 | | | | |
| | ANN5214R2216 | | | 12/5/2008 | |
| | ANN5214R2703 | | | | |
| | ANN5214R3123 | | | | |
| | ANN5214R3206 | | | 12/8/2008 | |
| | ANN5214R4600 | | | | |
| | ANN5214R6019 | | | 12/8/2008 | |
| | ANN5214R6357 | | | | |
| | ANN5214R6431 | | | | |
| | ANN5214R6761 | | | | |
| | ANN5214R6845 | | | | |
| | ANN5214R6928 | | | | |
| | ANN5214R7181 | | | | |
| | ANN5214R7751 | | | | |
| | ANN5214R7918 | | | | |
| | ANN5214R8338 | | | | |
| | ANN5214R8411 | | | | |
| | ANN5214R8585 | | | | |
| | ANN5214R8668 | | | | |
| | ANN5214R8742 | | | | |
| | ANN52141 1364 | | | | |
| | ANN5214T1851 | | | | |
| | ANN5214T2016 | | | | |
| | ANN5214T2198 | | | | |
| | ANN5214T2503 | | | | |
| | ANN5214T2685 | | | | |
| | ANN5214T2768 | | | | |
| | ANN5214T2842 | | | | |
| | ANN5214T3592 | | | | |
| | ANN5214T3675 | | | | |
| | ANN5214T3832 | | | | |
| | ANN5214T3915 | | | | |
| | ANN5214T4582 | | | | |
| | ANN52141 5571 | | | | |
| | ANN5214T6157 | | | | |
| | ANN5214T6496 | | | | |
| | ANN5214T7221 | | | | |
| | ANN5214T7304 | | | | |
| | ANN5214T7486 | | | | |
| | ANN5214T7551 | | | | |
| | ANN5214T 7635 | | | | |
| | ANN5214T8393 | | | | |
| | ANN5214T8476 | | | | |
| | ANN5215P1904 | | | | |
| | ANN5215P2084 | | | | |
| | ANN52520D129 | | | 8/14/2008 | |
| | XS0205085456 | | | | |
| | XS0210101750 | | LEHMAN BROTHERS HOLDINGS LEH 5 | 01/26/2010 | |