WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                                       :

**In re**                                                                  :       **Chapter 11 Case No.**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :       **08-13555 (JMP)**

                   **Debtors.**                        :       **(Jointly Administered)**

------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND**
**ORDER AMONG LEHMAN BROTHERS HOLDINGS INC.,**
**LB ROSE RANCH LLC, PAMI STATLER ARMS LLC AND CERTAIN COLORADO**
**PLAINTIFFS PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by Lehman Brothers Holdings Inc. ("LBHI"), LB Rose Ranch LLC ("Rose Ranch") and PAMI Statler Arms LLC ("PAMI Statler"), as debtors and debtors-in-possession, and Vaughan Counts, Suzanne Counts, Kevin Craig, Thisha Craig, Charlie Lawson, Sarahliz Lawson, Stephanie Mosher, Steve New, Kori New, Craig Willis, Pamela Willis, Kurt Kornreich, Helen Kornreich, Sohrab Amini, M.D., J. Christine Amini, Neil Ross, Gary Gray, Michael Cryan, Brian Alonge, Daniel Hock, Toni Hock, David Ice, Lisa Ice, Richard Moore, Patrick Nesbitt, Andre Pontin, Julie Pontin, James Vidakovich, The James Vidakovich Revocable Trust,

Kristin F. Davis, Joseph S. Davis, Chadwick Mickschl, Sarah Mickschl, Tina Rochowiak, Jamie Prough, Michael Rochwiak, and Martin Rochowiak (collectively, the "Colorado Plaintiffs").

**RECITALS**

   A. On September 15, 2008 and periodically thereafter, LBHI and its affiliated debtors (collectively, the "Debtors") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  PAMI Statler and Rose Ranch commenced their Chapter 11 Cases on September 23, 2008 and February 9, 2009, respectively.

   B. On July 2, 2009, this Court entered an order pursuant to section 502(b)(9) of the Bankruptcy Code and rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing September 22, 2009 (the "Bar Date") as the deadline for parties in interest to file proofs of claim against the Debtors (the "Bar Date Order") [ECF No. 4271].

   C. On September 22, 2009, two of the Colorado Plaintiffs, Tisha Craig and Stephanie Mosher, filed claims alleging "sale of defective property."  Ms. Craig's claim [Claim No. 32015] was filed against Rose Ranch in the amount of $389,923 (the "Craig Claim").  Ms. Mosher's claim [Claim No. 32014] did not specify a Debtor but was filed in the amount of $474,000 (the "Mosher Claim").  None of the other Colorado Plaintiffs filed claims against any of the Debtors prior to the Bar Date.  Some of the Colorado Plaintiffs allege that they did not receive proper notice of the Bar Date.

   D. On March 18, 2011, the Colorado Plaintiffs filed (i) a motion seeking relief from the automatic stay (the "Stay Relief Motion") [ECF No. 15202], and (ii) a motion seeking examination and production of documents pursuant to Rule 2004 of the Federal Rules of

2

Bankruptcy Procedure (the "2004 Motion," together with the Stay Relief Motion, the "Motions") [ECF No. 15200]. The Motions requested relief against LBHI, Rose Ranch, and PAMI Statler.

E.  On March 31, 2011 the Debtors filed an initial objection to the 2004 Motion [ECF No. 15522], and on April 6, 2011 the Debtors filed an omnibus objection to the 2004 Motion and the Stay Relief Motion [ECF No. 15681].

F.  The Colorado Plaintiffs are plaintiffs in a litigation captioned *Jamin Cook, et al. v. Ironbridge Homes, LLC, et al.*, (Case No. 2010CV142) that is currently pending in the District Court for Garfield County, Colorado (the "Colorado Litigation"). The Colorado Litigation involves claims by the Colorado Plaintiffs arising out of certain alleged defects in the residences that the Colorado Plaintiffs purchased from defendant Ironbridge Homes, LLC or one of its affiliates. The Colorado Plaintiffs assert that they possess claims against LBHI and/or Rose Ranch relating to the design, construction or maintenance of a golf course located at the Ironbridge Development in Garfield County, Colorado.[1]

G.  The automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") has prevented the Colorado Plaintiffs from naming LBHI and Rose Ranch as defendants in the Colorado Litigation.

H.  The Colorado Plaintiffs have requested that LBHI and Rose Ranch consent to relief from the Automatic Stay for the limited purpose of allowing the Colorado Plaintiffs to name LBHI and Rose Ranch as nominal defendants in the Colorado Litigation for the purpose of allowing them to recover damages related to their claims against LBHI and Rose

---

[1] For the avoidance of doubt, nothing contained herein is intended to be determinative of the validity or enforceability of any claim or causes of action asserted by the Colorado Plaintiffs against the Debtors or any of their affiliates and the Debtors and their affiliates expressly reserve their right to dispute and/or contest any such claims or causes of action for any reason, other than with respect to the applicability of the Automatic Stay (as defined below).

3

Ranch's Insurance Policies and Proceeds (as defined below). LBHI and Rose Ranch agree to the request of the Colorado Plaintiffs on the terms set forth herein. In connection therewith, the Colorado Plaintiffs expressly covenant and agree that (i) LBHI, Rose Ranch and their respective insurers shall be permitted to present any and all defenses to the Colorado Plaintiffs' claims; and (ii) in the event that any judgment or other relief is allowed against LBHI and/or Rose Ranch in the Colorado Litigation, execution or recovery thereon shall be limited to recovery against insurance policies and insurance proceeds that may be payable to the Colorado Plaintiffs under any applicable insurance policy in which either or both of LBHI and Rose Ranch is an insured, or in which either or both of Rose Ranch and LBHI possesses an interest (the "Insurance Policies and Proceeds").

