**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x
                                                                :
*In re*                                                         :       **Chapter 11**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :       **Case No. 08-13555 (JMP)**
                                                                :
            **Debtor.**                                         :       **(Jointly Administered)**
                                                                :
--------------------------------------------------------------- x

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## PURSUANT TO BANKRUPTCY RULE 3001(e)(2)

TO:

> Banco Bilbao Vizcaya Argentaria, S.A.
> Legal Department
> Attn: Ana Hidalgo and Elena Prieto
> Paseo de la Castellana, 81 – 21st Floor
> 28046 Madrid
> Spain
> Tel: +34 913 74 7891
> E-mail: ana.hidalgo@grupobbva.com and elena.pietro@grupobbva.com

PLEASE TAKE NOTICE of the transfer in the amount of $3,334,898.56 of your claim against Lehman Brothers Holdings Inc. in the above-captioned case arising from and relating to proof of claim no. 49909 (the "Claim") to:

> The Royal Bank of Scotland plc (the "Transferee")
> Attn: John Katsikoumbas
> 135 Bishopsgate
> London, EC2M 3UR
> United Kingdom
> Tel: +44 207 085 7778
> E-mail: john.katsikoumbas@rbs.com

PLEASE TAKE FURTHER NOTICE that in accordance with Rule 3001(e)(2) of the Federal Rules of Bankruptcy Procedure, evidence of partial transfer of the Claim is attached hereto as Exhibit A.  All notices and distributions to the Transferee in respect of the Claim should be sent in accordance with the instructions attached hereto as Exhibit B.

## EXHIBIT A

### (Evidence of Transfer of Claim)

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, Banco Bilbao Vizcaya Argentaria S.A ("BBVA") ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to The Royal Bank of Scotland PLC (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of 20 per cent. (20%) of the claim relating to the security with ISIN XS0290654978 with Blocking Number CA76594 specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 49909 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor holding claims of the same class or type that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) there have been no objections filed against Seller in respect of the Transferred Claims; (h) to the best of Seller's knowledge neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, or subordination and Seller has not received, as of the date hereof, any notice that the Transferred Claims are void or voidable or subject to impairment or objection of any kind.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller



transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.        All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.        Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof , to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.        Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.        Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _17_ day of November 2011.

**SELLER**
Banco Bilbao Vizcaya Argentaria S.A

By: _____
Name: BELEN RICO
Title: LEGAL COUNCEL

**PURCHASER**
The Royal Bank of Scotland PLC

By: _____
Name: BEN GULLIVER
Title: MANAGING DIRECTOR

c/o John Katsikoumbas
RBS Global Banking & Markets
135 Bishopsgate, London, EC2M 3UR, GB

Schedule 1

## Purchased Claim

20%, being EUR 2,350,000 (USD 3,334,898.56 per Notice of Proposed Claim Amount dated August 24, 2011) of the outstanding amount of the Proof of Claim 49909 as of 17 November 2011).

## Transferred Claims

Lehman Programs Securities to which Transfer of Claim Relates*

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Nominal Amount Transferred | Proposed Allowed Amount Transferred | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| AUTOREDEEMABLE 8yr ELN ON WORLD INDEX BASKET Series MTN6494 | XS0290654978 | Lehman Brothers Treasury Co.-B.V. | Lehman Brothers Holdings Inc. | 2,350,000 EUR | 3,334,898.56 USD per Notice of Proposed Claim Amount dated August 24, 2011) | N/A | March 16th 2015 | N/A |

*The blocking number is CA76594

Schedule 1-1

## EXHIBIT B

Addresses for Notices:

The Royal Bank of Scotland plc
Attn: John Katsikoumbas
135 Bishopsgate
London, EC2M 3UR
United Kingdom
Tel: +44 207 085 7778
E-mail: john.katsikoumbas@rbs.com

and

Dewey & LeBoeuf LLP
Attn: Irena M. Goldstein and Jeffrey Chubak
1301 Avenue of the Americas
New York, NY 10019
Tel: 212 259 8000
E-mail: igoldstein@dl.com and jchubak@dl.com

Wire Instructions:

| | |
|---|---|
| Bank: | JP Morgan Chase Bank, New York |
| Swift: | CHASUS33 |
| Account Number: | 400759136 |
| Swift: | RBOSGB2LGLO – Royal Bank of Scotland GLO, London |
| Reference: | Global Lending Operations / Banco Bilbao Claim Trade |