TROUTMAN SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 704-6000
Facsimile: (212) 704-6288
*Attorneys for Erlanger Health System*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | Chapter 11 Case No. |
|---|---|
| **LEHMAN BROTHERS HOLDINGS, INC.,** *et al.,* | 08-13555 (JMP) |
| **Debtors.** | (Jointly Administered) |

### LIMITED OBJECTION OF ERLANGER HEALTH SYSTEM
### TO ASSUMPTION OF EXECUTORY CONTRACT

Erlanger Health System (a/k/a Chattanooga-Hamilton County Hospital Authority) ("Erlanger"), by its undersigned attorneys, respectfully submits this objection to the proposed assumption of a certain contract that is set forth in Exhibit 2 to the Plan Supplement [Docket No. 21254] filed on October 25, 2011, by Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (collectively, the "Debtors"). In support of its objection, Erlanger states as follows:

### Background

1. On or about January 8, 2004 Lehman Brothers Special Financing Inc. ("LBSF") and Erlanger entered into three Transactions evidenced by three separate Confirmations dated January 8, 2004 (collectively, the "Confirmations") pursuant to an ISDA Master Agreement dated as of January 8, 2004 (the "Master Agreement") between LBSF and Erlanger which

1471367v6                                                  1

includes the Schedule to the Master Agreement (the "Schedule") and Credit Support Annex attached thereto (the "Credit Support Annex" and together with the Transactions, the Confirmations, the Master Agreement and the Schedule, collectively, the "Contract"). Pursuant to section 4(a) of the Master Agreement, LBSF delivered the guarantee (the "Guarantee") of Lehman Brothers Holdings Inc. ("LBHI") in the form of Exhibit B to the Schedule.

2. On September 15, 2008 and October 3, 2008, respectively, LBHI and LBSF filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), which are being jointly administered.

3. On August 31, 2011, the Debtors filed their Third Amended Joint Chapter 11 Plan (the "Plan"). This Court approved the Debtors' Disclosure Statement for the Plan on September 1, 2011 and scheduled the hearing for confirmation of the Plan to be held at 10:00 a.m. on December 6, 2011.

4. On October 25, 2011, the Debtors filed their plan supplement to the Plan [Dkt. No. 21254] (the "Plan Supplement"). Exhibit 2, Part A to the Plan Supplement lists certain derivatives contracts as executory contracts to be assumed by the Debtors, pursuant to sections 11.1 and 11.2 of the Plan and effective upon entry of an order confirming the Plan (the "Plan Schedule").

5. The Plan Schedule lists Erlanger as a counterparty to a derivatives contract that the Debtors propose to assume, but does not specify the particular agreement(s) with Erlanger that are slated for assumption. The note on the cover of the Plan Schedule states that unless a specific derivatives contract is noted for a specific counterparty, the Debtors intend to assume all derivatives contracts with that counterparty. In a notice of proposed assumption (the "Notice"), dated October 27, 2011, the Debtors notified Erlanger of their intent to assume the derivatives

contracts between LBSF and Erlanger, but did not provide any additional information with respect to the agreement(s) they intend to assume. It appears that the Debtors are seeking to assume the Contract.[1]

6. Because of the lack of information regarding the Debtors' intentions with respect to the assumption of the Contract, Erlanger is filing this Limited Objection.

## Limited Objection

7. Section 365 of the Bankruptcy Code provides that, in order to assume an unexpired executory contract, a debtor-in-possession must, among other things, provide adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1).

8. Erlanger objects to the proposed assumption of the Contract because, among other things, the Debtors have not provided Erlanger with adequate information for Erlanger to evaluate the proposed assumption of the Contract. More particularly, while the Debtors appear to indicate that LBSF will assume the Contract, there is no indication of what is to occur vis a vis the Guarantee which is required by the terms of the Master Agreement. Absent the Guarantee, the assuming entity will be in continuing default under the Contract from the effective date of the assumption. Furthermore, the Debtors must provide adequate assurance of future performance under the Contract. Both LBSF and LBHI are in liquidation and it is unclear how they would be in a position to provide adequate assurance of future performance if the Contract and the Guarantee were assumed.

9. Simply put, Erlanger needs more information from the Debtors in order to evaluate the proposed assumption of the Contract. Erlanger and counsel for Erlanger are currently engaged

---

[1] On information and belief, the Debtors have a copy of the Contract and the Guarantee referred to above, each of which is available upon request.

1471367v6                                   3

in discussions with the Debtors to address these issues. Nevertheless, Erlanger is filing this limited objection out of an abundance of caution in the event that the parties are not able to resolve these issues.

### Reservation of Rights

10. Erlanger hereby reserves all of its rights and remedies under the Contract, the Guarantee, the Bankruptcy Code, and any and all other rights and remedies existing under law or in equity or otherwise, whether or not described in this Objection, and no failure to exercise or delay in exercising any rights or remedies shall constitute a waiver of any of such rights or remedies.

### Conclusion

WHEREFORE, for the reasons set forth above, Erlanger objects to the proposed assumption of the Contract and Erlanger respectfully requests that the Court: (i) deny the Debtors' request for the approval of the assumption of the Contract unless the above-cited issues are resolved by the parties; and (ii) grant Erlanger such other relief as the Court deems just and proper under the circumstances.

Dated: November 18, 2011
New York, NY

TROUTMAN SANDERS LLP

By: /s/Hollace Topol Cohen
Hollace Topol Cohen

The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 704-6000
Facsimile: (212) 704-6288

*Attorneys for Erlanger Health System*