Presentment Date and Time:  December 13, 2011 at 12:00 p.m. (Noon) (Prevailing Eastern Time)
Objection Date and Time:  December 12, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (if an Objection is Filed):  TBD

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler
Brady C. Williamson

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | **Case No. 08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

----------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF ORDER GRANTING THE FIRST CONSOLIDATED APPLICATION OF RICHARD A. GITLIN, FEE COMMITTEE CHAIR, AND GODFREY & KAHN, S.C., COUNSEL TO THE FEE COMMITTEE, FOR RETROACTIVE AND INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED FROM JANUARY 24, 2011 THROUGH APRIL 30, 2011, AND REIMBURSEMENT OF ACTUAL AND NECESSARY <u>EXPENSES INCURRED FROM JANUARY 24, 2011 TO AUGUST 30, 2011</u>**

    **PLEASE TAKE NOTICE** that the undersigned will present the attached *First*

*Consolidated Application of Richard A. Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C.,*

*Counsel to the Fee Committee, for Retroactive and Interim Allowance of Compensation for*

*Professional Services Rendered from January 24, 2011 Through April 30, 2011, and*

*Reimbursement of Actual and Necessary Expenses Incurred from January 24, 2011 to August 30,*

*2011* (the "**Application**") and *Order Granting the First Consolidated Application of Richard A.*

*Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C., Counsel to the Fee Committee, for*

*Retroactive and Interim Allowance of Compensation for Professional Services Rendered from*

*January 24, 2011 Through April 30, 2011, and Reimbursement of Actual and Necessary*

*Expenses Incurred from January 24, 2011 to August 30, 2011* (the "**First Consolidated Order**")

proposed by the Fee Committee appointed in Lehman Brothers Holdings, Inc. ("**LBHI**") with its

affiliated debtors in possession (together, the "**Debtors**" and, collectively with their non-debtor

affiliates, "**Lehman**") pursuant to the *Order Appointing Fee Committee and Approving Fee*

*Protocol* (the "**Fee Committee Order**") [Docket No. 3651] and as amended by the April 14,

2011 *Order Amending the Fee Protocol* [Docket No. 15998], to the Honorable James M. Peck,

United States Bankruptcy Judge, at the United States Bankruptcy Court, Hamilton Customs

House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "**Bankruptcy**

**Court**") for approval and signature on **December 13, 2011 at 12:00 noon (Prevailing Eastern**

**Time).**

**PLEASE TAKE FURTHER NOTICE** that the Application seeks allowance of interim

compensation for professional services performed during the period from January 24, 2011

through April 30, 2011, and reimbursement of actual and necessary expenses incurred during the

period from January 24, 2011 through August 30, 2011, pursuant to sections 330(a) and 331 of

title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules

of Bankruptcy Procedure.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

**Rules**") and the Local Rules of the Bankruptcy Court for the Southern District of New York (the

"**Local Rules**"), shall set forth the name of the objecting party, the basis for the objection and

specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance

with General Order M-399 (which can be found at www.nysb.uscourts.gov ) by registered users

of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch

disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format (with two hard copies delivered directly to Chambers), and shall be

served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York,

New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New

York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the

Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini,

Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in these cases; and (v) Godfrey & Kahn, S.C., One East Main Street, Suite

500, Madison, WI 53703, Attn: Brady C. Williamson, Esq. and Katherine Stadler, Esq. attorneys

for the Fee Committee **so as to be so filed and received by no later than December 12, 2011

at 11:00 a.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

      **PLEASE TAKE FURTHER NOTICE** that the relief requested may be granted without

a hearing if no objection is timely filed and served in accordance with the procedures outlined

above.  If a written objection is timely filed and served, a hearing will be scheduled by the Court

to be held at the United States Bankruptcy Court for the Southern District of New York, Judge

James M. Peck, presiding, One Bowling Green, New York, New York 10004-1408.  If an

objection is filed, the moving and objecting parties are required to attend the hearing, and failure

to appear may result in relief being granted or denied upon default.

       Dated: Madison, Wisconsin
           November 18, 2011.


                 GODFREY & KAHN, S.C.



           By:       /s/ *Katherine Stadler*
                 Brady C. Williamson (BW 2549)
                 Katherine Stadler (KS 6831)

                 GODFREY & KAHN, S.C.
                 780 North Water Street
                 Milwaukee, Wisconsin 53202
                 Telephone: (414) 273-3500
                 Facsimile: (414) 273-5198
                 E-mail: bwilliam@gklaw.com
                           kstadler@gklaw.com

                 *Attorneys for the Fee Committee*

7067261_1

4

Presentment Date and Time:  December 13, 2011 at 12:00 p.m. (Noon) (Prevailing Eastern Time)
Objection Date and Time:  December 12, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (if an Objection is Filed):  TBD

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler
Brady C. Williamson

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | | |
|---|---|---|
| **In re** | **:** | **Chapter 11** |
| | **:** | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | **:** | **Case No. 08-13555 (JMP)** |
| | **:** | |
| **Debtors.** | **:** | **(Jointly Administered)** |

---------------------------------------------------------- x

### SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FILED UNDER 11 U.S.C. § 330 FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

### FIRST INTERIM FEE APPLICATION

Name of Applicants:        Richard A. Gitlin, Fee Committee Chair
                            Godfrey & Kahn, S.C., Counsel to the Fee Committee

Time Period:               January 24, 2011 through April 30, 2011

Current Application:       Total Fees Requested:  $806,450.00
                              (through April 30, 2011)

                            Total Expenses Requested:  $67,239.61
                              (through August 31, 2011)

Prior Applications:        None.

Interim Payments from Debtors:   None.

