Rajiv Jain & Rippan Jain
10 Jalan Besar, #B1-39
Sim Lim Tower
Singapore 208787
Singapore
Tel: +65 6291 4595
Email: rajivjain@pacific.net.sg

To:
The chambers of the Honorable James M. Peck,
Courtroom 601
One Bowling Green, New York,
New York 10004,
USA

Dear Sirs,

| | | |
|---|---|---|
| Bankruptcy Court | : | **UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK** |
| Debtor | : | **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** |
| Chapter 11 Case No | : | **08-13555 (JMP)** |
| Subject | : | **OBJECTION TO THE DEBTORS' TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM** |
| Claim Number | : | **6161** |

We wish to file our objection to the debtors request to disallow and expunge the filed proof of claims.

Full of the claim should be allowed without granting any relief to the debtors.

Rajiv Jain

Rippan Jain

RECEIVED
NOV 1 4 2011
U.S. BANKRUPTCY COURT, SDNY
JMP

**HEARING DATE AND TIME: November 30, 2011 at 10:00 AM (Eastern Time)**
**RESPONSE DEADLINE: November 11, 2011 at 4:00 PM (Eastern Time)**

---

**THE DEBTORS' TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JAE KIM, AT 212-310-8325.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :    08-13555 (JMP)
                                               :
                   Debtors.                    :    (Jointly Administered)
-----------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

   **PLEASE TAKE NOTICE** that on September 16, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (collectively, the "Debtors"), filed their two hundred fourteenth omnibus

objection to claims (the "Two Hundred Fourteenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Two Hundred Fourteenth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **November 30, 2011 at 10:00 AM (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred Fourteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.);

so as to be so filed and received by no later than **November 11, 2011 at 4:00 PM (prevailing Eastern Time)** (the "Response Deadline").

> **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Two Hundred Fourteenth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Two Hundred Fourteenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: September 16, 2011
      New York, New York

                                     _____

                                       Robert J. Lemons

                                       WEIL, GOTSHAL & MANGES LLP
                                       767 Fifth Avenue
                                       New York, New York 10153
                                       Telephone: (212) 310-8000
                                       Facsimile: (212) 310-8007

                                       Attorneys for Debtors
                                       and Debtors in Possession

HEARING DATE AND TIME: November 30, 2011 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: November 11, 2011 at 4:00 PM (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------x

In re                                              :     Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :     08-13555 (JMP)

                                    Debtors.       :     (Jointly Administered)

---------------------------------------------------x

**DEBTORS' TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION**
**TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S)AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JAE KIM, AT 212-310-8325.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, as debtors and

debtors in possession (together, the "Debtors"), respectfully represent:

## I. Relief Requested

1.      The Debtors file this two hundred fourteenth omnibus objection to claims (the

"Two Hundred Fourteenth Omnibus Objection to Claims") pursuant to section 502(b) of title 11

of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures

for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the

"Procedures Order") [ECF 6664], to disallow and expunge, or in the alternative, reclassify as

equity interests, the claims listed on Exhibit A annexed hereto (the "Subordinated Guarantee

Claims").

2.      The proofs of claim listed on Exhibit A were filed by holders of securities issued

by Lehman Brothers UK Capital Funding IV L.P. ("LB UK IV") or Lehman Brothers UK

Capital Funding V L.P. ("LB UK V"), non-Debtor entities that held subordinated debt issued by

LBHI.  The Subordinated Guarantee Claims are based, in whole or in part, on guarantees issued

by LBHI in connection with the securities issued by LB UK IV or LB UK V (the "Subordinated

Guarantees").

3.      However, as described below, pursuant to the terms of the Subordinated

Guarantees, LBHI has no liability to the holders of the Subordinated Guarantee Claims.

Accordingly, the Debtors' file this objection to expunge the Subordinated Guarantee Claims.  In

the alternative, if liability for the Subordinated Guarantee Claims exists, the Subordinated

Guarantee Claims should be subordinated in accordance with the terms of the Subordinated

Guarantees, which rank LBHI's obligations, if any, junior to LBHI's obligations for LBHI's subordinated debt and pari passu with LBHI's preferred equity. Any liability for the Subordinated Guarantee Claims should therefore be reclassified as equity.

