WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
 : 
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
 : 
Debtors. : (Jointly Administered)
 : 
------------------------------------------------------------------x

**SUPPLEMENTAL ORDER MODIFYING CLAIM**
**AMOUNTS ON ORDER GRANTING DEBTORS' SIXTY-SECOND**
**OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVE CLAIMS)**

WHEREAS RiverSource Life Insurance Company (the "Claimant") filed proofs of claim numbered 24189 and 25570 (collectively, the "RiverSource Claims") against Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF"), respectively, each in the amount of $2,724,397.04;

WHEREAS LBHI and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Sixty-Second Omnibus Objection to Claims (Settled Derivative Claims)*, dated October 13, 2010 [ECF No. 11975] (the "Sixty-Second Omnibus Objection"), objecting to certain claims including the RiverSource Claims;

WHEREAS the Sixty-Second Omnibus Objection sought, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], to reduce and allow the RiverSource Claims in accordance with that certain termination agreement (the "Termination Agreement") entered into between LBHI and LBSF and the Claimant on October 22, 2009;

WHEREAS the Debtors included the RiverSource Claims in the Sixty-Second Omnibus Objection in error, as the RiverSource Claims were not subject to reduction under the Termination Agreement;

WHEREAS the Claimant did not respond to the Sixty-Second Omnibus Objection prior to the deadline to respond to such objection, which was November 15, 2010 at 4:00 p.m. (Prevailing Eastern Time);

WHEREAS the Court held a hearing on December 1, 2010 to consider the relief requested in the Sixty-Second Omnibus Objection;

WHEREAS the Court entered an order on December 1, 2010 [ECF No. 13144] (the "Order"), granting the relief requested in the Sixty-Second Omnibus Objection, which, among other things, reduced each of the RiverSource Claims from $2,724,397.04 to $1,410,921.20 and allowed each of the RiverSource Claims in that reduced amount.

**IT IS HEREBY**:

ORDERED that each of the RiverSource Claims is reinstated to its original value of $2,724,397.04; and it is further

ORDERED that the Sixty-Second Omnibus Objection is withdrawn without prejudice as to the RiverSource Claims and without prejudice to assertion by the Debtors of any objections to the RiverSource Claims in the future; and it is further

2

ORDERED that this Supplemental Order shall have no effect on the RiverSource Claims other than as set forth above; and it is further

ORDERED that the rights of the Debtors and any other party in interest as to the RiverSource Claims are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to the RiverSource Claims, this Supplemental Order shall have no effect on the claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: New York, New York
      November 22, 2011

                                              *s/ James M. Peck*
                                              Honorable James M. Peck
                                              United States Bankruptcy Judge