WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :    08-13555 (JMP)
                                          :
                      Debtors.            :    (Jointly Administered)
                                          :
------------------------------------------------------------------x
```

## SUPPLEMENTAL ORDER REINSTATING CLAIMS ON ORDER GRANTING DEBTORS' ONE HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO SUPPORTING DOCUMENTATION CLAIMS)

WHEREAS on September 28, 2009, Singapore Credit Co-Operatives

League Ltd. (the "Claimant") filed proofs of claim numbered 35080 and 35081 (the

"Claims") against Lehman Brothers Holdings Inc. ("LBHI") in the amount of

$349,846.07 and $524,769.10, respectively;

WHEREAS LBHI and its affiliated debtors, in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed

the *Debtors' One Hundred Sixty-Sixth Omnibus Objection to Claims (No Supporting*

*Documentation Claims)*, dated August 19, 2011 [ECF No. 19383] (the "One Hundred

Sixty-Sixth Omnibus Objection");

WHEREAS the One Hundred Sixty-Sixth Omnibus Objection sought,

pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [ECF No. 6664], to disallow and

expunge the Claims on the grounds that the Claims were not accompanied by supporting

documentation as required by this Court's Bar Date Order,[1] all as more fully described in

the One Hundred Sixty-Sixth Omnibus Objection;

WHEREAS on or about September 6, 2011, the Claimant mailed a letter

(the "Letter") to Debtors' counsel, Weil, Gotshal & Manges LLP, enclosing various

documents, but did not include any reference to the One Hundred Sixty-Sixth Omnibus

Objection or the numbers of the Claims that the Letter was in reference to;

WHEREAS the Debtors believe that the Claimant failed to serve the

Letter on certain parties as required by the Notice of Hearing on Debtors' One Hundred

Sixty-Sixth Omnibus Objection (the "Notice of Hearing");

WHEREAS pursuant to the Notice of Hearing, the deadline to respond to

the One Hundred Sixty-Sixth Omnibus Objection was September 20, 2011 at 4:00 p.m.

(Eastern Time) (the "Response Deadline");

WHEREAS as of the Response Deadline, the Debtors had received

nothing from the Claimant other than the Letter;

WHEREAS after the hearing on the One Hundred Sixty-Sixth Omnibus

Objection held on October 5, 2011 (the "Hearing"), the Court entered an order [ECF No.

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the One Hundred Sixty-Sixth Omnibus Objection.

2

20606] (the "Order") granting the relief requested in the One Hundred Sixty-Sixth

Omnibus Objection and causing the Claims to be disallowed and expunged;

WHEREAS after entry of the Order, the Debtors identified the Letter as

responsive to the One Hundred Sixty-Sixth Omnibus Objection;

WHEREAS had the Letter been identified as a response to the One

Hundred Sixty-Sixth Omnibus Objection prior to the Hearing, the Debtors would have

withdrawn without prejudice the One Hundred Sixty-Sixth Omnibus Objection with

respect to the Claims and without prejudice to assertion by the Debtors of any future

objections, and the Claims would not have been disallowed and expunged pursuant to the

Order.

**IT IS HEREBY**:

ORDERED that Epiq Systems shall be authorized and directed to

immediately reinstate the Claims on Debtors' official claims register; and it is further

ORDERED that the One Hundred Sixty-Sixth Omnibus Objection is

withdrawn without prejudice as to the Claims and without prejudice to assertion by the

Debtors of any objections to the Claims in the future; and it is further

ORDERED that the rights of the Debtors and any other party in interest

with respect to the Claims are expressly preserved and unaffected by this Supplemental

Order; and it is further

ORDERED that other than with respect to the Claims, this Supplemental

Order shall have no effect whatsoever on any claims subject to the Order; and it is further

3

ORDERED that the Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Supplemental Order.


Dated: New York, New York
          November 22, 2011


                                                  *s/ James M. Peck*
                                                  Honorable James M. Peck
                                                  United States Bankruptcy Judge