**BARBARA M. ROTH**
**1216 S. MISSOURI AVENUE, #414**
**CLEARWATER, FL 33756**
**727-348-4751**
E-MAIL: <u>bmra114@yahoo.com</u>

November 1, 2011

*VIA HAND DELIVERY & UPS*
US Bankruptcy Court Southern District of New York
One Bowling Green, Room 534
New York, NY 10004
Attn: Clerk of the Court
Phone: 212-668-2870

RE: **Lehman Brothers Case #08-13555**
    **Notice of Motion and Settlement Agreement Regarding Lehman Health Care Trust**

Dear Clerk of the Court & Honorable James M. Peck:

I, Barbara Roth, **object to the Notice and Motion and Settlement Agreement regarding Lehman Health Care Trust**, as I read this notice/letter in the Emergency Room, after hundreds of hospitalizations, tests and surgeries; in complete disbelief and shock, that I continually reread the motion over and over again, during my hospitalization and find the strength and courage to move forward with the written objection here, as well as, worrying whether this lengthy hospitalization will be covered before me today, as I rely solely on my benefits of insurance and income to survive as my only source of means.

I have been disabled since 1994 and will be for the duration of my lifetime and I cannot work anymore. If I could work, I would, however I cannot. Furthermore, no one will hire me with the lengthy track record of being sick and on disability for so long, as outlined in the MIB – medical information bureau – a bureau that tracks medical stats and classifies one existence and the risk factor associated with such. I am a high-risk individual, who equates to an employer and or insurance company a red flag – use extreme caution with this particular individual. Being disabled, all insurance, from health insurance to life insurance, from car insurance to home insurance, etc. I am already pre-classified as the highest premium, which associates to higher premium dollar amounts – outside of my own financial means, I cannot afford to purchase such, as a few years ago I was quoted $950.00 a month, and recently just quoted $1350.00 a month, just for a supplemental medical insurance of 20% and the agent referred to the coverage as the Cadillac Supreme—top of the line service for a high risk customer per Blue Cross Blue Shield. In today's economic climate, how can one justify such to me, as well as to the retirees, as I worked long and hard, 100 hours a week plus, sacrificed my entire life personally and remained loyal to my employer Lehman Brothers Inc., after many mergers and acquisitions, from 1983-1995, to be disposed of in this fashion, without any moral or ethical values in today's work environment in comparison to the early 1980's, whereby "GREED" will continue to escalate and destroy lives and families – as **"ONCE KNOWN AS THE AMERICAN DREAM – NOW ILLUSTRATES WHAT IS THE DEAD DREAM"**.

Your Honor, James M. Peck, I voice and stand here before you today, from my hospital bed, wondering if my claim will be paid for during this hospitalization admission and future hospitalizations, opposed to focusing on getting better. I seek your approval to **deny and abolish, today and forever, the Notice and Motion and Settlement Agreement regarding Lehman Health Care Trust,** and prohibit Lehman Brother's to pass along this responsibility

Page –2–
US Bankruptcy Court Southern District of New York

and obligation to me - the Long Term Disability Recipient and the Retiree. People that fit into this criteria are unable to work or too old to work and are struggling to manage with what we are grateful to have-our benefits, both medical insurance and monthly monetary income. I have worked hard and never expected to become disabled so early on in life, but to survive I need my benefits today and forever, as they remain my only source of survival.

Today, let us restore back history, with corporate responsibility to America, by setting new rules and regulations concerning this issue and set this motion, as an example, rightfully due to me and all people on disability and retirees, commencing today of corporate, moral and social justice, as well as, honesty and integrity. Furthermore, the Division I worked for was profitable which was purchased from Barclays Capitol and believe they possibly should absorb the cost of such in some facet or another.

Overall, to highlight, I desperately need my disability benefits to live, both from a medical insurance standpoint, but also my monthly salary inclusive, as well, as I have no other course of income for survival in today's world, as I'm only 48 years old and I never thought I would every live to see such. Please your honor; please discard the motion today and always and don't turn your head the other way.

Thank you for your attention and cooperation, as I look forward to a favorable happy resolution. However, in the event that I am unable to physically attend the hearing, I would like to request to be telephonically conferenced in.

Sincerely,
*Barbara Roth*
Barbara Roth
BMR/
Enclosure: Notice of Motion

cc: **Chambers of the (2 Copies):**
Honorable James M. Peck
One Bowling Green, Courtroom 610
New York, NY 10004
212-668-2870

Mary Lopez – Case – Admin
212-668-2870 x-3670
Lynda Galveron - Teleconference
212-688-2870 x-3643

**Attorneys for the Debtors**:
Richard P. Krasnow, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

**Teleconferencing**
Court Call
866-582-6878/310-743-1850 Fax
www.courtcall.com

**Attorney's for the SIPA Trustee**
Jeffrey S. Margolin, Esq.
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York NY 10004

October 21, 2011

## NOTICE OF MOTION AND SETTLEMENT
## AGREEMENT REGARDING LEHMAN HEALTH CARE TRUST

Please be advised that Lehman Brothers Holdings Inc. ("LBHI") and James W. Giddens (the "SIPA Trustee"), Trustee for the SIPA Liquidation of Lehman Brothers Inc. ("LBI") under the Securities Investor Protection Act of 1970, as amended ("SIPA") (the SIPA Trustee, together with LBHI, the "Parties") have reached an agreement and settlement (the "Settlement Agreement") regarding the Lehman Health Care Trust established under section 501(c)(9) of the Internal Revenue Code of 1986, otherwise known as a voluntary employees' beneficiary association (the "VEBA").

Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 19, 2008, the Honorable Gerard E. Lynch, Judge of the United States District Court for the Southern District of New York, entered an order commencing liquidation with respect to LBI pursuant to the provisions of SIPA in the case captioned *Securities Investor Protection Corporation v. Lehman Brothers Inc.*, Case No. 08-CIV-8119 (GEL) and appointed the SIPA Trustee for the SIPA liquidation of the business of LBI pursuant to SIPA § 78eee(b)(3).

In September 2008, the VEBA was established and funded with a $95 million contribution to fund the payment of eligible health and medical benefits (the "Benefits") to participants in the group health plan sponsored by LBHI (the "Group Benefits Plan"). Effective January 1, 2010, LBHI terminated the Group Benefits Plan as to retirees and arranged for Aetna Life Insurance Company to offer to these individuals, at their option, substitute health care insurance coverage through a Group Access-only Plan (the "Aetna Plan") and converted disabled employees to COBRA continuation under the Group Benefits Plan as former employees, in each case at their sole cost. The Aetna Plan is not an employee benefit plan of LBHI, and LBHI has no responsibility, obligation or liability under such insurance arrangement. Since January 2010, the VEBA has been reimbursing retirees for their premiums under the Aetna Plan and former disabled employees for the COBRA premiums under the Group Benefits Plan by directly paying such premiums on their behalf. The VEBA has been amended to permit such reimbursements to be made, but there is no obligation to continue such reimbursements. Approximately $37 million in funds remain in the VEBA. The Parties have agreed to transfer control of the VEBA to LBHI, and the Parties have agreed to release each other from certain claims.

LBHI intends to seek a reimbursement for eligible Benefits LBHI paid on behalf of retirees, former employees on long term disability and current employees beginning in April 2009, in the amount of approximately $25 million. Such amount will be set aside for LBHI and will not be used to fund insurance premiums under the Group Access-only Program for retirees or the Group Benefits Plan for former employees on long term disability. LBHI intends to use the remaining VEBA funds exceeding the set aside amount (the "Excess Funds") to continue to

fund insurance premiums of retirees under the Aetna Plan and former employees on long term disability under the Group Benefits Plan, and will simultaneously pay covered Benefits for the Debtors' current employees and any costs of administration of the VEBA, until the Excess Funds have been exhausted or Aetna discontinues the Group Access-only Program or the COBRA continuation period for former employees on long term disability expires. LBHI and LBI will not make, nor are they obligated to make, any future contributions to the VEBA.

Although the VEBA is expected to continue to pay insurance premiums under the Aetna Plan on behalf of retirees and the Group Benefits Plan for former employees on long term disability, no payments will be made on behalf of such individuals after the VEBA funds have been exhausted or Aetna discontinues the Aetna Plan or the COBRA continuation period for former employees on long term disability expires. LBHI and LBI will not make any contributions to the VEBA and LBHI is not reinstating the Group Benefits Plan or undertaking any obligation to fund retiree and long term disability Benefits. Such costs remain the sole obligation of the individuals.

On October 21, 2011, the Parties filed a joint motion (the "Motion") seeking approval of the Settlement Agreement. A hearing (the "Hearing") will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 on **November 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)** to consider approval of the Motion and the Settlement Agreement.

If you choose to object to the Motion and the Settlement Agreement, you must file a written objection, with proof of service, with the Clerk of the Court and mail courtesy copies to: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 610; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Ave., New York, New York 10153, Attn: Richard P. Krasnow, Esq., and (iii) attorneys for the SIPA Trustee, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004, Attn: Jeffrey S. Margolin, Esq., so as to be received by no later than **November 9, 2011 at 4:00 p.m. (Prevailing Eastern Time)**.

**If you do not object to the approval of the Motion and the Settlement Agreement, you do not need to attend the Hearing.** Your failure to respond will be deemed to be a no-objection to the Motion and the Settlement Agreement. You may wish to consult legal counsel to the extent you deem appropriate.

If you would like to obtain complete copies of the Motion and/or the Settlement Agreement and its related documents, please visit www.lehman-docket.com for free access to such documents. Hard copies of these documents can also be requested from the Lehman Legal Hotline at lehmanteam@weil.com or 212-310-8040.

2

MONDAY, NOVEMBER 7, 2011

# **VIA HAND DELIVERY**

**TO:** US Bankruptcy Court Southern District of New York
One Bowling Green, Room 534
New York, NY 10004
Attn: Clerk of the Court
212-668-2870

**FROM:** BARBARA M. ROTH
1216 S. MISSOURI AVENUE, #414
CLEARWATER, FL 33756
727-348-4751

**RE:** **Lehman Brothers Case #08-13555**
**Notice of Motion and Settlement Agreement**
**Regarding Lehman Health Care Trust**

**CASE #:** 08-13555

**DATE:** Monday, November 7, 2011

## SIGNATURE OF DELIVERY:

_____
(Signature of Delivery)

S. HIBBERT
_____
(Print Signature of Delivery)