UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (the "Court"

IN re: Lehman Brothers Holdings Inc., et all

Chapter 11 case no.
08-13555 (JMP)
(Jointly Administered)



Wilkinson, Timothy B (the "Claimant")
Corner Cottage
Parsonage Lane
Little Baddow
Chelmsford
Essex  CM3 4SU
United Kingdom (+44 1245 227361)

Claim Number: 34829
Date Filed: 24 September 2009
Debtor: 08-13555 (Lehman Brothers Holdings Inc.)
Classification and amount: $ 1,543,425.91 (the "claim")

OMNIBUS OFJECTION TO CLAIMS (LATE FILED)

OPPOSITION TO PROPOSED DISALLOWANCE AND EXPUNGEMENT OF CLAIM on the grounds that the said claim violates the Bankruptcy Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order")(Docket no. 4271), as they were filed after the September 22, 2009 bar date. (the Disallowance")

The Claimant has made the Claim on the basis of his award of contingent stock awards, made as part of his compensation as an employee of Lehman Brothers during the period 2003-2007. Relevant documentation was filed with the Claim.

The Claimant objects to the Disallowance of the Claim on the basis that a good faith attempt was made to file the Claim in time but that due to the fact that a courier was making the delivery from the United Kingdom, the filing of the Claim was not made in the timescale advised to the Claimant on sending.

The Claimant is resident in the United Kingdom and used the services of the the Royal Mail to assist timely delivery of the Claim. The Claimant dispatched the Proof of Claim from the United Kingdom on 17th September, 2009 and Royal Mail indicated that the Express Airmail delivery would be made by 21st September, 2009.
In light of the above, the Claimant is asking the Court to exercise its equitable discretion to allow the Claim to proceed notwithstanding the fact that its filing was

technically out of time. In addition, the Claimant respectfully submits that, in light of the above circumstances, the delay should be characterized as "excusable neglect" reference to the approach taken by the Ninth Circuit in In re Dix, 95 B.R. 134 (bankr. 9th Cir. 1988) and the five factors to be considered when considering whether a delay in filing was due to "excusable neglect". In particular:

(i)   given the time frame involved the delay will not prejudice the debtor;

(ii)  the delay was short ( a matter of 2 days) and would not impact on efficient court administration

(iii) the circumstances leading to the late filing were outside of the reasonable control of the Claimant who believed 5 days via express airmail would be sufficient to ensure timely delivery of the Proof of Claim;

(iv)  the claimant at all times acted in good faith with respect of the filing;

(v)   the Claimant is acting for himself;

The Claimant submits that failure by the Court to do so would amount to unfair hardship being imposed upon the Claimant, notwithstanding his good faith efforts to make his filing in time.

The Claimant confirms that he is acting for himself and has the authority to reconcile, settle or otherwise resolve the Claim.

The Claimant notes that whilst he does not intend to participate in the hearing on 21st December 2011 in person ( as he is resident in the United Kingdom) he plans to participate in the hearing telephonically as per the Court's instructions.

Signed by:

*[signature: T. B. W...]*

1st October 2011