**EXHIBIT C**

SCANNED ON 11/24/2009

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____**EMILY JANE GOODMAN**_____   PART __17__

_Justice_

Index Number : 100887/2009                           INDEX NO. _____

LEHMAN BROTHERS HOLDINGS                  MOTION DATE _____
VS.
45 BROAD, LLC                                          MOTION SEQ. NO. _____

SEQUENCE NUMBER : 002                         MOTION CAL. NO. _____

APPT TEMP/PERMANENT RECEIVER

_____ this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits -- Exhibits ... | _____ |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

Cross-Motion:  ☐ Yes  ☑ No

Upon the foregoing papers, it is ordered that this motion _for the appointment_
_of a Receiver is granted, without opposition,_
_in accordance with the attached order_
_appointing a Receiver, signed simultaneously_
_herewith._

_This decision and the attached order_
_must be served "BY PLAINTIFF" on all parties to_
_this action, whether they have appeared_
_or not, within three days of receipt_
_of this decision and order._

~FILED~

~NOV 24 2009~

~NEW YORK~
~COUNTY CLERKS OFFICE~

Dated: ___11/17/09___                    _____ J.S.C.

Check one:   FINAL DISPOSITION     ✓ NON-FINAL DISPOSITION

Check if appropriate:        DO NOT POST     ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):



At IAS Part [ ] of the Supreme Court of the State
of New York, held in and for the County of New
York, at the Courthouse located at 60 Centre
Street, N.Y., N.Y., on the 17th day of October,
November
2009

P R E S E N T :

Hon. Emily J. Goodman,
                                          Justice.

-------------------------------------------------x

LEHMAN BROTHERS HOLDINGS INC.,

       Plaintiff,

          vs.

45 BROAD, LLC, KENT M. SWIG, GILSANZ
MURRAY STEFICEK LLP, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, NEW
YORK CITY BUREAU OF HIGHWAY
OPERATIONS, ENVIRONMENTAL CONTROL
BOARD OF THE CITY OF NEW YORK, NEW
YORK STATE DEPARTMENT OF TAXATION
AND FINANCE , "JOHN DOE 1-50," "MARY ROE
1-50", "XYZ CORP. 1-50" and "ABC, LLC 1-50"

The names of the "John Doe 1-50" "Mary Roe" "XYZ
Corp. 1-50" and "ABC, LLC 1-50" Defendants being
fictitious and unknown to the Plaintiff, the persons and
the entities being parties having an interest in or lien
against the premises sought to be foreclosed herein, as
owner, tenant, licensee, occupant or otherwise.

       Defendants.

-------------------------------------------------x

Index No. 100887/2009

(Justice Emily J. Goodman)

ORDER
APPOINTING A RECEIVER

MS # 002

FILED
NOV 24 2009
NEW YORK
COUNTY CLERK'S OFFICE

     Upon the summons and verified complaint herein, filed in the Office of the Clerk

of New York County on January 22, 2009, and the Notice of Pendency of this action filed in the

Offices of the Clerk of New York County on January 22, 2009, and upon reading and filing the

Affidavit of F. Robert Brusco, sworn to on October 12, 2009, the Affidavit of Patricia Mattoon

sworn to on September 18, 2009, the Memorandum of Law in Support of Plaintiff's Motion for

the Appointment of a Receiver, and the exhibits annexed to all of the foregoing together with all

{40295720:1}-1-

prior proceedings had heretofore and it appearing to the satisfaction of the Court that this action is properly brought to foreclose the lien evidenced and secured by the (i) a certain "Mortgage, Assignment of Leases and Rents and Security Agreement," dated as of June 12, 2006, in the original principal amount of $37,705,710.51, made by defendant 45 Broad, LLC ("45 Broad") to Lehman (the "First Mortgage"), as modified by that certain "Mortgage Spreader Agreement," dated as of February 26, 2007 (the "Mortgage Spreader")[1]; and (ii) a certain "Mortgage, Assignment of Leases and Rents and Security Agreement," dated as February 26, 2007, in the original maximum principal amount of $11,467,283.00, made by defendant 45 Broad to Lehman (the "Second Mortgage" and, together with the First Mortgage and the Mortgage Spreader, as the "Mortgages"), each upon certain real property commonly known as 45 Broad Street, New York, New York, in New York County (more particularly described in Schedule A of the Verified Complaint herein), together with the buildings, structures, improvements, and other property thereon. The Property together with any and all other property, real, personal and mixed, referred to in the Mortgages being hereinafter collectively referred to as the "Mortgaged Property"; that the Plaintiff, Lehman Brothers Holdings Inc. ("Plaintiff"), is the holder of record for the Mortgages; that in and by the Mortgages it was covenanted that if a default should be made in any payment due and payable under the Mortgages or if default shall be made in the due observance or performance of any other covenant, condition, or agreement in the Mortgages, an "Event of Default" (as defined in the Mortgages) would be deemed to occur thereunder; that it was further covenanted that the Plaintiff should be at liberty in any action to foreclose the Mortgages, and that the Plaintiff shall be entitled to the appointment of such receiver ex parte in

