# EXHIBIT D

# Weil, Gotshal & Manges LLP

BY FEDEX AND E-MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Jacqueline Marcus**
+1 212 310-8130
jacqueline.marcus@weil.com

November 6, 2011

Eva Talel, Esq.
Dale J. Degenshein, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, New York 10038

Re:   In re Lehman Brothers Holdings Inc., *et al.*, Chapter 11
      **Case No. 08-13555 (JMP) (jointly administered)**

Dear Ms. Talel and Ms. Degenshein:

We are the attorneys for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). As you may know, LBHI commenced its Chapter 11 Case on September 15, 2008. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

LBHI holds a mortgage on certain real property located at 45 Broad Street, New York, New York ("45 Broad"). In connection therewith, LBHI has commenced a foreclosure action (the "State Court Action"), captioned *Lehman Brothers Holdings Inc. v. 45 Broad, LLC* et al. (Index No. 100887/2009), to enforce its rights in 45 Broad. The State Court Action is pending in the Supreme Court of the State of New York, County of New York (the "State Court"). A foreclosure sale is scheduled for November 16, 2011 in the State Court Action (the "Foreclosure Sale").

Reference is made to the Motion to Intervene and related documents (collectively, the "Motion") you filed on October 31, 2011 in the State Court Action on behalf of Walwilhal Associates LLC ("Walwilhal"). Walwilhal seeks to compel the receiver appointed by the State Court to perform certain repairs (the "Repairs") to a portion of a building located at 41 Broad Street, New York, New York. Walwilhal acknowledges that the Repairs would have to be funded by LBHI. *Memorandum of Law of Proposed Intervenor Walwilhal Associates in Support of its Motion to Intervene for the Limited Purpose of Compelling the Receiver to Comply with this Court's Order*, p. 5.

Alternatively, Walwilhal seeks an order from the State Court directing the purchaser of 45 Broad at the Auction to immediately fund the Repairs. Such an order, or even the threat of such an

November 6, 2011  **Weil, Gotshal & Manges LLP**
Page 2

order, inevitably will chill the bidding at the Foreclosure Sale and result in a lower recovery for LBHI on its interest in 45 Broad.

In connection with the Motion, Walwilhal caused the entry by the State Court of an order to show cause (the "Order to Show Cause"). The Order to Show Cause purports to require LBHI and the other parties to the State Court Action to take certain actions to prevent the relief requested in the Motion from being granted by default.

The commencement of LBHI's Chapter 11 Case automatically resulted in the imposition of a stay applicable to all entities of, among other things:

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of a case under this title.
>
> ***
>
> any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.
>
> ***
>
> any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. §§ 362(a)(1), 362(a)(3), 362(a)(6).

Since the stay is automatic, actions taken in violation of the stay are "'void even where the acting party had no actual notice of the stay.'" *Hearst Magazines v. Stephen L. Geller, Inc.*, 2009 WL 812039 *1 (S.D.N.Y.) (quoting *Dalton v. New Commodore Cruise Lines Ltd.*, 2004 WL 344035 *3 (S.D.N.Y. 2002).

The measures that Walwilhal has taken in the State Court Action are in violation of the automatic stay under section 362 of the Bankruptcy Code and may compel LBHI to take appropriate action in the United States Bankruptcy Court for the Southern District of New York, including seeking costs and other expenses. Pursuant to established case law, parties may be held in contempt of court for violating the automatic stay. *See Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976); *Colon v. Hart* (*In re Colon*), 114 B.R. 890, 896 (Bankr. E.D. Pa. 1990) ("Many courts have held . . . that a willful violation of the statutory stay provision constitutes civil contempt and may be addressed as such.").

LBHI hereby demands that the Motion be withdrawn immediately and that you and Walwilhal refrain from (i) any and all attempts to interfere with property of LBHI's estate, and (ii) any

November 6, 2011						**Weil, Gotshal & Manges LLP**
Page 3

actions that may affect LBHI's interest in 45 Broad, including with respect to the Foreclosure Sale. You are further directed to provide LBHI with confirmation of same by close of business on Wednesday, November 9, 2011. If you have any questions regarding the foregoing, please do not hesitate to contact me.

								Very truly yours,

								*Jacqueline Marcus*

								Jacqueline Marcus

cc:	Joelle Halperin (via email)
	Brook Boyd (via email)
	Adrienne Bernard (via email)
	Zachary Bernstein (via email)
	David Skaller (via email)
	Justin Palmer (via email)
	Patricia Mattoon (via email)
	Robert Jacobs (via email)
	Thomas Gagliano (via email)
	Sam Mizrahi (via email)
	Mark Slama (via email)