# EXHIBIT E

# STROOCK

November 8, 2011

Kenneth Pasquale
Direct Dial  212-806-5562
Direct Fax  212-806-2562
kpasquale@stroock.com

<u>Via Overnight Mail and E-Mail</u>

Jacqueline Marcus, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York  10153-0119

Re:   In re Lehman Brothers Holdings Inc., et al.
      <u>Case No. 08-13555 (JMP)</u>

Dear Ms. Marcus:

As you know, my firm represents Walwilhal Associates, LLC ("Walwilhal") with respect to property located at 41 Broad Street, New York, New York. We received your letter dated November 6, 2011, by which you allege that Walwilhal violated the automatic bankruptcy stay by filing a motion to intervene in the State Court Action[1] to compel the state-court appointed Receiver (but not the Debtor, LBHI), to make certain repairs impacting Walwilhal's property at 41 Broad Street.

Your letter fails to mention that LBHI sought, by motion to the Bankruptcy Court, dated March 22, 2011 [Docket No. 15257], the authority to make certain "Additional Investments" in properties located at 25 Broad Street and 45 Broad Street, including "$226,000 as part of a proposed agreement with the owners ("<u>Adjacent Landowner</u>") of a property located between the Properties." Walwilhal is the "Adjacent Landowner" referenced in LBHI's motion, and 41 Broad Street is the property located between the two LBHI properties that were the subject of LBHI's motion. By order dated April 14, 2011 [Docket No. 16000; the "<u>Order</u>"], LBHI was "authorized to make the Additional Investments and consummate all of the transactions contemplated thereby, <u>including the advance of funds with respect to the Properties</u>… it being understood that any actions

---

[1] Capitalized terms not defined here have the meanings ascribed to them in your November 6 letter.

Jacqueline Marcus, Esq.
November 8, 2011
Page 2

described in this paragraph taken by the Debtors or their affiliates may be taken <u>without the necessity of any further court proceedings or approval</u>. . . ." (emphasis added). Accordingly, the Bankruptcy Court authorized LBHI to use property of the estates to pay for certain work at LBHI's properties as necessary to develop the properties, without which such development would be delayed or prohibited.

As LBHI makes clear in its affidavit in the State Court Action, the funds directed to be advanced by the Order with regard to Walwilhal, the Adjacent Landowner, were to be used for the express purpose, *inter alia*, of curing certain New York City Environmental Control Board ("ECB") and Department of Buildings violations (the "Violations"), as to the severity of which the Violations state "HAZARDOUS", "Aggravated" and further state that "NO COMPLIANCE HAS BEEN RECORDED." These Violations which were placed on 45 Broad relate to the hazardous and unlawful condition that exist at 41 Broad's wall and are 45 Broad's responsibility to cure.

Specifically, in making its application for appointment of a receiver, LBHI submitted the affidavit of F. Robert Brusco, an employee of LBHI, in which he attested, *inter alia*, to the following:

> 2 ... a Receiver is necessary in order to: ensure the maintenance and preservation of the Mortgaged Property ...; to obtain and preserve critical permits and approvals that are about to lapse; to complete the transfer of valuable development rights from the adjoining property to the Mortgaged Property; to merge the Mortgaged Property with a portion of the adjoining tax lot; <u>to cure certain Department of Building violations in order to permit construction</u>; and to prevent further deterioration and decline in the value of the Mortgaged Property [emphasis added].

★★★★

> 12. There are several critical, complex issues affecting the Mortgaged Property that must be addressed in the short-term, including, but not limited to:
>
> • Certain open building department violations issued against the Mortgaged Property (see Exhibit 2) must be cured so as to not only comply with controlling law and regulation, but in order to permit construction on the Property.

Jacqueline Marcus, Esq.
November 8, 2011
Page 3

The Exhibit B referenced by Mr. Brusco details all open violations on 45 Broad, including the hazardous and aggravated Violations relating to the 41 Broad wall.

In addition, the Receiver commissioned an engineering report which confirmed that the wall of Walwilhal's property, 41 Broad, was in desperate need of repair. Notwithstanding that LBHI in the State Court Action requested – and the State Court ordered – that the Receiver be charged with curing violations, nothing has been done.

In light of the Order and the authority provided to LBHI to make the Additional Investments (funds that, as detailed above, the Receiver represented in the State Court Action it would use to, *inter alia*, fund the Repairs and remedy the Violations described in the Motion to Intervene), and the fact that the only relief Walwilhal seeks is against the Receiver, not against LBHI, we do not believe that Walwilhal's Motion to Intervene violates the automatic stay. We are, however, prepared to file a "protective" motion in the Bankruptcy Court to lift the stay, if necessary, in which we would remind the Bankruptcy Court of the Order that it issued on LBHI's representation that LBHI's funds would be used to perform necessary (and still unperformed) work at its properties. We believe that this would be an unnecessary waste of the parties' and the Court's resources in these circumstances.

We request that LBHI reconsider its position and that the parties enter into an appropriate stipulation to govern further proceedings in the State Court Action. Alternatively, we respectfully suggest that the Receiver should simply repair the 41 Broad wall and cure the Violations. The funds to do so have already been made available by the Order, for precisely such purposes. We look forward to your prompt response.

Please provide a copy of this letter to those persons who were copied on your November 6 letter; the email to us attaching your letter did not provide their email addresses or contact information.

Very truly yours,

Kenneth Pasquale

cc:   Eva C. Talel, Esq.
      Dale J. Degenshein, Esq.
      Brook Boyd, Esq. ( Via E-Mail)