**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                     :

**In re**                      :      **Chapter 11**

                     :

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :      **Case No.: 08-13555 (JMP)**

                     :

         **Debtors.**              :      **(Jointly Administered)**

                     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

**NOTICE OF PARTIAL TRANSFER OF CLAIM**
**OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1.     TO:          Barclays Bank PLC
                       745 Seventh Avenue
                       New York, NY 10019
                       Attn: Daniel Crowley

2.     Please take notice that $609,586.51 of your claim against Lehman Brothers Holdings Inc., identified by XS0229584296 arising from and relating to Proof of Claim No. 64031 (attached as Exhibit A hereto), has been transferred to:

         Silver Point Capital Offshore Master Fund, L.P. ("Transferee")
         c/o Silver Point Capital, L.P.
         Two Greenwich Plaza, First Floor
         Greenwich, CT  06830
         Attn: David F. Steinmetz

        An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee at the above address, with a copy to:

         Davis Polk & Wardwell LLP ("Davis Polk")
         450 Lexington Avenue
         New York, NY 10017-3904
         Fax: 212-701-5800
         Attn: Eric Ruiz

3.     No action is required if you do not object to the partial transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

> United States Bankruptcy Court
> Southern District of New York
> Attn: Clerk of Court
> Alexander Hamilton Custom House
> One Bowling Green
> New York, NY 10004-1408

-- **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

-- Refer to **INTERNAL CONTROL NO. XS0229584296** in your objection and any further correspondence related to this transfer.

4.     If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIM.**

CLERK

---------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on
_____, 2011.

INTERNAL CONTROL NO. XS0229584296

Copy: (check) Claims Agent___ Transferee___ Debtors' Attorney___

<br>

_____
Clerk of the Court

# EXHIBIT A

| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)          0000064031 |
|---|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

FOR COURT USE ONLY

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Barclays Bank PLC<br>200 Park Ave.<br>New York, NY 10166<br>Attn: Mark Manski, Managing Director<br><br>Telephone number: 212 412 3326          Email Address: mark.manski@barcap.com<br><br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY 10006<br>Attn: Lindsee P. Granfield, Esq.<br>Telephone: 212 225 2000<br>Email: lgranfield@cgsh.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br><br>Telephone number:          Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1.  Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ No less than USD 870,837.87_____ **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.  Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):**_____ XS0229584296_____ **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

CA29428                          **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

34797                          **(Required)**

| 5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FILED / RECEIVED<br><br>NOV 0 2 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|

| Date.<br>10/30/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. _____ Myles Kassin, Director |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
*Fill in* the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____          _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150-5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

<u>ATTACHMENT TO PROOF OF CLAIM FORM</u>
<u>OF BARCLAYS BANK PLC</u>

This proof of claim is submitted by Barclays Bank PLC ("<u>Barclays Bank</u>"), a

corporation organized under the laws of England and Wales, which maintains offices at 5 The

North Colonnade Canary Wharf, London, E14 4BB, United Kingdom and 200 Park Avenue,

New York, NY 10166 (the "<u>Claim</u>"). This attachment is incorporated into the proof of claim

form to which it is attached.

As more specifically described below, Barclays Bank hereby asserts a claim

against Lehman Brothers Holdings Inc. ("<u>LBHI</u>") in an amount not less than $870,837.87[1]

arising pursuant to the terms and conditions of certain Lehman Program Securities (or related

guaranties of Lehman Program Securities), as that term is defined in the Bar Date Order

discussed below.

I.      <u>Background</u>

On September 15, 2008 (the "<u>Petition Date</u>"), LBHI filed a petition for relief

under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") with the United

States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"). On

July 2, 2009 the Bankruptcy Court entered an Order Pursuant to Section 502(b)(9) of the

Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of

Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim

Form (the "<u>Bar Date Order</u>") [D.I. 4271 in Case No. 08-13555 (JMP)].

