McCARTHY, JOHNSON & MILLER, L.C.
RAPHAEL SHANNON,
Cal. State Bar No. 83850 (admitted *pro hac vice*)
LORI A. NORD, ESQ.,
Cal. State Bar No. 87993 (admitted *pro hac vice*)
ANA PEREZ HALLMON, ESQ.,
Cal. State Bar No. 253309 (admitted *pro hac vice*)
595 Market Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 882-2992
Facsimile: (415) 882-2999
E-mail: rshannon@mjmlaw.us
   lnord@mjmlaw.us
   ahallmon@mjmlaw.us

*Attorneys for California Winery Workers'*
*Pension Trust Fund*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re LEHMAN BROTHERS HOLDINGS INC., *et al.*

Debtors.

------------------------------------------------------------x

Chapter 11
Case No. 08-13555-JMP
(Jointly Administered)

**RESPONSE OF CALIFORNIA WINERY WORKERS' PENSION TRUST FUND
IN OPPOSITION TO DEBTORS' TWO HUNDRED TWENTY-EIGHTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS),
OBJECTION TO DISALLOWANCE/EXPUNGEMENT OF CLAIM NO. 44972**

The California Winery Workers' Pension Trust Fund (the "Trust Fund"), by and through its counsel, submits this Response in Opposition to the Debtors' Two Hundred Twenty-Eighth Omnibus Objection to Claims (No Liability Derivatives Claims)(Docket No. 20886)("Objection"), filed October 17, 2011 by Lehman Brothers Holdings Inc. ("LBHI") and its affilitiated debtors (collectively with LBHI, the "Debtors"), respectfully stating as follows:

I.  INTRODUCTION

1. On September 15, 2010, Lehman Brothers Holdings, Inc. ("LBHI") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("the "Bankruptcy Code") in this Court.

2. Subsequently, LBHI's affiliated debtors in these cases filed voluntary petitions for relief under the Bankruptcy Code. Specifically, Lehman Brothers Special Financing ("LBSF") filed a petition for relief under the Bankruptcy Code on October 3, 2008. The Debtors' petitions were consolidated and are now jointly administered as *In re Lehman Brothers Holdings Inc., et al.*, Case No. 08-13555-JMP.

3. The Debtors now move for an order disallowing and expunging the proof of claim filed by the Trust Fund, Claim No. 44972, in the amount of $187,838.58 (the "Claim") on the grounds that the referenced "No Liability Derivatives Claims" do not constitute "valid *prima facie* claims." (Objection, ¶ 2.) The Trust Fund disputes this Objection, as Claim No. 44972 states a valid claim based on a derivative contract with LBSF.

II.  BACKGROUND

4. The Trust Fund is an employee pension benefit plan established under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* The Trust Fund's assets are held and invested to provide retirement benefits to participants and beneficiaries, including approximately 5,900 California winery workers. The Trust Fund retains investment managers, including ING Investment Management Co. ("INGI"), to manage the Trust Fund's assets.

5. INGI, as Agent on behalf of the Trust Fund, entered into foreign exchange transactions ("Transactions") with LBSF. Attached hereto as Exhibit A is a true and correct copy of the transaction record.

6. The Transactions were governed by a 2007 ISDA Master Agreement ("Master Agreement) and the customary terms that apply to foreign exchange transactions. Attached hereto as Exhibit B is a true and correct copy of the Master Agreement. Capitalized terms used herein and not otherwise defined have the meaning provided to them in the Master Agreement.

7. LBHI unconditionally guaranteed the obligations of LBSF under the Master Agreement pursuant to the Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated June 9, 2005 (the "Guarantee"). Attached hereto as Exhibit C is a true and correct copy of the Guarantee.

8. Pursuant to the Master Agreement and its established Trading Relationship, LBSF agreed to maintain accounts for INGI, as Agent on behalf of the Trust Fund, which LBSF used to effect and settle any foreign exchange transactions entered into between INGI and LBSF. (Exhibit B, Annex E, ¶ 4.) Indeed, LBSF did create and maintain such an account as evidenced in Debtors' Amended Schedule of Assets and Liabilities for LBSF (Docket No. 3921). Attached hereto as Exhibit D is a true and correct copy of the page from Debtors' schedule listing the Trust Fund's derivatives account.

9. On October 2, 2008, INGI delivered a notice of termination to LBSF, the defaulting party ("Termination Notice"), pursuant to the customary terms that apply to foreign exchange transactions governed by the Master Agreement, other terms implied by the terms of the Transaction confirmations, and as otherwise permitted by law. The Termination Notice notified LBSF that INGI, on behalf of the Trust Fund, designated September 15, 2008, as the early termination date and that all transactions were terminated as of that date. Attached hereto as Exhibit E is a true and correct copy of the Termination Notice.

//

10. LBSF failed to settle the Transactions with INGI, acting as Agent on behalf of the Trust Fund, in accordance with Debtors' terms. Failure to settle the Transactions was a breach of contract and repudiation of those Transactions.

11. On December 17, 2008, INGI, on behalf of the Trust Fund, notified LBSF that its loss amount with respect to the early termination was $187,383.58.

12. The Trust Fund timely filed all documentation required for derivative contracts, including the Master Agreement and transaction record by the October 22, 2009 deadline set by this Court.

