WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                          :

| | |
|---|---|
| **In re** | :     **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | :     **08-13555 (JMP)** |
| | : |
| **Debtors.** | :     **(Jointly Administered)** |
| | : |

------------------------------------------------------------------x

**NOTICE OF DEBTORS' MOTION PURSUANT**
**TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE**
**FOR AUTHORIZATION TO IMPLEMENT THE DEFENSE COSTS FUND**

      **PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion")

of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases, as debtors in possession (the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11

of the United States Code for authorization to implement the "Defense Costs Fund", all as more

fully described in the Motion, will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on

**December 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local

Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of

the objecting party, the basis for the objection and the specific grounds thereof, shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable

portable document format (PDF) (with a hard copy delivered directly to Chambers), and shall be

filed with the chambers of the Honorable James M. Peck, One Bowling Green, New York, New

York 10004, Courtroom 601; and served upon (i) Weil Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153, Attn:  Richard P. Krasnow, Esq., attorneys for the

Debtors; (ii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st

Floor, New York, New York 10004 Attn:  Tracy Hope Davis, Esq., Andrea B. Schwartz, Esq.,

Elisabetta G. Gasparini, Esq.; (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005, Attn:  Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these

cases; (iv) Petrillo Klein LLP, 245 Park Avenue, 33rd Floor, New York, New York 10167, Attn:

Joshua Klein, attorneys for Christopher M. O'Meara; and (v) Dechert LLP, 1095 Avenue of the

Americas, New York, New York 10036, Attn:  Adam J. Wasserman, Esq., attorneys for the

"Current Directors", so as to be so filed and received by no later than **December 7, 2011 at 4:00**

**p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon

default.

Dated:  November 23, 2011
        New York, New York

                                    /s/ Richard P. Krasnow
                                    Richard P. Krasnow
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                              :
**In re**                                                     :        **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                  :        **08-13555 (JMP)**
                                                              :
                              **Debtors.**                    :        **(Jointly Administered)**
                                                              :
------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT**
**TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE**
**FOR AUTHORIZATION TO IMPLEMENT THE DEFENSE COSTS FUND**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

             Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors in possession (together, the "Debtors" and, collectively

with their non-debtor affiliates, "Lehman"), file this motion (the "Motion") and respectfully

represent:

**Preliminary Statement**

             1.     The Debtors have an obligation under their by-laws to advance the defense

costs and settlement amounts incurred by their current and former officers, directors, and

employees as defendants (collectively, the "Individual Insureds") in ongoing lawsuits, arbitration

proceedings, regulatory and other investigations (collectively, the "Legal Proceedings").

Pursuant to such advancement and indemnification obligations the Debtors purchased primary directors' and officers' liability insurance with an aggregate limit of liability of $20 million and an additional $230 million in excess coverage (the "2007-08 D&O Policies").  The 2007-08 D&O Policies covered Claims[1] made against the Individual Insureds during the period of May 16, 2007 to May 16, 2008 (the "2007-08 Policy Period").  Upon the expiration of the 2007-08 D&O Policies, LBHI purchased another primary directors' and officers' liability insurance policy to cover the period of May 16, 2008 to May 16, 2009, also with an aggregate limit of liability of $20 million and with substantially the same terms and conditions as the 2007-08 D&O Policies (the "2008-09 D&O Policies," and, when referenced together with the 2007-08 D&O Policies, the "D&O Policies").  In May 2009, and again on or about June 2010, the Debtors, pursuant to Court authorization [ECF Nos. 1398 and 9643], purchased two separate one year tail extensions of their 2008-2009 D&O Policies.  The last tail expired on May 16, 2011. The cost of the tails was approximately $14.2 million for the first extension and approximately $11.9 million for the second extension.  To purchase an additional tail extension to cover the Individual Insureds would have been approximately $12 million.

2.    In lieu of purchasing an additional tail, on July 21, 2011, the Court entered an order (the "Legal Cost Fund Order") [ECF No. 18689] authorizing, *inter alia*, the Debtors to provide up to $2 million to their current directors (the "Current Directors ")[2] for payment of only legal costs (i.e. not payment of settlements or judgments), not to exceed $2 million in the aggregate, associated with Claims (the "Tail Claims") that are asserted relating to the period

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the 2008-09 D&O Policies (as defined in the Motion), except that "Claims", as it relates to the 2007-08 D&O Policies does not include:
- Any official request for Extradition of any Insured Person; and
- The execution of a warrant for the arrest of an Insured Person where such execution is an element of Extradition.

