WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Stephen A. Youngman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                                    :
**In re**                                                          :      **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :      **08-13555 (JMP)**
                                                                    :
                                  **Debtors.**           :      **(Jointly Administered)**
                                                                    :
-------------------------------------------------------------------x

## NOTICE OF DEBTORS' MOTION PURSUANT
## TO SECTION 105(a) OF THE BANKRUPTCY CODE AND
## BANKRUPTCY RULE 9019 FOR APPROVAL OF A SETTLEMENT
## AND COMPROMISE RELATED TO PROOFS OF CLAIM NUMBER 3813 AND 17120

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion")

of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases, as debtors and debtors in possession (collectively, the "Debtors"), for approval pursuant to

section 105(a) of title 11 of the United States Code and Rule 9019 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") of a settlement and compromise related to

proofs of claim numbers 3813 and 17120, all as more fully described in the Motion, will be held

before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States

Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green,

New York, New York 10004 (the "Bankruptcy Court"), on **December 14, 2011 at 10:00 a.m.**

**(Prevailing Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy

Court for the Southern District of New York, shall set forth the name of the objecting party, the

basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court

(a) electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document

format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable,

and served in accordance with General Order M-399 and on: (i) the chambers of the Honorable

James M. Peck, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges

LLP, 200 Crescent Court, Suite 300, Dallas, Texas 75201, Attn: Stephen A. Youngman, Esq.,

attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Elizabetta G.

Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1

Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis

O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured

Creditors appointed in these cases; (v) Bingham McCutchen LLP, 399 Park Avenue, New York,

New York 10022, Attn: Michael J. Reilly, Esq., attorneys for the Wells Fargo Bank Northwest,

N.A. as Indenture Trustee; (vi) K&L Gates LLP, 70 W. Madison Street, Suite 3100, Chicago,

Illinois 60602, Attn: Sven T. Nylen, Esq., attorneys for OMX Timber Finance Investments II,

LLC; (vii) Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Adam Paul,

Esq., attorneys for Boise Land & Timber II, LLC; (viii) Klee, Tuchin, Bogdanoff & Stern LLP,

1999 Avenue of the Stars, Suite 3900, Los Angeles, California 90067, Attn: Daniel J. Bussel,

Esq., attorneys for Perry Partners International Inc. and Perry Partners LP; (ix) Silver Rock

Financial LLC, BDIF LLC, IN-FP2 LLC, and Mounte LLC, 1250 Fourth Street, Santa Monica,

California 90401, Attn: Ralph Finerman; and (x) Metropolitan Life Insurance Company, MetLife

Insurance Company of Connecticut, New England Life Insurance Company, and General

American Life Insurance Company, 10 Park Avenue, PO Box 1902, Morristown, New Jersey

07962, Attn: David Farrell, so as to be so filed and received no later than **December 7, 2011 at**

**4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

> **PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

> **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to

attend the Hearing, and failure to appear may result in relief being granted or denied upon

default.

Dated: November 23, 2011
      New York, New York

              /s/ Stephen A. Youngman
              Stephen A. Youngman

              WEIL, GOTSHAL & MANGES LLP
              200 Crescent Court, Suite 300
              Dallas, Texas 75201
              Telephone: (214) 746-7700
              Facsimile: (214) 746-7777

              Attorneys for Debtors
              and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Stephen A. Youngman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re                                                           :         **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :         **08-13555 (JMP)**
:
Debtors.                         :         **(Jointly Administered)**
:
-------------------------------------------------------------------x

**DEBTORS' MOTION PURSUANT**
**TO SECTION 105(a) OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULE 9019 FOR APPROVAL OF A SETTLEMENT**
**AND COMPROMISE RELATED TO PROOFS OF CLAIM NUMBER 3813 AND 17120**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession, (collectively, the "Debtors"),

file this motion and respectfully represent:

**Relief Requested**

1.      The Debtors seek approval of a stipulation regarding two significant

proofs of claim in these cases, pursuant to section 105(a) of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  The stipulation, attached hereto as Exhibit A (the "Stipulation"), allows

the undisputed portion of one claim and establishes a schedule for the consensual or judicial

resolution of other, disputed claims.  The Stipulation narrows the scope of the disputes between

the Debtors and the creditors, but preserves the rights of all parties in interest in these cases.  The

Stipulation is fair, reasonable, and in the best interests of the Debtors and their creditors.

Accordingly, the Stipulation should be approved.

## **Background**

2.  Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.

3.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S.

Trustee") appointed the Official Committee of Unsecured Creditors (the "Creditors'

Committee") pursuant to section 1102 of the Bankruptcy Code.

4.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009, ECF No. 2583, the Court approved the U.S. Trustee's appointment of the Examiner.

On March 11, 2010, the Examiner filed its report with the Court, ECF No. 7531.

5.  By order dated July 2, 2009, the Court established various deadlines for

creditors to file proofs of claim and related documents against the Debtors, ECF No. 4271.

6.  On September 1, 2011, the Debtors filed their Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, ECF No. 19628

(the "Plan"), and the Debtors' Disclosure Statement for the Third Amended Joint Chapter 11

Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of

the Bankruptcy Code, ECF No. 19629 (the "Disclosure Statement").  The Court approved the

Disclosure Statement and voting procedures with respect to the Plan later that day, ECF No.

19631 (the "Disclosure Statement Order").  On September 15, 2011, the Court entered an order

approving a modification to the Disclosure Statement, ECF No. 20016.

### Jurisdiction

7.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Lehman's Business

8.      Prior to the events leading up to these chapter 11 cases, the Debtors,

together with their non-Debtor affiliates ("Lehman"), were the fourth largest investment bank in

the United States.  For more than 150 years, Lehman has been a leader in the global financial

markets by serving the financial needs of corporations, governmental units, institutional clients

and individuals worldwide.

9.      Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is

contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy

Rules for the Southern District of New York in Support of First-Day Motions and Applications,

filed on September 15, 2008, ECF No. 2, and the Disclosure Statement.

## The Relevant Proofs of Claim[1]

10.     On October 29, 2004, Boise Land & Timber II, LLC ("Boise") issued a promissory note to Boise Cascade Corporation (the predecessor of OfficeMax Incorporated ("OfficeMax")) in the aggregate principal amount of $817,500,000 (the "Installment Note"). Concurrently, LBHI issued (i) a promissory note to Boise in the same aggregate principal amount (the "Collateral Note") and (ii) a guaranty (the "Guaranty") guaranteeing Boise's obligations under the Installment Note in favor of OfficeMax.

11.     OfficeMax subsequently assigned the Installment Note and the Guaranty to OMX Timber Finance Investments II, LLC ("OMX").  Pursuant to an Indenture, dated December 21, 2004, Wells Fargo Bank Northwest, N.A., as Indenture Trustee  (the "Indenture Trustee"), is authorized to compel or secure performance of obligations under the Installment Note and the Guaranty.

12.     On December 2, 2008, OMX filed a motion (the "OMX Motion") for relief from the automatic stay to allow OMX to issue demand notices under the Guaranty upon LBHI, ECF No. 2023.  On December 19, 2008, the Creditors' Committee objected to the OMX Motion, arguing, among other things, that the automatic stay applies to the issuance of demand notices to LBHI with respect to the Guaranty, "cause" does not exist to lift the automatic stay to permit OMX to issue demand notices to LBHI, and LBHI will have no liability under the Guaranty if the demand notices are not issued, ECF. No 2335.  The Debtors joined in the

---

[1] The description and characterization in this Motion of the events, facts, and circumstances giving rise to the claims and disputes (and the settlement of certain of those claims and disputes) referenced herein and the claims and disputes themselves, are for information purposes only, and are without prejudice to any claims, defenses, and rights of the Parties.

Creditors' Committee's objection on December 21, 2008, ECF No. 2340.  A hearing to consider the OMX Motion has been adjourned without date.

13.    On or about April 17, 2009, Boise filed a proof of claim against LBHI in an amount not less than $833,781,693.00 relating to LBHI's obligations under the Collateral Note (the "Boise Claim").  The Boise Claim was assigned claim number 3813 by the Debtors' Court-approved claims agent.

14.    On or about September 18, 2009, OMX filed an amended proof of claim against LBHI in an amount not less than $844,896,060.00 relating to LBHI's obligations under the Guaranty (the "OMX Claim").  The OMX Claim was assigned claim number 17120 by the Debtors' Court-approved claims agent.  Pursuant to a stipulation among the Debtors, OMX, and the Indenture Trustee, dated September 16, 2011, ECF. No. 20076, the Indenture Trustee has the authority to prosecute and defend the OMX Claim.

15.    On August 16, 2011, the Indenture Trustee filed an objection to the Disclosure Statement, ECF No. 19295 (the "Objection"). In its Objection, the Indenture Trustee argued, among other things, that the Plan provided for improper treatment of claims based on LBHI's guarantee of non-Lehman entities' obligations and that the Disclosure Statement did not provide full and fair disclosure.  OMX joined in the Objection on August 16, 2011, ECF No. 19297.

16.    Pursuant to a stipulation, dated October 7, 2011, ECF No. 20788 (the "Classification Stipulation"), the Debtors, OMX, and the Indenture Trustee reached agreement as to the classification of the OMX Claim, to the extent such claim is allowed, pursuant to the Plan; however, all rights of parties in interest to object to the allowance or amount of the Boise Claim

and the OMX Claim were preserved, except as otherwise set forth in the Classification

Stipulation.

### The Stipulation[2]

17.    After negotiations among the parties, and with the support of the

Creditors' Committee, LBHI entered into the Stipulation on November 10, 2011, with the

Creditors' Committee, Boise, OMX, the Indenture Trustee and several holders of notes issued by

OMX.[3]

18.    The Stipulation provides that, upon entry of a final order approving the

Stipulation (the "Stipulation Effective Date"), the OMX Claim shall be deemed a Disputed

Claim[4] and the Boise Claim shall be bifurcated.  The undisputed portion of the Boise Claim in

the amount of $822,767,607.00 shall be Allowed and classified in LBHI Class 3 of the Plan (the

"Allowed Boise Claim").  The remaining, disputed portion of the Boise Claim shall be deemed a

Disputed Claim, which, if and to the extent Allowed (in whole or in part), would be classified in

LBHI Class 3 of the Plan (the "Disputed Boise Claim").  The Allowed Boise Claim shall not be

subject to further reconsideration by any party in interest in these cases.

---

[2] This summary is qualified in its entirety by the terms and conditions of the Stipulation.  In the event of any inconsistency between the Motion and the Stipulation, the terms of the Stipulation shall control.  The summary is intended to be used for informational purposes only and shall not in any way affect the meaning or interpretation of the Stipulation.

[3] The noteholders include Perry Partners International Inc. and Perry Partners LP (the "Perry Parties"), Silver Rock Financial LLC, BDIF LLC, IN-FP2 LLC, and Mounte LLC (the "Silver Rock Parties"), Metropolitan Life Insurance Company, MetLife Insurance Company of Connecticut, New England Life Insurance Company, and General American Life Insurance Company (the "MetLife Parties" and collectively with Boise, OMX, the Indenture Trustee, the Perry Parties, and the Silver Rock Parties, the "OMX Parties," and collectively with LBHI and the Creditors' Committee, the "Parties").

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

19.     The Parties agreed to the following discovery and briefing schedule to

facilitate an efficient resolution of the remaining disputes concerning the OMX Claim and the

Disputed Boise Claim:

- within forty-five days of the Stipulation Effective Date, the OMX Parties shall submit to LBHI and the Creditors' Committee all factual and legal support they intend to offer in support of allowance of the Disputed Boise Claim and the OMX Claim;

- within sixty days of the Stipulation Effective Date, the Parties shall meet and confer in good faith to discuss a resolution of the disputes;

- LBHI or the Creditors' Committee[5] may file an objection to the allowance of the Disputed Boise Claim or the OMX Claim on or before the seventy-fifth day after the Stipulation Effective Date or such later date as is agreed to between LBHI or the Creditors' Committee and the Indenture Trustee (the "Objection Deadline"); and

- if LBHI or the Creditors' Committee files an objection, the Indenture Trustee and any party in interest shall have twenty days to file a response, and parties in interest shall have ten days to file a reply to any such response.

20.     LBHI agreed to not argue that the OMX Claim should be reduced or

disallowed on the bases that it is duplicative of the Allowed Boise Claim or that LBHI's

obligations under the Guaranty and the Collateral Note are not separate obligations, but neither

the Creditors' Committee's nor any other party in interest's rights to object to the OMX Claim

on such bases is affected.

21.     To the extent that neither LBHI, the Creditors' Committee, nor any other

party in interest (to the extent not prohibited by the Plan) objects to the allowance (in whole or in

part) of the Disputed Boise Claim or the OMX Claim by the Objection Deadline, then such

claims shall be deemed Allowed, without need for further Bankruptcy Court approval.

Notwithstanding the prior classification of the OMX Claim, the holder of the OMX Claim (to the

---

[5] The Creditors' Committee's failure to participate in the meet and confer shall not affect any right it might have to file an objection to the allowance of the Disputed Boise Claim or the OMX Claim.

extent allowed) shall not receive Distributions pursuant to the Plan that, when combined with

Distributions on account of the Boise Claim, would exceed the Allowed amount of the OMX

Claim.

22.    In addition, the Parties, other than LBHI and the Creditors' Committee,

agreed to support, and not to object to, confirmation of the Plan.

### The Stipulation is Fair and Equitable, Falls Well Within the Range of Reasonableness, and Should Be Approved

23.    Entry into the Stipulation is in the best interests of the Debtors and should

be approved under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.  Section

105(a) of the Bankruptcy Code provides that "[t]he court may issue any order . . . that is

necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor in possession] and after

notice and a hearing, the court may approve a compromise or settlement."  FED. R. BANKR. P.

9019(a).  In granting a motion pursuant to Rule 9019(a), a court must find that the proposed

settlement is fair and equitable and is in the best interests of the estate.  *Fischer v. Pereira* (*In re

47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997); *Air Line Pilots Ass'n, Int'l v. Am.

Nat'l Bank and Trust Co. of Chicago (In re Ionosphere Clubs, Inc.)*, 156 B.R. 414, 426

(S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

24.    The decision to approve a particular settlement lies within the sound

discretion of the bankruptcy court.  *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).  It is

the responsibility of a court to examine a settlement and determine whether it "fall[s] below the

lowest point in the range of reasonableness."  *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d

599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).  A court

may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

25.    A court need not conduct a "mini-trial" of the merits of the claims being settled, *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993), or conduct a full independent investigation. *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991). "The bankruptcy judge does not have to decide the numerous questions of law and fact. . . . The court need only canvass the settlement to determine whether it is within the acceptable range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

26.    A court may give weight to the informed judgment of the debtor that a compromise is fair and equitable. *In re Purofied Down Prods. Corp.*, 150 B.R. at 522; *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness. . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

27.    The Stipulation satisfies the standard for approval. For the past three years, the Boise Claim and the OMX Claim have been the subject of numerous motions, objections, and stipulations. While the parties have resolved certain issues related to these claims consensually, others still remain. Accordingly, the Parties have agreed to a discovery and briefing schedule that enables the parties to present these issues to the Court. These remaining issues, which concern roughly $850 million in disputed claims, have been pending since the inception of these chapter 11 cases, and the Stipulation provides for a fair and efficient means to resolve them.

28.    The Stipulation does not settle the merits of any Disputed claim.  Neither the Creditors' Committee nor any other party in interest has waived its right to object to the OMX Claim on any basis.  While LBHI has waived its right to object to the OMX Claim on the basis that the OMX Claim should be reduced or disallowed because it is duplicative of the Allowed Boise Claim, LBHI retains its right to object to the OMX Claim on any other basis.  Thus, the Stipulation protects the interests of creditors.  The Stipulation permits the allowance of only the portion of the Boise Claim that neither the Debtors nor the Creditors' Committee disputes, facilitating Distributions on account of such portion of the claim that could otherwise have been held in reserve by the Debtors upon the Effective Date of the Plan.  *See* Plan § 9.2.

29.    In exchange for LBHI (i) agreeing to the briefing and informal discovery schedule described above and (ii) waiving its right to object to the OMX Claim on certain grounds, the Debtors received support for their Plan from claimants asserting over $3 billion in claims (including the amounts of the OMX Claim, the Boise Claim, and other, unrelated claims held by the signatories to the Stipulation).

30.    The terms of the Stipulation are the product of a good-faith, arms'-length negotiation process, and provide mutually-acceptable benefits and burdens to the Parties.  The Stipulation is fair, reasonable, and in the best interests of the Debtors and their creditors, and should be approved.

### Notice

31.    No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion on (i) the U.S. Trustee for Region 2; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all other

parties entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for these

cases, ECF No. 9635.  The Debtors submit that no other or further notice need be provided.

      32.     No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

      WHEREFORE the Debtors  respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: November 23, 2011
     New York, New York


          /s/ Stephen A. Youngman
          Stephen A. Youngman

          WEIL, GOTSHAL & MANGES LLP
          200 Crescent Court, Suite 300
          Dallas, Texas 75201
          Telephone: (214) 746-7700
          Facsimile: (214) 746-7777

          Attorneys for Debtors
          and Debtors in Possession

<u>**Exhibit A**</u>

**(Stipulation**)

EXECUTION VERSION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :    **Case No. 08-13555 (JMP)**
                                              :
                            **Debtors.**      :    **(Jointly Administered)**
                                              :
-----------------------------------------------------------------x

## STIPULATION CONCERNING CERTAIN PROOFS OF CLAIM

This stipulation (the "Stipulation") is made as of November 10, 2011, by and among Lehman Brothers Holdings Inc. ("LBHI"), the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee"), Boise Land & Timber II, LLC ("Boise"), OMX Timber Finance Investments II, LLC ("OMX"), Wells Fargo Bank Northwest, N.A. as Indenture Trustee (the "Indenture Trustee"), Perry Partners International Inc. and Perry Partners LP (the "Perry Parties"), Silver Rock Financial LLC, BDIF LLC, IN-FP2 LLC, and Mounte LLC (the "Silver Rock Parties"), Metropolitan Life Insurance Company, MetLife Insurance Company of Connecticut, New England Life Insurance Company, and General American Life Insurance Company (the "MetLife Parties" and collectively with LBHI, the Committee, Boise, OMX, the Indenture Trustee, the Perry Parties and the Silver Rock Parties, the "Parties").

**WHEREAS**, on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced the above-captioned voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

**WHEREAS**, on or about April 17, 2009, Boise filed a proof of claim against LBHI in the amount of not less than $833,781,693.00, which was assigned claim number 3813 by the Debtors' claims agent ("Boise Claim");

**WHEREAS**, on or about September 18, 2009, OMX filed a proof of claim against LBHI in the amount of not less than $844,896,060.00, which was assigned claim number 17120 by the Debtors' claims agent ("OMX Claim");

**WHEREAS**, on September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [Docket No. 19627] (the "Plan") and accompanying Disclosure Statement [Docket No. 19629];[1]

**WHEREAS**, the Parties have discussed disputes relating to the Boise Claim and the OMX Claim and to the Plan and have reached the agreement set forth herein;

**NOW, THEREFORE**, the Parties hereby agree as follows:

1)    This Stipulation shall be effective and binding upon LBHI and its successors (including the Plan Administrator) only upon entry of a final order approving this Stipulation by the Bankruptcy Court (the "Stipulation Effective Date"); provided, however, that Paragraphs 1, 14-20 of this Stipulation shall be effective and binding upon LBHI upon execution by each of the Parties hereto.  This Stipulation shall be effective and binding upon the other Parties upon execution by each of the Parties hereto, but shall cease to be effective and binding on any of the Parties in the event that the Bankruptcy Court enters an order denying approval of this Stipulation.

2)    The Boise Claim shall be bifurcated into

    a.  an Allowed Claim in LBHI Class 3 under the Plan (or, in the event that the Plan is not confirmed, an allowed non-priority, senior unsecured claim against LBHI) in the amount of $822,767,607.00 (the "Allowed Boise Claim"); and

    b.  a Disputed Claim, which, if and to the extent Allowed (in whole or in part), would be classified in LBHI Class 3 under the Plan (or, in the event that the Plan is not

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

confirmed, would be an allowed non-priority, senior unsecured claim against LBHI) in an amount to be determined (the "Disputed Boise Claim").

3)    The Allowed Boise Claim shall not be subject to further objection or reconsideration by any party in interest in these cases.

4)    The OMX Claim shall be deemed a Disputed Claim, which, if Allowed, would be treated in accordance with Paragraph 2 of that certain Stipulation and Agreement Relating to the Classification of the Claim of OMX Timber Finance Investments II, LLC Under the Debtors' Third Amended Joint Chapter 11 Plan, among LBHI, OMX, the Indenture Trustee, dated October 7, 2011 [Docket No. 20788] (the "Prior Stipulation").

5)    Within forty-five (45) days of the Stipulation Effective Date, the Parties other than LBHI and the Committee shall submit to LBHI and the Committee all factual and legal support that they intend to offer in support of allowance of the Disputed Boise Claim and the OMX Claim.

6)    Within sixty (60) days of the Stipulation Effective Date and provided that each of the Parties has either submitted to LBHI and the Committee the information set forth in Paragraph 5 above or confirmed in writing that it shall not offer any such support, the Parties shall meet and confer in good faith to discuss a resolution of the disputes regarding the allowance of the Disputed Boise Claim and the OMX Claim.

7)    LBHI or the Committee may file an objection to the allowance (in whole or in part) of the Disputed Boise Claim or the OMX Claim on or before the seventy-fifth (75th) day after the Stipulation Effective Date (as same may be extended, the "Objection Deadline"); provided, however, that the Objection Deadline may be extended by the joint agreement of LBHI or the Committee and the Indenture Trustee.  LBHI shall not argue that the OMX Claim should be reduced or disallowed (in whole or in part) on the basis that it is duplicative of the Allowed

Boise Claim or that LBHI's obligations under (a) that certain Guarantee, dated October 29, 2004, issued by LBHI as a guarantee of certain obligations payable by Boise and (b) that certain Collateral Note, dated October 29, 2004, between LBHI and Boise are not separate obligations but should be collapsed, resulting in only one Claim against LBHI.

8)      If LBHI or the Committee files an objection to the allowance (in whole or in part) of the Disputed Boise Claim or the OMX Claim, the Indenture Trustee and any party in interest shall have twenty (20) days to file a response.  Parties in interest (to the extent not prohibited by the Plan) shall have ten (10) days to file a reply to any such response.

9)      LBHI and/or the Committee, as the objecting party or parties, and the Indenture Trustee shall use good faith efforts to schedule such hearings as may be necessary for the Bankruptcy Court to consider and determine any objection to the allowance of the Disputed Boise Claim or the OMX Claim as promptly as possible following the reply deadline set forth in Paragraph 8 above.

10)      To the extent that neither LBHI, the Committee nor any other party in interest (to the extent not prohibited by the Plan) objects to the allowance (in whole or in part) of the Disputed Boise Claim or the OMX Claim by the Objection Deadline, then such claims shall be deemed Allowed under the Plan (or, in the event that the Plan is not confirmed, shall be allowed non-priority, senior unsecured claims against LBHI) without need for further Bankruptcy Court approval.

11)      Nothing in this Stipulation shall modify the rights of the Plan Administrator under sections 6.1(b) or 9.4 of the Plan.

12)      Nothing in this Stipulation shall modify LBHI's rights of subrogation with respect to the Allowed Boise Claim, the Disputed Boise Claim, or the OMX Claim under section 8.14(a) of the Plan or otherwise.

13)    Notwithstanding anything in this Stipulation or the Prior Stipulation or the Plan, the OMX Claim (to the extent allowed) shall be deemed a Guarantee Claim for purposes of sections 8.13 and 9.1 of the Plan only.

14)    LBHI shall file a motion seeking Bankruptcy Court approval of this Stipulation pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 and use good faith efforts to schedule a hearing for the Bankruptcy Court to consider and determine the motion at the omnibus hearing scheduled for December 14, 2011, or as soon thereafter as the Bankruptcy Court may consider and determine the motion.    The Committee shall support LBHI's motion seeking Bankruptcy Court approval of this Stipulation.

15)    Each Party other than LBHI and the Committee agrees (a) to support the Plan, including, subject to section 1125 of the Bankruptcy Code and the order of the Bankruptcy Court approving the Disclosure Statement, by (i) filing with the Bankruptcy Court a statement in support of confirmation of the Plan, (ii) (A) as to Boise and OMX, by timely voting each of the Claims that it owns, controls or has the right to vote to accept the Plan, (B) as to the Perry Parties and the Silver Rock Parties, voting each of the Claims that it owns, controls or has the right to vote, and/or amending any previously cast rejecting vote, to accept the Plan, and the Debtors and the Committee hereby extend the deadline for the Perry Parties and the Silver Rock Parties to comply herewith for five days after the date on which all of the Parties execute this Stipulation, and (C) as to the MetLife Parties, by confirming that all votes that they own, control, or have the right to vote, and did vote, were votes to accept the Plan, and (b) not to object to or join any objection or take any action to alter, impede or interfere with confirmation or consummation of the Plan.

16)    Nothing herein shall affect any of the Parties' standing or status as a party in interest in these cases, and rights of the Parties and all parties in interest to object to or argue in favor of a Party's standing or status as a party in interest are preserved.

17)    Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

18)    This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

19)    This Stipulation shall be governed by, construed, and enforced in accordance with the laws of the State of New York without giving effect to the provisions, policies, or principles thereof relating to choice of law or conflict of laws.

20)    Any disputes or controversies arising from this Stipulation shall be within the exclusive jurisdiction of the Bankruptcy Court.

**IN WITNESS WHEREOF** the Parties, by duly authorized persons, have executed this Stipulation as of the date first written above.


WEIL, GOTSHAL & MANGES LLP

By: _____
     Lori R. Fife
     767 Fifth Avenue
     New York, New York 10153
     Tel: (212) 310-8000
     Fax: (212) 310-8007

*Attorneys for the Debtors*

MILBANK, TWEED, HADLEY& McCLOY LLP

By: _____
Evan R. Fleck
1 Chase Manhattan Plaza
New York, New York 10005
Tel: (212) 530-5000
Fax: (212) 530-5219

*Attorneys for the Official Committee of Unsecured
Creditors*

BINGHAM MCCUTCHEN LLP

By: _____
Michael J. Reilly
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

*Attorneys for Wells Fargo Bank Northwest, N.A. as
Indenture Trustee*

K&L GATES LLP

By: _____
Sven T. Nylen
70 W. Madison Street, Suite 3100
Chicago, Illinois 60602
Tel: (312) 781-7235

*Attorneys for OMX Timber Finance Investments II, LLC*

KIRKLAND & ELLIS LLP

By: _____
Adam Paul
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000

*Attorneys for Boise Land & Timber II, LLC*

MILBANK, TWEED, HADLEY& McCLOY LLP

By:_____
   Evan R. Fleck
1 Chase Manhattan Plaza
New York, New York 10005
Tel: (212) 530-5000
Fax: (212) 530-5219

*Attorneys for the Official Committee of Unsecured
Creditors*

BINGHAM MCCUTCHEN LLP

By: *Michael J. Reilly /jd.*
   Michael J. Reilly
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

*Attorneys for Wells Fargo Bank Northwest, N.A. as
Indenture Trustee*

K&L GATES LLP

By:_____
   Sven T. Nylen
70 W. Madison Street, Suite 3100
Chicago, Illinois 60602
Tel: (312) 781-7235

*Attorneys for OMX Timber Finance Investments II, LLC*

KIRKLAND & ELLIS LLP

By:_____
   Adam Paul
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000

*Attorneys for Boise Land & Timber II, LLC*

MILBANK, TWEED, HADLEY& McCLOY LLP

By:_____

    Evan R. Fleck
1 Chase Manhattan Plaza
New York, New York 10005
Tel: (212) 530-5000
Fax: (212) 530-5219

*Attorneys for the Official Committee of Unsecured Creditors*


BINGHAM MCCUTCHEN LLP

By:_____

    Michael J. Reilly
399 Park Avenue
New York, New York 10022
Tel: (212) 705-7000

*Attorneys for Wells Fargo Bank Northwest, N.A. as Indenture Trustee*


K&L GATES LLP

By:_____

    Sven T. Nylen
70 W. Madison Street, Suite 3100
Chicago, Illinois 60602
Tel: (312) 781-7235

*Attorneys for OMX Timber Finance Investments II, LLC*


KIRKLAND & ELLIS LLP

By: *Adam Paul / DRK*_____
    Adam Paul
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2000

*Attorneys for Boise Land & Timber II, LLC*

PERRY PARTNERS INTERNATIONAL INC.
by PERRY CAPITAL LLC *Corp., Investment Manager*

By:_____
    Mike Neus, General Counsel
767 Fifth Avenue
New York, NY 10153


PERRY PARTNERS LP
by PERRY CAPITAL LLC *Corp., General Partner*

By:_____
    Mike Neus, General Counsel
767 Fifth Avenue
New York, NY 10153

SILVER ROCK FINANCIAL LLC

By: _Ralph Finerman_____
      Ralph Finerman, Manager
1250 Fourth Street
Santa Monica, CA 90401

BDIF LLC

By: _Ralph Finerman_____
      Ralph Finerman, Manager
1250 Fourth Street
Santa Monica, CA 90401

IN-FP2 LLC

By: _Ralph Finerman_____
      Ralph Finerman, Manager
1250 Fourth Street
Santa Monica, CA 90401

MOUNTE LLC

By: _Ralph Finerman_____
      Ralph Finerman, Manager
1250 Fourth Street
Santa Monica, CA 90401

METROPOLITAN LIFE INSURANCE COMPANY

By: _____

David Farrell, Managing Director
c/o Metropolitan Life Insurance Company
10 Park Avenue
PO Box 1902
Morristown, NJ 07962


METLIFE INSURANCE COMPANY OF
CONNECTICUT
by Metropolitan Life Insurance Company, its investment
manager

By: _____

David Farrell, Managing Director
c/o Metropolitan Life Insurance Company
10 Park Avenue
PO Box 1902
Morristown, NJ 07962


NEW ENGLAND LIFE INSURANCE COMPANY
by Metropolitan Life Insurance Company, its investment
manager

By: _____

David Farrell, Managing Director
c/o Metropolitan Life Insurance Company
10 Park Avenue
PO Box 1902
Morristown, NJ 07962


GENERAL AMERICAN LIFE INSURANCE COMPANY
by Metropolitan Life Insurance Company, its investment
manager

By: _____

David Farrell, Managing Director
c/o Metropolitan Life Insurance Company
10 Park Avenue
PO Box 1902
Morristown, NJ 07962

**<u>Proposed Order</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                                  :
In re                                                             :      Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :      08-13555 (JMP)
                                                                  :
                                      Debtors.                    :      (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING AND APPROVING A SETTLEMENT AND COMPROMISE RELATED TO PROOFS OF CLAIM NUMBER 3813 AND 17120

Upon the motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and

its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), pursuant to section 105(a) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), for approval of a Stipulation[1] with the Official Committee

of Unsecured Creditors appointed in these chapter 11 cases (the "Creditors' Committee"), Boise

Land & Timber II, LLC, OMX Timber Finance Investments II, LLC ("OMX"), Wells Fargo

Bank Northwest, N.A. as Indenture Trustee (the "Indenture Trustee"), and several holders of

notes issued by OMX[2]; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

[2] The noteholders include Perry Partners International Inc. and Perry Partners LP, Silver Rock Financial LLC, BDIF LLC, IN-FP2 LLC, and Mounte LLC, Metropolitan Life Insurance Company, MetLife Insurance Company of Connecticut, New England Life Insurance Company, and General American Life Insurance Company.

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtors and their creditors and all parties in

interest, and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to Section 105 of the Bankruptcy Code and Bankruptcy

Rule 9019, the Stipulation is approved, and LBHI is duly authorized to take all actions as may be

reasonably necessary to carry out the terms of the Stipulation; and it is further

ORDERED that upon the Stipulation Effective Date, the Debtors' Court-

appointed claims agent is authorized to modify the claims register to reflect the relief granted

herein and the terms and conditions set forth in the Stipulation; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the

Stipulation and any disputes arising thereunder.

Dated: _____, 2011
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2