DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019
Telephone: (212) 277-6500
Fax: (212) 277-6501
Eric B. Fisher

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC, *et al.*, | ) ) ) | Case No.: 08-13555 (JMP) |
|  | ) ) | (Jointly Administered) |
| Debtors. | ) ) |  |

**RESPONSE OF INTERNATIONAL DOMESTIC BALANCED FUND TO
DEBTORS' TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION TO CLAIMS**

International Domestic Balanced Fund ("IDBF"), by its undersigned counsel, submits this response to the Debtors' Two Hundred Thirteenth Omnibus Objection to Claims dated September 16, 2011 (the "Objection").

## BACKGROUND

1.     IDBF filed a claim in the amount of $212,265.00 against Lehman Brothers Holdings Inc. ("LBHI") based on its guarantee (the "Guarantee") of the Lehman Program Securities issued by Lehman Brothers UK Capital Funding IV LP. Attached hereto as Exhibit A is a copy of Claim No. 51600 (the "Claim").

2.     LBHI has objected to the Claim arguing that it should be disallowed because the terms of the Guarantee purportedly provide that Lehman's obligations under the Guarantee "shall

terminate and be of no further force and effect upon the earliest of ... dissolution of the issuer ..."
(Objection ¶ 10.) Alternatively, LBHI argues that the Claim should be re-classified as equity because the terms of the Guarantee purportedly provide that a claim under the Guarantee "shall have the same priority as, and no greater priority than, preferred stock interests in LBHI (*Id.* ¶ 12.) As set forth below, and as explained in the Response of Dotson Investments Limited, filed on November 14, 2011, the objection lacks merit and the claim should be allowed.

## ARGUMENT

### A.  The Claim Should Not Be Disallowed

3.    First, even if the LBHI guarantee obligations under the Guarantee were terminated upon the issuer's dissolution (a fact IDBF does not concede), the termination would not affect any guarantee obligations incurred prior to such termination but rather would only cut off any guarantee of obligations created subsequent to the issuer's termination. Any contrary interpretation is not only inconsistent with the law relating to guaranties generally, but also inconsistent with the express terms of the Guarantee, which provides "The Obligations, covenants, agreements and duties of LBHI under this Subordinated Guarantee shall in no way be affected or impaired by reason of the happening from time to time of any of the following: ... (d) the voluntary or involuntary winding up, dissolution ... affecting, the Issuer or any of the assets of the Issuer." (Guarantee ¶ 2.4(d).)

4.    Further, the purported dissolution of the issuer occurred long after LBHI filed its chapter 11 petition and after IDBF filed the Claim. Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") provides that if a claim is objected to, "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the

2

United States *as of the date of the filing of the petition*, and shall allow such claim in such amount, except to the extent" that the claim is disallowed by the Court (emphasis added). Thus, the Bankruptcy Code section 502(b) by its terms requires that claims be determined as of LBHI's petition date of September 15, 2008. Numerous courts are in accord. *See, e.g., In re Oakwood Homes Corp.*, 449 F.3d 588, 595 (3d Cir. 2006) ("11 U.S.C. § 502(b) speaks in terms of determining the 'amount' of a claim 'as of' the petition date"); *Carrieri v. Jobs.com Inc.*, 398 F3d 508, 527 (5th Cir. 2004) ("Under § 502(b), the rights of holders of claims and interests are fixed as of the Petition Date"); *In re Arcade Pub., Inc.*, 455 B.R. 373, 378 (Bankr. S.D.N.Y. 2011) ("Under section 502, if an objection is made, the court shall determine the amount of such claim 'as of the filing date'"); *In re South Side House, LLC*, 451 B.R. 248, 261 (Bankr. E.D.N.Y. 2011) (same); *In re Solutia*, 379 B.R. 473, 482-83 (Bankr. S.D.N.Y. 2007) ("Code § 502(b) requires that a claim be determined as of the filing date ... Allowance of claims is not a forward-looking process"); *LTV Steel Co. v. Aetna Cas. And Surety Co.* (*In re Chateaugay Corp.*), No. 94-cv-1257, 1996 WL 346010, at *2 (S.D.N.Y. June 24, 1996) (the "underlying purpose of 11 U.S.C. § 502(b)" is to "treat ... all claimants equally by fixing the amount of their claims as of the filing date"). The Debtors admitted the Issuer dissolved no earlier than June 22, 2010 — nearly two years after LBHI's date of September 15, 2008. Accordingly, as of LBHI's petition date, IDBF had a valid claim against LBHI. Pursuant to Bankruptcy Code section 502(b), such claim remains valid notwithstanding the fact that the Issuer's general or limited partners may have dissolved post-petition. Therefore, the Objection should be denied with respect to the IDBF Claim.

B.     **The Claim Should Not Be Reclassified As Equity**

5.     First, by seeking to reclassify the Claim as an equity interest, LBHI is seeking to subordinate the Claim. Rule 7001 of the Federal Rules of Bankruptcy Procedures requires that a proceeding to subordinate any allowed claim or interest must be brought by way of an adversary proceeding. Fed. R. Bankr. P. 7001(8). Accordingly, the Objection should be dismissed as having been brought in a procedurally improper way.

6.     Second, even if LBHI can seek to reclassify the Claim as equity without filing an adversary proceeding, such attempt should be denied because the Debtors included the Preferred Securities on the Lehman Program Securities List. If the Debtors had wanted to re-classify claims in connection with the Preferred Securities as equity claims, then the Debtors should not have included these Preferred Securities on that list. Accordingly, LBHI should be estopped from doing so.

7.     To the extent the Bankruptcy Court does not overrule the Objection, IDBF reserves the right to seek discovery and to request a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amount of IDBF's claims, and the reasons why the Debtors initially characterized the Preferred Securities as securities giving rise to cognizable claims.

**WHEREFORE**, IDBF respectfully requests that the Court enter an order (i) denying the Debtors' request for an order disallowing and/or re-classifying the Claim, (ii) allowing the Claim as a general unsecured claim in an amount no less than $212,265.00, and (iii) granting IDBF such other relief as may be just and proper.

Dated: New York, New York
November 24, 2011

                                        **DICKSTEIN SHAPIRO LLP**

                                        By: /s/ Eric B. Fisher
                                             Eric B. Fisher
                                        1633 Broadway
                                        New York, New York 10019
                                        Telephone: (212) 277-6500
                                        Fax: (212) 277-6501
                                        *fishere@dicksteinshapiro.com*