Response Deadline: November 25, 2011 (extended per agreement with the Debtors)
Hearing Date: November 30, 2011 at 10:00 a.m. (Eastern Time)

**BROWN RUDNICK LLP**
Seven Times Square
New York, New York 10036
Telephone: (212) 209-4800
Howard S. Steel
Jennifer K. Brooks

Attorneys for ASR Levensverzekering N.V.,
Falcon Leven N.V., and N.V. Amersfoortse
Levensverzekering Maatschappij

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDING INC. et al., | Case No. 08-13555 (JMP) |
| | (Jointly Administered) |
| Debtors. | |

**RESPONSE OF ASR LEVENSVERZEKERING N.V., FALCON LEVEN N.V., AND N.V. AMERSFOORTSE LEVENSVERZEKERING MAATSCHAPPIJ TO DEBTORS' TWO HUNDRED SEVENTEENTH OBJECTION TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM AND JOINDER TO RESPONSES OF DEKA INVESTMENT GMBH AND THE ROYAL BANK OF SCOTLAND PLC**

ASR Levensverzekering N.V. ("ASR"), Falcon Leven N.V. ("Falcon"), and N.V. Amersfoortse Levensverzekering Maatschappij ("N.V. Amersfoortse," and collectively with ASR and Falcon, the "Funds") respectfully submit this response (the "Response") to the *Debtors' Two Hundred Seventeenth Objection to Disallow and Expunge Certain Filed Proofs of Claim* [Docket No. 20106], dated September 16, 2011 (the "Objection"), and joinder to the *Response of Deka Investment GmbH to Debtors' Two Hundred Seventeenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim*, (the "Deka Response") [Docket No.

1

21996] and the *Response of The Royal Bank of Scotland plc to Debtors' Two Hundred and Seventeenth Omnibus Objection to Claims* (the "RBS Response") [Docket No. 21989].  In support of this Response, the Funds respectfully submit as follows:

## BACKGROUND[1]

1.      The Funds offer life insurance services and are based in Utrecht, Netherlands. The Funds are holders of Fixed/Floating Rate Enhanced Capital Advantage Preferred Securities issued by LB UK III (the "Issuer"), an English limited partnership, of which LB GP No. 1 Ltd., a wholly owned subsidiary of LBHI is a general partner (the "Securities").  The Securities are identified by ISIN XS0243852562 and are listed on the schedule of Lehman Program Securities. The Securities are guaranteed by LBH PLC, a wholly-owned subsidiary of LBHI (the "LBH PLC Guarantee"), and also guaranteed by LBHI pursuant to the Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, dated June 9, 2005 (the "LBHI Guarantee").  Pursuant to the LBHI Guarantee, LBHI guaranteed the payment of all liabilities, obligations and commitments of certain subsidiaries, including LBH PLC.

2.      On November 2, 2009, the Funds timely filed proofs of claim against LBHI for the principal and interest owed to them as holders of the Securities based on the LBHI Guarantee, the LBH PLC Guarantee and any other guarantees, contractual or otherwise, by LBHI for the benefit of LBH PLC or LB UK III (the "Claims").  Copies of the Claims are attached hereto as Exhibit A.

3.      On or about November 1, 2010, Falcon legally merged with ASR.  On or about December 31, 2010, N.V. Amersfoortse legally merged with ASR.  ASR is the only surviving entity.

---

[1]     Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Objection.

4.  On September 16, 2011, the Debtors filed the Objection. The Objection seeks to disallow and expunge the Claims on the basis that LBHI has no liability to holders of the Securities because the LBH PLC Guarantee terminated when LB UK III, the issuer of the Securities, was dissolved. See Objection, ¶ 9 at 4-5.

### RESPONSE

5.  The Funds fully incorporate herein and join in the arguments in opposition to the Objection, set forth in the Deka Response and RBS Response.

6.  Specifically, the Objection has no merit because LB UK III was purportedly dissolved no earlier than June 22, 2010, nearly two years after LBHI's petition date. Thus, the Debtors cannot now retroactively seek to expunge a liability of the Debtors that was valid as of the Petition Date and timely asserted with specificity in the Claims. See In re Chateaugay Corp., 102 B.R. 335, 351 (Bankr. S.D.N.Y. 1989) ("where the debtors' obligations stem from contractual liability, even a post-petition breach will be treated as giving rise to a prepetition liability where the contract was executed prepetition"); see also Deka Response, ¶¶ 17-19 at 5 and RBS Response, ¶¶ 5-7 at 3-4. Therefore, the Objection should be denied.

7.  Additionally, the LBH PLC Guarantee, governed by English Law, contains ambiguous and conflicting provisions with respect to whether the alleged dissolution of LB UK III (the Debtors' purported basis to disallow the Claims) is *even* grounds for termination of the LBH PLC Guarantee. The Objection relies on Section 4.3 of the LBH PLC Guarantee for the proposition that the LBH PLC Guarantee terminates upon dissolution of the Issuer. See Objection, ¶ 9 at 4-5. However, the Objection fails to acknowledge that Section 2.4 of the LBH PLC Guarantee provides: "The obligations, covenants, agreements and duties of [LBH PLC] under [the LBH PLC Guarantee] shall in no way be affected or impaired by reason of the

3

happening of any of the following … (d) the … dissolution … of … the Issuer or any of the assets of the Issuer." <u>See</u> Exhibit A, Subordinated Guarantee at Section 2.4; <u>see</u> <u>also</u> Deka Response, ¶ 20 at 6.  Thus, the Objection fails to set forth sufficient evidence to overcome the *prima facie* validity of the Claims and should be denied.  <u>See</u> Fed. R. Bankr. P. 3001(f); <u>see</u> <u>also</u> <u>In re Rock & Republic Enters.</u>, 2011 Bankr. LEXIS 2401, at * 27 (Bankr. S.D.N.Y. June 20, 2011) (the party objecting to a claim has the burden to provide "evidence equal in force to the prima facie case"); <u>In re Feinberg</u>, 442 B.R. 215, 220 (Bankr. S.D.N.Y. 2010) (the party objecting to a claim has the burden "to produce evidence sufficient to negate [the] prima facie validity" of the claim).

8. Furthermore, LBHI agreed that it would not take any action that would or might cause the liquidation, dissolution or winding up of LB UK III or LB GP No.1 Ltd., unless LBHI was "being wound-up." <u>See</u> Exhibit A, Prospectus to LB UK III Fixed/Floating Rate Enhanced Capital Advantage Preferred Securities at Section 3.2; <u>see</u> <u>also</u> Deka Response, ¶ 22 at 7.  In the Objection, the Debtors fail to provide sufficient information regarding the events leading up to the alleged dissolution of LB UK III, or evidence that LBHI is "being wound up.'"  Without such disclosure, the Funds do not have the necessary information to ascertain whether the purported dissolution of LB UK III is valid and the impact of any such dissolution on the Funds' Claims.  Accordingly, the Objection should be denied.

## **RESERVATION OF RIGHTS**

9. The Funds reserve any and all of their rights at law and equity, and all claims and defenses, including without limitation, their right to discovery pursuant to Bankruptcy Rule 9014 in connection with this Response.

**CONCLUSION**

WHEREFORE**,** the Funds respectfully request that the Court:  (i) deny the Objection; and (ii) grant such other and further relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
November 25, 2011

        Respectfully submitted,

        **BROWN RUDNICK LLP**

        By:  /s/ Howard S. Steel
        Howard S. Steel
        Jennifer K. Brooks
        Seven Times Square
        New York, NY 10036
        Telephone:  (212) 209-4800

        Attorneys for ASR Levensverzekering N.V.,
        Falcon Leven N.V., and N.V. Amersfoortse
        Levensverzekering Maatschappij