Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,   Case No. 08-13555 (JMP)
(Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
| --- | --- |
| Deutsche Bank AG, London Branch | Credit Suisse (UK) Limited |

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 6183
Fax: +44 113 336 2010
Attention: Kelly Whistance
E-mail: Kelly.whistance@db.com

Court Claim # (if known): 55816
Amount of Claim: USD 10,000,000 principal amount
Date Claim Filed: October 29, 2009

Tel: N/A

Last Four Digits of Acct. #: N/A         Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Philipp Roever_    Date: 23/11/2011

Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Philipp Roever    Ross Miller
Vice President    Director

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **Credit Suisse (UK) Limited** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Deutsche Bank AG, London Branch** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55816** attached hereto in Schedule 2, filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and as debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.     Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; or, alternatively, Seller is duly authorized to sell, transfer and assign the Transferred Claims by the owner of the Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither Seller nor, if different from Seller, the owner of the Transferred Claims has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) no objection to the Transferred Claims has been received; (h) as of 7 November 2011, the Purchased Claim was not subject to a plan support agreement with the Debtor; and (i) the Seller held the Purchased Claim as of 30 June 2011.

3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller

transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed on:

Date: 23 November 2011                          Date:

**CREDIT SUISSE (UK) LIMITED**                  **DEUTSCHE BANK AG, LONDON BRANCH**
                                                Philipp Roever
By: _____                             Vice President
Name: Adonis Michaelides                        By: _____
Title: Director                                 Name:
                                                Title:

By: _____                             By: _____
Name: Riccardo Triani                           Name:
Title: Director                                 Title:

**Credit Suisse (UK) Limited**                  **Deutsche Bank AG, London Branch**
PB Legal and Compliance                         Attn: Michael Sutton
Five Cabot Square                               Winchester House
London E14 4QR                                  1, Great Winchester Street
UK                                              London EC2N 2DB
Phone: +44 (0)207 888 8000                      UK
Fax: +44 (0)207 943 2164                        Phone: +44 (0)207 547 2400
                                                Fax: +44 (113) 336 2010

Schedule 1

Transferred Claims

Lehman Programs Securities to which Transfer Relates

The Purchased Claim consists of 100% of the claim that is referenced in line item number 25 of the Proof of Claim.

| | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Currency | Principal/ Notional Amount |
|---|---|---|---|---|---|---|
| 1. | Lehman Brothers 5yr AutoRed 13.8.12 EUR/USD | XS0314774505 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc | USD | 10,000,000 |

Schedule 2

Proof of Claim

(See separate document)

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et AL<br>08-13555 (JMP)    0000055816 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Credit Suisse (UK) Limited

See Attached Rider

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(if known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ See Attached Rider**    (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See Attached Rider    (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attached Rider    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
See Attached Rider    (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 10/14/09 | Riccardo Triani / Head Legal<br>Gary Tritton / COO |

FOR COURT USE ONLY
**FILED / RECEIVED**
OCT 29 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

**RIDER TO PROOF OF CLAIM FILED ON BEHALF OF**
**Credit Suisse (UK) Limited against LBHI (Lehman Programs Securities)**

1.  In accordance with the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket 4271] dated July 2, 2009 and the Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities dated July 27, 2009, Credit Suisse (UK) Limited ("CS") files this claim against Lehman Brothers Holdings, Inc. ("LBHI") based on the Lehman Programs Securities ("LPS", whether used in the singular or plural) contained in Schedule I. Schedule I lists the International Securities Identification Number, Depository Participant Account Number, and Depository Blocking Reference Number for each LPS related to this claim.

2.  As the LPS are booked either in units or nominal amounts in the relevant depository systems, CS has provided the number of units or nominal amounts held for each LPS in Schedule I in lieu of claim amounts. CS reserves the right to amend this proof of claim at a later date to specify claim amounts in United States dollars.

3.  CS reserves the right to amend, modify or supplement this proof of claim in any manner, for any purpose and at any time.

4.  CS reserves the right to assert and file any and all additional claims of whatever kind or nature that it has or may hereinafter have against LBHI.

5.  CS reserves the right to set-off any claim set forth in this proof of claim against any claim that LBHI or the LBHI estate has or may assert against CS.

6.  CS reserves all rights it has or may have in the future against LBHI. This proof of claim is not intended as (a) a waiver or release of any rights of CS against LBHI (or

[[NYCORP:3175891v1:3176D:10/26/09--06:40 p]]

any of its affiliates) not asserted in this proof of claim, (b) a consent by CS to the jurisdiction of this Court with respect to the subject matter of the claims set forth herein or to this Court's hearing, determining or entering orders or judgments in any proceedings on this proof of claim, (c) a waiver of the right of CS to trial by jury in any proceedings so triable in these cases or any controversy or proceedings related to these cases or (d) an election of remedies.

7. No judgment has been rendered on the claims set forth in this proof of claim.

8. No payments on the claims set forth in this proof of claim have been made by the debtor.

9. All notices concerning this proof of claim should be sent to:

Credit Suisse (UK) Limited
1 Madison Avenue
New York, NY 10010
Attn: Allen Gage
Ph: (212) 538-9137

With a copy to:

Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Attn: Richard Levin
Ph: (212) 474-1135

# SCHEDULE I

CS Entity: Credit Suisse (UK) limited

| ISIN (12 digits) | Denominational Currency | (Sub-)Custodian | Total Holdings at each (Sub-)Custodian Nominal | Total Holdings at each (Sub-)Custodian Units | Euroclear 92870 Nominal | Euroclear 92870 Units | Euroclear 92870 Blocking No. | SIX SIS AG 20004318 Nominal | SIX SIS AG 20004318 Units | SIX SIS AG 20004318 Blocking No. | Euroclear Bank S.A. Account No. 94285 Nominal | Euroclear Bank S.A. Account No. 94285 Units | Euroclear Bank S.A. Account No. 94285 Blocking No. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0301813522 | USD | EUROCLEAR | 1,854,000 | | 1,854,000 | | 6037632 | | | | | | |
| XS0204933997 | USD | EUROCLEAR | 49,000 | | 49,000 | | 6035070 | | | | | | |
| XS0326172657 | USD | EUROCLEAR | 400,000 | | 400,000 | | 6037633 | | | | | | |
| XS0251185847 | GBP | EUROCLEAR | 750,000 | | 750,000 | | 6039340 | | | | | | |
| XS0229269856 | EUR | EUROCLEAR | 260,000 | | 260,000 | | 6037634 | | | | | | |
| XS0224346592 | EUR | EUROCLEAR | 10,000 | | 10,000 | | 6037635 | | | | | | |
| XS0270249807 | GBP | EUROCLEAR | 70,000 | | 70,000 | | 6037636 | | | | | | |
| XS0307746571 | EUR | EUROCLEAR | 200,000 | | 200,000 | | 6037636 | | | | | | |
| XS0313326982 | USD | EUROCLEAR | 19,000,000 | | 19,000,000 | | 6037638 | | | | | | |
| XS0315529312 | USD | EUROCLEAR | 13,200,000 | | 13,200,000 | | 6037639 | | | | | | |
| XS0319210881 | USD | EUROCLEAR | 2,500,000 | | 2,500,000 | | 6037640 | | | | | | |
| XS0282937985 | EUR | EUROCLEAR | 500,000 | | 500,000 | | 6037641 | | | | | | |
| XS0327903646 | USD | EUROCLEAR | 2,500,000 | | 2,500,000 | | 6037642 | | | | | | |
| XS0328877874 | USD | EUROCLEAR | 3,300,000 | | 3,300,000 | | 6037643 | | | | | | |
| XS0329628629 | USD | EUROCLEAR | 600,000 | | 600,000 | | 6037644 | | | | | | |
| XS0333219915 | USD | EUROCLEAR | 278,000 | | 278,000 | | 6037645 | | | | | | |
| XS0338573406 | USD | EUROCLEAR | 2,350,000 | | 2,350,000 | | 6037646 | | | | | | |
| XS0338049462 | USD | EUROCLEAR | 2,100,000 | | 2,100,000 | | 6037647 | | | | | | |
| XS0339413311 | USD | EUROCLEAR | 2,480,000 | | 2,480,000 | | 6037648 | | | | | | |
| XS0352925460 | USD | EUROCLEAR | 1,000,000 | | 1,000,000 | | 6036341 | | | | | | |
| XS0356298886 | GBP | EUROCLEAR | 600,000 | | 600,000 | | 6037650 | | | | | | |
| XS0313327453 | USD | EUROCLEAR | 8,500,000 | | 8,500,000 | | 6037651 | | | | | | |
| XS0270249807 | GBP | EUROCLEAR | 630,000 | | 630,000 | | 6058213 | | | | | | |
| XS0270249807 | GBP | EUROCLEAR | 200,000 | | 200,000 | | 6085541 | | | | | | |
| XS0314774505 | USD | CS ZURICH | 10,000,000 | | | | | | | | 10,000,000 | | 9454815 |
| XS0196883798 | USD | CS ZURICH | 30,000 | | | | | | | | 30,000 | | 9454903 |
| XS0187966949 | USD | CS ZURICH | 900,000 | | | | | | | | 900,000 | | 9454804 |
| XS0204933997 | USD | CS ZURICH | 150,000 | | | | | | | | 150,000 | | 9454905 |
| XS0274965828 | USD | CS ZURICH | 1,000,000 | | | | | | | | 1,000,000 | | 9454807 |
| XS0313893561 | USD | CS ZURICH | 1,350,000 | | | | | | | | 1,350,000 | | 9454814 |
| XS0339537804 | USD | CS ZURICH | 150,000 | | | | | | | | 150,000 | | 9454902 |
| XS0266486025 | USD | CS ZURICH | 100,000 | | | | | | | | 100,000 | | 9454806 |
| XS0328064810 | USD | CS ZURICH | 250,000 | | | | | | | | 250,000 | | 9454816 |
| XS0337585970 | USD | CS ZURICH | 300,000 | | | | | | | | 300,000 | | 9454808 |
| XS0337337710 | CHF | CS ZURICH | 100,000 | | | | | | | | 100,000 | | 9454813 |
| XS0348699613 | USD | CS ZURICH | 450,000 | | | | | | | | 450,000 | | 9454809 |
| XS0347732892 | USD | CS ZURICH | 95,000 | | | | | | | | 95,000 | | 9454810 |
| XS0348857317 | USD | CS ZURICH | 300,000 | | | | | | | | 300,000 | | 9454817 |
| CH0027121000 | EUR | CS ZURICH | 110,000 | | | | | | 110,000 | | CH100164SUWA42:14010 | | | |
| ANN5214A8303 | CHF | CS ZURICH | | 30 | | | | | | | | 30 | 9454811 |
| XS0302356737 | EUR | CS ZURICH | | 99 | | | | | | | | 99 | 9454812 |

**H A N D   D E L I V E R Y**

_____  _____  _____
RECEIVED BY:                 DATE: 10/29/09     TIME: 3:06