**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                      :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |
| | : | |

---------------------------------------------------------------------x
                      :

| | | |
|---|---|---|
| In re | : | |
| | : | **Case No.** |
| **LEHMAN BROTHERS INC.,** | : | |
| | : | **08-01420 (JMP) (SIPA)** |
| Debtor. | : | |
| | : | |

---------------------------------------------------------------------x

**ORDER GRANTING JOINT MOTION**
**OF LEHMAN BROTHERS HOLDINGS**
**INC. AND JAMES W. GIDDENS, AS TRUSTEE**
**FOR LEHMAN BROTHERS INC., PURSUANT TO**
**SECTIONS 105(a) AND 363 OF THE BANKRUPTCY**
**CODE AND RULE 9019 OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE (I) FOR AUTHORIZATION**
**AND APPROVAL OF A STOCK PURCHASE AGREEMENT**
**REGARDING THE VEBA AND (II) FOR AUTHORIZATION**
**AND APPROVAL OF A SETTLEMENT REGARDING THE SAME**

Upon the joint motion, dated October 21, 2011 (the "Motion"), of Lehman

Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-

referenced chapter 11 cases, as debtors and debtors in possession, the "Debtors") and

James W. Giddens (the "SIPA Trustee"), as trustee for the SIPA liquidation of Lehman

Brothers Inc. ("LBI"), pursuant to sections 105(a) and 363 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), for (i) authorization and approval of a Stock

Purchase Agreement (the "Stock Purchase Agreement") between LBHI and the SIPA

Trustee, pursuant to which LBHI will purchase and LBI will sell its 100% ownership

interest (the "Shares") in Aceso Holdings Inc., a wholly-owned subsidiary of LBI that

owns the VEBA, and (ii) authorization and approval of the settlement and release of all

claims by LBHI or LBI against each other or their affiliates related to the VEBA, all as

more fully described in the Motion; and upon the Declarations of Robert Hershan on

behalf of LBHI and of Spencer L. Harrison, Esq. on behalf of the SIPA Trustee in

support of the Motion; and the Court having jurisdiction in the Chapter 11 Cases to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157

and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Motion and the relief requested therein in

the Chapter 11 Cases being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

as to the Chapter 11 Cases being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and the Court having jurisdiction to consider the Motion and the relief

requested in the SIPA Proceeding pursuant to SIPA § 78eee(b)(4); and venue as to the

SIPA Proceeding being proper before this Court pursuant to SIPA § § 78eee(a)(3) and

78aa; and due and proper notice of the Motion having been provided in accordance with

the procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for the chapter 11 cases, LBHI ECF No.

9635, to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv)

the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; and (vi) all parties who have requested notice in these chapter 11 cases; and

due and proper notice of the Motion having been provided in accordance with the

amended order entered in the SIPA Proceeding implementing certain notice and case

management procedures and other related relief, LBI ECF No. 3466; and personalized

notice of the Motion having been provided to each of Lehman's retirees and their

beneficiaries, and it appearing that no other or further notice need be provided; and a

hearing having been held to consider the relief requested in the Motion; and the Court

having found and determined that the relief sought in the Motion is in the best interests of

LBHI and LBI, their estates and creditors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the

Bankruptcy Code, the Stock Purchase Agreement is approved and LBHI is authorized to

purchase and the SIPA Trustee, on behalf of LBI, is authorized to sell Aceso on the terms

and conditions set forth therein; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, LBHI

shall take title to and possession of LBI's interest in the Shares free and clear of all liens,

claims, encumbrances and other interests of any kind or nature whatsoever; and it is

further

ORDERED that, pursuant to Bankruptcy Rule 9019, LBHI and the SIPA

Trustee's settlement and release of those claims of LBHI and LBI, if any, that constitute

property of their respective estates regarding the VEBA as set forth in the Stock Purchase

Agreement is authorized and approved; and it is further

ORDERED that LBHI is a good-faith purchaser of LBI's interest in the Shares and shall be entitled to all of the benefits and protections afforded in section 363(m) of the Bankruptcy Code; and it is further

ORDERED that the consideration provided by LBHI for LBI's interest in the Shares is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that the Court shall retain jurisdiction to enforce and implement the terms and provisions of the Stock Purchase Agreement and this Order, and resolve disputes thereunder; and it is further

ORDERED that all objections to the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits; and it is further

ORDERED that the failure to specifically include any particular provision of the Stock Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the implementation of the transactions provided for in the Stock Purchase Agreement be approved in its entirety; provided, however, that such approval shall not expand the scope of the releases provided for in the Stock Purchase Agreement beyond the scope of the same as authorized and approved in the third decretal paragraph of this Order; and it is further

ORDERED that, pursuant to Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

Dated:  New York, New York
         November 28, 2011

_s/ James M. Peck_
UNITED STATES BANKRUPTCY JUDGE