ANDREWS KURTH LLP
Robin Russell (17424001 (TX)) (admitted *pro hac vice*)
Jeremy B. Reckmeyer (JR 7536)
450 Lexington Avenue, 15th Floor
New York, New York 10017
Telephone: (212) 850-2800
Facsimile: (212) 850-2929

*Attorneys for EPCO Holdings, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------- x
In re:                              :    Chapter 11
                                    :
**LEHMAN BROTHERS HOLDINGS,**       :    Case No. 08-13555 (JMP)
**INC.,** *et al.*                  :
                                    :
    Debtors.                        :
------------------------------- x

**OBJECTION OF EPCO HOLDINGS, INC. TO**
**ASSUMPTION OF EXECUTORY CONTRACTS**

EPCO Holdings, Inc. ("EPCO"), creditor and party in interest in the above-captioned cases, hereby files this Objection to the Assumption and Assignment of Executory Contracts (the "Objection"), and respectfully shows as follows:

**BACKGROUND**

1.  EPCO and the Debtors were parties to various derivative contracts prior to the Debtors' filing for bankruptcy protection. Subsequent to filing of the bankruptcy, all such agreements expired by their own terms.

2.  On November 17, 2011, EPCO received a Notice of Proposed Assumption of Executory Contracts and Unexpired Leases Pursuant to Debtors' Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code (the "Assumption Notice") seeking to assume all derivative contracts between the Debtors and EPCO and listing the cure amount for such assumption as $0.

HOU:3171171.1

**OBJECTION**

3. As an initial matter, EPCO objects to the Debtors' attempt to assume any contracts with EPCO because EPCO has not received adequate notice. EPCO did not receive the Assumption Notice until November 17, 2011, which was one week after the stated November 10, 2011 deadline to object (the "Objection Deadline") to the assumption of executory contracts. EPCO could not have filed an objection prior to the Objection Deadline because it was not aware of the attempted assumption. Further, EPCO submits that the Debtors' are not prejudiced by this objection, as counsel for EPCO contacted counsel for the Debtors shortly after receipt of the Assumption Notice in an attempt to resolve these issues.

4. Second, EPCO objects to the Debtors' attempt to assume any contracts between the Debtors and EPCO because all such swaps and derivative contracts have terminated by their own terms. The Debtors cannot assume an executory contract which has terminated by its own terms. *See, e.g.,*, *Counties Contract and Const. Co. v. Constitution Life Ins. Co.,* 855 F.2d 1054, 1061 (3d Cir. 1988) (explaining that "[a] contract may not be assumed under §365 if it has already expired according to its terms"). Further, even if the Debtors establish that the swaps and derivative contracts have not terminated, defaults exist under the contracts which prevent the Debtors from assuming the contracts.

5. Finally, while EPCO believes that all derivative contracts and swap agreements between the Debtors and EPCO have expired, EPCO hereby reserves its right to object to the cure amount provided in the Assumption Notice to the extent it is determined that any contracts or agreements have not expired.

WHEREFORE, EPCO requests that the Court enter an order consistent with this objection and grant to EPCO such other and further relief as is just and proper.

2

Dated:  November 28, 2011
       New York, New York

    ANDREWS KURTH LLP

    By: /s/ Robin Russell
    Robin Russell (17424001 (TX))(admitted *pro hac vice*)
    Jeremy B. Reckmeyer (JR 7536)
    450 Lexington Avenue, 15th Floor
    New York, New York 10017
    Telephone: (212) 850-2800
    Facsimile:  (212) 850-2929

    *Counsel to EPCO Holdings, Inc.*

# CERTIFICATE OF SERVICE

      The under signed hereby certifies that a true and correct copy of the forgoing Objection was served this 28th day of November, 2011 via United States First Class Mail on the parties listed below.


                                              */s/ Jeremy B. Reckmeyer*
                                              Jeremy B. Reckmeyer


Honorable James M. Peck
One Bowling Green, Courtroom 601
New York, NY 10004

Weil Gotshal & Magnes LLP
ATTN: Jacqueline Marcus
767 Fifth Avenue
New York, NY 10153

Office of the United States Trustee for Region 2
ATTN: Tracy Hope Davis
ATTN: Elisabetta Gasparini
ATTN: Andrea Schwartz
33 Whitehall Street, 21st Floor
New York, New York 10004

Milbank, Tweed, Hadley & McCloy LLP
ATTN: Dennis F. Dune
ATTN: Dennis O'Donnell
ATTN: Evan Fleck
1 Chase Manhattan Plaza
New York, New York 10005