UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                               Chapter 11

LEHMAN BROTHERS HOLDING, INC., *et al.*,            Case No. 08-13555(JMP)

                    Debtors.
------------------------------------------------------------X

### RESPONSE OF CHARLES DICCIANNI IN FURTHER SUPPORT OF CLAIM NO. 12314 AND IN FURTHER OPPOSITION TO THE DEBTORS' "SEVENTY-THIRD OMNIBUS OBJECTION"

Charles Diccianni ("Diccianni"), by his undersigned counsel, in support of his claim (no. 12314) and in further opposition to the debtor's "Seventy-Third Omnibus Objection" (the "Objection") insofar as it seeks to have Diccianni's claim for $96,068.00 reclassified as "equity" and not "debt", respectfully states as follows:

1. Debtor boldly rests much of its Objection in favor of reclassification on its contention that claimants, including Diccianni, cannot show that their claims represent amounts that were actually deducted from their salaries. Both debtors' initial (December 7, 2010) objections and subsequent March 25, 2011 reply stress the claimant's burden of establishing their claims. The concluding portion of the debtors' reply states:

> "Respondents unsupported assertions that amounts were deducted from their payroll or escrowed for their benefit are not supported by any evidence and are merely asserted in unsworn statements in certain of the Responses. **Upon information and belief, no amounts were deducted from employees' paychecks...**"

(March 25 Reply at 7).

{00034334.}

2. In fact, all amounts for which Diccianni is making claim were directly deducted from his salary. Mr. Diccianni's affidavit, sworn to November 28, 2011, is submitted herewith, and Exhibit A thereto includes almost all the pay statements during the period of time to which his claim relates. These documents irrefutably show that the amounts which comprise Mr. Diccianni's claim were earned by him as part of his compensation for commission sales work, and **were**, in fact, deducted from his pay without his agreement. The pay statements regularly issued by Neuberger Berman to Diccianni clearly show that the amounts in question were deducted from Mr. Diccianni's earned compensation. As such, debtors' argument that Diccianni has failed to prove that his claim is for earned compensation, is clearly incorrect.

3. It is the debtors which have failed to meet any burden here. Debtors' contentions rest entirely on their completely unproven presumption that Diccianni's claim arises under the (mostly illusory) program of purported stock issuance supposedly set forth in the Exhibits to debtors' objections. However, Mr. Diccianni denies in his affidavit that he ever agreed, or even was asked, to participate in any such stock program.

4. Mr. Diccianni has made, and here makes, no claim for stock, stock options, or the vesting or non-vesting of contingent rights. Mr. Diccianni's claim is that debtors wrongfully withheld from his earned compensation, and therefore owe him, the amount of his claim. As such, Diccianni's claim is a

2

{00034334.}

debt the debtors owe, and cannot properly be reclassified as one for "equity" merely because debtors wish to have it so classified.

5. Diccianni worked hard for, and earned his commissions, and debtors wrongfully withheld them. It is the debtors, not Diccianni, which contend that Diccianni should be forced now to accept meaningless, illusory and valueless stock rights, "options", interests "vested" or "unvested" according to their own unsworn and unproven contentions. Debtors cannot convert Diccianni's claim into an "equity" claim merely on their own allegations (unsupported by sworn testimony or admissible evidence) that Diccianni agreed to participate in a stock option plan as alleged in the objections. There is no evidence that Diccianni ever agreed to do so, and his sworn affidavit submitted herewith makes clear that he never agreed to any such participation.

6. Debtors had no right to make the deductions they made from Diccianni's earned commissions, and they owe him the full amount of all such deductions. Mr. Diccianni's claim should not be classed as one for "equity" merely based on debtors' defense to the claim.

7. As Mr. Diccianni's statement and his affidavit both reiterate, the wrongful withholding of a portion of his earned commissions was made without his consent and he did not agree to any terms which the debtors may have unilaterally sought to impose. The investment program made no sense for a person of Diccianni's age, and the interests in Lehman stock would not have been prudent investments for him to make.

{00034334.}

8.  Diccianni's position is entirely unlike that of those persons in management who were awarded stock options as bonuses, those who opted to participate in a program of stock options, or those who purchased stock. Such interests are classic equity interests. Mr. Diccianni's claim is for the commissions he earned, and which debtors failed and refused to pay, a claim of debt and not equity.

9.  Even if the debtors are successful in proving their contention that Diccianni is entitled only to stock or stock options – pursuant to an investment program not disclosed to him, that was unsuitable for him and in which he never agreed to participate – that interest still ought to be classified as debt and not equity, by virtue of the inequitable manner in which the interest was and has been forced upon him. The Second Circuit has emphasized that the question of whether a given interest is debt, or equity, for these purposes, depends on whether the classification fits the underlying policy purposes of the rule. "Nothing in our rationale would require the subordination of a claim...where the claim lacks any causal relationship to the purchase or sale of stock and when subordinating the claim [ ] would not further the policies underlying [s]510(b)." In re Med Diversified, 461 F3d 251 (2d Cir. 2006). Under this analysis, there are only two reasons to assign a disputed interest to the equity side: if the claimant "took on the risk and return expectations of a shareholder, rather than a creditor", or if he "seeks to recover a contribution to the equity pool presumably relied on by creditors in deciding whether to extend credit to the debtor." Med Diversified, 461 F.3d at 256. Neither of those

4

{00034334.}

circumstances is present here. Above all, Mr. Diccianni did not voluntarily take on the "risk and return expectations of a shareholder" and so should in no event be treated as one.

### **CONCLUSION**

Debtors' contention that Mr. Diccianni's claim is one for "equity" or based on an "equity" interest is without basis and must be rejected. The debtors' "Seventy-Third Omnibus Objection" should be overruled insofar as it applies to Mr. Diccianni's claim (No. 12314), and that claim should be allowed in its entirety in the full amount of $96,068.10, which should be classified as debt and not equity, together with such other and further relief as the court may find appropriate.

Dated:    November 24, 2011
          New York, NY

Respectfully submitted,

TOFEL & PARTNERS, LLP

By: _____
    Lawrence E. Tofel
    730 Third Avenue, 25th Floor
    New York, NY 10017
    (212) 752-0007

To:

5

{00034334.}