UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re                                                                    Chapter 11

LEHMAN BROTHERS HOLDING, INC., *et al.*,    Case No. 08-13555(JMP)

                            Debtors.                      **AFFIDAVIT**
----------------------------------------------------------X

STATE OF NEW YORK   )
                           )   ss.:
COUNTY OF NEW YORK)

        CHARLES DICCIANNI, being duly sworn, deposes and says:

    1.    I am the claimant herein and have filed a proof of claim which has been assigned claim number 12314 (the "Claim"). I submit this affidavit in support of that Claim, and in further opposition to the debtors' "Seventy-Third Omnibus Objection" insofar as it asks the Court to have the $96,068.00 that I earned as a commissioned salesperson reclassified as "equity" and not "debt". The objection should be overruled and the Claim sustained. This is money that I earned but was never paid, and should not be classed together with bonus compensation or the interests of other persons who chose to own stock.

    2.    I am a long term employee of Neuberger Berman. I was hired in 1988 as head of institutional equity client services. I became a sales person in or about 2003 and have continued to work in that capacity since then. From 1988 to late 2004 I received all my compensation in cash. Since I became a sales person, the amount of my compensation has been determined by formula, based on the amount of my sales.

{00034329.}

3. Beginning in late 2004, after Lehman Brothers took over Neuberger Berman, the company began making deductions from each paycheck, accounting first for "total production compensation" then subtracting the deducted amount as "stock compensation", and paying me the net balance as "cash compensation". Annexed hereto as Exhibit A are copies of all the pay statements that I retained from February, 2005 through mid-2008. Each of these statements shows that the company always acknowledged that I had earned the total amount, and that monies were being withheld and accounted for instead as "stock compensation".

4. I was not asked to, and did not, sign any documents agreeing to any of these deductions from my pay; rather, the deductions were unilaterally instituted, without any formal notice or explanation to me. If the company ever issued stock to me, it was not delivered and I was not given any opportunity to sell such stock either. Although it appeared to be some kind of alternative compensation scheme, I understood all of the deducted amounts to be money I earned, and that the company would eventually pay. I was not advised that in the event of bankruptcy I would not be paid.

5. I did not receive any of the various documents included by debtors in their Exhibits to their December 7, 2010 objections. I was never given, and never had, any choice as to whether any of these deductions would be made. Thus, I was not any sort of voluntary "participant" in any program of stock issuance or deferred compensation. At all times I simply continued my work as a commissioned salesperson as I always had.

WHEREFORE, the debtors' "Seventy-Third Omnibus Objection" should be overruled, insofar as it applies to my claim (No. 12314), and my claim should be allowed in its entirety in the full amount of $96,068.10 which should be classified as debt and not equity herein, together with such other and further relief as the Court may find appropriate.

_____
Charles Diccianni

Sworn to before me this
28 day of November, 2011

_____
Notary Public

MARK A. LOPEMAN
Notary Public, State of New York
No. 02-4985572
Qualified in Westchester County
Commission Expires August 19, ~~199~~ 2013

{00034329.}

3