Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,

Case No. 08-13555 (JMP)
(**Jointly Administered**)

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

**Deutsche Bank AG, London Branch**

Name of Transferor

**Genertel S.p.A (for an on behalf of its sub-fund GENERTEL)**

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch
Winchester House, 1 Great Winchester Street
London EC2N 2DB
Tel: +44 20 7547 2400
Fax: +44 113 336 2010
Attention: Simon Glennie/Kelly Whistance
E-mail: simon.glennie@db.com / kelly.whistance@db.com

Court Claim # (if known): 58593
Amount of Claim: EUR 2,017,895.89 (including any interest) or USD 2,860,367.42 (including any interest)
ISIN transferred: XS0258715456
Transferred portion of Claim: 100% of the Proof of Claim (including any interest)
Date Claim Filed: 30 October 2009

Last Four Digits of Acct. #: N/A

Tel: N/A
Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ______________________ Date: 28/11/2011

Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

Philipp Roever
Vice President

Duncan Robertson
Director

FULL Transfer of LBHI Claim # 58593
PROGRAM SECURITY

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, GENERTEL S.p.A. (for and on behalf of its sub-fund GENERTEL) ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to DEUTSCHE BANK AG, LONDON BRANCH (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to such portion of Proof of Claim Number 58593 filed by or on behalf of Seller (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.

DB Ref: 9228

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of ____ 2011.

GENERTEL S.p.A. (for and on behalf of its sub-fund GENERTEL)

By: [signature]
Name: ROBERTO SPERA
Title: ATTORNEY IN FACT

Via Machiavelli 4
34132 Trieste, Italy
Attn: Giovanni Pilato

Notices:
c/o Generali Investments Italy SGR S.p.A.
Via Trento 8, 34132 Trieste, Italy
Attn: Marco Bartolomei – Head of Legal and Corporate Affairs

DEUTSCHE BANK AG, LONDON BRANCH

By: [signature] Philipp Roever
Name: Vice President
Title:

By: [signature] Duncan Robertson
Name: Director
Title:

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

DB Ref: 9228

Schedule 1

Transferred Claims

Purchased Portion

100% of the Proof of Claim (in a Principal Amount of EUR 2,000,000.00 or USD 2,835,000.00) attached at Schedule 2 and described below:

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Fixed Rate Notes with Switch Option | XS0258715456 | CA43790 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 2,000,000.00 (or USD 2,835,000.00) | 6 July 2016 | EUR 2,017,895.89 (or USD 2,860,367.42) |

Schedule 2

Copy of Proof of Claim 58593

***United States Bankruptcy Court/Southern District of New York***
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000058593

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Generali S.p.A. (for and on behalf of its sub-fund GENERTEL)
Via Machiavelli 4
34132 Trieste, Italy
Attn: Giovanni Pilato

NOTICES: Genertel S.p.A. (for and on behalf of its sub-fund GENERTEL)
c/o Generali Investments Italy SGR S.p.A.
Via Trento 8, 34132 Trieste, Italy
Attn: Marco Bartolomei – Head of Legal and Corporate Affairs

Tel. No.: +39 0406768720 | +39 040 671111

Email: Giovanni.Pilato@Genertel.it | Marco.Bartolomei@AM.Generali.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: ____________
*(If known)*

Filed on: ____________

Name and address where payment should be sent (if different from above)

Genertel S.p.A. (for and on behalf of its sub-fund GENERTEL)
c/o Generali Investments Italy SGR S.p.A.
Via Trento 8
34132 Trieste, Italy
Attn: Marco Bartolomei – Head of Legal and Corporate Affairs

Telephone number: +39 040 671111 Email Address: Marco.Bartolomei@AM.Generali.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** Please see attachment **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** Please see attachment **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Please see attachment **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

Please see attachment **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FILED / RECEIVED
OCT 30 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. | Signature: |
|---|---|
| October 28, 2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. [signature] MARCO BARTOLOMEI |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

ATTORNEY IN FACT

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**ATTACHMENT TO PROOF OF CLAIM OF GENERTEL S.P.A. (FOR AND ON BEHALF OF ITS SUB-FUND GENERTEL) AGAINST LEHMAN BROTHERS HOLDINGS INC.**

1. Commencing on September 15, 2008 (the ***Petition Date***) and periodically thereafter, Lehman Brothers Holdings Inc. (***LBHI***), and certain of its subsidiaries (LBHI, together with such subsidiaries, the ***Debtors***), filed voluntary petitions (the ***Chapter 11 Cases***) for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the ***Bankruptcy Code***). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2. On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the ***Bar Date Order***) which, among other things, establishes November 2, 2009 at 5:00 pm (ET) as the deadline (the ***Bar Date***) for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on any Lehman Programs Security, as identified on the Debtors' website, against the Debtors (the ***Securities Programs Bar Date***).

3. Genertel S.p.A. (for and on behalf of its sub-fund GENERTEL) (the ***Claimant***) accordingly files this Lehman Programs Securities Proof of Claim (the ***Proof of Claim***) for the amount owing to Claimant by LBHI in respect of a Lehman Programs Security held by Claimant in a

proprietary capacity[1]. As of the filing of this Proof of Claim, Claimant is the record holder of the following Lehman Programs Security:[2]

| International Securities Identification Number (ISIN) | Depository Blocking Reference Number | Depository Participant Account Number | Principal Component | Interest Component (up to and including September 15, 2008) | Amount of Claim |
|---|---|---|---|---|---|
| XS0258715456 | CA43790 | Clearstream 11037 | USD 2,835,000.00 | USD 25,367.42 | USD 2,860,367.42 |
| **Total:** | | | USD 2,835,000.00 | USD 25,367.42 | USD 2,860,367.42 |

4. Claimant is the record holder of a Lehman Programs Security in the aggregate principal amount of USD 2,835,000.00 and aggregate accrued and unpaid interest amount or other return (up to and including September 15, 2008) of USD 25,367.42. LBHI guaranteed the full and punctual payment of all obligations related to this Lehman Programs Security. Accordingly, LBHI remains liable to Claimant for no less than USD 2,860,367.42 (the ***Lehman Programs Securities Claim***). The foregoing amounts have been converted from EUR to US dollars using the exchange rate prevailing on the Petition Date (EUR 1 = USD 1.4175 according to the Federal Reserve Bank of New York).

5. Claimant has filed this Proof of Claim under compulsion of the Bar Date Order and to protect the Claimant from forfeiture of Claimant's claims against the Debtors by reason of the Securities Programs Bar Date. Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of

---

1 The Bar Date Order provides "claims based on any Lehman Programs Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)." Bar Date Order at p. 14.

2 The Bar Date Order provides "persons or entities that file claims based on any Lehman Programs Security are not required to attach or submit any documentation supporting any claim based on such Lehman Programs Security." Bar Date Order at p. 14.

claim for any additional claims which may be based on the same or additional documents or grounds of liability.

6. The filing of this Proof of Claim shall be without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant or any of its affiliates against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim that may be filed against Lehman Brothers Treasury Co. B.V., Lehman Brothers Securities N.V., or any other entity which issued Lehman Programs Securities.

7. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time to restate the amount of the Lehman Programs Securities Claim based on the method ultimately used to value the Lehman Programs Securities referenced herein, including, without limitation, the ultimate determination of the applicable interest or coupon rate, or other return, or the principal-protected amount, on any Lehman Programs Security. Additionally, nothing contained in this Proof of Claim shall prejudice or limit Claimant's right to receive any distribution with respect to the Lehman Programs Securities Claim based on any valuation method that is ultimately used to value any Lehman Programs Security.

8. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the Petition Date; (b) claims for any future distributions or rights to distributions arising from any of the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action (or any other cause of action seeking recovery of payments made to, or setoffs or nettings effectuated by, Claimant) against

Claimant whether or not related to or arising from the transactions and agreements set forth herein. Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in Section 503(b) of the Bankruptcy Code.

9. Without limiting the rights otherwise asserted in this Proof of Claim, Claimant hereby preserves and reserves all rights of setoff against LBHI whether in respect of claims directly between Claimant and LBHI, claims between affiliates of Claimant and LBHI or claims between Claimant, or its affiliates, and affiliates of LBHI, including, without limitation, under Sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 553, 555, 556, 559, 560 and 561 of the Bankruptcy Code, under any agreement or other instrument, under applicable non-bankruptcy law or otherwise.

10. In executing and filing this Proof of Claim, Claimant does not waive (a) any obligation owed to Claimant under any of the contracts described herein or that may be attached as exhibits hereto, or (b) any past, present or future breaches of such contracts by the Debtors or any of their affiliates. Claimant further does not waive (and this Proof of Claim shall not be deemed or construed to waive) any claims or right to assert any claims, or preserve any remedies, including setoff and recoupment, that Claimant has against any of the Debtors, Lehman Brothers Inc., Lehman Brothers International (Europe) or any other affiliates of the Debtors, whether arising from or related to transactions described herein or otherwise.

11. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors;

(b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

12. All notices regarding this Proof of Claim should be sent to: Genertel S.p.A. (for and on behalf of its sub-fund GENERTEL) c/o Generali Investments Italy SGR S.p.A., Via Trento 8, 34132, Trieste, Italy, Attention: Marco Bartolomei, Head of Legal & Corporate Affairs (telephone +39 040 671111; fax +39 040 671639; e-mail Marco.Bartolomei@AM.Generali.com) with copies to Freshfields Bruckhaus Deringer, Via dei Giardini 7, 20121, Milan, Italy, Attention: Mario Ortu and Ivana Stjepovic (telephone +39 02 625 301; fax +39 02 625 30800; e-mail mario.ortu@freshfields.com and ivana.stjepovic@freshfields.com).




**PROCURA**

Il sottoscritto Davide Angelo Passero, nella sua qualità di Amministratore Delegato di **Genertel S.p.A.**, società costituita ai sensi della legge italiana, con sede sociale in Trieste (Italia), via Machiavelli 4, iscritta al Registro delle Imprese di Trieste (Italia), n. 00171820327, codice fiscale 00171820327 (il "***Rappresentato***")

**premesso che**

(a) Il Rappresentato e Generali Investments Italy SGR S.p.A., società di gestione del risparmio, una società costituita ai sensi della legge italiana, con sede sociale in Trieste (Italia), via Machiavelli 4, iscritta al Registro delle Imprese di Trieste (Italia), n. 05647531002, codice fiscale 05647531002 e all'albo delle società di gestione del risparmio al n. 75 (il "***l'Agente***") hanno stipulato un contratto di mandato con cui il Rappresentato ha incaricato l'Agente di gestire il proprio portafoglio di investimento, comprendente, inter alia, i contratti derivati, ora risolti, stipulati con Lehman Brothers International (Europe) ("***LBIE***"), garantiti da Lehman Brothers Holdings Inc. ("***LBHI***") e le obbligazioni non ancora rimborsate, descritte nell'Appendice A allegata alla presente, che sono state emesse da Lehman Brothers Treasury B.V. ("***LBT***") e garantite da LBHI (congiuntamente, gli "***Investimenti***");

(b) In data 15 settembre, 2008, quattro partner dello studio inglese PricewaterhouseCoopers sono stati nominati amministratori giudiziali (*administrators*) di LBIE ai sensi dell'*Insolvency Act 1986* (l'"***Amministrazione***") e LBHI ha presentato un deposito dell' istanza volontaria di fallimento (*voluntary petition*) ai sensi del Chapter 11 del Bankruptcy Code degli Stati Uniti presso la *United States Bankruptcy Court for the Southern District of New York* (il **Fallimento LBHI**). L'Amministrazione può anche comportare o sfociare in una proposta di concordato, ai sensi della *Part* 26 del *Companies Act 2006*, in una liquidazione volontaria (*voluntary liquidation*), in un concordato volontario (*company voluntary arrangement*) o in un'altra forma di accordo (*arrangement*), liquidazione (*liquidation*) e/o di procedura di scioglimento (*dissolution*) in relazione a LBIE (la "***Liquidazione***");

**POWER OF ATTORNEY**

The undersigned Davide Angelo Passero, in his capacity as CFO of **Genertel S.p.A.**, a company incorporated under the laws of Italy, with registered office at Trieste (Italy), via Machiavelli 4, enrolled with the Register of Enterprises of Trieste (Italy), under no. 00171820327, tax code no. 00171820327 (the "***Principal***")

**whereas**

(a) The Principal and Generali Investments Italy SGR S.p.A., *società di gestione del risparmio*, a company incorporated under the laws of Italy, with registered office at Trieste (Italy), via Machiavelli 4, enrolled with the Register of Enterprises of Trieste (Italy), under no. 05647531002, tax code no. 05647531002 and with the register of investment management companies under no. 75(the "***Agent***") have an agency agreement whereby the Principal has entrusted the Agent with the management of its investment portfolio, including, inter alia, the now terminated derivative contracts with Lehman Brothers International (Europe) ("***LBIE***"), which were guaranteed by Lehman Brothers Holdings Inc. ("***LBHI***") and outstanding notes described in Appendix A hereto, which were issued by Lehman Brothers Treasury B.V. ("***LBT***") and guaranteed by LBHI (collectively, the "***Investments***");

(b) On September 15, 2008, four partners of the UK firm of PricewaterhouseCoopers were appointed as administrators for LBIE pursuant to the Insolvency Act 1986 (the "***Administration***") and LBHI filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York ("the ***LBHI Bankruptcy***"). The Administration may also involve or result in a scheme of arrangement pursuant to Part 26 of the Companies Act 2006, a voluntary liquidation, a company voluntary arrangement or another form of arrangement, liquidation and/or dissolution procedure in respect of LBIE (the "***Liquidation***");





(c) In data 19 Settembre 2008, il Sig. R.J. Schimmelpennick è stato nominato amministratore giudiziale (*administrator*) di LBT e una sospensione preliminare dei pagamenti è divenuta applicabile a LBT. In data 8 Ottobre 2008, a seguito di una richiesta dell'amministratore giudiziale, detta sospensione dei pagamenti è stata convertita, per decisione del tribunale Olandese, in fallimento (il "*Fallimento LBT*"). Il Sig. R.J. Schimmelpennick è stato nominato curatore di LBT ai fini del Fallimento LBT.

(c) On September 19, 2008 Mr. R.J. Schimmelpennick was appointed as administrator of LBT and a preliminary suspension of payment became applicable to LBT. On October 8, 2008 following a request of the administrator, the suspension of payment of LBT by decision of the Dutch court was converted into a bankruptcy (the "***LBT Bankruptcy***"). Mr. R. J. Schimmelpennick was appointed trustee of LBT for purposes of the LBT Bankruptcy.

**Tutto ciò premesso**

1. Il Rappresentato con la presente conferisce a:

- **Marco Bartolomei**, nato a Roma il 24 aprile 1960, domiciliato per la carica in Trieste (Italia), via Machiavelli 4;
- **Francesco Bosatra**, nato a Padova il 9 gennaio 1965, domiciliato per la carica in Trieste (Italia), piazza Duca degli Abruzzi 2;
- **Alessandro Corsi**, nato Trieste a 31 agosto 1961, domiciliato per la carica in Trieste (Italia), piazza Duca degli Abruzzi 2 ;
- **Oliviero Edoardo Pessi**, nato a Padova il 7 maggio 1964, domiciliato per la carica in Trieste (Italia), piazza Duca degli Abruzzi 2;
- **Roberto Spera,** nato a Trieste il 23 luglio 1964, domiciliato per la carica in Trieste (Italia), piazza Duca degli Abruzzi 2;

(ciascuno, il "***Rappresentante***"), ogni potere di agire, disgiuntamente tra loro, in suo nome e per suo conto nell'ambito dell'Amministrazione e della Liquidazione, del Fallimento LBHI e del Fallimento LBT (congiuntamente, le "***Procedure***"), ivi incluso il potere di porre in essere qualsiasi attività, di approvare e sottoscrivere qualsiasi documento, di approvare modifiche a tali documenti, di adempiere a qualunque obbligo formale, di rendere qualunque dichiarazione, di inviare qualsiasi comunicazione, di depositare qualunque richiesta o domanda e di proporre qualunque giudizio di appello o di opposizione che possa essere necessario o opportuno nel contesto delle Procedure al fine di tutelare gli interessi del Rappresentato in relazione agli Investimenti, ivi incluso specificamente il potere di

**Given the above premises**

1. The Principal hereby grants each of the following individuals,

- **Marco Bartolomei**, born in Rome on April 24, 1960, domiciled for these purposes in Trieste (Italy), via Machiavelli 4;
- **Francesco Bosatra**, born in Padova on January 9, 1965 domiciled for these purposes in Trieste (Italy), piazza Duca degli Abruzzi 2;
- **Alessandro Corsi**, born in Trieste on August 31, 1961, domiciled for these purposes in Trieste (Italy), piazza Duca degli Abruzzi 2;
- **Oliviero Edoardo Pessi,** born in Padova on May 7, 1964, domiciled for these purposes in Trieste (Italy), piazza Duca degli Abruzzi 2;
- **Roberto Spera**, born in Trieste on July 23, 1964, domiciled for these purposes in Trieste (Italy), piazza Duca degli Abruzzi 2.

(each, an "***Attorney***"), with any and all powers to act, severally and not jointly, in its name and on its behalf in the context of the Administration and Liquidation, the LBHI Bankruptcy and the LBT Bankruptcy (collectively, the "***Proceedings***"), including the right to carry out any activity, to approve and execute any documentation, approve amendments to any such documentation, to fulfil any formal undertaking, to make any statement, to send any communication, to file any request or claim and to issue any appeal or opposition proceedings which may be necessary or appropriate in the context of the Proceedings in order to protect the Principal's interests in relation to the Investments, including specifically the power to file a claim and any applicable guarantee or derivatives questionnaire required by the Bar Date Order dated 2



tel

avanzare una pretesa di fronte al tribunale e di presentare ogni applicabile garanzia o questionario concernente i derivati richiesti dal *Bar Date Order* datato 2 luglio 2009 emesso dalla *US Bankruptcy Court Southern District of New York* in relazione a *In re Lehman Brothers Holdings Inc. et. al (Debtors), Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered)*. A mero titolo esemplificativo, e senza alcuna limitazione, il Rappresentante potrà firmare e presentare ogni pretesa e/o questionario nell'ambito delle Procedure per conto del Rappresentato ed inoltre porre in essere qualsiasi altro atto necessario in relazione a tali pretesa (incluso rappresentare il Rappresentato nel corso delle riunioni dei creditori o delle udienze e fungere da punto di contatto per ogni pretesa), potrà inoltre ricevere i pagamenti fatti nell'ambito delle Procedure da LBIE, LBHI e/o LBT per conto del Rappresentato.

July 2009 issued by the US Bankruptcy Court Southern District of New York in relation to In re Lehman Brothers Holdings Inc. et. al (Debtors), Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered). By way of example, and without limitation, the Attorney will have the power to sign and submit any relevant claim and/or questionnaire forms in the Proceedings on behalf of the Principal and also to take any further actions required in relation to such claims (including representing the Principal at any meetings of creditors or court hearings and serving as the point of contact for any claims), as well as to collect any payments made in the context of the Proceedings by LBIE, LBHI and/or LBT on behalf of the Principal.

2. Il Rappresentante potrà approvare e sottoscrivere qualsiasi documento, nonché approvare modifiche relative a tali documenti e porre in essere qualsiasi attività ancillare e/o connessa a quelle sopra menzionate, con i più ampi poteri per raggiungere tale scopo e con facoltà di sub-delegare i propri poteri in tutto o in parte a qualsiasi terzo (incluso il potere di nominare rappresentanti per prender parte alle riunioni dei creditori) nonché di nominare avvocati per difendere o rappresentare il Rappresentato nell'ambito delle Procedure e in eventuali giudizi di appello o di opposizione connessi alle Procedure.

2. The Attorney will also have the power to approve and execute any such documentation, approve amendments to any such documentation and to carry out any such activity which is ancillary and/or connected to any of the above, with the widest powers to achieve such purpose and with the authority to sub-delegate in all or in part to any third party(ies) its powers (including, appointing proxies to attend any relevant creditors meetings) and to appoint attorneys to defend and represent the Principal in the Proceedings and in any eventual appeal or opposition proceedings in connection to the Proceedings.

3. Qualora necessario, il Rappresentato si impegna a ratificare tutto ciò che il Rappresentante farà o farà in modo venga fatto nell'esercizio dei poteri conferiti con la presente procura e si impegna a difendere e a tenere indenne e manlevato il Rappresentante (nonché gli amministratori, i dirigenti, i dipendenti e i rappresentanti del Rappresentante) in relazione ad ogni responsabilità, costo, spesa, inclusi costi di difesa e spese legali, ed inoltre in relazione a qualsiasi richiesta di risarcimento di danni di qualsiasi natura derivante da o connessa all'esercizio dei poteri conferiti con questa procura.

3. If necessary, the Principal undertakes to ratify all that the Attorney shall do or cause to be done in the exercise or execution of the powers and authorities contained herein and agrees to indemnify, defend and hold harmless the Attorney (as well as the Attorney's officers, employees and agents) from and against any and all liabilities, costs, expenses, including defence costs and legal fees, and claims for damages of any nature whatsoever arising from or connected with the exercise of any power and authority conferred upon it hereunder.

4. La versione italiana di questa Procura prevarrà.

4. The Italian language version of this Power of Attorney shall prevail.



5. La presente Procura è regolata dalla legge italiana e dovrà essere interpretata in base ad essa.

Trieste, 3 settembre 2009

GENERTEL

5. This Power of Attorney shall be governed by and construed in accordance with the laws of Italy.

Trieste, September 3th, 2009

GENERTEL



**APPENDICE A**

**Contratti derivati risolti:**

In forza dell'*ISDA master agreement* stipulato, in data 5 agosto 2002, tra Generali SGR S.p.A., in qualità di agente di Genertel S.p.A., e LBIE, garantito da LBHI ai sensi (i) del contratto di garanzia del 4 ottobre 2002, (ii) della garanzia generale per passività, obbligazioni e impegni di LBIE a favore di qualsiasi controparte di LBIE, indirizzata da LBHI a Standard and Poor's Rating Services il 4 gennaio 2008, e (iii) del "*Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc.*" datato 9 giugno 2005. Risolti ai sensi della *termination notice* datato 19 settembre 2008 e del *valuation statement* datato 19 settembre 2008.

**Obbligazione:**

ISIN XS0258715456

**APPENDIX A**

**Terminated derivatives:**

Under the ISDA master agreement between Generali SGR S.p.A., acting as agent for Genertel S.p.A., and LBIE, dated August 5, 2002, guaranteed by LBHI pursuant to (i) the guarantee agreement dated October 4, 2002, (ii) the general guarantee of LBIE's liabilities, obligations and commitments for the benefit of any counterparty of LBIE, addressed by LBHI to Standard and Poor's Rating Services on January 4, 2008, and (iii) the "Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc." dated June 9, 2005. Terminated pursuant to the termination notice dated September 19, 2008 and the valuation statement dated September 19, 2008.

**Bond:**

ISIN XS0258715456



H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED BY:

10/30/09
DATE

245p
TIME