WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                      :

| | |
|---|---|
| **In re** | **:** **Chapter 11 Case No.** |
| | **:** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | **:** **08-13555 (JMP)** |
| | **:** |
| **Debtors.** | **:** **(Jointly Administered)** |
| | **:** |

-------------------------------------------------------------------x

<u>**AMENDMENT NO. 4 TO THE PLAN SUPPLEMENT**</u>

On October 25, 2011, the above-captioned debtors (collectively, the "Debtors")

filed a Plan Supplement, ECF No. 21254 (as amended, the "Plan Supplement"), containing

documents and schedules in connection with the Debtors' Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011, ECF No.

19627 (the "Plan").   On November 4, 2011, the Debtors filed Amendment No. 1 to the Plan

Supplement, ECF No. 21665.   On November 15, 2011, the Debtors filed Amendment No. 2 to

the Plan Supplement, ECF No. 22156.   On November 22, 2011, the Debtors filed Amendment

No. 3 to the Plan Supplement, ECF No. 22590.

This Amendment No. 4 to the Plan Supplement amends:

1. Exhibit 2 of the Plan Supplement, in accordance with Section 11.1 of the Plan, by
   removing certain executory contracts and modifying the description of another executory
   contract, in the manner set forth on Exhibits A-1 and A-2 hereto;

US_ACTIVE:\43867902\07\58399.0008

2.  Exhibit 4 of the Plan Supplement by amending and restating the form of the Debtor Allocation Agreement in its entirety to read as set forth on Exhibit B-1 hereto (incorporating the change identified in the blackline attached as Exhibit B-2 hereto);

3.  Exhibit 6 of the Plan Supplement, in accordance with Section 6.5(j) of the Plan, to add, as Part D, the agreement attached as Exhibit C hereto; and

4.  Exhibit 9 of the Plan Supplement by amending and restating the Schedule of Claims By Debtor-Controlled Entities in its entirety to read as set forth on Exhibit D hereto (incorporating the changes highlighted in Exhibit D hereto).

The Debtors reserve the right to further alter, amend, update, supplement, or modify the Plan Supplement.

Pursuant to Section 15.5 of the Plan, the Plan Supplement may be obtained on the Debtors' independent website at www.lehman-docket.com or by request to the Debtors in accordance with section 15.12 of the Plan.

Dated: November 29, 2011
New York, New York

/s/ Lori R. Fife
Lori R. Fife
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**EXHIBIT A-1**

**CONTRACTS TO BE REMOVED FROM EXHIBIT 2 TO THE PLAN SUPPLEMENT**

**THE FOLLOWING CONTRACTS LISTED IN THE PLAN SUPPLEMENT ON EXHIBIT 2, PART A – DERIVATIVES CONTRACTS – ARE HEREBY REMOVED FROM EXHIBIT 2 AND ARE NO LONGER SCHEDULED FOR ASSUMPTION**

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
| FON FINECO OPTIMUM, FI | LEHMAN BROTHERS OTC DERIVATIVES INC. | | Ibañez de Bilbao<br>9 - Bajo<br>BILBAO<br>48009<br>Spain |
| FORTIS BANK NV/SA | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 520 Madision Avenue<br>New York, NY, 10022<br><br>Attn:  Charles Courouble; Jean - Pierre Paulet |
| | | | 787 Seventh Avenue<br><br>New York, NY, 10019<br><br>Attn:  Richard M. Skoller |
| | LEHMAN BROTHERS SPECIAL FINANCING INC. | Novation Fee for trade 220709631HYGOTH dated 11th Sept 2008 with maturity 20th June 2013 | Montagne de Parc 3<br>Brusse;s, 1000<br>Belgium |
| ING BANK N.V. | LEHMAN BROTHERS SPECIAL FINANCING INC. | | Bijlmerplein 888<br>Amsterdam, The Netherlands<br>Attn: Rene Muller |
| | | | TR 01.03<br>P.O. Box 1800<br>1000 BV Amsterdam<br>The Netherlands<br>Attn: Financial Markets/Operations/Derivatives |
| | | | TRC 04.076<br>P.O. Box 1800<br>1000 BV Amsterdam<br>The Netherlands<br>Attn: M.J.S.J Muller |

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
| LB MYRYLLION MASTER FUND - MAINRE LBAM (EUROPE) LTD | LEHMAN BROTHERS SPECIAL FINANCING INC. | | Lehman Brothers Asset Management (Europe) Limited 25 Bank Street London , E14 5LE United Kingdom Attn: Legal Department |
| | | | Lehman Brothers Asset Management (Europe) Limited 25 Bank Street London, E14 5LE United Kingdom Attn: Legal Department |
| | | | Lehman Brothers Asset Management (Europe) Limited 25 Bank Street London, E14 5LE United Kingdom Attn: Lehman Brothers Asset Management  Operations |
| QUANTUM PARTNERS LDC | LEHMAN BROTHERS COMMERCIAL CORPORATION | | C/O Curacao International Trust Company N.V. Kaya Flamboyan 9 PO Box 812 Willemstad, Curacao, Netherlands Antilles |
| | | | Soros Fund Management LLC 888 Seventh Avenue, 33rd floor New York, NY, 10106 Attn: Kevin Quigley |
| WESTERN UNIVERSITY OF HEALTH SCIENCES | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 3009 E. Second Street Pomona, CA , 91766-1854 |

**EXHIBIT A-2**

**MODIFICATIONS TO DESCRIPTION OF CONTRACT ON EXHIBIT 2 TO THE PLAN SUPPLEMENT**

**THE DESCRIPTION OF THE FOLLOWING CONTRACT ON EXHIBIT 2, PART A OF THE PLAN SUPPLEMENT – DERIVATIVES CONTRACTS – IS HEREBY MODIFIED AS FOLLOWS:**

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
| GRANITE FINANCE SPC, FOR THE ACCOUNT OF THE SERIES 2007-1-C LTDSEGREGATED PORTFOLIO | LEHMAN BROTHERS SPECIAL FINANCING INC. | | A&amperL Goodbody Solicitors International Financial Services Centre North Wall Quay Dublin 1, Ireland Attn: Thomas MusarraC/O DEUTSCHE BANK (CAYMAN) LIMITED P.O. BOX 1984 ELIZABETHAN SQUARE GRAND CAYMAN KY1-1104 CAYMAN ISLANDS. |
| | | | Deutsche Bank Trust Company Americas 60 Wall Street New York, NY , 10005 United States |
| | | | HSBC Bank, USA CTLA - Structured Finance 10 East 40th Street, Floor 14 New York, NY, 10016<br><br>Attn: Thomas Musarra |

# EXHIBIT B-1

## FORM OF DEBTOR ALLOCATION AGREEMENT

## DEBTOR ALLOCATION AGREEMENT

This agreement (the "Debtor Allocation Agreement") is entered into as of [ ], 2011, by and among the Debtors[1] and certain of their affiliated Non-Debtors[2] (collectively, the "Parties" and each a "Party").

### Recitals

A.    On September 15, 2008 or on various dates thereafter (the "Commencement Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which, together, are being jointly administered under Case Number 08-13555 (JMP) (the "Chapter 11 Cases").

B.    On September 1, 2011, the Debtors filed with the Bankruptcy Court the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (as it may be further amended or modified, the "Plan").

C.    The Parties have agreed that it is appropriate to enter into this Debtor Allocation Agreement with respect to the rights and obligations not otherwise set forth in the Plan for the expenses of administration of the Parties' assets (including the fees and expenses of the indenture trustees and members of the Creditor's Committee Allowed pursuant to Section 6.7 of the Plan), the costs and benefits of Jointly Owned Litigation Claims (as that term is defined in

---

[1]    As used herein, "Debtors" refers to Lehman Brothers Holdings Inc. ("LBHI"); Lehman Brothers Special Financing Inc.; Lehman Commercial Paper Inc.; Lehman Brothers Commercial Corporation; Lehman Brothers Financial Products Inc.; Lehman Brothers OTC Derivatives Inc.; Lehman Brothers Derivative Products Inc.; Lehman Brothers Commodity Services Inc.; Lehman Scottish Finance L.P.; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Luxembourg Residential Properties Loan Finance S.a.r.l; BNC Mortgage LLC; Structured Asset Securities Corporation; LB Rose Ranch LLC; LB 2080 Kalakaua Owners LLC; Merit LLC; LB Somerset LLC; LB Preferred Somerset LLC; LB 745 LLC; and PAMI Statler Arms LLC.

[2]    As used herein, "Non-Debtors" refers to the non-Debtor parties that are signatories hereto.

the Plan), and commonly held tax benefits and obligations (including those tax benefits and obligations to be allocated pursuant to an order of the Bankruptcy Court, dated May 18, 2011).

## Agreement

1) **Definitions**.  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

2) **Expenses of Administration of the Parties' Assets and Liabilities**.

   a)  The expenses of the administration of the Parties' assets and liabilities shall be allocated by the Plan Administrator pursuant to one or more agreements that are effectuated subsequent to the Effective Date and that are approved by the respective boards of directors or managers of the relevant Parties.

   b)  LBSF shall have an Allowed Administrative Expense Claim against LBHI in the amount of $300 million, which shall be satisfied in accordance with Section 6.3 of the Plan.

3) **Costs and Benefits of Jointly Owned Litigation Claims**.  The costs and benefits of Jointly Owned Litigation Claims shall be allocated by the Plan Administrator pursuant to one or more agreements that are effectuated subsequent to the Effective Date and that are approved by the respective boards of directors or managers of the relevant Parties.

4) **Commonly Held Tax Benefits and Obligations**.  The following comprise the agreements in principle among the Parties relating to their respective rights and obligations with respect to the allocation of any tax liabilities, refunds or readjustments for periods prior to, during and after the Effective Date, and shall be binding on the Parties, subject to any future amendments.[3]

---

[3]        Notwithstanding anything to the contrary herein, (i) Aurora Bank F.S.B. and Woodlands Commercial Bank and their respective Subsidiaries, which have separate tax allocation agreements, shall not be bound by or have the benefit of this Paragraph 4, and (ii) the term "Parties" as used in this Paragraph 4 shall not include any Party that is a foreign entity.  The term "Controlled Subsidiary" wherever used within this Paragraph 4 shall mean any non-Party

a) *Tax Liabilities and Readjustments for Pre-2009 Taxable Years – Group Taxes.*

   i) <u>Handling of Audits and Other Tax Proceedings</u>.  The Parties acknowledge and agree that LBHI is, and shall continue to be, authorized to undertake any and all actions that are within the scope of LBHI's authority under applicable Treasury Regulations or state or local law, as the common parent of the tax filing group, in connection with any audit, examination or other tax proceeding involving taxes filed on a group basis.

   ii) <u>Allocation of Tax Liabilities and Compensation for Use of Other Member Tax Benefits</u>.  For pre-2009 taxable years, LBHI shall calculate the amount payable (or for which a Claim would otherwise be Allowed, as provided in Paragraph 4(a)(ii)(2) and (3) below) by or to a Party or a Controlled Subsidiary with respect to any group tax liability, and the use of one member's income against another member's losses, credits or other tax benefits, as follows:

     (1) <u>Computation of Tentative Separate Company Tax Liability</u>.

       (a) LBHI has computed, and shall continue to compute (or recompute, in the event of subsequent adjustments, such as due to an amended return, a subsequent audit, an Allowed Claim filed by a taxing authority or otherwise), each member's "Tentative Separate Company Tax Liability."

         (i) As to each group tax (inclusive of interest and penalties), a member's "<u>Tentative Separate Company Tax Liability</u>" shall be equal to the amount that would have been payable (if payment was not impaired by the Debtors' bankruptcy cases or otherwise) by the member to LBHI based on historic tax sharing principles utilized by LBHI with respect to the allocation of group tax liabilities and applicable consolidated return regulations (including, without limitation, the application and absorption of any consolidated net operating loss, capital loss, or credit carried back or forwards consistent with the principles of Treasury Regulation Section 1.1502-79, and payment for the use of another member's tax benefits).

         (ii) In connection with the reallocation and redetermination of a member's liability resulting from the New York State tax settlement approved by the Bankruptcy Court on May 18, 2011, and any other settlement of a group tax, LBHI shall, to the extent that issues were resolved on a collective group and not individual entity basis, equitably determine each member's Tentative Separate Company Tax Liability with respect to such group taxes, taking into account (in the case of the New York State settlement) the manner in which any comparable issue was resolved for New York City tax purposes.

---

domestic direct or indirect subsidiary of a Party that is part of LBHI's federal consolidated tax group or as to which a Party has at least 50% direct or indirect control (excluding, however, LBI, Lehman Re Ltd., and Townsend Analytics Ltd.; it being understood that such companies may still be members of an applicable tax filing group for computational purposes).

(b) In a similar manner to that described in subsection (a) above, LBHI has computed, and shall continue to compute (and as applicable, recompute), the amount that would have been payable to a member whose tax benefits were used to offset the income of other members of the group (herein referred to as a member's "<u>Tentative Separate Company Tax Receivable</u>").

(2) <u>Payment of Allowed Priority and Administrative Claims for Group Taxes</u>.  Each Debtor against whom a taxing authority has an Allowed Priority Tax Claim or an Allowed Administrative Expense Claim for a group tax liability for any taxable year, and each non-Debtor Controlled Subsidary, shall pay over to LBHI as agent (in installments, if applicable) its allocable portion of the outstanding tax liability for such taxable year prior to the due date(s) of such liability, and in turn, LBHI shall pay the collective amount over to the taxing authority.  For this purpose, a member's allocable portion of such outstanding tax liability shall be equal to the ratio that (A) the increase in such member's Tentative Separate Company Tax Liability for the year (resulting from the adjustments giving rise to the additional group liability) bears to (B) the aggregate increase in the Tentative Separate Company Tax Liability of all members for the year (resulting from such adjustments); <u>provided, however</u>, that LBHI shall adjust such allocation as appropriate to take into account any special limitations on the ability of losses or credits to offset certain types of income.

(3) <u>Affiliate Claim and Payment of Remaining Amounts</u>.

(a) LBHI shall have an additional Allowed Affiliate Claim, payable in accordance with the Plan, against each Debtor in the amount by which its Tentative Separate Company Tax Liability exceeds the sum of (x) the amount payable by the Debtor under Paragraph 4(a)(ii)(2) above and (y) any amounts payable already reflected in an Allowed Affiliate Claim of LBHI, or otherwise previously paid to LBHI, with respect to such tax liability.  In the case of a non-Debtor Controlled Subsidiary, such entity shall promptly pay to LBHI the amount by which its Tentative Separate Company Tax Liability exceeds the sum of (x) the amount payable by the Debtor under Paragraph 4(a)(ii)(2) above and (y) any amounts payable already reflected in an intercompany account, or previously paid to LBHI, with respect to such tax liability.

(b) In the case of a Party or Controlled Subsidiary that has a Tentative Separate Company Tax Receivable, such Party or Controlled Subsidiary shall have an Allowed Affiliate Claim against LBHI in the amount by which (x) its Tentative Separate Company Tax Receivable exceeds (y) any amounts receivable already reflected in an Allowed Affiliate Claim against LBHI, or otherwise previously paid by LBHI, with respect to such Tentative Separate Company Tax Receivable.

    iii) <u>Allocation of Cash Tax Refunds</u>.

        (1) Any Cash tax refunds (including any interest received, net of any taxes incurred by LBHI with respect to the receipt of the refund) shall be allocated by LBHI among the Parties and their Controlled Subsidiaries based on (i) the decrease in such member's Tentative Separate Company Tax Liability (expressed as an absolute number) or the increase in such member's Tentative Separate Company Tax Receivable, as applicable, resulting from the adjustments giving rise to the tax refund relative to (ii) the sum of the individual decreases in the Tentative Separate Company Tax Liability of all members resulting from such adjustments (expressed as a positive number) and the individual increases in the Tentative Separate Company Tax Receivable of all members resulting from such adjustments; <u>provided, however</u>, that LBHI shall adjust such allocation as appropriate to take into account any special limitations on the ability of losses or credits to offset certain types of income.

        (2) As soon as practicable following the receipt of the tax refunds, LBHI shall pay such to each Party and Controlled Subsidiary its allocable portion of such tax refund.

    iv) <u>Non-Payment of Allocated Tax Liability</u>.   In the event any member of the group (including LBI) does not pay its allocable portion of any Allowed Claim for a group tax liability, whether or not required to pay under this Debtor Allocation Agreement, such liability shall (i) in the case of a non-Debtor Subsidiary (other than LBI and other non-Controlled Subsidiaries), be borne by the Debtor that owns (directly or indirectly, but disregarding any indirect ownership through another Debtor) the stock of such Controlled Subsidiary, and (ii) in all other cases (including any liability unable to be satisfied in accordance with the preceding clause), be borne by the other Debtors that are members of the applicable tax group in accordance with each such Debtor's "Net Distributable Assets" relative to all such Debtors, as reflected in Exhibit 4 to the Disclosure Statement; <u>provided</u>, <u>however</u>, that no member shall be liable under clause (ii) for a liability for which the Debtor did not have joint or several liability under an Allowed Claim.

  b) ***Filing of Group Returns:  Taxable Years 2009 and After.***

    i) <u>Consent to File</u>.  The Parties acknowledge and agree to continue to join in the filing of federal consolidated income tax returns (a "<u>Consolidated Return</u>") for taxable periods ending after the Effective Date, and to cause all Controlled Subsidiaries to consent, to the extent necessary, in the filing of Consolidated Returns throughout the remainder of the liquidation of the Debtors pursuant to the Plan, absent an amendment to or termination of this Debtor Allocation Agreement.

    ii) <u>Preparation of Returns</u>.   LBHI shall prepare and file all required Consolidated Returns and such applications for extension of time to file such Consolidated Returns. The Parties agree, and shall cause their Controlled Subsidiaries to agree, that LBHI shall be authorized to undertake any and all actions that are within the scope of

LBHI's authority under applicable Treasury Regulations as the common parent of the consolidated group.

iii) <u>Allocation of Tax Liabilities and Compensation for Use of Other Member Tax Benefits</u>.  LBHI shall allocate the federal consolidated tax liability for each taxable year ending after 2008 among the members and determine amounts payable to or by a member with respect to the use of one member's income against another member's losses, credits or other tax benefits as follows:

(1) Subject to subsection (2) below, the consolidated tax liability shall be allocated, and members will be compensated for use of their tax benefits and other members charged for the use of such tax benefits, on the basis of the historic tax sharing principles utilized by LBHI with respect to the allocation of group tax liabilities and applicable consolidated return regulations (including, without limitation, the application and absorption of any consolidated net operating loss, capital loss, or credit carried back or forwards consistent with the principles of Treasury Regulation Section 1.1502-79).  Accordingly, even if the consolidated group has no taxable income on a group basis, a member that has net income will be required to make a tax payment in compensation for use of another member's losses.  All tax payments shall be made to LBHI, and LBHI shall make all compensating payments to the loss member.

(2) With respect to taxable years ending after the Effective Date, a member whose net income is offset by another member's losses shall only be required to make a tax payment equal to 1/3rd of the amount that would otherwise be due in respect of the use of such losses under subsection (1), and shall only be required to make additional tax payment(s) for the remainder if and when such losses would have been used by the loss member; and the loss member shall only be compensated for the use of its losses on a similar ⅓-⅔ basis.

(3) If a consolidated tax liability is adjusted for any taxable period, whether such adjustment is by means of an amended return, claim for refund, examination by the IRS reduced to settlement or otherwise determined, or otherwise, the calculations made under this Paragraph shall be recomputed by giving effect to such adjustments, and true-up payments shall be made as appropriate.  Any interest and/or penalty not specifically allocated to a particular member by the IRS may be allocated to a member upon such basis as LBHI deems just and proper in view of all applicable circumstances.

c) ***State and Local Group Taxes.***  To the extent two or more Parties or Controlled Subsidiaries join (or are required to join) together in the filing of a group return for state or local tax purposes for taxable periods ending after the Effective Date, any taxes, refunds and adjustments shall be allocated among the members in accordance with the principles within this Article.  In the event that a Party other than LBHI is the common parent of a state or local tax filing group, the provisions of this Paragraph 4(c) shall apply in accordance with the principles of this Article, substituting such Party for LBHI.

d) ***Reservation of Rights.***  Nothing herein shall prejudice or enhance any right that a Party may have to setoff or recoup an amount it owes to another Party against an amount it is owed by such Party, whether pursuant to this Debtor Allocation Agreement or otherwise.

e) ***Cooperation; Record Retention.***  The Parties shall each cooperate fully (and each shall cause its respective Controlled Subsidiaries to cooperate fully) with all reasonable requests from another Party in connection with the preparation and filing of returns (including any schedules, consents, elections, information statements or claims for refunds), tax proceedings, and calculations of amounts required to be paid pursuant to this Debtor Allocation Agreement, in each case, related or attributable to or arising in connection with taxes of any of the Parties or their respective Controlled Subsidiaries covered by this Debtor Allocation Agreement and the establishment of any reserve required in connection with any financial reporting.  In furtherance thereof, the Parties shall (i) make available, and shall cause all Controlled Subsidiaries to make available, to LBHI all materials (including, without limitation, all books and records, accounting information, financial statements, returns, supporting schedules, work papers, correspondence, and other documents) relating to the group returns as to which this Paragraph is applicable during regular business hours, and (ii) retain, and shall cause all controlled Subsidiaries to retain, all returns, schedules and workpapers, and all material records or other documents relating thereto in their possession, until sixty (60) days after the expiration of the applicable statute of limitations (including any waivers or extensions thereof) of the taxable periods to which such returns and other documents relate or until the expiration of any additional period that any Party reasonably requests, in writing, with respect to specific material records or documents.  Any Party or Controlled Subsidiary intending to destroy any such material records or documents after such period shall provide LBHI with reasonable advance notice and the opportunity to copy or take possession of such records and documents.

f) ***Standard of Care; Limited Warranty.***  LBHI shall perform all duties to be performed by it under this Paragraph 4 with a degree of skill, diligence and prudence with which LBHI and its personnel have performed such services for the LBHI consolidated group subsequent to September 15, 2008 and prior to the Effective Date and shall be of substantially equivalent quality.  THE PRECEDING IS THE ONLY WARRANTY CONCERNING THE DUTIES TO BE PERFORMED BY LBHI UNDER THIS DEBTOR ALLOCATION AGREEMENT AND ANY RESULTS, WORK PRODUCT OR PRODUCTS RELATED THERETO, AND IS MADE EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES AND REPRESENTATIONS EXPRESSED OR IMPLIED.

5) **General Provisions.**

a) *Effectiveness*.   Pursuant to section 6.3 of the Plan, this Debtor Allocation Agreement shall become effective on the Effective Date.

b) *Successors and Assigns*.   This Debtor Allocation Agreement shall bind and inure to the benefit of the respective successors and assigns of the Parties, but no assignment shall relieve any Party's obligations hereunder without the written consent of the other Parties, which shall not be unreasonably withheld.

c) *Entire Understanding; Amendment*.   This Debtor Allocation Agreement contains the entire understanding of the Parties with respect to the subject matter contained herein. This Agreement may not be amended without the written consent of each of the affected Parties.   The Parties recognize and acknowledge their intention to enter into additional agreements as contemplated by this Debtor Allocation Agreement.

d) *Governing Law; Exclusive Jurisdiction*.   The validity, interpretation, and performance of this Debtor Allocation Agreement shall be controlled and construed under the laws of the State of New York.   The Parties agree that, without limiting any Party's right to appeal to final decision, the appropriate and exclusive forum for resolving any disputes between the Parties arising out of this Debtor Allocation Agreement shall be the Bankruptcy Court, or, if such court will not hear any such suit, the United States District Court for the Southern District of New York, and, the Parties hereto irrevocably consent to the exclusive jurisdiction of such courts, and agree to comply with all requirements necessary to give such courts jurisdiction.

e) *Notice.*   All notices and other communications given or made pursuant to this Agreement shall be in writing and shall be deemed effectively given: (a) upon personal delivery to

the Party to be notified, (b) when sent by confirmed electronic mail or facsimile if sent during normal business hours of the recipient, and if not so confirmed, then on the next day that is none of a Saturday, Sunday, United States federal holiday, a New York state holiday (each a "Business Day"), (c) three days after having been sent by registered or certified mail, return receipt requested, postage prepaid, or (d) one Business Day after deposit with a nationally recognized overnight courier, specifying next day delivery, with written verification of receipt. All communications shall be sent:

> To any Party at:
>
> 1271 Avenue of the Americas, 39th Floor
> New York, New York 10020U.S.A.
> Attn: Plan Administrator
> Facsimile: (646) 834-0874
>
> With a copy (which shall not constitute notice) to:
>
> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York 10153
> U.S.A.
> Attn: Lori R. Fife, Esq.
> Facsimile: (212) 310-8007

f) **_Counterparts_**.    This Debtor Allocation Agreement may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Debtor Allocation Agreement to present any copy, copies, or facsimiles signed by the Parties.

g) **_Termination_**.    This Debtor Allocation Agreement will terminate upon the earlier of the dissolution of all the Parties, or the mutual written agreement of the Parties.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Debtor Allocation Agreement as of the date indicated below.

**EXHIBIT B-2**

**BLACKLINE OF AMENDMENT TO FORM OF DEBTOR ALLOCATION
AGREEMENT**

# DEBTOR ALLOCATION AGREEMENT

This agreement (the "Debtor Allocation Agreement") is entered into as of [ ], 2011, by and among the Debtors[1] and certain of their affiliated Non-Debtors[2] (collectively, the "Parties" and each a "Party").

## Recitals

A.    On September 15, 2008 or on various dates thereafter (the "Commencement Date"), each of the Debtors commenced a voluntary case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which, together, are being jointly administered under Case Number 08-13555 (JMP) (the "Chapter 11 Cases").

B.    On September 1, 2011, the Debtors filed with the Bankruptcy Court the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (as it may be further amended or modified, the "Plan").

C.    The Parties have agreed that it is appropriate to enter into this Debtor Allocation Agreement with respect to the rights and obligations not otherwise set forth in the Plan for the expenses of administration of the Parties' assets (including the fees and expenses of the indenture trustees and members of the Creditor's Committee Allowed pursuant to Section 6.7 of the Plan), the costs and benefits of Jointly Owned Litigation Claims (as that term is defined in

---

[1]   As used herein, "Debtors" refers to Lehman Brothers Holdings Inc. ("LBHI"); Lehman Brothers Special Financing Inc.; Lehman Commercial Paper Inc.; Lehman Brothers Commercial Corporation; Lehman Brothers Financial Products Inc.; Lehman Brothers OTC Derivatives Inc.; Lehman Brothers Derivative Products Inc.; Lehman Brothers Commodity Services Inc.; Lehman Scottish Finance L.P.; CES Aviation LLC; CES Aviation V LLC; CES Aviation IX LLC; East Dover Limited; Luxembourg Residential Properties Loan Finance S.a.r.l; BNC Mortgage LLC; Structured Asset Securities Corporation; LB Rose Ranch LLC; LB 2080 Kalakaua Owners LLC; Merit LLC; LB Somerset LLC; LB Preferred Somerset LLC; LB 745 LLC; and PAMI Statler Arms LLC.

[2]   As used herein, "Non-Debtors" refers to the non-Debtor parties that are signatories hereto.

the Plan), and commonly held tax benefits and obligations (including those tax benefits and obligations to be allocated pursuant to an order of the Bankruptcy Court, dated May 18, 2011).

**Agreement**

1) **Definitions**.  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

2) **Expenses of Administration of the Parties' Assets and Liabilities**.

   a)  The expenses of the administration of the Parties' assets and liabilities shall be allocated by the Plan Administrator pursuant to one or more agreements that are effectuated subsequent to the Effective Date and that are approved by the respective boards of directors or managers of the relevant Parties.

   b)  LBSF shall have an Allowed Administrative Expense Claim against LBHI in the amount of $300 million, which shall be Allowed and satisfied in accordance with Section 6.3 of the Plan.

3) **Costs and Benefits of Jointly Owned Litigation Claims**.  The costs and benefits of Jointly Owned Litigation Claims shall be allocated by the Plan Administrator pursuant to one or more agreements that are effectuated subsequent to the Effective Date and that are approved by the respective boards of directors or managers of the relevant Parties.

4) **Commonly Held Tax Benefits and Obligations**.   The following comprise the agreements in principle among the Parties relating to their respective rights and obligations with respect to the allocation of any tax liabilities, refunds or readjustments for periods prior to, during and after the Effective Date, and shall be binding on the Parties, subject to any future amendments.[3]

---

[3]    Notwithstanding anything to the contrary herein, (i) Aurora Bank F.S.B. and Woodlands Commercial Bank and their respective Subsidiaries, which have separate tax allocation agreements, shall not be bound by or have the

a) ***Tax Liabilities and Readjustments for Pre-2009 Taxable Years – Group Taxes.***

    i) <u>Handling of Audits and Other Tax Proceedings</u>.  The Parties acknowledge and agree that LBHI is, and shall continue to be, authorized to undertake any and all actions that are within the scope of LBHI's authority under applicable Treasury Regulations or state or local law, as the common parent of the tax filing group, in connection with any audit, examination or other tax proceeding involving taxes filed on a group basis.

    ii) <u>Allocation of Tax Liabilities and Compensation for Use of Other Member Tax Benefits</u>.  For pre-2009 taxable years, LBHI shall calculate the amount payable (or for which a Claim would otherwise be Allowed, as provided in Paragraph 4(a)(ii)(2) and (3) below) by or to a Party or a Controlled Subsidiary with respect to any group tax liability, and the use of one member's income against another member's losses, credits or other tax benefits, as follows:

    (1) <u>Computation of Tentative Separate Company Tax Liability</u>.

        (a) LBHI has computed, and shall continue to compute (or recompute, in the event of subsequent adjustments, such as due to an amended return, a subsequent audit, an Allowed Claim filed by a taxing authority or otherwise), each member's "Tentative Separate Company Tax Liability."

        (i) As to each group tax (inclusive of interest and penalties), a member's "<u>Tentative Separate Company Tax Liability</u>" shall be equal to the amount that would have been payable (if payment was not impaired by the Debtors' bankruptcy cases or otherwise) by the member to LBHI based on historic tax sharing principles utilized by LBHI with respect to the allocation of group tax liabilities and applicable consolidated return regulations (including, without limitation, the application and absorption of any consolidated net operating loss, capital loss, or credit carried back or forwards consistent with the principles of Treasury Regulation Section 1.1502-79, and payment for the use of another member's tax benefits).

        (ii) In connection with the reallocation and redetermination of a member's liability resulting from the New York State tax settlement approved by the Bankruptcy Court on May 18, 2011, and any other settlement of a group tax, LBHI shall, to the extent that issues were resolved on a collective group and not individual entity basis, equitably determine each member's Tentative Separate Company Tax Liability with respect to such group taxes, taking into account (in the case of the New York State settlement)

---

benefit of this Paragraph 4, and (ii) the term "<u>Parties</u>" as used in this Paragraph 4 shall not include any Party that is a foreign entity.  The term "<u>Controlled Subsidiary</u>" wherever used within this Paragraph 4 shall mean any non-Party domestic direct or indirect subsidiary of a Party that is part of LBHI's federal consolidated tax group or as to which a Party has at least 50% direct or indirect control (excluding, however, LBI, Lehman Re Ltd., and Townsend Analytics Ltd.; it being understood that such companies may still be members of an applicable tax filing group for computational purposes).

the manner in which any comparable issue was resolved for New York City tax purposes.

(b) In a similar manner to that described in subsection (a) above, LBHI has computed, and shall continue to compute (and as applicable, recompute), the amount that would have been payable to a member whose tax benefits were used to offset the income of other members of the group (herein referred to as a member's "Tentative Separate Company Tax Receivable").

(2) Payment of Allowed Priority and Administrative Claims for Group Taxes.  Each Debtor against whom a taxing authority has an Allowed Priority Tax Claim or an Allowed Administrative Expense Claim for a group tax liability for any taxable year, and each non-Debtor Controlled Subsidiary, shall pay over to LBHI as agent (in installments, if applicable) its allocable portion of the outstanding tax liability for such taxable year prior to the due date(s) of such liability, and in turn, LBHI shall pay the collective amount over to the taxing authority.  For this purpose, a member's allocable portion of such outstanding tax liability shall be equal to the ratio that (A) the increase in such member's Tentative Separate Company Tax Liability for the year (resulting from the adjustments giving rise to the additional group liability) bears to (B) the aggregate increase in the Tentative Separate Company Tax Liability of all members for the year (resulting from such adjustments); provided, however, that LBHI shall adjust such allocation as appropriate to take into account any special limitations on the ability of losses or credits to offset certain types of income.

(3) Affiliate Claim and Payment of Remaining Amounts.

(a) LBHI shall have an additional Allowed Affiliate Claim, payable in accordance with the Plan, against each Debtor in the amount by which its Tentative Separate Company Tax Liability exceeds the sum of (x) the amount payable by the Debtor under Paragraph 4(a)(ii)(2) above and (y) any amounts payable already reflected in an Allowed Affiliate Claim of LBHI, or otherwise previously paid to LBHI, with respect to such tax liability.  In the case of a non-Debtor Controlled Subsidiary, such entity shall promptly pay to LBHI the amount by which its Tentative Separate Company Tax Liability exceeds the sum of (x) the amount payable by the Debtor under Paragraph 4(a)(ii)(2) above and (y) any amounts payable already reflected in an intercompany account, or previously paid to LBHI, with respect to such tax liability.

(b) In the case of a Party or Controlled Subsidiary that has a Tentative Separate Company Tax Receivable, such Party or Controlled Subsidiary shall have an Allowed Affiliate Claim against LBHI in the amount by which (x) its Tentative Separate Company Tax Receivable exceeds (y) any amounts receivable already reflected in an Allowed Affiliate Claim against LBHI, or otherwise previously paid by LBHI, with respect to such Tentative Separate Company Tax Receivable.

iii) <u>Allocation of Cash Tax Refunds</u>.

(1) Any Cash tax refunds (including any interest received, net of any taxes incurred by LBHI with respect to the receipt of the refund) shall be allocated by LBHI among the Parties and their Controlled Subsidiaries based on (i) the decrease in such member's Tentative Separate Company Tax Liability (expressed as an absolute number) or the increase in such member's Tentative Separate Company Tax Receivable, as applicable, resulting from the adjustments giving rise to the tax refund relative to (ii) the sum of the individual decreases in the Tentative Separate Company Tax Liability of all members resulting from such adjustments (expressed as a positive number) and the individual increases in the Tentative Separate Company Tax Receivable of all members resulting from such adjustments; <u>provided, however</u>, that LBHI shall adjust such allocation as appropriate to take into account any special limitations on the ability of losses or credits to offset certain types of income.

(2) As soon as practicable following the receipt of the tax refunds, LBHI shall pay such to each Party and Controlled Subsidiary its allocable portion of such tax refund.

iv) <u>Non-Payment of Allocated Tax Liability</u>.  In the event any member of the group (including LBI) does not pay its allocable portion of any Allowed Claim for a group tax liability, whether or not required to pay under this Debtor Allocation Agreement, such liability shall (i) in the case of a non-Debtor Subsidiary (other than LBI and other non-Controlled Subsidiaries), be borne by the Debtor that owns (directly or indirectly, but disregarding any indirect ownership through another Debtor) the stock of such Controlled Subsidiary, and (ii) in all other cases (including any liability unable to be satisfied in accordance with the preceding clause), be borne by the other Debtors that are members of the applicable tax group in accordance with each such Debtor's "Net Distributable Assets" relative to all such Debtors, as reflected in Exhibit 4 to the Disclosure Statement; <u>provided</u>, <u>however</u>, that no member shall be liable under clause (ii) for a liability for which the Debtor did not have joint or several liability under an Allowed Claim.

b) ***Filing of Group Returns:  Taxable Years 2009 and After.***

i) <u>Consent to File</u>.  The Parties acknowledge and agree to continue to join in the filing of federal consolidated income tax returns (a "<u>Consolidated Return</u>") for taxable periods ending after the Effective Date, and to cause all Controlled Subsidiaries to consent, to the extent necessary, in the filing of Consolidated Returns throughout the remainder of the liquidation of the Debtors pursuant to the Plan, absent an amendment to or termination of this Debtor Allocation Agreement.

ii) <u>Preparation of Returns</u>.  LBHI shall prepare and file all required Consolidated Returns and such applications for extension of time to file such Consolidated Returns. The Parties agree, and shall cause their Controlled Subsidiaries to agree, that LBHI shall be authorized to undertake any and all actions that are within the scope of

LBHI's authority under applicable Treasury Regulations as the common parent of the consolidated group.

iii) <u>Allocation of Tax Liabilities and Compensation for Use of Other Member Tax Benefits</u>.  LBHI shall allocate the federal consolidated tax liability for each taxable year ending after 2008 among the members and determine amounts payable to or by a member with respect to the use of one member's income against another member's losses, credits or other tax benefits as follows:

(1) Subject to subsection (2) below, the consolidated tax liability shall be allocated, and members will be compensated for use of their tax benefits and other members charged for the use of such tax benefits, on the basis of the historic tax sharing principles utilized by LBHI with respect to the allocation of group tax liabilities and applicable consolidated return regulations (including, without limitation, the application and absorption of any consolidated net operating loss, capital loss, or credit carried back or forwards consistent with the principles of Treasury Regulation Section 1.1502-79).  Accordingly, even if the consolidated group has no taxable income on a group basis, a member that has net income will be required to make a tax payment in compensation for use of another member's losses.  All tax payments shall be made to LBHI, and LBHI shall make all compensating payments to the loss member.

(2) With respect to taxable years ending after the Effective Date, a member whose net income is offset by another member's losses shall only be required to make a tax payment equal to 1/3rd of the amount that would otherwise be due in respect of the use of such losses under subsection (1), and shall only be required to make additional tax payment(s) for the remainder if and when such losses would have been used by the loss member; and the loss member shall only be compensated for the use of its losses on a similar ⅓-⅔ basis.

(3) If a consolidated tax liability is adjusted for any taxable period, whether such adjustment is by means of an amended return, claim for refund, examination by the IRS reduced to settlement or otherwise determined, or otherwise, the calculations made under this Paragraph shall be recomputed by giving effect to such adjustments, and true-up payments shall be made as appropriate.  Any interest and/or penalty not specifically allocated to a particular member by the IRS may be allocated to a member upon such basis as LBHI deems just and proper in view of all applicable circumstances.

c) **State and Local Group Taxes.**    To the extent two or more Parties or Controlled Subsidiaries join (or are required to join) together in the filing of a group return for state or local tax purposes for taxable periods ending after the Effective Date, any taxes, refunds and adjustments shall be allocated among the members in accordance with the principles within this Article.  In the event that a Party other than LBHI is the common parent of a state or local tax filing group, the provisions of this Paragraph 4(c) shall apply in accordance with the principles of this Article, substituting such Party for LBHI.

d) **Reservation of Rights.**  Nothing herein shall prejudice or enhance any right that a Party may have to setoff or recoup an amount it owes to another Party against an amount it is owed by such Party, whether pursuant to this Debtor Allocation Agreement or otherwise.

e) **Cooperation; Record Retention.**  The Parties shall each cooperate fully (and each shall cause its respective Controlled Subsidiaries to cooperate fully) with all reasonable requests from another Party in connection with the preparation and filing of returns (including any schedules, consents, elections, information statements or claims for refunds), tax proceedings, and calculations of amounts required to be paid pursuant to this Debtor Allocation Agreement, in each case, related or attributable to or arising in connection with taxes of any of the Parties or their respective Controlled Subsidiaries covered by this Debtor Allocation Agreement and the establishment of any reserve required in connection with any financial reporting.  In furtherance thereof, the Parties shall (i) make available, and shall cause all Controlled Subsidiaries to make available, to LBHI all materials (including, without limitation, all books and records, accounting information, financial statements, returns, supporting schedules, work papers, correspondence, and other documents) relating to the group returns as to which this Paragraph is applicable during regular business hours, and (ii) retain, and shall cause all controlled Subsidiaries to retain, all returns, schedules and workpapers, and all material records or other documents relating thereto in their possession, until sixty (60) days after the expiration of the applicable statute of limitations (including any waivers or extensions thereof) of the taxable periods to which such returns and other documents relate or until the expiration of any additional period that any Party reasonably requests, in writing, with respect to specific material records or documents.  Any Party or Controlled Subsidiary intending to destroy any such material records or documents after such period shall provide LBHI with reasonable advance notice and the opportunity to copy or take possession of such records and documents.

f) **Standard of Care; Limited Warranty.**  LBHI shall perform all duties to be performed by it under this Paragraph 4 with a degree of skill, diligence and prudence with which LBHI and its personnel have performed such services for the LBHI consolidated group subsequent to September 15, 2008 and prior to the Effective Date and shall be of substantially equivalent quality.  THE PRECEDING IS THE ONLY WARRANTY CONCERNING THE DUTIES TO BE PERFORMED BY LBHI UNDER THIS DEBTOR ALLOCATION AGREEMENT AND ANY RESULTS, WORK PRODUCT OR PRODUCTS RELATED THERETO, AND IS MADE EXPRESSLY IN LIEU OF ALL OTHER WARRANTIES AND REPRESENTATIONS EXPRESSED OR IMPLIED.

5) **General Provisions.**

a) ***Effectiveness***.  Pursuant to section 6.3 of the Plan, this Debtor Allocation Agreement shall become effective on the Effective Date.

b) ***Successors and Assigns***.  This Debtor Allocation Agreement shall bind and inure to the benefit of the respective successors and assigns of the Parties, but no assignment shall relieve any Party's obligations hereunder without the written consent of the other Parties, which shall not be unreasonably withheld.

c) ***Entire Understanding; Amendment***.  This Debtor Allocation Agreement contains the entire understanding of the Parties with respect to the subject matter contained herein. This Agreement may not be amended without the written consent of each of the affected Parties.  The Parties recognize and acknowledge their intention to enter into additional agreements as contemplated by this Debtor Allocation Agreement.

d) ***Governing Law; Exclusive Jurisdiction***.  The validity, interpretation, and performance of this Debtor Allocation Agreement shall be controlled and construed under the laws of the State of New York.  The Parties agree that, without limiting any Party's right to appeal to final decision, the appropriate and exclusive forum for resolving any disputes between the Parties arising out of this Debtor Allocation Agreement shall be the Bankruptcy Court, or, if such court will not hear any such suit, the United States District Court for the Southern District of New York, and, the Parties hereto irrevocably consent to the exclusive jurisdiction of such courts, and agree to comply with all requirements necessary to give such courts jurisdiction.

e) ***Notice.***  All notices and other communications given or made pursuant to this Agreement shall be in writing and shall be deemed effectively given: (a) upon personal delivery to

the Party to be notified, (b) when sent by confirmed electronic mail or facsimile if sent during normal business hours of the recipient, and if not so confirmed, then on the next day that is none of a Saturday, Sunday, United States federal holiday, a New York state holiday (each a "<u>Business Day</u>"), (c) three days after having been sent by registered or certified mail, return receipt requested, postage prepaid, or (d) one Business Day after deposit with a nationally recognized overnight courier, specifying next day delivery, with written verification of receipt. All communications shall be sent:

> <u>To any Party at:</u>
>
> 1271 Avenue of the Americas, 39th Floor
> New York, New York 10020U.S.A.
> Attn: Plan Administrator
> Facsimile: (646) 834-0874
>
> With a copy (which shall not constitute notice) to:
>
> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York 10153
> U.S.A.
> Attn: Lori R. Fife, Esq.
> Facsimile: (212) 310-8007

f)  ***Counterparts***.   This Debtor Allocation Agreement may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Debtor Allocation Agreement to present any copy, copies, or facsimiles signed by the Parties.

g)  ***Termination***.  This Debtor Allocation Agreement will terminate upon the earlier of the dissolution of all the Parties, or the mutual written agreement of the Parties.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Debtor

Allocation Agreement as of the date indicated below.

**EXHIBIT C**

**AGREEMENT AMONG DEBTORS, DEUTSCHE BANK AND PARTICIPANTS**

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is made and entered into as of November 23, 2011 (the "Execution Date"), by and among Lehman Brothers Holdings Inc. ("LBHI"), Lehman Commercial Paper Inc. ("LCPI," and together with LBHI, the "Debtors"), Deutsche Bank AG ("Deutsche Bank"), Monarch Alternative Capital LP ("Monarch"), Stone Lion Portfolio L.P. ("Stone Lion"), Permal Stone Lion Fund Ltd. ("Permal"), Centerbridge Credit Advisors LLC ("Centerbridge"), Anchorage Capital Group, L.L.C. ("Anchorage," and collectively with Monarch, Stone Lion, Permal, and Centerbridge, in each case on behalf of themselves and their managed entities, funds and accounts, as applicable, the "Participants"). The Debtors, Deutsche Bank and the Participants shall each be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, on September 15, 2008 and on various dates thereafter, LBHI and its affiliated debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly administered under Case Number 08-13555 (JMP) (the "Chapter 11 Cases" and each a "Chapter 11 Case");

WHEREAS, on November 12, 2008, the German banking regulator filed insolvency proceedings against Lehman Brothers Bankhaus Aktiengesellschaft ("Bankhaus"), and on November 13, 2008, the local court (*Amtsgericht*) of Frankfurt am Main opened insolvency proceedings and appointed Dr. Michael C. Frege as Insolvency Administrator (*Insolvenzverwalter*) of Bankhaus (the "Administrator");

WHEREAS, the Bankruptcy Court entered an order (the "Settlement Order") in the Chapter 11 Cases on January 14, 2010 [ECF No. 6665] approving a settlement agreement among the Administrator, the Debtors and a non-Debtor affiliate of the Debtors (the "Settlement Agreement");

WHEREAS, the Settlement Agreement, among other things, granted the Administrator a claim against LCPI [Claim No. 59006] in the amount of $1,015,500,000 (the "LCPI Claim"), and a claim against LBHI [Claim No. 58233] (the "LBHI Claim," together with the LCPI Claim, the "Bankhaus Claims") in the maximum amount of $1,380,900,000 (the "Maximum Bankhaus Claim Amount");

WHEREAS, the Settlement Agreement also provides that the LBHI Claim is to be reduced by the amount of any distributions that are received by the Administrator in respect of the LCPI Claim;

WHEREAS, pursuant to that certain Agreement Regarding the Sale and Assignment of Claims, dated July 12, 2010, the Administrator assigned the Bankhaus Claims to Deutsche Bank;

WHEREAS, thereafter Deutsche Bank sold participation interests (the "Participations") in the Bankhaus Claims to, among others, the Participants and Deutsche Bank retained a portion of the Bankhaus Claims in its own right;

WHEREAS, on or about June 30, 2011, Deutsche Bank and the Debtors, among others, entered into that certain Plan Support Agreement (the "Plan Support Agreement").

WHEREAS, on September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (said plan, as it may be amended or modified, the "Plan") [ECF No. 19627];[1]

WHEREAS, the Debtors have classified the LCPI Claim as an Affiliate Claim [LCPI Class 5C] and the LBHI Claim as a Senior Affiliate Guarantee Claim [LBHI Class 4B] under the Plan;

WHEREAS, Deutsche Bank and the Participants dispute the classification of the Bankhaus Claims under the Plan;

WHEREAS, on September 27, 2011, Deutsche Bank filed a motion pursuant to section 105 of the Bankruptcy Code and Rule 3013 of the Federal Rules of Bankruptcy Procedure seeking to enforce the Settlement Agreement Order and the Reclassify the Bankhaus Claims (the "Initial Reclassification Motion") [ECF No. 20321];

WHEREAS, on or about October 12, 2011, certain of the Participants filed joinders to the Initial Reclassification Motion (the "Joinders");

WHEREAS, on October 12, 2011, the Debtors filed an objection to the Initial Reclassification Motion [ECF No. 20767];

WHEREAS, on October 25, 2011, the Bankruptcy Court entered an order denying the Initial Reclassification Motion without prejudice to Deutsche Bank's right to renew its request for the relief requested in the Initial Reclassification Motion in connection with the proposed confirmation of the Plan (the "Rejection Order") [ECF No. 21223];

WHEREAS, on October 28, 2011, Deutsche Bank filed an objection to the confirmation of the Plan [ECF No. 21416] and, on November 4, 2011, a memorandum of law in support thereof (together, the "Objection") [ECF No. 21628];

WHEREAS, certain of the Participants requested an extension of the deadline to object to confirmation of the Plan and the Debtors granted certain of the Participants such extension; and

WHEREAS, the Parties are desirous of resolving all disputes and all other outstanding issues among the Parties regarding, *inter alia*, the classification of Bankhaus Claims, and avoiding extensive and expensive litigation;

---

[1] Capitalized terms that are used but not defined herein shall have the meanings ascribed to them in the Plan.

NOW, THEREFORE, in consideration of the recitals stated above, the agreements, promises and warranties set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. ***Settlement of Disputes Concerning the Bankhaus Claims***.

1.1.    Upon the Effective Date, the LCPI Claim shall be an Allowed Affiliate Claim other than those of Participating Debtors, classified under the Plan in LCPI Class 5C in the amount of $1,015,500,000 (the "Allowed LCPI Claim").

1.2.    Upon the Effective Date, notwithstanding anything contained in the Settlement Order or the Settlement Agreement, the LBHI Claim shall be an Allowed Senior Affiliate Guarantee Claim, classified under the Plan in LBHI Class 4B in the amount of $920,000,000 (the "Allowed LBHI Claim," together with the Allowed LCPI Claim, the "Allowed Bankhaus Claims").

1.3.    In accordance with Section 8.13 and 8.14 of the Plan, the LBHI Claim shall be deemed (1) satisfied in full or (2) not entitled to any further Distributions from LBHI, in each case, if Distributions are received from LBHI in respect of the Allowed LBHI Claim (a) that equal the amount of the Allowed LBHI Claim or (b) that combined with any other Distributions or consideration received under the Plan in respect of the Allowed LCPI Claim equal the amount of the Maximum Bankhaus Claim Amount, and LBHI's rights of subrogation as to the Allowed LCPI Claim shall not arise until the Maximum Bankhaus Claim Amount has been received in full in accordance with this subsection (b).

1.4.    Within three (3) Business Days after the Effective Date, the Debtors and Deutsche Bank shall deliver a joint instruction letter to the claims agent (and take any further steps necessary) to modify the Allowed Bankhaus Claims as recorded on the claims registry to reflect the terms provided for in section 1 of this Agreement.

1.5.    Pursuant to section 6.5(j) of the Plan, this Agreement shall be deemed incorporated into the Plan.

2. ***Plan Support***

2.1.    *The Debtors' Obligations.*  The Debtors will (a) file this Agreement in a Plan Supplement no later than November 29, 2011 and (b) seek approval of this Agreement in connection with the confirmation of the Plan.

2.2.    *Deutsche Bank's Obligations.*  Deutsche Bank agrees to perform and comply with the following obligations, which obligations shall become effective upon the date of execution of this Agreement:

(a)    Deutsche Bank shall, within one (1) Business Day of the filing of this Agreement in a Plan Supplement, withdraw the Objection.

(b)    Deutsche Bank shall not commence any proceeding or otherwise prosecute, join in, or support any objection to, or oppose or object to, the Plan (as supplemented to include this Agreement), and will not consent to, support, or participate in the formulation of any other chapter 11 plan in the Chapter 11 Cases.

(c)    Upon the filing of this Agreement in a Plan Supplement, the Allowed Bankhaus Claims shall be deemed to be voted in favor of the Plan (as supplemented to include this Agreement), and the Debtors may instruct the balloting agent to modify the voting record accordingly.

(d)    Deutsche Bank shall with respect to the full amount of the Bankhaus Claims, (1) support the confirmation and consummation of the Plan (as supplemented to include this Agreement) in accordance with the Plan Support Agreement; and (2) waive any and all rights it may have under section 1.02 of the Plan Support Agreement, or otherwise, to defend against any objection to, or estimation of, or the classification of, any of the Allowed Bankhaus Claims.

(e)    Deutsche Bank shall immediately cease and withdraw any and all requests for discovery made in connection with the Initial Reclassification Motion and/or the Objection and shall not renew its request for any of the relief sought in the Initial Reclassification Motion.

2.3.    *The Participants' Obligations*.    Each Participant agrees, solely for itself and not for any other Participant, to perform and comply with the following obligations, which obligations shall become effective upon the date of execution of this Agreement:

(a)    None of the Participants shall commence any proceeding or otherwise prosecute, join in, or support any objection to, or oppose or object to, the Plan (as supplemented to include this Agreement), and will not consent to, support, or participate in the formulation of any other chapter 11 plan in the Chapter 11 Cases.

(b)    To the extent that any Participant has not voted any claim it holds in the Chapter 11 Cases in favor of the Plan, upon the filing of this Agreement in a Plan Supplement following the occurrence of the Execution Date, each Participant's respective claims shall be deemed to be voted in favor of the Plan (as supplemented to include this Agreement), whether such claims were not previously voted at all or were voted against the Plan.

(c)    Each Participant shall support the confirmation and consummation of the Plan (as supplemented to include this Agreement).

(d)    Each Participant shall not renew its request for (i) the relief sought in the any of the Joinders, or (ii) similar relief with respect to the Bankhaus Claims.

3.    ***Deutsche Bank's and the Participants' Representations, Warranties and Agreements***.    In order to induce the Debtors and each other to enter into and perform their obligations under this Agreement, each of Deutsche Bank and the Participants hereby represents, warrants and acknowledges and agrees, solely as to itself and not as to any other party, as follows:

3.1.    *Authority*.    (i) Deutsche Bank and each Participant has the power and authority to execute, deliver and perform its obligations under this Agreement, and to consummate the transactions contemplated herein and (ii) the execution, delivery and performance by Deutsche Bank and the Participants of this Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary action on the part of Deutsche Bank and the Participants and no other proceedings on the part of Deutsche

Bank and the Participants are necessary to authorize and approve this Agreement or any of the transactions contemplated herein.

        3.2.      *Validity*.  This Agreement has been duly executed and delivered by Deutsche Bank and the Participants and constitutes the legal, valid and binding agreement of Deutsche Bank and the Participants, enforceable against each of Deutsche Bank and the Participants in accordance with its terms.

        3.3.      *Authorization of Governmental Authorities and Creditors*.  No action by (including any authorization, consent or approval), in respect of, or filing with, any governmental authority is required for, or in connection with, the valid and lawful authorization, execution, delivery and performance by Deutsche Bank or the Participants pursuant to this Agreement.

        3.4.      *Title; No Prior Transfer of Claims*.

        (a)    (i) Deutsche Bank is the legal owner and record holder of the Bankhaus Claims and as such is entitled to receive any proceeds from the Allowed Bankhaus Claims, (ii) except in respect of the interests in the Participations, the rights of Deutsche Bank in and to the Bankhaus Claims (including any proceeds from the Allowed Bankhaus Claims) are free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances, (iii) Deutsche Bank is not aware of any third-party rights (except in respect of the interests in the Participations) with respect to the Bankhaus Claims (including any proceeds from the Allowed Bankhaus Claims) as of the Execution Date, and (iv) other than the Participations, Deutsche Bank has not transferred or assigned to any other person any of the Bankhaus Claims (including the Allowed Bankhaus Claims), in whole or in part.

        (b)    Deutsche Bank and the Participants may not, at any time prior to the Effective Date, transfer the Bankhaus Claims or the Participations, or any rights or interests arising thereunder or related thereto, including without limitation any instruments, rights to payments or other consideration distributed or to be distributed to Deutsche Bank or the Participants under the Plan (as supplemented to include this Agreement), in whole or in part, unless (i) in the case of a transfer from Deutsche Bank (excluding an elevation of a Participation), the transferee executes and delivers to the Debtors a joinder to the Plan Support Agreement (as amended by section 2.2(d) of this Agreement), or (ii) in the case of a transfer from the Participants, the transferee agrees, in a writing, in form and substance reasonably satisfactory to the Debtors, to be bound by the terms of this Agreement as if it were an original Party hereto, which shall be accomplished through the execution of the transfer and joinder agreement attached hereto as <u>Exhibit A</u>.

        (c)    Deutsche Bank and the Participants shall not grant any proxies, deposit the Bankhaus Claims or the Allowed Bankhaus Claim into a voting trust, or enter into a voting agreement or any similar agreement with respect thereto, unless such agreement provides, in writing, in a form enforceable by, and reasonably satisfactory to, the Debtors for compliance with this Agreement.

        3.5.      *No Reliance*.  Each of Deutsche Bank and the Participants (i) is a sophisticated party with respect to the subject matter of this Agreement, (ii) has been represented and advised by legal counsel in connection with this Agreement, (iii) has adequate information concerning the matters that are the subject of this Agreement, and (iv) has independently and

without reliance upon any Debtor or any of their affiliates or any officer, employee, agent or representative thereof, and based on such information as Deutsche Bank and the Participants has deemed appropriate, made its own analysis and decision to enter into this Agreement, except that each of Deutsche Bank and the Participants has relied upon each Debtor's express representations, warranties and covenants in this Agreement. Each of Deutsche Bank and the Participants acknowledges that it has entered into this Agreement voluntarily and of its own choice and not under coercion or duress.

      3.6.      *Participants' Obligations to Deutsche Bank*.  Each of the Participants approves and authorizes Deutsche Bank's entry into this Agreement.

      4.      ***The Debtors Representations and Warranties***.  In order to induce Deutsche Bank and the Participants to enter into and perform its obligations under this Agreement, each Debtor hereby represents, warrants and acknowledges as follows:

      4.1.      *Authority*.  Subject to the occurrence of the Effective Date, (i) each Debtor has the power and authority to execute, deliver and perform its obligations under this Agreement, and to consummate the transactions contemplated herein and (ii) the execution, delivery and performance by such Debtor of this Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary action on the part of such Debtor and no other proceedings on the part of such Debtor are necessary to authorize and approve this Agreement or any of the transactions contemplated herein.

      4.2.      *Validity*.  Subject to the occurrence of the Effective Date, this Agreement has been duly executed and delivered by each Debtor and constitutes the legal, valid and binding agreement of each Debtor, enforceable against each Debtor in accordance with its terms.

      4.3.      *Authorization of Governmental Authorities*.  No action by (including any authorization, consent or approval), in respect of, or filing with, any governmental authority is required for, or in connection with, the valid and lawful authorization, execution, delivery and performance by each Debtor and each Non-Debtor Affiliate of this Agreement, other than entry of the Confirmation Order.

      4.4.      *No Reliance*.  Each Debtor (i) is a sophisticated party with respect to the matters that are the subject of this Agreement, (ii) has had the opportunity to be represented and advised by legal counsel in connection with this Agreement, (iii) has adequate information concerning the matters that are the subject of this Agreement, and (iv) has independently and without reliance upon Deutsche Bank or any of its affiliates or any officer, employee, agent or representative thereof, and based on such information as such Debtor has deemed appropriate, made its own analysis and decision to enter into this Agreement, except that such Debtor has relied upon Deutsche Bank's express representations, warranties and covenants in this Agreement, which it enters, or as to which it acknowledges and agrees, voluntarily and of its own choice and not under coercion or duress.

      5.      ***Effectiveness of Agreement***.

      5.1.      Sections 2, 3, 4, 5.1, 5.3, and 6 of this Agreement shall be effective upon the Execution Date.

5.2.        This Agreement, other than sections 2, 3, 4, 5.1, 5.3, and 6, shall be effective upon the Effective Date.

5.3.        This Agreement shall be null and void, and each of the Parties' respective interests, rights, remedies and defenses shall be restored without prejudice as if this Agreement had never been executed, except as to subsections 3.6 and 5.3 and section 6 of this Agreement, if the entry of the Confirmation Order is denied with prejudice, or if the Plan (as supplemented to include this Agreement) is withdrawn.

6.        *Termination*.

6.1.        Automatic Termination.  This Agreement shall automatically terminate on any date on which the Bankruptcy Court denies the motion seeking the Confirmation Order with prejudice.

6.2.        *The Debtors' Right to Terminate*.  Each Debtor shall have the right, at its election, to terminate this Agreement by written notice to Deutsche Bank and the other Parties hereto if (a) there is a breach, in any material respect, of the representations, warranties and/or covenants of Deutsche Bank or the Participants hereunder, taken as a whole that has not been cured within three (3) Business Days' notice given thereof to Deutsche Bank and the other Parties hereto, but in any case prior to December 5, 2011, or (b) entry of the Confirmation Order is denied with prejudice by final and non-appealable order.  Notwithstanding anything to the contrary in this Agreement, (i) nothing herein requires any Debtor to breach any fiduciary obligations it has under applicable law; and (ii) to the extent such fiduciary obligations require any Debtor to terminate its obligations hereunder, it may do so without incurring any liability to any creditor.

6.3.        *Deutsche Bank's and Participants' Right to Terminate*.  Deutsche Bank and each Participant shall have the right, at its election, to terminate this Agreement by written notice to the Debtors and the other Parties hereto if (a) there is a breach, in any material respect, of the representations, warranties and/or covenants of the Debtors hereunder, taken as a whole that has not been cured within three (3) Business Days' notice given thereof to the Debtors and the other Parties hereto, but in any case prior to December 5, 2011; (b) entry of the Confirmation Order is denied with prejudice by final and non-appealable order; (c) the Bankruptcy Court has not entered an order confirming the Plan (as supplemented by this Agreement) on or before March 1, 2012; (d) the Plan (as supplemented by this Agreement) has not become effective on or before April 1, 2012; (e) the Debtors make a modification to the structure, classification or distribution scheme under the Plan that would (i) materially reduce the recovery estimates set forth in the Disclosure Statement with respect to the classes that include the Allowed Bankhaus Claims, or (ii) that would materially delay distributions on account of the Allowed Bankhaus Claims; or (f) the Debtors fail to file this Agreement in a Plan Supplement by November 29, 2011.

6.4.        *Effect of Termination*.  In the event that this Agreement is terminated in accordance with its terms automatically or by any Party, then neither this Agreement (except for subsections 3.6 and 5.3 and section 6), nor any motion or other pleading filed in the Bankruptcy Court with respect to the approval of this Agreement or confirmation of the Plan, shall have any *res judicata* or collateral estoppel effect or be of any force or effect, each of the Parties' respective interests, rights, remedies and defenses shall be restored without prejudice as if this Agreement had never been executed and the Parties hereto shall be automatically relieved

of any further obligations hereunder.  Except as expressly provided herein, this Agreement and all communications and negotiations among the Parties with respect to each other or any of the transactions contemplated hereunder are without waiver of or prejudice to the Parties' rights and remedies and the Parties hereby reserve all claims, defenses and positions that they may have with respect to each other.

       7.      ***Venue and Choice of Law***.

       7.1.      *Venue*.  The Parties expressly consent and submit to the exclusive jurisdiction of the Bankruptcy Court over any actions or proceedings relating to the enforcement or interpretation of this Agreement and any Party bringing such action or proceeding shall bring such action or proceeding in the Bankruptcy Court.  Each of the Parties agrees that a final judgment in any such action or proceeding, including all appeals, shall be conclusive and may be enforced in other jurisdictions (including any foreign jurisdictions) by suit on the judgment or in any other manner provided by applicable law.  If the Bankruptcy Court refuses or abstains from exercising jurisdiction over the enforcement of this Agreement and/or any actions or proceedings arising hereunder or thereunder, then the Parties agree that venue shall be in any other state or federal court located within the County of New York in the State of New York having proper jurisdiction.  Each Party hereby irrevocably and unconditionally waives, to the fullest extent it may legally and effectively do so, (i) any objection which it may now or hereafter have to the laying of venue of any suit, action or proceeding arising out of or relating to this Agreement with the Bankruptcy Court or with any other state or federal court located within the County of New York in the State of New York, and (ii) the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.  Each Party irrevocably consents to service of process in the manner provided for notices in section 8 hereof.  Nothing in this Agreement will affect the right, or requirement, of any Party to this Agreement to serve process in any other manner permitted or required by applicable law.

       7.2.      *Choice of Law*.  This Agreement and all claims and disputes arising out of or in connection with this Agreement, shall be governed by and construed in accordance with the laws of the State of New York and the Bankruptcy Code, without regard to choice of law principles to the extent such principles would apply a law other than that of the State of New York or the Bankruptcy Code.

       8.      ***Notices***.  All notices and other communications given or made pursuant to this Agreement shall be in writing and all communications shall be deemed effectively given: (a) upon personal delivery to the party to be notified, (b) when sent by confirmed electronic mail or facsimile if sent during normal business hours of the recipient, and if not so confirmed, then on the next Business Day, (c) three Business Days after having been sent by registered or certified mail, return receipt requested, postage prepaid, or (d) three Business Days after deposit with a nationally recognized overnight courier, specifying next day delivery, with written verification of receipt. All communications shall be sent:

       To any Debtor at:

       1271 Avenue of the Americas, 39th Floor
       New York, New York 10020
       U.S.A.
       Attn: Daniel J. Ehrmann
       Facsimile: (646) 834-0874

With a copy (which shall not constitute notice) to:

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
U.S.A.
Attn: Lori R. Fife, Esq.
Facsimile: (212) 310-8007

To Deutsche Bank at:

Deutsche Bank AG
60 Wall Street, 3rd Floor
New York, New York 10005
U.S.A.
Attn:  James H. MacInnis
Facsimile: (212) 797-4666

With copies (which shall not constitute notice) to:

Bingham McCutchen LLP
399 Park Avenue
New York, New York 10022
U.S.A.
Attn:  Joshua Dorchak, Esq.
Facsimile:  (212) 702-3667

and

Moses & Singer LLP
405 Lexington Ave.
New York, New York 10174
U.S.A.
Attn: Alan Kolod, Esq. and Mark Parry, Esq.
Facsimile: (212) 554-7700

To The Participants at:
The addresses set forth on the attached signature pages.

or to such other address as may have been furnished by a Party to each of the other Parties by notice given in accordance with the requirements set forth above.

9.    *Expenses*.  The fees and expenses incurred by each Party (including the fees of any attorneys, accountants, investment bankers, financial advisors or any other professionals engaged by such Party) in connection with this Agreement and the transactions contemplated hereby, whether or not the transactions contemplated hereby are consummated, will be paid by such Party.

10.    *No Admission of Liability*.  Each Party acknowledges that this Agreement effects a settlement of potential claims and counterclaims that are denied and contested, and that nothing contained herein shall be construed as an admission of any fact, liability or wrongdoing.

11.    *Entire Agreement*.  This Agreement constitutes the entire and only agreement of the Parties concerning the subject matter hereof.  This Agreement supersedes and replaces any and all prior or contemporaneous verbal or written agreements between the Parties concerning the subject matter hereof, and to the extent of any conflicts between the Plan and the terms of this Agreement, the terms of this Agreement shall control.  The Parties acknowledge that this Agreement is not being executed in reliance on any verbal or written agreement, promise or representation not contained herein.

12.    *No Oral Modifications*.  This Agreement, including this section 12, may not be modified or amended orally.  This Agreement only may be modified or amended by a writing signed by a duly authorized representative of each Party hereto.  Any waiver of compliance with any term or provision of this Agreement on the part of the Debtors must be provided in a writing signed by Deutsche Bank and each Participant signatory hereto.  Any waiver of compliance with any term or provision of this Agreement on the part of Deutsche Bank must be provided in a writing signed by each Debtor and each Participant signatory hereto.  No waiver of any breach of any term or provision of this Agreement shall be construed as a waiver of any subsequent breach.

13.    *Construction*.  This Agreement constitutes a fully negotiated agreement among commercially sophisticated parties and therefore shall not be construed or interpreted for or against any Party, and any rule or maxim of construction to such effect shall not apply to this Agreement.

14.    *Binding Effect; Successor and Assigns*.  This Agreement shall inure to the benefit of and be binding upon the Parties and their respective successors and permitted assigns; *provided*, *however*, that subject to section 3.4, no Party may assign its rights or obligations under this Agreement without the written consent of the other Parties, which consent shall not be unreasonably withheld or delayed, and any assignment not in accordance with the terms hereof shall be null and void *ab initio*.

15.    *Counterparts*.  This Agreement may be executed in counterparts, each of which constitutes an original, and all of which, collectively, constitute only one agreement.  The signatures of all of the Parties need not appear on the same counterpart.

16.    *Headings; Schedules and Exhibits*.  The headings utilized in this Agreement are designed for the sole purpose of facilitating ready reference to the subject matter of this Agreement.  Said headings shall be disregarded when resolving any dispute concerning the meaning or interpretation of any language contained in this Agreement.  References to sections, unless otherwise indicated, are references to sections of this Agreement.  All Schedules to this Agreement are hereby made a part hereof and incorporated herein by reference for all purposes.  Reference to any Schedule herein shall be to the Schedules attached hereto.

17.    *Severability and Construction*.  If any provision of this Agreement shall be held by a court of competent jurisdiction to be illegal, invalid or unenforceable, the remaining provisions shall remain in full force and effect if the essential terms and conditions of this Agreement for each Party remain valid, binding, and enforceable.

18. ***Acknowledgments***.  THIS AGREEMENT, THE PLAN (AS SUPPLEMENTED BY THIS AGREEMENT), AND THE TRANSACTIONS CONTEMPLATED HEREIN AND THEREIN, ARE THE PRODUCT OF NEGOTIATIONS BETWEEN THE PARTIES AND THEIR RESPECTIVE REPRESENTATIVES.  NOTHING IN THIS AGREEMENT SHALL REQUIRE ANY PARTY TO TAKE ANY ACTION PROHIBITED BY THE BANKRUPTCY CODE, THE SECURITIES ACT OF 1933 (AS AMENDED), THE SECURITIES EXCHANGE ACT OF 1934 (AS AMENDED), ANY RULE OR REGULATIONS PROMULGATED THEREUNDER, OR BY ANY OTHER APPLICABLE LAW OR REGULATION OR BY AN ORDER OR DIRECTION OF ANY COURT OR ANY STATE OR FEDERAL GOVERNMENTAL AUTHORITY.

19. ***Waiver of Jury Trial***.  EACH OF THE PARTIES HERETO HEREBY AGREE NOT TO ELECT A TRIAL BY JURY OF ANY ISSUE TRIABLE OF RIGHT BY JURY, AND HEREBY KNOWINGLY, VOLUNTARILY, INTENTIONALLY, UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY RIGHT TO TRIAL BY JURY FULLY TO THE EXTENT THAT ANY SUCH RIGHT SHALL NOW OR HEREAFTER EXIST WITH REGARD TO THIS AGREEMENT OR ANY CLAIM, COUNTERCLAIM OR OTHER ACTION ARISING IN CONNECTION THEREWITH OR IN RESPECT OF ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENT (WHETHER VERBAL OR WRITTEN) OR ACTION OF ANY PARTY OR ARISING OUT OF ANY EXERCISE BY ANY PARTY OF ITS RESPECTIVE RIGHTS UNDER THIS AGREEMENT OR IN ANY WAY RELATING TO THE TRANSACTIONS CONTEMPLATED HEREBY (INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO ANY ACTION TO RESCIND OR CANCEL THIS AGREEMENT AND WITH RESPECT TO ANY CLAIM OR DEFENSE ASSERTING THAT THIS AGREEMENT WAS FRAUDULENTLY INDUCED OR IS OTHERWISE VOID OR VOIDABLE). THIS WAIVER OF RIGHT TO TRIAL BY JURY IS INTENDED TO ENCOMPASS INDIVIDUALLY EACH INSTANCE AND EACH ISSUE AS TO WHICH THE RIGHT TO A TRIAL BY JURY WOULD OTHERWISE ACCRUE.  EACH OF THE PARTIES HERETO IS HEREBY AUTHORIZED TO FILE A COPY OF THIS SECTION 19 IN ANY PROCEEDING AS CONCLUSIVE EVIDENCE OF THIS WAIVER.  THIS WAIVER OF JURY TRIAL IS A MATERIAL INDUCEMENT FOR THE PARTIES HERETO TO ENTER INTO THIS AGREEMENT.

IN WITNESS WHEREOF, each Party by his or its duly authorized representative has executed this Agreement as of the date first written above:

LEHMAN BROTHERS HOLDINGS INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____

Name: Daniel J. Ehrmann
Title: Vice President

LEHMAN COMMERCIAL PAPER INC., as Debtor and Debtor in Possession in its chapter 11 case in the United States Bankruptcy Court for the Southern District of New York, Case No. 08-13555 (JMP)

By: _____
Name: Daniel J. Ehrmann
Title: Vice President

Deutsche Bank AG, London Branch

By: _____

Name:
Title:    Michael Sutton
          Managing Director

By: _____

Name:
Title:    Ross Miller
          Director

Monarch Alternative Capital LP

On behalf of certain of its advisory clients

By: _____

Name:  Michael Weinstock
Title:    Managing Principal


Stone Lion Portfolio L.P.

By: _____

Name: []
Title: []

Permal Stone Lion Fund Ltd.

By: _____

Name: []
Title: []


Centerbridge Credit Advisors LLC

By: _____

Name: []
Title: []

Anchorage Capital Group, L.L.C.

By: _____

Name: []
Title: []

Monarch Alternative Capital LP

By: _____

Name: []
Title: []

Stone Lion Portfolio L.P.
Stone Lion Capital Partners L.P., Investment Manager
By: SL Capital Partners LLC, Its: General Partner
By: Stone Lion Capital LLC, Managing Member

Stone Lion Portfolio L.P.

By: _____

Name:                Claudia Borg
Title:               General Counsel

Stone Lion Capital Partners L.P,
461 5th Ave, 14th Floor
NY NY 10017
attention: Claudia Borg

Permal Stone Lion Fund Ltd.
By: Stone Lion Capital Partners L.P,
Investment Manager

Permal Stone Lion Fund Ltd.

By: _____

Name:                Claudia Borg
Title:               Authorized Signatory

c/o Stone Lion Capital Partners L.P,
461 5th Ave, 14th Floor
NY NY 10017
attention: Claudia Borg

Centerbridge Credit Advisors LLC

By: _____

Name: []
Title: []

Anchorage Capital Group, L.L.C.

By: _____

Name: []
Title: []

Monarch Alternative Capital LP

By: _____

Name:  []
Title:  []

Stone Lion Portfolio L.P.

By: _____

Name:  []
Title:  []

Permal Stone Lion Fund Ltd.

By: _____

Name:  []
Title:  []

Centerbridge Credit Advisors LLC

By: _____

Name:  []  Vivek Melwani
Title:  []  Sr. Managing Director
375 Park Avenue, 12th FL
New York, NY 10152

Anchorage Capital Group, L.L.C.

By: _____

Name:  []
Title:  []

Monarch Alternative Capital LP

By: _____

Name:  []
Title:  []


Stone Lion Portfolio L.P.                    Permal Stone Lion Fund Ltd.

By: _____    By: _____

Name:  []                     Name:  []
Title:  []                     Title:  []


Centerbridge Credit Advisors LLC          Anchorage Capital Group, L.L.C.

By: _____    By: _____
                                            MICHAEL AGLIALORO
Name:  []                     Name:    Executive Vice President
Title:  []                     Title:

## Exhibit A
### (Transfer and Joinder Agreement)

## TRANSFER AND JOINDER AGREEMENT

This Transfer and Joinder Agreement (the "Agreement") is dated as of _____ and is entered into by and between [*Insert name of Assignor*] (the "Assignor") and [*Insert name of Assignee*] (the "Assignee") in accordance with Section 3.4 of the Agreement attached hereto as Exhibit A (the "Settlement Agreement"). Capitalized terms used but not defined herein shall have the meanings given to them in the Settlement Agreement.

**WHEREAS**, Assignor is a party to the Settlement Agreement and has assigned to Assignee by separate agreement (the "Assignment") claims or participations in claims held by the Assignee against the Debtors;

**WHEREAS**, the assignment by Assignor to Assignee is not effective unless Assignee complies with Section 3.4 of the Settlement Agreement; and

**WHEREAS**, Assignee agrees to comply with the Settlement Agreement by entering into this Agreement.

**NOW, THEREFORE**, in consideration of the mutual conditions and agreements set forth in the Assignment and herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.      The Assignee agrees that, upon execution of this Joinder, it shall become a party to the Settlement Agreement and shall be fully bound by, and subject to, all of the covenants, terms, obligations and conditions of the Settlement Agreement as though it were an original Party thereto with the rights and obligations of the Assignor. Assignee (a) represents and warrants to each of the other Parties to the Settlement Agreement that, solely with respect to itself, the statements set forth in Section 3 of the Settlement Agreement are true, correct and complete as of the date hereof; and (b) further represents and warrants that (i) it is acquiring the claims and/or participations from [          ] in the amounts set forth on Schedule 1 hereof (the "Assigning Claims/Participations"), and (ii) upon consummation of such acquisition under the applicable agreements to which such Assigning Claims/Participations relate, it will be the legal or beneficial owner of the Assigning Claims/Participations.

2.      Assignee shall deliver a copy of this Agreement to each of the Parties no later than three (3) Business Days after the date of this Agreement in accordance with Section 8 of the Settlement Agreement.

3.      Notices. All notices and other communications given or made to Assignee

pursuant to this Assignment or the Settlement Agreement shall be deemed given if in writing and if sent by confirmed electronic mail, facsimile, courier, or by registered or certified mail (return receipt requested) to the following addresses and facsimile numbers:

_____
_____
_____
Attn: _____
E-Mail: _____

With a copy (which shall not constitute notice) to:

_____

_____

_____

Attn: _____

E-Mail: _____

or to such other address as may have been furnished by Assignee by notice given in accordance with the requirements set forth in Section 8 of the Settlement Agreement. Any notice given by delivery, mail or courier shall be effective when received. Any notice given by facsimile or electronic mail shall be effective upon oral or machine confirmation of transmission.

4.    THIS AGREEMENT AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER SHALL BE GOVERNED BY, AND SHALL BE CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO CONFLICT OF LAWS PRINCIPLES THEREOF, AND, TO THE EXTENT APPLICABLE, THE BANKRUPTCY CODE.

5.    ALL JUDICIAL PROCEEDINGS BROUGHT AGAINST ANY PARTY ARISING OUT OF OR RELATING HERETO SHALL BE BROUGHT IN THE BANKRUPTCY COURT, OR IN THE EVENT THAT THE BANKRUPTCY COURT DECLINES TO EXERCISE SUCH JURISDICTION FOR ANY REASON, THEN IN ANY STATE OR FEDERAL COURT OF COMPETENT JURISDICTION IN THE STATE, COUNTY AND CITY OF NEW YORK.

6.    This Agreement shall be effective upon execution by the Assignor and Assignee and shall be binding upon, and inure to the benefit of, the parties hereto, and their respective successors and assigns. This Agreement may be executed in any number of counterparts, which together shall constitute one instrument. Delivery of an executed counterpart of a signature page of this Agreement by telecopy or electronic mail in portable document format (pdf) shall be effective as delivery of a manually executed counterpart of this Assignment.

**[Remainder of page intentionally left blank]**

**EXHIBIT D**

**SCHEDULE OF CLAIMS BY DEBTOR-CONTROLLED ENTITIES**

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | BALLYBUNION INVESTMENT LIMITED | HARTCLIFFE LIMITED | LB INDIA HOLDINGS MAURITIUS III LTD | LOUISE Y.K. | LEHMAN BROTHERS PERA INC. | PLUTO REALTY Y.K. | GROUPER INTERNATIONAL YK | LBQ HONG KONG SERVICES LTD | GLOBAL COMMERCIAL RE (CAYMAN) INC | GCRE KOREA LTD |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 0 | $ 0 | $ 0 | $ 0 | $ 1 | $ 2 | $ 2 | $ 3 | $ 8 | - |
| Class 4B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0 | $ - | 9 |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |

| Debtor (Claim Obligor) | LEHMAN BROTHERS ARGENTINA, S.A | PAMI HARBOUR PARK | LEHMAN QUEENS CENTER INC. | REVIVAL HOLDINGS LIMITED | JAPAN INVEST. PARTNERSHIP INC. | LB ASEAN OPPORTUNITY LTD | LEHMAN BROTHERS/MBLP INC. | GLOBAL TAIWAN INVESTMENTS LTD | E-VALUATE II LP | THE MAIN OFFICE MANAGEMENT CO II LP |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 1,059,692 | $ - | $ 1,094,081 | $ 1,166,042 | $ 97,290 | $ 128,810 | $ 1,335,105 | $ 1,103,169 | $ 1,683,302 | 1,745,284 |
| Class 4B | $ - | $ 1,084,443 | $ - | $ 1,405 | $ 1,073,706 | $ 1,074,249 | $ - | $ 316,031 | $ - | - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | LB DELTA (CAYMAN) NO.2 LIMITED | BANGKOK OFFICE 2 COMPANY LIMITED | TMIC LIMITED | REDGRAVE HOLDINGS LIMITED | ZENNIA YK | KILLINGTON SARL | LEHMAN CROSSROADS CORP INVESTORS II | MARLIN INTERNATIONAL YK | JASMINE YK | PAMI LBREM LLC |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ - | $ 54 | $ 872,757 | $ 94 | $ 178 | $ - | $ 196 | $ 214 | $ 269 | $ 275 |
| Class 4B | $ 36 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Debtor (Claim Obligor) | PETERBOROUGH 850 LLC | LB GUAM OPPORTUNITY LLC | SH JASMINE 1 LTD | LEHMAN BROTHERS SPECIAL LENDING | EAGLE INVESTORS I-X | FALCON HOLDINGS I LLC | LEHMAN BROTHERS OPPORTUNITY LTD | LEHMAN SYNDICATED LOAN FUNDING INC. | GRA FINANCE CORPORATION LTD | LEHMAN WEALTH SERVICES HOLDINGS LLC |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 1,775,198 | $ 1,837,877 | $ - | $ 2,025,936 | $ - | $ 2,228,593 | $ 859 | $ 2,559,234 | $ - | $ 2,561,152 |
| Class 4B | $ - | $ 9,986 | $ 1,873,164 | $ - | $ 2,088,382 | $ 14 | $ 2,404,027 | $ - | $ 829,026 | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ 940,921 | $ - | $ 1,731,234 | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 7,338,005 | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 0 | $ 26,318 | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | LEHMAN CROSSROADS CORP INVEST II GP | LEHMAN CROSSROADS CORP INVESTORS GP | MERCHANTS REAL ESTATE CO., LTD. | WOORI LB 6TH ASSET SECUR SPEC CO LT | HYPERION REAL ESTATE INC | SECURITY ASSURANCE ADVISER II GP LL | JAPAN REAL ESTATE INVEST PART | WOORI LB FOURTH ASSET SECUR SPEC CO | MANSFIELD II SARL | PIRANHA INTERNATIONAL Y.K. |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 287 | $ 294 | $ 346 | $ - | $ 401 | $ 456 | $ 595 | $ - | $ 643 | $ 647 |
| Class 4B | $ - | $ - | $ - | $ 358 | $ - | $ - | $ - | $ 642 | $ - | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Debtor (Claim Obligor) | DRISKILL LLP | LEHMAN BROTHERS REAL ESTATE JPN LTD | LB ALPHA FINANCE CAYMAN LIMITED | W 6 HOLDINGS LLC | ROYALTY ASSET INVESTMENT, LLC | REVIVAL FUND MANAGEMENT KOREA LLC | LEHMAN BROTHERS OFFSHORE COMM ASSOC | KEIAN Y.K. | TAX EXEMPT AFFORD MORTGAGE ACCEPT | LEHMAN BROTHERS VENTURE ASSOC INC |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 2,578,516 | $ - | $ 2,666,515 | $ 2,806,152 | $ 1,115,167 | $ - | $ 3,399,283 | $ 5 | $ 3,528,611 | $ 3,547,993 |
| Class 4B | $ - | $ 2,594,142 | $ - | $ - | $ - | $ 2,982,063 | $ - | $ - | $ 0 | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | LEHMAN BROTHERS DE COLOMBIA S.A. | LB CROSSROADS INVEST ADVISER GP LLC | LEHMAN CROSSROADS CORP INVESTORS LP | THE MAIN OFICE MGMT CO II GP LLC | FUKUOKA HOTEL PROPERTY Y.K | EAGLE HOLDINGS I LLC | PEGASUS Y.K. | CYGNUS Y.K. | PINDAR PTY LTD | CAPITAL ANALYTICS II GP LLC |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ - | $ 858 | $ 878 | $ 905 | $ 1,109 | $ 1,120 | $ 1,265 | $ 1,321 | $ 1,330 | $ 1,555 |
| Class 4B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Debtor (Claim Obligor) | FRAH SPECIAL SERVICES INC. | GKI KOREA LTD. | PCR INVESTMENT LIMITED | BEIJING JASMINE I LTD | IVANHOE LANE PTY LIMITED | LEHMAN BROS. COMM. ASSOCIATES INC. | TURCAP INVESTMENTS B.V | SAGE PARTNERS (SAGNB) | ASIA INDO OPPORTUNITY I LTD | LB MB ADVISORS II INC. |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 3,738,139 | $ - | $ 4,159,555 | $ 61,592 | $ 3,069,216 | $ 4,446,325 | $ 4,501,021 | $ 4,823,814 | $ 4,937,274 | $ 5,111,591 |
| Class 4B | $ - | $ 3,752,572 | $ - | $ 4,115,408 | $ 1,234,024 | $ - | $ - | $ - | $ 110,366 | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | PHUKET HOTEL 2 HOLDING COMPANY LTD | WARREN/GP CORP. | LAMYONG ASSET COMPANY LIMITED | LB PRIVATE FUNDS INVEST CO GP LLC | WOORI LB 5TH ASSET SECUR SPEC CO LT | PHUKET HOTEL 3 HOLDING COMPANY LTD | LB CAPTAIN NO 1 LUXEMBOURG | LIBERTUS JUTAKU LOAN K.K. | LB1 LIMITED | TAHOE Y.K. |
|---|---|---|---|---|---|---|---|---|---|---|
| **Lehman Brothers Holdings Inc.** | | | | | | | | | | |
| Class 4A | $ 1,557 | $ 1,675 | $ 1,841 | $ 1,952 | $ - | $ 2,325 | $ 3,062 | $ 2,603 | $ 3,875 | $ 4,296 |
| Class 4B | $ - | $ - | $ - | $ - | $ 2,200 | $ - | $ - | $ 915 | $ 28 | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Debtor (Claim Obligor) | LEHMAN/SDI INC. | LEHMAN BROTHERS/FW INC. | LEHMAN TAX CREDIT ADVISOR INC | LB COMMODITIES INVESTMENTS INC | DA GROUP HOLDINGS INC. CONSOL. | PRINCIPAL TRANSACTIONS INC. | LB 745 LEASECO II LLC | NEUBERGER BERMAN TECHNOLOGY MGM LLC | LB BROTHERS ASSET MGMT GROUP | LB EUROPEAN MEZZANINE ASSOC 2003 |
|---|---|---|---|---|---|---|---|---|---|---|
| **Lehman Brothers Holdings Inc.** | | | | | | | | | | |
| Class 4A | $ 5,802,320 | $ 6,277,676 | $ 6,484,042 | $ - | $ 6,791,544 | $ - | $ 8,705,183 | $ 5,239,396 | $ 9,360,253 | $ 10,582,436 |
| Class 4B | $ - | $ - | $ - | $ - | $ - | $ 6,839,272 | $ - | $ 1,397 | $ 64,429 | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 805,886 |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | TLII ASSET MANAGEMENT COMPANY LIMIT | LBQ FUNDING (CAYMAN) LIMITED | LEHMAN CROSSROADS INVEST CO GP LLC | LEHMAN CMBS FUNDING INC. | THAILAND OPPORTUNITY FUND | LBSP HOLDING (IRELAND) PUBLIC LTD | MEISHOU ESTATE Y.K. | PELICAN SAGA SDN BHD | SAIJAI ASSET COMPANY LIMITED | INDUSTRIAL HOLDINGS CORPORATION |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ - | $ 100 | $ 6,035 | $ 6,298 | $ - | $ 7,057 | $ 8,043 | $ 9,152 | $ 9,204 | $ 886,788 |
| Class 4B | $ 5,455 | $ 5,838 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Debtor (Claim Obligor) | LEHMAN BROTHERS/ROSECLIFF INC. | LB INVESTMENTS (UK) LIMITED | LB MERCHANT BANKING PARTNERS II INC | LB HELSINKI HOLDING SARL | FALCON HOLDINGS II INC. | GA DEKALB INC. | THE BALLYBUNION PARTNERSHIP | LB BETA FINANCE CAYMAN LIMITED | MMP FUNDING CORP | JET PARTNERS LLC |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 1,054,535 | $ 8,469,413 | $ 13,929,550 | $ 17,472,056 | $ 659,533 | $ 18,362,475 | $ 18,905,998 | $ 1,097,678 | $ 23,303,703 | $ 26,320,552 |
| Class 4B | $ - | $ 5,138,563 | $ - | $ - | $ 16,903,432 | $ - | $ 332,625 | $ 18,557,366 | $ 502,170 | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 112,314 | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | LB PRIVATE CONVERTIBLE FUND LTD | GLOBAL THAI DOT COM (CAYMAN) LTD | ELMWOOD Y.K. | ARGO Y.K. | BLUE WAY FINANCE CORPORATION U.A. | LEHMAN BROTHERS JAPAN INCORPORATED | LB AUSTRALIA SECURITIES PTY LTD | NL GP INC. | GKI KOREA MANAGEMENT LIMITED | NALE TRUST |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ - | $ - | $ - | $ 16,574 | $ - | $ 18,872 | $ 18,466 | $ 26,131 | $ 26,839 | $ 40,474 |
| Class 4B | $ - | $ 11,117 | $ - | $ - | $ 17,289 | $ - | $ 3,128 | $ - | $ - | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Debtor (Claim Obligor) | LB LUXEMBOURG INVESTMENTS SARL | PARTRIDGE FUNDING INTERNATIONAL SRL | LB ASSET MANAGEMENT | LB HOLDINGS SCOTTISH LTD PART. | DELAWARE INVESTMENT HOLDINGS LLC | LB INDIA HLDGS MAURITIUS II LTD | M&L DENT INVESTMENTS PTY LTD | LB INTL. SERVICES INC. | LB INDIA HLDGS MAURITIUS I LTD | LUBS INC |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 6,249,977 | $ 30,144,188 | $ 33,273,582 | $ - | $ 36,477,484 | $ - | $ 40,437,284 | $ 3,227,711 | $ - | $ 54,481,224 |
| Class 4B | $ 22,138,036 | $ 53,778 | $ - | $ 34,274,526 | $ - | $ 30,279,747 | $ 892,353 | $ - | $ 53,792,762 | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ 11,000,262 | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ 4,132,783 | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | GLOBAL KOREA INVESTMENTS LTD | EAGLE HOLDINGS II INC | KARABOON COMPANY LIMITED | LEHMAN CMO INC. | THAI STRATEGIC ASSET FUND/ PTG | DYNAMO INVESTMENTS LIMITED | LUNAR CONSTELLATION LIMITED PARTNER | NB ART ADVISORY (NBART) | LBA FUNDING- CAYMAN LTD | LB (THAILAND)LIMITED PCO-NEWTHB |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 41,059 | $ 59,709 | $ 64,393 | $ 66,738 | $ - | $ 70,690 | $ - | $ 74,227 | $ 16,926 | $ 56,564 |
| Class 4B | $ - | $ - | $ - | $ - | $ 70,090 | $ - | $ 73,073 | $ - | $ 60,575 | $ 25,575 |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Debtor (Claim Obligor) | LEHMAN BROTHERS PACIFIC SERVICES | LB DELTA (CAYMAN) NO.1 LIMITED | LBS HOLDINGS SARL | LB GLOBAL INVESTMENTS LLC(DELAWARE) | REPE LBREP III LLC | CAISTOR TRADING BV | LB PRIVATE EQUITY ADVISERS LLC | LEHMAN INVESTMENTS INC. | STOCKHOLM INVESTMENTS LIMITED | LB 745 LEASECO I LLC |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 66,970,865 | $ - | $ 88,602,127 | $ 93,504,357 | $ 117,250,593 | $ 122,793,577 | $ 126,090,101 | $ 131,518,815 | $ 168,965,189 | $ 172,405,039 |
| Class 4B | $ 8,279,250 | $ 82,289,937 | $ - | $ - | $ - | $ 0 | $ 845,813 | $ 10,151,108 | $ 2,149,687 | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ 649,011 | $ 42,296,281 | $ 102,495 | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ 1,116,931 | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | MICT LIMITED | DIOGENES MGMT CO. INC. | CES AVIATION XI | SOUTHWESTERN FIRST CAPITAL LLC | CES AVIATION XII | GLOBAL THAI PROPERTY FUND | STAMFORD INVSTMENT REALTY INC. | BIRCH Y.K. | LB HY OPPORT KOREA INC | ELLIS ISLAND |
|---|---|---|---|---|---|---|---|---|---|---|
| **Lehman Brothers Holdings Inc.** | | | | | | | | | | |
| Class 4A | $ 2,100 | $ 91,394 | $ 98,306 | $ 0 | $ 109,394 | $ 110,555 | $ - | $ 23 | $ - | 134,274 |
| Class 4B | $ 86,540 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 125,402 | 6,113 |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |

| Debtor (Claim Obligor) | LBHK FUNDING (CAYMAN) NO. 1 LIMITED | RIBCO LLC | DL MORTGAGE CORP | LBAC HOLDINGS I INC. | LCPI PROPERTIES INC. | ALI INC. | LEHMAN BROTHERS GLOBAL SERVICES | LONG POINT FUNDING PTY LTD | SERAFINO INVESTMENTS PTY LIMITED | GTI TAIWAN LIMITED |
|---|---|---|---|---|---|---|---|---|---|---|
| **Lehman Brothers Holdings Inc.** | | | | | | | | | | |
| Class 4A | $ 178,369,589 | $ 268,513,401 | $ 271,976,307 | $ 348,039,948 | $ 731,664,303 | $ 3,498,794,092 | $ - | $ - | $ - | 1,011,335 |
| Class 4B | $ 42,491,250 | $ 0 | $ 101,841 | $ - | $ - | $ 140,406 | $ - | $ - | $ - | - |
| Class 8 | $ 51,373 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Special Financing Inc. | $ 214,054 | $ - | $ - | $ - | $ - | $ 585,023 | $ 5,260 | $ - | $ - | - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ 8,052 | $ - | $ - | - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ 1,198 | $ 4,585,884 | $ 5,201,848 | - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | CES AVIATION X | LEHCRED LLC | MAEWHA K-STARS LTD | SECURITY ASSURANCE ADVISERS II LP | LB OFFSHORE PARTNERS II LTD. | LEHMAN BROTHERS ASIAN INVESTMENTS | SAMUI HOTEL 1 COMPANY LIMITED | NEWARK PROPERTIES ONE INC | ASIA INDO OPPORTUNITY II LTD | LB RENAR LPTGA |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 148,557 | $ - | $ - | $ 945,457 | $ 180,342 | $ 5 | $ - | $ 216,873 | $ 1 | 237,418 |
| Class 4B | $ - | $ - | $ 163,979 | $ - | $ - | $ - | $ - | $ - | $ 222,049 | 1,346 |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation LLC | $ 7,097 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |

| Debtor (Claim Obligor) | LUXEMBOURG TRADING FINANCE S.A.R.L. | LEHMAN BROTHERS BANK | SELECT ASSET INC | PROPERTY ASSET MANAGEMENT INC | PAMI LLC | LEHMAN ABS CORP | LEHMAN BROTHERS BANCORP INC. | LEHMAN HOUSING CAPITAL INC. | LEHMAN STRUCTURED SECURITIES CORP | LEHMAN SYNDICATED LOANS INC. |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Class 4B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ 1,686 | $ - | $ - | $ - | - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Commercial Corporation | $ 3,915,000 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ 6,622 | $ - | $ - | $ 90,386,193 | $ 0 | $ 5,082,955 | $ 32,451 | 8,204,886 |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LUXCO | $ 593,398,140 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ 27 | $ - | $ - | $ - | - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ 31,297,880 | $ - | $ - | $ - | $ - | - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ 7,467,932 | $ - | $ - | $ - | $ - | - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ 9,656,919 | $ - | $ - | $ - | $ - | - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | - |

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | LB HONG KONG FUNDING L.P. | FALCON HOLDINGS IV INC. | FAMCO | LBHK FUNDING(CAYMAN)NO 2 LIMITED | E-VALUATE II GP LLC | LB EUROPE INC. | LEHMAN HOUSING LENDING CORP. | JAPAN INVESTMENT PARTNERSHIP HLGS | LEH BROTHERS HK OLYMPUS FUNDING LP | NB AGENCY (NBAGN) |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ 100,729 | $ 155,087 | $ 298,470 | $ 304,569 | $ 337,292 | $ - | $ 373,717 | $ 378,529 | $ 345,257 | $ 397,695 |
| Class 4B | $ - | $ 139,979 | $ - | $ - | $ - | $ - | $ - | $ - | $ 36,791 | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ - | $ 926 | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Debtor (Claim Obligor) | 314 COMMONWEALTH AVE. INC. | LBD YK | LEHMAN RISK ADVISORS INC. | APPALACHIAN ASSET MGT CORP | LB GLOBAL INVESTMENT CORP. INC | ABEL HEALTH VENTURE (LLC) | CES AVIATION II | 7TH AVENUE INC | TALLUS INC | PENTARING INC |
|---|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | | |
| Class 4A | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ 3,053,296 | $ 116,668 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ 7,043,446 | $ 107,014 | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ - | $ 812,732 | $ 2,065,982 | $ - | $ 1,000,000,000 | $ 34,105,697 | $ 206,187,307 |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ 214,035 | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | LB FINANCE JAPAN HEAD OFFICE | GKI COMMERCIAL REAL ESTATE 1 LTD | GL COMMERCIAL REAL ESTATE 1 LLC | LB ODC 2 | CAPITAL GROWTH INVESTMENTS LTD. | BROOKWOOD ENERGY & PROPERTIES INC | PICNIC 1 INC | LEHMAN BROTHERS/MBGP INC. | ACADIA RJV, LLC |
|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | |
| Class 4A | $ 467,159 | $ 0 | $ 482,410 | $ 510,258 | $ - | $ 592,363 | $ 632,789 | $ 688,174 | $ 851,872 |
| Class 4B | $ - | $ 471,039 | $ - | $ - | $ 200,920 | $ - | $ - | $ - | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ 384,533 | $ - | $ - | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - | $ - | $ - | $ 1,602,221 | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ 4,705 | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

| Debtor (Claim Obligor) | CES AVIATION III LLC | LB HERCULES HOLDINGS LLC | LB INVESTMENT MGMT COMPANY LTD | BROMLEY LLC | LB2 LIMITED | AEGIS FINANCE LLC | 737 PORTFOLIO TRUST | LB GPS LIGHTFOOT LLC | LB RE FINANCING NO. 2 LIMITED [1] |
|---|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Holdings Inc. | | | | | | | | | |
| Class 4A | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 4B | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Class 8 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ 6,790,721,227 |
| Lehman Brothers Special Financing Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commodity Services Inc. | $ - | $ 100,115 | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ 23 | $ 52,199,697 | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - | $ - | $ 1,046,359 | $ 425,000,000 | $ 2,869,007 | $ 120,201,809 | $ 13,400,000 | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LUXCO | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 745 LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation V LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| CES Aviation IX LLC | $ 420 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| East Dover Limited | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Merit LLC | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |

[1] These amounts supersede in all respects the proofs of Claims filed by such entities, and such proofs of Claim shall be disregarded. The net effect of the Claims of LB Re Financing No. 1 Limited and LB Re Financing No. 2 Limited between and among each other and LBHI was taken into account in the Recovery Analysis and Liquidation Analysis included in the Disclosure Statement

Schedule of Claims of Debtor-Controlled Entities

Debtor-Controlled Entity (Claimant)

| Debtor (Claim Obligor) | LB OPPORTUNITY HOLDING INC | LB OFFSHORE PARTNERS LTD. [1] |
|---|---|---|
| Lehman Brothers Holdings Inc. | | |
| Class 4A | $ 2,793 | $ - |
| Class 4B | $ 707,145 | $ - |
| Class 8 | $ - | $ - |
| Lehman Brothers Special Financing Inc. | $ - | $ 144,992 |
| Lehman Brothers Commodity Services Inc. | $ - | $ - |
| Lehman Brothers Commercial Corporation | $ - | $ - |
| Lehman Commercial Paper Inc. | $ - | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - | $ - |
| Lehman Brothers Financial Products Inc. | $ - | $ - |
| Lehman Brothers Derivative Products Inc. | $ - | $ - |
| LUXCO | $ - | $ - |
| LB 745 LLC | $ - | $ - |
| CES Aviation LLC | $ - | $ - |
| CES Aviation V LLC | $ - | $ - |
| CES Aviation IX LLC | $ - | $ - |
| Structured Asset Securities Corporation | $ - | $ - |
| East Dover Limited | $ - | $ - |
| Lehman Scottish Finance LP | $ - | $ - |
| LB Rose Ranch LLC | $ - | $ - |
| LB 2080 Kalakaua Owners LLC | $ - | $ - |
| BNC Mortgage LLC | $ - | $ - |
| LB Somerset LLC | $ - | $ - |
| LB Preferred Somerset LLC | $ - | $ - |
| PAMI Statler Arms LLC | $ - | $ - |
| Merit LLC | $ - | $ - |

| Debtor (Claim Obligor) | STRUCTURED ASSET SECURITIES CORP II |
|---|---|
| Lehman Brothers Holdings Inc. | |
| Class 4A | $ 849,350 |
| Class 4B | $ - |
| Class 8 | $ - |
| Lehman Brothers Special Financing Inc. | $ - |
| Lehman Brothers Commodity Services Inc. | $ - |
| Lehman Brothers Commercial Corporation | $ - |
| Lehman Commercial Paper Inc. | $ - |
| Lehman Brothers OTC Derivatives Inc. | $ - |
| Lehman Brothers Financial Products Inc. | $ - |
| Lehman Brothers Derivative Products Inc. | $ - |
| LUXCO | $ - |
| LB 745 LLC | $ - |
| CES Aviation LLC | $ - |
| CES Aviation V LLC | $ - |
| CES Aviation IX LLC | $ - |
| Structured Asset Securities Corporation | $ - |
| East Dover Limited | $ - |
| Lehman Scottish Finance LP | $ - |
| LB Rose Ranch LLC | $ - |
| LB 2080 Kalakaua Owners LLC | $ - |
| BNC Mortgage LLC | $ - |
| LB Somerset LLC | $ - |
| LB Preferred Somerset LLC | $ - |
| PAMI Statler Arms LLC | $ - |
| Merit LLC | $ - |

[1] These amounts supersede in all respects the proofs of Claims filed by such entities, and such proofs of Claim shall be disregarded.