# EXHIBIT 10

**July 2008 TEMPLATE**
**Basic Base + Bonus (Guaranteed) – New Hire**
**FOR EXEMPT EMPLOYEES ONLY**

[NAME]
[TITLE]


[DATE]


[NAME]
[ADDRESS]
[CITY, STATE, ZIP]

Dear [NAME]:

Congratulations on receiving your offer to join Lehman Brothers Inc. (the "Firm") as a [FUNCTIONAL TITLE] in the [NAME] Division, reporting initially to [MANAGER NAME]. [Your title of [TITLE] will be submitted for official approval by the Board of Directors as part of the next quarterly approval process.]  We expect your employment to begin on or about [DATE].

> **Comment:** For officer title (AVP, VP, SVP, MD) only.

For the performance year 2008 (your start date through November 30, 2008), your compensation will be as follows:

- An annualized base salary of $XXXXXX, payable in bi-weekly installments of $XXXXX.

- A bonus in the amount of $XXXXXX, less applicable deductions, payable at the time the Firm pays its annual 2008 bonus distribution (in or about January 2009).

For the performance year 2009 (December 1, 2008 through November 30, 2009), your compensation will be as follows:

- An annualized base salary of $XXXXXX, payable in bi-weekly installments of $XXXXX.

- A bonus in the amount of $XXXXXX, less applicable deductions, payable at the time the Firm pays its annual 2009 bonus distribution (in or about January 2010).

> **Comment:** For two-year guarantee only

Provided we have received your executed offer letter and you satisfactorily meet all pre-employment requirements, the Firm has agreed to advance you the amount of $XXXXX (less applicable taxes and withholding) against your $XXXXX bonus guarantee for performance year 2008, to be paid to you as soon as practicable following your start date with the Firm.  Your 2008 bonus guarantee shall be reduced by the full gross amount of this advance.  You agree to promptly repay the full gross amount of this payment if you resign for any reason or are terminated by the Firm for "Cause" (as defined below) prior to the date the Firm pays its annual 2008 bonus distribution.

> **Comment:** To be used if there is a bonus advance ONLY.

[NAME]
[DATE]
Page 2 of 5

The foregoing base salary will be paid for all periods of your active employment with the Firm in performance year[s] 2008 [and 2009]. The bonus amount[s] set forth above will be paid at the time[s] and in the amount[s] stated except that such bonus[es] will not be payable if you have failed to obtain and/or maintain in good standing all applicable licenses and registrations or if, before the date of scheduled payment, you have resigned or have been terminated from the Firm for Cause. For the purposes of this offer letter, "Cause" means a termination of your employment by the Firm because of any of the following: (i) misconduct, (ii) breach of Firm policies or rules, (iii) dishonesty, (iv) violation of laws or regulations, or (v) substantial and continuing failure to perform employment duties or obligations satisfactorily. The bonus amount[s] set forth above may be reduced in the event of an approved leave of absence during the applicable performance year.

At the Firm's discretion, a portion of your 2008 and future years' total compensation (combined base salary, bonus, and other compensation) will be payable in conditional equity awards (restricted stock units, options, and/or other equity-based awards) pursuant to the Firm's Equity Award Program or in such other non-cash form as may be provided pursuant to other Firm-sponsored programs that may be established by the Firm from time to time and generally in effect for employees at your level. The terms and conditions of the Equity Award Program, including terms and conditions relating to vesting, exercisability, and forfeiture, or any other Firm sponsored program will be established by the Firm from time to time in its discretion. With respect to your compensation guarantee for performance year 2008 only, the portion of your total compensation payable in conditional equity awards shall be governed by the terms and conditions of the 2008 Equity Award Program as summarized in the attached Summary of Select Material Terms, which provides the deferral and delivery schedules for such 2008 equity awards. [With respect to your 2009 bonus guarantee, the applicable deferral and delivery schedules will be provided to you no later than December 31, 2008. Except as outlined above with respect to the deferral and delivery schedules, all other terms and conditions of your 2009 equity awards (for example, vesting and termination provisions) will be the same as those generally applicable to employees at your level who receive a 2009 equity award.] For the avoidance of doubt, in the event your employment is terminated by the Firm without Cause before the payment in full of the guaranteed minimum bonus for performance year[s] 2008 [and 2009], you will be paid on the applicable bonus payment date[s] any unpaid guaranteed minimum bonus for such year[s], payable part in cash and part in conditional equity awards, and the disposition of the equity portion of such award shall be determined in accordance with the Equity Award Program as then in effect.

> **Comment:** Use only for employees with a **2009 Bonus Guarantee**.

In addition to the above compensation, provided we have received your executed offer letter and you satisfactorily meet all pre-employment requirements, the Firm will make you a special payment of $XXXXX, less applicable tax withholding and other deductions, as soon as practicable following your start date with the Firm. In the event your employment with the Firm ends for any reason within one year after your start date, you will be required promptly to repay the full amount of this special payment. The special payment described in this paragraph will not be considered part of your total compensation for purposes of the Firm's Equity Award Program.

> **Comment:** Include only if there is a special sign on payment. Other special payments (e.g., buyouts of non-equity based forfeitures, repayment obligations, etc.), should be inserted here.

2

[NAME]
[DATE]
Page 3 of 5

You have advised us that you will forfeit certain [PRIOR FIRM] [DESCRIBE WHAT IS BEING FORFEITED - OPTIONS, RESTRICTED STOCK, ETC.] as a result of your separation from [PRIOR FIRM] and subsequent employment by our Firm (the "Forfeited Awards"). Provided you fully comply with the documentation obligation set forth below no later than 60 days after your start date, and subject to final approval by the Compensation Committee of the Board of Directors (or its appropriate designee), Lehman Brothers Holdings Inc. ("LBHI") will grant you an award of Special Restricted Stock Units ("Special RSUs"), with a market value at the time of the award equivalent to the value of the Forfeited Awards. The valuation of the Forfeited Awards will be at LBHI's reasonable discretion, based (where applicable) on the average closing price of [PRIOR EMPLOYER] common stock for the five trading days immediately preceding your first day of employment. LBHI will make reasonable efforts to establish schedules for vesting and/or sales restrictions of your Special RSUs upon continued employment which are consistent with the corresponding schedules of the Forfeited Awards. Our current administrative practice is to set vesting (and/or share delivery) dates for the Special RSUs on the 15th of the month in which the related Forfeited Awards would have converted to freely tradable shares (or, in the case of options, become exercisable). It is your obligation to provide LBHI with documentation reasonably deemed necessary by LBHI to verify and evaluate the Forfeited Awards and to structure the Special RSU award. LBHI's Special RSU award will be made as of your first day of employment with the Firm and will be based on the closing price of LBHI common stock on the New York Stock Exchange on that day. In the event your employment with the Firm ends for any reason other than death, Disability (as defined in the LBHI Equity Award Program), or a termination by the Firm without Cause (as defined above), you will forfeit any Special RSUs that are not vested at the time of separation. If your employment is terminated by the Firm without Cause, any Special RSUs that are not vested at the time of separation will continue to vest and deliver on the regularly scheduled vesting dates, provided that you execute a Firm-standard release agreement, in accordance with then applicable Firm policy, and provided further that, through such vesting/delivery dates, you have not engaged in Detrimental Activity (as defined in the LBHI Equity Award Program). In the event of your death or Disability, your Special RSUs will vest in accordance with the terms of the LBHI Equity Award Program. Except as provided under this paragraph with respect to (x) pricing of the special RSUs, (y) schedules for vesting and/or sales restrictions of your Special RSUs upon continued employment and (z) forfeiture of your unvested Special RSUs upon separation from the Firm's employment, the terms of the LBHI Equity Award Program will govern your award of Special RSUs. For purposes of this paragraph, "LBHI Equity Award Program" refers to the award agreement for employees having your corporate title under LBHI's 2007 Equity Award Program. Notwithstanding any other provision of this paragraph, the Firm has discretion to replace the Forfeited Awards with cash in lieu of Special RSUs.

**Comment:** Include only if there is a buyout with stock. Review all buyouts with Compensation. Cash buyout would replace this language if appropriate.

All compensation payments described in this letter will be paid in accordance with our customary payroll practices, and will be subject to applicable payroll and income tax withholding and other applicable deductions. Your compensation for all periods after performance year 200X will be determined at the Firm's discretion.

While the foregoing compensation commitments will be honored on the terms outlined above, this letter is not a contract of continuing employment. Your employment by the Firm is for no fixed term, and either you or the Firm may terminate the employment relationship at any time for

any reason, subject to any applicable notice requirement. Currently, the Firm's notice policy requires officers of the Firm to provide 30 days' advance written notice of resignation, and provides for 30 days' advance notice by the Firm to its officers in the event of an involuntary termination under certain circumstances. In making this offer of employment, the Firm has relied on your representations (a) that you are not subject to any duty or obligation that would prevent you from becoming employed with us on your start date or that would in any way prevent you from performing the duties of your position, and (b) that you are not subject to any non-competition, non-solicitation or other restrictive covenant that might affect your employment by the Firm as contemplated by this letter.

Please understand that the terms and conditions of your employment by our Firm are governed by standard Firm policies. Among other things, this means that this offer of employment is conditional upon the successful completion of a background investigation, including reference, credit, criminal and other checks, as well as on your satisfactorily meeting all pre-employment requirements, including producing documentation to verify your identity and eligibility to work in the United States. [This also means that you must have and maintain in good standing all applicable licenses and registrations. If you are not registered at this time, we expect you to be registered at the earliest practical time, but in no event later than six (6) months following your date of employment.] Shortly, you will receive a memo indicating how to schedule pre-employment and complete any necessary paperwork. During pre-employment you will receive information regarding the Firm's policies and benefits in which you are eligible to participate. If you have any questions, please contact [NAME OF HR REP] at [TELEPHONE #].

**Comment:** Optional language if registration required.

You understand that this letter represents the complete agreement between you and the Firm with respect to your compensation and other matters addressed in this letter, and that this letter replaces any prior written or oral agreements or understandings.

4

[NAME], we are enthusiastic and pleased that you are going to be a part of our organization. Please confirm your agreement to the above by signing a copy of this letter in the space provided below, and returning it to [HR REP] in the enclosed envelope no later than [DATE]. An additional copy of this letter is enclosed for your files. Please contact me at [TELEPHONE #] if you have any additional questions or concerns.

Sincerely,


[NAME]
[TITLE]


I agree to and accept the terms described in this letter and further affirm that it is my intention to commence my employment on the start date described in this letter. I acknowledge that no representations were made to induce execution of this letter which are not expressly contained in this letter.


_____                    _____
[NAME]                                              Date

**July 2008 TEMPLATE**
**Total Comp (Guaranteed) – New Hire**
**FOR EXEMPT EMPLOYEES ONLY**

[NAME]
[TITLE]


[DATE]


[NAME]
[ADDRESS]
[CITY, STATE, ZIP]

Dear [NAME]:

Congratulations on receiving your offer to join Lehman Brothers Inc. (the "Firm") as a [FUNCTIONAL TITLE] in the [NAME] Division, reporting initially to [MANAGER NAME]. [Your title of [TITLE] will be submitted for official approval by the Board of Directors as part of the next quarterly approval process.]  We expect your employment to begin on or about [DATE]. <span style="color:green">**Comment:** For officer title (AVP, VP, SVP, MD) only.</span>

Your annualized base salary will be $XXXXXX, payable in bi-weekly installments of $XXXXXX.  For the 2008 performance year, you will be paid total compensation (including base salary) in an amount not less than $XXXXXXX, of which the bonus component will be payable at the time the Firm pays its annual 2008 bonus distribution (in or about January 2009). [For the 2009 performance year, you will be paid total compensation (including base salary) in an amount not less than $XXXXXXX, of which the bonus component will be payable at the time the Firm pays its annual 2009 bonus distribution (in or about January 2010).] <span style="color:green">**Comment:** For two year total comp guarantee only</span>

Provided we have received your executed offer letter and you satisfactorily meet all pre-employment requirements, the Firm has agreed to advance you the amount of $XXXXX (less applicable taxes and withholding) against the bonus portion of your $XXXXX total compensation guarantee for performance year 2008, to be paid to you as soon as practicable following your start date with the Firm.  The bonus portion of your 2008 total compensation guarantee shall be reduced by the full gross amount of this advance.  You agree to promptly repay the full gross amount of this payment if you resign for any reason or are terminated by the Firm for "Cause" (as defined below) prior to the date the Firm pays its annual 2008 bonus distribution. <span style="color:green">**Comment:** To be used if there is a bonus advance ONLY.</span>

The foregoing base salary will be paid for all periods of your active employment with the Firm in performance year[s] 2008 [and 2009].  Your total compensation for the 2008 [and 2009] performance year[s] will be paid provided you have worked full time, maintained in good standing all applicable licenses and registrations, and have not, before the applicable payment dates, resigned or been terminated from the Firm for Cause.  For the purposes of this offer letter, "Cause" means a termination of your employment by the Firm because of any of the following: (i) misconduct, (ii) breach of Firm policies or rules, (iii) dishonesty, (iv) violation of laws or regulations, or (v) substantial and continuing failure to perform employment duties or obligations

satisfactorily.  Your total compensation set forth above may be reduced in the event of an approved leave of absence during the applicable performance year.

At the Firm's discretion, a portion of your 2008 and future years' total compensation (combined base salary, bonus, and other compensation) will be payable in conditional equity awards (restricted stock units, options, and/or other equity-based awards) pursuant to the Firm's Equity Award Program or in such other non-cash form as may be provided pursuant to other Firm-sponsored programs that may be established by the Firm from time to time and generally in effect for employees at your level.  The terms and conditions of the Equity Award Program, including terms and conditions relating to vesting, exercisability, and forfeiture, or any other Firm sponsored program will be established by the Firm from time to time in its discretion.  The terms and conditions of the Equity Award Program, including terms and conditions relating to vesting, exercisability, and forfeiture, or any other Firm sponsored program will be established by the Firm from time to time in its discretion.  With respect to your compensation guarantee for performance year 2008 only, the portion of your total compensation payable in conditional equity awards shall be governed by the terms and conditions of the 2008 Equity Award Program as summarized in the attached Summary of Select Material Terms, which provides the deferral and delivery schedules for such 2008 equity awards.  [With respect to your 2009 total compensation guarantee, the applicable deferral and delivery schedules will be provided to you no later than December 31, 2008.  Except as outlined above with respect to the deferral and delivery schedules, all other terms and conditions of your 2009 equity awards (for example, vesting and termination provisions) will be the same as those generally applicable to employees at your level who receive a 2009 equity award.]  For the avoidance of doubt, in the event your employment is terminated by the Firm without Cause before the payment in full of the guaranteed total compensation for performance year[s] 2008 [and 2009], you will be paid on the applicable bonus payment date[s] any unpaid guaranteed total compensation for such year[s], payable part in cash and part in conditional equity awards, and the disposition of the equity portion of such award shall be determined in accordance with the Equity Award Program as then in effect.

> **Comment:** Use only for employees with a **2009 Total Compensation Guarantee**.

In addition to the above compensation, provided we have received your executed offer letter and you satisfactorily meet all pre-employment requirements, the Firm will make you a special payment of $XXXXX, less applicable tax withholding and other deductions, as soon as practicable following your start date with the Firm.  In the event your employment with the Firm ends for any reason within one year after your start date, you will be required promptly to repay the full amount of this special payment.  The special payment described in this paragraph will not be considered part of your total compensation for purposes of the Firm's Equity Award Program.

> **Comment:** Include only if there is a special sign on payment.  Other special payments (e.g., buyouts of non-equity based forfeitures, repayment obligations, etc.), should be inserted here.

You have advised us that you will forfeit certain [PRIOR FIRM] [DESCRIBE WHAT IS BEING FORFEITED - OPTIONS, RESTRICTED STOCK, ETC.] as a result of your separation from [PRIOR FIRM] and subsequent employment by our Firm (the "Forfeited Awards").  Provided you fully comply with the documentation obligation set forth below no later than 60 days after your start date, and subject to final approval by the Compensation Committee of the Board of Directors (or its appropriate designee), Lehman Brothers Holdings Inc. ("LBHI") will grant you

an award of Special Restricted Stock Units ("Special RSUs"), with a market value at the time of the award equivalent to the value of the Forfeited Awards. The valuation of the Forfeited Awards will be at LBHI's reasonable discretion, based (where applicable) on the average closing price of [PRIOR EMPLOYER] common stock for the five trading days immediately preceding your first day of employment. LBHI will make reasonable efforts to establish schedules for vesting and/or sales restrictions of your Special RSUs upon continued employment which are consistent with the corresponding schedules of the Forfeited Awards. Our current administrative practice is to set vesting (and/or share delivery) dates for the Special RSUs on the 15th of the month in which the related Forfeited Awards would have converted to freely tradable shares (or, in the case of options, become exercisable). It is your obligation to provide LBHI with documentation reasonably deemed necessary by LBHI to verify and evaluate the Forfeited Awards and to structure the Special RSU award. LBHI's Special RSU award will be made as of your first day of employment with the Firm and will be based on the closing price of LBHI common stock on the New York Stock Exchange on that day. In the event your employment with the Firm ends for any reason other than death, Disability (as defined in the LBHI Equity Award Program), or a termination by the Firm without Cause (as defined above), you will forfeit any Special RSUs that are not vested at the time of separation. If your employment is terminated by the Firm without Cause, any Special RSUs that are not vested at the time of separation will continue to vest and deliver on the regularly scheduled vesting dates, provided that you execute a Firm-standard release agreement, in accordance with then applicable Firm policy, and provided further that, through such vesting/delivery dates, you have not engaged in Detrimental Activity (as defined in the LBHI Equity Award Program). In the event of your death or Disability, your Special RSUs will vest in accordance with the terms of the LBHI Equity Award Program. Except as provided under this paragraph with respect to (x) pricing of the special RSUs, (y) schedules for vesting and/or sales restrictions of your Special RSUs upon continued employment and (z) forfeiture of your unvested Special RSUs upon separation from the Firm's employment, the terms of the LBHI Equity Award Program will govern your award of Special RSUs. For purposes of this paragraph, "LBHI Equity Award Program" refers to the award agreement for employees having your corporate title under LBHI's 2007 Equity Award Program. Notwithstanding any other provision of this paragraph, the Firm has discretion to replace the Forfeited Awards with cash in lieu of Special RSUs.

**Comment:** Include only if there is a buyout with stock. Review all buyouts with Compensation. Cash buyout would replace this language if appropriate.

All compensation payments described in this letter will be paid in accordance with our customary payroll practices, and will be subject to applicable payroll and income tax withholding and other applicable deductions. Your compensation for all periods after performance year 200X will be determined at the Firm's discretion.

While the foregoing compensation commitments will be honored on the terms outlined above, this letter is not a contract of continuing employment. Your employment by the Firm is for no fixed term, and either you or the Firm may terminate the employment relationship at any time for any reason, subject to any applicable notice requirement. Currently, the Firm's notice policy requires officers of the Firm to provide 30 days' advance written notice of resignation, and provides for 30 days' advance notice by the Firm to its officers in the event of an involuntary termination under certain circumstances. In making this offer of employment, the Firm has relied on your representations (a) that you are not subject to any duty or obligation that would prevent you from becoming employed with us on your start date or that would in any way

3

[NAME]
[DATE]
Page 4 of 4

prevent you from performing the duties of your position, and (b) that you are not subject to any non-competition, non-solicitation or other restrictive covenant that might affect your employment by the Firm as contemplated by this letter.

Please understand that the terms and conditions of your employment by our Firm are governed by standard Firm policies. Among other things, this means that this offer of employment is conditional upon the successful completion of a background investigation, including reference, credit, criminal and other checks, as well as on your satisfactorily meeting all pre-employment requirements, including producing documentation to verify your identity and eligibility to work in the United States. [This also means that you must have and maintain in good standing all applicable licenses and registrations. If you are not registered at this time, we expect you to be registered at the earliest practical time, but in no event later than six (6) months following your date of employment.] Shortly, you will receive a memo indicating how to schedule pre-employment and complete any necessary paperwork. During pre-employment you will receive information regarding the Firm's policies and benefits in which you are eligible to participate. If you have any questions, please contact [NAME OF HR REP] at [TELEPHONE #].

**Comment:** Optional language if registration required.

You understand that this letter represents the complete agreement between you and the Firm with respect to your compensation and other matters addressed in this letter, and that this letter replaces any prior written or oral agreements or understandings.

[NAME], we are enthusiastic and pleased that you are going to be a part of our organization. Please confirm your agreement to the above by signing a copy of this letter in the space provided below, and returning it to [HR REP] in the enclosed envelope no later than [DATE]. An additional copy of this letter is enclosed for your files. Please contact me at [TELEPHONE #] if you have any additional questions or concerns.

Sincerely,



[NAME]
[TITLE]

I agree to and accept the terms described in this letter and further affirm that it is my intention to commence my employment on the start date described in this letter. I acknowledge that no representations were made to induce execution of this letter which are not expressly contained in this letter.

_____        _____
[NAME]                                                          Date

**July 2008 TEMPLATE**
**Basic Letter Bonus NOT Guaranteed – New Hire**

[NAME]
[TITLE]

[DATE]

[NAME]
[ADDRESS]
[CITY, STATE, ZIP]

Dear [NAME]:

Congratulations on receiving your offer to join Lehman Brothers Inc. (the "Firm") as a [FUNCTIONAL TITLE] in the [NAME] Division, reporting initially to [MANAGER NAME]. [Your title of [TITLE] will be submitted for official approval by the Board of Directors as part of the next quarterly approval process.]  We expect your employment to begin on or about [DATE].

> **Comment:** For officer title (AVP, VP, SVP, MD) only.

For all periods of your active employment with the Firm during performance year 2008 (your start date through November 30, 2008), you will be paid an annualized salary of $XXXXXX, payable in bi-weekly installments of $XXXXX.  You may also be eligible to participate in the Firm's discretionary bonus program.  To be eligible to receive any payment under this program, you must be employed by the Firm at the time bonuses are paid for the performance year (on or about January 31, 2009).

In addition, provided we have received a fully executed copy of this letter and you satisfactorily meet all pre-employment requirements, the Firm has agreed to advance you the amount of $XXXXX (less applicable taxes and withholding) against your bonus for performance year 2008, to be paid to you as soon as practicable following your start date with the Firm.  You agree to promptly repay the full gross amount of this payment if your employment with the Firm ends for any reason prior to the date the Firm pays its annual 2008 bonus distribution.

> **Comment:** Use only if there is a bonus advance

At the Firm's discretion, a portion of your 2008 and future years' total compensation (combined base salary, bonus, and other compensation) will be payable in conditional equity awards (restricted stock units, options, and/or other equity-based awards) pursuant to the Firm's Equity Award Program or other Firm sponsored programs that may be established by the Firm from time to time and as then generally in effect for employees at your level.  The terms and conditions of the Equity Award Program, including terms and conditions relating to vesting, exercisability, and forfeiture, or any other Firm sponsored program will be established by the Firm from time to time in its discretion.  With respect to the portion of your total compensation payable in conditional equity awards for performance year 2008 only, attached for your information is a Summary of Select Material Terms.

[NAME]
[DATE]
Page 2 of 4

In addition to the above compensation, provided we have received your executed offer letter and you satisfactorily meet all pre-employment requirements, the Firm will make you a special payment of $XXXXX, less applicable tax withholding and other deductions, as soon as practicable following your start date with the Firm. In the event your employment with the Firm ends for any reason within one year after your start date, you will be required promptly to repay the full amount of this special payment. The special payment described in this paragraph will not be considered part of your total compensation for purposes of the Firm's Equity Award Program.

**Comment:** Include only if there is a special sign on payment. Other special payments (e.g., buyouts of non-equity based forfeitures, repayment obligations, etc.), should be inserted here.

You have advised us that you will forfeit certain [PRIOR FIRM] [DESCRIBE WHAT IS BEING FORFEITED - OPTIONS, RESTRICTED STOCK, ETC.] as a result of your separation from [PRIOR FIRM] and subsequent employment by our Firm (the "Forfeited Awards"). Provided you fully comply with the documentation obligation set forth below no later than 60 days after your start date, and subject to final approval by the Compensation Committee of the Board of Directors (or its appropriate designee), Lehman Brothers Holdings Inc. ("LBHI") will grant you an award of Special Restricted Stock Units ("Special RSUs"), with a market value at the time of the award equivalent to the value of the Forfeited Awards. The valuation of the Forfeited Awards will be at LBHI's reasonable discretion, based (where applicable) on the average closing price of [PRIOR EMPLOYER] common stock for the five trading days immediately preceding your first day of employment. LBHI will make reasonable efforts to establish schedules for vesting and/or sales restrictions of your Special RSUs upon continued employment which are consistent with the corresponding schedules of the Forfeited Awards. Our current administrative practice is to set vesting (and/or share delivery) dates for the Special RSUs on the 15th of the month in which the related Forfeited Awards would have converted to freely tradable shares (or, in the case of options, become exercisable). It is your obligation to provide LBHI with documentation reasonably deemed necessary by LBHI to verify and evaluate the Forfeited Awards and to structure the Special RSU award. LBHI's Special RSU award will be made as of your first day of employment with the Firm and will be based on the closing price of LBHI common stock on the New York Stock Exchange on that day. In the event your employment with the Firm ends for any reason other than death, Disability (as defined in the LBHI Equity Award Program), or a termination by the Firm without Cause (as defined above or, in the absence of such definition, as defined in the LBHI Equity Award Program), you will forfeit any Special RSUs that are not vested at the time of separation. If your employment is terminated by the Firm without Cause, any Special RSUs that are not vested at the time of separation will continue to vest and deliver on the regularly scheduled vesting dates, provided that you execute a Firm-standard release agreement, in accordance with then applicable Firm policy, and provided further that, through such vesting/delivery dates, you have not engaged in Detrimental Activity (as defined in the LBHI Equity Award Program). In the event of your death or Disability, your Special RSUs will vest in accordance with the terms of the LBHI Equity Award Program. Except as provided under this paragraph with respect to (x) pricing of the special RSUs, (y) schedules for vesting and/or sales restrictions of your Special RSUs upon continued employment and (z) forfeiture of your unvested Special RSUs upon separation from the Firm's employment, the terms of the LBHI Equity Award Program will govern your award of Special RSUs. For purposes of this paragraph, "LBHI Equity Award Program" refers to the award agreement for employees having your corporate title under LBHI's 2007 Equity Award Program.

[NAME]
[DATE]
Page 3 of 4

Notwithstanding any other provision of this paragraph, the Firm has discretion to replace the Forfeited Awards with cash in lieu of Special RSUs.

> **Comment:** Include only if there is a buyout with stock. Review all buyouts with Compensation. Cash buyout would replace this language if appropriate.

All compensation payments described in this letter will be paid in accordance with our customary payroll practices, and will be subject to applicable payroll and income tax withholding and other applicable deductions. Your compensation for all periods after performance year 2008 will be determined at the Firm's discretion.

While the foregoing compensation commitments will be honored on the terms outlined above, this letter is not a contract of continuing employment. Your employment by the Firm is for no fixed term, and either you or the Firm may terminate the employment relationship at any time for any reason, subject to any applicable notice requirement. Currently, the Firm's notice policy requires officers of the Firm to provide 30 days' advance written notice of resignation, and provides for 30 days' advance notice by the Firm to its officers in the event of an involuntary termination under certain circumstances. In making this offer of employment, the Firm has relied on your representations (a) that you are not subject to any duty or obligation that would prevent you from becoming employed with us on your start date or that would in any way prevent you from performing the duties of your position, and (b) that you are not subject to any non-competition, non-solicitation or other restrictive covenant that might affect your employment by the Firm as contemplated by this letter.

> **Comment:** Include only for VP and above.

Please understand that the terms and conditions of your employment by our Firm are governed by standard Firm policies. Among other things, this means that this offer of employment is conditional upon the successful completion of a background investigation, including reference, credit, criminal and other checks, as well as on your satisfactorily meeting all pre-employment requirements, including producing documentation to verify your identity and eligibility to work in the United States. [This also means that you must have and maintain in good standing all applicable licenses and registrations. If you are not registered at this time, we expect you to be registered at the earliest practical time, but in no event later than six (6) months following your date of employment.]Shortly, you will receive a memo indicating how to schedule pre-employment and complete any necessary paperwork. During pre-employment you will receive information regarding the Firm's policies and benefits in which you are eligible to participate. If you have any questions, please contact [NAME OF HR REP] at [TELEPHONE #].

> **Comment:** Optional language if registration required.

[NAME]
[DATE]
Page 4 of 4

You understand that this letter represents the complete agreement between you and the Firm with respect to your compensation and other matters addressed in this letter, and that this letter replaces any prior written or oral agreements or understandings.

[NAME], we are enthusiastic and pleased that you are going to be a part of our organization. Please confirm your agreement to the above by signing a copy of this letter in the space provided below, and returning it to [HR REP] in the enclosed envelope no later than [DATE]. An additional copy of this letter is enclosed for your files. Please contact me at [TELEPHONE #] if you have any additional questions or concerns.

Sincerely,


[NAME]
[TITLE]


I agree to and accept the terms described in this letter and further affirm that it is my intention to commence my employment on the start date described in this letter. I acknowledge that no representations were made to induce the execution of this letter which are not expressly contained in this letter.

_____                    _____
[NAME]                                             Date