# EXHIBIT 12

# Guth, Aaron J

| | |
|---|---|
| **From:** | Gelband, Michael |
| **Sent:** | Monday, February 27, 2006 5:57 PM |
| **To:** | Guth, Aaron J |
| **Subject:** | RE: LBSF Election Consent/Bank Account Corp Borrowing Resolutions |

---

| | |
|---|---|
| **From:** | Guth, Aaron J |
| **Sent:** | Monday, February 27, 2006 4:56 PM |
| **To:** | Amin, Kaushik; Nagpal, Ajay; Gelband, Michael |
| **Cc:** | Cabral, Kathy; Mallette, Ledeanne; Flaquer, Lillian |
| **Subject:** | LBSF Election Consent/Bank Account Corp Borrowing Resolutions |

Please see the below attached Electronic Unanimous Written Consent of the Board of Directors of Lehman Brothers Special Financing Inc., for your review and approval.

If you approve, please type an X on the consent line next to your name then click 'Reply' and 'Send.' A physical signature is no longer required.
If you have any questions or comments, please contact me at 212 526 1978 or at aguth@lehman.com. Thank you.

---

## UNANIMOUS ELECTRONIC CONSENT

## OF THE BOARD OF DIRECTORS OF

## Lehman Brothers Special Financing Inc.

The undersigned, being all of the members of the Board of Directors of Lehman Brothers Special Financing Inc.

a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous electronic consent in lieu of a meeting, in accordance with

Section 141(f) of the General Corporation Law of the State of Delaware:

<u>Annual Elections</u>

**RESOLVED**, that the individuals listed below be elected as officers of the Corporation in the capacities indicated, to serve at the pleasure of the Board of Directors until the next annual meeting of the Board of Directors of the Corporation or action in lieu thereof and until their successors have been elected and have qualified; provided that all officerships of any such person shall immediately cease without the necessity or acceptance of a resignation or relinquishment in the event that such person ceases to be employed by at least one of Lehman Brothers Holdings Inc. (or its successor) or any of its subsidiaries or the Corporation, whether by death, retirement, termination with or without cause or otherwise, and any other person heretofore elected an officer of the Corporation not listed below, or elected to an office not listed below, shall no longer be an officer of the Corporation or hold any office not listed below:

Michael Gelband- Chief Executive Officer
.evin J Hayes- Chief Financial Officer
Michael Gelband- President

1

Kaushic Amin-Managing Director
James Ballantine-Managing Director
Rene Canezin- Managing Director
Michael A. Carter- Managing Director
Tom Corcoran- Managing Director
Paul Feidelson- Managing Director
Eric Felder- Managing Director
Ping Feng- Managing Director
Sandy Fleischman- Managing Director
John Gallo- Managing Director
Mohammed Grimeh- Managing Director
Steve Hannan-Managing Director
Jim Iorio- Managing Director
Gary M. Killian- Managing Director
Alex Kirk - Managing Director
Jeff Michaels- Managing Director
Carolos M. Manalac- Managing Director
John C. Nicholson- Managing Director
Fred Orlan -Managing Director
Rick Rieder-Managing Director
Dan Rothman - Managing Director
James Seery-Managing Director
Gregory Shlionsky- Managing Director
Daniel Singer- Managing Director
Gordon Sweeley- Managing Director
Bradley C. Tank- Managing Director
Kentaro Umezaki- Managing Director
Stephen Vena- Managing Director
Christian Wait- Managing Director
Scott Willoughby- Managing Director
Mark Zusy- Managing Director
Allyson Carine- Senior Vice President
David A Deutsch- Senior Vice President
Dean G. DuMonthier- Senior Vice President
Zdenka Griswold- Senior Vice President
Robert Guglielmo- Senior Vice President
Paul Puskuldjian- Senior Vice President
Michael Whang- Senior Vice President
Steve Lukow-Senior Vice President
Stephen Zwick- Senior Vice President
Lorna Brown - Vice President
Jaqueline Didier-Vice President
Meghan Eicher- Vice President
Miki Herrick-Vice President
Coutney Jenkins- Vice President
Anatoly Kozlov-Vice President
Miriam Montalvo-Vice President
Dean Marsan- Vice President
Dina Masterpalo-Harris- Vice President
Thomas Vogel-Vice President
Christopher O'Meara- Controller

2

Edward S. Grieb- Assistant Controller
Jeffrey A. Welikson- Secretary/Vice President
Karen Corrigan- Vice President/Assistant Secretary
James J. Killerlane-Vice President/Assistant Secretary
Barrett S. DiPaolo- Vice President/Assistant Secretary
Rashid Alvi-Vice President/Assistant Secretary
Madeline Shapiro- Assistant Secretary
Jin Lee- Assistant Secretary
Aaron Guth-Assistant Secretary
Anna Walters- Assistant Secretary
Paolo Tonucci- Co-Treasurer
Heidemarie Echtermann- Co-Treasurer
Nahill Younis- Assistant Treasurer
Barry J. O'Brien- Vice President/Assistant Treasurer
Joseph Monico- Vice President/Assistant Treasurer
Anthony J. Taranto- Vice President/Assistant Treasurer
Janet Birney-Assistant Treasurer
Jennifer Fitzgibbon- Assistant Treasurer


Bank Accounts, Clearing Corporations, Depositories, Central Certificate Services

   **RESOLVED**, that the persons holding the following functional positions within the Corporation's ultimate parent, Lehman Brothers Holdings Inc: Global CEO, Global CAO, Global CFO, Head of International Finance, Asia CFO, Global Treasurer, International Treasurer, European Treasurer, Asia Treasurer, Global Head of Creditor Relations, Global Head of Network Management, Global Head of Asset Liability Management, Global Head of Cash and Collateral Management, Regional Head of Treasury Strategy, Regional Head of Creditor Relations – Asia, Regional Head of Creditor Relations – Europe, Regional Head of Creditor Relations – Americas, Regional Head of Network Management – Asia, Regional Head of Network Management – Europe, Regional Head of Network Management – Americas, Regional Head of Asset Liability Management – Asia, Regional Head of Asset Liability Management – Europe, Regional Head of Asset Liability Management – Americas, Regional Head of Cash and Collateral Management – Asia, Regional Head of Cash and Collateral Management – Europe, Regional Head of Cash and Collateral Management – Americas are hereby named Authorized Officers (each an "**Authorized Officer**");

   **FURTHER RESOLVED**, that any two Authorized Officers are hereby authorized to delegate, and terminate the delegation of, their authority hereunder (other than the power to further delegate or terminate the delegation of authority), to additional individuals (each an "**Additional Authorized Signatory**"; and each Authorized Officer and Additional Authorized Signatory, an "**Authorized Signatory**");

   **FURTHER RESOLVED**, that any two Authorized Officers are hereby authorized to delegate, and terminate the delegation of, some or all of their authority hereunder (other than the power to further delegate or terminate the delegation of authority) as set forth in a certificate specifying the scope of the delegation, to additional individuals (each a "**Restricted Scope Signatory**", and each such Restricted Scope Signatory, to the extent of the delegated authority (and solely to that extent), an "**Authorized Signatory**");

   **FURTHER RESOLVED,** that any two Authorized Signatories are hereby authorized to open, maintain or close cash, securities, commodities, and other financial instruments, settlement and custody agency arrangements and related accounts (the "**Account(s)**") from time to time with such bank or banks or other financial institutions as they shall approve (hereinafter referred to as the "**Bank**") for and in the name of this Corporation with such title or titles for such Account(s) as they designate;

3

**FURTHER RESOLVED**, that any two Authorized Signatories are hereby authorized to execute any agreements or undertakings, general or specific, including, but not limited to the placement of liens or charges and the granting of rights and powers upon any property of the Corporation; execute other agreements and undertakings as security for the payment of loans, advances, indebtedness, and liabilities (whether contingent or actual) of the Corporation; pledge, charge, hypothecate, mortgage, assign or transfer any other instruments which may be necessary or desirable in connection with the requirements of opening and/or maintaining Account arrangements with the Bank in question;

**FURTHER RESOLVED**, that any two Authorized Officers are hereby authorized to conduct the exchange of authentication arrangements between the Banks and the Corporation;

**FURTHER RESOLVED**, that the Bank is authorized to accept for deposit to an Account for credit or for collection or otherwise any and all checks, drafts, notes and other instruments made payable to the Corporation whether or not endorsed by or on behalf of the Corporation; provided that Bank is not authorized to accept for collection or otherwise any checks, drafts, notes and other instruments made payable to an Authorized Signatory authorizing or endorsing such instrument;

**FURTHER RESOLVED**, that any instruction or advice made or received over any Account established in the name of the Corporation held with a Bank, as defined herein, shall be relied upon when made in accordance with the following requirements:

i) Through an authenticated message received from the Bank by the Corporation, or to the Bank from the Corporation through an electronic/telecommunication link, provided that such instructions are governed by mutually acceptable authenticator keys.
ii) Through letter(s), order(s) for receipt and payment of cash and/or monies or other mutually acceptable instruction(s) relating to any asset or liability, contingent or otherwise, held in the relevant Account with the Bank, all made and received in the original, addressed from the Corporation to the Bank and manually signed by any two Authorized Signatories.
iii) Through order(s) for the delivery and receipt of securities, order(s) for the execution of corporate actions and other rights specifically related to securities held in the Account, addressed from the Corporation to the Bank and signed by two Authorized Signatories.

**FURTHER RESOLVED**, that the Bank is hereby authorized to honor all such checks, drafts, notes and other instruments, and any such instruction or advice made or received, in each case when in accordance with the two foregoing resolutions, including such as may bring about any overdraft by the Corporation, without any enquiry as to the circumstances of the issuance or to the disposition of the proceeds thereof;

**FURTHER RESOLVED**, that any two Authorized Signatories are hereby authorized to cause the Corporation or any of its subsidiaries to apply to and to become a member of or be approved by, and to trade through and otherwise deal with any clearing corporations, depositories, central certificate services and other entities that assist in brokerage operations;

**FURTHER RESOLVED**, that if an office is held by more than one person, each person holding such office shall serve as a co-officer (with the appropriate corresponding title) and shall have general authority, individually and without the need for any action by any other co-officer, to exercise all of the powers of the holder of such office of the Corporation;

**FURTHER RESOLVED**, that these resolutions shall be deemed the binding agreement of the Corporation, and the receiver of these resolutions is authorized to rely upon these resolutions as constituting such a binding agreement until it has received notice in writing of a change in such resolutions, or notice in

4

writing signed by two Authorized Officers revoking authority granted to any person under these resolutions;

**FURTHER RESOLVED,** that Exhibit I-A attached hereto identifies each of the individuals who are Authorized Officers of the Corporation. Exhibit I-B attached hereto identifies each of the individuals who have een elected as Additional Authorized Signatories of the Corporation. Exhibit I-C attached hereto identifies each of the individuals who have been elected as Restricted Scope Signatories of the Corporation, as well as the scope of the authority delegated to them;

**FURTHER RESOLVED,** that Exhibit II attached hereto contains a true and correct specimen signature of each Authorized Signatory and a true and correct reproduction of the facsimile of the Chief Executive Officer of the Corporation; and

**FURTHER RESOLVED,** that the proper officers of the Corporation are each hereby authorized and directed to take and do and cause the Corporation's subsidiaries to take and do all actions and things, including the execution, delivery and filing of agreements and/or amendments thereto as well as any other instruments and documents as such officers deem necessary, appropriate or desirable to carry out the purpose and intent of the preceding resolutions.

Corporate Borrowing

**RESOLVED,** that the persons holding the following functional positions within the Corporation's ultimate parent, Lehman Brothers Holdings Inc: Global CEO, Global CAO, Global CFO, Head of International Finance, Asia CFO, Global Treasurer, International Treasurer, European Treasurer, Asia Treasurer, Global Head of Creditor Relations, Global Head of Network Management, Global Head of Asset Liability Management, Global Head of Cash and Collateral Management, Regional Head of Treasury Strategy, Regional Head of reditor Relations – Asia, Regional Head of Creditor Relations – Europe, Regional Head of Creditor Relations – Americas, Regional Head of Network Management – Asia, Regional Head of Network Management – Europe, Regional Head of Network Management – Americas, Regional Head of Asset Liability Management – Asia, Regional Head of Asset Liability Management – Europe, Regional Head of Asset Liability Management – Americas, Regional Head of Cash and Collateral Management – Asia, Regional Head of Cash and Collateral Management – Europe, Regional Head of Cash and Collateral Management – Americas, are hereby named Authorized Officers (each, an "**Authorized Officer**");

**FURTHER RESOLVED,** that any two Authorized Officers are hereby authorized to delegate, and terminate the delegation of, their authority hereunder (other than the power to further delegate or terminate the delegation of authority), to additional individuals [that hold the office of Vice President or higher] (each an "**Additional Authorized Signatory**"; and each Authorized Officer and Additional Authorized Signatory, an "**Authorized Signatory**");

**FURTHER RESOLVED,** that any two Authorized Officers are hereby authorized to delegate, and terminate the delegation of, some or all of their authority hereunder (other than the power to further delegate or terminate the delegation of authority) as set forth in a certificate specifying the scope of the delegation, to additional individuals (each a "**Restricted Scope Signatory**", and each such Restricted Scope Signatory, to the extent of the delegated authority (and solely to that extent), an "**Authorized Signatory**");

**FURTHER RESOLVED,** that any two Authorized Signatories are hereby authorized to effect loans and advances at any time for the Corporation with such lender(s) or other financial institutions (each a "**Lender(s)**") ith whom the Corporation is establishing such relationships as they may from time to time determine, and in connection with such loans and advances, to make, execute and deliver Promissory Notes, Master Notes, and

5

other written obligations or evidences of indebtedness of the Corporation, applications for letters of credit, and any agreements or undertakings, general or specific, giving liens or charges on and rights and powers with respect to any property of the Corporation, and other agreements and undertakings as security for the payment of loans, advances, indebtedness, and liabilities (whether contingent or actual) of the Corporation, to pledge, charge, hypothecate, mortgage, assign, transfer, endorse and deliver property of any description, real or personal, and any interest in evidences thereof at any time held by the Corporation, and to execute instruments of transfer, and other instruments which may be necessary or desirable in connection therewith;

**FURTHER RESOLVED**, that any two Authorized Signatories are hereby authorized to sell to or discount with the Lender(s) commercial paper, bills receivable, accounts receivable and other instruments and evidences of debt at any time held by the Corporation, and to that end to endorse, assign, transfer and deliver the same, and also to give any orders or consents for the delivery, sale, exchange or other disposition of any property or interest therein or evidences thereof belonging to the Corporation and at any time in the hands of the Lender(s) whether as collateral or otherwise (along with the transactions described in the previous paragraph, collectively, the "**Financing Transactions**");

**FURTHER RESOLVED,**

i) that any two Authorized Signatories are hereby authorized to effect draw-downs of loans and advances in the name of the Corporation through verbal telephonic communications, provided that any funds drawn are remitted only to the order of the Corporation;

ii) that any two Authorized Signatories are hereby authorized to effect deposits and/or placements of cash at any time for the Corporation or for the Corporation's clients (in which case such deposits and/or placements will be clearly designated as being deposits or placements of "segregated client funds" according to the applicable Client Money Rules of the relevant regulator(s)) which the Authorized Signatories may from time to time determine;

iii) that any two Authorized Signatories are hereby authorized to effect other types of Financing Transactions (including, but not restricted to: repurchase and buy and/or sell back transactions outside the normal course of trading; warrant transactions; contract for difference transactions; stock borrowing and loan transactions; asset swap, total return swap, interest rate swap and currency swap transactions; foreign exchange transactions; forward rate agreements; interest rate and foreign exchange option and futures transactions) at any time for the Corporation with such counterparty(ies) as such Authorized Signatories may from time to time determine;

iv) that any two Authorized Signatories are hereby authorized to effect any borrowings, deposits, placements or other financing transactions via Reuters dealing systems, Telex or such other mutually agreeable communications mechanism, provided that all funds to be received by the Corporation are remitted solely to the order of the Corporation; and

v) that any printed confirmations of such borrowings, deposits, placements, or Financing Transactions do not require a written signature.

**FURTHER RESOLVED**, that if an office is held by more than one person, each person holding such office shall serve as a co-officer (with the appropriate corresponding title) and shall have general authority, individually and without the need for any action by any other co-officer, to exercise all of the powers of the holder of such office of the Corporation;

**FURTHER RESOLVED**, that these resolutions shall be deemed the binding agreement of the Corporation, and the receiver of these resolutions is hereby authorized to rely upon these resolutions as constituting such a binding agreement until it has received notice in writing of a change in such resolutions, or notice in writing signed by two Authorized Officers revoking authority granted to any person under these solutions;

6

**FURTHER RESOLVED,** that Exhibit I-A attached hereto identifies each of the individuals who are Authorized Officers of the Corporation. Exhibit I-B attached hereto identifies each of the individuals who have been elected as Additional Authorized Signatories of the Corporation. Exhibit I-C attached hereto identifies each of the individuals who have been elected as Restricted Scope Signatories of the Corporation, as well as the scope of the authority delegated to them;

**FURTHER RESOLVED** that Exhibit II attached hereto contains a true and correct specimen signature of each Authorized Signatory and a true and correct reproduction of the facsimile of the Chief Executive Officer of the Corporation; and

**FURTHER RESOLVED,** that the proper officers of the Corporation are each hereby authorized and directed to take and do and cause the Corporation's subsidiaries to take and do all actions and things, including the execution, delivery and filing of agreements and/or amendments thereto as well as any other instruments and documents as such officers deem necessary, appropriate or desirable to carry out the purpose and intent of the preceding resolutions.

## EXHIBIT I-A

## AUTHORIZED SIGNATORIES

**Functional Title**
Global CEO
Global CFO
Global CAO
Head of International Finance
Asia CFO
Global Treasurer
International Treasurer
European Treasurer
Asia Treasurer
Global Head of Creditor Relations
Global Head of Network Management
Global Head of Asset Liability Management
Global Head of Cash and Collateral Management
Regional Head of Treasury Strategy
Regional Head of Creditor Relations – Asia
Regional Head of Creditor Relations – Europe
Regional Head of Creditor Relations – Americas
Regional Head of Network Management – Asia
Regional Head of Network Management – Europe
Regional Head of Network Management – Americas
Regional Head of Asset Liability Management – Asia
Regional Head of Asset Liability Management – Europe
Regional Head of Asset Liability Management – Americas
Regional Head of Cash and Collateral Management – Asia
Regional Head of Cash and Collateral Management – Europe
Regional Head of Cash and Collateral Management – Americas

**XHIBIT I-B-**There are no Additional Authorized Signatories at this time.

**EXHIBIT II**

Dated as of: _____3)6 / 06_____

| | |
|---|---|
| Kaushik Amin | _____ I Consent |
| Michael Gelband | __x__ I Consent |
| Ajay Nagpal | _____ I Consent |

# Guth, Aaron J

| | |
|---|---|
| **From:** | Gelband, Michael |
| **Sent:** | Monday, August 14, 2006 3:19 PM |
| **To:** | Guth, Aaron J; Amin, Kaushik; Nagpal, Ajay |
| **Cc:** | Roskin, Jacqueline; Mallette, Ledeanne; Oramas-Scala, Lesley |
| **Subject:** | RE: LBSF Dividend Consent |

---

| | |
|---|---|
| **From:** | Guth, Aaron J |
| **Sent:** | Monday, August 14, 2006 2:51 PM |
| **To:** | Amin, Kaushik; Gelband, Michael; Nagpal, Ajay |
| **Cc:** | Roskin, Jacqueline; Mallette, Ledeanne; Oramas-Scala, Lesley |
| **Subject:** | LBSF Dividend Consent |

**Please see the below attached Electronic Consent for your review and approval.
If you approve, please type an X on the consent line next to your name then click 'Reply' and 'Send.'
If you have any questions or comments, please contact me at 212 526 1978 or at aguth@lehman.com.
Thank you.**

## LEHMAN BROTHERS SPECIAL FINANCING INC.
## ELECTRONIC CONSENT OF THE BOARD OF DIRECTORS

The undersigned, being all of the Board of Directors of Lehman Brothers Special Financing Inc., a Delaware corporation (the "Corporation") hereby adopts this Electronic Consent, in accordance with Section 141(f) of the Delaware General Corporation Law:

WHEREAS, the Board of Directors of the Corporation finds it in the best interests of the Corporation to effect a dividend payment in the amount of $150,000,000 to its sole stockholder Lehman Brothers Inc. ("LBI"), now therefore be it

RESOLVED, that the Corporation hereby declares a dividend of $150,000,000 to be paid on or around August 31, 2006 to its sole stockholder LBI, out of funds legally available therefor; and be it further

RESOLVED, that the proper officers of the Corporation are hereby authorized to take any and all actions, including selection of the payment date, as they may deem necessary or appropriate to carry out the purposes and and intents of these resolutions.

dated as of: 8/14/06

| | |
|---|---|
| Kaushik Amin | _____ I Consent |
| Michael Gelband | __x_ I Consent |
| Ajay Nagpal | _____ I Consent |

1

## Guth, Aaron J

**From:** Amin, Kaushik
**Sent:** Wednesday, August 16, 2006 10:18 AM
**To:** Guth, Aaron J
**Subject:** RE: LBSF Dividend Consent

I approve

---

**From:** Guth, Aaron J
**Sent:** Wednesday, August 16, 2006 10:01 AM
**To:** Amin, Kaushik
**Cc:** Roskin, Jacqueline
**Subject:** FW: LBSF Dividend Consent

Hi Kaushik, can you please approve the below dividend consent; thanks!

---

**From:** Guth, Aaron J
**Sent:** Monday, August 14, 2006 2:51 PM
**To:** Amin, Kaushik; Gelband, Michael; Nagpal, Ajay
**Cc:** Roskin, Jacqueline; Mallette, Ledeanne; Oramas-Scala, Lesley
**Subject:** LBSF Dividend Consent

**Please see the below attached Electronic Consent for your review and approval.
If you approve, please type an X on the consent line next to your name then click 'Reply' and 'Send.'
If you have any questions or comments, please contact me at 212 526 1978 or at aguth@lehman.com.
Thank you.**

## LEHMAN BROTHERS SPECIAL FINANCING INC.
## ELECTRONIC CONSENT OF THE BOARD OF DIRECTORS

The undersigned, being all of the Board of Directors of Lehman Brothers Special Financing Inc., a Delaware corporation (the "Corporation") hereby adopts this Electronic Consent, in accordance with Section 141(f) of the Delaware General Corporation Law:

WHEREAS, the Board of Directors of the Corporation finds it in the best interests of the Corporation to effect a dividend payment in the amount of $150,000,000 to its sole stockholder Lehman Brothers Inc. ("LBI"), now therefore be it

RESOLVED, that the Corporation hereby declares a dividend of $150,000,000 to be paid on or around August 31, 2006 to its sole stockholder LBI, out of funds legally available therefor; and be it further

RESOLVED, that the proper officers of the Corporation are hereby authorized to take any and all actions, including selection of the payment date, as they may deem necessary or appropriate to carry out the purposes and and intents of these resolutions.

dated as of: 8/14/06

| | | |
|---|---|---|
| Kaushik Amin | _x___ | I Consent |
| Michael Gelband | _____ | I Consent |
| \jay Nagpal | _____ | I Consent |

1