Presentment Date and Time: December 6, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------x | | |

**NOTICE OF STIPULATION AMONG DEBTORS AND FIDELITY NATIONAL TITLE**
**INSURANCE COMPANY RESOLVING DISPUTES IN CONNECTION WITH PLAN**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation among Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases and Fidelity National Title Insurance Company and the Fidelity family of title insurers, to the Honorable James M. Peck, United States Bankruptcy Judge, for approval at the hearing to consider confirmation of the Plan on **December 6, 2011 at 10:00 a.m. (Prevailing Eastern Time)**.

Dated: November 30, 2011
       New York, New York

                                    /s/ Alfredo R. Perez
                                    Alfredo R. Perez
                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Debtors
                                    and Debtors in Possession

US_ACTIVE:\43870850\01\58399.0003

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    08-13555 (JMP)
                                               :
                     Debtors.                  :    (Jointly Administered)
------------------------------------------------------------------x

**STIPULATION AMONG DEBTORS AND FIDELITY NATIONAL TITLE
INSURANCE COMPANY RESOLVING DISPUTES IN CONNECTION WITH PLAN**

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), as debtors in possession, and Fidelity National Title Insurance Company and the Fidelity family of title insurers[1] (collectively, "Fidelity" and together with the Debtors, the "Parties"), hereby stipulate and agree as follows:

---

[1] The referenced title insurers are: Fidelity National Title Insurance Company, Alamo Title Insurance; Chicago Title Insurance Company; Commonwealth Land Title Insurance Company; American Title Insurance Company; Chicago Title Insurance Company of Oregon; Chicago Title Insurance Company of Puerto Rico; Continental Title Insurance Company f/k/a LandAmerica NJ Title Insurance Company; Fidelity National Title Insurance Company of New York; Fidelity National Title Insurance Company of California; Fidelity National Title Insurance Company of Pennsylvania; Fidelity National Title Insurance Company of Tennessee; Lawyers Title Insurance Company; National Title Insurance Company; National Title Insurance Company of New York, Inc.; Nations Title Insurance of New York, Inc.; Security Union Title Insurance Company; Ticor Title Guarantee Company; Ticor Title Insurance Company; Ticor Title Insurance Company of Florida f/k/a American Pioneer Title Insurance Company; Transnation Title Insurance Company; and United Capital Title Insurance Company.

83752582.5

**RECITALS**

A. On September 15, 2008 and on various dates thereafter, the Debtors filed voluntary cases under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), which cases are being jointly administered under Case Number 08-13555.  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors (as may be further modified from time to time, the "<u>Plan</u>") and a related disclosure statement (as may be further modified from time to time, the "<u>Disclosure Statement</u>").

C. On August 11, 2011, Fidelity filed an objection to the Disclosure Statement [Docket No. 19162], which included certain issues that were deferred to the hearing to consider confirmation of the Plan.  Fidelity has since demanded discovery from the Debtors in connection with the Plan (the "<u>Discovery Request</u>") and has indicated to the Debtors an intention to object to confirmation of the Plan.

D. The Parties have agreed to resolve their disputes regarding the Plan in accordance with the terms and conditions set forth below.

**AGREEMENT**

1. The Parties hereby agree that, notwithstanding anything contained in the Plan or the Confirmation Order[2] to the contrary, nothing in the Plan or Confirmation Order is intended to or shall alter the rights and obligations of the Debtors or Fidelity under any and all

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

2

83752582.5

title insurance policies between the Debtors and Fidelity (each a "Policy" and together the "<u>Policies</u>") or modify the coverage thereunder, and all of the Policies shall continue in full force and effect according to their terms and conditions. Nothing contained in the Plan shall constitute or be deemed a waiver of (i) any cause of action the Debtors may hold against any entity, including Fidelity, under any of the Policies, or (ii) any claim or defense by Fidelity against any entity related to the Policies or the coverage provided thereby.

2. Upon timely Court approval of this Stipulation, Fidelity agrees that it shall not oppose, object to or challenge in any way confirmation of the Plan and that its filed Objection to confirmation of the Plan, if any, shall be deemed resolved and withdrawn. Notwithstanding the foregoing, Fidelity shall have the right to oppose, object to and challenge any proposed future material modification to the Plan that is or may be inconsistent with the terms of this Stipulation or to the extent Fidelity otherwise would have the right to object to the proposed modification of the Plan notwithstanding the passage of the bar date for filing objections to confirmation of the Plan.

3. The Discovery Request shall be deemed withdrawn upon execution of this Stipulation and Fidelity agrees that it shall not seek any additional discovery from the Debtors with respect to the Plan. Notwithstanding the foregoing, nothing contained herein shall preclude Fidelity from seeking discovery in any proceeding in these consolidated cases that is not related to the Plan or in any future proceeding related to coverage under the Policies.

4. The Debtors shall seek prompt and timely approval of this Stipulation, but in no event later than the commencement of the hearing on confirmation of the Plan. In the event the Court fails to approve this Stipulation, Fidelity shall have the right to file and prosecute

3

83752582.5

its objections to the Plan as though they were filed timely pursuant to the Order approving the Disclosure Statement.

5. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof.

6. This Stipulation may not be modified other than by signed writing executed by all Parties and delivered to each Party.

7. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

8. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

9. Upon Court approval, this Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors and administrators.

10. To the extent of any inconsistency between this Stipulation and either the Plan or the Confirmation Order, the terms of this Stipulation shall control.  Furthermore, this Stipulation shall survive, be unaffected by and take precedence over the terms of the Plan and the Confirmation Order.

11. This Stipulation shall be governed exclusively by and construed and enforced in accordance with the laws of the State of New York, without regard to its conflicts of law principles.

83752582.5

Dated: November 10, 2011
      New York, New York

/s/ Alfredo R. Perez
Alfredo R. Perez (AP-3629)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

Dated: November 10, 2011
      New York, New York

/s/ Joshua W. Cohen
Joshua W. Cohen (JC-2978)

DAY PITNEY LLP
One Audubon Street
New Haven, CT 06511-6433
Telephone: (203) 752-5000
Facsimile:  (203) 752-5001

Attorneys for Fidelity National Title Insurance
Company

5

83752582.5