WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger, Esq.
Richard L. Levine, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :    08-13555 (JMP)
                                                             :
                                       Debtors.              :    (Jointly Administered)
------------------------------------------------------------x

## DECLARATION OF LOCKE R. McMURRAY
## IN SUPPORT OF MOTION FOR SANCTIONS

I, Locke R. McMurray, declare under penalty of perjury as follows:

1.  I am Managing Director, Derivatives Legal, of debtor Lehman Brothers Holdings Inc. ("LBHI") and in that capacity I lead the derivatives group at LBHI and its affiliated debtors in possession, including Lehman Brothers Financial Products Inc. ("LBFP"). I submit this declaration in support of LBFP's accompanying Motion for Sanctions (the "Motion"). I make this Declaration on personal knowledge, based on a review of corporate records, and/or based on the reports of my subordinates and the following statements are true to the best of my knowledge, information, and belief.

2.  The respondents to the Motion ("Counterparty I" and "Counterparty II," collectively, "Counterparty")[1] are the issuers of certain notes held by third-parties and are

---

[1] Because of the confidentiality of the ADR process, the names of the counterparties and the exhibits to this Declaration are being withheld from the publicly filed version of this Declaration.

LBFP's direct contractual counterparties in four now-terminated derivatives transactions (the "Transactions").

3. On April 23, 2010, LBFP served an "ADR Notice" on Counterparty and on the trustee and the investment advisor for Counterparty pursuant to this Court's Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts [Dkt. No. 5207] (the "ADR Order") relating to amounts that were due and owing to LBFP. After the trustee and the investment advisor for Counterparty deal asserted that they had no authority to settle the dispute (and the debtors faced similar assertions by other trustees), the debtors determined that a new ADR mechanism was needed to bring parties with actual settlement authority to the negotiating table. The debtors, in consultation with the Creditors' Committee, then moved for the entry of a new ADR order geared to resolving complex derivatives transactions with special purpose vehicles ("SPVs") such as Counterparty to bring into the ADR process the actual contractual counterparties (who were also the defendants in the related adversary proceedings) and who, by definition, have settlement authority.

4. In light of Counterparty trustee's and investment advisor's assertions of a lack of authority to settle the dispute under the original ADR Order, LBFP elected, in the Spring of 2011, to proceed under the new Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties, dated March 3, 2011 (the "SPV ADR Order") given its applicability to the unique issues raised by transactions between the Debtors and SPVs, such as Counterparty.

5. On April 4, 2011, LBFP served its SPV Derivatives ADR Election Form and the ADR Notice on Counterparty challenging the contractual terms in the underlying indentures that purport to modify LBFP's right to receive payments ahead of noteholders based on LBFP's

chapter 11 filing as violative of the Bankruptcy Code's prohibition on *ipso facto* clauses. The ADR Notice also demanded a termination payment of $7,154,607 and the payment of unpaid amounts of $1,587,853 (as of April 1, 2010) by Counterparty I and a termination payment of $3,165,676 by Counterparty II -- plus interest on all such amounts at the applicable rates as described in the ADR Notice.

6. Under the terms of the SPV ADR Order, Counterparty's Notice of Settlement Participation Designation (the "Settlement Authority Designation") was due on June 4, 2011, two months after service of the ADR Notice, and its ADR Response was due on June 15, 2011.

7. Counterparty ignored both deadlines. LBFP contacted Counterparty about its noncompliance with the first deadline on June 8, 2011. After multiple discussions with Counterparty over the following weeks regarding the serious implications of noncompliance with the SPV ADR Order, including the possibility of this Court awarding sanctions, in the interests of moving the ADR process forward, LBFP agreed on July 28, 2011, to Counterparty's very belated request for an extension of time to serve its Settlement Authority Designation to August 5, 2011, and an extension of time to serve its ADR Response to September 2, 2011—some eleven weeks after service of the ADR Notice.

8. On August 5, 2011, Counterparty served its Settlement Authority Designation identifying Martin Couch, a director of Counterparty affiliated with Maples Fiduciary in Grand Cayman, Cayman Islands, as "having complete settlement authority to ***negotiate all disputed amounts*** on behalf of Counterparty . . . ."

9. Counterparty formally served its ADR Response on September 2, 2011 but did not engage on the merits therein. Instead, Counterparty asserted they were "not the proper parties for resolving this dispute at mediation" and "lack authority" to enter a settlement, despite

having previously served its Settlement Authority Designation (discussed above) which identified a director of Counterparty "as having complete settlement authority to negotiate all disputed amounts."

10. True and complete copies of the following documents are attached to this Declaration:

    a. The indentures relating to Counterparty, attached as <u>Exs. A and B</u>;

    b. The 1992 form ISDA Swap Agreement between LBFP and Counterparty I, attached as <u>Ex. C</u>;

    c. The SPV Derivatives ADR Election Form, attached as <u>Ex. D</u>;

    d. The ADR Notice, attached as <u>Ex. E</u>;

    e. The Settlement Authority Designation, attached as <u>Ex. F</u>;

    f. The ADR Response, attached as <u>Ex. G</u>;

    g. The September 19, 2011 letter from LBFP to Counterparty, attached as <u>Ex. H</u>;

    h. The September 26, 2011 letter, from Counterparty to LBFP, attached as <u>Ex. I</u>; and

    i. The ADR Reply to the ADR Response, attached as <u>Ex. J</u>.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Executed in New York, New York, on November 30, 2011.

                                                  Locke R. McMurray