**REED SMITH LLP**                                Hearing Date: December 6, 2011
  Andrea Pincus, Esq.
599 Lexington Avenue
New York, NY 10022
Tel: 212-521-5400
Fax: 212-521-5450
   apincus@reedsmith.com

*Counsel to Wockhardt USA (Swiss) Holding AG, now known as Wockhardt EU Operations (Swiss) AG, and Wockhardt Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) (Jointly Administered) |
| Debtors. | Refers to Dkt. Nos. 19627 and 21254 |

------------------------------------------------------------x

**OBJECTION OF WOCKHARDT USA (SWISS) HOLDING AG, NOW KNOWN AS WOCKHARDT EU OPERATIONS (SWISS) AG, AND WOCKHARDT LIMITED_TO DEBTORS' PROPOSED ASSUMPTION AND ASSIGNMENT OF DERIVATIVES AGREEMENT AS SET FORTH IN PLAN SUPPLEMENT TO THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS**

Wockhardt USA (Swiss) Holding AG, now known as Wockhardt EU Operations (Swiss) AG ("Wockhardt EU") and Wockhardt Limited ("Wockhardt Limited", and together with Wockhardt EU, "Wockhardt") hereby make this objection to the Debtors' proposed assumption of a certain agreement between Lehman Brothers Special Financing, Inc. ("LBSF) and Wockhardt EU as counterparty and Wockhardt Limited as guarantor (Dkt. Nos. 19627 and 21254) ("Objection"). In support of its Objection, Wockhardt respectfully represents as follows:

1.  On September 15, 2008 and periodically thereafter (the "Petition Date"), the Debtors commenced their respective Chapter 11 Cases. The Debtors' chapter 11 cases have

been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Each of the Debtors has been authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code.

2. By Order dated September 1, 2011 [Dkt. 19631], this Court approved the Debtors' Disclosure Statement for Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated August 31, 2011 [Dkt. No. 19629] (the "Disclosure Statement"), and the form of Notice of (i) Approval of Disclosure Statement; (ii) Establishment of Record Date; (iii) Hearing on Confirmation of the Plan and Procedures for Objecting to Confirmation of the Plan; and (iv) Procedures and Deadline for Voting on the Plan (the "Confirmation Hearing Notice").On October 25, 2011, the Debtors filed the Plan Supplement [Dkt. No. 21254], which sets forth at Exhibit 2 the Schedule of Executory Contracts and Unexpired Leases to Be Assumed Pursuant to Section 11.1 of the Plan.

3. The Debtors lists contracts with Wockhardt in Exhibit 2 of the Plan Supplement. The information as set forth in the Plan Supplement and the relevant pages are annexed hereto as <u>Exhibit A</u>. The Debtors served Wockhardt EU, c/o Wockhardt Limited, with a notice of Proposed Assumption of Executory Contracts and Unexpired Leases, listing a single contract between Wockhardt EU and LBSF ("Notice"). The Notice was not received by Wockhardt until November 22, 2011, long after the noticed objection deadline. A copy of the Notice is annexed hereto as <u>Exhibit B</u>. Despite an ongoing dispute between LBSF and Wockhardt pending in India, discussed further below, no other notice of the proposed assumption was timely provided to Wockhardt in writing or otherwise.

4. The information in the Plan Supplement and Notice fail to identify the subject agreements with any specificity.

5. Wockhardt EU, however, was party to a certain 1992 ISDA Master Agreement dated as of July 4, 2007, with LBSF as counterparty and LBSF's obligations guaranteed by

Lehman Brothers Holdings, Inc. ("LBHI) (the "Wockhardt Master Agreement"). On May 17, 2010, LBSF served Wockhardt with a Notice of Early Termination, and thereafter on May 27, 2010, served Wockhardt with a calculation statement demanding that payment was due to LBSF as an Early Termination Payment ("Early Termination Payment"). Wockhardt thereafter promptly and repeatedly disputed LBSF's demand for payment. LBSF failed to reply substantively to Wockhardt's response and dispute.

6.   In March 2011, LBSF sought to commence a winding up of Wockhardt Limited before the Indian High Court of Judicature at Bombay, on the basis that LBSF properly terminated the Wockhardt Master Agreement and that Wockhardt failed to make payment of the Early Termination Payment demanded by LBSF. Wockhardt disputes the Winding Up Petition and the demand for payment under the terminated Wockhardt Master Agreement, and the next date of hearing as set by the Bombay High Court is on December 9, 2011, on which date, Wockhardt would be filing its reply to the petition for winding up filed by LBSF.

## Background

7.   Wockhardt Limited is a global pharmaceutical and biotechnology company, which is listed on the Bombay Stock Exchange and the National Stock Exchange in India, and on the Hong Kong Stock Exchange. It has manufacturing plants in India, the United Kingdom, France, Ireland and the United States, as well as marketing offices in Africa, Russia, Central and Latin America and Central and South-East Asia. Wockhardt EU is a wholly-owned subsidiary of Wockhardt Limited, incorporated in Switzerland. It holds certain interests of the Wockhardt Limited group in Europe, including certain intellectual property rights.

8.   Following discussions in 2007 between Wockhardt EU and representatives of LBSF during which LBSF persuaded Wockhardt EU of its ability to offer 'risk free hedge rates' in order to generate income for Wockhardt EU, Wockhardt EU entered into the Wockhardt Master Agreement with LBSF. The Wockhardt Master Agreement is governed by English law and it is Wockhardt's understanding that disputes arising in connection with the Wockhardt

Master Agreement are to be resolved by arbitration in London under the Arbitration Rules of the London Court of International Arbitration.

9. Pursuant to the Wockhardt Master Agreement, Wockhardt EU entered into three transactions which are disputed by Wockhardt EU and Wockhardt: (i) On September 4, 2008, a 5 year fixed to floating interest rate swap by reference to a notional principal amount of USD 20 million; (ii) on December 6, 2007, a USD/INR range accrual transaction; and (iii) on February 28, 2008, a USD/CHF accumulator, with a notional principal amount of USD 55 million and a maturity of five years, which was subsequently amended on July 18, 2008 to reduce the principal amount of the trade to USD 19 million.

10. On March 30, 2007, Wockhardt Limited entered into an all-monies guarantee ("Guarantee") in favour of LBSF in respect of OTC derivative transactions entered into, or to be entered into, by Wockhardt EU with LBSF under the Wockhardt Master Agreement. The Guarantee was also governed by English law, and disputes arising in connection with said guarantee are to be resolved by arbitration in London under the Arbitration Rules of the London Court of International Arbitration. By supplemental deed to the said Guarantee entered into on August 30, 2007, among other things, the total amount recoverable under the Guarantee was increased to USD15 million from the limit of USD10 million under the Guarantee as originally executed.

11. As a result of financial difficulties suffered by Wockhardt Limited which were linked to the global economic downturn from late 2008, and specifically as a result of the severe detrimental effect of the downturn on the pharmaceutical industry, in April 2009, Wockhardt and Wockhardt EU entered into discussions with various of its lenders with a view to rescheduling Wockhardt and Wockhardt EU's payment obligations to such lenders. In addition, in July 2009, Wockhardt Limited was admitted into Corporate Debt Restructuring in India, which is a voluntary scheme of restructuring laid down the Reserve Bank of India for the restructuring of the corporate debts of viable Indian companies which are facing financial difficulties, with a

08-13555-mg    Doc 22859    Filed 12/02/11    Entered 12/02/11 11:04:07    Main Document
Pg 5 of 19

view to preserving viable corporates while minimizing losses to creditors and other stakeholders through an orderly and co-ordinated restructuring programme.

12. On May 17, 2010, almost 2 years after the commencement of the LBHI and LBSF bankruptcy cases, LBSF delivered a Notice of Early Termination to Wockhardt and thereby terminated all swaps entered into under the Wockhardt Master Agreement pursuant to Section 5(a)(vii) thereof, effective as of May 25, 2010.

13. On May 27, 2010, LBSF delivered to Wockhardt a written statement pursuant to the Wockhardt Master Agreement, setting forth LBSF's calculation of Early Termination Payment due LBSF as a result of the designation of the Early Termination Date, but enclosed no documentation supporting the calculations. Wockhardt thereafter contested the calculations and demand for payment as well as the legality and efficacy of the underlying transactions.

14. On June 21, 2010, LBSF served a demand for payment on Wockhardt Limited, citing Wockhardt EU's failure to pay the amount demanded on May 27, 2010. The aforesaid demand for payment was under English Law under the Guarantee.

15. Since the Notice of Early Termination and respective demands for payment were served, Wockhardt has repeatedly disputed the demand by LBSF for payment; LBSF has failed to provide any substantive response to Wockhardt and has failed to pursue arbitration in London as required by the Wockhardt Master Agreement and Guarantee. Instead, LBSF has served several superseding demands for payments, and more recently has taken the extreme, improper and ill-founded measure of seeking a court-ordered winding up of Wockhardt Limited before the Bombay High Court.

16. At no time since May 17, 2010, has LBSF reversed its position on its early termination of the Wockhardt Master Agreement. The Wockhardt Master Agreement has by LBSF's own declarations been terminated for a year and a half and cannot now be assumed for any purpose.

## Objection

17.     Wockhardt EU and Wockhardt Limited object to the assumption of the Wockhardt Master Agreement to which they are respectively counterparty and guarantor. Bankruptcy Code section 365(a) permits a debtor to assume or reject an "executory contract" during the course of a bankruptcy case. 11 U.S.C. § 365(a). Similarly, section 1123(b)(2) provides that a chapter 11 plan "may . . . subject to section 365 of this title, provide for the assumption, rejection or assignment of any executory contract . . . ." *Id.* § 1123(b)(2). The Swap Agreement cannot be assumed because it is no longer an executory contract subject to assumption -- or rejection -- under section 365 or section 1123(b)(2).

18.     Although the term "executory contract" is not defined in the Bankruptcy Code, "courts have long employed the definition articulated by Professor Countryman, *i.e.*, 'a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.'" *In re Wireless Data Inc.*, 547 F.3d 484, 488 n.1 (2d Cir. 2008) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973)).

19.     An agreement is not executory where it has been terminated and the only material obligation remaining is the payment of money. *In re Leibinger-Roberts, Inc.*, 105 B.R. 208, 212-13 (Bankr. E.D.N.Y. 1989) (citing *In re Chateaugay Corp.*, 102 B.R. 335, 344-45 (Bankr. S.D.N.Y. 1989)).

20.     As noted above, the Wockhardt Master Agreement and all transactions thereunder have by the Debtors' own hands long been terminated and there is no longer an executory contract capable of assumption by the Debtors. Accordingly, the Wockhardt Master Agreement is not an executory contract subject to assumption or rejection under section 365 of the Bankruptcy Code, and the Plan should not be confirmed to the extent it purports to assume the Swap Agreement. 11 U.S.C. § 1129(a)(1) (requiring, as a prerequisite to confirmation, that a

chapter 11 plan comply with all other applicable Bankruptcy Code provisions, which here, includes section 365).

21.     To the extent that the Debtors may purport they seek assumption in connection with the ongoing disputes about LBSF's calculation methodology and amount of the Early Termination Payment, assumption is neither appropriate nor necessary and should be denied. By the very terms of the Wockhardt Master Agreement and Guarantee, LBSF is bound to pursue claims against Wockhardt Limited in arbitration in London. Further, by order dated September 17, 2009, this Court has already authorized specific alternative dispute resolution procedures for affirmative claims of the Debtors under derivatives contracts; thus, to the extent the Debtors may seek to assert a claim against Wockhardt EU in connection with the terminated Wockhardt Master Agreement such ADR procedures – and not the proposed assumption in connection with the plan confirmation process -- would be the appropriate forum.

22.     Finally, notice of the proposed assumption was entirely deficient and failed to provide Wockhardt with an opportunity to object prior to the stated objection deadline.

## **Reservation Of Rights**

23.     Each of Wockhardt EU and Wockhardt Limited reserves its rights to assert such other and further objections as may be warranted. Moreover, in the event that the Court were to determine that the Wockhardt Master Agreement and Guarantee are subject to assumption by the Debtors, Wockhardt EU and Wockhardt Limited expressly reserves the right to further dispute any alternative calculations that may be made by the Debtors with respect to any amount allegedly due the Debtors.

## Conclusion

WHEREFORE, Wockhardt EU and Wockhardt Limited respectfully request that Court (i) deny the Debtors' proposed assumption of the Wockhardt Master Agreement, (ii) deny confirmation of the Plan to the extent it purports to assume the Wockhardt Master Agreement, and (iii) grant such other and further relief as may be warranted.

Dated: New York, New York
December 2, 2011

>Respectfully submitted,
>
>REED SMITH LLP
>
>By: /s/ *Andrea Pincus*
>Andrea Pincus
>599 Lexington Avenue
>New York, NY 10022
>Tel: 212-521-5400
>Fax: 212-521-5450
>
>*Counsel to Wockhardt USA (Swiss) Holding AG, now known as Wockhardt EU Operations (Swiss) AG, and Wockhardt Limited*

# EXHIBIT A

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                                             :
**In re**                                                    :    **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                 :    **08-13555 (JMP)**
                                                             :
              **Debtors.**                                   :    **(Jointly Administered)**
-------------------------------------------------------------x

### PLAN SUPPLEMENT

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      This Plan Supplement contains documents and schedules filed in connection with the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (the "Plan").[1] Included in this Plan Supplement are the following:

Exhibit 1 – Form of Revised Certificate of Incorporation and By-Laws for Each Debtor
      Pursuant to Section 7.7 of the Plan

Exhibit 2 – Schedule of Executory Contracts and Unexpired Leases to Be Assumed
      Pursuant to Section 11.1 of the Plan

Exhibit 3 – Plan Trust Agreement

Exhibit 4 – Form of Debtor Allocation Agreement

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to such terms in the Plan.

Exhibit 5 – Copies of Settlement Agreements Among Debtors and Non-Controlled Affiliates Pursuant to Section 6.5(b)(vi) of the Plan

Exhibit 6 – Copies of Settlement Agreements Among Debtors and Any Creditors Pursuant to Section 6.5(j) of the Plan

Exhibit 7 – Amendment to the Plan

Exhibit 8 – Updated Recovery Analyses for SASCO and LBCC

Exhibit 9 – Schedule of Claims by Debtor-Controlled Entities

Exhibit 10 – Reconciliation of Ownership of Assets

Exhibit 11 – List of Debtors and Debtor-Controlled Entities to Be Dissolved or Merged Pursuant to the Plan

       The Debtors reserve the right to alter, amend, update, supplement, or modify the Plan Supplement.

       Pursuant to Section 15.5 of the Plan, the Plan Supplement may be obtained on the Debtors' independent website at www.lehman-docket.com or by request to the Debtors in accordance with section 15.12 of the Plan.

Dated: October 25, 2011
      New York, New York

                                  /s/ Jacqueline Marcus
                                  Jacqueline Marcus

                                  WEIL, GOTSHAL & MANGES LLP
                                  767 Fifth Avenue
                                  New York, New York 10153
                                  Telephone: (212) 310-8000
                                  Facsimile: (212) 310-8007
                                  Attorneys for Debtors
                                  and Debtors in Possession

# EXHIBIT 2

## PART A - DERIVATIVES CONTRACTS

**FOR PURPOSES OF THIS EXHIBIT 2, PART A, DERIVATIVES CONTRACTS ARE CONTRACTS IN WHICH THE CONTRACTUAL OBLIGATIONS AND VALUES ARE KEYED TO ONE OR MORE UNDERLYING ASSETS OR INDICES OF ASSET VALUES. IN MOST CASES, THE DERIVATIVES CONTRACTS ARE "SECURITIES CONTRACTS," "REPURCHASE AGREEMENTS," OR "SWAP AGREEMENTS" AS DEFINED IN THE BANKRUPTCY CODE AND, IN SOME CASES, WERE GOVERNED BY A "MASTER NETTING AGREEMENT" AS DEFINED IN THE BANKRUPTCY CODE.**

**UNLESS A SPECIFIC DERIVATIVES CONTRACT IS NOTED FOR A SPECIFIC COUNTERPARTY, THE DEBTORS INTEND TO ASSUME ALL DERIVATIVES CONTRACTS WITH EACH COUNTERPARTY SET FORTH ON EXHIBIT 2, PART A. WHERE A SPECIFIC DERIVATIVES CONTRACT HAS BEEN INDICATED, THE APPLICABLE DEBTOR INTENDS TO ASSUME THE IDENTIFIED DERIVATIVES CONTRACT AND TO REJECT ALL OTHER DERIVATIVES CONTRACTS WITH THE APPLICABLE COUNTERPARTY.**

Derivatives Contracts

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
| | | | c/o Chapman and Cutler LLP<br>111 West Monroe Street<br>Chicago, IL, 60603-4080<br><br>Attn: James Spiotto |
| | | | c/o US Bank<br>Corporate Trust Services<br>P.O. Box 960778<br>Boston, MA, 02196-0778<br><br>Attn: John Leurini |
| | | | HSBC Bank, USA<br>CTLA - Structured Finance<br>10 East 40th Street, Floor 14<br>New York, NY, 10016<br><br>Attn: Thomas Musarra |
| | | | Maplesfs Limited<br>P.O. Box 1093 Queensgate House<br>113 South Church Street<br>George Town, Grand Cayman, Cayman Islands |
| | | | Newark, DE, 19711<br><br>ATTN: GENERAL COUNSEL OR CORPORATE EXEC |
| | | | P.O. BOX 1093 GT,<br>QUEENSGATE HOUSE<br>GEORGE TOWN, GRAND CAYMAN, Cayman Islands<br>ATTN: GENERAL COUNSEL OR CORPORATE EXEC |
| WISDOMTREE EMERGING MARKETS HIGH YIELDING EQUITY FUND | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 48 Wall Street 11th Floor<br>New York<br>NY<br>10005 |
| WISDOMTREE EMERGING MARKETS SMALLCAP DIVIDEND FUND | LEHMAN BROTHERS SPECIAL FINANCING INC. | | 48 Wall Street 11th Floor<br>New York<br>NY<br>10005 |
| Wockhardt EU Operations(Swiss) AG | LEHMAN BROTHERS SPECIAL FINANCING INC. | | c/o Wockhardt Limited<br>Wockhardt Towers<br>Bandra Kurla Complex<br>Bandra (East), Mumbai, 400 051<br>India |
| | | | c/o Wockhardt Limited<br>Wockhardt Towers<br>Bandra Kurla Complex<br>Bandra (East), Mumbai, 400 051<br>India |
| WOODWARD MUNICIPAL AUTHORITY | LEHMAN BROTHERS SPECIAL FINANCING INC. | | Woodward Municipal Authority<br>1219 8th Street<br>Woodward, OK, 73801<br><br>Attn: City Manager's Office |
| WORKERS COMPENSATION INSURANCE FUND | LEHMAN BROTHERS SPECIAL FINANCING INC. | | Cravath, Swaine & Moore LLP<br>825 Eighth Avenue<br>New York, NY<br>10019-7475<br>USA<br>Adam Cohen |

# EXHIBIT B

**Epiq Bankruptcy Solutions, LLC**
757 Third Avenue, 3rd Floor
New York, NY  10017

Legal Documents Enclosed –
Please direct to the attention
of the Addressee,
Legal Department or President.

**Address Service Requested**

|||||||||||||||||||||||||||||||
LBH CURENTC POR 10-26-2011 (IMPX0324\PORASM,WHERENUM) 1798
WOCKHARDT EU OPERATIONS(SWISS) AG
C/O WOCKHARDT LIMITED
WOCKHARDT TOWERS
BANDRA KURLA COMPLEX
BANDRA (EAST), MUMBAI  400 051
INDIA

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
           Debtors. : (Jointly Administered)
:
------------------------------------------------------------x

## NOTICE OF PROPOSED ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN PURSUANT TO SECTION 1121 OF THE BANKRUPTCY CODE

**Contract Counterparty:** Please refer to Exhibit A.

**Contract To Be Assumed:** Contract listed on Exhibit A to the extent not already rejected by Court order or expired by its own terms.

> If you have questions about this Notice or would like to resolve consensually any issues regarding assumption of the contract listed on Exhibit A or the cure amount listed on Exhibit A, please contact the estate representative that you have been dealing with or derivativeslegal@lehmanholdings.com. In any event, you must follow the instructions below for filing formal objections to the proposed assumption of the contract or cure amount listed on Exhibit A.

      **PLEASE TAKE NOTICE** that on September 1, 2011, Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (the "Debtors"), filed their Third Amended Joint Chapter 11 Plan Pursuant to Section 1121 of the Bankruptcy Code, ECF No. 19627 (the "Plan").[1] If the Plan is approved by the United

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), the Debtors will, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, assume the executory contracts and unexpired leases listed on Exhibit 2 of the Plan Supplement, dated October 25, 2011, ECF No. 21254 (the "Plan Supplement"), and the other executory contracts assumed pursuant to Sections 11.1, 11.5 and 11.6 of the Plan.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Plan, notice (this "Notice") is hereby provided that the Debtors currently propose to assume the executory contract or unexpired lease listed on Exhibit A hereto (the "Contract") to the extent not already rejected by Court order or expired by its own terms.[2]

**PLEASE TAKE FURTHER NOTICE** that the Debtors shall pay the cure amount set forth on Exhibit A in accordance with Section 11.3 of the Plan. Payment of such cure amount shall satisfy, in full, the Debtors' obligations pursuant to section 365(b)(1) of the Bankruptcy Code.

**PLEASE NOTE THAT THE CONTRACT LISTED ON EXHIBIT A WILL ONLY BE ASSUMED HEREUNDER IF THE PLAN IS APPROVED BY THE BANKRUPTCY COURT AND BECOMES EFFECTIVE.**

**PLEASE TAKE FURTHER NOTICE** that if you object to the Debtors' proposed assumption of the Contract, including to the cure amount set forth on Exhibit A hereto, and are unable to resolve your objection consensually with the Debtors, you must file a written objection with the Bankruptcy Court and state with specificity the nature of the objection and the proposed cure amount, and serve such objection on the following parties (the "Objection Notice Parties") **on or before November 10, 2011**: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.).

**PLEASE TAKE FURTHER NOTICE** that, if no objections are received by the above deadline, (i) you shall be deemed to have consented to the assumption of the Contract and shall be forever barred from asserting any objection with regard to such assumption, and (ii) the cure amount set forth on Exhibit A shall be binding upon you for all purposes and will constitute a final determination of total cure amount required to be paid by the Debtors in connection with the assumption of such Contract, and you shall be forever barred from asserting any other claims or cure amounts related to such Contract.

---

[2] This notice is without prejudice to the Debtors' rights to claim that the Contract expired by its own terms or was terminated prior to the effective date of assumption, as the case may be. Moreover, nothing herein shall be deemed an admission that the Contract is an enforceable obligation of the Debtors, is executory in nature, or that the Contract counterparty identified on Exhibit A has a valid claim against the Debtors. The Contract listed on Exhibit A will not be assumed until the Bankruptcy Court enters an order approving such assumption. The Debtors reserve all rights to remove the Contract from Exhibit A and the Plan Supplement, in which case such contract shall be deemed rejected as of the Effective Date of the Plan.

        **PLEASE TAKE FURTHER NOTICE** that if a timely objection is received and such objection cannot otherwise be resolved by the parties, the Court may hear such objection at the hearing to approve the Plan on December 6, 2011, or at such other date as determined by the Court or the parties.

        **PLEASE TAKE FURTHER NOTICE** that if an objection to a cure amount is filed, the Debtors reserve the right to remove the applicable Contract from Exhibit A and the Plan Supplement if, among other things, the cure amount is ultimately determined by order of the Court to be higher than the cure amount set forth on Exhibit A, in which case such Contract shall be deemed rejected as of the Effective Date of the Plan.

        **PLEASE TAKE FURTHER NOTICE** that if you would like to obtain a copy of the Plan or the Plan Supplement, you should contact Epiq Bankruptcy Solutions, LLC, the voting and claims agent retained by the Debtors in these chapter 11 cases, at 1-866-879-0688 (domestic) or 1-503-597-7691 (international).

>         If you have questions about this Notice or would like to resolve consensually any issues regarding assumption of the contract listed on Exhibit A or the cure amount listed on Exhibit A, please contact the estate representative that you have been dealing with or derivativeslegal@lehmanholdings.com. In any event, you must follow the instructions below for filing formal objections to the proposed assumption of the contract or cure amount listed on Exhibit A.

Dated: October 27, 2011
      New York, New York

## Exhibit A

| Counterparty | Debtor | Title of Agreement | Cure Amount |
|---|---|---|---|
| WOCKHARDT EU OPERATIONS(SWISS) AG | LEHMAN BROTHERS SPECIAL FINANCING INC. | | $0 |

**UNLESS A SPECIFIC DERIVATIVES CONTRACT IS NOTED, THE DEBTORS INTEND TO ASSUME ALL DERIVATIVES CONTRACTS WITH YOU. WHERE A SPECIFIC DERIVATIVES CONTRACT HAS BEEN INDICATED, THE APPLICABLE DEBTOR INTENDS TO ASSUME THE IDENTIFIED DERIVATIVES CONTRACT AND TO REJECT ALL OTHER DERIVATIVES CONTRACTS WITH YOU.**