Hearing Date: December 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- x
: 
In re: : Chapter 11 Case No.
: 
LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
----------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTION 105(A) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR APPROVAL OF A
SETTLEMENT AND COMPROMISE WITH THE BANK OF NEW YORK TRUST
COMPANY, N.A., AS INDENTURE TRUSTEE FOR THE MAIN STREET BONDS AND
MAIN STREET NATURAL GAS, INC.**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and each of its affiliated debtors in possession (collectively, the "Debtors") hereby files this statement in support of the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of a Settlement and Compromise with The Bank of New York Trust Company, N.A., as Indenture Trustee for the Main Street Bonds and Main Street Natural Gas, Inc.* [Docket No. 22024] (the "Motion")[1] and respectfully states as follows:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**STATEMENT**

1. By their Motion, the Debtors seek approval of a stipulation and agreement (the "Stipulation and Agreement") entered into by LBHI and Lehman Brothers Commodity Services, Inc. ("LBCS") with Main Street Natural Gas, Inc. ("Main Street") and The Bank of New York Mellon Trust Company, N.A., in its capacity as indenture trustee for the Main Street Bonds ("BNYM") issued pursuant to the Trustee Indenture, dated as of April 1, 2008, among Main Street and BNYM (the "Indenture"), to resolve the claims filed by each BNYM and Main Street against LBCS and LBHI in connection with: (i) the Agreement for Purchase and Sale of Natural Gas, dated as of April 1, 2008 (the "Gas Purchase Agreement"), between LBCS and Main Street (the "LBCS Claim"); and (ii) the Guarantee by LBHI of LBCS's obligations under the Gas Purchase Agreement (the "LBHI Claim" and, together with the LBCS Claim, the "Claims").[2] The Committee[3] agrees with the Debtors that the proposed Stipulation and Agreement is within LBHI's and LBCS's sound business judgment and is fair, reasonable and in the best interests of the Debtors' estates and creditors.

2. The dispute between the parties relates primarily to the interpretation of certain termination and redemption provisions set forth in the Gas Purchase Agreement, the Indenture and certain related documents. The dispute also involves a disagreement regarding the appropriate classification of the LBHI Claim under the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* [Docket No. 19628] (as amended, the

---

[2] Main Street filed claims against LBCS and LBHI based on the same calculations set forth in BNYM's claims and are duplicative of BNYM's claims. On September 16, 2011, the Debtors, BNYM and Main Street entered into a Stipulation and Agreement [Docket No. 20083] pursuant to which the parties agreed, among other things, that, as between the claims filed by BNYM and Main Street, only a single set of claims in connection with the Gas Purchase Agreement and the Guarantee would survive.

[3] BNYM is a member of the Committee in its capacity as the indenture trustee for certain series of subordinated notes issued by LBHI. To avoid any appearance of impropriety, BNYM recused itself from the Committee's discussions regarding the Claims.

2

"Plan"). The parties engaged in extensive discussions and negotiations regarding the merits and validity of their respective positions, including seeking the Committee's view on the relevant issues throughout the process.

3.  The Stipulation and Agreement resolves all of the disputes relating to the Claims by providing, among other things, the following: (i) BNYM's LBCS Claim will be allowed against the LBCS estate as a General Unsecured Claim (Class 4) in the amount of $722 million; (ii) BNYM's LBHI Claim will be allowed against the LBHI estate as a Third Party Guarantee Claim Other Than Those of the RACERS Trust (Class 9A) in the amount of $722 million; (iii) all other Claims (e.g., Main Street's LBCS and LBHI Claims) will be deemed withdrawn; and (iv) BNYM, solely in its role as indenture trustee for the Main Street Bonds, and Main Street will not participate in the formulation of, file, prosecute, consent to or support any chapter 11 plan in the chapter 11 cases other than the Plan, or take any other action to alter, delay or impede the confirmation and consummation of the Plan.

4.  The Committee's professionals reviewed and analyzed the Gas Purchase Agreement, the Indenture and all of the other relevant documents, and the Committee concluded that the settlement embodied in the Stipulation and Agreement is fair and equitable and falls well within the range of reasonableness. Moreover, the Stipulation and Agreement allows the Debtors to avoid costly and time-consuming litigation with BNYM and Main Street.

3

WHEREFORE, in light of the foregoing, the Committee respectfully requests that the Court grant the relief requested in the Motion and such other relief as is just.

Dated: December 2, 2011
     New York, New York

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
    Dennis F. Dunne
    Evan R. Fleck
    Dennis C. O'Donnell

    1 Chase Manhattan Plaza
    New York, New York 10005
    Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.