UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
: 
In re: : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------ x

**ORDER PURSUANT TO SECTIONS 105(a), 363(b), AND 1142(b)
OF THE BANKRUPTCY CODE, APPOINTING THE DIRECTOR
SELECTION COMMITTEE, APPROVING RETENTION OF KORN/FERRY
INTERNATIONAL, AND AUTHORIZING CERTAIN RELATED RELIEF**

Upon the motion, dated October 20, 2011 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") pursuant to sections 105(a), 363, and 1142(b) of the Bankruptcy Code, seeking (i) appointment of the DSC,[1] (ii) retention by LBHI of Korn/Ferry International ("KFI") as the DSC's executive search advisors, and (iii) certain related relief, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

(v) the United States Attorney for the Southern District of New York; (vi) KFI; (vii) each Initial Appointee, and (viii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it being contemplated under the Plan that the DSC will select the initial board of directors of post-Effective Date LBHI prior to the Confirmation Date; and it being in the interests of facilitating the selection process that the DSC commence its operations at this time; and the Debtors having resolved the limited objection to the Motion filed by the United States of America [ECF No. 21834] as set forth herein; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their respective estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that, in order to effectuate Section 7.2(b) of the Plan in the event the Plan is confirmed, the appointment of the DSC shall be deemed effective, *nunc pro tunc*, as of August 31, 2011, and the DSC shall be authorized to select the members of the initial board of directors of post-Effective Date LBHI as contemplated by the Plan; and it is further

**ORDERED** that, to discharge its duties under the Plan and this Order, LBHI is authorized to retain, *nunc pro tunc* to September 15, 2011, at its sole expense and without any liability therefor on the part of the DSC or any DSC Member, KFI as executive search advisor to the DSC to assist it in the selection of appropriate individuals to serve on the initial board of directors of post-Effective Date LBHI; and it is further

**ORDERED** that LBHI is authorized and directed, upon receipt of a written direction on behalf of the DSC, to pay the reasonable, necessary, documented expenses of the DSC Members incurred in connection with their service on the DSC (excluding attorneys' fees), as well as all reasonable and necessary fees and expenses of KFI on the terms set forth in the Motion; and it is further

**ORDERED** that, consistent with Section 7.2(b) of the Plan, the following persons (the "Initial Appointees") shall constitute the initial members of the DSC: (1) Rutger Schimmelpenninck, not in his individual or personal capacity, but solely in his capacity as co-bankruptcy trustee for LBT; (2) Dr. Michael C. Frege, not in his individual or personal capacity, but solely in his capacity as the LBB Insolvency Administrator; (3) John Suckow, not in his individual or personal capacity, but solely in his capacity as the President of LBHI; (4) Julie Becker of Wilmington Trust, N.A., not in her individual or personal capacity, but solely in her capacity as a co-chairperson and member of the Creditors' Committee; (5) Noel P. Purcell of Mizuho Corporate Bank, Ltd., not in his individual or personal capacity, but solely in his capacity as a co-chairperson and member of the Creditors' Committee; (6) Thomas A. Tormey of Goldman Sachs & Co., not in his individual or personal capacity, but solely in his capacity as the designee of the Opco Plan Proponents; (7) Christian Wyatt of Fir Tree Partners, not in his individual or personal capacity, but solely in his capacity as the designee of the Ad Hoc Group; (8) Michael F. DeMichele of The Baupost Group, L.L.C., not in his individual or personal capacity, but solely in his capacity as a designee of the Designated PSA Creditors; and (9) Robert P. Ryan of Elliott Management, not in his individual or personal capacity, but solely in his capacity as a designee of the Designated PSA Creditors; and it is further

**ORDERED** that each Initial Appointee shall serve as a member of the DSC until the earlier of (a) the Effective Date, and (b) his or her death, incapacity, or resignation from the DSC; and it is further

**ORDERED** that should any Initial Appointee's service on the DSC cease, for any reason, prior to the Effective Date, his or her replacement, if any (each Initial Appointee, together with such replacement, the "DSC Member") shall be selected in accordance with the procedures set forth in the Motion; and it is further

**ORDERED** that each DSC Member shall exercise his or her independent business judgment in the selection of directors for the initial board of directors of post-Effective Date LBHI and shall not act at the direction of any individual, entity or group, and his or her service as a DSC Member shall not, in any way, cause such DSC Member to become or result in such DSC Member becoming a fiduciary to the Debtors, their estates, creditors or equity holders, or to any other person or constituency; and it is further

**ORDERED** that, for the purpose of discharging the DSC's functions, the DSC Members may adopt appropriate by-laws to address the DSC's governance, conduct of business and related matters, provided, that such by-laws shall not conflict with the provisions of this Order; and it is further

**ORDERED** that, whether or not the Plan is confirmed, each DSC Member, together with any entity or entities by which such DSC Member is directly or indirectly employed or with which he or she is directly or indirectly professionally affiliated (or by which he or she was so employed or with which he or she was so affiliated during his or her services on the DSC), and their respective present and former employees, agents, officers, directors or principals (all of the foregoing, collectively, the "DSC Related Parties") shall have or incur no

liability, nor be subject to any claim or cause of action, of any kind in connection with, arising out of, or related to, the applicable DSC Member's service on the DSC, or any act taken or omitted to be taken in connection therewith, except to the extent that it is determined by a final order of a court of competent jurisdiction that the applicable DSC Member is guilty of actual fraud, willful misconduct or gross negligence in the performance of his or her duties in connection with the DSC; and it is further

**ORDERED** that neither of the LBB Insolvency Administrator or the LBT co-bankruptcy trustee shall have any individual or personal liability with respect to any claims arising in connection with their respective services on the DSC, and that any claim against the LBB Insolvency Administrator or against the LBT co-bankruptcy trustee arising in connection with their respective services on the DSC not disposed of or otherwise resolved as provided for herein shall be satisfied solely out of the assets of the insolvency estate of LBB or LBT, as applicable; and it is further

**ORDERED** that LBHI is authorized and directed to indemnify each DSC Related Party against and from any and all costs and expenses arising from or reasonably incurred in connection with any action brought and/or any claim asserted against such DSC Related Party related to, arising out of, or in connection with, the applicable DSC Member's membership on, and services and activities related to, the DSC and, notwithstanding anything to the contrary contained herein, shall pay all reasonable and necessary fees and expenses incurred by such DSC Related Party in connection with any such action or claim, including, without limitation, reasonable and necessary attorneys' fees and expenses, with such obligations surviving the confirmation of the Plan, the Effective Date, and the cessation, for any reason, of the services of

the applicable DSC Member on the DSC, and not being subject to any administrative claim bar date; and it is further

**ORDERED** that, notwithstanding anything to the contrary in the Plan, no DSC Member shall be obligated to become a Plan Trustee upon the occurrence of the Effective Date; should any DSC Member decline to serve as a Plan Trustee on the Effective Date, his or her replacement shall be selected in accordance with the procedures set forth in the Motion; and it is further

**ORDERED** that notwithstanding anything to the contrary herein, this Order shall not provide to any person or entity (including but not limited to a Debtor) any limitation, exculpation, release, discharge, or preclusion of, or any immunity from or injunction against, (1) any liability or other obligation owed by such person or entity to a Governmental Unit, (2) or any claim, cause of action, or other right held by a Governmental Unit.

**ORDERED** that this Court retains jurisdiction with respect to all matters arising under or in connection with the implementation of this Order and the relief granted herein; and it is further

**ORDERED** that the terms of this Order are immediately effective and enforceable.

Dated: New York, New York
December 2, 2011

                                       *s/ James M. Peck*
                                       Honorable James M. Peck
                                       United States Bankruptcy Judge