**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                                                   :        Chapter 11 Case No.
                                                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**        :        08-13555 (JMP)
                                                                                          :
                              Debtors.                                       :        (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the two hundred eleventh omnibus objection to claims, dated September 16, 2011 (the "Two Hundred Eleventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge the Duplicative of Indenture Trustee Claims on the grounds that such claims are substantively duplicative of the corresponding Indenture Trustee Claims, all as more fully described in the Two Hundred Eleventh Omnibus Objection to Claims; and due and proper notice of the Two Hundred Eleventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Eleventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Eleventh Omnibus Objection to Claims.

legal and factual bases set forth in the Two Hundred Eleventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Eleventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (*i.e.*, the Duplicative of Indenture Trustee Claims) are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative of Indenture Trustee Claims shall be treated as having been filed in support of the corresponding the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (*i.e.*, the Indenture Trustee Claims); and is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to any of the Indenture Trustee Claims, and the Debtors' rights to object to the Indenture Trustee Claims on any basis are preserved; and it is further

ORDERED that if the Court subsequently orders that an Indenture Trustee Claim is not appropriately duplicative of the corresponding Duplicative of Indenture Trustee Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative of Indenture Trustee Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred Eleventh Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Indenture Trustee Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
December 2, 2011

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge