RECEIVED
NOV 23 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

B 210A (Form 210A) (12/09)

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **KUTXA**<br>Name of Transferee | **Shibumi Inversiones S.L**<br>Name of Transferor |

Name and Address where notices to transferee should be sent:

Inigo Lopez Tapia
Head of Capital Markets
KUTXA
Calle Getaria 9-11
20005 Donostia – San Sebastian
Spain
Phone:
Email:

Court Claim # (if known): **61076**
Total Amount of Claim Filed:
USD $ 283,020
Amount of Claim Transferred:
USD $ 283,020
ISIN/CUSIP: XS0286586648

Date Claim Filed: November 2, 2009

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____        Date: 23rd November 2011
    Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                     Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 61076 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 23rd of November 2011.

| | |
|---|---|
| **Shibumi Inversiones S.L** | **KUTXA** |
| Name of Alleged Transferor | Name of Transferee |
| | |
| Address of Alleged Transferor: | Address of Transferee: |
| | |
| **Calle Getaria 2** | **Inigo Lopez Tapia** |
| **Entlo dr.** | **Calle Getaria 9-11** |
| **20005 –San Sebastian Guipuzcoa** | **20005 Donostia – San Sebastian** |
| **Spain** | **Spain** |

~~DEADLINE TO OBJECT TO TRANSFER~~
The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                   _____
                                                 CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Shibumi Inversiones S.L. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Caja de Ahorros y M.P. de Gipuzkoa y San Sebastián - KUTXA (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 61076 filed by Shibumi Inversiones S. L. (the "Original Claimant") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16th day of November, 2011.

SELLER: Shibumi Inversiones S.L.

By: _____
Name: Shibumi Inversiones S.L.
Title: _____

Address:

BUYER: Caja de Ahorros y M.P. de Gipuzkoa y San Sebastián - KUTXA

By: _____
Name: Iñigo López Tapia
Title: Head of Capital Markets

Address: Calle Getaria 9-11,
20005 Donostia – San Sebastián, Gipuzkoa, Spain

2

## SCHEDULE 1

### Transferred Claims

Purchased Claim

USD 283,020 or 100% of USD 283,020 (the outstanding amount of the Proof of Claim as of November 16, 2011), plus all accrued interest fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 2,240,000 Equity-Linked Notes due February 2014 relating to a Basket of Shares unconditionally and irrevocably guaranteed by LEHMAN BROTHERS HOLDINGS INC. (incorporated in the State of Delaware) | XS0286586648 | LEHMAN BROTHERS TREASURY CO. B.V. | Lehman Brothers Holdings Inc. | EUR 200,000 Equivalent in USD 283,020 | N/A | February 2014 | EUR 200,000 Equivalent in USD 283,020 |

Schedule 1-1

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

**LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000061076

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

**Creditor Name:** Shibumi Inversiones S.L.
**Creditor Address:** Calle Getaria 2, Entlo Dr., 20005 Donostia - San Sebastián Guipúzcoa Spain
**Contact Name:** Mikel Ezkerra Hernandez
**Contact Address:** Camino Portuetxe, Nº 10, 20018 - Donostia - San Sebastián Guipúzcoa SPAIN
Telephone number: 0034-943001208    Email Address: valores@kutxa.es

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ **283.020,00** (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): **XS0286586648** (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:
**6026106**
(Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
**Euroclear Bank 96287**
(Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date. | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 22-sep-09 | **Francisco Javier Maya Galarraga - Manager** |

FOR COURT USE ONLY

**FILED / RECEIVED**

NOV 0 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.



443



# Diego-María Granados Asensio
### Notario

Churruca, 14 - 2.º
Telfs.: 943 42 62 11 - 943 42 65 59
Fax 943 42 64 11 - 943 43 02 94
20004 SAN SEBASTIAN

Día ........ 3-MAyo-2007

Número ........ -1439-

ESCRITURA DE MODIFICACION DE ESTATUTOS Y REE-
LECCION DE ADMINISTRADORES SOLIDARIOS OTORGA-
DO POR "SHIBUMI INVERSIONES, S.L."

Registro Mercantil Guipuzcoa
SHIBUMI INVERSIONES SL
Presentación: 1/65/3.675 Folio: 582
Prot.: 2007/1439/N/03/05/2007
Fecha: 18/05/2007 Hora: 13:54
N.Entrada: 1/2007/4.258,0.



B  0069219

DIEGO M.ª GRANADOS
NOTARIO
Churruca, 14 - 2.º - Tel. 943 426 559
20004 SAN SEBASTIAN

NUMERO MIL CUATROCIENTOS TREINTA Y NUEVE.-------

MODIFICACION DE ESTATUTOS Y REELECCION DE ADMI-
NISTRADORES SOLIDARIOS.-------------------------

EN SAN SEBASTIAN, a tres de Mayo de dos mil siete.-------

Ante mí, DIEGO-MARIA GRANADOS ASENSIO, Notario del Ilustre Colegio de Pamplona, con residencia en la Ciudad de la fecha,-------

COMPARECE:

DON FRANCISCO-JAVIER MAYA GALARRAGA, mayor de edad, casado, vecino de San Sebastián (Maestro Santesteban, 3), con D.N.I. nº 15891915-L.-------

ACTUA: Como Administrador solidario de la sociedad de responsabilidad limitada "SHIBUMI INVERSIONES, S.L.", domiciliada en San Sebastián (Maestro Santesteban, 3-4º-C.), constituída por tiempo indefinido en escritura autorizada por el Notario de esta Ciudad, Don José-Carlos Arnedo, en mi sustitución, el 17 de Diciembre de 2.001, habiendo ampliado su capital social en escrituras autorizadas por mí el 27 de Diciembre de 2001, por el Notario de esta Ciudad, Don José-Carlos

Arnedo Ruiz en mi sustitución el 27 de Marzo de 2003, y por mí el 14 de Mayo de 2003 y el 26 de Enero de 2004, y trasladado su domicilio social al actual en escritura asimismo autorizada por mí el 12 de Enero de 2004.- Inscrita en el Registro Mercantil de Guipúzcoa al tomo 1933, folio 31, hoja SS-20.042, inscripción 1ª.- Código de Identificación Fiscal: B-20759684.----------------

Se halla facultado para este otorgamiento por la Junta General Universal de Socios celebrada el 3 de Mayo de 2007, según resulta de certificación librada por el compareciente, como Administrador solidario de la Sociedad, cuya firma, por haber sido puesta en mi presencia, legitimo.- Queda unida a esta matriz.----------------

Le conozco y tiene, a mi juicio, capacidad bastante para otorgar esta escritura.------------

D I C E   Y   O T O R G A:

PRIMERO.- Que declara establecido que la duración del cargo de Administrador de la sociedad sea indefinida, y en consecuencia, declara modificado el artículo 28º de los Estatutos Sociales, que queda con la redacción que se hace constar en el acuerdo "Segundo" de la certificación unida a esta matriz, dando aquí su texto por reproducido.

SEGUNDO.- Que declara reelegidos, por tiempo indefinido, como Administradores solidarios de la Sociedad, a DON FRANCISCO-JAVIER MAYA GALARRAGA y DOÑA MARIA-ELENA MARTINEZ-ITURRALDE OLASAGASTI.--



Notaria erabilerarako soilik.
Para uso exclusivo notarial.

B   0069220

Los reelegidos, cuyas circunstancias personales constan en la certificación unida a esta matriz, aceptaron su designación, declarando no incurrir en las incompatibilidades fijadas en la Ley 5/2006, de 10 de Abril, ni en ninguna otra.--

Advierto al compareciente de la obligatoriedad de inscribir esta escritura en el Registro Mercantil.----------------------------------------

De acuerdo con lo establecido en la Ley Orgánica 15/1999, de Protección de Datos, el compareciente, previamente informado acerca del contenido y alcance del secreto del protocolo y del secreto profesional, consiente expresamente la incorporación de sus datos personales a los ficheros automatizados existentes en la Notaría. Dichos datos se conservarán con la máxima confidencialidad, sin perjuicio de su toma de razón en los registros públicos competentes o su remisión a los organismos judiciales o administrativos en los términos que establezca la legislación vigente.---------------------------------------

El Notario interviniente hace constar que en este documento el consentimiento ha sido libremente prestado y que el otorgamiento se ajusta a

la legalidad y a la voluntad debidamente informada de los otorgantes o intervinientes (art. 17 bis 2 a) de la Ley del Notariado).------------------

Cumplidos los requisitos de lectura conforme a lo dispuesto en el párrafo 1º del artículo 193 del Reglamento Notarial, el compareciente, tal y como interviene, presta su consentimiento y firma.----------------------------------------

Y yo, el Notario, doy fe: De que el consentimiento prestado en este acto ha sido dado libremente y previa la información pertinente y adecuada; de que su contenido es conforme a la legislación vigente, y de todo lo consignado en este instrumento público, que queda extendido en dos folios de papel timbrado, letra A., números: 0066215 y el del presente.- Está la firma del compareciente.- Signado: Diego-María Granados.- Sellado y rubricado.-------------------------

(SIGUE DOCUMENTO UNIDO)

==
==
==
==
==
==
==
==
====================================




Notaria erabilerarako soilik.
Para uso exclusivo notarial.

B  0069221

D. Francisco Javier Maya Galarraga, Administrador Solidario de SHIBUMI INVERSIONES, SL con CIF B-20.759.684 y domicilio social en San Sebastián, Maestro Santesteban n° 3-4° C, inscrita en el Registro Mercantil de Gipuzkoa al Tomo 1.933, Folio 31, Hoja SS-20.042,

CERTIFICA

Que en la Junta General, celebrada con el carácter de Universal el día 3 de mayo de 2007 en el domicilio social, estando presente y representado el cien por cien del capital social, según figura en el Acta de la misma, que fue redactada cumpliendo los requisitos del art. 97 del Reglamento del Registro Mercantil, aprobada por unanimidad y firmada por todos los asistentes, incluido Presidente y Secretario, al finalizar la sesión, se adoptaron por unanimidad los siguientes acuerdos:

Primero.- Establecer que la duración del cargo de administrador de la sociedad será por tiempo indefinido.

Segundo.- Modificar en consecuencia el artículo 28° de los Estatutos Sociales, que queda redactado como sigue:

"Artículo 28°. Duración del cargo.

El cargo de Administrador se ejercerá por tiempo indefinido, salvo siempre la facultad de separación por parte de la Junta General."

Tercero.- Reelegir como Administradores Solidarios, por plazo indefinido, a:
- D. Francisco Javier Maya Galarraga, mayor de edad, de nacionalidad española, casado, con domicilio en San Sebastián (Gipuzkoa), C/Maestro Santesteban n° 3-4°, y con DNI número 15.891.915-L.

Dª. María Elena Martínez-Iturralde Olasagasti, mayor de edad, de nacionalidad española, casada, con domicilio en San Sebastián (Gipuzkoa), Pº de Arriola 32-2º, y con DNI número 15.907.211-C.

Los nombrados presentes en la junta, aceptan el cargo y manifiestan no hallarse incursos en ninguna de las incompatibilidades establecidas por la Ley 5/2006, de 10 de abril, ni cualquiera otra que pudiera afectarles.

Cuarto.- Facultar a los Administradores Solidarios de la sociedad para que, cualquiera de ellos, indistintamente, pueda comparecer ante Notario de su elección y elevar a públicos los presentes acuerdos, otorgando para ello las Escrituras Públicas correspondientes, incluso de subsanación, aclaración o rectificación, así como para realizar cuantas actuaciones sean precisas o convenientes para la plena eficacia de los acuerdos.

Y para que así conste, a los efectos oportunos, expide la presente certificación en San Sebastián, a 3 de mayo de 2007.

El Administrador Solidario
D. Francisco Javier Maya Galarraga




Notaria erabilerarako soilik.
Para uso exclusivo notarial.

B 0069222

DOY FE DE QUE ES COPIA DE LA MATRIZ QUE CON El NUMERO QUE ENCABEZA OBRA EN MI PROTOCOLO CORRIENTE DE INSTRUMENTOS PUBLICOS. Y PARA "SHIBUMI INVERSIONES, S.L.", LA EXPIDO EL SIGUIENTE DIA DE SU OTORGAMIENTO, EN CUATRO FOLIOS DE PAPEL TIMBRADO, LETRA B, NUMEROS 0069219 Y SUS TRES SIGUIENTES EN ORDEN CORRELATIVO.-



DOCUMENTO SIN CUANTIA

Registro Mercantil Guipuzcoa
PL.JULIO CARO BAROJA 1-1A - 20018 SAN SEBASTIAN
SHIBUMI INVERSIONES SL

DOCUMENTO : 1/2007/4.660,0    DIARIO : 65    ASIENTO : 3675
EL REGISTRADOR MERCANTIL que suscribe, previo examen y calificación del documento precedente de conformidad con los artículos 18-2 del Código de Comercio y 6 del Reglamento del Registro Mercantil, ha procedido a su inscripción en la fecha de la presente nota, en el:

TOMO : 1933         LIBRO : 0
HOJA : SS-20042     HOJA BIS:         FOLIO : 36
INSCRIP.: 7ª        INS. BIS :

Haciéndose constar expresamente la no inclusión de la/s persona/s nombrada/s a que se refieren las inscripciones practicadas en este Registro en virtud de este documento, en el Registro de Resoluciones Concursales, conforme a lo dispuesto en el artículo 61 bis del Reglamento del Registro Mercantil.

HONORARIOS (sin I.V.A.):    N.FACTURA:
SAN SEBASTIAN, 4 de Junio de 2007
EL REGISTRADOR

