RETURN RECEIPT REQUESTED

4500 Park Court
Bellaire, TX 77401
November 18, 2011



Honorable James M. Peck
Courtroom 601
One Bowling Green
New York, NY 10004

RE:     United States Bankruptcy Court Southern District of New York
        Lehman Brothers Holding Inc., Chapter 11 Case No 08-13555
        Notice of Hearing on Debtor's One Hundred Seventy-Sixth Omnibus
        <u>Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)</u>

Creditor Name and Address:      Claim Number:   15557
Fortune, Janice K               Date Filed:     9/17/2009
4500 Park Court                 Debtor:         08-13555
Bellaire, TX 77401              Classification/Amount: UNSECURED $100,000.00

Dear Judge James Peck:

I would like to oppose the reclassification of claim #15557 to be reclassified as an equity interest "on the ground that it is based on either restricted stock units, contingent stock awards, stock options or other equity-related compensation." This is incorrect for the following reasons:

I was employee of Eagle Energy Partners when Lehman Brothers Commodities Services, Inc. bought our company and this claim is based on an employment agreement entered into between the parties on June 14, 2007. Upon buying Eagle Energy Partners, Lehman offered key employees a three year "Retention Award" as incentive to remain employed with Lehman Brothers Commodity Services, Inc. and the payments under the agreement are characterized as "Retention Awards".

My retention award was for $150,000. The payments under this agreement are fixed and payable regardless of company performance and are in no way tied to Lehman Brothers stock, stock options, contingent stock awards or stock performance. The retention award was to be paid out in cash in equal annual installments on each of the first through third anniversaries of the Closing Date. I received my first payment of $50,000 in August of 2008, hence my claim of $100,000 in cash that was due to me from Lehman Brothers when they filed bankruptcy.

Under the terms of the agreement, the only reasons that the Retention Award would not be payable to the employee would be i) employment ends as a result of employee resignation from the firm or ii) employee terminated for Cause by Lehman Brothers, neither of which occurred as I was employed by Lehman Brothers Commodity Services at the time of the bankruptcy filing.

Claim No. 15557 - Fortune, Janice K
Page Two

In the agreement, the following line appears: "For purposes of Lehman's Equity Award Program, the Retention Award payments will not be considered part of your total compensation." The purpose of this line is to clarify that these retention award payments are not to be considered and will not be part of Lehman's Equity Award Program, an employee bonus program that was tied to individual and company financial performance. This is the only mention of "Equity" in the contract and its specific purpose is delineate between payments to be made under this agreement and bonus payments to be made related to equity performance.

Accordingly, this claim should remain classified as UNSECURED. I have enclosed a copy of my Lehman Brothers agreement for the retention award and it was submitted with my initial claim. Of the former Eagle Energy Partners employees that received this retention award there are only a few claims that are trying to be reclassified. The rest of the employees claims have been classified as a cash settlement.

I apologize for my late response and would like to ask for mercy from the court. I did not receive a written notice that my claim was part of the One Hundred Seventy-Sixth omnibus. On October 3 I found on Epiq's website that my claim was in the omnibus to be reclassified as equity interests. My claim has been adjourned until the December 21, 2011 hearing. I can be reached at (713) 408-1350.

Respectfully,

*Janice Fortune*

Janice Fortune

Enclosure

# LEHMAN BROTHERS

6/14/2007

*By Hand*

Janice Fortune

Dear Janice:

In connection with the acquisition of Eagle Energy Parnters I, L.P. ("Eagle") contemplated by the Purchase Agreement, dated as of May 8, 2007, among Lehman Brothers Commodities Services and the sellers named therein (the "Purchase Agreement"), Eagle and Lehman Brothers Holdings Inc. (together with its parents, affiliates, and subsidiaries, "Lehman" or the "Firm") have agreed that you are key to the business of Eagle and, as such, Lehman and Eagle desire to provide you with an incentive to remain employed with Eagle or its successor in the acquistion through and after the closing date of the Purchase Agreement (the "Closing Date"). Accordingly, Lehman is pleased to offer you the opportunity to receive a retention award ("Retention Award"), subject to the terms and conditions set forth below. Your eligibility to receive the Retention Award is conditioned on the Closing (as defined in the Purchase Agreement) of the Purchase Agreement, confirmation that you have satisfactorily met all of Lehman's pre-employment requirements, including the successful completion of a criminal background investigation, and your continued employment with Eagle or its affiliates through the Closing Date as well as other conditions set forth in this letter.

Provided you remain actively employed through the payment dates and subject to confirmation that you have satisfactorily met all of Lehman's pre-employment requirements, including the successful completion of a criminal background investigation, as well as other conditions set forth in this agreement, the Firm will grant you a retention award with an aggregate value equivalent to $150,000 (the "Retention Award"). The Retention Award will vest and become payable in equal installments, less applicable tax withholding and other deductions, on each of the first through third anniversaries of the Closing Date. In the event your employment with the Firm ends as a result of your resignation for any reason or your termination by the Firm for Cause (as defined below) before the applicable payment date, you will not thereafter receive any further Retention Award payments. In the event your employment is terminated by Firm without Cause before the applicable payment date, you will continue to receive any unpaid Retention Award payments on the applicable payment date(s). In the event your employment is terminated as a result of your death or "Disability" (which, for purposes of this retention award, will mean you are no longer actively working for the Firm and are receiving benefits under the Firm's Long-Term Disability Insurance Plan as in effect from time to time), you or your estate shall receive a lump sum cash payment equivalent to any unpaid portion of the Retention Payments as soon as practicable following such termination. For purposes of this Retention Award, "Cause" means any of the following: (i) misconduct, (ii) breach of Firm policies or rules, (iii) dishonesty, (iv) violation of laws or regulations, or (v) substantial and continuing failure to perform employment duties or obligations satisfactorily. For purposes of Lehman's Equity Award Program the Retention Award payments will not be considered part of your total compensation.

All payments described in this letter will be paid in accordance with our customary payroll practices, and will be subject to applicable payroll and income tax withholding and other applicable deductions. Please understand that the terms and conditions of your employment by Eagle or Lehman will be governed by applicable Firm policies.

While the foregoing compensation commitments will be honored on the terms outlined above, this letter is not a contract of continuing employment. Your employment by the Firm is for no fixed term, and either you or the Firm may terminate the employment relationship at any time for any reason.

This Retention Award is conditional upon the closing of the Purchase Agreement. In the event the Purchase Agreement is terminated, this letter will be void *ab initio* and of no further force or effect.

By your signature below, you agree that any controversies arising out of or relating to this letter or your employment by the Firm shall be submitted to and settled by arbitration pursuant to the rules as then in effect of the National Association of Securities Dealers or the New York Stock Exchange.

Janice, we are delighted that you will continue to be a part of our organization. If you agree with the terms outlined in this letter, please sign this letter and return it to me. An additional copy of this letter is enclosed for your files.

Sincerely,

Mary Pat Archer
Managing Director
Fixed Income Division

Acceptance:

I accept the terms and conditions of this offer letter. Furthermore, I confirm that I am not aware of any circumstances which may result in me being unable to successfully satisfy the criminal background check requirements outlined in this letter.

_____    6-15-07
Signed                              Date