UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                                          :    Chapter 11 Case No.
                                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                                   :
                                         Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED SIXTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN CLAIMS

Upon the Two Hundred Sixteenth omnibus objection to claims, dated September 16, 2011 (the "Two Hundred Sixteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(d) of title 11 of the United States Code (the "Bankruptcy Code") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF 6664], seeking disallowance and expungement of the Subordinated Guarantee Claims, all as more fully described in the Two Hundred Sixteenth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Sixteenth Omnibus Objection to Claims having been provided to: (i) each claimant listed on Exhibit A attached to the Two Hundred Sixteenth Omnibus Objection to Claims; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Sixteenth Omnibus Objection to Claims.

for these cases [ECF 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Two Hundred Sixteenth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Sixteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Sixteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Subordinated Guarantee Claims listed on Exhibit 1 annexed hereto are partially disallowed and expunged as indicated on Exhibit 1; and it is further

ORDERED that the claims listed on Exhibit 2 annexed hereto are partially reclassified as equivalent with preferred equity and included in the class of Equity Interests in LBHI in the Debtors' Chapter 11 Plan; and it is further

ORDERED that, this Order shall only apply to the portion of the Subordinated Guarantee Claims that is based on securities identified by ISIN XS028297866 and ISIN XS0301813522 and shall not affect in any way the portions of the Subordinated Guarantee Claims based on any other securities or claim identified therein; and it is further

ORDERED that the Debtors have adjourned to January 26, 2012 (or as may be further adjourned by the Debtors) the hearing on the Two Hundred Sixteenth Omnibus Objection to Claims with respect to the claims listed on Exhibit 3 annexed hereto; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
December 5, 2011

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE