November 28, 2011

Honorable James M. Peck
United States Bankruptcy Judge
One Bowling Green
New York, New York
10004

Re: Docket No. 22695 VEBA Order
Nov. 23, 2011 Letter of Debtor Counsel

Dear Honorable Sir,

I had filed an objection to the Debtor's Motion in the VEBA matter and appeared at the hearing on November 16th, 2011, before your Honor. I also requested some follow up information by letter to the Clerk of Court dated November 19, 2011, but may not have properly complied with the rules governing such requests, for which I apologize.

In reviewing the Docket page today and specifically No. 22695, I saw that the order transferring the shares of VEBA from the SIPC Trustee to the Debtor had been executed. I understand form the discussions at the hearing that the Order is limited in scope and only related to the transfer of shares and releases. However, I was under the impression from the hearing that the order was conditional on certain factors being meet, which included individual representation of each group with claims on the VEBA; the retirees, the disabled beneficiaries, and LBHI employees. The Weil letter characterizes your Honor comments as being "suggested", to which I disagree. I thought they were hard conditions, but voluntary on the Debtor's part.

I think that the Debtors undertaking to retain separate independent counsel to review the rights of the retired and disabled beneficiaries, is in partial accord with the request of objectors and your Honor's condition. However, it fails unreasonably short in reaching the needed result. I fail to understand why counsel cannot be appointed to represent the individual interests of the Retirees and the Disabled. I can understand the Debtor's position on current employees as that claim is basically for the self interest of the Debtors to increase the value of the Estate, and it is already represented. The Debtor admits that those people have received health benefits and will continue to do so even after the VEBA is depleted. I believe it is important that counsel be retained to represent the retired and disabled in this case. There is no union representing any of the retirees or the disabled, or to provide any continuing benefits. Most, if not all, of the beneficiaries are elderly and have no chance of finding employment, let alone have the financial ability to independently retain counsel. From the Debtor's letter it appears that a provision of the Bankruptcy Code prohibits the Debtor from retaining counsel to represent interests adverse to the Debtor, but the Debtor has acknowledged in the letter that it " has the same interest as the retirees or disabled employees in verifying whether there are any individuals who have such rights".



RECEIVED
DEC - 1 2011
U.S. BANKRUPTCY COURT, SDNY
JMP

Independent counsel is necessary to review the rights of Retirees and the Disabled with regard to both the original Lehman programs for which they qualified, and the rights of those parties with respect to the VEBA. The original intent for creating the VEBA and the extent of the benefits to each party should be reviewed by independent counsel. Debtors have claimed that the VEBA can be used to pay for Debtors employees during this extended reorganization process. In my original Objection and at the hearing, I argued that the exercise of fair and equitable treatment of all affected parties, favored by the balance of the equities, should not allow the Debtor to extract $25MM from the VEBA trust to pay for current employee health benefit. The Debtor and creditors have benefited substantially by this extended reorganization process, rather than a short term liquidation, and the expenses for that benefit should be incurred by them. I saw in a Bloomberg story today that claimants with $450 Billion in claims approved the Reorganization Plan. If that number is correct, and the claims increased in value by 15 points from the CDS auction, the estate increase in value could be over $60 Billion. I have no way of verifying the numbers but the perhaps the Debtor can provide some insight.

The Debtor has argued that the health benefit programs were terminated in 2009, and that the retiree and disabled benefits ended for them at that date, but were apparently continued under the VEBA. It would seem to me that if the health plan was terminated at that time, the termination would also affect the current employees and that whatever the new employee plan was, it was not intended to be part of the VEBA universe when VEBA was created and the transfer should not be allowed.

I note in the Debtor's letter that the DOL disagrees with the Debtor's approach. I do not know why. While I may not have any right to object, I would like to raise my disagreement and objection to their proposal.

Thank you for taking the time to review this request. The $25MM disbursement is a tiny piece of the whole Lehman plan and I appreciate the opportunity to present my concerns.

Respectfully

Steven G. Delaney

*Steven G. Delaney* (signature)

Copies of this Letter have been sent or emailed to:

Clerk of Court
Richard P. Krasnow, Esq.
Jeffrey S. Margolin, Esq.
Leonard Gerson, Esq.