Hearing Date and Time: December 21, 2011 at 10:00 a.m. (Eastern Time)
Response Deadline: December 7, 2011 at 4:00 p.m. (Eastern Time)

STROOCK & STROOCK & LAVAN LLP
Claude G. Szyfer
Francis C. Healy
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for DZ Bank AG Deutsche Zentral-Genossenschaftsbank*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11** |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | **Case No. 08-13555 (JMP)** |
| Debtors. | **(Jointly Administered)** |

**RESPONSE OF DZ BANK AG DEUTSCHE ZENTRAL-GENOSSENSCHAFTSBANK TO DEBTORS' TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

DZ Bank AG Deutsche Zentral-Genossenschaftsbank ("DZ Bank"), by and through its undersigned counsel, hereby files its response (the "Response") to the Debtors' Two Hundred Thirty-Second Omnibus Objection to Claims (Valued Derivative Claims) (the "Objection") [Docket No. 21727] and represents as follows:

**BACKGROUND**

1.   Prior to the Debtors' commencement of these cases, DZ Bank and Lehman Brothers Special Financing Inc. ("LBSF") were parties to certain derivative swap transactions (the "Transactions") documented under an ISDA master agreement, dated February 28, 1994 (the "Master Agreement"). LBSF's obligations to DZ Bank thereunder were guaranteed by Lehman Brothers Holdings Inc. ("LBHI").

2. On September 15, 2008, LBHI commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "LBHI Filing"). On October 3, 2008, LBSF filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the Bankruptcy Court.

3. The LBHI Filing constituted an Event of Default under Section 5(a)(vii) of the Master Agreement. By notice dated September 15, 2008, DZ Bank gave notice of the occurrence of an Event of Default under the Master Agreement with respect to LBSF (the "Termination Notice"), and designated September 15, 2008 as the Early Termination Date with respect to all Transactions under the Master Agreement.

4. On September 18, 2009, DZ Bank timely filed proofs of claim against LBSF (Claim 17423) and LBHI (Claim 17424) (collectively, the "Claims"). On October 22, 2009, DZ Bank timely submitted Derivative and Guarantee Questionnaires (the "Questionnaires") and uploaded voluminous documents in support of its claims, as required under the Bar Date Order (as defined in the Objection) and in full compliance with the Questionnaires, including, but not limited to, copies of the Master Agreement, Credit Support Annex, Guarantee, termination notice and calculation statement, and spreadsheets identifying details of the Transactions and the basis for DZ Bank's claim calculations. DZ Bank asserts claims of $213,525,103.75, plus interest, costs and fees, against each of LBSF and LBHI resulting from the early termination of the Transactions and LBHI's guarantee.

## RESPONSE

5. The Objection to DZ Bank's claims should be overruled. In the Objection, the Debtors assert that the Claims should be reduced to $107,309,157.92 to reflect their "fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records." Objection, ¶2 at 2. However, unlike DZ Bank, which submitted voluminous documentation in support of its valuations, the

2

Debtors do not articulate a single reason why they believe DZ Bank's claim calculations are incorrect, nor do they offer even a shred of evidence to support their own purported valuations.

6. Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Here, DZ Bank timely filed its Claims and provided voluminous documentary support for the validity and amount of its Claims, fully complying with the detailed Questionnaire process. Accordingly, DZ Bank's claims are prima facie valid in the asserted amounts. In order to overcome this prima facie validity, the Debtors must come forward with "evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (quoting In re Oneida, Ltd., 400 B.R. 384 (Bankr. S.D.N.Y. 2009); see also In re Minbatiwalla, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010). The Debtors have not offered *any* evidence in support of their assertion that the Claims should be reduced as set forth in the Objection. Especially in light of the vast amount of information DZ Bank was required to provide in support of its Claims, it is inappropriate for the Debtors to file an Objection that is completely devoid of any evidentiary support and fails to meet the basic requirements of the Bankruptcy Code and Bankruptcy Rules. Accordingly, because the Debtors have failed to come forward with evidence to refute the prima facie validity of DZ Bank's claims, the Objection should be denied.

7. DZ Bank reserves all of its rights, claims and defenses, including without limitation the right to discovery in connection with the Debtors' Objection.

3

WHEREFORE, DZ Bank respectfully request that the Court (i) overrule the Objection and allow Claims 17423 and 17424 as set forth herein, and (ii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated:  December 5, 2011                    Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

/s/ Claude G. Szyfer
Claude G. Szyfer
Francis C. Healy
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for DZ Bank AG Deutsche Zentral-Genossenschaftsbank*