**Hearing Date and Time: December 21, 2011 at 10:00 a.m. (Eastern Time)**
**Response Deadline: December 8, 2011 at 4:00 p.m. (Eastern Time)**

STROOCK & STROOCK & LAVAN LLP
Claude G. Szyfer
Harold A. Olsen
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for Magnetar Constellation Master Fund, Ltd*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re                                                      :
                                                           :   **Chapter 11**
**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*,             :
                                                           :   **Case No. 08-13555 (JMP)**
                                                           :
Debtors.                                   :   **(Jointly Administered)**
                                                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSE OF MAGNETAR CONSTELLATION MASTER FUND, LTD TO**
**DEBTORS' TWO HUNDRED THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY DERIVATIVE CLAIMS)**

Magnetar Constellation Master Fund, Ltd ("Magnetar"), by and through its undersigned

counsel, hereby files its response (the "Response") to the *Debtors' Two Hundred Thirty-Third*

*Omnibus Objection to Claims (No Liability Derivative Claims)* (the "Objection") [Docket No.

21741] and respectfully represents as follows:

**BACKGROUND**

1.      On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") filed a

voluntary petition (the "LBHI Filing")for relief pursuant to chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern

District of New York (the "Bankruptcy Court").  On October 3, 2008, Lehman Brothers Special

Financing Inc. ("LBSF") filed a voluntary petition for relief pursuant to chapter 11 of the

Bankruptcy Code in the Bankruptcy Court.

2.    LBHI, LBSF and their chapter 11 debtor-affiliates (each a "Debtor" and

collectively, the "Debtors") are operating their businesses and managing their properties as

debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.  On September 17,

2008, an Official Committee of Unsecured Creditors was appointed in the Debtors' cases.

3.   Prior to the Debtors' commencement of these cases, Magnetar and LBSF were parties

to certain swap transactions (the "Transactions") documented under an ISDA master agreement,

dated March 1, 2007 (the "ISDA Master Agreement").  LBSF's obligations to Magnetar

thereunder were guaranteed by LBHI.  The LBHI Filing constituted an Event of Default under

Section 5(a)(vii) of the ISDA Master Agreement.  On September 16, 2008, Magnetar terminated

the Transactions under the ISDA Master Agreement pursuant to the safe harbor provisions of the

Bankruptcy Code, and designated September 16, 2008, as the Early Termination Date with

respect to all Transactions under the ISDA Master Agreement.

4.   On September 15, 2009, Magnetar timely filed proofs of claim against LBSF (Claim

number 12722) and LBHI (Claim number 12700) (collectively, the "Claims").  On September

17, 2009 and October 1, 2009, respectively, Magnetar timely submitted Derivative and

Guarantee Questionnaires (the "Questionnaires") and uploaded voluminous information and

documents in support of its claims, as required under the Bar Date Order (as defined in the

Objection) and in full compliance with the Questionnaires.  Magnetar asserts claims of

$20,130,595.00 plus interest, costs and fees resulting from early termination of the Transactions

and LBHI's guarantee.

2

## RESPONSE

5.        The Objection to Magnetar's Claims should be overruled.  In the Objection, the

Debtors assert that the Claims should be disallowed and expunged because they "provide no

basis of liability as to the Debtors."  Objection, ¶11 at 4.   The Debtors generally argue that they

have reviewed the various claimants' claims and their own books and records and have

determined that "either no amounts are owed under the Derivative Contracts to either party or the

respective claimants actually owe money to the Debtors based on such Derivative Contracts."

Id., ¶11 at 5.  The Debtors do not articulate any specific reason why they believe Magnetar's

claims are improper, nor do they offer a shred of evidence to support their position.

6.        Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules"), "[a] proof of claim executed and filed in accordance with these rules shall

constitute *prima facie* evidence of the validity and amount of the claim."  Here, Magnetar timely

filed its Claims, and provided voluminous information and documentary support for the validity

and amount of its Claims, fully complying with the detailed Questionnaire process.  Accordingly,

Magnetar's Claims are *prima facie* valid in the asserted amounts.  In order to overcome this

*prima facie* validity, the Debtors must come forward with "evidence equal in force to the prima

facie case ... which, if believed, would refute at least one of the allegations that is essential to the

claim's legal sufficiency."  In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y.

2009) (quoting In re Oneida, Ltd., 400 B.R. 384 (Bankr. S.D.N.Y. 2009); see In re Minbatiwalla,

424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010).  The Debtors have not offered any evidence in

support of their assertion that the Claims should be disallowed as set forth in the Objection.

Especially in light of the vast amount of information Magnetar was required to provide in

support of its Claims, it is inappropriate for the Debtors to file an Objection that is devoid of any

3

evidentiary support and fails to meet the basic requirements of the Bankruptcy Code and

Bankruptcy Rules.  Accordingly, the Objection should be denied.

7.      Magnetar reserves all of its rights, claims and defenses, including without

limitation the right to discovery in connection with the Debtors' Objection.

WHEREFORE, Magnetar respectfully requests that the Court (i) overrule the Objection

and allow Claims 12722 and 12700 in their asserted amount and priority, and (ii) grant such

other and further relief as this Court deems just and proper under the circumstances.


Dated:  December 5, 2011                      Respectfully submitted,
        New York, New York


                                              STROOCK & STROOCK & LAVAN LLP


                                              /s/ Claude G. Szyfer
                                              Claude G. Szyfer
                                              Harold A. Olsen
                                              180 Maiden Lane
                                              New York, New York 10038
                                              Telephone: (212) 806-5400
                                              Facsimile: (212) 806-6006

                                              *Attorneys for Magnetar Constellation Master Fund, Ltd*