Alan Kolod
Kent C. Kolbig
**MOSES & SINGER LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: (212) 554-7800
Fax: (212) 554-7700

*Attorneys for Deutsche Bank Trust
Company Americas*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

**OBJECTION OF DEUTSCHE BANK TRUST COMPANY AMERICAS TO**
**LEHMAN BROTHERS SPECIAL FINANCING INC.'S PROPOSED CURE AMOUNT**

Deutsche Bank Trust Company Americas, in its capacity as indenture trustee (the "Trustee"), by and through its counsel, Moses & Singer LLP, hereby objects to the cure amount proposed by Lehman Brothers Special Financing Inc. ("LBSF") to assume the Swap (as defined below). In support thereof, the Trustee states as follows:

**RELEVANT BACKGROUND**

1.  The Trustee was appointed as indenture trustee under that certain Series Indenture (the "Series Indenture"), dated as of April 5, 2007, among Granite Finance SPC, for the account of the Series 2007-1-C Segregated Portfolio (the "Issuer"), Granite Finance LLC (the "Co-Issuer" and together with the Issuer, the "Co-Issuers"), the Trustee, and Deutsche Bank AG, London Branch (the "Principal Paying Agent"), which supplements and incorporates the

902343

Standard Terms for Indentures (the "Standard Terms" and, together with the Series Indenture, the "Indenture"), dated as of April 5, 2007, among the Co-Issuers, the Trustee and the Principal Paying Agent.

2. Pursuant to the Indenture, the Issuer was directed to enter into that certain 1992 ISDA Master Agreement, as supplemented by the Schedule and Confirmation (collectively, the "Swap"), with LBSF. On April 5, 2007, the Issuer and LBSF entered into the Swap, which was to expire by its terms on June 20, 2012. LBSF's obligations under the Swap are guaranteed by Lehman Brother Holdings Inc. ("LBHI" and together with LBSF, the "Debtors"). Pursuant to the Indenture, the Issuer granted all of its rights and interests in the Swap to the Trustee in its capacity as trustee.

3. At least four separate events of default occurred under the Swap: (i) commencement of the chapter 11 case by LBHI (as guarantor) on September 15, 2008, (ii) commencement of the chapter 11 case by LBSF on October 3, 2011, (iii) LBSF's failure to make payments due the Trustee under the Swap, and (iv) the occurrence of an Underlying Securities Default (as defined in the Series Indenture).

4. On August 31, 2011, the Debtors filed their Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan") and related Disclosure Statement. On September 1, 2011, the Court entered its Amended Order (i) Approving the Proposed Disclosure Statement and the Form and Manner of Notice of the Disclosure Statement Hearing, (ii) Establishing Solicitation and Voting Procedures, (iii) Scheduling a Confirmation Hearing, and (iv) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Joint Chapter 11 Plan.

5.  On October 25, 2011, the Debtors filed their Plan Supplement which includes a list of "Derivative Contracts" that the Debtors and certain of their affiliates are seeking to assume pursuant to the Plan. The Plan Supplement identifies derivative contracts by the non-Lehman counterparty and incorrectly identified the Swap by misstating the name of the Issuer as Granite Finance 2007-1-C LTD.

6.  By assumption notice dated October 27, 2011, LBSF intended to notify the Trustee that it proposed a cure amount of GBP 1,807,920 and sought to assume the Swap. However, because LBSF misidentified the Issuer in the Plan Supplement, that assumption notice also misidentified the Swap. LBSF also advised the Trustee that this cure amount might be subject to correction. After realizing that it had misidentified the Swap and the Issuer, on November 16, 2011, LBSF sent a revised assumption notice to the Trustee correctly identifying the Swap and the Issuer and proposed a reduced cure amount of GBP 223,663 (the "Initial Cure Amount"), which sum the Trustee understands represented amounts owed by LBSF under the Swap through September 20, 2011.

7.  On November 29, 2011, the Debtors filed their fourth amendment to the Plan Supplement to, among other things, correctly identify the Swap and the Issuer. That same day, LBSF issued a notice to the Issuer and the Trustee purporting to terminate the Transaction (as defined in the Swap) under the Swap.

8.  On December 1, 2011, LBSF issued a third assumption notice notifying the Trustee, among others, that the proposed cure amount had been further reduced to zero. Pursuant to this last assumption notice, the Trustee's deadline to object to the proposed assumption or cure amount expires on December 15, 2011.

**OBJECTION**

9. The Trustee disputes LBSF's proposed cure amount of zero.

10. LBSF does not dispute that, as of the date of its purported termination of the Transaction, it had not made quarterly payments from September 2008 through September 2011 under the Swap to the Trustee. Each of those payments is due and owing and default interest accrues thereon in accordance with the terms of the Swap. The amount of the payments and default interest as of November 29, 2011, was GBP 230,261.86, slightly more than the Initial Cure Amount, GBP 223,663.

11. The Trustee understands that LBSF's post-termination proposed cure amount of zero is based on its purported termination of the Transaction, which, if effective, would trigger the netting provisions under the Swap. According to LBSF, it is "in the money" under the Swap after netting out the amounts it admittedly owes to the Trustee against the termination payment it believes is owed to it. The Trustee does not know this to be true and has had insufficient time to quantify the economic consequences of LBSF's termination. In addition, it does not appear that LBSF took into account its obligation to reimburse the Trustee for its legal fees and expenses incurred in connection with the Swap when LBSF calculated either its proposed Initial Cure Amount of GBP 223,663 or the revised proposed cure amount of zero.

12. Pursuant to Section 365(b)(1)(A), a debtor must satisfy all cure obligations for a contract before it can assume such contract. A debtor's cure obligation includes payment of all amounts due the non-debtor under the contract as well as the non-debtor's legal fees to the extent that the relevant contract provides for such payments. *Urban Retail Props. v. Lowes Cineplex Entm't Corp.*, 2002 U.S. Dist. LEXIS 6186 (S.D.N.Y. Apr. 8, 2002) ("Recovery of attorneys fees and interest under Section 365 is appropriate where the lease at issue provides for such recovery

as an on obligation of the Debtor") (*citing In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 756-57 (Bankr. S.D.N.Y. 1986)). Under the terms of the Swap, LBSF is obligated to reimburse the Trustee for its out-of-pocket expenses, including the Trustee's legal fees and expenses, since LBSF is a defaulting party under the Swap. *See* Swap, § 11.

13.   In addition, LBSF is not permitted to assume the Swap unless it compensates the Trustee for its actual pecuniary costs incurred as a result of LBSF's default. 11 U.S.C. § 365(b)(1)(B). The Trustee's legal fees are among the actual pecuniary costs that LBSF is required to cure in order to assume the Swap. *Westview*, 59 B.R. at 756 ("an express contractual provision for attorney's fees gives rise to a right to obtain a reasonable attorney's fee as part of curing the debtor's default and in compensation for the [counterparty's] actual pecuniary loss under section 365 of the Code"); *see also In re Foreign Crating, Inc.*, 55 B.R. 53, 54 (Bankr. E.D.N.Y. 1985) (holding attorneys fees to constitute a pecuniary loss under Section 365(b)(1)(B)).

14.   Thus, the Trustee objects to LBSF's proposed cure amount of zero and asserts all unpaid amounts due and owing by LBSF under the Swap as of the date of assumption, including, without limitation, missed quarterly payments, accrued default interest and reimbursement of its legal fees and expenses.

## CONCLUSION

WHEREFORE, the Trustee requests that this Court condition assumption of the Swap on payment of, and require LBSF to pay, all amounts due and owing under the Swap and grant the Trustee such other and further relief as this Court deems necessary and appropriate.

Dated: New York, New York
      December 5, 2011

                              **MOSES & SINGER LLP**

                      By:   /s/ Alan Kolod
                            Alan Kolod
                            Kent C. Kolbig
                            The Chrysler Building
                            405 Lexington Avenue
                            New York, New York 10174
                            Telephone: (212) 554-7800
                            Fax: (212) 554-7700
                            Email: akolod@mosessinger.com
                                        kkolbig@mosessinger.com

                            *Attorneys for Deutsche Bank Trust*
                            *Company Americas*