**LATHAM & WATKINS LLP**
885 Third Avenue, Suite 1000
New York, NY 10022
(212) 906-1200
Mark A. Broude
Carlos Alvarez
Email: Mark.Broude@lw.com
       Carlos.Alvarez@lw.com

*Attorneys for Ares Enhanced Credit Opportunities GP LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____
                                       )
In re                                  )    Chapter 11
                                       )
LEHMAN BROTHERS HOLDINGS INC., *et al.* )    Case No. 08-13555 (JMP)
                                       )
                                       )    Jointly Administered
                    Debtors.           )
_____ )

**RESPONSE OF ARES ENHANCED CREDIT OPPORTUNITIES GP LLC TO
DEBTORS' TWO HUNDRED THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY DERIVATIVE CLAIMS)**

Ares Enhanced Credit Opportunities GP LLC ("Ares"), as the general partner of Ares Enhanced Credit Opportunities Master Fund, L.P. ("Ares ECO"), by its undersigned counsel, submits this response (the "Response") to the *Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims (No Liability Derivative Claims)*. In support of this Response, Ares respectfully states as follows:

**BACKGROUND**

1.      Lehman Brothers Special Financing Inc. ("LBSF") and Ares ECO are parties to the ISDA Master Agreement dated January 24, 2007 (the "Master Agreement") and the Credit Support Annex, also dated January 24, 2007. Lehman Brothers Holdings Inc. ("LBHI") is specified as a credit support provider in the Master Agreement and a guarantee from LBHI (the

NY\1889492.5

"Guarantee") is attached as an exhibit to the Master Agreement and listed as a credit support document.  Additionally, LBHI guaranteed the obligations of LBSF under the Master Agreement pursuant to the Unanimous Written Consent of its Board of Directors, dated June 9, 2005 (the "Written Consent of LBHI").

2.    Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced voluntary cases under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York.  These cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.    On July 2, 2009, this Court entered the *Order for Establishing Deadlines for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ."  Bar Date Order, at 7.  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." *Id.* at 8.

4.    On September 21, 2009, Ares ECO filed (i) a proof of claim (Claim No. 21852) against LBHI seeking recovery under the Derivative Contract in the amount of $22,635,513.41 (the "LBHI Claim") and (ii) a proof of claim (Claim No. 21851) against LBSF seeking recovery

under the Guarantee in the amount of $22,635,513.41 (the "LBSF Claim"). Pursuant to the terms of the Bar Date Order, Ares completed the required Derivative Questionnaire and Guarantee Questionnaire (the "Questionnaires") in connection with the LBHI Claim and the LBSF Claim, respectively.[1] In conjunction with the Questionnaires, Ares submitted the following supporting documentation: the Master Agreement and the exhibits thereto, including the Guarantee; the Credit Support Annex; the Notice of Termination and evidence of delivery thereof; a copy of Ares ECO's valuation statement, including quotation details; a trade details analysis providing information necessary to identify and reconcile each transaction, as well as quotation details; and the Written Consent of LBHI.

5.  On October 6, 2011, the Court entered the *Order Granting Debtors' One Hundred Eighty-Second Omnibus Objection to Claims (Valued Derivative Claims)* [Docket No. 20630], pursuant to which the LBSF Claim was reduced and allowed in the amount of $22,507,308.76.

6.  On November 8, 2011, the Debtors filed the *Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims (No Liability Derivative Claims)* (the "Objection") seeking to disallow and expunge the LBHI Claim solely on the basis that, "[a]fter review of the claimants' supporting documentation and the Debtors' books and records, the Debtors have determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants . . . ." Objection, at ¶ 11. The Debtors submitted no documentary or any other evidence in support of the Objection.

---

[1] Each of the LBHI Claim and the LBSF Claim was asserted in the Derivative Questionnaire and the Guarantee Questionnaire, respectively, in the amount of $22,672,629.30.

7. The Debtors seek to disallow and expunge the LBHI Claim in its entirety. The Debtors submit that no amounts are owed to Ares by LBHI under the Derivative Contract, without offering any evidence whatsoever to support this assertion.

## ARGUMENT

**A.    Applicable Legal Standard**

8. A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity of the claim. *See In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); *In re Hess*, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009); *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008); *In re MarketXT Holdings Corp.*, 2007 Bankr. Lexis 740, 17 n.8 (Bankr. S.D.N.Y. 2007). If a party in interest files an objection to the proof of claim, "[t]he burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim." *Alper Holdings USA*, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008); *see also In re MarketXT Holdings Corp.*, 2007 Bankr. Lexis 740, 17 n.8 (Bankr. S.D.N.Y. 2007) (noting that "[t]he claimant is only required to prove the merits of the claim if an objection is offered"). Specifically, "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008); *In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009). Thus, the burden of proof does not shift to the claimant until the objector has first met its burden of production by providing sufficient evidence to overcome the prima facie validity of the claim. "When the burden [does] shift back to the claimant, the claimant must prove the validity of the claim by a preponderance of the evidence." *In re MarketXT Holdings Corp.*, 2007 Bankr. Lexis 740, 17 n.8 (Bankr. S.D.N.Y. 2007); *see also In re*

*DJK Residential LLC*, 416 B.R. 100, 104-105 (Bankr. S.D.N.Y. 2009) ("[t]he claimant must then prove by a preponderance of the evidence that under applicable law the claim should be allowed") (internal quotation marks omitted).

B.   **The Debtors Have Failed to Meet Their Burden of Production**

9.   The Debtors have produced no evidence whatsoever to support their contention that the LBHI Claim should be disallowed and expunged. Simply stating that "the Debtors have determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts . . . the Debtors do not owe any amounts to the claimants . . . ." does not constitute evidence at all, much less "evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." In fact, the Debtors have failed to provide Ares ECO or this Court with any insight into its rationale for requesting the disallowance of the LBHI Claim, much less any documentary support for such disallowance.

**WHEREFORE**, Ares requests that this Court deny the Objection to the extent that the Debtors seek to disallow and expunge the LBHI Claim, allow the LBHI Claim in the full amount of $22,635,513.41 against LBHI, and grant such other, further relief as this Court may deem just and proper.

Dated: December 6, 2011  
New York, New York

Respectfully submitted,

**LATHAM & WATKINS LLP**

By: /s/ Mark A. Broude  
    Mark A. Broude  
    Carlos Alvarez  
    885 Third Avenue, Suite 1000  
    New York, New York 10022  
    Telephone: (212) 906-1200  
    Facsimile: (212) 751-4864

*Counsel for Ares Enhanced Credit Opportunities GP LLC*