December 1st, 2011

Honorable James M. Peck
United States Bankruptcy Judge
One Bowling Green
New York, New York
10004

Re: Addition to Letter dated Nov. 28th, 2011

Dear Honorable Judge Peck,

I sent a letter to your Honor's attention on November 28th, 2011 in which I raised my objections to the Debtor's offer in response to your Honor's statements on class representation, at the close of the hearing on the VEBA Motion. At that time I was responding based upon my recollection of the proceedings (which was probably a bad thing to do). Since than, I have received a copy of the transcript. I was wrong in my "hard conditions" recollection as the transcript clearly reflects the term "suggestion", and apologize for my signs of senility.

However, in reading the transcript there seem to be statements which could cause concern, and which, I believe, require an independent review of the rights of the beneficiaries under the Lehman Health Care Program and the VEBA Trust. Counsel for the Debtor pointed out certain items of which I was unaware :

1. VEBA had a trustee who is no longer involve with the VEBA Trust, but is involved with some litigation.

2. It appears that the VEBA "lifeboat" was intended only to provide "six months worth of benefits" and I guess only to the LBHI employees.

3. As of March 2009, the SIPA Trustee suspended VEBA payments and in January 2010 "only allowed the VEBA funds to be used for retirees". The trustee did not allow funds to be used to cover LBHI active employees.

4. The current trustee of the VEBA trust is an employee of LBHI, the Debtor which is trying to get a $25MM distribution from the trust.

There may be simple explanations for all of these points, but so far the only party expressing an opinion on propriety of funding LBHI employees is the Debtor, who is seeking $25MM from the Trust. It may turn out that the VEBA assets are the only source of any benefit coverage for the retirees and the disabled. If the funds are ultimately turned

RECEIVED
DEC - 2 2011
U.S. BANKRUPTCY COURT, SDNY
JMP

over to the Debtor, the beneficiaries should know that the situation was properly reviewed by an independent party.

I know that after over three years of existence everyone wants to end the reorganization process and implement the Plan. It would seem to me that the plan could proceed, with the $25MM in the VEBA held in escrow for final determination. I believe the $25MM sum is a very small fraction of the recovery amount and could ultimately be resolved in the stub claim process.

Once again I sincerely appreciate you time and focus in this matter.

Respectfully

Steven G. Delaney

Copies of this Letter have been sent or emailed to:

Clerk of Court
Richard P. Krasnow, Esq.
Jeffrey S. Margolin, Esq.
Leonard Gerson, Esq.

at the disclosed addresses.