UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                        :     Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :     08-13555 (JMP)
                                                             :
                       Debtors.                         :     (Jointly Administered)
-------------------------------------------------------------------x

## ORDER APPROVING SETTLEMENT AGREEMENTS WITH (I) ELLIOTT ASSOCIATES, L.P. AND ALSTON INVESTMENTS LLC AND (II) ELLIOTT INTERNATIONAL, L.P AND ASHTON INVESTMENTS LLC

Upon the motion, dated November 9, 2011 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF"), as debtors and debtors in possession (together, the "Debtors"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of (i) a termination and settlement agreement (the "Alston Settlement Agreement") among the Debtors, Elliott Associates, L.P. ("Elliott Associates") and Alston Investments LLC ("Alston") and (ii) a termination and settlement agreement (the "Ashton Settlement Agreement" and together with the Alston Settlement Agreement, the "Settlement Agreements") among the Debtors, Elliott International, L.P. ("Elliott International") and Ashton Investments LLC ("Ashton"), all as more fully described in the Motion; and upon the Declaration of Robert Hershan, dated November 9, 2011, in support of the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9365] on (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice in these chapter 11 cases; (vii) Elliott Associates; (viii) Alston; (ix) Elliott International; and (x) Ashton, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Debtors' entry into the Settlement Agreements is approved and the Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreements, including waiving any conditions precedent to its effectiveness, and perform any and all obligations contemplated therein; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; it is further

ORDERED that Epiq Bankruptcy Solutions, the Court-appointed claim's agent, shall reflect the terms of the Settlement Agreements on the official claims register; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      December 7, 2011

                                              *s/ James M. Peck*
                                              Honorable James M. Peck
                                              United States Bankruptcy Judge