UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                            :

In re                                         :         Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         08-13555 (JMP)
                                            :
                Debtors.                   :         (Jointly Administered)
                                            :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT
TO SECTIONS 105, 362 AND 363 OF THE BANKRUPTCY
CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE
9019 FOR (I) APPROVAL OF A COMPROMISE AND SETTLEMENT IN
CONNECTION WITH A MORTGAGE BACKED SECURITIES RELATED
ACTION (II) AUTHORITY TO ADVANCE LIMITED LEGAL DEFENSE COSTS (III)
MODIFICATION OF THE AUTOMATIC STAY TO ALLOW SETTLEMENT
PAYMENT UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES AND (IV)
AUTHORITY TO GRANT LIMITED RELEASES TO CERTAIN INSURERS UNDER
<u>DIRECTORS AND OFFICERS INSURANCE POLICIES</u>**

Upon the motion, dated November 9, 2011 (the "<u>Motion</u>"),[1] of Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, including, Structured Asset Securities Corporation ("<u>SASCO</u>"), as debtors-in-possession (together, the "<u>Debtors</u>"), pursuant to sections 105, 362 and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for (i) approval of the compromise and settlement of the SASCO MBS Action in accordance with the terms, conditions and provisions set forth in the SASCO MBS Term Sheet, and to consummate the transactions contemplated thereunder, including, without limitation, LBHI making the LBHI Settlement Payment; (ii) authority to make the Settlement Implementation Payments; (iii) modification of the automatic stay set forth in section 362 of the Bankruptcy Code to allow the applicable D&O Policy Insurers, to the extent necessary, to make

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

settlement payments pursuant to the terms, conditions and provisions set forth in the respective MBS settlement agreements; and (iv) authority to provide the Debtors' Insurers' Releases, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635, on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) counsel to the MBS Defendants; (vii) respective counsel for the D&O Policy Insurers; (vii) counsel for SASCO; (viii) counsel for FHLBB; (ix) counsel for Stichting; and (x) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the Motion is granted as provided herein; and it is further

       ORDERED that, pursuant to sections 105(a) and 363(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9019, the Debtors are duly authorized to make the LBHI Payment

and to take all actions contemplated to be taken by the Debtors under or pursuant to terms and provisions of the SASCO MBS Term Sheet and, following the execution and delivery thereof, the SASCO MBS Settlement Agreement, it being understood that any payments and/or actions described in this paragraph which are made or taken by the Debtors or their affiliates may be made or taken without the necessity of (x) any further court proceedings or approval or (y) any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to make the Settlement Implementation Payments in accordance with the terms described in the Motion; and it is further

ORDERED that pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to grant and provide the Debtors' Insurers' Releases; and it is further

ORDERED that pursuant to sections 105(a) and 362 of the Bankruptcy Code, the automatic stay, to the extent applicable, is hereby modified to, and without further order of this Court, allow payment of the Settlement Amounts provided for in the SASCO MBS Term Sheet, Stichting Settlement Agreement and FHLBB Settlement Agreement, respectively, on behalf of the MBS Defendants from the applicable D&O Policy Insurers pursuant to the terms of their respective policies; and it is further

ORDERED the Debtors are authorized to execute all documentation necessary to allow the applicable D&O Policy Insurers to fund the Settlement Amounts on behalf of the MBS Defendants pursuant to the SASCO MBS Term Sheet, Stichting Settlement Agreement and FHLBB Settlement Agreement; and it is further

ORDERED that nothing in this Order shall modify, alter or accelerate the rights and obligations of the applicable D&O Policy Insurers, the Debtors or the MBS Defendants provided for under the terms, conditions and limitations of the D&O Policies; and it is further

ORDERED that all parties to the D&O Policies reserve all rights and defenses that they would otherwise have with respect thereto; and it is further

ORDERED that nothing in this Order shall constitute a determination that the proceeds of the D&O Policies are property of the Debtors' estates, and the rights of all parties in interest to assert that the proceeds of the D&O Policies are, or are not, property of the Debtors' estates are hereby reserved; and it is further

ORDERED that nothing in this Order shall constitute a determination of any insurance coverage rights or obligations under the D&O Policies or any other insurance policies; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       December 7, 2011

                                            *s/ James M. Peck*
                                            Honorable James M. Peck
                                            United States Bankruptcy Judge