HEARING DATE AND TIME: December 21, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 7, 2011 at 4:00 p.m. (Eastern Time)

Carmine D. Boccuzzi
Paul R. St. Lawrence, III (*admission pending*)
Lisa M. Gouldy
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Zwinger Opco 6 BV*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., <u>et al.</u> | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OPPOSITION OF ZWINGER OPCO 6 BV
TO THE DEBTORS' TWO HUNDRED THIRTY-SECOND OMNIBUS
OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Zwinger Opco 6 BV ("<u>Zwinger Opco</u>") files this opposition to the Debtors' Two Hundred Thirty-Second Omnibus Objection to Claims (Valued Derivative Claims) (the "<u>Objection</u>") to the extent that the Objection pertains to Claim No. 26701 (the "<u>Zwinger Opco Claim</u>," attached as Exhibit A) filed by Zwinger Opco against Lehman Brothers Special Financing Inc. ("<u>LBSF</u>"), a Debtor in the above-captioned Chapter 11 cases.

**Preliminary Statement**

1. Zwinger Opco filed Claim No. 26701 against LBSF in the amount of $1,262,060. The Zwinger Opco Claim arises under an interest rate cap agreement entered into between

Zwinger Opco and LBSF pursuant to the terms and conditions of an ISDA Master Agreement (Multicurrency-Cross Border).

2.      Zwinger Opco's claim against LBSF was properly calculated in accordance with the parties' agreement.  The Debtors proffer no evidence to suggest that this calculation of the claim amount is in error, not in accordance with the parties' agreement, or otherwise incorrect.  Nevertheless, the Objection asks this Court to reduce the amount of the Zwinger Opco Claim by approximately 19%, and to allow the claim only in this reduced amount.  Because the Objection offers no supporting evidence, the Debtors have not, and cannot, overcome the *prima facie* validity that attached to the Zwinger Opco Claim.  Accordingly, the Objection must be overruled as it applies to the Zwinger Opco Claim.

**Background**

3.      Zwinger Opco is a limited liability company organized under the laws of the Netherlands, which maintains an office at D-Tower, 11th Floor, Strawinskylaan 1161, 1077 XX Amsterdam, the Netherlands.

4.      Zwinger Opco and LBSF were parties to a confirmation dated as of August 31, 2007, which supplements, forms a part of, and is subject to an agreement in the form of an ISDA Master Agreement (Multicurrency-Cross Border) (collectively, and together with all schedules and confirmations thereto, and as the same have been amended, supplemented and otherwise modified, the "ISDA").  Pursuant to the ISDA, Zwinger Opco and LBSF entered into an interest rate cap agreement.

5.      Pursuant to the ISDA, LBSF was required to make a payment of EUR 878,701 to Zwinger Opco on December 15, 2008 (the "Missed Payment Date").  Zwinger Opco did not receive such payment from LBSF, and the payment remains outstanding (the "Missed Payment").

2

6. On September 22, 2009, Zwinger Opco timely filed the Zwinger Opco Claim against LBSF for the Missed Payment. Pursuant to the bar date order, each proof of claim was required to be denominated in lawful currency of the United States. Based on the Bloomberg reference spot rate on December 15, 2008 of 1.3688 USD = 1.00 EUR (the "USD/EUR Exchange Rate"), Zwinger Opco determined that the amount due and payable to Zwinger Opco as of the Missed Payment Date was USD 1,202,766 (the "USD Missed Payment Amount"). Under Section 2(e) of the ISDA, Zwinger Opco is also entitled to interest on the USD Missed Payment Amount commencing on December 15, 2008 through the date of payment of the USD Missed Payment Amount, and the Zwinger Opco Claim includes a claim under the ISDA for such amount. Because interest continues to accrue, the precise amount of interest cannot be calculated at this time. However, interest in the amount of EUR 43,318 had accrued as of September 18, 2009, so based on the USD/EUR Exchange Rate the equivalent interest amount as of that date was USD 59,294. Accordingly, the Zwinger Opco Claim was filed in the amount of $1,262,060.

7. On October 20, 2009, Zwinger Opco completed and filed the Derivative Questionnaire with respect to its claim against LBSF. That same day, Zwinger Opco uploaded copies of the pertinent documentation, including documentation supporting its calculation of the amount owed by LBSF.

8. By the Objection, the Debtors seek to reduce the Zwinger Opco Claim by approximately 19%. Their sole purported justification for this demand is an unsupported and unexplained statement that the Claim is "greater than the fair, accurate, and reasonable value[] determined by the Debtors." Objection ¶ 11. The Debtors have not provided any justification supporting their valuation of the Zwinger Opco Claim, nor have they asserted that Zwinger Opco improperly calculated the Zwinger Opco Claim. Indeed, Debtors can have no reasonable dispute

with the valuation of the Zwinger Opco Claim, which is the straightforward equivalent of the value of the Missed Payment plus applicable interest. The Debtors' Objection, as it applies to the Zwinger Opco Claim, must therefore be overruled.

### Argument

9. A proof of claim, timely and properly filed, is *prima facie* evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f); see also In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Hess, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009). "To overcome this prima facie evidence, the [Debtors] must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); In re Alper Holdings USA, No. 07-12148 (BRL), 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. Jan. 15, 2008) (a party filing an objection to a properly filed proof of claim, bears the burden of producing "evidence sufficient to negate the *prima facie* validity of the filed claim."); see also Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), No. 98 Civ. 4990 (HB), 1999 WL 178788, at *3 (S.D.N.Y. Mar. 31, 1999) ("[o]nce the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim"); In re Woodmere Investors Ltd. P'ship, 178 B.R. 346, 354-55 (Bankr. S.D.N.Y. 1995) (overruling debtor's objection to claim where debtor failed to offer any evidence to support its contention that the claim was unreasonable).

10. To overcome the *prima facie* effect of a properly filed proof of claim, the objecting party must "affirmatively produce evidence." In re Make Meat Corp., 1999 WL 178788, at *4 (emphasis in original). That evidence must "refute at least one of the allegations that is essential to the claim's legal sufficiency." In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009). Thus, the burden shifts back to the claimant if, and only if, the objecting party

meets the burden. In re Reilly, 245 B.R. at 773; In re Martinez, 409 B.R. 35, 38 (Bankr. S.D.N.Y. 2009).

11.     Here, the Debtors have produced no evidence whatsoever to support their demand that the timely filed Zwinger Opco Claim be slashed by approximately 19%. The Debtors do no more than state that the Zwinger Opco Claim is "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records." Objection ¶ 13. But this purported justification is not evidence of any kind, much less "evidence which, if believed, would refute at least one of the allegations essential to the claim." See In re Reilly, 245 B.R. at 773. Worse, the Debtors do not even provide this Court, or Zwinger Opco, with any rationale for reducing the Zwinger Opco Claim.

12.     At bottom, the Debtors have made no showing because they cannot. There can be no reasonable dispute about the valuation of the Zwinger Opco Claim – this is not an instance where the calculation of the claim amount depends on the pricing of an underlying derivative trade. Rather, the value of the Zwinger Opco Claim is equivalent to the amount of the Missed Payment plus applicable interest, a straightforward calculation about which there can be no dispute. Accordingly, the Objection, as it applies to the Zwinger Opco Claim, must be overruled.

**Conclusion**

WHEREFORE, for the foregoing reasons, Zwinger Opco respectfully requests that this Court deny the Objection as to the Zwinger Opco Claim, allow the Zwinger Opco Claim in the amount of $1,262,060 against LBSF, and grant such other relief as this Court deems just and proper.

Dated: New York, New York
December 7, 2011

                    Respectfully submitted,

                    /s/ Carmine D. Boccuzzi

                    Carmine D. Boccuzzi
                    cboccuzzi@cgsh.com
                    Lisa M. Gouldy
                    lgouldy@cgsh.com

                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                    One Liberty Plaza
                    New York, New York 10006
                    Telephone: (212) 225-2000
                    Facsimile: (212) 225-3999

                    Paul R. St. Lawrence, III (*admission pending*)
                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                    2000 Pennsylvania Ave, NW
                    Washington, D.C. 20006
                    Telephone: (202) 974-1500
                    Facsimile: (202) 974-1999
                    pstlawrence@cgsh.com

                    *Attorneys for Zwinger Opco 6 BV*