HEARING DATE AND TIME: December 21, 2011 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: December 8, 2011 at 4:00 p.m. (Eastern Time)

Carmine D. Boccuzzi
Paul R. St. Lawrence, III (*admission pending*)
Lisa M. Gouldy
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Zwinger Opco 6 BV*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**OPPOSITION OF ZWINGER OPCO 6 BV**
**TO THE DEBTORS' TWO HUNDRED THIRTY-THIRD OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Zwinger Opco 6 BV ("Zwinger Opco") files its opposition to the Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims) (the "Objection") to the extent that the Objection pertains to Claim No. 26679 (the "Zwinger Opco LBHI Claim," attached as Exhibit A) filed by Zwinger Opco against Lehman Brothers Holdings Inc. (including all predecessors in interest, "LBHI"), respectively, a Debtor in the above-captioned Chapter 11 cases.

**Preliminary Statement**

1. Zwinger Opco filed Claim No. 26679 against LBHI in the amount of $1,262,060. The Zwinger Opco LBHI Claim is based on LBHI's guarantee of the liabilities, obligations and

payments of Lehman Brothers Special Financing Inc. ("LBSF"), another Debtor in the above-captioned Chapter 11 cases, with respect to an interest rate cap agreement entered into between Zwinger Opco and LBSF pursuant to the terms and conditions of an ISDA Master Agreement (Multicurrency-Cross Border).  Zwinger Opco also filed Claim No. 26701 against LBSF on the basis of the claims arising under this agreement (the "Zwinger Opco LBSF Claim" and, together with the Zwinger Opco LBHI Claim, the "Zwinger Opco Claims").

2. Zwinger Opco's claim against LBSF was properly calculated in accordance with the parties' agreement, and Zwinger Opco's claim against LBHI is based on the same calculation as it arises from LBHI's unconditional guarantee of LBSF's obligations.  The Debtors proffer no evidence to suggest that this calculation of the claim amounts is in error, not in accordance with the parties' agreement, or otherwise incorrect.  Nor do Debtors present any explanation why, in their view, LBHI is not liable for the Zwinger Opco LBHI Claim. Nevertheless, the Objection asks this Court to disallow and expunge the Zwinger Opco LBHI Claim in its entirety.  Because the Objection offers no supporting evidence, the Debtors have not, and cannot, overcome the *prima facie* validity that attached to the Zwinger Opco LBHI Claim.  Accordingly, the Objection must be overruled as it applies to the Zwinger Opco LBHI Claim.

**Background**

3. Zwinger Opco is a limited liability company organized under the laws of the Netherlands, which maintains an office at D-Tower, 11th Floor, Strawinskylaan 1161, 1077 XX Amsterdam, the Netherlands.

4. The Zwinger Opco LBHI Claim arises pursuant to the terms and conditions of a Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated June 9, 2005 (the "Unanimous Written Consent"), under which

LBHI fully guaranteed payment by certain of its affiliates, including LBSF, of all their liabilities, obligations and commitments.

5.   Pursuant to the terms and conditions of a confirmation between Zwinger Opco and LBSF dated as of August 31, 2007, which supplements, forms a part of, and is subject to an agreement in the form of an ISDA Master Agreement (Multicurrency-CrossBorder) (collectively, and together with all schedules and confirmations thereto, and as the same have been amended, supplemented and otherwise modified, the "ISDA"), Zwinger Opco and LBSF entered into an interest rate cap agreement.

6.   Pursuant to the ISDA, LBSF was required to make a payment of EUR 878,701 to Zwinger Opco on December 15, 2008 (the "Missed Payment Date").  Zwinger Opco did not receive such payment from LBSF, and the payment remains outstanding (the "Missed Payment").

7.   On September 22, 2009, Zwinger Opco timely filed the Zwinger Opco LBHI Claim against LBHI and the Zwinger Opco LBSF Claim against LBSF for the Missed Payment. Pursuant to the bar date order, each proof of claim was required to be denominated in lawful currency of the United States.  Based on the Bloomberg reference spot rate on December 15, 2008 of 1.3688 USD = 1.00 EUR (the "USD/EUR Exchange Rate"), Zwinger Opco determined that the amount due and payable to Zwinger Opco as of the Missed Payment Date was USD 1,202,766 (the "USD Missed Payment Amount").  Under Section 2(e) of the ISDA, Zwinger Opco is also entitled to interest on the USD Missed Payment Amount commencing on December 15, 2008 through the date of payment of the USD Missed Payment Amount, and the Zwinger Opco Claims include a claim under the ISDA for such amount.  Because interest continues to accrue, the precise amount of interest cannot be calculated at this time.  However, interest in the amount of EUR 43,318 had accrued as of September 18, 2009, so based on the USD/EUR

3

Exchange Rate the equivalent interest amount as of that date was USD 59,294. Accordingly, the Zwinger Opco LBHI Claim and the Zwinger Opco LBSF Claim were each filed in the amount of $1,262,060.

8. On October 20, 2009, Zwinger Opco completed and filed the Derivative Questionnaire and Guarantee Questionnaire with respect to its claims against LBSF and LBHI, respectively. Zwinger Opco uploaded copies of the pertinent documentation, including documentation supporting its calculation of the amount owed by LBSF and LBHI.

9. By the Objection, the Debtors seek to to disallow and expunge the Zwinger Opco LBHI Claim in its entirety. Their sole purported justification for this demand is an unsupported and unexplained statement that "the Debtors do not owe any of the claimants money and that either no amounts are owed to either party or the claimant in fact owes the Debtors money." Objection ¶ 14. The Debtors have not provided any justification supporting their assertion that they do not owe Zwinger Opco any money, nor have they asserted that Zwinger Opco improperly calculated the Zwinger Opco Claims. The Debtors' Objection, as it applies to the Zwinger Opco LBHI Claim, must therefore be overruled.

**Argument**

10. A proof of claim, timely and properly filed, is *prima facie* evidence of the validity and amount of the claim. See Fed. R. Bankr. P. 3001(f); see also In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Hess, 404 B.R. 747, 750 (Bankr. S.D.N.Y. 2009). "To overcome this prima facie evidence, the [Debtors] must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); In re Alper Holdings USA, No. 07-12148 (BRL), 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. Jan. 15, 2008) (a party filing an objection to a properly filed proof of claim, bears the burden of producing "evidence

sufficient to negate the *prima facie* validity of the filed claim."); see also <u>Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)</u>, No. 98 Civ. 4990 (HB), 1999 WL 178788, at *3 (S.D.N.Y. Mar. 31, 1999) ("[o]nce the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim"); <u>In re Woodmere Investors Ltd. P'ship</u>, 178 B.R. 346, 354-55 (Bankr. S.D.N.Y. 1995) (overruling debtor's objection to claim where debtor failed to offer any evidence to support its contention that the claim was unreasonable).

11.  To overcome the *prima facie* effect of a properly filed proof of claim, the objecting party must "affirmatively <u>produce</u> evidence." <u>In re Make Meat Corp.</u>, 1999 WL 178788, at *4 (emphasis in original). That evidence must "refute at least one of the allegations that is essential to the claim's legal sufficiency." <u>In re Oneida Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009). Thus, the burden shifts back to the claimant if, and only if, the objecting party meets the burden. <u>In re Reilly</u>, 245 B.R. at 773; <u>In re Martinez</u>, 409 B.R. 35, 38 (Bankr. S.D.N.Y. 2009).

12.  Here, the Debtors have produced no evidence whatsoever to support their demand that the timely filed Zwinger Opco LBHI Claim be disallowed and expunged in its entirety. The Debtors do no more than state that "[a]fter a review of the claimants' supporting documentation and the Debtors' books and records, the Debtors have determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants." Objection ¶ 11. But this purported justification is not evidence of any kind, much less "evidence which, if believed, would refute at least one of the allegations essential to the claim." See <u>In re Reilly</u>, 245 B.R. at 773. Worse, the Debtors do not even provide this Court, or Zwinger Opco, with any rationale for disallowing the Zwinger Opco LBHI Claim.

13. At bottom, the Debtors have made no showing because they cannot.  There can be no reasonable dispute about the valuation of the Zwinger Opco Claims – this is not an instance where the calculation of the claim amount depends on the pricing of an underlying derivative trade.  Rather, the value of the Zwinger Opco Claims is equivalent to the amount of the Missed Payment plus applicable interest, a straightforward calculation about which there can be no dispute.  Nor do Debtors dispute the applicability of LBHI's guarantee of the amounts due by LBSF under the ISDA pursuant to the Unanimous Written Consent.  Accordingly, the Objection, as it applies to the Zwinger Opco LBHI Claim, must be overruled.

**Conclusion**

WHEREFORE, for the foregoing reasons, Zwinger Opco respectfully requests that this Court deny the Objection as to the Zwinger Opco LBHI Claim, allow the Zwinger Opco LBHI Claim in the amount of $1,262,060 against LBHI, and grant such other relief as this Court deems just and proper.

Dated: New York, New York
December 7, 2011

>Respectfully submitted,
>
> /s/ Carmine D. Boccuzzi
>
>Carmine D. Boccuzzi
>cboccuzzi@cgsh.com
>Lisa M. Gouldy
>lgouldy@cgsh.com
>
>CLEARY GOTTLIEB STEEN & HAMILTON LLP
>One Liberty Plaza
>New York, New York 10006
>Telephone: (212) 225-2000
>Facsimile: (212) 225-3999
>
>Paul R. St. Lawrence, III (*admission pending*)
>CLEARY GOTTLIEB STEEN & HAMILTON LLP
>2000 Pennsylvania Ave, NW
>Washington, D.C. 20006
>Telephone: (202) 974-1500
>Facsimile: (202) 974-1999
>pstlawrence@cgsh.com
>
>*Attorneys for Zwinger Opco 6 BV*