**EXHIBIT A**

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re<br>Lehman Brothers Holdings Inc., et al.<br>Debtors | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc | Case No. of Debtor<br>08-13555 | |
| NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. | | THIS SPACE IS FOR COURT USE ONLY |

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Zwinger Opco 6 BV c/o Whitehall Management Services BV
D-Tower 11TH Floor
Stawinskylaan 1161
1077 XX Amsterdam
Telephone number +31203057542

with a copy to:
Cleary Gottlieb Steen & Hamilton LLP
Attention: Seth Grosshandler, Esq
One Liberty Plaza
New York, NY 10006
E-mail Address: gerard.meijssen@wmsbv.nl

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____ (If known)
Filed on: _____

Name and address where payment should be sent (if different from above)
Please see attached account and wire details.

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check this box if you are the debtor or trustee in this case.

NOTICE OF SCHEDULED CLAIM
Your Claim is scheduled by the indicated Debtor as:

1. Amount of Claim as of Date Case Filed: $ **Please see attached**
   - If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   - If all or part of your claim is entitled to priority, complete Item 5.
   - If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract *
☑ Check this box if all or part of your claim is based on a Guarantee *

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Please see attached
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe: _____
   Value of Property: $_____  Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any
   $_____  Basis for perfection: _____
   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
   Amount entitled to priority
   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9) $_____
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain.

Date: 9/18/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[Signatures]
M.H.G. Vennekens          E. Honing
Managing Director         Whitehall Management Services B.V.
                          Managing Director

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc | 09-10108 | Luxembourg Residential Properties Loan Finance S a r l |
| 08-13899 | Lehman Brothers Derivative Products Inc | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L P | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor

**Creditor's Name and Address**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address
**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150-5076**

**Secured Claim Under 11 U.S.C §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B V., Lehman Brothers Securities N V and Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, (Luxembourg) Equity Finance S A).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U S C § 101 et seq ), and any applicable orders of the bankruptcy court.

In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP)

## ATTACHMENT TO PROOF OF CLAIM FORM
## OF ZWINGER OPCO 6 BV

This proof of claim (the "Claim") is submitted by Zwinger Opco 6 BV, a limited liability company organized under the laws of the Netherlands ("Zwinger Opco"), which maintains an office at D-Tower, 11th Floor, Strawinskylaan 1161, 1077 XX Amsterdam, the Netherlands. This attachment is incorporated into the proof of claim form to which it is attached.

As more specifically described below, Zwinger Opco hereby asserts a claim against Lehman Brothers Holdings Inc. ("LBHI") in an amount not less than USD 1,262,060, arising pursuant to LBHI's guarantee of the liabilities, obligations and payments of Lehman Brothers Special Financing Inc. ("LBSF"), including certain payment obligations of LBSF in connection with an interest rate cap agreement entered into between Zwinger Opco and LBSF pursuant to the terms and conditions of an ISDA (as defined below).

I.  Background

On September 15, 2008, LBHI filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On July 2, 2009, the Bankruptcy Court entered an Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [D.I. 4271 in Case No. 08-13555 (JMP)]. Pursuant to the Bar Date Order, the Bankruptcy Court set September 22, 2009 at 5:00 p.m. as the bar date (the "Bar Date") for each person or entity to file proofs of claim based on pre-petition claims against LBHI, with certain specific exceptions as provided for in the Bar Date Order. In addition, the Bar Date Order provides that on or before October 22, 2009 at 5:00 pm (the

"Questionnaire Deadline") holders of claims based on amounts owed pursuant to Derivative Contracts or Guarantees (each as defined in the Bar Date Order) must complete the electronic Derivative Questionnaire or Guarantee Questionnaire, as applicable, and electronically upload supporting documentation to a website maintained by Epiq Bankruptcy Solutions, LLC (the "Website") rather than attach such documents to the proof of claim.

Through this Claim, Zwinger Opco asserts claims for amounts owed by LBHI to Zwinger Opco pursuant to LBHI's guarantee of LBSF's payment under a Derivative Contract. In accordance with the Bar Date Order, Zwinger Opco will complete the Guarantee Questionnaire as well as electronically upload supporting documentation to the Website by the Questionnaire Deadline. Zwinger Opco will also complete the Derivative Questionnaire in the LBSF chapter 11 proceeding in connection with the filing of its proof of claim against LBSF.

II    The Claim

Zwinger Opco hereby asserts a claim against LBHI arising pursuant to the terms and conditions of a Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., dated June 9, 2005 (the "Unanimous Written Consent"), under which LBHI fully guaranteed payment by certain of its affiliates, including LBSF, of all their liabilities, obligations and commitments.

Pursuant to the terms and conditions of a confirmation between Zwinger Opco and LBSF dated as of August 31, 2007, which supplements, forms a part of, and is subject to an agreement in the form of the ISDA Master Agreement (Multicurrency – Cross Border) (collectively, and together with all schedules and confirmations thereto, and as the same have been amended, supplemented and otherwise modified, the "ISDA"), Zwinger Opco and LBSF entered into an interest rate cap agreement. The ISDA and the Unanimous Written Consent are

2

subject to one or more of the "safe harbor" provisions of the Bankruptcy Code. See, e.g., 11 U.S.C. §§ 362(b), 546, 553, 555, 556, 559, 560, 561 and 562.

Pursuant to the ISDA, LBSF was required to make a payment of EUR 878,701 to Zwinger Opco on December 15, 2008 (the "Missed Payment Date"). LBSF was notified of the pending payment by Zwinger Opco on December 12, 2008; however, Zwinger Opco did not receive such payment from LBSF, and the payment remains outstanding.

Pursuant to the Bar Date Order, each proof of claim must be denominated in lawful currency of the United States. Based on the Bloomberg reference spot rate on December 15, 2008 of 1.3688 USD = 1.00 EUR (the "USD/EUR Exchange Rate"), Zwinger Opco has determined that the amount due and payable to Zwinger Opco as of the Missed Payment Date is USD 1,202,766 (the "USD Missed Payment Amount"). Zwinger Opco hereby asserts an unsecured claim against LBHI for the USD Missed Payment Amount under the Unanimous Written Consent (subject to any right to set-off that might arise from claims that LBHI may assert or has asserted against Zwinger Opco or otherwise).

Under Section 2(e) of the ISDA, Zwinger Opco is entitled to interest on the USD Missed Payment Amount commencing on December 15, 2008 through the date of payment of the USD Missed Payment Amount, and Zwinger Opco makes a claim under the Unanimous Written Consent for such amount.[1] Because interest continues to accrue, the precise amount of interest cannot be calculated at this time. Zwinger Opco reserves the right to supplement this Claim with respect to such amount.

---

[1] Interest in the amount of EUR 43,318 had accrued as of September 18, 2009. Based on the USD/EUR Exchange Rate in effect on December 15, 2008, the equivalent interest amount is USD 59,294.

In re Lehman Brothers Holdings Inc , Case No. 08-13555 (JMP)

III.  Miscellaneous

Zwinger Opco reserves the right to withdraw, amend, clarify, modify or supplement this Claim, to assert additional claims (including, without limitation, additional administrative expense claims (including, without limitation, misdirected wires and claims arising from postpetition contracts, activity, torts, etc. of LBHI), claims for which a bar date has not yet been set, secured claims and/or general unsecured claims), and/or to assert additional grounds for its claims against LBHI. Zwinger Opco also reserves all rights accruing to it or its affiliates against LBHI or its estate, and the submission of this Claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Zwinger Opco or its affiliates. In addition, Zwinger Opco reserves the right to supplement this Claim with relevant documents to the extent necessary. Furthermore, Zwinger Opco reserves the right to withdraw this Claim for any reason whatsoever. Zwinger Opco reserves all rights and remedies against affiliates of LBHI or any other third parties.

This Claim shall not be deemed to be a waiver of Zwinger Opco's right (i) to have final orders in noncore matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases (to the extent such right has not otherwise been waived), (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, defenses, setoffs or recoupments to which Zwinger Opco is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, setoffs and recoupments Zwinger Opco expressly reserves. To the extent that LBHI has made or makes any claims against Zwinger Opco, Zwinger Opco reserves its set-off rights, such that all or part of the Claim may be secured to the extent of such set-off rights.

4

Any notices sent in connection with the Claim should be addressed to Zwinger Opco at the address below:

> Zwinger Opco 6 BV
> c/o Whitehall Management Services BV
> D-Tower, 11th Floor
> Strawinskylaan 1161
> 1077 XX Amsterdam
> Attn:   Gerard Meijssen, Managing Director

and

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, NY 10006
> Attn:   Seth Grosshandler, Esq.

The information with respect to the account where any payment to Zwinger Opco in respect of this Claim should be made is as follows:

| | |
|---|---|
| Account Holder/ Beneficiary: | Zwinger Opco 6 BV – Pledged Account |
| Bank: | ING |
| IBAN: | NL21 INGB 0668 8035 84 |
| SWIFT: | INGBNL2A |