B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re LEHMAN BROTHERS HOLDINGS INC. Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Oakford MF Limited
Name of Transferee

Morgan Stanley & Co. International plc
Name of Transferor

Name and Address where notices to transferee should be sent:

Oakford MF Limited
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attention: Michael Gillin

Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email:**michael.gillin@monarchlp.com**; **fundops@monarchlp.com**

Court Claim # (if known): 55741
Amount of Claim: transferred amount – US$589,660.20
4.14% of total claim US$14,243,000.00 relating to ISIN XS0284011599
Date Claim Filed: 29 October 2009

Phone:
Last Four Digits of Acct. #:

Last Four Digits of Acct #: n/a

Name and Address where transferee payments should be sent (if different from above):

Wire Instructions:

**USD PAYMENT INSTRUCTIONS:**
Chase Manhattan Bank, N.Y.
ABA# 021-000-021
F/A/O Goldman Sachs & Co, N.Y.
A/C# 066-642-426
F/F/C Oakford MF Limited

566570.1/9999-00999

A/C# 002-443-349

**EUR PAYMENT INSTRUCTIONS:**

Swift Code: DEUTDEFF
Bank Name: Deutsche Bank
City: Frankfurt
IBAN A/C #: DE17500700100960192300
Entity Name: Goldman Sachs & Co., New York
F/F/C Oakford MF Limited
A/C# 002-443-349

Last Four Digits of Acct #: n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**OAKFORD MF LIMITED**

By: Monarch Alternative Capital LP
Its: Advisor

Christopher Santana
Managing Principal

By: ______________________ Date: 12/7/2011
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

# Exhibit A

Evidence of Transfer from Transferor to Transferee

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **MORGAN STANLEY & CO. INTERNATIONAL PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **OAKFORD MF LIMITED** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage and nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55741** filed by or on behalf of **SAF BTP VIE** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 2 day of ~~November~~ December 2011.

**PURCHASER**
**OAKFORD MF LIMITED**

By: Monarch Alternative Capital LP
Its : Advisor

By:
Name: Christopher Santana
Title: Managing Principal

Oakford MF Limited
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn : Michael Gillin
Phone : (212) 554-1743
Fax : 1-(866)-741-3564
Email: michael.gillin@monarchlp.com; fundops@monarchlp.com

**SELLER**
**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By:
Name: BRIAN CRIPPS
Title: Authorised Signator

25, Cabot Square
Canary Wharf
London E14 4QA
E- mail: lndistressed@morganstanley.com

Schedule 1

Transferred Claims

**Purchased Claim**

4.14% of the proof of claim ($589,660.20 of $14,243,000.00) (in each case, plus accrued and unpaid interest and other amounts) with respect to ISIN XS0284011599

Lehman Programs Securities to which Transfer Relates

| **Description of Security** | **ISIN/CUSIP** | **Issuer** | **Guarantor** | **Principal/Notional Amount & Accrued Interest** | **Coupon** | **Maturity** |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0284011599 | Lehman Brothers Treasury CO. BV | Lehman Brothers Holdings Inc | EUR 414,000.00 principal USD equivalent of 589,660.20 | 5 YR Capital Guaranteed Note Linked To AREVO Strategy | 7 February 2012 |

Exhibit B

Proof of Claim

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

In Re:
Lehman Brothers Holdings Inc., et al.,
Debtors.

Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000055741

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
SAF BTP VIE
Pierre Ramadier, 7 rue du regard, 75006 Paris, France
Telephone number: 00 33 (0)1 49 54 40 87 Email Address: p.ramadier@probtp.com

For notification purposes,
PRO BTP Finance, Attention : Corinne Cazenave and Thierry Gainon
7 rue du regard, 75006 Paris, France Telephone number : 00 33 (0)1 01 49 54 41 62 / 00 33 (0)1 49 54 41 58
Email Address: c.cazenave@probtp.com / t.gainon@probtp.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:**________
(If known)

Filed on: ________

Name and address where payment should be sent (if different from above)
Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** See Attachment **(Required)**

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See Attachment **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attachment **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See Attachment **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository**: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

FILED / RECEIVED
OCT 29 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

**Date.**
27/10/09

**Signature**: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Pierre RAMADIER
Président du Directoire

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: Lehman Brothers Holdings Inc., *et al.* Debtors | Chapter 11 Case No. 08-13555 (JMP) Jointly Administered |
|---|---|

**ATTACHMENT TO PROOF OF CLAIM OF SAF BTP VIE**

SAF BTP VIE ("SAF" or "Claimant") by an authorized representative submits this attachment to the proof of claim (the "Claim") against Lehman Brothers Holdings Inc. ("LBHI").

**SAF's Claim**

1. SAF submits this Claim with respect to certain securities issued or guaranteed by LBHI and as set forth on the Lehman Programs Securities list posted by LBHI on July 17, 2009 in accordance with the Bar Order. Such Lehman Programs Securities include:

| ISIN | BLOCKING NUMBER | PARTICIPANT ACCOUNT NUMBER | PRINCIPAL AMOUNT OF ISSUE HELD | AMOUNT OF ACCRUED INTEREST UP TO SEPTEMBER 15, 2008 | CLAIM AMOUNT (USD) |
|---|---|---|---|---|---|
| XS0273678283 | CA66292 | 17892 | USD 14,243,000 (EUR 10,000,000) | 0 | 14,243,000 |
| XS0270495160 | CA67288 | 17892 | USD 14,243,000 (EUR 10,000,000) | 0 | 14,243,000 |
| XS0325447893 | CA65336 | 17892 | USD 14,243,000 (EUR 10,000,000) | 0 | 14,243,000 |

| | | | | | |
|---|---|---|---|---|---|
| XS0284011599 | CA66380 | 17892 | USD 14,243,000 (EUR 10,000,000) | 0 | 14,243,000 |
| XS0287860265 | CA76961 | 17892 | USD 42,729,000 (EUR 30,000,000) | USD 383,812 (EUR 269,474) | 43,112,812 |
| **TOTAL:** | ------ | ----- | ----- | ----- | **100,084,812** |

**Reservation of Rights**

2. Claimant expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims. Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

3. This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against LBHI and its affiliated debtors (the "Debtors") and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

4. The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff,

recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

5. Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

6. In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

Notices

7. All notices, communications and distributions with respect to this Claim should be sent to:

SAF BTP VIE
7 rue du regard
75006 Paris
Telephone : 01 49 54 40 87
Attention: Pierre Ramadier

With a copy to:

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Telephone: (212) 878-8000
Attention: Jennifer C. DeMarco, Esq.
Jennifer B. Premisler, Esq.