Name: GODINHO, FRANCISCO AND MARIADEL PILAR ANOLLES
_____ (in Pro Per)
Address: Ituzaingó, 418_____
City: Rivera_____
Country: Uruguay_____
Proof of claim: 47449_____

RECEIVED DEC - 6 2011 U.S. BANKRUPTCY COURT, SDNY JMP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

In re:
No.:

LEHMAN BROTHERS HOLDINGS INC., *et al.*
(JMP)

Debtors.
-----------------------------------------------------------

Chapter 11 Case

08-13555

(Jointly Administered)

### JOINDER TO RESPONSES TO DEBTORS' TWO HUNDRED FIFTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY COURT

I hereby submit this joinder to the (i) Response of Banco Itau Europa Luxembourg S.A. to Debtors' Two Hundred Fifteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim [Docket No. 21998]; (ii) Response of Lloyds TSB Bank PLC (Geneva Branch) to Debtors' Two Hundred Fifteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim [Docket Nos. 22008, 22011, 22012, 22013, & 22014]; (collectively, the "Responses to the Two Hundred Fifteenth Omnibus Objection").

I am aware that this joinder is being submitted past the November 25, 2011 extension granted to me by Debtors' legal representatives, but I respectfully

request that this Court accept my response due to the enormous difficulties I have faced in understanding and dealing with this matter since it was first presented to me in September of the current year.

I reside in Uruguay, South America. Even for people who reside in the United States and speak English fluently, these matters cannot effectively be addressed without the aid of an attorney knowledgeable on Chapter 11 issues. Retaining counsel in the United States to represent me would have certainly been the ideal course of action in this kind of situation, but the legal costs associated with this kind of litigation are beyond my financial capabilities. The only way for me to adequately oppose said Objection and not forfeit any possibility I might have for my claim to proceed would be to join other claimants within my same category in order to collectively share legal costs, an endeavour which is not easy to accomplish and which takes time.

We hope that Debtors' counsel would be understanding and that they would be open to granting me and others a longer extension to respond. However, this was denied.

Two years have gone by since we filed our proofs of claim. During all that time I and other claimants waited and hoped to recover part of our investments. Instead, we were advised in September of the current year that Debtors claim they have no liability in regards to our claims and we were expected to respond to said Objection with factual and legal arguments in less than two months. This was never feasible or possible.

No justice system should function on the basis that one of the parties will most likely prevail because it can afford to spend hundreds of thousands of dollars on attorneys' fees to assert claims that other parties will have no opportunity to

dispute because of a financial inability to retain legal representation. This contradicts the concept of equal justice, one of the most inspiring ideals of U.S. society. It is fundamental that justice remains the same to all, in substance and availability, without regard to economic status or resources. In light of this, I trust that the Court will forgive my late response in this matter and allow me to join in the arguments set forth in the Responses to Debtors' Two Hundred Fifteenth Omnibus Objection for the reasons and legal arguments cited therein.

Dated: November 30, 2011
Montevideo, Uruguay

Respectfully,

_____ (in Pro Per)
Francisco Fernando Godinho Aguirregaray

_____
Maria del Pilar Anolles Paz