**Hearing Date and Time: December 21, 2011 at 10:00 a.m. (prevailing Eastern Time)**

HOGAN LOVELLS US LLP
Christopher R. Donoho, III
875 Third Avenue
New York, New York 10022
212-918-3000

*Attorneys for Italease Finance S.p.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                              :
                                                    :     Chapter 11
LEHMAN BROTHERS HOLDING INC., et. al.,              :
                                                    :
                        Debtors.                    :     Case No. 08-13555 (jmp)
                                                    :
                                                    :     (Jointly Administered)
-------------------------------------------------------------------X

## RESPONSE OF ITALEASE FINANCE S.P.A. TO DEBTORS' TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS – CLAIM NOS. 28076 AND 28077)

Italease Finance S.p.A.. ("Italease"), by and through its undersigned counsel, hereby files

its response (the "Response") to the *Debtors' Two Hundred Thirty-Second Omnibus Objection to*

*Claims (Valued Derivative Claims)* (the "Objection") [Docket No. 21727], and respectfully

represents as follows: [1]

---

[1] Italease is a company organized under the laws of Italy.  Italease enters this limited appearance in the Debtors'
chapter 11 cases (collectively, the "Cases") for the purpose of making this Response to the Debtors' claims
objection. By making this limited appearance in the Cases, filing related objections, and submitting this and related
responses, Italease does not submit itself or otherwise consent or acquiesce, and shall not be deemed to have
submitted itself, consented or acquiesced, to the jurisdiction of this Court, or any other court of the United States, for
any purpose other than with respect to this Response.  Italease does not waive any, and hereby reserve all, of their
rights to object on jurisdictional grounds to the application of any procedural order or proposed assumption of any
alleged contract, if ordered by this Court, or any other order of this Court, or any other court resident in the United
States.

## BACKGROUND

1.      On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.      Prior to the commencement of the Cases, on June 24, 2004, Italease entered into an ISDA Master Agreement (Multicurrency-Cross-Border) (as amended, the "Master Agreement") with one of the Debtors, Lehman Brothers Special Financing Inc. ("LBSF"). On that same day, Italease entered into a related schedule (the "Schedule") and two trade confirmations with Global ID. Numbers 521206 and 521310 (the "Confirmations") with LBSF. Additionally, on June 24, 2004 LBHI unconditionally guaranteed the obligations of LBSF under the Master Agreement pursuant to a Guarantee of Lehman Brothers Holdings Inc., attached to the Master Agreement (the "Guarantee").

3.      Pursuant to the terms of the Master Agreement, Italease issued certain asset backed notes that were traded in the public security markets and are still outstanding.  On August 1, 2008, LBHI (as settlor), HSBC Corporate Trust Company (UK) Limited ("HSBC") (as trustee) and Lehman Brothers International (Europe) (as calculation agent) entered in a Declaration of Trust (the "Declaration of Trust", and together with the Master Agreement, the Schedule, the Confirmations and the Guarantee, the "Master Agreement Documents"), whereby LBHI agreed to provide collateral to Italease to support the obligations of LBSF to Italease under the Master Agreement by crediting funds into a trust account at HSBC for the benefit of Italease (the "Trust Account").  As far as Italease is aware, the Trust Account, and the assets therein, are still in existence and appear to be outside the reach of Italease without the consent of the

Debtors.  The total amount of assets in such Trust Account should equal or exceed the amount of Italease's Claims (as defined below).

4.       All of the Master Agreement Documents[2] are governed by English law, with the exception of the Guarantee, which is governed by New York law.

5.       The filing of voluntary petitions under chapter 11 of the Bankruptcy Code by LBHI (the 'Credit Support Provider' pursuant to the Master Agreement) on the Petition Date and subsequently, by LBSF on October 3, 2008, constituted events of default by LBSF under Clause 5(a)(vii) of the Master Agreement.   In accordance with the 'safe harbor' provisions of the Bankruptcy Code, Italease gave notice to LBSF (via a Notice of Event of Default dated October 23, 2008)[3] that, pursuant to Section 6(a) of the Master Agreement, October 23, 2008 was the Early Termination Date (as such term in defined in the Master Agreement) with respect to all Transactions (as such term in defined in the Master Agreement).  Pursuant to Section 6(d) of the Master Agreement, Italease calculated the amount owing by LBSF to Italease with respect to the Early Termination Date for the Transactions in accordance with Sections 6(e) and Section 11 of the Master Agreement.  Italease demanded such payment from LBSF by a letter dated June 17, 2009, requesting the immediate payment EUR 2,932,715.86 ($3,758,861.92) (the "Settlement Amount").[4]  By a letter dated June 18, 2009, Italease demanded that LBHI fulfill its obligations to Italease for the Settlment Amount pursuant to the Guarantee.[5]  To date, no payment has been received by Italease.

---

[2] Because (i) of the voluminous nature of the Master Agreement Documents and other writings executed or delivered in connection with the Master Agreement Documents that support this Response; and (ii) all of these documents are or should be in the Debtors' possession and were provided to the Debtors as part of submitting the Claims pursuant to the Bar Date Order (as defined below), the Master Agreement Documents identified herein are not annexed hereto.  However, all such documents are expressly incorporated herein by reference and, subject to any confidentiality restrictions, will be made available upon reasonable request by contacting counsel to Italease.
[3] A copy of this Notice of Event of Default is annexed hereto as **Exhibit A**.
[4] A copy of this letter is annexed hereto as **Exhibit B.**
[5] A copy of this letter is annexed hereto as **Exhibit C.**

6.      On July 2, 2009, the Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these Cases (the "Bar Date Order") [Docket No. 4271].

## The Claims

7.      In compliance with the Bar Date Order, on September 22, 2009 Italease timely filed proofs of claim for the Settlement Amount against LBSF and LBHI (as guarantor under the Guarantee), which were assigned proofs of claim number 28077 and 28076, respectively (collectively, the "Claims").[6]  Pursuant to the terms of the Bar Date Order, Italease timely completed and uploaded the required Derivative Questionnaires and Guarantee Questionnaires in connection with the Claims (together, the "Questionnaires").

8.      On November 7, 2011, the Debtors filed the Objection seeking reduction of the Claims.  The Objection is based solely on the Debtors' assertion that "the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values" of Claims as determined by the Debtors.  Objection ¶ 2 and ¶ 11.  The Debtors submitted no documentary or other evidence in support of the Objection beyond that which is quoted above.  In fact, the Objection fails to provide any reason or basis for the proposed reduction of the Claims beyond the Debtors' unsubstantiated assertion that their undisclosed internal claim valuation process produces a "fair, accurate, and reasonable value of such claims." Objection ¶ 14.

9.      Further, the Objection, beyond its non-specific and unsubstantiated assertions, is, upon information and belief with respect to Italease, incorrect when the Debtors assert that they engaged in "lengthy negotiations with the holder of . . . Claims that are often very detailed . . ." Objection ¶ 14.  To date, to our knowledge no representative of the Debtors has contacted Italease to begin such negotiations.

---

[6] Copies of the Claims are annexed hereto as **Exhibit D.**

10.     Lastly, the Debtors did not address the unliquidated claims set forth in the Claims. For example, in accordance with Section 11 of the Master Agreements, Italease expressly claimed legal fees and costs incurred in connection with the enforcement of its rights under the Master Agreement.  A statement of all amounts due and owning under the Master Agreement Documents would be presented to the Debtors upon request, yet the Debtors have made no such request.

## RESPONSE

**Applicable Legal Standard**

11.     Under Section 502 of the Bankruptcy Code, a filed proof of claim is deemed allowed.  "The Bankruptcy Code establishes a burden-shifting framework for proving the amount and validity of a claim. The creditor's filing of a proof of claim constitutes prima facie evidence of the amount and validity of the claim. The debtor must introduce evidence to rebut the claim's presumptive validity.*" In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004) (internal citations omitted). . *See* Fed. R. Bankr. P. 3001(f); *See also In re DJK Residential LLC,* 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); *In re Alper Holdings USA,* 2008 Bankr. LEXIS 86 at *9 (Bankr. S.D.N.Y. 2008); *In re MarketXT Holdings Corp.,* 2007 Bankr. LEXIS 740 at *17 n.8 (Bankr. S.D.N.Y. 2007); *In re Spiegel, Inc.*, 2007 WL 2456626, *15 n.6 (S.D.N.Y. Aug. 22, 2007).

12.     Fundamental principles of bankruptcy law require the Debtors to introduce admissible evidence to overcome the prima facie validity of a claim and to shift the burden of proof back to the claimant. "Mere denial of [a] claim's validity or amount is not sufficient to rebut prima facie effect of [the] proof of claim." Hon. Barry Russell, <u>Bankruptcy Evidence Manual</u>, § 301.13(3) (West Group, 1999) (citing *In re O'Connor*, 153 F.3d 258 (5th Cir. 1998);

*In re Brown*, 221 B.R. 46 (Bankr. S.D. Ga. 1998); *In re Narragansett Clothing Co.*, 143 B.R. 582, 583 (Bankr. D.R.I.1992)). Specifically, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency, as "the objector bears the initial burden of persuasion." *DJK Residential,* 416 B.R. at 104; *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-174 (3d Cir. 1992), quoting *In re Holm*, 931 F. 2d 620, 623 (9th Cir. 1991).

13.    Thus, the burden of proof does not shift to Italease until the objector has first met its burden by providing sufficient evidence to overcome the *prima facie* validity of the claim. *Id.*; *In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987) ("the objecting party [must] . . . go forward and produce sufficient evidence to rebut the claimant's *prima facie* case"). "Mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence. *See Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at * 3-4 (S.D.N.Y. March 31, 1999).

**The Debtors Have Failed to Meet Their Burden of Going Forward**

14.    The Debtors provide <u>no</u> evidence to support their Objection as to the Claims.  The unsubstantiated assertion that the Claims are "greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records" is insufficient to overcome the *prima facie* validity and amount of the Claims.  The Debtors ask this Court to reduce the Claims without reference to any specific reason for doing so.  Their unsupported statement does not constitute "evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." *See Alper Holdings USA,* 2008 Bankr. LEXIS 86 at *10; *DJK Residential,* 416 B.R. at 104.  Merely filing a claim objection is insufficient to "deprive the proof of claim of

presumptive validity unless the objection is supported by **substantial evidence**." *Juniper Dev. Group v.Kahn* (*In re Hemingway Transport, Inc.*), 993 F.2d 915, 925 (1st Cir. 1993) (emphasis in the original). Allegations of overvaluation are not evidence.  Therefore, the Debtors have failed to offer any evidence, let alone substantial evidence.

15.     Similarly, the Debtors have also failed to offer any concrete support as to why Italease's calculation of the Claims is in any way flawed.  In contrast, Italease gave the Debtors extensive documentation to support the basis for its calculations.

16.     For the reasons set forth above, the Objection does not negate the *prima facie* validity of the Claims and should be denied.

**Italease Has Met Its Burden of Proving the Validity of Its Claims**

17.     Should the Court find that the Debtors' unsupported Objection has transferred the burden of proof to Italease, Italease respectfully submits that it already has met that burden.  The Claims and the Questionnaires (complete with all relevant supporting documentation) constitute more than sufficient evidence of the accuracy and validity of the amount of the Claims.

18.     The Claims were calculated according to the contractually agreed-upon methodologies, and the Debtors have not offered any justification for deviating from those terms. There is no basis for further reducing the Claims as provided for in the Objection.  Moreover, even if the Debtors may have somehow calculated the loss differently, they cannot substitute their judgment for the reasonable judgment of Italease for the simple reason that the Master Agreement Documents do not permit that.  The Master Agreement expressly designates the Non-defaulting Party (as such term is defined in the Master Agreements), i.e., Italease, as the party to calculate the Settlement Amount. See Master Agreement § 6(e)(i)(3).  The right to determine the Settlement Amount belongs exclusively to Italease as the Non-defaulting Party. Thus, to the

extent the Debtors challenge Italease's calculation of the Settlement Amount under each Master Agreement, the Court should overrule the Objection as inconsistent with the terms of the Master Agreement, since the Debtors do not provide evidence of any unreasonableness in Italease's calculations, but simply propose to substitute the Debtors' calculations without a contractual right to do so and without explanation or evidentiary support.

19.    Further, the allowed amount of the Claims should also reflect the outstanding legal fees owed to Italease under the Master Agreement Documents. *See Ogle v. Fidelity & Deposit Co. of Maryland*, 586 F.3d 143 (2d Cir. 2009), cert. denied, 2010 WL 531913 (U.S. 2010) (Bankruptcy Code allows an unsecured creditor to collect post-petition attorney's fees authorized by a pre-petition contract that is valid under state law).

20.    In the event this Court finds that Italease has not met its ultimate burden of proof as to the validity of the Claims, Italease: (a) requests discovery from the Debtors as to their valuation of the Claims; (b) reserves the right to supplement or otherwise amend this Response to the Objection; and (c) requests, if necessary, a full evidentiary hearing pursuant to Rule 9014(e) of the Bankruptcy Rules and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amounts of the Claims.

## CONCLUSION

21.    Italease has established the validity of the Claims.  The Objection fails to offer any evidence that would in any legally sufficient way rebut Italease's Claims.  Accordingly, the Objection should be denied with respect to Italease's Claims.

## RESERVATION OF RIGHTS

22.    Italease reserves any and all applicable rights at law and/or equity, all claims, and all defenses, including without limitation the right to discovery in connection with the Debtors' Objection and the right to amend or supplement this Response and to join in the response of any other party to the Objection.


WHEREFORE, Italease respectfully requests that the Court (i) overrule the Objection as set forth herein, and (ii) grant such other and further relief as this Court deems just and proper under the circumstances.


Dated: December 7, 2011
New York, New York

**HOGAN LOVELLS US LLP**

/s/ Christopher R. Donoho, III_____
Christopher R. Donoho, III
875 Third Avenue
New York, NY 10022
(212) 909-0630 Telephone
(212) 918-3100 Facsimile

*Attorneys for Italease Finance S.p.A.*

## EXHIBIT A

# ITALEASE FINANCE SpA

*appartenente al Gruppo Bancario Banca Italease*
*e soggetta alla direzione e coordinamento da parte di Banca Italease S.p.A.*

To:   Lehman Brothers Special Financing Inc.
      Transaction Management
      399 Park Avenue, 15th Floor
      New York, NY 10022-4679
      **For the attention of: Joseph Polizzotto**


Cc:   Lehman Brothers International (Europe)
      Legal Transaction Management (FID)
      25 Bank Street
      London E14 5LE
      **For the attention of: Legal/TMG**

23 October 2008

Dear Sirs

## Notice of Event of Default

We refer to the 1992 ISDA Master Agreement and Schedule dated as of 24 June 2004 between Italease Finance S.p.A. ("**Italease Finance**" or "**us**") and Lehman Brothers Special Financing Inc. ("**LBSF**" or "**you**"), as amended, restated and/or supplemented from time to time (together, the "**ISDA Master Agreement**"). Terms used but not defined herein will have the meaning ascribed thereto in the ISDA Master Agreement.

The filings of voluntary petitions under Chapter 11 of the U.S. Bankruptcy Code in respect of both Lehman Brothers Holdings Inc. (who are acting as LBSF's Credit Support Provider pursuant to the ISDA Master Agreement) and LBSF on 15 September 2008 and 3 October 2008, respectively, each constitute an Event of Default with respect to LBSF under Clause 5(a)(vii) of the ISDA Master Agreement.

We hereby give you notice, pursuant to Section 6(a) of the ISDA Master Agreement, that we designate 23 October 2008 as an Early Termination Date with respect to all outstanding Transactions under the ISDA Master Agreement as a result of this Event of Default.

In accordance with the provisions of Section 6(e) of the ISDA Master Agreement, we will calculate the amount, if any, payable in respect of such Early Termination Date. We will provide you as soon as reasonably practicable with our calculations pursuant to Section 6(d) of the ISDA Master Agreement and specify the amounts payable pursuant to Section 6(e) of the ISDA Master Agreement and the details of the relevant account to which such amount (if any) is to be paid.



-------------------------------------------------------------------------------
Via Cino del Duca n. 8 20122 Milano – Italia   Capitale Sociale Euro 120.000
N. d'Iscrizione al Registro delle Imprese di Milano, C.F. e P.I. 02442560542
Iscritta nell'elenco generale di cui all'art. 106 del D. lgs. n. 385/93 con il n. 31493
Iscritta nell'elenco speciale di cui all'art. 107 del D. lgs. n. 385/93 con il n. 32415.2

Italease Finance hereby reserves all of its rights in respect of the ISDA Master Agreement whether arising under the ISDA Master Agreement, at law or otherwise (and for the avoidance of doubt, this letter does not constitute a waiver of any such rights) including but not limited to the right to serve any further notice on you.

This notice is governed by the laws of England and Wales.

Yours faithfully

**Italease Finance S.p.A.**

By:

Name: *Andrea Perin*
Title: *Chairman*

**<u>EXHIBIT B</u>**

\\NY - 003128/000001 - 2365785 v2

# ITALEASE FINANCE SpA

*appartenente al Gruppo Bancario Banca Italease*
*e soggetta alla direzione e coordinamento da parte di Banca Italease S.p.A.*

To:     Lehman Brothers Special Financing Inc.
        C/o Lehman Brothers Holdings Inc.
        1271 Sixth Avenue, 40th Floor
        New York, NY 10020
        **For the attention of: Derivatives Legal**

Cc:     Lehman Brothers International (Europe)
        Legal Transaction Management (FID)
        25 Bank Street
        London E14 5LE
        **For the attention of: Legal/TMG**

*By hand*

17 June 2009

Dear Sirs

**Re: ISDA Master Agreement dated as of 24 June 2004 between Italease Finance S.p.A. and Lehman Brothers Special Financing Inc.**

We refer to the notice of Event of Default dated 23 October 2008 (the "**Notice of Default**") served by us on you in accordance with Section 6(a) of the ISDA Master Agreement (as amended, modified or supplemented from time to time and together with all schedules and exhibits thereto, and the confirmations entered into on 24 June 2004 in connection with a Transactions thereunder (the "**Notes Transactions**"), together the "**ISDA Master Agreement**") dated 24 June 2004 between Italease Finance S.p.A. ("**Italease Finance**" or "**us**") and Lehman Brothers Special Financing Inc. ("**LBSF**" or "**you**"). Terms used but not defined herein will have the meaning ascribed in them in the ISDA Master Agreement.

The Notice of Default designated 23 October 2008 as the Early Termination Date in respect of all outstanding Transactions under the ISDA Master Agreement as a result of the Event of Default specified therein. The schedule to this notice (the "**Schedule**") constitutes the statement required by Section 6(d)(i) of the ISDA Master Agreement of the calculations contemplated by Section 6(d) of the ISDA Master Agreement. Such Schedule sets forth such calculations, which have been made by us in accordance with the methodology set out in Section 6(e) of the ISDA Master Agreement.

As stated in the Schedule, pursuant to Section 6(e)(i)(4), the amount payable by LBSF to Italease Finance is equal to the amount of **EUR 2,821,752.88** and such amount is due to Italease pursuant to Section 6(d)(ii) of the ISDA Master Agreement on 17 June 2009.

Pursuant to Section 11 of the ISDA Master Agreement, LBSF is obliged to indemnify us, on demand, for all reasonable out-of pocket expenses, including legal fees, incurred by us by reason of the enforcement and protection of our rights under the ISDA Master Agreement or by



Via Cino del Duca n. 12, 20122 Milano – Italia   Capitale Sociale Euro 120.000
N. d'Iscrizione al Registro delle Imprese di Milano, C.F. e P.I. 02442560542
Iscritta nell'elenco generale di cui all'art. 106 del D. lgs. n. 385/93 con il n. 31493
Iscritta nell'elenco speciale di cui all'art. 107 del D. lgs. n. 385/93 con il n. 32415.2

reason of the early termination of any Transaction. Our estimated legal fees in this regard are **EUR 110,962.98**.

We should be grateful if you would please therefore pay such amounts, plus interest on any overdue amounts calculated in accordance with the ISDA Master Agreement in immediately available funds to the following account:

Account no.:   1466379781 (swift code: IRVTITMM; ABI 03351; CAB 01600)
Beneficiary:   The Bank of New York Milan Branch
IBAN:          IT81G0335101600001466379781

Italease hereby reserves all of its rights in respect of the ISDA Master Agreement whether arising under the ISDA Master Agreement, at law or otherwise (and for the avoidance of doubt this letter does not constitute a waiver of any such rights) including but not limited to the right to serve any further notice on you.

This letter is governed by the laws of England and Wales.

Yours faithfully

**Italease Finance S.p.A.**

By:
Name: Andrea Perin

Title: Chairman

## SCHEDULE

(A)     Pursuant to pursuant to Section 6(e)(i)(4) of the ISDA Master Agreement an amount will be payable equal to the Non-defaulting Party's Loss in respect of the ISDA Master Agreement. If that amount is a positive number, the Defaulting Party (LBSF) will pay it to the Non-defaulting Party (Italease Finance); if it is a negative number, the Non-defaulting Party (Italease Finance) will pay the absolute value of that amount to the Defaulting Party (LBSF).

(B)     For these purposes, the Loss with respect to Italease Finance as Non-defaulting Party, as reasonably determined by Italease Finance in good faith is:

(1)     the net cost of the replacement transactions for the Terminated Transactions[1] and the Termination Currency Equivalent of the Unpaid Amounts owing to Italease Finance as Non-defaulting Party; less

(2)     the Termination Currency Equivalent of the Unpaid Amounts owing to LBSF (as Defaulting Party).

Therefore, the amount payable pursuant to Section 6(e) of the ISDA Master Agreement is:

(i)     - EUR 280,000 plus EUR 4,613,063.88; less

(ii)     EUR 1,511,311,

=     **EUR 2,821,752.88**


**Note**

1     The cost of the replacement transaction for the floating/floating transaction with ID number 531310 entered into pursuant to the ISDA Master Agreement (the "**Floating/Floating Transaction**") was EUR 350,000, payable by the replacement counterparty to Italease Finance. The cost of the replacement transaction for the fixed/floating transaction with ID number 531306 entered into pursuant to the ISDA Master Agreement  was EUR 70,000, payable by Italease Finance to the replacement counterparty.



## **EXHIBIT C**

# ITALEASE FINANCE SpA

*appartenente al Gruppo Bancario Banca Italease*
*e soggetta alla direzione e coordinamento da parte di Banca Italease S.p.A.*

To:    Lehman Brothers Holdings Inc.
        339 Park Avenue
        11ᵗʰ Floor
        New York, New York 10022
        **For the attention of: Corporate Counsel**
        Fax: +1 212 520 0176

Cc:    Lehman Brothers Special Financing Inc.
        745 Seventh Avenue
        New York, NY 10019
        **For the attention of: Swap Notice Generation**

Cc:    Lehman Brothers Special Financing Inc.
        745 Seventh Avenue, 28th Floor
        New York, NY 10019
        **For the attention of: Transaction Management**

18 June 2009

Dear Sirs

### Demand pursuant to guarantee dated 24 June 2004

We refer to a guarantee dated 24 June 2004 (the "**Guarantee**") granted by Lehman Brothers Holdings Inc. (the "**Guarantor**") in favour of Italease Finance S.p.A. ("**Italease Finance**") in respect of a 1992 ISDA Master Agreement and Schedule dated as of 24 June 2004 between Italease Finance and Lehman Brothers Special Financing Inc. ("**LBSF**"), as amended, restated and/or supplemented from time to time (together, the "**ISDA Master Agreement**"). Terms used but not defined herein will have the meaning ascribed thereto in the ISDA Master Agreement, as applicable, unless otherwise defined herein.

A notice of an Event of Default (the "**Notice of Default**") was served by Italease Finance on LBSF on 23 October 2008 in accordance with Section 6(a) of the ISDA Master Agreement. The Notice of Default designated 23 October 2008 as the Early Termination Date in respect of all outstanding Transactions under the ISDA Master Agreement as a result of the Event of Default specified therein.

On 17 June 2009 Italease Finance served a further notice on LBSF (the "**Settlement Amount Notice**"). The Settlement Amount Notice contained a schedule which constituted the statement required by Section 6(d)(i) of the ISDA Master Agreement of the calculations contemplated by Section 6(d) of the ISDA Master Agreement, which have been made by Italease Finance in accordance with Section 6(e) of the ISDA Master Agreement. We attach in the annex hereto a copy of the Settlement Amount Notice. In accordance with Section 6(d)(ii) of the ISDA Master Agreement, the amount that is due in respect of the Early Termination Date is payable on the date that notice of the amount payable is effective, being 17 June 2009. The amount payable pursuant to Section 11 is payable on demand.


Via Cino del Duca n. 12, 20122 Milano – Italia   Capitale Sociale Euro 120.000
N. d'Iscrizione al Registro delle Imprese di Milano, C.F. e P.I. 02442560542
Iscritta nell'elenco generale di cui all'art. 106 del D. lgs. n. 385/93 con il n. 31493
Iscritta nell'elenco speciale di cui all'art. 107 del D. lgs. n. 385/93 con il n. 32415.2

Such amounts were not paid by LBSF on 17 June 2009. Accordingly, we hereby make formal demand on you under the Guarantee for payment forthwith of the total sum of **EUR 2,932,715.86**, as set out in the Settlement Amount Notice. We should be grateful if you would please therefore pay such amount, plus interest on any overdue amounts calculated in accordance with the ISDA Master Agreement in immediately available funds to the following account:

Account no.:   1466379781 (swift code: IRVTITMM; ABI 03351; CAB 01600)
Beneficiary:   The Bank of New York Milan Branch
IBAN:          IT81G0335101600001466379781

Italease Finance hereby reserves all of its rights in respect of the Guarantee and the ISDA Master Agreement whether arising under the Guarantee or the ISDA Master Agreement, as the case may be, at law or otherwise (and for the avoidance of doubt, this letter does not constitute a waiver of any such rights) including but not limited to the right to serve any further notice on you.

This notice is governed by the laws of England and Wales.

Yours faithfully

Italease Finance S.p.A.

By:
Name: Andrea Perin
Title: Chairman

**Annex**

# ITALEASE FINANCE SpA

*appartenente al Gruppo Bancario Banca Italease*
*e soggetta alla direzione e coordinamento da parte di Banca Italease S.p.A.*

To:     Lehman Brothers Special Financing Inc.
C/o Lehman Brothers Holdings Inc.
1271 Sixth Avenue, 40th Floor
New York, NY 10020
**For the attention of: Derivatives Legal**

Cc:     Lehman Brothers International (Europe)
Legal Transaction Management (FID)
25 Bank Street
London E14 5LE
**For the attention of: Legal/TMG**

*By hand*

17 June 2009

Dear Sirs

**Re: ISDA Master Agreement dated as of 24 June 2004 between Italease Finance S.p.A. and Lehman Brothers Special Financing Inc.**

We refer to the notice of Event of Default dated 23 October 2008 (the **"Notice of Default"**) served by us on you in accordance with Section 6(a) of the ISDA Master Agreement (as amended, modified or supplemented from time to time and together with all schedules and exhibits thereto, and the confirmations entered into on 24 June 2004 in connection with a Transactions thereunder (the **"Notes Transactions"**), together the **"ISDA Master Agreement"**) dated 24 June 2004 between Italease Finance S.p.A. (**"Italease Finance"** or **"us"**) and Lehman Brothers Special Financing Inc. (**"LBSF"** or **"you"**). Terms used but not defined herein will have the meaning ascribed in them in the ISDA Master Agreement.

The Notice of Default designated 23 October 2008 as the Early Termination Date in respect of all outstanding Transactions under the ISDA Master Agreement as a result of the Event of Default specified therein. The schedule to this notice (the **"Schedule"**) constitutes the statement required by Section 6(d)(i) of the ISDA Master Agreement of the calculations contemplated by Section 6(d) of the ISDA Master Agreement. Such Schedule sets forth such calculations, which have been made by us in accordance with the methodology set out in Section 6(e) of the ISDA Master Agreement.

As stated in the Schedule, pursuant to Section 6(e)(i)(4), the amount payable by LBSF to Italease Finance is equal to the amount of **EUR 2,821,752.88** and such amount is due to Italease pursuant to Section 6(d)(ii) of the ISDA Master Agreement on 17 June 2009.

Pursuant to Section 11 of the ISDA Master Agreement, LBSF is obliged to indemnify us, on demand, for all reasonable out-of pocket expenses, including legal fees, incurred by us by reason of the enforcement and protection of our rights under the ISDA Master Agreement or by

Via Cino del Duca n. 12, 20122 Milano – Italia    Capitale Sociale Euro 120.000
N. d'Iscrizione al Registro delle Imprese di Milano, C.F. e P.I. 02442560542
Iscritta nell'elenco generale di cui all'art. 106 del D. lgs. n. 385/93 con il n. 31493
Iscritta nell'elenco speciale di cui all'art. 107 del D. lgs. n. 385/93 con il n. 32415.2



reason of the early termination of any Transaction. Our estimated legal fees in this regard are **EUR 110,962.98**.

We should be grateful if you would please therefore pay such amounts, plus interest on any overdue amounts calculated in accordance with the ISDA Master Agreement in immediately available funds to the following account:

Account no.:   1466379781 (swift code: IRVTITMM; ABI 03351; CAB 01600)
Beneficiary:   The Bank of New York Milan Branch
IBAN:          IT81G0335101600001466379781

Italease hereby reserves all of its rights in respect of the ISDA Master Agreement whether arising under the ISDA Master Agreement, at law or otherwise (and for the avoidance of doubt this letter does not constitute a waiver of any such rights) including but not limited to the right to serve any further notice on you.

This letter is governed by the laws of England and Wales.

Yours faithfully

**Italease Finance S.p.A.**

By:
Name: Andrea Perin

Title: Chairman

## SCHEDULE

(A)     Pursuant to pursuant to Section 6(e)(i)(4) of the ISDA Master Agreement an amount will be payable equal to the Non-defaulting Party's Loss in respect of the ISDA Master Agreement. If that amount is a positive number, the Defaulting Party (LBSF) will pay it to the Non-defaulting Party (Italease Finance); if it is a negative number, the Non-defaulting Party (Italease Finance) will pay the absolute value of that amount to the Defaulting Party (LBSF).

(B)     For these purposes, the Loss with respect to Italease Finance as Non-defaulting Party, as reasonably determined by Italease Finance in good faith is:

     (1)     the net cost of the replacement transactions for the Terminated Transactions[1] and the Termination Currency Equivalent of the Unpaid Amounts owing to Italease Finance as Non-defaulting Party; less

     (2)     the Termination Currency Equivalent of the Unpaid Amounts owing to LBSF (as Defaulting Party).

Therefore, the amount payable pursuant to Section 6(e) of the ISDA Master Agreement is:

     (i)     - EUR 280,000 plus EUR 4,613,063.88; less

     (ii)    EUR 1,511,311,

     =      **EUR 2,821,752.88**

### Note

1     The cost of the replacement transaction for the floating/floating transaction with ID number 531310 entered into pursuant to the ISDA Master Agreement (the "**Floating/Floating Transaction**") was EUR 350,000, payable by the replacement counterparty to Italease Finance. The cost of the replacement transaction for the fixed/floating transaction with ID number 531306 entered into pursuant to the ISDA Master Agreement was EUR 70,000, payable by Italease Finance to the replacement counterparty.



## **EXHIBIT D**

\\NY - 003128/000001 - 2365785 v2

| *United States Bankruptcy Court/Southern District of New York* | **PROOF OF CLAIM** |
|---|---|

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al.<br>Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Brothers Holdings Inc. | 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000028076

THIS SPACE IS FOR COURT USE ONLY

---

**Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)**

Italease Finance S.p.A.    and    Italease Finance S.p.A.
c/o Lovells Studio Legale          c/o Blank Rome LLP
Via Santa Maria alla Porta 2       405 Lexington Avenue
20123 Milan, Italy                 New York, NY  10174
Attn. Mr. Federico del Monte       Attn: Andrew B. Eckstein
federico.delmonte@lovells.com      aeckstein@blankrome.com

Telephone number: 011-39-02-720521    Email Address: (212) 885-5505

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
   (*If known*)

Filed on: _____

---

**Name and address where payment should be sent (if different from above)**

Via Cino del Duca 12
20122 Milan, Italy
Attn: Mr. Andrea Perin

Telephone number: 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-360900    Email Address: a_perin@finint.it

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

---

**1.    Amount of Claim as of Date Case Filed:** $ 3,758,861.92 USD

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** ITA-6 Swap LBHI Guaranty- ISDA Master Agreement dated June 24, 2004 - see rider
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** _____
    **3a. Debtor may have scheduled account as:** _____
        (See instruction #3a on reverse side.)

**4.    Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other

Describe: _____

Value of Property: $_____    Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7.    Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.    Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

FOR COURT USE ONLY

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

---

| Date:<br>17\09\2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>CHAIRMAN OF THE BOARD OF DIRECTORS |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

ITA 6

## IN RE LEHMAN BROTHERS HOLDINGS, INC.
## 08-13555 (JMP)

### RIDER TO ITALEASE FINANCE S.p.A. PROOF OF CLAIM

1.      Italease Finance, S.p.A. ("Claimant") and Lehman Brothers Special Financing Inc. ("LBSF") entered into a swap transaction (the "Swap Transaction") pursuant to an ISDA Master Agreement dated as of June 24, 2004, as supplemented by a Schedule dated as of June 24, 2004 and two Confirmations (Global ID. Nos: 531306 and 531310) each with a trade date of June 24, 2004. The Swap Transaction relates and was entered into in connection with a securitisation transaction under which, on 24 June 2004, Claimant issued certain asset backed notes backed by lease receivables originated by Banca Italease S.p.A., being a primary Italian bank. Most of such asset backed notes (i) were publicly placed into the international markets and (ii) are currently rated, listed and still outstanding.

2.      With reference to the Swap Transaction:

(i)     on June 24, 2004, Lehman Brothers Holding Inc. (as guarantor) ("LBHI" and, together with LBSF, the "Debtors") entered into a guarantee (the "Guarantee") under which LBHI has unconditionally guaranteed to Claimant the due and punctual payment of all amounts payable by LBSF under the Swap Transaction, in accordance with the terms and conditions provided thereunder; and

(ii)    on August 1, 2008, LBHI (as settlor), HSBC Corporate Trust Company (UK) Limited ("HSBC") (as trustee) and Lehman Brothers International (Europe) (as calculation agent) entered into a declaration of trust (the "Declaration of Trust" and, together and collectively with the

Swap Transaction and the Guarantee, the "Swap Agreements") under which LBHI agreed to provide collateral to Claimant to support the obligations of LBSF under the Swap Transaction by crediting funds into a trust account opened with HSBC, acting as trustee, in each case, in accordance with the terms and conditions provided thereunder. As of the date hereof, the aggregate amount credited by LBHI into the above referenced trust account pursuant to the Declaration of Trust is equal to zero.

3.    LBHI filed a petition for relief under Chapter 11 of Title 11 of the United States Code on September 15, 2008, case # 08-13555 and LBSF filed a petition for relief under Chapter 11 of Title 11 of the United States Code on October 3, 2008, case # 08-13888, each of which event constituted an event of default under the Swap Agreements.

4.    Pursuant to a notice dated October 23, 2008 to LBSF with copy to Lehman Brothers International (Europe), Claimant designated an Early Termination Date (as defined in the Swap Agreements) of October 23, 2008. Claimant entered into a replacement swap agreement ("Replacement Agreement") on October 24, 2008 with The Royal Bank of Scotland plc.

5.    Pursuant to the Swap Agreements, Claimant has calculated that an amount equal to $3,758,861.92 due and payable by LBSF to Claimant in accordance with sections 6 and 11 of the above-mentioned ISDA Master Agreement (the "Settlement Amount"). Such Settlement Amount (i) includes, inter alia, the loss suffered by Claimant resulting from entering into the Replacement Agreement, (ii) was calculated in Euros and converted to US dollars as of the Early Termination Date (as defined in the Swap Agreements) and (iii) was notified to LBSF

through a settlement amount notice in accordance with the above-mentioned ISDA Master Agreement.

6.      The Claimant has made a written demand on LBHI pursuant to the Guarantee for payment forthwith by LBHI to Claimant of the total Settlement Amount.

7.      Because of their bulk, copies of documentation evidencing this Claim have not been attached, but will be provided in connection with required supplemental electronic filing on or before October 22, 2009.

8.      In executing and filing this Claim, Claimant does not waive but expressly reserves any and all rights of any type or nature that it has or may have to any security held by or for its benefit directly, by subrogation or otherwise.

9.      This Claim is without prejudice to, and Claimant expressly reserves all rights and remedies it has or may have against any third party who, or which are, or may become liable in whole or in part, for the indebtedness set forth in this Claim.

10.     The filing of the Claim does not constitute an election of remedies.

11.     Claimant reserves the right to amend this Claim in every respect.

H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

_Ashley Volk_
RECEIVED BY:

DATE

_11:49_
TIME

| **United States Bankruptcy Court/Southern District of New York**<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)              0000028077

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing, Inc | Case No. of Debtor<br>08-13888 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Italease Finance S.p.A.          and      Italease Finance S.p.A.
c/o Lovells Studio Legale               c/o Blank Rome LLP
Via Santa Maria alla Porta 2            405 Lexington Avenue
20123 Milan, Italy                      New York, NY  10174
Attn. Mr. Federico del Monte            Attn: Andrew B. Eckstein
federico.delmonte@lovells.com           aeckstein@blankrome.com

Telephone number: 011-39-02-720521    Email Address: (212) 885-5505

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
   (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
Via Cino del Duca 12
20122 Milan, Italy
Attn: Mr. Andrea Perin

Telephone number: 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-360900    Email Address: a_perin@finint.it

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1.    Amount of Claim as of Date Case Filed:** $ 3,758,861.92 USD

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.    Basis for Claim:** ITA-6 Swap - ISDA Master Agreement dated June 24, 2004 - see rider attached
(See instruction #2 on reverse side.)

**3.    Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4.    Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6.    Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

Amount entitled to priority:

$_____

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>17/09/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>CHAIRMAN OF THE BOARD OF DIRECTORS |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ITA 6

## IN RE LEHMAN BROTHERS SPECIAL FINANCING, INC.
## 08-13888 (JMP)

## RIDER TO ITALEASE FINANCE S.p.A. PROOF OF CLAIM

1.      Italease Finance, S.p.A. ("Claimant") and Lehman Brothers Special Financing Inc. ("LBSF") entered into a swap transaction (the "Swap Transaction") pursuant to an ISDA Master Agreement dated as of June 24, 2004, as supplemented by a Schedule dated as of June 24, 2004 and two Confirmations (Global ID. Nos: 531306 and 531310) each with a trade date of June 24, 2004. The Swap Transaction relates and was entered into in connection with a securitisation transaction under which, on 24 June 2004, Claimant issued certain asset backed notes backed by lease receivables originated by Banca Italease S.p.A., being a primary Italian bank. Most of such asset backed notes (i) were publicly placed into the international markets and (ii) are currently rated, listed and still outstanding.

2.      With reference to the Swap Transaction:

(i)      on June 24, 2004, Lehman Brothers Holding Inc. (as guarantor) ("LBHI" and, together with LBSF, the "Debtors") entered into a guarantee (the "Guarantee") under which LBHI has unconditionally guaranteed to Claimant the due and punctual payment of all amounts payable by LBSF under the Swap Transaction, in accordance with the terms and conditions provided thereunder; and

(ii)      on August 1, 2008, LBHI (as settlor), HSBC Corporate Trust Company (UK) Limited ("HSBC") (as trustee) and Lehman Brothers International (Europe) (as calculation agent) entered into a declaration of trust (the "Declaration of Trust" and, together and collectively with the

Swap Transaction and the Guarantee, the "Swap Agreements") under which LBHI agreed to provide collateral to Claimant to support the obligations of LBSF under the Swap Transaction by crediting funds into a trust account opened with HSBC, acting as trustee, in each case, in accordance with the terms and conditions provided thereunder.   As of the date hereof, the aggregate amount credited to LBHI into the above referenced trust account pursuant to the Declaration of Trust is equal to zero.

3.     LBHI filed a petition for relief under Chapter 11 of Title 11 of the United States Code on September 15, 2008, case # 08-13555 and LBSF filed a petition for relief under Chapter 11 of Title 11 of the United States Code on October 3, 2008, case # 08-13888,  each of which event constituted an event of default under the Swap Agreements.

4.     Pursuant to a notice dated October 23, 2008 to LBSF with copy to Lehman Brothers International (Europe), Claimant designated an Early Termination Date (as defined in the Swap Agreements) of October 23, 2008.   Claimant entered into a replacement swap agreement ("Replacement Agreement")  on October 24, 2008 with The Royal Bank of Scotland plc.

5.     Pursuant to the Swap Agreements, Claimant has calculated that an amount equal to of  $3,758,861.92 is due and payable by LBSF to Claimant in accordance with sections 6 and 11 of the above-mentioned ISDA Master Agreement (the "Settlement Amount"). Such Settlement Amount (i) includes, inter alia, the loss suffered by Claimant resulting from entering into the Replacement Agreement, (ii) was calculated in Euros and converted to US dollars as of the Early Termination Date (as defined in the Swap Agreements) and (iii) was notified to LBSF

through a settlement amount notice in accordance with the above-mentioned ISDA Master Agreement.

6.    The Claimant has made a written demand on LBHI pursuant to the Guarantee for payment forthwith by LBHI to Claimant of the total Settlement Amount.

7.    Because of their bulk, copies of documentation evidencing this Claim have not been attached, but will be provided in connection with required supplemental electronic filing on or before October 22, 2009.

8.    In executing and filing this Claim, Claimant does not waive but expressly reserves any and all rights of any type or nature that it has or may have to any security held by or for its benefit directly, by subrogation or otherwise.

9.    This Claim is without prejudice to, and Claimant expressly reserves all rights and remedies it has or may have against any third party who, or which are, or may become liable in whole or in part, for the indebtedness set forth in this Claim.

10.    The filing of the Claim does not constitute an election of remedies.

11.    Claimant reserves the right to amend this Claim in every respect.

H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

_Ashly Volel_
RECEIVED BY:

DATE

11:49
TIME