**Hearing Date:** December 14, 2011 at 10:00 A.M. EST
**Objection Deadline:** December 13, 2011 at 4:00 PM

Duncan E. Barber *(Pro Hac Vice Motion Pending)* (Colo. Bar No. 16768)
Steven T. Mulligan (Colo. Bar # 19901)
4582 S. Ulster St. Pkwy., Suite 1650
Denver, CO   80237
Phone:  720-488-0220
Fax:  720-488-7711
Email:  dbarber@bsblawyers.com
Email:  smulligan@bsblawyers.com

Attorneys for Movants

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

In re:

LEHMAN BROTHERS HOLDINGS INC.
and LB ROSE RANCH LLC

    :

          Debtors.          :

-----------------------------------------------------------

Chapter 11

Case No. 08-13555 (JMP)
(Jointly Administered)

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Movants,[1] by and through their attorneys Bieging Shapiro & Barber LLP, and as their

Motion for Relief from the Automatic Stay (the "Motion") pursuant to 11 U.S.C. §§ 362(d)(1),

state as follows:

---

[1] The Movants are Ironbridge Homes, LLC, Ironbridge Mountain Cottages, LLC, and Ironbridge Aspen Collection, LLC (collectively, the "Ironbridge Movants"), as well as Ironbridge Management LLC, Sunrise Company, Dirk Gosda, Hansen Construction, Inc., and Steven A. Hansen (collectively with the Ironbridge Movants, the "Movants").

## PRELIMINARY STATEMENT

1.     Movants seek relief from the automatic stay to: (1) assert cross-claims against the Debtors when the Debtors are joined as defendants in a pending Colorado state court suit pursuant to the Stipulation, Agreement and Order Among Lehman Brothers Holdings Inc., LB Rose Ranch LLC, PAMI Statler Arms LLC and Certain Colorado Plaintiffs Providing for Limited Relief from the Automatic Stay approved by the Court on November 18, 2011 (the "Colorado Stay Relief Order," Dkt. #22336); and (2) assert claims against LB Rose Ranch, LLC, ("LBRR"), and against Lehman Brothers Holdings, Inc. ("LBHI", which together with LBRR are collectively, the "Debtors") in a state law civil action recently filed in the District Court for Garfield County, State of Colorado, in November 2011 but which has not yet been served (the "Colorado Contract Lawsuit").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.   The statutory predicates underlying the relief requested in this Motion are Section 362 of the Bankruptcy Code and Bankruptcy Rule 4001.

## BACKGROUND

4.     The Debtors subject to this Motion filed their respective voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on September 15 and 23, 2008 and February 9, 2009.

5.     Prior to their case filing, the Debtors were engaged in, among other things, the business of golf course and new home development in Colorado.

196209

## The Ironbridge Construction Project

6.     One construction project in which the Debtors participated was the Ironbridge project, a development of single family homes located in Glenwood Springs, Colorado ("Development").

7.     The Ironbridge Movants were builders which constructed new homes in the Ironbridge project pursuant to contracts with Debtor LBRR. The Ironbridge Movants filed timely proofs of claim and amended proofs of claim in this case seeking amounts owed to them by LBRR under those contracts (Claim Nos. 30848, 30949, and 30850, and Amended Claim Nos. 30845, 30846, and 30847). The amounts sought in the proofs of claim exceed $3.5 million.

## The Colorado Construction Defect Lawsuit

8.     On or about May 14, 2010, certain homeowners in the Development commenced suit (the "Colorado Construction Defect Lawsuit," Case No. 10-CV-142) in Garfield County District Court, Colorado, against certain of the Movants and other third parties, styled:

> *Jamin Cook, Tiffany Cook, Vaughan Counts, Suzanne Counts, Kevin Craig, Thisha Craig, Charlie Lawson, Sarahliz Lawson, Stephanie Mosher, Steve New, Kori New, Craig Willis, Pamela Willis, Kurt Kornreich and Helen Kornreich,*
>
> Plaintiffs, v.
>
> *Ironbridge Homes, LLC, Dirk Gosda, individually, Sunrise Construction, Hansen Construction, Inc., Steven A. Hansen, individually, Richard C. Hepworth, P.E., individually, Steve Pawak, individually, Hepworth-Pawlak Geotechnical, Inc., Stephen Peightal, individually, and S K Peightal Engineers, Ltd.*
>
> Defendants.

9.     The claims asserted in the Colorado Construction Defect Lawsuit relate generally to claims for property damage and loss of use resulting from alleged defects in the construction and repair of the homeowners' residences.

10.     On November 16, 2011, following the homeowners' Motion for Relief from the Automatic Stay [Dkt. #15202], this Court entered the Colorado Stay Relief Order [Dkt. #22336] permitting, among other things, the homeowners to assert claims against Debtors in the Colorado Construction Defect Lawsuit and to recover against Debtors to the extent of available insurance proceeds.

11.     Once Debtors are joined as Defendants in the Colorado Construction Defect Lawsuit, Debtors will likely assert crossclaims and/or third-party claims against some or all of the Movants. If that occurs, Movants should be permitted to assert related crossclaims or counterclaims against Debtors in the interest of resolving the entire construction defect dispute in one action. *See, e.g,* Fed. R. Civ. P. 13(g) (right to bring crossclaims).

12.     In addition, some of the claimed construction defects alleged by the plaintiffs in the Colorado Construction Defect Litigation arise from aspects of the Ironbridge project that were the responsibility of Debtors, not Movants. If the Debtors are joined as defendants, Movants should be permitted to assert crossclaims to seek recovery from Debtors for any losses they incur as the result of such claims.

**Colorado Contract Lawsuit**

13.     By letter dated November 10, 2011, counsel for LBRR advised counsel for Movants that unless an immediate mediation could be scheduled and the matter thereby resolved, LBRR would file a complaint against Movants either in the District Court for Garfield County, Colorado or in this Bankruptcy proceeding. The letter included a draft

4

Complaint.    A copy of the letter and draft Complaint are attached hereto as **Exhibit A.**

14.    Thereafter, Debtor's counsel informed Movants' counsel that the draft complaint had been filed but not served, pending a decision on mediation.    While a mediation appears likely, settlement, of course, is uncertain.

15.    In the draft Complaint, LBRR asserts a number of claims against the Movants arising out of the contracts between LBRR and the Ironbridge Movants, the same contracts which are the basis for the Ironbridge Movants' timely filed proofs of claim.    LBRR claims to have suffered losses as a result of Movant's alleged wrongful conduct exceeding $4 million.

16.    Movants' claims against LBRR would be considered compulsory counterclaims.    *See, e.g.,* Fed. R. Civ. P. 12(a) (defining compulsory counterclaims). Movants thus seek relief from the automatic stay to assert such counterclaims against Debtors.

17.    It is uncertain at this time whether Debtors intend the Colorado Contract Lawsuit to be, in effect, an objection to Movants' Proofs of Claim as permitted by Fed. R. Bankr. P. 3007.

## LEGAL ARGUMENT

18.    Movants submit that, under the present circumstances and relevant case law, they are entitled to relief from stay so as to pursue their counterclaims and crossclaims against Debtors in the Colorado Construction Defect Lawsuit and the Colorado Contract Lawsuit.

19.    Under 11 U.S.C. § 362(d)(1), a court may grant relief from the automatic stay imposed by Section 362(a) "for cause."    Although the Bankruptcy Code does not define "cause," in determining whether to lift the stay to permit litigation against a debtor to proceed in another forum, the Second Circuit applies the twelve factor test of *In re Sonnax,* 907 F.2d

5

1280, 1286 (2nd. Cir. 1990).  Those factors are:

(1)    whether relief would result in a partial or complete resolution of the issues;

(2)    lack of any connection with or interference with the bankruptcy case;

(3)    whether the other proceeding involves the debtor as a fiduciary;

(4)    whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

(5)    whether the debtor's insurer has assumed full responsibility for defending it;

(6)    whether the action primarily involves third parties;

(7)    whether litigation in another forum would prejudice the interests of other creditors;

(8)    whether the judgment claim arising from the other action is subject to equitable subordination;

(9)    whether the movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10)    the interests of judicial economy and the expeditious and economical resolution of litigation;

(11)    whether the parties are ready for trial in the other proceeding; and

(12)    the impact of the stay on the parties and the balance of harms.

*Id.* at 1286 (citing *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984).   The importance of any one factor depends on the particular facts in the case.  *Sonnax,* 907 F.2d at 1286.

20.      In *In re Countryside Manor, Inc.*, 188 B.R. 489, 490-91 (Bankr. D. Conn. 1995), the court considered whether to lift the automatic stay to allow the filing of a counterclaim against the debtor in a state court action commenced by the debtor.  The court found that the considerations weighed by the *Sonnax* court applied equally in the counterclaim context.  The court also found instructive the pre-code case of *In re Bohack Corp.*, 599 F.2d 1160 (2d Cir. 1979), in which the debtor had sued a creditor in district court for antitrust violations and the

6

creditor, who had filed a proof of claim, sought to interpose it as a counterclaim.  The *Bohack* court found that the stay should be lifted, reasoning in part as follows:

> Where a debtor institutes a lawsuit and then invokes the protection of [the automatic stay] on a counterclaim, the situation warrants a very thoughtful scrutiny.... [T]he court has an equitable duty to grant a setoff when a debtor moves outside the confines of the bankruptcy court in an attempt to reap the benefits but circumvent the burdens in another forum.

Id. at 1168.  The *Countryside Manor* court found that the principles of *Sonnax* and *Bohack* "clearly" supported relief from stay to allow the creditor to pursue its counterclaim in state court.  188 B.R. at 491.

21.    The relevant *Sonnax* factors weigh heavily in favor of granting Movants relief from the automatic stay to permit them to assert counterclaims and crossclaims against Debtors in the Colorado Construction Defect Lawsuit and in the Colorado Contract Lawsuit.

22.    First, relief from stay in regard to the Colorado Construction Defect Lawsuit will permit all of the issues involved in the claimed construction defects at the Ironbridge project to be resolved in a single forum.  Similarly, permitting Movants to assert their counterclaims in response to the threatened LBRR Complaint will permit all of the disputes arising out of the contractual relationships between Debtor and the Ironbridge Movants to be resolved in one action.  *See Countryside Manor*, 188 B.R. at 491 ("The administration of justice, convenience of the parties and judicial economy are better served by having all the claims and counterclaims resolved by the same court—in this instance, the state court.").

23.    Second, the Colorado Construction Defect Lawsuit and the Colorado Contract Lawsuit have no connection with or potential to interfere with the bankruptcy case.  The claims, counterclaims, and crossclaims in the cases are based on Colorado law and do not

require the specialized knowledge of the bankruptcy court. *See id.* at 491 (relief from stay warranted where issues to be decided in counterclaim were based upon Connecticut law and did not involve questions directed to the expertise of the bankruptcy court). In regard to the Colorado Construction Defect Lawsuit, the state court has already developed specific expertise in the case, is familiar with Colorado law, and should be allowed to resolve all issues concerning liability for alleged construction defects. Likewise, the Colorado Contract Lawsuit is based solely on state law claims.

24.    Third, the Colorado Construction Defect Lawsuit, in particular, primarily involves third parties. According to the homeowner plaintiffs, there are other defendants in that lawsuit over whom this Court does not possess jurisdiction. Judicial economy favors allowing all of the litigation concerning the alleged construction defects in the Ironbridge project to proceed in Colorado, where the state court possesses jurisdiction over all parties (including the Debtors, as a result of the Colorado Stay Relief Order). *See In re Salisbury,* 123 B.R. 913, 916–17 (S.D. Ala. 1990) (remanding counterclaims of creditor to state court and granting relief from stay because, *inter alia,* additional parties over which bankruptcy court has no jurisdiction may be added).

25.    Fourth, granting Movants relief from stay to assert their counterclaims and cross claims against Debtors will in no way prejudice the interests of other creditors or the bankruptcy estate. Indeed, lifting the stay furthers the allowance of setoffs in bankruptcy, "based upon long-recognized rights of mutual debtors." *Countryside Manor,* 188 B.R. at 491, quoting *Bohack,* 599 F.2d at 1165; *also see Massey–Ferguson, Inc. v. Central Equip. & Serv. Co., Inc. (In re Central Equip. & Serv. Co., Inc.),* 61 B.R. 986, 988 (Bankr. N.D. Ga. 1986) (creditor granted relief from stay to assert counterclaim as setoff against debtor in

district court because Bankruptcy Code § 553 intended to preserve right of creditors to offset mutual debts). In addition, resolving the disputes between Debtors and Movants in a state court forum will also resolve the Ironbridge Movants' Proofs of Claim, thereby conserving the Court's judicial resources.

26.    Fifth, the balance of harms mandates the requested relief. If Movants are not granted relief from stay, they will be seriously prejudiced, particularly because of their inability to assert compulsory counterclaims. That prejudice weighs heavily in favor of granting Movants' requested relief from stay. *See, e.g., In re Pro Football Weekly, Inc.,* 60 B.R. 824, 826 (N.D. Ill. 1986) (modifying stay to permit creditor to prosecute counterclaim in district court, where stay prejudices creditor through inability to pursue compulsory counterclaim); *In re Millsap,* 141 B.R. 732, 733 (Bankr. D. Idaho 1992) (creditor entitled, "in most instances as a matter of right", to relief from stay to assert compulsory counterclaim in debtor-initiated non-bankruptcy proceeding). In contrast, Debtors will suffer no prejudice if Movants are permitted to assert their counterclaims and crossclaims in the same proceedings in which Debtors are already parties. Movants' counterclaims and crossclaims against Debtors will have to be resolve in some forum, whether in state court or this Court. Denying relief from stay will not serve to lessen (and may well increase) the expenses or fees that will be incurred by the bankruptcy estate in resolving those issues.

27.    When all of the relevant factors are considered, cause exists under 11 U.S.C. §§ 362(d)(1) to lift the automatic stay. Therefore, Movants request that the Court enter an order.

WHEREFORE, Movants respectfully request that the Court enter an Order modifying the automatic stay provisions of 11 U.S.C. §362 in order to allow them to pursue their counterclaims and crossclaims against Debtors in the Colorado Construction Defect Lawsuit

196209

and in the Colorado Contract Lawsuit, and granting Movants such other and further relief as

this Court deems just and proper.

Dated:   Denver, Colorado
         December 7, 2011

                                    BIEGING SHAPIRO & BARBER LLP


                                    By:  /s/ Duncan E. Barber
                                         Duncan E. Barber, #16768
                                         Steven T. Mulligan, #19901
                                         4582 South Ulster St. Parkway, Suite 1650
                                         Denver, CO   80237
                                         Telephone:  (720) 488-0220
                                         Fax:  (720) 488-7711
                                         E-mail dbarber@bsblawyers.com

                                         Attorneys for Movants

10