CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco
Sarah N. Campbell

*Counsel for Turkiye Sinai Kalkinma Bankasi A.S.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                               :    Chapter 11
                                                    :
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    Case No. 08-13555 (JMP)
                                                    :
                                                    :
Debtors.                                            :    (Jointly Administered)
---------------------------------------------------------------------x

**RESPONSE OF TURKIYE SINAI KALKINMA BANKASI A.S. TO
DEBTORS' TWO HUNDRED THIRTY-THIRD OBJECTION
TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

Turkiye Sinai Kalkinma Bankasi A.S. ("TSKB" or "Claimant"), by and through its undersigned counsel, hereby submits this response ("Response") to the Debtors' Two Hundred Thirty-Third Objection to Claims (No Liability Derivatives Claims) [Docket No. 21741], dated November 8, 2011 (the "Objection"), and in support thereof respectfully state as follows:

PRELIMINARY STATEMENT AND BACKGROUND

1.     The Debtors' Objection is insufficient to overcome the *prima facie* validity of the properly filed claim of TSKB. To properly shift the burden back to the Claimant, the Debtors are required to adduce evidence of equal or greater probative force than that put forth by the

Claimant. The cursory allegation that "the Debtors have determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants…" is not sufficient. Objection at ¶ 11.[1]

2. On May 18, 2007 , TSKB and Lehman Brothers Financing Inc. ("LBSF") entered into an ISDA Master Agreement that governs the terms of certain swap transactions entered into between the parties (together with the appurtenant Schedule and the Credit Support Annex dated as of the same date and as amended from time-to-time, the "ISDA Documentation").

3. LBSF's obligations under the ISDA Documentation are guaranteed by Lehman Brothers Holdings Inc. ("LBHI") pursuant to a guarantee (the "Guarantee"). LBSF's obligations under the ISDA Documentation also are guaranteed by LBHI pursuant to that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005 (together with the Guarantee, the "Guarantees"). Pursuant to the Guarantees, LBHI unconditionally guaranteed all obligations of LBSF under each of the transactions entered into under the ISDA Documentation.

4. On September 26, 2008, following the occurrence of an Event of Default with respect to the commencement of LBHI's chapter 11 proceeding, TSKB delivered a notice to LBSF pursuant to the ISDA Documentation designating September 26, 2008 as the Early Termination Date in respect of all outstanding transactions thereunder together with a statement containing TSKB's calculation of the termination amount due and payable by LBSF under the ISDA Documentation (the "Calculation Statement").

---

[1] The Declaration of Gary H. Mandelblatt, which is also cited in support of the Objection, [Docket No. 4113] (the "Mandelblatt Declaration") is of no moment as it contains a generalized discussion of the Debtors' 'valuation process' and does not in any way purport to address the specific merits of any claim let alone the claims of FIGA identified in the currently pending Objection.

2

5.      Pursuant to the Bar Date Order,[2] on September 17, 2009, the Claimant filed a proof of claims of claim in the amount of $1,127,080.00, plus interest, fees, costs and expenses (claim no. 15805, the "LBSF Claim")[3] based upon the ISDA Documentation and a corresponding guarantee claim against LBHI in the same amount based upon its guarantee thereof (claim no. 15806, the "Guarantee Claim").  On October 21, 2009, TSKB submitted derivative and guarantee questionnaires pursuant to the Bar Date Order (collectively, the "Questionnaires").[4]

6.      By its Objection, the Debtors are seeking that the Guarantee Claim be disallowed and expunged in its entirety.

7.      As noted above, the disallowance of the Guarantee Claim is sought based upon no more than a generic statement that "based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Debtors do not owe any amounts" to the Claimant.  Objection at ¶ 11.  The Objection also sets forth a generic description of the "multi-step process" used by the Debtors to review claims based on derivative contracts. To the extent that the Objection rests upon the foregoing, the Objection must fail.

---

[2]  On July 2, 2009, the Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

[3]  The LBSF Claim was previously allowed in the amount of $1,002,078.00 pursuant to the Order Granting Debtors Ninety-Fifth Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. 15501].

[4]  In accordance with the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors, dated as of April 19, 2010, all of the information and documentation submitted by FIGA in connection with the Claims and Questionnaires are part of the record and incorporated herein.  FIGA is not required to submit them in connection with this Response.

ARGUMENT

*Applicable Legal Standard*

8.     A properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). Section 502(b) provides, in pertinent part, that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of the claim and shall allow the claim in such amount except to the extent that one of the exceptions enumerated in section 502(b) applies. 11 U.S.C. §502(b); *In re Rockefeller Center Properties*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).

9.     Following the establishment of a claim's *prima facie* validity, the burden shifts to the objector to show "sufficient evidence" to negate such *prima facie* validity. *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15 (Bankr. S.D.N.Y., Feb. 20, 2007); *J.P. Morgan Sec's., Inc. v. Spiegel Creditor Trust (In re Spiegel, Inc.)*, Case Nos. 03-11540 (BRL), 06-CV-13477 (CM), 2007 WL 2456626 at * 15 n.6 (S.D.N.Y. Aug. 22, 2007). Such "sufficient evidence" must be of equal or greater probative force to that of the proof of claim which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. In *re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (*internal quotations omitted*) (quoting *In re Allegheny Intern., Inc.* 954 F.2d 167, 173-174 (3d Cir. 1992) quoting *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)); *In re Spiegel, Inc.*, 2007 WL 2456626 at *15; *In re DJK Residential LLC*, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009) (evidence must be of equal force). "Mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence. *See*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear. To prevail, the objector must affirmatively *produce* evidence to counter

the creditor's claim."); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (testimonial evidence was sufficient to shift the burden back to the claimant to prove the validity of its claim).

10.     Only when the objector overcomes its burden and puts forth such "sufficient evidence" does the burden of going forward shift back to the claimant and the claimant "is required to meet the usual burden of proof to establish the validity of the claim." *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15-16; *In re Oneida Ltd.*, 400 B.R. at 389.

*The Debtors Have Not Put Forth Evidence to Rebut the Guarantee Claim*

11.     In order to satisfy their burden, the Debtors would have had to put forth sufficient evidence to demonstrate that TSKB's Guarantee Claim should be disallowed and expunged.  The Debtors did not put forth any "evidence" to rebut the *prima facie* validity of the Guarantee Claim.  Instead, the Objection summarily asserts that "the Debtors do not owe any . . . money."[5] Objection at ¶ 14.

12.     The Debtors' statements are conclusory and amount to, at best, mere assertions. *See*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence).

---

[5] The Objection also describes the Debtors' purported "thorough, multi-step process to review claims," which in general terms is set forth as follows: "collect and review documents… reconcile posted collateral…review valuation methodology."  Objection at ¶ 13.

5

13. The Debtors have not met their initial burden of refuting the Guarantee Claim and, accordingly, have not shifted the burden of proving the Guarantee Claim to TSKB. The burden remains with the Debtors to produce "sufficient evidence" that TSKB's Guarantee Claim should be disallowed and expunged.

*Reservation of Rights*

14. TSKB reserves its right to file a supplemental and/or amended response to the Objection shall it deem it necessary. To the extent that an evidentiary hearing is necessary on the merits of TSKB's Guarantee Claim, TSKB reserves the right to request a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the basis for the calculation of and amount of the Claims.

WHEREFORE, TSKB respectfully requests that the Bankruptcy Court (i) overrule the Objection as it pertains to TSKB's Guarantee Claim, and (ii) grant TSKB such further relief as the Bankruptcy Court deems just.

Dated: New York, New York
December 8, 2011

    CLIFFORD CHANCE US LLP

    By: /s/ Sarah N. Campbell
        Jennifer C. DeMarco
        Sarah N. Campbell

    31 West 52nd Street
    New York, NY 10019
    Telephone: (212) 878-8000
    Facsimile: (212) 878-8375

    *Counsel for Turkiye Sinai Kalkinma Bankasi A.S.*