WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777
Stephen A. Youngman

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS' MOTION**
**PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULE 9019 FOR APPROVAL OF A SETTLEMENT AND**
**COMPROMISE RELATED TO PROOFS OF CLAIM NUMBER 3813 AND 17120**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. On November 23, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "Debtors") filed the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule

9019 for Approval of a Settlement and Compromise Related to Proofs of Claim Number 3813 and 17120 [ECF No. 22654] (the "Motion"). In accordance with the Second Amended Case Management Order, December 7, 2011 at 4:00 p.m. (Prevailing Eastern Time) was established as the deadline (the "Objection Deadline") for parties to object or file a response to the Motion.

2. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided, *inter alia*, that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other pleading responsive to the Motion has been filed on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, and no objection or other pleading responsive to the Motion has been served on Debtors' counsel.

3. Accordingly, for the reasons set forth in the Motion, the Debtors respectfully request that the proposed order, annexed hereto as Exhibit A and unmodified since the filing of the Motion, be entered.

I declare that the foregoing is true and correct.

Dated: December 8, 2011
       New York, New York

By: /s/ Stephen A. Youngman
Stephen A. Youngman

WEIL, GOTSHAL & MANGES LLP
200 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 746-7700
Facsimile: (214) 746-7777

Attorneys for Debtors
and Debtors in Possession

## **EXHIBIT A**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                  :
            Debtors.                                     :    (Jointly Administered)
                                                                  :
-----------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019(b) AUTHORIZING AND APPROVING A SETTLEMENT AND COMPROMISE RELATED TO PROOFS OF CLAIM NUMBER 3813 AND 17120

Upon the motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of a Stipulation[1] with the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Creditors' Committee"), Boise Land & Timber II, LLC, OMX Timber Finance Investments II, LLC ("OMX"), Wells Fargo Bank Northwest, N.A. as Indenture Trustee (the "Indenture Trustee"), and several holders of notes issued by OMX[2]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

[2] The noteholders include Perry Partners International Inc. and Perry Partners LP, Silver Rock Financial LLC, BDIF LLC, IN-FP2 LLC, and Mounte LLC, Metropolitan Life Insurance Company, MetLife Insurance Company of Connecticut, New England Life Insurance Company, and General American Life Insurance Company.

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their creditors and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Stipulation is approved, and LBHI is duly authorized to take all actions as may be reasonably necessary to carry out the terms of the Stipulation; and it is further

ORDERED that upon the Stipulation Effective Date, the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect the relief granted herein and the terms and conditions set forth in the Stipulation; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the Stipulation and any disputes arising thereunder.

Dated: _____, 2011
       New York, New York

                                              _____
                                              UNITED STATES BANKRUPTCY JUDGE