Presentment Date and Time: December 16, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: December 15, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                                  :
**In re**                                           :  Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**    :  08-13555 (JMP)
                                                                  :
                        Debtors.                    :  (Jointly Administered)
                                                                  :
                                                                  :
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION,**
**AGREEMENT AND ORDER BETWEEN LEHMAN COMMERCIAL**
**PAPER INC. AND CERTAIN SUNCAL VOLUNTARY DEBTOR**
**ENTITIES GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order (the "Stipulation and Order") between Lehman Commercial Paper Inc. and the Subject Voluntary Debtors[1] to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **December 16, 2011 at 10:00 a.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **December 15, 2011 at 12:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on **January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation and Order.

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 8, 2011
    New York, New York

/s/ Alfredo R. Pérez
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
                                                   :
                    Debtors.                       :    (Jointly Administered)
                                                   :
------------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER
### BETWEEN LEHMAN COMMERCIAL PAPER INC.
### AND CERTAIN SUNCAL VOLUNTARY DEBTOR
### ENTITIES GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

Lehman Commercial Paper Inc. ("LCPI") and the Subject Voluntary Debtors (the "Subject Voluntary Debtors" together with LCPI, the "Parties") as identified and defined on Exhibit 1 hereto, by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order and represent and agree as follows:

### RECITALS

A.  On September 15, 2008 and periodically thereafter (the "Commencement Date"), Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

B.      The Subject Voluntary Debtors are currently debtors whose chapter 11 cases (the "California Bankruptcy Cases") are pending in the United States Bankruptcy Court for the Central District of California (the "California Bankruptcy Court").

C.      The Parties have negotiated and filed a stipulation in the form reflected on Exhibit 1 annexed hereto, with the California Bankruptcy Court, (the "California Stipulation"). The Parties request the Court modify the automatic stay, to the extent it applies.

D.      The Parties hereto have agreed to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT**:

1.      This Stipulation, Agreement and Order is hereby approved without necessity or requirement of further proceedings or Court approval.

2.      The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby modified solely to permit LCPI to enter into the California Stipulation and undertake any actions contemplated to be taken by LCPI in connection therewith; *provided that,* nothing in this Stipulation, Agreement and Order shall require any party hereto to enter into the California Stipulation.

3.      Except as provided in paragraph 2, and to the extent the automatic stay applies, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the

2

Commencement Date from LCPI's estate and/or assets or property of LCPI (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. Notwithstanding anything to the contrary herein, this Stipulation, Agreement and Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein. Specifically, and for the avoidance of doubt, the Parties reserve all rights in connection with the Alleged Unencumbered Cash (as defined in the California Stipulation) and all aspects of any litigation among the Parties.

5. This Stipulation, Agreement and Order is solely for the benefit of the Parties and not for any other person or entity, and no such other person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation, Agreement and Order.

6. Each person who executes this Stipulation, Agreement and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

7. This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

8. This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the parties hereto.

9. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

10. The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: December 8, 2011

| **WEIL, GOTSHAL & MANGES LLP** | **WINTHROP COUCHOT PROFESSIONAL CORPORATION** |
|---|---|

/s/ Alfredo Perez  
Alfredo R. Pérez  
700 Louisiana Street, Suite 1600  
Houston, Texas  77002  
Telephone: (713) 546-5000  
Facsimile: (713) 224-9511  

Attorneys for Debtors  
and Debtors in Possession

/s/ Paul J. Couchot  
Paul J. Couchot  
Peter W. Lianides  
660 Newport Center Drive, Fourth Floor  
Newport Beach, CA 92660  
Telephone: (949) 720-4100  
Facsimile: (949) 720-4111  

Attorneys for the Subject Voluntary Debtors


SO ORDERED this ____ day of December, 2011

_____

*HONORABLE JAMES M. PECK*  
UNITED STATES BANKRUPTCY JUDGE

4

**EXHIBIT "1"**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, Suite 1100
Los Angeles, California  90067
Telephone:  (310) 277-6910
Facsimile:  (310) 201-0760

Edward Soto (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida  33131
Telephone:  (305) 577-3100
Facsimile:  (305) 374-5179

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

Paul J. Couchot
Peter W. Lianides
WINTHROP COUCHOT
PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone:  (949) 720-4100
Facsimile:  (949) 720-41111

General Insolvency Counsel for Voluntary Debtors and Debtors
in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>  Jointly Administered Debtors and<br>  Debtors-In-Possession.<br>_____<br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows, LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**STIPULATION OF NOVEMBER 2011 PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507: (1) AUTHORIZING THE USE OF ALLEGED UNENCUMBERED CASH; (2) GRANTING ADMINISTRATIVE EXPENSE** |

|  |  |
|---|---|
| ☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | **CLAIMS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**<br><br>**Hearing Date:**<br>Date:   December 13, 2011<br>Time:  10:30 a.m.<br>Place:  Courtroom 5A |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

52063-001\DOCS_NY:25899.4

2

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"), Lehman Commercial Paper Inc. ("LCPI"), Northlake Holdings LLC ("Northlake Holdings"), OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake Holdings, the "Lehman Entities"), on the one hand, and certain of the above-captioned debtors and debtors in possession affected by this Stipulation (the "Subject Voluntary Debtors")[1] on the other hand. The Lehman Entities and the Subject Voluntary Debtors (together, the "Parties") hereby enter into this Stipulation and agree as follows:

## RECITALS

WHEREAS, on November 6, 7, and 19, 2008, the Voluntary Debtors[2] filed their respective voluntary petitions under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

WHEREAS, on November 12, 14 and 19, 2008, involuntary petitions were filed against certain other of the above-captioned debtors (collectively, with their chapter 11 trustee, the "Trustee Debtors").[3]

WHEREAS, on or about January 8, 2009, the Court entered orders for relief in the Trustee Debtors' cases.

WHEREAS, on or about January 15, 2009, the Court entered orders granting the appointment

---

[1] The Subject Voluntary Debtors are: Palmdale Hills Property, LLC ("Palmdale Hills"); Acton Estates, LLC ("Acton Estates"); SunCal Bickford Ranch LLC; and SunCal Emerald Meadows, LLC.

[2] The Voluntary Debtors in these cases consist of: Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates, LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch, LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows, LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley, LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

[3] The Trustee Debtors in these cases consist of: SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES; SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). The Voluntary Debtors and the Trustee Debtors shall be referred to herein as the "Debtors."

of a chapter 11 trustee in each of the Trustee Debtors' cases.  Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the Chapter 11 Trustee (the "Trustee") for the Trustee Debtors.

WHEREAS, the Lehman Entities are authorized to enter into this Stipulation on behalf of themselves, as lenders, and as agents for all lenders under the applicable loan documents.

WHEREAS, LCPI is a debtor and debtor in possession in the jointly administered cases captioned In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

WHEREAS, the Lehman Entities assert secured claims against the Debtors that approximate $2.3 billion, and include within the scope of the pledged collateral certain real and personal property owned by the Subject Voluntary Debtors.

WHEREAS, certain of the Voluntary Debtors maintain bank accounts containing cash or cash equivalents, which the Lehman Entities assert are subject to perfected liens and therefore constitute the Lehman Entities' "cash collateral" under section 363 of the Bankruptcy Code, with the exception of cash and cash equivalents held by Acton Estates.  The Subject Voluntary Debtors dispute such contention, and assert that such cash and cash equivalents are not subject to perfected liens of the Lehman Entities and therefore do not constitute "cash collateral" under section 363 of the Bankruptcy Code.  The cash and cash equivalents held by the Subject Voluntary Debtors shall be referred to herein as the "Alleged Unencumbered Cash" and shall include, but are not limited to, the cash and cash equivalents held in the accounts maintained by the Subject Voluntary Debtors set forth in **Exhibit A** attached hereto.

WHEREAS, on July 15, 2011, the LCPI and Lehman ALI filed their Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders [Docket No. 2598] (as amended, the "Plan").

WHEREAS, on October 25, 2011, at the confirmation hearing with respect to the Plan, the Court confirmed the Plan with respect to certain Voluntary Debtors,[4] provisionally approved the Lehman VD Plan with respect to Palmdale Hills Property, LLC ("Palmdale Hills") and Acton Estates, LLC ("Acton Estates") pending the resolution of certain contract-related matters, which were continued to November 14, 2011, and continued the hearing with respect to confirmation of the Plan for SCC Communities, LLC ("SCC Communities") and Tesoro SF, LLC ("Tesoro") to November 14, 2011.  Subsequently, pursuant to stipulations filed with the Court, all objections to confirmation of the Plan with respect to Palmdale Hills and Acton Estates have been resolved and withdrawn, and non-confirmation related contract matters have been continued, thereby clearing the way for confirmation of the Plan with respect to Palmdale Hills and Acton Estates.  In addition, the hearing on confirmation of the Plan with respect to SCC Communities and Tesoro has been continued to December 22, 2011.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

**AGREEMENT**

1.      Court Approval.  The Stipulation is subject to approval of the Court, and LCPI's entry into the Stipulation is subject to approval by the New York Bankruptcy Court.  Immediately upon entry by the Parties into this Stipulation (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of the Lehman Entities, the Subject Voluntary Debtors, all other creditors of the Subject Voluntary Debtors, any committees appointed in these cases, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of the cases or upon dismissal of any of the above-captioned cases (the "Cases"), subject to approval by this Court and the New York Bankruptcy Court.

2.      The Subject Voluntary Debtors' Use of the Alleged Unencumbered Cash.  The

---

[4] Those Voluntary Debtors are: SunCal Beaumont Heights, LLC; SunCal Johannson Ranch, LLC; SunCal Summit Valley, LLC; SunCal Bickford Ranch, LLC; Seven Brothers, LLC; Kirby Estates, LLC; and SunCal Communities I, LLC.

Lehman Entities consent to the use by each Subject Voluntary Debtor of the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor solely for the purpose of paying: (a) the costs and expenses attributable to each such Subject Voluntary Debtor in the total aggregate amount not to exceed $262,236.00 as set forth in the budgets for the period from October 15, 2011 through December 15, 2011 attached hereto as **Exhibit B** (the "Budgets," as such Budgets may be revised or amended with the written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion), except that the Lehman Entities consent that each Subject Voluntary Debtor may expend funds for any particular line items allocable to the estate of such Subject Voluntary Debtor as set forth in the Budgets (the "Budget Items") in excess of the respective amounts provided for such Budget Items for a particular Subject Voluntary Debtor, so long as such excess amount is equal to or less than 5% of the amount allocated to that particular Subject Voluntary Debtor for a particular Budget Item and provided that the aggregate amount for all such Budget Items for a particular Subject Voluntary Debtor is not increased; and (b) the reasonable fees and expenses incurred by professionals retained in the Voluntary Debtors' cases. In addition, LCPI consents to and Palmdale Hills is authorized to make, from Alleged Unencumbered Cash held by Palmdale Hills, individual loans to each of the other Subject Voluntary Debtors solely for the purpose of paying (i) the costs and expenses attributable to each such Subject Voluntary Debtor as set forth in the Budgets attached hereto as **Exhibit B** and (ii) the reasonable fees and expenses incurred by professionals retained in the Voluntary Debtors' cases; provided, however, that Palmdale Hills is permitted to make individual loans from Alleged Unencumbered Cash held by Palmdale Hills only to Subject Voluntary Debtors that have used, and accordingly no longer hold, any Alleged Unencumbered Cash. The aggregate amount of any Alleged Unencumbered Cash used in accordance with this paragraph 2 shall be referred to herein as the "Alleged Unencumbered Cash Funding Amount." The Subject Voluntary Debtors shall maintain appropriate documentation related to the expenditure of any and all of the Alleged Unencumbered Cash Funding Amount. The Subject Voluntary Debtors shall provide to the Lehman Entities, upon their reasonable request, a breakdown of the Alleged Unencumbered Cash Funding Amount spent as of the date of the request and provide all documentation relating to such actual amounts spent. For the avoidance of doubt: (1) the Budget

Items for each Subject Voluntary Debtor shall not be modified, the Subject Voluntary Debtors shall not expend any of the Alleged Unencumbered Cash Funding Amount for any particular Budget Items in excess of the respective amounts provided for such Budget Items in the Budgets (plus 5%), and the Alleged Unencumbered Cash held by each such Subject Voluntary Debtor shall not be used for any other purpose, or by any other Subject Voluntary Debtor for costs and expenses allocable to any such other Subject Voluntary Debtor, without (i) the prior written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion, or (ii) further order of the Court; and (2) although certain specified consents of the Lehman Entities to use of Alleged Unencumbered Cash are set forth in this paragraph, no particular uses of property of the Debtors' estates are authorized under this paragraph other than to make individual loans, as and to the extent set forth herein above.

3.  Termination Date.  The authority provided hereunder to use the Alleged Unencumbered Cash Funding Amount shall terminate on December 15, 2011 (the "Termination Date"), and no further use of the Alleged Unencumbered Cash Funding Amount shall be made after the Termination Date without either the prior written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion, or further order of the Court, provided however, that the Termination Date shall apply only with respect to the Budgets and not with respect to the payment of professional fees.

4.  Repayment of the Alleged Unencumbered Cash Funding Amount as Administrative Expense Claims Under Certain Circumstances.  In the event the Parties agree or the Court finds that all or portion(s) of the Alleged Unencumbered Cash are subject to perfected liens of the Lehman Entities, then such portions of the Alleged Unencumbered Cash Funding Amount subject to the perfected liens shall constitute an allowed administrative expense claim under the Bankruptcy Code that shall be due and payable to the applicable Lehman Entities by the applicable Subject Voluntary Debtor in full, in cash, without notice or demand, upon the effective date of the Plan.  In the event the Parties agree or the Court finds that all or portion(s) of the Alleged Unencumbered Cash are not subject to perfected liens held by any of the Lehman Entities, then such portions of the Alleged Unencumbered Cash Funding Amount not subject to any perfected lien shall not be repayable in

Pg 15 of 19

such circumstances wherein a Subject Voluntary Debtor used its own Alleged Unencumbered Cash to pay the expenses of its own estate, or that such payments were authorized to be made pursuant to the entered orders of the Court authorizing joint administration of the Debtors (the "Joint Administration Orders"). Notwithstanding anything to the contrary contained herein, the Lehman Entities reserve their rights to assert that the Joint Administration Orders did not excuse the Subject Voluntary Debtors from repaying the amounts of professional fees paid by other Subject Voluntary Debtors. In the event that the Parties agree or the Court finds that all or portion(s) of the Alleged Unencumbered Cash are not encumbered by a perfected lien of the Lehman Entities but such portions were used for the benefit of another Subject Voluntary Debtor, then such portion(s) shall constitute an administrative expense obligation of the Subject Voluntary Debtor for whose benefit such portion of the Alleged Unencumbered Cash was used, and shall be repaid on the effective date of the Plan in accordance with section 1129(a)(9) of the Bankruptcy Code to the Subject Voluntary Debtor that owned such portion of the Alleged Unencumbered Cash. The Parties reserve all rights in connection with the Alleged Unencumbered Cash, including, without limitation, their rights with respect to whether such cash is encumbered or unencumbered by perfected liens held by any of the Lehman Entities. The administrative expense claims provided for in this paragraph 4 shall be referred to herein as the "Alleged Unencumbered Cash Administrative Expense Claims."

5.  Modification of Automatic Stay. The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this Stipulation, including, without limitation: (a) to permit the Subject Voluntary Debtors to incur all liabilities and obligations in connection with their use of the Alleged Unencumbered Cash Funding Amount; (b) authorize the repayment of the Alleged Unencumbered Cash Administrative Expense Claims; and (c) enable the enforcement, protection and preservation of all of the Lehman Entities' rights and remedies with respect thereto or otherwise under this Stipulation.

6.  Events of Default. The following occurrences shall constitute an "Event of Default" under this Stipulation as to the particular defaulting Subject Voluntary Debtor: (a) failure of the Subject Voluntary Debtor to comply with any term of this Stipulation; or (b) the use of Alleged Unencumbered Cash other than in strict compliance with the terms of this Stipulation; or (c) the

failure to repay the Alleged Unencumbered Cash Administrative Expense Claims pursuant to and in accordance with the terms of this Stipulation.

7. Remedies. Immediately upon the occurrence and during the continuation of an Event of Default set forth in paragraph 6 by a particular Subject Voluntary Debtor, and without further order of the Court, the applicable defaulting Subject Voluntary Debtor shall, at the direction of the Lehman Entities, cease using the Alleged Unencumbered Cash.

8. Reservation of Rights. Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein. Specifically, and without limitation, except to the extent provided herein, (a) the Parties reserve all rights in connection with the Alleged Unencumbered Cash, including without limitation whether such cash is encumbered by perfected liens held by the Lehman Entities, and all aspects of any litigation among the Parties, (b) the Parties further agree that entry into this Stipulation, and the use of Alleged Unencumbered Cash or the consent to the Alleged Unencumbered Cash Administrative Expense Claims contemplated hereunder, shall not be used in any manner in any litigation amongst the Parties, and (c) the rights, obligations, waivers, stipulations, agreements or defenses of the Parties among or between or to each other or any of them shall not be affected hereby.

9. No Modification. Absent the written consent of the Lehman Entities and the Subject Voluntary Debtors or further order of the Court, the Lehman Entities and the Subject Voluntary Debtors agree that this Stipulation shall not be modified.

10. Jurisdiction. The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

11. Further Cooperation. The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

12. Signatures. This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such

counterparts when taken together shall constitute one and the same agreement.  This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

13. <u>No Admission; No Evidence</u>.  Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

14. <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

15. <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties or further order of the Court.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

WEIL, GOTSHAL & MANGES LLP

- and -

Dated: November ___, 2011        PACHULSKI STANG ZIEHL & JONES LLP

By _____
Richard M. Pachulski
Dean A. Ziehl
Attorneys for Lehman ALI, Inc., Lehman
Commercial Paper Inc., Northlake
Holdings LLC and OVC Holdings LLC.

| | |
|---|---|
| Dated: November ___, 2011 | WINTHROP COUCHOT<br>PROFESSIONAL CORPORATION |
| | By _____<br>Paul J. Couchot<br>Peter W. Lianides<br>General Insolvency Counsel for Debtors<br>and Debtors-in Possession |

APPROVED AS TO FORM AND SUBSTANCE:

| | |
|---|---|
| Dated: November __, 2011 | IRELL & MANELLA LLP |
| | By _____<br>Alan Friedman<br>Kerri A. Lyman<br>Attorneys for Official Unsecured<br>Creditors' Committee of Voluntary<br>Debtors |

**EXHIBIT "A"**

| Account Holder | Approx. Balance | Account No. | Depository Bank |
|---|---:|---|---|
| Acton Estates, LLC | $0.00 | 3090345971 | California Bank & Trust |
| Palmdale Hills Property LLC - (Bond Interest) | $327,598.53 | 3090346941 | California Bank & Trust |
| Palmdale Hills Property LLC (CD) | $343,000.00 | 3090003143 | California Bank & Trust |
| SunCal Bickford Ranch LLC | $566.37 | 3090345891 | California Bank & Trust |
| SunCal Emerald Meadows LLC | $5,708.65 | 3090345701 | California Bank & Trust |