HEARING DATE AND TIME: **January 26, 2012 at 10:00 a.m. (Eastern Time)**
RESPONSE DEADLINE: **January 11, 2012 at 4:00 p.m. (Eastern Time)**

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE TWO HUNDRED THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

---

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :    08-13555 (JMP)
                                                         :
                        Debtors.                         :    (Jointly Administered)
----------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED THIRTY-FOURTH
OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

**PLEASE TAKE NOTICE** that on December 9, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), filed their two hundred thirty-fourth objection to claims (the "Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Two Hundred Thirty-Fourth

10741155

Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 26, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) conflicts counsel for the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178-0061 (Attn: L. P. Harrison 3rd, Esq., and Cindi Eilbott Giglio, Esq.); (iv) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (v) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq.,

-3-

Dennis O'Donnell, Esq., and Evan Fleck, Esq.) so as to be so filed and received by no later than **January 11, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: December 9, 2011
      New York, New York

                    **CURTIS, MALLET-PREVOST,
                    COLT & MOSLE LLP**

                    By:   */s/ L. P. Harrison 3rd*
                          L. P. Harrison 3rd
                          Cindi Eilbott Giglio
                    101 Park Avenue
                    New York, New York 10178-0061
                    (212) 696-6000

                    *Counsel for Debtors and
                    Debtors-in-Possession*

HEARING DATE AND TIME: January 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 11, 2012 at 4:00 p.m. (Eastern Time)

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | : Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| Debtors. | : (Jointly Administered) |

**DEBTORS' TWO HUNDRED THIRTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this two hundred thirty-fourth omnibus objection to claims (the "Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of Claims Objection Procedure (the "Procedures Orders") [Docket No.

10741155

6664], seeking to modify and allow claim numbers 19936 and 19937 asserted against Lehman Brothers Special Financing Inc. ("LBSF") and LBHI, respectively (together, the "Settled Derivatives Claims").

2.    The Debtors have examined the Settled Derivatives Claims, which were filed by Dexia Bank Belgium SA ("Dexia") and later transferred to Barclays Bank PLC ("Barclays" or "Claimant"), and have determined that they should be modified. Pursuant to this Court's order approving procedures for the settlement or assumption and assignment of prepetition derivatives contracts (the "December Order"), Barclays and the Debtors have negotiated a settlement of the disputes related to these claims. The settlement includes an agreement regarding the claim amount and is reflected in an executed termination agreement between the Debtors and Barclays. The Settled Derivatives Claims being objected to are not consistent with the terms of such settlement. The Debtors, therefore, request that the Court modify each claim to reflect the amount agreed upon in the settlement in the amount of $55,034,047.95 (the "Settled Amount"). The Debtors further request that the Court allow each claim as a nonpriority general unsecured claim only to the extent of such Settled Amount and only as to LBSF and LBHI.

## Jurisdiction

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.    Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The

10741155

Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6.  On December 16, 2008, the Court entered the December Order, which approved and established specific procedures by which the Debtors could settle claims arising from the termination of prepetition derivatives contracts.

7.  On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8.  On July 2, 2009, the Court entered an order setting forth procedures for filing proofs of claim in these Chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivatives contracts (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order provided that "Each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7.) The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guaranty by a Debtor of the obligations on a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire

and electronically upload supporting documentation on the website . . . ." (*Id.* at 8.) A copy of the Bar Date Order was made publicly available at http://lehman-docket.com.

9. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claims pursuant to the Derivatives Contract. Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee claim.

10. On January 14, 2010, the Court entered the Procedures Order which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

11. On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (together with any supplements, amendments and exhibits thereto, and as each may be further modified from time to time, collectively, the "Third Amended Plan") and a related disclosure statement (the "Disclosure Statement"). On September 1, 2011, an order approving the Disclosure Statement was entered [Docket No. 19631].

12. On December 6, 2011, an order confirming the Third Amended Plan was entered [Docket No. 23023].

10741155

## The Settled Derivatives Claims Should Be Modified and Allowed

13. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the Settled Derivatives Claims as being claims for which the Debtors have specifically negotiated a settlement with the claimants for a fixed claim amount to be asserted as a nonpriority general unsecured claim against each LBSF and LBHI.

14. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15. Pursuant to the December Order, the Debtors engaged in negotiations with Barclays with respect to the Settled Derivatives Claims which relate to obligations based on prepetition derivatives contracts. The Debtors and Barclays have negotiated and agreed to claim amounts and classifications that were not reflected in the Settled Derivatives Claims. The agreements regarding the claim amounts and classification are reflected in an executed termination agreement.

16. Barclays has agreed that the Settled Derivatives Claims against LBSF and LBHI should each be reduced to the Settled Amount. Thus, the Debtors are seeking only to modify the Settled Derivatives Claims to the extent the amount listed on the proof of claim forms are not consistent with the Debtors' settlement with Barclays. Accordingly, in order to properly reflect the Debtors' and Barclays' settlement, the Debtors request that the Court modify claim

10741155

numbers 19936 and 19937 to reflect that each Settled Derivatives Claims asserts a claim for the Settled Amount. The Debtors further request that the Court allow each Settled Derivatives Claims as a nonpriority general unsecured claim only to the extent of the Settled Amount and only as to LBSF and LBHI.

## Notice

17. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Claimant; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

10741155

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: December 9, 2011
New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By: /s/ L. P. Harrison 3rd
L. P. Harrison 3rd
Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

*Counsel for Debtors and
Debtors-in-Possession*

10741155

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
-------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the two hundred thirty-fourth omnibus objection to claims, dated December 9, 2011 (the "Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 6664], seeking modification and allowance of the Settled Derivatives Claims on the grounds that the Debtors and the claimant have agreed upon a claim amount and classification of the claim that is not currently reflected on claimant's proof of claim, all as more fully described in the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims; and due and proper notice of the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Claimant; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims.

10741155

administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, claim numbers 19936 and 19937 are each modified and allowed as a nonpriority general unsecured claim in the amount of $55,034,047.95, provided that, the claimant, as holder of a Settled Derivatives Claim against both (i) LBSF based on a derivatives contract; and (ii) LBHI based on its guarantee relating to that derivatives contract, may not receive an aggregate recovery in respect of the Settled Derivatives Claim greater than $55,034,047.95; and it is further

ORDERED that (i) the Settled Amount of $55,034,047.95 includes the total amount due to the claimant under, in respect of, or related to the applicable derivatives contract and (ii) the Settled Derivatives Claims shall represent the sole right of the claimant to distributions from LBSF and LBHI under, in respect of or related to the applicable derivatives contracts; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

10741155