HEARING DATE AND TIME: January 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 11, 2012 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE TWO HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

---

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                       :   Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                    :   08-13555 (JMP)
                                                            :
                    Debtors.                                :   (Jointly Administered)
------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVES CLAIMS)**

**PLEASE TAKE NOTICE** that on December 9, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), filed their two hundred thirty-fifth omnibus objection to claims (the "Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Two Hundred Thirty-Fifth Omnibus

10741155

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 26, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) conflicts counsel for the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178-0061 (Attn. L. P. Harrison 3rd, Esq., and Cindi Eilbott Giglio, Esq.); (iv) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (v) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq.,

10741155

Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **January 11, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: December 9, 2011
New York, New York

              **CURTIS, MALLET-PREVOST,
              COLT & MOSLE LLP**

            By:  */s/ L. P. Harrison 3rd*
              L. P. Harrison 3rd
              Cindi Eilbott Giglio
            101 Park Avenue
            New York, New York 10178-0061
            (212) 696-6000

            *Counsel for Debtors and
            Debtors-in-Possession*

10741155

HEARING DATE AND TIME: January 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 11, 2012 at 4:00 p.m. (Eastern Time)

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors- in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                           :   **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                    :   **08-13555 (JMP)**
                                                                :
                            **Debtors.**                        :   **(Jointly Administered)**
------------------------------------------------------------------x

**DEBTORS' TWO HUNDRED THIRTY-FIFTH
OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVES CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1.     The Debtors file this two hundred thirty-fifth omnibus objection to claims (the "Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for

10746005

Approval of Claims Objection Procedure (the "Procedures Orders") [Docket No. 6664], seeking entry of an order reducing and allowing claim numbers 29692 and 29694.

2.  The Debtors have examined proofs of claim 29692 and 29694 (the "Valued Derivatives Claims"), filed by GE Capital S.p.A. (the "Claimant"), and have determined that the Valued Derivatives Claims should be reduced and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the Claimant's supporting documentation and the Debtors' books and records. The Debtors therefore request that the Court reduce claim number 29692 against LBHI to $114,009.98 and reduce claim number 29694 against Lehman Brothers Special Financing Inc. to $109,275.76 (together, the "Modified Amounts"), and allow each such claim as a nonpriority general unsecured claim only to the extent of the respective Modified Amounts.

3.  The Debtors reserve all their rights to object on any basis to any Valued Derivatives Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10746005

6. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On July 2, 2009, the Court entered an order setting forth procedures for filing proofs of claim in these Chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivatives contracts (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order provided that "Each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Order at 7.) The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guaranty by a Debtor of the obligations on a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at 8.) A copy of the Bar Date Order was made publicly available at http://lehman-docket.com.

9. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid

3

10746005

amounts, collateral, and other costs associated with the claims pursuant to the Derivatives Contract. Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee claim.

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

11. On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (together with any supplements, amendments and exhibits thereto, and as each may be further modified from time to time, collectively, the "<u>Third Amended Plan</u>") and a related disclosure statement (the "<u>Disclosure Statement</u>"). On September 1, 2011, an order approving the Disclosure Statement was entered [Docket No. 19631].

12. On December 6, 2011, an order confirming the Third Amended Plan was entered [Docket No. 23023].

### The Valued Derivatives Claims Should Be Reduced and Allowed

13. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the Valued Derivatives Claims as being claims that should be reduced and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate and reasonable values determined by the Debtors after a review of the Claimant's supporting documentation and the Debtors' books and records.

14. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15. The Valued Derivatives Claims should be reduced and allowed in the Modified Amounts because the asserted claim amounts are greater than the fair, accurate, and reasonable value of the claims as determined by the Debtors after a review of the supporting documentation provided by the Claimants and the Debtors' books and records.

16. The Debtors have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors based on a Derivatives Contract[1] ("Derivatives Claims") in order to determine the fair, accurate, and reasonable value, if any, of such claims, for purposes of settlement (the "Proposed Settlement Amount"). In order to determine the amounts due under a Derivatives Contract, the Debtors: (i) collect and review documents related to the relevant Derivatives Claim including, but not limited to, the relevant Derivatives Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments already received, made, or missed; and (iii) review the valuation methodology used by the claimant to determine the value of the claim,

---

[1] "Derivatives Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Order at 6).

10746005

including verifying the legitimacy of quotes provided by the claimant in connection with its valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]

17. Once the Debtors have determined the Proposed Settlement Amount with respect to a particular Derivative Claim, it is presented to the Debtors' Settlement Adjudication Committee (the "Committee") for approval. The Committee, comprised of senior management of the Debtors and Alvarez & Marsal, reviews the work done to arrive at the Proposed Settlement Amount and approves or disapproves the Proposed Settlement Amount. If the Proposed Settlement Amount presented to the Committee is less than the amount included in the corresponding Derivative Claim, the Debtors will seek approval to object to such claim.

18. The Debtors have undertaken this lengthy process with respect to each of the Valued Derivatives Claims and concluded that a fair, accurate, and reasonable valuation of the Valued Derivatives Claims is less than that reflected on the proof of claim submitted by the Claimant. Holders of the Valued Derivatives Claims should not be allowed to recover more than the true and proper value of their claims. Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, the Debtors request that the Court reduce each Valued Derivative Claim to the Modified Amounts and allow each such claim as a nonpriority general unsecured claim only to the extent of the Modified Amounts.

## Notice

19. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims on

---

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

6

(i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Claimant; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

20. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: December 9, 2011
New York, New York

        **CURTIS, MALLET-PREVOST,
        COLT & MOSLE LLP**

        By: __/s/ L. P. Harrison 3rd__
            L. P. Harrison 3rd
            Cindi Eilbott Giglio
        101 Park Avenue
        New York, New York 10178-0061
        (212) 696-6000

        *Counsel for Debtors and
         Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :   Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :   08-13555 (JMP)
                                                               :
                              Debtors.                         :   (Jointly Administered)
---------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVES CLAIMS)

Upon the two hundred thirty-fifth omnibus objection to claims, dated December 9, 2011 (the "Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 6664], seeking to reduce and allow the Valued Derivatives Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable value determined by the Debtors after a review of the Claimant's supporting documentation and the Debtors' books and records, as more fully described in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims; and due and proper notice of the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Claimant and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims.

10746049

entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 29692 against LBHI is modified and allowed as a nonpriority general unsecured claim in the amount of $114,009.98; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 29694 against Lehman Brothers Special Financing Inc. is modified and allowed as a nonpriority general unsecured claim in the amount of $109,275.76; and it is further

ORDERED that this order supersedes all previous orders regarding the Valued Derivatives Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE

10746049