**Objection Date and Time (By Agreement): December 9, 2011 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (If an Objection is Filed): December 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)**

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
                                                                    :
In re:                                                              :    Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                    :
                    Debtors.                                        :    (Jointly Administered)
                                                                    :
------------------------------------------------------------------ X

**OBJECTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND**
**363(b) OF THE BANKRUPTCY CODE FOR AUTHORIZATION**
**TO IMPLEMENT THE DEFENSE COSTS FUND**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors") hereby objects (the "Objection") to the *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authorization to Implement the Defense Costs Fund* [Docket No. 22647] (the "Motion").[1] In support of the Objection, the Committee respectfully represents as follows:

---

[1]     Capitalized terms not defined herein have the meanings ascribed to them in the Motion.

## BACKGROUND

1.      On June 28, 2011, the Debtors filed the *Debtors' Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code for Authorization to (I) Expand the Scope of Legal Costs That They May Advance to Former Employees and (II) to Advance Legal Costs to Current Directors* (the "Legal Costs Motion").  The Legal Costs Motion sought authorization to create a fund (the "Current Directors' Costs Fund") that would provide up to $2 million for the payment of legal costs of LBHI's current directors (the "Current Directors") incurred in connection with certain claims asserted against the Current Directors prior to the effective date of LBHI's plan of reorganization (the "Effective Date").

2.      The Committee had serious misgivings about the relief the Debtors were seeking in the Legal Costs Motion because such relief had no basis in applicable law; even though the Current Directors likely had indemnification claims against LBHI for these legal costs, such claims would be prepetition claims not entitled to full-dollar satisfaction (or—potentially—even subordinated to other general unsecured claims and not entitled to any satisfaction whatsoever).  Nevertheless, at that time, the Debtors persuaded the Committee that establishing the Current Directors' Costs Fund was reasonable based on (a) the asserted remoteness of the possibility that such fund would ever be utilized; (b) the fact that the chapter 11 cases were entering a critical stage, requiring the full attention of the Current Directors; and (c) the size of the Current Directors' Costs Fund compared to the cost of purchasing an additional tail extension for the then current D&O policies.  Accordingly, the Committee did not object to the Legal Costs Motion and it was approved by the Court.

3.      Now, the Debtors seek to repurpose the Current Directors' Costs Fund by creating a new fund (the "Defense Costs Fund"), which would (a) in addition to the Current Directors also benefit at least one current employee of LAMCO Holdings LLC (all the proposed

beneficiaries of the Defense Costs Fund, the "<u>Beneficiaries</u>"); (b) cover defense costs for all proceedings currently pending against the Beneficiaries; and (c) be maintained ***indefinitely*** beyond the Effective Date.

4.  While the Committee's position that there is no legal justification for establishing the Defense Costs Fund has not changed, the rationale that persuaded the Committee to acquiesce to the relief sought in the Legal Costs Motion no longer exists.  Accordingly, the Committee believes that the Defense Costs Fund should not be authorized and the Motion should be denied.

### OBJECTION

5.  Pursuant to section 363(b)(1) of the Bankruptcy Code, "[t]he trustee, after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate . . . ."  <u>See</u> 11 U.S.C. § 363(b)(1).  The Second Circuit has held that "there must be some articulated business justification, other than appeasement of major creditors, for using, selling or leasing property out of the ordinary course of business . . . ."  <u>Comm. Of Equity. Sec. Holders v. Lionel Corp. (In re Lionel Corp.)</u>, 722 F.2d 1063, 1070 (2d Cir. 1983) (stating that history surrounding enactment of Bankruptcy Code and logic underlying it supports conclusion that there must be some articulated business justification for using property of estate out of ordinary course of business); <u>see also</u>, <u>Contrarian Funds LLC v. Aretex LLC (In re WestPoint Stevens, Inc.)</u>, 600 F.3d 231, 249 n.8 (2d Cir. 2010) (citing <u>In re Lionel Corp</u>, 722 F.2d at 1070); <u>Licensing by Paolo v. Sinatra (In re Gucci)</u>, 126 F.3d 380, 387 (2d Cir. 1997); <u>In re GSC, Inc.</u>, 453 B.R. 132, 155 (Bankr. S.D.N.Y. 2011).  Accordingly, the Court may authorize the creation of the Defense Costs Fund only if the Debtors demonstrate a sound business justification therefor.  The Debtors have not done so.

6.      The rationale for creating the Current Directors' Costs Fund in the first instance is no longer present or will cease to exist on the Effective Date:  (a) in contrast to the Current Directors' Costs Fund, the Defense Costs Fund is certain to be utilized, and inevitably consumed, because the existing D&O Polices have been exhausted; (b) after the Effective Date, the Current Directors will no longer be associated with LBHI or the other Debtors and providing them with this benefit will in no way benefit LBHI's estate or the post-Effective Date LBHI; and (c) the purchase of any tail insurance policy has not been authorized by the Court.  Indeed, the Committee is somewhat puzzled by the Debtors' apparent supposition that the Defense Costs Fund represents a natural extension of the Current Directors' Costs Fund.  Thus, while the Motion clearly explains why the Defense Costs Fund will benefit the Beneficiaries, it does not offer any persuasive explanation as to how it will benefit the Debtors' estates.

7.      The purported legal justifications for creating this new legal defense fund of indefinite duration that is certain to be consumed in its entirety—the potential indemnification claims of the Beneficiaries and potential difficulty in resolving certain third-party proofs of claim based on unfavorable factual findings—are not persuasive.  The indemnification claims asserted by the Beneficiaries would be general unsecured claims against LBHI entitled to only a 19.9% distribution under the plan just confirmed by the Court.  Moreover, as noted in the Motion, these claims may not be entitled to even that small distribution should they be subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

8.      As to the unfavorable factual findings that may impact the resolution of some proofs of claim against the Debtors, that argument rests entirely on the assumption that, absent the Defense Costs Fund, the Beneficiaries would be unwilling or unable to vigorously defend the actions pending against them or that such vigorous defense would lead to a different

4

outcome. These assumptions do not appear to be supported by any evidence and, therefore, are not legally sufficient to justify the use of the estates' funds outside of the ordinary course.

9. Based on all of the foregoing, the Committee believes that the Debtors have failed to carry their burden of proof with respect to a valid business justification for creating the Defense Costs Fund and, accordingly, the Motion should be denied.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court (a) sustain the Objection; (b) deny the Motion; and (c) grant the Committee such other and further relief as is just and proper.

Dated: December 9, 2011
      New York, New York

                                 **MILBANK, TWEED, HADLEY & M$^c$CLOY LLP**

                              By: /s Dennis F. Dunne
                                    Dennis F. Dunne
                                    Evan R. Fleck
                                    Dennis C. O'Donnell
                                    1 Chase Manhattan Plaza
                                    New York, New York 10005
                                    Telephone: (212) 530-5000

                              Counsel for Official Committee of Unsecured
                              Creditors of Lehman Brothers Holdings Inc., et al.