5

**EXHIBIT "1"**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-5179

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

Paul J. Couchot
Peter W. Lianides
WINTHROP COUCHOT
PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-41111

General Insolvency Counsel for Voluntary Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors, Jointly Administered Debtors and Debtors-In-Possession.<br>_____<br>Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☒ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☒ SunCal Johannson Ranch, LLC<br>☒ SunCal Summit Valley, LLC<br>☐ SunCal Emerald Meadows, LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☒ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☒ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC<br>☐ SCC Communities, LLC<br>☐ North Orange Del Rio Land, LLC<br>☐ Tesoro SF, LLC | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES;<br>8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**STIPULATION TO ENABLE TIMELY PAYMENT OF POSTPETITION REAL PROPERTY TAXES PURSUANT TO 11 U.S.C. §§ 362, 363, 364, AND 507: (1) AUTHORIZING THE USE OF CASH COLLATERAL; (2) GRANTING** |

DOCS_NY:26019.3 52063-001

| | |
|---|---|
| ☐ LB-L-SunCal Oak Valley, LLC<br>☐ SunCal Heartland, LLC<br>☐ LB-L-SunCal Northlake, LLC<br>☐ SunCal Marblehead, LLC<br>☐ SunCal Century City, LLC<br>☐ SunCal PSV, LLC<br>☐ Delta Coves Venture, LLC<br>☐ SunCal Torrance, LLC<br>☐ SunCal Oak Knoll, LLC | **ADMINISTRATIVE EXPENSE CLAIMS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**<br><br>**Hearing Date:**<br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom 5A |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_NY:26019.3 52063-001

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"), Lehman Commercial Paper Inc. ("LCPI"), Northlake Holdings LLC ("Northlake Holdings"), OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake Holdings, the "Lehman Entities"),[1] on the one hand, and certain of the above-captioned debtors and debtors in possession affected by this Stipulation (the "Subject Voluntary Debtors")[2] on the other hand. The Lehman Entities and the Subject Voluntary Debtors (together, the "Parties") hereby enter into this Stipulation and agree as follows:

## RECITALS

WHEREAS, each of the Subject Voluntary Debtors owns California real estate for which, under applicable non-bankruptcy law, the first installment for postpetition, California real property taxes for tax year 2011-2012 (the "2011/2012 Property Tax First Installment") in the approximate, aggregate amount of $1.6 million (see **Exhibit A**, attached hereto), is last due without the immediate imposition of a 10% penalty by December 12, 2011;

WHEREAS, the funding afforded by this Stipulation would enable the payment of the 2011/2012 Property Tax First Installment and associated expenses (the "Expenses"), as and to the extent set forth below, and enable the Subject Voluntary Debtors to avoid the imposition of a 10% penalty; and, absent this Stipulation, the Subject Voluntary Debtors would have inadequate unencumbered cash to timely pay the 2011/2012 Property Tax First Installment;

WHEREAS, there is little time remaining to arrange funding for and payments to the California real property taxing authorities before the first installment of such taxes is due on December 12, 2011;

---

[1] The Lehman Entities shall refer to the Lehman Entities on behalf of themselves, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents. Notwithstanding anything to the contrary contained herein, the Lehman Entities do not concede that they are "purported" lenders or agents as to the loan(s) or any particular loan, and reserve all of their rights in connection therewith.

[2] The Subject Voluntary Debtors are: Palmdale Hills Property, LLC; Acton Estates, LLC; Kirby Estates, LLC; Seven Brothers, LLC; SunCal Bickford Ranch LLC; SunCal Beaumont Heights, LLC; SunCal Johannson Ranch, LLC; and SunCal Summit Valley, LLC.

DOCS_NY:26019.3 52063-001                    1

WHEREAS, on November 6, 7, and 19, 2008, the Voluntary Debtors[3] filed their respective voluntary petitions under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

WHEREAS, on July 15, 2011, LCPI and Lehman ALI filed their *Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 2598] (as amended by the *Fifth Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 3337] filed on November 29, 2011, the "Lehman VD Plan").

WHEREAS, on October 25, 2011, at the confirmation hearing with respect to the Lehman VD Plan, the Court confirmed the Lehman VD Plan with respect to certain Voluntary Debtors,[4] provisionally approved the Lehman VD Plan with respect to Palmdale Hills Property, LLC ("Palmdale Hills") and Acton Estates, LLC ("Acton Estates") pending the resolution of certain contract-related matters, which have been continued for later hearing, and continued the hearing with respect to confirmation of the Lehman VD Plan for SCC Communities, LLC ("SCC Communities") and Tesoro SF, LLC ("Tesoro") for later hearing. Subsequently, pursuant to stipulations filed with the Court, all objections to confirmation of the Lehman VD Plan with respect to Palmdale Hills and Acton Estates have been resolved and withdrawn, and non-confirmation related contract matters have been continued, thereby clearing the way for confirmation of the Lehman VD Plan with respect to Palmdale Hills and Acton Estates.

---

[3] The Voluntary Debtors in these cases consist of: Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates, LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch, LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows, LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley, LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

[4] Those Voluntary Debtors are: SunCal Beaumont Heights, LLC; SunCal Johannson Ranch, LLC; SunCal Summit Valley, LLC; SunCal Bickford Ranch, LLC; Seven Brothers, LLC; Kirby Estates, LLC; and SunCal Communities I, LLC.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

WHEREAS, the Lehman Entities, on the one hand, and certain of the Voluntary Debtors, on the other hand, also have entered into other Court-approved stipulations providing for consent to use of cash collateral and alleged unencumbered cash during these cases.

WHEREAS, the Lehman Entities are authorized to enter into this Stipulation on behalf of themselves, as lenders, and as agents for all lenders under the applicable loan documents.

WHEREAS, LCPI is a debtor and debtor in possession in the jointly administered cases captioned *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP), pending in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court").

WHEREAS, the Lehman Entities assert secured claims against the Voluntary and Trustee Debtors that approximate $2.3 billion, and include within the scope of the pledged collateral (i) certain funds held by Fidelity National Title Insurance Company ("Fidelity") in an escrow account (the "ELR Escrow Account") pursuant to that certain escrow agreement (as amended and/or supplemented), dated June 25, 2008, by and among Palmdale Hills Property, LLC ("Palmdale Hills"), LCPI and Fidelity (the "Escrow Agreement") and (ii) certain funds held by California Bank & Trust in account no. 3090340741 (the "Ritter Pledged Account" and, collectively with the ELR Escrow Account, the "Ritter Accounts") owned by Palmdale Hills and pledged to LCPI to secure that certain first mortgage loan made by LCPI to or for the benefit of Palmdale Hills with respect to real property owned by Palmdale Hills located in Palmdale, California that is commonly referred to as Ritter Ranch (the "Ritter Ranch Project").

WHEREAS, LCPI asserts that such cash and cash equivalents held in the Ritter Accounts constitute "cash collateral" under section 363 of the Bankruptcy Code (the "Cash Collateral").

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

## AGREEMENT

1. <u>Court Approval</u>. The Stipulation is subject to approval of the Court, and the Stipulation is subject to approval by the New York Bankruptcy Court as to relief from the automatic

stay, and the Stipulation shall have no force and effect until the date that both such approvals have been obtained (the "Approval Date").  Immediately upon the Approval Date (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of the Lehman Entities, the Subject Voluntary Debtors, all other creditors of the Subject Voluntary Debtors, any committees appointed in these cases, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of the cases or upon dismissal of any of the above-captioned cases (the "Cases").

2. <u>Use by Palmdale Hills of Ritter Pledged Account Cash Collateral</u>.  LCPI consents to the use by Palmdale Hills of, and Palmdale Hills may use, Cash Collateral held in the Ritter Pledged Account solely for the purpose of paying in the total aggregate amount not to exceed $1,750,000.00, the 2011/2012 Property Tax First Installment and Expenses attributed to each Subject Voluntary Debtor, as set forth on **Exhibit A** (the "Ritter Pledged Account Cash Collateral Amount").  Palmdale Hills shall maintain appropriate documentation related to the expenditure of any and all of the Ritter Pledged Account Cash Collateral Amount.  Palmdale Hills shall provide to LCPI, upon its reasonable request, a breakdown of all amounts spent from the Ritter Pledged Account as of the date of the request and provide all documentation relating to the monies spent from the Ritter Pledged Account as of the date of the request.  For the avoidance of doubt the Cash Collateral shall not be used for any other purpose without (i) the prior written consent of the Lehman Entities, which consent may be granted or withheld in the Lehman Entities' sole and absolute discretion, or (ii) further order of the Court.  Although certain specified consents of the Lehman Entities to use of the Cash Collateral are set forth in this paragraph, no particular uses of property of the Voluntary Debtors' estates are authorized under this paragraph other than to the extent set forth herein above, some amounts of which, however, may be so used by making individual loans, as described below.

3. <u>Repayment to Palmdale Hills of Ritter Pledged Account Cash Collateral Amount as an Administrative Obligation</u>.  Palmdale Hills expressly stipulates and acknowledges that monies used by Palmdale Hills from the Ritter Pledged Account Cash Collateral Amount shall be treated as an administrative expense obligation under the Bankruptcy Code and, as such, must be paid in full,

in cash, on the effective date of any confirmed plan of reorganization or liquidation (the "Ritter Pledged Account Administrative Obligation"), which obligation shall be limited to portions of the Ritter Pledged Account Cash Collateral Amount actually expended by Palmdale Hills as provided pursuant to this Stipulation and the amount collected by Palmdale Hills with respect to the DIP Loans (as defined below). The Ritter Pledged Account Administrative Obligation shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the Cases, or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7.

4. **DIP Financing Provided By Palmdale Hills From Ritter Pledged Account to Subject Voluntary Debtors.** LCPI consents to and Palmdale Hills is authorized to make individual loans (each, a "DIP Loan" and, collectively, the "DIP Loans") to the respective Subject Voluntary Debtors (with the exception of Palmdale Hills) from the Ritter Pledged Account, the proceeds of which ("DIP Loan Amounts") shall be used by the respective Subject Voluntary Debtors solely for the purpose of paying their 2011/2012 Property Tax First Installment and Expenses attributable to each such Subject Voluntary Debtors as set forth in **Exhibit A**, in an aggregate amount not to exceed $1,750,000.00. For the avoidance of doubt, no DIP Loan can or shall be made to Palmdale Hills. The maximum amount of each DIP Loan to each Subject Voluntary Debtor shall be equal to the applicable amount in **Exhibit A**.[5] The Subject Voluntary Debtors shall use the DIP Loan proceeds solely to pay their 2011/2012 Property Tax First Installment as set forth in **Exhibit A** and shall maintain appropriate documentation related to the expenditure of any and all DIP Loan Amounts. The Subject Voluntary Debtors shall provide to LCPI, upon its reasonable request, a breakdown of all amounts spent from DIP Loan proceeds as of the date of the request and provide all documentation relating to the monies spent from DIP Loan proceeds as of the date of the request. During the term of this Stipulation, the Budget shall not be modified and DIP Loan funds shall not be reallocated from one Subject Voluntary Debtor to another Subject Voluntary Debtor without the prior written consent of LCPI, which consent may be granted or withheld in LCPI's sole and

---

[5] For Kirby Estates, LLC, Seven Brothers, LLC, and SunCal Summit Valley LLC, the aggregate amount of their DIP Loans shall be the amount set forth on **Exhibit A** for "SunCal Summit Valley LLC."

DOCS_NY:26019.3 52063-001                                5

absolute discretion. Funding under the DIP Loans shall only be available through and including the thirtieth (30th) day after the Approval Date (the "Termination Date"), and no further disbursements of DIP Loan proceeds shall be made after such date without either the prior written consent of LCPI, which consent may be granted or withheld in LCPI's sole and absolute discretion, or further order of the Court. Any amounts borrowed under the DIP Loans pursuant to this Stipulation that are not expended by, and remain in the possession of, any of the Subject Voluntary Debtor as of the thirtieth (30th) day following the Termination Date, shall be immediately refunded by each such Subject Voluntary Debtor to Palmdale Hills for deposit in the Ritter Pledged Account.

5. DIP Loan Maturity Date. The Subject Voluntary Debtors expressly stipulate and acknowledge that the DIP Loans shall be treated as administrative expense obligations owed to Palmdale Hills under the Bankruptcy Code (the "DIP Loan Administrative Obligations" and, collectively with the Ritter Pledged Account Administrative Obligations, the "Administrative Obligations"). The DIP Loan Administrative Obligations of the Subject Voluntary Debtor(s) shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in each such Subject Voluntary Debtor's Case, or, in the event no plan is confirmed in such Subject Voluntary Debtor's Case, the earlier of dismissal of such Case or conversion of such Case to chapter 7 (the "DIP Loan Maturity Date"). Each Subject Voluntary Debtor shall repay to Palmdale Hills the amount of the DIP Loan Administrative Obligation attributable to the DIP Loan that was made to such Subject Voluntary Debtor.

6. Interest. The DIP Loans shall accrue interest at the rate of ten percent (10%) per annum, which interest shall accrue and shall be payable in full on the DIP Loan Maturity Date. There are no other fees associated with the DIP Loans. All accrued interest on the DIP Loans shall be added to the outstanding principal amount of the DIP Loans and shall be allocated in the same proportion as principal to the applicable Subject Voluntary Debtor and paid to Palmdale Hills by the Subject Voluntary Debtor, to the extent applicable to each Subject Voluntary Debtor, on the DIP Loan Maturity Date.

7. DIP Obligations. This Stipulation constitutes and evidences the validity and binding effect of the DIP Loans and DIP Loan Administrative Obligations, which obligations shall be

enforceable against the Subject Voluntary Debtors, their estates and any successors thereto, including without limitation, any trustee or other estate representative appointed in the Cases, or any case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Cases, or in any other proceedings superseding or related to any of the foregoing. The DIP Loans include all loans, reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which may now or from time to time be owing by the Subject Voluntary Debtors under this Stipulation, including, without limitation, all principal, accrued interest, and other amounts owed pursuant to or in respect of the DIP Loans.

8. <u>Modification of Automatic Stay</u>. The automatic stay imposed under section 362(a) of the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this Stipulation, including, without limitation, to: (a) permit Subject Voluntary Debtors to incur all liabilities and obligations in connection with the DIP Loans; (b) authorize the repayment of the Administrative Obligations in accordance with the terms of this Stipulation; and (c) enable the enforcement, protection and preservation of the Administrative Obligations, and all of the rights and remedies with respect thereto or otherwise under this Stipulation.

9. <u>Events of Default</u>. The following occurrences shall constitute an "<u>Event of Default</u>" under this Stipulation as to the particular defaulting Subject Voluntary Debtor: (a) failure of the Subject Voluntary Debtor(s) to comply with any term of this Stipulation; or (b) the use of Cash Collateral or the proceeds of DIP Loans other than in strict compliance with the terms of this Stipulation; or (c) the failure to repay the Administrative Obligations pursuant to and in accordance with the terms of this Stipulation.

10. <u>Remedies</u>. Immediately upon the occurrence and during the continuation of an Event of Default set forth in paragraph 9 by a particular Subject Voluntary Debtor, and without further order of the Court: (a) Palmdale Hills shall, at the direction of LCPI, (i) declare all DIP Loan Administrative Obligation(s) to be immediately due and payable by the defaulting Subject Voluntary Debtor (s), (ii) terminate, reduce or restrict the use of any of the proceeds of the DIP Loans or any further commitment to extend credit to the defaulting Subject Voluntary Debtor (s) to the extent any such commitment remains, and/or (iii) seek relief from the automatic stay under section 362 of the

Bankruptcy Code; and (b) if Palmdale Hills is the defaulting Subject Voluntary Debtor, Palmdale Hills shall, at the direction of LCPI, cease using any of the Ritter Pledged Account Cash Collateral Amount.

11.     <u>Good Faith</u>.  The DIP Loans have been extended in good faith.  In accordance with section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Stipulation are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, the Subject Voluntary Debtors are entitled to the protections provided in section 364(e) of the Bankruptcy Code.  Any such modification, amendment or vacatur shall not affect the extent, validity, priority, allowability, enforceability or non-avoidability of any advances previously made or made hereunder, or claim or priority granted, authorized or created hereby.  Any claims granted to LCPI or Palmdale Hills hereunder arising prior to the effective date of any such modification, amendment or vacatur of this Stipulation shall be governed in all respects by the original provisions of this Stipulation, including entitlement to all rights, remedies, privileges and benefits granted herein.

12.     <u>Reservation of Rights</u>.  Notwithstanding anything to the contrary herein, this Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.  Specifically, and for the avoidance of doubt, the Parties reserve all rights in connection with all aspects of pending litigation among the Parties, including, without limitation, any matters involving equitable subordination or substantive consolidation.  The Parties further agree that entry into this Stipulation, and the use of Cash Collateral, the extension of the DIP Loans, or the consent to the Administrative Obligations contemplated hereunder, shall not be used in any manner in litigation amongst the Parties, whether as, for instance, a basis for or against substantive consolidation or otherwise, and in no way shall have any effect on the adversary proceeding captioned *Palmdale Hills Property, LLC, et al., v. Lehman ALI, Inc., et al.*, Adv. Pro. No. 09-1005-ES, pending in the Court.

13.     <u>No Modification</u>.  Absent the written consent of the Lehman Entities and the Subject Voluntary Debtors or further order of the Court, the Lehman Entities and the Subject Voluntary

DOCS_NY:26019.3 52063-001                              8

Debtors agree that this Stipulation shall not be modified.

14. <u>Jurisdiction</u>.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

15. <u>Further Cooperation</u>.  The Parties agree to and will cooperate fully with each other in the performance of this Stipulation, and will execute such additional agreements, documents or other instruments as may reasonably be required to carry out the intent of this Stipulation.

16. <u>Signatures</u>.  This Stipulation may be signed in any number of counterparts (and by each Party hereto on different counterparts), each of which constitutes an original, but all such counterparts when taken together shall constitute one and the same agreement.  This Stipulation may be executed by facsimile signature and delivered by facsimile transmission with the same effect as delivery of a manually executed counterpart of this Stipulation.

17. <u>Compromise</u>.  The Parties agree that this Stipulation is a compromise of certain financing and use of cash collateral issues.  Neither this Stipulation nor anything contained in this Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of this Stipulation.

18. <u>Authority</u>.  Each person who signs this Stipulation represents and warrants that he or she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to bind that Party to the terms of this Stipulation.

19. <u>Entire Agreement</u>.  This Stipulation contains the entire agreement between the Parties and may not be amended or modified except by a writing executed by the Parties or further order of the Court.  All prior oral and written agreements, if any, are expressly superseded hereby and are of no further force and effect.

|   |   |   |
|---|---|---|
|   |   | WEIL, GOTSHAL & MANGES LLP |
|   |   | - and - |
| Dated: | December 1, 2011 | PACHULSKI STANG ZIEHL & JONES LLP |
|   |   | By _____ |
|   |   | Richard M. Pachulski |
|   |   | Dean A. Ziehl |
|   |   | Attorneys for Lehman ALI, Inc., Lehman Commercial Paper Inc., Northlake Holdings LLC and OVC Holdings LLC. |
| Dated: | December 1, 2011 | WINTHROP COUCHOT PROFESSIONAL CORPORATION |
|   |   | By _____ |
|   |   | Paul J. Couchot |
|   |   | Peter W. Lianides |
|   |   | General Insolvency Counsel for Debtors and Debtors-in Possession |

# **EXHIBIT A**

### (July 1, 2011 – June 30, 2012 Real Property Taxes (1st Installment)

| **Voluntary Debtor/ Property** | **First Installment Due 12/12/2011** |
|---|---|
| Acton Estates LLC | $28,718.47 plus any Expenses |
| SunCal Bickford Ranch LLC | $1,229,024.42 plus any Expenses |
| SunCal Beaumont Heights, LLC | $22,335.78 plus any Expenses |
| SunCal Johannson Ranch, LLC | $11,201.93 plus any Expenses |
| Palmdale Hills Property, LLC | $240,864.41 plus any Expenses |
| SunCal Summit Valley LLC | $25,986.76 plus any Expenses |
| **TOTAL** | **$1,558,131.74 plus any Expenses** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_NY:26019.3 52063-001