Hearing Date and Time: December 14, 2011 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------x

### DEBTORS' REPLY TO OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO IMPLEMENT THE DEFENSE COSTS FUND

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors"), file this reply to the *Objection of Official Committee of Unsecured Creditors to Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authorization to Implement the Defense Costs Fund*, filed on December 9, 2011 [ECF No. 23178] (the "Objection"), by the appointed statutory committee of unsecured creditors (the "Creditors' Committee"), and respectfully represent:

1.  On November 23, 2011, the Debtors filed the *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for Authorization to Implement the Defense Costs Fund* (the "Motion")[1] [ECF No. 22647]. The Motion seeks authority for the Debtors to utilize the balance of the Current Directors' Costs Fund[2] remaining as of the effective date of the Debtors' confirmed chapter 11 plan[3] to pay those defense costs incurred by the individuals who are named defendants in ongoing lawsuits, arbitration proceedings, regulatory and other investigations (collectively, the "Legal Proceedings") and are either Current Directors or a current employee of LAMCO, whose employment will continue past the effective date of the Plan (together, the "Covered Persons"), but only to the extent that such defense costs (i) would otherwise be covered under the 2007-08 D&O Policies but for said policies being fully exhausted and (ii) are not covered by the 2008-09 D&O Policies (the "Defense Costs Fund").[4]

2.  The Motion was served on approximately six hundred and forty (640) parties. *See Affidavit of Service* [ECF No. 22925]. As the Court is aware, various creditor constituencies have actively participated in these chapter 11 cases and have never been reticent to apprise the Court of their views and positions on, and challenges to, various matters and motions that the Debtors have brought before the Court. As to the Motion, however, only one party, the Creditors' Committee, opposes the Motion.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[2] The Debtors are authorized to provide up to $2 million to the Current Directors for payment of only legal costs (i.e. not payment of settlements or judgments), not to exceed $2 million in the aggregate, associated with Claims (the "Tail Claims") that are asserted relating to the period from the "Pending and Prior Litigation Date," as defined in the 2008-09 D&O Policies, to May 16, 2009, but only to the extent the Tail Claims are asserted during the period from on or after May 17, 2011, and prior to the effective date of LBHI's chapter 11 plan.

[3] The Court entered an order confirming the Debtors' modified third amended joint chapter 11 plan (the "Plan") on December 6, 2011 [ECF No. 20323].

[4] The term "Defense Costs Fund" is used for convenience purposes only and is not intended to suggest or require that the Debtors set aside or segregate a separate amount in funds from which the proposed advances have been or will be made.

3. The Creditors' Committee asserts in the Objection that the relief requested in the Motion should not be granted because it (i) believed at the time that the Current Directors' Costs Fund was established that it was unlikely to be used and thus the $2 million allocated thereto would be freely available to the Debtors for any purpose upon the effective date of the Plan, and (ii) disagrees with the Debtors' business judgment.

4. The Debtors do not dispute the Creditors' Committee's understandings in connection with the motion [ECF No. 18118] that originally established the Current Directors' Defense Costs Fund this past summer (the "Current Directors' Costs Fund Motion"). The Debtors also acknowledge that they are now seeking to utilize the $2 million previously allocated, a relatively *de minimis* amount in these chapter 11 cases. As the Court is aware, however, the circumstances present at the time the Current Directors' Costs Fund Motion was filed, however, have dramatically changed.

5. The aggregate amount available under the 2007-08 D&O Policies when the Debtors filed the Current Directors' Costs Fund Motion at the end of July 2011 was approximately $150 million. In a four month time span, as a result of the payment of legal defense costs and settlement amounts, many of which provided the Debtors with a release of claims asserted against their respective estates in the aggregate amount of billions of dollars, the remaining aggregate amount available under the 2007-08 D&O Policies was approximately $50 million. Taking into consideration the pending settlements in which the 2007-08 D&O Policies insurance proceeds have been earmarked, including settlement of the approximately $7 billion dollar mortgage backed securities related actions for $46 million,[5] the 2007-08 D&O Policies

---

[5] The three mortgage backed securities ("MBS") related actions will be settled for an aggregate amount of $46 million. The 2007-08 D&O Policies have committed to contributing $23.4 million to the class action proceeding and both the 2008-09 D&O Policies and LBHI will each contribute $8.3 million. The 2007-08 D&O Policies have committed to settle the two remaining MBS related proceedings for a payment of $3,000,000 each.

may be fully exhausted on or about year end.  Accordingly, the facts and circumstances that existed when the Debtors sought approval of the Current Directors' Costs Fund have drastically changed.

6. The Creditors' Committee fails to give sufficient credence to, among other things, the impending depletion of the 2007-08 D&O Policies that will result in insufficient insurance proceeds to pay the legal fees of the Covered Persons in pending unsettled Legal Proceedings, which proceedings correlate to proofs of claim filed by the plaintiffs and indemnity claims filed by the Covered Persons in which liabilities are asserted amounting to hundreds of millions of dollars against one or more of the Debtors.  The Creditors' Committee also minimizes the impact on the Debtors and their estates of adverse judgments against the Covered Persons in the pending Legal Proceedings and the affect of the indemnity claims asserted by such persons against one or more of the Debtors. The Debtors submit that the proposed $2 million investment in furtherance of efforts to avoid such potential liabilities represents a small fraction of the approximately 20% recoveries that the plaintiffs and/or the Covered Persons could realize under the Plan if their claims against the Debtors were ultimately allowed.

7. It is unfortunate that, in the context of the past three and a half years that began in chaos and ended in confirmation of a fully consensual joint chapter 11 plan, a consensual plan that evinces sound and prudent business judgment made by the Debtors throughout the plan negotiation process, the Creditors' Committee has elected now to challenge and second guess the Debtors' business judgment.  It is well established that "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *In re Johns Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  The Debtors

submit that in light of the modicum amount of funds that the Debtors propose to use to potentially enhance the prospect of eliminating or reducing potentially hundreds of millions of dollars of liability, it has been now amply demonstrated that the establishment of the Defense Costs Fund represents a reasonable and prudent exercise of the Debtors' business judgment.

8. For the reasons set forth above and in the Motion, the Debtors submit that they have met their burden of establishing that the relief requested in the Motion is in the best interests of the Debtors, their respective estates and creditors. Accordingly, the Objection should be overruled and the Motion granted.

WHEREFORE the Debtors respectfully request that the Court (i) overrule the Objection, (ii) grant the relief sought in the Motion, and (iii) grant the Debtors such other or further relief as is just.

Dated: December 12, 2011
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

US_ACTIVE:\43877321\05\58399.0008    5