WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**STIPULATION AND AGREEMENT ALLOWING CLAIM**
**NUMBER 22190 FILED BY SHINSEI BANK, LIMITED IN REDUCED AMOUNT**

Lehman Brothers Holdings Inc. ("LBHI"), as a debtor in possession, and Shinsei Bank, Limited ("Shinsei" and, together with LBHI, the "Parties"), hereby stipulate and agree as follows:

**RECITALS**

A. On September 15, 2008 and on various dates thereafter, each of LBHI and certain of its affiliates (collectively, the "Debtors") filed voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly administered under Case Number 08-13555. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    Pursuant to an order entered on July 2, 2009, the Bankruptcy Court established September 22, 2009 at 5:00 p.m. (Prevailing Eastern Time) as the last date and time for the filing of proofs of claim against any of the Debtors based upon pre-chapter 11 transactions.

C.    On September 21, 2009, Shinsei filed a proof of claim against LBHI in the amount of not less than JPY 25,132,758,846, which Shinsei converted to US $237,931,744.22, which was assigned claim number 22190 by the Debtors' claims agent (the "Shinsei Claim"). The Shinsei Claim relates to the Guarantee of Lehman Brothers Holdings Inc., dated as of December 25, 2003 (the "Guarantee") pursuant to which LBHI guaranteed the obligations of Sunrise Finance Co., Ltd. ("Sunrise") arising under the Uncommitted Revolving Credit Facility Agreement, dated August 25, 2003, between Shinsei and Sunrise (the "Credit Facility"). The Shinsei Claim is comprised of (a) JPY 25 billion in principal amount due under the Credit Facility, which Shinsei has converted to US $236,585,596.67, (b) JPY 42,529,513.00 in accrued and unpaid interest under the Credit Facility through the Commencement Date, which Shinsei has converted to US $402,474.81, and (c) JPY 90,229,333.00 in fees and expenses payable under the terms of the Guarantee, which Shinsei has converted to US $943,672.74.

D.    On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holding Inc. and its Affiliated Debtors (as modified, supplemented or amended from time to time, the "Plan")[1] and a related disclosure statement (as amended, the "Disclosure Statement").

E.    On October 18, 2011, Shinsei filed that certain *Preliminary Objection of Shinsei Bank, Limited to Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code*, (the "Shinsei Plan

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

Objection") [ECF No. 20960].  On or about October 18, 2011, Shinsei served the Debtors with discovery requests, including (a) *Shinsei Bank, Limited's First Notice of Deposition of Debtors Pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure and Rule 30(B)(6) of the Federal Rules of Civil Procedure*, (b) *Shinsei Bank, Limited's First Set of Interrogatories to Debtors*, and (c) *Shinsei Bank, Limited's First Set of Document Requests to Debtors*.

F. On or about November 1, 2011, the Debtors served Shinsei with the *Debtors' First Set of Document Requests to Shinsei Bank, Limited Pursuant to Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure*.  On or about November 2, 2011, the Debtors served Shinsei with the *Debtors' First Set of Interrogatories to Shinsei Bank, Limited*.

G. LBHI has reviewed the Shinsei Claim and the documentation in support thereof and has determined that it is valid and enforceable in the asserted amounts in Japanese Yen, subject to the treatment to be afforded thereto under the Plan, but has disputed Shinsei's currency conversion rate.

H. Shinsei has agreed to revise the amount of the Shinsei Claim by applying the currency conversion rate set forth in Table 2 of Exhibit 15 of the Disclosure Statement to the Japanese Yen denominated portions of the Shinsei Claim.  Accordingly, LBHI and Shinsei enter into this stipulation and agreement to allow the Shinsei Claim in the reduced amount of US $236,521,351.22 (the "Stipulation").

**AGREEMENT**

1. The Shinsei Claim shall be deemed an Allowed Claim in LBHI Class 5 under the Plan in the reduced amount of US $236,521,351.22 (the "Reduced Allowed Shinsei Claim").

3

2. The Reduced Allowed Shinsei Claim shall not be subject to further objection or reconsideration by any party in interest in these cases. Epiq Bankruptcy Solutions, LLC, the court-appointed claims agent, is authorized to modify the claims register to reflect the terms of this Stipulation.

3. Shinsei shall (a) within one business day of the filing of this Stipulation, withdraw, with prejudice, the Shinsei Plan Objection and (b) not object to or join any objection or take any action to alter, impede, or interfere with confirmation or consummation of the Plan, and will not consent to, support, or participate in the formulation of any other chapter 11 plan in the Chapter 11 Cases.

4. The Parties shall immediately cease and withdraw any and all discovery requests made in connection with the Plan and/or the Shinsei Claim and shall not renew the requests.

5. Shinsei represents and warrants to LBHI that it is the legal and beneficial owner of the Shinsei Claim and it has all relevant authority to enter into this Stipulation with respect to the Shinsei Claim.

6. This Stipulation is without prejudice to any of the Parties' respective rights and obligations under and pursuant to the Plan, applicable bankruptcy and non-bankruptcy law, and equitable principles.

7. Nothing in this Stipulation, express or implied, is intended or shall be construed to confer upon, or to give to, any person other than the Parties hereto, and their respective successors and assigns, any right, remedy or claim under or by reason of this Stipulation; and the provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties hereto.

8. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings among the Parties relating thereto.

9. This Stipulation may not be modified other than by signed writing executed by all Parties and delivered to each Party.

10. Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the applicable Party and that each such Party has full knowledge of, and has consented to, this Stipulation.

11. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

12. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assignees, heirs, executors, and administrators.

13. This Stipulation shall be exclusively governed by, and construed and enforced in accordance with, the laws of the State of New York, without regard to its conflicts of law principles.

14. Paragraphs 1 and 2 of this Stipulation shall become effective upon it being "so ordered" by the Bankruptcy Court. The balance of this Stipulation shall become effective upon the execution by both parties hereto.

15. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of, or otherwise relating to, this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating

to this Stipulation, such matter shall be adjudicated in either the United States District Court, for the Southern District of New York or a court of competent jurisdiction in the State of New York.

Dated: November 30, 2011
      New York, New York

| | |
|---|---|
| /s/ Richard P. Krasnow | /s/ Dov Kleiner |
| Richard P. Krasnow | Dov Kleiner |
| | |
| WEIL, GOTSHAL & MANGES LLP | VINSON & ELKINS |
| 767 Fifth Avenue | 666 Fifth Avenue |
| New York, New York 10153 | New York, New York 10103 |
| Telephone: (212) 310-8000 | Telephone: (212) 237-0184 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 849-5382 |
| | |
| Attorneys for Debtors and Debtors in Possession | Attorneys for Shinsei |

SO ORDERED this 12th day of December, 2011

*s/ James M. Peck* _____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE