**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' TWO HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                          :        Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :        08-13555 (JMP)
                                               :
                           Debtors.            :        (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

**PLEASE TAKE NOTICE** that on December 12, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their two hundred thirty-seventh

omnibus objection to claims (the "Debtors' Two Hundred Thirty-Seventh Omnibus Objection to

Claims"), and that a hearing (the "Hearing") to consider the Debtors' Two Hundred Thirty-

Seventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United

States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004, on **January**

**26, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

          **PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two

Hundred Thirty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the

Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall

be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242

(which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's

filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **January 11, 2012 at 4:00**

**p.m. (Eastern Time)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and

served with respect to the Debtors' Two Hundred Thirty-Seventh Omnibus Objection to Claims

or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' Two Hundred Thirty-Seventh Omnibus Objection to Claims, which order may be

entered with no further notice or opportunity to be heard offered to any party.

Dated: December 12, 2011
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :    08-13555 (JMP)
                                            :
                 Debtors.                   :    (Jointly Administered)
-------------------------------------------------------------------x
```

### DEBTORS' TWO HUNDRED THIRTY-SEVENTH OMNIBUS
### OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## Relief Requested

1.     The Debtors file this two hundred thirty-seventh omnibus objection

to claims (the "Two Hundred Thirty-Seventh Omnibus Objection to Claims"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking the disallowance and expungement of the claims listed on Exhibit A annexed

hereto.

2.     The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed under the heading "*Claims

to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims")

have been amended and superseded by at least one subsequently filed, corresponding

claim identified under the heading "*Surviving Claims*" (collectively, the "Surviving

Claims").  The Debtors seek the disallowance and expungement from the Court's claims

register of the Amended and Superseded Claims and preservation of the Debtors' right to

later object to any Surviving Claim on any basis.

3.      This Two Hundred Thirty-Seventh Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims.  Further, the Debtors reserve all their rights to object on any basis to any Amended and Superseded Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## The Amended and Superseded Claims Should Be Disallowed and Expunged

8.    In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have determined that each Amended and Superseded Claim on Exhibit A has been amended and superseded by the corresponding Surviving Claim that was subsequently filed by or on behalf of the same creditor.

9.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Claims that are amended and superseded by subsequent claims filed by the same creditor are routinely disallowed and expunged. *See, e.g., In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superceded by the Amended Claim, it was disallowed and expunged"); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

11. The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

12. Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Amended and Superseded Claims listed on Exhibit A.[1] The Surviving Claims will remain on the claims register subject to further objections on any basis.

## Notice

13. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Two Hundred Thirty-Seventh Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A annexed hereto; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

---

[1] Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

14.    No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just.

Dated: December 12, 2011
          New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 237: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | AB SVENSK EXPORTKREDIT (PUBL) (SWEDISH EXPORT CREDIT CORP.) ATTN: CHIEF FINANCIAL OFFICER P.O. BOX 194 KLARABERGSVIADUKTE N 61-63 STOCKHOLM, SE-103 27 SWEDEN | 09/21/2009 | 08-13555 (JMP) | 20784 | $54,934,705.97 | AB SVENSK EXPORTKREDIT (PUBL) ATTN: CHIEF FINANCIAL OFFICER P.O. BOX 16368 VASTRA TRADGARDSGATAN 11B STOCKHOLM, SE 103 27 SWEDEN | 10/11/2011 | 08-13555 (JMP) | 67683 | $10,369,106.00* |
| 2 | AB SVENSK EXPORTKREDIT (PUBL) (SWEDISH EXPORT CREDIT CORP.) ATTN: CHIEF FINANCIAL OFFICER P.O. BOX 194 KLARABERGSVIADUKTE N 61-63 STOCKHOLM, SE-103 27 SWEDEN | 09/21/2009 | 08-13888 (JMP) | 20785 | $54,979,107.97 | AB SVENSK EXPORTKREDIT (PUBL) ATTN: CHIEF FINANCIAL OFFICER P.O. BOX 16368 VASTRA TRADGARDSGATAN 11B STOCKHOLM, SE 103 27 SWEDEN | 10/11/2011 | 08-13888 (JMP) | 67682 | $10,369,106.00* |
| 3 | ADLER, MONA J. 404 EAST 79TH STREET APT 28E NEW YORK, NY 10075 | 09/16/2009 | 08-13555 (JMP) | 13400 | $97,075.00 | ADLER, MONA J. 404 EAST 79TH STREET APT 28E NEW YORK, NY 10021 | 11/14/2011 | | 67723 | $76,075.00 |
| | | | | | | ADLER, MONA J. 404 EAST 79TH STREET APT 28E NEW YORK, NY 10075 | 11/14/2011 | 08-13555 (JMP) | 67724 | $21,000.00 |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 237: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 4 AMERICAN EXPRESS COMPANY C/O CULLEN K. KUHN BRYAN CAVE LLP 211 NORTH BROADWAY, SUITE 3600 SAINT LOUIS, MO 63102 | 12/14/2010 | 08-13555 (JMP) | 67252 | Undetermined | AMERICAN EXPRESS COMPANY C/O CULLEN K. KUHN BRYAN CAVE LLP 211 NORTH BROADWAY, SUITE 3600 SAINT LOUIS, MO 63102 | 11/02/2011 | 08-13555 (JMP) | 67704 | Undetermined |
| 5 ARES ENHANCED CREDIT OPPORTUNITIES MASTER FUND LP STATE STREET BANK ATTN: JONATHAN LONG 200 CLARENDON STREET, 6TH FLOOR BOSTON, MA 02116 | 06/21/2011 | 08-13555 (JMP) | 67536 | $1,809,931.93 | ARES ENHANCED CREDIT OPPORTUNITIES MASTER FUND LP ATTN: JONATHAN LONG STATE STREET BANK 200 CLARENDON STREET, 6TH FLOOR BOSTON, MA 02116 | 10/31/2011 | 08-13555 (JMP) | 67702 | $2,049,170.00 |
| 6 BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 5250YAB3 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21804 | $255,540,800.06 | BANK OF NEW YORK MELLON, THE ATTN: JOHN GIULIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 11/30/2011 | 08-13555 (JMP) | 67752 | $255,558,003.92 |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 237: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|---|---|---|---|
| 7 | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 52520X208 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21803 | $233,469,683.43 | BANK OF NEW YORK MELLON, THE ATTN: JOHN GIULIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 11/30/2011 | 08-13555 (JMP) | 67753 | $234,250,517.60 |
| 8 | BANQUE POPULAIRE - CASSIE D'EPARGNE ATTN: NICHOLAS DUHAMEL LE PONANT DE PARIS 5, RUE LEBLANC CEDEX 15 PARIS, 75511 FRANCE | 09/22/2009 | 08-13555 (JMP) | 29608 | $32,461,427.00* | BPCE ATTN: NICOLAS DUHAMEL 50 AVENUE PIERRE MENDES FRANCE PARIS CEDEX 13, 75201 FRANCE | 11/28/2011 | 08-13555 (JMP) | 67745 | $32,461,427.00 |
| 9 | CITY OF MEMPHIS (TN) ELIZABETH WELLER, MICHAEL W. DEEDS, LAURIE SPINDLER HUFFMAN LINEBARGER BOGGAN BLAIR & SAMPSON, LLP 2323 BRYAN STREET, SUITE 1600 DALLAS, TX 75201 | 11/30/2009 | 08-13555 (JMP) | 65797 | $13.14* | CITY OF MEMPHIS (TN) ELIZABETH WELLER/LAURIE SPINDLER HUFFMAN LINEBARGER GOGGAN BLAIR & SAMPSON, LLP 2323 BRYAN STREET, SUITE 1600 DALLAS, TX 75201 | 11/28/2011 | 08-13555 (JMP) | 67748 | $30.89* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 237: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 10 | COMMERZBANK AG - GROUP INTENSIVE CARE INTENSIVE CARE CORPORATES INTERNATIONAL ATTN: JOACHIM BALLERSTAEDT KAISERSTRASSE 16 FRANKFURT AM MAIN, 60261 GERMANY | 09/22/2009 | 08-13888 (JMP) | 27534 | $162,403,531.47 | COMMERZBANK AG - GROUP INTENSIVE CARE INTENSIVE CARE CORPORATES INTERNATIONAL ATTN: JOACHIM BALLERSTAEDT KAISERSTRASSE 16 FRANKFURT AM MAIN, 60261 GERMANY | 09/16/2011 | 08-13888 (JMP) | 67663 | $277,074,139.77 |
| 11 | COMMERZBANK AG - GROUP INTENSIVE CARE INTENSIVE CARE CORPORATES INTERNATIONAL ATTN: JOACHIM BALLERSTAEDT, KAISERSTRASSE 16 FRANKFURT AM MAIN, 60261 GERMANY | 09/22/2009 | 08-13555 (JMP) | 27634 | $1,136,013,393.00 | COMMERZBANK AG - GROUP INTENSIVE CARE INTENSIVE CARE CORPORATES INTERNATIONAL ATTN: JOACHIM BALLERSTAEDT KAISERSTRASSE 16 FRANKFURT AM MAIN, 60261 GERMANY | 09/16/2011 | 08-13555 (JMP) | 67664 | $1,250,428,862.00 |
| 12 | FISHER, ALEX 25 LAUREL AVE LIVINGSTON, NJ 07039 | 10/28/2008 | 08-13555 (JMP) | 400 | $45,673.08 | FISHER, ALEX 25 LAUREL AVENUE LIVINGSTON, NJ 07039 | 07/28/2009 | 08-13555 (JMP) | 6549 | $49,450.93 |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 237: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 13 | FITZGERALD, MELODY D. 114-08 194TH STREET ST. ALBANS, NY 11412 | 10/20/2008 | 08-13555 (JMP) | 321 | $47,800.00 | FITZGERALD, MELODY 114-08 194 STREET SAINT ALBANS, NY 11412 | 07/20/2009 | 08-13555 (JMP) | 5616 | $56,597.84 |
| 14 | GAVAGHAN, SHIRALI R 115 MORRIS ST APT 1317 JERSEY CITY, NJ 07302-4593 | 11/18/2008 | 08-13555 (JMP) | 793 | $35,500.00 | GAVAGHAN, SHIRALI 115 MORRIS ST APT 1317 JERSEY CITY, NJ 07302-4593 | 09/22/2009 | 08-13555 (JMP) | 31643 | $67,099.16 |
| 15 | GOLDEN STATE TOBACCO SECURITIZATION CORP ATTN: KAREN FINN 915 L STREET, 9TH FL SACRAMENTO, CA 95814 | 09/21/2009 | 08-13555 (JMP) | 22069 | $118,408,007.47* | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION ATTN: KAREN FINN, AUTHORIZED REPRESENTATIVE 915 L STREET, 9TH FLOOR SACRAMENTO, CA 95814 | 10/12/2011 | 08-13555 (JMP) | 67686 | $139,349,138.58* |
| 16 | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION ATTN: KAREN FINN 915 L STREET, 9TH FL. SACRAMENTO, CA 95814 | 09/21/2009 | 08-13888 (JMP) | 22066 | $38,175,325.56* | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION ATTN: KAREN FINN, AUTHORIZED REPRESENTATIVE 915 L STREET, 9TH FLOOR SACRAMENTO, CA 95814 | 10/12/2011 | 08-13888 (JMP) | 67684 | $49,272,660.68* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 237: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 17 | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION ATTN: KAREN FINN 915 L STREET, 9TH FLOOR SACRAMENTO, CA 95814 | 09/21/2009 | 08-13888 (JMP) | 22067 | $118,408,007.47* | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION ATTN: KAREN FINN, AUTHORIZED REPRESENTATIVE 915 L STREET, 9TH FLOOR SACRAMENTO, CA 95814 | 10/12/2011 | 08-13888 (JMP) | 67687 | $139,349,138.58* |
| 18 | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION ATTN: KAREN FINN 915 L STREET, 9TH FLOOR SACRAMENTO, CA 95814 | 09/21/2009 | 08-13555 (JMP) | 22068 | $38,175,325.56* | GOLDEN STATE TOBACCO SECURITIZATION CORPORATION ATTN: KAREN FINN, AUTHORIZED REPRESENTATIVE 915 L STREET, 9TH FLOOR SACRAMENTO, CA 95814 | 10/12/2011 | 08-13555 (JMP) | 67685 | $49,272,660.68* |
| 19 | IRRGANG, KLAUS PFARRBORNWEG 16A BAD HOMBURG, 61352 GERMANY | 10/26/2009 | 08-13555 (JMP) | 46393 | $47,622.26 | LRRGANG, KLAUS PFARRBORNWEG 16 B BAD HAMBURG, 61352 GERMANY | 11/28/2011 | 08-13555 (JMP) | 67743 | $69,299.49 |
| 20 | KARP, MICHAEL H. 11 CANDLEWOOD DR WEST WINDSOR, NJ 08550 | 09/21/2009 | 08-13555 (JMP) | 26315 | $70,000.00 | KARP, MICHAEL 11 CANDLEWOOD DR WEST WINDSOR, NJ 08550 | 10/11/2011 | 08-13555 (JMP) | 67681 | $70,000.00 |
| 21 | KOZLOV, ANATOLY 1935 83RD STREET APT F-6 BROOKLYN, NY 11214 | 09/21/2009 | 08-13555 (JMP) | 26260 | $10,000.00 | KOZLOV, ANATOLY 82 ACORN STREET STATEN ISLAND, NY 10306 | 11/23/2011 | 08-13555 (JMP) | 67739 | $10,000.00 |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 237: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 22 | MONTELLA, MICHAEL<br>95 SHOREHAM ROAD<br>MASSAPEQUA, NY 11758 | 09/18/2009 | 08-13555 (JMP) | 18178 | $22,747.21 | MONTELLA, MICHAEL<br>95 SHOREHAM ROAD<br>MASSAPEQUA, NY 11758 | 11/29/2011 | 08-13555 (JMP) | 67751 | $57,747.21 |
| 23 | ONTARIO TEACHERS' PENSION PLAN BOARD<br>ATTN: JEFF DAVIS<br>5650 YONGE STREET<br>SUITE 500<br>TORONTO, ON M2M 4H5<br>CANADA | 11/20/2009 | 08-13888 (JMP) | 65647 | $12,634,480.65* | ONTARIO TEACHERS' PENSION PLAN BOARD<br>ATTN: JEFF DAVIS<br>5650 YONGE STREET<br>SUITE 500<br>TORONTO, ON M2M 4H5<br>CANADA | 11/18/2011 | 08-13555 (JMP) | 67738 | $12,634,480.65 |
| 24 | RAKE, FRANK-REINER<br>C/O NABER PC<br>300 CENTRAL AVENUE<br>SUITE 320<br>GREAT FALLS, MT 59401 | 09/10/2009 | 08-13555 (JMP) | 11192 | $14,393.72 | RAKE FRANK-REINER<br>C/O NABER PC<br>300 CENTRAL AVENUE<br>SUITE 320<br>GREAT FALLS, MT 59401 | 11/28/2011 | 08-13555 (JMP) | 67742 | $14,393.72 |
| 25 | SHAUGHNESSY, JOHN C<br>11 BUTLER HILL RD N<br>SOMERS, NY 10589-2410 | 09/18/2009 | | 17264 | $6,346.15 | SHAUGHNESSY, JOHN C<br>11 BUTLER HILL ROAD NORTH<br>SOMERS, NY 10589-2410 | 11/07/2011 | 08-13555 (JMP) | 67713 | $6,346.15 |
| 26 | SHAUGHNESSY, JOHN C.<br>11 BUTLER HILL RD N<br>SOMERS, NY 10589-2410 | 09/18/2009 | | 17262 | $159,000.00 | SHAUGHNESSY, JOHN C<br>11 BUTLER HILL ROAD NORTH<br>SOMERS, NY 10589-2410 | 11/07/2011 | 08-13555 (JMP) | 67712 | $150,000.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 237: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 27 | SPANISH BROADCASTING SYSTEM, INC. ATTN: JOSEPH A. GARCIA, CFO 2601 S. BAYSHORE DR., PH2 COCONUT GROVE, FL 33133 | 09/18/2009 | 08-13900 (JMP) | 15941 | Undetermined | SPANISH BROADCASTING SYSTEM, INC. ATTN: JOSEPH A. GARCIA, CHIEF FINANCIAL OFFICER 2601 S. BAYSHORE DR., PH2 COCONUT GROVE, FL 33133 | 11/03/2011 | 08-13900 (JMP) | 67707 | $55,462,228.33* |
| 28 | STATE OF MINNESOTA, DEPARTMENT OF REVENUE COLLECTION DIVISION - BANKRUPTCY SECTION PO BOX 64447 - BKY SAINT PAUL, MN 55164-0447 | 12/15/2008 | 08-13555 (JMP) | 4293 | $582,769.11 | STATE OF MINNESOTA DEPT OF REVENUE COLLECTION DIVISION BANKRUPTCY SECTION PO BOX 64447 BKY SAINT PAUL, MN 55164-0447 | 11/08/2011 | 08-13555 (JMP) | 67729 | $553,834.88 |
| 29 | STIBBE, N.V. P.O. BOX 75640 ATTN: A. VAN DYK 1070 AP AMSTERDAM, NETHERLANDS | 12/08/2008 | 08-13555 (JMP) | 1249 | Undetermined | STIBBE N.V. ATTN: BERTI VAN DIJK P.O. BOX 75640 AMSTERDAM, AP 1070 NETHERLANDS | 11/08/2011 | 08-13555 (JMP) | 67716 | $113,166.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 237: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 30 | YEAR UP, INC. ATTN: COLLEEN O'CONNELL 93 SUMMER STREET, 5TH FLOOR BOSTON, MA 02110 | 07/17/2009 | | 5569 | $31,060.00 | YEAR UP, INC. ATTN: SUE MEEHAN, COO 93 SUMMER STREET, 5TH FLOOR BOSTON, MA 02110 | 10/26/2011 | 08-13555 (JMP) | 67699 | $31,060.00 |

| | | |
|---|---|---|
| | TOTAL | $2,258,583,727.21 |

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*      :        **08-13555 (JMP)**
                                                  :
                              **Debtors.**        :        **(Jointly Administered)**

------------------------------------------------------------------x

**ORDER GRANTING
DEBTORS' TWO HUNDRED THIRTY-SEVENTH OMNIBUS
OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

Upon the two hundred thirty-seventh omnibus objection to claims, dated

December 12, 2011 (the "Two Hundred Thirty-Seventh Omnibus Objection to Claims"),[1]

of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"),

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [Docket No.

6664], seeking disallowance and expungement of the Amended and Superseded Claims

on the basis that such claims have been amended and superseded by the corresponding

Surviving Claims, all as more fully described in the Two Hundred Thirty-Seventh

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Thirty-

Seventh Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii)

the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Debtors' Two Hundred Thirty-Seventh Omnibus Objection to Claims.

Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two

Hundred Thirty-Seventh Omnibus Objection to Claims; and (vii) all other parties entitled

to notice in accordance with the procedures set forth in the second amended order entered

on June 17, 2010, governing case management and administrative procedures for these

cases [Docket No. 9635]; and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Two

Hundred Thirty-Seventh Omnibus Objection to Claims is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the Two Hundred Thirty-Seventh Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Thirty-Seventh

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed

and Expunged*" (collectively, the "Amended and Superseded Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the

heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the

claims register subject to the Debtors' right to further object as set forth herein; and it is

further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Amended and Superseded Claims listed on Exhibit 1 annexed hereto;

and it is further

ORDERED that all information included on and all documentation filed in

support of any Amended and Superseded Claim, including, but not limited to, derivative

and guarantee questionnaires and supporting documentation, shall be treated as having

been filed in support of and included in the corresponding Surviving Claim; and it is

further

ORDERED that nothing in this Order or the disallowance and

expungement of the Amended and Superseded Claims constitutes any admission or

finding with respect to any of the Surviving Claims, and the Debtors' rights to object to

the Surviving Claims on any basis are preserved; *provided, however,* that notwithstanding

anything herein to the contrary, the Debtors may not object to a Surviving Claim that is

listed on Exhibit 1 annexed hereto to the extent that it has been allowed by order of the

Court or allowed pursuant to a signed settlement or termination agreement authorized by

the Court; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to

the Two Hundred Thirty-Seventh Omnibus Objection to Claims under the heading

"*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto

and (ii) any Surviving Claim; *provided, however,* that if the Court subsequently orders

that a Surviving Claim did not appropriately amend and supersede the corresponding

Amended and Superseded Claim, then the claims agent shall be authorized and directed to immediately reinstate such Amended and Superseded Claim in these chapter 11 cases (the "Reinstated Claim") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that notwithstanding any other provision of this Order, a Surviving Claim and all documentation previously filed in support of the Surviving Claim, including, but not limited to, amended derivative and guarantee questionnaires and supporting documentation, shall be deemed timely filed to the extent it appropriately amended and superseded, directly or indirectly, a claim that had been timely filed; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
　　　New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE