HEARING DATE AND TIME: January 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 11, 2012 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF DEBTORS' TWO HUNDRED FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

NOTICE OF HEARING ON DEBTORS' TWO HUNDRED
FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

**PLEASE TAKE NOTICE** that on December 12, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their two hundred forty-first omnibus objection to claims (the "Debtors' Two Hundred Forty-First Omnibus Objection to Claims"), and

US_ACTIVE:\43874914\01\58399.0008

that a hearing (the "Hearing") to consider the Debtors' Two Hundred Forty-First Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 26, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred Forty-First Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabeth Gasparini, Esq., and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **January 11, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred Forty-First Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Forty-First Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: December 12, 2011
      New York, New York

                /s/ Robert J. Lemons
                Robert J. Lemons

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Debtors
                and Debtors in Possession

HEARING DATE AND TIME: January 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 11, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

---------------------------------------------------------------x

**DEBTORS' TWO HUNDRED FORTY-FIRST OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO HUNDRED FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, ERIN ECKOLS, AT 214-746-7700.**

US_ACTIVE:\43874914\01\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

1. The Debtors file this two hundred forty-first omnibus objection to claims (the "Two Hundred Forty-First Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "No Liability Claims") and have determined that they assert claims against entities that are not debtors in these jointly administered chapter 11 cases. Accordingly, the Debtors have no liability for the No Liability Claims, and the Debtors request they be disallowed and expunged in their entirety.

3. The Debtors reserve all their rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order identified the names and case number of each of the Debtors in these chapter 11 cases. (Bar Date Order at 1 n.2.) The Bar Date Order requires, among other things, that each proof of claim "state the name and case number of the specific Debtor against which it is filed . . . ." (Bar Date Order at 6.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

8. Claimants received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) The Bar Date Notice was also published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times. A list of the Debtors in these chapter 11 cases and their respective case numbers was included as part of the Bar Date Notice and the instructions to the Court-approved proof of claim form. (Bar Date Notice at Schedule A.) In accordance with the Bar Date Order's requirement that claims be filed against the proper Debtor, the Bar Date Notice

stated, in bold-face type and in capital letters, that "**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTORS.**" (*Id.* at 3 (emphasis in original).)

9. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

### The No Liability Claims Should Be Disallowed and Expunged

10. In their review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as claims against entities that are not debtors in these chapter 11 cases. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

11. The No Liability Claims state on their face and/or the supporting documentation establishes that they are claims against a non-Debtor entity. They include claims against foreign and domestic affiliates of the Debtors that are not Debtors in these jointly administered chapter 11 cases. The No Liability Claims do not set forth any legal justification

for asserting a claim against a Debtor in these cases, and if the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Debtors' estates. Accordingly, the Debtors respectfully request that the Court disallow and expunge the No Liability Claims listed on <u>Exhibit A</u> attached hereto.

**Notice**

12. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Two Hundred Forty-First Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit A</u>; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: December 12, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 241: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | APPLEBY (MAURITIUS) LTD<br>LEVEL 11,ONE CATHEDRAL SQUARE,<br>JULES KOENIG STREET,<br>PORT LOUIS<br>MAURITIUS | 08-13555 (JMP) | 07/20/2009 | 5767 | $62,132.25 | No Liability Claim |
| 2 | BLACKROCK FINANCIAL MANAGEMENT, INC.<br>ATTN: PETER VAUGHAN, ESQ.<br>40 EAST 52ND STREET<br>NEW YORK, NY 10022 | 08-13555 (JMP) | 09/22/2009 | 28686 | $654,652.00* | No Liability Claim |
| 3 | BROWN RUDNICK, LLP<br>C/O KENNETH F. GRAUER<br>SEVEN TIMES SQUARE<br>NEW YORK, NY 10036 | 08-13555 (JMP) | 09/15/2009 | 13011 | $25,678.84 | No Liability Claim |
| 4 | CARPENTER GROUP, INC<br>72 SPRING STREET<br>10TH FLOOR<br>NEW YORK, NY 10012 | 08-13555 (JMP) | 09/30/2008 | 52 | $53,103.75 | No Liability Claim |
| 5 | CASTILLO SNYDER, PC<br>300 CONVENT STREET, SUITE 1020<br>SAN ANTONIO, TX 78205 | 08-13555 (JMP) | 02/02/2009 | 2346 | $8,162.75 | No Liability Claim |
| 6 | CLIFFORD CHANCE LLP<br>FAO MR KEITH W ISAACS<br>10 UPPER BANK STREET<br>CANARY WHARF<br>LONDON, E14 5JJ<br>UNITED KINGDOM | 08-13555 (JMP) | 05/11/2009 | 4228 | $2,238,144.25 | No Liability Claim |
| 7 | CM CAPITAL MARKETS BROKERAGE S.A. A.V<br>CENTRO EMPRESARIAL ""EL PLANTIO""<br>C/OCHANDIANO 2 BLOQUE 2<br>MADRID, 28023<br>SPAIN | | 11/14/2011 | 67725 | $32,624.39 | No Liability Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 241: EXHIBIT A – NO LIABILITY CLAIMS

|    | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|----|------|-------------|------------|---------|---------------------|----------------------------------|
| 8  | CONTINENTAL CAPITAL MARKETS SA<br>AVENUE REVERDIL 8<br>NYON, 1260<br>SWITZERLAND | 08-13555 (JMP) | 09/16/2009 | 14301 | $39,776.38 | No Liability Claim |
| 9  | COUDERT BROTHERS LLP<br>1114 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 | 08-13555 (JMP) | 09/22/2009 | 34262 | $4,203.10 | No Liability Claim |
| 10 | D&D SECURITIES INC<br>302 NORTH NASSAU AVENUE<br>MARGATE, NJ 08402 |  | 07/20/2009 | 5637 | $141,306.75 | No Liability Claim |
| 11 | DIRECT FX<br>DIRECT FX LIMITED<br>P.O. BOX 11897<br>WELLINGTON, 6142<br>NEW ZEALAND | 08-13901 (JMP) | 09/09/2009 | 10979 | $27,067.83 | No Liability Claim |
| 12 | FACIO & CANAS<br>APARTADO 5173-1000<br>SAN JOSE, COSTA RICA,<br>COSTA RICA | 08-13555 (JMP) | 09/21/2009 | 25777 | $9,593.50 | No Liability Claim |
| 13 | FOWLER WHITE BOGGS, PA<br>ATTN: LINDA SHELLEY<br>PO BOX 11240<br>TALLAHASSEE, FL 32301 | 08-13555 (JMP) | 12/02/2008 | 1181 | $6,928.23 | No Liability Claim |
| 14 | FRONTIER WORKSPACE SOLUTIONS, INC<br>12TH FLOOR, TAI YIP BUILDING<br>141 THOMSON ROAD<br>WANCHAI,<br>HONG KONG | 08-13555 (JMP) | 07/24/2009 | 6113 | $63,827.69 | No Liability Claim |
| 15 | GLAZER, JAF<br>36 EAST 20TH STREET, 2ND FLOOR<br>NEW YORK, NY 10003 | 08-13555 (JMP) | 09/16/2011 | 67670 | $20,000.00 | No Liability Claim |

OMNIBUS OBJECTION 241: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 16 | INFOSYS TECHNOLOGIES LIMITED<br>PLOT NO 44<br>ELECTRONICS CITY<br>BANGALORE<br>BANGALORE, 560100<br>INDIA | 08-13555 (JMP) | 09/17/2009 | 15100 | $127,204.00 | No Liability Claim |
| 17 | ISRAEL DISCOUNT BANK OF NEW YORK<br>ATTN: MICHAEL DERLE, FIRST V.P. - TREASURY OPERATIONS<br>511 FIFTH AVENUE<br>NEW YORK, NY 10017 | 08-13900 (JMP) | 09/22/2009 | 27730 | $1,153,740.70* | No Liability Claim |
| 18 | JAMES MINTZ GROUP, INC.<br>32 AVENUE OF THE AMERICAS<br>21ST FL<br>NEW YORK, NY 10013 | 08-13555 (JMP) | 09/17/2009 | 14867 | $129,249.63 | No Liability Claim |
| 19 | KAPLAN TEST PREP AND ADMISSIONS<br>ATTN: CONNELL BOYLE<br>16 COOPER SQUARE<br>NEW YORK, NY 10003 | 08-13555 (JMP) | 09/11/2009 | 19691 | $7,040.00 | No Liability Claim |
| 20 | KENNET EQUIPMENT LEASING LTD<br>KENNET HOUSE<br>TEMPLE COURT<br>TEMPLE WAY<br>COLESHILL, B46 1HH<br>UNITED KINGDOM | 08-13555 (JMP) | 07/30/2009 | 6670 | $11,064.53 | No Liability Claim |
| 21 | KEY EQUIPMENT FINANCE INC<br>ATTN: JONATHAN BRAUN<br>1000 S. MCCASLIN BLVD.<br>SUPERIOR, CO 80027 | 08-13555 (JMP) | 11/10/2008 | 567 | $190,418.47 | No Liability Claim |
| 22 | KREBSBACH & SNYDER<br>ONE EXCHANGE PLAZA<br>55 BROADWAY, STE 1600<br>NEW YORK, NY 10006 | 08-13555 (JMP) | 09/22/2009 | 33556 | $52,692.12 | No Liability Claim |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 241: EXHIBIT A – NO LIABILITY CLAIMS

|  | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 23 | LAW OFFICES OF HOWARD GOLDMAN LLC<br>475 PARK AVENUE SOUTH<br>28TH FL<br>NEW YORK, NY 10016 | 08-13555 (JMP) | 11/14/2008 | 620 | $10,145.00 | No Liability Claim |
| 24 | LOW & CHILDERS PC<br>2999 N 44TH STREET<br>SUITE 250<br>PHOENIX, AZ 85018 | 08-13555 (JMP) | 07/20/2009 | 5694 | $1,842.50 | No Liability Claim |
| 25 | NEAL, GERBER & EISENBERG LLP<br>C/O H. NICHOLAS BERBERIAN, ESQ.<br>AND NICHOLAS M. MILLER, ESQ.<br>TWO NORTH LASALLE STREET, SUITE 1700<br>CHICAGO, IL 60602 | 08-13555 (JMP) | 09/16/2009 | 14195 | $80,556.88 | No Liability Claim |
| 26 | NUTTER MCCLENNEN & FISH, LLP<br>WORLD TRADE CENTER WEST<br>155 SEAPORT BOULEVARD<br>BOSTON, MA 02210-2604 | 08-13555 (JMP) | 09/18/2009 | 16200 | $11,859.69 | No Liability Claim |
| 27 | PARRETT & O'CONNELL, LLP<br>10 EAST DOTY, SUITE 621<br>MADISON, WI 53703 | 08-13555 (JMP) | 12/15/2008 | 1330 | $8,032.50 | No Liability Claim |
| 28 | PENNACHIO, ANTHONY<br>225 HERDMAN ROAD<br>P.O. BOX 621<br>PHOENICIA, NY 12464 | 08-13555 (JMP) | 08/03/2009 | 7283 | $115,000.00 | No Liability Claim |
| 29 | PRIMMER PIPER EGGLESTON & CRAMER PC<br>GAIL E. WESTGATE, ESQ.<br>P.O. BOX 1489<br>BURLINGTON, VT 05402-1489 | 08-13555 (JMP) | 01/26/2009 | 4308 | $2,730.50 | No Liability Claim |
| 30 | STERCI SA<br>SIMON KALFON<br>33 RUE DES BAINS<br>GENEVE, 1205<br>SWITZERLAND | 08-13555 (JMP) | 09/16/2009 | 14179 | $120,720.60 | No Liability Claim |

### IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 241: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 31 | VEDDER PRICE P.C., F/K/A VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.<br>C/O VEDDER PRICE P.C.<br>ATTN: MICHAEL L. SCHEIN, ESQ.<br>1633 BROADWAY, 47TH FLOOR<br>NEW YORK, NY 10019 | 08-13555 (JMP) | 07/16/2009 | 5403 | $8,871.07 | No Liability Claim |
| 32 | WILEY REIN LLP<br>DYLAN G. TRACHE<br>7925 JONES BRANCH DRIVE<br>SUITE 6200<br>MCLEAN, VA 22102 | 08-13555 (JMP) | 05/21/2009 | 4475 | $9,040.00 | No Liability Claim |
| 33 | WORLDBRIDGE PARTNERS OF SOUTHERN CALIFORNIA - ATTN JOHN A BRODERICK<br>25000 AVENUE STANFORD, STE 250<br>VALENCIA, CA 91355 | 08-13555 (JMP) | 09/29/2008 | 47 | $60,000.00 | No Liability Claim |
| 34 | ZPR INTERNATIONAL INC.<br>1642 NORTH VOLUSIA AVENUE<br>ATTN: MAX ZAVANELLI<br>ORANGE CITY, FL 32763 | 08-13555 (JMP) | 07/28/2009 | 6530 | $216,000.00 | No Liability Claim |
| | | | | TOTAL | $5,703,409.90 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                         :    08-13555 (JMP)
                                                                 :
                          Debtors.                               :    (Jointly Administered)
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred forty-first omnibus objection to claims, dated December 12, 2011 (the "Two Hundred Forty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims on the grounds that they assert claims against entities that are not debtors in these jointly administered chapter 11 cases, all as more fully described in the Two Hundred Forty-First Omnibus Objection to Claims; and due and proper notice of the Two Hundred Forty-First Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Forty-First Omnibus Objection to Claims; and (vii) all other parties entitled to notice in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Forty-First Omnibus Objection to Claims.

US_ACTIVE:\43874938\01\58399.0003

accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and the Court having found and determined that the relief sought in the Two Hundred Forty-First Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Forty-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Forty-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the No Liability Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred Forty-First Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                        _____
                                                        UNITED STATES BANKRUPTCY JUDGE