> **THIS OBJECTION SEEKS TO REVALUE, RECLASSIFY, MODIFY, AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
---------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' TWO HUNDRED FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

**PLEASE TAKE NOTICE** that on December 12, 2011, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their two hundred forty-second omnibus

objection to claims (the "Debtors' Two Hundred Forty-Second Omnibus Objection to Claims"),

1

and that a hearing (the "Hearing") to consider the Debtors' Two Hundred Forty-Second Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 26, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred Forty-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.), so as to be so filed and received by no later than **January 11, 2012 at 4:00**

**p.m. (Eastern Time)** (the "Response Deadline").

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Debtors' Two Hundred Forty-Second Omnibus Objection to Claims or

any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Debtors' Two Hundred Forty-Second Omnibus Objection to Claims, which order may be entered

with no further notice or opportunity to be heard offered to any party.

Dated: December 12, 2011
   New York, New York

          /s/ Robert J. Lemons
          Robert J. Lemons

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Debtors
          and Debtors in Possession

US_ACTIVE:\43873684\02\58399.0008

HEARING DATE AND TIME: January 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 11, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                  :      Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :      08-13555 (JMP)
                                                       :
                              Debtors.                 :      (Jointly Administered)
-------------------------------------------------------------------x

DEBTORS' TWO HUNDRED FORTY-SECOND OMNIBUS
OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

THIS OBJECTION SEEKS TO REVALUE, RECLASSIFY, MODIFY,
AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES
RECEIVING THIS NOTICE OF TWO HUNDRED FORTY-SECOND
OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE
OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION
AND/OR IN THE EXHIBIT ATTACHED THERETO TO
DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR
CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS'
COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors, in the
above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the
"<u>Debtors</u>"), respectfully represent as follows:

**Relief Requested**

1.    The Debtors file this two hundred forty-second omnibus objection to
claims (the "<u>Two Hundred Forty-Second Omnibus Objection to Claims</u>"), pursuant to
section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule
3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this
Court's order approving procedures for the filing of omnibus objections to proofs of
claim filed in these chapter 11 cases (the "<u>Procedures Order</u>") [Docket No. 6664],
seeking to revalue, reclassify (in certain instances), modify the Debtor entity (in certain
instances), and allow the claims listed on <u>Exhibit A</u> annexed hereto.[1]

2.    The Debtors have examined the proofs of claim identified on <u>Exhibit
A</u> and have determined that the proofs of claim listed on <u>Exhibit A</u> (collectively, the
"<u>Settled Derivatives Claims</u>") should be revalued, reclassified (in certain instances),
modified (in certain instances), and allowed to the extent set forth therein.  Pursuant to
this Court's order approving procedures for the settlement or assumption and assignment
of prepetition derivatives contracts (the "<u>December Order</u>") [Docket No. 2257], claimants
and the Debtors have negotiated settlements of disputes related to derivatives claims.
These settlements include agreements regarding the claim amounts and identity of the

---

[1] Not all claims listed on <u>Exhibit A</u> require reclassification or modification of the Debtor entity.  <u>Exhibit A</u>,
however, sets forth which specific claims will be reclassified as non-priority, general unsecured claims
pursuant to the parties' agreements, as well as against which Debtor the claim shall be allowed.

correct Debtor entity against whom the claim is properly asserted.  The settlements are

reflected in executed termination agreements among the relevant parties or have been

agreed to by the relevant parties in other writings or oral agreements.  The proofs of

claim being objected to are not consistent with the terms of such settlements.  The

Debtors, therefore, request that the Court revalue, reclassify, and/or modify, as

appropriate, each such claim to reflect (a) the Debtor listed on <u>Exhibit A</u> under the

column heading "Modified Debtor," (b) the amount listed under the column heading

"Modified Amount," and (c) the classification listed under the column heading "Modified

Class."  The Debtors further request that the Court allow each such claim only to the

extent of such Modified Amount and Modified Class and only as to the Modified Debtor.

### Jurisdiction

3.     This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.     Commencing on September 15, 2008, and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

5.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6.      On December 16, 2008, the Court entered the December Order, which approved and established specific procedures by which the Debtors could settle claims arising from the termination of prepetition derivatives contracts.

7.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The Settled Derivatives Claims**
**Should Be Revalued, Reclassified, Modified, and Allowed**

8.      In their review of the claims filed on the claims register in these cases, the Debtors have identified the claims on Exhibit A as being claims for which the Debtors have specifically negotiated a settlement with the claimants for a total claim amount and (in certain instances) a classification and Debtor entity that is not the amount, classification, and/or Debtor that is reflected on such claimants' proof of claim.

9.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10. Pursuant to the December Order, the Debtors engaged in negotiations with certain claimants that had filed proofs of claim against the Debtors asserting obligations based on prepetition derivatives contracts. The Debtors and these claimants negotiated and agreed to claim amounts and (in certain instances) classifications and Debtor entities against which the claims are to be asserted that are not reflected on the proof of claim forms filed by these claimants. The agreements regarding the claim amounts, classification, and designation as to appropriate Debtor counterparty are reflected either in an executed termination agreement or other writing or oral agreement.

11. The holders of the Settled Derivatives Claims agreed that their claims are properly asserted against the Debtor counterparty that is reflected on Exhibit A under the column heading *"Modified Debtor,"* and in the amounts and classifications that are reflected under the column headings *"Modified Amount"* and *"Modified Class."* The Debtors are seeking only to reclassify claims or modify the Debtor where the claimant's proof of claim is not consistent with the Debtors' settlement with the claimant. Accordingly, in order to properly reflect the Debtors' and claimants' agreements with respect to the Debtor entity, amount, and classification of these claims, the Debtors request that the Court revalue, reclassify, and/or modify (as appropriate) each Settled Derivatives Claim to reflect (a) the Debtor entity listed on Exhibit A under the column heading *"Modified Debtor,"* (b) the amount listed under the column heading *"Modified Amount,"* and (c) the classification under the column heading *"Modified Class."* The Debtors further request that the Court allow each such Settled Derivatives Claim only to the extent of such modified amount and classification listed on Exhibit A under the

column headings *"Modified Amount"* and *"Modified Class,"* and only as to the

*"Modified Debtor"* set forth therein.

### Notice

12.   No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Two Hundred Forty-Second Omnibus Objection to Claims on

(i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities

and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States

Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A;

and (vii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010, governing case management and

administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no

other or further notice need be provided.

13.   No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just.

Dated:  December 12, 2011
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 242: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED | | | MODIFIED | | |
| | | | | DEBTOR | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ABERDEEN EMERGING MARKET DEBT FUND LLC . C/O ABERDEEN ASSET MANAGEMENT INC 1735 MARKET STREET - 37TH FLOOR PHILADELPHIA, PA 19103 | 16642 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $505,564.00* | Lehman Brothers Holdings Inc. | Unsecured | $470,000.00 |
| 2 | ABERDEEN EMERGING MARKET DEBT FUND LLC . C/O ABERDEEN ASSET MANAGEMENT INC 1735 MARKET STREET - 37TH FLOOR PHILADELPHIA, PA 19103 | 16660 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $505,564.00* | Lehman Brothers Special Financing Inc. | Unsecured | $470,000.00 |
| 3 | ABERDEEN EMERGING MARKET DEBT PORTFOLIO C/O ABERDEEN ASSET MANAGEMENT INC 1735 MARKET STREET - 37TH FLOOR PHILADELPHIA, PA 19103 | 16641 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $220,649.00* | Lehman Brothers Holdings Inc. | Unsecured | $200,000.00 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 242: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 4 | ABERDEEN EMERGING MARKET DEBT PORTFOLIO . C/O ABERDEEN ASSET MANAGEMENT INC 1735 MARKET STREET - 37TH FLOOR PHILADELPHIA, PA 19103 | 16659 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $220,649.00* | Lehman Brothers Special Financing Inc. | Unsecured | $200,000.00 |
| 5 | BANQUE POPULAIRE - CASSIE D'EPARGNE ATTN: NICHOLAS DUHAMEL LE PONANT DE PARIS 5, RUE LEBLANC CEDEX 15 PARIS, 75511 FRANCE | 29607 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $32,461,427.00 | Lehman Brothers Special Financing Inc. | Unsecured | $30,000,000.00 |
| 6 | DEUTSCHE BANK (UK) PENSION SCHEME - STAFF DB TRUSTEE SERVICES LTD WINCHESTER HOUSE 1 GREAT WINCHESTER STREET LONDON, EC2N 2DB UNITED KINGDOM | 16657 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $7,351,462.19* | Lehman Brothers Special Financing Inc. | Unsecured | $3,500,000.00 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 242: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 7 | ELLIOTT ASSOCIATES LP C/O ELLIOTT MANAGEMENT CORPORATION ATTN: MICHAEL STEPHAN 40 WEST 57TH STREET NEW YORK, NY 10019 | 29058[1] | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $608,256.00* | N/A | N/A | N/A |
| | TRANSFERRED TO: ALSTON INVESTMENTS LLC TRANSFEROR: ELLIOTT ASSOCIATES LP C/O ELLIOTT MANAGEMENT CORPORATION ATTN: MICHAEL STEPHAN 40 WEST 57TH STREET NEW YORK, NY 10019 | | | Lehman Brothers Holdings Inc. | Unsecured | $41,508,505.70* | N/A | N/A | N/A |
| | TRANSFERRED TO: ALSTON INVESTMENTS LLC TRANSFEROR: ELLIOTT ASSOCIATES LP C/O ELLIOTT MANAGEMENT CORPORATION ATTN: MICHAEL STEPHAN 40 WEST 57TH STREET NEW YORK, NY 10019 | | | Lehman Brothers Holdings Inc. | Unsecured | $9,305,200.82* | Lehman Brothers Holdings Inc. | Unsecured | $8,568,988.31 |

---

[1] Pursuant to the Two Hundred Forty-Second Omnibus Objection to Claims, only the portion of Claim 29058 asserting a claim totaling $9,305,200.82 against LBHI is being reduced to $8,568,987.31 and allowed. The portion of Claim 29058 asserting a claim totaling $608,256.00 that is held by Elliott Associates LP and the portion of Claim 29058 asserting a claim totaling $41,508,505.70 that is held by Alston Investments LLC are not being reduced and allowed pursuant to, or being affected by, the Two Hundred Forty-Second Omnibus Objection to Claims, and the Debtors' rights to object to those portions of Claim 29058 are reserved.

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 242: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED | | | MODIFIED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | DEBTOR | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT |
| 8 | ELLIOTT INTERNATIONAL, L.P. C/O ELLIOTT MANAGEMENT CORPORATION ATTN: MICHAEL STEPHAN 40 WEST 57TH STREET NEW YORK, NY 10019 | 29060[2] | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,528,886.00* | N/A | N/A | N/A |
| | TRANSFERRED TO: ASHTON INVESTMENTS LLC TRANSFEROR: ELLIOTT INTERNATIONAL, L.P. C/O ELLIOTT MANAGEMENT CORPORATION ATTN: MICHAEL STEPHAN 40 WEST 57TH STREET NEW YORK, NY 10019 | | | Lehman Brothers Holdings Inc. | Unsecured | $58,205,120.47* | N/A | N/A | N/A |
| | TRANSFERRED TO: ASHTON INVESTMENTS LLC TRANSFEROR: ELLIOTT INTERNATIONAL, L.P. C/O ELLIOTT MANAGEMENT CORPORATION ATTN: MICHAEL STEPHAN 40 WEST 57TH STREET NEW YORK, NY 10019 | | | Lehman Brothers Holdings Inc. | Unsecured | $13,418,343.37* | Lehman Brothers Holdings Inc. | Unsecured | $12,354,739.98 |

---

[2] Pursuant to the Two Hundred Forty-Second Omnibus Objection to Claims, only the portion of Claim 29060 asserting a claim totaling $13,418,343.37 against LBHI is being reduced to $12,354,739.98 and allowed. The portion of Claim 29060 asserting a claim totaling $1,528,886.00 that is held by Elliott International, L.P. and the portion of Claim 29060 asserting a claim totaling $58,205,120.47 that is held by Ashton Investments LLC are not being reduced and allowed pursuant to, or being affected by, the Two Hundred Forty-Second Omnibus Objection to Claims, and the Debtors' rights to object to those portions of Claim 29060 are reserved.

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 242: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED | | | MODIFIED | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT | |
| 9 | FEDERAL NATIONAL MORTGAGE ASSOCIATION ATTN: GENERAL COUNSEL 3900 WASHINGTON AVENUE, N.W. WASHINGTON, DC 20016 | 29557[3] | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $120,189,000.00* | Lehman Brothers Holdings Inc. | Unsecured | $110,000,000.00 | |
| 10 | SACAMANO PARTNERS, L.L.C. TRANSFEROR: BLUECREST STRATEGIC LIMITED C/O ROPES & GRAY LLP ATTN: ADAM REISS 1211 AVENUE OF THE AMERICAS NEW YORK, NY 10036-8704 | 16508 | 09/18/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $7,484,268.00* | Lehman Brothers Commodity Services Inc. | Unsecured | $7,300,000.00 | |

---

[3] Claim 29557 has been asserted in the amount of $19,058,019,300.00. Pursuant to the Two Hundred Forty-Second Omnibus Objection to Claims, only the portion of Claim 29557 asserting a claim totaling $120,189,000.00 against LBHI in connection with the alleged guarantee by LBHI of the obligations of LBSF under that certain ISDA Master Agreement dated as of May 8, 2003 is being reduced to $110,000,000.00 and allowed. The remaining portion of Claim 29557 asserting a claim totaling $18,937,830,300.00 is not being reduced and allowed pursuant to, or being affected by, the Two Hundred Forty-Second Omnibus Objection to Claims, and the Debtors' rights to object to that portion of Claim 29557 are reserved.

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 242: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 11 | SACAMANO PARTNERS, L.L.C. TRANSFEROR: BLUECREST STRATEGIC LIMITED C/O ROPES & GRAY LLP ATTN: ADAM REISS 1211 AVENUE OF THE AMERICAS NEW YORK, NY 10036-8704 | 66872[4] | 06/21/2010 | Lehman Brothers Holdings Inc. | Unsecured | $7,484,268.00 | Lehman Brothers Holdings Inc. | Unsecured | $7,300,000.00 |
| 12 | SOVEREIGN HIGH YIELD INVESTMENT COMPANY LTD C/O WALKER SPY LTD WALKER HOUSE 87 MARY STREET, GEORGE TOWN GRAND CAYMAN, KY1 9002 CAYMAN ISLANDS | 16643 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,181,875.00* | Lehman Brothers Holdings Inc. | Unsecured | $1,130,000.00 |

---

[4] Claim 66872 has been asserted in the amount of $25,503,284.75. Pursuant to the Two Hundred Forty-Second Omnibus Objection to Claims, only the portion of Claim 66872 asserting a claim totaling $7,484,268.00 against LBHI in connection with the alleged guarantee by LBHI of the obligations of Lehman Brothers International (Europe) under that certain ISDA Master Agreement dated as of January 11, 2008 and its related Schedule and Credit Support Annex is being reduced to $7,300,000 and allowed. The remaining portion of Claim 66872 asserting a claim totaling $18,019,016.75 is not being reduced and allowed pursuant to, or being affected by, the Two Hundred Forty-Second Omnibus Objection to Claims, and the Debtors' rights to object to that portion of Claim 66872 are reserved.

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 242: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 13 | SOVEREIGN HIGH YIELD INVESTMENT COMPANY LTD C/O WALKERS SPY LIMITED WALKER HOUSE 87 MARY STREET, GEORGE TOWN GRAND CAYMAN, KY1 9002 CAYMAN ISLANDS | 16663 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,181,875.00* | Lehman Brothers Special Financing Inc. | Unsecured | $1,130,000.00 |
| 14 | SPCP GROUP, L.L.C. TRANSFEROR: EXPORT DEVELOPMENT CANADA (EDC) AS AGENT FOR SILVER POINT CAPITAL FUND, LP AND SILVER POINT CAPITAL OFFSHORE FUND, LTD. C/O SILVER POINT CAPITAL, LP, ATTN: ADAM J. DEPANFILIS GREENWICH, CT 06830 | 3231 | 03/06/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $4,830,064.49 | Lehman Brothers Commodity Services Inc. | Unsecured | $4,815,244.90 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 242: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 15 | SPCP GROUP, L.L.C. TRANSFEROR: EXPORT DEVELOPMENT CANADA (EDC) AS AGENT FOR SILVER POINT CAPITAL FUND, LP AND SILVER POINT CAPITAL OFFSHORE FUND, LTD. C/O SILVER POINT CAPITAL, LP; ATTN: ADAM J. DEPANFILIS GREENWICH, CT 06830 | 3232 | 03/06/2009 | Lehman Brothers Holdings Inc. | Unsecured | $4,830,064.49 | Lehman Brothers Holdings Inc. | Unsecured | $4,815,244.90 |
| 16 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS 1D 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 32995 | 09/22/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $134,960.12* | Lehman Brothers Special Financing Inc. | Unsecured | $152,483.12 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 242: EXHIBIT A – SETTLED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | DEBTOR | MODIFIED CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 17 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS 1D 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 32996 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $134,960.12* | Lehman Brothers Holdings Inc. | Unsecured | $152,483.12 |
| | | | | | TOTAL | $313,290,962.77 | | TOTAL | $192,559,184.33 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the two hundred forty-second omnibus objection to claims, dated December 12, 2011 (the "Two Hundred Forty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to revalue, reclassify (in certain instances), modify the Debtor entity (in certain instances), and allow the Settled Derivatives Claims on the grounds that the Debtors and claimants have agreed upon a claim amount and, in certain instances, a classification and Debtor counterparty that is not currently reflected on claimants' proofs of claim, all as more fully described in the Two Hundred Forty-Second Omnibus Objection to Claims; and due and proper notice of the Two Hundred Forty-Second Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Forty-Second Omnibus Objection to Claims.

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the Two Hundred Forty-Second Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Forty-Second Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Forty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Forty-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Settled Derivatives Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed in the amount and classification and against the Debtor that is set forth on Exhibit 1 under the column headings *"Modified Amount," "Modified Class,"* and *"Modified Debtor,"* respectively; *provided that*, the holder of a Settled Derivatives Claim against both (i) a Debtor based on a derivatives contract and (ii) LBHI based on its guarantee relating to that derivatives contract may not receive an aggregate recovery in respect of the Settled Derivatives Claim greater than the applicable *"Modified Amount"*; and it is further

ORDERED that (i) the *"Modified Amount"* includes the total amount due to the claimant under, in respect of, or related to the applicable derivatives contract and (ii) the Settled Derivatives Claims shall represent the sole right of the claimant to any distributions from the applicable Modified Debtor under, in respect of, or related to the applicable derivatives contracts; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A to the Two Hundred Forty-Second Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE