HEARING DATE AND TIME: January 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 11, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE TWO HUNDRED FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8093.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Penny P. Reid
Ralph I. Miller

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that on December 12, 2011, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their two hundred forty-sixth omnibus objection to claims (the "Debtors' Two Hundred Forty-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Debtors' Two Hundred Forty-Sixth Omnibus

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **January 26, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred Forty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert Lemons, Esq., Penny Reid, Esq., and Ralph Miller, Esq.); (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **January 11, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred Forty-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Forty-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: December 12, 2011
      New York, New York

      /s/ Robert J. Lemons
      Robert J. Lemons
      Penny P. Reid
      Ralph I. Miller

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Debtors
      and Debtors in Possession

HEARING DATE AND TIME: January 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: January 11, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Penny P. Reid
Ralph I. Miller

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :   08-13555 (JMP)
                                                   :
                Debtors.                           :   (Jointly Administered)
---------------------------------------------------------------x

**DEBTORS' TWO HUNDRED FORTY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO HUNDRED FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, TERESA BRADY, AT 212-310-8093.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this two hundred forty-sixth omnibus objection to claims (the "Two Hundred Forty-Sixth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking entry of an order reducing and allowing the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed on Exhibit A (collectively, the "Valued Derivative Claims") should be reduced and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records. The Debtors, therefore, request that the Court reduce, as appropriate, each such claim to the amount listed on Exhibit A under the column heading "*Modified Amount*"; and allow each such claim only to the extent of such modified amount.

2

3. The Debtors reserve all their rights to object on any other basis to any Valued Derivative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On July 2, 2009, this Court entered an order setting forth procedures for filing proofs of claim in these chapter 11 cases, including procedures for filing proofs of claim and supporting documentation for claims based on derivative contracts (the "Bar Date Order") [Docket No. 4271]. The Bar Date Order provided that "each holder of a claim against a Debtor based on amounts owed pursuant to any

3

Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Ord. at 7.) The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at 8.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

8. Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract. Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee.

9. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

10. On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [Docket No. 23023].

4

**The Valued Derivative Claims Should be Reduced and Allowed**

11.     In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as being claims that should be reduced and allowed on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records.

12.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

13.     The Valued Derivative Claims listed on Exhibit A should be reduced and allowed in the amount listed on Exhibit A under the column heading "*Modified Amount*" because the asserted claim amount is greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records.

14.     The Debtors have developed and currently utilize a thorough, multi-step process to review claims filed against the Debtors and based on a Derivative

5

Contract[1] ("Derivative Claims") in order to determine the fair, accurate, and reasonable value of such claims, for purposes of settlement (the "Proposed Settlement Amount"). In order to determine the Proposed Settlement Amount, the Debtors: (i) collect and review documents related to the relevant Derivative Claim including, but not limited to, the relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconcile posted collateral and any cash payments already received, made, or missed; and (iii) review the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2] In their efforts to determine the Proposed Settlement Amount, the Debtors engage in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

15. Once the Debtors have determined the Proposed Settlement Amount with respect to a particular Derivative Claim, it is presented to the Debtors' Settlement Adjudication Committee (the "Committee") for final approval. The Committee, comprised of senior management of the Debtors and Alvarez & Marsal,

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ." (*See* Bar Date Ord. at 6.)

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

6

reviews the work done to arrive at the Proposed Settlement Amount and approves or disapproves the Proposed Settlement Amount. If the Proposed Settlement Amount presented to the Committee is less than the amount included in the corresponding Derivative Claim the Debtors will seek approval to object to such claim.

16. The Debtors have undertaken this lengthy process with respect to each of the Valued Derivative Claims listed on Exhibit A, and have concluded that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than that reflected on the proof of claim submitted by the claimant. Despite the Debtors' efforts at negotiating this Proposed Settlement Amount and Classification, the Debtors and the holders of the Valued Derivative Claims have reached an impasse. Holders of the Valued Derivative Claims should not be allowed to recover more than the true and proper value of their claims. Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, the Debtors request that the Court reduce each Valued Derivative Claim to the amount listed on Exhibit A under the column heading "*Modified Amount*" and allow each such claim only to the extent of such modified amount.

### Notice

17. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Two Hundred Forty-Sixth Omnibus Objection to Claims on: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to this Two Hundred Forty-Sixth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the

second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: December 12, 2011
      New York, New York

/s/ Robert J Lemons
Robert J. Lemons
Penny P. Reid
Ralph I. Miller

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 246: EXHIBIT A – VALUED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ANTHRACITE INVESTMENTS (IRELAND) PLC (SERIES 27) AIB INTERNATIONAL CENTRE I.F.S.C. ATTN: JOANNA TAYLOR DUBLIN 1, IRELAND | 20333[1] | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $55,046,388.00* | Lehman Brothers Special Financing Inc. | Unsecured | $34,860,032.00 |
| 2 | ANTHRACITE INVESTMENTS (IRELAND) PLC (SERIES 7) AIB INTERNATIONAL CENTRE I.F.S.C. ATTN: JOANNA TAYLOR DUBLIN 1, IRELAND | 20335 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $49,024,807.95* | Lehman Brothers Special Financing Inc. | Unsecured | $35,198,671.85 |

---

[1] Claim 20333 has been asserted in the amount of $62,657,178.81. Pursuant to the Two Hundred Forty-Sixth Omnibus Objection to Claims, only the portion of Claim 20333 asserting a claim totaling $55,046,388.00 against LBSF is being reduced to $34,860,032.00 and allowed. The remaining portion of Claim 20333 asserting a claim totaling $7,610,790.81 is not being reduced and allowed pursuant to, or being affected by, the Two Hundred Forty-Sixth Omnibus Objection to Claims, and the Debtors' rights to object to that portion of Claim 20333 are reserved.

* - Indicates claim contains unliquidated and/or undetermined amounts

### IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 246: EXHIBIT A – VALUED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 3 | CVI GVF (LUX) MASTER S.A.R.L. TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCH C/O CARVAL INVESTORS UK LIMITED ATTN: DAVID SHORT KNOWLE HILL PARK COBHAM, SURREY, KT11 2PD UNITED KINGDOM | 20232 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $5,620,725.00 | Lehman Brothers Holdings Inc. | Unsecured | $1,468,806.29 |
| 4 | CVI GVF (LUX) MASTER S.A.R.L. TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCH C/O CARVAL INVESTORS UK LIMITED/ATTN: DAVID SHORT KNOWLE HILL PARK, FAIRMILE LANE, COBHAM SURREY, KT11 2PD UNITED KINGDOM | 20234 | 09/21/2009 | Lehman Brothers Commercial Corporation | Unsecured | $5,620,725.00 | Lehman Brothers Commercial Corporation | Unsecured | $1,471,682.34 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 246: EXHIBIT A – VALUED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 5 | ESTELLE PEABODY MEMORIAL HOME OF THE SYNOD OF LINCOLN TRAILS OF THE PRESBYTERIAN CHURCH (USA), THE C/O KATZ & KORIN PC ATTN: CHRISTINE K. JACOBSON 334 NORTH SENATE AVE INDIANAPOLIS, IN 46204 | 14822 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $3,808,602.48* | Lehman Brothers Special Financing Inc. | Unsecured | $747,015.54 |
| 6 | INGRAM PENSION PLAN/NY LIFE CO. TTEE INGRAM INDUSTRIES RETIREMENT PLAN TRANSFEROR: LEHMAN BROTHERS ALPHA TRANSPORT FUND, SPC C/O INGRAM INDUSTRIES ATTN: JEFF BELSER 4400 HARDING ROAD NASHVILLE, TN 37205 | 24610 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $128,547.88* | Lehman Brothers Special Financing Inc. | Unsecured | $84,908.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 246: EXHIBIT A – VALUED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 7 | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 15761 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $5,218,523.91 | Lehman Brothers Holdings Inc. | Unsecured | $657,558.00 |
| 8 | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 1776 | 01/19/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $5,218,523.91 | Lehman Brothers Special Financing Inc. | Unsecured | $657,558.00 |
| 9 | MASSACHUSETTS TURNPIKE AUTHORITY ATTN: JOSEPH F. MCCANN 10 PARK PLAZA, SUITE 4160 BOSTON, MA 02116 | 21310 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $35,900,835.00 | Lehman Brothers Special Financing Inc. | Unsecured | $30,904,991.87 |

\* - Indicates claim contains unliquidated and/or undetermined amounts       Page 4 of 5

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 246: EXHIBIT A – VALUED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 10 | MASSACHUSETTS TURNPIKE AUTHORITY ATTN: JOSEPH F. MCCANN 10 PARK PLAZA, SUITE 4160 BOSTON, MA 02116 | 21311 | 09/21/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $14,201,782.00 | Lehman Brothers Special Financing Inc. | Unsecured | $10,435,421.03 |
| 11 | WELLS FARGO BANK, NA., AS TRUSTEE FOR THE STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST, SERIES 2008-I C/O MARY SOHLBERG MAC N9311-161 625 MARQUETTE AVENUE MINNEAPOLIS, MN 55479 | 67695 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $821,505.43 | Lehman Brothers Holdings Inc. | Unsecured | $453,353.81 |
| | | | | | TOTAL | $180,610,966.56 | | TOTAL | $116,939,998.73 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                          :        Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :        08-13555 (JMP)
                                                               :
                            Debtors.                           :        (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' TWO HUNDRED FORTY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

Upon the two hundred forty-sixth omnibus objection to claims, dated December 12, 2011 (the "Two Hundred Forty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimants' supporting documentation and the Debtors' books and records, as more fully described in the Two Hundred Forty-Sixth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Forty-Sixth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Forty-Sixth Omnibus Objection to Claims.

for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Forty-Sixth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9653]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Forty-Sixth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Forty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Forty-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under the column heading "Modified Amount"; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the Two Hundred Forty-Sixth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

2

Dated: _____, 2012
      New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE