**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | Case No. 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |

## STIPULATED DISCLOSURE AGREEMENT AND PROTECTIVE ORDER

WHEREAS, acting pursuant to Rule 7026(c)(1) of the Federal Rules of Bankruptcy Procedure and Rule 502(a),(b),(d),(e),(f) and (g) and Rule 1101 of the Federal Rules of Evidence, Godfrey & Kahn, S.C. ("Counsel to the Fee Committee"), counsel to the Fee Committee appointed in the chapter 11 cases of Lehman Brothers Holdings, Inc. and its debtor affiliates (collectively, the "Debtors") and the Debtors' and Official Committee of Unsecured Creditors' retained professionals (the "Professionals") enter into this disclosure stipulation and protective order (the "Disclosure and Protective Order"). It affects the treatment of identified documents, communications, and information in the above captioned cases (the "Cases"), which documents, communications, and information may be subject to a claim of confidentiality, attorney-client privilege, and/or work-product protection;

WHEREAS, the Counsel to the Fee Committee has requested that the Professionals provide unredacted copies of the monthly fee statements and fee applications submitted by (and to be submitted by) the Professionals, detailed budgets, and certain other materials related to the Professionals' services in the Cases (collectively, the "Requested Information");

WHEREAS, the provisions of Administrative Order M-389, providing, upon motion, for *in camera* review of confidential or privileged documents does not provide for *in camera* review by a court-appointed Fee Committee or a practical alternative to avoid unnecessary pleadings and court involvement;

WHEREAS, in consideration of, and as a condition to, the furnishing of the Requested Information, Counsel to the Fee Committee understands that it is required to and does agree, as set forth below, to treat the Requested Information confidentially and to also treat confidentially any written or oral information related thereto, whether furnished before or after the date of this Disclosure and Protective Order (collectively, the "Confidential Materials"), and to comply with the other provisions hereof;

WHEREAS, the disclosure of Confidential Materials pursuant to this Disclosure and Protective Order is not intended to waive any privilege or protection that may otherwise be asserted by or applicable to any Professionals, including the Fee Committee and its counsel;

WHEREAS, Professionals from time-to-time have filed and expect to continue to file applications for monthly, interim, or final compensation and reimbursement of expenses (the "Fee Requests");

WHEREAS, Counsel to the Fee Committee hereby agrees that the Confidential Materials will be used solely by Counsel to the Fee Committee and other Permitted Recipients (as defined below) to review and evaluate the Fee Requests (the "Permitted Purpose");

WHEREAS, the Counsel to the Fee Committee further agrees that the Confidential Materials will be kept confidential by it and its agents;

WHEREAS, notwithstanding anything to the contrary contained herein, Counsel to the Fee Committee shall not be permitted, without order of the Court, to disclose any of the Confidential Materials to any person other than as authorized by this Disclosure and Protective Order;

WHEREAS, all Confidential Materials created or furnished pursuant to this Disclosure and Protective Order, regardless of the nature of the information contained, shall be held in segregated files by Counsel to the Fee Committee, solely for purposes of evaluating the Fee Requests and subject to the Professionals' right to reasonably instruct Counsel to the Fee Committee with respect to possession and control thereof;

WHEREAS, upon approval by this Court of a final fee application filed by the Professional, Counsel to the Fee Committee will promptly destroy, delete (in the case of electronic materials), or deliver to the Professionals the Confidential Materials, without retaining any copy.  Any oral information shall continue to be subject to the terms of this Disclosure and Protective Order;

WHEREAS, the term "Confidential Materials" does not include information that (i) becomes generally available to the public other than as a result of a disclosure by the undersigned or their representatives or by or to any person in violation of this Disclosure and Protective Order, (ii) was available to the Fee Committee or its counsel prior to its disclosure by the Professional or its representatives, or (iii) becomes available to the Fee Committee or its counsel from a source other than the Professional or its representatives, provided that such source is not bound by a legal, contractual, or fiduciary obligation with the Professional or its representatives; and,

WHEREAS, the Court has determined that it is in the public interest and in the interests of an effective and efficient fee review process for the above-referenced Requested Information related to the foregoing Fee Requests to be made available to Counsel to the Fee Committee;

NOW, THEREFORE, upon consideration of the record and proceedings herein and the stipulation of the parties;

**ORDER**

      IT IS ORDERED AND DECREED, pursuant to Fed. R. Bankr.P. 7026 and Rule 502(a),(b),(d),(e),(f) and (g) and Rule 1101 of the Federal Rules of Evidence, as follows:

      1.    Professionals wishing to submit Requested Information to the Fee Committee pursuant to the terms of this Disclosure and Protective Order shall clearly mark such materials "Confidential: LBHI Fee Committee Attorneys' Eyes Only." In the event that a Professional fails to designate any materials or information as Confidential Materials, that Professional may make a late designation by so notifying Counsel to the Fee Committee in writing. In such event, Counsel to the Fee Committee shall treat such materials and/or information as Confidential Materials thereafter;

      2.    Fee Committee Counsel shall not give, show or make available the Confidential Materials to any person other than Fee Committee Counsel's employees, partners or members with responsibility for Fee Committee Counsel's review and evaluation of the Fee Requests (each a "Permitted Recipient");

      3.    All Confidential Materials created or furnished pursuant to this Disclosure and Protective Order, regardless of the nature of the information contained, shall be held in segregated files by Counsel to the Fee Committee and by any Permitted Recipient and Fee Committee Counsel shall take commercially reasonable steps to ensure that the Confidential Materials is kept in strictest confidence in accordance with this Disclosure and Protective Order;

      4.    Confidential Materials shall be used solely for the Permitted Purpose;

      5.    By entering into this Disclosure and Protective Order and producing the Requested Information pursuant to this Disclosure and Protective Order, the Professionals shall be deemed not to have waived the attorney-client privilege and/or work-product protection with respect to the Requested Information relating to the foregoing Fee Requests;

      6.    By entering into this Disclosure and Protective Order and producing the Requested Information pursuant to this Disclosure and Protective Order, the Professionals shall be deemed not to have waived the attorney-client privilege and/or work-product protection with respect to the Requested Information relating to any other past, present or future federal or state proceeding, whether judicial or administrative;

      7.    Late designation in accordance with paragraph 1 hereof shall not be deemed a waiver of the confidential status of the late-designated Confidential Materials;

      8.    No Confidential Materials may be filed with the Court unless it is filed under seal; and

      9.    Upon approval by this Court of a final fee application filed by the Professional, Counsel to the Fee Committee will promptly destroy, delete (in the case of electronic materials), or deliver to the Professionals the Confidential Materials, without retaining any copy. Any oral information shall continue to be subject to the terms of this Disclosure and Protective Order.

This Disclosure and Protective Order shall govern in the event that the Fee Committee, its members, or representatives are requested (by oral questions, interrogatories, requests for information or documents, subpoena, or similar process) to disclose any information regarding the Confidential Materials or its dealing with the Professionals or their representatives.

Counsel to the Lehman Brothers Holdings, Inc. Court-appointed Fee Committee:

Dated: November 9, 2011

                /s/ *Katherine Stadler*
                Katherine Stadler
                Godfrey & Kahn, S.C.

Consultant to Fee Committee Counsel:

Dated:  November 10, 2011

                /s/ *Orran Brown*
                Orran Brown
                BrownGreer PLC

Bingham McCutchen LLP:

Dated: November 7, 2011

                /s/ *Raj Madan*
                Raj Madan

**SO ORDERED:**

Dated: New York, New York
       December 13, 2011

                *s/ James M. Peck*
                UNITED STATES BANKRUPTCY JUDGE