Form 210A

# UNITED STATES BANKRUPTCY COURT

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.          Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **Cosmo Securities Co., Ltd.** | **OsakaShinpan Co,Ltd.** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): __39544__ |
| | Total Amount of Claim Filed:  **US$ 949,488-** |
| **Cosmo Securities Co., Ltd.** | Amount of Claim Transferred:  **US$ 949,488-** |
| **1-13-4, Uchikanda, Chiyoda-ku,** | ISIN/CUSIP:  __XS0339559287__ |
| **Tokyo 101-8742, Japan** | |
| **Attn:Fixed Income Dept** | |
| **Phone: +81-3-3233-5450** | Date Claim Filed:  __13th Oct 2009__ |

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  __Cosmo Securities Co., Ltd.__          Date:  __1st Dec 2011__
      Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

取締役社長 金 森 巧

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.         Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **39544** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on  **1st Dec 2011**.

**OsakaShinpan Co,Ltd.**                         **Cosmo Securities Co., Ltd.**
Name of Alleged Transferor                   Name of Transferee

Address of Alleged Transferor:               Address of Transferee:

**8-14 Higashinodamachi 4-chome,**            **1-13-4, Uchikanda,**
**Miyakojima-ku,**                            **Chiyoda-ku,**
**Osaka 534-0024, Japan**                     **Tokyo 101-8742, Japan**

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                       _____
                                             **CLERK OF THE COURT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

        1.      For value received, the adequacy and sufficiency of which are hereby acknowledged,
**OsakaShinpan Co,Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to
**COSMO SECURITIES CO., LTD.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date
hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached
hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **39544** filed by
or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for
reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York
(the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller
relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments,
interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased
Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or
hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim,
whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions,
claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code
(the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other
party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in
connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and
(iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which
Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased
Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing
(collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities
(any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached
hereto.

        2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and
timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's
order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of
Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities"
available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable
title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests,
participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and
empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof
of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in
any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser
receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable
treatment than other unsecured creditors.

        3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the
books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice
or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the
Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by
Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with
respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal
Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller
acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further
notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and
holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect
of the Transferred Claim be delivered or made to Purchaser.

        4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery
and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.
Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller
hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors,
employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs,
expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from

Seller's breach of its representations and warranties made herein.

5.     Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.     Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.     Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **1** day of **December, 2011**.

**SELLER**
**OsakaShinpan Co,Ltd.**

By: _Akio Iguchi_

Name: Akio Iguchi

Title: Liquidator

8-14 Higashinodamachi 4-chome,
Miyakojima-ku, Osaka 534-0024, Japan

**PURCHASER**
**COSMO SECURITIES CO., LTD.**

By: _____

Name:

Title: 取締役社長　金　森　巧

1-13-4, Uchikanda,
Chiyoda-ku, Tokyo 101-8742, Japan

2

**SCHEDULE 1**

Transferred Claims

Purchased Claim

**100%=$949,488 of $949,488** (the outstanding amount of the Proof of Claim as of **December 1st 2011**) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Index-Linked Mandatory Early Redemption Notes due January 25, 2038 | XS0339559287 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $949,488- | Variable | January 25, 2038 | |

Schedule 1–1

Form 210A

# UNITED STATES BANKRUPTCY COURT

## Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>          Case No. <u>08-13555 (JMP)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| <u>**Cosmo Securities Co., Ltd.**</u> | <u>**Lucky Credit Co,Ltd.**</u> |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent:

   **Cosmo Securities Co., Ltd.**
   **1-13-4, Uchikanda, Chiyoda-ku,**
   **Tokyo 101-8742, Japan**
   **Attn:Fixed Income Dept**
   **Phone: +81-3-3233-5450**

Court Claim # (if known):   <u>**39547**</u>
Total Amount of Claim Filed:  <u>**US$ 474,744-**</u>
Amount of Claim Transferred:  <u>**US$ 474,744-**</u>
ISIN/CUSIP:  <u>**XS0342155297**</u>

Date Claim Filed:  <u>**13th Oct 2009**</u>

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  <u>**Cosmo Securities Co., Ltd.**</u>          Date:  <u>**1st Dec 2011**</u>
   Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

  

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.          Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **39547** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **1st Dec 2011**.

| **Lucky Credit Co,Ltd.** | **Cosmo Securities Co., Ltd.** |
|---|---|
| Name of Alleged Transferor | Name of Transferee |

Address of Alleged Transferor:          Address of Transferee:

**6-21-605 Honmachibashi,**            **1-13-4, Uchikanda,**
**Chuo-ku,**                           **Chiyoda-ku,**
**Osaka 540-0029, Japan**              **Tokyo 101-8742, Japan**

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____

                                **CLERK OF THE COURT**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Lucky Credit Co,Ltd.** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **COSMO SECURITIES CO., LTD.** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number **39547** filed by or on behalf of **Seller** (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from

Seller's breach of its representations and warranties made herein.

     5.     Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

     6.     Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

     7.     Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

     IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **1** day of **December, 2011**.

**SELLER**
**Lucky Credit Co,Ltd.**

By: _Akio Iguchi_

Name: Akio Iguchi

Title: Liquidator

6-21-605 Honmachibashi,
Chuo-ku, Osaka 540-0029, Japan

**PURCHASER**
**COSMO SECURITIES CO., LTD.**

By:_____

Name:

Title: 取締役社長 金 森 巧

1-13-4, Uchikanda,
Chiyoda-ku, Tokyo 101-8742, Japan

2

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

**100%=$474,744 of $474,744** (the outstanding amount of the Proof of Claim as of **December 1st 2011**) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Index-Linked Mandatory Early Redemption Notes due February 12, 2038 | XS0342155297 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $474,744- | Variable | February 12, 2038 | |

Schedule 1–1

Form 210A

# UNITED STATES BANKRUPTCY COURT

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer,
other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| __Cosmo Securities Co., Ltd.__ | __Takeda Co,Ltd.__ |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee | Court Claim # (if known):   __39554__ |
| should be sent: | Total Amount of Claim Filed:  __US$ 474,744-__ |
| **Cosmo Securities Co., Ltd.** | Amount of Claim Transferred:  __US$ 474,744-__ |
| **1-13-4, Uchikanda, Chiyoda-ku,** | ISIN/CUSIP:  __XS0346438814__ |
| **Tokyo 101-8742, Japan** | |
| **Attn:Fixed Income Dept** | |
| **Phone: +81-3-3233-5450** | Date Claim Filed:  __13th Oct 2009__ |

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

By:   __Cosmo Securities Co., Ltd.__                    Date:  __1st Dec 2011__
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

取締役社長 金 森 巧

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.                Case No. 08-13555 (JMP)

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **39554** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on __1st Dec 2011__.

| | |
|---|---|
| **Takeda Co,Ltd.** | **Cosmo Securities Co., Ltd.** |
| Name of Alleged Transferor | Name of Transferee |

Address of Alleged Transferor:                Address of Transferee:

**6-56 Sakurai 3-chome,**                **1-13-4, Uchikanda,**
**Minoo,**                **Chiyoda-ku,**
**Osaka 562-0043, Japan**                **Tokyo 101-8742, Japan**

---

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                _____
                                        **CLERK OF THE COURT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Takeda Co,Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **COSMO SECURITIES CO., LTD.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **39554** filed by or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from

Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **1** day of **December, 2011**.

**SELLER**
**Takeda Co,Ltd.**

By: *Akira Takeda*

Name: Akira Takeda

Title: President

6-56 Sakurai 3-chome,
Minoo, Osaka 562-0043, Japan

**PURCHASER**
**COSMO SECURITIES CO., LTD.**

By: _____

Name:

Title: 取締役社長 金　森　巧

1-13-4, Uchikanda,
Chiyoda-ku, Tokyo 101-8742, Japan

**SCHEDULE 1**

Transferred Claims

Purchased Claim

**100%=$474,744** of **$474,744** (the outstanding amount of the Proof of Claim as of **December 1st 2011**) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Index-Linked Mandatory Early Redemption Notes due March 4, 2038 | XS0346438814 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $474,744- | Variable | March 4, 2038 | |

Schedule 1–1

Form 210A

# UNITED STATES BANKRUPTCY COURT

## Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>          Case No. <u>08-13555 (JMP)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **Cosmo Securities Co., Ltd.** | **Takeda Co,Ltd.** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee | Court Claim # (if known): __39555__ |
| should be sent: | Total Amount of Claim Filed: **US$ 284,847-** |
| **Cosmo Securities Co., Ltd.** | Amount of Claim Transferred: **US$ 284,847-** |
| **1-13-4, Uchikanda, Chiyoda-ku,** | ISIN/CUSIP: **XS0365299204** |
| **Tokyo 101-8742, Japan** | |
| **Attn:Fixed Income Dept** | |
| **Phone: +81-3-3233-5450** | Date Claim Filed: **13th Oct 2009** |

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: __**Cosmo Securities Co., Ltd.**__          Date: __**1st Dec 2011**__
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

取締役社長 金 森 巧

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **39555** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **1st Dec 2011**.

| **Takeda Co,Ltd.** | **Cosmo Securities Co., Ltd.** |
|---|---|
| Name of Alleged Transferor | Name of Transferee |

Address of Alleged Transferor:                    Address of Transferee:

**6-56 Sakurai 3-chome**,            **1-13-4, Uchikanda,**
**Minoo,**                        **Chiyoda-ku,**
**Osaka 562-0043, Japan**            **Tokyo 101-8742, Japan**

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____

                                **CLERK OF THE COURT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Takeda Co,Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **COSMO SECURITIES CO., LTD.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **39555** filed by or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from

Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **1** day of **December, 2011**.

**SELLER**
**Takeda Co,Ltd.**

By: _Akira Takeda_

Name: Akira Takeda

Title: President

6-56 Sakurai 3-chome,
Minoo, Osaka 562-0043, Japan

**PURCHASER**
**COSMO SECURITIES CO., LTD.**

By: _____

Name:

Title: 取締役社長 金 森 巧

1-13-4, Uchikanda,
Chiyoda-ku, Tokyo 101-8742, Japan

2

**SCHEDULE 1**

Transferred Claims

Purchased Claim

**100%—$284,847** of **$284,847** (the outstanding amount of the Proof of Claim as of **December 1st 2011**) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Index-Linked Mandatory Early Redemption Notes due June 3, 2038 | XS0365299204 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $284,847- | Variable | June 3, 2038 | |

Schedule 1–1

Form 210A

# UNITED STATES BANKRUPTCY COURT

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.          Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).
Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer,
other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **Cosmo Securities Co., Ltd.** | **OsakaShinpan Co,Ltd.** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee | Court Claim # (if known):  **40919** |
| should be sent: | Total Amount of Claim Filed:  **US$ 189,898-** |
| **Cosmo Securities Co., Ltd.** | Amount of Claim Transferred:  **US$ 189,898-** |
| **1-13-4, Uchikanda, Chiyoda-ku,** | ISIN/CUSIP:  **XS0384259866** |
| **Tokyo 101-8742, Japan** | |
| **Attn:Fixed Income Dept** | |
| **Phone: +81-3-3233-5450** | Date Claim Filed:  **13th Oct 2009** |

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

By:   **Cosmo Securities Co., Ltd.**          Date:   **1st Dec 2011**
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

取締役社長   

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.          Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **40919** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on   **1st Dec 2011** .

| | |
|---|---|
| **OsakaShinpan Co,Ltd.** | **Cosmo Securities Co., Ltd.** |
| Name of Alleged Transferor | Name of Transferee |

Address of Alleged Transferor:          Address of Transferee:

**8-14 Higashinodamachi 4-chome,**          **1-13-4, Uchikanda,**
**Miyakojima-ku,**                          **Chiyoda-ku,**
**Osaka 534-0024, Japan**                   **Tokyo 101-8742, Japan**

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____

                                          **CLERK OF THE COURT**

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

　　　　1.　　　　For value received, the adequacy and sufficiency of which are hereby acknowledged, **OsakaShinpan Co,Ltd.** ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to **COSMO SECURITIES CO., LTD.** (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to Proof of Claim Number **40919** filed by or on behalf of **Seller** (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "<u>Transferred Claims</u>"), and (d) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

　　　　2.　　　　Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

　　　　3.　　　　Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

　　　　4.　　　　All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.  Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from

Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.   Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this **1** day of **December, 2011**.

**SELLER**
**OsakaShinpan Co,Ltd.**

By: *Akio Iguchi*

Name: Akio Iguchi

Title: Liquidator

8-14 Higashinodamachi 4-chome,
Miyakojima-ku, Osaka 534-0024, Japan

**PURCHASER**
**COSMO SECURITIES CO., LTD.**

By:_____

Name:

Title: 取締役社長 金 森 巧

1-13-4, Uchikanda,
Chiyoda-ku, Tokyo 101-8742, Japan

2

**SCHEDULE 1**

Transferred Claims

Purchased Claim

**100%=$189,898** of **$189,898** (the outstanding amount of the Proof of Claim as of **December 1st 2011**) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Fixed Rate and Other Variable-Linked Interest Target Redemption Notes due September 3, 2038 | XS0384259866 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $189,898- | Variable | September 3, 2038 | |

Schedule 1–1



*Smiling*

Cosmo Securities Co.,Ltd
Fixed Income Dept.
13-4, Uchikanda 1-Chome
Chiyoda-ku Tokyo 101-8742, Japan

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O.Box 5076
New York, NY 10150-5076
U.S.A

Re :

PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

VIA AIR MAIL

書類用 (Business Papers)
・職権により開くことができる。
May be opened officially.

⑤ 差出時刻 時 (Hour) 分 (Minute)
Time mailed  3:19
⑥ 総重量
Total gross weight  312.5 g

郵便料金 | 料金 | Postage paid
合計金額 1,500
料　金
Postage paid  500 (Yen)

⑦ TO (お届け先)
Lehman Brothers Holdings
Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076
(郵便番号) Postal code  10150-5076
(国名) Country  U.S.A
(電話) TEL/FAX

EF 600668887 JP

⑧ From (ご依頼主)
Cosmo Securities Co., Ltd.
Fixed Income Dept
13-4, Uchikanda 1-Chome
Chiyoda-ku Tokyo 101-8742   JAPAN
⑨ Postal code
(郵便番号) 101-8742
(電話) 電話番号 / FAX番号 Telephone No./Fax No.
+81-3-3233-5453

④ 差出年月日 Date mailed
2nd Dec 2011

③ お問い合わせ番号
Item number  EF 600668887 JP

JAPAN

国際スピード郵便

・太枠内に黒のボールペンではっきりと大きく（正確に）ご記入ください。
Please write in bold letters within the frames.
You are making 4 copies.

EMSに関するお問い合わせは
インターネット http://www.post.japanpost.jp
フリーコール 0120-5931-55 甲日区同9:00~22:00、土日祝日9:00~22:00)

・ご記入前に裏面の注意事項をよくお読みください。
Before completing this item you should read carefully the instructions overleaf.

CN22
CUSTOMS
DECLARATION
税関告知書
Designated operator
JAPAN

該当するものをチェックのこと
Tick one or more boxes

Gift 贈答品
Documents 書類
Commercial sample 商品見本
Other その他

内容品の詳細な記述及び数量 商品の記述
Quantity and detailed description
or contents (1)

重量
Weight
(in kg) (2)

価格
Value (3)

For commercial items only 商業用のみ
関税率番号
HS tariff number (4) and
country of origin of goods (5)

合計重量
Total
Weight
(in kg) (6)

合計価格
Total
Value (7)

私、署名者は、この申告書に記載された事項が正しく、この郵便物が、危険な物品、又は郵便の規則又は
法令により禁止された物品を含まないことを証明します。
I, the undersigned, whose name and address are given on the item,
certify that the particulars given in this declaration are correct and
that this item does not contain any dangerous article or articles pro-
hibited by legislation or by postal or customs regulations.

差出年月日及び差出人の署名 (8)
Date and sender's signature (8)