KREBSBACH & SNYDER, P.C.
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
Telephone: (212) 825-9811
Fax: (212) 825-9828
Barry S. Gold, Esq.

Special Counsel to Debtor Lehman Brothers Holdings Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re                                           :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    Case No. 08-13555 (JMP)
                                                :
                            Debtor.             :    (Jointly Administered)
-------------------------------------------------------------X

## SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331 FOR THE PERIOD JULY 1, 2011 THROUGH SEPTEMBER 30, 2011

### FIRST INTERIM FEE APPLICATION

Name of Applicant:             Krebsbach & Snyder, P.C.

Role in Case:                  Special Counsel to Debtor Lehman Brothers Holdings Inc.

Date of Retention:             October 18, 2011[1]

Compensation Period:           July 1, 2011 – September 30, 2011

Total Fees Requested:          $287,660.50

Total Expenses Requested:      $5,942.79

Prior Applications:            None

_____

[1] Prior to the October 18, 2011 Order, Krebsbach & Snyder, P.C. had been performing legal services on behalf of Lehman Brothers Holdings Inc. as an ordinary course professional. The October 18, 2011 Order authorized the modification of procedures for compensating and reimbursing Krebsbach & Snyder, P.C.

# SUMMARY OF FIRST INTERIM FEE
## APPLICATION FOR SERVICES RENDERED DURING THE
## COMPENSATION PERIOD JULY 1, 2011 THROUGH SEPTEMBER 30, 2011

### Summary of Professionals

| TIMEKEEPER (Bar Admission) | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Theodore A. Krebsbach (1979) | Partner | 11.30 | 395.00 | $ 4,463.50 |
| Victor A. Machcinski (1977) | Partner | 221.50 | 395.00 | 87,492.50 |
| Barry S. Gold (1985) | Partner | 219.00 | 395.00 | 86,505.00 |
| April M. Chung   (1997) | Of Counsel | 1.80 | 325.00 | 585.00 |
| Heather B. Middleton (2010) | Associate | 431.80 | 205.00 | 88,519.00 |
| David A. Christie (2011) | Associate | 13.30 | 190.00 | 2,527.00 |
| Sidney R. Jear (N/A) | Senior Paralegal | 109.80 | 135.00 | 14,823.00 |
| Nicole K. Vachon (N/A) | Paralegal | 28.90 | 95.00 | 2,745.50 |
| **Total** | | **1037.40** | | **$287,660.50** |

### FEE SUMMARY BY MATTER

| Matter | Hours | Amount |
|---|---|---|
| Employee Promissory Note Cases | 1014.9 | $278,773.00 |
| Retention Issues | 21.3 | 8,413.50 |
| Fee Applications | 1.2 | 474.00 |
| **Total** | **1037.40** | **$287,660.50** |

### EXPENSE CATEGORY SUMMARY

| Expense Category | Amount |
|---|---|
| Arbitrator Rankings (Arbitrator Reports from Securities Arbitration Commentator) | $1,360.00 |
| Copying charges | 464.60 |
| Facsimile | 36.50 |
| Outside Printing | 50.14 |
| Overnight Delivery | 913.41 |
| Postage | .64 |
| Out-of-town Travel | 1,596.36 |
| Online Research | 569.52 |
| **Total** | **$5,942.79** |

### SUMMARY OF MONTHLY FEES AND EXPENSES

| Period | Requested Fees | Requested Expenses |
|---|---|---|
| 7/1/11 – 7/31/11* | $46,773.50 | $951.62 |
| 8/1/11 – 8/31/11 | $122,923.00 | $2,334.02 |
| 9/1/11 – 9/30/11 | $117,964.00 | $2,657.15 |
| **Total for First Interim Period** | **$287,660.50** | **$5,942.79** |

*Includes invoices for two of the Employee Promissory Note Cases.  All other July invoices were paid.

KREBSBACH & SNYDER, P.C.
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
Telephone: (212) 825-9811
Fax: (212) 825-9828
Barry S. Gold, Esq.

Special Counsel to Debtor
Lehman Brothers Holdings Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                          :        Chapter 11
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :        Case No. 08-13555 (JMP)
                                               :
                    Debtor.                    :        (Jointly Administered)
-----------------------------------------------------------------X

**FIRST INTERIM APPLICATION OF
KREBSBACH & SNYDER, P.C., SPECIAL LITIGATION
COUNSEL TO THE DEBTOR LEHMAN BROTHERS HOLDINGS INC., FOR
ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD JULY 1, 2011 THROUGH SEPTEMBER 30, 2011**

TO:    THE HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE

Krebsbach & Snyder, P.C. ("K&S" or "Applicant"), special counsel to Debtor Lehman

Brothers Holdings Inc. ("LBHI"), files the First Interim Application of Krebsbach & Snyder,

P.C. for Allowance of Compensation and Reimbursement of Expenses (the "First Interim Fee

Application" or this "Application"), pursuant to Sections 330 and 331 of Chapter 11 of Title 11 of

the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rule 2016(a) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the allowance of

compensation for the professional services performed by the Applicant for the period commencing July 1, 2011 through September 30, 2011 (the "Compensation Period") and for reimbursement of its actual and necessary expenses incurred during the Compensation Period. In support of this First Interim Fee Application, K&S respectfully represents the following:

## Background of the Chapter 11 Cases

1.      On September 15, 2008 and periodically thereafter (the "Commencement Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. These Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 08-13555 (JMP) pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (Region 2) (the "U.S. Trustee") appointed the official committee of unsecured creditors pursuant to Section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned Chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

2

The Examiner issued a report of his investigation pursuant to Section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.      On May 26, 2009, the Court appointed a fee committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") in the above-captioned Chapter 11 cases pursuant to an order of the same date [Docket No. 3651].

6.      On September 1, 2011, the Debtors filed a third amended joint Chapter 11 plan and disclosure statement [Docket Nos. 16927 and 16930].

7.      On December 7, 2011, the Court confirmed the modified third amended joint Chapter 11 plan [Docket No. 23023].

### The Debtors' Businesses

8.      Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9.      Additional information regarding the Debtors' businesses, capital structures and the circumstances leading to the commencement of these Chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No.2].

### Jurisdiction

10.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This

3

matter is a core proceeding under 28 U.S.C. § 157(b).

## K&S As An Ordinary Course Professional

11.     K&S has previously been providing legal services on behalf of LBHI as a professional

utilized in the ordinary course ("Ordinary Course Professional") in these Chapter 11 cases, in

accordance with this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of

the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary

Course of Business, dated March 25 2010 [Docket No. 7822] (the "Amended OCP Order").

Pursuant to the procedures set forth in the Amended OCP Order, such retention became

effective upon the filing of the Affidavit and Disclosure Statement of Theodore A. Krebsbach on

behalf of Krebsbach & Snyder [Docket No. 3158] and the expiration of the relevant objection

period.

12.     The Amended OCP Order authorizes the Debtors to pay compensation to and

reimburse the expenses of Ordinary Course Professionals in the full amount billed by such

Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating the nature of

the services rendered and calculated in accordance with such professional's standard billing

practices." As more fully discussed in the affidavit of Theodore A. Krebsbach, sworn to on

September 27, 2011 (the "Krebsbach Affidavit"), a copy of which was submitted in connection

with K&S's retention application, pursuant to the Amended OCP Order [Docket No. 20312]

K&S provided services to LBHI and was compensated for those services upon the presentation of

detailed invoices indicating the nature of the services rendered, which were calculated in

4

accordance with K&S's standard billing practices.

13.     The Amended OCP Order further provides "payment to any one Ordinary Course

Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or

entry of a confirmation in these Chapter 11 cases (the "Chapter 11 Period") and that "in the event

payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such

Ordinary Course Professional shall be required to file a retention application to be retained as a

professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . . (the "OCP Cap)."

14.     Because K&S reached the OCP Cap, the Debtors, on September 27, 2011, filed

the Application of Lehman Brothers Holdings Inc. Pursuant to Section 327(e) of the Bankruptcy

Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Modify the

Procedures for Compensating and Reimbursing Krebsbach & Snyder, P.C. as Special Counsel,

Effective as of July 1, 2011 [Docket No. 20312] (the "Retention Application").

15.     On October 18, 2011, the Court entered the Order Authorizing the Modification of

the Procedures for Compensating and Reimbursing Krebsbach & Snyder, P.C. as Special Counsel,

Effective as of July 1, 2011 [Docket No. 2 0 9 6 2] (the "Order Authorizing Employment"). A

copy of the Order Authorizing Employment is attached hereto as Exhibit A. The Order

Authorizing Employment authorized K&S to be compensated on an hourly basis and to be

reimbursed for actual and necessary out-of-pocket expenses.

### Compensation And Reimbursement Request

16.     This Application has been prepared in accordance with the Amended Guidelines for

Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

5

adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), the Order

Appointing Fee Committee and Approving Fee Application Protocol [Docket No. 3651] (the

"Fee Order") and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Fourth

Amended Interim Compensation Procedures Order" and collectively with the Fee Order, the Local

Guidelines and UST Guidelines, the "Guidelines").    Pursuant to the Local Guidelines, a

certification of Barry S. Gold, Esq. regarding compliance with same is attached hereto as

Exhibit B.

17.    Pursuant to the First Interim Fee Application, K&S seeks: (i) allowance of

compensation for professional services performed during the Compensation Period in the total

amount of $287,660.50; and (ii) allowance of its actual and necessary expenses incurred during the

Compensation Period in the total amount of $5,942.79.    This First Interim Fee Application

includes a request for fees with respect to only two of the July 2011 invoices previously

rendered to LBHI. Those invoices were not previously paid by LBHI because payment of either

would have resulted in an aggregate payment to K&S in excess of the OCP Cap. The other July

2011 invoices were paid in full.

18.    During the Compensation Period, the Applicant's attorneys and paralegals

expended a total of 1037.40 hours for which compensation is requested.

6

19.     During the Compensation Period, other than pursuant to the Amended OCP Order, K&S has received no payment and no promises for payment from any source for services rendered in connection with the matters covered by this Application. There is no agreement or understanding between the Applicant and any other person, other than members of the Applicant, for the sharing of compensation to be received for services rendered in these cases.

20.     Except as otherwise set forth herein, the fees charged by the Applicant are billed in accordance with its existing billing rates and procedures set forth in the Retention Application in effect during the Compensation Period. The billing rates the Applicant charges for the services rendered by its professionals and paralegals in these Chapter 11 cases are the same rates that the Applicant charges for professional and paralegal services rendered in comparable non-bankruptcy matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

21.     Pursuant to the UST Guidelines, the Summary Sheet filed in connection with this Application includes a schedule setting forth all K&S professionals and paralegals who have performed services in these Chapter 11 cases during the Compensation Period, the capacity in which each such individual is employed by K&S, the hourly billing rate charged by K&S for services performed by such individual, the aggregate number of hours expended and fees billed, and the year in which each professional was first licensed to practice law in the state of New York.

22.     Annexed hereto as Exhibit C is a schedule specifying the categories of expenses for which K&S seeks reimbursement, and the total amount for each such expense category.

23.     Pursuant to the UST Guidelines, annexed hereto as Exhibit D is a summary of

7

K&S's time records billed during the Compensation Period using project categories as hereinafter described.

24.     The Applicant maintains computerized records of the time spent by all of the Applicant's attorneys and paralegals in connection with the services rendered on LBHI's behalf during these Chapter 11 cases. These detailed time records were submitted to the "Notice Parties" specified in the Fourth Amended Interim Compensation Procedures Order as part of the Monthly Statements. Copies of these computerized records will be provided once again with this First Interim Fee Application to LBHI, its counsel, the Fee Committee, the U.S. Trustee and the attorneys for the Creditors Committee. Accordingly, and because the time records contain sensitive information concerning the legal services performed by K&S in connection with many active arbitrations, they are protected from disclosure by the attorney client privilege and attorney work product doctrine. Should it become necessary to submit the time records to the Court, they will be submitted in redacted form.

25.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed before the preparation of this Application, K&S reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## Summary of Services

26.     The legal services rendered by the Applicant during the Compensation Period are summarized below. The summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in the detailed time records. Rather, in compliance with the UST Guidelines, the following summary

8

highlights certain areas in which services were rendered by the Applicant to and for the benefit of

LBHI, and identifies some of the issues to which the Applicant devoted significant time and effort

during the Compensation Period.

27.     The summary is divided according to the project billing codes that the Applicant

created to best reflect the categories of tasks that it was required to perform in connection with

these Chapter 11 cases.

A.     **Employee Promissory Note Cases**

K&S has been engaged to prosecute claims to recover amounts
outstanding under promissory notes executed by former
employees of LBHI, LBI or other affiliated entities (collectively,
the "Matters").[2]  K&S has, to date, commenced 58 arbitration
proceedings at the Financial Industry Regulatory Authority
("FINRA") to recover amounts owed under the promissory notes,
approximately 40 of which are still pending. At the inception of
its representation, K&S discussed with LBHI how it should record
its time and was instructed to record the time under one billing
number but to render separate invoices for each Matter.
Accordingly, K&S records its time in connection with each of the
Matters under billing code #143 and renders separate invoices for
each Matter.

During the Compensation Period, K&S performed legal services
and rendered separate invoices in connection with 45 of the
Matters.  One Matter went to hearing in Atlanta during the
Compensation Period and the arbitration panel issued an award in
favor of LBHI in the full amount of all outstanding principal and
interest through the date of the hearing ($183,144.23) plus
attorneys' fees and costs ($65,553.48) for a total of $248,697.71.
The award was paid in full and the funds have been turned over to
LBHI.

---

[2] LBHI is prosecuting these claims pursuant to a Stipulation and Order between LBHI and James W.
Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc., with Respect to Promissory Notes
Evidencing Loans to Certain Employees, so ordered by this Court on December 3, 2009.

With respect to the other 44 Matters, the legal services K&S performed during the Compensation Period includes (1) reviewing Answers and Counterclaims served by the Respondents, (2) researching legal and factual issues raised by Respondents in their Answers and Counterclaims, (3) drafting Replies to the Counterclaims, (4) reviewing the arbitrator pool sent by FINRA, researching the arbitrators' prior award histories and ranking arbitrators, (5) reviewing conflict of interest disclosures made by arbitrators, (6) engaging in discovery, including reviewing and producing documents, responding to document and information requests and propounding document and information requests to the Respondents, (7) conducting "meet and confer" conferences where there were discovery disputes, (8) where discovery disputes remained unresolved, drafting motions to compel and responding to motions to compel brought by the Respondents, (9) reviewing and commenting on proposed subpoenas and orders to produce submitted by the Respondents to the arbitration panel for approval, (10) working with LBHI's IT department to refine e-mail searches and produce e-mails, (11) participating in initial pre-hearing telephonic conferences and hearings on motions to compel with the arbitrators, (12) preparing for hearings, including drafting pre-hearing briefs, opening and closing statements, witness outlines and attorneys' fee affirmations, and preparing exhibits, (13) drafting and filing actions in state and federal court to confirm arbitration awards, (14) working closely with Debtors' bankruptcy counsel, Weil Gotshal, in connection with any issues affecting the arbitrations that arose in Bankruptcy Court, (15) engaging in settlement negotiations and drafting settlement agreements, (16) communicating with attorneys at LBHI regarding all ongoing Matters and (17) communicating and corresponding with opposing counsel and FINRA.

**B.**    **Retention Issues**

During the Compensation Period, K&S drafted and submitted its Application, Pursuant to Section 327(e) of Title 11 of the United States Code and Rule 2014 of the Federal Rules of Bankruptcy Procedures and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York to Modify the Procedures for Compensating and Reimbursing Krebsbach & Snyder, P.C., as Special Counsel to LBHI, Effective as of July 1, 2011 (the "Retention Application"). K&S also drafted and submitted the Affidavit of

10

Theodore A. Krebsbach, Esq. (the "Krebsbach Affidavit") in support of
the Retention Application.

In connection with drafting and submitting the Retention Application
and Krebsbach Affidavit, K&S reviewed all pertinent Court documents
and notices regarding retention procedures in these cases including,
without limitation, Court Orders. Additionally, K&S consulted with
attorneys at Weil Gotshal and the Fee Committee to understand the
procedures for submitting the Retention Application, monthly invoices
and monthly budgets.

### C.    Fee Applications

During the Compensation Period, K&S reviewed pertinent Court
documents and notices regarding billing issues including, without
limitation, Court Orders, U.S. Trustee Guidelines and Fee Committee
memoranda.

### Statement Of K&S

28.    The foregoing professional services performed by the Applicant were appropriate

and necessary to the administration of these cases and were in the best interests of LBHI, its and

the other Debtors' estates, the creditors, and other parties-in-interest. Compensation for the

foregoing services as requested is commensurate with the complexity, importance and nature of

the problems, issues and tasks involved. The professional services were performed in an

appropriately expeditious and efficient manner.

29.    The professional services performed by the Applicant on behalf of LBHI during

the Compensation Period required an aggregate expenditure of 1037.40 recorded hours by the

Applicant's partners, counsel, associates and paralegals. Of the aggregate time expended, 453.6

recorded hours were expended by Applicant's partners and counsel, 445.1 recorded hours were

expended by Applicant's associates, and 138.7 recorded hours were expended by Applicant's

11

paralegals.

30.    During the Compensation Period, the Applicant's hourly billing rates for attorneys that provided services on behalf of LBHI ranged from $190 to $395 per hour. There was no change in the hourly billing rates during the Compensation Period. Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $300.53 per hour (based upon 898.7 recorded hours for attorneys at the Applicant's billing rates in effect at the time of the performance of services). Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal market.

## Actual And Necessary Disbursements Of K&S

31.    As set forth in Exhibit C hereto, the Applicant has disbursed $5,942.79 as expenses incurred in providing professional services during the Compensation Period. With respect to photocopying expenses, the Applicant charged 10 cents per page. The Applicant does not charge for fax transmissions, other than the cost of long distance telephone service at applicable toll charge rates, which invariably is less than $1.25 per page as permitted by the Guidelines. Each of these categories of expenses does not exceed the maximum rate set by the Guidelines.

32.    During the Compensation Period, K&S also incurred expenses relating to outside printing, overnight delivery, out-of-town travel and online legal research. The Applicant has made every effort to minimize its disbursements in these cases. The actual expenses incurred while providing professional services were necessary, reasonable, and justified under the circumstances

12

to serve the needs of LBHI.

33.     All of the disbursements were charged at rates customarily charged by K&S to its

non-bankruptcy clients.   K&S's standard billing rates do not include, as overhead, charges for

copying and other expenses that may be incurred by particular clients because of the exigencies of

time and volume of demand.   K&S has made every effort to minimize its disbursements and

expenses in this case.

34.     K&S reserves the right to request additional compensation for professional services

rendered and for reimbursement of expenses incurred during the Compensation Period.   Related

local travel, telephone, photocopy, postal, and fax expenses may not be included within this

Application because, as a matter of firm accounting, those expenses may have not yet been

calculated or booked.

## The Requested Compensation Should Be Allowed

35.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation.  11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides

that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement for actual,

necessary expenses."  11 U.S.C. § 330(a)(l).   Section 330 of the Bankruptcy Code also sets

forth the criteria for the award of such compensation and reimbursement:

> (3)     In determining the amount of reasonable compensation to be
> awarded to an examiner, trustee under chapter 11, or professional person,
> the court shall consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including --

13

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of,
or beneficial at the time at which the service was rendered toward
the completion of, a case under this title;

(D)    whether the services were performed within a reasonable
amount of time commensurate with the complexity, importance,
and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is
board certified or otherwise has demonstrated skill and experience
in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the
customary compensation charged by comparably skilled
practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

36.    The legislative history of section 330 expands upon the language of the statute:

[B]ankruptcy legal services are entitled to command the same
competency of counsel as other cases. In that light, the policy of this
section is to compensate attorneys and other professionals serving in a
case under title 11 at the same rate as the attorney or other
professional would be compensated for performing comparable
services other than in a case under title 11. Contrary language in the
Senate report accompanying S. 2266 is rejected, and *Massachusetts
Mutual Life Insurance v. Brock,* 405 F.2d 429, 432 (5th Cir. 1968) is
overruled. Notions of economy of the estate in fixing fees are
outdated and have no place in the bankruptcy code.

124 Cong. Rec. H 11-011, 11,091-11,092 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards). *See*

*also Mann v. McCombs (In re McCombs),* 751 F.2d 286 (8th Cir. 1984); *In re Drexel Burnham*

*Lambert Group Inc.,* 133 B.R. 13 (Bankr. S.D.N.Y. 1991).

37.    During the Compensation Period, K&S has been called upon to handle myriad legal

14

matters and issues that have arisen, some of which have been quite complicated and have required substantial time and expertise. For the most part, the Matters have been vigorously contested by the Respondents and their counsel.

38.     K&S respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to LBHI and the other Debtors' estates. K&S has evaluated its services based upon the background and experience of its attorneys as well as an analysis of the specific services performed in this matter. K&S believes that it has performed these services in an efficient, highly-competent manner and that through its efforts the assets of the LBHI and other Debtor estates have been preserved and enhanced.

39.     Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to LBHI, the Debtors, their estates, and all parties in interest.

## Conclusion

40.     For the reasons set forth above, K&S respectfully requests entry of an order (1) allowing interim compensation for professional services rendered during the Compensation Period in the amount of $287,660.50, representing 100% of fees incurred during the Compensation Period, and reimbursement of $5,942.79, representing 100% of actual and necessary expenses incurred during the Compensation Period; (2) authorizing and directing LBHI's payment of the difference between the amounts allowed and the amounts previously paid by LBHI; (3) allowing such compensation for professional services rendered and

15

reimbursement of actual and necessary expenses incurred be without prejudice to K&S's right to

seek such further compensation for the full value of services performed and expenses incurred;

and (iv) granting K&S such other and further relief as may appear just and proper.

Dated: New York, New York
     December 13, 2011

               KREBSBACH & SNYDER, P.C.
               Special Counsel to Lehman Brothers
               Holdings Inc.

                /s/ Barry S. Gold
               Barry S. Gold
               One Exchange Plaza
               55 Broadway, Suite 1600
               New York, NY 10006
               (212) 825-9811

16

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re                                                :        Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             :        08-13555 (JMP)
                                                     :
                        Debtors.                     :        (Jointly Administered)
                                                     :

------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY
CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE AUTHORIZING THE MODIFICATION OF THE PROCEDURES
FOR COMPENSATING AND REIMBURSING KREBSBACH & SNYDER, P.C.
AS SPECIAL COUNSEL TO LBHI, EFFECTIVE AS OF JULY 1, 2011**

Upon consideration of the application, dated September 27, 2011 (the "Application"), of

Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-

captioned chapter 11 cases, as debtors in possession, the "Debtors"), pursuant to section 327(e)

of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the

procedures for compensating and reimbursing Krebsbach & Snyder, P.C. ("Krebsbach &

Snyder") as special counsel to LBHI, effective as of July 1, 2011; and upon the affidavit of

Theodore A. Krebsbach, Esq. (the " Krebsbach Affidavit"), filed in support of the Application and

attached thereto as Exhibit A; and the Court being satisfied, based on the representations made in

the Application and the Krebsbach Affidavit, that Krebsbach & Snyder represents no interest

adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be

engaged, under section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the

Court having jurisdiction to consider the Application and Capitalized terms that are used but not

defined in this order have the meanings ascribed to them in the Application. The relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring

to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided in accordance with the procedures set forth in the

second amended order entered June 17, 2010 governing case management and administrative

procedures, [ECF No. 9635], to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; (vi) Krebsbach & Snyder and (vii) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the

Application is in the best interests of LBHI, its estates and their creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, LBHI is

hereby authorized to employ and retain Krebsbach & Snyder as its special counsel on the terms

set forth in the Application and this order, for the Matters identified in the Application and in

accordance with Krebsbach & Snyder's customary rates in effect from time to time and its

disbursement policies; and it is further

ORDERED that Krebsbach & Snyder shall, solely with respect to fees and expenses to be paid to Krebsbach & Snyder in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], the Court's Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: New York, New York
        October 18, 2011

                                    _s/ James M. Peck_
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

# EXHIBIT B

KREBSBACH & SNYDER, P.C.
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
Telephone: (212) 825-9811
Fax: (212) 825-9828
Barry S. Gold, Esq.

Special Counsel to Debtor
Lehman Brothers Holdings Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                             :        Chapter 11
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :        Case No. 08-13555 (JMP)
                                                  :
                 Debtor.                          :        (Jointly Administered)
-----------------------------------------------------------------X

## CERTIFICATION UNDER GUIDELINES FOR FEES
## AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT
## OF FIRST APPLICATION OF KREBSBACH & SNYDER, P.C. FOR
## INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

BARRY S. GOLD, hereby certifies that:

1.      I am a partner with the applicant firm, Krebsbach & Snyder, P.C. ("K&S"), and I

submit this first application for interim compensation in compliance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the

"UST Guidelines"), and this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331

of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim

Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997]

(the "Interim Compensation Order," and together with the Local Guidelines and the UST

Guidelines, the "Guidelines").

2.      This certification is made in respect of K&S's application, dated December 13,

2011 (the "Application"), for interim compensation and reimbursement of expenses for the

period commencing July 1, 2011 through and including September 30, 2011 (the

"Compensation Period") in accordance with the Guidelines.

3.      In respect of section A.1 of the Local Guidelines, I certify that:

(a)      I have read the Application;

(b)      to the best of my knowledge, information, and belief
formed after reasonable inquiry, the fees and disbursements
sought fall within the Local Guidelines and the UST
Guidelines;

(c)      the fees and disbursements sought are billed at rates
in accordance with practices customarily employed by the
Applicant and generally accepted by the Applicant's clients;
and

(d)      in providing a reimbursable service, the Applicant
does not make a profit on that service, whether the service
is performed by the Applicant in-house or through a third
party.

4.      In respect of section A.2 of the Local Guidelines and as required by the Interim

Compensation Order, I certify that, to the best of my knowledge, the Applicant has complied

with the provision requiring it to provide the appropriate notice parties, on a monthly basis,

with a statement of the Applicant's fees and disbursements accrued during the previous month.

5.      In respect of section A.3 of the Local Guidelines, I certify that counsel for the

Debtors, the United States Trustee for the Southern District of New York, counsel for the

Creditors' Committee and counsel for the Fee Committee are each being provided with a copy of

this Application.

Dated: New York, New York
      December 13, 2011

/s/ Barry S. Gold
Barry S. Gold

KREBSBACH & SNYDER, P.C.
Special Counsel to Lehman Brothers
Holdings Inc.
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
(212) 825-9811

# EXHIBIT C

## Expense Category Summary

| Expense Category | Amount |
|---|---|
| Arbitrator Rankings (Arbitrator Reports from Securities Arbitration Commentator) | $ 1,360.00 |
| Copying charges | 464.60 |
| Facsimile | 36.50 |
| Outside Printing | 50.14 |
| Overnight Delivery | 913.41 |
| Postage | .64 |
| Out-of-town Travel | 1,596.36 |
| Online Research | 569.52 |
| **Total** | **$5,942.79** |

# EXHIBIT D

## Fee Summary By Matter

| Matter | Hours | Amount |
|--------|-------|--------|
| Employee Promissory Note Cases | 1014.9 | $278,773.00 |
| Retention Issues | 21.3 | 8,413.50 |
| Fee Applications | 1.2 | 474.00 |
| **Total** | **1037.40** | **$287,660.50** |