# United States Bankruptcy Court
# Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>     Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| LMA SPC for and on behalf of the MAP 84 Segregated Portfolio | UBS Securities LLC |
|---|---|
| Name of Transferee | Court Claim # (if known): 63561 |
| Name and Address where notices to transferee should be sent: | Amount of Claim: $1,835,230.75 plus all accrued interest, fees and other recoveries due. |
| c/o Knighthead Capital Management<br>623 Fifth Avenue, 29th Floor<br>New York, NY 10022<br>Attn: Laura Torrado | Date Claim Filed:<br><br>Phone:<br>Last Four Digits of Acct. #: _____ |
| Last Four Digits of Acct. #: _____ | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

LMA SPC for and on behalf of Map 84 Segregated Portfolio
By: Knighthead Capital Management, LLC, its
Investment Advisor

By: _____     Date: 12/13/2011
     Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

463-1000/COURT/3296248.1

# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>      Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 63561 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on     .

| UBS SECURITIES LLC | LMA SPC for and on behalf of the MAP 84 Segregated Portfolio |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| Address of Alleged Transferor:<br>Loan Closing Group<br>Banking Product Services<br>UBS Investment Bank<br>677 Washington Blvd.<br>Stamford, CT 06901<br>Phone: 203-719-3835<br>Fax: 203-719-3180<br>Email: DL-LoanClosers@ubs.com | c/o Knighthead Capital Management<br>623 Fifth Avenue, 29th Floor<br>New York, NY 10022<br>Attn: Laura Torrado<br>Tel: 212-356-2914<br>Fax: 212-356-3921<br>Email: ltorrado@knighthead.com |

~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____     _____
                                                                  CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     The Debtor and the Bankruptcy Court

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, UBS Securities LLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to LMA SPC for and on behalf of the MAP 84 Segregated Portfolio (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 63561 filed by Agricultural Bank of China (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents, warrants and covenants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has used its reasonable commercial efforts to cause the acceleration of the Purchased Securities; (h) in relation to the acceleration of the obligations underlying the Purchased Securities Seller has delivered to Buyer true, correct and complete copies of the documents, listed in Schedule 2 which represent all of the documents relating to the acceleration of the obligations underlying the Purchased Securities; and (i) if Buyer, acting reasonably, deems it advisable or necessary for the purposes of proving the underlying debt and the Buyer so advises the Seller in writing, giving reasonable notice, Seller shall submit additional information that is in Seller's possession or control or which Seller can, without unreasonable effort, obtain or create to the Debtor, to its bankruptcy trustees, Messrs, Rutger J. Schimmelpenninck and Frédéric Verhoeven, or Houthoff Buruma, the Dutch law firm with which such trustees are associated, to assist with the confirmation that Seller was the proper party to accelerate the obligations underlying the Purchased Securities.

3.      Buyer represents, warrants and covenants to Seller and Seller's successors and assigns that:

(a)     Buyer is duly organized and validly existing under the laws of its jurisdiction of organization, in good standing under such laws, and is authorized and empowered to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Buyer, enforceable against Buyer in accordance with its terms; and

(b)     neither the execution, delivery or performance of the Agreement nor the consummation of the transactions contemplated hereby, will violate or contravene any law, rule, regulation, order or agreement affecting Buyer.

4.      Each Party represents that it is a sophisticated entity and has adequate information concerning the Proceedings to make an informed decision regarding the sale of the Transferred Claim and that it has independently and without reliance on the other, and based on such information as it has deemed appropriate, made its own decision to enter into this Agreement. Each Party is aware that information which may be pertinent to the decision to buy or sell the Transferred Claim is available and can be obtained from the files of the Bankruptcy Court, the relevant Dutch court or other publicly available sources. Each Party is aware that the consideration received/paid herein for the sale of the Transferred Claim may differ both in kind and amount from any distributions made pursuant to any plan of reorganization confirmed by the Bankruptcy Court or the relevant Dutch court. Each Party acknowledges that the other

463-1000/AGR/3106880.1

may possess, and may come into possession of, material non-public information concerning the Transferred Claim or the Proceedings.

5.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

6.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

7.  The purchase price for the Purchased Claim shall be paid in conjunction with settlement of the Purchased Securities.

8.  After the effective date of this Agreement, Seller shall promptly (but in any event no later than five (5) business days that it has possession thereof) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

9.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

10. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each irrevocably and unconditionally submit, for itself and its property, to the exclusive jurisdiction of the courts located in the County of New York in the State of New York of the United States of America, and any appellate court thereof, in any action or proceeding arising out of or related to this Agreement. Each of Seller and Buyer agree that a final judgment in any action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

11. [Reserved]

12. Buyer and Seller each consens to service of process by certified mail at its respective address listed below.

2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 13th day of December, 2011.

| LMA SPC FOR AND ON BEHALF OF THE MAP 84 SEGREGATED PORTFOLIO | UBS SECURITIES LLC |
|---|---|
| By: Knighthead Capital Management, LLC, its Investment Advisor | |
| By: *[signature]* | By: _____ |
| Name: Laura Torrado | Name: _____ |
| Title: Authorized Signatory | Title: _____ |
| | By: _____ |
| | Name: _____ |
| | Title: _____ |
| Address: | Address: |
| LMA SPC for and on behalf of the MAP 84 Segregated Portfolio | Loan Closing Group |
| c/o Knighthead Capital Management, LLC | Banking Product Services |
| 623 5th Ave., 29th Floor | UBS Investment Bank |
| New York, New York 10022 | 677 Washington Blvd. |
| Attention : Laura L. Torrado, Esq. | Stamford, CT 06901 |
| Telephone: 212-356-2914 | Telephone: (203) 719-3835 |
| Fax:       212-356-3921 | Facsimile: (203) 719-3180 |
| Email: ltorrado@knighthead.com | Email: DL-LoanClosers@ubs.com |

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 13th day of December, 2011.

**LMA SPC FOR AND ON BEHALF OF THE MAP 84 SEGREGATED PORTFOLIO**
By: Knighthead Capital Management, LLC, its Investment Advisor

By:_____
Name:_____
Title:_____

Address:

LMA SPC for and on behalf of the MAP 84 Segregated Portfolio
  c/o Knighthead Capital Management, LLC
  623 5th Ave., 29th Floor
  New York, New York 10022
  Attention : Laura L. Torrado, Esq.

Telephone: 212-356-2914
Fax:         212-356-3921
Email: ltorrado@knighthead.com

**UBS SECURITIES LLC**

By:_____ /s/ Darlene Arias
Name: Darlene Arias
Title: Director, Banking Products Services, US

By:_____ /s/ David Urban
Name: David Urban
Title: Associate Director, Banking Products Services, US

Address:
Loan Closing Group
Banking Product Services
UBS Investment Bank
677 Washington Blvd.
Stamford, CT 06901

Telephone: (203) 719-3835
Facsimile: (203) 719-3180
Email: DL-LoanClosers@ubs.com

3

463-1000/AGR/3106880.1

## SCHEDULE 1

### Transferred Claims

Purchased Claim

USD 1,835,230.75 or 3.66% of USD 50,142,916.67 (the outstanding amount of the Proof of Claim as of November 2, 2009), plus all accrued interest fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Protected Credit Linked Notes due 25 February 2011 (part of Euro Medium-Term Note Program established pursuant to the Base Prospectus dated 19 August 2003) | XS0186755798 (Series number 1973) | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | US$50,000,000.00 | 4.9% | 25 February 2011 | US$50,142,916.67 |

Schedule 1-1

463-1000/AGR/3106880.1

Schedule 2

List of documents relating to the to the acceleration of the obligations underlying the Purchased Securities

1. Letter from Agricultural Bank of China to Lehman Brothers Treasury Co. B.V. and Atrium, Strawinskylaan 3105 dated 7 October 2009 captioned "Notice of an Event of Default under the Notes and acceleration"

2. Letter from Houthoff Buruma to Agricultural Bank of China dated 27 September 2010 referencing "Lehman Brothers Treausry Co. B.V. – Declaration of Acceleration" (including Annex thereto)

3. Letter from Agricultural Bank of China to Lehman Brothers Treasury Co. B.V. dated 05 November 2010 in response to letter identified as number 2 on this list (together with Annex A thereto)

5

463-1000/AGR/3106880.1