Malani J. Cademartori, Esq.
Blanka K. Wolfe, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
E-mail: mcademartori@sheppardmullin.com
       bwolfe@sheppardmullin.com

Alan H. Martin, Esq.
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
650 Town Center Drive, Fourth Floor
Costa Mesa, California 92626
Telephone: (714) 513-5100
Facsimile: (714) 513-5130
E-mail: amartin@sheppardmullin.com

*Counsel for Agricultural Bank of Taiwan*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., et al.,<br><br>                    Debtors. | Case No.  08-13555 (JMP)<br><br>Chapter 11<br><br>(Jointly Administered) |

**RESPONSE OF AGRICULTURAL BANK OF TAIWAN
TO THE DEBTORS' ONE HUNDRED EIGHTY-EIGHTH
OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)**

Agricultural Bank of Taiwan, a creditor and party-in-interest ("**ABT**"), by and through its undersigned counsel, hereby submits this response (the "**Response**") to the *Debtors' One Hundred Eighty-Eighth Objection to Claims (Duplicative LPS Claims)*, dated September 12, 2011 [Dk. No. 19871] (the "**Objection**"), filed by Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors and debtors-in-possession (collectively, the "**Debtors**"). In support of this Response, ABT respectfully states as follows:

## PRELIMINARY STATEMENT

ABT does not dispute that its claim, Claim No. 65952, which the Debtors seek to expunge through the Objection, is duplicative, at least in part, of the claim filed by Lehman Brothers International (Europe) ("**LBIE**"), Claim No. 62783, which the Debtors seek to designate as the "Surviving Claim", at least to the extent that LBIE's claim is based on securities held and owned by ABT. However, based on the agreements entered into by ABT and LBIE after the filing of each of the claims, it would be both inappropriate and inequitable to maintain LBIE's claim on the Debtors' claims register instead of ABT's claim. Thus, ABT hereby responds to the Objection and requests that Claim No. 65952, filed by ABT, be designated the "Surviving Claim" and Claim No. 62783, filed by LBIE, be expunged to the extent it is duplicative of ABT's claim.

## RELEVANT FACTUAL BACKGROUND

1.  On September 15, 2008 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2.  Also on September 15, 2008, LBIE was placed into administration in the United Kingdom.

3.  Thereafter, on October 8, 2008, Lehman Brothers Treasury Co. B.V. ("**LBT**") was declared bankrupt in the Netherlands.

**The Securities and Claims**

4.  On or about January 9, 2008, ABT purchased certain debentures that were issued by LBT (the "**Securities**"). The Securities were guaranteed by LBHI.

5. At the time of purchase, the Securities were held by LBIE as a custodian and registered holder on behalf of ABT as the beneficial owner of the Securities, pursuant to a Master Custody Agreement between LBIE and ABT (the "**Master Custody Agreement**").[1]

6. On July 2, 2009, the Court entered the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Dk. No. 4271] (the "**Bar Date Order**"), which set November 2, 2009 as the deadline to file "any and all claims against the Debtors arising from securities issued by the Debtors or any of the Debtors affiliates outside of the United States." Bar Date Order at p. 12, ¶ (a). The Bar Date Order specifically provides that "claims based on any [Security] shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent." Bar Date Order at p. 14, ¶ (j).

7. On November 2, 2009, LBIE timely filed a proof of claim against LBHI in the aggregate amount of $2,084,741,055.00 plus unliquidated interest amounts, on behalf of various beneficial owners of securities issues by LBT and guaranteed by LBHI, including for ABT with respect to the Securities, for which it served as custodian and registered holder (the "**LBIE Claim**"). The LBIE Claim was assigned Claim No. 62783.

8. On October 28, 2009, ABT timely filed a proof of claim against LBHI in the aggregate amount of $150,177,083.33, based on its beneficial ownership of the Securities (the "**Original ABT Claim**"). The Original ABT Claim was assigned Claim No. 50495. The amount of the Original ABT Claim was based on the $150,000,000 due and owing to ABT under the

---

[1] Although the Master Custody Agreement is executed, it is not dated. On information and belief, the Master Custody Agreement is dated on or about January 2008.

Securities (the "**Principal Amount**") plus $177,083.33 in "interest, costs, fees and expenses" due under the Securities program documentation and applicable law (the "**Interest Amount**").

9. On December 16, 2009, ABT filed an amended proof of claim against LBHI in the amount of $150,177,083.33 (the "**ABT Claim**"). The ABT Claim was assigned Claim No. 65952. The ABT Claim was filed to provide additional information concerning the Securities underlying the Original ABT Claim, including, specifically, to identify the Clearstream blocking reference numbers (the "**Blocking Numbers**") related to the Securities. At the time of filing the Original ABT Claim, the Blocking Numbers were unknown to ABT and were not forthcoming from LBIE despite repeated requests. The ABT Claim is otherwise identical to the Original ABT Claim, including with respect to the aggregate claim amount and the basis thereof.

10. On or about December 29, 2009, ABT agreed to be bound by the Claims Resolution Agreement (the "**CRA**") offered to certain beneficial owners of securities in the custody of LBIE and other eligible parties in connection with the U.K. insolvency proceedings of LBIE. Among other things, the CRA, as it relates to ABT, provides for (i) a streamlined process for the prompt return of the Securities to ABT after the fulfillment of certain conditions and further negotiation between the parties regarding the same, (ii) the termination of any financial contracts and agreements related to the Securities, other than the CRA and agreements entered into by the parties with respect to the CRA, including without limitation, the Master Custody Agreement, and (iii) a streamlined process for settling any claims between ABT and LBIE with respect to the Securities. A copy of the CRA is attached hereto as Exhibit A. A copy of ABT's completed form of acceptance of the CRA is attached hereto as Exhibit B.

11. On July 6, 2010, pursuant to the procedures in the CRA and negotiations between ABT and LBIE in connection therewith, LBIE transferred the Securities to ABT. Consequently,

the Master Custody Agreement and any other agreements between LBIE and ABT regarding the Securities and LBIE's obligations as custodian and registered holder therefor, were effectively extinguished and all claims against LBIE based on the Securities were considered settled.

12. Notwithstanding the return of the Securities to ABT and the termination of the Master Custody Agreement, which previously defined ABT's and LBIE's relative rights in respect of the Securities, the CRA does not specifically address the LBIE Claim and the relative rights of LBIE and ABT to the portion of the LBIE Claim attributable to the Securities, including the obligation or right to defend such claims or to receive distributions on such claims.[2]

13. On May 18, 2010, the Debtors filed their *Tenth Omnibus Objection to Claims (Amended and Superseded Claims)* [Dk. No. 9093] (the "**Tenth Omnibus Objection**"), seeking to expunge the Original ABT Claim as being amended and superseded by the ABT Claim. On July 13, 2010, the Court entered the *Order Granting the Debtors' Tenth Omnibus Objection to Claims (Amended and Superseded Claims)* [Dk. No. 10165] (the "**Expunging Order**"), which expunged the Original ABT Claim and designated the ABT Claim as the "Surviving Claim". *See* Expunging Order at p.2; Ex. 1, p.2.

14. On September 12, 2011, LBHI filed the Objection seeking to expunge and disallow the ABT Claim as duplicative of the LBIE Claim,[3] and designating the LBIE Claim as

---

[2] LBIE and ABT are in active talks and negotiations regarding these issues at this time and hope to have a resolution in the near future which will resolve the issues regarding the duplicative nature of the claims, the relative rights and obligations of the parties with respect to the LBIE Claim and that portion of such claim that relates to the Securities, and thereby render the Objection and this Response moot. Accordingly, this Response is being filed out of an abundance of caution at this time and to preserve all of ABT's rights with respect to its claims against the Debtors.

[3] In addition, in accordance with the *Order Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by*
(footnote continued)

the "Surviving Claim." Among other things, the Objection states that it is being fled so that the Debtors may "avoid paying out distributions twice on the same obligation" and to enable more efficient and streamlined communication regarding the claims against the Debtors. *See* Objection at ¶¶ 13, 17.

## RESPONSE

15. ABT does not dispute that the ABT Claim and the LBIE Claim are, at least partially, duplicative.[4] Specifically, ABT does not dispute that the portion of the ABT Claim for the Principal Amount due under the Securities is duplicative of that portion of the LBIE Claim

---

*Lehman Brothers Holdings Inc.*, entered by the Court on August 10, 2011 [Dk. No. 19120] (the "**Allowance Procedures**"), LBHI issued a *Notice of Proposed Allowed Claim Amounts* to ABT on August 24, 2011 (the "**ABT Notice**"), proposing an allowed claim amount of zero for the ABT Claim based on the Debtors' contention that the ABT Claim is duplicative of the LBIE Claim. Thereafter, on August 29, 2011, also pursuant to the Allowance Procedures, LBHI issued the *Corrected Notice of Proposed Allowed Claim Amounts* regarding the LBIE Claim (amending and superseding previous Notices of Proposed Allowed Claim Amounts, dated August 24, 2011 and August 26, 2011) (the "**LBIE Notice**", and together with the ABT Notice, the "**Notices**"), in which it proposed that the allowed claim amount of that portion of the LBIE Claim corresponding to the Securities beneficially-owned by ABT be reduced from $150,177,083.33 to $60,031,347. On September 1, 2011, LBIE forwarded the LBIE Notice to ABT for review and response. On October 25, 2011, ABT served on LBHI responses to each of the Notices disputing the proposed allowed amount of the ABT Claim and, similarly, that portion of the LBIE Claim attributable to the Securities (the "**Responses**"), and agreeing that the amount of the ABT Claim (and that portion of the LBIE Claim attributable to the Securities) should be reduced, but not to the extent stated in the Notices. There have been no further negotiations or correspondence with respect to the Notices and the Responses.

[4] As mentioned above, in the weeks leading up to the filing of this Response, ABT corresponded with and engaged LBIE in discussions regarding resolution of the competing claims filed against LBHI. Those discussions are on-going and should result in a resolution of the issues raised in the Objection. However, it is not yet settled between LBIE and ABT which claim will survive, and whether the agreement will include a transfer of a portion of the LBIE Claim to ABT to the extent based on the Securities. ABT had sought, but was not able to secure, a further extension of the time to respond to the Objection or adjournment of the hearing on the Objection to allow for these negotiations and discussions with LBIE to come to a conclusion without the need to file this Response. Although ABT now files this Response out of an abundance of caution, ABT would be amenable to an adjournment of the hearing on the Objection in order to continue discussions that may resolve these matters consensually and result in only one claim against LBHI based on the Securities.

representing the Principal Amount due under those same Securities. Although ABT agrees that the LBIE Claim (to the extent based on the Securities) and the ABT Claim are, thus, largely duplicative, ABT objects to the Debtors' request to designate the LBIE Claim as the "Surviving Claim" while expunging the ABT Claim. Specifically, ABT believes that the relief sought by the Debtors in the Objection can be accomplished by maintaining the ABT Claim as the "Surviving Claim," while expunging that portion of the LBIE Claim relating to the Securities, pursuant to and in accordance with the settlement between ABT and LBIE under the terms of the CRA.

16. As stated above, LBIE no longer acts as the custodian or registered holder of the ABT Securities. In fact, the Securities were transferred to ABT on July 6, 2010, and were subsequently transferred by ABT to a new custodian. Moreover, the Master Custody Agreement and any other agreements between LBIE and ABT regarding the Securities and LBIE's obligations as custodian and registered holder thereunder have been extinguished pursuant to the CRA and upon return of the Securities to ABT pursuant thereto.

17. As LBIE no longer holds the Securities for ABT nor acts as either custodian or registered holder for the Securities under a valid and binding contract or agreement, LBIE no longer has any interest in or obligation in connection with the Securities owned by ABT. Accordingly, LBIE is simply the incorrect party to maintain a claim for any amounts due under the Securities owned by ABT and should not be deemed the holder of the "Surviving Claim" with respect to those Securities.

18. Additionally, the CRA is silent on the LBIE Claim altogether, including the relative rights of ABT and LBIE with respect to such claims or how LBIE will handle any distributions received by LBIE on account of such claims after, and as a result of, the effective termination the Master Custody Agreement and the return of the Securities to ABT. Therefore, it

is unclear how and whether ABT would receive any distributions on its claims in the event such distributions are made to LBIE on account of the LBIE Claim instead of being made directly to ABT on account of the ABT Claim.  It is also unclear what recourse ABT would have in the event that LBIE failed to pass those distributions on to ABT on account of the Securities.  As a result of this uncertainty and LBIE's lack of interest in the ABT Securities, it would be inequitable for the LBIE Claim to be the "Surviving Claim" with respect to the amounts due under the ABT Securities.

19.    More importantly for the Debtors, the alternative which ABT is presenting herein to maintain the ABT Claim and instead expunge that portion of the LBIE Claim relating to the Securities, would not require the Debtors to pay distributions twice thereon, and would therefore satisfy the basis for the relief requested by the Debtors in the Objection.  Moreover, more efficient communication, which is also a basis for the relief sought in the Objection, will be frustrated if the LBIE Claim, rather than the ABT Claim, is the "Surviving Claim" since, as a result of the CRA, LBIE is no longer empowered to act on behalf of ABT with respect to the claims based on the Securities.  Inquiries and correspondence could go unanswered or answers and responses could be significantly delayed and unnecessarily complicated if the Debtors continue to look to LBIE regarding claims in which it no longer has any interest, when correspondence could instead occur directly and efficiently between the Debtors and ABT.

20.    Finally, although the LBIE Claim includes a claim for unliquidated interest on behalf of the beneficial owners, ABT disputes that the portion of the ABT Claim for the Interest Amount due under the Securities is duplicative of the LBIE Claim.  Specifically, the ABT Claim expressly includes the Interest Amount due under the Securities, while the LBIE Claim leaves the amount open-ended.  Thus, the portion of the ABT Claim for the Interest Amount due under

the Securities is not duplicative of the LBIE Claim and ABT objects to that portion of the ABT Claim being expunged and disallowed .

21.     Accordingly, contrary to the concerns expressed by the Debtors in the Objection, ABT is not seeking to recover twice for the amounts due by LBHI under the Securities.  Rather, as LBIE has no interest in or obligation to maintain a claim for the amounts due under the Securities, and the interests of the Debtors in filing the Objection would still be served if only the ABT Claim were maintained against the Debtors and the LBIE Claim as it relates to the Securities were expunged instead, ABT respectfully asserts that it would be improper and inequitable for the LBIE Claim to be the "Surviving Claim" with respect to the Securities.

## CONCLUSION

WHEREFORE, ABT respectfully requests that the Court (i) overrule the Objection to the extent that it seeks to expunge and disallow the ABT Claim; (ii) recognize and designate the ABT Claim as the "Surviving Claim," and (iii) grant such other relief as may be just and proper.

Dated:   December 13, 2011
         New York, New York        SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                            By:   /s/ Malani J. Cademartori
                                                Malani J. Cademartori, Esq.
                                                Blanka K. Wolfe, Esq.
                                                30 Rockefeller Plaza
                                                New York, New York 10112
                                                Tel: (212) 653-8700
                                                Fax: (212) 653-8701

                                                -and-

                                                Alan H. Martin, Esq.
                                                650 Town Center Drive, Fourth Floor
                                                Costa Mesa, California 92626
                                                Tel: (714) 513-5100
                                                Fax: (714) 513-5130

                                                *Counsel for Agricultural Bank of Taiwan*