        I.        In connection therewith, the Colorado Plaintiffs have agreed not to assert any claims against LBHI in LBHI's Chapter 11 Case or to recover any amounts from LBHI other than with respect to the Insurance Policies and Proceeds. The Colorado Plaintiffs have not, however, agreed to waive their rights, if any, to seek to assert claims in Rose Ranch's Chapter 11 Case, including claims related to the Colorado Litigation that have not been otherwise satisfied by the Insurance Policies and Proceeds.

        J.        The Colorado Plaintiffs have agreed not seek any relief with respect to PAMI Statler.

        K.        In light of the foregoing, LBHI, Rose Ranch, PAMI Statler and the Colorado Plaintiffs (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to modify the Automatic Stay for the purposes set forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay extant in the respective Chapter 11 Cases of LBHI and Rose Ranch shall be modified solely to the extent necessary to permit the Colorado Plaintiffs: (i) to assert any and all claims relating to the design, construction or maintenance of the golf course (and any related claims for damages) located at the Ironbridge Development in Garfield County, Colorado in the Colorado Litigation and prosecute such claims against LBHI, Rose Ranch, and/or their relevant insurers in order to recover their damages from the Insurance Policies and Proceeds, (ii) to settle the Colorado Litigation with LBHI and/or Rose Ranch's insurers, if appropriate, and (iii) to execute or collect upon any judgment rendered in their favor in the Colorado Litigation against the Insurance Policies and Proceeds without the need to seek further Court approval; provided, however, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against LBHI and/or Rose Ranch or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim, other than through the Insurance Policies and Proceeds, that arose prior to the Commencement Date from the respective estates and/or assets or property of any of the Debtors (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

5

3. The Automatic Stay extant in PAMI Statler's Chapter 11 Case shall be unmodified and remain in full force and effect for all purposes.

4. Notwithstanding the consent of LBHI and Rose Ranch to the limited relief described herein, the Colorado Plaintiffs hereby covenant and agree that in the event that any judgment or other relief is allowed against LBHI and/or Rose Ranch in the Colorado Litigation, execution or recovery thereon shall be limited to only the Insurance Policies and Proceeds.

5. Notwithstanding paragraphs 2 and 4 above, nothing contained herein shall be construed as a waiver (i) by the Colorado Plaintiffs of their right, if any, to seek to assert claims in Rose Ranch's Chapter 11 Case, including claims related to the Colorado Litigation that have not been otherwise satisfied by the Insurance Policies and Proceeds; (ii) by Rose Ranch of its right to object to any and all claims that may be asserted by the Colorado Plaintiffs in the Rose Ranch Chapter 11 Case for any reason, including that such claims are barred by the Bar Date Order; or (iii) by LBHI or Rose Ranch of their respective rights to raise any cross claims, counterclaims or defenses in the Colorado Litigation.

6. The Mosher Claim will be amended to add "LB Rose Ranch LLC" as the name of the Debtor against whom the Mosher Claim is held. Nothing contained herein shall be determinative of the validity or enforceability of the Craig Claim or the Mosher Claim and the Debtors shall retain their rights to object to the Craig Claim and/or the Mosher Claim for any reason.

7. The Colorado Plaintiffs covenant and agree not to assert any claims in LBHI's Chapter 11 Case or to seek any recoveries from LBHI except with respect to the Insurance Policies and Proceeds.

6

8. The Colorado Plaintiffs' prosecution of the Colorado Litigation shall comply with all applicable laws of the state of Colorado including, but not limited to, the Colorado Construction Defect Action Reform Act.

9. The limited relief set forth herein shall not be construed as an admission of liability by the Debtors or any of their non-Debtor affiliates regarding any claim or cause of action arising from or in relation to the Colorado Litigation or any other matter.

10. This Stipulation, Agreement and Order shall not limit any rights of the Colorado Plaintiffs to seek payment from non-debtor parties or from any sources of insurance other than the LBHI and/or Rose Ranch Insurance Policies and Proceeds.

11. Upon the Effective Date, the Motions shall be deemed resolved.

12. To the extent applicable, the post-discharge injunction of 11 U.S.C. §524 shall not in any way be interpreted to preclude or bar the Colorado Plaintiffs from exercising any of their rights or remedies provided for under this Stipulation, Agreement and Order, and shall not prevent them from recovering against the Insurance Policies and Proceeds.

13. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

14. The person who executes this Stipulation, Agreement and Order by or on behalf of each respective Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

15. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the

same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

16. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: November 15, 2011

**WEIL, GOTSHAL & MANGES LLP**

 /s/ Jacqueline Marcus
Jacqueline Marcus
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**KUTNER MILLER BRINEN, P.C.**

 /s/ David M. Miller
David M. Miller
303 East Seventeenth Ave., Suite 500
Denver, CO 80203
Telephone: (303) 832-2400
Facsimile: (303) 832-1510

Attorneys for the Colorado Plaintiffs

**SULLAN$^2$, SANDGRUND & PERCZAK P.C.**

 /s/ Curt Sullan
Curt Sullan, Esq.
1875 Lawrence Street, Ste. 850
Denver, CO 80202
Telephone: (303) 779-0077
Facsimile: (303) 779-4924

Attorneys for the Colorado Plaintiffs

**SO ORDERED:**

Dated: New York, New York
       November 18, 2011

 _s/ James M. Peck_
Honorable James M. Peck
United States Bankruptcy Judge