## Summary of Professionals and Paraprofessionals Providing Services

| Name of Godfrey & Kahn Professional | Practice Group(s) and Year of Attorney Admission | | Hourly Billing Rate (before flat fee adjustment) | Total Billed Hours | Total Fees (before flat fee adjustment) |
|---|---|---|---|---|---|
| **Shareholders** | | | | | |
| Brady C. Williamson | Bankruptcy | 1975 | $525.00 | 198.75 | $104,343.75 |
| Katherine Stadler | Litigation/Bankruptcy | 1997 | $430.00 | 343.55 | $147,726.50 |
| Eric Wilson | Litigation | 1994 IL 2003 WI | $450.00 | 129.10 | $58,095.00 |
| **Special Counsel** | | | | | |
| Carla Andres | Bankruptcy | 1989 OH 1993 WI | $350.00 | 100.60 | $35,210.00 |
| **Associates** | | | | | |
| Peggy L. Barlett | Bankruptcy | 2009 | $225.00 | 197.20 | $44,370.00 |
| Monica Santa Maria | Litigation | 2008 | $240.00 | 294.60 | $70,704.00 |
| Brian C. Spahn | Litigation | 2006 | $255.00 | 152.80 | $38,964.00 |
| Patricia Wheeler | Litigation | 2005 | $285.00 | 184.40 | $52,554.00 |
| **Paraprofessionals** | | | | | |
| Rebecca (Jill) Bradshaw | Research | | $175.00 | 4.90 | $857.50 |
| Zerithea Raiche | Bankruptcy Paralegal | | $165.00 | 561.40 | $92,631.00 |
| Maribeth Roufus | Bankruptcy Paralegal | | $165.00 | 85.30 | $14,074.50 |
| Nicole E. Talbott Settle | Litigation Paralegal | | $165.00 | 244.05 | $40,268.25 |
| Karen Zellmer | Litigation | | $165.00 | 4.10 | $676.50 |
| | | | **TOTAL:** | **2,500.75** | **$700,475.00**[1] |

## Fee Committee Chair

| | | | | | |
|---|---|---|---|---|---|
| Richard Gitlin | | | $904.34 | 248.8 | $225,000.00 |

---

[1] Blended rates are based on the total compensation requested in this Application, which includes a voluntary reduction in the amount of $105,075.50 in fees, but does not reflect further reduction based upon the flat fee compensation arrangement. See Application ¶ 29.

## Summary of Hours and Fees by Project Category

| Matter Number | Project Category | Total Billed Hours | Total Billed Fees |
|---|---|---|---|
| 2 | General Case Administration | 388.60 | $74,056.50 |
| 3 | Godfrey & Kahn's Fee Application | 0.30 | $157.50 |
| 4 | Third Party Retention/Fee Application | 3.10 | $1,019.50 |
| 6 | General Contact/Communication | 84.60 | $37,504.50 |
| 8 | Prepare for and Attend Fee Committee Meetings | 207.40 | $65,548.00 |
| 9 | Non-Working Travel[2] | 68.45 | $29,658.00 |
| 10 | Preparation of Summary Reports | 93.40 | $21,672.50 |
| 11 | Prepare for and Attend Hearings and Court Communication | 12.20 | $5,712.50 |
| 12 | Godfrey & Kahn's Retention Issues | 160.50 | $46,540.00 |
| 13 | Legal/Factual Research | 44.20 | $9,470.50 |
| 14 | General Case Meetings | 187.10 | $49,776.50 |
| 15 | Preparation of Fee Protocols/Orders/Other Pleadings | 98.70 | $37,059.00 |
| 16A | Alverez & Marsal | 1.90 | $892.50 |
| 16C | Bingham McCutchen LLP | 57.90 | $16,287.00 |
| 16E | Bortstein Legal, LLC | 16.30 | $4,411.00 |
| 16F | BrownGreer PLC | 85.50 | $24,994.00 |
| 16H | Clyde Click, P.C. | 0.30 | $121.50 |
| 16I | Curtis Mallet-Prevost, et al. | 59.50 | $15,545.50 |
| 16J | Dechert LLP | 36.80 | $9,485.00 |
| 16K | Deloitte Tax LLP | 0.20 | $86.00 |
| 16M | Duff & Phelps | 12.20 | $2,928.50 |
| 16N | Ernst & Young LLP | 4.20 | $1,083.50 |
| 16O | FTI Consulting, Inc. | 63.40 | $18,737.00 |
| 16P | Gibson Dunn & Crutcher LLP | 38.00 | $9,832.50 |
| 16Q | Houlihan, Lokey, Howard et al. | 13.50 | $4,079.50 |
| 16T | Jenner & Block LLP | 15.80 | $3,611.00 |
| 16U | Jones Day | 59.80 | $15,621.50 |
| 16V | Kasowitz, Benson, Torres et al. | 19.10 | $4,562.50 |
| 16W | Kleyr Grasso Associates | 15.90 | $4,097.00 |
| 16X | Latham & Watkins LLP | 16.60 | $4,429.00 |

[2] Total travel time is 136.9 hours and $59,316.00 in fees. The amounts listed represent a reduction of 50% for non-working travel time.

| Matter Number | Project Category | Total Billed Hours | Total Billed Fees |
|---|---|---|---|
| 16Y | Lazard Freres & Co. LLC | 10.50 | $3,498.50 |
| 16AA | McKenna Long & Aldridge LLP | 46.20 | $11,914.50 |
| 16BB | Milbank, Tweed, Hadley et al. | 141.20 | $35,966.50 |
| 16CC | MMOR Consulting, Inc. | 4.70 | $1,708.00 |
| 16DD | Momo-O, Matsuo & Namba | 8.10 | $2,159.00 |
| 16FF | Pachulski, Stang, Ziehl & Jones LLP | 42.80 | $9,993.00 |
| 16GG | Paul Hastings Janofsky & Walker LLP | 14.00 | $3,709.00 |
| 16HH | PricewaterhouseCoopers LLP | 7.70 | $2,001.00 |
| 16II | Quinn, Emanuel, Urquhart & Sullivan LLP | 74.50 | $19,184.50 |
| 16JJ | Reed Smith LLP | 0.40 | $191.00 |
| 16KK | Reilly Pozner LLP | 58.90 | $20,973.00 |
| 16LL | Richard Sheldon QC | 4.60 | $1,525.00 |
| 16MM | Simpson Thacher & Bartlett LLP | 20.10 | $5,451.00 |
| 16NN | SNR Denton US LLP | 1.20 | $512.00 |
| 16OO | Sutherland Asbill & Brennan LLP | 10.00 | $2,486.00 |
| 16PP | The O'Neil Group | 29.70 | $8,719.50 |
| 16QQ | Weil Gotshal & Manges LLP | 145.80 | $47,529.00 |
| 16RR | Windels Marx Lane & Mittendorf LLP | 14.10 | $3,733.50 |
| 16SS | Wollmuth Maher & Deutsch LLP | 0.30 | $121.50 |
| 16UU | Locke Lord Bissell & Liddell LLP | 0.50 | $120.00 |

| | |
|---|---|
| TOTAL HOURS: | 2,500.75 |

| | |
|---|---|
| TOTAL FEES: | $700,475.00 |

**Blended Hourly Rates:**

      **Fee Committee Chair:  $904.34[3]**

      **All Fee Committee Counsel attorneys:  $344.76[4]**

      **All Fee Committee Counsel professionals/paraprofessionals:  $232.50[5]**

---

[3] This blended rate is based on the provisional distribution to the Fee Committee Chair of $225,000 of the total compensation requested in this Application.  The Fee Committee counsel and the Chair may agree to a different distribution for this and subsequent interim fee periods, resulting in a change in blended hourly rates.

[4] Blended rates are based on the total compensation requested in this Application, which includes a voluntary reduction in the amount of $105,075.50 in fees, but does not reflect further reduction based upon the flat fee compensation arrangement.  See Application ¶ 29.

7067604_2

---

[5] This blended rate is based on the provisional distribution to Fee Committee Counsel of $581,450 of the total compensation requested in this Application.  The Fee Committee counsel and the Chair may agree to a different distribution for this and subsequent interim fee periods, resulting in a change in blended hourly rates.

Presentment Date and Time:  December 13, 2011 at 12:00 p.m. (Noon) (Prevailing Eastern Time)
Objection Date and Time:  December 12, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (if an Objection is Filed):  TBD

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler
Brady C. Williamson

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------
|                                  | x |                              |
|----------------------------------|---|------------------------------|
| **In re**                        | : | **Chapter 11**               |
|                                  | : |                              |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | **Case No. 08-13555 (JMP)** |
|                                  | : |                              |
| **Debtors.**                     | : | **(Jointly Administered)**   |
|                                  | x |                              |
-------------------------------------------------------

**FIRST CONSOLIDATED APPLICATION OF RICHARD A. GITLIN, FEE
COMMITTEE CHAIR, AND GODFREY & KAHN, S.C.,
COUNSEL TO THE FEE COMMITTEE, FOR RETROACTIVE AND
INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED FROM JANUARY 24, 2011 THROUGH APRIL 30, 2011, AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM JANUARY 24, 2011 TO AUGUST 30, 2011**

**TO:    THE HONORABLE JAMES M. PECK**
**UNITED STATES BANKRUPTCY JUDGE**

Richard A. Gitlin, Fee Committee Chair ("**Chair**"), and Godfrey & Kahn, S.C.

("**Godfrey & Kahn**"), Counsel to the Fee Committee (collectively the "**Applicants**"), appointed

in these cases submit this *First Consolidated Application of Richard A. Gitlin, Fee Committee*

*Chair, and Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Retroactive and Interim*

*Allowance of Compensation for Professional Services Rendered from January 24, 2011 Through*

*April 30, 3011 and Reimbursement of Actual and Necessary Expenses Incurred from January 24, 2011 to August 30, 2011* (the "**Fee Application**") pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016. Subject to the fixed compensation arrangement established in the Amended Fee Protocol, the Fee Application requests interim allowance of compensation for professional services from January 24 through April 30, 2011 and for reimbursement of actual and necessary expenses through August 30, 2011 (the "**Compensation Period**").

## BACKGROUND

1.        Commencing on September 15, 2008, and periodically thereafter (as applicable, the "**Commencement Date**"), Lehman Brothers Holdings, Inc. ("**LBHI**") and certain of its subsidiaries (the "**Debtors**") filed voluntary cases under the U.S. Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Creditors' Committee**").

3.        On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("**SIPA**") with respect to Lehman Brothers, Inc. ("**LBI**"). A trustee appointed under SIPA (the "**SIPC Trustee**") is administering the LBI estate.

2

4.      The Court appointed a Fee Committee on May 26, 2009 to execute the duties set

forth in the Fee Committee Order, amended from time to time,[1] including, among other things,

monitoring the fees and expenses incurred by professionals ("**Retained Professionals**") in these

chapter 11 cases.  On January 24, 2011, the Fee Committee recommended the appointment of

Richard A. Gitlin as the successor (to Kenneth Feinberg) Independent Member on the

four-member Fee Committee and, by an order the same day, the Court approved the

recommendation.  *See Order Approving Fee Committee's Recommendation of Appointment of*

*Successor Independent Member* [Docket No. 14117](the "**Gitlin Appointment Order**").

5.      On December 15, 2009, the Court entered an order authorizing the employment of

BrownGreer PLC ("**BrownGreer**") as fee and expense auditor and consultant to the Fee

Committee *nunc pro tunc* to June 10, 2009.

6.      On April 6, 2011, the Court entered the *Order Authorizing the Employment and*

*Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee Nunc Pro Tunc as of*

*January 24, 2011* [Docket No. 15663] to assist the Fee Committee in fulfilling the duties set

forth in the Fee Protocol, as amended on April 14, 2011 (the "**Godfrey & Kahn Employment**

**Order**").

7.      Pursuant to the terms of the Amended Fee Protocol and the Godfrey & Kahn

Employment Order, the Applicants have received a $250,000 per month fixed payment for

February, March, and April (and thereafter) and a pro-rated $56,450.00 payment for January.

These amounts have been conditionally paid to the Fee Committee's counsel and distributed to it

and to the Chair, subject to the filing of this Application.  Of these amounts, the Fee Committee's

counsel and the Chair distributed $581,450.00 to Godfrey & Kahn and $225,000.00 to the Chair,

---

[1] On April 14, 2011, the Court entered an Order amending the May 26, 2009 *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651], superseding and replacing that Fee Protocol with the "Amended Fee Protocol."  [Docket No. 15998].

subject to subsequent adjustment between them.  These paid amounts do not include, among

other things, actual and reasonable expenses and compensation for Transition Work as defined in

paragraph E of the Amended Fee Protocol.

## SUMMARY STATEMENT

8.      This Fee Application covers the first four calendar months of the Applicants'

work—from January 24 through April 30, 2011.  During that period, the Fee Committee

reviewed at least 33 interim fee applications (corresponding to the sixth interim fee period,

June 1 through September 30, 2010), totaling more than $106 million in fees and $3 million in

expenses.  Under the supervision of and in consultation with the Fee Committee, the Applicants

analyzed the sixth interim period fee applications, which included monitoring, reviewing and

resolving potential objections to the fees and expenses of the Retained Professionals.  In

addition, the Applicants helped establish measures to assist the Court in ensuring that

compensation and expenses paid by the estates are reasonable, actual and necessary under the

Bankruptcy Code and the related rules, orders and precedent.

9.      The Applicants request retrospective Court approval—pursuant to the U.S.

Bankruptcy Code, the U.S. Trustee Guidelines, and the orders approving the Applicants'

retention – of a total of $806,450.00 in fees and $67,239.61 in expenses.[2]  This total would, if

expressed in terms of an hourly rate, reflect a rate of $904.34 for the Fee Committee Chair[3] and a

---

[2] This expense total is comprised of $65,921.16 in expenses for Godfrey & Kahn from January 24, 2011 through August 30, 2011 and $1,318.45 in expenses for Richard Gitlin from January 24, 2011 through June 30, 2011.

[3] This blended rate is based on the provisional distribution to the Fee Committee Chair of $225,000.00 of the total compensation requested in this Application.  The Fee Committee counsel and the Chair may agree to a different distribution for this and subsequent interim fee periods, resulting in a change in blended hourly rates.

blended rate of $232.50 for the Fee Committee counsel[4] (reflecting, in turn, a range of hourly rates from $165 to $525).

10.    The Applicants request that the Court approve this first application, incorporating services and expenses incurred during the Compensation Period, because they have completed their assignment in a timely, efficient and effective manner.

A.    Their services have provided direct benefit to the estates, both tangible and intangible, by saving amounts inadvertently, improvidently or inappropriately billed to the estates.

B.    The services have assisted the Fee Committee, the Court and the U.S. Trustee in fulfilling their own responsibilities, and those same services have encouraged the Retained Professionals to submit applications for compensation and reimbursement that meet the requirements of the U.S. Bankruptcy Code, the U.S. Trustee Guidelines and the local rules of the Southern District of New York.

11.    The services provided by the Applicants neither can be nor should be evaluated solely in terms of documented savings to the estates. Any "savings" total does not reflect the time or expense saved by the Fee Committee, by the Court, by the U.S. Trustee, or by interested parties and Retained Professionals reviewing each other's fee and expense applications.

A.    Nor does the total reflect the beneficial if intangible effect of the fee review process itself, which can be "measured" in fees and expenses never billed to the estates as a result of professional judgment—avoiding scrutiny and objections for fees and expenses that might have been, however improvidently or mistakenly, requested.

---

[4] This blended rate is based on the provisional distribution to Fee Committee Counsel of $581,450 of the total compensation requested in this Application. The Fee Committee counsel and the Chair may agree to a different distribution for this and subsequent interim fee periods, resulting in a change in blended hourly rates.

B.      Nevertheless, for Retained Professionals' services rendered and costs incurred from June 1, 2010 through September 30, 2010 (the sixth interim period), by negotiation and objection, more than $1 million in reductions from fee and expense applications have resulted from the review process.

12.     With the accompanying daily and detailed statement of time spent and expenses incurred, the Applicants submit this summary:

- The billing records reflect Godfrey & Kahn's standard hourly rates for Milwaukee-based clients[5] before adjustment based on the flat fee arrangement.

- In the exercise of billing judgment, Godfrey & Kahn has initially written off 332 hours, representing at least $105,074.50 if billed at Godfrey & Kahn's standard hourly rates, to avoid billing the estates for duplicative time, time appropriately characterized as introductory, or time that may have been otherwise non-compensable.

- Travel time has been discounted 50 percent (pursuant to local practice).

- Time recorded by most transient billers—those who spent fewer than 10 hours over the Compensation Period—has been eliminated.

- In calculating the value of services rendered, without regard to the fixed compensation, no Godfrey & Kahn timekeeper has "billed" at a higher rate than their respective rate for Milwaukee-based clients in non-bankruptcy cases.  Some timekeepers have been billed at lower rates than rates generally applicable to Milwaukee-based clients in non-bankruptcy cases.

---

[5] Godfrey & Kahn, S.C. is a Milwaukee-based law firm.

- Where the time entries reflect meetings or conferences, whether in person or by telephone, the subject matter of the meeting and the participants are generally noted—unless the meetings are purely internal between or among lawyers, paralegals and staff at Godfrey & Kahn (*see infra*, ¶ 19) in which case only the subject matter is noted to reduce redundancy and length.

- No hotel charge for which reimbursement is sought exceeds $500, and no reimbursement request for a travel meal charge exceeds $40 for each meal and for each person.  Travel has been on coach class accommodations.

- The fee application and detail include no time for reviewing, editing, or categorizing daily time records.  The preparation of time records themselves has not been—and will not be—billed in any way to the estate.

## PRELIMINARY STATEMENT

13.     Since the Commencement Date, the Debtors and the Creditors' Committee, combined, have retained approximately 46 professional firms.  They not only provide legal and financial advice but, in essence, help manage the billion-dollar, multi-national, multi-dimensional corporation in the interests of its creditors and, to the extent consistent with the U.S. Bankruptcy Code, its equity holders and other interested parties.  These interested parties include some of the largest financial companies and pension funds in the world.

14.     Through May 31, 2011, and eight interim fee periods, the Retained Professionals collectively have sought interim Court approval for $886,329,824.48 in fees for professional services and $34,315,345.50 in expense reimbursements. [6]  This amount does not include the

---

[6] Pursuant to the Court's Monthly Compensation Order, the Retained Professionals generally have received each month on an interim basis 80 percent of the amounts they have invoiced for their services and 100 percent of their expenses—all subject to adjustment, objection and Court approval.

Debtors' payments to Alvarez & Marsal Holdings LLC, retained at the beginning of the cases to provide the Debtors with a Chief Restructuring Officer and additional personnel both to operate the companies, day-to-day, and to develop and implement the Debtors' strategy for reorganization.

15.     In 2011, to date, the Fee Committee already has met at least 15 times, most often in person but, occasionally, by telephone.  With a new Chairman, the Committee adopted and the Court approved new protocols (the "Amended Fee Protocol") for fee review and resolution—favoring an application-by-application process rather than retaining some of the across-the-board policies that had been in use.

16.     The Fee Committee also has reinstituted a budget process that, with the cooperation of the Retained Professionals, will provide both benchmarks and projections for fees to be incurred. To complement the budget process, the Fee Committee has initiated meetings with the Debtors' management team and Creditors' Committee representatives to discuss supervision and coordination of each Retained Professional and the management of the fee process.

17.     During the Compensation Period, the fee review process for the sixth interim fee applications began, as it had for earlier compensation periods, with a data audit by BrownGreer, the Richmond firm retained by the Debtors.  BrownGreer reviewed the applications for accuracy and quantitative inconsistencies.  Godfrey & Kahn then analyzed the applications virtually line-by-line.  The Fee Committee next sent each firm a letter report (the "**Report**"), consistent with the Amended Fee Protocol, raising questions, outlining concerns and defining differences concerning the application of the Bankruptcy Code, the U.S. Trustee Guidelines, and case law.

Without exception for the sixth interim fee period, the Fee Committee negotiated a resolution with each Retained Professional.

18.    The Applicants engaged in communications with all Retained Professionals regarding their fee applications; sought additional explanations and supporting documentation from many of them; and, negotiated significant stipulated reductions.  These efforts—documented in a series of reports, correspondence regarding negotiations, and stipulations resolving disputed fees and expenses—avoided the need for a contested hearing.  Of the 33 applications reviewed by the Fee Committee and the Applicants during the Compensation Period, all were consensually resolved.

19.    Only a relatively small number of Godfrey & Kahn professionals work on these matters, and their assignments have been designed to reduce, to the extent possible, duplication of effort.[7]  The majority of the work has been performed by Brady C. Williamson, Katherine Stadler, Carla O. Andres, Eric J. Wilson, Monica Santa Maria, Peggy L. Barlett, Brian C. Spahn, Patricia L. Wheeler, Zerithea G. Raiche, and Nicole Talbot Settle.

20.    The Chair, Richard A. Gitlin, has extensive experience with international financial and corporate restructuring.  He has served as an advisor to the International Monetary Fund as well as the governments of Canada, Korea, Indonesia and Mexico regarding corporate and/or sovereign restructuring reform.  Mr. Gitlin was a founder and former president of the American Bankruptcy Institute, Chair of the American College of Bankruptcy, and Chairman of INSOL International.

21.    Brady C. Williamson, lead attorney for the Fee Committee counsel, is a member of the National Bankruptcy Conference, the American College of Bankruptcy, and the American

---

[7] The billing records have also been reviewed in detail to try to ensure that duplicative or otherwise unproductive time has not been reflected.

Bankruptcy Institute.  In 1996 and 1997, he chaired the National Bankruptcy Review

Commission on the appointment of the President.  He has appeared before the U.S. Supreme

Court, the U.S. Courts of Appeal, and federal district and bankruptcy courts in a variety of

jurisdictions.  Mr. Williamson also serves as the Fee Examiner in the Motors Liquidation (GM)

proceedings.  *In re Motors Liquidation Co.*, No. 09-50026 (Bankr. S.D.N.Y. June 1, 2009).

22.     Katherine Stadler, a shareholder, works with the Fee Committee and Chair to

develop guidelines and standards, overseeing the fee review process to help ensure uniformity of

treatment.  Ms. Stadler's primary role is liaison between the Fee Committee Chair and members

and Fee Committee counsel.  Among other things, Ms. Stadler coordinates Fee Committee

meetings, materials and agendas, and she has attended all of the Fee Committee meetings.  Prior

to her work here, Ms. Stadler served, and continues to serve, as lead counsel to the Fee Examiner

in the Motors Liquidation bankruptcy.  An appellate and litigation attorney, she has more than

ten years of bankruptcy and complex commercial litigation experience.

23.     Eric Wilson, Carla Andres, and Monica Santa Maria, in addition to having

reviewed fee applications in the Motors Liquidation proceedings, each serves as a supervising

attorney in these matters.  Mr. Wilson, a shareholder and former (Wisconsin) Assistant Attorney

General and Assistant United States Attorney in Chicago, has more than 12 years of courtroom

experience.  Ms. Andres, special counsel and a former corporate CEO, has more than ten years'

corporate and transactional bankruptcy experience in addition to litigation experience as a former

Special Assistant United States Attorney.  Ms. Santa Maria, a fourth-year associate, has spent

more than 440 hours on fee review, reporting, analysis, negotiation and resolution of fee

applications in Motors Liquidation.  Along with Nicole Talbott Settle, a paralegal, one of

10

Ms. Santa Maria's primary responsibilities has been to integrate the efforts of Fee Committee counsel and BrownGreer, seeking greater efficiency and accuracy in the auditing phase.

24.     Each of these attorneys also worked with other litigation and bankruptcy associates and paralegals, as appropriate, to increase efficiency and reduce the cost to the estate.

25.     Mr. Wilson and Mr. Spahn, an associate, have been almost exclusively responsible for reviewing the applications of Weil, Gotshal, & Manges and other professionals for the Debtors.  Ms. Andres and Ms. Barlett, an associate, have been almost exclusively responsible for reviewing fee applications from professionals doing work on behalf of the Official Committee of Unsecured Creditors,  including Milbank Tweed.  Ms. Santa Maria and Ms. Wheeler, both associates, have worked almost exclusively reviewing fee applications from a large group of firms generally representing the Debtors as special counsel.

26.     Most of the legal research for the fee review process has been conducted by Ms. Santa Maria, a 2008 law school graduate and litigation team associate; Ms. Barlett, a 2009 bankruptcy associate; and, Ms. Wheeler, a 2005 litigation associate.  All of these associates have helped draft and review the Reports sent to the Retained Professionals.

27.     Two paralegals provided the majority of the paraprofessional services during the Compensation Period.  Zerithea G. Raiche—with more than 20 years of experience—maintained the electronic docket, attended team meetings, and had primary responsibility for coordinating filing and service as well as communications with the Court's staff.  Ms. Talbott Settle, a paralegal with 15 years of experience in complex litigation, provided fact-checking, maintaining a library of Fee Committee resources, and compiling written materials for the monthly Fee Committee meetings.  Ms. Talbott Settle also assisted with communication with BrownGreer and the Report preparation process.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

28.    The Applicants seek allowance of $806,450.00 in flat fee compensation for professional services performed from January 24 through April 30, 2011 and $67,239.61 in reimbursement for actual and necessary expenses incurred through August 30, 2011.[8]  Other than the flat rate monthly payments set forth in the Amended Fee Protocol and the Godfrey & Kahn Employment Order, the Applicants have not sought, received or been promised any payment from the Debtors pursuant to the Compensation Order or from any other entity or source.

29.    The detailed time records (which total $700,475.00 at normal hourly rates) accompanying the Application reflect the Applicants' voluntary reductions.[9]  For the convenience of the Court and interested parties, some (but not all) of the charges and expenses for which the Applicants do not seek compensation or reimbursement—which total $105,074.50 in fees and $2,601.12 in expenses—are nonetheless described in the detailed time records with a "no charge" notation.  The fees and expenses for which the Applicants generally do not seek reimbursement include: interoffice travel, certain in-house meals and some travel-related meals, long distance telephone charges, and secretarial and paralegal overtime.[10]

30.    The fees and expenses recorded are in accordance with the Applicants' existing billing rates and practices.  It is the Applicants' standard practice to evaluate its professionals' billing rates for market- and seniority-based adjustments that routinely take effect January 1st of each year; however, the rates used to calculate the value of services provided in these cases have not and will not change for this engagement—except on notice and an opportunity to be heard.

---

[8] This expense total includes expenses incurred by the Fee Committee Chair through June 30, 2011.

[9] The $581,450 in flat fee payments allocated to Godfrey & Kahn, in effect, results in an additional $119,025.00 voluntary reduction, subject to adjustment.  *See* nn.3&4, *supra*.

[10] Consistent with Administrative Order M-389, however, all such fees are included in the Applicants' calculation of total voluntary reductions.

31.     There is no agreement or understanding between the Applicants and any other entity for the sharing of compensation to be received for services rendered here.  The Chair and Godfrey & Kahn have agreed to an allocation between them of their collective flat rate fee—adjustable by agreement, necessarily—that, both believe, will reflect over time their respective contributions to the Fee Committee's work.  There is no agreement or understanding between Godfrey & Kahn and any other entity, other than shareholders of Godfrey & Kahn, for the sharing of compensation to be received for the services rendered.

32.     Attached to this Fee Application as **Exhibit A** are certifications of compliance with Administrative Order M-389.

33.     Attached as **Exhibit B** is a chart identifying each Godfrey & Kahn professional who provided services during the Compensation Period, organized by project category.

34.     Attached as **Exhibit C** are the detailed time records summarizing the services provided by Godfrey & Kahn during the Compensation Period, separated by project category.

35.     Attached as **Exhibit D** is a chart identifying the expense categories for which Godfrey & Kahn is seeking reimbursement and the total amount for each such category.

36.     Attached as **Exhibit E** are the detailed expense records summarizing the expenses for which Godfrey & Kahn requests reimbursement.[11]

37.     Attached as **Exhibit F** are the detailed time records summarizing the services provided by the Chair.

38.     Attached as **Exhibit G** is a summary of the expenses for which the Chair requests reimbursement.

---

[11] Additional documentation of expenses and disbursements, noted with asterisks in the detailed expense records, has not been filed with this Application but has been compiled and provided to the Fee Committee, U.S. Trustee, the Debtors, counsel to the Debtors and counsel to the Creditors' Committee.  The documentation has been redacted, as necessary, to remove personal information or information relating to other clients and matters.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED
## DURING THE COMPENSATION PERIOD

39.     The Chair provided at least 248.8 hours of services and Godfrey & Kahn provided

at least 2,833.7 hours of services necessary to the administration of the Debtors' cases.  Godfrey

& Kahn's services were provided primarily by professionals and paraprofessionals in its

Bankruptcy and Litigation practice groups with additional support by Corporate practice group

members—at billing rates ranging from $165 to $525 an hour.

A.     The Applicants have voluntarily declined to include in their detailed

billing records at least 332 hours of services and have included only 87 percent of the total legal

services provided in its calculation of value.

B.     The requested compensation reflects a blended rate for all Godfrey &

Kahn attorneys of $344.76 and a total blended rate of $280.11, if billed at standard Milwaukee

rates.  Further reduced to reflect the allocation of flat fee payments, the blended hourly rate

decreases to $232.50.

40.     The services for which the Applicants request compensation have been provided

in 61 project categories, summarized here.

41.     Matters 16A-16UU:  Analysis, Reports and Recommendations Regarding

Professionals' Fee Applications:  $322,300.00.

A.     During the Compensation Period, the Applicants reviewed at least 33 fee

applications for services during the sixth interim period.  The fee applications were divided into

three groups and, to reduce the likelihood of duplication, each group was assigned to a single

supervising attorney.  *See supra*, ¶¶ 19, 21-27.

B.     In general, each fee application and supporting expense or other

documentation—including spreadsheet analysis provided by BrownGreer—were initially

14

reviewed by one attorney for compliance with established case law, guidelines, local rules and this Court's orders. Questionable billing practices were identified in this initial review. Through internal meetings, Godfrey & Kahn identified distinguishing circumstances surrounding each application and winnowed the list of practices to those that would be brought to each Retained Professional's, the Fee Committee's and, if necessary, the Court's attention.

C.       Godfrey & Kahn professionals regularly kept each other, the Chair, and the Fee Committee apprised of the issues in the applications they examined to ensure as consistent an application of standards as possible. The detailed time records for Godfrey & Kahn's internal communications and conferences involving the professionals and paraprofessionals do not invariably identify each participant. External and internal communications *not* involving the practice team itself are identified both by participant and subject matter in the detailed billing records.

D.       The Applicants prepared Reports for each Retained Professional, covering the sixth interim fee period, identifying specific billing practices potentially not in compliance with the applicable standards. These Reports also included the bases for the reductions requested by the Fee Committee in established case law, guidelines, local rules and this Court's orders. In addition to the narrative report, the Applicants prepared exhibits, some with the assistance of BrownGreer, detailing the specific billing entries that did not comport with the guidelines.

E.       The Reports formed the basis for a dialogue with the Retained Professionals, through a formal "Negotiation Period" commencing with the Report and extending 30 days, to comment and respond to the Fee Committee's concerns for each application.[12]

---

[12] On several occasions, by agreement, a Retained Professional and the Applicants have agreed to variances from this schedule.

F.    The Reports were intended to provide transparency, and each Report explained the basis for any possible objection, rather than merely quantifying the proposed or agreed-upon reduction.

G.    The Applicants' analysis of the fee applications reviewed during the Compensation Period directly resulted in at least $1 million in reductions. All of the applications reviewed during the Compensation Period have been resolved by stipulated orders, subject to the final fee application process.

42.    Matter 0014:  General Case Meetings:  $49,776.50.  From the outset of its engagement, Fee Committee counsel began conducting weekly working group meetings.  These meetings are attended by Ms. Stadler, Ms. Andres, Mr. Wilson, Ms. Santa Maria, Ms. Barlett, Mr. Spahn, Ms. Wheeler, Ms. Raiche and Ms. Talbot Settle.  Most meetings last no more than one-half hour unless the group is addressing a major substantive issue or is completing a cycle of interim letter reports.  There are two principal reasons for the meetings.  The first is to communicate decisions of the Fee Committee in its formal meetings and determine how to most effectively implement them.  Second, the meetings allow team members to discuss issues arising in the fee application review process, comparing treatment and approaches to fee application and review to ensure they are handled consistently.  In addition, the meetings allow the team to identify issues that require Fee Committee consideration, as well as coordinate the preparation and compilation of data for separate professionals that the Fee Committee evaluated during the Compensation Period.  These weekly meetings have ensured, to the extent practical, greater uniformity of treatment of Retained Professionals, a Fee Committee priority.

43.    Matter 0008:  Prepare for and Attend Fee Committee Meetings:  $65,548.00.  During the Compensation Period, the Applicants attended meetings of the Fee Committee, in

person, on February 15, March 8, March 31, and April 28, 2011.  The Applicants seek

compensation and reimbursement only for the time of those professionals who had a

participating role in the meetings.  The Applicants have also attended, by telephone, other

meetings to address fee-related issues.  This matter also reflects time spent preparing agendas,

minutes, and comprehensive binders of materials prepared for each Fee Committee member.

44.     Matter 0015:  Preparation of Fee Protocols, Orders, and other Pleadings:

$37,059.00.  The Applicants continued the process, begun under the supervision of the former

Chair, of preparing, negotiating, and presenting to the Court for approval an Amended Fee

Protocol, the Fourth Amended Order for Interim Compensation, and Orders allowing Interim

Compensation for the Fifth Interim Period.  This process spanned several months and involved

hours of discussion, negotiation, and revisions involving both the Fee Committee and the

Retained Professionals.

45.     Matter 0009:  Travel:  $29,658.00.  Consistent with the practice of the Southern

District of New York, charges for all non-working travel time have been reduced by half.  The

Chair, Mr. Williamson and Ms. Stadler traveled to New York in January for initial meetings with

some of the Retained Professionals and with the U.S. Trustee.  In addition to traveling to the Fee

Committee meetings and chambers conferences, as noted above, representatives from Godfrey &

Kahn traveled to Richmond on February 9, 2011 to meet with BrownGreer to, among other

things, help Godfrey & Kahn understand its capabilities.

46.     Matter 0002:  General Case Administration:  $74,056.50.  Services provided in

this category included general case management activities that do not fit easily into another

substantive category.  These tasks include maintaining Godfrey & Kahn's "intranet" site,

forwarding daily filings and postings, and managing the communications between and among

Godfrey & Kahn professionals and paraprofessionals.

47.     Matter 0012:  Retention/Disclosure Issues:  $46,540.00.  Services recorded in this

category included the preparation and filing of the Applicants' retention documents and the

preparation of detailed and full disclosures to the Court and parties-in-interest.

48.     Matter 0003:  Fee Application Preparation:  $157.50.  Services provided in this

project category included the initial steps in preparing this first fee application—including

creating and refining the project categories for the preparation of fee applications.

49.     Matter 0004:  Third Party Retention/Fee Application:  $1,019.50.  Services

provided in this category included review, preparation and communications regarding third party

retention applications.

50.     Matter 0006:  General Contact/Communication:  $37,504.50.  Services provided

in this category included communications between the Fee Committee counsel, Chair, and

members outside of the context of preparation for and attendance at formal Fee Committee

meetings (matter 0008).  This category also included communications between Fee Committee

counsel and professionals that do not have a segregated matter number (16A-16UU), including

ordinary course professionals.

51.     Matter 0010:  Preparation of Summary Reports:  $21,672.50.  In this category,

services included preparation of and analysis for the Fee Committee's Reports and their filing.

This task category also included time spent working on summary materials, compiling all

professionals' data for reporting and monitoring.

52.    <u>Matter 0011:  Preparation for and Attend Hearings and Court Communication:</u>

<u>$5,712.50</u>.  Services provided in this category included preparing for and attending the informal

chambers conference on March 31, 2011 and directly related meetings of the Fee Committee.

53.    <u>Matter 0013:  Legal/Factual Research: $9,470.50</u>.  In this category, services

included legal research not specific to any other billing category and the review of case materials

and background information on the Fee Committee under prior membership.

**SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED
DURING THE COMPENSATION PERIOD**

54.    Godfrey & Kahn incurred total expenses through August 31, 2011 in the amount

of $68,522.28, of which $2,601.12 has been voluntarily assumed and not billed to the estate.  The

Chair incurred total expenses in the amount of $1,318.45.  Exhibits D, E, and G contain the

expense categories for which the Applicants seek reimbursement and the detailed expense

records, respectively.

A.    The expenses for which the Applicants seek reimbursement include only

some of those routinely charged to the Applicants' clients.

B.    The Applicants are not making a profit on any expense incurred as a result

of services provided by a third party and have made a reasonable estimate of the actual cost for

expenses incurred for any services provided in-house.  The Applicants' charges in these cases are

at the same rates or lower than those routinely charged to, and paid by, the Applicants' clients.

55.    The largest expenditure other than travel, totaling $19,914.26, was for

photocopies provided through a vendor, including copies made and mailed to the Fee

Committee.  For internal copies, Godfrey & Kahn typically charges clients $0.15 for each

black-and-white copy and $0.50 for each color copy; however, both rates have been reduced to

$0.10 a copy.  Photocopies provided by third-party vendors have been paid at rates of $0.08 to

$0.125 per page for black-and-white and $1.00 per page for color.  The Applicants have made

supporting documentation available for all external photocopies.  The next largest expense (other

than travel) was for research and overnight mail services primarily related to providing Reports

and exhibits to Retained Professionals and Fee Committee materials to the members.

56.     The Applicants have voluntarily written off all staff overtime, in-house meals, and

certain travel meals.

57.     The expenses are actual, reasonable and necessary in light of the scope of the

Applicants' retention to aid in the administration of these cases.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

58.     Interim compensation to professionals is governed by 11 U.S.C. §§ 330 and 331.

The Court is authorized to grant "reasonable compensation for actual, necessary services

rendered by the [professional person] and reimbursement for actual, necessary expenses."

59.     The Applicants respectfully maintain that the services provided were actual and

necessary to the administration of the fee examination process in these cases.  The fee review

process is a statutory mandate in all chapter 11 cases.  Given the size and complexity of these

cases, however, the U.S. Trustee proposed the creation of a Fee Committee to aid both the U.S.

Trustee and the Court.  The Debtors and Creditors' Committee concurred in the U.S. Trustee's

proposal that a Fee Committee be appointed.

60.     In reviewing whether a compensation request should be granted, the Court should

be guided by the following factors:

> [T]he nature, the extent, and the value of such services, taking into
> account all relevant factors, including—
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;

20

(C)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;

(E)      with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)      whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than these under this title;

11 U.S.C. § 330.

61.      The requested compensation and reimbursement meet the statutory requirements for allowance.  The Applicants have completed their work in a timely and efficient manner commensurate with the complexity, importance and nature of the issues involved.  The projects were staffed by professionals and paraprofessionals with demonstrated skill in the bankruptcy context, and all work has been assigned consistently with the need to prevent unnecessary duplication and to ensure that work is performed by the least senior person competent to handle the matter efficiently.

62.      Moreover, the requested compensation is reasonable because it is based on the customary compensation charged by comparably skilled professionals in Godfrey & Kahn's Milwaukee market and paid by Godfrey & Kahn's non-bankruptcy clients.  The Applicants have also thoroughly reviewed their time and expense detail and voluntarily written off more than $105,000 in combined charges.

63.      In addition, the total value of Godfrey & Kahn's services during the Compensation Period and reflected in the detailed billing records exceeds, by $119,025.00, the flat fee amount received by Godfrey & Kahn as its preliminary allocation for the Compensation

21

Period.  From the total sought for approval, Godfrey & Kahn has made the following reductions: $29,658.00 to comply with the local practice that travel should be compensated at half rate and $75,416.50 in other voluntary reductions.  That leaves a total of $700,475.00, for which Godfrey & Kahn would have qualified for payment if its compensation agreement were not at a fixed amount but, rather, at regular hourly rates.

64.    Accordingly, approval of the requested compensation is warranted.

## NOTICE

65.    Notice of this Fee Application has been provided to the parties in interest in accordance with the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 9635].  The Applicants submit that such notice is sufficient and that no other or further notice need be provided.

66.    No previous request for the relief sought has been made by the Applicants to this or any other Court for these matters.

## CONCLUSION

The Applicants respectfully request that the Court enter an order retrospectively authorizing interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $875,719.02, consisting of $806,450.00 in fees and $67,239.61 in actual and necessary expenses incurred during the Compensation Period.

22

Dated: Madison, Wisconsin
       November 18, 2011.

GODFREY & KAHN, S.C.

By:      /s/ *Katherine Stadler*
         Brady C. Williamson (BW 2549)
         Katherine Stadler (KS 6831)

         GODFREY & KAHN, S.C.
         One East Main Street, Suite 500
         P.O. Box 2719
         Madison, Wisconsin 53701-2719
         Telephone: (608) 257-3911
         Facsimile: (608) 257-0609
         E-mail: bwilliam@gklaw.com
                 kstadler@gklaw.com

*Attorneys for the Fee Committee*

6715521_4

23