## II. Background

4.    Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [ECF 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner filed its report with the Court on March 11, 2010 pursuant to section 1106(b) of the Bankruptcy Code [ECF 7531].

7.    On January 14, 2010, the Court entered an order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [ECF 6664], which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

X:\DOCUMENTS AND SETTINGS\MARTINRY\DESKTOP\LEHMAN\OMNI\213-219\US_ACTIVE_LBHI_ 214 OMNI OBJECTION (SUBORDINATE GUARANTEE CLAIMS)_43807704_1.DOC

3

### III. Jurisdiction

8.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### IV. Subordinated Guarantee Claims Asserted Against LBHI Should Be Expunged

9.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10.     The Debtors have no liability to the holders of Subordinated Guarantee Claims because the Subordinated Guarantees have terminated. Pursuant to the terms of the Subordinated Guarantees, the Subordinated Guarantees "shall terminate and be of no further force and effect upon the earliest of...dissolution of the issuer..."[1] LB UK IV and LB UK V, the issuers of those securities, were automatically dissolved pursuant to the terms of the Partnership Agreements establishing LB UK IV and LB UK V, which provide for the dissolution of the issuer when the

---

[1]  A copy of the prospectus for the securities issued by LB UK IV, dated January 4, 2007 related to Fixed/Floating Rate Enhanced Capital Advantaged Preferred Securities ("Prospectus IV") is attached hereto as Exhibit B. A copy of the prospectus for the securities issued by LB UK V, dated May 11, 2007 related to Fixed/Floating Rate Enhanced Capital Advantaged Preferred Securities ("Prospectus V") is attached hereto as Exhibit C. Prospectus IV and Prospectus V contain the terms of the Subordinate Guarantees "substantially in the form to be executed by LBHI" beginning on page 34 and 33, respectively. See Prospectus IV, section 4(c) at page 38 and Prospectus V, section 4(c) at page 37.

X:\DOCUMENTS AND SETTINGS\MARTINRY\DESKTOP\LEHMAN\OMNI\213-219\US_ACTIVE_LBHI_214 OMNI OBJECTION (SUBORDINATE GUARANTEE CLAIMS)_43807704_1.DOC

4

partnership no longer has at least one general partner or at least one limited partner.[2] LB GP No.

1 Ltd, as general partner for LB UK IV and LB UK V, and LB Investment Holdings Ltd, as

preferential limited partner for LB UK IV and LB UK V, were dissolved on June 22, 2010 and

May 17, 2011, respectively.[3] Accordingly, with the dissolution of the issuers, the Subordinated

Guarantees were terminated and LBHI has no further liability to the holders of the Subordinated

Guarantee Claims. Therefore, the Debtors request that they be disallowed and expunged in their

entirety.

### V. Subordinated Guarantee Claims Asserted Against LBHI Should Be Reclassified

11.    In the alternative, the Debtors request that the Subordinated Guarantee Claims be

reclassified as equity interests.

### A.    The Subordinated Guarantees Contain Subordination Provisions

12.    As described below in paragraph 13, the Subordinated Guarantees provide that

any claims arising from, in connection with, or in any way relating to, any failure of LBHI to pay

under the guarantee shall have the same priority as, and no greater priority than, preferred stock

interests in LBHI.

13.    Prospectus IV clearly states that LBHI's obligations under the Subordinated

Guarantees for the securities issued by LB UK IV

> ...constitute unsecured obligations of LBHI subordinated in right of payment to
> Senior Creditors and will at all times rank: (a) junior to all subordinated liabilities
> of LBHI ... (b) pari passu with Parity Securities, ... and (c) senior to the Junior
> Share Capital of LBHI. § 2.9 Prospectus IV, at page 36.[4]

---

[2] The relevant excerpts of the Partnership Agreements have been attached hereto as Exhibit D.

[3] See dissolution certificates attached as Exhibit E obtained from the official company register of the United
Kingdom and Wales. www.direct.companyhouse.gov.uk (September 2011).

[4] "Junior Share Capital" is defined as: "LBHI's common stock, together with any other securities or obligations of
LBHI expressed to rank junior to this Subordinated Guarantee and the Parity Securities." See Prospectus IV at page

Similarly, Prospectus V clearly states that LBHI's obligations under the Subordinated Guarantees for the securities issued by LB UK V

> ...constitute unsecured obligations of LBHI subordinated in right of payment to Senior Creditors and will at all times rank: (a) junior to all subordinated liabilities of LBHI ... (b) pari passu with Parity Securities, ... and (c) senor to the Junior Share Capital of LBHI.

§ 2.9 Prospectus V, at page 35.[5]

14.    Thus, even if the Subordinated Guarantees existed today, the holders of such Subordinated Guaranteed Claims are only entitled to an unsecured, subordinated right of payment from LBHI.

**B.    <u>Subordination Is Enforceable Pursuant to Bankruptcy Code Section 510(a)</u>**

15.    Section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable ... to the same extent that such agreement is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 510(a).

16.    Courts have routinely held that the "enforcement of lawful subordination agreements by Bankruptcy Courts does not offend the policy of equal distribution of the bankrupt's estate." *In re Leasing Consultants, Inc.* 2 B.R. 165, 168 (Bankr. N.Y. 1980), *citing In re Credit Industrial Corp.*, 366 F.2d 402, 407 (2d Cir. 1966). Under general contract law principles, when a subordination agreement is unambiguous, the parties' rights are governed exclusively by that agreement. *In re Leasing Consultants, Inc.*, 2 B.R. at 169.

---

34. "Parity Securities" is defined as: "...Any non-cumulative preferred stock, non-cumulative preferred securities (other than the Preferred Securities)..." *Id.*

[5] "Junior Share Capital" is defined as: "LBHI's common stock, together with any other securities or obligations of LBHI expressed to rank junior to this Subordinated Guarantee and the Parity Securities." See Prospectus V at 33. "Parity Securities" is defined as: "...Any non-cumulative preferred stock, non-cumulative preferred securities (other than the Preferred Securities)..." *Id.*

17.    Accordingly, to the extent LBHI has any liability on account of the Subordinated Guarantee Claims, the Debtors request that the Subordinated Guarantee Claims be reclassified as equity interests.

## VI. Reservation of Rights

18.    The Debtors reserve all their rights to object on any other basis to any Subordinated Guarantee Claim or any portion of any Subordinated Guarantee Claim for which the Court does not grant the relief requested herein.

## VII. Notice

19.    No trustee has been appointed in these chapter 11 cases.  Notice of this Two Hundred Fourteenth Omnibus Objection to Claims has been provided to:  (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee for Region 2; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF 9635]. The Debtors submit that such notice is sufficient and no other or further notice need be provided.

20.    No previous request for the relief sought herein has been made by the Debtors to

this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the

relief requested herein and such other and further relief as is just.

Dated: September 16, 2011
New York, New York

_____

Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

In re                                             :        Chapter 11 Case No.

                                                  :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :        08-13555 (JMP)

                                                  :

             Debtors.                             :        (Jointly Administered)

----------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN CLAIMS

Upon the two hundred fourteenth omnibus objection to claims, dated September 16, 2011 (the "Two Hundred Fourteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(d) of title 11 of the United States Code (the "Bankruptcy Code") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF 6664], seeking disallowance and expungement of the Subordinated Guarantee Claims, all as more fully described in the Two Hundred Fourteenth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Fourteenth Omnibus Objection to Claims having been provided to: (i) each claimant listed on Exhibit A attached to the Two Hundred Fourteenth Omnibus Objection to Claims; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Fourteenth Omnibus Objection to Claims.

case management and administrative procedures for these cases [ECF 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Two Hundred Fourteenth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Fourteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Fourteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2011
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

X:\DOCUMENTS AND SETTINGS\MARTINRY\DESKTOP\LEHMAN\OMNI\213-219\US_ACTIVE_LBHI_214 OMNI OBJECTION (SUBORDINATE GUARANTEE CLAIMS)_43807704_1.DOC

2