---

[1] The Mortgage Spreader spreads Lehman's first mortgage lien over both the initial mortgaged premises located at 45 Broad Street, New York, New York (the "45 Broad Street Property") and additional real property rights acquired by 45 Broad (collectively, the "Property").

any action to foreclose the Mortgage as a matter of right, without notice; that the mortgagor under the Mortgages is in default under the Mortgage for inter alia (1) the non-payment of all interest and other charges due under the Notes when same became due and continuing thereafter unabated; (2) not completing demolition and construction of the Project on the Mortgaged Property; (3) not keeping the Mortgaged Property free of mechanics' liens; (4) not paying real property taxes when due; (5) not resolving all open building violations and not maintaining a temporary certificate of occupancy for the Mortgaged Property; (6) not paying insurance premiums resulting in the insurance lapsing for the Mortgaged Property; (7) not applying all rents and income received in connection with the Mortgaged Property; and (8) not paying the entire amount of indebtedness after acceleration of the indebtedness secured by the Mortgages; that the Plaintiff seeks to maintain this action to foreclose the Mortgages; and that the appointment of a receiver of the Mortgaged Property is necessary for the protection of the Mortgaged Property and the Plaintiff's interest therein;

NOW, upon application of Windels Marx Lane & Mittendorf, LLP, attorneys for the Plaintiff, it is

ORDERED, that Patricia Mattoon of Mattoon Real Estate Services, 225 West 83rd Street, New York, New York 10024 be and he hereby is appointed, with the usual powers and directions along with those set forth in this Order, Receiver for the benefit of the Mortgaged Property and the Plaintiff of all the rents and profits now due during the pendency of this action and issuing out of the Mortgaged Property as set forth in the Complaint and commonly known as and by the street address 45 Broad Street, New York, New York with the associated development and property rights, including that described in Schedule A herein, which is encumbered by Plaintiff's mortgage liens; and it is further

ORDERED, that the Receiver is authorized to forthwith take charge and enter into possession of the property; and it is further

ORDERED, that before entering upon her duties, said Receiver shall be sworn to fairly and faithfully discharge the trust committed to her and this oath shall be filed with the Clerk of New York County, and shall execute to the People of the State of New York and file with the Clerk of this Court and undertaking in the penal sum of $ _500,000_ conditioned for the faithful discharge of her duties as such Receiver; and it is further

ORDERED, that all persons now or hereafter in possession of said Mortgaged Property, or any part thereof, and not holding such possession under valid and existing leases or tenancies, do forthwith surrender such possession to said Receiver, subject to emergency laws, if any; and it is further

ORDERED, that said Receiver may institute and prosecute suits for summary proceedings for the removal of any tenants or licensees or other persons therefrom; and it is further

ORDERED, that said Receiver be and hereby is authorized to make any prudent, reasonable, and necessary repairs or work to the Mortgaged Property and undertake such action consistent with the Receiver's exercise if its sound business judgment ; and it is further

ORDERED, that said Receiver be and hereby is authorized to (i) obtain and preserve permits and approvals for the development and construction of the Mortgaged Property; (ii) complete the transfer of development rights from the adjoining property to the Mortgaged Property located at 25 Broad Street, Tax Lot 19 (the "Lot 19 Property"); (iii) prosecute to completion the application for construction of a new building at the Mortgaged Property which was filed with the Department of Buildings; (iv) to merge the Mortgaged Property with a portion

of the Lot 19 Property; and (v) continue advancement of construction activities for a mixed-use building at the Mortgaged Property; and it is further

ORDERED, that said Receiver be and hereby is authorized and directed to resolve all unaddressed building violations issued against the Mortgaged Property and remediate same with the regulatory authorities as is necessary to (i) make such issues that are the subject of such violations safe and complete required construction activities at the Mortgaged Property; (ii) enable the construction of a mixed-use building on the Mortgaged Property; and (iii) comply with controlling law and regulations; and it is further

ORDERED, that said Receiver be and hereby is authorized and directed to inspect the Mortgaged Property and to correct potentially unsafe conditions and effectuate repairs and maintenance needed to preserve and protect the Mortgaged Property or persons and property thereat; and it is further

ORDERED, that if any of the defendants or their contractors, agents and/or employees are in possession of the licenses, permits, contracts, subcontracts, plans, agreements, correspondence, notices, and registration statements relating to the Mortgaged Property, they shall immediately deliver them to the Receiver; and it is further

ORDERED, that said Receiver forthwith deposit all monies received by her at the time he receives the same in her own name as Receiver in Wachovia Bank, 2330 Broadway @ 85th St, New York, NY 10024 (the "Depository") and such account shall show the name of this action, and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Receiver and countersigned by the surety on her bond or as required to pay for repairs and expenses of the Mortgaged Property; and the Receiver shall furnish the Plaintiff's attorneys and

monthly statements of the receipts and expenditures of the Receivership, together with a photocopy of the monthly statements received from said deposits; and it is further

ORDERED, that the Depository shall send monthly statements of deposits in and withdrawals from the account of the depositor Receiver to it and the attorney for the Plaintiff; and it is further

ORDERED, that during the pendency of this action the Mortgagor and its agents be, and hereby are, enjoined and restrained from contracting to sell or lease or otherwise license for use or possession any of space at the Mortgaged Property or other portions of the Mortgaged Property and from interfering with the said Receiver or her agents in their operation and possession of the Mortgaged Property, and it is further

ORDERED, that the Receiver is authorized to secure, obtain and/or arrange for the continued storage of any prepaid building materials, to supervise any subcontractors entering onto the Mortgaged Property to remove any rented equipment, and to preserve, continue or obtain any additional necessary permits or licenses to protect or secure the Mortgaged Property; and it is further

ORDERED, that the Receiver is authorized to pay the taxes, assessments, water and sewer rates and charges, the operational expenses for the Mortgaged Property, and the cost of all insurance required by the terms of the Mortgage or bonds necessary or required under the Loan Documents and after notice to the Plaintiff: (a) to make secure the Mortgaged Property and safeguard it from the elements and from acts of theft or vandalism, waste or deterioration; (b) to comply with all requirements of any department or other authority having jurisdiction; (c) to take such prudent and necessary actions that would prevent further deterioration of the constructed portions of the Mortgaged Property or those to be demolished, and (d) to take such further action

that a prudent owner or manager would with respect to the Mortgaged Property to preserve its value; and it is further

ORDERED, that the Receiver is permitted to incur expenses above and beyond such monies collected for the purposes above described; and it is further

ORDERED, that the Receiver after paying the expenses of the management and care of the Mortgaged Property as above provided retain the balance of the moneys that may come into her/her hands, until the further order of this Court and provide a final accounting to the attorney for the Plaintiff of all funds received and/or disbursed by the Receiver; and it is further

ORDERED, that the receivership shall terminate by Order of this Court; and it is further

ORDERED, that the Plaintiff shall be entitled to, but shall not have the obligation to, make protective advances to the Receiver as the Receiver may at any time request from Plaintiff to secure and protect the Mortgaged Property; and it is further

ORDERED, that the Receiver, or any party hereto, may at any time, on proper notice to the Plaintiff and all parties who may have appeared in this action and who have not waived such notice, apply to this Court for further and other instructions or powers necessary to enable the Receiver properly to fulfill her duties; and it is further

ORDERED, that the appointee named herein shall comply with Section 35a of the Judiciary Law, Sections 6401-6404 of the CPLR, Section 1325 of the RPAPL, and Rule 36 of the Chief Judge; and it is further

*and fill out the requisite forms for such.*

ORDERED, NOTWITHSTANDING ANY OTHER PROVISION OF THIS

ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT AN

ATTORNEY, APPRAISER, AUCTIONEER OR ACCOUNTANT, MANAGING AGENT

OR MANAGING SERVICES WITHOUT THE PRIOR AUTHORIZATION OF THE

COURT, AFTER MOVING IN A SEPARATE APPLICATION PURSUANT TO 36.1 OF

THE UNIFORM COURT RULES; *and it is further*

*ORDERED that a copy of this order be served on all parties, by plaintiff*

*whether they have appeared, or not, within 3 days of*

*receipt of a copy of this order*

ENTER:

_____

HON. EMILY J. GOODMAN, J.S.C.

**FILED**

NOV 24 2009

NEW YORK
COUNTY CLERK'S OFFICE

{40295720;1}-8-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LEHMAN BROTHERS HOLDINGS INC.,
      Plaintiff,

           vs.

45 BROAD, LLC, KENT M. SWIG, GILSANZ MURRAY STEFICEK LLP, NEW YORK CITY
DEPARTMENT OF TRANSPORTATION, NEW YORK CITY BUREAU OF HIGHWAY
OPERATIONS, ENVIRONMENTAL CONTROL BOARD OF THE CITY OF NEW YORK, NEW
YORK STATE DEPARTMENT OF TAXATION AND FINANCE, "JOHN DOE 1-50," "MARY ROE
1-50", "XYZ CORP. 1-50" and "ABC, LLC 1-50"

The names of the "John Doe 1-50" "Mary Roe" "XYZ Corp. 1-50" and "ABC, LLC 1-50" Defendants
being fictitious and unknown to the Plaintiff, the persons and the entities being parties having an interest
in or lien against the premises sought to be foreclosed herein, as owner, tenant, licensee, occupant or
otherwise.

      Defendants.

## PROPOSED FORM OF ORDER APPOINTING A RECEIVER
### Index No. 100887/2009

### WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for*

156 WEST 56TH STREET
NEW YORK, NEW YORK 10019
212.237.1000

TO:
                        Signature (Rule 130-1.1-a)

                        Printed name beneath
                        Mark A. Slama

Attorney(s) for
Service of a copy of the within                         is hereby admitted.

Dated,

                Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within court on
☐ NOTICE OF SETTLEMENT
that an order                         of which the within is a true copy will be presented for
settlement to the HON.                     one of the judges
of the within court, at
on                     at           M

Dated,                                 Yours, etc.

                WINDELS MARX LANE & MITTENDORF, LLP
                        *Attorneys for*

                    156 WEST 56TH STREET