---

[1] As Barclays Bank is not the Calculation Agent for Lehman Program Securities, all amounts set forth in this Claim
are denominated as being "not less than" a particular US dollar amount, as the actual amounts owed by LBHI to
Barclays Bank with respect to the Lehman Program Security (or guarantees of such security) covered by this Claim
could be significantly higher than the amounts stated in this Claim. In the event that the actual amounts owed by
LBHI to Barclays Bank in respect of a particular Lehman Program Security (or guarantees of such security) are
determined to be higher than the amounts stated in this Claim, Barclays Bank hereby asserts a claim for any and all
such actual amounts.

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

Pursuant to the Bar Date Order, the Bankruptcy Court set September 22, 2009 at

5:00 p.m. as the bar date (the "Bar Date") for each person or entity to file proofs of claim based

on pre-petition claims against LBHI, with certain specific exceptions as provided for in the Bar

Date Order.  One of those exceptions relates to certain specifically identified securities, referred

to collectively as "Lehman Programs Securities," a list of which is available on

http://www.lehman-docket.com.  The Bar Date Order provides that on or before November 2,

2009 at 5:00 p.m. (the "Securities Programs Bar Date") holders of claims based on amounts

owed pursuant to any Lehman Program Security (as defined in the Bar Date Order and including

claims based on related guarantees) must complete the Securities Program Proof of Claim Form

(as defined in the Bar Date Order).  As explained in the Notice of Deadlines for Filing Proofs of

Claim Based on Lehman Programs Securities, dated July 27, 2009, each Securities Program

Proof of Claim must include either a Euroclear Electronic Instruction Reference Number, a

Clearsteam Blocking Reference Number, or other depository blocking reference number, as

appropriate (each, a "Blocking Number") with respect to each Lehman Programs Securities for

which such Securities Program Proof of Claim is filed.  The Bar Date Order explicitly does not

require entities that file Securities Program Proofs of Claim to submit any documentation

supporting such claims, but the Debtors reserve the right to seek production of all documentation

required by Bankruptcy Rule 3001(c) as part of the claims reconciliation process.[2]

---

[2] Barclays Bank is not submitting supporting documentation as it is voluminous and not required by the terms of the Bar Date Order but reserves the right to later do so.

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

II.    The Claim

Barclays Bank is the record holder and beneficial owner of Lehman Program

Securities, which are issued by LBHI or issued by a Lehman affiliate and guaranteed by LBHI,

as applicable,[3] as more fully described in the chart below:

| ISIN | Blocking No. | Depository Participant Account No. | Issuer | Principal Amount | Accrued Amount (Prepetition) | Accrued Amount (Postpetition)[4] | Total | Nature of Claim Against LBHI |
|---|---|---|---|---|---|---|---|---|
| XS0229584296 | CA29428 | 34797 | Lehman Brothers Treasury Co. BV | Not less than USD 758,075.69[5] (EUR 535,000) | Not less than USD 50,593.76 (EUR 35,705.75) | Not less than USD 62,168.42 (EUR 43,874.39) | Not less than USD 870,837.87 | Guarantee |

As of the Petition Date and with respect to each Lehman Program Security identified in the table

above, LBHI was and still is indebted to Barclays Bank for the payment of all principal, nominal,

notional or other amounts (howsoever described in the documentation governing such Lehman

Program Security) included in the "Principal Amount" column in the table above in respect of

such Lehman Program Security, plus all other amounts relating to such Lehman Program

Security that accrued as of or after the Petition Date, including, without limitation, interest,

premium, return, costs and any other amounts payable in respect of such Lehman Program

Security (howsoever described in the documentation governing such Lehman Program Security)

included in the "Accrued Amount" column in the table above (all such amounts, in the

aggregate, the "Indebtedness").

As a holder of the Lehman Program Securities, Barclays Bank is owed all

Indebtedness arising under such Lehman Program Securities and hereby asserts an unsecured

claim against LBHI for all such Indebtedness (subject to any right of Barclays Bank to set-off

---

[3] The guarantees are evidenced either pursuant to: (a) separate guarantees by LBHI of specific issuances set forth in the relevant offering documents for the particular issuance, (b) separate standalone guarantee agreements, or (c) global guarantees through which LBHI generally guaranteed the obligations of certain entities. Barclays Bank will provide guarantee documentation specific to a particular claim upon request.
[4] Through November 2, 2009. Interest continues to accrue after that.
[5] All amounts in EUR were converted into USD based on the exchange rate in effect as of September 15, 2008.

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

that might arise from claims that LBHI may assert or has asserted against Barclays Bank or

otherwise).

### III.    Miscellaneous

Barclays Bank reserves the right to withdraw, amend, clarify, modify or

supplement this Claim to assert additional claims (including, without limitation, additional

administrative expense claims (including, without limitation, claims arising from misdirected

wires to, or postpetition contracts, activity, torts, etc. of LBHI), for which a bar date has not yet

been set, secured claims, and/or general unsecured claims) and/or additional grounds for its

claims against LBHI.  Barclays Bank also reserves all rights accruing to it or its affiliates against

LBHI or its estate, and the submission of this Claim is not intended to be and shall not be

construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Barclays

Bank or its affiliates.  In addition, Barclays Bank reserves the right to supplement this Claim

with relevant documents to the extent necessary.  Furthermore, Barclays Bank reserves the right

to withdraw this Claim for any reason whatsoever.  In addition, Barclays Bank reserves all rights

and remedies against affiliates of LBHI or any other third parties.

This Claim shall not be deemed to be a waiver of Barclays Bank's right (i) to have

final orders in noncore matters entered only after *de novo* review by a District Court Judge, (ii) to

trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding

related to these cases (to the extent such right has not otherwise been waived), (iii) to have the

District Court withdraw the reference in any matter subject to mandatory or discretionary

withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs, or recoupments to

which Barclays Bank is or may be entitled, in law or in equity, all of which rights, claims,

actions, defenses, setoffs, and recoupments Barclays Bank expressly reserves.  To the extent that

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

LBHI has made or makes any claims against Barclays Bank, Barclays Bank reserves its set-off

rights, such that all or part of the Claim may be secured to the extent of such set-off rights.  This

claim solely relates to the Lehman Program Securities having the ISINs expressly listed herein.

This claim is in addition to and does not supersede the proofs of claim (and related Derivative

Questionnaires and Guarantee Questionnaires) filed by Barclays Bank on or about September 18,

2009, or any other claim that has been or may be filed by Barclays Bank unless expressly stated

otherwise.

Any notices sent in connection with the Claim should be addressed to Barclays

Bank at the address below:

Barclays Bank PLC
200 Park Ave.
New York, NY 10166
Attn:   Mark Manski, Managing Director
        Alan Kaplan, Deputy General Counsel Americas

and

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn:  Lindsee P. Granfield, Esq.

5

# **<u>EXHIBIT B</u>**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.        For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Silver Point Capital Offshore Master Fund, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **purchased amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **64031** filed by or on behalf of **Barclays Bank PLC** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.        Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of Lehman Program Securities of a similar nature.

3.        Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.        All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of October 2011.

| | |
|---|---|
| **Barclays Bank PLC** | **SILVER POINT CAPITAL OFFSHORE MASTER FUND, L.P.** |
| By: _____ | By: _____ |
| Name: Daniel Crowley | Name: David F. Steinmetz |
| Title: Managing Director | Title: Authorized Signatory |
| | Silver Point Capital, L.P. |
| 745 7th Avenue | 2 Greenwich Plaza |
| New York, NY 10019 | Greenwich, CT 06830 |

Schedule 1

Transferred Claims

Purchased Claim

70% of USD 870,837.87 = $609,586.51 (the outstanding amount of the Proof of Claim as of October ____, 2011), together with all accrued and unpaid interest and any other recoveries due on account of the Purchased Amount.

Lehman Programs Securities to which Transfer Relates

| ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Accrued Amount (as of Proof of Claim Filing Date) | Total | Purchased Amount |
|---|---|---|---|---|---|---|
| XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc | USD 758,075.69 | USD 112,762.18 | USD 870,837.87 | USD 609,586.51 |

Schedule 1-1