13. The Debtors now object to the Claim and request that the Claim be disallowed and expunged on the grounds that the Claim is a "No Liability Derivatives Claim." However, for the reasons that follow, the Debtors' Objection contains no factual support, fails to meet its burden, and should be denied.

## III. ARGUMENT

14. A properly filed proof of claim is *prima facie* evidence of that claim. 11 U.S.C. § 502(a). Therefore, an objecting party has the burden of producing sufficient evidence to rebut the claim. *See, e.g., In re Kahn*, 114 B.R. 40 (Bankr. S.D.N.Y. 1990). If the objecting party presents evidence that has equal force to the claimant's evidence and is sufficient to rebut the claimant's *prima facie* case, the burden will shift back to the claimant. *See, e.g., In re Oneida Ltd.*, 400 B.R. 384 (Bankr. S.D.N.Y. 2009); *In re Bennett*, 83 B.R. 248 (Bankr. S.D.N.Y. 1988).

15. In their Objection, the Debtors mischaracterize the Bankruptcy Code. They argue that they are simply required to file an Objection in order to shift their burden. (Objection, ¶ 12.) That is incorrect. Their Objection must also contain evidence of equal force to the claimant's evidence. They have failed to provide such evidence. In fact, they have failed to provide any evidence at all to support their Objection.

16. The Debtors assert in a conclusory fashion that they have undergone a review process and that based on their review process, the Debtors do not owe money to the claimant. (Objection, ¶¶ 13-14.) But there is no evidence substantiating this point. They assert that the derivatives contract that underlies the Trust Fund's claim has either been terminated or matured pursuant to the terms thereof. (Objection, ¶ 11.) But there is no documentation or other evidence in support of the assertion that monies are not owed due to the early termination of the contract by LBSF, the defaulting party. Moreover, the "review process" was done internally by the Debtors themselves and there is no way to ascertain whether the methods used were appropriate.

17. There is also no evidence to demonstrate that the Debtors themselves are owed money by the Trust Fund, as the Objection seems to imply. (Objection, ¶ 15.)

18. The Trust Fund has provided ample documentation in support of its claim. It has provided a full and comprehensive claim form, completed all relevant questionnaires, and provided supporting documentation. The Objection now brought by the Debtors simply fails to rebut the *prima facie* case established by the Trust Fund's claim.

19. The Debtors have not satisfied their burden of proof. Therefore, it would be wholly inappropriate to disallow and expunge the Trust Fund's claim. The Debtors' objection must be denied.

## IV. CONCLUSION

20. The Trust Fund respectfully requests that the Court deny the Debtors' Two Hundred Twenty-Eighth Omnibus Objection, allow the Trust Fund's claim in the amount of $187,838.58, and grant such other relief that the Court deems just and proper.

21. The Trust Fund hereby reserves the right to supplement this objection, which is without prejudice to the assertion of other claims for relief and to file memoranda and to offer evidence at a hearing, in support hereof, to the extent necessary, reserves all rights to a full evidentiary hearing to determine the amount of its claims.

Dated: November 15, 2011

San Francisco, California

McCARTHY, JOHNSON & MILLER,
Law Corporation

By: _____
RAPHAEL SHANNON
595 Market Street, Suite 2200
San Francisco, CA 94105
Tel. (415) 882-2992
Fax. (415) 882-2999
rshannon@mjmlaw.us

*Attorney for the California Winery Workers' Pension Trust Fund*

## DECLARATION OF SERVICE BY UPS

I am a citizen of the United States and a resident of the State of California. I am over the age of eighteen years and not a party to the within action. My business address is 595 Market Street, Suite 2200, San Francisco, California 94105.

I am familiar with the practice of McCarthy, Johnson & Miller Law Corporation for collection and processing of correspondence for mailing with UPS, overnight delivery service.

On November 15, 2011, I served the following document by placing a true copy of each such document for collection and mailing, in the course of ordinary business practice, with other FedEx correspondence of McCarthy, Johnson & Miller Law Corporation, located at 595 Market Street, Suite 2200, San Francisco, CA 94105, enclosed in a sealed envelope with postage fully prepaid, addressed in the manner set forth immediately below this declaration.

Documents served:

1. RESPONSE OF CALIFORNIA WINERY WORKERS' PENSION TRUST FUND IN OPPOSITION TO DEBTORS' TWO HUNDRED TWENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS), OBJECTION TO DISALLOWANCE/EXPUNGEMENT OF CLAIM NO. 44972

2. Exhibits A-E

I declare under penalty of perjury that the foregoing is true and correct. Dated on November 15, 2011, at San Francisco, California.

_____
Alice Watson

Dennis Dunne, Dennis O'Donnell, Evan Fleck
Milbank, Tweed, Hadley & McCloy, LLP
Attn: Dennis F. Dunne, Dennis O'Donnell, and Evan Fleck
1 Chase Manhattan Plaza
New York, NY 10005

Weil, Gotshal & Manges, LLP
Attn: Roger J. Lemons and Lee J. Goldberg
767 Fifth Ave.
New York, NY 10153

United States Trustee for the Southern District of New York,
Attn: Tracy Hope Davis, Elisebetta Gasparini, Adreas B. Schwartz
33 Whitehall Street, 21st Floor,
New York, NY 10004