[2] The Current Directors are: Michael L. Ainslie; John F. Akers; Roger S. Berlind; Thomas H. Cruikshank; Marsha Johnson Evans; Sir Christopher Gent; Roland A. Hernandez; and John D. Macomber.

from the "Pending and Prior Litigation Date," as defined in the 2008-09 D&O Policies, to May 16, 2009, but only to the extent such Claims are asserted during the period from on or after May 17, 2011, and prior to the effective date of LBHI's chapter 11 plan as provided therein (the "Current Directors' Costs Fund").[3]   The Debtors believed that the implementation of the Current Directors' Costs Fund was an expedient, less costly and advantageous alternative to incurring the significant costs that would be associated with the purchase of an additional tail extension.   To date, no Tail Claims have been asserted.   Assuming no such claims are asserted as of the effective date of the Debtors' chapter 11 plan – and none have been asserted as of the date hereof – based upon the terms of the said fund, the Current Directors' Costs Fund will expire without any expenditure of funds.

3.       Taking into account settlement payments that have been or are contemplated to be made, as well as defense costs that have been or are contemplated to be paid by the Debtors' third party insurers under the Debtors' 2007-08 D&O Policies, the Debtors anticipate that the limits of liability of the 2007-08 D&O Policies will be fully exhausted by year end.   Approximately $200 million has been paid from the 2007-08 D&O Policies as a result of settlement payments or advancement of defense costs in connection with Legal Proceedings. The approximately $50 million remaining under the 2007-08 D&O Policies has been earmarked for the payment of settlement amounts relating to certain Legal Proceedings, as to which either the Court has granted motions seeking a modification of the automatic stay extant under section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") to enable, to the extent

---

[3] The term "Current Directors' Costs Fund" is used for convenience purposes only and is not intended to suggest or require that the Debtors set aside or segregate a separate amount in funds from which the proposed advances have been or will be made.

necessary, the insurers to make settlement payments or a motion seeking such relief is currently pending.[4]

4.      There are, however, remaining unsettled Legal Proceedings in which plaintiffs have filed proofs of claim amounting to hundreds of millions of dollars against one or more of the Debtors and for which the Individual Insureds have asserted indemnity claims against one or more of the Debtors.  Adverse judgments against such Individual Insureds in the proceedings could have an impact upon the Debtors' ability to challenge either the proofs of claim filed by the plaintiffs or said Individual Insureds' indemnity claims.  Upon exhaustion of the 2007-08 D&O Policies, the Individual Insureds may not be in a position to vigorously defend themselves in the Legal Proceedings.  Accordingly, in order to lessen the prospect of such circumstances leading to adverse judgments, by this Motion the Debtors seek to utilize the balance of the Current Directors' Costs Fund remaining as of the effective date of the Debtors' chapter 11 plan, which the Debtors currently contemplate will be the full $2 million, to only pay the defense costs incurred by those individuals that are named defendants in the Legal Proceedings who are either Current Directors or a current employee of LAMCO Holdings LLC (together with its subsidiaries, "LAMCO"), a wholly owned subsidiary of LBHI (together, the "Covered Persons"), solely (a) with respect to Legal Proceedings that are currently pending against the Covered Persons and (b) with respect to defense costs which (i) would otherwise be

---

[4] *See*, [ECF No. 21299] (pending motion seeking modification of the automatic stay to allow payment of settlement amounts in the aggregate amount of $14 million); [ECF No. 20849] (pending motion seeking modification of the automatic stay to allow payment of $500,000 settlement amount by certain of the Debtors' excess policy insurers); [ECF No. 21852] (pending motion to authorize settlement payment of $31,700,000 by certain insurers under the D&O Policies) (the "MBS Settlement Motion").

covered under the 2007-08 D&O Policies but for said policies being fully exhausted and (ii) are not covered by the 2008-09 D&O Policies (the "Defense Costs Fund"). [5]

**Background**

5.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Creditors' Committee").

7.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order dated January 20, 2009, [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 (the "Examiner's Report") [ECF No. 7531].

8.      As the Court is aware, LBHI developed a team of approximately 450 individuals, spread across LBHI's information technology infrastructure and five distinct asset classes (commercial real estate, residential mortgages, private equity and principal investments,

---

[5] The term "Defense Costs Fund" is used for convenience purposes only and is not intended to suggest or require that the Debtors set aside or segregate a separate amount in funds from which the proposed advances have been or will be made.

corporate loans and derivatives) to manage and wind-down the Debtors' assets effectively.  In

order to preserve and maximize the value of the Debtors' assets, LBHI organized a new, wholly-

owned subsidiary, LAMCO Holdings LLC, to provide legacy asset management and

administration services to the Debtors and, subject to certain restrictions and approvals, third

parties.  By order, dated April 15, 2010 [ECF No. 8372], the Court approved the Debtors'

transfer to LAMCO of a majority of LBHI's asset management employees and certain

infrastructure.[6]

9.      On September 1, 2011, the Debtors filed a third amended joint chapter 11

plan (the "Plan") and disclosure statement (the "Disclosure Statement") [ECF Nos. 19627

and 19629].  On September 1, 2011, the Bankruptcy Court entered an amended order [ECF No.

19631] approving the Disclosure Statement, establishing solicitation and voting procedures in

connection with the Plan, scheduling the confirmation hearing and establishing notice and

objection procedures for the confirmation hearing.  On September 15, 2011 the Court entered an

order approving a modification to the Disclosure Statement [ECF No. 20016].

10.     Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Disclosure Statement.

**Jurisdiction**

11.     This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[6] Christopher O'Meara, an Individual Insured who is a defendant in certain Legal Proceedings and included among
the Covered Persons, is currently a LAMCO employee.

**Relief Requested**

12.     The Debtors seek authorization, pursuant to sections 105(a) and 363(b)(1)

of the Bankruptcy Code, to implement the Defense Costs Fund, as described herein.

**The Debtors' Directors and Officers Liability Insurance Policies**

13.     As is customary for almost every business and standard in the Debtors'

industry, the Debtors regularly purchased primary directors and officers liability insurance

policies to cover any claims asserted against the Individual Insureds.  The Debtors purchased

primary directors liability insurance from XL Specialty Insurance Company ("XL") plus

additional excess coverage from sixteen (16) other carriers of up to $250 million in the

aggregate.  During the 2007-08 Policy Period, LBHI purchased the 2007-08 D&O Policies from

XL, comprised of Management Liability and Company Reimbursement Insurance Policy, Policy

No. ELU097792-07, with an aggregate Limit of Liability of $20 million and an additional $230

million in excess coverage.  Upon the expiration of the 2007-08 D&O Policies, LBHI purchased

the 2008-09 D&O Policies from XL, comprised of Management Liability and Company

Reimbursement Insurance Policy, Policy No. ELU104715-08, also with an aggregate Limit of

Liability of $20 million and with substantially the same terms and conditions as the 2007-08

D&O Policies.  Subject to their terms, conditions, limitations and exclusions, D&O Policies

cover "Loss" (defined as, among other things, defense costs, settlements and judgments) incurred

as a result of Claims made during the relevant policy periods for Wrongful Acts allegedly

committed by the Individual Insureds in their capacity as directors, officers or employees of

LBHI and its subsidiaries.

14.     With limited exceptions not relevant here, the excess policies under the

D&O Policies are "follow form" policies subject to additional independent terms and conditions.

That is, the terms and conditions of the primary policy govern the terms and conditions of each

of the excess policies, except that each of the excess insurer's respective obligations are subject

to certain additional terms and conditions, such as limits of liability, and attach only after all

Loss within the respective limits of liability of the underlying policies has been paid.  Coverage

under Insuring Agreement (A) for non-indemnifiable loss ("Side A") of the D&O Policies is

available to the Individual Insureds, which includes the Covered Persons, for any Loss resulting

from Claims made under the D&O Policies that are not otherwise advanced or indemnified by

the Debtors by reason of their financial insolvency.

        15.     The D&O Policies contain "Priority of Payments" provisions, which

provide that when competing claims for coverage under both Side A, as described above, and

Insuring Agreement (B) ("Side B") (covering indemnifiable Claims made against present and

former officers, directors and employees) are made, "the Insurer shall pay that Loss, if any,

which the Insurer may be liable to pay on behalf of the Covered Persons under Insuring

Agreement (A)… ."  *See e.g.,* 2007-08 D&O Policies, Endorsement 22.  Thus, the D&O Policies,

by virtue of Side A and the Priority of Payments provision, provides for the immediate payment

of settlement costs and advancement of defense costs on behalf of the Individual Insureds ahead

of any payment that may be made to the Debtors.

        16.     On June 17, 2010, the Debtors were authorized to purchase an additional

one-year tail extension that extended the policy period for the 2008-09 D&O Policies from May

16, 2010 through May 16, 2011 [ECF No. 9643].  The purchase of the second tail was deemed a

necessary consequence of the filing of the Examiner's Report that generated substantial

investigations into potential claims that may be covered by the 2008-09 D&O Policies.  The

second tail extension preserved the interests of the Debtors in the substantial proceeds of the

2008-09 D&O Policies.  Further, if the 2008-09 D&O Policies coverage period expired before

Claims were asserted, the proceeds of the 2008-09 D&O Policies would be unavailable to satisfy any judgments or settlements that may be recoverable by the Debtors' against the Individual Insured.  In lieu of purchasing a third tail, which the Debtors concluded was not cost effective, the Debtors obtained Court approval pursuant to the Legal Cost Fund Order to implement the Current Directors' Costs Fund.  Although some claims have been asserted against the 2008-09 D&O Policies, less than $1 million of insurance proceeds have been paid under those policies.  Currently, the 2008-09 D&O Policies have a balance of approximately $249 million.  That balance will, however, be reduced to approximately $240 million if the MBS Settlement Motion is granted.

17.    Currently, the remaining aggregate amount available under the 2007-08 D&O Policies is approximately $50 million.  As noted above, the Individual Insureds have been covered under the 2007-08 D&O Policies, however, it is anticipated that, as a result of payments of legal defense costs and payments to be made under pending settlements, the remaining coverage available under those policies will be fully exhausted by year end.

**The Defense Costs Fund**

18.    With the exhaustion of the 2007-08 D&O Policies, and assuming that coverage is unavailable under the 2008-09 D&O Policies as has been asserted by the issuers of these policies, the Covered Persons will not have any insurance proceeds to pay the legal fees and defend themselves in the pending unsettled Legal Proceedings.  As noted, the plaintiffs in these proceedings have asserted hundreds of millions of dollars of claims against the Debtors based on the same causes of actions asserted against the Covered Persons in said Legal Proceedings.

19.    Although the Debtors are not parties to the Legal Proceedings, the potential inability of the Covered Persons to fully and vigorously defend against the claims

asserted against them in the Legal Proceedings could result in adverse judgments and factual

findings that could, in turn, have material adverse effects on the Debtors' ability to challenge all

aspects of the plaintiffs' proofs of claim or any resulting indemnification claims that are covered

by proofs of claim that have been filed by the Covered Persons, all to the detriment of the

Debtors' estates and creditors.  All of the Covered Persons have already filed protective claims

against LBHI for indemnification and advancement of defense costs.  While the Debtors believe

that the plaintiffs' claims and the indemnification claims are susceptible to challenge on

numerous grounds, including, subordination pursuant to section 510(b) of the Bankruptcy Code,

all litigation is subject to litigation risks.

20.     Accordingly, in order to lessen the potential prospect of the estates being

prejudiced, the Debtors have concluded, in the exercise of their reasonable business judgment,

that it would be in the best interest of their estates and creditors to expand the term and use of the

balance of the Current Directors' Costs Fund, as of the effective date of the Plan, by creating the

Defense Costs Fund for Covered Persons.  The Defense Costs Fund would only cover Claims by

Covered Persons that are *already* covered under the 2007-08 D&O Policies and *only* to the

extent that the 2007-08 D&O Policies are otherwise depleted and the 2008-09 D&O Policies do

not provide coverage.

### Protocol for Release of Funds
### From the Defense Costs Fund

21.     The Debtors propose to distribute the funds allocated to pay the legal

defense costs incurred by the Covered Persons, to the extent applicable and in accordance with

the restrictions noted above, as follows: the various attorneys for the applicable Covered Persons

will submit monthly bills and expenses subject to review by the Debtors as to reasonableness.  In

addition, before any disbursements are made in connection with the advancement of defense

costs, the Debtors would require that each of the applicable Covered Persons execute a written affirmation of the applicable Covered Persons that (a) the legal costs incurred are solely in connection with Legal Proceedings currently pending; and (b) no insurance coverage is available under either of the D&O Policies to pay the applicable legal defense costs.

### **Sound Business Reasons Support the Relief Requested**

22.     Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  When considering a transaction outside the ordinary course of business, courts in the Second Circuit, and others, require that such transaction be based upon the sound business judgment of the debtor.  *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1070 (2d Cir. 1983); *accord In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper* (*In Re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991)); *Institutional Creditors of Cont'l Airlines, Inc. v. Cont'l Airlines, Inc.* (*In re Cont'l Airlines, Inc.*), 780 F.2d 1223, 1226 (5th Cir. 1986).

23.     It is generally understood that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  If a valid business justification exists, there is a strong presumption that "the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company."  *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom,* 488 A.2d 858, 872 (Del. 1985)), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993).  The burden of rebutting

this presumption falls to parties opposing the proposed exercise of a debtor's business judgment. *Id.* (citing *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984)).

24.    For the reasons described above, there is ample business justification warranting the expansion of the Defense Costs Fund as described herein.

25.    In addition to the Legal Costs Fund Order, courts in this district have granted similar relief in other chapter 11 cases.  *See In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Oct. 13, 2005) [ECF No. 198] (authorizing debtors' to advance legal costs up to an aggregate cap of $5 million for employees, including 19 former employees, engaged in defending shareholder class actions and participating in investigations initiated by the Securities and Exchange Commission); *In re Worldcom, Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Oct. 15, 2002) [ECF No. 1607] (authorizing advancement of legal fees and related costs, including settlement amounts for employees named individually in lawsuits up to $3 million and legal costs for employees named as witnesses in government investigations up to a cap of $1 million).

### Notice

26.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion in accordance with the procedures set forth in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (v) attorneys for the Covered Persons; and (vi) all parties who have requested notice in these chapter 11 cases. No other or further notice need be provided.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: November 23, 2011
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                            :
In re                                       :    **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :    **08-13555 (JMP)**
                                            :
                         **Debtors.**       :    **(Jointly Administered)**
                                            :
--------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION**
**PURSUANT TO SECTIONS 105(a) AND 363(b)**
**OF THE BANKRUPTCY CODE FOR AUTHORIZATION**
**TO IMPLEMENT THE DEFENSE COSTS FUND**

Upon the motion, dated November 23, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (the "Debtors"), pursuant to sections 105(a) and 363(b)(1) of title 11 to the

United States Code (the "Bankruptcy Code"), for an order authorizing the Debtors to implement

the Defense Costs Fund, all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in

accordance with the procedures set forth in accordance with the procedures set forth in the

second amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [ECF No. 9635], on (i) the U.S. Trustee; (ii) the attorneys for the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (v) attorneys for

the Covered Persons; and (vi) all parties who have requested notice in these Chapter 11 Cases,

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Debtors, their estates

and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy

Code, the Debtors are authorized to advance funds for the Defense Costs Fund in accordance

with the terms set forth in the Motion; and it is further

ORDERED that nothing in this Order or the Motion nor the payment of legal

costs by the Debtors shall prejudice any claims or rights that the Debtors or Covered Persons

may have against any insurance provider with respect to the legal costs incurred by the Covered

Persons and paid by the Debtors pursuant to this Order; and it is further

ORDERED that nothing in this Order shall constitute a determination of any

insurance coverage rights or obligations under the D&O Policies or any other insurance policies;

and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of the Motion; and it is further

2

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.


Dated: December __, 2011
       New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE